## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| In re: | * | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | * | Case No: 08-35653-KRH<br>Chapter 11 |
| Debtors. | * | (Jointly Administered) |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MONCAYO SETTLEMENT CLASS RESPONSE
### TO EIGHTIETH OMNIBUS CLAIM OBJECTION OF DEBTORS

Maria G. Moncayo and Luella Smith, individually and on behalf of all other similarly situated former employees of Circuit City Stores, Inc., ("Moncayo Settlement Class") by and through their attorneys of record, the Law Offices of Manuel H. Miller, APC hereby submit this Response to the Eightieth Omnibus Claim Objection of Debtors (the "Objection") and respectfully request that this Court deny the Objection and maintain their claim as priority claims, per 11 U.S.C. Section 507(a)(4).

### PARTIES

1.     The  Circuit City Stores, Inc. and its related companies (the "Debtors") are in possession of their assets and are acting as a debtor in possession under 11 U.S.C. Section 1107

2.     Maria G. Moncayo and Luella Smith ("Claimants") are the class representatives of the Moncayo Settlement Class.

WHITEFORD, TAYLOR & PRESTON, LLP
Christopher A. Jones (VSB # 40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
703.280.9263
703.280.8942 (facsimile)

*Counsel for the Moncayo Settlement Class*

3.      Claimants filed "Class Proof of Claim" per the Moncayo Class Settlement, which

Debtors are currently seeking to re-classify as "non priority claim."

## BACKGROUND

4.      On March 28, 2007, the Debtors conducted a mass layoff.

5.      This mass layoff affected more than 600 employees in the State of California.

6.      The Debtors did not provide a WARN notice to any of the affected employees or

file a WARN notice with the Employment Development Department.

7.      The California Worker Adjustment and Notification Act (Cal-WARN) provides

that employers must give its employees a 60 day "WARNing" before a mass layoff

8.      On or about April 5, 2007, Claimants filed a putative class action, alleging that

they and the rest of the Moncayo Settlement Class are entitled to recover compensatory damages,

including unpaid wages, statutory penalties for failure to provide advance notice of a qualifying

event under the terms of the Cal-WARN Act , interest, attorneys' fees, and costs under California

Labor Code Section 1400 *et seq.* and Business and Professions Code Section 17200 et seq.

9.      On April 21, 2008 and May 15, 2008, Plaintiffs and Debtors participated in

mediation sessions and reached a settlement, which was reduced to a joint stipulation dated on or

about August 26, 2008.

10.     On or about September 2008, Plaintiffs filed a joint stipulation of Settlement

Agreement and Release of Class Action Claims in Los Angeles Superior Court (the

"Settlement") (**Exhibit 1**).

2

11.     The Settlement provided for a "claims made" process requiring the Debtors the Debtors to make a maximum payment of four hundred thousand dollars ($400,000.00) (hereinafter "Maximum Payment").

12.     The "Class Members" were defined as:

> Any person who was one of the approximately 647 California hourly employees of Defendant whose employment with Defendant was terminated on or about March 28, 2007 or shortly thereafter, in relation to their wage rates.

13.     Class Counsel's attorneys' fees and costs were to be paid out of the Maximum Payment. Subject to the Court's final approval, Debtors agreed to Plaintiffs' request for an attorneys' fees award to Class Counsel in the amount of 33% of the Maximum Payment, or $132,000.00, and for costs in an amount not to exceed $13,000.00 in order to compensate and reimburse Class Counsel for the work already performed by Class Counsel in this case and all of the work remaining to be performed by Class Counsel.

14.     For tax purposes, Parties agreed to allocate 40% of any amounts paid to Class Members as wages, and 60% to non-wage penalties and interest, reportable on IRS Form 1099, as required.

15.     The Parties selected CPT Group, Inc. as the "Claims Administrator" in this action and such administration costs shall not exceed Twenty-Five Thousand Dollars ($25,000.00), to be paid out of the Maximum Payment.

16.     On or about October 31, 2008, the Court preliminary approved the Settlement (**Exhibit 2**) and set the matter for a final fairness hearing in January 2009.

17.    On November 10, 2008, the Debtors filed voluntary petitions in this Court for

relief under Chapter 11 of the Bankruptcy Code.

18.    A class proof of claim was subsequently filed upon authorization, on or about

January 29, 2009.

19.    The Debtors are now seeking to reclassify the claim of Moncayo Settlement Class

as non priority.

