# EXHIBIT 1

1  MANUEL H. MILLER (SBN 36947)
   MARTIN I. AARONS (SBN 233879)
2  LAW OFFICES OF MANUEL H. MILLER, APC
   20750 Ventura Boulevard, Suite 440
3  Woodland Hills, CA 91364
   Phone: 818-710-9993
4  Fax: 818-710-1938
   Attorneys for Plaintiffs
5

6  E. JOSEPH CONNAUGHTON (SBN 166765)
   JEFFREY P. AMES (SBN 234871)
7  PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
   401 B Street, Tenth Floor
8  San Diego, California 92101-4232
   Telephone: 619-237-5200
9  Facsimile: 619-615-0700
   Attorneys for Defendant
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12            COUNTY OF LOS ANGELES – CENTRAL DISTRICT

13                CENTRAL CIVIL WEST COURTHOUSE

| 14 | MARIA G. MONCAYO, an individual, and LUELLA SMITH, an individual, individually and on behalf of all other similarly situated former employees of CIRCUIT CITY in California, | CASE NO. BC368973 |
|---|---|---|
| 15 | | JOINT STIPULATION OF SETTLEMENT AGREEMENT AND RELEASE OF CLASS ACTION CLAIMS |
| 16 | | |
| 17 | Plaintiffs, | |
| 18 | v. | |
| 19 | CIRCUIT CITY INC., a Virginia corporation; DOES 1 through 50, inclusive, | |
| 20 | | |
| 21 | Defendants. | |

| | |
|---|---|
| Date: | TBD |
| Time: | TBD |
| Dept: | 324 |
| Judge: | Hon. Victoria G. Chaney |
| Complaint Filed: | April 5, 2007 |
| Trial Date: | Not set |

22        This Joint Stipulation of Settlement Agreement and Release of Class Action Claims

23  ("Stipulation of Settlement") is made and entered into by and between Plaintiffs Maria G.

24  Moncayo and Luella Smith ("Plaintiffs" or "Class Representatives"), on the one hand, and

25  Defendant Circuit City Stores, Inc. ("Circuit City" or "Defendant"), on the other hand, and is

26  subject to the terms and conditions hereof and the approval of the Court. As used herein,

27  "Settlement" means the terms and conditions set forth in this Stipulation of Settlement. Plaintiffs

28  and Defendant are referenced collectively herein as "the Parties."

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

1

1.    On April 5, 2007, Plaintiffs filed a proposed class action complaint in the Los Angeles County Superior Court, Case No. BC368973, captioned *Maria G. Moncayo, an individual, and Luella Smith, an individual, individually and on behalf of all other similarly situated former employees of Circuit City in California v. Circuit City, Inc., a Virginia corporation* (hereinafter referred to as "the Action"). The complaint alleges that Plaintiffs and other similarly situated former employees of Defendant are entitled to recover compensatory damages, including unpaid wages, statutory penalties for failure to provide advance notice of a qualifying event under the terms of the California Worker Adjustment and Notification Act (Cal-WARN), interest, attorneys' fees, and costs under California Labor Code section 1400 *et seq.* Plaintiffs' complaint also contains a cause of action for violation of California Business and Professions Code section 17200 *et seq.*, and seeks restitution allegedly due for allegedly unlawful and unfair business practices.

2.    Plaintiffs believe the Action is meritorious as described in their complaint, and that this case is appropriate for class certification under California law. Plaintiffs have considered the expense and length of continued proceedings necessary to continue the Action against Defendant through class certification, pre-trial motions, trial, and any possible appeals. Plaintiffs have also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties inherent in such litigation. Plaintiffs are also aware of the burdens of proof necessary to establish suitability of the case as a class action, liability for the claims asserted in the Action, Defendant's defenses thereto, and the difficulties in establishing Plaintiffs' damages. Plaintiffs have also considered the settlement negotiations conducted by the Parties and the recommendations of the mediator (Antonio Piazza, Esq.), who is highly experienced in employment litigation and in complex class litigation. Based on the foregoing, Plaintiffs have determined that this Settlement is fair, adequate and reasonable, and in the best interests of the Settlement Class defined below. Should this Settlement not be finally approved by the Court, neither this Stipulation of Settlement nor any documents referred to herein, nor any action taken to carry out the Parties' Settlement is, or may be construed as or may be used as, an admission by or against the Plaintiffs as to the merits or lack thereof of the claims asserted by Plaintiffs.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

2

3.    Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' complaint. Defendant contends, among other things, that at all times it has fully complied with the California Labor Code, that Plaintiffs and similarly situated employees were paid all wages owing to them under California law.

4.    The Parties have conducted significant discovery and investigation of the facts and law both before and after the Action was filed. Such discovery and investigation have included, *inter alia*, the exchange of information pursuant to extensive informal discovery, meetings and conferences, two mediation sessions, and interviews of potential witnesses. Although formal discovery was stayed, the Parties exchanged and analyzed extensive electronic data, including information regarding Defendant's March 28, 2007 terminations which form the basis of Plaintiffs' complaint under Cal-WARN, documents reflecting Defendant's relevant policies and procedures, information relevant to the size and composition of the putative classes of former employees alleged in the complaint, information relevant to Defendant's locations in California, and information relevant to the damages alleged in the complaint. The Parties used experts to analyze payroll data for class representatives and putative class members during the relevant class period. On April 21, 2008 and May 15, 2008, the Parties participated in mediation sessions with mediator Antonio Piazza in San Francisco. The Parties subsequently reached a tentative agreement to settle the case, agreed on the key terms of the tentative settlement, and continued to negotiate specific terms of the settlement. The Parties now enter into this detailed, formalized settlement agreement to submit to the Court for approval in accordance with their tentative agreement.

5.    For purposes of settling this lawsuit only, the Parties conditionally stipulate and agree that the requisites for establishing class certification are met with respect to a single "Settlement Class" as defined below, and stipulate to certification of this Settlement Class for purposes of this settlement only.

6.    The Settlement Class shall be composed exclusively of "Class Members." A "Class Member" shall be defined as follows:

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

3

1   Any person who was one of the approximately 647 California
hourly employees of Defendant whose employment with Defendant
2   was terminated on or about March 28, 2007 or shortly thereafter, in
relation to their wage rates.
3

4   7.   For purposes of this settlement only, the Parties further conditionally stipulate and

5   agree that:

6   a.   The members of the Settlement Class are so numerous as to make it

7   impracticable to join all Class Members.

