**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 11** |
| **CIRCUIT CITY STORES, INC.,** ) | **Case No. 08-35653-KRH** |
| *et al.,* ) | **Jointly Administered** |
| ) | |
|     **Debtors.** ) | |

**OBJECTION BY EASTMAN KODAK COMPANY TO SECOND AMENDED JOINT
PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS
OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED
CLAIMS**

Robert S. Westermann, VSB No. 43294
Sheila deLa Cruz, VSB No. 65395
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
Tel: (804) 771-9500
Fax: (804) 644-0957
Email: rwestermann@hf-law.com
       sdelacruz@hf-law.com

Peter N. Tamposi, Esq.
The Tamposi Law Group, P.C.
159 Main Street
Nashua, New Hampshire 03060
Tel: (603) 204-5513
Fax: (603) 204-5515
Email: peter@thetamposilawgroup.com

Counsel for Eastman Kodak Company

Date:   August 30, 2010

Eastman Kodak Company ("Kodak"), by undersigned counsel, respectfully submits its Objection to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding Unsecured Claims (Docket Entry No. 8252) (the "Second Amended Plan") filed on August 9, 2010, and respectfully states in support hereof as follows:[1]

### Preliminary Statement

1.      The Second Amended Plan cannot be confirmed because the Conditions to the Effective Date are indefinite. Under the Second Amended Plan, no funds can be distributed until all of the Conditions to the Effective Date are met. Because the Conditions are indefinite, indefinable, and without limitation, there is no basis upon which creditors can determine when distributions will be made.

### Background

2.      On November 10, 2008 (the "Petition Date"), the above-captioned Debtors and Debtors in Possession (the "Debtors") each filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. (the "Code"). The Debtors are currently operating their post-sale businesses as debtors-in-possession and are managing their post-sale properties pursuant to sections 1107 and 1108 of the Code. No trustee or examiner has been appointed in these cases.

3.      On or about January 26, 2010, Kodak timely filed a general unsecured claim in the amount of $11,819,087.63.

4.      On or about August 9, 2010, the Plan Proponents filed the Second Amended Plan.

### Plan Provisions Regarding Effective Date

5.      The Second Amended Plan's Conditions to the Effective Date are indefinite. No

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Second Amended Plan.

2

funds can be distributed until all of the Conditions are satisfied. Because the Effective Date is not discernable, the Second Amended Plan cannot be approved.

## Argument

### A.  *The Effective Date is Not Discernable*

6.  The Plan Proponents fail to define the "Effective Date" with any level of certainty. Rather, it is virtually impossible to tell when and if unsecured creditors will be paid under the Second Amended Plan.

7.  Under the Second Amended Plan, the following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in writing in accordance with Article VIII.C.:

   a. The Confirmation Order shall have been entered and become a Final Order and shall provide that the Debtors, the Liquidating Trust, and the Liquidating Trustee are authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with this Plan or effectuate, advance, or further the purposes thereof;
   b. All Plan Exhibits shall be, in form and substance, reasonably acceptable to the Plan Proponents, and shall have been executed and delivered by all parties' signatory thereto;
   c. The Debtors shall be authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures, and the agreements or documents created in connection with, and expressly provided for under, this Plan;
   d. All other actions, documents, and agreements necessary to implement this Plan shall have been effected or executed;
   e. The Debtors shall have sufficient Cash to make all required payments to be made on the Effective Date and to fund the Liquidating Trust Operating Reserve, the Professional Fee Claims Reserve, the Administrative Claims Reserve, the Priority Tax Claims Reserve, the Miscellaneous Secured Claims Reserve and the Non-Tax Priority Claims Reserve;
   f. The Debtors shall have paid to James A. Marcum Cash in the amount of $175,000 pursuant to paragraph 5 the Bankruptcy Court's Order Pursuant to Bankruptcy Code Sections 105(a), 363(b) And 503(c)(3) (A) Approving the Wind Down Incentive and Retention Plan With Respect To Mr. Marcum, (B) Authorizing Payment Of Bonus To Mr. Marcum And (C) Approving The Consulting Agreement With James A. Marcum (Docket No. 6799);

    g. The Court shall have entered the Individual Debtor Release Settlement Order in form and substance reasonably acceptable to each of the Plan Proponents;

