UNITED STATES BANRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
F                          F
I                          I
L      AUG 3 1 2010        L
E                          E
D         CLERK            D
US BANKRUPTCY COURT

In Re:                              )
                                    )
CIRCUIT CITY STORES, INC., et al.   )
                                    )   Case No. 08-35653 (KRH)
                                    )   Chapter 11
                                    )
            Debtors                 )   (Jointly Administered)
                                    )

---

### TREASURER OF DOUGLAS COUNTY, COLORADO'S OBJECTIONS TO CONFIRMATION OF THE AUGUST 9, 2010 SECOND AMENDED JOINT PLAN OF LIQUIDATION

---

Sharon K. Jones, Treasurer of Douglas County, Colorado ("Douglas County"), objects to confirmation of the August 9, 2010 Chapter 11 Joint Plan of Liquidation (the "Plan")[1] because:

1. the Plan fails to require Allowed Miscellaneous Secured Claims to be paid in the order to their lien priorities;  ignores the priority of Douglas County's statutory property tax lien, which is senior to all liens that are not statutory tax liens;  and thereby allows Miscellaneous Secured Claims that are junior to Douglas County's Claim to be paid ahead of Douglas County; and

2. the Plan fails to provide that, at the latest, Douglas County's Claim will be paid over a period ending not later than 5 years after the order for relief, as required by 11 U.S.C. §§ 1129(a)(9)(C)(ii) and 1129(a)(9)(D).

---

[1] The only improvement in the Plan over the plan filed on September 24, 2009 is that the Plan now pays interest on allowed Tax Claims at the rate prescribed by applicable state law.

**A.**    **The Plan Ignores the Priority of Douglas County's Statutory Property Tax Lien, Which Is Senior to All Other Liens**

Douglas County holds a valid, perfected statutory superpriority secured claim for 2008 commercial personal property taxes in the amount of $7,844.91, secured by a statutory lien on the Debtors' tangible personal property and the proceeds thereof. See, Douglas County's Proof of Claim, Exhibit A hereto.

**1.**    **Douglas County's Claim is a Prepetition Claim**

Douglas County's entire claim is a prepetition claim, because the claim for the 2008 property taxes relates back to the prepetition statutory January 1, 2008 assessment date. "All taxable property, real and personal, within the State at twelve noon on the first day of January of each year, designated as the official assessment date, shall be listed, appraised, and valued for assessment in the county wherein it is located on the assessment date." C.R.S. (Colorado Revised Statutes) § 39-1-105. "Under the Colorado tax code, taxes on real and personal property create a first and perpetual lien. C.R.S. § 39-1-107 (2). This lien attaches to the property as of noon on January 1 of the tax year. C.R.S. § 39-1-105." In re Western Pacific Airlines, Inc., 273 F. 3d 1288,1291 (10th Cir. 2001). See, Morehead v. John Deere Industrial Equipment Co., 572 P. 2d 1207, 1208-10 (Colo. 1978) (en banc); Wolf v. Antonoff, 423 P. 2d 840, 842 (Colo.1967) (en banc); City and County of Denver v. Tax Research Bureau, 71 P. 2d 809, 812 (Colo. 1937).

Douglas County's computation of the Debtors' property tax liability for 2008 taxes renders choate Douglas County's property tax lien for 2008 taxes; 11 U.S.C. §§ 362 (b) and 546 (b) allow Douglas County to make these computations postpetition. The resulting property tax lien for 2008 property taxes relates back to the January 1, 2008 assessment date. "Colorado Case Law holds that 'such lien does not become effective nor

2

it its value knows until the property is assessed and the taxes levied, at which time  the

therefore inchoate lien relates back and attaches as of the date authorized for

assessment.'" In re Western States Distributors, Inc., 179 B.R. 666, 668

(Bankr.D.Colo.1995) (citations omitted) (quoting Marin, et al. v. Board of Assessment

Appeals, et al., 707 P. 2d 348, 354 (Colo.1985)). See, Maryland National Bank v.

