Gregg M. Galardi, Esq.                  Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.                 Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :   Jointly Administered
                               :
            Debtors.           :
                               :   **Obj. Deadline: September 15, 2010**
- - - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

## NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY AND BETWEEN THE DEBTORS AND BETHESDA SOFTWORKS LLC

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as Exhibit 1.

--------

[1]  Capitalized terms not defined herein shall have the meanings ascribed
     to them in the Settlement Agreement (defined below) or the Settlement
     Procedures Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Bethesda Softworks LLC ("Bethesda"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)    This is a Tier II Settlement.

---

[2]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]    This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(ii)    The Settlement Agreement is by and between
        the Debtors and Bethesda Softworks LLC.

(iii)   On or about December 18, 2008, Bethesda
        timely filed a proof of claim number 1244
        ("Claim No. 1244") asserting a Bankruptcy
        Code section 503(b)(9) administrative
        expense priority claim in the amount of
        $3,838,606.40.  Based on the Debtors' books
        and records, the Debtors dispute at least
        $614.64 of the amounts asserted in Claim No.
        1244.

(iv)    On or about January 29, 2009, Bethesda
        filed proof of claim number 8476 ("Claim No.
        8476") asserting a Bankruptcy Code section
        503(b)(9) administrative expense priority
        claim in the amount of $3,838,606.40 and a
        general unsecured non-priority claim in the
        amount of $32,742.84.  That portion of
        Claim No. 8476 asserting a Bankruptcy Code
        section 503(b)(9) administrative expense
        priority claim in the amount of
        $3,838,606.40 was disallowed in its
        entirety pursuant to the Order on Debtors'
        Fourth Omnibus Objection to Certain
        Duplicative Claims, dated June 1, 2009
        (Docket No. 3494).  That portion of Claim
        No. 8476 asserting a general unsecured non-
        priority claim in the amount of $32,742.84
        remains a currently valid claim.

(v)     On or about November 10, 2008, Bethesda
        made a reclamation demand upon the Debtors
        on account of goods allegedly valued at
        $3,848,875.72 (the "Reclamation Demand").

(vi)    The Debtors' books and records reflect
        accounts receivable amounts due and owing
        from Bethesda to the Debtors in an amount

not less than $198,829.00 (the "Accounts Receivable Amounts").

(vii) Based on an initial analysis by the Debtors and their financial advisors, the Debtors believe that Bethesda may have received transfers avoidable under Chapter 5 of the Bankruptcy Code in an amount not less than $98,370.00 (the "Alleged Preferential Transfers"). Bethesda denies that any such transfers are avoidable under chapter 5 of the Bankruptcy Code.

(viii) Pursuant to the Settlement Agreement, and in order to avoid the expense, delay and risk of litigation, the Debtors agree to grant, and Bethesda agrees to accept, an allowed administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the total amount of $3,573,535.60 (the "Allowed Administrative Expense Claim") in full and final satisfaction, compromise and settlement of all of the Bethesda claims, the Reclamation Demand, and any and all other claims that have been, may have been, or could have been asserted by Bethesda against the Debtors, in accordance with the terms of the Settlement Agreement.

(ix) Upon the Effective Date of the Settlement Agreement, Bethesda's objections to Plan confirmation shall be deemed withdrawn with prejudice.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **September 15, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899, Attn: Gregg M. Galardi ([gregg.galardi@skadden.com](gregg.galardi@skadden.com)) and Ian S. Fredericks ([ian.fredericks@skadden.com](ian.fredericks@skadden.com)) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219, Attn: Douglas M. Foley ([dfoley@mcguirewoods.com](dfoley@mcguirewoods.com)) and Daniel F. Blanks ([dblanks@mcguirewoods.com](dblanks@mcguirewoods.com)), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz ([jpomerantz@pszjlaw.com](jpomerantz@pszjlaw.com)) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein ([rfeinstein@pszjlaw.com](rfeinstein@pszjlaw.com)).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically ([www.vaeb.uscourts.gov](www.vaeb.uscourts.gov)), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before September 15, 2010 at 5:00 p.m. (ET)**.

Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party

shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline, as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: September 1, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP    One James Center
One Rodney Square    901 E. Cary Street
PO Box 636    Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR. P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT APPROVAL**

      Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]  Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.   Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.   Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.   The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.   The Motion is GRANTED.

9.   The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)    <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                       /s/ Kevin R. Huennekens
                     UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:              Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                                      /s/ Douglas M. Foley
                                      Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.        Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.       Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,         MCGUIREWOODS LLP
MEAGHER & FLOM, LLP           One James Center
One Rodney Square             901 E. Cary Street
PO Box 636                    Richmond, Virginia 23219
Wilmington, Delaware          (804) 775-1000
19899-0636
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
        Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

        **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
          THE DEBTORS AND BETHESDA SOFTWORKS LLC**

        This settlement agreement and stipulation (the

"Settlement Agreement") is entered into this 1st day of

September, 2010 by and between Circuit City Stores, Inc.

and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors"), on the one hand, and

Bethesda Softworks LLC ("Bethesda" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in the

United States Bankruptcy Court for the Eastern District

of Virginia (the "Court") under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  The going out of business sales concluded on or about March 8, 2009.

WHEREAS, the Debtors are authorized pursuant to the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (D.I. 4401; the "Settlement Procedures Order"),[1] to enter into this Settlement Agreement, subject to the Notice Procedures.

---

[1]   All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

## SETTLEMENT BACKGROUND

WHEREAS, on or about December 18, 2008, Bethesda timely filed a proof of claim number 1244 ("Claim No. 1244") asserting a Bankruptcy Code section 503(b)(9) administrative expense priority claim in the amount of $3,838,606.40.

WHEREAS, based on the Debtors' books and records, the Debtors dispute at least $614.64 of the amounts asserted in Claim No. 1244.

WHEREAS, on or about December 22, 2008, Bethesda filed a duplicate proof of claim number 1861 ("Claim No. 1861") asserting a Bankruptcy Code section 503(b)(9) administrative expense priority claim in the amount of $3,838,606.40.  Claim No. 1861 was disallowed in its entirety by a Stipulation and Consent Order Between Debtors and Bethesda Softworks LLC Regarding Debtors' First Omnibus Objection to (I) Certain Duplicative 503(b)(9) Claims and (II) Certain Amended 503(b)(9) Claims (Claims 1244 and 1861), dated April 2, 2009 (Docket No. 2913).

WHEREAS, on or about January 29, 2009, Bethesda filed a proof of claim number 8423 ("Claim No.

4

8423") asserting a Bankruptcy Code section 503(b)(9)

administrative expense priority claim in the amount of

$3,838,606.40 and a general unsecured non-priority claim

in the amount of $32,742.84.  Claim No. 8423 was

disallowed in its entirety pursuant to the Order on

Debtors' Fourth Omnibus Objection to Certain Duplicative

Claims, dated June 1, 2009 (Docket No. 3494).

WHEREAS, on or about January 29, 2009,

Bethesda filed proof of claim number 8476 ("Claim No.

8476" and, together with Claim No. 1244, Claim No. 1861

and Claim No. 8423, the "Bethesda Claims") asserting a

Bankruptcy Code section 503(b)(9) administrative expense

priority claim in the amount of $3,838,606.40 and a

general unsecured non-priority claim in the amount of

$32,742.84.  That portion of Claim No. 8476 asserting a

Bankruptcy Code section 503(b)(9) administrative expense

priority claim in the amount of $3,838,606.40 was

disallowed in its entirety pursuant to the Order on

Debtors' Fourth Omnibus Objection to Certain Duplicative

Claims, dated June 1, 2009 (Docket No. 3494).  That

portion of Claim No. 8476 asserting a general unsecured

non-priority claim in the amount of $32,742.84 remains a
currently valid claim.

WHEREAS, on or about November 10, 2008,
Bethesda made a reclamation demand upon the Debtors on
account of goods allegedly valued at $3,848,875.72 (the
"Reclamation Demand").

