Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
              Debtors.     :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND BANKRUPTCY RULE 9019, FOR ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND THE POST-PETITION DIRECTORS AND OFFICERS OF INTERTAN, INC. AND VENTOUX INTERNATIONAL, INC.**

Upon the motion (the "Motion")[1] of the Debtors for

entry of an order, pursuant to Bankruptcy Code section 105

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

and Bankruptcy Rule 9019 approving the settlement agreement

and stipulation (the "Settlement Agreement"), attached

hereto as <u>Exhibit A</u>, by and among the Debtors and the Post-

Petition Officers and Directors of InterTAN and Ventoux, and

the Court having reviewed the Motion and the Settlement

Agreement; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.    The Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334;

B.    This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2) and venue in this district is proper under

28 U.S.C. §§ 1408 and 1409;

C.    Proper and adequate notice the Motion has been

given under the circumstances, and no other or further notice

is necessary;

D.    Resolution of the disputes between and among

the Debtors and the Post-Petition Officers and Directors of

InterTAN and Ventoux as set forth in the Settlement

Agreement attached hereto as <u>Exhibit A</u> is (i) fair and

reasonable and (ii) a reasonable exercise of the Debtors'

sound business judgment and (iii) is in the best interests of

the Parties and all parties in interest; and it is therefore

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Motion is GRANTED.

2.    Pursuant to Bankruptcy Code section 105 and Bankruptcy Rule 9019, the Settlement Agreement is APPROVED in all respects.

3.    The Debtors may take such actions and execute any documents necessary or appropriate to consummate the Settlement Agreement and the transactions contemplated thereby.

4.    Notwithstanding the possible applicability of Bankruptcy Rule 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.    The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

6.    This Court retains jurisdiction to hear and determine all matters arising from or related to the Settlement Agreement and this Order.

Dated:  Richmond, Virginia
          September _____, 2010


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


/s/ Douglas M. Foley
Douglas M. Foley

## **EXHIBIT A**

**Settlement Agreement**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
        Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND THE POST-PETITION DIRECTORS AND OFFICERS OF
INTERTAN, INC. AND VENTOUX INTERNATIONAL, INC.**

This settlement agreement and stipulation (this

"Settlement Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and the Post-Petition Officers and Directors (as defined herein) of InterTAN, Inc. ("InterTAN") and Ventoux International, Inc. ("Ventoux") solely in their capacity as post-petition officers and directors of InterTAN and Ventoux, on the other hand.  The Debtors and the Post-Petition Officers and Directors are sometimes referred to herein collectively as the "Parties" or individually as a "Party".

**BACKGROUND**

**A.    The Debtors' Bankruptcy Cases.**

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee (together, the "Plan Proponents") filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. Confirmation of the First Amended Plan was originally scheduled for November 23, 2009, but has been adjourned from time to time; and

WHEREAS, on June 1, 2010, the Creditors' Committee filed the Plan of Liquidation Proposed by the Official Committee of Creditors of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession (the "Committee Plan") (D.I. 7678). The Committee Plan is substantially similar to the First Amended Plan, as the Committee Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust; and

WHEREAS, on June 2, 2010, the Debtors filed the Debtors' Motion for Order Directing Mediation with Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Mediation Motion") (D.I. 7687), pursuant to which the Debtors requested that the Bankruptcy Court order the Debtors and the Creditors'

Committee to mediate their differences with respect to the First Amended Plan and the Committee Plan; and

WHEREAS, the Creditors' Committee supported the Mediation Motion and, following a hearing on June 24, 2010, the Bankruptcy Court entered an order granting the Mediation Motion (D.I. 7912, the "Mediation Order"); and

WHEREAS, pursuant to the Mediation Order, mediation commenced on July 14, 2010 before the Honorable Frank J. Santoro (the "Mediator"); and

WHEREAS, following extensive negotiations during the mediation, the Plan Proponents reached an agreement on the outstanding issues (the "Mediation Agreement"); and

WHEREAS, on August 9, 2010, the Debtors and the Creditors' Committee filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors' remaining assets under chapter 11 of the Bankruptcy Code and distribution of the proceeds thereof to the Debtors' creditors; and

5

B.    **The Canadian Bankruptcy Cases.**

WHEREAS, on the same day that the Debtors filed
their chapter 11 bankruptcy petitions, InterTAN Canada Ltd.
("InterTAN Canada"), a wholly owned subsidiary of InterTAN,
and Tourmalet Corporation, a wholly owned subsidiary of
Ventoux ("Tourmalet" and together with InterTAN Canada, the
"Canadian Debtors") commenced insolvency cases (the
"Canadian Bankruptcy Cases") in the Ontario Superior Court
of Justice under the Companies' Creditors Arrangement Act in
Canada (the "CCAA"); and

WHEREAS, in connection with the Canadian
Bankruptcy Cases, the Canadian Court issued an "initial
order", which, among other things, imposed a stay of all
proceedings against InterTAN Canada and Tourmalet and their
property in Canada; and

