Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors  
in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653
et al.,                       :
                              :
           Debtors.           :  Jointly Administered
- - - - - - - - - - - - - - - x
```

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105 AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER SETTING AN EXPEDITED HEARING ON (I) DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 105 AND BANKRUPTCY RULE 9019, FOR ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND THE POST-PETITION DIRECTORS AND OFFICERS OF INTERTAN, INC. AND VENTOUX INTERNATIONAL, INC.; (II) CONSENT MOTION OF THE DEBTORS FOR ENTRY OF ORDER RESOLVING THE UNITED STATES CUSTOMS AND BORDER PROTECTION'S OBJECTION TO CONFIRMATION; AND (III) DEBTORS' MOTION FOR ORDER SHORTENING NOTICE PERIOD AND LIMITING NOTICE THEREOF**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1] hereby move the Court (the "Motion to Expedite") for the entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing for September 8, 2010 at 10:00 a.m. (Eastern) on (i) Debtors' Motion, Pursuant to Bankruptcy Code Section 105 and Bankruptcy Rule 9019, for Order Approving Settlement Agreement and Stipulation by and among the Debtors and the Post-Petition Directors and Officers of Intertan, Inc. and Ventoux International, Inc. (the "9019 Motion"); (ii) Consent Motion of the Debtors for Entry of Order Resolving the United States Customs and Border Patrol's Objection to Confirmation (the "Consent Motion"); and (iii) Debtors' Motion for Order Shortening Notice and Limiting Notice of

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, Virginia 23060.

the 9019 Motion and the Consent Motion (the "Motion to Shorten and Limit Notice" and collectively with the foregoing, the "Motions"). In further support of the Motion to Expedite, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Local Bankruptcy Rule 9013-1(M) and (N).

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

2

"Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores. On or about March 8, 2009, the going out of business sales concluded.

7. On September 29, 2009, the Debtors and the Creditors' Committee (collectively, the "Plan Proponents") filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. Confirmation of the First Amended Plan was originally scheduled for November 23, 2009, but has been adjourned from time to time.

8. On June 2, 2010, the Debtors filed the Debtors' Motion for Order Directing Mediation with Respect to First

3

Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (Docket No. 7687) (the "Mediation Motion"), pursuant to which the Debtors requested that the Bankruptcy Court order the Debtors and the Creditors' Committee to mediate their differences with respect to the First Amended Plan.

9. The Creditors' Committee supported the Mediation Motion and, following a hearing on June 24, 2010, the Bankruptcy Court entered an order granting the Mediation Motion (Docket No. 7912) (the "Mediation Order").

10. Pursuant to the Mediation Order, mediation commenced on July 14, 2010 before the Honorable Frank J. Santoro. Following extensive negotiations during the mediation, the Plan Proponents reached an agreement on the outstanding issues (the "Mediation Agreement").

11. On August 9, 2010, the Debtors and the Creditors' Committee filed the Supplemental Disclosure with Respect to Second Amended Joint Plan of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims and Notice of Deadline to Object to Confirmation (the

4

"Supplement") and the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").

12. Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

## RELIEF REQUESTED

13. On September 3, 2010, the Debtors filed the Motions. By this Motion to Expedite, the Debtors seek this Court's entry of an order setting an expedited hearing on the Motions for the scheduled omnibus hearing on September 8, 2010 at 10:00 a.m. (the "Expedited Hearing").

## BASIS FOR RELIEF

14. Concurrently herewith, the Debtors filed the Motions. Pursuant to the Mediation Agreement, the Plan Proponents agreed to the terms of the settlement agreement that is the subject of the 9019 Motion, and agreed to seek its approval in connection with confirmation of the Plan. Moreover, the terms of the settlement agreement were disclosed on August 9, 2010 as part of the Supplement. Finally, since the hearing on confirmation of the Plan is scheduled for September 8, 2010, the Debtors, with the

5

support of the Creditors' Committee, request that the Motions be heard at that time.

15. Additionally, because the Consent Motion seeks entry of an order resolving the United States Customs and Border Patrol's objection to confirmation of the Plan, the parties submit that it should be heard concurrent with the hearing on confirmation of the Plan, which is scheduled for September 8, 2010 at 10:00 a.m. The Creditors' Committee has no objection to this request.

16. The Debtors believe it is in the best interest of the Debtors' estates, their creditors, and other parties in interest for the Motions to be heard at the hearing on September 8, 2010 at 10:00 a.m. (Eastern) because confirmation of the Plan is set for that date and the Debtors believe it will serve the best interests of the Debtors' estates, their creditors, and other parties in interest to have the Motions heard at the same time as the hearing on confirmation of the Plan.

17. Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as <u>Exhibit B</u> is the certification required under Local Rule 9013-1(N).

18. Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited hearings.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

## NOTICE

19.  Notice of this Motion to Expedite is being provided to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 6208) (the "Case Management Order").  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## WAIVER OF MEMORANDUM OF LAW

20.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Expedite and all applicable authority is set forth in the Motion to Expedite, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

7

## NO PRIOR REQUEST

21. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion to Expedite and such other and further relief as may be just and proper.

Dated: September 3, 2010   SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia   FLOM, LLP
                                        Gregg M. Galardi, Esq.
                                        Ian S. Fredericks, Esq.
                                        P.O. Box 636
                                        Wilmington, Delaware 19899-0636
                                        (302) 651-3000

                                                    - and –

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                        FLOM, LLP
                                        Chris L. Dickerson, Esq.
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606
                                        (312) 407-0700

                                                    - and –

                                        MCGUIREWOODS LLP

                                        <u>/s/ Douglas M. Foley         .</u>
                                        Douglas M. Foley (VSB No. 34364)
                                        Sarah B. Boehm (VSB No. 45201)
                                        One James Center
                                        901 E. Cary Street
                                        Richmond, Virginia 23219
                                        (804) 775-1000

                                        Counsel for Debtors and Debtors
                                        in Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER SETTING AN EXPEDITED HEARING ON (I) DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 105 AND BANKRUPTCY RULE 9019, FOR ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND THE POST-PETITION DIRECTORS AND OFFICERS OF INTERTAN, INC. AND VENTOUX INTERNATIONAL, INC.; (II) CONSENT MOTION OF THE DEBTORS FOR ENTRY OF ORDER RESOLVING THE UNITED STATES CUSTOMS AND BORDER PROTECTION'S OBJECTION TO CONFIRMATION; AND (III) DEBTORS' MOTION FOR ORDER SHORTENING NOTICE PERIOD AND LIMITING NOTICE THEREOF**

Upon the motion (the "Motion to Expedite")[1] of the Debtors for an order, pursuant to Bankruptcy Code section 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), requesting an expedited hearing on the Motions; and the Court having reviewed the Motion to Expedite and the Motions; and the Court having determined that the relief requested in the Motion to Expedite is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion to Expedite has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion to Expedite is GRANTED.

2. A hearing will be held on September 8, 2010 at 10:00 a.m., prevailing Eastern Time, to hear and consider the Motions.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

1

3. Adequate notice of the relief sought in the Motion to Expedite has been given and no further notice is required.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Richmond, Virginia

_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

2

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley
                              Douglas M. Foley

**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653
et al.,                         :
                                :
                Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - -X
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and Local Bankruptcy Rule 9013-1(M), for an Order Setting an Expedited

1

Hearing (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

1.  I am a member of the Bar of this Court, and I have carefully examined these matters and concluded that there is a true need for an expedited hearing.

2.  The necessity for this expedited hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

3.  Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

/s/ Douglas M. Foley<br>
Douglas M. Foley

\16807964

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

2