Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                  :
In re:                            :      Chapter 11
                                  :
Circuit City Stores, Inc., et    :      Case No. 08-35653
al.,                              :      (KRH)
                                  :
                    Debtors.  :      (Jointly Administered)
- - - - - - - - - - - - - - - - x

**NOTICE OF FILING OF PROPOSED FINDINGS OF FACT,
CONCLUSIONS OF LAW AND ORDER CONFIRMING MODIFIED
SECOND AMENDED JOINT PLAN OF LIQUIDATION OF
CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND
DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF
CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

**PLEASE TAKE NOTICE** that on September 3, 2010, the
above-captioned debtors and debtors in possession and the
Official Committee of Creditors Holding General Unsecured
Claims filed their proposed Findings of Fact, Conclusions
of Law and Order Confirming Modified Second Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and its
Affiliated Debtors and Debtors in Possession and its
Official Committee of Creditors Holding General Unsecured
Claims (the "Proposed Order") in connection with the

hearing on confirmation of the plan, which is scheduled for
September 8, 2010 at 10:00 a.m.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed
Order is annexed hereto.

Dated: September 3, 2010   SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM, LLP
                                     Gregg M. Galardi, Esq.
                                     Ian S. Fredericks, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-0636
                                     (302) 651-3000

                                            - and -

                                     SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
                                     Chris L. Dickerson, Esq.
                                     155 North Wacker Drive
                                     Chicago, Illinois 60606
                                     (312) 407-0700

                                            - and -

                                     MCGUIREWOODS LLP

                                     /s/ Douglas M. Foley       .
                                     Douglas M. Foley (VSB No. 34364)
                                     Sarah B. Boehm (VSB No. 45201)
                                     One James Center
                                     901 E. Cary Street
                                     Richmond, Virginia 23219
                                     (804) 775-1000

                                     Counsel for Debtors and Debtors
                                     in Possession

\17196738

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
10100 Santa Monica Boulevard, 11th
Floor
Los Angeles, California 90067-4100

– and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

– and –

TAVENNER & BERAN, PLC
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street
Second Floor
Richmond, Virginia 23219

Counsel for the Creditors' Committee

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP
Douglas Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in
Possession

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

- - - - - - - - - - - - - - - - x
                                 :
In re:                           :        Chapter 11
                                 :
Circuit City Stores, Inc., <u>et</u>  :        Case No. 08-35653 (KRH)
<u>al</u>.,                          :
                                 :        (Jointly Administered)
                    Debtors.     :
- - - - - - - - - - - - - - - - x

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING
MODIFIED SECOND AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT
CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN
POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING
GENERAL UNSECURED CLAIMS**

Upon the Motion for Entry of an Order Approving (I)

the Disclosure Statement (the "Disclosure Statement") with

respect to the First Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors

In Possession and its Official Committee of Creditors Holding

General Unsecured Claims, (II) Notice of the Disclosure

Statement Hearing, (III) Hearing Date to Consider Confirmation

of the Plan, (IV) Procedures for Filing Objections to Plan, (V)

Voting Agent and Deadlines Related to Solicitation and

Confirmation, (VI) Procedures with Respect to Certain Claims and

(VII) Solicitation Procedures for Confirmation of the Plan (the

"Solicitation Procedures Motion") (Docket No. 4711) filed by the

Debtors and the official committee of creditors holding general

unsecured claims (the "Creditors' Committee" and together with

the Debtors, the "Plan Proponents"); and upon the order entered

on September 24, 2009 granting the Solicitation Procedures

Motion (the "Solicitation Procedures Order") (Docket No. 5090);

and the Plan Proponents having filed the Modified Second Amended

Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its Official

Committee of Creditors Holding General Unsecured Claims (as

amended and modified, the "Plan")[1], attached hereto as <u>Exhibit A</u>,

and certain exhibits to the Plan; and the Plan Proponents having

filed the Supplemental Disclosure With Respect to Second Amended

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings
      ascribed to such terms in the Solicitation Procedures Motion or the Plan.

Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims and

Notice of Deadline to Object to Confirmation (the "Supplement")

and the Court having considered the Plan Proponents Memorandum

of Law in Support of Confirmation of the Plan (the "Confirmation

Brief"); and the Court having held a hearing on September 8,

2010 pursuant to section 1129 of the Bankruptcy Code to consider

confirmation of the Plan (the "Confirmation Hearing"); and the

Court having heard the testimony of [____]; and the Court having

admitted into the record evidence adduced at the Confirmation

Hearing; and the Court having taken judicial notice of the

contents of the docket of the Chapter 11 Cases maintained by the

Clerk of the Court and/or its duly-appointed agent, including

all pleadings and other documents filed and orders entered

thereon; and after due deliberation thereon and good and

sufficient cause appearing therefor, it is hereby

   **FOUND AND DETERMINED THAT:**[2]

  A. <u>Jurisdiction; Venue; Core Proceeding (28 U.S.C.</u>

<u>§§ 157(b)(2) and 1334(a))</u>.  This Court has jurisdiction over the

Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue

---

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation

of the Plan is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(L), and this Court has jurisdiction to determine

whether the Plan complies with the applicable provisions of the

Bankruptcy Code and should be confirmed.

B.    Filing of Plan and Plan Exhibits.  On September

24, 2009, the Plan Proponents filed the First Amended Joint Plan

of Liquidation of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors In Possession and its Official Committee of

Creditors Holding General Unsecured Claims (the "First Amended

Plan") and the Disclosure Statement.  On November 5, 2009, the

Plan Proponents filed drafts of the Liquidating Trust Agreement

(Exhibit B to the First Amended Plan), the Non-Exclusive List of

Insurance Agreements (Exhibit C to the First Amended Plan) and

the Non-Exclusive List of Retained Causes of Actions (Exhibit D

to the First Amended Plan).[3]  On August 9, 2010, the Plan

Proponents filed the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors

In Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Second Amended Plan").  In

conjunction with filing the Second Amended Plan, the Plan

---

[3]  To the extent that drafts or summary descriptions of documents have been
filed with the Court in connection with the Plan, the draft documents will
be finalized pursuant to the Plan for execution and delivery.

Proponents filed revised versions of the Liquidating Trust
Agreement (Exhibit B to the Plan), which included the Bylaws for
the Liquidating Trust Oversight Committee (the "Oversight
Committee Bylaws"), the Non-Exclusive List of Insurance
Agreements (Exhibit C to the Plan) and the Non-Exclusive List of
Retained Causes of Action (Exhibit D to the Plan).

C.   In addition, concurrently with filing the Second
Amended Plan, the Plan Proponents filed the Supplement, attached
to which were an updated liquidation analysis (the "Liquidation
Analysis") and a redline showing modifications to the First
Amended Plan.

D.   As set forth in the Confirmation Brief and at the
Confirmation Hearing, the Plan Proponents have made certain
additional modifications to the Second Amended Plan, which
changes are incorporated in the Plan, attached hereto as Exhibit
A.

E.   Modification of First Amended Plan.  The Plan
revised the First Amended Plan by, among other things, providing
that InterTAN, Inc. ("InterTAN") and Ventoux International, Inc.
("Ventoux" and, together with InterTAN, the "Individual Debtors")
would not be consolidated with any of the other Debtors (the
"Consolidated Debtor") or with each other.  The Plan was further
modified to provide authorization for, and to make effectiveness
of the Plan contingent on, certain transactions designed to

5

facilitate the transfer of funds from the Debtors' Canadian subsidiaries to the Debtors. The Plan, as modified, also provides for the inclusion of Reserves, for the payment of the Landlord Guaranteed Claim Consolidation Amount to Holders of Landlord Guaranteed Claims, for the addition of certain language to resolve objections to confirmation of the Plan and certain other technical revisions.

