Gregg M. Galardi, Esq.                    Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.                   Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM LLP                                  One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                              :    Chapter 11
                                    :
CIRCUIT CITY STORES, INC.,          :    Case No. 08-35653 (KRH)
et al.,                             :
                                    :    Jointly Administered
               Debtors.            :
                                    :    **Obj. Deadline: September 10, 2010
                                    :    at 5:00 p.m. (Eastern)**
- - - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION
BY AND AMONG THE DEBTORS AND MANATEE COUNTY, FLORIDA TAX
COLLECTOR RESOLVING THE DEBTORS' THIRTY-SEVENTH OMNIBUS
                OBJECTION TO CLAIM NO. 13325**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Order") (D.I. 4401).[1]  A copy of the Order (without exhibits) is annexed as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with Manatee County, Florida Tax Collector (the "Claimant"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order or the Settlement Agreement.

[2]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]    This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

2

(i)    The Settlement is a Tier I Settlement.

(ii)    Claim No. 13325 is hereby reduced, modified, and allowed as an Allowed Administrative Claim (as defined in the Plan), in the total amount of $8,749.63, and shall be paid on or before ten (10) business days from the Settlement Agreement Effective Date.

(iii)    Any other proofs of claim, administrative expense requests, or scheduled liabilities filed by Claimant or on its behalf shall be deemed disallowed and Claimant covenants and agrees not to file any additional proofs or claim or administrative expense requests in the Debtors' cases for these debts and tax periods.  The Claimant, on behalf of itself and its successors and assigns, hereby irrevocably and fully releases the Debtors from and against any and all claims (as defined in section 101(5) of the Bankruptcy Code) or causes of action.

(iv)    On the Settlement Agreement Effective Date, The Objection, the Objection Responses, the Summary Judgment Motion, and the Summary Judgment Responses are hereby deemed resolved to the extent applicable to the Claims.

(v)    Any objection to the Confirmation of the Plan, if any, is hereby withdrawn.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of

Unsecured Creditors (see information below) by no later
than **September 10, 2010 at 5:00 p.m. (Eastern)** (the
"Objection Deadline").  Each Objection or Request must be
served on (i) the attorneys for the Debtors, (a) Skadden,
Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219,
Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel
F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert
Feinstein (rfeinstein@pszjlaw.com).

        PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement and you do not want the Debtors to proceed
with Settlement or you want the Court to consider your
views concerning such Settlement, you or you attorney must
also:

        file in writing with the Court, Clerk of Court,
        United States Bankruptcy Court, 701 East Broad
        Street, Suite 4000, Richmond, Virginia 23219, or
        electronically (www.vaeb.uscourts.gov), a written
        Objection pursuant to Local Bankruptcy Rule 9013-
        1(H). If you mail your Objection to the Court for
        filing, you must mail it early enough so the
        Court will **receive it on or before September 10,
        2010 at 5:00 p.m. (Eastern).**

Any Objection to a Settlement must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.

        PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Settlement or
(ii) in the case of a Request for additional information,
three (3) days after receipt by the Notice Party of the
additional information requested.  Each Notice Party may

only make one Request for additional time per Settlement
Agreement, unless otherwise agreed to by the Debtors in
their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(c) of the Order, if no Objection or Request is
filed and served upon counsel for the Debtors and counsel
for the Committee of Unsecured Creditors or counsel to the
Debtors and counsel for the Committee of Unsecured
Creditors do not receive a Request prior to the expiration
of the Objection Deadline (as may be extended by Requests,
if any), the **Debtors shall be authorized to enter into and
consummate the Settlement without further order of the
Court or any other action by the Debtors**.

Dated:  September 3, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
        Richmond, Virginia       FLOM LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000

                                        - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                        - and -

                                 MCGUIREWOODS LLP

                                 _____/s/ Douglas M. Foley_____
                                 Douglas M. Foley (VSB No. 34364)
                                 Sarah B. Boehm (VSB No. 45201)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors
                                 in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   1Case No. 08-35653 (KRH)
et al.,                    :
                           :
          Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

2

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    _Tier I_ With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    _Tier II_ With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.    To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.    The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.    The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
THE DEBTORS AND MANATEE COUNTY, FLORIDA TAX COLLECTOR
RESOLVING THE DEBTORS' THIRTY-SEVENTH OMNIBUS
OBJECTION TO CLAIM NO. 13325**

This settlement agreement and stipulation (this

"Settlement Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors"),[1] on the one hand, and Manatee County, Florida Tax

Collector ("Claimant" and together with the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in the

United States Bankruptcy Court for the Eastern District of

Virginia (the "Court") under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

