# EXHIBIT D-1

## Resolved Objections to Confirmation and Plan Proponents' Response Thereto

**NOTE: Citations to the "Plan" are to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims.**

| DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESPONSE OF PLAN PROPONENTS |
|---|---|---|---|
| 5145/ 5163, Amended at 5684, Amended re Second Amended Plan at 8409 | Treasurer of Douglas County, CO | The Plan fails to require Allowed Miscellaneous Secured Claims to be paid in the order to their lien priorities.<br><br>The Plan ignores the priority of Douglas County's statutory property tax lien, which is senior to all liens that are not statutory tax liens and thereby allowed Miscellaneous Secured Claims that are junior to Douglas County's Claim to be paid ahead of Douglas County. | The Plan provides for the creation of Reserves, including a Miscellaneous Secured Claims Reserve. Moreover, it is a condition to the Effective Date that the Miscellaneous Secured Claims Reserve be fully funded. Accordingly, there should be adequate funds to pay all Allowed Miscellaneous Secured Claims in full regardless of their priority and there is no need for the relief which Douglas County requests.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Plan fails to provide that, at the latest, Douglas County's Claim will be paid over a period ending not later than five years after the Petition Date as required by Bankruptcy Code sections 1129(a)(9)(C)(ii) and 1129(a)(9)(D). | Article III.B.1. of the Modified Plan will be revised to provide that<br><br>Provided that a Miscellaneous Secured Claim has not been paid prior to the Effective Date, on, or as soon as reasonably practicable after, the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim, <u>but in any event, with respect to a Miscellaneous Secured Claim which would otherwise be a Priority Tax Claim but for the secured status of the Claim, not later than the date that is five (5) years after the Petition Date,</u> a Holder of an Allowed Miscellaneous Secured Claim shall receive in full and final satisfaction, settlement and release of and in exchange for, such Allowed Miscellaneous Secured Claim . . .<br><br>The Plan Proponents submit that the revision shown above fully addresses Douglas County's Objection under Bankruptcy Code sections 1129(a)(9)(C)(ii) and 1129(a)(9)(D). |
| | | The Plan is not sufficiently specific with respect to treatment of Class 1 Miscellaneous Secured Claims to allow Class 1 Claimants to determine if the Plan complies with § 1129 or § 1123(a)(4).<br><br>The Plan says that Class 1 Claimants may receive "such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall | Per the language of the Plan, Claimant may only be given other treatment if the Claimant and the Debtors or Liquidating Trustee as applicable agree. Accordingly, the Plan Proponents submit that this Objection is without merit and the Objection should be overruled as to this issue. |

| DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESPONSE OF PLAN PROPONENTS |
|---|---|---|---|
| | | have agreed upon in writing." | |
| 5331 | Bruce Senator | The Plan does not reflect that Mr. Senator's $150 claim is a priority claim and a secured claim and must be paid in full. | This is not an objection to Confirmation. This is an objection with respect to claims reconciliation and should be resolved through the claims reconciliation process. |
| 5631/ 5694 | Alief ISD, et al. (the "Texas Taxing Authorities") | The Plan fails to provide that the Texas Taxing Authorities retain their liens until their Claims are satisfied. | Article III.B.1. of the Plan provides that:<br><br>Any Holder of a Miscellaneous Secured Claim shall retain its Lien in the Collateral or the proceeds of the Collateral (to the extent that such Collateral is sold by the Debtors or the Liquidating Trustee free and clear of such Lien) to the same extent and with the same priority as such Lien held as of the Petition Date until such time as (a) the Holder of such Miscellaneous Secured Claim (i) has been paid Cash equal to the value of its Allowed Miscellaneous Secured Claim, (ii) has received a return of the Collateral securing the Miscellaneous Secured Claim or (iii) has been afforded such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; or (b) such purported Lien has been determined by an order of the Bankruptcy Court to be invalid or otherwise avoidable.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Plan fails to pay interest on the Texas Taxing Authorities' Claims at the state-law provided interest rate as required by § 511. | Article III.A.2. has been revised to include the following language:<br><br>. . . plus interest on the unpaid portion ~~thereof at the Case Interest Rate~~<ins>of such Allowed Priority Tax Claim</ins> from the Effective Date through the date of payment ~~thereof~~<ins>at the rate of interest determined under applicable nonbankruptcy law as of the calendar month in which Confirmation occurs</ins> . . .<br><br>Article III.B.1 has been revised to include the following language:<br><br><ins>If an Allowed Miscellaneous Secured Claim is secured by property the value of which is greater than the amount of such Allowed Miscellaneous Secured Claim, the Holder of such Allowed Miscellaneous Secured Claim shall be paid interest on the Allowed Miscellaneous Secured Claim to the extent provided by Bankruptcy Code section 506(b) at the rate of interest determined under applicable nonbankruptcy law as of the calendar month in which Confirmation occurs. If the Allowed Miscellaneous Secured Claim is a Tax Claim held by a Governmen-</ins> |

