IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED
SEP 3 2010
CLERK
US BANKRUPTCY COURT

| | |
|---|---|
| In re:   ) | Chapter 11 |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC.,   ) | Jointly Administered |
| et al.,   ) | |
| ) | **NOTICE OF TRANSFER OF** |
| ) | **CLAIM OTHER THAN FOR** |
| ) | **SECURITY** |
| Debtors.   ) | |
| ) | Bankruptcy Rule 3001(e)(2) |

PLEASE TAKE NOTICE that the claim of **MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "B" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993 and MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "C-2" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993** (the "Transferor") against Debtor Circuit City Stores, Inc., designated as Claim No. 2310 asserting a claim in the amount of $811,266.79, has been transferred and assigned other than for security to **WELLS FARGO BANK, NATIONAL ASSOCIATION, as successor trustee to BANK OF AMERICA, NATIONAL ASSOCIATION, as successor by merger to LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE TRUST 2004-KEY2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-KEY2** (the "Transferee"), pursuant to the Assignment of Claim executed by the Transferor, a true and correct copy of which is attached hereto as **Exhibit A** (the "Assignment").

The undersigned hereby submits this Notice and the Assignment as evidence of the transfer pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, of all rights, title and interest in and to the claim originally held by **MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "B" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993 and MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "C-2" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993** to **WELLS FARGO BANK, NATIONAL ASSOCIATION, as successor trustee to BANK OF AMERICA, NATIONAL ASSOCIATION, as successor by merger to LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE TRUST 2004-KEY2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-KEY2**. The Clerk of the Court and claims agent Kurtzman Carson Consultants LLC are each authorized to change the address on Claim No. 2310 filed by Transferor to that of the Transferee listed below.

**TRANSFEROR:**
**HONE FAMILY TRUST**
**c/o Pete Ezell**

**Baker Donelson Bearman Caldwell & Berkowitz PC**
**Commerce Center, Suite 1000**
**211 Commerce Street**
**Nashville, Tennessee 37201**

**TRANSFEREE:**
**WELLS FARGO BANK, NATIONAL ASSOCIATION,** as successor trustee to **BANK OF AMERICA, NATIONAL ASSOCIATION,** as successor by merger to **LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE TRUST 2004-KEY2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-KEY2**
**c/o Mindy A. Mora, Esq.**
**Bilzin Sumberg Baena Price & Axelrod LLP**
**200 South Biscayne Blvd., Suite 2500**
**Miami, Florida 33131**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed at *Miami Beach, Florida.*

Wells Fargo Bank, N.A., as Trustee for the registered holders of Merrill Lynch Mortgage Trust 2004-KEY2, Commercial Mortgage Pass-Through Certificates, Series 2004-KEY2

    By: LNR Partners, LLC, a Florida limited liability company, successor by statutory conversion to LNR Partners, Inc., a Florida corporation, its attorney in fact (pursuant to Limited Power of Attorney dated June 30, 2009)

By: _____

_____, Vice President

## ASSIGNMENT OF CLAIM

MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "B" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993 and MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "C-2" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993 (collectively, "Assignor") for good and valuable consideration, hereby absolutely and unconditionally assigns to **WELLS FARGO BANK, NATIONAL ASSOCIATION, as successor trustee to BANK OF AMERICA, NATIONAL ASSOCIATION, as successor by merger to LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE TRUST 2004-KEY2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-KEY2** ("Assignee"), whose address is c/o LNR Partners, Inc., 1601 Washington Avenue, Suite 700 Miami Beach, Florida 33139, all of its interest in (1) that certain claim filed by or on behalf of Assignor in the bankruptcy of Circuit City Stores, Inc., or any of its affiliates (collectively, "CCS") pending in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 08-35653, Claim No. 2310, filed on December 30, 2008, which evidences a claim in the amount of $811,366.79, a copy of which is attached hereto as **Exhibit A**; and (2) any and all other claims which Assignor has against CCS in any and all respects, except those accrued prior to December 1, 2008.

Assignor agrees that, in the event Assignor receives any payments or distributions with respect to any such claims after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of, and for the sole benefit of, Assignee and shall promptly deliver the same to Assignee.

Assignor hereby waives any notice and hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure and further stipulates that any necessary order may be entered by the Clerk of the Bankruptcy Court recognizing Assignee as the valid owner and holder of such Claim.

[Assignor's signatures appear on the following page.]

MIAMI 2026956.2 7249632110

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative this _14_ day of __July__, 2010.

