Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :   **Obj. Deadline: September 20, 2010**
- - - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AND STIPULATION BY AND AMONG
THE DEBTORS AND AMERIWOOD INDUSTRIES**

       PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Settlement Procedures Order, the above-captioned debtors
and debtors in possession (collectively, the "Debtors")[2] are
authorized to negotiate and enter into stipulation and
settlement agreements with third parties, subject to the
procedures set forth in the Settlement Procedures Order and
outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a stipulation and settlement
agreement (the "Agreement") with Ameriwood Industries
("Ameriwood" and together with the Debtors, the "Parties"
and each of which is a "Party"), a copy of which is annexed
as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Agreement (defined below) or
the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material
terms of the Agreement and is being provided for convenience only
and should not be relied upon in any way.  All parties are strongly
encouraged to review the Agreement in its entirety.  In the event
there is a conflict between the notice and the Agreement, the
Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   This is a Tier I Settlement.

(ii)  Ameriwood filed a proof of claim on November 28, 2008 in the amount of $99,534.28 as a claim allegedly entitled to priority under Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim").  The 503(b)(9) Claim has been temporarily disallowed in its entirety by virtue of the Court's Memorandum Opinion and Order, entered on January 6, 2010, which sustained the Debtors' Fifty-First Omnibus Objection to Certain 503(b)(9) Claims (Docket No. 6228) (the "Fifty-First Omnibus Objection Order").

(iii) Ameriwood filed a proof of claim on January 6, 2009 in the amount of $295,763.08 as a general unsecured claim (the "General Unsecured Claim" and, together with the 503(b)(9) Claim, the "Ameriwood Claims").  The General Unsecured Claim was reduced to $196,228.80 by virtue of the Court's Corrected Supplemental Order on Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims), which was entered on August 13, 2009 (Docket No. 4465) (the "Twenty-Third Omnibus Objection Order").

(iv)  On April 9, 2010, the Debtors sent a letter to Ameriwood (the "Demand Letter").  Therein, the Debtors asserted that the Ameriwood Claims were overstated based on the Debtors' books and records.  Moreover, the Debtors asserted that they had identified $46,823.95 in receivables, chargebacks, returns, and other amounts (the "Alleged Receivables") that they were authorized to setoff from Ameriwood's

3

Claims pursuant to the Bankruptcy Court's Memorandum Opinion (Docket Nos. 5963 & 5964), such that the 503(b)(9) Claim would be reduced to $52,339.89, the General Unsecured Claim would remain as $194,909.92, and the Alleged Receivables would be reduced to $0.

(v)   The Debtors also claimed that Ameriwood was the recipient of transfers made during the 90-day period prior to the Petition Date that may be avoided and recovered by the Debtors under section 547 and 550 of the Bankruptcy Code (the "Preference Action Claims").

(vi) On April 16, 2010, Ameriwood responded to the Debtors' Demand Letter (the "Response").  Therein, Ameriwood contested the deductions to the Ameriwood Claims, the amount of the Debtors' Alleged Receivables, and asserted that it has a complete defense to the Preference Action Claims.

(vii) Rather than proceed with litigation concerning the Ameriwood Claims, the Alleged Receivables, the Demand Letter, the Response, and the Preference Action Claims, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety.

(viii) Upon the occurrence of the Effective Date, (i) the 503(b)(9) Claim will be reduced to $0 and disallowed in its entirety for all purposes in the Debtors' bankruptcy proceedings; (ii) the General Unsecured Claim will be reduced to and allowed in the amount of $150,000.00 as a general unsecured, non-priority claim (the "Allowed General Unsecured Claim"); and (iii) the Debtors' Alleged Receivables will be reduced to $0.

4

(ix) Upon the occurrence of the Effective Date, the Allowed General Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, shall be paid within 15 days after the Effective Date and shall not be subject to enhancement or amendment or further disallowance, objection, offset, reduction, discount, impairment or subordination.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **September 20, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed

with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

> file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before September 20, 2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: September 13, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

### FOUND, DETERMINED, AND CONCLUDED that:

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the Debtors are compromising more than one Disputed Claim and/or Cause of Action and Receivable Claim, the Tier II Notice Period shall apply to such Settlement.  If no objection or written request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors does not receive a written request for additional information and/or additional time prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors.

