Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, SLATE, MEAGHER & FLOM,  MCGUIREWOODS LLP
LLP                             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**SEVENTH INTERIM FEE APPLICATION OF SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
DEBTORS FOR THE PERIOD FROM MAY 1, 2010 THROUGH AND
INCLUDING JULY 31, 2010**

Name of Applicant: Skadden, Arps, Slate, Meagher & Flom
LLP

Authorized to provide professional services to: Circuit
City Stores, Inc., et al.

Date of retention: effective November 10, 2008

Period for which compensation and reimbursement are sought: May 1, 2010 through and including July 31, 2010

Amount of compensation sought as actual, reasonable, and necessary: $1,922,626

Amount of expense reimbursement sought as actual, reasonable, and necessary: $50,422

This is a/an: ____ monthly _X_ interim ____ final application.

The Application does not request compensation at this time for services rendered in preparing this Application. The Applicant intends to seek such compensation at a later date.

**COMPENSATION BY PROFESSIONAL PERSON**
**SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP**
**MAY 1, 2010 – JULY 31, 2010**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNER** | | | | |
| Jody J. Brewster | 1983 | $995 | 9.2 | $9,154 |
| Philippe Derouin | 1976 | $995 | 27.0 | $26,866 |
| Gregg M. Galardi | 1990 | $975 | 245.4 | $239,275 |
| David F. Levy | 1995 | $850 | 29.4 | $24,990 |
| Timothy G. Reynolds | 1980 | $995 | 8.1 | $8,060 |
| | **TOTAL PARTNER** | | 319.1 | $308,345 |
| **ASSOCIATE** | | | | |
| Sarah K. Baker | 2006 | $575 | 380.8 | $218,965 |
| Joshua J. Bugay | 2009 | $420 | 244.4 | $102,648 |
| Pamela S. Dangelo | 2008 | $485 | 14.4 | $6,985 |
| Folarin S. Dosunmu | 2004 | $665 | 8.0 | $5,320 |
| Ian S. Fredericks | 2003 | $665 | 626.8 | $416,830 |
| Kellan Grant | 2000 | $680 | 88.0 | $59,840 |
| Douglas D. Herrmann | 2005 | $630 | 148.0 | $93,240 |
| Amy C. Huffman | 2007 | $525 | 60.8 | $31,920 |
| Christine W. Kim | 2008 | $485 | 7.0 | $3,395 |
| Candice Korkis | 2009 | $420 | 22.7 | $9,534 |
| Jessica S. Kumar | 2007 | $525 | 272.6 | $143,119 |
| Kelly A. Lazaroff | 2008 | $485 | 124.0 | $60,143 |
| Jason M. Liberi | 2003 | $680 | 238.3 | $162,044 |
| John P. Marston | 2004 | $665 | 123.3 | $81,995 |
| Sundeep S. Sidhu | 2009 | $420 | 190.9 | $80,178 |
| Jarrett Vine | 2009 | $420 | 96.4 | $40,488 |
| | **TOTAL ASSOCIATE** | | 2646.4 | $1,516,644 |
| **PARAPROFESSIONALS** | | | | |
| Christopher L. Angelica | | $295 | 30.3 | $8,939 |
| Mark D. Campana | | $297 | 0.3 | $89 |
| Stacey P. Delacruz | | $185 | 5.4 | $999 |
| Merrick L. Friel | | $295 | 14.2 | $4,129 |

i

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|------------------|------|-------|--------|
| Erwan Garnier | | $295 | 12.0 | $3,540 |
| Christopher M. Heaney | | $295 | 172.2 | $50,801 |
| Christine H. Ingram | | $345 | 5.3 | $1,829 |
| Wendy K. LaManna | | $295 | 72.0 | $21,241 |
| Larry S. Morton | | $295 | 12.3 | $3,629 |
| William C. Terry | | $345 | 6.9 | $2,381 |
| | | | | |
| | **TOTAL PARAPROFESSIONAL** | | 330.9 | $97,637 |
| | | | | |
| | **TOTAL** | | **3296.4** | **$1,922,626** |
| | | | | |
| | | **BLENDED HOURLY RATE** | | **$583** |

