Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
              Debtors.       :
                             :   **Obj. Deadline: September 30, 2010**
- - - - - - - - - - - - - - x

### NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION

PLEASE TAKE NOTICE that, on August 10, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement Agreement") with General Growth Properties, Inc. ("General Growth"), a copy of which is annexed hereto as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement Agreement are as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.**

(i)     The Settlement Agreement is a Tier II Settlement.

(ii)    The Settlement Agreement is between the Debtors and General Growth (together, the "Parties").

(iii)   Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc., two of the Debtors, as tenants, and certain affiliates and subsidiaries of General Growth as listed on Exhibits A, B, C and D to the Settlement Agreement attached hereto, as landlord, are parties to a total of thirteen (13) lease agreements for real property (collectively, the "Leases").

(iv)    General Growth has asserted certain claims on account of the Leases, including general unsecured claims (the "General Unsecured Claims") and administrative priority claims (the "Administrative Claims" and, together with the General Unsecured Claims, the "General Growth Claims").

(v)     The Debtors have alleged that General Unsecured Claims and Administrative Claims are overstated.

(vi)    The Settlement Agreement provides that (i) the Administrative Claims shall allowed in the aggregate amount of $206,359.87 (the "Allowed Administrative Claims"); and (ii) the General Unsecured Claims shall be allowed as non-priority, non-subordinated general unsecured claims in the aggregate amount of amount of $8,099,830.93 (the "Allowed Unsecured Claims").

(vii)   The Settlement Agreement also provides that General Growth shall pay to the Debtors the amount of $59,770.82 (the

"Net Balance"), which is calculated by setting off the distribution payable on account of the allowed administrative claim of one of the General Growth landlords against a rent refund due to the Debtors from such landlord.

(vii) The Allowed Administrative Claims and the Allowed Unsecured Claims constitute General Growth's full and final claims against the Debtors and their estates. Nothing in the Settlement Agreement impairs, waives, relinquishes the Debtors' rights to recover amounts under Bankruptcy Code sections 544, 546, 547, 548, 549 or 550 (the "Avoidance Action Claims") if any, or any rights, claims, or defenses to or in connection with any Avoidance Action Claims.

(viii) The Settlement Agreement provides for the efficient and consensual resolution of claims by and between the Parties. As such, the Settlement Agreement will avoid unnecessary costs and expenses of negotiating the remaining issues between the Parties in a duplicative, piecemeal manner. Accordingly, the Settlement Agreement is in the best interests of the Debtors and their estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION
OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of

Unsecured Creditors (the "Creditors' Committee")(see information below) by no later than **September 30, 2010** (the "Objection Deadline").  Each Objection or Request must be served on (i) counsel for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: John Morris (jmorris@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning such Settlement Agreement, you or you attorney must also file a written objection with the Bankruptcy Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before September 30, 2010.**

**Any Objection to the Settlement Agreement must be submitted by the method described above.  Objections will be deemed filed only when actually received.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.


Dated: September 16, 2010    SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia    FLOM, LLP
                                         Gregg M. Galardi, Esq.
                                         Ian S. Fredericks, Esq.
                                       P.O. Box 636
                                       Wilmington, Delaware 19899-0636
                                       (302) 651-3000

                                           - and -

                                       SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP
                                       Chris L. Dickerson, Esq.
                                       155 North Wacker Drive
                                       Chicago, Illinois 60606
                                       (312) 407-0700

                                           - and -

                                       MCGUIREWOODS LLP

                                     /s/ Douglas M. Foley
                                     Douglas M. Foley (VSB No. 34364)
                                     Sarah B. Boehm (VSB No. 45201
                                     One James Center
                                     901 E. Cary Street
                                     Richmond, Virginia 23219
                                     (804) 775-1000

                                     Counsel for Debtors and Debtors
                                     in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR. P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

2

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.  The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**


**(Settlement Agreement)**

Gregg M. Galardi, Esq.             Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.            Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x
```

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND GENERAL GROWTH PROPERTIES, INC. RESOLVING
CERTAIN CLAIMS**

This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and General Growth

Properties, Inc. ("General Growth") and such affiliates

and subsidiaries as listed on Exhibits A, B, C and D

hereto and any other affiliates and subsidiaries as may

be affected by this Agreement (each individually, a

"Claimant" and collectively, "Claimants"), on the other

hand.  The Debtors and Claimants are sometimes referred

to herein collectively as the "Parties" or individually

as a "Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

2

title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded; and

3

WHEREAS, on September 29, 2009, the Debtors
and the Creditors Committee filed the First Amended
Joint Plan of Liquidation of Circuit City Stores, Inc.
and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims, which was amended on August 9, 2010
(as may be further amended, the "Plan"); and

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009 and supplemented on August 9, 2010 (the
"Supplemental Disclosure"); and

WHEREAS, the Court approved the Plan at a
hearing held on September 8, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors and distribution of their
assets to creditors under chapter 11 of the Bankruptcy
Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action

4

Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order")[2] to

enter into this Settlement Agreement, subject to the

Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, either Circuit City Stores, Inc. or

Circuit City Stores West Coast, Inc., two of the

Debtors, as tenants, are parties to certain

nonresidential real property leases (the "Leases"), each

with a Claimant, as landlord; and

WHEREAS, the Claimants have each filed

numerous claims on account of each of their respective

Leases (collectively, the "Claims");

WHEREAS, the Debtors allege that certain of

the Claims should be expunged as having been amended and

superseded; and

WHEREAS, the Debtors allege that certain of

the Claims should be disallowed; and

WHEREAS, the Debtors dispute the amount and/or

classification of certain of the Claims; and

---

[2] All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

WHEREAS, the Debtors allege that they are owed a refund of $71,320.56 from Boulevard Associates, one of the Claimants, on account of overpayment of post-petition rent under the respective Lease (the "Rent Refund"); and

WHEREAS, rather than proceed with litigation concerning the Claims, the parties engaged in good faith, arms' length negotiations to resolve such claims in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Upon the occurrence of the Effective Date (as defined below), the Parties agree that Claimants shall have (i) allowed administrative expense claims as listed on Exhibit A attached hereto (the "Allowed Administrative Claims"), and (ii) allowed non-priority, non-subordinated general unsecured claims as listed on Exhibit B attached hereto (the "Allowed Unsecured Claims").

6

2.    The Allowed Administrative Claims and the
Allowed Unsecured Claims shall be deemed "allowed"
claims against the Debtor and its estate, as listed on
Exhibits A and B, in such Debtor's case for all purposes,
including with respect to any confirmed plan of
liquidation or in any chapter 7 case of such Debtor, and
shall not be subject to amendment or further offset,
reduction, subordination or discount.   The Allowed
Administrative Claims shall be paid on Initial
Distribution Date (as defined in the Plan) and shall not
be subject to further disallowance on any grounds
including, but not limited to, section 502(d) of the
Bankruptcy Code.

3.    Upon occurrence of the Effective Date,
the Claims listed on Exhibit C attached hereto shall be
expunged in the applicable Debtor's case.

4.    Upon occurrence of the Effective Date,
the Claims listed on Exhibit D attached hereto shall be
disallowed in the applicable Debtor's case.

5.    This Agreement shall not affect any
claims filed by Shoppes At River Crossing, LLC (the
"River Crossing Claims"), nor shall this Agreement

prejudice any of the Debtors' defenses with respect to such claims.

6.   Except as otherwise set forth herein, all other claims filed by Claimants are deemed withdrawn with prejudice.

7.   Within ten (10) business days of the Initial Distribution Date, General Growth shall pay to the Debtors the amount of $59,770.82 (the "Net Balance"), which is calculated by setting off the distribution payable on account of the Allowed Administrative Claim in favor of Boulevard Associates set forth on Exhibit A hereto against the Rent Refund discussed above.  Nothing by virtue of General Growth's or Claimant's agreement to the Rent Refund or payment of the Net Balance shall be construed to affect the distribution on account of the corresponding Allowed Unsecured Claim set forth on Exhibit B hereto.

8.   For the avoidance of doubt, the Parties agree that: (a) the Allowed Administrative Claims and the Allowed Unsecured Claims shall constitute the Claimants' full and final claims against the Debtors and their estates (subject to final reconciliation of the

8

River Crossing Claims and except as provided for in
paragraph 8(c)(ii)); (b) Claimants shall not file or be
entitled to recover on account of any other claims
(other than the River Crossing Claims and except as
provided for in paragraph 8(c)(ii)); and (c) nothing
herein shall be deemed to be or construed as, an
impairment, waiver, or relinquishment of, or to affect,
impair, waive, or relinquish (i) subject to the terms of
the last sentence of paragraph 2 hereof, the Debtors'
rights to recover amounts under Bankruptcy Code sections
544, 546, 547, 548, 549, or 550 (the "Avoidance Action
Claims"), if any, or (ii) Claimants' rights, claims, or
defenses to or in connection with any Avoidance Action
Claims, including but not limited to any claims under
502(h).

      9.   Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Agreement or

9

(b) to seek damages or injunctive relief in connection therewith.

10.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

11.   No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors; provided, however, that this Agreement is specifically binding on successors and assigns including any committee or trustee appointed by statute or pursuant to the Plan.

12.   Except where preempted by applicable Federal law, this Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

10

13.   This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

14.   This Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

15.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

16.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement.

11

The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

17.  This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

18.  This Agreement and all of its terms shall be effective (the "Effective Date") upon the later of (i) execution by the Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  September 14, 2010

GENERAL GROWTH PROPERTIES, INC.

By:

_____
Name: Julie Minnick Bowden
Title: National Bankruptcy Manager

Dated:   September [   ], 2010

**EXHIBIT A**

Allowed Administrative Claims

| Claimant | Debtor | Case No. | Claim No. | Amount |
|---|---|---|---|---|
| Alexandria Mall I, LLC, Alexandria Mall II, LLC, Alexandria Mall III, LLC, Alexandria Mall Radiant LLC | Circuit City Stores, Inc. | 08-35653 | 14846 | $9,077.83 |
| Boise Towne Plaza, LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14646 | $19,994.99 |
| Boulevard Associates | Circuit City Stores West Coast, Inc. | 08-35654 | 14589 | $11,549.74* |
| Deerbrook Mall, LLC | Circuit City Stores, Inc. | 08-35653 | 14845 | $14,938.82 |
| Eastridge Shopping Center LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14610 | $9,841.36 |
| GGP-Gateway Mall LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14850 | $10,591.00 |
| Mall of Louisiana Land, LP | Circuit City Stores, Inc. | 08-35653 | 14847 | $21,656.81 |
| Montclair Plaza LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14851 | $9,140.60 |
| UK American Properties, Inc. | Circuit City Stores West Coast, Inc. | 08-35654 | 14852 | $5,388.82 |
| Parks At Arlington, LP | Circuit City Stores, Inc. | 08-35653 | 14848 | $69,921.09 |
| GGP-Steeplegate, Inc. | Circuit City Stores, Inc. | 08-35653 | 14849 | $24,258.81 |

*There shall be no distribution on account of claim number 14589.

**EXHIBIT B**

**Allowed Non-Priority, Non-Subordinated General Unsecured Claims**

| Claimant | Debtor | Case No. | Claim No. | Amount |
|---|---|---|---|---|
| Alexandria Mall I, LLC, Alexandria Mall II, LLC, Alexandria Mall III, LLC, Alexandria Mall Radiant LLC | Circuit City Stores, Inc. | 08-35653 | 14668 | $498,682.93 |
| Boise Towne Plaza, LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14647 | $837,118.52 |
| Boulevard Associates | Circuit City Stores West Coast, Inc. | 08-35654 | 14591 | $385,828.90 |
| Deerbrook Mall, LLC | Circuit City Stores, Inc. | 08-35653 | 14613 | $721,104.40 |
| Eastridge Shopping Center LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14615 | $549,375.93 |
| GGP-Gateway Mall LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14616 | $476,669.04 |
| Mall of Louisiana Land, LP | Circuit City Stores, Inc. | 08-35653 | 14648 | $1,121,031.07 |
| Montclair Plaza LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 14608 | $456,548.54 |
| UK American Properties, Inc. | Circuit City Stores West Coast, Inc. | 08-35654 | 14617 | $791,648.41 |
| Parks At Arlington, LP | Circuit City Stores, Inc. | 08-35653 | 14606 | $1,645,819.91 |
| GGP-Steeplegate, Inc. | Circuit City Stores, Inc. | 08-35653 | 14614 | $612,541.98 |
| The Woodlands Mall Associates, LLC | Circuit City Stores, Inc. | 08-35653 | 11785 | $3,461.30 |

16

**EXHIBIT C**

Expunged Claims

| Claimant | Debtor | Case No. | Claim No. |
|---|---|---|---|
| Alexandria Mall I, LLC, Alexandria Mall II, LLC Alexandria Mall III, LLC Alexandria Mall Radiant LLC | Circuit City Stores, Inc. | 08-35653 | 11667 11903 13217 14656 14657 14667 |
| Boise Towne Plaza, LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 13140 |
| Deerbrook Mall, LLC | Circuit City Stores, Inc. | 08-35653 | 11777 13141 14603 |
| Eastridge Shopping Center, LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 13245 13301 |
| GGP-Gateway Mall LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 11744 13244 13302 14611 |
| Mall of Louisiana Land, LP | Circuit City Stores, Inc. | 08-35653 | 11772 13142 |

17

| Claimant | Debtor | Case No. | Claim No. |
|---|---|---|---|
| Montclair Plaza LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 4374<br>11883<br>13303<br>14604 |
| UK American Properties, Inc. | Circuit City Stores West Coast, Inc. | 08-35654 | 4379<br>11882<br>13304<br>14607 |
| Parks At Arlington, LP | Circuit City Stores, Inc. | 08-35653 | 11713<br>14605 |
| GGP-Steeplegate, Inc. | Circuit City Stores, Inc. | 08-35653 | 11780<br>13145<br>14612 |

18

**EXHIBIT D**

Disallowed Claims

| Claimant | Debtor | Case No. | Claim No. |
|---|---|---|---|
| Burbank Mall Associates, LLC | Circuit City Stores West Coast, Inc. | 08-35654 | 8696 |

19