Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**FINAL ORDER UNDER 11 U.S.C. §§ 105, 362 AND 541 AND FED. R. BANKR. P. 3001 AND 3002 ESTABLISHING NOTICE, HEARING, AND SELL-DOWN PROCEDURES FOR TRADING IN EQUITY SECURITIES AND CLAIMS AGAINST THE DEBTORS' ESTATES**

        Upon the motion of the above-captioned debtors

and debtors in possession (the "Debtors") for an order

under Bankruptcy Code sections 105, 362 and 541 and

Bankruptcy Rules 3001 and 3002 (i) establishing

notification and hearing procedures for trading in equity

securities and (ii) establishing notice and sell-down

procedures for trading in claims against the Debtors'
estates (Docket No. 20, the "Motion");[1] and the Court having
entered the Order Under 11 U.S.C §§ 105, 362 and 541 Fed.
R. Bankr. P. 3001 and 3002 Establishing Notice, Hearing,
and Sell-Down Procedures for Trading in Equity Securities
and Claims Against the Debtors' Estates (Docket No. 135,
the "Interim Order"); and the Court having determined that
the relief requested in the Motion is in the best interests
of the Debtors, their estates, their creditors, and other
parties in interest; and it appearing that proper and
adequate notice of the Motion has been given and that no
other or further notice is necessary; and upon the record
herein; and after due deliberation thereon; and good and
sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is GRANTED on a final basis.

2.   Any purchase, sale, or other transfer of
claims against, or equity securities in, the Debtors in
violation of the procedures set forth herein (including the
notice requirements set forth in Sections 3(a) and 4(a) and
(c) below) shall be null and void ab initio as an act in
violation of the automatic stay under U.S.C. §§ 362 and
105(a) of the Bankruptcy Code.

---

[1]      Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

3.  The following procedures shall apply to trading in equity securities of Circuit City Stores, Inc. ("Circuit City"):

(a)  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a) for purposes of this Section 3) who currently is or becomes a Substantial Shareholder (as defined in Paragraph (e) below) shall file with this Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as Exhibit A-1, on or before the later of (A) twenty (20) calendar days after the effective date of the notice of entry of this Order or (B) ten (10) calendar days after becoming a Substantial Shareholder.

(b)  At least ten (10) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Circuit City Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached hereto as Exhibit A-2, of the intended transfer of equity securities.

(c)  At least ten (10) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Circuit City Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached hereto as Exhibit A-3, of the intended transfer of equity securities (the notices required to be filed and served under Paragraph (b) and this Paragraph (c), each a "Notice of Proposed Transfer").

(d)  The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors'

3

ability to utilize their Tax Attributes.  If the Debtors
file an objection, such transaction will not be effective
unless approved by a final and nonappealable order of this
Court.  If the Debtors do not object within such 10-day
period, such transaction may proceed solely as set forth in
the Notice of Proposed Transfer.  Further transactions
within the scope of this Paragraph must be the subject of
additional notices as set forth herein, with an additional
10-day waiting period.

      (e)  For purposes of this Order, (A) a
"Substantial Shareholder" is any person or entity which
beneficially owns at least 7,848,226 shares (representing
approximately 4.75% of all issued and outstanding shares)
of the common stock of ("Circuit City Stock"), and (B)
"beneficial ownership" (or any variation thereof of Circuit
City Stock and Options to acquire Circuit City Stock) shall
be determined in accordance with applicable rules under
Section 382 of the I.R.C., Treasury Regulations promulgated
thereunder and rulings issued by the Internal Revenue
Service, and thus, to the extent provided therein, from
time to time shall include, without limitation, (i) direct
and indirect ownership (e.g., a holding company would be
considered to beneficially own all shares owned or acquired
by its subsidiaries), (ii) ownership by such holder's
family members and persons acting in concert with such
holder to make a coordinated acquisition of stock, and
(iii) an Option to acquire Circuit City Stock.  An "Option"
to acquire stock includes any contingent purchase, warrant,
convertible debt, put, stock subject to risk of forfeiture,
contract to acquire stock, or similar interest, regardless
of whether it is contingent or otherwise not currently
exercisable.  For the avoidance of doubt, by operation of
the definition of beneficial ownership in clause (B) of
this Paragraph, an owner of an Option to acquire Circuit
City Stock may be treated as the owner of such Circuit City
Stock.

      4.  The following procedures shall apply to
trading in claims against the Debtors:

      (a)  Notice of 382(l)(5) Plan and 382(l)(5)
Disclosure Statement. The Debtors shall, upon filing a
disclosure statement with respect to a 382(l)(5) Plan (a
"382(l)(5) Disclosure Statement"), simultaneously file with
the Court and further publish and serve in the manner

specified in Paragraph (j) below a separate notice
("Disclosure Statement Notice") in substantially the form
attached as Exhibit B-1. The Disclosure Statement Notice
shall (i) state that a 382(l)(5) Plan has been filed with
the Court, (ii) disclose the most current estimate of the
Threshold Amount and (iii) set a record date, which shall
be 5:00 p.m., Eastern Time, on the date set by the Court
that is ten (10) business days prior to the date set for
the hearing on the 382(l)(5) Disclosure Statement (the
"Disclosure Statement Notice Record Date").  Each
Beneficial Claimholder who holds more than the Threshold
Amount (each, a "Substantial Claimholder") as of the
Disclosure Statement Notice Record Date is hereby ordered
and directed to email and fax to counsel to the Debtors a
report in the form attached hereto as Exhibit B-2 (the
"Initial Holdings Report") identifying: (I) the nature and
amount of Claims held by such Beneficial Claimholder as of
the Disclosure Statement Notice Record Date (the "Initial
Holdings"); and (II) the Protected Amount that is in excess
of the Threshold Amount. The Initial Holdings Report shall
be subject to the confidentiality provisions set forth in
Paragraph (i) below and shall be served in accordance with
the preceding sentence no later than three (3) business
days prior to the first date set by the Court for the
hearing to consider the 382(l)(5) Disclosure Statement to
the email addresses and fax numbers identified on the
attached Exhibit B-2.  In the event that the hearing to
consider the 382(l)(5) Disclosure Statement is adjourned or
continued, Substantial Claimholders shall not be required
to amend or update their Initial Holdings Reports unless,
in the event of an adjournment or continuance, the Debtors
establish a new Disclosure Statement Notice Record Date and
provides notice thereof, in which case the process above
will re-commence.

        (b)   382(l)(5) Disclosure Statement. The
382(l)(5) Disclosure Statement shall contain information
adequate to permit a party entitled to vote on a 382(l)(5)
Plan to determine whether a 382(l)(5) Plan provides greater
value than possible alternatives and shall include, without
limitation, the following disclosures: (i) the net present
value of the projected tax savings of the 382(l)(5) Plan as
compared to a 382(l)(6) Plan based on the financial
projections included in the 382(l)(5) Disclosure Statement;
(ii) a description of the restrictions on trading with
respect to the common stock and any other securities of the
reorganized Debtors (the "Affected Securities") that will

be required or imposed under the 382(l)(5) Plan after the Effective Date to preserve such tax savings; (iii) the projected value of the Affected Securities in the aggregate; and (iv) the projected tax savings of the 382(l)(5) Plan as a percentage of the aggregate value of the Affected Securities. In addition, the Debtors shall promptly (and in any event before the end of the hearing on the 382(l)(5) Disclosure Statement) disclose on a separate filing with the SEC on Form 8-K (i) the aggregate amount of Initial Holdings (the "Total Initial Holdings") and (ii) the estimated maximum amount and percentage of the Total Initial Holdings in each class that may be required to be sold down as provided below. Such disclosures shall be included in the final 382(l)(5) Disclosure Statement. The foregoing does not limit in any way the right of any party in interest to object to the adequacy of the information in the 382(l)(5) Disclosure Statement.

       (c)   Notice of Claimholder Acceptance of 382(l)(5) Plan.  The Debtor shall file with the Court and further publish and serve in the manner specified in Paragraph (j) below, not less than ten (10) days prior to the commencement of the Confirmation Hearing, a notice (the "Pre-Confirmation Notice") substantially in the form attached hereto as Exhibit B-3, setting forth: (i) a record date, which shall be 5:00 p.m., Eastern Time, on a date that is ten (10) days prior to the first date set by the Court for the Confirmation Hearing (the "Pre-Confirmation Notice Record Date"); and (ii) identifying the most current estimate of the Threshold Amount (determined as of the Pre-Confirmation Notice Record Date). Each Beneficial Claimholder who is a Substantial Claimholder (as determined by the Threshold Amount identified in the Pre-Confirmation Notice) as of the Pre-Confirmation Notice Record Date is hereby ordered and directed to deliver, via e-mail and fax, a report in the form attached hereto as Exhibit B-4 (the "Final Holdings Report") identifying the nature and amount of claims held by such Beneficial Claimholder as of the Pre-Confirmation Notice Record Date (the "Final Holdings"). The Final Holdings Report shall be subject to the confidentiality provisions set forth in Paragraph (i) below and shall be served on counsel to the Debtors no later than the date that is three (3) business days prior to the first date set by the Court for the Confirmation Hearing to the e-mail addresses and fax numbers identified on the attached Exhibit B-2. For any Substantial Claimholder who did not serve an Initial Holdings Report, the Final Holdings Report

shall also contain such Substantial Claimholder's Protected
Amount that is in excess of the Threshold Amount.  In the
event that the Confirmation Hearing is adjourned or
continued, Substantial Claimholders shall not be required
to amend or update their Final Holdings Reports unless, in
the event of an adjournment or continuance, the Debtors
establish a new Pre-Confirmation Notice Record Date and
provides notice thereof, in which case the process above
will re-commence.

(d)    Sell-Down Notice.  If the Court confirms
the 382(l)(5) Plan, the Debtors shall serve a notice
substantially in the form attached hereto as Exhibit B-5
(the "Sell-Down Notice") by overnight delivery service
within the United States upon each Substantial Claimholder
(as of the Pre-Confirmation Notice Record Date) within five
(5) business days after the entry of the order confirming
the 382(l)(5) Plan.  The Sell-Down Notice shall (i) state
that the 382(l)(5) Plan has been confirmed; (ii) contain
the results of the calculations described in Paragraph (f)
(i) below, including the calculation of the Maximum Amount
and the information used to perform all such calculations
to the extent that the Debtors are not required by this
Order or other confidentiality restrictions to keep such
information confidential; and (iii) provide notice that,
pursuant to this Order, each Substantial Claimholder is
ordered and directed to comply with the Sell-Down
Procedures (set forth in Paragraph (f) below) before the
Effective Date.

(e)    Effective Date.  The Effective Date of
any 382(l)(5) Plan shall not be earlier than thirty (30)
calendar days after the Confirmation Date.

(f)    Sell-Down Procedures.  If and only to the
extent that a 382(l)(5) Plan is confirmed by this Court
then, to the extent necessary to effectuate the 382(l)(5)
Plan, each Beneficial Claimholder who is, as of the Pre-
Confirmation Notice Record Date, a Substantial Claimholder
(other than a Permitted Substantial Claimholder whose
Claims shall not be required to be sold as part of the
Sell-Down pursuant to Paragraph (f)(ii) below), is hereby
ordered and directed to comply with the following sell-down
procedures (the "Sell-Down Procedures"):

(i)                          The Maximum Amount. The
Debtors shall calculate the maximum amount of claims

that may be held, as of the Effective Date of the 382(l)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Pre-Confirmation Notice Record Date (the "Maximum Amount") as follows:

(1)                         Based upon the information provided by the Substantial Claimholders in the Final Holdings Reports, the Debtors shall calculate the total amount of claims that all Substantial Claimholders must sell to effectuate the 382(l)(5) Plan assuming that all Incremental Holdings will be sold prior to any Sell-Down of claims held by the Substantial Claimholders prior to the Disclosure Statement Notice Record Date and taking into account in its determination the portion of claims held by Substantial Claimholders that the Debtors reasonably conclude (based on evidence furnished by the Substantial Claimholders) have not existed since a date that was 18 months before the Petition Date and that are not "ordinary course" claims, within the meaning of Treasury Regulations Section 1.382-9(d)(2)(iv) (the "Sell-Down Amount").

(2)                         If the Sell-Down Amount is less than or equal to the Total Incremental Holdings, the Debtors shall calculate the amount of each Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, the numerator of which is the Substantial Claimholder's Incremental Holdings and the denominator of which is the Total Incremental Holdings);

(3)                         If the Sell-Down Amount exceeds Total Incremental Holdings, the Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of such excess (*i.e.*, the total amount of such excess multiplied by a fraction, the numerator of which is such Substantial Claimholder's Initial Holdings minus the Threshold Amount and the denominator of which is the Total Initial Holdings in excess of the Threshold Amount of all Substantial Claimholders) and add to that the amount of such Substantial Claimholder's Incremental Holdings; and

(4)                         For each Substantial Claimholder, the Debtors shall subtract from the total

8

claims held by such Substantial Claimholder (as reported in the Final Holdings Report) such Substantial Claimholder's share of the Sell-Down Amount calculated in accordance with clauses (ii) or (iii) above, as applicable. The difference shall be the Maximum Amount.

(ii) <u>Sell-Down</u>. Prior to the Effective Date, each Substantial Claimholder shall sell an amount of claims equal to its share of the Sell-Down Amount or such other amount necessary so that no Substantial Claimholder shall, as of the Effective Date, hold claims in excess of the Maximum Amount for such claimholder (the "<u>Sell-Down</u>"); <u>provided</u>, <u>however</u>, that notwithstanding anything to the contrary in this Order, no Beneficial Claimholder shall be required to sell any claims if such sale would result in such Beneficial Claimholder having Beneficial Ownership of an aggregate amount of Claims that is less than such Beneficial Claimholder's Protected Amount. Each Substantial Claimholder shall sell or otherwise transfer its claims subject to the Sell-Down to unrelated Entities; <u>provided</u> <u>further</u> that the Substantial Claimholder shall not have a reasonable basis to believe that such Entity would own, immediately after the contemplated consummation of such transfer, an amount of claims in excess of the Maximum Amount for such Claimholder.

(iii) <u>Objections to Sell-Down Notices</u>. A Substantial Claimholder who has complied with the notice procedures contained in this Section 4 may, no later than ten (10) calendar days from service of the Sell-Down Notice, object to the manner in which the Maximum Amount or the Sell-Down Amount specified in a Sell-Down Notice were calculated or on the grounds that such notice contained a mathematical error that would result in requiring the Substantial Claimholder to reduce its ownership below the Maximum Amount or the Protected Amount for such Substantial Claimholder. In connection with any such objection, the Substantial Claimholder shall disclose its holdings to counsel to the Debtors as of the time of the filing of the objection and as of the time of any hearing on such objection. The Debtors may serve a new Sell-Down Notice by overnight delivery service within the United States correcting such errors; any

Substantial Claimholder required to sell additional claims as a result of such correction shall have twenty (20) calendar days from service of any new Sell-Down Notice to effect the additional Sell-Down.

(iv)                    Notice of Compliance.  A Substantial Claimholder subject to the Sell-Down shall, before the Effective Date and as a condition to receiving Affected Securities, deliver to counsel to the Debtors, a written statement substantially in the form of Exhibit B-6 hereto that such Substantial Claimholder has complied with the terms and conditions set forth in Paragraph (f)(ii) and that such Substantial Claimholder will not hold claims, as of the Effective Date, in an amount in excess of the greater of the Maximum Amount or the Protected Amount (if any) for such Substantial Claimholder (the "Notice of Compliance").  Any Substantial Claimholder who fails to comply with this provision shall not receive Affected Securities with respect to any claims in excess of the greater of such claimholder's Protected Amount or the then current Threshold Amount.

(v)                    Applicable Authority. For the avoidance of doubt, Section 382 of the I.R.C., the Treasury Regulations promulgated thereunder and all relevant Internal Revenue Service and judicial authority shall apply in determining whether the claims of several persons and/or Entities must be aggregated when testing for Substantial Claimholder status. For these purposes and except as specifically provided with respect to claims ownership in the Treasury Regulations, the rules and authority identified in the preceding sentence shall be treated as if they applied to claims in the same manner as they apply to stock.

(vi)                    Subsequent Substantial Claimholders. To the extent that any Entity becomes a Substantial Claimholder after the date in which Final Holdings Reports are due, the Court shall retain jurisdiction so that the Debtors may seek equitable relief similar to the relief described in this Order in order to protect the Debtors' ability to apply Section 382(l)(5) of the I.R.C.

(g) <u>Claimholder Participation</u>.  To permit
reliance by the Debtors on Treasury Regulation Section
1.382-9(d)(3), any Beneficial Claimholder that participates
in formulating any chapter 11 plan of reorganization of or
on behalf of the Debtors (which shall include, without
limitation, making any suggestions or proposals to the
Debtors or their advisors with regard to such a plan),
shall not, and shall not be asked to, disclose (or
otherwise make evident unless compelled to do so by an
order of a court of competent jurisdiction or some other
applicable legal requirement) to the Debtors that any
claims in which such Beneficial Claimholder has a
beneficial ownership are Newly Traded Claims (the
"<u>Participation Restriction</u>"). For this purpose, the Debtors
acknowledge and agree that the following activities shall
not, where in pursuing such activities the relevant
Beneficial Claimholder does not disclose (or otherwise make
evident) to the Debtors that such Beneficial Claimholder
has beneficial ownership of Newly Traded Claims, constitute
a violation of the Participation Restriction: (a) filing an
objection to a proposed disclosure statement or to
confirmation of a proposed plan of reorganization; (b)
negotiating the terms of, or voting to accept or reject, a
proposed plan of reorganization; (c) reviewing or
commenting on a proposed business plan; (d) membership on
the Creditors' Committee or other official or *ad hoc*
committee; (e) providing information other than with
respect to its claims to the Debtors on a confidential
basis; or (f) taking any action required by this Order. Any
claimholder found by the Court to have violated the
Participation Restriction, and who, as a result, would
prevent the Debtors from implementing a 382(l)(5) Plan,
shall be required to dispose of Newly Traded Claims of
which such Entity has Beneficial Ownership in the manner
specified in Paragraph (f)(ii) above and shall be subject
to the Forfeiture Remedy described in Paragraph (h) below.

(h) <u>Sanctions for Noncompliance</u>.  If any
Substantial Claimholder fails to comply with the Sell-Down
applicable to it, such Substantial Claimholder shall not be
entitled to receive Beneficial Ownership of any Affected
Securities in connection with the implementation of the
382(l)(5) Plan with respect to any claims required to be
sold pursuant to a Sell-Down Notice.  Any Substantial
Claimholder that violates this Order shall be required to
forfeit the Affected Securities (the "<u>Forfeiture Remedy</u>").
The Debtors may seek to enforce the Forfeiture Remedy, on

11

notice to the Entity upon whom such sanctions are sought to be imposed, on an expedited basis. The Debtors also reserve the right to seek from this Court, on an expedited basis, other sanctions or damages for a willful violation of this Order, on notice to the Entity upon whom such sanctions are sought to be imposed, including, but not limited to damages for loss of any tax benefits caused by such violation and any injunction or other relief necessary or appropriate to remedy such violation. Any distribution of Affected Securities pursuant to the implementation of the 382(l)(5) Plan that is precluded by an order enforcing the Forfeiture Remedy (the "Forfeited Equity") shall be void *ab initio*. Any Entity that receives Forfeited Equity shall, immediately upon becoming aware of such fact, return the Forfeited Equity to the reorganized Debtors or, if all of the shares properly issued to such Entity and all or any portion of such Forfeited Equity have been sold prior to the time such Entity becomes aware of such fact, such Entity shall return to the reorganized Debtors (a) any Forfeited Equity still held by such Entity and (b) the proceeds attributable to the sale of Forfeited Equity. Any Entity that receives Forfeited Equity and fails to comply with the preceding sentence shall be subject to such additional sanctions as the Court may determine. The reorganized Debtors shall distribute any Forfeited Equity in accordance with the 382(l)(5) Plan.

(i) <u>Confidentiality</u>. The Initial Holdings Report, the Final Holdings Report, the Sell-Down Notices and the Notice of Compliance, and the information contained therein, shall be treated as confidential information and shall be available only to the Debtors and counsel and financial or tax advisors to the Debtors. Each recipient of any Initial Holdings Report, Final Holdings Report, Sell-Down Notice and the Notice of Compliance (or similar notices provided under the Order) shall keep the information contained therein confidential and shall not disclose such information to any Entity (including, without limitation, any member of the Creditors' Committee) unless required to produce it in a legal proceeding or subject to further Court order.

(j) <u>Notice</u>. Any notices required to be published under Section 4 of this Order shall be published in <u>Richmond Times-Dispatch</u>, <u>The Wall Street Journal</u> and the <u>Financial Times</u>. All notices required to be served shall be served on the following parties via electronic mail if an

12

e-mail address is known, or by overnight mail if an e-mail
address is not known: (a) the Office of the United States
Trustee for the Eastern District of Virginia (which shall
be sent by overnight mail only); (b) the Securities and
Exchange Commission; (c) the Internal Revenue Service; (d)
the United States Attorney's Office for the Eastern
District of Virginia; (e) counsel to the
Prepetition Lenders; (f) the parties included on the
Debtors' list of fifty (50) largest unsecured creditors;
(g) any statutory committee appointed under Section 1102 of
the Bankruptcy Code; and (h) the transfer agents for any
Circuit City Stock.

       (k) The requirements set forth in this Order
are in addition to the requirements of Bankruptcy Rule
3001(e) and applicable securities, corporate and other
laws, and do not excuse compliance therewith.

       (l) The Court shall retain jurisdiction to
interpret, enforce, aid in the enforcement of and resolve
any disputes or matters related to any of the provisions of
this Order.

       (m) For purposes of Section 4 of this Order,
the following definitions shall apply:

(i)       "382(l)(5) Plan" means a plan
of reorganization for the Debtors under chapter 11 of
the Bankruptcy Code that provides for or contemplates
the use of net operating loss carryforwards and other
tax attributes under Section 382(l)(5) of the I.R.C.
and that restricts transfers of Beneficial Ownership
of Affected Securities for not less than two years
after the reorganization in order to avoid an
"ownership change," as such term is defined in the
I.R.C. and regulations promulgated thereunder.

(ii)       "382(l)(6) Plan" means a plan
of reorganization for the Debtors under chapter 11 of
the Bankruptcy Code that provides for or contemplates
the use of net operating loss carryforwards and other
tax attributes under, and subject to the limitations
of, Section 382(l)(6) of the I.R.C.

(iii)       "Applicable Percentage" means,
if only one class of Affected Securities is to be
issued pursuant to the terms of a 382(l)(5) Plan,
4.75% of the number of such shares that the Debtors

13

reasonably estimate will be issued at the effective date of such 382(l)(5) Plan. If more than one class of Affected Securities is to be distributed pursuant to the terms of a 382(l)(5) Plan, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the 382(l)(5) Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

(iv)        "<u>Beneficial Ownership</u>" of claims shall be determined in accordance with applicable rules under Section 382 of the I.R.C. and regulations promulgated thereunder, as if such rules applied to claims in the same manner as they apply to equity except to the extent inconsistent with rules and regulations specifically applicable to the ownership of claims.

(v)        "<u>Beneficial Claimholders</u>" means those Entities that have Beneficial Ownership of claims.

(vi)        "<u>claim</u>" shall have the meaning ascribed to that term in Section 101(5) of the Bankruptcy Code and includes, without limitation, a lessor's right to any current or future payment under or arising out of any lease with respect to which any Debtor is a lessee.

(vii)        "<u>Confirmation Date</u>" means the date on which the Court enters an order confirming a 382(l)(5) Plan.

(viii)        "<u>Confirmation Hearing</u>" means a hearing held before this Court on the confirmation of the 382(l)(5) Plan pursuant to Section 1129 of the Bankruptcy Code.

(ix)        "<u>382(l)(5) Disclosure Statement</u>" means a disclosure statement filed with the Court relating to a 382(l)(5) Plan.

14

(x)                              "Effective Date" means the
date on which the 382(l)(5) Plan becomes effective,
but in no event less than thirty (30) calendar days
from the Confirmation Date.

(xi)                             "Entity" means a person or
entity for purposes of the rules under Section 382 of
the I.R.C.

(xii)                            "Incremental Holdings" means
the amount, if any, of Claims identified in each
Substantial Claimholders' Final Holdings Report in
excess of the greater of (i) the amount contained in
each respective Substantial Claimholder's Initial
Holdings Report and (ii) the Threshold Amount as of
the Disclosure Statement Notice Record Date.

(xiii)                           "Newly Traded Claims" means
claims (i) with respect to which an Entity acquired
beneficial ownership after the date that was 18 months
before the Petition Date; and (b) that are not
"ordinary course" claims, within the meaning of
Treasury Regulations Section 1.382-9(d)(2)(iv), of
which the same Entity has always had beneficial
ownership.

(xiv)                            "Permitted Substantial
Claimholder" means a Substantial Claimholder whom the
Debtors reasonably conclude acquired its claim in the
ordinary course of the Debtors' trade or business
(within the meaning of Treasury Regulations Section
1.382-9(d)(2)(iv)) and has at all times since the
creation of such claim held the Beneficial Ownership
in that claim.

(xv)                             "Petition Date" means November
10, 2008.

(xvi)                            "Protected Amount" means the
amount of claims of which a Beneficial Claimholder had
Beneficial Ownership on the Petition Date, increased
by the amount of claims of which such Beneficial
Claimholder acquires Beneficial Ownership pursuant to
trades entered into before the Petition Date that had
not yet closed as of the Petition Date minus the
amount of claims that such Beneficial Claimholder
sells pursuant to trades entered into before the

15

Petition Date that had not yet closed as of the
Petition Date.

(xvii)                          "<u>Substantial Claimholder</u>"
means a Beneficial Claimholder who holds more than the
Threshold Amount as of the applicable record date and
time, as described in Paragraphs 4(a) and 4(c) above.

(xviii)                          "<u>Threshold Amount</u>" means the
amount of claims that are projected by the Debtors to
entitle the Beneficial Claimholder thereof to become
the Beneficial Claimholder of the Applicable
Percentage of Affected Securities.

(xix)                          "<u>Total Incremental Holdings</u>"
means the aggregate amount of all of each Substantial
Claimholders' Incremental Holdings.

5.   Any notice required by the Order to be served

by Substantial Claimholders, if effected prior to the

filing of a proof of claim by a Substantial Claimholder,

will not limit the right of a creditor to assert any and

all claims, whether or not such claims are in addition to

or differ from those listed on the notice, in a proof of

claim filed in accordance with any future orders of this

Court.

6.   The Debtors may waive, in writing and in

their sole and absolute discretion, any and all

restrictions, stays, and notification procedures contained

in this Order.

7.   Any person or entity or broker or agent

acting on their behalf which sells claims against the

Debtors in the aggregate principal amount of at least

16

$3,340,000 to another person or entity shall provide notification of the existence of this Order or its contents to such purchaser of such claims or to any broker or agent acting on such purchaser's behalf, to the extent reasonably feasible.  Any person or entity or broker or agent acting on such person or entity's behalf who sells an aggregate amount of at least 2,000,000 shares of Circuit City Stock (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Order to such purchaser of such Circuit City Stock or to any broker or agent acting on such purchaser's behalf.

8.   Notwithstanding anything to the contrary in the Interim Order, the Debtors are hereby relieved of any and all notice and service obligations set forth in the Interim Order and no notice or service of this Order is required.

9.   The requirements set forth in this Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10. The requirement under Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

17

11. This Court retains jurisdiction to hear and
determine all matters arising from or related to the
implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        Sep 10 2010
        _____, 2010


                    /s/ Kevin Huennekens
            _____
            UNITED STATES BANKRUPTCY JUDGE

            Entered on docket:  September 14 2010

18

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.


                            /s/ Douglas M. Foley

19

EXHIBIT A-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - X
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    1Case No. __-____ (___)
et al.,                     :
                            :    Jointly Administered
          Debtors.          :
                            :
- - - - - - - - - - - - - - X
```

**NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]**

          PLEASE TAKE NOTICE that [Name of Shareholder] is/
has become a Substantial Shareholder with respect to
Circuit City Stock (as defined herein and in the Order) of

---

[2]   For purposes of this Order, (A) a "Substantial Shareholder" is
any person or entity which beneficially owns at least 7,848,226
shares (representing approximately 4.75% of all issued and
outstanding shares) of the common stock of ("Circuit City Stock"),
and (B) "beneficial ownership" (or any variation thereof of Circuit
City Stock and Options to acquire Circuit City Stock) shall be
determined in accordance with applicable rules under Section 382 of
the I.R.C., Treasury Regulations promulgated thereunder and rulings
issued by the Internal Revenue Service, and thus, to the extent
provided therein, from time to time shall include, without
limitation, (i) direct and indirect ownership (e.g., a holding
company would be considered to beneficially own all shares owned or
acquired by its subsidiaries), (ii) ownership by such holder's
family members and persons acting in concert with such holder to
make a coordinated acquisition of stock, and (iii) an Option to
acquire Circuit City Stock.  An "Option" to acquire stock includes
any contingent purchase, warrant, convertible debt, put, stock
subject to risk of forfeiture, contract to acquire stock, or similar
interest, regardless of whether it is contingent or otherwise not
currently exercisable.  For the avoidance of doubt, by operation of
the definition of beneficial ownership in clause (B) of this
Paragraph, an owner of an Option to acquire Circuit City Stock may
be treated as the owner of such Circuit City Stock.

Circuit City Stores, Inc., a debtor and debtor-in-possession in Case No. [___] pending in the United States Bankruptcy Court for the Eastern District of Virginia.

PLEASE TAKE FURTHER NOTICE that, as of [Date], [Name of Shareholder] beneficially owns [_____] shares of the Circuit City Stock.  The following table sets forth the date(s) on which [Name of Shareholder] acquired or otherwise became the beneficial owner of such Circuit City Stock:

| Number Of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of [Name of Shareholder] is [_____].

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Shareholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]), this Notice is being (a) filed with the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia, (Attn: Robert B. Van Arsdale) and (b) served upon counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg Galardi).

2

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____

Name:      _____

Title:     _____

Address:   _____

           _____

           _____

Telephone:_____

Facsimile:_____

Date:      _____

3

EXHIBIT A-2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. __-____ (___)
et al.,                       :
                              :   Jointly Administered
               Debtors.       :
                              :
- - - - - - - - - - - - - - X

**NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE
ACCUMULATE AN EQUITY INTEREST**

        PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer]
hereby provides notice of its intention to purchase, acquire, or
otherwise accumulate one or more shares of Circuit City Stock
(as defined herein and in the Order) of Circuit City Stores,
Inc. or an Option with respect thereto (as defined herein and in
the Order) (the "Proposed Transfer").

        PLEASE TAKE FURTHER NOTICE THAT, if applicable, on
[Prior Date(s)], [Name of Prospective Acquirer] filed a Notice
of Status as a Substantial Shareholder[3] with the United States

---

[3]     For purposes of this Order, (A) a "Substantial Shareholder" is any
person or entity which beneficially owns at least 7,848,226 shares
(representing approximately 4.75% of all issued and outstanding shares) of
the common stock of ("Circuit City Stock"), and (B) "beneficial ownership"
(or any variation thereof of Circuit City Stock and Options to acquire
Circuit City Stock) shall be determined in accordance with applicable
rules under Section 382 of the I.R.C., Treasury Regulations promulgated
thereunder and rulings issued by the Internal Revenue Service, and thus,
to the extent provided therein, from time to time shall include, without
limitation, (i) direct and indirect ownership (e.g., a holding company
would be considered to beneficially own all shares owned or acquired by
its subsidiaries), (ii) ownership by such holder's family members and
persons acting in concert with such holder to make a coordinated
acquisition of stock, and (iii) an Option to acquire Circuit City Stock.
An "Option" to acquire stock includes any contingent purchase, warrant,
convertible debt, put, stock subject to risk of forfeiture, contract to
acquire stock, or similar interest, regardless of whether it is contingent

Bankruptcy Court for the Eastern District of Virginia (the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT [Name of Prospective Acquirer] currently beneficially owns [_____] shares of Circuit City Stock.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [Name of Prospective Acquirer] proposes to purchase, acquire, or otherwise accumulate [_____] shares of Circuit City Stock or an Option with respect to [_____] shares of Circuit City Stock.  If the Proposed Transfer is permitted to occur, [Name of Prospective Acquirer] will beneficially own [_____] shares of Circuit City Stock after the transfer (including any Options with respect to any Common Stock).

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of [Name of Prospective Acquirer] is [_____].

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Prospective Acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]), this Notice is being (a) filed with the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia, (Attn: Robert B. Van Arsdale), and (b) served upon counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg Galardi).

---

or otherwise not currently exercisable.  For the avoidance of doubt, by operation of the definition of beneficial ownership in clause (B) of this Paragraph, an owner of an Option to acquire Circuit City Stock may be treated as the owner of such Circuit City Stock.

2

PLEASE TAKE FURTHER NOTICE that the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating additional shares of Circuit City Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____

Name:      _____

Title:     _____

Address:   _____

           _____

           _____

Telephone:_____

Facsimile:_____

3

Date:    _____

<u>EXHIBIT A-3</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. __-____ (___)
<u>et</u> <u>al</u>.,            :
                              :   Jointly Administered
              Debtors.        :
                              :
- - - - - - - - - - - - - - x

**NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE
TRANSFER AN EQUITY INTEREST**

        PLEASE TAKE NOTICE THAT [Name of Prospective Seller]
hereby provides notice of its intention to sell, trade, or
otherwise transfer one or more shares of Circuit City Stock (as
defined herein and in the Order) of Circuit City Stores, Inc. or
an Option with respect thereto (as defined herein and in the
Order) (the "Proposed Transfer").

        PLEASE TAKE FURTHER NOTICE THAT, if applicable, on
[Prior Date(s)], [Name of Prospective Seller] filed a Notice of
Status as a Substantial Shareholder[4] with the United States

---

[4]    For purposes of this Order, (A) a "Substantial Shareholder" is any
person or entity which beneficially owns at least 7,848,226 shares
(representing approximately 4.75% of all issued and outstanding shares) of
the common stock of ("Circuit City Stock"), and (B) "beneficial ownership"
(or any variation thereof of Circuit City Stock and Options to acquire
Circuit City Stock) shall be determined in accordance with applicable
rules under Section 382 of the I.R.C., Treasury Regulations promulgated
thereunder and rulings issued by the Internal Revenue Service, and thus,
to the extent provided therein, from time to time shall include, without
limitation, (i) direct and indirect ownership (e.g., a holding company
would be considered to beneficially own all shares owned or acquired by
its subsidiaries), (ii) ownership by such holder's family members and
persons acting in concert with such holder to make a coordinated
acquisition of stock, and (iii) an Option to acquire Circuit City Stock.
An "Option" to acquire stock includes any contingent purchase, warrant,
convertible debt, put, stock subject to risk of forfeiture, contract to
acquire stock, or similar interest, regardless of whether it is contingent
or otherwise not currently exercisable.  For the avoidance of doubt, by

Bankruptcy Court for the Eastern District of Virginia (the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT [Name of Prospective Seller] currently beneficially owns [_____] shares of the Circuit City Stock (including any Options with respect to any Circuit City Stock).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [Name of Prospective Seller] proposes to sell, trade, or otherwise transfer [_____] shares of Circuit City Stock or an Option with respect to [_____] shares of Circuit City Stock.  If the Proposed Transfer is permitted to occur, [Name of Prospective Seller] will beneficially own [_____] shares of Circuit City Stock after the transfer.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of [Name of Prospective Seller] is [_____].

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]), this Notice is being (a) filed with the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia, (Attn: Robert B. Van Arsdale), and (b) served upon counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg Galardi).

---

operation of the definition of beneficial ownership in clause (B) of this Paragraph, an owner of an Option to acquire Circuit City Stock may be treated as the owner of such Circuit City Stock.

2

PLEASE TAKE FURTHER NOTICE that the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading or otherwise transferring shares of Circuit City Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____

Name:      _____

Title:     _____

Address:   _____

           _____

           _____

3

Telephone:_____

Facsimile:_____

Date:        _____

4

Exhibit B-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                               :
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   1Case No. __-____ (___)
et al.,                        :
                               :   Jointly Administered
          Debtors.            :
                               :
- - - - - - - - - - - - - - x

**NOTICE OF (A) FILING OF DISCLOSURE STATEMENT WITH RESPECT TO
382(1)(5) PLAN OF REORGANIZATION, (B) THRESHOLD AMOUNT,
(C) DISCLOSURE STATEMENT NOTICE RECORD DATE AND
(D) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.   **Entry of Order.** On November 10, 2008, the
United States Bankruptcy Court for the Eastern District of
Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And
541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice,
Hearing, And Sell-Down Procedures For Trading In Equity
Securities And Claims Against The Debtors' Estates (Docket
No. [_]) (the " Trading Order"). Unless otherwise defined in
this Notice, capitalized terms and phrases used herein have
the meanings given to them in the Trading Order.

2.   **Notice of Filing of Disclosure Statement with
Respect to 382(1)(5) Plan of Reorganization.** On [Date], the
Debtors filed a disclosure statement (Docket No. [_]) with
respect to the [caption of plan] (Docket No. [_]) (the
"Plan"). The Plan is a 382(l)(5) Plan, as defined in the
Trading Order and has been filed with the Court.

3.   **Threshold Amount.** The Debtors' most current
estimate of the Threshold Amount
[5] of Claims is [____].

_____

[5]   The term "Threshold Amount" is defined in the Trading Order as:
"the amount of claims that are projected by the Debtors to entitle
the Beneficial Claimholder thereof to become the Beneficial

**4.    Disclosure Statement Notice Record Date.** The Disclosure Statement Notice Record Date is 5:00 p.m., Eastern Time, on [insert date that is ten business days prior to the date set for the hearing on the Disclosure Statement].

**5.    Obligation of Beneficial Claimholders.** Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Disclosure Statement Notice Record Date must, in order to comply with the Trading Order, e-mail and fax to counsel to the Debtors a report in the form attached hereto as Annex 1 (the "Initial Holdings Report") identifying (a) the nature and amount of Claims held by such Beneficial Holder as of the Disclosure Statement Notice Record Date and (b) the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.[6]

**6.    Deadline for Serving Initial Holdings Report.** The Initial Holdings Report shall be served in accordance with the preceding sentence to the e-mail addresses and fax numbers identified on the attached Annex 1 no later than 5:00 p.m., Eastern Time, on [date that is three business days prior to the first date set by the Court for the hearing to consider the Disclosure Statement].

Dated: Richmond, Virginia          BY ORDER OF THE COURT
       [Date]

<u>Annex 1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---

Claimholder of the Applicable Percentage of Affected Securities."

[6]    The term "Protected Amount" is defined in the Trading Order as: "the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date."

2

```
- - - - - - - - - - - - - x
                          :
In re:                    :    Chapter 11
                          :
CIRCUIT CITY STORES, INC., :   1Case No. __-____ (___)
et al.,                   :
                          :    Jointly Administered
              Debtors.    :
                          :
- - - - - - - - - - - - - x
```

**INITIAL HOLDINGS REPORT**

This Initial Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.    As of the Disclosure Statement Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (*e.g.*, trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Total**

3

2.    **As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

3.    **In accordance with the Trading Order, a copy of this Initial Holdings Report was served by the undersigned by fax and e-mail on:**

a.   Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com


Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:               _____

If by Authorized
Agent, Name and
Title:                   _____

Street Address:
City, State,
Zip Code:                _____

Telephone Number:        _____

Date:              _____

4

<u>EXHIBIT B-2</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No.  __-____  (___)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :
- - - - - - - - - - - - - - x
```

**INITIAL HOLDINGS REPORT**

This Initial Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.    As of the Disclosure Statement Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (<u>e.g.</u>, trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|---|---|
|  |  |

**Total**

       **2.   As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

       **3.   In accordance with the Trading Order, a copy of this Initial Holdings Report was served by the undersigned by fax and e-mail on:**

          a.   Counsel for the Debtors:

              Gregg M. Galardi, Esq.
              SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
              One Rodney Square, PO Box 636
              Wilmington, Delaware 19899-0636
              Facsimile: (302) 651-3001
              E-mail: Gregg.Galardi@skadden.com


Name:                         _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:                    _____

If by Authorized
Agent, Name and
Title:                        _____

Street Address:
City, State,
Zip Code:                     _____

Telephone Number:             _____

Date:                         _____

EXHIBIT B-3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - x
                          :
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC.,:   1Case No. __-____ (___)
et al.,                   :
                          :   Jointly Administered
          Debtors.        :
                          :
- - - - - - - - - - - - - x
```

**NOTICE OF (A) THRESHOLD AMOUNT,
(B) PRE-CONFIRMATION NOTICE RECORD DATE AND
(C) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.    Entry of Order.** On November 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2.    Threshold Amount.** The Debtor's current estimate of the Threshold Amount[7] of Claims is [___].

_____

[7]    The term "Threshold Amount" is defined in the Trading Order as: "the amount of claims that are projected by the Debtors, in consultation with the Creditors' Committee, to entitle the Beneficial Claimholder thereof to become the Beneficial Claimholder of the Applicable Percentage of Affected Securities."

**3.** **Pre-Confirmation Notice Record Date.** The Pre-Confirmation Notice Record Date is 5:00 p.m., Eastern Time, on [the service date, which shall not be less than ten days prior to the first date set by the Court for the commencement of the Confirmation Hearing].

**4.** **Obligation of Beneficial Claimholders.** Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Pre-Confirmation Notice Record Date (each, a "Substantial Claimholder") must, in order to comply with the Trading Order, e-mail and fax to counsel to the Debtors a report in the form attached hereto as Annex 1 (the "Final Holdings Report") identifying the nature and amount of Claims held by such Beneficial Holder as of the Pre-Confirmation Notice Record Date. To the extent any Substantial Claimholder did not file an Initial Holdings Report (as defined in the Trading Order), such Substantial Claimholder must also complete paragraph 2 of the Final Holdings Report identifying the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.[8]

**5.** **Deadline for Serving Final Holdings Report.** The Final Holdings Report shall be served in accordance with the preceding sentence to the e-mail addresses and fax numbers identified on the attached Annex 1 no later than 5:00 p.m., Eastern Time, on [date that is three days prior to the first date set by the Court for the commencement of the Confirmation Hearing].

Dated: Richmond, Virginia                BY ORDER OF THE COURT
       [Insert Date]

---

[8]     The term "Protected Amount" is defined in the Trading Order as: "the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date."

<u>ANNEX 1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                             :
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    1Case No. __-____ (___)
et al.,                      :
                             :    Jointly Administered
              Debtors.       :
                             :
- - - - - - - - - - - - - - x
```

**FINAL HOLDINGS REPORT**

This Final Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.   As of the Pre-Confirmation Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (<u>e.g.</u>, trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
| | |
| | |
| | |
| | |

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |

<b>Total</b>

        **2.   As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

        **3.   In accordance with the Trading Order, a copy of this Final Holdings Report was served by the undersigned by e-mail and fax on:**

                a.   Counsel for the Debtors:

                Gregg M. Galardi, Esq.
                SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
                One Rodney Square, PO Box 636
                Wilmington, Delaware 19899-0636
                Facsimile: (302) 651-3001
                E-mail: Gregg.Galardi@skadden.com

Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:               _____

If by Authorized
Agent, Name and
Title:                   _____

Street Address:
City, State,
Zip Code:                _____

Telephone Number:        _____

Date:                    _____

EXHIBIT B-4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No.  __-____  (___)
et al.,                       :
                              :   Jointly Administered
            Debtors.          :
                              :
- - - - - - - - - - - - - - x
```

**FINAL HOLDINGS REPORT**

This Final Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.   As of the Pre-Confirmation Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (*e.g.*, trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |

<strong>Total</strong>

       **2.    As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

       **3.    In accordance with the Trading Order, a copy of this Final Holdings Report was served by the undersigned by e-mail and fax on:**

       a.    Counsel for the Debtors:

       Gregg M. Galardi, Esq.
       SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
       One Rodney Square, PO Box 636
       Wilmington, Delaware 19899-0636
       Facsimile: (302) 651-3001
       E-mail: Gregg.Galardi@skadden.com

Name:                          _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:                     _____

If by Authorized
Agent, Name and
Title:                         _____

Street Address:
City, State,
Zip Code:                      _____

Telephone Number:              _____

Date:                          _____

<u>Exhibit B-5</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - x
                          :
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC., :  1Case No. __-____ (___)
et al.,                   :
                          :   Jointly Administered
             Debtors.     :
                          :
- - - - - - - - - - - - - x
```

**NOTICE OF (A) CONFIRMATION OF 382(l)(5) PLAN OF
REORGANIZATION, (B) MAXIMUM AMOUNT AND
(C) OBLIGATIONS OF SUBSTANTIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.     Entry of Order.** On November 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2.     Notice of Confirmation of 382(l)(5) Plan of Reorganization.** On [Date], the United States Bankruptcy Court for the Eastern District of Virginia confirmed the Plan. The Plan is a 382(l)(5) Plan as defined in the Trading Order.

**3.     Maximum Amount of Claims that May Be Held by a Substantial Claimholder.** In accordance with Section 4 of the Trading Order, the Debtor has calculated the Maximum Amount of Claims that may be held by [name of Substantial Claimholder], as of the Effective Date of the 382(l)(5) Plan, to be $[___]. Such Amount was determined as follows:

[Insert Calculation]

**4.    Sell Down Amount.** The total amount of Claims that all Substantial Claimholders must sell (to parties other than Substantial Claimholders or parties that would become Substantial Claimholders by reason of such sales to them) to effectuate the 382(l)(5) Plan is $[___].

[Insert Calculation]

**5.    Objection to Maximum Amount or Sell Down Amount.** A Substantial Claimholder who has complied with the notice procedures contained in Section 4 of the Trading Order may, no later than 10 calendar days <u>from service</u> of this Sell-Down Notice, object to the manner in which the Maximum Amount or the Sell-Down Amount specified in this Sell-Down Notice were calculated or on the grounds that this Sell-Down Notice contains a mathematical error that would result in requiring the Substantial Claimholder to reduce its ownership below the Maximum Amount or the Protected Amount for such Substantial Claimholder. Any such objection must be e-mailed and faxed to counsel to the Debtors at the e-mail addresses and fax numbers identified on the attached Annex 1. In connection with any such objection, the Substantial Claimholder shall disclose its holdings to counsel to the Debtors as of the time of the filing of the objection and as of the time of any hearing on such objection. The Debtors may serve a new Sell-Down Notice by overnight delivery service within the United States correcting such errors; any Substantial Claimholder required to sell additional Claims as a result of such correction shall have 20 calendar days <u>from service</u> of any new Sell-Down Notice to effect the additional Sell-Down.

**6.    Obligations of Substantial Claimholders.** As ordered and directed in the Trading Order, prior to the Effective Date, each Substantial Claimholder shall sell an amount of Claims equal to its share of the Sell-Down Amount or such other amount necessary so that no Substantial Claimholder shall, as of the Effective Date, hold Claims in excess of the Maximum Amount for such claimholder (the "<u>Sell-Down</u>"). Each Substantial Claimholder shall sell or otherwise transfer its Claims subject to the Sell-Down to unrelated persons or entities; provided further that the Substantial Claimholder shall not have a reasonable basis to believe that such persons or entities, would own, immediately after the contemplated consummation of such transfer, an amount of Claims in excess of the Maximum Amount for such claimholder.

7.    **Notice of Compliance.** A Substantial Claimholder subject to the Sell-Down shall, before the Effective Date and as a condition to receiving Affected Securities, e-mail and fax to counsel to the Debtors at the e-mail address and fax number identified on the attached Annex 1, a written statement in the form attached hereto as Annex 1 that such Substantial Claimholder has complied with the terms and conditions set forth in this Notice and Paragraph 4 of the Trading Order and that such Substantial Claimholder does not hold Claims, as of the Effective Date, in an amount in excess of the Maximum Amount.

Dated: Richmond, Virginia          BY ORDER OF THE COURT
        [Insert Date]

ANNEX 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. __-____ (___)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :
- - - - - - - - - - - - - - x
```

**NOTICE OF COMPLIANCE**

This Notice of Compliance is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order").  Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

  **1.**   The undersigned has complied in full with the Sell-Down Procedures set forth in Section 4 of the Trading Order and does not hold Claims, as of the Effective Date, in an amount in excess of $_____ , the Maximum Amount.

  **2.**   In accordance with the Trading Order, the undersigned served a copy of this Notice on counsel for the Debtors at the e-mail address(es) and fax number(s) identified below.

  **3.**   **Service Information.**

a.    Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com


Name:                          _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:                     _____

If by Authorized
Agent, Name and
Title:                         _____

Street Address:
City, State,
Zip Code:                      _____

Telephone Number:              _____

Date:                          _____

EXHIBIT B-6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                  :
In re:                            :   Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        :   1Case No. __-____ (___)
et al.,                           :
                                  :   Jointly Administered
            Debtors.             :
                                  :
- - - - - - - - - - - - - - x

**NOTICE OF COMPLIANCE**

   This Notice of Compliance is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

   1.   The undersigned has complied in full with the Sell-Down Procedures set forth in Section 4 of the Trading Order and does not hold Claims, as of the Effective Date, in an amount in excess of $_____ , the Maximum Amount.

**2.**   In accordance with the Trading Order, the undersigned served a copy of this Notice on counsel for the Debtors at the e-mail address(es) and fax number(s) identified below.

3.   **Service Information.**

a.   Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com

Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:               _____

If by Authorized
Agent, Name and
Title:                   _____

Street Address:
City, State,
Zip Code:                _____

Telephone Number:        _____

Date:                    _____

2

# CERTIFICATE OF NOTICE

```
District/off: 0422-7        User: frenchs          Page 1 of 1           Date Rcvd: Sep 14, 2010
Case: 08-35653             Form ID: pdforder       Total Noticed: 1
```

The following entities were noticed by first class mail on Sep 16, 2010.
```
aty          +Gregg M. Galardi,    Skadden Arps Slate Meagher,    & Flom LLP, One Rodney Sq.,    PO Box 636,
              Wilmington, DE 19899-0636
```

The following entities were noticed by electronic transmission.
```
NONE.                                                                              TOTAL: 0
```

```
        ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 16, 2010**                    **Signature:**