| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100 |
| – and – | – and – |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700 | PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 |
| – and – | – and – |
| MCGUIREWOODS LLP<br>Douglas Foley (VSB No. 34364)<br>Sarah B. Boehm (VSB No. 45201)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 | TAVENNER & BERAN, PLC<br>Lynn L. Tavenner, Esq. (VSB No. 30083)<br>Paula S. Beran, Esq. (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, Virginia 23219 |
| Counsel for Debtors and Debtors in Possession | Counsel for the Creditors' Committee |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**SUPPLEMENTAL ORDER REGARDING RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS AND AUTHORIZING PAYMENT OF THE COMPLETION FEE**

1

Upon the application (Docket No. 195, the "Application")[1] of the Debtors for entry of an order, pursuant to Bankruptcy Code sections 105(a), 327(a), 328 and 1107, authorizing them to retain FTI Consulting, Inc. ("FTI") as financial advisors, effective as of the Petition Date; and the Court having reviewed the Application and the Duffy Affidavit in Support of the Application (the "Duffy Affidavit"); and the Court having entered the Order Under Bankruptcy Code Sections 105(a), 327(a), 328 and 1107 and Bankruptcy Rule 2014(a), Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisors to the Debtors Effective as of the Petition Date (Docket No. 1296, the "FTI Retention Order") approving the Application; and it appearing that the payment of the Completion Fee as set forth herein is in the best interest of the Debtors, their estates and creditors and other parties in interest; after due deliberation thereon and sufficient cause appearing therefore, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.   On November 18, 2008, the Debtors filed the Application.  After the Application was filed, the Creditors'

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

Committee informally objected to certain aspects of FTI's retention.

      B.    To avoid a contested hearing with respect to FTI's retention, FTI and the Debtors agreed to modify certain aspects of FTI's retention, including the terms of payment of the Completion Fee of up to $2,000,000, to resolve the Creditors' Committee's informal objection. The terms of that resolution were incorporated in the FTI Retention Order, which was entered on December 12, 2008.

      C.    On September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (as may be modified or amended, the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. The Plan has not yet been confirmed.

      D.    In January of 2010, counsel to the Debtors advised counsel to the Creditors' Committee that, in connection with confirmation of the Plan, the Debtors would need to make arrangements to pay FTI its Completion Fee as provided in the FTI Retention Order and requested confirmation from the Creditors' Committee concerning the amount due. At that time, counsel to the Creditors' Committee advised the Debtors that it

3

disagreed with the amount calculated and the provisions of the FTI Retention Order.

E.    The Debtors and FTI have reached an agreement with the Creditors' Committee with respect to payment of the Completion Fee to FTI. This Order reflects the terms of that agreement.

F.    The existing terms and conditions of the Completion Fee are not improvident as there have been no developments that were not capable of being anticipated at the time the FTI Retention Order was entered.

G.    The terms and conditions the Completion Fee, as revised by this Order, are fair and reasonable under section 328(a) and are in the best interests of the Debtors, their estates and creditors.

H.    Based on the foregoing findings of fact and conclusions of law,[3] it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    Notwithstanding anything to the contrary in the FTI Retention Order, the FTI Retention Order is modified and amended as set forth herein.

2.    The Completion Fee shall be paid as follows:

---

[3]    Statements made by the Court from the bench at the hearing on the Application shall constitute additional conclusions of law and findings of fact as appropriate.

4

(a) In respect of Tranche 1, FTI shall be paid $250,000 on the effective date of a confirmed plan of liquidation in the Debtors' chapter 11 cases (the "Tranche 1 Payment");

(b) In respect of Tranche 2, FTI shall be paid $500,000 on the effective date of a confirmed plan of liquidation in the Debtors' chapter 11 cases(the "Tranche 2 Payment");

(c) In respect of Tranche 3, FTI shall be paid $500,000 on the effective date of a confirmed plan of liquidation in the Debtors' chapter 11 cases (the "Tranche 3 Payment"); and

(d) In respect of Tranche 4, FTI shall be paid $500,000 on or as soon as reasonably practicable after distribution(s) to one or more members of a class of general unsecured creditors of the Debtors under a confirmed plan of liquidation equal to 10% or more of the allowed amount of such member(s) general unsecured claim(s) (the "Tranche 4 Payment").

3.  On the Effective Date of the Plan, the Liquidating Trustee shall deposit $500,000 into the Professional Fee Reserve, which shall be held for FTI's exclusive benefit. The Tranche 4 Payment shall be paid from the Professional Fee Reserve.

5

4. Pursuant to an agreement between the Debtors, FTI and the Creditors' Committee, on the Effective date of the Plan or any confirmed plan of liquidation, for good and valuable consideration, the adequacy of which is hereby confirmed, FTI shall not have or incur any liability for any claim, action, proceeding, cause of action, Avoidance Action,[4] suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or Claim (as defined in Bankruptcy Code Section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to the Debtors, the Creditors' Committee or to any Claimholder or Interest Holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring (i) on or after the Petition Date through and including the Effective Date of the Plan or any confirmed plan of liquidation in the Debtors' chapter 11 cases, in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and

---

[4] All capitalized terms in this paragraph 6 not otherwise defined shall have the meanings ascribed to such terms in the Plan, as amended from time to time.

filing of the Plan, the Disclosure Statement or any prior plans of reorganization or liquidation, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization or liquidation, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan, (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility or (iii) in connection with, relating to, or arising out of the going out of business sales, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction,

        5.    Pursuant to an agreement between the Debtors, FTI and the Creditors' Committee, on the Effective Date of the Plan or any confirmed plan of liquidation, for good and valuable consideration, the adequacy of which is hereby confirmed, the Creditors' Committee hereby waives and releases any and all objections to (i) payment of the Completion Fee, as modified by this Order, (ii) payment of the Restructuring Fee and (iii) payment of any fees or expenses of FTI as set forth in (a) any fee application filed with this Court on or prior to the date of entry of this Order and (b) any monthly fee request transmitted in accordance with the Order Under Bankruptcy Code Sections

7

105(a) and 331 Establishing Procedures for Interim Compensation (Docket No. 830) prior to the date of entry of this Order.

6. In consideration of the foregoing, including (without limitation) the payment of the Completion Fee as set forth in paragraph 2 hereof, the exculpation set forth in paragraph 4 hereof and the release and waiver set forth in paragraph 5 hereof, (i) FTI hereby waives any right to the remaining $250,000 payable under Tranche 1, as set forth in the FTI Retention Order and (ii) the Debtors and the Committee agree not to take any action or omit from taking any action that is contrary to, inconsistent with, or in derogation of this Order, including (without limitation) paragraphs 2, 4, and 5, prior to the Effective Date of the Plan or any confirmed plan of liquidation.

7. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

8. This Court retains exclusive jurisdiction to hear and determine all disputes concerning this Order and any and all matters arising from or related to the implementation or interpretation of this Order, to the fullest extent permitted by law.

Dated:    Richmond, Virginia
          Sep 15 2010                , 2010

8

/s/ Kevin Huennekens
_____
`UNITED STATES BANKRUPTCY JUDGE`

Entered on docket: September 16 2010

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

            - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

– and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

– and –

TAVENNER & BERAN, PLC

/s/ Lynn L. Tavenner
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Counsel for the Creditors' Committee

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: frenchs              Page 1 of 1                Date Rcvd: Sep 16, 2010
Case: 08-35653                Form ID: pdforder          Total Noticed: 1

The following entities were noticed by first class mail on Sep 18, 2010.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636
The following entities were noticed by electronic transmission.
NONE.                                                                                                TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 18, 2010**                    **Signature:** _/s/ Joseph Speetjens_