Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO CLAIMANT MARLON MONDRAGON'S MOTION FOR
RECONSIDERATION AND TO PERMIT THE FILING OF A CLASS PROOF OF CLAIM**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1] submit this

objection (the "Objection"), pursuant to sections 105 and 502 of

---

[1]    The Debtors and the last four digits of their respective taxpayer
       identification numbers are as follows: Circuit City Stores, Inc. (3875),
       Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
       International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC
       Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821),
       Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
       Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture
       Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
       Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores
       PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite
       #500, Glen Allen, VA 23060.

title 11 of the United States Code (the "Bankruptcy Code"), Rules

7023, 9014 and 9024 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rule 60(b) of the Federal Rules of

Civil Procedure (the "Civil Rules"), to the Motion of Marlon

Mondragon ("Mondragon") for Reconsideration and to Permit the

Filing of a Class Proof of Claim (the "Motion").  In support of

the Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

**A.    The Chapter 11 Cases.**

On November 10, 2008 (the "Petition Date"), the Debtors

each filed a voluntary petition in the United States Bankruptcy

Court for the Eastern District of Virginia (the "Court") under

chapter 11 of the Bankruptcy Code.  The Debtors have continued as

debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

On November 12, 2008, the Office of the United States

Trustee for the Eastern District of Virginia appointed a statutory

committee of unsecured creditors (the "Creditors' Committee").  To

date, no trustee or examiner has been appointed in these chapter

11 cases.

On September 14, 2010, the Court entered an order (D.I.

8555) confirming the Modified Second Amended Joint Plan of

Liquidation of Circuit City Stores, Inc. and Its Affiliated

Debtors and Debtors in Possession and Its Official Committee of

Creditors Holding General Unsecured Claims (the "Plan").   To date,

the Plan has not gone effective.

**B.   The Bar Date.**

On November 12, 2008, the Court appointed Kurtzman

Carson Consultants LLC ("KCC") as claims, noticing and balloting

agent for the Debtors in these chapter 11 cases, pursuant to 28

U.S.C. § 156(c) (D.I. 108).

On December 10, 2008, the Court entered that certain

Order Pursuant to Bankruptcy Code Sections 105 and 502 and

Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting Bar Date

and Procedures for Filing Proofs of Claim; and (II) Approving Form

and Manner of Notice Thereof (the "Bar Date Order," D.I. 890).

Pursuant to the Bar Date Order, the deadline for filing

all "claims" (as defined in Bankruptcy Code section 105(5))

arising before November 10, 2008 against the Debtors by any non-

governmental entity was 5:00 p.m. (Pacific) on January 30, 2009

(the "Bar Date").

On December 19, 2008, KCC served a copy of the notice of

the Bar Date (the "Bar Date Notice") on over 370,000 parties,

including the Debtors' employees for the three years prior to the

Petition Date, of which Mondragon was one.   See Affidavit of

Service of Bar Date Notice (D.I. 1314).   In addition, the Debtors

published the Bar Date Notice in The Wall Street Journal (D.I.

1395) and The Richmond Times-Dispatch (D.I. 1394).

3

**C.  Mondragon's Original Proof of Claim And The Debtors' Thirtieth Omnibus Objection.**

On January 30, 2009, Mondragon filed a proof of claim designated as claim number 8381 in the Debtors' claims register (the "Original Claim").  The Original Claim lists only Mondragon as creditor and asserts a priority claim under Bankruptcy Code section 507(a)(4) in the amount of $10,440.00, allegedly for unpaid wages and salaries.

On April 1, 2009, the Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (the "Objection Procedures Motions," D.I. 2881) establishing procedures (the "Objection Procedures") for the filing of omnibus objections in the Debtors' chapter 11 cases.

On August 20, 2009, the Debtors filed the Debtors' Thirtieth Omnibus Objection to Claims (Disallowance of Certain Claims for Wages and Compensation) (D.I. 4583, the "Thirtieth Omnibus Objection") objecting to the Original Claim on the grounds that, upon review of the Debtors' books and records, the Debtors had no liability to Mondragon for unpaid wages or salaries.  The Thirtieth Omnibus Objection was served by first class mail on counsel to Mondragon at the address listed on the Original Claim and in the Motion.  See Affidavit of Service of Thirtieth Omnibus Objection (D.I. 4728).

In accordance with the Objection Procedures, the Thirtieth Omnibus Objection established September 15, 2009 as the deadline by which claimants included in the Thirtieth Omnibus Objection were required to file a response to the Objection.  See Thirtieth Omnibus Objection at ¶ 17.  The Thirtieth Omnibus Objection further provided that, in the event a claimant did not timely and properly file a response, the Debtors would seek an order disallowing the claims objected to.  Id.

Mondragon did not file a response to the Thirtieth Omnibus Objection by the established deadline or thereafter. Accordingly, on October 8, 2009, the Court issued the Order on Debtors' Thirtieth Omnibus Objection to Claims (Disallowance of Certain Claims for Wages and Compensation) (D.I. 5191, the "Thirtieth Omnibus Order") disallowing, among other claims, the Original Claim.  Specifically, the Thirtieth Omnibus Order states that "[t]he Claims identified on Exhibit A as attached hereto and incorporated herein, are forever disallowed in their entirety for all purposes in these bankruptcy cases."  Thirtieth Omnibus Order at ¶ 2.  The Original Claim is listed on Exhibit A to the Thirtieth Omnibus Order.  The Thirtieth Omnibus Order was likewise served on counsel to Mondragon.  See Affidavit of Service of Thirtieth Omnibus Order (D.I. 5225).

**D.    The Adversary Proceeding.**

On March 17, 2009, Mondragon commenced an adversary proceeding (Case No. 09-03073, the "Adversary Proceeding") by filing his Class Action Adversary Proceeding Complaint (Adversary Proceeding D.I. 1, as amended, the "First Complaint").  The Court granted the Debtors' motion for a more definite statement and, on July 8, 2009, Mondragon filed his Second Amended Class Action Adversary Complaint Supplemented with More Definite Statement (Adversary Proceeding D.I. 32, the "Amended Complaint").

By the Amended Complaint, Mondragon asserted administrative expense or priority claims on behalf of himself and other similarly situated employees under Bankruptcy Rule 7023. Amended Complaint at ¶¶ 55, D.  Specifically, Mondragon sought certification of a class comprised of himself and other similarly situated former employees of certain of the Debtors' retail stores. Id. at ¶ 6.  Mondragon asserted that the Workers Adjustment and Notification Act, 29 U.S.C. §§ 2101, et seq. (the "WARN Act") was applicable to the Debtors' closing of these retail stores and that the Debtors had violated the WARN Act by failing to give the requisite 60-day notice or payment in lieu of notice.  Id. at ¶¶ 7-16.  Thus, Mondragon sought payment to each class member of 60 days of wages, salaries and benefits.

On August 24, 2009, the Debtors filed their Motion to Dismiss the Amended Complaint (Adversary Proceeding D.I. 35, the

"Motion to Dismiss") and accompanying brief.  In the Motion to Dismiss, the Debtors asserted, among other things, that the WARN Act claims were pre-petition claims not entitled to administrative expense priority.  The Debtors further asserted that such WARN Act claims should be adjudicated through the claims administration process rather than by means of an adversary proceeding.

On January 11, 2009, the Court issued its Memorandum Opinion (Adversary Proceeding D.I. 49, the "Memorandum Opinion"). In the Memorandum Opinion, the Court granted the Motion to Dismiss and held that the WARN Act claims asserted in the Amended Complaint arose pre-petition and were pre-petition claims. Memorandum Opinion at 6-7.  The Court further held that such claims could be best adjudicated through the claims allowance and disallowance process, rather than in the context of an adversary proceeding.  Id. at 7.

On April 21, 2010, approximately three months after the Court issued the Memorandum Opinion, more than six months after the Court entered the Thirtieth Omnibus Order, and well over a year after the Bar Date, Mondragon filed the Motion, seeking reconsideration of the Thirtieth Omnibus Order and permission to file a class proof of claim.

## OBJECTION

By the Motion, Mondragon requests that (1) the Court reconsider the Thirtieth Omnibus Order disallowing the Original

Claim and (2) the Court make Bankruptcy Rule 7023 applicable, so
that Mondragon may be authorized to file a class proof of claim
(the "Class Claim") on behalf of himself and all others similarly
situated (the "Unnamed Claimants"), instead of merely reinstating
the Original Claim.

For the reasons set forth herein, the Debtors submit
that Mondragon has failed to meet the standard either for
reconsideration of the Thirtieth Omnibus Order under Bankruptcy
Rule 9024 and Civil Rule 60(b) or for filing a class proof of
claim under Bankruptcy Rules 9014(c) and 7023.

## ARGUMENT

## I.    THERE IS NO BASIS FOR RECONSIDERATION OF THE THIRTIETH OMNIBUS ORDER.

Mondragon asserts that the Thirtieth Omnibus Order is an
interlocutory order and that, as such, the Court has "the power to
reconsider and modify such interlocutory order at any time prior
to final judgment when such is warranted." Motion at ¶ 41. This
argument fails for several reasons. First, even assuming,
arguendo, that the Thirtieth Omnibus Order is an interlocutory
order, the sound exercise of this Court's discretion dictates
upholding the order and denying Mondragon's request. Second,
Mondragon presents no basis for his unfounded assertion that the
Thirtieth Omnibus Order is an interlocutory order. More
importantly, no such basis exists and the Thirtieth Omnibus Order
plainly satisfies the requirements of a "final" order that

8

disallows the Original Claim.  Accordingly, Mondragon is required
to seek reconsideration under Civil Rule 60(b) and Bankruptcy Rule
9024, a standard he is unable to satisfy.  Consequently, the Court
should deny Mondragon's request to reconsider the Thirtieth
Omnibus Order.

> **A.    Even Assuming, <u>Arguendo</u>, That The Thirtieth Omnibus Order Is Interlocutory, There Is No Basis For Reconsideration.**

In seeking reconsideration of the Thirtieth Omnibus
Order, Mondragon states that "[m]otions for reconsideration of
interlocutory orders are 'not subject to the strict standards
applicable to motions for reconsideration of a final judgment, but
are instead committed to the discretion of the court.'"  Motion at
¶ 41.  Accordingly, the Debtors can only assume that Mondragon is
asserting that the Thirtieth Omnibus Order is an interlocutory
order.  Nowhere, however, is this stated expressly and nowhere
does Mondragon explain his basis for asserting that the Thirtieth
Omnibus Order is interlocutory.  Even assuming, <u>arguendo</u>, that the
Court were to accept Mondragon's characterization of the Thirtieth
Omnibus Order as an interlocutory order – a characterization with
which the Debtors strongly disagree - Mondragon has nonetheless
failed to set forth any basis for this Court to exercise its
discretion and modify or vacate that order.

In particular, Mondragon seems to contend that an
exercise of the Court's discretion to reconsider the Thirtieth
Omnibus Order is warranted because he was simultaneously involved

in the pending Adversary Proceeding.  Motion at ¶¶ 36, 45.

Mondragon's reliance on such involvement, however, is misplaced.

     As Mondragon concedes, although the Court may have

greater discretion with respect to reconsideration of

interlocutory orders, the Court's discretion is not unfettered.

See Motion at ¶ 42 (quoting Sejman v. Warner-Lambert Co., Inc.,

845 F.2d 66, 69 (4th Cir. 1988) as holding that "earlier decisions

of a court become law of the case and must be followed unless (1)

a subsequent trial produces substantially different evidence, (2)

controlling authority has since made a contrary decision of law

applicable to the issue or (3) the prior decision was clearly

erroneous and would work manifest injustice").  Mondragon, however,

offers nothing to establish any of the three predicates for the

relief he requests.  Indeed, all that has changed since the entry

of the Thirtieth Omnibus Order is that the Court has dismissed the

Adversary Proceeding - an entirely foreseeable result given that

the Debtors' Motion to Dismiss was pending at the time the

Thirtieth Omnibus Objection was filed.[2]  Under such circumstances,

equity does not support, and even dictates against, relieving

Mondragon of the consequences of his failure to respond to the

---

[2]  The Motion to Dismiss was filed on August 24, 2009, four days after the
     Thirtieth Omnibus Objection was filed and well before the response deadline
     for the Thirtieth Omnibus Objection.  Moreover, Mondragon had negotiated a
     briefing schedule with the Debtors and thus was well aware that the Debtors
     intended to renew their motion to dismiss the Adversary Proceeding.  See
     Stipulation and Consent Order Extending the Time Within Which to File an
     Answer or Otherwise Respond to the Second Amended Complaint (Adversary
     Proceeding D.I. 33).

Thirtieth Omnibus Objection.  Accordingly, even assuming the

Thirtieth Omnibus Order were interlocutory, the sound exercise of

this Court's discretion requires denying the Motion.

> **B.  The Thirtieth Omnibus Order Is A Final Order.**

Nor may this Court properly determine that the Thirtieth

Omnibus Order is interlocutory.

A final order is one that "ends the litigation on the

merits and leaves nothing for the court to do but execute the

judgment."  <u>Catlin v. U.S.</u>, 324 U.S. 229, 233 (1945); <u>U.S. v.

Jefferson</u>, 546 F.3d 300, 308 (4th Cir. 2008).  Thus, "[b]ankruptcy

orders that have been found to be final and appealable include

orders that decisively resolve disputes regarding the assets or

liabilities of a bankruptcy estate and orders that resolve

questions concerning the distribution of assets from a bankruptcy

estate."  <u>United Phosphorus Ltd. v. Fox (In re Fox)</u>, 241 B.R. 224,

229 (10th Cir. B.A.P. 1999)(citation omitted).  "In contrast, an

order is not final if it is a solitary decision that functions

only as a step toward [a] final judgment in[to] which [it] will

merge."  <u>Id.</u> (internal quotation and citation omitted).

Specifically, with respect to orders allowing or disallowing

claims, "courts almost uniformly recognize that a § 502(b) order

entered by a bankruptcy court is final and subject to appeal."  <u>In

re Dow Corning Corp.</u>, 237 B.R. 380, 388-89 (Bankr. E.D. Mich. 1999)

(collecting cases); <u>see</u> <u>also</u> <u>Herrington v. Swyter (In re Swyter)</u>,

263 B.R. 742, 746 (E.D. Va. 2001)(finding that order is final
where it "finally determines or seriously affects a party's
substantive rights").

Plainly, the Thirtieth Omnibus Order finally resolves a
dispute over assets and liabilities of the Debtors' estates –
namely, it provides that the Original Claim is "forever disallowed
in [its] entirety for all purposes in these bankruptcy cases."
Thirtieth Omnibus Order at ¶ 2.  No additional rulings are
required and no further matters need be addressed by the Court.
Thus, the Thirtieth Omnibus Order is a final order and Mondragon's
suggestion that a more relaxed or less strict standard for
reconsideration is applicable should be rejected.  Instead, the
standard applicable to the Motion is that set forth in Civil Rule
60(b).

C.    **Mondragon Has Failed To Satisfy The Standard For
Reconsideration Under Civil Rule 60(b).**

"When a motion to reconsider the allowance or
disallowance of a claim filed more than ten days[3] after the order
allowing or disallowing the claim, 'it is properly treated as a
motion to vacate pursuant to Fed. R. Civ. P. 60(b), made
applicable by Fed. R. Bankr. P. 9024.'"  <u>In re Shabazz</u>, 206 B.R.
116, 122 (Bankr. E.D. Va. 1996) (quoting <u>United States v. Levoy</u>

---

[3]    Under the Bankruptcy Rules as amended as of December 1, 2009, the applicable
period would likely now be 14 days.  In either event, the Motion was filed
more than six months after entry of the Thirtieth Omnibus Order.

<u>(In re Levoy)</u>, 182 B.R. 827, 832 (9th Cir. B.A.P. 1995)).

Accordingly, Mondragon's request for reconsideration must be

analyzed under Bankruptcy Rule 9024, which incorporates Civil Rule

60(b).[4]

      Civil Rule 60(b) provides that:

On motion and just terms, the court may relieve a party or
its legal representative from a final judgment, order, or
proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable
diligence, could not have been discovered in time to move
for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or
extrinsic), misrepresentation, or misconduct by an opposing
party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged;
it is based on an earlier judgment that has been reversed
or vacated; or applying it prospectively is no longer
equitable; or

---

[4]  In addition, Mondragon could have sought reconsideration of the disallowance
of the Original Claim under Bankruptcy Code section 502(j).  Mondragon
nowhere mentions section 502(j), however.  Moreover, section 502(j) provides
that "claims that have been allowed or disallowed may be reconsidered for
cause."  <u>See</u> 11 U.S.C. § 502(j).  The cause requirement included in section
502(j) is essentially the same as the standard set forth in Civil Rule 60(b).
<u>See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer
Mortg.)</u>, 178 B.R. 222, 227 (B.A.P. 9th Cir. 1995) ("Several courts have
looked to Fed. R. Civ. P. 60(b) for the standards for reconsideration of
claims and the definition of "cause" under § 502(j)."), <u>aff'd sub nom.
Ashford v. Naimco, Inc. (In re Consolidated Pioneer Mortg. Entities)</u>, 1996
U.S. App. LEXIS 17741 (9th Cir. 1996), and cases cited therein; <u>see</u> also <u>In
re Shabazz</u>, 206 B.R. at 122 (holding that a motion to reconsider the
allowance or disallowance of a claim filed more than ten days after the order
allowing or disallowing the claim "is properly treated as a motion to vacate
pursuant to Fed. R. Civ. P. 60(b)" (internal quotation and citation omitted)).
Accordingly, the Debtors submit that the analysis would remain unchanged even
if Mondragon had sought to proceed under Bankruptcy Code section 502(j).

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As noted above, Mondragon asserts that a standard other than that set forth in Civil Rule 60(b) is applicable to interlocutory orders and, thus, makes no attempt to satisfy Rule 60(b). Even assuming, _arguendo_, however, that Mondragon had properly sought reconsideration under Civil Rule 60(b), there is no basis for reconsideration of the Thirtieth Omnibus Order.

First, Mondragon does not assert or allege that there is new evidence warranting reconsideration. Nor does he suggest that the Thirtieth Omnibus Order was entered as a result of fraud, misrepresentation or misconduct or that the Thirtieth Omnibus Order is void or somehow satisfied, released or discharged. Accordingly, subsections (2), (3), (4) and (5) of Civil Rule 60(b) are plainly not at issue. Therefore, the only possible bases for granting the relief Mondragon seeks are subsections (1) or (6) of Civil Rule 60(b); however, both of those subsections are likewise inapplicable.

### 1. Mondragon has not and cannot demonstrate excusable neglect under Civil Rule 60(b)(1).

Rule 60(b)(1) provides that the court may provide relief from a final order where the movant demonstrates that the order was the result of excusable neglect. _See_ Fed. R. Civ. P. 60(b). In _Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship_, 507 U.S. 380 (1993), the Supreme Court established a two-part test to

14

determine whether a claimant's failure to act in accordance with the filing deadline was due to "excusable neglect." <u>Pioneer</u>, 507 U.S. at 395.   Under the <u>Pioneer</u> framework, a court must first determine whether the claimant's failure to file in a timely manner was the result of neglect.   <u>See id.</u> at 394; <u>Export Development Canada v. Circuit City Stores, Inc.</u>, Case No. 08-35653 (KRH) (Bankr. E.D. Va. Feb. 4, 2010) (D.I. 6465).   If the court determines that the claimant's failure to timely file is the result of neglect, the claimant bears the ultimate burden of proving that its neglect was "excusable."[5]   <u>See Pioneer</u>, 507 U.S. at 395.   "'Excusable neglect' is not easily demonstrated, nor was it intended to be."   <u>Thompson</u>, 76 F.3d at 534.

Here, Mondragon states only that he "did not submit any papers opposing the Thirtieth Omnibus Objection at the time, as he had an Adversary Proceeding pending."   Motion at ¶ 36.   This plainly fails to satisfy even the first part of the excusable neglect inquiry.   Specifically, Mondragon does not deny receiving the Thirtieth Omnibus Objection and cannot, therefore, assert that he was not aware of the need to respond or the deadline by which he was required to respond.   Thus, the Court should construe his failure to respond as a conscious decision, not the result of

---

[5]   The burden of proving excusable neglect lies with the claimant seeking to file a late proof of claim. <u>See Export Development Canada</u> (D.I. 6564); <u>see also Thompson v. E.I. DuPont de Nemours & Co.</u>, 76 F.3d 530, 534 (4th Cir. 1996) ("[T]he burden of demonstrating excusability lies with the party seeking the extension . . ." (internal citation and quotation omitted)).

neglect.  Thus, because "[t]he law since the <u>Pioneer</u> decision has been well established that where a party's actions are deliberate, the party's late filing cannot constitute excusable neglect," <u>In re Banco Latino International</u>, 310 B.R. 780, 785 (Bankr. S.D. Fla. 2004)(internal quotations omitted), Mondragon's Motion must be denied.  <u>See also</u> <u>In re Celotex Corp.</u>, 232 B.R. 493, 495 (Bankr. M.D. Fla. 1999)("After <u>Pioneer</u>, most courts have held that where a party's actions are deliberate, the party's late filing cannot constitute excusable neglect.")

Accordingly, Mondragon has not and cannot carry his burden of establishing excusable neglect.

> **2.    Mondragon has not and cannot demonstrate any other reason justifying relief under Civil Rule 60(b)(6).**

Rule 60(b)(6) states that the court may provide relief from a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Section (6) of Civil Rule 60(b):

> applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.  Courts must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The 'something more' must include unusual and extreme situations where principles of equity <u>mandate</u> relief.

<u>Ford Motor Co. v. Mustangs Unlimited, Inc.</u>, 487 F.3d 465, 468 (6th Cir. 2007)(internal quotation and citation omitted)(emphasis in original); <u>see also</u> <u>In re Teligent</u>, 326 B.R. 219, 227 (S.D.N.Y. 2005) (stating that "relief is only appropriate under clause (6)

'in cases presenting extraordinary circumstances,' or where the
judgment may work an 'extreme and undue hardship'" (internal
citations omitted)); Dynamic Changes Hypnosis Center, Inc. v. PCH
Holding, LLC, 306 B.R. 800, 811 (E.D. Va. 2004) (finding that
Civil Rule 60(b)(6) "should only be applied in 'extraordinary
circumstances'" (quoting Liljeberg v. Health Servs. Acquisition
Corp., 486 U.S. 847, 864 (1988))).

        Here, Mondragon relies only on the Court's statement in
the Memorandum Opinion that the "Plaintiff will be permitted to
pursue his claim under part three of the Federal Rules of
Bankruptcy Procedure."  Motion at ¶ 38 (quoting Memorandum Opinion
at 2).  This statement falls far short of the "exceptional or
extraordinary circumstances" required for application of Civil
Rule 60(b)(6).  While the Court permitted Mondragon to proceed
under the claims process, the Court nowhere exempted Mondragon
from the requirement that he respond to a claims objection that
challenged the validity of the Original Claim.  Indeed, "several
cases have held that Rule 60(b)(6) may not be used to relieve a
party from its own failure to protect its interests."  Dynamic
Changes Hypnosis Center, 306 B.R. at 811; see also Jardine, Gill &
Duffus, Inc. v. M/V Cassiopeia, 523 F.Supp. 1076, 1085 (D. Md.
1981) ("[R]elief is generally unavailable under Rule 60(b)(6) when
the moving party has failed to take legal steps to protect his
interests.").  Here, despite adequate notice, Mondragon failed to

take the necessary steps to maintain his claim against the Debtors. He may not now remedy that failure by seeking to vacate a valid final order.  Accordingly, Mondragon has not provided a reason under Civil Rule 60(b)(6) justifying relief from the Thirtieth Omnibus Order.

Consequently, because Mondragon has plainly failed to satisfy the requirements of Civil Rule 60(b) and Bankruptcy Rule 9024, Mondragon's request for reconsideration of the Thirtieth Omnibus Order should be denied.

## II.  MONDRAGON HAS NOT SATISFIED THE STANDARD FOR FILING A CLASS PROOF OF CLAIM.

By the Motion, Mondragon not only seeks reconsideration of the Thirtieth Omnibus Order disallowing the Original Claim, but also seeks this Court's permission to file a new Class Claim under Bankruptcy Rules 9014 and 7023.  The Debtors submit that Mondragon's request to file the Class Claim should be denied for two fundamental reasons.  First, Mondragon's request for permission to file the Class Claim is untimely given that it is made more than one year after the Bar Date.  Second, even if the Court were to determine that the request was not untimely, Mondragon has failed to meet his burden of establishing that the claims of the Unnamed Claimants should proceed as a class proof of claim.

### A.    The Standard For Filing Class Proofs Of Claim.

As this Court has noted, "[c]onsiderable question
persists as to whether class claims are ever permissible in
bankruptcy."  Memorandum Opinion with respect to Creditors Gentry,
Hernandez, Card, and Skaf's Omnibus Motion Requesting an Order
Applying Bankruptcy Rule 7023 to Their Class Proofs of Claim
Pursuant to Bankruptcy Rule 9014(c) (D.I. 7664, the "Class Claim
Opinion") at 6.  Moreover, "[a]lthough class proofs of claim may
be permitted, they are not a matter of right." See In re Computer
Learning Centers, Inc., 344 B.R. 79, 85-86 (Bankr. E.D. Va. 2006).
As such, to properly file a class proof of claim, the claimant
must first file a motion for determination of applicability of
Bankruptcy Rule 7023.  See Class Claim Opinion at 6 ("In order to
have a valid class proof of claim, a proponent of a class proof of
claim must seek and obtain a determination from the bankruptcy
court that Rule 7023 is applicable to the claims resolution
process.").  Once a Bankruptcy Rule 7023 motion is filed, a
bankruptcy court has the discretion to deny such a motion.  See
Class Claim Opinion at 11.

In this jurisdiction, there are two considerations that
are relevant to this inquiry.  These considerations are,
first, the timeliness of the motion to make Bankruptcy Rule 7023
applicable to the proof of claim and, second, whether class
adjudication is superior to adjudication of individual claims in

bankruptcy.  Computer Learning, 344 B.R. at 86, 92 (internal

citations omitted).

> **1.   The Motion is Untimely and Unduly Prejudicial to the
> Debtors' Estates and Creditors.**

While Bankruptcy Rule 9014 does not provide a deadline

for filing a Bankruptcy Rule 7023 motion, "[t]he [motion for a

class proof of claim] had to be brought, in the first instance,

before the expiration of the Bar Date for the Class Claims to be

filed timely."  Class Claim Opinion at 10; see also Computer

Learning, 344 B.R. at 89 (finding that a Rule 7023 motion "should

be filed as soon as practicable and should be denied if it comes

so late as to prejudice any party" and emphasizing that early

application of Rule 7023 "furthers the policy of an orderly and

expeditious administration of the bankruptcy estate").

Here, the Motion (and, with it, the Class Claim) were

not filed until April 21, 2010.  Thus, Mondragon had neither filed

nor sought permission to file a class proof of claim until well

over one year after the Bar Date.  Nonetheless, Mondragon

maintains that the Motion is timely.  Motion at ¶¶ 34-40.  In so

asserting, Mondragon states that he "at all relevant times sought

to pursue his claims as a class action."  Id. at ¶ 35.  In

addition, Mondragon claims that there was no need to file the

Class Claim until after the Adversary Proceeding was dismissed.

Id. at ¶ 45.

Contrary to his assertions, however, Mondragon has not

previously sought to pursue his claim as a class action.   Indeed,

as of the Bar Date, Mondragon had only filed the Original Claim.

The Original Claim was filed in Mondragon's name only, and sought

$10,440 as a Bankruptcy Code section 507(a)(4) priority claim on

account of wages and salaries, with no mention of the Unnamed

Claimants (or, in fact, of the WARN Act).[6]   While Mondragon also

filed the First and Amended Complaints on behalf of himself and

certain unnamed claimants, he was never authorized to proceed in

the Adversary Proceeding as a class representative and the

Adversary Proceeding did not exempt him from filing a proof of

claim for the class.   At most, his commencement of the purported

class action Adversary Proceeding may be construed as an

"informal" class proof of claim, but such an "informal" proof of

claim would not relieve Mondragon of the obligation to seek relief

under Bankruptcy Rule 7023.   Thus, as of the Bar Date, not only

---

[6]   Note that, had Mondragon actually filed a class proof of claim prior to the
Bar Date, such proof of claim would have nonetheless been invalid.
Specifically, because Mondragon did not file the Motion prior to the Bar Date,
Mondragon was not authorized to file a class proof of claim on behalf of the
Unnamed Claimants. "A proponent of a class proof of claim must obtain
authorization to act as agent for unnamed claimants in order to file a valid
proof of claim on their behalves. This authorization can either be express
authorization from each individual purported class member or can be
accomplished through the class certification process." Class Claim Opinion at
8 (citing In re American Reserve Corporation, 840 F.2d 487, 493 (7th Cir.
1988) (noting that the "representative in a class action is an agent for the
missing," but the "representative is an agent only if the class is
certified")).   Here, however, not only was Mondragon not an authorized
representative but, as noted above, he did not even file a class proof of
claim prior to the Bar Date or, indeed, until more than one year after the
Bar Date.

had Mondragon not filed a motion seeking authorization to file a

class proof of claim, Mondragon had not filed a class proof of

claim.  By the Motion, Mondragon is therefore seeking to file a

class proof of claim asserting a significant, priority claim for

the first time more than one year after the deadline for filing

proofs of claim.

As this Court held in the Class Claim Opinion:

> The [motion for a class proof of claim] had to be
> brought, in the first instance, before the expiration of
> the Bar Date for the Class Claims to be filed
> timely. . . .  This importance is highlighted by the
> fact that in order for a claimant to file a proof of
> claim after the court prescribed Bar Date, the claimant
> must establish that the "failure to act was the result
> of excusable neglect." Fed. R. Bankr. P. 9006(b) . . . .
> In this case, the Motion effectively seeks authorization
> to file late proofs of claim without establishing
> excusable neglect. The Motion of the Named Claimants is
> untimely and must be denied.

Class Claim Opinion at 10-11.  Similarly, here, Mondragon is

effectively asking the Court to authorize a late-filed class proof

of claim without establishing excusable neglect.

The only potential grounds for excusable neglect to be

gleaned from the Motion is Mondragon's assertion that he did not

pursue the Class Claim because there was no need to do so until

after the dismissal of the Adversary Proceeding.  Motion at ¶ 45.

Mondragon, however, provides no basis for this assertion and no

explanation of why this Court should conclude that his failure to

do so satisfies the excusable neglect standard.  Nor could he.

Indeed, in this instance it is again evident that his decision not

to file a class proof of claim was deliberate – Mondragon chose to
pursue the Adversary Proceeding and not request Court permission
to file a class proof of claim before the Bar Date.  As set forth
above, such deliberate decisions cannot constitute excusable
neglect.  Consequently, Mondragon has failed to carry his burden
of establishing excusable neglect.

Mondragon also asserts that the Debtors will not suffer
any prejudice if he is allowed to file the Class Claim.  Id. at ¶
40.  To the contrary, the Debtors and their creditors would be
materially prejudiced by permitting the filing and prosecution of
the Class Claim.  As set forth above, by the Motion, Mondragon is
making an untimely request to file a late proof of claim for a
large, priority claim or, in the alternative, to amend the
Original Claim to add purported priority claims of Unnamed
Claimants – a 200-fold increase in the magnitude of the Original
Claim.  In either case, allowing the filing of the Class Claim
would result in material prejudice.

First, under the Plan, priority claims must be paid in
full or reserved for before the Debtors may make payments to
general unsecured creditors.  See Plan at Arts. III.B.4., V.E.9.
(establishing reserves for priority claims and requiring that such
reserves be funded in full in the amount of the face amount of all
unpaid priority claims and providing for payment to general
unsecured creditors only from the amount remaining after funding

of the reserves).   Thus, because the Class Claim asserts claims in

an amount of $2 million as a priority claim under Bankruptcy Code

section 507(a)(4), the allowance or disallowance of the Class

Claim may have an impact on both the timing and ultimate recovery

that unsecured creditors receive in these bankruptcy cases.   See

Computer Learning, 344 B.R. at 90 (noting that the trustee was

prejudiced by the delay in filing the Rule 7023 motion because

payments to creditors would be delayed indefinitely by the

permission of a class proof of claim).

Second, allowing the Class Claim to be filed as a class

proof of claim would allow Mondragon and the Unnamed Claimants to

circumvent the Bar Date to the prejudice of all other timely

filing creditors.   In particular, Mondragon and all of the Unnamed

Claimants received actual notice of the Bar Date and, thus, were

free to file claims on their own behalf.   Any claims filed by

Mondragon and the Unnamed Claimants have been or will be addressed

through the claims resolution process as individual claims.   Any

claims not filed by Mondragon and the Unnamed Claimants are now

barred by the passage of the Bar Date.

With regard to notice, all of the Unnamed Claimants are

persons who were employed by the Debtors on or about November of

2008, when Circuit City announced its store closings.   See Amended

Complaint at ¶ 6.   All employees of the Debtors for the three

years prior to the Petition Date were served with the Bar Date

24

Notice.  See Affidavit of Service of Bar Date Notice (D.I. 1314).

As such, all of the Unnamed Claimants were given actual notice of

the Bar Date.[7]

Bar dates are important to the orderly administration of

any bankruptcy proceeding for both debtors and creditors.  See

Computer Learning, 344 B.R. at 89 (noting that the bar date "is

important to the orderly administration of a case and prevents

delays in distributing funds to creditors"); In re Protected

Vehicles, Inc., 397 B.R. 339, 346 (Bankr. D.S.C. 2008) (noting

that a bar date is "necessary to provide finality in determining

the identity of claimants and the liability faced by the

bankruptcy estate").  As set forth above, given the importance of

bar dates, where claimants seek to file proofs of claim after the

court-prescribed bar date, the claimants must establish excusable

neglect.

At this stage of the proceedings, the Bar Date is long

past and the Debtors' claims resolution process is well underway.

Thus, it would be highly prejudicial and inequitable to allow such

claimants to now assert claims – particularly, priority claims -

against the Debtors' estates without any indication of excusable

neglect.  See In re Bally Total Fitness of Greater New York, Inc.,

---

[7]   Moreover, this Court has held that the Debtors' service of the Bar Date
      Notice "was reasonably calculated, under the circumstances, to apprise
      interested persons of the pendency of the bankruptcy case and of the Bar Date
      as required to satisfy due process."  Class Claim Opinion at 16.

402 B.R. 616, 622 (Bankr. S.D.N.Y. 2009) (denying class proof of
claim because, in part, "the de facto expansion of the [b]ar
[d]ate for notified class members who failed to file individual
claims in a timely manner will violate due process and prejudice
the rights of timely filers"); In re Adam Aircraft Indus., Inc.,
2009 WL 2100929, *9 (Bankr. D. Colo. Mar. 20, 2009) (denying a
class proof of claim and stating that, "[i]n the case at bar, the
employees have already been afforded one bite at the claims apple,
and [class claimant] has not demonstrated a reason why they should
receive a second"); In re W.R. Grace & Co., 389 B.R. 373, 380
(Bankr. D. Del. 2008) (noting that allowing a class proof of claim
would allow an "end run around the bar date [and] would adversely
affect the bankruptcy proceedings by permitting those who missed
the bar date and who received at least publication notice to
interpose claims into this case, without establishing the
excusable neglect standard expressed in [Pioneer]"); Protected
Vehicles, 397 B.R. at 347 (finding that opening a class to include
all employees regardless of whether a proof of claim was timely
filed would "render proof of claim deadlines in bankruptcy cases
meaningless").

Accordingly, allowing the filing of the Class Claim
would upset the claims resolution process and would be prejudicial
to other timely-filing creditors.  This is especially so because,
as the Debtors emphasized above, not only did Mondragon not timely

26

file the Motion seeking court approval of a class proof of claim,
he never filed a class proof of claim.

Accordingly, because the Motion and the Class Claim were
not timely filed and would materially prejudice the Debtors, their
estates and creditors, the Motion should be denied and Mondragon
should not be permitted to file or pursue the Class Claim.

> **2.   Mondragon's Prosecution of the Class Claim is
> Inferior to the Bankruptcy Code's Individual Claims
> Adjudication Process.**

In addition to timeliness, a bankruptcy court's analysis
regarding whether to apply Bankruptcy Rule 7023 and allow the
filing of a class proof of claim looks to whether a class action
is superior to other available methods for the fair and efficient
adjudication of the controversy.  See <u>Computer Learning</u>, 344 B.R.
at 91 (quoting Civil Rule 23(b)(3)).  In particular, "[t]his
determination requires the Court to weigh the benefits and costs
of class litigation against the efficiencies created by the
bankruptcy claims resolution process."  Class Claim Opinion at 11.
As demonstrated below, because the bankruptcy claims process is
superior to the class litigation process, the Court should
exercise its discretion and deny Mondragon's request to file and
prosecute the Class Claim.

First, as this Court has stated, "[b]ankruptcy is set up
to efficiently handle large numbers of claims.  Often, the
'superiority of the class action vanishes when the 'other

available method' is bankruptcy, which consolidates all claims in

one forum and allows claimants to file proofs of claim without

counsel and at virtually no cost.'"  Class Claim Opinion at 11

(quoting In re Ephedra Prods. Liab. Litig., 329 B.R. 1, 9 (S.D.N.Y.

2005)).  Indeed, bankruptcy already provides the same, if not more,

procedural advantages than class adjudication.  Specifically,

"[b]ankruptcy provides (i) established mechanisms for notice,

(ii) established mechanisms managing large numbers of claimants,

(iii) proceedings centralized in a single court with nationwide

service of process, and (iv) protection against a race to judgment

since all of the debtor's assets are under the control of the

bankruptcy court."  Class Claim Opinion at 12.  For example, given

that nearly 15,000 claims have been filed in the Debtors' cases

and the Court has already entered orders with respect to well over

half of such claims, "[i]t is highly doubtful that an additional

several hundred claims from potential class members would

negatively impact the claims resolution process in these cases."

Id.

Furthermore, the risk of inconsistent adjudications is

not a concern in bankruptcy, where all proceedings are centralized

in a single court, see Computer Learning, 344 B.R. at 91, and

proceeding by class action would not provide a deterrent to the

Debtors because the Debtors have ceased their business operations

and have liquidated their assets.  See Ephedra, 329 B.R. at 9

("Under the Bankruptcy Code, general deterrence is not promoted at
the expense of creditors. Whatever weight deterrence may have in a
true reorganization, it has none in a liquidating plan like the
one here.").

Finally, the timely and efficient administration of the
Debtors' cases would also be complicated by the nature of class
action litigation, which generally involves lengthy, protracted
litigation.  While it is premature to speculate on the exact
nature of any litigation regarding the Class Claim, such
litigation would almost certainly involve time-consuming and
expensive discovery, likely delaying and potentially reducing the
distribution of the Debtors' assets to creditors.  See Class Claim
Opinion at 12 (denying motion for class claim where proceeding
with the class proofs of claim "would involve expensive, time-
consuming, protracted litigation that could delay and lessen the
distribution of the Debtors' assets to the creditors").

In summary, the bankruptcy claims process is superior to
the class action process in this instance because the bankruptcy
claims procedure offers many efficiencies, including many of the
efficiencies provided by class action litigation, and will avoid
the costs and delays associated with proceeding with the Class
Claim.

## CONCLUSION

For the foregoing reasons, the Motion should be denied and the Court should neither reconsider the Thirtieth Omnibus Objection nor permit filing of the Class Claim as a class proof of claim.

Dated: September 20, 2010    SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia       FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession