Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :   **Obj. Deadline: September 28, 2010**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement Agreement") with Cardinal Court LLC ("Cardinal Court"), a copy of which is annexed hereto as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement Agreement are as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.**

(i)     The Settlement Agreement is a Tier I
        Settlement.

(ii)    The Settlement Agreement is between the
        Debtors and Cardinal Court (the
        "Parties").

(iii)   Circuit City Stores, Inc., as tenant, and
        Cardinal Court, as landlord, are parties
        to a certain lease agreement dated
        October 18, 1995 for real property
        located at East Towne Mall in Madison,
        Wisconsin (the "Lease").

(iv)    Cardinal Court filed Claim 7132 as a
        general unsecured claim against the
        Debtors' bankruptcy estates in the
        amount of $119,004.44 ("Claim 7132").

(v)     Cardinal Court filed Claim 14502 as a
        general unsecured claim against the
        Debtors' bankruptcy estates in the
        amount of $763,316.97 ("Claim 14502").

(vi)    The Debtors have alleged that Claim
        14502 is overstated as filed.

(vii)   The Settlement Agreement provides that
        Claim 7132 shall be allowed as a non-
        priority, non-subordinated, general
        unsecured claim in the amount of
        $119,004.44 and that Claim 14502 shall
        be allowed as a non-priority, non-
        subordinated, general unsecured claim in
        the amount of $729,129.76 (together, the
        "Allowed Unsecured Claims").

(viii)  The Settlement Agreement shall not
        affect the Parties' prior agreement as
        to the allowance of Claim 14788 as an
        administrative priority claim in the
        amount of $18,037.98 (the "Allowed
        Administrative Claim").

3

(ix)    The Allowed Unsecured Claims and the
Allowed Administrative Claim constitute
Cardinal Court's full and final claims
against the Debtors and their estates
with respect to the Lease.  Nothing in
the Settlement Agreement impairs, waives,
or relinquishes the Debtors' rights to
recover amounts under Bankruptcy Code
sections 544, 546, 547, 548, 549 or 550
(the "Avoidance Action Claims") if any,
or any rights, claims, or defenses to or
in connection with any Avoidance Action
Claims.

(x)    The Settlement Agreement provides for
the efficient and consensual resolution
of claims by and between the Parties.
As such, the Settlement Agreement will
avoid unnecessary costs and expenses of
negotiating the remaining issues between
the Parties in a duplicative, piecemeal
manner.  Accordingly, the Settlement
Agreement is in the best interests of
the Debtors and their estates and
creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION
OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the
Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (the "Creditors' Committee")(see
information below) by no later than **September 28, 2010** (the
"Objection Deadline").  Each Objection or Request must be
served on (i) counsel for the Debtors, (a) Skadden, Arps,
Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi

4

(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the
Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP,
10100 Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th
Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

        PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning such Settlement Agreement,
you or you attorney must also file a written objection with
the Bankruptcy Court, Clerk of Court, United States
Bankruptcy Court, 701 East Broad Street, Suite 4000,
Richmond, Virginia 23219, or electronically
(www.vaeb.uscourts.gov), pursuant to Local Bankruptcy Rule
9013-1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the Court will
**receive it on or before September 28, 2010.**

**Any Objection to the Settlement Agreement must be submitted
by the method described above.  Objections will be deemed
filed only when actually received .**

        PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Settlement
Agreement or (ii) in the case of a Request for additional
information, three (3) days after receipt by the Notice
Party of the additional information requested.  Each Notice
Party may only make one Request for additional time, unless
otherwise agreed to by the Debtors in their sole discretion.

    PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(c) of the Order, if no Objection or Request is
filed and served upon counsel for the Debtors and counsel
for the Creditors' Committee or counsel to the Debtors and
counsel for the Creditors' Committee do not receive a
Request prior to the expiration of the Objection Deadline
(as may be extended by Requests, if any), **the Debtors shall
be authorized to enter into and consummate the Settlement
Agreement without further order of the Court or any other
action by the Debtors**.

Dated: September 21, 2010  SKADDEN, ARPS, SLATE, MEAGHER &
   Richmond, Virginia FLOM, LLP
            Gregg M. Galardi, Esq.
            Ian S. Fredericks, Esq.
            P.O. Box 636
            Wilmington, Delaware 19899-0636
            (302) 651-3000

             - and -

            SKADDEN, ARPS, SLATE, MEAGHER &
            FLOM, LLP
            Chris L. Dickerson, Esq.
            155 North Wacker Drive
            Chicago, Illinois 60606
            (312) 407-0700

             - and -

            MCGUIREWOODS LLP

            /s/ Douglas M. Foley
            Douglas M. Foley (VSB No. 34364)
            Sarah B. Boehm (VSB No. 45201
            One James Center
            901 E. Cary Street
            Richmond, Virginia 23219
            (804) 775-1000

            Counsel for Debtors and Debtors
            in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

5

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12. Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)    Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.    To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.    The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.    The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                     /s/ Douglas M. Foley
                     Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
        Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND CARDINAL COURT LLC RESOLVING CERTAIN CLAIMS**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and Cardinal Court LLC

("Cardinal Court" or the "Claimant"), on the other hand.

The Debtors and Cardinal Court are sometimes referred to

herein collectively as the "Parties" or individually as

a "Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

2

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

3

Case 08-35653-KRH    Doc 8625    Filed 09/21/10    Entered 09/21/10 13:41:00    Desc Main
Document      Page 25 of 33

Unsecured Claims, which was amended on August 9, 2010

(as may be further amended, the "Plan"); and

WHEREAS, the associated disclosure statement

(the "Disclosure Statement") was approved on September

24, 2009 and supplemented on August 9, 2010 (the

"Supplemental Disclosure"); and

WHEREAS, the Court approved the Plan at a

hearing held on September 8, 2010; and

WHEREAS, generally, the Plan provides for the

liquidation of the Debtors and distribution of their

assets to creditors under chapter 11 of the Bankruptcy

Code; and

WHEREAS, the Debtors are authorized under the

Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.

Bankr. P. 2002, 9006, and 9019 Authorizing the

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order")[2] to

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

enter into this Settlement Agreement, subject to the

Notice Procedures.

## SETTLEMENT BACKGROUND

WHEREAS, Circuit City Stores, Inc., one of the

Debtors, as tenant, and Cardinal Court, as landlord, are

parties to a certain lease agreement dated October 18,

1995 for the real property located at East Towne Mall in

Madison, Wisconsin (as may have been amended and

assigned from time to time, the "Lease"); and

WHEREAS, on January 28, 2009 Cardinal Court

filed claim 7132 as a general unsecured claim against

the Debtors' bankruptcy estates in the amount of

$119,004.44; and

WHEREAS, on July 16, 2009 Cardinal Court filed

claim 14502 as a general unsecured claim against the

Debtors' bankruptcy estates in the amount of $763,316.97

(together with claim 7132, the "Claims"); and

WHEREAS, the Debtors allege that claim 14502

is overstated as filed; and

WHEREAS, rather than proceed with litigation

concerning the Claims, the parties engaged in good faith,

5

arms' length negotiations to resolve such claims in
their entirety; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the occurrence of the Effective Date
(as defined herein), the Parties agree that claim 7132
shall be allowed as a non-priority, non-subordinated,
general unsecured claim in the amount of $119,004.44 and
that claim 14502 shall be allowed as a non-priority,
non-subordinated, general unsecured claim in the amount
of $729,129.76 (together, the "Allowed Unsecured
Claims").

2.   The Allowed Unsecured Claims shall be
deemed "allowed" claims against Circuit City Stores, Inc.
and its estate in case number 08-35653 (KRH) for all
purposes, including with respect to any confirmed plan
of liquidation or in any chapter 7 case of such Debtor,
and shall not be subject to amendment or further offset,
reduction, subordination or discount.   The Allowed

6

Unsecured Claims shall be paid in accordance with the Plan.

3.    This Agreement shall not affect the Parties' prior agreement as to the allowance of claim 14788 as an administrative priority claim in the amount of $18,037.98 (the "Allowed Administrative Claim").

4.    Except as otherwise set forth herein, all other claims filed by Claimant are deemed withdrawn with prejudice.

5.    For the avoidance of doubt and notwithstanding anything to the contrary in this Agreement, the Parties agree that (a) the Allowed Unsecured Claims and the Allowed Administrative Claim shall constitute the Claimant's full and final claims against the Debtors and their estates, (b) Claimant shall not file or be entitled to recover on account of any other claims (except as provided for in paragraph 5(c)(ii)), and (c) nothing herein shall be deemed to be, or construed as, an impairment, waiver, or relinquishment of, or effect, impair, waive, or relinquish (i) the Debtors' rights to recover amounts under Bankruptcy Code sections 544, 546, 547, 548, 549,

7

or 550 (the "Avoidance Action Claims"), if any, or

(ii) Claimant's rights, claims, or defenses to or in

connection with any Avoidance Action Claims, including

but not limited to any claims under 502(h).

6.    Neither this Agreement, nor any statement

made or action taken in connection with the negotiation

of this Agreement, shall be offered or received in

evidence or in any way referred to in any legal action

or administrative proceeding among or between the

Parties hereto, other than as may be necessary (a) to

obtain approval of and to enforce this Agreement or (b)

to seek damages or injunctive relief in connection

therewith.

7.    Each Party hereto shall execute and

deliver any and all additional papers, documents and

other assurances, and shall do any and all acts and

things reasonably necessary or appropriate in

conjunction with the performance of their respective

obligations hereunder.

8.    No provision of this Agreement is

intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

8

other than the parties hereto and their respective
successors.

9.   Except where preempted by applicable
Federal law, this Agreement shall be governed by and
construed in accordance with the internal laws of the
Commonwealth of Virginia without regard to any choice of
law provisions.

10.   This Agreement may be signed in
counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

11.   This Agreement constitutes the entire
agreement and understanding of the parties regarding the
Agreement and the subject matter thereof.

12.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

13.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

14.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

15.   This Agreement and all of its terms shall be effective (the "Effective Date") upon the later of (i) execution by the Parties or (ii) the expiration of the applicable Notice Period.

10

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., ET. AL.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  September 21, 2010

11

CARDINAL COURT LLC


/s/ Michael Hickmann
Michael Hickmann
Manager/Member


Dated:  September 20, 2010