UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | * | |
| CIRCUIT CITY STORES, INC., et al., | * | Case No: 08-35653-KRH<br>Chapter 11 |
| Debtors, | * | |

\* \* \* \* \* \* \* \* \* \* \*

**CLAIMANT MARLON MONDRAGON'S REPLY TO
DEBTORS' OBJECTION TO MOTION TO FILE CLASS PROOF OF CLAIM**

Claimant Marlon Mondragon ("Claimant" or "Movant"), by and through his undersigned attorneys, hereby files the within reply to the objection of Debtors, filed September 20, 2010 (the "Objection"), to Claimant's motion for leave to file a Class Proof of Claim. Claimant, in his motion seeks to file a class claim on behalf of himself and the many other former employees who were entitled to WARN Act pay but have failed to receive such pay. Notably, Debtors, in their Objection do not contest the merits of the underlying claim, or the right to WARN Act pay by former employees of stores with 50 or more employees, or the procedure of filing a class claim.[1] In fact, early in this proceeding, in November 2008, Debtors sought and obtained from the Court the right to hold a significant reserve to compensate former employees who would be entitled to such WARN Act pay. However, that payment was never made to Claimant or many of the other

---

[1] Claimant has identified, in the Adversary Complaint, at least eight (8) locations maintained by Circuit City that had 50 or more employees, making at least those locations subject to the WARN Act notice and pay provisions.

employees entitled to it. Debtors, in their current Objection, rely solely on hyper-technical procedural arguments which misconstrue the record before the Court.

Unstated by Debtors is the fact that, in their Thirtieth Omnibus Objection to Claims (D.I. 4583) ("Thirtieth Omnibus Objection"), they did not reveal to the Court that Claimant had already made a request for WARN Act pay in the form of the pending Adversary Proceeding and that such objection did not address that issue but merely stated that its books and records did not show a liability for past wages or salary. At the time the Thirtieth Omnibus Objection was filed on August 20, 2009, Debtors were well aware that Claimant was in the midst of pursuing the Warn Act claim in the form of the then-pending Adversary Proceeding, which had been commenced by Claimant on March 17, 2009. Thus, when the Thirtieth Omnibus Objection was filed on August 20, 2009 and when the Court decided the Thirtieth Omnibus Objection, on October 8, 2009, Claimant was still pursuing and intended to pursue, the Adversary Proceeding.[2] Ironically, Debtors at the time took the position in the Adversary Proceeding that the WARN Act claims in that Proceeding could be more efficiently pursued through the claims process.

---

[2] An adversary proceeding may be asserted as a putative class action without leave of court being required. This is in contrast to the filing of a class proof of claim which does require court approval in advance of filing the proof of claim. Thus, there was no reason for Claimant to file a motion prior to and during the pendency of the adversary proceeding and, indeed, doing so would be contradiction and waste of judicial time and effort.

Only after the Court granted the motion to dismiss in the Adversary Proceeding, on January 11, 2010, did the appropriate point in time arise for Claimant to seek to file a Class Proof of Claim.[3] In its Memorandum Opinion (D.I. 49), the Court held that such claims could be best adjudicated though the claims allowance process rather than in the context of an adversary proceeding. Memorandum Opinion at p. 7. Claimant filed his Motion for Leave to File a Class Claim and to reconsider the granting of the Objection on default.

Debtors, in their Objection to this motion, present the chronology in a disjointed way in order to distract attention from the fact that the Adversary Proceeding was in fact pending during the time the Objection was filed and that it was only after the Court's order of January 11, 2010, that filing of a Class Claim would be appropriate and timely.

## ARGUMENT

### I. The Court's Granting of the Objection Was An Interlocutory Order

The Debtors concede that a final judgment is one that ends the litigation on the merits and leaves nothing for the court to do but to execute the judgment. (Debtors Objection, p. 11). Despite this, Debtors then go on, in contradictory fashion, to argue that the Court's determinations on the Thirtieth Omnibus Objection constituted a final judgment rather than an interlocutory order. Of course, in doing so, Debtors must ignore the fact that after the Court's

---

[3] Debtors, in their Objection to this motion, incorrectly refer to the date of the Court's Memorandum Opinion as January 11, 2009, which would predate even the filing of the Adversary Proceeding itself. As discussed, infra, the date of the Court's Memorandum Opinion, coming after the date of the granting of the Thirtieth Omnibus Objection, is a legally significant fact which Debtors ignore.

order on the Thirtieth Omnibus Objection, entered October 8, 2009, the Court itself, on January 11, 2010, entered its Memorandum Opinion on the Adversary Proceeding, which held that the Claimant should proceed through the claims process, thereby expressly modifying the prior October 9, 2009 Order as it applied to Mondragon's claim. The Court would obviously not have held that the matter concerning the WARN Act claims proceed through the claims allowance process if that process had already been finally determined in the form of a final judgment. Thus, Debtors groundless argument is at variance with this Court's own rulings.

In fact, the plain text of Rule 60(b) indicates that it applies only to a final judgment, order, or proceeding. Rule 60(b), Fed. R. Civ. P; *Micron Tech Inc. v. Qimonda Ag*, Nos. 1:10cv26, 1:10cv27, 1:10cv28 (Bankr. E. D. Va. 2010). Accordingly, ""the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b)." *Id. (quoting* 11 Wright et al., Federal Practice & Procedure, § 2852)

This general principal extends to the bankruptcy context, where court have held that '[i]n the exercise of its inherent equitable powers, the bankruptcy court has authority to modify or vacate its own interlocutory orders." *Id. (quoting A & A Sign Co. v. Maughan*, 419 F.3d 1152, 1155 (9th Cir. 1969)).

"... Rule 60(b)...is not applicable because it relates to a final order, and no order in a bankruptcy proceeding is final (in the sense that it cannot be reopened) until the proceeding has been terminated." *Indemnity Ins. Co. of North America v. Reisley*, 153 F.2d 296, 299 (2nd Cir. 1945). Furthermore, "[s]ince the proceedings and orders of a bankruptcy court are interlocutory until entry of discharge, . . . and may be modified and rescinded before final decree,

4

. . . and if no intervening rights will be prejudiced, the court may grant a rehearing." *In re Chicago, M., St. P. & P. R. Co.*, 138 F.2d 235, 235-36 (7th Cir. 1943).

Here, putting aside the Court's own subsequent ruling in the Adversary Proceeding that the matter should proceed through the claims process, the Chapter 11 case is clearly not completed, and there has been no final decree closing the case. As opposed to an order having the same consequences and effect as an order of adjudication which results from a controversy arising in bankruptcy, the October 8, 2009, Order results from a proceeding in bankruptcy, specifically the ordinary resolution of creditors' claims which constitute but a step in the administration of the debtor's estate. *See Meyer v. Kenmore Granville Hotel Co.*, 297 U.S. 160 (1936).

Accordingly, the October 8, 2009, Order on Debtors' Thirtieth Omnibus Objection to Claims is an interlocutory order regarding a proceeding in bankruptcy, and is not subject to Rule 60(b).

## II. Claimant Followed The Correct Procedure By Filing The Instant Motion After The Adversary Proceeding Was Dismissed

While Debtors suggest that Claimant should have abandoned the Adversary Proceeding while it was pending because, according to Debtors, a dismissal was "entirely foreseeable," Debtor ignores the fact that other Courts have, in fact, certified similar WARN Act classes in the adversary context. *See, e.g., In re Protected Vehicles Inc.*, 397 B.R. 339 (Bank. Ct. D.S.C. 2008), and *In re Protected Vehicles Inc.*, 392 B.R. 633 (Bank. Ct. D.S.C. 2008) ); *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (WARN Act is "particularly amenable to class litigation"); *Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1966 )

("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery."); *New Orleans and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 U.S. Dist. LEXIS 2403 (E.D. La 1994) ("the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class."). Certainly, Claimant had a reasonable basis to believe that the claim in the Adversary Proceeding would move forward until and unless the Court held otherwise. Certainly, Claimant should not be irrevocably penalized for doing so, by barring the filing for the very remedy the Court held was appropriate in its Memorandum Opinion.

Indeed, the correct procedure dictates that filing the motion for leave to file a class proof of claim after the Court rules on the adversary proceeding or objection, is appropriate. In *Certified Class v. The Charter Co.*, 876 F.2d 866 (11th Cir. 1989), class counsel moved to file a class proof of claim. The debtor objected and sought to disallow the claim for failure to obtain prior leave to file such claim. Only after the filing of the objection did the claimants move for leave to file a class claim pursuant to Rule 7023. The Court granted the objection and denied the motion to file a class claim as untimely. The Court of Appeals reversed, holding that the claimants' Rule 7023 motion was timely. The Court held that until the proof of claim was objected to, there was no contested matter in which Rule 7023 could be made applicable. It reasoned that Rule 7023 may only be made applicable to contested matters and the mere filing of a proof of claim was not a contested matter. An objection to the proof of claim was such a contested matter and, therefore, the first opportunity that the claimants had to invoke Rule 7023 was when the objection to the class proof of claim was filed.

*Charter* was cited with approval in *In re Computer Learning Centers, Inc.*, 344 B.R. 79 (Bank. Ct. E.D. Va., 2006), in which the Court also stated: "Rule 9014 establishes no deadline

for filing a Rule 7023 motion. In fact, it provides that 'The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.'" 344 B.R. at 88. That is exactly what the Court did here in its January 11, 2010 Memorandum Opinion. Three months after that order, Claimant filed his motion for leave. Notably, this is in contrast to the circumstances in *Computer Learning Centers, supra*, in which the Court found that, after waiting **four years** from the commencement of the case and **years** after the entire claims process was closed (as a result of which the debtor had destroyed many of its records and could not identify documents or former employees), the delay was irretrievable prejudicial to the debtor and the motion was denied. *Id.* at 89. No such prejudice exists here and Debtor does not even attempt to suggest any.

With regard to excusable neglect concerning the Thirtieth Omnibus Objections, as noted above, Claimant was in the midst of pursuit of the Adversary Proceeding and the objection failed to raise or contest the WARN Act claims. Moreover, as noted above, the Court's subsequent decision on January 11, 2010, in which the parties were in fact specifically litigating the claims herein, also should be deemed to have modified the prior order on Debtors' Thirtieth Omnibus Objections insofar as it related to Mondragon's claims.

### III. The WARN Act Class Should Be Certified Pursuant to Rule 7023

All elements requiring class certification under Rule 7023 exist. The class consists of more than 200 persons and is therefore so numerous that joinder is impracticable. The Debtors' liability under the WARN Act present common factual and legal questions common to all of the Class members. The named plaintiff and the other Class members all suffered the same injury;

7

neither the named Plaintiff nor other class members received 60 days notice or 60 days wages and benefits, pursuant to the requirements of the WARN Act, thereby satisfying the typicality requirement. As no conflict exists between the interests of the named Plaintiff and the interest of the Class, and the attorneys for the named Plaintiff are experienced class action litigators, plaintiffs will fairly and adequately protect the interests of the class. The four prerequisites of Rule 23(a) for class certification are met.

The class also meets the requirements of Fed. R. Civ. P. 23(b)(3). Common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims. In addition, a class action is superior to other methods for the fair and efficient adjudication of the controversy. Many class members may not have realized that they had claims and may not have filed claims in this case. "The advantage of a class action is that the class members can be particularly identified and be given notice of their potential claims." *Computer Learning Centers,* 344 B.R. at 93. Here, neither the named Plaintiff nor any other Class Member have an interest in individually controlling the prosecution of the separate actions. No other litigation concerning the controversy has been commenced. Concentrating the WARN litigation in a class action will avoid multiple suits. Finally, the difficulties in managing this litigation a class action are few: the Class Members can easily be identified and given notice of their potential claims; the potential liability of the Defendant can be readily calculated; and there is but one combined course of conduct – that of the Defendant – to examine and adjudicate.

No reason justifies requiring the individual class members to each file a proof of claim and, accordingly, the Court should permit the Movant to file a single proof of claim on behalf of the Warn Act Class.

WHEREFORE, the Movant requests and Order:

(a)      Permitting the Movant to file a single class proof of claim on behalf of the Warn Act Class;

(b)      Specifically vacating the order granting the objection insofar as it relates to those claims; and

(b)      Granting such other relief as this Court deems just proper.

Dated: September 22, 2010      Respectfully submitted,

BUSMAN & BUSMAN, P.C.

/s/ Marc A. Busman
Marc A. Busman
P.O. Box 7514
Fairfax Station, VA 22039
703-503-8088
703-425-8487 (facsimile)

KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.
Randy J. Perlmutter
Gary S. Graifman
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335

MASON LLP
Gary E. Mason
Nicholas A. Migliaccio
1625 Massachusetts Ave., NW
Ste. 605
Washington, DC 20036
Tel: 202-429-2290
Fax: 202-429-2294

*Counsel for the Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2010, a copy of the foregoing Claimant Marlon Mondragon's Reply to Debtors' Objection to File Class Proof of Claim was filed and served via the Court's Electronic Case Filing System on all parties receiving such notice.

/s/ Marc A. Busman
Counsel