Gregg M. Galardi, Esq.                Douglas M. Foley
Ian S. Fredericks, Esq.               (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       Sarah B. Boehm
FLOM, LLP                             (VSB No. 45201)
One Rodney Square                     MCGUIREWOODS LLP
PO Box 636                            One James Center
Wilmington, Delaware 19899-0636       901 E. Cary Street
(302) 651-3000                        Richmond, Virginia 23219
                                      (804) 775-1000
        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
              Debtors.          :   **Obj. Deadline: October 5, 2010 at**
- - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS, DIGITAL INNOVATIONS LLC, AND VONWIN
CAPITAL MANAGEMENT, L.P. RESOLVING THE DEBTORS' TWENTY-
THIRD OMNIBUS OBJECTION TO CLAIM 7223, THE DEBTORS'
FIFTIETH OMNIBUS OBJECTION TO CLAIM 14251, AND THE DEBTORS'
FIFTY-FIRST OMNIBUS OBJECTION TO CLAIM 1373**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]   A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with VonWin Capital Management, L.P. and Digital Innovations, LLC, a copy of which is annexed as <u>Exhibit 2</u>.

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

**SUMMARY OF AGREEMENT TERMS[3]**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   The Agreement is between the Debtors, VonWin Capital Management, LP (the "Claimant"), and Digital Innovations LLC ("Digital Innovations" and together with the Debtors and the Claimant, the "Parties" and each of which is a "Party");

(ii)  Claimant is the transferee of proofs of claims transferred by Digital Innovations;

(iii)   Digital Innovations filed a proof of claim on December 17, 2008 in the amount of $27,740.00 ("Claim 1373");

(iv)  Digital Innovations filed a proof of claim on January 28, 2009 in the amount of $163,243.78 ("Claim 7223");

(v)   Digital Innovations filed a proof of claim on June 30, 2009 in the amount of $102,059.64 ("Claim 14251" and together with Claim 1373 and Claim 7223, the "Claims");

(vi)  The Debtors objected to Claim 7223 in the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (Docket No. 3711) (the "Twenty-Third Omnibus Objection");

(vii)   The Debtors objected to Claim 14251 in the Debtors' Fiftieth Omnibus Objection to

---

[3]  This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

Certain Administrative Expenses and Motion for (I) Authority to Setoff Against Such Expenses and (II) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (Docket No. 5213) (the "Fiftieth Omnibus Objection");

(viii)  The Debtors objected to Claim 1373 in the Debtors' Fifty-First Omnibus Objection to Certain 503(b)(9) Claims (Docket No. 5214) (the "Fifty-First Omnibus Objection" and together with the Fiftieth Omnibus Objection and the Twenty-Third Omnibus Objection, the "Objections");

(ix) Claimant filed a response to the Twenty-Third Omnibus Objection on July 16, 2009 (Docket No. 4132) (the "Twenty-Third Omnibus Response") stating that it wished to preserve its rights to amend Claim 7223 in the event Claim 1373 was disallowed;

(x)  Claimant filed two responses to the Fiftieth Omnibus Objection on November 4, 2009 (Docket Nos. 5474 and 5509) (the "Fiftieth Omnibus Objection Responses") stating that Claim 14251 is entitled to administrative expense priority and that Debtors should not be permitted to set off certain receivables against Claim 14251;

(xi) Claimant filed two responses to the Fifty-First Omnibus Objection on November 4, 2009 (Docket Nos. 5470 and 5509) (the "Fifty-First Omnibus Responses and together with the Twenty-Third Omnibus Response and the Fiftieth Omnibus Responses, the "Responses") stating that Claim 1373 should not be temporarily disallowed on the basis of certain preferential transfers;

(xii) The Debtors contest at least $27,740.00 of Claim 7223 as duplicate of Claim 1373

4

and $1,383.00 of Claim 7223 as otherwise
not due and owing to the Claimant;

(xiii)  The Debtors contest at least $924.00 of
Claim 14251 as not due and owing to the
Claimant;

(xiv) The Debtors allege that they are entitled
to certain pre- and post-petition amounts,
including receivables and other amounts,
which are currently due and owing to the
Debtors by Digital Innovations.
Specifically, the Debtors allege that
Digital Innovations owes the Debtors pre-
and post-petition amounts totaling
$8,420.58 (the "Alleged Receivables");

(xv) Upon the occurrence of the Effective Date,
Claim 1373 shall be valued at $27,740.00;

(xvi) Upon the occurrence of the Effective Date,
Claim 7223 shall be valued at $134,120.00;

(xvii)  Upon the occurrence of the Effective
Date, Claim 14251 shall be valued at
$102,060.00;

(xviii) Upon the occurrence of the Effective
Date the Alleged Receivables shall be
valued at $8,420.58;

(xix) In full satisfaction and settlement of
the Alleged Receivables, upon the
occurrence of the Effective Date, Claim
1373 shall be offset by the Alleged
Receivables and deemed reduced, classified,
and allowed in the amount of $19,319.42 as
a claim entitled to priority under
Bankruptcy Code section 503(b)(9) (the
"503(b)(9) Claim");

(xx) Upon the occurrence of the Effective Date,
Claim 14251 shall be deemed classified and
allowed in the amount of $102,060.00 as a

503(b)(1) administrative expense claim
(the "Administrative Claim");

(xxi) Upon the occurrence of the Effective Date,
Claim 7223 shall be deemed classified and
allowed in the amount of $134,120.00 as a
general unsecured, non-priority claim (the
"Unsecured Claim" and collectively, with
the 503(b)(9) Claim and the Unsecured
Claim, the "Allowed Claims");

(xxii)  Upon the occurrence of the Effective
Date, the Responses and the Objections
shall be deemed resolved; and

(xxiii) Upon the occurrence of the Effective
Date, the Parties waive and release any
and all claims under Bankruptcy Code
sections 502, 542, 543, 544, 546, 547, 548,
549, 550, 553 and 558) arising from, in
connection with, or related to the Claims
and the Alleged Receivables.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**October 5, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:

Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

> file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before October 5, 2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: September 28, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in
Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :    Chapter 11
                           :
CIRCUIT CITY STORES, INC., :    1Case No. 08-35653 (KRH)
et al.,                    :
                           :
             Debtors.      :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

2

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; <u>provided</u>,
<u>further</u>, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi ([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and
Ian S. Fredericks
([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com))

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   Tier II With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley
Ian S. Fredericks, Esq.         (VSB No. 34364)
SKADDEN, ARPS, SLATE,           Sarah B. Boehm
MEAGHER & FLOM, LLP             (VSB No. 45201)
One Rodney Square               MCGUIREWOODS LLP
PO Box 636                      One James Center
Wilmington, Delaware            901 E. Cary Street
19899-0636                      Richmond, Virginia 23219
(302) 651-3000                  (804) 775-1000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
                              :
        Debtors.              :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
THE DEBTORS, DIGITAL INNOVATIONS LLC, AND VONWIN CAPITAL
MANAGEMENT, L.P. RESOLVING THE DEBTORS' TWENTY-THIRD
OMNIBUS OBJECTION TO CLAIM 7223, THE DEBTORS' FIFTIETH
OMNIBUS OBJECTION TO CLAIM 14251, AND THE DEBTORS'
FIFTY-FIRST OMNIBUS OBJECTION TO CLAIM 1373**

This settlement agreement and stipulation (the "Agreement") is entered into by and among the above-captioned debtors and debtors in possession (the "Debtors"), VonWin Capital Management, L.P. (the "Claimant"), and Digital Innovations LLC ("Digital Innovations" and together with the Debtors and the Claimant, the "Parties" and each of which is a "Party"). Claimant is the transferee of proofs of claims transferred by Digital Innovations.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has
been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court
authorized the Debtors, among other things, to conduct
going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of
on or about March 8, 2009, the going out of business
sales concluded; and

WHEREAS, on August 9, 2010, the Debtors and
the Creditors Committee filed the Second Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and its
Affiliated Debtors and Debtors In Possession and its
Official Committee of Creditors Holding General
Unsecured Claims (the "Plan"); and

WHEREAS, the Court approved the Plan at a
hearing held on September 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors and distribution of their assets to creditors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval dated August 7, 2009 and entered on August 10, 2009 (the "Settlement Procedures Order") (Docket No. 4401)[1] to enter into this Agreement, subject to the Notice Procedures; and

### SETTLEMENT BACKGROUND

WHEREAS, Digital Innovations filed the following proofs of claims (the "Claims"):

| Claim Number | Claim Amount |
|---|---|
| 1373 | $27,740.00 |
| 7223 | $163,243.78 |
| 14251 | $102,059.64 |

---

[1]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

WHEREAS, the Debtors filed the following

objections to the following Claims (the "Objections"):

a.    Debtors' Twenty-Third Omnibus Objection to
      Claims (Modification of Certain Duplicate
      503(b)(9) Claims) – Claim 7223 – filed on June
      23, 2009 (Docket No. 3711);

b.    Debtors' Fiftieth Omnibus Objection to Certain
      Administrative Expenses and Motion for (I)
      Authority to Setoff Against Such Expenses and
      (II) a Waiver of the Requirement that the
      First Hearing on any Response Proceed as a
      Status Conference – Claim 14251 – filed on
      October 13, 2009 (Docket No. 5213);

c.    Debtors' (I) Fifty-First Omnibus Objection to
      Certain 503(b)(9) Claims and (II) Motion for a
      Waiver of the Requirement that the First
      Hearing on any Response Proceed as a Status
      Conference – Claim 1373 – filed on October 13,
      2009 (Docket No. 5214); and

      WHEREAS, the Claimant filed the following

responses to the Objections (the "Responses"):

a.    Response to the Twenty-Third Omnibus Objection
      on July 16, 2009 (Docket No. 4132), stating
      that Claimant wished to preserve its rights to
      amend Claim 7223 in the event Claim 1373 was
      disallowed;

b.    Responses to the Fiftieth Omnibus Objection on
      November 4, 2009 (Docket Nos. 5474 and 5509),
      stating that Claim 14251 is entitled to
      administrative expense priority and that the
      Debtors should not be permitted to set off
      certain receivables against Claim 14251;

      c.   Responses to the Fifty-First Omnibus Objection
on November 4, 2009 (Docket Nos. 5470 and 5509),
stating that Claim 1373 should not be
temporarily disallowed on the basis of certain
preferential transfers; and

WHEREAS, the Debtors contest at least

$27,740.00 of Claim 7223 as duplicate of Claim 1373 and

$1,383.00 of Claim 7223 as otherwise not due and owing

to the Claimant; and

WHEREAS, the Debtors contest at least $924.00

of Claim 14251 as not due and owing to the Claimant; and

WHEREAS, the Debtors allege that they are

entitled to certain pre- and post-petition amounts,

including receivables and other amounts, which are

currently due and owing to the Debtors by Digital

Innovations.  Specifically, the Debtors allege that

Digital Innovations owes the Debtors pre- and post-

petition amounts totaling $8,420.58 (the "Alleged

Receivables"); and

WHEREAS, the Debtors are seeking to setoff the

Alleged Receivables against Claim 1373 such that, after

setoff of the Alleged Receivables, Claim 1373 would be

reduced by $8,420.58; and

WHEREAS, the Parties have engaged in discussions with respect to resolution of the Claims as well as the Alleged Receivables and related matters; and

WHEREAS, the Parties wish to resolve the Claims, the Alleged Receivables, and related matters in their entirety by this Agreement.

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the occurrence of the Effective Date (as defined below), the following claims shall be valued in the following amounts:

| Claim Number | Claim Amount |
| --- | --- |
| 1373 | $27,740.00 |
| 7223 | $134,120.00 |
| 14251 | $102,060.00 |

2.   Upon the occurrence of the Effective Date (as defined below) the Alleged Receivables shall be valued at $8,420.58.

7

3.    In full satisfaction and settlement of the Alleged Receivables, upon the occurrence of the Effective Date, Claim 1373 shall be offset by the Alleged Receivables and deemed reduced, classified, and allowed in the amount of $19,319.42 as a claim entitled to priority under Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim").

4.    Upon the occurrence of the Effective Date, Claim 14251 shall be deemed classified and allowed in the amount of $102,060.00 as a 503(b)(1) administrative expense claim (the "Administrative Claim").

5.    Upon the occurrence of the Effective Date, Claim 7223 shall be deemed classified and allowed in the amount of $134,120.00 as a general unsecured, non-priority claim (the "Unsecured Claim" and collectively, with the 503(b)(9) Claim and the Administrative Claim, the "Allowed Claims").

6.    Upon the occurrence of the Effective Date, the Responses and the Objections shall be deemed resolved.

7.    The Allowed Claims shall be deemed "allowed" claims in case number 08-35653 (KRH) for all

8

purposes, including with respect to any confirmed plan

or as required under any chapter 7 liquidation (as

applicable), and shall not be subject to increase,

amendment, or enhancement in any way or further

objection, offset, reduction, discount, impairment, or

subordination.  The Allowed Claims shall be paid in

accordance with the Plan.

8.   Upon the Effective Date, Claimant and

Digital Innovations, on behalf of themselves, their

successors, and their assigns, and the Debtors, on

behalf of themselves, and each on behalf of their

respective estates, successors, and assigns (including

but not limited to any trustee appointed in any of these

chapter 11 cases or any successor or subsequent

bankruptcy cases, any receivers and/or other custodians

appointed in any action or proceeding involving the

Debtors' property and the liquidating trustee under the

Plan), hereby irrevocably and fully release one another

from and against any and all claims or causes of action

(including, but not limited to, causes of action under

Bankruptcy Code sections 502, 542, 543, 544, 546, 547,

548, 549, 550, 553 and 558) arising from, in connection

with, or related to the Claims and the Alleged
Receivables (this paragraph, the "Releases"); provided,
however, that nothing herein shall constitute a waiver
or release of the Allowed Claims.

9.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Agreement, (i) the Allowed Claims shall constitute
Claimant's and Digital Innovations' full and final
allowed claims in the Debtors' cases and Claimant and
Digital Innovations shall not file or be entitled to
recover on account of any other claims, (ii) the Debtors
shall not be entitled to recover any further credits,
rebates, receivables, setoffs, netting, or discounts
from Claimant or Digital Innovations, and (iii) the
Claimant, Digital Innovations, and the Debtors
specifically acknowledge and agree that this Agreement
is not intended to, and does not, release or otherwise
affect in any way any actual claims or causes of action
(or potential claims or causes of action similar in
nature or type to such actual claims or causes of action)
now or hereinafter asserted in, based on, or relating to
the multi-district litigation captioned In re: TFT-LCD

10

(Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.)and the actions consolidated therein (the "MDL Proceeding").

10.   Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

11.   Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

12.   No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person

11

other than the Parties hereto and their respective
successors.

13.    Except where preempted by applicable
Federal law, this Agreement shall be governed by and
construed in accordance with the internal laws of the
Commonwealth of Virginia without regard to any choice of
law provisions.

14.    This Agreement may be signed in
counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

15.    This Agreement constitutes the entire
agreement and understanding of the Parties regarding the
Agreement and the subject matter thereof.

16.    The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the Parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

17.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

18.   This Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period (such date, the "Effective Date").

19.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all the Parties hereto or order of the Bankruptcy Court.

20.   This Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

13

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

By:
CHRISTIAN & BARTON, LLP

/s/ Michael D. Mueller_____
Michael D. Mueller, Esq.
Augustus C. Epps, Jr., Esq.
909 East Main Street,
Ste 1200
Richmond, VA 23219
(804) 697-4100

Counsel for Digital
Innovations, LLC

- and -

VONWIN CAPITAL
MANAGEMENT, L.P.

/s/ Michael Winschuh_____
Michael Winschuh
Managing Director
VonWin Capital Management,
L.P.
261 Fifth Avenue, 22nd Floor
New York, NY 10016
(212) 889-1937

By:
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and
Debtors in Possession

Dated: September 28, 2010

14