Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                             :    Chapter 11
                                   :
CIRCUIT CITY STORES, INC.,         :    Case No. 08-35653 (KRH)
et al.,                            :
                                   :    Jointly Administered
              Debtors.             :
                                   :    **Obj. Deadline: October 11, 2010**
- - - - - - - - - - - - - - - x    **at 5:00 p.m. (ET)**

**NOTICE OF SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
THE DEBTORS, VONWIN CAPITAL MANAGEMENT, LP, AND PUNTOAPARTE
COMMUNICATIONS, INC.**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
   meanings ascribed to such terms in the Settlement Agreement (defined
   below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with VonWin Capital Management, LP ("VonWin") and PuntoAparte Communications, Inc. ("PuntoAparte" and together with VonWin and the Debtors, the "Parties" and each of which is a "Party"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order,

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3] This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

the material terms of the Settlement Agreement are as follows:

    (i)    This a Tier I Settlement.

    (ii)   On February 2, 2009, PuntoAparte filed claim number 11417, a general unsecured proof of claim, against the Debtors' bankruptcy estates (the "General Unsecured Claim").  The General Unsecured Claim was filed in the amount of $162,566.36.

    (iii) On June 8, 2009, PuntoAparte filed proof of claim number 13276, an administrative priority claim against the Debtors' bankruptcy estates (the "Administrative Claim").  The Administrative Claim was filed in the amount of $197,424.70.

    (iv)   The General Unsecured Claim and the Administrative Claim were transferred to, and are currently held by, VonWin.

    (v)    The Debtors disputed the amount of both the General Unsecured Claim and the Administrative Claim based upon information contained in their books and records.

    (vi)   The Debtors also asserted that pursuant to Bankruptcy Code sections 547 and 550, PuntoAparte received transfers, made during the 90-day period prior to the Petition Date, that could be avoided and recovered by the Debtors (the "Alleged Preferential Transfers").

    (vii) Rather than proceed with litigation concerning the General Unsecured Claim, the Administrative Claim, and the Alleged Preferential Transfers, the parties engaged in good faith, arms' length negotiations to resolve the General Unsecured Claim, Administrative Claim, and Alleged Preferential Transfers in their entireties.

(viii)  The Parties agree that the General Unsecured Claim shall be valued at and allowed in the face amount of $80,000 as a general unsecured, non-priority claim (the "Allowed General Unsecured Claim").

(ix)   The Parties agree that the Administrative Claim shall be valued at and allowed in the face amount of $125,500 as an administrative expense claim under Bankruptcy Code section 503(b)(1) (the "Allowed Administrative Claim" and together with the Allowed General Unsecured Claim, the "Allowed Claims").

(x)    The Allowed General Unsecured Claim shall be deemed an "allowed" general unsecured claim against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to the Plan or in any chapter 7 case of such Debtor (as applicable), and shall not be subject to amendment or enhancement or further objection, offset, reduction, discount, impairment or subordination.

(xi)   The Allowed Administrative Claim shall be deemed an "allowed" administrative claim against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to the Plan or in any chapter 7 case of such Debtor (as applicable), and shall not be subject to amendment or enhancement or further objection, offset, reduction, discount, impairment or subordination.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or

request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**October 11, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline"). Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before October 11,
2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 4, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                    - and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

                    - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - -x
                          :
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC., :  1Case No. 08-35653 (KRH)
et al.,                   :
                          :
            Debtors.      :   Jointly Administered
- - - - - - - - - - - - - -x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.  To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.  The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.  The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.  This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS, VONWIN CAPITAL MANAGEMENT, LP, AND PUNTOAPARTE
                  COMMUNICATIONS, INC.**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and VonWin Capital

Management, LP ("VonWin") and PuntoAparte Communications,

Inc. ("PuntoAparte" and together with Vonwin and the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan").  The

associated disclosure statement (the "Disclosure

Statement") was approved on September 24, 2009.

Confirmation of the First Amended Plan was originally

scheduled for November 23, 2009, but has been adjourned

from time to time; and

WHEREAS, on August 9, 2010, the Debtors and

the Creditors' Committee filed the Second Amended Joint

Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its

Official Committee of Creditors Holding General

Unsecured Claims (the "Plan").

WHEREAS, the Plan was confirmed on September 8,

2010; and

WHEREAS, generally, the Plan provides for the

liquidation of the Debtors under chapter 11 of the

Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the

Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.

Bankr. P. 2002, 9006, and 9019 Authorizing the

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval, dated August 7, 2009

4

(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Agreement, subject to the Notice
Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, Circuit City and PuntoAparte engaged
in business generally in the ordinary course prior to
and after the Petition Date wherein PuntoAparte provided
the Debtors with certain advertising services (the
"Services"); and

WHEREAS, on February 2, 2009, PuntoAparte
filed proof of claim number 11417, a general unsecured
proof of claim against the Debtors' bankruptcy estates
(the "General Unsecured Claim").  Therein, PuntoAparte
claimed that it supplied Services to the Debtors in the
amount of $162,566.36 before the Petition Date; and

WHEREAS, on June 8, 2009, PuntoAparte filed
proof of claim number 13276, an administrative priority
claim against the Debtors' bankruptcy estates (the
"Administrative Claim").  Therein, PuntoAparte claimed

---

[2]  All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

that it supplied Services to the Debtors in the amount

of $197,424.70 after the Petition Date; and

WHEREAS, the General Unsecured Claim was

transferred to, and is currently held by, VonWin (D.I.

8326);[3] and

WHEREAS, the Administrative Claim was

transferred to, and is currently held by, VonWin (D.I.

8237); and

WHEREAS, the Debtors disputed the amount of

the General Unsecured Claim based upon information

contained in their books and records; and

WHEREAS, the Debtors also disputed the amount

of the Administrative Claim based upon information

contained in their books and records; and

WHEREAS, the Debtors asserted that pursuant to

Bankruptcy Code sections 547 and 550, PuntoAparte

received transfers, made during the 90-day period prior

to the Petition Date, that could be avoided and

---

[3]   The Debtors included PuntoAparte as a general unsecured creditor
holding a claim against the Debtors' estates in the amount of
$204.80 on their Schedule F (the "Scheduled Liability") (D.I.
1130).  PuntoAparte transferred the Scheduled Liability to VonWin
on August 23, 2010 (D.I. 8325).  The Parties agree that the
Scheduled Liability was amended and superseded by the General
Unsecured Claim.

recovered by the Debtors (the "Alleged Preferential
Transfers"); and

WHEREAS, rather than proceed with litigation
concerning the General Unsecured Claim, the
Administrative Claim, and the Alleged Preferential
Transfers, the parties engaged in good faith, arms'
length negotiations to resolve the General Unsecured
Claim, Administrative Claim, and Alleged Preferential
Transfers in their entireties; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties agree that the General
Unsecured Claim shall be valued at and allowed in the
face amount of $80,000 as a general unsecured, non-
priority claim (the "Allowed General Unsecured Claim").

2.    The Parties agree that the Administrative
Claim shall be valued at and allowed in the face amount
of $125,500 as an administrative expense claim under
Bankruptcy Code section 503(b)(1) (the "Allowed

Administrative Claim" and together with the Allowed

General Unsecured Claim, the "Allowed Claims").

3.   The Allowed General Unsecured Claim shall

be deemed an "allowed" general unsecured claim against

Circuit City Stores, Inc. and its estate in case number

08-35653 (KRH) for all purposes, including with respect

to the Plan or in any chapter 7 case of such Debtor (as

applicable), and shall not be subject to amendment or

enhancement or further objection, offset, reduction,

discount, impairment or subordination.

4.   The Allowed Administrative Claim shall be

deemed an "allowed" administrative claim against Circuit

City Stores, Inc. and its estate in case number 08-35653

(KRH) for all purposes, including with respect to the

Plan or in any chapter 7 case of such Debtor (as

applicable), and shall not be subject to amendment or

enhancement or further objection, offset, reduction,

discount, impairment or subordination.

5.   The Parties agree that this Agreement

finally resolves the General Unsecured Claim,

Administrative Claim and the Alleged Preferential

Transfers in their entireties.

6.   Upon the Effective Date, as defined
herein, PuntoAparte, on behalf of itself, its successors,
its assigns, and the Debtors, on behalf of themselves
and each on behalf of their respective estates,
successors, and assigns (including but not limited to
any trustee appointed in any of these chapter 11 cases
or any successor or subsequent bankruptcy cases, any
receivers and/or other custodians appointed in any
action or proceeding involving the Debtors' property and
the liquidating trustee under the Plan), hereby
irrevocably and fully release one another from and
against any and all claims or causes of action
(including, but not limited to, causes of action under
Bankruptcy Code sections 502, 542, 543, 544, 546, 547,
548, 549, 550, 553 and 558) arising from, in connection
with, or related to the General Unsecured Claim, the
Administrative Claim, and the Alleged Preferential
Transfers (this paragraph, the "Releases"), but
excluding the Allowed Claims.

7.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Releases are not intended

as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, (ii)
the Allowed Claims shall constitute PuntoAparte's full
and final allowed claims in the Debtors' cases and
PuntoAparte shall not file nor be entitled to recover on
account of any other claims from the Debtors or their
estates; (iii) nothing herein shall be deemed to or
affect any other claim filed by or transferred to VonWin
(the "Unresolved Claims" and the holders of such
Unresolved Claims, the "Claimants") or the Debtors'
rights, claims, causes of action, or defenses arising
from or related to the Unresolved Claims or the
Claimants holding such Unresolved Claims, and (iv)
PuntoAparte, VonWin and the Debtors specifically
acknowledge and agree that this Agreement is not
intended to, and does not, release or otherwise affect
in any way any actual claims, defenses or causes of
action (or potential claims, defenses or causes of
action similar in nature or type to such actual claims
defenses, or causes of action) now or hereinafter
asserted in, based on, or relating to the multi-district
litigation captioned In re: TFT-LCD (Flat Panel)

10

Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding").

       8.   Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Agreement (b) to
seek damages or injunctive relief in connection
therewith or (c) as may be required by applicable law.

       9.   Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

      10.  No provision of this Agreement is
intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the parties hereto and their respective
successors and assigns.

11.   Except where preempted by applicable
Federal law, this Agreement shall be governed by and
construed in accordance with the internal laws of the
Commonwealth of Virginia without regard to any choice of
law provisions.

12.   This Agreement may be signed in
counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

13.   This Agreement constitutes the entire
agreement and understanding of the parties regarding the
Agreement and the subject matter thereof.

14.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

15.   Each person or entity who executes this
Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly

12

authorized to execute this Agreement on behalf of such
person or entity, has the requisite authority to bind
such person or entity, and such person or entity has
full knowledge of and has consented to this Agreement.
The representations and warranties set forth in this
paragraph shall survive execution of this Agreement.

16.  This Agreement shall not be modified,
altered, amended or vacated without the written consent
of all parties hereto or order of the Bankruptcy Court.

17.  This Agreement and all of its terms shall
be effective upon the later of (i) execution by all
Parties, (ii) the expiration of the applicable Notice
Period, or (iii) the resolution of any objection
properly filed in accordance with the terms of the
Settlement Procedures Order.

18.  This Agreement shall inure to the benefit
of and be binding upon the successors and assigns of the
Parties hereto, including any Chapter 7 trustee or the
Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of October 4, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., _et al_.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
_et al._, Debtors and Debtors in Possession

VONWIN CAPITAL MANAGEMENT, LP

By:

Michael Winschuh

/s/ Michael Winschuh
Managing Director
VonWin Capital Management, L.P.
261 Fifth Avenue, 22nd Floor
New York, NY 10016
(212) 889-1937

PUNTOAPARTE COMMUNICATIONS, INC.

By:

Orlando J. Salichs

/s/ Orlando J. Salichs
President
PuntoAparte Communications, Inc.
P.O. Box 9066636
San Juan, Puerto Rico 00906-6636
(787)608-2834

16