Gregg M. Galardi, Esq.               Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.              Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :    Jointly Administered
              Debtors.         :
                               :    **Obj. Deadline: October 21, 2010
- - - - - - - - - - - - - - - x    at 5:00 p.m. (ET)**

### NOTICE OF SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND PINNACLE SYSTEMS, INC.

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Settlement Agreement (defined
     below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Pinnacle Systems, Inc. ("Pinnacle" and together with the Debtors, the "Parties" and each of which is a "Party"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order,

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3] This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

the material terms of the Settlement Agreement are as
follows:

     (i)    This a Tier II Settlement.

    (ii)   On December 19, 2008, Pinnacle filed proof
of claim number 1376, an administrative
claim under section 503(b)(9) of the
Bankruptcy Code against the Debtors'
bankruptcy estates ("Claim No. 1376").
Claim No. 1376 was filed in the amount of
$204,812.96.

   (iii)  On January 30, 2009, Pinnacle filed proof
of claim number 9267 in the amount of
$1,185,952.31 against the Debtors'
bankruptcy estates ("Claim No. 9267" and
together with Claim No. 1376, the "Pinnacle
Claims").  Claim No. 9267 was comprised of
three components. The first component was
for $204,812.96 worth of Product that
Pinnacle claimed to have shipped in the
ordinary course of business to the Debtors
within the twenty day period prior to the
Petition Date (the "Duplicative 503(b)(9)
Component").  The Duplicative 503(b)(9)
Component was disallowed pursuant to the
Corrected Supplemental Order On Debtors'
Twenty-Third Omnibus Objection To Claims
(Modification Of Certain Duplicative
503(b)(9) Claims) on the ground that it
duplicated Claim No. 1376.  The second
component of Claim No. 9267 was a general
unsecured, non-priority claim based on
$885,785.01 worth of Product that Pinnacle
claimed to have shipped to the Debtors more
than twenty days prior to the Petition Date
(the "General Unsecured Component").  The
third component of Claim No. 9267 was based
on $95,354.34 worth of Product alleged to
have been secured by a security interest in
such Product (the "Secured Component").

    (iv)   On April 20, 2010, the Debtors sent a
letter to Pinnacle (the "Demand Letter").

3

Therein, the Debtors alleged that based on information in their books and records, Claim No. 1376 was overstated by $8,958.65.

(v)    The Debtors also alleged that the General Unsecured Component of Claim No. 9267 was overstated by $24,567.55.

(vi)   The Debtors also alleged that the Secured Component should be reclassified to a general unsecured, non-priority claim and, accordingly, Claim No. 9267 should be comprised entirely of a general unsecured, non-priority claim in the amount of $956,571.80.

(vii)  The Debtors also alleged that they identified $243,549.53 in receivables, chargebacks, returns and other amounts (collectively, the "Alleged Receivables") that are currently due, owing, and payable to Circuit City by Pinnacle.  The Debtors alleged that pursuant to the Bankruptcy Court's Memorandum Opinion (Docket Nos. 5963 & 5964), the Debtors were authorized to setoff certain of the Alleged Receivables that arose pre- or post-petition in the following order: (1) Claim No. 1376 and (2) Claim No. 9267.  Following setoff, Claim No. 1376 would be reduced to $0, Claim No. 9267 would be reduced to $908,876.58 and the Alleged Receivables would be reduced to $0.

(viii) Pinnacle disputed the allegations in the Demand Letter, including the classification of the Secured Component of Claim No. 9267, the proposed deductions to Claim No. 1376, as well as the proposed deductions to the amount of the General Unsecured Component of Claim No. 9267, and the amount of the Debtors' Alleged Receivables.  With regard to the Alleged Receivables, Pinnacle asserted that it already setoff certain of

the Alleged Receivables from the amount it
was owed on its proof of claim.

(ix)  The Parties engaged in a comprehensive
reconciliation (the "Reconciliation") of
the Pinnacle Claims and the Alleged
Receivables.

(x)   As part of the Reconciliation, the Parties
determined that Claim No. 1376 was not
overstated and that the General Unsecured
Component of Claim No. 9267 was overstated
by no more than $448.45.

(xi)  Rather than proceed with litigation
concerning the Demand Letter, the Pinnacle
Claims, and the Alleged Receivables, the
parties engaged in good faith, arms' length
negotiations to resolve the foregoing in
their entirety.

(xii) Upon the Effective Date (as defined in the
Settlement Agreement), in full satisfaction
and settlement of the Alleged Receivables
and the Pinnacle Claims, the Parties agree
that (i) Claim No. 1376 shall be reduced to
$0.00 and disallowed in its entirety for
all purposes in the Debtors' bankruptcy
proceedings, (ii) the Secured Component of
Claim No. 9267 shall be reclassified to a
general unsecured, non-priority claim and
combined with the General Unsecured
Component of Claim No. 9267 (the "General
Unsecured Claim"), (iii) the General
Unsecured Claim shall be allowed in the
amount of $1,100,000 as a general unsecured,
non-priority claim (the "Allowed General
Unsecured Claim"), and (iv) the Alleged
Receivables shall be reduced to $0.00.

(xiii)  The Allowed General Unsecured Claim shall
be deemed an "allowed" claim in case number
08-35653 (KRH) for all purposes, including
with respect to any confirmed plan or as
required under any chapter 7 liquidation

(as applicable), and shall not be subject
to amendment or enhancement, or further
objection, offset, reduction, discount,
impairment or subordination.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**October 21, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written

Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before October 21, 2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 7, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                 IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____
[1]  Each capitalized term not otherwise defined herein shall have the
     meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.    To memorialize the Settlements, the Debtors are authorized in their sole discretion, but not directed, to enter into Settlement Agreements substantially in the form of Exhibit A attached hereto; provided, further, that the material terms of each Settlement Agreement may vary depending upon the specific facts and circumstances of each Settlement and nothing herein or therein shall be construed as impairing the Debtors' ability to tailor the form of the Settlement Agreement to each specific Settlement.

14.    The Debtors are authorized, but not directed, to resolve all of the Disputed Claims and Cause of Action and Receivable Claims of a single party in a single Settlement Agreement.

15.    The Debtors shall provide written notice to Kurtzman Carson Consultants LLC ("KCC"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

      **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
            DEBTORS AND PINNACLE SYSTEMS, INC.**

            This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and

Pinnacle Systems, Inc. ("Pinnacle" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan").  The

3

associated disclosure statement (the "Disclosure

Statement") was approved on September 24, 2009.

Confirmation of the First Amended Plan was originally

scheduled for November 23, 2009, but has been adjourned

from time to time; and

WHEREAS, on August 9, 2010, the Debtors and

the Creditors Committee filed the Second Amended Joint

Plan of Liquidation of Circuit City Stores, Inc. and Its

Affiliated Debtors and Debtors in Possession and Its

Official Committee of Creditors Holding General

Unsecured Claims (the "Plan"); and

WHEREAS, the Plan was confirmed on September 8,

2010; and

WHEREAS, generally, the Plan provides for the

liquidation of the Debtors under chapter 11 of the

Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the

Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.

Bankr. P. 2002, 9006, and 9019 Authorizing the

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval, dated August 7, 2009

4

(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, Circuit City Stores, Inc. ("Circuit
City") and Pinnacle were parties to that certain Sales
Agreement, dated as of May 31, 2000, as amended, and
that certain Consignment Agreement, dated September 19,
2007 (collectively, the "Pinnacle Agreements"), pursuant
to which Pinnacle sold certain of its products (the
"Product") to the Debtors for resale in the Debtors'
retail stores; and

WHEREAS, on December 19, 2008, Pinnacle filed
proof of claim number 1376, an administrative claim
under section 503(b)(9) of the Bankruptcy Code against
the Debtors' bankruptcy estates ("Claim No. 1376").
Therein, Pinnacle claimed that it shipped in the
ordinary course of business $204,812.96 worth of Product
to the Debtors within the twenty day period prior to the
Petition Date; and

---

[2]  All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

5

WHEREAS, on January 30, 2009, Pinnacle filed
proof of claim number 9267 in the amount of
$1,185,952.31 against the Debtors' bankruptcy estates
("Claim No. 9267" and together with Claim No. 1376, the
"Pinnacle Claims"); and

WHEREAS, Claim No. 9267 was comprised of three
components.  The first component consisted of
$204,812.96 worth of Product that Pinnacle claimed to
have shipped in the ordinary course of business to the
Debtors within the twenty day period prior to the
Petition Date (the "Duplicative 503(b)(9) Component").
The Duplicative 503(b)(9) Component was disallowed
pursuant to the Corrected Supplemental Order On Debtors'
Twenty-Third Omnibus Objection To Claims (Modification
Of Certain Duplicative 503(b)(9) Claims) on the ground
that it duplicated Claim No. 1376.  The second component
of Claim No. 9267 was a general unsecured, non-priority
claim based on $885,785.01 worth of Product that
Pinnacle claimed to have shipped to the Debtors more
than twenty days prior to the Petition Date (the
"General Unsecured Component").  The third component of
Claim No. 9267 was based on $95,354.34 worth of Product

6

alleged to have been secured by a security interest in such Product (the "Secured Component"); and

WHEREAS, on April 20, 2010, the Debtors sent a letter to Pinnacle (the "Demand Letter").  Therein, the Debtors alleged that based on information in their books and records, Claim No. 1376 was overstated by $8,958.65 such that the appropriate amount of Claim No. 1376 was $195,854.31; and

WHEREAS, in the Demand Letter, the Debtors alleged that the General Unsecured Component of Claim No. 9267 was overstated by $24,567.55 on account of pricing discrepancies, reversals of previously taken deductions and consignment discrepancies such that the appropriate amount of the General Unsecured Component was $861,217.46; and

WHEREAS, in the Demand Letter, the Debtors alleged that they did not object to the amount of the Secured Component of Claim No. 9267; but they alleged that Pinnacle failed to perfect its alleged security interest in certain Product such that the Secured Component should be reclassified to a general unsecured, non-priority claim and, accordingly, Claim No. 9267

7

should be comprised entirely of a general unsecured,
non-priority claim in the amount of $956,571.80; and

WHEREAS, in the Demand Letter, the Debtors also
alleged that they identified $243,549.53 in receivables,
chargebacks, returns and other amounts (collectively,
the "Alleged Receivables") that are currently due, owing,
and payable to Circuit City by Pinnacle; and

WHEREAS, the Debtors alleged that pursuant to
the Bankruptcy Court's Memorandum Opinion (Docket Nos.
5963 & 5964), the Debtors were authorized to setoff
certain of the Alleged Receivables that arose pre- or
post-petition in the following order: (1) Claim No. 1376
and (2) Claim No. 9267; and

WHEREAS, the Debtors alleged that following
setoff, Claim No. 1376 would be reduced to $0, Claim No.
9267 would be reduced to $908,876.58 and the Alleged
Receivables would be reduced to $0; and

WHEREAS, Pinnacle disputed the allegations in
the Demand Letter, including the classification of the
Secured Component of Claim No. 9267, the proposed
deductions to Claim No. 1376, as well as the proposed
deductions to the amount of the General Unsecured

8

Component of Claim No. 9267, and the amount of the

Debtors' Alleged Receivables.  With regard to the

Alleged Receivables, Pinnacle asserted that it already

setoff certain of the Alleged Receivables from the

amount it was owed on its proof of claim; and

WHEREAS, the Parties engaged in a comprehensive

reconciliation (the "Reconciliation") of the Pinnacle

Claims and the Alleged Receivables; and

WHEREAS, as part of the Reconciliation, the

Parties determined that Claim No. 1376 was not

overstated and that the General Unsecured Component of

Claim No. 9267 was overstated by no more than $448.45;

and

WHEREAS, rather than proceed with litigation

concerning the Demand Letter, the Pinnacle Claims, and

the Alleged Receivables, the parties engaged in good

faith, arms' length negotiations to resolve the

foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of

9

which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the Effective Date (as defined
herein), in full satisfaction and settlement of the
Alleged Receivables and the Pinnacle Claims, the Parties
agree that (i) Claim No. 1376 shall be reduced to $0.00
and disallowed in its entirety for all purposes in the
Debtors' bankruptcy proceedings, (ii) the Secured
Component of Claim No. 9267 shall be reclassified to a
general unsecured, non-priority claim and combined with
the General Unsecured Component of Claim No. 9267 (the
"General Unsecured Claim"), (iii) the General Unsecured
Claim shall be allowed in the amount of $1,100,000 as a
general unsecured, non-priority claim (the "Allowed
General Unsecured Claim"), and (iv) the Alleged
Receivables shall be reduced to $0.00.

2.   To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 1 above.

3.   The Allowed General Unsecured Claim shall
be deemed an "allowed" claim in case number 08-35653
(KRH) for all purposes, including with respect to any

10

confirmed plan or as required under any chapter 7

liquidation (as applicable), and shall not be subject to

amendment or enhancement, or further objection, offset,

reduction, discount, impairment or subordination.

        4.   Upon the Effective Date (as defined

herein) Pinnacle, on behalf of itself, its successors,

and its assigns, and the Debtors, on behalf of

themselves, and each on behalf of their respective

estates, successors, and assigns (including but not

limited to any trustee appointed in any of these chapter

11 cases or any successor or subsequent bankruptcy cases,

any receivers and/or other custodians appointed in any

action or proceeding involving the Debtors' property and

the liquidating trustee under the Plan), hereby

irrevocably and fully release one another from and

against any and all claims or causes of action

(including, but not limited to, causes of action under

Bankruptcy Code sections 502, 542, 543, 544, 546, 547,

548, 549, 550, 553 and 558) arising from, in connection

with, or related to Pinnacle's provision of goods and/or

services to the Debtors and any payments received

therefor, including, without limitation under or in

11

connection with the Pinnacle Agreements, the Alleged

Receivables and the Pinnacle Claims (this paragraph, the

"Releases"), but excluding the Allowed General Unsecured

Claim.

5.   For the avoidance of doubt and

notwithstanding anything to the contrary in this

Settlement Agreement, (i) Pinnacle shall not file nor be

entitled to recover on account of any claims in the

Debtors' cases except for the Allowed General Unsecured

Claim, (ii) the Debtors shall not file nor be entitled

to recover on account of any claims, including

preference claims under Bankruptcy Code section 547, and

shall not be entitled to recover any further credits,

rebates, receivables, setoffs, netting, or discounts,

including (without limitation) the Alleged Receivables,

from Pinnacle in the Debtors' cases, and (iii) Pinnacle

and the Debtors specifically acknowledge and agree that

this Settlement Agreement is not intended to, and does

not, release or otherwise affect in any way any actual

claims or causes of action (or potential claims or

causes of action similar in nature or type to such

actual claims or causes of action) now or hereinafter

12

asserted in, based on, or relating to the multi-district

litigation captioned In re: TFT-LCD (Flat Panel)

Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the

actions consolidated therein (the "MDL Proceeding").

      6.    The Pinnacle Agreements shall be deemed

terminated and rejected as of the Effective Date.

      7.    Neither this Settlement Agreement, nor

any statement made or action taken in connection with

the negotiation of this Settlement Agreement, shall be

offered or received in evidence or in any way referred

to in any legal action or administrative proceeding

among or between the parties hereto, other than as may

be necessary (a) to obtain approval of and to enforce

this Settlement Agreement or (b) to seek damages or

injunctive relief in connection with such approval and

enforcement.

      8.    Each Party hereto shall execute and

deliver any and all additional papers, documents and

other assurances, and shall do any and all acts and

things reasonably necessary or appropriate in

conjunction with the performance of their respective

obligations hereunder.

13

9.   No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the parties hereto and their respective
successors and assigns.

10.   Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

11.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

12.   This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Settlement Agreement and the subject
matter thereof.

13.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising

14

from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

14.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.   The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

15.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all parties hereto or order of the
Bankruptcy Court.

16.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period (the "Effective Date").

15

17.    This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of the later of the dates set

forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  October 7, 2010

17

PINNACLE SYSTEMS, INC.

By:

/s/ Julieta L. Lerner_____
Julieta L. Lerner
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306

Counsel for Pinnacle Systems, Inc.

Dated:  October 7, 2010

18