# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No.: 08-35653 |
| Circuit City Stores, Inc. | ) **TRANSFER OF CLAIM** |
| | ) **BANKRUPTCY RULE 3001(E)(2)** |
| Debtor. | ) |
| | ) (jointly administered with Case No. 08-35653) |
| | ) |

PLEASE TAKE NOTICE that the unsecured claim of Brandywine Grande C LP. (underlying creditor or "Transferor") against the above captioned Debtor in the amount of $1,189,992.94 (proof of claim #12168) (the "Claim") has been transferred and assigned (absolutely and not for security) for good and valuable consideration to Jefferies Leveraged Credit Products, LLC ("JLCP"). The signature of the Transferor on this document is evidence of the transfer of the Claim and all rights associated with the Claim. Transferor hereby waives notice as described by Bankruptcy Rule 3001(e)(2).

The undersigned Transferor of the Claim hereby assigns and transfers the Claim and all rights thereunder to JLCP upon terms as set forth in the Agreement. Transferor represents and warrants that the Claim are in the amount of $1,189,992.94 and have not been, sold, or satisfied. Other than as stated above, JLCP assumes all risks associated with the debtor's ultimate payment, if any, upon the claims. The clerk of the court is authorized to change the address and holder of this claim from Transferor to that of the Transferee, JLCP below.

**TRANSFEROR:**

Brandywine Grande C LP

Signature: _____

TRANSFEREE:
Jefferies Leveraged Credit Products, LLC
One Station Place
Three North
Stamford, CT 06902

Signature: _____

Mike Richards

PAC - 963864v.2  04/28/2010 11:15 am

Agreement to Purchase Claim

Circuit City Stores, Inc., ("Debtor"), Case No: 08-35653 (the "Case"), United States Bankruptcy Court for the Eastern District of Virginia (the "Court")

This Agreement to Purchase Claim ("Agreement") is made this 30th day of September, 2010 between Jefferies Leveraged Credit Products, LLC ("JLCP") and Brandywine Grande C LP (collectively, "Creditor"). JLCP hereby purchases from Creditor the unsecured claim(s) referenced herein in the Case on the following terms:

1. A Proof of Claim evidenced by claim #12168, was submitted on March 30, 2009 in an amount of $1,189,992.94 (the "Claim").

2. JLCP shall pay to Creditor          , or           (the "Purchase Price") initially to purchase $800,000.00 of the Claim. JLCP shall pay an additional           on the balance of the claim if the claim is ultimately allowed in an amount greater than $800,000.00

3. Creditor is not an "insider" or "affiliate" of the Debtor within the meaning of sections 101(31) and 101(2), respectively, of the United States Bankruptcy Code and is not, and has not been, a member of the committee appointed in the relevant proceedings.

4. Creditor has not been paid on and no objection has been filed against the Claim.

5. Creditor has not previously assigned, sold, hypothecated or pledged the Claim to any third party, in whole or in part.

6. Creditor solely owns and has good title to the Claim without any liens or encumbrances.

7. Creditor further agrees that any distribution received by Creditor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of JLCP to which JLCP has an absolute right, and that (if received by Creditor) Creditor will, at its own expense, promptly deliver to JLCP any such property in the same form received, together with any endorsements or documents necessary to transfer such property to JLCP, which such documents shall be prepared by JLCP at its expense.

9. The Purchase Price shall be wired to the account of Creditor by JLCP by no later than 5:00 p.m. prevailing eastern time on the day that is 3 business days after JLCP has received all execute documents from the Creditor (the "Payment Date"). For purposes of this Agreement, a "business day" means any day this is not a Saturday, Sunday, or any other day on which commercial banks in New York, New York are authorized or required by law to be closed. The funds will be wired as follows:

IF PAYMENT IS NOT RECEIVED BY THE PAYMENT DATE, AND, AMONG ITS OTHER RIGHTS, CREDITOR IS FREE TO TRANSFER THE CLAIM TO ANOTHER PARTY AND TO PURSUE JLCP FOR ANY AND ALL DAMAGES RECOVERABLE BY LAW.

10. JLCP shall file the Transfer of Claim notice with the Court. Upon JLCP's filing of such notice, JLCP assumes all right and obligation to prosecute and defend the Claim and Creditor shall have no further obligation to prosecute or defend the Claim.

11. JLCP acknowledges and agrees that the initial payment of           (the "Purchase Price) is made on a recourse basis. Creditor agrees to make immediate proportional restitution and repayment of the above Purchase Price to the extent the Claim is disallowed, reduced, subordinated, or offset for any reason whatsoever in whole in or in part. In the event the Claim is ultimately allowed in an amount in excess of $800,000.00 JLCP shall purchase the excess

amount at a purchase rate of _____ JLCP shall remit such payment to Creditor upon JLCP's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor. Creditor's obligations to JLCP are expressly limited to the terms set forth in this Agreement and the Transfer of Claim Notice executed by Creditor and to be filed with the Court. Creditor makes no representations or warranties as to the amount of distributions, if any, to be made on the Claim. Creditor makes no representations or warranties as to the Debtor's treatment of general unsecured claims in the Case, or the Claim.

12. This Agreement and the Transfer of Claim Notice (together the "Transfer Agreement"), taken together, (a) constitute the entire agreement and understanding between the parties hereto with respect to the subject matter hereof; (b) supersede any and all prior discussions, negotiations, prior agreements, understandings, and representations between the parties, whether written or oral, with respect to the subject matter hereof; (c) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties. Both parties drafted the Transfer Agreement. This Transfer Agreement may be executed in counterparts and by facsimile or e-mail, each of which shall be deemed an original and all of which taken together shall constitute the Transfer Agreement.

13. Creditor has the requisite power and authority to execute, deliver and perform this Agreement; (ii) except for any notice requirement under Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") no consent of, registration with, or approval of, or any other action by any relevant person or entity (including any state, federal or other regulatory agency or commission) is known by Creditor to be required to execute, deliver and perform its obligations under this Agreement or for the assignment contemplated herein to become effective; (iii) this agreement constitutes the valid, legal and binding agreement of Creditor and JLCP, enforceable against Creditor and JLCP in accordance with its terms and neither execution, delivery or performance of this Agreement nor the consummation of the transactions contemplated hereby will violate or contravene any law, rule, regulation, order, agreement or instrument affecting it; and (iv) Creditor has not engaged and will not engage in any acts, conduct, omissions or had any relationship with the Debtor or any of its affiliates that might result in JLCP receiving in respect of the Claims proportionately less payments or distributions or any other less favorable treatment with respect to the Claims (including the timing of payment or distributions for the Claims) than received by any other general unsecured creditors of the Debtor that hold allowed general unsecured claims.

14. Creditor hereby irrevocably appoints JLCP as its true and lawful agent and attorney-in-fact, solely with respect to the Claims, with the full power and authority to act in Creditor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become due and payable for or on account of the Claims and to exercise all elections, voting rights and all other rights and remedies with respect thereto. JLCP agrees not to settle the claim in an amount less than $800,000.00 without the written consent of the Creditor. Creditor further grants unto Assignee full authority to do all things necessary to enforce the Claims and its rights thereunder pursuant to this Agreement. Creditor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at JLCP's sole option.

15. This Agreement shall be governed by and construed in accordance with the internal laws of the State of New York. Any action arising under or relating to this Agreement must be brought in a court of appropriate jurisdiction located in the State of New York, County of New York, and Creditor consents to an confers personal jurisdiction over Creditor by such court or courts, and in any action hereunder, Creditor and JLCP hereby waive any right to demand by trial by jury.

Jefferies Leveraged Credit Products, LLC

By: _____

Michael Richards

Date: _____


Brandywine Grande C LP

By: _____

Date: 9-30-10