Form 210A (10/06)

# United States Bankruptcy Court

Eastern District of Virginia

In re Circuit City Stores, Inc., Case No. 08-35653

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Jefferies Leveraged Credit Products, LLC | E&A Northeast Limited Partnership |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Jefferies Leveraged Credit Products, LLC
One Station Place
Three North
Stamford, Connecticut 06902

Phone: (203) 363-8251
Last Four Digits of Acct #:

E&A Northeast Limited Partnership
21 Custom House Street, Suite #450
Boston, MA 02110

Court Claim # (if known): 12553
Amount of Claim: $2,574,272.57
Date Claim Filed: 4/30/2009

**Name and address where transferee payments should be sent (if different from above):**

Jefferies & Co., Inc.
Harborside Financial Center
34 Exchange Place
Plaza III – Suite 705
Jersey City, NJ 07311
Attention Mark Sahler

Phone: (201) 761-7623
Last Four Digits of Acct #:

Phone:
Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/Robert K. Minkoff                           Date: 10/11/2010
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 & 3571.

## ASSIGNMENT OF CLAIM

E&A Northeast Limited Partnership ("Assignor"), having a mailing address at 21 Custom House Street, Suite #450, Boston, MA 02110, Attn: Gregg Edelstein, in consideration of the sum of _____ ("Purchase Price"), does hereby transfer to Jefferies Leveraged Credit Products, LLC ("Assignee"), having offices at One Station Place, Three North, Stamford, Connecticut 06902 all of Assignor's right, title and interest in, to and under that general unsecured claim of Assignor against Circuit City Stores, Inc. (the "Debtor"), which evidenced by the proof of claim (the "Proof of Claim") filed in the Debtor's Chapter 11 bankruptcy case (the "Proceedings") pending in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"), Case No. 08-35653 (KRH) and designated Claim Number 12553 by the Debtor's claims agent, Kurtzman Carson Consultants LLC, but excluding Assignor's right, title and interest in any administrative expense claim asserted in such Proof of Claim (the "Claim"). For the sake of clarity, Assignor is not transferring and does not transfer hereunder Assignor's right, title and interest in, to and under the administrative expense claim set forth in Claim Number 12553 as well as the *Request for E&A Northeast Limited Partnership for Allowance of Administrative Expense Claim for Unpaid Post-Petition Obligations* dated June 29, 2009 filed in the Proceedings which claim is for post-petition (incurred after November 9, 2008) obligations of the Debtor (the "Administrative Expense Claim"). The Claim is in the currently outstanding amount of not less than $2,500,000 (the "Purchased Amount"), and includes all rights and benefits of the Assignor relating to the Claim, including without limitation, the Assignor's rights to receive payment of principal, and any interest, penalties and fees which may be paid with respect to or in satisfaction of the Claim, all cash, securities (including the right to participate in or subscribe to any offerings of securities), instruments and other property which may be paid or issued by Debtor or any other party with respect to or in satisfaction of the Claim, and all voting rights with respect to any of the foregoing. The Claim is based on amounts, not less than the Purchased Amount, owed to Assignor by Debtor for services rendered and/or goods delivered by Assignor to Debtor. This Assignment of Claim (the "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest except as may be otherwise provided herein. Assignee is assuming no liabilities or obligations of the Assignor under this Assignment.

Assignee agrees to pay the Purchase Price to Assignor not later than three (3) business days following the date on which this Assignment is fully executed by the parties.

Assignor represents and warrants that the Proof of the Claim has been duly and timely filed in the Proceedings, and a true copy of the Proof of Claim is attached to this Assignment as Exhibit A. Subject to the terms of this Assignment, Assignee shall be deemed the owner of that Proof of Claim and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor represents and warrants that (i) to the Assignor's knowledge, the Claim is a valid claim in the Proceedings in an amount not less than the Purchased Amount and is not subject to any defense, counterclaim, or setoff;(ii) no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim (iii) Assignor has not previously assigned, sold, hypothecated or pledged the Claim to any third party, in whole or in part; (iv) Assignor solely owns and has good title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever; (v) there are no offsets or defenses or preferential payment demands that have been asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value; (vi) no consent of, registration with, or approval of, or any other action by, any relevant person or entity (including any state or federal regulatory agency or commission) is or will be required as to Assignor for Assignor to execute, deliver and perform its obligations under this Assignment, or for the assignment contemplated herein to become effective as to Assignor; (vii) this Assignment has been duly authorized, executed and delivered by Assignor; (viii) Assignor has the requisite power and authority to execute, deliver and perform this Assignment; (ix) this Assignment constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms and neither the execution, delivery or performance of this Assignment nor the consummation of the transactions contemplated hereby will violate or contravene any law, rule, regulation, order, agreement or instrument affecting it; (x) Assignor has not engaged and will not engage in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment with respect to the Claim, including the timing of payments or distributions for the Claim than is received by any other general unsecured creditors of Debtor that hold general unsecured claims; (xi) no offer to sell or solicitation of any offer to buy the Claim has been made by or at the direction of the Assignor in a manner that would violate or require registration under the Securities Act of 1933, as amended; and (xii) no creditors of Assignor have asserted an interest of any kind to the Claim.

Assignor further represents that it is solvent and has no other relationship to the Debtor or any of its affiliates or principals other than as a creditor of the Debtor and that Assignor is not, nor has it ever been, an "insider" or "affiliate" of the Debtor within the meaning of sections 101 (31) and 101(2), respectively, of the Bankruptcy Code and is not, and has not been, a member of the committee appointed in the Proceedings.

Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation.

Each party hereto represents to the other that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on the other party hereto, and based on such information has deemed appropriate (including information available from the files of the Court in the Proceedings), made their own respective analyses and decision to enter into this Assignment.

Except as otherwise set forth herein, Assignor agrees to make to Assignee immediate proportional repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated or offset, in whole or in part, for any reason whatsoever other than by reason of the Assignee's actions or omissions, together with interest at the rate of six percent (6%) per annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made.

In the event Assignor has previously assigned or pledged this Claim to any third party, otherwise lacks sole title thereto, or in the future assigns or pledges the claim to a third party and the Assignee does not receive its pro rata distribution on account of the Claim in the Proceedings, Assignor agrees to immediately pay Assignee upon demand of Assignee, liquidated damages in an amount equal to double the amount paid by Assignee to Assignor hereunder, which shall be Assignee's sole and exclusive remedy under this Assignment. In the event the Claim is ultimately allowed in an amount in excess of the Purchased Amount (the "Excess Amount"), Assignee shall have the option to purchase the Excess Amount at the same purchase rate. In the event Assignee elects to purchase the Excess Amount, Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Assignor agrees to indemnify Assignee from all direct, non-consequential losses, damages and liabilities, including reasonable attorneys' fees and expenses, which result from Assignor's breach of any representation, warranty, or covenant set forth herein. Assignor agrees to reimburse Assignee for all reasonable costs, including reasonable attorneys' fees and expenses, incurred by Assignee in connection with any objection to the Claim filed in the Proceedings seeking to reduce the Claim below the Purchased Amount or to impair Assignee's right to receive its pro rata distribution on account of the Claim in the Purchased Amount. The Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Claim or the Proceeding.

Assignor and Assignee hereby covenant and agree that, from and after the date hereof, neither Assignor nor Assignee shall engage in any act or conduct, or make any omission, that will result in the impairment of the Claim or any distributions and/or payments made in respect thereof. Assignee hereby covenants and agrees that, from and after the date hereof, Assignee shall not engage in any act or conduct, or make any omission, that will result in the impairment of the Administrative Expense Claim or any distributions and/or payments made in respect thereof. Except as otherwise provided herein, Assignor agrees that it shall take no action whatsoever in respect of or in connection with the Claim or any portion thereof without Assignee's written consent.

Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to the Claim, with the full power and authority to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and all other rights and remedies with respect thereto. In the event Assignee is not able to exercise any such rights, Assignor agrees to act, or refrain from acting pursuant to Assignee's written directions. Assignor further grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings; provided, however, in the event that an objection to the Claim is filed in the Proceedings and Assignee takes no action to defend against such objection, Assignor's agreement above to make immediate proportional repayment of the Purchase Price shall be conditioned on Assignee first providing Assignor a reasonable opportunity to defend against such objection or otherwise prove the Claim's validity or amount. Assignor agrees to take

such further actions, at its own expense, as requested by Assignee as necessary or desirable to effect the transfer of the Claim including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time reasonably request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right , and that (if received by Assignor) Assignor will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee. Assignee agrees that any distribution received by Assignor on account of the Administrative Expense Claim, in whatever form, shall constitute property of the Assignor to which the Assignor has an absolute right , and that (if received by Assignee) Assignee will hold such property in trust for the benefit of Assignor and will promptly deliver to Assignor any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignor.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment, but subject to the terms of this Assignment, without notice to or the consent of Assignor. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment. This Assignment may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

Assignor shall not disclose this Assignment, its contents or its existence to any other person (other than affiliates), except if required to do so by any law, court or regulation, to its professional advisor and auditors or to any governmental authority having or asserting jurisdiction over it.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment must be brought in federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder, Assignor waives any right to demand a trial by jury.

All demands, notices, requests, consents and communications hereunder shall be in writing and shall be deemed to have been duly given if delivered via messenger, overnight courier service, telecopier or certified First Class U.S. Mail at the addresses set forth below, or such other addresses as may be furnished hereafter by notice in writing.

All demands, requests, consents, notices and communications shall be deemed effective: upon receipt, and shall be delivered via messenger, overnight courier services or telecopier.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all terms set forth in the Assignment and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor sets its hand this ___ day of _____, 2010.

By: _____
Jodie W. McLean
President & Chief Investment Officer
E&A Northeast Limited Partnership
1221 Main Street, Suite 1000
Columbia, SC 29201

IN WITNESS WHEREOF, the undersigned Assignee sets its hand this 8th day of Oct., 2010.

By: _____
Robert K. Minkoff
Jefferies Leveraged Credit Products, LLC
One Station Place, Three North
Stamford, CT 06902
203-363-8244 phone
203-724-4525 fax