Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                 IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION
- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :   Jointly Administered
                Debtors.       :   **Obj. Deadline: October 18, 2010**
- - - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

       **NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
          AND AMONG THE DEBTORS AND HITACHI AMERICA, LTD.**


          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Agreement (defined below) or
     the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with Hitachi America, LTD. ("Hitachi" and together with the Debtors, the "Parties" and each of which is a "Party"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

(i)   This is a Tier I Settlement.

(ii)  On January 29, 2009, Hitachi filed claim
      number 8284 in the amount of $746,638.25,
      a general unsecured proof of claim,
      against the Debtors' bankruptcy estates
      ("Claim No. 8284").

(iii) On June 15, 2010, the Debtors sent a
      letter to Hitachi (the "Demand Letter").
      Therein, the Debtors asserted that Claim
      No. 8284 was overstated by $246,038.25
      based on the Debtors' books and records
      such that the appropriate amount of the
      claim is $500,600.

(iv)  In the Demand Letter, the Debtors also
      asserted that they had identified
      $125,131.47 in receivables, chargebacks,
      returns, and other amounts (the "Alleged
      Receivables") that were due, owing and
      payable by Hitachi to Circuit City.  Of
      that amount, $107,399.81 of the Alleged
      Receivables arose pre-petition (the "Pre-
      Petition Receivables"), and $17,731.66 of
      the Alleged Receivables arose post-
      petition (the "Post-Petition Receivables").
      The Debtors asserted that they were
      authorized to setoff the Pre-Petition
      Receivables from Hitachi's Claim No. 8284,
      such that Claim No. 8284 would be reduced
      to $393,200.19.  The Debtors sought
      turnover of the Post-Petition Receivables
      pursuant to 11 U.S.C. § 542.

(v)   The Debtors further claimed that Hitachi
      was the recipient of transfers made during
      the 90-day period prior to the Petition
      Date that may be avoided and recovered by
      the Debtors under section 547 and 550 of
      the Bankruptcy Code (the "Preference
      Action Claims").

(vi)  Hitachi disputed the allegations in the
      Demand Letter.

3

(vii) Rather than proceed with litigation concerning Claim No. 8284, the Alleged Receivables, the Demand Letter, and the Preference Action Claims, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety.

(viii) Upon the Effective Date (as defined herein), in full satisfaction and settlement of Claim No. 8284, the Alleged Receivables, the Demand Letter, and the Preference Action Claims, the Parties agree that (i) Claim No. 8284 will be reduced to and allowed as a general unsecured, non-priority claim in the amount of $500,000.00 (the "Allowed General Unsecured Claim"), and (ii) the Debtors' Alleged Receivables will be reduced to $0.

(ix) The Allowed General Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to the Plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to enhancement or amendment, or further objection, offset, reduction, discount, impairment or subordination.

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later

**October 18, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline"). Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE 19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA 23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com) and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Agreement and you do not want the Debtors to proceed
with the Agreement or you want the Court to consider your
views concerning the Agreement, you or you attorney must
also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before October 18,
2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the
method described in the foregoing sentence. Objections
will be deemed filed only when actually received at the
address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional

time per Agreement, unless otherwise agreed to by the
Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 11, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.    The Notice Procedures are fair, reasonable, and appropriate.

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

3

10.   The Debtors shall provide key parties in
interest with notice of each proposed Settlement.   The
Notice Procedures are as follows:

(a)   The Debtors shall give written
notice, by email or facsimile, if available,
or overnight courier if email or facsimile
are not available, of each proposed
Settlement (the "Settlement Notice") to (i)
the United States Trustee, (ii) counsel for
the Committee of Unsecured Creditors, (iii)
any party to the Settlement, and (iv) the
Core Group and 2002 List (collectively, the
"Notice Parties").

(b)   The Settlement Notice (or the
Settlement Agreement) shall specify (i) the
identity of the other party to the
Settlement, (ii) a summary of the dispute
with such other party, including a statement
of the Debtors' reasonable estimate of the
Settlement Claim amount and the basis for
the controversy, (iii) an explanation of why
the Settlement of such Settlement Claim
is favorable to the Debtors, their estates, and
their creditors, and (iv) a copy of the
proposed settlement agreement ("Settlement
Agreement").

(c)   The Notice Parties may object to or
request additional time to evaluate the
proposed Settlement in writing by no later
than 5:00 p.m. (ET) (i) five (5) days for
both Tier I Disputed Claims and Tier I Cause
of Action and Receivable Claims or (ii) ten
(10) days for both Tier II Disputed Claims
and Tier II Cause of Action and Receivable
Claims (each an individual "Notice Period")
and serve such objection or request on
counsel to the Debtors and counsel for the
Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)    Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.  To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.  The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.  The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS
AND HITACHI AMERICA, LTD.**

This settlement agreement and stipulation (this

"Settlement Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the "Debtors"),[1] on

---

[1]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
(2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),

*(cont'd)*

the one hand, and Hitachi America, LTD. ("Hitachi" and together

with the Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been

appointed in these chapter 11 cases; and

_____

*(cont'd from previous page)*

    Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN,
LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
For all other Debtors, the address was 9950 Mayland Drive, Richmond,
Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
23060.

WHEREAS, on January 16, 2009, the Court authorized the
Debtors, among other things, to conduct going out of business
sales at the Debtors' remaining 567 stores pursuant to an agency
agreement (the "Agency Agreement") between the Debtors and a
joint venture, as agent (the "Agent").  On January 17, 2009, the
Agent commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of on or
about March 8, 2009, the going out of business sales concluded;
and

WHEREAS, on September 29, 2009, the Debtors and the
Creditors Committee filed the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee of
Creditors Holding General Unsecured Claims (the "First Amended
Plan").  The associated disclosure statement (the "Disclosure
Statement") was approved on September 24, 2009.  Confirmation of
the First Amended Plan was originally scheduled for November 23,
2009, but has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and the
Creditors Committee filed the Second Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee of
Creditors Holding General Unsecured Claims (the "Plan").  The
Plan was confirmed on September 8, 2010; and

3

WHEREAS, generally, the Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")to enter into this Settlement Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

WHEREAS, Circuit City Stores, Inc. ("Circuit City") and Hitachi engaged in business in the ordinary course prior to and after the Petition Date wherein the Debtors purchased certain Hitachi products (the "Product") for sale in their retail stores; and

WHEREAS, on January 29, 2009, Hitachi filed claim number 8284, a general unsecured proof of claim against the Debtors' bankruptcy estates ("Claim No. 8284").  Therein, Hitachi claimed that it shipped in the ordinary course of business $746,638.25 worth of Product to the Debtors before the Petition Date for which Hitachi had not been paid; and

WHEREAS, on June 15, 2010, the Debtors sent a letter to Hitachi (the "Demand Letter").  Therein, the Debtors asserted

4

that Claim No. 8284 was overstated by $246,038.25 based on the

Debtors' books and records such that the appropriate amount of

the claim is $500,600; and

WHEREAS, in the Demand Letter, the Debtors asserted

that they had identified $125,131.47 in receivables, chargebacks,

returns, and other amounts (the "Alleged Receivables") that were

due, owing and payable by Hitachi to Circuit City.  Of that

amount, $107,399.81 of the Alleged Receivables arose pre-

petition (the "Pre-Petition Receivables"), and $17,731.66 of the

Alleged Receivables arose post-petition (the "Post-Petition

Receivables").  The Debtors asserted that, pursuant to

applicable law, they were authorized to setoff the Pre-Petition

Receivables from Hitachi's Claim No. 8284, such that Claim No.

8284 would be reduced to $393,200.19; and

WHEREAS, the Debtors also asserted that Hitachi was

required to turnover the Post-Petition Receivables pursuant to

Bankruptcy Code section 542; and

WHEREAS, the Debtors further claimed that Hitachi was

the recipient of transfers made during the 90-day period prior

to the Petition Date that may be avoided and recovered by the

Debtors under section 547 and 550 of the Bankruptcy Code (the

"Preference Action Claims"); and

WHEREAS, Hitachi disputed the issues raised in the

Debtors' Demand Letter.  Specifically, Hitachi contested (i) the

5

degree to which Claim No. 8284 was overstated and should be
reduced, and (ii) the amount of the Debtors' Alleged Receivables.
Hitachi further asserted that it had a defense to the Preference
Action Claims; and

WHEREAS, rather than proceed with litigation concerning
Claim No. 8284, the Alleged Receivables, the Demand Letter, and
the Preference Action Claims, the parties engaged in good faith,
arms' length negotiations to resolve the foregoing in their
entirety; and

NOW THEREFORE, subject to and in accordance with the
Settlement Procedures Order, for good and valuable consideration
the receipt and sufficiency of which is hereby acknowledged, the
Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the Effective Date (as defined herein), in
full satisfaction and settlement of Claim No. 8284, the Alleged
Receivables, the Demand Letter, and the Preference Action Claims,
the Parties agree that (i) Claim No. 8284 will be reduced to and
allowed as a general unsecured, non-priority claim in the amount
of $500,000.00 (the "Allowed General Unsecured Claim"), and (ii)
the Debtors' Alleged Receivables will be reduced to $0.

2.   To the extent required, the automatic stay of 11
U.S.C. § 362 is lifted to permit the netting set forth in
Paragraph 1 above.

6

3.    The Allowed General Unsecured Claim shall be
deemed an "allowed" claim in case number 08-35653 (KRH) for all
purposes, including with respect to the Plan or as required
under any chapter 7 liquidation (as applicable), and shall not
be subject to enhancement or amendment, or further objection,
offset, reduction, discount, impairment or subordination.

4.    The Parties agree that this Settlement Agreement
finally resolves Claim No. 8284, the Alleged Receivables, the
Demand Letter, and the Preference Action Claims in their
entirety.

5.    Upon the Effective Date, Hitachi, on behalf of
itself and its successors and assigns, and the Debtors, on
behalf of themselves, and each on behalf of their respective
estates, successors, and assigns (including but not limited to
any trustee appointed in any of these chapter 11 cases or any
successor or subsequent bankruptcy cases, any receivers and/or
other custodians appointed in any action or proceeding involving
the Debtors' property and the liquidating trustee under the
Plan), hereby irrevocably and fully release one another from and
against any and all claims or causes of action (including, but
not limited to, causes of action under Bankruptcy Code sections
502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558)
arising from, in connection with, or related to the Claim No.
8284, the Alleged Receivables, the Demand Letter, and the

7

Preference Action Claims (this paragraph, the "Releases"), but
excluding the Allowed General Unsecured Claim.

6.    For the avoidance of doubt and notwithstanding
anything to the contrary in this Settlement Agreement, (i) the
Releases are not intended as general releases or waivers and
nothing in this Settlement Agreement shall be construed as such,
(ii) with the exception of the Allowed General Unsecured Claim,
Hitachi shall not file nor be entitled to recover on account of
any claims in the Debtors' cases, (iii) the Debtors shall not be
entitled to recover any further credits, rebates, receivables,
setoffs, netting, or discounts from Hitachi, and (iv) the
Parties specifically acknowledge and agree that this Settlement
Agreement is not intended to, and does not, release or otherwise
affect in any way any actual claims or causes of action (or
potential claims or causes of action similar in nature or type
to such actual claims or causes of action) now or hereinafter
asserted in, based on, or relating to the multi-district
litigation captioned In re: TFT-LCD (Flat Panel) Antitrust
Litigation, MDL No. 1827 (N.D. Cal.) and the actions
consolidated therein (the "MDL Proceeding").

7.    Neither this Settlement Agreement, nor any
statement made or action taken in connection with the
negotiation of this Settlement Agreement, shall be offered or
received in evidence or in any way referred to in any legal

8

action or administrative proceeding among or between the parties
hereto, other than as may be necessary (a) to obtain approval of
and to enforce this Settlement Agreement or (b) to seek damages
or injunctive relief in connection with such approval and
enforcement.

8.   Each Party hereto shall execute and deliver any
and all additional papers, documents and other assurances, and
shall do any and all acts and things reasonably necessary or
appropriate in conjunction with the performance of their
respective obligations hereunder.

9.   No provision of this Settlement Agreement is
intended to confer any rights, benefits, remedies, obligations
or liabilities hereunder upon any person other than the parties
hereto and their respective successors.

10.   Except where preempted by applicable Federal law,
this Settlement Agreement shall be governed by and construed in
accordance with the internal laws of the Commonwealth of
Virginia without regard to any choice of law provisions.

11.   This Settlement Agreement may be signed in
counterpart originals and delivered by facsimile or email, which,
when fully executed, shall constitute a single original.

12.   This Settlement Agreement constitutes the entire
agreement and understanding of the parties regarding the
Agreement and the subject matter thereof.

9

13.   The United States Bankruptcy Court for the
Eastern District of Virginia shall retain exclusive jurisdiction
(and the parties consent to such retention of jurisdiction) with
respect to any disputes arising from or related to, or other
actions to interpret, administer or enforce the terms and
provisions of, this Settlement Agreement.

14.   Each person or entity who executes this
Settlement Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly authorized
to execute this Settlement Agreement on behalf of such person or
entity, has the requisite authority to bind such person or
entity, and such person or entity has full knowledge of and has
consented to this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive execution
of this Settlement Agreement.

15.   This Settlement Agreement shall not be modified,
altered, amended or vacated without the written consent of all
parties hereto or order of the Bankruptcy Court.

16.   This Settlement Agreement and all of its terms
shall be effective upon the later of (i) execution by all
Parties, (ii) the expiration of the applicable Notice Period, or
(iii) the resolution of any objection properly filed in
accordance with the terms of the Settlement Procedures Order
(the "Effective Date").

10

17.    This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

11

        IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of October 11, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Hitachi America, LTD.

By:


/s/ Hiroshi Obara
_____
Hiroshi Obara
Senior Vice President
900 Hitachi Way
Chula Vista, CA  91914-3556
(691) 591-5237