Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
                Debtors.     :   **Obj. Deadline: October 28, 2010**
- - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AND STIPULATION BY AND AMONG
THE DEBTORS, OLYMPUS IMAGING AMERICA, INC., AND SOUTHPAW
CREDIT OPPORTUNITY MASTER FUND LP**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Settlement Procedures Order, the above-captioned debtors
and debtors in possession (collectively, the "Debtors")[2] are
authorized to negotiate and enter into stipulation and
settlement agreements with third parties, subject to the
procedures set forth in the Settlement Procedures Order and
outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a stipulation and settlement
agreement (the "Agreement") with Olympus Imaging America,
Inc., a/k/a Olympus Corporation ("Olympus"), and Southpaw
Credit Opportunity Master Fund LP ("Southpaw" and together
with the Debtors, the "Parties" and each of which is a
"Party"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Agreement (defined below) or
the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material
terms of the Agreement and is being provided for convenience only
and should not be relied upon in any way.  All parties are strongly
encouraged to review the Agreement in its entirety.  In the event
there is a conflict between the notice and the Agreement, the
Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   This is a Tier II Settlement.

(ii)  Olympus filed proof of claim number 1201 on December 17, 2008 in the amount of $5,891,051.28 as a claim allegedly entitled to priority under Bankruptcy Code section 503(b)(9) ("Claim No. 1201"). Claim No. 1201 has been temporarily disallowed to the extent of the amount of the preferential transfers alleged by the Debtors to be avoidable under Bankruptcy Code section 547 (the "Preferential Transfers") by virtue of the Court's Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-First Omnibus Objection, entered on January 6, 2010.

(iii)  Olympus filed proof of claim number 9006 on January 30, 2009 in the amount of $17,367,527.47 as a general unsecured claim ("Claim No. 9006" and, together with Claim No. 1201, the "Olympus Claims"). Claim No. 9006 was later reduced to the amount of $11,748,428.19 by virtue of the Corrected Supplemental Order on Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims (the "Order") (D.I. 6869).

(iv)  Claim No. 1201 and Claim No. 9006 were transferred to, and are currently held by, Southpaw.

(v)   On April 12, 2010, the Debtors sent a letter to Olympus (the "Demand Letter"). Therein, the Debtors disputed the amount of Claim No. 1201 and Claim No. 9006 based upon information contained in their books and records.  The Debtors also alleged that they had identified $1,625,727.31 in

receivables, chargebacks, returns, and other amounts (collectively, the "Alleged Receivables") that were currently due, owing, and payable by Olympus to the Debtors.  The Debtors alleged that they were authorized to setoff the Alleged Receivables from the Olympus Claims.  The Debtors also asserted that Olympus received certain transfers that may be avoidable under Bankruptcy Code sections 547 and 550 (the "Preference Action Claims").

(vi) Olympus disputed the allegations in the Demand Letter.

(vii) Rather than proceed with litigation concerning the Olympus Claims, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety.

(viii) Upon the occurrence of the Effective Date, (i) Claim No. 1201 will be reduced to and allowed in the amount of $4,411,801.28 as a 503(b)(9) Claim (the "Allowed 503(b)(9) Claim"); (ii) Claim No. 9006 will be allowed in the amount of $12,251,000.00 as a general unsecured, non-priority claim (the "Allowed General Unsecured Claim"); and (iii) the Debtors' Alleged Receivables will be reduced to $0.

(ix) The Allowed 503(b)(9) Claim and the Allowed General Unsecured Claim shall be deemed "allowed" claims in case number 08-35653 (KRH) for all purposes, including with respect to the Plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to enhancement or amendment, or further objection, disallowance (including by application of section 502(d) of the Bankruptcy Code), offset, reduction, discount, impairment or subordination.

The Allowed 503(b)(9) Claim will be paid
on the first Distribution Date (as defined
in the Plan) immediately following the
expiration of the fourteen (14) day Notice
Period applicable to the Settlement
Agreement.  Distributions on account of
the Allowed General Unsecured Claim will
be made in accordance with the Plan.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**October 28, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and Ian S. Fredericks
([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com)) and Daniel F.
Blanks ([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz ([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

PLEASE TAKE FURTHER NOTICE that if you object to
the Agreement and you do not want the Debtors to proceed
with the Agreement or you want the Court to consider your
views concerning the Agreement, you or you attorney must
also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before October 28, 2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c)
of the Settlement Procedures Order, if no Objection or
Request is filed and served upon counsel for the Debtors
and counsel for the Committee of Unsecured Creditors or
counsel to the Debtors and counsel for the Committee of
Unsecured Creditors do not receive a Request prior to the
expiration of the Objection Deadline (as may be extended by
Requests, if any, the **Debtors shall be authorized to enter
into and consummate the Agreement without further order of
the Court or any other action by the Debtors**.

Dated: October 14, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia               FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware
                                 19899-0636
                                 (302) 651-3000

                                 - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                 - and -

                                 MCGUIREWOODS LLP

                                 /s/ Douglas M. Foley_____
                                 Douglas M. Foley
                                 (VSB No. 34364)
                                 Sarah B. Boehm
                                 (VSB No. 45201)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors in
                                 Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

        IN THE UNITED STATES BANKRUPTCY COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

───────────────
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)    Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register

accordingly without further order of the Court.

16.   Following entry of this Order, unless

otherwise agreed to between the Debtors and the

Creditors' Committee, the Debtors' advisors shall

provide weekly updates concerning ongoing settlement

discussions to the Creditors' Committee's advisors.

These updates shall include, without limitation, non-

privileged information mutually agreed to among the

parties' advisors.  Once the Debtors reach an agreement

in principle with a third party, the Debtors shall share

the material terms of the Settlement with the Creditors'

Committee's advisors.  All information shared with the

Creditors' Committee's advisors shall be deemed shared

subject to the existing confidentiality agreement with

the Debtors.

17.   Assuming no objection has been filed by

the applicable Objection Deadline, immediately after the

expiration of the Notice Period (or, in the case of a

filed objection that has been resolved, upon filing of a

Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS, OLYMPUS IMAGING AMERICA INC., AND SOUTHPAW CREDIT OPPORTUNITY MASTER FUND LP**

This settlement agreement and stipulation (this "Settlement Agreement") is entered into by and among the above-captioned debtors and debtors in possession (the "Debtors"),[1] on

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC

*(cont'd)*

the one hand, and Olympus Imaging America Inc., a/k/a Olympus

Corporation ("Olympus"), and Southpaw Credit Opportunity Master

Fund LP ("Southpaw" and, together with the Debtors and Olympus,

the "Parties" and each of which is a "Party"), on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee"); and

---

*(cont'd from previous page)*
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
(2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN,
LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
For all other Debtors, the address was 9950 Mayland Drive, Richmond,
Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
23060.

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. Confirmation of the First Amended Plan was originally scheduled for November 23, 2009, but has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and the Creditors Committee filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of

3

Creditors Holding General Unsecured Claims (the "Plan").  The

Plan was confirmed on September 8, 2010; and

      WHEREAS, generally, the Plan provides for the

liquidation of the Debtors' remaining assets and distributions

to creditors through a liquidating trust; and

      WHEREAS, the Debtors are authorized under the Court's

Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,

9006, and 9019 Authorizing the Establishment of Procedures to

Settle Certain Pre-Petition and Post-Petition Claims and Causes

of Action Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order") to enter

into this Settlement Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

**A.   The Olympus Claims.**

      WHEREAS, Circuit City and Olympus engaged in business

in the ordinary course prior to and after the Petition Date

wherein the Debtors purchased certain Olympus products (the

"Product") for sale in the Debtors' retail stores; and

      WHEREAS, on December 17, 2008, Olympus filed proof of

claim number 1201 against the Debtors' bankruptcy estates

pursuant to Bankruptcy Code section 503(b)(9) ("Claim No. 1201").

Therein, Olympus alleged that it shipped in the ordinary course

of business $5,891,051.28 worth of Product to the Debtors within

the twenty (20) days before the Petition Date; and

WHEREAS, Claim No. 1201 was transferred to Southpaw (D.I. 7118) (the "Notice of Transfer of Claim No. 1201"); and

WHEREAS, the Debtors objected to Claim No. 1201 in the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (D.I. 5214). Therein, the Debtors sought to temporarily disallow Claim No. 1201 pending the return of certain preferential transfers allegedly avoidable under Bankruptcy Code section 547 (the "Preferential Transfers"). The Debtors sought to temporarily disallow Claim No. 1201 only to the extent of the amount of the Preferential Transfers, $771,440.00; and

WHEREAS, on November 5, 2009, Olympus filed a response opposing the relief sought by the Debtors in the Fifty-First Omnibus Objection (D.I. 5529); and

WHEREAS, on January 6, 2010, the Court entered its Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-First Omnibus Objection and temporarily disallowing Claim No. 1201 to the extent of $771,440.00; and

WHEREAS, on January 30, 2009, Olympus filed claim number 9006 as a general unsecured claim against the Debtors' bankruptcy estates in the amount of $17,367,527.47 ("Claim No. 9006" and, together with Claim No. 1201, the "Olympus Claims"); and

5

WHEREAS, Olympus transferred Claim No. 9006 to Southpaw (D.I. 7121) (the "Notice of Transfer of Claim No. 9006"); and

WHEREAS, the Debtors objected to Claim No. 9006 in the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (the "Twenty-Third Omnibus Objection") (D.I. 3711).  After reviewing their books and records, the Debtors determined that a portion of Claim No. 9006 was already taken into account, and duplicated, by Claim No. 1201 filed by Olympus; and

WHEREAS, Olympus did not file a response opposing the relief sought by the Debtors in the Twenty-Third Omnibus Objection; and

WHEREAS, the Court entered the Corrected Supplemental Order on Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims (the "Order") (D.I. 6869) granting the relief sought by the Debtors and modifying Claim No. 9006 to $11,748,428.19; and

**B.    The Demand Letter.**

WHEREAS, on April 12, 2010, the Debtors sent a letter to Olympus (the "Demand Letter").  Therein, the Debtors asserted that Claim No. 1201 was overstated by $271,952.00 based on the Debtors' books and records such that the appropriate amount of the claim is $5,619,099.28; and

6

WHEREAS, in the Demand Letter, the Debtors also stated
that Claim No. 9006 was overstated by $3,245.55 based on the
Debtors' books and records such that the appropriate amount of
the claim is $11,745,182.64; and

WHEREAS, in the Demand Letter, the Debtors asserted
that they had identified $1,625,727.31 in receivables,
chargebacks, returns, and other amounts (the "Alleged
Receivables") that the Debtors claim are due, owing and payable
from Olympus to the Debtors.  The Debtors contended that they
were authorized to setoff the Alleged Receivables from Olympus's
Claims pursuant to the Bankruptcy Court's Memorandum Opinion
(Docket Nos. 5963 & 5964), such that Claim No. 1201 would be
reduced to $3,993,371.97, Claim No. 9006 would remain at
$11,745,182.64, and the Alleged Receivables would be reduced to
$0; and

WHEREAS, the Debtors also claimed that Olympus was the
recipient of transfers made during the 90-day period prior to
the Petition Date that may be avoided and recovered by the
Debtors under section 547 and 550 of the Bankruptcy Code (the
"Preference Action Claims"); and

WHEREAS, Olympus disputed the allegations in the Demand
Letter.  Specifically, Olympus disputed the amount of the
proposed deductions to its claims.  Olympus also disputed the
validity and amount of the Alleged Receivables.  Olympus also

7

claimed that it already setoff a significant portion of the Alleged Receivables from its general unsecured claim, Claim No. 9006. Moreover, Olympus asserted that it had defenses to the Preference Action Claims; and

WHEREAS, rather than proceed with litigation concerning the Olympus Claims, the Alleged Receivables, the Demand Letter, and the Preference Action Claims, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Upon the Effective Date (as defined herein), in full satisfaction and settlement of the Alleged Receivables and the Preference Action Claims, the Parties agree that (i) Claim No. 1201 will be reduced to and allowed in the amount of $4,411,801.28 as a 503(b)(9) Claim (the "Allowed 503(b)(9) Claim"); (ii) Claim No. 9006 will be allowed in the amount of $12,251,000.00 as a general unsecured, non-priority claim (the "Allowed General Unsecured Claim"); and (iii) the Debtors' Alleged Receivables will be reduced to $0.

2.    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 1 above.

3.    The Allowed 503(b)(9) Claim and the Allowed General Unsecured Claim shall be deemed "allowed" claims in case number 08-35653 (KRH) for all purposes, including with respect to the Plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to enhancement or amendment, or further objection, disallowance (including by application of section 502(d) of the Bankruptcy Code), offset, reduction, discount, impairment or subordination.  The Allowed 503(b)(9) Claim will be paid on the first Distribution Date (as defined in the Plan) immediately following the expiration of the fourteen (14) day Notice Period applicable to this Settlement Agreement.  Distributions on account of the Allowed General Unsecured Claim will be made in accordance with the Plan.

4.    The Parties agree that this Settlement Agreement finally resolves the Olympus Claims, the Demand Letter, the Preference Action Claims, and the Debtors' Alleged Receivables.

5.    Upon the Effective Date, each of Olympus, Olympus Corporation of the Americas, Olympus Corporation, Olympus Imaging Corp., Olympus Imaging de Mexico S.A. de C.V., Olympus Receivables Funding Corp. II, and Southpaw, on behalf of itself and its successors and assigns, on the one hand, and the Debtors,

on behalf of themselves, and each on behalf of their respective
estates, successors, and assigns (including but not limited to
any trustee appointed in any of these chapter 11 cases or any
successor or subsequent bankruptcy cases, any receivers and/or
other custodians appointed in any action or proceeding involving
the Debtors' property and the liquidating trustee under the
Plan), on the other hand, hereby irrevocably and fully release
one another from and against any and all claims or causes of
action (including, but not limited to, causes of action under
Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549,
550, 553 and 558) arising from, in connection with, or related
to the Alleged Receivables, Claim No. 1201, Claim No. 9006, and
the Preference Action Claims (this paragraph, the "Releases"),
but excluding the Allowed 503(b)(9) Claim and the Allowed
General Unsecured Claim.

    6.    For the avoidance of doubt and notwithstanding
anything to the contrary in this Settlement Agreement, (i) the
Releases are not intended as general releases or waivers and
nothing in this Settlement Agreement shall be construed as such,
(ii) with the exceptions of the Allowed 503(b)(9) Claim and the
Allowed General Unsecured Claim, Olympus shall not file nor be
entitled to recover on account of any claims in the Debtors'
cases, (iii) the Debtors shall not be entitled to recover any
further credits, rebates, receivables, setoffs, netting, or

discounts from Olympus or Southpaw (solely with respect to the
Olympus Claims), (iv) nothing herein shall be deemed to or
affect any other claim filed by or transferred to Southpaw (the
"Unresolved Claims" and the holders of such Unresolved Claims,
the "Claimants") or the Debtors' rights, claims, causes of
action, or defenses arising from or related to the Unresolved
Claims or the Claimants holding such Unresolved Claims, and (v)
the Parties specifically acknowledge and agree that this
Settlement Agreement is not intended to, and does not, release
or otherwise affect in any way any actual claims or causes of
action (or potential claims or causes of action similar in
nature or type to such actual claims or causes of action) (the
"Actual or Potential MDL Claims") now or hereinafter asserted in,
based on, or relating to the multi-district litigation captioned
In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827
(N.D. Cal.) and the actions consolidated therein (the "MDL
Proceeding"), except to the extent that any Actual or Potential
MDL Claim seeks recovery from either Olympus or Southpaw for any
of the Alleged Receivables or the Preference Action Claims.

        7.    Neither this Settlement Agreement, nor any
statement made or action taken in connection with the
negotiation of this Settlement Agreement, shall be offered or
received in evidence or in any way referred to in any legal
action or administrative proceeding among or between the parties

                                11

hereto, other than as may be necessary (a) to obtain approval of and/or to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and/or enforcement.

8.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

9.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

10.   Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

11.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

12.   This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

12

13.   The United States Bankruptcy Court for the
Eastern District of Virginia shall retain exclusive jurisdiction
(and the parties consent to such retention of jurisdiction) with
respect to any disputes arising from or related to, or other
actions to interpret, administer or enforce the terms and
provisions of, this Settlement Agreement.

14.   Each person or entity who executes this
Settlement Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly authorized
to execute this Settlement Agreement on behalf of such person or
entity, has the requisite authority to bind such person or
entity, and such person or entity has full knowledge of and has
consented to this Settlement Agreement.   The representations and
warranties set forth in this paragraph shall survive execution
of this Settlement Agreement.

15.   This Settlement Agreement shall not be modified,
altered, amended or vacated without the written consent of all
parties hereto or order of the Bankruptcy Court.

16.   This Settlement Agreement and all of its terms
shall be effective upon the later of (i) execution by all
Parties, (ii) the expiration of the applicable Notice Period, or
(iii) the resolution of any objection properly filed in
accordance with the terms of the Settlement Procedures Order
(the "Effective Date").

13

17.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of October 14, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:

_____
Catherine W. Bradshaw
Vice President & Controller
P.O. Box 5695
Glen Allen, VA   23058
(804) 658-7350

15

OLYMPUS IMAGING AMERICA INC.

By:

松下博芸

[Name]      *Hirohide Matsushita*
[Title]     *Executive Vice President*
[Address]   *3500 Corporate Parkway,*
[Telephone] *Center Valley, PA 18034*
            *(484) 896-5004*

*[Date]: October 14, 2010*

16

SOUTHPAW CREDIT OPPORTUNITY MASTER FUND LP

By:

_____
Name:  Kevin Wyman
Title:

     Kevin Wyman, Managing Member
    of General Partner-Southpaw GP LLC

Address:    2 West Greenwich Office Park, 1st Fl.
            Greenwich, CT 06831
Telephone: (203) 862-6204