Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :   **Obj. Deadline: November 2, 2010
- - - - - - - - - - - - - - x   at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.**

        PLEASE TAKE NOTICE that, on August 10, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Settlement Procedures Order, the above-captioned debtors
and debtors in possession (collectively, the "Debtors")[2] are
authorized to negotiate and enter into stipulation and
settlement agreements with third parties, subject to the
procedures set forth in the Settlement Procedures Order and
outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a stipulation and settlement
agreement (the "Agreement") with Mitsubishi Digital
Electronics America, Inc. ("Mitsubishi" and, together with
the Debtors, the "Parties" and each of which is a "Party"),
a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Agreement (defined below) or
the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material
terms of the Agreement and is being provided for convenience only
and should not be relied upon in any way.  All parties are strongly
encouraged to review the Agreement in its entirety.  In the event
there is a conflict between the notice and the Agreement, the
Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   This is a Tier II Settlement.

(ii)  On November 18, 2008, Mitsubishi filed claim number 132 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) ("Claim No. 132") in the amount of $4,965,976.18.

(iii) The Insurance Company of the State of Pennsylvania (the "Insurance Company") holds or is subrogated to Mitsubishi's rights with regard to a portion of Claim No. 132.

(iv)  On April 17, 2009, Mitsubishi filed claim number 12300 ("Claim No 12300").  Claim No. 12300 was filed in the total amount of $15,258,077.65, which was comprised of (i) a secured component in the amount of $3,110,267.24 (the "Secured Component"), (ii) a 503(b)(9) component in the amount of $4,965,976.18 (the "503(b)(9) Component"), and (iii) a general unsecured, non priority component in the amount of $7,181,834.23 (the "Unsecured Component").

(v)   On or about March 18, 2010, the Court entered its Supplemental Order resolving the various of the Debtors' Omnibus Objections with respect to Mitsubishi (D.I. 6871) (the "Settlement Order").  Pursuant to the Settlement Order, all of Mitsubishi's claims, other than Claim No. 132 and Claim No. 12300, were withdrawn (Claim No. 132, together with Claim No. 12300, the "Mitsubishi Claims").  The Mitsubishi Claims were modified as follows: (1) the Secured Component of Claim No. 12300 would be in the amount of $3,110,267.24; (2) the Unsecured Component of Claim No 12300 be in the amount of

3

$7,181,834.23; (3) the 503(b)(9) Component
of Claim No. 12300 would be reduced to $0,
and (4) Claim No. 132 would be in the
amount of $4,965,976.18.

(vi) On April 1, 2010, Circuit City filed its
Objection to Claim Nos. 132 and 12300 and
Complaint Against Mitsubishi Digital
Electronics America, Inc. and The
Insurance Company of the State of
Pennsylvania (the "Adversary Complaint")
(Adv. Pro. No. 10-03068 (the "Adversary
Proceeding") (Adv. D.I. 1)).

(vii) Therein, the Debtors asserted that Claim
No. 132 was overstated in the amount of
$3,655.41, such that Claim No. 132 should
be reduced to $4,962,320.77.

(viii)  In the Adversary Complaint, the Debtors
also alleged that they are entitled to
certain pre- and post-petition amounts,
including receivables, charge-backs,
returns, and other amounts, which amounts
are currently due and owing to Circuit
City by Mitsubishi, but for which Circuit
City had not received payment.
Specifically, the Debtors asserted that
Mitsubishi owes Circuit City pre- and
post-petition amounts totaling
$5,751,577.89 (the "Unpaid Obligations").
The Debtors sought to setoff the Unpaid
Obligations from Claim No. 132 reducing it
to $0.  After setoff, the Unpaid
Obligations would be reduced to
$789,257.12.

(ix) The Debtors also asserted that Claim No.
12300 was overstated by $247,516.97 such
that Claim No. 12300 should be reduced to
$6,934,317.56.  The Debtors also sought to
setoff the remaining Unpaid Obligations of
$789,257.12 from Claim No. 12300.  After
setoff, Claim No. 12300 would be reduced

to $6,145,060.44 and the Unpaid
Obligations would be reduced to $0.

(x)   The Debtors also sought to reclassify the
Secured Component of Claim No. 12300 to a
general unsecured, non-priority claim.

(xi)  The Debtors also asserted that during the
90-day period prior to the commencement of
Circuit City's bankruptcy cases, Circuit
City transferred property to or for the
benefit of Mitsubishi in an amount not
less than $6,698,209.84 (the "Preferential
Transfers").  The Debtors sought to
recover the Preferential Transfers
pursuant to Bankruptcy Code sections 547
and 550.

(xii) In the Adversary Complaint, the Debtors
sought to temporarily disallow Claim No.
12300 pursuant to Bankruptcy Code section
502(d) until such time as Mitsubishi
turned over the Preferential Transfers and
the Unpaid Obligations.

(xiii)  Mitsubishi generally denied the
allegations in the Adversary Complaint.
Mitsubishi also asserted counter-claims
against the Debtors, which the Debtors
denied.

(xiv) On August 2, 2010, the Debtors filed
their Motion for Partial Summary Judgment
with Respect to Circuit City Stores,
Inc.'s Objection to Claim Nos. 132 and
12300 and Complaint Against Mitsubishi
Digital Electronics America, Inc. and the
Insurance Company of the State of
Pennsylvania (the "Summary Judgment
Motion") (Adv. D.I. 30).  Therein, the
Debtors explained that Mitsubishi contends
that certain of the Preferential Transfers
may not be avoidable under Bankruptcy Code
section 547(c)(4) because Mitsubishi
provided the Debtors with "new value"

subsequent to the alleged Preferential
Transfers.  The Debtors contend that even
assuming that such new value was provided,
Mitsubishi may not, as a matter of law,
avail itself of the "new value" under
Bankruptcy Code section 547(c)(4)(B).

(xv) On August 24, 2010, Mitsubishi filed its
Amended Response and Memorandum of Law in
Opposition to Debtors' Motion for Partial
Summary Judgment with Respect to Circuit
City Stores, Inc.'s Objection to Claims No.
132 and 12300 and Complaint Against
Mitsubishi Digital Electronics America,
Inc. and the Insurance Company of the
State of Pennsylvania.  Therein,
Mitsubishi disagreed with the Debtors and
argued that it may avail itself of the
"new value" under Bankruptcy Code section
547(c)(4)(B).

(xvi) On August 27, 2010, the Debtors filed
their Reply Brief in Support of Motion for
Partial Summary Judgment with Respect to
Circuit City Stores, Inc.'s Objection to
Claims No. 132 and No. 12300 and Complaint
Against Mitsubishi Digital Electronics
America, Inc. and the Insurance Company of
the State of Pennsylvania (Adv. D.I. 43).

(xvii)  Rather than proceed with further
litigation concerning the Mitsubishi
Claims and the Adversary Proceeding, the
Parties engaged in good faith, arms'
length negotiations to resolve the
foregoing at this time.

(xviii) Upon the Effective Date (as defined in
the Settlement Agreement), in full
satisfaction and settlement of the
Mitsubishi Claims, the Unpaid Obligations,
the Preferential Transfer, and the
Adversary Proceeding (other than the
Summary Judgment Motion), the Parties
agree that (i) Claim No. 132 will be

6

reduced to and allowed as an
administrative priority claim pursuant to
section 503(b)(9) of the Bankruptcy Code
in the amount of $1,775,000 (the "Allowed
503(b)(9) Claim"), (ii) Claim No. 12300
will be allowed in the amount of
$5,125,000.00 as a general unsecured, non-
priority claim (together with the Allowed
503(b)(9) Claim, the "Allowed Claims");
and (iii) the Unpaid Obligations shall be
reduced to $0.

(xix) The Adversary Proceeding shall not be
dismissed until the Court disposes of the
Summary Judgment Motion.

(xx) Upon the later of (i) the Effective Date
and (ii) the "effective date" under the
Plan, $1,725,000 of the Allowed 503(b)(9)
Claim shall be paid from the Reserve and
the Debtors shall continue to hold $50,000
(the "Remaining Amount")in the Reserve
pending the Court's decision on the
Summary Judgment Motion; provided, further,
that, upon payment of $1,725,000 to
Mitsubishi, all funds held in the Reserve
(other than the Remaining Amount) shall be
deemed released back to the Debtors and
their estates for distribution under the
Plan and Mitsubishi shall cease to have
any interest in or right to such released
funds.

(xxi) In the event the Court grants the Summary
Judgment Motion, the Allowed 503(b)(9)
Claim shall be reduced by $50,000, and the
Remaining Amount shall be deemed released
from the Reserve back to the Debtors and
their estates for distribution under the
Plan and Mitsubishi shall cease to have
any interest in or right to the Remaining
Amount.

(xxii)  In the event the Court denies the
Summary Judgment Motion, the Remaining

Amount shall be paid to Mitsubishi upon
the later of (i) the Effective Date, (ii)
the "effective date" under the Plan, and
(iii) the date that is seven (7) days
after the Court enters an order disposing
of the Summary Judgment Motion.

(xxiii) Subject to paragraphs 3-5 in the
Settlement Agreement, the Allowed Claims
shall be deemed "allowed" claims in case
number 08-35653 (KRH) for all purposes,
including with respect to the Plan or as
required under any chapter 7 liquidation
(as applicable), and shall not be subject
to enhancement or amendment, or further
objection, offset, reduction, discount,
impairment or subordination.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**November 2, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline"). Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE 19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA 23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,

8

36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before November 2, 2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 19, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

10

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :  Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :  1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :  Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

<strong>FOUND, DETERMINED, AND CONCLUDED that:</strong>

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

5

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.   Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.   All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

    18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

    19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.    This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                        Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.           Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.          Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - x

     **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
   DEBTORS AND MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.**

            This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and

Mitsubishi Digital Electronics America, Inc.

("Mitsubishi" and, together with the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

---

[1]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc.

3

and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims (the "First Amended Plan").  The
associated disclosure statement was approved on
September 24, 2009.  Confirmation of the First Amended
Plan was originally scheduled for November 23, 2009, but
has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and
the Creditors Committee filed the Second Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and its
Affiliated Debtors and Debtors In Possession and its
Official Committee of Creditors Holding General
Unsecured Claims (the "Plan").  The Plan was confirmed
on September 8, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors' remaining assets and
distributions to creditors through a liquidating trust;
and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-

4

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order")to

enter into this Settlement Agreement, subject to the

Notice Procedures (as defined and provided for in the

Settlement Procedures Order).

**SETTLEMENT BACKGROUND**

**A.    The Mitsubishi Claims.**

WHEREAS, Circuit City Stores, Inc. ("Circuit

City") and Mitsubishi are parties to that certain Dealer

Agreement, dated July 7, 2006 (the "Dealer Agreement")

as well as various side agreements, addendums and letter

agreements (the "Side Agreements" and, together with the

Dealer Agreement, the "Mitsubishi Agreements").

Pursuant to the Mitsubishi Agreements, the Debtors

purchased certain Mitsubishi products (collectively, the

"Product") for resale in their retail stores; and

WHEREAS, on November 18, 2008, Mitsubishi

filed proof of claim number 132 against the Debtors'

bankruptcy estates pursuant to Bankruptcy Code section

503(b)(9) ("Claim No. 132").  Therein, Mitsubishi

alleged that it sold to the Debtors in the ordinary

5

course of business $4,965,976.18 worth of Product that
was received by the Debtors within the twenty (20) days
before the Petition Date; and

WHEREAS, as a result of payments made by the
Insurance Company of the State of Pennsylvania (the
"Insurance Company") to Mitsubishi pursuant to a policy
for credit insurance, the Insurance Company holds or is
subrogated to Mitsubishi's rights with regard to a
portion of Claim No. 132; and

WHEREAS, on January 28, 2009, Mitsubishi filed
proof of claim number 7194 against the Debtors ("Claim
No. 7194").  Claim No. 7194 asserted a total claim
against Circuit City of $20,224,053.18, which was
comprised of (i) a secured component in the amount of
$2,641,909.24, (ii) a 503(b)(9) component in the amount
of $4,965,976.18, and (iii) a pre-petition, non-priority
general unsecured component in the amount of
$12,616,167.76; and;

WHEREAS, on April 17, 2009, Mitsubishi filed
claim number 12300 ("Claim No 12300").  Claim No. 12300
was filed in the total amount of $15,258,077.65, which
was comprised of (i) a secured component in the amount

6

of $3,110,267.24 (the "Secured Component"), (ii) a

503(b)(9) component in the amount of $4,965,976.18 (the

"503(b)(9) Component"), and (iii) a general unsecured,

non priority component in the amount of $7,181,834.23

(the "Unsecured Component"); and

**B.     The Omnibus Objections.**

WHEREAS, the Debtors filed various objections

to Claim No. 132, Claim No. 7194, and Claim No. 12300;

and

WHEREAS, on April 17, 2009, the Debtors filed

the Debtors' Fourth Omnibus Objection to Certain

Duplicative Claims (the "Fourth Omnibus Objection")

(D.I. 3096), in which, among other things, the Debtors

objected to Claim No. 7194 on the grounds that it was

partially duplicative of Claim No. 132; and

WHEREAS, Mitsubishi, on May 20, 2009, filed a

response to the Fourth Omnibus Objection (D.I. 3384),

and on July 6, 2009, filed a supplemental response to

the Fourth Omnibus Objection (D.I. 3946); and

WHEREAS, on June 23, 2009, the Debtors filed

the Debtors' Twentieth Omnibus Objection to Claims (the

"Twentieth Omnibus Objection") (D.I. 3704), in which,

7

among other things, the Debtors objected to a portion of
Claim No. 132 on the grounds that it was for goods not
received by the Debtors within the twenty days prior to
the commencement of the above-referenced bankruptcy
cases; and

WHEREAS, on July 6, 2009, Mitsubishi filed a
response to the Twentieth Omnibus Objection (D.I 3946);
and

WHEREAS, on June 23, 2009, the Debtors filed
the Debtors' Twenty-Third Omnibus Objection to Claims
(the "Twenty-Third Omnibus Objection") (D.I. 3711), in
which, among other things, the Debtors objected to Claim
No. 12300 on the grounds that it was partially
duplicative of Claim No. 132; and

WHEREAS, on July 6, 2009, Mitsubishi filed a
response to the Twenty-Third Omnibus Objection (D.I.
3946); and

WHEREAS, on September 21, 2009, the Debtors
filed the Debtors' Forty-Second Omnibus Objection to
Claims (the "Forty-Second Omnibus Objection" and
together with the Fourth Omnibus Objection and the
Twenty-Third Omnibus Objection, the "Omnibus Objections")

8

(D.I. 5015), in which, among other things, the Debtors

objected to Claim No. 7194 on that grounds that it was

amended and superseded by Claim No. 13200; and

WHEREAS, on September 28, 2009, Mitsubishi

filed a response to the Forty-Second Omnibus Objection

(D.I. 5122); and

WHEREAS, on or about March 18, 2010, by

consent of the Debtors and Mitsubishi, this Court

entered its Supplemental Order resolving the Debtors'

Omnibus Objections with respect to Mitsubishi (D.I. 6871)

(the "Settlement Order"); and

WHEREAS, pursuant to the Settlement Order, all

of Mitsubishi's claims, other than Claim No. 132 and

Claim No. 12300, were withdrawn (Claim No. 132, together

with Claim No. 12300, the "Mitsubishi Claims").

Specifically, pursuant to the Settlement Order, the

Mitsubishi Claims were modified as follows: (1) the

Secured Component of Claim No. 12300 would be in the

amount of $3,110,267.24; (2) the Unsecured Component of

Claim No 12300 be in the amount of $7,181,834.23; (3)

the 503(b)(9) Component of Claim No. 12300 would be

9

reduced to $0, and (4) Claim No. 132 would be in the amount of $4,965,976.18; and

## C.   The Appeal.

WHEREAS, pursuant to the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (Docket No. 5214) (the "Fifty-First Omnibus Objection"), the Debtors sought to temporarily disallow Claim No. 132 pending the return of certain transfers alleged by the Debtors to be avoidable under Bankruptcy Code section 547; and

WHEREAS, on January 6, 2010, the Court entered a Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-First Omnibus Objection and temporarily disallowing Claim No. 132 to the extent of $2,407,142.00; and

WHEREAS, on March 9, 2010, Mitsubishi filed its Notice of Appeal (D.I. 6755) and Motion for Leave to Appeal the Memorandum Opinion and Order sustaining the Fifty-First Omnibus Objection (the "Motion for Leave") (D.I. 6759); and

WHEREAS, on April 23, 2010, the District Court
for the Eastern District of Virginia granted the Motion
for Leave (the "Appeal"); and

WHEREAS, on May 3, 2010, the Debtors filed the
Debtors' Consent Motion for Approval of Settlement
Agreement and Stipulation by and Among the Debtors and
Mitsubishi Digital Electronics America, Inc. (the "First
Settlement Agreement") (D.I. 7396).  Therein, the
Parties agreed that the Debtors would establish and fund
a reserve in the amount of $4,965,976.18 pursuant to
Federal Rule of Bankruptcy Procedure 3020(a) for the
exclusive benefit of Mitsubishi (the "Reserve").
Moreover, the Parties agreed that if Claim No. 132 was
ultimately allowed in whole or in part, Mitsubishi shall
be paid the allowed amount of Claim No. 132 from the
Reserve; and

WHEREAS, the Parties further agreed that, upon
the first business day immediately following the date on
which the Court's order approving the First Settlement
Agreement became final and non-appealable (the
"Dismissal Date"), and provided that Mitsubishi received
written confirmation from the Debtors that the Reserve

11

has been fully funded, Mitsubishi would cause the Appeal to be dismissed with prejudice.  Prior to the Dismissal Date, the Parties agreed to cooperate, one with the other, to request that the Appeal be stayed pending the occurrence of the Dismissal Date; and

WHEREAS, on May 11, 2010, the Court entered its order approving the First Settlement Agreement (D.I. 7519); and

WHEREAS, on or around May 13, 2010, the Debtors established and funded the Reserve for the benefit of Mitsubishi; and

WHEREAS, on May 27, 2010, the Debtors filed the Consent Motion to Dismiss Appeal with Prejudice by Circuit City Stores, Inc. in the District Court for the Eastern District of Virginia (the "Consent Motion")(Dist. Ct. D.I. 44); and

WHEREAS, on June 3, 2010, the District Court for the Eastern District of Virginia granted the Consent Motion and dismissed the Appeal with prejudice (Dist. Ct. D.I. 49); and

**D.    The Adversary Proceeding.**

WHEREAS, on April 1, 2010, Circuit City filed

its Objection to Claim Nos. 132 and 12300 and Complaint

Against Mitsubishi Digital Electronics America, Inc. and

The Insurance Company of the State of Pennsylvania (the

"Adversary Complaint") (Adv. Pro. No. 10-03068 (the

"Adversary Proceeding") (Adv. D.I. 1)); and

WHEREAS, in the Adversary Complaint, among

other things, the Debtors asserted that Claim No. 132

was overstated in the amount of $3,655.41 because

Mitsubishi invoiced the Debtors for a greater number of

goods than the Debtors actually received from Mitsubishi.

Due to the overstatement, the Debtors alleged that Claim

No. 132 should be reduced to $4,962,320.77; and

WHEREAS, the Debtors also alleged that they

are entitled to certain pre- and post-petition amounts,

including receivables, charge-backs, returns, and other

amounts under the Mitsubishi Agreements, which amounts

are currently due and owing to Circuit City by

Mitsubishi, but for which Circuit City had not received

payment.  Specifically, the Debtors asserted that

Mitsubishi owes Circuit City pre- and post-petition

13

amounts totaling $5,751,577.89 (the "Unpaid Obligations").  The Debtors sought to setoff the Unpaid Obligations from Claim No. 132 reducing it to $0.  After setoff, the Unpaid Obligations would be reduced to $789,257.12; and

WHEREAS, in the Adversary Complaint, the Debtors also asserted that Claim No. 12300 was overstated by $247,516.97 on account of quantity shortages, previously paid invoices, and improperly reversed chargebacks.  After deducting this amount, the Debtors alleged that Claim No. 12300 should be reduced to $6,934,317.56; and

WHEREAS, the Debtors also sought to setoff the remaining Unpaid Obligations of $789,257.12 from Claim No. 12300.  After setoff, Claim No. 12300 would be reduced to $6,145,060.44 and the Unpaid Obligations would be reduced to $0;

WHEREAS, the Debtors also sought to reclassify the Secured Component of Claim No. 12300 to a general unsecured, non-priority claim on the basis that if the Debtors were to recover the Unpaid Obligations, the Unpaid Obligations will no longer remain unpaid.

Therefore, the Secured Component of Claim No. 12300 will no longer be subject to setoff; and

WHEREAS, in the Adversary Complaint, the Debtors also asserted that during the 90-day period prior to the commencement of Circuit City's bankruptcy cases, Circuit City transferred property to or for the benefit of Mitsubishi in an amount not less than $6,698,209.84 (the "Preferential Transfers").  The Debtors sought to recover the Preferential Transfers pursuant to Bankruptcy Code sections 547 and 550; and

WHEREAS, the Debtors sought to temporarily disallow Claim No. 12300 pursuant to Bankruptcy Code section 502(d) until such time as Mitsubishi turned over the Preferential Transfers and the Unpaid Obligations; and

WHEREAS, on July 6, 2010, Mitsubishi filed its Answer, Defenses and Counterclaims of Mitsubishi Digital Electronics America, Inc. to Circuit City Stores, Inc.'s Objection to Claim Nos. 132 and 12300 and Complaint Against Mitsubishi Digital Electronics America, Inc. and the Insurance Company of the State of Pennsylvania (Adv. D.I. 15).  Therein, Mitsubishi generally denied the

15

Debtors' allegations and asserted various affirmative

defenses.  Mitsubishi also asserted counterclaims

against Circuit City (the "Mitsubishi Counterclaims"),

and

WHEREAS, on July 27, 2010, Circuit City filed

its Answer and Affirmative Defenses with Respect to

Counterclaims of Mitsubishi Digital Electronics America,

Inc. (Adv. D.I. 29).  Therein, Circuit City generally

denied the Mitsubishi Counterclaims; and

WHEREAS, on August 2, 2010, the Debtors filed

their Motion for Partial Summary Judgment with Respect

to Circuit City Stores, Inc.'s Objection to Claim Nos.

132 and 12300 and Complaint Against Mitsubishi Digital

Electronics America, Inc. and the Insurance Company of

the State of Pennsylvania (the "Summary Judgment Motion")

(Adv. D.I. 30).  Therein, the Debtors explained that

Mitsubishi contends that certain of the Preferential

Transfers may not be avoidable under Bankruptcy Code

section 547(c)(4) because Mitsubishi provided the

Debtors with "new value" subsequent to the alleged

Preferential Transfers.  The Debtors contend that even

assuming that such new value was provided, Mitsubishi

may not, as a matter of law, avail itself of the "new

value" under Bankruptcy Code section 547(c)(4)(B); and

WHEREAS, on August 24, 2010, Mitsubishi filed

its Amended Response and Memorandum of Law in Opposition

to Debtors' Motion for Partial Summary Judgment with

Respect to Circuit City Stores, Inc.'s Objection to

Claims No. 132 and 12300 and Complaint Against

Mitsubishi Digital Electronics America, Inc. and the

Insurance Company of the State of Pennsylvania.  Therein,

Mitsubishi disagreed with the Debtors and argued that it

may avail itself of the "new value" under Bankruptcy

Code section 547(c)(4)(B); and

WHEREAS, on August 27, 2010, the Debtors filed

their Reply Brief in Support of Motion for Partial

Summary Judgment with Respect to Circuit City Stores,

Inc.'s Objection to Claims No. 132 and No. 12300 and

Complaint Against Mitsubishi Digital Electronics America,

Inc. and the Insurance Company of the State of

Pennsylvania (Adv. D.I. 43); and

WHEREAS, on August 31, 2010, a hearing was held

on the Summary Judgment Motion (the "Hearing").  At the

Hearing, the Court heard oral argument from the Debtors

17

and Mitsubishi.  At the conclusion of the Hearing, the
Court took the Summary Judgment Motion under advisement.
As of the date of this Settlement Agreement, the Court
has not ruled on the Summary Judgment Motion; and

WHEREAS, rather than proceed with further
litigation concerning the Mitsubishi Claims and the
Adversary Proceeding, the Parties engaged in good faith,
arms' length negotiations to resolve the foregoing at
this time; and

NOW THEREFORE, for good and valuable
consideration the receipt and sufficiency of which is
hereby acknowledged, the Parties hereby STIPULATE AND
AGREE that:

1.   Upon the Effective Date (as defined
herein), in full satisfaction and settlement of the
Mitsubishi Claims, the Unpaid Obligations, the
Preferential Transfer, and the Adversary Proceeding
(other than the Summary Judgment Motion), the Parties
agree that (i) Claim No. 132 will be reduced to and
allowed as an administrative priority claim pursuant to
section 503(b)(9) of the Bankruptcy Code in the amount
of $1,775,000 (the "Allowed 503(b)(9) Claim"), (ii)

18

Claim No. 12300 will be allowed in the amount of
$5,125,000.00 as a general unsecured, non-priority claim
(together with the Allowed 503(b)(9) Claim, the "Allowed
Claims"); and (iii) the Unpaid Obligations shall be
reduced to $0.

2.    The Adversary Proceeding shall not be
dismissed until the Court disposes of the Summary
Judgment Motion.

3.    Upon the later of (i) the Effective Date
and (ii) the "effective date" under the Plan, $1,725,000
of the Allowed 503(b)(9) Claim shall be paid from the
Reserve and the Debtors shall continue to hold $50,000
(the "Remaining Amount")in the Reserve pending the
Court's decision on the Summary Judgment Motion;
provided, further, that, upon payment of $1,725,000 to
Mitsubishi, all funds held in the Reserve (other than
the Remaining Amount) shall be deemed released back to
the Debtors and their estates for distribution under the
Plan and Mitsubishi shall cease to have any interest in
or right to such released funds.

4.    In the event the Court grants the Summary
Judgment Motion, the Allowed 503(b)(9) Claim shall be

19

reduced by $50,000, and the Remaining Amount shall be deemed released from the Reserve back to the Debtors and their estates for distribution under the Plan and Mitsubishi shall cease to have any interest in or right to the Remaining Amount.

5.   In the event the Court denies the Summary Judgment Motion, the Remaining Amount shall be paid to Mitsubishi upon the later of (i) the Effective Date, (ii) the "effective date" under the Plan, and (iii) the date that is seven (7) days after the Court enters an order disposing of the Summary Judgment Motion.

6.   To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 1 above.

7.   Subject to paragraphs 3-5 above, the Allowed Claims shall be deemed "allowed" claims in case number 08-35653 (KRH) for all purposes, including with respect to the Plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to enhancement or amendment, or further objection, offset, reduction, discount, impairment or subordination.

20

8.    Upon the Effective Date, Mitsubishi, on
behalf of itself and its successors and assigns, and the
Debtors, on behalf of themselves, and each on behalf of
their respective estates, successors, and assigns
(including but not limited to any trustee appointed in
any of these chapter 11 cases or any successor or
subsequent bankruptcy cases, any receivers and/or other
custodians appointed in any action or proceeding
involving the Debtors' property and the liquidating
trustee under the Plan), hereby irrevocably and fully
release one another from and against any and all claims
or causes of action (including, but not limited to,
causes of action under Bankruptcy Code sections 502, 542,
543, 544, 546, 547, 548, 549, 550, 553 and 558) arising
from, in connection with, or related to the Mitsubishi
Agreements, the Product, the Twentieth Omnibus Objection,
the Mitsubishi Claims, the Unpaid Obligations, the
Preferential Transfers, the allegations contained in the
Adversary Complaint, and the Adversary Proceeding (this
paragraph, the "Releases"), but excluding the Allowed
Claims, the Remaining Amount, and the MDL Proceeding (as
herein defined).

9.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Releases are not intended
as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, (ii)
with the exception of the Allowed Claims and a
contingent right to the Remaining Amount, Mitsubishi
shall not file nor be entitled to recover on account of
any claims in the Debtors' cases, (iii) with the
exception of claims asserted in, based on, or related to
the MDL Proceeding identified in clause 9(iv) of this
Settlement Agreement, the Debtors shall not be entitled
to recover any further amounts, credits, rebates,
receivables, setoffs, netting, or discounts from
Mitsubishi, and (iv) the Parties specifically
acknowledge and agree that this Settlement Agreement is
not intended to, and does not, release or otherwise
affect in any way any actual claims or causes of action
(or potential claims or causes of action similar in
nature or type to such actual claims or causes of action)
now or hereinafter asserted in, based on, or relating to
the multi-district litigation captioned In re: TFT-LCD

22

(Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D.
Cal.) and the actions consolidated therein (the "MDL
Proceeding").

     10.  Both parties hereby represent and warrant
to the other that it will take no steps to appeal or
seek rehearing, reconsideration, or other review of the
Court's order on the Summary Judgment Motion.  The
Parties further agree that the Debtors will move to
dismiss the Adversary Proceeding with prejudice (as
against all parties, including Mitsubishi and the
Insurance Company) within ten (10) business days of
entry of the Court's order on the Summary Judgment
Motion.

     11.  Neither this Settlement Agreement, nor
any statement made or action taken in connection with
the negotiation of this Settlement Agreement, shall be
offered or received in evidence or in any way referred
to in any legal action or administrative proceeding
among or between the Parties hereto, other than as may
be necessary (a) to obtain approval of and to enforce
this Settlement Agreement or (b) to seek damages or

injunctive relief in connection with such approval and
enforcement.

12.   Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

13.   No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the Parties hereto and their respective
successors (including, as to Mitsubishi, the Insurance
Company with regard to its interest in a portion of the
Allowed 503(b)(9) Claim).

14.   Except where preempted by applicable
federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

15.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or

24

email, which, when fully executed, shall constitute a
single original.

16.    This Settlement Agreement constitutes the
entire agreement and understanding of the Parties
regarding the Settlement Agreement and the subject
matter thereof.

17.    The Court shall retain exclusive
jurisdiction (and the Parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

18.    Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The Debtors represent and
warrant that (a) they shall promptly make such filings
with the Court, give such notices, and take such other

25

actions as may be required, necessary or desirable to comply with the Notice Procedures and (b) no further consent from or approval by the Court is required in connection with the compromise and settlement made and effected by this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

19.  This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or order of the Court.

20.  This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by all Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order (the "Effective Date").

21.  This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the liquidating trustee under the Plan.

26

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of October 19, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.,
Debtors and Debtors in Possession


By:


SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley            _
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

27

MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.


By:

/s/ John Isbell         ___
KING & SPALDING LLP
James A. Pardo, Jr.
John Isbell
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5128


Attorneys for Mitsubishi Digital Electronics America,
Inc.