Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :    Jointly Administered
            Debtors.            :
                                :    **Obj. Deadline: November 3, 2010
- - - - - - - - - - - - - - x     at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND BETWEEN THE DEBTORS AND CC INVESTORS 1995-6**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with CC Investors 1995-6, a Delaware Business Trust ("CC Investors"), a copy of which is annexed as Exhibit 2.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)   This is a Tier II Settlement.

(ii)  The Settlement Agreement is by and between the Debtors and CC Investors 1995-6.

(iii) CC Investors and certain of the Debtors were parties to a lease agreement dated September 20, 1995 ("Lease Agreement") for the lease of certain property, including a distribution center located in the Lehigh Valley Industrial Park IV, Bethlehem (collectively the "Premises").  The Lease Agreement required the Debtors to maintain "all risk" loss and damage insurance on the Premises that named CC Investors as an additional insured party, and the Debtors obtained such insurance (the "Insurance Policies," collectively provided by the "Insurers").

(iv)  On or about October 28, 2008, one or more sinkholes were discovered at the Premises, resulting in damages to the Premises and the Debtors' business operations covered under the Insurance Policies.  The Debtors and CC Investors submitted conflicting claims to the Insurers for damages under the Insurance Policies.  The Insurers have determined the total sums to be paid under the Insurance Policies.

(v)   On or about April 30, 2009, CC Investors filed Claim No. 12686 asserting claims in the total amount of $3,203,343.89, comprised of an administrative expense claim in the amount of $225,132.91 and a

general unsecured non-priority claim in the amount of $2,978,210.98.

(vi)   On or about June 30, 2009, CC Investors filed Claim No. 14122 asserting an administrative expense claim in the amount $225,132.91.

(vii)  On or about November 18, 2009, CC Investors filed Claim No. 14742 asserting claims in the total amount of $3,755,149.64, comprised of an administrative expense claim in the amount of $402,899.17 and a general unsecured non-priority claim in the amount of $3,352,250.47.

(viii)  On November 18, 2009, CC Investors filed a complaint (the "Complaint") against the Debtors initiating an adversary proceeding (the "Adversary Proceeding") and seeking an order (i) declaring that the Debtors have no interest in, or right to, the proceeds to be paid under the Insurance Policies, and (ii) directing the Insurers to pay all proceeds under the Insurance Policies to CC Investors.

(ix)   After extensive, good faith negotiations, and in order to avoid the expense, delay and risk of litigation, the Parties have determined to consensually resolve all claims, matters, and disputes by and between the Parties.

(x)    Pursuant to the Settlement Agreement, the Debtors and CC Investors agree to direct and authorize the Insurers to pay from the proceeds of the Insurance Policies the sum of $400,000.00 to the Debtors, and the sum of $1,018,348.52 to CC Investors (the "Insurance Settlement Payments"), in full

4

and final compromise and settlement of the
Adversary Proceeding, including attorneys'
fees and costs, and all other matters of
dispute or potential dispute between the
Parties.

(xi)   Except as otherwise set forth in the
Settlement Agreement, any and all claims
and causes of action asserted against the
Debtors and/or their estates, collectively
or individually, by or on behalf of CC
Investors shall be irrevocably waived and
released in their entirety with prejudice,
including but not limited to Claim Nos.
9279, 12686, 14122 and 14742, upon payment
of the Insurance Settlement Payments by the
Insurers to the Debtors and CC Investors.
Except as otherwise set forth in the
Settlement Agreement, any and all claims
and causes of action asserted against CC
Investors, by or on behalf of the Debtors
and their estates shall be irrevocably
waived and released in their entirety with
prejudice upon payment of the Insurance
Settlement Payments by the Insurers to the
Debtors and CC Investors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
than **November 3, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,

Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

> file in writing with the Court, Clerk of Court,
> United States Bankruptcy Court, 701 East Broad
> Street, Suite 4000, Richmond, Virginia 23219, or
> electronically (www.vaeb.uscourts.gov), a written
> Objection pursuant to Local Bankruptcy Rule 9013-
> 1(H). If you mail your Objection to the Court for
> filing, you must mail it early enough so the
> Court will **receive it on or before November 3,
> 2010 at 5:00 p.m. (ET).**

Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline, as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 20, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   1Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
   PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
                        APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware            (804) 775-1000
19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - X   - - - - - - - - - - - - - - - -
                             :
CC Investors 1995-6          :
                             :
              Plaintiff,     :
                             :
v.                           :   Adv. Pro. Case No. 09-03220
                             :
Circuit City Stores, INC.,   :
                             :
              Defendant.     :
                             :
- - - - - - - - - - - - - - X

1

## SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
## THE DEBTORS AND CC INVESTORS 1995-6

This settlement agreement and stipulation (the "Settlement Agreement") is entered into by and among the above-captioned debtors and debtors in possession (the "Debtors") and CC Investors 1995-6, a Delaware Business Trust ("CC Investors" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee");

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases;

2

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, the Debtors are authorized under the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006 and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-petition and Post-petition Claims and Causes of Action Without Further Court Approval dated August 7, 2009, 2009 (Docket No. 4401) (the "Settlement Procedures Order")[1] to enter into this Settlement Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

WHEREAS, CC Investors and certain of the Debtors were parties to a lease agreement dated September 20, 1995 ("Lease Agreement") for the lease of certain property, including a

---

[1]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

distribution center located in the Lehigh Valley Industrial Park IV, Bethlehem (collectively the "Premises");

WHEREAS, the Lease Agreement required the Debtors to maintain "all risk" loss and damage insurance on the Premises that named CC Investors as an additional insured party, and the Debtors obtained such insurance (the "Insurance Policies," collectively provided by the "Insurers");

WHEREAS, on or about October 28, 2008, one or more sinkholes were discovered at the Premises, resulting in damages to the Premises and the Debtors' business operations covered under the Insurance Policies;

WHEREAS, the Debtors and CC Investors have submitted conflicting claims to the Insurers for damages under the Insurance Policies;

WHEREAS, the Insurers have determined the total sums to be paid under the Insurance Policies;

WHEREAS, on November 18, 2009, CC Investors filed a complaint (the "Complaint") against the Debtors initiating the above-captioned adversary proceeding (the "Adversary Proceeding") and seeking an order (i) declaring that the Debtors have no interest in, or right to, the proceeds to be paid under the Insurance Policies, and (ii) directing the Insurers to pay all proceeds under the Insurance Policies to CC Investors;

4

WHEREAS, the Insurers will not release payment under the Insurance Policies until the Debtors and CC Investors resolve their conflicting requests as to whom payment should be made;

WHEREAS, on or about January 30, 2009, CC Investors filed Claim No. 9279 asserting an administrative expense claim in the amount of $3,685,662.51.  Claim No. 9279 was disallowed by the Court in its November 23, 2009, Order on Debtors' Forty-Second Omnibus Objection to Claims (D.I. 5939);

WHEREAS, on or about March 21, 2009, the Debtors rejected the Lease Agreement pursuant to 11 U.S.C. § 365;

WHEREAS, on or about April 30, 2009, CC Investors filed Claim No. 12686 asserting claims in the total amount of $3,203,343.89, comprised of an administrative expense claim in the amount of $225,132.91 and a general unsecured non-priority claim in the amount of $2,978,210.98;

WHEREAS, on or about June 30, 2009, CC Investors filed Claim No. 14122 asserting an administrative expense claim in the amount $225,132.91;

WHEREAS, on or about November 18, 2009, CC Investors filed Claim No. 14742 asserting claims in the total amount of $3,755,149.64, comprised of an administrative expense claim in the amount of $402,899.17 and a general unsecured non-priority claim in the amount of $3,352,250.47;

5

WHEREAS, after extensive, good faith negotiations, the Parties now desire to consensually resolve all claims, matters, and disputes by and between the Parties; and

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby **STIPULATE AND AGREE AND IT IS HEREBY ORDERED** that:

1.  **Insurance Settlement Payments.** The Parties represent that they have engaged in arms' length negotiations to arrive at this Settlement Agreement.  As a result of these negotiations, the Debtors and CC Investors agree to direct and authorize the Insurers to pay from the proceeds of the Insurance Policies the sum of $400,000.00 to the Debtors, and the sum of $1,018,348.52 to CC Investors (the "Insurance Settlement Payments"), in full and final compromise and settlement of the Adversary Proceeding, including attorneys' fees and costs, and all other matters of dispute or potential dispute between the Parties, past and present, contingent and fixed, whether or not known or asserted by either Party at the time of signing this Settlement Agreement.  Additionally, the Debtors hereby acknowledge they have been advised by CC Investors that CC Investors is currently engaged in litigation with the Insurers and the Debtors hereby agree that upon payment of the Insurance

6

Settlement Payments, the Debtors shall have no entitlement to any additional amounts recovered by CC Investors from the Insurers, if any.  The effective date ("Effective Date") of this Settlement Agreement shall be the later of: (i) the execution of this Settlement Agreement by all Parties and the payment of the Insurance Settlement Payments by the Insurers to the Debtors and CC Investors as set forth herein, or (ii) the expiration of the applicable Notice Period under the Settlement Procedures Order.

2.   **Dismissal of Adversary Proceeding.**  On the Effective Date, the Adversary Proceeding shall be dismissed with prejudice.

3.   **Contracts**.  Any and all contracts or agreements by and between the Parties, including but not limited to the Lease Agreement, not previously terminated or rejected, shall be deemed rejected as of the Effective Date.

4.   **Resolution of All Claims and Disputes.**  The Parties are entering into this Settlement Agreement to resolve all matters of dispute or potential dispute arising out of claims related to or asserted in the Complaint and any other claims by and between the Parties, whether or not such claims are known or unknown to the Parties, and whether or not such claims have been asserted by the Parties.  Except as set forth herein, any and all claims and causes of action asserted against the Debtors and/or their estates, collectively or individually,

7

by or on behalf of CC Investors shall be irrevocably waived and
released in their entirety with prejudice, including but not
limited to Claim Nos. 9279, 12686, 14122 and 14742, upon payment
of the Insurance Settlement Payments by the Insurers to the
Debtors and CC Investors as set forth herein.  Except as set
forth herein, any and all claims and causes of action asserted
against CC Investors, by or on behalf of the Debtors and their
estates shall be irrevocably waived and released in their
entirety with prejudice upon payment of the Insurance Settlement
Payments by the Insurers to the Debtors and CC Investors as set
forth herein.

5.   **Mutual Release.**  Upon the Effective Date, except
as expressly set forth herein, CC Investors on behalf of itself
and its successors and assigns, and the Debtors on behalf of
themselves and each on behalf of their respective estates,
successors, and assigns (including but not limited to any
trustee appointed in any of these chapter 11 cases or any
successor chapter 7 case), hereby irrevocably and fully release
one another from and against any and all claims or causes of
action arising from, in connection with, or relating to the
Lease Agreement, the business conducted between the Parties, the
Adversary Proceeding and any other agreements by or between the
Parties (this paragraph, the "Releases").

6.   **MDL Proceeding.**   Notwithstanding anything to the contrary in this Settlement Agreement, CC Investors and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding") that (i) the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns, have or may have against the now named or hereinafter named parties in the MDL Proceeding and (ii) CC Investors and its subsidiaries and affiliates and each on behalf of their respective successors, and assigns, have or may have against the now named or hereinafter named parties in the MDL Proceeding.

7.   **No Admissions.**   This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations contained in the Complaint or any counterclaims asserted in the Debtors' answer thereto.

8.   **Expenses.**   The Parties shall bear their own costs, expenses and attorneys' fees incurred in connection with the Adversary Proceeding, the Releases, the waiver and release of CC

9

Investors' claims filed in the Debtors' bankruptcy proceedings,
and this Settlement Agreement.  In the event of any dispute in
connection with the enforcement of this Settlement Agreement,
the prevailing Party shall be entitled to its reasonable
attorneys' fees, costs and all necessary disbursements and out-
of-pocket expenses, whether statutorily approved or non-approved
costs, incurred in connection with such action or proceeding, as
determined by this Court.

    9.   **No Other Obligations.**  The Parties agree that the
Parties have no obligation to one another other than as set
forth herein.

    10.   **Severability.**  The Parties agree that if any
provision of this Settlement Agreement is determined by a court
of competent jurisdiction to be illegal, invalid or
unenforceable, that provision shall not be a part of this
Settlement Agreement.  The legality, validity and enforceability
of the remaining provisions shall not be affected by a provision
of this Settlement Agreement that is illegal, invalid or
unenforceable.

    11.  **Miscellaneous.**

    (a) Nothing contained herein shall be deemed an
admission of liability on the part of the Debtors or CC
Investors.

10

(b) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(c) Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

(d) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(e) This Settlement Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Virginia without regard to any choice of law provisions.

(f) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which,

11

when fully executed and so delivered, shall constitute a single original.

(g) The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(h) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this Paragraph shall survive execution of this Settlement Agreement.

(i) This Settlement Agreement is effective upon the Effective Date.

(j) This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

12

IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of the later of the dates set forth below.

Dated:                      ACCEPTED AND AGREED TO BY:
October 20, 2010
                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Richmond, Virginia          Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            (302) 651-3000

                                  - and -

                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                            Chris L. Dickerson, Esq.
                            155 North Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                                  - and -

                            MCGUIREWOODS LLP

                            /s/ Douglas M. Foley_____
                            Douglas M. Foley (VSB No. 34364)
                            Sarah B. Boehm (VSB No. 45201)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            *Counsel for Circuit City Stores, Inc.,
                            et al., Debtors and Debtors-in-Possession*

Dated:                        ACCEPTED AND AGREED TO BY:
October 20, 2010

                              By:
Richmond, Virginia            RIVKIN RADLER LLP
                              Stuart I. Gordon, Esq.
                              Matthew V. Spero, Esq.
                              926 RXR Plaza
                              Uniondale, New York 11566-0926

                                  - and -

                              CHRISTIAN & BARTON LLP

                              /s/ Jennifer M. McLemore_____
                              Augustus C. Epps, Jr. Esq. (VSB
                              No. 13254)
                              Michael D. Mueller, Esq. (VSB No. 38216)
                              Jennifer M. McLemore, Esq. (VSB No.
                              47164)
                              900 East Main Street, Suite 1200
                              Richmond, Virginia 23219
                              (804) 697-4100

                              *Counsel for CC Investors 1995-6*

CC Investors 1995-6 Signature Page