## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR AVOIDANCE
## ACTION ADVERSARY PROCEEDINGS

The Official Committee of Unsecured Creditors (the "Committee") for the estates of the

above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[2] hereby moves

the Court (the "Motion") for the entry of an order establishing certain procedures to govern the

course of the several hundred avoidance actions adversary proceedings that the Liquidating Trust

anticipates filing in these cases.  By this Motion, the Committee seeks  procedures that will serve

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] The relief sought by this Motion will inure to the benefit of the Circuit City Stores, Inc. Liquidating Trust that will be established upon the imminent Effective Date in these cases.  While this Motion has been filed prior to the Effective Date, it is likely that the Effective Date will occur prior to the hearing on this Motion, and that the Liquidating Trust will be the real party in interest movant.  Counsel for the Creditors Committee will also serve as counsel to the Liquidating Trust.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Andrew W. Caine (CA Bar No. 110345) | 20 North Eighth Street, 2nd Floor |
| Pachulski Stang Ziehl & Jones LLP | Richmond, VA 23219 |
| 10100 Santa Monica Boulevard, 11th Floor | Telephone:  (804) 783-8300 |
| Los Angeles, CA  90067-4100 | Telecopy:  (804) 783-0178 |
| Telephone:  (310) 277-6910 | |
| Telecopy:  (310) 201-0760 | |
| | |
| Counsel for the Official | Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

judicial economy, speed the time within which the adversary proceedings will be resolved, and to

reduce potentially unnecessary litigation costs for the parties.  In further support of the Motion,

the Committee respectfully represents:

## JURISDICTION

1.      This Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. §§ 157 and 1334.  Venue of these chapter 11 cases in this District is proper pursuant

to 28 U.S.C. §§ 1408 and 1409.  The Actions referenced herein will be commenced pursuant to

Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and will be core proceedings under

28 U.S.C. § 157(b).

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors' wholly

owned subsidiary, InterTAN Canada, Ltd. ("InterTAN Canada") (which operated as The Source

by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the

*Companies' Creditors Arrangement Act.*

3.      The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.      On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed the Committee in these cases pursuant to sections 1102(a)

and 1102(b)(1) of the Bankruptcy Code.

5.      On September 10, 2010, the Court entered its Findings of Fact,

Conclusions of Law and Order (the "Confirmation Order") Confirming Modified Second

Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and

Debtors in Possession and its Official Committee of Creditors Holding General Unsecured

Claims (the "Joint Plan").  Among other matters provided for in the Confirmation Order, in

paragraphs 11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for

the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors'

estates that are to be transferred to the Liquidating Trust on the Effective Date in accordance

with the Joint Plan and Liquidating Trust Agreement.

      6.     Article V.F.2. of the Joint Plan describes the assets to be transferred by the

Debtors to the Liquidating Trust.  These include the Causes of Action defined in Article I.B.1.21

of the Joint Plan – "…any and all claims, actions, proceedings, causes of action, Avoidance

Actions, suits…that any Debtor and/or Estate may hold against any Entity…"[3]

      7.     The Committee, in conjunction with the Debtors and the Liquidating

Trustee approved in paragraph 13 of the Confirmation Order, has been preparing to commence

litigation with respect to the Avoidance Actions and other Causes of Action (collectively, the

"Adversary Proceedings" and each an "Adversary Proceeding") to ensure that they are timely

filed prior to the November 10, 2010 two year anniversary of the commencement of theses cases,

the deadline by which to commence avoidance and other actions under Bankruptcy Code

sections 108 and 546.

      8.     Unfortunately, the Effective Date of the Joint Plan has been delayed

beyond the date expected by the parties at the time of the entry of the Court's Confirmation

Order.  The delay arises out of delay in concluding matters in the above-described Canadian

---

[3] Capitalized terms in this paragraph are those so defined in the Joint Plan.

proceedings involving InterTAN Canada and Tourmalet Corporation, and is beyond the control

of the Debtors and the Committee.

## RELIEF REQUESTED

9.      As of the filing of this Motion, the Committee anticipates that the

Liquidating Trust will file approximately 500-600 Adversary Proceedings prior to November 10,

2010.  This extremely large volume of actions could present logistical issues for the Court and

the parties, such as the processing and issuance of summons, requests for additional time for

defendants to respond to complaints, and the scheduling of pretrial conferences and trials.  By

this Motion, the Committee requests modifications to normal practice and in connection

therewith  suggests certain procedures designed to address these logistical challenges, and to

bring the actions to a swifter and less cumbersome and costly resolution.

## BASIS FOR RELIEF

10.      The statutory predicate for the relief sought herein are Bankruptcy Code

sections 105, 1103(c)(2) and (5), and 1109(b).  Section 105(a) states that a bankruptcy court

"may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Federal Rules of Civil Procedure 16,

applicable to adversary proceedings through Federal Rules of Bankruptcy Procedure 7016, gives

the court discretion to manage the course of actions in various ways to facilitate the "just,

speedy, and inexpensive disposition of the action."

## Proposed Procedures

11.      The Committee proposes the following procedures to apply to all of the

several hundred Adversary Proceedings that the Liquidating Trust anticipates filing prior to

November 10, 2010.  The procedures will not be applicable to actions filed by the Liquidating

Trust after November 10, 2010, unless the Court orders otherwise after application therefore by

the Liquidating Trust.

      a.    <u>Case-Specific Summons</u>.  The summons issued for each Adversary Proceeding will vary from the Court's standard form and will be an "Answer Only" summons.  The summons will inform the defendant that it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the complaint.  The summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only after the completion of the mediation procedures described below unless otherwise ordered by the Court.

      b.    <u>Extension of Time by Which Plaintiff must Serve the Summons.</u>  The time period under Federal Rule of Civil Procedure 4(m), made applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7004, by which the plaintiff must serve the summonses and complaints in the Adversary Proceedings on defendants in the United States shall be extended by 30 days, without prejudice to the plaintiff to seek further extensions of time for cause shown.  It is anticipated, however, that the Liquidating Trust will serve the summons and complaints as promptly as practicable after issuance of the summons.

      c.    <u>Stipulation to Extend Time for Defendants to Respond to the Complaint</u>.  Without further order of the Court, the parties may stipulate to one extension of the time of no more than thirty (30) days within which a defendant must respond to a complaint.  The stipulation must be in writing to be binding on the plaintiff.  Any further or longer extensions of time will require Court approval.

      d.    <u>Stay of Requirement to Conduct Scheduling Conference</u>.  Federal Rule of Civil Procedure 26(f), applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) shall be stayed with respect to the Adversary Proceedings.  Upon the filing of the Mediator's Report (as described below) with respect to each Adversary Proceeding that is not resolved through the Mediation Process (as described below) or otherwise, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order (the "<u>Scheduling Order</u>") to the Court prior to the date set for the Pretrial Scheduling Conference (as described below).

      e.    <u>Stay of Discovery</u>.  The parties' obligations to conduct formal discovery in each Adversary Proceeding Action shall be stayed until the Scheduling Order is entered, provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an Adversary Proceeding in advance of, or during, the Mediation Process.

f.      Mandatory Mediation Process.  Mediation will be required in all Adversary Proceedings in accordance with the following procedures and timetable:

(1)  Within sixty (60) days after the defendant has filed its response to the complaint, the parties must have commenced the mediation process by having (a) selected a mutually agreeable mediator from the Court approved list of mediators attached to the Court-ordered procedures as Exhibit A[4], (b) agreed in writing to the terms of the mediator, including as to compensation, and (c) scheduled a date for the mediation. If any defendant does not timely select a mediator, then the plaintiff shall promptly (i) assign a mediator to the case and (ii) so notify the defendant. Each mediator selected by this process shall hereafter be referred to as the "Mediator."

(2) At least ten (10) days prior to the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator.  Unless agreed in writing by both parties and the Mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules).  The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

(3)  The Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation.

(4)  The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations.  The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

(5)  The parties will participate in the mediation, as scheduled and presided over by the mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person; provided, however, that a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

(6)  The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

(7) All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever.  Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

---

[4] The Committee or Liquidating Trustee (as may be applicable depending on the Effective Date) will submit a list of proposed mediators for the Court's review no later than two (2) court days prior to the hearing on this Motion.

(8)  The mediation must be concluded no later than 120 days after the date on which the defendant has filed its response to the complaint.

(9)  If a party (a) fails to submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for default judgment or a motion to dismiss the Adversary Proceeding.

(10)  Within ten (10) days after the conclusion of the mediation, the mediator will file a report, drafted with the caption of the Adversary Proceeding, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the applicable Adversary Proceeding settled (the "Mediator's Report").

(11)  If an Adversary Proceeding has not settled, then the plaintiff must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Adversary Proceeding at the next scheduled Omnibus Hearing, provided however, that a minimum of fourteen (14) days notice of the Pre-Trial Scheduling Conference is required.

g.    Pretrial Scheduling Conferences/Motion Hearing Dates.  The Court will schedule regular Omnibus Hearing dates in the bankruptcy case, on which dates any post-mediation Pretrial scheduling conferences in the Adversary Proceedings will take place. Any pretrial motions filed by the parties in the Adversary Proceedings must be set for hearing on one of the Omnibus hearing dates or unless otherwise ordered by the Court.

h.    Motions affecting all Adversary Proceedings. Any motions filed by the Liquidating Trust that affect all of the Adversary Proceedings may and should be filed in the bankruptcy case, and not in each separately docketed Adversary Proceeding, provided, however, that each defendant shall receive notice of the filing of the same.

i.    Application of Existing Case Management Orders.  The Court's November 13, 2008 *Order Pursuant to Bankruptcy Code Sections 102 and 105,*

*Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1*

*Establishing Certain Notice, Case Management, and Administrative Procedures*, and its

December 30, 2009 *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and*

*105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1*

*Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket

No. 6208] (the "Case Management Order"), remain in full force and effect.

g.      Notice of these Special Procedures.  A copy of the Avoidance Action

Adversary Proceedings Procedures will be served on each defendant with the summons

and complaint in each Adversary Proceeding.

12.      The relief requested herein will aid the Liquidating Trust's efforts to

reduce expenses and maximize value for the benefit of creditors and other parties in interest by

reducing the paperwork requirements and the number of hearings, prompting resolution without

the time and expense of discovery and litigation to trial through a mandatory mediation program.

The procedures will also reduce the burden on the Clerk's office and the Court's docket while

protecting the interests of all defendants.

## NOTICE

13.      Notice of this Motion is being provided to parties-in-interest in accordance

with the Case Management Order.  In light of the nature of the relief requested, the Committee

respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

14.      No previous request for the relief sought herein has been made to this

Court or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order,

substantially in the form annexed hereto as <u>Exhibit B</u>, granting the relief requested in the Motion,

and such other and further relief as may be just and proper.

Dated:  October 21, 2010

TAVENNER & BERAN, P.L.C.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
        jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for Official Committee of*
*Unsecured Creditors Holding Unsecured Claims*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2010 a true copy of the foregoing
Motion For An Order Establishing Procedures For Avoidance Action Adversary Proceedings
was served via electronic mail to all parties receiving service through the Court's ECF system
and either electronically or by first-class mail, postage prepaid, to all parties on the Core Group
and the 2002 Service List as defined in the Case Management Order and updated and maintained
on the KCC website, www.kccllc.net/circuitcity.

*/s Lynn L. Tavenner*
Co-Counsel

# <u>EXHIBIT A</u>

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

## <u>ORDER ESTABLISHING PROCEDURES FOR</u>
## <u>AVOIDANCE ACTION ADVERSARY PROCEEDINGS</u>

Upon the Motion (the "<u>Motion</u>")[2] of the Official Committee of Unsecured Creditors (the

"<u>Committee</u>") for an Order Establishing Procedures for Avoidance Action Adversary

Proceedings, and the Court having reviewed the Motion, and noting that the Debtors support the

relief requested therein; and the Court having determined that the relief requested in the Motion

is in the best interests of the Debtors, their estates, their creditors, and other parties in interest;

and it appearing that proper and adequate notice of the Motion has been given and that no other

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]      Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Andrew W. Caine (CA Bar No. 110345) | 20 North Eighth Street, 2nd Floor |
| Pachulski Stang Ziehl & Jones LLP | Richmond, VA 23219 |
| 10100 Santa Monica Boulevard, 11th Floor | Telephone:  (804) 783-8300 |
| Los Angeles, CA  90067-4100 | Telecopy:  (804) 783-0178 |
| Telephone:  (310) 277-6910 | |
| | |
| Counsel for the Official | Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED, and the procedures set forth in Exhibit A to this Order (the "Avoidance Action Adversary Proceeding Procedures") are hereby approved and shall govern the Adversary Proceedings, effective as of the date of this Order.

2.      The Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall apply to the Adversary Proceedings, except to the extent that they conflicts with the Avoidance Action Adversary Proceeding Procedures.

3.      The time periods set forth in this Order and the Avoidance Action Adversary Proceeding Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.      The requirement under Local Bankruptcy Rule 9013-1 (G) to file a memorandum of law in connection with the Motion is hereby waived.

5.      Adequate notice of the relief sought in the Motion has been given and no further notice is required.

6.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.


Dated: _____          _____
          Richmond, Virginia                        The Honorable Kevin R. Huennekens
                                                             United States Bankruptcy Judge

**WE ASK FOR THIS:**

_____

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for Official Committee of
Unsecured Creditors Holding Unsecured Claims

**SEEN AND NO OBJECTION:**

_____

Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## **CERTIFICATION**

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
1015 East Main Street, First Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

<u>EXHIBIT A</u>

Avoidance Action Adversary Proceedings Procedures

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF – 2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100
Telephone:  (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

Counsel for Alfred H. Siegel, Trustee of the
Circuit City Stores, Inc. Liquidating Trust

Co-Counsel for Alfred H. Siegel, Trustee of
the Circuit City Stores, Inc. Liquidating Trust

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:**  Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:**  Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:**  (Jointly Administered) |
| | **:** |
| | **:** |

## AVOIDANCE ACTION ADVERSARY PROCEEDINGS PROCEDURES

These Avoidance Action Adversary Proceedings Procedures have been approved by the

United States Bankruptcy Court for the Eastern District of Virginia (the "Court") in the above-

captioned bankruptcy case.  Capitalized terms used but not defined herein shall have the

meanings ascribed to the terms in the Motion of  the Official Committee of Unsecured Creditors

for an order establishing procedures for avoidance action adversary proceedings (the

"Motion")[Docket # _____].  The Court approved these Procedures by order dated November

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

__, 2010, entitled *Order Establishing Procedures for Avoidance Action Adversary Proceedings*

(the "Order").

These Procedures apply to all of the several hundred Adversary Proceedings that the

Liquidating Trust anticipates filing between the date of this Order and November 10, 2010.  The

procedures will not be applicable to actions filed by the Liquidating Trust after November 10,

2010, unless the Court orders otherwise after application therefore by the Liquidating Trust.

A.     **Case-Secific Summons.**  The summons issued for each Adversary Proceeding

will vary from the Court's standard form and will be an "Answer Only" summons.  The

summons will inform the defendant that it has thirty days from the date of service of the

summons (rather than the date of issuance) to respond to the complaint.  The summons will not

set a pretrial conference date; any pretrial or other scheduling conference will be set only after

the completion of the mediation procedures described below unless otherwise ordered by the

Court.

B.     **Extension of Time by Which Plaintiff must Serve the Summons.**  The time

period under Federal Rule of Civil Procedure 4(m), made applicable to the Adversary

Proceedings pursuant to Bankruptcy Rule 7004, by which the plaintiff must serve the summonses

and complaints in the Adversary Proceedings on defendants in the United States shall be

extended by 30 days, without prejudice to the plaintiff to seek further extensions of time for

cause shown.  The Liquidating Trust should, however, endeavor to serve the summons and

complaints as promptly as practicable after issuance of the summons.

C.     **Stipulation to Extend time for Defendants to Respond to the Complaint.**

Without further order of the Court, the parties may stipulate to one extension of the time by no

more than thirty (30) days within which a defendant must respond to a complaint.  The

stipulation must be in writing to be binding on the plaintiff.  Any further or longer extensions of time will require Court approval.

D.     **Stay of Requirement to Conduct Scheduling Conference.**  Federal Rule of Civil Procedure 26(f), applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) shall be stayed with respect to the Adversary Proceedings.  Upon the filing of the Mediator's Report (as described below) with respect to each Adversary Proceeding that is not resolved through the Mediation Process (as described below) or otherwise, the parties shall conduct a  Rule 26(f) conference and submit a discovery scheduling order (the "Scheduling Order") to the Court prior to the date set for the Pretrial Scheduling Conference (as described below).

E.     **Stay of Discovery.**  The parties' obligations to conduct formal discovery in each Adversary Proceeding Action shall be stayed until the Scheduling Order is entered provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an Adversary Proceeding in advance of, or during, the Mediation Process.

F.     **Mandatory Mediation Process.**  Mediation will be required in all Adversary Proceedings in accordance with the following procedures and timetable:

1.     Within sixty (60) days after the defendant has filed its response to the complaint, the parties must have commenced the mediation process by having (a) selected a mutually agreeable mediator from the list of mediators attached hereto as Exhibit A, (b) agreed in writing to the terms of the mediator, including as to compensation, and (c) scheduled a date for the mediation.  If any defendant does not timely select a mediator, then the plaintiff shall promptly (i) assign a mediator to the case

and (ii) so notify the defendant.  Each mediator selected by this process shall hereafter be referred to as the "Mediator."

2.      At least ten (10) days prior to the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator.  Unless agreed in writing by both parties and the Mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules).  The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

3.      The Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation.

4.      The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations.  The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

5.      The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person; provided, however, that a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

6.      The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has

been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

7.      All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever.  Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

8.      The mediation must be concluded no later than 120 days after the date on which the defendant has filed its response to the complaint.

9.      If a party (a) fails to submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for default judgment or a motion to dismiss the Adversary Proceeding.

10.     Within ten (10) days after the conclusion of the mediation, the Mediator will file a report, drafted with the caption of the Adversary Proceeding, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the applicable Adversary Proceeding settled (the "Mediator's Report").

11.     If an Adversary Proceeding has not settled, then the plaintiff must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Adversary Proceeding at the next scheduled Omnibus Hearing, provided however, that a minimum of fourteen (14) days notice of the Pre-Trial Scheduling Conference is required.

**G.**     **Pretrial Scheduling Conferences/Motion Hearing Dates.**  The Court will schedule regular Omnibus Hearing dates in the bankruptcy case, on which dates any post-mediation Pretrial scheduling conferences in the Adversary Proceedings will take place.  Any pretrial motions filed by the parties in the Adversary Proceedings must be set for hearing on one of the Omnibus hearing dates or unless otherwise ordered by the Court.

**H.**     **Motions affecting all Adversary Proceedings.** Any motions filed by the Liquidating Trust that affect all of the Adversary Proceedings may and should be filed in the bankruptcy case, and not in each separately docketed Adversary Proceeding provided, however, that each defendant shall receive notice of the filing of the same.

**I.**     **Application of Existing Case Management Orders.**  The Court's November 13, 2008 *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures*, and its December 30, 2009 *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 6208] (the "Case Management Order")*, remain in full force and effect.

**J.**     **Notice of these Special Procedures.**  A copy of these Procedures will be served on each defendant with the summons and complaint in each Adversary Proceeding.

Dated:  November __, 2010

TAVENNER & BERAN, P.L.C.

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
       pberan@tb-lawfirm.com

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
       jpomerantz@pszjlaw.com
       acaine@pszjlaw.com

**<u>EXHIBIT A TO AVOIDANCE ACTION ADVERSARY PROCEEDINGS PROCEDURES</u>**

**(Approved List of Mediators)**