Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :   Jointly Administered
              Debtors.      :
                            :   **Obj. Deadline: November 11, 2010**
- - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND BETWEEN THE DEBTORS, ACER AMERICA CORP., ACER SERVICE
CORP. GATEWAY, INC., GATEWAY US RETAIL, INC.,
AND EMACHINES, INC.**

            PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Settlement Procedures Order, the above-captioned debtors
and debtors in possession (collectively, the "Debtors")[2] are
authorized to negotiate and enter into stipulation and
settlement agreements with third parties, subject to the
procedures set forth in the Settlement Procedures Order and
outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a stipulation and settlement
agreement (the "Settlement Agreement") with Acer America
Corp., Acer Service Corp., Gateway, Inc., Gateway US Retail,
Inc. and Emachines, Inc. (collectively, the "Acer Group"),
a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed
to them in the Settlement Agreement (defined below) or the Settlement
Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material
terms of the Settlement Agreement and is being provided for
convenience only and should not be relied upon in any way.  All
parties are strongly encouraged to review the Settlement Agreement
in its entirety.  In the event there is a conflict between the
notice and the Settlement Agreement, the Settlement Agreement shall
control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)    This is a Tier II Settlement.

(ii)   The Settlement Agreement is by and between the Debtors and Acer America Corp., Acer Service Corp., Gateway, Inc., Gateway US Retail, Inc. and Emachines, Inc.

(iii)  The Acer Group and the Debtors were parties to certain agreements under which the Debtors purchased goods from the Acer Group for resale in the Debtors stores and on its website.

(iv)   Acer America Corp. filed proof of claim number 1769 ("Claim No. 1769") on or about December 11, 2008, asserting a general unsecured non-priority claim in the amount of $66,982.66 against Circuit City.  Acer America Corp. filed proof of claim number 6855 ("Claim No. 6855") on or about January 28, 2009, asserting a secured claim in the amount of $989,019.34 against Circuit City. Acer America Corp. filed an administrative expense request ("Claim No. 14279") on or about June 29, 2009, asserting an administrative expense claim in the amount of $65,140.02 and seeking to setoff that amount against $215,563.37 of credits due and owing to Circuit City for marketing Acer America Corp. goods.

(v)    Acer Service Corp. filed proof of claim number 6851 ("Claim No. 6851") on or about January 28, 2009, asserting a secured claim in the amount of $1,158.36 and a general unsecured non-priority claim in the amount

of $7,892.96 against Circuit City.  Acer
Service Corp. filed an administrative
expense request ("Claim No. 14273") on or
about June 29, 2009, asserting an
administrative expense claim in the amount
of $18,916.70 and seeking to setoff that
amount against $1,635.98 of credits due and
owing to Circuit City on account of
returned merchandise, reducing the
remaining asserted claim to $17,280.72.

(vi)  Gateway, Inc. filed proof of claim number
6572 ("Claim No. 6572") on or about January
28, 2009, asserting secured claim in the
amount of $1,378,312.73 and a general
unsecured non-priority claim in the amount
of $721,729.73 against Circuit City.

(vii) Gateway US Retail, Inc. filed proof of
claim number 8164 ("Claim No. 8164") on or
about January 29, 2009, asserting secured
claim in the amount of $1,378,312.73 and a
general unsecured non-priority claim in the
amount of $721,729.73.  Gateway US Retail,
Inc. filed an administrative expense
request ("Claim No. 14281") on or about
June 29, 2009, asserting an administrative
expense claim in the amount of $874.20 and
seeking to setoff that amount against
$9,450.00 of credits due and owing to
Circuit City on account of post-petition
warranty repair work.

(viii)  The Debtors listed EMachines, Inc. as
having a disputed and unliquidated general
unsecured non-priority claim in the amount
of $949,527.31 on schedule F (the "Schedule
F Claim").

(ix)  The Debtors assert the Acer Group is liable
to the Debtors for accounts receivables in

an amount not less than $ 3,733,995 (the "Accounts Receivables").  Based on a preliminary analysis, the Debtors also believe that the Acer Group may have received transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code (the "Alleged Avoidance Actions").

(x)   The Debtors dispute their liability to the Acer Group with respect to Claims Nos. 1769, 6855, 14279, 6851, 14273, 6572, 8164, 14281 and the Schedule F Claim (collectively, the "Acer Group Claims").

(xi)   The Acer Group disputes its liability to the Debtors with respect to the Accounts Receivables.  The Acer Group further contends that it did not receive any potentially avoidable transfers and that any transfers received by the Acer Group, including the Alleged Avoidance Actions, are subject to defenses and are not avoidable under any avoiding power of the Debtors.

(xii) After extensive, good faith negotiations, and in order to avoid the expense, delay and risk of litigation, the Parties have determined to consensually resolve certain disputed matters between the Parties by the Settlement Agreement.

(xiii)  Pursuant to the Settlement Agreement, except as otherwise provided therein: (i) the Acer Group including Acer America Corp., Acer Service Corp., Gateway, Inc., Gateway US Retail, Inc. and Emachines, Inc. and their successors and assigns agree to fully and irrevocably waive and release any and all claims and causes of action that have

been, may have been, or could have been
asserted by the Acer Group including Acer
America Corp., Acer Service Corp., Gateway,
Inc., Gateway US Retail, Inc. and Emachines,
Inc. and their affiliates against the
Debtors and their estates, including but
not limited to the Acer Group Claims; and
(ii) the Debtors, on behalf of themselves
and each on behalf of their respective
estates, successors, and assigns, agree to
fully and irrevocably waive and release any
and all claims and causes of action against
the Acer Group, including but not limited
to the Accounts Receivables claims (the
"Releases").

(xiv) Notwithstanding anything to the contrary in
the Settlement Agreement: (i) the Releases
are not intended as general releases or
waivers and nothing in the Settlement
Agreement shall be construed as such; (ii)
the Acer Group and the Debtors specifically
acknowledge and agree that the Settlement
Agreement is not intended to, and does not,
release or otherwise affect in any way any
actual claims or causes of action now or
hereinafter asserted in, based on, or
relating to the MDL Proceeding; (iii) all
of the Debtors' legal and equitable rights,
claims, causes of action, remedies, and
arguments under Chapter 5 of the Bankruptcy
Code, including but not limited to the
Alleged Avoidance Actions, are expressly
reserved as against the Acer Group
including Acer America Corp., Acer Service
Corp., Gateway, Inc., Gateway US Retail,
Inc. and Emachines, Inc. and their
affiliates; and (iv) all of the Acer
Group's legal and equitable rights,
arguments and defenses under Chapter 5 of
the Bankruptcy Code, including with respect
to the Alleged Avoidance Actions and any
claims under Bankruptcy Code section 502(h),
are expressly reserved.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **November 11, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before November 11, 2010 at 5:00 p.m. (ET)**.

Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline, as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 28, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                  RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :  Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :  1Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---
[1]  Each capitalized term not otherwise defined herein shall have the
     meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

2

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.    To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.    The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.    The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

    16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

    17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18. In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware            (804) 775-1000
19899-0636
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

       **SETTLEMENT AGREEMENT AND STIPULATION BY AND BETWEEN
        THE DEBTORS, ACER AMERICA CORP., ACER SERVICE CORP.
          GATEWAY, INC., GATEWAY US RETAIL, INC.,
                    AND EMACHINES, INC.**

          This settlement agreement and stipulation (the

"Settlement Agreement") is entered into this 27th day of

October, 2010 by and between Circuit City Stores, Inc.

("Circuit City") and its affiliated debtors and debtors-

in-possession[1] (collectively, the "Debtors"), on the one

hand, and Acer America Corp., Acer Service Corp.,

Gateway, Inc., Gateway US Retail, Inc. and Emachines,

Inc. (collectively, the "Acer Group" and together with

the Debtors, the "Parties" and each of which is a

"Party"), on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in the

United States Bankruptcy Court for the Eastern District

of Virginia (the "Court") under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

2

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

WHEREAS, the Debtors are authorized pursuant to the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the

3

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval, dated August 7, 2009

(Docket No. 4401; the "Settlement Procedures Order"),[2] to

enter into this Settlement Agreement, subject to the

Notice Procedures.

**SETTLEMENT BACKGROUND**

WHEREAS, the Acer Group and the Debtors were

parties to certain agreements under which the Debtors

purchased goods from the Acer Group for resale in the

Debtors stores and on its website.

**I.   ACER AMERICA CORP. PROOFS OF CLAIM**

WHEREAS, Acer America Corp. filed proof of

claim number 1769 ("Claim No. 1769") on or about

December 11, 2008, asserting a general unsecured non-

priority claim in the amount of $66,982.66 against

Circuit City.

WHEREAS, Acer America Corp. filed proof of

claim number 6855 ("Claim No. 6855") on or about January

---

[2]   All capitalized terms not defined herein shall have the meaning
ascribed to them in the Settlement Procedures Order.

28, 2009, asserting a secured claim in the amount of

$989,019.34 against Circuit City.

WHEREAS, Acer America Corp. filed an

administrative expense request ("Claim No. 14279") on or

about June 29, 2009, asserting an administrative expense

claim in the amount of $65,140.02 and seeking to setoff

that amount against $215,563.37 of credits due and owing

to Circuit City for marketing Acer America Corp. goods.

## II.   ACER SERVICE CORP. PROOFS OF CLAIM

WHEREAS, Acer Service Corp. filed proof of

claim number 6851 ("Claim No. 6851") on or about January

28, 2009, asserting a secured claim in the amount of

$1,158.36 and a general unsecured non-priority claim in

the amount of $7,892.96 against Circuit City.

WHEREAS, Acer Service Corp. filed an

administrative expense request ("Claim No. 14273") on or

about June 29, 2009, asserting an administrative expense

claim in the amount of $18,916.70 and seeking to setoff

that amount against $1,635.98 of credits due and owing

to Circuit City on account of returned merchandise,

reducing the remaining asserted claim to $17,280.72.

### III.    GATEWAY, INC. PROOFS OF CLAIM

WHEREAS, Gateway, Inc. filed proof of claim number 6572 ("Claim No. 6572") on or about January 28, 2009, asserting secured claim in the amount of $1,378,312.73 and a general unsecured non-priority claim in the amount of $721,729.73 against Circuit City.

### IV.    GATEWAY US RETAIL, INC. PROOFS OF CLAIM

WHEREAS, Gateway US Retail, Inc. filed proof of claim number 8164 ("Claim No. 8164") on or about January 29, 2009, asserting secured claim in the amount of $1,378,312.73 and a general unsecured non-priority claim in the amount of $721,729.73.

WHEREAS, Gateway US Retail, Inc. filed an administrative expense request ("Claim No. 14281") on or about June 29, 2009, asserting an administrative expense claim in the amount of $874.20 and seeking to setoff that amount against $9,450.00 of credits due and owing to Circuit City on account of post-petition warranty repair work.

### V.    EMACHINES, INC. SCHEDULED CLAIM

WHEREAS, the Debtors listed EMachines, Inc. as having a disputed and unliquidated general unsecured

6

non-priority claim in the amount of $949,527.31 on

schedule F (the "Schedule F Claim").

**VI.   DEBTORS' ACCOUNTS RECEIVABLES AND ALLEGED AVOIDANCE ACTIONS**

WHEREAS, the Debtors assert the Acer Group is

liable to the Debtors for accounts receivables in an

amount not less than $ 3,733,995 (the "Accounts

Receivables").

WHEREAS, based on a preliminary analysis, the

Debtors believe that the Acer Group may have received

transfers from the Debtors which may be avoidable under

chapter 5 of the Bankruptcy Code (the "Alleged Avoidance

Actions").

**VII. DISPUTES AMONG PARTIES AND NEGOTIATED SETTLEMENT**

WHEREAS, the Debtors dispute their liability

to the Acer Group with respect to Claims Nos. 1769,

6855, 14279, 6851, 14273, 6572, 8164, 14281 and the

Schedule F Claim (collectively, the "Acer Group

Claims").

WHEREAS, the Acer Group disputes its liability

to the Debtors with respect to the Accounts Receivables.

WHEREAS, the Acer Group contends that it did
not receive any potentially avoidable transfers and that
any transfers received by the Acer Group, including the
Alleged Avoidance Actions, are subject to defenses and
are not avoidable under any avoiding power of the
Debtors.

WHEREAS, the Parties have engaged in
discussions with respect to resolution of the Acer Group
Claims and the Accounts Receivables.

NOW, THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
**STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:**

1.    The Parties represent that they have
engaged in arms' length negotiations to arrive at this
Settlement Agreement.

2.    As a result of these negotiations, except
as otherwise provided herein: (i) the Acer Group
including Acer America Corp., Acer Service Corp.,
Gateway, Inc., Gateway US Retail, Inc. and Emachines,
Inc. and their successors and assigns agree to fully and

8

irrevocably waive and release any and all claims and
causes of action that have been, may have been, or could
have been asserted by the Acer Group including Acer
America Corp., Acer Service Corp., Gateway, Inc.,
Gateway US Retail, Inc. and Emachines, Inc. and their
affiliates against the Debtors and their estates,
including but not limited to the Acer Group Claims; and
(ii) the Debtors, on behalf of themselves and each on
behalf of their respective estates, successors, and
assigns, agree to fully and irrevocably waive and
release any and all claims and causes of action against
the Acer Group, including but not limited to the
Accounts Receivables claims (this paragraph, the
"Releases").

      3.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement: (i) the Releases are not intended
as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such; (ii)
the Acer Group and the Debtors specifically acknowledge
and agree that this Settlement Agreement is not intended
to, and does not, release or otherwise affect in any way

any actual claims or causes of action (or potential
claims or causes of action similar in nature or type to
such actual claims or causes of action) now or
hereinafter asserted in, based on, or relating to the
multi-district litigation captioned *In re: TFT-LCD (Flat
Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.)
and the actions consolidated therein (the "MDL
Proceeding"); (iii) all of the Debtors' legal and
equitable rights, claims, causes of action, remedies,
and arguments under Chapter 5 of the Bankruptcy Code,
including but not limited to the Alleged Avoidance
Actions, are expressly reserved as against the Acer
Group including Acer America Corp., Acer Service Corp.,
Gateway, Inc., Gateway US Retail, Inc. and Emachines,
Inc. and their affiliates; and (iv) all of the Acer
Group's legal and equitable rights, arguments and
defenses under Chapter 5 of the Bankruptcy Code,
including with respect to the Alleged Avoidance Actions
and any claims under Bankruptcy Code section 502(h), are
expressly reserved.

4.    The Acer Group shall execute and deliver
to the Debtors all additional papers and documents,
including but not limited to forms of withdrawal of
proofs of claim, deemed necessary by the Debtors or the
claims agent in these bankruptcy cases in conjunction
with the Acer Group's performance of its obligations
under this Settlement Agreement.

5.    Nothing contained herein shall be deemed
an admission of liability on the part of the Debtors or
the Acer Group with respect to the matters resolved
herein.

6.    Neither this Settlement Agreement, nor
any statement made or action taken in connection with
the negotiation of this Settlement Agreement, shall be
offered or received in evidence or in any way referred
to in any legal action or administrative proceeding
among or between the Parties, other than as may be
necessary (a) to obtain approval of and/or to enforce
any of the terms of this Settlement Agreement or (b) to
seek damages or injunctive relief in connection
therewith.

11

7.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties and their respective successors.

8.    This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia without regard to any choice of law provisions.

9.    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

10.    This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the subject matter thereof and supersedes all prior discussions, negotiations and understandings between the Parties regarding such subject matter.

11.    The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret,

12

administer or enforce the terms and provisions of, this
Settlement Agreement.

12.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

13.   This Settlement Agreement is effective
(the "Effective Date") upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period.

14.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all Parties and an order of the
Court.

                [SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.

**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors-in-Possession*

**ACER AMERICA CORP., ACER SERVICE CORP.,
GATEWAY, INC., GATEWAY US RETAIL, INC.,
AND EMACHINES, INC.**

/s/ Todd D. Ross  _____
Todd D. Ross, Esq.
WOMBLE, CARLYLE, SANDRIDGE & RICE PLLC
1401 Eye Street, NW
Seventh Floor
Washington, D.C. 20005
(202) 857-4496

*Counsel for the Acer Group, including
Acer America Corp., Acer Service Corp.,
Gateway, Inc., Gateway US Retail, Inc.,
and Emachines, Inc.*

631831.03-Wilmington Server 1A - MSW