Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :   Jointly Administered
              Debtors.         :   **Obj. Deadline: November 11, 2010**
- - - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND VONAGE MARKETING LLC**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with Vonage Marketing LLC (f/k/a Vonage Marketing Inc.) ("Vonage" and together with the Debtors, the "Parties" and each of which is a "Party"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   This is a Tier II Settlement.

(ii)  On December 19, 2008, Vonage filed claim number 1056, an administrative claim under section 503(b)(9) of the Bankruptcy Code against the Debtors' bankruptcy estates in the amount of $69,022.58 ("Claim No. 1056").

(iii) On January 29, 2009, Vonage filed proof of claim number 8012, a secured claim subject to an alleged right of setoff against the Debtors' bankruptcy estates ("Claim No. 8012" and together with Claim No. 1056, the "Vonage Claims").  Therein, Vonage claimed that it shipped $555,979.26 worth of Product to the Debtors before the Petition Date.  Claim No. 8012 was reduced to $486,956.68 by virtue of the Second Supplemental Order on Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims) (D.I. 7319).

(iv)  On February 15, 2010, the Debtors sent a letter to Vonage (the "Demand Letter"). Therein, the Debtors alleged that Claim No. 1056 was overstated by $87.84 such that the appropriate amount of Claim No. 1056 is $68,934.74.

(v)   The Debtors also alleged that Claim No. 8012 was overstated by $246,797.08 such that the appropriate amount of Claim No. 8012 is $309,182.18.

(vi)  The Debtors also alleged that they identified $2,142,767.95 in receivables, chargebacks, returns, and other amounts (collectively, the "Alleged Receivables") that are currently due, owing, and payable

by Vonage to Circuit City Stores, Inc.  Of
the Alleged Receivables, $319,525.98 arose
prior to the Petition Date (the "Pre-
Petition Alleged Receivables"), and
$1,823,241.97 arose on or after the
Petition Date (the "Post-Petition Alleged
Receivables").  The Debtors asserted that
pursuant to Bankruptcy Code section 558,
the Debtors were authorized to setoff the
Pre-Petition Alleged Receivables against
the Vonage Claims, first against Claim No.
1056 and then against Claim No. 8012,
whereby after setoff, Claim No. 1056 would
be reduced to $0, Claim No. 8012 would be
reduced to $58,590.94 and reclassified as
a general unsecured claim, and the Pre-
Petition Alleged Receivables would be
reduced to $0.  The Debtors sought
turnover of the Post-Petition Alleged
Receivables in the amount of $1,823,241.97
pursuant to Bankruptcy Code section 542.

(vii) The Debtors also asserted that pursuant
to Bankruptcy Code sections 547 and 550,
Vonage received transfers, made during the
90-day period prior to the Petition Date,
that could be avoided and recovered by the
Debtors (the "Alleged Preferential
Transfers").

(viii) Vonage disputed (i) the degree to which
the Vonage Claims are overstated, and (ii)
the amount of the Alleged Receivables.
Additionally, Vonage asserted that it has
a complete defense to the Alleged
Preferential Transfers.

(ix) The Parties engaged in a comprehensive
reconciliation (the "Reconciliation") of
the Vonage Claims and the Alleged
Receivables.

(x) Rather than proceed with litigation
concerning the Demand Letter, the Vonage
Claims, the Debtors' Alleged Receivables,

and the Debtors' Alleged Preferential Transfers, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety.

(xi) Upon the Effective Date (as defined in the Settlement Agreement), in full satisfaction and settlement of the Alleged Receivables and the Alleged Preferential Transfers, the Parties agree that the Vonage Claims will be reduced to $0.00 and disallowed in their entirety for all purposes in the Debtors' bankruptcy proceedings.  The Parties further agree that Vonage shall pay the Debtors' estates the sum of $675,000 (the "Settlement Payment").

(xii) The Parties agree that Vonage shall wire or cause to be wired the Settlement Payment to the Debtors within ten (10) days of the Effective Date of this Settlement Agreement to the account designated in written instructions provided by the Debtors to Vonage.

### TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **November 11, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi

(gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before November 11, 2010 at 5:00 p.m. (ET).**

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c)
of the Settlement Procedures Order, if no Objection or
Request is filed and served upon counsel for the Debtors
and counsel for the Committee of Unsecured Creditors or
counsel to the Debtors and counsel for the Committee of
Unsecured Creditors do not receive a Request prior to the
expiration of the Objection Deadline (as may be extended by
Requests, if any, the **Debtors shall be authorized to enter
into and consummate the Agreement without further order of
the Court or any other action by the Debtors**.

Dated: October 28, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia               FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware
                                 19899-0636
                                 (302) 651-3000

                                 - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                 - and -

                                 MCGUIREWOODS LLP

                                 /s/ Douglas M. Foley_____
                                 Douglas M. Foley
                                 (VSB No. 34364)
                                 Sarah B. Boehm
                                 (VSB No. 45201)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors in
                                 Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
         _____, 2009

         _____
         UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                         /s/ Douglas M. Foley
                         Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
<u>et al</u>.,                :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND VONAGE MARKETING LLC**

This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and Vonage

Marketing LLC (f/k/a Vonage Marketing Inc.) ("Vonage"

and together with the Debtors, the "Parties" and each of

which is a "Party"), on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

2

WHEREAS, on November 12, 2008, the Office of
the United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors Committee"); and

WHEREAS, to date, no trustee or examiner has
been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court
authorized the Debtors, among other things, to conduct
going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors' remaining stores.  As
of on or about March 8, 2009, the going out of business
sales concluded; and

WHEREAS, on September 29, 2009, the Debtors
and the Creditors Committee filed the First Amended
Joint Plan of Liquidation of Circuit City Stores, Inc.
and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims (the "First Amended Plan").  The

3

associated disclosure statement (the "Disclosure

Statement") was approved on September 24, 2009.

Confirmation of the First Amended Plan was originally

scheduled for November 23, 2009, but has been adjourned

from time to time; and

WHEREAS, on August 9, 2010, the Debtors and

the Creditors Committee filed the Second Amended Joint

Plan of Liquidation of Circuit City Stores, Inc. and Its

Affiliated Debtors and Debtors in Possession and Its

Official Committee of Creditors Holding General

Unsecured Claims (the "Plan"); and

WHEREAS, the Plan was confirmed on September 8,

2010; and

WHEREAS, generally, the Plan provides for the

liquidation of the Debtors under chapter 11 of the

Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the

Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.

Bankr. P. 2002, 9006, and 9019 Authorizing the

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval, dated August 7, 2009

4

(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, the Debtors and Vonage engaged in
business in the ordinary course prior to the Petition
Date wherein the Debtors purchased certain Vonage
products (the "Product") for sale in their retail
stores; and

WHEREAS, on December 19, 2008, Vonage filed
proof of claim number 1056, an administrative claim
under section 503(b)(9) of the Bankruptcy Code against
the Debtors' bankruptcy estates ("Claim No. 1056").
Therein, Vonage claimed that it shipped in the ordinary
course of business $69,022.58 worth of Product to the
Debtors within the twenty day period prior to the
Petition Date; and

WHEREAS, the Debtors objected to Claim No.
1056 in the Debtors' (I) Fifty-First Omnibus Objection
to Certain 503(b)(9) Claims and (II) Motion for a Waiver

---

[2]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures Order.

5

of the Requirement that the First Hearing on any

Response Proceed as a Status Conference (the "Fifty-

First Omnibus Objection") (D.I. 5214).  Therein, the

Debtors sought to temporarily disallow Claim No. 1056

pending the return of certain preferential transfers

allegedly avoidable under Bankruptcy Code section 547

(the "Preferential Transfers").  As the alleged amount

of the Preferential Transfers exceeded the amount of the

Claim No. 1056, the Debtors sought temporary

disallowance of Claim No. 1056 in its entirety; and

WHEREAS, Vonage filed a joinder to the

responses of various other claimants opposing the relief

sought by the Debtors in the Fifty-First Omnibus

Objection (D.I. 5506); and

WHEREAS, on January 6, 2010, the Court entered

its Memorandum Opinion and Order (D.I. 6228) sustaining

the Fifty-First Omnibus Objection and temporarily

disallowing Claim No. 1056 in its entirety; and

WHEREAS, on January 29, 2009, Vonage filed

proof of claim number 8012, a secured claim subject to

an alleged right of setoff against the Debtors'

bankruptcy estates ("Claim No. 8012" and together with

6

Claim No. 1056, the "Vonage Claims").  Therein, Vonage
claimed that it shipped $555,979.26 worth of Product to
the Debtors before the Petition Date; and

WHEREAS, on June 23, 2009, the Debtors
objected to Claim No. 8012 in the Debtors' Twenty-Third
Omnibus Objection to Claims (Modification of Certain
Duplicate 503(b)(9) Claims) (D.I. 3711) (the "Twenty-
Third Omnibus Objection") on the basis that it was
partially duplicative of Claim No. 1056.  Accordingly,
the Debtors sought to reduce Claim No. 8012 by
$69,022.58; and

WHEREAS, on April 29, 2010, the Court entered
its Second Supplemental Order on Debtors' Twenty-Third
Omnibus Objection to Claims (Modification of Certain
Duplicative 503(b)(9) Claims) (the "Second Supplemental
Order") (D.I. 7319), which sustained the Twenty-Third
Omnibus Objection with respect to Claim No. 8012,
reducing it to $486,956.68; and

WHEREAS, on February 15, 2010, the Debtors sent
a letter to Vonage (the "Demand Letter").  Therein, the
Debtors alleged that Claim No. 1056 was overstated by

7

$87.84 on account of pricing discrepancies such that the
appropriate amount of Claim No. 1056 is $68,934.74; and

WHEREAS, in the Demand Letter, the Debtors also
alleged that Claim No. 8012 was overstated by
$246,797.08 on account of quantity shortages, pricing
discrepancies, invoice duplication on Claim No. 1056 as
recognized by the Court in the Second Supplemental Order,
and payments not applied such that the appropriate
amount of Claim No. 8012 is $309,182.18; and

WHEREAS, in the Demand Letter, the Debtors also
alleged that they identified $2,142,767.95 in
receivables, chargebacks, returns, and other amounts
(collectively, the "Alleged Receivables") that are
currently due, owing, and payable by Vonage to Circuit
City Stores, Inc.; and

WHEREAS, in the Demand Letter, the Debtors
further alleged that of the Alleged Receivables,
$319,525.98 arose prior to the Petition Date (the "Pre-
Petition Alleged Receivables"), and that $1,823,241.97
arose on or after the Petition Date (the "Post-Petition
Alleged Receivables"); and

8

WHEREAS, the Debtors asserted that pursuant to
Bankruptcy Code section 558, the Debtors were authorized
to setoff the Pre-Petition Alleged Receivables against
the Vonage Claims, first against Claim No. 1056 and then
against Claim No. 8012, whereby after setoff, Claim No.
1056 would be reduced to $0, Claim No. 8012 would be
reduced to $58,590.94 and reclassified as a general
unsecured claim, and the Pre-Petition Alleged
Receivables would be reduced to $0; and

WHEREAS, the Debtors asserted that pursuant to
Bankruptcy Code section 542, Vonage was required to
turnover to the Debtors' estates the Post-Petition
Alleged Receivables in the amount of $1,823,241.97; and

WHEREAS, the Debtors also asserted that
pursuant to Bankruptcy Code sections 547 and 550, Vonage
received transfers, made during the 90-day period prior
to the Petition Date, that could be avoided and
recovered by the Debtors (the "Alleged Preferential
Transfers"); and

WHEREAS, in response to the Demand Letter,
Vonage disputed (i) the degree to which the Vonage
Claims are overstated, and (ii) the amount of the

9

Alleged Receivables.  Additionally, Vonage asserted that
it has a complete defense to the Alleged Preferential
Transfers; and

WHEREAS, the Parties engaged in a comprehensive
reconciliation (the "Reconciliation") of the Vonage
Claims and the Alleged Receivables; and

WHEREAS, rather than proceed with litigation
concerning the Demand Letter, the Vonage Claims, the
Debtors' Alleged Receivables, and the Debtors' Alleged
Preferential Transfers, the parties engaged in good
faith, arms' length negotiations to resolve the
foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the Effective Date (as defined
herein), in full satisfaction and settlement of the
Alleged Receivables and the Alleged Preferential
Transfers, the Parties agree that the Vonage Claims will
be reduced to $0.00 and disallowed in their entirety for

10

all purposes in the Debtors' bankruptcy proceedings.
The Parties further agree that Vonage shall pay the
Debtors' estates the sum of $675,000 (the "Settlement
Payment").

     2.   To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 1 above.

     3.   The Parties agree that Vonage shall wire
or cause to be wired the Settlement Payment to the
Debtors within ten (10) days of the Effective Date of
this Settlement Agreement to the account designated in
written instructions provided by the Debtors to Vonage.

     4.   The Parties agree (1) to toll and suspend
the running of any and all statutes of limitations and
other deadlines, including but not limited to any
statutes of limitations and other deadlines governed by
11 U.S.C. § 108 and 11 U.S.C. § 546, and statutes or
periods of repose applicable to any and all possible or
potential claims, remedies, or causes of action that may
be asserted by the Debtors or their successors
(including (without limitation) the Liquidating Trustee
(as defined in the Plan)) against Vonage from the date

11

of this Settlement Agreement through and including
November 30, 2010, and (2) the Parties agree that Vonage
waives the benefit of, and agrees not to assert as a
defense or otherwise, to the extent so tolled, any
statute of limitations or other deadline, including
(without limitation) those governed by 11 U.S.C. § 108
and 11 U.S.C. § 546, statutes or periods of repose, or
laches in any action commenced against it by the Debtors
or their successors (including (without limitation) the
Liquidating Trustee) on or before January 31, 2011 (this
paragraph, the "Tolling Agreement"); provided, however,
that nothing in the Tolling Agreement (a) precludes
Vonage from asserting a defense, nor the Debtors' or the
Liquidating Trustee's right to contest such defense,
based on statutes of limitations, statutes or periods of
repose, or laches, but only to the extent such defense(s)
were available to Vonage before October 28, 2010, or (b)
precludes Vonage from asserting any defenses (other than
those tolled by the Tolling Agreement), claims,
counterclaims, or rights of setoff against the Debtors,
the Liquidating Trustee (solely in such capacity), the
Liquidating Trust (as defined in the Plan), or the

12

Debtors' post-confirmation estates nor precludes the
Debtors, the Liquidating Trustee, the Liquidating Trust
or the Debtors' post-confirmation estates from opposing
Vonage's assertion of defenses, claims, counterclaims,
or rights of setoff against the Debtors, the Liquidating
Trustee, the Liquidating Trust or the Debtors' post-
confirmation estates.

     5.   Upon receipt by Circuit City of the
Settlement Payment, Vonage, Vonage Holdings Corp, Vonage
America Inc., Novega Venture Partners, Inc., and Vonage
Network LLC (collectively, the "Vonage Entities"), each
on behalf of itself and its successors and assigns, and
the Debtors, on behalf of themselves, and each on behalf
of their respective estates, successors, and assigns
(including but not limited to any trustee appointed in
any of these chapter 11 cases or any successor or
subsequent bankruptcy cases, any receivers and/or other
custodians appointed in any action or proceeding
involving the Debtors' property and the liquidating
trustee under the Plan), hereby irrevocably and fully
release one another from and against any and all claims
or causes of action (including, but not limited to,

13

causes of action under Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or related to the Alleged Receivables, the Vonage Claims, and the Alleged Preferential Transfers (this paragraph, the "Releases"). Upon the receipt of the Settlement Payment, the Tolling Agreement shall expire and any tolled claims, remedies, or causes of action, if actually filed by the Debtors, the Liquidating Trustee, the Liquidating Trust or the Debtors' post-confirmation estates, shall be dismissed with prejudice.

6.    For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (i) the Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such, (ii) the Vonage Entities shall not file nor be entitled to recover on account of any claims in the Debtors' cases, (iii) other than the Settlement Payment, the Debtors shall not be entitled to recover any further credits, rebates, receivables, setoffs, netting, or discounts from the Vonage Entities, and (iv) the Vonage Entities

14

and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

7.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

8.    Each Party hereto shall execute and deliver any and all additional papers, documents and

15

other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

9.    No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the parties hereto and their respective
successors and assigns.

10.    Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

11.    This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

12.    This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Settlement Agreement and the subject
matter thereof.

16

13.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

14.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

15.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

17

16.   This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period (the "Effective Date").

17.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of the later of the dates set

forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley, Esq. (VSB No. 34364)
Sarah B. Boehm, Esq. (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  October 28, 2010

19

VONAGE

By:

/s/ Gerald Maloney
Gerald Maloney
Senior Vice President Finance
Vonage
23 Main Street
Holmdel, New Jersey 07728

Dated:  October 28, 2010