Gregg M. Galardi, Esq.           Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.          Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :    Jointly Administered
            Debtors.          :    **Obj. Deadline: November 11, 2010**
- - - - - - - - - - - - - - x    **at 5:00 p.m. (ET)**

    **NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND
STIPULATION BY AND AMONG THE DEBTORS AND AUDIOVOX
CORPORATION AND CREDIT SUISSE LOAN FUNDING LLC**

            PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with Audiovox Corporation ("Audiovox") and Credit Suisse Loan Funding LLC ("Credit Suisse" and together with Audiovox and the Debtors, the "Parties" and each of which is a "Party"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

    (i)   This is a Tier II Settlement.

    (ii)  On December 19, 2008, Audiovox filed an administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $2,901,345.35 against Circuit City ("Claim Number 954").

    (iii) Claim No. 954 was transferred to, and is currently held by, Credit Suisse (Docket No. 2867).

    (iv) On January 29, 2009, Audiovox filed a general unsecured claim in the amount of $5,636,579.26 against Circuit City ("Claim No. 7983").

    (v)  Claim No. 7983 was transferred to, and is currently held by, Credit Suisse (Docket No. 2868).

    (vi) On June 23, 2009, the Debtors filed their Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (Docket No. 3704) ("Twentieth Omnibus Objection"), which objected to, among other claims, Claim No. 954.

    (vii) On June 25, 2009, Audiovox filed an administrative claim in the amount of $225,216.88 against the Debtors ("Claim No. 13497" and together with Claim No. 954 and Claim No. 7983, the "Audiovox Claims").

    (viii)  On July 16, 2009, Audiovox filed its response to the Twentieth Omnibus

Objection (Docket No. 4107) (the
"Twentieth Omnibus Objection Response").

(ix) On August 21, 2009, the Debtors filed
their Thirty-Fourth Omnibus Objection to
Claims (Modification of Certain Duplicate
503(b)(9) Claims) (Docket No. 4598) (the
"Thirty-Fourth Omnibus Objection") which
objected to, among other claims, Claim No.
7983.

(x)  On September 15, 2009, Audiovox filed its
response to the Thirty-Fourth Omnibus
Objection (Docket No. 4895) (the "Thirty-
Fourth Omnibus Objection Response").

(xi) On October 13, 2009, the Debtors filed
their Fiftieth Omnibus Objection to
Certain Administrative Expenses and Motion
for (I) Authority to Setoff Against Such
Expenses and (II) a Waiver of the
Requirement that the First Hearing on any
Response Proceed as a Status Conference
(Docket No. 5213) (the "Fiftieth Omnibus
Objection"), which objected to, among
other claims, Claim No. 13497.

(xii) On November 4, 2009, Audiovox filed its
response to the Fiftieth Omnibus Objection
(Docket No. 5476) (the "Fiftieth Omnibus
Objection Response").

(xiii)  On November 12, 2009, the Court found
in favor of the Debtors with regard to the
Fiftieth Omnibus Objection.

(xiv) On December 3, 2009, the Court entered
the Order on the Debtors' Forty-Eighth,
Forty-Ninth, and Fiftieth Omnibus
Objections.

(xv) In reviewing their books and records, the
Debtors identified certain accounts
receivables due and owing from Audiovox to
the Debtors (the "Receivables") and

certain other avoidance actions under
section 547 of the Bankruptcy Code (the
"Preferences").

(xvi) Claim No. 954 shall be allowed as an
allowed administrative priority claim
pursuant to Bankruptcy Code Section
503(b)(9) in the face amount of
$2,958,958.50 and is no longer subject to
amendment or revision, subject
specifically to paragraphs 4 and 5 herein,
which result in Claim No. 954 being
reduced and allowed in the total face
amount of $1,920,540.28.  Claim No. 954
shall be paid in accordance with the Plan.

(xvii)  Claim 7983 shall be allowed as an
allowed general unsecured claim in the
total face amount of $2,724,172.81 and is
no longer subject to amendment or revision.
Claim No. 7983 shall be paid in accordance
with the Plan.

(xviii) Claim No. 13497 shall be allowed as an
Allowed Administrative Claim in the amount
of $225,032.88 and is no longer subject to
amendment or revision, subject
specifically to paragraphs 4 and 5 herein,
which result in Claim No. 13497 being
reduced and allowed in the total amount of
$0.00 (the "Allowed Claim Number 13497").

(xix) On account of the Receivables, Audiovox
shall pay the Debtors the total amount of
$596,979.00 by way of offset against Claim
No. 13497 and Claim No. 954, reducing the
allowed amount of Claim No. 13497 from
$225,032.88 to $0.00, and reducing the
allowed amount of Claim No. 954 from
$2,812,958.50 to $2,441,012.38.

(xx) On account of the Preferences, Audiovox
shall pay the Debtors the total amount of
$520,472.10 by way of offset against Claim
No. 954, further reducing the allowed

amount of Claim No. 954 from $2,441,012.38
to $1,920,540.28.

(xxi) Claim No. 954 shall be deemed an
"allowed" administrative priority claim
pursuant to Bankruptcy Code Section
503(b)(9) in the face amount of
$1,920,540.28 against Circuit City and its
estate in case number 08-35653 (KRH) (the
"Allowed 503(b)(9) Claim") for all
purposes, including with respect to any
confirmed plan.

(xxii)  Claim No. 7983 shall be deemed an
"allowed" general unsecured claim pursuant
to Bankruptcy Code Section 502(b) in the
face amount of $2,724,172.81 against
Circuit City and its estate in case number
08-35653 (KRH) (the "Allowed General
Unsecured Claim" and together with Allowed
503(b)(9) Claim and Allowed Claim Number
13497, the "Allowed Claims") for all
purposes, including with respect to any
confirmed plan.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**November 11, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and Ian S. Fredericks

(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Agreement and you do not want the Debtors to proceed
with the Agreement or you want the Court to consider your
views concerning the Agreement, you or you attorney must
also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before November 11,
2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Agreement, unless otherwise agreed to by the
Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 28, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.             Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.            Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.    The Notice Procedures are fair, reasonable, and appropriate.

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

    (a)    <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

    (b)    <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.    This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
          _____, 2009

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

\25024093.1

Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
        Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

        **SETTLEMENT AGREEMENT AND STIPULATION BY AND**
          **AMONG THE DEBTORS AND AUDIOVOX CORPORATION**
              **AND CREDIT SUISSE LOAN FUNDING LLC**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and Audiovox Corporation

("Audiovox") and Credit Suisse Loan Funding LLC ("Credit

Suisse" and together with Audiovox and the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      Virginia 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan").  The

3

associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009; and

WHEREAS, on August 9, 2010, the Debtors and the Creditors' Committee filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, on September 8, 2010, a hearing on confirmation of the Plan was held, and on September 14, 2010, the Court entered an order confirming the Plan (Docket No. 8555); and

WHEREAS, the Plan provides for the liquidation of the Debtors' remaining assets under chapter 11 of the Bankruptcy Code and distribution of the proceeds thereof to the Debtors' creditors; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009

4

(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Agreement, subject to the Notice
Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, Circuit City Stores, Inc. ("Circuit
City") and Audiovox engaged in business in the ordinary
course prior to the Petition Date; and

WHEREAS, on December 19, 2008, Audiovox filed
an administrative claim pursuant to section 503(b)(9) of
the Bankruptcy Code in the amount of $2,901,345.35
against Circuit City ("Claim Number 954"); and

WHEREAS, Claim No. 954 was transferred to, and
is currently held by, Credit Suisse (Docket No. 2867);
and

WHEREAS, on January 29, 2009, Audiovox filed a
general unsecured claim in the amount of $5,636,579.26
against Circuit City ("Claim No. 7983"); and

WHEREAS, Claim No. 7983 was transferred to,
and is currently held by, Credit Suisse (Docket No.
2868); and

---

[2]  All capitalized terms not otherwise defined herein shall have the
    meaning ascribed to such terms in the Settlement Procedures Order.

5

WHEREAS, on June 23, 2009, the Debtors filed their Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (Docket No. 3704) ("Twentieth Omnibus Objection"), which objected to, among other claims, Claim No. 954; and

WHEREAS, on June 25, 2009, Audiovox filed an administrative claim in the amount of $225,216.88 against the Debtors ("Claim No. 13497" and together with Claim No. 954 and Claim No. 7983, the "Audiovox Claims");[3] and

WHEREAS, on July 16, 2009, Audiovox filed its response to the Twentieth Omnibus Objection (Docket No. 4107) (the "Twentieth Omnibus Objection Response"); and

WHEREAS, on August 21, 2009, the Debtors filed their Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims)

---

[3]  Audiovox, not Credit Suisse, currently holds Claim No. 13497; accordingly, Credit Suisse makes no representations, warranties, stipulations, or agreements with regard to Claim No. 13497.

6

(Docket No. 4598) (the "Thirty-Fourth Omnibus Objection")

which objected to, among other claims, Claim No. 7983;

and

WHEREAS, on September 15, 2009, Audiovox filed

its response to the Thirty-Fourth Omnibus Objection

(Docket No. 4895) (the "Thirty-Fourth Omnibus Objection

Response"); and

WHEREAS, on October 13, 2009, the Debtors

filed their Fiftieth Omnibus Objection to Certain

Administrative Expenses and Motion for (I) Authority to

Setoff Against Such Expenses and (II) a Waiver of the

Requirement that the First Hearing on any Response

Proceed as a Status Conference (Docket No. 5213) (the

"Fiftieth Omnibus Objection"), which objected to, among

other claims, Claim No. 13497; and

WHEREAS, on November 4, 2009, Audiovox filed

its response to the Fiftieth Omnibus Objection (Docket

No. 5476) (the "Fiftieth Omnibus Objection Response");

and

WHEREAS, on November 12, 2009, counsel to

Audiovox appeared before the Court and presented oral

7

argument in support of the Fiftieth Omnibus Objection
Response; and

WHEREAS, on November 12, 2009, the Court found
in favor of the Debtors with regard to the Fiftieth
Omnibus Objection; and

WHEREAS, on December 3, 2009, the Court
entered the Order on the Debtors' Forty-Eighth, Forty-
Ninth, and Fiftieth Omnibus Objections; and

WHEREAS, in reviewing their books and records,
the Debtors identified certain accounts receivables due
and owing from Audiovox to the Debtors (the
"Receivables") and certain other avoidance actions under
section 547 of the Bankruptcy Code (the "Preferences");
and

WHEREAS, rather than proceed with litigation
concerning Claim Nos. 954, 7983, and 13497, the
Receivables and the Preferences, the Parties engaged in
good faith, arms' length negotiations to resolve these
matters in their entirety; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of

8

which is hereby acknowledged, and in full satisfaction
and settlement of the Audiovox Claims, the Receivables,
the Preferences, the Parties hereby STIPULATE AND AGREE
AND IT IS HEREBY ORDERED that:

1.    Claim No. 954 shall be allowed as an
allowed administrative priority claim pursuant to
Bankruptcy Code Section 503(b)(9) in the face amount of
$2,812,958.50 and is no longer subject to amendment or
revision, subject specifically to paragraphs 4 and 5
herein, which result in Claim No. 954 being reduced and
allowed in the total face amount of $1,920,540.28.
Claim No. 954 shall be paid in accordance with the Plan.

2.    Claim 7983 shall be allowed as an allowed
general unsecured claim in the total face amount of
$2,724,172.81 and is no longer subject to amendment or
revision.  Claim No. 7983 shall be paid in accordance
with the Plan.

3.    Claim No. 13497 shall be allowed as an
Allowed Administrative Claim in the amount of
$225,032.88 and is no longer subject to amendment or
revision, subject specifically to paragraphs 4 and 5
herein, which result in Claim No. 13497 being reduced

9

and allowed in the total amount of $0.00 (the "Allowed Claim Number 13497").

4.   On account of the Receivables, Audiovox shall pay the Debtors the total amount of $596,979.00 by way of offset against Claim No. 13497 and Claim No. 954, reducing the allowed amount of Claim No. 13497 from $225,032.88 to $0.00, and reducing the allowed amount of Claim No. 954 from $2,812,958.50 to $2,441,012.38.

5.   On account of the Preferences, Audiovox shall pay the Debtors the total amount of $520,472.10 by way of offset against Claim No. 954, further reducing the allowed amount of Claim No. 954 from $2,441,012.38 to $1,920,540.28.

6.   As a result of Sections 1 through 5 herein, Claim No. 954 shall be deemed an "allowed" administrative priority claim pursuant to Bankruptcy Code Section 503(b)(9) in the face amount of $1,920,540.28 against Circuit City and its estate in case number 08-35653 (KRH) (the "Allowed 503(b)(9) Claim") for all purposes, including with respect to any confirmed plan (including without limitation, the Plan) or in any chapter 7 case of such Debtor, shall be paid

10

in accordance with any confirmed plan (including without limitation, the Plan) or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further enhancement, amendment, objection, offset, reduction, discount, impairment or subordination.

7.   As a result of Sections 1 through 5 herein, Claim No. 7983 shall be deemed an "allowed" general unsecured claim pursuant to Bankruptcy Code Section 502(b) in the face amount of $2,724,172.81 against Circuit City and its estate in case number 08-35653 (KRH) (the "Allowed General Unsecured Claim" and together with Allowed 503(b)(9) Claim and Allowed Claim Number 13497, the "Allowed Claims") for all purposes, including with respect to any confirmed plan (including without limitation, the Plan) or in any chapter 7 case of such Debtor, shall be paid in accordance with any confirmed plan (including without limitation, the Plan) or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further enhancement, amendment, objection, offset, reduction, discount, impairment or subordination.

11

8.    With the exception of the Allowed Claims,
any other claims (as defined in section 101(5) of the
Bankruptcy Code, proofs of claim, administrative expense
requests, or scheduled liabilities filed by Audiovox or
on its behalf shall be deemed disallowed and Audiovox
covenants and agrees not to file any additional proofs
of claim or administrative expense requests in the
Debtors' cases.  Except with respect to the Allowed
Claims and as otherwise provided herein, the Debtors and
Audiovox, on behalf of themselves their estates,
successors and assigns, hereby irrevocably and fully
release one another from and against any and all claims
or causes of action (including, but not limited to,
causes of action under Bankruptcy Code sections 542, 543,
544, 546, 547, 548, 549, 550, 553 and 558) arising from,
in connection with, or related to any transaction
between Audiovox and the Debtors (the "Releases").

9.    Notwithstanding anything to the contrary
in this Agreement, the Parties specifically acknowledge
and agree that this Agreement is not intended to, and
does not, release or otherwise affect in any way any
actual claims, defenses or causes of action (or

12

potential claims, defenses or causes of action similar
in nature or type to such actual claims defenses, or
causes of action) now or hereinafter asserted in, based
on, or relating to the multi-district litigation
captioned In re: TFT-LCD (Flat Panel) Antitrust
Litigation, MDL No. 1827 (N.D. Cal.) and the actions
consolidated therein (the "MDL Proceeding"), provided
that any such claims, defenses or causes of action in
respect of the MDL Proceeding are to be pursued against
Audiovox and not against Credit Suisse and shall not
affect in any way the Allowed Claims or any
distributions payable with respect thereto.

        10.   The Parties agree that this Settlement
Agreement finally resolves the Audiovox Claims, any
objections related thereto, the Receivables and the
Preferences in their entirety.


        11.   Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the

Parties, other than as may be necessary (a) to obtain

approval of and to enforce this Agreement (b) to seek

damages or injunctive relief in connection therewith or

(c) as may be required by applicable law.

        12.   Each Party hereto shall execute and

deliver any and all additional papers, documents and

other assurances, and shall do any and all acts and

things reasonably necessary or appropriate in

conjunction with the performance of their respective

obligations hereunder.

        13.   No provision of this Agreement is

intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

other than the parties hereto and their respective

successors and assigns.

        14.   Except where preempted by applicable

Federal law, this Agreement shall be governed by and

construed in accordance with the internal laws of the

Commonwealth of Virginia without regard to any choice of

law provisions.

        15.   This Agreement may be signed in

counterpart originals and delivered by facsimile or

                        14

email, which, when fully executed, shall constitute a single original.

16.   This Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

17.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

18.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

15

19.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

20.   This Agreement and all of its terms shall be effective upon the later of (i) execution by all Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order.

21.   This Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of October 28, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

17

AUDIVOX CORPORATION

By:


LEVY, STOPOL & CAMELO, LLP

/s/ Larry Stopol
Larry Stopol, Esquire
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 802-7007


- and –

DUANE MORRIS LLP

/s/ Rudolph J. Di Massa, Jr.
Rudolph J. Di Massa, Jr., Esquire
Matthew E. Hoffman, Esquire
30 South 17th Street
Philadelphia, Pennsylvania 19103
(215) 979-1000

Attorney for Audiovox Corporation

CREDIT SUISSE LOAN FUNDING LLC

By:


/s/ Gil Golan
Gil Golan
11 Madison Avenue, 5th Floor
New York, NY 10010
(212 325-2175

By:


/s/ Ian Landow
Ian Landow
11 Madison Avenue, 5th Floor
New York, NY 10010
(212 538-3071