Form 210A (10/06)

# United States Bankruptcy Court

__EASTERN__ District Of __VIRGINIA__

In re __CIRUIT CITY STORES, INC__ ,   Case No. __08-35653 (KRH)__

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| VONWIN CAPITAL MANAGEMENT, LP | CLASSIC TECH DEVELOPMENT LTD. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
ATTENTION: ROGER VON SPIEGEL
261 FIFTH AVENUE, 22ND FLOOR
NEW YORK, NY 10016

Court Claim # (if known): __4559__
Amount of Claim: __$185,445.00__
Date Claim Filed: __JANUARY 20, 2009__

Phone: __212-889-1601__
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: __212-889-1601__
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ____/s/ Roger Von Spiegel____   Date: __OCTOBER 28, 2010__
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Ch-11 CIRCUIT CITY STORES, INC.<br><br>Debtor | Case No. 08-35653<br><br>Chapter 11 |

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Classic Tech Development Ltd. ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Allowed Claim Amount | Claim No. |
|---|---|
| $185,445.00 | 4559 |

have been transferred and assigned to VonWin Capital Management, L.P. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

| | | | |
|---|---|---|---|
| ASSIGNEE: | VonWin Capital Management, L.P. | ASSIGNOR: | Classic Tech Development Ltd. |
| Address: | 261 Fifth Avenue, 22nd Floor<br>New York, NY 10016 | Address: | 11/F 12/F Yue Xiu Indl Bldg<br>87 Hung to Rd Kwun Tung<br>Kowloon Hong Kong<br>CHN |
| | | | For and on behalf of<br>CLASSIC TECH DEVELOPMENT LIMITED |
| Signature: | _Roger Von Spiegel_ | Signature: | _[signed]_ |
| Name: | Roger Von Spiegel | Name: | CHAN CHI KAN |
| Title: | Managing Director | Title: | SENIOR MARKETING MANAGER |
| Date: | | Date: | OCTOBER 5, 2010 |

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
       Debtors.               :    Jointly Administered
- - - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND CLASSIC TECH DEVELOPMENT LTD**

This settlement agreement and stipulation (this "Agreement") is entered into by and among the above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and Classic Tech Development Ltd. ("Classic Tech" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan"). The

3

associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. Confirmation of the First Amended Plan was originally scheduled for November 23, 2009, but has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and the Creditors' Committee filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the Plan was confirmed on September 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009

4

(Docket No. 4401, the "Settlement Procedures Order")[2] to enter into this Agreement, subject to the Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, Circuit City and Classic Tech engaged in business in the ordinary course prior to and after the Petition Date wherein the Debtors purchased certain Classic Tech products (the "Product") for sale in their retail stores; and

WHEREAS, on November 26, 2008, Classic Tech filed proof of claim number 549 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim"). Therein, Classic Tech alleged that it shipped in the ordinary course of business $201,846.58 worth of Product to the Debtors within the twenty (20) days before the Petition Date; and

WHEREAS, the Debtors objected to the 503(b)(9) Claim in the Debtors' Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

5

Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (the "Twentieth Omnibus Objection") (D.I. 3704).

WHEREAS, Classic Tech did not file an opposition to the Twentieth Omnibus Objection; and

WHEREAS, on August 20, 2009, the Court entered its Order on Debtors' Twentieth Omnibus Objection to Claims (Reclassified to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (the "Order") (D.I. 4576) reclassifying the 503(b)(9) Claim to a general unsecured claim; and

WHEREAS, on January 20, 2009, Classic Tech filed proof of claim number 4559, a general unsecured claim against the Debtors' bankruptcy estates (the "General Unsecured Claim"). Therein, Classic Tech claimed that it sold Product to the Debtors in the amount of $267,452.90; and

WHEREAS, the Debtors disputed the amount of the General Unsecured Claim based upon information contained in their books and records; and

WHEREAS, rather than proceed with litigation concerning the 503(b)(9) Claim and the General Unsecured Claim, the parties engaged in good faith, arms' length negotiations to resolve the 503(b)(9) Claim and the General Unsecured Claim; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   The Parties agree that the 503(b)(9) Claim was first reclassified to a general unsecured claim pursuant to the Order and that the amount of the 503(b)(9) Claim was duplicated in the General Unsecured Claim, such that the 503(b)(9) Claim shall be valued at $0 and disallowed in its entirety for all purposes in the Debtors' bankruptcy proceedings.

2.   The Parties agree that the General Unsecured Claim shall be valued at and allowed in the

7

face amount of $185,445.00 as a general unsecured non-priority claim (the "Allowed General Unsecured Claim").

3. The Allowed General Unsecured Claim shall be deemed an "allowed" general unsecured claim against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to the Plan or in any chapter 7 case of such Debtor (as applicable), and shall not be subject to amendment or enhancement or further objection, offset, reduction, discount, impairment or subordination.

4. The Parties agree that this Agreement finally resolves the 503(b)(9) Claim and the General Unsecured Claim in their entireties.

5. Upon the Effective Date, as defined herein, Classic Tech, on behalf of itself, its successors, its assigns, and the Debtors, on behalf of themselves and each on behalf of their respective estates, successors, and assigns (including but not limited to any trustee appointed in any of these chapter 11 cases or any successor or subsequent bankruptcy cases, any receivers and/or other custodians appointed in any action or proceeding involving the Debtors' property and

the liquidating trustee under the Plan), hereby irrevocably and fully release one another from and against any and all claims or causes of action (including, but not limited to, causes of action under Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or related to the 503(b)(9) Claim and the General Unsecured Claim (this paragraph, the "Releases"), but excluding the Allowed General Unsecured Claim.

6. For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (i) the Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such, (ii) the Allowed General Unsecured Claim shall constitute Classic Tech's full and final allowed claim in the Debtors' cases and Classic Tech shall not file nor be entitled to recover on account of any other claims from the Debtors or their estates; and (iii) Classic Tech and the Debtors specifically acknowledge and agree that this Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims, defenses

or causes of action (or potential claims, defenses or causes of action similar in nature or type to such actual claims defenses, or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

7.  Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement (b) to seek damages or injunctive relief in connection therewith or (c) as may be required by applicable law.

8.  Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in

conjunction with the performance of their respective obligations hereunder.

9. No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and assigns.

10. Except where preempted by applicable Federal law, this Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

11. This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

12. This Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

13. The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention

of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

14. Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

15. This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

16. This Agreement and all of its terms shall be effective upon the later of (i) execution by all Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order.

17. This Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Agreement is hereby executed as of September [_], 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ DRAFT
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc., et al., Debtors and Debtors in Possession

CLASSIC TECH DEVELOPMENT LTD.

By:  *For and on behalf of*
     CLASSIC TECH DEVELOPMENT LIMITED

     _____

Simon Chan
Classic Tech Development Ltd.
11/F 12/F Yue Xiu Indl Bldg.
87 Hung To Rd. Kwun Tung
Kowloon Hong Kong
China