Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                  RICHMOND DIVISION
- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :    Jointly Administered
          Debtors.            :    **Obj. Deadline: November 12, 2010**
- - - - - - - - - - - - - - - x    **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Settlement Procedures Order, the above-captioned debtors
and debtors in possession (collectively, the "Debtors")[2] are
authorized to negotiate and enter into stipulation and
settlement agreements with third parties, subject to the
procedures set forth in the Settlement Procedures Order and
outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a stipulation and settlement
agreement (the "Agreement") with Comcast Cable
Communications Management, LLC f/k/a Comcast Cable
Communications, Inc. ("Comcast" and together with the
Debtors, the "Parties" and each of which is a "Party"), a
copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Agreement (defined below) or
the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material
terms of the Agreement and is being provided for convenience only
and should not be relied upon in any way.  All parties are strongly
encouraged to review the Agreement in its entirety.  In the event
there is a conflict between the notice and the Agreement, the
Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   This is a Tier II Settlement.

(ii)  Comcast filed proof of claim number 1474 on December 16, 2008 in the amount of $7,800.00 as a claim allegedly entitled to priority under Bankruptcy Code section 503(b)(9) ("Claim No. 1474").  Claim No. 1474 was later modified by virtue of the Order on Debtors' Twentieth Omnibus Objection to Claims (Reclassified to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases), which reclassified Claim No. 1474 such that $4,050.00 would remain a 503(b)(9) Claim (the "503(b)(9) Component of Claim No. 1474") and $3,750.00 would be reclassified to a general unsecured, non-priority claim (the "General Unsecured Component of Claim No. 1474").

(iii) The Debtors also objected to the 503(b)(9) Component of Claim No. 1474 in the Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (the "Fifty-Second Omnibus Objection") (D.I. 5216).  The 503(b)(9) Component of Claim No. 1474 has been temporarily disallowed to the extent of the amount of the preferential transfers alleged by the Debtors to be avoidable under Bankruptcy Code section 547 (the "Preferential Transfers") by virtue of the Court's Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-Second Omnibus Objection, entered on January 6, 2010.

(iv) Comcast filed proof of claim number 9182
     on January 30, 2009 as a general unsecured
     claim in the amount of $438,072.70 ("Claim
     No. 9182" and, together with Claim No.
     1474, the "Comcast Claims").

(v)  The Debtors objected to Claim No. 9182 in
     the Debtors' Thirty-Fourth Omnibus
     Objection to Claims (Modification of
     Certain Duplicate 503(b)(9) Claims) (the
     "Thirty-Fourth Omnibus Objection") (D.I.
     4598) but later withdrew their objection
     as to Claim No. 9182 as indicated in the
     Court's Order on Debtors' Thirty-Fourth
     Omnibus Objection to Claims (Modification
     of Certain Duplicate 503(b)(9) Claims)
     (D.I. 5385).

(vi) On February 12, 2010, the Debtors sent a
     letter to Comcast(the "Demand Letter").
     Therein, the Debtors asserted that Claim
     No. 9182 was overstated by $417,972.70
     based on the Debtors' books and records
     such that the appropriate amount of the
     claim is $20,100.00.  The Debtors also
     alleged that they had identified
     $3,790,661.82 in receivables, chargebacks,
     returns, Commissions, and other amounts
     (collectively, the "Alleged Receivables")
     that were currently due, owing, and
     payable by Comcast to the Debtors for,
     among other things, Products and the
     marketing of Comcast Services.  The
     Debtors alleged that they were authorized
     to setoff the Alleged Receivables from the
     Comcast Claims.  The Debtors sought
     turnover of the remaining Alleged
     Receivables from Comcast pursuant to
     Bankruptcy Code section 542.  The Debtors
     also asserted that Comcast received
     certain transfers that may be avoidable
     under Bankruptcy Code sections 547 and 550
     (the "Preference Action Claims").

4

(vii) Comcast disputed the Debtors' allegations in the Demand Letter.

(viii) Rather than proceed with litigation concerning the Comcast Claims, the Alleged Receivables, the Demand Letter, the Commissions, and the Preference Action Claims, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety.

(ix) Upon the occurrence of the Effective Date, in full satisfaction and settlement of the Comcast Claims, the Alleged Receivables, and the Preference Action Claims, the Parties agree that (i) the 503(b)(9) Component of Claim No. 1474 will be reduced to $0 and disallowed in its entirety for all purposes in the Debtors' bankruptcy proceedings; (ii) the General Unsecured Component of Claim No. 1474 will be reduced to $0 and disallowed in its entirety for all purposes in the Debtors' bankruptcy proceedings; (iii) Claim No. 9182 will be reduced to $0 and disallowed in its entirety for all purposes in the Debtors' bankruptcy proceedings; and (iv) Comcast shall pay the Debtors' estates the sum of $3,322,081.68 on account of the Alleged Receivables (the "Settlement Payment").

(x) The Settlement Payment shall be made by Comcast to the Debtors' bankruptcy estates within fifteen (15) business days of the Effective Date pursuant to wire instructions provided by the Debtors to Comcast.

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order,

any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **November 12, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before November 12, 2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: October 29, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in
Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR. P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.    This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:    Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS
AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC**

This settlement agreement and stipulation (this

"Settlement Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the "Debtors"),[1] on

_____

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc. (3875),
     Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
     Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
     (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
     (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
     Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky

*(cont'd)*

the one hand, and Comcast Cable Communications Management, LLC

f/k/a Comcast Cable Communications, Inc. ("Comcast" and together

with the Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee"); and

---

*(cont'd from previous page)*

Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN,
LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
For all other Debtors, the address was 9950 Mayland Drive, Richmond,
Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
23060.

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009.  Confirmation of the First Amended Plan was originally scheduled for November 23, 2009, but has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and the Creditors Committee filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of

3

Creditors Holding General Unsecured Claims (the "Plan").  The

Plan was confirmed on September 8, 2010; and

WHEREAS, generally, the Plan provides for the

liquidation of the Debtors' remaining assets and distributions

to creditors through a liquidating trust; and

WHEREAS, the Debtors are authorized under the Court's

Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,

9006, and 9019 Authorizing the Establishment of Procedures to

Settle Certain Pre-Petition and Post-Petition Claims and Causes

of Action Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order")to enter

into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.    The Comcast Claims.**

WHEREAS, (a) Circuit City Stores, Inc. ("Circuit

City") and Comcast engaged in business in the ordinary course

prior to and after the Petition Date wherein the Debtors

purchased certain Comcast products (the "Product") for sale in

their retail stores, (b) Comcast marketed certain services and

products through kiosks operated by Comcast located in certain

of Circuit City's stores, (c) Circuit City was appointed, on a

non-exclusive basis, to promote, sell, and solicit orders for

certain services to be provided by Comcast, including, without

limitation high speed internet service, digital voice service,

4

and cable televisions services (the "Comcast Services"); (d)
upon the satisfaction of certain conditions, Circuit City was
entitled to receive a commission (the "Commissions") for
customers who ordered Comcast Services through Circuit City; and

WHEREAS, on December 16, 2008, Comcast filed proof of
claim number 1474 against the Debtors' bankruptcy estates
pursuant to Bankruptcy Code section 503(b)(9) ("Claim No. 1474").
Therein, Comcast alleged that it shipped in the ordinary course
of business $7,800.00 worth of Product to the Debtors within the
twenty (20) days before the Petition Date; and

WHEREAS, the Debtors objected to Claim No. 1474 in the
Debtors' Twentieth Omnibus Objection to Claims (Reclassification
to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims
for Goods Received by the Debtors Not Within Twenty Days of the
Commencement of the Cases) (the "Twentieth Omnibus Objection")
(D.I. 3704).  Therein, the Debtors alleged that a portion of
Claim No. 1474 was not entitled to administrative priority
status and should be reclassified to a general unsecured, non-
priority claim; and

WHEREAS, Comcast did not file a response opposing the
relief sought by the Debtors in the Twentieth Omnibus Objection;
and

WHEREAS, on August 20, 2009, the Court entered its
Order on Debtors' Twentieth Omnibus Objection to Claims

5

(Reclassified to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) granting the relief sought by the Debtors and reclassifying Claim No. 1474 such that $4,050.00 would remain a 503(b)(9) Claim (the "503(b)(9) Component of Claim No. 1474") and $3,750.00 would be reclassified to a general unsecured, non-priority claim (the "General Unsecured Component of Claim No. 1474"); and

WHEREAS, the Debtors also objected to the 503(b)(9) Component of Claim No. 1474 in the Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (the "Fifty-Second Omnibus Objection") (D.I. 5216). Therein, the Debtors sought to temporarily disallow the 503(b)(9) Component of Claim No. 1474 pending the return of certain preferential transfers allegedly avoidable under Bankruptcy Code section 547 (the "Preferential Transfers"); and

WHEREAS, Comcast did not file a response opposing the relief sought by the Debtors in the Fifty-Second Omnibus Objection; and

WHEREAS, on January 6, 2010, the Court entered its Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-

6

Second Omnibus Objection and temporarily disallowing the
503(b)(9) Component of Claim No. 1474; and

WHEREAS, on January 30, 2009, Comcast filed claim
number 9182, a general unsecured proof of claim against the
Debtors' bankruptcy estates ("Claim No. 9182" and, together with
Claim No. 1474, the "Comcast Claims").  Therein, Comcast claimed
that it shipped in the ordinary course of business $438,072.70
worth of Product to the Debtors before the Petition Date for
which Comcast had not been paid; and

WHEREAS, the Debtors objected to Claim No. 9182 in the
Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification
of Certain Duplicate 503(b)(9) Claims) (the "Thirty-Fourth
Omnibus Objection") (D.I. 4598).  After reviewing their books
and records, the Debtors determined that a portion of Claim No.
9182 was already taken into account, and duplicated, by Claim
No. 1474 filed by Comcast; and

WHEREAS, Comcast filed a response to the Thirty-Fourth
Omnibus Objection denying the Debtors' allegations (D.I. 4889);
and

WHEREAS, the Debtors withdrew their objection as to
Claim No. 9182 as indicated in the Court's Order on Debtors'
Thirty-Fourth Omnibus Objection to Claims (Modification of
Certain Duplicate 503(b)(9) Claims) (D.I. 5385); and

B.    **The Demand Letter.**

WHEREAS, on February 12, 2010, the Debtors sent a
letter to Comcast (the "Demand Letter").   Therein, the Debtors
asserted that Claim No. 9182 was overstated by $417,972.70 based
on the Debtors' books and records such that the appropriate
amount of the claim is $20,100.00; and

WHEREAS, in the Demand Letter, the Debtors asserted
that they had identified $3,790,661.82 in receivables,
chargebacks, returns, Commissions, and other amounts (the
"Alleged Receivables") that were due, owing and payable by
Comcast to Circuit City, for, among other things, Products and
the marketing of Comcast Services.   The Debtors asserted that
they were authorized to setoff the Alleged Receivables from
Comcast's Claims pursuant to the Bankruptcy Court's Memorandum
Opinion (Docket Nos. 5963 & 5964), such that the 503(b)(9)
Component of Claim No. 1474 would be reduced to $0, the General
Unsecured Component of Claim No. 1474 would be reduced to $0,
Claim No. 9182 would be reduced to $0, and the Alleged
Receivables would be reduced to $3,762,761.82; and

WHEREAS, the Debtors sought turnover of the remaining
Alleged Receivables from Comcast pursuant to Bankruptcy Code
section 542; and

WHEREAS, the Debtors also claimed that Comcast was the
recipient of transfers made during the 90-day period prior to

8

the Petition Date that may be avoided and recovered by the

Debtors under section 547 and 550 of the Bankruptcy Code (the

"Preference Action Claims"); and

WHEREAS, Comcast disputed the issues raised in the

Debtors' Demand Letter.  Specifically, Comcast contested the

validity and amount of certain of the Alleged Receivables; and

WHEREAS, rather than proceed with litigation concerning

the Comcast Claims, the Alleged Receivables, the Demand Letter,

the Commissions, and the Preference Action Claims, the parties

engaged in good faith, arms' length negotiations to resolve the

foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance with the

Settlement Procedures Order, for good and valuable consideration

the receipt and sufficiency of which is hereby acknowledged, the

Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the Effective Date (as defined herein), in

full satisfaction and settlement of the Comcast Claims, the

Alleged Receivables, and the Preference Action Claims, the

Parties agree that (i) the 503(b)(9) Component of Claim No. 1474

will be reduced to $0 and disallowed in its entirety for all

purposes in the Debtors' bankruptcy proceedings; (ii) the

General Unsecured Component of Claim No. 1474 will be reduced to

$0 and disallowed in its entirety for all purposes in the

Debtors' bankruptcy proceedings; (iii) Claim No. 9182 will be

reduced to $0 and disallowed in its entirety for all purposes in the Debtors' bankruptcy proceedings; and (iv) Comcast shall pay the Debtors' estates the sum of $3,322,081.68 on account of the Alleged Receivables (the "Settlement Payment").

2.    To the extent required, the automatic stay of 11 U.S.C. § 362 is modified to permit the netting set forth in Paragraph 1 above and to otherwise effectuate and implement the terms of this Agreement.

3.    The Parties agree that Comcast shall wire or cause to be wired the Settlement Payment to the Debtors within fifteen (15) business days of the Effective Date pursuant to wire instructions provided by the Debtors to Comcast.

4.    The Parties agree (1) to toll and suspend the running of any and all statutes of limitations and other deadlines, including but not limited to any statutes of limitations and other deadlines governed by 11 U.S.C. § 108 and 11 U.S.C. § 546, and statutes or periods of repose applicable to any and all possible or potential claims, remedies, or causes of action that may be asserted by the Debtors or their successors (including (without limitation) the Liquidating Trustee (as defined in the Plan)) against Comcast[2] from the date of this

---

[2]  For purposes of this paragraph 4, "Comcast" includes Comcast, its officers, directors, predecessors, successors, parent corporations, subsidiaries, affiliates, and assigns.

Settlement Agreement through and including November 30, 2010,

and (2) the Parties agree that Comcast waives the benefit of,

and agrees not to assert as a defense or otherwise, to the

extent so tolled, any statute of limitations or other deadline,

including (without limitation) those governed by 11 U.S.C. § 108

and 11 U.S.C. § 546, statutes or periods of repose, or laches in

any action commenced against it by the Debtors or their

successors (including (without limitation) the Liquidating

Trustee) on or before November 30, 2010 (this paragraph, the

"Tolling Agreement"); provided, however, that nothing in the

Tolling Agreement (a) precludes Comcast from asserting a defense,

nor the Debtors' or the Liquidating Trustee's right to contest

such defense, based on statutes of limitations, statutes or

periods of repose, or laches, but only to the extent such

defense(s) were available to Comcast before October 29, 2010, or

(b) precludes Comcast from asserting any defenses (other than

those tolled by the Tolling Agreement), claims, counterclaims,

or rights of setoff against the Debtors, the Liquidating Trustee

(solely in such capacity), the Liquidating Trust (as defined in

the Plan), or the Debtors' post-confirmation estates nor

precludes the Debtors, the Liquidating Trustee, the Liquidating

Trust or the Debtors' post-confirmation estates from opposing

Comcast's assertion of defenses, claims, counterclaims, or

11

rights of setoff against the Debtors, the Liquidating Trustee,

the Liquidating Trust or the Debtors' post-confirmation estates.

        5.    Upon receipt by the Debtors (or their successors)

of the Settlement Payment (the "Settlement Finality Date"),

Comcast, on behalf of itself and its officers, directors,

predecessors, successors, parent corporations, subsidiaries,

affiliates, and assigns, and the Debtors, on behalf of

themselves, and each on behalf of their respective estates,

successors, and assigns (including but not limited to any

trustee appointed in any of these chapter 11 cases or any

successor or subsequent bankruptcy cases, any receivers and/or

other custodians appointed in any action or proceeding involving

the Debtors' property, the Liquidating Trustee, the Liquidating

Trust and any other liquidating trustee under the Plan), hereby

irrevocably and fully release one another from and against any

and all claims or causes of action (including, but not limited

to, causes of action under Bankruptcy Code sections 502, 542,

543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in

connection with, or related to the Comcast Claims, the Alleged

Receivables, the Demand Letter, and the Preference Action Claims

(this paragraph, the "Releases"), but excluding the Settlement

Payment.  Upon the occurrence of the Settlement Finality Date,

the Tolling Agreement shall expire and any tolled claims,

remedies, or causes of action, if actually filed by the Debtors,

the Liquidating Trustee, the Liquidating Trust or the Debtors'
post-confirmation estates, shall be dismissed with prejudice.

6.    The Parties agree that this Settlement Agreement
finally resolves the Comcast Claims, the Demand Letter, the
Preference Action Claims, and the Debtors' Alleged Receivables
in their entirety.

7.    For the avoidance of doubt and notwithstanding
anything to the contrary in this Settlement Agreement, (i) the
Releases are not intended as general releases or waivers and
nothing in this Settlement Agreement shall be construed as such,
(ii) Comcast shall not file nor be entitled to recover on
account of any claims in the Debtors' cases, (iii) with the
exception of the Settlement Payment, the Debtors shall not be
entitled to recover any further credits, rebates, receivables,
setoffs, netting, or discounts from Comcast, and (iv) the
Parties specifically acknowledge and agree that this Settlement
Agreement is not intended to, and does not, release or otherwise
affect in any way any actual claims or causes of action (or
potential claims or causes of action similar in nature or type
to such actual claims or causes of action) now or hereinafter
asserted in, based on, or relating to the multi-district
litigation captioned In re: TFT-LCD (Flat Panel) Antitrust
Litigation, MDL No. 1827 (N.D. Cal.) and the actions
consolidated therein (the "MDL Proceeding").

13

8.    Neither this Settlement Agreement, nor any
statement made or action taken in connection with the
negotiation of this Settlement Agreement, shall be offered or
received in evidence or in any way referred to in any legal
action or administrative proceeding among or between the parties
hereto, other than as may be necessary (a) to obtain approval of
or to enforce this Settlement Agreement or (b) to seek damages
or injunctive relief in connection with such approval or
enforcement.

9.    Each Party hereto shall execute and deliver any
and all additional papers, documents and other assurances, and
shall do any and all acts and things reasonably necessary or
appropriate in conjunction with the performance of their
respective obligations hereunder.

10.    No provision of this Settlement Agreement is
intended to confer any rights, benefits, remedies, obligations
or liabilities hereunder upon any person other than the parties
hereto and their respective successors.

11.    Except where preempted by applicable Federal law,
this Settlement Agreement shall be governed by and construed in
accordance with the internal laws of the Commonwealth of
Virginia without regard to any choice of law provisions.

14

12.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

13.   This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

14.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

15.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

16.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

15

17.   This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by all Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order (the "Effective Date").

18.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

19.   Nothing contained herein is intended to, nor shall, constitute any admission of liability by Comcast or the Debtors.

16

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of October 29, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -


MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

17

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC

By:


/s/ Matthew G. Summers
Matthew G. Summers
Ballard Spahr LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 252-4428

Attorney for Comcast Cable Communications Management, LLC