| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
                               :   Jointly Administered
        Debtors.               x
- - - - - - - - - - - - - - -

**CONSENT MOTION OF THE DEBTORS FOR ENTRY OF TOLLING
AGREEMENT AND ORDER BY AND AMONG THE DEBTORS, TOSHIBA
AMERICA CONSUMER PRODUCTS, LLC AND TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.**

With the consent of Toshiba America Consumer

Products, LLC ("TACP"), and Toshiba America Information

Systems, Inc. ("TAIS" and together with TACP, "Toshiba"),

the debtors and debtors in possession in the above-

captioned jointly administered cases (the "Debtors")[1] hereby move (the "Motion"), for entry of the Tolling Agreement and Order by and among the Debtors and Toshiba, attached hereto as <u>Exhibit A</u> (the "Tolling Agreement and Order").  The Tolling Agreement and Order is an agreement between the Debtors and Toshiba that all statutes of limitations and other deadlines, including but not limited to any statutes of limitations and other deadlines governed by 11 U.S.C. § 108 and 11 U.S.C. § 546, and statutes or periods of repose applicable to any and all possible or potential claims, remedies, or causes of action that may be asserted by the Debtors or their successors (including (without limitation) the Liquidating Trustee (as defined in the Plan)) against Toshiba will

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

be tolled and suspended from the date of execution of the Tolling Agreement and Order through and including January 31, 2011.  The Tolling Agreement and Order will allow the Debtors and Toshiba additional time to attempt to resolve the Debtors' Claims and the Toshiba Claims (each as defined in the Tolling Agreement and Order) without proceeding with further litigation at this time. The Debtors respectfully request that the Court enter the Tolling Agreement and Order.

Dated: October 29, 2010  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636 (302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and -

/s/ Douglas M. Foley  
Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

4

**EXHIBIT A**

**(Tolling Agreement and Order)**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**TOLLING AGREEMENT AND ORDER BY AND AMONG THE DEBTORS, TOSHIBA AMERICA CONSUMER PRODUCTS, LLC AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

This tolling agreement and order (the "Tolling Agreement") is entered into by and among the above-captioned debtors and debtors in possession (the "Debtors"),[1] on the one

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.

*(cont'd)*

hand, and Toshiba America Consumer Products, LLC ("TACP"), and Toshiba America Information Systems, Inc. ("TAIS" and together with TACP, "Toshiba" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

---

*(cont'd from previous page)*
(2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

2

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009.  Confirmation of the First Amended Plan was originally scheduled for November 23, 2009, but has been adjourned from time to time; and

WHEREAS, on August 9, 2010, the Debtors and the Creditors Committee filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of

Creditors Holding General Unsecured Claims (the "Plan"). The Plan was confirmed on September 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust.

## BACKGROUND

**A.    The TACP Claims.**

WHEREAS, on December 19, 2008, TACP filed proof of claim number 1331 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) ("Claim No. 1331"). Claim No. 1331 is currently docketed in the amount of $5,293,249.00; and

WHEREAS, on January 30, 2009, TACP filed claim number 9648 against the Debtors' bankruptcy estates ("Claim No. 9648"). Claim No. 9648 is currently docketed as a general unsecured, non-priority claim in the amount of $1,100,432.50; and

WHEREAS, on October 14, 2010, TACP filed proof of claim number 15106 ("Claim No. 15106" and, together with Claim No. 1331 and Claim No. 9648, the "TACP Claims"). Claim No. 15106 is docketed in the amount of $7,268,836.75 and purportedly amends Claim No. 9648. Claim No. 15106 is comprised of two components, (1) a general unsecured, non-priority claim in the amount of $1,975,587.75, and (2) an administrative claim pursuant to section 503(b) of the Bankruptcy Code in the amount

4

of $5,293,249.00; and,

**B.   The TAIS Claims.**

WHEREAS, on December 19, 2008, TAIS filed proof of claim number 1319 against the Debtors' bankruptcy estates ("Claim No. 1319").  Claim No. 1319 is comprised of two components: (1) a 503(b)(9) component currently docketed in the amount of $4,786,331.56; and (2) a general unsecured, non-priority component currently docketed in the amount of $257,427.72; and

WHEREAS, on January 30, 2009, TAIS filed claim number 9391 against the Debtors' bankruptcy estates ("Claim No. 9391" and, together with Claim No. 1319, the "TAIS Claims" and together with the TACP Claims, the "Toshiba Claims").  Claim No. 9391 is currently docketed as a general unsecured, non-priority claim in the amount of $9,357,099.05; and

**C.   The Debtors' Claims.**

WHEREAS, the Debtors are investigating potential claims against Toshiba, including but not limited objections to the Toshiba Claims and claims arising under sections 542, 543, 544, 546, 547, 548, 549, 550, and/or 558 of the Bankruptcy Code and/or applicable non-bankruptcy law (collectively, the "Debtors' Claims"); and

WHEREAS, rather than proceed with litigation concerning the Debtors' Claims and the Toshiba Claims at this time, the

5

Parties are engaged in good faith, arms' length negotiations to attempt to resolve the foregoing in their entirety; and

NOW THEREFORE, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1. The Parties agree (1) to toll and suspend the running of any and all statutes of limitations and other deadlines, including but not limited to any statutes of limitations and other deadlines governed by 11 U.S.C. § 108 and 11 U.S.C. § 546, and statutes or periods of repose applicable to any and all possible or potential claims, remedies, or causes of action that may be asserted by the Debtors or their successors (including (without limitation) the Liquidating Trustee (as defined in the Plan)) against Toshiba from the date of this Tolling Agreement through and including January 31, 2011 (the "Tolling Period"), and (2) the Parties agree that Toshiba waives the benefit of, and agrees not to assert as a defense or otherwise, to the extent so tolled, any statute of limitations or other deadline, including (without limitation) those governed by 11 U.S.C. § 108 and 11 U.S.C. § 546, statutes or periods of repose, or laches in any action commenced against it by the Debtors or their successors (including (without limitation) the Liquidating Trustee) on or before January 31, 2011; _provided_, _however_, that nothing in this Tolling Agreement (a) precludes

6

Toshiba from asserting a defense, nor the Debtors' or the Liquidating Trustee's right to contest such defense, based on statutes of limitations, statutes or periods of repose, or laches, but only to the extent such defense(s) were available to Toshiba before October 29, 2010, or (b) precludes Toshiba from asserting any defenses (other than those tolled by this Tolling Agreement), claims, counterclaims, or rights of setoff against the Debtors, the Liquidating Trustee (solely in such capacity), the Liquidating Trust (as defined in the Plan), or the Debtors' post-confirmation estates nor precludes the Debtors, the Liquidating Trustee, the Liquidating Trust or the Debtors' post-confirmation estates from opposing Toshiba's assertion of defenses, claims, counterclaims, or rights of setoff against the Debtors, the Liquidating Trustee, the Liquidating Trust or the Debtors' post-confirmation estates.

    2.   The Tolling Period may be extended as to any Party to this Tolling Agreement by a signed writing executed by the Party as to which such extension applies.

    3.   Neither this Tolling Agreement, nor any statement made or action taken in connection with the negotiation of this Tolling Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this

Tolling Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

    4.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

    5.   No provision of this Tolling Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and assigns.

    6.   Except where preempted by applicable Federal law, this Tolling Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

    7.   This Tolling Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

    8.   This Tolling Agreement constitutes the entire agreement and understanding of the parties regarding the Tolling Agreement and the subject matter thereof.

    9.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with

respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Tolling Agreement.

10. Each person or entity who executes this Tolling Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Tolling Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Tolling Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Tolling Agreement.

11. This Tolling Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

12. This Tolling Agreement and all of its terms shall be effective upon the execution by all Parties.

13. This Tolling Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Tolling Agreement is hereby executed as of October 29, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -


MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

```
TOSHIBA

By:


/s/ Jeremy Friedberg_____
Jeremy Friedberg
Leitess Leitess Friedberg & Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, MD  21117
(410) 581-7403

Attorneys for Toshiba America Consumer Products, LLC and Toshiba
America Information Systems, Inc.
```

**ORDER**

Upon consideration of the foregoing, it is hereby:

ORDERED, that the Tolling Agreement is hereby approved in its entirety; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Tolling Agreement and Order.

Dated:   Richmond, Virginia
         _____, 2010


_____
UNITED STATES BANKRUPTCY JUDGE

12

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                  /s/ Douglas M. Foley
                                  Douglas M. Foley