Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :   Jointly Administered
              Debtors.         :   **Obj. Deadline: November 12, 2010**
- - - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

        **NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND
      STIPULATION BY AND AMONG THE DEBTORS AND STILLWATER
      DESIGNS AND AUDIO, INC. RESOLVING DEBTORS' FORTY-NINTH
      OMNIBUS OBJECTION TO CLAIM NO. 780 AND OTHER MATTERS**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition

Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Settlement Procedures Order, the above-captioned debtors
and debtors in possession (collectively, the "Debtors")[2] are
authorized to negotiate and enter into stipulation and
settlement agreements with third parties, subject to the
procedures set forth in the Settlement Procedures Order and
outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a stipulation and settlement
agreement (the "Agreement") with Stillwater Designs and
Audio, Inc. ("Stillwater" and together with the Debtors,
the "Parties" and each of which is a "Party"), a copy of
which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Agreement (defined below) or
the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material
terms of the Agreement and is being provided for convenience only
and should not be relied upon in any way.  All parties are strongly
encouraged to review the Agreement in its entirety.  In the event
there is a conflict between the notice and the Agreement, the
Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   This is a Tier II Settlement.

(ii)  On December 10, 2008, Stillwater filed proof of claim number 780 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) ("Claim No. 780").  Therein, Stillwater alleged that it shipped in the ordinary course of business $561,829 worth of Product to the Debtors within the twenty (20) days before the Petition Date.

(iii) On January 2, 2009, Stillwater filed proof of claim number 2158, a general unsecured, nonpriority claim against the Debtors' bankruptcy estates ("Claim No. 2158" and collectively with Claim No. 780, the "Claims")  Therein, Stillwater claimed that it shipped in the ordinary course of business $1,941,857.04 worth of Product to the Debtors before the Petition DateDecember 19, 2008, Audiovox filed an administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $2,901,345.35 against Circuit City ("Claim Number 954").

(iv)  On October 13, 2009, the Debtors filed the Debtors' Forty-Ninth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) A Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (Docket No. 5212) (the "Objection"). The Objection alleged that Circuit City Stores, inc. ("Circuit City") became entitled to certain pre- and post-petition amounts, including receivables, charge-backs,

returns, and other amounts, which amounts
are currently due and owing to Circuit
City by Stillwater but for which Circuit
City had not yet received payment.
Specifically, the Debtors alleged that
Stillwater owed Circuit City pre- and
post-petition amounts totaling $248,481.52
(the "Alleged Receivables").

(v)    On November 4, 2009, Stillwater filed the
Response of Stillwater Designs and Audio
Inc. to Debtors' Forty-Ninth Omnibus
Objection to Certain Administrative
Expenses and 503(b)(9) Claims and Motion
for (I) Authority to Setoff Against Such
Expenses and Claims and (II) a Waiver of
the Requirement that the First Hearing on
Any Response Proceed as a Status
Conference (Docket No. 5493) (the
"Response").

(vi)   Stillwater also asserts that certain of
the Alleged Receivables in the amount of
$117,393.76 (the "Alleged Setoff
Receivables") sought to be setoff against
Claim No. 780 had previously been setoff
by Stillwater when calculating Claim No.
2158.

(vii)  The Debtors assert that pursuant to
Bankruptcy Code sections 547 and 550,
Stillwater received transfers, made during
the 90-day period prior to the Petition
Date, that could be avoided and recovered
by the Debtors (the "Alleged Preferential
Transfers").

(viii)   The Parties agree that Claim No. 2158
shall be valued at and allowed in the face
amount of $1,941,857.04 as a general
unsecured, nonpriority claim.

(ix)   The Parties further agree that (i) Claim
No. 780 shall be valued at $561,829; (ii)
the Debtors' Alleged Receivables shall be

valued at \$131,087.76 (the "Receivables"); and (iii) and the Alleged Setoff Receivables shall be valued at \$117,393.76 (the "Setoff Receivables").

(x)    The Parties further agree that the Setoff Receivables shall be reclassified to a general unsecured, nonpriority claim and allowed in the amount of \$117,393.76 ("Allowed Unsecured Claim No. 780").

(xi)   The Parties further agree that (ii) the Receivables shall be netted against Claim No. 780 such that Claim No. 780 shall be reduced to and allowed as a claim pursuant to Bankruptcy Code section 503(b)(9) in the amount of \$313,347.48 ("Allowed 503(b)(9) Claim No. 780" and collectively with Allowed Claim No. 2158 and Allowed Unsecured Claim No. 780, the "Allowed Claims").

(xii)  The Parties agree that this Settlement Agreement finally resolves Claim No. 780, the Objection (as it applies to Claim No. 780), Claim No. 2158, the Response, the Debtors' Alleged Receivables, the Alleged Setoff Receivables, and the Alleged Preferential Transfers in their entirety.

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **November 12, 2010 at 5:00 p.m. (ET)** (the "Objection

Deadline"). Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE 19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA 23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Agreement and you do not want the Debtors to proceed
with the Agreement or you want the Court to consider your
views concerning the Agreement, you or you attorney must
also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before November 12,
2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the
method described in the foregoing sentence. Objections
will be deemed filed only when actually received at the
address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional

time per Agreement, unless otherwise agreed to by the
Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c)
of the Settlement Procedures Order, if no Objection or
Request is filed and served upon counsel for the Debtors
and counsel for the Committee of Unsecured Creditors or
counsel to the Debtors and counsel for the Committee of
Unsecured Creditors do not receive a Request prior to the
expiration of the Objection Deadline (as may be extended by
Requests, if any, the **Debtors shall be authorized to enter
into and consummate the Agreement without further order of
the Court or any other action by the Debtors**.

Dated: October 29, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia             FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware
                               19899-0636
                               (302) 651-3000

                               - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Chris L. Dickerson, Esq.
                               155 North Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                               - and -

                               MCGUIREWOODS LLP

                               /s/ Douglas M. Foley
                               Douglas M. Foley (VSB No. 34364)
                               Sarah B. Boehm (VSB No. 45201)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and Debtors in
                               Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

--------
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in
interest with notice of each proposed Settlement.   The
Notice Procedures are as follows:

(a)   The Debtors shall give written
notice, by email or facsimile, if available,
or overnight courier if email or facsimile
are not available, of each proposed
Settlement (the "Settlement Notice") to (i)
the United States Trustee, (ii) counsel for
the Committee of Unsecured Creditors, (iii)
any party to the Settlement, and (iv) the
Core Group and 2002 List (collectively, the
"Notice Parties").

(b)   The Settlement Notice (or the
Settlement Agreement) shall specify (i) the
identity of the other party to the
Settlement, (ii) a summary of the dispute
with such other party, including a statement
of the Debtors' reasonable estimate of the
Settlement Claim amount and the basis for
the controversy, (iii) an explanation of why
the Settlement of such Settlement Claim is
favorable to the Debtors, their estates, and
their creditors, and (iv) a copy of the
proposed settlement agreement ("Settlement
Agreement").

(c)   The Notice Parties may object to or
request additional time to evaluate the
proposed Settlement in writing by no later
than 5:00 p.m. (ET) (i) five (5) days for
both Tier I Disputed Claims and Tier I Cause
of Action and Receivable Claims or (ii) ten
(10) days for both Tier II Disputed Claims
and Tier II Cause of Action and Receivable
Claims (each an individual "Notice Period")
and serve such objection or request on
counsel to the Debtors and counsel for the
Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action to consummate the proposed settlement without first obtaining Court approval for that specific Settlement. The Debtors are authorized to schedule the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline (or any subsequent hearing) without filing a separate motion or other pleading.

(f) If the Objection Deadline has passed and no objection has been filed with the Court or request for additional time or information has been received by the Debtors, the Debtors are authorized, but not directed, to file a "Certificate of No Objection" with the Court; <u>provided</u>, <u>further</u>, that each such Certificate shall set forth a statement that no objection was filed or received (or if any objection was filed or received, such objection has been resolved) and no request for additional time or information was received or, if such request was received, the additional period of review has expired.

(g) An objection will be considered properly filed and served only if it is filed with the Court, and actually received by the following parties on or before the Objection Deadline: (i) Clerk of the Bankruptcy Court, United States Bankruptcy Court, 701 East Broad Street – Room 4000, Richmond, VA  23219, (ii) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                      /s/ Kevin R. Huennekens
                      UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:                    Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

\25793681.1

Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND STILLWATER DESIGNS AND AUDIO, INC. RESOLVING
DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIM NO. 780
AND OTHER MATTERS**

            This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and
Stillwater Designs and Audio, Inc. ("Stillwater" and
together with the Debtors, the "Parties" and each of
which is a "Party"), on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors each filed a voluntary petition in
the United States Bankruptcy Court for the Eastern
District of Virginia (the "Court") under chapter 11 of
title 11 of the United States Code (the "Bankruptcy
Code"); and

WHEREAS, the Debtors have continued as debtors
in possession pursuant to sections 1107(a) and 1108 of
the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of
the United States Trustee for the Eastern District of

---

[1]    The Debtors and the last four digits of their respective
taxpayer identification numbers are as follows: Circuit City Stores,
Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360),
and Circuit City Stores PR, LLC (5512).  The address for the Debtors
is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has
been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court
authorized the Debtors, among other things, to conduct
going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of
on or about March 8, 2009, the going out of business
sales concluded; and

WHEREAS, on September 29, 2009, the Debtors
and the Creditors Committee filed the First Amended
Joint Plan of Liquidation of Circuit City Stores, Inc.
and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims (the "First Amended Plan").  The
associated disclosure statement (the "Disclosure
Statement") was approved on September 24, 2009; and

WHEREAS, on August 9, 2010, the Debtors and
the Creditors' Committee filed the Second Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and its
Affiliated Debtors and Debtors In Possession and its
Official Committee of Creditors Holding General
Unsecured Claims (the "Plan").  The Plan was confirmed
on September 8, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order") to
enter into this Settlement Agreement, subject to the
Notice Procedures.

## SETTLEMENT BACKGROUND

**A.   The Claims.**

WHEREAS, the Debtors and Stillwater engaged in

4

business in the ordinary course prior to and after the
Petition Date wherein the Debtors purchased certain
Stillwater's products (the "Product") for sale in their
retail stores; and

WHEREAS, on December 10, 2008, Stillwater
filed proof of claim number 780 against the Debtors'
bankruptcy estates pursuant to Bankruptcy Code section
503(b)(9) ("Claim No. 780").  Therein, Stillwater
alleged that it shipped in the ordinary course of
business $561,829 worth of Product to the Debtors within
the twenty (20) days before the Petition Date; and

WHEREAS, on January 2, 2009, Stillwater filed
proof of claim number 2158, a general unsecured,
nonpriority claim against the Debtors' bankruptcy
estates ("Claim No. 2158" and collectively with Claim No.
780, the "Claims")  Therein, Stillwater claimed that it
shipped in the ordinary course of business $1,941,857.04
worth of Product to the Debtors before the Petition Date.

**B.   The Objection.**

WHEREAS, on October 13, 2009, the Debtors
filed the Debtors' Forty-Ninth Omnibus Objection to
Certain Administrative Expenses and 503(b)(9) Claims and

Motion for (I) Authority to Setoff Against Such Expenses

and Claims and (II) A Waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

Conference (Docket No. 5212) (the "Objection"); and

WHEREAS, as set forth in the Objection,

Circuit City Stores, Inc. ("Circuit City") alleged that

it became entitled to certain pre- and post-petition

amounts, including receivables, charge-backs, returns,

and other amounts, which amounts are currently due and

owing to Circuit City by Stillwater but for which

Circuit City had not yet received payment.  Specifically,

the Debtors alleged that Stillwater owed Circuit City

pre- and post-petition amounts totaling $248,481.52 (the

"Alleged Receivables"); and

WHEREAS, pursuant to the Objection, Circuit

City sought to setoff the Alleged Receivables against

Claim No. 780 such that after setoff of the Alleged

Receivables, Claim No. 780 would be valued at

$313,347.48.

C.    **The Response to the Objection.**

WHEREAS, on November 4, 2009, Stillwater filed

the Response of Stillwater Designs and Audio Inc. to

Debtors' Forty-Ninth Omnibus Objection to Certain

Administrative Expenses and 503(b)(9) Claims and Motion

for (I) Authority to Setoff Against Such Expenses and

Claims and (II) a Waiver of the Requirement that the

First Hearing on Any Response Proceed as a Status

Conference (Docket No. 5493) (the "Response").  Therein,

Stillwater asserted that the Objection does not

accurately represent the amount of Alleged Receivables

and provides no support for the Alleged Receivables.

Additionally, Stillwater asserted that the Bankruptcy

Code does not allow for or provide for setoff of section

503(b)(9) claims and the allowance of setoff would be

inconsistent with the intent of section 503(b)

administrative priorities; and

        WHEREAS, Stillwater also asserts that certain

of the Alleged Receivables in the amount of $117,393.76

(the "Alleged Setoff Receivables") sought to be setoff

against Claim No. 780 had previously been setoff by

Stillwater when calculating Claim No. 2158.

**D.    The Memorandum Opinion.**

        WHEREAS, on December 3, 2009, the Court issued

its Memorandum Opinion (Docket No. 5963) and Order

7

(Docket No. 5964) with respect to the Debtors' Forty-
Eighth, Forty-Ninth and Fiftieth Omnibus Objections to
Claims.  Pursuant to the Court's Order, the Debtors are
authorized to setoff all of their pre- and/or post-
petition Receivables against Administrative Expenses (as
defined in the Objections), including claims arising
under Bankruptcy Code section 503(b)(9), before setting
off against any general unsecured claims; and

WHEREAS, the relief sought by the Debtors in
the Objection was adjourned as to Stillwater.  See
Supplemental Order on Debtors' Forty-Ninth Omnibus
Objection to Certain Administrative Expenses and
503(b)(9) Claims and Motion for (I) Authority to Setoff
Against Such Expenses and Claims and (II) A Waiver of
the Requirement that the First Hearing on any Response
Proceed as a Status Conference (Docket No. 6126).

**E.    The Transfers.**

WHEREAS, the Debtors assert that pursuant to
Bankruptcy Code sections 547 and 550, Stillwater
received transfers, made during the 90-day period prior
to the Petition Date, that could be avoided and

8

recovered by the Debtors (the "Alleged Preferential

Transfers"); and

        WHEREAS, rather than proceed with litigation

concerning the Claims, the Debtors' Objection, the

Response, the Debtors' Alleged Receivables, and the

Alleged Preferential Transfers, the Parties engaged in

good faith, arms' length negotiations to resolve the

Claims, the Debtors' Objection, the Response, the

Debtors' Alleged Receivables, and the Alleged

Preferential Transfers in their entirety; and

        NOW THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of

which is hereby acknowledged, the Parties hereby

STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

        1.   The Parties agree that Claim No. 2158

shall be valued at and allowed in the face amount of

$1,941,857.04 as a general unsecured, nonpriority claim

("Allowed Claim No. 2158").

        2.   Allowed Claim No. 2158 shall be deemed an

"allowed" general unsecured, nonpriority claim against

Circuit City Stores, Inc. and its estate in case number

                              9

08-35653 (KRH) for all purposes, including with respect

to the Plan or in any chapter 7 case of such Debtor (as

applicable), and shall not be subject to amendment or

enhancement or further objection, offset, reduction,

discount, impairment or subordination.

      3.    The Parties further agree that (i) Claim

No. 780 shall be valued at $561,829; (ii) the Debtors'

Alleged Receivables shall be valued at $131,087.76 (the

"Receivables"); and (iii) and the Alleged Setoff

Receivables shall be valued at $117,393.76 (the "Setoff

Receivables").

      4.    The Parties further agree that the Setoff

Receivables shall be reclassified to a general unsecured,

nonpriority claim and allowed in the amount of

$117,393.76 ("Allowed Unsecured Claim No. 780").

      5.    Allowed Unsecured Claim No. 780 shall be

deemed an "allowed" general unsecured, nonpriority claim

against Circuit City Stores, Inc. and its estate in case

number 08-35653 (KRH) for all purposes, including with

respect to the Plan or in any chapter 7 case of such

Debtor (as applicable), and shall not be subject to

10

amendment or enhancement or further objection, offset,
reduction, discount, impairment or subordination.

6.    The Parties further agree that (ii) the
Receivables shall be netted against Claim No. 780 such
that Claim No. 780 shall be reduced to and allowed as a
claim pursuant to Bankruptcy Code section 503(b)(9) in
the amount of $313,347.48 ("Allowed 503(b)(9) Claim No.
780" and collectively with Allowed Claim No. 2158 and
Allowed Unsecured Claim No. 780, the "Allowed Claims").

7.    To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 6 above.

8.    Allowed 503 (b)(9) Claim No. 780 shall be
deemed an "allowed" claim pursuant to Bankruptcy Code
section 503(b)(9) against Circuit City Stores, Inc. and
its estate in case number 08-35653 (KRH) for all
purposes, including with respect to the Plan or in any
chapter 7 case of such Debtor (as applicable), and shall
not be subject to amendment or enhancement or further
objection, offset, reduction, discount, impairment or
subordination.

11

9.   The Parties agree that this Settlement
Agreement finally resolves Claim No. 780, the Objection
(as it applies to Claim No. 780), Claim No. 2158, the
Response, the Debtors' Alleged Receivables, the Alleged
Setoff Receivables, and the Alleged Preferential
Transfers in their entirety.

10.   Upon the Effective Date, as defined
herein, Stillwater, on behalf of itself, its successors,
its assigns, and the Debtors, on behalf of themselves
and each on behalf of their respective estates,
successors, and assigns (including but not limited to
any trustee appointed in any of these chapter 11 cases
or any successor or subsequent bankruptcy cases, any
receivers and/or other custodians appointed in any
action or proceeding involving the Debtors' property and
the liquidating trustee under the Plan), hereby
irrevocably and fully release one another from and
against any and all claims or causes of action
(including, but not limited to, causes of action under
Bankruptcy Code sections 502, 542, 543, 544, 546, 547,
548, 549, 550, 553 and 558) arising from, in connection
with, or related to the Claims, the Alleged Receivables,

and the Alleged Preferential Transfers (this paragraph, the "Releases"), but excluding the Allowed Claims.

11.  For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (i) the Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such, (ii) the Allowed Claims shall constitute Stillwater's sole, full and final allowed claims in the Debtors' cases and Stillwater shall not file nor be entitled to recover on account of any other claims from the Debtors or their estates, and (iv) Stillwater and the Debtors specifically acknowledge and agree that this Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims, defenses or causes of action (or potential claims, defenses or causes of action similar in nature or type to such actual claims defenses, or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

13

12.   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

13.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

14.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and assigns.

14

15.   Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

16.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

17.   This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Agreement and the subject matter thereof.

18.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

19.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is

15

duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

20.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

21.   This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

22.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any chapter 7 trustee or the Liquidating Trustee under the Plan.

16

IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of the later of the dates set forth

below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  October 29, 2010

STILLWATER DESIGNS AND AUDIO, INC.

By:


/s/ Paul S. Bliley, Jr.           _
Paul S. Bliley, Jr.
WILLIAMS MULLEN
A Professional Corporation
Williams Mullen Center, 16th Floor
200 South 10th St.
Richmond, Va. 23218-1320

Counsel for Stillwater Designs and Audio, Inc.

Dated:  October 29, 2010

\11828671.1