IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 8789 |

**OBJECTION OF INLAND AMERICAN RETAIL MANAGEMENT, LLC; INLAND US MANAGEMENT, LLC; INLAND PACIFIC PROPERTY SERVICES, LLC; INLAND SOUTHWEST MANAGEMENT, LLC; INLAND CONTINENTAL PROPERTY MANAGEMENT CORP. AND INLAND COMMERCIAL PROPERTY MANAGEMENT, INC. TO MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR <u>AVOIDANCE ACTION ADVERSARY PROCEEDINGS</u>**

Inland American Retail Management, LLC; Inland US Management, LLC; Inland Pacific Property Services, LLC; Inland Southwest Management, LLC; Inland Continental Property Management Corp. and Inland Commercial Property Management, Inc. (collectively, "Inland Managing Entities") by and through their undersigned counsel, hereby object ("Objection") to the *Motion for an Order Establishing Procedures for Avoidance Action Adversary Proceedings* (D.I. 8789) ("Motion") filed in the above-captioned debtors ("Debtors") bankruptcy cases. In support thereof, the Inland Managing Entities respectfully state as follows:

<u>**BACKGROUND**</u>

1.    On November 10, 2008 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

---

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Karen C. Bifferato, Esquire |
| Michael D. Mueller, Esquire (VSB 38216) | Kelly M. Conlan, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| CHRISTIAN & BARTON, LLP | The Nemours Building |
| 909 East Main Street, Suite 1200 | 1007 North Orange Street |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for the Inland Managing Entities | Counsel for the Inland Managing Entities |

2. The Inland Managing Entities are the managing agents for numerous landlords who were parties to leases of non-residential real property ("Leases") with the Debtors. Following the Petition Date, the Debtors rejected all of the Leases.

3. Pursuant to the Joint Plan,[1] the Official Committee of Unsecured Creditors ("Committee"), in conjunction with the Debtors and the Liquidating Trustee, is responsible for commencing and prosecuting the Adversary Proceedings.

4. Accordingly, on October 21, 2010, the Committee filed the Motion. Through the Motion, the Committee seeks to establish "certain procedures ("Adversary Procedures") to govern the course of several hundred avoidance actions that the Liquidating Trust *anticipates* filing." *Motion*, p. 1 (emphasis added).

5. Among other things, the Adversary Procedures require that formal discovery be stayed, and that mandatory Mediations occur in all Adversary Proceedings. The procedures also provide that "[t]he Mediator's fees shall be split equally by the parties ("Mediator Fee Procedure")." *Motion*, p. 6.

## OBJECTIONS OF THE INLAND MANAGING ENTITIES TO THE MOTION

6. The Inland Managing Entities generally object to the proposed Adversary Procedures because it is premature and unfair at this point to impose procedures on defendants before the defendants have even been identified. After the avoidance actions are filed, it is perfectly appropriate for the plaintiff/the Committee to propose scheduling and other procedures that would help the avoidance actions advance more smoothly. However, to propose and impose the Adversary Procedures now, before the defendants have been identified and sued, is premature and unfair. The defendants should be given a chance to review and object to the Adversary Procedures since they will impact discovery and mediation related issues. If a

---

[1] All terms not defined herein shall have the meanings ascribed to such terms in the Motion.

2

creditor chooses not to object to the Adversary Procedures now, in the hopes the creditor will not get sued, if the Adversary Procedures are approved now, it can almost be guaranteed that the Committee will use the approval of the Adversary Procedures as a hammer and not permit defendants to alter their contents later.

7. The Committee has not commenced a single Adversary Proceeding against any of the Inland Managing Entities, and the Inland Managing Entities have yet to receive so much as a single pre-litigation demand letter. Moreover, the Inland Managing Entities believe that any preference-based Adversary Proceedings eventually commenced against them will be meritless because, as landlords, any payments received from the Debtors prior to the Petition Date were made in the ordinary course of business relating to monthly rental obligations due and owing under the Leases. The Inland Managing Entities also believe that they would have additional applicable defenses to any adversary actions commenced against them.

8. Nevertheless, by requesting approval of the Adversary Procedures now, the Inland Managing Entities are forced to expend time and resources reviewing and objecting to them, because if they do not, they likely will not be able to complain about the Adversary Procedures later, when and if they apply to the Inland Managing Entities. This alone shows how approving the Adversary Procedures now is premature. The actual defendants who will be subject to the Adversary Procedures should have time to review and object to them after the applicable lawsuits are filed.

9. The Committee's deadline to commence the Adversary Proceedings is November 10, 2010 ("Adversary Commencement Deadline"). At a minimum, the Inland Managing Entities submit that it would be more fair for the Court to delay ruling on the Motion until after the avoidance actions have been filed and served. Such a delay would be consistent with the general

3

practice of addressing matters such as scheduling and mediation *after* adversary proceedings have been commenced and the parties have had an opportunity to make appearances.

10. Next, and more specifically, the proposed Mediator Fee Procedure is inequitable. The Adversary Procedures require Mediation in all Adversary Proceedings. Thus, if any Adversary Proceedings are commenced against the Inland Managing Entities, they will, at the very least, be required to expend valuable resources preparing mediation statements and attending the Mediations. To further require the Inland Managing Entities to bear half the mediator's fees and costs in a Mediation commenced by the Committee is inherently unfair, especially when the Inland Managing Entities believe that they have valid defenses to any and all counts, and that the lawsuit(s) should not have been commenced in the first instance.

11. Moreover, other jurisdictions that require mandatory mediation for adversary proceedings require the bankruptcy estate, or the plaintiff in the adversary proceeding, to pay the costs and expenses of the mediator. *See* United States Bankruptcy Court for the District of Delaware's General Order re: Procedures in Adversary Proceedings, a true and correct copy of which is attached hereto as Exhibit A. The Inland Managing Entities submit that requiring the plaintiff to pay all fees/costs associated with a mediator when mediation is mandatory is the more fair and equitable manner in which to proceed. This requirement also appropriately discourages plaintiffs from bringing baseless claims against defendants, and then forcing those defendants to incur mediation related costs, including the mediator's fee. Mediator's fees and costs can be expensive, depending on the mediator's hourly rate and how much time the mediator spends preparing for any given matter.

12. If the Court is still inclined to approve the Adversary Procedures and the Mediator Fee Procedure, the Inland Managing Entities respectfully request that the Court require the

4

Debtors' estate to reimburse the fees and expenses incurred by the Inland Managing Entities if the Inland Managing Entities are the prevailing party in any subsequently commenced Adversary Proceeding.

WHEREFORE, the Inland Managing Entities respectfully request that the Court enter an order consistent with the relief requested herein, and grant the Inland Managing Entities such other and further relief as the Court deems just and proper.

Dated: November 1, 2010                **CHRISTIAN & BARTON, LLP**


By:    /s/ Jennifer M. McLemore
       Augustus C. Epps, Jr., Esquire (VSB 13254)
       Michael D. Mueller, Esquire (VSB 38216)
       Jennifer M. McLemore, Esquire (VSB 47164)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

       -and-

       Karen C. Bifferato, Esquire (DSB No. 3279)
       Kelly M. Conlan, Esquire (DSB No. 4786)
       CONNOLLY BOVE LODGE & HUTZ LLP
       The Nemours Building
       1007 N. Orange Street
       P.O. Box 2207
       Wilmington, Delaware 19899
       Telephone: (302) 658-9141

       *Attorneys for Inland Managing Entities*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2010, a true and correct copy of the foregoing Objection was served by electronic mail to all parties receiving service through the Court's ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1096780