# EXHIBIT A

U. S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

GENERAL ORDER
RE: PROCEDURES IN ADVERSARY PROCEEDINGS

The court currently has pending over 15,000 adversary proceedings and expects another 10,000 adversary proceedings to be filed this year. The purpose of this general order is to modify certain adversary proceeding procedures in order to reduce the delay in disposition of adversary proceedings. Now therefore,

IT IS ORDERED that the following provisions shall apply to all adversary proceedings filed on or after May 1, 2004 that include a claim for relief to avoid a preferential transfer (11 U.S.C. § 547 and, if applicable, § 550) and such other adversary proceedings as the court may designate by order.

1. Responsive Pleading. Any extension of time to file a responsive pleading is not effective unless approved by order of the court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the court no later than ten (10) days before the initial pretrial conference in the adversary proceeding.]

2. Disclosures and Discovery Planning.

(a) The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall occur no later than thirty (30) days after the first answer is filed, or sixty (60) days after the adversary proceeding is commenced, whichever is earlier. Without limiting the responsibility of all attorneys of record and all unrepresented parties to arrange and complete the conference, it shall be the responsibility of counsel for plaintiff to propose a date, time and place for the conference within fourteen (14) days after being advised of the identity of counsel for the defendant(s) or that the defendant(s) is unrepresented. The discovery planning conference may be telephonic.

(b) Parties shall provide the initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than fourteen (14) days after the initial discovery planning conference. Any extension of the deadline to provide initial disclosures must be by order of the court, and will only be granted for cause.

3. Mediation.

(a) No later than ninety (90) days after an answer or other responsive pleading is filed the parties shall file a Stipulation Regarding Appointment of Mediator unless prior to that date the parties have submitted a motion for order of dismissal or a stipulated judgment. If the parties fail to file a Stipulation Regarding Appointment of Mediator no later than ten (10) days after the deadline, the court will enter an order, without further notice or

1

hearing, selecting and appointing a mediator for the adversary proceeding. The mediator shall be selected from the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 for the United States Bankruptcy Court, District of Delaware.

(b) The bankruptcy estate, or if there is no bankruptcy estate the plaintiff in the adversary proceeding, shall pay the fees and costs of the mediator.

(c) The mediation shall be conducted, and be subject to, the provisions of Local Rule 9019-3 for the United States Bankruptcy Court, District of Delaware

4. <u>Post-Mediation Procedures and Trial Date.</u>

(a) Within sixty (60) days after entry of the Order Assigning Adversary to Mediation the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

(b) Adversary proceedings will be set for trial ninety (90) days after entry of the Order Assigning Adversary Proceeding to Mediation, or as soon thereafter as the court's calendar permits.

Dated: April 7, 2004  /s/ Mary F. Walrath
(rev. July 14, 2004)  Chief Judge

2