UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

RESPONSE OF KIMCO REALTY CORPORATION; WESTGATE VILLAGE, LLC; PRADO, LLC; ARGYLE FOREST RETAIL I, LLC; MORSE-SEMBLER VILLAGES PARTNERSHIP #4; CROSSROADS ASSOCIATES, LTD.; SWANBLOSSOM INVESTMENT, LP; N.P. HUNTSVILLE LIMITED LIABILITY COMPANY; TANGLEWOOD PARK, LLC; ROTH TANGLEWOOD, LLC AND LUCKOFF LAND COMPANY, LC TO MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR AVOIDANCE ACTION ADVERSARY PROCEEDINGS

Come now Kimco Realty Corporation; Westgate Village, LLC; Prado, LLC; Argyle Forest Retail I, LLC; Morse-Sembler Villages Partnership #4; Crossroads Associates, Ltd.; Swanblossom Investment, LP; N.P. Huntsville Limited Liability Company; Tanglewood Park, LLC; Roth Tanglewood, LLC and Luckoff Land Company, LC (collectively, "Respondents"), who are creditors and parties in interest in these Chapter 11 bankruptcies, and respond to the Motion For An Order Establishing Procedures For Avoidance Action Adversary Proceedings (the "Motion"). Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion. Although at this time Respondents are not aware whether they will be named as defendants in an avoidance adversary proceeding, because the Committee is seeking approval of

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4104
(804) 697-6104 (facsimile)

Counsel to Respondents

the procedures before the actual defendants are identified, Respondents must state their objections now. As their response to the Motion, Respondents state as follows:

1. The stay of all discovery in each Adversary Proceeding Action until after the Mediator's Report is entered requires that defendants engage in mediation without the benefit of knowledge from the plaintiff's files that would assist defendants and the Mediator in comprehending and reacting constructively to plaintiff's assertions of fact. Although the Mediator and each party may have access to the other party's documents pursuant to subparagraph (f)(2) of the proposed procedures, there is no requirement in the proposed procedures that plaintiff provide defendants with such materials prior to the mediation. The proposed schedule should be revised to cure this significant deficiency.

2. The following aspects of the mandatory mediation procedures are objectionable and inappropriate and should be amended as indicated below before any court approval thereof.

    a. Based on experience in other chapter 11 and chapter 7 cases in which a large number of preference complaints were filed at once, Respondents assert that to commence the mediation process within 60 days following the filing of a response to a complaint in an adversary proceeding will cause the mediation process to be substantially underway before the Committee has processed and reviewed the answers to the complaints and may well diminish significantly the utility of the mediation process. Thus, Respondents suggest a minimum of 90 days following the filing of a response for commencement of the mediation process.

    b. Although subparagraph (f)(2) of the proposed procedures provides that a Mediator may require the parties to provide the Mediator with "any relevant papers and exhibits, and a settlement proposal," there is no requirement that relevant documents be provided the other party in advance of the mediation. Without such a requirement the parties will be ill-equipped to

2

discuss the principal assertions of the opposition. Accordingly, the proposed procedures should not be approved unless and until they are amended to provide that the parties are to share relevant documents in advance of any mediation.

    c. The requirement in subparagraph (f)(3) of the proposed procedures that "[t]he Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation" is inappropriate in the context of avoidance actions and is oppressive to defendants. This Court should note that it will be the Committee that will initiate claims against the defendants, and, if the past is any guide, substantially all parties having received any payments from any debtor within ninety days of the Petition Date will find themselves defendants in a preference avoidance adversary proceeding. The requirement that each defendant not only submit to mediation but pay half the cost constitutes undue economic coercion of defendants to pay "something" just to escape the high cost of defense, and this at a time when the plaintiff may know substantially nothing about its claim against the defendant (In this regard, see paragraph 7 and 8 of the Motion, in which the Committee notes the press of time to meet the two-year anniversary of the Filing Date). The United States Bankruptcy Court for the District of Delaware has recognized this problem and addressed it in its General Order RE: Procedures in Adversary Proceedings (the "Delaware General Order") entered April 7, 2004 by Chief Judge Mary F. Walrath (A copy of the Delaware General Order is attached as Exhibit A hereto). Paragraph 3(b) of the Delaware General Order states that "[t]he bankruptcy estate, or if there is no bankruptcy estate the plaintiff in the adversary proceeding, shall pay the fees and costs of the mediator." Respondents submit that the Delaware court's approach properly allocates the costs of the mediation, dissuading estates and committees from filing hundreds of adversary proceedings without prior significant

evaluation of their merits. The procedure proposed by the Motion in these cases unfairly transfers half of the economic burden of mass filings to defendants. Accordingly, the proposed procedures should not be approved unless and until they are amended to provide that the costs of mediation be paid by the Committee.

    d.  The proposed procedures are unfair and objectionable because there is no minimum amount in controversy required for the mediation process to be employed. Circuit City was a national retailing business and did business with parties in all parts of the country and in other countries as well. To require a defendant from thousands of miles away to participate in a mediation procedure in Virginia[1] with respect to a preference avoidance claim of $10,000, $20,000 or even $40,000 is unduly burdensome and, as is true with regard to cost-sharing (see above), an unfair economic coercion of defendants to pay to settle claims with respect to which defendants either have no liability or have highly meritorious defenses, solely to avoid the elevated costs of seeking legal vindication. These costs are exacerbated by the requirement set forth in subparagraph (f)(5) of the proposed procedures that mediation sessions be attended by counsel and a representative of each party having full settlement authority. Therefore the proposed procedures should not be approved unless and until they are amended to provide that there be some appropriate minimum amount in controversy below which there not be mandatory mediation.

    e.  Subparagraph (f)(1) of the proposed procedures should be amended, first, to eliminate the reference to compensation of the Mediator and, second, to have the second sentence read as follows: "If, for any reason, the plaintiff and defendant do not agree upon the choice of a mediator within such 60-day period, then the Court shall promptly (i) assign a mediator to the case and (ii) so notify the plaintiff and defendant.

---

[1] It is presently unclear whether all mediations will be held in Richmond, Virginia.

3.       Respondents join in and adopt all other responses and objections to the Motion not inconsistent with the foregoing.

WHEREFORE, Respondents pray that this Court not enter an order approving the procedures set forth in the Motion unless and until the objectionable portions thereof set forth above are eliminated or corrected.

>                                  KIMCO REALTY CORPORATION; WESTGATE VILLAGE, LLC; PRADO, LLC; ARGYLE FOREST RETAIL I, LLC; MORSE-SEMBLER VILLAGES PARTNERSHIP #4; CROSSROADS ASSOCIATES, LTD.; SWANBLOSSOM INVESTMENT, LP; N.P. HUNTSVILLE LIMITED LIABILITY COMPANY; TANGLEWOOD PARK, LLC; ROTH TANGLEWOOD, LLC AND LUCKOFF LAND COMPANY, LC


By: /s/ Augustus C. Epps, Jr.
         Augustus C. Epps, Jr., counsel


Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4104
(804) 697-6104 (facsimile)

Counsel to Respondents

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2010 a true copy of the foregoing Response of Kimco Realty Corporation; Westgate Village, LLC; Prado, LLC; Argyle Forest Retail I, LLC; Morse-Sembler Villages Partnership #4; Crossroads Associates, Ltd.; Swanblossom Investment, LP; N.P. Huntsville Limited Liability Company; Tanglewood Park, LLC; Roth Tanglewood, LLC and Luckoff Land Company, LC to Motion For An Order Establishing Procedures For Avoidance Action Adversary Proceedings was served by electronic mail to all parties receiving service through the Court's ECF system.

/s/ Augustus C. Epps, Jr.

1096347v1