William H. Schwarzschild, III (VSB No. 15274)    Judy B. Calton (MI Bar #P38733)
Paul S. Bliley, Jr. (VSB No. 13973)    Joseph R. Sgroi (MI Bar #P68666)
**WILLIAMS MULLEN**    **HONIGMAN MILLER SCHWARTZ AND COHN LLP**
Two James Center, 17th Floor    2290 First National Building
1021 East Cary Street    Detroit, Michigan 48226
Post Office Box 1320    Tel: (313) 465-7344
Richmond, Virginia 23218-1320    Fax: (313) 465-7345
Tel: 804.783.6489    jcalton@honigman.com
Fax: 804.783.6507    jsgroi@honigman.com
tschwarz@williamsmullen.com
pbliley@williamsmullen.com

*Counsel for DIRECTV, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 08-35653-KRH |
| | ) Jointly Administered |
| | ) |

## LIMITED OBJECTION OF DIRECTV, INC. TO
## MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR
## AVOIDANCE ACTION ADVERSARY PROCEEDINGS

DIRECTV, Inc. ("DIRECTV"), by its counsel, Williams Mullen and Honigman Miller Schwartz and Cohn LLP, for its Limited Objection (this "Limited Objection") to the Official Committee of Unsecured Creditors' (the "Committee") Motion for an Order Establishing Procedures for Avoidance Action Adversary Proceedings [Docket No. 8789] (the "Motion"), states:

DIRECTV does not object to establishment of procedures requiring mediation and staying discovery generally, as proposed in the Motion; however, DIRECTV believes that in appropriate circumstances, parties should be given relief from the proposed mediation procedures and should be given the opportunity to conduct discovery in advance of mediation, if warranted.

**Relief from Mediation Procedures**

It is unclear from the proposed avoidance action procedures whether mandatory mediation commencing within 60 days from the date the defendant has filed its response to the complaint is intended to effectively be a stay of litigation and motion practice with respect to avoidance actions; however, in any case, DIRECTV submits that it is not appropriate to compel a defendant who has filed a response to a complaint other than an answer, such as a motion to dismiss for lack of jurisdiction, to engage in the proposed mediation process. Any order authorizing the proposed avoidance action adversary proceeding procedures should provide for relief from the mediation procedures to the extent that the defendant pursues any pre-answer litigation or motions.

**Relief from Stay of Discovery**

Under certain circumstances, it may be necessary and appropriate for an avoidance action defendant to seek discovery in advance of any mediation proceedings. For example, in a situation where the defendant believes it did not receive the alleged avoidable transfers, compelling the defendant to proceed with mediation without first obtaining needed discovery would be both inefficient and unnecessarily costly to the defendant. Any order authorizing the proposed avoidance action adversary proceeding procedures should provide for the defendants' ability to obtain discovery in advance of mediation where appropriate.

DIRECTV submits that defendants in the avoidance actions should have the ability to seek relief from the mandatory stay of discovery within some reasonable time after such defendant files a responsive pleading, such as 30 days, by sending written request to the plaintiff requesting concurrence in such relief, and stating the purpose and grounds for such relief. If the plaintiff does not concur in the request within some short period of time, such as 10 days, the

defendant should be afforded the opportunity to file a motion seeking such relief under Federal Rule of Bankruptcy Procedure 9014, with the deadline for any response to such motion and the hearing on such motion being expedited.  Further, the filing of any such motion should stay mediation of the matter until such time as the Court determines an appropriate schedule for mediation.

An example of an avoidance action procedures order where the concerns expressed in this Limited Objection have been satisfactorily addressed is the Amended Order Regarding Mediation entered on November 11, 2007 in *Collins & Aikman Corporation, et al.*, United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55927,[1] which is attached as Exhibit A, specifically at paragraph 23.

---

[1] Over 1,000 avoidance actions were ultimately commenced in *Collins & Aikman Corporation* and the protections afforded under paragraph 23 of the order attached as Exhibit A proved very efficient and workable.

        Respectfully submitted,

        DIRECTV, INC.


        By: */s/ William H. Schwarzschild, III*
            Counsel

William H. Schwarzschild, III  (VSB No. 15274)
WILLIAMS MULLEN
Williams Mullen Center
200 South 10th Street
Richmond, VA  23219
Tel: 804.420.6489
Fax: 804.420.6507
Email: tschwarz@williamsmullen.com

 and

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (MI Bar #P38733)
Joseph R. Sgroi (MI Bar #P68666)
2290 First National Building
Detroit, MI 48226
Tel: (313) 465-7344
Fax: (313) 465-7345
Email: jcalton@honigman.com
Email: jsgroi@honigman.com

*Counsel for DIRECTV, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2010 a true copy of the foregoing Limited Response of DIRECTV, Inc. to Official Committee of Unsecured Creditors' (the "Committee") Motion for an Order Establishing Procedures for Avoidance Action Adversary Proceedings, was served via electronic mail to all parties receiving service through the Court's ECF system and either electronically or by first-class mail, postage prepaid, to all parties on the Core Group and the 2002 Service List as defined in the Case Management Order and updated and maintained on the KCC website, www.kccllc.net/circuitcity.

*/s/ William H. Schwarzschild, III*

Objection to Avoidance Action Procedures Motion(8403525_1).DOC