United States Bankruptcy Court
Eastern District of Michigan
Southern Division - Detroit

In re:

Collins & Aikman Corporation, et al.,             Case No. 05-55927

       Debtors.

_____/

Amended Order Regarding Mediation

      The litigation trust established pursuant to the debtors: confirmed plan of reorganization has filed approximately 1170 adversary proceeding complaints seeking recoveries of preferences under 11 U.S.C. ' 547(b).  For convenience, the plaintiff in these adversary proceedings is referred to herein as "the debtor."

      On May 1, 2007, the Court entered a separate "Order Establishing Procedures and Deadlines for Adversary Proceedings" for each of Tracks I, II, and III, divided based on the amount of the debtor:s claims.

      The Court concludes that it is in the best interests of all of the parties in these adversary proceedings to appoint mediators to attempt to facilitate resolutions of these adversary proceedings. The Court concludes that the mediation procedures established in this order will promote the just, speedy and inexpensive resolution of these adversary proceedings.

      Accordingly, it is hereby ordered that:

Appointment of Mediators and Assignment of Adversary Proceedings

1. Robert S. Hertzberg, David B. Stratton and David M. Fournier are hereby appointed mediators in Track III adversary proceedings and in the 200 Track II adversary proceedings with the highest claim amounts, all of which they may assign among them in their discretion.  By October 26, 2007, the debtor shall file a list of these adversary proceedings that are not then settled.

2. The following mediators are appointed in the other adversary proceedings: Michael E. Baum; Earle I. Erman; Stuart A. Gold; Ray R. Graves; Wallace M. Handler; and Louis P. Rochkind.  By

October 26, 2007, the debtor shall provide to the Court in Word or WordPerfect format a list of these adversary proceedings that are not then settled. The Court will then make random and equal assignments of these adversary proceedings to these mediators and file a notice of the assignments.

3. The list required by paragraphs 1 and 2 shall disclose in columnar format: (a) the adversary proceeding case number; (b) the name of the defendant; (c) a contact name, address, telephone number and email address for the defendant; (d) whether the defendant filed a pleading responsive to the complaint or any amended complaint; and (e) the amount sought in the complaint. In addition, the list required by paragraph 2 shall contain a column for the Court to enter the name of the assigned mediator.

4. The mediators shall reassign adversary proceedings involving related defendants: (a) to the mediator assigned the adversary proceeding with the lowest case number, if none of the related cases are Track III cases; or (b) to the Track III mediator if one or more of the related cases is a Track III case. For each group of related cases reassigned to the Track III mediator, the Track III mediator shall re-assign one Track II case (starting with cases having the lowest claim amount) to the mediator originally assigned the case in such group having the lowest case number. The mediator to whom a case is reassigned shall promptly file a notice of such reassignment. The debtor shall provide to the mediators the information necessary to facilitate such reassignments.

5. Beginning November 30, 2007, and on the last business day of every calendar month thereafter, the debtor shall file a list of adversary proceedings not then settled in which the defendant has filed during that month a pleading responsive to the complaint or any amended complaint. The Court will promptly identify a mediator for each such case and file a notice.

6. No mediator shall mediate a case in which he or his law firm represents a party. If such an assignment is made, the mediator shall promptly notify the Court. The Court will then identify a successor mediator and file notice.

Scheduling of Mediations

7. Upon appointment to specific adversary proceedings, the mediators may commence scheduling and conducting mediations. To facilitate the participation by debtor's representatives with authority to settle, each mediator shall provide to the debtor dates on which the mediator is available for mediation in Detroit and New York City, for the purpose of establishing a weekly schedule of mediations with two mediators conducting mediations each week, with mediations three days each week. The debtor shall be responsible for coordinating with defendants to schedule mediations except as a mediator instructs otherwise. The parties shall cooperate with the mediator and each other in the scheduling of mediations.

8. The mediations shall be conducted in the Detroit metropolitan area or in New York City, unless the mediator and the parties agree otherwise.

9. The debtor shall give at least 21 days written notice of the first date, time and place of the mediation in each adversary proceeding (the "Mediation Notice"), which notice shall be filed by the debtor. The mediator, in the Mediation Notice (by language provided to the debtor by the mediator), or in a separate notice that need not be filed, may also require the parties to provide to the mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the mediator=s discretion, upon notice (which need not be filed), the mediator may adjourn a mediation or move a mediation to a different location. The mediator may also continue a mediation that has been commenced if the mediator determines that a continuation is in the best interest of the parties.

10. All mediations shall be concluded by June 30, 2008. This deadline may be extended upon motion for good cause.

## Conduct of Mediations

11. The parties in each adversary proceeding shall participate in facilitative mediation, as scheduled (which scheduling may be delegated to the debtor as noted above) and presided over by the appointed mediator, in good faith and with a view toward reaching a consensual resolution. Counsel for each party and a representative of each party having *full* settlement authority shall attend the mediation in person, except that in Track I adversary proceedings, and in Track II adversary proceedings with the consent of the mediator, the parties= representatives with full settlement authority may participate by telephone. In any event, a representative of a defendant that is located outside of the United States or Canada may participate by telephone.

12. The mediator shall preside over the mediation with full authority to determine the nature and order of the parties= presentations. The rules of evidence shall not apply. Consistent with this order, each mediator may implement additional procedures which are reasonable and practical under the circumstances.

13. Within five days after the conclusion of each mediation, the mediator shall file a report in the adversary proceeding stating whether the adversary proceeding has or has not settled.

14. Nothing herein precludes the parties or their attorneys from negotiating directly and settling their adversary proceeding.

## Fees and Expenses

15. The fees and the reasonable expenses of the mediator shall be shared equally by the parties on a per case, pro rata basis.

16. The mediators' fees are fixed as follows:
   a. Track I cases and Track II cases with a claim amount (as reflected in the complaint) of less than $225,000: $1,250 per party, per case, per day, for cases mediated in the Detroit metropolitan area; $1,750 per party, per case, per day, for cases mediated elsewhere.
   b. Track II cases with a claim amount (as reflected in the complaint) equal to or greater than $225,000: $2,000 per party, per case, per day, for cases mediated in the Detroit metropolitan area; $2,500 per party, per case, per day, for cases mediated elsewhere.
   c. Track III cases: $3,000 per party, per case, per day, for cases mediated in the Detroit metropolitan area; $3,500 per party, per case, per day, for cases mediated elsewhere.

17. The full fees and expenses of the mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the mediator of the cancellation by facsimile or email no less than five days prior to the scheduled mediation date (not counting the day scheduled for mediation).

18. Each party shall pay its portion of the mediator's fee at least five days before the commencement of the mediation. The parties shall pay the mediator's reasonable expenses, pro rata and per case, within 14 days after billing by the mediator. If the defendant fails to timely pay a bill for a mediator's fees or expenses, the debtor shall pay the bill and may recover such sum as a part of the default judgment under paragraph 25. The parties and the mediator may enter into an agreement for the mediator to continue his or her efforts after the conclusion of the formal mediation session, on such terms as may be agreed upon among the mediator and all parties.

19. Any party may file a motion to resolve any issue regarding the mediator's fees and reasonable expenses.

## Other Provisions

20. LBR 7016-2 (E.D. Mich.) shall not apply.

21. The mediator shall not be called as a witness by any party. No party shall attempt to compel the testimony of, or compel the production of documents from, the mediators or the agents, partners or employees of their respective law firms. Neither the mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under this Order. Any documents provided to the mediator by the parties shall be destroyed 30 days after the filing of the Mediation Report, unless the mediator is otherwise ordered by the Court.

22. To facilitate mediation, all proceedings in each adversary proceeding in which the defendant has filed a responsive pleading are stayed. In addition, all proceedings in each adversary proceeding in which the defendant files a responsive pleading in the future are stayed upon such filing.

23. Any party seeking relief from the stay of paragraph 22 may, by the later of January 2, 2008 or 30 days after the defendant files a responsive pleading, send a written request to the opposing party requesting concurrence in such relief, stating the purpose and grounds for the relief.  The opposing party shall send a response to the requesting party within 10 days after receipt.  If the opposing party does not concur in the request as provided herein, the requesting party may then file a motion seeking relief under LBR (E.D. Mich.) 9014-1; provided however that the deadline to respond shall be reduced to seven days.  The filing of such a motion shall stay mediation until the Court determines an appropriate schedule for mediation.  (Note: To avoid paying the filing fee for a motion for relief from the automatic stay under 11 U.S.C. § 362, the motion should be filed as a motion for relief from this order, rather than as a motion for relief from the stay.)

24. The stay of paragraph 22 shall terminate seven days after the date of filing of the mediator's report under paragraph 13 stating that the matter has not been settled.  Upon termination of the stay, the time periods for all pending discovery and motions shall begin to run again and the responding party shall have the full time to respond as provided under the applicable rule as if the discovery had been requested or the motion had been filed on the date of the termination of the stay.  Also, the Court will then schedule the matter for trial.

25. Upon a notice and a hearing, a party's failure to comply with this order may result in a default judgment.  The mediator shall promptly file a notice when any party fails to comply with this order.

26. If a mediator's law firm represents any defendant in an adversary proceeding, then: (a) the mediator shall not personally participate in the representation of that defendant; (b) the law firm shall notate the file to indicate that the mediator shall have no access to it; and (c) any discussions concerning that adversary proceeding by employees of the law firm shall exclude the mediator.  A mediator's participation in mediations under this order shall not create a conflict of interest with respect to the representation of such defendants by the mediator's law firm.

27. The debtor shall promptly serve this order upon any defendant's attorney who is excused by court order from ECF filing, and on each defendant that has not filed a responsive pleading if the deadline to respond to the complaint has not passed.  Counsel for each party shall promptly deliver a copy of this order to its client.

28. The mediator shall have standing to seek any modification of this order for cause.

.

**Signed on November 30, 2007**

                                                    **_____/s/ Steven Rhodes_____**
                                                    **Steven Rhodes**
                                                    **Chief Bankruptcy Judge**