**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**ORDER ESTABLISHING PROCEDURES FOR
AVOIDANCE ACTION ADVERSARY PROCEEDINGS**

Upon the Motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee")[3] for an Order Establishing Procedures for Avoidance Action Adversary Proceedings, and the Court having reviewed the Motion and the four responses filed in connection thereto (collectively, the "Responses"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

[3] The Motion was filed by the Committee with the anticipation that the relief would inure to the benefit of the Circuit City Stores, Inc. Liquidating Trust established upon the Effective Date in these cases. The Effective Date was November 1, 2010.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Andrew W. Caine (CA Bar No. 110345) | 20 North Eighth Street, 2nd Floor |
| Pachulski Stang Ziehl & Jones LLP | Richmond, VA 23219 |
| 10100 Santa Monica Boulevard, 11th Floor | Telephone: (804) 783-8300 |
| Los Angeles, CA 90067-4100 | Telecopy: (804) 783-0178 |
| Telephone: (310) 277-6910 | |
| | |
| Counsel for the Circuit City Stores, Inc. Liquidating Trust | Co-Counsel for the Circuit City Stores, Inc. Liquidating Trust |

in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED, and the procedures set forth in Exhibit A to this Order (the "Avoidance Action Adversary Proceeding Procedures") are hereby approved and shall govern the Adversary Proceedings, effective as of the date of this Order.

2. Each of those referenced on the proposed mediators list filed in connection with the Motion is hereby approved as an authorized Mediator.

3. The establishment of the Avoidance Action Adversary Proceeding Procedures is without prejudice for any party, on a case-by-case basis, to seek relief for cause from the same on an expedited basis.

4. The Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall apply to the Adversary Proceedings, except to the extent that they conflict with the Avoidance Action Adversary Proceeding Procedures.

5. The time periods set forth in this Order and the Avoidance Action Adversary Proceeding Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The requirement under Local Bankruptcy Rule 9013-1 (G) to file a memorandum of law in connection with the Motion is hereby waived.

7. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

.8 The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: November 4, 2010
      Richmond, Virginia

                                              The Honorable Kevin R. Huennekens
                                              United States Bankruptcy Judge

**WE ASK FOR THIS:**

/s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

*Co-Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**SEEN AND NO OBJECTION:**

/s/ Robert B. Van Arsdale (per email dated 11/4/10)
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

12304-002\DOCS_LA:226674.1                       3

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

/s/ Paula S. Beran
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

EXHIBIT A

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Andrew W. Caine (CA Bar No. 110345) | 20 North Eighth Street, 2nd Floor |
| Pachulski Stang Ziehl & Jones LLP | Richmond, VA 23219 |
| 10100 Santa Monica Boulevard, 11th Floor | Telephone:  (804) 783-8300 |
| Los Angeles, CA  90067-4100 | Telecopy:  (804) 783-0178 |
| Telephone: (310) 277-6910 | |
| Telecopy:  (310) 201-0760 | |

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**AVOIDANCE ACTION ADVERSARY PROCEEDINGS PROCEDURES**

These Avoidance Action Adversary Proceedings Procedures have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") in the above-captioned bankruptcy case.  Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Motion of the Official Committee of Unsecured Creditors for an order establishing procedures for avoidance action adversary proceedings (the "Motion")[Docket #

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

8789]. The Court approved these Procedures by order dated November 4, 2010, entitled *Order Establishing Procedures for Avoidance Action Adversary Proceedings* (the "Order"). These procedures apply to all of the several hundred Adversary Proceedings that the Liquidating Trust anticipates filing between the date of this Order and November 10, 2010. The procedures will not be applicable to actions filed by the Liquidating Trust after November 10, 2010, unless the Court orders otherwise after application therefore by the Liquidating Trust.

    A.    **Case-Secific Summons.** The summons issued for each Adversary Proceeding will vary from the Court's standard form and will be an "Answer Only" summons. The summons will inform the defendant that it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the complaint. The summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only after the completion of the mediation procedures described below unless otherwise ordered by the Court.

    B.    **Extension of Time by Which Plaintiff must Serve the Summons.** The time period under Federal Rule of Civil Procedure 4(m), made applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7004, by which the plaintiff must serve the summonses and complaints in the Adversary Proceedings on defendants in the United States shall be extended by 30 days, without prejudice to the plaintiff to seek further extensions of time for cause shown. The Liquidating Trust should, however, endeavor to serve the summons and complaints as promptly as practicable after issuance of the summons.

    C.    **Stipulation to Extend time for Defendants to Respond to the Complaint.** Without further order of the Court, the parties may stipulate to one extension of the time by no more than thirty (30) days within which a defendant must respond to a complaint. The stipulation must be in

writing to be binding on the plaintiff. Any further or longer extensions of time will require Court approval.

**D.     Stay of Requirement to Conduct Scheduling Conference.** Federal Rule of Civil Procedure 26(f), applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) shall be stayed with respect to the Adversary Proceedings. Upon the filing of the Mediator's Report (as described below) with respect to each Adversary Proceeding that is not resolved through the Mediation Process (as described below) or otherwise, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order (the "Scheduling Order") to the Court prior to the date set for the Pretrial Scheduling Conference (as described below).

**E.     Stay of Discovery.** The parties' obligations to conduct formal discovery in each Adversary Proceeding shall be stayed until the Scheduling Order is entered provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an Adversary Proceeding in advance of, or during, the Mediation Process.

**F.     Mandatory Mediation Process (the "Mediation Process").** Mediation will be required in all Adversary Proceedings in accordance with the following procedures and timetable:

   1.     Within sixty (60) days after the defendant has filed its response to the complaint, the parties must have commenced the mediation process by having (a) selected a mutually agreeable mediator from the list of mediators attached hereto as Exhibit A, (b) agreed in writing to the terms of the mediator, including as to compensation, and (c) scheduled a date for the mediation. If any defendant does not timely select a mediator, then the plaintiff shall promptly (i) assign a mediator to the case and (ii) so notify the defendant.

If the parties cannot agree on a mediator, the defendant's selection shall be the mediator. Each mediator selected by this process shall hereafter be referred to as the "<u>Mediator.</u>"

2. At least ten (10) days prior to the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator. The parties may submit a confidential position statement to the Mediator, which statement shall not be shared with opposing counsel. Unless agreed in writing by both parties and the Mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules). The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

3. The Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation.

4. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

5. The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person; provided, however, that a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

6. The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been

commenced if the Mediator determines that an adjournment is in the best interests of the parties.

7. All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

8. The mediation must be concluded no later than 120 days after the date on which the defendant has filed its response to the complaint.

9. If a party (a) fails to submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for default judgment or a motion to dismiss the Adversary Proceeding.

10. Within ten (10) days after the conclusion of the mediation, the Mediator will file a report, drafted with the caption of the Adversary Proceeding, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the applicable Adversary Proceeding settled (the "Mediator's Report").

11. If an Adversary Proceeding has not settled, then the plaintiff must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Adversary Proceeding at the next scheduled Omnibus Hearing, provided however, that a minimum of fourteen (14) days notice of the Pre-Trial Scheduling Conference is required.

G. **Pretrial Scheduling Conferences/Motion Hearing Dates.** The Court will schedule regular Omnibus Hearing dates in the bankruptcy case, on which dates any post-mediation Pretrial scheduling conferences in the Adversary Proceedings will take place. Any pretrial motions filed by the parties in the Adversary Proceedings must be set for hearing on one of the Omnibus hearing dates or unless otherwise ordered by the Court.

H. **Motions affecting all Adversary Proceedings.** Any motions filed by the Liquidating Trust that affect all of the Adversary Proceedings may and should be filed in the bankruptcy case, and not in each separately docketed Adversary Proceeding provided, however, that each defendant shall receive notice of the filing of the same.

I. **Application of Existing Case Management Orders.** The Court's November 13, 2008 *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures*, and its December 30, 2009 *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 6208] (the "Case Management Order"), remain in full force and effect.

J. **Notice of these Special Procedures.** A copy of these Procedures will be served on each defendant with the summons and complaint in each Adversary Proceeding.

Dated: November 4, 2010

TAVENNER & BERAN, P.L.C.

_/s/ Paula S. Beran_
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
       pberan@tb-lawfirm.com

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: rfeinstein@pszjlaw.com
        jpomerantz@pszjlaw.com
        acaine@pszjlaw.com