B104 (FORM 104) (08/07)                                                                                               EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

James S. Carr, Esq. (admitted *pro hac vice*)
Nicholas J. Panarella, Esq.
Martin Krolewski, Esq.
Kristin S. Elliott, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., *et al.,* | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. LIQUIDATING | ) Adv. Pro. No. 10-_____ |
| TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| I/OMAGIC CORPORATION, a Nevada | ) |
| corporation, | ) |
| | ) |
| Defendant. | |

**THE LIQUIDATING TRUSTEE'S COMPLAINT TO RECOVER AMOUNTS
OWING TO THE ESTATE AND OBJECTION TO CLAIM NO. 188**

DOCS_LA:227473.2

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and

for his objection to proof of claim number 188 (the "Complaint") against I/OMagic Corporation

("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      The Trustee brings this action against Defendant to recover amounts due

and owing from Defendant to Circuit City arising from the relationship between the parties.  In

addition to contractual claims, the Trustee seeks recovery for unjust enrichment as well as

turnover of property of the bankruptcy estates.  Finally, the Trustee objects to Defendant's proof

of claim filed against the Debtors' estates.

## THE PARTIES

2.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the

Circuit City Stores, Inc. Liquidating Trust (the "Trust").  Pursuant to Articles II and III of the

Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors

through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3.      Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its

affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City
Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
(1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising
Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City
Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
*(cont'd)*

that maintained their respective principal places of business in the locations set forth below, and

were the debtors in the above-captioned chapter 11 bankruptcy cases.

4.      Upon information and belief, Defendant is a corporation organized under

the laws of the State of Nevada with its principal place of business located at 4 Marconi, Irvine,

California 92618.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157

and 1334.

6.      This is a core proceeding under 28 U.S.C. § 157(b).

7.      Venue of these chapter 11 cases and this adversary proceeding in this

district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8.      The statutory and legal predicates for the relief requested by the

Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code

(the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

### A.      General Case Background

9.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code

sections 1107 and 1108.

_____
*(cont'd from previous page)*
  Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia
  23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

10. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

13. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

14. The Plan became effective on November 1, 2010 (the "Effective Date").

**B.** **The Business Relationship Between Circuit City and Defendant**

15. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

16.     On or about February 6, 2002, the parties entered into letter agreement

regarding Circuit City's purchase of products from Defendant.  During the course of the parties'

relationship, the parties engaged in numerous transactions, that are reflected in various other

letter agreements, invoices, communications and other documents (collectively, the "Defendant's

Agreements").

17.     Circuit City purchased goods from the Defendant pursuant to the

Defendant's Agreements.

18.     Circuit City and Defendant conducted business with one another up to and

through the Petition Date under the Defendant's Agreements.

19.     During the ordinary course of the Debtors' business, the Debtors

maintained books and records of their transactions with Defendant (the "Books and Records").

**C.      Amount Allegedly Owed to Defendant and Defendant's Proof
          of Claim**

20.     On or about December 5, 2008, Defendant filed Claim No. 188 in the

amount $60,630.23 as a claim allegedly entitled to administrative priority under Bankruptcy

Code section 503(b)(9).

21.     Defendant alleges that Claim No. 188 is based on, among other things,

various alleged over deductions for returned merchandise, freight charges and vendor program

deductions.

22.     Pursuant to the Court's *Order on Debtor's Fourteenth Omnibus Objection*

*to Claims (Reclassification of Certain Non Goods 503(b)(9) Claims to General Unsecured Non-*

*Priority Claims)* [Docket No. 4443], Claim No. 188 was reclassified in its entirety as a general

unsecured, non-priority claim.

DOCS_LA:227473.2

**D.    Amounts Owed to Circuit City by Defendant**

23.    As of the date hereof, on account of the pre- and post-petition business conducted between Defendant and Circuit City pursuant to the Defendant's Agreements or otherwise, Defendant is indebted to Circuit City on account of the following unpaid obligations (the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---|
| Chargebacks | $63.84 |
| Returns | $75,151.60 |
| **TOTAL** | **$75,215.44** |

24.    The Unpaid Obligations are due, owing, and payable by Defendant to Circuit City.

25.    Circuit City has made demand for the Unpaid Obligations, but Defendant has not complied, and has not paid any portion of the Unpaid Obligations.

## COUNT I

## BREACH OF CONTRACT

26.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

27.    Pursuant to the Defendant's Agreements, Defendant is obligated to pay to the Debtors the Unpaid Obligations as and for chargebacks and returns in connection with goods previously delivered by Defendants to Debtors under the Defendant's Agreements, as set forth in Paragraph 24, *supra*.

28.    The Defendant's Agreements are valid and enforceable agreements against Defendant.

29.    The Debtors performed their obligations under the Defendant's Agreements with respect to the Unpaid Obligations.

DOCS_LA:227473.2

30.     Defendant's failure to compensate the Debtors for the Unpaid Obligations

constitutes a material breach of Defendant's obligations under the Defendant's Agreements.

31.     As a direct and proximate result of Defendant's breaches, the Debtors

incurred damages in an amount not less than $75,215.44.

32.     Accordingly, the Trustee is entitled to a judgment against Defendant in an

amount not less than $75,215.44.

## COUNT II

### UNJUST ENRICHMENT/QUASI CONTRACT

33.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

34.     In the alternative to Count I, but without waiving any allegation with

respect thereto, the Trustee makes the following additional allegations in support of Count II.

35.     The Debtors conferred a benefit upon Defendant pursuant to the

Defendant's Agreements by agreeing to purchase various goods from Defendant pursuant

thereto.

36.     Defendant knowingly accepted the benefit conferred by the Debtors.

37.     The Debtors reasonably expected to be compensated by Defendant in an

amount not less than $75,215.44 on account of the benefit conferred upon Defendant.

38.     Defendant's receipt of benefit without just compensation to the Debtors

has unjustly enriched Defendant in an amount not less than $75,215.44.

39.     The Trustee has no adequate remedy at law to recover the Unpaid

Obligations.

40.     Accordingly, as a result of Defendant's unjust enrichment at the Debtors'

expense, the Trustee is entitled to restitution from the Defendant in an amount not less than

$75,215.44.

## COUNT III

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

41.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

42.     In the alternative to Counts I and II, but without waiving any allegation

with respect thereto, the Trustee makes the following additional allegations in support of Count

III.

43.     Defendant is in possession, custody, and control of the Unpaid Obligations

in an amount not less than $75,215.44.

44.     Defendant is not a custodian for the Unpaid Obligations.

45.     The Unpaid Obligations constitute valid and existing debts, due and owing

by Defendant to the Debtors.

46.     The Unpaid Obligations are property of the Debtors' estates under section

541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or

payable on order.

47.     Despite being requested to do so, Defendant has not turned over or paid to

Circuit City the Unpaid Obligations.

48.     Accordingly, pursuant to Bankruptcy Code section 542, Defendant should

be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an

amount not less than $75,215.44.

## COUNT IV

## ACCOUNT STATED

49.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

50.     In the alternative to Counts I, II and III, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IV.

51.     One or more of the Debtors rendered invoices to the Defendant in the total amount of $75,215.44.

52.     Defendant has failed to pay the outstanding amount of $75,215.44.

53.     An account has been stated between the Debtor(s) which rendered the invoices and the Defendant whereby Defendant is indebted to such Debtor(s) in the total amount of $75,215.44.

54.     Despite demand therefore, said sums remain unpaid, and the Trustee is entitled to judgment against Defendant in the amount of $75,215.44 plus interest.

## COUNT V

## OBJECTION TO CLAIM NO. 188 AS UNWARRANTED

55.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

56.     Claim No. 188 asserts a right to payment allegedly owed by one or more of the Debtors based upon various alleged over deductions for returned merchandise, freight charges and vendor program deductions.

DOCS_LA:227473.2

57.    After a thorough review of the Debtors' Books and Records, the Trustee

has determined that Claim No. 188 is unwarranted.  In particular, the Trustee has determined that

the Books and Records reflect that the reversals by the Defendant of the previously taken

deductions are inappropriate, therefore, there should be no liability for Claim No. 188

58.    As a result, Defendant's Claim No. 188 should be disallowed in its

entirety.

59.    The Debtors reserve their rights to file additional objections to Claim No.

188 at a later time on any other grounds that bankruptcy or non-bankruptcy law permits.

## COUNT VI

### OBJECTION TO CLAIM NO. 188– SETOFF OF THE UNPAID OBLIGATIONS

60.    The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

61.    In the alternative to Counts I, II, III, IV and VI, but without waiving any

allegation with respect thereto, the Trustee makes the following additional allegations in support

of Count VII.

62.    The Unpaid Obligations arose from business transactions between the

Debtors and Defendant.

63.    The Unpaid Obligations are debts owed by Defendant to the Debtors.

64.    Claim No. 188 also arose from business transactions between Defendant

and the Debtors, and is a debt allegedly owed by the Debtors to Defendant.

65.    Consequently, under applicable law, the Debtors have established valid

setoff rights.

66.     Pursuant to Bankruptcy Code section 558, the Debtors' defenses,

including setoff, are preserved.

67.     Under applicable law, the Unpaid Obligations should be setoff first against

Claim No. 188, up to the full amount of Claim No. 188.

68.     After setoff, Claim No. 188 should be reduced to $0 and the Unpaid

Obligations should be reduced to $14,585.21 (the "Remaining Unpaid Obligations").

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i.      Pursuant to Count I, enter judgment against Defendant for breach of
contract and award the Trustee damages in an amount not less than $75,215.44; and

ii.     In the alternative to Count I, pursuant to Count II, enter judgment against
Defendant for unjust enrichment and award Circuit City restitution damages on account of
Defendant's unjust enrichment in an amount not less than $75,215.44; and

iii.    In the alternative to Counts I and II, pursuant to Count III, order
Defendant to immediately turn over and deliver to the Trustee the Unpaid Obligations in an
amount not less than $75,215.44; and

iv.     In the alternative to Counts I, II and III, pursuant to Count IV, enter
judgment against Defendant for an account stated and award the Trustee damages in an amount
not less than $75,215.44; and

v.      Pursuant to Count V, disallow Claim No. 188 in its entirety.

vi.     In the alternative to Counts I, II, III, IV and V, pursuant to Count VI,
authorize the Trustee to effect a setoff against Claim No. 188, reducing Claim No. 188 to $0 and
awarding the Trustee damages in the amount of not less than $14,585.21; and

vii.    Award the Trustee prejudgment interest at the legally allowed applicable
rate;

viii.   Award the Trustee costs, and expenses of suit herein; and

ix.     Grant the Trustee such other and further relief the Court deems just and
appropriate.

DOCS_LA:227473.2

Dated: Richmond, Virginia
November 8, 2010

TAVENNER & BERAN, PLC


*/s/ Paula S. Beran*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300


- and -


James S. Carr, Esq. (admitted *pro hac vice*)
Nicholas J. Panarella, Esq.
Martin Krolewski, Esq.
Kristin S. Elliott, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897


*Counsel to the Liquidating Trustee*

DOCS_LA:227473.2