**B104 (FORM 104) (08/07)**                                                                                                         **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||| BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

| | |
|---|---|
| James S. Carr, Esq. (admitted *pro hac vice*) | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Nicholas J. Panarella, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| Martin Krolewski, Esq. | TAVENNER & BERAN, PLC |
| Kristin S. Elliott, Esq. | 20 North Eighth Street, 2nd Floor |
| KELLEY DRYE & WARREN LLP | Richmond, Virginia 23219 |
| 101 Park Avenue | Telephone: (804) 783-8300 |
| New York, New York 10178 | Telecopy:  (804) 783-0178 |
| Telephone: (212) 808-7800 | |
| Telecopy:  (212) 808-7897 | |

*Counsel to the Liquidating Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. | ) Adv. Pro. No. 10-_____ |
| LIQUIDATING TRUST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN FUTURE TECHNOLOGY; AND | ) |
| VONWIN CAPITAL MANAGEMENT, L.P., | ) |
| | ) |
| Defendants. | |

**THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM NOS. 1279 AND 7415**

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

12304-003\DOCS_LA:227475.1

Committee of Creditors Holding General Unsecured Claims (the "Plan") for his complaint and for his objection to proof of claim numbers 1279 and 7415 (the "Complaint") against American Future Technology ("American") and VonWin Capital Management, L.P. ("VonWin")(American and VonWin are hereinafter collectively referred to as the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against American to avoid and recover certain preferential transfers that occurred during the 90-day period prior to the commencement of Circuit City's bankruptcy proceedings. The Trustee also objects to Defendants' proofs of claim filed against the Debtors' estates.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4. Upon information and belief, defendant American Future Technology does business as IBUYPOWER.COM, and is a corporation organized under the laws of the California with its principal place of business in El Monte, California.

5. Upon information and belief, defendant VonWin Capital Management, L.P. is a company with its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

7. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

9. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

**PERTINENT FACTS**

B. **General Case Background**

10. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

11. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

12. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

13. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

14. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

15. The Plan became effective on November 1, 2010 (the "Effective Date").

## C. The Business Relationship Between Circuit City And Defendant American

16. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

17. On or about November 20, 2007, Circuit City and defendant American entered into an agreement pursuant to which American sold goods to Circuit city (the "Agreement").

18. During the course of the parties' relationship, the parties engaged in numerous transactions pursuant to the Agreement, that are reflected in invoices, communications and other documents (collectively, the "Defendant's Agreements").

19. Circuit City and American conducted business with one another up to and through the Petition Date, and thereafter, under the Defendant's Agreements.

20. During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with American (the "Books and Records").

D. **Amounts Allegedly Owed To Defendant American and Defendants' Proofs Of Claim**

    (1)    **Claim Nos. 1279 and 7415**

21. On or about December 18, 2008, defendant American filed an administrative priority claim in the amount $17,548.99 ("Claim No. 1279"), which was designated as claim number 1279 by the Claims Agent appointed by the Court. Pursuant to the Debtors' Twentieth Omnibus Objection to Claims [Docket No. 3704] and order thereon [Docket No. 4576], Claim 1279 was reduced to a $15,994.99 administrative priority claim and a $1,554.00 general unsecured claim. Pursuant to the Debtors' Forty-Eighth Omnibus Objection to Claims [Docket No. 5211] and order thereon [Docket No. 6125], the administrative portion of Claim 1279 was further reduced to $4,570.99.

22. Claim No. 1279 was assigned by American to VonWin as evidenced by the two Notice of Transfer of Claim [Docket Nos. 7975 and 7978] filed with the Court on or about July 6, 2010.

23. Claim No. 1279 was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

24. On or about January 29, 2009, defendant American filed a claim in the amount $200,944.92 which was asserted as a general unsecured non-priority claim (the "General Unsecured Claim"). The Claims Agent appointed by the Court designated the General Unsecured Claim as claim No. 7415.

25. The General Unsecured Claim was assigned by American to VonWin as evidenced by the Notice of Transfer of Claim [Docket No. 7976] filed with the Court on or about July 6, 2010.

26. The General Unsecured Claim was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

**E.  Transfers To Defendant American Made Within 90 Days Prior To The Petition Date**

27. During the 90-day period prior to the commencement of Circuit City's bankruptcy cases (the "Preference Period"), Circuit City transferred property to or for the benefit of defendant American in an amount not less than $242,750.62. A list identifying each and every transfer during the Preference Period is attached hereto as <u>Exhibit A</u> and incorporated herein by reference (collectively, the "Preferential Transfers").

28. Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the defendant American

bears the burden of proof under Section 547(g). Plaintiff will work with American to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

## COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

29. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

30. During the Preference Period, defendant American was a creditor of one or more of the Debtors.

31. Each Preferential Transfer identified on Exhibit A hereto was made to or for the benefit of defendant American.

32. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

33. Each Preferential Transfer was made during the Preference Period.

34. Each Preferential Transfer was made while the Debtors were insolvent.

35. Each Preferential Transfer enabled defendant American to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

36. Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

37. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein

38. Defendant American was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

39. Each Preferential Transfer that is avoided under Section 547(b) is recoverable pursuant to Bankruptcy Code section 550.

40. Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT III

### OBJECTION TO CLAIMS 1279 AND 7415 – DISALLOWANCE UNDER SECTION 502(d)

41. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

42. Claim Nos. 1279 and 7415 assert a right to payment allegedly owed by one or more of the Debtors.

43. As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to Bankruptcy Code section 550.

44. Accordingly, pursuant to Bankruptcy Code section 502(d), Claim Nos. 1279 and 7415 must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided.

## COUNT IV

## OBJECTION TO CLAIM NO. 1279 AND CLAIM NO. 7415 AS OVERSTATED

45. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

46. After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 1279 is unwarranted/overstated by $9.00 and Claim No. 7415 is unwarranted/overstated by $14,425.07.

47. Claim No. 1279 and Claim No. 7415 are overstated because, among other things, there are pricing discrepancies and the support attached to the claims does not equal the amounts claimed.

48. As a result of the above, Claim No. 1279 should be reduced to an amount not to exceed $6,115.99, consisting of an administrative claim in the amount of $4,561.99 and a general unsecured claim in the amount of $1,554.00.

49. As a result of the above, Claim No. 7415 should be reduced to an amount not to exceed $186,519.85, all of which is a general unsecured non-priority claim.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i. Pursuant to Counts I and II, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the Preferential Transfers in an amount not less than $242,750.62; and

    ii. Pursuant to Count III, disallow Claim Nos. 1279 and 7415 in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transfers; and

    ii. Pursuant to Count IV, reduce Claim No. 1279 from the overstated amount of $6,124.99 to the proper amount of $6,115.99, consisting of an administrative claim in the amount of $4,561.99 and a general unsecured claim in the amount of $1,554.00; and reduce Claim No. 7415 from the overstated amount of $200,944.92 to the proper amount of $185,519.85; and

    iii. Award the Trustee prejudgment interest at the legally allowed applicable rate; and

    iv. Award the Trustee costs, and expenses of suit herein; and

    v. Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia  
   November 8, 2010

TAVENNER & BERAN, PLC

*/s/ Lynn L. Tavenner*_____  
Lynn L. Tavenner (VA Bar No. 30083)  
Paula S. Beran (VA Bar No. 34679)  
20 North Eighth Street, 2nd Floor  
Richmond, Virginia 23219  
(804) 783-8300

- and -

James S. Carr, Esq. (admitted *pro hac vice*)  
Nicholas J. Panarella, Esq.  
Martin Krolewski, Esq.  
Kristin S. Elliott, Esq.  
KELLEY DRYE & WARREN LLP  
101 Park Avenue  
New York, New York 10178  
Telephone: (212) 808-7800  
Telecopy: (212) 808-7897

*Counsel to the Liquidating Trustee*

## **EXHIBIT A**

### **(Preferential Transfers)**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| AMERICAN FUTURE TECHNOLOGY | 8/12/2008 | 1033388 | $ 3,730.97 |
| AMERICAN FUTURE TECHNOLOGY | 8/14/2008 | 1033596 | $ 11,495.42 |
| AMERICAN FUTURE TECHNOLOGY | 8/15/2008 | 1033668 | $ 3,680.99 |
| AMERICAN FUTURE TECHNOLOGY | 8/19/2008 | 1033698 | $ 3,212.50 |
| AMERICAN FUTURE TECHNOLOGY | 8/19/2008 | 1033745 | $ 6,965.94 |
| AMERICAN FUTURE TECHNOLOGY | 8/19/2008 | 1033815 | $ 7,724.98 |
| AMERICAN FUTURE TECHNOLOGY | 8/21/2008 | 1033933 | $ 11,278.95 |
| AMERICAN FUTURE TECHNOLOGY | 8/22/2008 | 1033987 | $ 3,113.49 |
| AMERICAN FUTURE TECHNOLOGY | 8/25/2008 | 1034025 | $ 1,888.50 |
| AMERICAN FUTURE TECHNOLOGY | 8/26/2008 | 1034071 | $ 3,551.50 |
| AMERICAN FUTURE TECHNOLOGY | 8/26/2008 | 1034136 | $ 1,854.49 |
| AMERICAN FUTURE TECHNOLOGY | 9/5/2008 | 1034366 | $ 9,701.46 |
| AMERICAN FUTURE TECHNOLOGY | 9/5/2008 | 1034491 | $ 18,249.45 |
| AMERICAN FUTURE TECHNOLOGY | 9/8/2008 | 1034534 | $ 6,799.47 |
| AMERICAN FUTURE TECHNOLOGY | 9/9/2008 | 1034600 | $ 3,981.98 |
| AMERICAN FUTURE TECHNOLOGY | 9/11/2008 | 1034824 | $ 5,472.50 |
| AMERICAN FUTURE TECHNOLOGY | 9/12/2008 | 1034899 | $ 8,115.94 |
| AMERICAN FUTURE TECHNOLOGY | 9/15/2008 | 1034955 | $ 5,702.95 |
| AMERICAN FUTURE TECHNOLOGY | 9/16/2008 | 1035012 | $ 5,620.47 |
| AMERICAN FUTURE TECHNOLOGY | 9/18/2008 | 1035234 | $ 7,821.96 |
| AMERICAN FUTURE TECHNOLOGY | 9/19/2008 | 1035311 | $ 2,109.00 |
| AMERICAN FUTURE TECHNOLOGY | 9/22/2008 | 1035362 | $ 3,299.00 |
| AMERICAN FUTURE TECHNOLOGY | 9/23/2008 | 1035416 | $ 2,964.50 |
| AMERICAN FUTURE TECHNOLOGY | 9/23/2008 | 1035503 | $ 1,990.99 |
| AMERICAN FUTURE TECHNOLOGY | 9/25/2008 | 1035627 | $ 8,010.97 |
| AMERICAN FUTURE TECHNOLOGY | 9/26/2008 | 1035696 | $ 2,461.48 |
| AMERICAN FUTURE TECHNOLOGY | 9/29/2008 | 1035742 | $ 2,606.99 |
| AMERICAN FUTURE TECHNOLOGY | 9/30/2008 | 1035862 | $ 3,810.49 |
| AMERICAN FUTURE TECHNOLOGY | 10/6/2008 | 1035989 | $ 9,124.46 |
| AMERICAN FUTURE TECHNOLOGY | 10/6/2008 | 1036051 | $ 2,729.49 |
| AMERICAN FUTURE TECHNOLOGY | 10/9/2008 | 1036333 | $ 4,850.93 |
| AMERICAN FUTURE TECHNOLOGY | 10/10/2008 | 1036404 | $ 8,149.97 |
| AMERICAN FUTURE TECHNOLOGY | 10/14/2008 | 1036439 | $ 3,587.49 |
| AMERICAN FUTURE TECHNOLOGY | 10/15/2008 | 1036489 | $ 1,984.98 |

| | | | | |
|---|---|---|---|---|
| AMERICAN FUTURE TECHNOLOGY | 10/15/2008 | 1036571 | $ | 1,798.00 |
| AMERICAN FUTURE TECHNOLOGY | 10/17/2008 | 1036682 | $ | 4,281.00 |
| AMERICAN FUTURE TECHNOLOGY | 10/17/2008 | 1036741 | $ | 2,589.00 |
| AMERICAN FUTURE TECHNOLOGY | 10/20/2008 | 1036797 | $ | 1,544.50 |
| AMERICAN FUTURE TECHNOLOGY | 10/21/2008 | 1036836 | $ | 8,477.50 |
| AMERICAN FUTURE TECHNOLOGY | 10/21/2008 | 1036901 | $ | 6,544.00 |
| AMERICAN FUTURE TECHNOLOGY | 10/23/2008 | 1037007 | $ | 16,484.97 |
| AMERICAN FUTURE TECHNOLOGY | 10/24/2008 | 1037056 | $ | 6,063.00 |
| AMERICAN FUTURE TECHNOLOGY | 10/27/2008 | 1037095 | $ | 3,621.00 |
| AMERICAN FUTURE TECHNOLOGY | 10/28/2008 | 1037142 | $ | 3,703.00 |
| | | **Total Payment Amount** | $ | 242,750.62 |