**B104 (FORM 104) (08/07)**  **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>□ 11-Recovery of money/property - §542 turnover of property<br>□ 12-Recovery of money/property - §547 preference<br>□ 13-Recovery of money/property - §548 fraudulent transfer<br>□ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>□ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>□ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>□ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>□ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>□ 61-Dischargeability - §523(a)(5), domestic support<br>□ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>□ 63-Dischargeability - §523(a)(8), student loan<br>□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>□ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>□ 71-Injunctive relief – imposition of stay<br>□ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>□ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>□ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>□ 01-Determination of removed claim or cause<br><br>**Other**<br>□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||  BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., *et al.,* | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

| | |
|---|---|
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | Adv. Pro. No. 10-_____ |
| Plaintiff, | |
| v. | |
| CAPITAL CITY PRESS, LLC D/B/A THE ADVOCATE, a Louisiana limited liability company, | |
| Defendant. | |

**THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM NO. 13329
AND SCHEDULED UNSECURED CLAIM**

DOCS_LA:227863.1

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and objections to claims (the "Complaint") against Capital City Press, LLC d/b/a The Advocate ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to the commencement of Circuit City's bankruptcy proceedings. The Trustee also objects to Claim No. 13329 and the scheduled general unsecured, non-priority claim of Defendant.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

*(cont'd)*

2

that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4. Upon information and belief, Defendant is a limited liability company organized under the laws of the State of Louisiana with its principal place of business located at 7290 Bluebonnett Blvd., Baton Rouge, Louisiana 79810.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding under 28 U.S.C. § 157(b).

7. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for the relief requested by the Complaint are sections 502(d), 547, 550, and 558 of title 11, United States Code (the "Bankruptcy Code"), Rules 3007 and 7001 of the Federal Rule of Bankruptcy Procedure and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

**A.    General Case Background**

9. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

_____
*(cont'd from previous page)*

3

10. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

13. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

14. The Plan became effective on November 1, 2010 (the "Effective Date").

**B.     The Business Relationship Between Circuit City And Defendant**

15. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

4

16. On August 1, 2007, the parties entered into a Retail Advertising Space Contract (the "Agreement").

17. During the course of the parties' relationship, the parties engaged in numerous transactions pursuant to the Agreement, that are reflected in invoices, communications and other documents (collectively, the "Defendant's Agreements").

18. Circuit City purchased advertising space from the Defendant pursuant to the Defendant's Agreements.

19. Circuit City and Defendant conducted business with one another up to and through the Petition Date under the Defendant's Agreements.

20. During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records").

C. **Amounts Allegedly Owed to Defendant and Defendant's Claims**

   (1) **General Unsecured Claim**

21. Circuit City Stores, Inc., one of the Debtors, listed the Defendant on Schedule F as holding a general unsecured, non-priority claim in the amount of $33,630.60 (the "Scheduled Unsecured Claim").

   (2) **Claim No. 13329**

22. On or about June 12, 2009, Defendant filed a claim in the amount of $14,662.50 as a claim allegedly entitled to administrative priority under Bankruptcy Code section 503(b)(1). The Claims Agent appointed by the Court designated this claim as Claim No. 13329.

23. In Claim No. 13329, the Defendant is alleging that the claim was based on the sales of advertising space by Defendant to Circuit City after the Petition Date.

**D. Transfers To Defendant Made Within 90 Days Prior To The Petition Date**

24. During the 90-day period prior to the commencement of Circuit City's bankruptcy cases (the "Preference Period"), according to the Books and Records, Circuit City transferred property to or for the benefit of Defendant in an amount not less than $90,262.45. A list identifying each and every transfer during the Preference Period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Preferential Transfers").

25. Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under Section 547(g). Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

## COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

26. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

27. During the Preference Period, Defendant was a creditor of one or more of the Debtors.

28. Each Preferential Transfer identified on Exhibit A hereto was made to or for the benefit of Defendant.

29. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

30. Each Preferential Transfer was made during the Preference Period.

31. Each Preferential Transfer was made while the Debtors were insolvent.

32. Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

33. Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

34. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein

35. Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

36. Each Preferential Transfer that is avoided under Section 547(b) is recoverable pursuant to Bankruptcy Code section 550.

37. Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT III

### OBJECTION TO CLAIM NO. 13329 AND SCHEDULED UNSECURED CLAIM – DISALLOWANCE UNDER SECTION 502(d)

38. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

39. Claim No. 13329 asserts a right to payment allegedly owed by one or more of the Debtors. Defendant holds the Scheduled Unsecured Claim.

40. As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to Bankruptcy Code section 550.

41. Accordingly, pursuant to Bankruptcy Code section 502(d), the Scheduled Unsecured Claim must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i. Pursuant to Counts I and II, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the Preferential Transfers in an amount not less than $90,262.45; and

ii. Pursuant to Count III, disallow Claim No. 13329 and the Scheduled Unsecured Claim in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transfers; and

iii. Award the Trustee prejudgment interest at the legally allowed applicable rate;

iv. Award the Trustee costs, and expenses of suit herein; and

v. Grant the Trustee such other and further relief the Court deems just and appropriate.

| | |
|---|---|
| Dated: Richmond, Virginia<br>November 8, 2010 | TAVENNER & BERAN, PLC<br><br>*/s/ Paula S. Beran*_____<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>- and –<br><br>Robert J. Feinstein, Esq.<br>John A. Morris, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>(212) 561-7700<br><br>*Counsel to the Liquidating Trustee* |

9

# **EXHIBIT A**

## **(Preferential Transfers)**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| CAPITAL CITY PRESS | 9/5/2008 | 4551669 | $ 31,470.78 |
| CAPITAL CITY PRESS | 10/7/2008 | 4564097 | $ 37,284.37 |
| CAPITAL CITY PRESS | 10/28/2008 | 4569968 | $ 21,507.30 |
| | | **Total Payment Amount** | $ 90,262.45 |