B104 (FORM 104) (08/07)                                                                                        EDVA

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST | **DEFENDANTS** EDWIN PETTERSEN |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) TAVENNER & BERAN, PLC 20 North Eighth Street, 2nd Floor Richmond, Virginia  23219 (804) 783-8300 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☒ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and Recovery of Fraudulent Transfers and Objection to Claims

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $341,757 |

Other Relief Sought

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CIRCUIT CITY STORES, INC. et al. | BANKRUPTCY CASE NO.<br>08-35653(KRH) | |
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN DISTRICT OF VIRGINIA | DIVISION OFFICE<br>RICHMOND | NAME OF JUDGE<br>HUENNEKENS |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Paula S. Beran | | |
| DATE<br>November 8, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paula S. Beran | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to Plaintiff*
*Alfred H. Siegel, Trustee of the Circuit City Stores,*
*Inc. Liquidating Trust*

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to Plaintiff*
*Alfred H. Siegel, Trustee of the Circuit City*
*Stores, Inc. Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. LIQUIDATING | ) Adv. Pro. No. 10-_____ |
| TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EDWIN PETTERSEN, | ) |
| | ) |
| Defendant. | ) |

## THE LIQUIDATING TRUST'S COMPLAINT
## TO AVOID AND RECOVER FRAUDULENT TRANSFERS

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint to

avoid and recover fraudulent transfers against Edwin Pettersen ("Defendant"), alleges as follows:

## THE PARTIES

1.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the

Circuit City Stores, Inc. Liquidating Trust (the "Trust"), which was established by virtue of the

Plan.  Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue

claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to

claims asserted against the Debtors' estates.

2.      Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its

affiliated debtors in possession (collectively "Circuit City" or the "Debtors") were corporations

organized under the laws of the Commonwealth of Virginia with a principal place of business in

Richmond, Virginia, and were the debtors in the above-captioned chapter 11 bankruptcy cases. [1]

3.      Upon information and belief, defendant Edwin Pettersen was a former

executive employee of Circuit City.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC
Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
(6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

5.      Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief requested by the Complaint are sections 544, 548 and 550 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

### *General Case Background*

7.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

8.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

9.      On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

10.     On August 9, 2010, the Debtors and the Official Committee of Creditors Holding General Unsecured Claims filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

11.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.  The Plan became effective on November 1, 2010, as reflected in the Notice of Effective Date filed on that date.

### The Employment Relationship Between Circuit City And Defendant

12.     Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

13.     Defendant was an executive employee of the Debtors, who held the position of Vice President, Marketing when terminated from the Debtors' employ on June 4, 2006.  Defendant was hired by the Debtors on September 15, 2003 and was released, from active service, on May 5, 2006, after only 2 ½ years of employment.  Defendant thereafter performed no services for the Debtors.

### Transfers To Defendant Made Within Four Years of the Petition Date

14.     During the four years prior to the commencement of Circuit City's bankruptcy cases, the Debtors transferred property to or for the benefit of Defendant in an amount not less than $341,757.00.  A list identifying each and every transfer from the Debtors to the Defendant during this time period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Transfers").  The Transfers were made for the purpose of severance compensation after the Defendant's release from active service, following only 2 ½ years of employment.  Defendant did not perform any services or otherwise provide any value to the Debtors in exchange for the Transfers.

## FIRST CLAIM FOR RELIEF

**(For Avoidance Of Fraudulent Transfers -- 11 U.S.C. §§ 544 and 548;
Va. Code Ann. § 55-80 and 55-81)**

15.      Plaintiff repeats and realleges the above paragraphs as though fully set forth at length.

16.      During the four years prior to the Petition Date, the Debtors made the Transfers to Defendant of just less than $350,000 for severance after only 2 ½ years of employment.  Defendant did not perform any services or otherwise provide any value, much less a reasonably equivalent value, in exchange for the Transfers.

17.      The Debtors (a) were insolvent at the time of each of the Transfers or became insolvent as a result thereof; (b) were engaged in business or a transaction, or were about to become so engaged, for which any property remaining with Debtors was an unreasonably small capital; (c) intended to incur, or believed that they would incur debts beyond their ability to pay as such debts matured; or (d) made the Transfers to or for the benefit of the Defendant as an insider under an employment contract not in the ordinary course of business.

18.      Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544 and 548 that the Transfers be avoided in their entirety.

## SECOND CLAIM FOR RELIEF

**(For Recovery Of Property -- 11 U.S.C. § 550)**

19.      Plaintiff repeats and realleges the allegations in the above paragraphs, as though fully set forth herein.

20.      As alleged above, Plaintiff is entitled to avoid each of the Transfers under 11 U.S.C. §§ 544 and 548.  As the Defendant is the initial transferee of the Transfers, Plaintiff is

4

entitled to recover for the estate the proceeds or value of each of the Transfers under 11 U.S.C.

§ 550.

21.     Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that

the proceeds or value of each of the Transfers is recovered for the benefit of the estate.

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1.     For a determination that each of the Transfers is avoidable as a fraudulent

transfers under Sections 544 and 548 of the Bankruptcy Code, and that Plaintiff is entitled to

recover the Transfers under Section 550 of the Bankruptcy Code;

2.     For costs of suit incurred herein, including, without limitation, attorneys' fees;

3.     For pre- and post-judgment interest on the judgment amount to the fullest extent

allowed by applicable law; and

4.     For such other and further relief as the Court may deem just and proper.

Dated: Richmond, Virginia
      November 8, 2010

TAVENNER & BERAN, PLC

/s/ Paula S. Beran
_____
Lynn T. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Plaintiff Alfred Siegel, as
Trustee of the Circuit City Stores, Inc.
Liquidating Trust*

# EXHIBIT A

| ID | Name | Job Title | Term Date | Release Date |
|---|---|---|---|---|
| 10239284 | Pettersen,Edwin | VP, Marketing | 2006-06-04 | 2006-05-05 |

| Name | Check Date | Total Gross |
|---|---|---|
| Pettersen,Edwin | 5/17/06 | 3,308 |
| Pettersen,Edwin | 5/31/06 | 8,269 |
| Pettersen,Edwin | 6/14/06 | 22,619 |
| Pettersen,Edwin | 6/14/06 | 4,962 |
| Pettersen,Edwin | 6/14/06 | 533 |
| Pettersen,Edwin | 6/14/06 | 25,083 |
| Pettersen,Edwin | 7/12/06 | 533 |
| Pettersen,Edwin | 7/12/06 | 25,083 |
| Pettersen,Edwin | 8/9/06 | 533 |
| Pettersen,Edwin | 8/9/06 | 25,083 |
| Pettersen,Edwin | 9/6/06 | 25,083 |
| Pettersen,Edwin | 10/4/06 | 25,083 |
| Pettersen,Edwin | 11/1/06 | 25,083 |
| Pettersen,Edwin | 12/13/06 | 25,083 |
| Pettersen,Edwin | 1/10/07 | 25,083 |
| Pettersen,Edwin | 2/7/07 | 25,083 |
| Pettersen,Edwin | 3/7/07 | 25,083 |
| Pettersen,Edwin | 4/4/07 | 25,083 |
| Pettersen,Edwin | 5/2/07 | 25,083 |

Total post-termination pay          341,757