B104 (FORM 104) (08/07)                                                                EDVA

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST | DEFENDANTS<br>DOUGLAS T. MOORE |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia  23219<br>(804) 783-8300 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and Recovery of Fraudulent Transfers and Objection to Claims

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $1,646,005 |

Other Relief Sought

American LegalNet, Inc.
www.FormsWorkflow.com

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CIRCUIT CITY STORES, INC. et al. | BANKRUPTCY CASE NO.<br>08-35653(KRH) | |
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN DISTRICT OF VIRGINIA | DIVISION OFFICE<br>RICHMOND | NAME OF JUDGE<br>HUENNEKENS |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Paula S. Beran | | |
| DATE<br>November 8, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paula S. Beran | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to Plaintiff*
*Alfred H. Siegel, Trustee of the Circuit City Stores,*
*Inc. Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to Plaintiff*
*Alfred H. Siegel, Trustee of  the Circuit City*
*Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) Adv. Pro. No. 10-_____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOUGLAS T. MOORE, | ) |
| | ) |
| Defendant. | ) |

**THE LIQUIDATING TRUST'S COMPLAINT
TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND OBJECTION
TO CLAIM**

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint to

avoid and recover fraudulent transfers against Douglas T. Moore ("Defendant"), alleges as

follows:

## THE PARTIES

1.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the

Circuit City Stores, Inc. Liquidating Trust (the "Trust"), which was established by virtue of the

Plan.  Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue

claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to

claims asserted against the Debtors' estates.

2.      Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its

affiliated debtors in possession (collectively "Circuit City" or the "Debtors") were corporations

organized under the laws of the Commonwealth of Virginia with a principal place of business in

Richmond, Virginia, and were the debtors in the above-captioned chapter 11 bankruptcy cases. [1]

3.      Upon information and belief, defendant Douglas T. Moore was a former

executive employee of Circuit City.

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC
Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
(6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

5.      Venue of these chapter 11 cases and this adversary proceeding in this

district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief requested by the

Complaint are sections 544, 548 and 550 of title 11, United States Code (the "Bankruptcy

Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

*General Case Background*

7.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code

sections 1107 and 1108.

8.      On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

9.      On January 16, 2009, the Court authorized the Debtors to, among other

things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores")

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint

venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of

business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the going

out of business sales at the Debtors' stores were completed.

10.     On August 9, 2010, the Debtors and the Official Committee of Creditors

Holding General Unsecured Claims filed the Plan, which provides for the liquidation of the

Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy

Code.

11.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.  The Plan became effective on

November 1, 2010, as reflected in the Notice of Effective Date filed on that date.

***The Employment Relationship Between Circuit City And Defendant***

12.     Prior to the commencement of these bankruptcy cases, the Debtors were a

leading specialty retailer of consumer electronics and operated large nationwide electronics

stores that sold, among other things, televisions, home theatre systems, computers, camcorders,

furniture, software, imaging and telecommunications products, and other audio and video

electronics.

13.     Defendant was an executive employee of the Debtors, who held the

position of Senior Vice President, Chief Merch Officer when terminated from the Debtors'

employ on March 22, 2007.  Defendant was hired by the Debtors on August 14, 1990, and was

released, from active service, on February 5, 2007.  Defendant thereafter performed no services

for the Debtors.

***Transfers To Defendant Made Within Four Years of the Petition Date***

14.     During the four years prior to the commencement of Circuit City's

bankruptcy cases, the Debtors transferred property to or for the benefit of Defendant in an

amount not less than $1,646,005.  A list identifying each and every transfer from the Debtors to

the Defendant during this time period is attached hereto as Exhibit A and incorporated herein

3

by reference (collectively, the "Transfers").  The Transfers were made for the purpose of

compensation after the Defendant's release from active service, primarily for severance.

Defendant did not perform any services or otherwise provide any value to the Debtors in

exchange for the Transfers.

### FIRST CLAIM FOR RELIEF
**(For Avoidance Of Fraudulent Transfers -- 11 U.S.C. §§ 544 and 548;
Va. Code Ann. § 55-80 and 55-81)**

15.    Plaintiff repeats and realleges the above paragraphs as though fully set

forth at length.

16.    During the four years prior to the Petition Date, the Debtors made the

Transfers to Defendant of approximately $1,645,000, primarily for purposes of severance.

Defendant did not perform any services or otherwise provide any value, much less reasonably

equivalent value in exchange for the Transfers.

17.    The Debtors (a) were insolvent at the time of  each of the Transfers or

became insolvent as a result thereof; (b) were engaged in business or a transaction, or were about

to become so engaged, for which any property remaining with Debtors was an unreasonably

small capital; (c) intended to incur, or believed that they would incur debts beyond their ability to

pay as such debts matured; or (d) made the Transfers to or for the benefit of the Defendant as an

insider under an employment contract not in the ordinary course of business.

18.    Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544 and

548 that the Transfers be avoided in their entirety.

4

## SECOND CLAIM FOR RELIEF
### (For Recovery Of Property -- 11 U.S.C. § 550)

19.     Plaintiff repeats and realleges the allegations in the above paragraphs, as though fully set forth herein.

20.     As alleged above, Plaintiff is entitled to avoid each of the Transfers under 11 U.S.C. §§ 544 and 548.  As the Defendant is the initial transferee of the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of each of the Transfers under 11 U.S.C. § 550.

21.     Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of each of the Transfers is recovered for the benefit of the estate.

## THIRD CLAIM FOR RELIEF
### (Objection to Claim No. 6571 –Disallowance Under Section 502(d))

22.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

23.     Defendant filed a proof of claim against the Debtors' estate in the amount of $300,000 (the "Claim"). The Claim was assigned number 6571 by the court-appointed claims agent.  The Claim asserts a right to payment allegedly owed to the Defendant by one or more of the Debtors for additional severance.

24.     As alleged above, each Fraudulent Transfer constitutes an avoidable transfer pursuant to Bankruptcy Code sections 544 and 548, which is recoverable pursuant to Bankruptcy Code Section 550.

25.    Accordingly, pursuant to Bankruptcy Code section 502(d), the Claim should be disallowed unless and until Defendant pays to the Trust an amount equal to each Fraudulent Transfer that has been challenged by this Complaint.

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1.    For a determination that each of the Transfers is avoidable as fraudulent transfers under Sections 544 and 548 of the Bankruptcy Code, and that Plaintiff is entitled to recover the Transfers under Section 550 of the Bankruptcy Code;

2.    For a judgment disallowing the Claims in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trust of any avoidable and recoverable transfers;

3.    For costs of suit incurred herein, including, without limitation, attorneys' fees;

4.    For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

5.    For such other and further relief as the Court may deem just and proper.

Dated: Richmond, Virginia
November 8, 2010

TAVENNER & BERAN, PLC


___/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Plaintiff Alfred Siegel, as
Trustee of the Circuit City Stores, Inc.
Liquidating Trust*

# EXHIBIT A

| ID | Name | Job Title | Term Date | Release Date |
|---|---|---|---|---|
| 10072165 | Moore,Douglas T | SVP, Chief Merch Officer | 2007-03-22 | 2007-02-05 |

| Name | Check Date | Total Gross |
|---|---|---|
| Moore,Douglas T | 2/21/07 | 17,308 |
| Moore,Douglas T | 3/7/07 | 20,089 |
| Moore,Douglas T | 3/21/07 | 19,231 |
| Moore,Douglas T | 4/4/07 | 10,473 |
| Moore,Douglas T | 5/15/07 | 400,000 |
| Moore,Douglas T | 9/5/07 | 201,003 |
| Moore,Douglas T | 10/3/07 | 75,000 |
| Moore,Douglas T | 11/14/07 | 75,000 |
| Moore,Douglas T | 12/12/07 | 75,000 |
| Moore,Douglas T | 1/9/08 | 75,000 |
| Moore,Douglas T | 2/6/08 | 75,000 |
| Moore,Douglas T | 3/5/08 | 75,000 |
| Moore,Douglas T | 4/2/08 | 75,000 |
| Moore,Douglas T | 5/14/08 | 75,000 |
| Moore,Douglas T | 6/11/08 | 75,000 |
| Moore,Douglas T | 7/9/08 | 75,000 |
| Moore,Douglas T | 8/6/08 | 75,000 |
| Moore,Douglas T | 9/3/08 | 75,000 |
| Moore,Douglas T | 10/1/08 | 75,000 |
| Moore,Douglas T | 10/1/08 | 2,901 |

Total post-termination pay 1,646,005

12304-0030DOCS_LA.228010v1