Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

          - and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | ) Chapter 11 |
| | ) |
|             Debtors. | ) (Jointly Administered) |
| | ) |

### THE TRUSTEE'S OPPOSITION TO THE MOTION OF
### MARBLEGATE ASSET MANAGEMENT, LLC FOR ALLOWANCE
### AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

          Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his opposition

("the Opposition") to the Motion of Marblegate Asset Management, LLC ("Marblegate") for

Allowance and Payment of Administrative Expense Claim (the "Motion"), states as follows:

## BACKGROUND

1.      On November 10, 2008 (the "Petition Date"), the Debtors filed

voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until

the effective date of the Plan, continued to operate as debtors in possession pursuant to

Bankruptcy Code sections 1107 and 1108.

2.      On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

3.      On January 16, 2009, the Court authorized the Debtors to, among

other things, conduct going out of business sales at all of the Debtors' retail locations (the

"Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and

a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out

of business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the

going out of business sales at the Debtors' stores were completed.

4.      On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

5.      The Plan provides for, among other things, the appointment of

Alfred H. Siegel to serve as the Trustee of the Circuit City Stores, Inc. Liquidating Trust, as of

the effective date.

6.      On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, signed an Order confirming the Plan.

7.      The Plan became effective on November 1, 2010.

### MARBLEGATE'S CLAIM

8.      On or about December 16, 2008, Eastman Kodak Company

("Kodak") filed a claim in the amount of $3,874,428.88 as a claim allegedly entitled to priority.

The Claims Agent appointed by the Court designated this claim as claim no. 1147 ("Claim

No. 1147").

9.      In Claim No. 1147, Kodak alleged that the claim was based on the

sales of certain goods by Kodak to Circuit City during the twenty-day period prior to the

Petition Date and was entitled to priority under section 503(b)(9) of the Bankruptcy Code.

10.     On March 12, 2010, Kodak transferred Claim No. 1147 to

Marblegate Special Opportunities Master Fund L.P. ("Marblegate's Claim").

### THE TRUSTEE'S OBJECTION

11.     The Trustee objects to the allowance of Marblegate's Claim for the

reasons set forth in the Trustee's Complaint against Marblegate and Kodak that the Trustee

filed on November 5, 2010 (the "Complaint").  A copy of the Complaint is annexed hereto as

Exhibit A.

12.     In the Complaint, the Trustee seeks the following relief:

i.      Pursuant to Counts I and II, enter judgment against Defendant
under 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the
Preferential Transfers in an amount not less than $5,527,386.70; and

ii.     Pursuant to Count III, enter judgment against Defendant for
breach of contract and award the Trustee damages in an amount not less than
$1,376,471.57; and

iii.     In the alternative to Count III, pursuant to Count IV, enter judgment against Defendant for unjust enrichment and award Circuit City restitution damages on account of Defendant's unjust enrichment in an amount not less than $1,376,471.57; and

iv.     In the alternative to Counts III and IV, pursuant to Count V, order Defendant to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $1,376,471.57; and

v.     Pursuant to Count VI, disallow Claim Nos. 1147 and 5704 in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transfers; and

vi.     Pursuant to Count VII, reduce Claim No. 1147 from the overstated amount of $3,874,428.88 to the proper amount of $3,832,967.27; and

vii.     Pursuant to Count VIII, reduce the General Unsecured Claim from the overstated amount of $7,944,658.75 to the proper amount of $7,883,354.11; and

viii.     In the alternative to Counts III, IV and V, pursuant to Count IX, authorize the Trustee to effect a setoff of the Unpaid Obligations against Claim No. 1147, reducing Claim No.  1147 to the proper amount of $2,456,495.70; and

ix.     Award the Trustee prejudgment interest at the legally allowed applicable rate;

x.     Award the Trustee costs, and expenses of suit herein; and

xi.     Grant the Trustee such other and further relief the Court deems just and appropriate.

13.     Counts VI, VII, and IX specifically apply to Marblegate's Claim.

14.     In Count VI of the Complaint, the Trustee objects to Marblegate's Claim pursuant to Bankruptcy Code section 502(d).  Specifically, the Trustee asserts that Marblegate's Claim must be disallowed unless and until Kodak (as the original filer of Marblegate's Claim) pays to the Trustee an amount equal to each Preferential Transfer (as that term is defined in the Complaint) that is avoided.

15. In Count VII of the Complaint, the trustee objects to Marblegate's Claim on the ground that it is overstated by $41,461.61 because of, among other things, quantity shortages and pricing discrepancies.

16. Finally, in Count IX of the Complaint, as an alternative to certain contract-related causes of action, the Trustee seeks to set-off certain Unpaid Obligations (as that term is defined in the Complaint) against Marblegate's Claim (as modified by Count VII).

17. The Trustee's objections to Marblegate's Claims, as set forth in Counts VI, VII and IX of the Complaint, are collectively referred to as the "Trustee's Objections."

## CONCLUSION

18. For the reasons set forth in the Complaint, the Trustee respectfully requests the Motion be denied without prejudice until the Trustee's Objections are fully and finally adjudicated.

Dated: Richmond, Virginia　　　　TAVENNER & BERAN, PLC
　　　　November 9, 2010


　　　　　　　　　　　　　　　_____/s/ Paula S. Beran_____
　　　　　　　　　　　　　　　Lynn L. Tavenner (VA Bar No. 30083)
　　　　　　　　　　　　　　　Paula S. Beran (VA Bar No. 34679)
　　　　　　　　　　　　　　　20 North Eighth Street, 2nd Floor
　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　(804) 783-8300


　　　　　　　　　　　　　　　　　　- and -


　　　　　　　　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP
　　　　　　　　　　　　　　　Jeffrey N. Pomerantz, Esq.
　　　　　　　　　　　　　　　Andrew W. Caine, Esq.
　　　　　　　　　　　　　　　10100 Santa Monica Boulevard
　　　　　　　　　　　　　　　Los Angeles, California 90067-4100
　　　　　　　　　　　　　　　(310) 277-6910


　　　　　　　　　　　　　　　　　　- and –


　　　　　　　　　　　　　　　Robert J. Feinstein, Esq.
　　　　　　　　　　　　　　　John A. Morris, Esq.
　　　　　　　　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP
　　　　　　　　　　　　　　　780 Third Avenue, 36th Floor
　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　(212) 561-7700


　　　　　　　　　　　　　　　*Counsel to the Circuit City Stores, Inc.*
　　　　　　　　　　　　　　　*Liquidating Trust*

**B104 (FORM 104) (08/07)**                                                                                          **EDVA**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

| PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)



## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. LIQUIDATING | ) Adv. Pro. No. 10-_____ |
| TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EASTMAN KODAK COMPANY and | ) |
| MARBLEGATE SPECIAL OPPORTUNITIES | ) |
| MASTER FUND L.P., | ) |
| | ) |
| Defendants. | ) |

2

**THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND OTHER AMOUNTS OWING TO THE
ESTATE AND OBJECTION TO CLAIM NOS. 1147 AND 5704**

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and

for his objection to proof of claim numbers 1147 and 5704 (the "Complaint") against Eastman

Kodak Company ("Defendant") and Marblegate Special Opportunities Master Fund L.P.

("Marblegate"), alleges as follows:

## NATURE OF THE ACTION

1.      The Trustee brings this action against Defendant to recover amounts due

and owing from Defendant to Circuit City arising from the relationship between the parties.  In

addition to contractual claims, the Trustee seeks recovery for unjust enrichment and to avoid and

recover certain preferential transfers that occurred during the 90-day period prior to the

commencement of Circuit City's bankruptcy proceedings, as well as turnover of property of the

bankruptcy estates.  Finally, the Trustee objects to Defendant's proofs of claim filed against the

Debtors' estates.

## THE PARTIES

2.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the

Circuit City Stores, Inc. Liquidating Trust (the "Trust").  Pursuant to Articles II and III of the

Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors

through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3.      Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4.      Upon information and belief, defendant Eastman Kodak Company is a corporation organized under the laws of the State of New Jersey with its principal place of business in Rochester, New York.

5.      Upon information and belief, defendant Marblegate is a limited partnership formed under the laws of the Cayman Islands, with its principal place of business in New York, New York.  Marblegate is named as a defendant because it is the holder of Claim No. 1147 (as that term is defined below), to which to Trustee objects.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

7.      This is a core proceeding under 28 U.S.C. § 157(b).

8.      Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

4

9.      The statutory and legal predicates for the relief requested by the

Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code

(the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

**A.      General Case Background**

10.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code

sections 1107 and 1108.

11.      On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

12.      On January 16, 2009, the Court authorized the Debtors to, among other

things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores")

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint

venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of

business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the going

out of business sales at the Debtors' stores were completed.

13.      On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

14.      On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

DOCS_NY:22159.2

15.     The Plan became effective on November 1, 2010 (the "Effective Date").

**B.      The Business Relationship Between Circuit City And
         Defendant**

16.     Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

17.     On September 21, 2000, Circuit City and Defendant entered into an agreement (the "Service Agreement") pursuant to which Defendant was to provide certain services to Circuit City.

18.     In addition, during the course of the parties' relationship, Defendant sold certain products to Circuit City and such sales and related transactions are reflected in invoices, communications and other documents (collectively, the "Purchase Agreements").

19.     The Service Agreement and the Purchase Agreements are collectively referred to as the "Defendant's Agreements."

20.     During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records").

**C.      Amounts Allegedly Owed To Defendant And Defendant's
         Proofs Of Claim**

**(1)     Claim No. 1147**

21.     On or about December 16, 2008, Defendant filed a claim in the amount of $3,874,428.88 as a claim allegedly entitled to priority.  The Claims Agent appointed by the Court designated this claim as claim no. 1147 ("Claim No. 1147").

22.     In Claim No. 1147, Defendant alleges that the claim was based on the sales of certain goods by Defendant to Circuit City during the twenty-day period prior to the Petition Date.

23.     On March 12, 2010, Defendant transferred Claim No. 1147 to Marblegate Special Opportunities Master Fund L.P.

**(2)     Claim No. 5704**

24.     On or about January 27, 2009, Defendant filed a claim in the amount of $11,819,087.63 as a general unsecured non-priority claim (the "General Unsecured Claim"). The Claims Agent appointed by the Court designated this claim as claim No. 5704 ("Claim No. 5704").

25.     The General Unsecured Claim was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

26.     Pursuant to the Court's order on Debtor's Thirty-Fourth Omnibus Objections (Docket No. 5385 ), Claim No. 5704 was reduced and docketed in the amount of $7,944,658.75 as a result of the elimination of certain portions of the claim that were deemed duplicative of Claim No. 1147.

**D.     Amounts Owed To Circuit City By Defendant**

27.     As of the date hereof, on account of the pre- and post-petition business conducted between Defendant and Circuit City pursuant to the Defendant's Agreements or otherwise, Defendant is indebted to Circuit City on account of the following unpaid obligations (the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---|
| Chargebacks | $1,311,295.49 |
| Returns and Other | $65,176.08 |
| **TOTAL** | **$1,376,471.57** |

7

28.     The Unpaid Obligations are due, owing, and payable by Defendant to Circuit City.

29.     Circuit City has made demand for the Unpaid Obligations, but Defendant has not complied, and has not paid any portion of the Unpaid Obligations.

E.     **Transfers To Defendant Made Within 90 Days Prior To The Petition Date**

30.     During the 90-day period prior to the commencement of Circuit City's bankruptcy cases (the "Preference Period"), Circuit City transferred property to or for the benefit of Defendant in an amount not less than $5,527,386.  A list identifying each and every transfer during the Preference Period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Preferential Transfers").

31.     Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under Section 547(g).  Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

## COUNT II

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

32.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

33.     During the Preference Period, Defendant was a creditor of one or more of the Debtors.

DOCS_NY:22159.2

34.     Each Preferential Transfer identified on Exhibit A hereto was made to or for the benefit of Defendant.

35.     Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

36.     Each Preferential Transfer was made during the Preference Period.

37.     Each Preferential Transfer was made while the Debtors were insolvent.

38.     Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

39.     Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## <u>COUNT III</u>

### RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

40.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein

41.     Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

42.     Each Preferential Transfer that is avoided under Section 547(b) is recoverable pursuant to Bankruptcy Code section 550.

9

43.     Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT IV

## BREACH OF CONTRACT

44.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

45.     Pursuant to the Defendant's Agreements, Defendant is obligated to pay to the Debtors the Unpaid Obligations.

46.     The Defendant's Agreements are valid and enforceable agreements against Defendant.

47.     The Debtors performed their obligations under the Defendant's Agreements with respect to the Unpaid Obligations.

48.     Defendant's failure to compensate the Debtors for the Unpaid Obligations in an amount not less than $1,376,471.57 constitutes a material breach of Defendant's obligations under the Defendant's Agreements.

49.     As a direct and proximate result of Defendant's breaches, the Debtors incurred damages in an amount not less than $1,376,471.57.

50.     Accordingly, the Trustee is entitled to a judgment against Defendant in an amount not less than $1,376,471.57.

## COUNT V

## UNJUST ENRICHMENT/QUASI CONTRACT

51.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

DOCS_NY:22159.2

52.     In the alternative to Count III, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IV.

53.     The Debtors conferred a benefit upon Defendant pursuant to the Defendant Agreements, by retaining receivables or failing to provide credit for chargebacks, returns and other amounts.

54.     Defendant knowingly accepted the benefit conferred by the Debtors.

55.     The Debtors reasonably expected to be compensated by Defendant in an amount not less than $1,376,471.57 on account of the benefit conferred upon Defendant.

56.     Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $1,376,471.57.

57.     The Trustee has no adequate remedy at law to recover the Unpaid Obligations.

58.     Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trustee is entitled to restitution from the Defendant in an amount not less than $1,376,471.57.

## COUNT VI

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

59.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

60.     In the alternative to Counts III and IV, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count V.

11

61.     Defendant is in possession, custody, and control of the Unpaid Obligations in an amount not less than $1,376,471.57.

62.     Defendant is not a custodian for the Unpaid Obligations.

63.     The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

64.     The Unpaid Obligations are property of the Debtors' estates under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

65.     Despite being requested to do so, Defendant has not turned over or paid to Circuit City the Unpaid Obligations.

66.     Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $1,376,471.57.

## COUNT VII

### OBJECTION TO CLAIMS NOS. 1147 and 5704 – DISALLOWANCE UNDER SECTION 502(d)

67.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

68.     Claim Nos. 1147 and 5704 assert a right to payment allegedly owed by one or more of the Debtors.

69.     As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to Bankruptcy Code section 550.

DOCS_NY:22159.2

70.      Accordingly, pursuant to Bankruptcy Code section 502(d), Claim Nos. 1147 and 5704 must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided.

## COUNT VIII

### OBJECTION TO CLAIM NO. 1147 AS OVERSTATED

71.      The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

72.      After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 1147 is overstated by $41,461.61.  In particular, Claim No. 1147 is overstated on account of, among other things, quantity shortages and pricing discrepancies.

73.      As a result, Defendant's Claim No. 1147 should be reduced to an amount not to exceed $3,832,967.27.

## COUNT IX

### OBJECTION TO CLAIM NO. 5704 AS OVERSTATED

74.      The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

75.      After a thorough review of the Debtors' Books and Records, the Trustee has determined that the General Unsecured Claim is overstated by $61,304.64.  In particular, Claim No. 5704 is overstated on account of, among other things, quantity shortages, pricing discrepancies and reversals of previously taken deductions.

76.      As a result of the above, Defendant's Claim No. 5704 should be reduced to an amount not to exceed $7,883,354.11.

13

## <u>COUNT X</u>

### OBJECTION TO CLAIM NO. 1147 – SETOFF OF THE UNPAID OBLIGATIONS

77.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

78.     In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IX.

79.     The Unpaid Obligations arose from business transactions between the Debtors and Defendant.

80.     The Unpaid Obligations are debts owed by Defendant to the Debtors.

81.     Claim No. 1147 also arose from business transactions between Defendant and the Debtors, and is a debt allegedly owed by the Debtors to Defendant.

82.     Consequently, under applicable law, the Debtors have established valid setoff rights.

83.     Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

84.     Under applicable law, the Unpaid Obligations should be setoff first against Claim No. 1147.

85.     After setoff, Claim No. 1147 should be reduced to $2,456,495.70.

86.     After setoff, the Unpaid Obligations should be reduced to $0 (the "Remaining Unpaid Obligations").

DOCS_NY:22159.2

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i.       Pursuant to Counts I and II, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the Preferential Transfers in an amount not less than $5,527,386.70; and

ii.      Pursuant to Count III, enter judgment against Defendant for breach of contract and award the Trustee damages in an amount not less than $1,376,471.57; and

iii.     In the alternative to Count III, pursuant to Count IV, enter judgment against Defendant for unjust enrichment and award Circuit City restitution damages on account of Defendant's unjust enrichment in an amount not less than $1,376,471.57; and

iv.      In the alternative to Counts III and IV, pursuant to Count V, order Defendant to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $1,376,471.57; and

v.       Pursuant to Count VI, disallow Claim Nos. 1147 and 5704 in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transfers; and

vi.      Pursuant to Count VII, reduce Claim No. 1147 from the overstated amount of $3,874,428.88 to the proper amount of $3,832,967.27; and

vii.     Pursuant to Count VIII, reduce the General Unsecured Claim from the overstated amount of $7,944,658.75 to the proper amount of $7,883,354.11; and

viii.    In the alternative to Counts III, IV and V, pursuant to Count IX, authorize the Trustee to effect a setoff of the Unpaid Obligations against Claim No. 1147, reducing Claim No. 1147 to the proper amount of $2,456,495.70; and

ix.      Award the Trustee prejudgment interest at the legally allowed applicable rate;

x.       Award the Trustee costs, and expenses of suit herein; and

xi.      Grant the Trustee such other and further relief the Court deems just and appropriate.

DOCS_NY:22159.2

Dated: Richmond, Virginia
       November 4, 2010

TAVENNER & BERAN, PLC


*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Liquidating Trustee*

16

## EXHIBIT A

### (Preferential Transfers)

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| EASTMAN KODAK CO | 8/13/2008 | 1033411 | $ 253,787.15 |
| EASTMAN KODAK CO | 8/14/2008 | 1033512 | $ 172,663.11 |
| EASTMAN KODAK CO | 8/18/2008 | 1033621 | $ 49,558.16 |
| EASTMAN KODAK CO | 8/22/2008 | 1033764 | $ 248,721.95 |
| EASTMAN KODAK CO | 8/22/2008 | 1033853 | $ 258,901.63 |
| EASTMAN KODAK CO | 8/25/2008 | 1033951 | $ 50,769.96 |
| EASTMAN KODAK CO | 8/25/2008 | 1034089 | $ 450,271.81 |
| EASTMAN KODAK CO | 9/2/2008 | 1034184 | $ 582,362.53 |
| EASTMAN KODAK CO | 9/5/2008 | 1034297 | $ 89,314.06 |
| EASTMAN KODAK CO | 9/8/2008 | 1034401 | $ 303,326.08 |
| EASTMAN KODAK CO | 9/9/2008 | 1034629 | $ 76,128.86 |
| EASTMAN KODAK CO | 9/11/2008 | 1034731 | $ 80,546.58 |
| EASTMAN KODAK CO | 9/12/2008 | 1034852 | $ 239,682.95 |
| EASTMAN KODAK CO | 9/16/2008 | 1035037 | $ 250,695.54 |
| EASTMAN KODAK CO | 9/18/2008 | 1035143 | $ 13,194.51 |
| EASTMAN KODAK CO | 9/19/2008 | 1035264 | $ 49,909.47 |
| EASTMAN KODAK CO | 9/26/2008 | 1035655 | $ 14,225.74 |
| EASTMAN KODAK CO | 10/6/2008 | 1035544 | $ 5,577.68 |
| EASTMAN KODAK CO | 10/7/2008 | 1036147 | $ 78,278.26 |
| EASTMAN KODAK CO | 10/9/2008 | 1036247 | $ 12,238.34 |
| EASTMAN KODAK CO | 10/10/2008 | 1036364 | $ 118,342.64 |
| EASTMAN KODAK CO | 10/15/2008 | 1036518 | $ 97,461.89 |
| EASTMAN KODAK CO | 10/20/2008 | 1036613 | $ 57,772.48 |
| EASTMAN KODAK CO | 10/20/2008 | 1036706 | $ 153,479.30 |
| EASTMAN KODAK CO | 10/20/2008 | 1036763 | $ 3,281.78 |
| EASTMAN KODAK CO | 10/22/2008 | 1036852 | $ 231,308.58 |
| EASTMAN KODAK CO | 10/24/2008 | 1036935 | $ 55,675.26 |
| EASTMAN KODAK CO | 10/24/2008 | 1037030 | $ 76,853.13 |
| EASTMAN KODAK CO | 10/27/2008 | 1037162 | $ 264,000.01 |
| EASTMAN KODAK CO | 10/30/2008 | 1037229 | $ 356,137.32 |
| EASTMAN KODAK CO | 11/3/2008 | 1037380 | $ 143,025.80 |
| EASTMAN KODAK CO | 11/6/2008 | 1037323 | $ 689,894.14 |

**Total Payment Amount** $5,527,386.70