**B104 (FORM 104) (08/07)**                                                                                    **EDVA**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

| PARTY (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

James S. Carr, Esq. (admitted *pro hac vice*)
Nicholas J. Panarella, Esq.
Martin Krolewski, Esq.
Kristin S. Elliott, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., *et al.,* | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) Adv. Pro. No. 10-_____ |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GAME TRADING TECHNOLOGIES, INC., PLANET REPLAY LLC, | ) |
| | ) |
| | ) |
| Defendants. | |

**THE LIQUIDATING TRUSTEE'S COMPLAINT TO RECOVER AMOUNTS OWING
TO THE ESTATE AND OBJECTION TO CLAIM NO. 15**

DOCS_LA:227986.2

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of

Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in

Possession and its Official Committee of Creditors Holding General Unsecured

Claims (the "Plan"), for his complaint and for his objection to Proof of Claim No. 15

(the "Complaint") against Planet Replay LLC and Game Trading Technologies, Inc.

(collectively, "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      The Trustee brings this action against Defendant to recover

amounts due and owing from Defendant to Circuit City arising from the relationship

between the parties.  In addition to contractual claims, the Trustee seeks recovery for

unjust enrichment as well as turnover of property of the bankruptcy estates.  Finally,

the Trustee objects to Defendant's proof of claim filed against the Debtors' estates.

## THE PARTIES

2.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed

trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust").  Pursuant to

Articles II and III of the Trust, the Trustee has the sole authority to pursue claims

transferred to the Trust by the Debtors through the Plan, and to litigate objections to

claims asserted against the Debtors' estates.

DOCS_LA:227986.2

3.      Prior to the Effective Date of the Plan, Circuit City Stores, Inc.

and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1]

were corporations that maintained their respective principal places of business in the

locations set forth below, and were the debtors in the above-captioned chapter 11

bankruptcy cases.

4.      Upon information and belief, Planet Replay LLC is a limited

liability company organized under the laws of the State of Maryland with its

principal place of business in Towson, Maryland.  Upon information and belief,

Planet Reply LLC has discontinued operations and is a retail affiliate of Game

Trading Technologies, Inc., which is a corporation organized under the laws of the

State of Delaware with its principal place of business in Hunt Valley, Maryland.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this matter under 28

U.S.C. §§ 157 and 1334.

6.      This is a core proceeding under 28 U.S.C. § 157(b).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as
follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC
Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties,
LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland
MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores
PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

7.      Venue of these chapter 11 cases and this adversary proceeding

in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8.      The statutory and legal predicates for the relief requested by

the Complaint are sections 105, 502, 541, 542, and 558 of title 11, United States

Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local

Bankruptcy Rule 3007-1.

## PERTINENT FACTS

### A.      General Case Background

9.      On November 10, 2008 (the "Petition Date"), the Debtors filed

voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code,

and until the effective date of the Plan, continued to operate as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108.

10.     On November 12, 2008, the Office of the United States

Trustee for the Eastern District of Virginia appointed a statutory committee of

unsecured creditors (the "Creditors' Committee").

11.     On January 16, 2009, the Court authorized the Debtors to,

among other things, conduct going out of business sales at all of the Debtors' retail

locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement")

between the Debtors and a joint venture, as agent (the "Agent").  On January 17,

2009, the Agent commenced going out of business sales at the Stores pursuant to the

DOCS_LA:227986.2

Agency Agreement.  As of March 8, 2009, the going out of business sales at the

Debtors' stores were completed.

12.    On August 9, 2010, the Debtors and the Creditors' Committee

filed the Plan, which provides for the liquidation of the Debtors' assets and

distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

13.    On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, signed an Order confirming the Plan.

14.    The Plan became effective on November 1, 2010 (the

"Effective Date").

B.    **The Business Relationship Between Circuit City and Defendant**

15.    Prior to the commencement of these bankruptcy cases, the

Debtors were a leading specialty retailer of consumer electronics and operated large

nationwide electronics stores that sold, among other things, televisions, home theatre

systems, computers, camcorders, furniture, software, imaging and

telecommunications products, and other audio and video electronics.

16.    During the course of the parties' relationship, the parties

engaged in numerous transactions, that are reflected in invoices, communications

and other documents (collectively, the "Defendant's Agreements").

17.    Circuit City purchased goods from the Defendant pursuant to

the Defendant's Agreements.

DOCS_LA:227986.2

18.     Circuit City and Defendant conducted business with one

another up to and through the Petition Date, under the Defendant's Agreements.

19.     During the ordinary course of the Debtors' business, the

Debtors maintained books and records of their transactions with Defendant (the

"Books and Records").

**C.     Amounts Allegedly Owed to Defendant and Defendant's Proof of Claim**

**(1)     Claim No. 15**

20.     On or about November 19, 2008, Defendant filed a claim in

the amount $446,992.50 as a general unsecured, non-priority claim.  The Claims

Agent appointed by the Court designated the claim as Claim No. 15 (the "General

Unsecured Claim").

21.     The General Unsecured Claim was filed on account of goods

and services allegedly provided to Circuit City prior to the Petition Date.

**D.     Amounts Owed to Circuit City by Defendant**

22.     As of the date hereof, on account of the prepetition business

conducted between Defendant and Circuit City pursuant to the Defendant's

Agreements or otherwise, Defendant is indebted to Circuit City on account of

$20,000 of unpaid chargeback obligations (the "Unpaid Obligations") used to cover

expenses related to markdowns.

23.     The Unpaid Obligations are due, owing, and payable by

Defendant to Circuit City.

DOCS_LA:227986.2

## COUNT I

### BREACH OF CONTRACT

24.    The Trustee repeats and realleges each of the allegations set

forth above as if fully set forth herein.

25.    Pursuant to the Defendant's Agreements, Defendant is

obligated to pay to the Debtors the Unpaid Obligations as and for chargebacks under

the Defendant's Agreements, as set forth in Paragraph 23, supra.

26.    The Defendant's Agreements are valid and enforceable

agreements against Defendant.

27.    The Debtors performed their obligations under the

Defendant's Agreements with respect to the Unpaid Obligations.

28.    Defendant's failure to compensate the Debtors for the Unpaid

Obligations constitutes a material breach of Defendant's obligations under the

Defendant's Agreements.

29.    As a direct and proximate result of Defendant's breaches, the

Debtors incurred damages in an amount not less than $20,000.

30.    Accordingly, the Trustee is entitled to a judgment against

Defendant in an amount not less than $20,000.

## COUNT II

### UNJUST ENRICHMENT/QUASI CONTRACT

31.     The Trustee repeats and realleges each of the allegations set

forth above as if fully set forth herein.

32.     In the alternative to Count I, but without waiving any

allegation with respect thereto, the Trustee makes the following additional

allegations in support of Count II.

33.     The Debtors conferred a benefit upon Defendant pursuant to

the Defendant's Agreements, by agreeing to cover expenses related to markdowns.

34.     Defendant knowingly accepted the benefit conferred by the

Debtors.

35.     The Debtors reasonably expected to be compensated by

Defendant in an amount not less than $20,000 on account of the benefit conferred

upon Defendant.

36.     Defendant's receipt of benefit without just compensation to

the Debtors has unjustly enriched Defendant in an amount not less than $20,000.

37.     The Trustee has no adequate remedy at law to recover the

Unpaid Obligations.

38.     Accordingly, as a result of Defendant's unjust enrichment at

the Debtors' expense, the Trustee is entitled to restitution from the Defendant in an

amount not less than $20,000.

DOCS_LA:227986.2

## COUNT III

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

39.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

40.     In the alternative to Counts I and II, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count III.

41.     Defendant is in possession, custody, and control of the Unpaid Obligations in an amount not less than $20,000.

42.     Defendant is not a custodian for the Unpaid Obligations.

43.     The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

44.     The Unpaid Obligations are property of the Debtors' estates under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

45.     Despite being requested to do so, Defendant has not turned over or paid to Circuit City the Unpaid Obligations.

46.     Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $20,000.

DOCS_LA:227986.2

## COUNT IV

### ACCOUNT STATED

47.     The Trustee repeats and realleges each of the allegations set

forth above as if fully set forth herein.

48.     In the alternative to Counts I, II, and III, but without waiving

any allegation with respect thereto, the Trustee makes the following additional

allegations in support of Count IV.

49.     One or more of the Debtors rendered invoices to the

Defendant in the total amount of $20,000.

50.     Defendant has failed to pay the outstanding amount of

$20,000.

51.     An account has been stated between the Debtor(s) which

rendered the invoices and the Defendant whereby Defendant is indebted to such

Debtor(s) in the total amount of $20,000.

52.     Said sums remain unpaid and the Trustee is entitled to

judgment against Defendant in the amount of $20,000 plus interest.

## COUNT V

### OBJECTION TO THE GENERAL UNSECURED CLAIM AS OVERSTATED

53.     The Trustee repeats and realleges each of the allegations set

forth above as if fully set forth herein.

DOCS_LA:227986.2

54.     After a thorough review of the Debtors' Books and Records,

the Trustee has determined that the General Unsecured Claim is overstated by at

least $1,830.00.  In particular, the Trustee has determined that the General

Unsecured Claim fails to account for reconciling adjustments and/or provide proper

credits to Circuit City.

55.     As a result, the General Unsecured Claim should be reduced

by an amount of at least $1,830.00 to an amount of no more than $445,162.50 (the

"Modified General Unsecured Claim").

## COUNT VI

**OBJECTION TO THE GENERAL UNSECURED CLAIM – SETOFF OF THE
UNPAID OBLIGATIONS**

56.     The Trustee repeats and realleges each of the allegations set

forth above as if fully set forth herein.

57.     In the alternative to Counts I, II and III, but without waiving

any allegation with respect thereto, the Trustee makes the following additional

allegations in support of Count VI.

58.     The Unpaid Obligations arose from business transactions

between the Debtors and Defendant.

59.     The Unpaid Obligations are debts owed by Defendant to the

Debtors.

60.     The General Unsecured Claim also arose from business

transactions between Defendant and the Debtors, and is a debt allegedly owed by the

Debtors to Defendant.

61.     Consequently, under applicable law, the Debtors have

established valid setoff rights.

62.     Pursuant to Bankruptcy Code section 558, the Debtors'

defenses, including setoff, are preserved.

63.     Under applicable law, the Unpaid Obligations should be setoff

against the General Unsecured Claim.

64.     After setoff, the General Unsecured Claim should be reduced

to $425,162.50 ($445,162.50 minus $20,000).

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i.     Pursuant to Count I, enter judgment against Defendant for
breach of contract and award the Trustee damages in an amount not less than
$20,000; and

ii.     In the alternative to Count I, pursuant to Count II, enter
judgment against Defendant for unjust enrichment and award Circuit City restitution
damages on account of Defendant's unjust enrichment in an amount not less than
$20,000; and

iii.     In the alternative to Counts I and II, pursuant to Count III,
order Defendant to immediately turn over and deliver to the Trustee the Unpaid
Obligations in an amount not less than $20,000; and

iv.     In the alternative to Counts I, II, and III, pursuant to Count IV,
enter judgment against Defendant for an account stated and award the Trustee
damages in an amount not less than $20,000; and

DOCS_LA:227986.2

        v.        Pursuant to Count V, reduce the General Unsecured Claim from the overstated amount of $446,992.50 to $445,162.50; and

        vi.        In the alternative to Counts I, II, and III, pursuant to Count VI, authorize the Trustee to effect a setoff against the Modified General Unsecured Claim, reducing the Modified General Unsecured Claim by $20,000 to $425,162.50; and

        vii.        Award the Trustee prejudgment interest at the legally allowed applicable rate;

        viii.        Award the Trustee costs, and expenses of suit herein; and

        ix.        Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia         TAVENNER & BERAN, PLC
       November 9, 2010

                                /s/ Paula S. Beran
                        Lynn L. Tavenner (VA Bar No. 30083)
                        Paula S. Beran (VA Bar No. 34679)
                        20 North Eighth Street, 2nd Floor
                        Richmond, Virginia 23219
                        (804) 783-8300

                                  - and -

                        James S. Carr, Esq. (admitted *pro hac vice*)
                        Nicholas J. Panarella, Esq.
                        Martin Krolewski, Esq.
                        Kristin S. Elliott, Esq.
                        KELLEY DRYE & WARREN LLP
                        101 Park Avenue
                        New York, New York 10178
                        Telephone: (212) 808-7800
                        Telecopy:  (212) 808-7897

                        *Counsel to the Liquidating Trustee*

DOCS_LA:227986.2