**B104 (FORM 104) (08/07)**                                                **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||  BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to Plaintiff*
*Alfred H. Siegel, Trustee of the Circuit City Stores,*
*Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
|  | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) |
|  | ) Adv. Pro. No. 10-_____ |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| DDR MDT FAIRFAX TOWNE CENTER, LLC, a Delaware limited liability company, | ) |
|  | ) |
| Defendant. | ) |

**THE LIQUIDATING TRUSTEE'S COMPLAINT FOR BREACH OF
CONTRACT AND OTHER AMOUNTS OWING TO THE ESTATE
AND OBJECTION TO CLAIM**

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores,

Inc. Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of

Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in

DOCS_NY:22058.11

Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and objection to claims (the "Complaint") against DDR MDT Fairfax Towne Center, LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against Defendant to recover amounts due for landlord reimbursements under the parties' lease agreement for real property leased by Circuit City from Defendant. In addition to contractual claims, the Trustee seeks recovery for unjust enrichment and turnover of property of the bankruptcy estates. Finally, the Trustee objects to Defendant's proofs of claim filed against the above-captioned estates.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were the debtors in the above-captioned chapter 11 bankruptcy cases.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland
*(cont'd)*

4. Upon information and belief, defendant DDR MDT Fairfax Towne Center, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Beachwood, Ohio.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding under 28 U.S.C. § 157(b).

7. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541 and 542 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

**A.    General Case Background**

9. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

---

*(cont'd from previous page)*
 MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

DOCS_NY:22058.11

10. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

13. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

14. The Plan became effective on November 1, 2010 (the "Effective Date").

B. **The Relationship Between Circuit City And Defendant, and the Debtors' Outstanding Landlord Reimbursement claims**

15. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre

systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

16. At all material times, Defendant owned a real property that was occupied by the Debtors pursuant to a Lease Agreement dated January 25, 2008 (the "Agreement") that governed the parties' relationship . The location and Circuit City store location number for the real property (the "Property") were as follows: Location # 3844, Fairfax Towne Center, 4110 West Ox Road, Fairfax, VA 22033.

17. Pursuant to the Agreement for the Property, at section 2.03 thereof, the Debtors were entitled to a landlord reimbursement ("LR") for enhancements made by the Debtors in order to improve the property so that the Debtors could open a Circuit City retail store on the premises, which store was outfitted to satisfy the Debtors' usual high standards.

18. During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records"). According to the Books and Records, the following amount is due and owing from Defendant to the Debtors for unpaid LR for the Property (the "Unpaid LR Obligation"): $1,033,512.50.

19. The Debtors' determination of the Unpaid LR Obligations was calculated according to Section 2.03 of the Lease, which defined landlord reimbursement as the product of an agreed-upon reimbursement amount per square foot ($44.50) multiplied by the floor area of the premises. Section 2.03 of the Lease also indicates when payment of the LR should occur. The landlord reimbursement was due within 30 days of the completion of both of the following:

1) substantial completion of the building, and
2) tenant's furnishing of all of the following to the landlord:
   a. certificates of insurance,
   b. an indemnification with respect to mechanics' liens,
   c. a square footage building perimeter survey, and
   d. a certification from the tenant that the building has been constructed in accordance with site requirements

The Debtors completed all of the above obligations, and pursuant to the Agreement, the Unpaid LR Obligation became due from Defendant on November 14, 2008.

20. During the course of the parties' relationship, the Debtors complied with all obligations under the Agreement for the Property. The Debtors' obligation to pay rent under the Agreement did not commence until the completion of the tenant improvements and opening of the store.

**C.    Defendant's Proofs Of Claim**

**(1)  Claim No. 13462**

21. On or about June 19, 2009, Defendant filed a claim in the amount of $1,668,567.70 as a general unsecured claim. The Claims Agent appointed by the Court designated this claim as claim no. 13462. The claim has several components, including prepetition rent ($93,714.18), damages for rejection of the Agreement ($1,191,514.11), mechanics lien claims ($344,251.11), and other miscellaneous prepetition charges, including a credit due to the Debtors.

22. The Trust has reviewed the Books and Records, agrees with the claimed amount of prepetition rent and the calculation of lease rejection damages allowable under Bankruptcy Code section 502(b)(6). The Books and Records disagree with the other amounts asserted in Claim No. 13462. The mechanics lien claims are not supported by any documentation attached to the Claim (only a ledger

is attached), and were also asserted by the underlying claimants and expunged or otherwise withdrawn or disallowed.  The Trust believes the proper amount of the claim to be $1,284,381.05.

### (2)  Claim No. 14951[2]

24. On or about March 31, 2010, Defendant filed a claim in the amount of $302,662.16 as an administrative claim based on November stub rent and other administrative rent and charges under Bankruptcy Code section 507(a)(1).  The Claims Agent appointed by the Court designated this claim as claim no. 14951.  The Trust has reviewed the Books and Records and believe that Claim No. 14951 is overstated, as among other matters, the claim for November stub rent has been paid and the other charges are invalid; the Claim fails to attach any evidence to support the claimed amounts.  The Trust submits that the proper amount of the claim should be $228,345.12.

### COUNT I

### BREACH OF CONTRACT

24. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

25. Pursuant to the Agreement, Defendant promised to pay to the Debtors the Unpaid LR Obligation in the amount of $1,033,512.50.

---

[2] Claim No. 14951 expressly amended and superseded previously filed Claim No. 12652, which should be disallowed accordingly.

26. The Agreement is a valid and enforceable agreement against Defendant.

27. The Debtors performed their obligations under the Agreement.

28. Defendant's failure to compensate the Debtors for Unpaid LR Obligation in an amount not less than $1,033,512.50 constitutes a material breach of Defendant's obligations under the Agreement.

29. As a direct and proximate result of Defendant's breaches, the Debtors incurred damages in an amount not less than $1,033,512.50.

30. Accordingly, the Trust is entitled to a judgment against Defendant in an amount not less than $1,033,512.50.

## COUNT II

### UNJUST ENRICHMENT/QUASI CONTRACT

31. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

32. In the alternative to Count I, but without waiving any allegation with respect thereto, the Trust makes the following additional allegations in support of Count II.

33. The Debtors conferred a benefit upon Defendant pursuant to each of the Agreements by performing as required under the Agreement to the financial advantage of Defendants, in accordance with the parties' bargain therefor.

34. Defendant knowingly accepted the benefit conferred by the Debtors.

35. The Debtors reasonably expected to be compensated by Defendant in an amount not less than $1,033,512.50 pursuant to the terms of the parties' arrangement, and on account of the promised LR due to the Debtors in conjunction with their occupation of the properties and the benefit conferred thereby upon Defendant.

36. Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $1,033,512.50

37. The Trust has no adequate remedy at law to recover the outstanding and unpaid LR.

38. Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trust is entitled to restitution from the Defendant in an amount not less than $1,033,512.50

## COUNT III

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

39. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

40. In the alternative to Counts I and II, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count III.

41. Defendant is in possession, custody, and control of the Unpaid LR Obligation due to the Debtors in an amount not less than $1,033,512.50

42. Defendant is not a custodian for the Unpaid LR Obligation.

43. The Unpaid LR Obligation constitute valid and existing debts, due and owing by Defendant to the Debtors.

44. The Unpaid LR Obligation is property of the Debtors' estates under section 541 of the Bankruptcy Code, and constitutes a debt that is matured, payable on demand, or payable on order.

45. Despite being requested to do so, Defendant has not turned over or paid to the Debtors the Unpaid LR Obligation.

46. Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trust the Unpaid LR Obligation in an amount not less than $1,033,512.50.

## COUNT IV

## ACCOUNT STATED

47. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

48. During the course of the parties' relationship, Defendant incurred a debt to the Debtors for the Unpaid LR Obligation in the total amount of $1,033,512.50.

49. Defendant has failed to pay the outstanding amount of $1,033,512.50.

50. An account has been stated between the Debtors and the Defendant whereby Defendant is indebted to the Debtors in the total amount of $1,033,512.50 on account of the Unpaid LR Obligation.

51. Despite the Debtors' demands, the Unpaid LR Obligation remain unpaid, and the Trust is entitled to judgment against Defendant in the amount of $1,033,512.50 plus interest thereon.

## COUNT V

### OBJECTION TO CLAIM NO. 13462 AS OVERSTATED

52. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

53. After a thorough review of the Debtors' Books and Records, , the Trust has determined that Claim No. 13462 is overstated as described above. The Trust has reviewed the Books and Records, agrees with the claimed amount of prepetition rent and the calculation of lease rejection damages allowable under Bankruptcy Code section 502(b)(6). The Books and Records disagree with the other amounts asserted in Claim No. 13462. The mechanics lien claims are not supported by any documentation attached to the Claim (only a ledger is attached), and were also asserted by the underlying claimants and expunged or otherwise withdrawn or disallowed. The Trust believes the proper amount of the claim to be $1,284,381.05.

54. As a result, Defendant's Claim No. 13462 should be reduced to an amount not to exceed $1,284,381.05.

## COUNT VI

### OBJECTION TO CLAIM NO. 14951 AS OVERSTATED

55. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

56. After a thorough review of the Debtors' Books and Records, as described above, the Trust has calculated the proper amount of Claim No. 14951 to be $228,345.12.

57. As a result, Defendant's Claim No. 14951 should be reduced to an amount not to exceed $228,345.12.

## COUNT VII

### OBJECTION TO CLAIM NO. 12652 AS AMENDED AND SUPERSEDED

58. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

59. As noted above, Defendant's Claim No. 12652 was expressly amended and superseded by Defendant's Claim No. 14951.

60. As a result, Defendant's Claim No. 12652 should be disallowed in its entirety.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment against Defendant for breach of contract and award the Trust damages in an amount not less than $1,033,512.50; and

ii. In the alternative to Count I, pursuant to Count II, enter judgment against Defendant for unjust enrichment and award the Trust restitution damages on account of Defendant's unjust enrichment in an amount not less than $1,033,512.50; and

iii. In the alternative to Counts I and II, pursuant to Count III, order Defendant to immediately turn over and deliver to the Trustee the Unpaid LR Obligations in an amount not less than $1,033,512.50; and

    iv. In the alternative to Counts I, II and III, pursuant to Count IV, enter judgment against Defendant for an account stated and award the Trust damages in an amount not less than $1,033,512.50; and

    v. Pursuant to Count V, reduce Claim No. 13462 to the proper amount of $1,284,381.05; and

    vi. Pursuant to Count VI, reduce Claim No. 14951 to the proper amount of $228,345.12; and

    vii. Pursuant to Count VII, disallow Claim No. 12652 in its entirety as amended and superseded; and

    viii. Award the Trust prejudgment interest at the legally allowed applicable rate;

    ix. Award the Trust costs, and expenses of suit herein; and

    x. Grant the Trust such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia    TAVENNER & BERAN, PLC
   November 9, 2010

                /s/ Lynn L. Tavenner
               Lynn L. Tavenner (VA Bar No. 30083)
               Paula S. Beran (VA Bar No. 34679)
               20 North Eighth Street, 2nd Floor
               Richmond, Virginia 23219
               (804) 783-8300

               *Counsel to Plaintiff*
               *Alfred H. Siegel, Trustee of the Circity Stores, Inc. Liquidating Trust*

DOCS_NY:22058.11