**B104 (FORM 104) (08/07)**     **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| | |
| **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
   **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., *et al.,* | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) |
| | ) Adv. Pro. No. 10-_____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TAKE TWO INTERACTIVE SOFTWARE, INC., a/k/a TAKE TWO INTERACTIVE, | ) |
| | ) |
| Defendant. | ) |

**THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND OTHER AMOUNTS OWING TO THE
<u>ESTATE AND OBJECTION TO CLAIM NOS. 926 AND 10082</u>**

DOCS_LA:227302.2

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and for his objection to proof of claim numbers 926 and 10082 (the "Complaint") against Take Two Interactive Software, Inc., a/k/a Take Two Interactive ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against Defendant to recover amounts due and owing from Defendant to Circuit City arising from the relationship between the parties. In addition to contractual claims, the Trustee seeks recovery for unjust enrichment and to avoid and recover certain preferential transfers that occurred during the 90-day period prior to the commencement of Circuit City's bankruptcy proceedings, as well as turnover of property of the bankruptcy estates. Finally, the Trustee objects to Defendant's proofs of claim filed against the Debtors' estates.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
*(cont'd)*

2

that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4.  Upon information and belief, Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

6.  This is a core proceeding under 28 U.S.C. § 157(b).

7.  Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8.  The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

**A.    General Case Background**

9.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

---

*(cont'd from previous page)*
(1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

3

DOCS_LA:227302.2

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

10. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

13. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

14. The Plan became effective on November 1, 2010 (the "Effective Date").

**B.    The Business Relationship Between Circuit City And Defendant**

15. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders,

4

furniture, software, imaging and telecommunications products, and other audio and video electronics.

16. Commencing on or about April 2005, and continuing thereafter, Circuit City and Defendant entered into certain agreements pursuant to which Defendant sold goods to Circuit City (the "Agreement").

17. During the course of the parties' relationship, the parties engaged in numerous transactions pursuant to the Agreements, that are reflected in invoices, communications and other documents (collectively, the "Defendant's Agreements").

18. Circuit City purchased goods from the Defendant pursuant to the Defendant's Agreements.

19. Circuit City and Defendant conducted business with one another up to and through the Petition Date, and thereafter, under the Defendant's Agreements.

20. During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records").

C. **Amounts Allegedly Owed to Defendant and Defendant's Proofs of Claim**

   (1) **Claim No. 926**

21. On or about December 19, 2008, Defendant filed a claim in the amount $624,049.62, as a claim allegedly entitled to administrative priority under Bankruptcy Code section 503(b)(9). The Claims Agent appointed by the Court designated this claim as Claim No. 926.

5

22. In Claim No. 926, Defendant alleges that the claim was based on the sales of certain goods by Defendant to Circuit City during the twenty-day period prior to the Petition Date.

23. Pursuant to the Court's *Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections* [Docket No. 6228], Claim No. 926 has been temporarily disallowed under Bankruptcy Code section 502(d) up to the amount potentially recoverable on account of preferential transfers pending the Court's resolution of Circuit City's allegations that Defendant received the avoidable transfers identified in *Debtors' (i) Fifty-Second Omnibus Objection to Certain 503(B)(9) Claims and (ii) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference* [Docket 5216].

**(2)  Claim No. 10082**

24. On or about January 30, 2009, Defendant filed a claim in the amount $990,664.30, based on the sales of certain goods by Defendant to Circuit City prior to the Petition Date.. The Claims Agent appointed by the Court designated this claim as Claim No. 10082.

25. In Claim No. 10082, Defendant alleges that the claim is secured on the basis of a right of setoff. Specifically, Defendant asserts that it owes Circuit City an amount to be determined (the "Undetermined Setoff Amount") which is secured to the extent of the Undetermined Setoff Amount.

**D.   Amounts Owed To Circuit City By Defendant**

26. As of the date hereof, on account of the pre- and post-petition business conducted between Defendant and Circuit City pursuant to the Defendant's Agreements or

otherwise, Defendant is indebted to Circuit City on account of the following unpaid obligations (the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---:|
| Chargebacks | $1,032,290.80 |
| Billbacks | $21,683.54 |
| Debit Balance | $1,557.36 |
| **TOTAL** | **$1,055,531.70** |

27. The Unpaid Obligations are due, owing, and payable by Defendant to Circuit City.

28. Circuit City has made demand for the Unpaid Obligations, but Defendant has not complied, and has not paid any portion of the Unpaid Obligations.

29. Upon information and belief, the Undetermined Setoff Amount is in whole or in part duplicative of a portion of the Unpaid Obligations.

E. **Transfers To Defendant Made Within 90 Days Prior To The Petition Date**

30. During the 90-day period prior to the commencement of Circuit City's bankruptcy cases (the "Preference Period"), Circuit City transferred property to or for the benefit of Defendant in an amount not less than $3,952,090.28. A list identifying each and every transfer during the Preference Period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Preferential Transfers").

31. Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under Section 547(g). Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

# COUNT I

## AVOIDANCE OF PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. § 547(b)

32. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

33. During the Preference Period, Defendant was a creditor of one or more of the Debtors.

34. Each Preferential Transfer identified on Exhibit A hereto was made to or for the benefit of Defendant.

35. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

36. Each Preferential Transfer was made during the Preference Period.

37. Each Preferential Transfer was made while the Debtors were insolvent.

38. Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

39. Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

40. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein

41. Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

42. Each Preferential Transfer that is avoided under Section 547(b) is recoverable pursuant to Bankruptcy Code section 550.

43. Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT III

### BREACH OF CONTRACT

44. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

45. Pursuant to the Defendant's Agreements, Defendant is obligated to pay to the Debtors the Unpaid Obligations as and for chargebacks, billbacks, and debit balances in connection with goods previously delivered by Defendants to Debtors under the Defendant's Agreements, as set forth in Paragraph 26, *supra*.

46. The Defendant's Agreements are valid and enforceable agreements against Defendant.

9

47. The Debtors performed their obligations under the Defendant's Agreements with respect to the Unpaid Obligations.

48. Defendant's failure to compensate the Debtors for the Unpaid Obligations in an amount not less than $1,055,531.70, constitutes a material breach of Defendant's obligations under the Defendant's Agreements.

49. As a direct and proximate result of Defendant's breaches, the Debtors incurred damages in an amount not less than $1,055,531.70.

50. Accordingly, the Trustee is entitled to a judgment against Defendant in an amount not less than $1,055,531.70.

## COUNT IV

### UNJUST ENRICHMENT/QUASI CONTRACT

51. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

52. In the alternative to Count III, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IV.

53. The Debtors conferred a benefit upon Defendant pursuant to the Defendant's Agreements, by agreeing to purchase various goods from Defendant pursuant thereto.

54. Defendant knowingly accepted the benefit conferred by the Debtors.

55. The Debtors reasonably expected to be compensated by Defendant in an amount not less than $1,055,531.70, on account of the benefit conferred upon Defendant.

56. Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $1,055,531.70.

DOCS_LA:227302.2

57. The Trustee has no adequate remedy at law to recover the Unpaid Obligations.

58. Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trustee is entitled to restitution from the Defendant in an amount not less than $1,055,531.70.

## COUNT V

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

59. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

60. In the alternative to Counts III and IV, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count V.

61. Defendant is in possession, custody, and control of the Unpaid Obligations in an amount not less than $1,055,531.70.

62. Defendant is not a custodian for the Unpaid Obligations.

63. The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

64. The Unpaid Obligations are property of the Debtors' estates under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

65. Despite being requested to do so, Defendant has not turned over or paid to Circuit City the Unpaid Obligations.

11

66. Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $1,055,531.70.

## COUNT VI

### OBJECTION TO CLAIM NOS. 926 AND 10082 – DISALLOWANCE UNDER SECTION 502(d)

67. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

68. Claim Nos. 926 and 10082 assert a right to payment allegedly owed by one or more of the Debtors.

69. As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to Bankruptcy Code section 550.

70. Accordingly, pursuant to Bankruptcy Code section 502(d), Claim Nos. 926 and 10082 must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided.

## COUNT VII

### OBJECTION TO CLAIM NO. 926 AS OVERSTATED

71. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

72. After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 926 is overstated by $622,690.32 (the "Claim No. 926 Overstated Amount").

12

73. The Claim 926 Overstated Amount is based upon, among other things, prepayment of invoices.

74. As a result, Claim No. 926 should be reduced by the Claim No. 926 Overstated Amount to $1,359.30.

## COUNT VIII

### OBJECTION TO CLAIM NO. 10082 AS OVERSTATED

75. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

76. After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 10082, allegedly secured by a right of setoff, is overstated by $775,758.82 (the "Claim No. 10082 Overstated Amount").

77. The Claim No. 10082 Overstated Amount is based upon, among other things, pricing discrepancies, prepayment discrepancies, duplications and improper reversals of deductions.

78. As a result, Claim No. 10082 should be reduced by the Claim No. 10082 Overstated Amount, reducing Claim No. 10082 from $990,664.30 to $214,905.48.

## COUNT IX

### OBJECTION TO CLAIM NOS. 926 AND 10082 – SETOFF OF THE UNPAID OBLIGATIONS

79. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

13

80. In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IX.

81. The Unpaid Obligations arose from business transactions between the Debtors and Defendant.

82. The Unpaid Obligations are debts owed by Defendant to the Debtors.

83. Claim Nos. 926 and 10082 also arose from business transactions between Defendant and the Debtors, and is a debt allegedly owed by the Debtors to Defendant.

84. Consequently, under applicable law, the Debtors have established valid setoff rights.

85. Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

86. Under applicable law, the pre-petition portion of the Unpaid Obligations should be setoff first against Claim Nos. 926, reducing it to $0.00.

87. Under applicable law, the remaining pre-petition portion of the Unpaid Obligations should be setoff against Claim No. 10082, reducing Claim No. 10082 to $0.00, with remaining pre-petition Unpaid Obligations of $235,225.21.

## COUNT X

**OBJECTION TO CLAIM NO. 10082 – RECLASSIFICATION TO GENERAL UNSECURED NON-PRIORITY CLAIM**

88. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

89. In the alternative to Count VII, but without waiving any allegation with respect thereto, the Trustee makes the following allegations in support of Count X.

90. Defendant alleges that Claim No. 10082 is entitled to secured status on account on account of the Undetermined Setoff Amount.

91. If the Trustee recovers the Unpaid Obligations pursuant to Counts III, IV, and V or offsets the Unpaid Obligations pursuant to Count VIII of the Complaint, the Unpaid Obligations will no longer remain unpaid.

92. Therefore, Claim No. 10082 will no longer be subject to setoff.

93. Accordingly, Claim No. 10082 should be reclassified to a general unsecured, non-priority claim no longer subject to any setoff right.

### **PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i. Pursuant to Counts I and II, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the Preferential Transfers in an amount not less than $3,952,090.28; and

ii. Pursuant to Count III, enter judgment against Defendant for breach of contract and award the Trustee damages in an amount not less than $1,055,531.70; and

iii. In the alternative to Count III, pursuant to Count IV, enter judgment against Defendant for unjust enrichment and award Circuit City restitution damages on account of Defendant's unjust enrichment in an amount not less than $1,055,531.70; and

iv. In the alternative to Counts III and IV, pursuant to Count V, order Defendant to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $1,055,531.70; and

v. Pursuant to Count VI, disallow Claim Nos. 926 and 10082 in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transfers; and

vi. Pursuant to Count VII, reduce Claim Nos. 926 from the overstated amount of $624,049.62 to $1,359.30; and

15

      vii.    Pursuant to Count VIII, reduce Claim No. 10082 from the overstated amount of $990,664.30 to $214,905.48; and

      viii.    In the alternative to Counts III, IV, and V, pursuant to Count IX, authorize the Trustee to effect a setoff of the Unpaid Obligations against Claim Nos. 926 and 10082, up to the amount of the pre-petition portion of the Unpaid Obligations, reducing Claim No. 926 to $0.00 and Claim No. 10082 to $0.00; and

      ix.    In the alternative to Count VI, pursuant to Count X, reclassify Claim No. 10082 to a general unsecured non-priority claim no longer subject to setoff; and

      x.    Award the Trustee prejudgment interest at the legally allowed applicable rate;

      xi.    Award the Trustee costs, and expenses of suit herein; and

      xii.    Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia
November 9, 2010

TAVENNER & BERAN, PLC

*/s/ Lynn L. Tavenner*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Liquidating Trustee*

17

# EXHIBIT A

## (Preferential Transfers)

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| TAKE TWO INTERACTIVE | 8/12/2008 | 1033458 | $ 5,437.20 |
| TAKE TWO INTERACTIVE | 8/15/2008 | 1033693 | $ 20,657.05 |
| TAKE TWO INTERACTIVE | 8/18/2008 | 1033739 | $ 16,208.18 |
| JACK OF ALL GAMES TAKE 2 DIV | 8/19/2008 | 522492 | $ 307,551.42 |
| JACK OF ALL GAMES TAKE 2 DIV | 8/22/2008 | 522513 | $ 51,768.79 |
| TAKE TWO INTERACTIVE | 8/22/2008 | 1034016 | $ 964.10 |
| JACK OF ALL GAMES TAKE 2 DIV | 8/25/2008 | 522522 | $ 89,812.80 |
| TAKE TWO INTERACTIVE | 8/25/2008 | 1034063 | $ 59.10 |
| JACK OF ALL GAMES TAKE 2 DIV | 8/26/2008 | 1034104 | $ 25,420.00 |
| JACK OF ALL GAMES TAKE 2 DIV | 9/2/2008 | 522545 | $ 288,253.19 |
| TAKE TWO INTERACTIVE | 9/2/2008 | 1034242 | $ 15,612.26 |
| TAKE TWO INTERACTIVE | 9/4/2008 | 1034350 | $ 14,691.28 |
| TAKE TWO INTERACTIVE | 9/5/2008 | 1034529 | $ 8,325.61 |
| TAKE TWO INTERACTIVE | 9/10/2008 | 1034800 | $ 7,889.85 |
| JACK OF ALL GAMES TAKE 2 DIV | 9/12/2008 | 522640 | $ 76,303.06 |
| TAKE TWO INTERACTIVE | 9/12/2008 | 1034942 | $ 11,479.19 |
| TAKE TWO INTERACTIVE | 9/15/2008 | 1035003 | $ 7,092.01 |
| TAKE TWO INTERACTIVE | 9/19/2008 | 1035351 | $ 57,881.64 |
| JACK OF ALL GAMES TAKE 2 DIV | 9/22/2008 | 522694 | $ 37,374.48 |
| TAKE TWO INTERACTIVE | 9/29/2008 | 1035778 | $ 4,478.77 |
| TAKE TWO INTERACTIVE | 10/6/2008 | 1035964 | $ 44.33 |
| TAKE TWO INTERACTIVE | 10/6/2008 | 1036116 | $ 8,970.40 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/7/2008 | 522796 | $ 48,255.68 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/8/2008 | 522810 | $ 219,542.40 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/10/2008 | 522825 | $ 169,099.92 |
| TAKE TWO INTERACTIVE | 10/10/2008 | 1036434 | $ 13,881.02 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/15/2008 | 522833 | $ 9,504.00 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/15/2008 | 522841 | $ 47,329.92 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/17/2008 | 522971 | $ 936,435.42 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/17/2008 | 523062 | $ 5,013.36 |
| TAKE TWO INTERACTIVE | 10/17/2008 | 1036784 | $ 3,243.87 |
| TAKE TWO INTERACTIVE | 10/20/2008 | 1036663 | $ 1,221.40 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/22/2008 | 522895 | $ 4,752.00 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/23/2008 | 522883 | $ 49,670.28 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/23/2008 | 522974 | $ 101,506.50 |
| TAKE TWO INTERACTIVE | 10/24/2008 | 1037084 | $ 112,868.21 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/27/2008 | 522912 | $ 796,794.57 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/27/2008 | 523062 | $ 285,577.96 |
| TAKE TWO INTERACTIVE | 10/27/2008 | 1037135 | $ 10,417.36 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/28/2008 | 523062 | $ 57,967.20 |
| TAKE TWO INTERACTIVE | 10/29/2008 | 1037275 | $ 2,496.98 |
| JACK OF ALL GAMES TAKE 2 DIV | 10/31/2008 | 522944 | $ 13,951.00 |
| TAKE TWO INTERACTIVE | 10/31/2008 | 1037391 | $ 6,286.52 |
| | | **Total Payment Amount** | $ 3,952,090.28 |