**B104 (FORM 104) (08/07)** EDVA

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
    **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) Adv. Pro. No. 10-_____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS DEPARTMENT OF REVENUE, through BRIAN HAMER, Director of the Illinois Department of Revenue, | ) |
| | ) |
| Defendant. | |

**THE LIQUIDATING TRUST'S COMPLAINT FOR TURNOVER, UNJUST
ENRICHMENT, AND OBJECTION TO CLAIMS**

DOCS_NY:22058.11

The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), for its complaint and for objections claim (the "Complaint") against the State of Illinois Department of Revenue, through Brian Hamer, its Director ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. The Trust brings this action against Defendant to recover amounts due and owing from Defendant arising out of tax overpayments by Circuit City. The Trustee asserts various theories of recovery, including unjust enrichment, avoidance and recovery of preferential transfers that occurred during the 90-day period prior to the commencement of Circuit City's bankruptcy proceedings, and turnover of property of the bankruptcy estates. Finally, the Trust objects to Defendant's proofs of claim filed against the Debtors' estates.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
*(cont'd)*

that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4.  Upon information and belief, defendant Illinois Department of Revenue, through Brian Hamer, its Director, is the official representative of the State of Illinois Department of Revenue, the applicable taxing authority with respect to the matters set forth herein.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

6.  This is a core proceeding under 28 U.S.C. § 157(b).

7.  Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8.  The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541 and 542 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

**A.   General Case Background**

9.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

---

*(cont'd from previous page)*
(1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

*(cont'd)*

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

11. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan. The Plan became effective on November 1, 2010 (the "Effective Date").

## B.  Circuit City's Overpayment of Retailers' Occupation Taxes to Defendant

13. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

_____
*(cont'd from previous page)*

14.     The Debtors operated a number of retail stores in the State of Illinois, and incurred liability to the state for sales and use taxes on retail sales and purchases occurring within the state. As required by Defendant, the Debtors calculated and made estimated sales/use tax payments for the upcoming month based on liabilities from prior periods.  These estimated payments were then "trued up" when actual figures became available, and applied as credits to future tax liability.

15.     The Debtors timely submitted retailers' occupation tax returns that reveal that the Debtors made estimated retailers' occupation tax payments to Defendant that exceeded the actual liability for the periods at issue by $1,755,454.00.  The Debtors timely submitted refund claims, but Defendant has not acted on these refund claims.

16.     The Debtors' returns were based on the Debtors' books and records of their transactions in the state, which the Debtors maintained on a regular basis as an essential part of their business (the "Books and Records").  According to the Books and Records, the Debtors overpaid the following amounts to Defendant for estimated sales tax liability (the "Overpayments"):

| Date Tax Paid | Amount of Overpayment | Period Corresponding To Tax Payment |
| --- | --- | --- |
| 9/8/08 through 12/30/08 | $1,366,038 ($88,361 pre-petition; $1,277,677 post-petition) | Estimated Retailers' Occupation Tax for September – December 2008 |
| 5/1/07 through 3/31/09 | $206,757 | Amended sales/use tax returns for Circuit City Purchasing Company LLC for 5/1/07-3/31/09 |
| 5/16/2005 | $68,656 | Fiscal Year 2005 IRS adjustments/amended returns |
| 5/15/2006 | $81,583 | Fiscal Year 2006 IRS |

|  |  |  |
|---|---|---|
|  |  | adjustments/amended returns |
| 1/16/2008 | $32,420 | Fiscal Year 2004 Voluntary Disclosure Agreement/amended returns |
| 1/16/2008 | $42,161 | Fiscal Year 2005 Voluntary Disclosure Agreement/amended returns |
| Total | $1,755,454 |  |

17.     The largest component of the Overpayments relates to the fourth quarter of 2008, just prior to the filing of the Debtors' bankruptcy petitions and the closure of the Debtors' operations. Thus, sales for that period were fewer than in prior time periods. Nonetheless, the Debtors were required by Defendant to pay an estimated liability based on the much higher sales from prior time periods.

18.     Since the Debtors were no longer making retail sales and would not be filing additional Illinois retailers' occupation tax returns for which they could claim these overpayments as future credits, the Debtors timely filed a Claim to recover the overpaid retailers' occupation tax on April 1, 2009. On February 16, 2010, the Defendant issued a letter stating that the Debtors did not meet the requirements to be issued a refund, but that they could use the overpayments to offset future tax liabilities. Defendant was well aware that the Debtors has ceased operations, and thus, that there would be no future tax liabilities incurred.

C.     **Defendant's Claims For Retailers' Occupation Tax**

(1)     **Claim No. 13227**

19.     On or about June 1, 2009, Defendant filed a claim against Circuit City Stores, Inc. in the amount $162,327 based on alleged retailers' occupation tax liability, of which $139,270 is allegedly entitled to priority under Bankruptcy Code section 507(a)(8), and the

balance of $23,057 a general unsecured claim. The Claims Agent appointed by the Court designated this claim as claim no. 13227.

    **(2)**    **Claim No. 15020**

20.    On about April 28, 2010, Defendant filed a claim against Circuit City Stores, Inc. in the amount $451,295.22 based on alleged income tax liability, of which $387,303.52 is allegedly entitled to priority under Bankruptcy Code section 507(a)(8), and the balance of $63,991.70 a general unsecured claim. The Claims Agent appointed by the Court designated this claim as claim no. 15020. (Claim No. 15020 expressly amended Claim No. 14671.)

    **(3)**    **Claim No. 15039**

21.    On or about May 25, 2010, Defendant filed a claim against Circuit City Stores, Inc. in the amount $14,182.83 based on alleged retailers' occupation tax liability, of which $12,135.83 is allegedly entitled to priority under Bankruptcy Code section 507(a)(8), and the balance of $2,047.00 a general unsecured claim. The Claims Agent appointed by the Court designated this claim as claim no. 15039.

## COUNT I

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

22.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

23.    Defendant is in possession, custody, and control of the Overpayments in an amount not less than $1,755,454.00.

24.    Defendant is not a custodian for the Overpayments.

25. The Overpayments constitute valid and existing debts, due and owing by Defendant to the Debtors.

26. The Overpayments are property of the Debtors' estates under section 541 of the Bankruptcy Code, and constitute debts that are matured, payable on demand, or payable on order.

27. Despite being requested to do so, Defendant has not turned over or paid the Overpayments to the Debtors.

28. Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trust the Overpayments in an amount not less than $1,755,454.00.

## COUNT II

### UNJUST ENRICHMENT

29. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

30. In the alternative to Count I, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count II.

31. The Debtors conferred a benefit upon Defendant pursuant to the Overpayments, leaving Defendant in possession of amounts to which it is not entitled under any applicable fact or law.

32. Defendant insisted upon, actively pursued and knowingly accepted the benefit conferred by the Debtors.

33. The Debtors reasonably expected to be compensated by Defendant by return of the Overpayments in accordance with applicable law.

34. Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $1,755,454.00.

35. The Trust has no adequate remedy at law to recover the Overpayments.

36. Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trust is entitled to restitution from the Defendant in an amount not less than $1,755,454.00.

## COUNT III

### OBJECTION TO CLAIM NO. 13227 AS UNWARRANTED/OVERSTATED

37. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

38. After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 13227 is unwarranted and overstated such that the total liability owing to Defendant is no more than $12,201.00. The grounds for this objection are that Defendant's audit assessment was based on incorrect facts; Defendant has agreed that its assessment was overstated as noted above.

39. As a result, Defendant's Claim No. 13227 should be reduced to an amount not to exceed $12,201.00, entitled to priority under Section 507(a)(8).

## COUNT IV

### OBJECTION TO CLAIM NO. 15020 AS UNWARRANTED/OVERSTATED

40. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

41. After a thorough review of the Debtors' Books and Records, the Trust has determined that Claim No. 15020 is unwarranted in its entirety. According to the Debtors' Books

and Records, there is no liability for the assessment underlying Claim No. 15020.  In addition, there were insufficient documents presented with the assessment to determine its validity  As a result, Defendant's Claim No. 15020 should be disallowed in its entirety.

## COUNT V

### OBJECTION TO CLAIM NO. 15039 AS UNWARRANTED/OVERSTATED

42.  The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

43.  After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 15039 is unwarranted and overstated such that the appropriate liability is $10,320.00.  The reduction is based on the following: the Debtors agree with the underlying tax assessment, but not with the calculation of penalties and interest.  The reduced claim should be entitled to priority under Section 507(a)(8).

## PRAYER FOR RELIEF

WHEREFORE, the Trust respectfully requests and prays that the Court:

i.  Pursuant to Count I, enter judgment requiring Defendant to immediately turn over and deliver to the Trust the Overpayments Refund in an amount not less than $1,755,454.00; and

ii.  Pursuant to Count II, enter judgment against Defendant for unjust enrichment and award the Trust restitution damages on account of Defendant's unjust enrichment in an amount not less than $1,755,454.00; and

iii.  Pursuant to Count III, reduce Claim No. 13227 to an amount no greater than $12,201.00, as a priority claim under Section 507(a)(8); and

iv.  Pursuant to Count IV, disallow Claim No. 15020 in its entirety; and

v.  Pursuant to Count V, reduce Claim No. 15039 to an amount no greater than $10,320.00, as a priority claim under Section 507(a)(8); and

      vi.    Award the Trustee prejudgment interest at the legally allowed applicable rate;

      vii.    Award the Trustee costs, and expenses of suit herein; and

      viii.    Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia  
       November 9, 2010

TAVENNER & BERAN, PLC

   /s/ Lynn L. Tavenner  
Lynn L. Tavenner (VA Bar No. 30083)  
Paula S. Beran (VA Bar No. 34679)  
20 North Eighth Street, 2nd Floor  
Richmond, Virginia 23219  
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP  
Jeffrey N. Pomerantz, Esq.  
Andrew W. Caine, Esq.  
10100 Santa Monica Boulevard  
Los Angeles, California 90067-4100  
(310) 277-6910

- and –

Robert J. Feinstein, Esq.  
John A. Morris, Esq.  
PACHULSKI STANG ZIEHL & JONES LLP  
780 Third Avenue, 36th Floor  
New York, New York 10017  
(212) 561-7700

*Counsel to Plaintiff*  
*Alfred H. Siegel, Trustee of the Circuit City*  
*Stores, Inc. Liquidating Trust*