**B104 (FORM 104) (08/07)**                                                                                                           **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR |||| BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) ) ) | Adv. Pro. No. 10-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF FLORIDA, DEPARTMENT OF REVENUE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**THE LIQUIDATING TRUST'S COMPLAINT FOR TURNOVER, UNJUST
ENRICHMENT, VIOLATION OF AUTOMATIC STAY, AVOIDANCE AND
RECOVERY OF SETOFF, AND OBJECTION TO CLAIMS**

DOCS_NY:22058.11

The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), for its complaint and for objections to claims (the "Complaint") against the State of Florida, Department of Revenue ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      The Trust brings this action against Defendant to recover amounts due and owing from Defendant arising out of tax overpayments by Circuit City. The Trustee asserts various theories of recovery, including unjust enrichment, avoidance and recovery of preferential transfers that occurred during the 90-day period prior to the commencement of Circuit City's bankruptcy proceedings, and turnover of property of the bankruptcy estates. Finally, the Trust objects to Defendant's proofs of claim filed against the Debtors' estates.

## THE PARTIES

2.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4. Upon information and belief, defendant State of Florida Department of Revenue, the applicable taxing authority with respect to the matters set forth herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding under 28 U.S.C. § 157(b).

7. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 362, 502, 503, 541, 542, 549 and 550 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

*(cont'd)*

# PERTINENT FACTS

A. **General Case Background**

9. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

10. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan. The Plan became effective on November 1, 2010 (the "Effective Date").

_____
*(cont'd from previous page)*

**B.  Circuit City's Overpayment of Sales Taxes to Defendant**

13. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

14. The Debtors operated a number of retail stores in the State of Florida, and incurred liability to the state for sales and use taxes on retail sales and purchases occurring within the State. As required by Defendant, the Debtors calculated and made estimated sales/use tax payments for the upcoming month based on liabilities from prior periods.  These estimated payments were then "trued up" when actual figures became available, and applied as credits to future tax liability.

15. During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records").  According to the Books and Records, the Debtors overpaid the following amounts to Defendant for estimated sales tax liability (the "Overpayments"):

| Date Tax Paid | Amount of Overpayment | Period Corresponding To Tax Payment |
|---|---|---|
| 12/20/2006 | $2,000 | 12/1/06 to 12/31/06 |
| 12/20/2007 | $6,000 | 12/1/07 to 12/31/07 |
| 12/22/2008 | $41,078.31 | 12/1/08 to 12/31/08 |

| 3/20/2009 | $1,657,451.04 | 3/1/09 to 3/31/09 |
| --- | --- | --- |
| 3/20/2009 | $18,091.18[2] | 3/1/09 to 3/31/09 |
| Total | $1,724,621.35 | |

16.  The largest component of the Overpayments relates to March, 2009.  The Debtors closed their doors on or about March 8, 2009, and thus, sales for that month were a small fraction of the Debtors' sales in the state during prior time periods. Nonetheless, the Debtors were required by Defendant to pay an estimated liability based on the much higher sales from prior time periods.

17.  Since the Debtors were no longer making retail sales and would not be filing additional Florida sales tax returns for which they could claim these overpayments as future credits, the Debtors timely filed a Claim to recover the overpaid sales tax. On August 19, 2009, issued a Notice of Proposed Refund Denial for the refund claim.  The Debtors filed a protest on October 16, 2009. Defendant has not acted on the Debtors' protest, but instead, purported to "setoff" the claimed refund Defendant's bankruptcy claims, as described below.

C.  **Defendant's Claims for Use Tax Based on Sale/Leaseback Transactions, and the Debtors' Additional Overpayment Claim**

18.  Defendant imposes use tax on the renting, leasing, letting, or granting of a license for the use of real property, but Florida law has recognized that not all instruments labeled as a "lease" should be treated as a lease generating

---

[2] This payment related to Circuit City Purchasing Company, while the other payments related to Circuit City Stores, Inc.

taxable rental payments. Rather, certain "leases" are "mortgages" and do not generate taxable rentals. Accordingly, the relevant inquiry is whether the "lease" is a mortgage or financing device or a true lease generating taxable rentals.

19. The Debtors' "leases" at issue were all financing devices under Florida law, and thus, the imposition of sales/use taxes by Defendant was improper. For the audit period of 2000-2003, Defendant asserted that the Debtors had liability for sale/leaseback transactions in the amount of $302,694. Instead of contesting the audit determination, the Debtors paid the tax on May 12, 2008, under protest, and promptly filed a refund claim in that amount (the "Additional Overpayment"). On October 19, 2010, Defendant denied this claimed refund.

**(1)** **Claim No. 290**

20. On or about November 18, 2008, Defendant filed a claim against Circuit City Stores, Inc. in the amount $1,870,600.07, arising out of the imposition of Florida use tax on sale/leaseback transactions for the audit period through October, 2006. The Claims Agent appointed by the Court designated this claim as claim no. 290. Claim 290 asserts that $1,584,789.87 is entitled to priority under Bankruptcy Code section 507(a)(8), while the balance of $285,810.20 is a general unsecured claim. Following objection by the Debtors, Claim No. 290 was expunged as amended by Claim No. 10341, described below.

**(2)** **Claim No. 10341**

21. On or about February 3, 2009, Defendant filed a claim in the amount $1,725,123,66, again arising out of the imposition of Florida use tax on sale/leaseback transactions for the audit period through October, 2006. The Claims

Agent appointed by the Court designated this claim as claim no. 10341. Claim 10341 asserts that $1,561,936.47 is entitled to priority under Bankruptcy Code section 507(a)(8), while the balance of $163,187.19 is a general unsecured claim.

### (3)  Claim Amendments – Nos. 14500 and 14545/Purported Setoff

22. After filing the above-described claims, and in violation of the automatic stay, Defendant purported to setoff the Claims against the Overpayments. On July 21, 2009, Defendant filed Claim No. 14500 to amend Claim No. 10341 to reduce the amount of the claim to $10,475.60, designated as priority under Section 507(a)(8). On August 10, 2009, Defendant filed Claim No. 14545 to amend Claim No. 292 to reduce the amount of the claim to $0.00. As a result of these amendments, Claim Nos. 292 and 10341 were expunged following the Debtors' objections thereto.

### COUNT I

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

23. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

24. As described above, Defendant is in possession, custody, and control of the Overpayments, in the amount of $1,724,621.35, and the Additional Overpayment in the amount of $302,694.00.

25. Defendant is not a custodian for the Overpayments of Additional Overpayment.

26. The Overpayments and Additional Overpayment constitute valid and existing debts, due and owing by Defendant to the Debtors.

27. The Overpayments and Additional Overpayment are property of the Debtors' estates under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

28. Despite being requested to do so, Defendant has not refused to turn over or pay the Overpayments or Additional Overpayment.

29. Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trust the Overpayments and Additional Overpayment in an aggregate amount of not less than $2,027,315.35.

## COUNT II

### UNJUST ENRICHMENT

30. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

31. In the alternative to Count I, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count II.

32. The Debtors conferred a benefit upon Defendant pursuant to the Overpayments and Additional Overpayment, leaving Defendant in possession of amounts to which it is not entitled under any applicable law.

33. Defendant insisted upon, actively pursued and knowingly accepted the benefit conferred by the Debtors.

34. The Debtors reasonably expected to be compensated by Defendant by return of the Overpayments and Additional Overpayment in accordance with applicable law.

35. Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $2,027,315.35.

36. The Trustee has no adequate remedy at law to recover the Overpayments and Additional Overpayment.

37. Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trustee is entitled to restitution from the Defendant in an amount not less than $2,027,315.35.

## COUNT III

### OBJECTION TO CLAIMS AS UNWARRANTED

38. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

39. After a thorough review of applicable law, it is clear that the use taxes asserted by Defendant based on a sale/leaseback theory in Claim Nos. 290, 10341, 14500 and 14545 (collectively, the "Claims") are entirely unwarranted. Defendant imposes use tax on the renting, leasing, letting, or granting of a license for the use of real property, but Florida law has recognized that not all instruments labeled as a "lease" should be treated as a lease generating taxable rental payments. Rather, certain "leases" are "mortgages" and do not generate taxable rentals.

Accordingly, the relevant inquiry is whether the "lease" is a mortgage or financing device or a true lease generating taxable rentals.

40. The use tax asserted in the Claims is not due on the sales/leaseback transaction pursuant to Fla. Stat. § 212.031 because these were financing transactions, not true leases that generated taxable rentals. *See Lafayette Leasing Co. v. Dep't of Revenue*, 743 So.2d 1082 (Fla. 1st DCA 1999).

41. As a result, Defendant's Claims should be disallowed in their entirety.

## COUNT IV

### VIOLATION OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

42. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

43. Defendant's setoff of amounts due to the Debtors constitutes a willful violation of 11 U.S.C. § 362(a)(3), (6) and/or (7), as to which no relief from the automatic stay has been applied for or received.

44. As a result of Defendant's willful violation of the automatic stay, the Trust is entitled to damages in an amount subject to proof pursuant to 11 U.S.C. §§ 362 and 105.

## COUNT V

### AVOIDANCE OF POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 549

45. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

46. The Overpayments and Additional Overpayment are property of the Debtors' estates under Bankruptcy Code section 541.

47. If and to the extent that Defendant is deemed to have offset the Overpayments and Additional Overpayment against its alleged claims in these bankruptcy cases, as purported by Defendant on or about July, 2009, then the setoff constitutes an unauthorized post-petition transfer of property of the Debtors (the "Post-Petition Transfer"). The Trust is entitled to a judgment avoiding the Post-Petition Transfer pursuant to 11 U.S.C. § 549.

## COUNT VI

### RECOVERY OF POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 550

48. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein

49. Defendant was the initial transferee of the Post-Petition Transfer described above, which Defendant purported to engineer through setoff of the Overpayments and Additional Overpayment against the claims asserted by Defendant in these bankruptcy cases.

50. The Post-Petition Transfer that is avoided under Section 549 is recoverable pursuant to Bankruptcy Code section 550.

51. The Trust is entitled to recover the value of the Post-Petition Transfer pursuant to Bankruptcy Code section 550(a).

## **PRAYER FOR RELIEF**

WHEREFORE, the Trust respectfully requests and prays that the Court:

    i.    Pursuant to Count I, enter judgment requiring Defendant to immediately turn over and deliver to the Trust the Overpayments Refund in an amount not less than $2,027,315.35; and

    ii.    Pursuant to Count II, enter judgment against Defendant for unjust enrichment and award the Trust restitution damages on account of Defendant's unjust enrichment in an amount not less than $2,027,315.35; and

    iii.    Pursuant to Count III, disallow Claim Nos. 290, 14500 and 14545 in their entirety; and

    iv.    Pursuant to Count IV, enter judgment damages against Defendant in an amount to be proven at trial;

    v.    Pursuant to Counts V and VI, enter judgment avoiding and recovering Defendant's purported setoff of the Overpayments and Additional Overpayment; and

    vi.    Award the Trustee prejudgment interest at the legally allowed applicable rate;

    vii.    Award the Trustee costs, and expenses of suit herein; and

    viii.    Grant the Trustee such other and further relief the Court deems just and appropriate.

| | |
|---|---|
| Dated: Richmond, Virginia<br>November 9, 2010 | TAVENNER & BERAN, PLC<br><br>  /s/ Lynn L. Tavenner<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>- and –<br><br>Robert J. Feinstein, Esq.<br>John A. Morris, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>(212) 561-7700<br><br>*Counsel to Plaintiff*<br>*Alfred H. Siegel, Trustee of the Circuit City*<br>*Stores, Inc. Liquidating Trust* |