**B104 (FORM 104) (08/07)**                                                                 **EDVA**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

| PARTY (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. | ) Adv. Pro. No. 10-_____ |
| LIQUIDATING TRUST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HITACHI GLOBAL STORAGE | ) |
| TECHNOLOGIES, INC.; FABRIK, INC. and | ) |
| SIMPLETECH, INC., | ) |
| | |
| Defendants. | |

12304-003\DOCS_LA:227766.1

## THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND OTHER AMOUNTS OWING TO THE ESTATE AND OBJECTION TO CLAIM NOS. 11495 AND 7949

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan") for his complaint and

for his objection to proof of claim numbers 11495 and 7949 (the "Complaint") against Hitachi

Global Storage Technologies, Inc.; Fabrik, Inc. and Simpletech, Inc.,  (collectively,

"Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     The Trustee brings this action against Defendants to recover amounts due

and owing from Defendants to Circuit City arising from the relationship between the parties.  In

addition to contractual claims, the Trustee seeks recovery for unjust enrichment and to avoid and

recover certain preferential transfers that occurred during the 90-day period prior to the

commencement of Circuit City's bankruptcy proceedings, as well as turnover of property of the

bankruptcy estates.  Finally, the Trustee objects to Defendants' proofs of claim filed against the

Debtors' estates.

## THE PARTIES

2.     The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the

Circuit City Stores, Inc. Liquidating Trust (the "Trust").  Pursuant to Articles II and III of the

Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors

through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3.      Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its

affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations

that maintained their respective principal places of business in the locations set forth below, and

were the debtors in the above-captioned chapter 11 bankruptcy cases.

4.      Upon information and belief, defendant Hitachi Global Storage

Technologies, Inc. is a Delaware corporation with its principal place of business in San Jose,

California.

5.      Upon information and belief, defendant Simpletech, Inc. is a corporation

with its principal place of business in Santa Ana, California.

6.      Upon information and belief, defendant Fabrik, Inc. is a corporation with

its principal place of business in San Mateo, California.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157

and 1334.

8.      This is a core proceeding under 28 U.S.C. § 157(b).

9.      Venue of these chapter 11 cases and this adversary proceeding in this

district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City
Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
(1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising
Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City
Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia
23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

10.     The statutory and legal predicates for the relief requested by the

Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code

(the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

### B.      General Case Background

11.     On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code

sections 1107 and 1108.

12.     On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

13.     On January 16, 2009, the Court authorized the Debtors to, among other

things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores")

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint

venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of

business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the going

out of business sales at the Debtors' stores were completed.

14.     On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

15.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

16.     The Plan became effective on November 1, 2010 (the "Effective Date").

## C.     The Business Relationship Between Circuit City And Defendants

17.     Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

18.     During the course of the parties' relationship, the parties engaged in numerous transactions  that are reflected in invoices, communications and other documents (collectively, the "Defendants' Agreements").

19.     Circuit City and Defendants conducted business with one another up to and through the Petition Date, under the Defendants' Agreements.

20.     During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendants (the "Books and Records").

## D.     Amounts Allegedly Owed To Defendants And Defendants' Proofs Of Claim

### (1)     Claim Nos. 11495 and 7949

21.     On or about March 3, 2009, Defendants filed an administrative priority claim in the amount $224,330.32 (the "Administrative Claim").  The Claims Agent appointed by the Court designated the Administrative Claim as claim No. 11495.

22.     The Administrative Claim was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

23.     On or about January 29, 2009, Defendants filed a claim in the amount

$1,878,388.00 which was asserted as a general unsecured non-priority claim (the "General

Unsecured Claim").  The Claims Agent appointed by the Court designated the General

Unsecured Claim as claim No. 7949.

24.     The General Unsecured Claim was filed on account of goods and services

allegedly provided to Circuit City prior to the Petition Date.

**E.     Amounts Owed To Circuit City By Defendants**

25.     As of the date hereof, on account of the pre- and post-petition business

conducted between Defendants and Circuit City pursuant to the Defendants' Agreements or

otherwise, Defendants is indebted to Circuit City on account of the following unpaid obligations

(the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---|
| Chargebacks | $234,284.76 |
| Returns | $39,734.78 |
| **Total:** | **$274,019.54** |

26.     The Unpaid Obligations are due, owing, and payable by Defendants to

Circuit City.

27.     Circuit City has made demand for the Unpaid Obligations, but Defendants

has not complied, and has not paid any portion of the Unpaid Obligations.

**F.     Transfers To Defendants Made Within 90 Days Prior To The
        Petition Date**

28.     During the 90-day period prior to the commencement of Circuit City's

bankruptcy cases (the "Preference Period"), Circuit City transferred property to or for the benefit

of Defendants in an amount not less than $1,907,099.74.  A list identifying each and every

transfer during the Preference Period is attached hereto as <u>Exhibit A</u> and incorporated herein by

reference (collectively, the "Preferential Transfers").

29.     Plaintiff acknowledges that some of the Preferential Transfers might be

subject to defenses under Bankruptcy Code section 547(c), for which the Defendants bears the

burden of proof under Section 547(g).  Plaintiff will work with Defendants to exchange

applicable information in an effort to resolve any and all factual issues with respect to potential

defenses.

**COUNT I**

**AVOIDANCE OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 547(b)**

30.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

31.     During the Preference Period, Defendants was a creditor of one or more of

the Debtors.

32.     Each Preferential Transfer identified on Exhibit A hereto was made to or

for the benefit of Defendants.

33.     Each Preferential Transfer was made for or on account of an antecedent

debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

34.     Each Preferential Transfer was made during the Preference Period.

35.     Each Preferential Transfer was made while the Debtors were insolvent.

36.     Each Preferential Transfer enabled Defendants to receive more than

Defendants would have received if (i) the Debtors' chapter 11 cases were instead cases under

chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii)

Defendants received payment on account of the debt paid by the Preferential Transfers to the

extent provided by the Bankruptcy Code.

37.     Each Preferential Transfer constitutes an avoidable preference pursuant to

Bankruptcy Code section 547(b).

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

38.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein

39.     Defendants was either (i) the initial transferee of the Preferential

Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an

immediate or mediate transferee of the Preferential Transfers.

40.     Each Preferential Transfer that is avoided under Section 547(b) is

recoverable pursuant to Bankruptcy Code section 550.

41.     Subject to potential defenses, the Trustee is entitled to recover the value of

the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT III

### BREACH OF CONTRACT

42.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

43.     Pursuant to the Defendants' Agreements, Defendants is obligated to pay to

the Debtors the Unpaid Obligations.

44.    The Defendants' Agreements are valid and enforceable agreements against

Defendants.

45.    The Debtors performed their obligations under the Defendants'

Agreements with respect to the Unpaid Obligations.

46.    Defendants' failure to compensate the Debtors for the Unpaid Obligations

in an amount not less than $274,019.54 constitutes a material breach of Defendants' obligations

under the Defendants' Agreements.

47.    As a direct and proximate result of Defendants' breaches, the Debtors

incurred damages in an amount not less than $274,019.54.

48.    Accordingly, the Trustee is entitled to a judgment against Defendants in an

amount not less than $274,019.54.

## COUNT IV

### UNJUST ENRICHMENT/QUASI CONTRACT

49.    The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

50.    In the alternative to Count III, but without waiving any allegation with

respect thereto, the Trustee makes the following additional allegations in support of Count IV.

51.    The Debtors conferred a benefit upon Defendants pursuant to the

Defendants Agreements.

52.    Defendants knowingly accepted the benefit conferred by the Debtors.

53.    The Debtors reasonably expected to be compensated by Defendants in an

amount not less than $274,019.54 on account of the benefit conferred upon Defendants.

54.    Defendants' receipt of benefit without just compensation to the Debtors

has unjustly enriched Defendants in an amount not less than $274,019.54.

55.    The Trustee has no adequate remedy at law to recover the Unpaid

Obligations.

56.    Accordingly, as a result of Defendants' unjust enrichment at the Debtors'

expense, the Trustee is entitled to restitution from the Defendants in an amount not less than

$274,019.54.

## COUNT V

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

57.    The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

58.    In the alternative to Counts III and IV, but without waiving any allegation

with respect thereto, the Trustee makes the following additional allegations in support of

Count V.

59.    Defendants is in possession, custody, and control of the Unpaid

Obligations in an amount not less than $274,019.54.

60.    Defendants is not a custodian for the Unpaid Obligations.

61.    The Unpaid Obligations constitute valid and existing debts, due and owing

by Defendants to the Debtors.

62.    The Unpaid Obligations are property of the Debtors' estates under section

541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or

payable on order.

63.    Despite being requested to do so, Defendants has not turned over or paid

to Circuit City the Unpaid Obligations.

64.    Accordingly, pursuant to Bankruptcy Code section 542, Defendants

should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations

in an amount not less than $274,019.54.

**COUNT VI**

**OBJECTION TO CLAIM NOS. 11495 AND 7949 – DISALLOWANCE UNDER
SECTION 502(d)**

65.    The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

66.    Claim Nos. 11495 and 7949 assert a right to payment allegedly owed by

one or more of the Debtors.

67.    As alleged above, each Preferential Transfer constitutes an avoidable

preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to

Bankruptcy Code section 550.

68.    Accordingly, pursuant to Bankruptcy Code section 502(d), Claim Nos.

11495 and 7949 must be disallowed unless and until Defendants pays to the Trustee an amount

equal to each Preferential Transfer that is avoided.

**COUNT VII**

**OBJECTION TO THE GENERAL UNSECURED CLAIM AS
UNWARRANTED/OVERSTATED**

69.    The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

70.     After a thorough review of the Debtors' Books and Records, the Trustee

has determined that the General Unsecured Claim is unwarranted/overstated by $951,113.76.

71.     The General Unsecured Claim is unwarranted/overstated by $951,113.76

because, among other things, it is based on invoices that Circuit City had previously paid,

duplicate invoices, amounts that differ from the invoiced amounts, pricing discrepancies,

quantity shortages, insufficient support attached to support the claim, and amounts that are

duplicate of amounts sought in Claim No. 11495.

72.     As a result of the above, the General Unsecured Claim should be reduced

to an amount not to exceed $927,274.24.

## COUNT VIII

### OBJECTION TO THE ADMINISTRATIVE CLAIM AS UNWARRANTED/OVERSTATED

73.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

74.     After a thorough review of the Debtors' Books and Records, the Trustee

has determined that the Administrative Claim is unwarranted/overstated by $18,095.60.

75.     The Administrative Claim is unwarranted/overstated by $18,095.60

because, among other things, the amount of the claim differ from the invoiced amount and

amounts were outside the twenty days prior to the Debtors' bankruptcy filing.

76.     As a result of the above, the Administrative Claim should be reduced to an

amount not to exceed $206,234.72.

## COUNT IX

### OBJECTION TO THE ADMINISTRATIVE CLAIM – SETOFF OF THE UNPAID OBLIGATIONS

77.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

78.    In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IX.

79.    The Unpaid Obligations arose from business transactions between the Debtors and Defendants.

80.    The Unpaid Obligations are debts owed by Defendants to the Debtors.

81.    Claim No. 11495 arose from business transactions between Defendants and the Debtors, and is a debt allegedly owed by the Debtors to Defendants.

82.    Consequently, under applicable law, the Debtors have established valid setoff rights.

83.    Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

84.    Under applicable law, the Unpaid Obligations should be setoff first against the Administrative Claim.

85.    After setoff, Claim No. 11495 should be reduced to $0.00.

86.    After setoff, the Unpaid Obligations should be reduced to $67,784.82 (the "Remaining Unpaid Obligations").

## COUNT X

### OBJECTION TO THE GENERAL UNSECURED CLAIM – SETOFF OF THE UNPAID OBLIGATIONS

87.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

88.     In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count X.

89.     The Unpaid Obligations arose from business transactions between the Debtors and Defendants.

90.     The Unpaid Obligations are debts owed by Defendants to the Debtors.

91.     Claim No. 7949 arose from business transactions between Defendants and the Debtors, and is a debt allegedly owed by the Debtors to Defendants.

92.     Consequently, under applicable law, the Debtors have established valid setoff rights.

93.     The Remaining Unpaid Obligations should be setoff against Claim No. 7949.

94.     After setoff, Claim No. 7949 should be reduced to $859,489.42.

### PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i.     Pursuant to Counts I and II, enter judgment against Defendants under 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the Preferential Transfers in an amount not less than $1,907,099.74; and

ii.     Pursuant to Count III, enter judgment against Defendants for breach of contract and award the Trustee damages in an amount not less than $274,019.54; and

iii.     In the alternative to Count III, pursuant to Count IV, enter judgment against Defendants for unjust enrichment and award the Trustee restitution damages on account of Defendants' unjust enrichment in an amount not less than $274,019.54; and

iv.     In the alternative to Counts III and IV, pursuant to Count V, order Defendants to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $274,019.54; and

v.     Pursuant to Count VI, disallow Claim Nos. 11495 and 7949 in accordance with Bankruptcy Code section 502(d) pending payment by Defendants to the Trustee of any avoidable and recoverable transfers; and

ii.     Pursuant to Count VII, reduce the General Unsecured Claim from the unwarranted/overstated amount of $1,878,388.00 to the proper amount of $927,274.24; and

iii.     Pursuant to Count VIII, reduce the Administrative Claim from the unwarranted/overstated amount of $224,330.32 to the proper amount of $206,234.72; and

vi.     In the alternative to Counts III, IV, and V, pursuant to Count IX, authorize the Trustee to effect a setoff of the Unpaid Obligations first against Claim No. 11495, reducing Claim No. 11495 to the proper amount of $0.00 ;and

vii.     In the alternative to Counts III, IV, and V, pursuant to Count X, authorize the Trustee to effect a setoff of the Unpaid Obligations against Claim No. 7949, reducing Claim No. 7949 to the proper amount of $859,489.42 ;

viii.     Award the Trustee prejudgment interest at the legally allowed applicable rate; and

ix.     Award the Trustee costs, and expenses of suit herein; and

x.     Grant the Trustee such other and further relief the Court deems just and appropriate.

12304-003\DOCS_LA:227766.1                              15

Dated: Richmond, Virginia        TAVENNER & BERAN, PLC
       November 9, 2010


                                  /s/ Lynn L. Tavenner
                                 Lynn L. Tavenner (VA Bar No. 30083)
                                 Paula S. Beran (VA Bar No. 34679)
                                 20 North Eighth Street, 2nd Floor
                                 Richmond, Virginia 23219
                                 (804) 783-8300
                                               - and -

                                 PACHULSKI STANG ZIEHL & JONES LLP
                                 Jeffrey N. Pomerantz, Esq.
                                 Andrew W. Caine, Esq.
                                 10100 Santa Monica Boulevard
                                 Los Angeles, California 90067-4100
                                 (310) 277-6910
                                               - and –

                                 Robert J. Feinstein, Esq.
                                 John A. Morris, Esq.
                                 PACHULSKI STANG ZIEHL & JONES LLP
                                 780 Third Avenue, 36th Floor
                                 New York, New York 10017
                                 (212) 561-7700

                                 *Counsel to the Liquidating Trustee*

## **EXHIBIT A**

### **(Preferential Transfers)**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| SIMPLETECH | 9/19/2008 | 1035180 | $ 346,787.16 |
| SIMPLETECH | 9/22/2008 | 1035283 | $ 182,548.80 |
| SIMPLETECH | 9/26/2008 | 1035577 | $ 26,900.40 |
| SIMPLETECH | 9/29/2008 | 1035670 | $ 237,668.00 |
| SIMPLETECH | 10/6/2008 | 1035937 | $ 104,556.82 |
| SIMPLETECH | 10/6/2008 | 1036069 | $ 55,442.00 |
| SIMPLETECH | 10/10/2008 | 1036283 | $ 122,517.00 |
| SIMPLETECH | 10/14/2008 | 1036378 | $ 15,808.00 |
| SIMPLETECH | 10/14/2008 | 1036427 | $ 24,940.96 |
| SIMPLETECH | 10/20/2008 | 1036640 | $ 300,786.17 |
| SIMPLETECH | 10/20/2008 | 1036723 | $ 82,688.00 |
| SIMPLETECH | 10/20/2008 | 1036771 | $ 267,470.75 |
| SIMPLETECH | 10/24/2008 | 1036966 | $ 138,985.68 |
| | **Total Payment Amount** | | $ 1,907,099.74 |