```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA

IN RE:                            .  Case No. 08-35653(KRH)
                                  .
CIRCUIT CITY STORES,              .
INC.,                             .
                                  .
                                  .  701 East Broad Street
              Debtor.             .  Richmond, VA  23219
                                  .
                                  .
                                  .  October 27, 2010
. . . . . . . . . . . . . . . .   .  2:04 p.m.


                        TRANSCRIPT OF HEARING
                 BEFORE HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:          McGuireWoods, LLP
                         By:  SARAH H. BOEHM, ESQ.
                         One James Center
                         901 East Cary Street
                         Richmond, VA  23219

                         Skadden Arps Slate Meagher & Flom LLP
                         By:  IAN S. FREDERICKS, ESQ.
                         One Rodney Square
                         Wilmington, DE  19801




Proceedings recorded by electronic sound recording, transcript
               produced by transcription service.
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609)586-2311       Fax No. (609) 587-3599**

2

APPEARANCES (Cont'd.:

| | |
|---|---|
| For Sharp Electronics: | LeClairRyan<br>By:  CHRISTOPHER L. PERKINS, ESQ.<br>Riverfront Plaza, East Tower<br>951 East Byrd St., Eighth Floor<br>Richmond, VA  23219 |

APPEARANCES (Cont'd.:

1          COURTROOM DEPUTY:  The United States Bankruptcy Court
2 in the Eastern District of Virginia is now in session.  The
3 Honorable Kevin R. Huennekens presiding.  Please be seated.
4          COURT CLERK:  In the matter of Circuit City Stores,
5 Incorporated, hearing on Items 1 through 33 as set on proposed
6 agenda.
7          THE COURT:  Good morning or afternoon, rather.
8          MS. BOEHM:  Good afternoon, Your Honor.  Sarah Boehm
9 from McGuireWoods in behalf the debtors.  I'm just going to go
10 through the items on today's agenda.
11         THE COURT:  Yes.
12         MS. BOEHM:  Item Number 1 is Site A's motion to allow
13 a late claim.  This mater is being adjourned to December 21 at
14 2:00.
15         THE COURT:  All right.
16         MS. BOEHM:  Item Number 2 is Metra Electronics'
17 motion for a late claim, and this matter has been adjourned to
18 November 23rd at 2:00.
19         THE COURT:  All right.
20         MS. BOEHM:  Item Number 3 is the debtor's objection
21 to Quebecor's claim.  This matter's been resolved in principle
22 subject to settlement documentation.  We had hoped to have a
23 signed settlement agreement this week, but to the extent that
24 it hasn't been filed today, we would ask that the Court adjourn
25 it to November 23rd at 2:00

1             THE COURT:  Okay.  That'll be fine.  Go back to
2  Number 2.  Is -- the matter that's been adjourned to the 23rd,
3  is that going to be an evidentiary hearing, a real hearing that
4  day, or just continued status?
5             MS. BOEHM:  It will probably be continued status.
6             THE COURT:  Okay.
7             MS. BOEHM:  Item Number 4 is the debtor's motion
8  further extending the deadline to remove actions.  A bridge
9  order was entered continuing the removal deadline through entry
10 of any order with respect to this motion.  We're asking that it
11 be extended to the later of January 26th, 2011 or 30 days after
12 entry of an order terminating the stay with respect to any
13 action that's sought to be removed.  And we received no
14 objections and would ask the Court to enter that order.
15            THE COURT:  All right.  I've reviewed your motion.
16 That looks to be in order.  The Court will grant that motion.
17            MS. BOEHM:  Thank you.  The next set of items is with
18 respect to the omnibus claim objection matters.  Items 5, 6,
19 and 7 relate to the debtor's 8th, 9th, and 19th omnibus
20 objections.  We would ask that all of those remaining claims be
21 adjourned for further status to November 23rd at 2:00.
22            THE COURT:  They will be.
23            MS. BOEHM:  Item Number 8 is the debtor's 20th
24 omnibus objection.  Reported to the Court last time and is the
25 same status as this time, Audiovox is the only remaining

1  claimant.  We have reached a settlement with Audiovox.  They
2  have a credit insurer who, once they receive the settlement,
3  requested some additional language be included, which has been,
4  and we have received -- Audiovox has signed off, but we have
5  not received the creditor insurer's sign off.  So we are hoping
6  to get that today or hope -- and get that filed this week.  But
7  to the extent it hasn't been filed already, we would ask that
8  the Court adjourn this for further status to November 23rd.
9              THE COURT:  All right.  It'll be adjourned.
10             MS. BOEHM:  Items 9, 10, and 11 relate to omni 22,
11 23, and 30.  We would ask that all of those matters be
12 adjourned for further status to November 23rd.
13             THE COURT:  All right.
14             MS. BOEHM:  Item Number 12 is the debtor's 31st
15 omnibus objection.  We have one of those claims, the claim of
16 Ada Alicea, that has been resolved in principle, and we're
17 waiting on a signature page.  And with respect to that claim
18 and all the other remaining claims in omni 31, we would ask
19 that those be adjourned for further status on November 23rd.
20             THE COURT:  All right.
21             MS. BOEHM:  Item 13 is the 33rd omnibus objection.
22 There's only one remaining claimant in that objection, and we
23 would ask that that be adjourned for further status to November
24 23rd.
25             THE COURT:  It will be.

 1            MS. BOEHM:  Item 14 is the 34th omnibus objection.
 2 Again the -- this involves Audiovox, which we hope to resolve,
 3 and we would ask that it be adjourned for further status to
 4 November 23rd.
 5            THE COURT:  It will be.
 6            MS. BOEHM:  Items 15, 16, and 17 relate to the 36th,
 7 37th, and 49th omnibus objections.  We would ask that all of
 8 those claims be adjourned for further status to November 23rd.
 9            THE COURT:  They'll be adjourned.
10            MS. BOEHM:  Item Number 18 is the debtor's 50th
11 omnibus objection.  This includes two remaining claimants, one
12 of which is Audiovox, and the other one is Nyko Technologies.
13 To the extent Audiovox is resolved but not yet been filed, we
14 would ask that both of those claims be adjourned for further
15 status to November 23rd.
16            THE COURT:  They will be.
17            MS. BOEHM:  Items 19, 20, and 21 relate to omni 60,
18 70, and 74.  We would ask that all those remaining claimants be
19 adjourned to November 23rd for further status.
20            THE COURT:  All right.  They'll be adjourned.
21            MS. BOEHM:  Item Number 22 is the 76th omnibus
22 objection.  This includes two remaining claims, one of which is
23 the claim of Yu-Liang Lei.  This has been settled in principle,
24 however, they do not speak English, and the stipulation is
25 being translated into their native language, and we're awaiting

1  the attorneys to get back to us with a signature page on that.
2  So we would ask that both of those matters be adjourned to
3  November 23rd for further status.
4              THE COURT:  All right.  They'll be adjourned.
5              MS. BOEHM:  Item 23 is the 78th omnibus objection.
6  The only remaining claimant in the 78th omnibus objection is
7  that of Metra, which also relates to the previous item on the
8  agenda with respect to the allowance of their late claim.  And
9  so we have asked that this be adjourned for further status to
10 November 23rd as well.
11             THE COURT:  It will be.
12             MS. BOEHM:  Item Number 24 is the 79th omnibus
13 objection.  At the time the agenda was filed there were several
14 stipulations that have been filed, but the objection deadline
15 had not yet run, and those were all noted on Exhibit A.  We did
16 not receive any objections to the claim -- to the stipulations
17 resolving the claims of Anna Thomas, Jessie Perez, Richard
18 Grande, and Diane Granito.  So we're happy to report that all
19 of those are resolved and can be removed from the docket.
20             Also, the claim of Leedell Murphy has been settled in
21 principle subject to settlement documentation, so we would ask
22 that Mr. Murphy's claim, along with all the other remaining
23 claimants in omni 79, be adjourned for further status to
24 November 23rd.
25             THE COURT:  All right.  They'll be adjourned.

1              MS. BOEHM:  Items 25 and 26 relate to the 80th and
2  81st omnibus objection.  We would ask that the three remaining
3  claims in these two objections be adjourned for further status
4  to November 23rd.
5              THE COURT:  They'll be adjourned.
6              MS. BOEHM:  And that's it with respect to the omnibus
7  objections.
8              THE COURT:  All right.
9              MS. BOEHM:  The next set of items relate to the
10 debtor's 7th interim fee applications of professionals.  The
11 7th interim period relates to May 1st through July 31st.  This
12 is Items 27 through 31 on the agenda, the applications of
13 McGuireWoods, Skadden Arps, FTI, Ernst & Young, and DJM Realty
14 Services.  We received no objections to any of these
15 applications and would ask that the Court approve those
16 applications for the fees and expenses as set forth in those
17 individual applications.
18             THE COURT:  All right.  Does any party wish to be
19 heard in connection with the interim fee applications of
20 McGuireWoods, Skadden Arps, FTI, Ernst & Young, or DJM Realty?
21                  (No audible response)
22             THE COURT:  All right.  No party wishing to appear in
23 any of those matters, the Court has reviewed the applications.
24 I find the applications to be entirely in order, and the
25 services rendered to be necessary and beneficial to the

1  bankruptcy estates.  And so the Court is going to approve the
2  applications in their entirety as submitted.  Please submit
3  orders to that effect.
4           MS. BOEHM:  We will, Your Honor.  Item 32 on the
5  agenda and 33 relate to status hearings on some adversary
6  proceedings.  With respect to Item Number 32, this is the
7  complaint with Sharp Electronics Corporation.  Mr. Perkins is
8  here on behalf of Sharp.  We're happy to report that this has
9  been settled, however, there is a slight delay in getting the
10 settlement approved because of the releases involved.  Sharp
11 Electronics has to have it approved by their parent
12 corporation, which is a Japanese corporation, and there is some
13 time delay involved with getting the approval necessary from
14 Japan.  So the trial was originally scheduled for the -- for
15 Monday and Tuesday, I believe, which was canceled due to the
16 settlement, however, the settlement is not final until it's
17 been approved by Japan.  So we would ask that this matter be
18 adjourned for a status conference on the December 21st hearing
19 at 2:00.
20          THE COURT:  December 21st?
21          MS. BOEHM:  Uh-huh.  That's an omnibus hearing date
22 for Circuit City.
23          THE COURT:  Okay.  All right.  It'll be adjourned
24 until the 21st of December.
25          MR. PERKINS:  Your Honor, if I can be heard?

```
 1              THE COURT:  Oh, yes, you may.  You object to --
 2              MR. PERKINS:  I don't object.  I just want to -- we
 3   want to clarify for the record.
 4              THE COURT:  Okay.
 5              MR. PERKINS:  Chris Perkins on behalf of Sharp
 6   Electronics Corporation.  Ms. Boehm is correct that we have
 7   settled the case, and I don't want there to be any confusion
 8   about that fact, all of the issues in this adversary
 9   proceedings -- it's a preference complaint with some account
10   receivable issues -- have been resolved.  Sharp Electronics
11   Corporation is agreeable to the payment of settlement funds of
12   $2 million to Circuit City.
13              The hangup we have is the debtors request that we put
14   some clarifying language in the release provision of the
15   settlement that relates to the MDL proceeding out in
16   California.  I'm sure the Court's familiar with this.  It's
17   been in a number of other settlements.  That MDL involves Sharp
18   Electronics Corporation's parent company in Japan.  The
19   inclusion of that reference is what we need to get the parent's
20   approval for, so it's not approval for the settlement.  We --
21   there's no question there's a settlement here.  It's whether we
22   can put that language in the settlement.
23              Now, I've suggested to the debtors we could cut that
24   out, carve the release to make it just relate to this
25   proceeding, and we'd be done, but the debtors would rather not
```

1  do that.  So we're going to have to go Japan to see if it makes
2  -- if they're agreeable to including this other proceeding the
3  release language.  And I'm told from my in-house counsel at
4  Sharp in America the process could take several months to get
5  that approval due to whatever Japanese cultural issues they
6  have to deal with over there.
7           So I want to make sure the Court understands that the
8  delay could be significant as it relates to this one piece,
9  which, from Sharp's perspective, really isn't necessary towards
10 settlement of the adversary proceeding, but we're willing to go
11 and try and do it, if that's the Court's and the debtor's
12 preference.
13          THE COURT:  All right.  Well, I don't know that the
14 Court has a preference yet, but, apparently, the debtor does,
15 and the debtor would like to see this --
16          MR. PERKINS:  Yes.
17          THE COURT:  -- in there.  And so what I'm going to do
18 is continue this to the 21st of December.  If we're not making
19 any progress, I'll certainly revisit the issue at that point in
20 time.
21          MR. PERKINS:  That's fair.
22          THE COURT:  All right.
23          MR. PERKINS:  Thank you, Your Honor.
24          MS. BOEHM:  Thank you, Your Honor.  Yes, that
25 releases an important part of the settlement from our

1  perspective, so we do appreciate the continuance while they
2  seek approval.
3           Item 33 on the agenda is the adversary proceeding
4  that was filed by Carmax.  This matter has been resolved, and
5  we have submitted a consent order, which we're told by the
6  Clerk's Office has been -- is in chambers in your box.  So we
7  will just wait to see if the Court has any issues with that
8  order, otherwise, we would consider this matter resolved.
9           THE COURT:  All right.  Very good.
10          MS. BOEHM:  And that concludes all the items on the
11 agenda.
12          THE COURT:  All right.  Where do we stand as far as
13 the plan is confirmed?  When do we anticipate that we're going
14 to go effective?  I assume that we have not given the fact that
15 you're still here.
16          MS. BOEHM:  That's correct, Your Honor.  I will turn
17 the podium over to Mr. Fredericks to address that.
18          THE COURT:  Oh, okay.
19          MR. FREDERICKS:  Good afternoon, Your Honor.
20          THE COURT:  You have to bring in the heavy hitters in
21 order to answer that question then.
22          MR. FREDERICKS:  Well, I believe I'm the person that
23 has just the most knowledge about what's going on with the
24 particular steps, and I'm happy to report that while we were in
25 court, I actually got an email that I believe the second to

1  last step has been completed, so that we can go effective.  The
2  remaining step will be completed tomorrow, and the effective
3  date is scheduled to occur on Monday.
4          THE COURT:  All right.  Well, that is certainly
5  welcome news.
6          MR. FREDERICKS:  All right.
7          THE COURT:  All right.  Excellent.  Thank you very
8  much.
9          MR. FREDERICKS:  Thank you, Your Honor.
10         THE COURT:  All right.
11         COURTROOM DEPUTY:  All rise.  Court is now adjourned.
12                          * * * *
13                    **C E R T I F I C A T I O N**
14         I, PATRICIA C. REPKO, court approved transcriber,
15 certify that the foregoing is a correct transcript from the
16 official electronic sound recording of the proceedings in the
17 above-entitled matter, and to the best of my ability.
18
19 /s/ Patricia C. Repko            DATE:  November 9, 2010
20 PATRICIA C. REPKO
21 J&J COURT TRANSCRIBERS, INC.
22
23
24
25