**B104 (FORM 104) (08/07)** **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et</u> <u>al</u>., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. LIQUIDATING | ) Adv. Pro. No. 10-_____ |
| TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MITAC DIGITAL CORPORATION, successor in | ) |
| interest to MAGELLAN NAVIGATION, INC., | ) |
| | ) |
| Defendant. | |

**THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND OTHER AMOUNTS OWING TO THE
<u>ESTATE AND OBJECTION TO CLAIM NOS. 6228 AND 6238</u>**

DOCS_NY:22462.2

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and for his objection to proof of claim numbers 6228 and 6238 (the "Complaint") against MiTAC Digital Corporation ("Defendant"), both individually and including in its capacity as successor to Magellan Navigation, Inc. ("Magellan"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against Defendant to recover amounts due and owing from Defendant to Circuit City arising from the relationship between the parties. In addition to contractual claims, the Trustee seeks recovery for unjust enrichment and to avoid and recover certain preferential transfers that occurred during the 90-day period prior to the commencement of Circuit City's bankruptcy proceedings, as well as turnover of property of the bankruptcy estates. Finally, the Trustee objects to Defendant's proofs of claim filed against the Debtors' estates.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the Trust Agreement, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4. Upon information and belief, defendant MiTAC Digital Corporation is a corporation organized under the laws of the State of California with its principal place of business in Santa Clara, California, and is successor to Magellan with respect to some or all of the matters alleged in this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding under 28 U.S.C. § 157(b).

7. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

## PERTINENT FACTS

**A.     General Case Background**

9.     On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

10.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11.    On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12.    On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

13.    On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

14.    The Plan became effective on November 1, 2010 (the "Effective Date").

B.  **The Business Relationship Between Circuit City And Defendant**

15.  Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

16.  During the course of the parties' relationship, the parties (including Magellan as predecessor to Defendant) engaged in numerous transactions, that are reflected in, among other things, invoices, communications and other documents (collectively, the "Defendant's Agreements").

17.  Circuit City purchased goods from the Defendant, or its predecessor, Magellan, pursuant to the Defendant's Agreements.

18.  Circuit City and Defendant conducted business with one another up to and through the Petition Date, and thereafter, under the Defendant's Agreements.

19.  During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records").

C.  **Amounts Allegedly Owed To Defendant And Defendant's Proofs Of Claim**

   **(1)  Claim No. 6228**

20.  On or about January 26, 2009, Defendant filed Claim No. 6228.

21.  Claim No. 6228 was filed (i) in the amount of $2,328,695.86 as a secured claim ("Claim No. 6228" or the "Secured Claim").

22.  The Secured Claim was filed on account of goods and services allegedly provided by Defendant to Circuit City prior to the Petition Date. The Secured Claim is allegedly

secured by the claim that Defendant owes to Circuit City.  On or about October 9, 2009, the Court entered its Order on Debtors' Thirty-Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims), which, among other things, reclassified the Secured Claim to a secured claim in the amount of $115,782.56  (the "Modified Secured Claim") and a general unsecured claim in the amount of $2,212,913.30 (the "Modified General Unsecured Claim").  The Modified General Unsecured Claim is overstated by at least $268,328.13 on account of, among other things, quantity shortages and pricing discrepancies.  As such, the total amount of the unsecured portion of the Modified Unsecured Claim is $1,944,585.17 and the total allowable amount of Claim No. 6228 is $2,060,367.73.

**(2)** **Claim No. 6238**

23. On or about January 26, 2009, Defendant filed claim No. 6238 ("Claim No. 6238" or the "Duplicate Claim") against debtor Circuit City Purchasing Company, LLC.  The Duplicate Claim asserts a secured claim in the amount of $2,328,695.86, which is the same amount asserted in claim No. 6228.

24. The Defendant conducted business with debtor Circuit City Stores, Inc. pursuant to the Defendant's Agreements.  The Defendant did not conduct business with debtor Circuit City Purchasing Company, LLC.  As such, the Duplicate Claim is filed against the wrong Debtor.

25. The Claim No. 6238 also asserts a claim for the same obligations allegedly owed to the Defendant by the Debtors pursuant to Claim No. 6228.  As such, Claim No. 6238 is duplicative of the Claim No. 6228.

**D.** **Amounts Owed To Circuit City By Defendant**

26. As of the date hereof, on account of the pre- and post-petition business conducted between Defendant and Circuit City pursuant to the Defendant's Agreements or

otherwise, Defendant is indebted to Circuit City on account of the following unpaid obligations (the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---:|
| Chargebacks | $2,356,992.50 |
| Returns | $ 318,698.14 |
| **TOTAL** | **$2,675,690.64** |

27. The Unpaid Obligations are due, owing, and payable by Defendant to Circuit City.

28. On or about March 25, 2010, Circuit City made demand for the Unpaid Obligations, but Defendant has not complied, and has not paid any portion of the Unpaid Obligations.

## COUNT I

## BREACH OF CONTRACT

29. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

30. Pursuant to the Defendant's Agreements, Defendant is obligated to pay to the Debtors the Unpaid Obligations.

31. The Defendant's Agreements are valid and enforceable agreements against Defendant.

32. The Debtors performed their obligations under the Defendant's Agreements with respect to the Unpaid Obligations.

33. Defendant's failure to compensate the Debtors for the Unpaid Obligations in an amount not less than $2,675,690.64 constitutes a material breach of Defendant's obligations under the Defendant's Agreements.

34. As a direct and proximate result of Defendant's breaches, the Debtors incurred damages in an amount not less than $2,675,690.64.

35. Accordingly, the Trustee is entitled to a judgment against Defendant in an amount not less than $2,675,690.64.

## COUNT II

### UNJUST ENRICHMENT/QUASI CONTRACT

36. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

37. In the alternative to Count III, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IV.

38. The Debtors conferred a benefit upon Defendant pursuant to the Defendant Agreements, by failing to pay or reimburse the Debtors for chargebacks and returns in the amount of $2,675,690.64.

39. Defendant knowingly accepted the benefit conferred by the Debtors.

40. The Debtors reasonably expected to be compensated by Defendant in an amount not less than $2,675,690.64 on account of the benefit conferred upon Defendant.

41. Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $2,675,690.64.

42. The Trustee has no adequate remedy at law to recover the Unpaid Obligations.

43. Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trustee is entitled to restitution from the Defendant in an amount not less than $2,675,690.64.

## COUNT III

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

44. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

45. In the alternative to Counts III and IV, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count V.

46. Defendant is in possession, custody, and control of the Unpaid Obligations in an amount not less than $2,675,690.64.

47. Defendant is not a custodian for the Unpaid Obligations.

48. The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

49. The Unpaid Obligations are property of the Debtors' estates under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

50. Despite being requested to do so, Defendant has not turned over or paid to Circuit City the Unpaid Obligations.

51. Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $2,675,690.64.

## COUNT IV

### ACCOUNT STATED

52. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

53. One or more of the Debtors rendered invoices to the Defendant in the total amount of $2,675,690.64.

54. Defendant has failed to pay the outstanding amount of $2,675,690.64.

55. An account has been stated between the Debtor(s) which rendered the invoices and the Defendant whereby Defendant is indebted to such Debtor(s) in the total amount of $2,675,690.64.

56. Despite demand therefore, said sums remain unpaid, and the Trustee is entitled to judgment against Defendant in the amount of $2,675,690.64, plus interest.

## COUNT V

### OBJECTION TO CLAIM NO. 6238 AS DUPLICATIVE

57. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

58. After a thorough review of the Debtors' Books and Records and the claims asserted by Defendant, the Trustee has determined that Claim No. 6238 is duplicative of Claim No. 6228.

59. As a result, Defendant's Claim No. 6238 should be disallowed in its entirety.

## COUNT VI

### OBJECTION TO THE MODIFIED GENERAL UNSECURED CLAIM AS OVERSTATED

60. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

61. After a thorough review of the Debtors' Books and Records, the Trustee has determined that the Modified General Unsecured Claim is overstated by $268,328.13.

62. The overstatement is based on, among other things, quantity shortages and pricing discrepancies.

63. As a result of the above, the Modified General Unsecured Claim should be reduced to an amount not to exceed $1,944,585.17.

## COUNT VII

### OBJECTION TO CLAIM NO. 6228 – SETOFF OF THE UNPAID OBLIGATIONS

64. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

65. In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IX.

66. The Unpaid Obligations arose from business transactions between the Debtors and Defendant.

67. The Unpaid Obligations are debts owed by Defendant to the Debtors.

68. Claim No. 6228 also arose from business transactions between Defendant and the Debtors, and is a debt allegedly owed by the Debtors to Defendant.

69. Consequently, under applicable law, the Debtors have established valid setoff rights.

70. Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

71. Under applicable law, the Unpaid Obligations should be setoff first against Claim No. 6228.

72. After setoff, Claim No. 6228 should be reduced to $0.

       73.      After setoff, the Unpaid Obligations should be reduced to $615,322.91 (the "Remaining Unpaid Obligations").

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

      i.      Pursuant to Count I, enter judgment against Defendant for breach of contract and award the Trustee damages in an amount not less than $2,675,690.64; and

      ii.      In the alternative to Count I, pursuant to Count II, enter judgment against Defendant for unjust enrichment and award Circuit City restitution damages on account of Defendant's unjust enrichment in an amount not less than $2,675,690.64; and

      iii.      In the alternative to Counts I and II, pursuant to Count III, order Defendant to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $2,675,690.64; and

      iv.      In the alternative to Counts I, II and III, pursuant to Count IV, enter judgment against Defendant for an account stated and award the Trustee damages in an amount not less than $2,675,690.64; and

      v.      Pursuant to Count V, disallow in its entirety Claim No. 6238 as duplicative of Claim No. 6228; and

      vi.      Pursuant to Count VI, reduce the General Unsecured Claim from the overstated amount of $2,212,913.30 to the proper amount of $1,944,585.17; and

      vii.      In the alternative to Counts II, II, III and IV, pursuant to Count VII, authorize the Trustee to effect a setoff of the Unpaid Obligations against Claim No. 6228, reducing it to the proper amount of the Modified Unsecured Claim $0 and the Unpaid Obligations to $615,322.91; and

      viii.      Award the Trustee prejudgment interest at the legally allowed applicable rate; and

      ix.      Award the Trustee costs, and expenses of suit herein; and

      x.      Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia
November 10, 2010

TAVENNER & BERAN, PLC

*/s/ Lynn L. Tavenner*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Liquidating Trustee*

DOCS_NY:22462.2