**B104 (FORM 104) (08/07)**                                      **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Tel: (310) 277-6910; Fax:  (310) 201-0760
            - and –
Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Tel: (212) 561-7700; Fax: (212) 561-7777

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., *et al.,* | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) Adv. Pro. No. 10-_____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DXG TECHNOLOGY (U.S.A.) INC., aka DXG TECHNOLOGY USA; LONGACRE CREDIT EVENT FUND, L.P., dba LONGACRE OPPORTUNITY OFFSHORE FUND, LTD.; LONGACRE OPPORTUNITY FUND, L.P., dba LONGACRE OPPORTUNITY OFFSHORE FUND, LTD., and LONGACRE OPPORTUNITY MANAGEMENT, LLC dba LONGACRE OPPORTUNITY OFFSHORE FUND, LTD.; | ) |
| Defendants. | ) |

**THE LIQUIDATING TRUSTEE'S COMPLAINT
TO AVOID AND RECOVER AMOUNTS OWING TO
THE ESTATE AND OBJECTION TO CLAIM NO. 420**

12304-003\DOCS_LA:227831.6

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and for his objection to Proof of Claim No. 420 (the "Complaint") against Defendant DXG Technology (U.S.A.) Inc., aka DXG Technology USA ("Defendant DXG"); Defendant Longacre Credit Event Fund, L.P., dba Longacre Opportunity Offshore Fund, Ltd. ("Defendant Longacre Credit"); Defendant Longacre Opportunity Fund, L.P., dba Longacre Opportunity Offshore Fund, Ltd. ("Defendant Longacre Fund"); and Defendant Longacre Opportunity Management, LLC dba Longacre Opportunity Offshore Fund, Ltd. ("Defendant Longacre Management"). Defendant DXG, Defendant Longacre Credit, Defendant Longacre Fund, and Defendant Longacre Management shall be referred to collectively as the "Defendants."

## NATURE OF THE ACTION

1. The Trustee brings this action against Defendants to recover amounts due and owing from Defendants to Circuit City arising from the relationship between the parties. In addition to contractual claims, the Trustee seeks recovery against Defendant DXG for unjust enrichment and to avoid and recover certain preferential transfers that occurred during the 90-day period prior to the commencement of Circuit City's bankruptcy proceedings, as well as turnover of property of the bankruptcy estates. Finally, the Trustee objects to Defendant Longacre's proof of claim filed against the Debtors' estates.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). Pursuant to Articles II and III of the

Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")1 were corporations that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4. Upon information and belief, Defendant DXG is a corporation organized under the laws of the State of California with its principal place of business in City of Industry, California.

5. Upon information and belief, Defendant Longacre Credit is a limited partnership organized under the laws of the State of Delaware with its principal place of business in New York, New York.

6. Upon information and belief, Defendant Longacre Fund is a limited partnership organized under the laws of the State of Delaware with its principal place of business in New York, New York.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

7. Upon information and belief, Defendant Longacre Management is a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York.

8. Upon information and belief, at all times relevant to this Complaint, Defendants Longacre Credit, Longacre Fund, and Longacre Management were doing business as Longacre Opportunity Offshore Fund, Ltd.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

10. This is a core proceeding under 28 U.S.C. § 157(b).

11. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

12. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

A. **General Case Background**

13. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

14. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

15. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

16. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

17. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

18. The Plan became effective on November 1, 2010 (the "Effective Date").

**B.**     **The Business Relationship Between Circuit City and Defendants**

19. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

20. On or about February 20, 2006, Circuit City and Defendant DXG entered into that certain *Master Dealer Agreement [#240]* pursuant to which DXG appointed Circuit City as a dealer to sell some or all of Defendant DXG's production (the "Agreement").

21. During the course of the relationship between Circuit City and Defendant DXG, the parties engaged in numerous transactions pursuant to the Agreement, which are reflected in invoices and other documents (collectively, the "Defendant's Agreements").

22. Circuit City and Defendant DXG conducted business with one another up to and through the Petition Date under the Defendant's Agreements.

23. During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records").

C.    **Amounts Allegedly Owed to Defendants and the Proof of Claim**

   (1)    **Claim No. 420**

24. On or about December 1, 2008, Defendant DXG filed a claim in the $9,532.55. which it asserted as a claim allegedly entitled to priority under Bankruptcy Code section 503(b)(9). The Claims Agent appointed by the Court designated this claim as Claim No. 420.

25. In Claim No. 420, Defendant DXG alleges that the claim was based on the an unpaid invoice less credits for the sale of video camcorders.

26. On August 20, 2009, the Court entered its *Order on Debtors' Twentieth Omnibus Objection to Claims (Reclassified to Unsecured Claims of Certain Claim Filed as 503(B)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the*

*Commencement of the Cases)* [Docket No. 4576] (the "Order"). Pursuant to the Order, Claim No. 420 was modified into a general unsecured claim in the amount of $9,532.55.

**(2)    Transfer of Claim No. 420**

27. On or about July 8, 2010, a notice was filed (*see* Docket No. 7988), indicating that Defendant DXG transferred Claim No. 420 to Defendant Longacre.

**D.    Amounts Owed to Circuit City by Defendant DXG**

28. As of the date hereof, on account of the pre- and post-petition business conducted between Defendant DXG and Circuit City pursuant to the Defendant's Agreements or otherwise, Defendant DXG is indebted to Circuit City on account of the following unpaid obligations incurred prior to the Petition Date (the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---|
| Chargebacks | $2,793.60 |
| Returns & Others | $42,513.60 |
| **TOTAL** | **$45,307.20** |

29. The Unpaid Obligations are due, owing, and payable by Defendant DXG to Circuit City.

## COUNT I

### BREACH OF CONTRACT
### (against Defendant DXG)

30. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

31. Pursuant to the Defendant's Agreements, Defendant DXG is obligated to pay to the Debtors the Unpaid Obligations as and for chargebacks and returns in connection with

12304-003\DOCS_LA:227831.6

goods previously delivered by Defendant DXG to Debtors under the Defendant's Agreements, as set forth above.

32. The Defendant's Agreements are valid and enforceable agreements against Defendant.

33. The Debtors performed their obligations under the Defendant's Agreements with respect to the Unpaid Obligations.

34. Defendant DXG's failure to compensate the Debtors for the Unpaid Obligations constitutes a material breach of Defendant DXG's obligations under the Defendant's Agreements.

35. As a direct and proximate result of Defendant DXG's breaches, the Debtors incurred damages in an amount not less than $45,307.20.

36. Accordingly, the Trustee is entitled to a judgment against Defendant DXG in an amount not less than $45,307.20.

## COUNT II

### UNJUST ENRICHMENT/QUASI CONTRACT
### (against Defendant DXG)

37. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

38. In the alternative to Count I, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count II.

39. The Debtors conferred a benefit upon Defendant DXG pursuant to the Defendant's Agreements, by agreeing to purchase various goods from Defendant DXG pursuant thereto.

40. Defendant DXG knowingly accepted the benefit conferred by the Debtors.

41. The Debtors reasonably expected to be compensated by Defendant DXG in an amount not less than $45,307.20 on account of the benefit conferred upon Defendant DXG.

42. Defendant DXG's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant DXG in an amount not less than $45,307.20.

43. The Trustee has no adequate remedy at law to recover the Unpaid Obligations.

44. Accordingly, as a result of Defendant DXG's unjust enrichment at the Debtors' expense, the Trustee is entitled to restitution from the Defendant DXG in an amount not less than $45,307.20.

## COUNT III

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542
### (against Defendant DXG)

45. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

46. In the alternative to Counts I and II, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count III.

47. Defendant DXG is in possession, custody, and control of the Unpaid Obligations in an amount not less than $45,307.20.

48. Defendant DXG is not a custodian for the Unpaid Obligations.

49. The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant DXG to the Debtors.

50. The Unpaid Obligations are property of the Debtors' estates under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

51. Defendant DXG has not turned over or paid to Circuit City the Unpaid Obligations.

52. Accordingly, pursuant to Bankruptcy Code section 542, Defendant DXG should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $45,307.20.

53. Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

54. Under applicable law, the Unpaid Obligations should be setoff first against Claim No. 420.

## COUNT IV

### OBJECTION TO CLAIM NO. 420 – SETOFF OF THE UNPAID OBLIGATIONS
**(against all Defendants)**

55. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

56. In the alternative to Counts I-III, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IV.

57. The Unpaid Obligations arose from business transactions between the Debtors and Defendants.

58. The Unpaid Obligations are debts owed by Defendants to the Debtors.

59. Claim No. 420 also arose from business transactions between Defendants and the Debtors, and is a debt allegedly owed by the Debtors to Defendants.

60. Consequently, under applicable law, the Debtors have established valid setoff rights.

61. Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

62. Under applicable law, the Unpaid Obligations should be setoff first against Claim No.420 by up to the amount of the Unpaid Obligations.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment against Defendant DXG for breach of contract and award the Trustee damages in an amount not less than $45,307.20;

ii. In the alternative to Count I, pursuant to Count II, enter judgment against Defendant DXG for unjust enrichment and award Circuit City restitution damages on account of Defendant DXG's unjust enrichment in an amount not less than $45,307.20;

iii. In the alternative to Counts I and II, pursuant to Count III, order Defendant DXG to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $45,307.20;

iv. In the alternative to Counts I-III, pursuant to Count IV, authorize the Trustee to effect a setoff in the amount of $9,532.55 against Claim No. 420, thereby reducing Claim No. 420 to $0 and reducing the Unpaid Obligations to $35,774.65;

v. Award the Trustee prejudgment interest at the legally allowed applicable rate;

[remainder of page left intentionally blank]

      vi.      Award the Trustee costs, and expenses of suit herein; and

      vii.      Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia  
          November 10, 2010

TAVENNER & BERAN, PLC

/s/ Lynn L. Tavenner  
Lynn L. Tavenner (VA Bar No. 30083)  
Paula S. Beran (VA Bar No. 34679)  
20 North Eighth Street, 2nd Floor  
Richmond, Virginia 23219  
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP  
Jeffrey N. Pomerantz, Esq.  
Andrew W. Caine, Esq.  
10100 Santa Monica Boulevard  
Los Angeles, California 90067-4100  
(310) 277-6910

- and –

Robert J. Feinstein, Esq.  
John A. Morris, Esq.  
PACHULSKI STANG ZIEHL & JONES LLP  
780 Third Avenue, 36th Floor  
New York, New York 10017  
(212) 561-7700

*Counsel to the Liquidating Trustee*

12304-003\DOCS_LA:227831.6