B104 (FORM 104) (08/07)                                                                                    EDVA

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| □ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee | □ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.                Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Andrew W. Caine, Esq.                     Paula S. Beran, Esq. (VA Bar No. 34679)
(admitted *pro hac vice*)                 TAVENNER & BERAN, PLC
PACHULSKI STANG ZIEHL & JONES LLP         20 North Eighth Street, 2nd Floor
10100 Santa Monica Boulevard              Richmond, Virginia 23219
Los Angeles, California 90067-4100        Telephone: (804) 783-8300
Telephone: (310) 277-6910                 Telecopy:  (804) 783-0178
Telecopy:  (310) 201-0760

                    - and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. LIQUIDATING | ) Adv. Pro. No. 10-_____ |
| TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PANASONIC CORPORATION OF NORTH | ) |
| AMERICA and BANK OF AMERICA NA, | ) |
| | ) |
| Defendant. | ) |

## THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND OTHER AMOUNTS OWING TO THE ESTATE AND OBJECTION TO CLAIM NOS. 1254, 1256, 8042, 8043, 8046, 8088, 8663 AND 9460

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint and

for his objection to proof of claim numbers 1254, 1256, 8042, 8043, 8046, 8088, 8663, and 9460

(the "Complaint") against Panasonic Corporation of North America ("Defendant") and Bank of

America NA ("BoA"), alleges as follows:

## NATURE OF THE ACTION

1.      The Trustee brings this action against Defendant to recover amounts due

and owing from Defendant to Circuit City arising from the relationship between the parties.  In

addition to contractual claims, the Trustee seeks recovery for unjust enrichment and to avoid and

recover certain preferential transfers that occurred during the 90-day period prior to the

commencement of Circuit City's bankruptcy proceedings, as well as turnover of property of the

bankruptcy estates.  Finally, the Trustee objects to Defendant's and BoA's proofs of claim filed

against the Debtors' estates.

## THE PARTIES

2.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the

Circuit City Stores, Inc. Liquidating Trust (the "Trust").  Pursuant to Articles II and III of the

Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors

through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3.        Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4.        Upon information and belief, defendant Panasonic Corporation of North America is a corporation organized under the laws of the State of Delaware with its principal place of business in Secaucus, New Jersey.

5.        Upon information and belief, defendant Bank of America NA is a corporation organized under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina.  BoA is named as a defendant herein because it is the transferee of Proof of Claim number 1256 originally filed by Defendant, to which the Trustee objects.

## JURISDICTION AND VENUE

6.        This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

7.        This is a core proceeding under 28 U.S.C. § 157(b).

8.        Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

9.      The statutory and legal predicates for the relief requested by the

Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code

(the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## **PERTINENT FACTS**

**A.      General Case Background**

10.     On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code

sections 1107 and 1108.

11.     On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

12.     On January 16, 2009, the Court authorized the Debtors to, among other

things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores")

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint

venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of

business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the going

out of business sales at the Debtors' stores were completed.

13.     On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

14.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

15.     The Plan became effective on November 1, 2010 (the "Effective Date").

**B.**     **The Business Relationship Between Circuit City And Defendant**

16.     Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

17.     Circuit City and Panasonic Consumer Electronics Company, a division of Defendant Panasonic, entered into a "Consignment Agreement," dated as of March 8, 2006, and amended February 2008 (together, the "Agreement") pursuant to which Defendant agreed to provide certain goods to Circuit City on a consignment basis.  The parties also transacted business on a non-consignment basis.

18.     During the course of the parties' relationship, the parties engaged in numerous transactions pursuant to the Agreement and otherwise that are reflected in purchase orders, invoices, communications and other documents (collectively, the "Defendant's Agreements").

19.     Circuit City and Defendant conducted business with one another before and after the Petition Date in accordance with, and as is reflected in, the Agreements.

20.     During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records").

**C.**     **Amounts Allegedly Owed To Defendant And Defendant's Proofs Of Claim**

   **(1)**     **Claim No. 1254**

21.     On or about December 18, 2008, Defendant filed a claim in the amount of $9,344,327.43 as a claim allegedly entitled to priority under Bankruptcy Code section 503(b)(9).

The Claims Agent appointed by the Court designated this claim as claim number 1254 ("Claim

No. 1254").

22.     In Claim No. 1254, Defendant alleged that the claim was based on sales of

certain goods by Defendant to Circuit City during the twenty-day period prior to the Petition

Date.

23.     The Debtors objected to Claim No. 1254 on the ground that the goods

subject to the claim were not "received by the debtor within 20 days" of the Petition Date.

(Docket No. 4630).  On April 8, 2008, the Court issued a Memorandum Opinion and Order

granting the Debtors' motion reclassifying Claim No. 1254 to a general unsecured, non-priority

claim.

### (2)     <u>Claim No. 1256</u>

24.     On or about December 18, 2008, Defendant filed a claim in the amount of

$4,251,352.72 as a claim allegedly entitled to priority under Bankruptcy Code section 503(b)(9).

The Claims Agent appointed by the Court designated this claim as a claim under 1256 ("Claim

No. 1256").

25.     In Claim No. 1256, Defendant alleged that the claim was based on sales of

certain goods by Defendant to Circuit City during the twenty-day period prior to the Petition

Date.

26.     Pursuant to the Court's order on Debtors' Twentieth Omnibus Objections

(Docket No. 4576), Claim No. 1256 has been docketed as follows:  (a) a 503(b)(9) claim in the

amount of $3,951,683.90 ("Claim No. 1256-503(b)(9)"); and (b) a general unsecured, non-

priority claim in the amount of $299,668.82 ("Claim No. 1256 - GU").

27.     On or about July 10, 2009, Defendant transferred Claim No. 1256 to BoA.

     (3)    **Claim No. 8042**

28.    On or about January 29, 2009, Defendant filed an unliquidated claim as a general unsecured, non-priority claim.  The Claims Agent appointed by the Court designated this claim as claim number 8042 ("Claim No. 8042").

29.    Claim No. 8042 was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

30.    Based on his review of Claim No. 8042, and the documents submitted therewith, the Trustee believes Claim No. 8042 has been filed in the amount of $365,782.57.

     (4)    **Claim No. 8043**

31.    On or about January 29, 2009, Defendant filed a claim in the amount of $120,180.03 as a general unsecured, non-priority claim.  The Claims Agent appointed by the Court designated this claim as number 8043 ("Claim No. 8043").

32.    Claim No. 8043 was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

     (5)    **Claim 8046**

33.    On or about January 29, 2009, Defendant filed an unliquidated claim as a general unsecured, non-priority claim.  The Claims Agent appointed by the Court designated this claim as claim number 8046 ("Claim No. 8046").

34.    Claim No. 8046 was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

35.    Based on his review of Claim No. 8046, and the documents submitted therewith, the Trustee believes Claim No. 8046 has been filed in the amount of $147,982.47.

   (6)  **Claim No. 8088**

    36.  On or about January 29, 2009, Defendant filed an unliquidated claim as a general unsecured, non-priority claim.  The Claims Agent appointed by the Court designated this claim as claim number 8088 ("Claim No. 8088").

    37.  Claim No. 8088 was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

    38.  Based on his review of Claim No. 8088, and the documents submitted therewith, the Trustee believes Claim No. 8088 has been filed in the amount of $3,690,580.81.

   (7)  **Claim No. 9460**

    39.  On or about January 30, 2009, Defendant filed a claim in the amount of $40,447.28 as a general unsecured, non-priority claim.  The Claims Agent appointed by the Court designated this claim as number 9460 ("Claim No. 9460").

    40.  Claim No. 9460 was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

   (8)  **Claim No. 8663**

    41.  On or about January 29, 2009, Defendant filed an unliquidated claim as a general unsecured, non-priority claim.  The Claims Agent appointed by the Court designated this claim as claim number 8663 ("Claim No. 8663").

    42.  Claim No. 8663 was filed on account of goods and services allegedly provided to Circuit City prior to the Petition Date.

    43.  Based on his review of Claim No. 8663, and the documents submitted therewith, the Trustee believes Claim No. 8663 has been filed in the amount of $115,810.67.

D.      **Amounts Owed To Circuit City By Defendant**

44.    As of the date hereof, on account of the pre- and post-petition business conducted between Defendant and Circuit City pursuant to the Defendant's Agreements or otherwise, Defendant is indebted to Circuit City on account of the following unpaid obligations (the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---|
| Chargebacks | $15,485,491.40 |
| Billbacks | $441,715.12 |
| Returns and Deposits | $101,194.13 |
| **TOTAL** | **$15,998,400.65** |

45.    The Unpaid Obligations are due, owing, and payable by Defendant to Circuit City.

46.    Of the Unpaid Obligations, (a) $4,106,182.15 accrued after the Petition Date (the "Post-Petition A/R"); and (b) $11,892,218.50 accrued prior to the Petition Date (the "Pre-Petition A/R").

E.      **Transfers To Defendant Made Within 90 Days Prior To
          The Petition Date**

47.    During the 90-day period prior to the commencement of Circuit City's bankruptcy cases (the "Preference Period"), Circuit City transferred property to or for the benefit of Defendant in an amount not less than $64,926,772.63.  A list identifying each and every transfer during the Preference Period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Preferential Transfers").

48.    Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under Section 547(g).  Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

## COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 547(b)

49.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

50.    During the Preference Period, Defendant was a creditor of one or more of the Debtors.

51.    Each Preferential Transfer identified on Exhibit A hereto was made to or for the benefit of Defendant.

52.    Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

53.    Each Preferential Transfer was made during the Preference Period.

54.    Each Preferential Transfer was made while the Debtors were insolvent.

55.    Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

56.    Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

57.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein

58.     Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

59.     Each Preferential Transfer that is avoided under Section 547(b) is recoverable pursuant to Bankruptcy Code section 550.

60.     Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT III

### BREACH OF CONTRACT

61.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

62.     Pursuant to the Defendant's Agreements, Defendant is obligated to pay to the Debtors the Unpaid Obligations.

63.     The Defendant's Agreements are valid and enforceable agreements against Defendant.

64.     The Debtors performed their obligations under the Defendant's Agreements with respect to the Unpaid Obligations.

65.     Defendant's failure to compensate the Debtors for the Unpaid Obligations in an amount not less than $15,998,400.65 constitutes a material breach of Defendant's obligations under the Defendant's Agreements.

66.     As a direct and proximate result of Defendant's breaches, the Debtors incurred damages in an amount not less than $15,998,400.65.

67.     Accordingly, the Trustee is entitled to a judgment against Defendant in an amount not less than $15,998,400.65.

## COUNT IV

**UNJUST ENRICHMENT/QUASI CONTRACT**

68.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

69.    In the alternative to Count III, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count IV.

70.    The Debtors conferred a benefit upon Defendant pursuant to the Defendant Agreements by transferring property to, or failing to receive credits from, Defendant to which Circuit City is rightfully entitled.

71.    Defendant knowingly accepted the benefit conferred by the Debtors.

72.    The Debtors reasonably expected to be compensated by Defendant in an amount not less than $15,998,400.65  on account of the benefit conferred upon Defendant.

73.    Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $15,998,400.65.

74.    The Trustee has no adequate remedy at law to recover the Unpaid Obligations.

75.    Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trustee is entitled to restitution from the Defendant in an amount not less than $15,998,400.65.

## COUNT V

**TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542**

76.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

77.     In the alternative to Counts III and IV, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count V.

78.     Defendant is in possession, custody, and control of the Unpaid Obligations in an amount not less than $15,998,400.65.

79.     Defendant is not a custodian for the Unpaid Obligations.

80.     The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

81.     The Unpaid Obligations are property of the Debtors' estates under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

82.     Despite being requested to do so, Defendant has not turned over or paid to Circuit City the Unpaid Obligations.

83.     Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $15,998,400.65, including all of the Post-Petition A/R, and any Pre-Petition A/R that is not set-off against claims.

## COUNT VI

### OBJECTION TO CLAIMS 1254, 1256, 8042, 8043, 8046, 8088, 8663 and 9460 – DISALLOWANCE UNDER SECTION 502(d)

84.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

85.     Claim Nos. 1254, 1256, 8042, 8043, 8046, 8088, 8663 and 9460 assert a right to payment allegedly owed by one or more of the Debtors.

86.     As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to Bankruptcy Code section 550.

87.     Accordingly, pursuant to Bankruptcy Code section 502(d), Claim Nos. 1254, 1256, 8042, 8043, 8046, 8088, 8663 and 9460 must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided.

## COUNT VII

### OBJECTION TO CLAIM NO. 1254 AS OVERSTATED

88.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

89.     After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 1254 is overstated by $822,420.53 on account of, among other things, pricing and quantity differences and pricing discrepancies.

90.     As a result, Claim No. 1254 should be reduced to an amount not to exceed $8,521,906.90 ("Modified Claim No. 1254").

## COUNT VIII

### OBJECTION TO CLAIM NO. 1256-503(b)(9) AS OVERSTATED

91.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

92.     After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 1256-503(b)(9) is overstated by $1,303.20 on account of, among other things, quantity shortages.

93.     As a result, Claim No. 1256-503(b)(9) should be reduced to an amount not to exceed $3,950,380.70 ("Modified Claim No. 1256-503(b)(9)").

## COUNT IX

### OBJECTION TO CLAIM NO. 1256-GU AS OVERSTATED

94.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

95.    After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 1256-GU is overstated by $96.60 on account of, among other things, pricing discrepancies.

96.    As a result, Claim No. 1256-GU should be reduced to an amount not to exceed $299,572.22 ("Modified Claim No. 1256-GU").

## COUNT X

### OBJECTION TO CLAIM NO. 8042 AS OVERSTATED

97.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

98.    After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 8042 is overstated by $266,779.04 on account of, among other things, return chargebacks and discrepancies, duplication on other claims, discount chargebacks and claim adjustments.

99.    As a result, Claim No. 8042 should be reduced to an amount not to exceed $99,003.53.

## COUNT XI

### OBJECTION TO CLAIM NO. 8043 AS OVERSTATED

100.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

101.    After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 8043 is overstated by $53,350.79 on account of, among other things, consignment discrepancies.

102.    As a result, Claim No. 8043 should be reduced to an amount not to exceed $66,829.24.

<b><u>COUNT XII</u></b>

<b>OBJECTION TO CLAIM NO. 8088 AS OVERSTATED</b>

103.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

104.    After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 8088 is overstated by $21,897.18 on account of, among other things, return chargebacks, pricing discrepancies, quantity shortages and return discrepancies.

105.    As a result, Claim No. 8088 should be reduced to an amount not to exceed $3,668,683.63.

<b><u>COUNT XIII</u></b>

<b>OBJECTION TO CLAIM NO. 8663 AS OVERSTATED</b>

106.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

107.    After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 8663 is overstated by $18,732.72 on account of, among other things, payments previously made by Circuit City and credits previously issued by Defendant.

108.    As a result, Claim No. 8663 should be reduced to an amount not to exceed $97,077.95.

## COUNT XIV

### OBJECTION TO CLAIM NO. 9460 AS UNWARRANTED

109. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

110. After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 9460 is overstated and therefore unwarranted by $40,447.28 on account of, among other things, return chargebacks and duplication on other claims.

111. As a result, Claim No. 9460 should be disallowed in it entirety.

## COUNT XV

### OBJECTION TO MODIFIED CLAIM NO. 1256 – 503(b)(9) – SETOFF OF THE PRE-PETITION A/R

112. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

113. In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count XV.

114. The Pre-Petition A/R arose from business transactions between the Debtors and Defendant.

115. The Pre-Petition A/R constitutes debts owed by Defendant to the Debtors.

116. Modified Claim No. 1256 – 503(b)(9) also arose from business transactions between Defendant and the Debtors occurring prior to the Petition Date, and is a debt allegedly owed by the Debtors to Defendant.

117. Consequently, under applicable law, the Debtors have established valid setoff rights.

118.    Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

119.    Under applicable law, the Pre-Petition A/R should be setoff first against Modified Claim No. 1256-503(b)(9).

120.    After setoff, Modified Claim No. 1256 – 503(b)(9) should be reduced to $0.

121.    After setoff, and after giving affect to Count VIII above, the Pre-Petition A/R should be reduced to $7,941,837.80 (the "Remaining Pre-Petition A/R").

## COUNT XVI

## OBJECTION TO MODIFIED CLAIM NO. 1256 – GU – SETOFF OF THE REMAINING PRE-PETITION A/R

122.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

123.    In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count XVI.

124.    The Remaining Pre-Petition A/R arose from business transactions between the Debtors and Defendant.

125.    The Remaining Pre-Petition A/R constitutes debts owed by Defendant to the Debtors.

126.    Modified Claim No. 1256 – GU also arose from business transactions between Defendant and the Debtors occurring prior to the Petition Date, and is a debt allegedly owed by the Debtors to Defendant.

127.    Consequently, under applicable law, the Debtors have established valid setoff rights.

128.    Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

129.    Under applicable law, the Remaining Pre-Petition A/R should be setoff against Modified Claim No. 1256-GU

130.    After setoff, Modified Claim No. 1256 – GU should be reduced to $0.

131.    After setoff, and after giving affect to Count IX above, the Remaining Pre-Petition A/R should be reduced to $7,642,265.58 (the "Final Pre-Petition A/R").

## COUNT XVII

### OBJECTION TO MODIFIED CLAIM NO. 1254 – SETOFF OF THE FINAL PRE-PETITION A/R

132.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

133.    In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count XVII.

134.    The Final Pre-Petition A/R arose from business transactions between the Debtors and Defendant.

135.    The Final Pre-Petition A/R constitutes debts owed by Defendant to the Debtors.

136.    Modified Claim No. 1254 also arose from business transactions between Defendant and the Debtors, and asserts a debt allegedly owed by the Debtors to Defendant.

137.     Consequently, under applicable law, the Debtors have established valid setoff rights.

138.     Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

139.     Under applicable law, the Final Pre-Petition A/R should be setoff against Modified Claim No. 1254.

140.     After setoff, and after giving affect to Count VII above, Modified Claim No. 1254 should be reduced to $879,641.32.

141.     After setoff, the Final Pre-Petition A/R should be reduced to $0.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i.     Pursuant to Counts I and II, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the Preferential Transfers in an amount not less than $64,926,772.63; and

ii.     Pursuant to Count III, enter judgment against Defendant for breach of contract and award the Trustee damages in an amount not less than $15,998,400.65; and

iii.     In the alternative to Count III, pursuant to Count IV, enter judgment against Defendant for unjust enrichment and award Circuit City restitution damages on account of Defendant's unjust enrichment in an amount not less than $15,998,400.65; and

iv.     In the alternative to Counts III and IV, pursuant to Count V, order Defendant to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $15,998,400.65; and

v.     Pursuant to Count VI, disallow Claim Nos. 1254, 1256, 8042, 8043, 8046, 8088, 8663, and 9460 in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transfers; and

vi.     Pursuant to Count VII, reduce Claim No. 1254 from the overstated amount of $9,344,327.43 to the proper amount of $8,521,906.90; and

vii.     Pursuant to Count VIII, reduce Claim No. 1256-503(b)(9) from the overstated amount of $3,951,683.90 to the proper amount of $3,950,380.70; and

viii.    Pursuant to Count IX, reduce Claim No. 1256-General Unsecured from the overstated amount of $299,668.82 to the proper amount of $299,572.22; and

ix.    Pursuant to Count X, reduce Claim No. 8042 from the overstated amount of $365,782.57 to the proper amount of $99,003.53;

x.    Pursuant to Count XI, reduce Claim No. 8043 from the overstated amount of $120,180.03 to the proper amount of $66,829.24; and

xi.    Pursuant to Count XII, reduce Claim No. 8088 from the overstated amount of $3,690,580.81 to the proper amount of $3,668,683.63; and

xii.    Pursuant to Count XIII, reduce Claim No. 8663 from the overstated amount of $115,810.67 to the proper amount of $97,077.95; and

xiii.    Pursuant to Count XIV, disallow Claim 9460 in its entirety; and

xiv.    In the alternative to Counts III, IV and V, pursuant to Count XV, authorize the Trustee to effect a setoff of the Post-Petition A/R against Modified Claim No. 1256 – 503(b)(9), reducing it to the proper amount of $0; and

xv.    In the alternative to Counts III, IV and V, pursuant to Count XVI, authorize the Trustee to effect a setoff of the Remaining Post-Petition A/R against Modified Claim No. 1256 – GU, reducing it to the proper amount of $0; and

xvi.    In the alternative to Counts III, IV and V, pursuant to Count XVII, authorize Circuit City to effect a setoff of the Final Pre-Petition A/R against Modified Claim No. 1254, reducing it to the proper amount of $879,641.32; and

xvii.    Award the Trustee prejudgment interest at the legally allowed applicable rate;

xviii.    Award the Trustee costs, and expenses of suit herein; and

xix.    Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
       November 10, 2010


                       /s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Liquidating Trustee*

## EXHIBIT A

### (Preferential Transfers)

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| MATSUSHITA | 8/12/2008 | 424036 | $ 1,761.87 |
| PANASONIC NORTH AMERICA | 8/13/2008 | 1033580 | $ 929,545.94 |
| PANASONIC COMPANY NATIONALACCT | 8/14/2008 | 1033633 | $ 151,089.31 |
| PANASONIC NORTH AMERICA | 8/14/2008 | 1032891 | $ 2,579,810.65 |
| PANASONIC NORTH AMERICA | 8/14/2008 | 1033654 | $ 440,719.04 |
| MATSUSHITA | 8/15/2008 | 424267 | $ 3,959.26 |
| PANASONIC COMPANY NATIONALACCT | 8/15/2008 | 1033532 | $ 1,001,632.40 |
| PANASONIC COMPANY NATIONALACCT | 8/15/2008 | 1033680 | $ 119,378.26 |
| PANASONIC NORTH AMERICA | 8/15/2008 | 1033695 | $ 323,986.43 |
| MATSUSHITA | 8/18/2008 | 424428 | $ 5,680.19 |
| PANASONIC COMPANY NATIONALACCT | 8/18/2008 | 1033777 | $ 1,060,267.61 |
| PANASONIC NORTH AMERICA | 8/18/2008 | 1033741 | $ 1,019,942.66 |
| PANASONIC NORTH AMERICA | 8/18/2008 | 1033804 | $ 620,868.92 |
| PANASONIC COMPANY NATIONALACCT | 8/20/2008 | 1033873 | $ 1,680,030.47 |
| PANASONIC NORTH AMERICA | 8/20/2008 | 1033914 | $ 1,171,937.77 |
| MATSUSHITA | 8/21/2008 | 424581 | $ 3,757.86 |
| PANASONIC COMPANY NATIONALACCT | 8/21/2008 | 1033963 | $ 348,486.17 |
| PANASONIC NORTH AMERICA | 8/21/2008 | 1033977 | $ 329,375.57 |
| PANASONIC COMPANY NATIONALACCT | 8/22/2008 | 1034001 | $ 82,715.40 |
| PANASONIC NORTH AMERICA | 8/22/2008 | 1034018 | $ 502,191.36 |
| MATSUSHITA | 8/27/2008 | 424863 | $ 18,523.35 |
| PANASONIC COMPANY NATIONALACCT | 8/27/2008 | 1034144 | $ 230,066.20 |
| PANASONIC COMPANY NATIONALACCT | 8/29/2008 | 1034150 | $ 161,736.97 |
| PANASONIC COMPANY NATIONALACCT | 8/29/2008 | 1034152 | $ 137,541.36 |
| MATSUSHITA | 9/2/2008 | 424983 | $ 3,131.41 |
| PANASONIC NORTH AMERICA | 9/2/2008 | 1034244 | $ 1,394,311.35 |
| PANASONIC NORTH AMERICA | 9/2/2008 | 1034351 | $ 1,289,523.29 |
| PANASONIC COMPANY NATIONALACCT | 9/4/2008 | 1034420 | $ 206,605.09 |

| | | | |
|---|---|---|---|
| PANASONIC NORTH AMERICA | 9/4/2008 | 1034468 | $    468,774.56 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/5/2008 | 1034516 | $     40,551.75 |
| PANASONIC NORTH AMERICA | 9/5/2008 | 1034530 | $    625,038.44 |
| MATSUSHITA | 9/8/2008 | 425157 | $     31,360.61 |
| MATSUSHITA | 9/8/2008 | 425329 | $      4,602.46 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/8/2008 | 1034569 | $        311.04 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/8/2008 | 1034645 | $    220,734.43 |
| PANASONIC NORTH AMERICA | 9/8/2008 | 1034676 | $    775,254.71 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/10/2008 | 1034753 | $    478,116.20 |
| PANASONIC NORTH AMERICA | 9/10/2008 | 1034802 | $  1,926,023.05 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/11/2008 | 1034868 | $    158,848.26 |
| PANASONIC NORTH AMERICA | 9/11/2008 | 1034885 | $    390,084.00 |
| MATSUSHITA | 9/12/2008 | 425486 | $      8,554.59 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/12/2008 | 1034929 | $        159.62 |
| PANASONIC NORTH AMERICA | 9/12/2008 | 1034944 | $    620,492.96 |
| MATSUSHITA | 9/15/2008 | 425741 | $     12,644.06 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/15/2008 | 1034982 | $        168.40 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/15/2008 | 1035054 | $      3,869.41 |
| PANASONIC NORTH AMERICA | 9/15/2008 | 1035005 | $    912,245.84 |
| PANASONIC NORTH AMERICA | 9/15/2008 | 1035092 | $    446,404.76 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/17/2008 | 1035163 | $    571,099.88 |
| PANASONIC NORTH AMERICA | 9/17/2008 | 1035211 | $  1,001,761.01 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/18/2008 | 1035275 | $     31,606.25 |
| PANASONIC NORTH AMERICA | 9/18/2008 | 1034592 | $    955,466.65 |
| PANASONIC NORTH AMERICA | 9/18/2008 | 1035294 | $    314,029.72 |
| PANASONIC NORTH AMERICA | 9/19/2008 | 1035353 | $    422,268.82 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/22/2008 | 1035389 | $      6,032.08 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/22/2008 | 1035450 | $    140,682.95 |
| PANASONIC NORTH AMERICA | 9/22/2008 | 1035409 | $    698,529.24 |
| PANASONIC NORTH AMERICA | 9/22/2008 | 1035484 | $    669,581.89 |
| PANASONIC COMPANY | | | |
| NATIONALACCT | 9/24/2008 | 1035561 | $    913,013.75 |
| PANASONIC NORTH AMERICA | 9/24/2008 | 1035607 | $  1,172,023.16 |

| | | | | |
|---|---|---|---|---|
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 9/25/2008 | 1035667 | $ | 559,772.64 |
| PANASONIC NORTH AMERICA | 9/25/2008 | 1035681 | $ | 412,623.53 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 9/26/2008 | 1035722 | $ | 163,901.82 |
| PANASONIC NORTH AMERICA | 9/26/2008 | 1035735 | $ | 634,997.21 |
| PANASONIC NORTH AMERICA | 9/29/2008 | 1035780 | $ | 1,060,712.61 |
| PANASONIC NORTH AMERICA | 9/29/2008 | 1035848 | $ | 556,753.06 |
| MATSUSHITA | 9/30/2008 | 426225 | $ | 1,119.13 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/1/2008 | 1035923 | $ | 742,570.75 |
| PANASONIC NORTH AMERICA | 10/1/2008 | 1035966 | $ | 1,067,010.18 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/2/2008 | 1036023 | $ | 591,544.66 |
| PANASONIC NORTH AMERICA | 10/2/2008 | 1036037 | $ | 312,685.60 |
| MATSUSHITA | 10/6/2008 | 426608 | $ | 4,778.77 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/6/2008 | 1036063 | $ | 67,256.75 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/6/2008 | 1036100 | $ | 14,191.36 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/6/2008 | 1036157 | $ | 175,193.01 |
| PANASONIC NORTH AMERICA | 10/6/2008 | 1036079 | $ | 436,062.17 |
| PANASONIC NORTH AMERICA | 10/6/2008 | 1036118 | $ | 846,066.52 |
| PANASONIC NORTH AMERICA | 10/6/2008 | 1036192 | $ | 580,860.94 |
| MATSUSHITA | 10/8/2008 | 426744 | $ | 4,717.44 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/8/2008 | 1036265 | $ | 514,731.47 |
| PANASONIC NORTH AMERICA | 10/8/2008 | 1036314 | $ | 1,303,906.01 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/9/2008 | 1036375 | $ | 1,014,722.42 |
| PANASONIC NORTH AMERICA | 10/9/2008 | 1036388 | $ | 329,082.59 |
| MATSUSHITA | 10/10/2008 | 426914 | $ | 4,537.67 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/10/2008 | 1036424 | $ | 12,626.47 |
| PANASONIC NORTH AMERICA | 10/10/2008 | 1036435 | $ | 515,045.74 |
| PANASONIC NORTH AMERICA | 10/14/2008 | 1036481 | $ | 721,840.59 |
| MATSUSHITA | 10/15/2008 | 427072 | $ | 11,035.91 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/15/2008 | 1036629 | $ | 1,408,080.81 |
| PANASONIC COMPANY | | | | |
| NATIONALACCT | 10/16/2008 | 1036719 | $ | 626,981.43 |
| PANASONIC NORTH AMERICA | 10/16/2008 | 1036558 | $ | 392,019.87 |
| PANASONIC NORTH AMERICA | 10/16/2008 | 1036729 | $ | 257,276.10 |
| PANASONIC NORTH AMERICA | 10/17/2008 | 1036787 | $ | 392,240.79 |

| | | | | |
|---|---|---|---|---|
| PANASONIC COMPANY NATIONALACCT | 10/20/2008 | 1036861 | $ | 489,890.29 |
| PANASONIC NORTH AMERICA | 10/20/2008 | 1036665 | $ | 166,047.40 |
| PANASONIC NORTH AMERICA | 10/20/2008 | 1036829 | $ | 642,371.09 |
| MATSUSHITA | 10/21/2008 | 427364 | $ | 20,654.09 |
| PANASONIC NORTH AMERICA | 10/21/2008 | 1036886 | $ | 745,019.46 |
| PANASONIC COMPANY NATIONALACCT | 10/22/2008 | 1036950 | $ | 2,247,322.23 |
| PANASONIC NORTH AMERICA | 10/22/2008 | 1036989 | $ | 1,572,909.13 |
| PANASONIC NORTH AMERICA | 10/23/2008 | 1037047 | $ | 421,341.55 |
| PANASONIC COMPANY NATIONALACCT | 10/24/2008 | 1037038 | $ | 586,256.35 |
| PANASONIC COMPANY NATIONALACCT | 10/24/2008 | 1037075 | $ | 282,151.12 |
| PANASONIC NORTH AMERICA | 10/24/2008 | 1037086 | $ | 564,075.81 |
| PANASONIC COMPANY NATIONALACCT | 10/27/2008 | 1037117 | $ | 22,631.80 |
| PANASONIC COMPANY NATIONALACCT | 10/27/2008 | 1037149 | $ | 252,100.02 |
| PANASONIC COMPANY NATIONALACCT | 10/27/2008 | 1037166 | $ | 305,963.92 |
| PANASONIC NORTH AMERICA | 10/27/2008 | 1037187 | $ | 1,414,194.66 |
| MATSUSHITA | 10/28/2008 | 427568 | $ | 5,773.73 |
| MATSUSHITA | 10/28/2008 | 427727 | $ | 9,492.25 |
| MATSUSHITA | 10/28/2008 | 427728 | $ | 228.00 |
| PANASONIC COMPANY NATIONALACCT | 10/29/2008 | 1037239 | $ | 3,108,361.89 |
| PANASONIC NORTH AMERICA | 10/29/2008 | 1037277 | $ | 976,735.04 |
| PANASONIC COMPANY NATIONALACCT | 10/30/2008 | 1037334 | $ | 5,176,917.52 |
| PANASONIC NORTH AMERICA | 10/30/2008 | 1037344 | $ | 323,270.10 |
| MATSUSHITA | 11/3/2008 | 427971 | $ | 5,634.33 |
| MATSUSHITA | 11/5/2008 | 428110 | $ | 9,237.90 |
| MATSUSHITA | 11/7/2008 | 428275 | $ | 2,336.22 |

**Total Payment Amount** $64,926,772.63