# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | |
| ROBERT GENTRY, *et al.*, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | Civil No. 3:10CV567-HEH |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |

[Stamp: RICHMOND DIVISION FILED NOV 0 8 2010 CLERK US BANKRUPTCY COURT]

## ORDER
### (Affirming Bankruptcy Court's Denial of Class Proofs)

THIS MATTER is before the Court on appeal from an Order of the United States Bankruptcy Court for the Eastern District of Virginia denying Appellants' Motion for an Order Applying Bankruptcy Rule 7023 to Their Class Proofs of Claim Pursuant to Bankruptcy Rule 9014(c). For the reasons set forth in the accompanying Memorandum Opinion, the judgment of the bankruptcy court is AFFIRMED.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is SO ORDERED.

                                                  /s/
                                       Henry E. Hudson
                                       United States District Judge

Date: Oct 25, 2010
Richmond, VA

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
                 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC., *et al.*, ) | Case No. 08-35653 |
| ) | |
| Debtors. ) | |
| ---------------------------------------) | |
| ROBERT GENTRY, *et al.*, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Civil No. 3:10CV567-HEH |
| ) | |
| CIRCUIT CITY STORES, INC., *et al.*, ) | |
| ) | |
| Appellees. ) | |

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

## MEMORANDUM OPINION
(Affirming Bankruptcy Court's Denial of Class Proofs)

This matter is before the Court on appeal from a May 28, 2010 Order of the

United States Bankruptcy Court for the Eastern District of Virginia ("bankruptcy court")

denying Appellants' (Robert Gentry, Jack Hernandez, Jonathan Card, and Joseph Skaf)

Motion for an Order Applying Bankruptcy Rule 7023 to Their Class Proofs of Claim

Pursuant to Bankruptcy Rule 9014(c) ("the Motion"). Both parties have filed extensive

memoranda of law in support of their respective positions. The Court will dispense with

oral argument because the facts and legal contentions are adequately presented in the

materials before the Court, and argument would not aid in the decisional process. Based

on an extensive review of the record in this case and for the reasons stated herein, the

Court affirms the Order of the bankruptcy court.

1

## I. Factual and Procedural History

On November 10, 2008 ("Petition Date"), the Debtors, Circuit City, Inc., *et al.*,[1] ("Debtors" or "Appellees") filed bankruptcy proceedings in the bankruptcy court under Chapter 11 of the Bankruptcy Code. The Debtors operated approximately 712 retail stores and employed approximately 39,600 employees as of the Petition Date. On November 12, 2008, the bankruptcy court appointed Kurtzman Carson Consultants LLC ("KCC") as the claims, noticing, and balloting agent for the Debtors, pursuant to 28 U.S.C. § 156(c).

On December 10, 2008, the bankruptcy court entered an Order setting January 30, 2009 (the "Bar Date") as the deadline for non-governmental entities to file proofs of claim against the Debtors for claims arising before November 10, 2008. On December 19, 2008, KCC served a copy of the notice of the Bar Date for claims ("Claims Bar Date Notice") on over 370,000 parties, including the Debtor's employees for the three years preceding the Petition Date, and on any party with pending litigation and employee grievance claims against the Debtors. In addition, the Debtors published the Claims Bar Date Notice in *The Wall Street Journal* and *The Richmond Times-Dispatch*.

Each of the Appellants filed separate class action complaints against the Debtors in Los Angeles and San Diego Superior Courts in California (collectively, the "Class

---

[1] The Debtors are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc. (n/a), XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

Action Lawsuits" and each, a "Class Action Lawsuit"). The Class Action Lawsuits were filed in the following order: Robert Gentry ("Gentry") filed on August 29, 2002; Jack Hernandez ("Hernandez") filed on November 4, 2008; Jonathan Card ("Card") filed on November 4, 2008; Joseph Skaf ("Skaf") filed on December 19, 2008.[2] None of these Class Action Lawsuits has received certification as a class. The Class Action Lawsuits allege that the Debtors violated both the California Labor Code and the California Business and Professions Code ("California Codes"). Based upon these violations, Appellants sought two forms of relief on behalf of themselves and all those similarly situated: (i) damages for conversion and for violations of the California Codes; and (ii) injunctive relief against the Debtors on account of the alleged labor violations. The Class Action Lawsuits were stayed as a result of the commencement of the Debtors' bankruptcy cases.

Each of the Appellants also filed separate claims against the Debtors in the bankruptcy court ("Class Claims" and each, "Class Claim") on behalf of themselves and "all those similarly situated" (the "Unnamed Claimants"). The Class Claims are based upon the same allegations in the Class Action Lawsuits instituted in the California courts. The Gentry Class Claim, Hernandez Class Claim, and the Card Class Claim were filed on

---

[2] The Skaf Class Action Lawsuit was filed over one month after the Petition Date and in violation of the automatic stay.

3

January 13, 2009. The Skaf Class Claim[3] was filed on January 30, 2009. In the aggregate, these Class Claims seek approximately $150 million.

On June 22, 2009, Appellees filed their Nineteenth Ominbus Objection to Claims (the "Nineteenth Omnibus Objection"), and on August 20, 2009, filed their Thirty-first Omnibus Objection to Claims (the "Thirty-First Omnibus Objection," together with the Nineteenth Omnibus Objection, the "Objections"). In filing the Objections, Appellees sought to reclassify or disallow the Class Claims. On February 25, 2010, Appellees filed summary judgment motions ("Summary Judgment Motions") with respect to the Objections, seeking to reclassify the Class Claims from Bankruptcy Code § 507(a)(4) priority claims to general unsecured non-priority claims. Also on February 25, 2010, Appellees simultaneously filed supplemental objections ("Supplemental Objections") further objecting to the Class Claims to the extent that the Class Claims sought relief with respect to the Unnamed Claimants. In response to the Supplemental Objections and Motions for Summary Judgment, and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Appellants filed an application for discovery.[4]

On March 25, 2010, the bankruptcy court held a hearing with respect to the Summary Judgment Motions and the Supplemental Objections (the "March 25 Hearing"). The bankruptcy court granted the Summary Judgment Motions and on April 1, 2010, entered an Order reclassifying the Class Claims to general unsecured non-priority claims.

---

[3] The Skaf Class Claim was also filed on behalf of Gustavo Garcia and Miguel Perez, who are additional Named Claimants.

[4] The bankruptcy court denied the request for discovery, finding that it was unnecessary.

4

Also at the March 25 Hearing, with respect to the Supplemental Objections, the bankruptcy court held that Appellants were required to file motions under Rule 9014 of the Federal Rules of Bankruptcy Procedure ("Rule 9014") requesting that the bankruptcy court apply Rule 7023 of the Federal Rules of Bankruptcy Procedure ("Rule 7023") in order to proceed on the Class Claims. This authorization to file the motions under Rule 9014 was to be without prejudice to any party's right to object to such motions, including on grounds that such motions were untimely.

On March 31, 2010, Appellants filed the Motion requesting that Rule 7023 be made applicable to the Class Claims, pursuant to Rule 9014. In support of their Motion, Appellants argued that: (i) the Motion was not untimely; (ii) it was more efficient to proceed on the Class Claims than through the individual claims resolution process; and (iii) the Claims Bar Date Notice was not sufficient to give notice to the Unnamed Claimants. Appellees objected to the Motion on grounds that it was untimely, and that the individual claims resolution process in bankruptcy cases is superior to class litigation.

Following a hearing on April 15, 2010, the bankruptcy court denied the Motion. On May 28, 2010, the bankruptcy court issued a memorandum opinion holding that: (i) Appellants were not authorized representatives of the Unnamed Claimants, and therefore Appellants' Class Claims on behalf of the Unnamed Claimants were invalid; (ii) Appellants' Motion was not timely filed, nor was there excusable neglect; (iii) even if the Motion had been timely filed, the bankruptcy court has discretion to determine whether Rule 7023 should be made applicable through Rule 9014; (iv) even if the Motion had

5

been timely filed, the individual bankruptcy claims process is a superior method to class action litigation for adjudicating claims; and (v) sufficient notice was provided to the Unnamed Claimants who were potential class members of the Appellants' Class Claims. The bankruptcy court thus allowed the proofs of claims on behalf of the Appellants and disallowed the proofs of claims as to all Unnamed Claimants.

On June 23, 2010, Appellants filed a Notice of Appeal from the order of the bankruptcy court denying the Motion. Appellants argue that this Court should overturn the bankruptcy court's holding because: (i) Appellants were authorized to file class proofs on behalf of the Unnamed Claimants because Appellants were "class representatives" pursuant to Rule 23 of the Federal Rules of Civil Procedure, even though the class was yet to be certified; (ii) Appellants' unfair competition law claims statutorily empowers them to seek class-wide relief without obtaining class certification; (iii) Appellants timely brought their Rule 7023 Motion as it was in response to the Supplemental Objections; and (iv) the method of giving notice to the Unnamed Claimants violates the Due Process rights of the Unnamed Claimants, and a class action is the only way to vindicate those rights.

Appellees argue that this Court should affirm the bankruptcy court's decision because: (i) no evidence was presented authorizing Appellants to sign the Class Claims, or to act as class representatives on behalf of the Unnamed Claimants; (ii) the Motion was untimely filed because it was filed over a year after the Bar Date and only upon the insistence of the bankruptcy court; (iii) even if the Motion had been timely filed, it was

6

within the discretion of the bankruptcy court to grant the Rule 7023 Motion. Furthermore, the bankruptcy court took proper judicial notice of the particular circumstances existing at the time of the Motion to correctly hold that the individual claims adjudication process was superior to proceeding on Class Claims; and (iv) the bankruptcy court's finding that the Unnamed Claimants received constitutionally adequate notice rested on uncontested facts.

For the reasons stated herein, the Court affirms the bankruptcy court's denial of Appellants' Motion.

## II.    Standard of Review

This Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. This Court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo. See id.* ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous."); *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008). Where there are mixed questions of law and fact, the Court will apply the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *U.S. Dep't of Health & Human Serv. v. Smitley*, 347 F.3d 109, 116 (4th Cir. 2003) (citing *Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir.1996)).

Granting or denying a motion to apply Rule 7023 to the proofs of claim is within the discretion of the bankruptcy court, and the Court reviews that decision only for an

7

abuse of discretion. *See* Fed. R. Bankr. P. 9014(c) ("The [bankruptcy] court *may* at any stage in a particular matter direct that [Rule 7023] shall apply.") (emphasis added); *see also In re Wilborn*, 609 F.3d 748, 752 (5th Cir. 2010) ("We review a decision to certify a class action for abuse of discretion"); *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1262 (10th Cir. 2004) (reviewing the denial of a class certification for an abuse of discretion).

### III. Analysis

**A.   The Denial of Appellant's Motion on the Basis of Rule 7023 Was Not an Abuse of Discretion**

The Courts of Appeals are split over whether the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure authorize the filing of class proofs of claim,[5] and the Fourth Circuit has not addressed the issue. Without ruling on whether class proofs of claim are authorized, this Court affirms the bankruptcy court's denial of Appellants' Motion because the bankruptcy court did not abuse its discretion in finding that the proposed class litigation would be inferior to the individual bankruptcy claims resolution process.[6] The Court also does not reach the issue of whether Appellants were

---

[5] *See, e.g., In re Charter Co.* 876 F.2ed 866, 873 (11th Cir. 1989), *cert. dismissed*, 496 U.S. 944 (1990); *In re American Reserve Corp.*, 840 F.2d 487, 492 (7th Cir. 1988) (authorizing class proofs of claim as consistent with the purposes of the Bankruptcy Code and Rules). *But see In re Standard Metals Corp.*, 817 F.2d 625, 630 (10th Cir. 1987), (stating that class proofs of claim are unauthorized under the Bankruptcy Code and Rules), *vacated and rev'd in part on other grounds sub. nom., Sheftelman v. Standard Metals, Corp.*, 839 F.2d 1383 (10th Cir. 1987) (per curiam), *cert. dismissed*, 488 U.S. 881 (1988).

[6] Irrespective of whether class proofs of claim are authorized, it is well established that the filing of a class proof of claim is not a matter of right, but a matter solely within the discretion of the court. *In re Computer Learning Centers, Inc.*, 344 B.R. 79, 85 (Bankr. E.D. Va. 2006). *See also In re American Reserve Corp.* 840 F.2d 487, 488 (7th Cir. 1988) ("[T]he right to file a proof of

8

"authorized agents" or whether the Motion was untimely because these are merely factors for a bankruptcy court to consider while exercising its discretion as granted by Rule 9014.

In exercising its discretion, a bankruptcy court may consider a non-exhaustive list of factors prior to granting or denying a Rule 7023 motion. Those considerations include whether: (1) the benefits of proceeding as a class outweighs the costs; (2) the class litigation causes undue delay or complication in administering the bankruptcy estate; (3) the bankruptcy court's control over the debtor and its property render class certification unnecessary; (4) the Rule 7023 motion was timely; and (5) proceeding as a class is superior to the ordinary bankruptcy proceeding. *In re Computer Learning Centers, Inc.*, 344 B.R. 79, 92 (Bankr. E.D. Va. 2006).

In this case, the bankruptcy court denied the Motion because the proposed class litigation (1) would be inferior to the bankruptcy claims resolution process; and (2) would unduly complicate the administration of the other claims before the bankruptcy court against the Debtors. In so concluding, the bankruptcy court did not abuse its discretion.

---

claim on behalf of a class seems secure, at least if the bankruptcy judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014"); *In re Bally Total Fitness of Greater N.Y.*, 402 B.R. 616, 619 (Bankr. S.D.N.Y. 2009) ("There is no absolute right to file a class proof of claim under the Bankruptcy Code") *aff'd* 411 B.R. 142, 145 (S.D.N.Y. 2009). Rule 9014 states in pertinent part: "The [bankruptcy] court *may* at any stage in a particular matter direct that one or more of the other rules in Part VII [of the Federal Rules of Bankruptcy] shall apply." Fed. R. Bankr. P. 9014(c) (emphasis added). One of those "other rules" is Rule 7023, which makes Rule 23 of the Federal Rules of Civil Procedure applicable in adversarial bankruptcy proceedings. Fed. R. Bankr. P. 7023. Hence, it is well within the discretion of the bankruptcy judge to determine whether or not to apply Rule 7023.

9

The superiority and efficiency of the bankruptcy claims resolution process over class litigation is well established. Succinctly stated, the "superiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost." *In re Ephredra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005); *see also In re Bally Total Fitness of Greater N.Y.*, 411 B.R. 142, 145 (S.D.N.Y. 2009) ("many of the perceived advantages of class treatment drop away" in a bankruptcy proceeding).

Here, the bankruptcy court's findings of the superiority of the bankruptcy process are not clearly erroneous as they are supported by the record and applicable law. First, Rule 2002 governs the method of providing notice in bankruptcy proceedings, hence the bankruptcy court's finding that the bankruptcy process provides "established mechanisms for notice" is adequately supported. Second, the bankruptcy court's finding that the bankruptcy process provides "established mechanisms for managing large numbers of claimants" is supported by Rule 3007. Third, the bankruptcy court's finding that the bankruptcy process provides "proceedings centralized in a single court with nationwide service of process" is supported by 28 U.S.C. §157(b) and Rule 7004(d). Lastly, the bankruptcy court's finding that the bankruptcy process provides "protection against a race to judgment since all of the debtor's assets are under the control of the bankruptcy court" is evidenced and supported by 11 U.S.C. §362(a), which provides for an automatic stay upon the filing of all bankruptcy petitions. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) ("The automatic stay gives the bankruptcy court an opportunity to harmonize

10

the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations.").

Furthermore, the bankruptcy court's finding that the proposed class litigation would unduly complicate the administration of the other claims against the Debtors was not clearly erroneous because a bankruptcy court "may take judicial notice of the contents of the docket and pleadings" in its territorial jurisdiction. *Rutland v. Burkeholder*, No. 8:09-2476, 2009 U.S. Dist. LEXIS 102203, at *2 n.2 (D.S.C. Oct. 1, 2009); *see* Fed. R. Evid. 201(b) & (c). The bankruptcy court found that approximately 15,000 claims had been filed against the Debtors and that approximately 7,800 orders had been entered regarding those claims. The bankruptcy court subsequently stated: "It is highly doubtful that an additional several hundred claims from potential class members would negatively impact the claims resolution process in theses cases." The Court finds that the bankruptcy court made these findings based on common sense and experience and adequate facts in the record.

Having carefully reviewed the record, the Court concludes that the bankruptcy court's findings are not clearly erroneous. In light of these findings, and in consideration of the fact that the "bankruptcy [process] provides the most expeditious and efficient path for the resolution of all creditors' claims," *In re Bally Total Fitness*, 411 B.R. at 148, the Court finds that the bankruptcy court's denial of the Appellants' Motion was not an abuse of discretion.

11

**B.    Constitutionally Adequate Notice was given to the Unnamed Claimants**

Appellants challenge the sufficiency of the notice given to the Unnamed Claimants. Whether the notice given to the Unnamed Claimants is constitutionally adequate is a mixed question of fact and law, and this Court applies the clearly erroneous standard to the factual findings and a *de novo* review to the legal conclusions derived from those findings. *U.S. Dep't of Health & Human Serv. v. Smitley*, 347 F.3d 109, 116 (4th Cir. 2003) (citation omitted). For the reasons that follow, the Court affirms the bankruptcy court's holding that the notice given to the Unnamed Claimants was constitutionally adequate.

To satisfy the due process requirement of the Constitution, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "The type of notice that is [constitutionally] adequate . . . depends on whether a particular creditor is known or unknown to the debtor." *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007). "Known creditors [are those] claimants whose identities are actually known to the debtor, as well as claimants whose identities are 'reasonably ascertainable' to the debtor." *Id.* at 250 (citations omitted). Where the creditor is known, actual notice of the bankruptcy filing and the bar date is required. *Id.* at 249. On the other hand, "an unknown creditor ... is a claimant whose identity or claim is wholly conjectural or 'whose interests or whereabouts could not with due diligence be ascertained' by the debtor." *Id.* at 250 (quoting *Mullane*, 339 U.S. at 317). An unknown

creditor "is not entitled to actual notice of the debtor's bankruptcy filing." *In re J.A. Jones*, 492 F.3d at 250. Instead, "where the creditor is unknown to the debtor, constructive notice – typically in the form of publication – is generally sufficient to pass constitutional muster." *Id.* at 249-50.

The totality of the circumstances in each case must be analyzed to determine whether a particular creditor is known or unknown.[7] *Id.* at 250. Some factors to be considered include: (1) whether the identity of the creditors or their claims are conjectural or can be reasonably ascertained, *id.*; (2) whether the cost of giving actual notice would consume a disproportionate share of the debtor's resources, *Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000); and (3) the obligation of the court to the existing creditors and the debtor's stockholders in light of the potential delay and the balance of the debtor's resources, *Vancouver Women's Health Collective Soc. v. A. H. Robins Co. Inc.*, 820 F.2d 1359, 1364 (4th Cir. 1987).

Applying these principles, this Court concludes that the bankruptcy court correctly held that the Unnamed Claimants who did not receive actual notice are unknown creditors. "A debtor need not be omnipotent or clairvoyant." *In re J.A. Jones*, 492 F.3d at 251. A debtor need only do what is reasonable under the circumstances to provide notice to ascertainable creditors. *Id.* at 250. The bankruptcy court found that "the only

---

[7] "While the bankruptcy court's known creditor analysis is reviewed *de novo*, it is nonetheless appropriate to give substantial consideration to the bankruptcy court's conclusions in this regard given that court's significant experience and expertise in these matters, which routinely arise in the administration of bankruptcy estates." *In re J.A. Jones, Inc.*, 492 F.3d 242, 250 n.8 (4th Cir. 2007).

13

way [the Debtors] could have provided [actual] notice to all of the Unnamed Claimants would be by identifying specific employees who fell into the classes identified by the Class Claims or by serving all of [the] Debtors' employees in California for the ten year period prior to the Petition Date."[8] The record indicates that the Debtors employed approximately 39,600 employees throughout the United States and had over 100 separate geographic locations within the State of California. The scope of individuals who could potentially fall within the classes identified by the Class Claims is broad and uncovering their identity and claims would require more effort than is reasonably required by the circumstances. Therefore, the bankruptcy court's finding that the identities or claims of those Unnamed Claimants were not known or reasonably ascertainable by the Debtors at the time the Debtors provided notice of the Bar Date was not clearly erroneous.

Furthermore, "a bankrupt estate's resources are always limited." *Vancouver Women's Health Collective Soc. v. A. H. Robins Co. Inc.*, 820 F.2d 1359, 1364 (4th Cir. 1987). To subject the Debtors to the task of identifying all its employees in California within the period identified by the Class Claims and then requiring the Debtors to provide actual notice to each individual would be expensive and would consume a disproportionate share of the Debtor's resources. Hence, the bankruptcy court's finding that the cost of giving actual notice would consume a disproportionate share of the debtor's resources was not clearly erroneous.

---

[8] It is important to note that actual notice of the filing of the Petition and the Bar Date was given to all individuals employed by the Debtors within the three years preceding the Petition Date. At issue is the group of individuals not employed within the three years prior to the Petition Date but who are members of the Class Claims.

14

Also, the bankruptcy court has an obligation to the existing creditors and the Debtors' stockholders. Approximately 15,000 claims were filed against the Debtors and more than half—approximately 7,800 orders—have been disposed of. On the other hand, the Class Claims collectively seek $150 million. The Class Action Lawsuits were not certified and discovery had not occurred. Proceeding with the Class Claims would therefore cause unnecessary delay and burden on the balance of the Debtors' resources. Therefore, this Court affirms the bankruptcy court's finding that the Unnamed Claimants not employed in the three years prior to the Petition Date are unknown creditors and as such are not entitled to actual notice. Because notice by publication was given to the unknown creditors, the notice was constitutionally adequate.

Appellant also argues that notice did not comport with Rule 23 of the Federal Rules of Civil Procedure, hence notice was inadequate. Rule 23 establishes notice procedures for class actions and begins with: "For any class *certified* under Rule 23(b). . . ." Fed. R. Civ. P. 23(c)(2) (emphasis added). This necessarily implies that for notice to be given pursuant to Rule 23 there must be a certified class. In the present case, there is no evidence of a certified class pursuant to Rule 23; as a result the notice requirements of Rule 23(c) are inapplicable. Therefore, the bankruptcy court correctly held that notice was constitutionally adequate as to the Unnamed Claimants.

## IV. Conclusion

For the reasons stated above, the bankruptcy court's May 28, 2010 Order denying Appellants' Motion under Federal Rule of Bankruptcy Procedure 9014 is affirmed. An appropriate Order will accompany this Memorandum Opinion.

                                                   /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: Oct. 29, 2010
Richmond, VA