# United States Bankruptcy Court

Eastern District of Virginia
In re: **Circuit City Stores, Inc,** Case No.**08-35653**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee<br>**Argo Partners** | Name of Transferor<br>**Blue Heron Micro Opportunities Fund LLP**<br>**As Assignee of**<br>**Metro Signs, Inc.** |
| Name and Address where notices and payments to transferee should be sent<br>**Argo Partners**<br>**12 West 37th Street, 9th Floor**<br>**New York, NY 10018**<br>Phone:<br>**(212) 643-5445** | Court Record Address of Transferor<br>(Court Use Only)<br><br>Last Four Digits of Acct. #: _____<br><br>Name and Current Address of Transfer<br>**Blue Heron Micro Opportunities Fund LLP**<br>**As Assignee of**<br>**Metro Signs, Inc.**<br><br>**PO Box 14610**<br>**Surfside Beach, SC  29587**<br>Phone:<br>**(803)810-0855**<br><br>Court Claim #<br><br>Claim Amount: **$1,860.00** |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Matthew A. Gold                                                     Date: **11/12/2010**
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---

**~~DEADLINE TO OBJECT TO TRANSFER~~**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                            _____
                                                                          **CLERK OF THE COURT**

## ASSIGNMENT OF CLAIM AGREEMENT

**ARCHON BAY CAPITAL, LLC** and **BLUE HERON MICRO OPPORTUNITIES FUND, LLP** (collectively referred to herein as "Assignor"), with offices at 671 Jamestown Drive, Suite 205, Garden City Beach, SC 29576, its successors and assigns (the "Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, in the sum of _____ the "Purchase Price") does hereby irrevocably sell, convey, transfer and assign unto **ARGO PARTNERS**, having offices at 12 West 37th Street 9th Floor, New York, NY 10018, its successors and assigns (collectively, "Assignee"), all of Assignor's rights, obligations, title and interest in, to and under those certain Assignment of Claim agreements by and between Assignor and **THE ORIGINAL CREDITORS LISTED ON SCHEDULE I ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE** (collectively the "Original Creditor") (a true and complete copy of each agreement between Assignor and the Original Creditor being attached hereto as Exhibit "A" and incorporated herein by reference (defined herein as the "Original Creditor Agreement")) and in and to the immediate claim in the amount of **$37,111.89** (the "Immediate Claim Amount") and in and to the total claim in the amount of **$42,326.50** (the "Claim") against **CIRCUIT CITY STORES, INC. et al.,** (the "Debtor"), including, without limitation, all of Assignor's rights, title and interest to all agreements, instruments, invoices, and other documents evidencing, or relating to, the Claim or the Proof of Claim, and any actions, claims, lawsuits or rights of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, including, without limitation, Assignor's rights to receive any cash, securities, instruments and/or other property issued in respect of the Claim to Assignor, or otherwise, in the bankruptcy proceedings in the United States Bankruptcy Court, Eastern District of Virginia, or any other court with jurisdiction over the Proceedings (the "Bankruptcy Court"), jointly administered at **Case No. 09-35653** (defined as the "Proceedings").

Assignor hereby assigns to Assignee, and Assignee hereby purchases all the rights, title and interest in and to the Original Creditor Agreement and the Claim, including without limitation its remedies against the Original Creditor under the Original Creditor Agreement to require the Original Creditor to repay all or part of the consideration paid to the Original Creditor thereunder in the event that the Claim is disallowed in the Proceedings in whole or in part. In the event that, pursuant to the Proceedings, the Claim is disallowed or allowed for an amount (the "Allowed Amount") which is less than the Claim Amount, or is otherwise subordinated in the Proceedings for any reason whatsoever, Assignor agrees to immediately repay an amount equal to the (i) amount of the Claim subject to Disallowance, multiplied by the (ii) difference between the consideration paid by Assignor to the Original Creditor under the Original Creditor Agreement and the consideration paid by the Assignee to Assignor hereunder.

Assignee expressly assumes all of Assignor's obligations under paragraph 4 of the Original Creditor Agreement, including but not limited to the case where in the event the claim is ultimately allowed for an amount which is greater than the Immediate Claim Amount or in the event the Claim is subject to Disallowance by virtue of not being scheduled by the Debtor in the amount set forth in paragraph 3 of the Original Creditor Agreement, or scheduled as a disputed, unliquidated or contingent claim (such revised claim amount being referred to herein as the "Scheduled Claim Amount"), and is subsequently allowed for a greater amount not to exceed the total Claim amount (the "Increased Claim Amount", i.e., any amount above the Immediate Claim Amount or in excess of the Scheduled Claim Amount, not to exceed the Claim amount hereunder), then Assignee shall pay to Assignor the Purchase Price multiplied by the amount of the Increased Claim Amount. The payment for the Increased Claim Amount shall be delivered by Assignee to Assignor pursuant to the terms of the Original Creditor Agreement. Assignor shall make the appropriate payment to the Original Creditors pursuant to the Original Creditor Agreement upon receipt of the Purchase Price from Assignee.

Assignor represents, warrants and covenants the following: it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; that no payment has been received by Assignor in full or partial satisfaction of the Claim; that Assignor has not previously assigned, transferred, encumbered or sold the portion of the Claim being sold hereunder or the related rights under the Original Creditor Agreement to any third party, in whole or in part; Assignor is not, and has never been, an insider within the meaning of 11 U.S.C 101(31) and is not, and has never been, a member of any creditors' committee appointed in the Bankruptcy Proceedings; Assignor has agreed to the consideration herein based on its own independent investigation and credit determination and has not relied on any representations made by Assignee, except as expressly set forth herein; and only to the same extent received from the Original Creditor, Assignor is the sole owner of the Claim, free and clear of liens and encumbrances of any kind (i.e., Assignor has not created any liens and encumbrances

of any kind); and, from the date of the date of the Original Creditor Agreement to the date hereof Assignor has not engaged in any acts, conduct or omissions with respect to the Claim that will result in proportionately less payments or distributions or less favorable treatment than any other unsecured creditor of Debtor (as defined in the Original Creditor Agreement) holding similar claims against the Debtor.

Assignee represents, warrants and covenants that: it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignee, enforceable against Assignee in accordance with its terms; Assignee is purchasing the Claim and assuming the obligations based on its own independent investigation and credit determination and has not relied on any representations made by Assignor, except as expressly set forth herein.

Assignor and Assignee are each aware that the consideration being paid by Assignee hereunder may differ from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization or other outcome of the Proceeding which is ultimately consummated. Assignor and Assignee are each aware that information which may be pertinent to their decision to transfer the Claim is available to them and can be obtained from the Bankruptcy Court's files.

To the extent provided in the Original Creditor Agreement, Assignor hereby irrevocably appoints the Assignee as its true and lawful attorney-in-fact solely with respect to the enforcement of the Claim, and authorizes the Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account the Claim herein assigned. To the extent provided in the Original Creditor Agreement, Assignor grants unto the Assignee full authority to do all things necessary to enforce all the rights, title and interest in and to the Claim and Assignor's rights thereunder pursuant to this Assignment. To the extent provided in the Original Creditor Agreement, Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee.

Assignor agrees that in the event Assignor shall receive any payment or distribution with respect to the Claim from and after the date hereof (including, without limitation, pursuant to paragraph 5 of the Original Creditor Agreement), Assignor agrees to accept and hold the same for the sole benefit of Assignee. Assignor agrees to deliver the same forthwith to Assignee in the same form received, with the endorsement, without recourse, of Assignor when necessary or appropriate. Each party agrees to indemnify the other party from all losses, damages and liabilities, including without limitation, reasonable legal fees and costs, which result from such party's breach of any representation, warranty or covenant as set forth herein, including but not limited to Assignee's failure to fulfill all the obligations under the Original Creditor Agreement.

All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this agreement and the purchase and sale of the Claim. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. Assignee may transfer its rights hereunder provided that Assignee's assumption of its ratable share of Assignor's obligations under paragraph 4 of the Original Creditor Agreement shall remain in full force and effect notwithstanding any such assignment unless Assignor consents thereto (such consent not to be unreasonably withheld or delayed). **THIS ASSIGNMENT SHALL BE CONSTRUED AND THE OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO CONFLICTS OF LAW.**

All demands, notices, requests, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth above, or such other address as may be furnished hereafter by notice in writing.

This Agreement, together with any exhibits hereto and any documents delivered or executed on or after the closing date, constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid Assignee.

IN WITNESS WHEREOF, the undersigned has duly executed this agreement by its duly authorized representative on the ___ day of November, 2010.

**ARCHON BAY CAPITAL, LLC**

By: _____
Signature

Title: Managing Director
Telephone: 843.206.0575

**BLUE HERON MICRO OPPORTUNITIES FUND, LLP**

By: _____
Signature

Title: Managing Director
Telephone: 843.206.0575

IN WITNESS WHEREOF, the undersigned has duly executed this agreement by its duly authorized representative on the ___ day of November, 2010.

**ARGO PARTNERS**

By: _____
Signature

Title:
Telephone:

## NOTICE OF CLAIMS PURCHASE AGREEMENT

ARCHON BAY CAPITAL, LLC and BLUE HERON MICRO OPPORTUNITIES FUND, LLP (collectively referred to herein as "Assignor"), its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell and transfer unto ARGO PARTNERS., its successors and assigns ("Buyer") all rights, title and interest in and to the claim(s) of Seller as referenced in Exhibit I attached (defined as the "Claims") against CIRCUIT CITY STORES, INC. et al. (the "Debtor") together with interest, if any, in the United States Bankruptcy Court, Eastern District of Virginia, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at Case No. 09-35653 (defined as the "Proceedings").

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Claims Purchase Agreement as an unconditional sale and the Buyer herein as the valid owner of the Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the ____ day of November, 2010.

### Schedule I

| | Original Creditor | Scheduled Claim Amount | Proof of Claim Amount | Proof of Claim Number | Date Claim Filed |
|---|---|---|---|---|---|
| 1 | Bay Counties Pitcock Petroleum | $ 1,339.17 | $ 1,339.17 | n/a | n/a |
| 2 | Birch Rea Partners | $ 6,000.00 | $ 6,000.00 | 5537 | 1/16/2009 |
| 3 | Boys & Girls Clubs of Harlingen | $ 2,500.00 | $ 2,500.00 | 444 | 12/1/2008 |
| 4 | Checkers Catering | $ 754.18 | $ 754.18 | n/a | n/a |
| 5 | City of Taylor MI | $ 138.64 | $ 138.64 | n/a | n/a |
| 6 | Hampton Mental Health Assoc. | $ 3,000.00 | $ 3,000.00 | n/a | n/a |
| 7 | Huck Group Inc., The | $ 4,831.20 | $ 4,831.20 | 4987 | 1/21/2009 |
| 8 | ICI Dulux Paint Centers | $ 177.32 | $ 177.32 | n/a | n/a |
| 9 | Lacrosse Technology Ltd. Web Sales | $ 1,770.02 | $ 1,770.02 | 13602 | 6/22/2009 |
| 10 | Manatee County Florida | $ 299.30 | $ 312.81 | 5573 | 1/13/2009 |
| 11 | Metro Signs Inc. | $ 1,860.00 | $ 1,860.00 | n/a | n/a |
| 12 | Montage | $ - | $ 2,275.00 | 2576 | 1/5/2009 |
| 13 | Montage | $ 2,450.00 | $ 4,882.18 | 3193 | 1/12/2009 |
| 14 | Northern California Compactors | $ 382.70 | $ 382.70 | 821 | 12/12/2008 |
| 15 | Reporter Herald | $ 2,774.14 | $ 3,268.06 | 4607 | 1/20/2009 |
| 16 | Rival Communications | $ 3,560.00 | $ 3,560.00 | n/a | n/a |
| 17 | Viking Termite & Pest Control | $ 237.44 | $ 237.44 | n/a | n/a |
| 18 | Vision Communications Co. | $ 371.28 | $ 371.28 | n/a | n/a |
| 19 | WBNX TV | $ 4,666.50 | $ 4,666.50 | 1637 | 12/18/2008 |

ARCHON BAY CAPITAL, LLC and BLUE HERON MICRO OPPORTUNITIES FUND, LLP

By: _____
    Signature

ARGO PARTNERS

By: _____
    Signature