Gregory D. Grant (VSB No. 31784)
SHULMAN, ROGERS, GANDAL,
 PORDY & ECKER, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland  20854
(301) 230-5200/(703) 684-5200
(301) 230-2891 (facsimile)
ggrant@shulmanrogers.com

J. Talbot Sant, Jr.
Callan F. Yeoman
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
(314) 621-5065 (facsimile)
jsant@armstrongteasdale.com
cyeoman@armstrongteasdale.com

ATTORNEYS FOR S.M. WILSON & CO.

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | ) |
| | ) Case No. 08-35653 (KRH) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ADVERSARY NO. 10-03408 (KRH) |
| | ) |
| S.M. WILSON & CO., | ) |
| | ) |
| Defendant. | ) |

**ANSWER TO THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND
RECOVER PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM NO. 9891**

COMES NOW S.M. Wilson & Co. ("**Defendant**"), by and through the undersigned counsel, and for its answer to The Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and Objection to Claim No. 9891 (the "**Complaint**") states as follows:

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains no allegations to which a response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 1.

## THE PARTIES

2. Defendant is without knowledge or information as to the allegations contained in paragraph 2 of the Complaint and, therefore, denies the same. Defendant answers further that the Circuit City Stores, Inc. Liquidating Trust speaks for itself and is the best evidence of its terms.

3. Defendant is without knowledge or information as to the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint states conclusions of law to which no response is required.

6. Paragraph 6 of the Complaint states conclusions of law to which no response is required.

7. Paragraph 7 of the Complaint states conclusions of law to which no response is required.

8. Paragraph 8 of the Complaint states conclusions of law to which no response is required.

**PERTINENT FACTS**

9. Defendant is without knowledge or information as to the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant is without knowledge or information as to the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant is without knowledge or information as to the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12. Defendant is without knowledge or information as to the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same. Defendant answers further that the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding Unsecured Claims (the "Plan") speaks for itself and is the best evidence of its terms.

13. Defendant is without knowledge or information as to the allegations contained in paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant is without knowledge or information as to the allegations contained in paragraph 14 of the Complaint and, therefore, denies the same. Defendant answers further that the Plan speaks for itself and is the best evidence of its terms.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. In response to the allegations in paragraph 17 of the Complaint, Defendant admits that Defendant conducted business with Debtor prior to November 10, 2008 (the "Petition Date") and thereafter pursuant to two separate agreements. Defendant denies any remaining allegations set forth in paragraph 17 of the Complaint.

18. Defendant is without knowledge or information as to the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

19. Defendant admits the allegations in paragraph 19 of the Complaint.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant admits the allegations in paragraph 21 of the Complaint.

22. Defendant admits that during the Preference Period Defendant received certain checks from Debtor. Debtor denies that all of the amounts identified in Exhibit A to the Complaint were received during the Preference Period.

23. Defendant admits that the alleged Preferential Transfers (as defined in the Complaint) are subject to defenses under the Bankruptcy Code and other applicable law.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

24. Defendant repeats and incorporates each prior answer as if fully set forth herein.

25. Defendant admits the allegations in paragraph 25 of the Complaint.

26. Defendant admits the allegation that each alleged transfer benefited Defendant. Defendant denies that each alleged transfer in Exhibit A is a preferential transfer.

27. Defendant admits the allegation in paragraph 26 of the Complaint that each transfer was made for or on account of antecedent debt. Defendant denies that each alleged transfer in Exhibit A is a preferential transfer.

28. Defendant denies that the transfer associated with check number 4547014 was made during the Preference Period. Defendant admits that the remaining alleged transfers were made during the Preference Period.

29. Defendant is without knowledge or information as to the allegations contained in paragraph 29 of the Complaint and, therefore, denies the same.

4

30. Defendant is without knowledge or information as to the allegations contained in paragraph 30 of the Complaint and, therefore, denies the same.

31. Defendant denies the allegation in paragraph 31 of the Complaint.

## COUNT II
## RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

32. Defendant repeats and incorporates each prior answer as if fully set forth herein.

33. Defendant admits the allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint states conclusions of law to which no response is required. Answering further, Defendant denies the allegations in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35 of the Complaint.

## COUNT III
## OBJECTION TO CLAIM NO. 9891 – DISALLOWANCE UNDER 11 U.S.C. §502(d)

36. Defendant repeats and incorporates each prior answer as if fully set forth herein.

37. Defendant admits the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

40. The Complaint fails to state a claim upon which relief can be granted.

41. The relief sought in the Complaint is barred by the doctrines of estoppel, laches, waiver, res judicata and the law of the case.

42. The claims brought in the Complaint are barred by the applicable statue of limitations set forth in 11 U.S.C. § 546 and Plaintiff's failure to timely serve the Complaint.

43. To the extent Plaintiff is able to satisfy its burden of proof pursuant to 11 U.S.C. §§ 547(b) and 550, the alleged preferential transfers from the Debtor are not avoidable pursuant to:

(a) 11 U.S.C. § 547(c)(2), because the transfers were made in payment of debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant; and (i) the transfers were made in the ordinary course of business or financial affairs of the Debtor and Defendant; or (ii) the transfers were made according to ordinary business terms; and

(b) 11 U.S.C. § 547(c)(4), because after the transfers were made, Defendant gave new value to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

44. Defendant reserves its right to add additional affirmative defenses that may be ascertained during the course of this litigation.

WHEREFORE, Defendant requests that this Court dismiss the Complaint, enter judgment in Defendant's favor, award Defendant its costs, and grant Defendant such other and further relief as this Court deems just and proper.

Dated:  December 9, 2010.	Respectfully submitted,

S.M. Wilson & Co.

By Counsel


By: */s/ Gregory D. Grant*
Gregory D. Grant (VSB No. 31784)
SHULMAN, ROGERS, GANDAL,
 PORDY & ECKER, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland  20854
(301) 230-5200/(703) 684-5200
(301) 230-2891 (facsimile)
ggrant@shulmanrogers.com


J. Talbot Sant, Jr.
Callan F. Yeoman
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
(314) 621-5065 (facsimile)
jsant@armstrongteasdale.com
cyeoman@armstrongteasdale.com

ATTORNEYS FOR S.M. WILSON & CO.

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2010, a copy of the foregoing Answer was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, using the Court's ECF System, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was also sent by U.S. Mail, first class postage prepaid, to the following:

TAVENNER & BERAN, PLC
Lynn L. Tavenner
Paula S. Beran
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219`

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
Andrew W. Caine
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

PACHULSKI STANG ZIEHL & JONES LLP
John A. Morris
780 Third Avenue, 36th Floor
New York, New York 10017

                    */s/ Gregory D. Grant*
                    Gregory D. Grant