| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| | **(Jointly Administered)** |
| **Debtors.** | **Hrg. Date: January 13, 2011 at 2:00 p.m. (ET)** |
| | **Obj. Due: January 6, 2011 at 5:00 p.m. (ET)** |

**FINAL APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES
IN CONNECTION WITH TRANSITION SERVICES PROVIDED BY
ANTICIPATED LIQUIDATING TRUSTEE UNDER SECOND AMENDED
PLAN FOR THE PERIOD (A) JULY 1, 2009 THROUGH FEBRUARY 28, 2010
AND (B) MARCH 1, 2010 THROUGH OCTOBER 31, 2010**

| | |
|---|---|
| Names of Applicants: | Alfred H. Siegel |
| | Crowe Horwath LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Period for which Compensation and | Final |

| | |
|---|---|
| Expense Reimbursement is | July 1, 2009 – February 28, 2010 |
| | Interim and Final<br>March 1, 2010 – October 31, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | Final<br>$275,329.00 |
| | Interim and Final<br>$310,285.50 |
| Amount of Expense reimbursement sought as actual, reasonable and necessary | Final<br>$24,533.05 |
| | Interim and Final<br>$28,637.96 |

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| | **(Jointly Administered)** |
| **Debtors.** | **Hrg. Date: January 13, 2011 at 2:00 p.m. (ET)** |
| | **Obj. Due January 6, 2011 at 5:00 p.m. (ET)** |

**FINAL APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES
IN CONNECTION WITH TRANSITION SERVICES PROVIDED BY
ANTICIPATED LIQUIDATING TRUSTEE UNDER SECOND AMENDED
PLAN FOR THE PERIOD (A) JULY 1, 2009 THROUGH FEBRUARY 28, 2010
AND (B) MARCH 1, 2010 THROUGH OCTOBER 31, 2010**

Alfred H. Siegel, the Chapter 11 Trustee (hereinafter "Siegel") and Crowe

Horwath LLP, (hereinafter "Crowe") in connection with services provided to the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors") file this Final Application, pursuant to section 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 issued by the Executive Office for the United States Trustee (the "U.S. Trustee Guidelines"), and this Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 9, 2008 (the "Interim Compensation Order") (Docket No. 830), for (i) the final allowance of compensation for professional services performed by Crowe and reimbursement for actual and necessary expenses incurred for the period beginning July 1, 2009 through February 28, 2010 (the "Previous Compensation Period"), in the amount of $299,862.05 (the "Previous Compensation Amount") and (ii) initial and final allowance of compensation for professional services performed by Crowe and necessary expenses incurred for the period beginning March 1, 2010 through October 31, 2010 (the "Compensation Period") in the amount of $338,923.46 (the "Compensation Amount"), and respectfully represents:

**Background**

    1.  On November 10, 2008 ('the Petition Date), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors thereafter managed and operated their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. On November 12, 2008, the

Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

2. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

3. On September 29, 2009, the Debtors and the Creditors' Committee (together, the "Plan Proponents") filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan").

4. On August 9, 2010, the Plan Proponents filed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Second Amended Plan").

5. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia signed an Order confirming the Second Amended Plan. The Second Amended Plan became effective on November 1, 2010 (the "Effective Date").

6. The Second Amended Plan provides for the creation of a liquidating trust (the "Liquidating Trust") to hold, administer and distribute the assets of the Debtors after the Effective Date.

7. The Second Amended Plan further provides that Siegel, a Partner with Crowe, will be the initial trustee of the Liquidating Trust (the "Liquidating Trustee").

8. The Second Amended Plan further provides that "the Liquidating Trustee shall be entitled to payment of reasonable fees and expense incurred prior to the Effective Date in an amount to be agreed to by the Plan Proponents and approved by the Bankruptcy Court in the Confirmation Order."

9. Furthermore, on March 11, 2010, this Court entered an Order Under Bankruptcy Code Sections 105 (A) and 363 Authorizing Debtors To Retain and Employ Alfred H. Siegel of Crowe Horwath LLP As Chief Restructuring Officer To The Debtors.

10. Between July 1, 2009 and February 29, 2010, Siegel and Crowe provided certain services and incurred certain expenses on account of which Crowe invoiced the Debtors for fees in the amount of $275,329 and expenses in the amount of $24,533.05. In connection with the same, the Debtors filed Application for Administrative Expenses in Connection with Transition Services Provided by Crowe Horwath, LLP in Anticipation of Alfred Siegel's Appointment as Liquidating Trustee under Second Amended Plan for the Pre-retention Period July 1, 2009 through February 28, 2010 (the "First Interim Applications"). Thereafter, pursuant to and as authorized by order of this Court, Crowe received all amounts requested in the First Interim Application.

11. Between March 1, 2010 and October 31, 2010, Siegel and Crowe provided certain additional services and incurred certain additional expenses in connection with the Second Amended Plan, on account of which Crowe invoiced the Debtors for fees in the amount of $310,285.50 and expenses in the amount of $28,637.96.

## Summary of Application

12. By this Application, Siegel and Crowe request (i) final allowance of compensation for services rendered and actual and necessary expenses incurred in these cases for the period beginning July 1, 2009 through February 28, 2010, and in connection therewith, requests final allowance of compensation in the amount of $275,329.00 for professional fees and reimbursement of $24,533.05 for necessary and actual out-of-pocket expenses, as provided in the First Interim Application and (ii) initial and final allowance of compensation in the amount of $310,285.50 for professional services performed by Crowe and reimbursement of $28,637.96 for necessary expenses incurred for the period beginning March 1, 2010 through October 31, 2010. Crowe's request is broken down as follows:

Previous Compensation Period

| Period Covered | Hours | Requested Fees | Expenses | Payments Received Fees | Expenses | Outstanding Fees | Expenses |
|---|---|---|---|---|---|---|---|
| July 1, 2009 through February 28, 2010 | 600.45 | $275,329.00 | $24,533.05 | $275,329.00 | $24,533.05 | $00.00 | $00.00 |
| **Grand Total** | **600.45** | **$275,329.00** | **$24,533.05** | **$275,329.00** | **$24,533.05** | **$00.00** | **$00.00** |

Current Compensation Period

| Period Covered | Hours | Requested Fees | Expenses | Payment Received Fees | Expenses | Amount Outstanding Fees | Expenses |
|---|---|---|---|---|---|---|---|
| March 1, 2010 thru October 31, 2010 | 714.70 | $310,285.50 | $28,637.96 | $213,554.75 | $25,528.10 | $96,730.75 | $3,109.86 |
| **Grand Total** | **714.70** | **$310,285.50** | **$28,637.96** | **$213,554.75** | **$25,528.10** | **$96,730.75** | **$3,109.86** |

**Summary of Services During the Compensation Period**

13. Siegel and Crowe previously filed the First Interim Application. This Application is Siegel's first application for compensation and expense reimbursement filed in these cases for the period March 1, 2010 through October 31, 2010. During this compensation period, Siegel and Crowe provided professional services to the Debtors in their efforts to navigate their business through the chapter 11 process.

14. Set forth below is a summary of the services Siegel rendered to the Debtors during the various compensation periods.

**Services**

    i. Review plan and disclosure statement, documents regarding claims, accounts receivable, reporting issues;

    ii. Review of financial documents, Bylaws and schedules;

    iii. Meetings with Debtor and Creditors' Committee counsel, Circuit City staff regarding numerous items such as review of systems, financial data, employee retention, transition issues;

    iv. Review documents in connection with Canada and French issues, claims and tax matters;

    v. Analyze IRS matters, ordering of assessments and interest netting;

    vi. Analyze bankruptcy tax issues regarding plan reorganization and assist Circuit City personnel with issues related to IRS audits and tax refunds;

    vii. Various revisions to both disclosure statement and liquidating trust; and

    viii. Review of open issues and refundable positions in response to Creditors' Committee request for information.

**Employment/Fee Applications**

15. The billing procedures required by the U.S. Trustee Guidelines differ from Crowe's normal billing procedures and as such, the Local Rules and the Interim Compensation Order entered in these cases have required effort to inform the timekeepers of their responsibilities, gather and review the detailed time entries and expenses and preparation of this Application. Such activities included compiling and reviewing detailed time entries, compiling and reviewing detailed expenses incurred, preparing detailed and summary schedules of fees and expenses incurred, and drafting the narratives and schedules included in this Application.

16. A summary of the hours, fees and out of pocket expenses incurred by professional and category is annexed hereto as Exhibit A, Exhibit B and Exhibit C, respectively, and described in detail in the time records annexed thereto. Crowe maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these chapter 11 cases and such records are maintained in the ordinary course of business.

17. The fees applied for herein are based on the usual and customary fees Crowe charges to accounting clients and are commensurate with the usual and customary rates charged for services performed.

18. During the requisite compensation period, Siegel and Crowe invoiced the Debtors for time expended by professionals based on hourly rates ranging from $95.00 to $580.00 per hour for a total of $310,285.50. The number of hours expended by Crowe was 714.70.

19. Siegel and Crowe respectfully submit that the amounts applied for herein for professional services rendered on behalf of the Debtors in these cases to date are fair and reasonable given: (a) the time expended; (b) the nature and extent of the

services performed at the time at which such services were rendered; (c) the value of such services; and (d) the costs of comparable services other than in these chapter 11 cases.

20.  The time and labor expended by Siegel and Crowe during the requisite compensation period has been commensurate with the size and complexity of these cases.  In rendering these services, Siegel and Crowe have made every effort to maximize the benefit to the Debtors' estates, to work efficiently with the other professionals employed in these cases, and to leverage staff appropriately in order to minimize duplication of effort.

21.  During the requisite compensation period, Siegel and Crowe provided a focused range of professional services as requested by the Debtors.  Siegel and Crowe respectfully submits that these services: (a) were necessary and beneficial to the successful and prompt administration of these cases; and (b) have been provided in a cost efficient manner.

**Summary of Actual and Necessary Expenses During the Compensation Period**

22.  Attached hereto as Exhibit A, Exhibit B and Exhibit C and incorporated herein by reference, is a detailed description of the actual and necessary expenses incurred by Siegel and Crowe in connection with its employment with the Debtors during the requisite compensation period.  Siegel and Crowe seek reimbursement of actual and necessary expenses incurred by Siegel and Crowe during the requisite compensation period in the aggregate amount of $28,637.96.  These expenses are reasonable and necessary in light of the size and complexity of the Debtors' cases.  The specific detail for the Previous Compensation Period is found in the First Interim Application.

## Conclusion

23. WHEREFORE, Siegel and Crowe respectfully request that the Court approve (a) on an initial and final basis the compensation request of $310,285.50 for professional services rendered and reimbursement for actual and necessary expenses totaling $28,637.96 that Crowe incurred in rendering such services, (b) on a final basis the compensation request of $275,329.00 as compensation for professional services rendered and reimbursement for actual and necessary expenses totaling $24,533.05 that Crowe incurred in rendering such services.

Respectfully submitted,

CROWE HORWATH LLP

_____
Alfred H. Siegel
Liquidating Trustee

Filed This 16th Day of December 2010     By:    CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST


By: */s/ Paula S. Beran*


Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
E-mail:  ltavenner@tb-lawfirm.com
　　　　　pberan@tb-lawfirm.com

-                                                                and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: jpomerantz@pszjlaw.com
　　　　　acaine@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust