**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |

**NOTICE OF FINAL APPLICATION OF AKERMAN SENTERFITT
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
NOVEMBER 10, 2008 THROUGH OCTOBER 31, 2010**

| | |
|---|---|
| Name of Applicant: | Akerman Senterfitt |
| Authorized to Provide Professional Services to: | The Debtors as OCB Professionals |
| Date of Retention: | November 10, 2008 |
| Final Application Period: | November 10, 2008 – October 31, 2010 |
| Fees Requested: | $145,757.00 |
| Expenses Requested: | $572.26 |
| Total Fees/Expenses Requested: | $146,329.26 |
| Fees and Expenses Received to Date: | ($124,336.76) |
| Net Payment Requested: | $21,992.50 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

{JA585723;4}

**Summary of Prior Applications Filed**

| Fee Application Filing Date and Docket Number | Total Fees Requested | Total Expenses Requested | Date of Entry of Order and Docket Number | Total Fees Previously Awarded | Total Expenses Previously Awarded | Total Amount Previously Awarded |
|---|---|---|---|---|---|---|
| NONE | | | | | | |
| Total | | | | | | |

This is a(n):___ interim   X   final application.

**PLEASE TAKE NOTICE THAT** you can receive a copy of the Final Application of Akerman Senterfitt for Compensation for Services Rendered and Reimbursement of Expenses for the Period from November 10, 2008 through October 31, 2010 (the "Final Application") by requesting a copy from H. Timothy Gillis at (904) 598-8614 or from the Court's website using a PACER ECF login at https://ecf.vaeb.uscourts.gov/.

Summary of Monthly Statements for the Final Period:

| Period Covered | Requested | | Paid | |
|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses |
| November 10, 2008 – November 30, 2008 | $6,587.50 | $0.00 | $6,587.50 | $0.00 |
| December 1, 2008 – December 31, 2008 | $2,715.50 | $20.40 | $2,715.50 | $20.40 |
| January 1, 2009 – January 31, 2009 | $1,685.00 | $0.00 | $1,685.00 | $0.00 |
| February 1, 2009 – February 28, 2009 | $1,162.50 | $0.00 | $1,162.50 | $0.00 |
| March 1, 2009 – March 31, 2009 | $2,189.50 | $2.62 | $2,189.50 | $2.62 |
| April 1, 2009 – April 30, 2009 | $18,701.50 | $0.00 | $18,701.50 | $0.00 |
| May 1, 2009 – May 31, 2009 | $7,894.50 | $0.00 | $7,894.50 | $0.00 |
| June 1, 2009 – June 30, 2009 | $237.50 | $0.00 | $237.50 | $0.00 |
| August 1, 2009 – August 31, 2009 | $1,268.00 | $0.00 | $1,268.00 | $0.00 |
| September 1, 2009 – September 30, 2009 | $2,279.00 | $0.00 | $2,279.00 | $0.00 |

| Period Covered | Requested | | Paid | |
|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses |
| October 1, 2009 – October 31, 2009 | $5,244.50 | $22.00 | $5,244.50 | $22.00 |
| November 1, 2009 – November 30, 2009 | $3,211.50 | $45.00 | $3,211.50 | $45.00 |
| December 1, 2009 – December 31, 2009 | $2,625.50 | $19.70 | $2,625.50 | $19.70 |
| January 1, 2010 – January 31, 2010 | $2,338.00 | $0.00 | $2,338.00 | $0.00 |
| February 1, 2010- February 28, 2010 | $12,105.50 | $0.00 | $12,105.50 | $0.00 |
| March 1, 2010 – March 31, 2010 | $17,545.50 | $235.99 | $17,545.50 | $235.99 |
| April 1, 2010 – April 30, 2010 | $4,495.50 | $0.00 | $4,495.50 | $0.00 |
| May 1, 2010 – May 31, 2010 | $8,681.00 | $66.64 | $8,681.00 | $66.64 |
| June 1, 2010 – June 30, 2010 | $4,016.00 | $0.00 | $0.00 | $0.00 |
| July 1, 2010 – July 31, 2010 | $10,825.00 | $0.00 | $10,825.00 | $0.00 |
| August 1, 2010 – August 31, 2010 | $7,962.50 | $150.22 | $7,962.50 | $150.22 |
| September 1, 2010 – September 30, 2010 | $4,009.50 | $9.69 | $4,009.50 | $9.69 |
| October 1, 2010 – October 31, 2010 | $17,976.50 | $0.00 | $0.00 | $0.00 |
| Totals: | $145,757.00 | $572.26 | $123,764.50 | $572.26 |

Summary of Any Objections to Monthly Statements:

| Date of Fee Application | Date of Objection | Total Fees Subject to Objection | Total Expenses Subject to Objection |
|---|---|---|---|
| NONE | | | |

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2001-1 and 9013-1 Establishing Certain Amended Notice, Case Management and Administrative Procedures, entered December 30, 2009 [Docket No. 6208] (the "Supplemental Case Management Order"), and the Second Amended Joint Plan of Liquidating of

{JA585723;4}                                3

Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "<u>Plan</u>") filed August 9, 2010 [Docket No. 8252], objections, if any, to this Final Application must be filed with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, 1100 East Main Street, Suite 310, Richmond Virginia 23219 and served, **<u>so as to be received by January 6, 2011,</u>** on the Applicant at the address set forth below.

**PLEASE TAKE FURTHER NOTICE THAT <u>your rights may be affected</u>. You should read the Supplemental Case Management Order and Plan carefully and discuss it and the Final Application with your attorney, if you have one in these chapter 11 cases. (If you do not have an attorney, you may wish to consult with one.)**

**PLEASE TAKE FURTHER NOTICE THAT** if you do not want the Court to grant the relief requested in the Final Application, or if you want the Court to consider your views on the Final Application, then you or your attorney must file an objection in accordance with the procedures set forth in the Supplemental Case Management Order and/or Plan as set forth above.

Dated:  December 16, 2010                                AKERMAN SENTERFITT

*/s/ William C. Crenshaw*
William C. Crenshaw
VSB No. 16803
750 9th Street, N.W., Suite 750
Washington, DC 20001
Phone: 202.393.6222
Fax: 202.824.1795

Counsel for the Debtors

{JA585723;4}                                                      4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |
| | : |

**FINAL APPLICATION OF AKERMAN SENTERFITT
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
NOVEMBER 10, 2008 THROUGH OCTOBER 31, 2010**

TO:   THE HONORABLE KEVIN R. HUENNEKENS
      UNITED STATES BANKRUPTCY JUDGE

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Akerman Senterfitt ("Applicant") hereby files this Final Application of Akerman Senterfitt for Compensation for Services Rendered and Reimbursement of Expenses for the Period from November 10, 2008 through October 31, 2010 (the "Final Application").  By this Final Application, Applicant seeks (i) final approval of compensation in the amount of $145,757.00 and reimbursement of actual and necessary expenses in the amount of $572.26 for the period November 10, 2008 through October 31, 2010 (the "Final Period"); and (ii), and payment of the unpaid portion of fees and expenses for the Final Period in the aggregate amount of $21,992.50. In support of this Final Application, Applicant respectfully represents as follows:

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

{JA585723;4}

**Background**

1. On November 10, 2008 (the "Petition Date"), the Debtors filed their voluntary Chapter 11 petitions for relief, thereby commencing the above-captioned cases.

2. On November 12, 2008, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases pursuant to Sections 1102(a) and 1102(b)(1). On November 13, 2008, the Committee was amended by the U.S. Trustee.

3. On August 9, 2010, the Debtors and Committee filed the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims* (the "Second Amended Joint Plan")

4. On September 14, 2010, the Court confirmed the Second Amended Joint Plan (the "Plan Confirmation"). The effective date of the Modified Second Amended Joint Plan was November 1, 2010 (the "Plan Effective Date").

5. This Final Application is submitted pursuant to Article IX of the Second Amended Joint Plan [Docket No. 8252] and page 26 of the *Findings of Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* [Docket No. 8555] (the "Confirmation Order"). Pursuant to the Confirmation Order, final fee applications must be filed no later than forty-five (45) days after the Effective Date. Accordingly, this Final Application is timely filed.

6. On December 23, 2008, the Court entered its Order under 11 U.S.C. §§ 105(a),, 327, 330 and 331 Authorizing Debtors to Employ Professionals Utilized in the Ordinary Course

of Business (the "OCB Professionals Order") [Docket #1279]. The OCB Professionals Order authorized the Debtors to: (i) employ professionals employed in the ordinary course of business and set forth on Exhibit A to the OCB Order (the "OCB Professionals"); and (ii) pay the OCB Professionals 100% of postpetition fees and expenses subject to the monthly cap of $30,000 per OCB Professional. The OCB Order further required each OCB Professional to timely file a declaration with the Court setting forth an explanation of prepetition services rendered, and postpetition services to be provided, to the Debtors.

7. Applicant is an OCB Professional identified on Exhibit A to the OCB Order. On January 20, 2009, Applicant complied with the OCB Order and filed the required Affidavit in Support of Employment of Akerman Senterfitt as a Professional Utilized in the Ordinary Course of Business [Docket #1685]. No objection was filed to the retention of Applicant and Applicant was properly retained by the Debtors as an OCB Professional.

8. Applicant provided legal services to the Debtors as an OCB Professional in state and local tax matters and cases.

9. In compliance with the OCB Order, Applicant provided monthly billing statements to the Debtors and the Debtors paid these monthly billing statements in their customary manner; however, in accordance with the OCB Order, the Debtors did not pay Applicant any amounts in excess of $30,000 per month for postpetition compensation.

10. All services for which Applicant requests compensation were performed for or on behalf of the Debtors.

11. Except as set forth herein, Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Application.

{JA585723;4}    3

12. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, there is no agreement or understanding between Applicant and any other person other than the partners of Applicant for the sharing of compensation to be received for services rendered in this case. Applicant did not receive a retainer in this case.

## Jurisdiction and Venue

13. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A). Venue of these cases and this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 328, 330 and 331.

## Relief Requested

14. By this Application, Applicant seeks final approval of compensation in the amount of $145,757.00 and reimbursement of actual and necessary expenses in the amount of $572.26 for the Final Period (which represents 100% of fees incurred during the Final Period).

15. Applicant has been paid total fees and expenses of $124,336.76 from January 26, 2009 through November 29, 2010. Accordingly, by this Final Application, Applicant seeks payment of the unpaid amount of $21,992.50. More specifically, the following is a summary of Applicant's monthly statements for the Final Period:

| Period Covered | Requested | | Paid | |
| --- | --- | --- | --- | --- |
| | Fees | Expenses | Fees | Expenses |
| November 10, 2008 – November 30, 2008 | $6,587.50 | $0.00 | $6,587.50 | $0.00 |
| December 1, 2008 – December 31, 2008 | $2,715.50 | $20.40 | $2,715.50 | $20.40 |
| January 1, 2009 – January 31, 2009 | $1,685.00 | $0.00 | $1,685.00 | $0.00 |
| February 1, 2009 – February 28, 2009 | $1,162.50 | $0.00 | $1,162.50 | $0.00 |
| March 1, 2009 – March 31, 2009 | $2,189.50 | $2.62 | $2,189.50 | $2.62 |

| Period Covered | Requested | | Paid | |
|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses |
| April 1, 2009 – April 30, 2009 | $18,701.50 | $0.00 | $18,701.50 | $0.00 |
| May 1, 2009 – May 31, 2009 | $7,894.50 | $0.00 | $7,894.50 | $0.00 |
| June 1, 2009 – June 30, 2009 | $237.50 | $0.00 | $237.50 | $0.00 |
| August 1, 2009 – August 31, 2009 | $1,268.00 | $0.00 | $1,268.00 | $0.00 |
| September 1, 2009 – September 30, 2009 | $2,279.00 | $0.00 | $2,279.00 | $0.00 |
| October 1, 2009 – October 31, 2009 | $5,244.50 | $22.00 | $5,244.50 | $22.00 |
| November 1, 2009 – November 30, 2009 | $3,211.50 | $45.00 | $3,211.50 | $45.00 |
| December 1, 2009 – December 31, 2009 | $2,625.50 | $19.70 | $2,625.50 | $19.70 |
| January 1, 2010 – January 31, 2010 | $2,338.00 | $0.00 | $2,338.00 | $0.00 |
| February 1, 2010 - February 28, 2010 | $12,105.50 | $0.00 | $12,105.50 | $0.00 |
| March 1, 2010 – March 31, 2010 | $17,545.50 | $235.99 | $17,545.50 | $235.99 |
| April 1, 2010 – April 30, 2010 | $4,495.50 | $0.00 | $4,495.50 | $0.00 |
| May 1, 2010 – May 31, 2010 | $8,681.00 | $66.64 | $8,681.00 | $66.64 |
| June 1, 2010 – June 30, 2010 | $4,016.00 | $0.00 | $0.00 | $0.00 |
| July 1, 2010 – July 31, 2010 | $10,825.00 | $0.00 | $10,825.00 | $0.00 |
| August 1, 2010 – August 31, 2010 | $7,962.50 | $150.22 | $7,962.50 | $150.22 |
| September 1, 2010 – September 30, 2010 | $4,009.50 | $9.69 | $4,009.50 | $9.69 |
| October 1, 2010 – October 31, 2010 | $17,976.50 | $0.00 | $0.00 | $0.00 |
| Totals: | $145,757.00 | $572.26 | $123,764.50 | $572.26 |

16. Annexed hereto as **Exhibit A** is (i) a chart indicating the name of each attorney and paralegal who has worked on this case in the Final Period, the time expended by each professional, his or her title, hourly rate, and fees charged; (ii) a chart listing the summary of

{JA585723;4}    5

services performed broken down by project category during the Final Period; and (iii) a chart listing the summary of disbursements made during the Final Period.

17. All of the professional services rendered by Applicant for which compensation is requested were rendered solely in connection with state and local tax matters and on behalf of the Debtors. The services performed were necessary to the administration of these cases and were beneficial to the Debtors at the time such services were rendered. All services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

18. The compensation requested is consistent with the nature and extent of the services rendered during the Final Period, the size and complexity of this case, the time, labor and special expertise brought to bear on the questions presented, and other related factors. The compensation charged is reasonable based on rates charged by comparably skilled practitioners in this and other firms in non-bankruptcy cases. As such, Applicant submits that the compensation sought is reasonable within the meaning of Sections 330 and 331 of the Bankruptcy Code.

19. Applicant has assigned attorneys to tasks commensurate with their level of experience, and has avoided the unnecessary duplication of services rendered which required independent judgment and decision-making. Applicant requests no compensation for services which represent charges normally associated with Applicant's overhead.

20. As set forth in the attached exhibits, Applicant rendered 488.2 hours of professional services during the Final Period.

**Fee Statements**

21. The fee statements for the Final Period are attached hereto as **Composite Exhibit B**. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Final Period. To the best of Applicant's knowledge, this Final Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

22. Applicant's time reports are initially handwritten or typed by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. Applicant is particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. Applicant's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses**

23. A summary of actual and necessary expenses incurred by Applicant for the Interim Period is attached hereto as part of **Exhibit A**.

24. Applicant believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges, and the rules of the court as applicable to these cases.

{JA585723;4}                                    7

### Summary of Services Rendered

25. The names of the partners and associates of Applicant who have rendered professional services in this case during the Final Period, and the paralegals who provided services to these attorneys during the Final Period, are set forth in the attached **Exhibit A.**

26. Applicant, by and through the above-named persons, has prepared and assisted in the preparation of various pending tax refund claims, administrative tax appeals, and tax litigation matters, and has advised the Debtors on a regular basis with respect to various tax matters in connection with this case.

27. The hourly rates being charged are Applicant's normal hourly rates for work of this character. The reasonable value of the services rendered by Applicant to the Debtors during the Final Period is $145,757.00.

28. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Applicant is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Applicant has reviewed the requirements of the Local Rules and believes that this Final Application complies with such rules.

### Certification Pursuant to Section 504 of the Bankruptcy Code

29. The Certification of H. Timothy Gillis, submitted pursuant to section 504 of the Bankruptcy Code, is attached hereto as **Exhibit C.**

### Conclusion

WHEREFORE, Applicant submits this Final Application for (i) final approval of compensation in the amount of $145,757.00 and reimbursement of actual and necessary expenses

{JA585723;4}                                                     8

in the amount of $572.26 for the Final Period; and (ii), and payment of the unpaid portion of fees and expenses for the Final Period in the aggregate amount of $21,992.50.  Applicant respectfully requests that the court enter an Order substantially in the form attached hereto as **Exhibit D** approving the compensation and reimbursement of expenses requested herein, and granting such other further relief as the Court deems appropriate.

Dated:  December 16, 2010                                   AKERMAN SENTERFITT

*/s/ William C. Crenshaw*
William C. Crenshaw
VSB No. 16803
Akerman Senterfitt
750 9th Street, N.W., Suite 750
Washington, DC 20001
Phone: 202.393.6222
Fax: 202.824.1795

Counsel for the Debtors

{JA585723;4}                                              9