Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:** | Case No. 08-35653-KRH |
| | **:** | (Jointly Administered) |
| Debtors. | **:** | |
| | **:** | |
| | **:** | |

## FINAL APPLICATION OF GOWLING LAFLEUR HENDERSON LLP
## FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES AS COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
## THE PERIOD FROM NOVEMBER 18, 2008 THROUGH THE OCTOBER 31, 2010

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

TO:   THE HONORABLE KEVIN R. HUENNEKENS
      UNITED STATES BANKRUPTCY JUDGE

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Gowling Lafleur Henderson LLP ("Gowlings" or "Applicant") hereby files this Final Application of Gowling Lefleur Henderson LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from November 18, 2008 through October 31, 2010 (the "Final Application").  By this Application, Gowlings seeks (i)  interim approval of compensation in the amount of $742,304.34 for the period November 1, 2009 through October 31, 2010 (the "Current Interim Period"); (ii) final approval of compensation in the amount of $846,760.34 and reimbursement of actual and necessary expenses in the amount of $749.65 for the period November 18, 2008 through October 31, 2010 (the "Final Period"); and (iii), and payment of the unpaid portion of fees in the aggregate amount of $201,376.03.  In support of this Application, Gowlings respectfully represents as follows:

## **Background**

1.     On November 10, 2008 (the "Petition Date"), the Debtors filed their voluntary Chapter 11 petitions for relief, thereby commencing the above-captioned cases.  The cases are being jointly administered but are not substantively consolidated. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, neither a trustee nor an examiner has been appointed in these chapter 11 cases.

2.     On November 12, 2008, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases pursuant to Sections

1102(a) and 1102(b)(1).  On November 13, 2008, the Committee was amended by the U.S.

Trustee.  On January 20, 2009, the Court entered its Order [Docket No. 1667] authorizing the

Committee to retain Gowlings.

3.      On December 9, 2008, the Court entered it Order under 11 U.S.C. §§ 105(a) and

331 Establishing Procedures for Interim Compensation (the "Administrative Order") [Docket

No. 830].  The Administrative Order authorized all professionals and members of the Unsecured

Creditors' Committee (the "Professionals") to serve a monthly fee request ("the "Monthly Fee

Request"), pursuant to the procedures specified therein.  If no objections are made within twenty

(20) days after service of a Monthly Fee Request for which compensation is sought, then the

Debtor is authorized to pay the Professional eighty-five percent (85%) of the requested fees and

one hundred percent (100%) of the requested expenses.

4.      On August 9, 2010, the Debtors and Committee filed the *Modified Second

Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and

Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured

Claims* (the "Second Amended Joint Plan")

5.      On September 14, 2010, the Court confirmed the Second Amended Joint Plan (the

"Plan Confirmation").  The effective date of the Modified Second Amended Joint Plan was

November 1, 2010 (the "Plan Effective Date").

6.      This Final Application is submitted pursuant to Article IX of the Second

Amended Joint Plan [Docket No. 8252] and page 26 of the *Findings of Fact, Conclusions of Law

and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of

Creditors Holding General Unsecured Claims* [Docket No. 8555] (the "Confirmation Order").

Pursuant to the Confirmation Order, final fee applications must be filed no later than forty-five

(45) days after the Effective Date.  Accordingly, this Final Application is timely filed.

7.    All services for which Gowlings requests compensation were performed for or on

behalf of the Committee.

8.    Except as set forth herein, Gowlings has received no payment and no promises for

payment from any source for services rendered or to be rendered in any capacity whatsoever in

connection with the matters covered by this Final Application.

9.    Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, there is

no agreement or understanding between Gowlings and any other person other than the partners

of Gowlings for the sharing of compensation to be received for services rendered in this case.

Gowlings did not receive a retainer in this case.

## Jurisdiction and Venue

10.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and

1334.  This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A). Venue of these cases

and this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief requested herein is 11 U.S.C. §§ 328, 330 and 331.

## Relief Requested

11.    By this Application, Gowlings seeks an interim allowance of compensation in the

amount of $742,304.34 (which amount represents 100% of fees incurred during the Current

Interim Period plus Goods and Services Tax or Harmonized Sales Tax).

12.    Additionally, by this Application, Gowlings seeks final approval of compensation

in the amount of $846,760.34  (which represents 100% of fees incurred during the Final Period

plus Goods and Services Tax or Harmonized Sales Tax) and actual and necessary expenses in the

amount of $749.65 (which amount represents 100% of expenses during the Final Period) for a total allowed amount of $847,509.99.

13.    Gowlings has been paid a total of $646.133.96 on account of its fee applications, and fee requests from November 18, 2008 through August 31, 2010[2].  Accordingly, by this Final Application, Gowlings seeks payment of the unpaid amount of $201,376.03**.**  More specifically:

(b)    Gowlings First Interim Application sought approval of $104,456.00 for professional fees and reimbursement of expenses in the amount of $749.65 incurred on behalf of the Committee for a total of $105,205.65.  Gowlings' fee statement for the period November 3, 2009 – March 31, 2010 sought an allowance of $282,341 plus GST of $14,117.05 for a total of $296,458.05 for professional services.  Gowlings' fee statement for the period April 1, 2010 – June 29, 2010 sought an allowance of $251,513.50 plus GST of $12,575.68 for a total of $264,089.18 for professional services.  In respect of these amounts, which total $665,752.88, Gowlings has received a total of $566,152.69[3] leaving a balance owing of $99,600.19.

(d)    Gowlings' monthly fee statement for the period August 1, 2010 – August 31, 2010 sought an allowance of $82,446.00 plus HST of $10,717.98 for a total of $93,163.98 for professional services.  Gowlings has received a total of $79,981.27[4] from the Debtor, which represents approximately 86% of the amount due for services rendered for this time period leaving a balance owing of $13,182.71.

(e)    Gowlings' monthly fee statement for the period September 1, 2010 – September 30, 2010 sought an allowance of $37,753.00 plus HST of $4,907.89 for a total of

---

[2]A payment in the amount of $84,082.08 was received on November 19, 2010, representing the 15% holdback for the period November 2009 – May 2010.  This holdbacks has not yet been sought for approval pursuant to prior fee applications, and are therefore, accordingly, being sought for approval on an interim and final basis through this Final Application.

[3] Gowlings received US$476,465.14 on September 13, 2010 and US$84,082.08 on November 19, 2010.  Gowlings has converted to Canadian dollars at a rate of 1.01.

[4] Gowlings received US$79,189.38 on October 27, 2010.  Gowlings has converted to Canadian dollars at a rate of 1.01.

$42,660.89 for professional services.  Gowlings has not submitted a monthly fee statement, and accordingly, has not yet been paid for fees incurred during this time period..

(f)      For the period October 1, 2010 through October 31, 2010, Gowlings has incurred fees for professional services rendered in the amount of $40,648.00 plus HST of $5,284.24 for a total of $45,932.24, for professional services.  Gowlings has not submitted a monthly fee statement, and accordingly, has not yet been paid for fees incurred during this time period.

17.      All of the professional services rendered by Gowlings for which compensation is requested were rendered solely in connection with this case and on behalf of the Committee. The services performed were necessary to the administration of these cases and were beneficial to the Committee at the time such services were rendered.  All services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

18.      The compensation requested is consistent with the nature and extent of the services rendered during the Current Interim Period, the size and complexity of this case, the time, labor and special expertise brought to bear on the questions presented, and other related factors. The compensation charged is reasonable based on rates charged by comparably skilled practitioners in this and other firms in non-bankruptcy cases.  As such, Gowlings submits that the compensation sought is reasonable within the meaning of Sections 330 and 331 of the Bankruptcy Code.

19.      Gowlings has assigned attorneys to tasks commensurate with their level of experience, and has avoided the unnecessary duplication of services rendered which required

independent judgment and decision-making.  Gowlings requests no compensation for services which represent charges normally associated with the Firm's overhead.

### Fee Statements

21.    The fee statements for the Current Interim Period are attached hereto as **Exhibits A through D**, respectively.  The fee statements for past interim periods are not attached because they are voluminous, but were attached to the previously filed interim fee applications.  Gowlings incorporates these interim fee applications as though they were fully set forth herein.  These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Current Interim Period.  To the best of Gowlings' knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

22.    Gowlings' time reports are initially handwritten or typed by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  Gowlings is particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  Gowlings' charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses

23.    Gowlings has not charged any amount to the Committee for expenses during the Interim Period.

## Summary of Services Rendered

27.    The names of the partners and associates of Gowlings who have rendered

professional services in this case during the Interim Period, and the paralegals who provided

services to these attorneys during the Interim Period, are set forth in the attached **Exhibit E.**

Gowlings has rendered 956.3 hours of professional services during the Interim Period with a

value of $694,701.50.

28.    Gowlings, by and through the above-named persons, has prepared and assisted in

the preparation of various pending motions and orders submitted to the Court for consideration,

advised the Debtors on a regular basis with respect to various matters in connection with this

case, and performed all necessary professional services which are described and narrated in

detail below.

## Summary of Services by Categories

29.    The services rendered by Gowlings during the Current Interim Period can be

grouped into the categories set forth below.  Gowlings attempted to place the services provided

in the category that best relates to such services.  However, because certain services may relate to

one or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached **Exhibit E**.

**Exhibit E** identifies the attorneys and paraprofessionals who rendered services relating to each

category.

### a.    Tax Issues

During the Interim Period, the Firm, among other things:  (1) attended to Canadian tax

issues; (2) attended to French tax issues; (3) conferred with French tax counsel; (4) prepared for

and attended a conferences with Debtor representatives regarding tax issues; (5) prepared for and

attended conferences with French and US counsel regarding tax issues; (6) attended to Canadian

tax issues as they related to the Plan of Reorganization; and (7) corresponded and conferred

regarding issues relating to Canada.

Fees:  $666,030.00                 Hours: 886.8

### b.    Bankruptcy Litigation

During the Interim Period, the Firm, among other things:  (1) attended to issues regarding

Directors and Officers liability issues and claims; (2) attended to insurance claim deadline issues;

(3) performed work regarding a subpoena relating to insurance coverage issues; (4) attended to

statute of limitations issues relating to professional malpractice and breach of fiduciary duty; (5)

performed work regarding a subpoena to PricewaterhouseCoopers; and (6)  corresponded and

conferred regarding bankruptcy litigation matters.

Fees:  $22,786.50                  Hours: 59.4

### c.    Compensation Prof.

This category includes work related to the fee applications of professionals.

Fees:  $5,885.00                   Hours: 10.1

30.    The nature of  work performed by the Gowlings attorneys and paralegals during

the Current Interim Period is fully set forth in **Exhibits A-E** attached hereto.  The hourly rates

being charged are Gowlings' normal hourly rates for work of this character.  The reasonable

value of the services rendered by Gowlings to the Debtors during the Current Interim Period is

$742,304.34.

31.    In accordance with the factors enumerated in Section 330 of the Bankruptcy

Code, it is respectfully submitted that the amount requested by Gowlings is fair and reasonable

given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under this title.  Moreover, Gowlings has reviewed the requirements of the Local

Rules and believes that this Application complies with such rules.

## **Applicable Legal Standard**

32.     The Bankruptcy Code sets forth the legal standards for awarding compensation to

professionals.  The format for fee applications is set forth in the Compensation Guidelines for

Professionals in the United States Bankruptcy Court for the Eastern District of Virginia (the

"Guidelines").

33.     Under section 330 of the Bankruptcy Code, the Court may award counsel to the

Committee reasonable compensation for actual, necessary services rendered by such attorneys

and paraprofessionals employed by such attorneys based on the nature, extent and value of the

services rendered, time spent on such services and the cost of comparable services other than in a

bankruptcy case.

34.     Under the "lodestar" approach, the Court should consider the number of hours of

service reasonably devoted to the case multiplied by the attorney's reasonable rates.  Courts

frequently consider the specific "lodestar" factors enumerated in Johnson v. Georgia Highway

Express, Inc., 488 F.2d 714 (5th Cir. 1974).  These lodestar tests were adopted by the Fourth

Circuit in Barber v. Kimbrells, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934

(1978), and in Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), where the Fourth Circuit

held that the District Court should employ the lodestar approach, and then adjust the fee on the

basis of the remaining Johnson factors in the case.  The following are the Johnson factors:

    (a)  the time and labor required
    (b)  the novelty and difficulty of the questions;
    (c)  the skill requisite to perform the legal service properly;
    (d)  the preclusion of other employment by the attorney due to acceptance of the case;
        the customary fee;
    (e)  whether the fee is fixed or contingent; time limitations imposed by the client or
        the circumstances;
    (f)  the amount involved and the results obtained;
    (g)  the experience, reputation and ability of the attorneys;
    (h)  the "undesirability" of the case;
    (i)  the nature and length of the professional relationship with the client; and
    (j)  awards in similar cases.

Johnson, 488 F.2d at 717-719; Barber, 577 F.2d at 226, n.28; Anderson, 658 F.2d at 248, n.2.

35.     Gowlings believes that the services rendered to the Committee and the out-of-pocket expenses incurred therewith were necessary and reasonable in view of the Committee's obligations in this case and the scope and nature of the matters in which the Committee was involved to competently represent the Committee.

**Certification Pursuant to Section 504 of the Bankruptcy Code**

36.     The Certification of E. Patrick Shea, submitted pursuant to section 504 of the Bankruptcy Code, is attached hereto as **Exhibit F.**

**Conclusion**

WHEREFORE, Gowlings submits this Application for (i) initial approval of compensation in the amount of $742,304.34 for the period of November 1, 209 – October 31, 2010; (ii) final approval of compensation in the amount of $846,760.34 and reimbursement of expenses in the amount of $749.65 for the period of November 18, 2008 through October 31, 2010; and (iii) payment of the remaining balance due Gowlings in the sum of $201.376.03. Gowlings respectfully requests that the court enter an Order substantially in the form attached hereto as **Exhibit G** approving the compensation and reimbursement of expenses requested herein, and granting such other further relief as the Court deems appropriate.

Dated:    December 16, 2010          GOWLING LAFLEUR HENDERSON LLP


By       */s/ E. Patrick Shea*
         E. Patrick Shea
         First Canadian Place, Suite 1600
         Toronto ON  M5X 1G5
         Telephone: 416.369.7399
         Facsimile:  416.862.7661

         Counsel for the Official Committee of
         Unsecured Creditors

Filed This 16th Day of December 2010     By:    CIRCUIT CITY STORES, INC.
                                                   LIQUIDATING TRUST


                                           By: */s/ Paula S. Beran*


                                           Lynn L. Tavenner (VA Bar No. 30083)
                                           Paula S. Beran (VA Bar No. 34679)
                                           TAVENNER & BERAN, P.L.C.
                                           20 North Eighth Street, 2nd Floor
                                           Richmond, Virginia  23219
                                           Telephone:  804-783-8300
                                           Facsimile:  804-783-0178
                                           E-mail:  ltavenner@tb-lawfirm.com
                                                    pberan@tb-lawfirm.com

-                                          and-

                                           Jeffrey N. Pomerantz (admitted *pro hac vice*)
                                           Andrew W. Caine (admitted *pro hac vice*)
                                           PACHULSKI STANG ZIEHL & JONES LLP
                                           10100 Santa Monica Blvd.
                                           11th Floor
                                           Los Angeles, California  90067-4100
                                           Telephone: 310-277-6910
                                           Facsimile:  310-201-0760
                                           E-mail: jpomerantz@pszjlaw.com
                                                   acaine@pszjlaw.com

                                           Counsel for the Circuit City Stores, Inc.
                                           Liquidating Trust