Gregg M. Galardi, Esq.                  Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.                 Sarah B. Boehm (VSB No. 45201)
SKADDEN, SLATE, MEAGHER & FLOM, LLP     MCGUIREWOODS LLP
One Rodney Square                       One James Center
PO Box 636                              901 E. Cary Street
Wilmington, Delaware 19899-0636         Richmond, Virginia 23219
(302) 651-3000                          (804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
             Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**EIGHTH INTERIM AND FINAL FEE APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE INTERIM PERIOD FROM AUGUST 1, 2010 THROUGH AND INCLUDING OCTOBER 31, 2010 AND FOR THE FINAL PERIOD FROM NOVEMBER 10, 2008 THROUGH AND INCLUDING OCTOBER 31, 2010**

Name of Applicant: <u>Skadden, Arps, Slate, Meagher & Flom LLP</u>

Authorized to provide professional services to: <u>Circuit City Stores, Inc., et al.</u>

Date of retention: <u>effective November 10, 2008</u>

**Eighth Interim Application**

Period for which compensation and reimbursement are sought:
August 1, 2010 through and including October 31, 2010

Amount of compensation sought as actual, reasonable, and
necessary: $1,487,485

Amount of expense reimbursement sought as actual,
reasonable, and necessary: $66,080

**Final Fee Application**

Period for which compensation and reimbursement are sought:
November 10, 2008 through and including October 31, 2010

Amount of compensation sought as actual, reasonable, and
necessary: $16,813,270

Amount of expense reimbursement sought as actual,
reasonable, and necessary: $679,658

This is a/an:  __ monthly  X  interim  X  final application.

The Application requests compensation for services rendered in
preparing this Application.

## INTERIM FEE APPLICATIONS

| Date Filed | Period Covered | Requested Fees, Expenses | | Paid Fees, Expenses | |
|---|---|---|---|---|---|
| 3/17/09 (D.I. 2634) | 11/10/08 to 1/31/09 | $3,064,389 | $128,170 | $3,064,389 | $128,170 |
| 6/14/09 (D.I. 3609) | 2/1/09 to 4/30/09 | $2,448,537 | $112,229 | $2,448,537 | $116,229[1] |
| 9/14/09 (D.I. 4862) | 5/1/09 to 7/31/09 | $1,766,690[2] | $84,963[3] | $1,766,690 | $80,963 |
| 12/15/09 (D.I. 6089) | 8/1/09 to 10/31/09 | $1,795,574 | $74,623 | $1,795,574 | $74,623 |
| 3/17/10 (D.I. 6845) | 11/1/09 to 1/31/10 | $1,955,685 | $89,339 | $1,955,685 | $89,339 |
| 6/14/10 (D.I. 7824) | 2/1/10 to 4/30/10 | $2,339,200 | $69,107 | $2,339,200 | $69,107 |
| 9/14/10 (D.I. 8566) | 5/1/10 to 7/31/10 | $1,922,626 | $50,422 | $1,922,626 | $50,422 |
| 12/16/10 | 8/1/10 to 10/31/10 | $1,487,485 | $66,080 | $871,244 | $52,390 |
| 12/16/10 | ADDITIONAL FEES & EXPENSE[4] | $33,084 | $4,725 | $0.00 | $0.00 |
| TOTALS | | $16,813,270 | $679,658 | $16,163,945 | $661,243 |

[1]   In its Monthly Fee Request for April 2009, Skadden, Arps inadvertently overstated the expenses incurred by $4,000.  Skadden, Arps discovered this upon preparation of the Second Interim Fee Application and, accordingly, requested $112,229, which totals the expenses actually incurred.  Because 100% of the expenses had previously been paid, Skadden, Arps applied the overpayment to the May 2009 Monthly Fee Request.  See infra, at n. 2.

[2]   The Third Interim Application contained a clerical error.  In the Third Interim Application, Skadden, Arps' listed inadvertently the amount of compensation sought as $1,766,486.  This amount was understated by $204 and should have been listed as $1,766,690, which is the total of the three Monthly Fee Requests that comprised the third interim period.

[3]   Skadden, Arps actually requested $80,963 in expenses in the Third Interim Fee Application period.  Because Skadden, Arps overstated the expenses incurred in the Monthly Fee Request for April 2009, as discussed supra, at n.1, Skadden, Arps applied the $4,000 overpayment to the amounts incurred in the Monthly Fee Statement for May 2009.

[4]   As discussed herein, supra, at p. 9, this amount includes compensation and expenses associated with preparing this Application, as well as expenses that were incurred on or before October 31, 2010, but were not reflected in the Firm's accounting and billing systems at the time the Monthly Fee Request for October 2010 was submitted.

**COMPENSATION BY PROFESSIONAL PERSON**
**SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP**
**AUGUST 1, 2010 – OCTOBER 31, 2010**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|-------------------|------|-------|--------|
| **PARTNER** | | | | |
| Jody J. Brewster | 1983 | $995 | 40.5 | $40,298 |
| Philippe Derouin | 1976 | $995 | 5.5 | $5,473 |
| Gregg M. Galardi | 1990 | $975 | 175.3 | $170,928 |
| | | | | |
| | **TOTAL PARTNER** | | 221.3 | $216,699 |
| **COUNSEL** | | | | |
| David A. Schneider | 1987 | $795 | 27.1 | $21,545 |
| | | | | |
| | **TOTAL COUNSEL** | | 27.1 | $21,545 |
| **ASSOCIATE** | | | | |
| Sarah K. Baker | 2006 | $617 | 429.2 | $264,606 |
| Joshua J. Bugay | 2009 | $442 | 93.8 | $41,445 |
| Ian S. Fredericks | 2003 | $675 | 455.8 | $307,878 |
| Kellan Grant | 2000 | $680 | 28.6 | $19,448 |
| Douglas D. Herrmann | 2005 | $640 | 47.6 | $30,454 |
| Heather L. Holmes | 2010 | $360 | 32.8 | $11,808 |
| Yosef Ibrahimi | 2008 | $525 | 7.9 | $4,148 |
| Jennifer A. Karpe | 2008 | $525 | 25.5 | $13,388 |
| Candice Korkis | 2009 | $477 | 107.5 | $51,286 |
| Jessica S. Kumar | 2007 | $553 | 302.2 | $167,203 |
| Kelly A. Lazaroff | 2008 | $504 | 102.4 | $51,649 |
| Jason M. Liberi | 2003 | $680 | 193 | $131,240 |
| John P. Marston | 2004 | $680 | 13.2 | $8,976 |
| Sundeep S. Sidhu | 2009 | $475 | 84.1 | $39,906 |
| Jarrett Vine | 2009 | $457 | 104.6 | $47,775 |
| | | | | |
| | **TOTAL ASSOCIATE** | | 2028.2 | $1,191,210 |
| **PARAPROFESSIONALS** | | | | |
| Mark D. Campana | | $295 | 7.5 | $2,213 |
| Christopher M. Heaney | | $295 | 140.8 | $41,539 |

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| Renee Krol | | $295 | 15.2 | $4,484 |
| Wendy K. LaManna | | $295 | 33.2 | $9,795 |
| | | | | |
| | TOTAL PARAPROFESSIONAL | | 196.7 | $58,031 |
| | | | | |
| | TOTAL | | 2473.3 | $1,487,485 |
| | | | | |
| | | BLENDED HOURLY RATE | | $601 |

**COMPENSATION BY MATTER**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**AUGUST 1, 2010– OCTOBER 31, 2010**

| Matter | Total Hours | Total Fees |
|---|---|---|
| General Corporate Advice | 30.4 | $22,632 |
| Asset Analysis and Recovery | 5.5 | $5,363 |
| Asset Dispositions (General) | 13.7 | $7,193 |
| Asset Dispositions (Real Property) | 11.5 | $6,228 |
| Business Operations/Strategic Planning | 21.6 | $20,383 |
| Case Administration | 188.9 | $100,880 |
| Claims Administration (General) | 778.1 | $451,324 |
| Claims Administration (Reclamation) | 22.2 | $13,986 |
| Creditor Meetings/Statutory Committees | 14.9 | $10,750 |
| Employee Matters (General) | 2.9 | $1,978 |
| Insurance | 15.6 | $6,795 |
| Intellectual Property | 0.7 | $683 |
| Leases (Real Property) | 2.9 | $1,470 |
| Litigation (General) | 739.0 | $424,307 |
| Litigation (Insurance Recovery) | 1.0 | $976 |
| Nonworking Travel Time*<br>*Billed at 50% | 57.7 | $43,763 |
| Reorganization Plan/Plan Sponsors | 434.6 | $263,944 |
| Retention/Fee Matters (SASM&F) | 19.3 | $11,498 |
| Retention/Fee Matters/Objections (Other) | 6.8 | $5,137 |
| Secured Claims | 1.2 | $756 |
| Tax Matters | 87.5 | $77,359 |
| Utilities | 17.3 | $10,080 |
| **TOTAL** | **2473.3** | **$1,487,485** |

**EXPENSE SUMMARY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**AUGUST 1, 2010 — OCTOBER 31, 2010**

| Expense Category | Total Expenses |
|---|---|
| Computer Legal Research | $37,910 |
| Telecommunications | $518 |
| Reproduction and Document Preparation | $928 |
| Outside Research | $675 |
| Travel | $23,069 |
| Courier, Express Carriers (e.g., Federal Express) and Postage | $602 |
| Electronic Document Management | $1,201 |
| Filing/Court/Professional Fees | $1,177 |
| **TOTAL** | **$66,080** |

**COMPENSATION BY PROFESSIONAL PERSON**
**SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP**
**NOVEMBER 10, 2008 – OCTOBER 31, 2010**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|------------------|------|-------|--------|
| **PARTNER** | | | | |
| Jody J. Brewster | 1983 | $966 | 215.9 | $208,597 |
| Philippe Derouin | 1976 | $995 | 32.5 | $32,339 |
| Chris L. Dickerson | 1998 | $808 | 732.85 | $591,192 |
| John P. Furfaro | 1980 | $945 | 138.1 | $130,506 |
| Gregg M. Galardi | 1990 | $933 | 1766.3 | $1,646,584 |
| Fred T. Goldberg, Jr. | 1973 | $995 | 37.5 | $37,313 |
| Andre LeDuc | 1978 | $945 | 56.3 | $53,204 |
| Neil M. Leff | 1980 | $975 | 19.0 | $18,525 |
| David F. Levy | 1995 | $807 | 348.1 | $280,840 |
| Edward J. Meehan | 1984 | $899 | 50.8 | $45,644 |
| Maxwell M. Miller | 1988 | $945 | 8.8 | $8,316 |
| Timothy G. Reynolds | 1980 | $995 | 31.2 | $29,890 |
| | | | | |
| | **TOTAL PARTNER** | | 3437.35 | $3,082,950 |
| | | | | |
| **COUNSEL** | | | | |
| Scott Brown | 1997 | $760 | 116.0 | $88,160 |
| Kristin Major | 1997 | $760 | 28.1 | $21,356 |
| David A. Schneider | 1986 | $779 | 127.7 | $99,526 |
| | | | | |
| | **TOTAL COUNSEL** | | 271.8 | $209,042 |
| | | | | |
| **ASSOCIATE** | | | | |
| Sarah K. Baker | 2006 | $538 | 3905.8 | $2,105,074 |
| Megan A. Bombick | 2008 | $485 | 5.4 | $2,619 |
| Michell L. Brunsvold | 2005 | $540 | 182.1 | $98,334 |
| Joshua J. Bugay | 2009 | $423 | 639.3 | $270,555 |
| David S. Conway | 1996 | $680 | 200.9 | $136,612 |
| Sarah S. Dale | 2007 | $460 | 27.3 | $12,558 |
| Pamela S. Dangelo | 2008 | $469 | 545.8 | $255,831 |
| Catherine E. Danz | 2001 | $680 | 11.2 | $7,616 |
| Brian DeVirgilio | 2008 | $372 | 113.8 | $42,330 |

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|------|------|------|------|
| Folarin S. Dosunmu | 2004 | $599 | 1289.4 | $772,633 |
| Mark G. Eskenazi | 2009 | $374 | 56.7 | $21,182 |
| Ian S. Fredericks | 2003 | $616 | 4592.4 | $2,824,431 |
| Matthew Gartner | 2006 | $495 | 29.5 | $14,603 |
| Nehemiah E. Ginsburg | 2003 | $625 | 46.5 | $29,063 |
| Kellan Grant | 2000 | $632 | 867.5 | $548,684 |
| Douglas D. Herrmann | 2006 | $617 | 266.1 | $164,149 |
| Heather L. Holmes | 2010 | $360 | 32.8 | $11,808 |
| Caroline J. Honorowski | 2008 | $391 | 97.2 | $38,031 |
| Amy C. Huffman | 2007 | $525 | 130.8 | $68,670 |
| Yosef Ibrahimi | 2007 | $490 | 68.7 | $33,637 |
| Collin P. Janus | 2008 | $395 | 175.1 | $69,167 |
| Sarah S. Kang | 2008 | $460 | 117.8 | $54,188 |
| Jennifer A. Karpe | 2008 | $440 | 127.9 | $56,318 |
| Christine W. Kim | 2009 | $417 | 139.9 | $58,327 |
| Brian D. King | 2008 | $460 | 15.6 | $7,176 |
| Candice Korkis | 2009 | $418 | 608.8 | $254,390 |
| Samuel W. Krause | 1998 | $680 | 25.7 | $17,476 |
| Jessica S. Kumar | 2007 | $490 | 2779.05 | $1,362,191 |
| Kelly A. Lazaroff | 2008 | $428 | 2244.3 | $962,454 |
| David Leavitt | 2006 | $560 | 43.1 | $24,156 |
| Brian G. Lenhard | 2004 | $625 | 21.9 | $13,688 |
| Katy Lewis | 2007 | $395 | 8.5 | $3,358 |
| Jason M. Liberi | 2003 | $652 | 2075.0 | $1,353,918 |
| Beth O. Libow | 2009 | $360 | 39.2 | $14,112 |
| John P. Marston | 2004 | $652 | 242.6 | $158,113 |
| Mike Murphy | 2007 | $460 | 71.2 | $32,752 |
| Jason P. Nance | 2006 | $495 | 35.3 | $17,474 |
| Betrand Pan | 2004 | $540 | 11.4 | $6,156 |
| Sarah E. Ralph | 2003 | $464 | 47.4 | $21,986 |
| Amber L. Reed | 2008 | $387 | 298.0 | $115,313 |
| Sarah T. Runnells | 2008 | $376 | 98.3 | $36,939 |
| Risa M. Salins | 2001 | $680 | 406.85 | $276,658 |
| Sundeep S. Sidhu | 2009 | $428 | 585.1 | $250,326 |
| Christine M. Szafranski | 2006 | $510 | 53.85 | $27,476 |
| Margaret C. Thering | 2008 | $395 | 44.5 | $17,577 |
| Daniel M. Trevino | 2002 | $625 | 32.1 | $20,063 |
| Jarrett Vine | 2009 | $429 | 418.4 | $179,571 |
| **TOTAL ASSOCIATE** | | | 23,876.05 | $12,869,743 |

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|------------------|------|-------|--------|
| **NON-LEGAL PROFESSIONAL** | | | | |
| David Robison | | $995 | 56.9 | $56,610 |
| | | | | |
| | **TOTAL NON-LEGAL PROFESSIONAL** | | 56.9 | $56,610 |
| | | | | |
| **PARAPROFESSIONAL** | | | | |
| Matt Adrian | | $255 | 55.9 | $14,255 |
| Christopher L. Angelica | | $295 | 71.6 | $21,123 |
| Mohammed Ansari | | $230 | 6.0 | $1,380 |
| Joshua J. Bugay | | $170 | 10.8 | $1,836 |
| Mark D. Campana | | $295 | 7.8 | $2,302 |
| Lan T. Chu | | $320 | 7.25 | $2,320 |
| Stacey P. Delacruz | | $185 | 5.9 | $1,092 |
| Jeffrey Demma | | $295 | 27.2 | $8,025 |
| Philip M. Foust | | $170 | 29.5 | $5,015 |
| Merrick L. Friel | | $295 | 14.2 | $4,189 |
| Erwan Garnier | | $295 | 12.0 | $3,540 |
| Carol L. Greenway | | $175 | 36.0 | $6,301 |
| Christopher M. Heaney | | $295 | 1045.2 | $308,356 |
| Alan Hu | | $175 | 7.65 | $1,339 |
| Christine H. Ingram | | $332 | 32.5 | $10,805 |
| Renee Krol | | $295 | 15.2 | $4,484 |
| Wendy K. LaManna | | $295 | 477.5 | $140,875 |
| Joe R. Lara | | $295 | 6.5 | $1,918 |
| Michael C. McGuire | | $295 | 6.1 | $1,800 |
| Stacy L. McIlhenny | | $295 | 6.9 | $2,036 |
| Larry S. Morton | | $295 | 17.8 | $5,252 |
| Joseph J. Roman | | $80 | 3.2 | $256 |
| Samantha E. Ross | | $300 | 7.0 | $2,100 |
| Edward Tanzer | | $185 | 0.4 | $74 |
| William C. Terry | | $345 | 17.0 | $5,866 |
| John C. Tyrrell | | $295 | 6.75 | $1,991 |
| Mia Volkening | | $220 | 5.8 | $1,276 |
| Kevin Wells | | $295 | 0.2 | $59 |
| Joanna Winogrodzki | | $185 | 14.3 | $2,646 |
| Lynn S. Zoldan | | $295 | 12.0 | $3,540 |
| A. Kaitlin Zylich | | $220 | 176.7 | $38,874 |

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| | **TOTAL PARAPROFESSIONAL** | | 2,142.85 | $604,925 |
| | | | | |
| | | SUBTOTAL | 29,784.95 | $16,823,2701 |
| US TRUSTEE ACCOMMODATION ON FIRST FEE APPLICATION | | | N/A | ($10,000) |
| | | **TOTAL** | **29,784.95** | **$16,813,270** |
| | | | **BLENDED HOURLY RATE** | **$564** |

**COMPENSATION BY MATTER**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**NOVEMBER 10, 2008 – OCTOBER 31, 2010**

| Matter | Total Hours | Total Fees |
|---|---|---|
| General Corporate Advice | 265.1 | $196,929 |
| Asset Analysis and Recovery | 320.9 | $239,470 |
| Asset Dispositions (General) | 1434.8 | $877,792 |
| Asset Dispositions (Inventory) | 144.7 | $93,573 |
| Asset Dispositions (Real Property) | 423.0 | $247,245 |
| Automatic Stay (Relief Actions) | 238.7 | $122,843 |
| Business Operations/Strategic Planning | 104.8 | $82,220 |
| Case Administration | 2145.5 | $965,196 |
| Claims Administration (General) | 8151.5 | $4,374,274 |
| Claims Administration (Reclamation) | 512.6 | $279,370 |
| Credit Card Agreements | 82.5 | $56,168 |
| Creditor Meetings/Statutory Committees | 119.8 | $98,073 |
| Disclosure Statement/Voting Issues | 360.3 | $194,829 |
| Employee Matters (General) | 1681.35 | $968,806 |
| Executory Contracts (Personalty) | 303.3 | $150,051 |
| Financing (DIP and Emergence) | 485.65 | $317,856 |
| Insurance | 352.4 | $216,178 |
| Intellectual Property | 78.1 | $57,388 |
| Investigations and Reviews | 5.9 | $4,575 |
| Leases (Real Property) | 2882.05 | $1,514,695 |
| Litigation (General) | 2848.6 | $1,648,808 |
| Litigation (Insurance Recovery) | 2.2 | $2,146 |
| Liquidation/Feasibility | 20.5 | $13,015 |
| Nonworking Travel Time* *Billed at 50% | 675.5 | $358,525 |

| Matter | Total Hours | Total Fees |
|---|---|---|
| Real Estate (Owned) | 1.7 | $1,024 |
| Regulatory and SEC Matters | 3.5 | $2,598 |
| Reorganization Plan/Plan Sponsors | 1740.7 | $1,093,123 |
| Reports and Schedules | 24.1 | $14,189 |
| Retention/Fee Matters (SASM&F) | 487.8 | $243,159 |
| Retention/Fee Matters/Objections (Other) | 341.7 | $189,552 |
| Secured Claims | 274.3 | $137,426 |
| Tax Matters | 2127.3 | $1,456,464 |
| U.S. Trustee Matters | 1.3 | $1,229 |
| Utilities | 817.4 | $417,544 |
| Vendor Matters | 325.4 | $186,937 |
| SUBTOTAL | 29,784.95 | $16,823,270 |
| US TRUSTEE ACCOMMODATION ON FIRST FEE APPLICATION | N/A | ($10,000) |
| **TOTAL** | **29,784.95** | **$16,813,270** |

**EXPENSE SUMMARY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**NOVEMBER 10, 2008 – OCTOBER 31, 2010**

| Expense Category | Total Expenses |
|---|---:|
| Computer Legal Research | $349,739 |
| Telecommunications | $12,313 |
| Reproduction and Document Preparation | $21,837 |
| Outside Research | $11,228 |
| Travel | $236,697 |
| Courier, Express Carriers (e.g., Federal Express) and Postage | $13,042 |
| Electronic Document Management | $16,563 |
| Filing/Court/Professional Fees | $1,669 |
| Court Reporting | $16,320 |
| Business Meals | $250 |
| **TOTAL** | $679,658 |

Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, SLATE, MEAGHER & FLOM,   MCGUIREWOODS LLP
LLP                               One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         : Jointly Administered
- - - - - - - - - - - - - - x

**EIGHTH INTERIM AND FINAL FEE APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE INTERIM PERIOD FROM AUGUST 1, 2010 THROUGH AND INCLUDING OCTOBER 31, 2010 AND FOR THE FINAL PERIOD FROM NOVEMBER 10, 2008 THROUGH AND INCLUDING OCTOBER 31, 2010**

Skadden, Arps, Slate, Meagher & Flom LLP and its

affiliated law offices (collectively, "Skadden, Arps"), counsel

for the debtors and debtors in possession in the above-captioned

MM

cases (collectively, the "Debtors"), submits this application (the "Application") seeking (i) allowance of interim compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for the period from August 1, 2010, through and including October 31, 2010 (the "Interim Period"), and (ii) allowance of compensation and reimbursement of expenses on a final basis under sections 330 and 331 of the Bankruptcy Code for the period from November 10, 2008 through and including October 31, 2010 (the "Case Period").  In support of the Application, Skadden, Arps respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

## BACKGROUND

**A.    General Case Background.**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2

4.   On January 16, 2009, the Court authorized the
Debtors, among other things, to conduct going out of business
sales at the Debtors' remaining 567 stores pursuant to an agency
agreement (the "Agency Agreement") between the Debtors and a
joint venture, as agent (the "Agent").   On January 17, 2009, the
Agent commenced going-out-of-business sales pursuant to the
Agency Agreement at the Debtors' remaining stores.   The going-
out-of-business sales concluded on or about March 8, 2009.

5.   On September 29, 2009, the Debtors and the
Creditors' Committee filed the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee of
Creditors Holding General Unsecured Claims.   The associated
disclosure statement (the "Disclosure Statement") was approved
on September 24, 2009.

6.   On August 9, 2010, the Debtors and the Creditors'
Committee filed the Second Amended Joint Plan of Liquidation of
Circuit City Stores, Inc. and its Affiliated Debtors and Debtors
In Possession and its Official Committee of Creditors Holding
General Unsecured Claims (the "Second Amended Plan").

7.   On September 14, 2010, the Court entered an order
(the "Confirmation Order") confirming the Modified Second
Amended Joint Plan of Liquidation of Circuit City Stores, Inc.
and its Affiliated Debtors and Debtors In Possession and its

Official Committee of Creditors Holding General Unsecured Claims

(the "Plan").  On November 1, 2010, the Plan became effective.

        8.    Generally, the Plan provides for the liquidation

of the Debtors and distributions of their assets to creditors

under chapter 11 of the Bankruptcy Code.

**B.    Retention Of Skadden, Arps.**

        9.    On November 20, 2008, the Debtors applied to the

Court for an order authorizing them to retain Skadden, Arps (the

"Retention Application") pursuant to an engagement agreement

dated September 1, 2008 (the "Engagement Agreement") as their

bankruptcy counsel, effective as of the Petition Date, to

provide the following professional services:

> (a)   advising the Debtors with respect to their powers
> and duties as debtors and debtors in possession
> in the continued management and operation of
> their businesses and properties;
>
> (b)   attending meetings and negotiating with
> representatives of creditors and other parties in
> interest and advising and consulting on the
> conduct of the cases, including all of the legal
> and Interim Compensation requirements of
> operating in chapter 11;
>
> (c)   taking all necessary action to protect and
> preserve the Debtors' estates, including the
> prosecution of actions on behalf of the Debtors'
> estates, the defense of any actions commenced
> against those estates, negotiations concerning
> litigation in which the Debtors may be involved
> and objections to claims filed against the
> estates;
>
> (d)   preparing, on behalf of the Debtors, motions,
> applications, answers, orders, reports, and

papers necessary to the administration of the estates;

(e)  preparing and negotiating on the Debtors' behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

(f)  advising the Debtors in connection with any sale of assets;

(g)  performing other necessary legal services and providing other necessary legal advice to the Debtors in connection with these chapter 11 cases; and

(h)  appearing before this Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before such courts and the United States Trustee.[1]

10.  On December 8, 2008, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Skadden, Arps as their counsel effective as of the Petition Date pursuant to the terms of the Engagement Agreement.  A copy of the Retention Order is attached hereto as <u>Exhibit A</u>.

11.  As set forth in the Retention Application, prior to the Petition Date, the Debtors provided Skadden, Arps with $750,000 to be held as on account cash for the advance payment of pre-petition professional fees and expenses incurred and

---

[1]  Information concerning the experience and standing at the bar of Skadden, Arps' senior attorneys on this engagement are described in the application and related materials filed by Skadden in support of its retention in these cases (the "Retention Application") (D.I. 287), which is incorporated herein by reference.

charged by Skadden, Arps in its representation of the Debtors. As of the Petition Date, Skadden, Arps held $268,616 (the "Pre-petition On Account Cash"). Pursuant to the Retention Order, Skadden, Arps was authorized to hold the Pre-petition On-Account Cash as a post-petition retainer to be applied against unpaid fees and expenses approved by the Court in connection with Skadden, Arps' final fee application. Thus, at this time, Skadden, Arps' is holding a post-petition retainer in the amount of $268,616 (the "Post-petition Retainer").

12. In addition, since the Petition Date, the Debtors have overpaid Skadden, Arps in the amount of $20,724 (the "Overpayment"). Thus, between the Post-petition Retainer and the Overpayment, Skadden, Arps is holding currently a total of $289,340.

**C.    Interim Compensation Order.**

13. On December 9, 2008, the Court entered an Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation (the "Interim Compensation Order"). A copy of the Interim Compensation Order is attached hereto as <u>Exhibit B</u>.

14. Pursuant to the terms of the Interim Compensation Order, professionals were required to submit monthly fee requests (each a "Monthly Fee Request") to the Debtors and serve such Requests on the following parties: on (i) the Debtors and

their counsel, (ii) the Office of the United States Trustee, and

(iii) counsel to the Official Committee of Unsecured Creditors

(the "Committee) ((i)-(iii), collectively, the "Notice Parties").

If no objection to a Monthly Fee Request were lodged within

twenty (20) days after service, then the Debtors were required

to pay eighty-five percent (85%) of the fees and one hundred

percent (100%) of the expenses set forth in the applicable

Monthly Fee Request.  The remaining fifteen (15%) of the

requested fees were held pending a hearing before this Court.

15.  Every three (3) months beginning with the three-

month period ending on January 31, 2009, all professionals,

including Skadden, Arps, were required to file interim fee

applications for the prior three-month period.  Thereafter, this

Court scheduled a hearing to consider such interim fee

applications, including payment of the fifteen percent (15%)

"holdback".

**D.   The Eighth Interim Period.**

16.  Pursuant to the Interim Compensation Order,

Skadden, Arps has served a Monthly Fee Request for each of the

months in the Interim Period.  Specifically, on October 12, 2010,

Skadden, Arps served the Notice Parties with its Monthly Fee

Request in the amount of $519,378, consisting of $496,919 for

professional fees and $22,459 for expenses relating to the

period from August 1, 2010 through and including August 31, 2010.

Pursuant to the Interim Compensation Order, the Notice Parties had twenty days to object to such Monthly Fee Request.  The 20-day period for objections expired on November 1, 2010 without any objection.  Thereafter, Skadden, Arps was paid 85% of the requested professional fees and 100% of requested expenses, in the aggregate amount of $444,840.

17.   On October 12, 2010, Skadden, Arps served the Notice Parties with its Monthly Fee Request in the amount of $559,182, consisting of $529,251 for professional fees and $29,931 for expenses relating to the period from September 1, 2010 through and including September 30, 2010.  Pursuant to the Interim Compensation Order, the Notice Parties had twenty days to object to such Monthly Fee Request.  The 20-day period for objections expired on November 1, 2010 without any objection. Thereafter, Skadden, Arps was paid 85% of the requested professional fees and 100% of requested expenses, in the aggregate amount of $479,794.

18.   On November 19, 2010, Skadden, Arps served its Monthly Fee Request in the amount of $475,005, consisting of $461,315 for professional fees and $13,690 for expenses relating to the period from October 1, 2010 through and including October 31, 2010 (the "October 2010 Monthly Fee Request").  Pursuant to the Interim Compensation Order, the Notice Parties had twenty days to object to such Monthly Fee Request.  The 20-day period

for objections expired on December 9, 2010 without any objection.

To date, Skadden, Arps has not received any payments associated

with this Monthly Fee Request.

**E.    The Case Period.**

19.    Pursuant to the Interim Compensation Procedures

Order, during the Case Period, Skadden, Arps has served the

Notice Parties with its Monthly Fee Requests for the partial

month beginning on November 10, 2008, and for each calendar

month thereafter, including October, 2010.  In addition, Skadden,

Arps filed and served seven prior interim fee applications

(D.I.s 2634, 3609, 4862, 6089, 6845, 7824, and 8566,

collectively, the "Interim Fee Applications"), which covered the

period from November 10, 2008, through and including July 31,

2010.

**F.    Additional Fees And Expenses.**

20.    As part of this Application, Skadden, Arps has

included compensation incurred in connection with preparing its

October 2010 Monthly Fee Request.  In addition and as required

by Article X, Section J of the Plan, Skadden, Arps has included

compensation and expenses incurred in connection with preparing

this Application.  Specifically, in preparing the October

Monthly Fee Request and this Application, Skadden, Arps devoted

a total of 59.4 hours, totaling $33,084 in compensation

(collectively, the "Additional Matter 33 Fees").  Of the

aggregate time expended, 1 hour was spent by partners, 0 hours were spent by a counsel, 53.9 hours were spent by associates and 0 hours were spent by paraprofessionals.  The Additional Matter 33 Fees have been added to the schedules set forth at the beginning of this Application.

21.  Additionally, since the October 2010 Monthly Fee Request was submitted, Skadden, Arps has received invoices for additional expenses in the total amount of $4725 (the "Unbilled Expenses" and together with the Additional Matter 33 Fees, the "Additional Fees and Expenses") that were incurred in the rendition of required professional services on behalf of the Debtors' on or before October 31, 2010.  At the time the October 2010 Monthly Fee Request was submitted, however, the Unbilled Expenses had not been entered into the Firm's accounting and billing systems.  Of the aggregate expense total, $14 were expenses associated with computer legal research, $139 were expenses associated with telecommunications, $84 were expenses associated with reproduction and document preparation, $1,351 were expenses associated with outside research, $2,823 were expenses associated with travel, $64 were expenses associated with courier charges, and $250 were expenses associated with meals.

**RELIEF REQUESTED**

22.   By this Application, Skadden, Arps requests two forms of relief.   First, Skadden, Arps requests approval and payment of interim compensation and reimbursement of expenses for the Interim Period.   For that period, attached as Exhibit C are copies of Skadden, Arps' fee statements (the "Statements") reflecting professional services rendered for which compensation is sought and actual disbursements for which reimbursement is sought during the Interim Period.   In summary, Skadden, Arps is seeking allowance of compensation equal to $1,487,485 in fees for professional services rendered during the Interim Period as counsel to the Debtors in these chapter 11 cases.   This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors. Of this amount, Skadden, Arps has already been paid $871,244 pursuant to the Interim Compensation Order.   In addition, Skadden, Arps requests payment of $224,123, representing the aggregate 15% holdback of fees billed, but withheld, during the Interim Period.   Skadden, Arps also requests reimbursement of 100% of the actual and necessary out-of-pocket disbursements and charges incurred in the rendition of required professional services on behalf of the Debtors' during the Interim Period, which total $66,080.

11

23.   The fees and disbursements sought for this Interim Period reflect total client accommodations of $92,208. In the event that any objections to this Application are filed, Skadden, Arps reserves the right to seek payment for all or any part of the client accommodations.

24.   Second, Skadden, Arps requests final approval of all compensation and reimbursement of all expenses during the Case Period and payment of all amounts approved by this Court not paid to date.  As set forth in the Interim Fee Applications and this Application, Skadden, Arps has provided professional services to the Debtors since the Petition Date.  Now that the Plan has been confirmed and become effective, Skadden, Arps is seeking final allowance of compensation equal to $16,813,270 for professional services rendered during the Case Period as counsel to the Debtors in these chapter 11 cases.  This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors.  Of this amount, Skadden, Arps has already been paid $16,163,945 pursuant to the Interim Compensation Order and other orders of this Court.  Skadden, Arps also requests final approval and reimbursement of $679,658 of the actual and necessary out-of-pocket disbursements and charges incurred in the rendition of required professional services on behalf of the Debtors' during the Case Period.  Of this amount, Skadden, Arps has already been

paid $661,243 pursuant to the Interim Compensation Order and other orders of this Court.

25.    The fees and disbursements sought for this Case Period reflect total client accommodations of $1,099,167.    In the event that any objections to this Application are filed, Skadden, Arps reserves the right to seek payment for all or any part of the client accommodations.

### BASIS FOR RELIEF

26.    It is not practical to describe every phone call made, meeting attended, document generated, or other service provided in the Debtors' cases during either the Interim or Case Periods.    Thus, this Application highlights the most significant services performed by Skadden, Arps' professionals.

27.    Skadden, Arps submits that the legal services and advice rendered to the Debtors during the Interim and Case Periods were necessary and beneficial to the Debtors and their estates and creditors.

### I.    THE INTERIM PERIOD.

28.    During the Interim Period, attorneys and paraprofessionals of Skadden, Arps devoted a total of 2473.3 hours to representation of the Debtors.    Of the aggregate time expended, 221.3 hours were spent by partners, 27.1 hours were spent by a counsel, 2028.2 hours were spent by associates and 196.7 hours were spent by paraprofessionals.    Schedules showing

13

the name and position of each such partner, associate and paraprofessional, hours worked during the Interim Period, and hourly billing rate are provided at the front of this Application.  Skadden, Arps' professionals billed their services in these cases to numerous matters corresponding to particular activities in the case.  Exhibit D provides the detail by matter of the time billed for such services.  Set forth on Exhibit E are the detailed expense charges incurred during the Interim Period by matter number.

29.  The following description of Skadden, Arps' services is a summary of the matters that occupied substantial amounts of attorney time during the Interim Period.

**A.   Matters Over $250,000**

30.  During the Interim Period, Skadden, Arps' professionals devoted significant time to three key matters, the time value of which exceeds $250,000 for each.  These matters are as follows:

**1.   Claims Administration (General)
(Amount Sought: $451,324)**

31.  During the Interim Period, Skadden, Arps continued analyzing, reconciling, and resolving claims filed against and amounts owed to the Debtors' estates.  In particular, professionals at Skadden, Arps focused substantial efforts on large administrative and 503(b)(9) claims of creditors who

14

simultaneously held outstanding receivables owed to the Debtors and/or received a preference.  This involved continuing to draft demand letters and evaluating responses to these letters, while also considering causes of action against these creditors and potential defenses to the same.  To the extent a consensual resolution was reached, Skadden, Arps drafted and negotiated settlement agreements.

32.  Where these claims and receivables matters could not be resolved consensually, Skadden, Arps prepared and prosecuted complaints on the Debtors' behalf.  As part of this process, professionals at Skadden, Arps conducted additional research regarding the contested legal issues, which primarily involved potential defenses to preference actions.  In particular, professionals at Skadden, Arps researched, briefed and argued issues concerning the new value defense.

33.  As the deadline to file avoidance actions approached, settlement discussions multiplied and intensified. As a result, Skadden, Arps' professionals negotiated and drafted numerous stipulations that both secured the return of receivables to the Debtors' estates and resolved large claims without resorting to litigation.  Additionally, Skadden, Arps' professionals worked closely with the Debtors and their other professionals to update various claim reports in preparation for distributions under the Plan.

34.   In all, Skadden, Arps' professionals devoted a total of 778.1 hours to claims administration matters during the Interim Period for which compensation is sought, with a total time value of $451,324.

**2.   Litigation
(Amount Sought: $424,307)**

35.   During the Interim Period, Skadden, Arps continued to assist the Debtors with pending litigation, consisting of adversary proceedings, contested matters and appeals.

36.   In addition, Skadden, Arps began the process of preparing for the deadline to file avoidance actions.  Initially, Skadden, Arps assisted the Debtors with investigating potential litigation against various third parties and drafting complaints. Once the Plan was confirmed, Skadden, Arps continued to work with the Debtors and assisted proposed counsel to the Liquidating Trustee with investigating and transitioning such matters.

37.   In all, Skadden, Arps' professionals devoted a total of 739 hours to litigation matters during the Interim Period for which compensation is sought, with a total time value of $424,307.

### 3.    Reorganization Plan/Plan Sponsors
###       (Amount Sought: $263,944)

38.    During the Interim Period, Skadden, Arps prepared for confirmation of the Plan.  As part of that process, Skadden, Arps devoted considerable time to resolving the sixty-six objections that had been filed to the Plan.  Additionally, Skadden, Arps drafted new and modified existing plan documents to reflect the agreements reached at mediation between the Debtors and the Creditors' Committee and to incorporate changes based on the objections to the Plan.  Skadden, Arps also drafted the brief in support of confirmation and prepared other confirmation related filings and documents in connection with the confirmation hearing.  As a result of these efforts, the Plan was ultimately confirmed at the hearing held September 8, 2010, and became effective on November 1, 2010.

39.    In addition, prior to and following confirmation, Skadden, Arps worked with counsel to the Debtors' Canadian affiliates and counsel to the Creditors' Committee to coordinate and effectuate certain transactions that needed to occur before the Plan became effective.

40.    In all, Skadden, Arps' professionals devoted a total of 434.6 hours to reorganization and plan-related matters during the Interim Period for which compensation is sought, with a total time value of $263,944.

**B.    Matters Over $75,000**

41.   Skadden, Arps' professionals devoted time to two important matters during the Interim Period, the time value of which exceeds $75,000 for each.   These matters are as follows:

**1.    Case Administration
(Amount Sought: $100,880)**

42.   During the Interim Period, Skadden, Arps continued working closely with the Debtors and Creditors' Committee in preparation for the post-confirmation transition to a liquidating trust.   Skadden, Arps communicated extensively and near-contemporaneously with counsel to the Committee to keep counsel informed of settlement discussions, the status of pending and potential post-confirmation litigation and issues related to the Debtors' foreign affiliates.   Similarly, Skadden, Arps' professionals drafted numerous documents summarizing key matters to be transitioned to the liquidating trust.

43.   Additionally, Skadden, Arps' professionals prepared for, attended and participated in various omnibus hearings and pre-trial conferences, each dealing with contested and uncontested matters.

44.   In all, Skadden, Arps' professionals devoted a total of 188.9 hours to case administration matters during the Interim Period for which compensation is sought, with a total time value of $100,880.

18

### 2. Tax Matters
### (Amount Sought: $77,359)

45. During the Interim Period, Skadden, Arps continued to prepare documents related to the sale/leaseback refund filed with IRS. Specifically, Skadden, Arps' professionals continued to prepare to appeal the IRS ruling on the sale/leaseback transaction. This involved conferring with the Debtors and their other tax professionals, conducting research and drafting appeal documents.

46. In all, Skadden, Arps' professionals devoted a total of 87.5 hours to tax matters during the Interim Period for which compensation is sought, with a total time value of $77,359.

### C. Matters Over $20,000

47. Skadden, Arps' professionals devoted time to three other important matters during the Interim Period, the time value of which exceeds $20,000 for each. These matters are as follows:

### 1. Nonworking Travel Time
### (Amount Sought: $43,763)

48. During the Interim Period, Skadden, Arps' professionals traveled to attend numerous omnibus hearings, on-site client meetings, and meeting with counsel to the Creditors' Committee.

49. In all, Skadden, Arps' professionals devoted a total of 57.7 hours to non-working travel during the Interim

Period for which compensation is sought, with a time value of
$43,763, representing fifty percent (50%) of the total time
value.

### 2.    General Corporate Advice (Amount Sought: $22,632)

50.    During the Interim Period, Skadden, Arps
continued to provide the Debtors with general corporate advice
related to their obligations under the Bankruptcy Code and
governing state law.  Skadden, Arps also advised the Debtors
with respect to the post-confirmation transition to a
liquidating trust, specifically, the transactions required under
the Plan and the related obligations of certain of the Debtors'
officers going forward.

51.    In all, Skadden, Arps' professionals devoted a
total of 30.4 hours to general corporate advice during the
Interim Period for which compensation is sought, with a total
time value of $22,632.

### 3.    Business Operations/Strategic Planning (Amount Sought: $20,383)

52.    During the Interim Period, Skadden, Arps'
professionals continued to provide the Debtors with strategic
advice related to maximizing potential distributions from their
Canadian affiliates in light of a ruling issued by the Canadian
Revenue Agency.

53.   In all, Skadden, Arps' professionals devoted a total of 21.6 hours to business operations and strategic planning during the Interim Period for which compensation is sought, with a total time value of $20,383.

### D.   Matters Under $20,000

54.   Finally, Skadden, Arps devoted time to matters with a total time value less than $20,000 each.   These matters included (i) attending to an appeal filed by a reclamation claimant, (ii) continuing to analyze various causes of action and other of the Debtors' potential assets, (iii) preparing for and participating in numerous teleconferences and meetings with the Creditors' Committee, (iv) settling outstanding utilities matters, (v) facilitating the sale of the Debtors' remaining assets, (vi) handling matters related to certain directors and officers insurance policies, (vii) analyzing secured claims, (viii) obtaining approval of Skadden, Arps' compensation, and (ix) resolving issues related to other retained professionals.

## II.   THE CASE PERIOD.

55.   As required by the Interim Compensation Procedures Order, beginning with the period ended January 31, 2009, Skadden, Arps filed the Interim Fee Applications.   As with this Application, each Interim Fee Application included detailed time entries and expense itemizations, as well as summary descriptions of professional services rendered to and expenses

incurred for the Debtors during the applicable interim period.

Rather, than attach the detailed reports and reiterate those

descriptions in this Application, Skadden, Arps hereby

incorporates by reference the Interim Fee Applications and all

exhibits as if fully set forth herein and provides the following

summary.

56.   During the Case Period, attorneys and

paraprofessionals of Skadden, Arps devoted a total of 29,784.95

hours to representation of the Debtors.  Of the aggregate time

expended, 3,437.35 hours were spent by partners, 271.8 hours

were spent by counsel, 23,876.05 hours were spent by associates,

56.9 hours were spent by a non-legal professional, and 2,142.85

hours were spent by paraprofessionals.

57.   At the beginning of this Application, Skadden,

Arps has included four schedules related to the Case Period.

The first schedule is a summary of each Interim Fee Application,

this Application, and the Additional Fees and Expenses.  The

second schedule shows the name and position of each partner,

associate, non-legal professional, and paraprofessional who

recorded time to the Debtors' cases during the Case Period and

for which Skadden, Arps billed the Debtors, hours worked during

the Case Period, and blended hourly billing rates.  The third

schedule divides the services rendered by Skadden, Arps'

professionals into matters corresponding to particular

activities in the case.  The fourth schedule is a breakdown of expenses incurred during the Case Period for which reimbursement is sought.

### ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

58.   Bankruptcy Code section 330 authorizes the Court to award "reasonable compensation for actual, necessary services rendered by the . . . professional person . . . ."  11 U.S.C. § 330(a)(1)(A).  Additionally, Bankruptcy Code section 330(a)(1)(B) provides for reimbursement to approved professionals for all "actual, necessary expenses."  Id.  In order to evaluate a request for allowance of fees and reimbursement of expenses by a professional person, a court must determine whether the services rendered and expenses incurred were actual and necessary and the fees requested are reasonable.  Skadden, Arps respectfully submits that its requests for compensation and reimbursement of expenses for both the Interim and Case Periods satisfy that standard.

59.   **Compensation Sought.**  Because of the benefits realized by the Debtors, the nature of these cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, the skill required, and the contingent nature of the compensation, Skadden, Arps requests that it be allowed at this time (i) compensation for the value of the professional services rendered during the Interim Period

in the amount of $1,487,485, and (ii) a final award of
compensation for the Case Period for a total of $16,813,270.

60.   Skadden, Arps achieved cost efficiencies by
employing a streamlined case management structure.   Instead of
assigning various attorneys to the myriad of tasks that arose
during these cases, Skadden, Arps designated a core group of
associates who were assigned responsibility for specific matters
and types of matters.   This (i) allowed some attorneys to work
almost exclusively on discrete matters in the Debtors' cases,
(ii) permitted the case to be staffed with as little partner
involvement as appropriate, and (iii) enabled Skadden, Arps to
avoid performing duplicative or unnecessary work.

61.   **Reimbursement of Expenses.**   According to the
Engagement Agreement entered into between Skadden, Arps and the
Debtors and approved by this Court, Skadden, Arps and the
Debtors agreed that Skadden, Arps' bundled rate structure
applied to these cases.   Therefore, Skadden, Arps did not and
does not seek to be separately compensated for certain staff,
clerical and resource charges.   Moreover, under the bundled rate
structure applicable to the Debtors, copying costs were charged
at $0.10 per page, computerized research and telephone calls
were billed at provider cost without reference to Skadden, Arps'
internal capital costs or overhead, and document production
(including secretarial and word processing time), facsimile

24

services, proofreading, overtime meals and overtime travel
allowances were not charged for separately on an incurrence
basis.

62.   Consistent with the firm's policy with respect to
its other clients, Skadden, Arps is seeking reimbursement for
other charges and disbursements incurred as out-of-pocket
expenses in the rendition of necessary services to the Debtors
and their estates.   These charges and disbursements include,
among other things, costs for telephone charges, photocopying,
travel, business meals, computerized research, messengers,
couriers, postage, witness fees and other fees related to
hearings.

63.   Skadden, Arps' policy requires all attorneys to
retain and submit for review receipts and/or invoices for all
disbursements incurred through outside vendors.   Skadden, Arps
maintains all receipts and/or invoices related to each client's
disbursement account in a central storage facility, and such
records can be produced upon request.

64.   A chart summarizing the expenses for the Case
Period is included at the front of this Application.   Detailed
descriptions of the expenses incurred during the Case Period are
contained in the attachments to this Application and the
attachments to each of Interim Fee Applications.

25

65.   For the Interim Period, Skadden, Arps has disbursed, and requests reimbursement for $66,080, representing actual, necessary expenses incurred in the rendition of professional services.   For the Case Period, Skadden, Arps requests that this Court enter a final order authorizing reimbursement for $679,658, representing actual, necessary expenses incurred in the rendition of professional services in these cases.

66.   **Client Accommodations.**   As mentioned above, the total compensation sought for professional fees and disbursements rendered during the Interim Period reflect total client accommodations of $92,208, and the total compensation sought for professional fees and disbursements rendered during the Case Period reflect total client accommodations of $1,099,167.

67.   **Compensation Sharing Disclosure**.   Other than between Skadden, Arps and its affiliated law practices and their members, no agreement or understanding exists between Skadden, Arps and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases, nor will any be made except as permitted pursuant to Bankruptcy Code section 504(b)(1).

68. **Additional Disclosure**. Skadden, Arps has received no promise of payment for professional services rendered in these cases other than in accordance with the provisions of the Bankruptcy Code.

69. **Reservation of Rights**. Skadden, Arps reserves the right to return to this Court seeking payment of or reimbursement for amounts related to work performed or expenses incurred during the Case Period, but not yet reflected in the firm's time records or to amend the amounts listed herein to correct any bookkeeping errors. In the event a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Debtors during the Case Period, which were not processed by the firm's accounting system before the time of this Application, Skadden, Arps reserves the right to seek such additional fees and expenses by subsequent application to the Court.

## CONCLUSION

WHEREFORE, Skadden, Arps respectfully requests entry of an order (a) approving interim compensation for professional services rendered as attorneys for the Debtors in the sum of $1,487,485, equal to one hundred percent (100%) of fees incurred during the Interim Period, (b) approving reimbursement of actual and necessary expenses in the sum of $66,080 for the Interim Period, (c) approving compensation in the sum $16,813,270 for

professional fees incurred during the Case Period on a final

basis, (d) approving reimbursement of actual and necessary

expenses in the sum of $679,658 for the Case Period on a final

basis, (e) authorizing and directing payment of the foregoing

sums under the Plan, and (f) granting such other and further

relief as is just and proper.

Dated:  December 16, 2010

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Gregg M. Galardi
Gregg M. Galardi (I.D. No. 2991)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM,   LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700- and -

- and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession