| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | Jointly Administered |
- - - - - - - - - - - - - - - -x

**ORDER GRANTING EIGHTH INTERIM AND FINAL FEE APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE INTERIM PERIOD FROM AUGUST 1, 2010 THROUGH AND INCLUDING OCTOBER 31, 2010 AND FOR THE FINAL PERIOD FROM NOVEMBER 10, 2008 THROUGH AND INCLUDING OCTOBER 31, 2010**

Upon consideration of the Eighth Interim and

Final Fee Application of Skadden, Arps, Slate, Meagher &

Flom LLP for Compensation for Services Rendered and

Reimbursement of Expenses as Counsel to the Debtors for the Interim Period from August 1, 2010 Through and Including October 31, 2010 and for the Final Period from November 10, 2008 Through and Including October 31, 2010 (the "Application");[1] and this Court having entered the Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation (D.I. 830, the "Interim Compensation Order"); and this Court having previously authorized the employment of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law offices ("Skadden, Arps") in the cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors");[2] and this Court having

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

reviewed the Application and the Interim Fee Applications and fully considered the record before it; and this Court having found that (i) this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue of the Debtors' cases in this district is proper under 28 U.S.C. §§ 1408 and 1409; (iv) notice and service of the Application was appropriate in that it complied with the Plan, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and that no other or further notice or service was necessary; (v) all of the requirements of Bankruptcy Code sections 330 and 331 have been satisfied; (vi) the interim and final compensation for which Skadden, Arps sought allowance and payment is reasonable, actual and necessary and services provided by Skadden, Arps provided benefits to the Debtors' estates; (vii) the expenses for which Skadden, Arps sought reimbursement were reasonable, actual, and necessary out-of-pocket costs and expenses incurred for the benefit of the Debtors' estates; (viii) final approval of all fees and expenses sought by the Application is justified and

warranted; (ix) granting the relief requested by the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is GRANTED in its entirety.

2. Skadden, Arps is allowed final reasonable actual, and necessary compensation in the amount $16,813,270.

3. Skadden, Arps is entitled to final reimbursement of reasonable, actual, and necessary costs and expenses in the amount of $679,658.

4. The Liquidating Trustee is hereby authorized and directed to promptly pay and reimburse Skadden, Arps the difference between the amount of compensation, costs and expenses allowed by this Order and the amount of interim payments actually received by Skadden, Arps.

       5.   This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated:  Richmond, Virginia
               _____ 2010

                         _____
                         UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

5

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley