UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| Debtors. | ) | (Jointly Administered) |

## SECOND MOTION OF M & M BERMAN ENTERPRISES FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

M & M Berman Enterprises ("MMBE"), by counsel, hereby moves this Court (the "Motion") to enter an Order, pursuant to sections 365(d)(3) and 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code"), for the allowance of an administrative expense claim for post-petition, real estate taxes. In support of its Motion, MMBE respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2) and 1334.

3. Venue of this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957

*Counsel for M & M Berman Enterprises*

## BACKGROUND

4. On or about February 24, 1995, Circuit City Stores, Inc. (the "Debtor"), entered into a lease, as assigned (the "Lubbock Lease"), with MMBE for real property located at 6701 Slide Street, Lubbock, Texas, 79424 (the "Lubbock Space"), of which MMBE is the owner. A true and correct copy of the Lease is attached hereto as **Exhibit A** and is incorporated herein by reference.

5. On or about February 24, 1995, the Debtor also entered into a lease, as assigned (the "Tyler Lease"), with MMBE for real property located at 4910 S. Broadway Ave., Tyler, Texas, 75603 (the "Tyler Space"), of which MMBE is the owner. A true and correct copy of the Tyler Lease is attached hereto as **Exhibit B** and is incorporated herein by reference.

6. Clause 7 in both the Lubbock Lease and the Tyler Lease (collectively, "the Leases") provides for the payment of real estate taxes by the Debtor.

7. On or about November 10, 2008, the Debtor commenced a case under Chapter 11 of the Bankruptcy Code in this Court.

8. By various orders of the Court, the Debtor rejected the Lubbock Lease (Doc. No. 2408) and the Tyler Lease (Doc. No. 2434), which rejections became effective on March 10, 2009, and March 12, 2009, respectively (collectively, the "Lease Rejection Dates").

9. MMBE receives annual real estate tax bills for the Lubbock Space and the Tyler Space (collectively, the "Leased Spaces") one year after such taxes have accrued.

10. On June 24, 2009, MMBE, by counsel, filed a motion [Doc. No. 3752] for allowance of administrative expenses relating to, among other things, post-petition, 2008 real estates taxes and unliquidated 2009 real estate taxes relating to the Leases. In that prior motion, MMBE expressly reserved its right to amend the amount of administrative expenses sought to

reflect the reconciliation of taxes and other charges, including 2009 real estate taxes, that arose during the post-petition, pre-rejection period, but which amounts were billed in arrears after the expiration of the applicable bar date for filing administrative expense claims.

11. In January 2010, MMBE received the annual bills for real estates taxes accrued during the year 2009 and in connection with the Leased Spaces. True and copies of the 2009 tax statements for the Lubbock Space and the Tyler Space are attached hereto as **Exhibits C and D**, respectively, and are incorporated herein by reference.

12. Accordingly and as further described herein, the Debtor is obligated to pay for the post-petition, pre-rejection real estate taxes in the amount of $14,704.55 in connection with the Leased Spaces, which taxes were incurred from January 1, 2009 through the respective Lease Rejection Dates.

**RELIEF REQUESTED**

13. By this Motion, MMBE requests that the Court enter an order for allowance and payment of administrative expense claims for post-petition, pre-rejection real estate taxes that have become due and payable under Sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code.

A. **Allowance and Payment of Post-Petition Real Estate Taxes**

14. Generally, debtors "must timely perform" all of their obligations "arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)." See 11 U.S.C. § 365(d)(3).

15. Furthermore, it is well established that a landlord of nonresidential real property is not to be forced to contribute its real property for the benefit of the bankruptcy estate without the landlord being adequately compensated for the burden of ownership borne by the landlord. See e.g., In re Trak Auto Corp., 277 B.R. 655, 662 (Bankr. E.D. Va. 2002) (noting that landlord

cannot be forced to become involuntary creditors of a debtor), aff'd 288 B.R. 114 (E.D. Va 2003), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).

16. To that end, courts have held that a debtor's failure to pay its post-petition rent, taxes, and other charges to the lessor results in an administrative expense priority claim for the full amount of such charges as provided for in the lease. See In re Midway Airlines Corp., 406 F. 3d 229, 235-37 (4th Cir. 2005); see also, In re Pudgie's Dev. Of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996) ("the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to [landlords as a]. . .class of involuntary claimant[s]").

17. Moreover, Section 503(b) of the Bankruptcy Code permits lessors to obtain administrative expense claims for post-petition charges for rent, taxes, CAM and other rental fees, in that such charges are "actual, necessary costs and expenses of preserving the estate." See 11 U.S.C. § 503(b)(1)(A); see also, In re Garden Ridge Corp., 323 B.R. 136, 140-43 (Bankr. D. Del. 2005) (holding that where a lessee-debtor occupies and uses the leased premises, a lessor is entitled to an administrative claim equaling the fair market value of such premises under Section 503(b)(1)(A)) (internal citations omitted); see also, In re ZB Company Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003) ("Absent evidence to the contrary, the contract rate is presumed to be the fair rental value.").

18. Here, the Debtor is obligated, and has failed to pay to MMBE, the following sums of accrued real estate taxes on the Leased Spaces for the pro-rated time period of January 1, 2009 through the Lease Rejection Dates:

### 2009 Real Estate Taxes

| | |
|---|---|
| **Lubbock Lease:** | $8,317.26[1] |
| **Tyler Lease:** | $6,387.16[2] |
| **TOTAL:** | **$14,704.55** |

19.  For these reasons, MMBE requests allowance and payment of its administrative expense claim for post-petition, real estate taxes owed by the Debtor in the total amount of no less than $14,704.55 pursuant to Sections 365(d)(3) and §503(b)(1) of the Bankruptcy Code.

### REQUEST FOR WAIVER OF LOCAL RULE 9013-1(G)

20.  MMBE respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

### CONCLUSION

**WHEREFORE**, for the above-stated reasons, MMBE requests that this Court enter an Order substantially in the form of the attached **Exhibit E** granting MMBE: (i) an allowed administrative expense claim directing prompt payment of $14,704.55 for unpaid, post-petition, pre-rejection real estate taxes for the period of January 1, 2009 through the Lease Rejection Dates, and (ii) any other and further relief that this Court deems just and proper.

Dated: January 3, 2011                                          M & M BERMAN ENTERPRISES

                                                                By:  /s/ Sheila deLa Cruz
                                                                              Counsel

---

[1] The full amount of 2009 real estate taxes incurred in connection with the Lubbock Lease was $43,996.82, or $120.54 *per diem*. For the period of January 1, 2009 through March 10, 2009 (*i.e.*, 69 days), the Debtor is obligated to pay $8,317.26 (69 days x $120.54 = $8,317.26).

[2] The full amount of 2009 real estate taxes incurred in connection with the Tyler Lease was $32,836.09, or $89.96 *per diem*. For the period of January 1, 2009 through March 12, 2009 (*i.e.*, 71 days), the Debtor is obligated to pay $6,387.16 (71 days x $89.96 = $6,387.16).

5

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957

*Counsel for M & M Berman Enterprises*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2011, I caused a copy of the foregoing Motion to be served by electronic means on the "2002" and "Core" lists and through the ECF system; I further certify that a copy of the foregoing Motion was served via electronic mail, first class mail, postage prepaid, and/or overnight mail to following parties:

| | |
|---|---|
| Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, VA 23219<br>ltavenner@tb-lawfirm.com<br>pberan@tb-lawfirm.com | Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA 90067-4100<br>rpachulski@pszjlaw.com<br>jpomerantz@pszjlaw.com<br>acaine@pszjlaw.com |
| Robert J. Feinstein, Esq.<br>John Morris, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024<br>rfeinstein@pszjlaw.com<br>jmorris@pszjlaw.com | Office of the United States Trustee<br>Attn: Robert B. Van Arsdale, Esq.<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219<br>Robert.B.Van.Arsdale@usdoj.gov |

/s/ Sheila deLa Cruz
Counsel