Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**THE TRUSTEE'S OPPOSITION TO THE FINAL FEE
APPLICATION OF THE LAW FIRM OF GOLD, ABANESE &
BARLETTI FOR ALLOWANCE AND PAYMENT OF
<u>ADMINISTRATIVE EXPENSE CLAIM</u>**

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his opposition

(the "Opposition") to the Motion of Final Fee Application (the "Application") of the Law Firm of Gold, Abanese & Barletti ("GA&B"), states as follows:

## BACKGROUND

1.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code § s 1107 and 1108.

2.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

3.  On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

4.  On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

5.  The Plan provides for, among other things, the appointment of Alfred H. Siegel to serve as the Trustee of the Circuit City Stores, Inc. Liquidating Trust, as of the effective date.

6.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order").

7.     The Plan became effective on November 1, 2010.

8.     Pursuant to the Plan and the Confirmation Order, final fee applications for Professionals[1] were to be filed with the Bankruptcy Court on or before December 16, 2010.

## GA&B'S APPLICATION

9.     On or about December 10, 2010, GA&B filed its Application, seeking compensation for services rendered by GA&B on behalf of Dorothy Coleman based upon an alleged personal injury that Ms. Coleman allegedly suffered at a Circuit City store.

## TRUSTEE'S OBJECTION

10.    GA&B was not employed in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 327, 328, or 1103 or otherwise.  As the Application clearly demonstrates, GA&B did not represent the Debtors or the Estates in any capacity, but in fact, represented a claimant adverse to the Estates.

11.    Accordingly, the only other basis to warrant the relief sought in the GA&B Application would be to any professional or other entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Cases pursuant to Bankruptcy Code § 503(b)(4).  GA&B's Application does not provide a basis to grant the requested relief pursuant to Bankruptcy Code § 503(b)(4).  Furthermore, the facts surrounding the GA&B

---

[1] The Plan defines Professional as "(a) any professional employed in these Chapter 11 Cases pursuant to Bankruptcy Code sections 327, 328, or 1103 or otherwise, and (b) any professional or other entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Cases pursuant to Bankruptcy Code section 503(b)(4)."

Application do not provide a basis to grant the requested relief pursuant to Bankruptcy Code § 503(b)(4).

12. Bankruptcy Code § 503(b)(4) allows "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D) or (E) of paragraph (3) of this subsection . . . ." The referenced subsections are as follows:

> (A) a creditor that files a petition under section 303 of this title; (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor; (C) a creditor in connection with the prosecution of a criminal offense relating to the case or the business or property of the debtor; (D) a creditor, an indenture trustee, an equity security holder or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; (E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian.

GA&B's Application fails to qualify under any of the same.

13. The burden of proof is on the applicant to demonstrate by a preponderance of the evidence that the activities for which it seeks an award conferred a substantial benefit to the bankruptcy estate. In re United States Lines, Inc., 103 B.R. 427, 429 (Bankr. S.D.N.Y 1989) (citations omitted). It is a well settled rule that the statutory provisions regarding administrative expenses are to be narrowly construed. In re Lease-A-Fleet, Inc., 148 B.R. 419, 421 (Bankr. E.D. Pa. 1992) (stating that § 503(b)(3)(D) is a "particularly narrowly-construed Code provision, allowing administrative claims only for extraordinary 'substantial contributions' to a case by a creditor."). See also United States Lines, 103 B.R. at 429 (citations omitted).

14. While an award of fees pursuant to Bankruptcy Code § 330 is the general rule, an award of fees pursuant to § 503(b)(4) is the exception. In re Granite Partners, 213 B.R. 440, 447 (Bankr. S.D.N.Y. 1997). "Compensation under § 503(b) must be preserved for those rare occasions when the creditor's involvement truly fosters and enhances the administration of the estate." In re S.N.A. Nut Co., 186 B.R. 98, 105 (Bankr. N.D. Ill. 1995) (citing In re Envirodyne Indus., Inc., 176 B.R. 815, 819, 821 (Bankr. N.D. Ill. 1995) (further stating "[w]hile § 503 was enacted to encourage meaningful creditor participation, it should not become a vehicle for reimbursing every creditor who elects to hire an attorney.")(citation omitted)).

15. GB&A has failed to allege any facts to demonstrate that the activities for which it seeks an award conferred a substantial benefit to the bankruptcy estate. The same is not surprising given that there are no such facts. Neither GB&A nor its client did anything to benefit the bankruptcy estate. Therefore, GB&A is not entitled to the relief its seeks in its Application.

## CONCLUSION

16. For the reasons set forth in this Opposition, the Trustee respectfully requests the Application be denied.

| | |
|---|---|
| Dated: Richmond, Virginia<br>January 6, 2011 | TAVENNER & BERAN, PLC<br><br>_____/s/ Paula S. Beran_____<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>- and –<br><br>Robert J. Feinstein, Esq.<br>John A. Morris, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>(212) 561-7700<br><br>*Counsel to the Circuit City Stores, Inc.*<br>*Liquidating Trust* |