```
                    UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF VIRGINIA


IN RE:                          .   Case No. 08-35653(KRH)
                                .
                                .   Chapter 11
CIRCUIT CITY STORES,            .   Jointly Administered
INC., et al.,                   .
                                .   701 East Broad Street
                                .   Richmond, VA 23219
                                .
         Debtors.               .   November 16, 2010
. . . . . . . . . . . . . . .       2:08 p.m.


                        TRANSCRIPT OF HEARING
              BEFORE HONORABLE KEVIN R. HUENNEKENS
              UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:            Tavenner and Beran, PLC
                            By:  PAULA S. BERAN, ESQ.
                                 LYNN L. TAVENNER, ESQ.
                            20 North Eighth Street, 2nd Floor
                            Richmond, VA 23219

                            Pachulski Stang Ziehl and Jones LLP
                            By:  JEFFREY N. POMERANTZ, ESQ.
                                 ANDREW W. CAINE, ESQ.
                            10100 Santa Monica Boulevard
                            Los Angeles, CA 90067

For the Official            Pachulski Stang Ziehl & Jones, LLP
Committee of Unsecured      By:  ROBERT J. FEINSTEIN, ESQ.
Creditors:                  780 Third Ave., 36th Floor
                            New York, NY 10017
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609) 586-2311    Fax No. (609) 587-3599

1  COURT CLERK: All rise. United States Bankruptcy
2 Court for the Eastern District of Virginia is now in session.
3 The Honorable Kevin R. Huennekens presiding. Please be seated
4 and come to order.
5  COURTROOM DEPUTY: In the matter of Circuit City
6 Stores, Incorporated, hearing on Items 1 and 2 as set out on
7 agenda.
8  MS. BERAN: Good afternoon, Your Honor.
9  THE COURT: Good afternoon.
10  MS. BERAN: For the record Paula Beran of the law
11 firm of Tavenner and Beran as co-counsel to the Circuit City
12 Stores, Inc. Liquidating Trust. With me this afternoon at
13 counsel's table is Ms. Katie Bradshaw. Your Honor may recall,
14 Ms. Bradshaw is the former VP and controller of the debtor, and
15 currently she is employed by the trust as senior trust manager.
16  THE COURT: I'm glad to see Ms. Bradshaw finally got
17 a front row seat.
18  MS. BERAN: Your Honor, as indicated there are two
19 matters before you in these cases today. The first matter is a
20 stipulation and notice of proposed settlement and stipulation
21 by Circuit City Stores, Inc. and between Cardinal Court, LLC.
22 This was a stipulation that was filed by debtors' counsel in
23 connection with the procedures order Your Honor had
24 established. In connection with those procedures there was an
25 objection period. During the requisite objection period there

1  was one objection that was received, and that was by Mr.
2  Gregory Lee McCall.  And according to the procedures then this
3  matter needed to be set down for hearing.  In connection with
4  that matter, Your Honor, I do have Ms. Bradshaw with me this
5  afternoon to testify to the extent necessary.  We respectfully
6  request that we be able to proffer Ms. Bradshaw's testimony.
7             THE COURT:  All right, you may.
8             MS. BERAN:  Your Honor, if called to testify Ms.
9  Bradshaw would testify that she previously served as the VP and
10 controller of the debtors during the pendency of the Chapter 11
11 cases.  Thereafter she is currently employed by the trust as
12 senior trust manager.  Ms. Bradshaw would also testify that she
13 is familiar with the proposed settlement with Cardinal Court,
14 LLC, that this entity is a former landlord of the debtors.  She
15 would also testify that this entity had filed several different
16 proofs of claim.
17            Specifically two proofs of claim were at issue in
18 connection with this settlement.  In connection with those
19 proofs of claim the debtor in the exercise of its business
20 judgment believed it was appropriate to settle those two proofs
21 of claim, one in the amount of $119,004.40 and the other one in
22 the amount of $729,129.76.  As indicated, Ms. Bradshaw would
23 testify that in the exercise of the debtors' business judgment
24 the debtor believed that those were in the best interest of the
25 estate.

Case 08-35653-KRH    Doc 9719    Filed 01/10/11    Entered 01/10/11 15:29:31    Desc Main
                            Document      Page 4 of 8

4

1  Similarly Ms. Bradshaw would testify if called that
2  in connection with the trust exercise of its business judgment
3  that they believe -- that it believes it appropriate to go
4  forward with the proposed settlement with Cardinal Court, the
5  former landlord.  Based on the same, Your Honor, we'd
6  respectfully submit that that would satisfy the trust's burden
7  going forward today.  However, Your Honor, we would also note
8  that Ms. Bradshaw could also testify that she is familiar with
9  the schedules and notices that were filed with this Court, that
10 Mr. Gregory Lee McCall was listed in the debtors' schedules.
11 Specifically it was listed as disputed and unliquidated, his
12 alleged claim.
13           Ms. Bradshaw would also testify that she is also
14 familiar with the claims that were filed in connection with
15 this case and that to the best of her knowledge there was no
16 claim filed by Mr. Gregory Lee McCall.  Based on the same, Your
17 Honor, we'd respectfully request that the Court approve the
18 settlement as identified in the stipulation filed with this
19 Court over Mr. McCall's objection.
20           THE COURT:  All right. Does any party wish to be --
21 well, first of all, does any party wish to cross examine the
22 proffered witness?
23                    (No audible response)
24           THE COURT:  All right.  The proffer is accepted.
25 Does any party wish to be heard in connection with the motion

1  to approve the settlement and stipulation?
2                    (No audible response)
3           THE COURT:  All right.  There being no objection, the
4  Court has reviewed the objection that was filed in this case by
5  Mr. McCall and the -- and doesn't find that the objection is
6  well stated to the proposed settlement in any regard.  And so,
7  the Court is going to overrule the objection and the Court will
8  approve the proposed settlement agreement and stipulation.
9           MS. BERAN:  Thank you, Your Honor.  Your Honor, the
10 second matter for you is the application for administrative
11 expense filed by Mr. Robert Westermann on behalf of Marblegate
12 Asset Management.  In connection with that request, Your Honor,
13 the trust did file an objection to the same.  I am authorized
14 by Mr. Westermann to indicate that the parties have agreed that
15 -- have agreed to request from Your Honor that this matter be
16 continued to the December 21st at 2 p.m. omnibus hearing with
17 all parties reserving all rights.  For example, Your Honor, in
18 connection with the response or the objection that the trust
19 filed the trust indicated that it thought that the matter
20 should be heard in connection with a related adversary
21 proceeding under the procedures that Your Honor has previously
22 approved in connection with the numerous adversary proceedings
23 filed.  But, all parties would reserve their rights on the 21st
24 as it relates to the same.
25          THE COURT:  Is that adversary proceeding going

1  forward on the 21st?
2          MS. BERAN:  No, Your Honor.  I apologize.
3          THE COURT:  This is being continued to that day.
4          MS. BERAN:  Correct, Your Honor, and --
5          THE COURT:  And if Mr. Westermann wants to bring it
6  up on that day he may.
7          MS. BERAN:  Correct, Your Honor.
8          THE COURT:  But you're going to argue on that day
9  that it has to be brought up in the context of the adversary?
10         MS. BERAN:  Correct, Your Honor.
11         THE COURT:  Okay.  I understand.
12         MS. BERAN:  So with that being said, Your Honor, we
13 would respectfully request that the matter be continued to
14 December 21st.
15         THE COURT:  All right.  And this is a 503(b) -- this
16 is a (b)(9) claim?
17         MS. BERAN:  Your Honor, part of it is, yes.  But, the
18 adversary involves other claims as well as -- and preferences
19 and disputes as it relates to that.
20         THE COURT:  All right. Very good.  I understand.
21 All right.  So, this matter then will be carried on over to the
22 21st.
23         MS. BERAN:  Thank you, Your Honor.  And those are the
24 only two matters on the Court's docket today.  There are a
25 number of matters next week on the Court's omnibus docket in

1  these cases.

2         THE COURT: All right. You expect those matters next
3  week to be going forward?

4         MS. BERAN: Your Honor, at this point in time it
5  would appear that most of the matters are going to be continued
6  claims hearings on which either they will be resolved or that
7  we will continue to push them, but we're still working on the
8  nuances and the substance of those.

9         THE COURT: All right. And I saw that you had gotten
10 all of your adversary proceedings filed.

11        MS. BERAN: Your Honor, we are happy to report that
12 we did. And we appreciate the Court's indulgence in
13 establishing the procedures and the clerk's office in working
14 with us. It was a relatively smooth exercise, but with that
15 many there are always nuances and hiccups, but that we hope it
16 was relatively not too painful for the clerk's office, as well.

17        THE COURT: And interesting to note that there was a
18 systemwide throughout the 4th Circuit computer breakdown the
19 next day which would've prevented you from filing, you know,
20 many of the complaints that were filed. So I'm glad that we
21 were able to avoid that unfortunate circumstance in your case.
22 All right. Thank you.

23        COURT CLERK: All rise. Court is now adjourned.
24                         * * * * *
25

8

## **C E R T I F I C A T I O N**

I, KATHLEEN BETZ, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Kathleen Betz          DATE:   January 8, 2011

KATHLEEN BETZ

J&J COURT TRANSCRIBERS, INC.