UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | . | Case No. 08-35653(KRH) |
| | . | |
| | . | Chapter 11 |
| CIRCUIT CITY STORES, | . | Jointly Administered |
| INC., et al., | . | |
| | . | 701 East Broad Street |
| | . | Richmond, VA 23219 |
| | . | |
| Debtors. | . | November 23, 2010 |
| . . . . . . . . . . . . . . .. | | 2:10 p.m. |

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:
Tavenner and Beran, PLC
By: PAULA S. BERAN, ESQ.
LYNN L. TAVENNER, ESQ.
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Pachulski Stang Ziehl and Jones LLP
By: JEFFREY N. POMERANTZ, ESQ.
ANDREW W. CAINE, ESQ.
10100 Santa Monica Boulevard
Los Angeles, CA 90067

For the Official Committee of Unsecured Creditors:
Pachulski Stang Ziehl & Jones, LLP
By: ROBERT J. FEINSTEIN, ESQ.
780 Third Ave., 36th Floor
New York, NY 10017

Proceedings recorded by electronic sound recording, transcript produced by transcription service

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

COURT CLERK: All rise. The court is now in session. Please be seated and come to order.

COURTROOM DEPUTY: In the matter of Circuit City Stores, Incorporated, hearing on Items 1 through 24 as set out on agenda.

MS. BERAN: Good afternoon, Your Honor.

THE COURT: Good afternoon.

MS. BERAN: For the record Paula Beran of the law firm of Tavenner and Beran as co-counsel for the Circuit City Stores, Inc. Liquidating Trust. With me this afternoon at counsel’s table is Mr. Andrew W. Caine with the Pachulski Stang Ziehl and Jones law firm, as well as Ms. Katie Bradshaw, as Your Honor had met last week, is -- was formerly with the debtors and is currently employed by the trust in these bankruptcy cases.

Your Honor, Mr. Caine had the opportunity to be in town for a few days this week to address certain matters at the trust headquarters out in Glen Allen, and the trustee and the other professionals thought it was appropriate for Mr. Caine to attend today’s hearing and was actually going to participate. Most of the matters on today’s agenda are going to be continued, if not all the matters are going to be --

THE COURT: So, if he loses one of those it’s not going to be a very good sign as far as where this case is going to go.

MS. BERAN: Exactly, Your Honor. But, nonetheless, I am going to handle that so we don't take the potential chance of a loss in connection with the request for continuance. But, we would respectfully request that Mr. Caine have the opportunity to address the Court and just basically provide the Court with a status, where we are after the effective date and how the trust intends to proceed forward.

So, with that, Your Honor, I'd like to introduce Mr. Andy Caine of the Pachulski firm. I apologize. We do have a pro hac pending for him, but I notice that no order has been entered, and that is my fault in that I've not yet BOP'd the order, so that order will be BOP'd shortly.

THE COURT: All right. Thank you.

MS. BERAN: Thank you, Your Honor.

THE COURT: Mr. Caine, welcome to the court.

MR. CAINE: Thank you very much, Your Honor. Andrew Caine, Pachulski Stang Ziehl and Young -- Ziehl and Jones -- excuse me -- for the Circuit City Stores Liquidating Trust.

THE COURT: What happened to Mr. Young?

MR. CAINE: He passed, unfortunately. But Ms. Jones would appreciate my name saying her in the right order. Thank you very much for this opportunity. It's, as you know, been quite a whirlwind between the beginning of November when the effective date occurred and getting past the November 10 deadline for filing of avoidance actions and 108(c) actions.

So, I thought if Your Honor would indulge us to give a little report on where we are and where we see things going from here.

THE COURT: I would welcome that.

MR. CAINE: Thank you. We filed approximately 560 lawsuits by November 10th. And the adversary proceeding procedures order that Your Honor entered gives us an extra 30 days to serve those on top of the 20 normally provided, but we are endeavoring to use as few of those 30 days as possible. In fact, it's been my directive of all of the counsel to try to meet the 20 day deadline, if possible. The Thanksgiving holiday is going to, I think, make that difficult, but we hope that by the end of the first week of December we are going to have all of those lawsuits served.

The result of that is that approximately the very beginning of January the Court will start seeing quite a few responses to these. And at that point in time pursuant to the adversary proceeding procedures the parties will begin in earnest to try and resolve as many of those matters as possible before the March 1st or so deadline by which the parties must contact a mediator and schedule their mediation if they haven't already resolved the matter.

So, we're going to be quite busy doing that. But as we promised the Court at the hearing on the procedures, we are going to make every effort to resolve as many of those as possible. There are 13 former employees of Circuit City that

are employed by the trust. They are overwhelmed by the amount of work that will be required in order to try to reconcile the receivables issues and the claim issues as well as the preference matters with respect to those 565 lawsuits, as well as be engaged in the remainder of the matters that need to be handled.

So, we are -- we've spend the last couple of days trying to figure out exactly how we're going to approach the 120 day deadline for objections to administrative claims. We are bound and determined to meet that deadline without the kind of crush that we faced before November 10th because the effective date was so close to November 10th.

The priority-type claims, Your Honor, that will have to be addressed or objected to before the 120 day deadline fall into three primary buckets. They are landlord-related claims. There are approximately 700 of those. They are HR or employee-related claims, and there are approximately 350 of those. And then there are tax-related claims, primarily small dollars, small locality, personal property secured tax claims. And then there are a miscellaneous handful of others that are asserting some type of priority.

We are intending to file omnibus objections within those discreet areas and, in fact, breaking them down by subject matter amongst the employee claims as well so that we can get those objections on file, not have to worry about being

backed up against the 120 day deadline, and then start negotiating them in earnest. It would appear that that would be the best approach for all parties involved and the Court will also know very early on that we are moving forward with these. If there are defaults we can deal with defaults. But for the most part we'll know what all the issues are, we'll know what all the claims are that are disputed, and then we can negotiate those going forward.

It also allows us because the staff at -- of former Circuit City officers is so capable and so well organized it allows us to get those objections on in the near future. So, we anticipate having those on by the first or second week in January so that we have plenty of time before that March 1st deadline.

The other matter that I am pushing our focus towards is to conclude all of these straggling claim objections from the, I believe it's the 8th through the 81st omnibus. It is the -- going to be the trust's desire to get those taken care of as quickly as possible. I am appointing a lawyer in my firm whose primary job is to do that. And so, I know you'll hear from Ms. Beran in a little bit that there are quite a few of those that are -- we are asking to adjourn, again, because our goal is to try and resolve those as quickly as possible so that doesn't have to keep dragging into 2011.

All of that is a lot to be undertaken by the staff

that we have. And it just so happens that the 120 day deadline for objection to these priority claims is March 1st, which is the same day that we are supposed to be having all of the adversary proceedings resolved or moved towards mediation, but we are going to do everything that we can to try to make sure that as little has to come before the Court as possible.

THE COURT: All right, very good.

MR. CAINE: Unless Your Honor has any questions, that is our plan going forward.

THE COURT: Well, it sounds like a very aggressive plan and a good one, so I -- and I appreciate you updating the Court on that.

MR. CAINE: My pleasure. Thank you.

MS. BERAN: Your Honor, turning now to the agenda in summary, and then I'll go through each one. But, in summary we are respectfully requesting that we go ahead and continue over all of these for status on the December 21st, 2010 omnibus hearing date. In certain instances, and I'll -- as I'll explain, there are settlement discussions going on. In other instances the matters had been settled pursuant to procedures approved by Your Honor, but there may be some type of requisite notice and/or waiting period. And in other instances, Your Honor, it's the mere transition from the debtors' estates to now the trust and the professionals getting back up to speed and then working with the trust employees, who as Mr. Caine

indicated were the former company employees, to finalize these matters.

The first matter is a motion for an allowance of a late filed administrative expense claim of Metra Electronics Corporation. That matter was filed by the law firm of Sands Anderson, specifically Mr. Gray. By agreement we have represented to Mr. Gray that we will go ahead and adjourn that matter or respectfully request that the matter be adjourned to December 21st at two o'clock.

THE COURT: And it will be adjourned.

MS. BERAN: Thank you, Your Honor. Your Honor, the next item is an objection to the claim of Quebecor World USA. Similarly, we'd respectfully request for this reason -- the matter has been resolved in principle subject to settlement documentation on that one, so based on that, Your Honor, while we have the settlement documentation and the requisite notice and notice period we'd respectfully request that matter be adjourned to December 21st.

THE COURT: That'll be adjourned as well.

MS. BERAN: In connection with the debtors' eighth omnibus objection, there are, as indicated on Exhibit A, three remaining objections still -- three remaining claims still subject to the objection, and based on that, Your Honor, we'd respectfully request that those be continued to December 21st at two.

THE COURT: It'll be continued to the 21st of December.

MS. BERAN: Thank you, Your Honor. In connection with the debtors' ninth omnibus objection there also are three remaining claims for which an objection is still pending and we respectfully request that they be continued until December 21st.

THE COURT: They will, as well.

MS. BERAN: Thank you, Your Honor. The debtors' nineteenth omnibus objection to claims. At this point in time there is still one remaining claim pending, and we'd respectfully request that as it relates to that one claim that we continue it until December 21st at two, as well.

THE COURT: I think that's the Inland Management claim.

MS. BERAN: Your Honor, I apologize, I do not know them as well as Ms. Boehm knew them off the top of her head, but it deals with the --

THE COURT: Well, one of them was resolved and one of them was settled because you had two, so --

MS. BERAN: Yes, Your Honor.

THE COURT: I see which one.

MS. BERAN: Yes, Your Honor, it is the Inland, the US Management, and the one that was resolved pursuant to the settlement procedures approved by this Court were the Imation

Enterprises Corp. So, yes, Your Honor, you're correct. The debtors' twentieth omnibus objection. In connection with that, Your Honor, the one remaining claim has now been resolved pursuant to the procedures established by this Court, so nothing further is necessary as it relates to that omnibus objection.

The debtors' twenty-second omnibus objection. There is still one remaining claim for which the objection is still pending and we would respectfully request that this hearing be adjourned until the December 21st omnibus date.

THE COURT: It will be continued.

MS. BERAN: The debtors' twenty-third omnibus objection to claims. The one remaining claim subject to that objection is with D-Link Systems. That matter has been settled in principle subject to approval under procedures approved by this Court. I had an order to facilitate that process. We'd respectfully request that that matter be continued until December 21st with the thought that it will be resolved and approved pursuant to the procedures before such date.

THE COURT: It will be continued to the 21st.

MS. BERAN: Thank you, Your Honor. The debtors' thirtieth omnibus objection. There are still a handful of claims remaining subject to that objection. We respectfully request that those claims be continued or adjourned until the December 21st omnibus.

THE COURT: It'll be continued to the 21st.

MS. BERAN: Thank you, Your Honor. Your Honor, as it relates to the debtors' thirty-first omnibus objection, there is the issue associated with or related to the PNY Technologies. That's going forward in connection with the adversary proceeding that's scheduled for trial. With respect to the remaining claims subject to objection we respectfully request that those be adjourned to the December 21st omni hearing date.

THE COURT: All right. So, you're asking that all of these be continued to 12/21 except the PNY Technologies, which you want to have continued to January 24?

MS. BERAN: Yes, Your Honor, because that's subject to the scheduling order already in place in that adversary proceeding.

THE COURT: All right.

MS. BERAN: Thank you, Your Honor. On the debtors' thirty-third omnibus objection, that is still subject -- though there is still one claim subject to that objection, we'd respectfully request that that be adjourned until the December 21st omnibus date.

THE COURT: That will be continued, yes.

MS. BERAN: Thank you, Your Honor. The debtors' thirty-fourth omnibus objection. As it relates to that, the one remaining claim was the Audiovox Corporation. This matter

now has been resolved and approved pursuant to procedures established by this Court, so that matter has been concluded.

THE COURT: All right.

MS. BERAN: With regards to the debtors' thirty-sixth omnibus objection, there are still a handful of claims outstanding for that objection, and we'd respectfully request that those claims be continued or adjourned to the December 21st omnibus date.

THE COURT: That will be continued to the 21st.

MS. BERAN: Thank you, Your Honor. The debtors' thirty-seventh omnibus objection. There are still a handful of claims pending subject to that omnibus objection, as well. And based on that, Your Honor, we would respectfully request that those claims subject to the objection -- or pending as it relates to that objection be continued until the December 21st omnibus, as well.

THE COURT: They'll be carried over. That would be fine.

MS. BERAN: Thank you, Your Honor. The debtors' forty-ninth omnibus objection. There is still one claim for which the objection is still pending, and therefore we'd respectfully request that that matter be continued to the December 21st for that one claim.

THE COURT: It will be continued to the 21st.

MS. BERAN: Thank you, Your Honor. The debtors'

fiftieth omnibus objection. In connection with that, as indicated at the last omnibus hearing on claims objection, the pending claim of Audiovox Corporation had been settled subject to documentation of the requisite notice period. That has since passed, therefore that matter has been resolved pursuant to procedures established by this Court. There is still one remaining matter, and on that one remaining claim we'd respectfully request that the objection be continued until December 21st.

THE COURT: It'll be set for the 21st.

MS. BERAN: Thank you, Your Honor. The debtors' sixtieth omnibus objection. On that omni objection, Your Honor, there is still a handful of claims that are still pending as it relates to that objection, and we'd respectfully request that they be continued to the December 21st omnibus.

THE COURT: It'll be continued to the 21st.

MS. BERAN: Thank you, Your Honor. Similarly, on the debtors' seventieth omnibus objection there are still a handful of claims, and we'd respectfully request that those claims subject to objections still be continued until the December 21st.

THE COURT: It'll be continued to the 21st.

MS. BERAN: Thank you, Your Honor. In connection with the debtors' seventy-fourth omnibus objection to claims, similarly there are some that are still pending in connection

with that objection, and therefore we respectfully request that that matter be adjourned to the December 21 hearing date.

THE COURT: It'll be continued to the 21st.

MS. BERAN: Thank you, Your Honor. The debtors' seventy-sixth omnibus objection to certain claims. There are still two claims that are pending as it relates to that objection, and we'd respectfully request that those two claims be continued until the December 21st omnibus objection.

THE COURT: All right, those two will be continued to the 21st.

MS. BERAN: Thank you, Your Honor. The debtors' seventy-eighth omnibus objection. There is still one claim pending as it relates to that omnibus objection, and similarly we'd respectfully request that that be continued until the December 21st omnibus.

THE COURT: That'll be continued to the 21st.

MS. BERAN: Your Honor, in connection with the debtors' seventy-ninth omnibus objection there are certain claims that have been before resolved pursuant to settlement agreement and stipulation filed and approved pursuant to the procedures established by this Court. There are, though, still a handful of claims for which the objection is still pending, and we'd respectfully request that those matters be adjourned to the December 21st omnibus hearing date.

THE COURT: It'll be continued to the 21st.

MS. BERAN: Thank you, Your Honor. Your Honor, as it relates to the debtors' eightieth omnibus objection, the matter with Commerce Technologies has been resolved and approved pursuant to procedures established by this Court, however there is still one remaining claim in relation to that omnibus objection which we'd respectfully request be continued until December 21st omnibus hearing date.

THE COURT: It'll be carried over to the 21st.

MS. BERAN: Thank you, Your Honor. And similarly, on the debtors' eighty-first omnibus objection, there is still one pending claim subject to that objection, and we'd respectfully request that that one claim be continued until the December 21st omnibus hearing date.

THE COURT: And that'll be continued to that date, as well. Now, I probably should've asked Mr. Caine this question, but I'll ask you. Now, what's going to happen on the 21st with all these that we've continued to that date?

MS. BERAN: Your Honor, we're hopeful that many of them will be resolved because as Mr. Caine indicated, there is going to be one dedicated person to try and push resolution through. More -- what we hope at that point in time we will be able to come in and report to Your Honor those that have been resolved subject to more than likely the requisite notice, whatever period that is, because there are different periods that are required under the trust documents in the plan.

Thereafter, Your Honor, we don't intend to go forward from a substantive standpoint, though, on the 21st. We will more than likely respectfully request that the remaining ones be kicked out. But, Mr. Caine and I in connection with discussions with other professionals of the trust have indicated that there will come a point in time very soon that we will set it down for substantive and let the claimants know that we have either reconcile in an agreement or we will be moving forward from a substantive standpoint. But, I think on the --

THE COURT: And that's where I was going with that is that there comes a time when we stop negotiating and start just resolving them, and so -- and I realize I'm going to defer for the time being to the trust since you're still getting up to speed and such to get your hands around these claims and such, but obviously I don't want to be continuing them out too much longer.

MS. BERAN: Your Honor, we are mindful of that and Mr. Caine indicated there will be one dedicated lawyer to that, as well as that we informed the trust employees that they can -- in connection with the reconciliation process they absolutely should tell the people that they're reconciling with that we're not going to be continuing much longer, that we will be putting it down for a substantive hearing and then going forward.

THE COURT: All right. That sounds good.

MS. BERAN: Okay. Thank you, Your Honor. Your Honor, that is all that is on the agenda as it relates to today's hearing, but to the extent necessary and appropriate I'm happy or Mr. Caine is happy to answer any questions Your Honor may have.

THE COURT: All right. You didn't encounter any difficulties getting all of your adversaries filed within the requisite time?

MS. BERAN: Your Honor, we thank the Court and the clerk's office for working with us in connection with getting those filings. While, of course, given the number at issue there, of course, were difficulties, but they were difficulties that we worked through and appreciated the accommodations that the Court's staff as well as the clerk's office gave us.

THE COURT: It's probably too early to tell at this point since, you know, many of them have not been served, but are you anticipating many of the defendants asking to, you know, opt out or waive some of the procedures in the procedures order that the Court entered prior to the commencement of the adversary proceedings?

MS. BERAN: Your Honor, at this point in time I can say that either myself and/or my law partner, Lynn Tavenner, has spoken to many of them given the electronic age even though they haven't been served. Most of the counsel got notice of the filing against their particular claim and/or were

contacted. It seemed like a lot of the creditors were monitoring this, and in -- the process basically is that --

THE COURT: I think you've gotten everybody's attention.

MS. BERAN: Yes, Your Honor. But, to date I can represent that no one's asked us about specifically the opting out, and we've informed everyone about the procedures and that they will be served with the complaints Lynn served. And then in essence there are those cases that are being handled by a particular lawyer at Pachulski that we forwarded them to and put them in contact so that there could be the direct communication or the other law firm of Kelley Drye and/or if it's one that my firm is actually the lead in handling the substance. But, in all of those initial discussions I'm not aware of anyone that's actually asked to opt out.

THE COURT: All right, very good.

MS. BERAN: People are starting to ask about the various -- the procedures as it relates to picking the mediator, I guess with the eye towards a mediation, but no one has specifically said anything about opting out.

THE COURT: All right, very good. All right. Anything -- any further business we need to take up today then in the Circuit City case?

MS. BERAN: Not to the best of my knowledge, Your Honor.

THE COURT: All right. Thank you and have a very nice Thanksgiving.

MS. BERAN: Thank you. You too, Your Honor.

COURT CLERK: All rise. Court is now adjourned.

* * * * *

**C E R T I F I C A T I O N**

I, KATHLEEN BETZ, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Kathleen Betz DATE: January 8, 2011

KATHLEEN BETZ

J&J COURT TRANSCRIBERS, INC.