B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA (RICHMOND)

In re: **CIRCUIT CITY STORES, INC., ET AL.,**                    Case No. **08-35653**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **LIQUIDITY SOLUTIONS, INC.** | **BUCKHEAD TRIANGLE LP** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**LIQUIDITY SOLUTIONS, INC
ONE UNIVERSITY PLAZA, SUITE 312
HACKENSACK, NJ 07601**

Court Claim # (if known): **10534**
Amount of Claim: **$653,194.62**
Date Claim Filed: **2/2/2009**

Phone: **(201) 968-0001**                    Phone: _____
Last Four Digits of Acct #: _____    Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/Gerald Jospitre                    Date:  1/11/2011
      Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

3088593

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA (RICHMOND)

In re: **CIRCUIT CITY STORES, INC., ET AL.,**　　　　　　　　Case No. **08-35653**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **10534** (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **1/11/2011**.

| | |
|---|---|
| **LIQUIDITY SOLUTIONS, INC.** | **BUCKHEAD TRIANGLE LP** |
| Name of Alleged Transferee | Name of Transferor |
| | |
| Address of Alleged Transferee: | Address of Transferor: |
| **One University Plaza, Suite 312** | **BUCKHEAD TRIANGLE LP** |
| **Hackensack, NJ 07601** | **c o LIQUIDITY SOLUTIONS, INC.** |
| | **ONE UNIVERSITY PLZ STE 312** |
| | **HACKENSACK, NJ 07601** |

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**CLERK OF THE COURT**

　　　　　　　　　　　　　　　　　　　　　　　　**3088593**

**TRANSFER OF CLAIM AGREEMENT**

**THIS TRANSFER OF CLAIM AGREEMENT** (this "**Agreement**"), effective this _ day of December 2010 (the "**Effective Date**"), between Liquidity Solutions, Inc. (the "**Buyer**"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 and the "**Seller**" (as defined in **Appendix 1** annexed hereto and having an address as set forth in **Appendix 1**). For purposes of this Agreement, the terms "**Case**," "**Court**," "**Debtor**" (whether one (1) or more persons or entities are listed as Debtor), "**Petition Date**," "**Prime Rate**""**Purchase Price**," and "**Claim Amount**," have the respective meanings set forth in **Appendix 1**.

1. Effective upon timely receipt by Seller of the Purchase Price, Seller and Seller's successors and assigns, for good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, and on the express terms and express conditions set forth below, does hereby irrevocably sell, convey, transfer and assign unto Buyer, all of Seller's right, title and interest, in, to and under the following (collectively, the "**Claim**"):

    (a) all "**Claims**" (as defined in *section 101(5)* of *Title 11* of the *United States Code*, as amended (the "**Code**"), in an amount not less than the Claim Amount) against Debtor in the Case which are asserted in Seller's Proof of Claim dated January 27, 2009, a copy of which is annexed hereto as **Exhibit "A"** (the "**Proof of Claim**"), including, without limitation, all rights to receive principal, interest, fees, damages, penalties, and other amounts in respect of such claims, and, to the extent relating thereto, all accounts, accounts receivable and other rights and interest of Seller against Debtor, as well as the Proof of Claim and Supporting Documents (as defined in **Paragraph 1(b)** below) and all rights arising out of, or related to the Proof of Claim or the Supporting Documents; *provided, however,* that the Claim shall not included any claims or causes of action of Seller arising from the assertion against Seller in the Case of any avoidance actions; and

    (b) all causes of action and voting or other rights whether against the Debtor or against any other person or entity, in connection with the claims referred to in **Paragraph 1(a)** above arising under the Code and any applicable law or in connection with all agreements, instruments, invoices, purchase orders, proofs of delivery, computer runs or other documents executed, delivered in connection with, evidencing, relating to, or in any way affecting such claims (collectively, the "**Supporting Documents**"); and

    (c) all cash, securities or other property (collectively, the "**Distributions**") distributed, received or payable on account of, or exchanged in return for, any of the foregoing.

2. The Purchase Price shall be paid in full by Buyer to Seller by wire transfer not later than 5:00 p.m., Eastern Standard Time, time being of the essence on the fifth (5th) business day after the Effective Date. In the event that such payment is not timely made, this Agreement shall terminate, all right, title and interest in, to and under the Claim shall remain with Seller, and neither party shall have any liability to the other arising out of this Agreement. If such payment is timely made, this Agreement shall continue in full force and effect.

3. Seller represents, warrants and covenants to Buyer that: **(a)** the Proof of Claim has been duly and timely filed by Seller against the Debtor before the date established by the entry of a final, non-appealable order of the Court in the Case or by local rule, as the case may be, establishing the last date for any creditor to file a Proof of Claim before such Proof of Claim is forever barred in an amount equal to or no less than the Claim Amount, and a true and complete copy of the Proof of Claim is annexed to this Agreement as **Exhibit "A"**; and **(b)** the Proof of Claim has not been further amended or withdrawn and no right thereunder has been waived. Immediately upon the timely payment of the Purchase Price as set forth in **Paragraph 2** above, Buyer shall be deemed to be the owner of the Claim in the amount set forth in the Proof of Claim, subject to the terms of this Agreement, and shall be entitled to identify itself as the owner of the Proof of Claim, and the Claim expressed therein, on the records of the Court.

4. Seller further represents, warrants and covenants to Buyer that: **(a)** Seller is duly authorized and empowered to execute, deliver and perform this Agreement and, upon timely payment of the Purchase Price, that certain Evidence of Transfer of Claim relating hereto (the "**Evidence of Transfer of Claim**"); **(b)** this Agreement and (subject to timely full payment of the Purchase Price) the Evidence of Transfer of Claim constitute the valid, legal and binding obligations of Seller, enforceable against Seller in accordance with their terms; **(c)** Seller owns and has good and marketable title to the Claim, free and clear of any liens, claims, charges, security interests, participations, factoring arrangements or encumbrances of any kind (collectively, the "**Liens**"), and, upon timely

3088593

payment of the Purchase Price, shall transfer to Buyer such good legal and beneficial title to the Claim free and clear of all Liens; **(d)** Seller has not previously sold or assigned the Claim, in whole or in part, or any rights under or with respect to the Claim, to any person or entity, and, in the event the Purchase Price is timely paid and Seller is not required to repay any portion of the Purchase Price, Seller shall not in the future enter into any agreements or understandings (other than this Agreement) with respect to the sale, assignment or transfer of the Claim or the sale, assignment or transfer of any rights with respect to the Claim; **(e)** neither the execution, delivery or performance of this Agreement nor consummation of the transactions contemplated hereby shall violate nor contravene any law, rule, regulation, order or agreement affecting the Seller or the Claim; **(f)** the basis for the Claim is amounts due and owing by the Debtor in respect of the rejection of that certain lease dated as of December 23, 1993, between Seller, as successor-in-interest to Selig Enterprises, Inc., as landlord, and Debtor as tenant (the "**Lease**") covering premises located at 3637 Peachtree Road, Suite D, in Atlanta, Fulton County, Georgia (the "**Premises**"); **(g)** to the extent, if any, required by applicable state law, Seller has taken, and shall continue to take, all steps necessary to mitigate Seller's damages on account of the rejection of the Lease; **(h)** Seller has not re-leased the Premises or, if such Premises have been re-leased, Seller has to the extent, if any, required by applicable state law, reduced the Claim Amount to account for such releasing; **(i)** to Seller's knowledge, no objections have been filed to the Claim on any ground nor, to Seller's knowledge, do any objections exist or are threatened on the ground that Seller has failed to mitigate Seller's damages on account of the rejection of the Lease; **(j)** the Claim is not subject to, and Seller has not engaged in any conduct that would result in, the subordination of the Claim to any other claim; **(k)** no payment has been received by or on behalf of Seller in full or partial satisfaction of the Claim; **(l)** Seller is not, and has never been, an insider of the Debtor within the meaning of *11 U.S.C. §101(31)* or any successor provision and is not, and has not been, a member of any creditors' committee appointed in the Case; **(m)** the Claim Amount reflects application of security deposits held by Seller to secure the Lease and the application of the proceeds of any letters of credit of which the Seller is the beneficiary and which secure the Lease; **(n)** Seller has agreed to the Purchase Price based upon Seller's own independent investigation and credit determination and has consulted with such advisors as Seller believes appropriate, and Seller has not relied on any representations made by Buyer; **(o)** Seller is aware that information which may be pertinent to Seller's decision to transfer the Claim is available to Seller and can be obtained from the Court's files or other publicly available sources; **(p)** the Claim is a valid and allowed claim in the Case in an amount not less than the Claim Amount which will be treated no less favorably than general unsecured claims in the Case; **(q)** there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value (including in respect of section 502(d) of the Code); and **(r)** Seller is aware that the Purchase Price may differ both in kind and amount from any Distributions that may be made in the Case.

5.      Buyer and Seller each acknowledge and agree that the other may possess material non-public information concerning the Claim or the Debtor. Each further acknowledges that neither has requested to receive such information, and has nevertheless determined to proceed with the transaction contemplated herein, and neither shall have any liability to the other party arising out of the non-disclosure of any such information; *provided, however,* that nothing in this **Paragraph 5** shall limit, contradict or render untrue any representation or warranty made by Seller in **Paragraph 4**.

6.      If the Purchase Price is timely paid and Seller shall thereafter receive any Distributions or any notices or other documents on account of the Claim, Seller shall accept and hold the same on behalf of and in trust for Buyer, and shall deliver same forthwith to Buyer in the same form received, with the endorsement of Seller (without recourse) where necessary or appropriate, within three (3) business days of receipt by Seller.

7.      Upon the timely payment of the Purchase Price, Seller (except as otherwise provided in this Agreement) hereby irrevocably appoints Buyer as Seller's true and lawful attorney-in-fact with respect to the Claim and authorizes Buyer to: **(a)** act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which are, or may hereafter become due and payable for or on account of the Claim; **(b)** vote the Claim and file proofs of claim with respect thereto; and **(c)** change the name and address and other contact information of the claimholder of record with respect to the Claim. Upon timely payment of the Purchase Price, Seller shall grant unto Buyer full authority to do all things necessary to enforce the Claim and Seller's rights hereunder, and Seller shall execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Buyer may reasonably request, promptly upon the request of Buyer, in order to effectuate the intent and purpose of, and to carry out the terms of this Agreement. The powers granted in this **Paragraph 7** are discretionary in nature and exercisable at the sole option of Buyer. Upon request, Seller shall provide to Buyer true and complete copies of all Supporting Documents. Notwithstanding anything contained



herein, Buyer shall have no obligation to prove, defend, or take any affirmative action with respect to the Claim other than to use reasonable efforts to notify Seller of any objection or other challenge to the Claim of which Buyer receives actual notice.

8. Seller shall indemnify and hold Buyer and Buyer's respective officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages and liabilities, including, without limitation, reasonable attorneys' fees and expenses incurred by Buyer, which result from: **(a)** any wrongful act or omission by Seller in connection with or in any way related to the Claim other than Seller's calculation of the amount of the Claim; **(b)** Seller's breach of any of Seller's representations, warranties, covenants or agreements set forth herein; or **(c)** any failure of Seller to act in good faith with respect to this agreement and the transaction contemplated herein, provided, however, that Seller shall not be liable for lost profits or other consequential damages and shall in no event be liable for more than the Purchase Price plus interest as provided herein.

9. If all or any part of the Claim is avoided, disallowed, subordinated, reduced, offset, setoff or otherwise impaired, in whole or in part for any reason whatsoever (other than as a direct result of Buyer's gross negligence or intentional misconduct) (each, a "**Disallowance**"), Seller shall immediately repay, upon demand of Buyer, such portion of the Purchase Price paid by Buyer hereunder as shall be calculated by multiplying such Purchase Price by a fraction, the numerator of which shall be the amount of the Claim which was so affected and the denominator of which shall be the Claim Amount, together with interest at the Prime Rate (as defined in **Appendix 1**) from the date of payment of the Purchase Price by Buyer to Seller to the date of such repayment by Seller to Buyer. In addition to the amounts to be repaid as set forth immediately above, Seller shall, as Buyer's exclusive additional remedy, reimburse Buyer for all costs and expenses, including reasonable legal fees and costs, reasonably incurred by Buyer as a result of such Disallowance.

10. In the event that the Claim is objected to or otherwise contested, in whole or in part, and Buyer receives notification of same, Buyer shall promptly notify Seller of same, and Seller **(a)** at Seller's sole expense, shall defend the Claim in the Court against any such objection or contest, or **(b)** only with Buyer's consent, not to be unreasonably withheld, shall repurchase from Buyer the Claim, or the portion thereof that is subject to objection or contest, for the consideration paid for same together with interest at the Prime Rate from the date of payment of the Purchase Price to the date of such repayment by Seller to Buyer. If the objection or contest has not been resolved by the one hundred eightieth (180th) day after its commencement, Buyer shall have the right, but not the obligation, to require Seller to repurchase from Buyer the Claim, or the portion thereof that is subject to objection or contest, for the consideration paid for same together with interest at the Prime Rate from the date of payment of the Purchase Price by Buyer to Seller to the date of such repayment by Seller to Buyer.

11. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and shall inure to the benefit of the successors and assigns of either party hereto. Buyer may assign all or any part of this Agreement without the consent of Seller or any other person or entity. This Agreement, together with the exhibits annexed hereto, constitutes the parties' entire integrated agreement, and is a complete merger of all previous offers, counteroffers, negotiations, agreements and communications of any type or any nature between Buyer and Seller, or any of their agents. The laws of the State of New York shall govern this Agreement. Each party submits to the jurisdiction of the federal or state courts located in the City and County of New York, State of New York and agrees that any litigation relating to this Agreement shall be brought only in such courts and also hereby irrevocably waives any defense of improper venue or forum non conveniens to any such action brought in such courts. **EACH PARTY HERETO FURTHER IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT EACH PARTY MAY HAVE TO TRIAL BY JURY OF ANY ACTION HEREUNDER.** Each party hereto consents to service of process by certified mail at their address listed above. This Agreement may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which together constitute one and the same instrument. Each party hereto irrevocably waives the benefit of any rule of contract construction which disfavors the drafter of an agreement.

12. **UPON THE TIMELY PAYMENT OF THE PURCHASE PRICE, SELLER HEREBY WAIVES ANY NOTICE REQUIREMENT IMPOSED BY *BANKRUPTCY RULE 3001(e)* AND ANY**



SUCCESSOR PROVISION, AND CONSENTS TO THE IMMEDIATE SUBSTITUTION BY THE COURT OF BUYER FOR SELLER FOR ALL PURPOSES IN THE CASE, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES WITH RESPECT TO THE CLAIM. UPON THE TIMELY PAYMENT OF THE PURCHASE PRICE, BUYER MAY FILE THIS AGREEMENT, THE EVIDENCE OF TRANSFER OF CLAIM OR OTHER APPROPRIATE NOTICE WITH THE COURT PURSUANT TO *FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e)* AND ANY SUCCESSOR PROVISION.

**IN WITNESS WHEREOF,** Seller and Buyer have executed and delivered this Agreement by their duly authorized representatives as of the Effective Date.

**SELLER:**

**BUCKHEAD TRIANGLE, L.P.**, a Georgia limited partnership

By: Selig Enterprises, Inc., a Georgia corporation, its General Partner

_____
Name:  William J. Dawkins
Title:  Senior Vice President, Secretary and General Counsel
Telephone: 404-876-5511
Tax ID#: 58-2086943
Email: bdawkins@seligenterprises.com

**BUYER:**

LIQUIDITY SOLUTIONS, INC.

By (Signature): _____
Name: GERALD JOSPITRE
Title: AUTHORIZED SIGNATORY
Telephone: 201-968-0001
Tax ID#:
Email: gjospitre@liquiditysolutions.com

-4-

3088593

## APPENDIX 1

## DEFINITIONS

"**Case**" means Circuit City Stores, Inc., et al, jointly administered Case No. 08-35653, in the United States Bankruptcy Court for the Eastern District of Virginia Richmond Division.

"**Claim Amount**" means $653,194.62.

"**Court**" means the United States Bankruptcy Court for the Eastern District of Virginia Richmond Division.

"**Debtor**" includes any debtor in the Case.

"**Petition Date**" means November 10, 2008

"**Prime Rate**" means the rate set forth in *The Wall Street Journal* as "the base rate on corporate loans posted by at least 75% of the nation's 30 largest banks."

"**Seller**" means Buckhead Triangle, L.P., a Georgia limited partnership, having an address at 1100 Spring Street, N.W., Atlanta, Georgia 30309-2848.

3088593