# EXHIBIT A – PART 2

24.A. <u>Waiver of Defense and Statutory Rights</u>. No action for the enforcement of the lien and security interests created by this Deed of Trust or any provision hereof shall be subject to any defense which would not be good and available to the party interposing same in an action at law upon the Note. The Grantor shall not and will not apply for or avail itself of any appraisement, valuation, stay, extension or exemption laws or any so-called "moratorium laws", now existing or hereafter enacted, in order to prevent or hinder the enforcement or foreclosure of the lien and security interests of this Deed of Trust, but hereby waives the benefit of such laws. The Grantor, for itself and all who claim by, through or under the Grantor, waives any and all right to have the property and estates comprising the Premises or the Equipment marshaled upon any foreclosure of the lien and security interests hereof and agrees that any court having jurisdiction to foreclose such lien and security interests may order the Premises and Equipment sold in its entirety. Beneficiary shall have the right and option in any suit to foreclose the lien of this Deed of Trust to obtain an order of judgment of foreclosure and sale subject to the rights of any tenant or tenants of the Premises. The failure to join any tenant or tenants of the Premises as party defendants in any such suit or failure of any such order or judgment to foreclose their rights shall not be asserted by Grantor as a defense in any suit instituted to collect the indebtedness secured hereby, or any part thereof or any deficiency remaining unpaid after foreclosure and sale of the Premises, any statute or rule of law at any time existing to the contrary notwithstanding.

24.B. <u>Waiver of Deficiency Statute</u>. In the event an interest in any of the Premises is foreclosed upon pursuant to a judicial or nonjudicial foreclosure sale, Grantor agrees as follows: notwithstanding the provisions of Sections 51.003, 51.004, and 51.005 of the Texas Property Code (as the same may be amended from time to time), and to the extent permitted by law, Grantor agrees that Beneficiary shall be entitled to seek a deficiency judgment from Grantor and any other party obligated on the Note equal to the difference between the amount owing on the Note and the amount for which the Premises was sold pursuant to judicial or nonjudicial foreclosure sale. Grantor acknowledges that this provision constitutes a waiver of those portions of the Texas Property Code which would otherwise permit Grantor or Grantor to present competent evidence of the fair market value of the Premises as of the date of the foreclosure sale and offset against any deficiency the amount by which the foreclosure sale price is determined to be less than such fair market value. Grantor further recognizes and agrees that this waiver creates an irrebuttable presumption that the foreclosure sale price is equal to the fair market value of the Premises for purpose of calculating deficiencies owed by Grantor, Guarantor, and others against whom recovery of a deficiency is sought. Alternatively, in the event such waiver is determined by a court of competent jurisdiction to be unenforceable, the following shall be the basis for the finder of fact's determination of the fair market value of the Premises as of the date of the foreclosure sale in proceedings governed by Sections 51.003, 51.004 and 51.005 of the Texas Property code (as amended from time to time): (i) the Premises shall be valued in an "as is" condition as of the date of the foreclosure sale, without any assumption or expectation that the Premises will be repaired or improved in any manner before a resale of the Premises after foreclosure; (ii) the valuation shall be based upon an assumption that the foreclosure purchaser desires a resole of the Premises for cash promptly (but no later than twelve (12) months) following the foreclosure sale; (iii) all reasonable closing costs customarily borne by the seller in commercial real estate transactions should be deducted from the gross fair market value of the Premises, including, without limitation, brokerage commissions, title insurance, a survey of the Premises, tax prorations, attorneys' fees, and marketing costs; (iv) the gross fair market value of the Premises shall be further discounted to account for any estimated holding costs associated

<u>FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT</u> - Page 20
DAL 76185204v5 6/26/2007

with maintaining the Premises pending sale, including, without limitation, utilities expenses, property management fees, taxes and assessments (to the extent not accounted for in (iii) above), and other maintenance, operational and ownership expenses; and (v) any expert opinion testimony given or considered in connection with a determination of the fair market value of the Premises must be given by persons having at least five (5) years experience in appraising property similar to the Premises and who have conducted and prepared a complete written appraisal of the Premises taking into consideration the factors set forth above.

25. Joint and Several Liability. That if the Grantor consists of more than one person, such Grantors shall be jointly and severally liable under any and all obligations, covenants and agreements of the Grantor contained herein.

26. Beneficiary's Remedies Cumulative. That the rights of the Beneficiary arising under the clauses and covenants contained in this Deed of Trust and available at law or in equity shall be separate, distinct and cumulative and none of them shall be in exclusion of the others; that no act of the Beneficiary shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision, anything herein or otherwise to the contrary notwithstanding.

27. Definitions. That wherever used in this Deed of Trust unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, the word "Grantor" shall mean "Grantor or any subsequent owner or owners of the Premises", the word "Beneficiary" shall mean "Beneficiary or any subsequent holder or holders of this Deed of Trust", the word "Note" shall mean any and all "note or notes, or bond or bonds secured by this Deed of Trust", the word "person" shall mean "an individual, corporation, partnership or unincorporated association", and the word "Premises" shall include the real estate hereinbefore described, together with all buildings, improvements, Equipment, condemnation awards, insurance proceeds, and any other rights or property interests at any time made subject to the lien of this Deed of Trust by the terms hereof, and the expression herein of any one or more such terms individually or together with other such terms shall not be deemed an exclusion of any of the other such terms not then expressed; and pronouns of any gender shall include the other genders, and either the singular or plural shall include the other; and the words "terms", "provisions", "obligations", "conditions", "covenants", "clauses" and "agreements" are deemed to be used interchangeably herein and that the use herein of any one or more of them shall not be deemed an exclusion of the others not then expressed.

28. Amendments. That this Deed of Trust, the Note and the other instruments securing the Note, are hereby acknowledged and recognized by Grantor to be credit agreements, and Beneficiary is hereby acknowledged by Grantor to be a creditor, under the Illinois Credit Agreements Act 815 ILCS 160 et seq. Accordingly this Deed of Trust, the Note and the other instruments securing the Note, cannot be changed except by an agreement in writing signed by Beneficiary. Any person, firm or corporation taking a junior Deed of Trust, or other lien upon the Premises or any interest therein, shall take such lien subject to the rights of the Beneficiary herein to amend, modify and supplement this Deed of Trust, the Note and the other instruments securing the Note, and to extend the maturity of the indebtedness hereby secured, in each and every case without obtaining the consent of the holder of such junior lien and without the lien of this Deed of Trust losing its priority over the rights of any such junior lien.

29. <u>Grantor Power and Authority</u>. Grantor (a) is a Texas limited partnership, duly formed, validly existing and in good standing under the laws of the State of Texas and has complied with all conditions prerequisite to its doing business in the State of Texas; (b) has the power and authority to own its properties and to carry on its business as now being conducted; (c) is qualified to do business in every jurisdiction in which the nature of its business or its properties makes such qualification necessary; and (d) is in compliance with all laws, regulations, ordinances and orders of public authorities applicable to it. Grantor's co-general partners are Texas corporations, each of which is duly incorporated, validly existing and in good standing under the laws of the State of Texas.

30. <u>Business Loan/Non Usurious</u>. Grantor represents and warrants that the proceeds of the Note secured by this Deed of Trust will be used for the purposes specified in 815 ILCS 205/4, and that the principal obligations secured hereby constitute a business loan which comes within the provisions of said statute. All agreements in this Deed of Trust, the Note and any Other Loan Document are expressly limited so that in no contingency or event whatsoever, whether by reason of advancement or acceleration of maturity of the indebtedness secured hereby, or otherwise, shall the amount paid or agreed to be paid hereunder for the use, forbearance or detention of money exceed the highest lawful rate permitted under applicable usury law. If, from any circumstances whatsoever, fulfillment of any provision hereof, of the Note or of any Other Loan Document, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity and if, from any circumstance whatsoever, Beneficiary shall ever receive or charge as interest an amount which would exceed the highest lawful rate, the receipt of such excess shall be deemed a mistake and shall be canceled automatically or, if theretofore paid, such excess shall be credited against the principal amount of the indebtedness secured hereby to which the same may lawfully be credited, and any portion of such excess not capable of being so credited shall be rebated to Grantor. All interest paid or agreed to be paid to Beneficiary shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread through the full period until payment in full of the principal of the indebtedness secured by this Deed of Trust (including the period of any extension or renewal thereof) so that the interest thereon for the full period shall not exceed the maximum amount permitted by applicable law.

31. <u>Tax and Insurance Premium Escrows</u>. Upon request by Beneficiary, but only during an Event of Default or after either or both of the tenants under the Approved Leases shall have commenced paying rent, Grantor shall deposit with Beneficiary on the first day of the first month following the month in which the request occurs and on the first day of each succeeding month thereafter until the Note is fully paid, an amount equal to the sum of one-twelfth (1/12th) of 110% of the Beneficiary's reasonable estimate of the annual amount of the next to be issued real estate tax bills and one-twelfth (1/12th) of 110% of the Beneficiary's reasonable estimate of the annual insurance premiums next due for all the insurance coverage required to be maintained hereunder. Beneficiary retains the right from time to time to estimate and reestimate the amount of tax bills and insurance premiums subsequently to become due and to require Grantor on demand to make an immediate deposit for the estimated or actual accrued and unpaid tax and/or insurance premium liability in excess of the balance on hand therefor held by Beneficiary. Beneficiary shall not be obligated to pay interest on any such sums so held on account of taxes or insurance premiums and all such sums may be commingled with Beneficiary's other funds. All

amounts paid pursuant to the provisions of this Article are hereby pledged as additional security for the indebtedness secured hereby. In the event of a default hereunder or under the Note or the Other Loan Documents, the Beneficiary may, at its option and without being required so to do, apply any such funds to the Grantor's obligations hereunder or under the Note or the Other Loan Documents in such order and manner as the Beneficiary may elect. When the indebtedness secured hereby has been fully paid and all obligations of the Grantor to the Beneficiary have been fully performed, all funds deposited pursuant to this Article which have not been previously expended for the purposes herein allowed shall be returned to the Grantor or the then owner of the Premises, without interest.

32.  **Subrogation**. Notwithstanding the release of record of Senior Liens (as hereinafter defined) Beneficiary shall be subrogated to the rights and liens of all superior titles, vendors' liens, mechanics' liens, or liens, charges, encumbrances, rights and equities on the Premises having priority to the lien of this Deed of Trust ("**Senior Liens**"), to the extent that any obligation secured thereby is directly or indirectly paid or discharged with proceeds or disbursements or advances of the indebtedness hereby secured, whether made pursuant to the provisions hereof or of the Note or any document or instrument executed in connection with the indebtedness hereby secured.

33.  **Financial Statements**. Grantor covenants and agrees to furnish to Beneficiary within ninety (90) days of the end of each calendar year during the term of this Deed of Trust, together with a current rent roll of the Premises, a statement of income and expenses of the Premises in no less detail than the statement heretofore provided by Grantor to Beneficiary certified by Grantor as being a true statement of the actual income and expenses of the Premises during the preceding calendar year prepared on a cash basis. Upon request by Beneficiary, Grantor shall also furnish a current rent roll within twenty (20) days after the end of the month in which the request is made. Any rent roll required to be furnished hereunder shall contain the following information as to each lease and tenant: lease date, expiration date, building and unit number, amount of rent, amount of security deposit, delinquency, type of unit and such further details as Beneficiary may reasonably request. Upon request, Grantor shall also furnish Beneficiary as soon as practicable after the end of each month and within twenty (20) days thereafter, duplicate copies of monthly interim statements of income and expense and a periodic balance sheet of Grantor as at the end of each month or period, as the case may be, certified to by the managing member of Grantor, or a financial officer of the beneficiary of Grantor. Beneficiary reserves the right to charge Grantor a $250.00 per month late fee for each statement, report or other item required to be submitted hereunder not furnished to Beneficiary when due. Further, if Grantor shall fail to prepare and deliver any statements, reports or other items to be submitted hereunder, within the time provided, then Beneficiary may have a certified public accountant, selected by Beneficiary, audit Grantor's records and prepare such statements which shall be conclusive on Grantor and Grantor shall pay the expenses of such an audit and preparation of such statements on demand, together with the interest at the Default Rate from the date of demand.

34.  **Beneficiary's Right to Comply with Prior Liens**. In the event of default hereunder by Grantor, and in addition to any other rights and remedies available to Beneficiary, Beneficiary may, but need not, make any payment or perform any act herein required of Grantor in any form and manner deemed expedient, and may, but need not, make full or partial payments of principal

or interest on other prior encumbrances, if any, and purchase, discharge, compromise or settle any tax lien or other prior lien or title or claim thereof, or redeem from any tax sale or forfeiture affecting the Premises or contest any tax or assessment. All moneys paid for any of the purposes herein authorized and all expenses paid or incurred in connection therewith, including attorneys' fees, and any other money advanced by Beneficiary to protect the Premises and the lien hereof, shall be so much additional indebtedness secured hereby, and shall become immediately due and payable without notice and with interest thereon at the Default Rate until paid. Inaction of Beneficiary shall never be considered as a waiver of any right accruing to it on account of any default on the part of Grantor. Beneficiary's consent to prior encumbrances shall not be implied by any provisions of this Article 34.

35. **Grantor's Additional Duties to Maintain the Premises**. Grantor covenants and agrees to keep the buildings, improvements and Equipment on the Premises in good repair, pay all operating costs thereof and shall neither suffer nor commit any waste on or to the Premises, and if Grantor fails to make any such repairs or suffers or commits waste, Beneficiary may elect to make such repairs or eliminate such waste, and the cost thereof shall be so much additional indebtedness secured hereby, and shall become immediately due and payable without notice and with interest thereon at the Default Rate until paid and such sums shall be secured by this Deed of Trust. In addition, Grantor shall not suffer nor permit any mechanic's lien or other liens to attach to or be filed or recorded against the Premises, the same being deemed a default hereunder, unless Grantor shall in good faith and with due diligence, contest the same or the validity thereof by appropriate legal proceedings which shall have the effect of preventing the collection of such lien or liens so contested; provided that, pending any such legal proceedings Grantor shall give Beneficiary such security as may be deemed satisfactory to Beneficiary to insure payment of the amount of such lien or liens and all interest and penalties thereon. If, at any time during the continuance of such contest, the Premises or any part thereof is, in the judgment of Beneficiary, in danger of being forfeited or lost, Beneficiary may use such security for the payment of such lien or liens.

36. **Duty to Replace Fixtures and Equipment**. Grantor shall replace all broken glass with glass of the same size and quality as that broken, and will replace all damaged heating, plumbing, electrical and air-conditioning fixtures and other Equipment with other of equal quality and will keep the Premises, buildings and improvements thereon in clean and healthful condition according to all applicable governmental regulations and ordinances and the direction of the proper public officers pending final payment to Beneficiary. Grantor further agrees to promptly replace with items of equal quality, any and all items of personal property that wear out during the course of the term of this Deed of Trust. Grantor shall keep the Premises, buildings and improvements thereon free from any and all code violations and shall promptly correct or commence to correct with due diligence the same within thirty (30) days after notice of any such violations. Grantor further agrees that any items used by Grantor in replacement of any of the foregoing items of personal property, fixtures or Equipment shall be new and shall be fully paid upon installation and shall not be purchased or leased under any title retention contract or agreement whatsoever. All such replacement items shall be subject to the lien of this Deed of Trust and Beneficiary shall have a security interest in all such replacement items.

37.A. **Hold Harmless**. Grantor covenants and agrees that it will defend, save and keep Beneficiary forever harmless and indemnified against and from any and all penalties, damages,

liabilities, defenses, judgments, expenses and charges imposed for any violation of any laws or ordinances, whether occasioned by the neglect of Grantor or those holding under Grantor, and that Grantor will at all times defend, save and keep Beneficiary forever harmless and indemnified against and from any and all loss, cost, damage, liability, judgment and expense arising out of or from any accident or other occurrence on or about the Premises, causing injury to any person or property whomsoever or whatsoever, and will defend, save and keep Beneficiary forever harmless and indemnified against and from any and all claims and against and from any and all loss, cost, damage, liability, judgment and expense arising out of the failure of Grantor in any respect to comply with and perform any of the requirements and provisions of this Deed of Trust. In the event the Beneficiary suffers any loss, cost, damage, liability, judgment or expense as a result of the exercise by it of any of the rights and privileges accruing to it hereunder because of the Grantor's default hereunder or under the Note secured hereby or under the Other Loan Documents, then and in that event, Grantor shall be fully responsible for same and the same shall be immediately paid to the Beneficiary upon demand together with interest thereon at the Default Rate from the date on which same was incurred, and all such amounts shall be secured by the lien hereof.

37.B. **INDEMNIFICATION.** IN ADDITION TO ANY OTHER INDEMNIFICATIONS PROVIDED HEREIN OR IN THE OTHER LOAN DOCUMENTS, GRANTOR COVENANTS AND AGREES AT ITS SOLE COST AND EXPENSE TO PROTECT, DEFEND, INDEMNIFY AND SAVE HARMLESS BENEFICIARY FROM AND AGAINST ALL LIABILITIES, OBLIGATIONS, CLAIMS, DEMANDS, DAMAGES, PENALTIES, CAUSES OF ACTION, LOSSES, FINES, COSTS AND EXPENSES (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' FEES AND EXPENSES), IMPOSED UPON OR INCURRED BY OR ASSERTED AGAINST BENEFICIARY BY REASON OF (A) OWNERSHIP OF THIS DEED OF TRUST, THE PREMISES OR ANY INTEREST THEREIN OR RECEIPT OF ANY RENTS; (B) DAMAGE TO PROPERTY OCCURRING IN, ON OR ABOUT THE PREMISES OR ANY PART THEREOF OR ON THE ADJOINING SIDEWALKS, CURBS, ADJACENT PROPERTY OR ADJACENT PARKING AREAS, STREETS OR WAYS; (C) ANY USE, NON-USE OR CONDITION IN, ON OR ABOUT THE PREMISES OR ANY PART THEREOF OR ON ADJOINING SIDEWALKS, CURBS, ADJACENT PROPERTY OR ADJACENT PARKING AREAS, STREETS OR WAYS; (D) ANY FAILURE ON THE PART OF GRANTOR TO PERFORM OR COMPLY WITH ANY OF THE TERMS OF THIS DEED OF TRUST; (E) PERFORMANCE OF ANY LABOR OR SERVICES OR THE FURNISHING OR ANY MATERIALS OR OTHER PROPERTY IN RESPECT OF THE PREMISES OR ANY PART HEREOF; (F) THE PRESENCE, DISPOSAL, ESCAPE, SEEPAGE, LEAKAGE, SPILLAGE, DISCHARGE, EMISSION OR RELEASE OF ANY HAZARDOUS SUBSTANCE OR ASBESTOS ON, FROM, OR AFFECTING THE PREMISES OR ANY PROPERTY CONTIGUOUS THEREWITH; (G) TO THE EXTENT NOT COVERED BY INSURANCE, ANY PERSONAL INJURY (INCLUDING WRONGFUL DEATH) OR PROPERTY DAMAGE (REAL OR PERSONAL) ARISING OUT OF OR RELATED TO SUCH HAZARDOUS SUBSTANCE OR ASBESTOS; (H) ANY LAWSUIT BROUGHT OR THREATENED, SETTLEMENT REACHED, OR GOVERNMENT ORDER RELATING TO SUCH HAZARDOUS SUBSTANCE OR ASBESTOS; (I) ANY VIOLATION OF THE ENVIRONMENTAL LAWS, WHICH ARE BASED UPON OR IN ANY WAY RELATED TO SUCH HAZARDOUS SUBSTANCE

OR ASBESTOS INCLUDING, WITHOUT LIMITATION, THE COSTS AND EXPENSES OF ANY REMEDIAL ACTION, ATTORNEY AND CONSULTANT FEES, INVESTIGATION AND LABORATORY FEES, COURT COSTS, AND LITIGATION EXPENSES; AND (J) ANY FAILURE OF THE PREMISES TO COMPLY WITH ANY ACCESS LAWS OR THE FAIR HOUSING AMENDMENTS OF 1988. THIS PARAGRAPH 37B SHALL SURVIVE ANY TERMINATION, SATISFACTION OR ASSIGNMENT OF THIS DEED OF TRUST AND THE EXERCISE BY BENEFICIARY OF ANY OF ITS RIGHTS OR REMEDIES HEREUNDER INCLUDING, BUT NOT LIMITED TO, THE ACQUISITION OF THE PREMISES BY FORECLOSURE OR A CONVEYANCE IN LIEU OF FORECLOSURE. THE FOREGOING INDEMNITY SHALL APPLY EVEN IF BENEFICIARY IS FOUND TO BE NEGLIGENT. GRANTOR UNDERSTANDS THAT GRANTOR IS INDEMNIFYING BENEFICIARY AGAINST BENEFICIARY'S OWN NEGLIGENCE, BUT NOT IN THE EVENT AND TO THE EXTENT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT BY BENEFICIARY.

38.    Tenant Security Deposits. Grantor covenants and agrees to make prompt payment of any amount of security deposit, as the tenants of the Premises become entitled thereto, and hereby agrees to save and keep Beneficiary forever harmless and indemnified against any claim, judgment, liability or expense, including attorneys' fees, therefor made by any such tenants.

39.    Performance of Lessor's Duties and Compliance With Documents of Record. Grantor covenants and agrees that it will faithfully observe and perform all obligations to be observed and performed by the lessor under all present leases and any future leases affecting the Premises, such present and future leases to include all residential leases and all laundry room and equipment leases, if any, and all service contracts and concession agreements. Grantor further covenants and agrees that Grantor will observe and perform all obligations to be observed and performed by the owner of the Premises under any document or instrument which may be from time to time of record and which may affect title to the Premises. In the event the Grantor for any reason fails to observe and perform any of such obligations, the Beneficiary may, but need not, perform same and the cost incurred by the Beneficiary in so doing shall constitute so much additional indebtedness secured hereby and shall become immediately due and payable without notice and with interest thereon at the Default Rate until paid and such sums shall be secured by this Deed of Trust.

40.    Assignment of Leases and Rents. To further secure the indebtedness hereby secured, Grantor hereby sells, assigns and transfers unto Beneficiary all of the rents, leases, issues and profits now due and which may hereafter become due under or by virtue of any leases which may have been heretofore or may be hereafter made or agreed to by Grantor or the beneficiary or beneficiaries of Grantor or the agents of any of them or which may be made or agreed to by Beneficiary under the powers herein granted, it being the intention hereby to establish an absolute transfer and assignment of all such rents, leases, issues and profits thereunder, to Beneficiary. Grantor hereby irrevocably appoints Beneficiary its agent in its name, place and stead (with or without taking possession of the Premises as provided in this Deed of Trust) to rent, lease or let all or any portion of the Premises to any party or parties at such rental and upon such terms as said Beneficiary shall, in its discretion, determine, and to collect all of the rents, issues and profits arising from or accruing at any time hereafter, and all

now due or that may hereafter become due under each and every of the leases, written or oral, or other tenancy existing, or which may hereafter exist on the Premises, with the same rights and powers and subject to the same immunities, exoneration of liability and rights of recourse and indemnity as Beneficiary would have upon taking possession pursuant to the provisions of this Deed of Trust. Grantor represents and agrees that no rent has been or will be paid by any person in possession of any portion of the Premises for more than one installment in advance and that the payment of none of the rents to accrue for any portion of said Premises has been or will be waived, released, reduced, discounted or otherwise discharged or compromised by Grantor. Grantor waives any rights of set off against any person in possession of any portion of the Premises. Grantor agrees that it will not assign any of the rents or profits of the Premises, except to Beneficiary or a purchaser or grantee of the Premises if so permitted by Beneficiary. Nothing herein contained shall be construed as constituting Beneficiary a Mortgagee in possession in the absence of the taking of actual possession of the Premises by Beneficiary pursuant to the provisions of this Deed of Trust. In the exercise of the powers herein granted Beneficiary, no liability shall be asserted or enforced against Beneficiary, all such liability being expressly waived and released by Grantor. Grantor further agrees to assign and transfer to Beneficiary all future leases upon all or any part of the Premises and to execute and deliver, at the request of Beneficiary, all such further assurances and assignments in the Premises as Beneficiary shall from time to time require. Although it is the intention of the parties that the assignment contained in this Article shall be a present assignment, it is expressly understood and agreed, anything herein contained to the contrary notwithstanding, that Beneficiary shall not exercise any of the rights or powers conferred upon it by this Article until a default shall exist under this Deed of Trust. From time to time, upon request Grantor will furnish Beneficiary with executed copies of each of the Leases. In the event Beneficiary requires that Grantor execute and record a separate collateral assignment of rents or separate assignments of any of the leases to Beneficiary, the terms and provisions of those assignments shall control in the event of a conflict between the terms of this Deed of Trust and the terms thereof.

41. <u>Security Agreement, UCC Financing Statements and Other Instruments</u>. This Deed of Trust, to the extent that it conveys or otherwise deals with personal property (tangible and intangible) or with items of personal property which are or may become fixtures, shall also be construed as a security agreement under the Uniform Commercial Code as in effect in the state in which the Premises are located, and this Deed of Trust constitutes a financing statement filed as a fixture filing in the Official Records of the County Recorder of the County in which the Premises are located with respect to any and all fixtures included within the term "Equipment" as used herein and with respect to any other personal property that may now be or hereafter become such fixtures. At the request of Beneficiary, Grantor shall execute and deliver, in form and substance satisfactory to Beneficiary, a Security Agreement and Uniform Commercial Code Financing Statements, in multiple counterparts, covering the fixtures, chattels, and articles of personal property subject to the lien of this Deed of Trust. In the event Beneficiary requires that Grantor execute and record a separate Security Agreement and Uniform Commercial Code Financing Statements, the terms and provisions of those instruments shall control in the event of a conflict between the terms of this Deed of Trust and the terms thereof. Grantor shall do, execute, acknowledge and deliver or cause to be done, executed, acknowledged and delivered all such further acts, conveyances, notes, Deed of Trusts, security agreements, financing statements and assurances as Beneficiary shall require for accomplishing the purpose of this Deed of Trust. Without limitation of the foregoing, Grantor shall assign to Beneficiary, upon request, as further

<u>FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT</u> - Page 27
DAL 76185204v5 6/26/2007

security for the indebtedness secured hereby, Grantor's interests in all agreements, contracts, licenses and permits affecting the Premises, such assignments to be made by instruments satisfactory to Beneficiary, but no such assignment shall be construed as a consent by the Beneficiary to any agreement, contract, license or permit or to impose upon Beneficiary any obligations with respect thereto. Information concerning the security interest herein granted may be obtained at the address of Grantor, as debtor and Beneficiary, as secured party, as set forth in the first paragraph of this Deed of Trust.

42. <u>Litigation Expenses</u>. Grantor shall pay to Beneficiary all costs and expenses, including attorney's fees, incurred by Beneficiary in any action or proceeding to which Beneficiary may be made a party by reason of being a party to this Deed of Trust, and Grantor will pay to Beneficiary all costs and expenses, including attorney's fees, incurred by Beneficiary in enforcing any of the terms, covenants and provisions of this Deed of Trust or the Note or the Other Loan Documents and incurred in any action brought by Beneficiary against Grantor on account of the terms, covenants or provisions hereof or of the Note or the Other Loan Documents (including, without limitation, a reasonable commission to the Trustee), and all such costs, expenses and attorney's fees may be included in and form a part of any judgment entered in any proceeding brought by Beneficiary against Grantor on or under this Deed of Trust.

43. <u>Late Payments-Beneficiary's Rights</u>. If Grantor is late in the making of any payment due under the Note secured hereby, Beneficiary shall have the right to increase the interest rate under the Note to the Default Rate until the default in payment is cured, charge a late payment fee equal to five percent (5%) of the delinquent payment and accelerate the principal balance and all accrued and unpaid interest due under the Note, all as provided in the Note.

44. <u>Continuation of Grantor's Obligations</u>. The obligations of Grantor under this Deed of Trust, and the Note it secures shall continue until the entire debt evidenced hereby and all other amounts that may become due hereunder, are paid, notwithstanding any action or actions of partial foreclosure which may be brought to recover any amount or amounts for installments of principal, interest, taxes, assessments, water rates, insurance premiums or other payments due and payable under the terms, covenants and provisions of this Deed of Trust.

45. <u>Due on Sale and Due on Further Encumbrance Provisions, Additional Causes for Acceleration</u>. The entire principal sum together with accrued and unpaid interest thereon and any additional sums which this Deed of Trust secures, shall also become immediately due and payable, at the option of the Beneficiary: (a) if the Premises, buildings and improvements thereon, or any part thereof or any interest therein is conveyed, sold (including a sale on an installment basis or pursuant to so-called "contract for deed"), transferred, leased, (except upon customary residence leases of individual apartment units to individual persons who intend to reside in such apartment units), encumbered or assigned in any manner whether voluntarily or involuntarily without the prior written consent of the Beneficiary; or (b) if the Grantor is a land trust, in the event that the beneficial interest ("**Beneficial Interest**") or any part thereof or interest therein or in the power of direction thereunder is conveyed, sold (including a sale on an installment basis or pursuant to so-called "articles of agreement"), transferred, leased, encumbered, pledged as collateral or assigned, in any manner whether voluntarily or involuntarily without the prior written consent of the Beneficiary; or (c) if within sixty (60) days of the death, incompetency, or discharge of any party personally liable for payment of the Note

secured hereby, whether as a maker or guarantor, there is not delivered to the Beneficiary an unconditional guaranty of the Note and this Deed of Trust prepared on a form approved by the Beneficiary, of a person whose financial reliability has been demonstrated to and approved by the Beneficiary; or (d) Grantor, any beneficiary of Grantor if Grantor is a land trust, or any general partner of any partnership beneficiary, or any person, firm, partnership, venture (and in the case of a partnership or venture, a general partner or a venturer thereof), limited liability company or corporation at any time guarantying all or any part of the indebtedness hereby secured (a "**Guarantor**") becomes insolvent or bankrupt or admits in writing its inability to pay its debts as they mature or makes an assignment for the benefit of creditors or applies for or consents to the appointment of a trustee, custodian or receiver for the major part of its property or such a trustee, custodian or receiver is appointed for Grantor, its beneficiary, any of its beneficiary's general partners, or a Guarantor or for the major part of the properties of any of them and is not discharged within sixty (60) days after such appointment, or if bankruptcy, reorganization, arrangement, insolvency, readjustment, liquidation, dissolution or other proceedings for relief under any present or future bankruptcy law or laws or other statute, law or regulation for the relief of debtors are instituted by or against Grantor, its beneficiary, any of its beneficiary's general partners, or any Guarantor and if instituted against any such party are consented to or acquiesced in or are not dismissed within sixty (60) days after such institution, or if Grantor, its beneficiary, any of its beneficiary's general partners, or any Guarantor takes any action to initiate or further any of the foregoing; or (e) any event occurs or condition exists which is specified as an event of default in any separate assignment of leases and/or rents securing the Note or of any other instrument or document securing the Note or relating thereto; or (f) any financial or other information submitted to Beneficiary by any Guarantor or submitted by Grantor (or its beneficiary, if Grantor is a land trust), or any general partners, officers or members of Grantor (or its beneficiary, if Grantor is a land trust) proves untrue in any material respect; or (g) the Premises are abandoned; or (h) Grantor (or its beneficiary, if Grantor is a land trust) or any general partners, officers or members of Grantor (or its beneficiary, if Grantor is a land trust) are dissolved; or (i) any of the individual or individuals, entity or entities as of the date hereof comprising the managing general partner(s), controlling shareholder(s) or controlling member(s) of Grantor (or its beneficiary, if Grantor is a land trust) cease to be managing general partner(s), controlling shareholder(s) or controlling member(s) other than by death or adjudicated incompetence; or (j) there shall be any change of the management agent or manager, or termination of the management contract for the Premises without Beneficiary's prior written consent. For the purposes of this Deed of Trust, the Premises or the Beneficial Interest shall also be deemed to have been sold, transferred, assigned or conveyed in the event that any of partnership interests in Grantor held by either of the co-general partners in Grantor, or more than 49% of the partnership interests held by either of the limited partners in Grantor, or in its beneficiary, or its beneficiary's managing general partner(s), shareholder(s) or member(s) as the case may be, shall be sold, transferred, assigned or conveyed, subsequent to the date hereof, whether voluntarily or involuntarily, whether in one or a series of related or unrelated transactions; or (k) Grantor, or if Grantor is a land trust, then Grantor's beneficiary, shall not maintain its existence or shall merge into or consolidate with any other corporation, firm, partnership, joint venture or limited liability company: convey, transfer, lease or otherwise dispose of all or substantially all of its property, assets or business; assume, guarantee or become primarily or contingently liable on any indebtedness or obligation of any other person, corporation, firm, partnership, joint venture or limited liability company, without prior written

consent from Beneficiary. Any of the events, occurrences or acts described in this Article 45 shall constitute an Event of Default.

46.     Future Advances. This Deed of Trust is given to secure payment of the Note, whether the entire amount thereof shall have been advanced to the Grantor at the date hereof, or at a later date, or not at all, and to secure the payment and performance of all other liabilities and obligations of Grantor under the Note or under any other loan documents made in connection with the Note or this Deed of Trust and any other amount of amounts that may be added to the indebtedness secured hereby under the terms of this Deed of Trust, all of which indebtedness being equally secured with and having the same priority as any amounts advanced at the date hereof. It is agreed that any future advances made by Beneficiary to or for the benefit of Grantor from time to time under this Deed of Trust or other aforesaid loan documents and whether or not such advances are obligatory or are made at the option of Beneficiary, or otherwise, made at any time from the date of this Deed of Trust, and all interest accruing thereon, shall be equally secured by this Deed of Trust and have the same priority as all amounts, if any, advanced as of the date hereof and be subject to all of the terms and provisions of this Deed of Trust with the proviso that the aggregate amount of the indebtedness secured hereby together with all such additional sums advanced shall not exceed two hundred percent (200%) of the amount of the original indebtedness secured hereby.

47.     Notices. Any notice request or demand to be given hereunder shall be in writing, and shall be deemed to have been given when personally delivered, deposited for delivery with an overnight courier service such as Federal Express, or placed in the United States mail with proper registered or certified postage prepaid, return receipt requested, and in all cases addressed to the party concerned at the address shown below:

To Beneficiary:
2901 Butterfield Road
Oak Brook, Illinois 60523
Attn: Raymond E. Petersen, President

With a copy to:
The Inland Group, Inc.
2901 Butterfield Road
Oak Brook, Illinois 60523
Attn: Kathleen McGuire, Assistant Counsel

With a copy to:
Pamela B. Stein
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

To Grantor:
CDB Falcon Sunland Plaza, L.P.
c/o CDB Sunland Plaza GP, Inc.
16000 N. Dallas Parkway, Suite 225
Dallas, Texas 75248
Attention: Sue Shelton

With a copy to:
Ed Fishman, Esq.

FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT - Page 30
DAL 76185204v5 6/26/2007

2200 One Galleria Tower
13355 Noel Road, LB 48
Dallas, Texas 75240

provided, however, that each of the foregoing addresses for notice may be changed from time to time by notice given to the other party, in the manner herein provided for.

48. <u>Successors and Assigns</u>. Whenever any of the parties hereto is referred to, such reference shall be deemed to include the successors and assigns of such party and subsequent owners of the Premises; and all the terms, covenants and provisions in this Deed of Trust contained by or on behalf of Grantor, or by or on behalf of Beneficiary, shall bind and inure to the benefit of the respective successors and assigns of such parties, whether so expressed or not.

49. <u>Headings; Define Terms</u>. The headings in this instrument are for convenience of reference only and shall not limit or otherwise affect the meaning of any provision hereof. Capitalized terms used herein and not otherwise defined shall have the meanings given in the Loan Agreement.

50. <u>Assignment by Beneficiary</u>. This Deed of Trust may be assigned by the Beneficiary at any time and without notice to or prior approval of Grantor, its successors or assigns or grantees. The word "Beneficiary," when used herein, shall include the successors and assigns of the original Beneficiary named on the first page hereof, and the holder or holders, from time to time, of the Note. However, whenever the Note is sold and the purchaser assumes the obligations of the Beneficiary hereunder, each prior holder shall be automatically freed and relieved, on and after the date of such sale, of all liability with respect to the performance of each covenant and obligation of the Beneficiary hereunder thereafter to be performed, provided that any monies which are then held by the seller of the Note and in which the Grantor has an interest are paid or credited to the purchaser of the Note.

51. <u>Release Fee</u>. Beneficiary reserves the right to charge Grantor for the actual costs incurred by beneficiary in connection with final payment of all amounts due under the Note secured herby to compensate Beneficiary for services rendered in issuing payoff letters, processing payments and issuing final releases of this Deed of Trust and any other instruments given to further secure the Note secured hereby

52. <u>No Merger</u>. This Deed of Trust and the lien hereof shall not merge in fee simple title to the Premises, unless a contrary intent is ever manifested by Beneficiary as evidenced by an express statement to that effect in an appropriate document duly recorded. Therefore, it is hereby understood and agreed that should Beneficiary acquire any additional or other interests in or to the Premises or the ownership thereof, then this Deed of Trust and the lien hereof shall not merge in the fee simple title, toward the end that this Deed of Trust may be foreclosed as if owned by a stranger to the fee simple title.

53. <u>Jurisdiction</u>. WITHOUT LIMITING THE RIGHT OF THE BENEFICIARY HEREOF TO BRING ANY ACTION OR PROCEEDING AGAINST THE UNDERSIGNED OR AGAINST PROPERTY OF THE UNDERSIGNED ARISING OUT OF OR RELATING TO THIS DEED OF TRUST (AN "<u>ACTION</u>") THE COURTS

OF OTHER JURISDICTIONS, THE UNDERSIGNED HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF (I) ANY ILLINOIS STATE COURT SITTING IN DUPAGE OR COOK COUNTY, ILLINOIS OR FEDERAL COURT SITTING IN CHICAGO, ILLINOIS OR (II) ANY TEXAS STATE COURT SITTING IN TEXAS OR FEDERAL COURT SITTING IN TEXAS AND THE UNDERSIGNED HEREBY IRREVOCABLY AGREES THAT ANY ACTION MAY BE HEARD AND DETERMINED IN SUCH STATE COURTS OR IN SUCH FEDERAL COURTS. THE UNDERSIGNED HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT POSSIBLE, THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF ANY ACTION IN ANY JURISDICTION. THE UNDERSIGNED HEREBY IRREVOCABLY AGREES THAT THE SUMMONS AND COMPLAINT OR ANY PROCESS IN ANY ACTION IN ANY JURISDICTION MAY BE SERVED ON THE UNDERSIGNED BY MAILING TO THE ADDRESS OF THE UNDERSIGNED SET FORTH HEREIN OR BY HAND DELIVERY TO A PERSON OF SUITABLE AGE AND DISCRETION AT THE UNDERSIGNED'S ADDRESS SET FORTH HEREIN. SUCH SERVICE WILL BE COMPLETE ON THE DATE SUCH PROCESS IS SO MAILED OR DELIVERED, AND THE UNDERSIGNED WILL HAVE THIRTY DAYS FROM SUCH COMPLETION OF SERVICE IN WHICH TO RESPOND IN THE MANNER PROVIDED BY LAW. THE UNDERSIGNED MAY ALSO BE SERVED IN ANY OTHER MANNER PERMITTED BY LAW, IN WHICH EVENT THE UNDERSIGNED'S TIME TO RESPOND SHALL BE THE TIME PROVIDED BY LAW. BOTH THE UNDERSIGNED AND THE HOLDER HEREOF HEREBY IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION PROCEEDING OR COUNTERCLAIM ARISING OUT OR RELATING TO THIS DEED OF TRUST.

54. <u>Hazardous Substances, Products and Wastes</u>. Grantor shall cause the Premises to be at all times kept free of any and all substances, products, wastes and/or contaminants which may not lawfully be maintained on or in the Premises pursuant to any law, statute, ordinance, rule or regulation of any state, federal or other authority, whether presently existing or hereafter enacted or adopted, or the presence of which, in the reasonable estimation of the Beneficiary, is harmful or injurious to occupants and tenants of the Premises or others (such substances, products, wastes and/or contaminants being hereinafter called "<u>Hazardous Substances</u>"). In the event the Grantor fails at all times to keep the Premises free of any and all such Hazardous Substances, the Beneficiary may, but shall not be obligated to, enter upon the Premises and remove therefrom any and all Hazardous Substances, and the costs incurred by the Beneficiary in so doing shall be paid by the Grantor to the Beneficiary upon demand together with interest thereon at the Default Rate, and all such amounts, together with such interest, shall be secured by the lien hereof. The Grantor hereby grants to the Beneficiary, its agents, employees and independent contractors, and to its successors and assigns, an irrevocable easement and right of access over and upon the Premises to remove any Hazardous Substances therefrom and agrees to forever defend, indemnify, save and hold the Beneficiary, its agents, employees and independent contractors harmless from any and all claims, damages, liabilities, judgments, loss, costs and expenses, including attorney's fees, arising in connection therewith and, in addition, the Grantor agrees to forever defend, save, indemnify and hold the Beneficiary, its agents, employees and independent contractors harmless from any claims, damages, liabilities, judgments, costs and expenses, including attorney's fees, arising in any way in connection with or as a result of the existence at or in the Premises of any Hazardous Substances. Grantor agrees that it will provide,

at the Grantor's sole cost and expense, an inspection or audit of the Premises prepared by an engineering or consulting firm reasonably approved by the Beneficiary indicating the presence or absence of Hazardous Substances on or in the Premises upon the Beneficiary's request therefor, at any time and from time to time while this Deed of Trust is in effect, but not more than once in any 12 month period unless an Event of Default shall have occurred, in which event there shall be no limit on the frequency of such inspection or audit requirements. If the Grantor fails to provide such inspection or audit within thirty (30) days of such request, the Beneficiary may obtain same and hereby grants to the Beneficiary and its employees, independent contractors and agents an easement over and right of access to the Premises for the purpose of conducting such inspection or audit and the cost thereof shall immediately upon demand be paid by the Grantor to the Beneficiary together with interest thereon at the Default Rate, and the same shall be deemed secured by the lien hereof. Grantor hereby covenants and agrees to defend, indemnify and save harmless Beneficiary, its officers, directors, employees, agents, attorneys, successors and assigns against and from any and all damages, losses, liabilities, obligations, claims, litigation, demands, defenses, judgments, suits, proceedings, fines, penalties, costs, disbursements and expenses (including without limitation attorneys' and experts' fees and expenses, clean-up costs, waste disposal costs and those costs, expenses, penalties and fines within the meaning of The Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended (42 U.S.C. Section 9601 et seq.), of any kind or nature whatsoever which may at any time be imposed upon, incurred by or asserted or awarded against Beneficiary and arising from any violation or alleged violation of environmental laws, or environmental problems or other environmental matters, including without limitation matters arising out of any breach of Grantor's foregoing representations and warranties, whether any such matters arise before or after delivery of this Deed of Trust, Beneficiary's taking possession of or operating any of the Premises or Equipment or foreclosure of this Deed of Trust (or delivery of a deed in lieu thereof or similar actions to the same effect), unless and to the extent caused by the gross negligence of the Beneficiary. **GRANTOR ACKNOWLEDGES THAT THE INDEMNIFICATION PROVISIONS OF THIS PARAGRAPH INCLUDE INDEMNIFICATION IN THE EVENT OF BENEFICIARY'S ORDINARY NEGLIGENCE.**

55. <u>Beneficiary's Lien for Service Charge and Expenses</u>. At all times, regardless of whether any loan proceeds have been disbursed, this Deed of Trust secures (in addition to any loan proceeds disbursed from time to time) the payment of any and all loan commissions, service charges, liquidated damages, and all advances due to or incurred by Beneficiary in connection with the loan to be secured hereby.

56. <u>Permitted Contests.</u> Grantor shall have the right to contest in good faith and with reasonable diligence the validity of any impositions or mechanics' liens or claims upon furnishing (a) to the title insurance company approved by Beneficiary such security or indemnity as it may require to induce the title insurance company to issue its title insurance commitment or its Deed of Trust tile insurance policy insuring against all such claims or liens, in form satisfactory to Beneficiary and (b) to Beneficiary such other security with respect to such lien or claim as may be acceptable to Beneficiary.

57. **LEGAL CONSTRUCTION AND CHOICE OF LAW.**

A. BENEFICIARY HAS ITS PRINCIPAL OFFICES IN AND THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS WERE NEGOTIATED IN THE STATE OF ILLINOIS. GRANTOR AND BENEFICIARY AGREE THAT, EXCEPT AS OTHERWISE SET FORTH BELOW, THE LAWS OF THE STATE OF ILLINOIS (WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS), TOGETHER WITH THE LAWS OF THE UNITED STATES OF AMERICA, SHALL GOVERN THE RIGHTS AND DUTIES OF THE PARTIES HERETO AND THE VALIDITY, CONSTRUCTION, ENFORCEMENT AND INTERPRETATION OF THIS DEED OF TRUST. GRANTOR AND BENEFICIARY AGREE THAT THE STATE OF ILLINOIS HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED IN THIS DEED OF TRUST AND THE INDEBTEDNESS SECURED HEREBY. NOTWITHSTANDING THE FOREGOING, GRANTOR AND BENEFICIARY AGREE THAT:

I. THE ENFORCEMENT BY BENEFICIARY OF ITS FORECLOSURE AND PROVISIONAL REMEDIES AGAINST GRANTOR UNDER THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS WITH RESPECT TO THE PREMISES OR OTHER ASSETS SITUATED IN TEXAS, INCLUDING BY WAY OF ILLUSTRATION BUT NOT LIMITATION, ACTIONS FOR FORECLOSURE, FOR ENFORCEMENT OF ASSIGNMENT OF RENTS, REPLEVIN, FOR CLAIM AND DELIVERY OF PROPERTY, FOR INJUNCTIVE RELIEF OR FOR THE APPOINTMENT OF A RECEIVER SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS.

II. GRANTOR SHALL COMPLY WITH APPLICABLE LAW IN THE STATE OF TEXAS TO THE EXTENT REQUIRED IN CONNECTION WITH THE FORECLOSURE OF THE SECURITY INTEREST AND LIENS CREATED UNDER THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS WITH RESPECT TO THE PREMISES OR OTHER ASSETS SITUATED IN TEXAS; AND

III. THE LAWS OF THE STATE OF TEXAS SHALL GOVERN WITH RESPECT TO THE CREATION, PERFECTION AND PRIORITY OF THE LIEN AND SECURITY INTEREST OF THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS (AND ANY FUTURE ADVANCES MADE THEREUNDER).

NOTHING CONTAINED IN THIS ARTICLE 57 SHALL BE CONSTRUED TO PROVIDE THAT THE SUBSTANTIVE LAW OF THE STATE OF TEXAS SHALL APPLY TO THE PARTIES' RIGHTS AND OBLIGATIONS HEREUNDER OR UNDER THE OTHER LOAN DOCUMENTS, WHICH ARE AND SHALL CONTINUE TO BE GOVERNED BY THE SUBSTANTIVE LAW OF THE STATE OF ILLINOIS. IN ADDITION, THE FACT THAT PORTIONS OF THE LOAN DOCUMENTS MAY INCLUDE PROVISIONS DRAFTED TO CONFORM TO THE LAW OF THE STATE OF TEXAS IS NOT INTENDED, NOR SHALL IT BE DEEMED, IN ANY WAY, TO DEROGATE THE PARTIES' CHOICE OF LAW AS SET FORTH IN THIS ARTICLE 57. THE PARTIES FURTHER AGREE THAT BENEFICIARY MAY ENFORCE ITS RIGHTS UNDER THE LOAN DOCUMENTS, INCLUDING, BUT NOT

LIMITED TO, ITS RIGHTS TO SUE THE UNDERSIGNED OR TO COLLECT ANY OUTSTANDING INDEBTEDNESS, IN ACCORDANCE WITH APPLICABLE LAW.

B. NOTHING IN THIS DEED OF TRUST, THE NOTE OR IN ANY OTHER AGREEMENT BETWEEN THE GRANTOR AND THE BENEFICIARY SHALL REQUIRE THE GRANTOR TO PAY, INDIVIDUALLY OR TOGETHER, OR THE BENEFICIARY TO ACCEPT, INTEREST IN AN AMOUNT WHICH WOULD SUBJECT THE BENEFICIARY TO ANY PENALTY UNDER APPLICABLE LAW. IN THE EVENT THAT THE PAYMENT OF ANY INTEREST DUE HEREUNDER OR UNDER THE NOTE OR ANY SUCH OTHER AGREEMENT WOULD SUBJECT THE BENEFICIARY TO ANY PENALTY UNDER APPLICABLE LAW, THEN IPSO FACTO THE OBLIGATIONS OF THE GRANTOR TO MAKE SUCH PAYMENT SHALL BE REDUCED TO THE HIGHEST RATE AUTHORIZED UNDER APPLICABLE LAW.

C. If any term, covenant or provision of this Deed of Trust shall be held to be invalid, illegal, or unenforceable in any respect, this Deed of Trust shall be construed without such terms, conditions or provisions and remain in full force and effect.

58. Release of and Resort to Collateral. Any part of the Premises may be released by Beneficiary without affecting, subordinating, or releasing the lien, security interest, and assignment hereof against the remainder or any part of the Premises. The lien, security interest, and other rights granted hereby shall not affect or be affected by any other security taken for the indebtedness secured hereby or any part thereof. The taking of additional security or the rearrangement, extension or renewal of the indebtedness secured hereby, or any part thereof, shall not release or impair the lien, security interest, and other rights granted hereby or affect the liability of any endorser, guarantor, or surety or improve the right of any permitted junior lienholder; and this Deed of Trust, as well as any instrument given to secure any rearrangement, renewal, or extension of the indebtedness secured hereby, or any part thereof, shall be and remain a first and prior lien, except as otherwise provided herein, on all of the Premises not expressly released until all of the indebtedness secured hereby is completely paid.

59. Waiver of Jury Trial. GRANTOR AND, BY ACCEPTANCE HEREOF, BENEFICIARY HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS DEED OF TRUST, THE NOTE OR ANY OTHER LOAN DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH OR THEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF EITHER PARTY OR ANY EXERCISE BY ANY PARTY OF THEIR RESPECTIVE RIGHTS UNDER THIS DEED OF TRUST, THE NOTE OR THE LOAN DOCUMENTS OR IN ANY WAY RELATING TO THE LOAN OR THE PREMISES (INCLUDING, WITHOUT LIMITATION, ANY ACTION TO RESCIND OR CANCEL THIS DEED OF TRUST, THE NOTE OR ANY OF THE OTHER LOAN DOCUMENTS AND ANY CLAIMS OR DEFENSES ASSERTING THAT THIS DEED OF TRUST, THE NOTE OR ANY OF THE OTHER LOAN DOCUMENTS FRAUDULENTLY INDUCED OR ARE OTHERWISE VOID OR VOIDABLE); THIS WAIVER BEING A MATERIAL INDUCEMENT FOR BENEFICIARY TO ACCEPT THIS DEED OF TRUST.

WHEREFORE, Grantor has caused these presents to be signed as of the day and year first above written.

CDB FALCON SUNLAND PLAZA, L.P., a Texas limited partnership

By: CDB Sunland Plaza GP, Inc., a Texas corporation, its co-general partner

By: _____
Sue Shelton, Executive Vice President

By: Falcon Sunland Genpar Inc, a Texas corporation, its co-general partner

By: _____
Timothy Hughes, President

STATE OF TEXAS       )
                     ) SS
COUNTY OF Dallas     )

This instrument was acknowledged before me on June 27, 2007 by Sue Shelton, Executive Vice President of CDB Sunland Plaza GP, Inc., a Texas corporation, on behalf of said company, in its capacity as co-general partner of CDB Falcon Sunland Plaza, L.P., a Texas limited partnership.

KRISTEN N MITCHELL
My Commission Expires
February 22, 2009

_____
Notary Public, State of Texas

STATE OF TEXAS       )
                     ) SS
COUNTY OF Dallas     )

This instrument was acknowledged before me on June 27, 2007 by Timothy Hughes, President of Falcon Sunland Genpar Inc, a Texas corporation, on behalf of said company, in its capacity as co-general partner of CDB Falcon Sunland Plaza, L.P., a Texas limited partnership.

KRISTEN N MITCHELL
My Commission Expires
February 22, 2009

_____
Notary Public, State of Texas

This Instrument Prepared by
and Mail to:
Kathleen McGuire, Assistant Counsel
The Inland Real Estate Group, Inc.
2901 Butterfield Road
Oak Brook, Illinois 60523

Property Address: See Exhibit A
P.I.N. No.  See Exhibit A

# EXHIBIT A

Address: Sunland Plaza, Sunland Park Drive, El Paso, Texas

## LEGAL DESCRIPTION

The parcel of land herein described is a 4.371-acre portion of Lot 1, Block 1, Coronado Del Sol (Book 61, Pages 4 – 4C, Plat Records, El Paso County, Texas), El Paso, El Paso County, Texas, and is more particularly described by metes and bounds as follows:

COMMENCING at a city monument at a centerline P.T. of South Mesa Hills Drive (120-foot right-of-way; Coronado Del Sol), from which a city monument at the centerline intersection of South Mesa Hills Drive and Bluff Ridge Drive (70-foot right-of-way; Coronado Del Sol) bears South 88°29'31" East, a distance of 1614.61 feet; Thence, 431.48 feet along the centerline of South Mesa Hills Drive and along the arc of a curve to the left, having a radius of 600.00 feet, a central angle of 41°12'11", and a chord which bears South 57°44'22" East, a distance of 422.24 feet; Thence, South 11°39'32" West, a distance of 59.21 feet to a 5/8" rebar with cap marked "Conde TX 2665" found on the southerly right-of-way of South Mesa Hills and the POINT OF BEGINNING of this description;

THENCE, 129.91 feet along said right-of-way and along the arc of a curve to the left, having a radius of 621.64 feet, a central angle of 11°58'26", and a chord which bears South 83°38'10" East, a distance of 129.68 feet to a found 1/2" rebar with cap marked "SLI TX 2998";

THENCE, 107.40 feet continuing along said right-of-way and along the arc of a curve to the left, having a radius of 660.00 feet, a central angle of 09°19'24", and a chord which bears North 85°42'55" East, a distance of 107.28 feet to a chiseled "X" set on the westerly boundary of that certain parcel of land described December 23, 1991, in Book 2383, Page 1059, Deed Records, El Paso County, Texas;

THENCE, South 10°14'55" East, along said boundary, a distance of 630.92 feet to a concrete nail and shiner found on the southerly boundary of that certain parcel of land described July 14, 2006, in Clerk's File No. 20060067480, El Paso County Clerk's Records, El Paso County, Texas;

THENCE, South 75°44'21" West, along said boundary, a distance of 117.66 feet to a set 5/8" rebar with cap marked "RPLS 4178";

THENCE, South 74°23'36" West, continuing along said boundary, a distance of 96.46 feet to a 1/2" rebar with cap marked "SLI TX 2998" found on the easterly boundary of that certain parcel of land described June 30, 1995, in Book 2922, Page 1125, Deed Records, El Paso County, Texas;

THENCE, North 37°08'17" West, along said boundary, a distance of 177.52 feet to a found PK nail;

THENCE, North 52°51'43" East, continuing along said boundary, a distance of 70.11 feet to a found 5/8" rebar with cap marked "Conde TX 2665";

THENCE, North 37°08'17" West, continuing along said boundary, a distance of 298.61 feet to a found PK nail;

THENCE, North 19°09'11" East, continuing along said boundary, a distance of 275.51 feet to the POINT OF BEGINNING of this description.

Said parcel of land contains 4.371 acres (190,405 square feet) of land more or less.