# EXHIBIT A – PART 1

109 Case 08-35653-KRH   Doc 9892-1   Filed 01/31/11   Entered 01/31/11 15:20:23   Desc
Capital Title   Exhibit(s) A part 1 of 2   Page 2 of 19

196694 RF
GF# 06-030269-CC
38 pgs

After recordation, return to:

Kathleen McGuire, Assistant Counsel
The Inland Real Estate Group, Inc.
2901 Butterfield Road
Oak Brook, Illinois 60523

Doc# 20070061798

ABOVE SPACE IS FOR RECORDING PURPOSES ONLY

THIS INSTRUMENT CONTAINS INDEMNIFICATION PROVISIONS AND
PROVISIONS LIMITING THE BENEFICIARY'S LIABILITY FOR NEGLIGENCE

## FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

THIS First Deed of Trust, Assignment of Rents and Security Agreement ("**Deed of Trust**"), is made as of June 2a, 2007, by CDB FALCON SUNLAND PLAZA, L.P., a Texas limited partnership (the "**Grantor**"), whose address is 16000 N. Dallas Parkway, Suite 225, Dallas, Texas 75248, in order to secure the indebtedness and obligations hereinafter described, and Grantor does hereby GRANT, BARGAIN, SELL, ASSIGN and CONVEY unto Arthur Rendak, as Trustee ("**Trustee**"), with power of sale, for the benefit of INLAND MORTGAGE CAPITAL CORPORATION, a Maryland corporation, (the "**Beneficiary**"), having its principal offices at 2901 Butterfield Road, Oak Brook, Illinois 60523, the following described property whether now owned or hereinafter acquired by Grantor:

All that certain lot, piece or parcel of land together with all buildings and improvements of every kind and description, heretofore or hereafter erected or placed thereon including, without limitation, the buildings and improvements to be constructed as more fully described in the Loan Agreement (hereinafter defined), situate, lying and being in the City of El Paso, County of El Paso, and State of Texas, being more particularly described in <u>Exhibit A</u> attached hereto and made a part hereof (which, together with the property, real and personal, hereinafter described is referred to herein collectively as the "**Premises**") being a portion of the retail center known as Sunland Plaza located at I-10 and Sunland Park Drive, El Paso, Texas.

TOGETHER with all and singular the tenements, hereditaments, privileges, easements, rights of way, strips and gores of land, licenses and appurtenances now or hereafter thereunto belonging or in any way appertaining, and the reversion or reversions, remainder and remainders, rents, revenues, income, receipts, issues and profits thereof; and also all the estate, right, title, interest, property, claim and demand whatsoever of the Grantor, of, in and to the same and of, in and every part and parcel thereof.

TOGETHER with all right, title and interest of the Grantor, if any, in and to common areas and access roads on adjacent properties heretofore or hereafter granted to Grantor; in and to the land lying in the bed of any street, road, alley or avenue, opened or proposed or hereafter vacated, in front of or adjoining the Premises to the center line thereof or used to provide a means of access to the Premises; in and to adjacent sidewalks, alleys, streets and vaults and all underground and overhead passageways; and any and all rights and interests of every name and

Grantor for payment of money, for property sold or lent, for services rendered, for money lent, or for advances or deposits made, and any other intangible property of the Grantor related to the Premises or the improvements thereon or the Equipment, and all accounts and monies held in possession of Beneficiary for the benefit of Grantor.

TOGETHER with all rents, issues and profits, royalties, avails, income and all other benefits derived or owned by Grantor directly or indirectly from the Premises or improvements thereof for so long and during all such times as Grantor may be entitled thereto (which are pledged primarily and on a parity with the Premises and not secondarily).

TOGETHER with all the estate, interest, right, title, other claim or demand, including claims or demands with respect to the proceeds of insurance in effect with respect thereto, which Grantor now has or may hereinafter acquire in the Premises.

TO HAVE AND TO HOLD the above warranted, granted, sold, conveyed, mortgaged, pledged, assigned and described Premises and all the buildings, improvements, appurtenances, Equipment, intangibles, properties, rights, interests, rents, issues, profits and all other compensation hereinabove described, unto the Trustee and his substitutes or successors, forever, and Grantor hereby binds itself and its heirs, executors, administrators, personal representatives, successors and assigns to WARRANT AND FOREVER DEFEND the foregoing described property unto Trustee, his substitutes or successors and assigns, against the claim or claims of all persons claiming or to claim the same or any part thereof.

To secure the payment when and as due and payable of an indebtedness in the sum of SIX MILLION SEVEN HUNDRED SEVENTY-ONE THOUSAND AND NO/100 DOLLARS ($6,771,000.00) in lawful money of the United States to be paid with interest thereon in installments, the last of which is due and payable on December ___, 2008, unless extended, according to a certain note(s) or obligation(s) (collectively the "**Note**") bearing even date herewith executed by Grantor and payable to the order of Beneficiary, and any extensions and renewals thereof, in whole or in part, and any and all other sums which may be at any time due or owing or required to be paid as herein or in the Note or in the Other Loan Documents (hereinafter defined) provided, and to secure the performance and observance of all the covenants, provisions and agreements herein and in the Note and the Other Loan Documents contained (whether or not the Grantor is personally liable for such payment, performance and observance).

PROVIDED ALWAYS, and these presents are upon this express condition, that if the Grantor and the heirs, executors, administrators, successors or assigns of the Grantor shall well and truly pay unto the Beneficiary, its successors or assigns, the sum of money stated in the Note, the interest thereon, and any and all other sums secured hereby, at the time and in the manner set forth in the Note, and shall well and truly abide by and comply with each and every covenant and condition set forth herein or in the Note, and in any and all other instruments evidencing or securing the Note (collectively referred to herein as the "**Other Loan Documents**"), including, without limitation, that certain Construction Loan Agreement executed of even date herewith by and between Grantor, as Borrower, and Beneficiary, as Lender (the "**Loan Agreement**"), then these presents and the lien of this Deed of Trust granted shall be released by the Beneficiary at the expense of Grantor.

**FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT** - Page 3
DAL 76185204v5 6/26/2007

AND the Grantor covenants with the Beneficiary as follows:

1. **Duty of Payment and Performance.** That the Grantor will duly and promptly pay each and every installment of the principal of and interest on the Note, and all other sums hereby secured, as the same become due, and will duly perform and observe all of the covenants, agreements and provisions herein or in the Note or in the Other Loan Documents provided on the part of the Grantor to be performed and observed, and Grantor's failure to do so within the time provided for such performance shall be a default hereunder.

2. A. **Insurance and Casualty.** That the Grantor will keep the buildings to be constructed pursuant to the Loan Agreement and all other improvements now or hereafter located on the Premises, and the Equipment, insured for the benefit of the Beneficiary against loss, damage or destruction by fire, flood ( if available and required under the National Flood Act of 1986, as amended), lightning, windstorm, hail, explosion, terrorism, riot, riot attending a strike, civil commotion, aircraft, vehicles and smoke as provided by the Standard Fire and Extended Coverage Policy and all other risks of direct physical loss as insured against under Special Extended Coverage Endorsement all in amounts not less than the amount of the Note or 100% of full replacement cost, whichever is greater, together with an agreed amount endorsement with separate values for each building and improvement, and when and to the extent reasonably required by the Beneficiary, against any other risk insured against by persons operating like properties in the locality of the Premises; that all insurance herein provided for shall be in form, content, amounts and in companies reasonably approved by the Beneficiary with all premiums thereon paid not less than yearly in advance with evidence of payment thereof delivered to Beneficiary on demand; that regardless of the types or amounts of insurance required and approved by the Beneficiary, the Grantor will assign and deliver to the Beneficiary all policies of insurance which insure against any loss, damage or destruction to the Premises and the Equipment, as collateral and further security for the payment of the money secured by this Deed of Trust, with loss payable to the Beneficiary pursuant to a beneficiary clause satisfactory to the Beneficiary without contribution, and notwithstanding any acts or omissions of Grantor and with standard waiver of subrogation endorsements; that not less than fifteen (15) days prior to the expiration dates of each policy required of the Grantor pursuant to this Article, the Grantor will deliver to the Beneficiary a renewal policy or policies marked "premium paid" or accompanied by other evidence of payment satisfactory to the Beneficiary; and that the aforesaid insurance shall not be subject to cancellation except after at least thirty (30) days' prior written notice to Beneficiary. The full replacement cost of buildings, improvements and Equipment shall be determined from time to time at Beneficiary's request by an insurance appraiser selected by Beneficiary and paid for by Grantor. The insurance appraiser shall submit a written report of his appraisal and if said report shows that the buildings, improvements and Equipment are not insured as herein required, Grantor shall promptly obtain such additional insurance as is required. No policy of insurance required hereunder shall contain deductible provisions which have not been approved by Beneficiary. In addition to the insurance coverage, hereinabove required, Grantor shall maintain loss of rents insurance in an amount equal to not less than one hundred percent (100%) of the annual gross rental of the Premises based on one hundred percent (100%) occupancy. Grantor shall not carry separate insurance concurrent in kind or form and contributing in the event of loss, with any insurance required hereby. Grantor shall also obtain and maintain for itself, its beneficiaries and Beneficiary, broad form comprehensive general liability insurance in an amount not less than Two Million Dollars ($2,000,000), property

damage insurance and workmen's compensation insurance and umbrella liability insurance in an amount not less than Three Million and No/100 Dollars ($3,000,000.00), in each case, in form, and content and amount reasonably satisfactory to Beneficiary. Grantor shall also obtain and maintain such other insurance with respect to the Premises and the buildings, improvements and Equipment thereon in such amounts and against such insurable hazards as Beneficiary from time to time may reasonably require, including, without limitation, boiler and machinery insurance, insurance against flood risk (if the Premises is at any time designated as being in a flood zone subject to flood risk), and builder's risk insurance with respect to construction or renovation of any improvements included or to be included in the Premises. Grantor shall furnish to Beneficiary, upon request, a certificate signed by an authorized individual containing a detailed list of the insurance policies then outstanding and in force on the Premises. In the event of a foreclosure of this Deed of Trust the purchaser of the Premises shall succeed to all the rights of the Grantor, including any right to unearned premiums, in and to all policies of insurance assigned and delivered to the Beneficiary pursuant to the provisions of this Article and Grantor hereby irrevocably constitutes and appoints Beneficiary as the true and lawful attorney-in-fact of Grantor will full power of substitution for Grantor and in its name, place and stead to so assign each policy and all such rights. If the Grantor defaults in so insuring the Premises or in so assigning and delivering the policies, the Beneficiary may, at the option of the Beneficiary, obtain such insurance to protect Beneficiary's interest in the Premises using such carriers and agencies as Beneficiary shall elect from year to year and pay the premiums therefor, and Grantor will reimburse the Beneficiary for any premiums so paid, with the interest at the Default Rate stated in Article 5 hereof from the time of payment, within ten (10) days after the date Beneficiary gives Grantor notice of the placement of such insurance, and the same shall be secured by this Deed of Trust. The insurance purchased by Beneficiary may, but need not, protect Grantor's interests. The coverage that Beneficiary purchases may not pay any claim that Grantor makes or any claim that is made against Grantor in connection with the Premises. Grantor may later cancel any insurance purchased by Beneficiary, but only after providing Beneficiary with evidence that Grantor has obtained insurance as required by this Deed of Trust. If Beneficiary purchases insurance for the Premises, Grantor will be responsible for the costs of that insurance, including interest at the Default Rate and any other charges Beneficiary may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The cost of the insurance shall be additional indebtedness evidenced by the Note and secured by this Deed of Trust. Grantor acknowledges that the cost of the insurance obtained by Beneficiary may be more than the cost of such insurance Grantor may be able to obtain on its own.

  2.B. <u>Repair of Damage</u>. If any building or improvement on the Premises or any of the Equipment shall be destroyed or damaged in whole or in part, by fire or other casualty (including any casualty for which insurance was not obtained or obtainable) of any kind or nature, ordinary or extraordinary, foreseen or unforeseen, Grantor shall give to Beneficiary immediate notice thereof. Grantor, at its own cost and expense, whether or not such damage or destruction shall have been insured, and whether or not insurance proceeds, if any, shall be sufficient for the purpose, shall promptly repair, alter, restore, replace and rebuild the same, at least to the extent of the value and as nearly as possible to the character of the building or improvement or Equipment existing immediately prior to such occurrence. Beneficiary shall in no event be called upon to repair, alter, replace, restore or rebuild such Premises or Equipment, or any portion thereof, nor to pay any of the costs or expenses thereof. Beneficiary is authorized to

<u>FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT</u> - Page 5
DAL 76185204v5 6/26/2007

settle and adjust any claim under such insurance policies which insure against such risk; provided, however, so long as Grantor is not in default of this Deed of Trust, Grantor may settle and adjust any claim under such policies in an amount equal to or less than $75,000.00, and apply the proceeds thereof to the repair, restoration or rebuilding of the damaged building or improvement or Equipment. In all events, Beneficiary is authorized to collect and receipt any such insurance monies, and such insurance proceeds, at the option of the Beneficiary, may be: (i) applied in reduction of the indebtedness secured hereby, whether due or not, and in the order determined by Beneficiary (and no prepayment penalty shall be required to be paid by Grantor in connection with such application unless the casualty results from Grantor's willful misconduct); or (ii) held by Beneficiary and applied to pay for the cost of repair, rebuilding or restoration of the buildings and other improvements or Equipment on the Premises. In the event, in Beneficiary's sole and absolute discretion, the proceeds are to be made available to Grantor for the cost of repair, Beneficiary shall be entitled to reimburse itself to the extent of the reasonably necessary and proper expenses paid or incurred by Beneficiary in the collection and administration of such monies, including attorney's fees. (Any funds received by Beneficiary from insurance provided by Grantor less any funds Beneficiary is entitled to reimburse itself shall be defined herein as "<u>Net Insurance Proceeds</u>"). If, in Beneficiary's sole and absolute discretion, the Net Insurance Proceeds are to be made available to the Grantor for the cost of repair, rebuilding, and restoration, any surplus which may remain out of the Net Insurance Proceeds after payment of such cost of repair, rebuilding and restoration and the reasonable charges of the escrowee by disbursing such funds, if applicable, shall, at the option of the Beneficiary, be applied on account of the indebtedness hereby secured, whether due or not, and in the order determined by Beneficiary (and no prepayment penalty shall be required to be paid by Grantor in connection with such application unless the casualty results from Grantor's willful misconduct) or paid to any party entitled thereto as the same appear on the records of the Beneficiary. In the event the Net Insurance Proceeds are to be made available to Grantor for the cost of repair, such proceeds shall be disbursed to Grantor pursuant to such terms and conditions as Beneficiary may in its sole discretion require, but consistent with the terms and provisions of the Loan Agreement. In the event Beneficiary elects to apply the Net Insurance Proceeds to the payment of the indebtedness secured by this Deed of Trust and such Insurance Proceeds do not discharge the payment of the indebtedness secured by this Deed of Trust in full, then at Beneficiary's option the entire amount of the indebtedness secured by this Deed of Trust shall become immediately due and payable. If while any insurance proceeds or condemnation awards are held by or for Beneficiary to reimburse Grantor or any lessee for the costs of repair, rebuilding or restoration of building(s) or other improvements on the Premises, Beneficiary shall be or become entitled to accelerate the maturity of the indebtedness, then and in such event, Beneficiary shall be entitled to apply all such insurance proceeds and condemnation awards then held by or for it in reduction of the indebtedness secured hereby.

    3.    <u>No Removal</u>. That no building, improvement or any of the Equipment now or hereafter covered by the lien of this Deed of Trust shall be removed, demolished or materially altered or enlarged, nor shall any new building or improvement be constructed without the prior written consent of the Beneficiary, except that the Grantor shall have the right, without such consent, to remove and dispose of, free from the lien of this Deed of Trust, such Equipment as from time to time may become worn out or obsolete, provided that either (a) simultaneously with or prior to such removal any such Equipment shall be replaced with other Equipment of a value at least equal to that of the replaced Equipment and free from any title retention or security

agreement or other encumbrance, and by such removal and replacement the Grantor shall be deemed to have subjected such equipment to the lien of this Deed of Trust, or (b) any net cash proceeds received from such disposition shall be paid over promptly to the Beneficiary to be applied to the last installments due on the indebtedness secured without any charge for prepayment.

    4.  <u>Acceleration</u>. That the entire principal sum together with all accrued and unpaid interest thereon and any additional sums which this Deed of Trust secures shall become immediately due and payable at the option of the Beneficiary, and Beneficiary may exercise all remedies hereunder, (a) if default be made in the due and punctual payment of the Note, or any installment due in accordance with the terms thereof, either of principal or interest or in the payment of any other sum required to be paid by Grantor or the maker of the Note as set forth in the Note or pursuant to the terms of any other loan document executed in connection with this Deed of Trust or the indebtedness secured hereby, and any such default continues after the expiration of any applicable grace or cure period; or (b) after default in the payment of any tax, water rate or assessment for ten (10) days after notice and demand; or (c) after default either in assigning and delivering the policies of insurance herein described or referred to, or in reimbursing the Beneficiary for premiums paid on such insurance, as herein provided, within ten (10) days after notice and demand; or (d) after default upon request in furnishing a statement of the amount due on this Deed of Trust and whether any offsets or defenses exist against the Deed of Trust debt, as hereinafter provided, within ten (10) days after notice and demand; or (e) after default in the payment of any installment which may be then due or delinquent of any assessment for local improvement which may now or hereafter affect the Premises for ten (10) days after notice and demand; or (f) upon the actual or threatened waste, removal or demolition of, or material alteration to or enlargement of, any part of the Premises, buildings, improvements or Equipment thereon, or construction of any new buildings or improvements thereon, except as permitted by Article 3; or (g) upon default in keeping in force the insurance required herein; or (h) upon assignment by the Grantor of the whole or any part of the rents, income or profits arising from the Premises without the written consent of the Beneficiary; or (i) failure to remove any Federal or state tax lien on the Premises within thirty (30) days after notice and demand; or (j) after default in the observance or performance of any other covenants or agreements of the Grantor hereunder not providing for immediate acceleration, for thirty (30) days after notice and demand; or (k) upon the election by the Beneficiary to accelerate the maturity of said principal sum pursuant to the provisions of the Note or of any other instrument which may be held by the Beneficiary as additional security for the Note; or (l) if Grantor is not paying its debts as such debts become due, becomes insolvent, files or has filed against it a petition under any chapter of the U.S. Bankruptcy Code, 11 U.S.C. Section 101 <u>et seq.</u> or any similar petition under any insolvency law of any jurisdiction ( and in the case of a petition filed against it, such petition is not dismissed within 60 days), promises any dissolution, liquidation, composition, financial reorganization or recapitalization with creditors, makes an assignment for the benefit of creditors or if a receiver, trustee, custodian or similar agent is appointed or takes possession with respect to the Premises; or (m) if any default shall occur under any other mortgage, deed of trust or other lien encumbering the Premises or if any foreclosure of any mortgage, deed of trust or any lien of any kind on the Premises or any part thereof should be commenced (provided, however, the foregoing shall not be construed to mean that Beneficiary in any way consents to any other mortgage, deed of trust or lien); or (n) any levy or sale upon execution or other proceedings of any nature shall occur whereby the Grantor shall be deprived of its title or right of possession to

<u>FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT</u> - Page 7
DAL 76185204v5 6/26/2007

the Premises or the Equipment or any part thereof; or (o) any default by Grantor or any Guarantor shall occur under any Other Loan Document beyond any applicable grace or cure period (any of the foregoing events (a) through (o) and any act, occurrence or event described in Article 45 shall constitute an "**Event of Default**").

      5.      Beneficiary's Right to Cure Grantor's Defaults. Grantor covenants and agrees that Beneficiary shall have the right, but not the obligation, at any time, and from time to time, to cure any then existing default by the Grantor of any of Grantor's covenants, agreements and provisions herein to be performed and observed. In the event of any default in the performance of any of the Grantor's covenants, agreements or provisions herein, the Beneficiary may, at the option of the Beneficiary, perform the same, and all cost thereof, with interest at the Default Rate defined in the Note ("**Default Rate**"), shall be so much additional indebtedness secured hereby and shall become immediately due and payable from the Grantor to the Beneficiary without notice and shall be paid to Beneficiary on demand.

      6.      Payment of Impositions. That Grantor will pay all taxes, assessments, water rates, sewer rents, gas, electric and all other charges ordinary and extraordinary of every kind and nature whatsoever and any prior liens now or hereafter assessed or liens on or levied against the Premises or Equipment or any part of either thereof, when the same are due and payable; that in the event of Grantor's default in the payment thereof when the same shall be due and payable, it shall be lawful for the Beneficiary, without notice or demand to the Grantor, to pay the same or any of them but Beneficiary shall have no obligation to pay such amounts; and the moneys paid by the Beneficiary in discharge of taxes, assessments, water rates, sewer rents, gas, electric and other charges and prior liens shall be a lien on the Premises added to the amount of said Note and secured by this Deed of Trust, payable on demand, with interest at the Default Rate; and that upon request of the Beneficiary, the Grantor will exhibit to the Beneficiary receipts for the payment of all items specified in this Article prior to the date when the same shall become delinquent.

      7.      Appointment of Beneficiary in Possession or Receiver. That upon or at any time after the occurrence of an Event of Default, Beneficiary shall have the right to have a receiver appointed, or to take possession of the Premises without being deemed a mortgagee in possession; without notice and without regard to the solvency or insolvency of the Grantor at the time of application for a receiver or Beneficiary taking possession, and without regard to the then value of the Premises, even if the apparent value of the Premises exceeds the indebtedness secured hereby by a substantial amount, that Beneficiary or the receiver, shall have power to collect the rents, revenues, income, receipts, issues and profits of the Premises during the pendency of such foreclosure suit through the date of a foreclosure sale of the Premises, and shall have all other powers which are granted by law or which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the Premises; and that Beneficiary, or the receiver, out of such rents, revenues, income, receipts, issues and profits, may pay, in any such order as determined by Beneficiary or such receiver, costs incurred in the management and operation of the Premises, prior and subordinate liens, if any, taxes, assessments, and insurance, and may pay all or any part of the indebtedness secured hereby or by any deficiency decree. The Beneficiary, or the receiver, may serve in such capacities without bond if permitted by law and by Beneficiary.

8. <u>Certification of Note Balance and Estoppel</u>. That the Grantor, within ten (10) days after the request of Beneficiary, shall furnish to the Beneficiary or to any proposed assignee of this Deed of Trust, a written and duly acknowledged estoppel certificate in form and substance satisfactory to Beneficiary, including without limitation a statement and acknowledgment of the amount due and owing under the Note and under this Deed of Trust, whether any event has occurred which, with the passage of time or the giving of notice, or both, would constitute an event of default hereunder or under any other loan documents, and whether any alleged offsets or defenses exist against the indebtedness secured hereby or against this Deed of Trust.

9. <u>Grantor's Representation of Title</u>. That the Grantor represents and warrants to Beneficiary and any purchaser at any foreclosure sale that the Grantor has good and indefeasible title to the Premises, and buildings and improvements thereon, and good title to the Equipment and has the right to Deed of Trust the same and that the Grantor shall and will make, execute, acknowledge and deliver in due form of law, all such further or other deeds or assurances as may at any time hereafter be reasonably desired or required for more fully and effectually conveying the Premises, buildings and improvements thereon, and the Equipment by this Deed of Trust described, and hereby granted or intended so to be, unto the Beneficiary, for the purpose aforesaid, and will warrant and defend the said granted Premises, buildings and improvements thereon and Equipment by special warranty of title.

10. <u>Filing Fees</u>. That Grantor will pay all filing, registration, recording and search and information fees, and all expenses incident to the execution and acknowledgment of this Deed of Trust and all other documents securing the indebtedness secured hereby and all federal, state, county and municipal taxes, other taxes, duties, imposts, assessments and charges arising out of or in connection with the execution, delivery, filing, recording or registration of the indebtedness secured hereby, this Deed of Trust and all other documents securing the indebtedness secured hereby and all assignments thereof.

11. <u>Imposition of Mortgage Taxes</u>. That in the event of the passage after the date of this Deed of Trust of any law of any legislative authority having jurisdiction over the Premises, deducting from the value of real property for the purposes of taxation any lien thereon or changing in any way the laws for the taxation of Deeds of Trust or debts secured by Deeds of Trust for state or local purposes or the manner of the collection of any such taxes, and imposing a tax, either directly or indirectly, on this Deed of Trust or the Note, the holder of this Deed of Trust and of the debt which it secures shall have the right to declare the principal sum and the interest due on a date to be specified by not less than thirty (30) days' written notice to be given to the Grantor by the Beneficiary, provided, however, that such election shall be ineffective if the Grantor is permitted by law to pay the whole of such tax in addition to all other payments required hereunder and if, prior to such specified date, does pay such tax and agrees to pay any such tax when thereafter levied or assessed, and such agreement shall constitute a modification of this Deed of Trust. If, by the laws of the United States of America, or of any state having jurisdiction over the Grantor, any tax is due or becomes due in respect of the issuance of the Note or this Deed of Trust or any related agreements or documents, the Grantor shall pay such tax in the manner required by such law.

12. <u>Beneficiary's Right to Recover Expenses</u>. That if the Beneficiary shall incur or expend any sums, including, without limitation, attorney's fees and disbursements, whether in

<u>FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT</u> - Page 9
DAL 76185204v5 6/26/2007

connection with any action or proceeding or not, to sustain the lien of this Deed of Trust or its priority, or to protect or enforce any of its rights hereunder, or to recover any indebtedness hereby secured, or for any title examination or title insurance policy relating to the title to the Premises, all such sums shall on notice and demand be paid by the Grantor, together with the interest thereon at the Default Rate and shall be a lien on the Premises, prior to any right or title to, interest in, or claim upon, the Premises subordinate to the lien of this Deed of Trust, and shall be deemed to be secured by this Deed of Trust and evidenced by the Note; and that in any action or proceeding to foreclose this Deed of Trust, or to recover or collect the debt secured thereby, the provisions of law respecting the recovery of costs, disbursement and allowances shall prevail unaffected by this covenant. The Beneficiary, in making any payment (a) relating to taxes and assessments, may do so according to any bill, statement or estimate, without inquiry into the validity of any tax, assessment, sale, forfeiture, tax lien or title or claim thereof; (b) for the purchase, discharge, compromise or settlement of any other prior lien, may do so without inquiry as to the validity or amount of any claim for lien which may be asserted; or (c) in connection with the completion of construction, furnishing or equipping of the buildings, improvements on the Premises or the rental, operation or management of the Premises or the buildings and improvements thereon or the payment of operating costs and expenses thereof, Beneficiary may do so in such amounts and to such persons as Beneficiary may deem appropriate and may enter into such contracts therefor as Beneficiary may deem appropriate or may perform the same itself.

    13.    <u>Grantor to Maintain Premises</u>. That the Grantor will maintain the Premises and the buildings and other improvements thereon and the Equipment in good condition and repair, will not commit nor suffer any waste on or to the Premises (except as contemplated in the Plans and Specifications), will comply with, or cause to be complied with, all statutes, ordinances and requirements of any governmental authority relating to the Premises; that Grantor shall observe and comply with all conditions and requirements necessary to maintain in force the insurance required herein and to preserve and extend any and all rights, licenses, permits (including, but not limited to, zoning variances, special exceptions, and non-conforming uses) privileges, franchises, and concessions which are applicable to the Premises or which have been granted to or contracted for by Grantor in connection with any existing or presently contemplated use of the Premises and that in the event that any building or other improvement on the Premises must be altered or removed to enable Grantor to comply with the foregoing provisions of this Article, Grantor shall not commence any such alterations or removals without Beneficiary's prior approval of the need therefor and the plans and specifications pertaining thereto and after such approval, Grantor at its sole cost and expense, shall effect the alterations or removal so required and approved by Beneficiary; that Grantor shall not, by act or omission, permit any building or other improvement on land not subject to the lien of this Deed of Trust to rely on the Premises or any part thereof or any interest therein to fulfill any governmental or municipal requirement, and Grantor hereby assigns to Beneficiary any and all rights to give consent for all or any portion of the Premises or any interest therein to be so used and similarly, no building or other improvement on the Premises shall rely on any land not subject to the lien of this Deed of Trust or any interest therein to fulfill any governmental or municipal requirement; nor shall Grantor, by act or omission, impair the integrity of the Premises as a single zoning lot separate and apart from all other land and any such act or omission by Grantor shall be void; that Grantor will not suffer or permit any change in the general nature of the occupancy of the Premises without the Beneficiary's prior written consent; that Grantor will promptly repair, restore, replace, or rebuild as nearly as possible to the value, condition and character immediately prior to such damage or

destruction any part of the Premises, the buildings and improvements thereon and the Equipment now or hereafter subject to the lien of this Deed of Trust which may be damaged or destroyed by any casualty whatsoever or which may be affected by any proceeding of the character referred to in Article 14; that the Grantor will complete and pay for, within a reasonable time, any structure at any time in the process of construction on the Premises; and that the Grantor will not initiate, join in, or consent to any change in any private restrictive covenant, zoning ordinance, or other public or private restrictions, limiting or affecting the uses which may be made of the Premises or any part thereof or the buildings or improvements thereon; that the Grantor will maintain, clean, repair, police and adequately light parking areas within the Premises, together with any sidewalks, aisles, streets, driveways and sidewalk cuts and paved areas for ingress, egress and right-of-way to and from the adjacent public thoroughfares necessary or desirable for the use thereof; and Grantor will reserve and use all such parking areas solely and exclusively for the purpose of providing ingress, egress and parking facilities for automobiles and other passenger vehicles of Grantor or tenants or invitees of tenants of the Premises; and Grantor will not reduce, build upon, obstruct, redesignate or relocate any such parking areas, sidewalks, aisles, streets, driveways, sidewalk cuts or paved areas or right-of-way or lease or grant any rights to use the same to any other person except tenants and invitees of tenants of the Premises without the prior written consent of Beneficiary. All leases or occupancy agreements of any kind with respect to the Premises shall be subject to prior approval by Beneficiary, except that no prior approval shall be required for leases that comply with the requirements specified in Section 29 of the Loan Agreement (such leases being referred to herein as "Qualified Leases"). All leases including, but not limited to, Qualified Leases, shall be subordinated to the lien of this Deed of Trust. All tenant deposits shall be collaterally assigned to Beneficiary and Beneficiary shall have a security interest in such deposits.

14. <u>Condemnation</u>. That notwithstanding any taking by condemnation or eminent domain, alteration of the grade of any street or other injury to or decrease in value of the Premises including any easement therein, or appurtenance thereto or severance of any part thereof, or any buildings or other improvements thereon by any public or quasi-public authority or corporation, the interest required by the Note shall be calculated on the entire principal sum secured until any such award or payment shall have been actually received by the Beneficiary and any reduction in the principal sum resulting from the application by the Beneficiary of such award or payment as hereinafter set forth shall be deemed to take effect only on the date of such receipt; that such award or payment may, at the option of the Beneficiary, be retained and applied by the Beneficiary toward payment of the monies secured by this Deed of Trust then most remotely to be paid, or be paid over wholly or in part to the Grantor or an escrowee of Beneficiary's choice for the purpose of altering, restoring or rebuilding any part of the Premises which may have been altered, damaged or destroyed as a result of any such taking, alteration of grade, or other injury to the Premises, or for any other purpose or object satisfactory to the Beneficiary, but the Beneficiary shall not be obligated to see to the application of any amount paid over to the Grantor; and that if prior to the receipt by the Beneficiary of such award or payment the Premises or any part thereof shall have been sold on foreclosure of this Deed of Trust, the Beneficiary shall have the right to receive said award or payment to the extent of any deficiency found to be due upon such sale, with legal interest thereon, whether or not a deficiency judgment on this Deed of Trust shall have been sought or recovered or denied, and of the counsel fees, costs and disbursements incurred by the Beneficiary in connection with the collection of such award or payment. Any and all awards or payment heretofore or hereafter

made or to be made to Grantor and all subsequent owners of the Premises in connection with the foregoing are hereby assigned to Beneficiary by Grantor and Grantor hereby irrevocably constitutes and appoints Beneficiary as the true and lawful attorney in fact of Grantor with full power of substitution for Grantor and in its name, place and stead to collect and receive the proceeds of any such award granted by virtue of any such taking and to give proper receipts and acquittances therefor. The foregoing power shall be deemed a power coupled with an interest and is not terminable. Beneficiary shall have the right to intervene and participate in any proceeding for and in connection with any taking referred to in this Article; provided, however, that if such intervention shall not be permissible or permitted by the court, Grantor, at its expense, shall consult with Beneficiary, its attorney and experts and shall make all reasonable efforts to cooperate with them in any defense of such proceedings. Grantor shall not enter into any agreement for the taking of the Premises, or any part thereof, or for alteration of the grade of any street or other injury to or decrease in value of the Premises with any person or persons authorized to acquire the same by condemnation or eminent domain, unless Beneficiary shall have first consented thereto in writing.

15. <u>Copies of Leases and Facilities for Beneficiary's Inspection</u>. That on demand the Grantor will furnish to the Beneficiary executed counterparts of any and all leases of the Premises or any part thereof and the buildings and improvements thereon and provide Beneficiary with convenient facilities for the audit and verification of any statements required to be furnished by Grantor hereunder.

16. <u>Beneficiary's Right to Inspect</u>. That the Beneficiary and any persons authorized by the Beneficiary shall have the right to enter and inspect the Premises at all reasonable times; and that if, at any time after default by the Grantor in the performance of any of the terms, covenants or provisions of this Deed of Trust, the Note or the Other Loan Documents, the management or maintenance of the Premises shall be determined by the Beneficiary to be unsatisfactory, the Grantor shall employ, for the duration of such default, as managing agent of the Premises, any person or entity from time to time designated by the Beneficiary. Beneficiary reserves the right to charge Grantor a fee of $200.00, plus expenses, for each inspection by Beneficiary or its agent to confirm correction by Grantor of unsatisfactory conditions pertaining to Premises maintenance, management, state of repair and governmental compliance.

17. <u>No Assignment of Rents</u>. That the Grantor will not assign the whole or any part of the rents, revenues, income, receipts, issues or profits arising from the Premises without the prior written consent of the Beneficiary and any assignment thereof without such consent shall be null and void; that said rents, revenues, income, receipts, issues or profits are hereby assigned to the Beneficiary; and that upon notice and demand, the Grantor will transfer and assign to the Beneficiary, in form satisfactory to the Beneficiary, the lessor's interest in any lease now or hereafter affecting the whole or any part of the Premises.

18. <u>Beneficiary's Right to Enforce Remedies and Take Possession</u>. That the Beneficiary shall have the right from time to time to enforce any legal or equitable remedy against the Grantor and to sue for any sums whether interest, damages for failure to pay principal or any installment thereof, taxes, installments of principal, or any other sums required to be paid under the terms of this Deed of Trust, the Note, or any other instruments securing the Note, as the same become due, without regard to whether or not the principal sum secured or any other

sums secured by the Note and Deed of Trust and other instruments shall be due and without prejudice to the right of the Beneficiary thereafter to enforce any remedy against the Grantor including a foreclosure (either judicial, or pursuant to the power of sale granted in this Deed of Trust), or any other action, for a default or defaults by the Grantor existing at the time such earlier action was commenced. Beneficiary shall be entitled to recover judgment against Grantor, any guarantor, surety or other person or entity liable for all or any portion of the indebtedness hereby secured either before or after or during the pendency of any proceedings for the enforcement of the terms, covenants and provisions of this Deed of Trust; and the right of Beneficiary to recover such judgment shall not be affected by any entry or sale hereunder or the exercise of any other right, power or remedy for the enforcement of the provisions of this Deed of Trust or the foreclosure of the lien hereof; and in the event of a sale of the Premises or any portion thereof and of the application of the proceeds of sale to the payment of the indebtedness hereby secured, Beneficiary shall be entitled to enforce payment of, and to receive all amounts then remaining due and unpaid upon, the Note, and to enforce payment of all other charges, payments and costs due under this Deed of Trust. In the event of proceedings against Grantor in insolvency or bankruptcy or any proceedings for Grantor's arrangement or reorganization or involving the liquidation of its assets, Beneficiary shall be entitled to prove the whole amount of principal and interest due upon the Note to the full amount thereof, and all other payments, charges and costs due under this Deed of Trust without deducting therefrom any proceeds obtained from the sale of the whole or any part of the Premises; provided, however, that in no case shall Beneficiary receive a greater amount than such principal and interest and such other payments, charges and costs from the aggregate amount of the proceeds of the sale of the Premises and the distribution from the estate of Grantor. In any case in which under the provisions of this Deed of Trust, Beneficiary has a right to foreclosure, whether before or after the whole principal sum secured hereby is declared to be immediately due as aforesaid, or whether before or after the foreclosure of the lien hereof or before or after sale thereunder, forthwith, upon demand of Beneficiary, Grantor shall surrender to Beneficiary and Beneficiary shall be entitled to take actual possession of the Premises or any part thereof personally, or by its agents or attorneys and Beneficiary in its discretion may, with or without force and with or without process of law, and without being deemed a mortgagee in possession, enter upon and take and maintain possession of all or any part of the Premises, together with all documents, books, records, papers and accounts of Grantor, or then owner of the Premises including, without limitation, accounts holding tenant security deposits, relating thereto, and may exclude Grantor, its agents or servants, wholly therefrom and may as attorney in fact (and Grantor hereby so appoints Beneficiary with full power of substitution for Grantor and in its name, place and stead which appointment shall be deemed a power coupled with an interest and shall not be terminable) or agent of Grantor, or in its own name as Beneficiary and under the powers herein granted, hold, operate, manage and control the Premises and conduct the business, if any, thereof, either personally or by its agents, contractors or nominees and with full power to use such measures, legal or equitable, as in its discretion or in the discretion of its successors or assigns may be deemed proper or necessary to enforce the payment or security of the avails, rents, issues and profits of the Premises, including actions for the recovery of rent, actions in forcible detainer and actions in distress for rent, with full power and authority to exercise each and every of the rights, privileges and powers herein granted at any and all times hereafter, without notice to Grantor, and with full power: (i) to cancel or terminate any lease or sublease or other contract for any cause or on any ground which would entitle Grantor to cancel the same;

(ii) to elect to disaffirm any lease or sublease or any other contract made subsequent to this Deed of Trust or subordinated to the lien hereof; (iii) to make all necessary or proper repairs, decorating, renewals, replacements, alterations, additions, betterments and improvements to the Premises, including completion of construction in progress, as to it may seem judicious; (iv) to insure and reinsure the same and all risks incidental to Beneficiary's possession, operation and management thereof; (v) to employ watchmen to protect the Premises; (vi) to continue any and all outstanding contracts for the erection and completion of improvements to the Premises; (vii) to make and enter into any contracts and obligations wherever necessary in its own name, and to pay and discharge all debts, obligations and liabilities incurred thereby, all at the expense of Grantor; (viii) to receive all avails, rents, issues, profits and proceeds therefrom and to perform such other acts in connection with the management and operation of the Premises as Beneficiary, in its discretion, may deem proper; and (ix) to extend or modify any then existing leases and make new leases, which extensions, modifications and new leases may provide for terms to expire, or for options to lessees to extend or renew terms to expire, beyond the maturity date of the indebtedness hereunder and beyond the date of the issuance of a deed or deeds to a purchaser or purchasers at a foreclosure sale, it being understood and agreed that any such leases, and the options or other such provisions to be contained therein, shall be binding upon Grantor and all persons whose interests in the Premises are subject to the lien hereof and upon the purchaser or purchasers at any foreclosure sale, notwithstanding any redemption from sale, discharge of the Deed of Trust indebtedness, satisfaction of any foreclosure decree or the issuance of any deed by the Trustee to any purchaser. Beneficiary shall not be obligated to perform or discharge, nor does it hereby undertake to perform or discharge, any obligation, duty or liability under any leases, and Grantor shall and does hereby agree to defend, indemnify and hold Beneficiary harmless of and from any and all liability, loss or damage which it may or might incur under said leases or under or by reason of the assignment thereof and of and from any and all claims and demands whatsoever which may be asserted against it by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in said leases. Should Beneficiary incur any such liability, loss or damage, under said leases or under or by reason of the assignment thereof, or in the defense of any claims or demands, the amount thereof, including costs, expenses and attorneys' fees, shall be secured hereby, and Grantor shall reimburse Beneficiary therefor immediately upon demand. Beneficiary, in the exercise of the rights and powers herein conferred upon it, shall have full power to use and apply the avails, rents, issues and profits of the Premises to the payment of or on account of the following, in such order as Beneficiary may determine: (a) to the payment of the operating expenses of the Premises including cost of management and leasing thereof (which shall include reasonable compensation to Beneficiary and its agent or agents, if management be delegated to an agent or agents, and shall also include lease commissions and other compensation and expenses of seeking and procuring tenants and entering into leases), established claims for damages, if any, and premiums on insurance hereinabove authorized; (b) to the payment of taxes and special assessments now due or which may hereafter become due on the Premises; (c) to the payment of all repairs, decorating, renewals, replacements, alterations, additions, betterments, and improvements of the Premises, and of placing said property in such condition as will, in the judgment of Beneficiary, make it readily rentable; and (d) to the payment of any indebtedness secured hereby or any deficiency which may result from any foreclosure sale.

19. <u>Recognition of Payments and Tender of Payment After Acceleration</u>. That any payment made in accordance with the terms of this Deed of Trust by any person at any time liable for the payment of the whole or any part of the sums now or hereafter secured by this Deed of Trust, or by any subsequent owner of the Premises, or by any other person whose interest in the Premises might be prejudiced in the event of a failure to make such payment, or by any stockholder, officer or director of a corporation, or by any partner of a partnership, or by any member of a limited liability company which at any time may be liable for such payment or may own or have such an interest in the Premises, shall be deemed, as between the Beneficiary and all persons who at any time may be liable as aforesaid or may own the Premises, to have been made on behalf of all such persons. Upon default by Grantor and following the acceleration of maturity as aforesaid, a tender of payment of the amount necessary to satisfy the entire indebtedness secured hereby made at any time prior to foreclosure sale by Grantor, its successors or assigns shall constitute an evasion of any prohibition against prepayment, the absence of the right of prepayment, or the premium required in connection therewith, whichever the case may be at the time, and any tender of payment in full following default shall be deemed to be a voluntary prepayment hereunder and such voluntary prepayment to the extent permitted by law, will therefore include any prepayment premium set forth in the Note. In case, after legal proceedings are instituted to foreclose the lien of this Deed of Trust or posting for foreclosure under the power of sale, tender is made of the entire indebtedness due hereunder, Beneficiary shall be entitled to reimbursement for expenses incurred in connection with such legal proceedings, including such expenditures as are enumerated in this Deed of Trust, or as otherwise permitted to be added to the indebtedness secured hereby under applicable law, and such expenses shall be so much additional indebtedness secured by this Deed of Trust, and no such suit or proceedings shall be dismissed or otherwise disposed of nor shall the foreclosure sale under the power of sale be abated or postponed until such fees, expenses and charges shall have been paid in full.

20. <u>No Waiver of Strict Performance</u>. That any failure by the Beneficiary to insist upon the strict performance by the Grantor of any of the terms, covenants and provisions hereof shall not be deemed to be a waiver of any of the terms, covenants and provisions hereof, and the Beneficiary, notwithstanding any such failure, shall have the right thereafter to insist upon the strict performance by the Grantor of any and all of the terms, covenants and provisions of this Deed of Trust to be performed by the Grantor; that neither the Grantor nor any other person now or hereafter obligated for the payment of the whole or any part of the sums now or hereafter secured by this Deed of Trust shall be relieved of such obligation by reason of the failure of the Beneficiary to comply with any request of the Grantor or of any other person so obligated to take action to foreclose this Deed of Trust or otherwise enforce any of the terms, covenants and provisions of this Deed of Trust or of any obligations secured by this Deed of Trust, or by reason of the release, regardless of consideration, of the whole or any part of the security held for the indebtedness secured by this Deed of Trust, or by reason of any agreement or stipulation between any subsequent owner or owners of the Premises and the Beneficiary extending the time of payment or modifying the terms of the Note or Deed of Trust without first having obtained the consent of the Grantor or such other person, and in the latter event, the Grantor and all such other persons shall continue to be liable for and shall continue to make such payments according to the terms of any such agreement of extension or modification unless expressly released and discharged in writing by the Beneficiary; that regardless of consideration, and without the necessity for any notice to or consent by the holder of any subordinate lien on the Premises, the

Beneficiary may release the obligation of anyone at any time liable for any of the indebtedness secured by this Deed of Trust or any part of the security held for the indebtedness and may extend the time of payment or otherwise modify the terms of the Note, this Deed of Trust, or any other instrument securing the Note, without, as to the security or the remainder thereof, in anyway impairing or affecting the lien of this Deed of Trust or the priority of such lien, as security for the payment of the indebtedness hereby secured as it may be so extended or modified, over any subordinate lien, including without limitation, the right of Beneficiary to amend, modify and supplement the terms of the Note, this Deed of Trust, or any other instrument securing the Note, and to vary the rate of interest and the method of computing the same, and to impose additional fees and other charges, and to extend the maturity of the indebtedness hereby secured, in each and every case without obtaining the consent of the holder of any subordinate lien and without the lien of this Deed of Trust losing its priority over the rights of any subordinate lien; that the holder of any subordinate lien shall have no right to terminate any lease affecting the Premises whether or not such lease be subordinate to this Deed of Trust; that the Beneficiary may resort for the payment of the indebtedness secured hereby to any other security therefor held by the Beneficiary in such order and manner as the Beneficiary may elect; that acceptance by Beneficiary of any payment which is less than payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of Beneficiary's right to exercise its option to declare the whole of the principal sum then remaining unpaid, together with all accrued and unpaid interest thereon, and all other sums due hereunder, immediately due and payable without notice, or the waiver of any other rights of the Beneficiary at that time or any subsequent time, nor nullify any prior exercise of such option or such rights of Beneficiary without its written consent except and to the extent otherwise provided by law. Nothing in this Article contained shall be construed as waiving any provision of this Deed of Trust which provides, among other things, that it shall be an event of default if the Premises, buildings or improvements thereon, or any part thereof or interest therein, or the Beneficial Interest, hereinafter defined, is conveyed, sold, transferred, leased, or encumbered except as may be expressly permitted hereunder; nor shall Beneficiary's receipt of any awards, proceeds or damages under the terms of this Deed of Trust operate to cure or waive default in the payment of sums secured by this Deed of Trust.

21.    Rescission of Election. That acceleration of maturity, once made by Beneficiary, may, at the option of Beneficiary, be rescinded, and any proceedings brought to enforce any rights or remedies hereunder may, at Beneficiary's option, be discontinued or dismissed, whereupon, in either of such events, Grantor and Beneficiary shall be restored to their former positions, and the rights, remedies and power of Beneficiary shall continue as if such acceleration had not been made or such proceedings had not been commenced, as the case may be.

22.A.    Foreclosure Under Power of Sale. Upon the occurrence of any Event of Default, the Trustee shall have the right and power to sell, as he may elect to the extent permitted by law, all or any portion of the Premises, at one or more sales, as an entirety or in parcels, at such place or places and otherwise in such manner and upon such notice as may be required by law, or, in the absence of any such requirement, as the Trustee may deem appropriate, and to make conveyance to the purchaser or purchasers. Any sale of any part of the Premises located in the State of Texas shall be made at the courthouse door of the county in which such part of the Premises to be sold at such sale is located (or such other location within a reasonable proximity

of the courthouse as may have been properly designated by the county commissioners for such sales), on the first Tuesday in any month, between the hours of 10:00 o'clock A.M. and 4:00 o'clock P.M. (the commencement of such sale to occur within three hours following the time designated within hereinafter described notice of sale as the earliest time at which such sale shall occur, if required by the applicable law) to the highest bidder for cash at public auction or other terms approved by Beneficiary, after the Trustee shall have given at least 21 days notice of the time, place and terms of sale, by (i) publicly advertising the same by posting or caused to be posted written or printed notice thereof at the door of the courthouse thereof; (ii) serving written notice of such proposed sale by certified mail on each debtor obligated to pay the indebtedness secured by this Deed of Trust or to pay or perform any other debt or obligation secured by this Deed of Trust according to the records of the Beneficiary; and (iii) filing or causing to be filed a copy of such written notice of the proposed sale in the office of the county clerk of the county in which the sale is to be made, and if the Premises is situated in more than one county, filing or causing to be filed a copy of such written notice of the proposed sale to be so filed in the office of the county clerk of each county in which the Premises is situated. If applicable, such notice shall disclose that a mortgage servicer is acting on behalf of Beneficiary under a servicing agreement and shall include the address of Beneficiary or such servicer, if acting under such an agreement, and shall also disclose the name and address of the Trustee or any substitute trustee. Service of such notice to each debtor shall be completed upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to each such debtor at the most recent address as shown by the records of Beneficiary, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that service was completed shall be prima facie evidence of the fact of service. Where any part of the Premises located in the State of Texas is situated in more than one county, notices as above provided shall be given in all such counties, and such part may be sold in any such county, and such notice shall designate the county where such part shall be sold. In the event any sale hereunder is not completed or is defective in the opinion of Beneficiary or the holder of any part of the indebtedness secured by this Deed of Trust, such sale shall not exhaust the power of sale hereunder, and Beneficiary or such holder shall have the right to cause a subsequent sale or sales to be made by the Trustee. Upon receipt of the sale price in cash, the Trustee is hereby authorized, empowered and directed to make due conveyance to the purchaser or purchasers, with general warranty binding upon the Grantor and the heirs, successors and assigns of Grantor. The right of sale hereunder shall not be exhausted by one or more such sales, and the Trustee may make other and successive sales until all of the Premises be legally sold or all of the indebtedness secured by this Deed of Trust shall have been paid. The Grantor hereby irrevocably appoints the Trustee to be the attorney of the Grantor and in the name and on behalf of the Grantor to execute and deliver any deeds, transfers, conveyances, assignments, assurances and notices which the Grantor ought to do and perform under the covenants herein contained, and generally to use the name of the Grantor in the exercise of all or any of the powers hereby conferred on the Trustee. Upon any sale, whether under the power of sale hereby given or by virtue of judicial proceedings, it shall not be necessary for the Trustee or any public officer acting under execution or order of court to have physically present or constructively in his possession any of the Premises, and the Grantor hereby agrees to deliver all of such personal property to the purchaser at such sale on the date of sale, and if it should be impossible or impracticable to make actual delivery of such property, then the title and right of possession to such property shall pass to the purchaser at such sale as completely as if the same had been

actually present and delivered. The acting Trustee hereunder shall have the right to sell the Premises in whole or in part and in such parcels and order as he may determine without regard to whether such portions or parcels are contiguous and the right of sale hereunder shall not be exhausted by one or more sales, but successive sales may be had until all of the Premises has been legally sold, <u>provided, however</u>, that Grantor shall never have the right to require the sale or sales of less than the whole of the Premises, but Beneficiary shall have the right at its sole discretion to request the Trustee to sell less than the whole of the Premises. In the event any sale hereunder is not completed or is defective in the opinion of Beneficiary or the holder of any part of the indebtedness secured by this Deed of Trust, such sale shall not exhaust the power of sale hereunder, and Beneficiary or such holder shall have the right to cause a subsequent sale or sales to be made by the Trustee or any successor or substitute Trustee. Likewise, Beneficiary may become the purchaser at any such sale if it is the highest bidder, and shall have the right, after paying or accounting for all costs of said sale or sales, to credit the amount of the bid upon the amount of the indebtedness secured by this Deed of Trust owing, in lieu of cash payment. The purchaser or purchasers at foreclosure shall have the right to affirm or disaffirm any lease of the Premises. Recitals contained in any conveyance made by the Trustee to any purchaser at any sale made pursuant hereto shall conclusively establish the truth and accuracy of the matters therein treated, including, without limiting the generality of the foregoing, nonpayment of the unpaid principal sum of, or the interest accrued on, any of the indebtedness secured by this Deed of Trust after the same has become due and payable, notice, posting, filing, advertisement and conduct of such sale in the manner provided herein and by law, or any appointment of any successor Trustee hereunder. Upon any sale, whether made under the power of sale hereby given or by virtue of judicial proceedings, the receipt of the Trustee, or of the officer making a sale under judicial proceedings, shall be a sufficient discharge to the purchaser or purchasers at any sale for his or their purchase money, and such purchaser or purchasers, his or their assigns or personal representatives, shall not, after paying such purchase money and receiving such receipt of the Trustee or of such officer therefor, be obligated to see to the application of such purchase money, or be in any wise answerable for any loss, misapplication or non-application thereof. It is the intention of the parties to conduct any foreclosure sale of the Property in compliance with Section 51.002 of the Texas Property Code and any subsequent applicable amendments or supplements thereof (the "<u>Act</u>"). As a result, and notwithstanding anything to the contrary contained in this Deed of Trust, a sale pursuant to the power of sale hereunder shall be sufficient hereunder if conducted in accordance with the requirements of the Act and other applicable laws of the State of Texas in effect at the time of such sale.

      22.B. <u>Divestment of Rights, Tenant at Sufferance</u>. After sale of the Premises, or any portion thereof, Grantor shall be divested of any and all interest and claim thereto, including any interest or claim to all insurance policies, bonds, loan commitments, contracts, and other intangible property covered this Deed of Trust. Additionally, with respect to the Premises, after a sale of all or any portion thereof, Grantor will be considered a tenant at sufferance of the purchaser of the same, and said purchaser shall be entitled to immediate possession thereof, and if Grantor shall fail to vacate the Premises immediately, said purchaser may and shall have the right, without further notice to Grantor, to go into any justice court in any precinct or county in which the Premises is located and file an action in forcible entry and detainer or forcible detainer, which action shall lie against Grantor or its assigns or legal representatives as a tenant at sufferance. In the event Beneficiary files an action for forcible entry and detainer or an action for forcible detainer to dispossess Grantor, Grantor specifically agrees, pursuant to Section

<u>FIRST DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT</u> - Page 18
DAL 76185204v5 6/26/2007

24.005 of the Texas Property Code, that Beneficiary shall only be obligated to give Grantor one (1) day written notice to vacate before Beneficiary files a forcible detainer suit. Grantor further agrees that in the event Beneficiary prevails in its forcible detainer action, Beneficiary is entitled to recover attorney's fees from Grantor without giving the notice prescribed in Section 24.006 of the Texas Property Code. This remedy is cumulative of any and all remedies the purchaser may have hereunder or otherwise.

    23.    Trustee Provisions. In case of the resignation of the Trustee, or the inability (through death or otherwise), refusal or failure of the Trustee to act, or at the option of Beneficiary or the holder(s) of the indebtedness secured by this Deed of Trust for any other reason (which reason need not be stated), a substitute Trustee may be named, constituted and appointed by Beneficiary or the holder(s) of the indebtedness secured by this Deed of Trust, without other formality than an appointment and designation in writing, which appointment and designation shall be full evidence of the right and authority to make the same and of all facts therein recited, and this conveyance shall vest in the substitute Trustee the title, power and duties herein conferred on the Trustee, originally named herein, and the conveyance by the substitute Trustee to the purchaser(s) at any sale of the Premises or any part thereof shall be equally valid and effective. The Beneficiary or the holder(s) of the indebtedness secured by this Deed of Trust may appoint or authorize a mortgage servicer to appoint a substitute trustee, such appointment or authorization to be made by power of attorney, corporate resolution or other written instrument. A mortgage servicer may authorize an attorney to appoint a substitute trustee or substitute trustees on behalf of Beneficiary or such holder(s). The name and street address of such trustee or substitute trustee shall be disclosed on the notice of sale required by Section 51.002 of the Texas Property Code. The right to appoint a substitute Trustee shall exist as often and whenever from any of said causes, the Trustee, original or substitute, resigns, or cannot, will not or does not act, or Beneficiary or the holder(s) of the indebtedness secured by this Deed of Trust desires to appoint a new Trustee. No bond shall be required of Trustee original or substitute. The recitals in any conveyance made by Trustee, original or substitute, shall be accepted and construed in court and elsewhere as prima facie evidence and proof of the facts recited, and no other proof shall be required as to the request by the Beneficiary or the holder(s) of the indebtedness secured by this Deed of Trust to the Trustee to enforce this Deed of Trust, or as to the notice of or holding of the sale, or as to any particulars thereof, or as to the resignation of the Trustee, original or substitute, to act, or as to the election of Beneficiary or the holder(s) of the indebtedness secured by this Deed of Trust to appoint a new Trustee, or as to appointment of a substitute Trustee, and all prerequisites of said sale shall be a perpetual bar against Grantor and the heirs, personal representatives, successors and assigns of Grantor. Trustee, original or substitute, is hereby authorized and empowered to appoint any one or more persons as attorney-in-fact to act as Trustee under him and in his name, place and stead in order to take any actions that Trustee is authorized and empowered to do hereunder, such appointment to be evidenced by an instrument signed and acknowledged by said Trustee, original or substitute; and all acts done by said attorney-in-fact shall be valid, lawful and binding as if done by said Trustee, original or substitute, in person. Trustee shall be entitled to reasonable compensation by Grantor for all services rendered or expenses incurred in the performance of Trustee's duties under this Deed of Trust. All provisions granting indemnity to Beneficiary under this Deed of Trust shall also be deemed to indemnify Trustee.