UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 10-03682 |
| | ) | |
| CORMARK, INC, UNITED STATES DEBT RECOVERY LLC, AND UNITED STATES DEBT RECOVERY III, LP, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS UNITED STATES DEBT RECOVERY LLC AND UNITED STATES DEBT RECOVERY III, LP**

Defendants, United States Debt Recovery LLC and United States Debt Recovery III, LP (collectively, "Defendants"), by counsel, submit the following as their Answer and Affirmative Defenses to the Complaint (the "Complaint") filed by the plaintiff, Alfred H. Siegel (the"Trustee"), as Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust").

---

David K. Spiro (VSB No. 28152)
Franklin R. Cragle, III (VSB No. 78398)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
Telephone:     (804) 771-9500
Facsimile:      (804) 644-0957
Email:   dspiro@hf-law.com
           fcragle@hf-law.com
*Counsel for United States Debt Recovery LLC and*
*United States Debt Recovery III, LP*

# ANSWER

1. Defendants deny the allegations set forth in paragraph 1 of the Complaint and demand strict proof thereof. Defendants further deny that the Trustee is entitled to the relief he seeks in paragraph 1, or to any other requests for relief contained in the Complaint or elsewhere.

2. With respect to the allegations set forth in paragraph 2 of the Complaint, Defendants state that the Trust speaks for itself and denies all allegations of paragraph 2 which are inconsistent with the provisions of such Trust. Defendants admit the remaining allegations of paragraph 3 of the Complaint relating to the Trustee's appointment as the liquidating trustee in these cases.

3. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 of the Complaint, and therefore deny such allegations and demand strict proof thereof.

4. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4 of the Complaint, and therefore deny such allegations and demand strict proof thereof.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint

11. Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 13 of the Complaint, and therefore deny such allegations and demand strict proof thereof.

14. With respect to the allegations set forth in paragraph 14 of the Complaint, Defendants state that the Plan speaks for itself and deny all allegations of paragraph 14 which are inconsistent with the provisions of the Plan.

15. Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16. Defendants admit the allegations set forth in paragraph 16 of the Complaint.

17. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 17 of the Complaint, and therefore deny such allegations and demand strict proof thereof.

18. With respect to the allegations set forth in paragraph 18 of the Complaint, Defendants deny such allegations as they relate to Defendants. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 18 of the Complaint as they relate to defendant Cormark, Inc. ("Cormark"), and therefore deny such allegations and demand strict proof thereof.

19. With respect to the allegations set forth in paragraph 19 of the Complaint, Defendants deny such allegations as they relate to Defendants. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 19 of the Complaint as they relate to Cormark, and therefore deny such allegations and demand strict proof thereof.

20. With respect to the allegations set forth in paragraph 20 of the Complaint, Defendants deny such allegations as they relate to Defendants. Defendants do not possess

sufficient knowledge or information to admit or deny the allegations set forth in paragraph 20 of the Complaint as they relate to Cormark, and therefore deny such allegations and demand strict proof thereof.

21. With respect to the allegations set forth in paragraph 21 of the Complaint, Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 21 of the Complaint and therefore deny such allegations and demand strict proof thereof.

22. With respect to the allegations set forth in paragraph 22 of the Complaint, Defendants deny such allegations as they relate to Defendants.  Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 22 of the Complaint as they relate to Cormark, and therefore deny such allegations and demand strict proof thereof.

23. With respect to the allegations set forth in paragraph 23 of the Complaint, Defendants state that Claim No. 7025 speaks for itself and deny all allegations of paragraph 23 which are inconsistent with the provisions of Claim No. 7025.

24. With respect to the allegations set forth in paragraph 24 of the Complaint, Defendants deny such allegations as they relate to Defendants.  Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 24 of the Complaint as they relate to Cormark, and therefore deny such allegations and demand strict proof thereof.

25. With respect to the allegations set forth in paragraph 25 of the Complaint, Defendants state that Claim No. 7026 speaks for itself and deny all allegations of paragraph 25 which are inconsistent with the provisions of Claim No. 7026.

26. With respect to the allegations set forth in paragraph 26 of the Complaint, Defendants deny such allegations as they relate to Defendants. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 26 of the Complaint as they relate to Cormark, and therefore deny such allegations and demand strict proof thereof.

27. With respect to the allegations set forth in paragraph 27 of the Complaint, Defendants state that Claim No. 7278 speaks for itself and deny all allegations of paragraph 27 which are inconsistent with the provisions of Claim No. 7278.

28. With respect to the allegations set forth in paragraph 28 of the Complaint, Defendants deny such allegations as they relate to Defendants. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 28 of the Complaint as they relate to Cormark, and therefore deny such allegations and demand strict proof thereof.

29. With respect to the allegations set forth in paragraph 29 of the Complaint, Defendants state that Claim No. 7304 speaks for itself and deny all allegations of paragraph 29 which are inconsistent with the provisions of Claim No. 7304.

30. Defendants admit the allegations set forth in paragraph 30 of the Complaint.

31. With respect to the allegations set forth in paragraph 31 of the Complaint, Defendants admit that on July 28, 2009, defendant United States Debt Recovery LLC filed with the Court a notice of transfer of claims (the "Transfer Notice"). Defendants further state that the Transfer Notice speaks for itself and deny all allegations of paragraph 31 which are inconsistent with the provisions of the Transfer Notice.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint as they relate to Defendants. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 32 of the Complaint as they relate to Cormark, and therefore deny such allegations and demand strict proof thereof.

33. With respect to the allegations set forth in paragraph 33 of the Complaint, Defendants admit that they possess defenses to the claims asserted by the Trustee.

## COUNT I

**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)**
**(Against Defendant Cormark)**

34. With respect to the allegations set forth in paragraph 34 of the Complaint, Defendants incorporate and reassert their responses to paragraphs 1-34 of the Complaint.

35. The allegations set forth in paragraph 35 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. The allegations set forth in paragraph 36 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. The allegations set forth in paragraph 37 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 37 of the Complaint.

6

38. The allegations set forth in paragraph 38 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. The allegations set forth in paragraph 39 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. The allegations set forth in paragraph 40 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. The allegations set forth in paragraph 41 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 41 of the Complaint.

## COUNT II

**RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550**
**(Against Defendant Cormark)**

42. With respect to the allegations set forth in paragraph 42 of the Complaint, Defendants incorporate and reassert their responses to paragraphs 1-42 of the Complaint.

43. The allegations set forth in paragraph 43 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent

any response may be required, Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. The allegations set forth in paragraph 44 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. The allegations set forth in paragraph 45 of the Complaint relate solely to Cormark and therefore Defendants have no duty to respond to such allegations. To the extent any response may be required, Defendants deny the allegations set forth in paragraph 45 of the Complaint.

## COUNT III

**OBJECTION TO CLAIMS 7025, 7026, 7278 and 7304 – DISALLOWANCE UNDER SECTION 502(d)**
**(Against Defendant United States Debt Recovery)**

46. With respect to the allegations set forth in paragraph 46 of the Complaint, Defendants incorporate and reassert their responses to paragraphs 1-46 of the Complaint.

47. With respect to the allegations set forth in paragraph 47 of the Complaint, Defendants state that Claim Nos. 7025, 7026, 7278 and 7304 speak for themselves and deny all allegations of paragraph 46 which are inconsistent with the provisions of Claim Nos. 7025, 7026, 7278 and 7304.

48. The allegations set forth in paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations and demand strict proof thereof.

8

49. The allegations set forth in paragraph 49 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations and demand strict proof thereof.

## COUNT IV

**OBJECTION TO CLAIM NO. 7025 AS OVERSTATED**
**(Against Defendants United States Debt Recovery)**

50. With respect to the allegations set forth in paragraph 50 of the Complaint, Defendants incorporate and reassert their responses to paragraphs 1-50 of the Complaint.

51. Paragraph 51 of the Complaint fails to assert any factual allegations and therefore no response is required. To the extent a response is required, Defendants deny such allegations and demand strict proof thereof.

52. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 52 of the Complaint, and therefore deny such allegations and demand strict proof thereof.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

## COUNT V

**OBJECTION TO CLAIM NO. 7026 AS DUPLICATIVE OF CLAIM NO. 7278**
**(Against Defendants United States Debt Recovery)**

54. With respect to the allegations set forth in paragraph 54 of the Complaint, Defendants incorporate and reassert their responses to paragraphs 1-54 of the Complaint.

55. Paragraph 55 of the Complaint fails to assert any factual allegations and therefore no response is required. To the extent a response is required, Defendants deny such allegations and demand strict proof thereof.

56. Defendants do not possess sufficient knowledge or information to admit or deny the allegations set forth in paragraph 56 of the Complaint, and therefore deny such allegations and demand strict proof thereof.

57. Defendants deny the allegations set forth in paragraph 57 of the Complaint.

## PRAYER FOR RELIEF

58. Defendants deny that the Trustee is entitled to the relief and/or damages sought against Defendants as set forth in his Prayer for Relief, or to any other requests for relief and/or damages against Defendants contained in the Complaint or elsewhere.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief can be granted to the Trustee against Defendants.

2. Defendants expressly reserve their rights to assert any additional defenses as may be revealed by additional information received or as may be warranted by discovery.

3. Defendants expressly reserve their right to amend and/or supplement their Answer and Affirmative Defenses set forth herein.

**WHEREFORE**, United States Debt Recovery LLC, and United States Debt Recovery III, LP respectfully request that this Court dismiss the Trustee's Complaint, with prejudice, award Defendants their costs and attorneys' fees, and grant Defendants such other and further relief as is just and proper.

Dated: February 7, 2011       UNTIED STATES DEBT RECOVERY LLC and
                                              UNITED STATES DEBT RECOVERY III, LP


                                              By:   /s/ David K. Spiro
                                                         Counsel

David K. Spiro (VSB No. 28152)
Franklin R. Cragle, III (VSB No. 78398)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
Telephone:	(804) 771-9500
Facsimile:	(804) 644-0957
Email: dspiro@hf-law.com
       fcragle@hf-law.com

*Counsel for United States Debt Recovery LLC and*
*United States Debt Recovery III, LP*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 7th day of February, 2011, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the CM/ECF system who have filed notices of appearance in this matter. I further certify that the foregoing Answer and Affirmative Defenses was served via electronic mail, first class mail, and/or overnight mail on the parties listed below:

| Tavenner & Beran, PLC<br>Attn: Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>20 North Eighth St., 2nd Floor<br>Richmond, VA 23219<br>ltavenner@tb-lawfirm.com<br>pberan@tb-lawfirm.com<br><br>*Counsel for the Trustee* | Pachulski Stang Ziehl & Jones LLP<br>Attn: Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>James K.T. Hunter, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, CA 90067-4100<br>jpomerantz@pszjlaw.com<br>acaine@pszjlaw.com<br>jhunter@pszjlaw.com<br><br>*Counsel for the Trustee* | Pachulski Stang Ziehl & Jones LLP<br>Attn: Robert J. Feinstein, Esq.<br>John A. Morris, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br>rfeinstein@pszjlaw.com<br>jmorris@pszjlaw.com<br><br>*Counsel for the Trustee* |
|---|---|---|

                                          /s/ David K. Spiro
                                                Counsel