Stanley M. Salus, Esquire
Virginia Bar No. 00464
Mona M. Murphy, Esquire
Virginia Bar No. 21589
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, VA 22182-2642
(703) 790-8750
*Counsel to Imperial Sales Corp. d/b/a Imperial Sales Company*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>                              Debtors. | Chapter 11<br><br>Case Nos. 08-35653 (KRH)<br><br>Jointly Administered |
| ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,<br><br>                              Plaintiff,<br><br>         v.<br><br>IMPERIAL SALES CORP. d/b/a IMPERIAL SALES COMPANY,<br><br>                              Defendant. | Adversary No. 10-03724 (KRH) |

### ANSWER TO THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND OTHER AMOUNTS OWING TO THE ESTATE AND OBJECTION TO CLAIM NO. 6658

Imperial Sales Corp. d/b/a Imperial Sales Company (the "Defendant"), by its undersigned attorneys, as and for its answer and affirmative defenses to the Liquidating Trustee's Complaint to Avoid and Recover Preferential and Other Amounts Owing to the Estate and Objection to Claim No. 6658 (the "Complaint") filed on behalf of Circuit City Stores, Inc., *et al.* (the "Plaintiffs" or the "Debtors"), respectfully states as follows:

{TY125223;1}

## NATURE OF THE ACTION

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint and denies that any relief should be granted on any ground whatsoever, except that Defendant admits that Paragraph 1 purports to summarize the legal bases for the relief that Plaintiffs are seeking in the Complaint.

## THE PARTIES

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in Paragraph 3 of the Complaint, except that Defendant admits that the Debtors were debtors in the above-captioned chapter 11 bankruptcy cases.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant avers that Paragraph 5 of the Complaint states legal conclusions to which an answer is not required, and refers such matters to the Court.

6. Defendant avers that Paragraph 6 of the Complaint states legal conclusions to which an answer is not required, and refers such matters to the Court.

7. Defendant avers that Paragraph 7 of the Complaint states legal conclusions to which an answer is not required, and refers such matters to the Court.

8. Defendant admits that the allegations contained in Paragraph 8 of the Complaint purports to provide the statutory and legal predicates for the relief sought in the Complaint.

# PERTINENT FACTS

B.     **General Case Background**

9.     Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in Paragraph 11 of the Complaint.

12.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in Paragraph 12 of the Complaint.

13.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in Paragraph 13 of the Complaint.

14.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in Paragraph 14 of the Complaint.

C.     **The Business Relationship Between Circuit City And Defendant**

15.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies and

demands strict proof of each and every statement, matter, averment, and allegation made and set forth in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in Paragraph 19 of the Complaint.

**D.    Amounts Allegedly Owed to Defendant and Defendant's Proof of Claim**

**(1)    Claim No. 6658**

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

**E.    Amounts Owed to Circuit City by Defendant**

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

**F.    Transfers to Defendant Made Within 90 Days Prior to the Petition Date**

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 25 of the Complaint that Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in this regard in Paragraph 25 of the Complaint. With respect to the remainder of the allegations contained in

{TY125223;1}4

Paragraph 25 of the Complaint, Defendant avers that Paragraph 25 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer to such allegations is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

### COUNT I - Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b)

26. Defendant repeats and realleges its preceding responses as if fully set forth herein.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in this regard in Paragraph 31 of the Complaint.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in this regard in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

### COUNT II - Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550

34. Defendant repeats and realleges its preceding responses as if fully set forth herein.

35. Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36. Defendant avers that Paragraph 36 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint, except that Defendant admits that the Plaintiff's recovery, if any, is limited by the extent of Defendant's defenses.

## COUNT III - Breach of Contract

38. Defendant repeats and realleges its preceding responses as if fully set forth herein.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant avers that Paragraph 40 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT IV - Unjust Enrichment/Quasi Contract

45. Defendant repeats and realleges its preceding responses as if fully set forth herein.

46. Defendant admits that Paragraph 46 purports to introduce additional, alternative allegations in support of Count IV.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant avers that Paragraph 50 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

### COUNT V - Turnover of Property Pursuant to 11 U.S.C. § 542

53. Defendant repeats and realleges its preceding responses as if fully set forth herein.

54. Defendant admits that Paragraph 54 purports to introduce additional, alternative allegations in support of Count V.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant avers that Paragraph 57 states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant avers that Paragraph 58 states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

### COUNT VI - Objection to Claim 6658 - Disallowance Under Section 502(d)

61. Defendant repeats and realleges its preceding responses as if fully set forth herein.

62. Defendant admits the allegations contained in Paragraph 62 of the Complaint.

63. Defendant avers that Paragraph 63 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

### COUNT VII - Objection to the General Unsecured Claim as Unwarranted/Overstated

65. Defendant repeats and realleges its preceding responses as if fully set forth herein.

66. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, therefore, denies and demands strict proof of each and every statement, matter, averment, and allegation made and set forth in this regard in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

**COUNT VIII - Objection to Claim No. 6658 - Setoff of Unpaid Obligations**

69. Defendant repeats and realleges its preceding responses as if fully set forth herein.

70. Defendant admits that Paragraph 70 of the Complaint purports to introduce additional, alternative allegations in support of Count VIII.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant admits the allegations contained in Paragraph 73 of the Complaint.

74. Defendant avers that Paragraph 74 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant avers that Paragraph 75 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant avers that Paragraph 76 of the Complaint states legal conclusions to which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of proof on issues where Plaintiffs bear such burden.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

All of the relief sought in the Complaint should be denied because, with regard to each Count of the Complaint, Plaintiffs fail to state a claim upon which relief may be granted against Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### (Contemporaneous Exchange of New Value)

The alleged "Preferential Transfers" may not be avoided as voidable preference to the extent that such transfers were intended by the Plantiffs and Defendant to be contemporaneous exchanges of new value given to the Plaintiffs, and was in fact substantially contemporaneous exchanges for new value, pursuant to 11 U.S.C. § 547(c)(1).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Ordinary Course of Business)

The alleged "Preferential Transfers" may not be avoided as voidable preference to the extent that such transfers were, pursuant to 11 U.S.C. § 547(c)(2), payments of debt incurred in the ordinary course of business or financial affairs of the Plaintiffs and Defendant, and was made (i) according to ordinary business or financial affairs of the Plaintiffs and Defendant; or (ii) according to ordinary business terms.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### (Subsequent New Value)

The alleged "Preferential Transfers" may not be avoided as voidable preference to the extent that, after such transfers, Defendant gave new value to or for the benefit of the Plaintiffs, not secured by an otherwise unavoidable security interest and on account of which new value the Plaintiffs did not make any otherwise unavoidable transfer to or for the benefit of Defendant, pursuant to 11 U.S.C. § 547(c)(4).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

The relief sought in the Complaint should be denied to the extent permitted by the doctrine of accord and satisfaction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (Setoff)

The relief sought in the Complaint should be denied to the extent permitted by the doctrine of setoff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Recoupment)

The relief sought in the Complaint should be denied to the extent permitted by the doctrine of recoupment.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE
### (Payment)

The relief sought in the Complaint should be denied to the extent permitted by the doctrine of payment.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### (Insolvency)

To the extent the Debtors were solvent when the alleged "Preferential Transfers" were made, or did not become insolvent as a result of the alleged "Preferential Transfers", Plaintiffs may not avoid the alleged "Preferential Transfers" to Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### (90-Day Payments)

To the extent the alleged "Preferential Transfers" were not made within the ninety days prior to the Petition Date, Plaintiffs may not avoid the alleged "Preferential Transfers" to Defendant.

Defendant reserves the right to raise additional defenses as they become known to Defendant.

**WHEREFORE,** Defendant respectfully requests that the Court enter an Order dismissing the Complaint in its entirety, with prejudice, and granting Defendant such other and further relief as it deems just and proper.

Dated: February 11, 2011                                    **AKERMAN SENTERFITT LLP**

                                                            By: /s/ Stanley M. Salus
                                                                Stanley M. Salus, Esquire
                                                                Virginia Bar No. 00464
                                                                Mona M. Murphy, Esquire
                                                                Virginia Bar No. 21589
                                                                8100 Boone Blvd., Suite 700
                                                                Vienna, VA 22182-2642
                                                                tel.: (703) 790-8750
                                                                fax: (703) 448-1801
                                                                stan.salus@akerman.com
                                                                mona.murphy@akerman.com

Susan F. Balaschak, Esquire
335 Madison Avenue, 26th Floor
New York, NY 10017
tel.:  (212) 880-3845
susan.balaschak@akerman.com

    -and-

**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**

Michael S. Fox, Esquire
Fredrick J. Levy, Esquire
David Y. Wolnerman, Esquire
Park Avenue Tower
65 East 55th Street
New York, NY 10022
tel.:  (212) 451-2300
flevy@olshanlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 11th day of February, 2011, a copy of the foregoing Answer to the Liquidating Trustee's Complaint to Avoid and Recover Preferential and Other Amounts Owing to the Estate and Objection to Claim No. 6658 was served via the Court's electronic case filing system ("ECF") on all interested parties requesting notice, including the following individuals:

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

-and-

James S. Carr, Esquire (admitted *pro hac vice*)
Nicholas J. Panarella, Esquire
Martin Krolewski, Esquire
Kristin S. Elliott, Esquire
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

      /s/ Stanley M. Salus
    Stanley M. Salus