Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - x | | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**LIQUIDATING TRUST'S OBJECTION TO ADMINISTRATIVE EXPENSE**
**<u>REQUEST OF DAPHNE A. WARD</u>**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan") n the above-captioned cases, hereby files this

Objection to the Administrative Expense Request of Daphne A. Ward (the "Ward Claim"),

and hereby moves this court (the "Court"), pursuant to sections 105, 502 and 503 of title

11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq</u>. (as amended, the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Bankruptcy Rule 3007-1, for an order disallowing the Ward Claim in

its entirety.  In support of the Objection, the Liquidating Trust states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases

and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The

statutory and legal predicates for the relief requested herein are Bankruptcy Code sections

105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the above-

captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief under

chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants

LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11

cases pursuant to 28 U.S.C. § 156(c).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

5.      On December 10, 2008, the Court entered that certain Order Pursuant to

Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007

(I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving

Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims"

(as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors

by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General

Bar Date").  The deadline for governmental units to file claims that arose before November

10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").

Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the

claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the

"Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date

Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all

of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain

other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date

Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch

(Docket No. 1394).

8.      On November 12, 2008, this Court entered that certain Order Establishing

Bar Date for Filing Requests for Payment of Administrative Expense Claims Under

Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and

Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No.

107)(the "503(b)(9) Bar Date Order").

9.      Pursuant to the 503(b)(9) Bar Date Order, this Court approved the form and

manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9)

Bar Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to the 503(b)(9) Bar Date

Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting

administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was

on December 19, 2008 (the "503(b)(9) Bar Date").

10.      On November 19, 2008, KCC served a copy of the 503(b)(9) Bar Date

Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the

Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the

Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No.

549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch

(Docket No. 547).

11.      On January 16, 2009, the Court authorized the Debtors, among other things,

to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as

agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8,

2009, the going out of business sales at the Debtors' remaining stores had been completed.

12.      On April 1, 2009, this Court entered an Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus

Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

13.      On May 15, 2009, the Court entered that certain Order Pursuant to

Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting

Administrative Bar Date and Procedures For Filing and Objecting To Administrative

Expense Request and (ii) Approving Form and Manner of Notice Thereof (Docket No.

3354) (the "Administrative Claims Bar Date Order").

14.    Pursuant to the Administrative Claims Bar Date Order, the deadline for

filing all Administrative Expense Requests (as defined in the Administrative Claims Bar

Date Order) was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant to the Administrative

Claims Bar Date Order, this Court approved the form and manner of the claims bar date

notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the

"Claims Bar Date Notice").

15.    On or before May 22, 2009, KCC served a copy of the Administrative

Claims Bar Date Notice on all parties who filed notices of appearance pursuant to

Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors'

equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In addition, the

Debtors published the Administrative Claims Bar Date Notice in The Financial Times

(Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969) and The Wall

Street Journal (Docket No. 3968).

16.    On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

17.    On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

18.    The Plan became effective on November 1, 2010 (the "Effective Date"), and

pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust

assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including the prosecution of Causes of Action and

objections to claims.

## OBJECTION TO THE WARD CLAIM

19.    The Ward Claim asserts the right to an administrative expense under

Bankruptcy Code section 503(b)(1)(A) relating to medical expenses incurred by Ward

between December, 2008 and February, 2009 for "medically necessary weight loss

surgery," in the total amount of $34,213.75.  In sum, Ward has failed to satisfy her burden

to establish that the Debtors were responsible for payment of the requested expenses.

20.    The Ward Claim separately identifies and provides support for a variety of

medical expenses, but does not provide any evidence to suggest that the Debtors are

responsible for payment of expenses not allowed through the Debtors' health plan, Empire

Blue Cross Blue Shield ("Empire").  In fact, Empire provided Ward with a detailed

explanation of the benefits available under the health plan, and that the amount of the

benefits paid was correct.  Ward requested two reviews of her claims by Empire in July

and August, 2009; her appeal was denied, again with an explanation from Empire as to the

basis of its decision.  (True and correct copies of Empire's July 22 and August 14, 2009

letters to Ward are attached hereto as Exhibit B).

21.    Thus, Ward was not entitled to payment of the requested expenses through

the health benefit plan provided by the Debtors.  As a result, in order to demonstrate that

she is entitled to an administrative expense claim under Section 503(b)(1), Ward must

demonstrate that the payment of medical expenses above and beyond her employee health

benefits was an "actual and necessary cost of preserving the estate."  Ward has not

attempted to and clearly cannot present any evidence of this notion. Indeed, approval of

these expenses would be destructive of the goal of promoting the Debtor's business

operations, of "preserving the estate."

22.    The Liquidating Trust respectfully requests that the Ward Claim be

disallowed in its entirety.

## RESERVATION OF RIGHTS

23.    The Liquidating Trust reserves the right to modify, supplement and/or

amend this Objection upon the receipt of additional information..

## WAIVER OF MEMORANDUM OF LAW

24.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the

requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

25.    No previous request for the relief sought herein has been made to this Court

or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and disallowing the Ward Claim (a form of which is

attached hereto as Exhibit A), and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
       February 17, 2011


                                      /s/ Lynn L. Tavenner
                                   Lynn L. Tavenner (VA Bar No. 30083)
                                   Paula S. Beran (VA Bar No. 34679)
                                   20 North Eighth Street, 2nd Floor
                                   Richmond, Virginia 23219
                                   (804) 783-8300


                                            - and -

                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   Jeffrey N. Pomerantz, Esq.
                                   Andrew W. Caine, Esq.
                                   10100 Santa Monica Boulevard
                                   Los Angeles, California 90067-4100
                                   (310) 277-6910

                                   *Counsel to the Circuit City Stores, Inc.
                                   Liquidating Trust*


## CERTIFICATE OF SERVICE

       I hereby certify that on the 17th day of February, 2011 a true copy of the foregoing
was served through the Court's ECF system to all registrants participating in this case and
via first-class mail, postage-prepaid and/or electronic delivery to:
Daphne A. Ward
12646 Willow View Place
Waldorf, Maryland  20602

Robert B. VanArsdale, Esquire -Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219

                                      /s/ Lynn L. Tavenner

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | X | |

## ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO THE ADMINISTRATIVE EXPENSE CLAIM OF DAPHNE A. WARD

THIS MATTER having come before the Court[2] on the Liquidating Trust's

Objection (the "Objection") to the Administrative Expense Claim of Daphne A. Ward (the

"Ward Claim"), which requested that the Ward Claim be disallowed for those reasons set

forth in the Objection; and it appearing that due and proper notice and service of the

Objection as set forth therein was good and sufficient; and it appearing that the relief

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

requested on the Objection is in the best interest of the Liquidating Trust, the Debtors'

estates and creditors and other parties-in-interest; and after due deliberation thereon good

and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Ward Claim is forever disallowed in its entirety for all purposes

in these bankruptcy cases.

3.      The Liquidating Trust shall serve a copy of this Order on the

claimant on or before five (5) business days from the entry of this Order.

4.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
        _____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:232936.1

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                          - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Lynn L. Tavenner
Lynn L. Tavenner

3

ONE ORIGINAL PLUS:

COPY 1    JOSEPH D AFRAM MD



PO Box 5065
Middletown, NY 10940-9065
(800) 675-1277
Monday - Friday   8:30 am - 8:00 pm EST

July 22, 2009

DAPHNE WARD
12646 WILLOW VIEW PL
WALDORF MD 20602

| | |
|---|---|
| Member ID Number: | 83680267 |
| Patient's Name: | Daphne Ward |
| Claim Number: | 94798680140 |
| Inquiry Number: | 07020901050901 |
| Provider of Service: | Joseph D Afram MD |
| Date(s) of Service: | 02/03/2009 |

Dear Ms. Ward:

This letter is in response to your inquiry of July 2, 2009 regarding the above-referenced claim. We hope this information is helpful.

Based on the provisions of your Empire BlueCross BlueShield benefit plan, this claim was reviewed and has been determined to have processed correctly. The allowances given on this claim are correct. When multiple surgeries are billed, payment is reimbursed at 100% of the maximum allowance for the procedure with the highest fee schedule allowance and 50% of the fee schedule allowance for the second and all subsequent procedures. This claim has applied $300.00 to your in-network deductible and $339.42 to your in-network coinsurance for 2009. This claim was billed by an out-of-network provider but was paid at the in-network level of benefits because the surgeon is a PPO participating provider. Any non-participating professional provider that is paid at the in-network benefit level will be reimbursed using the usual and customary pricing. The member is responsible for any deductible, coinsurance and amount above the usual and customary allowed amount.

If you disagree with our decision, you or your authorized representative may request an appeal at the above address. You must submit your appeal within 180 calendar days of the date of this letter. Your appeal must include your identification number, date of service in question and any additional information that supports your appeal. We will make a decision within 30 calendar days of receipt of your appeal.

We regret that we cannot extend additional benefits for this service.

You may request, free of charge, reasonable access to, and copies of all documents, records and other information including the clinical guidelines relevant to your benefit request.

If you are enrolled through a group that is subject to the Employee Retirement Income Security Act ("ERISA") and you disagree with the decision on appeal, you may file a lawsuit under ERISA.

Should you have any questions, please contact the telephone number above. We are available
Monday through Friday.


Sincerely,

*Maria Zananski*

Maria Zananski
Claims Representative III
Circuit City Service Center

cc: Joseph D Afram MD
NCCX
SI

JOSEPH D AFRAM MD
2440 M ST NW STE 411
WASHINGTON DC 20037



PO Box 5065
Middletown, NY 10940-9065
(800) 675-1277
Monday - Friday   8:30 am - 8:00 pm EST

July 22, 2009


DAPHNE WARD
12646 WILLOW VIEW PL
WALDORF MD 20602


| | |
|---|---|
| Member ID Number: | 83680267 |
| Patient's Name: | Daphne Ward |
| Claim Number: | 94798680140 |
| Inquiry Number: | 07020901050901 |
| Provider of Service: | Joseph D Afram MD |
| Date(s) of Service: | 02/03/2009 |


Dear Ms. Ward:

This letter is in response to your inquiry of July 2, 2009 regarding the above-referenced claim.
We hope this information is helpful.

Based on the provisions of your Empire BlueCross BlueShield benefit plan, this claim was
reviewed and has been determined to have processed correctly. The allowances given on this
claim are correct. When multiple surgeries are billed, payment is reimbursed at 100% of the
maximum allowance for the procedure with the highest fee schedule allowance and 50% of the
fee schedule allowance for the second and all subsequent procedures. This claim has applied
$300.00 to your in-network deductible and $339.42 to your in-network coinsurance for 2009. This
claim was billed by an out-of-network provider but was paid at the in-network level of benefits
because the surgeon is a PPO participating provider. Any non-participating professional provider
that is paid at the in-network benefit level will be reimbursed using the usual and customary
pricing. The member is responsible for any deductible, coinsurance and amount above the usual
and customary allowed amount.

If you disagree with our decision, you or your authorized representative may request an appeal
at the above address. You must submit your appeal within 180 calendar days of the date of this
letter. Your appeal must include your identification number, date of service in question and any
additional information that supports your appeal. We will make a decision within 30 calendar days
of receipt of your appeal.

We regret that we cannot extend additional benefits for this service.

You may request, free of charge, reasonable access to, and copies of all documents, records and
other information including the clinical guidelines relevant to your benefit request.

If you are enrolled through a group that is subject to the Employee Retirement Income Security
Act ("ERISA") and you disagree with the decision on appeal, you may file a lawsuit under ERISA.

Should you have any questions, please contact the telephone number above. We are available Monday through Friday.


Sincerely,

*Maria Zananski*

Maria Zananski
Claims Representative III
Circuit City Service Center

cc: Joseph D Afram MD
NCCX
SI

ONE ORIGINAL PLUS:

COPY 1    JOSEPH D AFRAM MD



PO Box 5065
Middletown, NY 10940-9065
(800) 675-1277
Monday - Friday  8:30 am - 8:00 pm EST

August 14, 2009

DAPHNE WARD
12646 WILLOW VIEW PL
WALDORF MD 20602

Member ID#  :      83680267
Member Name:      Burnis Ward
Patient Name:      Daphne Ward
Provider of Service: Afram Joseph D MD
Claim Number:      94798680140
Date(s) of Service:  02/03/2009
Inquiry#:            08040903327901

Dear Ms. Ward:

Your recent appeal concerning the above claim has been denied for the following reason:

Since Empire BlueCross BlueShield was your secondary insurance for the above date of service, your Circuit City 2008 PPO plan provides maintenance of benefits provision.  Under this provision, your claims are processed in the following manner:

Payment is calculated according to the terms of your Circuit City PPO plan paying up to your primary insurance liability amount less the amount paid by your primary insurance.

Since your primary insurance made no payment on this claim, the services were processed as if Empire was the primary carrier.  Since this provider is not a participating provider within your network, payment is calculated based on the reasonable and customary allowance.  Assistant surgeon benefits are reimbursed at 20% of the surgical allowance.

This claim processed at the in-network benefit level based on the participation status of the surgeon. The $9,702.90 that was disallowed on this claim is the difference between the reasonable and customary allowance for assistant surgery and the provider's charge of $11,700.00 for this claim.

We apologize for any confusion regarding your Explanation of Benefits.   Our statement was intended to explain that as a secondary insurance carrier we will supplement what your primary insurance has not covered in accordance with the terms of your medical plan.  Since your primary insurance denied this claim, services have processed as if Empire were the primary insurance.

We regret that we cannot extend additional benefits for this service.

Services provided by Empire HealthChoice Assurance, Inc., a licensee of the Blue Cross and Blue Shield Association, an association of independent Blue Cross and Blue Shield Plans.
WOSHNA(02/02)

You may request, free of charge, reasonable access to, and copies of all documents, records and other information including the clinical guidelines relevant to your benefit request.

If you are enrolled through a group that is subject to the Employee Retirement Income Security Act ("ERISA") and you disagree with the decision on appeal, you may file a lawsuit under ERISA.

You have exhausted all internal appeals to Empire BlueCross BlueShield.  Therefore, this determination is final and binding.


Sincerely,

*Beth D'Andrea*

Beth D'Andrea
Claims Adjuster
Circuit City Service Center

CC:  Joseph D Afram MD

NCCX
G1

JOSEPH D AFRAM MD
SUITE 411
2440 M STREET NW
WASHINGTON DC 20037



PO Box 5065
Middletown, NY 10940-9065
(800) 675-1277
Monday - Friday   8:30 am - 8:00 pm EST

August 14, 2009

DAPHNE WARD
12646 WILLOW VIEW PL
WALDORF MD 20602

Member ID#  :  83680267
Member Name:  Burnis Ward
Patient Name:  Daphne Ward
Provider of Service: Afram Joseph D MD
Claim Number:  94798680140
Date(s) of Service:  02/03/2009
Inquiry#:  08040903327901

Dear Ms. Ward:

Your recent appeal concerning the above claim has been denied for the following reason:

Since Empire BlueCross BlueShield was your secondary insurance for the above date of service, your Circuit City 2008 PPO plan provides maintenance of benefits provision.  Under this provision, your claims are processed in the following manner:

Payment is calculated according to the terms of your Circuit City PPO plan paying up to your primary insurance liability amount less the amount paid by your primary insurance.

Since your primary insurance made no payment on this claim, the services were processed as if Empire was the primary carrier.  Since this provider is not a participating provider within your network, payment is calculated based on the reasonable and customary allowance.  Assistant surgeon benefits are reimbursed at 20% of the surgical allowance.

This claim processed at the in-network benefit level based on the participation status of the surgeon. The $9,702.90 that was disallowed on this claim is the difference between the reasonable and customary allowance for assistant surgery and the provider's charge of $11,700.00 for this claim.

We apologize for any confusion regarding your Explanation of Benefits.   Our statement was intended to explain that as a secondary insurance carrier we will supplement what your primary insurance has not covered in accordance with the terms of your medical plan.  Since your primary insurance denied this claim, services have processed as if Empire were the primary insurance.

We regret that we cannot extend additional benefits for this service.

Services provided by Empire HealthChoice Assurance, Inc., a licensee of the Blue Cross and Blue Shield Association, an association of independent Blue Cross and Blue Shield Plans.
WOSHNA(02/02)

You may request, free of charge, reasonable access to, and copies of all documents, records and other information including the clinical guidelines relevant to your benefit request.

If you are enrolled through a group that is subject to the Employee Retirement Income Security Act ("ERISA") and you disagree with the decision on appeal, you may file a lawsuit under ERISA.

You have exhausted all internal appeals to Empire BlueCross BlueShield.  Therefore, this determination is final and binding.


Sincerely,

*Beth D'Andrea*

Beth D'Andrea
Claims Adjuster
Circuit City Service Center

CC:  Joseph D Afram MD

NCCX
G1