Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al., | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

**NOTICE OF LIQUIDATING TRUST'S FIRST OMNIBUS
OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS,
RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS,
DISALLOWANCE OF CERTAIN INVALID CLAIMS,
DISALLOWANCE OF CERTAIN LATE FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

  **PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain of Late Filed Claims, Disallowance of Certain Amended Claims and Disallowance of Certain Invalid Claims (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to reduce certain claims, reclassify certain claims, and disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|
| TO: | | | |

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants
Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to

2

respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline:  The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at  **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**<u>Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection</u>**

3

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.    the claimant's name and an explanation for the amount of the Claim;

c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional

4

Addresses are the same as the Notice Addresses, the Additional Address
will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response
should also include the name, address, telephone number and facsimile number of the party with
authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless
the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will
not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or
before the Response Deadline in compliance with the procedures set forth in this Notice, the
Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief
requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the
Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy
Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with
respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related
documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of
the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions or any other claims against you by
the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders
otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any
other Claims or causes of action you may have filed or that have been scheduled by the Debtors)
at a later date on any grounds or bases.  In such event, you will receive a separate notice of any
such objections.

Dated:    February 23, 2011

/s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
            pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
            acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - -  x
In re:                                      :     Chapter 11
                                            :
CIRCUIT CITY STORES, INC., et al.,   :     Case No. 08-35653 (KRH)
                                            :
            Debtors.                    :
- - - - - - - - - - - - - -         :     Jointly Administered
                                            x

**LIQUIDATING TRUST'S FIRST OMNIBUS OBJECTION TO
LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY
INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN
INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED
CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files this First

Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims,

Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims,

Disallowance of Certain of Late Filed Claims, Disallowance of Certain Amended Claims

and Disallowance of Certain Invalid Claims) (the "Objection"), and hereby moves this

court (the "Court"), pursuant to sections 105, 502 and 503 of title 11 of the United States

Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy

Rule 3007-1, for an order, the proposed form of which is attached hereto as Exhibit A,

granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the

above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

3.       On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

4.       On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.       On December 10, 2008, the Court entered that certain Order

Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the

"Claims Bar Date Order").

6.       Pursuant to the Claims Bar Date Order, the deadline for filing all

"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the

Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the

"General Bar Date").  The deadline for governmental units to file claims that arose before

November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner

of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

   7. On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

   8. On November 12, 2008, this Court entered that certain Order

Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims

Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and

Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No.

107)(the "503(b)(9) Bar Date Order").

   9. Pursuant to the 503(b)(9) Bar Date Order, this Court approved the

form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the

503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to the 503(b)(9)

Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim

asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy

Code was on December 19, 2008 (the "503(b)(9) Bar Date").

   10. On November 19, 2008, KCC served a copy of the 503(b)(9) Bar

Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the

Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No.

549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch

(Docket No. 547).

   11. On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

   12. On April 1, 2009, this Court entered an Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus

Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

   13. On May 15, 2009, the Court entered that certain Order Pursuant to

Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting

Administrative Bar Date and Procedures For Filing and Objecting To Administrative

Expense Request and (ii) Approving Form and Manner of Notice Thereof (Docket No.

3354) (the "First Administrative Claims Bar Date Order").

   14. Pursuant to the First Administrative Claims Bar Date Order, the

deadline for filing all Administrative Expense Requests (as defined in the First

Administrative Claims Bar Date Order) incurred in the period between November 10, 2008

and April 30, 2009 was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant to the First

Administrative Claims Bar Date Order, this Court approved the form and manner of the

claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Claims Bar Date Notice").

15.    On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In addition, the Debtors published the Administrative Claims Bar Date Notice in The Financial Times (Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

16.    On February 18, 2010, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Second Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (Docket No. 6555) (the "Second Administrative Claims Bar Date Order").

17.    Pursuant to the Second Administrative Claims Bar Date Order, the deadline for filing all Administrative Expense Requests for the period May 1, 2009 through December 31, 2009 (as defined in the Administrative Claims Bar Date Order) was 5:00 p.m. (Pacific) on March 31, 2010.  Pursuant to the Second Administrative Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Second Administrative Claims Bar Date Order (the "Claims Bar Date Notice").

18.    On or before February 25, 2010, KCC served a copy of the Second Administrative Claims Bar Date Notice on all parties who filed notices of appearance

pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket No. 6705).  Supplemental

service of the Second Administrative Bar Date Notice was provided by overnight mail to

one party, Brockton Superior Court, on March 26, 2010 (Docket Nos. 7089 and 7535).  In

addition, the Debtors published the Administrative Claims Bar Date Notice in The

Financial Times (Docket No. 6719), The Richmond Times-Dispatch (Docket No. 6717)

and The Wall Street Journal (Docket No. 6718).

   19. On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

   20. On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, signed an Order confirming the Plan.

   21. The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining

assets and distribute the proceeds to creditors, including the prosecution of Causes of

Action and objections to claims.

## OBJECTIONS TO CLAIMS

   22. By this Objection, the Liquidating Trust seeks entry of an order, in

substantially the form attached hereto as Exhibit A, pursuant to Bankruptcy Code sections

105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i)

reducing each of the claims identified on Exhibit C attached hereto, (ii) reclassifying each

of the claims on Exhibit D attached hereto, and (iii) disallowing each of the claims

identified on <u>Exhibit E</u> through <u>Exhibit G</u> attached hereto (collectively, the "Claims") for

the reasons set forth below.

      23.    For ease of reference, attached hereto as <u>Exhibit B</u> is an alphabetical

listing of all claimants whose Claims are included in this Objection (the "Claimants"), with

a cross-reference by claim number.

**A.**      **<u>Reduction of Certain Partially Invalid Claims</u>**

      24.    The basis for reduction of the claims listed on <u>Exhibit C</u> attached

hereto (the "Partially Invalid Claims") is that all of the Partially Invalid Claims assert, in

part, amounts for which the Debtors are not liable.

      25.    Specifically, after a review of the Partially Invalid Claims and the

bases upon which each is asserted, and a review of the Debtors' books and records, the

Liquidating Trust has determined that certain portions of the Partially Invalid Claims are

(i) liabilities already asserted by the Claimants in other claims; (ii) liabilities that have

already been satisfied by the Debtors; or (iii) liabilities for which the Debtors dispute

liability.  Accordingly, the Liquidating Trust requests that the Partially Invalid Claims

identified on <u>Exhibit C</u> be reduced in the manner stated in <u>Exhibit C</u> for the reasons stated

therein.

**B.**      **<u>Reclassification of Certain Misclassified Claims</u>**

      26.    The basis for reduction of the claims listed on <u>Exhibit D</u> attached

hereto (the "Misclassified Claims") is that the Misclassified Claims are improperly

classified.

      27.    Specifically, after a review of the Misclassified Claims, the bases

upon which each is asserted, and a review of the Debtors' books and records, the

Liquidating Trust submits that the Misclassified Claims are asserted, in whole or in part, with incorrect classifications and should be reclassified.  Accordingly, the Liquidating Trust requests that each Misclassified Claim identified on <u>Exhibit D</u> be reclassified in the manner set forth in <u>Exhibit D</u>.

**C.**      **<u>Disallowance of Certain Invalid Claims</u>**

28.      The basis for disallowance of the claims listed on <u>Exhibit E</u> attached hereto (the "Invalid Claims") is that all of the Invalid Claims assert, in their entirety, amounts for which the Debtors are not liable.

29.      Specifically, after a review of the Invalid Claims and the bases upon which each is are asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that the Invalid Claims are based on liabilities already asserted by the Claimants in other claims (i) liabilities that already have been satisfied by the Debtors, or (ii) liabilities for which the Debtors dispute any liability.  Accordingly, the Liquidating Trust requests that the Invalid Claims identified on <u>Exhibit E</u> be disallowed for the reasons stated therein.

**D.**      **<u>Disallowance of Certain Late Filed Claims</u>**

30.      The basis for disallowance of the claims listed on <u>Exhibit F</u> attached hereto (the "Late-Filed Claims") is that each such claim was filed after the relevant bar date.  The disallowance of each of the Late-Filed Claims set forth on <u>Exhibit F</u> is appropriate under the appropriate Bar Date Order as well as under applicable law.

31.      Bar dates for asserting claims in chapter 11 bankruptcy cases serve extremely important purposes.  "The requirement of a Bar Date in Chapter 11 enables the debtor…to establish the universe of claims with which it must deal and the amount of

those claims." See In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

Premised on the imperative purpose of finality of asserting claims against a debtor, courts

have not allowed claims filed by creditors after the bar date, absent special circumstances.

See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th

Cir. 1991) (unpublished opinion) ("Because Bean did not timely file his bankruptcy claim

after having been given constitutionally sufficient notice, his claim is barred under well-

settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003 (c) (2).").

32.    Each Late-Filed Claim was filed in the present cases after the

applicable bar date had passed.  Accordingly, pursuant to the applicable Bar Date Order,

these Claims are "forever barred, estopped, and permanently enjoined from asserting such

claim against the Debtors…"

33.    It is essential for the Liquidating Trust to establish the proper

liabilities asserted against the Debtors.  In order to achieve the imperative of finality in the

claims process, the Liquidating Trust requests that this Court disallow the Claims in their

entirety and for all purposes in these bankruptcy cases.

**E.    Disallowance of Certain Amended Claims**

34.    Exhibit G contains a list of claims that have been rendered moot by

the claimant filing a subsequent "amending" claim that supersedes the claim listed on

Exhibit G (the Amended Claims").

35.    The Liquidating Trust objects to the Amended Claims, because,

among other reasons, the same claimant subsequently filed an amended claim, the amount

and basis of which are the subject of the Amended Claim.  Such repetitive claims should

be disallowed.  The Amended Claims listed on Exhibit G under "Claim to be Disallowed"

should be disallowed for all purposes in these bankruptcy cases.  The claims listed as

"Surviving Claim" on Exhibit G hereto (the "Surviving Superseding Claims") shall remain

in effect and are not affected by this portion of this Objection; provided, however, that

such Surviving Superseding Claims may be the subject of another section of this Objection

or a separate subsequently filed objection.

## RESERVATION OF RIGHTS

36.     At this time, the Liquidating Trust has not completed its review of

the validity of all claims/expenses filed against the Debtors' estates, including the Claims

objected to herein.  Accordingly, any of the Claims objected to herein may be the subject

of other bases for objection herein and/or additional subsequently filed objections on any

grounds that bankruptcy law or non-bankruptcy law permits.  To that end, the Liquidating

Trust reserves the right to further object to any and all claims, whether or not the subject of

this Objection, for allowance and/or distribution purposes, and on any other grounds.

Furthermore, the Liquidating Trust reserves the right to modify, supplement and/or amend

this Objection as it pertains to any Claim or claimant herein.

## NOTICE AND PROCEDURE

37.     Notice of this Objection has been provided to all Claimants with

Claims that are the subject to this Objection as identified on Exhibit C through Exhibit G,

respectively, and to parties-in-interest in accordance with the Court's Supplemental Order

Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and

Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case

Management and Administrative Procedures (entered on December 30, 2009 at Docket No.

6208) (the "Case Management Order").  The Liquidating Trust submits that the following

methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

38.     To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference[2] with respect to any such responding claimant at **2:00 P.M. (Eastern) on April 14, 2011** and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, reducing the Partially Invalid Claims set forth on Exhibit C, Reclassifying the Misclassified Claims set forth on Exhibit D, and disallowing the invalid, late filed, and amended claims set forth on Exhibit E through Exhibit G attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

39.    This Objection complies with Bankruptcy Rule 3007(e).

Additionally, the Liquidating Trust submits that this Objection is filed in accordance with

the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

40.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Motion, the Liquidating Trust requests that the

requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

41.    No previous request for the relief sought herein has been made to

this Court or any other court.

_____
*(continued on next page)*
[2] In accordance with the Omnibus Objection Procedures Order, Claimants who timely respond to the
Objection do not need to appear at the status conference.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court

deems appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
      February 23, 2011


                              */s/ Paula S. Beran*
                  Lynn L. Tavenner (VA Bar No. 30083)
                  Paula S. Beran (VA Bar No. 34679)
                  20 North Eighth Street, 2nd Floor
                  Richmond, Virginia 23219
                  (804) 783-8300

                            - and -

                  PACHULSKI STANG ZIEHL & JONES LLP
                  Jeffrey N. Pomerantz, Esq.
                  Andrew W. Caine, Esq.
                  10100 Santa Monica Boulevard
                  Los Angeles, California 90067-4100
                  (310) 277-6910

                            - and –

                  PACHULSKI STANG ZIEHL & JONES LLP
                  Robert J. Feinstein, Esq.
                  780 Third Avenue, 36th Floor
                  New York, New York 10017
                  (212) 561-7700

                  *Counsel to the Circuit City Stores, Inc.*
                  *Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FIRST OMNIBUS
OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
DISALLOWANCE OF CERTAIN LATE-FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

THIS MATTER having come before the Court[1] on the Liquidating Trust's First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain of Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), which requested, among other things, that the claims specifically identified on Exhibit C through Exhibit G attached to the Objection be reduced or disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on Exhibit A as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in Exhibit A.

3.      The Claims identified on Exhibit B as attached hereto and incorporated herein are forever reclassified in these bankruptcy cases in the manner stated

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

in Exhibit B.

4.    The Claims identified on Exhibit C through Exhibit E as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

5.    The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

6.    The Liquidating Trust shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.


Dated: Richmond, Virginia
            _____, 2011


            _____
            HONORABLE KEVIN R. HUENNEKENS
            UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                        - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                  - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

                        /_____
                        Lynn L. Tavenner

In re Circuit City Stores, et al.
Case No. 08-35653 (KRH)
**Exhibit B**
ALPHABETICAL LISTING OF CLAIMANTS

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Acadia Realty Limited Partnership & Brighton Commercial LLC & Catellus Operating Limited Partnership & Cedar Development Ltd. Attn: Jennifer M. McLemore & Augustus C Epps Jr. & Michael D. Mueller Esq. & Noelle M. James Esq. c/o Christian & Barton 909 E. Main Ste. 1200 Richmond, VA 23219 | 13098 | Exhibit E INVALID CLAIMS TO BE EXPUNGED |
| AIG Baker Hoover LLC Attn: Legal Dept. 1701 Lee Branch Ln Birmingham, AL 35242 | 4080 | Exhibit C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Bank of America National Association Successor by Merger to LaSalle Bank National Association Attn Diane Schapiro c o Berkadia Commercial Mortgage LLC 700 N Pearl St Ste 2200 Dallas, TX 75201 | 12663 | Exhibit C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Buckhead Triangle LP c o Liquidity Solutions Inc One University Plz Ste 312 Hackensack, NJ 07601 | 10534 | Exhibit F LATE FILED CLAIMS TO BE EXPUNGED |
| Capmark Finance Inc Keith M Aurzada & John C Leininger Bryan Cave LLP 2200 Ross Ave Ste 3300 | 14363 | Exhibit E INVALID CLAIMS TO BE EXPUNGED |
| Carolina Pavilion Company c o Amy Pritchard Williams Esq K&L Gates LLP 214 N Tryon St Hearst Tower 47th Fl Charlotte, NC 28202 | 12915 | Exhibit C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Carolina Pavilion Company c o Amy Pritchard Williams Esq K&L Gates LLP 214 N Tryon St Hearst Tower 47th Fl Charlotte, NC 28202 | 14137 | Exhibit E INVALID CLAIMS TO BE EXPUNGED |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Centro Properties Group ta Memphis Commons Memphis TN<br>c o David L Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St 51st Fl<br>Philadelphia, PA 19103 | 12560 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Centro Properties Group ta Memphis Commons Memphis TN<br>c o David L Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St 51st Fl<br>Philadelphia, PA 19103 | 12559 | Exhibit E<br>INVALID CLAIMS TO BE EXPUNGED |
| Centro Properties Group ta Pensacola Square<br>c/o David L. Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St. 51st Fl.<br>Philadelphia, PA 19103 | 12633 | Exhibit E<br>INVALID CLAIMS TO BE EXPUNGED |
| Centro Properties Group ta Pensacola Square<br>Pensacola FL<br>c/o David L. Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St. 51st Fl.<br>Philadelphia, PA 19103 | 12625 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Centro Properties Group ta Sharpstown Plaza Houston Tx<br>c/o David L. Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St. 51st. Fl.<br>Philadelphia, PA 19103 | 8488 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Centro Properties Group ta Sharpstown Plaza Houston Tx<br>c/o David L. Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St. 51st. Fl.<br>Philadelphia, PA 19103 | 8491 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CHK LLC<br>Augustus C Epps Jr Esq<br>Christian & Barton LLP<br>909 E Main St Ste 1200<br>Richmond, VA 23219 | 14346 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Circuit Investors #2 Ltd. A Texas Partnership<br>c/o Niclas A. Ferland, Esq.<br>LeClairRyan, A Professional Corporation<br>555 Long Wharf Drive, 8th Floor<br>New Haven, CT 06511 | 9037 | Exhibit G<br>AMENDED CLAIMS TO BE EXPUNGED |
| Crossroads Associates, Ltd.<br>Kitchens Kelley Gaynes PC<br>3495 Piedmont Road, NE<br>Building 11, Suite 900<br>Atlanta, GA 30305 | 12496 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Crossroads Associates, Ltd.<br>Kitchens Kelley Gaynes PC<br>3495 Piedmont Road, NE<br>Building 11, Suite 900<br>Atlanta, GA 30305 | 13721 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| DEV Limited Partnership<br>c/o William A. Gray Esq. & C Thomas Ebel Esq.<br>Sands Anderson Marks & Miller PC<br>801 E. Main St. Ste. 1800<br>PO Box 1998<br>Richmond, VA 23218-1998 | 13924 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Drexel Delaware Trust c o Midland Loan Services Inc a Delaware Corporation<br>c o Katharine Battaia<br>Thompson and Knight LLP<br>1722 Routh St Ste 1500<br>Dallas, TX 75201 | 12647 | Exhibit E<br>INVALID CLAIMS TO BE EXPUNGED |
| Drexel Delaware Trust c/o Midland Loan Services Inc., a Delaware corporation<br>c/o Katharine Battaia<br>Thompson and Knight LLP<br>1722 Routh St. Ste 1500<br>Dallas, Tx 75201 | 14347 | Exhibit E<br>INVALID CLAIMS TO BE EXPUNGED |
| GECMC 2005 C2 South Lindbergh LLC<br>c/o Mindy A. Mora, Esq.<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 S. Biscayne Blvd. Ste 2500<br>Miami, FL 33131 | 12180 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| GECMC 2005 C2 South Lindbergh LLC (Transferee) c/o Mindy A. Mora, Esq. Bilzin Sumberg Baena Price & Axelrod LLP 200 S. Biscayne Blvd. Ste 2500 Miami, FL 33131 | 14420 | Exhibit F LATE FILED CLAIMS TO BE EXPUNGED |
| GECMC 2005-C2 CC Parent, LLC (Transferee) c/o Mindy A. Mora, Esq. Bilzin Sumberg Baena Price & Axelrod LLP 200 South Biscayne Blvd., Suite 2500 Miami, FL 33131 | 14418 | Exhibit F LATE FILED CLAIMS TO BE EXPUNGED |
| Gravois Bluffs III LLC John E Hilton Carmody MacDonald PC 120 S Central Ste 1800 Clayton, MO 63105 | 13633 | Exhibit G AMENDED CLAIMS TO BE EXPUNGED |
| Gravois Bluffs III, LLC John E Hilton Carmody MacDonald PC 120 S Central Ave Ste 1800 St Louis, MO 63105 | 14425 | Exhibit C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Gravois Bluffs III, LLC John E Hilton Carmody MacDonald PC 120 S Central Ave Ste 1800 St Louis, MO 63105 | 14427 | Exhibit C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| GRI EQY Sparkleberry Square LLC Arthur L. Gallagher Vice President 1600 NE Miami Gardens Dr. North Miami Beach, FL 33179 | 14062 | Exhibit E INVALID CLAIMS TO BE EXPUNGED |
| Gri Eqy Sparkleberry Square LLC Augustus C. Epps Jr. Esq. Christian & Barton LLP 909 E. Main St. Ste 1200 Richmond, VA 23219-3095 | 12759 | Exhibit C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Hagan Properties, Inc. Eighth & Main Building 707 E. Main Street, Suite 1700 Richmond, VA  23218-1558 | 13101 | Exhibit E INVALID CLAIMS TO BE EXPUNGED |
| Jefferson Mall Company II LLC c/o Scott M. Shaw Esq. Husch Blackwell Sanders LLP 2030 Hamilton Pl. Blvd. Ste. 150 Chattanooga, TN 37421 | 14477 | Exhibit C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Kimco North Rivers 692 Inc<br>Attn Neil E Herman Esq<br>c o Morgan Lewis & Bockius LLP<br>101 Park Ave<br>NY, NY 10178 | 11940 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Kimco North Rivers 692 Inc<br>c o Morgan Lewis & Bockius LLP<br>101 Park Ave<br>NY, NY 10178 | 11923 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Liquidity Solutions Inc. (Transferee)<br>One University Plz Ste 312<br>Hackensack, NJ 07601 | 12812 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Midland Loan Services Inc<br>c o Katharine Battaia<br>Thompson and Knight LLP<br>1722 Routh St Ste 1500<br>Dallas, TX 75201 | 12258 | Exhibit E<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| Park National Bank<br>c/o Woods Rogers PLC, Attn: Richard<br>C. Maxwell<br>10 S. Jefferson Street, Suite 1400<br>Roanoke, VA  24011 | 11749 | Exhibit G<br>AMENDED CLAIMS TO BE<br>EXPUNGED |
| Parker Central Plaza Ltd.<br>c/o Lynnette R. Warman<br>Hunton & Williams LLP<br>1445 Ross Ave. Ste. 3700<br>Dallas, Tx 75202 | 12761 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Parker Central Plaza Ltd.<br>Henry Toby P. Long III & Thomas N.<br>Jamerson<br>Hunton & Williams LLP<br>Riverfront Plz E. Tower<br>951 E. Byrd St.<br>Richmond, VA 23219-4074 | 14389 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Parker Central Plaza Ltd.<br>Henry Toby P. Long III & Thomas N.<br>Jamerson<br>Hunton & Williams LLP<br>Riverfront Plz E. Tower<br>951 E. Byrd St.<br>Richmond, VA 23219-4074 | 14389 | Exhibit D<br>MISSCLASSIFIED CLAIMS |
| RLV Village Plaza, LP<br>David M. Blau, Esq.<br>Kupelian, Ormond & Magy, P.C.<br>25800 Northwestern Highway, Suite<br>950<br>Southfield, MI  48075 | 12593 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Saul Holdings Limited Partnership<br>Matthew M Moore & Stephen A Metz<br>Shulman Rogers Gandal Pordy & Ecker PA<br>11921 Rockville Pike Ste 300<br>Rockville, MD 20852-2743 | 13673 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Saul Holdings Limited Partnership<br>Stephen A Metz Esq<br>Shulman Rogers Gandal Pordy & Ecker PA<br>11921 Rockville Pike 3rd Fl<br>Rockville , MD 20852 | 12223 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| THF Chesterfield Two Development LLC THF Clarksburg Development One LLC THF Harrisonburg Crossing LLC THF ONC Development LLC<br>Stephan W. Milo<br>Wharton Aldhizer and Weaver PLC<br>125 S. Augusta St. Ste. 2000<br>Staunton, VA 24401 | 12397 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Thirty & 141 LP<br>John E. Hilton<br>120 S. Central Ave. Ste. 1800<br>St. Louis, MO 63105 | 7166 | Exhibit G<br>AMENDED CLAIMS TO BE EXPUNGED |
| Tutwiler Properties Ltd<br>c o Heather A Lee<br>Burr & Forman LLP<br>420 N 20th St Ste 3400<br>Birmingham , AL 35203 | 9643 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| U.S. Bank National Association, as purchaser of assets of Park National Bank<br>c/o Woods Rogers PLC, Attn: Richard C. Maxwell<br>10 S. Jefferson Street<br>Suite 1400<br>Roanoke, VA  24011 | 14797 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| US 41 & I 285 Company<br>Attn Neil E Herman Esq<br>c o Morgan Lewis & Bockius LLP<br>101 Park Ave<br>New York, NY 10178 | 8720 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Valley View S. C. LLC<br>Attn:  Neil E. Herman<br>c/o Morgan Lewis & Bockius LLP<br>101 Park Ave.<br>New York, NY 10178 | 11963 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Valley View SC LLC<br>Attn Neil E Herman<br>c o Morgan Lewis & Bockius LLP<br>101 Park Ave<br>New York , NY 10178 | 12003 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Weingarten Nostat Inc.<br>Attn:  Jenny J. Hyun Esq.<br>c/o Weingarten Realty Investors<br>Houston, TX 77008<br>2600 Citadel Plz Dr. Ste. 125 | 12741 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Weingarten Nostat Inc.<br>Attn:  Lisa L. Seabron<br>c/o Weingarten Realty Investors<br>2600 Citadel Plz Dr. Ste. 125<br>Houston, TX 77008 | 13984 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Wells Fargo Bank, NA, as Trustee for<br>the Registered Holders of CD 2006-<br>CD2 Commercial Mortgage Pass-<br>Through Certificates as Collateral<br>Assignee of RLV Village Plaza LP<br>Mindy A. Mora, Esq.<br>Bilzin, Sumberg, Baena, Price &<br>Axelrod, LLP<br>200 S. Biscayne Blvd., Suite 2500<br>Miami, FL  33131 | 8922 | Exhibit E<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| WRI Camp Creek Marketplace II LLC<br>Attn:  James S. Carr & Robert L.<br>LeHane<br>Kelley Drye & Warren LLP<br>101 Park Ave.<br>New York, NY 10178 | 13987 | Exhibit E<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| WRI Camp Creek Marketplace II LLC<br>Attn:  Jenny J. Hyun Esq.<br>c/o Weingarten Realty Investors<br>2600 Citadel Plaza Dr. Ste. 125<br>Houston, TX 77008 | 9718 | Exhibit C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 1/21/2009 | 4080 | AIG Baker Hoover LLC Attn: Legal Dept. 1701 Lee Branch Ln Birmingham, AL 35242 | | $117,924.24 (general unsecured) | Circuit City Stores, Inc. | $108,494.61 (general unsecured) | Circuit City Stores, Inc. | Reduce by $9,429.63 for prepetition taxes in accordance with the Debtors' books and records. |
| 4/30/2009 | 12663 | Bank of America National Association Successor by Merger to LaSalle Bank National Association Attn Diane Schapiro c o Berkadia Commercial Mortgage LLC 700 N Pearl St Ste 2200 Dallas, TX 75201 | | $1,316,782.37 (general unsecured) | Circuit City Stores, Inc. | $1,181,915.15 (general unsecured) | Circuit City Stores, Inc. | Reduce by $55,983.38 for prepetition rent and $50,333.47 for rejection damages in accordance with the Debtors' books and records. Reduce by $15,257.55 for attorney fees and $2,442.67 for damages because the Debtors' are not liable under the lease. Reduce by $10,850.15 for insurance because the Debtors were responsible for and maintained insurance on the location prior to rejection of the lease. |
| 4/30/2009 | 12915 | Carolina Pavilion Company c o Amy Pritchard Williams Esq K&L Gates LLP 214 N Tryon St Hearst Tower 47th Fl Charlotte, NC 28202 | | $739,660.35 ($698,676.25 is general unsecured and $40,984.10 is administrative) | Circuit City Stores, Inc. | $698,093.13 (general unsecured) $38,448.37 (administrative) | Circuit City Stores, Inc. | Reduce by $583.12 for rejection damages and $2,535.73 for November stub rent in accordance with the Debtors' books and records. |
| 4/30/2009 | 12560 | Centro Properties Group ta Memphis Commons Memphis TN c o David L Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St 51st Fl Philadelphia, PA 19103 | | $1,065,758.10 (general unsecured) | Circuit City Stores, Inc. | $814,406.34 (general unsecured) | Circuit City Stores, Inc. | Reduce by $141,758.08 for prepetition rent and $109,593.68 for rejection damages in accordance with the Debtors' books and records. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 4/30/2009 | 12625 | Centro Properties Group ta Pensacola Square Pensacola FL c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St. 51st Fl. Philadelphia, PA 19103 | | $490,718.28 (general unsecured) | Circuit City Stores, Inc. | $359,024.98 (general unsecured) | Circuit City Stores, Inc. | Reduce by $62,887.28 for prepetition rent and $68,806.02 for rejection damages in accordance with the Debtors' books and records. |
| 1/29/2009 | 8488 | Centro Properties Group ta Sharpstown Plaza Houston Tx c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St. 51st. Fl. Philadelphia, PA 19103 | | $646,816.60 (general unsecured) | Circuit City Stores, Inc. | $626,785.75 (general unsecured) | Circuit City Stores, Inc. | Reduce by $12,171.46 for rejection damages, $2,222.94 for prepetition taxes and $5,636.45 for prepetition ins. in accordance with the Debtors' books and records. |
| 1/29/2009 | 8491 | Centro Properties Group ta Sharpstown Plaza Houston Tx c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St. 51st. Fl. Philadelphia, PA 19103 | | $10,602.16 (administrative) | Circuit City Stores, Inc. | $9,266.84 (administrative) | Circuit City Stores, Inc. | Reduce by $398.91 for postpetition taxes and $936.41 for postpetition insurance in accordance with the Debtors' books and records. |
| 6/30/2009 | 14346 | CHK LLC Augustus C Epps Jr Esq Christian & Barton LLP 909 E Main St Ste 1200 Richmond, VA 23219 | CHK LLC 12 Deep Well Los Altos, CA  94022 | $97,201.72 (administrative) | Circuit City Stores, Inc. | $80,397.66 (administrative) | Circuit City Stores, Inc. | Reduce by $1,546.51 for post petition taxes in accordance with the Debtors' books and records.  Reduce further by $15,257.55 because the Debtors' are not liable under the lease.. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 4/29/2009 | 12496 | Crossroads Associates, Ltd. Kitchens Kelley Gaynes PC 3495 Piedmont Road, NE Building 11, Suite 900 Atlanta, GA 30305 | | $800,610.75 (general unsecured) | Circuit City Stores, Inc. | $744,530.69 (general unsecured) | Circuit City Stores, Inc. | Reduce by $37,670.43 for November stub rent and $14,184.79 for postpetition taxes, which are both covered by claim 13721, $3,000 for other damages and $1,224.84 for other water in accordance with the Debtors' books and records. |
| 6/30/2009 | 13721 | Crossroads Associates, Ltd. Kitchens Kelley Gaynes PC 3495 Piedmont Road, NE Building 11, Suite 900 Atlanta, GA 30305 | | $138,689.04 (administrative) | Circuit City Stores, Inc. | $48,809.89 (administrative) | Circuit City Stores, Inc. | Reduce by $85,654.31 for prepetition taxes, which are covered by claim 12496, $3,000 for other damages and $1,224.84 for other water in accordance with the Debtors' books and records. |
| 6/29/2009 | 13924 | DEV Limited Partnership c/o William A. Gray Esq. & C Thomas Ebel Esq. Sands Anderson Marks & Miller PC 801 E. Main St. Ste. 1800 PO Box 1998 Richmond, VA 23218-1998 | | $29,983.21 (administrative) | Circuit City Stores, Inc. | $22,922.85 (administrative) | Circuit City Stores, Inc. | Reduce by $3,060.36 for administrative rent and $4,000 for attorney fees in accordance with the Debtors' books and records. |
| 4/14/2009 | 12180 | GECMC 2005 C2 South Lindbergh LLC c/o Mindy A. Mora, Esq. Bilzin Sumberg Baena Price & Axelrod LLP 200 S. Biscayne Blvd. Ste 2500 Miami, FL 33131 | OLP CCST Louis LLC c/o Michelle McMahon, Esq. 1290 Avenue of the Americas New York, NY 10104 | $358,657.10 (general unsecured) | Circuit City Stores, Inc. | $336,189.53 (general unsecured) | Circuit City Stores, Inc. | Reduce by $22,467.57 for rejection damages in accordance with the Debtors' books and records. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 6/29/2009 | 14425 | Gravois Bluffs III, LLC<br>John E Hilton<br>Carmody MacDonald PC<br>120 S Central Ave Ste 1800<br>St Louis, MO 63105 | | $54,983.80<br>(administrative) | Circuit City<br>Stores, Inc. | $48,929.43 (administrative) | Circuit City<br>Stores, Inc. | Reduce by $5,116.06 for post petition taxes, $191.41 for insurance and $746.90 for prepetition CAM Recon in accordance with the Debtors' books and records. Prepetition CAM Recon is already covered by claim 14427. |
| 6/29/2009 | 14427 | Gravois Bluffs III, LLC<br>John E Hilton<br>Carmody MacDonald PC<br>120 S Central Ave Ste 1800<br>St Louis, MO 63105 | | $1,103,298.01<br>(general<br>unsecured) | Circuit City<br>Stores, Inc. | $1,067,284.22 (general<br>unsecured) | Circuit City<br>Stores, Inc. | Reduce by $31,938.74 for rejection damages and $4,075.05 for damage in accordance with the Debtors' books and records. |
| 4/30/2009 | 12759 | Gri Eqy Sparkleberry Square LLC<br>Augustus C. Epps Jr. Esq.<br>Christian & Barton LLP<br>909 E. Main St. Ste 1200<br>Richmond, VA 23219-3095 | Gri Eqy Sparkleberry Square LLC<br>Attn: Brianna Haggard<br>1600 NE Miami Gardens Dr.<br>North Miami Beach, FL 33179 | $572,222.82<br>(general<br>unsecured) | Circuit City<br>Stores, Inc. | Unliquidated, but not less than $572,222.82<br>(general unsecured) | Circuit City<br>Stores, Inc. | Reduce by $1,290.92 for attorneys fees in accordance with the Debtors' books and records. |
| 6/29/2009 | 14477 | Jefferson Mall Company II LLC<br>c/o Scott M. Shaw Esq.<br>Husch Blackwell Sanders LLP<br>2030 Hamilton Pl. Blvd. Ste. 150<br>Chattanooga, TN 37421 | | $247,750.39<br>($230,911.35 is general unsecured and $16,839.04 is administrative) | Circuit City<br>Stores, Inc. | $229,649.41 ($224,945.92 is general unsecured and $4,703.49 is administrative) | Circuit City<br>Stores, Inc. | Reduce by $11,147.64 for November stub rent, $5,965.43 for other prepetition taxes and $987.91 for other post petition taxes in accordance with the Debtors' books and records. |
| 3/27/2009 | 11940 | Kimco North Rivers 692 Inc<br>Attn Neil E Herman Esq<br>c o Morgan Lewis & Bockius LLP<br>101 Park Ave<br>NY, NY 10178 | | $30,522.79<br>(administrative) | Circuit City<br>Stores, Inc. | $5,200.92 (administrative) | Circuit City<br>Stores, Inc. | Reduce by $21,565.95 for November stub rent and $3,755.92 for post petition taxes in accordance with the Debtors' books and records. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 3/27/2009 | 11923 | Kimco North Rivers 692 Inc c o Morgan Lewis & Bockius LLP 101 Park Ave NY, NY 10178 | | $742,428.94 (general unsecured) | Circuit City Stores, Inc. | $677,333.82 (general unsecured) | Circuit City Stores, Inc. | Reduce by $65,095.12 for rejection damages in accordance with the Debtors' books and records. |
| 4/30/2009 | 12812 | Liquidity Solutions Inc. (Transferee) One University Plz Ste 312 Hackensack, NJ 07601 | Shelbyville Road Plaza LLC Attn Tommy Edwards Hagan Properties Inc 12949 Shelbyville Rd Ste 100 Louisville, KY 40243 | $803,620.76 ($746,623.84 is general unsecured and was transferred by Shelbyville Road Plaza LLC to Liquidity Solutions, Inc. and $56,996.92 is administrative and was retained by Shelbyville Road Plaza LLC) | Circuit City Stores, Inc. | $742,026.84 (general unsecured) $0 (administrative) | Circuit City Stores, Inc. | Reduce by $40,091.27 for November stub rent, $7,164.46 for attorney fees and $9,740.49 for post petition taxes in accordance with the Debtors' books and records. In addition, the landlord owes the Debtors $4,597 for CAM Recon pursuant to the Debtors' books and records. |
| 4/30/2009 | 12761 | Parker Central Plaza Ltd. c/o Lynnette R. Warman Hunton & Williams LLP 1445 Ross Ave. Ste. 3700 Dallas, Tx 75202 | Parker Central Plaza Ltd. 2001 Preston Rd. Plano, Tx 75093 | $1,111,951.72 (general unsecured) | Circuit City Stores, Inc. | $927,076.79 (general unsecured) | Circuit City Stores, Inc | Reduce by $71,333.94 for rejection damages and $113,540.99 for other prepetition taxes in accordance with the Debtors' books and records. Other prepetition taxes are already covered by claim 14389. |
| 6/30/2009 | 14389 | Parker Central Plaza Ltd. Henry Toby P. Long III & Thomas N. Jamerson Hunton & Williams LLP Riverfront Plz E. Tower 951 E. Byrd St. Richmond, VA 23219-4074 | Parker Central Plaza Ltd. Hunton & Williams LLP Lynnette R. Warman & Cameron W. Kinvig 1445 Ross Ave. Ste. 3700 Dallas, TX 75202 | $137,435.40 (administrative) | Circuit City Stores, Inc. | $110,920.92 ($92,788.97 is unsecured and $18,131.95 is administrative) | Circuit City Stores, Inc. | Reduce by $13,634.49 for other prepetition taxes and $12,879.99 for other post petition taxes in accordance with the Debtors' books and records. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 4/29/2009 | 12593 | RLV Village Plaza, LP David M. Blau, Esq. Kupelian, Ormond & Magy, P.C. 25800 Northwestern Highway, Suite 950 Southfield, MI 48075 | | $415,631.97 (general unsecured) | Circuit City Stores, Inc. | $393,251.79 (general unsecured) | Circuit City Stores, Inc. | Reduce by $22,380.18 for prepetition rent in accordance with the Debtors' books and records. |
| 6/26/2009 | 13673 | Saul Holdings Limited Partnership Matthew M. Moore & Stephen A Metz Esq Shulman Rogers Gandal Pordy & Ecker PA 11921 Rockville Pike 3rd Fl Rockville , MD 20852 | | $20,171.54 (administrative) | Circuit City Stores, Inc. | $16,407.60 (administrative) | Circuit City Stores, Inc. | Reduce by $3,763.91 for other administrative rent in accordance with Debtors' books & records |
| 4/13/2009 | 12223 | Saul Holdings Limited Partnership Stephen A Metz Esq Shulman Rogers Gandal Pordy & Ecker PA 11921 Rockville Pike 3rd Fl Rockville , MD 20852 | Saul Holdings Limited Partnership Karen Halloran Collections Manager Assistant VP Successor to BF Saul Real Estate Investment Trust 7501 Wisconsin Ave Ste 1500 Bethesda, MD 20814 | $310,983.29 (general unsecured) | Circuit City Stores, Inc. | $291,779.81 (general unsecured) | Circuit City Stores, Inc. | Reduce by $10,357.19 for prepetition rent and $8,846.29 for rejection damages in accordance with the Debtors' books and records. |
| 4/28/2009 | 12397 | THF Chesterfield Two Development LLC THF Clarksburg Development One LLC THF Harrisonburg Crossing LLC THF ONC Development LLC Stephan W. Milo Wharton Aldhizer and Weaver PLC 125 S. Augusta St. Ste. 2000 Staunton, VA 24401 | | $1,209,063.89 (general unsecured) | Circuit City Stores, Inc. | $1,047,529.47 (general unsecured) | Circuit City Stores, Inc. | Reduce by $161,534.42 for rejection damages in accordance with the Debtors' books and records. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 1/30/2009 | 9643 | Tutwiler Properties Ltd c o Heather A Lee Burr & Forman LLP 420 N 20th St Ste 3400 Birmingham , AL 35203 | | $617,811.66 (general unsecured) | Circuit City Stores, Inc. | $596,820.21 (general unsecured) | Circuit City Stores, Inc. | Reduce by $14,583.33 for prepetition rent and $6,408.12 for prepetition taxes in accordance with the Debtors' books and records. |
| 1/19/2010 | 14797 | U.S. Bank National Association, as purchaser of assets of Park National Bank c/o Woods Rogers PLC, Attn: Richard C. Maxwell 10 S. Jefferson Street Suite 1400 Roanoke, VA  24011 | | $341,119.66 (general unsecured) | Circuit City Stores, Inc. | $313,400.93 (general unsecured) | Circuit City Stores, Inc. | Reduce by $27,718.73 for overpayment of postpetition taxes in accordance with Debtors' books and records. |
| 1/30/2009 | 8720 | US 41 & I 285 Company Attn Neil E Herman Esq c o Morgan Lewis & Bockius LLP 101 Park Ave New York, NY 10178 | | $1,216,831.26 (general unsecured) | Circuit City Stores, Inc. | $1,193,652.82 (general unsecured) | Circuit City Stores, Inc. | Reduce by $23,108.33 for prepetition rent and $70.11 for water/sewer in accordance with the Debtors' books and records. |
| 3/30/2009 | 11963 | Valley View S. C. LLC Attn:  Neil E. Herman c/o Morgan Lewis & Bockius LLP 101 Park Ave. New York, NY 10178 | | $1,088,915.28 (general unsecured) | Circuit City Stores, Inc. | $1,007,015.51 (general unsecured) | Circuit City Stores, Inc. | Reduce by $49.83 for prepetition rent and, $81,849.94 for rejection damages in accordance with the Debtors' books and records. |
| 3/30/2009 | 12003 | Valley View SC LLC Attn Neil E Herman c o Morgan Lewis & Bockius LLP 101 Park Ave New York , NY 10178 | | $37,714.71 (administrative) | Circuit City Stores, Inc. | $8,282.96 (administrative) | Circuit City Stores, Inc. | Reduce by $29,431.75 for November stub rent in accordance with the Debtors' books and records. |
| 4/30/2009 | 12741 | Weingarten Nostat Inc. Attn:  Jenny J. Hyun Esq. c/o Weingarten Realty Investors Houston, TX 77008 2600 Citadel Plz Dr. Ste. 125 | | $1,105,995.63 (general unsecured) | Circuit City Stores, Inc. | $1,019,027.01 (general unsecured) | Circuit City Stores, Inc. | Reduce by $15,057.91 for prepetition rent, $70,970.97 for rejection damages and $939.74 for damages in accordance with the Debtors' books and records. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit C**
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 6/29/2009 | 13984 | Weingarten Nostat Inc. Attn:  Lisa L. Seabron c/o Weingarten Realty Investors 2600 Citadel Plz Dr. Ste. 125 Houston, TX 77008 | | $65,424.88 (administrative) | Circuit City Stores, Inc. | $22,286.08 (administrative) | Circuit City Stores, Inc. | Reduce by $40,639.62 for November stub rent, $1,156.55 for other admin. rent, $145.79 for postpetition taxes and $1,196.84 for other postpetition expenses in accordance with the Debtors' books and records |
| 1/30/2009 | 9718 | WRI Camp Creek Marketplace II LLC Attn:  Jenny J. Hyun Esq. c/o Weingarten Realty Investors 2600 Citadel Plaza Dr. Ste. 125 Houston, TX 77008 | | $1,351,782.77 (general unsecured) | Circuit City Stores, Inc. | $1,278,079.70 (general unsecured) | Circuit City Stores, Inc. | Reduce by $59,948.07 for rejection damages, $13,500 for other damages and $255 for water in accordance with the Debtors' books and records. |

In re Circuit City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit D**
MISCLASSIFIED CLAIMS

| | | CLAIMS TO BE RECLASSIFIED | | | | RECLASSIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount and Classification | Debtor | Proposed Reclassified Face Claim Amount and Classification | Debtor | Comments |
| 6/30/2009 | 14389 | Parker Central Plaza Ltd. Henry Toby P. Long III & Thomas N. Jamerson Hunton & Williams LLP Riverfront Plz E. Tower 951 E. Byrd St. Richmond, VA 23219-4074 | Hunton & Williams LLP Lynnette R. Warman & Cameron W. Kinvig 1445 Ross Ave. Ste. 3700 Dallas, TX 75202 | $137,435.40 (administrative) | Circuit City Stores, Inc. | $18,131.95 (administrative) $119,303.45 (general unsecured) | Circuit City Stores | The category of other prepetition taxes is being reclassified from administrative to general unsecured. |

In re Circuity City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit E**
INVALID CLAIMS TO BE EXPUNGED

| BOOKS AND RECORDS CLAIMS TO BE EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| **Date Filed** | **Claim Number** | **Name & Address** | **Additional Notice Address** | **Claim Amount** | **Debtor** | **Comments** |
| 12/19/2008 | 13098 | Acadia Realty Limited Partnership & Brighton Commercial LLC & Catellus Operating Limited Partnership & Cedar Development Ltd. Attn: Jennifer M. McLemore & Augustus C Epps Jr. & Michael D. Mueller Esq. & Noelle M. James Esq. c/o Christian & Barton 909 E. Main Ste. 1200 Richmond, VA 23219 | | Unliquidated (administrative) | Circuit City Stores, Inc. | Debtors' books and records do not support. |
| 6/30/2009 | 14363 | Capmark Finance Inc Keith M Aurzada & John C Leininger Bryan Cave LLP 2200 Ross Ave Ste 3300 | | $1,120,367.89 (administrative) | Circuit City Stores, Inc. | Claim 14363 was not filed by the landlord. Debtor is addressing claim 14346 with the landlord. |

In re Circuity City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit E**
INVALID CLAIMS TO BE EXPUNGED

| BOOKS AND RECORDS CLAIMS TO BE EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Comments |
| 6/30/2009 | 14137 | Carolina Pavilion Company c o Amy Pritchard Williams Esq K&L Gates LLP 214 N Tryon St Hearst Tower 47th Fl Charlotte, NC 28202 | | $48,419.28 (administrative) | Circuit City Stores, Inc. | November stub rent and post petition taxes are covered by claim 12915. According to the Debtors' books and records, the amount asserted for attorney fees in this claim is not owed by the Debtors. |
| 4/30/2009 | 12559 | Centro Properties Group ta Memphis Commons Memphis TN c o David L Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St 51st Fl Philadelphia, PA 19103 | | $54,497.84 (administrative) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be disallowed in its entirety because the amounts asserted in the claim are not owed. |
| 4/30/2009 | 12633 | Centro Properties Group ta Pensacola Square Pensacola FL c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St. 51st Fl. Philadelphia, PA 19103 | | $16,996.43 (administrative) | Circuit City Stores, Inc. | Debtor has no record of amounts due to this claimant. |

In re Circuity City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit E**
INVALID CLAIMS TO BE EXPUNGED

| BOOKS AND RECORDS CLAIMS TO BE EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Comments |
| 4/30/2009 | 12647 | Drexel Delaware Trust c o Midland Loan Services Inc a Delaware Corporation c o Katharine Battaia Thompson and Knight LLP 1722 Routh St Ste 1500 Dallas, TX 75201 | Midland Loan Services Inc c o JP Morgan Chase Lockbox 974754 PNC Bank Lockbox 14800 Frye Rd TX1 0006 Fort Worth, TX  76155 | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Debtor has no record of amounts due to this claimant. |
| 6/30/2009 | 14347 | Drexel Delaware Trust c/o Midland Loan Services Inc., a Delaware corporation c/o Katharine Battaia Thompson and Knight LLP 1722 Routh St. Ste 1500 Dallas, Tx 75201 | Midland Loan Services Inc. c/o JP Morgan Chase Lockbox 974754 PNC Bank Lockbox 14800 Frye Rd. TX1 0006 Fort Worth, CTX 76155 | $63,537.81 (administrative) | Circuit City Stores, Inc. | Debtor has no record of amounts due to this claimant. |
| 6/30/2009 | 14062 | GRI EQY Sparkleberry Square LLC Arthur L. Gallagher Vice President 1600 NE Miami Gardens Dr. North Miami Beach, FL 33179 | | $34,809.82 (administrative) | Circuit City Stores, Inc. | November stub rent. Debtors' books and records do not support. |

In re Circuity City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit E**
INVALID CLAIMS TO BE EXPUNGED

| BOOKS AND RECORDS CLAIMS TO BE EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Comments |
| 1/15/2009 | 13101 | Hagan Properties, Inc. Eighth & Main Building 707 E. Main Street, Suite 1700 Richmond, VA  23218-1558 | | Unliquidated (administrative) | Circuit City Stores, Inc. | The items due the landlord are covered by Claim 12812. |
| 4/8/2009 | 12258 | Midland Loan Services Inc c o Katharine Battaia Thompson and Knight LLP 1722 Routh St Ste 1500 Dallas, TX 75201 | | $890,379.81 (general unsecured) | Circuit City Stores, Inc. | Debtor has no record of amounts due to this claimant. |
| 1/30/2009 | 8922 | Wells Fargo Bank, NA, as Trustee for the Registered Holders of CD 2006-CD2 Commercial Mortgage Pass-Through Certificates as Collateral Assignee of RLV Village Plaza LP Mindy A. Mora, Esq. Bilzin, Sumberg, Baena, Price & Axelrod, LLP 200 S. Biscayne Blvd., Suite 2500 Miami, FL  33131 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claim 8922 was not filed by the landlord. Debtor is addressing claim 12593 with the landlord. |

In re Circuity City Stores, Inc, et al
Case No. 08-35653 (KRH)
**Exhibit E**
INVALID CLAIMS TO BE EXPUNGED

| BOOKS AND RECORDS CLAIMS TO BE EXPUNGED | | | | | | | |
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Comments |
|---|---|---|---|---|---|---|
| 6/29/2009 | 13987 | WRI Camp Creek Marketplace II LLC Attn:  James S. Carr & Robert L. LeHane Kelley Drye & Warren LLP 101 Park Ave. New York, NY 10178 | Weingarten Realty Investors Attn:  Lisa L. Seabron Legal Administrator 2600 Citadel Plz Dr. Ste. 125 Houston, TX 77008 | $12,883.11 (administrative) | Circuit City Stores, Inc. | Debtor has no record of amounts due to this claimant. |

In re Circuit City Stores, Inc., et al
Case No. 08-35653 (KRH)
**EXHIBIT F**

LATE FILED CLAIMS TO BE EXPUNGED

| | | LATE FILED CLAIMS | | | |
|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor |
| 2/2/2009 | 10534 | Buckhead Triangle LP c o Liquidity Solutions Inc One University Plz Ste 312 Hackensack, NJ 07601 | Buckhead Triangle LP c o Liquidity Solutions Inc One University Plz Ste 312 Hackensack, NJ  07601 | $653,194.62 (general unsecured) | Circuit City Stores, Inc. |
| 7/1/2009 | 14418 | GECMC 2005-C2 CC Parent, LLC (Transferee) c/o Mindy A. Mora, Esq. Bilzin Sumberg Baena Price & Axelrod LLP 200 South Biscayne Blvd., Suite 2500 Miami, FL 33131 | OLP CCFerguson LLC (Transferor) c/o Michelle McMahon, Esq. 1290 Avenue of the Americas New York, NY 10104 | $7,477.10 (administrative) | Circuit City Stores, Inc. |
| 7/1/2009 | 14420 | GECMC 2005 C2 South Lindbergh LLC (Transferee) c/o Mindy A. Mora, Esq. Bilzin Sumberg Baena Price & Axelrod LLP 200 S. Biscayne Blvd. Ste 2500 Miami, FL 33131 | OLP CCST Louis LLC (Transferor) c/o Michelle McMahon, Esq. 1290 Avenue of the Americas New York, NY 10104 | $22,277.64 (administrative) | Circuit City Stores, Inc. |

In re Circuit City Stores, Inc., et al.
Case No. 08-35653 (KRH)
**EXHIBIT G**

AMENDED CLAIMS TO BE EXPUNGED

| CLAIMS TO BE EXPUNGED | | | | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Surviving Claim Numbers | Debtor | Face Amounts of Surviving Claim |
| 1/30/2009 | 9037 | Circuit Investors #2 Ltd. A Texas Partnership c/o Niclas A. Ferland, Esq. LeClairRyan, A Professional Corporation 555 Long Wharf Drive, 8th Floor New Haven, CT 06511 | | $386,652.66 (general unsecured) | Circuit City Stores, Inc. | 11749 | Circuit City Stores, Inc. | Unliquidated (general unsecured) |
| 6/26/2009 | 13633 | Gravois Bluffs III LLC John E Hilton Carmody MacDonald PC 120 S Central Ste 1800 Clayton, MO 63105 | G J Grewe Inc 9109 Watson Rd Ste 400 St Louis, MO 63126 | $73,908.76 (general unsecured) | Circuit City Stores, Inc. | 14427 | Circuit City Stores, Inc. | $1,103,298.01 (general unsecured) |
| 3/5/2009 | 11749 | Park National Bank c/o Woods Rogers PLC, Attn: Richard C. Maxwell 10 S. Jefferson Street, Suite 1400 Roanoke, VA 24011 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | 14797 | Circuit City Stores, Inc. | $341,119.66 (general unsecured) |
| 1/28/2009 | 7166 | Thirty & 141 LP John E. Hilton 120 S. Central Ave. Ste. 1800 St. Louis, MO 63105 | Thirty & 141 LP GJ Grewe Inc. 9109 Watson Rd. Ste. 400 St. Louis, MO 63126 | $69,398.64 (general unsecured) | Circuit City Stores, Inc. | 13633 | Circuit City Stores, Inc. | $73,908.76 (general unsecured) |

12304-002\DOCS_NY:23497v1