Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al., | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

## NOTICE OF LIQUIDATING TRUST'S OBJECTION TO
## SECURED CLAIMS FILED BY GREGORY LEE MCCALL

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Secured Claims Filed by Gregory Lee McCall (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the McCall Claims in their entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.         Lynn L. Tavenner, Esq. (VA Bar No. 30083
Andrew W. Caine, Esq.            Paula S. Beran, Esq. (VA Bar No. 34679)
(admitted *pro hac vice*)            TAVENNER & BERAN, PLC
PACHULSKI STANG ZIEHL & JONES LLP  20 North Eighth Street, 2nd Floor
10100 Santa Monica Boulevard      Richmond, Virginia 23219
Los Angeles, California 90067-4100   Telephone: (804) 783-8300
Telephone: (310) 277-6910       Telecopy:   (804) 783-0178
Telecopy:   (310) 201-0760

The status hearing on the Objection will be held at  **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and**</u>
<u>**Information Regarding the Hearing on the Objection**</u>

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

    a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

    d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.  a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.  the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.  to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 24, 2011

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
          acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - -    x
In re:                                   :    Chapter 11
                                         :
CIRCUIT CITY STORES, INC., et al.,       :    Case No. 08-35653 (KRH)
                                         :
            Debtors.                     :
- - - - - - - - - - - - - -    :    Jointly Administered
                                         x

## LIQUIDATING TRUST'S OBJECTION TO SECURED CLAIMS FILED BY GREGORY LEE MCCALL

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files this

Objection to Secured Claims Filed by Gregory Lee McCall (the "McCall Claims"), and

hereby moves this court (the "Court"), pursuant to sections 105, 502 and 503 of title 11 of

the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"),

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Local Bankruptcy Rule 3007-1, for an order disallowing the McCall Claims in their

entirety.  In support of the Objection, the Liquidating Trust states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the

above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

5.      On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No.

107)(the "503(b)(9) Bar Date Order").

9.    Pursuant to the 503(b)(9) Bar Date Order, this Court approved the

form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the

503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to the 503(b)(9)

Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim

asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy

Code was on December 19, 2008 (the "503(b)(9) Bar Date").

10.    On November 19, 2008, KCC served a copy of the 503(b)(9) Bar

Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the

Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No.

549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch

(Docket No. 547).

11.    On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

12.    On April 1, 2009, this Court entered an Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus

Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

13.    On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (Docket No. 3354) (the "Administrative Claims Bar Date Order").

14.    Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant to the Administrative Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Claims Bar Date Notice").

15.    On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In addition, the Debtors published the Administrative Claims Bar Date Notice in The Financial Times (Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

16.    On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

17.    On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

18.    The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claims.

## OBJECTION TO THE MCCALL CLAIMS

19.    On September 30, 2010, claimant Gregory Lee McCall ("McCall" or "Claimant") filed Claim No. 15097 as a secured claim in the amount of $18,000,000.00.  A true and correct copy of the Claim No. 15097 is attached hereto as Exhibit B.  On December 4, 2010, McCall filed a duplicate secured claim, Claim No. 15100, in the same amount.  A true and correct copy of the Claim No. 15100 is attached hereto as Exhibit C.

20.    Claim No. 15100 should be disallowed as it is a duplicate of Claim No. 15097.

21.    The Claim is Late.  Claim No. 15097 (the "Claim") should be disallowed as late.  While the Claim purports to amend a previously filed claim dated September 2008, no such claim was ever filed.  As the Petition Date was not until November 10, 2008, no claim dated September 2008 could exist against one of the Debtors' estates, let alone be amended.  In addition, at the request of the Liquidating Trust, KCC has reviewed its register of claims and has determined that Claimant had not previously filed a claim against any of the Debtors' estates.

22.    The Claim is Farfetched and Entirely Unwarranted.  In addition to the Liquidating Trust's objection to the Claim as late, the Liquidating Trust has reviewed the bases set forth in the Claim and believes there to be no liability, much less any secured

liability, to Claimant.

23.    The Claim is based on a 2004 civil case brought by Claimant against Circuit City Stores, Inc. and certain of its employees alleging "criminal act of trespass and conversion."  *Secured Party Objection to Settlement Agreement Between Debtors and Cardinal Court LLC* [Docket No. 8687] (the "McCall Objection"), at 1.  (A true and correct copy of the McCall Objection, in which Claimant objected to the Debtors entry into a settlement agreement with an unrelated third party, is attached hereto as <u>Exhibit D</u>.)  According to the McCall Objection, "[t]he debtors committed these acts under the mistaken impression that a state of Kansas police detective could grant the debtors authorization to travel from the state of Kansas to the state of Missouri, enter McCall home and take property belonging to him without a court order and without establishing the right to do so."  *Id.*

24.    McCall has not presented any evidence to establish the Debtors' liability or justify the amount of his Claim ($18,000,000.00).  Indeed, as set forth in the McCall Objection, Claimant states "McCall's civil claim involves over $40,000.00 in personal property taken by the debtors as well as his legal fees and hours invested in prosecuting this action."  McCall Objection at 2.  The improperly-attached settlement offer shows that counsel for Circuit City Stores, Inc. offered $750.00 to McCall, likely the nuisance value of the lawsuit.  Claimant has failed to present evidence to establish any liability on the part of the Debtors in any amount, and thus, the Claim should be disallowed.

25.    <u>The Claim is Not Secured</u>.  Even assuming the Claim was not late and there were some liability, the Claim would be unsecured.  According to the McCall

Objection, "McCall filed pre-petition U.C.C. 1 Financing Statements against the assets of

the debtors in both the states of Kansas and Virginia."  Claimant has not only failed to

demonstrate the truth of this assertion, but also one is not allowed to simply file a UCC-1

Financing Statement and then claim a secured interest in a debtor's property.  Rather, a

financing statement must contain, *inter alia*, the signature of the debtor in order to be valid.

Uniform Commercial Code §9-402(1) ("A financing statement is sufficient if it gives the

names of the debtor and the secured party, is signed by the debtor . . .").  Accordingly,

even if McCall succeeds in establishing any validity to the Claim, the Claim is not entitled

to any secured priority.

26.    Based on the foregoing, the Liquidating Trust respectfully requests

that the McCall Claims be disallowed in its entirety.

## RESERVATION OF RIGHTS

27.    The Liquidating Trust reserves the right to modify, supplement

and/or amend this Objection upon the receipt of additional information..

## WAIVER OF MEMORANDUM OF LAW

28.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Motion, the Liquidating Trust requests that the

requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

29.    No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court

enter an Order sustaining this Objection and disallowing the McCall Claims (a form of

which is attached hereto as <u>Exhibit A</u>), and granting such other and further relief as the

Court deems appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
     February 24, 2011


     */s/ Paula S. Beran*
     Lynn L. Tavenner (VA Bar No. 30083)
     Paula S. Beran (VA Bar No. 34679)
     20 North Eighth Street, 2nd Floor
     Richmond, Virginia 23219
     (804) 783-8300

         - and -

     PACHULSKI STANG ZIEHL & JONES LLP
     Jeffrey N. Pomerantz, Esq.
     Andrew W. Caine, Esq.
     10100 Santa Monica Boulevard
     Los Angeles, California 90067-4100
     (310) 277-6910

     *Counsel to the Circuit City Stores, Inc.*
     *Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                                            :         Chapter 11
                                                  :
CIRCUIT CITY STORES, INC., et al.,                :         Case No. 08-35653 (KRH)
                                                  :
                          Debtors.                :
- - - - - - - - - - - - - -                       :         Jointly Administered
                                                  X

## ORDER SUSTAINING LIQUIDATING TRUST'S
## OBJECTION TO SECURED CLAIMS FILED BY GREGORY LEE MCCALL

THIS MATTER having come before the Court[2] on the Liquidating Trust's

Objection (the "Objection") to the Secured Claims Filed by Gregory Lee McCall (the

"McCall Claims"), which requested that the McCall Claims be disallowed for those

reasons set forth in the Objection; and it appearing that due and proper notice and service

of the Objection as set forth therein was good and sufficient; and it appearing that the relief

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

requested on the Objection is in the best interest of the Liquidating Trust, the Debtors'

estates and creditors and other parties-in-interest; and after due deliberation thereon good

and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The McCall Claims are forever disallowed in its entirety for all

purposes in these bankruptcy cases.

3.    The Liquidating Trust shall serve a copy of this Order on the

claimant on or before five (5) business days from the entry of this Order.

4.    This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:232936.1

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

                              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_____
Lynn L. Tavenner

Claim #15097  Date Filed: 9/30/2010

Exhibit B

FORM B10   (Official Form 10)(4/98)

| United States Bankruptcy Court   Eastern District of Virginia<br>Richmond Division | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:  Circuit City Stores, Inc. | Case Number    08-35653 KRH<br>Chapter        11 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request " for payment of an administrative expense may be filed pursuant to 11 U.S.C.sec. 503.

| Name of Creditor:   (The person or entity to whom the debtor owes money or property)<br>Gregory Lee McCall® Secured Party<br><br>Name and addresses where notices should be sent:<br>GREGORY L. MCCALL U.S.M.# 15064-045<br>P.O. Box 9000<br>Forrest City, Arkansas [72336] | ☐ Check box if you are aware that any one else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | This Space is for Court Use Only |

| Account or other number by which creditor identifies debtor:<br>Case No.:04-CV-2240 | Check here ☐ replaces  a previously filed claim, dated:<br>if this claim ☒ amends           September 2008 |
|---|---|

**1. Basis for Claim:**

☐ Goods sold       ☐ Additional Information:
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes.
☑ Other:  TRESPASS/CONVERSION

☐ Retiree benefits as defined in 11 U.S.C. sec. 1114(a)
☐ Wages, salaries, and compensations (Fill out below)

Your SS#

Unpaid compensation for services performed

from                          to
       (date)                        (date)

**2. Date debt was incurred:** Pre-Petition

**3. If court judgment, date obtained**

**4. Total Amount of Claim at Time Case Filed :**    $18,000,000.00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Secured Claim: **        $ 18,000,000.00

☒ Check this box if your claim is secured by collateral (including a right of setoff.)

Brief description of collateral

☒ Real Estate     ☐ Motor Vehicle
☐ Other

Value of Collateral: Unknown

Amount of arrearage and other charges at time case filed included in secured claim above, if any:

**Upon notice and proof from debtor that part or all of this claim is unsecured by operation of 11 USC sec 506(a), creditor reserves the right to claim such unsecured portion as a priority claim under 11 USC sec. 507(a)(8).

**6. Unsecured Priority Claim:**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority        $ 0.00
Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $4,300)*, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier --11 U.S.C. sec. 507(a)(3)
☐ Contributions to an employee benefit plan--11 U.S.C. sec. 507(a)(4)
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use --11 U.S.C. sec. 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child -- 11 U.S.C. sec. 507(a)(7)
☐ Taxes or penalties of governmental units --11 U.S.C. sec. 507(a)(8)
☐ Other--Specify applicable paragraph of 11 U.S.C. sec. 507(a(     )
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:**   Attach copies of notes, purchase orders, invoices, itemized statement security agreements and evidence of perfection documents are not available, explain. If the docu...

See Attached Procedural History Explanation

**9. Date-Stamped Copy** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

0835653100930000000000005

This Space is for Court Use Only

**RECEIVED**

SEP 30 2010

KURTZMAN CARSON CONSULTANTS

| Date:<br><br>Sept. 16, 2010 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim   (attach copy of power of attorney, if any)<br><br>/s/ Gregory Lee McCall not rep.<br>Gregory Lee McCall® Secured Party Creditor |
|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CIRCUIT CITY STORES, INC.,
    Debtor,

    vs.                                     Case No. 08-35653-KRH

GREGORY LEE MCCALL,                          Chapter 11
    Secured Creditor,

## NOTICE OF INTENT TO FILE PROOF OF CLAIM

___    COMES NOW, Gregory Lee McCall, Secured Party/Creditor, pro se and hereby gives

statutory notice of his intent to file his proof of claim against the debtor's and

debtors in possession and their estates based upon an unsettled claim arising from

criminal and civil claims raised in the the Johnson County Kansas District Court

under case no. 04-cv-2240 alleging certain acts committed by the debtor's and or

its employees damaged him and his property for which he seeks relief.

    McCall filed his action under the above referenced case no. in 2004, and was

in the middle of negotiations with the debtor's to settle the matter when the debtor's

filed for relief under Chapter 11 of the Bankruptcy Code in this Court. McCall, who

is presently unrepresented by legal counsel and being ignorant of the bankruptcy

rules and procedures did not file a proof of claim at the time he gave notice of

his standing with the court. Since that time he has learned that the "Proof of Claim

Form" was available through the clerks office but is unable to request one in time

to be within the latest correspondance date of five days notice.

    Herein is attached a proof of claim form with corrections that states the nature

of McCall's claim as well as documentation establishing McCall's standing as a party

to these proceedings. The initial claim is secured with a lien against the debtor's

holdings in certain real estate investments filed with the state and county officials.

    McCall further incorporates his intent to have his right to relief in the civil

action adjudicated as a matter of law and prays the court will lift the stay of those proceedings so that the issues raised therein can be concluded.

WHEREFORE, McCall prays the Court will grant his request and allow his rights to be recognized and preserved in these premises.

Respectfully Submitted,

By: _Gregory Lee McCall® auth rgd._

Gregory Lee McCall®1976
Secured Party/Creditor

CERTIFICATE OF SERVICE

I the Undersigned, hereby certify that a true and correct copy of the foregoing pleading was placed in the internal mail system of the FCI Forrest City-Low on or about the 27th day so September, 2010, postage prepaid first class mail addressed to:

SKADDEN, ARPS, SLATE & FLOM, LLP
155 N. WACKER DRIVE
CHICAGO, ILLINOIS 60606

KURTZMAN, CARSON CONSULTANTS
2335 ALASKA AVENUE
EL SEGUNDO, CALIFORNIA [90245]

SKADDEN, ARPS, SLATE, MEAGHER, & FLOM
P.O. BOX 636
WILMINGTON, DELEWARE [19899]

Respectfully,

By: *Gregory Lee McCall* 20th LLP.
　Gregory Lee McCall

Claim #15100  Date Filed: 10/4/2010

☐ Date Stamped Copy Returned

☒ No self addressed stamped envelope

☐ No copy to return

Exhibit C

FORM B10  (Official Form 10)(4/98)

| United States Bankruptcy Court  Eastern District of Virginia  Richmond Division | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor:  Circuit City Stores, Inc. | Case Number  08-35653 KRH  Chapter  11 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C.sec. 503.

| Name of Creditor:  (The person or entity to whom the debtor owes money or property)  Gregory Lee McCall® Secured Party | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | RICHMOND DIVISION  F I L E D |
|---|---|---|

Name and addresses where notices should be sent:

GREGORY L. MCCALL U.S.M.# 15064-045
P.O. Box 9000
Forrest City, Arkansas [72336]

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

RICHMOND DIVISION
OCT 4 2010
CLERK
US BANKRUPTCY COURT

This Space is for Court Use Only

| Account or other number by which creditor identifies debtor:  Case No.:04-CV-2240 | Check here ☐ replaces ☒ amends  if this claim  a previously filed claim, dated:  September 2008 |

**1. Basis for Claim:**

☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes.
☑ Other:  TRESPASS/CONVERSION

☐ Additional Information:

☐ Retiree benefits as defined in 11 U.S.C. sec. 1114(a)

☐ Wages, salaries, and compensations (Fill out below)

Your SS#

Unpaid compensation for services performed

from _____ to _____
(date)                (date)

**2. Date debt was incurred:** Pre-Petition

**3. If court judgment, date obtained**

**4. Total Amount of Claim at Time Case Filed :**  $18,000,000.00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Secured Claim: ***  $ 18,000,000.00

☒ Check this box if your claim is secured by collateral (including a right of setoff.)

Brief description of collateral

☒ Real Estate  ☐ Motor Vehicle
☐ Other

Value of Collateral:  Unknown

Amount of arrearage and other charges at time case filed included in secured claim above, if any:

**Upon notice and proof from debtor that part or all of this claim is unsecured by operation of 11 USC sec 506(a), creditor reserves the right to claim such unsecured portion as a priority claim under 11 USC sec. 507(a)(8).

**6. Unsecured Priority Claim:**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority  $ 0.00
Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $4,300)*, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier --11 U.S.C. sec. 507(a)(3)

☐ Contributions to an employee benefit plan--11 U.S.C. sec. 507(a)(4)

☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use --11 U.S.C. sec. 507(a)(6)

☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child -- 11 U.S.C. sec. 507(a)(7)

☐ Taxes or penalties of governmental units --11 U.S.C. sec. 507(a)(8)

☐ Other--Specify applicable paragraph of 11 U.S.C. sec. 507(a)( ).
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents**  Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

See Attached Procedural History Explanation

**9. Date-Stamped Copy** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

RECEIVED
OCT 07 2010
KURTZMAN CARSON CONSULTANTS

| Date:  Sept. 16, 2010 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim  (attach copy of power of attorney, if any)  /s/ _Gregory Lee McCall_ sect. rep.  Gregory Lee McCall® Secured Party Creditor |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years

0835653101004000000000012

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CIRCUIT CITY STORES, INC.,
    Debtor,

    vs.                        Case No. 08-35653-KRH

GREGORY LEE MCCALL,         Chapter 11
    Secured Creditor,

## NOTICE OF INTENT TO FILE PROOF OF CLAIM

    COMES NOW, Gregory Lee McCall, Secured Party/Creditor, pro se and hereby gives statutory notice of his intent to file his proof of claim against the debtor's and debtors in possession and their estates based upon an unsettled claim arising from criminal and civil claims raised in the the Johnson County Kansas District Court under case no. 04-cv-2240 alleging certain acts committed by the debtor's and or its employees damaged him and his property for which he seeks relief.

    McCall filed his action under the above referenced case no. in 2004, and was in the middle of negotiations with the debtor's to settle the matter when the debtor's filed for relief under Chapter 11 of the Bankruptcy Code in this Court. McCall, who is presently unrepresented by legal counsel and being ignorant of the bankruptcy rules and procedures did not file a proof of claim at the time he gave notice of his standing with the court. Since that time he has learned that the "Proof of Claim Form" was available through the clerks office but is unable to request one in time to be within the latest correspondance date of five days notice.

    Herein is attached a proof of claim form with corrections that states the nature of McCall's claim as well as documentation establishing McCall's standing as a party to these proceedings. The initial claim is secured with a lien against the debtor's holdings in certain real estate investments filed with the state and county officials.

    McCall further incorporates his intent to have his right to relief in the civil

action adjudicated as a matter of law and prays the court will lift the stay of those proceedings so that the issues raised therein can be concluded.

WHEREFORE, McCall prays the Court will grant his request and allow his rights to be recognized and preserved in these premises.

Respectfully Submitted,

By: _Gregory Lee McCall© auth rep._

Gregory Lee McCall©1976
Secured Party/Creditor

CERTIFICATE OF SERVICE

I the Undersigned, hereby certify that a true and correct copy of the foregoing pleading was placed in the internal mail system of the FCI Forrest City-Low on or about the 27th day so September, 2010, postage prepaid first class mail addressed to:

SKADDEN, ARPS, SLATE & FLOM, LLP
155 N. WACKER DRIVE
CHICAGO, ILLINOIS 60606

KURTZMAN, CARSON CONSULTANTS
2335 ALASKA AVENUE
EL SEGUNDO, CALIFORNIA [90245]

SKADDEN, ARPS, SLATE, MEAGHER, & FLOM
P.O. BOX 636
WILMINGTON, DELEWARE [19899]

Respectfully,

By: _Gregory Lee McCall_
    Gregory Lee McCall

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
F                           F
I                           I
L      OCT  4 2010          L
E                           E
D         CLERK             D
US BANKRUPTCY COURT

CIRCUIT CITY STORES, INC.,
    Debtor(s),

vs.                                    Case No. 08-35653-KRH
                                       Chapter 11

GREGORY LEE MCCALL,
    Secured Party/Claimant.

### SECURED PARTY OBJECTION TO SETTLEMENT AGREEMENT BETWEEN DEBTORS AND CARDINAL COURT LLC.

**COMES NOW,** Gregory Lee McCall (Hereinafter McCall) Secured Party/Creditor, by special visitation, pro se, and hereby objects to the settlement agreement of Circuit City Stores, Inc. (Debtors) and Cardinal Court LLC.

In Support of his objection, McCall states the following:

### PROCEDURAL HISTORY.

This action arose against the Debtors et al from McCall after having a pre-petition claim filed in the Johnson County Kansas District Court under case no. 04-CV-2240. McCall filed his claim against Circuit City Stores, Inc., Phillip J. Schoonover acting C.E.O., Chad holden retail store manager, and others after they committed the criminal act of trespass and conversion. The debtors committed these acts under the mistaken impression that a state of Kansas police detective could grant the debtors authorization to travel from the state of Kansas to the state of Missouri, enter McCall home and take property belonging to him without a court order and without establishing a right to do so.

McCall filed a civil action against the debtors and others pro se, and proceeded to prosecute the action diligently. The debtors retained the Law Firm of Baty, Holm & Numrich of Kansas City, Missouri to defend against the claims made by McCall and after having been denied summary judgment by the district court, the parties entered into settlement negotiations. (See Attached Correspondance of Debtor's Counsel).

1.

Before the parties could come to a mutual agreement about the actual and punative damages demanded by McCall in order to resolve the matter, the debtors filed for Chapter 11 reorganization bankruptcy protection in this Court. McCall filed pre-petition U.C.C. 1 Financing Statements against the assets of the debtors in both the states of Kansas and Virginia.  McCall also attached an interest claim with the debtors insurance carrier Travelers. (See Attached Response Hereto).

On November 8, 2008, 4 years into McCall's suit, the debtors filed for protection under Chapter 11. McCall gave the court clerk notice as a party in interest and having no legal representation or being provided forms from the clerk in which to file his proof of claim, McCall has received over 10 copier paper boxes of filing from the debtors' attorneys and others. Recently McCall learned that his civil action is under continuous stay and that his claim has not been recognized by the debtors' attorneys. (See correspondance dated January 6, 2010 of Sarah K. Baker of Skadden Arps, Slate, Meagher & Flom).

McCall's civil claim involves over $40,000.00 in personal property taken by the debtors and well as his legal fees and hours invested in prosecuting this action. The Debtors have entered into numerous settlement negotiation with various claimants after having Court approval pursuant to 11 U.S.C. §§ 105 and 363, and Fed.R.Bankr.P. 2002, 9006, and 9019 authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further Court approval. Accordingly, the debtors have entered into a settlement agreement and stipulation wiht Cardinal Court LLC which McCall objects to in its entirety. McCall states that the action of Cardinal Court LLC did not arise until after the debtors filed for Chapter 11 protection and McCall's claims arose pre-petition which should have precedent over any post petition claims. The debtors have made no further attempts to resolve the matter between itself and McCall and while the stay is pending, McCall cannot move forward in his prosecution of his civil claims agaist the debtors and

2.

those others named as defendants in his civil action in the Kansas District Court under case no. 04-CV-2240.

WHEREFORE, McCall prays his request for objection is granted.

Respectfully submitted,

By: *Gregory Lee McCall authrep*
Gregory Lee McCall

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was placed in the internal mail system of the Forrest City-Low facility on or about the 27th day of September, 2010, postage prepaid first class mail addressed to:

Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

McGuireWoods, LLP
One James Center
901 East Cary St.
Richmond, Virginia 23219

Clerk of Court
U.S. Bankruptcy Court
701 East Broad St., Suite 4000
Richmond, Virginia 23219

Pachulski, Stang, Ziehl & Jones
10100 Santa Monica Blvd
11th Floor
Los Angeles, CA 90067-4100

&

780 Third Avenue, 36th Floor
New York, N.Y. 10017-2024

Respectfully,

By: *Gregory Lee McCall authrep*
Gregory Lee McCall

3.

LEE M. BATY
KENNETH E. HOLM*
ROBERT P. NUMRICH*
THERESA A. OTTO*
MARY D. THOMPSON*
RANDALL W. SCHROER*
STEPHEN P. DOHERTY*
TODD M. JOHNSON*
JOHN J. GATES*
JAUDON R. GOOSEY**
JULIE M. NUMRICH*
MOLLY B. WESTERING*
CLAYTON T. FIELDER*
NICHOLAS J. PORTO*
BRANDON L. CORL*
MATTHEW J. WESTERING
KAREN L. McCOY
HEATHER A. HOWARD*

OF COUNSEL
GREGORY M. KRATOFIL, SR.
H. DAVID BARR

LAW OFFICES OF

# BATY, HOLM & NUMRICH, P.C.

210 PLAZA WEST BUILDING
4600 MADISON AVENUE
KANSAS CITY, MISSOURI 64112-3012
(816) 531-7200
TELECOPY (816) 531-7201

FIRM WEBSITE: WWW.BATYHOLM.COM

October 29, 2008

ST. LOUIS OFFICE
SUITE 220
231 SOUTH BEMISTON AVENUE
ST. LOUIS, MISSOURI 63105
(314) 863-6274
TELECOPY (314) 863-6407

SPRINGFIELD OFFICE
2458 E. MADRID
SPRINGFIELD, MISSOURI 65804
(417) 886-1983
TELECOPY (417) 886-9285

KANSAS OFFICE
SUITE 100
10620 JOHNSON DRIVE
SHAWNEE, KANSAS 66203
(913) 362-2424

*ADMITTED IN MISSOURI AND KANSAS
**ADMITTED IN MISSOURI AND ILLINOIS

Gregory Lee McCall
U.S.M. # 15064-045
F.C.C. Forrest City
P.O. Box 9000
Forrest City, AR   72336

Re:    *Gregory Lee McCall -v- Circuit City Stores, Inc., et al.*
       Case No.: 04-CV-02240

Dear Mr. McCall:

My client has authorized me to offer you $750.00 in exchange for your dismissal of the aforementioned case.  Please advise if this is acceptable.

Yours very truly,

BATY, HOLM & NUMRICH, P.C.

Nicholas J. Porto

NJP/jhv

# Travelers

P.O. Box 10893
Chantilly, VA 20153-9835

**Virginia Money**
*Claim Representative*
*Commercial Lines, Washington, DC*
*571-287-6095*
*877-389-4685(fax)*

November 20, 2008
Gregory Lee McCall
U.S.M. #15064-045
F.C.I. Forrest City-Low
P.O. Box 9000
Forrest City, Arkansas 72336

Our Insured                    Circuit City Stores, Inc., et al
Our file #                     AJC3434
Date of loss                   2/15/05
Claimant                       Gregory Lee McCall

Dear Mr. McCall:

Please be advised on November 8, 2008 Circuit City Stores, Inc. filed for protection under
Chapter 11 of the Bankruptcy Court, Eastern District of Virginia, under docket number 08-
35653. The filing of this petition operates as an injunction against the commencement or
continuation of any action or claim against Circuit City Stores, Inc. with a date of loss on or
before November 8, 2008. Until the stay is lifted by order of the Bankruptcy Court we are unable
to authorize or make any payments or settlements.

Should you have any questions regarding this please contact the U.S. Bankruptcy Court, Eastern
District of Virginia.

Sincerely,

Virginia Money
Claims Representative
Commercial Claims

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

——

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
312/407-0633
DIRECT FAX
312/827-9467
EMAIL ADDRESS
SARAH.BAKER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 6, 2010

*Via Overnight Mail*
Gregory Lee McCall
FCI Forrest City-Low
P.O. Box 9000
Forrest City, AR  72336

RE:    In re Circuit City Stores, Inc., et al., Ch. 11 Case No.
       <u>08-35653 (KRH) (Bankr. E.D. Va. 2008)</u>

Dear Mr. McCall:

This firm serves as general bankruptcy counsel to Circuit City Stores, Inc. ("Circuit City") and certain of its subsidiaries, debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 bankruptcy cases pending before the United States Bankruptcy Court for the Eastern District of Virginia.

The Debtors are in receipt of your letter dated December 28, 2009, as well as the proposed settlement agreement and stipulation enclosed therewith. Please be advised that the Debtors are unaware of any settlement negotiations subsisting between yourself and Circuit City at this time.

Please be further advised that nothing herein shall be deemed an acceptance nor rejection of your proposed settlement offer. The Debtors are in the process of reviewing your settlement offer, as well as the substantive allegations set forth therein. To help facilitate this process, please provide the undersigned with the contact information for any and all representatives of the Debtors with whom you may have discussed settlement in the past as set forth on page two of your letter.

Gregory McCall
January 6, 2010
Page 2


I am available to discuss these matters further at your convenience.


Sincerely yours,


Sarah K. Baker


cc:    Ian S. Fredericks, Esq.