Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al., | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

**NOTICE OF LIQUIDATING TRUST'S SECOND OMNIBUS OBJECTION TO
LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY
INVALID CLAIMS, DISALLOWANCE OF CERTAIN
INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED
CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

      **PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed Liquidating Trust's Second Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain of Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to reduce certain claims and disallow certain claims.

      **PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|-----|--------------|--------------|---------------------|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants
Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at  **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.      a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.      the claimant's name and an explanation for the amount of the Claim;
>
> c.      a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts

that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

4

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 25, 2011

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**LIQUIDATING TRUST'S SECOND OMNIBUS OBJECTION TO
LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY
INVALID CLAIMS, DISALLOWANCE OF CERTAIN
INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED
<u>CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)</u>**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files this

Liquidating Trust's Second Omnibus Objection to Landlord Claims (Reduction of Certain

Partially Invalid Claims, Claims, Disallowance of Certain Invalid Claims, Disallowance of

Certain of Late Filed Claims, and Disallowance of Certain Amended Claims) (the

"Objection"), and hereby moves this court (the "Court"), pursuant to sections 105, 502 and

503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form

of which is attached hereto as Exhibit A, granting the relief sought by this Objection, and

in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the

above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

        3.      On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

        4.      On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

        5.      On December 10, 2008, the Court entered that certain Order

Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the

"Claims Bar Date Order").

        6.      Pursuant to the Claims Bar Date Order, the deadline for filing all

"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the

Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the

"General Bar Date"). The deadline for governmental units to file claims that arose before

November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar

Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,

*(cont'd)*

of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

       7.      On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in <u>The Wall Street Journal</u> (Docket No. 1395) and <u>The</u>

<u>Richmond Times-Dispatch</u> (Docket No. 1394).

       8.      On November 12, 2008, this Court entered that certain Order

Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims

Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and

Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No.

107)(the "503(b)(9) Bar Date Order").

       9.      Pursuant to the 503(b)(9) Bar Date Order, this Court approved the

form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the

503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to the 503(b)(9)

Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim

asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy

Code was on December 19, 2008 (the "503(b)(9) Bar Date").

       10.     On November 19, 2008, KCC served a copy of the 503(b)(9) Bar

Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases,

---

*(cont'd from previous page)*
  LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the

Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No.

549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch

(Docket No. 547).

11.    On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

12.    On April 1, 2009, this Court entered an Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus

Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

13.    On May 15, 2009, the Court entered that certain Order Pursuant to

Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting

Administrative Bar Date and Procedures For Filing and Objecting To Administrative

Expense Request and (ii) Approving Form and Manner of Notice Thereof (Docket No.

3354) (the "First Administrative Claims Bar Date Order").

14.    Pursuant to the First Administrative Claims Bar Date Order, the

deadline for filing all Administrative Expense Requests (as defined in the First

Administrative Claims Bar Date Order) incurred in the period between November 10, 2008

and April 30, 2009 was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant to the First

Administrative Claims Bar Date Order, this Court approved the form and manner of the

claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar

Date Order (the "Claims Bar Date Notice").

       15.    On or before May 22, 2009, KCC served a copy of the

Administrative Claims Bar Date Notice on all parties who filed notices of appearance

pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In

addition, the Debtors published the Administrative Claims Bar Date Notice in The

Financial Times (Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969)

and The Wall Street Journal (Docket No. 3968).

       16.    On February 18, 2010, the Court entered that certain Order Pursuant

to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting

Second Administrative Bar Date and Procedures For Filing and Objecting To

Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof

(Docket No. 6555) (the "Second Administrative Claims Bar Date Order").

       17.    Pursuant to the Second Administrative Claims Bar Date Order, the

deadline for filing all Administrative Expense Requests for the period May 1, 2009

through December 31, 2009 (as defined in the Administrative Claims Bar Date Order) was

5:00 p.m. (Pacific) on March 31, 2010.  Pursuant to the Second Administrative Claims Bar

Date Order, this Court approved the form and manner of the claims bar date notice, which

was attached as Exhibit A to the Second Administrative Claims Bar Date Order (the

"Claims Bar Date Notice").

       18.    On or before February 25, 2010, KCC served a copy of the Second

Administrative Claims Bar Date Notice on all parties who filed notices of appearance

pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket No. 6705).  Supplemental

service of the Second Administrative Bar Date Notice was provided by overnight mail to

one party, Brockton Superior Court, on March 26, 2010 (Docket Nos. 7089 and 7535).  In

addition, the Debtors published the Administrative Claims Bar Date Notice in The

Financial Times (Docket No. 6719), The Richmond Times-Dispatch (Docket No. 6717)

and The Wall Street Journal (Docket No. 6718).

       19.      On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

       20.      On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, signed an Order confirming the Plan.

       21.      The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining

assets and distribute the proceeds to creditors, including the prosecution of Causes of

Action and objections to claims.

## OBJECTIONS TO CLAIMS

       22.      By this Objection, the Liquidating Trust seeks entry of an order, in

substantially the form attached hereto as Exhibit A, pursuant to Bankruptcy Code sections

105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i)

reducing each of the claims identified on Exhibit C attached hereto, and (ii) disallowing

each of the claims identified on Exhibit D through Exhibit F attached hereto (collectively,

the "Claims") for the reasons set forth below.

23.     For ease of reference, attached hereto as Exhibit B is an alphabetical

listing of all claimants whose Claims are included in this Objection (the "Claimants"), with

a cross-reference by claim number.

**A.      Reduction of Certain Partially Invalid Claims**

24.     The basis for reduction of the claims listed on Exhibit C attached

hereto (the "Partially Invalid Claims") is that all of the Partially Invalid Claims assert, in

part, amounts for which the Debtors are not liable.

25.     Specifically, after a review of the Partially Invalid Claims and the

bases upon which each is asserted, and a review of the Debtors' books and records, the

Liquidating Trust has determined that certain portions of the Partially Invalid Claims are

(i) liabilities already asserted by the Claimants in other claims; (ii) liabilities that have

already been satisfied by the Debtors; or (iii) liabilities for which the Debtors dispute

liability.  Accordingly, the Liquidating Trust requests that the Partially Invalid Claims

identified on Exhibit C be reduced in the manner stated in Exhibit C for the reasons stated

therein.

**B.      Disallowance of Certain Invalid Claims**

26.     The basis for disallowance of the claims listed on Exhibit D attached

hereto (the "Invalid Claims") is that all of the Invalid Claims assert, in their entirety,

amounts for which the Debtors are not liable.

27.     Specifically, after a review of the Invalid Claims and the bases upon

which each is are asserted, and a review of the Debtors' books and records, the Liquidating

Trust has determined that the Invalid Claims are based on liabilities already asserted by the

Claimants in other claims (i) liabilities that already have been satisfied by the Debtors, or

(ii) liabilities for which the Debtors dispute any liability.  Accordingly, the Liquidating

Trust requests that the Invalid Claims identified on Exhibit D be disallowed for the reasons

stated therein.

### C.        Disallowance of Certain Late Filed Claims

28.        The basis for disallowance of the claims listed on Exhibit E attached

hereto (the "Late-Filed Claims") is that each such claim was filed after the relevant bar

date.  The disallowance of each of the Late-Filed Claims set forth on Exhibit E is

appropriate under the appropriate Bar Date Order as well as under applicable law.

29.        Bar dates for asserting claims in chapter 11 bankruptcy cases serve

extremely important purposes.  "The requirement of a Bar Date in Chapter 11 enables the

debtor…to establish the universe of claims with which it must deal and the amount of

those claims." See In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

Premised on the imperative purpose of finality of asserting claims against a debtor, courts

have not allowed claims filed by creditors after the bar date, absent special circumstances.

See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th

Cir. 1991) (unpublished opinion) ("Because Bean did not timely file his bankruptcy claim

after having been given constitutionally sufficient notice, his claim is barred under well-

settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003 (c) (2).").

30.        Each Late-Filed Claim was filed in the present cases after the

applicable bar date had passed.  Accordingly, pursuant to the applicable Bar Date Order,

these Claims are "forever barred, estopped, and permanently enjoined from asserting such

claim against the Debtors…"

31.    It is essential for the Liquidating Trust to establish the proper liabilities asserted against the Debtors.  In order to achieve the imperative of finality in the claims process, the Liquidating Trust requests that this Court disallow the Claims listed on Exhibit E in their entirety and for all purposes in these bankruptcy cases.

**D.    Disallowance of Certain Amended Claims**

32.    Exhibit F contains a list of claims that have been rendered moot by the claimant filing a subsequent "amending" claim that supersedes the claim listed on Exhibit F (the "Amended Claims").

33.    The Liquidating Trust objects to the Amended Claims, because, among other reasons, the same claimant subsequently filed an amended claim, the amount and basis of which are the subject of the Amended Claim.  Such repetitive claims should be disallowed.  The Amended Claims listed on Exhibit F under "Claim to be Disallowed" should be disallowed for all purposes in these bankruptcy cases.  The claims listed as "Surviving Claim" on Exhibit F hereto (the "Surviving Superseding Claims") shall remain in effect and are not affected by this portion of this Objection; provided, however, that such Surviving Superseding Claims may be the subject of another section of this Objection or a separate subsequently filed objection.

**RESERVATION OF RIGHTS**

34.    At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, including the Claims objected to herein.  Accordingly, any of the Claims objected to herein may be the subject of other bases for objection herein and/or additional subsequently filed objections on any

grounds that bankruptcy law or non-bankruptcy law permits.  To that end, the Liquidating

Trust reserves the right to further object to any and all claims, whether or not the subject of

this Objection, for allowance and/or distribution purposes, and on any other grounds.

Furthermore, the Liquidating Trust reserves the right to modify, supplement and/or amend

this Objection as it pertains to any Claim or claimant herein.

### **NOTICE AND PROCEDURE**

35.    Notice of this Objection has been provided to all Claimants with

Claims that are the subject to this Objection as identified on Exhibits C through F,

respectively, and to parties-in-interest in accordance with the Court's Supplemental Order

Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and

Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case

Management and Administrative Procedures (entered on December 30, 2009 at Docket No.

6208) (the "Case Management Order").  The Liquidating Trust submits that the following

methods of service upon the Claimants should be deemed by the Court to constitute due

and sufficient service of this Objection: (a) service in accordance with Federal Rule of

Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil

Procedure 4; (b) to the extent counsel for a Claimant is not known to the Liquidating Trust,

by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form

or other representative identified in the proof of claim form or any attachment thereto; or

(c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's

behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Claimant

with this Objection and the exhibit on which the Claimant's claim is listed.

36.    To the extent any Claimant timely files and properly serves a

response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference[2] with respect to any such responding claimant at **2:00 P.M. (Eastern) on April 14, 2011** and thereafter schedule the matter for a future hearing as to the merits of such claim. However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, reducing the Partially Invalid Claims set forth on <u>Exhibit C</u>, and disallowing the invalid, late filed, duplicate and amended claims set forth on <u>Exhibit E</u> through <u>Exhibit F</u> attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

37.      This Objection complies with Bankruptcy Rule 3007(e). Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## <u>WAIVER OF MEMORANDUM OF LAW</u>

38.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## <u>NO PRIOR RELIEF</u>

39.      No previous request for the relief sought herein has been made to

---

[2] In accordance with the Omnibus Objection Procedures Order, Claimants who timely respond to the

*(cont'd)*

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court

deems appropriate.

Dated: Richmond, Virginia   TAVENNER & BERAN, PLC
   February 25, 2011


        ____/s/ Paula S. Beran_____
        Lynn L. Tavenner (VA Bar No. 30083)
        Paula S. Beran (VA Bar No. 34679)
        20 North Eighth Street, 2nd Floor
        Richmond, Virginia 23219
        (804) 783-8300

          - and -

        PACHULSKI STANG ZIEHL & JONES LLP
        Jeffrey N. Pomerantz, Esq.
        Andrew W. Caine, Esq.
        10100 Santa Monica Boulevard
        Los Angeles, California 90067-4100
        (310) 277-6910

          - and –

        PACHULSKI STANG ZIEHL & JONES LLP
        Robert J. Feinstein, Esq.
        780 Third Avenue, 36th Floor
        New York, New York 10017
        (212) 561-7700

        *Counsel to the Circuit City Stores, Inc.*
        *Liquidating Trust*

_____
*(cont'd from previous page)*
 Objection do not need to appear at the status conference.

## EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S SECOND OMNIBUS
OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID
CLAIMS, DISALLOWANCE OF CERTAIN LATE-FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

THIS MATTER having come before the Court[1] on the Liquidating Trust's Second Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain of Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), which requested, among other things, that the claims specifically identified on <u>Exhibit C</u> through <u>Exhibit F</u> attached to the Objection be reduced or disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in <u>Exhibit A</u>.

3.    The Claims identified on <u>Exhibit B</u> through <u>Exhibit D</u> as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4.      The Liquidating Trust's rights to object to any claim including

(without limitation) the Claims subject to the Objection, on any grounds that applicable

law permits, are not waived and are expressly reserved.

5.      The Liquidating Trust shall serve a copy of this Order on the

claimants included on the exhibits to this Order on or before five (5) business days from

the entry of this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
           _____, 2011


           _____
           HONORABLE KEVIN R. HUENNEKENS
           UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                            - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                            - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

                                    /_____
                                    Lynn L. Tavenner

In re Circuit City Stores, et al.
Case No. 08-35653 (KRH)
**Exhibit B**
ALPHABETICAL LISTING OF CLAIMANTS

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BASILE LIMITED LIABILITY CO.<br>43 RIDGECREST LN.<br>BRISTOL, CT 06010 | 3973 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| Basile Limited Liability Company<br>Acting by and through Midland Loan<br>Services Inc.<br>c/o Katharine Battaia<br>Thompson and Knight LLP<br>1722 Routh St., Ste. 1500<br>Dallas, TX 75201 | 14134 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Basile Limited Liability Company c o<br>Midland Loan Services, Inc., a<br>Delaware Corporation<br>c/o Katharine Battaia<br>Thompson and Knight LLP<br>1722 Routh St., Ste. 1500<br>Dallas, TX 75201 | 12692 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Bond CC V DBT<br>C/O KIN PROPERTIES INC., NO<br>3414<br>185 NW SPANISH RIVER BLVD.,<br>STE. 100<br>BOCA RATON, FL 33431 | 8851 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| CC Colonial Trust<br>Attn: David Vanaskey Corporate Trust<br>Administration<br>Wilmington Trust Company<br>1100 N. Market St.<br>Wilmington, DE 19890 | 8688 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| CC COLONIAL TRUST<br>STUART GROSS<br>C/O PARAGON AFFILIATES, INC.<br>ONE PARAGON DR., STE. 145<br>MONTVALE , NJ 7645 | 6909 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| CC Joliet Trust<br>Attn: David Vanaskey Corporate Trust<br>Administration<br>c/o Wilmington Trust Company<br>1100 N. Market St.<br>Wilmington, DE 19890 | 8703 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| CC Joliet Trust<br>c/o Paragon Affiliates, Inc<br>One Paragon Drive, Suite #145<br>Montvale, NJ 07645 | 7532 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| CC MERRILLVILLE TRUST ATTN: DAVID VANASKEY CORPORATE TRUST ADMINISTRATION C/O WILMINGTON TRUST COMPANY 1100 N. MARKET ST. WILMINGTON, DE 19890 | 8704 | EXHIBIT D INVALID CLAIMS TO BE EXPUNGED |
| CC Plaza Joint Venture LLP Christopher A. Camardello Winthrop & Weinstine PA 225 S. Sixth St., Ste. 3500 Minneapolis, MN 55402 | 14045 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CC Plaza Joint Venture LLP Christopher A. Camardelo Winthrop & Weinstine PA 225 S. Sixth St., Ste. 3500 Minneapolis, MN 55402 | 12413 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CC PLAZA JOINT VENTURE LLP PO BOX 70870, CM 3472 C/O WELSH COMPANIES ST PAUL, MN 55170-3472 | 6262 | EXHIBIT F AMENDED CLAIMS TO BE EXPUNGED |
| CENTRAL INVESTMENTS LLC c/o MARK ORDOWER 333 S. DES PLAINES, NO. 207 CHICAGO, IL 60661 | 4556 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Central Investments LLC c/o Mark R Ordower Law Office of Mark R. Ordower, PC 333 S. Desplaines St., Ste. 207 Chicago, IL 60661 | 13363 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CENTRAL INVESTMENTS, LLC c/o MARK ORDOWER 333 S. DESPLAINES, NO. 207 CHICAGO, IL 60661 | 12116 | EXHIBIT E LATE FILED CLAIMS |
| Centro Properties Group ta Heritage Square Naperville IL c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | 12637 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Centro Properties Group ta Heritage Square Naperville IL c/o David L. Pollack, Esq. Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | 14565 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Centro Properties Group ta Heritage Square Naperville IL<br>c/o David L. Pollack, Esq.<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St., 51st Fl.<br>Philadelphia, PA 19103 | 12527 | EXHIBIT F<br>AMENDED CLAIMS TO BE EXPUNGED |
| Centro Properties Group ta Northridge Plaza Milwaukee WI<br>c/o David L. Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St., 51st Fl.<br>Philadelphia, PA 19103 | 12619 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Centro Properties Group ta Northridge Plaza Milwaukee WI<br>c/o David L. Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St., 51st Fl.<br>Philadelphia, PA 19103 | 12626 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Centro Properties Group ta Northridge Plaza Milwaukee WI<br>c/o David L. Pollack<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St., 51st Fl.<br>Philadelphia, PA 19103 | 8487 | EXHIBIT F<br>AMENDED CLAIMS TO BE EXPUNGED |
| Cermak Plaza Assoc LLC<br>c/o Concordia Realty Corporation<br>10031 W. Roosevelt Rd.<br>Westchester, IL 60154 | 12809 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Chicago Title Land Trust Company, As Trustee Under Trust No. 116762 02<br>c/o Robert D. Zimelis<br>Thomas C. Wolford<br>Neal Gerber & Eisenberg LLP<br>2 N. LaSalle St.<br>Chicago, IL 60602-3801 | 12396 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Chicago Title Land Trust Company, As Trustee Under Trust No. 116762 02<br>c/o Robert D. Zimelis<br>Thomas C. Wolford<br>Neal Gerber & Eisenberg LLP<br>2 N. LaSalle St.<br>Chicago, IL 60602-3801 | 13895 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Circsan Limited Partnership<br>Attn: Allen P. Lev<br>c/o Kin Properties, Inc.<br>185 NW Spanish River Blvd., Ste. 100<br>Boca Raton, FL 33431-4230 | 8070 | EXHIBIT F<br>AMENDED CLAIMS TO BE<br>EXPUNGED |
| Circuit Investors No. 3, Ltd.<br>Niclas A. Ferland<br>LeClair Ryan, A Professional<br>Corporation<br>Ilan Markus<br>555 Long Wharf Dr., 8th Fl.<br>New Haven, CT 06511 | 13618 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Circuit Investors Vernon Hills Limited<br>Partnership<br>c/o Niclas A. Ferland, Esq.<br>LeClairRyan, A Professional<br>Corporation<br>555 Long Wharf Dr., 8th Fl.<br>New Haven, CT 06511 | 7155 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Circuit Investors Yorktown Limited<br>Partnership<br>c/o Niclas A. Ferland, Esq.<br>LeClairRyan, A Professional<br>Corporation<br>555 Long Wharf Dr., 8th Fl.<br>New Haven, CT 06511 | 12338 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Colonial Heights Holding LLC<br>William A. Gray & Peter M. Pearl,<br>Esqs.<br>Sands Anderson Marks & Miller PC<br>801 E. Main St., Ste. 1800<br>PO Box 1998<br>Richmond, VA 23218-1998 | 14278 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| COLONIAL HEIGHTS HOLDING,<br>LLC<br>C/O CRONACHER DEVELOPMENT<br>1076 GOODLETTE RD. NORTH<br>ATTN: JOHN CHANDLER<br>NAPLES, FL 34102 | 7119 | EXHIBIT F<br>AMENDED CLAIMS TO BE<br>EXPUNGED |
| Colonial Heights Holdings LLC<br>Attn: Peter M. Pearl, Esq.; C. Thomas<br>Ebel, Esq., William A. Gray, Esq. &<br>Lisa Taylor Hudson, Esq.<br>c/o Sands Anderson Marks & Miller<br>PC<br>801 E. Main St., Ste. 1800<br>Richmond, VA 23219 | 13092 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| COLONNADE, LLC<br>RHONDA HUNSICKER<br>C/O ALLIED PROPERTIES<br>P O BOX 510304<br>PHILADELPHIA, PA 19175-0304 | 804 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Cousins Properties Incorporated North<br>Point 204404 123<br>Attn: Dustin P. Branch, Esq.<br>Katten Muchin Rosenman LLP<br>2029 Century Park E., 26th Fl.<br>Los Angeles, CA 90067 | 14225 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| Cousins Properties Incorporated, North<br>Point Store No. 3107<br>Thomas J. Leanse, Esq.<br>c/o Katten Muchin Rosenman LLP<br>2029 Century Pk. E., 26th Fl.<br>Los Angeles, CA 90067 | 9525 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| GC Acquisition Corp<br>Attn: Neil E. Herman, Esq.<br>c/o Morgan Lewis & Bockius<br>101 Park Ave.<br>New York, NY 10178 | 12102 | EXHIBIT E<br>LATE FILED CLAIMS |
| Manufacturers & Traders Trust<br>Company, as Trustee<br>c/o Nicholas M. Miller, Esq.<br>Neal Gerber & Eisenberg LLP<br>Two N LaSalle St., Ste. 1700<br>Chicago, IL 60602 | 8622 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| Manufacturers and Traders Trust Co.,<br>as Trustee<br>c/o Nancy George, Vice President<br>Corporate Trust Dept<br>1 M&T Plaza, 7th Fl.<br>Buffalo, NY 14203 | 12053 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| NMC Stratford LLC<br>c/o Ian S. Landsberg<br>Landsberg Marguiles LLP<br>16030 Ventura Blvd., Ste. 470<br>Encino, CA 91436 | 9644 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| ONICS LLC<br>Attn: Michael D. Plante<br>730 17th St., Ste. 715<br>Denver, CO 80202 | 14004 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| ONICS LLC<br>Attn: Michael D. Plante<br>730 17th St., Ste. 715<br>Denver, CO 80202 | 14516 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Orland Towne Center LLC by their management agent CP Management Corp<br>c/o Robert D Tepper, Esq.<br>Schenk Annes Brookman & Tepper Ltd<br>311 S. Wacker Dr., Ste. 5125<br>Chicago, IL 60606 | 12426 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Orland Towne Center LLC, an Illinois Limited Liability Company by and through its Management Agent CP Management Corp., an Illinois corp.<br>Robert D Tepper., Esq.<br>Schenk Annes Brookman & Tepper LTD<br>311 S. Wacker Dr., Ste. 5125<br>Chicago, IL 60606-6657 | 12274 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Pan Am Equities Inc<br>The Law Offices of David A Greer PLC<br>500 E. Main St., Ste. 1225<br>Norfolk, VA 23510 | 7999 | EXHIBIT C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Pan Am Equities Inc<br>The Law Offices of David A Greer PLC<br>500 E. Main St., Ste. 1225<br>Norfolk, VA 23510 | 7999 | EXHIBIT E<br>LATE FILED CLAIMS |
| Park National Bank<br>50 N. 3rd St.<br>PO Box 3500<br>Newark, OH 43058-3500 | 8079 | EXHIBIT D<br>INVALID CLAIMS TO BE EXPUNGED |
| Park National Bank<br>50 N. 3rd St.<br>PO Box 3500<br>Newark, OH 43058-3500 | 8618 | EXHIBIT D<br>INVALID CLAIMS TO BE EXPUNGED |
| Park National Bank<br>50 N. 3rd St.<br>PO Box 3500<br>Newark, OH 43058-3500 | 12615 | EXHIBIT D<br>INVALID CLAIMS TO BE EXPUNGED |
| Park National Bank<br>Attn: Richard C. Maxwell<br>c/o Woods Rogers PLC<br>10 S. Jefferson St., Ste. 1400<br>PO Box 14125<br>Roanoke, VA 24011 | 11753 | EXHIBIT F<br>AMENDED CLAIMS TO BE EXPUNGED |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Rebs Muskegon LLC; Pelkar Muskegon LLC; and Faram Muskegon LLC, as Tenants in Common David M. Blau, Esq. Kupelian Ormond & Magy PC 25800 Northwestern Hwy., Ste. 950 Southfield, MI 48075 | 5262 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Ronald Benderson Trust 1995 Attn: James S. Carr & Robert L. LeHane Kelley Drye & Warren LLP 101 Park Ave. New York, NY 10178 | 14920 | EXHIBIT D INVALID CLAIMS TO BE EXPUNGED |
| Ronald Benderson Trust 1995 Attn: James S. Carr & Robert L. LeHane Kelley Drye & Warren LLP 101 Park Ave. New York, NY 10178 | 13427 | EXHIBIT F AMENDED CLAIMS TO BE EXPUNGED |
| Ronald Benderson Trust 1995 Attn: James S. Carr Robert L. LeHane Kelley Drye & Warren LLP 101 Park Ave. New York, NY 10178 | 12469 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| St. Cloud Associates c/o Resource America, Inc. 1845 Walnut St., No. 1000 Philadelphia, PA 19103 | 1248 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Tamarack Village Shopping Center Limited Partnership c/o Michael F. McGrath, Esq. Ravich Meyer Kirkman McGrath Nauman & Tansey PA 80 S. Eighth St., Ste. 4545 Minneapolis, MN 55402 | 13208 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Tamarack Village Shopping Center Limited Partnership c/o Michael F. McGrath, Esq. Ravich Meyer Kirkman McGrath Nauman & Tansey PA 80 S. Eighth St., Ste. 4545 Minneapolis, MN 55402 | 13207 | EXHIBIT E LATE FILED CLAIMS |
| Tanurb Burnsville LP Attn: Steven C. Cox, Esq. Fabyanske Westra Hart & Thomson P A 800 LaSalle Ave., Ste. 1900 Minneapolis, MN 55402 | 12656 | EXHIBIT C REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Tanurb Burnsville LP<br>c/o Tanurb Developments Inc<br>56 Temperance St., 7th Fl.<br>Toronto, ON M5H 3V5<br>Canada | 13876 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| THE WEST CAMPUS SQUARE CO<br>LLC<br>C/O DOLMAR INC.<br>433 N. CAMDEN DR., STE. 500<br>BEVERLY HILLS, CA 90210 | 9028 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| The West Campus Square Company<br>LLC<br>J. Bennett Friedman, Esq.<br>Friedman Law Group<br>1900 Avenue of the Stars, Ste. 1800<br>Los Angeles, CA 90067-4409 | 7526 | EXHIBIT F<br>AMENDED CLAIMS TO BE<br>EXPUNGED |
| U.S. Bank National Association as<br>purchaser of assets of Park National<br>Bank<br>Attn: Richard C. Maxwell<br>c/o Woods Rogers PLC<br>10 S. Jefferson St., Ste. 1400<br>PO Box 14125<br>Roanoke, VA 24011 | 14794 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |
| United States Debt Recovery V LP<br>940 Southwood Bl., Ste. 101<br>Incline Village, NV 89451 | 12405 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Ventura in Manhattan, Inc.<br>Attn: Pamela Griffin, Esq.<br>3424 Peachtree Rd. NE, 9th Fl.<br>Atlanta, GA 30326 | 9746 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Ventura in Manhattan, Inc.<br>Attn: Pamela Griffin, Esq.<br>3424 Peachtree Rd. NE, 9th Fl.<br>Atlanta, GA 30326 | 13813 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Washington Place, LP<br>Attn: Ingrid C. Meador<br>c/o The Broadbent Company<br>117 E. Washington St., Ste. 300<br>Indianapolis, IN 46204 | 3936 | EXHIBIT C<br>REDUCTION OF CERTAIN<br>PARTIALLY INVALID CLAIMS |
| Wells Fargo Bank NA, as Trustee for<br>the Registered Holders of CD 2007<br>CD4 Commercial Mortgage Pass<br>Through Certificates Series<br>Mindy A. Mora, Esq.<br>Bilzin Sumberg Baena Price & Axelrod<br>LLP<br>200 S Biscayne Blvd., Ste. 2500<br>Miami, FL 33131 | 8809 | EXHIBIT D<br>INVALID CLAIMS TO BE<br>EXPUNGED |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Wells Fargo Bank, as Trustee for the Registered Holders of GE Commercial Mortgage Corporation Commercial Mortgage Pass Through Certificates Series 2004 C2, as Collateral Assignee of Tanurb Burnsville LP<br>Mindy A. Mora, Esq.<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 S. Biscayne Blvd., Ste. 2500<br>Miami, FL 33131 | 8309 | EXHIBIT D<br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 6/30/09 | 14134 | Basile Limited Liability Company Acting by and through Midland Loan Services Inc. c/o Katharine Battaia Thompson and Knight LLP 1722 Routh St., Ste. 1500 Dallas, TX 75201 | | $37,274.84 (administrative) | Circuit City Stores, Inc. | $24,452.05 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $6,923.79 of administrative rent and $5,899.00 of unsubstantiated attorneys fees. |
| 4/30/09 | 12692 | Basile Limited Liability Company c o Midland Loan Services, Inc., a Delaware Corporation c/o Katharine Battaia Thompson and Knight LLP 1722 Routh St., Ste. 1500 Dallas, TX 75201 | Midland Loan Services, Inc. c/o JP Morgan Chase Lockbox 974754 PNC Bank Lockbox 14800 Frye Rd., TX1 0006 Fort Worth, TX  76155 | Unliquidated (general unsecured) | Circuit City Stores, Inc. | $531,250.00 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, all unliquidated amounts should be disallowed and the claim allowed in the amount of $531,250.00. |
| 1/28/09 | 7532 | CC Joliet Trust c/o Paragon Affiliates, Inc One Paragon Drive, Suite #145 Montvale, NJ 07645 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | $399,876.03 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, all unliquidated amounts should be disallowed and the claim allowed in the amount of $399,876.03. |
| 6/23/09 | 14045 | CC Plaza Joint Venture LLP Christopher A. Camardello Winthrop & Weinstine PA 225 S. Sixth St., Ste. 3500 Minneapolis, MN 55402 | | $47,999.67 (administrative) | Circuit City Stores, Inc. | $34,999.67 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $6,500.00 of November stub rent and $6,500.00 of other damages and repairs. |
| 4/29/09 | 12413 | CC Plaza Joint Venture LLP Christopher A. Camardelo Winthrop & Weinstine PA 225 S. Sixth St., Ste. 3500 Minneapolis, MN 55402 | Ann Hartman Welsh Companies LLC 4350 Baker Rd., Ste. 400 Minnetonka, MN  55343-8695 | $4,614,227.60 -- $4,572,727.93 (general unsecured); $41,499.67 (administrative) | Circuit City Stores, Inc. | $787,046.02 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $34,091.99 of overstated prepetition rent, $171,102.76 of administrative rent, $3,598,492.90 of overstated rejection damages, $10,325.03 of unsubstantiated attorneys' fees, and $13,171.90 of other damages and repair charges.  The claim should be further reduced by $41,499.67 of November stub rent that has been subsumed into claim 14045. |
| 1/16/09 | 4556 | CENTRAL INVESTMENTS LLC c/o MARK ORDOWER 333 S. DES PLAINES, NO. 207 CHICAGO, IL 60661 | | $172,835.00 (general unsecured) | Circuit City Stores, Inc. | $146,527.00 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $26,308.00 of November stub rent, which has been paid. |
| 6/12/09 | 13363 | Central Investments LLC c/o Mark R Ordower Law Office of Mark R. Ordower, PC 333 S. Desplaines St., Ste. 207 Chicago, IL 60661 | | $3,811.82 (administrative) | Circuit City Stores, Inc. | $263.16 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $3,548.66 of overstated utilities charges. |

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 4/30/09 | 12637 | Centro Properties Group ta Heritage Square Naperville IL c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | | $506,795.54 (general unsecured) | Circuit City Stores, Inc. | $498,770.95 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $3,267.06 of overstated rejection damages and a credit of $4,757.53 for overpayment of taxes. |
| 7/30/09 | 14565 | Centro Properties Group ta Heritage Square Naperville IL c/o David L. Pollack, Esq. Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | | $35,636.63 (administrative) | Circuit City Stores, Inc. | $27,678.80 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $6,547.93 of unsubstantiated attorneys' fees and a credit of $1,409.90 for overpayment of postpetition taxes. |
| 4/30/09 | 12619 | Centro Properties Group ta Northridge Plaza Milwaukee WI c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | | $2,011.21 (administrative) | Circuit City Stores, Inc. | $335.50 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $1,030.94 of administrative rent, $462.31 of taxes, and $182.46 of insurance charges. |
| 4/30/09 | 12626 | Centro Properties Group ta Northridge Plaza Milwaukee WI c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | | $666,286.00 (general unsecured) | Circuit City Stores, Inc. | $655,897.09 (general unsecured) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be reduced by $10,388.91 of invalid charges claimed as pre-petition rent. |
| 4/30/09 | 12809 | Cermak Plaza Assoc LLC c/o Concordia Realty Corporation 10031 W. Roosevelt Rd. Westchester, IL 60154 | Jane W. Arnone Attorney in Fact Benanti & Associates 350 Bedford St., Ste. 201 Stamford, CT 06901 | $129,231.44 (general unsecured) | Circuit City Stores, Inc. | $78,433.03 (general unsecured) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be reduced by $39,133.73 of administrative rent, $9,031.58 of prepetition CAM, and $2,633.10 of pospetition CAM. |
| 6/29/09 | 13895 | Chicago Title Land Trust Company c/o Robert D. Zimelis Thomas C. Wolford Neal Gerber & Eisenberg LLP 2 N. LaSalle St. Chicago, IL 60602-3801 | | Unliquidated, but not less than $56,006.67 (administrative) | Circuit City Stores, Inc. | $56,006.67 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, all unliquidated amounts should be disallowed and the claim allowed in the amount of $56,006.67. |
| 4/28/09 | 12396 | Chicago Title Land Trust Company, As Trustee Under Trust No. 116762 02 c/o Robert D. Zimelis Thomas C. Wolford Neal Gerber & Eisenberg LLP 2 N. LaSalle St. Chicago, IL 60602-3801 | | $1,145,726.00 -- $1,089,719.33 (general unsecured); $56,006.67 (administrative) | Circuit City Stores, Inc. | $643,923.00 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $2,800.33 of overstated prepetition rent, $414,096.00 of rejection damages, and $28,900.00 of other damages and repair charges. The claim should be further reduced by $56,006.67 of postpetition rent which is subsumed into claim 13895. |
| 6/25/09 | 13618 | Circuit Investors No. 3, Ltd. Niclas A. Ferland LeClair Ryan, A Professional Corporation Ilan Markus 555 Long Wharf Dr., 8th Fl. New Haven, CT 06511 | LeClairRyan, a Professional Corporation Christopher L. Perkins Riverfront Plz., E Tower 951 E. Byrd St., 8th Fl. Richmond, VA 23219 | $16,495.64 (administrative) | Circuit City Stores, Inc. | $6,709.09 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $9,687.10 of administrative rent that is not owing and $99.46 of overstated taxes. |
| 1/28/09 | 7155 | Circuit Investors Vernon Hills Limited Partnership c/o Niclas A. Ferland, Esq. LeClairRyan, A Professional Corporation 555 Long Wharf Dr., 8th Fl. New Haven, CT 06511 | | $676,015.71 (general unsecured) | Circuit City Stores, Inc. | $660,162.97 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $15,852.74 of rejection damages. |

| | | BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 4/23/09 | 12338 | Circuit Investors Yorktown Limited Partnership c/o Niclas A. Ferland, Esq. LeClairRyan, A Professional Corporation 555 Long Wharf Dr., 8th Fl. New Haven, CT 06511 | | $848,071.98 (general unsecured) | Circuit City Stores, Inc. | $817,407.08 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $30,084.95 of rejection damages and $579.95 of taxes. |
| 12/11/08 | 804 | COLONNADE, LLC RHONDA HUNSICKER C/O ALLIED PROPERTIES P O BOX 510304 PHILADELPHIA, PA 19175-0304 | | $101,393.04 (general unsecured) | Circuit City Stores, Inc. | $71,809.23 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $1,481.53 of overstated prepetition rent, $27,790.78 of unsubstantiated taxes, and $311.50 of other damages. |
| 1/29/09 | 9525 | Cousins Properties Incorporated, North Point Store No. 3107 Thomas J. Leanse, Esq. c/o Katten Muchin Rosenman LLP 2029 Century Pk. E., 26th Fl. Los Angeles, CA 90067 | | $505,834.99 -- $502,549.93 (general unsecured); $3,285.06 (administrative) | Circuit City Stores, Inc. | $494,745.19 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $25.52 of postpetition rent, $6,975.50 of pre-petition taxes, $415.83 of pre-petition interest, $400 of roof repairs, $13.41 of water, and $0.31 of post-petition interest. The claim should be further reduced by $3,259.23 of attorney's fees subsumed in claim 14225. |
| 1/30/09 | 9644 | NMC Stratford LLC c/o Ian S. Landsberg Landsberg Marguiles LLP 16030 Ventura Blvd., Ste. 470 Encino, CA 91436 | | $109,410.73 -- $46,709.19 (administrative); $62,701.54 (general unsecured) | Circuit City Stores, Inc. | $14,012.76 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $48,688.78 of overstated pre-petition rent and $46,709.19 of other administrative rent charges that are not owing. |
| 6/29/09 | 14004 | ONICS LLC Attn: Michael D. Plante 730 17th St., Ste. 715 Denver, CO 80202 | | $31,592.30 (administrative) | Circuit City Stores, Inc. | $9,932.44 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $582.48 of overstated postpetition taxes. The claim should be further reduced by $15,840.01 of attorney's fees and $5,237.37 trustee's fees, which have been subsumed into claim 14516. |
| 7/23/09 | 14516 | ONICS LLC Attn: Michael D. Plante 730 17th St., Ste. 715 Denver, CO 80202 | | Unliquidated, but not less than $891,973.72 (general unsecured) | Circuit City Stores, Inc. | $836,373.92 (general unsecured) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be reduced by $11,152.80 of rejection damages, $13,447.00 of taxes, $25,000.00 of unsubstantiated attorneys' fees, and $6,000.00 of trustee's fees. |
| 4/28/09 | 12426 | Orland Towne Center LLC by their management agent CP Management Corp c/o Robert D Tepper, Esq. Schenk Annes Brookman & Tepper Ltd 311 S. Wacker Dr., Ste. 5125 Chicago, IL 60606 | | $44,703.20 (administrative) | Circuit City Stores, Inc. | $22,482.52 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $1,301.58 of November stub rent, $10,674.81 of other postpetition rent, and $10,244.29 of late fees. |
| 4/14/09 | 12274 | Orland Towne Center LLC, an Illinois Limited Liability Company by and through its Management Agent CP Management Corp., an Illinois corp. Robert D Tepper., Esq. Schenk Annes Brookman & Tepper LTD 311 S. Wacker Dr., Ste. 5125 Chicago, IL 60606-6657 | | $648,292.34 (general unsecured) | Circuit City Stores, Inc. | $343,758.37 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $145,013.19 of overstated prepetition rent, $42,699.24 of rejection damages, $77,665.32 of taxes, and $39,156.22 of CAM. |

| BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | | | MODIFIED CLAIMS | | |
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
|---|---|---|---|---|---|---|---|---|
| 2/2/2009 | 7999 | Pan Am Equities, Inc. The Law Offices of David A. Geer P.C 500 E. Main St., Suite 1225 Norfolk, VA 23510 | Pan Am Equities, Inc. David Iwanier 18 East 50th St. 10th Floor New York, NY 10022 | $505,200.85 (general unsecured); unliquidated (priority) | Circuit City Stores, Inc. | $477,160.54 (general unsecured) | Circuit City Stores, Inc. | This claim was filed late and is included on Exhibit E - Late Filed Claims. However, if it was filed timely, it should be reduced by $3,264.95 for prepetition rent according to the Debtors' books and records. In addition, the Debtors' books and records show they are owed $24,775.37 from this claimant for postpetition taxes. |
| 1/26/09 | 5262 | Rebs Muskegon LLC; Pelkar Muskegon LLC; and Faram Muskegon LLC, as Tenants in Common David M. Blau, Esq. Kupelian Ormond & Magy PC 25800 Northwestern Hwy., Ste. 950 Southfield, MI 48075 | | $625,134.49 (general unsecured) | Circuit City Stores, Inc. | $622,468.79 (general unsecured) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be reduced by $1,189.24 of overstated prepetition rent and $1,476.46 of rejection damages. |
| 4/29/09 | 12469 | Ronald Benderson Trust 1995 Attn: James S. Carr Robert L. LeHane Kelley Drye & Warren LLP 101 Park Ave. New York, NY 10178 | Ronald Benderson Trust 1995 Attn: Ken Labenski c/o Benderson Development Company, Inc. 570 Delaware Ave. Buffalo, NY 14202 | $1,699,650.28 (general unsecured) | Circuit City Stores, Inc. | $1,157,148.82 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $17,203.13 of overstated prepetition rent, $499,568.33 of rejection damages, $1,000.00 of unsubstantiated attorneys fees, and $24,730.00 of other damages. |
| 12/18/08 | 1248 | St. Cloud Associates c/o Resource America, Inc. 1845 Walnut St., No. 1000 Philadelphia, PA 19103 | St. Cloud Associates c/o Brandywine Construction & Management 1521 Locust St., No. 400 Philadelphia, PA 19102 | $26,094.44 (general unsecured) | Circuit City Stores, Inc. | $7,828.33 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $18,266.11 of overstated pre-petition rent. |
| 6/5/09 | 13208 | Tamarack Village Shopping Center Limited Partnership c/o Michael F. McGrath, Esq. Ravich Meyer Kirkman McGrath Nauman & Tansey PA 80 S. Eighth St., Ste. 4545 Minneapolis, MN 55402 | | $553,971.03 (general unsecured) | Circuit City Stores, Inc. | $430,170.94 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $123,800.09 of taxes. |
| 4/30/09 | 12656 | Tanurb Burnsville LP Attn: Steven C. Cox, Esq. Fabyanske Westra Hart & Thomson P A 800 LaSalle Ave., Ste. 1900 Minneapolis, MN 55402 | Tanurb Burnsville LP c/o Tanurb Developments, Inc. 56 Temperance St., 7th Fl. Toronto, Ontario M5H 3V5 Canada | $353,995.30 -- $307,137.55 (general unsecured); $46,857.75 (administrative) | Circuit City Stores, Inc. | $297,020.27 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $113.28 of overstated prepetition rent and $10,004.00 of unsupported other damages and repair charges. The claim should be further reduced by $17,014.85 of November stub rent, $1,738.19 of other administrative rent, $20,197.31 of postpetition taxes, and $7,907.40 of postpetition CAM, which postpetition charges have been subsumed into claim 13876. |
| 6/29/09 | 13876 | Tanurb Burnsville LP c/o Tanurb Developments Inc 56 Temperance St., 7th Fl. Toronto, ON M5H 3V5 Canada | Fabyanske Westra Hart & Thomson PA Attn: Steven C. Cox 800 LaSalle Ave., Ste. 1900 Minneapolis, MN 55402 | $46,857.74 (administrative) | Circuit City Stores, Inc. | $36,301.35 (administrative) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $504.53 of November stub rent, $1,738.19 of other administrative rent, $406.27 of taxes, and $7,907.40 of CAM. |

| BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | | | MODIFIED CLAIMS | | |
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/29/09 | 9028 | THE WEST CAMPUS SQUARE CO LLC C/O DOLMAR INC. 433 N. CAMDEN DR., STE. 500 BEVERLY HILLS, CA 90210 | THE WEST CAMPUS SQUARE CO. LLC ATTN: J. BENNETT FRIEDMAN, ESQ. FRIEDMAN LAW GROUP 1900 AVE. OF THE STARS, STE. 1800 LOS ANGELES, CA 90067 | $801,079.31 (general unsecured) | Circuit City Stores, Inc. | $739,775.01 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $30,304.30 of overstated prepetition rent, $18,000.00 unsubstantiated attorneys fees, and $13,000.00 of unsupported other damages and repair charges. |
| 4/29/09 | 12405 | United States Debt Recovery V LP 940 Southwood Bl., Ste. 101 Incline Village, NV 89451 | Colonial Heights Holding LLC Attn: Ronaldo P. Cabana 1076 Goodlette Road N. Naples, FL 34102 | $1,223,790.80 (general unsecured) | Circuit City Stores, Inc. | $1,212,134.01 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $156.79 of overstated taxes.  The claim should be further reduced by $11,500.00 of trustee's fees that are subsumed into claim 14278. |
| 1/30/09 | 9746 | Ventura in Manhattan, Inc. Attn: Pamela Griffin, Esq. 3424 Peachtree Rd. NE, 9th Fl. Atlanta, GA 30326 | Jones Day Attn: Brett Berlin, Esq. 1420 Peachtree St. NE, Ste. 800 Atlanta, GA 30309 | Unliquidated, but not less than $2,320,093.23 (administrative and general unsecured) | Circuit City Stores, Inc. | $2,210,447.03 (general unsecured) | Circuit City Stores, Inc. | Pursuant to the Debtors' books and records, the claim should be reduced by $2,953.99 of overstated pre-petition utilities charges and $14,793.19 of other damages.  The claim should be further reduced by $19,488.54 of administrative rent, $50,384.79 of postpetition taxes, $3,735.57 of post-petition utilities charges, and $18,290.12 of postpetition insurance charges, which amounts have been subsumed into claim 13813. |
| 6/29/09 | 13813 | Ventura in Manhattan, Inc. Attn: Pamela Griffin, Esq. 3424 Peachtree Rd. NE, 9th Fl. Atlanta, GA 30326 | Jones Day Attn: Brett Berlin, Esq. 1420 Peachtree St. NE, Ste. 800 Atlanta, GA 30309 | $91,899.02 (administrative) | Circuit City Stores, Inc. | $1,192.54 (administrative) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be reduced by $19,488.54 of administrative rent, $50,384.79 of postpetition taxes, $2,543.03 of postpetition utilities charges, and $18,290.12 of postpetition insurance charges, which amounts are not owing. |
| 1/21/09 | 3936 | Washington Place, LP Attn: Ingrid C. Meador c/o The Broadbent Company 117 E. Washington St., Ste. 300 Indianapolis, IN 46204 | | $646,595.98 (general unsecured) | Circuit City Stores, Inc. | $506,213.80 (general unsecured) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be reduced by $140,352.98 of rejection damages and $29.20 of late fees. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

|  | BOOKS AND RECORDS CLAIMS TO BE EXPUNGED |
|---|---|---|---|---|---|---|
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Comments |
| 1/21/09 | 3973 | BASILE LIMITED LIABILITY CO. 43 RIDGECREST LN. BRISTOL, CT 06010 | Basile Limited Liability Co. c/o Hirschler Fleischer PC Attn: Sheila deLa Cruz PO Box 500 Richmond, VA 23218-0500 | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claim has been subsumed into claim 12692. |
| 1/30/09 | 8851 | Bond CC V DBT C/O KIN PROPERTIES INC., NO 3414 185 NW SPANISH RIVER BLVD., STE. 100 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant filed as lender to landlord and debtor is addressing claim 8070 with the landlord. |
| 1/30/09 | 8688 | CC Colonial Trust Attn: David Vanaskey Corporate Trust Administration Wilmington Trust Company 1100 N. Market St. Wilmington, DE 19890 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant filed on behalf of affiliate to the landlord and debtor is addressing claims 13092, 7119, 12405, and 14278 with landlord. |
| 1/28/09 | 6909 | CC COLONIAL TRUST STUART GROSS C/O PARAGON AFFILIATES, INC. ONE PARAGON DR., STE. 145 MONTVALE , NJ 7645 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant appears to be an affiliate of the landlord and debtor is addressing claims 13092, 7119, 12405, and 14278 with landlord. |
| 1/30/09 | 8703 | CC Joliet Trust Attn: David Vanaskey Corporate Trust Administration c/o Wilmington Trust Company 1100 N. Market St. Wilmington, DE 19890 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant filed as lender to landlord and debtor is addressing claim 7532 with the landlord. |
| 1/30/09 | 8704 | CC MERRILLVILLE TRUST ATTN: DAVID VANASKEY CORPORATE TRUST ADMINISTRATION C/O WILMINGTON TRUST COMPANY 1100 N. MARKET ST. WILMINGTON, DE 19890 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant filed as lender to landlord and debtor is addressing claim 12409 with the landlord. |

| | | BOOKS AND RECORDS CLAIMS TO BE EXPUNGED | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Comments |
| 6/29/09 | 14278 | Colonial Heights Holding LLC William A. Gray & Peter M. Pearl, Esqs. Sands Anderson Marks & Miller PC 801 E. Main St., Ste. 1800 PO Box 1998 Richmond, VA 23218-1998 | COLONIAL HEIGHTS HOLDING LLC C/O CRONACHER DEVELOPMENT 1076 GOODLETTE RD. NORTH ATTN: RON CABANA NAPLES, FL 34102 | $39,318.10 (administrative) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be disallowed in its entirety because it is comprised of unsubstantiated attorneys fees, trustee fees, and damages and repair charges. |
| 12/12/08 | 13092 | Colonial Heights Holdings LLC Attn: Peter M. Pearl, Esq.; C. Thomas Ebel, Esq., William A. Gray, Esq. & Lisa Taylor Hudson, Esq. c/o Sands Anderson Marks & Miller PC 801 E. Main St., Ste. 1800 Richmond, VA 23219 | COLONIAL HEIGHTS HOLDING LLC C/O CRONACHER DEVELOPMENT 1076 GOODLETTE RD. NORTH ATTN: RON CABANA NAPLES, FL 34102 | $27,916.00 (administrative) | Circuit City Stores, Inc. | According to the Debtors' books and records, the claim should be expunged because the Debtors do not owe any amounts for November stub rent. |
| 6/30/09 | 14225 | Cousins Properties Incorporated North Point 204404 123 Attn: Dustin P. Branch, Esq. Katten Muchin Rosenman LLP 2029 Century Park E., 26th Fl. Los Angeles, CA 90067 | | $3,259.23 (administrative) | Circuit City Stores, Inc. | The claim should be disallowed in its entirety because it is comprised of unsubstantiated attorneys' fees. |
| 1/30/09 | 8622 | Manufacturers & Traders Trust Company, as Trustee c/o Nicholas M. Miller, Esq. Neal Gerber & Eisenberg LLP Two N LaSalle St., Ste. 1700 Chicago, IL 60602 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Attorneys fees of $13,035.35 and trustee fees of $3,447.88 are unsubstantiated and should be disallowed. Claimant filed claims for rejection damages, prepetition rent and taxes on behalf of landlord and debtor is addressing these charges in claim 7155 with landlord. |
| 4/9/09 | 12053 | Manufacturers and Traders Trust Co., as Trustee c/o Nancy George, Vice President Corporate Trust Dept 1 M&T Plaza, 7th Fl. Buffalo, NY 14203 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Attorneys fees of $18,237.60 and trustee fees of $3,283.57 are unsubstantiated and should be disallowed. Claimant filed claims for rejection damages, taxes and prepetition rent on behalf of landlord and debtor is addressing these charges in claim 12338 with landlord. |

| | | | | | | |
|---|---|---|---|---|---|---|
| **BOOKS AND RECORDS CLAIMS TO BE EXPUNGED** | | | | | | |
| **Date Filed** | **Claim Number** | | **Additional Notice Address** | **Claim Amount** | **Debtor** | **Comments** |
| 1/29/09 | 8079 | Park National Bank 50 N. 3rd St. PO Box 3500 Newark, OH 43058-3500 | Manufacturers Traders Trust Company, as Trustee c/o Hodgson Russ LLP Attn: Deborah J. Piazza, Esq. 60 East 42nd Street, 37th Floor New York, NY 10165 | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant filed as lender to landlord and debtor is addressing claim 12405 with landlord. |
| 1/29/09 | 8618 | Park National Bank 50 N. 3rd St. PO Box 3500 Newark, OH 43058-3500 | Manufacturers Traders Trust Company, as Trustee c/o Hodgson Russ LLP Attn: Deborah J. Piazza, Esq. 60 East 42nd Street, 37th Floor New York, NY 10165 | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Attorneys fees of $10,424.76 and trustee fees of $3,436.35 are unsubstantiated and should be disallowed.  Claimant filed claims for rejection damages and prepetition rent on behalf of landlord and debtor is addressing these charges in claim 7532 with landlord. |
| 4/30/09 | 12615 | Park National Bank 50 N. 3rd St. PO Box 3500 Newark, OH 43058-3500 | Manufacturers Traders Trust Company, as Trustee c/o Hodgson Russ LLP Attn: Deborah J. Piazza, Esq. 60 East 42nd Street, 37th Floor New York, NY 10165 | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Attorneys fees of $10,703.25, trustee fees of $3,943.73, and $18,463.37 of insurance charges are unsubstantiated and should be disallowed.  Claimant filed claims for rejection damages and prepetition rent on behalf of landlord and debtor is addressing these charges in claim 12409 with landlord. |
| 3/31/10 | 14920 | Ronald Benderson Trust 1995 Attn: James S. Carr & Robert L. LeHane Kelley Drye & Warren LLP 101 Park Ave. New York, NY 10178 | The Randall Benderson 1993 1 Trust and WR 1 Associates LTD Attn: Ken Labenski c/o Benderson Development Company, Inc. 570 Delaware Ave. Buffalo, NY  14202 | $40,763.83 (administrative) | Circuit City Stores, Inc. | According to the Debtors' books and records, the Debtors do not owe $31,290.50 of administrative rent, or $4,935.52 of other damages and, after applying $11,993.12 of credits for tax overpayments, there are no amounts owing for postpetition taxes or CAM. |
| 1/19/10 | 14794 | U.S. Bank National Association as purchaser of assets of Park National Bank Attn: Richard C. Maxwell c/o Woods Rogers PLC 10 S. Jefferson St., Ste. 1400 PO Box 14125 Roanoke, VA 24011 | | $352,911.16 (general unsecured) | Circuit City Stores, Inc. | Claimant filed as lender to landlord and debtor is addressing claim 12164 with landlord. |

| | | BOOKS AND RECORDS CLAIMS TO BE EXPUNGED | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Claim Number | | Additional Notice Address | Claim Amount | Debtor | Comments |
| 1/30/09 | 8309 | Wells Fargo Bank, as Trustee for the Registered Holders of GE Commercial Mortgage Corporation Commercial Mortgage Pass Through Certificates Series 2004 C2, as Collateral Assignee of Tanurb Burnsville LP Mindy A. Mora, Esq. Bilzin Sumberg Baena Price & Axelrod LLP 200 S. Biscayne Blvd., Ste. 2500 Miami, FL 33131 | Tanurb Burnsville LP 160 Eglington Ave. E, Ste. 300 Toronto, ON  M4P 3B5 CANADA | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant filed as lender to landlord and debtor is addressing claim 12656 with the landlord. |
| 1/30/09 | 8809 | Wells Fargo Bank NA, as Trustee for the Registered Holders of CD 2007 CD4 Commercial Mortgage Pass Through Certificates Series Mindy A. Mora, Esq. Bilzin Sumberg Baena Price & Axelrod LLP 200 S Biscayne Blvd., Ste. 2500 Miami, FL 33131 | MFS Eastgate 1 LLC c/o Benderson Development Company 570 Delaware Ave. Buffalo, NY  14202 | Unliquidated (general unsecured) | Circuit City Stores, Inc. | Claimant filed as lender to landlord and debtor is addressing claim 12469 with the landlord. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT E**

**LATE FILED CLAIMS**

| LATE FILED CLAIMS | | | | | |
|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor |
| 4/6/09 | 12116 | CENTRAL INVESTMENTS, LLC<br>c/o MARK ORDOWER<br>333 S. DESPLAINES, NO. 207<br>CHICAGO, IL 60661 | | $624,199.41 (general unsecured) | Circuit City Stores, Inc. |
| 4/1/09 | 12102 | GC Acquisition Corp<br>Attn: Neil E. Herman, Esq.<br>c/o Morgan Lewis & Bockius<br>101 Park Ave.<br>New York, NY 10178 | | $805,386.79 (general unsecured) | Circuit City Stores, Inc. |
| 2/2/09 | 7999 | Pan Am Equities Inc<br>The Law Offices of David A Greer PLC<br>500 E. Main St., Ste. 1225<br>Norfolk, VA 23510 | PAN AM EQUITIES, INC.<br>DAVID IWANIER<br>18 EAST 50TH ST.<br>10TH FLOOR<br>NEW YORK, NY 10022 | Unliquidated -- $505,200.85 (general unsecured); Unliquidated (priority) | Circuit City Stores, Inc. |
| 6/5/09 | 13207 | Tamarack Village Shopping Center Limited Partnership<br>c/o Michael F. McGrath, Esq.<br>Ravich Meyer Kirkman McGrath Nauman & Tansey PA<br>80 S. Eighth St., Ste. 4545<br>Minneapolis, MN 55402 | | $52,530.65 (general unsecured) | Circuit City Stores, Inc. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT F**
**AMENDED CLAIMS TO BE EXPUNGED**

| | | CLAIMS TO BE EXPUNGED | | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Surviving Claim Numbers | Debtor | Face Amounts of Surviving Claim |
| 1/26/09 | 6262 | CC PLAZA JOINT VENTURE LLP PO BOX 70870, CM 3472 C/O WELSH COMPANIES ST PAUL, MN 55170-3472 | | $49,999.53 -- $14,999.86 (general unsecured); $34,999.67 (administrative) | Circuit City Stores, Inc. | 12413 | Circuit City Stores, Inc. | $4,614,230.60 (general unsecured) $41,499.67 (administrative) |
| 1/29/09 | 8487 | Centro Properties Group ta Northridge Plaza Milwaukee WI c/o David L. Pollack Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | | $637,011.28 (general unsecured) | Circuit City Stores, Inc. | 12626 | Circuit City Stores, Inc. | $666,286.00 (general unsecured) |
| 4/30/09 | 12527 | Centro Properties Group ta Heritage Square Naperville IL c/o David L. Pollack, Esq. Ballard Spahr Andrews & Ingersoll LLP 1735 Market St., 51st Fl. Philadelphia, PA 19103 | | $29,132.06 (administrative) | Circuit City Stores, Inc. | 14565 | Circuit City Stores, Inc. | $35,636.63 (administrative) |
| 1/29/09 | 8070 | Circsan Limited Partnership Attn: Allen P. Lev c/o Kin Properties, Inc. 185 NW Spanish River Blvd., Ste. 100 Boca Raton, FL 33431-4230 | Manufacturers and Traders Trust Company, as Trustee c/o Hodgson Russ LLP Attn: Deborah J. Piazza, Esq. 60 East 42nd Street, 37th Fl. New York, NY 10165 | Unliquidated, but not less than $779,136.94 (general unsecured) | Circuit City Stores, Inc. | 15168 | Circuit City Stores, Inc. | Unliquidated, but not less than $1,202,265.21 (general unsecured) |
| 1/28/09 | 7119 | COLONIAL HEIGHTS HOLDING, LLC C/O CRONACHER DEVELOPMENT 1076 GOODLETTE RD. NORTH ATTN: JOHN CHANDLER NAPLES, FL 34102 | | $73,589.00 (general unsecured) | Circuit City Stores, Inc. | 12405 | Circuit City Stores, Inc. | $1,223,790.80 (general unsecured) |
| 3/5/09 | 11753 | Park National Bank Attn: Richard C. Maxwell c/o Woods Rogers PLC 10 S. Jefferson St., Ste. 1400 PO Box 14125 Roanoke, VA 24011 | | Unliquidated (general unsecured) | Circuit City Stores, Inc. | 14794 | Circuit City Stores, Inc. | $352,911.16 (general unsecured) |
| 6/18/09 | 13427 | Ronald Benderson Trust 1995 Attn: James S. Carr & Robert L. LeHane Kelley Drye & Warren LLP 101 Park Ave. New York, NY 10178 | The Randall Benderson 1993 1 Trust and WR 1 Associates LTD Attn: Ken Labenski c/o Benderson Development Company, Inc. 570 Delaware Ave. Buffalo, NY 14202 | $37,708.68 (administrative) | Circuit City Stores, Inc. | 14920 | Circuit City Stores, Inc. | $40,763.83 (administrative) |

| 1/28/09 | 7526 | The West Campus Square Company LLC<br>J. Bennett Friedman, Esq.<br>Friedman Law Group<br>1900 Avenue of the Stars, Ste. 1800<br>Los Angeles, CA 90067-4409 | The West Campus Square Company LLC<br>433 N. Camden Dr., Ste. 500<br>Beverly Hills, CA 90210 | $801,079.31 (general unsecured) | Circuit City Stores, Inc. | 9028 | Circuit City Stores, Inc. | $801,079.31 (general unsecured) |