Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

</div>

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

<div align="center">

**NOTICE OF LIQUIDATING TRUST'S TWELFTH OMNIBUS OBJECTION TO**
**DISALLOW CERTAIN CLAIMS (LONG-TERM INCENTIVE PROGRAM)**

</div>

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Twelfth Omnibus Objection to Disallow Certain Claims (Long-Term Incentive Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>. By the Objection, the Liquidating Trust is seeking to is seeking to disallow the LTIP Claims (as defined in the Objection).

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|-----|-----|-----|-----|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

### Critical Information for Claimants
### Choosing to File a Response to the Objection

Who Needs to File a Response: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5000
Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do not need to appear at the status hearing on the Objection.

**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.   a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.   the claimant's name and an explanation for the amount of the Claim;

c.   a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the

specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.  a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.  a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.  the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.  to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy

4

Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

<div align="center">**Additional Information**</div>

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    February 27, 2011

<div style="margin-left:40%;">
*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*
</div>

Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## LIQUIDATING TRUST'S TWELFTH OMNIBUS OBJECTION TO
## DISALLOW CERTAIN CLAIMS (LONG-TERM INCENTIVE PROGRAM)

## CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES

## AND CLAIMS IN THE EXHIBITS ATTACHED TO THIS OBJECTION.

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Twelfth*

*Omnibus Objection to Disallow Certain Claims (Long-Term Incentive Program)* (the

"Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**,

granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502,

Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## SUMMARY OF RELIEF REQUESTED

2.      The claims (the "LTIP Claims") listed on **Exhibit B,** attached hereto,

assert the right to payment under a long-term incentive program (the "Long-Term Incentive

Program") that Circuit City Stores, Inc. ("Circuit City") had offered to certain eligible

employees.  The LTIP Claims assert the right to payment on a priority basis pursuant to section

507(a) of the Bankruptcy Code.  As set forth below, Circuit City's obligation to make payments

pursuant to the Long-Term Incentive Program was conditioned on (1) available credit under

Circuit City's credit facility on the first vesting date and (2) the price of Circuit City's stock on

the second and third vesting dates.

3.      Based on a review of the LTIP Claims and of the Debtors' books and

records, as set forth below, the Liquidating Trust objects to the LTIP Claims in their entirety on

the ground that the conditions necessary to Circuit City's obligation to pay the LTIP Claims were

not met.  Accordingly, the Liquidating Trust requests an Order disallowing the LTIP Claims, set

forth on **Exhibit A**, in their entirety.

<div align="center"><u>**FACTUAL BACKGROUND**</u></div>

A.    <u>**The Bankruptcy Cases**</u>

4.    On November 10, 2008 (the "<u>Petition Date</u>"), the debtors in the above-

captioned cases (the "<u>Debtors</u>") filed voluntary petitions in this Court for relief under chapter 11

of the Bankruptcy Code.

5.    On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"<u>Creditors' Committee</u>").

6.    On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("<u>KCC</u>") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

7.    On December 10, 2008, the Court entered that certain *Order Pursuant to

Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form

and Manner of Notice Thereof* (Docket No. 890) (the "<u>Claims Bar Date Order</u>").

8.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims"

(as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any

non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for

governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific)

on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and

manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "<u>Claims Bar Date Notice</u>").

9.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar

Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all

of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other

parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The

Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

10.     On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent

(the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant

to the Agency Agreement at the Debtors remaining stores.

11.     As of March 8, 2009, the going out of business sales at the Debtors'

remaining stores had been completed.

12.     On April 1, 2009, this Court entered an *Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "Omnibus Objection Procedures Order").

13.     On August 9, 2010, the Debtors and the Creditors' Committee filed a plan

(the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

14.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

15.     The Plan became effective on November 1, 2010 (the "Effective Date"),

and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including objections to claims.  Under the Plan, objections to

priority claims must be filed within 120 days of the Effective Date.

### *(1)    The DIP Credit Facility*

16.    On the Petition Date, the Court granted the Debtors interim authority to

enter into that certain *Senior Secured, Super-Priority, Debtor in Possession Credit Agreement*

(the "DIP Credit Facility").  *See* Order entered on November 10, 2008 (Docket No. 78).  *See also*

Order entered on December 23, 2008 (approving the DIP Credit Facility on a final basis) (Docket

No. 1262).  The DIP Credit Facility superseded all of the Debtors' pre-petition credit facilities.

17.    On February 17, 2009, the Court entered an Order approving a third and

final amendment to the DIP Credit Facility (the "Amended DIP Order") (Docket 2252).

Pursuant to the Amended DIP Order, the lenders' commitment under the DIP Credit Facility

would reduce to zero and the Debtors were obligated to pay all indebtedness under the DIP

Credit Facility by April 30, 2009.

18.    This wind down of the DIP Credit Facility coincided with the Debtors'

wind down of its business operations.  The Debtors paid all obligations under the DIP Credit

Facility in February 2009.  They completed their going out of business sales and closed their last

set of remaining stores in March 2009.  The DIP lenders' commitments to provide further credit

pursuant to the DIP Credit Facility ended in April 30, 2009.

### B.    The Delisting of Circuit City's Stock from the New York Stock Exchange

19.    In November 2008, the New York Stock Exchange delisted Circuit City's

stock after it had traded for less than a dollar on average in October 2008.  After Circuit City's

stock was delisted, it continued to trade over the counter "on pink slips."  However, during 2010,

which is the relevant time period for purposes of this Objection, the stock price never exceeded

15 cents a share.

C.     **The Long-Term Incentive Program.**

20.     Prior to the Petition Date, on or about October 9, 2008, Circuit City implemented the Long-Term Incentive Program pursuant to which certain employees (the "Long-Term Incentive Program Participants") were eligible to receive cash incentive awards payable on three vesting dates:  July 1, 2009; January 1, 2010; and July 1, 2010.  The Long-Term Incentive Program intended to reward certain employees provided that Circuit City achieved two financial benchmarks:  (1) credit availability and (2) stock value.  A sample letter setting out the terms of the Long-Term Incentive Program (the "Long-Term Incentive Program Sample Letter") is attached hereto as **Exhibit C**.

21.     Payment on the first vesting date of July 1, 2009 was conditioned on "maintaining excess availability under all of the Company's[2] existing or future credit facilities in effect as of February 28, 2009."  *See* Long-Term Incentive Program Sample Letter at 1, **Exh. C**. Under the DIP Credit Facility, which was in effect as of February 28, 2009, "excess availability" referred to the amount by which the lenders' commitment or the Debtors' borrowing base (whichever was less) exceeded the amount outstanding under the DIP Credit Facility.  *See* DIP Credit Facility at 19, filed with the Court on November 26, 2008 (Docket No. 425).  Thus, Circuit City was obligated to pay a Long-Term Incentive Program Participant on the first vesting date if Circuit City had available credit under its credit facility on that date.

22.     Payment on the second vesting date of January 1, 2010 was conditioned on the Debtors' stock price exceeding $2.99 a share on that date.  Payment on the third vesting date of July 1, 2010 was conditioned on the Debtor's stock price exceeding $3.99 a share on that date.

---

[2] The term Company referred to Circuit City.  *See* Long-Term Incentive Program Sample Letter at 1, **Exh. C**.

## OBJECTION

### A.    Burden of Proof

23.    Pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly filed proof of claim is *prima facie* evidence of the validity of the claim.  However, when an objection to a proof of claim raises sufficient evidence, the burden of proof shifts to the claimant to establish that the claim is allowable.  *See In re Garvida*, 347 B.R. 697 (9th Cir. BAP 2006); *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992).  Moreover, the holder of a claim always bears the burden of persuasion.  *Id.*

24.    As demonstrated below, this Objection rebuts the *prima facie* validity of the LTIP Claims.  Therefore, the holders of the LTIP Claims bear both the burden of proof and the burden of persuasion to establish such Claims.  Those burdens cannot be met.

### B.    The Condition Necessary to Payment on the First Vesting Date Did Not Occur

25.    As set forth above, the obligation to make the first payment pursuant to the Long-Term Incentive Program Participants was contingent on the availability of credit under Circuit City's credit facilities.  This condition was not met because on the first vesting date, July 1, 2009, Circuit City had no available credit under the DIP Credit Facility.  Months earlier, on April 30, 2009, the lenders' commitments under the DIP Credit Facility ended pursuant to the terms of the Amended DIP Order.  The Amended DIP Order also set a deadline of April 30, 2009 for the Debtors to pay all obligations under the DIP Credit Facility.  The Debtors paid these obligations in February, 2009.

26.    In light of these facts, Circuit City did not have "excess availability" under the DIP Credit Facility on the first vesting date of July 1, 2009.  In fact, Circuit City did not have

a credit facility as of July 1, 2009.  Therefore, Circuit City was not obligated to make the first

payment under the Long-Term Incentive Program.

     C.    **The Conditions Necessary to Payment on the Second and Third Vesting Dates Did Not Occur**

     27.    Under the Long-Term Incentive Program, (i) a second payment would be

made on January 1, 2010 (the second vesting date) if Circuit City's stock price exceeded $2.99

on that date, and (ii) a third payment would be made on July 1, 2010 (the third vesting date) if

Circuit City's stock price exceeded $3.99 on that date.  *See* Sample Long-Term Incentive Letter

at 2, **Exh. C**.

     28.    In 2010, Circuit City's stock price consistently traded for 15 cents or less.

Therefore, the conditions necessary to payment on the second and third vesting dates (stock

prices in excess of $2.99 and $3.99 on those dates, respectively) did not occur and Circuit City

was not obligated to make the second and third payments under the Long-Term Incentive

Program.

     29.    In summary, Circuit City was not obligated to pay the Long-Term

Incentive Program Participants on the first vesting date because the condition necessary to this

obligation – credit availability under a credit facility– was not met.  It had no credit availability

under its credit facility.  Circuit City was not obligated to pay the Long-Term Incentive Program

Participants on the second and third vesting dates because the conditions necessary to these

obligations – stock prices in excess of $2.99 and $3.99 on the respective vesting dates – was not

met.  Circuit City's stock traded well below these prices.  Accordingly, no amount is owing with

respect to any of the LTIP Claims and each such LTIP Claim should be disallowed in its entirety.

## RESERVATION OF RIGHTS

30.     As noted above, the Liquidating Trust reserves the right to file objections to the LTIP Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

31.     Notice of this Objection has been provided to the holders of the LTIP Claims (the "Long-Term Incentive Program Claimants") identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the Long-Term Incentive Program Claimants should be deemed by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the Long-Term Incentive Program Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Long-Term Incentive Program Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on a Long-Term Incentive Program Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Long-Term Incentive Program Claimants with this Objection and with the exhibit on which the Long-Term Incentive Program Claim is listed.

32.     To the extent any Long-Term Incentive Program Claimants timely files and properly serves a response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference  with respect to any such responding claimant at **2:00 P.M. (Eastern) on April 14, 2011** and thereafter schedule the matter for a future hearing as to the merits of such claim. However, to the extent any Long-Term Incentive Program Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, disallowing the LTIP Claims in their entirety.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

33.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

34.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

35.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia
     February 27, 2011

TAVENNER & BERAN, PLC


    */s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER SUSTAINING LIQUIDATING TRUST'S TWELFTH OMNIBUS OBJECTION**
**TO DISALLOW CERTAIN CLAIMS (LONG-TERM INCENTIVE PROGRAM)**

THIS MATTER having come before the Court on the *Liquidating Trust's Twelfth*

*Omnibus Objection to Disallow Certain Claims (Long-Term Incentive Program)* (the

"Objection"),[2] which requested, among other things, that the claims specifically identified on

Exhibit B attached to the Objection be disallowed for those reasons set forth in the Objection;

and it appearing that due and proper notice and service of the Objection as set forth therein was

good and sufficient and that no other further notice or service of the Objection need be given;

and it further appearing that no response was timely filed or properly served by the LTIP

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

Claimants being affected by this Order; and it appearing that the relief requested on the

Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and

other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for

the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The LTIP Claims identified on <u>Exhibit B</u> as attached hereto and

incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy

cases.

3.      The Liquidating Trust's rights to object to any claim including (without

limitation) the LTIP Claims subject to the Objection, on any grounds that applicable law permits,

are not waived and are expressly reserved.

4.      The Liquidating Trust shall serve a copy of this Order on the LTIP

Claimants included on the exhibits to this Order on or before five (5) business days from the

entry of this Order.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
        _____, 2010

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                              - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


_____
Lynn L. Tavenner

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT B**

LTIP Claims to be Disallowed

| | | | | | | |
|---|---|---|---|---|---|---|
| **LTIP CLAIMS TO BE DISALLOWED** | | | | | | |
| **Date Filed** | **Claim Number** | **Claimant Name and Address** | **Additional Notice Address** | **Classification as Filed** | **Claim Amount as filed** | **Debtor** |
| 01/28/2009 | 7097 | ANDERSON, LEE ANN<br>2022 GROVE AVE<br>RICHMOND, VA 23220 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/27/2009 | 6293 | ARINGTON, MICHAEL SCOTT<br>14417 W MAUNA LOA LANE<br>SURPRISE, AZ 85379 | | Priority | $40,000.00 | Circuit City Stores West Coast, Inc. |
| 01/26/2009 | 5475 | BERGER, CYNDA ANN<br>1002 MITCHELL LN<br>EVANS, GA 30809 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/28/2009 | 7140 | CALABREE, LEONARD<br>176 WILLIAM FEATHER DR<br>VOORHEES, NJ 08043 | | General Unsecured<br>Priority | $40,000.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 01/28/2009 | 7189 | CALABREE, LEONARD<br>176 WILLIAM FEATHER DR<br>VOORHEES, NJ 08043 | | Priority | UNLIQUIDATED | Circuit City Stores, Inc. |
| 01/29/2009 | 9502 | CANCEL, MARCOS G<br>PLAZA 25 MF50 MARINA BAHIA<br>CATANO, PR 00962 | | Priority | $40,000.00 | Circuit City Stores PR, LLC |
| 01/26/2009 | 5485 | CASTLE, LINDA H<br>5601 HUNTERS GLEN DR<br>GLEN ALLEN, VA 23059 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 8103 | CULL, MICHAEL<br>W6483 ROCKY MT DR<br>GREENVILLE, WI 54942 | | Priority | $106.70 | Circuit City Stores, Inc. |
| 01/29/2009 | 8062 | DEVITT, PAUL<br>11812 BRANDONS CT<br>GLEN ALLEN, VA 23059 | | Priority | $800.00 | Circuit City Stores, Inc. |
| 01/27/2009 | 6028 | DING, JENNIFER S<br>5507 OLDE HARTLEY WAY<br>GLEN ALLEN, VA 23060 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 09/09/2009 | 14621 | Etheridge Curtis W<br>19419 Red Sky Ct<br>Land O Lakes, FL 34638 | | General Unsecured<br>Priority | $29,050.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 01/27/2009 | 6686 | FREEMAN, JAMES M<br>10307 SAGEGLOW<br>HOUSTON, TX 77089 | | Priority | UNLIQUIDATED | Circuit City Stores, Inc. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT B**

LTIP Claims to be Disallowed

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | **LTIP CLAIMS TO BE DISALLOWED** | | | |
| **Date Filed** | **Claim Number** | **Claimant Name and Address** | **Additional Notice Address** | **Classification as Filed** | **Claim Amount as filed** | **Debtor** |
| 01/27/2009 | 5689 | GUTMAN, J THOMAS<br>205 W 95TH ST 2D<br>NEW YORK, NY 10025 | | General Unsecured<br>Priority | $37,000.00<br>$3,000.00 | Circuit City Stores, Inc. |
| 02/17/2009 | 11161 | HAGUE, TIMOTHY<br>4613 BROOKEMERE DR<br>GLEN ALLEN, VA 23060-6504 | | General Unsecured<br>Priority | $69,050.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 01/28/2009 | 6691 | HERTER, JOSEPH R<br>32540 YAHNKE RD<br>BURLINGTON, WI 53105 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 06/11/2009 | 13339 | Kenneth R Duda<br>12713 Forest Mill Dr<br>Midlothian, VA 23112-7023 | Ken & Carolyn Duda<br>747 Twin Leaf Dr<br>Collierville, TN 38017 | Admin Priority | $20,000.00 | Circuit City Stores, Inc. |
| 01/28/2009 | 7088 | KUBICA, CHAD A<br>24126 MATTHEW PL<br>SANTA CLARITA, CA 91321 | | Priority | $5,000.00 | Circuit City Stores, Inc. |
| 01/28/2009 | 7250 | LAMAR, RONALD WADE<br>PO BOX 674<br>MORTON, TX 79346 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 8008 | LATTA, DONNA<br>298 GREENFIELD RD<br>BRIDGEWATER, NJ 08807 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/30/2009 | 10146 | MAPLES III, MURRAY DAVID<br>7812 MARS HILL RD<br>BAUXITE, AR 72011 | | Priority | BLANK | Circuit City Stores, Inc. |
| 01/22/2009 | 4943 | MERCADO, STEVE<br>551 IRIS ST<br>REDLANDS, CA 92373 | | Priority | $39,999.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 8537 | MONTELEONE, JACK T<br>39W374 GRAND AVE<br>ELGIN, IL 60124 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/30/2009 | 9573 | MORROW, BRADLEY J<br>711 STUBBS VINSON RD<br>MONROE, LA 71203-8568 | | General Unsecured<br>Priority | $29,050.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 05/28/2009 | 13063 | SCHMIDT, GARY<br>830 CARNELLIAN LANE<br>PEACHTREE CITY, GA 30269 | | General Unsecured<br>Priority | UNLIQUIDATED<br>$10,950.00 | Circuit City Stores, Inc. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT B**


LTIP Claims to be Disallowed

| LTIP CLAIMS TO BE DISALLOWED | | | | | | |
|---|---|---|---|---|---|---|
| **Date Filed** | **Claim Number** | **Claimant Name and Address** | **Additional Notice Address** | **Classification as Filed** | **Claim Amount as filed** | **Debtor** |
| 01/26/2009 | 6144 | SESSOMS, JOHN D<br>7307 SADDLE OAKS DR<br>CARY, IL 60013 | | General Unsecured<br>Priority | $29,050.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 8653 | vonBechmann, Dawn<br>Neil E McCullagh<br>Spotts Fain PC<br>411 E Franklin St Ste 600<br>Richmond, VA 23219 | Dawn vonBechmann<br>36 Countryside Ln<br>Richmond, VA 23229 | General Unsecured<br>Priority | $60,790.47<br>$4,209.53 | Circuit City Stores, Inc. |
| 01/29/2009 | 8655 | vonBechmann, Dawn<br>Neil E McCullagh<br>Spotts Fain PC<br>411 E Franklin St Ste 600<br>Richmond, VA 23219 | Dawn vonBechmann<br>36 Countryside Ln<br>Richmond, VA 23229 | General Unsecured<br>Priority | $126,257.14<br>$8,742.86 | Circuit City Stores, Inc. |
| 01/29/2009 | 7675 | ZARGARI, DAVID<br>11120 HUNTINGTON MEADOW LN<br>CHARLOTTE, NC 28273 | | Priority | $80,000.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 7746 | ZENDEJAS, GENARO<br>11620 MANTOVA AVE<br>BAKERSFIELD, CA 93312 | | Priority | $5,000.00 | Circuit City Stores, Inc. |



10062632
N/A, 9/29/2008, CASH



Circuit City Stores, Inc.
9950 Maryland Drive
Richmond, VA 23233-1464

October 9, 2008



Dear ▉▉▉

Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a long-term cash incentive award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain associates who are key to our turnaround efforts and long term success of Circuit City Stores, Inc. (the "Company").  To accept this Award, please sign this letter, and fax it as instructed in Section 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Target Cash Incentive Award, Maximum Cash Incentive Award, and Award Date are as follows:

| | |
|---|---|
| Target Cash Incentive Award: | $▉▉▉ |
| Maximum Cash Incentive Award: | $▉▉▉ |
| Award Date: | September 29, 2008 |

This Award is based on performance of the Company over time and the amount that you can earn at each Vest Date under the Award is subject to meeting the Performance Conditions as outlined below. For purposes of the Performance Conditions, the following definitions apply:

Minimum Availability:  maintaining excess availability under all of the Company's existing or future credit facilities in effect as of February 28, 2009, as such existing or future credit facilities may be amended, modified, superseded or supplemented, through February 28, 2009; and

Closing Stock Price:  closing stock price as reported by the exchange or market on which the Company's common stock generally has the greatest trading volume.

The schedule of Vest Dates, the corresponding target amounts and Performance Conditions for each date are as follows:

| | |
|---|---|
| 1st Vest Date: | July 1, 2009 |
| Targeted Amount Vesting: | $▉▉▉ |
| Performance Condition: | Minimum Availability |

- 1 -

2nd Vest Date:                    January 1, 2010
Targeted Amount Vesting:          $█████
Performance Condition:              Total shareholder return based on the following
                                              stock prices:

| Closing Stock Price on Dec. 31, 2009 | % Payout of Targeted Amount Vesting |
|---|---|
| less than $3.00 | 0% |
| $3.00–$3.99 | 75% |
| $4.00–$4.99 | 100% |
| $5.00–$5.99 | 125% |
| $6.00–$6.99 | 175% |
| $7.00–$7.99 | 200% |
| $8.00–$8.99 | 225% |
| $9.00 or greater | 250% |

3rd Vest Date:                    July 1, 2010
Targeted Amount Vesting:          $█████
Performance Condition:              Total shareholder return based on the following
                                              stock prices:

| Closing Stock Price on Vest Date | % Payout of Targeted Amount Vesting |
|---|---|
| less than $4.00 | 0% |
| $4.00–$4.99 | 75% |
| $5.00–$5.99 | 100% |
| $6.00–$6.99 | 125% |
| $7.00–$7.99 | 175% |
| $8.00–$8.99 | 200% |
| $9.00–$9.99 | 225% |
| $10.00 or greater | 250% |

If on the specified Vest Date no amount is earned or an amount less than the Targeted Amount is earned, the unearned portion of the Targeted Cash Incentive Amount for that Vest Date will roll-forward to the next Vest Date and may be earned if the minimum Performance Condition for the next Vest Date is achieved. Any amounts that are rolled forward to the next Vest Date are not eligible for more than a Target (100%) payout.

For purposes of the vesting and forfeiture requirements that follow, your employment with the "Company" includes your employment with Circuit City Stores, Inc. or with a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to each of the above Vest Dates is contingent on (i) your agreeing to the terms of this Award by signing and faxing this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vest Date. If you satisfy these

- 2 -

requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vest Date. In the event that you are on a leave of absence on the Vest Date, the portion of your Award that would have vested on that date will not vest until you return to active full-time employment with the Company and will then be paid within 75 days after your return.

Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be

If your employment with the Company terminates on or before a Vest Date because of death or permanent disability, then the portion of your Target Cash Incentive Award that is scheduled to vest on a future Vest Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and will be paid out in a lump sum cash payment within 75 days after your death or disability.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then any unvested portion of your outstanding Target Cash Incentive Award will vest as of such date and will be paid to you in a lump sum cash payment within 75 days thereafter. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference, and made a part of this Award letter.

The following provides a brief summary of the definition of Change of Control under the 2003 Stock Plan. This is intended only as a summary, and any determination of whether a Change of Control has actually occurred will be subject to the full definition set forth in the 2003 Stock Plan. In general, a Change of Control will occur upon any of the following events: (i) a third party acquires 35% of the Company's outstanding stock; (ii) the incumbent members of the Company's Board of Directors cease to be a majority of the Board (for this purpose, "incumbent members" includes directors whose election was approved by a majority of the Board); (iii) a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company; or (iv) the consummation of a plan of complete liquidation or dissolution of the Company.

3. **Withholding Taxes**. On the Vest Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts, for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing this letter and faxing the entire letter as soon as possible, but in no event later than November 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

_____
Associate Signature

_____
Printed Name

10/31/08
Date

- 4 -