Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., <u>et al</u>.,. | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

**NOTICE OF LIQUIDATING TRUST'S SIXTEENTH OMNIBUS OBJECTION TO**
**CERTAIN HR CLAIMS: RECLASSIFY; REDUCE**
**(<u>PHANTOM STOCK PROGRAM</u>)**

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Sixteenth Omnibus Objection to Certain HR Claims: Reclassify; Reduce (Phantom Stock Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to reclassify certain claims and reduce certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

### Critical Information for Claimants
### Choosing to File a Response to the Objection

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

The status hearing on the Objection will be held at  **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5000
Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### <u>Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection</u>

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

    a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the

specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.  a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.  a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.  the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.  to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy

Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    February 27, 2011

                                              */s/ Paula S. Beran*
                                              Lynn L. Tavenner (VA Bar No. 30083)
                                              Paula S. Beran (VA Bar No. 34679)
                                              TAVENNER & BERAN, P.L.C.
                                              20 North Eighth Street, 2nd Floor
                                              Richmond, Virginia  23219
                                              Telephone:  804-783-8300
                                              Facsimile:  804-783-0178
                                              Email:  ltavenner@tb-lawfirm.com
                                                        pberan@tb-lawfirm.com

                                              -and-

                                              Jeffrey N. Pomerantz (admitted *pro hac vice*)
                                              Andrew W. Caine (admitted *pro hac vice*)
                                              PACHULSKI STANG ZIEHL & JONES LLP
                                              10100 Santa Monica Blvd.
                                              11th Floor
                                              Los Angeles, California  90067-4100
                                              Telephone: 805-123-4567
                                              Facsimile:  310/201-0760
                                              E-mail: jpomerantz@pszjlaw.com
                                                        acaine@pszjlaw.com

                                              *Counsel for the Circuit City Stores, Inc.
                                              Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653-KRH |
| | ) |
| | ) Chapter 11 |
| CIRCUIT CITY STORES, INC.[1], et al., | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

## LIQUIDATING TRUST'S SIXTEENTH OMNIBUS OBJECTION TO
## CERTAIN HR CLAIMS: RECLASSIFY; REDUCE
## (PHANTOM STOCK PROGRAM)

## CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES

## AND CLAIMS IN THE EXHIBITS ATTACHED HERETO.

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Sixteenth*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Omnibus Objection to Certain HR Claims: Reclassify; Reduce (Phantom Stock Program)* (the

"Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of

title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**,

granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502,

Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## SUMMARY OF RELIEF REQUESTED

2.      Each of the claims (the "Phantom Stock Claims") listed on **Exhibit B,**

attached hereto, asserts the right to payment under the Phantom Stock Program (defined below)

on a priority basis pursuant to section 507(a) of the Bankruptcy Code.  This Objection is based

on a review of the Phantom Stock Claims and of the Debtors' books and records.

3.      The Liquidating Trustee has categorized the Phantom Stock Claims into

two categories: (1) the Phantom Stock Claims listed on **Exhibit C**, attached hereto (the "Pre-

Priority Period Phantom Stock Claims") and (2) the Phantom Stock Claims listed on **Exhibit D**,

attached hereto (the "Reduced Phantom Stock Claims").

4.      The Pre-Priority Period Phantom Stock Claims are not entitled to payment

on a priority basis under section 507(a) of the Bankruptcy Code and each Pre-Priority Period

Phantom Stock Claim should be reclassified as a general unsecured claim.  Each Pre-Priority

Period Phantom Stock Claim is based on a right to payment that was "earned," within the

meaning of section 507(a), more than 180 days before the Petition Date (the "<u>Priority Period</u>"),

which is May 13, 2008 to November 10, 2008.  Accordingly, the Liquidating Trustee requests

that each Pre-Priority Period Phantom Stock Claim be reclassified as a general unsecured claim.

       5.     The Reduced Phantom Stock Claims are not entitled to priority payment in

the full amount asserted in the Reduced Phantom Stock Claims.  As set forth more fully below,

Circuit City Stores, Inc. ("Circuit City") was obligated to make a payment based on the closing

share price of Circuit City's stock.  In the case of the Reduced Phantom Stock Claims, the

operative date for the share price was March 8, 2009.  Based on Circuit City's share price on that

date, the amount owing to the holders of the Reduced Phantom Stock Claims is lower than the

amount set forth in the Reduced Phantom Stock Claims.  Accordingly, the Liquidating Trustee

requests that each Reduced Phantom Stock Claim be allowed on a priority basis in the reduced

amount set forth in **Exhibit D,** attached hereto.  The balance of the Reduced Phantom Stock

Claims should be denied.

       6.     The Liquidating Trust is continuing its review of claims and of the

Debtors' books and records and reserves the right to further object to the Phantom Stock Claims

after they are reclassified as general unsecured claims.

## BACKGROUND

       7.     On November 10, 2008 (the "<u>Petition Date</u>"), the debtors in the above-

captioned cases (the "<u>Debtors</u>") filed voluntary petitions in this Court for relief under chapter 11

of the Bankruptcy Code.

8.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

9.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

10.    On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

11.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

12.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

13.     On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent

(the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant

to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been completed.

14.     On April 1, 2009, this Court entered an *Order Establishing Omnibus*

*Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "Omnibus Objection Procedures Order").

15.     On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

16.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

17.     The Plan became effective on November 1, 2010 (the "Effective Date"),

and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including objections to claims.  Under the Plan, objections to

priority claims must be filed within 120 days of the Effective Date.

A.     **The Phantom Award Plan**

18.     More than 180 days prior to the Petition Date, the Debtors implemented a

phantom stock award program (the "Phantom Stock Program") pursuant to which certain

employees (the "Phantom Stock Program Participants") were eligible to earn incentive awards

staggered over the following three years, beginning in 2009, in the form of "phantom stock

units" (the "Phantom Stock Awards").  A sample letter setting forth the terms of the Phantom

Stock Program is attached hereto as **Exhibit E**.

19.    To become a Phantom Stock Program Participant, the holders of the Pre-

Priority Period Phantom Stock Claims were required to sign and return the letter setting out the

terms of the Phantom Stock Program by February 1, 2008, which is before the Priority Period.

Each signed letter constituted a separate agreement between the Phantom Stock Program

Participant and the Debtors (each a "Phantom Stock Program Agreement").  *See* Phantom Stock

Program Sample Letter at 2, **Exh. E**.  The Liquidating Trustee has determined that the holders of

the Pre-Priority Phantom Stock Claims signed the Phantom Stock Program Agreement before the

Priority Period.

20.    Pursuant to the Phantom Stock Program, each phantom stock unit awarded

to a Phantom Stock Program Participant had a value that was equal to one share of Circuit City

common stock.  The share price of Circuit City common stock would be determined on certain

dates (the "Stock Price Dates").  A percentage of the value of those units would be payable on

each vesting date (the "Vesting Dates").  *See* Phantom Stock Program Sample Letter, **Exh. E**.

21.    To illustrate, the Phantom Stock Program Participant shown in the

Phantom Stock Program Sample Letter had been awarded 9,625 phantom stock units.  Each unit

represented one share of Circuit City common stock.  On the first vesting date, June 1, 2009, the

Phantom Stock Program Participant was entitled to payment of 33.3% of the value of the

phantom stock units awarded.  The value of the phantom stock units was measured by the

closing share price of Circuit City on May 31, 2009.  Thus, on June 1, 2009, the Phantom Stock

Program Participant was entitled to receive 33.3% of the share price of Circuit City on May 31, 2009 multiplied by 9,625.

22.    The Phantom Stock Program Agreement required that the Phantom Stock Program Participant remain employed by Circuit City through the Vesting Dates, in order to be entitled to payment on the Vesting Dates.  *See* Phantom Stock Program Sample Letter, **Exh. E**, ¶ p.1.  However, if a "change in control" occurred, then the amounts provided in the Phantom Stock Program Agreement would become fully payable and the Phantom Stock Program Participant would not have to wait for the Vesting Dates to be paid.  The Phantom Stock Program Agreement stated:

> If you remain continuously employed in a full-time active position with [Circuit City] through and including the date a "Change of Control" of [Circuit City] occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date.

Phantom Stock Program Agreement, **Exh. E**, p. 2.

23.    A "Change of Control" included the sale of all or substantially all of Circuit City's assets.  *See* Phantom Stock Program Sample Letter, **Exh. E**, p. 2.  Circuit City had completed its going out of business sales and closed its remaining stores by March 8, 2009.

24.    The Liquidating Trustee has determined that each holder of a Reduced Phantom Stock Claim was employed by Circuit City through March 8, 2009.

25.    The Liquidating Trustee has ascertained the share price of Circuit City on March 6, 2009[2] and has determined that the amount owing on the Reduced Phantom Stock Claims is less than the amount set forth in such Claims.  The share price of the Circuit City stock on March 6, 2009 is shown on **Exhibit F**, attached hereto.  The amounts that the Liquidating

---

[2] March 8, 2009 was a Sunday.  Therefore, the Liquidating Trustee referred to the Circuit City share price on March 6, 2009.

Trustee has calculated as owing to the holders of the Reduced Phantom Stock Claims is set forth
in **Exhibit C**.

## OBJECTION

**A.**   **The Pre-Priority Period Phantom Stock Claims Are Not Allowable as
Priority Expense Claims Because They Arose Prior to the 180-Day Priority
Period.**

26.     Section 507(a)(4) which accords priority status to "wages, salaries, or
commissions . . . *earned*" within 180 days before the filing date.  (Emphasis added.)  *See In re
Cardinal Indus. Inc*., 160 B.R. 83 (Bankr. S.D. Ohio 1993) (for purposes of priority under
section 507(a), a bonus is "earned" when the right to the bonus is established, even though the
bonus is not payable until a later date).  *See also* 4 COLLIER ON BANKRUPTCY ¶507.06[5] (Alan
N. Resnick & Henry J. Sommer eds., 16th ed.) ("The general rule is that wages, salaries and
commissions are earned when the employee obtains a right to payment under the employment
contract rather than at the time that payment is to be made.").  As Collier further states with
respect to whether a bonus is "earned" within the 180 days prior to a petition date as required by
section 507(a)(4) of the Bankruptcy Code, "If a bonus is awarded in December, but not payable
until the following March, the bonus was earned in December."  4 COLLIER ON BANKRUPTCY at
¶ 507.06[5].

27.     In the case of the Pre-Priority Phantom Stock Claims, the Phantom Stock
Awards were awarded and the Phantom Stock Agreements were signed before the Priority
Period.  Therefore, the Phantom Stock Awards were earned, within the meaning of section
507(a)(4), before the Priority Period and are not entitled to priority.

28.     Cases construing when a claim arises bolster the point that the Pre-Priority
Phantom Stock Claims arose before the Priority Period and are not entitled to priority payment.
The definition of "claim" in section 101(5) of the Bankruptcy Code includes "a right to

payment" that is "contingent."  11 U.S.C. § 101(5)(A).  *See Grady v. A.H. Robins Co.*, 839 F.2d

198, 202 (4th Cir. 1988), *cert. dismissed sub nom.  Joynes v. A.H. Robins Co.*, 487 US 1260

(1988) (defining "contingent" as "conditioned upon the occurrence of some future event which is

itself uncertain, or questionable.").  The Pre-Priority Period Phantom Stock Claims were

contingent because the right to payment was conditioned upon the Phantom Stock Program

Participant remaining employed with the Debtors through the vesting dates.

      29.    In the Fourth Circuit, a contingent claim arises when the event or conduct

underlying the claim first occurs.  *See A.H. Robins Co.*, 839 F.2d at 201-02; *In re U.S. Airways*,

2007 WL 3231573, *3 (Bankr. E.D. Va. 2007) ("A debt 'arises,' for bankruptcy purposes, not

when the effects are felt but when the act giving rise to the liability occurs.").[3]  *See also In re*

*Bentley Funding Group, LLC,* 2001 WL 34054525 (Bankr. E.D. Va. Feb. 2, 2001) (surety's right

to indemnity existed as a contingent claim from the date the indemnity agreement was executed);

*Thompson v. Board of Trustees of Fairfax Cty. Police Officers Retirement Sys. (In re Thompson),*

182 B.R. 140, 153 (Bankr. E.D. Va. 1995), *aff'd*, 92 F.3d 1182 (4th Cir. 1996) (claim for

retirement benefits arose when the employee first joined the program– not when the retirement

payments became due in 25 years).  As the *Thompson* Court explained, the "25-year requirement

was merely a contingency [that] Thompson had to meet in order to have an immediate right to

payment." *Id*.

      30.    With respect to the Phantom Stock Program, the Debtors incurred a

contingent liability when the Phantom Stock Program Participant signed the Phantom Stock

Agreement, which in the case of each Pre-Priority Period Phantom Stock Claim listed on **Exhibit**

**C**, had to occur before the Priority Period in order to be effective.  Therefore, each Pre-Priority

---

[3] In *A.H. Robins*, the court held that a contingent claim arose when the debtor's birth control device had been implanted and before the plaintiff manifested any injury.  *Id.*, 839 B.R. 198.

Period Phantom Stock Claim arose before the Priority Period and is not entitled to priority under section 507(a).

31.     At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, including the Pre-Priority Period Phantom Stock Claims.  Accordingly, the Pre-Priority Phantom Stock Claims may be the subject of additional subsequently filed objections.  To that end, the Liquidating Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.  Furthermore, the Liquidating Trust reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

**B.     The Reduced Phantom Stock Claims Should Be Allowed in a Reduced Amount**

32.     As set forth above, the Phantom Stock Program Participants were employed by Circuit City when the Debtors completed their going out of business sales and closed their stores on March 8, 2009.  Therefore, they are entitled to payment pursuant to the Phantom Stock Program.  The amount of each payment is based on the share price of Circuit City on March 6, 2009.[4]  After running this calculation, the Liquidating Trustee has determined that the Reduced Phantom Stock Claims should be reduced to the amounts set forth in **Exhibit D**.

33.     At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, including the Reduced Phantom Stock Claims.  Accordingly, the Reduced Phantom Stock Claims may be the subject of additional subsequently filed objections.  To that end, the Liquidating Trust reserves the right to

---

[4] March 8, 2009 was a Sunday.  Therefore, the Liquidating Trustee used the Circuit City share price as of March 6, 2009.

further object to any and all claims, whether or not the subject of this Objection, for allowance

and/or distribution purposes, and on any other grounds.  Furthermore, the Liquidating Trust

reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim

or claimant herein.

## RESERVATION OF RIGHTS

34.     As noted above, the Liquidating Trust reserves the right to file objections

to these Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.

The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this

Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

35.     Notice of this Objection has been provided to the holders of the Phantom

Stock Claims (the "Phantom Stock Claimants") identified on **Exhibit B**, and to parties-in-interest

in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102*

*and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1*

*Establishing Certain Notice, Case Management and Administrative Procedures* (entered on

December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating

Trust submits that the following methods of service upon the Phantom Stock Claimants should

be deemed by the Court to constitute due and sufficient notice and service of this Objection:  (a)

service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable

provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the Phantom Stock

Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the

signatory of the Phantom Stock Claimant's proof of claim form or other representative identified

in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid,

on any counsel that has appeared on the Phantom Stock Claimant's behalf in the Debtors'

bankruptcy cases.  The Liquidating Trust is serving each Phantom Stock Claimant with this

Objection and the exhibit on which the Phantom Stock Claimant's claim is listed.

36.     To the extent any Phantom Stock Claimant timely files and properly

serves a response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the

Case Management Order and under applicable law, and the parties are unable to otherwise

resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference

with respect to any such responding claimant at **2:00 p.m. (Eastern) on April 14, 2011** and

thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the

extent any Phantom Stock Claimant fails to timely file and properly serve a response to this

Objection as required by the Case Management Order and applicable law, the Liquidating Trust

requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**,

reclassifying the Pre-Priority Period Phantom Stock Claims to general unsecured claims, as set

forth in **Exhibit C** and reducing the Reduced Phantom Stock Claims as set forth in **Exhibit D**,

attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

37.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

38.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## **NO PRIOR RELIEF**

39.    No previous request for the relief sought herein has been made to this

Court or any other court.

*[The Objection continues on the next page]*

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia
      February 27, 2011

TAVENNER & BERAN, PLC


   */s/ Paula S. Beran*   
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

EXHIBIT A

Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER SUSTAINING LIQUIDATING TRUST'S
## SIXTEENTH OMNIBUS OBJECTION TO CERTAIN
## HR CLAIMS: RECLASSIFY; REDUCE (PHANTOM STOCK PROGRAM)

THIS MATTER having come before the Court on the *Liquidating Trust's*

*Sixteenth Omnibus Objection to Certain HR Claims: Reclassify; Reduce (Phantom Stock*

*Program)* (the "Objection"),[2] which requested, among other things, that the claims specifically

identified on Exhibit B attached to the Objection be reclassified or reduced for those reasons set

forth in the Objection; and it appearing that due and proper notice and service of the Objection as

set forth therein was good and sufficient and that no other further notice or service of the

Objection need be given; and it further appearing that no response was timely filed or properly

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

served by the Phantom Stock Claimants being affected by this Order; and it appearing that the

relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors'

estates and creditors and other parties-in-interest; and after due deliberation thereon good and

sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Pre-Priority Period Phantom Stock Claims identified on Exhibit C as

attached hereto and incorporated herein are reclassified as general unsecured claims and allowed

in the amounts listed on Exhibit C for all purposes in these bankruptcy cases.

3.      The Reduced Phantom Stock Claims identified on Exhibit D as attached

hereto and incorporated herein are allowed as priority claims in the reduced amount as listed on

Exhibit D, with the remainder of the claims reclassified as general unsecured claims, for all

purposes in these bankruptcy cases.

4.      The Liquidating Trust's rights to object to any claim including (without

limitation) the Phantom Stock Claims subject to the Objection, on any grounds that applicable

law permits, are not waived and are expressly reserved.

5.      The Liquidating Trust shall serve a copy of this Order on the Phantom

Stock Claimants included on the exhibits to this Order on or before five (5) business days from

the entry of this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
             _____, 2010


             _____
             HONORABLE KEVIN R. HUENNEKENS
             UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*



### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

                              /_____
                              Lynn L. Tavenner

In re Circuit City Stores, et al.
Case No. 08-35653 (KRH)
**Exhibit B**
ALPHABETICAL LISTING OF CLAIMANTS

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ANDERSON, LEE ANN<br>2022 GROVE AVE<br>RICHMOND, VA 23220 | 7096 | EXHIBIT C<br>RECLASSIFY TO GUC |
| ARINGTON, MICHAEL SCOTT<br>14417 W MAUNA LOA LANE<br>SURPRISE, AZ 85379 | 6255 | EXHIBIT D<br>REDUCE |
| BEAM, MICHAEL W<br>5227 SCOTSGLEN DR<br>GLEN ALLEN, VA 23059 | 6023 | EXHIBIT C<br>RECLASSIFY TO GUC |
| CANCEL, MARCOS G<br>PLAZA 25 MF50 MARINA BAHIA<br>CATANO, PR 00962 | 9504 | EXHIBIT C<br>RECLASSIFY TO GUC |
| DING, JENNIFER S<br>5507 OLDE HARTLEY WAY<br>GLEN ALLEN, VA 23060 | 6027 | EXHIBIT C<br>RECLASSIFY TO GUC |
| Draxler, Steven F<br>2322 Pocono Ct<br>De Pere, WI 54115 | 6955 | EXHIBIT C<br>RECLASSIFY TO GUC |
| FREEMAN, JAMES M<br>10307 SAGEGLOW<br>HOUSTON, TX 77089 | 6593 | EXHIBIT C<br>RECLASSIFY TO GUC |
| LATTA, DONNA<br>298 GREENFIELD RD<br>BRIDGEWATER, NJ 08807 | 8006 | EXHIBIT C<br>RECLASSIFY TO GUC |
| MAPLES III, MURRAY DAVID<br>7812 MARS HILL RD<br>BAUXITE, AR 72011 | 10147 | EXHIBIT C<br>RECLASSIFY TO GUC |
| MCNEESE, MICHAEL<br>17814 WEST WOOD DR<br>SURPRISE, AZ 85388 | 6182 | EXHIBIT C<br>RECLASSIFY TO GUC |
| MITCHELL, EUGENE O<br>808 LAKECREST AVE APT 103<br>HIGH POINT, NC 27265 | 2521 | EXHIBIT C<br>RECLASSIFY TO GUC |
| ROSS, ANGELA P<br>4413 WYTHE AVE<br>RICHMOND, VA 23221 | 9652 | EXHIBIT C<br>RECLASSIFY TO GUC |
| SESSOMS, JOHN D<br>7307 SADDLE OAKS DR<br>CARY, IL 60013 | 6140 | EXHIBIT C<br>RECLASSIFY TO GUC |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**
**Phantom Stock Claims (Reclassify in their Entirety as GUC).** *See*  p. 3,  para. 4, and pp. 8-10 of Omnibus Objection.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
|  | Phantom Stock Claims (Reclassify in their Entirety as GUC).   See p. 3,  para. 4, and pp. 8-10 of Omnibus Objection. |
| Date Filed | Claim Number | Claimant Name and Address | Additional Notice Address | Classification as Filed | Claim Amount as Filed | Reclassified General Unsecured Claim | Debtor |
| 1/28/2009 | 7096 | ANDERSON, LEE ANN 2022 GROVE AVE RICHMOND, VA 23220 | | Priority | $190.00 | $190.00 | Circuit City Stores, Inc. |
| 1/27/2009 | 6023 | BEAM, MICHAEL W 5227 SCOTSGLEN DR GLEN ALLEN, VA 23059 | | Priority | $2,381.25 | $2,381.25 | Circuit City Stores, Inc. |
| 1/29/2009 | 9504 | CANCEL, MARCOS G PLAZA 25 MF50 MARINA BAHIA CATANO, PR 00962 | | Priority | UNLIQUIDATED | UNLIQUIDATED | Circuit City Stores PR, LLC |
| 1/27/2009 | 6027 | DING, JENNIFER S 5507 OLDE HARTLEY WAY GLEN ALLEN, VA 23060 | | Priority | $952.50 | $952.50 | Circuit City Stores, Inc. |
| 1/28/2009 | 6955 | Draxler, Steven F 2322 Pocono Ct De Pere, WI 54115 | | Priority | $5,440.00 | $5,440.00 | Circuit City Stores, Inc. |
| 1/27/2009 | 6593 | FREEMAN, JAMES M 10307 SAGEGLOW HOUSTON, TX 77089 | | Priority | UNLIQUIDATED | UNLIQUIDATED | Circuit City Stores, Inc. |
| 1/29/2009 | 8006 | LATTA, DONNA 298 GREENFIELD RD BRIDGEWATER, NJ 08807 | | Priority | $192.00 | $192.00 | Circuit City Stores, Inc. |
| 1/30/2009 | 10147 | MAPLES III, MURRAY DAVID 7812 MARS HILL RD BAUXITE, AR 72011 | | Priority | BLANK | BLANK | Circuit City Stores, Inc. |
| 1/27/2009 | 6182 | MCNEESE, MICHAEL 17814 WEST WOOD DR SURPRISE, AZ 85388 | | Priority | $47,815.50 | $47,815.50 | Circuit City Stores West Coast, Inc. |
| 1/5/2009 | 2521 | MITCHELL, EUGENE O 808 LAKECREST AVE APT 103 HIGH POINT, NC 27265 | | Priority | UNLIQUIDATED | UNLIQUIDATED | Circuit City Stores, Inc. |
| 1/30/2009 | 9652 | ROSS, ANGELA P 4413 WYTHE AVE RICHMOND, VA 23221 | | General Unsecured Priority | $2,383.00 $10,950.00 | $13,333.00 | Circuit City Stores, Inc. |
| 1/26/2009 | 6140 | SESSOMS, JOHN D 7307 SADDLE OAKS DR CARY, IL 60013 | | Priority | $3,143.25 | $3,143.25 | Circuit City Stores, Inc. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT D**

**Phantom Stock Claims (Allow on Priority Basis in Reduced Amount; No Reclassification)** *See* **page 3, para. 5, and pp. 10-11 of Omnibus Objection.**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Phantom Stock Claims (Allow on Priority Basis in Reduced Amount; No Reclassification).   See page 3,  para. 5,  and pp. 10-11 of Omnibus Objection. | | | | | | | |
| **Date Filed** | **Claim Number** | **Claimant Name and Address** | **Additional Notice Address** | **Classification as Filed** | **Claim Amount as filed** | **Debtor** | **Allowed Priority Claim (Reduced)** |
| 1/27/2009 | 6255 | ARINGTON, MICHAEL SCOTT<br>14417 W MAUNA LOA LANE<br>SURPRISE, AZ 85379 | | Priority | $50,000.00 | Circuit City Stores West Coast, Inc. | 95.25 |


10020208
N/A, 6/1/2008, PSU



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

June 10, 2008



Dear

Circuit City Stores, Inc. (the "Company") would like to support our director-level associates through a "phantom stock" award program that provides an incentive to work for the Company's long-term success. A phantom stock award generally consists of units, each with a value equivalent to one share of a company's stock, which is paid out at the end of a specified time period.

I am pleased to inform you that, effective 6/1/2008, you have been awarded the following phantom stock units, each with a value equal to one share of Circuit City Common Stock, which will be payable in cash upon vesting:

Number of Units: 9525

Your award is subject to the conditions set forth in this letter and to your signing and returning the enclosed copy of this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years. If you remain continuously employed by the Company in a full-time active position from 6/1/2008 through and including:

- June 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on May 31, 2009;

- June 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on May 31, 2010;

- June 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on May 31, 2011.

Units that vest will be paid out in cash following the end of the corresponding vesting period. The vesting of all or part of a phantom stock award is a taxable event. Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated for any reason on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

In the event of a stock split or combination of shares, or other such change in the Company's capital stock, without the receipt of consideration by the Company, the number of phantom stock units awarded hereunder will be adjusted accordingly.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer any of your units. Additionally, phantom stock units are not actual shares of stock and do not confer on you any rights as a shareholder of the Company. Consequently, you will not have the right to vote or receive dividends on the units.

In order for your award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than July 1, 2008 to **757-299-8412**. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Printed Name

_____
Date

EXHIBIT F



| | | |
|---|---|---|
| **Latest News** | | View All |
| 11:52a Range Resources jumps on production view | | |
| 11:49a Ford recalls 144,000 F-150 trucks over airbag | | |
| 11:36a Gold adds to gains, rises 0.8% to $1,412.50/oz | | |
| 11:27a World markets lower, wary eye on Libya | | |

**More**

**Political Wa**

**February 23, 2011    11:54 AM EST**

| New York | London | Tokyo | DOW | -58.24 | NASDAQ | -29.64 | S&P 500 | -6.87 |
|---|---|---|---|---|---|---|---|---|
| Open | Closed | Closed | 12,155 | -0.48% | 2,727 | -1.08% | 1,309 | -0.52% |

Front Page    News Viewer    Commentary    **Investing**    Personal Finance    Community    Games        Become a Ma

**Stocks**    Mutual Funds    ETFs    Options    Bonds    Commodities    Currencies    Getting Started    MarketWatch Adviser    Pre

  

Expand        Expand        Expand        Expan

# Circuit City Stores, Inc.- Circuit City Group
PINK OTC MARKETS INC - (LIMITED INFORMATION): CCTYQ        Like

OVERVIEW    PROFILE    NEWS    CHARTS    FINANCIALS    EXEC PAY    HISTORICAL QUOTES    ANALYST ESTIMATES    OPT

Market open -- Quotes are delayed by 20 min                Feb 23, 2011 10:19 a.m.    Previous close    Day low
                                                                                    $ 0.00    $0.00
$**0.00**        +0.00 +3.33%
                Volume 130                                                8a    10a    12p    2p

Enter Date: 03/06/2009        Set

## Historical quote for: CCTYQ

Friday, March 06, 2009

Closing price:    **$0.01**

Open:    **$0.01**

High:    **$0.01**

Low:    **$0.01**

Volume:    **1.00M**



U
re
ca

Obtain

AD: Trade free for 30 days ›        Markets