Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:**  Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al.,. | **:**  Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:**  (Jointly Administered) |
| | **:** |
| | **:** |

## NOTICE OF LIQUIDATING TRUST'S OBJECTION TO CLAIM
## NO. 2297 FILED BY THE CITY OF NEW YORK DEPARTMENT OF FINANCE

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim No. 2297 Filed By The City Of New York Department Of Finance (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the Claim in its entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2ⁿᵈ Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:   (804) 783-0178

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### <u>Procedures for Filing a Timely Response and</u><br><u>Information Regarding the Hearing on the Objection</u>

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.    the claimant's name and an explanation for the amount of the Claim;

c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

**Additional Information**

**Requests for Information**. You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**. Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

4

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 27, 2011

*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

## LIQUIDATING TRUST'S OBJECTION TO CLAIM NO. 2297 FILED BY THE CITY OF NEW YORK DEPARTMENT OF FINANCE

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"),

through Alfred H. Siegel, the duly appointed trustee of the Trust (the "<u>Trustee</u>"), pursuant

to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors

Holding General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files

its Objection (the "Objection") to Claim No. 2297 ("Claim 2297") filed by the City of New

York Department of Finance ("New York City"), and hereby moves this court (the

"Court"), pursuant to sections 105, 502 and 503 of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule

3007-1, for an order, the proposed form of which is attached hereto as **Exhibit A**, granting

the relief sought by this Objection.  In support of the Objection the Liquidating Trust

respectfully states as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.       On November 10, 2008 (the "Petition Date"), the debtors

(collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in <u>The Wall Street Journal</u> (Docket No. 1395) and <u>The

Richmond Times-Dispatch</u> (Docket No. 1394).

8. On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "<u>Agency Agreement</u>") between the Debtors and a

joint venture, as agent (the "<u>Agent</u>").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

9. On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

10. On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, entered an Order confirming the Plan.

11. The Plan became effective on November 1, 2010 (the "<u>Effective

Date</u>"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including the prosecution of Causes of Action and

objections to claims.

<u>**FACTS RELEVANT TO CLAIM 2297**</u>

A. <u>**The Debtors' Prepetition Operations**</u>

12. Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("<u>CCSI</u>")

was a retailer of products and services that operated retail stores across the United States.

CCSI was headquartered and commercially domiciled in Virginia.  CCSI operated retail

stores in New York City.

**B.**      **Claim 2297**

13.      Through Claim 2297, New York City asserts priority unsecured

claims against Debtor CCSI for (a) unpaid Commercial Rent Tax in the amount of

$110,000 (including interest) for the period of June 1, 1992 through May 31, 1996, (b)

unpaid Commercial Rent Tax in the amount of $385,000 (including interest) for the period

of June 1, 1996 through November 10, 2008, and (c) unpaid General Corporation Tax in

the amount of $220,000 (including interest) for the period of January 1, 2005 through

November 10, 2008.  A true and correct copy of Claim 2297 is attached hereto as **Exhibit**

**B**.

**C.**      **Procedural Background Relating to Hawaii Claims**

14.      Prior to the Petition Date, CCSI's commercial rent tax obligations to

New York City for the period from June 1, 2001 through May 31, 2004 were settled

pursuant to an agreed upon audit by New York City.  The Liquidating Trust has been

unable to determine whether CCSI timely filed Commercial Rent Tax Returns with New

York City for tax periods prior to May 31, 2001.

15.      CCSI timely filed Commercial Rent Tax Returns with New York

City for the period from June 1, 2004 through April 30, 2009.

16.      CCSI timely filed New York City General Corporation Tax Returns

for the period January 1, 2005 through the Petition Date.

17.      After the Petition Date, Debtor CCSI filed sought a refund for taxes

paid to New York City for the fiscal year ending February 28, 2006 in the amount of

$131,202 (the "Refund Amount").

18.    On or about March 4, 2010, New York City sent CCSI a Notice of

Disallowance of CCSI's request for a refund.  Pursuant to the Notice of Disallowance,

New York City denied CCSI's request for a tax refund on the grounds that New York

City's Claim 2297 was pending.  New York City did not state any other basis to object to

CCSI's request for a tax refund.

## OBJECTION TO CLAIM 2297

19.    By this Objection, the Liquidating Trust seeks entry of an order,

substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code

sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

disallowing the Claim 2297 in its entirety.

## BASIS FOR OBJECTION

### A.    Applicable Law

20.    Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a

claim, or an interest in property of the debtor securing the claim, is based on a writing, the

original or a duplicate shall be filed with the proof of claim."  Here, Claim 2297 is nothing

more than a bare-bones request for payment.  Claim 2297 does not state the basis or

support for any portion of the Claim.

21.    Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of he claim."  A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim." *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.*

*Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence.  *See Frank*, 322 Br. at 754.  Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the

ultimate burden of proof.  *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22

(2000).

　　　　22.　　Although Bankruptcy Rule 3001(f) provides that a valid proof of

claim constitutes prima facie evidence of the validity and amount of a claim, requests for

administrative expense payment are not given the same evidentiary weight as proofs of

claim.  *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007)

(citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148,

149 (Bankr. D. Md. 1985)).

**B.**　　**Objection to General Corporation Tax**

　　　　23.　　Since at least 2001, Debtor CCSI has maintained its books and

records and followed tax provisions applicable to businesses operating in New York City.

CCSI recorded liabilities as calculated by CCSI to reflect amounts due to taxing authorities

that govern businesses operating in New York City.  Based upon the Debtors' books and

records and the Trustee's review of Claim 2297, the Liquidating Trust objects to the

$220,000 claimed by New York City on account of unpaid General Corporation Tax (the

"GCT Claim") on the following grounds:

　　　　　　(a)　　The amount of the GCT Claim asserted by New York City against

　　　　　　　　　　Debtor CCSI pursuant to Claim 2297 is not reflected in the Debtors'

books and records or on the tax returns filed by the Debtors;

(b)     Upon information and belief, New York City asserted its claims against the Debtors for the GCT Claim based on improper or erroneous calculations;

(c)     New York City does not provide any basis or support for the GCT Claims; and/or

(d)     Upon information and belief, the amount of the GCT Claim appears to be nothing more than an estimate, and is not based on actual data to support the amount of the GCT Claim.

**C.     Objection to Commercial Rent Tax**

24.     Based on the Debtors' books and records and the Trustee's review of Claim 2297, the Liquidating Trust objects to New York City's claim for $495,000 of unpaid Commercial Rent Tax (the "CRT Claim") on the following grounds:

(a)     The amount of the claims asserted by New York City against the Debtors on account of the CRT Claim is not reflected in the Debtors' books and records;

(b)     Upon information and belief, New York City's CRT Claim against the Debtors is based on improper or erroneous calculations;

(c)     New York City does not provide any basis or support for the CRT Claim; and/or

(d)     The amount of the CRT Claim appears to be nothing more than a estimate, and is not based on actual data to support the amount of the CRT Claim.

**D.   Any Amounts Owed to New York City Should be Setoff by
Amounts owed by New York City to Debtor CCSI**

25.     Pursuant to Debtor CCSI's timely filed tax return filed with New

York City for the fiscal year ending February 28, 2006, New York City owes Debtor CCSI

$131,202.  New York City's only basis to object to or reject the amount claimed by Debtor

CCSI is the pendency of Claim 2297.  As such to the extent Debtor CCSI is obligated to

New York City on account of Claim 2297, such obligation should be setoff against the

Refund Amount.

## RESERVATION OF RIGHTS

26.     As noted above, the Liquidating Trust reserves the right to file

objections to Claim 2297 at a later time on any grounds that bankruptcy or non-bankruptcy

law permits.  The Liquidating Trust likewise reserves the right to modify, supplement

and/or amend this Objection as it pertains to any claim herein, including, without

limitation, by submitting, declarations, affidavits, testimony, documents, memoranda or

any other evidence or pleading to the Court.  The Liquidating Trust further reserves its

rights to take any action with respect to the Refund Amount including without limitation,

seeking turnover or setoff thereof.

## NOTICE AND PROCEDURE

27.     Notice of this Objection has been provided to the New York City

and to parties in interest in accordance with the Court's Supplemental Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local

Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and

Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case

Management Order").

DOCS_NY:23674.1                                    9

### WAIVER OF MEMORANDUM OF LAW

28.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

### NO PRIOR RELIEF

29.    No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      February 27, 2011

TAVENNER & BERAN, PLC


   */s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO CLAIMS
NO. 2297 FILED BY THE NEW YORK CITY DEPARTMENT OF FINANCE**

THIS MATTER having come before the Court[1] on the Liquidating Trust's

Objection to Claim No. 2297 (the "Objection"), which requested, among other things, that

Claim 2297 be disallowed in its entirety for those reasons set forth in the Objection; and it

appearing that due and proper notice and service of the Objection as set forth therein was

good and sufficient and that no other further notice or service of the Objection need be

given; and it appearing that the relief requested on the Objection is in the best interest of

the Liquidating Trust, the Debtors' estates and creditors and other parties in interest; and

after due deliberation thereon good and sufficient cause exists for the granting of the relief

as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      Claim 2297 shall be forever disallowed in its entirety for all

purposes in the Debtors' Cases.

3.      The Liquidating Trust's rights to object to any claim including

(without limitation) Claim 2297 subject to the Objection or any other claim asserted by

New York City, on any grounds that applicable law permits, are not waived and are

expressly reserved.

4.      The Liquidating Trust's rights to take any action with respect to the

Refund Amount, including without limitation, seeking turnover thereof, are not waived and

are expressly preserved.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

5.      The Liquidating Trust shall serve a copy of this Order on New York

City on or before five (5) business days from the entry of this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
         _____, 2011


                        _____
                        HONORABLE KEVIN R. HUENNEKENS
                        UNITED STATES BANKRUPTCY JUDGE




WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                          - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                          - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


_____
Lynn L. Tavenner

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**RICHMOND DIVISION**

F I L E D

DEC 1 9 2008

CLERK
U.S. BANKRUPTCY COURT

F I L E D

**In Re:**

CIRCUIT CITY STORES, INC.  ET AL                                 Chapter 11

Case No 08- 35653

                          Debtor.                    **PROOF OF CLAIM**

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

1. Debtor, Circuit City Stores Inc. et al , EIN# 54-0493875 was at and before the filing by or against this debtor of the original petition in bankruptcy, and still is, justly and truly indebted or liable to the City of New York Department of Finance in the sum of $ 715,000.00  dollars plus interest and penalties through the filing of the petition herein (at the rate set forth in the Administrative Code of the City of New York  for such taxes) for the taxes on the schedule  attached hereto and made a part hereof. ( B&A CLAIM No.  08X-200  NI )

2. That the consideration of this debt or liability is the NYC Administrative Code statutory tax liability set forth in the schedule attached hereto and made a part hereof.

3. That no part of the debt or liability has been paid,

4. That there are no set-offs or counterclaims to the debt or liability,

5. That the City of New York does not hold, and has not, nor has any person by its order, or to the knowledge or belief of the undersigned, for its use, had or received, any security or securities for the debt or liability,

6. That no note or other negotiable instrument has been received for such account or liability or any part hereof; and that no judgment has been rendered thereon, except that a warrant or warrants for taxes were filed against the debtor as indicated on the attached schedule.

7. That demand is hereby made that the aforesaid claim be allowed and paid in full as a priority claim in advance of any distribution to creditors; and furthermore, that the said claim be entitled to the rights of a lien claimant, if applicable, pursuant to the provisions of the Administrative Code of the City of New York and the Bankruptcy Code.

**RECEIVED**

DEC 3 0 2008

KURTZMAN CARSON CONSULTANTS

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653081219000000000134

8. That the said City of New York, by its duly constituted authorities has by this claim, to the extent not previously made by any assessment or notice of deficiency, duly made the assessment and to the extent not previously issued this claim shall constitute any required notice of deficiency, pursuant to the provisions of the Administrative Code of the City of NY enacted for the collection of taxes set forth herein.

9. That in accordance with subdivision b of section 546 of the Bankruptcy Code, the City of New York Department of Finance hereby perfects the lien of the taxes set forth on the attached schedule.

The undersigned, Ron Medley, of counsel to the Special Assistant Corporation Counsel for Legal Affairs for the NYC Department of Finance, files this Proof of Claim for the unpaid taxes set forth on the schedule attached on behalf of the City of New York Department of Finance ("DOF").

10. Please make check **payable to:** NYC Dept. of Finance and **mailed to:**

NYC Dept. of Finance

Audit Division

345 Adams Street, 5th Floor

Brooklyn, New York  11201

**ATTENTION:  Bankruptcy Unit**

Penalty For Presenting Fraudulent Claims – Fine of not more than $5,000 or imprisonment or no more than five years, or both – Title 18, U.S.C., § 152.

Dated: Brooklyn, New York
December 16, 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
701 EAST BROAD STREET
RICHMOND, VIRGINIA  23219

DARA JAFFEE

Special Assistant Corporation Counsel

By:_____

Ron Medley, Of Counsel
345 Adams Street – 3rd Floor
Brooklyn, New York  11201


**Finance**

**City of New York**
**Department of Finance**
345 Adams Street
Brooklyn, NY 11201

Bankruptcy Unit
 5th Floor
Nahed Iskander
City Tax Auditor II

(718) 403-4187  tel
(718) 403-4436 fax

December 16, 2008

Court Clerk, US Bankruptcy Court
Eastern District of Virginia
701 East Broad Street
Richmond, Virginia 23219

Subject:  Circuit City Stores Inc.
          Circuit City  Stores Inc. et al

Reference No: 08X-200

To whom it may concern:


Please acknowledge receipt of the attached "Proof of Claims "
by stamping the enclosed copies and returning them in the pre-addressed
envelope.

Thank You.


Sincerely,

Nahed Iskander
Bankruptcy & Assignment Unit

RICHMOND DIVISION

F I L E D

DEC 1 9 2008

F I L E D

CLERK
U.S. BANKRUPTCY COURT

In the Matter of :  **Circuit City Stores, Inc. et al**   **Case No.:** **08**-35653
EIN: 54-0493875      B & A Claim No.:  08X-200

**Schedule of Taxes Due** by debtor in possession based on ☐ returns filed, ☐ external indices ☐ audit.
☐ estimated taxes.  The City of New York, by its duly constituted authorities has by this claim, to the
extent not previously made by any assessment or notice of deficiency, duly made the assessment and to
the extent not previously issued this claim shall constitute any required notice of deficiency, pursuant to
the provisions of the Administrative Code of the City of NY enacted for the collection of taxes set forth
herein.

| | | TAX DEFICIENCY | | | |
| | | Pursuant to Title 11 of the Administrative Code of the City of New York | | | |
| **TYPE OF TAX** | **PERIOD** | **PRINCIPAL** | **INTEREST** | **PENALTY** | **TOTAL** |
|---|---|---|---|---|---|
| Commercial Rent Tax | 6/1/92–05/31/96 | $100,000.00 | $10,000.00 | $0.00 | $ 110,000.00 |
| Commercial Rent Tax | 6/1/96-11/10/08 | $350,000.00 | $35,000.00 | $0.00 | $385,000.00 |
| General Corporation Tax | 1/1/05- 11/10/08 | $200,000.00 | $20,000.00 | $0.00 | $ 220,000.00 |
| | **TOTAL DUE:** | **$650,000.00** | $65,000.00 | **$0.00** | **$715,000.00** |

| DETAIL OF WARRANTS(S) ON FILE | | | | | |
| **TYPE OF TAX / WARRANT#** | **PERIOD** | **PRINCIPAL** | **INTEREST** | **PENALTY** | **TOTAL** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| **WARRANT TOTAL DUE:** | | | | | |