| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,. | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

### NOTICE OF LIQUIDATING TRUST'S OBJECTION TO CLAIM NO. 12958 FILED BY THE WISCONSIN DEPARTMENT OF REVENUE

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim No. 12598 Filed By The Wisconsin Department of Revenue (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the Claim in its entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

2

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

  a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

  b. the claimant's name and an explanation for the amount of the Claim;

  c. a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

  d. a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

3

        need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.     a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.     the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.     to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**.  Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

4

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 27, 2011

*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
           pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
           acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | ) ) ) | Case No. 08-35653 (KRH) |
| Debtors. | ) ) ) ) | Jointly Administered |

**LIQUIDATING TRUST'S OBJECTION TO CLAIM NO. 12958
FILED BY THE WISCONSIN DEPARTMENT OF REVENUE**

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"),

through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust (the

"<u>Trustee</u>"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City

DOCS_NY:23683.1

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files its Objection (the "Objection") to Claim No. 12958 ("Claim 12958") filed by the Wisconsin Department of Revenue (the "Wisconsin DOR"), and hereby moves this court (the "Court"), pursuant to sections 105, 502 and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as **Exhibit A**, granting the relief sought by this Objection.  In support of the Objection the Liquidating Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.  On November 10, 2008 (the "Petition Date"), the debtors (collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

DOCS_NY:23683.1                    2

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

   3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

   4. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

   5. On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

   6. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

   7. On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

9. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

10. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, entered an Order confirming the Plan.

11. The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claims.

**FACTS RELEVANT TO CLAIM 12958**

**A.    The Debtors' Prepetition Operations**

12. Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("CCSI")

was a retailer of products and services that operated retail stores across the United States. CCSI was headquartered and commercially domiciled in Virginia. Debtor Circuit City Stores West Coast, Inc. ("CCS-WC") was an operating entity under CCSI and was engaged in the operation of retail stores in the western United States. CCS-WC was created on February 3, 1994, with the contribution of CCSI's West Coast division, including all Circuit City retail outlets in the states of Arizona, California, and Nevada, as well as CCSI's West Coast division headquarters in Walnut, California. CCS-WC was established in order to allow the Debtors to more effectively manage the performance of their retail operations on the west coast of the United States. Since its creation and prior to the Petition Date, CCS-WC expanded its operations to include all Circuit City retail operations in the states of Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah, and Wyoming. Since 2002, CCS-WC maintained its headquarters in Colorado, from which location it managed its retail operations.

**B.    Procedural Background Relating to Claim 12958**

13.    At all times relevant to this objection, in the ordinary course of business, the Debtors recorded liabilities based on local and state laws applicable to businesses operating in the State of Wisconsin. The Debtors timely filed Wisconsin Corporation Income Tax Returns for all of the tax periods at issue in Claim 12958 based on the Debtors' calculations of such liabilities, if any, as reflected in their books and records.

**C.    Claim 12958**

14.    On or about April 9, 2009, the Wisconsin DOR filed Claim 12958 against Debtor. Through Claim 12958, the Wisconsin DOR asserts (a) a priority unsecured

claim in the amount of $100,006.75 and (b) a general unsecured claim in the amount of $152,407.25 against Debtor CCSI on account of unpaid Corporation Income Tax for the period ending February 29, 2004. A true and correct copy of Claim 12958 is attached hereto as **Exhibit B**.

## OBJECTION TO CLAIM 12958

15. By this Objection, the Liquidating Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, disallowing Claim 12958 in its entirety.

## BASIS FOR OBJECTION

A. **Applicable Law**

16. Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Claim 12958 does not provide any information regarding the basis for the amount of the claims asserted therein.

17. Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of he claim." A party objecting to the claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the valid claim." *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v. Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1995)). However, generally, the ultimate burden of persuasion rests with the claimant by a preponderance of the evidence. *See Frank*, 322 Br. at 754. Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the ultimate burden of proof. *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22 (2000).

18.  Although Bankruptcy Rule 3001(f) provides that a valid proof of claim constitutes prima facie evidence of the validity and amount of a claim, requests for administrative expense payment are not given the same evidentiary weight as proofs of claim. *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007) (citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148, 149 (Bankr. D. Md. 1985)).

**B.    Objection to Claim 12958**

19.  Based on the Trustee's review of the Debtors' books and records, including any tax returns filed in the State of Wisconsin, and Claim 12958, the Liquidating Trust objects to Claim 12958 on the following grounds:

(a)  The amount of the claims asserted by the Wisconsin DOR against Debtor CCSI pursuant to Claim 12958 is not reflected in the Debtors' books and records;

(b)  Upon information and belief, the Wisconsin DOR has asserted claims against the Debtors pursuant to Claim 12958 based on improper or erroneous calculations; and/or

(c)  The Wisconsin DOR does not provide any basis or support for the claims asserted in Claim 12958.

**RESERVATION OF RIGHTS**

20.  The Liquidating Trust reserves the right to file objections to Claim

12958 at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim herein, including, without limitation, by submitting, declarations, affidavits, testimony, documents, memoranda or any other evidence or pleading to the Court.

## NOTICE AND PROCEDURE

21. Notice of this Objection has been provided to the Wisconsin DOR and to parties in interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

## WAIVER OF MEMORANDUM OF LAW

22. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

23. No previous request for the relief sought herein has been made to this Court or any other court.

    WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: Richmond, Virginia<br>February 27, 2011 | TAVENNER & BERAN, PLC<br><br> */s/ Paula S. Beran*_____<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>      - and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>      - and –<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>(212) 561-7700<br><br>*Counsel to the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

## **EXHIBIT A**

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO CLAIM NO.
<u>12958 FILED BY THE WISCONSIN DEPARTMENT OF REVENUE</u>**

DOCS_NY:23683.1

THIS MATTER having come before the Court[1] on the Liquidating Trust's Objection to Claim No. 12958 (the "Objection"), which requested, among other things, that Claim 12958 be disallowed in its entirety for the reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that the relief requested on the Objection is in the best interests of the Liquidating Trust, the Debtors' estates and creditors and other parties in interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Objection is SUSTAINED.

2. Claim 12958 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

3. The Liquidating Trust's rights to object to any claim including (without limitation) the Claim 12958 subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

4. The Liquidating Trust shall serve a copy of this Order on the Wisconsin DOR on or before five (5) business days from the entry of this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

       5.       This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
       _____, 2011

       _____
       HONORABLE KEVIN R. HUENNEKENS
       UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

     - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

     - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

  Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

              _____
              Lynn L. Tavenner

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Virginia | PROOF OF CLAIM |

Name of Debtor: **CIRCUIT CITY STORES, INC.**    Case Number: **08-35653**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Wisconsin Department of Revenue**

Name and address where notices should be sent:
Wisconsin Department of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI 53708-8901

Telephone number:
(608) 267-0833

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $**252,414.00**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

X Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** **Taxes (See attached.)**
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** **See attached.**

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $**0.00**    Amount Unsecured: $**152,407.25**

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

X Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$**100,006.75**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: **08-May-2009**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**/s/ Hiram Cutting, Bankruptcy Specialist**    *Hiram Cutting*

RECEIVED ONLY
MAY 11 2009
KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0835653090511000000000004

# State of Wiscònsin • DEPARTMENT OF REVENUE

## PROOF OF CLAIM FOR TAXES (Bankruptcy Code Cases)

In the matter of:
  CIRCUIT CITY STORES, INC.

| Case Number |
| --- |
| 08-35653 |

| Type of Bankruptcy | Date of Petition |
| --- | --- |
| Chapter 11 | 11/10/2008 |

| Social Security Number |
| --- |

| Employer Identification |
| --- |
| 54-0493875 |

This claim is not subject to any set off or counterclaim.

### A. Secured Claims (Tax lien filed under Wisconsin law before petition date).

| Kind of Tax | Period | Tax Due | Penalty to Petition Date | Interest to Petition Date | Date Tax Lien Filed | Date Tax Assessed |
| --- | --- | --- | --- | --- | --- | --- |
| None | | | | | | |

Total secured claim $ 0.00

### B. Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code.

| Kind of Tax | Period | Tax Due | Interest to Petition Date | Date Tax Assessed |
| --- | --- | --- | --- | --- |
| Corporation | 02/28/2005 | $67,279.18 | $32,727.57 | |
| Corporation | 02/28/2006 | $0.00 | $0.00 | |

Total unsecured priority claim $ 100,006.75

### C. Unsecured General Claims

| Kind of Tax | Period | Tax Due | Penalty to Petition Date | Interest to Petition Date | Date Tax Assessed |
| --- | --- | --- | --- | --- | --- |
| Corporation | 02/29/2004 | $94,842.28 | $0.00 | $57,564.97 | |

Penalty to date of petition on unsecured priority claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

Total unsecured general claim $ 152,407.25

Total claim amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 252,414.00