| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:**  Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al.,. | **:**  Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:**  (Jointly Administered) |
| | **:** |
| | **:** |

### NOTICE OF LIQUIDATING TRUST'S OBJECTION TO
### CLAIM NOS. 12051, 12052 AND 12054 FILED BY THE
### STATE OF HAWAII DEPARTMENT OF TAXATION

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim Nos. 12051, 12052 And 12054 Filed By The State Of Hawaii Department Of Taxation (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the Claims in their entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants
Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.                     Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Andrew W. Caine, Esq.                          Paula S. Beran, Esq. (VA Bar No. 34679)
(admitted *pro hac vice*)                      TAVENNER & BERAN, PLC
PACHULSKI STANG ZIEHL & JONES LLP              20 North Eighth Street, 2nd Floor
10100 Santa Monica Boulevard                   Richmond, Virginia 23219
Los Angeles, California 90067-4100             Telephone: (804) 783-8300
Telephone: (310) 277-6910                      Telecopy:   (804) 783-0178
Telecopy:   (310) 201-0760

        The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

                United States Bankruptcy Court
                701 East Broad Street – Courtroom 5000
                Richmond, Virginia 23219

        If you file a timely Response, in accordance with the Objection Procedures, you do not need to appear at the status hearing on the Objection.

                **Procedures for Filing a Timely Response and
                Information Regarding the Hearing on the Objection**

        **Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

        a.      a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

        b.      the claimant's name and an explanation for the amount of the Claim;

        c.      a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

        d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

3

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.  a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.  the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.  to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

4

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 28, 2011

/s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) Case No. 08-35653 (KRH) |
| | ) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

**LIQUIDATING TRUST'S OBJECTION TO CLAIM NOS. 12051, 12052 AND 12054
FILED BY THE STATE OF HAWAII DEPARTMENT OF TAXATION**

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"),

through Alfred H. Siegel, the duly appointed trustee of the Trust (the "<u>Trustee</u>"), pursuant

to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors

Holding General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files

its Objection (the "Objection") to Claim No. 12051 ("Claim 12051"), Claim No. 12052

("Claim 12052") and Claim No. 12054 (the "Claim 12054" and, collectively with Claim

12051 and 12052, the "Hawaii Claims") filed by the State of Hawaii Department of

Taxation (the "Hawaii DOT"), and hereby moves this court (the "Court"), pursuant to

sections 105, 502 and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

(as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the

proposed form of which is attached hereto as **Exhibit A**, granting the relief sought by this

Objection.  In support of the Objection, the Liquidating Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors

(collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer

*(cont'd)*

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

_____
*(cont'd from previous page)*

Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

7.      On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, entered an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including the prosecution of Causes of Action and

objections to claims.

## FACTS RELEVANT TO HAWAII CLAIMS

### A.    The Debtors' Prepetition Operations

12.    Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("CCSI") was a retailer of products and services that operated retail stores across the United States. CCSI was headquartered and commercially domiciled in Virginia. Debtor Circuit City Stores West Coast, Inc. ("CCS-WC") was an operating entity under CCSI and was engaged in the operation of retail stores in the western United States. CCS-WC was created on February 3, 1994, with the contribution of CCSI's West Coast division, including all Circuit City retail outlets in the states of Arizona, California, and Nevada, as well as CCSI's West Coast division headquarters in Walnut, California. CCS-WC was established in order to allow the Debtors to more effectively manage the performance of their retail operations on the west coast of the United States. Since its creation and prior to the Petition Date, CCS-WC expanded its operations to include all Circuit City retail operations in the states of Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah, and Wyoming. Since 2002, CCS-WC maintained its headquarters in Colorado, from which location it managed its retail operations.

13.    Also prior to the Petition Date, CCSI formed its subsidiary, Circuit City Purchasing Company, LLC ("CC-PC").

### B.    Procedural Background Relating to Hawaii Claims

14.    The Debtors timely filed Hawaii General Excise Tax/Use Tax returns for all of the tax periods at issue in the Hawaii Claims.

15.     The Multistate Tax Commission (the "Commission")[2] conducted a multistate audit of Debtor CCS-WC' tax liabilities for the period of March 1, 2002 through February 28, 2005.  The Commission reported its findings related to the Debtors' alleged Hawaii tax liability to the Hawaii DOT.  Subsequent to receiving the Commission's audit findings related to CCS-WC, the Hawaii DOT conducted its own audit of the Debtors for the tax periods addressed in the Hawaii Claims.

16.     After the Petition Date, the Debtors have attempted to resolve the Hawaii Claims on a consensual basis with the Hawaii DOT.

### C.     The Hawaii Claims

17.     Through the Hawaii Claims, the Hawaii DOT asserts claims against the Debtors in the total amount of $1,134,622.42 on account of: (a) General Excise Tax/Use Tax for the fiscal years ending February 2003 through February 2008; (b) C&C

---

[2] The Commission describes itself as follows:

> The Multistate Tax Commission is an intergovernmental state tax agency working on behalf of states and taxpayers to administer, equitably and efficiently, tax laws that apply to multistate and multinational enterprises.  Created by the Multistate Tax Compact, the Commission is charged by this law with:
>
> • Facilitating the proper determination of State and local tax liability of multistate taxpayers, including the equitable apportionment of tax bases and settlement of apportionment disputes;
>
> • Promoting uniformity or compatibility in significant components of tax systems;
>
> • Facilitating taxpayer convenience and compliance in the filing of tax returns and in other phases of tax administration;
>
> • Avoiding duplicative taxation.

http://www.mtc.gov/About.aspx?id=40 (last visited on February 20, 2011).

Surcharges (surcharges that are levied by the city and county of Oahu) for the fiscal year

ending February 28, 2007; and (c) a GE license fee.

18.     On or about April 9, 2009, the Hawaii DOT filed Claim 12051

against Debtor CC-PC.  Through Claim 12051, the Hawaii DOT asserts (a) a priority

unsecured claim in the amount of $222,516.19 and (b) a general unsecured claim in the

amount of $27,442.83.  A true and correct copy of Claim 12051 is attached hereto as

**Exhibit B**.

19.     On or about April 9, 2009, the Hawaii DOT filed Claim 12052

against Debtor CCSI.  Through Claim 12052, the Hawaii DOT asserts (a) a priority

unsecured claim in the amount of $193,757.64 and (b) a general unsecured claim in the

amount of $183,442.69.  A true and correct copy of Claim 12052 is attached hereto as

**Exhibit C**.

20.     On or about April 9, 2009, the Hawaii DOT filed Claim 12054

against Debtor CCS-WC.  Through Claim 12054, the Hawaii DOT asserts (a) a priority

unsecured claim in the amount of $219,067.01 and (b) a general unsecured claim in the

amount of $288,395.06.  A true and correct copy of Claim 12054 is attached hereto as

**Exhibit D**.

## OBJECTION TO HAWAII CLAIMS

21.     By this Objection, the Liquidating Trust seeks entry of an order,

substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code

sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

disallowing the Hawaii Claims in their entirety.  Attached hereto as **Exhibits E** and **F** are

charts that provide summaries of the bases for objections to each element of the Hawaii

Claims.  The bases for objection described in **Exhibits E** and **F** are discussed in greater

detail below.

## BASIS FOR OBJECTION

A.    **Applicable Law**

      22.    Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a

claim, or an interest in property of the debtor securing the claim, is based on a writing, the

original or a duplicate shall be filed with the proof of claim."  The Hawaii Claims do not

provide any information regarding the basis for or calculation of the amounts of the claims

asserted therein.

      23.    Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of he claim."  A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim."  *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.

Union Entities (In re Be-Mac Transport Co.*), 83 F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence.  *See Frank*, 322 Br. at 754.  Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the

ultimate burden of proof.  *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22

(2000).

      24.    Although Bankruptcy Rule 3001(f) provides that a valid proof of

claim constitutes prima facie evidence of the validity and amount of a claim, requests for

administrative expense payment are not given the same evidentiary weight as proofs of

claim. *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007)

(citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148,

149 (Bankr. D. Md. 1985)).

**B.      Objection to Excise Tax\Use Tax Claims**

25.      The Hawaii Claims assert Excise\Use Tax against Debtors CCSI,

CCS-WC and CC-PC.  In the ordinary course of business, the Debtors recorded liabilities

based on Hawaii's state and local tax law.  The Debtors filed tax returns and calculated

their tax liability based on their books and records.  Based on the Debtors' books and

records, including tax returns filed in the State of Hawaii, and the Trustee's review of the

Hawaii Claims, the Liquidation Trust object to the Hawaii Claims on the following

grounds:

(a)      The amount of the claims asserted against the Debtors by the Hawaii

DOT on account of Excise Tax are not reflected on the Debtors'

books and records, based on the Debtors' understanding of Hawaii's

tax laws;

(b)      Upon information and belief, the Hawaii DOT has asserted some or

all of the claims against the Debtors based on improper or erroneous

calculations of the taxes claimed; and/or

(c)      the Hawaii Claims do not provide any basis or support for

Excise/Use Taxes in the amounts asserted by the Hawaii DOT.

**C.      Objection to C&C Surcharge and GE License Fee**

26.      The Hawaii Claims assert claims against Debtors CCSI, CCS-WC

and CC-PC on account of unpaid C&C Surcharges and a GE license fee.  Based on the

Debtors' books and records, including tax returns filed in the State of Hawaii, and the

Trustee's review of the Hawaii Claims, the Liquidation Trust objects to these claims

because the claimed taxes are not reflected on the Debtors' books and records and/or the

Hawaii Claims do not provide any basis or support for claims on account of C&C

Surcharges or a GE license fee.

## <u>RESERVATION OF RIGHTS</u>

27.     The Liquidating Trust reserves the right to file objections to the

Hawaii Claims at a later time on any grounds that bankruptcy or non-bankruptcy law

permits.  The Liquidating Trust likewise reserves the right to modify, supplement and/or

amend this Objection as it pertains to any claim herein, including, without limitation, by

submitting, declarations, affidavits, testimony, documents, memoranda or any other

evidence or pleading to the Court.

## <u>NOTICE AND PROCEDURE</u>

28.     Notice of this Objection has been provided to the Hawaii DOT and

to parties in interest in accordance with the Court's Supplemental Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local

Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and

Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "<u>Case</u>

<u>Management Order</u>").

## <u>WAIVER OF MEMORANDUM OF LAW</u>

29.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Objection, the Liquidating Trust requests that

the requirement that all motions be accompanied by a written memorandum of law be

waived.

## **NO PRIOR RELIEF**

30.    No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
February 28, 2011

TAVENNER & BERAN, PLC

_/s/ Paula S. Beran_
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

_Counsel to the Circuit City Stores, Inc._
_Liquidating Trust_

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO
CLAIMS NOS. 12051, 12052 AND 12054 FILED BY THE STATE OF
<u>HAWAII DEPARTMENT OF TAXATION</u>**

THIS MATTER having come before the Court[1] on the Liquidating Trust's Objection to Claim Nos. 12501, 12502 and 12504 (the "Objection"), which requested, among other things, that the Hawaii Claims be disallowed in their entirety for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that the relief requested on the Objection is in the best interests of the Liquidating Trust, the Debtors' estates and creditors and other parties in interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      Claim 12501 shall be forever disallowed in its entirety for all purposes in the Debtors' Cases.

3.      Claim 12502 shall be forever disallowed in its entirety for all purposes in the Debtors' Cases.

4.      Claim 12504 shall be forever disallowed in its entirety for all purposes in the Debtors' Cases.

5.      The Liquidating Trust's rights to object to any claim including (without limitation) the Hawaii Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

6.      The Liquidating Trust shall serve a copy of this Order on the Hawaii

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

DOT on or before five (5) business days from the entry of this Order.

       7.    This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
           _____, 2011

           _____
           HONORABLE KEVIN R. HUENNEKENS
           UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

                              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

                              - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*



**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

          Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.


                              _____
                              Lynn L. Tavenner

EXHIBIT B

#12051

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor: CIRCUIT CITY PURCHASING COMPANY, LLC | Case Number: 08-35657 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): STATE OF HAWAII, DEPARTMENT OF TAXATION | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: STATE TAX COLLECTOR, PO BOX 259, HONOLULU, HI 96809 ATTN: BANKRUPTCY UNIT <br><br> Telephone number: (808) 587-1672 | Court Claim Number:_____ (If known) <br><br> Filed on:_____ |
| Name and address where payment should be sent (if different from above): <br><br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

| **1. Amount of Claim as of Date Case Filed:** $_____249,959.02 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**2. Basis for Claim:** TAXES_____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 5170

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

**Value of Property:** $_____ **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____ **Basis for perfection:** _____

☑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____27,442.83

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

**Amount entitled to priority:**

$ 222,516.19

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| **Date:** 04/03/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> LYNNE M. KANETA, TAX COLLECTOR    *Susan Graham*    (DS) | RECEIVED ONLY <br><br> APR 09 2009 <br><br> KURTZMAN CARSON CONSULTANTS |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

0835657090409000000000001

## STATE OF HAWAII
## DEPARTMENT OF TAXATION

TO:   CIRCUIT CITY PURCHASING COMPANY, LLC
      9950 MAYLAND DRIVE
      RICHMOND  VA  23233

Eastern District of Virginia
Bk Case No. 08-35657

PRIORITY CLAIMS

### DETAIL STATEMENT OF TAXES DUE

| Tax Key Acct/Lic No Lien Dates | TYPE OF TAX | PERIOD | TAX | PENALTY | INTEREST TO 11/10/2008 | TOTAL |
|---|---|---|---|---|---|---|
| | **W11744776-01** | | | | | |
| sl 3/9/09 | General Excise | Fye 2/28/2005 | 79,288.05 | 0.00 | 26,825.79 | 106,113.84 |
| sl 3/9/09 | General Excise | Fye 2/28/2006 | 13,812.41 | 0.00 | 3,291.96 | 17,104.37 |
| sl 3/9/09 | General Excise | 3/31/06 to 12/31/06 | 16,590.86 | 0.00 | 2,571.58 | 19,162.44 |
| sl 3/9/09 | General Excise | 1/1/07 to 2/28/07 | 64,592.22 | 0.00 | 7,320.45 | 71,912.67 |
| sl 3/9/09 | C&C Surcharge | 1/1/07 to 2/28/07 | 7,385.81 | 0.00 | 837.06 | 8,222.87 |
| | | | | | | |
| *** TOTAL *** | | | **181,669.35** | **0.00** | **40,846.84** | **222,516.19** |

Date:   04/02/09
Prepared  D.Sakai
Telephon  (808) 587-1672

OAHU  COLLECTION  BRANCH

By:  Susan Haham

LYNNE M. KANETA
Tax Collector

STATE OF HAWAII
DEPARTMENT OF TAXATION

TO:   CIRCUIT CITY PURCHASING COMPANY, LLC
      9950 MAYLAND DRIVE
      RICHMOND  VA  23233

Eastern District of Virginia
Bk Case No.  08-35657

UNSECURED CLAIMS

### DETAIL STATEMENT OF TAXES DUE

| Tax Key Acct/Lic No Lien Dates | TYPE OF TAX | PERIOD | TAX | PENALTY | INTEREST TO 11/10/2008 | TOTAL |
|---|---|---|---|---|---|---|
| | **W11744776-01** | | | | | |
| sl 3/9/09 | General Excise | Fye 2/28/2005 | 0.00 | 19,822.01 | 0.00 | 19,822.01 |
| sl 3/9/09 | General Excise | Fye 2/28/2006 | 0.00 | 3,453.11 | 0.00 | 3,453.11 |
| sl 3/9/09 | General Excise | 3/31/06 to 12/31/06 | 0.00 | 4,147.71 | 0.00 | 4,147.71 |
| sl 1/20/2009 | GE license fee | | 20.00 | 0.00 | 0.00 | 20.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| * TOTAL * | | | 20.00 | 27,422.83 | 0.00 | 27,442.83 |

Date:   04/02/09
Prepared  D.Sakai
Telephon  (808) 587-1672

OAHU  COLLECTION  BRANCH

By:  _Susan Abraham_
          LYNNE M. KANETA
          Tax Collector

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Eastern District of Virginia | PROOF OF CLAIM |

| Name of Debtor: CIRCUIT CITY STORES, INC. | Case Number: 08-35653 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
STATE OF HAWAII, DEPARTMENT OF TAXATION

Name and address where notices should be sent:
STATE TAX COLLECTOR, PO BOX 259, HONOLULU, HI 96809
ATTN: BANKRUPTCY UNIT

Telephone number:
(808) 587-1672

Name and address where payment should be sent (if different from above):

Telephone number:

❏ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

❏ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $             377,200.33

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _TAXES_
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _3875_

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate ❏ Motor Vehicle ❏ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate**_____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____183,442.69

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

❏ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❏ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$   193,757.64

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 04/03/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | |

LYNNE M. KANETA, TAX COLLECTOR     *Susan Hihara*     (DS)

RECEIVED
APR 09 2009
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
❏ No self addressed stamped envelope
❏ No copy to return

0835653090409000000000016

## STATE OF HAWAII
## DEPARTMENT OF TAXATION

TO:    CIRCUIT CITY STORES INC.
       9950 MAYLAND DRIVE
       RICHMOND, VA 23233

Eastern District of Virginia
Bk Case No. 08-35653

PRIORITY CLAIMS

### DETAIL STATEMENT OF TAXES DUE

| Tax Key Acct/Lic No Lien Dates | TYPE OF TAX | PERIOD | TAX | PENALTY | INTEREST TO 11/10/2008 | TOTAL |
|---|---|---|---|---|---|---|
| | **W20113538-01** | | | | | |
| sl 3/9/2009 | General Excise | fye 2/28/2006 | 38,020.64 | 0.00 | 7,350.65 | 45,371.29 |
| sl 3/9/2009 | General Excise | 3/1/06 to 12/31/06 | 38,625.79 | 0.00 | 5,986.99 | 44,612.78 |
| sl 3/9/2009 | General Excise | fye 2/28/2007 | 68,133.22 | 0.00 | 7,721.76 | 75,854.98 |
| sl 3/9/2009 | General Excise | fye 2/28/2008 | 15,843.27 | 0.00 | 528.11 | 16,371.38 |
| sl 12/28/08 | General Excise | 11/2008 | 2,549.06 | 0.00 | 54.38 | 2,603.44 |
| sl 3/9/2009 | C& C Surcharge | fye 2/28/2007 | 8,033.33 | 0.00 | 910.44 | 8,943.77 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **\* TOTAL \*** | | | **171,205.31** | **0.00** | **22,552.33** | **193,757.64** |

Date:    04/03/09
Prepared E D.Sakai
Telephone: (808) 587-1672

OAHU COLLECTION BRANCH

By: _Susan Hoikam_
LYNNE M. KANETA
Tax Collector

STATE OF HAWAII
DEPARTMENT OF TAXATION

Eastern District of Virginia
Bk Case No. 08-35653

TO:    CIRCUIT CITY STORES INC.
       9950 MAYLAND DRIVE
       RICHMOND, VA 23233                    UNSECURED CLAIMS

### DETAIL STATEMENT OF TAXES DUE

| Tax Key Acct/Lic No Lien Dates | TYPE OF TAX | PERIOD | TAX | PENALTY | INTEREST TO 11/10/2008 | TOTAL |
|---|---|---|---|---|---|---|
| | W20113538-01 | | | | | |
| sl 3/9/2009 | General Excise | fye 2/28/2003 | 16,843.78 | 4,210.95 | 9,067.57 | 30,122.30 |
| sl 3/9/2009 | General Excise | fye 2/28/2004 | 91,570.17 | 22,892.54 | 28,691.42 | 143,154.13 |
| sl 3/9/2009 | General Excise | 3/1/06 to 12/31/06 | 0.00 | 9,656.45 | 0.00 | 9,656.45 |
| sl 12/28/08 | General Excise | 11/2008 | 0.00 | 509.81 | 0.00 | 509.81 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| * TOTAL * | | | 490,125.65 | 37,269.75 | 37,758.99 | 183,442.69 |

Date:    04/03/09
Prepared  D.Sakai
Telephon  (808) 587-1672

OAHU COLLECTION BRANCH

By:  _Susan Graham_

LYNNE M. KANETA
Tax Collector

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>CIRCUIT CITY STORES WEST COAST, INC. | Case Number:<br>08-35654 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>STATE OF HAWAII, DEPARTMENT OF TAXATION | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>STATE TAX COLLECTOR, PO BOX 259, HONOLULU, HI 96809<br>ATTN: BANKRUPTCY UNIT<br><br>Telephone number:<br>(808) 587-1672 | **Court Claim Number:** _____<br>(*If known*)<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $_____507,462.07_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**    TAXES<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:**    0785<br><br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____   **Annual Interest Rate** _____%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $____219,067.01 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$___288,395.06___<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| **Date:**<br>04/03/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>LYNNE M. KANETA, TAX COLLECTOR    *Susan Hoham*    (DS) | RECEIVED ONLY<br><br>APR 09 2009<br><br>KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

STATE OF HAWAII
DEPARTMENT OF TAXATION

TO:   CIRCUIT CITY STORES WEST COAST, INC.
9950 MAYLAND DRIVE
RICHMOND, VA  23233-1463

Eastern District of Virginia
Bk Case No. 08-35654

UNSECURED CLAIMS

### DETAIL STATEMENT OF TAXES DUE

| Tax Key Acct/Lic No Lien Dates | TYPE OF TAX | PERIOD | TAX | PENALTY | INTEREST TO 11/10/2008 | TOTAL |
|---|---|---|---|---|---|---|
| | W40389826-01 | | | | | |
| sl 3/9/2009 | General Excise | Fye 2/28/2003 | 44,101.80 | 0.00 | 19,110.77 | 63,212.57 |
| sl 3/9/2009 | General Excise | Fye 2/28/2004 | 111,118.83 | 0.00 | 39,261.98 | 150,380.81 |
| sl 3/9/2009 | General Excise | 3/1/06 to 12/31/06 | 0.00 | 5,473.63 | 0.00 | 5,473.63 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| * TOTAL * | | | 155,220.63 | 5,473.63 | 58,372.75 | 219,067.01 |

Date:   04/03/09
Prepared F D.Sakai
Telephone:  (808) 587-1672

OAHU COLLECTION BRANCH

By:  _Susan Halcam_
              LYNNE M. KANETA
              Tax Collector

STATE OF HAWAII
DEPARTMENT OF TAXATION

TO:   CIRCUIT CITY STORES WEST COAST, INC.
9950 MAYLAND DRIVE
RICHMOND, VA  23233-1463

Eastern District of Virginia
Bk Case No. 08-35654

PRIORITY CLAIMS

### DETAIL STATEMENT OF TAXES DUE

| Tax Key Acct/Lic No Lien Dates | TYPE OF TAX | PERIOD | TAX | PENALTY | INTEREST TO 11/10/2008 | TOTAL |
|---|---|---|---|---|---|---|
| | **W40389826-01** | | | | | |
| sl 3/9/2009 | General Excise | Fye 2/28/2005 | 104,956.89 | 0.00 | 28,688.22 | 133,645.11 |
| sl 3/9/2009 | General Excise | Fye 2/28/2006 | 38,039.49 | 0.00 | 7,354.30 | 45,393.79 |
| sl 3/9/2009 | General Excise | 3/1/06 to 12/31/06 | 21,894.50 | 0.00 | 3,393.66 | 25,288.16 |
| sl 3/9/2009 | General Excise | Fye 2/28/2007 | 68,043.52 | 0.00 | 7,711.60 | 75,755.12 |
| sl 3/9/2009 | C&C Surcharge | Fye 2/28/2007 | 7,466.66 | 0.00 | 846.22 | 8,312.88 |
| **\* TOTAL \*** | | | **240,401.06** | **0.00** | **47,994.00** | **288,395.06** |

Date:   04/03/09
Prepared E D.Sakai
Telephone:  (808) 587-1672

OAHU  COLLECTION  BRANCH

By:   *Susan Shiham*
LYNNE M. KANETA
Tax Collector

**Exhibit E**

State of Hawaii
Priority Claims

| Claim No. | Amount Claimed[1] | Type of Tax | Period | Debtor | Basis for Objection |
|---|---|---|---|---|---|
| 12501 | $106,113.84 | General Excise | FYE 2/28/2005 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12051 | $17,104.37 | General Excise | FYE 2/28/2006 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12051 | $19,162.44 | General Excise | 3/31/2006 to 12/31/2006 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12051 | $71,912.67 | General Excise | 1/1/2007 to 2/28/2007 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12051 | $8,222.87 | C&C Surcharge | 1/1/2007 to 2/28/2007 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12052 | $45,371.29 | General Excise | FYE 2/28/2006 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |

---

[1] Includes penalties and interest.

| Claim No. | Amount Claimed[1] | Type of Tax | Period | Debtor | Basis for Objection |
|-----------|-------------------|-------------|--------|--------|---------------------|
| 12052 | $44,612.78 | General Excise | 3/1/2006 to 12/31/2006 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12052 | $75,854.98 | General Excise | FYE 2/28/2007 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12052 | $16,371.38 | General Excise | FYE 2/28/2008 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12052 | $2,603.44 | General Excise | 11/2008 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, and/or Hawaii Claims do not provide sufficient support for the claim. |
| 12052 | $8,943.77 | C&C Surcharge | FYE 2/28/2007 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12054 | $133,645 | General Excise | FYE 2/28/2005 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12054 | $45,393.79 | General Excise | FYE 2/28/2006 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12054 | $25,288.16 | General Excise | 3/1/2006 to 12/31/2006 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |

| Claim No. | Amount Claimed[1] | Type of Tax | Period | Debtor | Basis for Objection |
|---|---|---|---|---|---|
| 12054 | $75,755.12 | General Excise | FYE 2/28/2007 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12054 | $8,312.88 | C&C Surchage | FYE 2/28/2007 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, and/or Hawaii Claims do not provide sufficient support for the claim. |

**Exhibit F**

State of Hawaii
General Unsecured Claims

| Claim No. | Amount Claimed[2] | Type of Tax | Period | Debtor | Basis for Objection |
|---|---|---|---|---|---|
| 12051 | $19,822.01 | General Excise | FYE 2/28/2005 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12051 | $3,453.11 | General Excise | FYE 2/28/2006 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12051 | $4,147.71 | General Excise | 3/31/2006 to 12/31/2006 | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12051 | $20.00 | GE license fee | | Circuit City Purchasing Company, LLC | Claims are not reflected in the Debtors' books and records, and/or Hawaii Claims do not provide sufficient support for the claim. |
| 12052 | $30,122.30 | General Excise | FYE 2/28/2003 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12052 | $143,154.13 | General Excise | FYE 2/28/2004 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12052 | $9,656.45 | General Excise | 3/1/2006 to 12/31/2006 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient |

---

[2] Includes penalties and interest.

| Claim No. | Amount Claimed[2] | Type of Tax | Period | Debtor | Basis for Objection |
|---|---|---|---|---|---|
| | | | | | support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12052 | $509.81 | General Excise | 11/2008 | Circuit City Stores, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12054 | $63,212.57 | General Excise | FYE 2/28/2003 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12054 | $150,380.81 | General Excise | FYE 2/28/2004 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |
| 12054 | $5,473.63 | General Excise | 3/1/2006 to 12/31/2006 | Circuit City Stores West Coast, Inc. | Claims are not reflected in the Debtors' books and records, Hawaii Claims do not provide sufficient support for the claim; and/or claim is based on improper or erroneous calculation. |