Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al., | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S OBJECTION TO CLAIM NOS. 514, 13514 AND 15207 FILED BY THE LOUISIANA DEPARTMENT OF REVENUE

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim Nos**.** 514, 13514 and 15207 Filed By The Louisiana Department Of Revenue (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the Claims in their entirety.

        **PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.               Lynn L. Tavenner, Esq. (VA Bar No. 30083
Andrew W. Caine, Esq.                    Paula S. Beran, Esq. (VA Bar No. 34679)
(admitted *pro hac vice*)                TAVENNER & BERAN, PLC
PACHULSKI STANG ZIEHL & JONES LLP        20 North Eighth Street, 2nd Floor
10100 Santa Monica Boulevard             Richmond, Virginia 23219
Los Angeles, California 90067-4100       Telephone: (804) 783-8300
Telephone: (310) 277-6910                Telecopy:   (804) 783-0178
Telecopy:   (310) 201-0760

 

 

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**<u>Procedures for Filing a Timely Response and</u>**
**<u>Information Regarding the Hearing on the Objection</u>**

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;
>
> c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;
>
> d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

3

       need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.     a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.     the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.     to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**. You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**. Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    February 28, 2011


*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
          acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and -

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | Case No. 08-35653 (KRH) |
| Debtors. | |
|  | Jointly Administered |

## LIQUIDATING TRUST'S OBJECTION TO CLAIM NOS. 514, 13514 AND 15207 FILED BY THE LOUISIANA DEPARTMENT OF REVENUE

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"),

through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust (the

"<u>Trustee</u>"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-

captioned cases, hereby files its Objection (the "Objection") to Claim No. 514 ("Claim

514"), Claim No. 13514 ( "Claim 13514") and Claim No. 15207 ("Claim 15207" and,

collectively with Claim 514 and Claim 13514, the "Louisiana Claims") filed by the State

of Louisiana Department of Revenue (the "Louisiana DOR"), and hereby moves this court

(the "Court"), pursuant to sections 105, 502 and 503 of title 11 of the United States Code,

11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule

3007-1, for an order, the proposed form of which is attached hereto as **Exhibit A**, granting

the relief sought by this Objection.  In support of the Objection, the Liquidating Trust

respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "<u>Petition Date</u>"), the debtors

(collectively, the "<u>Debtors</u>")[1] in the above-captioned cases (the "<u>Cases</u>") filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"<u>Creditors' Committee</u>").

4.      On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("<u>KCC</u>") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain Order

Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the

"<u>Claims Bar Date Order</u>").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all

"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the

Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the

"<u>General Bar Date</u>").  The deadline for governmental units to file claims that arose before

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar

Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner

of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

> 7.     On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

> 8.     On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

> 9.     On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

> 10.     On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, entered an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective
Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the
Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and
distribute the proceeds to creditors, including the prosecution of Causes of Action and
objections to claims.

**FACTS RELEVANT TO LOUISIANA CLAIMS**

**A.      The Debtors' Prepetition Operations**

12.     At all times relevant hereto, Debtor Circuit City Stores, Inc.
("CCSI") was a retailer of products and services that operated retail stores across the
United States.  CCSI was headquartered and commercially domiciled in Virginia.  Debtor
Circuit City Stores West Coast, Inc. ("CCS-WC") was a California corporation and was
wholly-owned by CCSI.  CCS-WC was created on February 3, 1994, with the contribution
of CCSI's West Coast division, including all Circuit City retail outlets in the states of
Arizona, California, and Nevada, as well as CCSI's West Coast division headquarters in
Walnut, California.  CCS-WC was established in order to allow the Debtors to more
effectively manage the performance of their retail operations on the west coast of the
United States.  Since its creation and prior to the Petition Date, CCS-WC expanded its
operations to include all Circuit City retail operations in the states of Colorado, Hawaii,
Idaho, New Mexico, Oregon, Utah, and Wyoming.  Since 2002, CCS-WC maintained its
headquarters in Colorado, from which location it managed its retail operations.

13.     Until such time that it ceased retail operations, CCS-WC purchased
all of its inventory from CCSI.  In addition, CCS-WC owned intangible property (*e.g.*,
trademarks, trade names and service mark).  CCS-WC and CCSI entered into a non-

exclusive agreement whereby CCSI licensed certain intangible property from CCS-WC
(such property, the "Licensed Property").  Pursuant to the agreement, CCSI was permitted,
but not required, to use the Licensed Property in its stores, including stores located in
Louisiana.

14.    The price paid by CCSI to CCS-WC for use of the Licensed
Property was based on two independent marketing studies conducted in 1994 and 1999.
The royalty rates in the license agreement were established at arm's-length based on
independent studies reflecting rates charged by third parties.

15.    CCSI also provided certain management and administrative services
to CCS-WC, including purchasing, merchandising, advertising, tax accounting, treasury,
functions, computer support, employee benefit plan administration and general
administrative services.  These services were all performed by CCSI outside the State of
Louisiana.

16.    CCS-WC did not have any employees, did not own any property and
did not maintain any retail facilities in Louisiana.  CCS-WC did not actively engage in
business in the State of Louisiana.  All of CCS-WC's activities were performed outside of
Louisiana and CCS-WC did not at any time have a physical presence in or nexus to the
State of Louisiana.

17.    CCSI timely filed Louisiana Corporate Income and Franchise Tax
Returns, pursuant to which CCSI took a deduction for royalties it paid to CCS-WC.

18.    Based on an audit conducted by the Louisiana DOR for the fiscal
years ending February 28, 1999 through February 28, 2006, the Louisiana DOR
determined that CCS-WC owed Louisiana corporate income taxes for income allocable to

the Licensed Property used by CCSI in Louisiana.  The Louisiana DOR concluded, as a

matter of law, that CCS-WC derived income from sources in Louisiana based on CCS-

WC's license of the Licensed Property used by CCSI in Louisiana.

**B.**      **The Louisiana Claims**

19.      Through the Louisiana Claims, the Louisiana DOR asserts claims

against the Debtors in the total amount of $8,910,854.19.

20.      On or about December 5, 2008, the Louisiana DOR filed Claim 514

against Debtor CCS-WC.  Through Claim 514, the Louisiana DOR asserts (a) a priority

unsecured claim in the amount of $6,846,485.74 against Debtor CCS-WC on account of

unpaid Corporate Income Tax (including interest thereon) for the fiscal years ending

between February 26, 2006 and February 29, 2008 (the "Prepetition Period") and (b) a

general unsecured claim in the amount of $1,088,669.75 against Debtor CCS-WC on

account of penalties for unpaid Corporation Income Tax for the Prepetition Period.  A true

and correct copy of Claim 514 is attached hereto as **Exhibit B**.

21.      On or about June 25, 2009, the Louisiana DOR filed Claim 13514

against Debtor CCS-WC.  Through Claim 13514, the Louisiana DOR State asserts an

administrative priority claim in the amount of $975,698.70 against Debtor CCS-WC on

account of unpaid Corporate Business Tax (including penalties and interest thereon) for the

period ending February 28, 2009.  A true and correct copy of Claim 13514 is attached

hereto as **Exhibit C.**

22.      On or about February 1, 2011, the Louisiana DOR filed Claim

15207 against Debtor CCS-WC.  Claim 15207 amends Claim 514.  Through Claim 15207,

the Louisiana DOR asserts (a) a priority unsecured claim in the amount of $3,990,694.51

against Debtor CCS-WC on account of unpaid Corporate Income Tax (including interest

thereon) for the Prepetition Period and (b) a general unsecured claim in the amount of

$563,222.10 against Debtor CCS-WC on account of penalties for unpaid Corporation

Income Tax for the Prepetition Period.   A true and correct copy of Claim 15207 is

attached hereto as **Exhibit D.**

        23.      Upon information and belief, the sole basis for the Louisiana DOR

to seek payment of the amounts sought pursuant to the Louisiana Claims is the alleged use

by CCSI of the Licensed Property in the State of Louisiana.

**OBJECTION TO LOUISIANA CLAIMS**

        24.      By this Objection, the Liquidating Trust seeks entry of an order,

substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code

sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

disallowing the Louisiana Claims in their entirety.

**BASIS FOR OBJECTION**

A.      **Applicable Law**

        1.      **The Louisiana Claims Do Not Provide Sufficient Information**

        25.      Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a

claim, or an interest in property of the debtor securing the claim, is based on a writing, the

original or a duplicate shall be filed with the proof of claim."  The Louisiana Claims do not

provide any information regarding the basis for or calculation of the amounts of the claims

asserted therein.

        26.      Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of he claim." A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim." *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.*

*Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence. *See Frank*, 322 Br. at 754. Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the

ultimate burden of proof. *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22

(2000).

      27.     Although Bankruptcy Rule 3001(f) provides that a valid proof of

claim constitutes prima facie evidence of the validity and amount of a claim, requests for

administrative expense payment are not given the same evidentiary weight as proofs of

claim. *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007)

(citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148,

149 (Bankr. D. Md. 1985)).

      **2.**      **The Due Process Clause**

      28.     The Louisiana DOR's efforts to impose a tax on CCS-WC violates

the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

The Due Process Clause prohibits any state from "depriv[ing] any person of life, liberty, or

property, without due process of law…" U.S. Const. amend XIV, §1. With respect to

taxation, the Due Process Clause "requires some definite link, some minimum connection,

between a state and the person, property or transaction it seeks to tax." *Miller Bros. v.*

*Maryland*, 349 U.S. 340, 344-45 (1954) (holding that Maryland could not impose the

burden of collecting a use tax on a Delaware corporation that was located in Delaware but

occasionally sold and delivered goods to Maryland residents). In order for a state to tax an

out-of-state corporation, the corporation must have "purposefully directed" its activities at

residents of the taxing state. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 308 (1992).

There must also be "a rational relation between the income attributed to the taxing state

and the intrastate value of the corporate business." *Allied Signal, Inc. v. Director, Div. of

Taxation,* 504 U.S. 768, 772 (1992) (internal citations omitted).

29.    CCS-WC owned and managed intellectual property, including the

Licensed Property. CCS-WC licensed those marks to CCSI in exchange for a fee. CCSI

then sold products to CCSI's customers; and some of those products were affixed with the

Licensed Property. CCS-WC did not have any customers in Louisiana. CCS-WC did not

sell merchandise to Louisiana customers in Louisiana. CCS-WC did not direct advertising

to persons in Louisiana. CCS-WC took no actions that were purposefully directed to

Louisiana customers. CCSI's payment of royalties to CCS-WC took place outside

Louisiana.

30.    CCS-WC did not control any aspect of CCSI's business operations

in Louisiana. Louisiana effort to tax CCS-WC's income based on the license it granted to

CCSI thus violates the Due Process Clause.

**3.      The Commerce Clause**

31.    The Louisiana DOR's efforts to impose a tax on CCS-WC also

violates the Commerce Clause of the United States Constitution. U.S. Const, Art. I, § 8,

cl. 3. The Supreme Court has established a four part test to determine whether a state tax

violates the Commerce Clause, as follows:

(a)  Is the tax applied to the activity with a substantial nexus to the taxing state?

(b)  Is the tax fairly apportioned?

(c)  Does the tax discriminate against interstate commerce?

(d)  Is the tax fairly related to services provided by the state?

*Direct Marketing Ass'n v. Huber*, Case No. 10-CV-01546-REB-CBS, 2011 WL 250566* (D. Colo. Jan 26, 2011) (citing *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279 (1977)).

   32.  Here, CCS-WC has no nexus to Louisiana.  CCS-WC merely licenses its intellectual property to CCSI, which did business in Louisiana and other states.  Moreover, the transaction through which CCSI licensed the Licensed Property from CCS-WC took place outside of Louisiana.  Louisiana has not provided the basis for its calculation of the tax, and thus there is not basis to support an assertion that the tax is fairly apportioned.  The tax is unfair to interstate commerce because, among other things, it asserts a tax on a corporation that is not domiciled in and conducts no business in Louisiana.  Finally, the tax is wholly unrelated to services provided by the state because Louisiana provides no services to CCS-WC directly or indirectly.

**B.**  **Objection to Louisiana Claims**

   33.  Based on the Trustee's review of the Debtors' books and records, including tax returns filed in the state of Louisiana, correspondence from the Louisiana DOR and the Louisiana Claims, the Liquidating Trust objects to the Louisiana on the following grounds:

(a)     The amount of the claims asserted against CCS-WC by the Louisiana DOR are not reflected in the Debtors' books and records;

(b)     Upon information and belief, the Louisiana DOR has asserted some or all of the Louisiana Claims based on improper or erroneous calculations of the taxes claimed;

(c)     The Louisiana Claims do not provide any basis or support for the amounts of taxes claimed;

(d)     CCS-WC did not derive income from sources inside the State of Louisiana, and none of CCS-WC's income is attributable to sources from within the Louisiana;

(e)     Louisiana may not tax CCS-WC pursuant to the Due Process Clause of the United States Constitution for the reasons stated above;

(f)     Louisiana may not tax CCS-WC pursuant to the Commerce Clause of the United States Constitution for the reasons stated above; and/or

(g)     Claim 514 for should be disallowed in its entirety and expunged because it was amended and superseded by Claim 15207.

## **RESERVATION OF RIGHTS**

34.     T he Liquidating Trust reserves the right to file objections to the Louisiana Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim herein, including, without limitation, by submitting, declarations, affidavits, testimony, documents, memoranda or any other evidence or pleading to the Court.

## **NOTICE AND PROCEDURE**

35.     Notice of this Objection has been provided to the Louisiana DOR and to parties in interest in accordance with the Court's Supplemental Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local

Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and

Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "<u>Case</u>

<u>Management Order</u>").

<strong><u>WAIVER OF MEMORANDUM OF LAW</u></strong>

36.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Objection, the Liquidating Trust requests that

the requirement that all motions be accompanied by a written memorandum of law be

waived.

<strong><u>NO PRIOR RELIEF</u></strong>

37.      No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court

enter an Order sustaining this Objection and granting such other and further relief as the

Court deems appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
           February 28, 2011


                                             */s/ Paula S. Beran*
                                   Lynn L. Tavenner (VA Bar No. 30083)
                                   Paula S. Beran (VA Bar No. 34679)
                                   20 North Eighth Street, 2nd Floor
                                   Richmond, Virginia 23219
                                   (804) 783-8300

                                             - and -

                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   Jeffrey N. Pomerantz, Esq.
                                   Andrew W. Caine, Esq.
                                   10100 Santa Monica Boulevard
                                   Los Angeles, California 90067-4100
                                   (310) 277-6910

                                             - and –

                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   Robert J. Feinstein, Esq.
                                   780 Third Avenue, 36th Floor
                                   New York, New York 10017
                                   (212) 561-7700

                                   *Counsel to the Circuit City Stores, Inc.
                                   Liquidating Trust*

## EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO CLAIM
NOS. 514, 13514 AND 15207 FILED BY THE STATE OF LOUISIANA**

THIS MATTER having come before the Court[1] on the Liquidating Trust's

Objection to Claim Nos. 514, 13514 and 15207 (the "Objection"), which requested, among

other things, that the Louisiana Claims be disallowed in their entirety for the reasons set

forth in the Objection; and it appearing that due and proper notice and service of the

Objection as set forth therein was good and sufficient and that no other further notice or

service of the Objection need be given; and it appearing that the relief requested on the

Objection is in the best interests of the Liquidating Trust, the Debtors' estates and creditors

and other parties in interest; and after due deliberation thereon good and sufficient cause

exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      Claim 514 shall be forever disallowed in its entirety for all purposes

in the Debtors' Cases.

3.      Claim 13514 shall be forever disallowed in its entirety for all

purposes in the Debtors' Cases.

4.      Claim 15207 shall be forever disallowed in its entirety for all

purposes in the Debtors' Cases.

5.      The Liquidating Trust's rights to object to any claim including

(without limitation) the Louisiana Claims subject to the Objection, on any grounds that

applicable law permits, are not waived and are expressly reserved.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

6.      The Liquidating Trust shall serve a copy of this Order on the

Louisiana DOR on or before five (5) business days from the entry of this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
           _____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE




WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                              - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.


                              _____
                              Lynn L. Tavenner

## STATE OF LOUISIANA
## LOUISIANA DEPARTMENT OF REVENUE

| UNITED STATES BANKRUPTCY COURT<br>Virginia Eastern  Bankruptcy Court | PROOF OF CLAIM |
|---|---|
| **In Re:** CIRCUIT CITY STORES WEST COAST INC<br><br>**Identifying Number:** 1178250001 | **Case Number:** 08-35654<br><br>**Chapter:** 11<br>**Date of Petition:** 11/10/2008 |
| **Where Notices Should be Sent**<br>  P.O. Box 66658<br>  Baton Rouge, LA 70896<br>  Telephone No. (225) 219-2255 | ☐  Check box if no notice has been received<br><br>☐  Check box if the address differs from<br>     address on envelop received by the court |
| Check here if this claim  ☐   replaces a previously filed claim(s) dated<br>                      ☐   amends a claim dated | |

1. The undersigned is the agent of the Louisiana Department of Revenue and is authorized to make this proof of claim on the behalf of the State of Louisiana, Louisiana Department of Revenue.
2. The debtor is indebted to this claimant in the sum of $7,935,155.49 as of the petition date as follows:
   - A. Secured: $0.00
   - B. Unsecured Priority: $6,846,485.74
   - C. Unsecured General: $1,088,669.75
3. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
4. The ground liability for this debt is taxes due under Title 47 of the Louisiana Revised Statutes.
   **R-return filed          E-estimated due to non-filing          A-result of audit**
   A. SECURED CLAIMS (Notice Of State Tax Lien or other security attached)

      *See Attachment*

   B. UNSECURED PRIORITY CLAIM (Under Section 507(a)(8) of the Bankruptcy Code)

      *See Attachment*

   C. UNSECURED GENERAL CLAIM

      *See Attachment*

   Penalty to date of petition on unsecured priority claims: $1,088,669.75
   Penalty to date of petition on unsecured general claims: $0.00
5. No note or other negotiable instrument has been received for the account or any part of it, except
6. No judgment has been rendered on this claim, except
7. This claim is not subject to any setoff or counterclaim, except
8. No security interest is held, except for the secured claims listed in item 4A above and
9. To the extent that post petition penalties and interest are nondischargeable and remain unpaid, they may be collectible from the debtor.

| Signature: Vernette Lejeune | Date: 12/5/2008 |
|---|---|
| Title:  Revenue Tax Specialist | |

RECEIVED

DEC 0 5 2008

KURTZMAN CARSON CONSULTANTS



083565408120500000000000010

**STATE OF LOUISIANA**
**LOUISIANA DEPARTMENT OF REVENUE**

**Attachment**
**Itemization of Proof of Claim**

| In Re: CIRCUIT CITY STORES WEST COAST INC | Case Number: 08-35654 |
|---|---|
| Identifying Number: 1178250001 | Chapter: 11<br>Date of Petition: 11/10/2008 |

**A. SECURED CLAIMS (Notice Of State Tax Lien or other security attached)**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest To Date | Penalty To Date | Credit & Payment | Lien Date | Parish |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**B. UNSECURED PRIORITY CLAIM (Under Section 507(a)(8) of the Bankruptcy Code)**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest To Date | Penalty To Date | Credit & Payment | Remark |
|---|---|---|---|---|---|---|---|
| Corporate | 2/28/2006 | | 2,954,679.00 | 2,511,275.59 | 738,669.75 | 0.00 | A |
| Corporate | 2/28/2007 | 11/10/08 | 500,000.00 | 93,136.90 | 125,000.00 | 0.00 | E |
| Corporate | 2/29/2008 | 11/10/08 | 750,000.00 | 37,394.25 | 225,000.00 | 0.00 | E |

**C. UNSECURED GENERAL CLAIM**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest To Date | Penalty To Date | Credit & Payment | Remark |
|---|---|---|---|---|---|---|---|
| | | | | | | | |



## LOUISIANA DEPARTMENT OF REVENUE
### P. O. BOX 66658, BATON ROUGE, LA 70896-6658
### REQUEST FOR PAYMENT AND PROOF OF CLAIM

| | |
|---|---|
| **Case Number** 08-35653 | |
| **Type of Bankruptcy Case** Chapter 11 | |

**UNITED STATES BANKRUPTCY COURT** Eastern District of Virginia

In the Matter of:  CIRCUIT CITY STORES WEST COAST INC

**Date of Petition** 11/10/2008

**Account Id** 1178250-001

1. The undersigned, whose business address is 617 N. Third Street, P. O. Box 66658, Baton Rouge, Louisiana 70896, is the agent of the Louisiana Department of Revenue, and is authorized to make this Proof of Claim on the behalf of the State of Louisiana.
2. The debtor has become indebted to this claimant since the time of the filing of the petition, in the sum of $975,698.70 as computed below and/or on the attached schedule.
3. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim and request for payment of taxes and any interest and penalties due.
4. Title 47 of the Louisiana Revised Statues is the ground of liability for the debts listed below:

Administrative claims (taxes accrued subsequent to original petition date)

| Type of Tax | Return or Assess | Period | Tax Due | Accrued Interest as of the date of this request | Accrued Penalty as of the date of this request | Payments |
|---|---|---|---|---|---|---|
| Corporation Income & Franchise | Estimate | 2/28/2009 | 750,000.00 | 698.70 | 225,000.00 | 0.00 |

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

5. Interest and penalties continue to accrue according to Title 47 of the Louisiana Revised Statues until the return(s) and /or payment in full is received.
6. This claim has priority as an expense of administration by virtue of the Bankruptcy Code, Title 11, U.S.C., Section 507(a)(2) and must be paid in full in advance of distribution to creditors as and to the extent permitted by Section 726(a)(1), 1129(a)(9)(A), 1222(a)(2) to 1305, 1322(a)(2), and 1326(b)(1) of said Act. Payment of this claim is mandated by Title 28 of the U.S. Code, Sections 959 and 960.

| All correspondence and payments are to be directed to:<br><br>Louisiana Department of Revenue<br>P.O. Box 66658<br>Baton Rouge, LA 70896-6658 | R indicates a return has been filed<br>E indicates an estimate has been made<br>A indicates the results of an audit | **RECEIVED**<br><br>JUN 25 2009<br><br>KURTZMAN CARSON CONSULTANTS |
|---|---|---|

| Signature: Bridget Jarreau *Bridget Jarreau* | Date: 6/19/2009 |
|---|---|
| Title: Revenue Tax Specialist SUupervisor | Telephone number (225) 219-7448 |



0835654090625000000000002

STATE OF LOUISIANA
LOUISIANA DEPARTMENT OF REVENUE

Claim #15207   Date Filed: 2/1/2011

| UNITED STATES BANKRUPTCY COURT<br>**Virginia Eastern  Bankruptcy Court** | **PROOF OF CLAIM** |
|---|---|
| In Re: CIRCUIT CITY STORES WEST COAST<br>           INC<br><br>**Identifying Number:**   1178250 | **Case Number:**   08-35654<br><br>**Chapter:**       Chapter 11<br><br>**Date of Petition:** 11/10/2008 |
| **Where Notices Should be Sent:**<br>  P.O. Box 66658<br>  Baton Rouge, LA 70896<br>  Telephone No. (225) 219-2255 | ☐  Check box if no notice has been received<br><br>☐  Check box if the address differs from<br>     address on envelope received by the court |

| Check here if this claim | ☐ replaces a previously filed claim(s) dated |
|---|---|
| | ☒ amends a claim dated 12/5/2008 in the amount of $7,935,155.49 (claim number 514). |

1.  The undersigned is the agent of the Louisiana Department of Revenue and is authorized to make this proof of claim on the behalf of the State of Louisiana, Louisiana Department of Revenue.

2.  The debtor is indebted to this claimant in the sum of **$3,990,694.51** as of the petition date as follows:

    A.   Secured: $0.00
    B.   Unsecured Priority: $3,427,472.41
    C.   Unsecured General: $563,222.10

3.  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

4.  The ground liability for this debt is taxes due under Title 47 of the Louisiana Revised Statutes.
    **R-return filed**          **E-estimated due to non-filing**          **A-result of audit**

    A.   SECURED CLAIMS (Notice Of State Tax Lien or other security attached)
         See Attached

    C.   UNSECURED PRIORITY CLAIM (Under Section 507(a)(8) of the Bankruptcy Code)
         See Attached

    B.   UNSECURED GENERAL CLAIM
         See Attached

    Penalty to date of petition on unsecured priority claims: **$563,222.10**
    Penalty to date of petition on unsecured general claims: **$0.00**

5.  No note or other negotiable instrument has been received for the account or any part of it, except
6.  No judgment has been rendered on this claim, except
7.  This claim is not subject to any setoff or counterclaim, except
8.  No security interest is held, except for the secured claims listed in item 4A above and
9.  To the extent that post petition penalties and interest are nondischargeable and remain unpaid, they may be collectible from the debtor.

| Signature:  Amy Prather | Date: | 01/20/2011 |
|---|---|---|
| Title:    Revenue Tax Specialist | | |

**RECEIVED**

FEB 0 1 2011

KURTZMAN CARSON CONSULTANTS



0835654110201000000000001

**STATE OF LOUISIANA**

**LOUISIANA DEPARTMENT OF REVENUE**

**Attachment**

**Itemization of Proof of Claim**

| In Re: | CIRCUIT CITY STORES WEST COAST INC | Case Number: | 08-35654 |
|---|---|---|---|
| | | Chapter: | Chapter 11 |
| Identifying Number: 1178250 | | Date of Petition: | 11/10/2008 |

---

**A. SECURED CLAIMS (Notice of State Tax Lien or other security attached)**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest To Date | Penalty To Date | Credit & Payment | Lien Date | Parish |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

---

**B. UNSECURED PRIORITY CLAIMS (Under Section 507(a)(8) of the Bankruptcy Code)**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest To Date | Penalty To Date | Credit & Payment | Remark |
|---|---|---|---|---|---|---|---|
| Corporate | 2/26/2006 | | $1,875,752.00 | $1,551,698.05 | $555,166.75 | $0.00 | A |
| Corporate | 2/28/2007 | 12/8/2010 | $10.00 | $1.86 | $4,731.60 | $0.00 | R |
| Corporate | 2/29/2008 | 12/8/2010 | $10.00 | $0.50 | $3,323.75 | $0.00 | R |

---

**C. UNSECURED GENERAL CLAIMS**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest To Date | Penalty To Date | Credit & Payment | Remark |
|---|---|---|---|---|---|---|---|
| | | | | | | | |