Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al., | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S OBJECTION TO
## CLAIM NO. 14832 FILED BY THE COMMONWEALTH OF MASSACHUSETTS

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim No. 14832 Filed By the Commonwealth of Massachusetts (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the Claim in its entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

### Critical Information for Claimants
### Choosing to File a Response to the Objection

Who Needs to File a Response:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline:  The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**<u>Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection</u>**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

 a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

 b. the claimant's name and an explanation for the amount of the Claim;

 c. a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

 d. a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

3

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 28, 2011

> */s/ Paula S. Beran*
> _____
> Lynn L. Tavenner (VA Bar No. 30083)
> Paula S. Beran (VA Bar No. 34679)
> TAVENNER & BERAN, P.L.C.
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia  23219
> Telephone:  804-783-8300
> Facsimile:  804-783-0178
> Email:  ltavenner@tb-lawfirm.com
>           pberan@tb-lawfirm.com
>
> -and-
>
> Jeffrey N. Pomerantz (admitted *pro hac vice*)
> Andrew W. Caine (admitted *pro hac vice*)
> PACHULSKI STANG ZIEHL & JONES LLP
> 10100 Santa Monica Blvd.
> 11th Floor
> Los Angeles, California  90067-4100
> Telephone: 805-123-4567
> Facsimile:  310/201-0760
> E-mail: jpomerantz@pszjlaw.com
>           acaine@pszjlaw.com
>
> *Counsel for the Circuit City Stores, Inc.*
> *Liquidating Trust*
> _____

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and -

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

## LIQUIDATING TRUST'S OBJECTION TO CLAIM NO. 14832 FILED BY THE COMMONWEALTH OF MASSACHUSETTS

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"),

through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust (the

"Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-

captioned cases, hereby files its Objection (the "Objection") to Claim No. 14832 ("Claim

14832") filed by the Commonwealth of Massachusetts Department of Revenue (the

"Massachusetts DOR"), and hereby moves this court (the "Court"), pursuant to sections

105, 502 and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as

amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the

proposed form of which is attached hereto as **Exhibit A**, granting the relief sought by this

Objection.  In support of the Objection, the Liquidating Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.       On November 10, 2008 (the "Petition Date"), the debtors

(collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
   Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
   Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
   (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer

*(cont'd)*

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

_____
*(cont'd from previous page)*
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

7.      On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

10.      On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, entered an Order confirming the Plan.

11.      The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining

assets and distribute the proceeds to creditors, including the prosecution of Causes of

Action and objections to claims.

## FACTS RELEVANT TO CLAIM 14832

### A.    The Debtors' Prepetition Operations

12.    Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("CCSI") was a retailer of products and services that operated retail stores across the United States. CCSI was headquartered and commercially domiciled in Virginia. Debtor Circuit City Stores West Coast, Inc. ("CCS-WC") was an operating entity under CCSI and was engaged in the operation of retail stores in the western United States. CCS-WC was created on February 3, 1994, with the contribution of CCSI's West Coast division, including all Circuit City retail outlets in the states of Arizona, California, and Nevada, as well as CCSI's West Coast division headquarters in Walnut, California. CCS-WC was established in order to allow the Debtors to more effectively manage the performance of their retail operations on the west coast of the United States. Since its creation and prior to the Petition Date, CCS-WC expanded its operations to include all Circuit City retail operations in the states of Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah, and Wyoming. Since 2002, CCS-WC maintained its headquarters in Colorado, from which location it managed its retail operations.

13.    Until such time that it ceased retail operations, CCS-WC purchased all of its inventory from CCSI. In addition, CCS-WC owned intangible property (*e.g.*, trademarks, trade names and service mark). CCS-WC and CCSI entered into a non-exclusive agreement whereby CCSI licensed certain intangible property from CCS-WC (such property, the "Licensed Property"). Pursuant to the agreement, CCSI was permitted, but not required, to use the Licensed Property in its stores, including stores located in Massachusetts.

14.    The price paid by CCSI to CCS-WC for use of the Licensed

Property was based on two independent marketing studies conducted in 1994 and 1999.

The royalty rates in the license agreement were established at arm's length based on

independent studies reflecting rates charged by third parties.

15.    CCSI also provided certain management and administrative services

to CCS-WC, including purchasing, merchandising, advertising, tax accounting, treasury,

functions, computer support, employee benefit plan administration and general

administrative services.  These services were all performed by CCSI outside of

Massachusetts.  CCS-WC did not have any employees, did not own any property and did

not maintain any retail facilities in Massachusetts.  CCS-WC did not actively engage in

business in Massachusetts.  All of CCS-WC's activities were performed outside of

Massachusetts and CCS-WC did not at any time have a physical presence in Massachusetts.

**B.    Procedural Background Relating to Claim 14832**

16.    Prior to the Petition Date, in the ordinary course of business, the

Debtors recorded liabilities, if any, on their books and records based on state and local tax

laws and regulations applicable to businesses operating in Massachusetts.  For all times

applicable hereto, Debtor CCSI timely filed tax returns or other necessary regulatory

filings with respect to taxes owed in the Massachusetts.  Debtor CCS-WC did not file tax

returns with Massachusetts during the relevant time period because the Debtors understood

that CCS-WC did not have any obligation to file tax returns with Massachusetts.

17.    On or about July 31, 2005, , following an audit of CCSI's corporate

excise returns for the fiscal periods ending February 28, 2001 ("FY01"), February 28, 2002

("FY02") and February 28, 2003 ("FY03"), the Massachusetts DOR issued a Notice of

Intention to Assess (the "<u>Notice of Intent</u>") to CCSI.  Among other adjustments, the

Massachusetts DOR proposed to:  (i) disallow certain royalty and interest deductions on

the grounds that certain transactions between CCSI and CCS-WC purportedly lacked

business purpose and economic substance; and (ii) impute royalty income to CCSI from

CCS-WC and attribute to CCSI royalty payments received by CCS-WC from third parties

(collectively, the "<u>Addback</u>").  *See* Mass. Gen. L. Ch. 63, Secs. 31I and 31J (the "<u>related</u>

<u>party rules</u>").  In other words, the Massachusetts DOR took the position that CCSI could

not deduct its expenses and costs related to certain payments made to CCS-WC on account

of, among other things, CCSI's payment of license fees to CCS-WC for use of the

Licensed Property.

        18.    On or about March 6, 2006, CCSI issued a protest letter to the

Massachusetts DOR with respect to the Notice of Intent and in anticipation of a

pre-assessment conference with the Massachusetts DOR's Office of Appeals.  CCSI

asserted, among other things, that for FY03, CCSI had properly filed (i) Schedule ABI,

Exceptions to the Add Back of Interest Expenses, and (ii) Schedule ABIE, Exceptions to

the Add Back of Intangible Expenses, because its "related party" expenses related to

transactions that had business purpose and economic substance, and in addition, the

Massachusetts DOR's adjustments imputing additional income to CCSI were inconsistent

not only with its denial of CCSI's royalty and interest deductions but also with its

application of the related party rules to other taxpayers who, very properly, have faced no

such double assessment.

19.     On or about January 24, 2007, the Massachusetts DOR issued a Notice of Assessment to CCSI, indicating that it had assessed additional tax of $163,992 plus interest thereon, for FY03 (the "<u>Assessment Notice</u>").

20.     On or about May 25, 2007, CCSI filed an abatement application with the Massachusetts DOR in connection with the Assessment Notice, disputing among other adjustments the Massachusetts DOR's denial of CCSI's deductions and its imputation of income to CCSI for FY03.

21.     On or about July 27, 2007, the Massachusetts DOR issued a Notice of Abatement Determination to CCSI denying its application for abatement (the "<u>Abatement Denial</u>").

22.     On or about September 24, 2007, CCSI filed a petition with the Massachusetts Appellate Tax Board appealing the Abatement Denial.

23.     Since September 2007, CCSI has sought to settle the dispute pending before the Appellate Tax Board.  As of the Petition Date, the dispute between CCSI and the Massachusetts DOR was pending before the Appellate Tax Board.

**C.     <u>Claim 14832</u>**

24.     On or about March 3, 2010, the Massachusetts DOR filed Claim 14832 against Debtor CCSI in the total amount of $2,379,224.31.  Through Claim 14832, the Massachusetts DOR asserted (a) a general unsecured claim in the amount of $1,981,439.20 on account of alleged underpayments of corporate excise tax for the fiscal years ending February 28, 2003 through February 29, 2007 (the "<u>Excise Tax Claim</u>") and (b) $397,785.11 on account of alleged underpayment of sales tax for the period from

January 2005 through November 2008 (the "<u>Sales Tax Claim</u>").  A true and correct copy

of Claim 14832 is attached hereto as **<u>Exhibit B</u>**.

### <u>OBJECTION TO CLAIM 14832</u>

25.    By this Objection, the Liquidating Trust seeks entry of an order,

substantially in the form attached hereto as **<u>Exhibit A</u>**, pursuant to Bankruptcy Code

sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

disallowing Claim 14832 in its entirety.

### <u>BASIS FOR OBJECTION</u>

**D.    <u>Applicable Law</u>**

    **1.    <u>The Claim Does Not Provide Sufficient Information</u>**

26.    Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a

claim, or an interest in property of the debtor securing the claim, is based on a writing, the

original or a duplicate shall be filed with the proof of claim."  Claim 14832 does not

provide any information regarding the basis for or calculation of the amounts of the claims

asserted therein.

27.    Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of the claim."  A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim."  *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.*

*Union Entities (In re Be-Mac Transport Co.*), 83, F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence.  *See Frank*, 322 Br. at 754.  Under certain circumstances

where a claim is made against a debtor by a taxing authority, the taxpayer bears the ultimate burden of proof.  *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22 (2000).

28.    Although Bankruptcy Rule 3001(f) provides that a valid proof of claim constitutes prima facie evidence of the validity and amount of a claim, requests for administrative expense payment are not given the same evidentiary weight as proofs of claim.  *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007) (citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148, 149 (Bankr. D. Md. 1985)).

### 2.    The Massachusetts DOR's Claim for the Addback is Without Merit

29.    An addback of expenses under the related party rules is improper where the taxpayer can establish that the expense was incurred as a result of a transaction that was entered into for a valid business purpose and that is supported by economic substance.  *See* 830 CMR Sec. 63.31.1(2) and 4(a)(1).  An addback is considered unreasonable where the taxpayer establishes by clear and convincing evidence that the expense was incurred as a result of a transaction that was entered into for a valid business purpose and that is supported by economic substance.  *Id*.  A "valid business purpose" is defined as a good-faith business purpose, other than tax avoidance, that was either alone or in combination with one or more other good-faith business purposes, the primary motivation for entering into a transaction.  A transaction has "economic substance" when it

involves material economic risk and has material practical economic consequences aside from the tax benefit.[2]

30.    The Massachusetts Supreme Judicial Court ("Massachusetts Court") held that a taxpayer was allowed to deduct from its taxable income the royalties it paid to two wholly-owned subsidiaries under a transfer and license back transaction and the interest it paid for a loan from one of its subsidiaries to pay for the royalties.[3]  The Massachusetts Court found that the reorganization and subsequent transfer and license back transaction was not a sham, but created viable businesses engaged in substantive economic activities apart from the creation of tax benefits for the taxpayer.  The evidence of economic substance and substantive business activity, beyond the creation of tax benefits for the taxpayer, was substantial.  The royalty payments for the use of the marks were reasonable and ordinary and necessary business expenses of the taxpayer.

31.    Based on the decision in *Sherwin-Williams*, the royalty and interest expenses paid by CCSI to CCS-WC should be allowed and royalty income should not be imputed to CCSI.  Addback of the royalty payment expenses would be unreasonable because the transactions were entered into for a valid business purpose.  Further, the transactions had "economic substance" because they involved material economic risk and had material practical economic consequences aside from the tax benefit.  This is evidenced by the substantial operations of CCS-WC and the multitude of duties and operations involving both the royalties and the independent retail stores.

---

[2] *Id.*

[3] *The Sherwin-Williams Co. v. Commissioner of Revenue,* 778 NE2d 504 (Mass. 2002).

32.     Further, the facts involving CCSI and CCS-WC are very similar to the facts in *Sherwin-Williams,* where the Massachusetts Court held for the taxpayer and allowed the deduction for related-party royalty transactions.  Note that the Massachusetts Court found that there was a valid business purpose for the transactions involved in the *Sherwin-Williams* fact pattern, and similar transactions are involved in the CCSI/CCS-WC fact pattern.  As such, the Massachusetts Court's holding in *Sherwin-Williams* is applicable to CCSI and CCS-WC, and the deductions taken for related-party intangibles should be allowed.

33.     The related party rules justify neither the Massachusetts DOR's imputation of royalty income to CCSI from CCS-WC, nor its attribution to CCSI of royalty payments received by CCS-WC from third parties.  In fact, these adjustments are inconsistent with the related party rules, sound tax policy and the Massachusetts DOR's own application of the related party rules to other taxpayers.

**3.     CCSI Had Net Operating Losses That
Should Be Factored Into Claim 14832**

34.     Massachusetts allows taxpayers to take a deduction for net operating losses ("NOLs") computed under Massachusetts law.[4]  In Massachusetts, the amount of an NOL that is disallowed as a deduction in a taxable year may be carried over to the succeeding taxable year.  However, NOLs may only be carried forward for five years.[5]  For the corporate excise period at issue (fiscal years ending February 28, 2003 through

---

[4] Mass. Gen. L. Ch. 63, Sec. 30(5)(b).

[5] *Id.*

February 29, 2007), CCSI had substantial NOLs that could be carried forward and applied

from year to year, including without limitation a total of $415,762,084 in NOL carryovers

from FY01 and FY02 (including $155,495,110 generated in FY01, plus $260,266,974

generated in FY02), which it seems the Massachusetts DOR has completely neglected in

computing and asserting Claim 14832.  Any such NOLs should be applied to the

calculation of taxes, if any, owed to Massachusetts.

> **4.       CCSI Was Not Required to Collect Massachusetts
> Sales or Use Tax on So-Called Alternative Location Sales**

35.      In the ordinary course of their business, the Debtors allowed

customers to shop for merchandise in one retail store and pick up the merchandise at a

different store.  Such sales are referred to herein as "alternative location sale."  Upon

information and belief, the Massachusetts DOR asserts claims against the Debtors for sales

taxes for alternative location sales where customers shopped in Massachusetts and picked

up their merchandise in another state.  Specifically, approximately $225,000 of the

Massachusetts DOR's claim for "sales tax" for the period from January 2005 through

November 2008 appears to be based on a speculated volume of alternative location sales

initiated in Massachusetts for pickup in New Hampshire for which CCSI is not properly

obligated to collect or remit Massachusetts sales or use tax.

36.      Since November 20, 2003, all CCSI customer tickets for alternative

location sales included the following language governing where and when title passed

from CCSI to its alternative location sale customers:

> Title:  It is expressly agreed that transfer of title of
> merchandise to customer and commencement of any
> manufacturer warranty period occurs upon actual, physical
> transfer of possession of goods to customer.

37.     During the sales tax period at issue (January 2005 through November 2008), the contractual provisions between CCSI and its alternative location sale customers specifically ensured that alternative location sales initiated in Massachusetts and concluded by pickup outside the Commonwealth ("outbound sales") were consummated outside Massachusetts and were therefore not subject to the Commonwealth's sales tax. *See Circuit City Stores, Inc.* v. *Comm'r of Revenue*, 439 Mass. 629 (2003).

**E.     Objection to Claim 14832**

38.     Based on the Trustee's review of the Debtors' books and records, including tax returns filed in the State of Massachusetts, the Assessment Notice and documents related thereto, and Claim 14832, the Liquidating Trust objects to the Claim 14832 on the following grounds:

(a)     The amount of the claims asserted against each CCSI by the Massachusetts DOR are not reflected in the Debtors' books and records;

(b)     Upon information and belief, the Massachusetts DOR has asserted Claim 14832 based on improper or erroneous calculations of the taxes claimed;

(c)     Claim 14832 does not provide any basis or support for the amounts of taxes claimed;

(d)     Claim 14832 improperly assesses the Addback with respect to the Excise Tax Claim even though the transactions at issue had a valid business purpose and economic substance, and even though the related party rules do not provide for the additional, duplicative imputation of income to CCSI;

(e)     Claim 14832 does not account for net operating loss carryovers that properly apply to offset a significant portion of any taxes that may be owed by CCSI to Massachusetts on account of the Excise Tax Claim; and/or

(f)     Through the Sales Tax Claim, Claim 14832 asserts claims for sales tax on products that were not sold in Massachusetts and for which

CCSI is not properly subject to a sales or use tax collection obligation.

## RESERVATION OF RIGHTS

39.     The Liquidating Trust reserves the right to file objections to the Claim 14832 at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim herein, including, without limitation, by submitting declarations, affidavits, testimony, documents, memoranda or any other evidence or pleading to the Court.

## NOTICE AND PROCEDURE

40.     Notice of this Objection has been provided to the Massachusetts DOR and to parties in interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

## WAIVER OF MEMORANDUM OF LAW

41.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

42.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia           TAVENNER & BERAN, PLC
       February 28, 2011


                                    __/s/ Paula S. Beran_____
                                    Lynn L. Tavenner (VA Bar No. 30083)
                                    Paula S. Beran (VA Bar No. 34679)
                                    20 North Eighth Street, 2nd Floor
                                    Richmond, Virginia 23219
                                    (804) 783-8300

                                              - and -

                                    PACHULSKI STANG ZIEHL & JONES LLP
                                    Jeffrey N. Pomerantz, Esq.
                                    Andrew W. Caine, Esq.
                                    10100 Santa Monica Boulevard
                                    Los Angeles, California 90067-4100
                                    (310) 277-6910

                                              - and –

                                    PACHULSKI STANG ZIEHL & JONES LLP
                                    Robert J. Feinstein, Esq.
                                    780 Third Avenue, 36th Floor
                                    New York, New York 10017
                                    (212) 561-7700

                                    *Counsel to the Circuit City Stores, Inc.*
                                    *Liquidating Trust*

## <u>EXHIBIT A</u>

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO CLAIM NO.
<u>14832 FILED BY THE MASSACHUSETTS DEPARTMENT OF REVENUE</u>**

THIS MATTER having come before the Court[1] on the Liquidating Trust's Objection to Claim No. 14832 (the "Objection"), which requested, among other things, that Claim 14832 be disallowed in its entirety for the reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that the relief requested on the Objection is in the best interests of the Liquidating Trust, the Debtors' estates and creditors and other parties in interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

43.     The Objection is SUSTAINED.

44.     Claim 14832 shall be forever disallowed in its entirety for all purposes in the Debtors' Cases.

45.     The Liquidating Trust's rights to object to any claim subject to the Objection, including (without limitation) the claims set forth in Claim 14832, subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

46.     The Liquidating Trust shall serve a copy of this Order on the Massachusetts DOR on or before five (5) business days from the entry of this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

47.     This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE




WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

                              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

                              - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*



## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.


                              _____
                              Lynn L. Tavenner

Claim #14832  Date Filed: 3/8/2010

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF REVENUE**
**P.O.BOX 9564, BOSTON, MA 02114-9564**
**TEL #:(617)626-3875  FAX #:(617) 626-3796**

## PRIORITY PROOF-OF-CLAIM FOR MASSACHUSETTS TAXES

DOCKET #: **08-35653 KRH**
PETITION DATE: **11/20/08**
CHAPTER 11
I.D.#: **540-493-875**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF **EASTERN VIRGINIA**

IN THE MATTER OF: **CIRCUIT CITY STORES, INC.**

      ____  IN PROCEEDINGS FOR AN ARRANGEMENT UNDER CHAPTER 11.

      **X**  AMENDED PROOF-OF-CLAIM TO SUPERSEDE CLAIM(S) FILED **05/11/2009**

1.  THE UNDERSIGNED, A DULY AUTHORIZED AGENT OF THE COMMISSIONER OF REVENUE FOR THE COMMONWEALTH OF MASSACHUSETTS, FILES THIS PROOF-OF-CLAIM FOR UNPAID MASSACHUSETTS TAXES INCLUDING INTEREST AND PENALTIES CALCULATED TO THE PETITION DATE.

2.  TAX PERIODS ARE MARKED BY AN ASTERISK (*) IF THE COMMISSIONER'S RECORDS INDICATE THAT NO TAX RETURN HAS BEEN FILED FOR THAT PERIOD.  THE AMOUNTS SHOWN FOR THOSE PERIODS ARE EITHER ESTIMATES OR "UNKNOWN" AS INDICATED.

3.  THE AMOUNT(S) LISTED ON THIS PAGE ARE A SUMMARY OF THE AMOUNT(S) DUE FOR EACH CLASS OF CLAIM AS IDENTIFIED IN ITEMS **A**, **B**, AND **C** BELOW.

4.  TO THE EXTENT THAT POST-PETITION INTEREST AND PENALTIES ARE NON-DISCHARGEABLE AND REMAIN UNPAID, THEY MAY BE COLLECTIBLE FROM THE DEBTOR OR FROM ANY OTHER LIABLE ENTITY.

---

A.  **SECURED CLAIMS** (NOTICE OF MASSACHUSETTS TAX LIEN HAVING BEEN FILED PURSUANT TO GL CHAPTER 62C SECTION 50):

                                                                              **$**

    **POST-PETITION INTEREST MAY BE PAYABLE** (SEE 11U.S.C. SECTION 506(b); IN THE EVENT THAT ADEQUATE PROTECTION IS ALLOWED, CLAIMS WILL BE ADJUSTED ACCORDINGLY;).

---

B.  **UNSECURED PRIORITY CLAIMS** UNDER 507(a)(8) OF THE BANKRUPTCY CODE:

                                                                    **$1,849,689.15**

---

C.  **UNSECURED GENERAL CLAIMS**:                                   **$529,535.16**

---

                                              **TOTAL:**    **$2,379,224.31**

AUTHORIZED SIGNATURE: _____ DATE: <u>March 3, 2010</u>

      **STEPHEN KOBIALKA, TAX SUPERVISOR, BANKRUPTCY UNIT, MDOR**
      TEL #:(617) 626-3317

      **ANNE CHAN, TAX EXAMINER, BANKRUPTCY UNIT, MDOR**
      TEL #:(617) 626-3869

**RECEIVED**

**MAR 08 2010**

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

KURTZMAN CARSON CONSULTANTS



0835653100308000000000059



**Navjeet K. Bal**
Commissioner

**Thomas K. Condon**
Bureau Chief

*The Commonwealth of Massachusetts*
*Department of Revenue*
*Litigation Bureau - Bankruptcy Unit*
*100 Cambridge Street, 7th Floor*
*P.O. Box 9564,*
*Boston, Massachusetts 02114-9564*
*TEL. #617 626-3875 – FAX #617 626-3796*

March 3, 2010

Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA 90245
Re: Circuit City Stores, Inc.
    Claims Processing

Dear Sir/Madam:

Please filed the enclosed proof (s)-of-claim in the matter of:

DEBTOR:    **Circuit City Stores, Inc.**
F.I.D. #:    **540-493-875**
DOCKET #:  **08-25653 KRH**

**Please date-stamp and return the attached copy in the enclosed self-addressed envelope.  Thank you.**

Sincerely,

*Anne Chan*

Anne Chan
Tax Examiner
Bankruptcy Unit
(617) 626-3869

Enclosure: Claim (s)

## MDOR PRIORITY / GENERAL UNSECURED PROOF-OF-CLAIM

**DISTRICT OF:**     EASTERN VIRGINIA     **DOCKET # :**     08-35653 KRH
**IN THE MATTER OF:** CIRCUIT CITY STORES, INC.
**CHAPTER 11 BANKRUPTCY**
**PETITION DATE:**     11/20/08     **TAX I.D.# :**     540-493-875

**TAX TYPE SYMBOLS:**     WH = WITHHOLDING;  ST = SALES ;  MT = MEALS;  RO = ROOM OCCUPANCY

     IT = INCOME;  CP = CORPORATE EXCISE;  SP. F. = SPECIAL FUELS;

     SER=SERVICES;  PU = PUBLIC UTILITY;  RL=ROOM LOCAL

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION DATE | BALANCE DUE | GENERAL UNSECURED CLAIM PENALTY |
|---|---|---|---|---|---|---|
| CP | Feb 05 | 11/25/08 | $506,223.00 | $162,818.46 | $669,041.46 | $0.00 |
| | Feb 06 | " | $463,970.00 | $103,064.75 | $567,034.75 | $0.00 |
| | Feb 07 | 02/24/10 | $193,919.00 | $21,908.83 | $215,827.83 | $0.00 |
| ST | Jan 05 | 04/12/09 | $12,558.00 | $4,341.00 | $16,899.00 | $0.00 |
| | Feb 05 | " | $11,555.00 | $3,922.92 | $15,477.92 | $0.00 |
| | Mar 05 | " | $6,549.00 | $2,174.02 | $8,723.02 | $0.00 |
| | Apr 05 | " | $6,549.00 | $2,123.98 | $8,672.98 | $0.00 |
| | May 05 | " | $6,657.00 | $2,106.77 | $8,763.77 | $0.00 |
| | Jun 05 | " | $6,564.00 | $2,027.75 | $8,591.75 | $0.00 |
| | Jul 05 | " | $6,547.00 | $1,971.71 | $8,518.71 | $0.00 |
| | Aug 05 | " | $6,564.00 | $1,926.19 | $8,490.19 | $0.00 |
| | Sep 05 | " | $6,617.00 | $1,887.97 | $8,504.97 | $0.00 |
| | Oct 05 | " | $7,926.00 | $2,192.54 | $10,118.54 | $0.00 |
| | Nov 05 | " | $6,581.00 | $1,765.41 | $8,346.41 | $0.00 |
| | Dec 05 | " | $6,551.00 | $1,701.11 | $8,252.11 | $0.00 |
| | Jan 06 | " | $6,668.00 | $1,674.60 | $8,342.60 | $0.00 |
| | Feb 06 | " | $6,616.00 | $1,610.91 | $8,226.91 | $0.00 |
| | Mar 06 | " | $6,457.00 | $1,517.84 | $7,974.84 | $0.00 |
| | Apr 06 | " | $6,446.00 | $1,463.00 | $7,909.00 | $0.00 |
| | May 06 | " | $6,462.00 | $1,413.02 | $7,875.02 | $0.00 |
| | Jun 06 | " | $6,456.00 | $1,355.88 | $7,811.88 | $0.00 |
| | Jul 06 | " | $6,463.00 | $1,297.80 | $7,760.80 | $0.00 |
| | Aug 06 | " | $6,520.00 | $1,249.64 | $7,769.64 | $0.00 |
| | Sep 06 | " | $6,462.00 | $1,181.77 | $7,643.77 | $0.00 |
| **TOTAL THIS PAGE:** | | | $1,313,880.00 | $328,697.87 | $1,642,577.87 | $0.00 |

**SUMMARY TOTAL:**

**PAGE 1 OF 3**

## MDOR PRIORITY / GENERAL UNSECURED PROOF-OF-CLAIM

| | | | |
|---|---|---|---|
| **DISTRICT OF:** | EASTERN VIRGINIA | **DOCKET # :** | 08-35653 KRH |
| **IN THE MATTER OF:** | CIRCUIT CITY STORES, INC. | | |
| **CHAPTER 11 BANKRUPTCY** | | | |
| **PETITION DATE:** | 11/20/08 | **TAX I.D.# :** | 540-493-875 |

**TAX TYPE SYMBOLS:**    WH = WITHHOLDING;  ST = SALES ;  MT = MEALS;  RO = ROOM OCCUPANCY

IT = INCOME;  CP = CORPORATE EXCISE;  SP. F. = SPECIAL FUELS;

SER=SERVICES;  PU = PUBLIC UTILITY;  RL=ROOM LOCAL

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION DATE | BALANCE DUE | GENERAL UNSECURED CLAIM PENALTY |
|---|---|---|---|---|---|---|
| ST | Oct 06 | 04/12/09 | $9,197.00 | $1,599.13 | $10,796.13 | $0.00 |
| | Nov 06 | " | $9,487.00 | $1,567.48 | $11,054.48 | $0.00 |
| | Dec 06 | " | $8,326.00 | $1,301.79 | $9,627.79 | $0.00 |
| | Jan 07 | " | $7,833.00 | $1,155.74 | $8,988.74 | $0.00 |
| | Feb 07 | " | $7,555.00 | $1,055.10 | $8,610.10 | $0.00 |
| | Mar 07 | " | $8,157.00 | $1,068.38 | $9,225.38 | $0.00 |
| | Apr 07 | " | $6,527.00 | $800.49 | $7,327.49 | $0.00 |
| | May 07 | " | $6,446.00 | $735.46 | $7,181.46 | $0.00 |
| | Jun 07 | " | $6,092.00 | $645.05 | $6,737.05 | $0.00 |
| | Jul 07 | " | $9,882.00 | $963.15 | $10,845.15 | $0.00 |
| | Aug 07 | 04/19/09 | $7,396.00 | $659.05 | $8,055.05 | $0.00 |
| | Sep 07 | " | $7,396.00 | $599.70 | $7,995.70 | $0.00 |
| | Oct 07 | " | $7,396.00 | $538.82 | $7,934.82 | $0.00 |
| | Nov 07 | " | $7,396.00 | $480.35 | $7,876.35 | $0.00 |
| | Dec 07 | " | $7,396.00 | $424.75 | $7,820.75 | $0.00 |
| | Jan 08 | " | $7,396.00 | $371.95 | $7,767.95 | $0.00 |
| | Feb 08 | " | $7,396.00 | $322.87 | $7,718.87 | $0.00 |
| | Mar 08 | " | $7,396.00 | $274.94 | $7,670.94 | $0.00 |
| | Apr 08 | " | $7,396.00 | $231.06 | $7,627.06 | $0.00 |
| | May 08 | " | $7,396.00 | $185.98 | $7,581.98 | $0.00 |
| | Jun 08 | " | $7,396.00 | $146.72 | $7,542.72 | $0.00 |

**TOTAL THIS PAGE:**          $160,858.00          $15,127.96    $175,985.96          $0.00

**SUMMARY TOTAL:**

**PAGE 2 OF 3**

## MDOR PRIORITY / GENERAL UNSECURED PROOF-OF-CLAIM

**DISTRICT OF:**      EASTERN VIRGINIA         **DOCKET # :**   08-35653 KRH
**IN THE MATTER OF:** CIRCUIT CITY STORES, INC.
**CHAPTER 11 BANKRUPTCY**
**PETITION DATE:**    11/20/08                 **TAX I.D.# :**  540-493-875

---

**TAX TYPE SYMBOLS:**   WH = WITHHOLDING;  ST = SALES ;  MT = MEALS;  RO = ROOM OCCUPANCY

IT = INCOME;  CP = CORPORATE EXCISE;  SP. F. = SPECIAL FUELS;

SER=SERVICES;  PU = PUBLIC UTILITY;  RL=ROOM LOCAL

---

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION DATE | BALANCE DUE | GENERAL UNSECURED CLAIM PENALTY |
|----------|---------------|-------------------|-----|---------------------------|-------------|----------------------------------|
| ST | Jul 08 | 04/19/09 | $7,396.00 | $108.48 | $7,504.48 | $0.00 |
|    | Aug 08 | " | $7,396.00 | $70.44 | $7,466.44 | $0.00 |
|    | Sep 08 | " | $7,396.00 | $29.76 | $7,425.76 | $0.00 |
|    | Oct 08 | " | $7,396.00 | $0.00 | $7,396.00 | $0.00 |
|    | Nov 08 | " | $1,332.64 | $0.00 | $1,332.64 | $0.00 |

**TOTAL THIS PAGE:**          $30,916.64          $208.68          $31,125.32          $0.00

**SUMMARY TOTAL:**     $1,849,689.15          $0.00

**PAGE 3 OF 3**

## MDOR GENERAL UNSECURED PROOF-OF-CLAIM

**DISTRICT OF:**     EASTERN VIRGINIA     **DOCKET # :**    08-35653 KRH
**IN THE MATTER OF :** CIRCUIT CITY STORES, INC.
**CHAPTER 11**
**PETITION DATE:**     11/20/08       **TAX I.D.# :**     540-493-875

**TAX TYPE SYMBOLS:**     WH = WITHHOLDING;  ST = SALES;  MT = MEALS;  RO = ROOM 0CCUPANCY

IT = INCOME;  CP = CORPORATE EXCISE;  SP.F. = SPECIAL FUEL

O=OTHER

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION | PENALTY TO PETITION | BALANCE DUE |
|----------|---------------|-------------------|-----|----------------------|---------------------|-------------|
| CP | Feb 03 | 01/23/07 | $163,989.57 | $79,053.72 | $13,939.12 | $256,982.41 |
|    | Feb 04 | 11/25/08 | $194,777.00 | $77,775.75 | $0.00 | $272,552.75 |

**TOTAL THIS PAGE:**     $358,766.57     $156,829.47    $13,939.12    $529,535.16

**SUMMARY TOTAL :**     **$529,535.16**

**PAGE 1 OF 1**