Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | **:**  Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,. | **:**  Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:**  (Jointly Administered) |
| | **:** |
| | **:** |

**NOTICE OF LIQUIDATING TRUST'S OBJECTION TO**
**CLAIM NOS. 12927, 12928, 12929, 13593 AND 13594 FILED BY**
**<u>THE STATE OF CALIFORNIA FRANCHISE TAX BOARD</u>**

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim Nos. 12927, 12928, 12929, 13593 and 13594 Filed By The State Of California Franchise Tax Board (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to disallow the Claims in their entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

 

 

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and**</u>
<u>**Information Regarding the Hearing on the Objection**</u>

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

    a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

    d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 28, 2011

> */s/ Paula S. Beran*
> _____
> Lynn L. Tavenner (VA Bar No. 30083)
> Paula S. Beran (VA Bar No. 34679)
> TAVENNER & BERAN, P.L.C.
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia  23219
> Telephone:  804-783-8300
> Facsimile:  804-783-0178
> Email:  ltavenner@tb-lawfirm.com
>           pberan@tb-lawfirm.com
>
> -and-
>
> Jeffrey N. Pomerantz (admitted *pro hac vice*)
> Andrew W. Caine (admitted *pro hac vice*)
> PACHULSKI STANG ZIEHL & JONES LLP
> 10100 Santa Monica Blvd.
> 11th Floor
> Los Angeles, California  90067-4100
> Telephone: 805-123-4567
> Facsimile:  310/201-0760
> E-mail: jpomerantz@pszjlaw.com
>           acaine@pszjlaw.com
>
> *Counsel for the Circuit City Stores, Inc.*
> *Liquidating Trust*
> _____

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and -

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

## LIQUIDATING TRUST'S OBJECTION TO CLAIM
## NOS. 12927, 12928, 12929, 13593 AND 13594 FILED BY THE
## <u>STATE OF CALIFORNIA FRANCHISE TAX BOARD</u>

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"),

through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust (the

"<u>Trustee</u>"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "<u>Plan</u>") in the above-

captioned cases, hereby files its Objection (the "<u>Objection</u>") to Claim No. 12927 ("<u>Claim</u>

<u>12927</u>"), Claim No. 12928 ("<u>Claim 12928</u>"), and Claim No. 12929 ("<u>Claim 12929</u>"),

Claim No. 13593 ("<u>Claim 13593</u>") and Claim No. 13594 ("<u>Claim 13594</u>" and, collectively

with Claim 12927, Claim 12928, Claim 13593 and Claim 13594, the "<u>California FTB</u>

<u>Claims</u>") filed by the State of California Franchise Tax Board (the "<u>California FTB</u>"), and

hereby moves this court (the "<u>Court</u>"), pursuant to sections 105, 502 and 503 of Title 11 of

the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (as amended, the "<u>Bankruptcy Code</u>"),

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and

Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto

as **<u>Exhibit A</u>**, granting the relief sought by this Objection.  In support of the Objection, the

Liquidating Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "<u>Petition Date</u>"), the debtors

(collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

       3.       On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

       4.       On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

       5.       On December 10, 2008, the Court entered that certain Order

Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the

"Claims Bar Date Order").

       6.       Pursuant to the Claims Bar Date Order, the deadline for filing all

"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the

Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the

"General Bar Date").  The deadline for governmental units to file claims that arose before

November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar

Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,

*(cont'd)*

of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, entered an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective

_____
*(cont'd from previous page)*
  LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

<u>Date</u>"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claims.

<b><u>FACTS RELEVANT TO CALIFORNIA FTB CLAIMS</u></b>

**A.      <u>The Debtors' Prepetition Operations</u>**

12.      Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("<u>CCSI</u>") was a retailer of products and services that operated retail stores across the United States. CCSI was headquartered and commercially domiciled in Virginia. Debtor Circuit City Stores West Coast, Inc. ("<u>CCS-WC</u>") was an operating entity under CCSI and was engaged in the operation of retail stores in the western United States. CCS-WC was created on February 3, 1994, with the contribution of CCSI's West Coast division, including all Circuit City retail outlets in the states of Arizona, California, and Nevada, as well as CCSI's West Coast division headquarters in Walnut, California. CCS-WC was established in order to allow the Debtors to more effectively manage the performance of their retail operations on the west coast of the United States. Since its creation and prior to the Petition Date, CCS-WC expanded its operations to include all Circuit City retail operations in the states of Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah, and Wyoming. Since 2002, CCS-WC maintained its headquarters in Colorado, from which location it managed its retail operations.

13.      Also prior to the Petition Date, CCSI formed its subsidiary, Circuit City Purchasing Company, LLC ("<u>CC-PC</u>").

**B.**     **Procedural Background Relating to California FTB Claims**

14.     Prior to the Petition Date in the ordinary course of business, the Debtors recorded liabilities, if any, on their books and records based on state and local tax laws and regulations applicable to businesses operating in California. Debtors CCSI, CCS-WC and CC-PC timely filed tax returns or other necessary regulatory filings with respect to taxes owed in the state of California.

**C.**     **The California FTB Claims**

15.     On or about May 8, 2009, the California FTB filed Claim 12927 against Debtor CCSI. Through Claim 12927, the California FTB asserts a priority unsecured claim in the amount of $1,040,412.95 on account of alleged franchise taxes owed. A true and correct copy of Claim 12927 is attached hereto as **Exhibit B**.

16.     On or about May 8, 2009, the California FTB filed Claim 12928 against Debtor CC-PC. Through Claim 12928, the California FTB asserts (a) a priority unsecured claim in the amount of $12,236.75 and (b) a general unsecured claim in the amount of $800.48 on account of alleged franchise taxes owed. A true and correct copy of Claim 12928 is attached hereto as **Exhibit C**.

17.     On or about May 8, 2009, the California FTB filed Claim 12929 against Debtor CCS-WC. Through Claim 12929, the California FTB asserts a priority unsecured claim in the amount of $985,745.68 on account of alleged franchise taxes owed. A true and correct copy of Claim 12929 is attached hereto as **Exhibit D**.

18.     On or about June 22, 2009, the California FTB filed Claim 13593 against Debtor CC-PC. Through Claim 13593, the California FTB asserts a claim entitled to administrative expense priority in the amount of $844.22 on account of alleged franchise

taxes owed for the fiscal year ending February 28, 2010.  A true and correct copy of Claim

13593 is attached hereto as **Exhibit E**.

19.     On or about June 22, 2009, the California FTB filed Claim 13594

against Debtor CCSI.  Through Claim 13594, the California FTB asserts a claim entitled to

administrative expense priority in the amount of $5,019.62 on account of alleged franchise

taxes owed for the fiscal year ending February 28, 2010.  A true and correct copy of Claim

13594 is attached hereto as **Exhibit F**.

20.     Debtor CCSI is entitled to a tax refund from the State of California

in the amount of not less than $1,043,808.00, and timely filed a request for a refund in that

amount.

## OBJECTION TO CALIFORNIA FTB CLAIMS

21.     By this Objection, the Liquidating Trust seeks entry of an order,

substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code

sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

disallowing the California FTB Claims in their entirety.

## BASIS FOR OBJECTION

A.     **Applicable Law**

22.     Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a

claim, or an interest in property of the debtor securing the claim, is based on a writing, the

original or a duplicate shall be filed with the proof of claim."  The California FTB Claims

do not provide any information regarding the basis for or calculation of the amounts of the

claims asserted therein.

23.     Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of he claim." A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim." *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.

Union Entities (In re Be-Mac Transport Co.*), 83 F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence. *See Frank*, 322 Br. at 754. Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the

ultimate burden of proof. *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22

(2000).

24.    Although Bankruptcy Rule 3001(f) provides that a valid proof of

claim constitutes prima facie evidence of the validity and amount of a claim, requests for

administrative expense payment are not given the same evidentiary weight as proofs of

claim. *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007)

(citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148,

149 (Bankr. D. Md. 1985)).

**B.    <u>Objection to California FTB Claims</u>**

25.    Based on the Trustee's review of the Debtors' books and records,

including tax returns filed in the State of California, and the California FTB Claims, the

Liquidating Trust objects to the California FTB Claims on the following grounds:

(a)    The amount of the claims asserted against each of CCSI, CCS-WC
and CC-PC by the California FTB are not reflected in the Debtors'
books and records;

(b)    Upon information and belief, the California FTB has asserted some

or all of the California FTB Claims based on improper or erroneous calculations of the taxes claimed;

(c)     Pursuant to some or all of the California FTB Claims, some or all of the claims were filed as protective claims in the event that there are adjustments to the Debtors' federal tax returns that give rise to additional liability and no such adjustments were made to the Debtors' federal tax returns;

(d)     Claim 12929 is duplicative of claims asserted by the California FTB in Claim 12927;and/or

(e)     The California FTB Claims do not provide any basis or support for the amounts of taxes claimed.

## RESERVATION OF RIGHTS

26.     The Liquidating Trust reserves the right to file objections to the California FTB Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim herein, including, without limitation, by submitting, declarations, affidavits, testimony, documents, memoranda or any other evidence or pleading to the Court.

## NOTICE AND PROCEDURE

27.     Notice of this Objection has been provided to the California FTB and to parties in interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

## WAIVER OF MEMORANDUM OF LAW

28.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Objection, the Liquidating Trust requests that

the requirement that all motions be accompanied by a written memorandum of law be

waived.

## **NO PRIOR RELIEF**

29.     No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court

enter an Order sustaining this Objection and granting such other and further relief as the

Court deems appropriate.

Dated: Richmond, Virginia        TAVENNER & BERAN, PLC
February 28, 2011


_/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## <u>EXHIBIT A</u>

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION
TO CLAIM NOS. 12927, 12928, 12929, 13593 AND 13594 FILED
<u>BY THE STATE OF CALIFORNIA FRANCHISE TAX BOARD</u>**

THIS MATTER having come before the Court[1] on the Liquidating Trust's Objection to Claim Nos. 12927, 12928, 12929, 13593 and 13594 (the "Objection"), which requested, among other things, that the California FTB Claims be disallowed in their entirety for the reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that the relief requested on the Objection is in the best interests of the Liquidating Trust, the Debtors' estates and creditors and other parties in interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      Claim 12927 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

3.      Claim 12928 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

4.      Claim 12929 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

5.      Claim 13593 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

6.      Claim 13594 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

7.      The Liquidating Trust's rights to object to any claim including

(without limitation) the California FTB Claims subject to the Objection, on any grounds

that applicable law permits, are not waived and are expressly reserved.

8.      The Liquidating Trust shall serve a copy of this Order on the

California FTB on or before five (5) business days from the entry of this Order.

9.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                        - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.


                                _____
                                Lynn L. Tavenner

**FORM B10** (Official Form 10) (12/03)

| UNITED STATES BANKRUPTCY COURT **Eastern District of Virginia** | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor <br> CIRCUIT CITY STORES, INC. | Case Number <br> 08-35653 |

NOTE: This form should not be used to make a claim for administrative expense arising after the commencement of the case. A "request" for payment on an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or entity to whom the debtor owes money or property): <br> FRANCHISE TAX BOARD <br><br> Name and address where notices should be sent <br> FRANCHISE TAX BOARD <br> Special Procedures Section <br> PO Box 2952 <br> Sacramento CA 95812-2952 <br> Telephone number: (916) 845-4750 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br> ☐ Check box if you have never received any notices from the bankruptcy court in this case. <br> ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: <br> 1019326 | CHECK HERE <br> IF THIS CLAIM | ☐ replaces <br> ☐ amends | a previously filed claim, dated: |
|---|---|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Service performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)

Last four digits of SS # _____

Unpaid compensation for services performed

from _____ to _____
　　　(date)　　　　　　　(date)

**2. Date debt was incurred:** 02/2003, 02/2004, 02/2005, 02/2006 & 02/2007

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**

| | $0.00 <br> (unsecured) | $0.00 <br> (secured) | $1,040,412.95 <br> (priority) | $1,040,412.95 <br> (total) |
|---|---|---|---|---|

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.　　　SEE ATTACHED
☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral:

Amount of arrearage and other charges at time case filed included in secured claim above, if any $0.00

**6. Unsecured Nonpriority Claim.**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $1,040,412.95　　　SEE ATTACHED
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
☒ Taxes or penalties owed to government units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a) (____)
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is For Court Use Only

RECEIVED
MAY 11 2009
KURTZMAN CARSON CONSULTANTS

| Date <br> 05/08/2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br><br> Original signed by: Fred Heltzel, Bankruptcy Manager | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FTB 6631 CC BC ARCS (REV 12-2005)　　　　　　　　SIDE 1



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
Special Procedures Section
PO BOX 2952
SACRAMENTO CA 95812-2952

FTB BANKRUPTCY SECTION : (916) 845-4750
FAX NUMBER                    : (916) 845-6786
BUSINESS HOURS            : 8:00 AM – 5:00 PM

## SIDE 2 OF PROOF OF CLAIM

**CASE NUMBER:**
08-35653

**ACCOUNT NUMBER:**
1019326

Circuit City Stores, Inc ET AL Claims Processing Dept.
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA Ave
EL SEGUNDO, CA 90245

**DEBTOR:**
CIRCUIT CITY STORES, INC.

**PETITION DATE:**
11/10/2008

**TYPE OF LIABILITY:**
BANK AND CORPORATION

## B A S I S   O F   L I A B I L I T Y   S T A T E M E N T

| CLAIM | BASIS | PERIOD | TAX | PENALTY | INTEREST * | COSTS | TOTAL CLAIM |
|-------|-------|--------|-----|---------|-----------|-------|-------------|
| B | 4 | 02/2003 | 0.00 | 0.00 | 87,835.41 | 0.00 | 87,835.41 |
| B | 4 | 02/2004 | 0.01 | 0.00 | 0.00 | 0.00 | 0.01 |
| B | 4 | 02/2005 | 0.01 | 0.00 | 0.00 | 0.00 | 0.01 |
| B | 4 | 02/2006 | 814,387.00 | 0.00 | 95,134.00 | 0.00 | 909,521.00 |
| B | 4 | 02/2007 | 40,737.00 | 0.00 | 2,319.52 | 0.00 | 43,056.52 |

\* Interest calculated to petition date

TO BE DETERMINED

**C L A I M**

A. Secured

B. Unsecured Priority

C. Unsecured general

D. Post Petition Claim for tax allowed under Title 11 U.S.B.C.

    Section 1305(a)(1)

**B A S I S**

1. Return filed without

2. Return filed with partial payment

3. No return filed (record of income
   or self-employment)

4. Audit assessment (FTB or IRS)

5. Other Assessment

## T A X   L I E N   I N F O R M A T I O N   F O R   S E C U R E D   C L A I M

| LIEN CERTIFICATE NUMBER | RECORDING DATE | COUNTY RECORDER OR SECRETARY OF STATE | RECORDING INFORMATION | TAX YEARS SECURED |
|-------------------------|----------------|---------------------------------------|-----------------------|-------------------|
|  |  |  |  |  |

The Franchise Tax Board Bankruptcy Section takes an active role in resolving bankruptcy issues.  The section can receive delinquent tax returns and encourages correspondence and telephone calls.  The section is committed to providing assistance to prevent unnecessary litigation.

FTB 6631 CC BCARCS (REV 12-2005)

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone (916) 845-4750 Fax (916) 845-9799

JOHN CHIANG
Chair

DR. JUDY CHU
Member

MICHAEL C. GENEST
Member

**Bankruptcy Case Number: 08-35653**
**Debtor Name:  Circuit City Stores, Inc Corp#1019326**

# ATTACHMENT

Circuit City Stores, Inc., Corp #1019326, Case#08-35653 is the parent of Circuit City West Coast Inc., Corp #1880893, Case #08-35654 and has elected to file a combined report as the Key Corporation.  The tax liability for Circuit City West Coast Inc. is Circuit City Stores, Inc. obligation; therefore they are liable for the entities debt.  Concurrently, Franchise Tax Board has filed separate claims for each entity.

Franchise Tax Board (FTB) reserves the right to amend this claim/request based on any audit or investigation of any filed income tax returns, or any other audit or investigation.

FTB reserves the right to amend this claim/request in accordance with applicable law, including, without limitation, modifying the amounts claimed as an administrative expense, secured, priority and unsecured for the purposes of this bankruptcy case.

FTB reserves the right to amend this claim/request to add additional penalties and interest.

FTB's claim, to the extent it is secured, is secured by all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the debtor(s) and located in this state.  (California Revenue & Taxation Code §19221; California Government Code § 7170.)  Should the value of the collateral be determined to be less than the amount of the secured claim or should the lien be avoided in whole or in part, FTB reserves the right to amend this claim to state its unsecured non-priority claim and its unsecured priority claim.

FTB may have a secured claim based upon our right to setoff.  Currently, FTB believes that Circuit City Stores, Inc is entitled to a refund for the 2/05 APE in the amount of $179,634.69.  Recently, FTB was notified that the debtor has filed amended returns with the IRS, which has not yet been accepted.  Based upon those returns, the debtor may have additional liability owing on that year.  Also, the debtor may be entitled to a refund for the 2/04 APE.  We are waiting for further information from the taxpayer to determine the effect this may have on FTB's claim.  FTB reserves the right to amend this claim to reflect the proper treatment and amounts of our claim.

Breakdown of claim as follows:  Please see attached chart

1.  Our priority claim for 2/03 APE is based on a NPA that went final 7/20/08.
2.  Our priority claim for the 2/04 APE is a protective claim for that year in the event that there are federal adjustments that give rise to additional liability.

**Bankruptcy Case Number: 08-35653**
**Debtor Name:  Circuit City Stores, Inc Corp#1019326**

3. Our priority claim for the 2/05 APE is a protective claim for that year in the event that there are federal adjustments that give rise to additional liability.
4. Our priority claim for 2/06 APE is based on the net amount owing for that year based on a proposed assessment after federal and state adjustments.
5. Our priority claim for 2/07 APE is based on net amount owing on that year based on a proposed assessment after state adjustments.

See Detailed Chart Below

|  | 2/03 | 2/04 | 2/05 | 2/06 | 2/07 |
|---|---|---|---|---|---|
| Circuit City Stores | 54,667.25 | unknown | unknown | (1,075,764) | (2,053) |
| Circuit City West Coast | 33,168.14 | unknown | unknown | 1,890,151 | 42,790 |
| Additional Tax | 87,835.39 | unknown | unknown | 814,387 | 40,737 |

2

EXHIBIT G

#12928

**FORM B10** (Official Form 10) (12/03)

| UNITED STATES BANKRUPTCY COURT **Eastern District of Virginia** | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>CIRCUIT CITY PURCHASING COMPANY, LLC | Case Number<br>08-35657 |
|---|---|

NOTE: This form should not be used to make a claim for administrative expense arising after the commencement of the case. A "request" for payment on an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or entity to whom the debtor owes money or property):
**FRANCHISE TAX BOARD**

Name and address where notices should be sent
FRANCHISE TAX BOARD
Special Procedures Section
PO Box 2952
Sacramento CA 95812-2952
Telephone number: (916) 845-4750

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
200424610284

CHECK HERE
IF THIS CLAIM

☐ replaces
☐ amends

a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold
☐ Service performed
☐ Money loaned
☐ Personal injury/wrongful death
☒ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Last four digits of SS # _____

Unpaid compensation for services performed

from _____ to _____
    (date)         (date)

**2. Date debt was incurred:**
2005,2006,2007,2008

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**

| $800.48<br>(unsecured) | $0.00<br>(secured) | $12236.75<br>(priority) | $13037.23<br>(total) |
|---|---|---|---|

SEE ATTACHED

☒ Check box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other

Value of Collateral: $0.00

Amount of arrearage and other charges at time case filed included in secured claim above, if any $0.00

**6. Unsecured Nonpriority Claim. $800.48**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $12236.75  SEE ATTACHED
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
☒ Taxes or penalties owed to government units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a) (___)
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

RECEIVED
MAY 11 2009
KURTZMAN CARSON CONSULTANTS

| Date<br>05/08/2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*for F.H.*<br>*[signature]* Original signed by: Fred Heltzel, Bankruptcy Manager |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

FTB 6631 CC LC ARCS (REV 12-2005)

SIDE 1

0835657090511000000000001



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
Special Procedures Section
PO BOX 2952
SACRAMENTO CA 95812-2952

FTB BANKRUPTCY SECTION : (916) 845-4750

FAX NUMBER : (916) 845-6786

BUSINESS HOURS : 8:00 AM – 5:00 PM

## SIDE 2 OF PROOF OF CLAIM

**CASE NUMBER:**
08-35657

**ACCOUNT NUMBER:**
200424610284

Circuit City Stores, Inc Et Al Claims Processing Dept.
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

**DEBTOR:**
CIRCUIT CITY PURCHASING

**PETITION DATE:**
11/10/2008

**TYPE OF LIABILITY:**
PARTNERSHIP

### BASIS OF LIABILITY STATEMENT

| CLAIM | BASIS | PERIOD | TAX | PENALTY | INTEREST * | COSTS | TOTAL CLAIM |
|-------|-------|--------|-----|---------|-----------|-------|-------------|
| B | 3 | 02/2005 | .01 | .00 | .00 | .00 | .01 |
| B | 2 | 02/2006 | .00 | .00 | 103.31 | .00 | 103.31 |
| B | 2 | 02/2008 | 11790.00 | .00 | 343.43 | .00 | 12133.43 |
| C | 2 | 02/2006 | .00 | 244.00 | 26.38 | .00 | 270.38 |
| C | 2 | 02/2007 | .00 | 523.97 | 6.13 | .00 | 530.10 |

* Interest calculated to petition date

**\* TO BE DETERMINED**

**C L A I M**

A. Secured

B. Unsecured Priority

C. Unsecured general

D. Post Petition Claim for tax allowed under Title 11 U.S.B.C.

    Section 1305(a)(1)

**B A S I S**

1. Return filed without

2. Return filed with partial payment

3. No return filed (record of income
    or self-employment)

4. Audit assessment (FTB or IRS)

5. Other Assessment

### TAX LIEN INFORMATION FOR SECURED CLAIM

| LIEN CERTIFICATE NUMBER | RECORDING DATE | COUNTY RECORDER OR SECRETARY OF STATE | RECORDING INFORMATION | TAX YEARS SECURED |
|-------------------------|----------------|---------------------------------------|-----------------------|-------------------|
| | | | | |

The Franchise Tax Board Bankruptcy Section takes an active role in resolving bankruptcy issues. The section can receive delinquent tax returns and encourages correspondence and telephone calls. The section is committed to providing assistance to prevent unnecessary litigation.

FTB 6631 CC BCARCS (REV 12-2005)

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone (916) 845-4750 Fax (916) 845-9799

JOHN CHIANG
Chair

BETTY T. YEE
Member

MICHAEL C. GENEST
Member

Bankruptcy Case Number: 08-35657
Debtor Name: CIRCUIT CITY PURCHASING COMPANY, LLC

## ATTACHMENT

Franchise Tax Board (FTB) reserves the right to amend this claim/request based on any audit or investigation of any filed income tax returns, or any other audit or investigation.

FTB reserves the right to amend this claim/request in accordance with applicable law, including, without limitation, modifying the amounts claimed as an administrative expense, secured, priority and unsecured for the purposes of this bankruptcy case.

FTB reserves the right to amend this claim/request to add additional penalties and interest.

FTB's claim, to the extent it is secured, is secured by all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the debtor(s) and located in this state.  (California Revenue & Taxation Code §19221; California Government Code § 7170.) Should the value of the collateral be determined to be less than the amount of the secured claim or should the lien be avoided in whole or in part, FTB reserves the right to amend this claim to state its unsecured non-priority claim and its unsecured priority claim.

FTB's records indicate an income tax return has <u>not</u> been filed for the following tax years: 02/2005.
Accordingly, FTB reserves the right to amend this claim/request based upon receipt of such income tax returns, any audit or investigation of such returns, or any other audit or investigation.

(Rev. 06/07)

**FORM B10** (Official Form 10) (12/03)

| UNITED STATES BANKRUPTCY COURT **Eastern District of Virginia** | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>CIRCUIT CITY STORES WEST COAST, INC. | Case Number<br>08-35654 | |
|---|---|---|

NOTE: This form should not be used to make a claim for administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or entity to whom the debtor owes money or property):
**FRANCHISE TAX BOARD**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent
FRANCHISE TAX BOARD
Special Procedures Section
PO Box 2952
Sacramento CA 95812-2952
Telephone number: (916) 845-4750

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
1880893

CHECK HERE
IF THIS CLAIM
☐ replaces
☐ amends
a previously filed claim, dated:

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Service performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Last four digits of SS # _____

Unpaid compensation for services performed

from _____ to _____
   (date)           (date)

**2. Date debt was incurred:**
02/2003, 02/2004, 02/2005, 02/2006 & 02/2007

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**

| $0.00<br>(unsecured) | $0.00<br>(secured) | $985,745.68<br>(priority) | $985,745.68<br>(total) |
|---|---|---|---|

SEE ATTACHED

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral:  $

Amount of arrearage and other charges at time case filed included in secured claim above, if any $0.00

**6. Unsecured Nonpriority Claim.**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $985,745.68
Specify the priority of the claim:    SEE ATTACHED
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
☒ Taxes or penalties owed to government units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is For Court Use Only

**RECEIVED**
MAY 1 1 2009
KURTZMAN CARSON CONSULTANTS

| Date<br>05/08/2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>*[signature]*  for D. H.<br>Original signed by: Fred Heltzel, Bankruptcy Manager |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

SIDE 1

FTB 6631 CC BC ARCS (REV 12-2005)

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

0835654090511000000000001



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
Special Procedures Section
PO BOX 2952
SACRAMENTO CA 95812-2952

FTB BANKRUPTCY SECTION : (916) 845-4750
FAX NUMBER                        : (916) 845-6786
BUSINESS HOURS            : 8:00 AM – 5:00 PM

## SIDE 2 OF PROOF OF CLAIM

**CASE NUMBER:**
08-35654

**ACCOUNT NUMBER:**
1880893

Circuit City Stores, Inc ET AL Claims Processing Dept.
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA Ave
EL SEGUNDO, CA 90245

**DEBTOR:**
CIRCUIT CITY STORES WEST

**PETITION DATE:**
11/10/2008

**TYPE OF LIABILITY:**
BANK AND CORPORATION

### BASIS OF LIABILITY STATEMENT

| CLAIM | BASIS | PERIOD | TAX | PENALTY | INTEREST * | COSTS | TOTAL CLAIM |
|-------|-------|--------|-----|---------|-----------|-------|-------------|
| B | 4 | 02/2003 | 0.00 | 0.00 | 33,168.14 | 0.00 | 33,168.14 |
| B | 4 | 02/2004 | 0.01 | 0.00 | 0.00 | 0.00 | 0.01 |
| B | 4 | 02/2005 | 0.01 | 0.00 | 0.00 | 0.00 | 0.01 |
| B | 4 | 02/2006 | 814,387.00 | 0.00 | 95,134.00 | 0.00 | 909,521.00 |
| B | 4 | 02/2007 | 40,737.00 | 0.00 | 2,319.52 | 0.00 | 43,056.52 |

* Interest calculated to petition date

* TO BE DETERMINED

CLAIM

A. Secured

B. Unsecured Priority

C. Unsecured general

D. Post Petition Claim for tax allowed under Title 11 U.S.B.C.

Section 1305(a)(1)

BASIS

1. Return filed without

2. Return filed with partial payment

3. No return filed (record of income
   or self-employment)

4. Audit assessment (FTB or IRS)

5. Other Assessment

### TAX LIEN INFORMATION FOR SECURED CLAIM

| LIEN CERTIFICATE NUMBER | RECORDING DATE | COUNTY RECORDER OR SECRETARY OF STATE | RECORDING INFORMATION | TAX YEARS SECURED |
|-------------------------|----------------|----------------------------------------|------------------------|---------------------|
| | | | | |

The Franchise Tax Board Bankruptcy Section takes an active role in resolving bankruptcy issues.  The section can receive delinquent tax returns and encourages correspondence and telephone calls.  The section is committed to providing assistance to prevent unnecessary litigation.

FTB 6631 CC BCARCS (REV 12-2005)

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone (916) 845-4750 Fax (916) 845-9799

JOHN CHIANG
Chair

DR. JUDY CHU
Member

MICHAEL C. GENEST
Member

**Bankruptcy Case Number: 08-35654**
**Debtor Name:  Circuit City Stores West Coast, Inc Corp#1880893**

# ATTACHMENT

Circuit City Stores West Coast, Inc., Corp #1880893, Case#08-35654 has elected to file a combined report with Circuit City Stores, Inc., the Key Corporation.   Although Circuit City Stores is liable for all tax years related to such tax years the debtor remains liable for its own tax liability.   Concurrently, Franchise Tax Board has filed separate claims for each entity.

Franchise Tax Board (FTB) reserves the right to amend this claim/request based on any audit or investigation of any filed income tax returns, or any other audit or investigation.

FTB reserves the right to amend this claim/request in accordance with applicable law, including, without limitation, modifying the amounts claimed as an administrative expense, secured, priority and unsecured for the purposes of this bankruptcy case.

FTB reserves the right to amend this claim/request to add additional penalties and interest.

FTB's claim, to the extent it is secured, is secured by all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the debtor(s) and located in this state.  (California Revenue & Taxation Code §19221; California Government Code § 7170.) Should the value of the collateral be determined to be less than the amount of the secured claim or should the lien be avoided in whole or in part, FTB reserves the right to amend this claim to state its unsecured non-priority claim and its unsecured priority claim.

FTB may have a secured claim based upon our right to setoff.  Currently, FTB believes that Circuit City Stores, Inc is entitled to a refund for the 2/05 APE in the amount of $179,634.69.  Recently, FTB was notified that the debtor has filed amended returns with the IRS, which has not yet been accepted.  Based upon those returns, the debtor may have additional liability owing on that year.  Also, the debtor may be entitled to a refund for the 2/04 APE.  We are waiting for further information from the taxpayer to determine the effect this may have on FTB's claim.  FTB reserves the right to amend this claim to reflect the proper treatment and amounts of our claim.

Breakdown of claim as follows:  Please see attached chart

1. Our priority claim for 2/03 APE is based on a NPA that went final 7/20/08.
2. Our priority claim for the 2/04 APE is a protective claim for that year in the event that there are federal adjustments that give rise to additional liability.

3.  Our priority claim for the 2/05 APE is a protective claim for that year in the event that there are federal adjustments that give rise to additional liability.
4.  Our priority claim for 2/06 APE is based on the net amount owing for that year based on a proposed assessment after federal and state adjustments.
5.  Our priority claim for 2/07 APE is based on net amount owing on that year based on a proposed assessment after state adjustments.

See Detailed Chart Below

|  | 2/03 | 2/04 | 2/05 | 2/06 | 2/07 |
|---|---|---|---|---|---|
| Circuit City Stores | 54,667.25 | unknown | unknown | (1,075,764) | (2,053) |
| Circuit City West Coast | 33,168.14 | unknown | unknown | 1,890,151 | 42,790 |
| Additional Tax | 87,835.39 | unknown | unknown | 814,387 | 40,737 |

EXHIBIT E

#13593

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
Special Procedures Section
PO BOX 2952
SACRAMENTO CA 95812-2952

Notice Date: 06/17/2009

## REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

Claims Agent Circuit City Stores Inc.
Claims Processing Department
2335 Alaska Avenue
El Segundo, CA 90245

☒ **Date Stamped Copy Returned**
☐ **No self addressed stamped envelope**
☐ **No copy to return**

*In the Matter of* : CIRCUIT CITY PURCHASING COMPANY, LLC

| Bankruptcy Case Number | Chapter | Petition Date | Type of Liability | FTB Account Number | Amount Due |
|---|---|---|---|---|---|
| 0835657 | 11 | 11/10/2008 | PARTNERSHIP | 200424610284000 | 844.22 |

1. The undersigned, whose business address is shown above, is an agent of the Franchise Tax Board of the State of California and is authorized to make this request for payment on behalf of the Franchise Tax Board.
2. This debt is for taxes due under the Revenue and Taxation Code of the State of California.
3. All payments on this debt have been deducted for the purpose of making this request for payment.
4. Request is made for payment of the administrative expenses described below.

### Administrative Expense

| Taxable Period | Tax Due | Penalty to Date | Interest to Date | Costs to Date | Total to Date |
|---|---|---|---|---|---|
| 02/28/2010 | 800.00 | 44.00 | 0.22 | 0.00 | 844.22 |

**RECEIVED**

JUN 22 2009

KURTZMANCARSONCONSULTANTS

5. Interest compounded daily accrues at the rate established in the Revenue and Taxation Code of the State of California. If the amount due shown above is not paid within 15 days, contact the Bankruptcy Section for the current amount due at the time of payment.
6. **Make check payable to the Franchise Tax Board and mail it to the business address shown above.**

| AUTHORIZED REPRESENTATIVE | TELEPHONE NUMBER |
|---|---|
| | (916) 845-4750 |

The Franchise Tax Board Bankruptcy Section takes an active role in resolving bankruptcy issues. The section can receive delinquent tax returns and encourages correspondence and telephone calls. The section is committed to providing assistance to prevent unnecessary litigation.

FAX:    (916) 845-6786         BUSINESS HOURS:    7:30AM – 4:00PM

FTB 6928 C LC ARCS (REV 03-1999)



0835657090622000000000001



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone (916) 845-4750 Fax (916) 845-9799

JOHN CHIANG
Chair

BETTY T. YEE
Member

MICHAEL C. GENEST
Member

Bankruptcy Case Number: 0835657
Debtor Name: CIRCUIT CITY PURCHASING COMPANY, LLC

## ATTACHMENT

Franchise Tax Board (FTB) reserves the right to amend this claim/request based on any audit or investigation of any filed income tax returns, or any other audit or investigation.

FTB reserves the right to amend this claim/request in accordance with applicable law, including, without limitation, modifying the amounts claimed as an administrative expense, secured, priority and unsecured for the purposes of this bankruptcy case.

FTB reserves the right to amend this claim/request to add additional penalties and interest.

FTB's claim, to the extent it is secured, is secured by all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the debtor(s) and located in this state. (California Revenue & Taxation Code §19221; California Government Code § 7170.) Should the value of the collateral be determined to be less than the amount of the secured claim or should the lien be avoided in whole or in part, FTB reserves the right to amend this claim to state its unsecured non-priority claim and its unsecured priority claim.

FTB's records indicate an income tax return has <u>not</u> been filed for the following tax years:
    12/2010

Accordingly, FTB reserves the right to amend this claim/request based upon receipt of such income tax returns, any audit or investigation of such returns, or any other audit or investigation.

(Rev. 06/07)

**FRANCHISE TAX BOARD**
Special Procedures Section
PO BOX 2952
SACRAMENTO CA 95812-2952

Notice Date: 06/17/2009

# REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

Circuit City Stores Inc.
Claims Processing Department
Kurtzman Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

*In the Matter of* : CIRCUIT CITY STORES, INC.

| Bankruptcy Case Number | Chapter | Petition Date | Type of Liability | FTB Account Number | Amount Due |
|---|---|---|---|---|---|
| 0835653 | 11 | 11/10/2008 | BANK AND CORPORATION | 1019326000 | 5019.62 |

1. The undersigned, whose business address is shown above, is an agent of the Franchise Tax Board of the State of California and is authorized to make this request for payment on behalf of the Franchise Tax Board.
2. This debt is for taxes due under the Revenue and Taxation Code of the State of California.
3. All payments on this debt have been deducted for the purpose of making this request for payment.
4. Request is made for payment of the administrative expenses described below.

### Administrative Expense

| Taxable Period | Tax Due | Penalty to Date | Interest to Date | Costs to Date | Total to Date |
|---|---|---|---|---|---|
| 02/28/2010 | 4800.00 | 219.62 | 0.00 | 0.00 | 5019.62 |

**RECEIVED**

JUN 22 2009

KURTZMANCARSONCONSULTANTS

5. Interest compounded daily accrues at the rate established in the Revenue and Taxation Code of the State of California. If the amount due shown above is not paid within 15 days, contact the Bankruptcy Section for the current amount due at the time of payment.
6. **Make check payable to the Franchise Tax Board and mail it to the business address shown above.**

| AUTHORIZED REPRESENTATIVE | TELEPHONE NUMBER |
|---|---|
|  | (916) 845-4750 |

The Franchise Tax Board Bankruptcy Section takes an active role in resolving bankruptcy issues. The section can receive delinquent tax returns and encourages correspondence and telephone calls. The section is committed to providing assistance to prevent unnecessary litigation.

FAX:    (916) 845-6786    BUSINESS HOURS:    7:30AM – 4:00PM

FTB 6928 C LC ARCS (REV 03-1999)


0835653090622000000000020

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone (916) 845-4750 Fax (916) 845-9799

JOHN CHIANG
Chair

BETTY T. YEE
Member

MICHAEL C. GENEST
Member

Bankruptcy Case Number: 0835653
Debtor Name: CIRCUIT CITY STORES, INC.

## ATTACHMENT

Franchise Tax Board (FTB) reserves the right to amend this claim/request based on any audit or investigation of any filed income tax returns, or any other audit or investigation.

FTB reserves the right to amend this claim/request in accordance with applicable law, including, without limitation, modifying the amounts claimed as an administrative expense, secured, priority and unsecured for the purposes of this bankruptcy case.

FTB reserves the right to amend this claim/request to add additional penalties and interest.

FTB's claim, to the extent it is secured, is secured by all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the debtor(s) and located in this state.  (California Revenue & Taxation Code §19221; California Government Code § 7170.) Should the value of the collateral be determined to be less than the amount of the secured claim or should the lien be avoided in whole or in part, FTB reserves the right to amend this claim to state its unsecured non-priority claim and its unsecured priority claim.

(Rev. 06/07)