Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al., | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S OBJECTION TO
## CLAIM NOS.  2300 AND 11861 FILED BY THE STATE OF NEW JERSEY

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim Nos. 2300 and 11861 Filed by the State of New Jersey (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the Claims in their entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.                    Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Andrew W. Caine, Esq.                         Paula S. Beran, Esq. (VA Bar No. 34679)
(admitted *pro hac vice*)                     TAVENNER & BERAN, PLC
PACHULSKI STANG ZIEHL & JONES LLP             20 North Eighth Street, 2nd Floor
10100 Santa Monica Boulevard                  Richmond, Virginia 23219
Los Angeles, California 90067-4100            Telephone: (804) 783-8300
Telephone: (310) 277-6910                     Telecopy:   (804) 783-0178
Telecopy:   (310) 201-0760

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### <u>Procedures for Filing a Timely Response and</u><br><u>Information Regarding the Hearing on the Objection</u>

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

    a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

    d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**. You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**. Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by
the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders
otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any
other Claims or causes of action you may have filed or that have been scheduled by the Debtors)
at a later date on any grounds or bases.  In such event, you will receive a separate notice of any
such objections.


Dated:    February 28, 2011

/s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
            pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
            acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

EXHIBIT 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and -

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

**LIQUIDATING TRUST'S OBJECTION TO CLAIM NOS. 2300
AND 11861 FILED BY THE STATE OF NEW JERSEY**

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"),

through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust (the

"<u>Trustee</u>"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-

captioned cases, hereby files its Objection (the "Objection") to Claim No. 2300 ("Claim

2300") and Claim No. 11861 (the "Claim 11861" and, collectively with Claim 2300, the

"New Jersey Claims") filed by the Division of Taxation of the Department of the Treasury

of the State of New Jersey (the "New Jersey DOT"), and hereby moves this court (the

"Court"), pursuant to sections 105, 502 and 503 of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule

3007-1, for an order, the proposed form of which is attached hereto as **Exhibit A**, granting

the relief sought by this Objection.  In support of the Objection the Liquidating Trust

respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors

(collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),

*(cont'd)*

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

_____
*(cont'd from previous page)*
  Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, entered an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including the prosecution of Causes of Action and

objections to claims.

## FACTS RELEVANT TO NEW JERSEY CLAIMS

### A.    The Debtors' Prepetition Operations

12.    Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("CCSI")
was a retailer of products and services that operated retail stores across the United States.
CCSI was headquartered and commercially domiciled in Virginia.  Debtor Circuit City
Stores West Coast, Inc. ("CCS-WC") was an operating entity under CCSI and was
engaged in the operation of retail stores in the western United States.  CCS-WC was
created on February 3, 1994, with the contribution of CCSI's West Coast division,
including all Circuit City retail outlets in the states of Arizona, California, and Nevada, as
well as CCSI's West Coast division headquarters in Walnut, California.  CCS-WC was
established in order to allow the Debtors to more effectively manage the performance of
their retail operations on the west coast of the United States.  Since its creation and prior to
the Petition Date, CCS-WC expanded its operations to include all Circuit City retail
operations in the states of Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah, and
Wyoming.  Since 2002, CCS-WC maintained its headquarters in Colorado, from which
location it managed its retail operations.

13.    First North American National Bank ("FNANB") was a wholly-
owned subsidiary of Debtor CCSI.  FNANB was incorporated in 1990 as a federally
chartered limited purpose bank that was commercially domiciled in Georgia.  FNANB
issued private label cards for use in the Debtors' stores as well as Visa and Mastercard
credit cards.  FNANB maintained its headquarters outside of New Jersey.  All of
FNANB's employees were located outside of New Jersey and FNANB conduct virtually

all of its credit card operations outside of New Jersey.  On or about July 31, 2004, FNANB surrendered its charter and dissolved.  FNANB is not a Debtor in these Cases.

**B.**     **Procedural Background Relating to New Jersey Claims**

14.     Prior to the Petition Date in the ordinary course of business, the Debtors recorded liabilities, if any, on their books and records based on state and local tax law applicable to businesses operating in New Jersey.  Debtors CCSI and CCS-WC timely filed New Jersey Corporation Business Tax returns for all of the tax periods at issue in the New Jersey Claims.  Based on their review of applicable law prior to 2007, the Debtors understood that FNANB was not required to file tax returns in New Jersey.  As such, FNANB did not historically file New Jersey Corporation Business Tax Returns.  However, in 2007, as result of changes in state tax law and state court cases regarding taxation of credit card companies, FNANB entered into a voluntary Disclosure Agreement (the "VDA") with the State of New Jersey.  On July 27, 2007, pursuant the VDA, FNANB filed New Jersey Corporation Business Tax Returns for the fiscal years at issue in the New Jersey Claims (*e.g.*, fiscal years ending February 29, 2002, February 28, 2003, February 29, 2004 and July 31, 2004).

**C.**     **The New Jersey Claims**

15.     Through the New Jersey Claims, the New Jersey DOT asserts claims against the Debtors in the total amount of $2,239,768.50 as follows:

16.     On or about December 22, 2008, the New Jersey DOT filed Claim 2300 against Debtors CCSI and CCS-WC.  Through Claim 2300, the New Jersey DOT asserts (a) a priority unsecured claim in the amount of $271,769.26 against Debtor CCSI on account of unpaid sales and use tax and (b) a priority unsecured claim in the amount of

$5,000 against Debtor CCS-WC on account of unpaid Corporation Business Tax.  A true and correct copy of Claim 2300 is attached hereto as **Exhibit B**.

17.     On or about February 19, 2009, the New Jersey DOT filed Claim 11861 against Debtors CCSI and CCS-WC and non-Debtor FNANB.  Through Claim 11861, the New Jersey DOT State asserts (a) a general unsecured claim in the amount of $1,116,289.24 against Debtor CCSI on account of unpaid Corporation Business Tax, (b) a general unsecured claim in the amount of $841,710.00 on account of unpaid Corporation Business Tax against FNANB and (c) a general unsecured claim in the amount of $5,000 against Debtor CCS-WC on account of unpaid Corporation Business Tax.  A true and correct copy of Claim 11861 is attached hereto as **Exhibit C**.

## OBJECTION TO NEW JERSEY CLAIMS

18.     By this Objection, the Liquidating Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, disallowing the New Jersey Claims in their entirety.

## BASIS FOR OBJECTION

A.     **Applicable Law**

19.     Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim."  The New Jersey Claims do not provide any information regarding the basis for or calculation of the amounts of the claims asserted therein.

20.     Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of he claim." A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim." *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.*

*Union Entities (In re Be-Mac Transport Co.*), 83 F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence. *See Frank*, 322 Br. at 754. Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the

ultimate burden of proof. *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22

(2000).

      21. Although Bankruptcy Rule 3001(f) provides that a valid proof of

claim constitutes prima facie evidence of the validity and amount of a claim, requests for

administrative expense payment are not given the same evidentiary weight as proofs of

claim. *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007)

(citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148,

149 (Bankr. D. Md. 1985)).

**B.**      **Objection to New Jersey Claims**

      22. Based on the Trustee's review of the Debtors' books and records,

including tax returns filed in the state of New Jersey, and the New Jersey Claims, the

Liquidating Trust objects to the New Jersey Claims on the following grounds:

      (a)      The amount of the claims asserted against each of CCSI, CCS-WC
              and FNANB by the New Jersey DOT are not reflected in the
              Debtors' books and records;

      (b)      FNANB is not a Debtor in these Cases and thus, any claim against it

8

should be disallowed in its entirety;

(c)    Upon information and belief, the New Jersey DOT has asserted some or all of the New Jersey Claims based on improper or erroneous calculations of the taxes claimed; and

(d)    The New Jersey Claims do not provide any basis or support for the amounts of taxes claimed.

## RESERVATION OF RIGHTS

23.    As noted above, the Liquidating Trust reserves the right to file objections to the New Jersey Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim herein, including, without limitation, by submitting, declarations, affidavits, testimony, documents, memoranda or any other evidence or pleading to the Court.

## NOTICE AND PROCEDURE

24.    Notice of this Objection has been provided to the New Jersey DOT and to parties in interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

## WAIVER OF MEMORANDUM OF LAW

25.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

26.    No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court

enter an Order sustaining this Objection and granting such other and further relief as the

Court deems appropriate.

Dated: Richmond, Virginia            TAVENNER & BERAN, PLC
       February 28, 2011

                                       _/s/ Paula S. Beran_____
                                       Lynn L. Tavenner (VA Bar No. 30083)
                                       Paula S. Beran (VA Bar No. 34679)
                                       20 North Eighth Street, 2nd Floor
                                       Richmond, Virginia 23219
                                       (804) 783-8300

                                                 - and -

                                       PACHULSKI STANG ZIEHL & JONES LLP
                                       Jeffrey N. Pomerantz, Esq.
                                       Andrew W. Caine, Esq.
                                       10100 Santa Monica Boulevard
                                       Los Angeles, California 90067-4100
                                       (310) 277-6910

                                                 - and –

                                       PACHULSKI STANG ZIEHL & JONES LLP
                                       Robert J. Feinstein, Esq.
                                       780 Third Avenue, 36th Floor
                                       New York, New York 10017
                                       (212) 561-7700

                                       *Counsel to the Circuit City Stores, Inc.*
                                       *Liquidating Trust*

## EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO CLAIMS
NOS. 2300 AND 11861 FILED BY THE STATE OF NEW JERSEY**

THIS MATTER having come before the Court[1] on the Liquidating Trust's

Objection to Claim Nos. 2300 and 11861 (the "Objection"), which requested, among other

things, that the New Jersey Claims be disallowed in their entirety for the reasons set forth

in the Objection; and it appearing that due and proper notice and service of the Objection

as set forth therein was good and sufficient and that no other further notice or service of the

Objection need be given; and it appearing that the relief requested on the Objection is in

the best interest of the Liquidating Trust, the Debtors' estates and creditors and other

parties in interest; and after due deliberation thereon good and sufficient cause exists for

the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      Claim 2300 shall be disallowed in its entirety for all purposes in the

Debtors' Cases.

3.      Claim 11861 shall be disallowed in its entirety for all purposes in

the Debtors' Cases.

4.      The Liquidating Trust's rights to object to any claim including

(without limitation) the New Jersey Claims subject to the Objection, on any grounds that

applicable law permits, are not waived and are expressly reserved.

5.      The Liquidating Trust shall serve a copy of this Order on the State

on or before five (5) business days from the entry of this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                          - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                          - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


_____
Lynn L. Tavenner





RICHMOND DIVISION

F I L E D

DEC 2 2 2008

F I L E D

CLERK
U.S. BANKRUPTCY COURT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT of VIRGINIA (Richmond)**
**PROOF of CLAIM**

In the matter of: **Circuit City Stores, Inc.**        Docket No: **08-35653-KRH Jointly Administered**
                                                   Chapter **11** Proceedings

Debtor:

1.   This proof is made for the claimant named below by the undersigned individual who is duly authorized to
     make this claim on behalf of the claimant, which is:

                              **State of New Jersey**
                         **Department of Treasury**
                            **Division of Taxation**
                                **PO BOX 245**
                       **Trenton, New Jersey  08695-0245**

2.   The debtor was, **AT** the time of the filing of the petition initiating this case, and still indebted (or liable)
     to this claimant by reason of failure to pay New Jersey State taxes due, as shown in the itemized schedule
     attached hereto.

3.   This claim, in the amount of **$ 276,769.26** does not include penalties accrued under applicable law, and
     no part of the foregoing amount has been paid, and the entries amount is due and payable.

4.   This claim is not subject to any set-off or counterclaim, and no note has been received for said debt, and
     no security other than that provided by statue is held therefor.

5.   This is filed as a (n) **PRIORITY PROOF OF CLAIM.**

Date: /2-12-08        Signed: _____
                                    Michael Reading
                                    Authorized Agent
                          For the New Jersey Division of Taxation

United States Bankruptcy Court              ID No: B 540-493-875/000
EASTERN DISTRICT of VIRGINIA                       B 954-460-785/000
Bankruptcy Clerk                                    tlc
U.S. Courthouse, Suite 4000
701 East broad Street                              **RECEIVED**
Richmond, VA 23219-1888
                                                   DEC 3 0 2008

                                                   KURTZMAN CARSON CONSULTANTS

■ **Date Stamped Copy Returned**
☐ **No self addressed stamped envelope**
☐ **No copy to return**



0835653081222000000000108



### *State of New Jersey*
DEPARTMENT OF THE TREASURY
DIVISION OF TAXATION
PO BOX 245
TRENTON, NEW JERSEY 08695-0245

IN THE MATTER OF: **Circuit City Stores, Inc.**

CASE NO: **08-35653-KRH Jointly Administered**

TAX IDENTIFICATION NO: **B 540-493-875/000**

## TAXPAYER SCHEDULE OF LIABILITIES

| TYPE OF TAX | RETURN PERIOD | ITEM TYPE | TAX LIABILITY | PENALTY | INTEREST | AMOUNT CREDITED | BALANCE DUE |
|---|---|---|---|---|---|---|---|
| S&U | 07/01-09/05 | AUDIT | 167,521.65 | | 104,247.61 | | 271,769.26 |

**TOTAL S&U DUE**      **$271,769.26**

Delinquent:  No Return – Estimated Tax Liability
Deficient    Underpayment
S&U:         Sales and Use Tax
CBT:         Corporation Business Tax
GIT-ER:      Gross Income tax – Employer Withholding
COST         Cost of Judgment
RF:          Recovery Fee

IN REPLY REFER TO:
Timothy L. Cole

(609) 292-0267



*State of New Jersey*
DEPARTMENT OF THE TREASURY
DIVISION OF TAXATION
PO BOX 245
TRENTON, NEW JERSEY 08695-0245

IN THE MATTER OF: **Circuit City Stores West Coast Inc**

CASE NO: **08-35653-KRH Jointly Administered**

TAX IDENTIFICATION NO: **B 954-460-785/000**

### TAXPAYER SCHEDULE OF LIABILITIES

| TYPE OF TAX | RETURN PERIOD | ITEM TYPE | TAX LIABILITY | PENALTY | INTEREST | AMOUNT CREDITED | BALANCE DUE |
|---|---|---|---|---|---|---|---|
| CBT | 03/04-02/05 | IRA | 5,000.00 | | | | 5,000.00 |

**TOTAL IRA DUE**        **$5,000.00**

| | |
|---|---|
| Delinquent: | No Return – Estimated Tax Liability |
| Deficient | Underpayment |
| S&U: | Sales and Use Tax |
| CBT: | Corporation Business Tax |
| GIT-ER: | Gross Income tax – Employer Withholding |
| COST | Cost of Judgment |
| RF: | Recovery Fee |

IN REPLY REFER TO:
Timothy L. Cole

(609) 292-0267

EXHIBIT C

#11861





RICHMOND DIVISION

F
I
L
E
D

FEB 1 9 2009

F
I
L
E
D

CLERK
U.S. BANKRUPTCY COURT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT of VIRGINIA (Richmond)**
**PROOF of CLAIM**

In the matter of: **Circuit City Stores, Inc.**          Docket No: **08-35653-KRH Jointly Admin.**
                                                          Chapter 11 Proceedings

Debtor:

1.      This proof is made for the claimant named below by the undersigned individual who is duly authorized to
        make this claim on behalf of the claimant, which is:

                    **State of New Jersey**
                    **Department of Treasury**
                    **Division of Taxation**
                    **PO BOX 245**
                    **Trenton, New Jersey  08695-0245**

2.      The debtor was, **AT** the time of the filing of the petition initiating this case, and still indebted (or liable)
        to this claimant by reason of failure to pay New Jersey State taxes due, as shown in the itemized schedule
        attached hereto.

3.      This claim, in the amount of **$ 1,962,999.24** does not include penalties accrued under applicable law, and
        no part of the foregoing amount has been paid, and the entries amount is due and payable.

4.      This claim is not subject to any set-off or counterclaim, and no note has been received for said debt, and
        no security other than that provided by statue is held therefor.

5.      This is filed as a (n) **1ˢᵗ AMENDED GENERAL UNSECURED PROOF OF CLAIM.**

Date: 2-6-09          Signed:
                                        Michael Reading
                                        Authorized Agent
                                        For the New Jersey Division of Taxation

United States Bankruptcy Court          ID No: B 540-493-875/000
Eastern District of Virginia                   B 954-460-785/000
Bankruptcy Clerk                               B 581-897-792/000
U.S. Courthouse, Suite 4000                                        tlc
701 East Broad Street                                     **RECEIVED**
Richmond, VA 23219-1888

        ■ Date Stamped Copy Returned               MAR 0 6 2009
        □ No self addressed stamped envelope
        □ No copy to return                        KURTZMAN CARSON CONSULTANTS


0835653090219000000000023

## *State of New Jersey*
### DEPARTMENT OF THE TREASURY
### DIVISION OF TAXATION
### PO BOX 245
### TRENTON, NEW JERSEY 08695-0245

IN THE MATTER OF: **Circuit City Stores, Inc.**

CASE NO: **08-35653-KRH Jointly Administered**

TAX IDENTIFICATION NO: **B 540-493-875/000**

### TAXPAYER SCHEDULE OF LIABILITIES

| TYPE OF TAX | RETURN PERIOD | ITEM TYPE | TAX LIABILITY | PENALTY | INTEREST | AMOUNT CREDITED | BALANCE DUE |
|---|---|---|---|---|---|---|---|
| CBT | 03/01-02/02 | AUDIT | 635,831.56 | | 480,457.68 | | 1,116,289.24 |

**TOTAL CBT DUE**    **$1,116,289.24**

| | |
|---|---|
| Delinquent: | No Return - Estimated Tax Liability |
| Deficient | Underpayment |
| S&U: | Sales and Use Tax |
| CBT: | Corporation Business Tax |
| GIT-ER: | Gross Income tax – Employer Withholding |
| COST | Cost of Judgment |
| RF: | Recovery Fee |

IN REPLY REFER TO:
Timothy L. Cole

(609) 292-0267

*State of New Jersey*
DEPARTMENT OF THE TREASURY
DIVISION OF TAXATION
PO BOX 245
TRENTON, NEW JERSEY 08695-0245

IN THE MATTER OF: **First North American National Bank**

CASE NO: **08-35653-KRH Jointly Administered**

TAX IDENTIFICATION NO: **B 581-897-792/000**

## TAXPAYER SCHEDULE OF LIABILITIES

| TYPE OF TAX | RETURN PERIOD | ITEM TYPE | TAX LIABILITY | PENALTY | INTEREST | AMOUNT CREDITED | BALANCE DUE |
|---|---|---|---|---|---|---|---|
| CBT-FN | 03/01-02/02 | AUDIT | 341,573.00 | | 387,682.00 | | 729,255.00 |
| CBT-FN | 03/02-02/03 | AUDIT | 32,600.00 | | 21,760.00 | | 54,360.00 |
| CBT-FN | 03/03-02/04 | AUDIT | 35,890.00 | | 19,785.00 | | 55,675.00 |
| CBT-FN | 03/04-07/04 | AUDIT | 1,500.00 | | 920.00 | | 2,420.00 |

**TOTAL AUDIT DUE**       **$841,710.00**

| | |
|---|---|
| Delinquent: | No Return – Estimated Tax Liability |
| Deficient | Underpayment |
| S&U: | Sales and Use Tax |
| CBT: | Corporation Business Tax |
| GIT-ER: | Gross Income tax – Employer Withholding |
| COST | Cost of Judgment |
| RF: | Recovery Fee |

IN REPLY REFER TO:

Timothy L. Cole

(609) 292-0267

## *State of New Jersey*
### DEPARTMENT OF THE TREASURY
### DIVISION OF TAXATION
### PO BOX 245
### TRENTON, NEW JERSEY 08695-0245

IN THE MATTER OF: **Circuit City Stores West Coast Inc**

CASE NO: **08-35653-KRH Jointly Administered**

TAX IDENTIFICATION NO: **B 954-460-785/000**

## TAXPAYER SCHEDULE OF LIABILITIES

| TYPE OF TAX | RETURN PERIOD | ITEM TYPE | TAX LIABILITY | PENALTY | INTEREST | AMOUNT CREDITED | BALANCE DUE |
|---|---|---|---|---|---|---|---|
| CBT | 03/03-02/04 | IRA | 5,000.00 | | | | 5,000.00 |

**TOTAL IRA DUE**    **$5,000.00**

| | |
|---|---|
| Delinquent: | No Return - Estimated Tax Liability |
| Deficient | Underpayment |
| S&U: | Sales and Use Tax |
| CBT: | Corporation Business Tax |
| GIT-ER: | Gross Income tax – Employer Withholding |
| COST | Cost of Judgment |
| RF: | Recovery Fee |

IN REPLY REFER TO:
Timothy L. Cole

(609) 292-0267