Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

## NOTICE OF LIQUIDATING TRUST'S OBJECTION
## TO CLAIM NOS. 12002, 13186 AND 13187 FILED
## <u>BY THE CALIFORNIA BOARD OF EQUALIZATION</u>

    **PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim Nos. 12002, 13186 and 13187 Filed By The California Board Of Equalization (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to (a) disallow the Claim 12002 in entirety, (b) reduce the amount of Claim 13186 to from $325,605.29 to $174,339.35, (c) reduce the amount of Claim 13187 from $2,529,699.69 to $2,257,771.47, and (d) reclassify Claim 13186 and Claim 13187 as unsecured claims entitled to priority pursuant to Bankruptcy Code section 507(a)(8).

    **PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and

requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and**</u>
<u>**Information Regarding the Hearing on the Objection**</u>

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;
>
> c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

3

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

4

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    February 28, 2011

          */s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
       pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
     acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and -

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) Case No. 08-35653 (KRH) <br> ) |
| Debtors. | ) <br> ) Jointly Administered <br> ) |

**LIQUIDATING TRUST'S OBJECTION TO CLAIM
NOS. 12002, 13186 AND 13187 FILED BY THE
<u>CALIFORNIA BOARD OF EQUALIZATION</u>**

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"),

through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust (the

"<u>Trustee</u>"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-

captioned cases, hereby files its Objection (the "Objection") to Claim No. 12002 ("Claim

12002"), Claim No. 13186 ("Claim 13186"), and Claim No. 13187 ("Claim 13187" and,

collectively with Claim 12002 and Claim 13186, the "California BOE Claims") filed by

the California Board of Equalization (the "California BOE"), and hereby moves this court

(the "Court"), pursuant to sections 105, 502 and 503 of title 11 of the United States Code,

11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule

3007-1, for an order, the proposed form of which is attached hereto as **Exhibit A**, granting

the relief sought by this Objection.  In support of the Objection, the Liquidating Trust

respectfully states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.    On November 10, 2008 (the "Petition Date"), the debtors

(collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),

*(cont'd)*

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

        3.      On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

        4.      On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

        5.      On December 10, 2008, the Court entered that certain Order

Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the

"Claims Bar Date Order").

        6.      Pursuant to the Claims Bar Date Order, the deadline for filing all

"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the

Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the

"General Bar Date").  The deadline for governmental units to file claims that arose before

November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar

Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner

of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

_____

*(cont'd from previous page)*

    Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
    (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
    Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
    Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
    LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, entered an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including the prosecution of Causes of Action and

objections to claims.

## FACTS RELEVANT TO CALIFORNIA BOE CLAIMS

**A.**    **The Debtors' Prepetition Operations**

12.    Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("CCSI")
was a retailer of products and services that operated retail stores across the United States.
CCSI was headquartered and commercially domiciled in Virginia.  Debtor Circuit City
Stores West Coast, Inc. ("CCS-WC") was an operating entity under CCSI and was
engaged in the operation of retail stores in the western United States.  CCS-WC was
created on February 3, 1994, with the contribution of CCSI's West Coast division,
including all Circuit City retail outlets in the states of Arizona, California, and Nevada, as
well as CCSI's West Coast division headquarters in Walnut, California.  CCS-WC was
established in order to allow the Debtors to more effectively manage the performance of
their retail operations on the west coast of the United States.  Since its creation and prior to
the Petition Date, CCS-WC expanded its operations to include all Circuit City retail
operations in the states of Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah, and
Wyoming.  Since 2002, CCS-WC maintained its headquarters in Colorado, from which
location it managed its retail operations.

13.    Also prior to the Petition Date, CCSI formed its subsidiary, Circuit
City Purchasing Company, LLC ("CC-PC").

**B.**    **Procedural Background Relating to California BOE Claims**

14.    Prior to the Petition Date in the ordinary course of business, the
Debtors recorded liabilities, if any, on their books and records based on state and local tax
laws and regulations applicable to businesses operating in California.  Debtors CCSI, CCS-

WC and CC-PC timely filed tax returns or other necessary regulatory filings with respect to taxes owed in the state of California.

**C.**    **The California BOE Claims**

15.    On or about March 16, 2009, the California BOE filed Claim 12002 against Debtor CC-PC.  Through Claim 12002, the California BOE asserted a priority claim in the amount of $36,033.68 on account of alleged underpayments of sales tax.  A true and correct copy of Claim 12002 is attached hereto as **Exhibit B**.

16.    On or about May 11, 2009, the California BOE filed Claim 13186 against Debtor CCSI as an administrative priority claim in amount of $325,605.29 on account of alleged underpayments of sales tax for the period October 2008 through November 9, 2008.  A true and correct copy of Claim 13186 is attached hereto as **Exhibit C**.

17.    On or about May 11, 2009, the California BOE filed Claim 13187 against Debtor CCS-WC as an administrative priority claim in amount of $2,525,699.69 on account of alleged underpayments of sales tax for the period October 2008 through November 9, 2008.  A true and correct copy of Claim 13187 is attached hereto as **Exhibit D**.

**OBJECTION TO CALIFORNIA BOE CLAIMS**

18.    By this Objection, the Liquidating Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (a) disallowing the Claim 12002 in entirety, (b) reducing the amount of Claim 13186 to from $325,605.29 to $174,339.35, (c) reducing the amount of Claim 13187 from

$2,529,699.69 to $2,257,771.47, and (d) reclassifying Claim 13186 and Claim 13187 as

unsecured claims entitled to priority pursuant to Bankruptcy Code section 507(a)(8).

## BASIS FOR OBJECTION

A.   **Applicable Law**

   19. Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a

claim, or an interest in property of the debtor securing the claim, is based on a writing, the

original or a duplicate shall be filed with the proof of claim."  The California BOE Claims

do not provide any information regarding the basis for or calculation of the amounts of the

claims asserted therein.

   20. Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of he claim."  A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim."  *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.*

*Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence.  *See Frank*, 322 Br. at 754.  Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the

ultimate burden of proof.  *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22

(2000).

   21. Although Bankruptcy Rule 3001(f) provides that a valid proof of

claim constitutes prima facie evidence of the validity and amount of a claim, requests for

administrative expense payment are not given the same evidentiary weight as proofs of

claim. *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007)

(citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148,

149 (Bankr. D. Md. 1985)).

**B.      Objection to California BOE Claims**

22.      Based on the Trustee's review of the Debtors' books and records,

including tax returns filed in the State of California, and the California BOE Claims, the

Liquidating Trust objects to the California BOE Claims on the following grounds:

(a)      The amount of the claims asserted against each of CCSI, CCS-WC
and CC-PC by the California BOE are not reflected in the Debtors'
books and records:  specifically, Claim 12002 should be disallowed
in its entirety; Claim 13186 should be reduced from the claimed
amount of $325,605.29 to $174,339.35; and Claim 13187 should be
reduced from the claimed amount of $2,529,699.69 to
$2,257,771.47;

(b)      Upon information and belief, the California BOE has asserted some
or all of the California BOE Claims based on improper or erroneous
calculations of the taxes claimed;

(c)      The taxes claimed pursuant to the California BOE Claims are not
entitled to priority as administrative claims pursuant to section
503(b)(1) of the Bankruptcy Code, because they are prepetition
obligations of the Debtors; and/or

(d)      The California BOE Claims do not provide any basis or support for
the amounts of taxes claimed.

**RESERVATION OF RIGHTS**

23.      The Liquidating Trust reserves the right to file objections to the

California BOE Claims at a later time on any grounds that bankruptcy or non-bankruptcy

law permits.  The Liquidating Trust likewise reserves the right to modify, supplement

and/or amend this Objection as it pertains to any claim herein, including, without

limitation, by submitting declarations, affidavits, testimony, documents, memoranda or any

other evidence or pleading to the Court.

## **NOTICE AND PROCEDURE**

24.     Notice of this Objection has been provided to the California BOE and to parties in interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

## **WAIVER OF MEMORANDUM OF LAW**

25.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## **NO PRIOR RELIEF**

26.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court

enter an Order sustaining this Objection and granting such other and further relief as the

Court deems appropriate.

Dated: Richmond, Virginia
      February 28, 2011

TAVENNER & BERAN, PLC


___/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Case No. 08-35653 (KRH) |
| | ) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

**ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO
CLAIM NOS. 12002, 13186 AND 13187 FILED BY THE
CALIFORNIA BOARD OF EQUALIZATION**

THIS MATTER having come before the Court[1] on the Liquidating Trust's Objection to Claim Nos. 12002, 13186 and 13187 (the "Objection"), which requested, among other things, that the Claim 12002 be disallowed in its entirety and that Claims 13186 and 13187 be reduced in amount and reclassified as priority unsecured claims for the reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that the relief requested on the Objection is in the best interests of the Liquidating Trust, the Debtors' estates and creditors and other parties in interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      Claim 12002 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

3.      Claim 13186 shall be allowed as a claim in the amount of $174,339.35 and entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code.

4.      Claim 13187 shall be allowed as a claim in the amount of $2,257,771.47 and entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code.

5.      Claim 13186 shall not be allowed as an administrative expense pursuant to section 503 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

6.     Claim 13187 shall not be allowed as an administrative expense

pursuant to section 503 of the Bankruptcy Code.

7.     The Liquidating Trust's rights to object to any claim including

(without limitation) the California BOE Claims subject to the Objection, on any grounds

that applicable law permits, are not waived and are expressly reserved.

8.     The Liquidating Trust shall serve a copy of this Order on the

California BOE on or before five (5) business days from the entry of this Order.

9.     This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                          - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                          - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*



### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


                              _____
                              Lynn L. Tavenner


DOCS_NY:23712.3                          4

EXHIBIT B

#12002

FORM B10 (Official Form 10) (4/98)

| U. S. BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA (RICHMOND) | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|
| CIRCUIT CITY PURCHASING COMPANY | 08-35657 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

STATE BOARD OF EQUALIZATION

Name and address where notices should be sent:

STATE BOARD OF EQUALIZATION
SPECIAL PROCEDURES SECTION, MIC:55
PO BOX 942879
SACRAMENTO CA  94279-0055

Telephone: (916) 445-1122    FAX: (916) 327-0615

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

FILED
RICHMOND DIVISION
MAR 16 2009
CLERK
U.S. BANKRUPTCY COURT

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
SR OHB 100-463241

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last four digits of SS #: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☒ Taxes | from _____ to _____ |
| ☐ Other (specify) | (date)               (date) |

2. **Date(s) debt incurred:**
(AS SHOWN ON DATA SUMMARY ATTACHMENT)

3.    If court judgment, date obtained:

4.   Total Amount of Claim at Time Case Filed:    $ _____ (unsecured) _____ (secured)  36,033.68 (priority)  36,033.68 (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral:  $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim

Amount entitled to priority $ 36,033.68

Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. 507(a)(7).
☒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(2).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7.   **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8.   **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9.   **Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
MAR 23 2009
KURTZMAN CARSON CONSULTANTS

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): **State Board of Equalization, by** |
|---|---|
| FEBRUARY 26, 2009 | D. L. HOLMES, Authorized Representative |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

SH

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835657090316000000000003

DATA SUMMARY ATTACHMENT FOR PROOF OF CLAIM OF STATE BOARD OF EQUALIZATION

| Debtor<br>CIRCUIT CITY PURCHASING COMPANY | Case No.<br>08-35657 | Claim Dated<br>FEBRUARY 26, 2009 |
|---|---|---|
| Account Number<br>**SR OHB 100-463241** | Petition Date<br>11/10/08 | Chapter<br>11 |

## SUMMARY OF LIABILITY STATEMENT

| CLAIM CLASS | TAX PROGRAM OR REASON | DEBT PERIOD | TAX | INTEREST (calculated to petition or conversion date) | PENALTY | TOTAL |
|---|---|---|---|---|---|---|
| P | 1 | 10/1/04  -  11/9/08 | 30,343.19 | 5,690.49 | | 36,033.68 |
| | | - | | | | |
| | | - | | | | |
| | | - | | | | |
| | | - | | | | |
| | | - | | | | |
| | | - | | | | |
| | | - | | | | |
| TOTALS | | | 30,343.19 | 5,690.49 | | 36,033.68 |

**LEGEND**

| CLAIM CLASS | | TAX PROGRAM OR REASON | |
|---|---|---|---|
| S | - Secured | 1. | SALES AND USE TAX |
| P | - Unsecured Priority -11 USC 507(a)(8) | 2. | |
| G | - Unsecured NON priority (General) | 3. | |
| GAP | - "Gap" Claim – 11 USC 507(a)(2) | 4. | |
| **1305** | - **11USC 1305** | 5. | |
| | | 6. | |

## SUMMARY OF TAX LIENS

| LIEN CERTIFICATE | DATE RECORDED | COUNTY OR RECORDING AUTHORITY | RECORDING INFORMATION (Document/Instrument #, or Book/Page) | AMOUNT |
|---|---|---|---|---|
| BE | | | | |

The foregoing liens were recorded pursuant to Section 6757 of the California Revenue and Taxation Code and to the extent there is any real or personal property to which the liens created by such recording attach, the amount of the claim in said certificates constitutes a secured claim.

## SUPPLEMENTAL CLAIM PURSUANT TO USC 11 § 726(a)(4) and (5)

In addition to the claim to which this page is attached, the Board of Equalization asserts the following supplemental Chapter 7 claim, pursuant to the noted code sections:

| | | |
|---|---|---|
| USC 11 § 726(a)(4) | $ | 0.00 |
| USC 11 § 726(a)(5) | | 0.00 |
| Total Supplemental Claim | $ | 0.00 |

CLAIM MAILING INFORMATION - STATE BOARD OF EQUALIZATION

| Debtor | | |
|---|---|---|
| CIRCUIT CITY PURCHASING COMPANY | Case Number<br>08-35657 | Claim Dated<br>FEBRUARY 26, 2009 |
| Account Number<br>SR OHB 100-463241 | Petition Date<br>11/10/08 | Chapter<br>11 |

US BANKRUPTCY COURT
1100 E MAIN ST  STE 301
RICHMOND VA  23219-3538

CIRCUIT CITY PURCHASING CO LLC
PO BOX 42302
RICHMOND VA  23242-2302

EXHIBIT C    #13186

State Board of Equalization
Special Procedures Section
450 N Street, MIC: 55
P O Box 942879
Sacramento CA  94279-0055
Telephone (916) 445-1122

**RICHMOND DIVISION**
F
I
L
E
D
MAY 1 1 2009
F
I
L
E
D
CLERK
U.S. BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA (RICHMOND)

In re:  CIRCUIT CITY STORES, INC.,          )          Bkcy. Case No. 08-35653
                                             )
Debtor(s)                                    )
                                             )
                                             )
                                             )
                                             )          EXPENSE OF ADMINISTRATION
                                             )             CLAIM FOR TAXES
                                             )          Chapter No. 11
                                             )
                                             )          Account No. SR OHB 17-692815

1)  The undersigned is an authorized representative of the California State Board of Equalization
(hereinafter "Board") and is authorized to make this request on behalf of the Board.

2)  The grounds for this liability is a tax duly declared, levied, determined or assessed under the
provisions of the California Sales and Use Tax Law and, where applicable, Uniform Local Sales
and Use Tax Ordinances, Transit District Transactions (Sales) and Use Tax Ordinances, penalty
and interest.

///
///
///
///
///

-1-

083565309051100000000025

3) The debtor is liable to the Board in the following amounts:

(a) Tax for the period 11/10/08 to 12/31/08, interest and penalty claimed as EXPENSE OF ADMINISTRATION under 11 U.S.C. Section 507 (a)(2),   $325,605.29.

Additional interest after 4/30/09 to date of payment or until the case is converted to Chapter 7 is claimed under Section 507 (a)(2) at the prevailing rate provided by Section 19269, California Revenue and Taxation Code.

4) The due date for the said tax has passed.  No part of the said tax has been paid.  There are no set-offs or counterclaims to the same.  No note or judgment has been recovered therefrom, and the undersigned has not, nor has any person, to his/her knowledge or belief, for the use or benefit of the Board, received any manner of security for the said tax or interest or penalty whatsoever.

By: J. R. Williams
Authorized Representative

Dated April 29, 2009
At Sacramento, California

Mail all legal notices, correspondence and payments to the State Board of Equalization, Special Procedures Section, MIC: 55, P.O. Box 942879, Sacramento, CA 94279-0055 and include the debtor's Board of Equalization account number(s) for proper identification.

Make all monies payable to State Board of Equalization.

-2-

BT-455-E

STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, MIC: 55, SACRAMENTO, CALIFORNIA
(P. O. BOX 942879, SACRAMENTO, CA 94279-0055)
TELEPHONE (916) 445-1122
FAX (916) 327-0615
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

April 29, 2009

US BANKRUPTCY COURT
1100 E MAIN ST  STE 301
RICHMOND VA  23219-3538

> *Account No.  SR OHB 17-692815*
> *Debtor(s):  CIRCUIT CITY STORES, INC.*
> *Chapter 11 Bankruptcy*
> *Case No. 08-35653*

Dear Ladies and Gentlemen:

Enclosed is an original Expense of Administration Claim for Taxes.  Please file this claim in the proceedings described above.

Please return to us the enclosed copy of this letter acknowledging receipt of the claim.  A self-addressed, stamped envelope is enclosed.

Sincerely,

J. R. Williams
Tax Compliance Supervisor
Special Procedures Section

JRW:SH:bkcoa.dot
Enclosures

cc:  CIRCUIT CITY STORES INC
     9950 MAYLAND DR
     RICHMOND VA  23233-1463

EXHIBIT D

#13187

RICHMOND DIVISION

FILED    MAY 1 1 2009    FILED

CLERK
U.S. BANKRUPTCY COURT

1   State Board of Equalization
    Special Procedures Section
2   450 N Street, MIC: 55
    P O Box 942879
3   Sacramento CA  94279-0055
    Telephone (916) 445-1122
4

5

6

7               UNITED STATES BANKRUPTCY COURT

8           EASTERN DISTRICT OF VIRGINIA (RICHMOND)

9

10  In re:  CIRCUIT CITY STORES WEST        )    Bkcy. Case No. 08-35654
                                            )
11  COAST, INC., Debtor(s)                  )
                                            )
12                                          )
                                            )
13                                          )    EXPENSE OF ADMINISTRATION
                                            )        CLAIM FOR TAXES
14                                          )    Chapter No. 11
                                            )
15                                          )    Account No. SR OHB 99-487429

16

17  1)  The undersigned is an authorized representative of the California State Board of Equalization

18  (hereinafter "Board") and is authorized to make this request on behalf of the Board.

19  2)  The grounds for this liability is a tax duly declared, levied, determined or assessed under the

20  provisions of the California Sales and Use Tax Law and, where applicable, Uniform Local Sales

21  and Use Tax Ordinances, Transit District Transactions (Sales) and Use Tax Ordinances, penalty

22  and interest.

23  ///

24  ///

25  ///

26  ///

27  ///

-1-

083565409051000000000006

3)  The debtor is liable to the Board in the following amounts:

(a) Tax for the period 11/10/08 to 12/31/08, interest and penalty claimed as EXPENSE OF ADMINISTRATION under 11 U.S.C. Section 507 (a)(2),   $2,525,699.69.

Additional interest after 4/30/09 to date of payment or until the case is converted to Chapter 7 is claimed under Section 507 (a)(2) at the prevailing rate provided by Section 19269, California Revenue and Taxation Code.

4)  The due date for the said tax has passed.  No part of the said tax has been paid.  There are no set-offs or counterclaims to the same.  No note or judgment has been recovered therefrom, and the undersigned has not, nor has any person, to his/her knowledge or belief, for the use or benefit of the Board, received any manner of security for the said tax or interest or penalty whatsoever.

By: J. R. Williams
Authorized Representative

Dated April 28, 2009
At Sacramento, California

Mail all legal notices, correspondence and payments to the State Board of Equalization, Special Procedures Section, MIC: 55, P.O. Box 942879, Sacramento, CA 94279-0055 and include the debtor's Board of Equalization account number(s) for proper identification.

Make all monies payable to State Board of Equalization.

-2-

BT-455-E

STATE OF CALIFORNIA



## STATE BOARD OF EQUALIZATION
450 N STREET, MIC: 55, SACRAMENTO, CALIFORNIA
(P. O. BOX 942879, SACRAMENTO, CA 94279-0055)
TELEPHONE (916) 445-1122
FAX (916) 327-0615
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

April 28, 2009

US BANKRUPTCY COURT
1100 E MAIN ST  STE 301
RICHMOND VA  23219-3538

*Account No.  SR OHB 99-487429*
*Debtor(s):  Circuit City Stores West Coast, Inc.*
*Chapter 11 Bankruptcy*
*Case No. 08-35654*

Dear Ladies and Gentlemen:

Enclosed is an original Expense of Administration Claim for Taxes.  Please file this claim in the proceedings described above.

Please return to us the enclosed copy of this letter acknowledging receipt of the claim.  A self-addressed, stamped envelope is enclosed.

Sincerely,

J. R. Williams
Tax Compliance Supervisor
Special Procedures Section

JRW:SH:bkcoa.dot
Enclosures

cc:  CIRCUIT CITY STORES WST CST INC
     ATTN TAX DEPT
     9950 MAYLAND DRIVE
     RICHMOND VA  23233-1464