Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,. | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

**NOTICE OF LIQUIDATING TRUST'S OBJECTION TO**
**CLAIM NOS. 12898 AND 14636 FILED BY THE COMMONWEALTH**
**OF VIRGINIA DEPARTMENT OF TAXATION**

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Objection to Claim Nos. 12898 And 14636 Filed By The Commonwealth  Of Virginia Department Of Taxation  (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow the Claims in their entirety.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**Critical Information for Claimants
Choosing to File a Response to the Objection**

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.                    Lynn L. Tavenner, Esq. (VA Bar No. 30083
Andrew W. Caine, Esq.                         Paula S. Beran, Esq. (VA Bar No. 34679)
(admitted *pro hac vice*)                     TAVENNER & BERAN, PLC
PACHULSKI STANG ZIEHL & JONES LLP             20 North Eighth Street, 2nd Floor
10100 Santa Monica Boulevard                  Richmond, Virginia 23219
Los Angeles, California 90067-4100            Telephone: (804) 783-8300
Telephone: (310) 277-6910                     Telecopy:   (804) 783-0178
Telecopy:   (310) 201-0760

 

     The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

          United States Bankruptcy Court
          701 East Broad Street – Courtroom 5000
          Richmond, Virginia 23219

     If you file a timely Response, in accordance with the Objection Procedures, you do not need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

     **Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

      a.     a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

      b.     the claimant's name and an explanation for the amount of the Claim;

      c.     a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

      d.     a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**. You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**. Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by
the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders
otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any
other Claims or causes of action you may have filed or that have been scheduled by the Debtors)
at a later date on any grounds or bases.  In such event, you will receive a separate notice of any
such objections.

Dated:    February 28, 2011

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
           pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
            acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

EXHIBIT1 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and -

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) ) ) | Case No. 08-35653 (KRH) |
| Debtors. | ) ) ) | Jointly Administered |

**LIQUIDATING TRUST'S OBJECTION TO CLAIM NOS. 12898
AND 14636 FILED BY THE COMMONWEALTH OF VIRGINIA
DEPARTMENT OF TAXATION**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"),

through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust (the

"Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City

Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-

captioned cases, hereby files its Objection (the "Objection") to Claim No. 12898 ("Claim

12898") and Claim No. 14636 ("Claim 14636" and, collectively with Claim 12898, the

"Virginia Claims") filed by the Commonwealth of Virginia Department of Taxation (the

"Virginia DOT"), and hereby moves this court (the "Court"), pursuant to sections 105, 502

and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form

of which is attached hereto as **Exhibit A**, granting the relief sought by this Objection.  In

support of the Objection, the Liquidating Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors

(collectively, the "Debtors")[1] in the above-captioned cases (the "Cases") filed voluntary

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
   Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
   Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
   (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer

*(cont'd)*

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

       3.     On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

       4.     On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

       5.     On December 10, 2008, the Court entered that certain Order

Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the

"Claims Bar Date Order").

       6.     Pursuant to the Claims Bar Date Order, the deadline for filing all

"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the

Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the

"General Bar Date").  The deadline for governmental units to file claims that arose before

November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar

Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner

of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

---

*(cont'd from previous page)*

  Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
  Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
  LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

7.      On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, entered an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including the prosecution of Causes of Action and

objections to claims.

## FACTS RELEVANT TO VIRGINIA CLAIMS

### A.     The Debtors' Prepetition Operations

12.     Prior to the Petition Date, Debtor Circuit City Stores, Inc. ("CCSI")
was a retailer of products and services that operated retail stores across the United States,
including in Virgina.  CCSI was headquartered and commercially domiciled in Virginia.

### B.     Procedural Background Relating to the Virginia Claims

13.     Prior to the Petition Date in the ordinary course of business, the
Debtors recorded liabilities, if any, on their books and records based on state and local tax
laws and regulations applicable to businesses operating in California.  The Debtors timely
filed tax returns or other necessary regulatory filings with respect to taxes owed in
Virginia.

### C.     The Virginia Claims

14.     On or about May 5, 2009, the Virginia DOT filed Claim 12898
against Debtor CCSI.  Through Claim 12898, the Virginia DOT asserts (a) a priority
unsecured claim in the amount of $2,151,914.45 and (b) a general unsecured claim in the
amount of $72,000.00.  Upon information and belief, the basis for Claim 12898 Claim is
alleged amounts owed by CCSI to Virginia on account of corporate income tax and sales
tax.  A true and correct copy of Claim 12898 is attached hereto as **Exhibit B**.

15.     On or about December 31, 2008, the Virginia DOT filed Claim
14636 against Debtor CCSI.  Through Claim 14636, the Virginia DOT asserts a priority
unsecured claim in the amount of $500,000.  Upon information and belief, the basis for
Claim 14636 is alleged amounts owed by CCSI to Virginia on account of sales tax.  A true
and correct copy of Claim 14636 is attached hereto as **Exhibit C**.

## OBJECTION TO VIRGINIA CLAIMS

16.     By this Objection, the Liquidating Trust seeks entry of an order,

substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code

sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

disallowing the Virginia Claims in their entirety.

## BASIS FOR OBJECTION

### A.     Applicable Law

17.     Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a

claim, or an interest in property of the debtor securing the claim, is based on a writing, the

original or a duplicate shall be filed with the proof of claim."  The Virginia Claims do not

provide any information regarding the basis for or calculation of the amounts of the claim

asserted therein.

18.     Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof

of claim executed and filed in accordance with the [the Bankruptcy Rules] shall constitute

prima facie evidence of the validity and amount of he claim."  A party objecting to the

claim "has the burden of going forward to meet, overcome, or at a minimum, equalize the

valid claim."  *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v.

Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1995)).

However, generally, the ultimate burden of persuasion rests with the claimant by a

preponderance of the evidence.  *See Frank*, 322 Br. at 754.  Under certain circumstances

where a claim is made against a debtor by a taxing authority, the tax payer bears the

ultimate burden of proof.  *See, e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22

(2000).

19.     Although Bankruptcy Rule 3001(f) provides that a valid proof of claim constitutes prima facie evidence of the validity and amount of a claim, requests for administrative expense payment are not given the same evidentiary weight as proofs of claim. *In re PT-1 Communications, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007) (citing *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148, 149 (Bankr. D. Md. 1985)).

**B.     Objection to Virginia Claims**

20.     Based on the Trustee's review of the Debtors' books and records, including tax returns filed in the Commonwealth of Virginia, and the Virginia Claims, the Liquidating Trust objects to the Virginia Claims on the following grounds:

(a)     The amount of the claims asserted by the Virginia DOT is not reflected in the Debtors' books and records;

(b)     Upon information and belief, the Virginia DOT has asserted some or all of the Virginia Claims based on improper or erroneous calculations of the taxes claimed;

(c)     The Virginia Claims do not provide any basis or support for the amounts of taxes claimed.

## RESERVATION OF RIGHTS

21.     The Liquidating Trust reserves the right to file objections to the Virginia Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim herein, including, without limitation, by submitting declarations, affidavits, testimony, documents, memoranda or any other evidence or pleading to the Court.

## NOTICE AND PROCEDURE

22.    Notice of this Objection has been provided to the Virginia DOT and

to parties in interest in accordance with the Court's Supplemental Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local

Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and

Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case

Management Order").

## WAIVER OF MEMORANDUM OF LAW

23.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Objection, the Liquidating Trust requests that

the requirement that all motions be accompanied by a written memorandum of law be

waived.

## NO PRIOR RELIEF

24.    No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
       February 28, 2011

TAVENNER & BERAN, PLC


    /s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

## ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO CLAIM NOS. 12898 AND 14636 FILED BY THE COMMONWEALTH OF VIRGINIA DEPARTMENT OF TAXATION

THIS MATTER having come before the Court[1] on the Liquidating Trust's Objection to Claim Nos. 12898 and 14636 (the "Objection"), which requested, among other things, that the Virginia Claims be disallowed in their entirety for the reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that the relief requested on the Objection is in the best interests of the Liquidating Trust, the Debtors' estates and creditors and other parties in interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    Claim 12898 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

3.    Claim 14636 shall be disallowed in its entirety for all purposes in the Debtors' Cases.

4.    The Liquidating Trust's rights to object to any claim including (without limitation) the Virginia Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

5.    The Liquidating Trust shall serve a copy of this Order on the Virginia DOT on or before five (5) business days from the entry of this Order.

6.    This Court shall retain jurisdiction to hear and determine all matters

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                              - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*



## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


_____
Lynn L. Tavenner

B-10
6205250 REV 3/96

### United States Bankruptcy Court
### For The Eastern District Of Virginia

# PROOF OF CLAIM

In re (Name of Debtor)
**CIRCUIT CITY STORES, INC.** *et al.*

Case Number
**08-35653**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. Section 503.

Name of Creditor
(The person or other entity to whom the debtor owes money or property)
Virginia Department of Taxation

Name and Address Where Notices Should Be Sent

**Commonwealth of Virginia**
**Department of Taxation**
**Taxing Authority Consulting Svcs. PC**
**P.O. Box 71476**
**Richmond, VA 23255**
Telephone No 804-649-2445

___ Check if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy or statement giving particulars.

___ Check if you never received any notices from the bankruptcy court in this case.

___ Check if this address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR
IDENTIFIES DEBTOR:

Check here if this claim    **X** replaces  ⎤
                            ___ amends  ⎦ a previous filed claim dated: all previous

**1. BASIS FOR CLAIM**
___ Goods Sold
___ Service performed
___ Money loaned
___ Personal injury/wrongful death
**X** Taxes
___ Other (Describe briefly)

___ Retiree Benefits as defined in U.S.C.§ 1114(a)
___ Wages, salaries, and commissions (fill out below)
Your social security number_____
Unpaid compensation for services performed
from _____ to _____
        (date)            (date)

**2. DATE DEBT WAS INCURRED**
See Attached

**3. IF COURT JUDGEMENT, DATE OBTAINED**
N/A

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority. (2) Unsecured Priority. (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

___ SECURED CLAIM $_____
Attach evidence of perfection of security interest
Brief Description of Collateral:
___ Real Estate   ___ Motor Vehicle   ___ Other (Describe)

Amount of arrearage and other charges included in secured claim above if and $_____

**X** UNSECURED NONPRIORITY CLAIMS $ **72,000.00**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

**X** UNSECURED PRIORITY CLAIM **$2,151,914.45** Specify the priority of the claim.
___ Wages, salaries, or commissions (up to $2,000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C.§ 507(a)(3))
___ Contribution to an employee benefit plan – 11 U.S.C.§ 507(a)(4)
___ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C § 507(a)(6)
**X** Taxes or penalties of government units – 11 U.S.C. § 507(a)(7)
___ Other – 11 U.S.C. §§ 507(a)(2), (a)(5) – (Describe briefly)

**5. TOTAL AMOUNT OF**
**CLAIM AT TIME**     $ **72,000.00**         $ _____     $ **2,151,914.45**     $ **2,223,914.45**
**CASE FILED:**        (Unsecured)              (Secured)            (Priority)              (Total)

___ Check if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. **SUPPORTING DOCUMENT:** Attach copies of **supporting documents,** such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, or evidence or security interest. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date:

**April 30, 2009**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
/s/ Mark K. Ames
Taxing Authority Consulting Services, P.C., 804-649-2445, info@taxva.com

RECEIVED

MAY 05 2009

KURTZMAN CARSON CONSULTANTS

Penalty for Presenting Fraudulent Claim: fine of up to $500,000.00 or imprisonment for up to 5 years, or both.



0835653090505000000000020

Official Form 10

**B-10A**

### VIRGINIA DEPARTMENT OF TAXATION
P.O. BOX 2156
RICHMOND, VIRGINIA 23217-2156

SUMMARY OF UNPAID TAXES ASSESSED IN THE NAME OF

| NAME | CIRCUIT CITY STORES, INC. *et al.* | CASE NO. 08-35653 |
|------|-----------------------------------|-------------------|

*Priority amount represents priority tax and interest due as of the petition date.
†Secured amount is claimed as secured to the extent of any interest of the debtor(s) in real property; otherwise claimed as priority.

| Acct. Name/Tax Type | Status | Tax Period(s) | Secured Amount† | Priority Amount* | Unsecured Amount | Total |
|---------------------|--------|---------------|-----------------|------------------|------------------|-------|
| **PRIORITY TAXES** | | | | | | |
| Corp. Income | 01366 | 3/04-2/05 | $ | 670,490.16 $ | - $ | 670,490.16 |
| Corp. Income | 01369 | 3/05-2/06 | $ | 730,472.39 | $ | 730,472.39 |
| Sales Tax | 22548 | 1/01-2/05 | $ | 407,752.76 | $ | 407,752.76 |
| Sales Tax | 60227 | 3/05-9/08 | $ | 343,199.14 $ | 72,000.00 $ | 415,199.14 |
| | | | | | $ | - |
| **TOTAL** | **##** | | **$ 2,151,914.45** | **$ 72,000.00** | **$ 2,223,914.45** |

EXHIBIT C

Case 08-35653-KRH   Doc 10070   Filed 03/28/11   Entered 03/28/11 20:25:10   Desc
Case 08-35653-KRH   Claim 92   Filed 12/31/08   Desc Main Document   Page 2 of 2
Main Document      Page 21 of 22

#14636

B-10
6205250  REV 3/96

| **United States Bankruptcy Court**<br>**For The Eastern District Of Virginia** | **PROOF OF CLAIM** |
|---|---|

In re (Name of Debtor)
**CIRCUIT CITY STORES, INC.,** *et al*

Case Number
**08-35653**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. Section 503.

Name of Creditor
(The person or other entity to whom the debtor owes money or property)
Virginia Department of Taxation

___ Check if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy or statement giving particulars.

Name and Address Where Notices Should Be Sent

**Virginia Department of Taxation**
**P.O. Box 2156**
**Richmond, VA 23218-2156**

___ Check if you never received any notices from the bankruptcy court in this case.

___ Check if this address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

Telephone No 804-649-2445

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim

___ replaces
_x_ amends   a previous filed claim dated: 11/18/08

**1.BASIS FOR CLAIM**

___ Goods Sold
___ Service performed
___ Money loaned
___ Personal injury/wrongful death
_X_ Taxes
___ Other (Describe briefly)

___ Retiree Benefits as defined in U.S.C.§ 1114(a)
___ Wages, salaries, and commissions (fill out below)
     Your social security number _____
     Unpaid compensation for services performed
     from _____ to _____
              (date)                    (date)

**2. DATE DEBT WAS INCURRED**
See Attached

**3. IF COURT JUDGEMENT, DATE OBTAINED**
N/A

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority.  (2) Unsecured Priority.  (3) Secured.  It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

___ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
__ Real Estate     __ Motor Vehicle     __ Other (Describe)

Amount of arrearage and other charges included in secured claim above if and $ _____

_X_ UNSECURED PRIORITY CLAIM $ **500,000.00** Specify the priority of the claim.

___ Wages, salaries, or commissions (up to $2,000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C.§ 507(a)(3))
___ Contribution to an employee benefit plan - 11 U.S.C.§ 507(a)(4)
___ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C § 507(a)(6)
_X_ Taxes or penalties of government units – 11 U.S.C.§ 507(a)(7)
___ Other – 11 U.S.C. §§ 507(a)(2), (a)(5) – (Describe briefly)

___ UNSECURED NONPRIORITY CLAIMS $ _____
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

**5. TOTAL AMOUNT OF**
CLAIM AT TIME       $ _____   $ _____   $ **500,000.00**      **$500,000.00**
CASE FILED:         (Unsecured)          (Secured)          (Priority)         (Total)

___ Check if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6.   CREDITS AND SETOFFS:  The amount of all payments on this claim has been credited  and deducted for the purpose of making this proof of claim.  In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7.   SUPPORTING DOCUMENT:  **Attach copies of supporting documents,** such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, or evidence or security interest.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

8.   TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR
COURT USE ONLY

Date:
**December 31, 2008**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).

**/s/ Mark K. Ames**
Taxing Authority Consulting Services, P.C., 804-6

Penalty for Presenting Fraudulent Claim: fine of up to $500,000.00 or imprisonment for up to 5 years, or

0835653090921000000000086

Case 08-35653-KRH    Claim 9-2    Filed 12/31/08    Desc Main Document    Page 2 of 2

Official Form 10

**B-10A**

VIRGINIA DEPARTMENT OF TAXATION
P.O. BOX 2156
RICHMOND, VIRGINIA 23217-2156

SUMMARY OF UNPAID TAXES ASSESSED IN THE NAME OF

NAME    **CIRCUIT CITY STORES, INC.** *et al.*    **CASE NO. 08-35653**

*Priority amount represents priority tax and interest due as of the petition date.
†Secured amount is claimed as secured to the extent of any interest of the debtor(s) in real property; otherwise claimed as priority.

| Acct. Name/Tax Type | Status | Tax Period(s) | Secured Amount† | Priority Amount* | Unsecured Amount | Total |
|---|---|---|---|---|---|---|
| **UNSECURED TAXES** | | | | | | |
| **PRIORITY TAXES** | | | | | | |
| Sales/Use Tax Audit | **Estimated** | 3/05-9/08 | $ | 500,000.00 | $ - | $ 500,000.00 |
| | | | | | $ - | |
| **TOTAL** | | | $ - | $ 500,000.00 | $ - | $ 500,000.00 |