Docket #10048  Date Filed: 2/27/2011

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,. | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S TENTH OMNIBUS
## OBJECTION TO DISALLOW CERTAIN CLAIMS
## (<u>SHORT-TERM INCENTIVE PROGRAM</u>)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Tenth Omnibus Objection to Disallow Certain Claims (Short-Term Incentive Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").



0835653110228000000000001

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at  **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5000
Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**</u>

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.   a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.   the claimant's name and an explanation for the amount of the Claim;

c.   a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the

specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy

Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

    **Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kcclc.net/circuitcity.

    **Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    February 27, 2011

                                           */s/ Paula S. Beran*
                                   Lynn L. Tavenner (VA Bar No. 30083)
                                   Paula S. Beran (VA Bar No. 34679)
                                   TAVENNER & BERAN, P.L.C.
                                   20 North Eighth Street, 2nd Floor
                                   Richmond, Virginia  23219
                                   Telephone:  804-783-8300
                                   Facsimile:  804-783-0178
                                   Email:  ltavenner@tb-lawfirm.com
                                                 pberan@tb-lawfirm.com

                                   -and-

                                   Jeffrey N. Pomerantz (admitted *pro hac vice*)
                                   Andrew W. Caine (admitted *pro hac vice*)
                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   10100 Santa Monica Blvd.
                                   11th Floor
                                   Los Angeles, California  90067-4100
                                   Telephone: 805-123-4567
                                   Facsimile:  310/201-0760
                                   E-mail: jpomerantz@pszjlaw.com
                                                 acaine@pszjlaw.com

                                   *Counsel for the Circuit City Stores, Inc.*
                                   *Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## LIQUIDATING TRUST'S TENTH OMNIBUS OBJECTION
## TO DISALLOW CERTAIN CLAIMS
## (SHORT-TERM INCENTIVE PROGRAM)

### CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES

### AND CLAIMS IN THE EXHIBITS ATTACHED TO THIS OBJECTION

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Claims* (the "<u>Plan</u>") in the above-captioned cases, hereby files this *Liquidating Trust's Tenth*

*Omnibus Objection to Disallow Certain Claims (Short-Term Incentive Program)* (the

"<u>Objection</u>"), and hereby moves this court (the "<u>Court</u>"), pursuant to sections 105 and 502 of

title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "<u>Bankruptcy</u>

<u>Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and

Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**,

granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502,

Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## SUMMARY OF RELIEF REQUESTED

2.      Each claim subject to this Objection (the "<u>STIP Claims</u>") asserts the right

to payment under a short-term incentive program (the "<u>Short-Term Incentive Program</u>") that

Circuit City Stores, Inc. ("<u>Circuit City</u>") had offered to certain eligible employees (the "<u>Short-</u>

<u>Term Incentive Program Participants</u>").  The STIP Claims assert the right to payment on a

priority basis pursuant to section 507(a) of the Bankruptcy Code.  This Objection is based on a

review of the STIP Claims and of the books and records of the debtors in the above-captioned

cases (the "<u>Debtors</u>").

3.    The Liquidating Trustee has divided the STIP Claims into two categories. All of the STIP Claims are listed in alphabetical order on **Exhibit B**, attached hereto.  The two categories are as follows:

(a)  STIP Claims that should be denied because the holder of the STIP Claim (the "<u>STIP Claimant</u>") was not employed by Circuit City on the first pay-out date (the "<u>Conditioned STIP Claims</u>").  The Conditioned STIP Claims are listed on **Exhibit C**, attached hereto.

(b)  STIP Claims that should be denied because the STIP Claimant has not provided sufficient evidence to establish a *prima facie* claim (the "<u>Insufficient STIP Claims</u>").  The Insufficient STIP Claims are listed on **Exhibit D**, attached hereto.

A.    <u>**The Conditioned STIP Claims**</u>

4.    Circuit City's obligation to make payments pursuant to the Short-Term Incentive Program was conditioned on a variety of company performance criteria and in some cases also on individual performance criteria.  In addition, the eligible employee had to continue to be employed through the applicable pay-out date, as described more fully below.  As part of the Debtors' liquidation of its assets, closing of its stores, and wind down of its business operations, none of the holders of the Conditioned STIP Claims remained employed with the Debtors as of the applicable pay-out date.[2]  Therefore, a necessary condition to the obligation to

---

[2] The Liquidation Trust reserves the right to amend and/or supplement this Objection to establish either that none of the financial or individual performance criteria were met with respect to any of the STIP Clams or that the holders of the STIP Claims have not otherwise established a claim.  However, to conserve limited resources, with respect to the Conditioned STIP Claims, the Liquidation Trust limits this Objection to the fact that all holders of Conditioned STIP

make a payment to the Conditioned STIP Claims pursuant to the Short-Term Incentive Program

was not met.  Accordingly, the Liquidating Trust requests an Order, in the form set forth on

**Exhibit A,** disallowing the Conditioned STIP Claims, in their entirety.

      **B.**      **The Insufficient STIP Claims**

      5.      Each Short-Term Incentive Program Participant was assigned a set of the

company-wide and individual performance goals that had to be achieved before the Short-Term

Incentive Program Participant would be entitled to a Short-Term Incentive Award (defined

below).  These criteria were placed in a performance evaluation online program.  The Debtors

cancelled this online program after the Debtors had finished their going out of business sales and

had closed the remaining set of stores in March 2009.  It was standard procedure for each Short-

Term Incentive Program Participant to print out the applicable goals.  The Insufficient STIP

Claims fail to identify the criteria that the holders of such Claims were required to meet in order

to be entitled to a Short-Term Incentive Award (defined below).  Despite a good faith search, the

Liquidating Trustee has been unable to identify these specific criteria.

      6.      Given this lack of evidence, the Insufficient STIP Claims cannot be treated

as *prima facie* valid.  Further, given the difficulty in achieving these goals, coupled with Circuit

City's financial failure, it is unlikely that any of the criteria were met.  This may explain why the

holders of the Insufficient STIP Claims have failed to identify the criteria and show that they

were met.

---

Claims had been laid off prior to the pay-out date as part of the Debtors' liquidation.  On this ground alone, each
Conditioned STIP Claim must be disallowed in its entirety.

7.    Based on the foregoing, the Liquidating Trust requests an Order, in the

form set forth on **Exhibit A,** disallowing the Insufficient STIP Claims, in their entirety.

## FACTUAL BACKGROUND

A.    **The Bankruptcy Cases**

8.    On November 10, 2008 (the "Petition Date"), the debtors in the above-

captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11

of the Bankruptcy Code.

9.    On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

10.    On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

11.    On December 10, 2008, the Court entered that certain *Order Pursuant to*

*Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)*

*Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form*

*and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

12.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims"

(as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any

non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for

governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific)

on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and

manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

13.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar

Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all

of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other

parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The

Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

14.    On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent

(the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant

to the Agency Agreement at the Debtors remaining stores.

15.    As of March 8, 2009, the going out of business sales at the Debtors'

remaining stores had been completed.

16.    On April 1, 2009, this Court entered an *Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "Omnibus Objection Procedures Order").

17.    As of May 15, 2009, the holders of Conditioned STIP Claims no longer

worked for the Debtors.  The Debtors' remaining stores were closed and their business

operations had ceased.

18. On August 9, 2010, the Debtors and the Creditors' Committee filed a plan (the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

19. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

20. The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including objections to claims. Under the Plan, objections to priority claims must be filed within 120 days of the Effective Date.

B. **The Short-Term Incentive Program**

21. Prior to the Petition Date, Circuit City had an annual short-term performance-based incentive program (the "Short-Term Incentive Program), which began each year in March, and pursuant to which certain employees, previously defined in this Objection as the Short-Term Incentive Program Participant, were eligible to earn cash incentive awards ("Short-Term Incentive Award") based on (1) company performance criteria, (2) individual performance, in certain cases, and (3) continued employment by Circuit City through the date on which Circuit City was obligated to make a Short-Term Incentive Award (the "Pay-Out Date"). The company performance criteria and the applicability of individual performance criteria depended on the Short-Term Incentive Program Participant's position at Circuit City. However,

the requirement to remain employed with Circuit City through the Pay-Out Date applied to each Short-Term Incentive Program Participant.

22.    In the case of each STIP Claim listed on **Exhibit B**, the Short-Term Incentive Program ran from March 1, 2008 through February 28, 2009 and the Pay-Out Date was May 15, 2009.  A sample copy of the terms (the "Plan Terms") of the Short-Term Incentive Program is attached hereto as **Exhibit E**.  The Plan Terms state, "[A]s a condition of receiving an incentive pay out, an associate must remain employed with the Company [Circuit City] on a full-time basis through and including the date of pay out."  *See* Plan Terms, **Exh. E** at 5.  The Plan Terms also clarified that while the company was encouraging Short-Term Incentive Program Participants to stay with Circuit City, each Participant's "employment with the Company [Circuit City] is at will and is terminable at any time, with or without cause, and with or without notice.  The plan shall not be construed to create a contract of employment for a specified period of time between the Company and the participant."  *See* Plan Terms, **Exh. E** at 5.

23.    Despite a good faith effort, the Liquidating Trust has not located the specific performance criteria that apply to the Insufficient STIP Claims.  They were listed in an online performance evaluation program that the Debtors cancelled after the completion of their store closings in March, 2009.  However, the Liquidating Trustee has determined that these criteria were developed in conjunction with the holders of the Insufficient STIP Claims and that it was standard for the Short-Term Incentive Program Participant to print out these goals.

24.    The Liquidating Trust has also determined that the performance criteria –

both company-wide and individual – were intended to be "stretch" criteria that had a less than

50% percent chance of being met.  The challenging nature of these criteria was communicated to

the Short-Term Program Participants.

## OBJECTION

### A.    Burden of Proof

25.    Pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly

filed and complete proof of claim is *prima facie* evidence of the validity of the claim, which

raises a presumption of the claim's validity.  However, when an objection to a proof of claim

raises sufficient evidence, the burden of proof shifts to the claimant to establish that the claim is

allowable.  *See In re Garvida*, 347 B.R. 697 (9th Cir. BAP 2006); *In re Stoecker*, 143 B.R. 879,

883 (N.D. Ill. 1992).  Moreover, the holder of a claim always bears the burden of persuasion.  *Id.*

26.    Furthermore, if a claim does not comply with Bankruptcy Rule 3001(f),

then it is not presumptively valid and the burden of proof remains initially with the claimant.  *See*

*In re Plourde*, 397 B.R. 207 (Bankr. D. N.H. 2008):

> Rule 3001 . . . provides an evidentiary benefit to creditors who
> comply with the Rule and withholds that benefit from creditors
> who do not comply with the Rule.  If the Creditors have not
> substantially complied with the requirements of Rule 3001, the
> Claims are not entitled to the evidentiary benefit under Rule
> 3001(f).

*Id.*, at 218, *overruled on other grounds in In re Plourde*, 418 B.R. 495 (BAP 1st Cir. 2009).  To

comply with Rule 3001:

> A proof of claim is required to conform substantially to Official
> Form 10; must be signed by the creditor or the creditor's authorized

agent; and, when the claim is based on a writing, must have a copy
of the writing attached.

*In re US Airways, Inc.*, 2007 WL 3231573 *2 (Bankr. E.D. Va. 2007). Thus, where a claim is

based on a writing, but no such writing is attached, the claim is not entitled to *prima facie*

validity and "both the burden of initially producing evidence and the ultimate burden of

persuasion therefore falls squarely" on the claimant. *Id.*

       27.    With respect to the Conditioned STIP Claims, this Objection rebuts any

*prima facie* validity of the Conditioned STIP Claims by pointing out that a condition necessary

to Circuit City's obligation to pay has not been met.[3]

       28.    With respect to the Insufficient STIP Claims, the Insufficient STIP Claims

are not *prima facie* valid and are not entitled to any presumption of validity. Therefore, the

Liquidating Trustee does not have to come forward with any evidence that the applicable criteria

were not met. Instead, the holders of the Insufficient STIP Claims must present evidence

identifying the criteria and establishing that those criteria were met. They will not be able to do

so given the fact that the criteria were tied to the success of Circuit City's business and that this

business was liquidated. '

       29.    Based on the foregoing, the STIP Claimants bear both the burden of proof

and the burden of persuasion. The STIP Claimants will not be able to meet these burdens.

Accordingly, the STIP Claims should be disallowed in their entirety.

---

[3] The Liquidating Trustee does not concede that the Conditioned STIP Claims are *prima facie* valid. However, with
respect to the Conditioned STIP Claims, to conserve resources, this Objection is limited to the fact that the holder of
each Conditioned STIP Claim is not entitled to payment because they were not employed by Circuit City on the
applicable payment dates.

B.      **A Condition Necessary to Allowance of the Conditioned STIP Claims Has
Not Been Met.**

30.      As set forth above, the obligation to make payment to the Short-Term

Incentive Program Participants depended on the continued employment of the Participant

through the Pay-Out Date.  With respect to the Conditioned STIP Claims, this condition was not

met because as of the Pay-Out Date none of the holders of the Conditioned STIP Claims

remained employed by the Debtors.  Accordingly, each Conditioned STIP Claim should be

disallowed in its entirety.

C.      **The Insufficient STIP Claims Are Not Prima Facie Valid**

31.      As set forth above, it was standard procedure for the Short-Term Incentive

Program Participants to print out for from the on-line performance evaluation tool, the list of the

company-wide and individual performance goals that they had to meet in order to be entitled to a

Short-Term Incentive Award.  Nonetheless, the Insufficient STIP Claims fail to identify the

specific performance criteria that had to be met and fail to show that these criteria were met.

32.      The Liquidating Trust has not been able to locate the performance criteria

particular to each STIP Claimant, despite a good faith effort to do so.  However, the performance

criteria – both company-wide and individual – were ambitious and would have been difficult to

meet even under the best of circumstances.  The circumstances, however, were quite poor.  By

the Pay-Out Date, May, 2009, the Debtors had liquidated their assets and closed their stores.  It

is, therefore, extremely unlikely that any of the performance criteria applicable to the Insufficient

STIP Claims were met.  This near certain fact may explain why the holders of the Insufficient

STIP Claims fail to identify the criteria or allege that they had met the criteria.

33.     Accordingly, the Insufficient STIP Claims should be disallowed in their

entirety.

## RESERVATION OF RIGHTS

34.     The Liquidating Trust reserves the right to file objections to the STIP

Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The

Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection

as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

35.     Notice of this Objection has been provided to the STIP Claimants

identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental*

*Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007,*

*and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management*

*and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case

Management Order").  The Liquidating Trust submits that the following methods of service upon

the STIP Claimants should be deemed by the Court to constitute due and sufficient service of this

Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the

applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the STIP

Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the

signatory of the STIP Claimant's proof of claim form or other representative identified in the

proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any

counsel that has appeared on a STIP Claimant's behalf in the Debtors' bankruptcy cases.  The

Liquidating Trust is serving the STIP Claimants with this Objection and with the exhibit on which the STIP Claim is listed.

36.     To the extent any STIP Claimant timely files and properly serves a response to this Objection **by 4:00 P.M. (Eastern) on April 7, 2011** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference with respect to any such responding claimant **at 2:00 P.M. (Eastern) on April 14, 2011** and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any STIP Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, disallowing the STIP Claims in their entirety.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

37.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

38.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

39.    No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order

sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia
     February 27, 2011

TAVENNER & BERAN, PLC


_____/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Docket #10049  Date Filed: 2/27/2011

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,. | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION TO CLAIMS: RECLASSIFY TO GENERAL UNSECURED CLAIMS, REDUCE TO STATUTORY CAP, OR DISALLOW, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)

 **PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Eleventh Omnibus Objection to Claims:  Reclassify to General Unsecured Claims, Reduce to Statutory Cap, or Disallow, as Applicable (Special Cash Retention Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to reclassify certain claims, reduce certain claims and disallow certain claims.

 **PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and



0835653110228000000000002

requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

TO:                     <u>Claim</u>      <u>Claim</u>        <u>Reference</u>
                        <u>Number</u>     <u>Amount</u>       <u>Objection</u>
        SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is <u>**4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**</u>.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at  **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;
>
> c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts

3

that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

4

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 27, 2011

*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
          acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION TO CLAIMS:  RECLASSIFY TO GENERAL UNSECURED CLAIMS, REDUCE TO STATUTORY CAP, OR DISALLOW, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)

## CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES

## AND CLAIMS IN THE EXHIBITS ATTACHED HERETO.

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

Claims (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Eleventh Omnibus Objection to Claims:  Reclassify to General Unsecured Claims, Reduce to Statutory Cap, or Disallow, as Applicable (Special Cash Retention Program)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## SUMMARY OF RELIEF REQUESTED

2.      Each of the claims (the "CRP Claims") listed on **Exhibit B** attached hereto, asserts the right to payment under the Cash Retention Program (defined below) on a priority basis pursuant to section 507(a)(4) of the Bankruptcy Code.

3.      Based on a review of the CRP Claims and of the Debtors' books and records, as set forth below, none of the CRP Claims listed on **Exhibit C**, attached hereto, (the "Pre-Priority Period CRP Claims") are entitled to payment on a priority basis under section

507(a)(4) of the Bankruptcy Code and each Pre-Priority Period CRP Claim should be reclassified as a general unsecured claim.

4.      Each Pre-Priority Period CRP Claim is based on a right to payment that was "earned," within the meaning of section 507(a)(4), more than 180 days before the Petition Date (the "Priority Period"), which is May 13, 2008 to November 10, 2008.  Accordingly, the Liquidating Trust requests that each Pre-Priority Period CRP Claims be reclassified to a general unsecured claim.

5.      Based on a review of the CRP Claims and of the Debtors' books and records, as set forth below, the CRP Claims listed on **Exhibit D**, attached hereto, (the "Reduced CRP Claims") should be allowed on a priority basis under section 507(a)(4) of the Bankruptcy Code, but in a reduced amount.  While each Reduced CRP Claim was "earned" within the Priority Period, each holder of a Reduced CRP Claim has already received post-petition payment of pre-petition wages.  Unless the Reduced CRP Claims are reduced to account for these wage payments, the holders of the Reduced CRP Claims will receive a priority payment that exceeds the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code.  The remaining portion of the Reduced CRP Claims should be reclassified as general unsecured claims.

6.      Based on a review of the CRP Claims and of the Debtors' books and records, as set forth below, the CRP Claims listed on **Exhibit E**, attached hereto (the "Expunged CRP Claims") should be disallowed in their entirety.  As set forth more fully below, Circuit City Stores, Inc. ("Circuit City") was not obligated to make a payment pursuant to the Cash Retention Program (defined below) unless the CRP Participants (defined below) were employed by Circuit

City on the applicable vesting day or when a "change in control" occurred.  The holders of the

Expunged CRP Claims were not employed on these dates.  Therefore, they are not entitled to any

payment pursuant to the Cash Retention Program (defined below) and the Expunged CRP

Claims should be disallowed, in their entirety.

7.      The Liquidating Trust is continuing its review of claims and of its books

and records and reserves the right to further object to the CRP Claims.

## BACKGROUND

8.      On November 10, 2008 (the "Petition Date"), the debtors in the above-

captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11

of the Bankruptcy Code.

9.      On the Petition Date, the Court entered the *Order Pursuant to Bankruptcy*

*Code Section 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rules 6003*

*Authorizing Debtors to Pay Prepetition Wages, Compensation, and Employee Benefits* (the

"Wage Order") [Docket No. 6].  Pursuant to the Wage Order, the Debtors paid to the holders of

the Reduced CRP Claims pre-petition wages that were earned within 180 days of the Petition

Date.

10.     On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

11.    On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

12.    On December 10, 2008, the Court entered that certain *Order Pursuant to*

*Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)*

*Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form*

*and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

13.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims"

(as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any

non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for

governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific)

on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and

manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

14.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar

Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all

of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other

parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The

Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

15.    On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "<u>Agency Agreement</u>") between the Debtors and a joint venture, as agent

(the "<u>Agent</u>").  On January 17, 2009, the Agent commenced going out of business sales pursuant

to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been completed.

16.    On April 1, 2009, this Court entered an *Order Establishing Omnibus*

*Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "<u>Omnibus Objection Procedures Order</u>").

17.    On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

18.    On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

19.    The Plan became effective on November 1, 2010 (the "<u>Effective Date</u>"),

and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including objections to claims.  Under the Plan, objections to

priority claims must be filed within 120 days of the Effective Date.

**B.    <u>The Cash Retention Program</u>**

20.    More than 180 days prior to the Petition Date, the Debtors implemented a

special cash retention award program (the "<u>Cash Retention Program</u>"), pursuant to which certain

employees (the "<u>CRP Participants</u>") were awarded cash that was payable over two to three years,

beginning in 2009, subject to the terms of the Cash Retention Program.  Sample letters setting

forth the terms of the Cash Retention Program (the "CRP Sample Letters") are attached hereto as

**Exhibit F**.  Pursuant to the Cash Retention Program, a cash amount was awarded (the "Cash

Award") to the CRP Participant on a certain date (the "Award Date").  A percentage of the Cash

Award was payable on certain dates (the "Vesting Dates") that were staggered one to three years

after the Award Date.  *See* CRP Sample Letters, **Exh. F**.

        21.     To become a CRP Participant, each eligible employee was required to sign

and return the letter setting out the terms of the applicable Cash Retention Program, with such

letter constituting a separate agreement between the CRP Participant and the Debtors (each, a

"CRP Agreement").  *See* CRP Sample Letters, **Exh. F**.  The holder of each Pre-Priority Period

CRP Claim had to sign the CRP Agreement before February 1, 2008 in order for the CRP

Agreement to be effective.  This date is before the Priority Period.

        22.     In order to receive payment, the CRP Participant had to be employed on

the applicable the Vesting Date or when a Change in Control (defined below) occurred.  As

stated in the CRP Sample Letters:

> If prior to becoming fully vested in your Award, (i) your
> employment with [Circuit City] terminates for any reason other
> than your death or permanent disability, or (ii) your employment
> status with the Company changes to part-time, or (iii) you retire
> from the Company, then the unvested portion of your Award will
> be forfeited as of the date of your termination, change in status, or
> retirement, as the case may be.

CRP Sample Letters, **Exh. F.**, p. 1

        23.     The CRP Sample Letters further provided that if the CRP Participant were

employed by Circuit City when a "Change in Control" occurred, then the Cash Award would

become fully payable and the CRP Participant would not have to wait for the Vesting Dates. A "Change in Control" included the sale of all or substantially all of Circuit City's assets. *See* CRP Sample Letter, **Exh. F**, ¶ 2. Circuit City had completed its going out of business sales and closed its remaining stores by March, 2009.

24.    Each holder of a Reduced CRP Claim was employed by Circuit City through March, 2009. However, as set forth below, the holders of the Reduced CRP Claims have already received priority payments pursuant to the Wage Order.

25.    None of the holders of the Expunged CRP Claims were employed on any of the Vesting Dates or when Circuit City had sold all or substantially all of its assets.

## OBJECTION

A.    **The Pre-Priority Period CRP Claims Are Not Allowable as Priority Expense Claims Because They Arose Prior to the 180-Day Priority Period.**

26.    Section 507(a)(4) which accords priority status to "wages, salaries, or commissions . . . *earned*" within 180 days before the filing date. (Emphasis added.) *See In re Cardinal Indus. Inc*., 160 B.R. 83 (Bankr. S.D. Ohio 1993) (for purposes of priority under section 507(a), a bonus is "earned" when the right to the bonus is established, even though the bonus is not payable until a later date). *See also* 4 COLLIER ON BANKRUPTCY ¶507.06[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("The general rule is that wages, salaries and commissions are earned when the employee obtains a right to payment under the employment contract rather than at the time that payment is to be made."). As Collier further states with respect to whether a bonus is "earned" within the 180 days prior to a petition date as required by section 507(a)(4) of the Bankruptcy Code, "If a bonus is awarded in December, but not payable

until the following March, the bonus was earned in December." COLLIER ON BANKRUPTCY at

507.06[5].

27.     In this case, the Cash Awards were awarded and the CRP Agreements

were signed before the Priority Period.  Therefore, the Cash Awards were earned, within the

meaning of section 507(a)(4), before the Priority Period and are not entitled to priority.[2]

28.     Cases construing when a claim arises bolster the point that the Pre-Priority

Period CRP Claims arose before the Priority Period and are not entitled to priority payment.  The

definition of "claim" in section 101(5) of the Bankruptcy Code includes "a right to payment" that

is "contingent."  11 U.S.C. § 101(5)(A).  *See Grady v. AH Robins Co.*, 839 F.2d 198, 202 (4th

Cir. 1988), *cert. dismissed sub nom. Joynes v. AH Robins Co.*, 487 US 1260 (1988) (defining

"contingent" as "conditioned upon the occurrence of some future event which is itself uncertain,

or questionable.").  The Pre-Priority Period CRP Claims were contingent because the right to

payment was conditioned upon the CRP Participant remaining employed with the Debtors

through the vesting dates.

29.     In the Fourth Circuit, a contingent claim arises when the event or conduct

underlying the claim first occurs.  *See A.H. Robins Co.*, 839 F.2d at 201-02; *In re U.S. Airways*,

2007 WL 3231573, *3 (Bankr. E.D. Va. 2007) ("A debt 'arises,' for bankruptcy purposes, not

when the effects are felt but when the act giving rise to the liability occurs.").[3] *See also In re*

---

[2] In certain instances, a CRP Claim is based on a CRP Agreement that was signed after the February 1, 2008 deadline.  As set forth below, the Liquidating Trust reserves the right to further object to all CRP Claims, including the aforementioned CRP Claims, on any ground, other than that the Claim is not entitled to priority.   The Liquidating Trust expects to object to the aforementioned CRP Claims on the ground that the CRP Agreement was not signed in time to be effective and that, therefore, no amount is owing.  However, this Objection is limited to objecting to the request for payment on a priority basis.
[3] In *A.H. Robins*, the court held that a contingent claim arose when the debtor's birth control device had been implanted and before the plaintiff manifested any injury.  *Id.*, 839 B.R. 198.

*Bentley Funding Group, LLC,* 2001 WL 34054525 (Bankr. E.D. Va. Feb. 2, 2001) (surety's right

to indemnity existed as a contingent claim from the date the indemnity agreement was executed);

*Thompson v. Board of Trustees of Fairfax Cty. Police Officers Retirement Sys. (In re Thompson),*

182 B.R. 140, 153 (Bankr. E.D. Va. 1995), *aff'd*, 92 F.3d 1182 (4th Cir. 1996) (claim for

retirement benefits arose when the employee first joined the program– not when the retirement

payments became due in 25-years).  As the *Thompson* Court explained, the "25-year requirement

was merely a contingency [that] Thompson had to meet in order to have an immediate right to

payment." *Id*.

    30.  With respect to the CRP Claims, the Debtors incurred a contingent

liability when the CRP Participant signed the CRP Agreement, which in the case of each Pre-

Priority Period CRP Claim listed on **Exhibit C**, had to occur before the Priority Period in order

to be effective.  Therefore, each Pre-Priority Period CRP Claim arose before the Priority Period

and is not entitled to priority under section 507(a).

   **B.**  **The Reduced CRP Claims Should Be Allowed Up to the Statutory Cap, Less
Previous Priority Payments, With Any Remaining Portion Reclassified as a
General Unsecured Claim**

    31.  The amount payable on a priority basis pursuant to section 507(a)(4) of the

Bankruptcy Code is capped by the statute and this cap is changed every three years.  In this case,

the capped priority amount is $10,950.  *See* 11 U.S.C. § 104 (providing for adjustments in the

section 507(a)(4) statutory cap every three years); 72 FR 7082 (priority cap under 11 U.S.C. §

507(a)(4) adjusted to $10,950 for cases filed on or after April 1, 2007); 75 FR 8747 (priority cap

under 11 U.S.C. § 507(a)(4) adjusted to $11,725 for cases filed on or after April 1, 2010).  These

cases were commenced on November 10, 2008.  Therefore, the applicable statutory cap is $10,950.

32.      An individual may not receive more than the statutory cap on account of any claims that are allowed under section 507(a)(4).  *See In re LandAmerica Financial Group*, 435 B.R. 343 (Bankr. E.D. VA 2010) (this court allowed section 507(a)(4) priority claim up to the statutory cap, less priority amounts previously received); *In re Share Bldg. Products, Inc.,* 2010 WL 2402882 (June 10, 2010 Bankr. E.D. WI) (individual's claims for wages and commissions were reduced so that aggregate claim did not exceed $10,950; remaining claims in excess of this amount were reclassified as general unsecured basis).  *See also* 4 COLLIER ON BANKRUPTCY ¶ 507.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("The maximum dollar limit on the priority is [$10,950][4] for each individual and corporation.  Any excess claim for wages, salaries and commissions will be a general unsecured claim.").

33.      Pursuant to the Wage Order, the Debtors paid pre-petition wages to the holders of the Reduced CRP Claims.  These wages accrued shortly before the Petition Date and, therefore, were entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code.

34.      If the Reduced CRP Claims are allowed without any reduction for these earlier priority payments, then the holders of the Reduced CRP Claims will receive more than $10,950 on account of their section 507(a)(4) claims.  Therefore, these Reduced CRP Claims should be allowed up to the statutory cap, less any amounts paid in wages pursuant to the Wage

---

[4] As set forth herein, the statutory cap adjusts every three years.

Order, as set forth in **Exhibit D**, attached hereto.  Any remaining claim should be allowed as a general unsecured claim.

        C.      <u>**The Expunged CRP Claims Should Be Disallowed Because the Holders of the Expunged CRP Claims Were Not Employed by Circuit City On Any of the Applicable Dates**</u>

        35.      The Liquidating Trustee has determined that Circuit City terminated the employment of the Expunged CRP Claims before any of the applicable Vesting Dates and before the Debtors had completed the sale of all or substantially all of their assets.  Therefore, a necessary condition to Circuit City's obligation to make a payment pursuant to the Cash Retention Program was not met.

        36.      Accordingly, the Expunged CRP Claims should be disallowed in their entirety.

<u>**RESERVATION OF RIGHTS**</u>

        37.      At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, including the CRP Claims.  Accordingly, the CRP Claims may be the subject of additional subsequently filed objections.  To that end, the Liquidating Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.  Furthermore, the Liquidating Trust reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

38.     Notice of this Objection has been provided to the holders of the CRP

Claims ("CRP Claimants") identified on **Exhibit B**, and to parties-in-interest in accordance with

the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy*

*Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain*

*Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at

Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the

following methods of service upon the CRP Claimants should be deemed by the Court to

constitute due and sufficient service of this Objection:  (a) service in accordance with Federal

Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil

Procedure 4; (b) to the extent counsel for the CRP Claimants is not known to the Liquidating

Trust, by first class mail, postage prepaid, on the signatory of the CRP Claimant's proof of claim

form or other representative identified in the proof of claim form or any attachment thereto; or

(c) by first class mail, postage prepaid, on any counsel that has appeared on the CRP Claimant's

behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the CRP Claimant

with this Objection and the exhibit on which the CRP Claimant's claim is listed.

39.     To the extent any CRP Claimant timely files and properly serves a

response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the Case

Management Order and under applicable law, and the parties are unable to otherwise resolve the

Objection, the Liquidating Trust requests that the Court conduct a status conference  with respect

to any such responding claimant at **2:00 P.M.  (Eastern) on April 14, 2011** and thereafter

schedule the matter for a future hearing as to the merits of such claim.  However, to the extent

any CRP Claimant fails to timely file and properly serve a response to this Objection as required

by the Case Management Order and applicable law, the Liquidating Trust requests that the Court

enter an order, substantially in the form attached hereto as **Exhibit A**, reclassifying the Pre-

Priority Period CRP Claims as general unsecured claims as set forth in **Exhibit C,** attached

hereto, and allowing the Reduced CRP Claims on a priority basis in the reduce amount set forth

in **Exhibit D**, attached hereto, and reclassifying as a general unsecured any remaining balance.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

40.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

41.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

42.     No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
       February 27, 2011


                                   _____/s/ Paula S. Beran_____
                                   Lynn L. Tavenner (VA Bar No. 30083)
                                   Paula S. Beran (VA Bar No. 34679)
                                   20 North Eighth Street, 2nd Floor
                                   Richmond, Virginia 23219
                                   (804) 783-8300

                                             - and -

                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   Jeffrey N. Pomerantz, Esq.
                                   Andrew W. Caine, Esq.
                                   10100 Santa Monica Boulevard
                                   Los Angeles, California 90067-4100
                                   (310) 277-6910

                                             - and –

                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   Robert J. Feinstein, Esq.
                                   780 Third Avenue, 36th Floor
                                   New York, New York 10017
                                   (212) 561-7700

                                   *Counsel to the Circuit City Stores, Inc.*
                                   *Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*


## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,. | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

### NOTICE OF LIQUIDATING TRUST'S TWELFTH OMNIBUS OBJECTION TO
### DISALLOW CERTAIN CLAIMS (LONG-TERM INCENTIVE PROGRAM)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Twelfth Omnibus Objection to Disallow Certain Claims (Long-Term Incentive Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Liquidating Trust is seeking to is seeking to disallow the LTIP Claims (as defined in the Objection).

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").



0835653110228000000000003

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

TO:                          Claim          Claim            Reference
                             Number         Amount           Objection

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**Critical Information for Claimants**
**Choosing to File a Response to the Objection**

Who Needs to File a Response: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

2

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

    Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

    The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5000
Richmond, Virginia 23219

    If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### <u>Procedures for Filing a Timely Response and</u><br><u>Information Regarding the Hearing on the Objection</u>

    **Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

        a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

        b.    the claimant's name and an explanation for the amount of the Claim;

        c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the

3

specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy

Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    February 27, 2011

　　　　　　　　　　　　　　　　　　　 */s/ Paula S. Beran*
　　　　　　　　　　　　　　　　　　　 Lynn L. Tavenner (VA Bar No. 30083)
　　　　　　　　　　　　　　　　　　　 Paula S. Beran (VA Bar No. 34679)
　　　　　　　　　　　　　　　　　　　 TAVENNER & BERAN, P.L.C.
　　　　　　　　　　　　　　　　　　　 20 North Eighth Street, 2nd Floor
　　　　　　　　　　　　　　　　　　　 Richmond, Virginia  23219
　　　　　　　　　　　　　　　　　　　 Telephone:  804-783-8300
　　　　　　　　　　　　　　　　　　　 Facsimile:  804-783-0178
　　　　　　　　　　　　　　　　　　　 Email:  ltavenner@tb-lawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　 pberan@tb-lawfirm.com

　　　　　　　　　　　　　　　　　　　 -and-

　　　　　　　　　　　　　　　　　　　 Jeffrey N. Pomerantz (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　 Andrew W. Caine (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　 PACHULSKI STANG ZIEHL & JONES LLP
　　　　　　　　　　　　　　　　　　　 10100 Santa Monica Blvd.
　　　　　　　　　　　　　　　　　　　 11th Floor
　　　　　　　　　　　　　　　　　　　 Los Angeles, California  90067-4100
　　　　　　　　　　　　　　　　　　　 Telephone: 805-123-4567
　　　　　　　　　　　　　　　　　　　 Facsimile:  310/201-0760
　　　　　　　　　　　　　　　　　　　 E-mail: jpomerantz@pszjlaw.com
　　　　　　　　　　　　　　　　　　　　　　　 acaine@pszjlaw.com

　　　　　　　　　　　　　　　　　　　 *Counsel for the Circuit City Stores, Inc.*
　　　　　　　　　　　　　　　　　　　 *Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## LIQUIDATING TRUST'S TWELFTH OMNIBUS OBJECTION TO
## DISALLOW CERTAIN CLAIMS (LONG-TERM INCENTIVE PROGRAM)

## CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES

## AND CLAIMS IN THE EXHIBITS ATTACHED TO THIS OBJECTION.

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Twelfth*

*Omnibus Objection to Disallow Certain Claims (Long-Term Incentive Program)* (the

"Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**,

granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502,

Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## SUMMARY OF RELIEF REQUESTED

2.      The claims (the "LTIP Claims") listed on **Exhibit B,** attached hereto,

assert the right to payment under a long-term incentive program (the "Long-Term Incentive

Program") that Circuit City Stores, Inc. ("Circuit City") had offered to certain eligible

employees.  The LTIP Claims assert the right to payment on a priority basis pursuant to section

507(a) of the Bankruptcy Code.  As set forth below, Circuit City's obligation to make payments

pursuant to the Long-Term Incentive Program was conditioned on (1) available credit under

Circuit City's credit facility on the first vesting date and (2) the price of Circuit City's stock on

the second and third vesting dates.

3.      Based on a review of the LTIP Claims and of the Debtors' books and

records, as set forth below, the Liquidating Trust objects to the LTIP Claims in their entirety on

the ground that the conditions necessary to Circuit City's obligation to pay the LTIP Claims were

not met.  Accordingly, the Liquidating Trust requests an Order disallowing the LTIP Claims, set

forth on **Exhibit A**, in their entirety.

## FACTUAL BACKGROUND

### A.    The Bankruptcy Cases

4.    On November 10, 2008 (the "Petition Date"), the debtors in the above-

captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11

of the Bankruptcy Code.

5.    On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

6.    On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

7.    On December 10, 2008, the Court entered that certain *Order Pursuant to

Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form

and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

8.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims"

(as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any

non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for

governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific)

on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and

manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

9.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

10.     On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

11.     As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

12.     On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

13.     On August 9, 2010, the Debtors and the Creditors' Committee filed a plan (the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

14.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

15.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including objections to claims.  Under the Plan, objections to

priority claims must be filed within 120 days of the Effective Date.

<em><strong>(1)   The DIP Credit Facility</strong></em>

16.     On the Petition Date, the Court granted the Debtors interim authority to

enter into that certain *Senior Secured, Super-Priority, Debtor in Possession Credit Agreement*

(the "DIP Credit Facility").  *See* Order entered on November 10, 2008 (Docket No. 78).  *See also*

Order entered on December 23, 2008 (approving the DIP Credit Facility on a final basis) (Docket

No. 1262).  The DIP Credit Facility superseded all of the Debtors' pre-petition credit facilities.

17.     On February 17, 2009, the Court entered an Order approving a third and

final amendment to the DIP Credit Facility (the "Amended DIP Order") (Docket 2252).

Pursuant to the Amended DIP Order, the lenders' commitment under the DIP Credit Facility

would reduce to zero and the Debtors were obligated to pay all indebtedness under the DIP

Credit Facility by April 30, 2009.

18.     This wind down of the DIP Credit Facility coincided with the Debtors'

wind down of its business operations.  The Debtors paid all obligations under the DIP Credit

Facility in February 2009.  They completed their going out of business sales and closed their last

set of remaining stores in March 2009.  The DIP lenders' commitments to provide further credit

pursuant to the DIP Credit Facility ended in April 30, 2009.

### B.      The Delisting of Circuit City's Stock from the New York Stock Exchange

19.     In November 2008, the New York Stock Exchange delisted Circuit City's

stock after it had traded for less than a dollar on average in October 2008.  After Circuit City's

stock was delisted, it continued to trade over the counter "on pink slips."  However, during 2010,

which is the relevant time period for purposes of this Objection, the stock price never exceeded

15 cents a share.

C.        **The Long-Term Incentive Program.**

20.        Prior to the Petition Date, on or about October 9, 2008, Circuit City implemented the Long-Term Incentive Program pursuant to which certain employees (the "Long-Term Incentive Program Participants") were eligible to receive cash incentive awards payable on three vesting dates:  July 1, 2009; January 1, 2010; and July 1, 2010.  The Long-Term Incentive Program intended to reward certain employees provided that Circuit City achieved two financial benchmarks:  (1) credit availability and (2) stock value.  A sample letter setting out the terms of the Long-Term Incentive Program (the "Long-Term Incentive Program Sample Letter") is attached hereto as **Exhibit C**.

21.        Payment on the first vesting date of July 1, 2009 was conditioned on "maintaining excess availability under all of the Company's[2] existing or future credit facilities in effect as of February 28, 2009."  *See* Long-Term Incentive Program Sample Letter at 1, **Exh. C**.  Under the DIP Credit Facility, which was in effect as of February 28, 2009, "excess availability" referred to the amount by which the lenders' commitment or the Debtors' borrowing base (whichever was less) exceeded the amount outstanding under the DIP Credit Facility.  *See* DIP Credit Facility at 19, filed with the Court on November 26, 2008 (Docket No. 425).  Thus, Circuit City was obligated to pay a Long-Term Incentive Program Participant on the first vesting date if Circuit City had available credit under its credit facility on that date.

22.        Payment on the second vesting date of January 1, 2010 was conditioned on the Debtors' stock price exceeding $2.99 a share on that date.  Payment on the third vesting date of July 1, 2010 was conditioned on the Debtor's stock price exceeding $3.99 a share on that date.

---

[2] The term Company referred to Circuit City.  *See* Long-Term Incentive Program Sample Letter at 1, **Exh. C**.

## OBJECTION

### A.    Burden of Proof

23.    Pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly filed proof of claim is *prima facie* evidence of the validity of the claim.  However, when an objection to a proof of claim raises sufficient evidence, the burden of proof shifts to the claimant to establish that the claim is allowable.  *See In re Garvida*, 347 B.R. 697 (9th Cir. BAP 2006); *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992).  Moreover, the holder of a claim always bears the burden of persuasion.  *Id.*

24.    As demonstrated below, this Objection rebuts the *prima facie* validity of the LTIP Claims.  Therefore, the holders of the LTIP Claims bear both the burden of proof and the burden of persuasion to establish such Claims.  Those burdens cannot be met.

### B.    The Condition Necessary to Payment on the First Vesting Date Did Not Occur

25.    As set forth above, the obligation to make the first payment pursuant to the Long-Term Incentive Program Participants was contingent on the availability of credit under Circuit City's credit facilities.  This condition was not met because on the first vesting date, July 1, 2009, Circuit City had no available credit under the DIP Credit Facility.  Months earlier, on April 30, 2009, the lenders' commitments under the DIP Credit Facility ended pursuant to the terms of the Amended DIP Order.  The Amended DIP Order also set a deadline of April 30, 2009 for the Debtors to pay all obligations under the DIP Credit Facility.  The Debtors paid these obligations in February, 2009.

26.    In light of these facts, Circuit City did not have "excess availability" under the DIP Credit Facility on the first vesting date of July 1, 2009.  In fact, Circuit City did not have

a credit facility as of July 1, 2009.  Therefore, Circuit City was not obligated to make the first

payment under the Long-Term Incentive Program.

      C.      **The Conditions Necessary to Payment on the Second and Third Vesting Dates Did Not Occur**

      27.      Under the Long-Term Incentive Program, (i) a second payment would be

made on January 1, 2010 (the second vesting date) if Circuit City's stock price exceeded $2.99

on that date, and (ii) a third payment would be made on July 1, 2010 (the third vesting date) if

Circuit City's stock price exceeded $3.99 on that date.  *See* Sample Long-Term Incentive Letter

at 2, **Exh. C**.

      28.      In 2010, Circuit City's stock price consistently traded for 15 cents or less.

Therefore, the conditions necessary to payment on the second and third vesting dates (stock

prices in excess of $2.99 and $3.99 on those dates, respectively) did not occur and Circuit City

was not obligated to make the second and third payments under the Long-Term Incentive

Program.

      29.      In summary, Circuit City was not obligated to pay the Long-Term

Incentive Program Participants on the first vesting date because the condition necessary to this

obligation – credit availability under a credit facility– was not met.  It had no credit availability

under its credit facility.  Circuit City was not obligated to pay the Long-Term Incentive Program

Participants on the second and third vesting dates because the conditions necessary to these

obligations – stock prices in excess of $2.99 and $3.99 on the respective vesting dates – was not

met.  Circuit City's stock traded well below these prices.  Accordingly, no amount is owing with

respect to any of the LTIP Claims and each such LTIP Claim should be disallowed in its entirety.

## RESERVATION OF RIGHTS

30.     As noted above, the Liquidating Trust reserves the right to file objections

to the LTIP Claims at a later time on any grounds that bankruptcy or non-bankruptcy law

permits.  The Liquidating Trust likewise reserves the right to modify, supplement and/or amend

this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

31.     Notice of this Objection has been provided to the holders of the LTIP

Claims (the "Long-Term Incentive Program Claimants") identified on **Exhibit B**, and to parties-

in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code*

*Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1*

*and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures*

(entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The

Liquidating Trust submits that the following methods of service upon the Long-Term Incentive

Program Claimants should be deemed by the Court to constitute due and sufficient service of this

Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the

applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the

Long-Term Incentive Program Claimants is not known to the Liquidating Trust, by first class

mail, postage prepaid, on the signatory of the Long-Term Incentive Program Claimant's proof of

claim form or other representative identified in the proof of claim form or any attachment

thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on a Long-

Term Incentive Program Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating

Trust is serving the Long-Term Incentive Program Claimants with this Objection and with the

exhibit on which the Long-Term Incentive Program Claim is listed.

32.     To the extent any Long-Term Incentive Program Claimants timely files and properly serves a response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference  with respect to any such responding claimant at **2:00 P.M. (Eastern) on April 14, 2011** and thereafter schedule the matter for a future hearing as to the merits of such claim. However, to the extent any Long-Term Incentive Program Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, disallowing the LTIP Claims in their entirety.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

33.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

34.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

35.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia
     February 27, 2011

TAVENNER & BERAN, PLC


_____/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,. | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

### NOTICE OF LIQUIDATING TRUST'S THIRTEENTH OMNIBUS OBJECTION TO CERTAIN PRIORITY CLAIMS: ALLOW UP TO THE STATUTORY CAP, RECLASSIFY, DISALLOW AS APPLICABLE (EMPLOYMENT CONTRACT SEVERANCE CLAIMS)

PLEASE TAKE NOTICE that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Thirteenth Omnibus Objection to Certain Priority Claims:  Allow Up to the Statutory Cap, Reclassify, Disallow as Applicable (Employment Contract Severance Claims)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to allow up to the statutory cap, reclassify, or disallow as applicable the Severance Claims (as defined in the Objection).

PLEASE TAKE FURTHER NOTICE THAT on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,



0835653110228000000000004

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.


TO:                                          <u>Claim</u>        <u>Claim</u>              <u>Reference</u>
                                             <u>Number</u>       <u>Amount</u>             <u>Objection</u>

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants
Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at  **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;
>
> c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts

3

that support the Response, setting forth the reasons why the Bankruptcy
Court should overrule the Objection as to the claimant's claim, including,
without limitation (to the extent not set forth in its proof of claim), the
specific factual and legal bases upon which the claimant intends to rely in
support of its Response and its underlying Claim;

d.       a copy of or identification of any other documentation or other evidence of
the Claim, to the extent not already included with the Claim that the
claimant presently intends to introduce into evidence in support of its
Claim at the hearing; provided, however, that for a Response filed in
support of a Claim arising out of a lease of real property, the Response
need not attach such lease if the claimant indicates its willingness to
provide such documentation upon request;

e.       a declaration of a person with personal knowledge of the relevant facts
that support the Response;

f.       the claimant's address, telephone number and facsimile number and/or the
name, address, telephone number and facsimile number of the claimant's
attorney and/or designated representative to whom the attorneys for the
Debtors should serve a reply to the Response, if any (collectively, the
"Notice Address").  If a Response contains Notice Address that is different
from the name and/or address listed on the Claim, the Notice Address will
control and will become the service address for future service of papers
with respect to all of the claimant's Claims listed in the Objection
(including all Claims to be reduced or disallowed) and only for those
Claims in the Objection; and

g.       to the extent such person differs from the person identified pursuant to
subjection e, above, the name, address, telephone number, facsimile
number, and electronic mail address of the representative of the claimant
(which representative may be the claimant's counsel) party with authority
to reconcile, settle or otherwise resolve the Objection on the claimant's
behalf (collectively, the "Additional Addresses").  Unless the Additional
Addresses are the same as the Notice Addresses, the Additional Address
will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response
should also include the name, address, telephone number and facsimile number of the party with
authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless
the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will
not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or
before the Response Deadline in compliance with the procedures set forth in this Notice, the
Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief
requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    February 27, 2011

                              /s/ Paula S. Beran
                              Lynn L. Tavenner (VA Bar No. 30083)
                              Paula S. Beran (VA Bar No. 34679)
                              TAVENNER & BERAN, P.L.C.
                              20 North Eighth Street, 2nd Floor
                              Richmond, Virginia  23219
                              Telephone:  804-783-8300
                              Facsimile:  804-783-0178
                              Email:  ltavenner@tb-lawfirm.com
                                        pberan@tb-lawfirm.com

                              -and-

                              Jeffrey N. Pomerantz (admitted *pro hac vice*)
                              Andrew W. Caine (admitted *pro hac vice*)
                              PACHULSKI STANG ZIEHL & JONES LLP
                              10100 Santa Monica Blvd.
                              11th Floor
                              Los Angeles, California  90067-4100
                              Telephone: 805-123-4567
                              Facsimile:  310/201-0760
                              E-mail: jpomerantz@pszjlaw.com
                                        acaine@pszjlaw.com

                              *Counsel for the Circuit City Stores, Inc.
                              Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## LIQUIDATING TRUST'S THIRTEENTH OMNIBUS OBJECTION TO CERTAIN PRIORITY CLAIMS: ALLOW UP TO THE STATUTORY CAP, RECLASSIFY, DISALLOW AS APPLICABLE (EMPLOYMENT CONTRACT SEVERANCE CLAIMS)

### CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES

### AND CLAIMS IN THE EXHIBITS ATTACHED TO THIS OBJECTION.

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Thirteenth*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Omnibus Objection to Certain Priority Claims:  Allow Up to the Statutory Cap, Reclassify,*

*Disallow as Applicable (Employment Contract Severance Claims)* (the "Objection"), and hereby

moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States

Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1,

for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this

Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502,

Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## SUMMARY OF RELIEF REQUESTED

2.      Each claim subject to this Objection (the "Severance Claims") asserts the

right to severance payment on a priority basis pursuant to section 507(a)(4) of the Bankruptcy

Code.  This Objection is based on a review of the Severance Claims and of the books and records

of the debtors in the above-captioned cases (the "Debtors").

3.      Each holder of a Severance Claim ("Severance Claimant") was a party to a

pre-petition employment agreement (the "Employment Contract") with Circuit City Stores, Inc.

("Circuit City") pursuant to which Circuit City agreed to make a payment to the employee if Circuit City terminated the employee, subject to the terms of the Employment Contract.

4.      The Liquidating Trustee has divided the Severance Claims into four categories.  All of the Severance Claims are listed in alphabetical order on **Exhibit B**, attached hereto.  The four categories are as follows:

(a)  Severance Claims asserted pursuant to the "change in control provision" of the Employment Contract after the Debtor terminated the Severance Claimant's employment post-petition (the "Change-in-Control Severance Claims").  The Change-in-Control Severance Claims are listed on **Exhibit C**, attached hereto.

(b)  Severance Claims asserted pursuant to the "termination without cause" provision of the Employment Contract after the Debtors terminated the Severance Claimant's employment within 180 days of the commencement of these cases (the "Priority Period Severance Claims").  The Priority Period Severance Claims are listed on **Exhibit D**, attached hereto.

(c)  Severance Claims asserted pursuant to the "termination without cause" provision of the Employment Contract after the Debtors terminated the Severance Claimant's employment more than 180 days before the commencement of these cases (the "Pre-Priority Period Severance Claims").  The Pre-Priority Period Severance Claims are listed on **Exhibit E**, attached hereto.

(d)  Severance Claims asserted after the Severance Claimants resigned

post-petition (the "Invalid Severance Claims").  The Invalid Severance Claims are

listed on **Exhibit F**, attached hereto.

**A.**  **The Change-in-Control Severance Claims Should Be Allowed on a Priority
Basis in the Amount of the Statutory Cap, Less Other 507(a)(4) Payments,
and Reclassified as General Unsecured Claims for the Balance**

5.  The Liquidating Trustee requests that the Change-in-Control Severance

Claims be allowed on a priority basis in the amount of the statutory cap of $10,950, less any

other payments made to the holder of such Claim pursuant to section 507(a)(4), and reclassified

as general unsecured claims to the extent the Claim exceeds the statutory cap.

6.  The Debtors terminated the employment of the holders of the Change-in-

Control Severance Claims after the Debtors had completed their going-out-of-business sales and

closed the last set of their remaining stores.  Pursuant to the Employment Contract, this

termination entitled the employee to a severance payment.  Under case law decided by this

Court, the Change-in-Control Severance Claims are deemed to have arisen as of the petition date,

which is during the priority period set forth in 11 U.S.C. § 507(a)(4).  Accordingly, the Change-

in-Control Severance Claims should be allowed on a priority basis up to the statutory cap set

forth in section 507(a)(4), less any other priority payments received pursuant to section

507(a)(4).  The remaining portion of the Change-in-Control Severance Claims should be

reclassified as general unsecured claims.

B.      **The Priority Period Severance Claims Should Be Allowed on a Priority Basis
in the Amount of the Statutory Cap, Less Other 507(a)(4) Payments, and
Reclassified as General Unsecured Claims for the Balance**

7.      The Debtors terminated the employment of the holders of the Priority

Period Severance Claims during the period that is 180 days before the commencement of these

bankruptcy cases (the "Priority Period").  Under case law decided by this Court, the Priority

Period Severance Claims should be allowed on a priority basis up to the statutory cap set forth in

section 507(a)(4), less any other priority payments received pursuant to section 507(a)(4).  The

remaining portion of the Priority Period Severance Claims should be reclassified as general

unsecured claims.

C.      **The Pre-Priority Period Severance Claims Should Be Reclassified In Their
Entirety as General Unsecured Claims**

8.      The Debtors terminated the employment of the holders of the Pre-Priority

Period Severance Claims before the Priority Period.  Therefore, severance was not "earned"

during the Priority Period and no part of the claim is entitled to priority pursuant to 11 U.S.C.

§ 507(a)(4).  Accordingly, the Pre-Priority Period Severance Claims should be reclassified in

their entirety as general unsecured claims.

D.      **The Invalid Severance Claims To Be Disallowed in Their Entirety**

9.      The holders of the Invalid Severance Claims voluntarily resigned.

Pursuant to the Employment Contract, there is no obligation to pay any severance to an

employee who resigned.  Accordingly, the Invalid Severance Claims should be disallowed in

their entirety.

10.     The Liquidating Trust is continuing its review of claims and of its books and records and reserves the right to further object on any ground to the Severance Claims to the extent they are reclassified as general unsecured claims.

## BACKGROUND

11.     On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

12.     On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

13.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

14.     On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

15.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and

manner of the claims bar date notice, which was attached as <u>Exhibit A</u> to the Claims Bar Date

Order (the "<u>Claims Bar Date Notice</u>").

16.     On December 17 and 19, 2008, KCC served a copy of the Claims Bar

Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all

of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other

parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The

Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

17.     On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "<u>Agency Agreement</u>") between the Debtors and a joint venture, as agent

(the "<u>Agent</u>").  On January 17, 2009, the Agent commenced going out of business sales pursuant

to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been completed.

18.     On April 1, 2009, this Court entered an *Order Establishing Omnibus*

*Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "<u>Omnibus Objection Procedures Order</u>").

19.     On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

20.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

21.　　The Plan became effective on November 1, 2010 (the "Effective Date"),

and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including objections to claims.　Under the Plan, objections to

priority claims must be filed within 120 days of the Effective Date.

**A.**　**The Employment Agreement, Employee Terminations and Employee Resignations**

22.　　Before the Petition Date, Circuit City entered into the Employment

Contracts with the Severance Claimants.　The Employment Contracts are identical with respect

to Circuit City's obligations to pay severance to the Severance Claimants.　A sample agreement

setting forth the terms of the Employment Contracts is attached hereto as **Exhibit G**.

23.　　Section 9.3 of the Employment Contract entitled an employee to a certain

severance package if Circuit City terminated the employment as a result of a "change in control."

A "change in control" included the liquidation of Circuit City's assets and the closing of its

stores.　*Id*.　Circuit City terminated the employment of the holders of the Change-in-Control

Severance Claims post-petition after the completion of the Debtors' going out of business sales

and store closings, pursuant to section 9.3 of the Employment Contract.

24.　　Section 7.4 of the Employment Contract entitled an employee to a certain

severance package if Circuit City terminated the employment involuntarily "without cause."　*Id*.

Circuit City terminated the employment of the holders of the Priority Period Severance Claims

during the Priority Period, pursuant to section 7.4 of the Employment Contract.　Circuit City

terminated the employment of the holders of the Pre-Priority Period Severance Claims before the

Priority Period, pursuant to section 7.4 of the Employment Contract.

25.    The Employment Agreement also addressed employee resignation.  If the

employee provided 30-days written notice of an intent to resign, then Circuit City had the right to

require the employee to not work during the notice period and to pay the employee the salary

that would have been earned during that notice period, plus other benefits, as set forth more fully

in the Employment Contract at section 7.3.  With respect to a resignation, the Employment

Contract added, "The Company [Circuit City] thereafter *shall have no further obligations under*

*this Agreement*."  Employment Contract, **Exh. G**, at ¶ 7.3.  (Emphasis added.)

26.    The holders of the Invalid Severance Claims resigned after the Petition

Date.

27.    The Employment Contracts were rejected by Orders entered on December

23, 2008 [Docket No. 1260] and on March 4, 2010 [Docket No. 6686].

### B.    Other Priority Payments to the Holders of the Severance Claims

28.    Certain holders of the Severance Claims have or will receive other priority

payments from the Debtors pursuant to section 507(a)(4) of the Bankruptcy Code.  For example,

certain Severance Claim holders are or were entitled to payment for wages, salary, commissions,

or vacation pay earned during the Priority Period.  In the exhibit in which the applicable

Severance Claims are listed, a column has been added to show the amount that has been or is

expected to be paid to the holder of such Claim.  The net amount that should be allowed on a

priority basis is included in an additional column in the applicable exhibit.  In no event should

the holder of a Severance Claim receive on account of such Claim more than the statutory cap set forth in section 507(a)(4).

## OBJECTION

### A.    Burden of Proof

29.    Pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly filed proof of claim is *prima facie* evidence of the validity of the claim.  However, when an objection to a proof of claim raises sufficient evidence, the burden of proof shifts to the claimant to establish that the claim is allowable.  *See In re Garvida*, 347 B.R. 697 (9th Cir. BAP 2006); *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992).  Moreover, the holder of a claim always bears the burden of persuasion.  *Id.*

30.    As demonstrated below, this Objection rebuts the *prima facie* validity of the Severance Claims.  Therefore, the holders of the Severance Claims bear both the burden of proof and the burden of persuasion to establish such Claims.  Those burdens cannot be met.

### A.    Priority Claims and the Statutory Cap Pursuant to Section 507(a)(4) of the Bankruptcy Code

31.    Section 507(a)(4) of the Bankruptcy Code accords priority status to "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual" within 180 days before the filing date.  The amount payable on a priority basis is capped by the statute and this cap is changed every three years.  In this case, the capped priority amount is $10,950.  *See* 11 U.S.C. § 104 (providing for adjustments in the section 507(a)(4) statutory cap every three years); 72 FR 7082 (priority cap under 11 U.S.C. § 507(a)(4) adjusted to $10,950 for cases filed on or after April 1, 2007); 75 FR 8747 (priority cap under 11 U.S.C. §

507(a)(4) adjusted to $11,725 for cases filed on or after April 1, 2010).  These cases were

commenced on November 10, 2008.  Therefore, the applicable statutory cap is $10,950.

    **B.**    **The Change-In-Control Severance Claims Should Be Allowed Up to the Statutory Cap, Less Other 507(a)(4) Priority Payments Received, With the Remaining Portion of the Claim Reclassified as General Unsecured**

    32.    This Court has held that an employee terminated post-petition holds a pre-

petition claim for severance when the severance claim is based on a pre-petition employment

agreement that the debtor has not assumed.  *In re Dornier Aviation (North America), Inc.,* 2002

WL 31999222  (Bankr. E.D. VA 2002).  The Court in *Dornier* added that the severance claim

was entitled to priority up to the statutory cap set forth in section 507(a)(4).  *Id.,* 2002 WL

31999222 at *8, n. 11.

    33.    The Court in *Dornier* reasoned that the employment agreement was an

executory contract that the debtor rejected when it failed to pay severance pursuant to the

employment agreement's terms.  Citing the rule that rejection of an executory contract gives rise

to a claim as of the petition date, the Court stated that the severance claim arose within 180 days

of the petition date and, therefore, would be entitled to priority up to the statutory cap set forth in

section 503(a)(4).  *Id.*, at 8, n. 11.

    34.    The Change-in-Control Severance Claims should receive the same

treatment as the severance claims considered in *Dornier Aviation.*  The holders of the Change-in-

Control Severance Claims were terminated post-petition, like the holders of the severance claims

in *Dornier Aviation*.  The Change-in-Control Severance Claims arise from pre-petition

employment agreements, like the severance claims in *Dornier Aviation*.  The Employment

Contracts in this case were rejected – like the employment agreement in *Dornier Aviation*.

Accordingly, consistent with the ruling in *Dornier Aviation*, the Change-in-Control Severance

Claims should be reduced to $10,950, less any amounts received on a priority basis pursuant to

section 507(a)4.  Any remaining claim above the $10,950 cap should be reclassified as a general

unsecured claim.

      C.    **The Priority Period Severance Claims Should Be Reduced to the Statutory Cap, Less Other Priority Payments Received, and Reclassified as General Unsecured to the Extent the Remaining Claim Exceeds the Cap**

      35.    In *In re LandAmerica Financial Group*, 435 B.R. 343 (Bankr. E.D. VA

2010), this Court held that a severance claim arising from a termination during the Priority

Period is entitled to priority up to the cap set forth in section 507(a)(4):

> [T]he Severance Claims will remain priority claims for each
> Claimant up to the amount capped by § 507(a)(4) of the
> Bankruptcy Code, less any amounts for which any such Claimant
> may already have been given § 507(a)(4) priority treatment.  Any
> remaining claim amounts above the $10,960 cap for each Claimant
> shall be reclassified as a general unsecured claim.

*Id*., 435 B.R. at 352.  The Court added, "In lieu of imposing a narrow construction to the statute

[11 U.S.C. § 507(a)(4)], Congress created a cap of $10,950 on each individual employee's

claim."  *LandAmerica*, 435 B.R. at 350.

      36.    The Priority Period Severance Claims fall squarely within *LandAmerica*.

Accordingly, the Priority Period Severance Claim should be allowed on a priority basis up to the

cap of $10,950, less any other section 507(a)(4) payments made to the holders of the Priority

Period Severance Claims.  The balance of the Priority Period Severance Claims should be

reclassified as general unsecured claims.

**D.** **The Pre-Priority Period Severance Claims Should Be Reclassified in Their Entirety as General Unsecured Claims.**

37.    Section 507(a)(4) only affords priority treatment to severance claims that were "earned" within 180 days of the petition date.  As this Court stated in *LandAmerica*, "[S]everance pay is 'earned' on the day that an employee shows up to work and is terminated by the company without cause."  *Id.*, 435 B.R. at 351.  Because the holders of the Pre-Priority Period Severance Claims were terminated more than 180 days before the Petition Date, they did not "earn" their severance pay during the Priority Period and therefore are not entitled to the priority payment set forth in section 507(a)(4).  Accordingly, the Pre-Priority Period Severance Claims should be reclassified in their entirety as general unsecured claims.

**E.** **The Invalid Severance Claims Should be Disallowed in Their Entirety.**

38.    The holders of the Invalid Severance Claims resigned post-petition.  The Employment Contract did not create any obligation on the part of the Debtors to pay any severance to any employee who quit.  Accordingly, each Invalid Severance Claim should be disallowed in its entirety.

## RESERVATION OF RIGHTS

39.    As noted above, the Liquidating Trust reserves the right to file objections to these Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

40.    Notice of this Objection has been provided to the Severance Claimants identified on **Exhibits C**, **D**, **E**, and **F** and to parties-in-interest in accordance with the Court's

*Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the Severance Claimants should be deemed by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the Severance Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Severance Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Severance Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Severance Claimant with this Objection and the exhibit on which the CRP Claimant's claim is listed.

41.     To the extent any Severance Claimant timely files and properly serves a response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference  with respect to any such responding claimant at **2:00 P.M. (Eastern) on April 14, 2011** and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any Severance Claimant fails to timely file and properly serve a response to this Objection as

required by the Case Management Order and applicable law, the Liquidating Trust requests that

the Court enter an order, substantially in the form attached hereto as **Exhibit A**, reclassifying the

Severance Claims as general unsecured claims as set forth in **Exhibits C**, **D**, **E**, and **F**, attached

hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

42.    This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

43.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

44.    No previous request for the relief sought herein has been made to this

Court or any other court.

*[This Objection continues on the next page.]*

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia
     February 27, 2011

TAVENNER & BERAN, PLC


   */s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*