BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
Donald A. Workman (DC 443778)
Email dworkman@bakerlaw.com
Christopher J. Giaimo, Jr. (DC 45897)
Email cgiaimo@bakerlaw.com
Ambika J. Biggs (VA 70807)
Email abiggs@bakerlaw.com

Counsel for Buffalo Technology (USA), Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | Case No. 08-35653 (KRH) |
| ) | |
| CIRCUIT CITY STORES, INC. et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ALFRED H. SIEGEL, AS TRUSTEE OF ) | |
| THE CIRCUIT CITY STORES, INC. ) | Adv. Pro. No. 10-03745 |
| LIQUIDATING TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BUFFALO TECHNOLOGY (USA), INC. ) | |
| AND THE NATIONAL UNION FIRE ) | |
| INSURANCE COMPANY ) | |
| OF PITTSBURGH, PA, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT
TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 550, TO RECOVER
PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 542, BREACH OF
CONTRACT, UNJUST ENRICHMENT, AND OBJECTIONS TO CLAIM**

Defendant Buffalo Technology (USA), Inc. ("**Defendant**"), by and through its counsel, Baker & Hostetler LLP, for its Answer to the Complaint in the above-captioned adversary proceeding (the "**Complaint**") filed by Plaintiff Alfred H. Siegel ("**Plaintiff**"), in his capacity as

Chapter 11 Trustee of the Liquidating Trust for Circuit City Stores, Inc. ("**Debtors**"), states as follows:

## NATURE OF THE CASE

1. Paragraph 1 of the Complaint does not contain allegations of fact relevant to the relief sought in the Complaint and thus no response is required. As for further answer, the Defendant avers that the Complaint speaks for itself, and the Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies those allegations.

## THE PARTIES

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies those allegations.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4. The allegations contained in Paragraph 4 of the Complaint are admitted solely with respect to the Defendant. With regard to any further allegations regarding The National Union Fire Insurance Company of Pittsburgh, PA, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies those allegations.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

## PERTINENT FACTS

9. The allegations contained in Paragraph 9 of the Complaint are admitted with regard to the date the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. With regard to the remaining allegations, the Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in Paragraph 9 of the Complaint and, therefore, denies those allegations.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies those allegations.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies those allegations.

15. The allegations contained in Paragraph 15 of the Complaint are admitted.

16. The Defendant objects to the use of the term "Agreement" contained in Paragraph 16 of the Complaint because the Plaintiff does not plead with sufficient specificity the identity or nature of the "Agreement" allegedly entered into on or about April 18, 2007. Accordingly, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies those allegations. As for further answer, the Defendant avers that it engaged in a business relationship with one or more of the Debtors prior to April 18, 2007.

17. The Defendant objects to the use of the terms "Agreement", "and otherwise", "other documents" and "Defendant's Agreements" contained in Paragraph 17 of the Complaint as too ambiguous to permit a response. Accordingly, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies those allegations. The allegations contained in Paragraph 17 of the Complaint are admitted in as far as the Defendant engaged in numerous transactions with the Debtors, and such transactions are reflected in invoices and certain documents executed between the parties.

4

18. For the reasons identified in the Defendant's responses to Paragraphs 16 and 17 of the Complaint, the Defendant objects to the use of the term the "Defendant's Agreements" contained in Paragraph 18 of the Complaint. The allegations contained in Paragraph 18 of the Complaint are admitted in as far as the Defendant conducted business with one or more of the Debtors up to and until the Petition Date.

19. The Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies those allegations.

20. The allegation contained in Paragraph 20 of the Complaint is admitted.

21. The allegations contained in Paragraph 21 of the Complaint are admitted.

22. The allegation contained in Paragraph 22 of the Complaint is admitted solely with regard to the Defendant filed Proof of Claim No. 6766 ("Claim No. 6766") on account of goods provided to one or more of the Debtors prior to the Petition Date. The Defendant denies filing Claim No. 6766 on account of services provided to one or more of the Debtors prior to the Petition Date.

23. The allegation contained in Paragraph 23 of the Complaint is admitted. As for further answer, the Defendant avers that it transferred Claim No. 6766 on November 16, 2009.

24. The Defendant avers that the Plaintiff does not plead facts with sufficient specificity to allow the Defendant to formulate an accurate response to the allegations contained in Paragraph 24 of the Complaint. Accordingly, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24

of the Complaint and, therefore, denies those allegations. As for further answer, for the reasons identified in the Defendant's responses to Paragraphs 16 and 17 of the Complaint, the Defendant objects to the use of the term the "Defendant's Agreements" contained in Paragraph 24 of the Complaint.

25. The Defendant avers that the Plaintiff does not plead facts with sufficient specificity to allow the Defendant to formulate an accurate response to the allegations contained in Paragraph 25 of the Complaint. Accordingly, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies those allegations.

26. The Defendant objects to the use of the term "Setoff Amount" contained in Paragraph 26 of the Complaint as it is not defined in the Complaint. For that reason, and for the reasons stated in the Defendant's responses to Paragraphs 24 and 25 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies those allegations. As for further answer, the Defendant avers that, upon information and belief, there are no unpaid obligations that are due, owing or payable by the Defendant to the Plaintiff.

27. The Defendant objects to the use of the term "Preferential Transfers" contained in Paragraph 27 of the Complaint, and any implication associated therewith, as it constitutes conclusions of law to which no response is required. To the extent Paragraph 27 of the Complaint contains allegations of fact, the Defendant avers that it provided goods to one or more of the Debtors for which the Defendant received partial payment, and denies any and all other allegations contained in Paragraph 27 of the Complaint.

28. The Defendant objects to the use of the term "Preferential Transfers" contained in Paragraph 28 of the Complaint and any implication associated therewith. As for further answer, the Defendant admits it has defenses under 11 U.S.C. § 547(c).

## CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Transfers - 11 U.S.C. § 547)

29. The Defendant incorporates as though fully set forth herein all preceding paragraphs.

30. The Defendant objects to the use of the phrase "was a creditor of one or more of the Debtors" contained in Paragraph 30 of the Complaint as it constitutes conclusions of law to which no response is required. To the extent the statements contain allegations of fact, the Defendant avers that it provided goods to one or more of the Debtors for which it received partial payment, and denies any and all other allegations contained in Paragraph 30 of the Complaint.

31. The Defendant objects to the use of the term "Preferential Transfer," and any implication associated therewith, contained in Paragraph 31 of the Complaint as it constitutes conclusions of law to which no response is required. To the extent the statements contain allegations of fact, the Defendant avers that it provided goods to one or more of the Debtors for which it received partial payment, and denies any and all other allegations contained in Paragraph 31 of the Complaint.

32. The Defendant objects to the use of the terms "Preferential Transfer," and any implication associated therewith, and "antecedent debt or debts" contained in Paragraph 32 of the Complaint as they constitute conclusions of law to which no response is required. To the extent

7

the statements contain allegations of fact, the Defendant avers that it provided goods to one or more of the Debtors for which it received partial payment, and denies any and all other allegations contained in Paragraph 32 of the Complaint.

33. The Defendant objects to the use of the term "Preferential Transfer" contained in Paragraph 33 of the Complaint, and any implication associated therewith, as it constitutes conclusions of law to which no response is required. To the extent the statements contain allegations of fact, the Defendant avers that it provided goods to one or more of the Debtors for which it received partial payment on or about the time period referenced in Exhibit A, and denies any and all other allegations contained in Paragraph 33 of the Complaint.

34. The Defendant objects to the use of the term "insolvent" contained in Paragraph 34 of the Complaint as it constitutes conclusions of law to which no response is required. To the extent the statements contain allegations of fact, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies those allegations.

35. The statements contained in Paragraph 35 of the Complaint are statements of law to which no response is required. To the extent the statements contain allegations of fact, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies those allegations.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

## COUNT II

### (Recovery of Transfers - 11 U.S.C. § 550)

37. The Defendant incorporates as though fully set forth herein all preceding paragraphs.

38. The statements contained in Paragraph 38 of the Complaint are statements of law to which no response is required. To the extent the statements contain allegations of fact, the Defendant avers that it provided goods to one or more of the Debtors for which it received partial payment, and denies any and all other allegations contained in Paragraph 38 of the Complaint.

39. The statement contained in Paragraph 39 of the Complaint is a statement of law to which no response is required. To the extent the statement contains allegations of fact, those allegations are denied.

40. The statements contained in Paragraph 40 of the Complaint are statements of law to which no response is required. To the extent the statements contain allegations of fact, those allegations are denied.

## COUNT III

### (Breach of Contract)

41. The Defendant incorporates as though fully set forth herein all preceding paragraphs.

42. For the reasons stated in the Defendant's responses to Paragraphs 24 and 25 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, therefore, denies those allegations. As for further answer, for the reasons identified in the Defendant's responses

9

to Paragraphs 16 and 17 of the Complaint, the Defendant objects to the use of the term the "Defendant's Agreements" contained in Paragraph 42 of the Complaint.

43. For the reasons stated in the Defendant's responses to Paragraphs 24 and 25 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, therefore, denies those allegations. As for further answer, the Defendant avers that the agreements between the Debtors and the Defendant are binding on both the Debtors and the Defendant, and for the reasons identified in the Defendant's responses to Paragraphs 16 and 17 of the Complaint, the Defendant objects to the use of the term the "Defendant's Agreements" contained in Paragraph 43 of the Complaint.

44. For the reasons stated in the Defendant's responses to Paragraphs 24 and 25 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, denies those allegations. As for further answer, the Defendant avers that it deducted from Claim No. 6766 any monies the Defendant owed to the Debtors, and for the reasons identified in the Defendant's responses to Paragraphs 16 and 17 of the Complaint, the Defendant objects to the use of the term the "Defendant's Agreements" contained in Paragraph 44 of the Complaint.

45. The allegations contained in Paragraph 45 of the Complaint is denied.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

## COUNT IV

### (Unjust Enrichment/Quasi Contract)

48. The Defendant incorporates as though fully set forth herein all preceding paragraphs.

49. Paragraph 49 of the Complaint does not contain allegations of fact relevant to the relief sought in the Complaint and thus no response is required. As for further answer, the Defendant avers that the Complaint speaks for itself.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The Defendant avers that it provided goods to one or more of the Debtors for which it received partial payment, and otherwise denies the allegations contained in Paragraph 51 of the Complaint as stated.

52. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore denies those allegations.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied. As for further answer, the Defendant avers that the Plaintiff fails to state the amount of restitution to which the Plaintiff asserts he is entitled, therefore the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

## COUNT V

### (Turnover of Property - 11 U.S.C. § 542)

56. The Defendant incorporates as though fully set forth herein all preceding paragraphs.

57. Paragraph 57 of the Complaint does not contain allegations of fact relevant to the relief sought in the Complaint and thus no response is required. As for further answer, the Defendant avers that the Complaint speaks for itself.

58. The allegations contained in Paragraph 58 of the Complaint are denied.

59. The statements contained in Paragraph 59 of the Complaint are statements of law to which no response is required. To the extent the statements contain allegations of fact, the Defendant avers that it provided goods to one or more of the Debtors for which it received partial payment, and denies any and all other allegations contained in Paragraph 59 of the Complaint.

60. The allegations contained in Paragraph 60 of the Complaint are denied.

61. The statements contained in Paragraph 61 of the Complaint are statements of law to which no response is required. To the extent the statements contain allegations of fact, those allegations are denied.

62. The allegations contained in Paragraph 62 of the Complaint are denied.

63. The allegations contained in Paragraph 63 of the Complaint are denied.

## COUNT VI

### (Objection to Claim - 11 U.S.C. § 502)

64. The Defendant incorporates as though fully set forth herein all preceding paragraphs.

65. The allegations contained in Paragraph 65 of the Complaint are admitted.

66. The allegations contained in Paragraph 66 of the Complaint are denied.

67. The allegations contained in Paragraph 67 of the Complaint are denied.

## COUNT VII

### (Objection to Claim as Overstated)

68. The Defendant incorporates as though fully set forth herein all preceding paragraphs.

69. The Defendant avers that the Plaintiff does not plead facts with sufficient specificity to allow the Defendant to formulate an accurate response to the allegations contained in Paragraph 69 of the Complaint. Accordingly, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and, therefore, denies those allegations.

70. The allegations contained in Paragraph 70 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against the Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.  The Complaint, and each purported cause of action therein, is barred by the contemporaneous exchange of new value exception set forth in 11 U.S.C. § 547(c)(1).

**THIRD AFFIRMATIVE DEFENSE**

3.  The Complaint, and each purported cause of action therein, is barred by the ordinary course of business exception set forth in 11 U.S.C. § 547(c)(2).

**FOURTH AFFIRMATIVE DEFENSE**

4.  The Complaint, and each purported cause of action therein, is barred by the new value exception set forth in 11 U.S.C. § 547(c)(4).

**FIFTH AFFIRMATIVE DEFENSE**

5.  The Complaint, and each purported cause of action therein, is barred by the doctrines of estoppel and waiver.

**SIXTH AFFIRMATIVE DEFENSE**

6.  The Complaint, and each purported cause of action therein, is barred by the doctrines of recoupment and setoff.

**SEVENTH AFFIRMATIVE DEFENSE**

7.  The Complaint, and each purported cause of action therein, is barred by the doctrine of laches and by the statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

8.  Any transfers made to the Defendant were for reasonably equivalent value.

**NINTH AFFIRMATIVE DEFENSE**

9.  In exchange for any transfers made to the Defendant, the Defendant gave value in good faith.

### TENTH AFFIRMATIVE DEFENSE

10. Having taken all transfers for value and in good faith, Defendant has a lien on or retains an interest in all such transfers.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Defendant affirmatively incorporates all affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure and Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, and gives notice that it may raise additional affirmative defenses that, through subsequent discovery, may be supported by the facts.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Debtors failed to provide adequate consideration.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The Defendant paid the Debtors any and all amounts the Defendant owed to the Debtors.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The Complaint, and each purported cause of action therein, is barred by the doctrines of waiver, and accord and satisfaction.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint, and each purported cause of action therein, is barred by the doctrine of statutes of fraud.

## RESERVATION OF CLAIMS AND DEFENSES

16. The Defendant reserves its right to assert other claims and/or defenses as may be available, or which may become available, during the course of this proceeding.

Dated: Washington, DC
March 10, 2011

                              BAKER & HOSTETLER LLP

                              /s/ Ambika J. Biggs
                              Ambika J. Biggs (VA 70807)
                              Baker & Hostetler LLP
                              1050 Connecticut Avenue, N.W., Suite 1100
                              Washington, D.C. 20036
                              Telephone: (202) 861-1500
                              Facsimile: (202) 861-1783

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 10th of March 2011, I caused a copy of the foregoing ANSWER TO PLAINTIFF'S COMPLAINT to be served by electronic delivery to those persons noted below:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

- and -

Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

- and -

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067

- and -

Robert J. Feinstein, Esq.
John A. Morris, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017
*Counsel to the Liquidating Trustee*

Adam L. Rosen, Esq.
David J. Mahoney, Esq.
SilvermanAcampora LLP
100 Jericho Quadrangle Ste 300
Jericho, NY 11753
*Counsel to National Union Fire Insurance Company of Pittsburgh PA*

The National Union Fire Insurance Company of Pittsburgh PA
625 Liberty Ave. #1200
Pittsburgh, PA 15222

                                                 */s/* Ambika J. Biggs
                                                 Ambika J. Biggs (VA 70807)
                                                 Baker & Hostetler LLP
                                                 1050 Connecticut Avenue, N.W., Suite 1100
                                                 Washington, D.C.  20036
                                                 Telephone:  (202) 861-1500
                                                 Facsimile:  (202) 861-1783