Bruce Senator F-99302
Folsom State Prison
P.O. Box 950
Folsom, CA. 95763-0950



ORIGINAL

United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

IN RE:
 Circuit City Stores, Inc., et al.,
  Debtors

Bruce Senator,
 Claimant-Creditor

: Chapter 11
: Case No. 08-35653-KRH
:
:
: Claim No. 13082 Opposition To
: <u>Seventh Omnibus Objection</u>
:

Response Deadline: April 7, 2011
Hearing: April 14, 2011
Time: 2:00 P.M.
Judge: Kenneth R. Huennekens
Room: 5000

Claimant-Creditor Bruce Senator ("Senator") files this Opposition regarding debtor's Seventh Omnibus Objection to claim number 13082 in the amount of $150.00 (see excerpt from debtor's Exhibit: G at claimant's <u>Attachment: 1</u>).

1.

DECLARATION OF BRUCE SENATOR RE "CONTENTS"

I, BRUCE SENATOR, in response to the "NOTICE OF SEVENTH OMNIBUS OBJECTION TO CLAIMS..." at pages 4-5 "CONTENTS", does hereby declare:

1. I am the claimant-creditor and have personal knowledge of this matter. The facts as stated in this Opposition pleading meritoriously refute debtor's SEVENTH OMNIBUS OBJECTION as baseless. Debtor's premise of 'forfeiture' is fabricated and without basis in fact or law.

2. I am a state prisoner, and since MARCH 23, 2010 have not had access to all documents relating to this matter due to impediments imposed by state prison officials.
   (Accompanying this declaration is an ORDER/ ADVISEMENT by a federal court in an unrelated litigation which attests to these ongoing and unrelenting impediments; see ATTACHMENT: 2.)

3. Claimant's address is: BRUCE SENATOR F-99302 Folsom State Prison P.O. Box 950 Folsom, CA 95763-0950 Only claimant can settle this matter.

2.

4. Payment for claimant SENATOR should be made as follows:

    PAYABLE TO: NANCY LEE
                     10502 LAMPSON AVE
                     GARDEN GROVE, CA. 92840

5. Claimant's claim is currently set as "PRIORITY" but should be "SECURED-PRIORITY" as claimant prepaid the rebate amount of $150 by paying for the laptop in-full, in cash, at the time of purchase and contract execution.

VERIFIED TRUE & CORRECT UNDER PENALTY OF PERJURY:
MARCH 2, 2011
                              *Bruce Senator* (signature)
                              BRUCE SENATOR

## INTRODUCTION

Claimant purchased an Acer brand laptop computer from Circuit City Stores, Inc. in August 2006. The price of $550.00 was paid in full by claimant to debtor at the time of purchase, in cash.

Claimant was drawn to make the purchase due to debtor advertising a $150.00 rebate.

## CONTRACTUAL FACTS

The contractual facts are as follows:

1. Debtors advertised an Acer laptop for $550.00 with a $150.00 rebate.

2. Claimant SENATOR entered into a contract for this laptop, paying debtor $550.00, and creating an obligation upon debtor to rebate $150.00 to claimant SENATOR.

3. Claimant entered into <u>no</u> third-party contracts, nor consented later to a third-party transfer.

4. The contract, entered within CALIFORNIA, is governed by CALIFORNIA contract laws. (However most sister-states have similar statutes.)

5. The contract terms contained <u>No</u> clause, either explicit or implied, that "upon issuance of the rebate check, if not endorsed and deposited within 90 days both the check expired and the rebate was forfeited."

6. Debtor's faux claim of 'rebate forfeiture' merely due to 'check expiration' is a ruse and a fraud. "A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created" (CA. Civil Code §1442).

   This condition of faux forfeiture, created <u>not</u> at the time of contracting, but years later as a ruse to evade liability, is without merit.

7. Any position taken by debtor that by <u>their</u> rebate administrar contractor imprinting upon the check a "90 day check expiration" as creating a lawful, post-contract "rebate forfeiture" is facially invalid and absurd.

5.

Claimant never consented to such at contracting nor at any time post-contract. In CALIFORNIA, pursuant to Civil Code §1565 - Essentials of Consent, "The consent of the parties to a contract must be: 1. Free; 2. Mutual; and 3. Communicated by each to the other."

Debtor's position constitutes a fraud (§1572), and this act should result in SANCTIONS being levied upon debtor and debtor's counsel resulting in an amount paid to claimant over and above the $150 currently due.

8. "It is a well-settled proposition that the law implies in every contract a covenant of good faith and fair dealing" (IN RE MARRIAGE OF CORONA (2009) 172 Cal.App.4th 1205, 1220, citing Wilson v. 21st Century Ins. Co. (2007) 42 Cal.4th 713, 720).

Debtor had a duty to follow claimant's request so to effect rebate payment, contract performance and thus contract extinction. But debtor did not do so and the obligation never extinguished.

6.

Claimant purchased the Acer laptop from debtor, entering into the contract for sale and rebate in August 2006.

On Sept. 25, 2006 claimant was arrested and remains incarcerated until June 2012.

The initial $150 rebate check was made payable to BRUCE SENATOR, and was retrieved from the mail by NANCY LEE, a family friend. She could not endorse and deposit the check.

A second rebate check was mailed directly to NANCY LEE, but was not made clearly payable to NANCY LEE and thus again she could not endorse and deposit the check.

When debtor's rebate administrar issued each check they imprinted a '90-day expiration from date of issuance' upon the face. This is normal practice to guard against lost or stolen checks, but does not act to alter the obligation entered into between the contracting parties, debtor and claimant.

7.

All debtor and debtor's rebate administrar had to do was to write a check for $150 payable to NANCY LEE (with the description block stating "REBATE NO. _____ of BRUCE SENATOR") to meet the contractual obligation.

Instead, debtor would not cooperate, evaded for years, impeded the bankruptcy claim, and now pleads the fabricated ruse of forfeiture.

> NOTE: Debtor and debtor's counsel refused to respond to requests for the bankruptcy case number and claim form, forcing claimant to write multiple letters to multiple count clerks in order to track down case information and obtain a claim form.

Debtor's actions have not been of "good faith and fair dealing," more so given their patently absurd claims of (a) third-party contractor, with consent, (b) transfer of obligation, with consent, and (c) creation of a forfeiture of contractual right. (Obligations cannot transfer without consent per Civil Code $1457).

8.

## Conclusion

Debtor's positions are unmeritorious, and in fact are fabricated as to mislead this court and create a miscarriage of justice.

A 'check expiration date' (normally utilized to guard against lost or stolen checks) is not in any manner part of the contract which would result in any performance or forfeiture. The _entire basis_ of debtor's arguments are without merit.

This claim should be found to be:
1. A _SECURED DEBT_.
2. A _PRIORITY CLAIM_, and
3. Ordered made _PAYABLE TO: NANCY LEE_ 10502 Lampson Ave, Garden Grove, CA. 92840, in the _full_ amount of $150.

VERIFIED TRUE & CORRECT UNDER PENALTY OF PERJURY:
Dated: MARCH 2, 2011    Bruce Senator
    BRUCE SENATOR

ATTACHMENT 1

(DEBTOR'S EXHIBIT 6)

ATTACHMENT 1

ATTACHMENT: 1

DEBTOR'S EXHIBIT: G (EXCERPT)

| Date Filed | Claim Number | Name & Address | Additional Notice Address | Claim Amount | Debtor | Comments |
|---|---|---|---|---|---|---|
| 27-May-09 | 13074 | Ameren UE<br>Bankruptcy Desk Code 310<br>PO Box 66881<br>St Louis, MO 63166-6881 | | $11,788.92 (administrative) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant. Claim satisfied post petition through payment issued 9/21/09. Accordingly, the entire claim should be expunged. |
| 29-May-09 | 13082 | Bruce Senator<br>F 99302<br>PO Box 950<br>Folsom, CA 95763 | Bruce Senator<br>c o Nancy Lee<br>10502 Lampson Ave<br>Garden Grove, CA 92840 | $150.00 (priority) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant; rebate checks during the rebate period were uncashed, which is a condition of the rebate. In addition, rebates were run through a third party not through Debtors. Accordingly, the entire claim should be expunged. |
| 01-Jun-09 | 13090 | Bay State Gas Company<br>Attn Bankruptcy Dept<br>PO Box 2025<br>Springfield, MA 01102-2025 | | $4,677.86 (administrative) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant. Claim satisfied post petition per deposit shown in books and records. Accordingly, the entire claim should be expunged. |
| 01-Jun-09 | 13224 | Culligan<br>Christie Curtis<br>Valley Water Group Inc<br>819 Kimball Ave<br>Grand Junction, CO 81501 | | $161.31 (administrative) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant, and vendor unable to provide backup documentation or evidence of liability. Accordingly, the entire claim should be expunged. |
| 04-Jun-09 | 13271 | Mark A Murdock<br>25590 Noble Dr<br>Chesterfield, MI 48051 | | $165.20 (administrative) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant; claimant provided no proof of overcharge, all sales were final. Accordingly, the entire claim should be expunged. |
| 08-Jun-09 | 13281 | Pal Transport Inc<br>Michael Sudomir Operations Manager<br>54834 Pine St<br>New Baltimore, MI 48047 | | $1,265.00 (administrative) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant as freight bills were paid by a third party and claimant did not respond to attempts to obtain POD. Accordingly, the entire claim should be expunged. |
| 08-Jun-09 | 13357 | Monique N Sarabia<br>Employment Development Department<br>Sacramento Adjudication Center<br>PO Box 937<br>Elk Grove, CA 95759-0937 | | Unliquidated (administrative) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant, whose invalid claim is on account of unemployment insurance. Accordingly, the entire claim should be expunged. |
| 15-Jun-09 | 13382 | Zayed M Hararah<br>29058 Hillview St<br>Hayward, CA 94544 | | $50.00 (priority) | Circuit City Stores, Inc. 08-35653 | Debtors' books and records show no liability to claimant; claim was on account of a rebate. Accordingly, the entire claim should be expunged. |

DEBTOR'S EXHIBIT: G (EXCERPT)    ATTACHMENT: 1



...

Case 08-35653-KRH   Doc 10139   Filed 03/11/11   Entered 03/15/11 12:49:18   Desc
Main Document   Page 13 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. SA CV 10-1600-SVW (PLA)                          Date February 2, 2011

Title: Bruce Senator v. Richard Hill, Warden

PRESENT: THE HONORABLE   PAUL L. ABRAMS
☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:              ATTORNEYS PRESENT FOR RESPONDENT:
NONE                                                              NONE

**PROCEEDINGS:**    **(IN CHAMBERS)**

The Court is in receipt of petitioner's "Status Report," filed on January 28, 2011. Pursuant to the Court's November 3, 2010, Order, petitioner's next status report is due **no later than April 3, 2011**.

To the extent petitioner contends in the Status Report that inadequate access to his legal documents and the law library is preventing him from pursuing this action diligently, the Court will concurrently with this Order issue an advisement to the Warden at petitioner's institution concerning the pendency of this action and petitioner's need for access to, among other things, legal materials.

**IT IS SO ORDERED.**

cc:   Bruce Senator, Pro Se
      David Delgado-Rucci, CAAG

Initials of Deputy Clerk____ch____

CV-90 (10/98)                              CIVIL MINUTES - GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. SA CV 10-1600-SVW (PLA)                                    Date February 2, 2011

Title: Bruce Senator v. Richard Hill, Warden

PRESENT: THE HONORABLE   PAUL L. ABRAMS                             ☐ U.S. DISTRICT JUDGE
                                                                    ☒ MAGISTRATE JUDGE

     Christianna Howard                    N/A                             N/A
        Deputy Clerk                 Court Reporter / Recorder          Tape No.

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:
           NONE                                     NONE

PROCEEDINGS:      (IN CHAMBERS)

**This is an advisement to the Warden** and other Department of Corrections officers that Bruce Senator has a legal action now pending in the United States District Court for the Central District of California. This action will require very strict compliance with court-ordered deadlines. As such, Mr. Senator needs access to, among other things, his legal files, copying services, writing materials and the prison law library, as permitted by prison rules, to represent himself in the pending proceedings.

cc:   Bruce Senator, Pro Se
      David Delgado-Rucci, CAAG

Initials of Deputy Clerk___ch___

PROOF OF SERVICE

I, BRUCE SENATOR deposited into the U.S. Mail pre-posted on MARCH 8, 2011 "Claim No. 13082 Opposition To Seventh Omnibus Objection," addressed as follows:

ORIGINAL + 2 copies — Clerk of the Bankruptcy Court   U.S. Bankruptcy Court
701 East Broad St. Rm. 4000   Richmond, VA. 23219

1 copy — Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, Ca. 90067-4100

1 copy — Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth St., 2nd Fl.
Richmond, Va. 23219

VERIFIED TRUE & CORRECT UNDER PENALTY OF PERJURY:
Date: March 8, 2011        Bruce Senator
                           BRUCE SENATOR