B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Circuit City Stores, Inc. | Case Number<br>08-35653 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Edwin Watts Golf Shops, LLC | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>Stephen E. Scarce, Esq.<br>6802 Paragon Place, Suite 300<br>Richmond, VA 23230-1655<br>Telephone number: (804) 261-7309 | ✓ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: | Check here if this claim  ☐ replaces  ☐ amends  a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ✓ Other  Security deposit paid
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #:____
  Unpaid compensation for services performed
  From _____ to _____
  (date)     (date)

**2. Date debt was incurred:** 04/26/1996

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ 10,850.00

✓ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Other_____
☐ Motor Vehicle

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Total Amount of Claim at Time Case Filed:** $ 10850.00 _____ _____ 10850.00
  (unsecured)  (secured)  (priority)  (total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>01/27/2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>/s/ Stephen E. Scarce, Esq. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.

EXHIBIT A

Case 08-35653-KRH    Claim 10149-1    Filed 03/16/11    Desc Main Document    Page 2 of 2
Case 08-35653-KRH    Doc 10149-1    Filed 03/16/11    Entered 03/16/11 17:39:39    Desc
Exhibit(s) Exhibit A    Page 2 of 11

B 10 (Official Form 10) (04/07)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## ------ DEFINITIONS ------

*Debtor*

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

*Proof of Claim*

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

*Secured Claim*

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

*Unsecured Claim*

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

*Unsecured Priority Claim*

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Classification of Claim:**
   **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

   **Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

   **Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

5. **Total Amount of Claim at Time Case Filed:**
   Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

6. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

EXPLANATION OF CLAIM

On or about March 12, 1996, debtor Circuit City Stores, Inc. ("Circuit City"), and Edwin Watts Golf Shops, Inc., predecessor in interest to creditor Edwin Watts Golf Shops, L.L.C. (collectively "Edwin Watts"), executed a letter of intent (the "Letter of Intent"; a true copy thereof is attached hereto as Exhibit "A"), which outlined the proposed terms of a sublease of certain real property located in Dallas, Texas. Subsequently, on or about April 26, 1996, Circuit City, as sublessor, and Edwin Watts, as sublessee, entered into a sublease for such property (the "Sublease"; a true copy of the relevant portions thereof is attached hereto as Exhibit "B"). Pursuant to the terms of the Sublease and of the Letter of Intent, Edwin Watts paid to Circuit City a security deposit of $10,850.00 (the "Security Deposit"). *See* Exh. A, at 4; Exh. B, ¶ 20. Although the Sublease has been terminated, Circuit City has failed to return the Security Deposit.



*North*

*Dept 35*

, 35

March 12, 1996
Via Airborne Express

Mr. Ronnie Watts
Edwin Watts Golf Shops, Inc.
20 Hill Avenue
Ft. Walton Beach, FL 32547

Re: Sublease of 10,850 Square Feet
5955 Alpha Road
Dallas, TX

*ttl 10,850*
*3/18/96*
*ck # 110354*
*not coded*

Dear Mr. Watts:

This letter serves to confirm your interest in subleasing the premises referenced above and described below under the following terms and conditions:

| | |
|---|---|
| **PREMISES:** | Approximately 10,850 square feet of building space located as shown on the attached site plan. |
| **SUBLESSEE:** | Edwin Watts Golf Shops, Inc.<br>20 Mill Avenue<br>Ft. Walton Beach, FL 32547 |
| **SUBLESSOR:** | Circuit City Stores, Inc., 9950 Mayland Drive<br>Richmond, Virginia 23233 |
| **SUBLEASE TERM:** | An initial term of five (5) years commencing upon delivery of the premises to Sublessee, and terminating May 31, 2001. |
| **OPTIONS:** | One (1) five (5) year option. |

Page 1

Exhibit "A"
(to Proof of Claim)

| BASE RENT: | | ANNUAL | MONTHLY | SF |
|---|---|---|---|---|
| | Years 1-3: | $130,200.00 | $10,850.00 | $12.00 |
| | Years 4-5: | $143,220.00 | $11,935.00 | $13.20 |
| | Years 6-10: | $164,920.00 | $13,743.33 | $15.20 |

**POSSESSION AND COMMENCEMENT:** Sublessee will be given possession upon sublease execution. Rent shall commence sixty (60) days after possession.

**USE:** Sublessee will engage in the retail sale of golf clubs and accessories and related products. Sublessee will not be permitted to sell audio or video hardware, entertainment media (compact discs, cassette tapes and similar media), electronic software, appliances or business electronics, computer hardware or software, cellular telephones, telefax machines or copiers.

**OTHER CHARGES:** Sublessee will be responsible for its pro rata share of common area maintenance, real estate taxes and building and common area liability insurance, plus a quarterly administration fee. Current expenses relating to the Premises are estimatesd to be as follows:

| | |
|---|---|
| CAM: | $ .25 per square foot |
| Real Estate Taxes: | $2.77 per square foot (based on 1995 taxes) |
| Building Insurance: | $ .11 per square foot |
| **Total** | $3.13 |

**PREMISES MAINTENANCE:** Sublessor shall maintain the foundation, exterior walls (except glass) and roof. Sublessor shall also provide HVAC maintenance contract, and Sublessee shall reimburse Sublessor under CAM. Sublessee will be responsible for all other maintenance, including all interior and mechanical maintenance, and glass repair and replacement.

**COMMON AREA:** Sublessor shall grant to Sublessee a non-exclusive right to use the "common areas" of the property for ingress and egress, parking and loading by Sublessee, its agents, employees and customers, subject to reasonable rules and regulations. Sublessor shall maintain all common areas, subject to reimbursement as specified above.

Page 2

Exhibit "A"
(to Proof of Claim)

| | |
|---|---|
| **INSURANCE:** | Sublessee will provide not less than $2 million of public liability insurance on the Premises and Sublessor will provide not less than $2 million of public liability insurance on the Common Areas subject to reimbursement as specified above. Sublessor will insure the building of which Sublessee's Premises is a part for its replacement value against casualty. Sublessee shall insure its own contents, improvements, inventory, and fixtures. Sublessee shall provide Sublessor with certificates of all such insurance at the time of sublease execution, naming Sublessor and Prime Landlord as additional insureds. |
| **HAZARDOUS REPRESENTATION:** | Sublessee warrants and represents that it will not permit the use or storage of any substance that violates federal, state or local environmental hazardous laws and regulations. |
| **UTILITIES:** | Sublessee will pay for all utilities. |
| **CONDITION OF SPACE:** | The space shall be delivered in "as is" condition with all systems in good working order. |
| **SUBLESSEE'S WORK:** | Sublessee shall make improvements to the Premises in accordance with plans and specifications approved by Sublessor and Prime Landlord, if required. |
| **ASSIGNMENT AND SUBLETTING:** | Sublessee shall not have the right to assign or sublet the premises without the prior consent of Sublessor. |
| **SIGNAGE:** | Sublessee shall assume all locations of Pro Golf signage on building and pylon, provided it is permitted in accordance with local ordinances, subject to written specification approval by Sublessor and Prime Landlord, if required. |
| **APPROVAL:** | A sublease embodying the terms and conditions set forth herein shall be prepared by Sublessor with the understanding that the terms and conditions contained therein shall be subject to the review and approval of Sublessee, Prime Landlord if applicable, and Sublessor. |
| **BROKERAGE:** | United Commercial Realty (Broker) will be paid a commission by Sublessor pursuant to separate agreement. Sublessee hereby represents to Sublessor that no other brokers are represented in this transaction, and hereby indemnifies and holds Sublessor harmless from any such claims. |

Page 3

**SECURITY**
**DEPOSITS:**           Sublessee shall provide a cash deposit in an amount of $10,850.00.

If the terms set forth above are satisfactory to you, please indicate your consent by signing in the space provided below and returning a fully executed copy to Ruth H. Eggleston, on or before March 22, 1996, together with a security deposit in the amount of $10,850.00. This letter should not be construed as a sublease agreement. It is submitted to outline the terms under which a sublease can be prepared and is not legally binding. Your security deposit will be returned if a sublease is not executed by both parties.

We appreciate your interest and look forward to working with you on this transaction.

Sincerely,

*Ruth H. Eggleston*

Ruth Hamlin Eggleston
Director of Surplus Properties

RHE/pa

cc:   Benjamin B. Cummings, Jr.
      Ann Marie Pettengell
      Deb Van Duzee
      Maury Levy


        SEEN AND AGREED:

        EDWIN WATTS GOLF SHOPS, INC.

   BY:  *Ronnie Watts*
 NAME:  RONNIE WATTS
  ITS:  Senior Vice President
 DATE:  3-18-96

Page 4

Exhibit "A"
(to Proof of Claim)

CIRCUIT CITY STORES, INC.,
a Virginia corporation,

Sublessor

TO

EDWIN WATTS GOLF SHOPS, INC.,
a ___FLA___ corporation,

Subtenant

SUBLEASE

Dated:   April 26, 1996

Center:  5955 Alpha Road,
         Dallas, Texas

Exhibit "B"
(to Proof of Claim)

to, cure, at any time upon ten (10) days notice or without notice in case of emergency, any default(s) by Subtenant under this Sublease, and Subtenant shall pay to Sublessor on demand all costs and expenses incurred by Sublessor in curing such default(s), including, without limitation, court costs and attorneys' fees and disbursements in connection therewith, together with interest on the amount of costs and expenses so incurred at the rate per annum which is four (4) percentage points above the prime rate set forth in the Wall Street Journal published most recently prior to such date but in no event at a rate higher than the maximum rate allowed by law.

     F.  Special Bankruptcy Provision. If Subtenant becomes a debtor within the meaning of the Bankruptcy Reform Act of 1978, as the same may be from time to time amended (the "Bankruptcy Code"), and, notwithstanding any other provision of this Sublease, this Sublease and Sublessor's and Subtenant's rights thereunder are then made subject to said Bankruptcy Code, it is covenanted and agreed that the failure of Subtenant or its representative duly appointed in accordance with said Bankruptcy Code to (i) provide Sublessor with adequate assurance that all of Subtenant's obligations under this Sublease shall continue to be fully complied with for the remaining term of this Sublease, or (ii) furnish accurate information and adequate assurance as to the source of rent and other consideration due to Sublessor under this Sublease, or (iii) conduct or have conducted at the Premises Subtenant's business as provided in this Sublease, shall in any of such events be deemed an Event of Default, and Sublessor shall have all rights and remedies herein afforded it in respect of any Event of Default. It is understood and agreed that the Premises is situate in a "shopping center" as such term is used in the Bankruptcy Code.

     G.  Default by Sublessor. Sublessor shall only be deemed to be in default hereunder in the event Sublessor shall violate or fail to perform any covenant or agreement hereunder which is not observed or performed by Sublessor within thirty (30) days after the receipt by Sublessor of written notice from Subtenant specifically identifying such violation or failure. Sublessor shall not be considered in default so long as Sublessor commences to cure the violation within said thirty (30) day period and diligently pursues the completion of such cure.

    19.  BROKERAGE. Subtenant represents to Sublessor that, except for United Commercial Realty, no broker or other person had any part, or was instrumental in any way, in bringing about this Sublease, and Subtenant shall pay, and shall indemnify, defend and hold harmless, Sublessor from and against, any claims made by any other broker or other person for a brokerage commission, finder's fee, or similar compensation, by reason of or in connection with this Sublease, and any loss, liability, damage, cost and expense (including, without limitation, reasonable attorneys' fees) in connection with such claims if such broker or other person claims to have had dealings with Subtenant. Sublessor shall pay any commission due to the broker(s) named herein in respect of this Sublease, pursuant to separate agreement.

    20.  SECURITY. Subtenant shall deposit with Sublessor the sum of Ten Thousand Eight Hundred Fifty and 00/100 Dollars ($10,850.00), in cash, as security for the performance and observance by Subtenant of the obligations on the part of Subtenant to be performed. Said sum shall not bear interest. Sublessor shall have the right, without notice to Subtenant, and regardless of the exercise of any other remedy Sublessor may have by reason of a default, to apply any part of said deposit to cure any default of

Exhibit "B"
(to Proof of Claim)

Subtenant, and, if Sublessor does so, Subtenant shall upon demand deposit with Sublessor the amount applied so that Sublessor shall have the full amount of the security at all times during the term of this Sublease. If Subtenant shall fail to make such deposit, Sublessor shall have the same remedies for such failure as Sublessor has for a default in the payment of Fixed Rent.

21. **END OF TERM**. At the expiration or sooner termination of the Term of this Sublease, Subtenant shall quit and surrender to Sublessor the Premises, broom clean and in good condition, ordinary wear and tear and damage by fire and any other insured casualty excepted. At such expiration or sooner termination, Subtenant shall remove from the Premises all property of Subtenant, including its sign(s), and, at the option of Sublessor, shall remove all alterations and other improvements made by Subtenant to the Premises, and Subtenant shall repair all damages to the Premises caused by any and all such removal and restore the Premises to the condition in which they were prior to the installation of the items so removed, including the areas where Subtenant affixed its sign(s). Any property of Subtenant not so removed may be deemed to be abandoned, or Sublessor may remove the same and restore any damage, at Subtenant's expense.

22. **ACCESS TO PREMISES**.

A. *General Access*. Sublessor shall have the right to enter upon and in the Premises at all reasonable times to examine the same and to make such repairs, replacements, alterations, improvements and additions in the Premises and in the Prime Lease Premises (including, without limitation, the installation, repair, maintenance and replacement of pipes, duct work, conduits, utility lines and wires through the column space and partitions in the Premises and beneath the lower floor slabs and above the ceiling of the Premises) as Sublessor may deem necessary or desirable, and to take all materials into and upon the Premises that may be required therefor, without the same constituting an eviction of Subtenant, and without any abatement of Fixed Rent or Additional Rent Charges; provided, however, Sublessor shall use reasonable efforts not to unreasonably interfere with Subtenant's business in the Premises. Sublessor shall also have the right to enter upon the Premises at reasonable times to show the Premises to prospective purchasers, lessors or lessees (under ground or underlying leases) and mortgagees of all or any part of the Shopping Center. During the six (6) months prior to the expiration of the Term, Sublessor may show the Premises to prospective tenants of the Premises, and during said period Sublessor may also place upon the Premises a "For Rent" sign, which sign shall not be removed, obliterated or hidden by Subtenant.

B. *Excavation*. If an excavation or other building operation shall be made upon land or premises above, below or adjacent to the Premises, Subtenant shall give to the person authorized to cause such work to be done permission and a license to enter upon and in the Premises for the purpose of doing such work as such person deems necessary to preserve the Building of which the Premises is a part from damage and to support the same with proper foundations, without the same constituting an eviction of Subtenant, and without any abatement of Fixed Rent or Additional Rent Charges; provided, however, Sublessor shall use reasonable efforts not to unreasonably interfere with Subtenant's business in the Premises.

23. **OPTION TO EXTEND**. Provided that Subtenant is not then and has not been in default under any of the terms or

-18-

Exhibit "B"
(to Proof of Claim)

```
 1
 2              IN WITNESS WHEREOF, Sublessor and Subtenant have hereunto
 3    executed this Sublease as of the day and year first above written.
 4
 5                                    SUBLESSOR:
 6
 7    ATTEST:                         CIRCUIT CITY STORES, INC., a
 8                                    Virginia corporation
 9
10
11    _____         By: _____[SEAL]
12    [Seal] ASST SECRETARY               Vice President
13
...
23                                    SUBTENANT:
24
25                                    EDWIN WATTS GOLF SHOPS, INC., a
26                                    ____FLA____ corporation
27
28    ATTEST:
29
30    _____         By: _____[SEAL]
31                                    Name: CONNIE WATTS
32                                    Title: SR. Vice President
```

u:5496\circuit\golfshop\sublease.3
April 15, 1996

-23-

Exhibit "B"
(to Proof of Claim)