CATHERINE CORTEZ MASTO
Attorney General
VIVIENNE RAKOWSKY
Deputy Attorney General
Nevada Bar No. 009160
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
P:  (702) 486-3103
F:  (702) 486-3416
vrakowsky@ag.nv.gov
Attorneys for the Nevada Department of Taxation

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Case No.  08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | Hearing Date: April 14, 2011 |
| | Hearing Time:  2:00 p.m. |

**NEVADA DEPARTMENT OF TAXATION'S OPPOSITION TO THE LIQUIDATING TRUST'S EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS AND MOTION TO ALLOW ITS PREPETITION AND ADMINISTRATIVE CLAIMS**

The State of Nevada, Department of Taxation (hereinafter "Department") hereby files its Opposition to the Liquidating Trust's Eighteenth Omnibus Objection and Motion to Allow its Prepetition and Administrative Claims ("Motion").  This Opposition is based on any pleadings on file herein, the following points and authorities and the attached exhibits.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

1.  On or about November 10, 2008, Circuit City (hereinafter, "Debtor") filed a Chapter 11 Voluntary Petition. See, Court Docket (CD) #1.

2.  On or about December 5, 2008, the Department filed a Claim for Prepetition filed but unpaid modified business tax and sales and use tax in the amount of $11,097.77 of which $10,114.23 was priority and $983.54 was non priority.  See, true and accurate copy of Claim stamped "received" by Kurtzman Carson Consultants on December 8, 2008, attached hereto

as **Exhibit "A"**. The claim includes filed but not paid sales tax and returned check charges as follows:

    a. Filed but unpaid modified business tax for the quarter ending June 30, 2006 in the amount of $2,108.58 consisting of tax in the amount of $1,527.95, penalty in the amount of $152.80 and interest in the amount of $427.83. The additional modified business tax was based on the difference between the amount of wages reported to the Department of Taxation and the amount of wages reported to Employment Security Department for the same period. See, Return filed with the Department showing wages for the quarter ending June 30, 2006 in the amount of $1,562,980.38, the report from the Employment Security Department showing wages for the quarter ending June 30, 2006 in the amount of $1,805,511.71, billing letter from the Department dated October 27, 2008 billing the taxpayer $2,108.58 in additional modified business tax, penalty and interest because of the difference in the two reports for the same period, collectively attached hereto as **Exhibit "B."**

    b. Filed but unpaid modified business tax for the quarter ending September 30, 2008 in the amount of $8,488.52 consisting of tax in the amount of $7,647.41, penalty in the amount of $764.74 and interest in the amount of $76.47. The check was returned as unpaid. See, true and correct copy of Modified Business Tax return for Quarter ending September 30, 2008 and returned check collection dated November 17, 2008, collectively, attached hereto as **Exhibit "C"**.

    c. Returned check fee of $25.00. See **Exhibit "C"**.

    d. Filed but unpaid sales and use tax for the month ending April 30, 2008 in the amount of $475.57 consisting of tax in the amount of $409.97, penalty in the amount of $41.00 and interest in the amount of $24.80. **Exhibit "A"**.

3. On or about August 13, 2009, the Department filed an Amended Claim for Prepetition filed but unpaid modified business tax and sales tax in the amount for $6,194.57 all of which is priority. See, true and accurate copy of Amended Claim stamped "received" by Kurtzman Carson Consultants on August 17, 2009, attached hereto as **Exhibit "D"**.

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

      a. The basis of the Amended Return was to reflect less tax due after the Taxpayer filed amended modified business tax returns on or about February 5, 2009. The amended returns served to reduce the tax liability for the quarters ending March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008 and June 30, 2008 and resulted in a credit of $4,029.92 consisting of $3,125.06 in tax and $904.87 in penalty. <u>See</u>, Amended Modified Business Tax Returns, attached hereto as **Exhibit "D".**

      b. A credit was posted for the quarter ending December 2008 in the amount of $110.06. The credit was the result of the Taxpayer overpaying the amount it indicated on the return. The return states $8,399.63 and the check mailed with the return was in the amount of $8,929.68. However, the return was sent in late, which subjected it to a penalty in the amount of $335.99 and interest in the amount of $84.00, leaving a credit of $110.06. <u>See</u> true and correct copy of return, check and postmarked envelope, collectively attached hereto as **Exhibit "D".**

      c. A credit of $332.29 was posted for the quarter ending December 2005 for the interest and penalty for that quarter because the Taxpayer's payment was incorrectly posted as late when it actually was timely.

4. On or about March 10, 2011, the Department filed its Second Amended Claim for Prepetition filed but unpaid modified business tax and sales tax in the amount for $5,719.00 of which $5,719.00 is priority. The Amended Claim is based on an amended sales and use tax return filed by the Debtor for the period ending April 30, 2008 which reduced its tax liability by $475.57. <u>See</u>, true and accurate copy of Claim and Certificate of Service showing the claim was mailed to Kurtzman Carson Consultants on March 10, 2011, attached hereto as **Exhibit "E".** The claim includes filed but not paid modified business tax and sales tax and returned check charges as follows:

      a. Filed but unpaid modified business tax for the quarter ending June 30, 2006 in the amount of $2,108.58 consisting of tax in the amount of $1,527.95, penalty in the

. . .

amount of $152.80 and interest in the amount of $427.83. The additional modified business tax was based on the difference between the amount of wages reported to the Department of Taxation and the amount of wages reported to Employment Security Department for the same period. See, **Exhibit "B".**

  b. Filed but unpaid modified business tax for the quarter ending September 30, 2008 in the amount of $8,488.52 consisting of tax in the amount of $7,647.41, penalty in the amount of $764.74 and interest in the amount of $76.47. The check was returned as unpaid. See, true and correct copy of Modified Business Tax return for Quarter ending September 30, 2008, returned check collection dated November 17, 2008, collectively attached hereto as **Exhibit "C".**

  c. Returned check fee of $25.00. See **Exhibit "C"**.

  d. A credit in the amount of $4,029.92 consisting of $3,166.05 in tax and $863.87 in penalty. See **Exhibit "D"**.

5. On or about March 8, 2008, the Department filed an Administrative Claim based on filed but unpaid Modified Business tax for the quarter ending June 2006. However, based on the amended returns filed by the Taxpayer, on or about March 10, 2011, the Department filed a Notice of Administrative Expense Claim Withdrawal. See, true and correct copy of Administrative Claim and Administrative Claim Withdrawal, attached hereto as **Exhibit "F".**

6. Besides the Liquidating Trust, no other party in interest has objected to the Prepetition Priority Claim.

7. Thereafter, on or about February 28, 2011, the Liquidating Trust filed its Eighteenth Omnibus Objection to Claims. See, CD #10,062.

8. In its Omnibus Motion, the Liquidating Trust seeks to expunge the Department's claims number 14551 against Circuit City Stores West Coast, Inc. for $434.57 claiming that the Debtor filed amended returns to correct this and that the claim should have been withdrawn, and for $5,760.00 because the Debtor's books and records reflect no liability. See portion of Eighteenth Omnibus Motion referring to the Department's claims, CD #10,062; **Exhibit "G"**.

Case 08-35653-KRH    Doc 10160    Filed 03/18/11    Entered 03/18/11 11:45:21    Desc
Main Document    Page 5 of 8

a. As stated above, the Department has withdrawn the claim for $434.57 based on the amended returns. <u>See</u> **Exhibit "F"**.

b. However, the Debtors' Motion to Expunge the Department's Claim for $5,719.00 is without basis; the Department has provided sufficient information along with a copy of the dishonored check to substantiate its claims. <u>See</u> **Exhibits "A" through "F"**.

9. The Department respectfully requests the Department's Second Amended Prepetition Priority Claim for $5,719.00 be allowed in its entirety, in addition to any further relief this Court deems just and proper.

## II.

## <u>ARGUMENT</u>

Pursuant to Section 502, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Further, Fed. Rules Bank. Proc. Rule 3001(f) provides, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim".

"Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." <u>In re Bertelt</u>, 206 B.R. 587, 593-94 (Bkrtcy.M.D.Fla. 1996); <u>see also</u>, <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir.1992) (<u>referencing</u>, <u>In re Holm</u>, 931 F.2d 620, 623 (9th Cir.1991) and 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991); <u>see also</u>, <u>Matter of Mobile Steel Co.</u>, 563 F.2d 692, 702-03 (C.A.Ala. Nov. 1977) ("the claimant's verified proof of claim obliges the objecting trustee to come forward with enough substantiations to overcome the claimant's prima facie case and thus compel him to actually prove the validity and honesty of his claim.").

Upon this showing, the burden shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. <u>Id</u>. Further, this evidence should be "equal in force to the *prima facie* case." <u>In re Bertelt</u>, 206 B.R. at 593-94; <u>see also</u>, <u>VFB, LLC v.

Campbell Soup Co., 482 F.3d 624, 636 (3rd Cir. 2007), *citing* In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir.1992) and Section 502(a).

"Upon objection, the proof of claim provides 'some evidence as to its validity and amount' and is 'strong enough to carry over a mere formal objection without more.'" *In re William E. Fullbright*, 319 B.R. 650, 662 (Bankr. D. Mont. 2005) (citing *Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed. 1991)).

**Modified Business Tax**

Nevada imposes a tax upon employers at the rate of 0.63 percent of the wages per quarter. This requirement is imposed by NRS 363B.110 which reads in relevant part as follows:

> **NRS 363B.110  Imposition, amount and payment of tax; filing of return.**
> 1. There is hereby imposed an excise tax on each employer at the rate of 0.63 percent of the wages, as defined in NRS 612.190, paid by the employer during a calendar quarter with respect to employment in connection with the business activities of the employer.

See, NRS 363.110(1).

Here, the Department filed a Second Amended Claim which has credited the Debtor for the amounts the Debtor claimed in its amended returns. The Departments Claim and Amended Claim along with a copy of the dishonored check prove that modified business tax is owed. The exhibits provide a time line and show the specific time periods at issue and amounts owed. A copy of the dishonored check in the amount of $7,647.41 is evidence that the Debtor did not pay the amount of modified business tax indicated on the return. See, **Exhibits "A" through "F".** In total, after all of the credits against the original claim were applied, the claim for unpaid Modified Business Tax is $5,719.00. See, **Exhibit "E".** These sums are comprised of the following:

a. Filed but unpaid modified business tax for the quarter ending June 30, 2006 in the amount of $2,108.58 consisting of tax in the amount of $1,527.95, penalty in the amount of $152.80 and interest in the amount of $427.83.  The additional modified

business tax was based on the difference between the amount of wages reported to the Department of Taxation and the amount of wages reported to Employment Security Department for the same period. See, **Exhibit "B."**

    b. Filed but unpaid modified business tax for the quarter ending September 30, 2008 in the amount of $8,488.52 consisting of tax in the amount of $7,647.41, penalty in the amount of $764.74 and interest in the amount of $76.47. The check for $7,647.41 was returned as unpaid. See, true and correct copy of Modified Business Tax return for Quarter ending September 30, 2008, returned check collection dated November 17, 2008, collectively attached hereto as **Exhibit "C".**

    c. Returned check fee of $25.00. See **Exhibit "C"**.

    d. A credit in the amount of $4,029.92 consisting of $3,166.05 in tax and $863.87 in penalty. See **Exhibit "D"**.

Therefore, the Second Amended Claim summarizes the tax, penalty and interest owed for each of the relevant periods along with the credit issued and the corresponding totals. The copy of the dishonored check shows that the Debtor did not pay its obligation. See, **Exhibit "B".** The amount of the claim is not estimated and is based on actual returns filed without money or with a dishonored check provided by the Debtor.

Based upon the aforementioned, the Department respectfully requests this Court deny the Liquidating Trust's Eighteenth Omnibus Objection to claims with respect to Claim number

. . .

. . .

. . .

14551 in the amount of $5,719.00 and dismiss the Liquidating Trust's Eighteenth Omnibus Objection to the Department's claim for $434.57 as moot based upon the Department's withdrawal of that claim (Exhibit "G"), in addition to any further relief this Court may grant.

DATED this 17th day of March, 2011.

>CATHERINE CORTEZ MASTO
>Attorney General
>
>By: /s/ VIVIENNE RAKOWSKY
>Vivienne Rakowsky
>Deputy Attorney General
>Nevada Bar No. 009160
>555 E. Washington Ave., Ste. 3900
>Las Vegas, Nevada 89101
>(702) 486-3103
>Attorneys for Nevada Department of Taxation