UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



IN RE:

CIRCUIT CITY STORES, INC.                §
(DEBTOR)                                 §          CASE NO. 08-35653
                                         §
CITY OF LEWISVILLE                       §
(CREDITOR)                               §          CHAPTER 11

## RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM
## FILED BY CITY OF LEWISVILLE

Comes now City of Lewisville, an instrumentality of the state of Texas and a creditor in

the above-styled and numbered cause in bankruptcy and files this response to the Trustee's

Objection to Claim of the City of Lewisville, Claim Number 11849 filed February 19, 2009,

which Objection suggests that the amounts claimed appear to the Trustee to be "unliquidated".

However, the amounts of indebtedness as stated in the Trustee's Objection appear to be identical

to the Creditor's claim; and if the Objection seeks only an affirmation of the claim amount as

submitted under Claim Number 11849 and as recited within said objection, the City of Lewisville

would concur in the amount so recited. In further support of this claim, this Claimant would show

the Court as follows:

1. The City of Lewisville's proof of claim, No. 11849, was filed to secure local ad

   valorem business personal property taxes due for the 2008 tax year. The amount

   reflected on this proof of claim is for base taxes and does not include any penalties or

   interest nor any unliquidated balance. The City therefore concurs with and affirms the

   "liquidated" amount of claim in the amount of **$10,236.76** as set forth in Trustee's

   Objection. Please see Certified Tax Affidavit and Tax Statements of the Denton

   County Tax Office incorporated herein by reference as Exhibit "A".

2. As further verification of this Claimant's liquidated base tax sum claimed as due, the 2008 property valuation of Debtor Circuit City, Inc.'s personal property upon which the subject property taxes compromising this Claim Number 11849 were assessed was not performed either by this Claimant, the Denton Central Appraisal District nor any other governmental unit or third party. The valuation was performed by Debtor Circuit City's own "Property Tax Department". Please see Circuit City Store's 2008 Business Property Tax Statement rendering the property for taxation by Debtor (as provided under Texas Property Tax Code §22.01) which "Statement" is incorporated herein by reference as Exhibit "B".

3. Additionally, the valuation tendered by Debtor for the subject 2008 tax assessment would have a high degree of accuracy or, if not, be understated, not overstated, for several reasons. It would not be in Debtor Circuit City's interest to submit inflated personal property tax values, as the resulting tax assessments by this Claimant and other local taxing authorities would correspondingly increase, see Exhibits "A" and "B". There are also civil and criminal penalties for false filings of property values under Texas law. The value portion of the property rendition, as a part from the description thereof, is voluntary, thus was affirmatively asserted and initiated by Debtor.

4. Finally, the time period to seek to review the property valuation under the Bankruptcy Code has long since expired, prohibiting any review of valuation issues for the 2008 taxes subject to this Claimant's claim. The bar date for protesting valuations under state law in this case was on or before June 1st of 2008 as set out by Texas Property Tax Code §§41.41 et seq., 41.44 and 42.09, a true and correct of which provisions is attached herein as Exhibit "C". Therefore, as specifically stated under Bankruptcy Code §505(a)(1) subsection (a)(2)(C), the Trustee is barred from

raising issues regarding valuation at this time as being beyond the statutory

prescribed period for such appeals under local law.

Wherefore, Creditor City of Lewisville requests that the Court have and consider this

claim, Claim Number 11849, that the Court determine that this Creditor is entitled to their claim

now before the Court; that the Objection of the Trustee in this regard be denied in its entirety or

as the alternative, be found to confirm the amount of claim as presented by this Creditor; and that

the Creditor be granted any additional relief to which it may be entitled.

Respectfully Submitted,

Sawko & Burroughs, P.C.

Mark A. Burroughs,
State Bar No. 03464400
1100 Dallas Drive, Suite 100
Denton, Texas 76205
Telephone No. 940-382-4357
Facsimile No. 940-591-0991

Attorney for Creditor
City of Lewisville, Texas

## CERTIFICATE OF SERVICE

I do hereby certify that on March 11 , 2011 I did serve a true and correct copy of the

foregoing to the following interest parties by United States, First Class Mail:

**Debtor:**
**Circuit City Stores, Inc.**
9950 Mayland Drive
Richmond, VA 23233

**Attorneys for Circuit City Stores, Inc. Liquidating Trust:**
**Paula S. Beran**
20 North Eighth Street, Second Floor
Richmond, VA 23219

**Trustee:**
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

## BANKRUPTCY CASE NO.  08-35653

## AFFIDAVIT

STATE OF TEXAS                                    §
                                                 §
COUNTY OF DENTON                                  §

    **COMES NOW** _____**Kay Prather**_____, Deputy Tax Collector for **CITY OF LEWISVILLE**, who being first duly sworn and says that the instrument attached hereto is a full, true and correct copy of a delinquent tax record of **CITY OF LEWISVILLE** tax office(s) and show the taxes assessed against property belonging **CIRCUIT CITY STORES, INC.** according to the tax rolls of **CITY OF LEWISVILLE**;  that s/he has care, custody and control of said delinquent tax record;  that said delinquent tax record is a permanent record of **CITY OF LEWISVILLE** Tax Offices;   that s/he is the lawful and duly appointed Tax Collector for **CITY OF LEWISVILLE.**

_____
(signature)

STATE OF TEXAS                                    §
                                                 §
COUNTY OF DENTON                                  §

    On the ___**4th**_____ day of _____**March**_____, 2011, personally appeared ____**Kay Prather**_____, known to me to be the Deputy Tax Collector for **CITY OF LEWISVILLE**, who being by me duly sworn deposes and says that the above and foregoing is true and correct and that s/he has personal knowledge of the above and foregoing and that s/he has custody of the tax records of **CITY OF LEWISVILLE**, and that the attached are true and correct copies thereof, and that s/he has the authority to make this affidavit.

**DEBI MULLEN**
Notary Public
STATE OF TEXAS
Commission Exp. 05-20-2014

_____
NOTARY PUBLIC FOR THE STATE OF TEXAS

My Commission Expires _____**May 20, 2014**_____





**STEVE MOSSMAN**
DENTON COUNTY TAX ASSESSOR/COLLECTOR
P O BOX 90223
DENTON, TX 76202
(940) 349-3500

# Delinquent Tax Statement

**Property Account Number:**

## 915488DEN

| | |
|---|---|
| **Statement Date:** | 03/04/2011 |
| **Owner:** | CIRCUIT CITY STORES INC #4502 |
| **Mailing Address:** | PO BOX 42304-TAX DEPT <br> RICHMOND VA 23242-2304 |

| | |
|---|---|
| **Property Location:** | 0000715 HEBRON |
| **Acres:** | 0 |
| **Legal:** | PERSONAL PROPERTY - APPLIANCE <br> STORE LOCATION: 715 HEBRON PKY, <br> LEWISVILLE |

| YEAR | TAXING ENTITIES | BASE TAX | P & I | COLL PEN | TOTAL DUE | DELQ DATE |
|---|---|---|---|---|---|---|
| 2009 | LEWISVILLE CITY | $7,366.88 | $1,915.39 | $1,856.45 | $11,138.72 | 02/01/2010 |
| | 2009 Subtotals | $7,366.88 | $1,915.39 | $1,856.45 | $11,138.72 | |
| 2008 | LEWISVILLE CITY | $10,236.76 | $0.00 | $0.00 | $10,236.76 | 02/01/2009 |
| | 2008 Subtotals | $10,236.76 | $0.00 | $0.00 | $10,236.76 | |

BKRPTCY: 08-35653

| | |
|---|---|
| **Total Amount Due** | $21,375.48 |

> Note that if the Current Tax Year is
> not yet delinquent it will not be
> included on this statement

**DELINQUENT STATEMENT REQUESTED BY/PROVIDED TO ATTORNEY - SAWKO & BURROUGHS**

↓ Detach ↓
Return With Payment



Visit our website for online credit card payments.

| Delinquent Tax Statement |
|---|
| 3/4/2011 |

| Property Account Number |
|---|
| 915488DEN |

| Total Amount Due | $21,375.48 |
|---|---|

| IF PAID IN | AMOUNT DUE |
|---|---|
| APR | $21,463.89 |
| MAY | $21,552.29 |
| JUN | $21,640.70 |
| JUL | $21,729.10 |
| AUG | $21,817.50 |
| SEP | $21,905.91 |

| **Please Make Checks Payable To:** |
|---|
| **Steve Mossman, Tax A/C** |

CIRCUIT CITY STORES INC #4502
PO BOX 42304-TAX DEPT
RICHMOND VA 23242-2304

# Circuit City Stores, Inc.
# Property Tax Department

**Type of Business:**  <u>Sales and Service of Consumer Electronics</u>

**Location of general ledger and all related accounting records:**

Circuit City Stores, Inc.               This Address is for Location of
Attention:  Tax Department              Accounting Records only.
9950 Mayland Drive                      **See Below for our CORRECT**
Richmond, VA  23233                     **MAILING ADDRESS.**

**Person to contact at location of accounting records:**  Sarah Harris
                                        **Tax Supervisor**

**Phone Number:**  (804) 486-2081   Fax # (804) 967-8831.

**Federal Tax ID Number:** 54-0493875         Fiscal Year is 03/01 - 02/28

**Location of Personal Property:  Loc.#**  04502

2325 S. Stemmons Pkw  Lewisville                , TX    75067

**Start Date of this Location:**       7/1/1994

**Mailing Address for Tax Bills and Notices:**

Circuit City Stores, Inc.
Attn: Tax Dept - Loc # 04502
P.O. Box 42304
Richmond, VA  23242-2304



50-144
(Rev. 9-07/8)

# BUSINESS PERSONAL PROPERTY RENDITION OF TAXABLE PROPERTY

This rendition covers property you own or manage and control as a fiduciary on January 1 of this year.  You must file this rendition with the county appraisal district after January 1 and not later than April 15 of this year.  On written request, the chief appraiser must extend the deadline to May 15. You may receive an additional 15-day extension if you request it in writing and show good cause for the extension.  If the chief appraiser denies an exemption or an exemption applicable to a property on January 1 terminates during the tax year, you must file a rendition form within 30 days after the termination date.  If you provide information substantially equivalent to a rendition to a company contracted with the appraisal district to appraise property, you are not required to file this rendition form.  If your property is regulated by the Texas Public Utility Commission, Railroad Commission, the federal Surface Transportation Board, or Federal Energy Regulatory Commission, you are not required to file this rendition.  The chief appraiser may request a copy of the annual regulatory report.

If you have previously filed a rendition form and it remains an accurate rendition of your property for this year, you may check the box below and sign this form.

When required by the Tax Code or by the chief appraiser, the person rendering property shall use the model form adopted by the Comptroller of Public Accounts, or use a form containing information that is in substantial compliance with the model form if approved by the comptroller.

The chief appraiser may request, either in writing or by electronic means, that you provide a statement containing supporting information indicating how the value rendered was determined.  The statement must:

1. summarize information sufficient to identify the property including the physical and economic characteristics relevant to the opinion of value, if appropriate, and the source of the information used;
2. state the effective date of the opinion of value; and
3. explain the basis of the value rendered.

If your business has 50 or less employeess, you may base the value estimate on the depreciation schedules used for federal income tax purposes.
You must deliver the statement within 21 days of the request.

| Appraisal district name | Property identification number *(if known)* | Tax year |
|---|---|---|
| Denton | P915488 | 2008 |

| Property owner/manager's name |
|---|
| Circuit City Stores, Inc. DBA: Circuit City Stores, Inc. |

| Present mailing address |
|---|
| Attention: Tax Department, P.O. Box 42304 |

| City, town or post office, state, ZIP code | Phone *(area code and number)* |
|---|---|
| Richmond, VA 23242 | (804) 486-4000 |

RECEIVED

APR 1 5 2008

BUSINESS PERSONAL
PROPERTY

| Authorized agent's name |
|---|
| |

| Present mailing address |
|---|
| |

| City, town or post office, state, ZIP code | Phone *(area code and number)* |
|---|---|
| | |

☐  By checking this box, I affirm that the information contained in my most recent rendition statement filed for a prior tax year (this rendition was filed for the _____ tax year), continues to be complete and accurate for the current tax year.

Check the total market value of your property.   ☐ Under $20,000   ☑ Over $20,000
If you checked "Under $20,000," please complete only Schedule A.  Otherwise, complete Schedule B and/or C, whichever is applicable.

When required by the chief appraiser, you must render any taxable property that you own or manage and control as a fiduciary on January 1. [Section 22.01(b), Tax Code]
For this type of property, complete Schedule A, B, and/or C, whichever is applicable.

When required by the chief appraiser, you must file a report listing the name and address of each owner of property that is in your possession or under your management on January 1 by bailment, lease, consignment, or other arrangement. [Section 22.04(a), Tax Code]  For this type of property, complete Schedule D.

Are you the property owner, an employee of the property owner, or an employee of a property owner on behalf of an affiliated entity of the property owner?   ☑ Yes   ☐ No

This form must be signed and dated.  By signing this document, you attest that the information contained on it is true and correct to the best of your knowledge and belief.

If you checked "Yes" above, sign and date on the first signature line below.  No notarization is required.

**sign here** →  Signature _____   Date _____

If you checked "No" above, you must complete the following:
I swear that the information provided on this form is true and correct to the best of my knowledge and belief.

**sign here** →  Signature _____   Date _____

Subscribed and sworn before me this _____ day of _____, 20_____

_____
Notary Public, State of Texas

Circuit City Stores, Inc.-Denton County Appraiser (Location Lewisville Sa (SIL) - 04502)

50-144.2
(Rev. 9-0/08)

## SCHEDULE A: PERSONAL PROPERTY VALUED LESS THAN $20,000

List all taxable personal property by type/category of property (See "Definitions"). If needed you may attach additional sheets. Or, you may attach a computer-generated copy listing the information below. If you manage or control property as a fiduciary on January 1, also list the names and addresses of each property owner.

| General property description by type/category | Property address or address where taxable | Good faith estimate of market value (optional)* | Property owner name/address if you manage or control property as a *fiduciary* |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* "Good faith estimate of market value" is not admissible in subsequent protest, hearing, appeal, suit, or other proceeding involving the property except for: (1) proceedings to determine whether a person complied with rendition requirement; (2) proceedings for determination of fraud or intent to evade tax; or (3) a protest under Section 41.41, Tax Code.

NOTE: If you are a dealer/retailer of inventory that is subject to Sections 23.121, 23.124, 23.1241, or 23.127, Tax Code (alternate methods of appraising vehicles, vessels, outboard motors, and trailers, manufactured housing, and heavy equipment), list this type of property on the appropriate Dealer's Inventory Declaration rather than this schedule.

Circuit City Stores, Inc. Denton County Appraiser (Location Lewisville St. (SRL) - 04503)

50-144-4
(Rev. 9-07/6)

## SCHEDULE B: PERSONAL PROPERTY, OTHER THAN INVENTORY, VALUED AT $20,000 or MORE

List all taxable personal property by type/category of property (See "Definitions"). If needed you may attach additional sheets. Or, you may attach a computer-generated copy listing the information below. If you manage or control property as a fiduciary on January 1, also list the names and addresses of each property owner. If you carry consigned goods, also list below the names and addresses of each consignor. If needed, attach additional sheets.

| Property description by type/category | Property address or address where taxable | Good faith estimate of market value* (or) | Historical cost when new** (and) | Year Acquired** | Property owner name/address, if you manage or control property as a fiduciary. |
|---|---|---|---|---|---|
| See Attached | | 560,817 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* If you provide an amount in the "good faith estimate of market value," you need not complete a "historical cost when new" and "year acquired." "Good faith estimate of market value" is not admissible in subsequent protest, hearing, appeal, suit, or other proceeding involving the property except for: (1) proceedings to determine whether a person complied with rendition requirement; (2) proceedings for determination of fraud or intent to evade tax; or (3) a protest under Section 41.41, Tax Code.

** If you provide an amount in a "historical cost when new" and "year acquired," you need not complete "good faith estimate of market value."

SO-144-S
(Rev. 9-07/8)

## SCHEDULE C: INVENTORY

List all taxable inventory by type of property (example: merchandise, supplies, etc.). If needed you may attach additional sheets. Or, you may attach a computer-generated copy listing the information below. If you manage or control property as a fiduciary on January 1, also list the names and addresses of each property owner. If needed, attach additional sheets. If you carry consigned goods, also list below the names and addresses of each consignor. If needed, attach additional sheets.

| Property description by type/category | Property address or address where taxable | Estimate of quantity of each type | Good faith estimate of market value* (or) | Historical cost when new** (and) | Year Acquired** | Property owner name/address, if you manage or control property as a fiduciary |
|---|---|---|---|---|---|---|
| See Attached | | | 1,707,662 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

* If you provide an amount in the "good faith estimate of market value," you need not complete a "historical cost when new" and "year acquired." "Good faith estimate of market value" is not admissible in subsequent protest, hearing, appeal, suit, or other proceeding involving the property except for: (1) proceedings to determine whether a person complied with rendition requirement; (2) proceedings for determination of fraud or intent to evade tax; or (3) a protest under Section 41.41, Tax Code.

** If you provide an amount in a "historical cost when new" and "year acquired," you need not complete "good faith estimate of market value."

Note: If you are a dealer/retailer of inventory that is subject to Sections 23.121, 23.124, 23.1241, or 23.127, Tax Code (alternate methods of appraising vehicles, vessels, outboard motors, and trailers, manufactured housing, and heavy equipment), list this type of property on the appropriate Dealer's Inventory Declaration rather than this schedule.

Circuit City Stores, Inc.-Denton County Appraiser (Exhibit Lewisville 5a (SIC)-045602)

SD-4446
(Rev. 9-07/8)

## SCHEDULE D: PROPERTY UNDER BAILMENT, LEASE, CONSIGNMENT, OR OTHER ARRANGEMENT

List the name and address of each property owner of taxable property that is in your possession or under your management on January 1 by bailment, lease, consignment, or other arrangement. If needed you may attach additional sheets. Or, you may attach a computer-generated copy listing the information below.

| Property owner's name | Property owner's address | General property description |
|---|---|---|
| N/A | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Circuit City Stores, Inc.-Denton County Appraiser (Location Lewisville St.) (SL) - (4502)

SCHEDULE B: PERSONAL PROPERTY, OTHER THAN INVENTORY, VALUED AT $20,000 OR MORE

| General property description by type/category | Good faith estimate of market value * (or) | Historical Cost when new ** (and) | Year Acquired** | Owned/Used Property owner name/address if you manage or control property as a fiduciary. |
|---|---|---|---|---|
| 04502 / Lewisville Ss (S/L) 715 Hebron Parkway Lewisville | | TX 75067 | | |
| Computers | 25,148.00 | | 2004 | |
| Computers | 1,759.00 | | 2005 | |
| Computers | 1,854.00 | | 2006 | |
| Total Computers | 28,761.00 | | | |
| Furniture and Fixtures | 442,121.00 | | 2004 | |
| Furniture and Fixtures | 13,006.00 | | 2006 | |
| Furniture and Fixtures | 2,717.00 | | 2007 | |
| Total Furniture and Fixtures | 457,844.00 | | | |
| Machinery and Equipment | 34,213.00 | | 2004 | |
| Machinery and Equipment | 5,705.00 | | 2006 | |
| Machinery and Equipment | 591.00 | | 2007 | |
| Total Machinery and Equipment | 40,509.00 | | | |
| Signs | 33,703.00 | | 2004 | |
| Total Signs | 33,703.00 | | | |
| Total 04502 | 560,817.00 | | | |
| Total Owned/Used | 560,817.00 | | | |

## SCHEDULE C: INVENTORY
### Owned/Used

| General property description by type/category | Good faith estimate of market value * (or) | Historical Cost when ** (and) new ** | Year Acquired** | Property owner name/address if you manage or control property as a fiduciary. |
|---|---|---|---|---|
| 04502 / Lewisville Ss (S/L) 715 Hebron Parkway Lewisville | | TX 75067 | | |
| Retail Inventory | 1,706,700.00 | | | |
| Total Retail Inventory | 1,706,700.00 | | | |
| Supplies (Inventory) | 962.00 | | | |
| Total Supplies (Inventory) | 962.00 | | | |
| Total 04502 | 1,707,662.00 | | | |
| Total Owned/Used | 1,707,662.00 | | | |

Circuit City Stores, Inc.--Denton County Appraiser (Location: Lewisville Ss (S/L) - 04502)

Page 1

04/08/2008
10:58:31 AM

# Summary by State Class and Acquisition Year
## Declaration of Property Owned and Used by Owner

Assessment Date: 01/01/2008

Denton County Appraiser - Lewisville Ss (S/L)

### Assessed - Inventory

| State Class | Year | Reported Cost | Current Value | Rendered Value | Assessor's Use |
|---|---|---|---|---|---|
| Retail Inventory | | 1,706,700.00 | 1,706,700.00 | 1,706,700.00 | |
| | | 1,706,700.00 | 1,706,700.00 | 1,706,700.00 | |
| **State Class** | **Year** | **Reported Cost** | **Current Value** | **Rendered Value** | **Assessor's Use** |
| Supplies (Inventory) | | 962.29 | 962.29 | 962.00 | |
| | | 962.29 | 962.29 | 962.00 | |
| **Total** | | 1,707,662.29 | 1,707,662.29 | 1,707,662.00 | |

Lewisville Ss (S/L)
Property Location: 715 Hebron Parkway
Lewisville, TX 75067

Taxpayer's Address:
Circuit City Stores, Inc.
Attention: Tax Department
P.O. Box 42304
Richmond, VA 23242

PTMS 4.0

Sprinkler.

04/08/2008
10:58:31AM

Page 2

**Summary by State Class and Acquisition Year**
**Declaration of Property Owned and Used by Owner**

Denton County Appraiser - Lewisville Ss (S/L)

Assessment Date:    01/01/2008

Assessed - Personal Property

| State Class | Year | Reported Cost | Current Value | Rendered Value | Assessor's Use |
|---|---|---|---|---|---|
| **Computers** | 2006 | 3,707.85 | 1,853.93 | 1,854.00 | |
| | 2005 | 5,173.14 | 1,758.87 | 1,758.00 | |
| | 2004 | 139,713.55 | 25,148.42 | 25,147.00 | |
| | | 148,594.54 | 28,761.22 | 28,759.00 | |
| **State Class** | **Year** | **Reported Cost** | **Current Value** | **Rendered Value** | **Assessor's Use** |
| **Furniture and Fixtures** | 2007 | 2,953.26 | 2,717.00 | 2,717.00 | |
| | 2006 | 14,450.63 | 13,005.57 | 13,006.00 | |
| | 2004 | 574,183.75 | 442,121.47 | 442,121.00 | |
| | | 591,587.64 | 457,844.04 | 457,844.00 | |
| **State Class** | **Year** | **Reported Cost** | **Current Value** | **Rendered Value** | **Assessor's Use** |
| **Machinery and Equipment** | 2007 | 642.70 | 591.28 | 591.00 | |
| | 2006 | 6,339.35 | 5,705.42 | 5,705.00 | |
| | 2004 | 44,432.47 | 34,213.00 | 34,214.00 | |
| | | 51,414.52 | 40,509.70 | 40,510.00 | |
| **State Class** | **Year** | **Reported Cost** | **Current Value** | **Rendered Value** | **Assessor's Use** |
| **Signs** | 2004 | 43,769.52 | 33,702.53 | 33,703.00 | |
| | | 43,769.52 | 33,702.53 | 33,703.00 | |
| **Total** | | 835,366.22 | 560,817.49 | 560,816.00 | |

Lewisville Ss (S/L)
Property Location:    715 Hebron Parkway
                      Lewisville, TX 75067

Taxpayer's Address:
Circuit City Stores, Inc.
Attention: Tax Department
P.O. Box 42304
Richmond, VA 23242

PTMS 4.0

Sprinklet.

04/08/2008
10:58:31 AM

Page 1

# Inactive Summary by State Class and Acquisition Year
## Declaration of Property Owned and Used by Owner

Denton County Appraiser - Lewisville Ss (S/L)

Assessment Date: 01/01/2008

### Assessed - Personal Property

| State Class | Year | Reported Cost | Current Value | Rendered Value | Assessor's Use |
|---|---|---|---|---|---|
| **Computers** | 2006 | 17,943.27 | 8,971.64 | 8,972.00 | |
| | 2005 | 6,053.17 | 2,058.08 | 2,059.00 | |
| | | 23,996.44 | 11,029.72 | 11,031.00 | |

| State Class | Year | Reported Cost | Current Value | Rendered Value | Assessor's Use |
|---|---|---|---|---|---|
| **Furniture and Fixtures** | 2006 | 10,005.86 | 9,005.27 | 9,005.00 | |
| | | 10,005.86 | 9,005.27 | 9,005.00 | |

| State Class | Year | Reported Cost | Current Value | Rendered Value | Assessor's Use |
|---|---|---|---|---|---|
| **Machinery and Equipment** | 2006 | 6,079.77 | 5,471.80 | 5,472.00 | |
| | | 6,079.77 | 5,471.80 | 5,472.00 | |

| **Total** | | 40,082.07 | 25,506.79 | 25,508.00 | |

Lewisville Ss (S/L)
Property Location: 715 Hebron Parkway
Lewisville, TX 75067

Taxpayer's Address:
Circuit City Stores, Inc.
Attention: Tax Department
P.O. Box 42304
Richmond, VA 23242

PTMS 4.0

Sprenkel.

Circuit City Stores, Inc.
Attention: Tax Department
9950 Mayland Drive
Richmond, VA 23233-1464
T 804.527.4000

March 2, 2007

County of Denton

To Whom It May Concern:

Please accept this letter as confirmation that Scott Ash, Tax Manager or Sarah Harris, Property Tax Supervisor for Circuit City Stores, Inc. are authorized to sign the annual Property Tax Statements for all the Circuit City Stores, Inc. Business Personal Property returns.  Please keep this letter on file and direct all inquiries to:

Circuit City Stores, Inc.
P.O. Box 42304
Richmond, VA  23242-2304
Attention: Scott Ash
Tax Department

If there are any questions, please contact Mr. Ash at (804) 527-4000, extension 63366.

Sincerely,

Philip J. Dunn
Treasurer
Circuit City Stores, Inc.

REMEDIES                                                                 § 41.41

(b) The appraisal review board must complete substantially all timely filed protests before approving the appraisal records and may not approve the records if the sum of the appraised values, as determined by the chief appraiser, of all properties on which a protest has been filed but not determined is more than five percent of the total appraised value of all other taxable properties.

(c) The board of directors of an appraisal district established for a county with a population of at least one million by resolution may:

(1) postpone the deadline established by Subsection (a) for the performance of the functions listed in that subsection to a date not later than August 30; or

(2) provide that the appraisal review board may approve the appraisal records if the sum of the appraised values, as determined by the chief appraiser, of all properties on which a protest has been filed but not determined does not exceed 10 percent of the total appraised value of all other taxable properties.

Acts 1979, 66th Leg., p. 2304, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 170, ch. 13, § 136, eff. Jan. 1, 1982; Acts 1985, 69th Leg., ch. 312, § 4, eff. June 7, 1985; Acts 1985, 69th Leg., ch. 630, § 1, eff. June 14, 1985; Acts 1993, 73rd Leg., ch. 1031, §§ 7, 8, eff. Sept. 1, 1993; Acts 2007, 80th Leg., ch. 626, § 1, eff. Jan. 1, 2008.

### Cross References

Determination before approval of appraisal records,
  Challenges, see V.T.C.A., Tax Code § 41.07.
  Listing of property under protest, see V.T.C.A., Tax Code § 26.01(c).

Protests, see V.T.C.A., Tax Code § 41.47.
  Suit to compel compliance with deadlines, see V.T.C.A., Tax Code § 43.04.
  Supplemental records, see V.T.C.A., Tax Code § 25.23.

### SUBCHAPTER B.  EQUALIZATION BY COMMISSIONERS COURT [REPEALED]

### §§ 41.21 to 41.27.  Repealed by Acts 1981, 67th Leg., 1st C.S., p. 182, ch. 13, § 167(a), eff. Jan. 1, 1982

### SUBCHAPTER C.  TAXPAYER PROTEST

### Cross References

Procedure, hearings under this subchapter, established by rule, see V.T.C.A., Tax Code § 41.66.
  Right of appeal,

Orders determining a taxpayer or property owner protest under this subchapter, see V.T.C.A., Tax Code §§ 42.01, 42.02.
Taxing unit, see V.T.C.A., Tax Code § 42.031.

### § 41.41.  Right of Protest

(a) A property owner is entitled to protest before the appraisal review board the following actions:

(1) determination of the appraised value of the owner's property or, in the case of land appraised as provided by Subchapter C, D, E, or H, Chapter 23,[1] determination of its appraised or market value;

(2) unequal appraisal of the owner's property;

(3) inclusion of the owner's property on the appraisal records;

(4) denial to the property owner in whole or in part of a partial exemption;

(5) determination that the owner's land does not qualify for appraisal as provided by Subchapter C, D, E, or H, Chapter 23;

(6) identification of the taxing units in which the owner's property is taxable in the case of the appraisal district's appraisal roll;

(7) determination that the property owner is the owner of property;

(8) a determination that a change in use of land appraised under Subchapter C, D, E, or H, Chapter 23, has occurred; or

475

§ 41.41                                                          PROPERTY TAX CODE

(9) any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner.

(b) Each year the chief appraiser for each appraisal district shall publicize in a manner reasonably designed to notify all residents of the district:

(1) the provisions of this section; and

(2) the method by which a property owner may protest an action before the appraisal review board.

Acts 1979, 66th Leg., p. 2305, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 170, ch. 13, § 137, eff. Jan. 1, 1982; Acts 1985, 69th Leg., ch. 823, § 3, eff. Jan. 1, 1986; Acts 1989, 71st Leg., ch. 796, § 34, eff. Sept. 1, 1989; Acts 1997, 75th Leg., ch. 113, § 1, eff. Jan. 1, 1998; Acts 1999, 76th Leg., ch. 631, § 11, eff. Sept. 1, 1999.

¹ V.T.C.A., Tax Code § 23.41 et seq., § 523.51 et seq., § 23.71 et seq., or § 23.9801 et seq.

### Cross References

Taxpayer liaison officer, responsible for resolving disputes not involving matters that may be protested under this section, see V.T.C.A., Tax Code § 6.052.

Determination of appraised value, see V.T.C.A., Tax Code § 23.01.

Exclusivity of remedies, see V.T.C.A., Tax Code § 42.09.

Inclusion on appraisal records, see V.T.C.A., Tax Code §§ 11.01, 21.01.

Listing of ownership, see V.T.C.A., Tax Code ch. 25.

Median level of appraisal, see V.T.C.A., Tax Code § 1.12.

Notice and deadline for protest, see V.T.C.A., Tax Code § 41.44.

Notice of appeal, see V.T.C.A., Tax Code § 42.06.

Partial exemptions, see V.T.C.A., Tax Code §§ 11.13, 11.22, 11.24, 11.27, 11.28.

Productivity appraisal, see V.T.C.A. Tax Code ch. 23, subchs. C to E.

Remedy for protest of appraisal inequality, see V.T.C.A., Tax Code § 41.43.

Remedy for situs protest, see V.T.C.A., Tax Code § 41.42.

Right of appeal by property owner, see V.T.C.A., Tax Code § 42.01.

Taxing unit situs, see V.T.C.A., Tax Code §§ 21.01, 21.02.

### Notes of Decisions

**In general**

For property owner who has protested property tax appraisal and is awaiting notice of hearing before appraisal review board, account should not be certified, no tax bill should be sent, and there should be no delinquency date on matters pending before board, even if board takes extraordinarily long time to determine protest. Harris County Appraisal Review Bd. v. General Elec. Corp. (App. 14 Dist. 1991) 819 S.W.2d 915, writ denied. Taxation ⇐ 2667

Even though they are not taxed on the market value of their land, owners of land put to agricultural use have the right to protest the appraised market value of their land immediately upon receiving their notice of appraised value, long before any rollback tax may be imposed because of a change in use. Anderton v. Rockwall Cent. Appraisal Dist. (App. 5 Dist. 2000) 26 S.W.3d 539, review denied. Taxation ⇐ 2647

**Due process**

Property Tax Code, by its detailed provisions, including right of protest, notice of hearing, hearing on protest, determination of protest, notice of appeal, and petition for review, meets requirement of due process; thus, § 42.09 which provided that remedies were exclusive did not arbitrarily deprive taxpayer of his right to show in defense of action that taxes assessed were not equal and uniform,

that value of his property was not ascertained as provided by law, and that value assessed was in excess of real value. Brooks v. Bachus (App. 11 Dist. 1983) 661 S.W.2d 288, ref. n.r.e.. Taxation ⇐ 2640; Taxation ⇐ 2641

Rule of due process requires notice of increase in property value to taxpayer with opportunity to be heard before property may be encumbered by additional tax lien. Harris County Appraisal Review Bd. v. General Elec. Corp. (App. 14 Dist. 1991) 819 S.W.2d 915, writ denied. Constitutional Law ⇐ 4138(2)

Taxpayer, which fully complied with Property Tax Code in contesting property appraisal, was deprived of due process when county appraisal review board failed to hear protest. U.S.C.A. Const.Amends. Harris County Appraisal Review Bd. v. General Elec. Corp. (App. 14 Dist. 1991) 819 S.W.2d 915, writ denied. Constitutional Law ⇐ 4138(2); Taxation ⇐ 2667

**Unequal appraisal, generally**

For purpose of determining whether action is of type involving protest of excessive appraisal which would justify award of attorney fees, protest of excessive appraisal or of unequal appraisal is separate and distinct from action protesting determination that property does not qualify for appraisal. Dallas Cent. Appraisal Dist. v. Seven Inv. Co.

476

(Sup. 1992) 835 S.W.2d 75, rehearing overruled. Taxation ⟺ 2699(11)

**Ownership of property**

Property owner was not required to protest taxes assessed prior to adoption of administrative procedure of protest in order to preserve defense of nonownership. Robstown Independent School Dist. v. Anderson (Sup. 1986) 706 S.W.2d 952. Taxation ⟺ 2853

Property owner who failed to protest before appraisal review board determination that he was owner of property was precluded from raising nonownership in defense to suit to enforce collection of delinquent taxes. Robstown Independent School Dist. v. Anderson (Sup. 1986) 706 S.W.2d 952. Taxation ⟺ 2853

Property owner could not challenge in district court valuation of property during prior year in which she did not own the property, simply on ground that she did not own the property at the time; adequate procedures existed by which owner of the property during time in question could have protested its valuation, and subsequent property owner could have proceeded with any protest previous owner initiated, but later collateral attack on determination of appraisal review board is impermissible. Hood v. Hays County (App. 3 Dist. 1992) 836 S.W.2d 327. Taxation ⟺ 2650

Taxpayer exhausted its administrative remedies by protesting to appraisal review board the personal property tax assessed on vehicles that taxpayer claimed not to own, and thus, taxpayer could raise defense of non-ownership in district court action to collect delinquent taxes, even though taxpayer only protested one year and taxes were assessed in subsequent years, where letter to board was protest of the determination of tax, and the same vehicles were taxed in subsequent years as noted in the initial protest letter. City of Pharr Boarder to Boarder Trucking, Svc., Inc. (App. 13 Dist. 2002) 76 S.W.3d 803, review denied. Taxation ⟺ 2853

**Failure to protest**

Owner of property that was previously granted open space exemption received sufficient notice of requirement that he file new application for that exemption and was required to follow procedural requirements of Chapter 41, Subchapter C for filing protest of appraisal; notices were sent by first class mail to what property owner acknowledged to be his correct address and were not returned by postal service, and property owner informed him of deadline for filing protest. Peil v. Waller County Appraisal Dist. (App. 14 Dist. 1987) 737 S.W.2d 33. Taxation ⟺ 2473

County appraisal review board officially announced its quasi-judicial determination of appraisal roll by determining in good faith that proposed values were correct and by approving appraisal record, and, thus, where owner of gas wells did not notify review board of any discrepancy during designated protest period, review board correctly

determined appraisal roll. Matagorda County Appraisal Dist. v. Conquest Exploration Co. (App. 13 Dist. 1990) 788 S.W.2d 687. Taxation ⟺ 2678

Owner of gas wells received actual notice of proposed appraisal values and had ample time to protest any discrepancies within allotted period, and, thus, by failing to protest to appraisal district or appraisal review board, owner waived remedies available in this subchapter governing operation of appraisal district and review board. Matagorda County Appraisal Dist. v. Conquest Exploration Co. (App. 13 Dist. 1990) 788 S.W.2d 687. Taxation ⟺ 2652

Taxpayer waived any complaint about manner in which taxing authorities determined that it was party responsible for delinquent property taxes on mobile homes by failing to utilize administrative protest procedure for complaining of appraisal district's procedures. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Administrative Law And Procedure ⟺ 229; Taxation ⟺ 2667

Failure of appraisal district to give landowner written notice that new application is required for agricultural use exemption, accompanied by application form, does not absolve landowner of failure to protest. Harris County Appraisal Dist. v. Dincans (App. 14 Dist. 1994) 882 S.W.2d 75, rehearing denied, writ denied. Taxation ⟺ 2367

Taxpayer waived its right to an interstate allocation for tax years 1996 and 1997 for commercial airplane that was based in state, but spent a large portion of time out of state, when taxpayer failed to timely file a protest under statute governing a taxpayer's right to protest. Kellair Aviation Co. v. Travis Cent. Appraisal Dist. (App. 3 Dist. 2003) 99 S.W.3d 704, review denied, rehearing of petition for review denied. Taxation ⟺ 2642

**Denial of exemption**

In taxing unit's action against church for unpaid property taxes, church had no right to assert, and trial court had no right to consider, church's claim of entitlement to exemption based on using property primarily for religious worship, since Property Tax Code provided separate procedure to contest denial of application for exemption. St. Joseph Orthodox Christian Church v. Spring Branch Independent School Dist. (App. 14 Dist. 2003) 110 S.W.3d 477. Taxation ⟺ 2853

**Remedies—In general**

Property Tax Code remedies of administrative and judicial review [V.T.C.A., Tax Code § 41.41 et seq.] are property owner's exclusive remedies when he is unsatisfied with his property appraisal or any other aspect of ad valorem property tax falling within grounds of protest allowed him under the V.T.C.A., Tax Code § 41.41, specifying grounds for protest. Valero Transmission Co. v. Hays Consol. Independent School Dist. (App. 3 Dist. 1985) 704 S.W.2d 857, ref. n.r.e.. Taxation ⟺ 2642

Protest challenging denial of refund is not exclusive remedy for denial of refund of property tax.

Brooks County Cent. Appraisal Dist. v. Tipperary Energy Corp. (App. 4 Dist. 1992) 847 S.W.2d 592. Taxation ⬩ 2781

Remedy for alleged erroneous appraisal of two tracts of land at full market value rather than as agricultural land was to lodge protest. Harris County Appraisal Dist. v. Dincans (App. 14 Dist. 1994) 882 S.W.2d 75, rehearing denied, writ denied. Taxation ⬩ 2667

—— *Exhaustion of administrative remedies*

Owner of producing gas wells neither contacted nor protested to county appraisal district or county appraisal review board within designated complaint period after receiving notice of proposed appraisal values which used different working interest percentage for one well from percentage property owner rendered, and, thus, owner failed to exhaust its administrative remedies available for correcting errors in appraisal records before they were approved by review board, as necessary to seek review of issue in district court. Matagorda County Appraisal Dist. v. Conquest Exploration Co. (App. 13 Dist. 1990) 788 S.W.2d 687. Taxation ⬩ 2698

Taxpayer was not entitled to mandamus relief requiring county appraisal review board to review appraised value for taxation of property of another taxpayer, to ensure equality and uniformity, where taxpayer failed to exhaust remedies before the board regarding unequal appraisal of his property, and then appeal any unfavorable ruling of board to the district court. Watson v. Robertson County Appraisal Review Bd. (App. 10 Dist. 1990) 795 S.W.2d 307. Taxation ⬩ 2667

Court of Appeals, after affirming judgment against taxpayer on ground that taxpayer failed to exhaust administrative procedures, should not have awarded damages to taxing authorities; taxpayer had at least an arguable basis for refusing to follow Tax Code provisions, and its brief was well-researched and raised several arguable points of error. General Elec. Credit Corp. v. Midland Cent. Appraisal Dist. (Sup. 1991) 826 S.W.2d 124, rehearing overruled. Costs ⬩ 260(5)

Taxpayer's real property was not entitled to open-space land designation for tax assessment purposes for years in which taxpayer failed to exhaust its administrative remedies, even though taxpayer followed administrative procedures for applying for open-space land designation and for protesting denial of that application in other tax years. Henderson County Appraisal Dist. v. HL Farm Corp. (App. 11 Dist. 1997) 956 S.W.2d 672. Taxation ⬩ 2640

Taxpayer's failure to exhaust his administrative remedies by filing protest of appraised value before Appraisal Review Board within 30 days of receiving notice of change in appraised value precluded judicial review of appraisal. Escamilla v. City of Laredo (App. 4 Dist. 1999) 9 S.W.3d 416, petition for review denied. Taxation ⬩ 2640

Taxpayers were not excused from exhausting their administrative remedies, before seeking judicial review of increase by appraisal district and

appraisal review board of taxes on taxpayers' real property after taxpayers filed amnesty rendition declaring personal property omitted from appraisal roll, on ground that questions they raised in challenge to tax increase were pure questions of law as Legislature had given the taxing authorities exclusive jurisdiction to interpret and act under the amnesty provision, to hear disputes about the appraised value of taxpayers' property, and to determine whether taxpayers had been provided with the required notices of the increases in taxes, and thus taxpayers could not collaterally attack decisions of taxing authorities on such ground. MAG-T, L.P. v. Travis Cent. Appraisal Dist. (App. 3 Dist. 2005) 161 S.W.3d 617, rehearing overruled, review denied. Taxation ⬩ 2640

Appraisal district, appraisal review board and tax assessor-collector did not act outside of their statutory authority when they increased taxes for current tax year on taxpayers' real property after appraisal roll had been certified, such that taxpayers were excused from exhausting their administrative remedies before seeking judicial review in real property tax protest proceeding, as increase occurred after taxpayers filed amnesty renditions declaring personal property omitted from appraisal roll, statute authorized additions to the appraisal roll for previously omitted property, statute encouraging amnesty renditions did not repeal taxing authorities' power to include previously omitted personal property for current tax year, and under Tax Code taxpayers could have administratively challenged delinquency date placed on additional taxes owed. MAG-T, L.P. v. Travis Cent. Appraisal Dist. (App. 3 Dist. 2005) 161 S.W.3d 617, rehearing overruled, review denied. Taxation ⬩ 2640; Taxation ⬩ 2640

Trial court had subject matter jurisdiction over action that taxpayer brought against appraisal district seeking to recover refund of penalties, fees and interest allegedly imposed on its property, although appraisal district argued that since property tax code remedies were exclusive, lack of administrative remedy for tax office's failure to provide required notice precluded court from exercising jurisdiction, basis of taxpayer's action was not a ground of protest contained in property tax code, and thus, exclusivity provision of section of code governing remedies did not preclude court from exercising jurisdiction. Dallas Cent. Appraisal Dist. v. 1420 Viceroy Ltd. Partnership (App. 5 Dist. 2005) 180 S.W.3d 267, rehearing overruled. Taxation ⬩ 2784; Taxation ⬩ 2278

Letter from taxpayers showing they had requested a hearing with appraisal district before review was insufficient to show they had exhausted administrative remedies for their tax appeal protest as required by the Tax Code, and therefore, judicial review of assessed value of their property was precluded and taxpayers were precluded from using their protest as a defense to school district's delinquent tax collection against them. Nevada Gold & Silver, Inc. v. Andrews Independent School Dist. (App. 8 Dist. 2007) 225 S.W.3d 68. Taxation ⬩ 2698

478

REMEDIES                                                              § 41.411

Taxpayer failed to exhaust its administrative remedies in protesting appraised value of property, which deprived trial court of jurisdiction in taxpayer's action alleging appraisal district and taxing authorities improperly terminated tax abatement agreement and unlawfully collected property taxes, even though taxpayer claimed that it did not receive timely notice of cancellation of abatement agreement; taxpayer failed to make required written protest of appraisal or protest of failure to receive timely notice with appraisal review board, taxpayer knew it had not received proper notice prior to delinquency date, and taxpayer failed to pursue its right to hearing by making written protest. ABT Galveston Ltd. Partnership v. Galveston Central Appraisal Dist. (App. 1 Dist. 2004) 137 S.W.3d 146. Taxation �填 2640; Taxation ⚬ 2698

Community housing development failed to exhaust its administrative remedies before seeking judicial review of County Appraisal District's denial of its application for tax exemption, and thus trial court did not have jurisdiction over matter, even though District had provided development with wrong exemption application, where development did not file a notice of protest within 30 days after receiving notice of the District's decision, and claim that District provided wrong application could have been made during protest proceedings. Foundation of Hope, Inc. v. San Patricio County Appraisal Dist. (App. 13 Dist. 2003) 2003 WL 22097779, Unreported. Taxation ⚬ 2381

Review

Taxpayer was not entitled to hearing before the county appraisal review board after chief appraiser denied motion to change appraisal rolls; the appraiser's decision pursuant to statute allowing it to make a change that does not increase the amount of tax liability was final and not subject to review. Western Athletic Clubs, Inc. v. Harris Cty. Appraisal Dist. (App. 7 Dist. 2001) 56 S.W.3d 269. Taxation ⚬ 2603; Taxation ⚬ 2649

Personal property owners could seek district court review of appraisal district's denial of their protest under section of tax code allowing motion to change the appraisal roll to correct an error that resulted in an appraised value that allegedly exceeded by more than one-third the correct appraised value of their property; tax code section allowing judicial review did not restrict such review to protests under different section covering excessive appraisal challenges filed within 30 days of receipt of notice of appraised value. Benson Chevrolet, Inc. v. Bexar Appraisal Dist. (App. 4 Dist. 2007) 2007 WL 2316447. Taxation ⚬ 2695

Waiver

Taxpayer waived lack of notice of cancellation of pollution control ad valorem tax exemption by filing protest of loss of exemption, and voluntarily appearing before appraisal review board. Harris County Appraisal Dist. v. Pasadena Property, LP (App. 11 Dist. 2006) 197 S.W.3d 402, review denied. Taxation ⚬ 2308

## § 41.411.  Protest of Failure to Give Notice

(a) A property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled.

(b) If failure to provide or deliver the notice is established, the appraisal review board shall determine a protest made by the property owner on any other grounds of protest authorized by this title relating to the property to which the notice applies.

(c) A property owner who protests as provided by this section must comply with the payment requirements of Section 42.08 or the property owner forfeits the property owner's right to a final determination of the protest. The delinquency date for purposes of Section 42.08(b) for the taxes on the property subject to a protest under this section is postponed to the 125th day after the date that one or more taxing units first delivered written notice of the taxes due on the property, as determined by the appraisal review board at a hearing under Section 41.44(c–3).

Added by Acts 1985, 69th Leg., ch. 504, § 1, eff. June 12, 1985. Amended by Acts 2007, 80th Leg., ch. 1006, § 4(a), eff. Jan. 1, 2008.

### Cross References:

Deadline for filing protest, see V.T.C.A., Tax Code § 41.44(c).

Exclusivity of remedies, see V.T.C.A., Tax Code § 42.09.

Notice canceling exemption, see V.T.C.A., Tax Code § 11.43(h).

Notice of annual application for agricultural land designation, see V.T.C.A., Tax Code § 23.43(e).

Notice of annual exemption application, see V.T.C.A., Tax Code § 11.44(a).

Notice of appraised value, see V.T.C.A., Tax Code § 25.19.

Notice of decision on report of decreased value, see V.T.C.A., Tax Code § 22.03(c).

Notice of denial for recreational, park, and scenic land valuation, see V.T.C.A., Tax Code § 23.85(d).

Notice of denial for timber land valuation, see V.T.C.A., Tax Code § 23.79(d).

479

hearing. If the property owner fails to meet that standard, the protest shall be determined in favor of the appraisal district.

Acts 1979, 66th Leg., p. 2305, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 170, ch. 13, § 137, eff. Jan. 1, 1982; Acts 1983, 68th Leg., p. 4924, ch. 877, § 2, eff. Jan. 1, 1984; Acts 1985, 69th Leg., ch. 823, § 3, eff. Jan. 1, 1986; Acts 1989, 71st Leg., ch. 796, § 35, eff. Sept. 1, 1989; Acts 1997, 75th Leg., ch. 1039, § 37, eff. Jan. 1, 1998; Acts 2003, 78th Leg., ch. 1041, § 2, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1173, § 11, eff. Jan. 1, 2004; Acts 2007, 80th Leg., ch. 1085, § 1, eff. Sept. 1, 2007.

### Cross References

Appeal based on unequal appraisal, see V.T.C.A., Tax Code § 42.26.

Median level of appraisal, see V.T.C.A., Tax Code § 1.12.

### Notes of Decisions

**Due process**

Property Tax Code, by its detailed provisions, including right of protest, notice of hearing, hearing on protest, determination of protest, notice of appeal, and petition for review, meets requirement of due process; thus, § 42.09 which provided that remedies were exclusive did not arbitrarily deprive taxpayer of his right to show in defense of action that taxes assessed were not equal and uniform, that value of his property was not ascertained as provided by law, and that value assessed was in excess of real value. Brooks v. Bachus (App. 11 Dist. 1983) 661 S.W.2d 288, ref. n.r.e.. Taxation ☞ 2640; Taxation ☞ 2641

**Exhaustion of administrative remedies**

Letter from taxpayers showing they had requested a hearing with appraisal district board of review was insufficient to show they had exhausted administrative remedies for their tax appraisal protest as required by the Tax Code, and therefore, judicial review of assessed value of subject property was precluded and taxpayers were precluded from using their protest as a defense to school district's delinquent tax collection suit against them. Nevada Gold & Silver, Inc. v. Andrews Independent School Dist. (App. 8 Dist. 2005) 225 S.W.3d 68. Taxation ☞ 2698

### § 41.44.  Notice of Protest

(a) Except as provided by Subsections (b), (b–1), (c), (c–1), and (c–2), to be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the appraisal review board having authority to hear the matter protested:

(1) before May 1 or not later than the 30th day after the date that notice to the property owner was delivered to the property owner as provided by Section 25.19, if the property is a single-family residence that qualifies for an exemption under Section 11.13, whichever is later;

(2) before June 1 or not later than the 30th day after the date that notice was delivered to the property owner as provided by Section 25.19 in connection with any other property, whichever is later;

(3) in the case of a protest of a change in the appraisal records ordered as provided by Subchapter A of this chapter or by Chapter 25, not later than the 30th day after the date notice of the change is delivered to the property owner; or

(4) in the case of a determination that a change in the use of land appraised under Subchapter C, D, E, or H, Chapter 23,[1] has occurred, not later than the 30th day after the date the notice of the determination is delivered to the property owner.

(b) A property owner who files his notice of protest after the deadline prescribed by Subsection (a) of this section but before the appraisal review board approves the appraisal records is entitled to a hearing and determination of the protest if he shows good cause as determined by the board for failure to file the notice on time.

(b–1) Notwithstanding Subsection (a)(1), an owner of property described by that subsection who files a notice of protest after the deadline prescribed by that subsection but before the appraisal review board approves the appraisal records is entitled to a hearing and determination of the protest if the property owner files the notice before June 1.

(c) A property owner who files notice of a protest authorized by Section 41.411 is entitled to a hearing and determination of the protest if the property owner files the notice prior to the date the taxes on the property to which the notice applies become delinquent. An owner

485

of land who files a notice of protest under Subsection (a)(4) is entitled to a hearing and determination of the protest without regard to whether the appraisal records are approved.

(c–1) A property owner who files a notice of protest after the deadline prescribed by Subsection (a) but before the taxes on the property to which the notice applies become delinquent is entitled to a hearing and determination of the protest if the property owner was continuously employed in the Gulf of Mexico, including employment on an offshore drilling or production facility or on a vessel, for a period of not less than 20 days during which the deadline prescribed by Subsection (a) passed, and the property owner provides the appraisal review board with evidence of that fact through submission of a letter from the property owner's employer or supervisor or, if the property owner is self-employed, a sworn affidavit.

. (c–2) A property owner who files a notice of protest after the deadline prescribed by Subsection (a) but before the taxes on the property to which the notice applies become delinquent is entitled to a hearing and determination of the protest if the property owner was serving on full-time active duty in the United States armed forces outside the United States on the day on which the deadline prescribed by Subsection (a) passed and the property owner provides the appraisal review board with evidence of that fact through submission of a valid military identification card from the United States Department of Defense and a deployment order.

(c–3) Notwithstanding Subsection (c), a property owner who files a protest under Section 41.411 on or after the date the taxes on the property to which the notice applies become delinquent, but not later than the 125th day after the property owner, in the protest filed, claims to have first received written notice of the taxes in question, is entitled to a hearing solely on the issue of whether one or more taxing units timely delivered a tax bill. If at the hearing the appraisal review board determines that all of the taxing units failed to timely deliver a tax bill, the board shall determine the date on which at least one taxing unit first delivered written notice of the taxes in question, and for the purposes of this section the delinquency date is postponed to the 125th day after that date.

(d) A notice of protest is sufficient if it identifies the protesting property owner, including a person claiming an ownership interest in the property even if that person is not listed on the appraisal records as an owner of the property, identifies the property that is the subject of the protest, and indicates apparent dissatisfaction with some determination of the appraisal office. The notice need not be on an official form, but the comptroller shall prescribe a form that provides for more detail about the nature of the protest. The form must permit a property owner to include each property in the appraisal district that is the subject of a protest. The comptroller, each appraisal office, and each appraisal review board shall make the forms readily available and deliver one to a property owner on request.

Acts 1979, 66th Leg., p. 2306, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 170, ch. 13, § 137, eff. Jan. 1, 1982; Acts 1983, 68th Leg., p. 4945, ch. 884, § 1, eff. Jan. 1, 1984; Acts 1985, 69th Leg., ch. 504, § 2, eff. June 12, 1985; Acts 1987, 70th Leg., ch. 185, § 3, eff. Jan. 1, 1988; Acts 1989, 71st Leg., ch. 796, § 36, eff. Sept. 1, 1989; Acts 1991, 72nd Leg., ch. 836, § 1.4, eff. Sept. 1, 1991; Acts 1991, 72nd Leg., 2nd C.S., ch. 6, § 50, eff. Sept. 1, 1991; Acts 1999, 76th Leg., ch. 631, § 12, eff. Sept. 1, 1999; Acts 2005, 79th Leg., ch. 829, § 1, eff. Jan. 1, 2006; Acts 2007, 80th Leg., ch. 1106, §§ 4(b), 5, eff. Jan. 1, 2008.

1 V.T.C.A., Tax Code § 23.41 et seq., § 23.51 et seq., § 23.71 et seq., or § 23.9801 et seq.

## Cross References:

Delinquency date, see V.T.C.A., Tax Code §§ 31.02 & 31.04.

Delivery date for § 25.19 notice is mailing date, see V.T.C.A., Tax Code § 1.07.

Exclusivity of remedies, see V.T.C.A., Tax Code § 42.09.

Notice of change in appraisal records affecting tax liability, see V.T.C.A., Tax Code § 41.11.

Notice of increase in appraised value, see V.T.C.A., Tax Code § 25.19.

Representative of property owner, see V.T.C.A., Tax Code § 1.111.

Timeliness of action by mail, see V.T.C.A., Tax Code § 1.08.

Model form for notice of protest, see 34 TAC § 9.801.

REMEDIES                                                        § 41.44

Notes of Decisions

**Construction with other laws**

Taxpayer was not entitled to retroactive interstate allocation of valuation of airplanes after expiration of the statutory to protest valuations; even though the taxpayer claimed that its aircraft did not exist in the form or at the location described in the appraisal roll for the entire duration of the taxable year, the statute permitting correction of errors in appraisal rolls, if the property does not exist in the form or at the location described in the appraisal roll, permits correction of the appraisal roll only when it erroneously reflects that a particular form of property exists at a specified location and, in fact, no such property exists at that location. WB Summit Properties, Inc. v. Midland Cent. Appraisal Dist. (App. 8 Dist. 2003) 122 S.W.3d 374, review denied. Taxation ⇐ 2603

**Duty to notify**

Chief appraiser was under duty to notify taxpayer of reason for cancellation of tax abatement agreement with school district so that proper protest, if required, could be made by taxpayer to Appraisal Review Board. Fina Oil and Chemical Co. v. Port Neches I.S.D. (App. 9 Dist. 1993) 861 S.W.2d 3, rehearing denied, writ denied, rehearing of writ of error overruled. Schools ⇐ 111

Community housing development failed to exhaust its administrative remedies before seeking judicial review of County Appraisal District's denial of its application for tax exemption, and thus trial court did not have jurisdiction over matter, even though District had provided development with wrong exemption application, where development did not file a notice of protest within 30 days after receiving notice of the District's decision, and claim that District provided wrong application could have been made during protest proceedings. Foundation of Hope, Inc. v. San Patricio County Appraisal Dist. (App. 13 Dist. 2003) 2003 WL 22097779, Unreported. Taxation ⇐ 2381

**Time of notice**

Failure to authorize hearing for owner after foreclosure to protest appraisal of property deprived owner of property without due process; owner first received notice of appraised value when it received tax statements approximately three months after appraisal records were submitted to review board; owner's subsequent, written notice to challenge appraisal was untimely; and since board approved appraisal records on date that they were submitted, owner was precluded from filing any late notice of protest. Bank of America Nat. Trust & Sav. Ass'n v. Dallas Cent. Appraisal Dist. (App. 5 Dist. 1988) 765 S.W.2d 451, writ denied. Constitutional Law ⇐ 4138(3); Taxation ⇐ 2901

Notice of protest to paying tax on bank stock, which bank did not file until almost a year after it had paid taxes, was untimely and did not preserve bank's right to challenge ownership of stock. First Bank of Deer Park v. Harris County (App. 1 Dist. 1991) 804 S.W.2d 588. Taxation ⇐ 2696

Notice which bank filed with tax assessor and collector contesting taxation of stock because federal obligations were considered in computing tax did not preserve bank's right to challenge ownership of stock. First Bank of Deer Park v. Harris County (App. 1 Dist. 1991) 804 S.W.2d 588. Taxation ⇐ 2696

Landowner's claims concerning property taxes were not ripe, where notices of appraised value were not yet due. City of Fort Worth v. Pastusek Industries, Inc. (App. 2 Dist. 2001) 48 S.W.3d 366. Taxation ⇐ 2695

Taxpayer's failure to timely protest appraisal district's alleged lack of notice of appraised value of aircraft precluded taxpayer from obtaining judicial review of appraisal district's tax assessment for aircraft; protest procedure set forth in statute entitling property owner to protest lack of notice was taxpayer's exclusive remedy for contesting appraisal district's failure to provide it with notice of appraised value, and since taxpayer's notice of protest was not filed prior to date taxes would have become delinquent as required by statute, taxpayer forfeited its right to a final determination of its protest. Denton Central Appraisal Dist. v. CIT Leasing Corp. (App. 2 Dist. 2003) 115 S.W.3d 261, review denied, rehearing of petition for review denied, certiorari denied 125 S.Ct. 106, 543 U.S. 869, 160 L.Ed.2d 115. Taxation ⇐ 2640

Taxpayer, that appealed from assessment of past-due ad valorem property taxes, failed to comply with statutory requirements to obtain a hearing, and thus, taxpayer forfeited its protest rights under tax code; in order to obtain hearing on its failure to receive notice and final determination of its protest, taxpayer was required, before date taxes became delinquent, to file notice of protest and pay lesser of taxes due or undisputed portion of taxes due, taxpayer did not comply with either prerequisite, and taxpayer's failure to comply with prerequisites forfeited its right to final determination of its protest. Dan's Big & Tall Shop, Inc. v. County of Dallas (App. 5 Dist. 2005) 160 S.W.3d 307, review denied. Taxation ⇐ 2697; Taxation ⇐ 2640

**Form of notice**

Taxpayer's letter to appraisal district, in response to most recent annual appraisal of property, which stated that taxpayer was "disagreeing with the Appraised Value" of the property, constituted a notice of protest under Tax Code. Burnet County Appraisal Dist. v. J.M. Huber Corp., Calcium Carbonate Div. (App. 3 Dist. 1991) 808 S.W.2d 613, writ denied. Taxation ⇐ 2671

Notice of protest of assessed valuation of property was valid even though addressed to appraisal district rather than review board; at location in question district and board shared same office and clerical personnel. Burnet County Appraisal Dist. v. J.M. Huber Corp., Calcium Carbonate Div. (App. 3 Dist. 1991) 808 S.W.2d 613, writ denied. Taxation ⇐ 2671

§ 41.44                                                        PROPERTY TAX CODE

Letter to tax officials stating that taxpayers wished to meet to discuss state property tax assessments did not qualify as a notice of protest under Texas law, so as to satisfy requirement under Tax Injunction Act (TIA) that available state remedies be exhausted prior to bringing federal lawsuit. Clark v. Andrews County Appraisal Dist., C.A.5 (Tex.)2007, 2007 WL 1112668, Unreported. Federal Courts ⟺ 27

**Actual notice**

Although taxpayer failed to deliver formal instrument entitled "notice of protest" to taxing authority challenging appraisal for 1985, taxpayer's suit challenging identical appraisal for 1984, which suit was pending at time notice of protest was due for 1985, gave county appraisal district notice of apparent dissatisfaction with 1985 appraisal, and thus, taxpayer satisfied notice of protest requirement under this section; if board wished to address 1985 tax year separately, board could have required rendition or sent notice of appraised value. Estepp v. Miller (App. 3 Dist. 1987) 731 S.W.2d 677, ref. n.r.e.. Taxation ⟺ 2781

**Appearance**

As a prerequisite to appeal to the district court, a taxpayer contesting property evaluation is required to appear at the protest hearing either personally, by representative, or by affidavit. Aramco Associated Co. v. Harris County Appraisal Dist. (App. 6 Dist. 2000) 33 S.W.3d 361, review denied, rehearing of petition for review denied. Taxation ⟺ 2695

Owner of aircraft waived right to appeal protest of ad valorem tax imposed on aircraft for two tax years, even though owner filed written protest with appraisal review board, where owner failed to appear at hearing and appeals were dismissed. Aramco Associated Co. v. Harris County Appraisal Dist. (App. 6 Dist. 2000) 33 S.W.3d 361, review denied, rehearing of petition for review denied. Taxation ⟺ 2695

Letter from taxpayers showing they had requested a hearing with appraisal district board of review was insufficient to show they had exhausted administrative remedies for their tax appraisal protest as required by the Tax Code, and therefore, judicial review of assessed value of subject property was precluded and taxpayers were precluded from using their protest as a defense to school district's delinquent tax collection suit against them. Nevada Gold & Silver, Inc. v. Andrews Independent School Dist. (App. 8 Dist. 2005) 225 S.W.3d 68. Taxation ⟺ 2698

**Trial court jurisdiction**

Trial court lacked jurisdiction over taxpayers' challenge to denial of open space land designation for 1983 and 1984 tax years, where taxpayers failed to exhaust their administrative remedies. Dallas Cent. Appraisal Dist. v. Seven Inv. Co. (App. 5 Dist. 1991) 813 S.W.2d 197, writ granted, reversed 835 S.W.2d 75, rehearing overruled. Administrative Law And Procedure ⟺ 229; Taxation ⟺ 2698

Trial court had jurisdiction over taxpayers' petition for review of county appraisal review board's (ARB's) order denying qualified agricultural-use valuation of taxpayers' property, although county appraisal district and ARB argued that trial court lacked jurisdiction because taxpayers failed to timely apply for favorable valuation and failed to timely protest their failure to receive favorable valuation, where appraisal district and ARB allowed taxpayers to file application and protest, which led to taxpayers' obtaining order of ARB, and such order was the only prerequisite for judicial review, and taxpayers timely appealed from that order. Cooke County Tax Appraisal Dist. v. Teel (App. 2 Dist. 2003) 2003 WL 22305841, withdrawn and superseded on denial of rehearing 129 S.W.3d 724. Taxation ⟺ 493.4

Taxpayer seeking interstate allocation of property taxes on airplanes for prior tax years timely filed its original petition within forty-five days of appraisal review board's ruling on protest, and the trial court thus had jurisdiction to hear the allocation challenge, even though the deadlines to protest appraisals had expired. WB Summit Properties, Inc. v. Midland Cent. Appraisal Dist. (App. 8 Dist. 2003) 122 S.W.3d 374, review denied. Taxation ⟺ 2694

Trial court had jurisdiction over taxpayers' petition for review of county appraisal review board's (ARB) order denying qualified agricultural-use valuation of taxpayers' property, although county appraisal district and ARB argued that trial court lacked jurisdiction because taxpayers failed to timely apply for favorable valuation and failed to timely protest their failure to receive favorable valuation, where appraisal district and ARB allowed taxpayers to file application and protest, which led to taxpayers' obtaining order of ARB, and such order was the only prerequisite for judicial review, and taxpayers timely appealed from that order. Cooke County Tax Appraisal Dist. v. Teel (App. 2 Dist. 2004) 129 S.W.3d 724. Taxation ⟺ 2640; Taxation ⟺ 2696; Taxation ⟺ 2695

Taxpayer failed to exhaust its administrative remedies in protesting appraised value of property, which deprived trial court of jurisdiction in taxpayer's action alleging appraisal district and taxing authorities improperly terminated tax abatement agreement and unlawfully collected property taxes, even though taxpayer claimed that it did not receive timely notice of cancellation of abatement agreement; taxpayer failed to make required written protest of appraisal or protest of failure to receive timely notice with appraisal review board, taxpayer knew it had not received proper notice prior to delinquency date, and taxpayer failed to pursue its right to hearing by making written protest. ABT Galveston Ltd. Partnership v. Galveston Central Appraisal Dist. (App. 1 Dist. 2004) 137 S.W.3d 146. Taxation ⟺ 2640; Taxation ⟺ 2698

**Actions and proceedings**

Unregistered foreign limited partnership's challenge to appraisal district's ad valorem assess-

488

REMEDIES                                                                                    § 41.45

ments on underground storage facilities was defense of action initiated by appraisal district rather than attempt to "maintain a suit," which partnership could not do because it had not registered with secretary of state; although partnership was titular plaintiff, its posture was more accurately be described as that of defendant because there was no other way it could "defend" against what it considered to be excessive appraisal. Harris County Appraisal Dist. v. Coastal Liquids Transp., L.P. (App. 1 Dist. 1999) 7 S.W.3d 183, review granted, affirmed in part, reversed in part 46 S.W.3d 880, rehearing overruled. Partnership ⟨= 375

An appraisal review board lacks authority before a property owner has filed a written notice of protest to schedule a hearing on a property tax appraisal protest and to notify the property owner about the hearing time. Op.Atty.Gen. 2005, No. GA-0311.

**Exhaustion of administrative remedies**

Letter from taxpayers showing they had requested a hearing with appraisal district board of review was insufficient to show they had exhausted administrative remedies for their tax appraisal protest as required by the Tax Code, and therefore, judicial review of assessed value of subject property was precluded and taxpayers were precluded from using their protest as a defense to school district's delinquent tax collection suit against them. Nevada Gold & Silver, Inc. v. Andrews Independent School Dist. (App. 8 Dist. 2005) 225 S.W.3d 68. Taxation ⟨= 2698

## § 41.45.  Hearing on Protest

(a) On the filing of a notice as required by Section 41.44, the appraisal review board shall schedule a hearing on the protest.  If more than one protest is filed relating to the same property, the appraisal review board shall schedule a single hearing on all timely filed protests relating to the property. A hearing for a property that is owned in undivided or fractional interests, including separate interests in a mineral in place, shall be scheduled to provide for participation by all owners who have timely filed a protest.

(b) The property owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument.  The property owner may offer his evidence or argument by affidavit without personally appearing if he attests to the affidavit before an officer authorized to administer oaths and submits the affidavit to the board hearing the protest before it begins the hearing on the protest.  On receipt of an affidavit, the board shall notify the chief appraiser.  The chief appraiser may inspect the affidavit and is entitled to a copy on request.

(c) The chief appraiser shall appear at each protest hearing before the appraisal review board to represent the appraisal office.

(d) An appraisal review board consisting of more than three members may sit in panels of not fewer than three members to conduct protest hearings.  However, the determination of a protest heard by a panel must be made by the board.  If the recommendation of a panel is not accepted by the board, the board may refer the matter for rehearing to a panel composed of members who did not hear the original hearing or, if there are not at least three members who did not hear the original protest, the board may determine the protest.  Before determining a protest or conducting a rehearing before a new panel or the board, the board shall deliver notice of the hearing or meeting to determine the protest in accordance with the provisions of this subchapter.

(e) On request made to the appraisal review board before the date of the hearing, a property owner who has not designated an agent under Section 1.111 to represent the owner at the hearing is entitled to one postponement of the hearing to a later date without showing cause.  In addition and without limitation as to the number of postponements, the board shall postpone the hearing to a later date if the property owner or the owner's agent at any time shows reasonable cause for the postponement or if the chief appraiser consents to the postponement.  The hearing may not be postponed to a date less than five or more than 30 days after the date scheduled for the hearing when the postponement is sought unless the date and time of the hearing as postponed are agreed to by the appraisal review board, the property owner, and the chief appraiser.  A request by a property owner for a postponement under this subsection may be made in writing, including by facsimile transmission or electronic mail, by telephone, or in person to the appraisal review board, a panel of the board, or the chairman of the board.  The chairman or the chairman's representative may grant, but may not deny, a postponement under this subsection without the necessity of action by the full board.  The granting by the appraisal review board, the chairman, or the chairman's representative of a postponement under this subsection does not require the delivery of additional written notice to the property owner.

489

...y owner's right to protest and appeal, ...C.A., Tax Code § 42.01.

Suit to collect delinquent taxes, see V.T.C.A., Tax Code § 33.41.

## Notes of Decisions

...ty Tax Code, by its detailed provisions, ...ing right of protest, notice of hearing, hear... on protest, determination of protest, notice of ...eal and petition for review, meets requirement ...due process; thus, § 42.09 which provided that ...edies were exclusive did not arbitrarily deprive ...payer of his right to show in defense of action ...taxes assessed were not equal and uniform, ...he value of his property was not ascertained as ...vided by law, and that value assessed was in ...ess of real value. Brooks v. Bachus (App. 11 ...st. 1983) 661 S.W.2d 288, ref. n.r.e.. Taxation ...2640; Taxation ⟺ 2641

...x Code provisions [§§ 41.41 to 41.69 and 42.01 ...42.29] governing administrative and judicial re... of assessments made by taxing authorities ...are presumed to be constitutional. Texas Archi... Aggregate, Inc. v. Adams (App. 3 Dist. ...5) 690 S.W.2d 640. Constitutional Law ⟺ 1012

...Court of Appeals could not pass upon constitu...ionality of Tax Code provisions [§§ 41.41 to 41.69 ...42.01 to 42.29] governing administrative and ...dicial review of assessments made by taxing ...horities, as taxpayer had affirmatively availed ...self of administrative review proceeding chal...enging assessment. Texas Architectural Aggre...te, Inc. v. Adams (App. 3 Dist. 1985) 690 S.W.2d ...0. Taxation ⟺ 2699(7)

...This section complied with due process, insofar ...it gave taxpayers administrative hearings before ...appraisal review board. Graham v. Hutchinson ...unty Appraisal Review Bd. (App. 7 Dist. 1988) ...5 S.W.2d 592, writ denied. Constitutional Law ⟺ 4137; Taxation ⟺ 2641

...Substitution, under Property Tax Code, of com...rehensive procedures for administrative hearings ...ior to judicial review, for common law causes of ...tion challenging taxation does not violate open ...ourts requirement or constitute unreasonable de...al of access to courts; even though actions have ...en supplanted by Code, right to redress through ...courts has not been abrogated. General Elec. Credit Corp. v. Midland Cent. Appraisal Dist. ...App. 8 Dist. 1991) 808 S.W.2d 169, writ granted, ...firmed in part, reversed in part 826 S.W.2d 124, ...hearing overruled. Constitutional Law ⟺ 2314; ...Taxation ⟺ 2105

... Suit alleged that ad valorem taxation on travel ...trailers was unconstitutional, and thus, trailer own...ers were entitled to bring action, even if some ...owners failed to exhaust their administrative reme...dies. Rourk v. Cameron Appraisal Dist. (App. 13 ...Dist. 2004) 131 S.W.3d 285, review granted, re...versed 194 S.W.3d 501. Taxation ⟺ 2381

### Compliance with statute

To be entitled, and exercise the right, to defend against suit for delinquent taxes after passage of statute requiring party claiming exemption to apply to taxing agency, complaining landowner must follow procedures established in Tax Code because they are exclusive means for judicial review. Northwest Texas Conference of United Methodist Church v. Happy Independent School Dist. (App. 7 Dist. 1992) 839 S.W.2d 140. Taxation ⟺ 2367

Landowner's failure to pursue remedies established by Property Tax Code to protest inclusion of its property on appraisal records deprived court of jurisdiction to consider its defense. Northwest Texas Conference of United Methodist Church v. Happy Independent School Dist. (App. 7 Dist. 1992) 839 S.W.2d 140. Taxation ⟺ 2381

Where cause of action and remedy for its enforcement are derived not from common law but from statute, statutory provisions are mandatory and exclusive, and must be complied with in all respects or action is not maintainable. Gregg County Appraisal Dist. v. Laidlaw Waste Systems, Inc. (App. 12 Dist. 1995) 907 S.W.2d 12, rehearing overruled, writ denied, rehearing of writ of error overruled. Action ⟺ 35

Failure to follow procedures specified in tax appraisal review statute deprives trial court of jurisdiction. Henderson County Appraisal Dist. v. HL Farm Corp. (App. 11 Dist. 1997) 956 S.W.2d 672. Taxation ⟺ 2640

Statutory requirement that property owner be named in the petition challenging ad valorem tax assessment, to invoke district court's review jurisdiction, was not satisfied by naming of limited partner in owner, where there was no allegation of any effort to secure action by a general partner or of the reasons for not making the effort. Taufiq ex rel. Patrick O'Connor & Associates, Inc. v. Harris County Appraisal Dist. (App. 14 Dist. 1999) 6 S.W.3d 652. Taxation ⟺ 2699(3)

A taxpayer must meet specific and mandatory provisions of the tax code in order to challenge the amount of taxes assessed against a property; compliance with such provisions is a jurisdictional prerequisite to suit. Reed v. Prince (App. 6 Dist. 2006) 194 S.W.3d 101, review denied, rehearing of petition for review denied, certiorari denied 127 S.Ct. 1882, 167 L.Ed.2d 370. Taxation ⟺ 2697

### Failure to protest

Taxpayer's failure to follow procedures for protesting property valuation and recovery of property taxes paid under Tax Code § 11.02, which was allegedly unconstitutional, precluded such recovery. Texas Nat. Bank of Baytown v. Harris County (App. 14 Dist. 1988) 765 S.W.2d 823, writ

§ 42.09                                                PROPERTY TAX CODE

denied, rehearing of writ of error overruled. Taxation ⟨⇒ 2776

Taxpayer's failure to timely protest appraisal district's alleged lack of notice of appraised value of aircraft precluded taxpayer from obtaining judicial review of appraisal district's tax assessment for aircraft; protest procedure set forth in statute entitling property owner to protest lack of notice was taxpayer's exclusive remedy for contesting appraisal district's failure to provide it with notice of appraised value, and since taxpayer's notice of protest was not filed prior to date taxes would have become delinquent as required by statute, taxpayer forfeited its right to a final determination of its protest. Denton Central Appraisal Dist. v. CIT Leasing Corp. (App. 2 Dist. 2003) 115 S.W.3d 261, review denied, rehearing of petition for review denied, certiorari denied 125 S.Ct. 106, 543 U.S. 869, 160 L.Ed.2d 115. Taxation ⟨⇒ 2640

Trial court had subject matter jurisdiction over action that taxpayer brought against appraisal district seeking to recover refund of penalties, fees, and interest allegedly imposed on its property; although appraisal district argued that since property tax code remedies were exclusive, lack of administrative remedy for tax office's failure to provide required notice precluded court from exercising jurisdiction, basis of taxpayer's action was not a ground of protest contained in property tax code, and thus, exclusivity provision of section of code governing remedies did not preclude court from exercising jurisdiction. Dallas Cent. Appraisal Dist. v. 1420 Viceroy Ltd. Partnership (App. 5 Dist. 2005) 180 S.W.3d 267, rehearing overruled. Taxation ⟨⇒ 2784; Taxation ⟨⇒ 3220

Taxpayer waived any error as to trial court's reliance on tax statement naming third party as owner of property in action by taxing units to collect delinquent ad valorem taxes, where taxpayer failed to plead non-ownership of property as an affirmative defense, and did not object to admission of tax statement based on non-ownership. Williams v. County of Dallas (App. 5 Dist. 2006) 194 S.W.3d 29, rehearing overruled, review denied, rehearing of petition for review denied. Taxation ⟨⇒ 2362

Failure to exhaust the exclusive administrative remedies in a tax appraisal protest precludes judicial review of an appraisal and also deprives the property owner of the right to raise such protest as a defense against a suit to enforce collection of delinquent taxes. Nevada Gold & Silver, Inc. v. Andrews Independent School Dist. (App. 8 Dist. 2005) 225 S.W.3d 68. Taxation ⟨⇒ 2698

Secured parties

Taxpayer was not liable for delinquent property taxes on mobile homes in which it did not have security interest or that it did not possess as of January 1st of tax year in question. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Taxation ⟨⇒ 2189

Collection of taxes

Landowner's suit requesting that taxing authorities be precluded from collection of any taxes in violation of their express representations and disgorge all taxes collected in derogation of the representations was prohibited as a suit by a property owner to arrest or prevent the tax collection process. City of Fort Worth v. Pastusek Industries, Inc. (App. 2 Dist. 2001) 48 S.W.3d 366. Taxation ⟨⇒ 2642; Taxation ⟨⇒ 2712; Taxation ⟨⇒ 2713

Remedies, generally

Tax Code provides property owner with right to protest and enumerates what actions of appraisal review board owner may protest, including determination of appraised value of property; appraisal review board's decision on protest is reviewable in district court, but tax code remedies are exclusive. Hood v. Hays County (App. 3 Dist. 1992) 836 S.W.2d 327. Taxation ⟨⇒ 2642; Taxation ⟨⇒ 2692

Procedures described by Property Tax Code are only means by which landowners may challenge denial of exemption status. Northwest Texas Conference of United Methodist Church v. Happy Independent School Dist. (App. 7 Dist. 1992) 839 S.W.2d 140. Taxation ⟨⇒ 2367

Remedies and procedures prescribed by code for adjudication of grounds of tax protest authorized by code are exclusive. Scott v. Harris Methodist HEB (App. 2 Dist. 1994) 871 S.W.2d 548. Taxation ⟨⇒ 2709(2)

Tax Code provisions creating rights and remedies in property owners are mandatory and exclusive and must be complied with in all respects. Gregg County Appraisal Dist. v. Laidlaw Waste Systems, Inc. (App. 12 Dist. 1995) 907 S.W.2d 12, rehearing overruled, writ denied, rehearing of writ of error overruled. Taxation ⟨⇒ 2650

The Tax Code supplants a property owner's common-law rights to challenge an assessment on his property. Taufiq ex rel. Patrick O'Connor & Associates, Inc. v. Harris County Appraisal Dist. (App. 14 Dist. 1999) 6 S.W.3d 652. Taxation ⟨⇒ 2642

Jurisdiction

Application of exclusive remedies provision of Property Tax Code, to taxpayers who did not pursue administrative remedies provided by Tax Code, deprived trial court of subject-matter jurisdiction over taxpayers' action against taxing authorities seeking an equitable bill of review, declaratory judgment, and recoupment of alleged overpayment of property taxes; procedures prescribed by Tax Code for adjudication of grounds of protest were exclusive, and taxpayers' suit was not part of procedures prescribed by Tax Code. Houston Independent School Dist. v. 1615 Corp. (App. 14 Dist. 2006) 217 S.W.3d 631, rehearing overruled, petition stricken, review denied. Declaratory Judgment ⟨⇒ 44; Taxation ⟨⇒ 2785

Court of Appeals lacked jurisdiction over taxing authorities' claim that taxpayers failed to exhaust all of their administrative remedies, in interlocutory appeal by taxing authorities of trial court's

REMEDIES § 42.09

al of their motion for partial summary judg-
ment in taxpayers' declaratory judgment, recoup-
ment and equitable bill of review action, because
even if taxpayers had failed to exhaust their ad-
ministrative remedies such failure did not deprive
the trial court of subject-matter jurisdiction, and
Court of Appeals only had appellate jurisdiction
over taxing authorities' jurisdictional issues; tax-
payers were seeking to set aside and modify a
property tax judgment, and Property Tax Code
provision setting forth procedures for adjudicating
protests of property taxes did not strip trial courts
of jurisdiction to entertain independent suits seek-
ing to arrest or prevent the tax collection process
or to obtain a refund of taxes paid. Houston
Independent School Dist. v. 1615 Corp. (App. 14
Dist. 2005) 2005 WL 2787279, withdrawn and su-
perseded on rehearing 217 S.W.3d 631, rehearing
overruled, petition stricken, review denied. Taxa-
tion ⇐ 2927; Taxation ⇐ 2937

Property Tax Code provision setting forth proce-
dures for adjudicating protests of property taxes
did not strip trial courts of jurisdiction to entertain
independent suits seeking to arrest or prevent the
tax collection process or to obtain a refund of taxes
paid. Houston Independent School Dist. v. 1615
Corp. (App. 14 Dist. 2006) 2006 WL 2035569, with-
drawn and superseded on rehearing 217 S.W.3d
631, rehearing overruled, petition stricken, review
denied. Taxation ⇐ 2871

**Exhaustion of remedies**

Under Texas law, failure to follow exclusive rem-
edies set out in Tax Code for challenging adminis-
trative determination made by appraisal review
board precludes judicial review of underlying deci-
sion. In re El Tropicano, Inc., Bkrtcy.W.D.Tex.
1991, 128 B.R. 153. Taxation ⇐ 2698

Statutory procedures in Tax Code § 42.01 et
seq., for protesting tax assessment before review
boards, satisfy due process requirements and thus,
taxpayers who do not avail themselves of those
procedures will be precluded from collaterally at-
tacking proper tax assessments. Herndon Marine
Products, Inc. v. San Patricio County Appraisal
Review Bd. (App. 13 Dist. 1985) 695 S.W.2d 29, ref.
n.r.e.. Constitutional Law ⇐ 4138(1); Taxation
⇐ 2105; Taxation ⇐ 2680

Requirement that taxpayer exhaust administra-
tive remedies before judicially challenging tax as-
sessment did not violate Const. Art. 8, § 1 require-
ment that taxes be "equal and uniform," did not
violate due process and did not violate commerce
clause of U.S.C.A. Const. Art.1, § 8, cl. 3. Ivan
Trement, Inc. v. Stratford Independent School Dist.
(App. 7 Dist. 1987) 742 S.W.2d 820. Commerce ⇐
71; Constitutional Law ⇐ 4135; Taxation ⇐
2680

Taxpayers' failure to comply with administrative
review procedures of this title constituted failure
to exhaust administrative remedies and precluded
their cause of action in district court. Keggereis v.
Dallas Cent. Appraisal Dist. (App. 5 Dist. 1988) 749
S.W.2d 516. Administrative Law And Procedure
⇐ 229; Taxation ⇐ 2640

Taxpayer who failed to exhaust administrative
remedies before appraisal review board waived any
defense to personal liability for assessments which
were based on wrongful inclusion of personal prop-
erty on appraisal records. Flowers v. Lavaca
County Appraisal Dist. (App. 13 Dist. 1989) 766
S.W.2d 825, writ denied. Taxation ⇐ 2640

Church which did not participate in appeal to
appraisal review board to protest property tax
assessment was foreclosed from contesting validity
of assessment on factual grounds, and local gov-
ernment entities that had established prima facie
case of delinquency were accordingly entitled to
delinquent property taxes; this section makes pre-
scribed procedures for adjudication of grounds of
protest exclusive. Birdville Independent School
Dist. v. First Baptist Church of Haltom City (App.
2 Dist. 1988) 788 S.W.2d 26, writ denied, rehearing
of writ of error overruled. Taxation ⇐ 2698

Statutory procedures for appealing from deter-
mination of property tax valuations are exclusive
means for judicial review. Ferguson v. Chillicothe
Independent School Dist. (App. 7 Dist. 1990) 798
S.W.2d 395, writ denied, rehearing of writ of error
overruled. Taxation ⇐ 2692

Bank was precluded from seeking judicial relief
for taxation of its stock where bank did not ex-
haust its administrative remedies under the tax
code. First Bank of Deer Park v. Harris County
(App. 1 Dist. 1991) 804 S.W.2d 588. Administra-
tive Law And Procedure ⇐ 229; Taxation ⇐ 2698

Failure to exhaust remedies provided in proper-
ty Tax Code results in deprivation of right to raise
defense against suit to enforce collection of delin-
quent taxes. Northwest Texas Conference of
United Methodist Church v. Happy Independent
School Dist. (App. 7 Dist. 1992) 839 S.W.2d 140.
Taxation ⇐ 2667

Party claiming under exception to Property Tax
Code's exhaustion requirement must preserve that
error for protest. Northwest Texas Conference of
United Methodist Church v. Happy Independent
School Dist. (App. 7 Dist. 1992) 839 S.W.2d 140.
Taxation ⇐ 2698

Failure to exhaust administrative remedies is
fatal to a property owner's defense in the district
court to the taxing authority's prima facie case for
judgment in the amount of the delinquent tax.
Aldine Independent School Dist. v. Baty (App. 14
Dist. 1999) 999 S.W.2d 113. Taxation ⇐ 2853

Where a property owner fails to avail himself of
the exclusive remedies provided by the Tax Code
in a timely and proper fashion, he has waived his
remedies and cannot further dispute his tax liabili-
ty. Aldine Independent School Dist. v. Baty (App.
14 Dist. 1999) 999 S.W.2d 113. Taxation ⇐ 2853

School district had basis in law to appeal Tax
Master's decision reducing appraised value of tax-
payer's personal property and ordering her to pay
lower amount of delinquent taxes, and thus trial
court could not impose sanctions against school
district for filing groundless pleadings; Tax Mas-
ter's decision was based on defenses that taxpayer
waived by failing to exhaust administrative reme-



edies for city's denial of abatement, where no appraisal review board orders determining any protest was appealed for any of the properties for any of the years protested. City of Fort Worth v. Pastusek Industries, Inc. (App. 2 Dist. 2001) 48 S.W.3d 366. Taxation ⟻ 2640

To the extent that resident's claim against county appraisal district seeking a return of property taxes for sheriff's office services allegedly not received by resident was based on a complaint that the appraisal district had not appropriately assessed or allocated taxes, the trial court did not have jurisdiction over such claim, where the resident failed to first pursue any administrative remedy. Reed v. Prince (App. 6 Dist. 2006) 194 S.W.3d 101, review denied, rehearing of petition for review denied, certiorari denied 127 S.Ct. 1882, 167 L.Ed.2d 370. Taxation ⟻ 2785

Taxpayers were required to exhaust administrative remedies before bringing a class action alleging that their travel trailers were non-taxable recreational vehicles, rather than manufactured homes, and that taxing the trailers was unconstitutional; the taxpayers sought to have individual assessments set aside. Cameron Appraisal Dist. v. Rourk (Sup. 2006) 194 S.W.3d 501. Parties ⟻ 35.65

Community housing development failed to exhaust its administrative remedies before seeking judicial review of County Appraisal District's denial of its application for tax exemption, and thus trial court did not have jurisdiction over matter, even though District had provided development with wrong exemption application, where development did not file a notice of protest within 30 days after receiving notice of the District's decision, and claim that District provided wrong application could have been made during protest proceedings. Foundation of Hope, Inc. v. San Patricio County Appraisal Dist. (App. 13 Dist. 2003) 2003 WL 22097779, Unreported. Taxation ⟻ 2381

### Defenses—In general

Absent showing that taxation statute has onerous summary penalties and burdens in statute itself, fact that party pays tax required by law which is later declared unconstitutional does not, as matter of law mean payment was made under implied duress. First Bank of Deer Park v. Harris County (App. 1 Dist. 1991) 804 S.W.2d 588. Taxation ⟻ 2780

Potential penalties under tax code for bank's failure to pay assessed tax on stock did not include loss of right to do business in state, and, thus, payment of tax by bank was not made under implied duress as necessary for bank to be entitled to exemption from voluntary payment rule precluding bank's recovery of illegal tax; although tax lien would have jeopardized bank's standing with governmental authorities regulating bank, penalties could have been avoided by protesting tax.

Situs defense was not available to taxpayer in personal property case. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Taxation ⟻ 2642

### —— Ownership, defenses

Taxpayer's admission in its brief that it "held" mobile home units "as a secured party on the January 1 in question" was sufficient evidence to support imposition of liability against taxpayer for delinquent property taxes for year listed. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Evidence ⟻ 265(5)

Absent evidence that taxpayer possessed mobile home unit on January 1st of tax year for which it was assessed, taxpayer could not be held liable for delinquent property taxes on unit. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Taxation ⟻ 2188

Taxpayer established that it did not own mobile home units, precluding imposition of liability for delinquent property taxes, as dealership from which taxpayer had purchased buyers' accounts would buy back accounts upon taxpayer's demand if buyers defaulted; dealership agreements represented full recourse loans pursuant to which dealer would pay off note and become owner upon buyer's default. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Taxation ⟻ 2188

As to accounts containing single, grand total property tax assessment upon multiple mobile home units, taxpayer was not required to prove that it did not own each and every unit in account in order to show that it was not responsible for tax assessed on that account; legislature had made clear that it desired taxpayer to always have available defense that he did not own property. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Taxation ⟻ 2723

Taxpayer exhausted its administrative remedies by protesting to appraisal review board the personal property tax assessed on vehicles that taxpayer claimed not to own, and thus, taxpayer could raise defense of non-ownership in district court action to collect delinquent taxes, even though taxpayer only protested one year and taxes were assessed in subsequent years, where letter to board was protest of the determination of tax, and the same vehicles were taxed in subsequent years as noted in the initial protest letter. City of Pharr v. Boarder to Boarder Trucking, Svc., Inc. (App. 13 Dist. 2002) 76 S.W.3d 803, review denied. Taxation ⟻ 2853

Taxpayer could utilize affirmative defense of non-ownership of personal property on which ad valorem taxes were based, and thus, trial court had jurisdiction to dispose of matters raised by the

REMEDIES                                                                    § 42.21

defense, where suit to collect the taxes was brought by the taxing authorities after effective date of statute that permitted non-ownership of the taxed personal property as an affirmative defense. City of Pharr v. Boarder to Boarder Trucking, Svc., Inc. (App. 13 Dist. 2002) 76 S.W.3d 803, review denied. Taxation ⇌ 2853

Evidence that taxpayer leased vehicles from individuals, rather than owned the vehicles, was sufficient to support finding that taxpayer did not own vehicles on which assessments were made and was not liable for the personal property tax on the vehicles. City of Pharr v. Boarder to Boarder Trucking, Svc., Inc. (App. 13 Dist. 2002) 76 S.W.3d 803, review denied. Taxation ⇌ 2187

— Tax exemptions, defenses

Taxpayer's suit against appraisal district and appraisal review board in district court, which was settled without trial, was only forum for taxpayer to raise his claim of tax exemption; thus, district court committed fundamental error in city's subsequent action against taxpayer for payment of delinquent taxes by allowing taxpayer to proceed with claim of tax exemption. City of Shenandoah v. Jimmy Swaggart Evangelistic Ass'n (App. 9 Dist. 1990) 785 S.W.2d 899, writ denied. Taxation ⇌ 2853

Because, for tax years 1980 and 1981, there was no set statutory scheme in place for taxpayer to apply for tax exemption as religious organization, due process required that taxpayer be permitted to raise issue of tax exemption in defense of city's delinquent tax suit against taxpayer for tax years 1980 and 1981, even though taxpayer was precluded from claiming that exemption in defense of alleged delinquencies with respect to later years. City of Shenandoah v. Jimmy Swaggart Evangelistic Ass'n (App. 9 Dist. 1990) 785 S.W.2d 899, writ denied. Constitutional Law ⇌ 4138(1); Taxation ⇌ 2853

Church had ceded its constitutional claim that procedure for claiming tax exempt status by filing application for exemption from property tax violated religious tenets and restricted free exercise of religion where church had substantially complied with this section by voluntarily supplying substantially the same information requested for application to taxing authority. Birdville Independent School Dist. v. First Baptist Church of Haltom City (App. 2 Dist. 1988) 788 S.W.2d 26, writ denied, rehearing of writ of error overruled. Constitutional Law ⇌ 945

County property which is devoted exclusively to use and benefit of public is constitutionally exempt from taxation, and this exemption is not waived when it is not timely urged during appraisal proceedings. Sweetwater Independent School Dist. v. ReCor, Inc. (App. 11 Dist. 1997) 955 S.W.2d 703, rehearing overruled, review denied. Taxation ⇌ 2315; Taxation ⇌ 2360

In taxing unit's action against church for unpaid property taxes, church had no right to assert, and trial court had no right to consider, church's claim of entitlement to exemption based on using property primarily for religious worship, since Property Tax Code provided separate procedure to contest denial of application for exemption. St. Joseph Orthodox Christian Church v. Spring Branch Independent School Dist. (App. 14 Dist. 2003) 110 S.W.3d 477. Taxation ⇌ 2853

Presumptions and burden of proof

Once taxpayer raised defense of nonownership in action for delinquent property taxes on mobile homes, on grounds that it had no interest in property or was only secured party, not title owner, taxing authorities then had burden to go forward with evidence showing that lienholder was secured party and that it was in possession, or had superior right of possession, to units in question. General Elec. Capital Corp. v. City of Corpus Christi (App. 13 Dist. 1993) 850 S.W.2d 596, rehearing overruled, writ denied. Taxation ⇌ 2723

Taxpayer failed to rebut presumption of ownership of property created by tax statement, and thus, taxing authorities were under no obligation to offer further evidence to prove ownership, in action that taxing authorities brought to collect delinquent ad valorem taxes; despite its finding that taxpayer had not exhausted its administrative remedies, court gave taxpayer opportunity to protest ownership of property at trial, only evidence from taxpayer about ownership was testimony that it owned business personal property, just not all of the property it owned before move to another location, and taxpayer did not introduce any evidence it was being taxed on property it did not own. Barnett v. County of Dallas (App. 5 Dist. 2005) 175 S.W.3d 919. Taxation ⇌ 2859

Letter from taxpayers showing they had requested a hearing with appraisal district board of review was insufficient to show they had exhausted administrative remedies for their tax appraisal protest as required by the Tax Code, and therefore, judicial review of assessed value of subject property was precluded and taxpayers were precluded from using their protest as a defense to school district's delinquent tax collection suit against them. Nevada Gold & Silver, Inc. v. Andrews Independent School Dist. (App. 8 Dist. 2005) 225 S.W.3d 68. Taxation ⇌ 2698

## SUBCHAPTER B.   REVIEW BY DISTRICT COURT

## § 42.21.   Petition for Review

(a) A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had. Failure to timely file a petition bars any appeal under this chapter.