| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*     *Counsel for the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

## MOTION FOR AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), through its Trustee, Alfred H. Siegel, hereby moves the Court (the "Motion") for the entry of an order extending the Claims Objection Deadline (as hereafter defined) set forth in the Plan (as hereafter defined) so that the Trust will have sufficient time to investigate and analyze the great volume of claims filed in these cases before deciding whether objections to the claims are appropriate. To date the Trust has reviewed and analyzed over 3,000 claims. It still remains for the Trust to analyze over 4,000 claim asserting damages in excess of $1 billion. Pursuant to the Plan, the Claims Objection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Deadline is April 30, 2011. By this Motion, the Trust requests that the Court extend the deadline for 180 days to October 27, 2011.

In further support of the Motion, the Trust respectfully represents:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Actions referenced herein will be commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and will be core proceedings under 28 U.S.C. § 157(b).

## GENERAL CASE BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. ("InterTAN Canada") (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act*.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5. On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (the "Claims Bar Date Order"), setting the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity of January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was set as May 11, 2009 (the "Governmental Bar Date").

6. On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (the "503(b)(9) Bar Date Order"), setting a bar date for filing proofs of claim asserting administrative priority claims of December 19, 2008.

7. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

8. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (the "Omnibus Objection Procedures Order").

9. On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (the "Administrative Claims Bar Date Order"), setting a deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) of June 30, 2009.

10. On September 10, 2010, the Court entered its Findings of Fact, Conclusions of Law and Order (the "Confirmation Order") Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  Among other matters provided for in the Confirmation Order, in paragraphs 11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors' estates that are to be transferred to the Liquidating Trust on the Effective Date in accordance with the Plan and Liquidating Trust Agreement.

11. Pursuant to the Plan and Confirmation Order, the deadline for requests for payment of Administrative Claims that arose on and after January 1, 2010 up to and through the Effective Date was January 3, 2011 (the "Final Administrative Bar Date").

12. The Plan became effective on November 1, 2010, and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, analyze, investigate, and if appropriate,

object to claims, and distribute the proceeds to satisfy the allowed claims of creditors. (See, e.g., Plan, Article V, F. 6(c)(ii) with respect to objections to claims).

13. On November 3, 2010, KCC served a copy of the Notice of (I) Confirmation of Modified Second Amended Joint Plain of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims Under Chapter 11 of the Bankruptcy Code, (II) the Occurrence of the Effective Date and (III) the Deadlines for Filing Administrative Claims, Final Fee Applications and Rejection Damages Claims, which included notice of the Final Administrative Bar Date, on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties.

**PLAN PROVISIONS REGARDING CLAIMS OBJECTIONS**

14. The Plan provides, at Article I, B., 1.29, that the

"*Claims Objection Deadline* means the last day for filing objections to Claims, other than Administrative Claims and Professional Fee Claims, which day shall be the later of (a) one hundred eighty (180) days after the Effective Date or (b) such other date as the Bankruptcy Court may order. The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion; provided that any hearing on said motion is held on or before the date that is no more than thirty (30) days after the Claims Objection Deadline…"

15. Similarly, in Article VI.I.1, the Plan provides: "Except as set forth in this Plan with respect to Administrative Claims, all objections to Claims must be filed and served on the Holders of such Claims by the Claims Objection Deadline, as the same may be extended by the Bankruptcy Court." *See also* Confirmation Order, ¶10 (b). As the Effective Date of the Plan was November 1, 2010, the Claim Objection Deadline is currently April 30, 2011.

**RELIEF REQUESTED**

16. By this Motion, the Trust requests that the Claim Objection Deadline be extended by 180 days to October 27, 2011 (the "Extended Claims Objection Deadline"). At this juncture, the Trust submits that, given the volume of claims and amounts at stake, the Plan's claims objection deadlines of 120 days for administrative claims, and 180 days for all other claims were extremely aggressive. These deadlines were requested by the Creditors Committee in order to incentivize the estates to analyze and object to claims, where appropriate, as expeditiously as possible. And, it was contemplated that extensions, if warranted, could be obtained by order of this Court.

17. The Trust submits that, only after extraordinary effort by its staff and counsel, including many long nights and weekends, was it able to meet the March 1, 2011 Administrative Claim Objection Deadline, by which it filed 22 Omnibus objections and approximately 15 single objections to 1,857 administrative, secured or priority claims asserting an aggregate $170,624,523, and 1,092 related unsecured claims, asserting an aggregate $732,888,293.

18. The task of addressing unsecured nonpriority claims is more daunting, and yet the time period to address them is shorter, as the Plan provided for a time period of only 60 days between the Administrative Claim Objection Deadline and the Claim Objection Deadline. As of December 31, 2010, 4,737 unsecured nonpriority claims had been filed, asserting claims of approximately $1,877,175,000.

19. While counsel is available to assist, provide legal analysis and prepare objections where appropriate, the majority of the work to analyze and evaluate the claims must

be done by the Trust's staff of 13 former Circuit City employees who are most familiar with the facts and issues. Despite the most diligent and tireless efforts of these very capable individuals, it will simply not be possible to properly analyze this volume of claims without an extension of the Claims Objection Deadline.

## BASIS FOR RELIEF

20. The statutory predicate for the relief sought in this Motion is Bankruptcy Code §105 and Bankruptcy Rule 9006(b). Generally, any period of time prescribed for doing an act or giving a notice may be enlarged. *See e.g.* 10 Collier On Bankruptcy ¶ 9006.06[2] at page 9006-14 (15th Ed. Rev. 2001).

21. Bankruptcy Rule 9006(b)(1) permits the Bankruptcy Court to extend a deadline providing, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order. *Fed. R. Bankr. P. 9006(b)(1).*

22. Moreover, Bankruptcy Code § 105 grants the Bankruptcy Court broad authority and discretion to take actions and implement procedures necessary to administer a bankruptcy case. *In re Pincus*, 280 B.R. 303, 311 (Bankr. S.D.N.Y. 2002). Bankruptcy judges are invested with broad discretion and considerable flexibility in determining whether to enlarge time periods. *See, e.g., Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994).

23. Courts in this district routinely grant requests of this nature. *See, e.g.*, *In re LandAmerica Financial Group, et al.*, Case No. 08-35994-KRH (Bankr. E.D. Va. March 22,

2011) (order extending claim objection deadline on trust's third motion); *In re Movie Gallery*, Case No. 07-33849 (Bankr. E.D. Va. August 5, 2009) (order granting second motion to extend time to object to claims); *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Dec. 22, 2009) (order granting fourth motion to extend time to remove actions).

24. In addition, as noted above, the Plan language establishing the 180 day Claims Objection Deadline contemplates an extension of the deadline. Understanding the Trust's fiduciary duty to expeditiously address claims in the interests of the creditor body, the Plan provides for limited notice of any motion by the Trust to extend the deadline: "Notice of any motion for an order extending the Claims Objection Deadline shall be required to be given only to those Entities that have requested notice in the Chapter 11 Cases, or to such Entities as the Bankruptcy Court shall order." *See* Plan, Article VI.I.1.

25. The Trust's request for a 180 day extension of the Claims Objection Deadline is warranted and reasonable. The extension of time will essentially provide the Trust staff with 240 days (the 60 days following the March 1 administrative claims objection deadline, plus the requested 180 day extension) to investigate and analyze over 4700 claims asserting damages of approximately $1.9 billion. It required great effort of the Trust's staff to complete the same task in order to meet the 120 day administrative claim objection deadline, during which time 2,949 claims asserting approximately $902 million were addressed.

26. The Trust is determined to complete the claims analysis and file any objections as expeditiously as is practicable, in order to facilitate distributions to unsecured creditors. It will be a challenge to do so prior to the Extended Claims Objection Deadline, as the Trust's staff and counsel are already substantially occupied with (a) prosecution of the Trust's

over 500 avoidance adversary proceedings (including mediations of those proceedings that will commence in earnest in early April), (b) reconciliation of claimant information and subsequent negotiation of the Trust's objections to thousands of administrative claims, and (c) administrative tasks of running the Trust, including financial and tax reporting, claims payment, etc. Instead of asking the Court for more than 180 days in order to complete these tasks, however, the Trust has received the commitment of its staff and counsel to work extraordinary hours as necessary to meet the requested deadline.

## NOTICE

27. Notice of this Motion is being provided to parties-in-interest in accordance with the Case Management Order and Article VI.I.1. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the extension of the Claims Objection Deadline as requested in the Motion, and such other and further relief as may be just and proper.

Dated: March 24, 2011

| | |
|---|---|
| TAVENNER & BERAN, P.L.C.<br><br>    */s/ Paula S. Beran*    <br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: 804-783-8300<br>Facsimile: 804-783-0178<br>Email: ltavenner@tb-lawfirm.com<br>         pberan@tb-lawfirm.com<br><br>Counsel for the Circuit City Stores, Inc.<br>Liquidating Trust | Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Andrew W. Caine (CA Bar No. 110345)<br>*(admitted pro hac vice)*<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, California 90067-4100<br>Telephone: 310-277-6910<br>Facsimile:  310-201-0760<br>E-mail: jpomerantz@pszjlaw.com<br>          acaine@pszjlaw.com<br><br>Counsel for the Circuit City Stores, Inc.<br>Liquidating Trust |

# **EXHIBIT A**

**(Proposed Order)**

12304-003\DOCS_LA:234537.1

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy:  (310) 201-0760 | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:  (804) 783-0178 |
| *Counsel for the Circuit City Stores, Inc.*<br>*Liquidating Trust* | *Counsel for the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>(Jointly Administered) |

**ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE**

Upon the Motion (the "<u>Motion</u>")[2] of the Circuit City Stores, Inc. Liquidating Trust (the

"<u>Trust</u>") for an Order Extending the Claims Objection Deadline (the date by which the Trust

must object to unsecured nonpriority claims) under the Plan, and the Court having reviewed the

Motion; and the Court having determined that the relief requested in the Motion is in the best

interests of the Trust, the bankruptcy estates, the creditors, and other parties in interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The Claims Objection Deadline under the Plan is hereby extended for 180 days to October 27, 2011.

3. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

4. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____
      Richmond, Virginia

_____
The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

**WE ASK FOR THIS:**

---

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust

**SEEN AND NO OBJECTION:**

---

Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## **CERTIFICATION**

      I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

 

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178