UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:        CIRCUIT CITY STORES, INC., et al.,        Case No. 08-35653-KRH
                                                        Ch. 11
              Debtors.                                  (Jointly Administered)

## ORDER

This matter comes before the Court on the Administrative Expense Request filed by Daphne A. Ward (Ms. "Ward"), pro se, pursuant to 11 U.S.C. § 503(b)(1)(A) for medical expenses incurred by Ms. Ward that were supposed to be covered under the Debtors' self-funded medical insurance plan (the "Administrative Expense Request"). The Circuit City Stores, Inc. Liquidating Trust (the "Trust")[1] filed an Objection to the Administrative Expense Request on February 17, 2011 under Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Objection"). Hearing was held on the Objection to the Administrative Expense Request on March 22, 2011 (the "Hearing").

This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief granted herein are Bankruptcy Code §§ 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

At all times relevant to this contested matter, the husband of Ms. Ward was an employee of Circuit City Stores, Inc. who participated in the Circuit City 2008 PPO self-funded health

---

[1] The Second Amended Joint Chapter 11 Plan of Circuit City Stores, Inc. (the "Chapter 11 Plan") was confirmed on September 10, 2010. The Chapter 11 Plan became effective on November 1, 2010. The Chapter 11 Plan substantively consolidated the estates of Circuit City Stores, Inc. and each of its affiliates. All rights and liabilities of those estates were transferred to the Circuit City Stores, Inc. Liquidating Trust, who is the party in interest in this matter. Alfred H. Siegel is the duly appointed and acting trustee for the Trust.

insurance plan for Circuit City Stores, Inc. (the "Plan"). Deductions were made bi-weekly from the wages of Ms. Ward's husband to fund medical insurance coverage for himself and his family under the Plan. The Plan was administered for Circuit City Stores, Inc. by Empire HealthChoice Assurance, Inc. ("Empire").

Ms. Ward had secondary insurance coverage under the Plan. Ms. Ward's coverage under the Plan was effective as of March 1, 2003 and continued through March 1, 2009. On December 19, 2008, Anthem UM Services, Inc., the licensed utilization review agent for Empire (the "Agent"), pre-approved Ms. Ward's weight loss procedure as medically necessary and authorized surgery to be performed at George Washington University Hospital in Washington, D.C. by Joseph Afram, MD ("Doctor Afram") under the Agent's reference number 0002078839. The surgery took place on February 3, 2009. Ms. Ward then remained hospitalized until February 5, 2009.

The Administrative Expense Request, filed by Ms. Ward on December 27, 2010, seeks payment in the amount of $1,357.68 for Doctor Afram., $31,693.75 for George Washington University Hospital, and $2,520.00 for Medical Faculty Associates in connection with the surgery. The claim for payment to Doctor Afram was subsequently settled prior to the Hearing, and Ms. Ward withdrew that portion of the Administrative Expense Request at the Hearing.[2]

Pursuant to the terms of the Plan, applicants had one year from March 1, 2009 in which to timely submit claims thereunder. Ms. Ward's claims were submitted to Empire in June 2009. Ms. Ward subsequently contacted Empire on multiple occasions in the latter half of 2009 and early 2010 seeking information about the status of her claims. Although the claim submitted for

---

[2] A portion of the claim of Doctor Afram was denied on the grounds that he was an out of network provider. The $9,702.90 that was disallowed on his claim was the difference between the reasonable and customary allowance for the surgery and the provider's charges of $11,700. The plan reimbursed Doctor Afram at the in network level of benefits. The Plan issued a payment in the amount of $1,357.68 to Doctor Afram on June 25, 2009.

Doctor Afram was addressed and resolved, the claims of George Washington University Hospital and Medical Faculty Associates were simply never administered. Ms. Ward was ultimately advised by Empire in late 2009 and early 2010 that claims under the Plan were no longer being paid due to the bankruptcy filing of Circuit City Stores Inc.

The Trust acknowledged at the Hearing that the advices Ms. Ward received from Empire in late 2009 and early 2010 were incorrect. In fact, claims were being accepted under the Plan through the end of March 2010 and monies on those claims were being paid out through the summer of 2010. However the Trust never received approval from its administrative agent to pay Ms. Ward's two remaining claims. The Trust does not know why Empire failed to administer Ms. Ward's claims. The Trust acknowledged at the Hearing that had Empire properly administered the claims and had it determined Ms. Ward's claims were eligible for payment under the Plan, the claims would have been paid.

In consideration whereof, it is

**ORDERED** that the Objection is hereby **OVERRULED**; it is further

**ORDERED** that the Trust re-submit the necessary information on Ms. Ward's claims to Empire within 60 days for administrative processing in order for Empire to determine the eligible amount of those claims that would have been allowed for payment under the Plan; it is further

**ORDERED** that the eligible amount of Ms. Ward's claims that would have been allowed for payment under the Plan shall be entitled to administrative expense priority in this case under 11 U.S.C. 503(b)(1)(A).[3]

---

[3] The two part test set forth in *Devan v. Smith DeBartolo Group, LP*, 180 F.3d 149, 157 (4th Cir. 1998) for determining whether a claimant is entitled to administrative expense status is satisfied in this contested matter as the claims arose under an employee benefit plan that was maintained by the Debtor for its employees who continued their employment postpetition, enabling the Debtor to generate revenues for the benefit of the bankruptcy estate.

ENTERED: March 25 2011

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on docket: March 25 2011

Copies to:

**Daphne A. Ward**
12646 Willow View Place
Waldorf, Maryland 20602

**Circuit City Stores, Inc.**
9950 Mayland Drive
Richmond, VA 23233

**Lynn L. Tavenner**
**Paula S. Beran**
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

**Jeffrey N. Pomerantz**
**Andrew W. Caine**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

**Robert J. Feinstein**
**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017

```
                         United States Bankruptcy Court
                           Eastern District of Virginia
In re:                                                                 Case No. 08-35653-KRH
Circuit City Stores, Inc.                                              Chapter 11
       Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: frenchs              Page 1 of 1                  Date Rcvd: Mar 25, 2011
                              Form ID: pdforder          Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 27, 2011.
cr          +Daphne A. Ward,    12646 Willow View Place,    Waldorf, MD 20602-1422

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                   TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 27, 2011**                    **Signature:** _Joseph Speetjens_