Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, Esq.
20 North Eight Street 2nd Floor
Richmond, VA 23219

United States Bankruptcy Court For The Eastern District Of Virginia
Richmond Division

Joseph E Dudley,

Creditor to the Debtor's Trust

      Plaintiff,

  vs.

Circuit City Stores, Inc, et al.,

      Defendant

Case No.: 08-35653-KRH

Chapter 11

MAR 2 5 2011

    Whereas the Plaintiff has signed and agreed to the terms of the Cash Retention Program (CRP), duly asks this honorable court to consider the following facts:

    1.    On or about January 15th, 2008 the Plaintiff did sign agree to the terms of the CRP plan.

    2.    The Plaintiff was employed by the Defendant through the final and wind down of operations with employment terminating on or about March 5th, 2009.

    3.    The Plaintiff, through no direct fault of his own, ceased to be employed due to the bankruptcy court's liquidation orders.

    4.    The CRP "Forfeiture" section does not provide remedy in the event of bankruptcy liquidation proceedings being ordered during the agreement period.

    5.    The CRP payments are due in their entirety as the Defendant was ordered to cease operations and liquidate its assets by this court thereby ceasing to exist as a going concern, thus materially breaching its contractual obligations to the Plaintiff as defined by the CRP.

    6.    The CRP agreement provides "If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to

the contrary, any restrictions hereunder on your outstanding award shall lapse as of such date."

7. A change in control occurred as of the filing date by the Defendant to enter into bankruptcy protection by this court. This change in control should serve as sufficient cause to "lapse restrictions on the outstanding award" as provided by the CRP, which would cause the outstanding portion to be considered due and payable.

8. The claim should remain as a priority claim due to the award being earned, as described by the CRP, within 180 days of filing as described by section 507(a)(4) of the Bankruptcy Code.

9. The CRP provides under the section "Withholding Taxes," and subsequently provided a "Total Direct Compensation" letter (Exhibit 1, attached) from the Plaintiff, the "Award" was represented to be part of the salary and compensation package for the Plaintiff and was used in lieu of normal annual salary increases. As such, the "Award" should be considered to be payable wages for work performed by the Plaintiff on the behalf of the Defendant.

I humbly ask this honorable court for the following remedy as allowed by law:

10. My claim, #2476, be left as a priority claim.

11. The claim be re-calculated by this court to the maximum allowable cap amount as allowed by the bankruptcy code.

12. The claim be made payable, and payment remitted as quickly as is possible.

13. Any additional remedy as seen allowable by this court.

I ask for this,
Dated this 19th of March 2011

Joseph E. Dudley
18513 Field Club Way
Tampa, FL 33647

08-3563-KRH - 2



Exhibit 1

# Your Total Direct Compensation

### About You:

| Name | Joseph Edward Dudley |
|---|---|
| Employee ID | 10391899 |
| Department | Citrus Superstore |
| Statement Date | January 1, 2008 |

### About Your Compensation:

|  | Compensation as of 1/1/2008 |
|---|---|
| Job Title | Store Director |
|  |  |
| Base Pay | $72,000 |
| Annual Incentive Target Dollars ($) | $20,000 |
| Target Annual Total Cash Comp | $92,000 |
| Target Long-Term Incentive (LTI) Award* | $15,000 |
| Target Total Direct Compensation | $107,000 |

\* **Note:** Details regarding the 1/1/2008 LTI grant are in the award letter contained in this package.

