WISCONSIN DEPARTMENT OF REVENUE
SPECIAL PROCEDURES UNIT
MAIL STOP 5-SPU
PO BOX 8901
MADISON WI 53708-8901

**State of Wisconsin • DEPARTMENT OF REVENUE**

COMPLIANCE BUREAU
2135 RIMROCK RD    PO BOX 8901    MADISON, WI    53708-8901
PHONE: 608-267-0833    FAX: 608-267-1037
WEBSITE: www.revenue.wi.gov    HOURS: 7:45 AM - 4:30 PM

March 8, 2011

Letter ID:  L0818305728

CLERK OF THE BANKRUPTCY COURT
U.S. BANKRUPTCY COURT
701 E BROAD ST  STE 4000
RICHMOND VA 23219-1849

WTN: 0000341401

RE: Circuit City Stores Inc
    Case # 08-35653

This letter is in response to the Liquidating Trustee's Objection to Claim # 12958 filed by the Wisconsin Department of Revenue. The Wisconsin DOR filed a priority claim in the amount of $100,006.75 and a general unsecured amount of $152,407.25. This proof of claim pertains to the corporate franchise tax field audit covering the 2004 thru 2005 tax years.

The trustee objects to this claim on the grounds that the amount is not reflected in the books; the claim amount is based on improper or erroneous calculations; and/or did not provide support for the claim amount.

In response to the objection, I have attached copies of the audit worksheet, notice of the assessment, explanations and the auditors notes. Our auditors worked with the debtor throughout this process including discussing the results of the audit.

By attachment of these copies, I request that the proof of claim as filed by the Wisconsin DOR be allowed. I also request that the trustee contact me to resolve this matter. The complete audit report can be provided.

Sincerely,

*Hiram Cutting*

Hiram Cutting
Revenue Agent
608-267-0833
hiram.cutting@revenue.wi.gov

Enclosure

cc: Jeffrey N. Pamerantz, Andrew W. Caine,
Lynn L. Tavenner, Paula S. Beran

WINPAS - btL200 (R.03/10)

WISCONSIN DEPARTMENT OF REVENUE
INCOME, SALES & EXCISE TAX DIVISION

Circuit City Stores, Inc.
# 200-0000341401-02

## EXPLANATIONS OF ADJUSTMENTS ON EXHIBIT C

ADJ #.    EXPLANATION

      3) The transfer and leaseback of the intangible assets was a sham and could be disregarded under the "sham transaction" doctrine.

      4) The transactions leading to the royalty expense had no economic substance and are disregarded under the doctrine of "substance over form." Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935).

      Per computation shown on Schedule 3, a deduction is allowed for 52.7% of the inter-company royalty expense deduction in accordance with the settlement reached for the prior audit cycle.

6.-7.    An adjustment is made to include in gross income imputed interest on loans and advances to affiliates pursuant to sections 71.30(2) and 71.80(1)(b) of the 2005-2006 Wisconsin Statutes and section 482 of the IRC.    An adjustment is also made to correct the allowable interest expense deduction on the inter-company loans and advances under the same statutory regulations.    The interest rates as provided by section 482 of the IRC are applied to the average net inter-company or affiliated balances for each fiscal year to arrive at the amount of imputed interest income and deduction.    See Schedule 4 for the computation details.

8.    An adjustment is made to include the applicable Internal Revenue Service audit adjustments in this report for the fiscal years shown pursuant to the taxpayer correspondence of January 2009 in notification of the finalized federal audit report.    See detail of the adjustments on Schedule 5.

9.    The federal taxable income reported for Wisconsin for FYE 2/28/07 is corrected to the proper amount.

WISCONSIN DEPARTMENT OF REVENUE
INCOME, SALES & EXCISE TAX DIVISION

Circuit City Stores, Inc.
# 200-0000341401-02

## EXPLANATIONS OF ADJUSTMENTS ON EXHIBIT C

| ADJ # | EXPLANATION |
|---|---|
| 1. | Dividends received on common stock are deductible if the corporation receiving the dividends owns directly or indirectly 70% of the total combined voting stock of the payor corporation for the entire year pursuant to section 71.26(3)(j) of the 2005-2006 Wisconsin Statutes. As the taxpayer owned the stock of various entities for less than the entire year, the deduction claimed for the dividends received is disallowed for the respective entities in the years received. The Carmax Auto Superstores entity was spun off in September 2002 and hence making the dividend distribution from that entity taxable in FYE 2/28/03. The DC Funding International entity was liquidated in February 2004 and hence making the dividend distribution from that entity taxable in FYE 2/29/04. The Tyler International Funding entity was liquidated in July 2004 and hence making the dividend distribution from that entity taxable in FYE 2/28/05. |
| 2. | The Wisconsin Statutes do not contain a provision for a general jobs credit. Therefore, the federal Exhibit C-1 reduction of salaries and wages expense by the amount of the federal work opportunity wages credit is reversed for FYE 2/28/05. The credit was properly reversed for Wisconsin for the other fiscal years in the audit period.. |
| 3. | Section 71.26(3)(g) of the 2005-2006 Wisconsin Statutes provides for the modification of section 164(a)(3) of the Internal Revenue Code so that taxes imposed by any state or the District of Columbia that are value added taxes, single business taxes or taxes on or measured by all or a portion of net income, gross income, gross receipts or capital stock are not deductible. Therefore, the required Wisconsin Exhibit C-1 adjustment for the disallowed state taxes deduction each fiscal year is corrected as shown on Schedule 1. |
| 4. | Wisconsin net income is determined under the Internal Revenue Code with certain modifications. Section 71.26(3)(b) of the 2005-2006 Wisconsin Statutes provides for the modification of the Internal Revenue Code in that Section 103 of the IRC (pertaining to interest income), is excluded. Therefore, the required Wisconsin Exhibit C-1 adjustment for the exempt interest income on state and local bonds is corrected for the respective fiscal years as shown on Schedule 2. |
| 5. | The deduction for royalty expense paid to Circuit City Stores West Coast, Inc. is disallowed on four alternative grounds: |

   1) The royalty expense is eliminated in accordance with section 71.30(2) of the 2005-2006 Wisconsin Statutes and section 482 of the IRC, which permits the secretary or his or her delegate to reallocate income among two or more commonly owned or controlled organizations, trades or businesses in order to prevent evasion of taxes or to clearly reflect the income of any such organizations, trades or businesses.

   2) The royalty expense is not deductible as ordinary and necessary business expense. There was no valid business purpose justifying the transactions leading to the expense since the only business purpose identified was tax avoidance. All other proffered business purposes were without substance or significance under these facts. In addition, Circuit City Stores West Coast, Inc. added little or no value to the intangible assets generating the royalties.

Circuit City Stores, Inc.

**A 1**

### AUDITOR'S COMMENTS

8.  **REASON FOR LIMITATION OR EXTENSION OF SCOPE** - The field audit assignment was made in May 2007 under the "reaudit" source, with the prior audit cycle explained above in comment # 7. The initial contact with the taxpayer was made in January 2008, and the field work commenced in July 2008. FYE 2/28/03 was still open to adjustment as explained in # 7 above and due to being a "loss" year. A waiver was obtained for FYE 2/28/04 due to taxpayer delays as explained above, with the waiver deadline currently at March 31, 2009 for this report.

9.  **EVIDENCE CONSIDERED IN PENALTY IMPOSITIONS** - There is no penalty recommendation for this audit.

10. **NEGOTIATIONS, SPECIFIC OBJECTIONS AND POSSIBILITY OF APPEAL** - Due to time constraints and the bankruptcy process, a copy of the finalized proposed audit was given to Mr. Ewell at Circuit City Stores with the comment that the audit report was being submitted immediately to Wisconsin for final supervisory review and processing due to the waiver deadline and the need to file the bankruptcy claim by early May 2009.

11. **NO CHANGE REPORT JUSTIFICATION** - Not applicable.

12. **SUGGESTIONS FOR NEXT AUDIT** - Due to the liquidation currently in process, this will be the final field audit determination on the taxpayer.

Circuit City Stores, Inc.

## AUDITOR'S COMMENTS

1.  **HISTORY & BUSINESS** - Circuit City Stores, Inc. was organized in 1949 under the laws of the state of Virginia. The company is a national retailer of electronic consumer products throughout the entire country, with the corporate headquarters located in Richmond, VA. In Wisconsin, the company operated 8 retail stores – two in Madison and one each in Appleton, Brookfield, Green Bay, Greenfield, Milwaukee and Racine. In November 2008, the company filed for Chapter 11 bankruptcy protection, and in January 2009 the company announced that it was liquidating all of its retail stores in the United States and going out of business. The liquidation of the stores was expected to be completed by the end of March 2009, and a "skeleton" staff of employees would remain at the corporate headquarters into the early part of year 2010 to wrap up the corporation liquidation.

2.  **RECORDS** - The book and tax records of the company were maintained at the corporate headquarters in Virginia, and the employees of the company filed the tax returns for each fiscal year. Most records and data were provided as requested.

3.  **COOPERATION** - During the audit process, the auditor had initial contact with Ms. Rose Timbrook – Senior Income Tax Analyst of the corporate headquarters office, and the data requests were directed through her. At the end of the audit process due to the massive layoffs of the employees at the headquarters offices, the auditor had final contact with Mr. Jeremy Ewell – State Income Tax Manager of the company. Slow cooperation was received from Ms. Timbrook for the final data requests made in September 2008 which were finally provided by Mr. Ewell in February 2009 at the conclusion of the audit. The relevant contact information for Mr. Ewell can be found in w/p D 6.

4.  **SALES/USE TAX** - Not assigned.

5.  **INCOME/FRANCHISE TAX** - The audit focused on the review of the book, federal and apportionment data, along with the review of applicable inter-company transactions.

6.  **STATUS OF FEDERAL AUDIT REPORTS** - The finalized federal audit adjustments for FYE 2/28/01 through 2/28/03 was reported in September 2007 via filed amended returns (w/p F 5). The finalized federal audit adjustments for FYE 2/29/04 and 2/28/05 were reported to the auditor in a letter in late January 2009 (w/p F 7), and the applicable adjustments in that audit are included in Exhibit C for this audit report.

7.  **UNUSUAL ITEMS** - The taxpayer appealed the prior audit cycle report for FYE 2/29/96 through 2/29/00 for the inter-company adjustments made for royalty expense, imputed interest income and interest expense. The appeal was settled in late October 2004. As part of the settlement agreement, the settlement terms were extended for the returns filed for FYE 2/28/01 through 2/28/03 via office audit action. The agreement provided for the final resolution of the adjustments for the inter-company issues, but allowed the Department to verify these amounts and to make any other applicable adjustments outside of the inter-company items in a future field audit.

## PAYMENTS

If timely objection is NOT MADE, amount due shown on the notice is payable on or before the date indicated, and will be subject to delinquent tax collection procedures and Delinquent Tax Collection Fees if not paid by such date. The fees are the greater of $35 or 6½% of the unpaid balance. The department may also take additional collection action, which could include filing a tax lien.

If you are not paying the amount due in full, please send your initial payment to the department along with the payment voucher prior to the due date. Any subsequent payment(s) should be mailed to the appeal address shown below.

If you cannot pay the full amount due by the due date, you may ask to make installment payments. It is the department's policy to not enter into formal payment arrangements until after the due date. It is to your advantage to pay the amount due in full rather than in installments to avoid the accumulation of additional interest and collection fees. In addition, installment agreements with the department are subject to a $20 installment agreement fee and will not prevent the filing of a tax lien. You may obtain the Installment Agreement Request Form (Form A-771) by visiting our website at www.dor.state.wi.us, by calling (608) 266-1961, or by writing to Wisconsin Department of Revenue, Mail Stop 1-151, PO Box 8951, Madison, WI 53708-8951.

## APPEAL RIGHTS AND PROCEDURES

If you are of the opinion that this notice is incorrect, please send your objection to the **WISCONSIN DEPARTMENT OF REVENUE, RESOLUTION UNIT, MAIL STOP 5-257, PO BOX 8906, MADISON, WI 53708-8906**, setting forth each item you claim is incorrect and the reason for your objection. Such objection must be **RECEIVED BY THE DEPARTMENT WITHIN 60 DAYS OF YOUR RECEIPT OF THIS NOTICE.**

If you wish to stop the accumulation of interest on the assessment during the appeal period, you may deposit the amount of the assessment, including any interest and penalty, with the Department of Revenue at the time the appeal is filed, or at any time while the appeal is pending before the Resolution Unit. You may, at any time while the appeal is pending before the Wisconsin Tax Appeals Commission or a court, deposit the total tax and interest with the State Treasurer. Any deposited amount which is later refunded will bear interest at the rate of 9% per year.

As an alternative, you may choose to pay the full amount of the assessment without filing a timely objection. If you later wish to contest some or all of the adjustments, you may file a claim for refund. This claim for refund must be filed on an amended return form within two or four years from the notice date, depending on the tax years involved (see below), and should set forth the items you feel are incorrect and the basis for your claim.

For tax years beginning before January 1, 2000 (1999 and prior tax years), the claim for refund must be filed on an amended return form within two years of the assessment notice date.

For tax years beginning on or after January 1, 2000 (2000 and subsequent tax years), the claim for refund must be filed on an amended return form within four years of the assessment notice date.

**CAUTION:** This claim for refund procedure may **NOT** be used if any part of the assessment was the subject of a timely filed appeal

## Instructions

If you are making a payment:
- Make your payment payable to **Wisconsin Department of Revenue**
- Write your tax account number in the memo portion of your check
- Mail your payment in the enclosed envelope along with this payment voucher. If you do not have the envelope provided, mail your payment to the following address:

**Wisconsin Department of Revenue**
P.O. Box 930208
**Milwaukee, WI 53293-0208**

WISCONSIN DEPARTMENT OF REVENUE
MAIL STOP 5-257
PO BOX 8906
MADISON, WI 53708-8906

## State of Wisconsin • DEPARTMENT OF REVENUE

AUDIT BUREAU
2135 RIMROCK ROAD   PO BOX 8906   MADISON, WISCONSIN 53708-8906
PHONE: 608-266-3618   TTY: 608-267-1049   FAX: 608-261-4902
WEBSITE: www.revenue.wi.gov

September 28, 2009

Tax Account Number: 200-0000341401-02
Letter ID: L1874248256

CIRCUIT CITY STORES, INC.
9950 MAYLAND DR
RICHMOND VA 23233-1463

Pursuant to Chapter 71 of the Wisconsin Statutes, you are hereby notified of an amount due on your Wisconsin Corporation Franchise Tax return(s) and/or credit claim(s). Please see the attached audit report for details.

If you disagree with this notice, see your appeal rights on the back of this notice and in the enclosed Publication 506, *Taxpayers' Appeal Rights of Field Audit Adjustments*.

### If you agree with this notice:

Make your check payable to Wisconsin Department of Revenue. Mail your payment along with the voucher below in the enclosed envelope to:

Wisconsin Department of Revenue
PO Box 930208
Milwaukee, WI 53293-0208

Write your tax account number in the memo portion of your check.

### If you disagree with this notice, DO NOT use the enclosed envelope:

Mail your appeal to:

Wisconsin Department of Revenue
Resolution Unit-Mail Stop 5-257
PO Box 8906
Madison, WI 53708-8906

Include your tax account number in your appeal letter.

WINPAS - qtL040 (R.04/08)

---

Detach here and return bottom portion with your payment in the enclosed envelope. Keep top portion for your records.

**PAYMENT VOUCHER** - Corporation Franchise Tax          **WISCONSIN DEPARTMENT OF REVENUE**

CIRCUIT CITY STORES, INC.
9950 MAYLAND DR
RICHMOND VA 23233-1463

| | |
|---|---|
| Notice Date: | September 28, 2009 |
| Tax Account Number: | 200-0000341401-02 |
| Tax Type: | Corporation Franchise Tax |
| Tax Period Begin Date: | March 1, 2002 |
| Tax Period End Date: | February 28, 2007 |
| **Payment By:** | November 30, 2009 |
| **Amount Due:** | $283,058.67 |
| Amount Paid: | $ |

208025401120000003414010202282007070510000283058 67

CIRCUIT CITY STORES, INC.

9950 MAYLAND DRIVE
RICHMOND, VA 23233

File # : 200-0000341401-02

EXHIBIT A-B

**WISCONSIN DEPARTMENT OF REVENUE**
**INCOME, SALES & EXCISE TAX DIVISION**
**COMPUTATION AND SUMMARY OF**
**ADDITIONAL FRANCHISE TAX, INTEREST & PENALTY**

| TAXABLE PERIOD | REFERENCE | 03/01/2002 02/28/2003 | 03/01/2003 02/29/2004 | 03/01/2004 02/28/2005 | 03/01/2005 02/28/2006 | 03/01/2006 02/28/2007 | TOTAL |
|---|---|---|---|---|---|---|---|
| ADJUSTED NET INCOME | EXHIBIT C | $0 | $1,165,875 | $827,137 | $0 | $0 | $1,993,013 |
| LESS: NET INCOME PREVIOUSLY COMPUTED | EXHIBIT C-1 | $0 | $0 | $0 | $0 | $0 | |
| ADDITIONAL NET INCOME | | $0 | $1,165,875 | $827,137 | $0 | $0 | |
| ADJUSTED FRANCHISE TAX | | $0.00 | $92,104.16 | $65,343.86 | $0.00 | $0.00 | $157,448.02 |
| PLUS: RECYCLING SURCHARGE | | $25.00 | $2,763.12 | $1,960.32 | $25.00 | $0.00 | $4,773.44 |
| LESS: SALES TAX CREDIT | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| OTHER CREDITS | | | | | | | |
| ADJUSTED NET FRANCHISE TAX | | $25.00 | $94,867.28 | $67,304.18 | $25.00 | $0.00 | $162,221.46 |
| AMOUNT PREVIOUSLY ASSESSED | | $25.00 | $25.00 | $25.00 | $25.00 | $0.00 | $100.00 |
| ADDITIONAL FRANCHISE TAX | | $0.00 | $94,842.28 | $67,279.18 | $0.00 | $0.00 | $162,121.46 |
| REFUND INTEREST - SECTION 71.82(1)(a or b) | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| ASSESSMENT INTEREST - SECTION 71.82(1)(a) at 12% to 4/30/2009 | | $0.00 | $56,468.83 | $31,984.34 | $0.00 | $0.00 | $88,453.17 |
| DELINQUENT INTEREST - SECTION 71.82(2) | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| PENALTY (SECTION 71.83(1)(a)2) at 25% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| PENALTY (SECTION 71.83(1)(a)1) at 25% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| PENALTY (SECTION 71.83(1)(a)7) at 25% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| PENALTY (SECTION 71.83(1)(b)1) at 100% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| LATE FILING FEE (SECTION 71.83(3)) | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| ADDITIONAL FRANCHISE TAX, INTEREST AND PENALTY | | $0.00 | $163,480.12 | $107,016.32 | $0.00 | $0.00 | $270,496.44 |
| OVERPAYMENT INTEREST (SECTION 71.84(2))  EXHIBIT UPI | | | $6,428.10 | $4,525.61 | | | $10,953.71 |
| INTEREST (SECTION 71.91(1)(a)) at 18% to 4/30/2009 | | | $5,740.91 | $3,227.19 | | | $8,968.10 |

FINDINGS DISCUSSED WITH: JEREMY EWELL - STATE INCOME TAX MANAGER

AUDITOR: DAVID B. SCOTT

3/5/2009