**March 20, 2011**

**To:** Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

**From:** *Willard Mark Elliott*
*49622 Woodland Drive*
*East Liverpool, OH 43920*
*Claim #5191*

I am writing in response to the objection concerning my claim 5191 in the amount of $40,000. The claim is specific to a Long Term Incentive provided by Circuit City on January 4th, 2008 provided to key support associates. The amount of the incentive was $40,000 with two vesting periods. The first vesting period ended on January 1st, 2009 and accounted for 50% of the total or $20,000 and the second vesting period ended on January 1st, 2010 for the remaining 50% of the total or $20,000.

Here are the parameters to receive the award as outlined in the original document:

**Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (I) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date. If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date. Your right to this Award is not contingent on corporate or individual performance.**

**Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent**

1

**disability, or (ii) your employment status with the Company changes to part-time, or**

**(iii) you retire from the Company, then the unvested portion of your Award will be**

**forfeited as of the date of your termination, change in status, or retirement, as the case**

**maybe.**

I satisfied my responsibilities of the agreement by remaining in good standing, continuously employed and without status change until March 24th, 2009. At this time the first portion of the vesting period had been completed and we were within the 75 day payment period outlined above. This means that the first $20,000 should have vested prior to this date.

I remained officially employed by Circuit City until March 24th, 2009 when my contract expired and during the entire time remained within the standards of the award.

When reviewing the document the condition of bankruptcy is not addressed, only change of control. It is also clearly stated that my consent is necessary with respect to any modification that would be detrimental to my rights.

I remained loyal to the organization and commitment myself to the successful turnaround of Circuit City. The primary catalyst for my staying with the company was this incentive. After signing this document I had received multiple employment offers that I turned down, because I was committed to the company and felt as though my commitment was being rewarded with this incentive. I would feel that it would be completely negligent to not pay the entire amount of the incentive $40,000 due to the outline of the document and

my willingness to have satisfied the terms.  This was payroll that I was counting on as part of my salary and commitment to the company and should not be taken away when the employee impact of this decision is taken into consideration.

Again, I was deeply committed to the organization and did everything within my abilities to succeed.  I feel as though a significant injustice will be delivered if monies owed to me were simply denied due to a blanket objection by the creditor's committee.

I eagerly look forward to your decision and if any further information is required I will provide anything necessary to see this to a solution.

Regards,

Willard Mark Elliott

10310963.▮▮▮▮▮▮▮▮
N/A, 1/1/2008, Cash



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-4464

January 3, 2008



Dear ▮▮▮▮▮,

    Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success. To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

    Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

Total Cash Retention Award:      $▮▮▮▮▮▮

Award Date:                 January 1, 2008

| Vesting Dates | Vesting % |
|---|---|
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

    For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

    Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date. If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date. Your right to this Award is not contingent on corporate or individual performance.

    Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

- 1 -

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to 757-299-8412.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Printed Name

1-21-08
Date

- 3 -

Docket #10049  Date Filed: 2/27/2011

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,. | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

## NOTICE OF LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION TO CLAIMS: RECLASSIFY TO GENERAL UNSECURED CLAIMS, REDUCE TO STATUTORY CAP, OR DISALLOW, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of *Circuit City Stores, Inc. et al.* (collectively, the "Debtors") filed the *Liquidating Trust's Eleventh Omnibus Objection to Claims: Reclassify to General Unsecured Claims, Reduce to Statutory Cap, or Disallow, as Applicable (Special Cash Retention Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Liquidating Trust is seeking to reclassify certain claims, reduce certain claims and disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and



0835653110228000000000002

requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, *the Objection seeks to reduce, disallow, or reclassify certain claims,* including your claim(s), listed below, all as set forth in the Objection.

TO:                    <u>Claim<br>Number</u>     <u>Claim<br>Amount</u>     <u>Reference<br>Objection</u>

*SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE*

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON APRIL 7, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**<u>Critical Information for Claimants</u>**
**<u>Choosing to File a Response to the Objection</u>**

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

**Contents**. To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.  a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.  the claimant's name and an explanation for the amount of the Claim;

c.  a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts

3

that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

4

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kcclllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    February 27, 2011

/s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

EXHIBIT 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | )   Case No. 08-35653-KRH |
| | ) |
| CIRCUIT CITY STORES, INC.[1], et al., | )   Chapter 11 |
| | ) |
|             Debtors. | )   (Jointly Administered) |
| | ) |
|                        | ) |

## LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION TO CLAIMS: RECLASSIFY TO GENERAL UNSECURED CLAIMS, REDUCE TO STATUTORY CAP, OR DISALLOW, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)

### CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES

### AND CLAIMS IN THE EXHIBITS ATTACHED HERETO.

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

Claims (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Eleventh Omnibus Objection to Claims: Reclassify to General Unsecured Claims, Reduce to Statutory Cap, or Disallow, as Applicable (Special Cash Retention Program)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## SUMMARY OF RELIEF REQUESTED

2.      Each of the claims (the "CRP Claims") listed on **Exhibit B** attached hereto, asserts the right to payment under the Cash Retention Program (defined below) on a priority basis pursuant to section 507(a)(4) of the Bankruptcy Code.

3.      Based on a review of the CRP Claims and of the Debtors' books and records, as set forth below, none of the CRP Claims listed on **Exhibit C**, attached hereto, (the "Pre-Priority Period CRP Claims") are entitled to payment on a priority basis under section

507(a)(4) of the Bankruptcy Code and each Pre-Priority Period CRP Claim should be reclassified as a general unsecured claim.

4.    Each Pre-Priority Period CRP Claim is based on a right to payment that was "earned," within the meaning of section 507(a)(4), more than 180 days before the Petition Date (the "Priority Period"), which is May 13, 2008 to November 10, 2008. Accordingly, the Liquidating Trust requests that each Pre-Priority Period CRP Claims be reclassified to a general unsecured claim.

5.    Based on a review of the CRP Claims and of the Debtors' books and records, as set forth below, the CRP Claims listed on **Exhibit D**, attached hereto, (the "Reduced CRP Claims") should be allowed on a priority basis under section 507(a)(4) of the Bankruptcy Code, but in a reduced amount. While each Reduced CRP Claim was "earned" within the Priority Period, each holder of a Reduced CRP Claim has already received post-petition payment of pre-petition wages. Unless the Reduced CRP Claims are reduced to account for these wage payments, the holders of the Reduced CRP Claims will receive a priority payment that exceeds the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code. The remaining portion of the Reduced CRP Claims should be reclassified as general unsecured claims.

6.    Based on a review of the CRP Claims and of the Debtors' books and records, as set forth below, the CRP Claims listed on **Exhibit E**, attached hereto (the "Expunged CRP Claims") should be disallowed in their entirety. As set forth more fully below, Circuit City Stores, Inc. ("Circuit City") was not obligated to make a payment pursuant to the Cash Retention Program (defined below) unless the CRP Participants (defined below) were employed by Circuit

City on the applicable vesting day or when a "change in control" occurred. The holders of the

Expunged CRP Claims were not employed on these dates. Therefore, they are not entitled to any

payment pursuant to the Cash Retention Program (defined below) and the Expunged CRP

Claims should be disallowed, in their entirety.

7.      The Liquidating Trust is continuing its review of claims and of its books

and records and reserves the right to further object to the CRP Claims.

## BACKGROUND

8.      On November 10, 2008 (the "Petition Date"), the debtors in the above-

captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11

of the Bankruptcy Code.

9.      On the Petition Date, the Court entered the *Order Pursuant to Bankruptcy*

*Code Section 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rules 6003*

*Authorizing Debtors to Pay Prepetition Wages, Compensation, and Employee Benefits* (the

"Wage Order") [Docket No. 6]. Pursuant to the Wage Order, the Debtors paid to the holders of

the Reduced CRP Claims pre-petition wages that were earned within 180 days of the Petition

Date.

10.     On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

11.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

12.     On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

13.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

14.     On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

15.     On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent

(the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant

to the Agency Agreement at the Debtors remaining stores. As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been completed.

16.     On April 1, 2009, this Court entered an *Order Establishing Omnibus*

*Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "Omnibus Objection Procedures Order").

17.     On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

18.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

19.     The Plan became effective on November 1, 2010 (the "Effective Date"),

and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating

Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and

distribute the proceeds to creditors, including objections to claims. Under the Plan, objections to

priority claims must be filed within 120 days of the Effective Date.

**B.      The Cash Retention Program**

20.     More than 180 days prior to the Petition Date, the Debtors implemented a

special cash retention award program (the "Cash Retention Program"), pursuant to which certain

employees (the "CRP Participants") were awarded cash that was payable over two to three years,

beginning in 2009, subject to the terms of the Cash Retention Program. Sample letters setting

forth the terms of the Cash Retention Program (the "CRP Sample Letters") are attached hereto as

**Exhibit F**. Pursuant to the Cash Retention Program, a cash amount was awarded (the "Cash

Award") to the CRP Participant on a certain date (the "Award Date"). A percentage of the Cash

Award was payable on certain dates (the "Vesting Dates") that were staggered one to three years

after the Award Date. *See* CRP Sample Letters, **Exh. F**.

        21.     To become a CRP Participant, each eligible employee was required to sign

and return the letter setting out the terms of the applicable Cash Retention Program, with such

letter constituting a separate agreement between the CRP Participant and the Debtors (each, a

"CRP Agreement"). *See* CRP Sample Letters, **Exh. F**. The holder of each Pre-Priority Period

CRP Claim had to sign the CRP Agreement before February 1, 2008 in order for the CRP

Agreement to be effective. This date is before the Priority Period.

        22.     In order to receive payment, the CRP Participant had to be employed on

the applicable the Vesting Date or when a Change in Control (defined below) occurred. As

stated in the CRP Sample Letters:

> If prior to becoming fully vested in your Award, (i) your
> employment with [Circuit City] terminates for any reason other
> than your death or permanent disability, or (ii) your employment
> status with the Company changes to part-time, or (iii) you retire
> from the Company, then the unvested portion of your Award will
> be forfeited as of the date of your termination, change in status, or
> retirement, as the case may be.

CRP Sample Letters, **Exh. F.**, p. 1

        23.     The CRP Sample Letters further provided that if the CRP Participant were

employed by Circuit City when a "Change in Control" occurred, then the Cash Award would

become fully payable and the CRP Participant would not have to wait for the Vesting Dates. A

"Change in Control" included the sale of all or substantially all of Circuit City's assets. *See* CRP

Sample Letter, **Exh. F**, ¶ 2. Circuit City had completed its going out of business sales and closed

its remaining stores by March, 2009.

24.    Each holder of a Reduced CRP Claim was employed by Circuit City

through March, 2009. However, as set forth below, the holders of the Reduced CRP Claims

have already received priority payments pursuant to the Wage Order.

25.    None of the holders of the Expunged CRP Claims were employed on any

of the Vesting Dates or when Circuit City had sold all or substantially all of its assets.

## OBJECTION

### A.    The Pre-Priority Period CRP Claims Are Not Allowable as Priority Expense Claims Because They Arose Prior to the 180-Day Priority Period.

26.    Section 507(a)(4) which accords priority status to "wages, salaries, or

commissions . . . *earned*" within 180 days before the filing date. (Emphasis added.) *See In re*

*Cardinal Indus. Inc.*, 160 B.R. 83 (Bankr. S.D. Ohio 1993) (for purposes of priority under

section 507(a), a bonus is "earned" when the right to the bonus is established, even though the

bonus is not payable until a later date). *See also* 4 COLLIER ON BANKRUPTCY ¶507.06[5] (Alan

N. Resnick & Henry J. Sommer eds., 16th ed.) ("The general rule is that wages, salaries and

commissions are earned when the employee obtains a right to payment under the employment

contract rather than at the time that payment is to be made."). As Collier further states with

respect to whether a bonus is "earned" within the 180 days prior to a petition date as required by

section 507(a)(4) of the Bankruptcy Code, "If a bonus is awarded in December, but not payable

until the following March, the bonus was earned in December." COLLIER ON BANKRUPTCY at
507.06[5].

27.    In this case, the Cash Awards were awarded and the CRP Agreements
were signed before the Priority Period. Therefore, the Cash Awards were earned, within the
meaning of section 507(a)(4), before the Priority Period and are not entitled to priority.[2]

28.    Cases construing when a claim arises bolster the point that the Pre-Priority
Period CRP Claims arose before the Priority Period and are not entitled to priority payment. The
definition of "claim" in section 101(5) of the Bankruptcy Code includes "a right to payment" that
is "contingent." 11 U.S.C. § 101(5)(A). *See Grady v. AH Robins Co.*, 839 F.2d 198, 202 (4th
Cir. 1988), *cert. dismissed sub nom. Joynes v. AH Robins Co.*, 487 US 1260 (1988) (defining
"contingent" as "conditioned upon the occurrence of some future event which is itself uncertain,
or questionable."). The Pre-Priority Period CRP Claims were contingent because the right to
payment was conditioned upon the CRP Participant remaining employed with the Debtors
through the vesting dates.

29.    In the Fourth Circuit, a contingent claim arises when the event or conduct
underlying the claim first occurs. *See A.H. Robins Co.*, 839 F.2d at 201-02; *In re U.S. Airways*,
2007 WL 3231573, *3 (Bankr. E.D. Va. 2007) ("A debt 'arises,' for bankruptcy purposes, not
when the effects are felt but when the act giving rise to the liability occurs.").[3] *See also In re*

---

[2] In certain instances, a CRP Claim is based on a CRP Agreement that was signed after the February 1, 2008
deadline. As set forth below, the Liquidating Trust reserves the right to further object to all CRP Claims, including
the aforementioned CRP Claims, on any ground, other than that the Claim is not entitled to priority. The
Liquidating Trust expects to object to the aforementioned CRP Claims on the ground that the CRP Agreement was
not signed in time to be effective and that, therefore, no amount is owing. However, this Objection is limited to
objecting to the request for payment on a priority basis.

[3] In *A.H. Robins*, the court held that a contingent claim arose when the debtor's birth control device had been
implanted and before the plaintiff manifested any injury. *Id.*, 839 B.R. 198.

*Bentley Funding Group, LLC,* 2001 WL 34054525 (Bankr. E.D. Va. Feb. 2, 2001) (surety's right

to indemnity existed as a contingent claim from the date the indemnity agreement was executed);

*Thompson v. Board of Trustees of Fairfax Cty. Police Officers Retirement Sys. (In re Thompson),*

182 B.R. 140, 153 (Bankr. E.D. Va. 1995), *aff'd,* 92 F.3d 1182 (4th Cir. 1996) (claim for

retirement benefits arose when the employee first joined the program– not when the retirement

payments became due in 25-years). As the *Thompson* Court explained, the "25-year requirement

was merely a contingency [that] Thompson had to meet in order to have an immediate right to

payment." *Id.*

        30.     With respect to the CRP Claims, the Debtors incurred a contingent

liability when the CRP Participant signed the CRP Agreement, which in the case of each Pre-

Priority Period CRP Claim listed on **Exhibit C**, had to occur before the Priority Period in order

to be effective. Therefore, each Pre-Priority Period CRP Claim arose before the Priority Period

and is not entitled to priority under section 507(a).

**B.**      <u>The Reduced CRP Claims Should Be Allowed Up to the Statutory Cap, Less</u>
          <u>Previous Priority Payments, With Any Remaining Portion Reclassified as a</u>
          <u>General Unsecured Claim</u>

        31.     The amount payable on a priority basis pursuant to section 507(a)(4) of the

Bankruptcy Code is capped by the statute and this cap is changed every three years. In this case,

the capped priority amount is $10,950. *See* 11 U.S.C. § 104 (providing for adjustments in the

section 507(a)(4) statutory cap every three years); 72 FR 7082 (priority cap under 11 U.S.C. §

507(a)(4) adjusted to $10,950 for cases filed on or after April 1, 2007); 75 FR 8747 (priority cap

under 11 U.S.C. § 507(a)(4) adjusted to $11,725 for cases filed on or after April 1, 2010). These

cases were commenced on November 10, 2008. Therefore, the applicable statutory cap is $10,950.

32.    An individual may not receive more than the statutory cap on account of any claims that are allowed under section 507(a)(4). *See In re LandAmerica Financial Group*, 435 B.R. 343 (Bankr. E.D. VA 2010) (this court allowed section 507(a)(4) priority claim up to the statutory cap, less priority amounts previously received); *In re Share Bldg. Products, Inc.*, 2010 WL 2402882 (June 10, 2010 Bankr. E.D. WI) (individual's claims for wages and commissions were reduced so that aggregate claim did not exceed $10,950; remaining claims in excess of this amount were reclassified as general unsecured basis). *See also* 4 COLLIER ON BANKRUPTCY ¶ 507.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("The maximum dollar limit on the priority is [$10,950][4] for each individual and corporation. Any excess claim for wages, salaries and commissions will be a general unsecured claim.").

33.    Pursuant to the Wage Order, the Debtors paid pre-petition wages to the holders of the Reduced CRP Claims. These wages accrued shortly before the Petition Date and, therefore, were entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code.

34.    If the Reduced CRP Claims are allowed without any reduction for these earlier priority payments, then the holders of the Reduced CRP Claims will receive more than $10,950 on account of their section 507(a)(4) claims. Therefore, these Reduced CRP Claims should be allowed up to the statutory cap, less any amounts paid in wages pursuant to the Wage

---

[4] As set forth herein, the statutory cap adjusts every three years.

Order, as set forth in **Exhibit D**, attached hereto.  Any remaining claim should be allowed as a

general unsecured claim.

      **C.**    **The Expunged CRP Claims Should Be Disallowed Because the Holders of the Expunged CRP Claims Were Not Employed by Circuit City On Any of the Applicable Dates**

      35.    The Liquidating Trustee has determined that Circuit City terminated the

employment of the Expunged CRP Claims before any of the applicable Vesting Dates and before

the Debtors had completed the sale of all or substantially all of their assets.  Therefore, a

necessary condition to Circuit City's obligation to make a payment pursuant to the Cash

Retention Program was not met.

      36.    Accordingly, the Expunged CRP Claims should be disallowed in their

entirety.

## RESERVATION OF RIGHTS

      37.    At this time, the Liquidating Trust has not completed its review of the

validity of all claims/expenses filed against the Debtors' estates, including the CRP Claims.

Accordingly, the CRP Claims may be the subject of additional subsequently filed objections.  To

that end, the Liquidating Trust reserves the right to further object to any and all claims, whether

or not the subject of this Objection, for allowance and/or distribution purposes, and on any other

grounds.  Furthermore, the Liquidating Trust reserves the right to modify, supplement and/or

amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

38.    Notice of this Objection has been provided to the holders of the CRP

Claims ("CRP Claimants") identified on **Exhibit B**, and to parties-in-interest in accordance with

the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy*

*Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain*

*Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at

Docket No. 6208) (the "Case Management Order"). The Liquidating Trust submits that the

following methods of service upon the CRP Claimants should be deemed by the Court to

constitute due and sufficient service of this Objection: (a) service in accordance with Federal

Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil

Procedure 4; (b) to the extent counsel for the CRP Claimants is not known to the Liquidating

Trust, by first class mail, postage prepaid, on the signatory of the CRP Claimant's proof of claim

form or other representative identified in the proof of claim form or any attachment thereto; or

(c) by first class mail, postage prepaid, on any counsel that has appeared on the CRP Claimant's

behalf in the Debtors' bankruptcy cases. The Liquidating Trust is serving the CRP Claimant

with this Objection and the exhibit on which the CRP Claimant's claim is listed.

39.    To the extent any CRP Claimant timely files and properly serves a

response to this Objection by **4:00 P.M. (Eastern) on April 7, 2011** as required by the Case

Management Order and under applicable law, and the parties are unable to otherwise resolve the

Objection, the Liquidating Trust requests that the Court conduct a status conference with respect

to any such responding claimant at **2:00 P.M. (Eastern) on April 14, 2011** and thereafter

schedule the matter for a future hearing as to the merits of such claim. However, to the extent

any CRP Claimant fails to timely file and properly serve a response to this Objection as required

by the Case Management Order and applicable law, the Liquidating Trust requests that the Court

enter an order, substantially in the form attached hereto as **Exhibit A**, reclassifying the Pre-

Priority Period CRP Claims as general unsecured claims as set forth in **Exhibit C**, attached

hereto, and allowing the Reduced CRP Claims on a priority basis in the reduce amount set forth

in **Exhibit D**, attached hereto, and reclassifying as a general unsecured any remaining balance.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

40.     This Objection complies with Bankruptcy Rule 3007(e). Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

41.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

42.     No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia
      February 27, 2011

TAVENNER & BERAN, PLC

      */s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel to the Circuit City Stores, Inc.*  
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*  
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER SUSTAINING LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION TO CLAIMS: RECLASSIFY TO GENERAL UNSECURED CLAIMS, REDUCE TO STATUTORY CAP, OR DISALLOW, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)

THIS MATTER having come before the Court on the *Liquidating Trust's*

*Eleventh Omnibus Objection to Claims:  Reclassify to General Unsecured Claims, Reduce to*

*Statutory Cap, or Disallow, as Applicable (Special Cash Retention Program)* (the "Objection"),[2]

which requested, among other things, that the claims specifically identified on Exhibit B attached

to the Objection be reclassified, reduced or disallowed, as applicable, for those reasons set forth

in the Objection; and it appearing that due and proper notice and service of the Objection as set

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

forth therein was good and sufficient and that no other further notice or service of the Objection

need be given; and it further appearing that no response was timely filed or properly served by

the CRP Claimants being affected by this Order; and it appearing that the relief requested in the

Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and

other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for

the granting of the relief as set forth herein,

  IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

  1. The Objection is SUSTAINED.

  2. The Pre-Priority Period CRP Claims identified on <u>Exhibit C</u> as attached

hereto and incorporated herein are reclassified as general unsecured claims for all purposes in

these bankruptcy cases.

  3. The Reduced CRP Claims identified on <u>Exhibit D</u> as attached hereto and

incorporated herein are allowed as priority claims in the reduced amount as listed on <u>Exhibit D</u>,

with the remainder of the claims reclassified as general unsecured claims, for all purposes in

these bankruptcy cases.

  4. The Expunged CRP Claims identified on <u>Exhibit E</u> as attached hereto and

incorporated herein are disallowed in their entirety for all purposes in these bankruptcy cases.

  5. The Liquidating Trust's rights to object to any claim including (without

limitation) the CRP Claims subject to the Objection, on any grounds that applicable law permits,

are not waived and are expressly reserved.

6.      The Liquidating Trust shall serve a copy of this Order on the CRP

Claimants included on the exhibits to this Order on or before five (5) business days from the

entry of this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
               _____, 2010


                        _____
                        HONORABLE KEVIN R. HUENNEKENS
                        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                      - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                      - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


                                      Lynn L. Tavenner



10384952.
N/A, 1/1/2008, PSU



Circuit City Stores, In
4950 Mapar 10 Nr
Rich**** VA 23233-1464

January 4, 2008



Dear

Circuit City Stores, Inc. (the "Company") would like to support key associates through a cash award program that provides an incentive to work for the Company's long-term success. Accordingly, I am pleased to inform you that, effective January 1, 2008, you have been awarded the following long-term cash award, which will be payable upon vesting:

Long-Term Cash Award: $ 

Your award is subject to the conditions set forth in this letter and to your signing and faxing this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years. If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of your total long-term cash award.

The portion of your award that vests will be paid out following the end of the corresponding vesting period. The vesting of all or part of your award is a taxable event. Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated for any reason on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the

Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer your right to the award granted hereunder.

In order for your award to become effective, you must accept it by signing this letter and by faxing the entire letter as soon as possible, but in no event later than February 1, 2008, to 757-299-8412. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Printed Name

1/16/08
Date