IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 0835653 (KRH)<br>(Jointly Administered) |

**RESPONSE OF TFL ENTERPRISES LLC TO THE LIQUIDATING TRUST'S SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS AND RECLASSIFICATION OF CERTAIN INCORRECTLY CLASSIFIED CLAIMS)**

TFL Enterprises LLC, ("*TFL*"), by and through its undersigned counsel, hereby submits this response (the "*Response*") to the Liquidating Trust's Seventh Omnibus Objection To Claims (Reduction Of Certain Partially Invalid Claims, Disallowance Of Certain Invalid Claims And Reclassification of Certain Incorrectly Classified Claims) [Docket No. 10045] (the "*Objection*"), and states as follows:

BACKGROUND

1.    On November 10, 2008 (the "*Petition Date*"), Circuit City Stores, Inc. ("*Circuit City*") along with the other debtors in the above-captioned cases (together with Circuit City, collectively the "*Debtors*")[1] each filed voluntary petitions for relief under Chapter 11 of Title 11,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of
(continued...)

| | |
|---|---|
| Sheila deLa Cruz (VSB No. 65395)<br>Hirschler Fleischer, P.C.<br>The Edgeworth Building<br>2100 East Cary Street<br>Post Office Box 600<br>Richmond, Virginia 23221-0500<br>Telephone: (804) 771-9500<br>Facsimile: (804) 644-0957<br>Email: sdelacruz@hf-law.com | Nathan F. Coco (IL Bar No. 6236870)<br>George M. Houhanisin (IL Bar No. 06303552)<br>MCDERMOTT WILL & EMERY LLP<br>227 West Monroe Street, Suite 4400<br>Chicago, Illinois 60606-509<br>Telephone: (312) 372-2000<br>Facsimile: (312) 984-7700<br>Email: ncoco@mwe.com |

*Counsel for TFL Enterprises LLC*

United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Eastern District of Virginia (the "*Bankruptcy Court*").

2. After the Petition Date, Circuit City continued in operation of its business of liquidating inventory as a debtor-in-possession pursuant to Sections §§ 1107 and 1108 of the Bankruptcy Code.

3. On December 9, 2008, pursuant to an online auction, Circuit City agreed to sell to Tech For Less LLC ("*Tech*") a bulk lot of certain store return items (the "*Liquidated Inventory*").

4. On June 5, 2009, Tech completed receiving and auditing the Liquidated Inventory items. A final reconciliation comparing the product received to the list of item details comprising the Liquidated Inventory revealed a shortage of 1,757 pieces.

5. On June 30, 2009, Tech filed an administrative proof of claim against Circuit City Stores, Inc. in the amount of $104,986.36 (Claim No. 13947, the "*Administrative Claim*") for the portion of the Liquidated Inventory that Circuit City failed to deliver.

6. On December 4, 2009, Tech transferred its interest in the Administrative Claim to TFL, its affiliate, pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure ("*FRBP*").

7. On September 10, 2010, the Bankruptcy Court confirmed the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "*Plan*"). Pursuant to the Plan, the Circuit City Stores, Inc. Liquidating Trust (the "*Liquidating*

---

Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

*Trust*") assumed the right and responsibility to liquidate the Debtors' remaining assets, including the prosecution of causes of action and objections to claims.

8. On February 25, 2011, the Liquidating Trust filed the Objection which seeks to expunge TFL's Administrative Claim without any explanation or substantiation. (*See* Objection, Exh. G).

## ARGUMENT

9. The Bankruptcy Court should deny the Objection as it relates to TFL's Administrative Claim because the Objection fails to meet the substantive requirements set forth in Rules 3001(f) and 3007(d) of the FRBP.

10. A filed proof of claim constitutes prima facie evidence of the claim's validity and amount. *See* Fed. R. Bankr. P. 3001(f). *See also In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

11. A party objecting to a filed proof of claim bears the burden of presenting "*enough evidence* to overcome the *prima facie* effect of the claim." *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260 (5th Cir. 1998) (emphasis added); *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. at 65 (objecting party must present "*sufficient evidence* to overcome the presumed validity and amount of the claim") (emphasis added). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *See In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985); *In re Alleghany Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

12. In the Objection, the Liquidating Trust declares without any substantiation or evidence that the "Debtors' books and records show no liability to claimant," that the "claim is for shortages of product delivered," and that "the entire claim should be expunged." (*See* Objection, Exh. G). Yet the Liquidating Trust provides no explanation or other supporting documentation to validate its contention that TFL's claim should be expunged. In contrast, the Administrative Claim sets forth substantial detail and supporting documentation regarding, *inter alia*, the Liquidated Inventory, the reconciliation of that inventory, and the terms and conditions governing the sale. None of these are refuted or – even mentioned – in the Objection.

13. Since the Objection fails to provide such support, the Liquidating Trust has not met its burden of presenting "enough evidence" to overcome the presumptive validity of the Administrative Claim under Rule 3001(f).

14. For the foregoing reasons, the Bankruptcy Court should deny the Objection as it relates to the Administrative Claim. TFL expressly reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

WHEREFORE, TFL respectfully requests that the Bankruptcy Court (i) deny the Objection as it relates to the Administrative Claim, (ii) deem the Administrative Claim against the Debtors to be allowed in the amount set forth therein, and (iii) grant such other relief as the Bankruptcy Court deems just and proper.

Dated: March 30, 2011				TFL ENTERPRISES LLC


						By: /s/ Sheila deLa Cruz
						           Counsel

						Sheila deLa Cruz (VSB No. 65395)
						Hirschler Fleischer, P.C.
						The Edgeworth Building
						2100 East Cary Street
						Richmond, Virginia 23223
						P.O. Box 500
						Richmond, Virginia 23218-0500
						Phone: (804) 771-9500
						Facsimile: (804) 644-0957
						Email: sdelacruz@hf-law.com

						and

						Nathan F. Coco (IL Bar No. 6236870)
						George M. Houhanisin (IL Bar No. 06303552)
						MCDERMOTT WILL & EMERY LLP
						227 West Monroe Street, Suite 4400
						Chicago, Illinois 60606-5096
						Telephone: (312) 372-2000
						Facsimile: (312) 984-7700
						Email: ncoco@mwe.com

						*Counsel for TFL Enterprises LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2011, I caused a true and correct copy of the foregoing Response to be electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the CM/ECF system who have filed notices of appearance in this matter. I further certify that the foregoing Response was served via electronic mail, first class mail, and/or overnight mail on the parties listed below:

| | |
|---|---|
| Tavenner & Beran, PLC<br>Attn: Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>20 North Eighth St., 2nd Floor<br>Richmond, VA 23219<br>ltavenner@tb-lawfirm.com<br>pberan@tb-lawfirm.com<br><br>*Counsel for the Liquidating Trust* | Pachulski Stang Ziehl & Jones LLP<br>Attn: Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, CA 90067-4100<br>jpomerantz@pszjlaw.com<br>acaine@pszjlaw.com<br>jhunter@pszjlaw.com<br><br>*Counsel for the Liquidating Trust* |

                                                                  /s/ Sheila deLa Cruz
                                                                       Counsel