Kevin A. Lake (VSB No. 34286)
**MCDONALD, SUTTON & DUVAL, PLC.**
Falmouth Street, Suite 108
Richmond, Virginia 23230
(804) 643-0000 – Telephone
(804) 788-4427 – Facsimile
klake@mcdonaldsutton.com – Email

*Local Counsel for County of Sonoma Tax Collector*

Barry S. Glaser, State Bar No. 116262
**STECKBAUER WEINHART JAFFE, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California  90071
(213) 229-2868 - Telephone
(213) 229-2870 - Facsimile
bglaser@swjlaw.com - Email

*Counsel for County of Sonoma Tax Collector*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ | : | Chapter 11 |
| In re: | : | |
| | : | |
| CIRCUIT CITY STORES, INC. | : | Case No. 08-35653 (KRH) |
| et al., | : | |
| | : | |
| Debtors. | : | |
| | : | Jointly Administered |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | : | |

**RESPONSE OF SONOMA COUNTY TAX COLLECTOR IN OPPOSITION TO
LIQUIDATING TRUST'S EIGHTEENTH OMNIBUS
OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS;
DISALLOWANCE OF CERTAIN INVALID CLAIMS; DISALLOWANCE
OF CERTAIN DUPLICATE CLAIMS; RECLASSIFICATION OF
CERTAIN CLAIMS; DISALLOWANCE OF CERTAIN AMENDED OR
SUPERSEDED CLAIMS; DISALLOWANCE OF CERTAIN LATE FILED
CLAIMS; DISALLOWANCE OR REDUCTION OF CERTAIN INVALID**

**CLAIMS; AND FIXING THE AMOUNT OF CERTAIN CLAIMS);
DECLARATION OF PATTI ADAMS**

The County of Sonoma Tax Collector ("the Tax Collector") hereby submits its Response to the Circuit City Stores, Inc. Liquidating Trust's (the "Liquidating Trust") Eighteenth Omnibus Objection To Claims Filed By Taxing Authorities (Reduction Of Certain Partially Invalid Claims; Disallowance Of Certain Invalid Claims; Disallowance Of Certain Duplicate Claims; Reclassification Of Certain Claims; Disallowance Of Certain Amended Or Superseded Claims; Disallowance Of Certain Late Filed Claims; Disallowance Or Reduction Of Certain Invalid Claims; And Fixing The Amount Of Certain Claims) (the "Objection"). In support thereof, the Tax Collector represents as follows:

**I.**

**SUMMARY OF ARGUMENT**

The Debtors failed to pay personal property taxes due and owing post-petition. The Tax Collector filed a proof of claim in the amount of $7,254.55 for the 2009-10 personal property taxes, for which these taxes were for the lien date of January 1, 2009. The Debtors liquidated by March 2009. Now, the Liquidating Trust is trying to only pay a prorated amount of $953.62 which apparently would be from January 1, 2009 until closing. However, such objection is based on the Liquidating Trust's fundamental misunderstanding of the California tax laws. The Liquidating Trust's Objection and attempt to prorate the Tax Collector's claim is therefore improper and should be denied.

**II.**

**STATEMENT OF PERTINENT FACTS**

1. Circuit City Stores, Inc. (the "Debtor"), was located within the County of Sonoma, utilizes taxable business property in the conduct of its business and is subject to annual

personal property tax assessments. These assessments cannot be made until the Debtor's representatives submit annual information to the Tax Assessor regarding the value and acquisition costs of business equipment, supplies and fixtures.

2. On November 10, 2008, the Debtors sought relief under chapter 11 of title 11 of the U.S. Bankruptcy Code.

3. This Court established May 11, 2009 as the governmental claims bar date. As of May 11, 2009, the Debtor's personal property tax assessments for 2008-2009 were fully paid. The Tax Collector had not yet made its assessment of the Debtor's personal property for the 2009-2010 tax year. Based on the information the Debtor submitted, the Tax Collector calculated and determined the Debtor's assessments on July 29, 2009. Those assessments became due and owing on September 30, 2009.

4. On or about July 29, 2009, the Tax Collector provided notice to the Debtor's representatives of its obligation to pay. The Debtor failed to pay.

5. As a precautionary measure and to preserve its interests, the Tax Collector filed a proof of claim on August 20, 2009 in the amount of $7,254.55 as Claim Number 14571 (the "Claim"). Notwithstanding the notation on the proof of claim form, the estate incurred the tax debt post-petition and the Claim is entitled to administrative expense treatment.

## II.

## THE OBJECTION IS BASED ON THE LIQUIDATING TRUST'S FUNDAMENTAL MISUNDERSTANDING OF CALIFORNIA PROPERTY TAX LAW.

6. In California, the tax liability fixes on the lien date, which is before the Tax Year. Lack of ownership and/or lack of presence in the county during the tax year is irrelevant to the tax obligation, as shown by the authorities discussed below.[1]

7. The obligation to pay California personal tax fixes on the lien date preceding the fiscal year for which the tax is due. Cal. Rev. & Tax Code §§ 401.3, 2192, and 2901. Here, the lien date was January 1, 2009 for the 2009-2010 tax year (prior to 1997, the lien date was March 1 for the coming tax year). Cal. Rev. & Tax Code §§ 117, 405, 2192, and 2901. ***Under the California system, the taxpayer is liable for the taxes on the property he/she/it owns on the lien date even if the taxpayer no longer owns, controls, or possesses the property during the assessment year (the July 1- June 30 period following the lien date) to which the tax relates and in which the tax is due.*** For example, in *In re Western States Wire Corp.* 490 F.2d 1065 (9th Cir. 1974), the trustee in bankruptcy owned, possessed, and controlled property on the lien date and thus was obligated to pay the tax on the property, even though property was sold prior to the year corresponding to the taxes. In *Seegmiller v. Cty. of Nevada*, 53 Cal.App.4th 1397, 1402-03 (1997) the taxpayer's possession of property on the lien date made him responsible for the full amount of property taxes; the fact that he and the property being taxed were not in the county or the State for the full tax year to which the taxes related was irrelevant.

8. As the court explained in *Seegmiller v. Cty. of Nevada*, *supra*, at 1402-1403:

> Seegmiller's "multiple taxation" argument proceeds on the unwarranted assumption that the 1994-1995 tax bill operates prospectively only, i.e., that the County is exercising the power to tax in return for future benefits and protection provided to the taxpayer during the upcoming tax year. Not so.
> The tax lien date (here March 1) is simply a practical method for determining that the taxpayer enjoyed the benefit of governmental services

---

[1] The Liquidating Trust does not deny that it owned the property being taxed on the lien date.

during the year preceding the assessment. This was made clear in *City of Bayonne v. International Nickel Co.* (1968) 104 N.J.Super. 45 [248 A.2d 547] (affd. 54 N.J. 94 [253 A.2d 545], app. dismissed (1969) 396 U.S. 111 [90 S. Ct. 396, 24 L. Ed. 2d 304]) in which a New Jersey appellate court rejected a parallel claim but with even stronger facts favoring the taxpayer.

In Bayonne, a taxpayer which removed all its personal property from the state in 1964 was assessed a property tax bill for 1965. The taxpayer contended that since it removed all its property before the tax year in question began, levying of the tax would violate the due process clause. (248 A.2d at p. 550.)

The Bayonne court repudiated the claim: "The tax . . . here was for governmental services and protection which taxpayer's personal property was receiving from Bayonne and from New Jersey as of January 1, 1964, [the lien date] when that property was permanently situated in Bayonne. The fact that in the statutory tax scheme the tax is denominated as 'for' 1965 and permits the taxpayer to pay it in the latter calendar year does not gainsay the truth of the foregoing assertion. Nor does that fact palliate the escape from tax contribution for the governmental services and protection as of the date referred to . . . . [P] There is no talismanic quality or significance of constitutional dimension in the 'tax year' such that absence from the State of personal property all during that year should automatically invalidate an assessment denominated 'for' that year but statutorily based upon location in the State of property upon a certain date preceding, but not unduly remote therefrom, and reasonably referable to that year. The tax here contested does, . . . 'in practical operation [have] relation to opportunities, benefits, or protection conferred or afforded' by New Jersey and Bayonne." (248 A.2d at pp. 552-553, quoting from *Norfolk & W. R. Co. v. Tax Comm'n* (1968) 390 U.S. 317, 325, fn. 5 [88 S. Ct. 995, 1001, 19 L. Ed. 2d 1201, 1207].)

9. Basically, the way the Tax Collector has calculated is the only way in which the Debtor pays taxes for the same number of years for which it was operating, and consequently, and is the correct way.

## **CONCLUSION**

For the reasons set forth above, the Tax Collector respectfully requests that the Court enter an Order: (i) denying the Liquidating Trust's Objection to the Tax Collector's Claim; (ii) requiring the Debtors to make immediate payment to the Tax Collector; and (iii) granting such other relief as the Court deems necessary and just.

Dated: April 4, 2011    Respectfully submitted,

**MCDONALD, SUTTON & DUVAL, PLC**


By:    /s/ Kevin A. Lake
    Kevin A. Lake, State Bar No. 34286
    MCDONALD, SUTTON & DUVAL, PLC.
    Falmouth Street, Suite 108
    Richmond, Virginia 23230
    (804) 643-0000 – Telephone
    (804) 788-4427 – Facsimile
    klake@mcdonaldsutton.com – Email

*Local Counsel for County of Sonoma Tax Collector*

**STECKBAUER WEINHART JAFFE, LLP**


    Barry S. Glaser, State Bar No. 116262
    STECKBAUER WEINHART JAFFE, LLP
    333 S. Hope Street, 36th Floor
    Los Angeles, California 90071
    (213) 229-2868 - Telephone
    (213) 229-2870 - Facsimile
    bglaser@swjlaw.com - Email

*Counsel for County of Sonoma Tax Collector*