APR 1 2011
US BANKRUPTCY COURT

| | |
|---|---|
| William H. Schwarzschild, III (VSB No. 15274)<br>R. Joseph Noble (VSB No. 77138)<br>**WILLIAMS MULLEN**<br>Williams Mullen Center<br>200 South 10th Street, Suite 1600<br>Post Office Box 1320<br>Richmond, Virginia 23218-1320<br>Tel: 804.420.6489<br>Fax: 804.420.6507<br>tschwarz@williamsmullen.com<br>jnoble@williamsmullen.com | Todd E. Duffy, Esq.<br>Dennis J. Nolan, Esq.<br>**ANDERSON KILL & OLICK, P.C.**<br>1251 Avenue of the Americas<br>New York, New York 10020-1182<br>Tel: (212) 278-1000<br>Fax: (212) 278-1733<br>tduffy@andersonkill.com<br>dnolan@andersonkill.com |

*Attorneys for the State of California,*
*State Board of Equalization*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>**CIRCUIT CITY STORES, INC.,** *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

## OPPOSITION OF THE STATE OF CALIFORNIA, STATE BOARD OF EQUALIZATION TO LIQUIDATING TRUST'S OBJECTION TO CLAIM NOS. 12002, 13186 AND 13187 FILED BY THE CALIFORNIA BOARD OF EQUALIZATION

The State of California, State Board of Equalization (the "BOE"), by and through its counsel, respectfully submits this Opposition to the Liquidating Trust's Objection [Docket Number 10069] (the "Objection") to Claim Nos. 12002, 13186 and 13187 (collectively, the "Claims") filed with United States Bankruptcy Court for the Eastern District of Virginia (the "Court") on February 28, 2011 and respectfully states as follows:

### INTRODUCTION

1. The Objection falls woefully short of meeting its burden. It lacks factual support and contains numerous self-serving conclusory statements – including statements made "upon information and belief" - that without more, cannot supply the required probative evidence and

factual allegations the Trustee relies upon to provide BOE with adequate notice of the basis of the Objection. Moreover, the overbroad "reservation of rights", which declares that the Trustee may supply the required factual support, if he chooses, at a time in the future, contravenes the express terms and limitations of the confirmed plan in this case. Specifically, the Plan, from which the Trust and the Trustee derive standing, allows for only two possibilities with respect to filing an objection to an administrative claim: (i) object within 120 days of the Effective Date; or (ii) file a motion with the Court to extend the time to file an objection. The Trustee has filed no such motion and although nominally labeled his filing an "objection", the filing by the Trustee is so deficient in meeting his burden and the requirements of the Court's Local Bankruptcy Rule 3007-1 that it cannot possibly be considered an Objection.

2. To the contrary, rather than seeking a Court determination that an extension of time was appropriate under the circumstances, the Trustee unilaterally elected to extend his limited time to file an Objection to the Claims by filing an objection shell and indicating that he would fill in the hollow center when (and if) he gets around to it. As a result, the BOE is expected to respond by a date certain and defend its claims without the benefit of an adequate statement of a legitimate factual basis for the Objection. Were this appropriate, it would shift the burden of proving the viability of its claim to the creditors. This is contrary to the law in this circuit.

3. Rather, the Trustee's failure to file a substantive objection by the Plan-imposed deadline acts as a waiver of his right to file an objection. The Trustee's attempt to sidestep that waiver with a "reservation of rights" renders the contractual deadline in the confirmed plan meaningless and should be disregarded. Accordingly, the Objection must be denied and any attempts by the Trustee to belatedly supplement its Objection must be dismissed or disregarded by the Court as inequitable.

## BACKGROUND

4. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (§§ 101-1552) (the "Bankruptcy Code").

5. On or about March 16, 2009, the BOE filed an unsecured priority proof of claim in the amount of $36,033.68 based on an audit assessment for the period of October 2004 to November 2008 ("Claim No. 12002"). A true and correct copy of Claim No. 12002 is annexed hereto as Exhibit A.

6. On or about May 11, 2009, the BOE filed an administrative priority claim in the amount of $325,605.29 for the period November 2008 through December 2008 ("Claim No. 13186"). Claim No. 13186 includes a late fee assessed against debtor Circuit City Stores, Inc. as based on its failure to file a timely return. A true and correct copy of Claim No. 13186 is annexed hereto as Exhibit B.

7. On or about May 11, 2009, the BOE filed an administrative priority claim in the amount of $2,525,699.69 for underpayments of sales tax for the period November 2008 through December 2008 ("Claim No.13187"). A true and correct copy of Claim No. 13187 is annexed hereto as Exhibit C.

8. On August 9, 2010, the Debtors and the Creditors' Committee filed the Second Amended joint Plan of Liquidation of Circuit City Stores, Inc., and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").

9. On September 10, 2010, the Court entered an Order confirming the Plan.

10. The Plan became effective on November 1, 2010, and pursuant to the Plan and the Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility

to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the objections to claims.

11.   On February 28, 2011, the Trustee filed the Objection

**THE BOE OPPOSITION AND BASIS THEREFOR**

12.   The Objection must be denied because the Trustee has failed even to satisfy the requirements of the Court's Local Bankruptcy Rule 3007-1, specifically by failing to set forth "with particularity the grounds" upon which the Objection is premised. His failure to provide such information or request an extension of time to do so prior to the 120-day deadline under the Plan acts a waiver of his right to object to the Claims. The Trustee should not be permitted to circumvent that deadline by including a broad "reservation of rights" and the option to provide factual basis for his objection if and when he decides it is appropriate. Rather his objection should be derived as insufficient and overruled.

**A.    Proof of Claim Is Prima Facie Evidence of Validity and Amount.**

13.   According to the Bankruptcy Rules, a properly filed proof of claim is "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As such, a creditor's claim is presumptively valid unless the debtor can prove that the claim should be disallowed. *In re Harford Sands, Inc.*, 372 F.3d 637, 640 (4th Cir. 2004); *see In re Varona*, 388 B.R. 705, 712-14 (Bankr. E.D. Va. 2008). Section 502 of the Bankruptcy Code delineates the circumstances under which a bankruptcy court may disallow a claim. 11 U.S.C. § 502(b); *Harford Sands*, 372 F.3d at 640; *Varona*, 388 B.R. at 712-13. "If an objection is filed, the court is required to determine the amount and validity of the claim as of the date of the filing of the petition." *Varona*, 388 B.R. at 713.

**B.    Burden of Proof Shifts Between Debtor and Creditor.**

14.   After a creditor files a valid proof of claim, "the objecting party has the initial

burden of presenting sufficient evidence to overcome the prima facie effect of the filed proof of claim." *Id.* The debtor must present evidence to "rebut or meet the presumption." Fed. R. Evid. 301; *see Harford Sands*, 372 F.3d at 640; Fed. R. Bankr. P. 9017.[1] That evidence must be *sufficiently probative* to overcome the claim's presumptive effect, or in other words, evidence that contradicts the claim's validity and/or amount. *In re Shabazz*, 206 B.R. 116, 120 (Bankr. E.D. Va. 1996), *aff'd*, 80 A.F.T.R.2d 97-5312, 1997 WL 593863 (E.D. Va. June 9, 1997); *In re Doctors' Health, Inc.*, 335 B.R. 95, 118 (Bankr. D. Md. 2005). Generally, such evidence includes affidavits or declarations, not, as was offered by the Trustee, simple legal conclusions. "If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *Harford Sands*, 372 F.3d at 640. Not only does the Objection lack evidentiary support, but it lacks even a modicum of information necessary to provide the BOE with sufficient notice of the factual basis of the Objection or the contemplated evidence on which the Objection is founded.

15. Claims in bankruptcy proceedings filed by taxing authorities present unique issues as to which party ultimately carries the burden of proof.

> Where, however, a tax claim is involved, and the specific issue is one on which, in a nonbankruptcy forum, the taxpayer would have the burden of proof, a debtor-taxpayer in bankruptcy must carry the burden of proof on that issue in connection with an objection to claim.

*Shabazz*, 206 B.R. at 120 (*citing IRS v. Levy (In re Landmark Equity Corp.)*, 973 F.2d 265 (4th Cir. 1992)). The *Shabazz* Court found that the debtor failed to present any facts in his objection showing that he did not owe the taxes claimed by the IRS. *Shabazz*, 206 B.R. at 120-23 (rejecting debtor's basic, unsupported objections that the IRS had not sufficiently proved debtor

---

[1] The Liquidating Trust admits as much in its objection, though it relies on a decision by a North Carolina bankruptcy court. *See* Objection at ¶20.

owed the claimed taxes).[2]

16. The Supreme Court, in a case relied on by the Trustee, rejected the very same argument that the Trustee seems to be implicitly offering to the Court. Indeed, by offering only four conclusory statements rather than any factual support for their objections, the Trustee is arguing that the BOE – and not the Debtor – must prove the amount of taxes owed. *See Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 20, 26 (2000) (finding Ill. tax code puts burden of proof on taxpayer);[3] *see also In re Moser*, 2002 WL 23163 at *4 (4th Cir. Jan. 9, 2002) (relying on *Raleigh* and finding debtor failed to rebut presumption of correctness afforded to IRS's tax, penalties and interest claim by preponderance of the evidence; IRS's calculation of taxes and penalties not arbitrary and excessive per debtor's objection).[4]

### C. California Law Applies and Places Burden on Taxpayer.

17. Pursuant to *Raleigh*, California law will determine which party has the burden of proof in this dispute over tax claims. California law places the burden of proof on the taxpayer with respect to sales tax assessments:

---

[2] Even a case relied on by the Liquidating Trust in its Objection acknowledges that, in the context of a federal tax penalty, the debtor-taxpayer ultimately has the burden of proof. *In re Frank*, 333 B.R. 745, 754 (Bankr. M.D.N.C. 2005) ("the ordinary rules of shifting burdens in a claim objection proceeding do not apply; instead, the burden of disproving the IRS's claim always rests with the debtor/taxpayer by a preponderance of the evidence."); *see* Objection at ¶20.

[3] The *Raleigh* court itself recognized that the Fourth Circuit "leav[es] the burden on the taxpayer." *Raleigh*, 530 U.S. at 20 (*citing In re Landbank Equity Corp.*, 973 F.2d 265, 270-71 (4th Cir. 1992)). The Liquidating Trust acknowledges that the taxpayer bears the ultimate burden of proof in certain circumstances. *See* Objection at ¶20.

[4] It should be noted that in *Moser*, the IRS did present evidence and a witness to the bankruptcy court as to the correctness of its calculations of the Mosers' tax liability and in response to the Mosers' objection. The Fourth Circuit stated: "The calculation of interest and penalties on unpaid taxes does not involve subjective judgments. It does not matter who performs the calculations. All that matters is whether or not they are performed correctly. As a result, the IRS was free to call any employee who could explain why the figures in the third amended proof of claim are correct." *Moser*, 2002 WL 23163 at *4.

> In a suit for tax refund, the burden of proof is on the taxpayer, not only to demonstrate [BOE's] determination is incorrect, but also to produce evidence from which a proper tax determination can be made. The taxpayer must affirmatively establish the right to a refund of the taxes by a preponderance of the evidence, and cannot simply assert error and shift to the state the burden of justifying the tax.

*Paine v. State Board of Equalization*, 187 Cal. Rptr. 47, 49 (Cal. Ct. App. 1982) (internal citations omitted). The *Paine* Court recognized the presumption that BOE's determination as to the tax amount owed is correct and the taxpayers shoulder the burden of overcoming it. *Id.* at 51.

### D. The Liquidating Trust Failed To Present Sufficient Factual Basis.

18. Here, the Liquidating Trust failed to state sufficient facts or include any evidence to overcome the presumption that BOE's assessment of Circuit City's tax liability is correct. The Liquidating Trust asserts legal conclusions that the Claims are disallowed or require adjustment without providing any factual support. Surely, its claim upon information and belief as to BOE's alleged improper or erroneous calculations, for example, without any supporting evidence, cannot constitute a sufficient factual basis. *See* Objection at ¶8. The Liquidating Trust fails to attach any affidavits attesting to the alleged impropriety of the Claims or alternative calculations showing adjustments are warranted, relying, in conclusory fashion, upon its books and records. As such, the Court must find that the Liquidating Trust failed meet the requirements of the Court's Local Bankruptcy Rule 3007-1 or satisfy its burden and overrule the Objection and allow the Claims.

19. The Liquidating Trust maintains that requests for payment of administrative expenses are not afforded the same evidentiary weight as proofs of claim. Objection at ¶21 (*citing In re PT-1 Comm'ns*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007)). However, the *PT-1* court was no help to the Trustee because it did not ultimately decide which party bears the burden of proof on requests for administrative expenses, finding "burden of proof is not an issue." *PT-1*, 386 B.R. at 407 (involving IRS's claims for taxes, penalties and interest for post-

petition period). Presumably, the Liquidating Trust relies on this case because it cites two bankruptcy courts within the Fourth Circuit in its analysis. However, neither of those cases involved tax disputes[5] and the *PT-1* Court focused more on the fact that the IRS amended its claim for tax-related penalties and submitted it after the operative bar date, whereas here the Claims were timely. Furthermore, given the ruling in *Raleigh*, regardless of the presumption, it is the tax payer's burden to prove the amount of taxes owed. The Trustee's attempt to satisfy that burden by asserting four conclusory statements – one of which was based "upon information and belief" – cannot satisfy that burden. Thus, the dispute over the presumption afforded to administrative claims is immaterial.

### E.    A Placeholder Objection is Inappropriate

20.    Finally, while nominally called an "Objection", the Trustee's Objection serves only one purpose: to extend the deadline to file objections to administrative claims. Filing such a nominal objection amounts to a waiver of the Trustee's right to further bolster his Objection sometime down the road with information that he had in his possession well before filing the Objection. This is especially so because the documents creating the Trust provide a method to extend the deadline to object to an administrative claim.

21.    Because the Trust derives its existence and rights from the Plan and Trust Agreement and those documents provide that the only way to extend the deadline to object to claims is by filing a motion, this attempt to circumvent that requirement should be thwarted and any further submission of evidence by the Trustee should be stricken and disregarded by the Court. Thus, because the Trustee has essentially waived his right to object to the Claims, the

---

[5] The Trustee's reliance on *In re Morgan*, 48 B.R. 148 (Bankr. D. Md. 1985) (finding that burden of proof rests on claimant seeking approval of attorneys' fees) and *In re Silvus*, 329 B.R. 193 (Bankr. E.D. Va. 2005) (considering Trustee's application for compensation) is also misplaced for the same reason – these cases do not consider tax claims.

NYDOCS1-963654.4                                - 8 -

Trustee's objection should be evaluated on the instant submission and not what information he might be able to unearth well after the plan imposed deadline and after the BOE has filed its only reply.

22.    Traditional waiver principals arise when a party – such as the Trustee – voluntarily waives a known right. *First Union Comm. Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enterprises, Inc.)*, 81 F.3d 1310, 1317 (4th Cir. 1996). It is well settled that a "confirmed plan of reorganization acts like a contract that is binding on all parties, debtor and creditors alike." 11 U.S.C. § 1141(a); *see, e.g., Varat*, 81 F.3d at 1317. The failure of a party in interest – like the Trustee – to abide by the terms of the confirmed plan and file an objection to an administrative claim may serve as a waiver of the right to bar that objection. *Varat*, 81 F. 3d at 1317.

23.    Here, under the terms of the Plan, the Trustee was given a finite time to object to administrative proofs of claim. Paragraph 1.4 of the Plan defines "Administrative Claims Objection Deadline" as follows:

> ***Administrative Claims Objection Deadline*** means the last day for filing an objection to any request for the payment of an Administrative Claim, which shall be the later of (a) one hundred twenty (120) days after the Effective Date or (b) such other date specified in this Plan or ordered by the Bankruptcy Court. The filing of a motion to extend the Administrative Claims Objection Deadline shall automatically extend the Administrative Claims Objection Deadline until a Final Order is entered on such motion; provided that any hearing on said motion is held on or before the date that is no more than thirty (30) days after the Administrative Claims Objection Deadline. In the event that such motion to extend the Administrative Claims Objection Deadline is denied by the Bankruptcy Court, the Administrative Claims Objection Deadline shall be the later of the current Administrative Claims Objection Deadline (as previously extended, *if applicable*) or thirty (30) days after the Bankruptcy Court's entry of an order denying the motion to extend the Administrative Claims Objection Deadline.

24.    Indeed, if the Trustee determined after an evaluation that he needed more time to object to claims, he could have filed a motion with the Court and explained why additional time was necessary. Here, the Trustee neither filed an objection to the Claims that meets his required

burden nor requested an extension of time to file that objection. Rather, the Trustee, without the Court's permission, extended the deadline to actually file an objection to the Claims by filing this vague Objection and reserving his rights to substantiate it at some undisclosed time of his choosing. He does not indicate why he was unable to provide any substantiation for the Objection or meet his required burden. Nor does the Trustee even indicate when he will get around to substantiating his Objections. Instead, the Trustee chose to file a nominal objection and expects the BOE to shoulder the Trustee's burden under the relevant case law. This circumvents the ability of the Court to monitor the progress of the Trustee with respect to his Plan duties and improperly shifts the burden on the non-objecting party to justify its claims with the hope that the Trustee will someday at a time of his choosing supply the necessary information to substantiate his objection and meet the required burden. The Trustee should not be rewarded for breaching the contract reflected in the confirmation of the Debtor's Plan and as a result the Court should strike and/or disregard any further evidentiary submission justifying the Objection.

## CONCLUSION

WHEREFORE, because the Trustee has failed to meet his burden and has waived his opportunity to file a substantive objection to the Claims; the State of California, State Board of Equalization requests that the Court enter an order overruling the Objection and granting the BOE any further relief it deems appropriate.

Dated:   Richmond, Virginia
         March 29, 2011

                                   **STATE OF CALIFORNIA,**
                                   **STATE BOARD OF EQUALIZATION**

                                   By:_____*/s/ William H. Schwarzschild, III*_____

                                   William H. Schwarzschild, III (VSB No. 15274)

R. Joseph Noble (VSB No. 77138)
**WILLIAMS MULLEN**
Williams Mullen Center
200 South 10th Street, Suite 1600
Post Office Box 1320
Richmond, Virginia 23218-1320
Tel: 804.420.6489
Fax: 804.420.6507

-and-

Todd E. Duffy, Esq.
Dennis J. Nolan, Esq.
**ANDERSON KILL & OLICK, P.C.**
1251 Avenue of the Americas
New York, New York 10020-1182
Tel: (212) 278-1000
Fax: (212) 278-1733

*Counsel for the State of California,
State Board of Equalization*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2011, a true and accurate copy of the foregoing Opposition to the Objection was filed on ECF and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

>Lynn L. Tavenner, Esquire
>Paula S. Beran, Esquire
>Tavenner & Beran, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, VA 23219
>
>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>Pachulski Stang Ziehl & Jones LLP
>10100 Santa Monica Boulevard
>Los Angeles, CA 90067-4100
>
>*Counsel for Liquidating Trust*

/s/ William H. Schwarzschild, III

14385196_3.DOC