UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF CATELLUS OPERATING LIMITED PARTNERSHIP
TO LIQUIDATING TRUST'S SEVENTEENTH OMNIBUS OBJECTION
TO LANDLORD CLAIMS (REDUCTION OF PARTIALLY INVALID CLAIM)**
(Claim No. 12328)

This response is filed by Catellus Operating Limited Partnership, a Delaware limited partnership ("Catellus") to the Liquidating Trust's Seventeenth Objection to Landlord Claims (the "Objection"). In the Objection, the Liquidating Trust asserts that Catellus' Claim No. 12328 filed in the amount of $5,149,326.69 should be partially invalidated and reduced and allowed in the sum of $3,066,976.46.

The Liquidating Trust's objection asserts that $251,727.33 claimed by Catellus as prepetition rent that was owed as of the filing of the Debtor's petition should be disallowed because it is not supported by the Debtors' books and records. In addition, the Liquidating Trust has set forth that the portion of Catellus' claim for additional damages for repairs and deferred maintenance totaling $1,830,622.90 should also be disallowed as not being supported by the Debtors' books and records.

---

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | Edward J. Tredinnick (CSB No. 84033) |
| Michael D. Mueller, Esquire (VSB No. 38216) | Greene Radovsky Maloney Share & Hennigh, LLP |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | Four Embarcadero Center, Suite 4000 |
| CHRISTIAN & BARTON, LLP | San Francisco, CA 94111 |
| 909 East Main Street, Suite 1200 | Telephone: (415) 981-1400 |
| Richmond, Virginia 23219 | Facsimile: (415) 777-4961 |
| Telephone: (804) 697-4100 | E-mail: etredinnick@greeneradovsky.com |
| Facsimile: (804) 697-4112 | |
| Counsel for Catellus Operating Limited Partnership | Counsel for Catellus Operating Limited Partnership |

Catellus disputes this Objection and in further support of its claim submits along with this response the Declaration of Elizabeth Summerer, the Property Manager for the premises leased by Catellus to the Debtor (*see Exhibit A*). As a response, Catellus submits the following:

<u>Prepetition Rents</u>

Catellus owns the real estate commonly known as 501 South Cheryl Lane, City of Industry, California, consisting of approximately 449,049 sq. ft. in which Circuit City operated a warehouse and distribution center (hereinafter the "Premises"). The Premises were leased to Circuit City Stores, Inc. originally by Catellus Development Corporation, as landlord pursuant to a lease dated September 19, 1990 (the "Lease") which is attached to the original Proof of Claim. The Claimant herein, Catellus Operating Limited Partnership, a Delaware limited partnership, is the successor-in-interest to Catellus Development Corporation, a Delaware corporation, the original landlord under the Lease. Catellus believes that the Liquidating Trust has based his objection to disallow the prepetition rent due to the differing names.

Catellus requests that the Court take notice of the Debtor's Schedules and Statements of Affairs, wherein it has listed a debt to Catellus Development Corporation in the amount of $251,727.33 as a prepetition amount owing by Circuit City Stores, Inc. This is the <u>exact</u> amount that Catellus has asserted in its Proof of Claim as the pre-petition amount that is due. A copy of Page No. 1557 of Schedule F of the Circuit City Stores, Inc. filed herein is attached to this Response as *Exhibit B*. In addition, the Declaration of Elizabeth Summerer sets forth the amount owing on Catellus' books and records as the exact amount set forth in the Proof of Claim which the Liquidating Trust seeks to disallow.

2

Catellus asserts that the Liquidating Trust's review of the Debtors' books and records is in error and asserts that the prepetition rent as set forth in the Proof of Claim should be allowed in full as part of the claim of Catellus.

Maintenance and Repair Damages

Under the terms of the Lease, Circuit City was responsible for ongoing repairs and maintenance of the Premises, including but not limited to, maintenance and repairs to the skylights and roof and maintenance of the exterior of the building. Prior to the filing of the Petition, Catellus notified Circuit City of its responsibility for roof and skylight repairs and for painting of the exterior of the building. Further, under the terms of the lease, Circuit City was obligated to return the Premises to Catellus in the same condition as when received, ordinary wear and tear excepted. The Debtor did not take the necessary actions to restore the Premises and abandoned certain personal property and fixtures at the Premises. In addition, significant damage to the Premises was caused by the removal of fixtures and equipment from the Premises by the Debtor and its agents for which the Debtor was responsible under the Lease. At the time of the filing of the Proof of Claim, Catellus detailed these repair and maintenance damages as additional damages that it was entitled to recover totaling $1,830,622.90.

Since the filing of the Debtors' Proof of Claim, Catellus has completed the repair and deferred maintenance work necessitated by the Debtors' failure to comply with the Lease terms. As set forth in the Declaration of Elizabeth Summerer, the total amount actually expended by Catellus for the repair and maintenance items that were the obligation of the Debtor under the Lease was $ 1,615,273.05. Catellus will agree to reduce its overall claim by $215,340.85 to take into account the actual amounts expended for repairs and deferred maintenance.

3

Catellus contends that the additional items for maintenance and repair are a proper claim against the Debtor that is not subject to the Section 502(b)(6) landlord's cap as was determined by this Court in *In re Best Products Company, Inc.,* 229 B.R. 673 (Bankr. E.D. Va. 1998).

WHEREFORE, Catellus requests that the Court deny the Liquidating Trust's objections to Catellus' Claim No. 12328 and allow that claim in the amount of $4,933,976.84.

Dated:  April 4, 2011                    **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-6112

**-and-**

Edward J. Tredinnick (CSB No. 84033)
Greene Radovsky Maloney Share & Hennigh, LLP
Four Embarcadero Center, Suite 4000
San Francisco, CA 94111
Telephone:  (415) 981-1400
Facsimile:  (415) 777-4961
E-mail:  etredinnick@greeneradovsky.com

*Counsel for Catellus Operating Limited Partnership*

4

**CERTIFICATE OF SERVICE**

I, Jennifer M. McLemore, hereby certify that on the 4th day of April 2011, a true and correct copy of the foregoing Response of Catellus Operating Limited Partnership to Liquidating Trust's Seventeenth Omnibus Objection to Landlord Claims (Reduction of Partially Invalid Claim) (Claim No. 12328) – Administrative Claim) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1140869v2

5