**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>    Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

**412 SOUTH BROADWAY REALTY LLC'S RESPONSE TO LIQUIDATING
TRUST'S TWENTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS**

Now comes 412 South Broadway Realty LLC ("412 South"), by and through its undersigned counsel, on its own behalf and as assignee of Circuit NH Corp. ("Circuit NH"), GAS Salem LLC ("GAS"), and Principal Mutual Life Insurance, Co. ("Principal"), and files this Response to Liquidating Trust's Twentieth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Late Filed Claims, Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims) ("Objection").  The Liquidating Trust's Objection should be denied as to 412 South's claims, to the extent stated herein, because (1) it misclassifies 412 South's administrative claim for post-petition real estate taxes as a general unsecured claim instead of an administrative expense claim; (2) it miscalculates 412 South's rejection damages; (3) the proposed order should state that if a claim is disallowed because it was subsequently amended, then the amended claim shall not be objected to on the grounds that it was untimely; (4) the proposed order does not purport to allow the unobjected-to portion of the claims, giving

---

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254)<br>Michael D. Mueller, Esquire (VSB No. 38216)<br>Jennifer M. McLemore, Esquire (VSB No. 47164)<br>CHRISTIAN & BARTON, LLP<br>909 East Main Street, Suite 1200<br>Richmond, Virginia 23219<br>Telephone:  (804) 697-4100<br>Facsimile:  (804) 697-4112 | Robert Somma, Esquire<br>Laura A. Otenti, Esquire<br>Posternak Blankstein & Lund LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199<br>Telephone:  (617) 973-6100 |
| Counsel for 412 South Broadway Realty LLC | Counsel for 412 South Broadway Realty LLC |

the Liquidated Trust unlimited bites at the apple and depriving 412 South of any certainty as to the allowance or disallowance of its claims; and (5) the Objection does not adequately explain the grounds for the objection.  All of 412 South's claims arise out of a commercial lease, identified by the Debtors as No. 4120 ("Lease"), for property located in Salem, New Hampshire ("Property").

## I. BACKGROUND

A. **Procedural Background**

1. On November 10, 2008 ("Petition Date"), Circuit City Stores, Inc. ("Debtor") and affiliated debtors ("Debtors") filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors managed and operated their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these jointly administered chapter 11 cases.

4. On November 12, 2008, this Court entered a certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner, and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 [Docket No. 107].

5. On March 5, 2009, the Debtor filed a Notice of Rejection of Unexpired Leases and Abandonment of Personal Property ( "Notice of Rejection"), whereby the Debtor rejected the Lease as of March 12, 2009.  See Notice of Rejection of Unexpired Leases and Abandonment of Personal Property [Docket No. 2434].

2

6. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

7. On September 10, 2010, this Court signed an Order confirming the Plan.

8. The Plan became effective on November 1, 2010. Pursuant to the Plan and the Liquidating Trust Agreement, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' assets, object to claims, and distribute proceeds of the liquidation.

**B.** **Proofs of Claim**

9. On January 21, 2009, Circuit Investors #5- Salem Limited Partnership ("Circuit Investors"), a former title holder of the Property and landlord under the Lease, timely filed a Proof of Claim in the amount of $11,866.66 and an unliquidated claim for all obligations arising under the Lease. KCC docketed this claim as No. 5020.

10. On January 29, 2009, Principal, the mortgagor of the Property and assignee of the lease and rents as of the Petition Date, filed a general unsecured Proof of Claim (Claim No. 8235) in the amount of $81,829.00 for unpaid prepetition rent arising under the Lease.

11. On April 21, 2009, Circuit Investors filed and amended Proof of Claim, in the amount of $604,013.32, which added rejection damages and unpaid post-petition rent to its prior claim. This claim was docketed by KCC as No. 12282.

12. On April 28, 2009, GAS, as assignee of Principal, filed a general unsecured Proof of Claim (Claim No. 12568) in the amount of $569,140.20 for damages arising from the Debtor's rejection of the Lease.

13. On June 16, 2009, Circuit NH, title holder of the Property as of the Petition Date and landlord under the Lease, filed an amended Proof of Claim, which substituted itself in place

3

of Circuit Investors as the claimant, and asserted a general unsecured claim in the amount of $604,013.32 for prepetition rent, rejection damages, and an administrative claim for post-petition rent pursuant to the Lease. This claim was docketed by KCC as No. 13397.

14. On June 26, 2009, 412 South, which purchased the Note secured by the Property from GAS, filed an administrative priority Proof of Claim (Claim No. 13675) in the amount of $146,486.66 for post petition rent under the Lease.

**C.    Assignment of Claims.**

15. Pursuant to an Assignment of Leases and Rents dated June 30, 1993 by and between Circuit Investors and Principal, Circuit Investors and Circuit NH as successor in interest assigned all of their right, title and interest in the Property under the Lease to Principal subject to a license to collect rent so long as Circuit NH was not in default.

16. Pursuant to an Assignment of Assignment of Leases and Rents dated March 26, 2009, Principal assigned all of its right, title, and interest in and to the Property under the Lease to GAS.

17. On June 5, 2009, 412 South acquired all of GAS's right, title, and interest in and to the Property under the Lease pursuant to a Note Sale and Assignment Agreement, Assignment of Assignment of Leases and Rents, Assignment of Proof of Claim from Principal Life Insurance Co., and Assignment of Proof of Claim of GA Salem LLC.

18. On August 5, 2009, Circuit NH conveyed a deed in lieu to 412 South. As part of that transaction, Circuit NH assigned its Proofs of Claim to 412 South.

19. Accordingly, as of August 5, 2009, the rights of Circuit Investors, Circuit NH, Principal, and GAS vested in 412 South.

20. On October 23, 2009, 412 South filed its Notices of Transfer with the Court.

4

21. On October 27, 2009, 412 South filed its Request for Allowance of Chapter 11 (1) Amended Administrative Expense Claim and; (2) Amended General Unsecured Claim, whereby 412 South attempted to consolidate all of the claims relating to the Lease and voluntarily reduced the amount of the claim by eliminating the claim for post-petition rent and reducing the amount of prepetition rent. [Docket No. 5365] The Request has not been acted on.

## II.   LIQUIDATING TRUST'S OMNIBUS OBJECTION

22. On February 28, 2011, the Liquidating Trust filed the Objection. Its objections to 412 South's claims can be summarized as follows:

23. Claim 13675 (Objection Exhibit C) - Liquidating Trust objects to all claims for stub-rent ($23,733.33) and post-petition rent ($74,470.94) and post-petition repairs ($26,600). The Liquidating Trust does not object to allowing $21,681 in general unsecured claims, presumably recharacterizing post-petition real estate tax obligations as a general unsecured claim.

24. Claim 13397 (Objection Exhibit C) - Liquidating Trust objects to all claims for post-petition rent ($143,586.66) and does not object to $460,426.66 as a general unsecured claim, presumably the claim for rejection damages.

25. Claim 8235 (Objection Exhibit E) - Liquidating Trust objects to the claim on the grounds that claimant is not the landlord and purports to expunge all claims for prepetition rent and real estate taxes.

26. Claim 5020 (Objection Exhibit G) - Liquidating Trust objects to an unliquidated general unsecured claim because it is superseded by a later-filed amended claim, Claim 13397. The Liquidating Trust does not object to Claim 13397 to the extent of $143,586 as a priority claim and $460,426.66 as a general unsecured claim.

5

27. Claim 12568 (Objection Exhibit G) - Liquidating Trust objects to a general unsecured claim of $569,140.20 because it is superseded by a later-filed amended claim, Claim 13397. The Liquidating Trust does not object to Claim 13397 to the extent of $143,586.66 as a priority claim and $460,426.66 as a general unsecured claim.

### III.    412 SOUTH'S RESPONSE TO LIQUIDATING TRUST'S OBJECTION

A.    **The Objection should be denied as to Claim No. 13675 to the extent that it improperly characterizes post-petition real estate tax obligations as a general unsecured claim instead of an administrative claim.**

28. 412 South opposes the Liquidating Trust's attempt to recharacterize 412 South's claim (Claim No. 13675) for post-petition real estate taxes as a general unsecured claim.

29. Pursuant to the Lease, the Debtor is required to pay (i) basic rent, plus (ii) additional rent including, without limitation, maintenance, taxes, and legal requirements. A true and accurate copy of the Lease having already been provided the to the Liquidating Trust, is not attached hereto, but another copy will be made available upon request.

30. The Debtor used and possessed the Property from the Petition Date until it rejected the Lease on March 12, 2009.

31. Pursuant to Section 8 of the Lease, Debtor is obligated, "before interest or penalties are due thereon, [to] pay and discharge all taxes of every kind and nature…." During the Administrative Period, the Debtor failed to pay its pro-rata share of taxes that accrued equaling $21,681.97 (115 days x $33,937 ÷ 180 days). A true and accurate copy of the tax invoices from the Petition Date through the Administrative Period is attached as <u>Exhibit A</u>. A true and accurate copy of the rent ledger is attached hereto as <u>Exhibit B</u>.

32. Therefore, 412 South's claim for post-petition real estate taxes are an administrative expense claim.

33.     412 South does not object to the Liquidating Trust's recharacterization of the $26,600 repair and maintenance claim as a general unsecured claim and requests that it be allowed in full.  Section 11 of the Lease obligates the Debtor to maintain the Property in good repair and appearance and to make all repairs and replacements that may be required.  Additionally, Section 8(b) the Debtor agreed to comply with legal requirements.  The Debtor failed to make repairs or to maintain the Property, including modifications required by law, estimated to equal $26,600.  The estimated costs are summarized in the Property Condition Report dated February 17, 2009, compiled by PDSI Commercial Building Solutions.  See Exhibit C, pp. 7-8, and Immediate Repairs Cost Estimate Table (Pages 7 – 8 are attached.  The entire Exhibit C will be provided upon request.)

**B.     The Objection miscalculates 412 South's claim for rejection damages.**

34.     The Objection improperly reduced 412 South's claim for rejection damages (Claim No. 13397) from $555,640.22 to $460,426.

35.     Pursuant to § 502(b)(6) of the Bankruptcy Code, the Debtor's rejection of the Lease gives rise to damages equal to the greater of one year of rent, or rent for 15 percent of the remaining term but not to exceed three years rent.  The rejection damages include taxes, insurance, and common area maintenance reserved under the lease.  See Exhibit C, pp. 7-8 and Reserve Schedule.

Calculation of One Year's Rent Reserved:

| Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|
| $427,200 | $71,098 | $3,167 | $3,000 | $504,465 |

7

Calculation of 15% of Balance of Term:

| Period | Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|---|
| 11/10/08-07/31/09 | $309,720 | $51,230 | $2,282 | $3,000 | $366,232 |
| 08/01/09-07/31/10 | $427,200 | $71,098 | $3,167 | $17,580 | $519.045 |
| 08/01/10-07/31/11 | $427,200 | $73,231 | $3,262 | $2,500 | $506,193 |
| 08/01/11-07/31/12 | $427,200 | $75,428 | $3,360 | $2,500 | $508,488 |
| 08/01/12-07/31/13 | $427,200 | $77,691 | $3,461 | $18,000 | $526,352 |
| 08/01/13-07/31/14 | $427,200 | $80,021 | $3,564 | $3,300 | $514,085 |
| 08/01/14-07/31/15 | $427,200 | $82,422 | $3,671 | $250,580 | $763,873 |
| **Total:** | | | | | $3,704,268 |
| **15% of Total** | | | | | $555,640.20 |

Calculation of Three Years' Rent Reserved:

| Period | Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|---|
| 11/10/08-11/09/09 | $427,200 | $71,098 | $3,167 | $3,000 | $504,465 |
| 11/10/09-11/09/10 | $427,200 | $71,684.58 | $3,193.13 | $78,683 | $580,760.71 |
| 11/10/10-11/09/11 | $427,200 | $73,835.18 | $3,288.95 | $2,500 | $506,824.13 |
| **TOTAL:** | | | | | $1,592,049.84 |

36.     Accordingly, 412 South holds a claim against the Debtor in an amount not less than **$555,640.20** on account of damages incurred as a result of the rejection of the Lease.

37.     The Objection does not give the basis for the Liquidating Trust's reduction of the rejection damages claim.

**C.     The Proposed Order should make clear that later-filed amended claims will relate back to the timely filed prior claim.**

38.     412 South opposes the Objection as to Claim Nos. 5020, 12568, and 8235 to the extent that the Liquidating Trust intends to use disallowance of the claims as a springboard to

8

arguing that Claim No. 13397 was not timely filed. The Proposed Order does not provide that the later-filed amended claim will relate back to the date of the prior-filed claim.

39.    By this Response, 412 South requests that the Proposed Order provide that Claim No. 13397 is timely filed (as it simply amends a prior timely filed claim) and that the Liquidating Trust may not later object to Claim No. 13397 on the grounds that it was not timely filed.

**D.    The Court should not allow the Liquidating Trust to reserve its right to further object to claims that are the subject of the Objection.**

40.    The Liquidating Trust has thoroughly vetted 412 South's claims and has objected to those claims on a number of different grounds. In some cases the Trust wishes to expunge the claim in full; in other cases the Trust seeks a reduction in the claim amount or recharacterization of its priority. Yet, the Liquidating Trust reserves its right to further object to the claims on different grounds at a later time. Although 412 South's claims all arise out of one lease for one property, it has already had to respond to two omnibus objections.

41.    412 South objects to the Proposed Order to the extent that it allows the Liquidating Trust unlimited bites at the apple to object to the same claims. It is an inefficient use of judicial, Trust, and private resources and provides no certainty to claimholders. To the extent that the claims are not objected to in the Objection, they should be allowed.

**E.    The Objection does not adequately set forth the basis for objecting to the claim.**

42.    It is impossible to know from the Objection on what grounds the claims are being expunged or reduced. For example, the Objection purports to recharacterize the treatment of post petition real estate tax obligations as a unsecured general claim rather than an administrative

9

claim. The grounds for doing so are not explained.[1] Nor is the basis for the Liquidating Trust's reduction in the claim for rejection damages stated.

43. Many of the documents supporting the claims of 412 South and this response have not been attached but will be provided upon request. 412 South states in this response that (a) the documents are voluminous and (b) almost all have already been provided to the Liquidating Trust.

## IV.     CONCLUSION

44. WHEREFORE, for the forgoing reasons 412 South prays that the Court grant the following relief:

   a. allowance of 412 South's claim for post-petition real estate taxes as an administrative claim in the amount of $21,681.97;

   b. allowance of 412 South's claim for rejection damages in the amount of $555,640.20;

   c. entry of an order that unobjected-to claims that are the subject of the Objection are allowed;

   d. entry of an order that the Liquidating Trust may not later object to claims that are the subject of the Objection;

   e. such other and further relief as the Court deems just.

---

[1] The Liquidating Trustee claims that it does not know who the landlord is. See Objection to Claim 8235 (Objection Exhibit E). All of the claims relating to the Lease have been assigned to 412 South.

Dated: April 4, 2011          **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

**-and-**

Robert Somma, Esquire
Laura A. Otenti, Esquire
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 973-6100

*Counsel to 412 South Broadway Realty LLC*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 4th day of April 2011, a true and correct copy of 412 South Broadway Realty LLC's Response to Liquidating Trust's Twentieth Omnibus Objection to Landlord Claims has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1140948