**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile: (315) 474-4040
Kevin M. Newman, Esquire

and

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Sangertown Square, L.L.C.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

---

In re:

CIRCUIT CITY STORES, INC., *et al.*

Debtors.

Case No. 08-35653-KRH
Jointly Administered
Chapter 11 Proceedings

---

**SANGERTOWN SQUARE, L.L.C.'S RESPONSE TO THE LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN <u>INVALID CLAIMS</u>)**

Sangertown Square, L.L.C. (the "Landlord") by and through its attorneys, Menter, Rudin & Trivelpiece, P.C., and local counsel, Christian and Barton, L.L.P., respectfully submits this Response to the Circuit City Stores, Inc. liquidating trust's (the "Liquidating Trust") *Fourth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims and Disallowance of Certain Invalid Claims)* (the "Claim Objection").

{22375/22755/AK/00296222.DOC}

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the above captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. The Landlord leased nonresidential real property located at the Sangertown Square Mall, New Hartford, New York (the "Premises") to Circuit City Stores, Inc. (the "Debtor") under an unexpired lease (the "Lease").[1]

3. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3).[2] *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

4. On February 19, 2009, the Court entered an *Order Under Bankruptcy Code Section 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (a) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (b) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (c) Lease Rejection Procedures* (the "Rejection Procedures Order"). The Lease was rejected pursuant to the Rejection Procedures Order on March 10, 2009.

5. The Landlord filed a claim for $503,024.98 plus attorneys' fees in connection with the rejection of the Lease pursuant to § 502(b)(6)(A) ("Claim No. 12212").

---

[1] The Landlord will provide the Lease upon the Liquidating Trust's request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

{22375/22755/AK/00296222.DOC}1141656    2

6. On February 25, 2011 the Liquidating Trust filed the Claim Objection, setting the response deadline for April 7, 2011 at 4:00 p.m. and a hearing date for April 14, 2011 at 2:00 p.m.

### RESPONSE TO OBJECTION

7. The Liquidating Trust objects to Claim No. 12212 on the grounds that it does not match the Debtors' books and records and proposes reducing it by $51,883.86, leaving a claim of $451,141.12. The Liquidating Trust has not explained the basis for the proposed reduction of the claim.

8. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554 at 557); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v. United States (In re Caroll),* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992).

9. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re*

*Allegheny International,* Inc., 954 F.2d at 173–74). In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." *Id.* (citing 9 Collier on Bankruptcy, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

10. Section 502(b)(6) of the Bankruptcy Code provides that damages due a lessor resulting from the termination of a lease of real property are limited to "the rent reserved by such lease, without acceleration, for the greater of one year or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of . . . " the Petition Date or the date the lessor repossessed the property or the debtor surrendered the property. 11 U.S.C. § 502(b)(6)(A).

11. The Landlord has attached to Claim No. 12212 documentation showing that the amount of the claim represents fifteen percent of the total rent reserved of $503,024.98.

12. Furthermore, William F. Baker, Assistant General Counsel with Pyramid Management Group, LLC, and a person having personal knowledge of the relevant facts in the Debtor's and the Landlord's transactions, attests that the amount claimed in Claim No. 12212 is a true and accurate calculation of the amount owed by the Debtors. The Declaration of Mr. Baker is attached as Exhibit "A."

13. In light of the foregoing, the Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim No. 12212. The Liquidating Trust has not explained the basis for its proposed reduction of Claim No. 12212. The Liquidating Trust's objection to Claim No. 12212 should therefore be overruled.

**WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's objection to Claim No. 12212, allowing Claim No. 12212, and granting the Landlord such other and further relief as the Court deems just and proper.

Dated: April 5, 2011                              **CHRISTIAN & BARTON, L.L.P.**

By: /s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esquire
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for Sangertown Square, L.L.C.*

### CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 5th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore