IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED
APR 4 2011
CLERK
US BANKRUPTCY COURT

In re:

CIRCUIT CITY STORES, INC., et al.,.
Debtors.

Chapter 11

Case No. 08-35653-KRH

(Jointly Administered)

## GREGORY LEE MCCALL'S RESPONSE TO LIQUIDATING TRUST'S OBJECTION TO SECURED CLAIMS FILED BY RESPONDENT.

COMES NOW, Gregory Lee McCall, hereinafter Secured Party hereby gives his response to Circuit City Stores, Inc. hereinafter "debtors" via the Liquidating Trust's objection to the secured claims filed by the Secured Party. Insupport of his response, Secured Party states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this response under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this response in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

### BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.  On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.  Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.  On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.  On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No.

2.

107)(the "503(b)(9) Bar Date Order").

9.   Pursuant to the 503(b)(9) Bar Date Order, this Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was on December 19, 2008 (the "503(b)(9) Bar Date").

10.   On November 19, 2008, KCC served a copy of the 503(b)(9) Bar Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 358). In addition, the Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No. 549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch (Docket No. 547).

11.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

12.   On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

13. On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (Docket No. 3354) (the "Administrative Claims Bar Date Order").

14. Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) was 5:00 p.m. (Pacific) on June 30, 2009. Pursuant to the Administrative Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Claims Bar Date Notice").

15. On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609). In addition, the Debtors published the Administrative Claims Bar Date Notice in The Financial Times (Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

16. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

17. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

18. The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claims.

### SECURED PARTY'S RESPONSE TO DEBTOR'S OBJECTION TO SUBMITTED CLAIMS

19. On September 30, 2010, Secured Party filed Claim No. 15097 as a secured claim in the amount of $18,000,000.00. An additional claim was filed on December 4, 2010, by the debtors and assigned Claim No. 15100, in the same amount. (See debtors Exhibit B and Exhibit C certified as true copies).

20. Claim No. 15100 should be disallowed as it is a duplicate of Claim No. 15097.

21. Secured Party's claim is not late: Secured Party's claim was timely filed as notice was given to the debtors of the pending civil action in the Johnson County, Kansas District Court under Case No. 04-CV-2240. Once the debtors filed for Chapter 11 protection under the Federal Bankruptcy Procedure Rules, Secured Party gave notice to this Court of his standing as a party to the bankruptcy proceedings. A claim was filed in the Johnson County District Court's Recorder Office against the debtors and the additional assets of the employees who committed the actions claimed by Secured Party. This action was stayed due to the filing of the debtors' Chapter 11 petition and had survived summary judgment in the state court proceedings.

22. The claim is established and should be allowed: Secured party established his standing to seek judicial relief prior to debtor's filing Chapter 11 protection. The Kansas Court denied summary judgment in those proceedings whereby

5.

the debtors employee law firm of Baty, Holm & Numrich, P.C. of Kansas City, Missouri offered two ridiculous settlement terms of $500.00 and $750.00 which were rejected by Secured Party as the cost of the items taken without the trespass amounted to over $40,000.00. The debtors were liable as the actions occurred against the Secured Party by the debtors employees while on company time with no outside supervision of the company being considered.

23. The claim is based on the record as established and detailed in debtor's Exhibit D as well as documents located within the Kansas Court records which are available to the debtors from the Johnson County Kansas District Court clerks office.

24. Secured Party has presented enough evidence in the record to establish his standing in these bankruptcy proceedings: In response to the debtors' allegation that the $18,000,000.00 claim is unjustified is frivolous. Secured Party brought his claim against the debtors in a atimely manner and gave personal notice to each of the persons named in the suit with an opportunity to settle the matter prior to bring suit. The debtors collectively defaulted on the notices and which led to the civil action being filed. Each named debtor was assessed a certain sum and given notice that upon default triple damages would incur. Again the named persons defaulted and the amount tripled to whereby the claim, including punative damages amounted to $2,000,000.00 each totalling $6,000,000.00 multiplied three times for a grand total of $18,000,000.00. Secured Party sought punative damages for the act of trespass and expected an award from a jury trial that has been delayed due to the bankruptcy proceedings.

25. The claim is secured: In the prepetition private action with the persons named in the Kansas suit, Secured Party gave notice that by failing to respond or otherwise defaulting, the individuals granted Secured Party the right to act as "Power of Attorney" in those proceedings and henceforth as their silence would be construed as acquiescence. Upon defaulting Secured Party filed Financing Statements in the Johnson County District Court Recorder of Deeds Office as well

6.

as the State of Kansas and Virginia Secretary of State Office U.C.C. Division. Debtors may view the claims at those locations.

26. Based upon his response to the debtor's objection to the claim, the Secured Party has established his rights and the claims should be allowed in their entirety and or the stay lifted so that the Kansas civil action may proceed.

### RESERVATION OF RIGHTS

27. Secured Party reserves all rights not specifically stated in this response and reservs the right to amend, modify, or supplement this response upon discovery of additional information, claims, defendants and evidence.

### WAIVER OF MEMORANDUM OF LAW

28. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no factual disputes requiring issues of law in the response, Secured Party requests that the requirement that all motions and responses be accompanied by a written memorandum of law be waived.

### NO PRIOR RELIEF

29. No previous request for relief sought herein has been made to this Court or any other Court.

WHEREFORE, Gregory Lee McCall, Secured Party Claimant respectfully moves this Honorable Court to overrule the debtors' objection and allow the claims of the Secured Party to be adjudicated in this venue, and grant all other relief the Court deems equitable in these premises.

Executed on: March 28, 2011
Forrest City, Ar.

Respectfully Submitted,

By: _Gregory Lee McCall_
Gregory Lee McCall
S.P.C. Pro Per

7.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

### ORDER OVERRULING LIQUIDATING TRUST'S OBJECTION
### TO SECURED CLAIMS FILED BY GREGORY LEE MCCALL

THIS MATTER having come before the Court on Gregory Lee McCall's Response to the Liquidating Trust's Objection to Secured Claims filed by him as a Secured Party with standing in these premises which requested that the debtor's Objection be overruled as set forth in the response; and it appearing that due and proper notice and service of the Response as set forth therein was good and sufficient: and it appearing that the relief requested in the Response is in the best interest of the parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Objection is OVERRULED.

2. That Gregory Lee McCall's claims are allowed in their entirety for all purposes in these bankruptcy cases.

3. That McCall shall serve a copy of this Order on the debtor's on or before five(5) business days from the entry of this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia

_____,2011

HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was placed in the internal mail system of the Forrest City-Low F.C.I. postage prepaid first class mail return receipt requested on or about the 28th day of March, 2011 addressed to:

Attorneys for the Debtors:

C/O PACHUSKI STANG ZIEHL & JONES LLP
10100 SANTA MONICA BOULEVARD
LOS ANGELES, CALIFORNIA [90067-4100]

TAVENNER & BERAN, PLC
20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA [23219]

Respectfully,

By: _____
Gregory Lee McCall
SPC Pro Per

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1-(C), I hereby certify that the foregoing response has been endorsed or served upon all necessary parties.

_____
Gregory Lee McCall