**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:  (315) 474-4040
Kevin M. Newman, Esquire

and

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P.*
*and Sangertown Square, L.L.C.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

---

In re:

CIRCUIT CITY STORES, INC., *et al.*

　　　　　　　　　　　　　Debtors.

Case No. 08-35653-KRH
Jointly Administered
Chapter 11 Proceedings

---

**CAROUSEL CENTER COMPANY, L.P. AND SANGERTOWN SQUARE, L.L.C.'S RESPONSE TO THE LIQUIDATING TRUST'S THIRD OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Carousel Center Company, L.P. ("Landlord 1") and Sangertown Square, L.L.C. ("Landlord 2") by and through their attorneys, Menter, Rudin & Trivelpiece, P.C., and local counsel, Christian and Barton, L.L.P., respectfully submit this Response to the Circuit City

Stores, Inc. liquidating trust's (the "Liquidating Trust") *Third Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims)* (the "Claim Objection").

**BACKGROUND**

1. On November 10, 2008 (the "Petition Date"), the above captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. Landlord 1 leased nonresidential real property located at the Carousel Center, Syracuse, New York ("Premises 1") to Circuit City Stores, Inc. (the "Debtor") under an unexpired lease ("Lease 1").

3. Landlord 2 leased nonresidential real property located at the Sangertown Square Mall, New Hartford, New York ("Premises 2") to the Debtor under an unexpired lease ("Lease 2").[1]

4. The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3).[2] *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

5. On February 19, 2009, the Court entered an *Order Under Bankruptcy Code Section 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (a) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of*

---

[1] The Landlord will provide Lease 1 and Lease 2 upon the Liquidating Trust's request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

{22375/22755/AK/00295633.DOC}114647    2

*All Interests, (b) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (c) Lease Rejection Procedures* (the "Rejection Procedures Order"). Lease 2 was rejected pursuant to the Rejection Procedures Order on March 10, 2009.

6. Landlord 2 filed a claim for $192.49 for locksmith charges (Claim No. 13702).

7. On March 20, 2009 the Debtors and the Landlord 1 entered into a Lease Termination Agreement (the "LTA"), in which they agreed to the termination of Lease 1. As part of the LTA, the Landlord waived 10% of the amount of its claim arising from termination calculated in accordance with § 502(b)(6)(A) of the Bankruptcy Code. The LTA and the Consent Order approving the LTA are attached as Exhibit "A."

8. Landlord 1 filed a claim for $921,634.54 plus attorneys' fees, arising from termination of Lease 1 calculated pursuant to § 502(b)(6)(A) ("Claim No. 12294"). This claim takes into account the 10% reduction agreed to in the Lease Termination Agreement.

9. Landlord 1 also filed a claim of $5,225 for sign removal costs ("Claim No. 12359").

10. On February 25, 2011 the Liquidating Trust filed the Claim Objection, setting the response deadline for April 7, 2011 at 4:00 p.m. and a hearing date for April 14, 2011 at 2:00 p.m.

### RESPONSE TO OBJECTION

11. The Liquidating Trust objects to Claim No. 12359 and Claim No.12294 alleging that they are unsubstantiated and should be disallowed. Furthermore, the Liquidating Trust objects to Claim No. 13702 on the grounds that it does not match the Debtors' books and records. The Liquidating Trust has not explained the basis for the proposed expungment of the claims.

{22375/22755/AK/00295633.DOC}114647    3

12. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554 at 557); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v. United States (In re Caroll),* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992).

13. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re Allegheny International*, Inc., 954 F.2d at 173–74). In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." *Id.* (citing 9 Collier on Bankruptcy, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

14. Claim No. 12359 represents the Debtors' obligations for costs incurred for sign removal and repair to Premises 1. Claim No. 12359 includes a written $5,225 estimate for the cost of repair provided by the contractor. The work has been completed, and Landlord 1 ultimately paid $4,425 for sign removal. Proof of payment is attached to this Response as

{22375/22755/AK/00295633.DOC}114647     4

Exhibit "B." Landlord 1 accordingly consents to a reduction of Claim No. 12359 to $4,425. Nevertheless, the Liquidating Trust has presented no evidence challenging the validity of Claim No. 12359 in part or in whole, and thus Claim No. 12359 should be allowed in the amount of $4,425.

15. Claim No. 13702 is for locksmith charges incurred by Landlord 2. Claim No. 13702 includes an invoice for the locksmith charges. The bill has been paid, and the Landlord's proof of payment is attached to the Response as Exhibit "C." The Liquidating Trust has presented no evidence challenging the validity of Claim No. 13702, and its objection to Claim No. 13702 should accordingly be denied.

16. Section 502(b)(6) of the Bankruptcy Code provides that damages due a lessor resulting from the termination of a lease of real property are limited to "the rent reserved by such lease, without acceleration, for the greater of one year or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of . . . " the Petition Date or the date the lessor repossessed the property or the debtor surrendered the property. 11 U.S.C. § 502(b)(6)(A).

17. The LTA provides:

Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver of the cure amount as of February 28, 2009 totaling $80,958.87 and ten (10) % of the amount of the Landlord's claim arising from termination of the lease calculated in accordance with 11 U.S.C. section 502(b)(6)(A)(the "Consideration"). Nothing contained herein shall constitute the Landlord's waiver of: (i) the rent and charges due under the Lease for those days of March 2009 through and including the Termination Date and (ii) claims for rejection or termination damages which are not specifically included in the Consideration ((i) and (ii), together, the "Reserved Claims"). The Tenant reserves all rights with respect to the reserved claims and nothing herein shall be construed as or deemed a waiver of such rights.

18. Landlord 1 has attached to Claim No. 12294 documentation reflecting that total rent for one year amounts to $1,024,038.38. Furthermore, Landlord 1 attached a statement explaining that its claim of $921,634.54 represents its claim after application of the 10% reduction agreed to in the LTA. Thus, Claim No. 12294 fully complies with § 502(b)(6), and the Liquidating Trust has failed to meet its burden of presenting sufficient evidence of a bona fide dispute justifying disallowance of Claim No. 12294.

19. Furthermore, William F. Baker, Assistant General Counsel with Pyramid Management Group, LLC, and a person having personal knowledge of the relevant facts in the Debtor's and the Landlords' transactions, attests that the amounts claimed in Claim No. 13702 and Claim No. 12294 are true and accurate calculations of the amounts owed by the Debtor. Mr. Baker further attests that Landlord 1 is owed $4,425 with regard to Claim No. 12359. The Declaration of Mr. Baker is attached as Exhibit "D."

20. In light of the foregoing, the Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim No. 13702, Claim No. 12294, and Claim No. 12354. The Liquidating Trust has not explained the basis for its proposed expungment of these claims. The Liquidating Trust's Claim Objection with regard to these claims should therefore be overruled and the claims should be allowed. Furthermore, the Landlord consents to allowance of Claim No. 12359 in the amount of $4,425.

**WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's Claim Objection with regard to Claim No. 13702 and Claim No. 12294, allowing these claims, allowing Claim No 12359 in the reduced amount of $4,425, and granting Landlord 1 and Landlord 2 such other and further relief as the Court deems just and proper.

Dated: April 5, 2011            **CHRISTIAN & BARTON, L.L.P.**

By:    /s/ Jennifer M. McLemore
      Augustus C. Epps, Jr., Esquire (VSB No. 13254)
      Michael D. Mueller, Esquire (VSB No. 38216)
      Jennifer M. McLemore, Esquire (VSB No. 47164)
      909 East Main Street, Suite 1200
      Richmond, Virginia 23219
      Telephone: (804) 697-4100
      Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esquire
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile: (315) 474-4040

*Attorneys for Carousel Center Company, L.P.
and Sangertown Square, L.L.C.*

### CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 5th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore