# EXHIBIT "A"

## LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March 20, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and Carousel Center Company, LP ("Landlord"), and Pyramid Company of Onondaga ("Easement Holder").

WHEREAS, Landlord and Tenant are parties to a certain lease dated May 5, 2003 (as the same may have been amended or extended, the "Lease"), pursuant to which Tenant leases from Landlord certain premises located at Carousel Center in Syracuse, New York (the "Premises"), known as Store No. 3150.

WHEREAS, Tenant and Easement Holder are parties to a certain easement agreement dated May 21, 2004 (as the same may have been amended or extended, the "Easement Agreement").

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease and the Easement Agreement on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The Lease is terminated as of the date that Tenant surrenders possession to the Premises to the Landlord, which shall be done in accordance with paragraph 3 hereof and shall, in any event, be no later than March 31, 2009 (the "Termination Date").

2. The Easement Agreement is terminated effective as of the Termination Date. Within 7 days of receipt, the Tenant shall execute a written instrument in recordable form prepared by Landlord that, when recorded, will terminate the Easement Agreement of record.

3. Tenant will effectively surrender possession of the Premises to Landlord in accordance with the Order Authorizing and Approving Lease Rejection Procedures entered by the Bankruptcy Court on February 19, 2009 (Docket No. 2242).

4. Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver of the cure amount as of February 28, 2009 totaling $80,958.87 and ten (10) % of the amount of the Landlord's claim arising from termination of the Lease calculated in accordance with 11 U.S.C. section 502(b)(6)(A)(the "Consideration"). Nothing contained herein shall constitute the Landlord's waiver of: (i) the rent and charges due under the Lease for those days of March 2009 through and including the Termination Date and (ii) claims for rejection or termination damages which are not specifically included in the Consideration ((i) and (ii), together, the "Reserved Claims"). The Tenant reserves all rights with respect to the Reserved Claims and nothing herein shall be construed as or deemed a waiver of such rights.

5. Upon the Termination Date, each of the Landlord, the Easement Holder, and the City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA) releases any and all claims, causes of action, suits, debts, sums of money, damages,

{22375/22755/K1.C/00026006.DOC}

judgments, costs and expenses whatsoever which each of the Landlord and/or Easement Holder ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Tenant, other than the Reserved Claims.

6. Upon the Termination Date, the Tenant releases any and all claims, causes of action, suits, debts, sums of money, damages, judgments, costs and expenses whatsoever which the Tenant ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Landlord, Easement Holder and City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA), other than with respect to the Reserved Claims.

7. This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

8. Landlord and Tenant expressly acknowledge and agree that no security deposit remains held by Landlord or refundable to Tenant with respect to Tenant's occupancy or vacation of the Premises.

9. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

10. Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting. The parties agree that they will sign such documentation as is reasonably necessary to effectuate the terms of this Agreement. The party requesting that a document be signed shall prepare the document at its expense.

11. The laws of the State of New York shall govern the interpretation and enforcement of this Agreement. All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

12. This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

{22375/22755/KLC/00026006.DOC}2

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this 20th day of March, 2009.

Carousel Center Company, LP

By: _____

Name: Robert J. Congel
Title: Authorized Agent

Pyramid Company of Onondaga

By: _____

Name: Robert J. Congel
Title: General Partner

City of Syracuse Industrial Development Agency

By: _____

Name:
Title:

CIRCUIT CITY STORES, INC., a Virginia Corporation, as debtor and debtor in possession in Case No. 08-35653-KRH

By: _____

Name:
Title:

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this 20th day of March, 2009.

Carousel Center Company, LP

By: _____

Name:
Title:

Pyramid Company of Onondaga

By: _____

Name:
Title:

City of Syracuse Industrial Development Agency

By: *[signature]*

Name: Vito Sciscioli
Title: VICE-CHAIR

CIRCUIT CITY STORES, INC., a Virginia Corporation, as debtor and debtor in possession in
Case No. 08-35653-KRH

By: _____

Name:
Title:

{22375/22755/KLC/00026006.DOC}3

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this 20th day of March, 2009.

Carousel Center Company, LP

By: _____

Name:
Title:

Pyramid Company of Onondaga

By: _____

Name:
Title:

City of Syracuse Industrial Development Agency

By: _____

Name:
Title:

CIRCUIT CITY STORES, INC., a Virginia Corporation, as debtor and debtor in possession in Case No. 08-35653-KRH

By: *Michelle Mosier*

Name: *M Mosier*
Title: *VP Controller*

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC.,:   Case No. 08-35653-KRH
et al.,                   :
                          :
         Debtors.         :   Jointly Administered
- - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO TERMINATE UNEXPIRED LEASE
OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February 3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and certain of its subsidiaries, debtors and debtors in possession in the above-captioned cases (collectively,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the bidding and auction procedures for sale of certain nonresidential real property leases (the "Bidding Procedures"), (ii) setting dates for sale hearings, and (iii) authorizing and approving (a) the sale (the "Sale") of certain unexpired nonresidential real property leases (the "Leases", comprising the February Leases and the March Leases, each as defined in the Motion) free and clear of all interests, including liens, claims, and encumbrances (collectively, the "Interests"), (b) the assumption and assignment of the Leases, and (c) lease rejection procedures for any Leases that are not sold in connection with the foregoing; and the Court having entered the Order under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Bidding and Rejection Procedures Order"); and the Court having entered the Supplemental Order under Bankruptcy Code Sections 105, 363, and 365 Approving Amended Bid Deadline In Connection With Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases (the "Supplemental Order"), which established a revised bid deadline of March 3, 2009 and amended the Bidding Procedures; and upon the record of the auction conducted on March 10, 2009 (the "Auction") and the hearing held on March 13, 2009 (the "Sale Hearing"); and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

    A.  The Court has jurisdiction to hear and determine the Motion and to grant the relief requested

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C. The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

D. The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

E. A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including the lessor, Carousel Center Company, LP, (the "Lessor") for the lease related to store number 3150 (the "Store") located at Carousel Center, Syracuse, New York(together with any and all related lease documents and subleases associated therewith, if any, the "Lease").

4

F.  The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G.  After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor and Pyramid Company of Onondaga.

H.  The Lessor and the Debtors wish to terminate the Lease pursuant to the terms of the Lease Termination Agreement annexed hereto as Exhibit A (the "Lease Termination Agreement").

I.  The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

5

J. Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is granted as set forth herein.

2. The Lease Termination Agreement attached hereto as <u>Exhibit A</u> is approved in its entirety.

3. The Lease is terminated pursuant to the terms of the Lease Termination Agreement.

4. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

---

[3] Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

5. This Court shall retain jurisdiction to enforce the provisions of this Order and the Lease.

Dated: Richmond, Virginia
March ___, 2009
Mar 20 2009

/s/ Kevin R. Huennekens
_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on Docket: 3/23/09

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

7

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

8

# EXHIBIT A

**LEASE TERMINATION AGREEMENT**

# LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March ___, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and Carousel Center Company, LP ("Landlord), and Pyramid Company of Onondaga ("Easement Holder").

WHEREAS, Landlord and Tenant are parties to a certain lease dated May 5, 2003 (as the same may have been amended or extended, the "Lease"), pursuant to which Tenant leases from Landlord certain premises located at Carousel Center in Syracuse, New York (the "Premises"), known as Store No. 3150.

WHEREAS, Tenant and Easement Holder are parties to a certain easement agreement dated May 21, 2004 (as the same may have been amended or extended, the "Easement Agreement").

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease and the Easement Agreement on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  The Lease is terminated as of the date that Tenant surrenders possession to the Premises to the Landlord, which shall be done in accordance with paragraph 3 hereof and shall, in any event, be no later than March 31, 2009 (the "Termination Date").

2.  The Easement Agreement is terminated effective as of the Termination Date. Within 7 days of receipt, the Tenant shall execute a written instrument in recordable form prepared by Landlord that, when recorded, will terminate the Easement Agreement of record.

3.  Tenant will effectively surrender possession of the Premises to Landlord in accordance with the Order Authorizing and Approving Lease Rejection Procedures entered by the Bankruptcy Court on February 19, 2009 (Docket No. 2242).

4.  Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver of the cure amount as of February 28, 2009 totaling $80,958.87 and ten (10) % of the amount of the Landlord's claim arising from termination of the Lease calculated in accordance with 11 U.S.C. section 502(b)(6)(A)(the "Consideration"). Nothing contained herein shall constitute the Landlord's waiver of: (i) the rent and charges due under the Lease for those days of March 2009 through and including the Termination Date and (ii) claims for rejection or termination damages which are not specifically included in the Consideration ((i) and (ii), together, the "Reserved Claims"). The Tenant reserves all rights with respect to the Reserved Claims and nothing herein shall be construed as or deemed a waiver of such rights.

5.  Upon the Termination Date, each of the Landlord, the Easement Holder, and the City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA) releases any and all claims, causes of action, suits, debts, sums of money, damages,

judgments, costs and expenses whatsoever which each of the Landlord and/or Easement Holder ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Tenant, other than the Reserved Claims.

6. Upon the Termination Date, the Tenant releases any and all claims, causes of action, suits, debts, sums of money, damages, judgments, costs and expenses whatsoever which the Tenant ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Landlord, Easement Holder and City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA), other than with respect to the Reserved Claims.

7. This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

8. Landlord and Tenant expressly acknowledge and agree that no security deposit remains held by Landlord or refundable to Tenant with respect to Tenant's occupancy or vacation of the Premises.

9. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

10. Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting. The parties agree that they will sign such documentation as is reasonably necessary to effectuate the terms of this Agreement. The party requesting that a document be signed shall prepare the document at its expense.

11. The laws of the State of New York shall govern the interpretation and enforcement of this Agreement. All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

12. This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

Case 08-35653-KRH  Doc 2731  Filed 03/23/09  Entered 03/23/09 09:31:29  Desc Main Document  Page 18 of 18

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this _____ day of March, 2009.

Carousel Center Company, LP

By: _____

Name:
Title:

Pyramid Company of Onondaga

By: _____

Name:
Title:

City of Syracuse Industrial Development Agency

By: _____

Name:
Title:

CIRCUIT CITY STORES, INC., a Virginia Corporation,
as debtor and debtor in possession in
Case No. 08-35653-KRH

By: _____

Name:
Title: