FILED 2011 APR -4 PM 1:09 US BANKRUPTCY COURT RICHMOND DIVISION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### Response to Liquidating Trust's Eleventh Omnibus Objection to Claims: Reclassify to General Unsecured Claims, Reduce to Statutory Cap, or Disallow, As Applicable (Special Cash Retention Program)

The undersigned creditor ("Creditor") hereby responds on his own behalf to the Liquidating Trust's Eleventh Omnibus Objection (the "Objection"), which asks the Court to reclassify a portion of Creditor's claim from priority to general unsecured status on the basis that it was not "earned" within 180 days of the petition date. Creditor's claim is for $40,000, of which $20,000 vested on January 1, 2009, and of which $10,950 was filed as a priority claim under Bankruptcy Code section 507(a)(4).

The Trustee appears to argue that Creditor's entire retention award was "earned" at the time Creditor signed his award letter, which occurred more than 180 days prior to the petition date, and therefore is excluded from the priority treatment otherwise afforded employee wages, notwithstanding Creditor's continued employment with Debtor over the 180-day period.

Creditor believes that common sense and fairness dictate that the retention award was "earned" pro-rata each day over the vesting period. Accordingly, the $20,000 that vested on January 1, 2009, was earned at the rate of $54.79 per day ($20,000/365 = $54.79), which means that at the very least $9,862 was earned during the 180-day period preceding the petition date ($54.79 x 180 days = $9,862) and is entitled to priority treatment under section 507(a)(4).

Creditor therefore respectfully asks the Court to reject the Trustee's request to reclassify Creditor's priority claim, or, in the alternative, to reclassify only $1,088, and retain the remaining $9,862 as a priority claim.

DATED this 4th day of April 2011.

Respectfully submitted,

*/s/ Michael W. Alexander*

MICHAEL W. ALEXANDER
Claim No. 11075

Address: 3313 Kensington Ave.
Richmond, VA 23221
Phone: (804) 513-2447
Email: MichaelAlexander@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2011, I caused a copy of the foregoing Response to be served via electronic mail on counsel for the Liquidating Trust listed below:

>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>ltavenner@tb-lawfirm.com
>pberan@tb-lawfirm.com


>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>jpomerantz@pszjlaw.com
>acaine@pszjlaw.com

_/s/ Michael W. Alexander_
Michael W. Alexander
Creditor
Claim No. 11075