William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
**WILLIAMS MULLEN**
200 S. 10th Street, 16th Floor
Post Office Box 1320
Richmond, Virginia  23218-1320
Tel:  804.420.6481
Fax:  804.420.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com
          *Counsel for Abilene-Ridgemont, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., | ) | |
| et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### RESPONSE OF ABILENE-RIDGEMONT, LLC
### TO LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)

Abilene-Ridgemont, LLC ("Abilene"), as Transferee of claims from Novogroder Abilene, LLC, by counsel, hereby responds to the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection") as follows:

### STATEMENT OF FACTS

1.     On March 31, 2000, the above-captioned debtor and debtor-in-possession (collectively, the "Debtors") entered into a Lease Agreement (the "Lease") with Lakepoint Texas

Investment Properties, LLC ("Lakepoint"), whereby the Lakepoint agreed to lease the commercial premises located at 4351 Ridgemont Drive, Abilene, Texas 79606 (the "Property") to the Debtors.

2.    On or about September 25, 2002, Lakepoint sold the Property and assigned the Lease to Novogroder/Abilene, LLC (the "Landlord").

3.    On or about September 25, 2002, the Landlord entered into a Loan Agreement (the "Loan Agreement") with Abilene.  As security for Abilene's loan to the Landlord, the Landlord assigned its right, title and interest in the Property and the Lease to Abilene.

4.    On November 10, 2008 (the "Petition Date"), the Debtors filed a petition for reorganization under Chapter 11 of the Bankruptcy Code and continued the management of its business and properties as debtor-in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.    On January 27, 2009, the Landlord timely filed a general unsecured claim in the amount of $127,132.75 (the "General Unsecured Claim") for damages from breach of the Lease. Circuit City designated this claim as "Claim No. 6440."

6.    On or about April 10, 2009, the Landlord timely filed an amended claim in the amount of $6,792,167.08, of which $54,959.73 was entitled to administrative priority and $6,737,207.35 was unsecured.  Circuit City designated this claim as "Claim No. 12241."

7.    Abilene foreclosed on the Property and its rights to the Lease and collection of rents therein on June 2, 2009.

8.    Abilene filed an amended claim on or about September 9, 2009, which amended Claim No. 6440, but did not amend Claim No. 12241.  Circuit City designated this claim as "Claim No. 14599."

9.      On or about September 21, 2009, the Debtors filed their Forty-Second Omnibus Objection (the "42nd Objection").

10.     The 42nd Objection asserted that Claim No. 6440 was rendered moot and superseded by Claim No. 12241. The 42nd Objection sought to disallow Claim No. 6440; however, pursuant to the Objection, Claim No. 12241 remained in effect and unaffected by the 42nd Objection.

11.     Additionally, as part of the agreement between the Debtors and Abilene to resolve the 42nd Objection, the unsecured portion of Claim No. 12241 was reduced from $6,737,207.35 to $1,098,291.52, and the administrative portion of the claim was increased from $54,959.73 to $57,370.55. The Debtors and Abilene also agreed that claim No. 14599 was duplicative and should be expunged.

## RESPONSE TO THE OBJECTION

**A.      Reduction of Certain Partially Invalid Claims**

12.     In Exhibit C of the Objection, the Trust contends that Abilene's rejection damages should be reduced by $100,452.85. The Trust, however, fails to provide any backup or support for its contention. Additionally, Abilene disagrees that the rejection damages should be reduced by $100,452.85.

13.     Abilene's calculation of its unsecured claim is attached as Exhibit A hereto. As shown in Exhibit A, Abilene claims $89,632.43 in pre-petition damages from the Debtors' pre-petition default under the Lease. Abilene also claims $1,008,659.09 in lease rejection damages pursuant to 11 U.S.C. § 502(b)(6), as shown on Exhibit A. Abilene believes that the calculations in Exhibit A are correct and accurate.

14.    Therefore, Abilene opposes the relief sought by the Trust in Exhibit C of the Objection.

**B.    Disallowance of Certain Amended Claims**

15.    In Exhibit G of the Objection, the Trust contends that Claim No. 12241 should be expunged and that Claim Nos. 14302 and 14599 should survive.

16.    As part of the negotiations between the Debtors and Abilene to resolve the 42nd Objection, however, the Debtors and Abilene agreed to reduce the unsecured portion of Claim No. 12241 from $6,737,207.35 to $1,098,291.52. The Debtors and Abilene also agreed to increase the amount of the administrative claim in Claim No. 12241 from $54,959.73 to $57,370.55 to reflect the actual amount of pro-rated, unpaid taxes for 2009 while the Debtors were in possession of the Property. The calculation of the administrative claim is attached hereto as Exhibit B.  Finally, the Debtors and Abilene agreed that Claim No. 14599 was duplicative with Claim No. 12241 and should be expunged.

17.    Accordingly, Claim No. 12241 was modified by the Debtors and Abilene after Claims 14302 and 14599 had been filed and Claim No. 12241 accurately reflects the amount of Abilene's administrative claim.

18.    Abilene believes, therefore, that Claim Nos. 14302 and 14599 should be expunged and Claim No. 12241 should survive. Alternatively, if Claim No. 14302 survives instead of Claim 12241, then Claim No. 14302 should be amended from $54,959.73 to $57,370.55 to reflect the actual amount of pro-rated, unpaid taxes for 2009.

WHEREFORE Abilene-Ridgemont, LLC, as Transferee of claims from Novogroder Abilene, LLC, prays that (i) the Trust's Objection seeking a reduction of Abilene's unsecured claim in the amount of $100,452.85 be overruled; (ii) the Trust's Objection be overruled to the

extent that it seeks disallowance of Claim No. 12241; (iii) no part of the Objection or the relief

sought therein should affect Claim No. 12241; and (iv) Abilene be granted a hearing and such

other relief as may be appropriate and as its interests may appear.

Dated: Richmond, Virginia
　　　　April 5, 2011

Respectfully submitted,

ABILENE-RIDGEMONT, LLC

*/s/ W. Alexander Burnett*
By_____
Counsel

William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
200 S. 10th Street, 16th Floor
Post Office Box 1320
Richmond, Virginia  23218-1320
Tel:  804.420.6481
Fax:  804.420.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

14658379_2.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response of Abilene-Ridgemont, LLC to the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) was filed and served this 5th day of April, 2011, electronically using the Court's ECF System, and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
    *Counsel for the Trustee of the Circuit City Stores Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
    *Counsel for the Trustee of the Circuit City Stores Liquidating Trust*

*/s/ W. Alexander Burnett*
_____

14658379_2.DOC