Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

Cassandra A. Sepanik
(admitted pro hac vice)
Texas Bar No. 24070592
THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

ATTORNEYS FOR LASALLE BANK NATIONAL ASSOCIATION F/K/A LASALLE NATIONAL BANK, AS TRUSTEE OF CORPORATE CREDIT-BACKED PASS-THROUGH CERTIFICATES, SERIES 1997-CTL-1, ACTING BY AND THROUGH MIDLAND LOAN SERVICES, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION, IN ITS AUTHORIZED CAPACITY AS SPECIAL SERVICER PURSUANT TO THAT CERTAIN POOLING AND SERVICING AGREEMENT DATED AS OF JANUARY 15, 1997

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 08-35653 |
| **CIRCUIT CITY STORES, INC., et al.,** § | |
| § | CHAPTER 11 |
| **DEBTORS** § | |
| § | (Jointly Administered) |
| § | |

## RESPONSE OF CTL TRUST TO LIQUIDATING TRUST'S FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS

COMES NOW, LaSalle Bank National Association f/k/a LaSalle National Bank, as Trustee of Corporate Credit-Backed Pass-Through Certificates, Series 1997-CTL-1 (the "CTL Trust"), acting by and through Midland Loan Services ("Midland"), a division of PNC Bank, National Association, in its authorized capacity as special servicer pursuant to that certain Pooling and Servicing Agreement dated as of January 15, 1997,

---

creditor in the above entitled and numbered cause, and files this Response (the "Response") to Liquidating Trust's First Omnibus Objection to Landlord Claims [Dkt. No. 10024] (the "First Omnibus Objection") and states as follows:

## Relief Requested

1. In the First Omnibus Objection, the Trustee objected to claim nos. 12647, 12258 and 14347 of CTL Trust (collectively hereinafter referred to as the "Claims"). By this Response, CTL Trust requests that the Trustee's objections to the Claims be overruled in their entirety and the Claims allowed in the requested amounts or in such other amounts as CTL Trust shall show itself entitled pursuant to any amended claim or otherwise.

## Background

2. WEC 95B Winston-Salem Limited Partnership ("WEC") and Circuit City Stores, Inc. (the "Debtor") were parties to a lease dated November 7, 1995 (the "Lease"), between WEC, as landlord, and the Debtor, as tenant, with respect to certain real property located at 910 Hanes Mall Boulevard, Winston-Salem, North Carolina 27103 (the "Leased Premises"). Pursuant to the Assignment of and Assumption of Lease Agreement (the "Assignment Document") between Drexel Delaware Trust ("Drexel") and WEC, Drexel assumed WEC's rights and obligations under the Lease on July 2, 1996.

3. CTL Trust is the current owner and holder of a loan (the "Loan") on which Drexel is obligated and which loan is secured in part by the Lease and the Leased Premises. The Deed of Trust executed in connection with the Loan (the "Deed of Trust") provides CTL Trust with the right to "bring . . . any . . . appropriate action or proceeding to enable CTL Trust to enforce and realize upon its interest under [the] Note, the Deed of

Trust . . . or any other collateral given to [CTL Trust] pursuant to the Deed of Trust . . . ." *See* Deed of Trust at p. 4. Pursuant to a power of attorney, Midland has the authority to act to protect CTL Trust's interests in the collateral securing the Loan, including the Lease. As such, CTL Trust, acting by and through Midland, is properly listed as the "claimant" for distributions made on behalf of the Claims.

4. On November 10, 2008 (the "Petition Date"), the Debtor and its affiliated entities filed petitions for relief under Chapter 11 of the Bankruptcy Code.

5. From November 7, 1995, to, at least, March 12, 2009, the Debtor occupied and used the Leased Premises. On March 5, 2009, the Debtor filed a Notice of Rejection of Unexpired Leases and Abandonment of Personal Property [Dkt. No. 2434] (the "Rejection Notice"), wherein the Debtor provided that its rejection of the Lease pursuant to section 365 of the Bankruptcy Code "shall become effective on March 12, 2009 (the "Rejection Date") or such later date as the Debtor surrender [sic] the premises." *See* Rejection Notice.

### A. Claim No. 12647.

6. CTL Trust timely filed a proof of claim in the Debtor's bankruptcy case on April 30, 2009. *See* Claim No. 12647. Claim No. 12647 asserts a general unsecured claim in the amount of $719,462.07 against the Debtor for the Debtor's pre-petition defaults and rejection damages calculated pursuant to section 502(b)(6) of the Bankruptcy Code. *Id.* Supporting documents including, but not limited to, a copy of the Lease, the Assignment Document and the Deed of Trust were attached to Claim No. 12647.

**B.     Claim No. 12258.**

7.    On April 8, 2009, Drexel timely filed a proof of claim in the Debtor's bankruptcy case. *See* Claim No. 12258. Claim No. 12258 asserts a general unsecured claim in the amount of $890,379.81 against the Debtor for the Debtor's pre-petition defaults and rejection damages calculated pursuant to section 502(b)(6) of the Bankruptcy Code. *Id.* Supporting documents including, but not limited to, a copy of the Lease, were attached to Claim No. 12647.

**C.     Claim No. 14347**

8.    Drexel timely filed an Application for Allowance and Payment of Administrative Expenses on June 30, 2009 (the "Application for Administrative Expenses"). *See* Claim No. 14347. The Application for Administrative Expenses asserts an administrative priority claim in the amount of $63,537.81 for, among other things, the Debtor's post-petition use of the Leased Premises.

**D.     Transfer of Claim Nos. 12258 and 14347.**

9.    On January 15, 2010, Drexel filed a Transfer of Claim Other Than for Security, transferring Claim Nos. 12258 and 14347 to CTL Trust, acting by and through Midland. [Dkt. No. 6314] (the "Transfer Notice"). Supporting documents including, but not limited to, a copy of the Lease, the Assignment Document and the Deed of Trust were attached to the Transfer Notice.

**E.     The First Omnibus Objection.**

10.    In the First Omnibus Objection, the Trustee asserts that the Claims should be expunged because "Debtor has no record of amounts due to this claimant." *See* First Omnibus Objection at Exhibit E.

**Response**

11.    The Trustee fails to overcome its burden of challenging the Claims and, therefore, to the extent the First Omnibus Objection seeks to disallow and expunge the Claims it should be overruled.

**A.     The Trustee has failed to overcome the Claims' presumptive validity.**

12.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The presumption of validity includes a presumption of priority when the claim is marked priority. *In re Deangelis Tangibles, Inc.*, 238 B.R. 96, 98 (Bankr. M.D. Pa. 1999). As the objecting party, the Trustee has the burden of overcoming that *prima facie* presumption. *See In re C-4 Media Cable South, L.P.,* 150 Bankr. 374, 377 (Bankr. E.D. Va. 1992) ("The party objecting to a properly filed proof of claim has the initial burden of presenting sufficient probative evidence to overcome such prima facie effect."). The mere filing of an objection does not overcome the Trustee's burden of proof. *See Carter Enters. v. Ashland Specialty Co.*, 257 B.R. 797, 800 (S.D. W. Va. 2001) (the filing of a proof of claim "will suffice to overcome a mere formal objection without more").

13.    In accordance with Rule 3001, the Claims conformed with the appropriate official form and included supporting documentation on which the Claims were based.

---

Such supporting documentation included, among other things, documentation establishing CTL Trust's rights to distributions made on behalf of the Debtor's rejection of the Lease. Thus, pursuant to Rule 3001, the Claims are entitled to presumptive validity.

14. The Trustee makes virtually no effort to meet its burden to overcome the presumptive validity of the Claims. Instead, the Trustee only asserts that the "Debtor has no record of amounts due to this claimant." *See* First Omnibus Objection at Exhibit E. However, as set forth in the Claims and explained above, although the Lease was executed by and between the Debtor and WEC, CTL Trust, acting by and through Midland, is the appropriate party to request distributions due to the Debtor's rejection of the Lease. Accordingly, the First Omnibus Objection should be overruled because the Trustee failed to meet its threshold burden by providing any evidence that the Claims are invalid.

**B.    Claim No. 14347 is entitled to administrative priority.**

15. Moreover, with respect to CTL Trust's Application for Administrative Expenses, CTL Trust has satisfied the two-prong test for determining whether a claim is entitled to administrative status by more than a preponderance of the evidence. Specifically, for a claim to be entitled to administrative status, the transaction giving rise to the claim must have arisen as a result of a transaction between the creditor and the debtor's estate and the transaction must have conferred upon the debtor's estate a benefit in the operation of its post-petition business. *See In re Stewart Foods, Inc.*, 64 F.3d 141, 145 n.2 (4th Cir. 1995).

16. <u>First</u>, the transaction giving rise to the Administrative Claim arose from the Debtor's post-petition use of the Leased Premises. <u>Second</u>, the transaction conferred the benefit of the use of the Leased Premises on the Debtor's estate in the operation of the Debtor's post-petition business.

17. In addition, CTL Trust is entitled to recover taxes and attorneys' fees due under the Lease as an administrative expense. *CIT Commun. Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.),* 406 F.3d 229, 236 (4th Cir. 2005). As mentioned above, CTL Trust attached to the Administrative Claim as supporting documentation a summary ledger of attorneys' fees incurred in connection with the Administrative Claim.

18. CTL Trust has proven that the Administrative Claim is entitled to administrative status by more than a preponderance of the evidence through the supporting documentation attached to the Administrative Claim.

## Conclusion

19. The First Omnibus Objection is unfounded on the merits, as the Trustee has failed to identify any particular disagreement with the evidence supporting the Claims. In fact, the Trustee has shown no basis, whatsoever, for disallowance of any portion of the Claims; nor is CTL Trust aware of any such basis. Finally, by virtue of the Trustee's failure to provide such evidence, CTL Trust is unable to respond specifically to any purported discrepancies in the Debtors' books and records. Unless and until the Trustee provides evidence of the basis for its objections (at which time CTL Trust would have the opportunity to respond to any such allegations), the Trustee cannot overcome the *prima facie* presumption of validity.

___

## **Prayer**

20.    Wherefore, CTL Trust respectfully requests that the Court overrule the First Omnibus Objection and allow the Claims in their requested respective amounts or in such other amounts as CTL Trust shall show itself entitled pursuant to any amended claim or otherwise.  CTL Trust further requests that the Court grant CTL Trust any additional relief to which it is entitled at law or in equity.

Dated: April 5, 2011.

_____
RESPONSE OF CTL TRUST TO LIQUIDATING TRUST'S FIRST                                                                                                  Page 8
OMNIBUS OBJECTION TO LANDLORD CLAIMS

516952 000036 DALLAS 2721465.1

Respectfully submitted,

FULBRIGHT & JAWORSKI LLP

By:  */s/ Kimberly S. Walker*
Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

Cassandra A. Sepanik (pro hac vice)
THOMPSON & KNIGHT LLP
Texas Bar No. 2470592
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

ATTORNEYS FOR LASALLE BANK NATIONAL ASSOCIATION F/K/A LASALLE NATIONAL BANK, AS TRUSTEE OF CORPORATE CREDIT-BACKED PASS-THROUGH CERTIFICATES, SERIES 1997-CTL-1, ACTING BY AND THROUGH MIDLAND LOAN SERVICES, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION, IN ITS AUTHORIZED CAPACITY AS SPECIAL SERVICER PURSUANT TO THAT CERTAIN POOLING AND SERVICING AGREEMENT DATED AS OF JANUARY 15, 1997

**ADDITIONAL ADDRESS**

The following is the representative of the claimant and has authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf:

David M. Bennett
Texas Bar No. 02139600
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

## C<span style="font-variant:small-caps">ertificate of</span> S<span style="font-variant:small-caps">ervice</span>

I hereby certify that on April 5, 2011, a true and correct copy of the foregoing has been served on all parties entitled to service via this court's ECF filing system and to the following via FedEx delivery:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL
& JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102

*Attorneys for Debtor*

/s/  *Kimberly S. Walker*
Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

---

RESPONSE OF CTL TRUST TO LIQUIDATING TRUST'S FIRST
OMNIBUS OBJECTION TO LANDLORD CLAIMS

Page 10

516952 000036 DALLAS 2721465.1