Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

Cassandra A. Sepanik
(admitted pro hac vice)
Texas Bar No. 24070592
THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

ATTORNEYS FOR WELLS FARGO BANK, N.A., AS TRUSTEE FOR NATIONSLINK FUNDING CORPORATION COMMERICAL LOAN PASS-THROUGH CERTIFICATES, SERIES 1999-LTL-1, ACTING BY AND THROUGH MIDLAND LOAN SERVICES, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION, IN ITS AUTHORIZED CAPACITY AS SPECIAL SERVICER PURSUANT TO THE APPLICABLE POOLING AND SERVICING AGREEMENT

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 08-35653 |
| **CIRCUIT CITY STORES, INC., et al.,** § | |
| § | CHAPTER 11 |
| **DEBTORS** § | |
| § | **(Jointly Administered)** |
| § | |

## RESPONSE OF LTL TRUST TO LIQUIDATING TRUST'S SECOND OMNIBUS OBJECTION TO LANDLORD CLAIMS

COMES NOW, Wells Fargo Bank, N.A., as Trustee for NationsLink Funding Corporation Commercial Loan Pass-Through Certificates, Series 1999-LTL-1 (the "LTL Trust"), acting by and through Midland Loan Services, a division of PNC Bank, National Association, in its authorized capacity as special servicer pursuant to the applicable Pooling and Servicing Agreement, creditor in the above entitled and numbered cause, and

---

RESPONSE OF LTL TRUST TO LIQUIDATING TRUST'S SECOND
OMNIBUS OBJECTION TO LANDLORD CLAIMS

Page 1

516952 000036 DALLAS 2716354.2

files this Response (the "Response") to Liquidating Trust's Second Omnibus Objection to Landlord Claims [Dkt. No. 10039] (the "Second Omnibus Objection") and states as follows:

## Relief Requested

1. In the Second Omnibus Objection, the Trustee objected to claim nos. 12692 and 14134 (the "Administrative Claim") of LTL Trust. By this Response, LTL Trust requests that the Trustee's objection to the Administrative Claim be overruled in its entirety and the Administrative Claim allowed in the amount of $37,274.84 or in such other amount as LTL Trust shall show itself entitled pursuant to any amended claim or otherwise.

## Background

2. Basile Limited Liability Company ("Basile"), and Circuit City Stores, Inc. (the "Debtor") were parties to a lease dated May 13, 1996 (the "Lease"), between Basile, as landlord, and Debtor, as tenant, with respect to certain real property located at 555 Maine Mall Road, South Portland, Maine 04106 (the "Leased Premises").

3. On November 10, 2008 (the "Petition Date"), the Debtor and its affiliated entities filed petitions for relief under Chapter 11 of the Bankruptcy Code.

4. From the Lease's commencement to at least March 11, 2009, the Debtor occupied and used the Leased Premises. On March 4, 2009, the Debtor filed a Notice of Rejection of Unexpired Leases and Abandonment of Personal Property [Dkt. No. 2419] (the "Rejection Notice"), wherein the Debtor provided that its rejection of the Lease pursuant to section 365 of the Bankruptcy Code "shall become effective on March 11,

2009 (the "Rejection Date") or such later date as the Debtor surrender [sic] the premises." *See* Rejection Notice.

5. LTL Trust timely filed an Application for Allowance and Payment of Administrative Expenses on June 30, 2009 (the "Application for Administrative Expenses"). *See* Claim No. 14134. The Application for Administrative Expenses asserts an administrative priority claim in the amount of $37,274.84 for the Debtor's post-petition use of the Leased Premises. Supporting documents including, but not limited to, a copy of the Lease and a summary ledger of attorneys' fees were attached to the Administrative Claim.

6. In the Second Omnibus Objection, the Trustee asserts that the Administrative Claim should be reduced because, after "a review of the Debtors' books and records," the Trustee "has determined that certain portions of the [Administrative] Claim are (i) liabilities already asserted by the Claimants in other claims; (ii) liabilities that have already been satisfied by the Debtors; or (iii) liabilities for which the Debtors dispute liability." *See* Second Omnibus Objection at 8. Specifically, the Trustee asserts that the Administrative Claim should be reduced by $6,923.79 "of administrative rent" and $5,899.00 of "unsubstantiated attorneys' fees."

## Response

7. The Trustee fails to overcome its burden of challenging the Administrative Claim and, therefore, to the extent that the Second Omnibus Objection seeks to reduce the amount of the Administrative Claim, it should be overruled.

---

A. **The Trustee has failed to overcome the Administrative Claim's presumptive validity.**

8. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The presumption of validity includes a presumption of priority when the claim is marked priority. *In re Deangelis Tangibles, Inc.*, 238 B.R. 96, 98 (Bankr. M.D. Pa. 1999). As the objecting party, the Trustee has the burden of overcoming that *prima facie* presumption. *See In re C-4 Media Cable South, L.P.,* 150 Bankr. 374, 377 (Bankr. E.D. Va. 1992) ("The party objecting to a properly filed proof of claim has the initial burden of presenting sufficient probative evidence to overcome such prima facie effect."). The mere filing of an objection does not overcome the Trustee's burden of proof. *See Carter Enters. v. Ashland Specialty Co.*, 257 B.R. 797, 800 (S.D. W. Va. 2001) (the filing of a proof of claim "will suffice to overcome a mere formal objection without more").

9. LTL Trust attached supporting documentation to the Administrative Claim, including, among other things, the Lease and a summary ledger of attorneys' fees and, thus, the Administrative Claim is presumptively valid.

10. The Trustee makes virtually no effort to meet its burden to overcome the presumptive validity of the Administrative Claim. Instead, the Trustee only asserts that a portion of the Administrative Claim may be composed of liabilities not owing pursuant "to the Debtors' book and records." *See* Second Omnibus Objection at 8. This unsworn statement is not accompanied by any supporting evidence. Accordingly, the Second

Omnibus Objection should be overruled because the Trustee failed to meet its threshold burden by providing any evidence that the Administrative Claim is invalid.

**B.     The Administrative Claim is entitled to administrative priority.**

11.     Moreover, LTL Trust has satisfied the two-prong test for determining whether a claim is entitled to administrative status by more than a preponderance of the evidence. Specifically, for a claim to be entitled to administrative status, the transaction giving rise to the claim must have arisen as a result of a transaction between the creditor and the debtor's estate and the transaction must have conferred upon the debtor's estate a benefit in the operation of its post-petition business. *See In re Stewart Foods, Inc.*, 64 F.3d 141, 145 n.2 (4th Cir. 1995).

12.     <u>First</u>, the transaction giving rise to the Administrative Claim arose from the Debtor's post-petition use of the Leased Premises. <u>Second</u>, the transaction conferred the benefit of the use of the Leased Premises on the Debtor's estate in the operation of the Debtor's post-petition business.

13.     In addition, it is well-established that a debtor's failure to pay its post-petition taxes to the landlord results in an administrative expense priority claim for the full amount of such charges as provided for in the lease. *See e.g., In re Midway Airlines Corp.*, 406 F.3d 229, 235-37 (4th Cir. 2005). Further, section 503(b) of the Bankruptcy Code permits landlords to obtain administrative expense claims for post-petition charges for taxes and other rental fees, in that such charges are "actual, necessary costs and expenses of preserving the estate." *See* 11 U.S.C. § 503(b)(l)(A); *In re Garden Ridge Corp.*, 323 B.R. 136, 140-43 (Bankr. D. Del. 2005).

---

14.    Here, the Debtor has failed to pay certain of its monthly rent-related charges, including business and occupation taxes and real estate taxes for the post-petition pre-rejection time period.  Specifically, the Debtor failed to pay taxes in the amount of $6,923.79.  Therefore, LTL Trust is entitled to an administrative claim in the amount of $6,923.79 for unpaid taxes.

15.    Further, where the debtor fails to pay rent due under a lease and the landlord incurs legal fees seeking to obtain payment, attorneys' fees authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation.  *See e.g., In re Beltway Med., Inc*., 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006); *In re Geonex Corp*., 258 B.R. 336 (Bankr. D. Md. 2001)(determining that a lessor was entitled to attorney's fees pursuant to the lease for enforcing its rights to payment); *In re Exch. Res., Inc.*, 214 B.R. 366, 371 (Bankr. D. Minn. 1997)(stating that legal fees incurred by a landlord in the collection of post-petition rent "give[s] rise to a priority administrative-expense claim allowable and payable now").

16.    Here, paragraph 30 of the Lease expressly allows recovery by the lessor of its attorneys' fees and costs for expenditures in exercising lessor's rights and remedies under the Lease.  As mentioned above, LTL Trust attached to the Administrative Claim as supporting documentation a summary ledger of attorneys' fees incurred in connection with the collection of rents under the Lease.  Therefore, LTL Trust is entitled to an administrative claim in the amount of $5,899.00 for reasonable legal fees incurred in connection with the payment of rents under the Lease.

17. LTL Trust has proven that the Administrative Claim is entitled to administrative status by more than a preponderance of the evidence through the supporting documentation attached to the Administrative Claim.

18. The Second Omnibus Objection is unfounded on the merits, as the Trustee has failed to identify any particular disagreement with the evidence supporting the Administrative Claim. In fact, the Trustee has shown no basis, whatsoever, for disallowance of any portion of the Administrative Claim; nor is LTL Trust aware of any such basis. Finally, by virtue of the Trustee's failure to provide such evidence, LTL Trust is unable to respond specifically to any purported discrepancies in the Debtors' books and records. Unless and until the Trustee provides evidence of the basis for its objections (at which time LTL Trust would have the opportunity to respond to any such allegations), the Trustee cannot overcome the *prima facie* presumption of validity and amount of the Administrative Claim.

## **Prayer**

19. Wherefore, LTL Trust respectfully requests that the Court overrule the Second Omnibus Objection and allow the Administrative Claim in the amount of $37,274.84 or in such other amount as LTL Trust shall show itself entitled pursuant to any amended claim or otherwise. LTL Trust further requests that the Court grant LTL Trust any additional relief to which it is entitled at law or in equity.

Dated: April 5, 2011.

      Respectfully submitted,

      FULBRIGHT & JAWORSKI LLP

      By:  */s/ Kimberly S. Walker*
         Kimberly S. Walker
          Virginia Bar No. 47921
          FULBRIGHT & JAWORSKI LLP
          801 Pennsylvania Ave., N.W.
          Washington, D.C. 20004
          Telephone: (202) 662-0434
          Facsimile: (202) 662-4643
          kwalker@fulbright.com

         Cassandra A. Sepanik (pro hac vice)
         THOMPSON & KNIGHT LLP
         Texas Bar No. 2470592
         1722 Routh St., Suite 1500
         Dallas, Texas 75201
         Telephone: (214) 969-1700
         Facsimile: (214) 969-1751

      ATTORNEYS FOR WELLS FARGO BANK, N.A.,
      AS TRUSTEE FOR NATIONSLINK FUNDING
      CORPORATION COMMERICAL LOAN PASS-
      THROUGH CERTIFICATES, SERIES 1999-LTL-1,
      ACTING BY AND THROUGH MIDLAND LOAN
      SERVICES, A DIVISION OF PNC BANK,
      NATIONAL ASSOCIATION, IN ITS
      AUTHORIZED CAPACITY AS SPECIAL
      SERVICER PURSUANT TO THE APPLICABLE
      POOLING AND SERVICING AGREEMENT

## ADDITIONAL ADDRESS

The following is the representative of the claimant and has authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf:

    David M. Bennett
    Texas Bar No. 02139600
    1722 Routh St., Suite 1500
    Dallas, Texas 75201
    Telephone: (214) 969-1700
    Facsimile: (214) 969-1751

## CERTIFICATE OF SERVICE

---

Case 08-35653-KRH    Doc 10296    Filed 04/05/11    Entered 04/05/11 18:29:32    Desc
Main Document    Page 9 of 9

I hereby certify that on April 5, 2011, a true and correct copy of the foregoing has been served on all parties entitled to service via this court's ECF filing system and to the following via FedEx delivery:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL
& JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102

*Attorneys for Debtor*

/s/   *Kimberly S. Walker*
Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:  (202) 662-0434
Facsimile:  (202) 662-4643
kwalker@fulbright.com

RESPONSE OF LTL TRUST TO LIQUIDATING TRUST'S SECOND
OMNIBUS OBJECTION TO LANDLORD CLAIMS

Page 9

516952 000036 DALLAS 2716354.2