Claim No. 13017
Amount: $641,573.50

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653-KRH |
| **CIRCUIT CITY STORES, INC.,** *et al.*, ) | |
| ) | Chapter 11 |
| **Debtors.** ) | |

## GIANT EAGLE, INC.'S RESPONSE TO LIQUIDATING
## TRUSTEE'S OBJECTION TO CLAIM NO. 13017

Giant Eagle, Inc., by its undersigned counsel, makes this Response to the Liquidating Trustee's Fourth Omnibus Objection concerning Giant Eagle's Claim No. 13017 for lease rejection damages. In support thereof, Giant Eagle states as follows:

1. This claim arises out of a lease of real property in Altoona, Pennsylvania, where Debtor operated its Store No. 1683.

2. History of the Lease: The landlord of said property is Sierra North Associates Limited Partnership. Sierra North leased the underlying property to Giant Eagle via a Ground Lease Agreement dated August 12, 1996. A true and correct copy of the Ground Lease is attached as Exhibit A to Giant Eagle's Administrative Expense Request received by Kurtzman Carson Associates on May 21, 2009, which is incorporated here by reference. A copy will be provided upon request. The term of the Ground Lease expires on September 30, 2018.

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for Giant Eagle, Inc.

Darlene M. Nowak, Esquire (PA Bar No. 37093)
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, Pennsylvania 15219-6401
Telephone: (412) 471-3490
Facsimile: (412) 391-8758

Counsel for Giant Eagle, Inc.

3. Debtor Circuit City Stores, Inc. assumed the Ground Lease via an "Assignment and Assumption of Lease, Landlord's Consent and Use Restriction Agreement" ("Assumption Agreement") dated December 8, 1998. A true and correct copy of the Assumption Agreement is attached as Exhibit B to Giant Eagle's Administrative Expense Request and is incorporated here by reference. A copy will be provided upon request.

4. Pursuant to the Assumption Agreement, Debtor assumed all of Giant Eagle's duties and obligations under the Ground Lease, including the duties to pay rent, utilities, common area maintenance and real estate taxes. In the event that Debtor defaulted in any of these payments, Giant Eagle was obligated to pay them and Debtor agreed to indemnify Giant Eagle for those payments (Assumption Agreement, ¶¶ 2, 6, 15).

5. Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 10, 2008. The Debtor had not paid any rent or charges for the month of November which were due November 1, 2008.

6. The Debtor rejected the Lease and vacated as of March 11, 2009. The space has been vacant since Debtor vacated and despite commercially reasonable efforts to find a new tenant, no replacement tenant has been found.

7. Pursuant to paragraph 1 of the Assumption Agreement, Debtor agreed to assume and perform all terms and duties of a tenant under the Ground Lease, including but not limited to the payment of "all rent accruing thereunder." The duties of a tenant under the Ground Lease include payment of the following:

| | | |
|---|---|---|
| 1. | Payment of fixed minimum rent | Par. 4 |
| 2. | Real Estate taxes | Par. 6 |
| 3. | Utilities used on the premises | Par. 8 |
| 4. | Common Area Maintenance | Par. 10.6 |

2

|     |                                                                                                                                                                                                                              |           |
| --- | --- | --- |
| 5.  | Insurance                                                                                                                                                                                                                    | Par. 13   |
| 6.  | Repairs to Tenant Improvements                                                                                                                                                                                               | Par. 14   |
| 7.  | Remedies available to Landlord under law or equity arising out of Debtor's default, which would include costs of securing the premises, insuring the premises from damage and surrendered by the Debtor, and preparing it for reletting | Par. 15.3 |

8. The amounts due under the Ground Lease which the Debtor was obligated to pay, and which Giant Eagle is now obligated to pay due to the Debtor's default is as follows:

| | | |
|---|---|---|
| A. | Pro rata portion of November 2008 rent for November 1 to November 10 (9/30 of $31,250.00) | $ 9,375.00 |
| B. | Unearned portion of rent subsidy for November 2008 (9/30 of $2,083.34) | $ 625.00 |
| C. | Lease rejection damages | |
| | 1) 3/12/09 to 3/31/09 (20/31 x $31,250.00) | $ 20,161.29 |
| | 2) 4/1/09 to 9/30/09 (6 x $31,250.00) | $ 187,500.00 |
| | 3) 10/1/09 to 9/30/2013 (4 x $375,000.00/yr.) | $1,500,000.00 |
| | 4) 10/1/2013 to 9/30/2018 (5 x $400,000.00/yr.) | $2,000,000.00 |
| | 5) Real Estate taxes, insurance, utilities and maintenance through 9/30/2018 per Exhibit A | 502,828.73 |
| | Total: | $4,210,490.02 |
| | x .15 = | 631,573.50 |

        GRAND TOTAL, LEASE REJECTION DAMAGES:    **$641,573.50**[1]

9. The above amounts are damages directly resulting from the termination of lease between Debtor and Sierra North capped at 15% of the remaining lease term pursuant to 11

---

[1] This amount is smaller than the original claim. Claimant was able to obtain a favorable result on real estate taxes and actual CAM expenses as paid have been smaller than originally estimated.

U.S.C. §502(b)(6). The damages are the obligation of Debtor pursuant to common law and the terms of the Ground Lease and Assumption Agreement.

10. Attached hereto is the Declaration of Nicholas Burkett[2] affirming that the above amounts are accurate assessments from Giant Eagle's books and records kept in the ordinary course of business or are estimated based on information in Giant Eagle's books and records.

11. Included in Claim No. 13017 is the amount of $625.00 for an unearned rent subsidy. Pursuant to the Assumption Agreement, as additional consideration for inducing Debtor to assume the obligations of a tenant under the Ground Lease, Giant Eagle agreed to pay Debtor a rent subsidy every month to defray the rent Debtor was paying to Sierra North. In March 2009, this amount was $2,083.34.

12. Giant Eagle paid the full $2,083.34 to Debtor on November 1, 2008 for November 2008. Debtor did not pay any rent to Sierra North for November, however.[3] As a result of the Debtor's default in paying rent, Giant Eagle paid an additional 9/30 of $2,083.34 in November 2009 in that it paid this amount to Debtor to defray the November rent but then ended up paying the full $31,250.00 rent to the landlord when Debtor defaulted. Accordingly, Giant Eagle paid an additional $2,083.34 in November 2008 due to the Debtor's default, $625.00 of which is attributable to the prepetition period.

13. Address for notices: all communications involving this claim or the objection should be directed to counsel below.

---

[2] Nicholas Burkett, Supervisor, Leasing Administration, Giant Eagle, Inc., 101 Kappa Drive, Pittsburgh, PA 15238, (412) 963-6200.
[3] The portion of the rent for the period of November 10 to November 30, 2009 is an administrative expense and has been claimed in Claim No. 14019.

4

WHEREFORE, Giant Eagle respectfully requests that the Fourth Omnibus objection concerning Claim No. 13017 be dismissed and that its administrative claim be allowed in the amount of $641,573.50.

Dated: April 6, 2011                         **CHRISTIAN & BARTON, LLP**

/s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

- and -

Darlene M. Nowak, Esquire (PA Bar No. 37093)
Marcus & Shapira LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, Pennsylvania 15219-6401
Telephone: (412) 471-3490
Facsimile: (412) 391-8758

*Counsel for Giant Eagle, Inc.*

## CERTIFICATE OF SERVICE

I, Michael D. Mueller, hereby certify that on the 6th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Michael D. Mueller
Michael D Mueller

1142136

5

Claim No. 13017
Amount: $641,573.50

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) |
| | ) Chapter 11 |
| Debtors. | ) |

**DECLARATION OF NICHOLAS BURKETT**
**UNDER 28 U.S.C. § 1746**

I, Nicholas Burkett, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am an adult individual over 18 years of age with personal knowledge of the information set out herein.

2. I am an employee of Giant Eagle, Inc. My position is Supervisor, Lease Administration.

3. Exhibit A to the Administrative Expense Request for Giant Eagle, Inc. is a true and correct copy of the Ground Lease between Sierra North Associates Limited partnership and Giant Eagle, Inc.

4. Exhibit B to the Administrative Expense Request of Giant Eagle, Inc. is a true and correct copy of the Assignment and Assumption of Lease, Landlord's Consent and use Restriction Agreement between Giant Eagle, Inc., Circuit City Stores, Inc., Sierra North Associates Limited Partnership ("Sierra North").

5. Debtor paid no rent to Sierra North for November 2008. Giant Eagle paid the entire November rent of $31,250.00 to Sierra North as required due to the failure of Circuit City to pay.

6. Under the Assumption Agreement, Giant Eagle paid Circuit City a monthly rent subsidy of $2,083.34 to defray the rent of $31,250.00 Circuit City was required to pay Sierra North every month.

7. Giant Eagle timely paid Circuit City the $2,083.34 rent subsidy for November 2008 but Circuit City did not pay the rent for that month.

8. Giant Eagle also paid Circuit City the entire rent subsidy of $2,083.34 for the month of March 2009. Circuit City only paid Sierra North the sum of $11,088.71 or 11/31 of the March rent. Giant Eagle paid Sierra North the remaining $20,161.29 of rent for March.

9. Attached as Exhibit 1 to this Declaration is a list of the actual payments made by Giant Eagle due to Circuit City's rejection of the lease. In addition, Exhibit 1 shows the estimated expenses on the Leased premises through the end of the Ground Lease.

10. I compiled the figures on Exhibit 1 from my personal knowledge and from a review of the books and records of Giant Eagle, Inc. that are kept in the ordinary course of business. This information was recorded in the ordinary course of Giant Eagle's business at or near the time that the amounts were paid or obligations were incurred. It is a part of my business duties to review these records for accuracy and completeness and I confirm to the best of my knowledge after review that the amounts are accurate and were paid as described.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 5, 2011.

*Nicholas D. Burkett*
Nicholas Burkett

2

Claim No. 13017

| Expense | Anually | 3/11/2009 to 09/30/2018 |
|---|---|---|
| Landscaping | $ 3,079.30 | $ 29,426.30 |
| Lot Lighting | $ 3,801.00 | $ 36,322.98 |
| Lot Repairs | $ 2,902.50 | $ 27,736.77 |
| Lot Striping | $ 1,800.00 | $ 17,201.10 |
| Sweeping | $ 1,532.50 | $ 14,644.82 |
| Snow Removal | $ 9,430.00 | $ 90,114.63 |
| Total CAM | $ 22,545.30 | $ 215,446.58 |
| | | |
| M&R - HVAC | $ 625.00 | $ 5,972.60 |
| M&R - Fire Protection | $ 82.05 | $ 784.08 |
| Total M&R | $ 707.05 | $ 6,756.69 |
| | | |
| Electric | $ 5,413.21 | $ 51,729.52 |
| Water/Sewer | $ 3,059.16 | $ 29,233.83 |
| Total Utilities | $ 8,472.37 | $ 80,963.36 |
| | | |
| Security | $ 540.00 | $ 5,160.33 |
| | | |
| Property Insurance | $ 1,423.00 | $ 13,598.42 |
| Liability Insurance | $ 630.00 | $ 6,020.38 |
| Total Insurance | $ 2,053.00 | $ 19,618.80 |
| | | |
| Total Taxes | $ 15,935.00 | $ 152,277.47 |
| **Subtotal** | **$ 50,252.72** | **$ 480,223.23** |
| | | |
| Remove building signs & pylon | | $ 1,590.00 |
| Install alarm system | | $ 1,604.50 |
| Clean-up store, drain water lines, knox box, re-key l | | $ 980.00 |
| Leasehold Improvements | | $ 18,431.00 |
| **Grand Total** | | **$ 502,828.73** |

Exhibit 1 to Declaration
of Nicholas Burkett