## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**REDTREE PROPERTIES, LP'S OMNIBUS OPPOSITION TO LIQUIDATING
TRUST'S SEVENTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS
[CLAIM NOS. 9156 & 12404]; SUPPORTING DECLARATION OF GARY M. KAPLAN**

I.      INTRODUCTION AND SUMMARY OF RESPONSE

Redtree Properties, LP ("RP" or "Landlord"), a creditor and party in interest in the above-captioned case, hereby files its opposition (the "Opposition") to the Liquidating Trust's Seventeenth Omnibus Objection to Landlord Claims (the "Objection") with respect to Claim Nos. 9156 and 12404 (collectively the "RP Claims") filed herein by RP.  The basis for the Opposition, which is discussed in further detail below, can be summarized as follows.

Augustus C. Epps, Jr., Esquire, VBS No. 13254
Michael D. Mueller, , Esquire, VSB No. 38216
Jennifer M. McLemore, Esquire, VSB No. 47164
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, VA  23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

Counsel for Creditor Eel McKee LLC

Gary M. Kaplan (State Bar No. 155530)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
Email:  gkaplan@fbm.com

Counsel for Creditor Eel McKee LLC

| Claim No. | Filed Claim Amount, Classif. | Proposed Claim Amount, Classif. | Objection Basis | Opposition Basis |
|---|---|---|---|---|
| 9156 | $36,953.01 (general unsecured) $38,251.42 (administrative) | Disallowed as amended claim | Included in Claim No. 12404 ($907,888.21, general unsecured) & No. 13308 ($44,574.23, administrative) | Not superseded unless applicable portions of Claim Nos. 12404 and 13308 allowed. |
| 12404 | $907,888.21 (general unsecured) | $862,293.98 (general unsecured) | Reduce by following amounts not supported by Debtor's books and records: (1) $1,489.69 prepetition rent (out of $14,896.91 claimed); (2) $43,938.70 rejection damages (out of $870,935.20 claimed); (3) $165.84 pre-petition taxes (out of $22,056.10 claimed). | All amounts specifically supported in Claim.<br><br>Rent and taxes owed for petition date must be allowed as admin. claim (increasing No. 13308) if not prepetition claim.<br><br>All rejection damages expressly authorized under Lease. |

## II.  SPECIFIC RESPONSES TO OBJECTIONS

### A.  The Liquidating Trust's Objection To Claim No. 9156 As Being Included In Claim Nos. 12404 and 13308 Should Be Overruled Unless The Applicable Portions Of The Latter Claims Are Actually Allowed

The Liquidating Trust objects to RP's Claim No. 9156 on the following grounds: "AMENDED CLAIMS TO BE EXPUNGED," contending that Claim No. 9156 has been amended by Claim No. 12404, filed in the amount of $907,888.21 (general unsecured) and Claim No. 13308, filed in the amount of $44,574.23 (administrative).  Objection, Exhs. B, G.

Such objection should be overruled unless the applicable portions of Claim Nos. 12404 and 13308 are actually allowed.  In fact, as discussed below, the Liquidating Trust has also objected to the applicable portion of Claim No. 12404, and the resolution of such objection may impact the allowed amount of Claim No. 13308.  Accordingly, adjudication of the objection to Claim No. 9156 is necessarily subject to the allowability of Claim Nos. 12404 and 13308.

**B.**     **The Objection To Claim No. 12404 Should Be Overruled As The Amounts At Issue Are Expressly Supported In The Claim And Authorized Under The Lease, And RP Is Entitled To Rent And Taxes For The Petition Date**

The Liquidating Trust objects to Claim No. 12404 (arising from the Debtors' rejection of the subject Lease), asserted in the amount of $907,888.21, and seeks to reduce its allowed amount to $862,293.98 (Objection, Ex. C) on the following grounds:

> Reduce by following amounts not supported by Debtor's books and records: (1) $1,489.69 prepetition rent (out of $14,896.91 claimed); (2) $43,938.70 rejection damages (out of $870,935.20 claimed); (3) $165.84 pre-petition taxes (out of $22,056.10 claimed).

Regardless of whether there is "lack of support" in the Debtor's books and records, all of the subject amounts are specifically documented in Claim No. 12404, supported by accompanying documentation, and expressly authorized by the Lease attached to the Claim. The Liquidating Trust's unsupported contentions to the contrary cannot rebut the presumption of *prima facie* validity of the Claim. *See* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."; *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000). ("Upon objection, the proof of claim provides 'some evidence as to its validity and amount' and is 'strong enough to carry over a mere formal objection without more.") (citations omitted)). To meet its burden, the objector must present sufficient evidence ***and*** "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves."; *accord*, *In re Gonzalez*, 410 B.R. 868, 872 (Bankr. D. Ariz. 2009) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). The Objection based on the Debtors' alleged lack of supporting documentation is baseless, without any rebuttal of the facts established by the prima facie validity of RT's Claim.

Likewise, the Objection does not explain the basis for objecting to $1,489.69 of RT's prepetition rent and $165.84 of prepetition taxes included in the Claim, and should accordingly be overruled under the same legal authorities.

The additional explanation for the Objection to Claim No. 12404 provided informally to RT by the Liquidating Trust does not change the analysis.  In such email correspondence transmitted March 28, 2011 (copy attached hereto as Exhibit 1), counsel for the Liquidating Trust states:

> Claimant calculated prepetition amounts based on a Nov 11th filing date, the correct date is Nov 10th.  Insurance, utilities and common area maintenance were the responsibility of the Debtor, all of which were paid through the lease rejection date.

The first sentence of the above-quoted language reflects the fact that Claim No. 12404 seeks prepetition rent and real property taxes through and including November 10, 2008, the date of the filing of the Debtors' Chapter 11 petitions commencing the above-captioned cases (the "Petition Date").  Consistently, RT's Claim No. 13308 asserts an administrative claim for rent and real property taxes accruing postpetition under the Lease for the period from November 11, 2008 forward.  If the Liquidating Trust is taking the position that the rent and real property taxes accruing on the Petition Date do not constitute a portion of RT's prepetition claim (No. 12404), then such amounts must necessarily be *added* to the allowed amount of RT's administrative claim (No. 13308).  Otherwise, this aspect of the Objection should be overruled.

The Liquidating Trust's assertion that "[i]nsurance, utilities and common area maintenance were . . . all . . . paid through the lease rejection date" fails to explain the basis for objecting to such amounts in Claim No. 12404, as damages resulting from the Debtors' rejection of the Lease (effective March 10, 2009, pursuant to its Notice of Rejection of Unexpired Leases and Abandonment of Personal Property, filed March 3, 2009).  Rather, as set forth and calculated in the Addendum to Claim No. 12404 (and supported by attached documentation), RT's recovery of each of these expenses from the Debtor is expressly authorized under the Lease.  *See* Lease ¶13(a) (Debtor's payment of insurance obligations); ¶9(a) (Debtor's payment of common area maintenance obligations); ¶10(a) (Debtor's payment of utility bills).  Further, Paragraph 29(b)(i)(4) of the Lease provides for RT to recover from the Debtor "any other amount necessary to compensate [RT] for any actual damages incurred as a direct result of [Debtor]'s failure to

perform its obligations under this Lease.[1]"   Thus, there is no merit to the objection to these elements of RT's lease rejection Claim, and the Objection accordingly should be overruled.

The informal March 28, 2011 email correspondence from the Liquidating Trust's counsel also suggests that its Objection to RT's Claim No. 12404 is based on a different calculation of the limitation of the allowed amount of the portion of the Claim resulting from termination of the Lease pursuant to Bankruptcy Code Section 502(b)(6), as a result of using different figures for the rent and other damages resulting from such termination.

Specifically, while RT's (uncapped) Claim for future rent and other amounts owed by the Debtor under the Lease totals $5,806,235 (comprising rent of $5,106,815, taxes of $562,930, CAM of $22,133, fire insurance of $14,894, earthquake insurance of $39,195, utilities of $39,462 and water charges of $20,805), the Liquidating Trust contends such aggregate amount is $5,513,310 (comprising rent of $4,950,019 and taxes of $563,291).  Other than the Liquidating Trust's inexplicable failure to include insurance, CAM and utility charges in such calculation (as discussed above),[2] the Liquidating Trust also inexplicably fails to take account of the rent escalation clause pursuant to Lease ¶4(iii) of the Lease (as noted in the Addendum to Claim No. 12404).

Consequently, the Liquidating Trust erroneously calculates the capped amount of RT's claim for future rent and other amounts at $826,996.50 (15% of $5,513,309.98), rather than $870,935.20 (15% of $5,806,234.67) as set forth in Claim No. 12404.

Based on the foregoing, the Objection with respect to Claim No. 12404 should be overruled and the Claim allowed as filed.

---

[1] Likewise, pursuant to California Civil Code Section 1951.2 (a)(4) (the governing law pursuant to ¶35(j) of the Lease), upon termination of a lease, "the lessor may recover from the lessee . . . any other amount necessary to compensate the lessor for all the detriment proximately caused by the lessee's failure to perform his obligations under the lease or which in the ordinary course of things would be likely to result therefrom."

[2] To the extent that the Liquidating Trust may assert that such amounts do not constitute part of the "rent reserved by such Lease" pursuant to Bankruptcy Code Section 502(b)(6), RT notes that (as set forth in the Addendum to the Claim) the Lease (in  ¶4(iv)) defines as "Additional Rent": "all sums of money . . .  required to be paid by [Debtor] pursuant to this Lease, whether or not such sums are specifically described as Additional Rent."

### III.    OTHER MATTERS RAISED BY THE OBJECTION

In response to the requests sought in the Notice of the Objection, RP provides the following additional information:

(1) Notice Address: Counsel for RP, listed on first page of this Opposition.

(2) Additional Addresses: None

(3) Contact information of person with authority to resolve the Objection on RP's behalf: Counsel for RP, listed on first page of this Opposition.

### IV.    CONCLUSION

Based on the foregoing, RP respectfully requests that the Court enter its Order:

1.    Overruling the Objection.

2.    Allowing each of the RP Claims in the amounts asserted therein.

3.    Providing for such other and further relief as is just and appropriate.

Dated:  April 6, 2011

REDTREE PROPERTIES, LP

By: /s/ Augustus C. Epps, Jr.
Counsel

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia  23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

and

Gary M. Kaplan (State Bar No. 155530)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
Email:  gkaplan@fbm.com

Counsel for Redtree Properties, LP

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April 2011, a true and correct copy of Redtree Properties, LP's Omnibus Opposition to Liquidating Trust's Seventeenth Omnibus Objection to Landlord Claims (Claim Nos. 9156 & 12404) and Supporting Declaration of Gary M. Kaplan has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Augustus C. Epps, Jr.
   Augustus C. Epps, Jr.

**DECLARATION OF GARY M. KAPLAN IN SUPPORT OF REDTREE PROPERTIES,
LP's OMNIBUS OPPOSITION TO LIQUIDATING TRUST'S SEVENTEENTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS [CLAIM NOS. 9156 & 12404]**

I, Gary M. Kaplan, hereby declare as follows:

1.      I am an attorney at the law firm of Farella Braun + Martel LLP, counsel for Redtree Properties, LP("RP"), a creditor and party in interest in the above-captioned Chapter 11 case.  I am an attorney duly licensed to practice in the State of California and admitted pro hac vice before this Court.  All statements in this Declaration are based on my personal knowledge (except those stated on information and belief, which I am informed and believe to be true) and/or my review of relevant information and documents provided to me by RP and/or its representatives, and if called upon as a witness, I could and would testify competently thereto.

2.      I make this Declaration in support of RP's foregoing opposition (the "Opposition") to the Liquidating Trust's Seventeenth Omnibus Objection to Landlord Claims with respect to Claim Nos. 9156 and 12404 (collectively, the "RP Claims") filed herein by RP.

3.      I am informed and believe that the factual statements made in each of the RP Claims and in the Opposition are accurate, based on information and documentation provided to me by RP and/or its representatives.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 5th day of April, 2011, in San Francisco, California.


_____ /s/ Gary M. Kaplan_____
GARY M. KAPLAN

1140978

-8-