Troy N. Nichols (VA 68491)
Robert J. Brown (*pro hac vice pending*)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
Telephone:  (859) 233-2012
Facsimile:  (859) 259-0649
E-mail:  lexbankruptcy@wyattfirm.com

*Counsel for CB Richard Ellis / Louisville, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 (KRH) |
| | ) | |
| DEBTORS. | ) | Jointly Administered |
| | ) | |

**RESPONSE OF CB RICHARD ELLIS / LOUISVILLE, LLC TO THE LIQUIDATING TRUST'S FOURTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS**

CB Richard Ellis / Louisville, LLC ("CBRE"), by and through undersigned counsel, hereby submits this response (the "Response") to the *Liquidating Trust's Fourteenth Omnibus Objection to Landlord Claims* [Docket No. 10052] (the "Omnibus Objection").  In support of its Response, CBRE respectfully states that the Liquidating Trust has set forth no evidence to rebut the prima facie validity of CBRE's proof of claim and that, therefore, the Omnibus Objection must be denied.

**BACKGROUND**

1. On September 1, 2005, CBRE and Circuit City entered into that exclusive Listing Agreement for the sublease of certain property in Louisville, Kentucky (as amended on March 1, 2006, March 1, 2007, March 1, 2008, and June 1, 2008, the "Listing Agreement").  On or around

October, 2008, Circuit City and Genpak, LLC entered into a Sublease of the property covered by the Listing Agreement.  On October 23, 2008, CBRE issued a letter and invoice to Circuit City requesting payment of $127,712.16, in accordance with the terms of the Listing Agreement (the "Invoice").  A copy of the Listing Agreement and the Invoice were attached as exhibits to the Proof of Claim (as defined below) and are attached hereto as Exhibit A.

2. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

3. On January 7, 2009, CBRE timely filed an unsecured proof of claim in the amount of $127,712.16 with Kurtzman Carson Consultants, LLC [Claim No. 3490] (the "Proof of Claim").

4. On February 27, 2011, the Liquidating Trust filed the Omnibus Objection seeking, among other things, to expunge the Proof of Claim because "no amounts are owed per the debtor's books and records"  [*See* Exhibit E to Docket No. 10052].

## ARGUMENT

5. The Omnibus Objection does not contain sufficient evidence to rebut the prima facie validity of the Proof of Claim and, therefore, must be denied.  Under Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of both the validity and amount of the asserted claim. 11 U.S.C. § 3001(f).  A party objecting to the claim must present sufficient evidence to rebut the claim or the claim will prevail.  *See e.g. In re*

2

*Mid-Am Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); *Garner v. Shier (In re Garner)*, 246 B.R. 617, 622-623 (9th Cir. B.A.P. 2000).

6. As such, when a claim objection is filed, it is the objecting party that bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim. *See In re Allegheny Intern., Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992) ("[t]he objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claims' legal sufficiency"). The evidence presented must be of probative force equal to that of the creditor's proof of claim. *Id. See also In re Nejeldo*, 324 B.R. 697, 698 (Bankr. E.D. Wis. 2005). It is only if the objecting party overcomes the prima facie effect of the proof of claim that the burden reverts to the claimant. *See Allegheny*, 954 F.2d at 174.

7. The Proof of Claim sets forth the basis of CBRE's claim (the Listing Agreement) and CBRE's pre-petition request for payment of that claim (the Invoice). The Omnibus Objection does not challenge the validity of these supporting documents or the underlying claim itself, but merely asserts that "no amounts are owed per the debtor's books and records." This unsubstantiated declaration is insufficient to overcome the presumptive validity of the Proof of Claim.

8. In the unlikely event that the Liquidating Trust responds that it did not receive copies of the Listing Agreement or the Invoice as an exhibit to the Proof of Claim, CBRE has attached such documents to this Response as <u>Exhibit A</u>. CBRE respectfully submits that, independent of the Proof of Claim, these documents are sufficient to satisfy CBRE's evidentiary burden in responding to the Omnibus Objection and warrant denial of the Omnibus Objection.

WHEREFORE, for the foregoing reasons, CBRE respectfully requests that the Bankruptcy Court: (i) enter an order overruling the Omnibus Objection, as it relates to the Proof of Claim; (ii) deem the Proof of Claim to be allowed in full; and (iii) grant such other relief as the Bankruptcy Court deems just and proper.

        Respectfully submitted,

   /s/ Troy N. Nichols
Troy N. Nichols (Virginia Bar No. 68491)
Robert J. Brown *(pro hac vice pending)*
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
Telephone: (859) 233-2012
Facsimile: (859) 259-0649
E-mail: lexbankruptcy@wyattfirm.com

COUNSEL FOR CB RICHARD ELLIS /
LOUISVILLE, LLC

**CERTIFICATE OF SERVICE**

This is to certify that on this the 6th day of April, 2011, a true and correct copy of this Response was served electronically by the Clerk of the Bankruptcy Court in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order, upon the U.S. Trustee and those parties designated to receive notice via the Court's electronic noticing system and to those parties listed below.

Copies to:

Lynn L. Tavenner
Paula S. Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Jeffrey N. Pomerantz
Andrew W. Caine
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017

    /s/ Troy N. Nichols
Troy N. Nichols

30584924.1