UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

---------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
CIRCUIT CITY STORES, INC., *et al.*,        :    Case No. 08-35653 (KRH)
                                            :
                                            :    (Jointly Administered)
           Debtors.                         :
                                            :
---------------------------------------------------------x

### RESPONSE OF RETAIL PROPERTY GROUP, INC., SUCCESSOR BY ASSIGNMENT TO 19th STREET INVESTORS, INC., IN OPPOSITION TO LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

Retail Property Group, Inc. ("**RPG**"), successor by assignment to 19th Street Investors, Inc. ("**19th Street Investors**"), by counsel, for its response in opposition to the *Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (Reduction of Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims)* [Docket Item 10047] (the "**Omnibus Objection**"), respectfully states as follows:

### BACKGROUND

1.   On November 10, 2008 (the "**Petition Date**"), Debtors commenced the captioned cases under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") that are

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
(804) 749-8861 Telephone
(804) 749-8862 Facsimile
*Counsel For Retail Property Group, Inc.*

pending with the Court.

2. 19th Street Investors, as lessor, and Circuit City Stores, Inc. ("**Circuit City**"), as lessee, entered into a non-residential real property lease dated March 29, 2001 (the "**Lease**") for certain premises described in the Lease located at the Bal Harbour Square Shopping Center in Fort Lauderdale, Florida (the "**Premises**").[1] On information and belief, Debtors identified the Premises as their store number 848.

3. As of the Petition Date, the Lease was an unexpired non-residential real property lease within the meaning of section 365 of the Bankruptcy Code; but on or about March 10, 2009, Debtors rejected the Lease.

4. On May 15, 2009, the Court entered an order requiring administrative claims accrued from the Petition Date through April 30, 2009, to be submitted to Debtors' claims agent by June 30, 2009 (the "**Administrative Claim Bar Date**"). 19th Street Investors timely filed its administrative claim (the "**Administrative Claim**"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>, prior to the Administrative Claim Bar Date.

5. On July 10, 2010, 19th Street Investors assigned the Administrative Claim to RPG. *See* <u>Exhibit B</u> attached hereto (the "**Assignmen**t"). The Assignment was filed with the Court on July 21, 2010 [Docket Item 8156], and became effective as of August 24, 2010.

6. Notwithstanding the documentation and explanation provided in support of the Administrative Claim, the Liquidating Trust asserts in its Omnibus Objection a bare "books and

---

[1] The statements herein regarding the Lease, which is included in <u>Exhibit A</u>, are provided for convenience only and are not intended to nor do they alter the terms of the Lease, which terms control the parties' respective rights, obligations and remedies thereunder. Such statements further are not intended to nor do they waive any rights or remedies RPG has under the Bankruptcy Code or applicable law.

2

records" objection thereto, without any analysis or explanation of any factual or legal basis upon which the objection is asserted.

### RESPONSE; ARGUMENT

A.  *The Omnibus Objection Does Not Constitute A Valid Claim Objection*

7. Section 501(a) of the Bankruptcy Code provides, in relevant part, that " [a] creditor … may file a proof of claim." Section 502(a) of the Bankruptcy Code provides, in relevant part, that, "[a] claim … , proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest…objects." Bankruptcy Rule 3001(f) provides that, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

8. A properly supported claim is *prima facie* valid under Section 502 of the Bankruptcy Code. *See In re Macfarlane*, 83 F.3d 1041 (9th Cir. 1996); *In re Brown*, 82 F.3d 801 (8th Cir. 1996). A properly supported claim provides "evidence as to its validity and amount" and "is strong enough to carry over a mere formal objection without more." *Lundell v. Anchor Construction Specialists (In re Lundell)*, 223 F.23 1035, 1039 (9th Cir. 2000) (citations omitted); *see also In re Wilkinson*, 175 B.R. 627, 628 (Bankr. E.D. Va. 1994) (holding that an objector has the burden to do more than merely file an objection that states that a claim evidenced by a timely filed, and properly formatted and supported proof of claim has been paid); *First Nat'l Bank of Fayetteville, Ark. v. Circle J. Dairy (In re Circle J. Dairy)*, 112 B.R. 297, 299-300 (Bankr. W.D. Ark. 1989) (holding that a mere formal objection without more does not defeat a proof of claim).

9. Overcoming the presumptive validity of a *prima facie* valid claim can be accomplished only when an objecting party produces specific and detailed allegations that place the claim into dispute, *see In re Lenz*, 110 B.R. 523, 525 (D. Colo. 1990); by the presentation of actual legal arguments based upon the contents of the claim and its supporting documents, *see In re Circle J. Dairy*, 112 B.R. at 300; or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question, *see In re Frontier Airlines, Inc.*, 112 B.R. 395- 399-400 (D. Colo. 1990).

10. As the basis for its objection to RPG's Administrative Claim, the Liquidating Trust merely states in the Omnibus Objection "reduce by following amounts as not supported by Debtors' books and records." There is no affidavit or other evidence to support this assertion; and is not sufficient to rebut the validity of RPG's Administrative Claim. *In re Allegheny International, Inc.*, 954 F.2d 167 (3d Cir. 1992) (the objector "must produce evidence which, if believed, would refute" the claim); *In re Michigan-Wisconsin Transportation Co.*, 161 B.R. 628 (Bankr. W.D.Mich. 1993) ("a party objecting to a claim must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim").[2]

B. *The Administrative Claim Is Valid And Should Be Allowed In Full*

11. The Administrative Claim represents valid claims under the Lease which accrued post-Petition Date; and, thus, should be allowed as section 503(b) administrative claims in this case.

---

[2] Moreover, the Liquidating Trust has the burden to overcome the *prima facie* validity of the Administrative Claim before the burden of production is shifted to RPG. *See, e.g., Wilkinson*, 175 B.R. at 628.

4

12. As fully set forth and supported in the Administrative Claim, a pleading timely filed on June 29, 2009 (and which the Liquidating Trust does not contest), Debtors failed to pay monthly rent due under the Lease for November 2008. The "stub" rent portion of November 2008 rent due and owing is $63,890.44. Debtors further were obligated under the Lease to pay common area maintenance ("**CAM**") expenses. *See* Lease at ¶7. The CAM portion of RPG's Administrative Claim, all of which came due post-Petition Date under the Lease, and as documented in the Administrative Claim, is 23,502.28.

13. As the Liquidating Trust has failed to set forth any legally or factually sufficient basis for its objection to RPG's Administrative Claim, and the Administrative is a validly supported, and otherwise valid cliam, the Court should dismiss the Omnibus Objection as it relates to RPG's Administrative Claim and enter an Order allowing RPG's Administrative Claim, in full, in the aggregate amount of $87,392.72.

WHEREFORE, RPG respectfully requests that the Omnibus Objection be denied with prejudice in respect of the Administrative Claim; that RPG's Administrative Claim be allowed in full as filed; and that the Court grant RPG such other and further relief as it deems just and proper.

Dated: April 6, 2011

*/s/ John M. Craig*_____
Russell R. Johnson III
V.S.B. No. 31468
John M. Craig
V.S.B. No. 32977
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, VA 23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862

5

and

John D. Demmy
STEVENS & LEE, P.C.
1105 N. Market Street, 7th Floor
Wilmington, Delaware 19801
Phone: (302) 425-3308
Facsimile: (610)371-8515
E-mail: jdd@stevenslee.com

*Counsel for Retail Property Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2011, a true and correct copy of the foregoing RESPONSE OF RETAIL PROPERTY GROUP, INC., SUCCESSOR BY ASSIGNMENT TO 19th STREET INVESTORS, INC., IN OPPOSITION TO LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS was served electronically through the Court's CM/ECF System on the parties identified below, and/or by regular United States, first class mail delivery:

Lynn L. Tavenner, Esq. (by ECF and first class mail)
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

W. Clarkson McDow, Jr. (by ECF)
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219
*U.S. Trustee*

Robert J. Feinstein, Esq. (by first class mail)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017

Jeffrey N. Pomerantz, Esq. (by first class mail)
Andrew W. Caine, Esq. (by first class mail)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

          /s/ John M. Craig
          John M. Craig