IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE TO SEVENTEENTH OMNIBUS OBJECTIONS TO CLAIMS**
**RE: CLAIM NO. 5060**

C1 West Mason Street LLC ("C1"), files this Response (the "Response") to the Seventeenth Omnibus Objection to Claims [ECF No. 10061] (the "Objection") and, in support of the Response respectfully represents as follows:

CC Green Bay 98 (the "Landlord") filed claim no. 5060 (the "Claim"), which claim was subsequently assigned to C1 [ECF No. 4200]. The Claim asserts a general unsecured claim in the amount of $959,382.47 consisting of rejection damages and prepetition rent. The Objection seeks to reduce the amount of the Claim by $158,167.33 and to allow the Claim in the reduced amount of $801,215.14.

The Claim attached an analysis and calculation of the asserted rejection damages claim in the amount of $916,232.47 and provides details in support of other unpaid prepetition rent for October 2008 and the pre-petition portion of November 2008.

The Objection fails to supply any details whatsoever challenging the explanation and analysis set forth in the Claim. Rather than providing its own calculation of rejection damages or prepetition rent due (or alleged errors in the analysis attached to the Claim), the Objection simply asserts that the "debtor's books and records" reflect a different sum.

Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto represent detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f). The Liquidating Trust must provide evidence sufficient to rebut the presumption of validity in order to shift the burden of proof to C1. *In re Mid-American Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); s*ee also In re Thompson*, 260 B.R. 484, 486-87 (Bankr. W.D. Mo. 2001). The Objection does not provide any evidence to rebut the presumption of validity nor does it advance any basis under Bankruptcy Code § 502 for reduction of the Claim.

The Objection leaves C1 to guess at why it is that the Debtors' books and records apparently do not match the Landlord's own analysis. This leaves C1 with little choice but to rely on the analysis and documentation provided in connection with the Claim until such time as the Liquidating Trust explains why it disagrees. Absent specific objections to the Claim, the Objection must be overruled and the Claim allowed in the full amount asserted therein.

Dated: April 6, 2011.

        **SUTHERLAND ASBILL & BRENNAN LLP**

        By: /s/ Mark Sherrill
        Mark D. Sherrill (Va. Bar No. 44543)
        1275 Pennsylvania Avenue, NW
        Washington, DC 20004
        Tel: (202) 383-0100
        Fax: (202) 637-3593

        -and-

        **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
        Jeffrey I. Snyder (*pro hac vice* pending)
        1450 Brickell Avenue.
        Suite 2300
        Miami, Florida 33131
        Tel: (305) 374-7580
        Fax: (305) 374-7593

        Counsel for LNR Partners, Inc., as Manager of
        C1 West Mason Street LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via FedEx overnight on April 6, 2011, upon all parties as set forth on the attached service list.

        By: /s/ Mark Sherrill
            Mark D. Sherrill

MIAMI 2496414.1 7249631413

**SERVICE LIST**

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102
*Attorneys for Debtor*

MIAMI 2496330.1 7249631413