IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE TO SEVENTEENTH OMNIBUS OBJECTIONS TO CLAIMS
RE: CLAIM NO. 7165**

CCMS 2005 CD1 Lycoming Mall Circle Limited Partnership ("CCMS"), files this Response (the "Response") to the Seventeenth Omnibus Objection to Claims [ECF No. 10061] (the "Objection") and, in support of the Response respectfully represents as follows:

BPP-Muncy, LLC (the "Landlord") filed claim no. 7165 (the "Claim"), which claim was subsequently assigned to CCMS [ECF No. 4168]. The Claim asserts a general unsecured claim in the amount of $560,167.08 consisting of rejection damages, prepetition rent, utilities, attorneys' fees, and a building management fee. The Objection seeks to reduce the amount of the Claim by $127,064.41 and to allow the Claim in the reduced amount of $433,102.67.

The Claim attached a detailed calculation of the asserted rejection damages claim in the amount of $495,628.50 and provides details in support of other unpaid prepetition amounts due for October 2008 rent, November prepetition stub rent, unpaid utilities, and a building management fee.

It appears that the Objections seek to disallow the portions of the Claim encompassing prepetition attorneys' fees, utilities, and a building management fees. Landlord submits that the Lease (attached to the Claim), clearly provides that the Debtor-tenant is responsible for

prepetition attorneys' fees, and agreed to indemnify Landlord for all expenses, costs, and liabilities such as management fees and unpaid utilities.

In addition, however, the Objection seeks to reduce the portions of the Claim comprising prepetition rent and rejection damages by $16,618.25 and $92,950.16, respectively. Despite a detailed rejection damages analysis attached to the Claim and a breakdown of the prepetition rent, CAM, and taxes due for October 2008 and the prepetition portion of November 2008, the Debtors provide no details in support of the Objection. Rather than providing its own calculation of rejection damages or prepetition rent due (or pointing out flaws in the analysis attached to the Claim), the Objection simply asserts that the "debtor's books and records" reflect a different sum.

Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto represent detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f). The Liquidating Trust must provide evidence sufficient to rebut the presumption of validity in order to shift the burden of proof to CCMS. *In re Mid-American Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); s*ee also In re Thompson*, 260 B.R. 484, 486-87 (Bankr. W.D. Mo. 2001). The Objection does not provide any evidence to rebut the presumption of validity nor does it advance any basis under Bankruptcy Code § 502 for reduction of the Claim.

The Objection leaves CCMS to guess at why it is that the Debtors' books and records apparently do not match the Landlord's own analysis. This leaves CCMS with little choice but to rely on the analysis and documentation that it provided in connection with the Claim until such

time as the Liquidating Trust explains why it disagrees.  Absent specific objections to the Claim, the Objection must be overruled and the Claim allowed in the full amount asserted therein.

Dated:  April 6, 2011.

**SUTHERLAND ASBILL & BRENNAN LLP**

By:  /s/ Mark Sherrill
Mark D. Sherrill (Va. Bar No. 44543)
1275 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 383-0100
Fax:  (202) 637-3593

-and-

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**

Jeffrey I. Snyder (*pro hac vice* pending)
1450 Brickell Avenue.
Suite 2300
Miami, Florida 33131
Tel:  (305) 374-7580
Fax:  (305) 374-7593

Counsel for LNR Partners, Inc., as Manager of CCMS 2005 CD1 Lycoming Mall Circle Limited Partnership

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via FedEx overnight on April 6, 2011, upon all parties as set forth on the attached service list.

By: /s/ Mark Sherrill
Mark D. Sherrill

MIAMI 2496414.1 7249631413

**SERVICE LIST**

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102
*Attorneys for Debtor*