**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:   (315) 474-4040
Kevin M. Newman, Esquire

and

Augustus C. Epps, Jr., Esquire (VSB No.13254)
Michael D. Mueller, Esquire (VSB No 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:   (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Cameron Bayonne, L.L.C.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

---------------------------------------------------------------
In re:

   CIRCUIT CITY STORES, INC., *et al.*       Case No. 08-35653-KRH
                                                        Jointly Administered
                         Debtors.             Chapter 11 Proceedings
---------------------------------------------------------------

**CAMERON BAYONNE, L.L.C.'S RESPONSE TO THE LIQUIDATING TRUST'S
SEVENTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, DISALLOWANCE OF CERTAIN
DUPLICATE CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Cameron Bayonne, L.L.C. (the "Landlord") by and through its attorneys, Menter, Rudin

& Trivelpiece, P.C., and local counsel, Christian and Barton, L.L.P., respectfully submits this

Response to the Circuit City Stores, Inc. liquidating trust's (the "Liquidating Trust") *Seventeenth*

*Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims,*

*Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims)* (the "Claim Objection").

### BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the above captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. The Landlord was a party to a lease (the "Lease") of nonresidential real property with Circuit City Stores, Inc. (the "Debtor") known as Bayonne Crossing Shopping Center, to be constructed in Bayonne, New Jersey (the "Premises").[1]

3. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3).[2] *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

4. On December 29, 2008, the Court entered an Order granting the Debtors' motion to reject the Lease effective as of December 12, 2008.

5. The Landlord filed a claim in connection with the rejection of the Lease of $674,889.20 plus attorneys' fees ("Claim No. 5814").

6. On February 28, 2011 the Liquidating Trust filed the Claim Objection, setting the response deadline for April 7, 2011 at 4:00 p.m. and a hearing date for April 14, 2011 at 2:00 p.m.

---

[1] The Landlord will provide the Lease upon the Liquidating Trust's request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

{30933/22766/AK/00295161.DOC}    2

**RESPONSE TO OBJECTION**

7. The Liquidating Trust objects to Claim No. 5814 alleging that the Debtors' books and records do not support the amount claimed, but this is inconsistent with the fact that the Debtors have rejected the Lease pursuant to § 365(a). The Rejection Order is attached as Exhibit "A." In addition, the Liquidating Trust lists Claim No. 5814 as unliquidated. The Liquidating Trust proposes expunging Claim No. 12067, but does not indicate the basis for the proposed expungement.

8. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554 at 557); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v. United States (In re Caroll),* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992).

9. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer,* 962 F.2d 1463, 1466 (10th Cir. 1992); *In re Allegheny International*, Inc., 954 F.2d at 173–74). In order to prevail, the Liquidating Trust

must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." *Id.* (citing 9 Collier on Bankruptcy, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

10. Section 502(b)(6) of the Bankruptcy Code provides that damages due a lessor resulting from the termination of a lease of real property are limited to "the rent reserved by such lease, without acceleration, for the greater of one year or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of . . . " the Petition Date or the date the lessor repossessed the property or the debtor surrendered the property. 11 U.S.C. § 502(b)(6)(A).

11. The Landlord has attached to Claim No. 5814 documentation showing the amount of the claim consisting of rent for one year of $674,889.20.

12. Furthermore, Thomas J. Valenti, a member of the Cameron Group, L.L.C. and a person having personal knowledge of the relevant facts in the Debtor's and Landlord's transactions, attests that the amount claimed in Claim No. 5814 is a true and accurate calculation in accordance with the Lease. The Declaration of Thomas J. Valenti is attached as Exhibit "B."

13. Thus, Claim No. 5814 fully complies with § 502(b)(6), and the Liquidating Trust has failed to meet its burden of presenting sufficient evidence of a bona fide dispute justifying disallowance of Claim No. 5814. Furthermore, the Liquidating Trust has not explained the basis for expunging Claim No. 5814. The Liquidating Trust's objection to Claim No. 5814 should therefore be overruled and the claim should be allowed.

**WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's objection to Claim No. 5814, allowing Claim No. 5814, and granting the Landlord such other and further relief as the Court deems just and proper.

Dated: April 6, 2011 **CHRISTIAN & BARTON, L.L.P.**

By: /s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esquire
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for Cameron Bayonne, L.L.C.*

### CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 6th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore