IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
|     Debtors. | ) | |
| | ) | |

**RESPONSE TO THIRD AND FOURTH OMNIBUS OBJECTION TO CLAIMS
RE: CLAIM NOS. 8559, 12682, AND 13695**

Bank of America N.A., as Trustee for the Registered Holders of Greenwich Capital Commercial Mortgage Funding Corp. Commercial Mortgage Trust 2007-GG9 Commercial Mortgage Pass-Through Certificates, Series 2007-GG9, as Collateral Assignee of Abercorn Common LLLP (the "Lender"), files this Response (the "Response") to the Third Omnibus Objection to Claims [ECF No. 10040] and the Fourth Omnibus Objection to Claims [ECF No. 10041] (the "Objections") and, in support of the Response respectfully represents as follows:

The Lender filed claim no. 8559 (the "Lender Claim") in its capacity as Collateral Assignee pursuant to applicable loan documents in order to preserve its rights to rents and related payments comprising its collateral and proceeds of its collateral. The Objection seeks to disallow and expunge the Lender Claim on the basis that the Lender is the lender to landlord Abercorn Common LLLP (the "Landlord") as opposed to the landlord directly, and the "debtor is addressing claims 12682 and 13695 with the landlord." Objection at Ex. E. Claims 12682 and 13695 are referred to hereinafter as the "Landlord Claims".

Notwithstanding the failure and refusal of the Liquidating Trust and the Claims Agent in these cases to honor recent transfers of claims, the Lender is the owner of the Landlord Claims

and is entitled, whether through the Lender Claim or the Landlord Claims, to payment of all funds due to Landlord in connection with the lease between it and the Debtor.

Specifically, on January 4, 2011, the Lender, through special purpose entity GCCFC 2007-GG9 ABERCORN STREET LIMITED PARTNERSHIP, foreclosed its interests in its collateral by recording a Deed Under Power of Sale in the land records of Chatham County, Georgia (the "Deed").  Pursuant to the Deed, among other things, the Landlord's right, title and interest in all Leases (as defined in the Deed), rents, earnings, income, profits, benefits, all other sums due, proceeds, receivables, etc. was transferred to Lender pursuant to applicable Georgia law.  A copy of the Deed is annexed hereto as Exhibit "A".

In the Third Omnibus Objection to Claims and the Fourth Omnibus Objection to Claims, the Landlord Claims are subject of books and records and reclassification objections.  Lender does not object to the proposed reclassification of the priority claim asserted by the Landlord, but is unable to determine the appropriateness of the proposed reduction in the amount of the Landlord Claims because the Objections fail to provide any calculations, supporting documentation, or other information in support of their proposed reductions.  Lender is left to guess at the basis for any proposed reduction in the Landlord Claims.

Lender recognizes that the Landlord Claims and the Lender Claim seek the identical right to payment and agree that only a single recovery is allowable.  Lender asserts that such recovery must be paid to it, either by virtue of the Lender Claim or through transfer of the Landlord Claims notwithstanding the occurrence of the Distribution Record Date under the confirmed Plan in these cases.

Accordingly, because Lender has foreclosed its lien upon the Landlord Claims and is entitled to all payments due to Landlord from the Debtors, Lender respectfully submits that the

Objection must be overruled as to the Lender Claim or, alternatively, that the Landlord Claims must be transferred to Lender and, upon final allowance of same, distributions thereon paid to Lender.

Dated: April 6, 2011.

**SUTHERLAND ASBILL & BRENNAN LLP**

By: /s/ Mark Sherrill
Mark D. Sherrill (Va. Bar No. 44543)
1275 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 383-0100
Fax:  (202) 637-3593

-and-

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
Jeffrey I. Snyder (*pro hac vice* pending)
1450 Brickell Avenue.
Suite 2300
Miami, Florida 33131
Tel:  (305) 374-7580
Fax:  (305) 374-7593

Counsel for LNR Partners, Inc., as special servicer and attorney in fact for Bank of America N.A., as Trustee for the Registered Holders of Greenwich Capital Commercial Mortgage Funding Corp. Commercial Mortgage Trust 2007-GG9 Commercial Mortgage Pass-Through Certificates, Series 2007-GG9, as Collateral Assignee of Abercorn Common LLP

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via FedEx overnight on April 6, 2011, upon all parties as set forth on the attached service list.

By: /s/ Mark Sherrill
Mark D. Sherrill

MIAMI 2496414.1 7249631413

# SERVICE LIST

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102
*Attorneys for Debtor*