**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | ) **Case No. 08-35653-KRH** |
| | ) **Jointly Administered** |
| Debtors. | ) **Chapter 11** |
| | ) |

**RESPONSE OF COMMONWEALTH EDISON COMPANY**
**TO THE LIQUIDATING TRUST'S SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PARTIALLY**
**INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS AND**
<u>**RECLASSIFICATION OF CERTAIN INCORRECTLY CLASSIFIED CLAIMS**</u>)

Commonwealth Edison Company ("ComEd"), by counsel, for its Response to the

*Liquidating Trust's Seventh Omnibus Objection to Claims (Reduction of Certain Partially*

*Invalid Claims, Disallowance of Certain Invalid Claims and Reclassification of Certain*

*Incorrectly Classified Claims)* (the "Objection"), states the following:

**<u>Procedural Facts</u>**

1.      On November 10, 2008 (the "Petition Date"), the Debtors commenced their cases

under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2.      On May 15, 2009, the Court entered an order (the "Administrative Bar Date

Order") establishing June 30, 2009 as the administrative expense bar date (the "Administrative

Expense Bar Date") to request payment of administrative expenses incurred from the Petition

Date through April 30, 2009.

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
(804) 749-8861 Telephone
(804) 749-8862 Facsimile
*Counsel For Commonwealth Edison Company*

**Facts Regarding ComEd**

3.      On June 29, 2009, ComEd timely filed its Request For Payment of Administrative

Expenses in the amount of $78,569.52 (Claim No. 14120) (the "ComEd Administrative Claim")

for the payment of post-petition utility goods/services that ComEd provided to the Debtor, but

were not paid for by the Debtor.

4.      Attached to the ComEd Administrative Claim were eleven final invoices that

reflected the following amounts due and owing for post-petition utility goods/services provided

by ComEd to the Debtor:

| Account Number | Final Bill Date | Balance Due |
|---|---|---|
| 0536730006 | 4/22/09 | $32,803.29 |
| 0546786029 | 4/29/09 | $10,986.44 |
| 0630069000 | 4/10/09 | $2,428.61 |
| 0630077002 | 4/27/09 | $1,333.71 |
| 0714679008 | 4/28/09 | $7,083.58 |
| 0877810001 | 4/23/09 | $1,197.92 |
| 1113076057 | 4/21/09 | $1,796.85 |
| 2216291004 | 4/21/09 | $3,714.00 |
| 2979188024 | 4/27/09 | $3,159.93 |
| 3637543002 | 4/23/09 | $905.12 |
| 4755127045 | 4/15/09 | $13,160.07 |
| **Total** | | **$78,569.52** |

2

5.      When a particular Debtor store was closed and the associated utility account(s)

was closed, the ComEd billing system would find an active post-petition Debtor account to which

it could transfer the final balance.  Attached hereto as Exhibit "A" is a summary of the final post-

petition balance due, and a breakdown of final bills that also contain final bills for closed store

locations that were transferred to then active Debtor accounts (the "Final Bills Summary").  The

final account balances for closed stores that were transferred to then open Debtor accounts are

reflected in the final bills.

6.      Attached hereto as Exhibit "B" is the final bill for Account No. 0536730006 for

7001 Cermak Road, Berwyn, Circuit City #3120 (the "Cermak Road Account").  Attached to the

final bill for the Cermak Road Account are the following three final bills whose balances were

transferred to the Cermak Road Account when those accounts closed:  (a) Account No.

1563117038 for 2226 N. Richmond Road, McHenry, Circuit City #3792 for service through

3/11/09; (b) Account No. 0384032008 for 7414 S. Cicero Avenue, Chicago, Circuit City #3113

for service through 3/12/09; and (c) Account No. 0457747009 for 1420 E. Golf Road,

Schaumburg, Circuit City #3111 for service through 3/19/09.

7.      Also included in the final bill for the Cermak Road Account is the final bill for

Account No. 0311054056 for 7010 Forest Preserve Drive, Norridge (the "Forest Preserve

Account").  The final bill for the Forest Preserve Account is attached hereto as Exhibit "C."

Attached to the final bill for the Forest Preserve are the following four final bills whose balances

were transferred to the Forest Preserve Account when those four accounts closed:  (a) Account

No. 1108023008 for 2900 Highland Avenue, Downers Grove, Circuit City #3112 for service

3

through 3/11/09; (b) Account No. 3879025147 for 370 E. Rand Road, Arlington Heights for service through 1/2/09; (c) Account No. 1291153011 for 1030 W. North Avenue, Unit St01, Chicago for service through 1/2/09; and (d) Account No. 0025522007 for 5701 W. Touhy Avenue, Niles, Circuit City #3118 for service through 1/8/09.

8.      Attached hereto as Exhibit "D" is the final bill for Account No. 0546786029 for 430 Army Trail Road, Bloomingdale, Circuit City #3115 (the "Army Trail Account").  Attached to the final bill for the Army Trail Account is the following final bill whose balances was transferred to the Army Trail Account when that account closed:  (a) Account No. 2397095011 for 111 N. Weber Road, Bolingbrook, Circuit City #3115 for service through 4/1/09.

9.      Attached hereto as Exhibit "E" are the final bills for the Debtor's remaining nine post-accounts with ComEd.

10.      The final bills for the Cermak Road Account, the Forest Preserve Account, and the Army Trail Account group all late charges together for that particular account along with the late charges for transferred accounts.

11.      The final post-petition bills reflect application of post-petition deposits to the final post-petition amounts due and owing by the Debtor.

12.      For the reasons set forth herein, this Court should dismiss the Objection as to ComEd Administrative Claim and enter an Order requiring immediate payment of the ComEd Administrative Claim.

**Discussion**

13.     Through the Objection, The Circuit City Stores, Inc. Liquidating Trust (the

"Liquidating Trust") categorized the ComEd Administrative Claim as a "Partially Invalid Claim,"

listed on Exhibit "C" to the Objection, and claimed that the ComEd Administrative Claim should

be reduced from $78,569.52 to $7,441.19 for the following reasons:

> Claim should be reduced by $44,789.15 as books and records to show no
> liability for that portion (certain invoices are for periods after rejection of
> leases; in some cases, the billed store locations are not found in account
> records).  Claim should be further reduced by $26,339.20 on account of
> being satisfied by netting against deposit overpayment.

14.     First, as set forth above, the Liquidating Trust's contention that the ComEd

Administrative Claim should be reduced by $44,789.15 should be rejected because the final

invoices accurately reflect all unpaid post-petition utility charges owed by the Debtor to ComEd.

15.     Second, as set forth above, the Liquidating Trust's claim that the ComEd

Administrative Claim should be further reduced by $26,339.20 "on account of being satisfied by

netting against deposit overpayment" should be rejected because the final post-petition bills all

reflect application of post-petition deposits to the final post-petition amounts due and owing by

the Debtor.

16.     The post-petition utility goods/services provided by ComEd for the Debtor is an

actual, necessary expense of preserving the Debtor's estate and is entitled to an administrative

expense priority pursuant to § 503(b) of the Bankruptcy Code. *See In re Best Products, Co.*, 203

B.R. 51, 53 (E.D. Va. 1996).

17.     For the reasons set forth herein, the Court should dismiss the Objection as to the

ComEd Administrative Claim and enter an Order allowing the ComEd Administrative Claim in its

entirety, and requiring the immediate payment of the ComEd Administrative Claim in the amount

of $78,569.52.

### CONCLUSION

WHEREFORE, ComEd respectfully requests that this Court:

(a) Allow the administrative expense claim of Dominion in the amount of $78,569.52 for post-

petition utility services provided and billed but not paid by the Debtor;

(b) Order the Liquidating Trust to immediately pay the $78,569.52 for post-petition utility service

provided by ComEd to the Debtor; and

(c) For such further relief as this Court deems just and proper.

Dated:  April 6, 2011

/s/ John M. Craig_____
Russell R. Johnson III
V.S.B. No. 31468
John M. Craig
V.S.B. No. 32977
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, VA 23103
Tel: (804) 749-8861
Fax: (804) 749-8862

*Counsel for Commonwealth Edison
Company*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this day of April 6, 2011, I caused a true and correct copy of the

foregoing *Response of Commonwealth Edison Company to the Liquidating Trust's Seventh*

*Omnibus Objection to Claims (Reduction of Certain Partially Invalid Claims, Disallowance of*

*Certain Invalid Claims and Reclassification of Certain Incorrectly Classified Claims)* to be

served electronically through the Court's CM/ECF System or by overnight delivery, to the

following:

Lynn L. Tavenner
Paula S. Beran
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Liquidating Trust Counsel*

Jeffrey N. Pomerantz
Andrew W. Caine
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Liquidating Trust Counsel*

W. Clarkson McDow, Jr.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219
*U.S. Trustee*

　　　　　　　　　　　/s/ John M. Craig
　　　　　　　　　　　John M. Craig