Neil E. McCullagh
Virginia Bar No. 39027
NMcCullagh@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2064
Facsimile:    (804) 697-2164

- and -

William A. (Trey) Wood, III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:    (713) 223-2300
Facsimile:    (713) 221-1212

**Attorneys for Chino South Retail PG, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| **IN RE:** | § § | |
| **CIRCUIT CITY STORES, INC.,** *et al,* | § § § | **CASE NO. 08-35653-KRH** <br> **Jointly Administered** |
| **DEBTORS.** | § § | **CHAPTER 11** |

### RESPONSE OF CHINO SOUTH RETAIL PG, LLC TO LIQUIDATING TRUST'S OBJECTION TO CLAIM OF CHINO SOUTH RETAIL PG, LLC
(Relates to Claim No. 8990)

Chino South Retail PG, LLC ("Chino") files this response (the "Response") in opposition to the Liquidating Trust's objection to Claim No. 8990 filed by Chino. In support of the Response, Chino states as follows:

HOUSTON\2744210.1

## I. PROCEDURAL AND FACTUAL BACKGROUND

1. On November 10, 2008 (the "Petition Date"), Circuit City Stores West Coast, Inc., a debtor in the above-captioned case (the "Debtor"), filed a voluntary petition in this Court for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, Chino, as landlord, entered into a lease agreement (the "Lease") with the Debtor, as tenant.

3. On December 11, 2008, the Court entered an order establishing January 30, 2009 as the deadline for filing general unsecured claims against the Debtor (the "General Bar Date").

4. On January 30, 2009, as a result of the Debtor's bankruptcy filing and the Debtor's rejection of the Lease, Chino timely filed a proof of claim (Claim No. 8990) to assert Lease rejection damages owed to Chino (the "Lease Rejection Claim").

5. On February 25, 2011, the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred H. Siegel, the alleged trustee of the Trust (the "Trustee"), filed an objection to the Lease Rejection Claim (the "Claim Objection").

## II. RESPONSE

6. Pursuant to the Claim Objection, the Liquidating Trust has objected to the Lease Rejection Claim on the basis that the claim is allegedly (i) a late-filed claim; and (ii) an invalid claim. The Liquidating Trust has not provided any evidence to support its allegations.

7. A proof of claim "constitutes prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see also In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid). The Liquidating Trust, as the objecting party, may only overcome the presumption of validity if it offers evidence to rebut the presumption. *See e.g., In re Fitzgerald*, 2008 Bankr. LEXIS at *4. The Liquidating

Trust has failed to provide evidence to rebut the *prima facie* validity of the Lease Rejection Claim, and accordingly, the Court should deny the Claim Objection.

8.   Contrary to the Liquidating Trust's allegation, the Lease Rejection Claim was timely filed on or before the General Bar Date on January 30, 2009. Accordingly, the Lease Rejection Claim should not be disallowed as a late-filed claim.

9.   In addition, the Lease Rejection Claim constitutes a valid lease rejection claim pursuant to 11 U.S.C. § 502(b)(6). As set forth in Annex A to the Lease Rejection Claim, Chino entered into the Lease with Circuit City Stores West Coast, Inc. prior to the Petition Date, and the Debtor rejected the Lease after the Petition Date. A copy of the Lease was attached to the Lease Rejection Claim, but Chino will provide an additional copy of the Lease to the Trustee upon request. The Debtor's rejection of the lease constituted a breach of the Lease entitling Chino to a claim for damages. 11 U.S.C. § 365(g).

10.  The asserted amount of Chino's timely filed Lease Rejection Claim, $225,979.07, was calculated based on the damages resulting from the Debtor's rejection of the Lease, as capped by 11 U.S.C. § 502(b)(6). However, due to a calculation error, this asserted amount actually underestimates the amount of Chino's valid lease rejection claim pursuant to § 502(b)(6). Because the initial term of the Lease is ten years (see Lease, § 1.01C), the amount of Chino's valid claim should at least be equal to the rent reserved under the Lease for a period of 1.5 years (1.5 years is 15% of 10 years). *See* § 502(b)(6). Therefore, Chino should be entitled to lease rejection damages of at least $608,405.18 because this represents the minimum rent due under the Lease for a period of one and a half years. Chino intends to file an amended claim to reflect its entitlement to additional damages.

11. Accordingly, the Lease Rejection Claim should not be disallowed as an invalid claim because it represents a valid claim for breach of contract damages resulting from the Debtor's rejection of the Lease.

12. The person with personal knowledge of the relevant facts alleged herein is:

> Chris Wilson, Regional Financial Officer
> 34 Tesla, Suite 110
> Irvine, California 92618

WHEREFORE, Chino respectfully requests that this Court deny the relief requested in the Claim Objection and grant Chino such other and further relief as the Court deems just and proper both at law and in equity.

Dated: April 6, 2011

Respectfully submitted,

**SPOTTS FAIN PC**

By: */s/ Neil E. McCullagh*
Neil E. McCullagh
Virginia Bar No. 39027
NMcCullagh@spottsfain.com
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:   (804) 697-2064
Facsimile:   (804) 697-2164

- AND -

**BRACEWELL & GIULIANI LLP**

By: */s/ William A. (Trey) Wood, III*
    William A. (Trey) Wood, III
    Texas Bar No. 21916050
    Trey.Wood@bgllp.com
    Chris S. Tillmanns
    Texas Bar No. 24060730
    Chris.Tillmanns@bgllp.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone:    (713) 223-2300
    Facsimile:    (713) 221-1212

**ATTORNEYS FOR CHINO SOUTH RETAIL PG, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2011, a true and correct copy of the above and foregoing response was served (i) via electronic means through the Court's ECF system; and (ii) by regular U. S. First Class Mail and by Federal Express on the parties listed below.

| | |
|---|---|
| Jeffrey N. Pomerantz | Lynn L. Tavenner |
| Andrew W. Caine | Paula S. Beran |
| Pachulski Stang Ziehl & Jones LLP | Tavenner & Beran, PLC |
| 10100 Santa Monica Boulevard | 20 North Eighth Street, 2nd Floor |
| Los Angeles, CA 90067-4100 | Richmond, Virginia 23219 |

/s/ *William A. (Trey) Wood, III*
William A. (Trey) Wood, III