IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------------ x
In re:                                            :
                                                  :    Chapter 11
CIRCUIT CITY STORES, INC., et al.,                :
                                                  :    Case No. 08-35653 (KRH)
        Debtors.                                  :
                                                  :    Jointly Administered
                                                  :
------------------------------------------------------------ x

**RESPONSE OF GLIMCHER PROPERTIES LIMITED PARTNERSHIP,
AS MANAGING AGENT FOR WTM GLIMCHER, LLC, TO LIQUIDATING
TRUST'S THIRD OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS,
RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE
OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN DUPLICATE
CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Glimcher Properties Limited Partnership ("GPLP"), as managing agent for WTM Glimcher, LLC (collectively, the "Claimant"), by its undersigned attorneys, submits this response (this "Response") to the *Liquidating Trust's Third Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims)* (the "Claims Objection") (Docket No. 10040). In support of this Response and the Claims (hereafter defined), the Claimant respectfully states:

| | |
|---|---|
| _____ | _____ |
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | Ronald E. Gold, Esquire (Ohio Bar No. 0061351) |
| Michael D. Mueller, Esquire (VSB No. 38216) | Joseph B. Wells, Esquire (Ohio Bar No. 0082775) |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | FROST BROWN TODD LLC |
| CHRISTIAN & BARTON, L.L.P. | 2200 PNC Center |
| 909 East Main Street, Suite 1200 | 201 East Fifth Street |
| Richmond, Virginia 23219 | Cincinnati, Ohio 45202 |
| Telephone: (804) 697-4100 | Telephone: (513) 651-6800 |
| Facsimile: (804) 697-4112 | Facsimile: (513) 651-6981 |
| | |
| Counsel for Glimcher Properties Limited Partnership, as Managing Agent for WTM Glimcher, LLC | Counsel for Glimcher Properties Limited Partnership, as Managing Agent for WTM Glimcher, LLC |

## BACKGROUND

1.	On November 10, 2008 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2.	GPLP is the owner of, or the managing agent for the owners (the "Owners") of, two locations in which the Debtors leased retail space (the "Leased Premises") from GPLP prior to the Petition Date pursuant to written leases (collectively, the "GPLP Leases"). Specifically, prior to the Petition Date, the Debtors leased retail space from GPLP at: Weberstown Mall, Stockton, California (such applicable GPLP Lease being referred to herein as the "Weberstown Lease") and Puente Hills Mall, City of Industry, California.[1]

3.	On June 16, 2009, the Claimant filed a proof of claim in the Debtors' chapter 11 cases asserting an administrative priority claim against the Debtors in the amount of $26,617.83, which was assigned Claim No. 13399 by the Court approved claims agent ("Claim No. 13399").

4.	On November 5, 2009, the Claimant filed a proof of claim in the Debtors' chapter 11 cases, amending Claim No. 13399 and asserting an administrative priority claim against the Debtors in the amount of $30,047.04, which was assigned Claim No. 14713 by the Court approved claims agent ("Claim No. 14713," and together with Claim No. 13399, the "Claims").[2]

5.	On February 25, 2011, the Debtors filed the Claims Objection. By the Claims Objection, the Debtors seek to disallow the Claims. With respect to Claim No. 13399, the Debtors assert in the Claims Objection that this Claim should be disallowed since it was

---

[1] The Weberstown Lease and related documentation are voluminous and therefore have not been attached to this Response, however, the Claimant will provide such additional documentation upon request.
[2] Claim No. 14713 was amended to reflect certain pro-rated tax year-end reconciliations for the applicable post-petition period, which the Debtors were obligated to pay under the Weberstown Lease.

2

amended by Claim No. 14713. With respect to Claim No. 14713, the Debtors simply assert, without any further explanation or evidence, that this Claim should be disallowed because the Debtors allege that they have no record of other administrative rent due.

6. The Claimant does not oppose the Debtors' proposed treatment in the Claims Objection of Claim No. 13399, since Claim No. 13399 was amended by Claim No. 14713. However, out of an abundance of caution, the Claimant objects to the disallowance of Claim No. 13399 to the extent that the Debtors later seek to disallow Claim No. 14713 by arguing that such surviving claim was not timely filed. The Claimant respectfully requests that any order approving the Claims Objection and the disallowance of Claim No. 13399 provide that the later-filed claim relates back to the date of the prior-filed claim.

7. Moreover, although the Debtors provide in the Claims Objection that Claim No. 14713 is the surviving claim with respect to Claim No. 13399, the Debtors also seek to disallow and expunge Claim No. 14713 pursuant to the Claims Objection by arguing that the Debtors have no record of any other administrative rent due to the Claimant.

8. As set forth in further detail below, the Claimant objects to the Debtors' requested relief in the Claims Objection with respect to Claim No. 14713.

## ARGUMENT

9. Pursuant to section 502(a) of the Bankruptcy Code, a claim is deemed allowed unless a party in interest, including the Debtors, object. The burden of proof as to the validity and allowance of claims rests with different parties at different times. The claimant must initially allege facts sufficient to support the claim. If the facts alleged meet this standard, then the claim is *prima facie* valid. *See In re Nixon,* 400 B.R. 27, 33 (Bankr. E.D. Pa. 2008); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991). A claim that has a writing attached and is otherwise

properly filed is presumptively valid. *See In re Consolidated Pioneer Mortgage*, 178 B.R. 222 (9th Cir. BAP 1995) *aff'd* 91 F.3d 151 (9th Cir. 1996). The Claims satisfy the *prima facie* validity requirement.

10. Once the claimant satisfies the foregoing requirements, the burden of going forward shifts to the objecting party to produce sufficient evidence to negate the presumptive validity of the claim. The objecting party must produce evidence to refute the claim's sufficiency. *See id.*; *Nixon,* 400 B.R. at 33. Only after the objecting party produces evidence equal in probative value to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of evidence. *See In re Alegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). *See also Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); *In re Hemingway Transp., Inc.*, 93 F.2d 915 (1st Cir. 1993) (an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence); *Fullmer v. U.S. (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("[A] properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party-in-interest. To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citations omitted).

11. Here, the Claims were properly filed by the Claimant with sufficient supporting documentation setting forth each component of the calculations utilized by the Claimant for determining the amounts asserted in the Claims as due and owing by the Debtors and the basis thereof and, therefore, are presumptively valid.

4

12. The Debtors, however, have not produced sufficient evidence or information to refute the validity of the Claims. The Claims Objection should be denied by this Court with respect to Claim No. 14713 since the Debtors have failed to meet and cannot meet their evidentiary burden with respect to the Claims Objection. *See*, *e.g.*, *In re Fullmer*, 962 F.2d at 1466.

13. The Claimant has reviewed its own books and records and has verified that the amount of $30,047.04 remains due and owing the Claimant by the Debtors as an administrative claim for the period from the Petition Date through the effective date of rejection of the Weberstown Lease (the "Post-Petition Period"). Attached hereto and incorporated herein as Exhibit A are itemizations of the amounts due and owing the Claimant by the Debtors for the Post-Petition Period.

14. Accordingly, Claim No. 14713 should not be disallowed and expunged, as the Debtors request in the Claims Objection, but Claim No. 14713 should instead be allowed by this Court as an administrative priority claim in the amount of $30,047.04.

15. The Debtors may contact Joseph B. Wells, Esq., at the address listed below to discuss this Response and any potential resolution thereof.[3] The Declaration of Rodney Overmyer, Senior Credit Analyst at Glimcher Realty Trust, which is the ultimate parent company of GPLP, is attached hereto and incorporated herein as Exhibit B.

WHEREFORE, GPLP respectfully requests that this Court enter an Order (a) overruling the Claims Objection as to the Claims as set forth in this Response; (b) providing that the Claimant holds an allowed administrative priority claim against the Debtors in the amount of

---

[3] To the extent that the Debtors require additional documentation and/or information from the Claimant, the Claimant intends to work with the Debtors to reconcile the Claims and will provide the Debtors with such additional documentation and/or information, upon request.

5

$30,047.04; and (c) granting the Claimant such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: April 6, 2011                           **CHRISTIAN & BARTON, L.L.P.**

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

**-and-**

Ronald E. Gold, Esquire (Ohio Bar No. 0061351)
Joseph B. Wells, Esquire (Ohio Bar No. 0082775)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com
Email: jbwells@fbtlaw.com

***Counsel for Glimcher Properties Limited Partnership as Managing Agent for WTM Glimcher, LLC***

### CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 6th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/Augustus C. Epps, Jr.
Augustus C. Epps, Jr.