Paul S. Bliley, Jr., VSB #13973
Williams Mullen
P.O. Box 1320
Richmond, VA 23218-1320
Telephone:  (804) 420-6448
Fax:  (804) 420-6507
pbliley@williamsmullen.com
Counsel to Hayward 880, LLC

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |

**RESPONSE OF HAYWARD 880, LLC
TO LIQUIDATING TRUSTEE'S FIFTH OMNIBUS OBJECTION TO LANDLORD
CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS,
RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE
OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED
CLAIMS, DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS, AND
DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Comes now Hayward 880, LLC, a previous landlord of the Debtor, Circuit City Stores, Inc. and for its response to the Liquidating Trustee's Fifth Omnibus Objection to Landlord Claims, Docket Number 10042 states as follows:

1. The Claimant's Name is Hayward 880, LLC ("Hayward"), which was previously a Landlord for a Circuit City Store located in Hayward, California. The Lease between Hayward and Circuit City is dated May 3, 2004.

2. Hayward filed three (3) Proofs of Claim against Circuit City Stores West Coast, Inc. The date of filing, the claim number and the amount of these claims are set forth below:

| Date of Filing | Claim Number | Amount |
|---|---|---|
| January 28, 2009 | 7168 | $ 74,907.39 |
| April 24, 2009 | 12361 | $1,593,115.34 |
| June 25, 2009 | 13506 | $ 135,699.86 |

3.    The Trustee's Fifth Objection seeks to expunge these claims on the condition that the surviving claims remain in effect. Hayward has no objection to the expungement of the above-referenced claims so long as the surviving claims remain in place.

4.    On May 25, 2009 Hayward filed Claim Number 13501 in the amount of $135,669.86 as an administrative claim. Apparently, the claims agent for the debtor filed both the original and its copy as separate claims. The Trustee seeks to expunge Claim Number 13501 on the basis that it was duplicated by Claim Number 13502. Hayward has no objection to the expungement of Claim Number 13501, so long as the surviving claim of 13502 remains effective. Claim Number 13502 is subject to an additional objection under the Fifth Omnibus Objection and is referred to below.

5.    On June 25, 2009 Hayward filed an Administrative Proof of Claim designated as Claim Number 13502 in the amount of $135,669.86, which included the claim for the "Stub" portion of the rent and related charges involving rent, CAM, CAM reconciliation and real estate taxes for a period of time from November 10, 2008 to November 30, 2008 in the amount of $61,083.76. This claim also included the attorneys' fees and expenses incurred by Hayward in connection with enforcement of its Lease obligation in the amount of $7,715.92, plus the costs incurred by Hayward to repair damage to the premises left by the Debtor. This damage included patching holes in walls and removing trash and related items and securing the premises. The

claim for these damages amounted to $66,870.00. The total Administrative claim filed amounted to $135,669.86.

6. The Trustee has objected to this claim on the basis that the post-petition tax claim of $8,444.34 and the CAM reconciliation charges of $626.50 are not supported by the Debtor's books and records. The objection also seeks to reduce the claim by $66,870.00 in damages and $7,715.92 in attorneys' fees, which the Liquidating Trustee claims are "not valid".

7. The person with personal knowledge of the relevant facts supporting the response is Daniel H. Temkin, a member of Hayward, whose address is 1809 Seventh Avenue, Suite 1002, Seattle, WA 98101, telephone number (206) 515-0505.

8. The Bankruptcy Court should overrule the objections to Claim No. 13502 because the costs and expenses incurred which are objected to are valid expenses incurred by the Debtor subsequent to the filing of the Bankruptcy Petition. The claims for real estate taxes and CAM reconciliation were incurred and were required to be paid by Circuit City under its Lease with Hayward. The damages sustained by the property and the attorneys' fees incurred are the obligations of Circuit City under the Lease between Circuit City and Hayward. Hayward intends to introduce documentation to support its claim through its Lease, real estate tax records for the property, CAM reconciliation records for the property, records showing the damages incurred and repaired by Hayward and statements of the attorneys' fees incurred in connection with this matter. The Debtor is obligated to pay these sums pursuant to 11 U.S.C. §365(d)(3). See also, In re Trak Auto Corporation, 277 B. R. 655 (Bkrtcy. E.D. Va. 2002)

9. Attached hereto is a Declaration of the person with personal knowledge of the relevant facts which support this response.

10. The claimants address, telephone number, fax number and the claimant's attorney to whom the attorneys for the Debtor should serve a reply to the response are as follows:

>Hayward 880, LLC
>c/o Daniel H. Temkin
>1809 Seventh Avenue
>Suite 1002
>Seattle, WA  98101
>(206) 515-0505
>
>Attorney:  Paul S. Bliley, Jr.
>
>Paul S. Bliley, Jr., Esquire
>Williams Mullen
>P.O. Box 1320
>Richmond, VA  23218-1320
>pbliley@williamsmullen.com
>Telephone:  (804) 420-6448
>Fax:         (804) 420-6507

11. The name, address, telephone number and fax number of the party to reconcile, settle or otherwise resolve the objection on the claimant's behalf is the attorney set forth above.

Dated: April 6, 2011                    HAYWARD 880, LLC


                                        By  /s/ Paul S. Bliley, Jr._____
                                              Of Counsel


Paul S. Bliley, Jr., VSB No. 13973
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320
Phone:      (804) 420-6448
Fax:        (804) 420-6507
pbliley@williamsmullen.com
Counsel for Hayward 880, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2011, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

    /s/ Paul S. Bliley, Jr.
Paul S. Bliley, Jr.

14544672_1.DOC

## DECLARATION

I have personal knowledge on behalf of Hayward 880, LLC as to the relevant facts in support of the response of Hayward 880, LLC to the Fifth Omnibus Objection filed by the Liquidating Trustee. The Court should overrule the objection as to the claim of Hayward 880, LLC factually and legally.

The legal basis for the overruling of the Objection is that the costs and expenses incurred which were objected to are valid sums incurred by the Debtor under the terms of its Lease with Hayward 880, LLC. These costs were reasonable and are required to be reimbursed under the terms of the Lease between Hayward 880, LLC and the Debtor. The Debtor is obligated to pay these sums pursuant to 11 U.S.C. §365(d)(3).

Hayward 880, LLC

By_____
Daniel H. Temkin, Member

14546518_1.DOC