**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

```
-------------------------------------------------------------x
In re:                                        :        Chapter 11
                                              :
CIRCUIT CITY STORES, INC., et al.,            :        Case No. 08-35653-KRH
                                              :
                                              :        Jointly Administered
                        Debtors.              :
-------------------------------------------------------------x
```

### RESPONSE OF CREDITORS DIAMOND SQUARE, LLC AND BUILDER SQUARE, LLC TO THE LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

Diamond Square, LLC and Builder Square, LLC (collectively, the "Claimants"), by and through its counsel, Christian & Barton, LLP, hereby responds to the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (the "Ninth Omnibus Objection") as follows:

1.    Claimants timely filed the following proofs of claim (collectively, "Claims") in the above-captioned bankruptcy proceeding:

    (i)      General unsecured claim that was numbered 9177 ("Claim 9177"), which claim seeks payment of prepetition rental outstanding debt obligation of $121,964.70.

    (ii)     Administrative expense claim that was numbered 14357 ("Claim 14357"), which claim seeks reimbursement of $71,682.03 in postpetition rental administrative expenses incurred by Claimant.

    (iii)    General unsecured claim that was numbered 12694 ("Claim 12694") which claim seeks payment of $1,118,265.00 in lease rejection damages pursuant to section 502(b)(6) of the Bankruptcy Code.

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for the Claimants

2.      Exhibit C to the Ninth Omnibus Objection explains that the Trustee seeks to reduce Claim 9177 by (i) $19,433.75 in real property taxes, (ii) $612.95 in insurance charges and $36,810.34 in November 2008 stub rent subsumed into Claim 14357.  Claimants do not oppose the reduction of Claim 9177 by $36,810.34 (November 2008 stub rent subsumed into Claim 14357) but do oppose the reductions of Claim 9177 by $19,433.75 (taxes) and $612.95 (insurance).

3.      Exhibit C to the Ninth Omnibus Objection explains that the Trustee seeks to reduce Claim 14357 by $429.06 in insurance.  Claimants oppose this reduction of Claim 14357.

4.      Exhibit E to the Ninth Omnibus Objection explains that the Trustee seeks to expunge Claim 13978 because Claim 12694 allegedly lacks proof and support for the amount asserted.  Claimants oppose this expungement of Claim 12694 but are willing to reduce the amount asserted therein from $1,118,265.00 to $899,057.28.

5.      On or around February 11, 2004, Regency Realty Group, Inc. ("Regency") entered into a written commercial nonresidential lease ("Lease") with Circuit City Stores West Coast, Inc. ("Debtor") for Debtor to lease from Regency a portion of the real property commonly known as Victoria Gateway Center located at the northwest corner of Foothill Boulevard and Day Creek Boulevard, in the City of Rancho Cucamonga, County of San Bernardino, State of California.  Claimants are the successors-in-interest to the Regency.  True and correct copies of the Lease and the Assignment and Assumption of Leases by and among Claimants and Regency have been attached to the aforesaid Claims filed by the Claimants.

6.      On November 10, 2008 ("Petition Date"), the Debtor commenced a case under Chapter 11 of the Bankruptcy Code in this Court.  Pursuant to that certain Notice of Rejection of

Unexpired Leases and Abandonment of Personal Property dated March 4, 2009 [Docket 2419],

the Debtor rejected the Lease effective as of March 11, 2009.

7.      The real property taxes that the Trustee seeks to disallow are also allowed

pursuant to the provisions of the Lease, including, without limitation, Paragraph 9(b) of the

Lease.

8.      The insurance charges that the Trustee seeks to disallow for Claim 9177 are

allowed pursuant to the provisions of the Lease, including, without limitation, Paragraph 14(e) of

the Lease.

9.      Likewise, the insurance charges that the Trustee seeks to disallow for

Claim 14357 are allowed pursuant to the provisions of the Lease, including, without limitation,

Paragraph 14(e) of the Lease.

10.     Regarding Claim 12694, the claimed amount that the Trustee seeks to disallow is

allowed under section 502(b)(6) of the Bankruptcy Code. The Lease had at least 123 months

remaining in its term (of which 15% constitutes 18.45 months).  In accordance with the Lease,

the monthly rent thereunder would have been $47,547.89 for 3 more months after the Petition

Date and then, due to the built-in rent adjustment at the 5th term year mark, increased to

$48,958.81 for the next 5 years (including the remaining 15.45 months for the purpose of section

502(b)(6) damage calculation).   The total amount of rejection damages should thus be

$899,057.28.  Claimants should have asserted this amount of $899,057.28 in Claim 12694.

11.     Except for Claimants' willingness to reduce Claim 9177 by $36,810.34,

Claimants oppose and dispute any other reductions of Claim 9177 and any reduction of Claim

14357 for the reasons stated herein.  Except for Claimants' willingness to reduce Claim 12694 to

$899,057.28, Claimants also oppose and dispute the disallowance Claim 12694 for the reasons stated herein.

WHEREFORE, Claimants respectfully request that the Court enter an order (a) allowing Claim 9177 in the general unsecured amount of <u>$85,154.36</u>, (b) allowing Claim 14357 in the administrative expense amount of <u>$71,682.03</u>, (c) allowing Claim 12694 in the general unsecured amount of <u>$899,057.28</u>, and (d) granting Claimants such other and further relief as is just and appropriate.

Dated: April 6, 2011                          CHRISTIAN & BARTON, LLP


                                              /s/ Augustus C. Epps, Jr.
                                              Augustus C. Epps, Jr., Esquire (VSB No. 13254)
                                              Michael D. Mueller, Esquire (VSB No. 38216)
                                              Jennifer M. McLemore, Esquire (VSB No. 47164)
                                              909 East Main Street, Suite 1200
                                              Richmond, VA 23219
                                              Tel: 804-697-4100
                                              Fax: 804-697-4112

                                              Counsel for Claimant

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.


/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.


1142332