Paul S. Bliley, Jr., VSB #13973
Williams Mullen
P.O. Box 1320
Richmond, VA 23218-1320
Telephone:   (804) 783-6448
Fax:              (804) 783-6507
pbliley@williamsmullen.com
Counsel to Ray Valdes, Seminole County, Florida Tax Collector

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |

**RESPONSE OF RAY VALDES, SEMINOLE COUNTY,
FLORIDA TAX COLLECTOR TO LIQUIDATING TRUSTEE'S
EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS**

Comes now Ray Valdes, Seminole County Tax Collector and for his response to the Liquidating Trustee's (the "Trustee") Eighteenth Omnibus Objection to claims (Docket Number 10062) states as follows:

**I. Summary of The Argument:**

The disputed claims involve the prepetition 2008 and 2009 post petition claims for tangible personal property ad valorem taxes on two accounts of listed property pertaining to Debtor's defunct retail outlet in Seminole County, Florida. The Trustee now belatedly seek this Court's intervention to achieve a reduction in the amount of ad valorem taxes due on two accounts of tangible personal property taxes and statutory interest thereon despite having the Debtor , Circuit City Stores, Inc. (the "Debtor') having failed to timely and effectively utilize the nonbankruptcy law forums that were available for such purposes. The gravamen of the Trustee's

objection is that his own determination of today's assessed valuation of the listed property, as determined from unspecified appraisal methodologies is substantially less than what was determined by County taxing authorities as of the applicable tax years pursuant to statutory appraisal methods and according to the Debtor's own sworn information returns supplied to County Property Appraiser.

The Tax Collector believes that the Trustee's objections are both untimely and without any legal justification in view of 11 U.S.C. Sections 108(a)(2), 505((a)(2)(C) and 511, which collectively appear to leave this Court without jurisdiction to entertain the objection. Post BAPCPA case law on the treatment of ad valorem tax claims also supports the Tax Collector's arguments.

## II. Background Facts, State Law and Procedural History

The disputed tangible personal property tax claims are as follows:

| Acct. No. | Year | Amount | Claim |
|---|---|---|---|
| Acct. No. 0222331 | 2008 | $11,115.35 | Claim #2243 |
| Acct. No. 0562967 | 2008 | $16,950.63 | Claim #2244 |
| Total Prepetition Claims | | $28,065.98 | (plus accrued interest) |
| Acct. No. 0222331 | 2009 | $ 8,572.46 | Claim #14833 |
| Acct. No. 0562967 | 2009 | $12,457.52 | Claim #14834 |
| Total Administrative Claims | | $21,029.98 | (plus accrued interest) |
| Combined Total Disputed Tax Claims | | $49,095.96 | (plus accrued interest) |

Taxpayers in Florida have two avenues available to contest their assessed valuations. If the quasi judicial Value Adjustment Board ("VAB") option is chosen, Florida law requires that all taxpayers must make their objections known by written petition no later than 25 days after receiving official written, first class mail notice of the initial tax valuations and proposed millage

(the "TRIM" notice). TRIM notices are sent out in mid August of the tax year. See §§ 200.065(2)(b), 200.069 and 194.011(1), Fla. Statutes (2008 and 2009). Thus, if a taxpayer wishes to have a Value Adjustment Board Hearing ("VAB"), i.e., a quasi-judicial administrative proceeding, he or she must file a petition within 25 days of receiving the TRIM notice. §194.011(3)(d). Such hearings are conducted in the month of October and if the dockets are crowded, in the month of November also, but that will not stop the initial tax bills from being sent out by November 1 of the tax year. With respect to the 2008 taxes, the Debtor did not timely seek any VAB hearings prior to filing for relief in this Court on November 10, 2008.

With respect to the 2009 post petition taxes, Debtor received its TRIM Notice on August 17, 2009 and timely filed a written petition for a VAB hearing which was held on October 28, 2009. According to available records, the Debtor failed to appear at that hearing to argue its position and the petition was initially denied by the hearing officer on November 3, 2009. The hearing officer's determination was affirmed by the VAB at its final hearing on March 2, 2010. No appeal was taken to circuit court. Taxpayers may also challenge their assessment in circuit court pursuant to section 194.171(2), Florida Statutes, either as an appeal from a VAB determination or independently of that quasi-judicial process. A VAB hearing is not a mandatory prerequisite to a circuit court de novo review. Because the Debtors opted to utilize the VAB process, any such appeal would have to have been brought within sixty (60) days from March 2, 2010, i.e., May 2, 2010. Id.

### III. Analysis under applicable provisions of the Bankruptcy Code

(a) **11 USC § 108(a) fails to provide a legal basis to sustain Trustee's objections to either claim**

11 U.S.C. 108(a) states the following:

3

**(a)** If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--

   **(1)** the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

   *(2) two years after the order for relief.*

(Emphasis supplied).

As a result, the deadline for seeking this Court's jurisdiction to reopen the matter of the 2008 taxable assessed valuation expired on November 10, 2010 by virtue of the November 10, 2008 filing for relief in this Court. Moreover, Section 108 has been interpreted as only being available for prepetition claims and not for postpetition tax claims, particularly where Florida ad valorem taxes are in dispute. *See,* In Re: Sandra Ann Read, 2011 WL 180085 (Bankr. M.D. Fla. 2011) at p. 6.

**(b)    11 USC § 505 as amended by BAPCPA also prohibits this Court from belatedly revisiting the disputed tax claims.**

Section 505(a)(2)(C) provides that:

(2) The court may not so determine…

   (C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired."

The Tax Collector's position is that BAPCPA's addition of 11 USC 505(a)(2)(C) made a strong exception to the previous, long accepted general rule exhibited in section 505(a)(1) which gave discretionary authority for review of such matters so long as an avenue of review remained available at the commencement of the bankruptcy action. Admittedly, in the instant matter, the time frame for seeking circuit court review after the VAB hearing had not expired at the time of Debtor's filing for relief. However, BAPCPA's addition of section 505(a)(2)(C) eliminates discretionary review where, in the plain language of the statute, the time for redetermination under nonbankruptcy law has expired. *See* In re: The Village At Oakwell Farms, Ltd., 428 B.R. 372, 378-79 (Bankr. W.D. Tx, 2010).

The record is clear that the Debtor failed to avail itself of its appellate rights or to even thoroughly present its case before the VAB proceedings, allowing the initial quasi-judicial proceedings to become final. Regardless of the November 10, 2008 bankruptcy case commencement date, the state law determinations have long since become legally binding with no further recourse; therefore, the Objection should be overruled in view of the plain language of the statute itself.

(c)     **Even if the matter of redetermination of assessed valuation was still timely, doing so by this Court would be inappropriate in view of Debtor's belated reliance on arbitrary appraisal standards that do not conform to statutory appraisal standards and in the absence of proper market forces.**

Trustee's argument that the assessed valuations for tax years 2008 and 2009 are not reflective of today's value under distressed conditions is irrelevant and devoid of any legal justification for second guessing the initial determination. For example, In re: Cable and Wireless USA, Inc., a case applying the more permissive pre-BAPCPA law, even then saw the need for deference to state law in situations like those at issue here:

5

"The problem with the debtor's "streamlined," unified approach to determining the "fair market value" of all of their Taxable Property in multiple taxing jurisdictions using a single methodology or combination of methodologies is that the resulting uniform valuation may produce results which are highly anomalous and discriminatory vis-a-vis other similarly situated taxpayers in the various taxing jurisdictions. Even if, as the debtors assert, all of the defendant tax jurisdictions purport to utilize a concept of market value in the assessment process, the methodologies used are bound to differ. Any uniform valuation of the debtors' Taxable Property determined by this Court is bound to be at variance with state or local methodologies mandated by local law or practice, [potentially] producing disparate and discriminatory results.

Uniformity in the laws governing bankruptcies is constitutionally mandated in Article I, Section 8, Clause 4; but uniformity in taxation is not. Nothing in the Constitution or the Bankruptcy Code entitles a debtor to uniform property tax determinations in differing tax jurisdictions, and nothing in federal law entitles the federal courts to impose uniform taxation schemes or methodologies on state and local governments.

The valuation of property for purposes of determining property taxes must be consistent with state law principles, as the valuation is merely part and parcel of the adjudication of the tax due and owing, a question controlled by state law ..., the bankruptcy court gives full faith and credit to the law of the state upon which the tax is based."

*See*: In re: Cable & Wireless USA, Inc. et al; 331 B.R. 568, 577-78 (Bankr. D. Del. 2005).

Finally, the plain language of 11 U.S.C. Section 511(a) and provisions of the confirmed Plan in this case disallow the Trustee's request for a reduced rate of interest on the long overdue tax claims. Section 511(a) simply states as follows:

### § 511. Rate of interest on tax claims

**(a)** If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law.

Furthermore, the Second Amended Joint Plan of Liquidation confirmed herein, Article

III, Paragraph B1 states in part:

If the Allowed Miscellaneous Secured Claim is a Tax Claim, held by a Governmental Unit, then Governmental Unit shall be entitled to receive interest

on account of such Allowed Miscellaneous Secured Claim at the rate of interest determined under applicable non-bankruptcy law as of the calendar month in which confirmation occurs.

Florida's statutory interest rate on unpaid tangible personal property taxes is eighteen percent (18%) per annum. § 197.172(3), Fla. Statutes (2008, 2009 and 2010). Thus, it appears that the Liquidation Trustee must apply the 18% interest rate to the tax payments due and owing from liquidation sale proceeds.

## IV. Conclusions

The Trustee's objections to the disputed tax claims are untimely in view of the plain language of the applicable statutes and persuasive, post BAPCPA case law. Additionally, even if one assumes *arguendo* that the matters could still be heard by this Court, even more permissive pre-BAPCPA case law has found it to be ill advised to accept the Trustee's belated request for a reduced valuation based on ill timed, amorphous appraisal standards that have the potential to result in arbitrary or even discriminatory determinations at variance with legitimate, state law appraisal methodologies. Finally, 11 U.S.C. 511 and the provisions of this case's confirmed Plan simply disallows bankruptcy courts any more discretionary authority for making downward adjustments to statutory interest on delinquent tax claims.

WHEREFORE, this Court should overrule the pending objections and allow the Tax Collector's claims to proceed as presented and in accordance with applicable bankruptcy statutes and State of Florida law.

## V. Miscellaneous

(a)   The attorney for the Seminole County, Florida Tax Collector, his telephone number, fax number and to whom the attorneys for the Liquidating Trustee should reply to this response is as follows:

>   Paul S. Bliley, Jr., Esquire
>   Williams Mullen
>   P.O. Box 1320
>   Richmond, VA  23218-1320
>   pbliley@williamsmullen.com
>   Telephone: (804) 420-6448
>   Fax:       (804) 420-6507

(b)   The name, address, telephone number and fax number of the party to reconcile, settle or otherwise resolve the objection on the claimant's behalf is the attorney set forth above.

Dated: April 7, 2011            RAY VALDES, SEMINOLE COUNTY,
                                FLORIDA TAX COLLECTOR


                                By  /s/ Paul S. Bliley, Jr.
                                         Of Counsel

Paul S. Bliley, Jr., VSB No. 13973
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320
Phone:      (804) 783-6448
Fax:        (804) 783-6507
pbliley@williamsmullen.com
Counsel for Ray Valdes, Seminole County Tax Collector


## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2011, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

        /s/ Paul S. Bliley, Jr.
        Paul S. Bliley, Jr.

14670244_1.DOC