UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | : |
| | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | : |
| | Case No. 08-35653-KRH |
| Debtors. | : |
| | (Jointly Administered) |

**RESPONSE OF CREDITOR CC-INVESTORS TRUST 1995-1 TO OBJECTIONS TO POC NOS. 12712 AND 13882 AS SET FORTH IN LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) [DOC. NO. 10041]**

**NOW COMES** CC-Investors Trust 1995-1, by and through counsel, and for its response to the *Liquidating Trust's Fourth Omnibus Objection To Landlord Claims (Reduction Of Certain Partially Invalid Claims And Disallowance Of Certain Invalid Claims)* [Doc. No. 10041] filed herein on February 25, 2011 (the "Objection"), responds as set forth herein.

1. The Objection seeks partial disallowance of Proof of Claim numbers 12712 and 13882, held by CC-Investors Trust 1995-1 (the "Creditor"), pursuant to transfers of such claims as filed herein by Manufacturers and Traders Trust Company. The lease from which Claim Nos. 12712 and 13882 arise is attached hereto as Exhibit "1" (the "Lease"). The Lease provides for basic rent at the annual rate of $343,024.50 ($22,165.25 monthly),[1] Additional Rent, which consists of "all other amounts and obligations which Tenant assumes or agrees to pay or discharge pursuant to [the] Lease[2]" and reasonable and actual expenses in recovering the

---

[1] *See* Paragraph 4(a) and Exhibit B to the Lease.
[2] Paragraph 4(b) to the Lease.

| | |
|---|---|
| Elizabeth L. Gunn, VSB No. 71044 | John Paul Rieser (0017850) |
| DurretteCrump PLC | Rieser & Associates LLC, Of Counsel |
| 1111 East Main Street, 16th Floor | 7925 Graceland Street |
| Richmond, VA 23219 | Dayton, Ohio 45459-3834 |
| Tel: 804/775-6900   Fax: 804/775-6911 | Tel: 937/224-4128   Fax: 937/224-3090 |
| Counsel for CC-Investors Trust 1995-1 | E-Mail: attyecfdesk@rieserlaw.com |

premises and in exercising any remedy permitted after an Event of Default[3]. As such, Additional Rent includes payment of all Taxes (as defined in the Lease, including real estate taxes)[4], Insurance[5], attorney fees incurred in attempting to collect rent following an Event of Default[6], expenses in exercising any remedy under the Lease following an Event of Default[7].

2. The Objection seeks partial disallowance of Claim No. 12712, which is a claim for pre-petition unpaid rents AND rejection damages pursuant to 11 U.S.C. § 502(b)(6). The basis for partial disallowance on Exhibit C of the Objection states the following:

> Reduce by $32,299.90 in rejection damages not supported by the Debtors' books and records. Reduce by $76.18 in prepetition taxes not supported by the Debtor's books and records. Reduce by $37,312.23 in brokers opinion not permitted by the lease.

3. The Objection asserts that the amount of $37,312.23 was included in Claim No. 12712 as brokers opinion fee, however, according to Claim No. 12712, the breakdown of amounts adding up to $37,312.23 is as follows:

| Description | Amount |
|---|---|
| Trustee Fees | $3,943.73 |
| Trustee's Attorneys Fees | $10,703.25 |
| Insurance | $22,165.25 |
| Broker Opinions | $500.00 |

The amounts listed for Attorneys Fees, Insurance, and Broker Opinions are permitted under the Lease as Additional Rent. The Attorneys Fees relate to the default by the Debtor pursuant to the filing of the bankruptcy case. The damage amount claimed for insurance is equal to one year of insurance provided for as rejection damages pursuant to 11 U.S.C. § 502(b)(6). The Brokers Opinion is provided for under the Lease following the Event of Default due to the need to obtain

---

[3] Paragraph 20(c) to the Lease.
[4] *See* Paragraph 1(x) and 7(a) to the Lease.
[5] *See* Paragraph 7(b) and 13(a) to the Lease.
[6] *See* Paragraph 20 to the Lease.
[7] *See* Paragraph 20 to the Lease.

2

a replacement tenant following rejection of the Lease by the Debtor. As such, the claim should not be reduced as sought by the Liquidating Trust.

4. The Objection seeks partial disallowance of Claim No. 13882, which is a claim for the post-petition / pre-rejection administrative claim for Additional Rent. The basis for partial disallowance on Exhibit C of the Objection states the following:

> Reduce by $15,840.01 in attorney's fees not permitted by the lease.
> Reduce by $500 in brokers opinion not permitted by the lease.
> Reduce by $10,934.28 in post-petition insurance not supported by lease. Reduce by $5,237.37 in trustee's fees not permitted by the lease.

The amounts for attorney's fees, brokers opinion, and post-petition insurance are included as Additional Rent pursuant to the Lease and are recoverable by the Creditor. As such, the claim should not be reduced as sought by the Liquidating Trust.

**WHEREFORE**, the Creditor respectfully requests that this Court overrule the Objection filed by the Liquidating Trust and allow the claims as filed by the Creditor.

Respectfully submitted,

/s/ Elizabeth L. Gunn
Elizabeth L. Gunn, VSB No. 71044
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, VA 23219

and

John Paul Rieser (0017850)
Rieser & Associates LLC, Of Counsel
7925 Graceland Street
Dayton, Ohio 45459-3834
Tel: 937/224-4128   Fax: 937/224-3090
E-Mail: attyecfdesk@rieserlaw.com

*Counsel for Creditor CC-Investors Trust 1995-1*

**Certificate of Service**

I hereby certify that on April 7, 2011, a true and correct copy of the foregoing was served pursuant to the Court's CM/ECF system on all parties that receive notice in these cases, and by electronic and first class mail on the following:

        Jeffrey N. Pomerantz, Esq.
        Andrew W. Caine, Esq.
        Pachulski Stang Ziehl & Jones LLP
        10100 Santa Monica Boulevard
        Los Angeles, CA 90067-4100
        jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

        Lynn L. Tavenner, Esq.
        Paula S. Beran, Esq.
        Tavenner & Beran, PLC
        20 North Eighth Street, 2nd Floor
        Richmond, VA 23219
        ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

        /s/ Elizabeth L. Gunn