# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

```
-------------------------------------------------------x
In re:                                      :        Chapter 11
                                            :
CIRCUIT CITY STORES, INC., et al.,          :        Case No. 08-35653-KRH
                                            :
                    Debtors.                :        (Jointly Administered)
-------------------------------------------------------x
```

## RESPONSE OF THE KIMCO LANDLORDS TO
## LIQUIDATING TRUST'S OMNIBUS OBJECTIONS TO CLAIMS

Kimco Realty Corporation and certain of its affiliates (collectively, the "Kimco Landlords") through their undersigned counsel, hereby submit this Response to Liquidating Trust's Omnibus Objections to Claims (the "Kimco Response"), and represent as follows:

1.     On November 10, 2008 (the "Petition Date"), each of the above captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2.     Prior to the Petition Date, the Kimco Landlords and the Debtors entered into lease agreements (the "Kimco Leases") for the lease of certain non-residential premises.

3.     Beginning on February 23, 2011, the Liquidating Trust filed various omnibus objections (collectively, the "Omnibus Objections"), wherein the Debtors objected to, *inter alia*, the Kimco Landlords' proofs of claim (the "Kimco Claims"), as follows:

_____
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia  23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

Counsel for Kimco Landlords

_____
Neil E. Herman, Esquir
Annie C. Wells, Esquire
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-7017
Facsimile: (212) 309-6001

Counsel for Kimco Landlords

| Omnibus Objection | Kimco Landlord | Claim No. | Liquidating Trust's Proposed Treatment |
|---|---|---|---|
| First | Kimco North Rivers 692 Inc. | 11923 | Reduction of claim. |
| First | Valley View S. C. LLC | 11963 | Reduction of claim. |
| Second | GC Acquisition Corp. | 12102 | Disallow as late filed. |
| Third | Central Park 1226 LLC | 11962 | Reduction of claim. |
| Fourth | KIR Piers LP | 11951 | Reduction of claim. |
| Eighth | Chambersburg Crossing LLP | 11970 | Reduction of claim. |
| Eighth | KIR Amarillo LP | 11949 | Reduction of claim. |
| Eighth | PK Sale LLC | 11953 | Reduction of claim. |
| Ninth | CT Retail Properties Finance V LLC | 11944 | Reduction of claim. |
| Fourteenth | Kimco Arbor Lakes SC LLC | 11948 | Reduction of claim. |
| Fifteenth | KIR Arboretum Crossing LP | 904 | Reduction of claim. |
| Fifteenth | PK Sale LLC | 903 | Reduction of claim. |
| Fifteenth | Shops at Kildeer LLC | 9061 | Reduction of claim. |

4.      The Kimco Landlords hereby object to the Liquidating Trust's proposed treatment of the Kimco Claims in the Omnibus Objections for the reasons set forth below.

***The 1st, 3rd, 4th, 8th, 9th, 14th and 15th Omnibus Objections***

5.      The Liquidating Trust seeks to reduce the amounts of the Kimco Claims in the 1st, 3rd, 4th, 8th, 9th, 14th and 15th Omnibus Objections (the "Timely Claims"), but does not provide any specificity as to the bases or calculations for the proposed reductions.  Without

detailed explanations for the Liquidating Trust's reductions, it is impossible for the Kimco Landlords to reconcile the Liquidating Trust's proposed amounts for the Timely Claims.

6.    Each of the Timely Claims were filed with a breakdown of the amount asserted therein, and such amounts are consistent with the books and records of the corresponding Kimco Landlord.[1]  The Liquidating Trust has not met its burden of proof in justifying any reductions of the amounts asserted in the Timely Claims.  Thus, the Timely Claims should be allowed in the amounts as filed, and the Liquidating Trust's requested reductions should be denied.

### *The 2nd Omnibus Objection*

7.    The Liquidating Trusts' request to expunge Claim no. 12102 (the "GC Claim") of GC Acquisition Corp. ("GC") as late filed should be denied because the late filing was the result of excusable neglect.  *See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382-383 (1993) (holding that a bankruptcy court may permit a late-filed proof of claim where non-compliance with the deadline was caused by excusable neglect).  In particular, the GC Claim was filed late because the Debtors had failed to provide GC with sufficient notice of the rejection of the underlying lease.

8.    Moreover, the Debtors had sufficient notice of GC's informal claim even before the GC Claim was actually filed.  *See In re Judy Wood Pub. Corp.*, 289 B.R. 319, 322 (Bankr. E.D. Va. 2002) (finding that creditor's communications with the trustee throughout the bankruptcy case constituted notice of the creditor's informal claim).  Accordingly, GC respectfully submits that Claim No. 12102 should be deemed timely filed and allowed in full.[2]

---

[1]    *See also Declaration of Susan Masone in Support of the Response of the Kimco Landlords to Liquidating Trust's Omnibus Objections to Claims* (the "Masone Declaration"), attached hereto as Exhibit A.

[2]    While the Kimco Landlords hope that it will be possible to consensually resolve all of the Omnibus Objections to the Kimco Claims, in the event that no agreement can be reached with respect to the allowance of the GC Claim, the Kimco Landlords reserve all rights to fully brief the issues of excusable neglect and informal claims, as well as supplement the record with the relevant facts underlying the late-filing.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Kimco Landlords respectfully request that

the Court deny the Liquidating Trust's Omnibus Objections with respect to the objections therein

to the Kimco Claims, allow the Kimco Claims as filed, and grant such other relief as this Court

deems just and proper.

Dated:  April 7, 2011                    **CHRISTIAN & BARTON, L.L.P.**


/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer McLain McLemore (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

**-and-**

MORGAN, LEWIS & BOCKIUS LLP
Neil E. Herman, Esquire
Annie C. Wells, Esquire
101 Park Avenue
New York, New York 10178
Telelephone:  (212) 309-7017
Facsimile:  (212) 309-6001

*Counsel for the Kimco Landlords*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2011, I caused a true and correct copy of the foregoing Response to be electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the CM/ECF system who have filed a notice of appearance in this matter.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

1142439