# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653 |
| ) | Jointly Administered |
| Circuit City Stores, Inc., et al., ) | Chapter 11 |
| ) | Hon. Kevin R. Huennekens |
| Debtors. ) | |
| ) | |
| ) | |

## WEC 96D NILES INVESTMENT TRUST'S RESPONSE TO CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S FIFTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS AND REQUEST FOR HEARING

COMES NOW WEC 96D Niles Investment Trust ("Landlord"), a creditor herein, by and through counsel, and hereby responds to Circuit City Stores Inc. Liquidating Trust's (the "Trust") Fifteenth Omnibus Objection to Landlord Claims (the "Objection") which seeks to reduce Landlord's claim for damages, and respectfully submits the following:

### Factual Background

1. Landlord is party as landlord to a lease with Debtor Circuit City Stores, Inc. ("Debtor") as tenant for Location #6835 in Niles, Ohio (the "Lease").

2. Debtor is the debtor in these consolidated proceedings having a taxpayer identification number with 3875 as the last four digits.

Neil D. Goldman, Esq. (VSB No. 18352)
John P. Van Beek, Esq. (VSB No. 30897)
Goldman & Van Beek, P.C.
510 King St., Suite 416
Alexandria, Virginia 22314
(703) 684-3260
(703) 548-4742 (facsimile)
ngoldman@goldmanvanbeek.com
jvanbeek@goldmanvanbeek.com

Counsel for WEC 96D Niles Investment Trust

3. On January 29, 2009, Landlord timely submitted a Proof of Claim ("Proof of Claim"), in the amount of $1,008,343.72. This claim was assigned Claim Number 9647 (the "Claim").

4. The Trust filed the Objection on February 27, 2011, seeking to reduce Landlord's Claim against Debtor from $1,008,343.72 to $890,578.16 (the "Reduction"). The sole explanation for the Objection is "Reduce by $113,521.76 in rejection damages and $4,243.80 in prepetition taxes according to the Debtors' books and records."

5. In its Objection, the Trust failed to provide any documentation or explanation for the Reduction, any details itemizing the Reduction, nor any explanation as to how the Trust calculated the Reduction of $4,243.80 in prepetition taxes $113,521.76 in rejection damages.

6. Landlord's counsel contacted counsel for the Trust to inquire as to the basis for the Objection. Counsel for the Trust advised:

(A) That the Trust's objection to the claim for insurance payments is that the obligation for the payment of insurance is not "rent" pursuant to Bankruptcy Code § 502(b)(6). No further explanation was provided.

(B) That the Trust's objection to the claim for real estate taxes is based on Debtor's records. No further explanation was provided.

## Argument

7. In the Proof of Claim, Landlord limited its claim for damages in accordance with Section 502(b)(6) of the Bankruptcy Code.

2

8. Paragraphs 7 and 13 of the Lease obligate Debtor to pay real estate taxes[1] and insurance premiums on the property subject to the lease for the use and occupancy of the property.

9. Real estate taxes and insurance premiums payable under a lease for real property are properly included as rejection damages that a landlord may recover under Section 502(b)(6) of the Bankruptcy Code. Cutler v. Lindsey (In re Lindsey)[2], 1997 U.S. App. LEXIS 30502 (4th Cir. 1997) (noting that a landlord's claims for future real estate taxes and insurance premiums against a tenant in bankruptcy, which were tenant's obligations under the lease, are recoverable as rent, subject to the cap imposed by Bankruptcy Code § 502(b)(6)).

10. Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto represent detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f). The Liquidating Trust must provide evidence sufficient to rebut the presumption of validity in order to shift the burden of proof to Landlord. *In re Mid-American Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); *see also In re Thompson*, 260

---

[1] Landlord has adjusted its total claim from $87,095.97 for real property taxes as originally set forth in the Proof of Claim to $73,686.50. Since the 2009 and 2010 real property tax amounts were not available at the time of filing of the Proof of Claim, Landlord estimated the amounts for these taxes in its Proof of Claim and reserved the right to supplement this claim as the actual figures became available. Subsequent to Landlord's filing of the Proof of Claim, Landlord incurred real estate taxes under the Lease totaling $30,757.72 for 2009 and $30,949.62 for 2010. Accordingly, the actual amount of 2009 and 2010 real property taxes incurred under the Lease, pro-rated for the 18.15-month period from November 12, 2008, is $43,653.42. Also, Landlord inadvertently claimed an extra $6,006.62 of real property taxes in the Proof of Claim.

[2] Cutler v. Lindsey (In re Lindsey) is a decision without a published opinion. Pursuant to Local Rule 32.1 of the Local Rules of the United States Court of Appeals for the Fourth Circuit, a party may cite to an "unpublished disposition of this Court issued prior to January 1, 2007" if the party believes the disposition has "precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well," as long as Federal Rule of Appellate Procedure ("FRAP") 32.1(b) is satisfied, which requires the party to file and serve a copy of the unpublished opinion. In accordance with FRAP 32.1(b) requirements, a copy of Cutler v. Lindsey (In re Lindsey) is attached as Exhibit A.

B.R. 484, 486-87 (Bankr. W.D. Mo. 2001). The Objection does not provide any evidence to rebut the presumption of validity nor does it advance any basis under Bankruptcy Code § 502 for reduction of the Claim.

    WHEREFORE, Landlord requests that the Trust's Objection to Landlord's Claim be overruled and that the Claim be allowed in the aggregate amount of $994,934.25[3].

| | |
|---|---|
| Dated: Alexandria, Virginia<br>April 7, 2011 | Respectfully submitted,<br><br>/s/ John P. Van Beek<br>Neil D. Goldman, Esq. (VSB No. 18352)<br>John P. Van Beek, Esq. (VSB No. 30897)<br>Goldman & Van Beek, P.C.<br>510 King St., Suite 416<br>Alexandria, Virginia 22314<br>Voice:    (703) 684-3260<br>Facsimile:    (703) 548-4742<br>ngoldman@goldmanvanbeek.com<br>jvanbeek@goldmanvanbeek.com<br><br>Counsel for WEC 96D Niles Investment Trust |

---

[3] Landlord revises the original Claim amount to reflect the actual amount of 2009 and 2010 real property taxes incurred under the Lease, prorated for the 18.15-month period from November 12, 2008. *See* footnote 1.

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter, and by facsimile to:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Zielh & Jones, LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
Facsimile No. (310) 277-6910

And

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Facsimile No. (804) 783-0178

/s/ John P. Van Beek