IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

IN RE:

CIRCUIT CITY STORES, INC.
(DEBTOR)

Chapter 11

CASE NO. 08-35653

MONTGOMERY COUNTY
TRUSTEE
(CREDITOR)

## RESPONSE OF MONTGOMERY COUNTY TRUSTEE TO THE LIQUIDATING TRUST'S EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS

COMES NOW the Montgomery County Trustee, of the County of Montgomery, State of Tennessee, by and through counsel, and in Response to the Liquidating Trust's Eighteenth Omnibus Objection to Claim Number 3151 and Claim Number 15026 filedApril 26, 2009, and states as follows:

1. The Claim Number 3151 was timely filed by the Montgomery County Trustee on January 12, 2009 to secure real property taxes due for the 2008 tax year.

2. The Claim Number 15026 was filed by the Montgomery County Trustee to secure real property taxes due for the 2009 tax year.

3.  The amount reflected in the each proof of claim is for base tax and does not include any penalties or interest. The said Tax was assessed at $1,518.00 for 2008, and $1,526.00 for 2009, pursuant standard valuation procedures. A copy of the Tax Card for the subject real estate is attached as Exhibit "A".

4.  The Liquidating Trust's objection to Claim Number 3151 seeks to liquidate the claim at the amount at $1,518.00. This is the amount provided for in Creditor's proof of Claim. Therefore, Creditor affirms the amount claimed at $1,518.00.

5.  The Liquidating Trust's objection to Claim Number 15025 seeks to reduce Creditor's Claim from the amount of $1,526.00 down to $345.60. Exhibit C of the Trustee's Objection states that amount should be reduced to reflect tax based on fair market value of the real property.

6.  The time period to seek review of the valuation has expired. The deadline for seeking review of valuation under T.C.A. § 67-5-1412 is August 1st of the tax year, or within forty-five (45) days of the date notice of the local board was sent. Additionally, the tax payer further has the opportunity to show cause as to a failure to timely appeal until March 1 of the subsequent year. The assessment of the subject property was not appealed to the Tennessee State Board of Equalization, as such, it is deemed conclusive pursuant to T.C.A. § 67-5-1412. The Statutes referenced are attached as Exhibit "B".

7.  As further proof of the correctness of the Creditor's valuation of the subject real property, the 2009 assessment, $1,526.00, is practically the same as the 2008

assessment, $1,518.00, and the 2007 assessment, $1,550, which was paid by the debtor with objection, as shown on Exhibit "A".

8. The person with personal knowledge of the relevant facts that support this Response is:

> Brenda Radford, Montgomery County Trustee
> 350 Pageant Ln, Ste 101 B
> Clarksville, TN 37040
> (931) 647-5717

9. The party representing the creditor in this matter is:

> Austin Peay, VII,
> Attorney for the Montgomery County Trustee
> 121 S. Third St., Clarksville, TN 37040
> (931) 647-1501

Wherefore, Creditor Montgomery County Trustee respectfully requests that the Liquidating Trust's Objection to its Claim Number 15026 be denied and that said claim be approved and paid in its entirety, and granting Creditor such further relief as is just and appropriate.

Respectfully submitted

/s/ *Matthew J. Ellis*
Austin Peay, VII, BPR No. 016245
Matthew J. Ellis, BPR No. 023615
Attorney for Montgomery County Trustee
121 South Third Street
Clarksville, Tennessee 37040
(931) 647-1501
fax: (931) 647-1846
bankruptcy@batsonnolan.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2011, I a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ *Matthew J. Ellis*
Matthew J. Ellis

G:\ELLIS\Austin Peay\Circuit City Resonse.Doc

## Montgomery County    tennesseetrustee.com

# Property Tax Data    (Add to Cart)

🖨 Print page

Book:
Page:

### Identification Information
| | |
|---|---|
| Receipt Number | 54749 |
| Property ID | 032 12000P 000 |
| County # | 63 |
| City # | 135 |

### Values
| | |
|---|---|
| Land | $0.00 |
| Improvements | $0.00 |
| Total Property: | $176,633.00 |
| Assessed Value | $52,990.00 |

### Property Sale Information
| | |
|---|---|
| Date | |
| Last Sold Price | |

### Property Class
| | |
|---|---|
| Type | Commercial |
| Greenbelt: | No |
| Greenbelt Value | $0.00 |

### Owner Information
| | |
|---|---|
| Owner | CIRCUIT CITY STORES INC |
| Co-Owner/Agent | #3276 ATTN: TAX DEPT |
| Owner's Address | P O BOX 42304 RICHMOND VA 23242 |

### Acreage
| | |
|---|---|
| Deeded: | |
| Calculated: | 000000 |

### Address Information
| | |
|---|---|
| Property Address | WILMA RUDOLPH BLVD 2819-D |

Please contact your county Clerk & Master office for amounts owed on taxes prior to the current year

### Tax History (Amounts do NOT include penalty/interest)

| Tax Year | Receipt | Tax Amt | Tax Paid | Date Last Paid |
|---|---|---|---|---|
| 2009 | 54749 | $1,526.00 | $0.00 | Unpaid |
| 2008 | 54749 | $1,518.00 | $0.00 | Unpaid |
| 2007 | 54749 | $1,550.00 | $1,550.00 | 07/15/2008 |
| 2006 | 54749 | $1,273.00 | $1,273.00 | 01/23/2007 |
| 2005 | 54749 | $1,251.00 | $1,251.00 | 02/06/2006 |
| 2004 | 54749 | $1,738.00 | $1,738.00 | 01/10/2005 |
| 2003 | 54749 | $2,172.00 | $2,172.00 | 12/29/2003 |
| 2002 | 54749 | $2,563.00 | $2,563.00 | 03/12/2003 |
| 2001 | 54749 | $3,155.00 | $3,155.00 | 02/12/2002 |
| 2000 | 54749 | $3,308.00 | $3,308.00 | 02/26/2001 |
| 1999 | 54749 | $4,345.00 | $4,345.00 | 02/29/2000 |

### Sale History
No sale records on file



EXHIBIT A

http://www.montgomery.tennesseetrustee.org/card.php?iframe&id=180164    4/6/2011



1 of 1 DOCUMENT



TENNESSEE CODE ANNOTATED
© 2011 by The State of Tennessee
All rights reserved

*** CURRENT THROUGH THE 2010 REGULAR SESSION ***
*** ANNOTATIONS CURRENT THROUGH NOVEMBER 29, 2010 FOR THE TENNESSEE
SUPREME COURT ***

Title 67   Taxes And Licenses
Chapter 5   Property Taxes
Part 14   Assessment Review -- County Boards of Equalization

**GO TO THE TENNESSEE ANNOTATED STATUTES ARCHIVE DIRECTORY**

*Tenn. Code Ann. § 67-5-1412*   (2011)

**Legislative Alert:** LEXSEE 2011 Tn. SB 459 -- See section 1.

**67-5-1412.   Appeal of county or other local board action to state board authorized.**

(a)  (1) Any taxpayer, or any owner of property subject to taxation in the state, who is aggrieved by any action taken by the county board of equalization or other local board of equalization has the right to a hearing and determination by the state board of equalization of any complaint made on any of the grounds provided in *§ 67-5-1407*. At any conference or hearing pursuant to part 15 of this chapter, and in the event there may be duplicate appeals filed on any parcel or should the state board of equalization have reason to believe that representation is not duly authorized, the board may require from any agent, or other representative, written authorization signed by the taxpayer.

(2) No agent or other representative shall file an appeal before the county or state boards of equalization without first obtaining written authorization from the taxpayer.

(b)  (1) The taxpayer or owner must first make complaint and appeal to the local board of equalization unless the taxpayer or owner has not been duly notified by the assessor of property of an increase in the taxpayer's or owner's assessment or change in classification as provided for in *§ 67-5-508*.

(2) Notwithstanding the provisions of subdivision (b)(1) or any other provision of law to the contrary, a taxpayer or owner may, with the written consent of the assessor, appeal the valuation of industrial and commercial real and tangible personal property to the local board of equalization, or directly to the state board of equalization. A direct appeal to the state board of equalization must be

filed before August 1 of the tax year. The taxpayer or owner shall request, in writing via certified mail, return receipt requested, such concurrence from the assessor within ten (10) days after the date the assessment notice for the property is sent, or by June 1 of the tax year, or such other date as may be prescribed by the assessor, but no later than the adjournment date for the regular annual session of the county board of equalization. The request shall state, at a minimum, the name in which the property is assessed, the parcel identification number, the value sought, the basis for the appeal and the name, address, telephone number and fax number of the person requesting the direct appeal. The assessor shall provide such concurrence at least ten (10) days before the adjournment of the county board. If the assessor does not concur with a direct appeal to the state board, and so states in writing at least ten (10) days before the adjournment of the county board of equalization, then the taxpayer or owner shall appeal first to the local board of equalization. If the assessor fails to act upon the taxpayer's or owner's request at least ten (10) days before the adjournment of the county board, then the state board of equalization shall accept the direct appeal of the taxpayer or owner. A taxpayer or owner filing a direct appeal shall attach a copy of the assessor's concurrence to the appeal form filed with the state board, or, if the assessor failed to act timely on a request for a direct appeal, a taxpayer or owner filing a direct appeal shall attach a copy of the written request for the concurrence and a statement that the assessor of property failed to provide a timely response to the request. All direct appeals to the state board under this subdivision (b)(2) shall be filed before August 1 of the tax year.

(3) The provisions of subdivision (b)(2) shall not apply in any county having the following populations, according to the 2000 federal census or any subsequent federal census:   Click here to view image.

(c) All complaints and appeals to the state board of equalization must be specific, in writing, and sworn to and filed with the executive secretary of the board. The state board of equalization may provide for the filing of appeals in a computer-readable format, and the date of postmark of data in such format shall constitute the date of filing of the appeal. Rules of the state board of equalization that permit electronic appeals shall also permit electronic appeal for a single parcel, in such format as the board may require by rule. The taxpayer or owner has the right to withdraw any complaint and appeal at any time before the final order has been entered on the primary issue of the complaint and appeal.

(d) The assessor of property or taxing jurisdiction also has the right to appeal from any action of the local board of equalization to the state board of equalization in the same manner as provided in subsections (a)-(c).

(e) Appeals to the state board of equalization from action of a local board of equalization must be filed on or before August 1 of the tax year, or within forty-five (45) days of the date notice of the local board action was sent, whichever is later. If notice of an assessment or classification change pursuant to *§ 67-5-508* was sent to the taxpayer's last known address later than ten (10) days before the adjournment of the local board of equalization, the taxpayer may appeal directly to the state board at any time within forty-five (45) days after the notice was sent. If notice was not sent, the taxpayer may appeal directly to the state board at any time within forty-five (45) days after the tax billing date for the assessment. The taxpayer has the right to a hearing and determination to show reasonable cause for the taxpayer's failure to file an appeal as provided in this section and, upon demonstrating such reasonable cause, the board shall accept such appeal from the taxpayer up to March 1 of the year subsequent to the year in which the time for appeal to the state board began to run.

**(f)** "Taxpayer" as used in this part or part 15 of this chapter, means the owner of the property under appeal or any lessee legally obligated to pay ad valorem taxes for which the property is liable. A lessee obligated to pay some but not all of the taxes for which the property is liable, may appeal the assessment only if the owner consents to the appeal in writing. A property manager, attorney, or other authorized agent may authorize an appeal if the taxpayer has authorized in writing the property manager, attorney, or other authorized agent to do so.

**HISTORY:** Acts 1973, ch. 226, § 10; T.C.A., § 67-810; Acts 1986, ch. 585, § 3; 1989, ch. 102, § 1; 1990, ch. 899, § 2; 1991, ch. 161, § 1; 1997, ch. 160, § 5; 1998, ch. 1066, §§ 4, 5; 2004, ch. 737, § 1; 2005, ch. 480, §§ 1-4; 2006, ch. 600, § 1; 2006, ch. 640, §§ 1, 2; 2007, ch. 51, § 1; 2007, ch. 98, § 1; 2007, ch. 111, § 1; 2007, ch. 132, § 4; 2007, ch. 133, § 1.

### NOTES: Compiler's Notes.

For tables of U.S. decennial populations of Tennessee counties, see Volume 13 and its supplement.

Acts 2006, ch. 600, § 1 purported to amend subdivision (b)(3) by adding "in any county having a population of not less than one hundred twenty-six thousand six hundred (126,600) nor more than one hundred twenty-six thousand seven hundred (126,700)". Acts 2006, ch. 640, § 1 subsequently rewrote subdivision (b)(3). The population range added by ch. 600 is included within the population ranges enacted by ch. 640.

### Amendments.

The 2004 amendment added the third sentence of (c).

The 2005 amendment added (b)(2) and (3).

The 2006 amendment by ch. 640 added the fourth sentence of (b)(2); and rewrote (b)(3) which read: "The provisions of subdivision (b)(2) shall not apply in any county having a population of not less than twenty-six thousand seven hundred (26,700) nor more than twenty-six thousand eight hundred (26,800), in any county having a population of not less than thirty-seven thousand five hundred (37,500) nor more than thirty-seven thousand six hundred (37,600), or in a county having a population of at least three hundred seven thousand (307,000), according to the 2000 federal census or any subsequent federal census."

The 2007 amendment by ch. 51, effective January 1, 2008, substituted "or such other date as may be prescribed by the assessor, but no later than the adjournment date for the regular annual session of the county board of equalization" for "whichever is later" in the third sentence in (b)(2).

The 2007 amendment by ch. 98 added new population figures to the table in (b)(3).

The 2007 amendment by ch. 111, in the table in (b)(3), substituted "382,000" for "300,000" and substituted "382,100" for "400,000".

The 2007 amendment by ch. 132 substituted "on or before" for "before" in the first sentence of (e).

The 2007 amendment by ch. 133 substituted "the year in which the time for appeal to the state board began to run" for "year in which the assessment was made" at the end of the last sentence in (e).

### Effective Dates.

Acts 2004, ch. 737, § 2. May 24, 2004.

Acts 2005, ch. 480, § 5. June 20, 2005.

Acts 2006, ch. 600, § 2. May 4, 2006.

Acts 2006, ch. 640, § 4. May 12, 2006.

Acts 2007, ch. 51, § 2. January 1, 2008.

Acts 2007, ch. 98, § 2. May 7, 2007.

Acts 2007, ch. 111, § 2. May 8, 2007.

Acts 2007, ch. 132, § 8. May 10, 2007.

Acts 2007, ch. 133, § 2. May 10, 2007.

### Section to Section References.

This section is referred to in *§§ 67-1-1005, 67-5-1514*.

### Textbooks.

Tennessee Jurisprudence, 23 *Tenn. Juris., Taxation, § 37*.

### Law Reviews.

Recovering Erroneously Paid Property Taxes in Tennessee: An Epic Journey, *10 Mem. St. U.L. Rev. 279*.

### Attorney General Opinions.

Requirement of written taxpayer authorization for taxpayer representatives, OAG 99-054 (3/9/99).

### LexisNexis Practice Insights


### LexisNexis 50 State Surveys, Legislation & Regulations

Real Property Tax Assessment & Valuation

### Cited:

*Louisville & N. R. Co. v. Public Service Com., 493 F. Supp. 162, 1978 U.S. Dist. LEXIS 17954 (M.D. Tenn. 1978); In re Washington Mfg. Co., 120 B.R. 918, 1990 Bankr. LEXIS 2348 (Bankr. M.D. Tenn. 1990); Batson East-Land Co. v. Boyd, 4 S.W.3d 185, 1998 Tenn. App. LEXIS 313 (Tenn. Ct. App. 1998).*

### Collateral References.

Review, correction, or setting aside of assessment 371.451-493.50.