HODGSON RUSS LLP
James C. Thoman, Esquire
140 Pearl Street, Suite 100
Buffalo, NY  14202
Telephone: (716) 856-4000

*Attorneys for CC Properties LLC*

and

CHRISTIAN & BARTON, LLP
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA  23219
Telephone:  (804) 697-4100

*Local Counsel for CC Properties LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | Case No. 08-35653<br>**Jointly Administered** |
| **Debtors.** | |

**CC PROPERTIES LLC'S RESPONSE TO NINTH OMNIBUS
<u>OBJECTION TO LANDLORD CLAIMS</u>**

CC Properties LLC ("CC Properties") by and through its counsel Hodgson Russ, LLP and local counsel Christian & Barton LLP respectfully submits this response (the "Response") to the trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") Ninth Omnibus Objection to Landlord Claims (docket no. 10047) which seeks to disallow Claim Nos. 13973, 14001 and 14002 (the "Motion").

I.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

2. Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

II.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date") the above-captioned debtors (the "Debtors") filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

4. On September 10, 2010, the Court entered an Order confirming the Debtors' proposed plan of liquidation (the "Plan").

5. The Plan became effective on November 1, 2010 (the "Effective Date"). On the Effective Date, and pursuant to the Plan and the Liquidating Trust Agreement approved therewith, the Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and make distributions to creditors.

6. Lehman Capital (a division of Lehman Brothers Holdings, Inc.) (the "Originator") made various mortgage loans with respect to a number of locations leased by the Debtors including the following locations:

| LANDLORD | STORE NUMBER | LOCATION |
|---|---|---|
| Bond CC II Delaware Business Trust | Store #3198 ("Rockford") | 5460 E. State Street Rockford IL |
| Bond CC III Delaware Business Trust | Store #3170 ("Champaign") | 2006 North Prospect Champaign, IL |
| Bond CC VI Delaware Business Trust | Store #3168 ("Bloomington") | Colonial Plaza Empire & Route 55 Bloomington, IL |

collectively, the "Locations".

7. Each loan was secured by a mortgage and assignment of leases of rents.

8. The Originator then transferred the mortgage loans, and the collateral therefor, to Lehman ABS Corporation (the "Depositor"), by endorsing each mortgage note (accomplished through an allonge), assigning the deed of trust or mortgage pursuant to an assignment of mortgage, and assigning all other collateral pursuant to an omnibus assignment of additional collateral for real property.

9. The Depositor then transferred the mortgage loans and the collateral therefor to Manufacturers and Traders Trust Company, as trustee (the "Trustee") for the benefit of the holders of certain certificates issued pursuant to the terms of a Trust Agreement, dated as of July 1, 1995. The mortgage loans and collateral therefor were transferred to the Trustee using the same form of assignment documents that were entered into between the Originator and the Depositor. The certificates represented the beneficial interests in the mortgage loans, and entitled the certificate holders to a stream of payments.

10. There were defaults under the mortgage loans. The Trustee exercised its rights and remedies. The borrowers entered into deed in lieu of foreclosure agreements for the Rockford and Champaign locations. For Bloomington, the Trustee pursued foreclosure proceedings. In all cases (foreclosures and deeds-in-lieu of foreclosures), the properties were not conveyed to the Trustee but to CC Properties, at the direction of the Trustee.

11. For Rockford and Champaign, the Trustee assigned all of its rights with respect to the mortgage loan and related collateral documents to CC Properties. The assignment contains "anti-merger" language. In connection with Bloomington, there is also an assignment by the Trustee to CC Properties of its rights with respect to all of the mortgage loan documents.

3

12. CC Properties is the assignee of all rights with respect to mortgage loans and assignments of rents and leases with respect to the Locations.

13. The Locations are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

14. On or about March 5, 2009 the Debtors filed a Notice of Rejection of Unexpired Lease and Abandonment of Personal Property rejecting the leases for the Locations effective as of March 12, 2009 (Docket No. 2434).

15. On or about June 29, 2009, the Trustee timely filed a request for administrative expense claim in the amount of $84,206.27 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Bloomington, Illinois—Store No. 3168 ("Claim No. 13973"). On or about May 4, 2010, the Trustee transferred Claim No. 13973 to CC Properties and Notice of the Transfer of Claim was filed with the Court (Docket No. 7412). A copy of Claim No. 13973 and the Transfer of Claim are annexed hereto as Exhibit "A".

16. On or about June 29, 2009, the Trustee timely filed a request for administrative expense claim in the amount of $62,273.52 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Champaign, Illinois—Store No. 3170 ("Claim No. 14001"). On or about May 4, 2010, the Trustee transferred Claim No. 14001 to CC Properties and Notice of the Transfer of Claim was filed with the Court (Docket No. 7414). A copy of Claim No. 14001 and the Transfer of Claim are annexed hereto as Exhibit "B".

17. On or about June 29, 2009, the Trustee timely filed a request for administrative expense claim in the amount of $74,136.81 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Rockford, Illinois—Store No. 3198 ("Claim No.

4

14002"). On or about May 4, 2010, the Trustee transferred Claim No. 14002 to CC Properties and Notice of the Transfer of Claim was filed with the Court (Docket No. 7416). A copy of Claim No. 14002 and the Transfer of Claim are annexed hereto as Exhibit "C".

18. Annexed hereto as Exhibit "D" is a declaration of Rodger PJ Soener, Investment Vice President—Real Estate for CC Properties (the "Declaration") providing facts relevant to this response to the Motion.

### III.

### RESPONSE

19. The Motion seeks to expunge Claims No. 13973 and 14001 filed by CC Properties based upon the Trust's assertion that CC Properties is not a proper claimant. The Trust alleges, with no support for its statements, that CC Properties is a lender to the landlord and the Debtors are addressing the claim with the landlord directly. The Trustee exercised its rights pursuant to the loan documents, including an assignment of leases and rents. The Trustee subsequently assigned to CC Properties all of its rights pursuant to the loan documents. Therefore, CC Properties is entitled to an administrative claim for post-petition, pre-rejection amounts owed pursuant to the leases with the landlords.

20. Inconsistent with its position with respect to Claims No. 13973 and 14001, the Trust seeks to reduce and allow Claim No. 14002 in the amount of $37,827.42. CC Properties objects to the proposed reduction of Claim No. 14002. As CC Properties has the same rights in relation to the Trust with respect to Claim No. 14002 (Rockford, Illinois) as it does Claim No. 13973 and 14001, all of the claims should be allowed.

21. CC Properties has provided a detailed accounting with respect to the post-petition expenses incurred with respect to Claim No. 14002. *See* Exhibit C, Exhibit A to Administrative Claim.

22. As long as the underlying lease gives a landlord the right to recover its attorneys' fees upon breach by a tenant-debtor, the landlord can recover the legal fees its incurs to enforce the debtor's timely performance under Bankruptcy Code Section 365(d)(3). The leases annexed to the proofs of claim provide for recovery of attorneys' fees and other reasonable and actual expenses incurred by the landlord in exercising its rights under the leases. *See* Article 20(c) of the leases attached to the claims. The court in *In re MS Freight Distribution, Inc.* stated:

> The legislative history to [§]365(d)(3) makes it clear that Congress intended a landlord to be fully paid during the first 60 days of the case while the Trustee or debtor in possession preserves the right to assume the lease. The language of the statute itself is consistent with this intent. There are only three exceptions to the requirement that the trustee perform all obligations under the lease, those exceptions set forth in [§]365(b)(2), which are not applicable here. This Court therefore concludes that "all obligations" means just that. To the extent the Lease at issue here requires the payment of . . . attorneys fees and costs, [the lessor] may recover those amounts.

*In re MS Freight Distribution, Inc.*, 172 B.R. 976, 978-79 (Bankr. W.D. Wash. 1994).

23. The landlord's attorneys' fees incurred in the enforcement of post-petition lease obligations are entitled to administrative priority under Section 365(d)(3) of the Bankruptcy Code and are immediately recoverable. *See e.g., In re Trak Auto Corp.,* 277 B.R. 655, 669-670 (Bankr. E.D. Va. 2002), *reversed on other grounds*, 367 F.3d 237 (4th Cir. 2004). *See also In re Pacific Sea Farms, Inc.*, 134 B.R. 11, 15-16 (Bankr. D. Haw. 1991); *In re Revco D.S., Inc.,* 109 B.R. 264, 273 (Bankr. N.D. Ohio 1989).

24. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001(f). "Even if there is an objection filed to the claim, the

6

evidentiary effect of 3001(f) remains in force." *In re L. Washington and Associates, Inc.,* 2000 Bankr. LEXIS 1427, 6 (Bankr. E.D. Pa. 2000) *citing In re: Wells*, 51 B.R. 563, 566 (D. Col. 1985). The objecting party carries the burden of going forward with evidence in support of its objection. The objector's evidence must be of probative force equal to that of the allegations contained in the creditor's proof of claim. *Id.* For the objecting party to rebut the *prima facie* evidence, the objector "must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claims legal sufficiency." *Id. Quoting In re Alleghany International, Inc.,* 954 F. 2d 167, 173 (3d Cir. 1982). The Trust has not sustained the burden of proof as he has merely provided conclusory statements to support the attempt to expunge or reduce CC Properties' claims.

### IV.

### RESERVATION OF RIGHTS

25.     CC Properties hereby reserves its rights to amend, modify or supplement this Response, including but not limited to, providing additional documentation or evidence in support of the claims.

### V.

### CONCLUSION

26.     For the reasons set forth herein, CC Properties respectfully requests that the Trust's Motion be denied in its entirety and granting CC Properties such other and further relief as may be just and proper.

Dated: April 7, 2011            **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112
*Local Counsel for CC Properties LLC*

—and—

HODGSON RUSS LLP
James C. Thoman, Esquire
140 Pearl Street, Suite 100
Buffalo, NY 14202
Telephone: (716) 856-4000
*Attorneys for CC Properties LLC*

**CERTIFICATE OF SERVICE**

I, Jennifer M. McLemore, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1142455