# EXHIBIT A

Form 210A (10/06)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2) AND TRANSFEROR'S WAIVER OF NOTICE

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a) by Manufacturers and Traders Trust Company, as Trustee (the "Transferor) and filed on the Claims Register for the above-captioned bankruptcy case. All right, title and interest in and to the claim has been sold and transferred, for other than security, described as follows:

1. Person or entity to whom the claim has been transferred (the "Transferee"):

    Name: CC Properties LLC          Telephone No. (515) 226-6796

    Address:   CC Properties LLC
               Attention: Michelle Ingle
               c/o FBL Financial Group, Inc.
               5400 University Avenue
               West Des Moines, IA 50266

2. Date of Transfer of Claim: April 1, 2010

3. Type of Claim: Administrative Priority

4. Amount of Claim: Not less than $84,206.27

5. Date of Filing Proof of Claim: June 29, 2009

6. Claim No.: 13973 (the "Claim")

7. Transferor:   Manufacturers and Traders Trust Company, as Trustee
                 c/o Hodgson Russ LLP
                 Attn: Deborah J. Piazza, Esq.
                 60 East 42nd Street, 37th Floor
                 New York, NY 10165

8.  A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: 4/12/10

TRANSFEROR:

MANUFACTURERS AND TRADERS
TRUST COMPANY, AS TRUSTEE

By: _____
Nancy L. George
Vice President

Dated: _____

TRANSFEREE:

CC PROPERTIES LLC
By: Farm Bureau Life Insurance Company,
its Manager

By: _____
Roger PJ Soener
Investment Vice President - Real Estate

8.  A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: _____

**TRANSFEROR:**

**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**

By: _____
    Nancy L. George
    Vice President

Dated: 4/15/2010

**TRANSFEREE:**

**CC PROPERTIES LLC**
By: Farm Bureau Life Insurance Company, its Manager

By: _____
    Roger PJ Sooner
    Investment Vice President - Real Estate

Date: May 4, 2010

Submitted by:

**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**


By:    /s/ Augustus C. Epps, Jr.
       Augustus C. Epps, Jr., Esquire (VSB No. 13254)
       Michael D. Mueller, Esquire (VSB No. 38216)
       Jennifer M. McLemore, Esquire (VSB No. 47164)
       CHRISTIAN & BARTON, LLP
       909 E. Main Street, Suite 1200
       Richmond, Virginia 23219-3095
       (804) 697-4129
       (804) 697-6129 (facsimile)

       *Counsel for Manufacturers and Traders Trust Company, as Trustee*

# EXHIBIT A

#13973

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                              Chapter 11
                                                    Case No. 08-35653
CIRCUIT CITY STORES, INC., et al.                   Jointly Administered

                        Debtors.                    Hon. Kevin R. Huennekens, U.S.B.J.

### REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 503(b)
Lease for real property located at Bloomington, Illinois - Store No. 3168

**Claimant:**     Manufacturers and Traders Trust Company, as Trustee
                  Attn: Nancy L. George, Vice-President
                  One M&T Plaza
                  Buffalo, New York 14202

**Send Notices To:**  Hodgson Russ LLP
                      Counsel to Manufacturers and Traders Trust Company, as Trustee
                      Attn: Deborah J. Piazza, Esq.
                      60 East 42nd Street, 37th Floor
                      New York, New York 10165-0150
                      Telephone: (212) 661-3535

**Claim Asserted Against:**   Circuit City Stores, Inc. (Case No. 08-35653)

**Claim Amount:**   $84,206.27

**Basis for Claim:**   Post-petition, pre-rejection amounts due, pursuant to 11 U.S.C.
                      §§ 365(d)(3), 503(b) and 507(a) under unexpired lease for real property
                      located at Bloomington, Illinois - Store No. 3168
                      (Refer to annexed Rider and Exhibits).

Dated: June 25, 2009                       MANUFACTURERS AND TRADERS
                                           TRUST COMPANY, AS TRUSTEE

                                           By: _____
                                               Nancy L. George
                                               Vice-President                RECEIVED

☒ Date Stamped Copy Returned                                                 JUN 29 2009
☐ No self addressed stamped envelope
☐ No copy to return                                                    KURTZMANCARSONCONSULTANTS



0835653090629000000000237

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: <br><br> CIRCUIT CITY STORES, INC., et al. <br><br> Debtors. | Chapter 11 <br> Case No. 08-35653 <br> Jointly Administered <br><br> Hon. Kevin R. Heunnekens, U.S.B.J. |

**RIDER TO REQUEST FOR ADMINISTRATIVE EXPENSE PRIORITY CLAIM
FOR AMOUNTS DUE UNDER LEASE FOR REAL PROPERTY LOCATED AT
<u>BLOOMINGTON, ILLINOIS - STORE NO. 3168</u>**

Manufacturers and Traders Trust Company, as Trustee ("M&T"), submits this Request for Administrative Expense Priority Claim For Amounts Due Under Lease for Real Property Located at Bloomington, Illinois - Store No. 3168 for post-petition, pre-rejection claims arising, pursuant to 11 U.S.C. §§ 365(d)(3), 503(b) and 507(a), in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and Bond C.C. VI Delaware Business Trust, as Landlord, dated June 29, 1995 related to the premises located at Bloomington, Illinois, Store No. 3168, as more fully-described in the Lease (the "Lease"), which has been assigned to M&T as collateral security in accordance with various related lending and security agreements (the "Administrative Claim"). A true and correct copy of the Lease is annexed as Exhibit B to this Claim.

On February 19, 2009, the Court entered an Order Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free And Clear Of All Interest, (B) Assumption And Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Order"), authorizing the Debtors to reject certain unexpired real property leases upon notice to the lessor. On March 5, 2009, the Debtors filed the Notice of Rejection of Unexpired Lease and Abandonment of Personal Property [Docket No. 2434], rejecting the Lease effective as of March 12, 2009.

In relevant part, 11 U.S.C. § 365(d)(3) requires that the Debtor "shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." It is well established that a landlord of nonresidential real property should not be forced to contribute its real property for the benefit of the debtor's estate absent adequate compensation. See, for example, *In re Trak Auto Corp.* 277 B.R. 655, 662 (Bankr.E.D. Va. 2002), aff'd 288 B.R. 114 (E.D. Va. 2003, rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).

In its *Memorandum Opinion* dated February 12, 2009 [Docket No. 2107], this Court held that a "lessor need not show that the 'debtor's continued possession of its space is a benefit to the estate' in order to receive administrative expense priority under § 507(a)(2)" (quoting *Id.* at 665) explaining that, under the accrual method of claim determination, "[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a)" (quoting *id.* at 664).

Accordingly, on May 15, 2009, this Court entered it's *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* approving the *Notice of Deadline for Filing Administrative Expense Requests* for any right to payment that satisfies section 365(d) and, in the case of unexpired leases of the real property, accrued from and after November 10, 2008 (the "Petition Date") through and including April 30, 2008.

Therefore, M&T hereby requests payment of its Administrative Claim in the amount of $84,206.27, accrued from the date of the Petition through and including the Rejection Date. In support thereof, M&T submits the Administrative Claim Summary and Analysis, annexed as Exhibit A, setting forth in detail the basis of its Administrative Claim.

This Claim is filed to protect M&T from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of M&T's rights, claims or defenses against any person, entity or property; (b) a waiver or release of M&T's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by M&T to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which M&T may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving M&T, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

### EXHIBIT B TO ADMINISTRATIVE CLAIM FILED BY
### MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
### BLOOMINGTON, ILLINOIS (STORE NO. 3168)

#### Administrative Claim Summary and Analysis

Lease between Circuit City Stores, Inc. and Bond C. C. VI Delaware Business Trust, dated Sept. 20, 1995
Store No. 3168 - Bloomington, Illinois - 1500 East Empire Street  61701
Rejected as of March 12, 2009

| Post-Petition Claims Outstanding (11/10/08 - 3/12/09): | |
|---|---:|
| Post-Petition Accrued Insurance | $8,902.51 |
| Annual Total: $156,240.16 ($428.06 x 123 days) | |
| Post-Petition Accrued Taxes | 52,651.38 |
| Professional Fees: | |
| Trustee's Administrative Attorney's Fees: | 15,840.01 |
| Trustee's Fees: | 5,237.37 |
| Environmentals: | 1,335.00 |
| Proxy Fees: | 240.00 |
| TOTAL ADMINISTRATIVE CLAIM: | $84,206.27[1] |

Supporting documentation available upon Debtor's request.

000161/00623 Litigation 6818013v1

---

[1] M&T reserves its right to amend and/or supplement this Administrative Claim at any time to reflect additional fees or costs incurred.

## REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM

### EXHIBIT B

### Lease

LOCATION:   Colonial Plaza, Empire & Rt. 55
Bloomington, Illinois
(McLean County)

# LEASE

between

**CIRCUIT CITY STORES, INC.,**

as Tenant

and

**BOND C.C. VI DELAWARE BUSINESS TRUST**
as Landlord

dated June 29, 1995

MWBB 6/27/95
\circuit\inland\lease.bil

iii

**Lease omitted pursuant to instructions contained in the Notice of the Ninth Omnibus Objection.**

**Copies of leases will be provided upon request.**