HODGSON RUSS LLP
James C. Thoman, Esquire
140 Pearl Street, Suite 100
Buffalo, NY  14202
Telephone: (716) 856-4000

*Attorneys for CC Properties LLC*

and

CHRISTIAN & BARTON, LLP
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA  23219
Telephone:  (804) 697-4100

*Local Counsel for CC Properties LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **CIRCUIT CITY STORES, INC., et al.,** | Case No. 08-35653<br>Jointly Administered |
| Debtors. | |

**CC PROPERTIES LLC'S RESPONSE TO LIQUIDATING TRUST'S
FIFTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS**

CC Properties LLC ("CC Properties") by and through its counsel Hodgson Russ, LLP and local counsel Christian & Barton LLP respectfully submits this response (the "Response") to the trustee of the Circuit City Stores, Inc. Liquidating Trust's (the "Trust") Fifteenth Omnibus Objection to Landlord Claims (docket no. 10053) which seeks to disallow Claim No. 14005 (the "Motion").

I.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

2. Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

II.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date") the above-captioned debtors (the "Debtors") filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

4. On September 10, 2010, the Court entered an Order confirming the Debtors' proposed plan of liquidation (the "Plan").

5. The Plan became effective on November 1, 2010 (the "Effective Date"). On the Effective Date, and pursuant to the Plan and the Liquidating Trust Agreement approved therewith, the Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and make distributions to creditors.

6. Lehman Capital (a division of Lehman Brothers Holdings, Inc.) (the "Originator") made various mortgage loans with respect to a number of locations leased by the Debtors including the following location:

| LANDLORD | STORE NUMBER | LOCATION |
|---|---|---|
| Bond C.C. I Delaware Business Trust | Store #6028 ("Chehalis") | 191 Maurin Road, Chehalis, Washington |

the "Location". Each loan was secured by a mortgage and assignment of leases of rents.

7. The Originator then transferred the mortgage loans, and the collateral therefor, to Lehman ABS Corporation (the "Depositor"), by endorsing each mortgage note (accomplished through an allonge), assigning the deed of trust or mortgage pursuant to an assignment of mortgage, and assigning all other collateral pursuant to an omnibus assignment of additional collateral for real property.

8. The Depositor then transferred the mortgage loans and the collateral therefor to Manufacturers and Traders Trust Company, as trustee (the "Trustee") for the benefit of the holders of certain certificates issued pursuant to the terms of a Trust Agreement, dated as of July 1, 1995. The mortgage loans and collateral therefor were transferred to the Trustee using the same form of assignment documents that were entered into between the Originator and the Depositor. The certificates represented the beneficial interests in the mortgage loans, and entitled the certificate holders to a stream of payments.

9. There were defaults under the mortgage loans. The Trustee exercised its rights and remedies. For the Chehalis location, the Trustee pursued foreclosure proceedings. At the conclusion of the foreclosure process, the Chehalis property was not conveyed to the Trustee but to CC Properties, at the direction of the Trustee. In connection with Chehalis foreclosure, there was an assignment by the Trustee to CC Properties of its rights with respect to all of the mortgage loan documents including the assignment of rents and leases.

10. On January 23, 2009, the Court entered an Amended Order pursuant to 11 U.S.C. Sections 105, 363 and 365 and Fed. R. Bankr. P. 6004 and 6006 Authorizing and Approving (A) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (B) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims and

Encumbrances to Bond C.C. I Delaware Business Trust or its Nominee (the "Order") (Docket No. 1743).

11. On or about June 29, 2009, the Trustee filed a timely request for administrative expense claim in the amount of $77,551.04 for post-petition, pre-assignment amounts due with respect to the lease for real property located at Chehalis, Washington—Store No. 6028 ("Claim No. 14005"). On or about May 4, 2010, the Trustee transferred Claim No. 14005 to CC Properties and Notice of the Transfer of Claim was filed with the Court (Docket No. 7417). A copy of Claim No. 14005 and the Transfer of Claim are annexed hereto as Exhibit "A".

12. Annexed hereto as Exhibit "B" is a declaration of Rodger PJ Soener, Investment Vice President—Real Estate for CC Properties (the "Declaration") providing facts relevant to this response to the Motion.

### III.

### RESPONSE

13. The Motion seeks to expunge Claims No. 14005 filed by CC Properties based upon the Trust's assertion that its books and records show no amounts owing to CC Properties. The Trustee properly exercised its rights pursuant to the loan documents, including an assignment of leases and rents. The Trustee subsequently assigned to CC Properties all of its rights pursuant to the loan documents. Therefore, CC Properties is entitled to an administrative claim for post-petition, pre-assignment amounts owed pursuant to the leases with the landlords.

14. CC Properties has provided a detailed accounting with respect to the post-petition expenses incurred with respect to Claim No. 14005. *See* Exhibit A, Exhibit A to Administrative Claim.

4

15. As long as the underlying lease gives a landlord the right to recover its attorneys' fees upon breach by a tenant-debtor, the landlord can recover the legal fees its incurs to enforce the debtor's timely performance under Bankruptcy Code Section 365(d)(3). The leases annexed to the proofs of claim provide for recovery of attorneys' fees and other reasonable and actual expenses incurred by the landlord in exercising its rights under the lease Article 20(c). The court in *In re MS Freight Distribution, Inc.* stated:

> The legislative history to [§]365(d)(3) makes it clear that Congress intended a landlord to be fully paid during the first 60 days of the case while the Trustee or debtor in possession preserves the right to assume the lease. The language of the statute itself is consistent with this intent. There are only three exceptions to the requirement that the trustee perform all obligations under the lease, those exceptions set forth in [§]365(b)(2), which are not applicable here. This Court therefore concludes that "all obligations" means just that. To the extent the Lease at issue here requires the payment of . . . attorneys fees and costs, [the lessor] may recover those amounts.

*In re MS Freight Distribution, Inc.*, 172 B.R. 976, 978-79 (Bankr. W.D. Wash. 1994).

16. The landlord's attorneys' fees incurred in the enforcement of post-petition lease obligations are entitled to administrative priority under Section 365(d)(3) of the Bankruptcy Code and are immediately recoverable. *See e.g.*, *In re Trak Auto Corp.*, 277 B.R. 655, 669-670 (Bankr. E.D. Va. 2002), *reversed on other grounds*, 367 F.3d 237 (4th Cir. 2004). *See also In re Pacific Sea Farms, Inc.*, 134 B.R. 11, 15-16 (Bankr. D. Haw. 1991); *In re Revco D.S., Inc.*, 109 B.R. 264, 273 (Bankr. N.D. Ohio 1989).

17. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001(f). "Even if there is an objection filed to the claim, the evidentiary effect of 3001(f) remains in force." *In re L. Washington and Associates, Inc.*, 2000 Bankr. LEXIS 1427, 6 (Bankr. E.D. Pa. 2000) *citing In re: Wells*, 51 B.R. 563, 566 (D. Col. 1985). The objecting party carries the burden of going forward with evidence in support of its

objection. The objector's evidence must be of probative force equal to that of the allegations contained in the creditor's proof of claim. *Id.* For the objecting party to rebut the *prima facie* evidence, the objector "must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claims legal sufficiency." *Id. Quoting In re Alleghany International, Inc.,* 954 F. 2d 167, 173 (3d Cir. 1982). The Trust has not sustained the burden of proof as he has merely provided conclusory statements to support the attempt to expunge or reduce CC Properties' claims.

### IV.

### **RESERVATION OF RIGHTS**

18. CC Properties hereby reserves its rights to amend, modify or supplement this Response including but not limited to, providing additional documentation or evidence in support of the claim.

### V.

### **CONCLUSION**

1. 19. For the reasons set forth herein, CC Properties respectfully requests that the Trust's Motion be denied in its entirety and granting CC Properties such other and further relief as may be just and proper.

Dated: April 7, 2011					**CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

*Local Counsel for CC Properties LLC*

—and—

HODGSON RUSS LLP
James C. Thoman, Esquire
140 Pearl Street, Suite 100
Buffalo, NY 14202
Telephone: (716) 856-4000

*Attorneys for CC Properties LLC*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1142465