Dear Bankruptcy Court/To Whom it May Concern,    March 25th, 2010
RE: CLAIMANT: Patrick Gerald Kennedy
CLAIM: 4441
CASE NO: 08-35653-KRH



Judges Consideration

RICHMOND DIVISION

F                              F
I                              I
L         APR   4 2011         L
E                              E
D                              D
CLERK
US BANKRUPTCY COURT

        For almost the entire time I was employed at Circuit City from
October 1st, 2006 till July 22nd, 2008, we did not get the
California State Legally required amount of rest and/or meal
periods (Labor Code 226.7). Previously I enclosed copies of
actual schedules, official time sheets, copies of paychecks
showing hours worked, employee declarations regarding Labor
Code violations/working conditions, as well as documents
containing Circuit City operating procedures, when I filed with the
Bankruptcy courts January of 2009. This was to illustrate the
working conditions and what a typical work week was like for me
and my co workers. More so after the highly publicized lay offs
that occurred Feb/March of 2007.  Whereupon I worked 10 to 13
hours a day, everyday for months, without getting a rest period
nor lunch that was at least 30 minutes or longer for shifts that
went past 10 hours, and/or sometimes not at all. Circuit City
managers would also not relieve us for rest periods and this
problem continued till the day the Woodland Hills, California
Store closed it's doors for good March of 2009. The DLSE
(Department of Labor Standards and Enforcement), where I
originally filed my claim against Circuit City allows for personal
testimony as well as eyewitness accounts that would support my
case. The bankruptcy court proceedings unfortunately do not
and/or they are not being held in California and I am unable to
make my case in person or present witnesses (See Declaration
Statements). As such I wish to make it clear to the Bankruptcy
Courts that Circuit City is now and was back then duly aware that
they violated California State Labor Codes 226(f), 226.7, and

203, and that they have done nothing but attempt to cover these facts up ever since they first became aware I went to the DLSE and filed a claim against them February 19th, 2008. Normally Time Sheets for employees are kept in the store they are employed at for at least 3 years but all of mine had been removed to prevent me from getting copies of them. This illegal act was witnessed by me as well as former Circuit City Manager Melissa Gillard (See EXHIBIT D2-2011). It should also be noted that they refused to turn over any copies of my personnel files or time sheets despite numerous written, verbal ad emailed requests from me and the DLSE, for which there should be no reason for this action other than to withhold, delay or obscure information. All they would show is when I clocked in and when I clocked out. But Circuit City knows that these documents show that the law had indeed been violated repeatedly and was attempting to deny me access to my time sheets and personnel records. A Circuit City manager was even fired from the Woodland Hills, California Store for altering employee records to show a lunch was taken when in fact none was. As such if further clarification/evidence for this is needed please contact me and I will provide whatever is necessary as soon as possible. I also was not able to reach all of my co workers who wished to sign a declaration regarding California State Labor Code violations because of the time period that has elapsed since I originally filed a claim, the Woodland Hills, California store 0419 closing and everyone losing their jobs, and current litigation taking as long as it has. I filed all the necessary paperwork for my claim against Circuit City first with the DLSE and later again with the bankruptcy courts, within the allotted time period or statutory cap as granted under California State Employment Law. I am not a lawyer by any means, so I hope the courts will forgive me if my legal phrasing is sometimes unconventional, but I do believe I have supported my case to the best of my ability under the circumstances. If the court is unclear as to anything that has been written here, submitted or talked about, now or before, please do not hesitate to contact me immediately and I will do my best to rectify the situation. This case has been in

litigation since early 2008 and I would very much like to resolve it as soon as possible. I am also unclear if the courts wished to see evidence/exhibits that I previously submitted or wished to obtain new evidence/exhibits from me at this juncture. If any of my previously evidence/exhibits have been misplaced or lost, please contact me so I can re send copies of them immediately. I thank you for your time and understanding on my behalf.

Sincerely,

Patrick Gerald Kennedy
PO BOX 280281
NORTHRIDGE, CA 91328-0281
Phone: (818) 793-6643
Email: Patgenken@yahoo.com
CASE NO: 08-35653-KRH
CLAIM: 4441

PLEASE REVIEW ORIGINAL SUBMISSION OF EVIDENCE SENT IN JANUARY OF 2009 FOR A MORE ACCURATE ACCOUNT OF EVENTS

MARCH 25th, 2011
IN RE: Circuit City Stores, Inc.,
CHAPTER 11
CASE NUMBER: 08-35653-KRH
CLAIM: 4441
PRF NO: 38043
CLAIMANT: PATRICK GERALD KENNEDY
Amount Claimed: $6,098.89
NOTICE OF CLAIMANT'S APPEAL OF THE LIQUIDATING TRUST'S NINETEENTH
OMNIBUS OBJECTION TO CERTAIN EMPLOYEE PRIORITY CLAIMS: NO LIABILITY;
NOT ENTITLED TO PRIORITY; ALLOW UP TO THE STATUTORY CAP; AND
RECLASSIFY, AS APPLICABLE (MISCELLANEOUS HR PRIORITY CLAIMS).


Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
telephone: (310) 277-6910
telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
telephone: (804) 793-8300
telecopy:   (804) 783-0178

Counsel for the Circuit City Stores, Inc.
Liquidating Trust


Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, Virginia 232119

NOTICE OF CLAIMANT'S APPEAL OF THE LIQUIDATING TRUST'S NINETEENTH
OMNIBUS OBJECTION TO CERTAIN EMPLOYEE PRIORITY CLAIMS: NO LIABILITY;
NOT ENTITLED TO PRIORITY; ALLOW UP TO THE STATUTORY CAP; AND
RECLASSIFY, AS APPLICABLE (MISCELLANEOUS HR PRIORITY CLAIMS). THE
CLAIMANT FILED WITHIN THE STATUTORY CAP AND PRESENTED EVIDENCE OF
CLEAR CALIFORNIA LABOR CODE 226.7, 203, AND 226(F) VIOLATIONS. CLAIMANT
IS SEEKING THE FULL AMOUNT OF CLAIM GRANTED UNDER CALIFORNIA STATE
LABOR CODES AND LAW AS WELL AS ORIGINAL FILLING STATUS AS A PRIORITY
CLAIM.

The $6,6098.89 claim amount represents monies worked for and/or PTO accrued by Claimant
Patrick Gerald Kennedy while in the employment of Circuit City Store 0419 in Woodland Hills,
California from October 2006 till July 22nd, 2008 that were not paid upon termination/cessation
of employment. The amount of claim is also representative of fines/penalties associated with the
numerous violations of California labor codes 226.7, 203, and 226(F). Having to do with rest and
meal periods not given, taking more than 21 days to send a present/former employee copies of
their personnel file upon written request, and for failing to pay all monies owed upon termination
of employment on the day of said termination of employment. Original Claims were filed with
the DLSE (Department of Labor Standards and Enforcement February of 2008) within the
Statutory cap, a copy of which has already been presented to the courts as evidence in January of
2009.

California State Labor Code and Law specifically states that all employers must adhere to all
governing employment laws, rules and regulations at all times. Failure to do so will result
in monetary penalties and/or possible criminal action being taken against them. Circuit City
repeatedly violated California Labor Codes 226.7, 203, 226(F). Circuit City failed to provide 30
minute meal and 10 minute rest periods for Claimant and other employees on numerous
occasions ( California Labor Code 226.7). Circuit City failed to supply physical copies of
Claimant's personnel records upon written request within the 21 day time period mandated by
California Labor Code ( California Labor Code 226(F)). Circuit City failed to pay
Claimant's final wages, monies owed, and PTO accrued upon termination of employment and the
subsequent 30 day maximum penalty amount regarding California Labor Code 203.
Evidence testifying to the above mentioned, in the form of official time keeping
records/documents/letters, certified/registered mail requests for personnel files, as well as eye
witness accounts have previously been submitted to the courts. As well as written declarants
from Circuit City Employees testifying to these facts (Please see previous evidence/exhibits
submitted via registered/certified mail in January of 2009). Claimant's Claim was brought
fourth/filed originally with the DLSE (Department of Labor Standards and Enforcement) within
the allotted time period/Statutory Cap for filing such a claim in the State of California.

ADDITIONAL EVIDENCE:

Previous copies of evidence should be on file with the courts. Original claim and evidence of claim were submitted in January of 2009. For most recent evidence/documents please see SUMMARY OF TIME and SUMMARY OF EVIDENCE.

Upon request I can and provide (additional) copies of all evidence previously submitted as well as declarant testimony statements from (additional) Circuit City employees who can attest to the accuracy of the above mentioned, and to the validity of the evidence initially submitted (see evidence/documents originally submitted January 2009 via certified/registered mail to the bankruptcy Courts). This case has been going on for over 2 years now and I would like to resolve it as soon as possible. Circuit City repeatedly and willfully violated California Labor Code and employment law on numerous occasions. Filing for Bankruptcy should not be a valid excuse for evading their legal and financial responsibilities as a direct result of their numerous California Labor Code violations. Circuit City has a legal obligation under California State Labor Code and Employment Law to pay all employees for all work completed and any subsequent monetary fines and/or penalties that arise from failing to follow the stature of the law as it pertains to employees in the State of California. Evidence has been submitted that proves that Circuit City failed to follow the above mentioned California State Labor Laws ( Labor Codes 226.6, 226(F) and 203) and that not all monies earned were actually paid to the claimant and/or paid in a timely fashion as established by California Labor Code and Employment Law. As such I ask that my appeal to the objection be granted and that my Priority Claim in the amount of $6,098.89 against Circuit City proceeds forward post haste.

Sincerely,

*[signature]* 3-31-11

CLAIMANT: Patrick Gerald Kennedy
Post Office Box 280281
Northridge, California 91328-0281
PHONE: (818) 793-6643
EMAIL:
CASE NO: 08-35653-KRH
CLAIM: 4441

Dear Bankruptcy Court/To Whom It May Concern,                    MARCH 25th, 2011
RE: APPEAL TO OBJECTION OF CLAIMANT'S PRIOTY CLAIM
CLAIMANT: PATRICK GERALD KENNEDY+
CLAIM: 4441
CASE NO: 08-35653-KRH

### SUMMARY/ TIMELINE OF EVENTS

Claimant's original claim against CIRCUIT CITY filed with the DLSE was redirected to the United States Bankruptcy Courts once Circuit City filed for Bankruptcy. The Claimant's Priority claim was filed first with the DLSE and then again with the Bankruptcy Courts, both filings of the Claim were within the allotted time period as accorded under California State Labor Codes and Law regarding such claims and violations The Claimant's claim is for rest and meal period violations (Labor Code 226.7), failing to furnish Personnel Records within 21 days of a written request by the claimant (Labor Code 226 (f)), missing/unpaid hours previously worked for, and/or the associated accrued PTO hours (Paid Time Off), that the claimant was never paid for, as well as failure to pay all monies owed at the time employment ceases and the subsequent full 30 day waiting penalties associated with California State Labor Code 203. If the Courts have any questions about the Claimant's claim and/or any of the evidence presented, please contact the Claimant immediately so the Claimant can clarify anything that needs to be. The Claimant also has more paperwork in their possession to support their claims but was unsure of how much the courts wanted to view or have. Additional copied of documents and evidence should still be on file within the Court's records department, from when the claim was originally submitted to them January of 2009.


OCTOBER 2006: Started working for the Woodland Hills, California Circuit City store 0419 in October 2006 as a full time Customer Service Associate at $11.00 per hour.

OCTOBER 4th, 2006: Faxed in 14.45 hours of missing/unpaid work at $11.00 per hour ($158.95). Received confirmation that the Claimant's Fax was received but Claimant was never paid for hours worked or for the subsequent PTO accrued. SEE EXHIBIT A-2011, and B-2011.

FEBRUARY, 2007: Mass company wide lay offs result in increased workload and responsibility for the Claimant and remaining co workers for several months. Claimant's average hours worked per week climbs to 60 hours or more as a result of increased work load. California State Labor Code Section 226.7 is repeatedly violated. California State legally mandated number of rest and meal periods are not given to Claimant and numerous other employees. Circuit City management is aware of the problem and does nothing to alleviate the problem which continues past the Claimant's term of employment. SEE EXHIBITS C-2011, D-2011, E-2011, F-2011, G-2011, H-2011, I-2011, J-2011, K-2011.

MAY 9th/10th, 2007: Claimant Faxed in 6 hours of missing/unpaid work at $11.50 ($69.00). Received confirmation that Claimant's Fax was received by the proper parties, but Claimant was never paid for the hours worked or credited for the PTO accrued from said hours. Original Date faxed into Corporate payroll was MARCH 29th, 2007. SEE EXHIBIT F1-2011, F2-2011

FEBRUARY 2008: Claimant filed an official complaint/Claim with the Department of Labor Standards and Enforcement for numerous California State Labor Code 226.7 violations and other California State Labor Code violations (Claim was amended before/after Claimant's employment ended to reflect additional/ongoing Labor Code Violations). SEE EXHIBIT F3-2011

FEBRUARY (through JUNE 23rd), 2008: The Claimant repeatedly attempted to resolve California State Labor code/issues with Circuit City management as well as obtain copies of Claimant's personnel records. Circuit City failed to provide personnel records within 21 days of a written request, despite also being asked to furnish said records by the Department of Labor Standards and Enforcement. Labor code 226(f) violation. SEE EXHIBITS R1-2011, R2-2011, R3-2011, R4-2011

MARCH 12th/13th, 2008: Faxed in 2 hours of missing/unpaid work at $11.75 per hour ($23.50) Received confirmation that my Fax was received but never paid for hours worked nor credited for PTO accrued. SEE EXHIBITS F4-2011, F5-2011

MARCH 20th, 2008: Received a manual check/partial payment for previously unpaid faxed in missing/unpaid hours for a total of 11.25 hours ($118.71 before taxes). Still missing a grand total of $132.54 before taxes in missing/unpaid hours and the associated accrued PTO. SEE EXHIBIT P1-2011

MARCH 24th, 2008: Sent certified letter requesting personnel files to address specified by Circuit City Human Resources. Circuit City once again failed to reply within 21 days of request. SEE EXHIBITS O, P

JULY 22nd, 2008: Claimant terminated from Circuit City while on pre approved-in-writing vacation, final pay was not issued at the time/day of termination/discharge. Final rate of pay at time of termination was $12.10 per hour. SEE EXHIBITS T1-2011, T2-2011, T3-2011

JULY 31st, 2008: Is the date on a letter sent to the Claimant written by Circuit City Store manager Andrew Hochman. The letter states that the Claimant was expected to be back at his work by the end of July 2008, despite the fact the that the Claimant was on a pre approved in writing vacation out of the country. The letter to the Claimant from the Circuit City manager was written 9 days after the Claimant was officially fired. SEE EXHIBIT T4-2011 and compare with EXHIBITS T1-2011, T2-2011, and T3-2011.

August 15th, 2008: Claimant receives a final paycheck in the mail from Circuit City dated August 12th, 2008. The postmark date on the physical check is August 15th, 2008, which is 25 days after the Claimant was officially terminated. Check number 5254955 from Circuit City contains only a partial payment of PTO hours, Claimant is still missing hours worked/faxed in and the subsequent accrued PTO hours ( California State Labor Code 203 violation). SEE EXHIBIT T5-2011, T6-2011

DECEMBER 2008: The DLSE contacts the Claimant and several other Circuit City employees and informs them that their claims through the DLSE have been closed because Circuit City filed for bankruptcy and all Claimants who wish to proceed must re file/go through the Bankruptcy courts.

JANUARY 2009: Claimant and several Circuit City employees from Store 0419 re-file with the bankruptcy courts.

MARCH 2011: Claimant is notified by the bankruptcy courts that his Priority claim against Circuit City Stores, Inc., is being objected to by the attorneys of the Liquidating Trust. Claimant gathers new declarations from former Circuit City Employees, as well as submits new evidence as proof of his original claim.

Sincerely,

Patrick Gerald Kennedy        3-31-11
PO BOX 280281
Northridge, Ca 91328-0281
PHONE: (818) 793-6643
EMAIL:
CLAIM: 4441
CASE NO: 35653-KRH

Dear Bankruptcy Court/To Whom It May Concern,                    MARCH 25th, 2011
RE: APPEAL TO OBJECTION OF CLAIMANT'S PRIOTY CLAIM
CLAIMANT: PATRICK GERALD KENNEDY
CLAIM: 4441
CASE NO: 08-35653-KRH

### SUMMARY OF EVIDENCE

EXHIBIT A-2011: Original CIRCUIT CITY HOURLY TIME SHEET used to fax in missing hours worked to CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT. Dated OCTOBER 4th, 2006

EXHIBIT B-2011: CONFIRMATION FAX that missing hours were received by CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT. Sent and received OCTOBER 4th, 2007

EXHIBIT C-2011: Copy of Official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during March 29th, 2007 through April 11th, 2007, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT C1-2011: A copy of California State labor Code 226(f)

EXHIBIT C2-2011: A copy of California State labor Code 226.7

EXHIBIT C3-2011: A copy of California State labor Code 203

EXHIBIT D-2011: Official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during April 12th, 2007 through April 25th<sup>th</sup>, 2007, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT D1-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT D2-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT D3-2011 : DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT E-2011: A copy of Claimant's actual paycheck stating the total hours worked. This is to illustrates that the claimant worked more than the customary 40 hours per week of a full time employee. As well as the time period no rest or meal periods were given. California State Labor Code 226.7 violations.

EXHIBIT F-2011: A copy of Claimant's actual paycheck stating the total hours worked. This is to illustrates that the claimant worked more than the customary 40 hours per week of a full time employee. As well as the time period no rest or meal periods were given. California State Labor Code 226.7 violations.

EXHIBIT F1-2011: CONFIRMATION FAX that missing hours were received by CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT but Claimant was never paid for. Sent and received MAY 9th, 2007

EXHIBIT -2011: CONFIRMATION FAX that missing hours were received by CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT but Claimant was never paid for. Sent and received May 10th, 2007

EXHIBIT F3-2011: Copy of amended claim Claimant initially filed with the DLSE. Claim number 17-48252 SJ

EXHIBIT F4-2011: Original CIRCUIT CITY HOURLY TIME SHEET used to fax in missing hours worked to CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT. Dated MARCH 12th, 2006

EXHIBIT F5-2011: CONFIRMATION FAX that missing hours were received by CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT but Claimant was never paid for. Sent and received OCTOBER 13th, 2008

EXHIBIT F6-2011: CONFIRMATION FAX that missing hours were received by CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT but Claimant was never paid for. Sent and received APRIL 18th, 2007

EXHIBIT -2011: Copy of Claimants hours worked June 21st, 2007 through July 4th, 2007.

EXHIBIT H-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT I-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT J-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT K-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT L-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT M-2011: Copy of Official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during APRIL 12th, 2007 through April 25th, 2007, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT N-2011: Copy of Official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during AUGUST 30th, 2007 through SEPTEMBER 12th, 2007, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT O-2011: Copy of Official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during SEPTEMBER 13th, 2007 through SEPTEMBER 26th, 2007, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT P-2011: Copy of Official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during OCTOBER 25th, 2007 through NOVEMBER 7th, 2007, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

*EXHIBIT P1-2011: Is a copy of a paycheck where the Claimant received a partial payment of hours* already worked, but none of the associated accrued PTO hours from Circuit City dated MARCH 21st, 2008.

EXHIBIT P3-2011: Is an official copy of CIRCUIT CITY's policies regarding PTO (PAID TIME OFF) and how it is accrued by hourly Full Time Associates.

EXHIBIT P4-2011: Is an official copy of CIRCUIT CITY's policies regarding the retention of employee personnel files and time keeping records, including the length such records are to remain in the store.

EXHIBIT Q-2011: Is a copy of an official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during NOVEMBER 8th, 2007 through NOVEMBER 21th, 2007, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT R-2011: Is a copy of an official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during JANUARY 17thth, 2008 through JANUARY 30th, 2008, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT R1-2011: Is an official request from a Deputy Labor Commisioner from the Department of labor Standards and Enforcement request an official copy of Claimant's time sheets and personnel files on the Claimant's behalf.

EXHIBIT R2-2011: Is a formal request by the Claimant to Circuit City to receive copies of his personnel file and copies of his time sheets dated March 15th, 2008.

EXHIBIT R3-2011: Is a formal request by the Claimant to Circuit City to receive copies of his personnel file and copies of his time sheets dated DECEMBER 20th, 2007.

EXHIBIT R4-2011: Are proof that formal requests by the Claimant to Circuit City to receive copies of his personnel file and copies of his time sheets were sent via certified and registered mail. None of which were ever addressed. They are dated April 24, 2008, MAY 21st, 2008, and JANUARY 14th, 2009 . California State Labor Code 226(f) violation.

EXHIBIT R5-2011: Is the official fax, email and phone number given to all Circuit City associated in regards to faxing in missing hours worked. Claimant used the fax number provided yet Circuit City failed to pay him for faxed in hours nor credited him for associated accrued PTO hours.

EXHIBIT S-2011: Is a copy of an official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during JANUARY 17thth, 2008 through JANUARY 30th, 2008, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT T-2001: Is a copy of an official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during FEBRUARY 28th, 2008 through APRIL 12th, 2008, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT T1-2011: Is a letter from the Claimant and Circuit City's official Insurance carrier notifying the Claimant that his employment with Circuit City ended on July 22nd, 2008.

EXHIBIT T2-2011: Is a letter from the Claimant and Circuit City's official Insurance carrier notifying the Claimant that his employment with Circuit City ended on July 22nd, 2008.

EXHIBIT T3-2011: Is a signed approval for the Claimants 2 month long vacation, during which time he was fired without his prior knowledge.

EXHIBIT T4-2011: Is a letter dated July 31st, 2008 from Circuit City Woodland Hills, California Store 0419 Store Manager Andrew Hochman informing the Claimant that his employment with the company would end sometime in August. The Claimant's employment with Circuit City was terminated on July 22nd, 2008, 9 days before the letter was even written. This document demonstrates dishonest behavior on the part of Circuit City management.

EXHIBIT T5-2011: Is a copy of the last check the Claimant received from Circuit City containing partial payment of PTO monies still owed to him to this day. Check number 525955is dated AUGUST 12th, 2008 but was postmarked August 15th, 2008. 25 days after his last official day of employment with Circuit City, which was July 22nd, 2008.

EXHIBIT T6-2011: Is a copy of the last check the Claimant received from Circuit City containing partial payment of PTO monies still owed to him to this day. Check number 525955is dated AUGUST 12th, 2008 but was postmarked August 15th, 2008. 25 days after his last official day of employment with Circuit City, which was July 22nd, 2008.

EXHIBIT U-2011: Is a copy of an official CIRCUIT CITY TIME SHEET showing hours CLAIMANT worked during MAY 22nd, 2008 through JUNE 4th, 2008, as well as days were a meal period was not granted. California State Labor Code 226.7 Violation.

EXHIBIT V-2011: DECLARATION of a person with personal knowledge of the relevant facts as to the working conditions at Circuit City Woodland Hills, California Store 0419 and California state labor Code Violations 226.7, 226(f) and 203.

EXHIBIT W-2011: Is a document stated what the Claimant's final rate of pay was during his employment with Circuit City Woodland Hills, Store 0419.

EXHIBIT Y-2011: Is a copy of an CIRCUIT CITY HOURLY TIME SHEET used to fax in missing hours worked to CIRCUIT CITY CORPORATE PAYROLL DEPARTMENT that was received by CIRCUIT CITY CORPORATE PAYROLL DEPARTEMNT on MARCH29th, 2007 .

EXHIBIT Z-2011: Is an copy of one of the Claimant's many attempts to be paid for worked performed but not as of yet paid for by faxing in missing hours to the fax number all associated were given for the CORPORATE PAYROLL OFFICES. Confirmation of them having received the fax was given, yet the Claimant has not been paid for said hours till this day.

More extensive copies of the above listed evidence were sent to the bankruptcy courts previous in January of 2009. If the courts need further evidence or clarification of the evidence already submitted, please contact the Claimant immediately. The Claimant wishes to proceed with his case at all costs, and would like to appear by telephone if and when he is ever needed to testify in court. The Claimant thanks you or your time and effort in this matter, as he would like to resolve his claim as soon as possible since it has been several years.

CLAIMANT: Patrick Gerald Kennedy
Post Office Box 280281
Northridge, California 91328-0281
PHONE: (818) 793-6643
EMAIL:
CASE NO: 08-35653-KRH
CLAIM: 4441

EXHIBIT A-2011

# CIRCUIT CITY
## HOURLY TIME SHEET

Fax Timesheet to:
(281) 298-0845

NAME: Patrick Kennedy    EMPLOYEE # 283268

JOB TITLE: CSA1

LOCATION # Carolla Ave    Woodland Hills

PERIOD ENDING Wednesday Oct 4th 2006

SOCIAL SECURITY #
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
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

| DAYS | DATE | IN | OUT | IN | OUT | REG | OT | PTO | FUNER | REMOD | WEATH | MISC | TOTAL |
|------|------|----|----|----|----|----|----|----|----|----|----|----|----|
| THU | | | | | | | | | | | | | |
| FRI | | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | |
| SUN | 10-1 | 7:30 am | 10:10 am | | | | | | | | | | |
| MON | 10-2 | 9:50 am | 2:30 pm | | | | | | | | | | |
| TUE | 10-3 | 2:00 pm | 6:06 pm | | | | | | | | | | |
| WED | 10-4 | 2:45 pm | 6:00 pm | | | | | | | | | | |
| THU | | | | | | | | | | | | | |
| FRI | | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | |
| SUN | | | | | | | | | | | | | |
| MON | | | | | | | | | | | | | |
| TUE | | | | | | | | | | | | | |
| WED | | | | | | | | | | | | | |

MANAGER'S COMMENTS

BI-WEEKLY TOTAL

PATRICK GERALD KENNEDY
EMPLOYEE PRINTED NAME

Patrick Gerald Kennedy
EMPLOYEE SIGNATURE

EMAD MINA
MANAGER'S PRINTED NAME

MANAGER'S SIGNATURE

10-4-2006
DATE

I HEREBY CERTIFY THAT THE HOURS LISTED ABOVE ARE THE TOTAL HOURS WORKED BY ME DURING THE INDICATED PERIOD.

# Transmission Log

No Station Name                    Wednesday, 2006-10-04   17:52                    No Station Number

| Job # | Date | Time | Length | Speed | Station Name/Number | Type | Pgs | Status |
|-------|------|------|--------|-------|---------------------|------|-----|--------|
| 05740 | 2006-10-04 | 17:51 | 0:40 | 14400 | Hewitt Associates | SCAN | 1 | OK -- V.17 AM11 |



```
13:13:48        04/19/07                              TIMESHEET


KENNEDY     PATRICKG    LOC:  419 SSN: 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 WWK: 5   CUSTOMER SERVICE ASSOC    Mgr: 000000 PERIOD END:  4/11/07

DAY  DATE  IN    OUT    IN    OUT    IN   OUT    IN    OUT    IN    OUT    REG    MISC TYPE    MISC TYPE    MISC TYPE    TOTAL
================================================================================================================================

THU  3/29  8:54a 4:06p 4:41p 7:32p                                      10.00    . 0          . 0          . 0          10.00

FRI  3/30 10:45a 5:03p 5:35p 7:07p                                       7.75    . 0          . 0          . 0           7.75

SAT  3/31  9:00a 4:20p 4:50p 7:50p                                      10.25    . 0          . 0          . 0          10.25

SUN  4/ 1  6:55a 4:12p 4:42p 8:55p                                      11.50   2.00 MTG      . 0          . 0          13.50

MON  4/ 2 12:27p 9:33p                                                   9.00    . 0          . 0          . 0           9.00

TUE  4/ 3  8:50a 5:16p 5:38p 8:20p                                      11.25    . 0          . 0          . 0          11.25

WED  4/ 4  8:50a 7:43p                                                  11.00    . 0          . 0          . 0          11.00
                                                                       =====                                           ====
                                                                       70.75                                          72.75


THU  4/ 5  8:49a 7:11p                                                  10.25    . 0          . 0          . 0          10.25

FRI  4/ 6 10:17a 5:53p 6:25p 8:55p                                      10.00    . 0          . 0          . 0          10.00

SAT  4/ 7  9:06a 1:01p                                                   4.00    . 0          . 0          . 0           4.00

SUN  4/ 8                                                                 . 0    . 0          . 0          . 0           . 0

MON  4/ 9 11:30a 6:13p 6:47p 8:49p                                       8.75    . 0          . 0          . 0           8.75

TUE  4/10  8:52a 6:32p 7:03p 8:43p                                      11.25    . 0          . 0          . 0          11.25

WED  4/11  8:53a 9:50p                                                  13.00    . 0          . 0          . 0          13.00
                                                                       =====                                           ====
                                                                       57.25                                          57.25


                                                                       =====                                           ====
                                                                      128.00                                         130.00




COMMENT:
EMP. SIGNATURE: _____        MGR. SIGNATURE: _____
```

Handwritten annotations:
- MON 4/2: — NO LUNCH/REST PERIOD
- WED 4/4: No LUNCH OR REST PERIOD
- THU 4/5: NO LUNCH REST PERIOD
- WED 4/11: NO LUNCH OR REST PERIOD

Dear Bankruptcy Court/To Whom It May Concern,        March 25th, 2011
RE: CLAIMANT: Patrick Gerald Kennedy
CLAIM: 4441
CASE NO: 08-35653-KRH

## LABOR CODE EXHIBIT C1-2011

California State Labor Codes: Taken directly from www.leginfo.ca.gov webite

226.  (a) Every employer shall, semimonthly or at the
time of each payment of wages, furnish each of his or
her employees, either as a detachable part of the
check, draft, or voucher paying the employee's wages,
or separately when wages are paid by personal check or
cash, an accurate itemized statement in writing showing
(1) gross wages earned, (2) total hours worked by the
employee, except for any employee whose compensation is
solely based on a salary and who is exempt from payment
of overtime under subdivision (a) of Section 515 or any
applicable order of the Industrial Welfare Commission,
(3) the number of piece-rate units earned and any
applicable piece rate if the employee is paid on a
piece-rate basis, (4) all deductions, provided that all
deductions made on written orders of the employee may
be aggregated and shown as one item, (5) net wages
earned, (6)the inclusive dates of the period for which
the employee is paid, (7) the name of the employee and
his or her social security number, except that by
January 1, 2008, only the last four digits of his or
her social security number or an employee
identification number other than a social security
number may be shown on the itemized statement, (8) the
name and address of the legal entity that is the
employer, and (9) all applicable hourly rates in effect
during the pay period and the corresponding number of
hours worked at each hourly rate by the employee. The
deductions made from payments of wages shall be
recorded in ink or other indelible form, properly
dated, showing the month, day, and year, and a copy of
the statement or a record of the deductions shall be
kept on file by the employer for at least three years
at the place of employment or at a central location
within the State of California.
    (b) An employer that is required by this code or any
regulation adopted pursuant to this code to keep the

information required by subdivision (a) shall afford
current and former employees the right to inspect or
copy the records pertaining to that current or former
employee, upon reasonable request to the employer. The
employer may take reasonable steps to assure the
identity of a current or former employee. If the
employer provides copies of the records, the actual
cost of reproduction may be charged to the current or
former employee.

(c) An employer who receives a written or oral
request to inspect or copy records pursuant to
subdivision (b) pertaining to a current or former
employee shall comply with the request as soon as
practicable, but no later than 21 calendar days from
the date of the request. A violation of this
subdivision is an infraction.
Impossibility of performance, not caused by or a result
of a violation of law, shall be an affirmative defense
for an employer in any action alleging a violation of
this subdivision. An employer may designate the person
to whom a request under this subdivision will be made.

(d) This section does not apply to any employer of
any person employed by the owner or occupant of a
residential dwelling whose duties are incidental to the
ownership, maintenance, or use of the dwelling,
including the care and supervision of children, or
whose duties are personal and not in the course of the
trade, business, profession, or occupation of the owner
or occupant.

(e) An employee suffering injury as a result of a
knowing and intentional failure by an employer to
comply with subdivision (a) is entitled to recover the
greater of all actual damages or fifty dollars ($50)
for the initial pay period in which a violation occurs
and one hundred dollars ($100) per employee for each
violation in a subsequent pay period, not exceeding an
aggregate penalty of four thousand dollars ($4,000),
and is entitled to an award of costs and reasonable
attorney's fees.

(f) A failure by an employer to permit a current or
former employee to inspect or copy records within the
time set forth in subdivision (c) entitles the current
or former employee or the Labor Commissioner to recover
a seven-hundred-fifty-dollar ($750) penalty from the
employer.

Dear Bankruptcy Court/To Whom It May Concern,                    March 25th, 2011
RE: CLAIMANT: Patrick Gerald Kennedy
CLAIM: 4441
CASE NO: 08-35653-KRH

## LABOR CODE   EXHIBIT C2-2011

California State Labor Codes: Taken directly from www.leginfo.ca.gov webite


226.7.  (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
    (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial
Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Dear Bankruptcy Court/To Whom It May Concern,         March 25th, 2011
RE: CLAIMANT: Patrick Gerald Kennedy
CLAIM: 4441
CASE NO: 08-35653-KRH

### LABOR CODE EXHIBIT C3-2011

California State Labor Codes: Taken directly from www.leginfo.ca.gov webite


```
203.   (a) If an employer willfully fails to pay,
without abatement or reduction, in accordance with
Sections 201, 201.3, 201.5, 202, and 205.5, any wages
of an employee who is discharged or who quits, the
wages of the employee shall continue as a penalty from
the due date thereof at the same rate until paid or
until an action there for is commenced; but the wages
shall not continue for more than 30 days. An employee
who secretes or absents himself or herself to avoid
payment to him or her, or who refuses to receive the
payment when fully tendered to him or her, including
any penalty then accrued under this section, is not
entitled to any benefit under this section for the time
during which he or she so avoids payment.
   (b) Suit may be filed for these penalties at any
time before the expiration of the statute of
limitations on an action for the wages from which the
penalties arise.
```

EXHIBIT D-2011

*A*

10:00:32      05/03/07                          TIMESHEET

KENNEDY     PATRICKG   LOC:  419 SSN: 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 WWK: 5   CUSTOMER SERVICE ASSOC      Mgr: 000000 PERIOD END:  4/25/07

| DAY | DATE | IN | OUT | IN | OUT | IN | OUT | IN | OUT | IN | OUT | REG | MISC | TYPE | MISC | TYPE | MISC | TYPE | TOTAL |
|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|------|------|------|------|------|------|-------|
| THU | 4/12 | 8:50a | 3:34p | 4:07p | 6:03p | | | | | | | 8.75 | . 0 | | . 0 | | . 0 | | 8.75 |
| FRI | 4/13 | | | | | | | | | | | . 0 | 2.25 | PTO | . 0 | | . 0 | | 2.25 |
| SAT | 4/14 | 8:59a | 4:42p | 5:12p | 5:34p | | | | | | | 8.00 | . 0 | | . 0 | | . 0 | | 8.00 |
| SUN | 4/15 | 8:58a | 5:01p | 5:37p | 7:14p | | | | | | | 9.75 | . 0 | | . 0 | | . 0 | | 9.75 |
| MON | 4/16 | | | | | | | | | | | . 0 | . 0 | | . 0 | | . 0 | | . 0 |
| TUE | 4/17 | 8:53a | 4:31p | 5:03p | 6:08p | | | | | | | 8.75 | . 0 | | . 0 | | . 0 | | 8.75 |
| WED | 4/18 | 8:49a | 7:17p | | | | | | | | | 10.50 | . 0 | | . 0 | | . 0 | | 10.50 |
| | | | | | | | | | | | | ===== | | | | | | | ==== |
| | | | | | | | | | | | | 45.75 | | | | | | | 48.00 |
| THU | 4/19 | 8:53a | 5:38p | 6:10p | 7:56p | | | | | | | 10.50 | . 0 | | . 0 | | . 0 | | 10.50 |
| FRI | 4/20 | 1:46p | 7:06p | 7:37p | 10:30p | | | | | | | 8.25 | . 0 | | . 0 | | . 0 | | 8.25 |
| SAT | 4/21 | 8:48a | 8:30p | | | | | | | | | 11.75 | . 0 | | . 0 | | . 0 | | 11.75 |
| SUN | 4/22 | 8:49a | 9:14p | | | | | | | | | 12.50 | . 0 | | . 0 | | . 0 | | 12.50 |
| MON | 4/23 | 1:25p | 9:47p | | | | | | | | | 8.25 | . 0 | | . 0 | | . 0 | | 8.25 |
| TUE | 4/24 | 8:38a | 8:34p | | | | | | | | | 12.00 | . 0 | | . 0 | | . 0 | | 12.00 |
| WED | 4/25 | 8:42a | 6:10p | 6:34p | 9:47p | | | | | | | 12.75 | . 0 | | . 0 | | . 0 | | 12.75 |
| | | | | | | | | | | | | ===== | | | | | | | ===: |
| | | | | | | | | | | | | 76.00 | | | | | | | 76.00 |
| | | | | | | | | | | | | ===== | | | | | | | ===: |
| | | | | | | | | | | | | 121.75 | | | | | | | 124.00 |

COMMENT:
EMP. SIGNATURE: _____          MGR. SIGNATURE: _____

Dear Bankruptcy Court/To Whom it May Concern,      March 25th, 2010

RE: CLAIMANT: Patrick Gerald Kennedy

CLAIM: 4441

CASE NO: 08-35653-KRH

## EXHIBIT D1-2011

I _Patrick Gerald Kennedy_ / Patrick Gerald Kennedy (Declarant), am a resident of Woodland Hills, County of Ventura, State of California, and do hereby certify, swear, or affirm and declare that I am competent to give the following declaration based upon my personal knowledge, unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge: I do hereby legally declare that during the entire time I was employed at Circuit City store 0419 in Woodland Hills, California ( 2006-2008) as a Full Time Customer Service representative, Circuit City management and Circuit City Human Resources repeatedly failed to follow California State Labor Codes and California State Labor Laws. Specifically California State Labor Codes 226(f), 226.7, as well as those dealing with the payment of regular and overtime time pay as well as final paychecks in a timely manner, California State Labor Code 203. I routinely observed as well as took phone calls from upset former/current employees who had not received their final paychecks and/or were missing pay for work previously completed, sometimes months or years after the initial work had been completed or in most cases well past their last day of employment. Circuit City management was fully aware of said ongoing situation(s) as numerous employees complained directly to store management, faxed in complaints and/or spoke directly with both Circuit City district and corporate Human Resources, regional Human Resources manager Karen Craig, as well as filed claims with the DLSE (Department of Labor Standards and Enforcement). Before Circuit City filed for Bankruptcy former employees Tia Eshou, Rebecca Mora and Ana Samofalova  all filed claims with the Van Nuys, California DLSE for Labor Code 203 Violations and the presiding judge ruled in their favor on all counts for all three claimants (Copies of their original claims and subsequent awards can be found by contacting the DLSE clerk at 6150 Van Nuys Blvd., Room 206 Van Nuys, CA 91401 (818) 901-5315. I also personally witnessed Erik Hansen, the Circuit City Woodland Hills, California Store 0419 District manager and other Circuit City corporate and Human Resources managers remove my personnel files and official time sheets from the Woodland Hills, California Store 0419 on June 5th, 2008. This act was a willful violation of California Labor Codes and Law that state all employee personnel files and records associated with time keeping are

to be kept on the premises where the majority of work is performed by said employee for a period of no less than three years (California State Labor Code § 1174). I believe this illegal and willful act was an attempt to prevent me from obtaining copies of my personnel records and official time sheets that clearly showed labor code 226.7 violations. I declare under penalty of perjury that the foregoing is true and correct, and would be my testimony if I were in a court of law. If you have any questions and/or need further clarification, please do not hesitate to contact me. I can be reached at the following phone number, mailing address and/or email address printed below. Since I cannot appear in court in person, because I am not in the same state where the trial is taking place, I would respectively request to testify by phone if and when need be in order to help support my case further. I thank you for your time and understanding in this matter on my behalf.

Sincerely,

Signature of Declarant     DATE          Witnessed by          DATE
Patrick Gerald Kennedy                   MELISSA GILLARD
PO BOX 280281
Northridge, Ca 91328-0281
Phone: (818) 793-6643
Email: patgenken@yahoo.com
CASE NO: 08-35653-KRH
CLAIM: 4441

Dear Bankruptcy Court/To Whom It May Concern,                    March 25th, 2011
RE: Patrick Gerald Kennedy
CASE: 4441
CLAIM NO: 08-35653-KRH

### EXHIBIT D2-2011

I ___MELISSA GILLARD___ / Melissa Michelle Gillard (Declarant), am a resident of
Sun Valley, County of Ventura, State of California, and do hereby certify, swear, or affirm and
declare that I am competent to give the following declaration based upon my personal
knowledge, unless otherwise stated, and that the following facts and things are true and correct to
the best of my knowledge: I do hereby legally declare that during the entire time I was employed
at Circuit City store 0419 in Woodland Hills, California (June 15th, 2007 through June 5th, 2008)
as a Full Time Customer Service Manager, Circuit City management and Circuit City Human
Resources repeatedly failed to follow California State Labor Codes and California State Labor
Laws. Specifically those dealing with meal and rest periods (California Labor Code 226.7) as
well as the payment of regular and overtime time pay as well as final paychecks in a timely
manner, California State Labor Code 203. I routinely observed as well as well as took phone
calls from upset former/current employees who had not received their final paychecks and/or
were missing pay from work previously completed, sometimes months or years after the initial
work had been completed or in most cases past their last day of employment. Circuit City
management was fully aware of said ongoing situation(s) as numerous employees complained as
well as filed claims with the DLSE and Circuit City never actively did anything to relieve the
problem which I understand continued until the stores ultimate closing sometime in March
2009. I also personally witnessed on June 5th, 2008, Erik Hansen the Circuit City District
manager and other Circuit City corporate and Human Resources managers remove all of
Claimant Patrick Gerald Kennedy's personnel files and all time sheet records pertaining to him
from the building. A clear violation of California Labor Code § 1174, which states that employee
records, specifically time keeping records, must be kept on the premises for a period of no less
than 3 years. I declare under penalty of perjury that the foregoing is true and correct, and would
be my testimony if I were in a court of law. If you have any questions and/or need further
clarification, please do not hesitate to contact me. I can be reached at the following phone
number, mailing address and/or email address printed below.

Sincerely,


_____      03-31-11      _____  3·31-11
Signature of Declarant    DATE          Witnessed by              DATE
Melissa Michelle Gillard                Patrick Gerald Kennedy
9255 Tamarack                           PO BOX 280281
Sun Valley, Ca 91352                    Northridge, Ca 91328-0281
(818) 422-2870                          (818) 793-6643
Mel.Gillard@gmail.com                   PatGenKen@yahoo.com

Dear Bankruptcy Court/To Whom It May Concern,                    March 25th, 2011
RE: Patrick Gerald Kennedy
CASE: 4441
CLAIM NO: 08-35653-KRH

### EXHIBIT D3-2011

I ___Tia Eshou___ / Tia Eshou (Declarant), am a resident of Northridge, County of Los Angeles, State of California, and do hereby certify, swear, or affirm and declare that I am competent to give the following declaration based upon my personal knowledge, unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge: I do hereby legally declare that during the entire time I was employed at Circuit City store 0419 in Woodland Hills, California (2006-2008) as a Full Time Customer Service employee, Circuit City management and Circuit City Human Resources repeatedly failed to follow California State Labor Codes and California State Labor Laws. Specifically those dealing with the payment of regular and overtime time pay as well as final paychecks in a timely manner. California State Labor Code 203. As such I filed a claim with the DLSE (Department of Labor Standards and Enforcement) against the Woodland Hills Circuit City Store 0419 for the late payment of final paycheck and back monies owed. The judge ruled in my favor and I received the maximum penalty of 30 days because Circuit City failed to pay me all monies owed in a timely fashion (A copy of my original claim and the subsequent judgment in my favor can be found at the DLSE offices, at 6150 Van Nuys Blvd., Room 206 Van Nuys, CA 91401 (818) 901-5315). Circuit City management at the time was fully aware of their legal obligation to pay all employees in a timely fashion and failed to do so. I was not the only employee who filed a claim, as several other employees had to go through the same procedure, for which the DSLE also ruled in their favor. I declare under penalty of perjury that the foregoing is true and correct, and would be my testimony if I were in a court of law. If you have any questions and/or need further clarification, please do not hesitate to contact me. I can be reached at the following phone number, mailing address and/or email address printed below.

Sincerely,


_____          3/31/11          _____          3-31-11
Signature of Declarant                    DATE             Witnessed by                              DATE
Tia Eshou                                                  Patrick Gerald Kennedy
8850 Winnetka Ave                                          PO BOX 280281
Northridge, Ca 91324                                       Northridge, Ca 91328-0281
PHONE: (818) 296-5358                                      PHONE: (818) 793-6643
EMAIL: tye2tye1987@yahoo.com                               EMAIL: patgenken@yahoo.com