IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

```
-----------------------------------------------------------x
In re:                                          :          Chapter 11
                                                :
CIRCUIT CITY STORES, INC., et al.,              :          Case No. 08-35653-KRH
                                                :
                                                :          Jointly Administered
                        Debtors.                :
-----------------------------------------------------------x
```

### RESPONSE OF ROBYN N. DAVIS TO THE LIQUIDATING TRUST'S NINETEENTH OMNIBUS OBJECTION TO CERTAIN EMPLOYEE PRIORITY CLAIMS: NO LIABILITY; NOT ENTITLED TO PRIORITY; ALLOW UP TO THE STATUTORY CAP; AND RECLASSIFY AS APPLICABLE

Robyn N. Davis ("Davis"), hereby responds to the Liquidating Trust's Nineteenth Omnibus Objection to Certain Employee Priority Claims: no liability; not entitled to priority; allowed up to the statutory cap; and reclassify as applicable (the "Nineteenth Omnibus Objection") (at docket no. 10071), as follows:

**A.    Claim 1756**

1. Davis prepared and filed a proof of claim for wage claims that was numbered 1756 ("Claim 1756"), which claim seeks payment $3,264.24 in general unsecured amounts and $10,950 in priority amounts pursuant to 11 U.S.C. § 507(a)(4). Claim 1756 was filed timely by Davis on December 17, 2008.

2. Exhibit I to the Nineteenth Omnibus Objection states that the Trust seeks to reclassify the priority portion of Davis's claim as a general unsecured claim. The Trust is basing

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia  23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

Counsel for Robyn N. Davis

this proposed treatment on its assertion that the amounts claimed are "the remaining amounts due under an EEOC settlement agreement signed 8/13/2008 [(the "Settlement Agreement")]. Claimant was relieved of her job responsibilities as of 8/7/08 and had been paid wages up through that date. The additional amounts due under the [S]ettlement [A]greement, thus, do not constitute wages earned during the priority period and are not entitled to priority status."

3. Davis disputes this interpretation of her Settlement Agreement with the Debtors.[1] As a result she also disputes the proposed treatment of her claim pursuant to the Nineteenth Omnibus Objection. She demands a hearing on the Trust's objection to Claim 1756.

WHEREFORE, Davis respectfully requests that the Court enter an order scheduling a hearing on the Nineteenth Omnibus Objection's proposed treatment of Claim 1756; allowing Davis's Claim 1756 as requested herein; overruling the objection; and for such other and further relief as the Court may deem proper and just under the circumstances.

Dated: April 7, 2011    **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

*Counsel for Robyn N. Davis*

---

[1] The Settlement Agreement at issue contains a confidentiality provision, so it is not attached to this pleading. Further, Davis believes that the Trust may already have a copy of this Settlement Agreement.

2

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1142304