IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---------------------------------------------------------------x
In re:                                                         :     Chapter 11
                                                               :
**CIRCUIT CITY STORES, INC., et al.,**                         :     Case No. 08-35653-KRH
                                                               :
                                                               :     Jointly Administered
                        Debtors.                               :
---------------------------------------------------------------x

### RESPONSE OF STARPOINT PROPERTIES LLC TO THE LIQUIDATING TRUST'S TWENTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS AND <u>DISALLOWANCE OF CERTAIN AMENDED CLAIMS</u>)

Starpoint Properties LLC ("Starpoint"), hereby responds to the Liquidating Trust's Twentieth Omnibus Objection to Landlord Claims (reduction of certain partially invalid claims, reclassification of certain misclassified claims, disallowance of certain late filed claims, disallowance of certain duplicate claims and disallowance of certain amended claims) (the "Twentieth Omnibus Objection") (at docket no. 10072), as follows:

**A.    Claim 12855**

1.    Starpoint prepared and filed a proof of claim for lease rejection damages that was numbered 12855 ("Claim 12855"), which claim seeks payment of $1,042,054.01 as lease

_____
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for Starpoint Properties LLC

rejection damages under 11 U.S.C. § 502(b)(6). Claim 12855 was filed by Starpoint on May 6, 2009.

2. Exhibit C to the Twentieth Omnibus Objection explains that the Trustee seeks to reduce Claim 12855 from $1,042,054.01 to $995,067.89 based on the fact stub rent is no longer owed and because the attorneys' fees ("Attorneys' Fees") claimed are not reflected in the Debtors' books and records. Starpoint opposes the reduction of Claim 12855 by the amount of the Attorneys' Fees. Such amounts were incurred during the bankruptcy case and are due to Starpoint under the lease. If the Attorneys' Fees are not allowed as administrative expense claim (see below), then they should be allowed here.

3. Exhibit F of the Twentieth Omnibus Objection seeks to expunge Claim 12855 because it was late. Starpoint does not contest that Claim 12855 was filed after the April 30, 2009 deadline. However, the amounts expressed in Claim 12855 are following precisely the calculation of rejection damages required by Section 502(b)(6) of the Bankruptcy Code. The Debtors should have had timely notice of this rejection damages claim on an informal basis, such that the Court could expand the deadline to allow Claim 12855 as proper formalization of a timely informal claim. *See In re Judy Wood Publishing Corp.*, 289 B.R. 319 (Bankr. E.D. Va. 2002). Further, based on the rejection notice alone, other creditors and parties in interest would have been on notice of Starpoint's rejection damages' claim.[1]

4. In sum, Starpoint opposes and disputes the disallowance of Claim 12855 for the reasons stated herein.

---

[1] In addition, and among other filings, Starpoint participated in the appeal regarding the timing for payment of stub rent, such that all creditors were put on further notice of the Debtors' monthly obligation to pay rent to Starpoint.

2

**B.     Claim no. 14343**

5.     Starpoint prepared and filed a proof of claim for an administrative expense claim that was numbered 14343 ("Claim 14343"), which seeks payment of $150,067.91 of administrative amounts due to Starpoint. Claim 14343 was filed timely by Starpoint on June 30, 2009.

6.     Exhibit C to the Twentieth Omnibus Objection explains that the Trustee seeks to reduce Claim 14343 by $40,709.20 for previously reimbursed stub rent, $4,253.14 for attorneys' fees ("Administrative Attorneys Fees"), and $77,000 in other damages (the "Other Damages") that are not shown in the Debtors' books and records.

7.     The Administrative Attorneys' Fees were incurred by Starpoint during the bankruptcy. They are permitted under the lease. Copies of bills will be made available upon request.

8.     The Other Damages are related to a contractor's estimate of the costs to perform necessary interior demolition to the location the Debtor leased from Starpoint. *See* Exhibit A. Copies of related documents will be provided upon request.

9.     Starpoint specifically disputes and opposes the disallowance of Claim 14343 for the reduction by the amount of Administrative Attorneys' Fees and Other Damages.

3

WHEREFORE, Starpoint respectfully requests that the Court enter an order scheduling a hearing on the Twentieth Omnibus Objection's treatment of Claim 12855 and Claim 14343; allowing Starpoint's Claim 12855 and Claim 14343 as requested herein; overruling the Twentieth Omnibus Objection as it pertains to Claim 12855 and Claim 14343; and for such other and further relief as the Court may deem proper and just under the circumstances.

Dated: April 7, 2011                                    **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

*Counsel for Starpoint Properties LLC*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1141327