# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

**DECLARATION OF MARY HUNTER IN SUPPORT OF
RESPONSE OF CATELLUS OPERATING LIMITED
PARTNERSHIP TO LIQUIDATING TRUSTEE'S
TWENTIETH OMNIBUS OBJECTION
TO LANDLORD CLAIMS**
(Claim No. 7933)

I, Mary Hunter, do hereby declare:

1. I am a Senior Property Manager for Catellus Development Group in Oakland California which operates the Pacific Commons Shopping Center located in Fremont, California that at all relevant times herein was owned by Catellus Operating Limited Partnership and in which Circuit City Stores West Coast, Inc. was a tenant. I am familiar with the matters set forth herein and if called upon could competently testify thereto.

2. Attached hereto as Exhibit "A" is a true copy of the original Lease Guaranty (the "Guaranty") dated December 5, 2003 by Circuit City Stores, Inc., a Virginia corporation to Catellus Development Corporation, a Delaware corporation which is the predecessor entity of Catellus Catellus Operating Limited Partnership.

3. Attached hereto as Exhibit "B" is a true copy of the Second Amendment and Ratification of the Lease (the "Amendment') between Catellus Operating Limited Partnership, the successor by merger to Catellus Development Corporation, and Circuit City

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

1

44343/0999/393343.1

Stores West Coast, Inc., the tenant under the nonresidential lease agreement. The Amendment was also executed by Circuit City Stores, Inc. and under the Agreement, Circuit City Stores, Inc. ratified the Guaranty to Catellus Operating Limited Partnership as successor in interest to Catellus Development Corporation.

4. The originals of both Exhibit "A" and Exhibit "B" are contained in the business records of Catellus Development Group in its offices in Oakland California.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of April, 2011 at Oakland, California.

_____
Mary Hunter

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

44343/0999/393343.1

# EXHIBIT A
# To
# Mary Hunter
# Declaration

## LEASE GUARANTY

Reference is hereby made to a Lease dated December 5, 2003 by and between CATELLUS DEVELOPMENT CORPORATION, a Delaware corporation (herein called "Landlord") and CIRCUIT CITY STORES WEST COAST, INC., a California corporation (herein called "Tenant") (the "Lease").

In consideration of Landlord's agreement to lease the premises described in the Lease to Tenant on the terms and conditions set forth in the Lease, Circuit City Stores, Inc., a Virginia corporation ("Guarantor"), the sole shareholder of Tenant, hereby guarantees the full and timely performance by Tenant of its obligations under the Lease.

Notwithstanding anything set forth herein to the contrary:

1.  Following a sublease or assignment in accordance with Paragraph 14 of the Lease, Landlord shall give Guarantor prompt written notice at the address set forth below of any failure by Tenant to perform its obligations under the Lease. Guarantor acknowledges and agrees that a sublease or assignment by Tenant shall not relieve Guarantor of Guarantor's obligations under this Guaranty. Failure to provide such notice to Guarantor of a default under the Lease by Tenant shall not relieve Guarantor of its obligation hereunder, provided that Guarantor shall be afforded an additional reasonable period of time (but in no event more than thirty (30) days following the date on which notice was received by Guarantor; provided that, if such default cannot with due diligence be wholly cured within such thirty (30) day period, Guarantor shall have such longer period as is reasonably necessary to cure the default, so long as Guarantor proceeds promptly to commence the cure of same within such thirty (30) day period and diligently prosecutes the cure to completion) to cure the applicable default.

2.  The following shall be conditions of Guarantor's obligations hereunder: (i) all notices required to be given to Tenant in respect of the failure or breach by Tenant at issue have been given or waived in writing by Tenant and Guarantor, and (ii) any grace

period in respect of such obligation by Tenant has expired or been waived in writing by Tenant and Guarantor.

3. Following an assignment of all of Tenant's right, title and interest in the Lease in accordance with Paragraph 14 of the Lease to any party that is not an Affiliate of Guarantor (defined below), no material alteration, modification or amendment of the Lease, either by agreement or course of conduct, nor any extension or renewal of the Lease (collectively, "Alteration"), shall be binding upon Guarantor if such Alteration would enlarge, increase or otherwise negatively impact Guarantor's obligations hereunder in any material manner, without Guarantor's written consent thereto, which consent may be withheld in Guarantor's sole and absolute discretion. For purposes hereof, an "Affiliate of Guarantor" shall mean any party or entity, directly or indirectly, controlled by, controlling or under common control with Guarantor.

To the extent not inconsistent with the foregoing, Guarantor further agrees as follows:

(a) Landlord shall have the right to proceed against Guarantor hereunder following any breach or default by Tenant without first proceeding against Tenant. Without limiting the generality of the foregoing, Guarantor hereby waives any and all benefits of the provisions of Sections 2810 and 2845 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction. Subject to the other provisions of this Guaranty, Guarantor hereby waives any and all benefits of the provisions of Sections 2819, 2822, 2849 and 2850 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction.

(b) In the event any action be brought against the undersigned by the beneficiaries of this Guaranty to enforce this Guaranty, the unsuccessful party in such action shall pay to the prevailing party therein a reasonable attorneys' fee which shall be fixed by the court.

(c) Neither Guarantor's obligations hereunder nor any remedy for the enforcement thereof shall be impaired, modified, changed, released or limited in any manner whatsoever by the impairment, modification, change, release or limitation of the

liability of the Tenant under the Lease, or its estate in bankruptcy or any remedy for the enforcement thereof, resulting from the operation of any present or future provision of any federal or state bankruptcy or insolvency law or any statute, or from the decision of any court. In the event any payment by Tenant to Landlord is held to constitute a preference, fraudulent conveyance or otherwise required to be returned by Landlord, such payment by Tenant to Landlord shall not in any way diminish Guarantor's obligations hereunder and this Guaranty shall continue to be effective. Until all the Tenant's obligations under the Lease are fully performed, Guarantor: (i) shall have no right of subrogation, contribution or reimbursement against the Tenant by reason of any payments or acts of performance by Guarantor under this Guaranty; (ii) subordinates any liability or indebtedness of the Tenant now or hereafter held by Guarantor to the obligations of the Tenant under, arising out of or related to the Lease or Tenant's use of the Premises; and (iii) acknowledges that the actions of Landlord may affect or eliminate any rights of subrogation, contribution or reimbursement of Guarantor as against Tenant without any liability or recourse against Landlord. Without limiting the generality of the foregoing, Guarantor hereby waives any and all benefits of the provisions of Section 2848 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction until such time that the Guarantor's obligations under this Guaranty are satisfied in full.

    (d)    Landlord may assign this Guaranty to any successor in interest as the landlord under the Lease. This Guaranty shall extend to and be binding upon Guarantor's legal heirs and representatives, and successors and assigns, including, but not limited to, trustees in bankruptcy and Guarantor's estate.

    (e)    Guarantor agrees that all questions, actions and disputes with respect to this Guaranty or the performance or enforcement thereof shall be governed by, and decided in accordance with, the laws of the State of California.

    (f)    Guarantor represents and warrants to Landlord that this Guaranty has been duly executed and delivered to Landlord by Guarantor.

(g)  Any notice, request, demand, instruction or other communication to be given to any party hereunder shall be in writing and (a) personally served, (b) sent by registered or certified mail, return receipt requested or (c) sent by nationally recognized overnight courier. Notices to Landlord shall be delivered to Landlord's address set forth in the Lease. Landlord, at its election, may provide an additional notice to Guarantor. Notices to Guarantor shall be delivered to the address provided under Guarantor's signature below.

IN WITNESS WHEREOF, Guarantor has caused this Guaranty to be executed by its duly authorized officer as of this 5th day of Dec. , 2003.

CIRCUIT CITY STORES, INC.,
a Virginia corporation

By: _____

Name: Thomas C. Nolan

Title:  Vice President

Address:

Circuit City Stores, Inc.
Deep Run I
9950 Mayland Drive
Richmond, Virginia 23233
Attention: Corporate Secretary

with a copy to:

Circuit City Stores, Inc.
Deep Run I
9950 Mayland Drive
Richmond, Virginia 23233
Attention: Vice President, Real Estate

# EXHIBIT B
# To
# Mary Hunter
# Declaration

## SECOND AMENDMENT AND RATIFICATION OF LEASE

THIS SECOND AMENDMENT AND RATIFICATION OF LEASE ("**Amendment**") is entered into effective as of December 5, 2003, by and between CATELLUS OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership ("**COLP**") (successor by merger to Catellus Development Corporation, a Delaware corporation ["**CDC**"]), and CIRCUIT CITY STORES WEST COAST, INC., a California corporation ("**Tenant**").

### RECITALS:

A.  CDC and Tenant are parties to that certain Lease (the "**Original Lease**") dated December 5, 2003, pursuant to which CDC leased to Tenant certain "Premises" as described in the Original Lease. The Premises are located within a project commonly known as Pacific Commons Shopping Center, located in the City of Fremont, State of California. The Original Lease was amended by that certain Lease Amendment No. 1 ("**First Amendment**") entered into as of December 5, 2003. The Original Lease and First Amendment are referred to herein collectively as the "**Lease.**"

B.  Prior to the execution of the Lease, CDC was legally merged into COLP, and COLP, rather than CDC, should have executed the Lease. The parties hereto desire to amend, affirm and ratify the Lease, as if COLP had executed the Lease at its inception.

### AGREEMENT:

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, COLP and Tenant hereby agree as follows:

1.  <u>Incorporation</u>. The Lease, including all exhibits and schedules attached thereto, is incorporated into this Amendment by this reference.

2.  <u>Amendment, Affirmation and Ratification</u>. The parties acknowledge and agree that all references in the Lease to CDC as "Landlord," are deleted and replaced with COLP. COLP and Tenant hereby affirm and ratify all of the provisions of the Lease (including all addenda and exhibits attached thereto and the First Amendment), as if COLP (rather than CDC) had executed the Lease at its inception.

3.  <u>Miscellaneous</u>.

    a.  <u>Effect of Amendment</u>. Except to the extent set forth herein, the terms and provisions of the Lease shall remain unmodified and in full force and effect. In the event of conflict between the terms of the Lease and the terms of this Amendment, the terms of this Amendment shall prevail.

    b.  <u>Entire Agreement</u>. This Amendment, together with the Lease, embodies the entire understanding between COLP and Tenant with respect to its subject matter and can be changed only by an instrument in writing signed by COLP and Tenant.

690006.02/OC
C1572-034/3-1-04/jss/lry

      c. **Corporate Authority**. Each individual executing this Amendment on behalf of COLP and Tenant represents that he or she is duly authorized to execute and deliver this Amendment for such entity.

      d. **Counterparts**. This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same Amendment. Delivery of an executed counterpart of this Amendment by telefacsimile shall be equally as effective as delivery of an original executed counterpart. Any party delivering an executed counterpart of this Amendment by telefacsimile shall also deliver an original executed counterpart of this Amendment, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability and binding effect of this Amendment. Signature and acknowledgment pages may be detached from the counterparts and attached to a single copy of this Amendment to physically form one (1) executed document.

      IN WITNESS WHEREOF, the parties have executed this Amendment as of the date first set forth above.

"COLP":

CATELLUS OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership (as successor by merger to Catellus Development Corporation, a Delaware corporation)

By: Catellus Commercial Development Corporation, a Delaware corporation, its agent

By: _____
Dan Marcus
Senior Vice President, Development

"TENANT":

CIRCUIT CITY STORES WEST COAST, INC., a California corporation

By: _____
Print Name: Thomas C. Nolan
Its: Vice-President Real Estate

## CONSENT OF GUARANTOR

The undersigned, CIRCUIT CITY STORES, INC., a Virginia corporation ("**Guarantor**"), hereby consents to and agrees to the terms and conditions of the attached Second Amendment and Ratification of Lease ("**Amendment**"). Guarantor acknowledges and agrees further that (i) the Lease Guaranty delivered by Guarantor in favor of CDC as "Landlord," in connection with the Lease, is hereby ratified and affirmed with respect to COLP as "Landlord," and (ii) that the Lease Guaranty shall remain in full force and effect and shall not be modified, limited or impaired by reason of the execution of the Amendment.

"GUARANTOR":                    CIRCUIT CITY STORES, INC., a Virginia
                                corporation

                                By: _____
                                  Name: Thomas C. Nolan
                                  Its:  Vice-President
                                        Real Estate

690006.02/OC
C1572-034/3-1-04/jss/lry