IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | § |
| | §  Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | § |
| | §  Case No 08-35653 (KRH) |
| Debtors. | § |
| | §  Jointly Administered |

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S TWENTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Capmark Finance, Inc. ("Capmark") on behalf of Wells Fargo Bank, N.A., by and through its counsel Bryan Cave LLP, hereby files this Response and Request for Hearing to Liquidating Trust's Twenty-First Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

Proof of Claim 9444

1. The Trustee for Debtors has objected to the proof of claim number 9444 (the "Claim") filed by Capmark as special servicer for Wells Fargo Bank, N.A. successor by merger to Wells Fargo Bank Minnesota, N.A. (f/k/a Northwest Bank Minnesota, N.A.), as Trustee (the

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6132870.1

"Trustee") for the Registered Holders of Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series 1998-C1-CTL.

2. Wells Fargo holds a mortgage on the real property commonly known as 3424 Clemson Boulevard, Suite B, Anderson, South Carolina 29621 (Store No. 1616). As stated in proof of claim 9444, The mortgagor on the property, Bond-Circuit II Delaware Business Trust, a Delaware business trust, (the "Borrower"), leased the property to Circuit City Stores, Inc. ("Circuit City") pursuant to a written lease (the "Lease") dated December 30, 1997, between Borrower, as Landlord, and Circuit City, as Tenant, as it may have been amended. The Lease and the rents thereunder were assigned by the Borrower to its lender in an Assignment of Leases and Rents, effective as of December 30, 1996 (the "Assignment"). The Assignment was subsequently conveyed by the lender to the Trustee. A true and correct copy of the Assignment of Leases and Rents is attached hereto and incorporated herein as Exhibit A.

3. Circuit City rejected the Lease.

4. With regard to proof of claim 9444, Trustee states that:

"Expunge as unsupported by debtors books and records."

5. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

6. After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence. See in re Hemingway Transp. Inc. 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); In re Harford Sands, Inc. 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of

proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); In re Gran, 964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

7. In this case, the Claim was filed prior to the Bar Date and in accordance with the Federal Rules of Bankruptcy Procedure and provides sufficient documentary support for the Claim and the calculation of the Claim amount. The Objection does not challenge the basis for the Claim or provide any evidence whatsoever to supports its objection to the calculation of the Claim amount.

8. The Debtor bears the burden of proof for the disallowance of any portion of the Claims. See In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y 1995) Because Trustee for Debtors has produced no evidence whatsoever in support of the proposed reduction, he has failed to meet his burden of proof.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the Claim; (b) allow the Claim as provided in Wells Fargo's proof of claim; and (c) grant Wells Fargo such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 6, 2011

                                          BRYAN CAVE LLP

                                        By:   /s/ Phillip J. Meitl
                                                  Philip J. Meitl (VA Bar No. 73215)
                                                  Bryan Cave LLP
                                                  1155 F Street NW, Suite 700,
                                                  Washington DC 20004
                                                  (202) 508-6000 (phone)
                                                  *Attorney for Capmark Finance Inc.*

PGDocs\6132870.1

## CERTIFICATE OF SERVICE

      The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

                                                    */s/ Phillip J. Meitl*
                                                    Phillip J. Meitl

PGDocs\6132870.1