Thomas R. Lynch (VSB No. 73158)
BRADLEY ARANT BOULT CUMMINGS LLP
1133 Connecticut Ave., NW
Washington, DC 20036
Phone (202) 719-8228

Attorney for Mibarev Development I LLC

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re | |
| CIRCUIT CITY STORES, INC. et al., | Chapter 11 |
| Debtors. | Case No. 08-35653 KRH |
| | (Jointly Administered) |

## APPLICATION OF MIBAREV DEVELOPMENT I LLC
## FOR ADMINISTRATIVE EXPENSE CLAIM

Creditor Mibarev Development I LLC ("Mibarev") submits this application for administrative expense claim against Circuit City Stores, Inc. pursuant to 11 U.S.C. § 365(d)(3) and, alternatively, § 503(b), and states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

### BACKGROUND

2.      Mibarev is the owner of a shopping center located at 9333 Atlantic Boulevard, in the City of Jacksonville, Florida, in which Circuit City, Inc. (the "Debtor") leased approximately 33,444 square feet of retail space (the "Premises").

5/13669.1



3.       Mibarev, as landlord, and the Debtor, as tenant, entered into a lease for the Premises on November 7, 2003, for a 15-year term ending on January 31, 2020 (the "Lease").  A copy of the Lease, with amendments, is attached hereto as Exhibit A.

4.       On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, (the "Bankruptcy Code").

5.       Since the Petition Date, the Debtor has continued in the operation of its business and managements of its properties pursuant to Bankruptcy Code §§ 1107 and 1108.

6.       Pursuant to the Lease, the Debtor is obligated to pay Mibarev a base rent payable in equal monthly installments of $45,288.75 (the "Base Rent") on the first day of each month through the term of the Lease (subject to various adjustments).  The Debtor is also obligated under the Lease to pay for operating expenses, insurance, sales tax, and real estates taxes attributable to the Premises.  The Debtor remained in possession of the Premises from the Petition Date through March 11, 2009, when the Lease was deemed rejected.

7.       Post-petition, the Debtor failed to make the following payments (See Exhibit B):

    a.       November 11-30, 2008

        i.       Base rent -- $31,702.13

        ii.      Operating expenses -- $1,311.51

        iii.     Insurance -- $151.82

        iv.      Sales taxes -- $2,321.59

        v.       Real estate taxes -- $4,034.32

    b.       December 2008

        i.       Sales taxes -- $5,955.42

        ii.      Real estate taxes -- $4,921.87

    c.       January 2009

5/13669.1

       i.      Real estate taxes -- $6,772.41

  d.    February 2009

       i.      Real estate taxes --$6,772.41

  e.    March 2009

       i.      Base rent -- $45,288.75

       ii.     Sales taxes -- $3,170.21

       iii.    Real estate taxes -- $6,772.41

**Total  $119,174.85**

8.    While the rent for the period from November 11, 2008 (the Petition Date), through November 30, 2008, does not fall within the parameters of § 365(d)(3), it is an administrative expense under Bankruptcy Code §§ 503(b)(1)(A) and 507(a)(2). In re Trak Auto Corp., 277 B.R. 655, 173-74 (Bankr. E.D. Va. 2002), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004). The other payments were required to be made pursuant to § 365(d)(3), and while the Debtor rejected the lease in mid-March, the entire month's rent for March 2009 is entitled to administrative expense priority. Ha-Lo Indus., Inc. v. Centerpoint Props. Trust, 342 F.3d 794, 798-900 (7th Cir. 2003); Koenig Sporting Goods, Inc. v. Morse Road Co. (In re Koenig Sporting Goods, Inc.), 203 F.3d 986, 989-90 (6th Cir. 2000).

9.    To the extent Mibarev's claim is not payable pursuant to § 365(d)(3), it is payable under § 503(b)(1)(A) as "actual, necessary costs and expenses of preserving the estate . . . ." The Debtor remained in possession of the Premises from the Petition Date until the lease was deemed rejected. See In re Trak Auto Corp., 277 B.R. at 174.

**WHEREFORE,** Mibarev requests that the Court enter an order granting Mibarev an

administrative expense claim pursuant to § 503(b)(1)(A) in the amount of $119,174.85, and

granting such other and further relief as the Court deems just and proper.

Dated: May 20, 2009

/s/ Thomas R Lynch
Thomas R. Lynch, Esq. (VSB No.73158)
Bradley Arant Boult Cummings LLP
1133 Connecticut Avenue, N.W.
Twelfth Floor
Washington, DC 20036
Telephone: (202) 393-7150
Email: tlynch@babc.com
*Counsel for Grunstead Family Limited
Partnership*


Emil Hirsch, Esq.
Bradley Arant Boult Cummings LLP
1133 Connecticut Avenue, N.W.
Twelfth Floor
Washington, DC 20036
Telephone: (202) 393-7150
Email: ehirsch@babc.com
*Of Counsel*

5/13669.1