| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) 1 |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. LIQUIDATING | ) Adv. Pro. No. 10-03636 |
| TRUST, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| METRA ELECTRONICS CORPORATION, a | ) |
| Florida corporation, and CIT GROUP | ) |
| COMMERCIAL SERVICES, LLC, a New York | ) |
| limited liability company | ) |
| | ) |
| Defendant. | ) |

**ORDER APPROVING STIPULATION BETWEEN ALFRED H. SIEGEL, AS
TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND
METRA ELECTRONICS CORPORATION TO CONSOLIDATE (I) OBJECTION TO
CLAIM AND (II) MOTION FOR LEAVE TO FILE A LATE <u>ADMINISTRATIVE
CLAIM WITH PENDING ADVERSARY PROCEEDING</u>**

12304-003\DOCS_NY:23811.1

**WHEREAS**, on March 26, 2010, Metra filed its Administrative Expenses Request Made Pursuant to Court Order Dated February 18, 2010 ("Claim No. 14894") in the chapter 11 cases of Circuit City Stores, Inc., et al. (the "Debtors").

**WHEREAS**, on May 7, 2010, the Debtors filed the *Debtors' Seventy-Eighth Omnibus Objection to Claims (Disallowance of Certain Late Claims* (the "Seventy-Eighth Omnibus Objection") [Docket No. 7463] in which it objected to Claim No. 14894 as being late filed.

**WHEREAS**, on June 2, 2010, Metra filed its *Motion for Leave to File a Late Administrative Expense Claim* (the "Motion for Leave") [Docket No. 7679] seeking leave to file Claim No. 14894 late.

**WHEREAS**, on June 2, 2010, Metra filed *Metra Electronics Corporation's Opposition to Debtors' Seventy-Eighth Omnibus Objection to Claims* (the "Response") [Docket No. 7681] it which it corporated by reference the facts, affidavits and arguments contained in the Motion for Leave.

**WHEREAS**, on November 10, 2010, the Trustee filed The Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and Other Amounts Owing to the Estate and Objection to Claim Nos. 1300, 5090 and 14894 (the "Complaint") initiating an adversary proceeding, designated Adversary Proceeding No. 10-03636 (the "Adversary Proceeding"), against Metra.  On December 9, 2010, the Trustee filed an Amended Complaint in the Adversary Proceeding seeking recovery of a preferential transfer and other amounts owing the estates and objecting to Claim No. 5090 as being overstated, Claim No. 14894 as being late filed, Claim No. 1300 as being subject to setoff and to all three of the claims on the basis set forth in 11 U.S.C. § 502(d).

2

**WHEREAS**, the late filed objection is common to the Seventy-Eighth Omnibus Objection, the Motion for Leave, the Response and the Complaint.

**WHEREAS**, the Trustee and Metra would like to avoid any unnecessary duplication with respect to Claim No. 14894, the Seventy-Eighth Omnibus Objection, the Motion for Leave, the Response and the Complaint.

**WHEREAS**, in the interest of judicial economy and in an effort to contain legal expense, the Trustee and Metra have agreed to consolidate the Seventy-Eighth Omnibus Objection as it relates to Claim No. 14894, the Motion for Leave, the Response, and the Complaint, for all purposes.

IT IS HEREBY ORDERED as follows:

.1    The Stipulation is approved.

.2    The Seventy-Eighth Omnibus Objection solely as it relates to Claim No. 14894, the Motion for Leave, the Response, and the Complaint are hereby consolidated for all purposes, and shall be deemed to constitute a single adversary proceeding under Adversary No. 10-03636.

SO ORDERED

Dated:  Richmond, Virginia
        April __, 2011                    _____
                                          UNITED STATES BANKRUPTCY JUDGE

3

We ask for the same:

TAVENNER & BERAN, PLC


____/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
John A. Morris, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Liquidating Trustee*