IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 10040 |

**RESPONSE OF INLAND TO LIQUIDATING TRUST'S THIRD
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF
CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN
INVALID CLAIMS, DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Inland Western Avondale McDowell, L.L.C., MB Keene Monadnock, L.L.C., MB Fabyan Randall Plaza Batavia, L.L.C., Inland American Chesapeake Crossroads, L.L.C., Inland American Oklahoma City Penn, L.L.C., Inland Western Houma Magnolia, L.L.C., Inland Western Cedar Hill Pleasant Run Limited Partnership, Inland Western Lewisville Lakepointe Limited Partnership, Inland Western San Antonio HQ Limited Partnership, Inland Western Sugar Land Colony Limited Partnership, Lake Worth Towne Crossing Limited Partnership, Inland Western Austin Southpark Meadows II Limited Partnership, Inland Western Southlake Corners Limited Partnership, and Inland Western College Station Gateway Limited Partnership (collectively, "Inland"), by and through their undersigned counsel, hereby respond ("Response") to the Liquidating Trust's ("Trust") *Third Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance*

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Karen C. Bifferato, Esquire |
| Michael D. Mueller, Esquire (VSB 38216) | Kelly M. Conlan, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| CHRISTIAN & BARTON, LLP | The Nemours Building |
| 909 East Main Street, Suite 1200 | 1007 North Orange Street |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland | Counsel for Inland |

*of Certain Invalid Claims, Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims)* (D.I. 10040) ("Objection"), and in support thereof, respectfully state as follows:

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland was a party to various leases of non-residential real property with the Debtors for premises located in Avondale, Arizona; College Station, Texas; Oklahoma City, Oklahoma; Houma, Louisiana; Cedar Hill, Texas; San Antonio, Texas; Chesapeake, Virginia; Keene, New Hampshire; Southlake, Texas; Lake Worth, Texas; Austin, Texas; Sugar Land, Texas; Lewisville, Texas; and Batavia, Illinois (individually, a "Lease" and, collectively, the "Leases"). All of the Leases were rejected following the Petition Date.

3. Pursuant to the Leases, the Debtors were required to make certain payments arising out of their use of the leased premises (such as, among other things, rent, real property taxes and assessments, and common area maintenance charges). The Debtors did not fully comply with their payment obligations under the Leases, and various amounts were due and owing to Inland for the period of time (i) prior to the Petition Date and relating to rejection damages, and (ii) following the Petition Date through and including the effective dates of rejection of the Leases.

4. Accordingly, Inland timely filed various proofs of claims, both pre-petition unsecured and administrative in nature, against the Debtors' estates. Inland's pre-petition claims with respect to the Leases were docketed as claim numbers 8943 and 9725 ("Pre-Petition

2

Claims"). Inland's administrative claims with respect to the Leases were docketed as claim numbers 13735, 14080, 14095, 14928, 14936, and 14955 ("Administrative Claims," and collectively with the Pre-Petition Claims, the "Claims").

5. On February 25, 2011, the Trust[1] filed the Objection. In the Objection, the Trust seeks to disallow certain of the Claims as they are "duplicative of other filed claims" or "have been rendered moot by [the] filing [of] a subsequent 'amending' claim." *Objection*, ¶ 30-31. Specifically, the Trust seeks to disallow the following Claims in favor of the stated "surviving" Claims:

| **Trust's Proposed Disallowed Claim** | **Trust's Proposed Surviving Claim** |
|:---:|:---:|
| 8943 | 9725 |
| 14080 | 14955 |
| 14095 | 14936 |
| 13735 | 14095 |
| 14928 | 14936 |

### INLAND'S RESPONSE TO THE OBJECTION

6. Inland does not object to the Trust's proposed disallowance of Claim 14080 with Claim 14955 remaining as the "Surviving Claim," because Claim 14955 was filed to amend Claim 14080. In addition, nor does Inland object to the Trust's proposed disallowance of Claim 14095 with Claim 14936 remaining as the "Surviving Claim," because Claim 14936 was filed to amend Claim 14095.

---

[1] The *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (D.I. 8252) ("Plan") became effective on November 1, 2010 ("Effective Date"), and pursuant to the terms thereof, the Trust was established and became effective on the Effective Date. The Trust assumed the right and responsibility to, *inter alia*, object to claims.

3

7. However, the Objection creates unnecessary confusion as it seeks to disallow Claim 14095, but also states it is the "Surviving Claim" with respect to proposed disallowed Claim 13735. For sake of clarity and efficiency, Inland asserts that the following Claims be disallowed with Claim 14936 remaining as the "Surviving Claim:"

| **Inland's Proposed Disallowed Claim** | **Inland's Proposed Surviving Claim** |
|---|---|
| 13735 | 14936 |
| 14095 | 14936 |
| 14928 | 14936 |

8. Moreover, while Inland does not object per se to the disallowance of Claims 8943, 13735, and 14928, certain language must be added to the order sustaining the Objection pursuant to an agreement reached between Inland and the Trust. Claims 8943, 13735, and 14928 were filed against Debtor Circuit City Stores West Coast, Inc., in its capacity as tenant under the Lease for the Avondale, Arizona premises ("Disallowed Avondale Claims"). The amounts set forth in the Disallowed Avondale Claims have also been asserted against Debtor Circuit City Stores, Inc. in its capacity as guarantor under the Lease for the Avondale, Arizona premises in Claims 9725, 14095, and 14936 ("Surviving Avondale Claims," and together with the Disallowed Avondale Claims, the "Avondale Claims").

9. Paragraph 20 of the order confirming the Plan provides as follows:

> all Claims based upon guarantees of collection, payment, or performance made by any Consolidated Debtor[2] as to the obligations of another Consolidated Debtor, including the Landlord Guaranty Claims, shall be released and of no further force and effect; *provided, however, that on the Effective Date, an Allowed*

---

[2] All terms not defined herein shall have the meanings ascribed to them in the Objection and/or the Plan.

4

> *Landlord Guaranteed Claim[3] shall be deemed to have a value equal to the Landlord Guaranteed Claim Consolidation Amount.*

*Findings of Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims* (D.I. 8555), ¶ 20 (emphasis added). "Landlord Guaranteed Claim Consolidation Amount" is defined as an amount equal to 150% of the allowed amount of a Landlord Guaranteed Claim. Plan, Art. 1, ¶ B.1.104.

10.    Prior to Plan confirmation, counsel for the Debtors agreed that Inland would be entitled to "Landlord Guaranteed Claims" regarding the Avondale, Arizona premises, to be paid at 150% of their allowed amounts. Accordingly, Inland does not object to the proposed treatment in the Objection of the Disallowed Avondale Claims as long as the order sustaining the Objection provides as follows with respect to the Surviving Avondale Claims:

> Claims 9725 and the portion of Claim 14936 related to the lease for nonresidential real property located at Gateway Pavilions Shopping Center in Avondale, Arizona, timely filed by Inland Western Avondale McDowell, L.L.C. and/or its managing agent, Inland Southwest Management LLC, shall be deemed Landlord Guaranteed Claims and shall be allowed at 150% of their allowed amounts.

WHEREFORE, for the reasons set forth herein, Inland respectfully requests that the Court enter an order consistent with the responses contained herein, and that grants any such other and further relief as the Court deems just and proper.

---

[3]    Landlord Guaranteed Claim means "a General Unsecured Claim under Bankruptcy Code section 502(b)(6) against a Consolidated Debtor and for which a valid, timely Proof of Claim has been filed (i) arising under a nonresidential real property lease with any of the Consolidated Debtors and for which any liability of such consolidated Debtor arising under the lease is guaranteed by Circuit City or (ii) under a nonresidential real property lease originally entered into with Circuit City as tenant, which lease was assigned to West Coast by Circuit City and pursuant to which both West Coast and Circuit City are obligors for any liability arising under the lease."

5

Dated: April 7, 2011

**CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

**-and-**

Karen C. Bifferato, Esquire (No. 3279)
Kelly M. Conlan, Esquire (No. 4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Attorneys for Inland*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

6