IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE § | | Chapter 11. |
| § | | |
| CIRCUIT CITY § | | Case No. 08-35653-KRH |
| STORES, INC. ET AL, § | | (Jointly Administered) |
| § | | |
| Debtors § | | |

**RESPONSE OF CIRCUIT SPORTS, LP TO TWENTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS) (RE: DOCKET NO. 10073, POC NO. 13434)**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

Circuit Sports, LP ("Circuit Sports"), files the following response and objection (the "Response") to the *Liquidating Trust's Twenty-First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain of Late Filed Claims, and Disallowance of Certain Amended Claims)* (Docket No. 10073) (the "Objection") filed herein by Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee")and regarding the proof of claim filed herein by Circuit Sports and docket as Proof of Claim No. 13434 (the "POC"), and Circuit Sports would show the following in support of the Response.

1.  A copy of the POC is attached hereto as **Exhibit A** and is incorporated by reference herein.

2.      The Debtor(s) rejected the lease underlying the POC effective March 11, 2009.

3.      The Objection addresses a component of Circuit Sports' administrative expense claim consisting of $17,102.28 for 2008 property taxes reconciliation and $1,146.95 for property insurance reconciliation.  The Objection recites that Debtor's books and records do not match the POC, but no other reason is give for the Trustee's objection.

4.      The lease between Circuit Sports and the Debtor(s) contained typical terms that required the Debtor(s) to pay as additional rent the Debtor's pro-rata share of certain operating expenses, including property taxes and insurance.  The additional rent paid monthly was based upon a formula in the lease, followed by a year-end reconciliation and invoicing to the Debtor(s) of the actual charges incurred by Circuit Sports less the amounts paid under the formula.

5.      The POC itself is sufficient evidence of the 2008 operating expense reconciliation.

6.      Furthermore, the POC satisfies Circuit Sport's obligation under the applicable lease by providing a statement following the end of the calendar year showing the actual charges for the preceding year and the remaining amounts owed by the Debtors.

7.      If the Objection is an attempt to shift the 2008 operating expense reconciliation to a pre-petition claim, then such attempt is improper and Circuit Sports should be allowed its full administrative claim.

8. The leased premise is situated in Texas. Under Texas law, property taxes are due to be paid by January 31 subsequent to the year for which the property taxes accrued. Beyond and in addition to the failure of the Debtor(s) to pay the monthly additional rent allocated for property taxes during 2008, payment by January 31, 2009 was required for the property taxes that were due for the premises leased by the Debtor(s) for the period of January 1-December 31, 2008. Consequently, whether allowance of the post-petition property tax component of the POC as an administrative tax claim is approached as a matter of billing or accrual, the $17,102.28 for post-petition property taxes should be included with the Circuit Sport's overall administrative rent claim.

9. Similarly, with respect to $1,146.95 for property insurance, the reconciliation obligation was billed and was payable during the post-petition period under the lease.

WHEREFORE, Circuit Sports, LP respectfully requests that the Court deny the Trustee's objection, allow the POC in full as indicated therein, and grant Circuit Sports, LP such other and further relief to which it is entitled at law or in equity.

Dated: April 7, 2011 　　　　　　　　　Respectfully Submitted:

                    HUGHES & BENTZEN, PLLC

                    By: */s/ Dawn C. Stewart*
                    Dawn C. Stewart, Esq. (VSB #27717)
                    1050 Connecticut Ave., NW
                    Tenth Floor
                    Washington, D.C.  20036
                    Telephone:  (202) 772-1080
                    Facsimile:   (202) 521-0616

                    LOCAL COUNSEL FOR CIRCUIT SPORTS, LP

                    and

                    WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                    By: */s/ Jeff Carruth\**
                       JEFF CARRUTH
                       State Bar No. 24001846
                       3030 Matlock Rd., Suite 201
                       Arlington, Texas 76015
                       Phone: (817) 795-5046
                       Facsimile: (866) 666-5322
                       jcarruth@wkpz.com

                    ATTORNEYS FOR CIRCUIT SPORTS, LP
                    \* Admission *pro hac vice* pending

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing was served on April 7, 2011 upon the parties listed below according to the method of service listed below.

| | |
|---|---|
| Lynn L. Tavenner<br>Paula S. Beran<br>TAVENNER & BERAN, P.L.C.<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219 | Service by overnight courier delivery, regular mail, and by email to *ltavenner@tb-lawfirm.com* and *pberan@tb-lawfirm.com* |
| Jeffrey N. Pomerantz (admitted pro hac vice)<br>Andrew W. Caine (admitted pro hac vice)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd.<br>11th Floor<br>Los Angeles, California 90067-4100 | Service by regular mail and by email to *jpomerantz@pszjlaw.com* and *acaine@pszjlaw.com* |

      /s/ Jeff Carruth
One of Counsel