# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

IN RE:                                                                                   Chapter 11

**CIRCUIT CITY STORES, INC., et al.,**                    Case No.:  08-35653-KRH

       **Debtors.**

### RESPONSE TO SECOND OMNIBUS OBJECTION TO CLAIMS
### PAN AM EQUITIES, INC.
### CLAIM 7999

Pan Am Equities, Inc., a creditor in this bankruptcy case, by counsel, objects to the Debtors' Second Omnibus Objection to Claims, and states as follows:

1.  Pan Am Equities, Inc. ("Landlord"), has a claim in the amount of $505,200.85 for pre-petition rent and rejection damages in this bankruptcy case.  This amount was claimed on its Proof of Claim filed on January 30, 2009 ("Claim").  The Claim arises from the rejection of an unexpired lease for non-residential real property.

2.  A copy of the Proof of Claim, with the supporting statement of account but omitting large exhibits, is attached as <u>Exhibit A</u>.

### Responses to Objection for Amount Claimed

3.  The Objection contends that the claim "should be reduced by $3,268.95 for pre-petition rent according to the Debtor's books and records."  The Objection contains no explanation for this contention, and there is nothing on the landlord's books and records that corresponds with this allegation, much less supports it.

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, Virginia 23510
(757) 227-5155
(757) 227-5158
*Attorneys for Pan Am Equities, Inc.*

4. The Objection states that "the Debtor's books and records show that they are owed $24,775.37 from this claimant for post-petition taxes." There is nothing in the Landlord's books and records that indicate that it owes any amount to the Debtor, for taxes or otherwise, nor does the amount alleged correspond with any entries in the account.

### Responses to Objection as Filed Late

5. The Debtor also contends that the Claim should be disallowed as a "late filed claim" because it contends it was filed on February 2, 2009.

6. The Landlord's Proof of Claim was received by Kurtzman Carson Consultants on January 30, 2009, and that entity acknowledged same by returning to the Landlord a date-stamped copy of the Claim. Kurtsman Carson Consultants also returned two postcards entitled "Proof of Claim Confirmation," one showing the Claim filed as claim number 8794 on January 30, 2009, and, inexplicably, that claim no. 7999 was filed February 2, 2009.

7. Copies of the two Proof of Claim confirmation cards and the date-stamped copy of the Proof of Claim are attached as Exhibit B.

8. Landlord does not know why two confirmation cards were issued, nor why one of them is incorrect, but those circumstances do not change the fact that the Claim was filed on time.

9. Before confirmation, the Debtors filed a "Tenth Omnibus Objection to Claims," filed June 4, 2009, as Docket No. 3513. The Order entered on that Objection replaced the Claim filed January 30, 2009 (Claim 8794), with a Claim filed February 2, 2009 (Claim 7999). The Landlord acquiesced to this action as it is standard procedure in bankruptcy cases of this type to eliminate duplicate claims, and the duplication apparently occurred in the claim administration's process.

10. It would be illogical to permit the Debtor, in a routine matter, to allow a claim with an incorrect filing date, which its consultants incorrectly assigned to the claim, to replace a previously filed claim, and then to contend that the claim is now barred as late filed.

### Further Information

11. As provided in the Objection, because supporting documents were filed with the Claim, they are omitted from this filing, but are available upon request, other than the Exhibit(s) described above.

12. The undersigned is the person to whom the attorneys for the Debtor should respond or with whom they should communicate regarding the claim and objection.

13. An additional person would acknowledge on behalf of the landlord as to the circumstances of the Claim, the amounts charges on it, and all payments and credits, is

> David Iwainer, Vice President
> Pan Am Equities, Inc.
> 18 East 50th Street, 10th Floor
> New York, New York 10022
> Main Telephone: (212) 837-4800
> Direct Dial: (212) 837-4831
> Facsimile: (646) 205-9731

WHEREFORE, Pan Am Equities, Inc., moves this Court to overrule the Objection, to allow its claim for $505,200.85, to award it its costs, expenses and attorneys' fees, and such other and further relief as this Court deems equitable and just.

> PAN AM EQUITIES, INC.
>
> By:  /s/David A. Greer
>       David A. Greer, Of Counsel

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, Virginia 23510
(757) 227-5155/(757) 227-5158
*Attorneys for Pan Am Equities, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that the *Responsse to Second Omnibus Objection to Claims, Claim 7999,* was served by electronic service upon the persons on the service list and by facsimile and email to Lynn L. Tavenner and Jeffrey N. Pomerantz this 7th day of April, 2011.

                                            /s/David A. Greer
                                          David A. Greer

6626