IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 10073 |

**RESPONSE OF INLAND TO LIQUIDATING TRUST'S TWENTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Inland Western Oswego Gerry Centennial, L.L.C., Inland Southeast Darien, L.L.C., Bel Air Square LLC, Capital Centre LLC, Inland Western Richmond Maryland, L.L.C., Inland Western Phillipsburg Greenwich L.L.C., Inland Western West Mifflin Century III, L.P., and Inland Western Columbus Clifty, L.L.C. (collectively, "Inland"), by and through their undersigned counsel, hereby respond ("Response") to the Liquidating Trust's ("Trust") *Twenty-First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims)* (D.I. 10073) ("Objection"), and in support thereof, respectfully state as follows:

_____
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100

Counsel for Inland

_____
Karen C. Bifferato, Esquire
Kelly M. Conlan, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899
Telephone: (302) 658-9141

Counsel for Inland

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland was a party to various leases of non-residential real property with the Debtors for premises located in Oswego, Illinois; Darien, Illinois; Belair, Maryland; Largo, Maryland; Richmond, Virginia; Phillipsburg, New Jersey; West Mifflin, Pennsylvania; and Columbus, Indiana (individually, a "Lease" and, collectively, the "Leases"). All of the Leases were rejected following the Petition Date.

3. Pursuant to the Leases, the Debtors were required to make certain payments arising out of their use of the leased premises (such as, among other things, rent, real property taxes and assessments, and common area maintenance charges). The Debtors did not fully comply with their payment obligations under the Leases, and various amounts were due and owing to Inland for the period of time (i) prior to the Petition Date and relating to rejection damages, and (ii) following the Petition Date through and including the effective dates of rejection of the Leases.

4. Accordingly, Inland timely filed various proofs of claims, both pre-petition unsecured and administrative in nature, against the Debtors' estates. Inland's pre-petition claims with respect to the Leases were docketed as claim numbers 9722 and 10024 ("Pre-Petition Claims"). Inland's administrative claims with respect to the Leases were docketed as claim numbers 14079 and 14931 ("Administrative Claims," and collectively with the Pre-Petition Claims, the "Claims").

5. On February 28, 2011, the Trust[1] filed the Objection. In the Objection, the Trust seeks to disallow the Claims as they "assert . . . amounts for which the Debtors are not liable" and/or "have been rendered moot by [the] filing [of] a subsequent 'amending' claim." *Objection*, ¶¶ 28, 34.

## INLAND'S RESPONSE TO THE OBJECTION

6. Inland does not object to the Trust's proposed disallowance of Claim 14079 with Claim 14931 remaining as the "Surviving Claim," because claim 14931 was filed to amend Claim 14079. However, Inland does object to the Trust's attempt to expunge Claims 9722, 10024, and 14931.

7. With respect to Claims 9722 and 10024, counsel for Inland and the Trust have engaged in extensive settlement discussions, and Inland believes an agreement in principle has been reached with respect to the amounts and treatment of Claims 9722 and 10024. Inland and the Trust have agreed that (i) Claim 9722 shall be an allowed general unsecured claim in the amount of $442,120.03; and (ii) Claim 10024 shall be an allowed general unsecured claim in the amount of $521,306.54.

8. With respect to Claim 14931 ("Proposed Expunged Claim"), Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (D. Del. 2001). "The interposition of an objection does not deprive the proof

---

[1] The *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (D.I. 8252) ("Plan") became effective on November 1, 2010 ("Effective Date"), and pursuant to the terms thereof, the Trust was established and became effective on the Effective Date. The Trust assumed the right and responsibility to, *inter alia*, object to claims.

of claim of presumptive validity unless the objection is supported by *substantial evidence.*" *See In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added). To overcome this presumed validity, the Trust must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *See In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

9. Inland timely filed the Proposed Expunged Claim and the Proposed Expunged Claim sets forth and establishes the amounts owed to Inland and the basis therefore. While the Trust has summarily set forth the amounts due and owing based on the Debtors' books and records, the Trust has not presented any evidence or alleged any facts to refute the calculations contained in the Proposed Expunged Claim. Therefore, the Trust cannot overcome the presumptive validity of the Proposed Expunged Claim. The Trust's bare allegation that it believes the liabilities (i) are asserted in other claims, (ii) have already been satisfied by the Debtors, or (iii) are disputed by the Debtors, is insufficient to satisfy the Trust's burden. Inland respectfully submits that the Trust has failed to overcome the *prima facie* validity of the Proposed Expunged Claim and, thus, the Objection should be denied, except as set forth in paragraphs 6 and 7 above.

WHEREFORE, for the reasons set forth herein, Inland respectfully requests that the Court enter an order consistent with the responses contained herein, and that grants any such other and further relief as the Court deems just and proper.

Dated: April 7, 2011          **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

**-and-**

Karen C. Bifferato, Esquire (No. 3279)
Kelly M. Conlan, Esquire (No. 4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Counsel for Inland*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore