Nancy F. Loftus (VSB# 37785)
Assistant County Attorney
12000 Government Center Parkway
Suite 549
Fairfax, Virginia 22035
(703)324-2421
Nancy.Loftus@fairfaxcounty.gov
*Counsel for Fairfax County, Virginia*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RESPONSE OF FAIRFAX COUNTY, VIRGINIA
TO LIQUIDATING TRUST'S EIGHTEENTH OMNIBUS OBJECTION
TO CLAIMS FILED BY TAXING AUTHORITIES**

COMES NOW, Fairfax County, Virginia, by and through its Department of Tax Administration and by Counsel (hereinafter "the County"), and files this its response to the Liquidating Trust's Eighteenth Omnibus Objection to Claims Filed by Taxing Authorities (Hereinafter the "Objection") and in support thereof it states as follows:

1. The Debtors filed their Chapter 11 bankruptcy case on or about November 10, 2008.

2. The County timely filed a claim for 1999 Business Personal Property (BPP) taxes in the total amount of $18,456.29 as specifically assessed against furniture & fixtures owned by the Debtor and located within the County as of January 1, 1999. These taxes are secured by a first priority lien under Virginia law. (the "County's Claim #15212").

3. The Debtors now assert in their Objection that the County's Claim #15212 should be reduced to the amount of $6,324.88 "to reflect amount of tax based on fair market value of

debtors property subject to the tax." See The Objection, Exhibit C.[1]

4.  The County's claim included supporting documentation clearly showing the tax periods at issue (beginning and end dates), the tax amounts assessed (not estimates), and the basis for Claim #15212.

5.  Claim #15212 is based upon an actual tax return filed by the Debtor on or about April 30, 2009.  The Debtor has not filed an appeal of the tax assessment, nor has the Debtor properly applied to the Virginia courts under § 58.1-3984 or filed a motion under 11 U.S.C. §505.

6.  Pursuant to Virginia Code § 58.1-3942 the taxes at issue "shall constitute a lien against the property so assessed and shall have priority over all security interests."  Moreover, under Virginia Code § 58.1-3984 "the burden of proof shall be upon the taxpayer to show that the property in question is valued at more than its fair market value."

7.  The Debtor can not now overcome the validity and value of the County's claim with vague generalities and without providing any evidence that the tax assessment is erroneous.

8.  Under 11 U.S.C. § 501(a), a timely filed proof of claim is deemed allowed. Moreover, Bankruptcy Rule 3001(f) provides that a properly filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim.  Therefore, the County's correctly filed proof of claim is presumed valid as to both liability and amount.  Garner v Shier, 246 B.R. 617, 620 (BAP 9th Cir. 2000).

9.  In addition, the Trust has the burden, as the objecting party, of going forward and introducing evidence to rebut the County's claim.  In re Bush, 213 B.R. 390, 392 (Bankr. M.D.Fla. 1997).  "The interposition of an objection does not deprive the proof of claim presumptive validity unless the objection is supported by substantive evidence."  In re

---

[1] The Trust also objects to the County's Claim #12389 and #14877. The County does not contest the Trusts proposed treatment of these two County claims.

Hemingway Trans. Inc., 993 F.2d 915, 925 (1st Cir. 1993) (citing Norton Bankruptcy Law and Practice, Bankruptcy Rules at 191 (1992); and Wright v. Holm, 931 F.2d 620, 623 (9th Cir. 1991)).

10.  The Trust's mere assertions that the County's claim should be reduced are wholly insufficient to destroy the prima facie validity of the County's properly filed proof of claim. In re Frederes, 98 B.R. 165, 167 (Bankr. W.D.N.Y. 1989).

WHEREFORE, Fairfax County prays as follows:

1.  That the County's claim ##15212 not be reduced;

2  That the County's Claim ##15212 for **$18,456.29** be allowed as a secured Administrative Expense claim in full, as filed, and;

3.  That the Court take no action adverse to the County without further notice and a hearing; and

4.  for such other and further relief as may be deemed appropriate.

                Respectfully Submitted,
                DAVID P. BOBZIEN
                FAIRFAX COUNTY ATTORNEY

BY:    /s/  Nancy F. Loftus
       Nancy F. Loftus (VSB# 37785)
       Assistant County Attorney
       12000 Government Center Parkway
       Suite 549
       Fairfax, Virginia 22035
       (703)324-2421
       Nancy.Loftus@fairfaxcounty.gov

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the foregoing Response of Fairfax County, Virginia was electronically filed and served upon parties via ECF and sent via U.S. Postal Service regular mail this 7th day of April, 2011, to the following:

>Jeffrey N. Pomerantz, Esq.
>Andrew E. Caine, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>
>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>TAVANNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>
>Robert J. Feinstein, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>780 Third Avenue, 36th Floor
>New York, New York  10017

      /s/  Nancy F. Loftus
      Nancy F. Loftus, Assistant County Attorney

**Document in ProLaw**