IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | | | |
|---|---|---|---|
| IN RE: | * | CASE NO.: | **08-35653-KRH** |
| CIRCUIT CITY STORES, INC., *et al.*, | * | (CHAPTER 11) | |
| DEBTORS. | * | (JOINTLY ADMINISTERED) | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

RESPONSE OF TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.
AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
TO THE LIQUIDATING TRUST'S SEVENTH OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN
INVALID CLAIMS AND RECLASSIFICATION OF CERTAIN INCORRECTLY CLASSIFIED CLAIMS)

Toshiba America Consumer Products, L.L.C. ("TACP") and Toshiba America

Information Systems, Inc. ("TAIS"; together with TACP, "Toshiba"), by their attorneys, file this

response to the *Liquidating Trust's Seventh Omnibus Objection to Claims (Reduction of Certain*

*Partially Invalid Claims, Disallowance of Certain Invalid Claims and Reclassification of Certain*

*Incorrectly Classified Claims)* [Docket No. 10045] (the "Objection") filed by The Circuit City

Stores, Inc. Liquidating Trust (the "Liquidating Trust"), and state:

BACKGROUND

**Relevant Case Background**

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

This is a contested matter under Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and

is a core proceeding under 28 U.S.C. § 157(b).

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America Consumer Products, L.L.C.*
*and Toshiba America Information Systems, Inc.*

145823_1 (2).doc

2.      The above-captioned debtors (collectively, the "Debtors") commenced this

bankruptcy case on November 10, 2008 (the "Petition Date") by filing voluntary petitions for

relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      On August 9, 2010, the Debtors and their statutory committee of unsecured

creditors filed a *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its*

*Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding*

*General Unsecured Claims* [Docket No. 8252] (the "Plan"), which provides for the liquidation of

the Debtors' assets and distribution of the proceeds thereof under Chapter 11 of the Bankruptcy

Code.

4.      On September 10, 2010, the Court entered an *Order* [Docket No. 8555]

confirming the Plan.

5.      The Plan became effective on November 1, 2010, and, by the terms of the Plan,

the Liquidating Trust then assumed the right and responsibility to liquidate the Debtors' assets

and distribute the proceeds to creditors, including the prosecution of causes of action and

objections to claims.

6.      The Liquidating Trust filed its Objection on February 28, 2011.  In its Objection,

the Liquidating Trust seeks to reduce or disallow entirely the claims filed by TACP and TAIS,

asserting that the claims are subject to purported setoffs or are otherwise invalid.

**TACP's Claim History and the Liquidating Trust's Objection**

7.      TACP timely filed a Section 503(b)(9) Claim Request Form with the Debtors'

claims processing agent, Kurtzman Carson Consultants LLC ("KCC"), on December 19, 2008,

asserting a claim for administrative expenses under § 503(b)(9) of the Bankruptcy Code in the

amount of $5,735,769.00 (the "TACP Administrative Claim").  The TACP Administrative Claim

was assigned claim number 1331.

8.    TACP also timely filed a proof of claim with KCC on January 30, 2009, asserting

a claim in the amount of $6,393,681.50 and entitled to treatment as an administrative priority

(the "TACP Proof of Claim").  The TACP Proof of Claim was assigned claim number 9648.

9.    To properly characterize its claim under § 503(b)(9) of the Bankruptcy Code,

TACP filed an amended proof of claim (the "TACP Amended Proof of Claim") on July 16,

2009.  The TACP Amended Proof of Claim asserted a claim in the total amount of

$6,393,681.50, of which $5,293,249.00 was entitled to treatment as an administrative priority

under § 507(a)(2) of the Bankruptcy Code.  The balance of the claim listed in the TACP

Amended Proof of Claim, $1,100,432.50, was to be treated as a general unsecured, non-priority

claim.  The TACP Amended Proof of Claim was assigned claim number 14506.

10.    In light of the filing of its TACP Amended Proof of Claim and for the sake of

accuracy, TACP also amended its TACP Administrative Claim by filing an amended claim (the

"TACP Amended Administrative Claim") on July 16, 2009.  The TACP Amended

Administrative Claim asserted a § 503(b)(9) claim in the amount of $5,293,249.00 and was

assigned claim number 14503.

11.    On September 21, 2009, the Debtors filed *Debtors' Forty-sixth Omnibus
Objection to Claims (Modification of Certain Duplicate Claims)* [Docket No. 5019] (the

"Debtors' 46th Objection"), seeking certain modifications of TACP's filed claims.

12.    The Debtors and TACP resolved the Debtors' 46th Objection, and the Court

entered a *Supplemental Order on Debtors' Forty-sixth Omnibus Objection to Claims
(Modification of Certain Duplicate Claims)* [Docket No. 6854] (the "46th Objection Order") on

March 17, 2010.  The 46th Objection Order established a § 503(b)(9) claim of $5,293,249.00 and a general unsecured, non-priority claim of $1,100,432.50 for TACP.

13.    Upon reviewing its records, TACP identified other invoices that were omitted from its previously filed claims.  Accordingly, TACP filed an amended proof of claim (the "TACP Second Amended Proof of Claim") on October 14, 2010.  The TACP Second Amended Proof of Claim asserts a claim in the total amount of $7,268,836.75, of which $5,293,249.00 is entitled to treatment as an administrative priority under § 507(a)(2) and the $1,975,587.75 remainder is to be treated as a general unsecured, non-priority claim.  The TACP Second Amended Proof of Claim noted that it amended claim number 9648, and was assigned claim number 15106.  A copy of the TACP Second Amended Proof of Claim, without supporting documentation due to its size[1], is attached as Exhibit 1 and incorporated herein by reference.

14.    In its Objection, the Liquidating Trust seeks the following relief as to TACP: (1) reduction of TACP's $5,293,249.00 administrative claim (surviving claim number 1331 in the 46th Objection Order) to zero due to purported setoffs available to the Liquidating Trust (Objection, Exh. K); and (2) disallowance of the Second Amended Proof of Claim (claim number 15106) on the grounds that a portion of the claim is subject to purported setoffs and $875,155.25 of the unsecured portion of the claim "represents an effective first filing and should be disallowed for missing the 1/30/09 bar date."  (Objection, Exh. L).

**TAIS's Claim History and the Liquidating Trust's Objection**

15.    TAIS timely filed a Section 503(b)(9) Claim Request Form with KCC on December 19, 2008, asserting a claim for administrative expenses under § 503(b)(9) of the

---

[1] TACP is willing to provide the supporting documentation upon request.

Bankruptcy Code in the amount of $5,043,759.28 (the "TAIS Administrative Claim").  The

TAIS Administrative Claim was assigned claim number 1319.

16.    TAIS also timely filed a proof of claim with KCC on January 30, 2009, asserting

a claim in the amount of $14,400,858.33 and entitled to treatment as an administrative priority

(the "TAIS Proof of Claim").  The TAIS Proof of Claim was assigned claim number 9391.

17.    To properly characterize its claim under § 503(b)(9) of the Bankruptcy Code,

TAIS filed an amended proof of claim (the "TAIS Amended Proof of Claim") on July 16, 2009.

The TAIS Amended Proof of Claim asserts a claim in the total amount of $14,400,858.33, of

which $5,043,759.28 is entitled to treatment as an administrative priority under § 507(a)(2).  The

balance of the claim listed in the TAIS Amended Proof of Claim, $9,357,099.05, is to be treated

as a general unsecured, non-priority claim.  The TAIS Amended Proof of Claim was assigned

claim number 14505.

18.    In light of the filing of its TAIS Amended Proof of Claim and for the sake of

accuracy, TAIS also amended its TAIS Administrative Claim by filing an amended claim (the

"TAIS Amended Administrative Claim") on October 6, 2009.  The TAIS Amended

Administrative Claim asserts a § 503(b)(9) claim in the amount of $4,786,331.56.

19.    TAIS's filed claims also were the subject of the Debtors' 46th Objection, which

the parties resolved in the 46th Objection Order.  The 46th Objection Order established a §

503(b)(9) claim of $4,786,331.56 and a general unsecured, non-priority claim in the total amount

of $9,614,526.77 for TAIS.

20.    In its Objection, the Liquidating Trust seeks to reduce TAIS's $4,786,331.56

administrative claim (surviving claim number 1319 in the 46th Objection Order) to $595,873.83

due to pricing and quantity discrepancies allegedly contained in the Debtors' books and records

and due to purported setoffs available to the Liquidating Trust.  (Objection, Exh. L).

ARGUMENT

21.    The Liquidating Trust fails to meet its burden to overcome the presumptive

validity and amounts of Toshiba's properly filed claims.  The Objection is supported by self-

serving, conclusory statements instead of probative evidence, and must be overruled.

22.     Under Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie

evidence of the validity and amount of the claim, and is deemed allowed unless objected to by a

party in interest.  FED. R. BANKR. P. 3001(f) (2010); 11 U.S.C. § 502(a) (2010).

23.    The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting

framework for proving the amount and validity of a claim. . . ."  Stancill v. Harford Sands, Inc.

(In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004).  Under this framework, the

objecting party must produce evidence sufficient to overcome the presumptive validity and

amount of a properly filed claim.  Id. at 640 (citations omitted).  See also In re Fleming, No. 08-

30200-KRH, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) (Huennekens, J.) ("It has

long been the rule that the party objecting to the proof of claim must present sufficient evidence

to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation

omitted); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("It is often said that the

objector must produce evidence equal in force to the prima facie case.") (citation omitted).

24.    Simply filing an objection to the proof of claim does not satisfy the objecting

party's burden.  C-4 Media Cable S., L.P. v. Reds T.V. and Cable, Inc. (In re C-4 Media Cable S.

L.P.), 150 B.R. 374, 377 (Bankr. E.D. Va. 1992).  See also Wright v. Holm (In re Holm), 931

F.2d 620, 623 (9th Cir. 1991) (holding that a properly filed proof of claim "is strong enough to carry over a mere formal objection without more") (citation omitted).

25.    If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." Harford Sands, 372 F.3d at 461-62 (citation omitted).

26.    In the case at bar, the Liquidating Trust fails to state sufficient facts or include evidence in the Objection to overcome the presumptive validity of Toshiba's claims.  Without supporting evidence, the Liquidating Trust contends that TACP's $5,293,249.00 administrative claim should be reduced entirely "as setoff available to Liquidating Trust is $9,936,070.79." (Objection, Exh. K).  With respect to TAIS, the Liquidating Trust contends that TAIS's $4,786,331.56 administrative claim "should be reduced by $929,312.32 due to pricing and quantity discrepancies" and "should be further reduced by $3,261,145.41 on account of setoff." (Objection, Exh. L).  The Liquidating Trust fails to identify the "pricing and quantity discrepancies" and purported setoffs available to the Liquidating Trust and fails to produce supporting documentation to validate its desired modification of Toshiba's claims.

27.    Again without supporting evidence, the Liquidating Trust further contends that $875,155.25 of TACP's $1,975,587.75 general unsecured, non-priority claim "represents an effective first filing" and should be disallowed as time-barred. (Objection, Exh. L).   In its "Additional Comments" to its objection to the TACP Second Amended Proof of Claim (claim number 15106), the Liquidating Trust also attempts to assign a sinister motive to TACP's filing of its TACP Second Amended Proof of Claim by stating that TACP is "reasserting the $5,293,249.00 previously disallowed portion of Claim No. 9648 as an administrative claim."

28.     These unsupported contentions are far from accurate.  The $875,155.25 of

TACP's general unsecured claim does not represent an entirely new and different proof of claim.

In fact, the Debtors' own books and records likely contain the same claim figures and supporting

documentation as TACP's filing.  Neither the Debtors nor the Liquidating Trust is prejudiced by

TACP's assertion of an increased general unsecured claim because, upon information and belief,

no distributions to creditors have occurred under the Plan.  With respect to the Liquidating

Trust's contention that TACP is attempting to "reassert[] the $5,293,249.00 previously

disallowed portion of Claim 9648 as an administrative claim", the reference to claim number

9648 in the TACP Second Amended Proof of Claim (claim number 15106) is simply that – a

reference.  TACP is not attempting to reassert any previously disallowed portion of any of its

claims.

29.     While Toshiba's proofs of claim in this bankruptcy case are adequately supported,

the Liquidating Trust's Objection is not.  The Liquidating Trust has neither presented evidence

supporting its Objection nor adequately explained the basis for its desired modification or

disallowance of Toshiba's claims.  Instead, it simply makes conclusory statements such as "The

basis for reduction of the claims listed on Exhibit K attached hereto (the 'Setoff Claims') is that

the Setoff Claims assert, in part or in whole, amounts subject to setoff" and "The basis for

reduction of the claims listed on Exhibit L attached hereto (the 'Multiple Issue Claims') is that

the Multiple Issue Claims assert, in part or in whole, amounts for which the Debtors are not

liable for more than one reason."  (Objection, ¶¶ 35, 37).

30.     Such statements hardly satisfy the Liquidating Trust's burden to overcome the

presumptive validity of Toshiba's claims.  Therefore, the Liquidating Trust's Objection must be

overruled.

31.     Toshiba respectfully requests that the Court treat this Response as a written

memorandum of points and authorities or waive any requirement that this Response be

accompanied by a written memorandum of points and authorities as described in Local

Bankruptcy Rule 9013-1(H).

WHEREFORE, Toshiba America Consumer Products, L.L.C. and Toshiba America

Information Systems, Inc. respectfully request that the Court:

    A.     Overrule the Liquidating Trust's Objection;

    B.     Deem the claims filed by Toshiba allowed in the amounts set forth therein;

and

    C.     Provide such other and further relief as the Court determines to be

necessary.


_____/s/ Jeremy S. Friedberg_____
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America
  Consumer Products, L.L.C. and
  Toshiba America Information Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April, 2011, a copy of the foregoing, along with attached exhibit, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100

Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219.

_____/s/ Jeremy S. Friedberg_____
Jeremy S. Friedberg