March 25, 2011
In re: Circuit City Stores Inc.,
Chapter 11
Case No. 08-35653-KRH



From: Claimant: Melissa Michelle Gillard
9255 Tamarack Ave
Sun Valley, Ca 91352-1324
Telephone: (818) 422-2870
E-mail: mel.gillard@gmail.com
Claim Number: 8522
PRF No. 38043
Amount Claimed as Filed: $2,689.40
NOTICE OF CLAIMANTS APPEAL OF THE LIQUIDATING TRUST'S NINETEETH OMNIBUS OBJECTION TO CERTAIN EMPLOYEE PRIORITY CLAIMS: NO LIABILITY; NOT ENTITLED TO PRIORITY; ALLOW UP TO THE STATUTORY CAP; AND RECLASSIFY, AS APPLICABLE (MISCELLANEOUS HR PRIORITY CLAIMS)

To: Clerk of Bankruptcy Court
United States Bankruptcy Court
701 East Bound Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

NO COPY PROVIDED FOR RETURN

NO RETURN ENVELOPE PROVIDED

Dear Bankruptcy Court/To Whom It May Concern,
Re: Claimant: Melissa Michelle Gillard
Claim: 8522

On October 03, 2008 I filed a wage claim with Division of Labor Standards Enforcement.

On November 03, 10 and 18, 2008 I called Deputy Johnson to check the status of my claim.

On November 25, 2008 I received a notification from DSLE that I must further pursue my claim with the Bankruptcy Court.

On January 27, 2009 I mailed all supporting documents to the Bankruptcy Court to pursue my case "08-35653."

On August 31, 2009 I mailed additional supporting documents to the Bankruptcy Court for my case "08-35653" with an attached concise statement of my claim and why I opposed the relief requested in the Objection.

On February 24, 2011 I represented myself in court by telephone.

Above are the pursuance of my case "08-35653." I have responded to each objection in a timely manner. I would like to further pursue and serve a written response to the "Reclassified General Unsecured Claim." I have made many efforts towards my "Allowed Priority Claim" and I am legally entitled to what I have filed in October of 2008 (California Labor Code Section 203); Total wages for 8 hours at $13.25 per hour earned from May 19, 2008 to May 21, 2008, claiming $106 and also alleging additional wages accrued pursuant to Labor Code Section 203 as a penalty at the rate of $86.13 per day until paid, but not to exceed thirty days claiming a grand total of $2,689.90.

**Exhibit A.** A DECLARATION OF A PERSON WITH PERSONAL KNOWLEDGE OF THE RELEVANT FACTS THAT SUPPORT THE RESPONSE.
**Exhibit B.** COPY OF THE CALIFORNIA STATE LABOR CODE SECTION 203
**Exhibit C.** PREVIOUS EVIDENCE SENT TO THE COURT
    C1: TIMESHEET AND MANUEL TIMESHEET OF UNPAID HOURS
    C2: NOTICE OF CLAIM FILED
    C3: NOTICE TO FILE CLAIM WITH BANKRUPTCY COURT
    C3: FORM TO FILE CLAIM WITH BANKRUPTCY COURT
    C4: DESCRIPTION OF WHY CLAIM WAS FILED
    C5: CONCISE STATEMENT OF MY CLAIM AND WHY I OPPOSED THE RELIEF REQUESTED IN THE OBJECTION

# EXHIBIT A

Dear Bankruptcy Court/To Whom it May Concern,   March 25, 2011

I __MELISSA M. GILLARD__ / Melissa Gillard (Declarant), am a resident of Sun Valley, County of Los Angeles, State of California, and do hereby certify, swear, or affirm and declare that I am competent to give the following declaration based upon my personal knowledge, unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge: I do hereby legally declare that during the entire time I was employed at Circuit City store 0419 in Woodland Hills, California (2007-2008) According to California State Law I am legally entitled to the claim I have filed in October of 2008; claiming $106 from 8 hours of work at $13.25 an hour earned from 05/19/2008 to 05/21/2008. As well as additional wages accrued pursuant to California Labor Code Section 203 as a penalty at the rate of $86.13 per day until paid, but not to exceed thirty days for an amount of $2,583.90. Claiming a grand total of $2,689.90. A total amount that I have not yet received. Management was fully aware of this ongoing situation and never actively did anything to relieve the problem, which I understand continued until the final closing of the store in March of 2009. I declare under penalty of perjury that the foregoing is true and correct, and would be my testimony if I were in a court of law. If you have any questions and/or need further clarification, please do not hesitate to contact me or my witness who is also aware of the above situation as this not only affected me but almost all the employees in the store. Former employees, Tia Eshou, Rebecca Mora and Ana Samofalova all filed claims with the Van Nuys, California DLSE for Labor Code 203 violations and the presiding judge ruled in their favor on all counts for all three claimants.

I can be reached at the following phone numbers and/or email address printed below.

Sincerely,

_____  _3-3-11_  _____  _3-31-11_
Signature of Declarant  DATE  Witnessed by  DATE
Melissa M. Gillard  Patrick G. Kennedy
(818) 422-2870  (818) 793-6643
mel.gillard@gmail.com  patgenken@yahoo.com

Dear Bankruptcy Court/To Whom It May Concern,
Re: Claimant: Melissa Gillard
Claim: 8522


EXHIBIT B

California State Labor Code: Taken directly from www.legalinfo.ca.gov website

"203.   (a) If an employer willfully fails to pay,
without abatement
or reduction, in accordance with Sections 201, 201.3,
201.5, 202, and
205.5, any wages of an employee who is discharged or
who quits, the
wages of the employee shall continue as a penalty from
the due date
thereof at the same rate until paid or until an action
therefor is
commenced; but the wages shall not continue for more
than 30 days. An
employee who secretes or absents himself or herself to
avoid payment
to him or her, or who refuses to receive the payment
when fully
tendered to him or her, including any penalty then
accrued under this
section, is not entitled to any benefit under this
section for the
time during which he or she so avoids payment.
    (b) Suit may be filed for these penalties at any
time before the
expiration of the statute of limitations on an action
for the wages
from which the penalties arise."

**EXHIBIT C1**

```
02:49:08      05/22/08                              TIMESHEET

GILLARD    MELISSA    LOC: 419 SSN: 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 WWK: -5   SUPERVISOR, CUST SERV ASSOC   Mgr: 000000 PERIOD END: 5/21/08

DAY DATE    IN    OUT    IN    OUT    IN    OUT    IN    OUT    IN    OUT    REG     MISC TYPE   MISC TYPE   MISC TYPE   TOTAL
==============================================================================================================================

THU  5/ 8                                                                     . 0      . 0         . 0         . 0         . 0

FRI  5/ 9  8:09a 12:04p  1:04p 5:02p ✓                                        8.00     . 0         . 0         . 0         8.00

SAT  5/10  5:01p 8:19p   8:49p 11:00p ✓                                       5.50     . 0         . 0         . 0         5.50

SUN  5/11   / /                                                               . 0      . 0         . 0         . 0         . 0

MON  5/12  9:13a 12:07p 12:59p 3:53p ✓                                        5.75     . 0         . 0         . 0         5.75

TUE  5/13 11:50a 2:29p   3:29p 6:05p ✓                                        5.25     . 0         . 0         . 0         5.25

WED  5/14 11:31a 3:09p ✓                                                      3.75     . 0         . 0         . 0         3.75
                                                                              =====                                         ====
                                                                              28.25                                         28.25

THU  5/15        1.42a? ?                                                     . 0      . 0         . 0         . 0         . 0

FRI  5/16  7:51a 12:00p  1:42p 4:54p ✓                                        7.25     . 0         . 0         . 0         7.25

SAT  5/17  5:00p 6:39p   7:49p 11:14p ✓                                       5.00     . 0         . 0         . 0         5.00

SUN  5/18  7:36a 9:30a   (              )                                     2.00     . 0         . 0         . 0         2.00

MON  5/19  9:00a 12:01p  1:01p 4:01p ✓                                        6.00     . 0         . 0         . 0         6.00

TUE  5/20                                                                     . 0      . 0         . 0         . 0         . 0

WED  5/21 12:30p  ?             600-12    1-4                                 . 0      . 0         . 0         . 0         . 0
                                                                              =====                                         ====
                                                                              20.25                                         20.25

                                                                              =====                                         ====
                                                                              48.50                                         48.50
```

COMMENT:
EMP. SIGNATURE: _____                      MGR. SIGNATURE: _dl_ (signature)

I REFUSE TO SIGN, I DID NOT GET PAID ON 05/21. 06-1230 1-4PM ARE THE PUNCH IN AND OUTS. ALSO ON 05/19 I WORKED UNTIL 4:30 P.M.

EXHIBIT 4

## CIRCUIT CITY — HOURLY TIME SHEET

Fax Timesheet to: **(281) 298-0845**

NAME: MELISSA GILLARD   JOB TITLE: OM SUP

SOCIAL SECURITY # 6067706537   LOCATION # 0419   PERIOD ENDING 05/21/08

| DAYS | DATE | IN | OUT | IN | OUT | IN | OUT | REG | OT | PTO | FUNER | REMOD | WEATH | MISC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| THU | | | | | | | | | | | | | | | |
| FRI | | | | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | | | |
| SUN | | | | | | | | | | | | | | | |
| MON | | | | | | | | | | | | | | | |
| TUE | | | | | | | | | | | | | | | |
| WED | | | | | | | | | | | | | | | |
| THU | | | | | | | | | | | | | | | |
| FRI | | | | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | | | |
| SUN | 05/19 | | | | | | | | | | | | | | |
| MON | 05/21 | 6:00AM | 12PM | 1PM | 4:30PM | | | | | | | | | | |
| TUE | | | | | | | | | | | | | | | |
| WED | 05/21 | | | 1PM | 4PM | | | | | | | | | | |

**MANAGER'S COMMENTS**

PUNCH IN ON 5/21 @ 1230p (TOTAL OF 7 HOURS) BY CHRIS GOVANI TO DO SALES.

**BI-WEEKLY TOTAL**

MELISSA GILLARD
EMPLOYEE PRINTED NAME

_[signature]_
EMPLOYEE SIGNATURE

Ron Particelli
MANAGER'S PRINTED NAME

_[signature]_   5-26-08
MANAGER'S SIGNATURE    DATE

I HEREBY CERTIFY THAT THE HOURS LISTED ABOVE ARE THE TOTAL HOURS WORKED BY ME DURING THE INDICATED PERIOD.

| Direct any correspondence to:<br>LABOR COMMISSIONER, STATE OF CALIFORNIA<br>Department of Industrial Relations<br>Division of Labor Standards Enforcement<br>6150 Van Nuys Boulevard, Room 206<br>Van Nuys, CA 91401<br>Tel: (818) 901-5315   Fax: (818) 901-5307 | EXHIBIT C2 |
|---|---|
| **PLAINTIFF:** Melissa Michelle Gillard<br>9255 Tamarack Avenue<br>Sun Valley, CA 91352-1324 | |
| **DEFENDANT:** Circuit City<br>6401 Canoga Avenue<br>Woodland Hills, CA 91367 | |
| **State Case Number**<br>17 - 50567    SJ | **NOTICE OF CLAIM FILED** |

A notice of your claim has been mailed to the above named defendant.
Your complaint was described as follows:

**Wages for 7.5 hours at $13.25 per hour earned from 5/19/08 to 5/21/08, claiming $99.38.**

**TOTAL CLAIMED = $99.38**

☒ and also alleging additional wages accrued pursuant to Labor Code Section 203 as a penalty at the rate of **$86.13** per day until paid, but not to exceed thirty days.

☐ and also alleging additional wages accrued pursuant to Labor Code Section 203.1, as a penalty of.................................... per day for issuance of an insufficient payroll check for an indeterminate number of days not to exceed thirty days.

In addition you may be subject to penalties due to the State of California, which may be assessed pursuant to Labor Code Section 210.
This claim may be settled immediately by mailing to this office a check or money order made payable to the **Plaintiff**. If the claim is disputed your employer will submit a written statement **in duplicate** of the facts and include payment of any amount conceded due, **plus penalties**. Payment must be accompanied by a separate or detachable itemized statement of any deductions made as provided by the Labor Code. No payroll deductions will be made from the amounts paid as penalties but you must report this amount as income.

We requested a written reply, in duplicate, to this letter within 10 days from the date below.

If this claim is not settled, it will be resolved as provided by Section 98 of the California Labor Code.

DATED: October 3, 2008

Susan Johnson          Deputy Labor Commissioner
818-901-5308

DLSE 546/PLT. (REV 9/96)          NOTICE OF CLAIM FILED          L.C. 98

**STATE OF CALIFORNIA**                                                          **Arnold Schwarzenegger, GOVERNOR**

**Department of Industrial Relations**
**DIVISION OF LABOR STANDARDS ENFORCEMENT**
6150 Van Nuys Boulevard, Room 206
Van Nuys, CA 91401
Tel: (818) 901-5315   Fax: (818) 901-5307



November 25, 2008

Melissa Michelle Gillard                     **Reply to: 17 - 50567    SJ**
9255 Tamarack Avenue
Sun Valley, CA   91352-1324

**EXHIBIT C3**

RE: Your claim v. Circuit City Stores, Inc.

Dear Ms. Gillard

Please be advised that the above mentioned employer has filed for bankruptcy protection. Therefore, we have no jurisdiction and are closing our file.

Please see the copy of filing attached. It is imperative that you file a claim with the Bankruptcy Court listed below.

The address for the Bankruptcy Court is as follows:

> United States Bankruptcy Court, For the Eastern District of
> Virginia, Richmond Division. Case Nos. 08-35653 thru 08-356-70
> CONTACT FOR FILING SECTION 503(b) (9) CLAIM FORM:
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

Sincerely,

*Susan Johnson*

Susan Johnson
Deputy Labor Commissioner

B 10 (Official Form 10) (12/07)



| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: **CIRCUIT CITY STORES, INC (TAX I.D NO. 54-0493875)**  Case Number: **08-35653**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **MELISSA GILLARD**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
**MELISSA GILLARD
9255 TAMARACK AVE
SUN VALLEY, CA 91352**

Telephone number: **818 422 2810 / 818 768 0979**

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ **2,689.98**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. **LABOR CODE SECTION 203 VIOLATION**

**2. Basis for Claim:** **CA LABOR CODE VIOLATION**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:** $_____  **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____  **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: **12/17/08**  Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RECEIVED
JAN 29 2009
KURTZMAN CARSON CONSULTANTS

**EXHIBIT C3**

December 17, 2008

**EXHIBIT C4**

To Whom It May Concern,

I, Melissa Michelle Gillard, filed a wage claim with the Division of Labor Standards Enforcement (DLSE) against Circuit City Inc. Wages for 8 hours at $13.25 per hour earned from 05/19/2008 to 05/21/08, claiming a total of $106. Also, alleging additional wages accrued pursuant to Labor Code Section 203 as a penalty at the rate of $86.13 per day until paid, but not to exceed thirty days. A total of $2,689.90.

Detailed Description of Claim: On 05/19/08, I was clocked out at 4:01pm however, was still working another half hour helping with customer returns. On 05/21/08 my timesheet only reflects the time that I came back from lunch. I came in at 6 a.m. went to lunch at 12 p.m. came back at 12:30 p.m. and clocked out for the day at 2 p.m. With both days, totaling 8 hours, I was not paid for. My dates of employment were 06/15/07 to 06/05/08. I received my "final" check on 06/10/08. This specific check did not include 05/19/08, 05/21/08, and 06/05/08. I informed my manager, Ron Particelli, of the matter and he said he would take care of it. On 07/02/08 I received a check for 06/05/08 but not for the other two days. Mr. Particelli said he would give me a call when the check came in. I did not hear from him as I tried to contact him on several occasions. Finally, on 10/03/08 I filed a wage claim with DLSE. My Deputy Labor Commissioner was Susan Johnson. On 11/03/08, 11/10/08, and 11/18/08 I called Deputy Johnson to check the status of my claim. I received a notice after Thanksgiving that I must pursue my claim with the Bankruptcy Court.

The following pages are supporting documents. The first page is my notice of claim filed. Attached to that is my timesheet with a manual timesheet to adjust the times of 05/19/08 and 05/21/08 that is faxed to the Corporate offices of Circuit City. The last two pages is the notice sent from DSLE to pursue my claim with the Bankruptcy court and a copy of my claim with the court.

If any further information is needed please feel free to contact me. Thank you for your time as it is greatly appreciated.

Melissa M. Gillard
(818) 689-6584
9255 Tamarack Ave
Sun Valley, Ca. 91352

**EXHIBIT C5**

To Whom It May Concern,

I oppose the relief requested in the Objection and pursue to file and serve a written response to the Objection. Listed below is a concise statement as to why the Bankruptcy Court should overrule the Objection. Also, attached to this statement are copies of documentation/evidence of the Claim.

According to California State Law I am legally entitled to what I have filed in October of 2008; Total wages for 7.5 hours at $13.25 per hour earned from 5/19/08 to 5/21/08, claiming $99.38 and also alleging additional wages accrued pursuant to Labor Code Section 203 as a penalty at the rate of $86.13 per day until paid, but not to exceed thirty days totaling an amount of $2,689.90. Thus, being the main reason why the Bankruptcy Court should overrule the objection.

Exhibit A identifies the notice of claim filed.
Exhibit B identifies the description/explanation of why claim was filed.
Exhibit C identitfies evidence as I was not paid for the total hours