

Jeffrey N Pomerantz, Esq.                                            Lynn L. Tavenner, Esq. (VA BarNo. 30083)

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In Re:  Circuit City Stores, Inc. et al,                    Case No. 08-35653-KRH

I am writing to object to Disallow Certain Claims ( Long Term Incentive Program) due to the following facts ( Claim 14621).

   a. The Long Term incentive letter attached to objection document is not the one in question ( see attached incentive letter that was originally filed).
   b. I was employed the date of first payment which was 50% of the $40,000 cash payment so I request that $20,000 be filed as a priority claim as it was due to me for fulfilling the requirements as stated.  The remaining amount can be classified as a unsecured claim.
   c. It was a cash retention award that should have been paid out on January 1, 2009 and there was no stipulations except to be employed at the time of payout.

I appreciate your help in resolving this matter and have submitted a copy of the terms of the cash retention award that clearly shows payment date which I was still an employee of Circuit City Stores.

*This should be allowed under wage claim 507(a) + 502(b)7*

Sincerely

Curtis Etheridge

19419 Red Sky Court

Land O Lakes, Fl 34638

727-512-8167

10128752,Etheridge,Curtis
N/A, 1/1/2008, Cash



January 3, 2008

Curtis Etheridge
119 Deer Creek Drive
Blythewood, SC  29016

Dear Curtis:

Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success.  To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

| | |
|---|---|
| Total Cash Retention Award: | $40,000 |
| Award Date: | January 1, 2008 |
| **Vesting Dates** | **Vesting %** |
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date.  If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date.  Your right to this Award is not contingent on corporate or individual performance.

<u>Forfeiture</u>.  If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

- 1 -

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

- 2 -

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

[signature]

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED: [signature]
_____
Associate Signature

_____
Printed Name

_____
Date

- 3 -



Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| In re: | : | Chapter 11 |
|---|---|---|
| CIRCUIT CITY STORES, INC., et al.,. | : | Case No. 08-35653-KRH |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF LIQUIDATING TRUST'S TWELFTH OMNIBUS OBJECTION TO
DISALLOW CERTAIN CLAIMS (LONG-TERM INCENTIVE PROGRAM)**

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Twelfth Omnibus Objection to Disallow Certain Claims (Long-Term Incentive Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Liquidating Trust is seeking to is seeking to disallow the LTIP Claims (as defined in the Objection).

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on April 14, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do not need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and
### Information Regarding the Hearing on the Objection

**Contents**. To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a

3

**Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**. You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**. Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust. Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases. In such event, you will receive a separate notice of any such objections.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653-KRH |
| | ) |
| CIRCUIT CITY STORES, INC.[1], et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**LIQUIDATING TRUST'S TWELFTH OMNIBUS OBJECTION TO
DISALLOW CERTAIN CLAIMS (LONG-TERM INCENTIVE PROGRAM)**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES**

**AND CLAIMS IN THE EXHIBITS ATTACHED TO THIS OBJECTION.**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Twelfth*

*Omnibus Objection to Disallow Certain Claims (Long-Term Incentive Program)* (the

"Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

12304-002\DOCS_SF:75632.4

not met. Accordingly, the Liquidating Trust requests an Order disallowing the LTIP Claims, set forth on **Exhibit A**, in their entirety.

## FACTUAL BACKGROUND

### A.    The Bankruptcy Cases

4.     On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

5.     On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

6.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

7.     On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

8.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009. The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009. Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

distribute the proceeds to creditors, including objections to claims. Under the Plan, objections to priority claims must be filed within 120 days of the Effective Date.

### (1)    *The DIP Credit Facility*

16.    On the Petition Date, the Court granted the Debtors interim authority to enter into that certain *Senior Secured, Super-Priority, Debtor in Possession Credit Agreement* (the "DIP Credit Facility"). *See* Order entered on November 10, 2008 (Docket No. 78). *See also* Order entered on December 23, 2008 (approving the DIP Credit Facility on a final basis) (Docket No. 1262). The DIP Credit Facility superseded all of the Debtors' pre-petition credit facilities.

17.    On February 17, 2009, the Court entered an Order approving a third and final amendment to the DIP Credit Facility (the "Amended DIP Order") (Docket 2252). Pursuant to the Amended DIP Order, the lenders' commitment under the DIP Credit Facility would reduce to zero and the Debtors were obligated to pay all indebtedness under the DIP Credit Facility by April 30, 2009.

18.    This wind down of the DIP Credit Facility coincided with the Debtors' wind down of its business operations. The Debtors paid all obligations under the DIP Credit Facility in February 2009. They completed their going out of business sales and closed their last set of remaining stores in March 2009. The DIP lenders' commitments to provide further credit pursuant to the DIP Credit Facility ended in April 30, 2009.

### B.    The Delisting of Circuit City's Stock from the New York Stock Exchange

19.    In November 2008, the New York Stock Exchange delisted Circuit City's stock after it had traded for less than a dollar on average in October 2008. After Circuit City's stock was delisted, it continued to trade over the counter "on pink slips." However, during 2010, which is the relevant time period for purposes of this Objection, the stock price never exceeded 15 cents a share.

## OBJECTION

### A. Burden of Proof

23. Pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly filed proof of claim is *prima facie* evidence of the validity of the claim. However, when an objection to a proof of claim raises sufficient evidence, the burden of proof shifts to the claimant to establish that the claim is allowable. *See In re Garvida*, 347 B.R. 697 (9th Cir. BAP 2006); *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Moreover, the holder of a claim always bears the burden of persuasion. *Id.*

24. As demonstrated below, this Objection rebuts the *prima facie* validity of the LTIP Claims. Therefore, the holders of the LTIP Claims bear both the burden of proof and the burden of persuasion to establish such Claims. Those burdens cannot be met.

### B. The Condition Necessary to Payment on the First Vesting Date Did Not Occur

25. As set forth above, the obligation to make the first payment pursuant to the Long-Term Incentive Program Participants was contingent on the availability of credit under Circuit City's credit facilities. This condition was not met because on the first vesting date, July 1, 2009, Circuit City had no available credit under the DIP Credit Facility. Months earlier, on April 30, 2009, the lenders' commitments under the DIP Credit Facility ended pursuant to the terms of the Amended DIP Order. The Amended DIP Order also set a deadline of April 30, 2009 for the Debtors to pay all obligations under the DIP Credit Facility. The Debtors paid these obligations in February, 2009.

26. In light of these facts, Circuit City did not have "excess availability" under the DIP Credit Facility on the first vesting date of July 1, 2009. In fact, Circuit City did not have

## RESERVATION OF RIGHTS

30. As noted above, the Liquidating Trust reserves the right to file objections to the LTIP Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

31. Notice of this Objection has been provided to the holders of the LTIP Claims (the "Long-Term Incentive Program Claimants") identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order"). The Liquidating Trust submits that the following methods of service upon the Long-Term Incentive Program Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the Long-Term Incentive Program Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Long-Term Incentive Program Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on a Long-Term Incentive Program Claimant's behalf in the Debtors' bankruptcy cases. The Liquidating Trust is serving the Long-Term Incentive Program Claimants with this Objection and with the exhibit on which the Long-Term Incentive Program Claim is listed.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
February 27, 2011

TAVENNER & BERAN, PLC

___/s/ Paula S. Beran___
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Objection is SUSTAINED.

2. The LTIP Claims identified on <u>Exhibit B</u> as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

3. The Liquidating Trust's rights to object to any claim including (without limitation) the LTIP Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

4. The Liquidating Trust shall serve a copy of this Order on the LTIP Claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2010

HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT B**

LTIP Claims to be Disallowed

## LTIP CLAIMS TO BE DISALLOWED

| Date Filed | Claim Number | Claimant Name and Address | Additional Notice Address | Classification as Filed | Claim Amount as filed | Debtor |
|---|---|---|---|---|---|---|
| 01/28/2009 | 7097 | ANDERSON, LEE ANN<br>2022 GROVE AVE<br>RICHMOND, VA 23220 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/27/2009 | 6293 | ARINGTON, MICHAEL SCOTT<br>14417 W MAUNA LOA LANE<br>SURPRISE, AZ 85379 | | Priority | $40,000.00 | Circuit City Stores West Coast, Inc. |
| 01/26/2009 | 5475 | BERGER, CYNDA ANN<br>1002 MITCHELL LN<br>EVANS, GA 30809 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/28/2009 | 7140 | CALABREE, LEONARD<br>176 WILLIAM FEATHER DR<br>VOORHEES, NJ 08043 | | General Unsecured<br>Priority | $40,000.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 01/28/2009 | 7189 | CALABREE, LEONARD<br>176 WILLIAM FEATHER DR<br>VOORHEES, NJ 08043 | | Priority | UNLIQUIDATED | Circuit City Stores, Inc. |
| 01/29/2009 | 9502 | CANCEL, MARCOS G<br>PLAZA 25 MF50 MARINA BAHIA<br>CATANO, PR 00962 | | Priority | $40,000.00 | Circuit City Stores PR, LLC |
| 01/26/2009 | 5485 | CASTLE, LINDA H<br>5601 HUNTERS GLEN DR<br>GLEN ALLEN, VA 23059 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 8103 | CULL, MICHAEL<br>W6483 ROCKY MT DR<br>GREENVILLE, WI 54942 | | Priority | $106.70 | Circuit City Stores, Inc. |
| 01/29/2009 | 8062 | DEVITT, PAUL<br>11812 BRANDONS CT<br>GLEN ALLEN, VA 23059 | | Priority | $800.00 | Circuit City Stores, Inc. |
| 01/27/2009 | 6028 | DING, JENNIFER S<br>5507 OLDE HARTLEY WAY<br>GLEN ALLEN, VA 23060 | | Priority | $40,000.00 | Circuit City Stores, Inc. |
| 09/09/2009 | 14621 | Etheridge Curtis W<br>19419 Red Sky Ct<br>Land O Lakes, FL 34638 | | General Unsecured<br>Priority | $29,050.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 01/27/2009 | 6686 | FREEMAN, JAMES M<br>10307 SAGEGLOW<br>HOUSTON, TX 77089 | | Priority | UNLIQUIDATED | Circuit City Stores, Inc. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT B**

LTIP Claims to be Disallowed

## LTIP CLAIMS TO BE DISALLOWED

| Date Filed | Claim Number | Claimant Name and Address | Additional Notice Address | Classification as Filed | Claim Amount as filed | Debtor |
|---|---|---|---|---|---|---|
| 01/26/2009 | 6144 | SESSOMS, JOHN D<br>7307 SADDLE OAKS DR<br>CARY, IL 60013 | | General Unsecured<br>Priority | $29,050.00<br>$10,950.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 8653 | vonBechmann, Dawn<br>Neil E McCullagh<br>Spotts Fain PC<br>411 E Franklin St Ste 600<br>Richmond, VA 23219 | Dawn vonBechmann<br>36 Countryside Ln<br>Richmond, VA 23229 | General Unsecured<br>Priority | $60,790.47<br>$4,209.53 | Circuit City Stores, Inc. |
| 01/29/2009 | 8655 | vonBechmann, Dawn<br>Neil E McCullagh<br>Spotts Fain PC<br>411 E Franklin St Ste 600<br>Richmond, VA 23219 | Dawn vonBechmann<br>36 Countryside Ln<br>Richmond, VA 23229 | General Unsecured<br>Priority | $126,257.14<br>$8,742.86 | Circuit City Stores, Inc. |
| 01/29/2009 | 7675 | ZARGARI, DAVID<br>11120 HUNTINGTON MEADOW LN<br>CHARLOTTE, NC 28273 | | Priority | $80,000.00 | Circuit City Stores, Inc. |
| 01/29/2009 | 7746 | ZENDEJAS, GENARO<br>11620 MANTOVA AVE<br>BAKERSFIELD, CA 93312 | | Priority | $5,000.00 | Circuit City Stores, Inc. |



2nd Vest Date:                January 1, 2010
Targeted Amount Vesting:     $▮▮▮▮
Performance Condition:       Total shareholder return based on the following stock prices:

| Closing Stock Price on Dec. 31, 2009 | % Payout of Targeted Amount Vesting |
|---|---|
| less than $3.00 | 0% |
| $3.00–$3.99 | 75% |
| $4.00–$4.99 | 100% |
| $5.00–$5.99 | 125% |
| $6.00–$6.99 | 175% |
| $7.00–$7.99 | 200% |
| $8.00–$8.99 | 225% |
| $9.00 or greater | 250% |

3rd Vest Date:                July 1, 2010
Targeted Amount Vesting:     $▮▮▮▮
Performance Condition:       Total shareholder return based on the following stock prices:

| Closing Stock Price on Vest Date | % Payout of Targeted Amount Vesting |
|---|---|
| less than $4.00 | 0% |
| $4.00–$4.99 | 75% |
| $5.00–$5.99 | 100% |
| $6.00–$6.99 | 125% |
| $7.00–$7.99 | 175% |
| $8.00–$8.99 | 200% |
| $9.00–$9.99 | 225% |
| $10.00 or greater | 250% |

If on the specified Vest Date no amount is earned or an amount less than the Targeted Amount is earned, the unearned portion of the Targeted Cash Incentive Amount for that Vest Date will roll-forward to the next Vest Date and may be earned if the minimum Performance Condition for the next Vest Date is achieved. Any amounts that are rolled forward to the next Vest Date are not eligible for more than a Target (100%) payout.

For purposes of the vesting and forfeiture requirements that follow, your employment with the "Company" includes your employment with Circuit City Stores, Inc. or with a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to each of the above Vest Dates is contingent on (i) your agreeing to the terms of this Award by signing and faxing this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vest Date. If you satisfy these

3. **Withholding Taxes**. On the Vest Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts, for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing this letter and faxing the entire letter as soon as possible, but in no event later than November 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
Associate Signature

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
Printed Name

10/31/08
Date

-4-