HODGSON RUSS LLP
James C. Thoman, Esquire
140 Pearl Street, Suite 100
Buffalo, NY   14202
Telephone: (716) 856-4000

*Attorneys for CC Acquisitions, L.P.*

and

CHRISTIAN & BARTON, LLP
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA  23219
Telephone:  (804) 697-4100

*Local Counsel for CC Acquisitions, L.P.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653<br>Jointly Administered |
| Debtors. | |

**CC ACQUISITIONS, L.P.'S RESPONSE TO SEVENTEENTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS**

CC Acquisitions, L.P. ("CC Acquisitions") by and through its counsel Hodgson Russ, LLP and local counsel Christian & Barton LLP respectfully submits this response (the "Response") to the trustee of the Circuit City Stores, Inc. Liquidating Trust's (the "Trust") Seventeenth Omnibus Objection to Landlord Claims which seeks to disallow Claim Nos. 12718,

12721, 12722, 12725, 13716, 14053, 14270, 14288, 14290, 14518, 14521, 14522, 14523, 14574 and 14577 (the "Motion").

## I.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

2. Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

### BACKGROUND

3. On November 10, 2008 (the "Petition Date") the above-captioned debtors (the "Debtors") filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

4. On September 10, 2010, the Court entered an Order confirming the Debtors' proposed plan of liquidation (the "Plan").

5. The Plan became effective on November 1, 2010 (the "Effective Date"). On the Effective Date, and pursuant to the Plan and the Liquidating Trust Agreement approved therewith, the Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and make distributions to creditors.

6. McDonald Mortgage Pass-Through Corporation (the "Originator") made various mortgage loans with respect to a number of locations leased by the Debtors including the following locations:

| LANDLORD | STORE NUMBER | LOCATION |
|---|---|---|
| CCI Trust 1994-1 | 4506 ("Little Rock 1") | 4339 Warden Road North Little Rock, AR  72116 |
| CCI Trust 1994-1 | 4505 ("Little | 109 Markham Park Drive |

| LANDLORD | STORE NUMBER | LOCATION |
|---|---|---|
|  | Rock 2") | Little Rock, AR  72211 |
| CCI Trust 1994-1 | 3515 ("Nashville") | 7669 Highway 70 South Nashville, TN  37221 |
| CCI Trust 1994-1 | 3517 ("Maplewood") | 1940 E. County Road D Maplewood, MN  55109 |
| CCI Louisiana Trust | 3506 ("Marrero") | 4945 Lapalco Boulevard Marrero, LA  70072 |
| CCI Trust 1994-1 | 6691 ("Humble") | 20465 Highway 59 Humble, TX  77338 |
| CCI Trust 1994-1 | 3314 ("Salem") | 435 Lancaster Drive Salem (Portland), OR  97301 |
| CCI Trust 1994-1 | 4502 ("Lewisville") | 2325 S. Stemmons Freeway Lewisville, TX  75067 |

collectively, the "Locations".

7. The Originator then transferred the mortgage loans and the collateral therefor to Manufacturers and Traders Trust Company, as trustee (the "Trustee") for the benefit of the holders of certain certificates issued pursuant to the terms of a Pooling and Servicing Agreement, dated as of November 10, 1994. The mortgage loans and collateral therefor were transferred to the Trustee. The certificates represented the beneficial interests in the mortgage loans, and entitled the certificate holders to a stream of payments.

8. Each loan was secured by a mortgage and assignment of leases and rents. The assignment of leases and rents provide for the payment of rents directly to the lender in the occurrence of an event of default.

9. There were defaults under the mortgage loans. The Trustee exercised its rights and remedies. The borrowers entered into deed in lieu of foreclosure agreements with respect to all of the Locations. At the direction of the Trustee, the properties were conveyed to CC Acquisitions in accordance with the terms of the deeds in lieu of foreclosure.

10. For all of the Locations, the Trustee assigned all of its rights with respect to the mortgage loan and related collateral documents to CC Acquisitions. The assignments contain

3

"anti-merger" language. CC Acquisitions is the assignee of all rights with respect to mortgage loans and assignments of rents and leases with respect to the Locations.

11. The Locations are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

12. The Court approved rejection of the leases with respect to all of the Locations as follows:

| Location | Store No. | Date Order Entered | Effective Date of Rejection | Docket No. of Order |
| --- | --- | --- | --- | --- |
| Marrero, LA | 3506 | 12/11/2008 | 12/31/2008 | 896 |
| Lewisville, TX | 6366 | 11/10/2008 | 11/10/2008 | 81 |
| Salem (Portland), OR | 6324 | 11/10/2008 | 11/10/2008 | 81 |
| Humble, TX | 6619 | 11/10/2008 | 11/10/2008 | 81 |
| Nashville, TN | 3515 | 3/3/2009 | 2/23/2009 | 2400 |
| Little Rock, AR | 4505 | 2/19/2009 | 3/11/2009 | 2242 |
| Maplewood, MN | 3137 | 2/19/2009 | 3/11/2009 | 2242 |
| Little Rock, AR | 4506 | 2/19/2009 | 3/11/2009 | 2242 |

13. On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $620,334.88 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Little Rock, Arkansas—Store No. 4506 ("Claim No. 12718"). On or about May 17, 2010, the Trustee transferred Claim No. 12718 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7633). A copy of Claim No. 12718 and the Transfer of Claim are annexed hereto as Exhibit "A".

14. On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $721,052.70 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Little Rock,

4

Arkansas—Store No. 4505 ("Claim No. 12721"). On or about May 17, 2010, the Trustee transferred Claim No. 12721 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7816). A copy of Claim No. 12721 and the Transfer of Claim are annexed hereto as Exhibit "B".

15.    On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $804,474.43 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Nashville, Tennessee—Store No. 3515 ("Claim No. 12722"). On or about May 17, 2010, the Trustee transferred Claim No. 12722 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7632). A copy of Claim No. 12722 and the Transfer of Claim are annexed hereto as Exhibit "C".

16.    On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $974,171.44 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Maplewood, Minnesota—Store No. 3137 ("Claim No. 12725"). On or about May 17, 2010, the Trustee transferred Claim No. 12725 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7631). A copy of Claim No. 12725 and the Transfer of Claim are annexed hereto as Exhibit "D".

17.    On or about June 29, 2009, CC Acquisitions timely filed a request for administrative expense claim in the amount of $114,350.26 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Maplewood, Minnesota—Store No. 3137 ("Claim No. 13716"). A copy of Claim No. 13716 is annexed hereto as Exhibit "E".

18. On or about June 29, 2009, CC Acquisitions timely filed a request for administrative expense claim in the amount of $93,342.13 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Marrero, Louisiana--Store No. 3506 ("Claim No. 14053"). A copy of Claim No. 14053 is annexed hereto as Exhibit "F".

19. On or about June 29, 2009, CC Acquisitions timely filed a request for administrative expense claim in the amount of $64,319.26 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Little Rock, Arkansas—Store No. 4506 ("Claim No. 14270"). A copy of Claim No. 14270 is annexed hereto as Exhibit "G".

20. On or about June 29, 2009, CC Acquisitions timely filed a request for administrative expense claim in the amount of $79,296.26 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Little Rock, Arkansas—Store No. 4505 ("Claim No. 14288"). A copy of Claim No. 14288 is annexed hereto as Exhibit "H".

21. On or about June 29, 2009, CC Acquisitions timely filed a request for administrative expense claim in the amount of $103,332.20 for post-petition, pre-rejection amounts due with respect to the lease for real property located at Nashville, Tennessee—Store No. 3515 ("Claim No. 14290"). A copy of Claim No. 14290 is annexed hereto as Exhibit "I".

22. On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8170) asserting a general unsecured claim in the amount of not less than $933,748.17 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Humble, Texas—Store No. 6619 ("Claim No. 14518"). A copy of Claim No. 14518 is annexed hereto as Exhibit "J".

23. On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8626) asserting a general unsecured claim in the amount of not less

6

than $715,734.85 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Portland (Salem), Oregon—Store No. 6324 ("Claim No. 14521"). A copy of Claim No. 14521 is annexed hereto as Exhibit "K".

24. On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8627) asserting a general unsecured claim in the amount of not less than $826,028.91 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Marrero, Louisiana—Store No. 3506 ("Claim No. 14522"). A copy of Claim No. 14522 is annexed hereto as Exhibit "L".

25. On or about July 23, 2009, the Trustee timely filed an amended proof of claim (amending Claim No. 8421) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366 ("Claim No. 14523"). On or about May 17, 2010, the Trustee transferred Claim No. 14523 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7630). A copy of Claim No. 14523 and the Transfer of Claim are annexed hereto as Exhibit "M".

26. On or about September 2, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 14523) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366 ("Claim No. 14574"). A copy of Claim No. 14574 is annexed hereto as Exhibit "N".

27. On or about September 2, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 14523) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the

7

lease for real property located at Lewisville, Texas—Store No. 6366 ("Claim No. 14577"). A copy of Claim No. 14577 is annexed hereto as Exhibit "O".

28. Claim Nos. 12718, 12721, 12722, 12725, 13716, 14053, 14270, 14288, 14290, 14518, 14521, 14522, 14523, 14574 and 14577 shall be referred to collectively as the "Claims".

29. Annexed hereto as Exhibit "P" is a declaration of Ron Petit, Vice-President of CC Acquisitions, L.P. (the "Declaration") providing facts relevant to this response to the Motion.

### III.

### RESPONSE

30. The Motion seeks to expunge the Claims filed by CC Acquisitions based upon the Trust's assertion that its books and records do not reflect that the Debtors are obligated to CC Acquisitions under the leases. The Trustee exercised its rights pursuant to the loan documents, including an assignment of leases and rents. The Trustee subsequently assigned to CC Acquisitions all of its rights pursuant to the loan documents. Therefore, CC Acquisitions is entitled to an pursue all of the claims the landlord would have been entitled to pursue against the Trust.

31. CC Acquisitions has provided detailed accounting with respect to the pre and post-petition amounts owed by the Debtor in support of the Claims. Accordingly, the Trust's Motion should be denied with respect to all of the Claims, except Claim No. 14523 and Claim No. 14574. CC Acquisition has no objection to expunging Claim No. 14523 and Claim No. 14574 as duplicative, so long as Claim No. 14577 is deemed to relate back to the original timely filed claim it amends (Claim No. 8421). This relation back must be addressed in any order which expunges Claim No. 14523 and Claim No. 14574.

8

32. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001(f). "Even if there is an objection filed to the claim, the evidentiary effect of 3001(f) remains in force." *In re L. Washington and Associates, Inc.,* 2000 Bankr. LEXIS 1427, 6 (Bankr. E.D. Pa. 2000) *citing In re: Wells*, 51 B.R. 563, 566 (D. Col. 1985). The objecting party carries the burden of going forward with evidence in support of its objection. The objector's evidence must be of probative force equal to that of the allegations contained in the creditor's proof of claim. *Id.* For the objecting party to rebut the *prima facie* evidence, the objector "must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claims legal sufficiency." *Id. Quoting In re Alleghany International, Inc.,* 954 F. 2d 167, 173 (3d Cir. 1982). The Trust has not sustained the burden of proof as he has merely provided conclusory statements to support the attempt to expunge CC Acquisitions' claims.

### IV.

### RESERVATION OF RIGHTS

33. CC Acquisitions hereby reserves its rights to amend, modify or supplement this Response, including but not limited to, providing additional documentation or evidence in support of the claims.

### V.

### CONCLUSION

34. For the reasons set forth herein, CC Acquisitions respectfully requests that the Trust's Motion be denied in its entirety and granting CC Acquisitions such other and further relief as may be just and proper.

Dated: April 7, 2011          **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112
*Local Counsel for CC Acquisitions, L.P.*

—and—

HODGSON RUSS LLP
James C. Thoman, Esquire
140 Pearl Street, Suite 100
Buffalo, NY 14202
Telephone: (716) 856-4000
*Attorneys for CC Acquisitions, L.P.*

**CERTIFICATE OF SERVICE**

I, Jennifer M. McLemore, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1142625

10