EXHIBIT A

Form 210A (10/06)

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY
### PURSUANT TO FED. R. BANKR. P. 3001(e)(2)
### AND TRANSFEROR'S WAIVER OF NOTICE

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a) by Manufacturers and Traders Trust Company, as Trustee (the "Transferor) and filed on the Claims Register for the above-captioned bankruptcy case. All right, title and interest in and to the claim has been sold and transferred, for other than security, described as follows:

1.    Person or entity to whom the claim has been transferred (the "Transferee"):

Name:  CC Acquisitions, L.P.      Telephone No.  (212) 576-4575

Address:      CC Acquisitions, L.P.
              Attention: Vivian Dubin
              c/o NY Life Insurance Company
              51 Madison Avenue
              New York, NY 10010

2.    Date of Transfer of Claim:  March 31, 2010

3.    Type of Claim:  General Unsecured

4.    Amount of Claim:  Not less than $620,334.88

5.    Date of Filing Proof of Claim:  April 30, 2009

6.    Claim No.:  12718 (the "Claim")

7.    Transferor:    Manufacturers and Traders Trust Company, as Trustee
                     c/o Hodgson Russ LLP
                     Attn:  Deborah J. Piazza, Esq.
                     60 East 42nd Street, 37th Floor
                     New York, NY  10165

8.    A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

PLEASE TAKE NOTICE that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: 4|12|10                          Dated: _____

TRANSFEROR:                         TRANSFEREE:

MANUFACTURERS AND TRADERS            CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE            By: NYLIFE Real Estate Holdings, LLC,
                                    it's General Partner

By: _____                 By: _____
    Nancy L. George                     Vivian Dubin
    Vice President                      Secretary

8.      A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

        **PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: _____                    Dated: 5/17/2010

TRANSFEROR:                                  TRANSFEREE:

MANUFACTURERS AND TRADERS                    CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE                    By: NYLIFE Real Estate Holdings, LLC,
                                             it's General Partner

By: _____                        By: _____
      Nancy L. George                              Vivian Dubin
      Vice President                               Secretary

**Date: May 24, 2010**

**Submitted by:**

**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**

By:     <u>/s/ Augustus C. Epps, Jr.</u>
          Augustus C. Epps, Jr., Esquire (VSB No. 13254)
          Michael D. Mueller, Esquire (VSB No. 38216)
          Jennifer M. McLemore, Esquire (VSB No. 47164)
          CHRISTIAN & BARTON, LLP
          909 E. Main Street, Suite 1200
          Richmond, Virginia 23219-3095
          (804) 697-4129
          (804) 697-6129 (facsimile)

          *Counsel for Manufacturers and Traders Trust Company, as Trustee*

# EXHIBIT A

#12718

**B 10 (Official Form 10) (12/07)**

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted : (Check only one box below)**

☒ Circuit City Stores, Inc. (Case No. 08-35653)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
☐ InterTAN, Inc. (Case No. 08-35655)
☐ Ventoux International, Inc. (Case No. 08-35656)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
☐ CC Aviation, LLC (Case No. 08-35658)

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
☐ Circuit City Stores PR, LLC (Case No. 08-35660)
☐ Circuit City Properties, LLC (Case No. 08-35661)
☐ Orbyx Electronics, LLC (Case No. 08-35662)
☐ Kinzer Technology, LLC (Case No. 08-35663)
☐ Courchevel, LLC (Case No. 08-35664)

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, LLC (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

**Name of Creditor (the person or other entity to whom the debtor owes money or property):**
Manufacturers and Traders Trust Company, as Trustee

**Name and address where notices should be sent:**
c/o Hodgson Russ LLP
Attn: Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York 10165

Telephone number: (212) 661-3535

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above):**
Manufacturers and Traders Trust Company, as Trustee
One M&T Plaza
Buffalo, New York 14203

Telephone number: (716) 853-7980

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ Not less than $620,334.88 (Refer to annexed Exhibit B)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Amounts due under Lease and related agreements - Store No. 4506 - Little Rock, AR
(See instruction #2 on reverse side.) (Refer to annexed Exhibits A and C)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date:**
April 28, 2009

**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Manufacturers and Traders Trust Company, as Trustee

By: _____
Nancy L. George, Vice President, Corporate Trust Department

FOR COURT USE ONLY

RECEIVED
APR 30 2009
KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090430000000000045

### EXHIBIT A TO PROOF OF CLAIM FILED BY
### MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
### LITTLE ROCK, ARKANSAS - STORE NO. 4506

Manufacturers and Traders Trust Company, as Trustee ("M&T"), submits this Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 30, 1994, related to the premises located at Little Rock, Arkansas, Store No. 4506, as more fully-described in the Lease (the "Lease"), which has been assigned to M&T as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On February 19, 2009, the Court entered an Order Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free And Clear Of All Interest, (B) Assumption And Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Order"), authorizing the Debtors to reject certain unexpired real property leases upon notice to the lessor. On March 4, 2009, the Debtors filed the Notice of Rejection of Unexpired Lease and Abandonment of Personal Property [Docket No. 2419], rejecting the Lease effective as of March 11, 2009.

On March 26, 2009, the Court entered the Stipulation and Order [Docket No. 2762], providing that all rejection damage claims with respect to leases rejected pursuant either to an order of this Court entered on or after March 1, 2009 and prior to April 1, 2009, authorizing the rejection of one or more unexpired leases of nonresidential real property or to a notice given prior to April 1, 2009, pursuant to the Court's February 19, 2009 Order, shall be deemed timely filed if filed on or before April 30, 2009, regardless of whether or not April 30, 2009 is more than thirty days after the applicable notice is given.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, M&T has an aggregate claim in an amount not less than $620,334.88 against the Debtors which represents: (1) rejection damages in the amount of $506,122.92; (2) prepetition claims in the present amount of $57,577.72; and (3) actual damages under the lease in the present amount of $56,634.24. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

M&T reserves the right to amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional amounts and/or claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect M&T from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of M&T's rights, claims or defenses against any person, entity or property; (b) a waiver or release of M&T's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by M&T to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which M&T may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving M&T, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT B TO PROOF OF CLAIM FILED BY
MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
LITTLE ROCK, ARKANSAS  (STORE NO. 4506)**

**Claim Analysis and Calculation**

| Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994 Store No.  4506 - Little Rock, Arkansas - 4339 Warden Road North 72116 | | |
|---|---|---|
| **Claim for Rejection Damages under 11 U.S.C. 502(b)(6)** | | |
| Total rent reserved through end of term (110 months): | $3,374,152.79 | |
| Fifteen percent of total rent reserved (above): | 506,122.92 | |
| Rent reserved for one year from Petition Date: | 368,089.40 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$506,122.92** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $34,636.88 | |
| Prepetition Taxes Outstanding: | 22,940.84 | |
| Prepetition Common Area Maintenance Outstanding: | To be determined ("TBD") | |
| **Subtotal of Prepetition Claim:** | | **$57,577.72** |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,943.73 | |
| Trustee's Attorneys Fees*: | 10,703.25 | |
| Local Trustee's Attorneys Fees*: | 19,081.79 | |
| Special Trustee's Attorneys Fees*: | 1,250.00 | |
| Insurance: | 10,505.47 | |
| Broker Opinions: | 4,750.00 | |
| Environmentals: | 6,400.00 | |
| Appraisal Fee: | TBD | |
| Landlord's Legal Costs: | TBD | |
| HVAC Repair: | TBD | |
| Inspection Fees: | TBD | |
| HVAC Inspection: | TBD | |
| Sign Removal: | TBD | |
| Re-key: | TBD | |
| **Subtotal of Damages Under Lease:** | | **$56,634.24** |
| **TOTAL PROOF OF CLAIM:** | | **$620,334.88** |

\*  M&T reserves its right to amend and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.  Further, a portion of the attorneys' fees included herein may constitute an administrative expense amount and nothing set forth herein shall preclude M&T from asserting such amounts as part of an administrative expense claim.

002000/09569 Litigation 6715749v1

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

# EXHIBIT B

Form 210A (10/06)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor.

Chapter 11
Case No.  08-35653
Jointly Administered

Hon. Kevin R. Huennekens, U.S.B.J.

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY
## PURSUANT TO FED. R. BANKR. P. 3001(e)(2)
## AND TRANSFEROR'S WAIVER OF NOTICE

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a) by Manufacturers and Traders Trust Company, as Trustee (the "Transferor) and filed on the Claims Register for the above-captioned bankruptcy case.  All right, title and interest in and to the claim has been sold and transferred, for other than security, described as follows:

1.  Person or entity to whom the claim has been transferred (the "Transferee"):

Name: CC Acquisitions, L.P.    Telephone No.  (212) 576-4575

Address:    CC Acquisitions, L.P.
            Attention: Vivian Dubin
            c/o NY Life Insurance Company
            51 Madison Avenue
            New York, NY 10010

2.  Date of Transfer of Claim: April 1, 2010

3.  Type of Claim: General Unsecured

4.  Amount of Claim: Not less than $721,052.70

5.  Date of Filing Proof of Claim: April 30, 2009

6.  Claim No.: 12721 (the "Claim")

7.  Transferor:    Manufacturers and Traders Trust Company, as Trustee
                   c/o Hodgson Russ LLP
                   Attn:  Deborah J. Piazza, Esq.
                   60 East 42nd Street, 37th Floor
                   New York, NY  10165

8.    A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: 4|12|10

TRANSFEROR:

MANUFACTURERS AND TRADERS
TRUST COMPANY, AS TRUSTEE

By: _____
    Nancy L. George
    Vice President

Dated: _____

TRANSFEREE:

CC ACQUISITIONS L.P.
By: NYLIFE Real Estate Holdings, LLC,
    it's General Partner

By: _____
    Vivian Dubin
    Secretary

8.    A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as <u>Exhibit A</u>.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: _____                              Dated: _____

TRANSFEROR:                                      TRANSFEREE:

MANUFACTURERS AND TRADERS                        CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE                         By: NYLIFE Real Estate Holdings, LLC,
                                                 it's General Partner

By: _____                     By: _____
      Nancy L. George                                  Vivian Dubin
      Vice President                                   Secretary

**Date: June 14, 2010**

**Submitted by:**

**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**


By:      /s/ Augustus C. Epps, Jr.
         Augustus C. Epps, Jr., Esquire (VSB No. 13254)
         Michael D. Mueller, Esquire (VSB No. 38216)
         Jennifer M. McLemore, Esquire (VSB No. 47164)
         CHRISTIAN & BARTON, LLP
         909 E. Main Street, Suite 1200
         Richmond, Virginia 23219-3095
         (804) 697-4129
         (804) 697-6129 (facsimile)

         *Counsel for Manufacturers and Traders Trust Company, as Trustee*

# EXHIBIT A

#12721

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |

**Debtor against which claim is asserted : (Check only one box below):**

☒ Circuit City Stores, Inc. (Case No. 08-35653)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
☐ InterTAN, Inc. (Case No. 08-35655)
☐ Ventoux International, Inc. (Case No. 08-35656)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
☐ CC Aviation, LLC (Case No. 08-35658)

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
☐ Circuit City Stores PR, LLC (Case No. 08-35660)
☐ Circuit City Properties, LLC (Case No. 08-35661)
☐ Orbyx Electronics, LLC (Case No. 08-35662)
☐ Kinzer Technology, LLC (Case No. 08-35663)
☐ Courchevel, LLC (Case No. 08-35664)

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, LLC (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Manufacturers and Traders Trust Company, as Trustee

**Name and address where notices should be sent:**
c/o Hodgson Russ LLP
Attn: Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York  10165
Telephone number: (212) 661-3535

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

**Name and address where payment should be sent (if different from above):**
Manufacturers and Traders Trust Company, as Trustee
One M&T Plaza
Buffalo, New York  14203
Telephone number: (716) 853-7960

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $ Not less than $721,052.70  (Refer to annexed Exhibit B)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Amounts due under Lease and related agreements - Store No. 4505 - Little Rock, AR
(See instruction #2 on reverse side.)   (Refer to annexed Exhibits A and C)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date:
April 28, 2009 | Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Manufacturers and Traders Trust Company, as Trustee

By: _____
Nancy L. George, Vice President, Corporate Trust Department | FOR COUR~ RECEIVED

'APR 3 0 2009

KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*



☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090043000000000044

## EXHIBIT A TO PROOF OF CLAIM FILED BY
## MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
## LITTLE ROCK, ARKANSAS - STORE NO. 4505

Manufacturers and Traders Trust Company, as Trustee ("M&T"), submits this Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 30, 1994, related to the premises located at Little Rock, Arkansas, Store No. 4505, as more fully-described in the Lease (the "Lease"), which has been assigned to M&T as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On February 19, 2009, the Court entered an Order Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free And Clear Of All Interest, (B) Assumption And Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Order"), authorizing the Debtors to reject certain unexpired real property leases upon notice to the lessor. On March 4, 2009, the Debtors filed the Notice of Rejection of Unexpired Lease and Abandonment of Personal Property [Docket No. 2419], rejecting the Lease effective as of March 11, 2009.

On March 26, 2009, the Court entered the Stipulation and Order [Docket No. 2762], providing that all rejection damage claims with respect to leases rejected pursuant either to an order of this Court entered on or after March 1, 2009 and prior to April 1, 2009, authorizing the rejection of one or more unexpired leases of nonresidential real property or to a notice given prior to April 1, 2009, pursuant to the Court's February 19, 2009 Order, shall be deemed timely filed if filed on or before April 30, 2009, regardless of whether or not April 30, 2009 is more than thirty days after the applicable notice is given.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, M&T has an aggregate claim in an amount not less than $721,052.70 against the Debtors which represents: (1) rejection damages in the amount of $581,979.66; (2) prepetition claims in the present amount of $73,763.03; and (3) actual damages under the lease in the present amount of $65,310.01. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

M&T reserves the right to amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional amounts and/or claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect M&T from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of M&T's rights, claims or defenses against any person, entity or property; (b) a waiver or release of M&T's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by M&T to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which M&T may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving M&T, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

EXHIBIT B TO PROOF OF CLAIM FILED BY
MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
LITTLE ROCK, ARKANSAS  (STORE NO. 4505)

Claim Analysis and Calculation

Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994
Store No.  4505 - Little Rock, Arkansas - 109 Markham Park Drive 72211

| Claim for Rejection Damages under 11 U.S.C. 502(b)(6) | | |
|---|---|---|
| Total rent reserved through end of term (110 months): | $3,879,864.40 | |
| Fifteen percent of total rent reserved (above): | 581,979.66 | |
| Rent reserved for one year from Petition Date: | 423,257.94 | |
| Subtotal of Rejection Damages Claim (greater of the two): | | $581,979.66 |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $37,935.63 | |
| Prepetition Taxes Outstanding: | 35,827.40 | |
| Prepetition Common Area Maintenance Outstanding: | To be determined ("TBD") | |
| Subtotal of Prepetition Claim: | | $73,763.03 |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,943.73 | |
| Trustee's Attorneys Fees*: | 10,703.25 | |
| Local Trustee's Attorneys Fees*: | 19,081.79 | |
| Special Trustee's Attorneys Fees*: | 1,250.00 | |
| Insurance: | 19,181.24 | |
| Broker Opinions: | 4,750.00 | |
| Environmentals: | 6,400.00 | |
| Appraisal Fee: | TBD | |
| Landlord's Legal Costs: | TBD | |
| HVAC Repair: | TBD | |
| Inspection Fees: | TBD | |
| HVAC Inspection: | TBD | |
| Sign Removal: | TBD | |
| Re-key: | TBD | |
| Subtotal of Damages Under Lease: | | $65,310.01 |
| TOTAL PROOF OF CLAIM: | | $721,052.70 |

\*  M&T reserves its right to amend and/or supplement this Claim at any time to reflect additional attorneys' fees
incurred.  Further, a portion of the attorneys' fees included herein may constitute an administrative expense amount
and nothing set forth herein shall preclude M&T from asserting such amounts as part of an administrative expense
claim.

002000/09569 Litigation 6715748v1

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

EXHIBIT C

Form 210A (10/06)

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY
## PURSUANT TO FED. R. BANKR. P. 3001(e)(2)
## AND TRANSFEROR'S WAIVER OF NOTICE

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a) by Manufacturers and Traders Trust Company, as Trustee (the "Transferor) and filed on the Claims Register for the above-captioned bankruptcy case.  All right, title and interest in and to the claim has been sold and transferred, for other than security, described as follows:

1.  Person or entity to whom the claim has been transferred (the "Transferee"):

Name:  CC Acquisitions, L.P.      Telephone No.  (212) 576-4575

Address:    CC Acquisitions, L.P.
Attention: Vivian Dubin
c/o NY Life Insurance Company
51 Madison Avenue
New York, NY 10010

2.  Date of Transfer of Claim: April 1, 2010

3.  Type of Claim:  General Unsecured

4.  Amount of Claim:  Not less than $804,474.43

5.  Date of Filing Proof of Claim:  April 30, 2009

6.  Claim No.:  12722 (the "Claim")

7.  Transferor:    Manufacturers and Traders Trust Company, as Trustee
c/o Hodgson Russ LLP
Attn:  Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, NY  10165

8.    A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: 4/12/10                              Dated: _____

TRANSFEROR:                                 TRANSFEREE:

MANUFACTURERS AND TRADERS                   CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE                   By: NYLIFE Real Estate Holdings, LLC,
                                            it's General Partner

By: _____                 By: _____
      Nancy L. George                              Vivian Dubin
      Vice President                               Secretary

8.    A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: _____

TRANSFEROR:

MANUFACTURERS AND TRADERS
TRUST COMPANY, AS TRUSTEE


By: _____
    Nancy L. George
    Vice President

Dated: 5/17/2010

TRANSFEREE:

CC ACQUISITIONS L.P.
By: NYLIFE Real Estate Holdings, LLC,
it's General Partner

By: _____
    Vivian Dubin
    Secretary

**Date: May 24, 2010**

**Submitted by:**

**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**


By:     /s/ Augustus C. Epps, Jr.
         Augustus C. Epps, Jr., Esquire (VSB No. 13254)
         Michael D. Mueller, Esquire (VSB No. 38216)
         Jennifer M. McLemore, Esquire (VSB No. 47164)
         CHRISTIAN & BARTON, LLP
         909 E. Main Street, Suite 1200
         Richmond, Virginia 23219-3095
         (804) 697-4129
         (804) 697-6129 (facsimile)

         *Counsel for Manufacturers and Traders Trust Company, as Trustee*

# EXHIBIT A

#12722

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :**  (Check only **one** box below:)

☒ Circuit City Stores, Inc. (Case No. 08-35653)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
☐ InterTAN, Inc. (Case No. 08-35655)
☐ Ventoux International, Inc. (Case No. 08-35656)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
☐ CC Aviation, LLC (Case No. 08-35658)

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
☐ Circuit City Stores PR, LLC (Case No. 08-35660)
☐ Circuit City Properties, LLC (Case No. 08-35661)
☐ Orbyx Electronics, LLC (Case No. 08-35662)
☐ Kinzer Technology, LLC (Case No. 08-35663)
☐ Courchevel, LLC (Case No. 08-35664)

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, LLC (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Manufacturers and Traders Trust Company, as Trustee

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**
c/o Hodgson Russ LLP
Attn: Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York 10165
Telephone number: (212) 661-3535

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above):**
Manufacturers and Traders Trust Company, as Trustee
One M&T Plaza
Buffalo, New York 14203
Telephone number: (716) 853-7960

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**     $ Not less than $804,474.43 (Refer to annexed Exhibit B)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  Amounts due under Lease and related agreements - Store No. 3515 - Nashville, TN
(See instruction #2 on reverse side.)          (Refer to annexed Exhibits A and C)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐  Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐  Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐  Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐  Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐  Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐  Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date:**
April 29, 2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Manufacturers and Traders Trust Company, as Trustee

By: _____
Nancy L. George, Vice President, Corporate Trust Department

FOR COURT USE ONLY

RECEIVED
APR 30 2009
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090043000000000043

**EXHIBIT A TO PROOF OF CLAIM FILED BY**
**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**
**NASHVILLE, TENNESSEE - STORE NO. 3515**

Manufacturers and Traders Trust Company, as Trustee ("M&T"), submits this Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, dated November 30, 1994 related to the premises located at Nashville, Tennessee, Store No.3515, as more fully-described in the Lease (the "Lease"), which has been assigned to M&T as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On March 3, 2009, the Court entered an Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property (the "Order") [Docket No. 2400], authorizing the Debtors to reject the Lease effective February 23, 2009.

On March 26, 2009, the Court entered the Stipulation and Order [Docket No. 2762], providing that all rejection damage claims with respect to leases rejected pursuant either to an order of this Court entered on or after March 1, 2009 and prior to April 1, 2009, authorizing the rejection of one or more unexpired leases of nonresidential real property or to a notice given prior to April 1, 2009, pursuant to the Court's February 19, 2009 Order shall be deemed timely filed if filed on or before April 30, 2009, regardless of whether or not April 30, 2009 is more than thirty days after the applicable notice is given.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, M&T has an aggregate claim in an amount not less than $804,474.43 against the Debtors which represents: (1) rejection damages in the amount of $641,997.67; (2) prepetition claims in the present amount of $94,472.50; and (3) actual damages under the lease in the present amount of $68,004.26. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

M&T reserves the right to amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional amounts and/or claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect M&T from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of M&T's rights, claims or defenses against any person, entity or property; (b) a waiver or release of M&T's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by M&T to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which M&T may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving M&T, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT B TO PROOF OF CLAIM FILED BY**
**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**
**NASHVILLE, TENNESSEE  (STORE NO. 3515)**

**Claim Analysis and Calculation**

| Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994 Store No.  3515 - Nashville, Tennessee - 7669 Highway 70 South  37221 |
|---|

| | | |
|---|---|---|
| **Claim for Rejection Damages under 11 U.S.C. 502(b)(6)** | | |
| Total rent reserved through end of term (110 months): | $4,279,984.47 | |
| Fifteen percent of total rent reserved (above): | 641,997.67 | |
| Rent reserved for one year from Petition Date: | 466,907.40 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$641,997.67** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $40,134.80 | |
| Prepetition Taxes Outstanding: | 54,337.70 | |
| Prepetition Common Area Maintenance Outstanding: | To be determined ("TBD") | |
| **Subtotal of Prepetition Claim:** | | **$94,472.50** |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,943.73 | |
| Trustee's Attorneys Fees*: | 10,703.25 | |
| Local Trustee's Attorneys Fees*: | 19,081.79 | |
| Special Trustee's Attorneys Fees*: | 2,832.42 | |
| Insurance: | 20,293.07 | |
| Broker Opinions | 4,750.00 | |
| Environmentals: | 6,400.00 | |
| Appraisal Fee: | TBD | |
| Landlord's Legal Costs: | TBD | |
| HVAC Repair: | TBD | |
| Inspection Fees: | TBD | |
| HVAC Inspection: | TBD | |
| Sign Removal: | TBD | |
| Re-key: | TBD | |
| **Subtotal of Damages Under Lease:** | | **$68,004.26** |
| **TOTAL PROOF OF CLAIM:** | | **$804,474.43** |

\*  M&T reserves its right to amend and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.  Further, a portion of the attorneys' fees included herein may constitute an administrative expense amount and nothing set forth herein shall preclude M&T from asserting such amounts as part of an administrative expense claim.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

# EXHIBIT D

Form 210A (10/06)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                                    Chapter 11
                                                          Case No. 08-35653
        CIRCUIT CITY STORES, INC., et al.                 Jointly Administered

                                Debtor.                   Hon. Kevin R. Heunnekens, U.S.B.J.

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY
### PURSUANT TO FED. R. BANKR. P. 3001(e)(2)
### AND TRANSFEROR'S WAIVER OF NOTICE

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C.
§ 1111(a) by Manufacturers and Traders Trust Company, as Trustee (the "Transferor) and filed on the
Claims Register for the above-captioned bankruptcy case. All right, title and interest in and to the claim
has been sold and transferred, for other than security, described as follows:

1.    Person or entity to whom the claim has been transferred (the "Transferee"):

      Name:  CC Acquisitions, L.P.        Telephone No.  (212) 576-4575

      Address:      CC Acquisitions, L.P.
                    Attention: Vivian Dubin
                    c/o NY Life Insurance Company
                    51 Madison Avenue
                    New York, NY 10010

2.    Date of Transfer of Claim:  April 1, 2010

3.    Type of Claim:  General Unsecured

4.    Amount of Claim:  Not less than $974,171.44

5.    Date of Filing Proof of Claim:  April 30, 2009

6.    Claim No.:  12725 (the "Claim")

7.    Transferor:      Manufacturers and Traders Trust Company, as Trustee
                       c/o Hodgson Russ LLP
                       Attn:  Deborah J. Piazza, Esq.
                       60 East 42nd Street, 37th Floor
                       New York, NY  10165

8.    A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as <u>Exhibit A</u>.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: 4|12|10                                            Dated: _____

TRANSFEROR:                                         TRANSFEREE:

MANUFACTURERS AND TRADERS              CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE               By: NYLIFE Real Estate Holdings, LLC,
                                                              it's General Partner

By: _____              By: _____
     Nancy L. George                               Vivian Dubin
     Vice President                                   Secretary

8.      A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as <u>Exhibit A</u>.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: _____            Dated: 5/17/2010

TRANSFEROR:                   TRANSFEREE:

MANUFACTURERS AND TRADERS      CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE      By: NYLIFE Real Estate Holdings, LLC,
                              it's General Partner

By: _____      By: _____
     Nancy L. George                Vivian Dubin
     Vice President                 Secretary

Date: May 24, 2010

Submitted by:

MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE


By:    /s/ Augustus C. Epps, Jr.
       Augustus C. Epps, Jr., Esquire (VSB No. 13254)
       Michael D. Mueller, Esquire (VSB No. 38216)
       Jennifer M. McLemore, Esquire (VSB No. 47164)
       CHRISTIAN & BARTON, LLP
       909 E. Main Street, Suite 1200
       Richmond, Virginia 23219-3095
       (804) 697-4129
       (804) 697-6129 (facsimile)

       *Counsel for Manufacturers and Traders Trust Company, as Trustee*

# EXHIBIT A

#12725

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |

**Debtor against which claim is asserted :** (Check only one box below):

☒ Circuit City Stores, Inc. (Case No. 08-35653)  ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)  ☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)  ☐ Circuit City Stores PR, LLC (Case No. 08-35660)  ☐ Mayland Mall, LLC (Case No. 08-35666)
☐ InterTAN, Inc. (Case No. 08-35655)  ☐ Circuit City Properties, LLC (Case No. 08-35661)  ☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Ventoux International, Inc. (Case No. 08-35656)  ☐ Orbyx Electronics, LLC (Case No. 08-35662)  ☐ Sky Venture Corporation (Case No. 08-35668)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)  ☐ Kinzer Technology, LLC (Case No. 08-35663)  ☐ XSStuff, LLC (Case No. 08-35669)
☐ CC Aviation, LLC (Case No. 08-35658)  ☐ Courchevel, LLC (Case No. 08-35664)  ☐ PRAHS, INC. (Case No. 08-35670)

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Manufacturers and Traders Trust Company, as Trustee

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
c/o Hodgson Russ LLP
Attn: Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York 10165

Telephone number: (212) 661-3535

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
Manufacturers and Traders Trust Company, as Trustee
One M&T Plaza
Buffalo, New York 14203

Telephone number: (716) 853-7960

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ Not less than $974,171.44 (Refer to annexed Exhibit B)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Amounts due under Lease and related agreements - Store No. 3137 - Maplewood, MN
(See instruction #2 on reverse side.) (Refer to annexed Exhibits A and C)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date:
April 29, 2009

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Manufacturers and Traders Trust Company, as Trustee

By: _____
Nancy L. George, Vice President, Corporate Trust Department

FOR COURT USE ONLY

RECEIVED

APR 3 0 2009

KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835663090430000000000042

## EXHIBIT A TO PROOF OF CLAIM FILED BY
## MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
## MAPLEWOOD, MINNESOTA - STORE NO. 3137

Manufacturers and Traders Trust Company, as Trustee ("M&T"), submits this Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994-1, as Landlord, dated November 30, 1994 related to the premises located at Maplewood, Minnesota, Store No. 3137, as more fully-described in the Lease (the "Lease"), which has been assigned to M&T as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On February 19, 2009, the Court entered an Order Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free And Clear Of All Interest, (B) Assumption And Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Order"), authorizing the Debtors to reject certain unexpired real property leases upon notice to the lessor. On March 4, 2009, the Debtors filed the Notice of Rejection of Unexpired Lease and Abandonment of Personal Property [Docket No. 2419], rejecting the Lease effective as of March 11, 2009.

On March 26, 2009, the Court entered the Stipulation and Order [Docket No. 2762], providing that all rejection damage claims with respect to leases rejected pursuant either to an order of this Court entered on or after March 1, 2009 and prior to April 1, 2009, authorizing the rejection of one or more unexpired leases of nonresidential real property or to a notice given prior to April 1, 2009, pursuant to the Court's February 19, 2009 Order, shall be deemed timely filed if filed on or before April 30, 2009, regardless of whether or not April 30, 2009 is more than thirty days after the applicable notice is given.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, M&T has an aggregate claim in an amount not less than $974,171.44 against the Debtors which represents: (1) rejection damages in the amount of $738,299.62; (2) prepetition claims in the present amount of $167,354.16; and (3) actual damages under the lease in the present amount of $68,517.66. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

M&T reserves the right to amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional amounts and/or claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect M&T from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of M&T's rights, claims or defenses against any person, entity or property; (b) a waiver or release of M&T's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by M&T to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which M&T may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving M&T, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

002000/09569 Litigation 6715695v1

### EXHIBIT B TO PROOF OF CLAIM FILED BY
### MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
### MAPLEWOOD, MN  (STORE NO. 3137)

#### Claim Analysis and Calculation

| | |
|---|---|
| **Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994 Store No. 3137 - Maplewood, Minnesota - 1940 E. County Road D  55109** | |

| Claim for Rejection Damages under 11 U.S.C. 502(b)(6) | | |
|---|---|---|
| Total rent reserved through end of term (110 months): | $4,921,997.50 | |
| Fifteen percent of total rent reserved (above): | 738,299.62 | |
| Rent reserved for one year from Petition Date: | 536,945.18 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$738,299.62** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $38,485.42 | |
| Prepetition Taxes Outstanding: | 128,868.74 | |
| Prepetition Common Area Maintenance Outstanding: | To be determined ("TBD") | |
| **Subtotal of Prepetition Claim:** | | **$167,354.16** |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,943.73 | |
| Trustee's Attorneys Fees*: | 10,703.25 | |
| Local Trustee's Attorneys Fees*: | 19,081.79 | |
| Special Trustee's Attorneys Fees*: | 4,177.50 | |
| Insurance: | 19,461.39 | |
| Broker Opinions: | 4,750.00 | |
| Environmentals: | 6,400.00 | |
| Appraisal Fee: | TBD | |
| Landlord's Legal Costs: | TBD | |
| HVAC Repair: | TBD | |
| Inspection Fees: | TBD | |
| HVAC Inspection: | TBD | |
| Sign Removal: | TBD | |
| Re-key: | TBD | |
| **Subtotal of Damages Under Lease:** | | **$68,517.66** |
| **TOTAL PROOF OF CLAIM:** | | **$974,171.44** |

\* M&T reserves its right to amend and/or supplement this Claim at any time to reflect additional attorneys' fees
incurred.  Further, a portion of the attorneys' fees included herein may constitute an administrative expense amount
and nothing set forth herein shall preclude M&T from asserting such amounts as part of an administrative expense
claim.

002000/09569 Litigation 6715746v1

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

EXHIBIT E

#13716

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                          Chapter 11
                                                Case No.  08-35653
        CIRCUIT CITY STORES, INC., et al.       Jointly Administered

                              Debtors.          Hon. Kevin R. Heunnekens, U.S.B.J.

**REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 503(b)**
Lease for real property located at Maplewood, MN - Store No. 3137

**Claimant:**        CC Acquisitions L. P.
                     c/o NYLIFE Real Estate Holdings LLC, General Partner
                     Attn: Ron F. Petit, Vice President
                     51 Madison Avenue
                     New York, New York  10010

**Send Notices To:**  Hodgson Russ LLP
                      Counsel to CC Acquisitions L. P.
                      Attn:  Deborah J. Piazza, Esq.
                      60 East 42nd Street, 37th Floor
                      New York, New York  10165-0150
                      Telephone:  (212) 661-3535

**Claim Asserted Against:**    Circuit City Stores, Inc. (Case No.  08-35653)

**Claim Amount:**     $114,350.26

**Basis for Claim:**    Post-petition, pre-rejection amounts due, pursuant to 11 U.S.C.
                        §§ 365(d)(3), 503(b) and 507(a) under unexpired lease for real property
                        located at Maplewood, MN - Store No. 3137
                        (Refer to annexed Rider and Exhibits).

Dated: June 25, 2009                 CC ACQUISITIONS L. P.

                                     By: _____

                                         Ron F. Petit, Vice President
                                         NYLIFE Real Estate Holdings LLC, General Partner

RECEIVED
JUN 2 9 2009
KURTZMANCARSONCONSULTANTS

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090629000000000279

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                                          Chapter 11
                                                                Case No.  08-35653
            CIRCUIT CITY STORES, INC., et al.                   Jointly Administered

                                                   Debtor.      Hon. Kevin R. Heunnekens, U.S.B.J.

## RIDER TO REQUEST FOR ADMINISTRATIVE EXPENSE PRIORITY CLAIM FOR AMOUNTS DUE UNDER LEASE FOR REAL PROPERTY LOCATED AT MAPLEWOOD, MINNESOTA - STORE NO. 3137

           CC Acquisitions L. P. ("CCA"), submits this Request for Administrative Expense
Priority Claim For Amounts Due Under Lease for Real Property Located at Maplewood,
Minnesota - Store No.  3137, for post-petition, pre-rejection claims arising, pursuant to 11 U.S.C.
§§ 365(d)(3), 503(b) and 507(a), in connection with a certain Lease between Circuit City Stores,
Inc., as Tenant, and CCI Trust 1994-1, as Landlord, dated November 30, 1994 related to the
premises located at Maplewood, Minnesota, Store No. 3137, as more fully-described in the
Lease (the "Lease"), which has been assigned to CCA.

           On February 19, 2009, the Court entered an Order Under Bankruptcy Code
Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale of Unexpired
Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing and
Approving (A) Sale of Certain Nonresidential Real Property Leases Free And Clear Of All
Interest, (B) Assumption And Assignment of Certain Unexpired Nonresidential Real Property
Leases and (C) Lease Rejection Procedures (the "Order"), authorizing the Debtors to reject
certain unexpired real property leases upon notice to the lessor.  On March 4, 2009, the Debtors
filed the Notice of Rejection of Unexpired Lease and Abandonment of Personal Property
[Docket No. 2419], rejecting the Lease effective as of March 11, 2009.

           In relevant part, 11 U.S.C. § 365(d)(3) requires that the Debtor "shall timely
perform all the obligations of the debtor ... arising from and after the order for relief under any
unexpired lease of nonresidential real property, until such lease is assumed or rejected,
notwithstanding section 503(b)(1) of this title."  It is well established that a landlord of
nonresidential real property should not be forced to contribute its real property for the benefit of
the debtor's estate absent adequate compensation. See, for example, *In re Trak Auto Corp.* 277
B.R. 655, 662 (Bankr.E.D. Va. 2002), aff'd 288 B.R. 114 (E.D. Va. 2003), rev'd on other
grounds, 367 F.3d 237 (4th Cir. 2004).

In its *Memorandum Opinion* dated February 12, 2009 [Docket No. 2107], this Court held that a "lessor need not show that the 'debtor's continued possession of its space is a benefit to the estate' in order to receive administrative expense priority under § 507(a)(2)" (quoting *Id.* at 665) explaining that, under the accrual method of claim determination, "[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a)" (quoting *id.* at 664).

Accordingly, on May 15, 2009, this Court entered it's *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* approving the *Notice of Deadline for Filing Administrative Expense Requests* for any right to payment that satisfies section 365(d) and, in the case of unexpired leases of the real property, accrued from and after November 10, 2008 (the "Petition Date") through and including April 30, 2008.

Therefore, CCA hereby requests payment of its Administrative Claim in the amount of $114,350.26, accrued from the date of the Petition through and including the Rejection Date.  In support thereof, CCA submits the Administrative Claim Summary and Analysis, annexed as Exhibit A, setting forth in detail the basis of its Administrative Claim.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT A TO ADMINISTRATIVE CLAIM FILED BY
CC ACQUISITIONS L. P.
MAPLEWOOD, MN  (STORE NO. 3137)**

**Administrative Claim Summary and Analysis**

Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994
Store No.  3137 - Maplewood, Minnesota - 1940 E. County Road D  55109
Rejection Date:  March 11, 2009

| Post-Petition Claims Outstanding (11/10/08 - 3/11/09): | |
|---|---|
| Post-Petition Accrued Taxes | $74,900.00 |
| Post-Petition Accrued Insurance: | 2,643.63 |
| Professional Fees: | |
| Trustee's Attorney's Fees: | 12,500.00 |
| Trustee's Fees: | 4,489.38 |
| Thompson & Knight LLP | 5,352.25 |
| DIL Fees: | 3,000.00 |
| Appraisal: | 4,750.00 |
| Environmentals: | 2,500.00 |
| Property Inspection: | 3,900.00 |
| Policy Endorsement: | 300.00 |
| UPS: | 15.00 |
| **TOTAL ADMINISTRATIVE CLAIM:** | **$114,350.26**[1] |

Supporting documentation available upon Debtor's request.

---

[1] CC Acquisitions L. P. reserves its right to amend and/or supplement this Administrative Claim at any time to reflect additional
fees or costs incurred.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

# EXHIBIT F

#14053

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                          Chapter 11
                                                Case No.  08-35653
    CIRCUIT CITY STORES, INC., et al.       Jointly Administered

                    Debtors.       Hon. Kevin R. Heunnekens, U.S.B.J.

### REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 503(b)
**Lease for real property located at Marrero, LA - Store No. 3506**

**Claimant:**    CC Acquisitions L. P.
c/o NYLIFE Real Estate Holdings LLC, General Partner
Attn: Ron F. Petit, Vice President
51 Madison Avenue
New York, New York  10010

**Send Notices To:**    Hodgson Russ LLP
Counsel to CC Acquisitions L. P.
Attn:  Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York  10165-0150
Telephone:  (212) 661-3535

**Claim Asserted Against:**    Circuit City Stores, Inc. (Case No.  08-35653)

**Claim Amount:**    **$93,342.13**

**Basis for Claim:**    Post-petition, pre-rejection amounts due, pursuant to 11 U.S.C.
§§ 365(d)(3), 503(b) and 507(a) under unexpired lease for real property
located at Marrero, LA - Store No. 3506
(Refer to annexed Rider and Exhibits).

Dated: June 25, 2009    CC ACQUISITIONS L. P.

                By: _____
                Ron F. Petit, Vice President
                NYLIFE Real Estate Holdings LLC, General Partner

RECEIVED
JUN 2 9 2009
KURTZMAN CARSON CONSULTANTS

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



08356530906290000000000257

**EXHIBIT A TO ADMINISTRATIVE CLAIM FILED BY**
**CC ACQUISITIONS L. P.**
**MARRERO, LOUISIANA (STORE NO. 3506)**

**Administrative Claim Summary and Analysis**

| |
|---|
| **Lease between Circuit City Stores, Inc. and CCI Louisiana Trust dated November 9, 1994**<br>**Store No. 3506 - Marrero, LA - 4945 Lapalco Blvd.  70072**<br>**Rejection Date:  December 31, 2008** |

| **Post-Petition Claims Outstanding (11/10/08 - 12/31/08):** | |
|---|---:|
| Post-Petition Accrued Taxes | $47,586.00 |
| Post-Petition Accrued Insurance: | 2,643.63 |
| Professional Fees: | |
| Trustee's Attorney's Fees: | 12,500.00 |
| Trustee's Fees: | 4,489.38 |
| Thompson & Knight LLP | 933.12 |
| DIL Fees: | 14,025.00 |
| Appraisal: | 4,750.00 |
| Environmentals: | 2,500.00 |
| Property Inspection: | 3,900.00 |
| UPS: | 15.00 |
| **TOTAL ADMINISTRATIVE CLAIM:** | **$93,342.13**[1] |

Supporting documentation available upon Debtor's request.

---

[1] CC Acquisitions L. P. reserves its right to amend and/or supplement this Administrative Claim at any time to reflect additional fees or costs incurred.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.  08-35653 |
| CIRCUIT CITY STORES, INC., et al. | Jointly Administered |
| Debtors. | Hon. Kevin R. Heunnekens, U.S.B.J. |

**RIDER TO REQUEST FOR ADMINISTRATIVE EXPENSE PRIORITY CLAIM
FOR AMOUNTS DUE UNDER LEASE FOR REAL PROPERTY LOCATED AT
MARRERO, LOUISIANA - STORE NO. 3506**

CC Acquisitions L. P. ("CCA"), submits this Request for Administrative Expense Priority Claim For Amounts Due Under Lease for Real Property Located at Marrero, Louisiana - Store No. 3506, for post-petition, pre-rejection claims arising, pursuant to 11 U.S.C. §§ 365(d)(3), 503(b) and 507(a), in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Louisiana Trust, as Landlord, dated November 9, 1994, related to the premises located at Marrero, Louisiana, Store No. 3506, as more fully-described in the Lease (the "Lease"), which has been assigned to CCA.

On November 25, 2008, the Debtors filed their Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (the "Motion").  On December 11, 2008, the Court entered an Order granting the Motion and the subject Lease was rejected effective as of December 31, 2008.

In relevant part, 11 U.S.C. § 365(d)(3) requires that the Debtor "shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."  It is well established that a landlord of nonresidential real property should not be forced to contribute its real property for the benefit of the debtor's estate absent adequate compensation.  See, for example, *In re Trak Auto Corp.* 277 B.R. 655, 662 (Bankr.E.D. Va. 2002), aff'd 288 B.R. 114 (E.D. Va. 2003, rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).

In its *Memorandum Opinion* dated February 12, 2009 [Docket No. 2107], this Court held that a "lessor need not show that the 'debtor's continued possession of its space is a benefit to the estate' in order to receive administrative expense priority under § 507(a)(2)" (quoting *Id.* at 665) explaining that, under the accrual method of claim determination, "[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a)" (quoting *id.* at 664).

Accordingly, on May 15, 2009, this Court entered it's *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* approving the *Notice of Deadline for Filing Administrative Expense Requests* for any right to payment that satisfies section 365(d) and, in the case of unexpired leases of the real property, accrued from and after November 10, 2008 (the "Petition Date") through and including April 30, 2008.

Therefore, CCA hereby requests payment of its Administrative Claim in the amount of $93,342.13, accrued from the date of the Petition through and including the Rejection Date. In support thereof, CCA submits the Administrative Claim Summary and Analysis, annexed as Exhibit A, setting forth in detail the basis of its Administrative Claim.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION**


**COPIES OF LEASES WILL BE PROVIDED UPON REQUEST**

# EXHIBIT G

#14270

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                              Chapter 11
                                                    Case No.  08-35653
        CIRCUIT CITY STORES, INC., et al.           Jointly Administered

                                    Debtors.        Hon. Kevin R. Heunnekens, U.S.B.J.


## REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 503(b)
### Lease for real property located at Little Rock, Arkansas - Store No. 4506


**Claimant:**        CC Acquisitions L. P.
                     c/o NYLIFE Real Estate Holdings LLC, General Partner
                     Attn:  Ron F. Petit, Vice President
                     51 Madison Avenue
                     New York, New York  10010

**Send Notices To:** Hodgson Russ LLP
                     Counsel to CC Acquisitions L. P.
                     Attn:  Deborah J. Piazza, Esq.
                     60 East 42nd Street, 37th Floor
                     New York, New York  10165-0150
                     Telephone:  (212) 661-3535

**Claim Asserted Against:**   Circuit City Stores, Inc. (Case No.  08-35653)

**Claim Amount:**    $ 64,319.26

**Basis for Claim:** Post-petition, pre-rejection amounts due, pursuant to 11 U.S.C.
                     §§ 365(d)(3), 503(b) and 507(a) under unexpired lease for real property
                     located at Little Rock, AR - Store No. 4506
                     (Refer to annexed Rider and Exhibits).


Dated: June 2?, 2009            CC ACQUISITIONS L. P.

                                                                    **RECEIVED**
                                                                    JUN 2 9 2009
                                By: _____         KURTZMANCARSONCONSULTANTS
                                    Ron F. Petit, Vice President
                                    NYLIFE Real Estate Holdings LLC, General Partner

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090629000000000280

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtors.

Chapter 11
Case No.  08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

**RIDER TO REQUEST FOR ADMINISTRATIVE EXPENSE PRIORITY CLAIM
FOR AMOUNTS DUE UNDER LEASE FOR REAL PROPERTY LOCATED AT
LITTLE ROCK, ARKANSAS - STORE NO. 4506**

CC Acquisitions  L. P. ("CCA"), submits this Request for Administrative Expense
Priority Claim For Amounts Due Under Lease for Real Property Located at Little Rock,
Arkansas - Store No.  4506, for post-petition, pre-rejection claims arising, pursuant to 11 U.S.C.
§§ 365(d)(3), 503(b) and 507(a), in connection with a certain Lease between Circuit City Stores,
Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 30, 1994, related to the
premises located at Little Rock, Arkansas, Store No. 4506, as more fully-described in the Lease
(the "Lease"), which has been assigned to CCA.

On February 19, 2009, the Court entered an Order Under Bankruptcy Code
Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale of Unexpired
Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing and
Approving (A) Sale of Certain Nonresidential Real Property Leases Free And Clear Of All
Interest, (B) Assumption And Assignment of Certain Unexpired Nonresidential Real Property
Leases and (C) Lease Rejection Procedures (the "Order"), authorizing the Debtors to reject
certain unexpired real property leases upon notice to the lessor.  On March 4, 2009, the Debtors
filed the Notice of Rejection of Unexpired Lease and Abandonment of Personal Property
[Docket No. 2419], rejecting the Lease effective as of March 11, 2009.

In relevant part, 11 U.S.C. § 365(d)(3) requires that the Debtor "shall timely
perform all the obligations of the debtor … arising from and after the order for relief under any
unexpired lease of nonresidential real property, until such lease is assumed or rejected,
notwithstanding section 503(b)(1) of this title."  It is well established that a landlord of
nonresidential real property should not be forced to contribute its real property for the benefit of
the debtor's estate absent adequate compensation. See, for example, *In re Trak Auto Corp.* 277
B.R. 655, 662 (Bankr.E.D. Va. 2002), aff'd 288 B.R. 114 (E.D. Va. 2003, rev'd on other
grounds, 367 F.3d 237 (4th Cir. 2004).

In its *Memorandum Opinion* dated February 12, 2009 [Docket No. 2107], this Court held that a "lessor need not show that the 'debtor's continued possession of its space is a benefit to the estate' in order to receive administrative expense priority under § 507(a)(2)" (quoting *Id.* at 665) explaining that, under the accrual method of claim determination, "[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a)" (quoting *id.* at 664).

Accordingly, on May 15, 2009, this Court entered it's *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* approving the *Notice of Deadline for Filing Administrative Expense Requests* for any right to payment that satisfies section 365(d) and, in the case of unexpired leases of the real property, accrued from and after November 10, 2008 (the "Petition Date") through and including April 30, 2008.

Therefore, CCA hereby requests payment of its Administrative Claim in the amount of $64,319.26, accrued from the date of the Petition through and including the Rejection Date. In support thereof, CCA submits the Administrative Claim Summary and Analysis, annexed as Exhibit A, setting forth in detail the basis of its Administrative Claim.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT A TO ADMINISTRATIVE CLAIM FILED BY**
**CC ACQUISITIONS L. P.**
**LITTLE ROCK, ARKANSAS  (STORE NO. 4506)**

**Administrative Claim Summary and Analysis**

| Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994<br>Store No.  4506 - Little Rock, Arkansas - 4339 Warden Road North 72116<br>Rejection Date:  March 11, 2009 |
|---|

| Post-Petition Claims Outstanding (11/10/08 - 3/11/09): | |
|---|---:|
| Post-Petition Accrued Taxes | $26,669.00 |
| Post-Petition Accrued Insurance: | 2,643.63 |
| Professional Fees: | |
| Trustee's Attorney's Fees: | 12,500.00 |
| Trustee's Fees: | 4,489.38 |
| Thompson & Knight LLP | 5,352.25 |
| DIL Fees: | 1,500.00 |
| Appraisal: | 4,750.00 |
| Environmentals: | 2,500.00 |
| Property Inspection: | 3,900.00 |
| UPS: | 15.00 |
| **TOTAL ADMINISTRATIVE CLAIM:** | **$64,319.26**[1] |

Supporting documentation available upon Debtor's request.

---

[1] CC Acquisitions L. P. reserves its right to amend and/or supplement this Administrative Claim at any time to reflect additional fees or costs incurred.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

# EXHIBIT H

#14288

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., <u>et al</u>.

                         Debtors.

Chapter 11
Case No.  08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

### <u>REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 503(b)</u>
**Lease for real property located at Little Rock, Arkansas - Store No. 4505**

**<u>Claimant:</u>**      CC Acquisitions L. P.
c/o NYLIFE Real Estate Holdings LLC, General Partner
Attn: Ron F. Petit, Vice President
51 Madison Avenue
New York, New York  10010

**<u>Send Notices To:</u>**     Hodgson Russ LLP
Counsel to CC Acquisitions L. P.
Attn:  Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York  10165-0150
Telephone:  (212) 661-3535

**<u>Claim Asserted Against:</u>**   Circuit City Stores, Inc. (Case No.  08-35653)

**<u>Claim Amount:</u>**     $**79,296.26**

**<u>Basis for Claim:</u>**     Post-petition, pre-rejection amounts due, pursuant to 11 U.S.C.
§§ 365(d)(3), 503(b) and 507(a) under unexpired lease for real property
located at Little Rock, AR - Store No. 4505
<u>(Refer to annexed Rider and Exhibits)</u>.

Dated: June 25, 2009

CC ACQUISITIONS L. P.

RECEIVED
JUN 2 9 2009
KURTZMANCARSONCONSULTANTS

By: _____
      Ron F. Petit, Vice President
NYLIFE Real Estate Holdings LLC, General Partner

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090629000000000282

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtors.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

**RIDER TO REQUEST FOR ADMINISTRATIVE EXPENSE PRIORITY CLAIM
FOR AMOUNTS DUE UNDER LEASE FOR REAL PROPERTY LOCATED AT
LITTLE ROCK, ARKANSAS - STORE NO. 4505**

CC Acquisitions L. P. ("CCA"), submits this Request for Administrative Expense
Priority Claim For Amounts Due Under Lease for Real Property Located at Little Rock,
Arkansas - Store No. 4505, for post-petition, pre-rejection claims arising, pursuant to 11 U.S.C.
§§ 365(d)(3), 503(b) and 507(a), in connection with a certain Lease between Circuit City Stores,
Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 30, 1994, related to the
premises located at Little Rock, Arkansas, Store No. 4505, as more fully-described in the Lease
(the "Lease"), which has been assigned to CCA.

On February 19, 2009, the Court entered an Order Under Bankruptcy Code
Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale of Unexpired
Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing and
Approving (A) Sale of Certain Nonresidential Real Property Leases Free And Clear Of All
Interest, (B) Assumption And Assignment of Certain Unexpired Nonresidential Real Property
Leases and (C) Lease Rejection Procedures (the "Order"), authorizing the Debtors to reject
certain unexpired real property leases upon notice to the lessor. On March 4, 2009, the Debtors
filed the Notice of Rejection of Unexpired Lease and Abandonment of Personal Property
[Docket No. 2419], rejecting the Lease effective as of March 11, 2009.

In relevant part, 11 U.S.C. § 365(d)(3) requires that the Debtor "shall timely
perform all the obligations of the debtor … arising from and after the order for relief under any
unexpired lease of nonresidential real property, until such lease is assumed or rejected,
notwithstanding section 503(b)(1) of this title." It is well established that a landlord of
nonresidential real property should not be forced to contribute its real property for the benefit of
the debtor's estate absent adequate compensation. See, for example, *In re Trak Auto Corp.* 277
B.R. 655, 662 (Bankr.E.D. Va. 2002), aff'd 288 B.R. 114 (E.D. Va. 2003), rev'd on other
grounds, 367 F.3d 237 (4th Cir. 2004).

In its *Memorandum Opinion* dated February 12, 2009 [Docket No. 2107], this Court held that a "lessor need not show that the 'debtor's continued possession of its space is a benefit to the estate' in order to receive administrative expense priority under § 507(a)(2)" (quoting *Id.* at 665) explaining that, under the accrual method of claim determination, "[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a)" (quoting *id.* at 664).

Accordingly, on May 15, 2009, this Court entered it's *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* approving the *Notice of Deadline for Filing Administrative Expense Requests* for any right to payment that satisfies section 365(d) and, in the case of unexpired leases of the real property, accrued from and after November 10, 2008 (the "Petition Date") through and including April 30, 2008.

Therefore, CCA hereby requests payment of its Administrative Claim in the amount of $79,296.26, accrued from the date of the Petition through and including the Rejection Date. In support thereof, CCA submits the Administrative Claim Summary and Analysis, annexed as Exhibit A, setting forth in detail the basis of its Administrative Claim.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT A TO ADMINISTRATIVE CLAIM FILED BY
CC ACQUISITIONS L. P.
LITTLE ROCK, ARKANSAS  (STORE NO. 4505)**

**Administrative Claim Summary and Analysis**

| | |
|---|---|
| **Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994** **Store No.  4505 - Little Rock, Arkansas - 109 Markham Park Drive  72211** **Rejection Date:  March 11, 2009** | |

| Post-Petition Claims Outstanding (11/10/08 - 3/11/09): | |
|---|---|
| Post-Petition Accrued Taxes | $41,646.00 |
| Post-Petition Accrued Insurance: | 2,643.63 |
| Professional Fees: | |
| Trustee's Attorney's Fees: | 12,500.00 |
| Trustee's Fees: | 4,489.38 |
| Thompson & Knight LLP | 5,352.25 |
| DIL Fees: | 1,500.00 |
| Appraisal: | 4,750.00 |
| Environmentals: | 2,500.00 |
| Property Inspection: | 3,900.00 |
| UPS: | 15.00 |
| **TOTAL ADMINISTRATIVE CLAIM:** | **$79,296.26**[1] |

Supporting documentation available upon Debtor's request.

---

[1] CC Acquisitions L. P. reserves its right to amend and/or supplement this Administrative Claim at any time to reflect additional fees or costs incurred.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST