# EXHIBIT I

#14290

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                              Chapter 11
                                                    Case No.  08-35653
        CIRCUIT CITY STORES, INC., et al.           Jointly Administered

                                Debtors.            Hon. Kevin R. Heunnekens, U.S.B.J.

**REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 503(b)**
**Lease for real property located at Nashville, TX - Store No. 3515**

**Claimant:**          CC Acquisitions L. P.
                       c/o NYLIFE Real Estate Holdings LLC, General Partner
                       Attn:  Ron F. Petit, Vice President
                       51 Madison Avenue
                       New York, New York  10010

**Send Notices To:**   Hodgson Russ LLP
                       Counsel to CC Acquisitions L. P.
                       Attn:  Deborah J. Piazza, Esq.
                       60 East 42nd Street, 37th Floor
                       New York, New York  10165-0150
                       Telephone:  (212) 661-3535

**Claim Asserted Against:**    Circuit City Stores, Inc. (Case No.  08-35653)

**Claim Amount:**      $ 103,332.20

**Basis for Claim:**   Post-petition, pre-rejection amounts due, pursuant to 11 U.S.C.
                       §§ 365(d)(3), 503(b) and 507(a) under unexpired lease for real property
                       located at Nashville, TN - Store No. 3515
                       (Refer to annexed Rider and Exhibits).

Dated: June 25, 2009                 CC ACQUISITIONS L. P.

                                     By: _____
                                         Ron F. Petit, Vice President
                                     NYLIFE Real Estate Holdings LLC, General Partner

RECEIVED
JUN 2 9 2009
KURTZMANCARSONCONSULTANTS

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090629000000000281

**EXHIBIT A TO ADMINISTRATIVE CLAIM FILED BY
CC ACQUISITIONS L. P.
NASHVILLE, TENNESSEE  (STORE NO. 3515)**

**Administrative Claim Summary and Analysis**

| | |
|---|---|
| **Lease between Circuit City Stores, Inc. and CCI Trust 1994-I, dated Nov. 30, 1994 Store No. 3515 - Nashville, Tennessee - 7669 Highway 70 South 37221 Rejection Date:  February 23, 2009** | |

| Post-Petition Claims Outstanding (11/10/08 - 2/23/09): | |
|---|---:|
| Post-Petition Accrued Taxes | $66,015.00 |
| Post-Petition Accrued Insurance: | 2,643.63 |
| Professional Fees: | |
| Trustee's Attorney's Fees: | 12,500.00 |
| Trustee's Fees: | 4,489.38 |
| Thompson & Knight LLP | 3,417.19 |
| DIL Fees: | 3,102.00 |
| Appraisal: | 4,750.00 |
| Environmentals: | 2,500.00 |
| Property Inspection: | 3,900.00 |
| UPS: | 15.00 |
| **TOTAL ADMINISTRATIVE CLAIM:** | **$103,332.20**[1] |

Supporting documentation available upon Debtor's request.

---

[1] CC Acquisitions L. P. reserves its right to amend and/or supplement this Administrative Claim at any time to reflect additional fees or costs incurred

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtors.

Chapter 11
Case No.  08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

**RIDER TO REQUEST FOR ADMINISTRATIVE EXPENSE PRIORITY CLAIM
FOR AMOUNTS DUE UNDER LEASE FOR REAL PROPERTY LOCATED AT
NASHVILLE, TENNESSEE - STORE NO. 3515**

CC Acquisitions L. P. ("CCA"), submits this Request for Administrative Expense
Priority Claim For Amounts Due Under Lease for Real Property Located at Nashville, Tennessee
- Store No. 3515, for post-petition, pre-rejection claims arising, pursuant to 11 U.S.C. §§
365(d)(3), 503(b) and 507(a), in connection with a certain Lease between Circuit City Stores,
Inc., as Tenant, and CCI Trust 1994 - I, dated November 30, 1994 related to the premises located
at Nashville, Tennessee, Store No.3515, as more fully-described in the Lease (the "Lease"),
which has been assigned to CCA.

On March 3, 2009, the Court entered an Order Pursuant to Bankruptcy Code
Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain
Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property (the
"Order") [Docket No. 2400], authorizing the Debtors to reject the Lease effective February 23,
2009.

In relevant part, 11 U.S.C. § 365(d)(3) requires that the Debtor "shall timely
perform all the obligations of the debtor ... arising from and after the order for relief under any
unexpired lease of nonresidential real property, until such lease is assumed or rejected,
notwithstanding section 503(b)(1) of this title." It is well established that a landlord of
nonresidential real property should not be forced to contribute its real property for the benefit of
the debtor's estate absent adequate compensation. See, for example, *In re Trak Auto Corp.* 277
B.R. 655, 662 (Bankr.E.D. Va. 2002), aff'd 288 B.R. 114 (E.D. Va. 2003, rev'd on other
grounds, 367 F.3d 237 (4th Cir. 2004).

In its *Memorandum Opinion* dated February 12, 2009 [Docket No. 2107], this
Court held that a "lessor need not show that the 'debtor's continued possession of its space is a
benefit to the estate' in order to receive administrative expense priority under § 507(a)(2)"
(quoting *Id.* at 665) explaining that, under the accrual method of claim determination,
"[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be
elevated to administrative priority under § 507(a)" (quoting *id.* at 664).

Accordingly, on May 15, 2009, this Court entered it's *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* approving the *Notice of Deadline for Filing Administrative Expense Requests* for any right to payment that satisfies section 365(d) and, in the case of unexpired leases of the real property, accrued from and after November 10, 2008 (the "Petition Date") through and including April 30, 2008.

Therefore, CCA hereby requests payment of its Administrative Claim in the amount of $103,332.20, accrued from the date of the Petition through and including the Rejection Date. In support thereof, CCA submits the Administrative Claim Summary and Analysis, annexed as Exhibit A, setting forth in detail the basis of its Administrative Claim.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

# EXHIBIT J

**B 10 (Official Form 10) (12/07)**                                                                                    AMENDED

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :** (Check only one box below:)

☒ Circuit City Stores, Inc. (Case No. 08-35653)  ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)  ☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)  ☐ Circuit City Stores PR, LLC (Case No. 08-35660)  ☐ Mayland MN, LLC (Case No. 08-35666)
☐ InterTAN, Inc. (Case No. 08-35655)  ☐ Circuit City Properties, LLC (Case No. 08-35661)  ☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Ventoux International, Inc. (Case No. 08-35656)  ☐ Orbyx Electronics, LLC (Case No. 08-35662)  ☐ Sky Venture Corporation (Case No. 08-35668)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)  ☐ Kinzer Technology, LLC (Case No. 08-35663)  ☐ XSStuff, LLC (Case No. 08-35669)
☐ CC Aviation, LLC (Case No. 08-35658)  ☐ Courchevel, LLC (Case No. 08-35664)  ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property):  CC Acquisitions, L.P. | ☒ Check this box to indicate that this claim amends a previously filed claim. |
| **Name and address where notices should be sent:**  c/o Hodgson Russ LLP  Attn: Deborah J. Piazza, Esq.  60 East 42nd Street, 37th Floor  New York, New York  10165        Telephone number: (212) 661-3535 | **Court Claim Number:** 8170  *(If known)*  Filed on: 1/29/2009 |
| **Name and address where payment should be sent** (if different from above):  CC Acquisitions, L.P.  c/o NYLIFE Real Estate Holdings, LLC, General Partner  Attn: Vivian Dubin, Associate General Counsel  51 Madison Avenue  New York, New York  10010        Telephone number: (212) 576-4575 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**        $ Not less than $933,748.17 (Refer to annexed Exhibit B)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐  Check this box if claim includes interest or other charges in addition to the principal amount of charges. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Amounts due under Lease and related agreements - Store No. 6619 (formerly No. 3519)
(See instruction #2 on reverse side.)        located at Humble, TX (Refer to annexed Exhibits A and C)

**3. Last four digits of any number by which creditor identifies debtor:** _____

  3a. Debtor may have scheduled account as: _____
        (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| | FOR COURT USE ONLY |
|---|---|
| **Date:**  July 10, 2009 | **Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  NYLIFE Real Estate Holdings, LLC, General Partner of CC Acquisitions, L.P.  By: *Vivian L Dubin*  Vivian Dubin, ~~Associate General Counsel~~ Secretary |

**Penalty for presenting fraudulent claim:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07)- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgment of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or to view your filed proof of claim you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

### EXHIBIT A TO AMENDED PROOF OF CLAIM FILED BY
### CC ACQUISITIONS, L.P.
### HUMBLE, TEXAS (STORE NO. 6619)

CC Acquisitions, L.P. ("CCA"), submits this Amended Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 9, 1994 related to the premises located at Humble, Texas, Store No. 6619 (formerly No. 3519) as more fully-described in the Lease (the "Lease"), which has been assigned to CCA as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On November 10, 2008, the Debtors filed a Motion for an Order Pursuant to 11 U.S.C. Sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Motion"). The Court entered an Order granting the Motion on the same day and the subject Lease was rejected effective as of November 10, 2008.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, CCA has an aggregate claim in an amount not less than $933,748.17 against the Debtors which represents: (1) rejection damages in the amount of $499,048.93; (2) prepetition claims in the present amount of $48,338.13; and (3) actual damages under the lease in the present amount of $386,361.11. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

CCA reserves the right to further amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT B TO AMENDED PROOF OF CLAIM FILED BY
CC ACQUISITIONS, L.P.
HUMBLE, TEXAS (STORE NO. 6619)**

**Amended Claim Analysis and Calculation**

| Lease between Circuit City Stores, Inc. and CCI Trust 1994 - I dated November 9, 1994 Store No. 6619 (formerly 3519) - Humble, TX - 20465 Highway 59  77338 | | |
|---|---|---|

| Claim for Rejection Damages under 11 U.S.C. 502(b)(6) | | |
|---|---|---|
| Total rent reserved through end of term (110 months) | $3,326,992.90 | |
| Fifteen percent of total rent reserved (above): | 499,048.93 | |
| Rent reserved for one year from Petition Date: | 362,944.68 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$499,048.93** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $31,338.13 | |
| Prepetition Late Charges: | To be determined ("TBD") | |
| Prepetition Common Area Maintenance Outstanding: | TBD | |
| Prepetition Taxes Outstanding: | 17,000.00 | |
| **Subtotal of Prepetition Claim:** | | **$48,338.13** |
| **Damages Under Lease** | | |
| Property Damage: | $282,000.00 | |
| Trustee Fees: | 3,436.35 | |
| Trustee's Attorneys Fees[1]: | 10,424.76 | |
| Landlord's Legal Costs: | 20,000.00 | |
| Broker's Opinion: | 6,500.00 | |
| Environmentals: | 5,500.00 | |
| HVAC Repair: | 50,000.00 | |
| Interior Clean-Up: | 3,000.00 | |
| Inspection Fees: | 1,500.00 | |
| HVAC Inspection: | 1,000.00 | |
| Sign Removal: | 2,000.00 | |
| Re-key: | 1,000.00 | |
| **Subtotal of Damages Under Lease:** | | **$386,361.11** |
| **TOTAL AMENDED PROOF OF CLAIM:** | | **$933,748.17** |

---

[1] The amount for attorneys' fees includes estimated time.   CC Acquisitions, L.P. reserves the right to further amend and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.

002000/09569 Litigation 6508075v1

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

# EXHIBIT K

14521

| B 10 (Official Form 10) (12/07) | AMENDED |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |

**Debtor against which claim is asserted :** (Check only **one** box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>CC Acquisitions, L.P. | ☒ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>c/o Hodgson Russ LLP<br>Attn: Deborah J. Piazza, Esq.<br>60 East 42nd Street, 37th Floor<br>New York, New York  10165        Telephone number: (212) 661-3535 | Court Claim Number: **8626**<br>(If known)  ☐ 14521<br>Filed on: 1/29/2009 |
| Name and address where payment should be sent (if different from above):<br>CC Acquisitions, L.P.<br>c/o NYLIFE Real Estate Holdings, LLC, General Partner<br>Attn: Vivian Dubin, Associate General Counsel<br>51 Madison Avenue<br>New York, New York  10010        Telephone number: (212) 576-4575 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $ Not less than $715,734.85 (Refer to annexed Exhibit B)<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.<br><br>**2. Basis for Claim:**  Amounts due under Lease and related agreements - Store No. 6324 (formerly Store No. 3314)<br>     (See instruction #2 on reverse side.)        (Refer to annexed Exhibits A and C)  Portland, OR<br><br>**3.** Last four digits of any number by which creditor identifies debtor: _____<br><br>    **3a.** Debtor may have scheduled account as: _____<br>       (See instruction #3a on reverse side.)<br><br>**4. Secured Claim** (See instruction #4 on reverse side.)<br>    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>    Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>    Describe:<br><br>    Value of Property: $_____  Annual Interest Rate____%<br><br>    Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>    if any: $_____  Basis for perfection: _____<br><br>    Amount of Secured Claim: $_____  Amount Unsecured: $_____ | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>Amount entitled to priority:<br>$_____ |

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| | | |
|---|---|---|
| **Date:**<br>July 10, 2009 | Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>NYLIFE Real Estate Holdings, LLC, General Partner of CC Acquisitions, L.P.<br><br>By: _Vivian L Dubin_<br>Vivian Dubin, ~~Associate General Counsel~~ Secretary | FOR COURT USE ONLY<br>**RECEIVED**<br>JUL 23 2009<br>KURTZMAN CARSON CONSULTANTS |



Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



COPY

## EXHIBIT A TO PROOF OF CLAIM FILED BY
## CC ACQUISITIONS, L.P.
## PORTLAND (SALEM), OREGON (STORE NO. 6324)

CC Acquisitions, L.P. ("CCA"), submits this Amended Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 9, 1994 related to the premises located at Portland (Salem), Oregon, Store No. 6324 (formerly Store No. 3314), as more fully-described in the Lease (the "Lease"), which has been assigned to CCA as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On November 10, 2008, the Debtors filed a Motion for an Order Pursuant to 11 U.S.C. Sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Motion"). The Court entered an Order granting the Motion on the same day and the subject Lease was rejected effective as of November 10, 2008.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, CCA has an aggregate claim in an amount not less than $715,734.85 against the Debtors which represents: (1) rejection damages in the amount of $567,238.32 (2) prepetition claims in the present amount of $72,485.42; and (3) actual damages under the lease in the present amount of $76,011.11. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

CCA reserves the right to further amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT B TO AMENDED PROOF OF CLAIM FILED BY
CC ACQUISITIONS, L.P.
PORTLAND (SALEM), OREGON (STORE NO. 6324)**

**Amended Claim Analysis and Calculation**

Lease between Circuit City Stores, Inc. and CCI Trust 1994 - I dated November 9, 1994
Store No. 6324 (formerly 3314) - Portland (Salem), OR - 435 Lancaster Drive  97301

| Claim for Rejection Damages under 11 U.S.C. 502(b)(6) | | |
|---|---|---|
| Total rent reserved through end of term (110 months) | $3,781,588.80 | |
| Fifteen percent of total rent reserved (above): | 567,238.32 | |
| Rent reserved for one year from Petition Date: | 412,536.96 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$567,238.32** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $38,485.42 | |
| Prepetition Late Charges: | To be determined ("TBD") | |
| Prepetition Common Area Maintenance Outstanding: | TBD | |
| Prepetition Taxes Outstanding: | 34,000.00 | |
| **Subtotal of Prepetition Claim:** | | **$72,485.42** |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,436.35 | |
| Trustee's Attorneys Fees[1]: | 10,424.76 | |
| Landlord's Legal Costs: | 20,000.00 | |
| Broker Opinions: | 4,750.00 | |
| Environmentals: | 8,900.00 | |
| HVAC Repair: | 20,000.00 | |
| Interior Clean-Up: | 3,000.00 | |
| Inspection Fees: | 1,500.00 | |
| HVAC Inspection: | 1,000.00 | |
| Sign Removal: | 2,000.00 | |
| Re-key: | 1,000.00 | |
| **Subtotal of Damages Under Lease:** | | **$76,011.11** |
| **TOTAL PROOF OF CLAIM:** | | **$715,734.85** |

---

[1] The amount for attorneys' fees includes estimated time.  CC Acquisitions, L.P. reserves the right to further amend
and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

EXHIBIT L

B 10 (Official Form 10) (12/07)                                                                    AMENDED

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :** (Check only __one__ box below:)

☒ Circuit City Stores, Inc. (Case No. 08-35653)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
☐ InterTAN, Inc. (Case No. 08-35655)
☐ Ventoux International, Inc. (Case No. 08-35656)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
☐ CC Aviation, LLC (Case No. 08-35658)

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
☐ Circuit City Stores PR, LLC (Case No. 08-35660)
☐ Circuit City Properties, LLC (Case No. 08-35661)
☐ Orbyx Electronics, LLC (Case No. 08-35662)
☐ Kinzer Technology, LLC (Case No. 08-35663)
☐ Courchevel, LLC (Case No. 08-35664)

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, LLC (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**CC Acquisitions, L.P.** | ☒ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: __8627__<br>*(If known)*<br><br>Filed on: __1/29/2009__ |
| Name and address where notices should be sent:<br><br>c/o Hodgson Russ LLP<br>Attn: Deborah J. Piazza, Esq.<br>60 East 42nd Street, 37th Floor<br>New York, New York 10165<br>              Telephone number: (212) 661-3535 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where payment should be sent (if different from above):<br><br>CC Acquisitions, L.P.<br>c/o NYLIFE Real Estate Holdings LLC, General Partner<br>Attn: Vivian Dubin, Associate General Counsel<br>51 Madison Avenue<br>New York, New York 10010      Telephone number: (212) 576-4575 | ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $ Not less than $826,028.91 (Refer to annexed Exhibit B)<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.<br><br>2. Basis for Claim: Amounts due under Lease and related agreements - Store No. 3506   (Marrero, LA)<br>  (See instruction #2 on reverse side.)      (Refer to annexed Exhibits A and C)<br><br>3. Last four digits of any number by which creditor identifies debtor: _____<br><br>    3a.  Debtor may have scheduled account as: _____<br>        (See instruction #3a on reverse side.)<br><br>4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property: $_____  Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  Basis for perfection: _____<br><br>Amount of Secured Claim: $_____  Amount Unsecured: $_____ | 5.  Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | |
| **Date:**<br>July 10, 2009 | Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>NYLIFE Real Estate Holdings, LLC, General Partner of CC Acquisitons, L.P.<br><br>By: *Vivian L Dubin*                                                                                                                                            <br>Vivian Dubin, ~~Associate General Counsel~~ Secretary | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07)- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

3a. **Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

| DEFINITIONS | INFORMATION |

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## EXHIBIT A TO AMENDED PROOF OF CLAIM FILED BY
## CC ACQUISITIONS, L.P.
## MARRERO, LOUISIANA (STORE NO. 3506)

CC Acquisitions, L.P. ("CCA"), submits this Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Louisiana Trust, as Landlord, dated November 9, 1994, related to the premises located at Marrero, Louisiana, Store No. 3506, as more fully-described in the Lease (the "Lease"), which has been assigned to CCA as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On November 25, 2008, the Debtors filed their Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (the "Motion"). On December 11, 2008, the Court entered an Order granting the Motion and the subject Lease was rejected effective as of December 31, 2008.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, CCA has an aggregate claim in an amount not less than $826,028.91 against the Debtors which represents: (1) rejection damages in the amount of $681,183.85; (2) prepetition claims in the present amount of $86,333.95; and (3) actual damages under the lease in the present amount of $58,511.11. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

CCA reserves the right to further amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT B TO AMENDED PROOF OF CLAIM FILED BY
CC ACQUISITIONS, L.P.
MARRERO, LOUISIANA (STORE NO. 3506)**

**Amended Claim Analysis and Calculation**

| Lease between Circuit City Stores, Inc. and CCI Louisiana Trust dated November 9, 1994 Store No. 3506 - Marrero, LA - 4945 Lapalco Blvd.  70072 | | |
|---|---|---|
| **Claim for Rejection Damages under 11 U.S.C. 502(b)(6)** | | |
| Total rent reserved through end of term (110 months) | $4,541,225.70 | |
| Fifteen percent of total rent reserved (above): | 681,183.85 | |
| Rent reserved for one year from Petition Date: | 495,406.44 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$681,183.85** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $42,333.95 | |
| Prepetition Late Charges: | To be determined ("TBD") | |
| Prepetition Common Area Maintenance Outstanding: | TBD | |
| Prepetition Taxes Outstanding: | 44,000.00 | |
| **Subtotal of Prepetition Claim:** | | **$86,333.95** |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,436.35 | |
| Trustee's Attorneys Fees[1]: | 10,424.76 | |
| Landlord's Legal Costs: | 20,000.00 | |
| Broker's Opinion: | 4,750.00 | |
| Environmentals: | 6,400.00 | |
| HVAC Repair: | 5,000.00 | |
| Interior Clean-Up: | 3,000.00 | |
| Inspection Fees: | 1,500.00 | |
| HVAC Inspection: | 1,000.00 | |
| Sign Removal: | 2,000.00 | |
| Re-key: | 1,000.00 | |
| **Subtotal of Damages Under Lease:** | | **$58,511.11** |
| **TOTAL AMENDED PROOF OF CLAIM:** | | **$826,028.91** |

---

[1] The amount for attorneys' fees includes estimated time.  CC Acquisitions, L.P. reserves the right to further amend and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.

002000/09569 Litigation 6508061v1

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

# EXHIBIT M

Form 210A (10/06)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY
## PURSUANT TO FED. R. BANKR. P. 3001(e)(2)
## AND TRANSFEROR'S WAIVER OF NOTICE

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a) by Manufacturers and Traders Trust Company, as Trustee (the "Transferor") and filed on the Claims Register for the above-captioned bankruptcy case. All right, title and interest in and to the claim has been sold and transferred, for other than security, described as follows:

1.      Person or entity to whom the claim has been transferred (the "Transferee"):

     Name: CC Acquisitions, L.P.     Telephone No. (212) 576-4575

     Address:   CC Acquisitions, L.P.
                Attention: Vivian Dubin
                c/o NY Life Insurance Company
                51 Madison Avenue
                New York, NY 10010

2.      Date of Transfer of Claim: June 1, 2009

3.      Type of Claim: General Unsecured

4.      Amount of Claim: Not less than $831,584.68

5.      Date of Filing Proof of Claim: July 23, 2009

6.      Claim No.: 14523 (the "Claim")

7.      Transferor:   Manufacturers and Traders Trust Company, as Trustee
                c/o Hodgson Russ LLP
                Attn: Deborah J. Piazza, Esq.
                60 East 42nd Street, 37th Floor
                New York, NY 10165

8.      A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

PLEASE TAKE NOTICE that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: 4|2|10                   Dated: _____

TRANSFEROR:                   TRANSFEREE:

MANUFACTURERS AND TRADERS      CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE      By: NYLIFE Real Estate Holdings, LLC,
                                                 it's General Partner

By: _____                By: _____
      Nancy L. George                      Vivian Dubin
      Vice President                       Secretary

8.     A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as Exhibit A.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: _____                    Dated: 5/17/2010

TRANSFEROR:                                TRANSFEREE:

MANUFACTURERS AND TRADERS                  CC ACQUISITIONS L.P.
TRUST COMPANY, AS TRUSTEE                  By: NYLIFE Real Estate Holdings, LLC,
                                           it's General Partner

By: _____                By: _____
       Nancy L. George                            Vivian Dubin
       Vice President                             Secretary

Date:  **May 24, 2010**

**Submitted by:**

**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**


By:      /s/ Augustus C. Epps, Jr.
         Augustus C. Epps, Jr., Esquire (VSB No. 13254)
         Michael D. Mueller, Esquire (VSB No. 38216)
         Jennifer M. McLemore, Esquire (VSB No. 47164)
         CHRISTIAN & BARTON, LLP
         909 E. Main Street, Suite 1200
         Richmond, Virginia 23219-3095
         (804) 697-4129
         (804) 697-6129 (facsimile)

         *Counsel for Manufacturers and Traders Trust Company, as Trustee*

# EXHIBIT A

#14523

B 10 (Official Form 10) (12/07)                                                                   AMENDED

**UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Debtor against which claim is asserted :** (Check only one box below):

| | |
|---|---|
| ☒ Circuit City Stores, Inc. (Case No. 08-35653) | ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659) |
| ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654) | ☐ Circuit City Store PR, LLC (Case No. 08-35660) |
| ☐ InterTAN, Inc. (Case No. 08-35655) | ☐ Circuit City Properties, LLC (Case No. 08-35661) |
| ☐ Ventoux International, Inc. (Case No. 08-35656) | ☐ Orbyx Electronics, LLC (Case No. 08-35662) |
| ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657) | ☐ Kinzer Technology, LLC (Case No. 08-35663) |
| ☐ CC Aviation, LLC (Case No. 08-35658) | ☐ Courchevel, LLC (Case No. 08-35664) |

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, LLC (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Manufacturers and Traders Trust Company, as Trustee

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: **8421**
(If known)

**Name and address where notices should be sent:**
c/o Hodgson Russ LLP
Attn: Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York 10165

Filed on: **1/29/2009**

Telephone number: (212) 661-3535

**Name and address where payment should be sent (if different from above):**
CC Acquisitions, L.P.
c/o NYLIFE Real Estate Holdings, LLC, General Partner
Attn: Vivian Dubin, Associate General Counsel
51 Madison Avenue
New York, New York 10010

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: (212) 576-4575

**1. Amount of Claim as of Date Case Filed:**   $ Not less than $831,584.68 (Refer to annexed Exhibit B)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 5.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Amounts due under Lease and related agreements - Store No. 6366 (formerly Store No. 4502)
(See instruction #2 on reverse side.)   located at Lewisville, TX (Refer to annexed Exhibits A and C)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority** under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Date:**
July 10, 2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

NYLIFE Real Estate Holdings, LLC, General Partner of CC Acquisitions, L.P.

By: _Vivian Dubin_   Vivian Dubin, Associate General Counsel  Secretary

**FOR COURT USE ONLY**

RECEIVED

JUL 23 2009

KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090723000000000073

**EXHIBIT A TO AMENDED PROOF OF CLAIM FILED BY
CC ACQUISITIONS, L.P.
LEWISVILLE, TEXAS (STORE NO. 6366)**

CC Acquisitions, L.P. ("CCA"), submits this Amended Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 9, 1994 related to the premises located at Lewisville, Texas, Store No. 6366 (formerly Store No. 4502) as more fully-described in the Lease (the "Lease"), which has been assigned to CCA as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On November 10, 2008, the Debtors filed a Motion for an Order Pursuant to 11 U.S.C. Sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Motion"). The Court entered an Order granting the Motion on the same day and the subject Lease was rejected effective as of November 10, 2008.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, CCA has an aggregate claim in an amount not less than $831,584.68 against the Debtors which represents: (1) rejection damages in the amount of $645,287.94; (2) prepetition claims in the present amount of $121,935.63; and (3) actual damages under the lease in the present amount of $64,361.11. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

CCA reserves the right to further amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

002000/09569 Litigation 6508133v1

*originals*

**EXHIBIT B TO AMENDED PROOF OF CLAIM FILED BY
CC ACQUISION, L.P.
LEWISVILLE, TEXAS (STORE NO. 6366)**

**Amended Claim Analysis and Calculation**

Lease between Circuit City Stores, Inc. and CCI Trust 1994 - I dated November 9, 1994
Store No. 6366 (formerly Store No. 4502) - Lewisville, TX - 2325 S. Stemmons Frwy. 75067

| | | |
|---|---|---|
| **Claim for Rejection Damages under 11 U.S.C. 502(b)(6)** | | |
| Total rent reserved through end of term (110 months) | $4,301,919.60 | |
| Fifteen percent of total rent reserved (above): | 645,287.94 | |
| Rent reserved for one year from Petition Date: | 469,300.32 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$645,287.94** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $37,935.63 | |
| Prepetition Late Charges: | To Be Determined ("TBD") | |
| Prepetition Common Area Maintenance Outstanding: | 26,000.00 | |
| Prepetition Taxes Outstanding: | 58,000.00 | |
| **Subtotal of Prepetition Claim:** | | **$121,935.63** |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,436.35 | |
| Trustee's Attorneys Fees[1]: | 10,424.76 | |
| Landlord's Legal Costs: | 20,000.00 | |
| Broker's Opinion: | 6,500.00 | |
| Environmentals: | 5,500.00 | |
| HVAC Repair: | 10,000.00 | |
| Interior Clean-Up: | 3,000.00 | |
| Inspection Fees: | 1,500.00 | |
| HVAC Inspection: | 1,000.00 | |
| Sign Removal: | 2,000.00 | |
| Re-key: | 1,000.00 | |
| **Subtotal of Damages Under Lease:** | | **$64,361.11** |
| **TOTAL AMENDED PROOF OF CLAIM:** | | **$831,584.68** |

---

[1] The amount for attorneys' fees includes estimated time.  CC Acquisitions, L.P. reserves the right to further amend
and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.

002000/09569 Litigation 6508142v1

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

EXHIBIT N

**B 10 (Official Form 10) (12/07)**

**AMENDED**

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted : (Check only one box below:)**

| | | |
|---|---|---|
| ☒ Circuit City Stores, Inc. (Case No. 08-35653) | ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659) | ☐ Abbott Advertising, Inc. (Case No. 08-35665) |
| ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654) | ☐ Circuit City Stores PR, LLC (Case No. 08-35660) | ☐ Mayland MN, LLC (Case No. 08-35666) |
| ☐ InterTAN, Inc. (Case No. 08-35655) | ☐ Circuit City Properties, LLC (Case No. 08-35661) | ☐ Patapsco Designs, Inc. (Case No. 08-35667) |
| ☐ Ventoux International, Inc. (Case No. 08-35656) | ☐ Orbyx Electronics, LLC (Case No. 08-35662) | ☐ Sky Venture Corporation (Case No. 08-35668) |
| ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657) | ☐ Kinzer Technology, LLC (Case No. 08-35663) | ☐ XSStuff, LLC (Case No. 08-35669) |
| ☐ CC Aviation, LLC (Case No. 08-35658) | ☐ Courchevel, LLC (Case No. 08-35664) | ☐ PRAHS, Inc. (Case No. 08-35670) |

**NOTE:** *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): <br> CC Acquisitions, L.P. | ☐ Check this box to indicate that this claim amends a previously filed claim. <br><br> Court Claim Number: **14523** <br> *(If known)* <br><br> Filed on: **1/29/2009** |
| Name and address where notices should be sent: <br> c/o Hodgson Russ LLP <br> Attn: Deborah J. Piazza, Esq. <br> 60 East 42nd Street, 37th Floor <br> New York, New York 10165        Telephone number: **(212) 661-3535** | |
| Name and address where payment should be sent (if different from above): <br> CC Acquisitions, L.P. <br> c/o NYLIFE Real Estate Holdings, LLC, General Partner <br> Attn: Vivian Dubin, Secretary <br> 51 Madison Avenue <br> New York, New York 10010        Telephone number: **(212) 576-4575** | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  $ **Not less than $831,584.68**  (Refer to annexed Exhibit B) <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. <br><br> Specify the priority of the claim. <br><br> ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**  Amounts due under Lease and related agreements - Store No. 6366 (formerly Store No. 4502) located at <br> (See instruction #2 on reverse side.) Lewisville, TX (Refer to annexed Exhibits A and C) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4). |
| **3.** Last four digits of any number by which creditor identifies debtor:_____ <br><br> **3a.** Debtor may have scheduled account as:_____ <br> (See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5). |
| **4. Secured Claim** (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> **Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other <br> Describe: <br><br> Value of Property: $_____ Annual Interest Rate ___% <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br><br> if any: $_____   Basis for perfection: _____ <br><br> Amount of Secured Claim: $_____   Amount Unsecured: $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7). <br><br> ☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8). <br><br> ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). <br><br> **Amount entitled to priority:** <br><br> $_____ |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. <br> **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)* <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment* |
| **Date:** <br> August 27, 2009 | **Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> NYLIFE Real Estate Holdings, LLC, General Partner of CC Acquisitions, L.P. <br><br> By: _[signature]_ <br> Vivian Dubin, Secretary | FOR COURT USE ONLY <br><br> **RECEIVED** <br> **SEP 0 2 2009** <br> KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

☐ Date Stamped Copy Returned <br> ☐ No self addressed stamped envelope <br> ☐ No copy to return



0835653090902000000000005

## EXHIBIT A TO AMENDED PROOF OF CLAIM FILED BY
## CC ACQUISITIONS, L.P.
## LEWISVILLE, TEXAS (STORE NO. 6366)

CC Acquisitions, L.P. ("CCA"), submits this Amended Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 9, 1994 related to the premises located at Lewisville, Texas, Store No. 6366 (formerly Store No. 4502) as more fully-described in the Lease (the "Lease"), which has been assigned to CCA as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On November 10, 2008, the Debtors filed a Motion for an Order Pursuant to 11 U.S.C. Sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Motion"). The Court entered an Order granting the Motion on the same day and the subject Lease was rejected effective as of November 10, 2008.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, CCA has an aggregate claim in an amount not less than $831,584.68 against the Debtors which represents: (1) rejection damages in the amount of $645,287.94; (2) prepetition claims in the present amount of $121,935.63; and (3) actual damages under the lease in the present amount of $64,361.11. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

CCA reserves the right to further amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT B TO AMENDED PROOF OF CLAIM FILED BY
CC ACQUISITION, L.P.
LEWISVILLE, TEXAS (STORE NO. 6366)**

**Amended Claim Analysis and Calculation**

**Lease between Circuit City Stores, Inc. and CCI Trust 1994 - I dated November 9, 1994
Store No. 6366 (formerly Store No. 4502) - Lewisville, TX - 2325 S. Stemmons Frwy. 75067**

| Claim for Rejection Damages under 11 U.S.C. 502(b)(6) | | |
|---|---|---|
| Total rent reserved through end of term (110 months) | $4,301,919.60 | |
| Fifteen percent of total rent reserved (above): | 645,287.94 | |
| Rent reserved for one year from Petition Date: | 469,300.32 | |
| Subtotal of Rejection Damages Claim (greater of the two): | | $645,287.94 |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $37,935.63 | |
| Prepetition Late Charges: | To Be Determined ("TBD") | |
| Prepetition Common Area Maintenance Outstanding: | 26,000.00 | |
| Prepetition Taxes Outstanding: | 58,000.00 | |
| Subtotal of Prepetition Claim: | | $121,935.63 |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,436.35 | |
| Trustee's Attorneys Fees[1]: | 10,424.76 | |
| Landlord's Legal Costs: | 20,000.00 | |
| Broker's Opinion: | 6,500.00 | |
| Environmentals: | 5,500.00 | |
| HVAC Repair: | 10,000.00 | |
| Interior Clean-Up: | 3,000.00 | |
| Inspection Fees: | 1,500.00 | |
| HVAC Inspection: | 1,000.00 | |
| Sign Removal: | 2,000.00 | |
| Re-key: | 1,000.00 | |
| Subtotal of Damages Under Lease: | | $64,361.11 |
| **TOTAL AMENDED PROOF OF CLAIM:** | | $831,584.68 |

---

[1] The amount for attorneys' fees includes estimated time. CC Acquisitions, L.P. reserves the right to further amend and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

EXHIBIT O

**B 10 (Official Form 10) (12/07)**

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | AMENDED |
| --- | --- |
| | PROOF OF CLAIM |

**Debtor against which claim is asserted :   (Check only one box below:)**

☒ Circuit City Stores, Inc. (Case No. 08-35653)  
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)  
☐ InterTAN, Inc. (Case No. 08-35655)  
☐ Ventoux International, Inc. (Case No. 08-35656)  
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)  
☐ CC Aviation, LLC (Case No. 08-35658)  

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)  
☐ Circuit City Stores PR, LLC (Case No. 08-35660)  
☐ Circuit City Properties, LLC (Case No. 08-35661)  
☐ Orbyx Electronics, LLC (Case No. 08-35662)  
☐ Kinzer Technology, LLC (Case No. 08-35663)  
☐ Courchevel, LLC (Case No. 08-35664)  

☐ Abbott Advertising, Inc. (Case No. 08-35665)  
☐ Mayland MN, LLC (Case No. 08-35666)  
☐ Patapsco Designs, Inc. (Case No. 08-35667)  
☐ Sky Venture Corporation (Case No. 08-35668)  
☐ XSStuff, LLC (Case No. 08-35669)  
☐ PRAHS, INC. (Case No. 08-35670)  

**NOTE:** *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):

CC Acquisitions, L.P.

**Name and address where notices should be sent:**

c/o Hodgson Russ LLP  
Attn: Deborah J. Piazza, Esq.  
60 East 42nd Street, 37th Floor  
New York, New York 10165

Telephone number: (212) 661-3535

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 14523  
(If known)

Filed on: 1/29/2009

**Name and address where payment should be sent** (if different from above):

CC Acquisitions, L.P.  
c/o NYLIFE Real Estate Holdings, LLC, General Partner  
Attn: Vivian Dubin, Secretary  
51 Madison Avenue  
New York, New York 10010

Telephone number: (212) 576-4575

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ Not less than $831,584.68 (Refer to annexed Exhibit B)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Amounts due under Lease and related agreements - Store No. 6366 (formerly Store No. 4502) located at (See instruction #2 on reverse side.) Lewisville, TX (Refer to annexed Exhibits A and C)

**3.** Last four digits of any number by which creditor identifies debtor: _____

**3a.** Debtor may have scheduled account as: _____  
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**  
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other  
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date:<br>August 27, 2009 | **Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>NYLIFE Real Estate Holdings, LLC, General Partner of CC Acquisitions, L.P.<br><br>By: *Vivian Dubin* / Vivian Dubin, Secretary | FOR COURT USE ONLY<br><br>**RECEIVED**<br>SEP 02 2009<br>KURTZMANCARSONCONSULTANTS |
| --- | --- | --- |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0835653090902000000000006

## EXHIBIT A TO AMENDED PROOF OF CLAIM FILED BY
## CC ACQUISITIONS, L.P.
## LEWISVILLE, TEXAS (STORE NO. 6366)

CC Acquisitions, L.P. ("CCA"), submits this Amended Proof of Claim for claims arising in connection with a certain Lease between Circuit City Stores, Inc., as Tenant, and CCI Trust 1994 - I, as Landlord, dated November 9, 1994 related to the premises located at Lewisville, Texas, Store No. 6366 (formerly Store No. 4502) as more fully-described in the Lease (the "Lease"), which has been assigned to CCA as collateral security in accordance with various related lending and security agreements (the "Claim"). A copy of the Lease is annexed as Exhibit C to this Claim.

On November 10, 2008, the Debtors filed a Motion for an Order Pursuant to 11 U.S.C. Sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Motion"). The Court entered an Order granting the Motion on the same day and the subject Lease was rejected effective as of November 10, 2008.

Pursuant to sections 502(a) and 502(b)(6) of the Bankruptcy Code, CCA has an aggregate claim in an amount not less than $831,584.68 against the Debtors which represents: (1) rejection damages in the amount of $645,287.94; (2) prepetition claims in the present amount of $121,935.63; and (3) actual damages under the lease in the present amount of $64,361.11. A detailed analysis and calculation of the Claim is annexed as Exhibit B.

CCA reserves the right to further amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional administrative expenses arising after the petition date.

This Claim is filed to protect CCA from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of CCA's rights, claims or defenses against any person, entity or property; (b) a waiver or release of CCA's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by CCA to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which CCA may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving CCA, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

**EXHIBIT B TO AMENDED PROOF OF CLAIM FILED BY**
**CC ACQUISITION, L.P.**
**LEWISVILLE, TEXAS (STORE NO. 6366)**

**Amended Claim Analysis and Calculation**

> **Lease between Circuit City Stores, Inc. and CCI Trust 1994 - I dated November 9, 1994**
> **Store No. 6366 (formerly Store No. 4502) - Lewisville, TX - 2325 S. Stemmons Frwy.  75067**

| | | |
|---|---|---|
| **Claim for Rejection Damages under 11 U.S.C. 502(b)(6)** | | |
| Total rent reserved through end of term (110 months) | $4,301,919.60 | |
| Fifteen percent of total rent reserved (above): | 645,287.94 | |
| Rent reserved for one year from Petition Date: | 469,300.32 | |
| **Subtotal of Rejection Damages Claim (greater of the two):** | | **$645,287.94** |
| **Prepetition Claim** | | |
| Prepetition Rent Outstanding (10/1/08 - 11/9/08): | $37,935.63 | |
| Prepetition Late Charges: | To Be Determined ("TBD") | |
| Prepetition Common Area Maintenance Outstanding: | 26,000.00 | |
| Prepetition Taxes Outstanding: | 58,000.00 | |
| **Subtotal of Prepetition Claim:** | | **$121,935.63** |
| **Damages Under Lease** | | |
| Trustee Fees: | $3,436.35 | |
| Trustee's Attorneys Fees[1]: | 10,424.76 | |
| Landlord's Legal Costs: | 20,000.00 | |
| Broker's Opinion: | 6,500.00 | |
| Environmentals: | 5,500.00 | |
| HVAC Repair: | 10,000.00 | |
| Interior Clean-Up: | 3,000.00 | |
| Inspection Fees: | 1,500.00 | |
| HVAC Inspection: | 1,000.00 | |
| Sign Removal: | 2,000.00 | |
| Re-key: | 1,000.00 | |
| **Subtotal of Damages Under Lease:** | | **$64,361.11** |
| **TOTAL AMENDED PROOF OF CLAIM:** | | **$831,584.68** |

---

[1] The amount for attorneys' fees includes estimated time.  CC Acquisitions, L.P. reserves the right to further amend and/or supplement this Claim at any time to reflect additional attorneys' fees incurred.

# LEASE OMITTED PURSUANT TO INSTRUCTIONS CONTAINED IN NOTICE OF THE 17th OMNIBUS OBJECTION

# COPIES OF LEASES WILL BE PROVIDED UPON REQUEST

EXHIBIT P

HODGSON RUSS LLP
James C. Thoman, Esq.
140 Pearl Street, Suite 100
Buffalo, NY  14202
Telephone: (716) 856-4000
*Attorneys for CC Acquisitions LLC*

and

CHRISTIAN & BARTON, LLP
Augustus C. Epps, Jr., Esq. (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA  23219
Telephone: (804) 697-4100
*Local Counsel for CC Acquisitions LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 |
| Debtors. | Jointly Administered |

**DECLARATION OF RON PETIT IN SUPPORT OF RESPONSE TO
SEVENTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS**

I, Ron Petit, declare as follows:

I am a Vice President with CC Acquisitions, L.P., the Manager of CC Acquisitions, LLC ("CC Acquisitions"). I am a resident of Maplewood, New Jersey.  All of the facts set forth in this declaration are within my personal knowledge and are true and correct.  I suffer from no legal impediment that precludes me from making this declaration.

1.      I make this declaration in support of CC Acquisitions response to Trustee of the Circuit City Stores, Inc. Liquidating Trust's (the "Trust") Seventeenth Omnibus Objection to Landlord Claims seeking an order disallowing Claim Nos. 12718, 12721, 12722, 12725, 13716, 14053, 14270, 14288, 14290, 14518, 14521, 14522, 14523, 14574 and 14577 (the "Motion").

1

2.      McDonald Mortgage Pass-Through Corporation (the "Originator") made

various mortgage loans with respect to a number of locations leased by the Debtors including the

following locations:

| LANDLORD | STORE NUMBER | LOCATION |
|---|---|---|
| CCI Trust 1994-1 | #4505 ("Little Rock 1") | 109 Markham Park Drive Little Rock, AR  72211 |
| CCI Trust 1994-1 | #4506 ("Little Rock 2") | 4339 Warden Road North Little Rock, AR  72116 |
| CCI Trust 1994-1 | #3515 ("Nashville") | 7669 Highway 70 South Nashville, TN  37221 |
| CCI Trust 1994-1 | #3517 ("Maplewood") | 1940 E. County Road D Maplewood, MN  55109 |
| CCI Louisiana Trust | #3506 ("Marrero") | 4945 Lapalco Boulevard Marrero, LA  70072 |
| CCI Trust 1994-1 | #6691 ("Humble") | 20465 Highway 59 Humble, TX  77338 |
| CCI Trust 1994-1 | #3314 ("Salem") | 435 Lancaster Drive Salem (Portland), OR  97301 |
| CCI Trust 1994-1 | #4502 ("Lewisville") | 2325 S. Stemmons Freeway Lewisville, TX  75067 |

collectively, the "Locations".

3.      The Originator then transferred the mortgage loans and the collateral therefor

to Manufacturers and Traders Trust Company, as trustee (the "Trustee") for the benefit of the holders

of certain certificates issued pursuant to the terms of a Pooling and Servicing Agreement, dated as of

November 10, 1994.   The mortgage loans and collateral therefor were transferred to the Trustee.

The certificates represented the beneficial interests in the mortgage loans, and entitled the certificate

holders to a stream of payments.

4.      Each loan was secured by a mortgage and assignment of leases and rents.  The

assignment of leases and rents provide for the payment of rents directly to the lender in the

occurrence of an event of default.

5.      There were defaults under the mortgage loans. The Trustee exercised its rights

and remedies. The borrowers entered into deed in lieu of foreclosure agreements with respect to all of

2

the Locations.  At the direction of the Trustee, the properties were conveyed to CC Acquisitions in accordance with the terms of the deeds in lieu of foreclosure.

6.      For all of the Locations, the Trustee assigned all of its rights with respect to the mortgage loan and related collateral documents to CC Acquisitions. The assignment contains "anti-merger" language.  CC Acquisitions is the assignee of all rights with respect to mortgage loans and assignments of rents and leases with respect to the Locations.

7.      On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $620,334.88 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Little Rock, Arkansas—Store No. 4506 ("Claim No. 12718").  On or about May 17, 2010, the Trustee transferred Claim No. 12718 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7633).

8.      On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $721,052.70 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Little Rock, Arkansas—Store No. 4505 ("Claim No. 12721").  On or about May 17, 2010, the Trustee transferred Claim No. 12721 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7816).

9.      On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $804,474.43 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Nashville, Tennessee—Store No. 3515 ("Claim No. 12722").  On or about May 17, 2010, the Trustee transferred Claim No. 12722 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7632).

10.      On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $974,171.44 for rejection damages and pre-petition

3

amounts due with respect to the lease for real property located at Maplewood, Minnesota—Store No.
3137 ("Claim No. 12725").  On or about May 17, 2010, the Trustee transferred Claim No. 12725 to
CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7631).

11.     On or about June 29, 2009, CC Acquisitions timely filed a request for
administrative expense claim in the amount of $114,350.26 for post-petition, pre-rejection amounts
due with respect to the lease for real property located at Maplewood, Minnesota—Store No.  3137
("Claim No. 13716").

12.     On or about June 29, 2009, CC Acquisitions timely filed a request for
administrative expense claim in the amount of $93,342.13 for post-petition, pre-rejection amounts
due with respect to the lease for real property located at Marrero, Louisiana Store No.  3506   ("Claim
No. 14053").

13.     On or about June 29, 2009, CC Acquisitions timely filed a request for
administrative expense claim in the amount of $64,319.26 for post-petition, pre-rejection amounts
due with respect to the lease for real property located at Little Rock, Arkansas—Store No.  4506
("Claim No. 14270").

14.     On or about June 29, 2009, CC Acquisitions timely filed a request for
administrative expense claim in the amount of $79,296.26 for post-petition, pre-rejection amounts
due with respect to the lease for real property located at Little Rock, Arkansas—Store No.  4505
("Claim No. 14288").

15.     On or about June 29, 2009, CC Acquisitions timely filed a request for
administrative expense claim in the amount of $103,332.20 for post-petition, pre-rejection amounts
due with respect to the lease for real property located at Nashville, Tennessee—Store No.  3515
("Claim No. 14290").

057471/00000 Litigation 7781635v1

16.    On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8170) asserting a general unsecured claim in the amount of not less than $933,748.17 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Humble, Texas—Store No. 6619  ("Claim No. 14518").

17.    On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8626) asserting a general unsecured claim in the amount of not less than $715,734.85 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Portland (Salem), Oregon—Store No. 6324  ("Claim No. 14521").

18.    On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8627) asserting a general unsecured claim in the amount of not less than $826,028.91 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Marrero, Louisiana—Store No. 3506  ("Claim No. 14522").

19.    On or about July 23, 2009, the Trustee timely filed an amended proof of claim (amending Claim No. 8421) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366  ("Claim No. 14523"). On or about May 17, 2010, the Trustee transferred Claim No. 14523 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7630).

20.    On or about September 2, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 14523) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366  ("Claim No. 14574").

057471/00000 Litigation 7781635v1

21.    On or about September 2, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 14523) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366 ("Claim No. 14577").

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this 7th day of April, 2011 at New York, New York.

_____
Ron Petit

057471/00000 Litigation 7781635v1