David W. Lannetti (VSB No. 44273)
Anne G. Bibeau (VSB No. 41488)
Vandeventer Black LLP
101 W. Main Street, Ste. 500
Norfolk, VA  23510
Tel. 757-446-8600
Fax 757-446-8670
dlannetti@vanblk.com
abibeau@vanblk.com
Local Counsel for County of Alameda Treasurer-Tax Collector

Office of the County Counsel, County of Alameda
By:  CLAUDE F. KOLM [83517]
Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Tel. (510) 272-6700
claude.kolm@acgov.org
Attorney for County of Alameda Treasurer-Tax Collector

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION

| | |
|---|---|
| In re: CIRCUIT CITY STORES, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 08-35653 (KRH) |

**OPPOSITION OF CREDITOR ALAMEDA COUNTY TREASURER-TAX COLLECTOR TO LIQUIDATING TRUST'S EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES**

Creditor Donald R. White, Alameda County Treasurer-Tax Collector ("Alameda") opposes the Liquidating Trust's Eighteenth Omnibus Objection to Claims Filed by Taxing Authorities.

The Liquidating Trust objects to two post-petition tax claims filed by Alameda, numbers 14821 and 15155.

I. **PURSUANT TO THE CONSTITUTIONAL DOCTRINES OF COMITY AND FEDERALISM, THE COURT MUST ABSTAIN UNLESS THERE IS AN OVERRIDING REASON FOR THE COURT TO DETERMINE THE STATE TAX CLAIM, AND DEBTORS HAVE NOT SUPPLIED SUCH AN OVERRIDING REASON.**

The recent Supreme Court decision in *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 128 S. Ct. 2326, 2336-2340, 171 L. Ed. 2d 203, 215-20 (2008), reaffirmed that federalism/comity apply in bankruptcy proceedings. Generally, the federal government will not interfere with certain core state functions unless there is an overriding reason. One such core function is tax administration. *See, e.g., Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 586-87, 590, 115 S. Ct. 2351, 132 L. Ed. 2d 509 (1995). The bankruptcy clause of the Constitution, of course, does give Congress the power to authorize the bankruptcy courts to intrude in state tax matters. However, because of the competing principles of comity/federalism, that intrusion should be as limited as possible in order to accomplish necessary bankruptcy goals. In *Florida Department of Revenue, supra*, application of that principle meant that federalism required the bankruptcy court to construe a state tax exemption narrowly against the taxpayer. 554 U.S. 33, 128 S. Ct. 2326, 2336-2340, 171 L. Ed. 2d at 215-20

In addition to influencing how federal courts construe state tax laws, federalism/comity also argues for abstention and allowing the case to proceed through the state system for appeals. *Cf. Dows v. Chicago*, 11 Wall. 108 (1871); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943); *Fair Assessment in Real Estate Ass'n., Inc. v. McNary*, 454 U.S. 102, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981); *Nat'l Private Truck Council, supra*. In the context of a motion to determine state taxes due, the intersection of federalism/comity with the bankruptcy court's powers means that the bankruptcy court should abstain absent an overriding reason why it should become involved. Here,

1  Debtors have failed to provide such an overriding reason.  Although one can debate the
2  proper weighting on the two sides to decide whether a reason is "overriding," here the
3  issue does not get that far as Debtors have advanced no clear reason of any special
4  force in favor of the Court's assuming jurisdiction to decide state tax matters.

## II.    SECTION 505(A)(2)(C) BARS THE RELIEF SOUGHT FOR TAXES FOR THE 2010 ASSESSMENT YEAR.

Bankruptcy Code section 505(a)(2)(C) does not permit the Court to redetermine "the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) has expired." Here we are involved with California ad valorem property taxes and the Debtor failed to challenge them within the appropriate period under California law.

Three cases have interpreted Bankruptcy Code section 505(a)(2)(C).  In re *The Village of Oakwell Farms, Ltd.,* 428 B.R. 372 (Bankr. W.D. Tex. 2010), holds that it does not matter whether the period for contesting the tax has expired at the time of the filing of the bankruptcy petition.  The court notes that there is a natural inclination to add "'at the time of the commencement of the case' to the end of the statutory sentence." *Id.* at 379.  However, the court continues, that language is not there, and so there are various other alternatives for the time to which "expired" relates.  The court then resorts to the tools of statutory construction.

The court first notes that the new language should be read in such a way as not to render existing language surplusage.  *Id.*  The court continues by noting that section 505(a)(2)(A) "already bars redeterminations when the amount or legality of the tax has already been contested with finality before commencement of the case."  As a result, the court reasons, "has expired" should not be confined to the pre-petition time, as that time period is handled by section 505(a)(2)(A).  But, the court observes, if the time

period includes post-petition time, there is a conflict with section 108(a).  The court finds no help in the legislative history.  *Id.*

Applying another principle of statutory construction, the court then says that because section 505(a)(2)(C) is a specific provision, it must govern over the more general rule stated in section 108(a).  The court continues:

> Were there no new section 505(a)(2)(C), the interplay of sections 108(a) and 505(a)(2)(A) would mean that bankruptcy courts can redetermine [local agency] determinations so long as the time for filing an action *de novo* has not yet run . . . .  The addition of new section 505(a)(2)(C) assures that notwithstanding section 108(a), the debtor must contest the [local agency] determination before the time period for seeking *de novo* review has expired.

*Id.* at 380.

The construction of the *Oakwell Farms* court is consistent with the general principle of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: except where there is a clear, overriding policy to the contrary, taxpayers would not fare better in bankruptcy than they would outside it.  *See, e.g.*, Weller, *Things Local Governments Wish Bankruptcy Attorneys Knew About Property Taxes*, 28-4 American Bankruptcy Institute Journal 12, 60 (2009) ("We have all heard that bankruptcy is a process that gives a debtor a 'fresh start,' but it does not give a 'head start' or otherwise provide an advantage in ongoing operations, at least as far as taxes are concerned."); Jenks, *The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: Summary of Tax Provisions*, 79 American Bankruptcy Law Journal 893, 894 (2005) ("[T]he basic effect of the tax provisions in the Act is to adjust the 'three-way tension' among debtors, general creditors, and taxing authorities in favor of the government.").

Accordingly, the court should follow *Oakwell Farms* and hold that section 505(a)(2)(C) bars the relief that the Liquidating Trust seeks.  In re *ATA Airlines, Inc.,* 2010 WL 3955574 (Bankr. S.D. Ind., Oct. 4, 2010, No. 08-03675 BHL 11), follows the construction of *Oakwell Farms.*  Alameda believes that these two cases are correctly decided.

In re *Read*, 442 B.R. 839 (Bankr. M.D. Fla. 2011), holds that if the period for contesting the claims had not run at the time of the filing, then Bankruptcy Code section 108(a) adds an additional two years to the filing period.  However, even that case recognizes that section 108 does not extend the period under state law to contest post-petition ad valorem tax claims incurred by the estate.  *Id.* at 847. In fact, every court that has examined the issue has concluded that section 108 does not apply to extend the period under state law to contest tax for causes that arose after the filing of the petition. In re *Philip*, 948 F.2d 985, 987 (5th Cir. 1991); *Quillin v. Compass Bank*, 2004 U.S. Dist. LEXIS 18811 (N.D. Tex. 2004); In re *Ward*, 42 B.R. 946 (Bankr. M.D. Tenn. 1984); In re *Coliseum Cartage Co.*, 975 F.2d 1022, 1027 (4th Cir. 1992) (Wilkinson, J., dissenting).

Here, the claims are for post-petition taxes.  The period for filing an application to contest the 2010 assessment expired on September 15, 2010.  California Revenue and Taxation Code section 1603(b)(1).  The Debtor did not timely file an application for that year.  Declaration of Cheryl Perkins, ¶ 3.  Accordingly, Bankruptcy Code section 505(a)(2)(C) prevents the Liquidating Trust from challenging Alameda's claim for that year.

**III. RESERVATION OF RIGHTS**

Alameda reserves its rights to amend, modify, or supplement this Opposition.

DATED: April 7, 2011

Respectfully submitted,

County Counsel in and for the County of Alameda, State of California

/s/Anne G. Bibeau
Anne G. Bibeau (VSB No. 41488)
David W. Lannetti (VSB No. 44273)
Vandeventer Black LLP
101 W. Main Street, Ste. 500
Norfolk, VA  23510
Tel. 757-446-8600
Fax 757-446-8670
dlannetti@vanblk.com
abibeau@vanblk.com

**OPPOSITION TO EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES**
 Case No. 08-35653 (KRH)                                                                                                                    5

Local Counsel for County of Alameda Treasurer-Tax Collector

Office of the County Counsel, County of Alameda
By:  CLAUDE F. KOLM [83517]
Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:    (510) 272-6700
e-mail: claude.kolm@acgov.org
Attorney for County of Alameda Treasurer-Tax Collector

## CERTIFICATE OF SERVICE

I certify that on April 7, 2011 a copy of the foregoing was served via Court's ECF system upon Debtors' counsel and all other parties receiving notices via the ECF system.

/s/ Anne G. Bibeau
Anne G. Bibeau (VSB No. 41488)

4847-5676-5961, v. 1