Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

Cassandra A. Sepanik
(admitted pro hac vice)
Texas Bar No. 24070592
THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

ATTORNEYS FOR LASALLE BANK NATIONAL ASSOCIATION F/K/A LASALLE NATIONAL BANK, AS TRUSTEE OF CORPORATE CREDIT-BACKED PASS-THROUGH CERTIFICATES, SERIES 1997-CTL-1, ACTING BY AND THROUGH MIDLAND LOAN SERVICES, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION, IN ITS AUTHORIZED CAPACITY AS SPECIAL SERVICER PURSUANT TO THE APPLICABLE POOLING AND SERVICING AGREEMENT



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| IN RE: | § |
| | §  CASE NO. 08-35653 |
| CIRCUIT CITY STORES, INC., et al., | § |
| | §  CHAPTER 11 |
| DEBTORS | § |
| | §  (Jointly Administered) |
| | § |

### RESPONSE OF CTL TRUST TO LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

COMES NOW, LaSalle Bank National Association f/k/a LaSalle National Bank, as Trustee of Corporate Credit-Backed Pass-Through Certificates, Series 1997-CTL-1 (the "CTL Trust"), acting by and through Midland Loan Services ("Midland"), a division of PNC Bank, National Association, in its authorized capacity as special servicer pursuant to the applicable Pooling and Servicing Agreement, creditor in the above

entitled and numbered cause, and files this Response (the "Response") to Liquidating Trust's Ninth Omnibus Objection to Landlord Claims [Dkt. No. 10047] (the "Ninth Omnibus Objection") and states as follows:

## Relief Requested

1. In the Ninth Omnibus Objection, the Trustee objected to claim no. 14247 (the "Claim") of CTL Trust. By this Response, CTL Trust requests that the Trustee's objection to the Claim be overruled in its entirety and the Claim allowed in the amount of $58,245.10 or in such other amount as CTL Trust shall show itself entitled pursuant to any amended claim or otherwise.

## Background

2. Mayfair ORCC Business Trust ("Mayfair"), and Circuit City Stores, Inc. (the "Debtor") were parties to a lease dated November 7, 1995 (the "Lease"), between Mayfair, as landlord, and Debtor, as tenant, with respect to certain real property located at 1638 NE 102 Ave, Portland, Oregon 97220 (the "Leased Premises").

3. On November 10, 2008 (the "Petition Date"), the Debtor and its affiliated entities filed petitions for relief under Chapter 11 of the Bankruptcy Code.

4. From the Lease's commencement to at least March 12, 2009, the Debtor occupied and used the Leased Premises. On March 5, 2009, the Debtor filed a Notice of Rejection of Unexpired Leases and Abandonment of Personal Property [Dkt. No. 2434] (the "Rejection Notice"), wherein the Debtor provided that its rejection of the Lease pursuant to section 365 of the Bankruptcy Code "shall become effective on March 12, 2009 (the "Rejection Date") or such later date as the Debtor surrender [sic] the premises." *See* Rejection Notice.

5.  While Debtor filed its bankruptcy petition on November 10, 2008, it failed to pay rent and related charges for the entire month of November 2008. In its Memorandum Opinion dated February 12, 2009 [Doc. No. 2107] (the "Stub Rent Opinion"), the Court held that lessors holding leases that required Debtor to pay its November 2008 rental obligations on November 1, 2008 were:

> . . . accorded administrative priority expense treatment under § 503(b) and 507(a)(2) of the Bankruptcy Code, and such Stub Rent claims shall be payable upon the effective date of any plan of reorganization in these cases, or at such time as the Court may order upon further application.

*See* Stub Rent Opinion, at 14. Pursuant to the Stub Rent Opinion, CTL Trust is entitled to an administrative expense claim in the amount of $27,486.99 for Stub Rent payable on the effective date of Debtor's confirmed chapter 11 plan.

6.  CTL Trust timely filed an Application for Allowance and Payment of Administrative Expenses on June 30, 2009 (the "Application for Administrative Expenses"). *See* Claim No. 14247. The Application for Administrative Expenses asserts an administrative priority claim in the amount of $58,245.10 for the Debtor's post-petition use of the Leased Premises. Supporting documents including, but not limited to, a copy of the Lease, a calculation of the requested Stub Rent amount, a calculation of taxes owing and a summary ledger of attorneys' fees incurred in connection with the Lease were attached to the Claim.

7.  In the Ninth Omnibus Objection, the Trustee asserts that, "According to the Debtors' books and records," the Claim should be reduced by (i) "November stub rent that is not owing;" (ii) $3,571.04 of taxes; and (iii) $5,899.00 of "unsubstantiated" attorneys' fees. *See* Ninth Omnibus Objection.

## Response

8. The Trustee fails to overcome its burden of challenging the Claim and, therefore, to the extent that the Ninth Omnibus Objection seeks to reduce the amount of the Claim, it should be overruled.

### A. The Trustee has failed to overcome the Claim's presumptive validity.

9. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The presumption of validity includes a presumption of priority when the claim is marked priority. *In re Deangelis Tangibles, Inc.*, 238 B.R. 96, 98 (Bankr. M.D. Pa. 1999). As the objecting party, the Trustee has the burden of overcoming that *prima facie* presumption. *See In re C-4 Media Cable South, L.P.*, 150 Bankr. 374, 377 (Bankr. E.D. Va. 1992) ("The party objecting to a properly filed proof of claim has the initial burden of presenting sufficient probative evidence to overcome such prima facie effect."). The mere filing of an objection does not overcome the Trustee's burden of proof. *See Carter Enters. v. Ashland Specialty Co.*, 257 B.R. 797, 800 (S.D. W. Va. 2001) (the filing of a proof of claim "will suffice to overcome a mere formal objection without more").

10. CTL Trust attached supporting documentation to the Claim, including, among other things, the Lease, a calculation of the requested Stub Rent amount, a calculation of taxes owing and a summary ledger of attorneys' fees incurred in connection with the Lease. Thus, the Claim, including (i) $27,486.99 in Stub Rent; (ii) $24,859.11 in taxes; and (iii) $5,899.00 in attorneys' fees is presumptively valid.

11. The Trustee makes virtually no effort to meet its burden to overcome the presumptive validity of the amount of the Claim. Instead, the Trustee only asserts that certain portions of the Claim are "not owing" pursuant "to the Debtors' book and records." *See* Ninth Omnibus Objection. This unsworn statement is not accompanied by any supporting evidence. Accordingly, the Ninth Omnibus Objection should be overruled because the Trustee failed to meet its threshold burden by providing any evidence that the Claim, or any portion thereof, is invalid.

**B.    The Claim is entitled to administrative priority.**

12. CTL Trust has satisfied the two-prong test for determining whether a claim is entitled to administrative status by more than a preponderance of the evidence. Specifically, for a claim to be entitled to administrative status, the transaction giving rise to the claim must have arisen as a result of a transaction between the creditor and the debtor's estate and the transaction must have conferred upon the debtor's estate a benefit in the operation of its post-petition business. *See In re Stewart Foods, Inc.*, 64 F.3d 141, 145 n.2 (4th Cir. 1995).

13. First, the transaction giving rise to the Claim arose from the Debtor's post-petition use of the Leased Premises. Second, the transaction conferred the benefit of the use of the Leased Premises on the Debtor's estate in the operation of the Debtor's post-petition business.

14. In addition, it is well-established that a debtor's failure to pay its post-petition taxes to the landlord results in an administrative expense priority claim for the full amount of such charges as provided for in the lease. *See e.g., In re Midway Airlines Corp.*, 406 F.3d 229, 235-37 (4th Cir. 2005). Further, section 503(b) of the Bankruptcy

Code permits landlords to obtain administrative expense claims for post-petition charges for taxes and other rental fees, in that such charges are "actual, necessary costs and expenses of preserving the estate." *See* 11 U.S.C. § 503(b)(l)(A); *In re Garden Ridge Corp.*, 323 B.R. 136, 140-43 (Bankr. D. Del. 2005).

15. Here, the Debtor has failed to pay certain of its monthly rent-related charges, including business and occupation taxes and real estate taxes for the post-petition pre-rejection time period. Specifically, the Debtor failed to pay taxes in the amount of $24,859.11. Therefore, CTL Trust is entitled to an administrative claim in the amount of $24,859.11 for unpaid taxes.

16. Further, where the debtor fails to pay rent due under a lease and the landlord incurs legal fees seeking to obtain payment, attorneys' fees authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation. *See e.g., In re Beltway Med., Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006); *In re Geonex Corp.*, 258 B.R. 336 (Bankr. D. Md. 2001)(determining that a lessor was entitled to attorney's fees pursuant to the lease for enforcing its rights to payment); *In re Exch. Res., Inc.*, 214 B.R. 366, 371 (Bankr. D. Minn. 1997)(stating that legal fees incurred by a landlord in the collection of post-petition rent "give[s] rise to a priority administrative-expense claim allowable and payable now").

17. Here, paragraph 20 of the Lease expressly allows recovery by the lessor of its attorneys' fees and costs for expenditures in exercising lessor's rights and remedies under the Lease. As mentioned above, CTL Trust attached to the Claim as supporting documentation a summary ledger of attorneys' fees incurred in connection with the collection of rents. Therefore, CTL Trust is entitled to an administrative claim in the

amount of $5,899.00 for reasonable legal fees incurred in connection with the payment of rents under the Lease.

18.   CTL Trust has proven that the Claim is entitled to administrative status by more than a preponderance of the evidence through the supporting documentation attached to the Claim.

19.   The Ninth Omnibus Objection is unfounded on the merits, as the Trustee has failed to identify any particular disagreement with the evidence supporting the Claim. In fact, the Trustee has shown no basis, whatsoever, for disallowance of any portion of the Claim; nor is CTL Trust aware of any such basis. Finally, by virtue of the Trustee's failure to provide such evidence, CTL Trust is unable to respond specifically to any *purported discrepancies in the Debtors' books and records.* Unless and until the Trustee provides evidence of the basis for its objections (at which time CTL Trust would have the opportunity to respond to any such allegations), the Trustee cannot overcome the *prima facie* presumption of validity and amount of the Claim.

## Prayer

20.   Wherefore, CTL Trust respectfully requests that the Court overrule the Ninth Omnibus Objection and allow the Claim in the amount of $58,245.10 or in such other amount as CTL Trust shall show itself entitled pursuant to any amended claim or otherwise. CTL Trust further requests that the Court grant CTL Trust any additional relief to which it is entitled at law or in equity.

Dated: April 5, 2011.

Respectfully submitted,

FULBRIGHT & JAWORSKI LLP

By:    */s/ Kimberly S. Walker*
       Kimberly S. Walker
       Virginia Bar No. 47921
       FULBRIGHT & JAWORSKI LLP
       801 Pennsylvania Ave., N.W.
       Washington, D.C. 20004
       Telephone: (202) 662-0434
       Facsimile: (202) 662-4643
       kwalker@fulbright.com

       Cassandra A. Sepanik (pro hac vice)
       Texas Bar No. 2470592
       THOMPSON & KNIGHT LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       Telephone: (214) 969-1700
       Facsimile: (214) 969-1751

ATTORNEYS FOR LASALLE BANK NATIONAL ASSOCIATION F/K/A LASALLE NATIONAL BANK, AS TRUSTEE OF CORPORATE CREDIT-BACKED PASS-THROUGH CERTIFICATES, SERIES 1997-CTL-1, ACTING BY AND THROUGH MIDLAND LOAN SERVICES, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION, IN ITS AUTHORIZED CAPACITY AS SPECIAL SERVICER PURSUANT TO THE APPLICABLE POOLING AND SERVICING AGREEMENT

### ADDITIONAL ADDRESS

The following is the representative of the claimant and has authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf:

       David M. Bennett
       Texas Bar No. 02139600
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       Telephone: (214) 969-1700
       Facsimile: (214) 969-1751

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011, a true and correct copy of the foregoing has been served on all parties entitled to service via this court's ECF filing system and to the following via FedEx delivery:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL
& JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102

*Attorneys for Debtor*

/s/ Kimberly S. Walker
Kimberly S. Walker
Virginia Bar No. 47921
Fulbright & Jaworski LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE:<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>DEBTORS | § <br> §   CASE NO. 08-35653<br> § <br> §   CHAPTER 11<br> § <br> §   (Jointly Administered)<br> § |

## DECLARATION WITH RESPECT TO RESPONSE OF CTL TRUST TO LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

Pursuant to 28 U.S.C. § 1746, Kristin Bonczynski, in the capacity stated below, represents to the best of her knowledge as follows:

1. My name is Kristin Bonczynski. I am a Special Servicing Asset Manager at Midland Loan Services ("Midland"), a division of PNC Bank, National Association. I am making this Declaration in support of the Response of CTL Trust to Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (the "Response") in my capacity as a Special Servicing Asset Manager and representative of Midland as the special servicer to LaSalle Bank National Association f/k/a LaSalle National Bank, as Trustee of Corporate Credit-Backed Pass-Through Certificates, Series 1997-CTL-1 pursuant to the applicable Pooling and Servicing Agreement.

2. I have personal knowledge, or knowledge derived from records maintained in the ordinary course of business of Midland, of the relevant facts set forth in the above referenced Response. To the best of my knowledge and belief, such facts are true and correct.

DECLARATION WITH RESPECT TO RESPONSE OF CTL TRUST         Page 1
TO LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION
TO LANDLORD CLAIMS

516952 000036 DALLAS 2722200.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/28/11.

By: *[signature]*
**Kristin Bonczynski,** not in her individual or personal capacity, but solely in her capacity as a Special Servicing Asset Manager for Midland Loan Services, a division of PNC Bank, National Association