## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (RICHMOND DIVISION)

| | |
|---|---|
| *In re:* | Chapter 11 |
| Circuit City Stores, Inc. *et al.,* | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered<br>Related to Docket No. 10045 |

### RESPONSE OF AT&T TO THE CIRCUIT CITY STORES LIQUIDATING TRUST'S SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS AND RECLASSIFICATION OF CERTAIN INCORRECTLY CLASSIFIED CLAIMS)

AT&T Corp., BellSouth Telecommunications, Inc. SBC Global Services, Inc. and AT&T Global Services, Inc. (collectively, "AT&T")[1] by and through their counsel, Lowenstein Sandler PC and Seeger Faughnan Mendicino, P.C., hereby submit this response to The Circuit City Stores Liquidating Trust's Seventh Omnibus Objection To Claims (Reduction of Certain Partially Invalid Claims, Disallowance Of Certain Invalid Claims and Reclassification Of Certain Incorrectly Classified Claims) (the "Objection") and respectfully represent as follows:

### JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the statutory basis for relief requested herein is 11 U.S.C. §§ 105, 502 and 503. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] On or about November 18, 2005, SBC Communications Inc. acquired AT&T Corp., with SBC Communications, Inc. being the surviving entity. SBC Communications Inc. subsequently changed its name to AT&T Inc. Additionally, on or about December 29, 2006, AT&T Inc. purchased BellSouth Telecommunications, Inc. with AT&T Inc. being the surviving entity.

## BACKGROUND

1.        On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and certain of its affiliates,[2] filed their voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2.        During the course of these chapter 11 cases, AT&T has provided telecommunications and related services to the Debtors.

3.        On December 10, 2008, the Bankruptcy Court entered that certain order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c) and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (the "Claims Bar Date Order") [Docket No. 890].   The Claims Bar Date Order set the deadline for filing claims arising prior to the Petition Date at May 11, 2009 ("the General Bar Date").

4.        On May 15, 2009, the Bankruptcy Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (the "Administrative Bar Date Order") [Docket No. 3354].   The Administrative Bar Date Order set the deadline for filing all Administrative Expense Requests arising between the Petition Date and April 30, 2009 at June 30, 2009 (the "First Administrative Bar Date").

5.        Bellsouth Telecommunications, Inc. submitted an administrative claim in the

---

[2]  The Debtors are: Circuit City Stores, Inc.; Circuit City Stores West Coast, Inc.; InterTAN, Inc.; Ventoux International, Inc.; Circuit City Purchasing Company, LLC; CC Aviation, LLC; CC Distribution Company of Virginia, Inc.; Circuit City Properties, LLC; Kinzer Technology, LLC; Abbott Advertising Agency, Inc.; Patapsco Designs, Inc.; Sky Venture Corp.; PRAHS, Inc.; XSStuff, LLC; Mayland MN, LLC; Courchevel, LLC; Orbyx Electronics, LLC and Circuit City Stores PR, LLC.

amount of $146,003.58 that was received by the Debtors on July 1, 2009 ("Claim 13926"). SBC Global Services Inc. submitted an administrative claim in the amount of $34,979.55 that was received by the Debtors on July 1, 2009 ("Claim 14332").

6.      On February 18, 2010, the Bankruptcy Court entered that certain Order Pursuant To Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Second Administrative Bar Date and Procedures for Filing and Objecting To Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof [Docket No. 6555]   The Second Administrative Bar Date Order set the deadline for filing all Administrative Expense Requests arising between the May 1, 2009 and December 31, 2009 at March 31, 2010 (the "Second Administrative Bar Date").

7.      On March 29, 2010, AT&T Corp. filed an administrative claim for telecommunications services provided between May 1, 2009 and December 31, 2009, in the amount of $16,348.04 ("Claim 14910").

8.      On September 14, 2010, the Bankruptcy Court entered an order (the "Confirmation Order") [Docket No. 8555] confirming the Modified Second Amended Joint Plan Of Liquidation of Circuit City Stores, Inc. And Its Affiliated Debtors And Debtors In Possession And Its Official Committee Of Creditors Holding General Unsecured Claims Under Chapter 11 Of The Bankruptcy Code (the "Plan")[3] [Docket No. 8252].

9.      The effective date of the Plan for Debtor Ventoux International, Inc. occurred on October 22, 2010, the effective date of the Plan for Debtor InterTAN, Inc. occurred on October 26, 2010, and the effective date of the Plan for the Consolidated Debtors occurred on November 1, 2010 (each sometimes referred to herein as the "Effective Date").

10.     The Notice of (I) Confirmation Of Modified Second Amended Joint Plan Of

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

Liquidation Of Circuit City Stores, Inc. And Its Affiliated Debtors And Debtors In Possession

And Its Official Committee Of Creditors Holding General Unsecured Claims Under Chapter 11

Of The Bankruptcy Code, (II) The Occurrence Of The Effective Date And (III) The Deadlines

For Filing Administrative Claims, Final Fee Applications And Rejection Damage Claims

[Docket No. 8865] set the bar date for administrative claims arising between January 1, 2010 and

the Effective Date at January 3, 2011 (the "Final Administrative Bar Date").

      11.      On December 23, 2010, AT&T Corp. filed an administrative claim in the

amount of $26,348.04 ("Claim 15190")   A duplicate of this claim was also filed ("Claim

15191").

      12.      On December 30, 2011, AT&T filed a motion requesting allowance and

payment of their administrative expense claim against the Debtors pursuant to 11 U.S.C. §

503(b), seeking payment of $828,253.14 for telecommunications services rendered to the

Debtors between January 1, 2010 and November 1, 2010  ("Claim 15184") [Docket No. 9695].

      13.      On February 25, 2011, the Liquidating Trust filed the Objection [Docket

10045], seeking to:

        (i)      expunge Claim 13926, on the basis that the Debtors' books and records show no liability to claimant because the claim was satisfied post-petition and it is a late filed administrative claim, filed after the First Administrative Bar Date;

        (ii)     expunge Claim 14332, on the basis that the Debtors' books and records show no post-petition liability to claimant;

        (iii)    expunge Claim 14910, on the basis that the Debtors' books and records show no liability to claimant;

        (iv)    expunge claim 15190, on the basis that the Debtors books and records confirm that all AT&T services were cancelled in 2009, and that these cancellations were confirmed by AT&T via email, therefore, none of the services that form the basis of the Claim 15190 could have been from 2010 and as a result the claim is time barred;

(v)     expunge Claim 15191 on the basis that it is duplicative of Claim 15190, and that the Debtors books and records confirm that all AT&T services were cancelled in 2009, and that these cancellations were confirmed by AT&T via email, therefore, none of the services that form the basis of the Claim 15191 could have been from 2010 and as a result the claim is time barred;

(vi)    expunge Claim 15184 on the basis that the telephone services addressed in the claim do not relate to the period between January 1, 2010 and November 1, 2010 and accordingly, are time barred.    Further, the Objection alleges the Debtors books and records confirm that all AT&T services were cancelled in 2009, and that these cancellations were confirmed by AT&T via email, therefore, none of the services that form the basis of the Claim 15184 could have been from 2010 and, as a result, the claim is time barred.

## RESPONSE

14.     AT&T submits that Claim 13926 should not be expunged.  The Trust has not provided AT&T with any support for its assertion that the claim was satisfied post-petition. Bellsouth Telecommunications, Inc. is in the process of internally reconciling Claim 13926,[4] and at this time believes that it is still owed at least $63,287.39 under the claim for services provided to the Debtors between the Petition Date and April 30, 2009.

15.     AT&T has confirmed that Claim 13926 was apparently received by the Debtors one calendar day after the date of the First Administrative Bar Date.  However, Debtors' estate previously waived its right to object to Claim 13926 on the basis that such claim was not timely filed.    Pursuant to the Debtors' Seventy-Eighth Omnibus Objection to Claims (Disallowance of Certain Late Claims) [Doc. No. 7463], dated May 7, 2010, the Debtors objected to Claim 13926 on the grounds that it was not timely filed. As part of the resolution of

---

[4] AT&T reserves the right to amend Claims 13926, 14332, 15184 and 15190 (collectively, the "Claims") and/or this Response to incorporate any additional information it may discover while it continues its on-going investigation(s) relative to the Objection and the Claims.

that objection, AT&T provided Debtors' counsel with evidence that the one day delay in filing Claim 13926 was due to a mechanical problem with the Federal Express plane delivering the claim.  AT&T took all appropriate measures, and met the couriers' deadlines, to ensure that Claim 13926 would be timely received by the Debtors.  However, due to mechanical issues experienced by the courier completely beyond AT&T's control, the claim was delivered one day later than scheduled.  On October 29, 2009, counsel to the Debtors was informed by AT&T of the unique circumstances regarding the delay in the receipt of Claim 13926 and agreed in writing to withdraw the Debtors' objection to Claim 13926 on the grounds that the claim was not timely filed.  Attached hereto as Exhibit A is the e-mail confirmation of the Debtors' agreement to withdraw the objection.

16.      The Trust, as successor in interest to the Debtors' estate, became responsible for the property of the estate as of the Effective Date.  Plan, Art. V.F.  Accordingly, the estates' prior decision, made through Debtors' counsel, to waive the estates' rights to object to Claim 13926 is binding upon the Trust as a successor in interest to the estates. See Hill v. Akamai Tech (In re MS55, Inc.), 477 F.3d 1131, 1138 (10th Cir. 2007)(trustee succeeds only to the rights of a debtor in possession); see also Paul v. Monts, 906 F.2d 1468, 1473 (10th Cir. 1990)("The trustee, as successor to the debtor in possession, is bound by his predecessor's authorized actions.  When asserting rights of action against another, the bankruptcy trustee has no greater rights than the debtor has.")(internal quotations and citations omitted).

17.      Even if the Trust has the right to object to Claim 13926 on the grounds such claim was not timely filed, which it does not, Claim 13926 should still not be disallowed under the "excusable neglect" standard that is applicable under the circumstances.  Claim 13926 was received by the Debtors on July 1, 2009, one day after the First Administrative Bar Date of June

30, 2009. On June 29, 2009, AT&T timely entrusted Claim 13926 to Federal Express with express instructions that it be delivered to Kurtzman Carson Consultants (the Debtors' claims agent) on June 30, 2009. As noted above, due to a mechanical problem with the Federal Express plane that was delivering the claim, the package containing Claim 13926 was delivered a day after the scheduled delivery date, or July 1, 2009. Attached hereto as Exhibit B is a copy of a letter from Federal Express detailing the delay in the delivery of this package to Kurtzman Carson Consultants, which was completely outside AT&T's control.

18.    AT&T submits that the above described circumstances amount to excusable neglect. The Supreme Court defined excusable neglect in Pioneer Investment Servs. Co v. Brunswick Assoc. L.P., 507 U.S. 380, 382, 123 L.Ed.2d 74, 113 S. Ct. 1489 (1993) (defining excusable neglect in the context of late filed claims). "The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" Id. at 395. In Pioneer, the Supreme Court enunciated a nonexclusive list of factors for courts to determine whether the movant has met the excusable neglect standard. Theses factors include: (1) whether there is a danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the judicial proceeding, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. at 395. All of the factors cited by the Supreme Court in Pioneer weigh in AT&T's favor – there is no danger of the Debtors being prejudiced by the one day delay that resulted from Federal Express's mechanical failure, the length of the delay was only one day and its potential, and, AT&T submits, actual impact on the Debtors' bankruptcy case was *de minimis*, the reason for the delay was not within AT&T's control, and AT&T acted in good faith. This analysis is further supported by the fact that Debtors' counsel, upon learning of the circumstances under

which Claim 13926 arrived on July 1, 2009, agreed to withdraw the Debtors' objection to the claim. Given these circumstances, AT&T respectfully requests that Claim 13926 be deemed a timely filed claim.

19.      AT&T denies that Claim 14332 should be expunged. The Trust has not provided AT&T with any support for their assertion that the claim was satisfied post-petition. SBC Global Services, Inc. is in the process of internally reconciling Claim 14332, and at this time maintains that it is a valid claim. Further, AT&T sent, and the Debtors received, invoices and support for Claim 14332 in the ordinary course of business, which is evidence of the validity of such claim.[5]

20.      AT&T does not object to the proposed treatment of Claim 14910 as outlined in the Objection.

21.      AT&T disagrees that Claim 15184 should be expunged. According to AT&T's books and records, Claim 15184 is a valid claim. AT&T has thus far not been able to locate any records supporting the Trust's assertion that the Debtor cancelled all of its services with AT&T in 2009. AT&T sent, and the Debtors received, invoices and support for Claim 15184 in the ordinary course of business, which is evidence of the validity of such claim. Further, AT&T's books and records indicate that the services to which Claim 15184 relates were provided between January 1, 2010 and November 1, 2010. As such, Claim 15184 was timely filed and is not time barred.

---

[5] Copies of the invoices submitted to the Debtors for claims 14332 and 15184 will be made available to the Court for review upon request.

22.     AT&T also disagrees that Claim 15190 should be expunged.  As with the Liquidating Trust's objection to Claim 15184, AT&T has thus far not been able to locate any records supporting the Trust's assertion that the Debtor cancelled all of its services with AT&T in 2009, and in the ordinary course of business AT&T sent, and the Debtors received, invoices and support for Claim 15190 which evidences the validity of such claim.  Finally, AT&T's books and records indicate that the services to which Claim 15190 relates were provided between January 1, 2010 and November 1, 2010.  As such, Claim 15190 was timely filed and is not time barred.

23.     AT&T does not object to the proposed treatment of Claim 15191 as detailed in the Objection.

24.     AT&T identifies Katherine Meier and Cheryl Becker as people with personal knowledge of the relevant facts supporting this response.  Contact information for Ms. Meier and Ms. Becker is contained in the Declarations submitted in support of this Response.

**WHEREFORE,** AT&T respectfully requests that the Court (i) deny the Objection with respect to Claims 13926, 14332, 15184, and 15190, (ii) deny disallowance of Claims13926, 14332, 15184, and 15190; (iii) grant a hearing with respect to the Objection, and (iv) grant such other and further relief as the Court deems proper.

Dated: April 7, 2011               Respectfully submitted,

By: _/s/   Julie Quagliano_____
Julie Quagliano, Esq.
**Seeger Faughnan Mendicino, P.C.**
2620 P Street, NW
Washington DC  20007
Telephone: (202) 822-8838
Facsimile: (202) 822-6982

Email: Quagliano@sfmlawfirm.com
*Local Counsel for AT&T*
and
**Lowenstein Sandler PC**
Scott Cargill, Esq.
Joseph A. Becht, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
*Of counsel for AT&T*


## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2011 the foregoing will be filed by the Court's electronic ("ECF") system and will be served on the parties through the Court's ECF system and will be served via facsimile to the following:

Jeffery N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100
Phone: 310-277-6910
Fax: 310-201-0760

Lynn L. Tavenner, Esq.
Paula S. Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219
Phone: 804 783-8300
Fax: 804 783-0178

   /s/ Julie Quagliano
Julie Quagliano, VSB #37119
**Seeger Faughnan Mendicino, P.C.**
2620 P Street, NW
Washington DC 20007
Telephone: (202)-822-8838
Facsimile: (202)822-6982
Email: Quagliano@sfmlawfirm.com
*Local Counsel for AT&T*

# EXHIBIT A

Becht, Joseph A.

| | |
|---|---|
| **From:** | Becht, Joseph A. [JBecht@lowenstein.com] |
| **Sent:** | Tuesday, November 10, 2009 10:07 AM |
| **To:** | 'Stark, Bryan A.' |
| **Cc:** | Lawler, Elizabeth B.; Boehm, Sarah B.; Blanks, Daniel F. |
| **Subject:** | RE: Circuit City - Objection to BellSouth Claim # 13926 |

Thanks Bryan


Joseph A. Becht, Jr.
Counsel
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
Tele: 973-597-6166
Fax: 973-597-6167
jbecht@lowenstein.com
www.lowenstein.com

---

**From:** Stark, Bryan A. [mailto:BStark@mcguirewoods.com]
**Sent:** Tuesday, November 10, 2009 10:04 AM
**To:** Becht, Joseph A.
**Cc:** Lawler, Elizabeth B.; Boehm, Sarah B.; Blanks, Daniel F.
**Subject:** Re: Circuit City - Objection to BellSouth Claim # 13926

Joseph -
That is correct. The order submitted to chambers following the hearing on the omnibus objection will withdraw the
objection as to your claim. Thanks.

Bryan

---

This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return
e-mail and delete immediately without reading or forwarding to others.

---

**From:** Becht, Joseph A. <JBecht@lowenstein.com>
**To:** Stark, Bryan A.
**Cc:** Lawler, Elizabeth B. <ELawler@lowenstein.com>
**Sent:** Tue Nov 10 09:53:38 2009
**Subject:** Circuit City - Objection to BellSouth Claim # 13926
Bryan,

Thank you for your voice mail of last evening.  After listening to your voice mail, I understand that, based in part the
explanatory letter from FedEx that I previously provided to you, the debtor has agreed to withdraw its objection to the
BellSouth claim, and will do so in its next omnibus claim objection filing. Please confirm that my understanding is correct,
and contact me with any questions.

Regards,

1

Joseph A. Becht, Jr.
Counsel
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
Tele: 973-597-6166
Fax: 973-597-6167
jbecht@lowenstein.com
www.lowenstein.com

Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

This message contains confidential information intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.

Lowenstein Sandler's practice in the State of California is conducted by Lowenstein Sandler LLP, a limited liability partnership comprised of professional corporations.

Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

This message contains confidential information intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.

Lowenstein Sandler's practice in the State of California is conducted by Lowenstein Sandler LLP, a limited liability partnership comprised of professional corporations.

# EXHIBIT B

OCT-28-2009 14:28 From:FEDEX CUST RELATIONS 9013458373          To:Lowenstein Sandler    P.1/2

# FedEx.
Customer Information Services

**Date:** October 28, 2009          Number of Pages including cover sheet: 2

**To:**  Ms. Danielle Braun          **From:**     Customer Relations

**CC:**

**Phone:**                            **Phone:**     800-463-3339

**Fax Phone:** 973.422.6409          **Fax Phone:** 901.332.8283

**REMARKS:**
☐ Urgent          ☐ For your review    ☐ Reply ASAP          ☐ Please comment

NOTICE: This communication is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are notified that any use, dissemination or distribution of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address.

OCT-28-2009 14:28 From:FEDEX CUST RELATIONS 9013458373          To:Lowenstein Sandler    P.2/2

3875 Airways Boulevard
Memphis TN 38118-4634
Telephone 800 463 3339
Fax 901 345 0373



**VIA FACSIMILE 973.422.6409**
**and VIA U.S. Mail**

October 28, 2009

Ms. Danielle Braun
Lowenstein Sandler
65 Livingston Avenue
Roseland, NJ 07068

Re: Tracking number 968272074604

Dear Ms. Braun:

This letter concerns your company's June 29, 2009 shipment to Circuit City Claims
Processing c/o Kurtzman Carson Consultants, LLC, in El Segundo, CA.

Your package was scheduled for delivery by 10:30 a.m. on Tuesday, June 30.
Unfortunately, the flight from Newark, NJ to our Memphis, TN sorting facility had
mechanical problems and it missed the morning flight to the Los Angeles, CA airport.
The shipment arrived at our Hawthorne, CA Express Ship Center the following day; it
was delivered at 9:10 a.m. on July 1.

On behalf of FedEx, I sincerely apologize to you for any inconvenience the late delivery
may have caused.

We appreciate your use of FedEx and the services we offer

Sincerely,

Yvette Davis
Customer Relations

yd/406034

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(RICHMOND DIVISION)**

| | |
|---|---|
| *In re:* | Chapter 11 |
| Circuit City Stores, Inc. *et al.,* | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**DECLARATION OF CHERYL BECKER IN SUPPORT OF RESPONSE OF AT&T TO THE CIRCUIT CITY STORES LIQUIDATING TRUST'S SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS AND RECLASSIFICATION OF CERTAIN <u>INCORRECTLY CLASSIFIED CLAIMS)</u>**

I, Cheryl Becker, hereby declare:

1.      I am a Manager for AT&T Credit & Collections.  I submit this declaration to supplement the Response of AT&T to the Circuit City Stores Liquidating Trust's Seventh Omnibus Objection To Claims (Reduction Of Certain Partially Invalid Claim, Disallowance Of Certain Invalid Claims and Reclassification Of Certain Incorrectly Classified Claims (the "Response"). Unless otherwise stated, I, together with the other Declarants submitting declarations in support of the Response, have knowledge of the facts set forth in the Response and if called upon to testify, I could and would do so competently.

2.      The information contained in the Response was compiled from the books and records, kept in the ordinary course of business, of AT&T Corp., BellSouth Telecommunications, Inc. and AT&T Global Services, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 7, 2011, at

Milwaukee, Wisconsin.

/s/ Cheryl Becker
Cheryl Becker
Manager- Credit & Collections
AT&T Accounts Receivable Center
722 North Broadway, 9th Floor
Milwaukee, WI  53202
Phone: 414 273-8175
Fax: 414 227-6652

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| *In re:* | Chapter 11 |
| Circuit City Stores, Inc. *et al.,* | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**DECLARATION OF KATHERINE MEIER IN SUPPORT OF RESPONSE OF AT&T
TO THE CIRCUIT CITY STORES LIQUIDATING TRUST'S SEVENTH OMNIBUS
OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID
CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS AND
RECLASSIFICATION OF CERTAIN
INCORRECTLY CLASSIFIED CLAIMS)**

I, Katherine Meier, hereby declare:

1.        I am a Senior Project Manager for AT&T Credit & Collections.  I submit this declaration to supplement the Response of AT&T to the Circuit City Stores Liquidating Trust's Seventh Omnibus Objection To Claims (Reduction Of Certain Partially Invalid Claim, Disallowance Of Certain Invalid Claims and Reclassification Of Certain Incorrectly Classified Claims (the "Response"). Unless otherwise stated, I, together with the other Declarants submitting declarations in support of the Response, have knowledge of the facts set forth in the Response and if called upon to testify, I could and would do so competently.

2.        The information contained in the Response was compiled from the books and records of AT&T Corp., BellSouth Telecommunications, Inc. and AT&T Global Services, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 7, 2011, at Fort Worth, Texas.

_/s/ Katherine Meier_
Katherine Meier
Sr. Project Manager
AT&T Credit & Collections
15100 FAA Blvd., 1st Floor, Suite 103
Fort Worth, TX 76155
Phone: 817-273-3243
Fax: 817-339-4247