IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---------------------------------------------------------------x
In re:                                                : Chapter 11
                                                      :
CIRCUIT CITY STORES, INC., et al.,                    : Case No. 08-35653-KRH
                                                      :
                                                      : Jointly Administered
                     Debtors.                         :
---------------------------------------------------------------x

### RESPONSE OF BRUCE H. BESANKO TO THE LIQUIDATING TRUST'S THIRTEENTH OMNIBUS OBJECTION TO CERTAIN PRIORITY CLAIMS: ALLOW UP TO THE STATUTORY CAP, RECLASSIFY, DISALLOW AS APPLICABLE (EMPLOYMENT CONTRACT SEVERANCE CLAIMS)

Bruce H. Besanko ("Besanko"), by counsel, submits this Response to the Liquidating Trust's Thirteenth Omnibus Objection to Certain Priority Claims: Allow up to the Statutory Cap, Reclassify, Disallow as Applicable (Employment Contract Severance Claims) (the "Objection") as it relates to Besanko's Claim Number 14990 (the "Claim"), stating as follows:

### BACKGROUND

1.  Besanko prepared and filed a the Claim in the amount of $2,203,668.00 for certain severance benefits owed by the Debtors pursuant to a certain Employment Agreement ("Besanko's Employment Agreement") dated July 30, 2007. (A detailed breakdown of the calculation of the Claim amount and Besanko's Employment Agreement were attached to the Claim and can be provided upon request to the undersigned counsel.) The Claim amended a proof of claim, Claim No. 3820, previously filed by Besanko. Besanko further asserts that

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for Bruce H. Besanko

$10,950.00 of that amount is a priority claim pursuant to Section 507(a)(4) of the Bankruptcy Code, and the balance of the Claim, or $2,192,718 is a general unsecured claim.

2. In the Objection, the Liquidating Trust asserts that the Claim should be disallowed in its entirety because Besanko resigned and the standard employment contract (attached as "**Exhibit G**" to the Objection)[1] does not create any obligation on the part of the Debtors to pay any severance to any employee who quit. Objection, ¶ 25, 26 and 38.

## DISCUSSION

**A.    Besanko's Severance Benefits are Due and Owing Because Besanko was Terminated by the Debtors Without Cause.**

3. Contrary to the Liquidating Trust's assertion, Besanko did not resign. Rather, Mr. James Markum informed Besanko in mid-January, 2009 that the Debtors were terminating Besanko but that he could stay for sixty (60) days to satisfy the WARN Act requirements. Besanko did not remain employed with the Debtors for the entire sixty (60) day period because in the interim he was offered employment with another company which requested that he commence work. The fact that Besanko did not continue to work for the Debtors for the entire WARN Act time period does not change the fact that he was being terminated, which necessitated his obtaining other employment in the first place. The Debtors termination of Besanko was an involuntary termination by the Debtors without cause, which triggered the Debtor's obligation to pay Besanko his severance benefits pursuant to Besanko's Employment Agreement. *See* Besanko's Employment Agreement, Article 7.4.

---

[1] The Liquidating Trust asserts that the "Employment Contracts are identical [to the one attached as **Exhibit G**] with respect to Circuit City's obligations to pay severance to the severance claimants." Objection ¶ 22. This is false and, in fact, Besanko's Employment Agreement differs substantially from the Employment Contract attached as **Exhibit G**.

2

### B.     Besanko's Severance Benefits are Due and Owing Because Besanko Terminated His Employment for "Good Reason."

4.     Alternatively, Besanko terminated the Employment Agreement for "Good Reason" as defined in Section 7.6 of Besanko's Employment Agreement, which requires payment of Besanko's severance benefits.  Specifically, unlike the Employment Contract attached to the Objection as **Exhibit G**, Besanko's Employment Agreement contained provisions for termination by Besanko for "Good Reason," including "Terminating [Besanko's] employment otherwise than as expressly permitted by this Agreement" and/or "failing to comply with and satisfy Article 10.1 by requiring any successor to the Company to assume and agree to perform the Company's obligations hereunder."  *See* Besanko's Employment Agreement, Article 7.6.  Article 7.6 of Besanko's Employment Agreement further provides that upon termination for "Good Reason" Besanko "shall be entitled to receive the same payments and benefits as he is entitled to receive following an involuntary termination of his employment by the Company without Cause, as specified in Article 7.4 herein."  *See* Besanko's Employment Agreement, Article 7.6.

Besanko was not terminated as expressly provided by his Employment Agreement, nor did Circuit City require the Debtor-in-Possession, which was a successor to Circuit City, to assume and agree to perform Circuit City's obligations under Besanko's Employment Agreement.  Either event entitled Besanko to terminate his employment for "Good Reason" which requires payment of Besanko's severance benefits pursuant to the terms of Besanko's Employment Agreement.

3

**C.    Besanko's Severance Benefits Are Due and Owing Pursuant to the Change in Control Provisions Contained in Besanko's Employment Agreement.**

5.    Finally, Besanko asserts that he is entitled to payment of his severance benefits asserted in the Claim pursuant to the "Change in Control" provisions contained in Article 9 of Besanko's Employment Agreement. The Objection acknowledges that the Employment Contract entitled an employee to a certain severance package if Circuit City terminated the employment as a result of a "change in control" which "included the liquidation of Circuit City's assets and the closing of its stores." Objection, ¶ 23. Again, while the Debtors may have not liquidated every asset or closed every store at the time of Besanko's departure, the liquidation was well underway and substantially consummated and the "Change in Control" provisions of Besanko's Employment Agreement were triggered requiring payment of Besanko's severance benefits. Furthermore, $10,950 of the Claim is entitled to priority status. *See* Objection, ¶ 6 (stating "under case law decided by this court, the change-in-control severance claims are deemed to have arisen as of the petition date, which is during the priority period set forth in 11 U.S.C. §507(a)(4).")

6.    Accordingly, for any of the above reasons, the Bankruptcy Court should overrule the Objection to the Claim.

**D.    Additional Information Requested by Liquidation Trust**

Besanko has personal knowledge of the relevant facts that support his Response as set forth herein. His contact information is as follows:

> Bruce H. Besanko
> 191 Farmington Road
> Longmeadow, MA  01106
> 413-754-3030

Contact information for Besanko's counsel, Michael D. Mueller of Christian & Barton,

4

LLP, is contained below in the signature block and in the footer on the first page of this Response.

Besanko has authority to reconcile, settle or otherwise resolve the objection on his own behalf.

At a hearing on the merits of the Claim, Besanko is prepared to offer into evidence in support of the Claim, *inter alia* (a) his Employment Agreement, (b) his testimony regarding the circumstances surrounding his termination, and (c) such other evidence as deemed appropriate.

WHEREFORE, Mr. Besanko respectfully requests that the Court (i) overrule the Objection, (ii) deem the Claim allowed as a priority claim in the amount of $10,950 and a general unsecured claim in the amount of $2,192,718, and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  April 7, 2011                                       CHRISTIAN & BARTON, LLP


                                          /s/  Michael D. Mueller
                                        Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Tel: 804-697-4100
Fax: 804-697-4112

Counsel for Claimant

5

## CERTIFICATE OF SERVICE

I, Michael D. Mueller, hereby certify that on the 7th day of April 2011, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Michael D. Mueller
Michael D. Mueller

#1142172