IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | Case No 08-35653 (KRH) |
| Debtors. | § | |
| | § | Jointly Administered |

# RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)

Capmark Finance, Inc. ("Capmark") hereby files its Response and Request for Hearing to Liquidating Trust's First Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

Proof of Claim 14363

1.    Capmark filed its Motion for Allowance of Postpetition Obligations Under Expired Leases of Non-Residential Real Property on June 30, 2009 ("Claim 14363) in the amount of $1,120,367.89.

2.    With regard to proof of claim 14363 ("Claim 14363") Trustee states that:

"Claim 14363 was not filed by landlord. Debtor is addressing 14346 with the landlord."

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6134894.1

3.  Capmark filed the Motion for Allowance of Postpetition Obligations Under Expired Leases of Non-Residential Real Property on June 30, 2009. As stated in the Claim, Capmark is the assignee of leases by, and rents owing to, certain of the Debtor's property landlords (the "Landlords" as set forth in Exhibit A hereto.)

4.  Circuit City rejected all the leases that are the subject of Claim 14363 and Capmark foreclosed on the majority of the properties.

5.  Trustee for Debtors should not be addressing the prepetition claims for this property with the Landlords because most of the Properties were foreclosed on by Capmark and in any case the leases and rents were assigned to Capmark.

6.  All of the Assignments provide that Capmark, as the assignee, is entitled to assert claims for the properties in question.

7.  Accordingly, it is improper for Trustee for Debtors to deal with the landlord regarding the leases that are the subject of Claim 14363 and Capmark's Claim should survive in its entirety.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the proof of claim 14363; (b) allow Claim 14363 as provided in Capmark's proof of claim; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 6, 2011

                                                    BRYAN CAVE LLP

By: */s/ Philip J. Meitl*
Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700,
Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6134894.1

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

/s/ Philip J. Meitl
Philip J. Meitl

PGDocs\6134894.1