IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | Case No 08-35653 (KRH) |
| Debtors. | § | |
| | § | Jointly Administered |

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S
FOURTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID
CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Capmark Finance, Inc. ("Capmark") on behalf of Bank of America, National Association (Bank of America), by and through its counsel Bryan Cave LLP, hereby files this Response and Request for Hearing to Liquidating Trust's Fourteenth Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

1. The Trustee for Debtors has objected to proof of claim number 9916 (the "Claim") filed by Capmark Finance, Inc. ("Capmark") as special servicer for Bank of America,

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6132867.1

National Association, as successor by merger to LaSalle Bank, National Association (f/k/a LaSalle National Bank), as Trustee (the "Trustee") for the Registered Holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2.[1]

2. Capmark filed the Claim on January 30, 2009 for the amount of $476,499.96.00 (the "Claim Amount") plus unpaid prepetition rent and unpaid prepetition additional rent.

3. Capmark filed the Claim on the basis of lease rejection damages. As stated in the Claim, Bank of America holds a mortgage on the real property commonly known as 1020 Research Parkway, Meriden, CT 06450 (Store No. 6292). The mortgagor on the property, WEC 96D Meriden Investment Trust, a Delaware business trust (the "Borrower"), leased the property to Circuit City Stores, Inc. ("Circuit City") pursuant to a written lease (the "Lease") between Borrower, as Landlord, and Circuit City, as Tenant, as it may have been amended. The Lease and the rents thereunder were assigned by the Borrower to its lender in an Assignment of Leases and Rents, effective on or about November 1997. (the "Assignment of Leases and Rents"). The Assignment was subsequently conveyed by the lender to the Trustee.

4. Circuit City rejected the Lease and Bank of America subsequently foreclosed on the property in question.

5. Trustee for Debtors lists the Claim on Exhibit B to its Objection as, being on "Exhibit E Invalid Claim to Be Expunged" and states in Exhibit E that, " the claimant is not the landlord, and the claimant has not provided any support for a claim by claimant against the debtor."

---

[1] Subsequent to the filing of the Claim and effective January 20, 2011, U.S. Bank National Association succeeded Bank of America, N.A. as trustee for the Registered Holder of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2.

PGDocs\6132867.1

6. Trustee for Debtors should not be addressing the prepetition claims for this property with the landlord because the Property was foreclosed on by Bank of America and the landlord no longer owns the property.

7. Connecticut law, the governing law under the loan documents, provides that a lease is terminated upon foreclosure. First Federal Bank, FSB v. Whitney Development Corp, 237 Conn. 679, 686-87 (Conn. 1996).

8. Further, the lease and rents were assigned to Bank of America giving Bank of America the right to pursue this claim.

9. Accordingly, it is improper for Trustee for Debtors to deal with the landlord on this Claim and the Claim should survive.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the Claim; (b) allow the Claim as provided in Capmark's proof of claim; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 6, 2011

BRYAN CAVE LLP

By:   /s/ Philip J. Meitl
      Philip J. Meitl (VA Bar No. 73215)
      Bryan Cave LLP
      1155 F Street NW, Suite 700
      Washington DC 20004
      (202) 508-6000 (phone)
      *Attorney for Capmark Finance Inc.*

PGDocs\6132867.1

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

                                                */s/ Philip J. Meitl*
                                                Philip J. Meitl

PGDocs\6132867.1