IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| In re: | § | |
|---|---|---|
| | §. | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | §. | |
| | §. | Case No 08-35653 (KRH) |
| Debtors. | §. | |
| | § | Jointly Administered |

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S FIFTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Capmark Finance, Inc. ("Capmark") on behalf of Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A. (f/k/a) Northwest Bank Minnesota, N.A.) as Trustee for the Registered Holders of Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series 1998-C1-CTL (Trustee"), by and through its counsel Bryan Cave LLP, hereby files this Response and Request for Hearing to Liquidating Trust's Fifteenth Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

6135184.1PGDocs

1.  The Trustee for Debtors has objected to proof of claim numbers 9741, 9441 and 9450, ( the "Claims") filed by Capmark.

2.  Capmark filed the Claims on January 30, 2009. Proof of claim 9450 was filed to recover $1,419,755.11 plus unpaid prepetition rent plus unpaid prepetition additional rent. Proof of Claim 9741 was filed to recover $812,334.91 plus unpaid prepetition rent plus unpaid prepetition additional rent. Proof of claim 9441 was filed to recover $1,229.478.60 plus unpaid prepetition rent and unpaid prepetition additional rent.

Proof of Claim 9741

3.  With regard to proof of claim 9741, Trustee for Debtors states that "Claim 9741 is a single line item claim for rejection damages and appears to be filed by a lender to which the debtor does not acknowledge as entitled to make a claim."

4.  Trustee is entitled to make proof of claim 9741.

5.  As stated in proof of claim 9741, the Trustee holds a mortgage on the real property commonly known as 7320 Market Street, Boardman, OH 44512 (Store No. 3629). The mortgagor on the property Bond-Circuit V Delaware Business Trust, a Delaware business trust (the "Borrower") leased the property to Circuit City Stores, Inc. ("Circuit City") pursuant to a written lease (the "Lease") dated December 30, 1996 between Borrower, as Landlord, and Circuit City, as Tenant, as it may have been amended. The Lease and the rents thereunder were assigned by the Borrower to its lender in an Assignment of Leases and Rents, effective as of December 30, 1997 (the "Assignment"). The Assignment was subsequently conveyed by the lender to the Trustee.

6135184.1PGDocs

6. Circuit rejected the Lease and the landlord on the property has no rights in the rents or leases.

7. The Assignment provides that, upon occurrence of default, Trustee is entitled to all rents under the lease.

8. The assignment gives all rights to the property in question to Trustee, and thus Trustee is entitled to make proof of claim 9741.

Proof of Claims 9441 and 9450

9. Trustee for Debtors has listed proof of claim 9441 and 9450 on Exhibit G as Amended Claims to be Expunged.

10. For proof of claim 9441 Trustee for Debtors states that the face amount of the surviving claim is $2,479,902.78 (general unsecured) and that the surviving claim is 13440.

11. For proof of claim 9450, Trustee for Debtors states that the face amount of the surviving claim is $2,78,854.61 (general unsecured) and that the surviving claim is 13426.

12. Although the Trustee for Debtors' objections to claims 9441 and 9450 are unclear, it appears that the Trustee for Debtors is attempting to expunge Capmark's claims in favor of the landlord's claims.

13. However, the landlords on the property that are the subject of proofs of claim 9441 and 9450 have no rights in the rents or leases.

14. Circuit City has rejected the lease regarding both properties. Further, the property that is the subject of proof of claim 9441 was foreclosed on by Wells Fargo.

15. The Trustee was assigned the relevant leases and rents for the properties that are the subject of proof of claims 9441 and 9450.

6135184.1PGDocs

16. Section 1.A. of the Assignment for proof of claim 9450 provides that:

"Assignee hereby grants to Assignor a revocable license to exercise any and all rights of landlord under the Lease with respect to the Mortgaged Property (including those set forth in subparagraphs (b) (c) and (d) of paragraph 1 above) in order to enable Assignor to take all actions necessary for the proper management and operation of the Mortgaged Property except for (i) the right to make claim for, receive, collect and receipt for any Rents, insurance proceeds, condemnation awards, and any other sums payable or receivable under the Lease or pursuant thereto, whether denominated as rent, other expenses, other payments or as the purchase price of the Mortgaged Property or any portion thereof or otherwise, or any proceeds from any of the above, ii) the right to appear in any proceeding, claim, suit, or action in connection with the rejection of the Lease, or the right to file or prosecute any claim for damages arising from the rejection of the Lease under the Bankruptcy Code, without having first obtained Assignee's prior written consent to do any of the foregoing.

(See Exhibit A).

17. Since the leases and rents for the properties that are the subject of proof of claim 9441 and 9450 were assigned to Trustee, it is improper for the Trustee for Debtors to deal with any landlords regarding the properties that are the subject of proof of claims 9441 and 9450.

Dated: April 6, 2011

                                                BRYAN CAVE LLP

                                                _/ s / P.J. Meitl_
                                                P.J. Meitl (VA Bar No. 73215)
                                                1155 F Street, NW, Suite 700
                                                Washington, DC 20004
                                                (202) 508-6043 (phone)
                                                (202) 220-7343 (facsimile)
                                                pj.meitl@bryancave.com

                                                Attorney for Capmark, Inc.

6135184.1PGDocs

## CERTIFICATE OF SERVICE

    The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

    /s/ P.J. Meitl
P.J. Meitl (VA Bar No. 73215)
1155 F Street, NW, Suite 700
Washington, DC 20004
(202) 508-6043 (phone)
(202) 220-7343 (facsimile)
pj.meitl@bryancave.com

Attorney for Capmark, Inc.

6135184.1PGDocs