IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | Case No 08-35653 (KRH) |
| Debtors. | § | |
| | § | Jointly Administered |

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S FIFTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Capmark Finance, Inc. ("Capmark") on behalf of Bank of America National Association (Bank of America), by and through its counsel Bryan Cave LLP, hereby files this Response and Request for Hearing to Liquidating Trust's Fifteenth Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

1.    The Trustee for Debtors has objected to proof of claim numbers 9721, 9704, and 9488 ( the "Claims") filed Capmark on behalf of  filed by Bank of America, National Association, successor by merger to LaSalle Bank, National Association (f/k/a LaSalle National Bank), as Trustee (the "Trustee") for the Registered Holders of GMAC Commercial Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 1998-C2.

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6135158.2

2. Capmark filed the Claims on January 30, 2009. Proof of claim 9704 was filed to recover $968,160.44 unpaid prepetition rent plus unpaid prepetition additional rent. Proof of Claim 9721 was filed to recover $256, 520.40 plus unpaid prepetition rent plus unpaid prepetition additional rent. Proof of claim 9488 was filed to recover $256,520.40 plus unpaid prepetition rent and unpaid prepetition additional rent.

3. Proof of claims 9721 and 9704 are both listed on Exhibit G as amended claims to be expunged.

## Proof of Claim 9721

4. With regard to proof of claim 9721, Trustee for Debtors states that the face amount of the surviving claim is $842,991.27 (general unsecured) and that the surviving claim is 12911.

5. Although the Trustee for Debtors' objection to the claims 9721 is unclear, it appears that the Trustee for Debtors is attempting to expunge Capmark's claims in favor of the landlord's claims.

6. However, the landlord on the property that is the subject to the proof of claim 9721 has no rights in the rents or leases.

7. Circuit City rejected the lease regarding the property that is subject to proof of claim 9721. Further, the property has been foreclosed upon by Bank of America.

8. The Trustee was assigned the relevant lease and rents for the property that is the subject of proof of claim 9721. (See Assignment, attached as Exhibit A).

9. Section 31 of the Assignment, provides that: "Upon or at any time after the occurrence of a default under this Assignment or an even of Default..., the license granted to Borrower in Section 2.1 of this Assignment shall automatically be revoked, and Lender shall immediately be entitled to possession of all Rents and sums due under any Lease or Lease Guaranties, whether or not Lender enters upon or takes control of the Property. ...and for such time as Lender may deem proper and either with or without taking possession of the Property in

its own name, demand, sue for or otherwise collect and receive all Rents and sums due under all Leases and Lease Guaranties.."

10. The assignment gives all rights to claim rents to Trustee, and thus it is improper for the Trustee for Debtors to deal with any landlords regarding the property that is the subject of proof of claim 9721.

## Proof of Claim 9704

11. With regard to proof of claim 9704, Trustee for Debtors states that the face amount of the surviving claim is $953,700.09 (general unsecured) and that the surviving claim is 11573.

12. Although the Trustee for Debtors' objection to the claims 9704 is unclear, it appears that the Trustee for Debtors is attempting to expunge Capmark's claims in favor of landlord's claims.

13. However, the landlord on the property that is the subject of proofs of claim 9704 has no rights in the rents or leases.

14. Circuit City has rejected the lease regarding the property that is subject to proof of claim 9704. Further, the property has been foreclosed upon by Bank of America.

15. The Trustee was assigned the relevant lease and rents for the property that is the subject of proof of claims 9704 (See Assignment, attached as Exhibit B).

16. The Section 4.7 of the Assignment provides that:

Upon issuance of any deed or deed pursuant to a foreclosure of the Mortgage, all right, title and interest of the Assignor in and to the Leases shall, by virtue of this instrument and such deed or deeds, thereupon vest in and become the absolute property of the grantee or grantees in such deed or deeds without any further act or assignment by the Assignor. Assignor hereby irrevocable appoints Assignee and its successors and assigns as its agent and attorney in fact, after an Event of Default, to execute all instruments of assignment for further assurance in favor of such grantee or grantees in such deed or deeds as may be necessary or desirable for such purpose.

17. In addition, Section 4.8 of the Assignment provides that:

"In the event any lessee under any of the Leases should be the subject of any proceeding under the Federal Bankruptcy Code, as amended from time to time, or any other federal, state, or local statute which provides for the possible termination or rejection of the Leases assigned hereby, Assignor covenants and agrees that if any of the Leases is so terminated or rejected, no settlement for damages shall be made without the prior written consent of the Assignee, in each instance, and any check in payment of damages for termination or rejection of any such Lease shall be made payable to the Assignee. Assignor hereby assigns any such payment to Assignee and further covenants and agrees that Assignor will duly endorse to the order of Assignee any such check which is made payable to Assignor, the proceeds of which shall be applied to the indebtedness secured by this Assignment. Assignor hereby irrevocably appoints Assignee and its successors and assigns as its attorney-in-fact, which power is coupled with an interest, after an Event of Default, to so endorse any such checks if Assignor does not do so"

18. The assignment gives all rights to claim rents to Trustee, and thus it is improper for the Trustee for Debtors to deal with any landlords regarding the property that is the subject of proof of claim 9721.

Proof of Claim 9488

19. Capmark filed proof of claim 9488 on January 30, 2009 in the amount of $514,620.00 plus unpaid prepetition rent and unpaid prepetition additional rent based on lease rejection damages.

20. Trustee for Debtors has objected to proof of claim 9488 by stating that:

"Claimant is the lender to landlord and Debtors are addressing claim 9647 with landlord."

21. The landlord on the property that is the subject to the proof of claim 9721 has no rights in the rents or leases to that property.

22. Circuit City has rejected the lease regarding the property that is subject to proof of claim 9488. Further, the property that is the subject of proof of claim 9488 has been foreclosed upon by Bank of America.

23. The Trustee was assigned the relevant lease and rents for the property that is the subject of proof of claims 9488. (See Assignment, attached as Exhibit C).

24. Section 4.3 of the Assignment provides that:

"Upon or after an Event of Default, the Assignee, without in any way waiving such Event of Default, at its option, without further notice, and without regard to waste, the adequacy of the security for the Obligations secured hereby and by the Mortgage, or solvency of the Assignor, may declare all Obligations to be immediately due and payable, may revoke the license described in Section 4.2 above, and may either in person or by agent, with or without bringing any action or proceedings or by a receiver appointed by a court, take possession of the Property and have, hold, manage, lease and operate the same on such terms and for such period of time as the Assignee may deem proper and either with or without taking possession of the Property in its own name, demand, sue for, or otherwise collect and receive, all rents income and profits of the Property not already collected by Assignee, including those past due and unpaid..."

25. The assignment gives all rights to claim rents to Trustee, and thus it is improper for the Trustee for Debtors to deal with any landlords regarding the property that is the subject of proof of claim 9488.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the proof of claims 9721, 9704 and 9488; (b) allow the Claims as provided in Capmark's proof of claims; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 6, 2011

                                            BRYAN CAVE LLP

By:   /s/ Phillip J. Meitl
       Philip J. Meitl (VA Bar No. 73215)
       Bryan Cave LLP
       1155 F Street NW, Suite 700,
       Washington DC 20004
       (202) 508-6000 (phone)

*Attorney for Capmark Finance Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

/s/ Philip J. Meitl
Phillip J. Meitl

PGDocs\6135158.2