IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | Case No 08-35653 (KRH) |
| Debtors. | § | |
| | § | Jointly Administered |

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S FIFTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Capmark Finance, Inc. ("Capmark") on behalf of Bank of America, National Association (Bank of America), by and through its counsel Bryan Cave LLP, hereby files this Response and Request for Hearing to Liquidating Trust's Fifteenth Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

1.  The Trustee for Debtors has objected to proof of claim numbers 9449, 10030, 9899, 9050, 9734, 9707, (the "Claims") filed Capmark on behalf of filed by Bank of America, National Association, successor by merger to LaSalle Bank, National Association (f/k/a LaSalle National Bank), as Trustee (the "Trustee") for the Registered Holders of GMACCM Mortgage Pass-Through Certificates Series 1997-C1.

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6132868.1

Proof of Claim 9449

2. Capmark filed its proof of claim 9449 on January 30, 2009 in the amount of $350,432.06 plus unpaid prepetition rent and unpaid prepetition additional rent for lease rejection damages.

3. With regard to proof of claim 9449, Trustee for Debtors states:

"Reduce to $350,432.06 in accordance with the Debtors' books and records."

4. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

5. The Trustee for Debtors fails to offer any evidentiary support for his assertions.

6. After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence. See in re Hemingway Transp. Inc. 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); In re Harford Sands, Inc. 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); In re Gran, 964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

7. In this case, the proof of claim 9449 was filed prior to the Bar Date and in accordance with the Federal Rules of Bankruptcy Procedure and provides sufficient documentary support for the Claims and the calculation of the Claims amounts. The Objection does not

PGDocs\6132868.1

provide any evidence whatsoever to supports its objection to the calculation of the Claims amounts.

8. The Trustee for Debtors bears the burden of proof for the disallowance of any portion of the Claims. See In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y 1995) Because the Trustee for Debtors has produced no evidence whatsoever in support of the proposed reductions, he has failed to meet his burden of proof and Claim 9449 should be allowed in its entirety.

Proof of Claim 10030

9. Capmark filed its proof of claim 10030 on January 30, 2009 in the amount of $618, 051.65 plus unpaid prepetition rent plus prepetition additional rent for lease rejection damages.

10. As stated the proof of claim 10030, Trustee holds a mortgage on the real property commonly known as 1001 Plymouth Road, Minnetonka, MN 55305 (Store No. 3139). The mortgagor on the property, Priscilla J. Rietz L.L.C., a Minnesota limited liability company ("Borrower"), leased the property to Circuit City pursuant to a written lease (the "Lease") dated February 22, 1995 between its predecessor in interest, Circuit Investors #4- Oklahoma City Limited Partnership, a Texas limited partnership, as Landlord and Circuit City, as Tenant, as it may have been amended. The Lease and the rents thereunder were assigned by the Borrower to its lender in an Assignment of Leases and Rents, effective as of February 27, 2995 (the "Assignment"). The Assignment was subsequently conveyed by the lender to the Trustee, attached as Exhibit A.

11. Circuit City rejected the lease and Bank of America subsequently foreclosed on the property.

PGDocs\6132868.1

12. With regard to proof of claim 10030, Trustee for Debtors states: "This claim is made by or on behalf of a lender for rejection damages. Claim no. 9424 was made by landlord for same item. Expunge as not supported by Debtors books and records."

13. Trustee for Debtors should not be addressing the prepetition claims for this property with the landlord because the Property was foreclosed on by Bank of America and the landlord no longer owns the property.

14. Minnesota law, the governing law under the loan documents, provides that a lease is terminated upon foreclosure. <u>Mutual Ben. Life Ins. Co. v. Frantz Kludt & Sons, Inc.</u>, 237 N.W.2d 350, 353 (Minn. 1975).

15. Further, Section 5 of the Assignment provides that upon default:

"…Assignee… may revoke the privilege granted the Assignor hereunder to collect the Rents and may, at its option, without notice, either: In person or by agent, with or without taking possession of or entering the Property with or without bringing any action or proceeding, give or require the Assignor to give, notice to the tenants under the Leases authorizing and directing the tenants to pay all Rents directly to the Assignee, collect all of the Rents; enforce the payment thereof and exercise all of the rights of the Assignee hereunder; and may enter upon, take possession of, manage and operate the Property, or any part thereof; may cancel enforce, or modify the Leases, and fix or modify Rents, and do any acts which the Assignee deems proper to protect the security hereof"

16. Since the lease and rents were assigned to the Trustee, Bank of America, and not the landlord, has the right to pursue claim 10030. Accordingly, claim 10030 should survive.

Proof of Claims 9050, 9734, 9707, 9899

17. Trustee for Debtors lists claims 9050, 9734, 9708 on Exhibit G as "Amended Claims to be Expunged."

18. Trustee for Debtors for Debtors lists claim 9899 on Exhibit H as "Duplicate Claims to Be Expunged."

19. With regard to proof of claim 9050, Trustee for Debtors states the face amount of the surviving claim is "1,170,300.25 (general unsecured) and that the surviving claim is 14529.

20. With regard to proof of claim 9734, Trustee for Debtors states that the face amount of the surviving claim is $491,842.00 (general unsecured) and that the surviving claim is 9413.

21. With regard to proof of claim 9707, Trustee for Debtors states that the face amount of the surviving claim is $432,829.47 (general unsecured) and that the surviving claim is 9407.

22. With regard to proof of claim 9899, Trustee for Debtor states that the face amount of the surviving claim is $50,000 (general unsecured) and that the surviving claim is 12152.

23. Although the Trustee for Debtors objection to the listed claims is unclear, it appears that the Trustee Debtors is attempting to expunge Capmark's claims in favor of landlord's claims.

24. However, the landlords on all the properties that are subject to the proofs of claims listed have no rights in the rents or leases.

25. Circuit City has rejected all the leases regarding the properties that are subject to proofs of claims 9050, 9734, 9707, and 9899. Further, all of the properties that are the subject to proofs of claims 9050, 9734, 9707, and 9899 have been foreclosed upon by Bank of America.

26. The Trustee was assigned the relevant leases and rents for the properties that are the subject of proof of claims 9050, 9734, 9707, and 9899 (See Assignments, attached as Exhibit B through ) and the Assignments provide that Trustee has the right to assert the claim for the properties in question.

27.     Section 5 of the Assignments for proof of claims 9050, 9734, and 9707 all provide, in part, that:

> "...Assignee shall have the right to have, hold, manage, lease, and operate the same of such terms and for such period of time as Assignee may deem proper, with full power to make from time to time all alterations, renovations, repairs or replacements, thereto as may seem proper to Assignee , and to do all the things required of or permitted to the landlord under said Leases (including the right to demand, sue for, and otherwise collect all Rents..."

28.     Section 7 of the Assignment for proof of claim 9899 provides that:

> "Borrower hereby consents to and irrevocable authorizes and directs the tenants under the Leases and any successor to the interest of said tenants, upon demand and notice from Lender of Lender's rights to receive the rents and other amounts under such Leases, to pay to Lender the rents and other amounts due or to become due, and said tenants shall have the right to rely upon such demand and notice from Lender and shall pay such rents and other amounts to Lender without any obligations or right to determine the actual existence of any Event of Default or event claimed by Lender as the basis for Lender's right to receive such rents and other amounts, notwithstanding any notice from or claim of Borrower to the contrary. Borrower shall have no right or claim against any tenant for any such rents and other amounts so paid by a tenant to Lender."

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the Claims; (b) allow the Claims as provided in Capmark's proof of claims; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 6, 2011

                                        BRYAN CAVE LLP

                                By:     /s/ Philip J. Meitl
                                        Philip J. Meitl (VA Bar No. 73215)
                                        Bryan Cave LLP
                                        1155 F Street NW, Suite 700,
                                        Washington DC 20004
                                        (202) 508-6000 (phone)

                                        *Attorney for Capmark Finance Inc.*

PGDocs\6132868.1

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

/s/ Phillip J. Meitl
Phillip J. Meitl

PGDocs\6132868.1