IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | §. | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | §. | |
| | §. | Case No 08-35653 (KRH) |
| Debtors. | §. | |
| | § | Jointly Administered |

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S THIRD OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Capmark Finance, Inc. ("Capmark") on behalf of Bank of America, National Association (Bank of America), by and through its counsel Bryan Cave LLP, hereby files this Response and Request for Hearing to Trust's Third Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

1.  The Trustee for Debtors has objected to the proof of claim number 9740 (the "Claim") filed by Capmark on January 30, 2009, as special servicer for Bank of America, National Association, as successor by merger to LaSalle Bank,.[1]

---

[1] Subsequent to the filing of the Claim and effective January 20, 2011, U.S. Bank National Association succeeded Bank of America, N.A. as trustee for the Registered Holder of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2.

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6132864.1

National Association (f/k/a LaSalle National Bank), as Trustee (the "Trustee") for the Registered Holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2

Proof of Claim 9740

2. Capmark filed the Claim on the basis of lease rejection damages in the amount of $771,930.00 plus unpaid prepetition rent, plus unpaid prepetition additional rent. As stated in the Claim, Bank of America holds a mortgage on the real property commonly known as 3124 Vestal Parkway, Vestal, NY 13850 (Store No. 3147). The mortgagor on the property, WEC Vestal Investment Trust, a Delaware business trust (the "Borrower"), leased the property to Circuit City Stores, Inc. ("Circuit City") pursuant to a written lease (the "Lease") dated November 27, 1996 between Borrower, as Landlord, and Circuit City, as Tenant, as it may have been amended. The Lease and the rents thereunder were assigned by the Borrower to its lender in an Assignment of Leases and Rents, effective on or about November 27, 1996. (the "Assignment"). The Assignment was subsequently conveyed by the lender to the Trustee. The Assignment is attached hereto as Exhibit A.

3. Circuit City rejected the Lease and Bank of America subsequently foreclosed on the Property.

4. With regard to Proof of Claim 9740, Trustee has stated that "Claimant is not the landlord, and the Debtors are dealing with the landlord directly on claims 8102, 8104, 12580, and 12584.

5. Trustee should not be addressing the prepetition claims for this property with the landlord because the Property was foreclosed on by Bank of America and the landlord no longer owns the property.

6. Section 4.7 of the Assignment provides that:

"Upon issuance of any deed or deed pursuant to a foreclosure of the Mortgage, all right, title and interest of the Assignor in and to the Leases shall, by virtue of this instrument and such deed or deeds, thereupon vest in and become the absolute property of the grantee or grantees in such deed or deeds without any further act or assignment by the Assignor. Assignor hereby irrevocable appoints Assignee and its successors and assigns as its agent and attorney in fact, after an Event of Default, to execute all instruments of assignment for further assurance in favor of such grantee or grantees in such deed or deeds as may be necessary or desirable for such purpose.

7. The rejection of the Lease triggers the Assignment provision providing that the landlord's rights in the property are terminated in favor of Bank of America. Section 4.8 of the Assignment provides that:

"In the event any lessee under any of the Leases should be the subject of any proceeding under the Federal Bankruptcy Code, as amended from time to time, or any other federal, state, or local statute which provides for the possible termination or rejection of the Leases assigned hereby, Assignor covenants and agrees that if any of the Leases is so terminated or rejected, no settlement for damages shall be made without the prior written consent of the Assignee, in each instance, and any check in payment of damages for termination or rejection of any such Lease shall be made payable to the Assignee. Assignor hereby assigns any such payment to Assignee and further covenants and agrees that Assignor will duly endorse to the order of Assignee any such check which is made payable to Assignor, the proceeds of which shall be applied to the indebtedness secured by this Assignment. Assignor hereby irrevocably appoints Assignee and its successors and assigns as its attorney-in-fact, which power is coupled with an interest, after an Event of Default, to so endorse any such checks if Assignor does not do so"

8. Accordingly, it is improper for Trustee for Debtors to deal with the landlord on this Claim and the Claim should survive.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the Claim; (b) allow the Claim as provided in proof of claim 9740; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 6, 2011

PGDocs\6132864.1

Case 08-35653-KRH    Doc 10438    Filed 04/07/11    Entered 04/07/11 17:19:32    Desc
Main Document    Page 4 of 4

BRYAN CAVE LLP

By:    */s/ Philip J. Meitl*
       Philip J. Meitl (VA Bar No. 73215)
       Bryan Cave LLP
       1155 F Street NW, Suite 700,
       Washington DC 20004
       (202) 508-6000 (phone)

       Attorney for Capmark Finance Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

       */s/ Philip J. Meitl*
       Philip J. Meitl

PGDocs\6132864.1