Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

Cassandra A. Sepanik
(admitted pro hac vice)
Texas Bar No. 24070592
THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

ATTORNEYS FOR LASALLE BANK NATIONAL ASSOCIATION,
A NATIONALLY CHARTERED BANK, AS TRUSTEE FOR
CORPORATE LEASE-BACKED CERTIFICATES, SERIES 1999-
CLF1,  ACTING  BY  AND  THROUGH  MIDLAND  LOAN
SERVICES,  A  DIVISION  OF  PNC  BANK,  NATIONAL
ASSOCIATION,  IN  ITS  AUTHORIZED  CAPACITY  AS  SPECIAL
SERVICER  PURSUANT  TO  THAT  CERTAIN  POOLING  AND
SERVICING AGREEMENT DATED AS OF JULY 15, 1999



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-35653 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | CHAPTER 11 |
| DEBTORS | § | |
| | § | (Jointly Administered) |
| | § | |

## RESPONSE OF CLF TRUST TO LIQUIDATING TRUST'S EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

COMES NOW, LaSalle Bank National Association, a nationally chartered bank,

as Trustee for Corporate Lease-Backed Certificates, Series 1999-CLF1 (the "CLF

Trust"), acting by and through Midland Loan Services ("Midland"), a division of PNC

Bank, National Association, in its authorized capacity as special servicer pursuant to that

certain Pooling and Servicing Agreement dated as of July 15, 1999, creditor in the above

entitled and numbered cause, and files this Response (the "Response") to Liquidating

Trust's Eighth Omnibus Objection to Landlord Claims [Dkt. No. 10046] (the "Eighth

Omnibus Objection") and states as follows:

## Relief Requested

1.      In the Eighth Omnibus Objection, the Trustee objected to claim nos.

12685 and 14249  (collectively hereinafter referred to as the "Anniston Claims"), and

claim nos. 12851 and 14135 (collectively hereinafter referred to as the "Lake Charles

Claims") of CLF Trust (the Anniston Claims and the Lake Charles Claims are

collectively hereinafter referred to as the "Claims").   By this Response, CLF Trust

requests that the Trustee's objections to the Claims be overruled in their entirety and the

Claims allowed in the requested amounts or in such other amounts as CLF Trust shall

show itself entitled pursuant to any amended claim or otherwise.

## Background

2.      On November 10, 2008 (the "Petition Date"), the Debtor and its affiliated

entities filed petitions for relief under Chapter 11 of the Bankruptcy Code.

**A.      The Anniston Claims.**

3.      WEC 99A-1 LLC ("WEC 99A-1") and Circuit City Stores, Inc. (the

"Debtor") were parties to a lease dated March 5, 1999 (the "Anniston Lease"), between

WEC 99A-1, as landlord, and Debtor, as tenant, with respect to certain real property

located at 704 Quintard, Anniston, Alabama 36201 (the "Anniston Leased Premises").

4.      CLF Trust is the current owner and holder of a loan (the "Anniston Loan")

on which WEC 99A-1 is obligated and which loan is secured, in part, by the Anniston

Lease and the Anniston Leased Premises.

5.     The Mortgage, Security Agreement and Assignment of Leases and Rents executed in connection with the Anniston Loan (the "Anniston Mortgage") provides CLF Trust with the right to "appear in and defend any action or proceeding brought with respect to the Mortgaged Property and to bring any action or proceeding, in the name and on behalf of Mortgagor, which Mortgagee, in its discretion, decides should be brought to protect their interest in the Mortgaged Property." *See* Anniston Mortgage at p. 30. Further, pursuant to a power of attorney (the "CLF Trust Power of Attorney"), Midland has the authority to act to protect CLF Trust's interests in the collateral securing the Anniston Loan, including the Anniston Lease. As such, although CLF Trust is not the landlord of the Anniston Lease, CLF Trust, acting by and through Midland, is properly listed as the "claimant" for distributions made on behalf of the Anniston Claims.

6.     From March 5, 1995, to, at least, March 11, 2009, the Debtor occupied and used the Anniston Leased Premises. The Debtor's rejection of the Anniston Lease became effective on December 31, 2008 pursuant to section 365 of the Bankruptcy Code.

### (a) Claim No. 12685.

7.     CLF Trust timely filed a proof of claim in the Debtor's bankruptcy case on April 30, 2009. *See* Claim No. 12685. Claim No. 12685 asserts a general unsecured claim in the amount of $327,946.27 against the Debtor for the Debtor's pre-petition defaults and rejection damages calculated pursuant to section 502(b)(6) of the Bankruptcy Code. *Id.* Supporting documents including, but not limited to, a copy of the Anniston Lease, a copy of the Anniston Mortgage and the CLF Trust Power of Attorney were attached to Claim No. 12685.

8.      In the Eighth Omnibus Objection, the Trustee asserts that Claim No.
12685 should be expunged because, "The claimant is not the landlord, and has not
provided any support for a claim by it against the Debtor." *See* Eighth Omnibus
Objection.

### (b) Claim No. 14249.

9.      In connection with the Debtor's rejection of the Anniston Lease, CLF
Trust timely filed an Application for Allowance and Payment of Administrative Expenses
on June 30, 2009 (the "Anniston Application for Administrative Expenses"). *See* Claim
No. 14249.   The Anniston Application for Administrative Expenses asserts an
administrative priority claim in the amount of $21,485.23 for the Debtor's post-petition
use of the Anniston Leased Premises. *Id.* Supporting documents including, but not
limited to, a copy of the Anniston Lease, a copy of the Anniston Mortgage and CLF
Trust's calculation of damages, were attached to Claim No. 14249.

10.     In the Eighth Omnibus Objection, the Trustee asserts that Claim No.
14249 should be expunged because, "The claimant is not the landlord, and has not
provided any support for a claim by it against the Debtor." *See* Eighth Omnibus
Objection.  In addition, the Trustee asserts that "the Debtor's books and records do not
support the asserted liabilities." *Id.*

### B.      The Lake Charles Claims.

11.     WEC 99A-3 LLC ("WEC 99A-3") and Circuit City Stores, Inc. (the
"Debtor") were parties to a lease dated March 5, 1999 (the "Lake Charles Lease"),[1]
between WEC 99A-3, as landlord, and Debtor, as tenant, with respect to certain real

---

[1]      The Anniston Lease and the Lake Charles Lease are collectively hereinafter referred to as the
"Leases."

property located at 2990 E. Prien Lake Road, Lake Charles, Louisiana 70601 (the "Lake

Charles Leased Premises").

12.    CLF Trust is the current owner and holder of a loan (the "Lake Charles

Loan") on which WEC 99A-1 is obligated and which loan is secured, in part, by the Lake

Charles Lease and the Lake Charles Leased Premises.

13.    The Mortgage, Security Agreement and Assignment of Leases and Rents

executed in connection with the Lake Charles Loan (the "Lake Charles Mortgage")

provides CLF Trust with the right to "appear in and defend any action or proceeding

brought with respect to the Mortgaged Property and to bring any action or proceeding, in

the name and on behalf of Mortgagor, which Mortgagee, in its discretion, decides should

be brought to protect their interest in the Mortgaged Property." *See* Lake Charles

Mortgage at p. 31.  Further, pursuant to the CLF Power of Attorney, Midland has the

authority to act to protect CLF Trust's interests in the collateral securing the Lake Charles

Loan, including the Lake Charles Lease.  As such, although CLF Trust is not the landlord

of the Lake Charles Lease, CLF Trust, acting by and through Midland, is properly listed

as the "claimant" for distributions made on behalf of the Lake Charles Claims.

14.    From March 5, 1995, to, at least, March 11, 2009, the Debtor occupied

and used the Lake Charles Leased Premises.  On March 4, 2009, the Debtor filed a

Notice of Rejection of Unexpired Leases and Abandonment of Personal Property [Dkt.

No. 2419] (the "Rejection Notice"), wherein the Debtor provided that its rejection of the

Lake Charles Lease pursuant to section 365 of the Bankruptcy Code "shall become

effective on March 11, 2009 (the "Rejection Date") or such later date as the Debtor

surrender [sic] the premises." *See* Rejection Notice.

### (a) Claim No. 12851.

15.     CLF Trust timely filed a proof of claim in the Debtor's bankruptcy case on April 30, 2009. *See* Claim No. 12851. Claim No. 12851 asserts a general unsecured claim in the amount of $442,917.84 against the Debtor for the Debtor's pre-petition defaults and rejection damages calculated pursuant to section 502(b)(6) of the Bankruptcy Code. *Id.* Supporting documents including, but not limited to, a copy of the Lake Charles Lease, a copy of the Lake Charles Mortgage and the CLF Trust Power of Attorney were attached to Claim No. 12851.

16.     In the Eighth Omnibus Objection, the Trustee asserts that Claim No. 12851 should be expunged because, "The claimant is not the landlord, and has not provided any support for a claim by it against the Debtor." *See* Eighth Omnibus Objection.

### (b) Claim No. 14135.

17.     In connection with the Debtor's rejection of the Lake Charles Lease, CLF Trust timely filed an Application for Allowance and Payment of Administrative Expenses on June 30, 2009 (the "Lake Charles Application for Administrative Expenses"). *See* Claim No. 14135. The Lake Charles Application for Administrative Expenses asserts an administrative priority claim in the amount of $21,485.23 for the Debtor's post-petition use of the Lake Charles Leased Premises. *Id.* Supporting documents including, but not limited to, a copy of the Lake Charles Lease, a copy of the Lake Charles Mortgage and CLF Trust's calculation of damages, were attached to Claim No. 14135.

18.     In the Eighth Omnibus Objection, the Trustee asserts that Claim No. 14135 should be expunged because, "The claimant is not the landlord, and has not

provided any support for a claim by it against the Debtor." *See* Eighth Omnibus Objection.

**Response**

19.     The Trustee fails to overcome its burden of challenging the Claims and, therefore, to the extent the Eighth Omnibus Objection seeks to disallow and expunge the Claims it should be overruled.

**A.     The Trustee has failed to overcome the Claims' presumptive validity.**

20.     Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The presumption of validity includes a presumption of priority when the claim is marked priority. *In re Deangelis Tangibles, Inc.*, 238 B.R. 96, 98 (Bankr. M.D. Pa. 1999). As the objecting party, the Trustee has the burden of overcoming that *prima facie* presumption. *See In re C-4 Media Cable South, L.P.*, 150 Bankr. 374, 377 (Bankr. E.D. Va. 1992) ("The party objecting to a properly filed proof of claim has the initial burden of presenting sufficient probative evidence to overcome such prima facie effect."). The mere filing of an objection does not overcome the Trustee's burden of proof. *See Carter Enters. v. Ashland Specialty Co.*, 257 B.R. 797, 800 (S.D. W. Va. 2001) (the filing of a proof of claim "will suffice to overcome a mere formal objection without more").

21.     In accordance with Rule 3001, the Claims conformed with the appropriate official form and included supporting documentation on which the Claims were based. Such supporting documentation included, among other things, documentation establishing CLF Trust's rights to distributions made on behalf of the Debtor's rejection

of the Leases and calculation of the damages asserted in each of the Claims. Thus, pursuant to Rule 3001, the Claims are entitled to presumptive validity.

### (a) CLF Trust is the appropriate claimant to receive distributions made on behalf of the Claims.

22.    The Trustee makes virtually no effort to meet its burden to overcome the presumptive validity of the Claims. Instead, in each case, the Trustee only asserts that the "claimant is not the landlord." *See* Eighth Omnibus Objection. However, CLF Trust concedes that it is not the landlord of the Leases. As set forth in the Claims and explained above, although (i) the Anniston Lease was executed by and between the Debtor and WEC 99A-1; and (ii) the Lake Charles Lease was executed by and between the Debtor and WEC 99A-3, CLF Trust, acting by and through Midland, is an appropriate party to request distributions due to the Debtor's rejection and post-petition use of both the Anniston Lease and the Lake Charles Lease.

23.    Moreover, the Trustee's assertion that CLF Trust "has not provided any support for a claim by [CLF Trust] against the Debtor" is simply unfounded. In fact, as explained above, CLF Trust attached supporting documentation to each of the Claims that conclusively established CLF Trust's right to receive distributions made on behalf of the Claims. Accordingly, the Eighth Omnibus Objection should be overruled because the Trustee failed to meet its threshold burden by providing any evidence that the Claims are invalid or that CLF Trust is not the proper party to receive distributions made on behalf of the Claims.

### (b) Claim No. 14249 should be allowed in full.

24.    In addition to asserting that CLF Trust is not the proper claimant for Claim No. 14249, the Trustee asserts that the Debtor's "books and records do not support the

liabilities" asserted in Claim No. 14249. *See* Eighth Omnibus Objection. The Trustee's objection to Claim No. 14249 should be overruled in its entirety because the Trustee utterly fails to overcome the presumptive validity of the amount of Claim No. 14249 and CLF Trust has established that the amounts asserted in Claim No. 14249 are entitled to administrative priority.

25.    Supporting documents including, but not limited to, a copy of the Anniston Lease, a copy of the Anniston Mortgage and CLF Trust's calculation of damages, were attached to Claim No. 14249. Therefore, pursuant to Rule 3001, the amount of Claim No. 14249 is presumptively valid.

26.    The Trustee's unsworn objection to the amount of Claim No. 14249 is not accompanied by any supporting evidence. Accordingly, the Eighth Omnibus Objection should be overruled because the Trustee failed to meet its threshold burden by providing any evidence that Claim No. 14249, or any portion thereof, is invalid.

27.    Moreover, with respect to Claim No. 14249, CLF Trust has satisfied the two-prong test for determining whether a claim is entitled to administrative status by more than a preponderance of the evidence. Specifically, for a claim to be entitled to administrative status, the transaction giving rise to the claim must have arisen as a result of a transaction between the creditor and the debtor's estate and the transaction must have conferred upon the debtor's estate a benefit in the operation of its post-petition business. *See In re Stewart Foods, Inc.*, 64 F.3d 141, 145 n.2 (4th Cir. 1995).

28.    First, the transaction giving rise to the Claim No. 14249 arose from the Debtor's post-petition use of the Anniston Leased Premises. Second, the transaction

conferred the benefit of the use of the Anniston Leased Premises on the Debtor's estate in the operation of the Debtor's post-petition business.

29.    In addition, CLF Trust is entitled to recover taxes and attorneys' fees due under the Anniston Lease as an administrative expense. *CIT Commun. Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.)*, 406 F.3d 229, 236 (4th Cir. 2005). As mentioned above, CLF Trust attached to Claim No. 14249 as supporting documentation a summary ledger of attorneys' fees incurred in connection with Claim No. 14249.

30.    The Trustee's objection to Claim No. 14249 should be overruled because the Trustee has failed to meet its burden by providing any evidence that the liabilities asserted in Claim No. 14249 are not owing and CLF Trust has proven that Claim No. 14249 is entitled to administrative status by more than a preponderance of the evidence through the supporting documentation attached to Claim No. 14249.

## Conclusion

31.    The Eighth Omnibus Objection is unfounded on the merits, as the Trustee has failed to identify any particular disagreement with the evidence supporting the Claims.  In fact, the Trustee has shown no basis, whatsoever, for disallowance of any portion of the Claims; nor is CLF Trust aware of any such basis.  Finally, by virtue of the Trustee's failure to provide such evidence, CLF Trust is unable to respond specifically to any purported discrepancies in the Debtors' books and records.  Unless and until the Trustee provides evidence of the basis for its objections (at which time CLF Trust would have the opportunity to respond to any such allegations), the Trustee cannot overcome the *prima facie* presumption of the validity and amount of the Claims.

## Prayer

Wherefore, CLF Trust respectfully requests that the Court overrule the Eighth

Omnibus Objection and allow the Claims in their requested respective amounts or in such

other amounts as CLF Trust shall show itself entitled pursuant to any amended claim or

otherwise.   CLF Trust further requests that the Court grant CLF Trust any additional

relief to which it is entitled at law or in equity.


Dated: April 5, 2011.

Respectfully submitted,

FULBRIGHT & JAWORSKI LLP

By:  */s/ Kimberly S. Walker*
   Kimberly S. Walker
   Virginia Bar No. 47921
   FULBRIGHT & JAWORSKI LLP
   801 Pennsylvania Ave., N.W.
   Washington, D.C. 20004
   Telephone:  (202) 662-0434
   Facsimile:  (202) 662-4643
   kwalker@fulbright.com

   Cassandra A. Sepanik (pro hac vice)
   Texas Bar No. 2470592
   THOMPSON & KNIGHT LLP
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   Telephone: (214) 969-1700
   Facsimile: (214) 969-1751

ATTORNEYS FOR LASALLE BANK NATIONAL
ASSOCIATION, A NATIONALLY CHARTERED
BANK, AS TRUSTEE FOR CORPORATE LEASE-
BACKED CERTIFICATES, SERIES 1999-CLF1,
ACTING BY AND THROUGH  MIDLAND LOAN
SERVICES, A DIVISION OF PNC BANK, NATIONAL
ASSOCIATION, IN ITS AUTHORIZED CAPACITY
AS SPECIAL SERVICER PURSUANT TO THAT
CERTAIN POOLING AND SERVICING AGREEMENT
DATED AS OF JULY 15, 1999

### ADDITIONAL ADDRESS

The following is the representative of the claimant and has authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf:

David M. Bennett
Texas Bar No. 02139600
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

RESPONSE OF CLF TRUST TO LIQUIDATING TRUST'S      Page 12
EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

516952 000036 DALLAS 2722767.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011, a true and correct copy of the foregoing has been served on all parties entitled to service via this court's ECF filing system and to the following via FedEx delivery:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL
& JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102

*Attorneys for Debtor*

/s/  *Kimberly S. Walker*
Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:  (202) 662-0434
Facsimile:  (202) 662-4643
kwalker@fulbright.com

RESPONSE OF CLF TRUST TO LIQUIDATING TRUST'S                              Page 13
EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

516952 000036 DALLAS 2722767.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-35653 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | CHAPTER 11 |
| DEBTORS | § | |
| | § | (Jointly Administered) |
| | § | |

## DECLARATION WITH RESPECT TO RESPONSE OF CLF TRUST TO LIQUIDATING TRUST'S EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

Pursuant to 28 U.S.C. § 1746, Joshua Azinger, in the capacity stated below, represents to the best of his knowledge as follows:

1.     My name is Joshua Azinger. I am an Asset Manager II at Midland Loan Services ("Midland"), a division of PNC Bank, National Association. I am making this Declaration in support of the Response of CLF Trust to Liquidating Trust's Eighth Omnibus Objection to Landlord Claims (the "Response") in my capacity as an Asset Manager II and representative of Midland as the special servicer to LaSalle Bank National Association, a nationally chartered bank, as Trustee for Corporate Lease-Backed Certificates, Series 1999-CLF1 pursuant to that certain Pooling and Servicing Agreement dated as of July 15, 1999.

2.     I have personal knowledge, or knowledge derived from records maintained in the ordinary course of business of Midland, of the relevant facts set forth in the above referenced Response. To the best of my knowledge and belief, such facts are true and correct.

DECLARATION WITH RESPECT TO RESPONSE OF CLF TRUST TO                                         Page 1
LIQUIDATING TRUST'S EIGHTH OMNIBUS OBJECTION
TO LANDLORD CLAIMS

516952 000036 DALLAS 2722776.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___3|28|11___.

By: _____
Joshua Azinger, not in his individual or personal capacity,
but solely in his capacity as an Asset Manager II for Midland
Loan Services, a division of PNC Bank, National Association

DECLARATION WITH RESPECT TO RESPONSE OF CLF TRUST TO                    Page 2
LIQUIDATING TRUST'S EIGHTH OMNIBUS OBJECTION
TO LANDLORD CLAIMS

516952 000036 DALLAS 2722776.1