Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

Cassandra A. Sepanik
(admitted pro hac vice)
Texas Bar No. 24070592
THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

ATTORNEYS FOR LASALLE BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CORPORATE LEASE-BACKED
CERTIFICATES, SERIES 1999-CLF1, ACTING BY AND
THROUGH MIDLAND LOAN SERVICES, A DIVISION OF PNC
BANK, NATIONAL ASSOCIATION, IN ITS AUTHORIZED
CAPACITY AS SPECIAL SERVICER PURSUANT TO THAT
CERTAIN POOLING AND SERVICING AGREEMENT DATED AS
OF AUGUST 15, 1999



RICHMOND DIVISION
F                                           F
I                                           I
L          APR    6 2011         L
E                                           E
D               CLERK               D
US BANKRUPTCY COURT

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-35653 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | CHAPTER 11 |
| DEBTORS | § | |
| | § | (Jointly Administered) |
| | § | |

## RESPONSE OF CLF TRUST TO LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

COMES NOW, LaSalle Bank National Association, as Trustee for Corporate

Lease-Backed Certificates, Series 1999-CLF1 (the "CLF Trust'), acting by and through

Midland Loan Services ("Midland"), a division of PNC Bank, National Association, in its

authorized capacity as special servicer pursuant to that certain Pooling and Servicing

Agreement dated as of August 15, 1999, creditor in the above entitled and numbered

cause, and files this Response (the "Response") to Liquidating Trust's Fourth Omnibus Objection to Landlord Claims [Dkt. No. 10041] (the "Fourth Omnibus Objection") and states as follows:

### Relief Requested

1.      In the Fourth Omnibus Objection, the Trustee objected to claim nos. 8362 (the "Unsecured Claim") and 14057 (the "Administrative Claim") of CLF Trust (the Unsecured Claim and the Administrative Claim are collectively hereinafter referred to as the "Claims"). By this Response, CLF Trust requests that the Trustee's objections to the Claims be overruled in their entirety and the Claims allowed in the requested amounts or in such other amounts as CLF Trust shall show itself entitled pursuant to any amended claim or otherwise.

### Background

2.      WEC 99A-2 LLC ("WEC") and Circuit City Stores, Inc. (the "Debtor") were parties to a lease dated March 5, 1999 (the "Lease"), between WEC, as landlord, and Debtor, as tenant, with respect to certain real property located at 744 E. Joyce Boulevard, Fayetteville, Arkansas 72704 (the "Leased Premises").

3.      On November 10, 2008 (the "Petition Date"), the Debtor and its affiliated entities filed petitions for relief under Chapter 11 of the Bankruptcy Code.

4.      From March 5, 1999, to, at least, December 31, 2008, the Debtor occupied and used the Leased Premises.

5.      The Debtor's rejection of the Lease became effective on December 31, 2008 pursuant to section 365 of the Bankruptcy Code.

A.    **The Unsecured Claim.**

6.    WEC timely filed a proof of claim in the Debtor's bankruptcy case on January 30, 2009. *See* Claim No. 8362. Claim No. 8362 asserts a general unsecured claim in the amount of $624,146.50 against the Debtor for the Debtor's pre-petition defaults and rejection damages calculated pursuant to section 502(b)(6) of the Bankruptcy Code. *Id.* Supporting documents including, but not limited to, a copy of the Lease, were attached to Claim No. 8362.

7.    On January 14, 2010, WEC filed a Transfer of Claim Other Than for Security, transferring Claim No. 8362 to CLF Trust, acting by and through Midland. [Dkt. No. 6266] (the "Transfer Notice"). Supporting documents including, but not limited to, a copy of the Lease were attached to the Transfer Notice.

8.    In the Fourth Omnibus Objection, the Trustee asserts that, "[A]ccording to the Debtors' books and records," the Unsecured Claim should be reduced "by $934 for prepetition rent and $3,000 for attorneys' fees." *See* Fourth Omnibus Objection.

B.    **The Administrative Claim.**

9.    CLF Trust timely filed an Application for Allowance and Payment of Administrative Expenses on June 30, 2009 (the "Application for Administrative Expenses"). *See* Claim No. 14057. The Application for Administrative Expenses asserts, among other things, an administrative priority claim in the amount of $5,893.74 for attorneys' fees authorized under the Lease and incurred in connection with the enforcement of the Debtor's payment obligation under the Lease. *Id.* Supporting documents including, but not limited to, a copy of the Lease and a summary ledger of

attorneys' fees incurred in connection with the Lease were attached to the Administrative Claim.

10.    In the Fourth Omnibus Objection, the Trustee asserts that, "[A]ccording to the Debtors' books and records," the Administrative Claim should be reduced "by $5,893.74 for attorneys' fees." *See* Fourth Omnibus Objection.

## Response

11.    The Trustee fails to overcome its burden of challenging the Claims and, therefore, to the extent that the Fourth Omnibus Objection seeks to reduce the amount of the Claims, it should be overruled.

12.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The presumption of validity includes a presumption of priority when the claim is marked priority. *In re Deangelis Tangibles, Inc.*, 238 B.R. 96, 98 (Bankr. M.D. Pa. 1999).  As the objecting party, the Trustee has the burden of overcoming that *prima facie* presumption. *See In re C-4 Media Cable South, L.P.*, 150 Bankr. 374, 377 (Bankr. E.D. Va. 1992) ("The party objecting to a properly filed proof of claim has the initial burden of presenting sufficient probative evidence to overcome such prima facie effect."). The mere filing of an objection does not overcome the Trustee's burden of proof. *See Carter Enters. v. Ashland Specialty Co.*, 257 B.R. 797, 800 (S.D. W. Va. 2001) (the filing of a proof of claim "will suffice to overcome a mere formal objection without more").

13.    In accordance with Rule 3001, the Unsecured Claim conformed with the appropriate official form and included supporting documentation on which the Unsecured

Claim was based. Such supporting documentation included, among other things, a copy of the Lease. The Administrative Claim also included supporting documentation, including a summary ledger of attorneys' fees incurred in connection with the Lease. Thus, the amount of the Claims, including the requested attorneys' fees, is presumptively valid.

14.    The Trustee makes virtually no effort to meet its burden to overcome the presumptive validity of the amount of the Claims. Instead, the Trustee only asserts that certain portions of the Claims should be reduced pursuant "to the Debtors' book and records." *See* Fourth Omnibus Objection. This unsworn statement is not accompanied by any supporting evidence. Accordingly, the Fourth Omnibus Objection should be overruled because the Trustee failed to meet its threshold burden by providing any evidence that the Claims, or any portion thereof, are invalid.

15.    In addition, it is well-established that where the debtor fails to pay rent due under a lease and the landlord incurs legal fees seeking to obtain payment, the landlord is entitled to collect attorneys' fees authorized under the lease and linked to enforcement of the payment obligation. *See e.g., In re Beltway Med., Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006); *In re Geonex Corp.*, 258 B.R. 336 (Bankr. D. Md. 2001)(determining that a lessor was entitled to attorney's fees pursuant to the lease for enforcing its rights to payment); *In re Exch. Res., Inc.*, 214 B.R. 366, 371 (Bankr. D. Minn. 1997)(stating that legal fees incurred by a landlord in the collection of post-petition rent "give[s] rise to a priority administrative-expense claim allowable and payable now").

16.    Here, paragraph 20 of the Lease expressly allows recovery by the lessor of its attorneys' fees and costs for expenditures in exercising lessor's rights and remedies

under the Lease.  As mentioned above, CLF Trust attached to the Administrative Claim as supporting documentation a summary ledger of attorneys' fees incurred in connection with the collection of rents.  Therefore, CLF Trust is entitled to collect such attorneys' fees from the Debtor.

17.     The Fourth Omnibus Objection is unfounded on the merits, as the Trustee has failed to identify any particular disagreement with the evidence supporting the Claims.  In fact, the Trustee has shown no basis, whatsoever, for disallowance of any portion of the Claims; nor is CLF Trust aware of any such basis.  Finally, by virtue of the Trustee's failure to provide such evidence, CLF Trust is unable to respond specifically to any purported discrepancies in the Debtors' books and records.  Unless and until the Trustee provides evidence of the basis for its objections (at which time CLF Trust would have the opportunity to respond to any such allegations), the Trustee cannot overcome the *prima facie* presumption of the validity and amount of the Claims.

### Prayer

18.     Wherefore, CLF Trust respectfully requests that the Court overrule the Fourth Omnibus Objection and allow the Claims in their requested respective amounts or in such other amounts as CLF Trust shall show itself entitled pursuant to any amended claim or otherwise.  CLF Trust further requests that the Court grant CLF Trust any additional relief to which it is entitled at law or in equity or in such other amounts as CLF Trust shall show itself entitled pursuant to any amended claim or otherwise.

Dated: April 5, 2011.

Respectfully submitted,

FULBRIGHT & JAWORSKI LLP

By:     /s/ Kimberly S. Walker
        Kimberly S. Walker
        Virginia Bar No. 47921
        FULBRIGHT & JAWORSKI LLP
        801 Pennsylvania Ave., N.W.
        Washington, D.C. 20004
        Telephone:  (202) 662-0434
        Facsimile:  (202) 662-4643
        kwalker@fulbright.com

        Cassandra A. Sepanik (pro hac vice)
        THOMPSON & KNIGHT LLP
        Texas Bar No. 2470592
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        Telephone: (214) 969-1700
        Facsimile: (214) 969-1751

        ATTORNEYS FOR LASALLE BANK NATIONAL
        ASSOCIATION, AS TRUSTEE FOR CORPORATE
        LEASE-BACKED CERTIFICATES, SERIES 1999-
        CLF1, ACTING BY AND THROUGH MIDLAND
        LOAN SERVICES, A DIVISION OF PNC BANK,
        NATIONAL ASSOCIATION, IN ITS
        AUTHORIZED CAPACITY AS SPECIAL
        SERVICER PURSUANT TO THAT CERTAIN
        POOLING AND SERVICING AGREEMENT
        DATED AS OF AUGUST 15, 1999

### ADDITIONAL ADDRESS

The following is the representative of the claimant and has authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf:

David M. Bennett
Texas Bar No. 02139600

1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011, a true and correct copy of the foregoing has been served on all parties entitled to service via this court's ECF filing system and to the following via FedEx delivery:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL
& JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102

*Attorneys for Debtor*

/s/  *Kimberly S. Walker*
Kimberly S. Walker
Virginia Bar No. 47921
FULBRIGHT & JAWORSKI LLP

801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 662-0434
Facsimile: (202) 662-4643
kwalker@fulbright.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 08-35653 |
| CIRCUIT CITY STORES, INC., et al., § | |
| § | CHAPTER 11 |
| DEBTORS § | |
| § | (Jointly Administered) |
| § | |

## DECLARATION WITH RESPECT TO RESPONSE OF CLF TRUST TO LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

Pursuant to 28 U.S.C. § 1746, Joshua Azinger, in the capacity stated below, represents to the best of his knowledge as follows:

1. My name is Joshua Azinger. I am an Asset Manager II at Midland Loan Services ("Midland"), a division of PNC Bank, National Association. I am making this Declaration in support of the Response of CLF Trust to Liquidating Trust's Fourth Omnibus Objection to Landlord Claims (the "Response") in my capacity as an Asset Manager II and representative of Midland as the special servicer to LaSalle Bank National Association, as Trustee for Corporate Lease-Backed Certificates, Series 1999-CLF1 pursuant to that certain Pooling and Servicing Agreement dated as of August 15, 1999.

2. I have personal knowledge, or knowledge derived from records maintained in the ordinary course of business of Midland, of the relevant facts set forth in the above referenced Response. To the best of my knowledge and belief, such facts are true and correct.

DECLARATION WITH RESPECT TO RESPONSE OF CLF TRUST                          Page 1
TO LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION
TO LANDLORD CLAIMS

516952 000036 DALLAS 2723269.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _3/28/11_.


By: _____
Joshua Abinger, not in his individual or personal capacity,
but solely in his capacity as an Asset Manager II for Midland
Loan Services, a division of PNC Bank, National Association

DECLARATION WITH RESPECT TO RESPONSE OF CLF TRUST                    Page 2
TO LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION
TO LANDLORD CLAIMS

516952 000036 DALLAS 2723269.1