MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, Room 5-223
New York, New York 10007
Attorneys for the New York City
 Department of Finance
Gabriela P. Cacuci, Esq.
Tel. 212-788-0688
gcacuci@law.nyc.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---------------------------------------------------x

In re:

CIRCUIT CITY STORES, INC., et al.,

               Debtors.

---------------------------------------------------x

Chapter 11

Case No. 08-35653 (KRH)

Response Deadline: 4/7/2011, 4:00 p.m.
Hearing Date: 4/14/2010 at 2 p.m.

**NOTICE OF MOTION OF THE NEW YORK
CITY DEPARTMENT OF FINANCE FOR
LEAVE TO AMEND AND INCREASE TAX
PRIORITY CLAIM NO. 2297, BASED ON
RECORDS PRODUCED BY THE DEBTORS
AFTER THE BAR DATE**

**PLEASE TAKE NOTICE**, that upon the annexed (i) Cross-Motion for Leave to Amend and Increase Tax Priority Claim 2297, Based on Records Produced by the Debtors After the Bar Date (the "Cross-Motion") and (ii) the Response of the New York City Department of Finance ("DOF") to the Liquidating Trust's Objection to DOF Claim No. 2297 for Pre-Petition Excise Taxes, both dated April 6, 2011, the New York City Department of Finance, by its counsel, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, will request a telephonic appearance, pro hac vice, to move for Leave to Amend and Increase Tax Priority Claim No. 2297 Based on Records Produced by the Debtors After the Bar Date pursuant to 11

U.S.C. §§ 105, 501 and 502(b) and Fed. R. Bankr. P. 3003(c)(3), 7015, 9006(b) and 9014(c), before the Honorable Kevin R. Huennekens, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, 701 East Broad Street, Richmond, Virginia 2319 on such date and at such time as the Court shall schedule for a hearing on the Liquidating Trust's Objection to Claim No. 2297 Filed by the City of New York Department of Finance dated February 27, 2011 (the "Trust's Objection").

**PLEASE TAKE FURTHER NOTICE**, that any response to the DOF Cross-Motion shall be filed with the Clerk of the Bankruptcy Court, United States Bankruptcy Court, 701 East Broad Street, Room 4000, Richmond, Virginia 2319, as well as electronically on the Bankruptcy Court's Electronic Case Filing System at http://www.vaeb.uscourts.gov, the official website for the Bankruptcy Court, and shall served on undersigned counsel so that it is received no later than 7 days prior to the scheduled hearing date. DOF hereby reserves its rights to file a reply to any response filed by the Liquidating Trust with respect to the Cross-Motion. Service on DOF shall be proper only if made on counsel for DOF in this matter, Gabriela P. Cacuci, Assistant Corporation Counsel, the New York City Law Department, 100 Church Street, Room 5-223, New York, New York, 10007, gcacuci@law.nyc.gov.

Dated:    New York, New York
          April 6, 2011

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for the NYC Department of Finance
                                    100 Church Street, Room 5-223
                                    New York, New York 10007
                                    Tel.  (212) 788-0688
                                    Fax:  (212) 788-0937
                                    Email: gcacuci@law.nyc.gov

                            By:     /s/Gabriela P. Cacuci
                                    Gabriela P. Cacuci (GC-4791)

TO:

    PACHULSKI STANG ZIEHL & JONES LLP
    Jeffrey N. Pomerantz, Esq.
    Andrew W. Caine, Esq.
    10100 Santa Monica Boulevard
    Los Angeles, CA 90067-4100
    Tel. (310) 277-6910
    Fax: (310) 201-0760
    jpomerantz@pszjlaw.com
    acaine@pszjlaw.com

    TAVENNER & BERAN, PLC
    Lynn L. Tavenner, Esq.
    Paula S. Beran, Esq.
    20 North Eighth Street, 2nd Floor
    Richmond, Virginia 23219
    Tel. (804) 783-8300
    Fax: (804) 783-0178
    ltavenner@tb-lawfirm.com
    pberan@tb-lawfirm.com

    *Counsel for the Circuit City Stores, Inc.*
    *Liquidating Trust*

    Office of the US Trustee
    Robert B. Van Arsdale
    701 East Broad Street, Suite 4304
    Richmond, Virginia 23219
    Fax: (804) 771-2330

Dated: New York, New York
       April 6, 2011                                      /s/ Gabriela P. Cacuci
                                                          Gabriela P. Cacuci

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, Room 5-223
New York, New York 10007
Attorneys for the New York City
 Department of Finance
Gabriela P. Cacuci, Esq.
Tel. 212-788-0688
gcacuci@law.nyc.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------x
In re:

CIRCUIT CITY STORES, INC., et al.,

                        Debtors.
------------------------------------------------x

Chapter 11

Case No. 08-35653 (KRH)

Response Deadline: 4/7/2011, 4:00 p.m.
Hearing Date: 4/14/2010 at 2 p.m.

## CROSS-MOTION OF THE NEW YORK CITY DEPARTMENT OF FINANCE FOR LEAVE TO AMEND AND INCREASE TAX PRIORITY CLAIM NO. 2297, BASED ON RECORDS PRODUCED BY THE DEBTORS AFTER THE BAR DATE

TO:   THE HONORABLE KEVIN R. HUENNEKENS
       UNITED STATES BANKRUPTCY JUDGE

The New York City Department of Finance ("DOF") by its counsel, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby files its Cross-Motion for Leave to Amend and Increase Tax Priority Claim No. 2297 Based on Records Produced by the Debtors After the Bar Date (the "Cross-Motion") pursuant to 11 U.S.C. §§ 105, 501 and 502(b) and Fed. R. Bankr. P. 3003(c)(3), 7015 and 9006(b), 9014(c) in response to the Liquidating Trust's Objection to DOF's Claim No. 2297 for Pre-Petition Excise Taxes (the "Objection"). The Cross-

Motion is filed simultaneously with DOF's separate Response to the Liquidating Trust's Objection. In support thereof, DOF represents as follows:

### Background

1. DOF incorporates herein by reference the background and factual information set forth in its Response to the Liquidating Trust's Objection of the same date with this Cross-Motion. Capitalized terms used but not defined herein shall have the same meaning assigned to such terms in the DOF Response.

### ARGUMENT

2. Neither the Bankruptcy Code, nor the Bankruptcy Rules directly address amendment of a proof of claim. However courts have applied Fed. R. Civ. P. 15(c), pursuant to Fed. R. Bankr. P. 7015 and 9014(c), to analyze such an amendment noting that the same considerations are involved in both. See In re Enron Corp., 298 B.R. 513, 521 (Bankr. S.D.N.Y.), aff'd, Midland Cogeneration Venture Ltd. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115 (2nd Cir. 2005); In re Enron Creditors Recovery Corp., 370 B.R. 90 (Bankr. S.D.N.Y. 2007); In re Sage-Dey, Inc., 170 B.R. 46, 49 (Bankr. N.D.N.Y. 1994), citing In re Stavriotis, 977 F.2d 1202, 1204 (7th Cir. 1992); In re Integrated Resources, Inc., 157 B.R. 66, 70 (S.D.N.Y. 1993).

3. "The test under Rule 15 is basically the same as that developed in the case law for amending claims in bankruptcy; the original pleadings must give notice of the transaction or occurrence giving rise to the plaintiff's cause of action in the amended pleading and the amendment must not substantially prejudice the opposing party." In re McLean Indus., Inc., 121 B.R. 704, 710 (Bankr. S.D.N.Y. 1990).

4.  In a bankruptcy case, "amendment to a claim is to be freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." In re Integrated Resources, Inc., 157 B.R. 66, 70 (Bankr. S.D.N.Y. 1993), citing In re Int'l. Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985) (citations omitted). However, the court must subject post bar date amendment to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment. Id.

5.  The decision to grant or deny an amendment to a proof of claim is within the sound discretion of the bankruptcy judge. In re Integrated Resources, Inc., 157 B.R. 66, 69-70 (Bankr. S.D.N.Y. 1993); In re McLean Indus., Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990); Associated Container Transportation (Australia) Ltd. v. Black & Geddes, Inc. (In re Black & Geddes, Inc., 58 B.R. 547, 553 (Bankr. S.D.N.Y. 1983).

6.  Courts have applied a two-pronged test. In re McLean Indus., 121 B.R. at 708, citing In re G.L. Miller & Co., 45 F.2d 115 (2nd Cir. 1930); In re Black & Geddes, supra, 58 B.R. at 553; Sage-Dey, supra, 170 B.R. at 49; In re Osborne, 159 B.R. 570, 575 (Bankr. C.D. Cal. 1993), aff'd, B.R. (9th Cir. BAP 1994) (Table, No. CC-93-2191-JOME).

7.  Initially, the court must determine whether the proposed amended claim is reasonably related to a timely filed claim and not a veiled attempt to file a new claim. McLean Indus., 121 B.R. at 708; Black & Geddes, 58 B.R. at 553; In re Int'l. Horizons, Inc., 751 F.2d at 1216. "The second prong of the test is to be applied only if the first prong is satisfied and the claim qualifies as an amendment and not simply a new claim." McLean Indus., 121 B.R. at 708; Sage-Grey, supra, 170 B.R. at 49, citing, inter alia, Integrated Resources, supra, 157 B.R. at 70. It requires that the court determine whether a balancing of the equities supports the allowance of

the amendment. Id, citing In re Barton, 151 B.R. 110, 115 (Bankr. W.D. Mich. 1993) (citations omitted).

        8.      When balancing the equities, important factors include:

> (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of claimant; (3) whether other creditors would receive a windfall where the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed.

See Integrated Resources, 157 B.R. at 70, citing McLean Indus., 121 Bankr. At 708. "Put briefly, if an amendment does not seek recovery on any new or different claim, amendment will be liberally granted absent overriding equitable concerns." McLean Indus., supra. (citation omitted).

        9.      In McLean Indus., a personal injury creditor filed a timely claim listing $90,000 as the amount owed as a result of damage to his eyesight from a slip and fall. Subsequently, the creditor filed a second claim in the amount of $400,000 for damage to his vision resulting from the same injury. He did not seek leave to amend the original claim. In a rider attached to the original claim, the creditor indicated that the $90,000 figure represented his offer of settlement of his damage claim but that if the claim was not settled, he reserved his right to seek full measure of damages permitted by law. The court in McLean allowed the creditor to amend his original claim and increase the amount of the damages sought rejecting the Trust's prejudice and floodgate arguments.

        10.     Finding that the creditor satisfied the first prong of the test, the court in McLean Industries stated:

> The Amended claim does not add, delete, or otherwise change any fact set forth in the Original

> Claim. It arises out of the identical set of facts as the Original Claim.
>
> The only difference between the two claims is in the amount claimed as compensation: a change due to an increase in the severity of the injury resulting from the accident. Instead of seeking compensation for a percentage loss of vision in his left eye as requested in the Original Claim, Charles seeks, through the Amended Complaint, compensation for the complete loss of vision in his left eye.

Id., 121 B.R. at 709.

11. In McLean, the court concluded that the "amendment must be freely permitted unless the Trust can demonstrate overriding equities militating strongly against the amendment." Id. Significantly, the court rejected the Trust's argument of prejudice holding that such "alleged prejudice to the Debtor's estate [was not] sufficient to preclude amendment where no new claim is involved." Id. While in McLean there was no allegation that the amendment could upset a forthcoming distribution, such an argument, even if made in this case, should not tip the balance of equities in the Trust's favor because the predicament in which the Trust finds itself results completely and entirely from the Debtors' failure to file NYC tax returns for approximately 12 years pre-Petition.

12. The McLean court held that permitting the amendment in that case comported with the liberal test under Fed. R. Civ. P. 15 and was necessary to achieve justice because the facts had not changed. Only the amount of damages was increased. See S.S. Silberblatt, Inc. v. East Harlem Pilot Block Building 1 Housing Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979) (justice always requires granting amendment unless plaintiff is guilty of undue delay, bad faith, or amendment unduly prejudices opponent), cited by McLean Indus., 121 B.R. at 710.

13. Just as in McLean Indus., DOF here carried its burden of proof with respect to the first prong of the analysis because it is not asserting any new facts. Its proposed amendment of the original claim does not cover new taxes or new tax periods. DOF could not assert the higher amount earlier because, as explained in the Response, the Debtors are non-filers with respect to CRT and, therefore, DOF lacked the actual data necessary to assert a claim in the current amount. DOF's proposed amended claim is merely increasing the amount owed and that is because, as urged by the Trust, DOF is trying to correct its existing, estimated, claim based on the actual data, tax returns, lease information and other documents provided by the Debtors and/or the Liquidating Trust post-Petition, in response to DOF's Information Document Requests ("IDR"). Therefore, as in McLean, the burden shifts to the Trust to "demonstrate overriding equities militating strongly against the amendment." Id., 121 B.R. at 709.

14. DOF is not guilty of any undue delay or bad faith. Its original claim was filed timely and, DOF had no choice but to estimate the amount of its original claim because of Debtors' failure to file NYC CRT tax returns for the pre-Petition period in violation of their tax obligation under applicable non-bankruptcy law. The Debtors, on the other hand, are guilty of delay and misconduct and, therefore, the Trust, which stepped into their shoes, should be the responsible party for any damage resulting from an increase in the amount of DOF's proof of claim. Indeed, even now, the Debtors and/or the Trust are still refusing to provide DOF with all documents necessary in order for DOF to determine if the Debtors and/or the Liquidation Trust are in fact entitled to any refund for GCT, as claimed by the Trust in the Objection. Thus, the equities clearly favor DOF's amending its claim to increase the amount owed.

15. Considering the size of the Debtors' chapter 11 cases, the fact that the Debtors were able to confirm their plan, and the fact that the Debtors must have been aware of

their tax liability, DOF's proposed increase in the amount of its claim is not likely to cause any significant prejudice to the Debtors. Justice is not done if an innocent creditor, such as DOF, is precluded from amending its claim and asserting the actual tax liability owed to it, just because the Debtors failed to comply with their tax obligations to New York City. It would be inequitable to permit the Trust to benefit from the Debtors' wrongdoing, by arguing that DOF's original claim should be expunged when the Trust itself admits that the Debtors failed to keep appropriate books and records for the pre-Petition period and to file the necessary New York City CRT tax returns. It would also be improper to accept the Trust's argument that a setoff should be permitted with respect to its alleged claim for a Refund considering that the Trust (and/or the Debtors) have refused to produce any documents in response to DOF's Second IDR, thus preventing DOF from investigating if a Refund is owed at all.

16.     In In re Unroe, 937 F.2d 346, 349 (7th Cir. 1991), the court indicated that "examples of amendments permitted under Fed. R. Bankr. P. 7015 include correcting the amount of tax, penalties or interest claimed in a timely filed claim." Id. In that case, the IRS filed its amended proof of claim approximately two years after the bar date and confirmation of the debtors' Chapter 13 plan. The IRS had filed a timely proof of claim for income tax liabilities for 1982 but later sought to amend its proof of claim to include tax liabilities for 1983. While the court concluded that the untimely proof of claim was not an amendment permitted by Fed. R. Bankr. P. 7015, it continued its analysis to determine whether an equitable amendment should be allowed on the theory that the 1982 claim provided notice of the IRS' intent to collect for 1983 taxes as well. See Unroe, 937 F.2d at 350. The [Seventh Circuit] found that the bankruptcy court had not abused its discretion in permitting the IRS to amend its claim to include 1983 tax liabilities. Id., 937 F.2d at 351.

17. The Court of Appeals for the Second Circuit also permitted an amendment to a prior proof of claim filed pursuant to the New York State Unemployment Insurance Law in a case under former section 57(n) of the Bankruptcy Act. See Indus. Comm'r v. Schneider, 162 F.2d 847 (2d Cir. 1947). The amendment included taxes and interest for the periods July 1, 1943 to March 31, 1944, and October 1, 1944 to November 30, 1944. The court determined that the amendment simply corrected errors in the original proof of claim following the audit of debtor's books, which were shown to be inaccurate. The court based its decision on the "continuous nature of the taxpayer's (contributor's) statutory liability for taxes that accumulate as they accrue ...." Id., 162 F.2d at 849. See also McLean Indus., supra, and In re MacMillan, Inc., 186 B.R. 35, 49 (Bankr. S.D.N.Y. 1995) (allowing amendment where creditor's claims sought to recover the same legal fees and costs, albeit under different legal theories).

18. Noting the need to balance the equities and the competing public policies concerning the finality of the claim process and the liberal amendment rules of Fed. R. Bankr. P. 7015, see McLean, supra, 121 B.R. at 710, the bankruptcy court in Sage-Dey considered the five factors enumerated in In re Miss Glamour Coat Co., Inc., 80-2 U.S. Tax Cas. (CCH) P9737, 1980 WL 1668 (S.D.N.Y.), in determining whether to permit the IRS to amend its claim and whether such amendment would be "fair" to all parties. These factors are:

> 1. Whether the debtors and creditors relied upon the Government's earlier proofs of claim or whether they instead had reason to know that subsequent proofs of claim would follow upon completion of audit;
>
> 2. Whether the other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS' proof of claim;

> 3. Whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of taxes due;
>
> 4. The justification, if any, for the failure of the IRS to file for a time extension for the submission of further proofs of claim pending an audit; and
>
> 5. Whether there are any other considerations that should be taken into account in assuring a just and equitable result.

Id., Miss Glamour Coat, supra. As noted by the court in Sage-Dey, 170 B.R. at 51, these factors are often cited in cases involving amendments of claims filed by tax entities. See also, Unroe, supra, 937 F.2d at 350; Internat'l Horizons, supra, 751 F.2d at 1218; In re Miller, 118 B.R. 76, 80 (E.D. Tenn. 1989); Barton, supra, 151 B.R. at 115-116; In re Midwest Teleproductions Co., Inc., 69 B.R. 675, 677 (Bankr. N.D. Ohio 1987).

19. The Liquidating Trust here does not dispute that the Debtors were non-filers with respect to CRT for over a decade and, for certain pre-Petition periods, for GCT as well. This is evident from the Liquidating Trust's admission in the Objection at p. 14 that: "The Liquidating Trust has been unable to determine whether CCSI timely filed Commercial Rent Tax Returns with New York City for tax periods prior to May 31, 2001."; and from the Liquidating Trust's careful omission at p. 5, ¶¶ 14-16 of the Objection, where the Liquidating Trust refers to the fact that Debtors filed CRT returns for 2004-2009 and GCT returns for 2005-2008, but makes no mention of any CRT or GCT returns for the pre-Petition, pre-audit years of 1992-2001.

20. As shown in the Response to the Liquidating Trust's Objection filed contemporaneously herewith, the DOF CRT claim covers many pre-petition tax years, both prior and subsequent to, the 2002-2004 audit years. It is hard to believe that large corporations, such as the Debtors, that had extensive business dealings throughout the United States during the pre-Petition period, were unaware of their excise tax obligations to DOF for CRT and GCT.

Even though the Debtors succeeded in confirming a plan, their tax liability to DOF for the pre-Petition period during which they were non-filers is non-dischargeable under 11 U.S.C. §§ 1141(d)(3) and (d)(6).

21. Section 1141 (d)(3) provides that the confirmation of a plan "does not discharge a debtor" (without limiting it to an individual debtor) if –

> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
>
> (B) the debtor does not engage in business after consummation of the plan; and
>
> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

22. Also, Section 1141 (d)(6) further provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt –

> \*   \*   \*
>
> (B) for a tax ...with respect to which the debtor –
>
> ... (ii) willfully attempted in any manner to evade or defeat such tax ....

23. This Court could find that the debtors' failure to keep proper books and records and to file NYC CRT and GCT tax returns for over a decade was a willful attempt by the Debtors to evade or defeat their tax obligations to DOF. Section 727 of the Bankruptcy Code excepts from discharge debtors that are not individuals who, inter alia, have "failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;". See 11 U.S.C. § 727(a)(3). Similarly, on request of the trustee or a creditor, discharge could be revoked "if the

debtor has failed to explain satisfactorily – (B) failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit …". See 11 U.S.C. § 727(d)(4).

24. The facts that the Debtors were eventually audited by DOF for FY 2002-04, that the Debtors' tax liability for only those two fiscal years was substantial, that the Debtors settled with DOF accepting the audit results, as well as the fact that the Debtors started filing CRT and GCT tax returns subsequent to the audit, all point to and can be considered as evidence of the Debtors' willful disregard for their tax obligations for the tax years 1992-2001.

25. It should also be noted that the Debtors were slow to comply with their post-Petition obligations to provide documents to DOF in response to its First IDR and have so far failed to produce any records in response to DOF's Second IDR. The Debtors' failure to comply with their tax obligations pre-Petition coupled with their failure and refusal to comply with DOF's Second IDR, a request by a governmental unit for information, books and records, could constitute cause for discharge revocation.

26. DOF respectfully requests that in determining whether DOF should be permitted to amend its Claim to increase the amount due for CRT and GCT, as per the CRT Schedule, and in weighing the equities so that the amendment is "fair to all parties", the Court consider the Debtors' failure to comply with their obligations to keep books and records, file tax returns and pay taxes for over a decade pre-Petition, as well as the Debtors' total lack of response to the Second IDR

27. In light of this conduct, neither the Debtors, nor the Liquidating Trust, should be surprised that DOF would want to amend its Claim to incorporate the information the Debtors did provide DOF, albeit late, in response to the First IDR. Had the Debtors filed timely

CRT and GCT tax returns for the entire pre-Petition period, DOF could have used "actual data" as they now request, and there would have been no need to estimate taxes, to seek documents post-Petition pursuant to the First and Second IDR's or to seek to amend the Claim post-confirmation. In sum, the Debtors alone are responsible for this attempt to amend and increase post-confirmation the amount of the DOF Claim. The equities clearly favor DOF and, therefore, DOF should be permitted to amend its Claim to increase the amount of the CRT and GCT due.

B.  **Alternatively, DOF's Proposed Amended Claim in the Amount of $1.1 Million as Reflected on the CRT Schedule Should Be Allowed On Excusable Neglect Grounds**

28.  Bankruptcy Rule 3003(c) provides that, "for cause shown", a bankruptcy court "may extend the time within which proofs of claim or interests may be filed." If a creditor fails or is unable to file a proof of claim in a Chapter 11 case prior to the bar date set pursuant to Bankruptcy Rule 3003(c), and does not or cannot seek an extension of that deadline prior to its expiration, the creditor usually must establish "excusable neglect" under Bankruptcy Rule 9006(b) before the claim can be allowed. See 4 Collier on Bankruptcy ¶ 501.02[5][b][ii] (Matthew Bender & Co. 15th rev. ed. 1996).[1] The burden of proving excusable neglect is on the creditor. In re Keene Corp., 188 B.R. 903, 907, n. 2 (Bankr. S.D.N.Y. 1995).

29.  The Supreme Court considered the meaning of "excusable neglect" in Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd., 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993) and held that a determination of "excusable neglect" is an "equitable one, taking

---

[1] Fed. R. Bankr. P. 9006 governs the admission of late-filed new claims, as opposed to amendments. It provides that, "when an act is required or allowed to be done at or within a specified period ... by order of court, the court for cause shown may at any time in its discretion ...permit the act to be done where the failure to act was a result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395 (finding "excusable neglect" in the context of a late filed claim). The factors involved in this analysis include:

> [T]he danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. See also Rittmaster v. Painewebber Group, Inc. (In re Painewebber Ltd. Pshps. Litig., 147 F.3d 132, 135 (2d Cir. 1998) ("Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness …Hence, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control"); American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996) (finding "excusable neglect" in the context of a default judgment after examining (1) whether the default was willful; (2) whether the movant has a meritorious defense; and (3) the level of prejudice that may inure to the non-defaulting party if the relief is granted); Weinstock v. Clearly, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994).

30. The "excusable neglect" analysis involves consideration of similar equitable factors as the second-prong of the test governing amendments. In re Calpine Corp., 2007 U.S. Dist. Lexis 86514 (S.D.N.Y. 2007) at page *14 of the opinion. The justification for the delay is weighed most heavily in the "excusable neglect" analysis. Id., citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355 (2d Cir. 2003). While taking a "hard line" in applying the Pioneer test, the Second Circuit in Silivanch observed that in the "typical case", three of the Pioneer factors – "the length of the delay, the danger of prejudice, and the movant's good faith – usually weigh in favor of the party seeking the extension." Id., 333 F.2d at 366.

31. It also noted that the third factor, i.e., the reason for delay, including whether it was within the reasonable control of the movant, has been viewed as the most important factor by the Second Circuit and other circuits. Id. See Midland Cogeneration, supra, 419 F.2d 115, 122, in which the Second Circuit reviewed its prior decision in Silivanch. See also, Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001) ("The four Pioneer factors do not carry equal weight; the excuse for the late filing must have the greatest import"); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir.), cert. denied, 531 U.S. 929 (2000) ("At the end of the day, the focus must be upon the nature of the neglect"). Accord, In re National Spa & Pool Institute, 257 B.R. 784 (Bankr. E.D. Va. 2001) (listing the factors for determining whether a creditor's failure to file a timely proof of claim constitutes excusable neglect and observing that the determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission).

32. As discussed above, the reason for the delay in this case was the Debtors' failure to file New York City CRT tax returns for over a decade pre-Petition and its delay in complying with DOF's First IDR, as well as its continuing refusal to comply with the Second IDR. Debtors' and the Trust's conduct was and is clearly not within DOF's control. All DOF could do is estimate the claim when it did not have the benefit of the actual data, request the records that would provide actual data, as well as attempt to amend the claim once the actual data was furnished and only to the extent it was provided. Therefore, any danger of prejudice to the Debtors and the Trust is clearly outweighed by the Debtors' own unclean hands and refusal to cooperate with the taxing authorities in violation of their legal obligations under non-bankruptcy laws (pre-Petition) as well as 28 U.S.C. §§ 959 and 960, post-Petition.

**WHEREFORE**, The New York City Department of Finance respectfully requests that this Court (i) deny the Liquidating Trust's Objection with respect to DOF's Claim No. 2297; and if the DOF Claim is not allowed in full, as filed (ii) grant DOF's Cross-Motion for Leave to Amend Its Claim to Increase the Amount of the Claim to $1.1 million, as reflected in the CRT Schedule annexed as Exhibit C to the DOF Response to the Liquidating Trust's Objection to Claim 2297; and (iii) grant such other and further relief as the Court may deem just and proper under the circumstances.

Dated:    New York, New York
          April 6, 2011

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                  City of New York
                              Attorney for the New York City
                                  Department of Finance
                              100 Church Street, Room 5-223
                              New York, New York 10007
                              Tel.    (212) 788-0688
                              Fax:    (212) 788-0937
                              gcacuci@law.nyc.gov

                By:    /s/Gabriela P. Cacuci
                              Gabriela P. Cacuci (GC-4791)

## CERTIFICATE OF SERVICE

I, Gabriela P. Cacuci, an attorney admitted to practice before the courts of the State of New York with an Application for Admission Pro Hac Vice pending before this Court, do hereby certify that on April 6, 2011, I served true copies of the foregoing Cross-Motion of the New York City Department of Finance for Leave to Amend and Increase Tax Priority Claim No. 2297, Based on Records Produced by the Debtors After the Bar Date, dated April 6, 2011, by facsimile and/or electronic transmission on the parties listed below:

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
Tel. (310) 277-6910
Fax: (310) 201-0760
jpomerantz@pszjlaw.com
acaine@pszjlaw.com

TAVENNER & BERAN, PLC
Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Tel. (804) 783-8300
Fax: (804) 783-0178
ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

Office of the US Trustee
Robert B. Van Arsdale
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Fax: (804) 771-2330

Dated: New York, New York
April 6, 2011

/s/ Gabriela P. Cacuci
Gabriela P. Cacuci