20.    This response follows.

## THE MONCAYO CLASS SETTLEMENT IS ENTITLED TO PRIORITY

21.    The California WARN Act provides that an employer who fails to give notice as

required by paragraph 1 of subdivision (a) of California Labor Code Section 1401 before a mass

layoff is liable to each employee entitled to notice who lost his or her employment for:

> Back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher.
>
> (2) The value of the cost of any benefits to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan.
>
> (b) Liability under this section is calculated for the period of the employer's violation, up to a maximum of 60 days, or one-half the number of days that the employee was employed by the employer, whichever period is smaller. . . .
>
> An employer who fails to give notice as required by paragraph (2) of subdivision (a) of Section 1401 is subject to a civil penalty of not more than five hundred dollars ($500) for each day of the employer's violation. The employer is not subject to a civil penalty under this section, however, if the employer pays to all applicable employees the amounts for which the employer is liable under Section 1402 within three weeks from the date the employer orders the mass layoff, relocation, or termination.

4

22.    WARN Claims constitute wages earned. In re Cargo, Inc. 138 B.R. 923 (Bankr.

N.D. Iowa 1992).  Damages on account of a pre-petition violation of the WARN Act are entitled

to priority treatment to the extent that the violation occurred within the 180 day prior of Section

507(a)(4). In re Riker Indus. Inc., 151 B.R. 823 (Bankr. N.D. Ohio 1993).  Statutory priority

reflects strong public policy interest in assuring payment to employees. U.S.C. § 507(a).

23.    In general , wages are earned at the time (i) the claimant's right to receive those

wages is fixed as a matter of contract and (ii) may not be defeated by the occurrence  of some

contingent event. In re Crouthamel Potato Chip Co. 52 B. R. 960 965-66 (E.D. Pa 1985), on

remand 52 B.R. 43 (Bankr. E.D. Pa.), rev'd on other grounds, 786 F. 2d 141 (3rd Cir. 1986).

24.    Here, the Settlement is "wages" within the meaning of the code.  Although the

class members were all laid off in March 2007, their right to receive any payments did not attach

until after the Settlement stipulation was signed in August 2008 (**Exhibit 1**), which the court

preliminary approved in October 2008 ( **Exhibit 2**).  Hence, their right to the "wages" was fixed

in August 2008, well within the 180 days of Debtors filing of the bankruptcy petition.  Hence,

Debtors' duty to pay the wages regarding the Moncayo Class Settlement did not arise until

August 2008, when the Settlement was signed. Thus, the wages should be deemed priority within

the meaning of 507(a)(4).

25.    To the extent that there is any dispute as to when the Debtors' liability to

Plaintiffs under the Settlement became established, those disputes should be resolved in favor of

the Plaintiffs. "In construction of Code provisions relating to wage priorities courts have

liberally construed the statutes to accord the possible intent of Congress by giving broad meaning

to the provisions of the Code as to relate to the facts rather than narrow restrictive meanings." In

re Kitty Hawk, Inc., 2002 Bankr. LEXIS 1996, *7 (Bankr. N.D. Tex. 2002) (quoting In re

Seventh Ave. South, Inc., 10 B.R. 289, 291 (Bankr. W.D. Va. 1981)). Consequently, the

Moncayo Class Claim should be treated as a valid, priority wage claim under 11 U.S.C. §

507(a)(4).

## THE ATTORNEY FEES PURSUANT TO THE MONCAYO CLASS SETTLEMENT ARE ENTITLED TO PRIORITY

26.     Under the Settlement Stipulation (**Exhibit 1**), the Moncayo Settlement class holds

a claim totaling $400,000.00, which is entitled to priority as aforementioned. As such,  attorney

fees, which are part of the Settlement and which would be  awarded per the Settlement

Stipulation (**Exhibit 1**) in the  amount of $132,000 are entitled to priority per 11 U.S.C. §§ 105,

503, 507.

27.     Attorneys as class counsel undertook complex, risky, expensive, and time-

consuming litigation on a contingent fee basis.  The case was litigated and investigated, and due

to the efforts of class counsel a class settlement stipulation was reached. (**Exhibit 1**.) Both

California and federal courts have recognized that an appropriate method for awarding attorney's

fees in class actions is to award a percentage of the "common fund" created as a result of the

settlement.  Wershba v. Apple Computer, Inc. (2001) 91 Cal.App.4th 224, 254 (recognizing both

the "percentage of recovery" and "lodestar/ multiplier" methods); Vincent v. Hughes Air West,

Inc. (9th Cir. 1977) 557 F.2d 759, 769.

28.     Once the Class Claim is deemed a priority, 11 U.S.C. § 503 allows for

professional services to creditors, in the administrative expenses to be paid as priorities. Ruling

otherwise will defeat equity and result in miscarriage of justice.

## CONCLUSION

WHEREFORE, the Class Proof of Claim of the Moncayo Settlement Class should remain

a priority claim, and Debtors' objection should be denied.

Respectfully submitted,                          LAW OFFICES OF MANUEL H. MILLER, APC

/s/ Zahra Khoury
Manuel H. Miller, Esq.
Zahra Khoury, Esq.
20750 Ventura Blvd, Suite 440
Woodland Hills, CA 91364
Telephone:  (818) 710-9993
Facsimile:   (818) 710-1938

WHITEFORD, TAYLOR & PRESTON LLP

/s/ Christopher A. Jones
Christopher A. Jones (VSB # 40064)
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
703.280.9263
703.280.9139 (facsimile)

*Counsel for the Moncayo Settlement Class*

## DECLARATION OF ZAHRA KHOURY

I, Zahra Khoury, do declare as follows:

1.      I am an attorney duly licensed to practice before all the Courts of the State of California as well as the Federal Central District Court of California and am an associate with the Law Offices of Manuel H. Miller, attorney of record for the Claimants in this matter. The following is true of my own personal knowledge, except as to those information learned upon information and belief. If called upon, I could and would testify competently thereto.

2.      On or about March 28, 2007 Circuit City conducted a mass layoff without WARNing its affected employees.

3.      This mass layoff affected more than 600 Circuit City employees in the State of California.

4.      Circuit City did not provide a WARN notice to any of the affected employees or file a WARN notice with the Employment Development Department.

5.      The California Worker Adjustment and Notification Act (Cal-WARN) provides that employers must give its employees a 60 day "WARNing" before a mass layoff

6.      On or about April 5, 2007, Maria Moncayo and Luella Smith   filed a putative class action, alleging that they  and other similarly situated former employees of Circuit City Stores Inc.,  are entitled to recover compensatory damages, including unpaid wages, statutory penalties for failure to provide advance notice of a qualifying event under the terms of the Cal-WARN Act , interest, attorneys' fees, and costs under California Labor Code section 1400 *et seq.* and Business and Professions Code section 17200 *et seq.*.

8

7. On or about April 21, 2008 and May 15, 2008, the Parties participated in mediation sessions and reached a Class settlement.

8. On or about September 2008, a joint stipulation of Settlement Agreement and Release of Class Action Claims was filed in Los Angeles Superior Court. Attached as **Exhibit 1** is a true and correct copy of the Settlement Stipulation.

9. The Settlement provided for a "claims made" process requiring Circuit City Stores Inc. to make a maximum payment of four hundred thousand dollars ($400,000.00) (hereinafter "Maximum Payment").

10. The "Class Members" were defined as:

> Any person who was one of the approximately 647 California hourly
> employees of Defendant whose employment with Defendant was
> terminated on or about March 28, 2007 or shortly thereafter, in relation
> to their wage rates.

11. Class Counsel's attorneys' fees and costs were to be paid out of the Maximum Payment. Subject to the Court's final approval, Defendant agrees to Plaintiffs' request for an attorneys' fees award to Class Counsel in the amount of 33% of the Maximum Payment, or $132,000.00, and for costs in an amount not to exceed $13,000.00 in order to compensate and reimburse Class Counsel for the work already performed by Class Counsel in this case and all of the work remaining to be performed by Class Counsel.

12. For tax purposes, Parties agreed to allocate 40% of any amounts paid to Class Members as wages, and 60% to non-wage penalties and interest, reportable on IRS Form 1099, as required.

13.     The Parties have selected CPT Group, Inc. as the "Claims Administrator" in this action and such administration costs shall not exceed Twenty-Five Thousand Dollars ($25,000.00), to be paid out of the Maximum Payment.

14.     On or about October 31, 2008, the Court preliminary approved the class settlement and ordered a final fairness hearing in January 2009. Attached as **Exhibit 2** is a true and correct copy of the Court's Order.

15.     Prior to said hearing, on November 10, 2008, the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the bankruptcy code.

16.     The Moncayo Class filed a motion to permit the filing of a "Class Proof of Claim" pursuant to Rules 7023 and 9014 of the Federal Rules of Bankruptcy Procedure.

17.     A Class Proof of Claim followed on or about January 29, 2009.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed in Woodland Hills, California.

Dated: August 24, 2010                    /s/ Zahra Khoury
                                          Zahra Khoury

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opposition was mailed by overnight delivery, this 24th day of August, 2010, to the following:

Ian S. Fredericks, Esq.                           Douglas M. Foley, Esq.
Skadden Arps, Slate, Meagher & Flom, LLP          McGuireWoods LLP
One Rodney Square                                 One James Center
P.O. Box 636                                      901 East Cary Street
Wilmington, DE 19899-0636                         Richmond, VA 23219
Counsel for the Debtors                           Counsel for the Debtors

and that the foregoing Opposition was also filed electronically via the Court's CM/ECF system on this date such that it would be served electronically on those parties entitled to receive such notice in this case.

/s/ Christopher A. Jones
Christopher A. Jones

*27109*