8   b.   The Settlement Class is ascertainable.

9   c.   There are common questions of law and fact including, but not necessarily

10   limited to, the following:

11   1)   Whether the Class Members were terminated as part of a mass

12   layoff or other qualifying event under the provisions of Cal-WARN;

13   2)   Whether Defendant had an obligation under Cal-WARN to provide

14   the affected employees with sixty (60) days of advance notice prior to their terminations;

15   3)   Whether Class Members have been paid all wages due and owing at

16   the time of termination as required by Labor Code sections 201 and 202;

17   4)   Whether Class Members are entitled to wages, penalties and/or

18   liquidated damages under Labor Code section 1400 *et seq.*

19   d.   Plaintiffs' claims are typical of the claims of the members of the Settlement

20   Class.

21   e.   The Law Offices of Manuel H. Miller, APC shall be deemed "Class

22   Counsel" and will fairly and adequately protect the interests of the Class Members.

23   f.   The prosecution of separate actions by individual members of the

24   Settlement Class would create the risk of inconsistent or varying adjudications, which would

25   establish incompatible standards of conduct.

26   g.   Questions of law and fact common to the members of the Settlement Class

27   predominate over questions affecting individual members of those classes, and a class action is

28   superior to other available means for the fair and efficient adjudication of the controversy.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

4



8.    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims that exist between them arising from or related to the lawsuit. In order to achieve a full and complete release of Defendant (and the Releasees as defined in Paragraph 13) of such disputes and claims, each Class Member (which includes any legal heirs and/or successors-in-interest of each Class Member), through execution of the Stipulation of Settlement by the Class Representatives, acknowledges that this Stipulation of Settlement is intended to include in its effect all claims arising from or related to the termination of employment of Class Members on or shortly after March 28, 2007, exclusive only of claims the Class Members may have under the related case of *Weidler, et al. v. Circuit City*, Los Angeles Superior Court Case No. BC369011, contained in this Settlement, including all claims set forth in paragraph 32 of this Stipulation of Settlement, which each Class Member does not know or suspect to exist in his or her favor against Defendant during the Class Period. The Settlement Class, including Plaintiffs and each Class Member, waives all rights and benefits afforded by section 1542 of the Civil Code of the State of California with respect to such disputes and claims, and does so understanding the significance of that waiver. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

9.    It is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from, or relating to, the lawsuit, including, without limitation, any and all claims under state and federal law for unpaid damages, penalties and attorneys' fees arising from Defendant's termination of the employment of Class Members on or shortly after March 28, 2007, as encompassed by the class definition, exclusive only of claims the Class Members may have under the related case of *Weidler, et al. v. Circuit City*, Los Angeles Superior Court Case No. BC369011, which release shall include in its effect Circuit City Stores, Inc., and each of their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns and each and all of their respective officers, partners,

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

5

1   directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and

2   attorneys, past, present, and future, and all persons acting under, by, through, or in concert with

3   any of them (collectively, the "Releasees").

4        10.    Class Counsel has conducted a thorough investigation into the facts of the class

5   action, including an extensive review of relevant documents and electronic data, and has

6   diligently pursued an investigation of Class Members' claims against Defendant.  Prior to the

7   Parties' agreement to settle this case, Class Counsel examined extensive data pertaining to Class

8   Members, including dates of employment and termination, compensation rates, the size and

9   demographics of Defendant's locations in California, and Class Members' potential damages.

10  Based on the foregoing data, data developed during discovery, and its own independent

11  investigation and evaluation, Class Counsel is of the opinion that this Settlement is fair,

12  reasonable, and adequate, and is in the best interest of the Class Members in light of all known

13  facts and circumstances, including the risk of significant delay, defenses asserted by Defendant to

14  class certification and liability, and numerous potential appellate issues.

15       11.    The Parties agree to cooperate and to take all steps necessary and appropriate to

16  dismiss this action with prejudice after all payments described herein have been made.

17       12.    In order for Defendant to make payment to a Class Member, it is necessary for the

18  Class Member to provide certain information and confirm his or her identity and address.  This

19  Settlement provides that Defendant will make payments of specified sums to every Class Member

20  who does not opt out of the Settlement and provides the information necessary to make payment

21  by submitting a timely Claim Form.  This Settlement does not establish a fund from which claims

22  are paid.  Instead, it establishes an individual entitlement for each Class Member who provides

23  the necessary information by submitting a timely Claim Form.

24       13.    This Settlement provides for a "claims made" process requiring Defendant to make

25  a maximum payment of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) that shall be

26  referred to herein as the "Maximum Payment."  The Maximum Payment represents the maximum

27  amount that Defendant shall make toward the settlement of this action (except that Defendant

28  shall also be responsible for the employer's share of payroll taxes in addition to the Maximum

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

6

1   Payment). The Maximum Payment includes Class Counsel's attorneys' fees and costs, the

2   enhancement payments to the Class Representatives, and all costs of administration of this

3   Settlement. Under no circumstances shall Defendant be required to make any payment in excess

4   of the Maximum Payment.

5        14.    The Parties agree to work together expeditiously to obtain preliminary and final

6   approval of this Settlement. The parties agree that California Code of Civil Procedure section 384

7   is not applicable to this Settlement. Neither Plaintiffs nor Class Counsel shall take, or cause any

8   other person to take, a position before the Court that California Code of Civil Procedure section

9   384 applies to this Settlement.

10       15.    In the event that more than 5% of the Class Members exclude themselves from the

11  settlement by timely returning Request for Exclusion forms to the Claims Administrator,

12  Defendant may, at its sole option, rescind this Stipulation. In order to exercise its rights under

13  this paragraph, Defendant must give written notice to Class Counsel and to the Court no later than

14  fifteen (15) days after the deadline for Class Members to submit Request for Exclusion forms to

15  the Claims Administrator.

16       16.    The "Maximum Class Payment" will consist of the portion of the Maximum

17  Payment remaining after subtraction of Court-approved attorneys' fees and costs, enhancement

18  awards to Class Representatives, and costs of administration. The Parties estimate that the

19  Maximum Class Payment will total approximately Two Hundred Twenty-Three Thousand Dollars

20  ($213,000.00) if all fees, costs, and enhancements are approved by the Court.

21       17.    100% of the Maximum Class Payment shall be available for distribution to Class

22  Members.

23       18.    Each Class Member who submits a valid, timely Claim Form shall be entitled to a

24  share of the Class Payment based on the formula set forth below in paragraph 20(d).

25       19.    For tax purposes the Parties agree to allocate 40% of any amounts paid to Class

26  Members as wages, 60% to non-wage penalties and interest, reportable on IRS Form 1099, as

27  required.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

7

## TERMS OF SETTLEMENT

20.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.    This lawsuit and any claims, damages, or causes of action arising out of the dispute which is the subject of this lawsuit, shall be settled and compromised as between the Settlement Class and Defendant, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Superior Court of Los Angeles County. In the event that the Court does not execute and file the Order of Final Approval, or in the event that the Order of Final Approval does not become final for any reason, or in the event that this Settlement is modified in any material respect, or in the event that the Settlement Date, as defined herein, does not occur, this Stipulation of Settlement shall be deemed null and void *ab initio* and shall be of no force or effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever.

b.    Settlement Date:  The Settlement embodied in this Stipulation of Settlement shall go into effect upon entry of a final order by the Court certifying the class and dismissing this action with prejudice in accordance with the terms herein, and approving this Stipulation of Settlement.

c.    Initial Reductions from the Maximum Payment:

1)    Attorneys' Fees:  Subject to the Court's final approval, Defendant agrees to Plaintiffs' request for an attorneys' fees award to Class Counsel in the amount of 33% of the Maximum Payment, or $132,000.00, in order to compensate and reimburse Class Counsel for all of the work already performed by Class Counsel in this case, all of the work remaining to be performed by Class Counsel in documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining dismissal of the action. Defendant also agrees to Plaintiffs' request for an award of $10,000.00 as reimbursement for all costs and expenses incurred by Class Counsel. The requested percentage fee and reimbursement of costs is warranted considering, without limitation: (1) the time and labor required of Class Counsel in this matter; (2) the complexity involved and the results obtained; (3) the potential contingent nature of the compensation; (4) the opportunity costs to

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

8

1 Class Counsel in the time the engagement has taken away from other potential matters; (5) the

2 recognized benchmark award of 30% by California and federal courts in similar class action

3 cases; and (6) the informed consent of the Class Representatives to a percentage fee award up to

4 33⅓%.

5         2)    <u>Administration Costs</u>:  The Parties have selected CPT Group, Inc.

6 as the "Claims Administrator" in this action.  Reasonable administration fees and costs shall be

7 paid to the Claims Administrator for work performed and expenses incurred in administration of

8 this Settlement; provided, however, that such administration costs shall not exceed Twenty-Five

9 Thousand Dollars ($25,000.00).  All payments to the Claims Administrator shall be deducted

10 from the Maximum Payment subject to Court approval.

11         3)    <u>Class Representative Enhancements</u>:  Subject to Court approval,

12 Defendant agrees to Class Counsel's request for an enhancement award of Ten Thousand Dollars

13 ($10,000.00) each to Plaintiffs Maria Moncayo and Luella Smith, for a total of Twenty Thousand

14 Dollars ($20,000.00) in consideration for serving as Class Representatives.  The enhancement

15 awards are in addition to the claim share to which the Class Representatives are entitled along

16 with other claiming Class Members.

17       d.    <u>Payments to Class Members</u>:  In consideration for this Settlement and the

18 release of all claims of the Settlement Class against Defendant, Defendant agrees to pay to each

19 member of the Settlement Class who submits a valid, timely claim a share of the Maximum Class

20 Payment.  Of the Maximum Class Payment, 100% shall be available for distribution to Class

21 Members who submit timely, valid claims.  Each Class Member shall be entitled to recover an

22 equal share of the Maximum Class Payment.  Each Class Member who returns a valid Claim

23 Form within 45 days of the mailing of the Notice of Proposed Class Action Settlement shall

24 receive a payment representing an equal share of the Maximum Class Payment.

25     21.    <u>Treatment of Unclaimed Portions of Maximum Class Payment</u>:  To the extent that

26 any Class Member fails to make a claim, the portion of the Maximum Class Payment initially

27 allocated to that Class Member will remain the property of Defendant.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

9

1    22.    Funding and Payout of Settlement

2        a.    Settlement Funding Deadline:  Within ten (10) business days of the

3  "Effective Date" of final approval by the Court, the Claims Administrator will notify Defendant

4  and Class Counsel of the actual amount to be paid under the Settlement, including the payment of

5  claims administration costs, all payments for Class Counsel's attorneys' fees and costs,

6  enhancement payments to the two Class Representatives, and the claims of all individual Class

7  Members.  Within twenty (20) days of said notification, Defendant will transfer funds to the

8  Claims Administrator sufficient to make all such payments.  The Effective Date of the Settlement

9  shall be the date of final approval if no objections are filed to the settlement.  If objections are

10  filed and overruled, and no appeal is taken of the final approval order, then the Effective Date of

11  final approval shall be sixty-five (65) days after the trial court enters final approval.  If an appeal

12  is taken from the Court's overruling of objections to the settlement, then the Effective Date of

13  final approval shall be twenty (20) days after the appeal is withdrawn or after an appellate

14  decision affirming the final approval decision becomes final.

15        b.    Settlement Payout Timetable:  Within thirty (30) business days of the

16  "Effective Date" of final approval of the settlement, the Claims Administrator will pay all claims,

17  and Court-approved attorneys' fees, costs, and enhancement payments.  No money will be

18  distributed unless and until the Effective Date of final approval occurs.

19    23.    Miscellaneous Provisions regarding Settlement Funds:

20        a.    Tax Treatment of Claim Share Portion of Settlement Payments:  Of the

21  amount to be paid to Class Members, 40% is allocated to wages, and 60% to non-wage penalties

22  and interest.  The Claims Administrator will be responsible for all required withholdings for

23  portions of any payments designated as wages.  Each Class Member who receives a payment

24  under this Settlement will receive an IRS Form W-2 from the Claims Administrator for his or her

25  portion of the amount treated as wages and will be responsible for correctly characterizing this

26  compensation for tax purposes and for payment of any taxes owing on said amount.  If required,

27  each Class Member will receive an IRS Form 1099 from the Claims Administrator for his or her

28  portion of the amount treated as interest or non-wage claims and will be responsible for correctly

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS            10
ACTION CLAIMS

1  characterizing this compensation for tax purposes and for payment of any taxes owing on said

2  amount.

3      b.    <u>Tax Treatment of Class Representative Enhancement Award</u>:  Class

4  Representatives will receive an IRS Form 1099 for their individual enhancement award, and will

5  be responsible for correctly characterizing this additional compensation for tax purposes and for

6  the payment of any taxes owing on said amount.

7      c.    <u>Resolution of Disputes Relating To Amount of Claim to be Paid to Class</u>

8  <u>Member</u>:  A "Qualified Claimant" will be defined as an individual in the Settlement Class who

9  timely submits a Claim Form signed under the penalty of perjury.  If a Qualified Claimant timely

10  disputes Defendant's records (on a Claim Form) as to the dates that he or she met the definition of

11  a Class Member, or as to the proper size of his or her claim, the Parties' counsel will make a good

12  faith effort to resolve the dispute informally.  If they cannot agree, the dispute shall be submitted

13  to the Claims Administrator, who shall examine Defendant's records and make a good faith

14  determination, which determination shall be final.

15      d.    <u>Right to Rescission</u>:  Notwithstanding any other provision of this

16  Stipulation of Settlement, Defendant shall retain the right, in the exercise of its sole discretion, to

17  nullify the settlement within fifteen (15) days of expiration of the opt-out deadline, if more than

18  5% of the Class Members opt out of the settlement by timely submitting Request for Exclusion

19  forms.  In the event of such a rescission, no party may use the fact that the Parties agreed to settle

20  this case as evidence of Defendant's liability in this lawsuit or the lack thereof.  All signatories

21  and their counsel must not encourage opt-outs.  Class Counsel and Class Representatives

22  specifically agree not to solicit opt-outs, directly or indirectly, through any means.

23                     <u>**NOTICE TO THE PLAINTIFF CLASS**</u>

24      24.    The Parties agree that within ten (10) days after preliminary approval of this

25  settlement agreement, Defendant will provide to the Claims Administrator all of the following

26  information about each Class Member in a format requested by the Claims Administrator:

27  (1) name; (2) last known home address; (3) Social Security number; (4) the dates during the Class

28  Period during which the Class Member qualified as a Class Member; and (5) a list of workweeks

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS                              11

1    during the Class Period and the dates included within each workweek.  The Claims Administrator

2    will perform address updates and verifications as necessary prior to the first mailing.  Within

3    twenty (20) days after preliminary approval, and subject to the approval of the Court, the Claims

4    Administrator will mail a Notice of Proposed Class Action Settlement ("Notice") in the form

5    attached hereto as Exhibit "A" to each Class Member, by first class mail.  Attached to the Notice

6    will be a Claim Form and Request for Exclusion Form, in the forms attached hereto as Exhibits

7    "B" and "C," respectively.

8                                        **CLAIM PROCESS**

9           25.    Class Members will be permitted no more than forty-five (45) days from the date

10    the notices are mailed by the Claims Administrator to postmark or fax Claim Forms back to the

11    Claims Administrator.  Class Members will also have forty-five (45) days from the date the

12    Notices are mailed by the Claims Administrator to postmark objections and/or Requests For

13    Exclusion.  The Claims Administrator will perform one skip-trace on returned mail and re-mail

14    claim forms to an updated address (if any) within fifteen (15) business days of receipt of the

15    returned mail.  It is the intent of the Parties that reasonable means be used to locate Class

16    Members.  Any portion of the Maximum Class Payment not timely claimed shall be retained by

17    Defendant.

18           26.    Within five (5) business days of receipt by the Claims Administrator of each timely

19    submitted Claim Form, the Claims Administrator will send a deficiency notice to the Class

20    Member for any irregularities in the completed Claim Form.  The deficiency notice will provide

21    the Class Members no more than fifteen (15) days from the mailing of the deficiency notice to

22    postmark the response to any deficiencies in writing.  The failure of a Class Member to execute a

23    Claim Form under penalty of perjury, timely submit a claim form, or timely submit a response to

24    any deficiency notice shall invalidate a claim and will not be considered deficiencies subject to

25    cure, unless counsel for both of the Parties stipulate to allow cure.

26           27.    All original Claim Forms shall be sent or faxed directly to the Claims

27    Administrator at the address indicated on the Claim Form.  Defendant has made a good faith

28    effort to identify all class members and will provide a detailed list of such class members to the

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS           12
ACTION CLAIMS

1    Claims Administrator on an Excel spreadsheet or in such other format as requested by the Claims

2    Administrator. The Claims Administrator will certify jointly to Class Counsel and Defendant's

3    counsel which claims were timely filed. The Claims Administrator shall be responsible for

4    calculating the payment to each Class Member, issuing checks, withholding of all required state

5    and federal taxes, and mailing the payments. Upon completion of the claims period, the Claims

6    Administrator shall provide Plaintiffs and Defendant with a report listing the amount of all

7    payments to be made to each Qualified Claimant. Proof of payment will be filed with the Court

8    and provided to the Parties' counsel.

9                            <u>**RELEASE BY THE CLASS**</u>

10        28.    Upon final approval by the Court, the Settlement Class, and each Class Member

11   who has not submitted a valid Request For Exclusion form, will release Circuit City, and each of

12   their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners,

13   directors, employees, agents, attorneys, insurers, predecessors, successors and assigns and each

14   and all of their respective officers, partners, directors, servants, agents, shareholders, employees,

15   representatives, accountants, insurers, and attorneys, past, present, and future, and all persons

16·  acting under, by, through, or in concert with any of them (collectively, the "Releasees"), from any

17   and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees,

18   damages, action, or causes of action, contingent or accrued, that relate to Defendant's termination

19   of any and all Class Members on or about March 28, 2007, exclusive only of claims the Class

20   Members may have under the related case of *Weidler, et al. v. Circuit City*, Los Angeles Superior

21   Court Case No. BC369011, under any federal, state, or local law, including without limitation:

22   allegations of the nonpayment of wages under any federal, state, or local law; allegations of the

23   failure to pay penalties under the California Labor Code (including without limitation penalties

24   under Labor Code sections 203 and 1400 *et seq.*); or any other allegations that could have been

25   alleged in or that arise from the complaint, including without limitation all claims arising under

26   the FLSA, the California Labor Code or Business and Professions Code (including section

27   17200), or the IWC Wage Orders, claims for restitution and other equitable relief, conversion,

28   liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever,

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

13

1   retirement, health benefits, stock options, stock deferred compensation benefits, or any other

2   benefit claimed on account of unpaid wages, whether known or unknown, and all attendant

3   attorney's fees and costs, arising therefrom.

4       29.    Upon preliminary approval of the settlement, the Class Members shall be enjoined

5   from filing any actions, claims, complaints, or proceedings with the Department of Labor

6   Standards Enforcement (DLSE), or from initiating other proceedings, regarding the Claims

7   released in paragraph 28.  This settlement is conditioned upon the release by all Class Members of

8   any and all claims under California Labor Code section 2699, and upon covenants by all Class

9   Members that they will not participate in any action, lawsuit, proceeding, complaint, or charge

10  brought by the DLSE in any court or before any administrative body for penalties pursuant to

11  section 2699, nor will Class Members oppose efforts by Defendant to oppose any attempt by the

12  DLSE to bring claims against Defendant or any Releasee under section 2699.

13      **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

14      30.    The Parties shall promptly submit this Stipulation of Settlement to the Court in

15  support of a request for preliminary approval and determination by the Court as to its fairness,

16  adequacy, and reasonableness.  Promptly upon execution of this Stipulation of Settlement, the

17  Parties shall apply to the Court for the entry of a preliminary order substantially in the following

18  form:

19      a.    Scheduling a fairness hearing on the question of whether the proposed

20  settlement, including payment of attorneys' fees and costs, the Class Representatives'

21  enhancement awards, and the costs of administration should be finally approved as fair,

22  reasonable, and adequate as to the members of the Class;

23      b.    Certifying the Class for purposes of settlement;

24      c.    Certifying this action under California Code of Civil Procedure section 382

25  and California Rules of Court, rule 3.760 *et seq.* as a class action for purposes of settlement;

26      d.    Approving as to form and content the proposed Notice;

27      e.    Approving as to form and content the proposed Claim Form;

28      f.    Approving as to form and content the proposed Request for Exclusion

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS          14
ACTION CLAIMS

1    form;

2            g.      Directing the mailing of the Notice, Claim Form and Request for Exclusion

3    form by first class mail to the Class Members;

4            h.      Preliminarily approving the settlement subject only to the objections of

5    Class Members and final review by the Court;

6            i.      Preliminarily approving Class Counsel's attorneys' fees and costs subject

7    to final review of the Court;

8            j.      Preliminarily approving Class Representatives' enhancement awards

9    subject to final review of the Court;

10            k.      Preliminarily approving the payment of fees and costs to the Claims

11   Administrator for administration of this Settlement, subject to final review of the Court.

12   <u>**DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL**</u>

13       31.    Following final approval of the settlement provided for in this Stipulation of

14   Settlement, Class Counsel will submit a proposed final order:

15            a.      Approving the Settlement, adjudging the terms thereof to be fair,

16   reasonable, and adequate, and directing consummation of its terms and provisions;

17            b.      Approving the award of attorneys' fees and costs to Class Counsel;

18            c.      Approving the enhancement award to Plaintiffs;

19            d.      Approving the payment of fees and costs of administration to the Claim

20   Administrator; and

21            e.      Dismissing this Action on the merits and with prejudice and permanently

22   barring all members of the Settlement Class from prosecuting against Releasees, any individual or

23   class claims arising out of the acts, facts, transactions, occurrences, representations, or omissions

24   set forth in the lawsuit, that were or could have been asserted in the Action, through the date of

25   the final approval of this Settlement upon satisfaction of all payments and obligations hereunder.

26   <u>**PARTIES' AUTHORITY**</u>

27       32.    The signatories hereto hereby represent that they are fully authorized to enter into

28   this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS          15
ACTION CLAIMS

## MUTUAL FULL COOPERATION

33.    The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

34.    The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

35.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

36.    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

16

## CAPTIONS AND INTERPRETATIONS

37.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

38.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

39.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

40.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

## SIGNATORIES

41.    It is agreed that because of the large number of Class Members, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The Notice (Exhibit "A" hereto) will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Class.

## PUBLIC COMMENT

42.    All of the Parties and their counsel agree that they shall not share or have any

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

17

1    communications with any member of the media other than to say that "the matter has been

2    resolved to the mutual satisfaction of the Parties."

3                          <u>**NO RETALIATION BY DEFENDANT**</u>

4         43.    Defendant shall not take any adverse employment action or otherwise target,

5    retaliate, or discriminate against any of the Plaintiffs or Class Members by reason of the fact that

6    any of them:  (a) instituted or in any way participated in this Action, or (b) elects or indicates an

7    intention to participate or not to participate in the Settlement memorialized in this Stipulation of

8    Settlement or any order entered by the Court approving its terms.

9                              <u>**COUNTERPARTS**</u>

10        44.    This Stipulation of Settlement may be executed in counterparts, and when each

11   party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

12   original, and, when taken together with other signed counterparts, shall constitute one Stipulation

13   of Settlement, which shall be binding upon and effective as to all Parties.

14   DATED:_____              CIRCUIT CITY STORES, INC.

15

16                                      By: _____
17                                          NAME
                                            Title
18

19   DATED:_____              PAUL, PLEVIN, SULLIVAN &
                                         CONNAUGHTON LLP
20

21                                      By: _____
22                                          E. JOSEPH CONNAUGHTON
                                            JEFFREY P. AMES
23                                          Attorneys for Defendant
                                            CIRCUIT CITY STORES, INC.
24

25   DATED:_____

26                                      MARIA G. MONCAYO

27

28

1  communications with any member of the media other than to say that "the matter has been

2  resolved to the mutual satisfaction of the Parties."

3                          **NO RETALIATION BY DEFENDANT**

4      43.    Defendant shall not take any adverse employment action or otherwise target,

5  retaliate, or discriminate against any of the Plaintiffs or Class Members by reason of the fact that

6  any of them: (a) instituted or in any way participated in this Action, or (b) elects or indicates an

7  intention to participate or not to participate in the Settlement memorialized in this Stipulation of

8  Settlement or any order entered by the Court approving its terms.

9                               **COUNTERPARTS**

10     44.    This Stipulation of Settlement may be executed in counterparts, and when each

11  party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

12  original, and, when taken together with other signed counterparts, shall constitute one Stipulation

13  of Settlement, which shall be binding upon and effective as to all Parties.

14  DATED:  8/26/08

15                                              CIRCUIT CITY STORES, INC.

16                                              By:

17                                              NAME  Reginald D. Hedgebeth
                                                Title  SVP + General Counsel

18

19  DATED:  8/26/08

20                                              PAUL, PLEVIN, SULLIVAN &
                                                CONNAUGHTON LLP

21

22                                              By:
                                                E. JOSEPH CONNAUGHTON
23                                              JEFFREY P. AMES
                                                Attorneys for Defendant
24                                              CIRCUIT CITY STORES, INC.

25  DATED:

26                                              MARIA O. MONCAYO

27

28

PAUL, PLEVIN,       JOINT STIPULATION OF SETTLEMENT
SULLIVAN &          AGREEMENT AND RELEASE OF CLASS            18
NNAUGHTON LLP       ACTION CLAIMS

AUG-27-2008 12:06  FROM:MON ₢MART 752          3236672471          TO:18187101938       P.2/3
08/27/2008 10:20 FAX  818 7 ₢1938          LAW OFFICES OF M NIL ₢                      ☑0002/0003

1  communications with any member of the media other than to say that "the matter has been

2  resolved to the mutual satisfaction of the Parties."

3                          **NO RETALIATION BY DEFENDANT**

4          43.    Defendant shall not take any adverse employment action or otherwise target,

5  retaliate, or discriminate against any of the Plaintiffs or Class Members by reason of the fact that

6  any of them:  (a) instituted or in any way participated in this Action, or (b) elects or indicates an

7  intention to participate or not to participate in the Settlement memorialized in this Stipulation of

8  Settlement or any order entered by the Court approving its terms.

9                              **COUNTERPARTS**

10         44.    This Stipulation of Settlement may be executed in counterparts, and when each

11  party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

12  original, and, when taken together with other signed counterparts, shall constitute one Stipulation

13  of Settlement, which shall be binding upon and effective as to all Parties.

14  DATED:  8/26/08

15                                      CIRCUIT CITY STORES, INC.

16

17                                      By:
                                        NAME   Reginald D. Hedgebeth
18                                      Title   SVP + General Counsel

19  DATED:  8/26/08

20                                      PAUL, PLEVIN, SULLIVAN &
                                        CONNAUGHTON LLP
21

22                                      By:
                                        E. JOSEPH CONNAUGHTON
23                                      JEFFREY P. AMES
                                        Attorneys for Defendant
24                                      CIRCUIT CITY STORES, INC.

25  DATED:  8/27/08

26
                                        MARIA G. MONCAYO
27

28

PAUL, PLEVIN,      JOINT STIPULATION OF SETTLEMENT
SULLIVAN &         AGREEMENT AND RELEASE OF CLASS              18
NNAUGHTON LLP      ACTION CLAIMS

AUG-27-2008 12:07  FROM:MON  MART 752        3236672471          TO:18187101938        P.3/3
08/27/2008 10:20 FAX  818 7  938        LAW OFFICES OF M MILL                Ø0003/0003

1   DATED: Aug. 27, 2008

2                                      LUELLA SMITH

3

4   DATED: 8/27/08

5                                      LAW OFFICES OF MANUEL H. MILLER, APC

6                                      By:
                                           MANUEL H. MILLER
7                                          MARTIN I. AARONS
                                           Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,        JOINT STIPULATION OF SETTLEMENT
SULLIVAN &           AGREEMENT AND RELEASE OF CLASS        19
CONNAUGHTON LLP      ACTION CLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: _____

DATED: _8/27/08_____

LUELLA SMITH

LAW OFFICES OF MANUEL H. MILLER, APC

By: _____
MANUEL H. MILLER
MARTIN I. AARONS
Attorneys for Plaintiffs

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

19

# EXHIBIT "A"

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

Case Name: *MARIA G. MONCAYO, an individual, and LUELLA SMITH, an individual, individually and on behalf of all other similarly situated former employees of CIRCUIT CITY in California, v. CIRCUIT CITY, INC.,* Superior Court of the State of California for the County of Los Angeles, Case No. BC368973.

TO:    ALL PERSONS WHO WERE EMPLOYED AS HOURLY EMPLOYEES BY CIRCUIT CITY IN CALIFORNIA AND WHOSE EMPLOYMENT WITH CIRCUIT CITY WAS TERMINATED ON OR ABOUT MARCH 28, 2007 OR SHORTLY THEREAFTER, IN RELATION TO THEIR WAGE RATES:

### THIS NOTICE AFFECTS YOUR RIGHTS. PLEASE READ IT CAREFULLY.

1. YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action litigation ("Litigation") pending in the Superior Court of California, County of Los Angeles, has been reached by the Parties and has been granted preliminary approval by the Court supervising the Litigation. The purpose of this Notice is to describe the Litigation, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in this Litigation. A Final Approval Hearing will be held on **TIME AND DATE**, to determine whether the Settlement should be granted final approval. Because your rights may be affected, it is extremely important that you read this Notice carefully. You must file a claim which is postmarked by **DATE XX DAYS AFTER MAILING OF NOTICE** to participate in the Settlement. **Unless you choose to opt out of the Settlement, you will be bound by the Settlement if it is approved and by any order entered by the Court.**

### SUMMARY OF THE LITIGATION

2. On April 5, 2007, Plaintiffs filed a proposed class action complaint in the Los Angeles County Superior Court, Case No. BC368973, captioned *MARIA G. MONCAYO, an individual, and LUELLA SMITH, an individual, individually and on behalf of all other similarly situated former employees of CIRCUIT CITY in California, v. CIRCUIT CITY, INC.* The complaint alleges that Plaintiffs and other similarly situated former employees of Defendant are entitled to recover compensatory damages, including unpaid wages, statutory penalties for failure to provide advance notice of a qualifying event under the terms of the California Worker Adjustment and Notification Act (Cal-WARN), interest, attorneys' fees, and costs under California Labor Code section 1400 *et seq.* Plaintiffs' complaint also contains a cause of action for violation of California Business and Professions Code section 17200 *et seq.*, and seeks restitution allegedly due for allegedly unlawful and unfair business practices. You have received this Notice because Circuit City's records show that you were employed as an hourly employee by Circuit City in California on or about March 28, 2007, and are a Class Member.

### POSITIONS OF THE PARTIES

3. Plaintiffs believe they have filed a meritorious action as described in their complaint, and that this case is appropriate for class certification under California law.

4. Circuit City denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' complaint. Circuit City contends, among other things, that at all times it has complied with the California Labor Code, that it had not obligation to provide advance notice under the California WARN Act, and that it paid Plaintiffs and similarly situated employees all wages owing to them under California law.

5. Class Counsel has conducted a thorough investigation into the facts of the class action, including an extensive review of relevant documents, and has diligently pursued an investigation of Class Members' claims against Circuit City. Prior to the agreeing to the terms of a settlement, Class Counsel examined extensive data, including information regarding Circuit City's March 28, 2007 terminations which form the basis of Plaintiffs' complaint under Cal-WARN, documents reflecting Circuit City's relevant policies and procedures, information relevant to the size and composition of the putative classes of former employees alleged in the complaint, information relevant to Circuit City's locations in California, and information relevant to the damages alleged in the complaint. Based on the foregoing data, data developed during discovery, and its own independent investigation and evaluation, Class Counsel is of the opinion

that this Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Circuit City, and numerous potential appellate issues.

6. Circuit City has also extensively investigated and researched factual and legal issues raised in the Litigation. Although Circuit City believes it has meritorious defenses to the Litigation, Circuit City has concluded that the further defense of this Litigation would be lengthy and expensive for all Parties. Circuit City has, therefore, agreed to settle this Litigation to put to rest all claims that are or could have been asserted against it in the Litigation.

7. The Court has made no ruling on the merits of Plaintiffs' claims and has determined only that certification of the class for *settlement purposes* is appropriate under California law.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

8. On ▓▓▓▓, the Court appointed the following attorney as Class Counsel to represent the Settlement Classes in this Action:

Manuel H. Miller<br>
Martin I. Aarons<br>
LAW OFFICES OF MANUEL H. MILLER, APC<br>
5530 Corbin Avenue, Suite 210<br>
Tarzana, CA 91356

9. On ▓▓▓▓ for purposes of the Settlement, the Court certified the Settlement Class.

10. The Settlement Class consists of "Class Members." A "Class Member" is defined as: "Any person who was one of the approximately 647 California hourly employees of Defendant whose employment with Defendant was terminated on or about March 28, 2007 or shortly thereafter, in relation to their wage rates."

11. If you are a member of the Settlement Class, you will be bound by the proposed Settlement described below if it is approved, unless you make a written request for exclusion in the manner described below.

## SUMMARY OF SETTLEMENT TERMS

12. <u>Maximum Payment</u>. The Agreement provides that Circuit City will pay up to $400,000 to fully resolve the issues in the Litigation ("Maximum Payment"). After the following Court-approved deductions, the remaining amount ("Maximum Class Payment") will be distributed to Class Members who timely file claims.

    (a)   <u>Deductions</u>. The following deductions will be made from the Maximum Payment:

        (i)   <u>Attorneys' Fees and Costs Award</u>. The Court has appointed the Law Offices of Manuel H. Miller, APC as Class Counsel. As part of the Settlement approval process, Class Counsel will seek approval of an award of attorneys' fees and expenses (the "Fees and Expense Award") in a total amount of 33% of the Maximum Payment ($132,000.00). Class Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees and Expense Award shall cover all attorneys' fees and costs, past, present, and future incurred in the Litigation. As part of the Settlement, you will not be required to pay Class Counsel for representing you in the Litigation.

        (ii)   <u>Enhancements to the Plaintiffs</u>. The Court has approved enhancement payments of $10,000 to each of the two named Plaintiffs for acting as representatives on behalf of the Settlement Class. These enhancements will be in addition to whatever payment they are otherwise entitled to receive as Class Members.

        (iii)   <u>Administration Costs</u>. The Court has approved the Parties selection of ▓▓▓▓▓▓▓▓▓ as the "Claims Administrator" in this action. Reasonable administration fees and costs shall be paid to the Claims

Administrator for work perform and expenses incurred in administration is Settlement; provided, however, that such administration costs shall not exceed Forty Thousand Dollars ($40,000.00).

(b)    Payment to Class Members: Plan of Allocation. The approximately $208,000.00 remaining after these deductions will be available for distribution to Class Members who timely file claims. Each Class Member who timely files a claim will receive an equal share of the Maximum Class Payment. It is not possible at this point to provide you with an exact amount you are eligible to receive in the Settlement until the Court approves the final amount of attorney's fees, enhancement payments, and administration costs. An estimate of how much you would be eligible to receive is included on your individual Claim Form included with this packet.

(c)    Tax Matters. Fifty percent (50%) of the amount paid to each Settlement Class Member will be considered as wages and subject to standard wage-related deductions. IRS Forms W-2 and 1099 (and/or the equivalent California forms), if required, will be distributed to Settlement Class Members reflecting the payments they receive under the Settlement. Settlement Class Members should consult with their tax advisors concerning the tax consequences of the payments that they receive under the Settlement.

(d)    Unclaimed Funds. If not all Class Members participate in the Settlement, any unclaimed amounts shall be retained by Circuit City.

(e)    Conditions of the Settlement. This Settlement is conditioned upon the Court entering an order approving the Settlement.

## RELEASE OF CLAIMS

13. All Class Members who have not validly requested exclusion from the Settlement will be bound by the terms of the proposed Settlement if it is approved and if the Order of Final Approval becomes final.

14. The Settlement, if approved, shall constitute a full and complete settlement and release of all claims arising from, or relating to, the Litigation, including, without limitation, any and all claims under state and federal law for unpaid compensation, penalties and attorneys' fees arising from Defendant's termination of the Class Members on or about March 28, 2007 within the class definition, exclusive only of claims Class Members may have under the related case of *Weidler, et al. v. Circuit City*, which release shall include in its effect Circuit City, and each of their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors, and assigns, and each and all of their respective officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them (collectively, the "Releasees"). The Settlement Class, including Plaintiffs and each Class Member, waives all rights and benefits afforded by section 1542 of the Civil Code of the State of California with respect to such disputes and claims, and does so understanding the significance of that waiver. Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

## PROCEDURE FOR MONETARY RECOVERY

15. If you want to participate in the Settlement and receive money under the Settlement, you must sign and date the enclosed Claim Form and mail or fax it no later than [DATE], to the Claims Administrator.

16. A copy of your Claim Form is attached. (If you need an extra copy, contact the Claims Administrator or Class Counsel.) If any information provided on the Claim Form is incorrect, please make corrections. For example, if your address is incorrect, please indicate your correct address. Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided. If you wish to have confirmation that the Claims Administrator has received your Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request. If you wish to dispute any information used to calculate your share, you may do so by mailing

notice to Class Counsel before ( ) deadline for submitting your Claim For ( ) Class Counsel will attempt to resolve your dispute informally. If counsel cannot resolve the dispute informally, the dispute will be resolved by the Claims Administrator. In any event, the Claims Administrator must resolve any such disputes prior to final approval of this Settlement.

17. If you are a Class Member and you choose to participate in the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing the Released Parties for the Released Claims settled in this case.

18. **ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT AMOUNT. IF YOU DO NOTHING YOU WILL NOT BE ENTITLED TO A SHARE OF SETTLEMENT AMOUNT AND YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY.**

## PROCEDURE FOR EXCLUSION

19. Class Members may exclude themselves from (or "opt-out" of) the Settlement by returning the enclosed "Request For Exclusion" form to the Claims Administrator on or before ░DATE░. Persons who submit valid and timely Request For Exclusion forms will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement.

## OBJECTIONS TO THE PROPOSED SETTLEMENT/FINAL SETTLEMENT HEARING

20. The Court will hold a Final Approval Hearing on the Settlement Agreement in Department 324 of Superior Court of California, County of Los Angeles, located at 600 South Commonwealth Avenue, Los Angeles, California 90005, at ░░░░░ a.m. on ░DATE░ at which time the Court will determine whether to grant final approval to the Settlement.

21. Any Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties a written statement objecting to the Settlement. Such written statement must be filed with the Court and served on counsel for the parties no later than forty-five (45) days after the date this Notice is first mailed. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been timely filed with the Court and served on counsel for the parties and the Claims Administrator. Any written objections, supporting papers and/or notices to appear at the Final Approval Hearing must clearly identify the case name and number (*Moncayo et al. v. Circuit City, Inc.*, Case No. BC368973), must state the full name, address, date of birth, and dates of employment at Circuit City of the objector, and may be submitted to the Court either by mailing to: Clerk of the Court Superior Court of California, County of Los Angeles, 600 South Commonwealth Avenue, Los Angeles, California 90005, or by filing in person at any location of the Superior Court, County of Los Angeles, that includes a facility for civil filings. Any written objections and briefs must be served on counsel for the parties at the following addresses:

| Class Counsel | Defendant's Counsel |
|---|---|
| Manuel H. Miller<br>Martin I. Aarons<br>Law Offices of Manuel H. Miller, APC<br>5530 Corbin Avenue, Suite 210<br>Tarzana, CA 91356 | E. Joseph Connaughton<br>Jeffrey P. Ames<br>Paul, Plevin, Sullivan & Connaughton LLP<br>401 B Street, Tenth Floor<br>San Diego, CA 92101 |

22. Any Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

23. Any Class Member who is satis___d with the proposed Settlement need not a___ar at the Final Approval Hearing.

## CHANGE OF ADDRESS

24. If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Litigation and the Settlement to be sent to a different address, you should supply your current preferred address to the Claims Administrator and to Class Counsel.

## EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES

25. This Notice is only a summary of the Litigation and the proposed Settlement and is not comprehensive. For a more detailed statement of the matters involved in the Litigation and the proposed Settlement, you may refer to the pleadings, the parties' Joint Stipulation of Settlement Agreement and Release of Class Action Claims, and other papers filed in the Litigation, which may be examined in person at the Superior Court of California, County of Los Angeles, 600 South Commonwealth Avenue, Los Angeles, California 90005, between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

26. All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to Class Counsel: Law Offices of Manuel H. Miller, 5530 Corbin Avenue, Suite 210, Tarzana, California 91356; Telephone: 818-401-0066. You may also retain your own attorney at your own expense.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, CIRCUIT CITY OR CIRCUIT CITY'S ATTORNEYS WITH INQUIRIES.**

**BY ORDER OF THE SUPERIOR COURT.**

# EXHIBIT "B"

## CLAIM FORM

*Your estimated share of the Settlement is $<< PRELIMINARY AMOUNT>>.*

| |
|---|
| **Must be postmarked or received no later than [DATE]** |

**Moncayo, et al. v. Circuit City, Inc.**
Claims Administrator
[Address]
[City, State, Zip]
[Telephone Number], [Fax Number]

<u>CLAIMANT IDENTIFICATION</u>

Please Make any Name/Address Corrections Below:

    <<First>> <<Last>>
    <<Address1>>
    <<Address2>>
    <<City>> <<State>> <Zip>>

( _____ ) _____ - ____ ____ ____ ____
*Daytime Telephone Number*

( _____ ) _____ - ____ ____ ____ ____
*Evening Telephone Number*

____ ____ ____ - ____ - ____ ____ ____ ____
*Social Security Number*

IN ORDER TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST SIGN AND RETURN THIS
CLAIM FORM TO THE ADDRESS ABOVE BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID,
POSTMARKED ON OR BEFORE [DATE].

According to Circuit City's records, you were one of approximately 647 hourly employees of Circuit City
in California whose employment with Circuit City was terminated on or about March 28, 2007, in relation
to your wage rate.

Your portion of the settlement is based on this information. If you complete and timely submit this Claim
Form, the total payment you can expect to receive is approximately $<<PRELIMINARY AMOUNT>>. If
you believe the information above is incorrect, you may dispute this information by sending your
corrections and supporting documentation to the Claims Administrator. Please be advised that the
information listed above is presumed to be correct unless you prove otherwise.

### VERIFICATION

By signing and submitting this Claim Form to the Claims Administrator, I acknowledge I want to
participate in the settlement, I want to receive a settlement payment, and in return I release any claims that I
may have against Circuit City, and all of the Releasees as described in the accompanying *Notice of
Proposed Class Action Settlement.*

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____  _____
Sign your name here            Print your name here            Date

# EXHIBIT "C"

## REQUEST FOR EXCLUSION
## FROM PROPOSED CLASS ACTION SETTLEMENT

I have received the Notice of Proposed Class Action Settlement in *Moncayo et al. v. Circuit City, Inc.*, Los Angeles County Superior Court Case No. BC368973. I hereby request to be excluded from this class action lawsuit. I understand that because of this request, I will not receive any settlement payment.

DATED: _____

PRINTED NAME: _____

SIGNATURE: _____

ADDRESS: _____

TELEPHONE NUMBER: _____

**TO BE EFFECTIVE, THIS REQUEST FOR EXCLUSION
MUST BE MAILED AND POSTMARKED BY** _____.
(FORTY-FIVE DAYS FROM THE DATE OF THE MAILING OF THE
NOTICE OF PROPOSED CLASS ACTION SETTLEMENT).