    h. The Canada Revenue Agency shall have issued the Canada Revenue Agency Ruling in form and substance reasonably acceptable to each of the Plan Proponents;

    i. The Canadian Court shall have entered an order authorizing InterTAN Canada and Tourmalet to proceed with the actions that are pre-requisites to the creation of the Liquidating Trust as described in the Canada Revenue Agency Ruling, which order is in form and substance reasonably acceptable to each of the Plan Proponents;

    j. With respect to InterTAN, the Ventoux Effective Date shall have occurred and Ventoux shall have taken all of the action required under Article III.C.1(b) of this Plan;

    k. With respect to InterTAN, InterTAN Canada, pursuant to the provisions of the Nova Scotia Companies Act, shall have applied for and obtained a certificate of continuance to continue InterTAN Canada as an unlimited liability company limited by shares under the Nova Scotia Companies Act;

    l. With respect to InterTAN, Circuit City filed the "check-the-box" election under the IRC to treat InterTAN Canada as a disregarded entity for U.S. federal income tax purposes;

    m. With respect to the Consolidated Debtors, InterTAN Effective Date shall have occurred and InterTAN shall have taken all of the action required under Article III.C.1(c) of this Plan; and

    n. With respect to the Consolidated Debtors, all pre-requisites to the creation of the Liquidating Trust under the Canada Revenue Agency Ruling shall have been completed.

8. By inserting these conditions, many of which are controlled by one or more of the Plan Proponents or by parties outside of this Court's jurisdiction or control, it is possible that the Effective Date could never occur, or could occur five years after the date of the confirmation hearing (currently scheduled for September 8, 2010). There is nothing in the Second Amended Plan to suggest that payments could be made on a more timely basis. In essence, these conditions make it impossible for a holder of an Unsecured Claim to determine when and if their claims will actually be paid.

9. The timing of the Effective Date need not be a date certain in order to meet the requirements of 11 U.S.C. §1129. *See In re Lisanti Foods, Inc.*, 329 B.R. 491 (D.N.J.2005). However, where a plan's effective date is conditional, imprecise, or not well-defined, the plan

4

cannot be confirmed. *See In re The Christian Faith Assembly*, 402 B.R. 794, 799 (Bankr.N.D.OH.2009); *see also In re Ralph C. Tyler, P.E., P.S., Inc.,* 156 B.R. 995, 997 (Bankr.N.D.OH.1993) (declining to confirm plan because effective date was imprecise).

10. In these cases, it is virtually impossible to tell when the Effective Date will occur. Therefore, holders of unsecured claims cannot determine when they will get paid. They cannot even estimate whether it will be in a year or five years. Given the active market for claims trading, such imprecision is an undue burden on holders of unsecured claims. Moreover, such a lack of information is a violation of the Code.

WHEREFORE, Kodak respectfully requests that the Court (i) DENY confirmation of the Second Amended Plan, and (ii) grant it such other and further relief as the Court deems just and proper.

Dated: August 30, 2010

EASTMAN KODAK COMPANY

By:  /s/  Robert S. Westermann
Counsel

Robert S. Westermann, VSB No. 43294
Sheila deLa Cruz, VSB No. 65395
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
Tel: (804) 771-9500
Fax: (804) 644-0957
Email: rwestermann@hf-law.com
        sdelacruz@hf-law.com

Peter N. Tamposi, Esq.
The Tamposi Law Group, P.C.
159 Main Street
Nashua, New Hampshire 03060
Tel: (603) 204-5513
Fax: (603) 204-5515
Email: peter@thetamposilawgroup.com

Counsel for Eastman Kodak Company

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 30, 2010, a true and complete copy of the foregoing Objection was filed and served electronically using the Bankruptcy Court's ECF System and was sent by first class mail, postage prepaid, to the parties below at the addresses indicated:

Douglas M. Foley, Esq.
Sara B. Boehm, Esq.
McGuireWoods, LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Counsel for the Debtors

Gregg M. Gilardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, Delaware 19801
Counsel for the Debtors

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, Virginia 23219
Counsel for the Official Committee of Unsecured Creditors

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Counsel for the Official Committee of Unsecured Creditors

Robert B. VanArsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

                                          /s/ Robert S. Westermann
                                             Counsel