Mayor and City Council of Baltimore, 723 F. 2d 1138, 1143-44 ( 4th Cir. 1983); In re

Thurman, 163 B.R. 95, 98 (Bankr.W.D. Texas. 1994); In re Summit Ventures, Inc., 135

B.R. 483, 492 (Bankr.D.Vt.1991).

### 2. Douglas County's Statutory Lien Is Senior to All Other Liens, But the Plan Allows Claims Secured by Junior Liens to be Paid Ahead of Douglas County's Claim

Except possibly for other statutory tax liens, Douglas County's lien is senior to all

other liens on the Debtors' tangible personal property and the proceeds thereof.  "Taxes

levied on real and personal property ... shall be a perpetual lien thereon, and such lien

shall have priority over all other liens .... " C.R.S.  § 39-1-107(2) (emphasis added).  See,

In re Western Pacific Airlines, Inc., 273 F.3d 1288, 1291 (10th Cir. 2001) ("Under the

Colorado tax code, taxes on real and personal property create a first and perpetual lien.");

United States v. Elliott, 209 F.Supp. 374, 375 (D.Colo.1972).

However, the Plan, ¶ III.B.1, allows the Liquidating Trustee to pay Class 1

Miscellaneous Secured Claims[2] out of the Miscellaneous Secured Claims Reserve

without regard to the priorities among the Miscellaneous Secured Claims.

---

[2] Douglas County's Claim is a Class 1 Miscellaneous Secured Claim. See, Plan, ¶ 1.115. It is not a Priority Tax Claim under Plan, ¶ 1.132, because the statutory lien securing Douglas County's Claim prevents it from being an 11 U.S.C. § 507(a)(8) claim. "Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for ... " 11 U.S.C. § 507(a)(8) (priority tax claims) (emphasis added).

In the event that there is not enough money in the Miscellaneous Secured Claims

Reserve to pay All Miscellaneous Secured Claims in full, the Plan contains no restriction

on how the Liquidating Trustee is to decide which Miscellaneous Secured Claims will be

paid and which ones will not be paid. In the event that there is not enough money to pay

all Miscellaneous Secured Claims in full, the Liquidating Trustee is not required to pay

the Miscellaneous Secured Claims in the order of priority of their liens.

The Plan, ¶ III.B.1, in effect states that all Miscellaneous Secured Claims are

unimpaired, because it provides that "Class 1 is conclusively presumed to have accepted

the Plan." However, this is not true if the Liquidating Trustee pays other Miscellaneous

Secured Claims ahead of Douglas County's statutory superpriority property tax claim,

such that Douglas County fails to receive the full amount of its Claim, including interest.

Because the statutory lien securing Douglas County's Claim has "priority over all

other liens," C.R.S. § 39-1-107(2), the allowed amount of its Claim should be the full

amount stated in its Proof of Claim, plus accrued postpetition interest, and such entire

amount of its Claim should be deemed secured under 11 U.S.C. § 506(a)(1). The Plan

violates 11 U.S.C. §§ 1129(b)(2)(A) (i)(II), which provides:

> "[T]he condition that a plan be fair and equitable ... includes ... with
> respect to a class of secured claims the plan provides that each holder of a
> claim of such class receive on account of such claim deferred cash
> payments totaling at least the allowed amount of such claim, of a value, as
> of the effective date of the plan, of at least the value of such holder's
> interest in the estate's interest in such property."

The Plan should provide that all Allowed Miscellaneous Secured Claims that are

Tax Claims will be paid in full, including all postpetition interest, before any Allowed

Miscellaneous Secured Claim that is not a Tax Claim is paid any money out of the

Miscellaneous Secured Claims Reserve, and that, among Allowed Miscellaneous Secured

Claims that are Tax Claims, such Tax Claims will be paid in the order of their lien

priorities.

## B.    The Plan Does Not Require *Ad Valorem* Property Taxes to be Paid, At the Latest, Over a Period Ending Not Later Than 5 Years After the Order for Relief, As Required by 11 U.S.C. §§ 1129(a)(9)(C)(ii) and 1129(a)(D)

The Plan, ¶ III.B.1 does not set an outside date by which Class 1 Miscellaneous

Secured Claims must be paid.  Instead, it keys the date of payment to the date when the

claim becomes an Allowed Miscellaneous Secured Claim.  Class 1 Claims will be paid:

> "on, or as soon as reasonable practicable after, the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim."

Plan, ¶ III.B.1.  However, nothing in the Plan obligates the Debtors or the Liquidating

Trustee to make their decision on allowing a claim by a date certain.

Such uncertainty may be acceptable for many types of Miscellaneous Secured

Claims.  However, for *ad valorem* property tax claims that are secured by statutory liens,

the Bankruptcy Code requires the claims be paid at the latest "over a period ending not

later than 5 years after the date of the order for relief." 11 U.S.C. § 1129(a)(9)(C)(ii).

See, 11 U.S.C. § 1129(a)(9)(D) (which extends the reach of. § 1129(a)(9)(C) to secured

tax claims).  The payments must be "payments in cash of a total value, as of the effective

date of the plan, equal to the allowed amount of such claim." 11 U.S.C. §

1129(a)(9)(C)(i).  See, 11 U.S.C. § 1129(a)(9)(D).  The Plan fails to comply with these

statutory requirements.

The Plan should be amended to provide that in no case shall payment of allowed

*ad valorem* property tax claims that are secured by statutory liens be later or in a lesser

amount  than required under 11 U.S.C. §§ 1129(a)(9)(C) and 1129(a)(9)(D).

**C.    The Complete Lack of Specifity in ¶ III.B.1 of the Plan as to How
"Miscellaneous Secured Claims" Will be Treated Renders it Impossible to
Determine Whether the Plan Complies With the Confirmation Standards of
11 U.S.C. § 1129**

The Plan does not disclose how it will treat Class 1 "Miscellaneous Secured

Claims":

> "[A] Holder of an Allowed Miscellaneous Secured Claim shall receive ...
> or (iii) such other treatment as to which such Holder and the Debtors
> and/or the Liquidating Trustee shall have agreed upon in writing."

Plan, ¶ III.B.1 (emphasis added).

Such unfettered discretion prevents Class 1 creditors like Douglas County from

testing at the confirmation hearing whether the Plan complies with 11 U.S.C. § 1129.

The time for the Court to determine whether a plan of reorganization comports with §

1129 is at confirmation, not at some distant time after confirmation of the Debtor's

choosing.  Class 1 creditors have the right to have the Debtors tell them in the Plan how

the Debtors propose to deal with their claims, so that they can obtain an adjudication

during the confirmation process of whether the Debtors' treatment of their claims is legal

under the Bankruptcy Code.

A delayed adjudication, such as is permitted under the Plan, allows creditors

whose liens are junior to Douglas County's statutory superpriority property tax lien to be

paid ahead of Douglas County, with the result that the estate may not be financially able

to pay Douglas County by the time of the delayed adjudication.

**D.    The Plan Does Not Address the Very Real Possibility that the Debtors and a Class 2 Creditor Cannot Agree on the Treatment of that Creditor's Claim**

A Chapter 11 plan is a species of contract between the debtor and its creditors, albeit one approved by the bankruptcy court. "Interpretation of a Chapter 11 plan is basically a matter of contractual interpretation." In re Beta International, Inc., 210 B.R. 279, 285 (E.D.Mich.1996). See, In re Stratford of Texas, Inc., 635 F.2d 365, 368 (5th Cir. 1981); UNR Industries, Inc. v. Bloomington Factory Workers, 173 B.R. 149, 157 (N.D.Ill.1994).

Option (iii) of Paragraph III.B.1 of the Plan -- providing for "such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing" -- is an illusory contract. It is an agreement to agree. Agreements to agree do not constitute enforceable contracts. "[W]here an agreement is not sufficiently definite to enable a court to give it exact meaning or where an essential element is reserved for future agreement of both parties, a legal obligation cannot result." Pearson Bros. Co. v. Pearson, 113 B.R. 469, 475 (C.D.Ill.1990). See, United States v. Orr Construction Co., 560 F.2d 765, 769 (7th Cir. 1977) quoting 1 Corbin on Contracts § 95, at 402): :

> "In order for such a contract to be enforceable, however, it is necessary that the terms to be agreed upon in the future can be determined 'independent of a party's mere wish, will, and desire, either by virtue of the agreement itself or by commercial practice or other usage or custom.' If the language of the contract is too indefinite to permit this determination the court cannot enforce the contract without engaging in the forbidden practice of itself supplying the terms of the agreement which the parties promised to reach in the future."

See also, Sethness-Greenleaf, Inc. v. Green River Corp., 1993 WL 475498 (N.D.Ill. 1993), *7; The Gates Corporation v. Bando Chemical Industries, Ltd., 4 Fed.Appx. 676,

7

2001 WL 135686 (10th Cir.), *4; I.M.A., Inc. v. Rocky Mountain Airways, Inc. 713 P.2d

882, 888 (Colo.1986) ("In order to establish the existence of a contract, the evidence must

show that the parties agreed upon all essential terms.").

　　　If the Debtors and Douglas County cannot agree on the treatment of Douglas

County's Claim, the Plan provides no guidance as to how Douglas County's Claim will be

treated: when it will be paid, the priority of its statutory lien, what portion of the Claim is

secured, whether it will retain its statutory lien until it is paid in full, whether it will be

paid postpetition interest, the rate at which it will be paid postpetition interest.

**E.    The Complete Lack of Specificity in ¶ III.B.1 of the Plan as to How
        "Miscellaneous Secured Claims" Will be Treated Renders it Impossible to
        Determine Whether the Plan Complies With the Confirmation Standards of
        11 U.S.C. § 1123(a)(4)**

　　　The Bankruptcy Code requires that similar claims be treated the same. "[A] plan

shall provide the same treatment for each claim ... of a particular class." 11 U.S.C. §

1123(a)(4).

　　　The unfettered discretion in Plan, ¶ III.B.1 prevents Class 1 creditors from testing

at the confirmation hearing whether the Plan in fact complies with § 1123(a)(4). The

time for the Court to determine whether a plan of reorganization comports with §

1123(a)(4) is at confirmation, not at some distant time after confirmation of the Debtors'

choosing.

**F.    _Conclusion_**

　　　Confirmation should be denied unless the Plan is amended to provide that:

(1)　　All Allowed Miscellaneous Secured Claims that are Tax Claims will be

　　　　paid in full, including all postpetition interest, before any Allowed

　　　　Miscellaneous Secured Claim that is not a Tax Claim is paid any money

out of the Miscellaneous Secured Claims Reserve, and that, among

Allowed Miscellaneous Secured Claims that are Tax Claims, such Tax

Claims will be paid in the order of their lien priorities; and

(3)     In no case shall Allowed *ad valorem* property tax claims that are secured

by statutory property tax liens shall be paid later than over a period of 5

years after the date of the order for relief, as required by 11 U.S.C. §§

1129(a)(9)(C)(ii) and 1129(a)(9)(D).

DATED:  August 26, 2010

Respectfully submitted,

OFFICE OF THE COUNTY ATTORNEY
DOUGLAS COUNTY, COLORADO


ROBERT D. CLARK
Colorado Atty. Reg. # 8103
Senior Assistant County Attorney
100 Third Street
Castle Rock, Colorado 80104
(303) 660-7392
Fax:  (303) 668-6596
E-mail:  rclark@douglas.co.us

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2010, a true and correct copy of the foregoing, **Treasurer of Douglas County, Colorado's Objections to Confirmation of the August 9, 2010 Second Amended Joint Plan of Liquidation** was served electronically or by depositing copies of same in the United States mail, postage prepaid, addressed to:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
*by e-mail to:* gregg.galardi@skadden.com
ian.fredericks@skadden.com

Chris L. Dickerson, Esq.
Jessica S. Kumar, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606
*by e-mail to:* chris.dickerson@skadden.com
jessica.kumar@skadden.com

Douglas M. Foley, Esq.
Sarah B. Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
*by e-mail to:* dfoley@mcguirewoods.com
sboehm@mcguirewoods.com

Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
*by e-mail to:* jpomerantz@pszjlaw.com
sgoldich@pszjlaw.com

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY  10017
*by e-mail to:*   rfeinstein@pszjlaw.com

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA  23219
*by e-mail to:*   ltavenner@tb-lawfirm.com
                 pberan@tb-lawfirm.com

The United States Trustee
for the Eastern District of Virginia
Robert B. Van Arsdale, Esq.
701 East Broad Street, Suite 4304
Richmond, VA  23219
*by e-mail to:*   robert.b.van.arsdale@usdoj.gov

| U.S. BANKRUPTCY COURT FOR THE DISTRICT OF VIRGINIA RICHMOND DIVISION | PROOF OF CLAIM | COPY |
|---|---|---|
| DEBTOR: CIRCUIT CITY WEST COAST, INC | Case No. 08-35654 Joint Adm. 08-35653 Chapter 11 | |

**Name of Creditor:**
  DOUGLAS COUNTY

☐ Check if you are aware that anyone else has filed a proof of claim relating to your proof of claim.

**Please mail notices to:**

DOUGLAS COUNTY TREASURER
ATTN: STEPHANIE COOK
P.O. BOX 1208
100 THIRD STREET
CASTLE ROCK, CO 80104

TEL.: 303.660.7455
FAX: 303.660.9022

☐ Check if you have never received any notices from the bankruptcy court in this case.

☐ Check if the address differs from the address on the envelope sent to you by the court

**RECEIVED**

**DEC 0 1 2008**

KURTZMANCARSONCONSULTANTS

THIS SPACE IS FOR COURT USE ONLY

| Number by which creditor identifies debtor: P0395424 | This claim | ☐ replaces ☐ amends a previously filed claim, dated: _____ ☐ supplements |
|---|---|---|

**1. BASIS FOR CLAIM:**    COMMNERCIAL PERSONAL PROPERTY ASSESSMENT

**2. DATE DEBT WAS INCURRED:**    January 1, 2008

*Colorado Revised Statutes provide that tax liens arise at 12 noon on the assessment date for the current year C.R.S. 39-1-105*

**3. CLASSIFICATION OF CLAIM:**    Secured Claim to extent of collateral value. Unsecured Priority Claim 11 U.S.C. 507(a)(8) to the extent of any shortfall in collateral value and or personal liability. Tax Lien created under 39-1-107 of the Colorado Revised Statutes.

**4. TOTAL AMOUNT OF CLAIM:**

| $0.00 | $ 7,844.91 | $ | $7,844.91 |
|---|---|---|---|
| Unsecured | ( secured) | (Priority) | (Total) |

☐ Check this box if claim includes charges in addition to the principal amount of the claim

Interest accrues at 12% per annum pursuant to Colorado Revised Statute 39-10-104.5        (11USC 506(b) & 11USC 511)

**5. SECURED CLAIM:**

Collateral:  Commercial Personal Property
Actual Taxable Value:  $ 284,332

**OTHER :**
The 2008 Taxes are estimated.
This claim will be supplemented with a liquidated amount once tax statements are generated in Januray 2009 in accordance with Colorado Law

**6. CREDITS AND SETOFFS:**   The amount of the payments on this claim has been credited and deducted for the purpose of making this claim

**7. SUPPORTING DOCUMENTS:**     Attached

Date :     19-Nov-08

Signature: Sharon _[signature]_ Douglas County Treasurer

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment up to 5 years, or both.18 U.S.C 152 and 3571

**EXHIBIT
A**