WHEREAS, the Debtors objected to various of
the Bethesda Claims in the Debtors' First Omnibus
Objection to (I) Certain Duplicative 503(b)(9) Claims
and (II) Certain Amended 503(b)(9) Claims, dated
February 13, 2009 (Docket No. 2171) (the "First Omnibus
Objection"), the Debtors' Fourth Omnibus Objection to
Certain Duplicative Claims, dated April 17, 2009 (Docket
No. 3096) (the "Fourth Omnibus Objection"), and the
Debtors' (I) Fifty-First Omnibus Objection to Certain
503(b)(9) Claims and (II) Motion for a Waiver of the
Requirement that the First Hearing on Any Response
Proceed as a Status Conference, dated October 13, 2009
(Docket No. 5214) (the "Fifty-First Omnibus Objection"
and, together with the First Omnibus Objection and the
Fourth Omnibus Objection, the "Omnibus Objections").

6

WHEREAS, Bethesda filed certain pleadings in the Debtors' bankruptcy cases including the Joinder of Bethesda Softworks LLC to Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections (Docket No. 6378)(the "Apex Joinder"), the Response and Objection of Bethesda Softworks LLC to the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (Docket No. 5901)(the "Corrected Amended Plan Objection"), the Joinder of Bethesda Softworks LLC to Motions of Pioneer Electronics and Samsung Electronics America, Inc. for Order Requiring Confirmation Deposit Under Fed. R. Bankr. P. 3020(a)(Docket No. 5695)(the "Pioneer Joinder"), the Response and Objection of Bethesda Softworks LLC to the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (Docket No. 5692)(the "Amended Plan Objection"), the Response and Objection of

Bethesda Softworks LLC to Debtors' (I) Fifty-First

Omnibus Objection to Certain 503(b)(9) Claims and (II)

Motion for a Waiver of the Requirement that the First

Hearing on Any Response Proceed as a Status Conference

and the Debtors' Brief in Support Thereof (Docket No.

5539)(the "Fifty-First Omnibus Objection Response"), and

the Response and Objection of Bethesda Softworks LLC to

Disclosure Statement with Respect to Joint Plan of

Liquidation of Circuit City Stores, Inc. and Its

Affiliated Debtors and Debtors in Possession and Its

Official Committee of Creditors Holding General

Unsecured Claims (Docket No. 4979)(the "Disclosure

Statement Objection", and, together with the Apex

Joinder, the Corrected Amended Plan Objection, the

Pioneer Joinder, the Amended Plan Objection, and the

Fifty-First Omnibus Objection Response, the "Bethesda

Pleadings").

      WHEREAS, the Debtors' books and records

reflect accounts receivable amounts due and owing from

Bethesda to the Debtors in an amount not less than

$198,829.00 (the "Accounts Receivable Amounts").

WHEREAS, based on an initial analysis by the Debtors and their financial advisors, the Debtors believe that Bethesda may have received transfers avoidable under Chapter 5 of the Bankruptcy Code in an amount not less than $98,370.00 (the "Alleged Preferential Transfers").

WHEREAS, Bethesda denies that any such transfers are avoidable under chapter 5 of the Bankruptcy Code.

WHEREAS, the Parties have engaged in discussions with respect to resolution of the Bethesda Claims, the Reclamation Demand, the Omnibus Objections, the Bethesda Pleadings, the Accounts Receivable Amounts, the Alleged Preferential Transfers and related matters and, in order to avoid the costs and expenses of litigation, the Parties wish to resolve their differences as to Bethesda Claims, the Reclamation Demand, the Omnibus Objections, the Bethesda Pleadings, the Accounts Receivable Amounts, the Alleged Preferential Transfers and related matters in their entirety as set forth herein.

9

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   The Parties represent that they have engaged in arms' length negotiations to arrive at this Settlement Agreement.  As a result of such negotiations, the Debtors agree to grant, and Bethesda agrees to accept, an allowed administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the total amount of $3,573,535.60 (the "Allowed Administrative Expense Claim") in full and final satisfaction, compromise and settlement of the Bethesda Claims, the Reclamation Demand, and any and all other claims that have been, may have been, or could have been asserted by Bethesda against the Debtors, in accordance with the terms of this Settlement Agreement.

2.   The Debtors, or any successors, shall make payment of the Allowed Administrative Expense Claim on the earlier of (i) the Initial Distribution Date as defined in the Second Amended Joint Plan of Liquidation

of Circuit City Stores, Inc. and Its Affiliated Debtors

and Debtors in Possession and Its Official Committee of

Creditors Holding General Unsecured Claims, dated August

9, 2010 (Docket No. 8252) (as amended or modified, the

"Plan"), (ii) pursuant to the provisions of any other

plan of reorganization or plan of liquidation confirmed

by the Bankruptcy Court, or (iii) in accordance with

further order of the Court upon the motion of Bethesda.

        3.    Upon the Effective Date (as defined here

below) of this Settlement Agreement, (i) the Allowed

Administrative Expense Claim shall be docketed on the

claims register in the above-captioned bankruptcy cases

on account of Claim No. 1244, (ii) all other claims

against the Debtors asserted by Bethesda, including but

not limited to Claim No. 1861, Claim No. 8423 and Claim

No. 8476 shall be disallowed in their entirety for all

purposes in the above-captioned bankruptcy cases, (iii)

the Reclamation Demand shall be deemed withdrawn with

prejudice, (iv) the Omnibus Objections, the Accounts

Receivable Amounts and Alleged Preferential Transfers

with respect to Bethesda shall be deemed resolved in

accordance with the terms of this Settlement Agreement,

11

and (v) the Bethesda Pleadings shall be deemed withdrawn with prejudice.

4.   Upon the Effective Date (as defined below) of this Settlement Agreement, Bethesda, on behalf of itself and its successors and assigns, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns, hereby irrevocably and fully release one another from and against any and all claims or causes of action (including but not limited to, causes of action under Bankruptcy Code sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or relating to the Bethesda Claims, the Reclamation Demand, the Omnibus Objections, the Bethesda Pleadings, the Accounts Receivable Amounts, and the Alleged Preferential Transfers (this paragraph, the "Releases"); provided, however, this paragraph shall have no effect with respect to the Allowed Administrative Expense Claim.

5.   For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (1) the Releases are not intended

as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, and (2)
Bethesda and the Debtors specifically acknowledge and
agree that this Settlement Agreement is not intended to,
and does not, release or otherwise affect in any way any
actual claims or causes of action (or potential claims
or causes of action similar in nature or type to such
actual claims or causes of action) now or hereinafter
asserted in, based on, or relating to the multi-district
litigation captioned *In re: TFT-LCD (Flat Panel)
Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding").

     6.   Nothing contained in this Settlement
Agreement shall be deemed an admission of liability on
the part of the Debtors or Bethesda with respect to the
matters resolved herein.

     7.   Neither this Settlement Agreement, nor
any statement made or action taken in connection with
the negotiation of this Settlement Agreement, shall be
offered or received in evidence or in any way referred
to in any legal action or administrative proceeding
among or between the Parties hereto, other than as may

13

be necessary (a) to obtain approval of and/or to enforce any of the terms of this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

8.    Each of the Parties hereto shall execute and deliver, or cause to be executed and delivered, such documents and shall do, or cause to be done, such other acts and things as might reasonably be requested by any Party to this Settlement Agreement to assure that the benefits of this Settlement Agreement are realized by the Parties.

9.    No provision of this Settlement Agreement is intended to confer any rights, benefits, releases, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

10.    This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia without regard to any choice of law provisions.

11.    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or

14

email, which, when fully executed, shall constitute a
single original.

12.   This Settlement Agreement constitutes the
entire agreement and understanding of the Parties
regarding the Settlement Agreement and the subject
matter thereof and supersedes all prior discussions,
negotiations and understandings between the Parties
regarding such subject matter.

13.   The Court shall retain exclusive
jurisdiction (and the Parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

14.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and

15

warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

15. This Settlement Agreement is effective (the "Effective Date") upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

16. This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or an order of the Court.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

16

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.


**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,*
*et al., Debtors and Debtors-in-Possession*

17

**BETHESDA SOFTWORKS LLC**

By:

MCKENNA LONG & ALDRIDGE LLP

/s/ Daniel J. Carrigan_____
Daniel J. Carrigan, Esq.
1900 K Street NW
Washington, DC 20006
Phone: (202)496-7436
Fax: (202)496-7756

*Counsel for Bethesda Softworks LLC*

18