WHEREAS, the initial order also appointed Alvarez
& Marsal Canada ULC as the monitor (the "Monitor") in the
Canadian Bankruptcy Cases; and

WHEREAS, prior to and following the Petition Date,
Circuit City and the Canadian Debtors pursued a sale of the
Canadian operations.  On or about March 10, 2009, the
Canadian Court entered an order approving the sale of
substantially all of InterTAN Canada's assets to 4458729

6

Canada Inc., a subsidiary of Bell Canada (the "Canadian Sale"); and

WHEREAS, on or about March 20, 2009, the Bankruptcy Court entered an order (Docket No. 2711) approving the Canadian Sale; and

WHEREAS, since the closing of the Canadian Sale, the Canadian Debtors and the Monitor, with the assistance of officers of the Debtors, have been working to reconcile claims filed in the Canadian Bankruptcy Cases and distribute the sale proceeds from the Canadian Sale in accordance with the priority scheme set forth in the CCAA; and

WHEREAS, as of July 1, 2010, nearly all claims filed in the Canadian Cases had been reconciled and paid in full with interest; and

WHEREAS, as a result of the purchase price received in the Canadian Sale, the Canadian Debtors, the Debtors, the Monitor and the Creditors' Committee have been operating under the assumption that there would be certain sale and other liquidation proceeds that would be available to repatriate to InterTAN, as sole shareholder of InterTAN Canada, and ultimately to the creditors of the Debtors; and

**C.    InterTAN Canada's French Operations And Liquidation.**

WHEREAS, in the mid-1980s, InterTAN Canada conducted business in France through a "permanent establishment" in France and a subsidiary, InterTAN France SNC ("InterTAN France"); and

WHEREAS, InterTAN Canada owns 99.99% of the shares in InterTAN France.  The remaining shares are owned by 587225 Ontario Ltd -- a wholly owned subsidiary of InterTAN Canada; and

WHEREAS, in 1993, InterTAN Canada made the decision to cease its business operations in Europe.  InterTAN France's business operations were completely shutdown by May 31, 1994; and

WHEREAS, on February 13, 1995, InterTAN Canada's French permanent establishment was placed in judicial liquidation in France; and

WHEREAS, on July 18, 1997, the judicial liquidation of InterTAN Canada's French permanent establishment was expanded to include InterTAN France; and

WHEREAS, between 1997 and 2000, a judicial liquidator sold the assets of InterTAN Canada's French permanent establishment and InterTAN France and used the proceeds to satisfy claims of their creditors; and

8

WHEREAS, on January 21, 2000, a judgment of the Commercial Court of Pontoise found that the liquidator had been able to pay all of the debts of InterTAN Canada's French permanent establishment and InterTAN France.  As a result, the judicial liquidation of InterTAN France and the French permanent establishment of InterTAN Canada was closed; and

WHEREAS, neither InterTAN Canada (through a French permanent establishment or otherwise) nor InterTAN France carries out business activities or maintains offices or employees in France; and

WHEREAS, based on the foregoing, InterTAN Canada and InterTAN France might potentially be indebted to France on account of one or more taxes (the "Potential Liability"); and

**D.   The 2004 Merger.**

WHEREAS, Circuit City is the direct or indirect parent of all of the other Debtors.  In addition, as the result of a multi-step transaction in May 2004, Circuit City, through various subsidiaries, acquired the InterTAN Canada and its subsidiaries, including InterTAN Canada's 99.9% of interest in InterTAN France; and

WHEREAS, specifically, on or about March 30, 2004, Circuit City and a wholly-owned subsidiary, Winston Acquisition Corporation ("Winston") entered into an Acquisition Agreement and Plan of Merger (the "Acquisition Agreement") with InterTAN, Inc. ("Old InterTAN") pursuant to which Winston would purchase all the outstanding shares of Old InterTAN's common stock and, thereafter, merge with Old InterTAN to form InterTAN – one of the Debtors.  At that time, Old InterTAN was parent of InterTAN Canada and indirectly the parent of InterTAN Canada's affiliates and subsidiaries; and

WHEREAS, to facilitate the merger, Circuit City also caused two other subsidiaries -- Ventoux and Tourmalet -- to be formed; and

WHEREAS, once the merger and related transactions were completed, from top to bottom, the corporate structure was as follows:  Circuit City wholly owned Ventoux; Ventoux wholly owned Tourmalet and owned all of the outstanding common shares of InterTAN; Tourmalet owned all of the preferred shares of InterTAN; InterTAN owned InterTAN Canada; InterTAN Canada continued to own 99.9% of the partnership interests in InterTAN France; and 587225 Ontario Ltd.

continued to own 0.1% of the partnership interests in
InterTAN France; and

**E.    Notice(s) Of Circumstances.**

WHEREAS, based on the Potential Liability, the
Debtors and the Creditors' Committee provided a "notice of
circumstances" to Old InterTAN's prior director and officer
liability insurers of facts and circumstances that may give
rise to one or more claims under such insurance policies;
and

WHEREAS, based on the Potential Liability, the
Debtors and the Creditors' Committee are also evaluating
whether to provide a notice of circumstances to the Debtors'
pre- and post-petition directors and officers liability
insurers of facts and circumstances that may give rise to
one or more claims under such insurance policies; and

**F.    InterTAN's And Ventoux's Post-Petition Directors And
Officers And Their Potential Claims.**

WHEREAS, Bruce H. Besanko, Catherine W. Bradshaw,
Heather M. Ferguson, Reginald D. Hedgebeth, Jeffrey A.
McDonald, Michelle O. Mosier, John M. Oakey, III, and Danny
W. Ramsey have served as post-petition officers and
directors of InterTAN and Ventoux (collectively, and solely
in their capacity as post-petition officers and directors of

InterTAN and Ventoux, the "Post-Petition Officers and

Directors") during the Debtors' chapter 11 cases; and

        WHEREAS, InterTAN's and Ventoux's articles of

incorporation and/or bylaws provide for indemnification of

the Post-Petition Officers and Directors in accordance with

the terms and conditions thereof and applicable state law;

and

        WHEREAS, the Post-Petition Officers and Directors

may have administrative claims for indemnification; and

**G.   The Debtors And The Creditors' Committee's Settlement
       Concerning The Plan.**

        WHEREAS, under the First Amended Plan, the Debtors

and the Creditors' Committee had included provisions

exculpating and releasing the Post-Petition Officers and

Directors for their post-petition conduct relating to the

First Amended Plan and the chapter 11 cases; and

        WHEREAS, pursuant to the Mediation Agreement, the

Debtors and the Creditors' Committee removed the Potential

Liability from the exculpation and release provisions in the

Plan; and

        WHEREAS, pursuant to the Mediation Agreement, the

Debtors and the Creditors' Committee further agreed that the

Debtors would enter into and seek Court approval of a

12

settlement agreement between the Debtors and the Post-Petition Directors and Officers with respect to the Potential Liability insofar as the post-petition period is concerned, the terms of which are set forth herein; and

WHEREAS, pursuant to the Mediation Agreement, the Plan provides that it is a condition to the Effective Date (as defined in the Plan) that the Court enter an order approving this Settlement Agreement;

NOW THEREFORE, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE that:

1.    The Post-Petition Officers and Directors hereby waive any administrative claims against InterTAN and Ventoux and their bankruptcy estates for indemnification and contribution arising from, relating to, or arising out of any tax liability under French law relating to InterTAN Canada, the French permanent establishment of InterTAN Canada, and InterTAN France, or any aspect thereof.

2.    InterTAN and Ventoux hereby waive and release the Post-Petition Officers and Directors from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities in connection with, relating to, or arising from and after the

13

Petition Date in connection with their role as post-petition officers and directors of InterTAN and Ventoux, including (without limitation) any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities arising from, relating to, or arising out of any tax liability under French law relating to InterTAN Canada, the French permanent establishment of InterTAN Canada, or InterTAN France, or any aspect thereof.

3.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

4.    Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

14

5.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

6.    Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

7.    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

8.    This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Settlement Agreement and the subject matter thereof.

9.    The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or

15

enforce the terms and provisions of, this Settlement
Agreement.

10.   Each person or entity who executes this
Settlement Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly
authorized to execute this Settlement Agreement on behalf of
such person or entity, has the requisite authority to bind
such person or entity, and such person or entity has full
knowledge of and has consented to this Settlement Agreement.
The representations and warranties set forth in this
paragraph shall survive execution of this Settlement
Agreement.

11.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the written
consent of all Parties hereto or order of the Bankruptcy
Court.

12.   This Settlement Agreement shall inure to the
benefit of and be binding upon the successors and assigns of
the Parties hereto, including any Chapter 7 trustee or the
Liquidating Trustee under the Plan.

16

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  September 3, 2010

CATHERINE W. BRADSHAW


/s/ Catherine W. Bradshaw
Catherine W. Bradshaw


Dated: September 2, 2010

HEATHER M. FERGUSON


/s/ Heather M. Ferguson
Heather M. Ferguson


Dated: September 2, 2010

JEFFREY A. MCDONALD


/s/ Jeffrey A. McDonald
Jeffrey A. McDonald


Dated: September 2, 2010

MICHELLE O. MOSIER


/s/ Michelle O. Mosier
Michelle O. Mosier


Dated: August 31, 2010

BRUCE H. BESANKO


/s/ Bruce H. Besanko
Bruce H. Besanko


Dated: September 1, 2010

REGINALD D. HEDGEBETH


/s/ Reginald D. Hedgebeth
Reginald D. Hedgebeth


Dated: September 3, 2010

JOHN M. OAKEY, III


/s/ John M. Oakey, III
John M. Oakey, III


Dated: September 3, 2010

DANIEL W. RAMSEY


/s/ Daniel W. Ramsey
Daniel W. Ramsey


Dated: September 1, 2010