F. <u>Transmittal of Solicitation Package</u>. On or before September 30, 2009, the Debtors caused the Solicitation Packages and other relevant notices to be served and distributed as required by the Solicitation Procedures Order, all as set forth in the Affidavit of Service of Evan Gershbein re: Solicitation Materials for the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims, filed on October 21, 2009 (Docket No. 5309) (the "Solicitation Declaration") filed by Kurtzman Carson Consultants, LLC ("KCC" or the "Voting Agent"). In particular, on or before September 30, 2009, the Debtors caused to be mailed (i) the Solicitation Package, including the applicable Ballot, to holders of Claims in Class 3 and Class 4 that were entitled to vote on the Plan, (ii) the Confirmation Hearing Notice and the Unimpaired Creditor Notice to Holders of Unimpaired Claims in Class 1 and Class 2, (iii) the Confirmation

Hearing Notice and the Notice of Non-Voting Status to Holders of
Claims and Interests in Classes 5, 6, 7 and 8, as well as
holders of Disputed Claims, (iv) the Solicitation Package,
without a Ballot, to those parties entitled to notice under this
Court's Supplemental Order Pursuant to Bankruptcy Code Sections
102 and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Amended
Notice, Case Management and Administrative Procedures (Docket No.
6208), and (v) the Confirmation Hearing Notice to over 360,000
parties listed on the Debtors' creditor matrix.

G.    Transmittal of Plan, Liquidating Trust Agreement,
Bylaws and Supplement.  On or about August 9, 2010, the Debtors
caused the Second Amended Plan, Liquidating Trust Agreement,
Bylaws and Supplement to be served and distributed as in
accordance with the Court's Order Approving Motion of the
Debtors and the Official Committee of Creditors Holding General
Unsecured Claims for Order Approving Limited Notice and Service
of Plan Documents (Docket No. 8242).  In particular, on or about
August 9, 2010, the Debtors caused to be mailed a CD containing
the Second Amended Plan, Liquidating Trust Agreement, Bylaws and
Supplement on (i) the Core Group (as defined in the Case
Management Order), (ii) the 2002 List (as defined in the Case
Management Order), (iii) all parties who filed objections to the
Disclosure Statement or to confirmation of the First Amended

Plan and (iv) all parties with outstanding Claims against any of Circuit City Stores West Coast Inc., Circuit City Stores PR LLC, InterTAN, Inc. or Ventoux International, or over 17,700 parties.

H.    Publication of Confirmation Hearing Notice.  The Debtors published the Confirmation Hearing Notice in: (i) The Wall Street Journal (Global Edition) on September 30, 2009, see Affidavit of Publication of Erin Ostenson in the Wall Street Journal (Docket No. 5218); (ii) The New York Times on September 29, 2009, see Affidavit of Publication of Alice Weber in the New York Times (Docket No. 5219); (iii) The Richmond Times-Dispatch on September 29, 2009, see Affidavit of Publication of Raymond W. McDowell in the Richmond Times-Dispatch (Docket No. 5324).

I.    Solicitation.  Votes for acceptance or rejection of the Plan were solicited in compliance with the Solicitation Procedures Order, sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other rules, laws, and regulations.  To the extent modifications to the Plan make it necessary for one or more of the Debtors to cast votes concerning the Plan, each such Debtor shall be deemed to have cast a vote to accept the Plan.

J.    Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with deadlines for voting on the Plan, has been given to,

among other parties, all known Holders of Claims entitled to
vote on the Plan.  No other or further notice is or shall be
required.

K.   Good Faith Solicitation (11 U.S.C. § 1125(e)).
All persons who solicited votes on the Plan, including any such
persons released pursuant to Article X.C. of the Plan, solicited
such votes in good faith and in compliance with the applicable
provisions of the Bankruptcy Code and are entitled to the
protections afforded by section 1125(e) of the Bankruptcy Code
as well as the exculpation and limitation of liability
provisions set forth in Article X.G. of the Plan.

L.   Voting Results.  On December 22, 2009, the Voting
Agent filed the Declaration of Evan Gershbein Regarding
Tabulation of Ballots with Respect to Vote on First Amended
Joint Plan of Liquidation of Circuit City Stores, Inc. and Its
Affiliated Debtors  (Docket No. 6188) (the "Voting Declaration"),
certifying the method and results of the ballot tabulation for
each of the Classes entitled to vote under the Plan (the "Voting
Classes").  As evidenced by the Voting Report and paragraph I of
this Order, all Voting Classes for which votes were received
have accepted the Plan with respect to each of the Debtors in
accordance with section 1126 of the Bankruptcy Code.

M.   All procedures used to tabulate the Ballots were
fair and reasonable and conducted in accordance with the

Solicitation Procedures Order, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

N.  Plan Modifications.  The Plan (including all modifications thereof) is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the clerk of the Bankruptcy Court simultaneously with the First Amended Plan satisfies Bankruptcy Rule 3016(b).

O.  The modifications to the First Amended and Second Amended Plans, as reflected in the Plan, are not material adverse modifications and are permissible under Bankruptcy Code section 1127(a) and (c).  Specifically, the Plan, including the modifications, complies with Bankruptcy Code sections 1122, 1123 and 1125.

P.  The modifications to the First Amended and Second Amended Plans, as reflected in the Plan, do not adversely change the treatment of the Claim of any Creditor and would not cause any Creditor to reconsider its acceptance of the Plan.

Q.  The modifications to the First Amended and Second Amended Plans, as reflected in the Plan, comply with Article XII.A. of the Plan

R.  Notwithstanding the modifications to the First Amended Plan, the Disclosure Statement contains adequate

information concerning the Plan and allowed a reasonable,
hypothetical creditor to make an informed judgment regarding the
Plan.

S.   Solicitation of the First Amended Plan is
sufficient as to the Plan and no re-solicitation of the Plan is
required under Bankruptcy Code section 1127 or Bankruptcy Rule
3019(a).  The Plan shall be deemed accepted by all Creditors who
previously accepted the First Amended Plan and, as set forth
herein, shall be deemed accepted by each Debtor to the extent
necessary.

T.   Burden of Proof.  As more fully set forth herein,
the Plan Proponents have met their burden of proving each of the
elements of sections 1129(a) and 1129(b) of the Bankruptcy Code
by a preponderance of the evidence, which is the applicable
evidentiary standard for the Confirmation.

U.   Plan Compliance with Bankruptcy Code (11 U.S.C.
§ 1129(a)(1)).  The Plan satisfies section 1129(a)(1) of the
Bankruptcy Code because it complies with the applicable
provisions of the Bankruptcy Code, including, but not limited to:
(a) the proper classification of Claims and Interests (11 U.S.C.
§§ 1122, 1123(a)(1)); (b) the specification of Unimpaired
Classes (11 U.S.C. § 1123(a)(2)); (c) the specification of
treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)); (d)
provision for the same treatment of each Claim or Interest

11

within a Class (11 U.S.C. § 1123(a)(4)); (e) provision for

adequate and proper means for implementation (11 U.S.C.

§ 1123(a)(5)); (f) the prohibition against the issuance of non-

voting equity securities (11 U.S.C. § 1123(a)(6)); (g) adequate

disclosure of the procedures for determining the identities and

affiliations of the Liquidating Trustee, the members of the

Liquidating Trust Oversight Committee, and the sole officer and

director of Ventoux (11 U.S.C. § 1123(a)(7)); and (h) additional

Plan provisions permitted to effectuate the liquidation of the

Chapter 11 Cases (11 U.S.C. § 1123(b)).

V.    The Plan Proponents have provided adequate

support for substantive consolidation of the Estates of the

Consolidated Debtors pursuant to the Global Plan Settlement (as

defined herein), including payment of the Landlord Guaranteed

Claim Consolidation Amount, and substantive consolidation is in

the best interests of the Debtors' Estates and Creditors.

W.    Plan Proponents' Compliance with Bankruptcy Code

(11 U.S.C. § 1129(a)(2)).    The Plan Proponents have complied

with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Solicitation Procedures Order, and other

orders of this Court, thereby satisfying section 1129(a)(2) of

the Bankruptcy Code.

X.    Plan Proposed in Good Faith (11 U.S.C.

§ 1129(a)(3)).    The Plan Proponents have proposed the Plan in

good faith and not by any means forbidden by law, thereby
satisfying section 1129(a)(3) of the Bankruptcy Code.  In
determining that the Plan has been proposed in good faith, the
Court has examined the totality of the circumstances surrounding
the filing of the Chapter 11 Cases, the formulation of the Plan
and all modifications thereto, including (without limitation)
the non-consolidation of InterTAN and Ventoux.  The Chapter 11
Cases were filed, and the Plan and all modifications thereto
were proposed, with the legitimate and honest purpose of
maximizing the value of the Debtors and the recovery to
Claimholders.  Therefore, the Plan Proponents have proposed the
Plan in good faith and not by any means forbidden by law, and
section 1129(a)(3) of the Bankruptcy Code is satisfied with
respect to the Plan.

Y.   Payments for Services or Costs and Expenses (11
U.S.C. § 1129(a)(4)).  Any payment made or to be made by the
Debtors (or the Liquidating Trustee) for services or for costs
and expenses in connection with the Chapter 11 Cases, including
Administrative Claims and Substantial Contribution Claims under
sections 503 and 507 of the Bankruptcy Code, or in connection
with the Plan and incident to the Chapter 11 Cases, either has
been approved by or is subject to the approval of the Court as
reasonable, thereby satisfying section 1129(a)(4) of the
Bankruptcy Code.

Z.   Board of Directors, Officers, and Insiders (11

U.S.C. § 1129(a)(5)).   The initial Liquidating Trustee shall be

Alfred H. Siegel.   The Confirmation Brief adequately discloses

the compensation to be provided to Mr. Siegel.

AA.   The initial members of the Liquidating Trust

Oversight Committee shall be Hewlett Packard Company, Simon

Property Group, Inc., Weidler Settlement Class, Paramount Home

Entertainment, Developers Diversified Realty Corp., Peter

Kravitz and Michelle O. Mosier.   The Liquidating Trust Agreement

and the Oversight Committee Bylaws adequately disclose the

compensation to be received by the members of the Liquidating

Trust Oversight Committee.

BB.   The sole director and officer of Ventoux shall be

Alan M. Jacobs.   The Confirmation Brief adequately discloses the

compensation to be provided to Mr. Jacobs.

CC.   The appointment to such office of each individual

or entity is consistent with the interests of Holders of Claims

against and Interests in the Debtors, and with public policy.

Therefore, section 1129(a)(5) of the Bankruptcy Code is

satisfied with respect to the Plan.

DD.   No Rate Changes (11 U.S.C. § 1129(a)(6)).

Section 1129(a)(6)of the Bankruptcy Code is satisfied because

the Plan does not provide for any change in rates over which a

governmental regulatory commission has jurisdiction.

EE.   Best Interests Test (11 U.S.C. § 1129(a)(7)).

The Liquidation Analysis attached as Appendix D to the

Supplement and Exhibit C to the Confirmation Brief and other

evidence proffered or adduced at the Confirmation Hearing

(1) are persuasive and credible, (2) are based upon reasonable

and sound assumptions, (3) provide a reasonable estimate of the

liquidation values of the Debtors upon hypothetical conversion

to cases under Chapter 7 of the Bankruptcy Code, and

(4) establish that each holder of a Claim or Interest in an

Impaired Class that has not accepted the Plan will receive or

retain under the Plan, on account of such Claim or Interest,

property of a value, as of the Effective Date, that is not less

than the amount that such holder would receive if the Debtors

were liquidated under Chapter 7 of the Bankruptcy Code on such

date.   Therefore, the Plan satisfies section 1129(a)(7) of the

Bankruptcy Code.

FF.   Acceptance By Certain Classes (11 U.S.C.

§ 1129(a)(8)).   Classes 1, 2 8B and 8C are Unimpaired by the

Plan and therefore, under section 1126(f) of the Bankruptcy Code,

such Classes are conclusively presumed to have accepted the Plan.

Further, each of Class 3A, and Classes 4A through 4C voted as a

Class to accept the Plan.   Accordingly, section 1129(a)(8) of

the Bankruptcy Code has been satisfied with respect to Classes 1

through 4, 8B and 8C.   Classes 5A, 6A, 7A and 8A are deemed to

reject the Plan and, therefore, section 1129(a)(8) of the
Bankruptcy Code has not been satisfied with respect to these
Classes.

GG.   <u>Treatment of Administrative and Priority Tax
Claims and Non-Tax Priority Claims (11 U.S.C. § 1129(a)(9))</u>.
The treatment of Administrative Claims and Non-Tax Priority
Claims under the Plan satisfies the requirements of section
1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment
of Priority Tax Claims under the Plan satisfies the requirements
of section 1129(a)(9)(C) of the Bankruptcy Code.

HH.   <u>Acceptance By Impaired Class (11 U.S.C.
§ 1129(a)(10))</u>.  At least one Impaired Class of Claims voted to
accept the Plan determined without including any acceptance of
the Plan by any "insiders."  Therefore, section 1129(a)(10) of
the Bankruptcy Code is satisfied with respect to the Plan.

II.   <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Plan
provides for the liquidation of all or substantially all of the
property of the Debtors.  The Disclosure Statement, the
Supplement, the Confirmation Brief, the Liquidation Analysis and
the evidence proffered or adduced at the Confirmation Hearing (i)
are persuasive and credible, (ii) have not been controverted by
other credible evidence or sufficiently challenged in any of the
objections to the Plan, and (iii) establish that the Plan is
feasible and that confirmation of the Plan is not likely to be

followed by the liquidation of the Debtors except as provided by the Plan or the need for further financial reorganization of the Debtors. Therefore, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

JJ.   Payment of Fees (11 U.S.C. § 1129(a)(12)). The Debtors have paid or, pursuant to the Plan, the Liquidating Trustee will pay by the Effective Date, fees payable under 28 U.S.C. § 1930, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

KK.   Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtors are not obligated to provide retiree benefits to any person. Accordingly, the requirements of section 1129(a)(13) of the Bankruptcy Code are satisfied.

LL.   Section 1129(b); Confirmation of The Plan Over Nonacceptance of Impaired Classes. Holders of Claims against or Interests in the Consolidated Debtors in Classes 5A, 6A, 7A and 8A are deemed to have rejected the Plan pursuant to 11 U.S.C. § 1126(g). All of the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8) with respect to such Classes, have been met. With respect to such Classes, no Holders of Claims against or Interests in the Consolidated Debtors junior to the Holders of such Classes will receive or retain any property under the Plan on account of such Claims or Interests. Finally, no Class of Claims or Interests senior to

17

Classes 5A, 6A, 7A or 8A is receiving property under the Plan
having a value more than the Allowed amount of such Claim or
Interest.  Accordingly, the Plan is fair and equitable and does
not discriminate unfairly, as required by section 1129(b) of the
Bankruptcy Code and may be confirmed under Bankruptcy Code
section 1129(b) notwithstanding such Classes' deemed rejection
of the Plan.

MM.  No Classes are deemed to reject the Plan with
respect to InterTAN and Ventoux and, accordingly, Bankruptcy
Code section 1129(b) is inapplicable to such Debtors.

NN.  Principal Purpose of Plan (11 U.S.C. § 1129(d)).
The principal purpose of the Plan is not the avoidance of taxes
or the avoidance of the application of section 5 of the
Securities Act of 1933 (15 U.S.C. § 77e).  Accordingly, the Plan
satisfies the requirements of section 1129(d) of the Bankruptcy
Code.

OO.  Plan Settlements.  In accordance with Bankruptcy
Rule 9019, the Plan is dependent upon and incorporates the terms
of a global plan settlement with respect to substantive
consolidation of the Estates of the Consolidated Debtors and
payment of the Landlord Guaranteed Claim Consolidation Amount
with respect to Allowed Landlord Guaranteed Claims (the "Global
Plan Settlement").  The Global Plan Settlement is fair and

reasonable and is in the best interests of the Consolidated Debtors and their Estates and Creditors.

PP.  Executory Contracts.  The Debtors have exercised reasonable business judgment in determining whether to assume or reject their executory contracts and unexpired leases pursuant to Article VII of the Plan.  Each rejection of an executory contract or unexpired lease (including licenses) pursuant to Article VII of the Plan, or determination not to reject pursuant to Exhibit C to the Plan shall be legal, valid and binding upon the Debtors and their assignees or successors and all non-Debtor parties (and their assignees or successors) to such executory contract or unexpired lease, all to the same extent as if such rejection had been effectuated pursuant to an order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

QQ.  Releases and Exculpation.  The Debtors have exercised reasonable business judgment in releasing Claims and Causes of Action set forth in Article X.C. of the Plan and providing for the exculpation set forth in Article X.G. of the Plan.  The releases of Claims and Causes of Action and exculpation described in Article X of the Plan constitute good faith compromises and settlements of the matters covered thereby, are otherwise approved by the Court as appropriate pursuant to applicable law and/or are consensual.  Such compromises and

19

settlements are (i) made in exchange for adequate consideration, (ii) in the best interests of the Debtors' Estates, Claimholders and other parties in interest, (iii) fair, equitable and reasonable, (iv) integral elements of the liquidation and resolution of the Chapter 11 Cases in accordance with the Plan, (v) supported by the Creditors' Committee and (vi) are otherwise approved by the Court as appropriate pursuant to applicable law.

RR.   Each of the release, injunction, indemnification and exculpation provisions set forth in the Plan: (a) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), (b), and (d); (b) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan; (d) confers a material benefit on, and is in the best interests of, the Debtors, their Estates and their Creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors; and (f) is consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.

SS.   Plan Conditions to Confirmation.   The conditions to Confirmation set forth in Article VIII.A. of the Plan have been satisfied or waived in accordance with the terms of the Plan.

20

TT.   <u>Plan Conditions to Effectiveness</u>.   Each of the conditions to the Effective Date, as set forth in Article VIII.B. of the Plan, is reasonably likely to be satisfied or waived in accordance with the terms of the Plan.

UU.   <u>Retention of Jurisdiction</u>.   The Court properly may retain jurisdiction over the matters set forth in Article XI of the Plan.

VV.   Based on the foregoing findings of fact and conclusions of law,[4] it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

**Confirmation of Plan**

1.   <u>Confirmation</u>.   The Plan, attached hereto as <u>Exhibit A</u>, including all Exhibits attached thereto, is approved and confirmed under section 1129 of the Bankruptcy Code.   The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.   <u>Notice</u>.   Notice of the Plan, the Exhibits, and all amendments and modifications thereto, the Disclosure Statement and the Solicitation Packages was proper and adequate.

3.   <u>Objections</u>.   All Objections and all reservations of rights that have not been withdrawn, waived or settled,

---

[4]   Statements made by the Court from the bench at the Confirmation Hearing shall constitute additional conclusions of law and findings of fact as appropriate.

pertaining to the Confirmation of the Plan are overruled on the merits.

4.   <u>Effectiveness of All Actions</u>.  All actions contemplated by the Plan are hereby authorized and approved in all respects (subject to the provisions of the Plan).  The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of any Debtor, the Liquidating Trust, the Liquidating Trustee or any officer or director thereof to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.  Pursuant to this Order and applicable law, the Debtors, without action of their respective stockholders or members or boards of directors or managers and the Liquidating Trust are authorized and empowered to take any and all such actions as any of their executive officers, the Plan Proponents or the Liquidating Trustee may determine are necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

5.   <u>Exemption from Stamp Taxes</u>.  Pursuant to Bankruptcy Code section 1146(c), any transfers from any of the Consolidated Debtors to the Liquidating Trust or by the Debtors to any other Entity pursuant to the Plan in the United States

shall not be subject to any stamp tax or similar tax.  State or local governmental officials or agents are hereby directed to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any applicable instruments or documents without the payment of any such tax or governmental assessment.

6.   <u>Vesting of Assets and Operation as of the Effective Date</u>.  Except as otherwise explicitly provided in the Plan, on the Effective Date, all property comprising the Estates of the Consolidated Debtors (including all retained Causes of Action and Interests in Ventoux) shall vest in the Liquidating Trust, free and clear of all Liens, Claims, encumbrances, and other interests.  As of the Effective Date, the Liquidating Trust may manage, distribute, use, acquire, and dispose of property vested in the Liquidating Trust and settle and compromise Claims against the Consolidated Debtors without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions imposed by the Plan, this Confirmation Order or the Liquidating Trust Agreement.

7.   Except as otherwise explicitly provided in the Plan, on the Effective Date, the property of Ventoux's Estate, including Ventoux's Assets and Causes of Action, shall revest in Ventoux, free and clear of all Liens, Claims, encumbrances, and

other interests.   As of the Effective Date, Ventoux may manage,

distribute, use, acquire, and dispose of property vested in

Ventoux and settle and compromise Claims against Ventoux without

supervision of the Bankruptcy Court, free of any restrictions of

the Bankruptcy Code or Bankruptcy Rules, other than those

restrictions imposed by the Plan, this Confirmation Order or the

Liquidating Trust Agreement.

      8.   Except as otherwise explicitly provided in the

Plan, on the Effective Date, the property of the InterTAN,

including InterTAN's Assets and Causes of Action, shall vest in

Tourmalet, free and clear of all Liens, Claims, encumbrances,

and other interests.

### Assumption and Rejection of Executory Contracts and Unexpired Leases

      9.   <u>Executory Contracts and Unexpired Leases</u>.   On the

Effective Date, all executory contracts or unexpired leases of

the Debtors,[5] other than those listed on Exhibit C to the Plan or

those which have been previously assumed and rejected or are

subject to a motion to assume or reject pending as of the date

hereof, shall be deemed automatically rejected as of the date of

the entry of this Confirmation Order (the "Confirmation Date")

(but subject to the occurrence of the Effective Date), and

---

[5] For the avoidance of doubt, such executory contracts and unexpired leases
do not include any post-petition contracts or leases entered into by the
Debtors as debtors in possession.

subject to the provisions and requirements of sections 365 and

1123 of the Bankruptcy Code.

### Bar Dates and Other Deadlines

10.  The bar dates and deadlines set forth in the Plan

are hereby approved, including but not limited to the following:

(a) <u>Final Administrative Claims Bar Date and
Administrative Claims Objection Deadline</u>.  Except as otherwise
provided in Article IX of the Plan, requests for payment of an
Administrative Claim that arises from and after January 1, 2010
up to and through the Effective Date must be filed with the
Bankruptcy Court and served on counsel for the Liquidating Trust
no later than sixty (60) days after the Effective Date (the
"Final Administrative Claims Bar Date").  All objections to
Administrative Claims must be filed and served on the Holders of
such Administrative Claims by the date that is one hundred
twenty (120) days after the Effective Date (the "Administrative
Claims Objection Deadline"), as the same may be extended by the
Bankruptcy Court pursuant to the Plan.

(b) <u>Claims Objection Deadline</u>.  Except as set
forth in the Plan with respect to Administrative Claims, all
objections to Claims must be filed and served on the Holders of
such Claims by the date that is one hundred eighty (180) days
after the Effective Date (the "Claims Objection Deadline"), as
the same may be extended by the Bankruptcy Court.

(c) <u>Professional Claims and Final Fee
Applications</u>.  The Final Fee Applications must be filed no later
than forty-five (45) days after the Effective Date.  Objections,
if any, to Final Fee Applications of Professionals must be filed
and served on the Liquidating Trustee and its respective counsel,
the requesting Professional and the Office of the U.S. Trustee
no later than forty-five (45) days from the date on which each
such Final Fee Application is served and filed.  After notice
and a hearing in accordance with the procedures established by
the Bankruptcy Code and prior orders of the Bankruptcy Court,
the allowed amounts of such Professional Fee Claims shall be
determined by the Court.

(d) <u>Rejection Damages Bar Date</u>.  Except as
otherwise provided in the Plan, if the rejection of an executory
contract or unexpired lease pursuant to the Plan gives rise to a

25

Claim against the Debtors by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the applicable Debtor or its Estate, the Liquidating Trust, or their respective successors or properties unless a Proof of Claim is filed with the Claims Agent within thirty (30) days after service of a notice of the Effective Date.

**Liquidating Trust**

11.  <u>Formation of and Provisions Regarding The Liquidating Trust</u>.  The formation, rights, powers, duties, structure, obligations, and related matters pertaining to the Liquidating Trust shall be governed by Article V of the Plan and the Liquidating Trust Agreement.  The Liquidating Trust Agreement (which such agreement shall be substantially in the form of filed with the Court on August 9, 2010) is hereby approved.

12.  <u>Transfer of Trust Assets</u>.  On the Effective Date, the Liquidating Trust Assets shall be transferred to the Liquidating Trust in accordance with the Plan and the Liquidating Trust Agreement for the benefit of the Trust Beneficiaries (as defined in the Liquidating Trust Agreement).

13.  <u>Approval of Liquidating Trustee</u>.  The appointment of Alfred H. Siegel of Crowe Horwath LLP as the Liquidating Trustee under the Liquidating Trust Agreement and the Plan is hereby approved, and the Liquidating Trustee is hereby authorized to carry out all duties as set forth in the Plan, the Liquidating Trust Agreement, and this Confirmation Order.

26

14. <u>Liquidating Trust Oversight Committee</u>.  The Court approves the appointment of Hewlett Packard Company, Simon Property Group, Inc., Weidler Settlement Class, Paramount Home Entertainment, Developers Diversified Realty Corp., Peter Kravitz and Michelle O. Mosier as members of the Liquidating Trust Oversight Committee.  The Liquidating Trust Oversight Committee is hereby authorized to carry out all duties as set forth in the Plan, the Liquidating Trust Agreement, the Oversight Committee Bylaws and this Confirmation Order.  The Liquidating Trust Oversight Committee shall be governed by the Plan, the Liquidating Trust Agreement and the Oversight Committee Bylaws.

15.  The Liquidating Trustee, as Disbursing Agent, shall be required to post a bond in an initial amount mutually agreed to by the Consolidated Debtors and the Creditors' Committee.

16.  Notwithstanding anything contained in the Plan or herein to the contrary, subject to any subsequent order of this Court, the transfer and conveyance of all Assets of each of the Debtors and its Estates to the Liquidating Trust on the Effective Date shall be without prejudice to the rights of Ryan, Inc. f/k/a Ryan & Company, Inc. to seek a determination that it owns or possesses an interest, or portion thereof, in certain contingent Assets, only if and after they become Assets, and the

right for such a determination shall be and hereby is preserved in its entirety and jurisdiction of such a determination is specifically retained by this Court.

### Approval of Sole Director and Officer of Ventoux

17.  The appointment of Alan M. Jacobs of AJM Advisors LLC as the sole director and officer of Ventoux, as of the Effective Date, under the Plan is hereby approved, and Mr. Jacobs is hereby authorized to carry out all duties as set forth in the Plan and this Confirmation Order, including (without limitation) amending and restating Ventoux's charter and bylaws to be consistent with the Plan, the Confirmation Order and the Liquidating Trust Agreement.

### Global Plan Settlement and Substantive Consolidation

18.  The Global Plan Settlement and the terms thereof, including substantive consolidation of the Consolidated Debtors and payment of the Landlord Guaranteed Claim Consolidation Amount, as set forth in the Plan, are hereby approved pursuant to Bankruptcy Rule 9019 as fair, equitable, and prudent, are in the best interests of the Consolidated Debtors and their Estates and Creditors, are binding upon all Entities affected thereby, and shall be effectuated in accordance with the terms thereof.

19.  The Estates of the Consolidated Debtors shall be substantively consolidated as set forth in the Plan.  On the Effective Date, pursuant to the Global Plan Settlement, (i) all

Intercompany Claims by, between and among the Consolidated Debtors shall be eliminated, (ii) all assets and liabilities of the Consolidated Debtors shall be merged or treated as if they were merged with the assets and liabilities of Circuit City, (iii) any obligation of a Consolidated Debtor and all guarantees thereof by one or more of the other Consolidated Debtors, including the Landlord Guaranty Claims, shall be deemed to be one obligation of Circuit City, (iv) the Interests in the Consolidated Debtors shall be cancelled, and (v) each Claim filed or to be filed against any Consolidated Debtor shall be deemed filed only against Circuit City and shall be deemed a single Claim against and a single obligation of Circuit City.

20.  On the Effective Date, in accordance with the terms of the Plan, including the Global Plan Settlement, and the consolidation of the assets and liabilities of the Consolidated Debtors, all Claims based upon guarantees of collection, payment, or performance made by any Consolidated Debtor as to the obligations of another Consolidated Debtor, including the Landlord Guaranty Claims, shall be released and of no further force and effect; provided, however, that on the Effective Date, an Allowed Landlord Guaranteed Claim shall be deemed to have a value equal to the Landlord Guaranteed Claim Consolidation Amount.

21.  The foregoing (x) shall not affect the rights of
any Holder of a Miscellaneous Secured Claim with respect to the
Collateral securing its Claim, or the terms and implementation
of any settlement, and the rights and obligations of the parties
thereto, entered into in connection with the confirmation of the
Plan and (y) shall not, and shall not be deemed to, prejudice
the Causes of Action and the Avoidance Actions (subject to the
releases set forth in Article X of the Plan), which shall
survive entry of this Order for the benefit of the Debtors and
their Estates, as if there had been no substantive consolidation.

**Discharge, Releases and Injunctions**

22.  <u>No Discharge of Debtors</u>.  Pursuant to Bankruptcy
Code section 1141(d)(3), Confirmation will not discharge Claims
against the Debtors; <u>provided</u>, <u>however</u>, that no Claimholder or
Interest Holder may, on account of such Claim or Interest, seek
or receive any payment or other distribution from, or seek
recourse against, any of the Debtors' Estates, the Liquidating
Trust, the Liquidating Trustee and/or their respective
successors, assigns and/or property, except as expressly
provided in the Plan.

23.  <u>Releases, Limitations of Liability and
Indemnification</u>.  The release set forth in Article X.C. of the
Plan, the exculpation and limitation of liability provisions set
forth in Article X.G. and the indemnification obligation

provision set forth in Article X.H of the Plan are incorporated

in this Confirmation Order as if set forth in full herein and

are hereby approved and shall be, and hereby are, effective and

binding, subject to the respective terms thereof, on all persons

and entities to the extent set forth therein, and no person or

entity shall possess such standing to assert released Claims or

Causes of Action after the Effective Date.

24. In particular, as of the Effective Date, for good

and valuable consideration, the adequacy of which is hereby

confirmed, the Debtors (in their individual capacities and as

debtors and debtors in possession) will be deemed to release

forever, waive, and discharge all claims, obligations, suits,

judgments, damages, demands, debts, rights, causes of action,

and liabilities (other than the rights of the Debtors to enforce

the Plan and the contracts, instruments, releases, indentures,

and other agreements or documents delivered hereunder, and

liabilities arising after the Effective Date in the ordinary

course of business) whether liquidated or unliquidated, fixed or

contingent, matured or unmatured, known or unknown, foreseen or

unforeseen, then existing or thereafter arising, in law, equity,

or otherwise that are based in whole or part on any act omission,

transaction, event, or other occurrences, except where resulting

from willful misconduct or gross negligence as determined by a

Final Order of a court of competent jurisdiction, (i) taking

place on or after the Petition Date through and including the
Effective Date in connection with, relating to, or arising out
of the Debtors, the Chapter 11 Cases, the negotiation and filing
of the Plan, the Disclosure Statement or any prior plans of
reorganization, the filing of the Chapter 11 Cases, the pursuit
of confirmation of the Plan or any prior plans of reorganization,
the consummation of the Plan, the administration of the Plan, or
the property to be liquidated and/or distributed under the Plan,
(ii) in connection with, relating to, or arising out of the
Initial Store Closings and/or the negotiation of the DIP
Agreements or the DIP Facility or (iii) taking place on or after
the Petition Date through and including the Effective Date, in
connection with, relating to, or arising out of (a) Canadian
taxes owed by the Canadian Debtors or the Debtors that became
due or arose on or after the Petition Date or (b) the Canada
Revenue Agency Ruling and the transactions contemplated thereby,
and that could have been asserted by or on behalf of the Debtors
or their Estates, including pursuant to principles of
substantive consolidation, piercing the corporate veil, alter
ego, domination, constructive trust and similar principles of
state or federal creditors' rights laws, in any such case,
against the Released Parties; provided, however, that,
notwithstanding the foregoing, nothing in this paragraph shall
be deemed to release, waive or discharge claims, obligations,

32

suits, judgments, damages, demands, debts, rights, causes of
action, or liabilities against the directors and officers of the
Individual Debtors in connection with, relating to, or arising
out of any tax liability under French law relating to InterTAN
Canada, the French permanent establishment of InterTAN Canada,
or InterTAN France, or any aspect thereof.

25.  Notwithstanding the foregoing, nothing in the Plan
or in the Confirmation Order is intended to or shall be deemed
in any way to affect any releases, waivers, or discharges
provided by the Final DIP Order.

26.  In addition, except as otherwise specifically
provided in the Plan, the Debtors, the Liquidating Trustee, the
Liquidating Trust, the Creditors' Committee, the members of the
Creditors' Committee solely in their capacity as such, the
Oversight Committee, the member of the Oversight Committee
solely in their capacity as such, and any of the foregoing
parties' respective present or former members, officers,
directors, employees, advisors, attorneys, representatives,
financial advisors, investment bankers, agents or other
Professionals and any of such parties' successors and assigns,
solely in their capacities as such, shall not have or incur any
liability for any claim, action, proceeding, cause of action,
Avoidance Action, suit, account, controversy, agreement, promise,
right to legal remedies, right to equitable remedies, right to

payment, or Claim (as defined in Bankruptcy Code Section 101(5)),
whether known, unknown, reduced to judgment, not reduced to
judgment, liquidated, unliquidated, fixed, contingent, matured,
unmatured, disputed, undisputed, secured, or unsecured and
whether asserted or assertable directly or derivatively, in law,
equity, or otherwise to one another or to any Claimholder or
Interest Holder, or any other party in interest, or any of their
respective agents, employees, representatives, advisors,
attorneys, or affiliates, or any of their successors or assigns,
for any act or omission originating or occurring (i) on or after
the Petition Date through and including the Effective Date in
connection with, relating to, or arising out of the Debtors, the
Chapter 11 Cases, the negotiation and filing of the Plan, the
Disclosure Statement or any prior plans of reorganization, the
filing of the Chapter 11 Cases, the pursuit of confirmation of
the Plan or any prior plans of reorganization, the consummation
of the Plan, the administration of the Plan, or the property to
be liquidated and/or distributed under the Plan, (ii) in
connection with, relating to, or arising out of the Initial
Store Closings and/or the negotiation of the DIP Agreements or
the DIP Facility or (iii) taking place on or after the Petition
Date through and including the Effective Date, in connection
with, relating to, or arising out of (a) Canadian taxes owed by
the Canadian Debtors or the Debtors that became due or arose on

34

or after the Petition Date or (b) the Canada Revenue Agency

Ruling and the transactions contemplated thereby, except for

their willful misconduct or gross negligence as determined by a

Final Order of a court of competent jurisdiction, and in all

respects shall be entitled to rely reasonably upon the advice of

counsel with respect to their duties and responsibilities under

the Plan; provided, however, that, notwithstanding the foregoing,

nothing in this paragraph shall be deemed to exculpate, release,

waive or discharge any claim, action, proceeding, cause of

action, Avoidance Action, suit, account, controversy, agreement,

promise, right to legal remedies, right to equitable remedies,

right to payment, or Claim (as defined in Bankruptcy Code

Section 101(5)) against the directors and officers of the

Individual Debtors in connection with, relating to, or arising

out of any tax liability under French law relating to InterTAN

Canada, the French permanent establishment of InterTAN Canada,

or InterTAN France, or any aspect thereof.

27. Except as otherwise provided in the Plan or any

contract, instrument, release, or other agreement or document

entered into in connection with the Plan, any and all

indemnification obligations that the Debtors have pursuant to a

contract, instrument, agreement, certificate of incorporation,

by-law, comparable organizational document or any other document,

or applicable law, including the Indemnification Obligations,

35

shall be rejected as of the Effective Date, to the extent
executory.  Nothing in the Plan shall be deemed to release the
Debtors' insurers from any claims that might be asserted by
counter-parties to contracts or agreements providing the
indemnification by and of the Debtors, to the extent of
available coverage.

28. <u>Injunctions</u>.  Except as otherwise specifically
provided in the Plan and except as may be necessary to enforce
or remedy a breach of the Plan, from and after the Effective
Date all Entities who have held, hold or may hold Claims against
or Interests in the Debtors are permanently enjoined from taking
any of the following actions against the Estate(s), the
Liquidating Trust, the Liquidating Trustee, or any of their
property on account of any such Claims or Interests:  (A)
commencing or continuing, in any manner or in any place, any
action or other proceeding; (B) enforcing, attaching, collecting,
or recovering in any manner any judgment, award, decree or order;
(C) creating, perfecting, or enforcing any lien or encumbrance;
(D) asserting a setoff, right of subrogation, or recoupment of
any kind against any debt, liability, or obligation due to the
Debtors, except as set forth in Article VI.H.2. of the Plan; and
(E) commencing or continuing, in any manner or in any place, any
action that does not comply with or is inconsistent with the
provisions of the Plan, all to the fullest extent permissible

under applicable law, including to the extent provided for or authorized by Article X.D. of the Plan and sections 524 and 1141 of the Bankruptcy Code.

### Plan Modifications

29. <u>Modifications to Plan</u>.  The modifications to the First Amended Plan incorporated in the Plan, including (without limitation) the non-consolidation of InterTAN and Ventoux, the addition of certain provisions with respect to the transactions contemplated by the Canada Revenue Ruling, the inclusion of Reserves and the Landlord Guaranteed Claim Consolidation Amount, were made in a manner consistent with Article XII.A. of the Plan and constitute changes that do not materially adversely modify the treatment of any Claims or Interests.  The Plan Proponents have complied with the requisite consent provisions of the Plan in connection with such modifications.  Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

30. <u>Additional Plan Modifications</u>: The following modifications to the Plan have been made in a manner consistent with Article XII.A. of the Plan and constitute technical changes

that do not materially adversely modify the treatment of any

Claims or Interests.   The Debtors have complied with the

requisite consent provisions of the Plan in connection with such

modifications.   Accordingly, pursuant to Bankruptcy Rule 3019,

these modifications do not require additional disclosure under

section 1125 of the Bankruptcy Code or re-solicitation of votes

under section 1126 of the Bankruptcy Code, nor do they require

that holders of Claims be afforded an opportunity to change

previously cast acceptances or rejections of the Plan.   At the

request of the Plan Proponents, the Plan is hereby modified

pursuant to section 1127(a) of the Bankruptcy Code as set forth

below:

(i)   Article V.B.8 is revised as follows:

> From and after the Effective Date, notwithstanding
> anything to the contrary in the Plan, ~~the Debtors
> shall be deemed to have suspended and terminated their
> further reporting obligations with the Securities and
> Exchange Commission and their statutory or regulatory
> obligations as a publicly traded company and shall be
> deemed to have deregistered the Debtors' public
> securities and consented to revocation of the
> registration of the Debtors' securities pursuant to
> Section 12(j) of the Exchange Act.   To~~to the extent
> required by the Securities and Exchange Commission or
> other regulatory agency, the Liquidating Trustee shall
> take any and all actions necessary to evidence the
> suspension of the Debtors' further reporting
> obligations with the Securities and Exchange
> Commission or their statutory or regulatory
> obligations as a publicly traded company, including,
> but not limited to, seeking to deregister the Debtors'
> public securities or consenting to an action or
> proceeding to revoke the registration of the Debtors'
> securities pursuant to Section 12(j) of the Exchange

Act.

(ii)    Article XII.E. is revised as follows:

Notwithstanding anything to the contrary in the Plan,
the Plan shall not be construed to preclude the
Securities and Exchange Commission from taking any
action in any forum against any Entity that is
required for the Securities and Exchange Commission to
fulfill its statutory duties.

(iii)   Article III.B.1 is revised as follows:

If an Allowed Miscellaneous Secured Claim is secured
by property the value of which is greater than the
amount of such Allowed Miscellaneous Secured Claim,
the Holder of such Allowed Miscellaneous Secured Claim
shall be paid interest on the Allowed Miscellaneous
Secured Claim to the extent provided by Bankruptcy
Code section 506(b) at the rate of interest determined
under applicable nonbankruptcy law as of the calendar
month in which Confirmation occurs and, to the extent
provided by Bankruptcy Code section 506(b), such
reasonable fees, costs or charges as are provided for
under the agreement or State statute under which such
Allowed Miscellaneous Secured Claim arose.

(iv)    Article V.B.3 is revised as follows:

Except as expressly provided in Article XI of the
Liquidating Trust Agreement, Ventoux shall continue to
exist for all purposes to the same extent as it
existed prior to the Effective Date.   [_____]Alan M.
Jacobs shall be the sole director and officer of
Ventoux from and after the Effective Date.

(v)    Article V.B.4 is revised to include the following:

From and after the Ventoux Effective Date, Ventoux
shall not issue any non-voting securities and the
prohibition on issuance of non-voting securities shall
be deemed to be included in the charter of Ventoux.

(vi)    Article V.E.4 is revised as follows:

On the Effective Date, the Liquidating Trustee shall
fund the Liquidating Trust Operating Reserve in thean
amount of $[____], which the Plan Proponents reasonably

believe to be sufficient to pay the fees and expenses
of the Liquidating Trustee and the Liquidating Trustee
Professionals, in light of any anticipated recovery
from the sale of assets of the Estates and/or Causes
of Action.

**Resolution of Objections**

31.  All objections to confirmation of the Plan
(including to confirmation of the First Amended or Second
Amended Plan) not previously resolved or withdrawn are hereby
overruled in their entirety.

**Notice and Other Provisions**

32.  Notice of Confirmation Order and Occurrence of
Effective Date.  On or before the fourteenth (14th) day following
the occurrence of the Effective Date, the Plan Proponents shall
serve notice of entry of this Confirmation Order and occurrence
of the Effective Date pursuant to Bankruptcy Rules 2002(f)(7),
2002(k), and 3020(c), on (a) the U.S. Trustee; (b) the Internal
Revenue Service; (c) the Securities and Exchange Commission; (d)
counsel to the Creditors' Committee and its members; (e) all
Holders of Claims against and Interests in the Debtors; and (f)
other parties in interest, by causing a notice of this
Confirmation Order and the occurrence of the Effective Date in
substantially the form of the notice annexed hereto as Exhibit B
(the "Notice of Effective Date"), which form is hereby approved,
to be delivered to such parties by first class mail, postage
prepaid.

33.  The Notice of Effective Date shall also be
published in (i) The Wall Street Journal (Global Edition), (ii)
The New York Times, and (iii) The Richmond Times-Dispatch.

34.  Notice need not be given or served under the
Bankruptcy Code, the Bankruptcy Rules, or this Confirmation
Order to any Person to whom the Plan Proponents mailed a
Confirmation Hearing Notice or other notice, but received such
notice returned marked "undeliverable as addressed," "moved –
left no forwarding address," "forwarding order expired," or
similar reason, unless the Debtors have been informed in writing
by such Person of that Person's new address.  The notice
described herein is adequate and appropriate under the
particular circumstances of the Chapter 11 Cases, and no other
or further notice is necessary.

35.  Failure to Consummate Plan and Substantial
Consummation.  If the Effective Date does not occur, then the
Plan, any settlement or compromise embodied in the Plan
(including the fixing or limiting to an amount certain any Claim
or Class of Claims), the assumption or rejection of executory
contracts or unexpired leases effected by the Plan, and any
document or agreement executed pursuant to the Plan, shall be
null and void.  In such event, nothing contained in the Plan or
this Confirmation Order, and no acts taken in preparation for
consummation of the Plan, shall, or shall be deemed to, (a)

41

constitute a waiver or release of any Claims by or against or

Interests in the Debtors or any other Person, (b) prejudice in

any manner the rights of the Debtors or any Person in any

further proceedings involving the Debtors, (c) constitute an

admission of any sort by the Debtors or any other Person, or (d)

be construed as a finding of fact or conclusion of law with

respect thereto.

36. References to Plan Provisions.  The failure to

include or specifically reference any particular provision of

the Plan in this Confirmation Order shall not diminish or impair

the effectiveness of such provision, it being the intent of the

Court that the Plan be confirmed in its entirety.

37. Exhibits.  Each reference to a document, agreement

or summary description in this Confirmation Order, in the

Findings of Fact and Conclusions of Law, or in the Plan that is

in the form attached as an Exhibit to the Plan shall be deemed

to be a reference to such document, agreement or summary

description in substantially the form of the latest version of

such document, agreement or summary description filed with the

Court (whether filed as an attachment to the Plan or filed

separately).

38. Plan and Confirmation Order Mutually Dependent.

The provisions of this Confirmation Order and the provisions of

the Plan are hereby deemed nonseverable and mutually dependent.

39. <u>Confirmation Order Supersedes</u>.  It is hereby
ordered that this Confirmation Order shall supersede any orders
of this Court issued prior to the Confirmation Date that may be
inconsistent with this Confirmation Order.

40. <u>Conflicts Between Confirmation Order and Plan</u>.
The provisions of the Plan and of this Confirmation Order shall
be construed in a manner consistent with each other so as to
effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is
determined to be any inconsistency between any Plan provision
and any provision of this Confirmation Order that cannot be so
reconciled, then, solely to the extent of such inconsistency,
the provisions of this Confirmation Order shall govern and any
such provision of this Confirmation Order shall be deemed a
modification of the Plan and shall control and take precedence.

41. <u>Retention of Jurisdiction</u>.  Pursuant to sections
105(a) and 1142 of the Bankruptcy Code, and notwithstanding the
entry of this Confirmation Order or the occurrence of the
Effective Date, this Court, except as otherwise provided in the
Plan or herein, shall retain exclusive jurisdiction over all
matters arising out of, and related to, the Chapter 11 Cases and
the Plan to the fullest extent permitted by law, including, but
not limited to, the matters set forth in Article XI of the Plan.

42. <u>Final Order</u>.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

43. <u>Waiver of Stay of Confirmation Order</u>.  The provisions of Federal Rule of Civil Procedure 62(a) and Bankruptcy Rules 7062 and 3020(e) shall not apply to this Confirmation Order on or after 12:01 a.m. on [_____], 2010, and the Plan Proponents are authorized to consummate the Plan at any time thereafter.

Dated:  Richmond, Virginia
         _____, 2010


        _____
        UNITED STATES BANKRUPTCY JUDGE



WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

[DRAFT]
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
JeffreyN. Pomerantz, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

              - and -

TAVENNER & BERAN, PLC

[DRAFT]
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Counsel for the Creditors' Committee


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed by
or served upon all necessary parties.

                    [DRAFT]

**Exhibit A**
**(Plan)**

**[Intentionally Omitted]**

**Exhibit B**
**(Notice of Effective Date)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - - x
                                :
In re:                          :        Chapter 11
                                :
Circuit City Stores, Inc., et   :        Case No. 08-35653 (KRH)
al.,                            :
                                :        (Jointly Administered)
                    Debtors.    :
- - - - - - - - - - - - - - - - x
```

**NOTICE OF (I) CONFIRMATION OF MODIFIED SECOND AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, (II) THE OCCURRENCE OF THE EFFECTIVE DATE AND (III) THE DEADLINES FOR FILING ADMINISTRATIVE CLAIMS, FINAL FEE APPLICATIONS AND REJECTION DAMAGES CLAIMS**

**PLEASE TAKE NOTICE** that on **[_____]**, 2010, the United States Bankruptcy Court for the Easter District of Virginia, Richmond Division (the "Bankruptcy Court"), entered the Findings of Fact, Conclusions of Law and Order Confirming the Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (Docket No. ___, the "Confirmation Order") in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors").[1]  Pursuant to the Confirmation Order, this Court confirmed the Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"),[2] which confirmed Plan was attached to the Confirmation Order.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[2]  Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE** that on **[_____]**, 2010, the Effective Date under the Plan occurred.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Plan and the Confirmation Order, and except as otherwise provided in Article IX of the Plan, requests for payment of an Administrative Claim that arose on and after January 1, 2010 up to and through the Effective Date must be filed with the Bankruptcy Court in accordance with the instructions set forth below and served on counsel for the Liquidating Trust at the address set forth below by **no later than [____], 2010**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Plan and the Confirmation Order, Final Fee Applications must be filed with the Bankruptcy Court in accordance with the instructions set forth below and served on counsel for the Liquidating Trust and the Office of the United States Trustee at the addresses set forth below by **no later than [____], 2010**.

**PLEASE TAKE FURTHER NOTICE** that Administrative Claims and Final Fee Applications must be filed in writing with the Bankruptcy Court at:

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street, Suite 4000
> Richmond, Virginia 23219,

or electronically at www.vaeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the address for counsel for the Liquidating Trust and the Office of the United States Trustee are as follows:

Counsel to the Liquidating Trust:

> Douglas M. Foley, Esq.
> Sarah B. Boehm, Esq.
> McGuireWoods LLP
> One James Center
> 901 E. Cary Street
> Richmond, Virginia 23219

> – and –

> Lynn L. Tavenner, Esq.
> Paula S. Beran, Esq.
> TAVENNER & BERAN, PLC
> 20 North Eighth Street
> Second Floor
> Richmond, VA 23219

2

– and –

Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Email:  rpachulski@pszjlaw.com
        jpomerantz@pszjlaw.com

– and –

Robert J. Feinstein, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Email:   rfeinstein@pszjlaw.com

Office of the United States Trustee:

Office of the United States Trustee for the
Eastern District of Virginia
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(Attn: Robert B. Van Arsdale)

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order
constitutes an order under Bankruptcy Code section 365 rejecting
all pre-petition executory contracts (including (without
limitation) any and all indemnification obligations that the
Debtors have pursuant to a contract, instrument, agreement,
certificate of incorporation, by-law, comparable organizational
document or any other document, or applicable law, including the
Indemnification Obligations) and unexpired leases (collectively,
the "Rejected Contracts and Leases") to which any Debtor is a
party, to the extent such contracts or leases are executory
contracts or unexpired leases, on the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Plan
and the Confirmation Order, all Claims arising from the
rejection of the Rejected Contracts and Leases pursuant to the
Plan and the Confirmation Order must be filed with the Court-
appointed claims agent at the following address by **no later than
[____], 2010**:

Circuit City Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

3

**PLEASE NOTE:  Proofs of Claim MAY NOT be faxed or emailed.**

        **PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Confirmation Order, any exhibits thereto, and a copy of the Proof of Claim form, the entire docket of the Debtors' cases, and other relevant case information are publicly available by accessing the Debtors' case information website at www.kccllc.net/circuitcity and may also be obtained, upon reasonable written request from the Claims Agent at:

Kurtzman Carson Consultants LLC
Attn: Circuit City Stores, Inc., et al.
2335 Alaska Avenue
El Segundo, CA 90245
Tel: (888) 830-4650

Dated: [__], 2010,
      Richmond, Virginia

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>(302) 651-3000 | PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, CA 90067-4100 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, IL 60606<br>(312) 407-0700 | PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 |
| MCGUIREWOODS LLP<br>Douglas Foley (VSB No. 34364)<br>Sarah B. Boehm (VSB No. 45201)<br>One James Center, 901 E. Cary Street<br>Richmond, VA 23219<br>(804) 775-1000 | TAVENNER & BERAN, PLC<br>Lynn L. Tavenner, Esq. (VSB No. 30083)<br>Paula S. Beran, Esq. (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, VA 23219 |
| Counsel for Debtors and Debtors in Possession | Counsel for the Creditors' Committee |