---

[1] The Debtors and the last four digits of their respective taxpayer
   identification numbers are as follows: Circuit City Stores, Inc.
   (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
   (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
   Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
   of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
   Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
   Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
   INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
   LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
   LLC (5512).  The address for Circuit City Stores West Coast, Inc. is
   9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other
   Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233
   and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been

appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized

the Debtors, among other things, to conduct going out of

business sales at the Debtors' remaining 567 stores pursuant

to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").   On

January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors

remaining stores.   As of on or about March 8, 2009, the

going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and

the Creditors Committee filed the First Amended Joint Plan

of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its

Official Committee of Creditors Holding General Unsecured

Claims (the "First Amended Plan").   The associated

disclosure statement (the "Disclosure Statement") was

approved on September 24, 2009.   Confirmation of the First

Amended Plan was originally scheduled for November 23, 2009,

but has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and the Creditors' Committee filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the Plan provides for the liquidation of the Debtors' remaining assets under chapter 11 of the Bankruptcy Code and distribution of the proceeds thereof to the Debtors' creditors; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")[2] to enter into this Agreement, subject to the Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, on June 11, 2009, Claimant filed an administrative expense claim in the amount of $14,728.02

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

against the Debtors for 2009 personal property taxes, and

also asserted penalties and interest accruing on a monthly

basis ("Claim No. 13325"); and

WHEREAS, on August 24, 2009, the Debtors filed

their Thirty-Seventh Omnibus Objection to Claims (Reduction

of Certain Personal Property Tax Claims) (Docket No. 4613)

(the "Thirty-Seventh Omnibus Objection"), which objected to,

among other claims, Claim No. 13325; and

WHEREAS, on September 21, 2009, Claimant filed its

Response to Debtor's Thirty-Seventh Omnibus Objection

(Docket No. 4993) (the "Response"); and

WHEREAS, on April 29, 2010, the Debtors filed

their Motion for Partial Summary Judgment on the Thirty-

Seventh Omnibus Objection and Memorandum of Law in Support

thereof (Docket Nos. 7343, 7344) (the "Motion for Summary

Judgment"); and

WHEREAS, on May 13, 2010, Claimant filed its

Response to the Motion for Summary Judgment (Docket No.

7541); and

WHEREAS, Claimant asserts that penalties and

interest continue to accrue on a monthly basis and in order

to stop the accrual of additional interest and penalties and

compromise Claim No. 13325, as a condition of settlement, Claimant requires immediate payment; and

WHEREAS, rather than proceed with litigation concerning the Thirty-Seventh Omnibus Objection to Claim No. 13325, and in order to stop the accrual of additional interest and penalties, the Parties engaged in good faith, arms' length negotiations and resolved such matters in their entirety; and

WHEREAS, the Debtors have reviewed the claims, and reconciled the claims against their books and records, and the parties have agreed to compromise and settle the claims as set forth herein.

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Claim No. 13325 is hereby reduced, modified, and allowed as an Allowed Administrative Claim (as defined in the Plan), in the total amount of $8,749.63, and shall be paid on or before ten (10) business days from the Settlement Agreement Effective Date (as hereinafter defined).

2.    On the Settlement Effective Date, the Thirty-Seventh Omnibus Objection to Claim No. 13325 shall be deemed resolved as to Claimant.

3.    The Objection, the Objection Responses, the Summary Judgment Motion, and the Summary Judgment Responses are hereby deemed resolved to the extent applicable to the Claims.

4.    Any objection to the Confirmation of the Plan, if any, is hereby withdrawn.

5.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

6.    Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

7.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

8.    Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

9.    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

10.    This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

11.    The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

12.    Each person or entity who executes this
Settlement Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly
authorized to execute this Settlement Agreement on behalf of
such person or entity, has the requisite authority to bind
such person or entity, and such person or entity has full
knowledge of and has consented to this Settlement Agreement.
The representations and warranties set forth in this
paragraph shall survive execution of this Settlement
Agreement.

13.    This Settlement Agreement shall not be
modified, altered, amended or vacated without the written
consent of all parties hereto or order of the Bankruptcy
Court.

14.    This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution by
both Parties and (ii) the expiration of the applicable
Notice Period (the "Settlement Agreement Effective Date").

15.    This Settlement Agreement shall inure to the
benefit of and be binding upon the successors and assigns of
the Parties hereto, including any chapter 7 trustee or the
Liquidating Trustee under the Plan.

9

IN WITNESS WHEREOF, this Settlement Agreement is hereby
executed as of September 3, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and –

MCGUIREWOODS LLP

        /s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah Becket Boehm (VSB NO. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

MANATEE COUNTY, FLORIDA TAX COLLECTOR

_____ /s/ Paul S. Bliley, Jr.    __
Paul S. Bliley, Jr.
Williams, Mullen, Clark & Dobbins
P.O. Box 1320
Richmond, Virginia 23218
(804) 783-6448

Dated: September 3, 2010

\17154095.1