2

| Docket No. | Objector | Summary of Objection | Response of Plan Proponents |
|---|---|---|---|
| | | | tal Unit, then such Governmental Unit shall be entitled to receive interest on account of such Allowed Miscellaneous Secured Claim at the rate of interest determined under applicable nonbankruptcy law as of the calendar month in which Confirmation occurs. <br><br> Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it permits the disparate treatment of Claims in the same Class. | The Plan provides that all Claims in a given class will be treated the same unless the Claimant agrees to some other treatment. Moreover, the Plan provides for the creation of Reserves to further ensure equal treatment. <br><br> Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it permits the Debtors to elect to pay the Texas Taxing Authorities over or at the end of an extended period (in the event they are determined to hold Priority Tax Claims). <br><br> The Texas Taxing Authorities should be paid in full as soon as practicable after their Claims are Allowed, since the Debtors have liquidated all of their property in Texas and are holding sufficient funds in a segregated account pursuant to a stipulation between the Debtors and the Texas Taxing Authorities (D.I. 2491). | Article III.A.2. has been revised to provide that Priority Tax Claims will be paid <br><br>    on, or as soon as reasonably practicable after, the Distribution Date immediately following the date a Priority Tax Claim becomes an Allowed Priority Tax Claim, but in no event later than the date that is five (5) years after the Petition Date. <br><br> Moreover, Article V.L. of the Plan provides that: <br><br>    ***Pre-Petition Segregated Accounts*** <br><br>    The Liquidating Trustee shall maintain in a segregated account any Cash required by Final Order of the Bankruptcy Court to be maintained in a segregated account and such amounts shall be held for the benefit of such Claimholders as may be identified in the Final Order until such time as the Cash held in the segregated account is paid to such Claimholders on account of their Allowed Claims in accordance with the Plan or until the Claims of such Claimholders are Disallowed. Any Cash remaining in such segregated account after Allowance and payment or Disallowance of the Claimholders' Claims shall be transferred to the appropriate Reserve or other account and distributed in accordance with the Plan. <br><br> Moreover, Article III.A.2. has been revised to provide that Priority Tax Claims will be paid <br><br>    on, or as soon as reasonably practicable after, the Distribution Date immediately following the date a Priority Tax Claim becomes an Allowed Priority Tax Claim, but in no event later than the date that is five (5) years after the Petition Date. |

3

| Docket No. | Objector | Summary of Objection | Response of Plan Proponents |
|---|---|---|---|
| | | | Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it provides for payment of any Claims, including Administrative Claims, of a lower priority prior to the satisfaction in full of their secured tax Claims. | The Plan provides for the payment of Claims in the order of their priority. Moreover, the Plan provides for creation of Reserves, such that the order of payment will not affect recoveries.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it permits or requires the deferral or avoidance of payment of their Claims based on the requirement that there be sufficient cash to pay all Administrative Claims, Priority Tax Claims and/or Miscellaneous Secured Claims. | This language has been removed from the Plan. Moreover, the Plan provides for the creation of Reserves, including an Administrative Claims Reserve, a Priority Tax Claims Reserve and a Miscellaneous Secured Claims Reserve.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it classifies their Claims, including their Claims for taxes that accrue post-petition, as anything but first priority secured Claims. | The classification of specific Claims is an objection with respect to claims reconciliation. Each Class of Claims is defined in accordance with the Bankruptcy Code.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it provides for retention of jurisdiction greater than that permitted under federal law. | Article XI of the Plan provides for the retention of jurisdiction "to the fullest extent permitted by law" and only to that extent.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it provides for the withholding for purposes of federal income tax of any part of their tax claim amounts, since they are exempt from federal taxation. | Article VI.G. of the Plan only provides for withholding of taxes to the extent required by law.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Texas Taxing Authorities object to the Plan to the extent that it fails to provide for interest as required by § 506(b). | Article III.B.1. has been revised to include the following language:<br><br>If an Allowed Miscellaneous Secured Claim is secured by property the value of which is greater than the amount of such Allowed Miscellaneous Secured Claim, the Holder of such Allowed Miscellaneous Secured Claim shall be paid interest on the Allowed Miscellaneous Secured Claim to the extent provided by Bankruptcy Code section 506(b) at the rate of interest determined under applicable |

| Docket No. | Objector | Summary of Objection | Response of Plan Proponents |
|---|---|---|---|
| | | | nonbankruptcy law as of the calendar month in which Confirmation occurs. If the Allowed Miscellaneous Secured Claim is a Tax Claim held by a Governmental Unit, then such Governmental Unit shall be entitled to receive interest on account of such Allowed Miscellaneous Secured Claim at the rate of interest determined under applicable nonbankruptcy law as of the calendar month in which Confirmation occurs. <br><br> Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| 5647 | Ryan, Inc. | The Plan fails to assume Circuit City's agreement with Ryan Inc. Pursuant to Article VII.A. of the Plan, the confirmation order will constitute an order rejecting all executory contracts not assumed or rejected. <br><br> There is no sound business purpose for rejecting the agreement. | Ryan's contract was rejected by Court Order (D.I. 6804). Ryan's motion for reconsideration has also been denied. As such, this Objection is moot. <br><br> Moreover, at the hearing on July 22, 2010, the Court approved the insertion in the Confirmation Order of language providing that "Notwithstanding anything contained herein to the contrary, subject to any subsequent order of this Court, the transfer and conveyance of all Assets of each of the Debtors and its Estates to the Liquidating Trust on the Effective Date shall be without prejudice to the rights of Ryan, Inc. f/k/a Ryan & Company, Inc. to seek a determination that it owns or possesses an interest, or portion thereof, in certain contingent Assets, only if and after they become Assets, and the right for such a determination shall be and hereby is preserved in its entirety and jurisdiction of such a determination is specifically retained by this Court." This language adequately preserves all rights with respect to any remaining dispute between the Debtors and Ryan, Inc. and thus there is no further basis for Ryan, Inc.'s Objection to the Plan and such Objection should be overruled. |
| 5655, amended re Second Amended Plan at 8388 | Eastman Kodak Co. | The Effective Date cannot be determined from the Plan because the Plan states only that the Effective Date will occur when the conditions to the Effective Date have been met and it is unclear when or if such conditions will be met. As such, Administrative Claimants cannot determine when Administrative Claims will be paid. | The Plan Proponents will address this Objection at the Confirmation Hearing to the extent necessary. |
| 5665 | Pima County, AZ | The Plan violates § 1129(a)(9)(C) and (D) because it makes payment of the County's Class 1 Miscellaneous Secured Claim contingent on the availability of funds in the Liquidating Trust. <br><br> §§ 1129(a)(C) and (D) require that claims that would fall under § 507(a)(8) but for their secured status be treated the same as § 507(a)(8) claims and be paid in full within 5 years of the order for relief. This may not happen under | Article III.B.1. of the Modified Plan will be revised to provide that <br><br> Provided that a Miscellaneous Secured Claim has not been paid prior to the Effective Date, on, or as soon as reasonably practicable after, the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim, but in any event, with respect to a Miscellaneous Secured Claim which would otherwise be a Priority Tax Claim but for |

5

| DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESPONSE OF PLAN PROPONENTS |
|---|---|---|---|
| | | the terms of the Plan with respect to Class 1. | the secured status of the Claim, not later than the date that is five (5) years after the Petition Date, a Holder of an Allowed Miscellaneous Secured Claim shall receive in full and final satisfaction, settlement and release of and in exchange for, such Allowed Miscellaneous Secured Claim . . .<br><br>The Plan Proponents submit that the revision shown above fully addresses Pima County's Objection under Bankruptcy Code sections 1129(a)(9)(C)(ii) and 1129(a)(9)(D). |
| | | The Plan violates § 1129(a)(1) because Article VI.F. does not provide for interest to be paid on disputed (secured) Claims from the petition date to the distribution date in compliance with § 506(b). | Article III.B.1. has been revised to include the following language:<br><br>If an Allowed Miscellaneous Secured Claim is secured by property the value of which is greater than the amount of such Allowed Miscellaneous Secured Claim, the Holder of such Allowed Miscellaneous Secured Claim shall be paid interest on the Allowed Miscellaneous Secured Claim to the extent provided by Bankruptcy Code section 506(b) at the rate of interest determined under applicable nonbankruptcy law as of the calendar month in which Confirmation occurs. If the Allowed Miscellaneous Secured Claim is a Tax Claim held by a Governmental Unit, then such Governmental Unit shall be entitled to receive interest on account of such Allowed Miscellaneous Secured Claim at the rate of interest determined under applicable nonbankruptcy law as of the calendar month in which Confirmation occurs.<br><br>In addition, article VI.F. has been revised to provide that:<br><br>Unless otherwise specifically provided for in this Plan or the Confirmation Order, or required by applicable bankruptcy law, interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| 5686 | Vincent E. Rhynes | Mr. Rhynes does not appear to be objecting to Confirmation. Rather, Mr. Rhynes is requesting that the Court review the Debtors' 32nd Omnibus Objection and Mr. Rhynes' Disclosure Statement objection.   Any additional basis for the Objection or request for relief is unclear. | This is not an objection to confirmation. This is an objection with respect to claims reconciliation and should be resolved through the claims reconciliation process.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled. |

| DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESPONSE OF PLAN PROPONENTS |
|---|---|---|---|
| 5702 | Mt. Pleasant, Racine, WI | Mt. Pleasant objects to the discharge of its personal property taxes. | This is not an objection to confirmation. This is an objection with respect to claims reconciliation and should be resolved through the claims reconciliation process.<br><br>Moreover, in accordance with Bankruptcy Code section 1141, the Plan does not provide for a discharge.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled. |
| 5714 | Safeco Insurance Co. of America | Safeco objects to the Plan to the extent that the Plan attempts to reject the Indemnity Agreement between the Debtors and Safeco because the Indemnity Agreement is not an executory contract. | The Plan Proponents believe that this is not properly an objection to confirmation. The Plan itself takes no position on whether or not the Safeco Agreement is an executory contract and that is not a determination that needs to be made at this time. Under the terms of the Plan, if the Safeco Agreement is executory, it will be rejected on the Effective Date. If it is not executory, it will not be rejected. To the extent Safeco is concerned about claiming rejection damages, it is entitled, pursuant to the Plan, to file a protective claim for rejection damages.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | In the event that the Debtors do not confirm that the Indemnity Agreement is not an executory contract, Safeco seeks an extension of time to file a rejection damages claim until 30 days after a Court order finding the Indemnity Agreement is an executory contract rejected pursuant to the Plan. | See above. |
| 5716 | Mitsubishi Digital Electronics America, Inc. | Joins in the Objection of LG Electronics USA (Agenda Item No. __). | LG Electronics USA's Objection has been resolved. Accordingly, the Plan Proponents submit that the joinder of Mitsubishi Digital Electronics America thereto should be deemed resolved. |
| | | Joins in the Objection of Eastman Kodak Co. (Agenda Item No. __). | The Plan Proponents repeat the responses set forth above as if fully set forth here. |
| | | Joins in the Objection of Samsung America Electronics, Inc. (Agenda Item No. __). | Samsung America Electronics' Objection has been resolved. Accordingly, the Plan Proponents submit that the joinder of Mitsubishi Digital Electronics America thereto should be deemed resolved. |
| 5745, amended re | Marlon Mondragon | The Plan attempts to deny the claims of Claimants under the WARN Act. The Plan does not comply with 29 U.S.C. § 2102 et seq. and therefore can- | This is not an objection to Confirmation. This is an objection with respect to claims reconciliation and should be resolved through the claims reconciliation process. |

| DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESPONSE OF PLAN PROPONENTS |
|---|---|---|---|
| Second Amended Plan at 8432 | | not be confirmed under §§ 1129(a)(1), (2) and (3). | Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The Plan must provide that the WARN Act Claimants' Clams are post-petition Claims. | On January 11, 2010, the Court entered its Memorandum Opinion (Adv. Proceeding Case No. 09-03073, D.I. 49) dismissing the adversary proceeding and holding, among other things, that Mr. Mondragon's WARN Act claims should properly be resolved through the claims reconciliation process and that such claims are pre-petition claims. As such, this portion of the Objection is moot.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | If the WARN Act Claims are pre-petition Claims, the Plan must provide that such Claims can be resolved through an adversary proceeding, rather than through the claims process. | On January 11, 2010, the Court entered its Memorandum Opinion (Adv. Proceeding Case No. 09-03073, D.I. 49) dismissing the adversary proceeding and holding, among other things, that Mr. Mondragon's WARN Act claims should properly be resolved through the claims reconciliation process and that such claims are pre-petition claims. As such, this portion of the Objection is moot.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | Article X.G. of the Plan should not be read to excuse parties' non-compliance with applicable statutes, including the WARN Act. | The Plan Proponents submit that the exculpation provision complies with applicable law. The Objection seeks an advisory opinion as to the scope of the exculpation, which issue is not ripe for adjudication at this time.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| 5941 | The Macerich Company, et al. | The injunction provision, Article X.D. of the Plan improperly seeks to deprive landlords of their rights to setoff and recoupment. | Article VI.H.2 has been revised as follows:<br><br>Unless otherwise stipulated in writing by the Debtors (before the Effective Date) or by the Liquidating Trust (after the Effective Date), <u>or asserted pursuant to a timely filed Proof of Claim or as expressly provided for by the terms of the agreement underlying any timely filed Proof of Claim,</u> any party against whom a claim or counterclaim is asserted by the Estates (an "Estate Claim") must assert <u>or must have asserted</u> any setoff rights, right of subrogation, or recoupment of any kind against such Estate Claim at the time it answers such Estate Claim, or such right of setoff, subrogation or recoupment will be deemed waived and forever barred; <u>provided</u>, <u>however</u> that nothing herein shall limit the assertion of |

8

| Docket No. | Objector | Summary of Objection | Response of Plan Proponents |
|---|---|---|---|
| | | | such right of setoff, subrogation or recoupment via an amended or supplemental pleading to the extent permitted by Rule 15 of the Federal Rules of Civil Procedure and/or Rule 7015 of the Federal Rules of Bankruptcy Procedure. Notwithstanding the foregoing, nothing herein shall affect the setoff rights of any taxing authority.<br><br>Article X.D. specifically incorporates Article VI.H.2.<br><br>Thus, the Plan Proponents submit that the Objection should be overruled as to this issue. |
| | | The injunction provision, Article X.D. of the Plan fails to protect the landlords' right to year-end reconciliation payments at the end of 2009. | This is not an objection to Confirmation. This is an objection with respect to claims reconciliation and should be resolved through the claims reconciliation process. |
| | | Joins in the Objections of the other Objectors to the extent not inconsistent. | The Plan Proponents repeat the responses set forth above as if fully set forth here. |