_____
MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "B" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993

_____
MELVILLE WALTON HONE, AS TRUSTEE OF TRUST "C-2" OF THE HONE FAMILY TRUST U/D/T DATED APRIL 21, 1981, AS AMENDED AND RESTATED MAY 27, 1993, AND AS FURTHER AMENDED SEPTEMBER 20, 1993

MIAMI 2026956.2 7249632110

## EXHIBIT A TO ASSIGNMENT OF CLAIM

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|
| Name of Debtor: CIRCUIT CITY STORES, INC. | Case Number: 08-35653 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Hone Family Trust

Name and Address Where Notices Should be Sent:

Hone Family Trust, c/o Pete Ezell
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Commerce Center, Suite 1000
211 Commerce Street
Nashville, TN 37201
Telephone number:
615-726-5600

☐ Check this box to indicate that this amends a previously filed claim.

Court Claim Number: _____
(if known)

Filed on: _____

Name and Address Where Payment Should be Sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the Debtor or Trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $811,266.79

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Lease Rejection - Please see attached documents
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which Creditor identifies Debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
☐ Check this box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:** $ _____   **Annual Interest Rate:** $ _____

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $ _____   **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____   **Amount Unsecured:** $ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the Debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 12-29-08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ [signature] | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## HONE FAMILY TRUST – CLAIM AGAINST CIRCUIT CITY

### CALCULATION OF CLAIM

| | |
|---|---:|
| October 2008 Base Rent | $37,375.00 |
| November 2008 Base Rent (Prorated to Petition Date) | $12,457.09 |
| Williamson County 2008 Taxes (Prorated to Petition Date) | $39,102.46 |
| City of Brentwood 2008 Taxes (Prorated to Petition Date) | $8,477.90 |
| Rejection Damages (15% of Remainder of Term) | $713,854.35 |
| Total Claim | $811,266.79 |

### BASE DATA

| | |
|---|---:|
| Petition Date (November 10, 2008) | |
| Annual Proration Rate (1/1/08 to Petition Date) | 86.07% |
| Monthly Proration Percentage (11/1/08 to Petition Date) | 33/33% |
| Annual Base Rent | $448,500.00 |
| Williamson County 2008 Property Taxes | $45,431.00 |
| City of Brentwood 2008 Property Taxes | $9,850.00 |
| Annual Insurance Premium | $10,000.00 |
| Annual Maintenance Costs | $15,000.00 |
| Gross Annual Rent | $528,781.00 |
| Expiration Date of Lease | 11/30/2017 |
| Months Remaining in Term | 108.00 |
| 15% of Remainder of Term (in months) | 16.20 |
| Rejection Damages Factor (expressed in Years) | $1.35 |

### EXHIBIT A

LOCATION: 8099 Moores Lane
Brentwood, Tennessee 37027
#3226

# LEASE

between

## CIRCUIT CITY STORES, INC.,

as Tenant

and

## PRINCIPAL MUTUAL LIFE INSURANCE COMPANY,

as Landlord

dated November 7, 1995

MWBB 11/02/95
7763\circuit\stsubsc2\lease.la

EXHIBIT B

Table of Contents

| | | |
|---|---|---|
| 1. | Certain Definitions | 1 |
| 2. | Demise of Premises | 5 |
| 3. | Term | 5 |
| 4. | Rent | 6 |
| 5. | Net Lease; True Lease | 7 |
| 6. | Title and Condition | 8 |
| 7. | Taxes; Insurance and Legal Requirements | 10 |
| 8. | Use | 10 |
| 9. | Maintenance and Repair | 12 |
| 10. | Liens | 13 |
| 11. | Alterations | 13 |
| 12. | Condemnation | 14 |
| 13. | Insurance | 18 |
| 14. | Damage, Destruction | 21 |
| 15. | Restoration | 22 |
| 16. | Subordination to Financing | 23 |
| 17. | Assignment, Subleasing | 25 |
| 18. | Permitted Contests | 29 |
| 19. | Default | 30 |
| 20. | Landlord's Remedies | 31 |

MWBB 11/02/95

THIS LEASE AGREEMENT is made as of this 7th day of November, 1995, by and between **PRINCIPAL MUTUAL LIFE INSURANCE COMPANY**, an Iowa corporation ("Landlord"), and **CIRCUIT CITY STORES, INC.**, a Virginia corporation, having its principal office at 9950 Mayland Drive, Richmond, Virginia 23233-1464 ("Tenant").

In consideration of the rents and provisions herein stipulated to be paid and performed, Landlord and Tenant hereby covenant and agree as follows:

1. <u>Certain Definitions.</u>

    (a) "Additional Rent" shall mean all sums required to be paid by Tenant to Landlord or Lender hereunder other than Basic Rent, which sums shall constitute rent hereunder.

    (b) "Adjoining Property" shall mean all sidewalks, curbs, gores and vault spaces adjoining any of the Leased Premises.

    (c) "Alteration" or "Alterations" shall mean any or all changes, additions, improvements, reconstructions or replacements of any of the Improvements, both interior or exterior, and ordinary and extraordinary.

    (d) "Basic Rent" shall mean Basic Rent as defined in Paragraph 4.

    (e) "Basic Rent Payment Dates" shall mean the Basic Rent Payment Dates as defined in Paragraph 4.

    (f) "Claim Deadline" shall mean the Claim Deadline as defined in paragraph 34.

    (g) "Commencement Date" shall mean the Commencement Date as defined in Paragraph 3.

    (h) "Condemnation" shall mean a Taking and/or a Requisition.

    (i) "Default Rate" shall mean an annual rate of interest equal to two (2%) percent per annum above the then current Prime Rate.

(j) "Event of Default" shall mean an Event of Default as defined in Paragraph 19.

(k) "Insurance Requirement" or "Insurance Requirements" shall mean, as the case may be, any one or more of the terms of each insurance policy required to be carried by Tenant under this Lease and the requirements of the issuer of such policy, and whenever Tenant shall be engaged in making any Alteration or Alterations, repairs or construction work of any kind (collectively, "Work"), the term "Insurance Requirement" or "Insurance Requirements" shall be deemed to include a requirement that Tenant obtain or cause its contractor to obtain completed value builder's risk insurance when the estimated cost of the Work in any one instance exceeds the sum of One Hundred Thousand ($100,000.00) Dollars and that Tenant or its contractor shall obtain worker's compensation insurance or other adequate insurance coverage covering all persons employed in connection with the Work, whether by Tenant, its contractors or subcontractors and with respect to whom death or bodily injury claims could be asserted against Landlord.

(l) "Law" shall mean any constitution, statute or rule of law.

(m) "Leased Premises" shall mean the Leased Premises as defined in Paragraph 2.

(n) "Legal Requirement" or "Legal Requirements" shall mean, as the case may be, any one or more of all present and future laws, codes, ordinances, orders, judgments, decrees, injunctions, rules, regulations and requirements, even if unforeseen or extraordinary, of every duly constituted governmental authority or agency (but excluding those which by their terms are not applicable to and do not impose any obligation on Tenant, Landlord or the Leased Premises) and all covenants, restrictions and conditions (including, without limitation, reciprocal easement agreements) now or hereafter of record which may be applicable to Tenant, to Landlord or to any of the Leased Premises, or to the ownership, use, manner of use, occupancy, possession, operation, maintenance, alteration, repair or reconstruction of any of the Leased Premises, even if compliance therewith (i) necessitates structural changes or improvements (including changes required to comply with the "Americans with Disabilities Act") or results in interference with the use or enjoyment of any of the Leased

MWBB 11/02/95

2

Premises or (iii) requires Tenant to carry insurance other than as required by the provisions of this Lease.

(o) "Lender" shall mean the entity identified from time to time, to Tenant as such in writing, which makes a Loan to Landlord, secured by a Mortgage and evidenced by a Note or which is the holder of a Mortgage and Note as a result of an assignment thereof.

(p) "Loan" shall mean a loan made by a Lender to Landlord secured by a Mortgage and evidenced by a Note.

(q) "Mortgage" shall mean a first priority mortgage, deed of trust or similar security instrument hereafter executed covering the Leased Premises from Landlord to and for the benefit of Lender.

(r) "Net Award" shall mean the entire award payable to Landlord by reason of a Condemnation, less any actual and reasonable expenses incurred by Landlord in collecting such award.

(s) "Net Proceeds" shall mean the entire proceeds paid as a result of any property casualty payable under insurance required under Paragraph 13.(a), less any actual and reasonable expenses incurred by Landlord in collecting such proceeds.

(t) "Note" or "Notes" shall mean a promissory note or notes hereafter executed from Landlord to Lender, which Note or Notes will be secured by a Mortgage and an assignment of leases and rents.

(u) "Permitted Encumbrances" shall mean Taxes, Legal Requirements, any matters consented to by Tenant, those covenants, restrictions, reservations, liens, conditions, encroachments, easements and other matters of title that affect the Leased Premises as of Landlord's acquisition thereof, whether recorded or unrecorded excepting, however, any such matters arising from the acts of Landlord (such as liens arising as a result of judgments against Landlord) unless consented to by Tenant or requested by Tenant under Section 6(d).

(v) "Prime Rate" shall mean the rate of interest announced publicly by Citibank, N.A. or its successor, from time to time, as Citibank, N.A.'s or such successor's base rate, or if there is no such base rate, then the rate of interest charged by Citibank, N.A.

MWBB 11/02/95

3