(d)    If a Notice Party provides a written request to counsel for the Debtors for additional information or time to evaluate the proposed Settlement, only such Notice Party shall have the later of (i) an additional five (5) days to object to the proposed Settlement or (ii) in the case of a request for additional information, three days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

(e)    If a Notice Party objects to the proposed Settlement within the defined Notice Period for that particular Tier of Disputed Claim or Cause of Action and Receivable Claim, (or the additional period in the case of a Notice Party that has timely requested additional time or information to evaluate the proposed Settlement) (the "Objection Deadline") and the Debtors and such objecting Notice Party are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

> seventy-five percent (75%) of the Debtors'
> original reasonable estimate of the Cause of
> Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.  This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                           /s/ Douglas M. Foley
                           Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.        Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.       Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,         MCGUIREWOODS LLP
MEAGHER & FLOM, LLP           One James Center
One Rodney Square             901 E. Cary Street
PO Box 636                    Richmond, Virginia 23219
Wilmington, Delaware          (804) 775-1000
19899-0636
(302) 651-3000

                  – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS
AND AMERIWOOD INDUSTRIES**

This settlement agreement and stipulation (this

"Settlement Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the "Debtors"),[1] on

the one hand, and Ameriwood Industries ("Ameriwood" and together

with the Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc. (3875),
      Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
      Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
      (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
      (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
      Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
      Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN,
      LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
      Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
      West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
      For all other Debtors, the address was 9950 Mayland Drive, Richmond,
      Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
      23060.

appointed a statutory committee of unsecured creditors (the
"Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been
appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the
Debtors, among other things, to conduct going out of business
sales at the Debtors' remaining 567 stores pursuant to an agency
agreement (the "Agency Agreement") between the Debtors and a
joint venture, as agent (the "Agent").  On January 17, 2009, the
Agent commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of on or
about March 8, 2009, the going out of business sales concluded;
and

WHEREAS, on September 29, 2009, the Debtors and the
Creditors Committee filed the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee of
Creditors Holding General Unsecured Claims (the "First Amended
Plan").  The associated disclosure statement (the "Disclosure
Statement") was approved on September 24, 2009.  Confirmation of
the First Amended Plan was originally scheduled for November 23,
2009, but has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and the
Creditors Committee filed the Second Amended Joint Plan of

3

Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee of
Creditors Holding General Unsecured Claims (the "Plan"). The
Plan was confirmed on September 8, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors' remaining assets and distributions
to creditors through a liquidating trust; and

WHEREAS, the Debtors are authorized under the Court's
Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,
9006, and 9019 Authorizing the Establishment of Procedures to
Settle Certain Pre-Petition and Post-Petition Claims and Causes
of Action Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")to enter
into this Settlement Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

**A.    The Ameriwood Claims.**

WHEREAS, Circuit City and Ameriwood engaged in
business in the ordinary course prior to the Petition Date
wherein the Debtors purchased certain Ameriwood products (the
"Product") for sale in their retail stores; and

WHEREAS, on November 28, 2008, Ameriwood filed proof
of claim number 32 against the Debtors' bankruptcy estates
pursuant to Bankruptcy Code section 503(b)(9) (the "503(b)(9)
Claim").  Therein, Ameriwood alleged that it shipped in the

4

ordinary course of business $99,534.28 worth of Product to the

Debtors within the twenty (20) days before the Petition Date;

and

WHEREAS, the Debtors objected to the 503(b)(9) Claim

in the Debtors' (I) Fifty-First Omnibus Objection to Certain

503(b)(9) Claims and (II) Motion for a Waiver of the Requirement

that the First Hearing on any Response Proceed as a Status

Conference (the "Fifty-First Omnibus Objection") (D.I. 5214).

Therein, the Debtors sought to temporarily disallow the

503(b)(9) Claim pending the return of certain preferential

transfers allegedly avoidable under Bankruptcy Code section 547

(the "Preferential Transfers").  As the alleged amount of the

Preferential Transfers exceeded the amount of the 503(b)(9)

Claim, the Debtors sought temporary disallowance of the

503(b)(9) Claim in its entirety; and

WHEREAS, Ameriwood did not file an opposition to the

Fifty-First Omnibus Objection; and

WHEREAS, on January 6, 2010, the Court entered its

Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-

First Omnibus Objection and temporarily disallowing the

503(b)(9) Claim in its entirety; and

WHEREAS, on January 6, 2009, Ameriwood filed claim

number 2765, a general unsecured proof of claim against the

Debtors' bankruptcy estates (the "General Unsecured Claim" and,

5

together with the 503(b)(9) Claim, the "Ameriwood Claims").

Therein, Ameriwood claimed that it shipped in the ordinary

course of business $295,763.08 worth of Product to the Debtors

before the Petition Date for which Ameriwood had not been paid;

and

WHEREAS, the Debtors objected to the General Unsecured

Claim in the Debtors' Twenty-Third Omnibus Objection to Claims

(Modification of Certain Duplicate 503(b)(9) Claims) (the

"Twenty-Third Omnibus Objection") (D.I. 3711).  After reviewing

their books and records, the Debtors determined that a portion

of the General Unsecured Claim was already taken into account,

and duplicated, by prior claims filed by Ameriwood; and

WHEREAS, the Court entered the Corrected Supplemental

Order on Debtors' Twenty-Third Omnibus Objection to Claims

(Modification of Certain Duplicative 503(b)(9) Claims (the

"Order") granting the relief sought by the Debtors and modifying

Claim 2765 to $196,228.80; and

**B.    The Demand Letter.**

WHEREAS, on April 9, 2010, the Debtors sent a letter to

Ameriwood (the "Demand Letter").  Therein, the Debtors asserted

that Ameriwood's General Unsecured Claim was overstated by

$1,318.88 based on the Debtors' books and records such that the

appropriate amount of the claim is $194,909.92; and

6

WHEREAS, in the Demand Letter, the Debtors also stated
that the 503(b)(9) Claim was overstated by $370.44 based on the
Debtors' books and records such that the appropriate amount of
the 503(b)(9) Claim is $99,163.84; and

WHEREAS, in the Demand Letter, the Debtors asserted
that they had identified $46,823.95 in receivables, chargebacks,
returns, and other amounts (the "Alleged Receivables") that they
were authorized to setoff from Ameriwood's Claims pursuant to
the Bankruptcy Court's Memorandum Opinion (Docket Nos. 5963 &
5964), such that the 503(b)(9) Claim would be reduced to
$52,339.89, the General Unsecured Claim would remain as
$194,909.92, and the Alleged Receivables would be reduced to $0;
and

WHEREAS, the Debtors also claimed that Ameriwood was
the recipient of transfers made during the 90-day period prior
to the Petition Date that may be avoided and recovered by the
Debtors under section 547 and 550 of the Bankruptcy Code (the
"Preference Action Claims"); and

WHEREAS, on April 16, 2010, Ameriwood responded to the
Debtors' Demand Letter (the "Response").  Therein, Ameriwood
contested the deductions to the Ameriwood Claims, the amount of
the Debtors' Alleged Receivables, and asserted that it has a
complete defense to the Preference Action Claims; and

7

WHEREAS, rather than proceed with litigation concerning the Ameriwood Claims, the Alleged Receivables, the Demand Letter, the Response, and the Preference Action Claims, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Upon the Effective Date (as defined herein), in full satisfaction and settlement of the Alleged Receivables and the Preference Action Claims, the Parties agree that (i) the 503(b)(9) Claim will be reduced to $0 and disallowed in its entirety for all purposes in the Debtors' bankruptcy proceedings; (ii) the General Unsecured Claim will be reduced to and allowed in the amount of $150,000.00 as a general unsecured, non-priority claim (the "Allowed General Unsecured Claim"); and (iii) the Debtors' Alleged Receivables will be reduced to $0.

2.    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 1 above.

3.    The Allowed General Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan or as

8

required under any chapter 7 liquidation (as applicable), and
shall not be subject to enhancement or amendment, or further
objection, offset, reduction, discount, impairment or
subordination.

4.   The Parties agree that this Settlement Agreement
finally resolves the Ameriwood Claims, the Demand Letter, the
Preference Action Claims, the Debtors' Alleged Receivables, and
the Response in their entirety.

5.   Upon the Effective Date, Ameriwood, on behalf of
itself and its successors and assigns, and the Debtors, on
behalf of themselves, and each on behalf of their respective
estates, successors, and assigns (including but not limited to
any trustee appointed in any of these chapter 11 cases or any
successor or subsequent bankruptcy cases, any receivers and/or
other custodians appointed in any action or proceeding involving
the Debtors' property and the liquidating trustee under the
Plan), hereby irrevocably and fully release one another from and
against any and all claims or causes of action (including, but
not limited to, causes of action under Bankruptcy Code sections
502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558)
arising from, in connection with, or related to the Alleged
Receivables, the 503(b)(9) Claim, and the Alleged Preference
Claims (this paragraph, the "Releases"), but excluding the
Allowed General Unsecured Claim.

9

6.   For the avoidance of doubt and notwithstanding
anything to the contrary in this Settlement Agreement, (i) the
Releases are not intended as general releases or waivers and
nothing in this Settlement Agreement shall be construed as such,
(ii) with the exception of the Allowed General Unsecured Claim,
Ameriwood shall not file nor be entitled to recover on account
of any claims in the Debtors' cases, (iii) the Debtors shall not
be entitled to recover any further credits, rebates, receivables,
setoffs, netting, or discounts from Ameriwood, and (iv)
Ameriwood and the Debtors specifically acknowledge and agree
that this Settlement Agreement is not intended to, and does not,
release or otherwise affect in any way any actual claims or
causes of action (or potential claims or causes of action
similar in nature or type to such actual claims or causes of
action) now or hereinafter asserted in, based on, or relating to
the multi-district litigation captioned In re: TFT-LCD (Flat
Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding").

7.   Neither this Settlement Agreement, nor any
statement made or action taken in connection with the
negotiation of this Settlement Agreement, shall be offered or
received in evidence or in any way referred to in any legal
action or administrative proceeding among or between the parties
hereto, other than as may be necessary (a) to obtain approval of

10

and to enforce this Settlement Agreement or (b) to seek damages

or injunctive relief in connection with such approval and

enforcement.

8.    Each Party hereto shall execute and deliver any

and all additional papers, documents and other assurances, and

shall do any and all acts and things reasonably necessary or

appropriate in conjunction with the performance of their

respective obligations hereunder.

9.    No provision of this Settlement Agreement is

intended to confer any rights, benefits, remedies, obligations

or liabilities hereunder upon any person other than the parties

hereto and their respective successors.

10.    Except where preempted by applicable Federal law,

this Settlement Agreement shall be governed by and construed in

accordance with the internal laws of the Commonwealth of

Virginia without regard to any choice of law provisions.

11.    This Settlement Agreement may be signed in

counterpart originals and delivered by facsimile or email, which,

when fully executed, shall constitute a single original.

12.    This Settlement Agreement constitutes the entire

agreement and understanding of the parties regarding the

Agreement and the subject matter thereof.

13.    The United States Bankruptcy Court for the

Eastern District of Virginia shall retain exclusive jurisdiction

(and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

14.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

15.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

16.   This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

17.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

12

IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of September 10, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

13

AMERIWOOD INDUSTRIES

By:


/s/ Jim Kimminau_____
Jim Kimminau
Vice President of Finance
Ameriwood Industries
410 E. First St. South
Wright City, MO 63390