**COMPENSATION BY MATTER**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**MAY 1, 2010 – JULY 31, 2010**

| Matter | Total Hours | Total Fees |
|---|---|---|
| General Corporate Advice | 110.3 | $81,288 |
| Asset Analysis and Recovery | 28.6 | $15,665 |
| Asset Dispositions (Real Property) | 36.3 | $21,136 |
| Automatic Stay (Relief Actions) | 0.3 | $173 |
| Business Operations/Strategic Planning | 18.4 | $17,941 |
| Case Administration | 184.4 | $74,814 |
| Claims Administration (General) | 1073.8 | $575,073 |
| Claims Administration (Reclamation) | 137.5 | $70,114 |
| Creditor Meetings/Statutory Committees | 27.4 | $21,353 |
| Employee Matters (General) | 15.4 | $8,337 |
| Insurance | 122 | $77,520 |
| Investigations and Reviews | 5.9 | $4,575 |
| Leases (Real Property) | 1.7 | $914 |
| Litigation (General) | 547.9 | $299,002 |
| Litigation (Insurance Recovery) | 1.2 | $1,170 |
| Liquidation/Feasibility | 6.5 | $4,323 |
| Nonworking Travel Time* *Billed at 50% | 42.2 | $33,335 |
| Regulatory and SEC Matters | 0.7 | $559 |
| Reorganization Plan/Plan Sponsors | 580.9 | $377,102 |
| Retention/Fee Matters (SASM&F) | 24.7 | $14,213 |
| Retention/Fee Matters/Objections (Other) | 41.2 | $22,969 |
| Secured Claims | 5.8 | $3,336 |
| Tax Matters | 276.0 | $193,516 |
| Utilities | 7.3 | $4,198 |
| **TOTAL** | **3296.4** | **$1,922,626** |

**EXPENSE SUMMARY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**MAY 1, 2010 – JULY 31, 2010**

| Expense Category | Total Expenses |
|---|---:|
| Computer Legal Research | $19,705 |
| Telecommunications | $935 |
| Reproduction and Document Preparation | 2,311 |
| Outside Research | $1,326 |
| Travel | $20,052 |
| Courier, Express Carriers (e.g., Federal Express) and Postage | $1,952 |
| Electronic Document Management | $3,961 |
| Filing/Court Fees | $180 |
| **TOTAL** | **$50,422** |

iv

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      : Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  : Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        : Jointly Administered
- - - - - - - - - - - - - - x

       **SEVENTH INTERIM APPLICATION OF SKADDEN, ARPS,**
       **SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR**
       **SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
       **AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM**
       **MAY 1, 2010 THROUGH AND INCLUDING JULY 31, 2010**

            Skadden, Arps, Slate, Meagher & Flom LLP and

its affiliated law offices (collectively, "Skadden,

Arps"), counsel for the debtors and debtors in

possession in the above-captioned cases (collectively,

M

the "Debtors"),[1] submit this application (the

"Application") seeking allowance of interim compensation

and reimbursement of expenses under sections 330 and 331

of title 11 of the United States Code (the "Bankruptcy

Code") for the period from May 1, 2010 through and

including July 31, 2010 (the "Application Period"), and

represent as follows:

**JURISDICTION**

1.    This Court has jurisdiction to consider

this Application under 28 U.S.C. §§ 157 and 1334.  This

is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Application in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]   The Debtors are the following entities: The Debtors and the last
four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City
Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for the Debtors is 4951
Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

**BACKGROUND**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going-out-of-business sales were concluded on or about March 8, 2009.

5.    On September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

3

Unsecured Claims (the "First Amended Plan").  The

associated disclosure statement (the "Disclosure

Statement") was approved on September 24, 2009.

6.    On August 9, 2010, the Debtors and the

Creditors' Committee filed the Second Amended Joint Plan

of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its

Official Committee of Creditors Holding General

Unsecured Claims (the "Second Amended Plan"). The Second

Amended Plan was confirmed on September 8, 2010.

7.    Generally, the Second Amended Plan

provides for the liquidation of the Debtors and

distributions of their assets to creditors under

chapter 11 of the Bankruptcy Code.

**RETENTION OF SKADDEN, ARPS**

8.    On November 20, 2008, the Debtors applied

to the Court for an order authorizing them to retain

Skadden, Arps pursuant to an engagement agreement dated

September 1, 2008 (the "Engagement Agreement") as their

bankruptcy counsel, effective as of the Petition Date,

to provide the following professional services:

4

(a)  advising the Debtors with respect to
their powers and duties as debtors and debtors
in possession in the continued management and
operation of their businesses and properties;

(b)  attending meetings and negotiating with
representatives of creditors and other parties
in interest and advising and consulting on the
conduct of the cases, including all of the
legal and Interim Compensation requirements of
operating in chapter 11;

(c)  taking all necessary action to protect
and preserve the Debtors' estates, including
the prosecution of actions on behalf of the
Debtors' estates, the defense of any actions
commenced against those estates, negotiations
concerning litigation in which the Debtors may
be involved and objections to claims filed
against the estates;

(d)  preparing, on behalf of the Debtors,
motions, applications, answers, orders,
reports, and papers necessary to the
administration of the estates;

(e)  preparing and negotiating on the Debtors'
behalf plan(s) of reorganization, disclosure
statement(s), and all related agreements
and/or documents and taking any necessary
action on behalf of the Debtors to obtain
confirmation of such plan(s);

(f)  advising the Debtors in connection with
any sale of assets;

(g)  performing other necessary legal services
and providing other necessary legal advice to
the Debtors in connection with these chapter
11 cases; and

(h)  appearing before this Court, any
appellate courts, and the United States

5

Trustee and protecting the interests of the
Debtors' estates before such courts and the
United States Trustee.[2]

9.    On December 8, 2008, the Court entered an
order (the "Retention Order") authorizing the Debtors to
employ Skadden, Arps as their counsel effective as of
the Petition Date pursuant to the terms of the
Engagement Agreement.  A copy of the Retention Order is
attached hereto as Exhibit A.

### INTERIM COMPENSATION

10.   On December 9, 2008, the Court entered an
Order Under Bankruptcy Code Sections 105(a) and 331
Establishing Procedures for Interim Compensation (the
"Interim Compensation Order").  A copy of the Interim
Compensation Order is attached hereto as Exhibit B.

11.   Pursuant to the terms of the Interim
Compensation Order, if no objection to a monthly fee
application is filed within twenty (20) days of the date
of filing of that application, then the respective

---

[2]    Information concerning the experience and standing at the bar
       of Skadden, Arps' senior attorneys on this engagement are
       described in the application and related materials filed by
       Skadden in support of its retention in these cases (the
       "Retention Application") (D.I. 287), which is incorporated
       herein by reference.

6

professionals may be paid eighty-five percent (85%) of
the fees and one hundred percent (100%) of the expenses
set forth in the applicable monthly fee application.

12. Every three (3) months beginning with the
three-month period ending on January 31, 2009, all
professionals, including Skadden, Arps, are required to
file interim fee applications for the prior three-month
period. Thereafter, this Court schedules a hearing to
consider such interim fee applications, including
payment of the fifteen percent (15%) "holdback".

13. Pursuant to the Interim Compensation
Order, Skadden, Arps has served each Monthly Fee Request,
including time and expense detail, on (i) Circuit City
Stores, Inc., (ii) McGuireWoods LLP, (iii) the Office of
the United States Trustee, and (iv) Pachulski Stang
Ziehl & Jones LLP (collectively, the "Notice Parties")
for each of the months in the Application Period.

14. On June 16, 2010, Skadden, Arps served
its Monthly Fee Request in the amount of $653,144,
consisting of $640,688 for professional fees and $12,456
for expenses relating to the period from May 1, 2010
through and including May 31, 2010. Pursuant to the

7

Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee Request.  The
20-day period for objections expired on July 6, 2010
without any objections.  At that time, Skadden, Arps was
paid 85% of the requested professional fees and 100% of
requested expenses, in the aggregate amount of $557,041.

15.  On July 14, 2010, Skadden, Arps served
its Monthly Fee Request in the amount of $783,872,
consisting of $763,089 for professional fees and $20,783
for expenses relating to the period from June 1, 2010
through and including June 30, 2010.  Pursuant to the
Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee Request.  The
20-day period for objections expired on August 3, 2010
without any objections.  At that time, Skadden, Arps was
paid 85% of the requested professional fees and 100% of
requested expenses, in the aggregate amount of $669,409.

16.  On August 11, 2010, Skadden, Arps served
its Monthly Fee Request in the amount of $536,032,
consisting of $518,849 for professional fees and $17,183
for expenses relating to the period from July 1, 2010
through and including July 31, 2010.  Pursuant to the

Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee Request.  The
20-day period for objections expired on August 31, 2010
without any objections.  At that time, Skadden, Arps was
paid 85% of the requested professional fees and 100% of
requested expenses, in the aggregate amount of $458,205.

17.   Pursuant to the Interim Compensation
Order, Skadden, Arps is filing this Application for
compensation for professional services rendered and
reimbursement of disbursements made in these cases
during the Application Period.

### RELIEF REQUESTED

18.   By this Application, Skadden, Arps
requests approval and payment of interim compensation
and reimbursement of expenses for the Application Period
pursuant to Bankruptcy Code sections 330 and 331.
Attached as Exhibit C are copies of Skadden, Arps' fee
statements (the "Statements") reflecting professional
services rendered for which compensation is sought and
actual disbursements for which reimbursement is sought.

19.   At this time, Skadden, Arps is seeking
allowance of compensation equal to $1,922,626 in fees

for professional services rendered during the
Application Period as counsel to the Debtors in these
chapter 11 cases.  This amount is derived solely from
the applicable hourly billing rates of the firm's
personnel who rendered such services to the Debtors.  Of
this amount, Skadden, Arps has already been paid
$1,634,233 pursuant to the Interim Compensation Order.
In addition to the foregoing amounts, through this
Application, Skadden, Arps requests payment of $288,393,
representing the aggregate 15% holdback of fees billed,
but withheld, during the Application Period.

        20.   Skadden, Arps also requests allowance of
reimbursement of 100% of the actual and necessary out-
of-pocket disbursements and charges incurred in the
Application Period, equal to $50,422.

        21.   The fees and disbursements sought for
this Application Period reflect total client
accommodations of $119,297.  In the event that any
objections to this Application are filed, Skadden, Arps
reserves the right to seek payment for all or any part
of the client accommodations.

22.   This Application is made without prejudice to the firm's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Interim Compensation Order.

23.   Skadden, Arps has received no promise of payment for professional services rendered, or to be rendered, in these cases other than in accordance with the provisions of the Bankruptcy Code.

**BASIS FOR RELIEF**

24.   It is not practical to describe every phone call made, meeting attended, document generated, or other service provided in the Debtors' cases during the Application Period.  Thus, this Application highlights the most significant services performed; the attached time records contain the detail of each task performed during the Application Period.

25.   Skadden, Arps submits that the legal services and advice rendered to the Debtors during the Application Period were necessary and beneficial to the Debtors and their estates and creditors.

11

26.   During the Application Period, attorneys
and paraprofessionals of Skadden, Arps devoted a total
of 3296.4 hours to representation of the Debtors.  Of
the aggregate time expended, 319.1 hours were spent by
partners, 2646.4 hours were spent by associates and
330.9 hours were spent by paraprofessionals.  Schedules
showing the name and position of each such partner,
associate and paraprofessional, hours worked during the
Application Period, and hourly billing rate are provided
at the front of this Application.  Skadden, Arps'
professionals billed their services in these cases to
numerous matters corresponding to particular activities
in the case.  <u>Exhibit D</u> provides the detail by matter of
the time billed for such services.

27.   Set forth on <u>Exhibit E</u> are the detailed
expense charges incurred during the Application Period
by matter number.

### DESCRIPTION OF SERVICES RENDERED

28.   The following description of Skadden,
Arps' services is a summary of the matters that occupied
substantial amounts of time during the Application
Period.

12

**I.   MATTERS OVER $250,000**

29.   During the Application Period, Skadden,
Arps' professionals devoted significant time to three
key matters, the time value of which exceeds $250,000
for each.   These matters are as follows:

**A.   Claims Administration (General)
       (Amount Sought: $575,073)**

30.   During the Application Period, Skadden,
Arps continued analyzing, reconciling and objecting to
claims against the Debtors' estates.   In prior
application periods, Skadden, Arps had filed numerous
omnibus objections and received responses from many
claimants.   In this Application Period, Skadden, Arps'
professionals continued to focus on evaluating claims
filed and negotiating with individual claimants, working
to consensually resolve large secured, administrative,
503(b)(9), and priority claims where practicable and
expedient.   If a resolution could not be reached,
Skadden, Arps prepared for and prosecuted contested
hearings.

31.   Skadden, Arps also continued evaluating
the collection of receivables from various creditors

13

through setoff or otherwise.  In doing so, Skadden,
Arps' professionals worked closely with the Debtors and
the claimants to reconcile accounts and attempt to reach
consensual resolutions.  Where appropriate, Skadden,
Arps professionals' drafted stipulations that both
secured the return of receivables to the Debtors'
estates and resolved large claims without resorting to
litigation.

32.   Similarly, Skadden, Arps continued
analyzing and reconciling the claims of the Debtors'
landlords, identifying all bases for reducing,
reclassifying, and/or disallowing such claims, and
settling such claims where practicable and expedient.
Additionally, professionals at Skadden, Arps drafted
demand letters seeking payment of tenant improvement
allowances and other reimbursements due to the Debtors
from certain landlords.

33.   In all, Skadden, Arps' professionals
devoted a total of 1073.8 hours to claims administration
matters during the Application Period for which
compensation is sought, with a total time value of
$575,073.

**B.    Reorganization Plan/Plan Sponsors
       (Amount Sought: $377,102)**

34.    During the Application Period, Skadden,
Arps devoted significant time attempting to negotiate a
consensual modified plan of liquidation and advising the
Debtors' concerning their options with respect thereto.
After negotiations failed and the Creditors' Committee
filed a separate plan, Skadden, Arps prepared for the
possibility of filing a competing plan.  Simultaneously,
Skadden, Arps filed a motion to compel mediation and
thereafter continued to attempt to negotiate a
consensual resolution.

35.    Ultimately, the Court ordered mediation
on the remaining disputed issues.  Skadden, Arps
prepared for and guided the Debtors through the process
and spent substantial time preparing for and
participating in mediation.  Following successful
mediation, Skadden, Arps' professionals drafted new and
modified existing plan documents.

36.    Finally, Skadden, Arps' professionals
worked to continue to resolve objections to confirmation
and update plan documents accordingly.

15

37.   In all, Skadden, Arps' professionals devoted a total of 580.9 hours to reorganization and plan-related matters during the Application Period for which compensation is sought, with a total time value of $377,102.

C.   **Litigation**
     **(Amount Sought: $299,002)**

38.   During the Application Period, Skadden, Arps drafted multiple and filed certain complaints on the Debtors' behalf against individual defendants, seeking to collect receivables and recover preferential transfers where the Debtors and each claimant-defendant were unable to reach a settlement.  As these litigation matters progressed, the efforts of Skadden, Arps' professionals focused on discovery and settlement. Skadden, Arps' professionals also participated in pre-trial conferences and continued to develop and strategize regarding the Debtors' causes of action.

39.   During the Application Period, Skadden, Arps also defended against two appeals.  In the prior application period, the Court ruled that reclamation claimants were not entitled to administrative claims on

16

account of the goods subject to reclamation.  As part of
that appeal, during the Application Period, Skadden,
Arps' professionals filed a brief in opposition to the
appellant's opening brief.  Also during the Application
Period, Skadden, Arps prepared to defend against an
appeal of the Court's ruling denying a certain class
proof of claim.

40.   In addition to initiating litigation on
the Debtors' behalf, Skadden, Arps' professionals
defended the Debtors in litigation initiated by other
parties.  This assistance consisted of, among other
things, drafting and responding to discovery requests,
and drafting and responding to motions or pleadings in
various contested matters and adversary proceedings.

41.   In all, Skadden, Arps' professionals
devoted a total of 547.9 hours to litigation matters
during the Application Period for which compensation is
sought, with a total time value of $299,002.

**II.   MATTERS OVER $50,000**

42.   Skadden, Arps' professionals devoted time
to additional important matters during the Application

Period, the time value of which exceeds $50,000 for each.

These matters are as follows:

**A.   Tax Matters**
       **(Amount Sought: $193,516)**

43.   During the Application Period, Skadden,
Arps continued to address developments relating to tax
refunds owed to the Debtors on account of (i) a
sale/leaseback transaction and (ii) net operating loss
carrybacks, including, among other things, recovery of
the remaining refunds.

44.   Additionally, Skadden, Arps continued to
assist the Debtors and their Canadian professionals with
tax matters related to the Canadian affiliates and
potential distributions to the Debtors' estates from the
Canadian Debtors.

45.   Finally, as mentioned above, Skadden,
Arps' professionals assisted the Debtors with analyzing
and reconciling various tax priority claims and, in
certain instances, filed and prosecuted motions and
other pleadings seeking to disallow substantial priority
tax claims based on governing tax law.

46.   In all, Skadden, Arps' professionals
devoted a total of 276 hours to tax matters during the
Application Period for which compensation is sought,
with a total time value of $193,516.

**B.    General Corporate Advice
       (Amount Sought: $81,288)**

47.   During the Application Period, Skadden,
Arps continued to provide the Debtors with general
corporate advice related to their obligations under the
Bankruptcy Code and governing state law.  In particular,
Skadden, Arps provided significant advice to the various
Debtors during the negotiations with the Creditors'
Committee concerning the plan and mediation.

48.   In all, Skadden, Arps' professionals
devoted a total of 110.3 hours to general corporate
advice during the Application Period for which
compensation is sought, with a total time value of
$81,288.

**C.    Insurance
       (Amount Sought: $77,520)**

49.   During the Application Period, Skadden,
Arps analyzed certain insurance policies of the Debtors
and researched issues related thereto.  Moreover,

19

professionals at Skadden, Arps researched and drafted
documents required under certain insurance policies to
provide notice of potential claims that may be filed
against the Debtors and/or their former officers and
directors.

50.   In all, Skadden, Arps' professionals
devoted a total of 122 hours to insurance matters during
the Application Period for which compensation is sought,
with a total time value of $77,520.

**D.   Case Administration
(Amount Sought: $74,814)**

51.   During the Application Period, Skadden,
Arps worked closely with the Creditors' Committee as the
Debtors' cases progressed toward confirmation and
transition to a proposed liquidating trust.  Skadden,
Arps' professionals communicated extensively with
counsel to the Committee to keep counsel informed of
recent developments, especially those related to
settlement discussions and proposals with third parties.
Skadden, Arps' professionals also continued drafting
comprehensive memoranda for the Debtors' chief
restructuring officer and propsed trustee under the

20

liquidating trust regarding the status of all matters on
which Skadden, Arps was working.

52.    Additionally, Skadden, Arps'
professionals prepared for, attended and participated in
various omnibus hearings, each dealing with numerous
contested and uncontested matters.

53.    In all, Skadden, Arps' professionals
devoted a total of 184.4 hours to case administration
matters during the Application Period for which
compensation is sought, with a total time value of
$74,814.

### E.    Claims Administration (Reclamation) (Amount Sought: $70,114)

54.    As noted above, during the Application
Period, certain reclamation claimants appealed the
Court's ruling that they were not entitled to
administrative claims on account of goods subject to
reclamation.  Accordingly, Skadden, Arps' professionals
researched additional issues and prepared briefs in
connection with the appeal.

55.    In all, Skadden, Arps' professionals
devoted a total of 137.5 hours to reclamation claims

administration matters during the Application Period for which compensation is sought, with a total time value of $70,114.

**III. MATTERS OVER $15,000**

56.    Certain other matters required the attention of Skadden, Arps during the Application Period, the time value of which exceeds $15,000 for each.  These matters are as follows:

**A.    Nonworking Travel Time
        (Amount Sought: $33,335)**

57.    During the Application Period, Skadden, Arps' professionals traveled to attend numerous omnibus hearings, on-site client meetings and mediation sessions.

58.    In all, Skadden, Arps' professionals devoted a total of 42.2 hours to non-working travel during the Application Period for which compensation is sought, with a time value of $33,335, representing fifty percent (50%) of the total time value.

**B.    Retention/Fee Matters/Objections (Others)
        (Amount Sought: $22,969)**

59.    During the Application Period, Skadden, Arps negotiated with the Creditors' Committee and other interested parties to consensually resolve disputes over

matters related to other professionals retained in the Debtors' cases.

60.  In all, Skadden, Arps' professionals devoted a total of 41.2 hours to matters related to the retention of other professionals during the Application Period for which compensation is sought, with a time value of $22,969.

**C.  Creditor Meetings/Statutory Committees (Amount Sought: $21,353)**

61.  During the Application Period, Skadden, Arps' professionals engaged in extensive communication with the Creditors' Committee, as the Debtors attempted to negotiate a consensual resolution to the various plan disputes.  This involved preparing for and participating numerous teleconferences and meetings.

62.  In all, Skadden, Arps' professionals devoted a total of 27.4 hours to creditor and statutory committee matters during the Application Period for which compensation is sought, with a time value of $21,353.

### D.   Asset Dispositions (Real Property) (Amount Sought: $21,136)

63.   During the Application Period, professionals at Skadden, Arps facilitated the disposition of the Debtors' final four parcels of owned real estate, including, notably, the sale of the Debtors' corporate headquarters property.  These dispositions required negotiating with interested parties and drafting motions, bid procedures and other documents concerning such dispositions.

64.   In all, Skadden, Arps' professionals devoted a total of 36.3 hours to real property disposition matters during the Application Period for which compensation is sought, with a total time value of $21,136.

### E.   Business Operations/Strategic Planning (Amount Sought: $17,941)

65.   During the Application Period, Skadden, Arps' professionals continued to provide the Debtors with strategic advice related to maximizing the value of their remaining assets, which consist primarily of causes of action and potential distributions from their Canadian affiliates.

24

66.   In all, Skadden, Arps' professionals devoted a total of 18.4 hours to business operations and strategic planning during the Application Period for which compensation is sought, with a total time value of $17,941.

### F.   Asset Analysis and Recovery (Amount Sought: $15,665)

67.   During the Application Period, Skadden, Arps professionals continued investigating various causes of action and other potential assets.

68.   In all, Skadden, Arps' professionals devoted a total of 28.6 hours to asset analysis and recovery during the Application Period for which compensation is sought, with a total time value of $15,665.

### IV.   MATTERS UNDER $15,000

69.   Finally, Skadden, Arps devoted time to matters with a total time value less than $15,000 each. These matters included (i) terminating and amending certain employee benefit plans, (ii) updating and reviewing the Debtors' liquidation and feasibility analysis, (iii) settling outstanding utility matters,

25

(iv) resolving secured claims, (v) attending to
inquiries and requests of former landlords,
(vi) complying with regulatory requirements,
(vii) addressing automatic stay relief actions, and
(viii) obtaining approval of Skadden, Arps' compensation.

### ALLOWANCE OF COMPENSATION

70. **Compensation Sought.** Because of the
benefits realized by the Debtors, the nature of these
cases, the standing at the bar of the attorneys who
rendered services, the amount of work done, the time
consumed, the skill required and the contingent nature
of the compensation, Skadden, Arps requests that it be
allowed at this time all compensation for the
professional services rendered during the Application
Period. Additionally, Skadden, Arps seeks payment of
the remaining 15% holdback, totaling $288,393.

71. Skadden, Arps achieved cost efficiencies
by employing a streamlined case management structure.
Instead of assigning various attorneys to the myriad of
tasks that arose during these cases, Skadden, Arps
designated a core group of associates who were assigned
responsibility for specific matters and types of matters.

26

This (i) allowed some attorneys to work almost exclusively on discrete matters in the Debtors' cases, (ii) permitted the case to be staffed with as little partner involvement as appropriate, and (iii) enabled Skadden, Arps to avoid performing duplicative or unnecessary work.

72. **Reimbursement of Expenses.**  Skadden, Arps has disbursed, and requests allowance reimbursement for $50,422, representing actual and necessary expenses incurred while rendering professional services in these cases.

73. **Compensation Sharing Disclosure.**  Other than between Skadden, Arps and its affiliated law practices and their members, no agreement or understanding exists between Skadden, Arps and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases, nor will any be made except as permitted pursuant to Bankruptcy Code section 504(b)(1).

74. **Reservation of Rights.**  Skadden, Arps reserves the right to return to this Court seeking

27

reimbursement for amounts related to work performed or
expenses incurred during the Application Period but not
yet reflected in the firm's time records or to amend the
amounts listed herein to correct any bookkeeping errors.
In the event a subsequent review reveals that additional
professional services have been rendered or expenses
have been incurred on behalf of the Debtors during the
Application Period, which were not processed by the
firm's accounting system before the time of this
Application, Skadden, Arps reserves the right to seek
such additional fees and expenses by subsequent
application to the Court.[3]

---

[3]   Skadden, Arps further reserves the right to request additional
      compensation at a later date for time spent preparing this
      Application.

28

**CONCLUSION**

WHEREFORE, Skadden, Arps respectfully requests
entry of an order (a) approving interim compensation for
professional services rendered as attorneys for the
Debtors in the sum of $1,922,626, equal to one
hundred percent (100%) of fees incurred during the
Application Period; (b) authorizing payment of $288,393
as fifteen percent (15%) of fees held back;
(c) approving of reimbursement of actual and necessary
expenses in the sum of $50,422; and (d) granting such
other and further relief as is just and proper.

Dated:   September 14, 2010

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                        LLP

                    /s/ Gregg M. Galardi
                    Gregg M. Galardi (I.D. No. 2991)
                    One Rodney Square
                    P.O. Box 636
                    Wilmington, Delaware 19899-0636
                    (302) 651-3000

                        - and -

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
                        LLP
                    Chris L. Dickerson, Esq.
                    155 North Wacker Drive
                    Chicago, Illinois 60606

29

(312) 407-0700- and -

- and –

MCGUIREWOODS LLP


/s/ Douglas M. Foley____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession