John A. Howell (VSB No. 15081)

SULLIVAN & WORCESTER LLP

1666 K Street, NW

Washington, DC 20006

(202) 775-1200

Patrick P. Dinardo

Christopher M. Gosselin

SULLIVAN & WORCESTER LLP

One Post Office Square

Boston, MA 02109

(617) 338-2800

*Counsel to Staples the Office Superstore East, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 |
| et al. | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

RESPONSE BY STAPLES THE OFFICE SUPERSTORE EAST, INC.
TO LIQUIDATING TRUST'S SEVENTEENTH AND TWENTIETH
OMNIBUS OBJECTIONS TO LANDLORD CLAIMS

Staples the Office Superstore East, Inc. ("Staples"), by and through its attorneys, Sullivan

& Worcester LLP, hereby responds to the Seventeenth and Twentieth Omnibus Objections to

Landlord Claims (the "Objections") of the Circuit City Stores Liquidating Trust (the

"Liquidating Trust"), stating as follows:

JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).  Venue is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned

cases (the "Debtors") filed voluntary petitions in this Court for relief under Chapter 11 of the

Bankruptcy Code.[1]

3.      Prior to the Petition Date, Staples entered into three separate sublease agreements

(the "Subleases") with the Debtors in Skokie, IL, Catonsville, MD, and Fayetteville, NC.  Each

of the Subleases is listed in the Debtors' Schedule G.

4.      During the course of this bankruptcy case, the Debtors have taken action with

respect to each of the Subleases.  The Skokie, IL, Sublease was rejected by the Debtors.  The

Catonsville, MD, and Fayetteville, NC Subleases were assumed and sold to third parties.

5.      Shortly after learning that the Skokie, IL Sublease had been rejected, Staples filed

a timely proof of claim (Claim No. 9985) (the "Proof of Claim") on January 30, 2009, for

contingent and unliquidated damages.  See Attached as Exhibit A.  The Proof of Claim reserved

all rights Staples had, in law and equity, including but not limited to the right to amend the Proof

of Claim as necessary, and further reserved any and all rights Staples had to assert additional

claims against the Debtors' estate.

6.      On September 9, 2009, after learning that the Catonsville, MD, and Fayetteville,

NC Subleases had been assumed and sold to third parties, Staples filed an amended proof of

claim (Claim No. 14622) (the "Amended Proof of Claim") asserting its claim for $16,650.18 in

attorneys' fees related to the Debtors' rejection and/or sale of the Subleases.  See Attached as

Exhibit B.  Staples attached an addendum to the Amended Proof of Claim highlighting identical

---

[1] Unless otherwise indicated, in this Response the terms "Bankruptcy Code", "section" or "§" shall refer to
Title 11 of the United States Code, 11 U.S.C. § 101 et seq.

2

language found in each of the Subleases which clearly grants Staples a claim for attorneys' fees.

The language reads as follows:

> Section 14.11. Attorneys Fees. In the case of any dispute among the parties, the prevailing party shall be entitled to reimbursement for its reasonable costs, including reasonable attorneys' fees, incurred in any such dispute.

7.      Recently, on February 28, 2011, the Liquidating Trust filed the Objections. These

Objections seek to have both the Proof of Claim and the Amended Proof of Claim disallowed.

The Objections seek to have the Proof of Claim disallowed because it was superseded by the

Amended Proof of Claim. See Exhibit G to each Objection. Additionally, and seemingly

without regard for the contractual language cited above, the Objections seek to have the

Amended Proof of Claim disallowed because the Debtors' books and records reflect no liability.

See Exhibit E to each Objection. Neither of the Objections lays out the 'books and records'

argument of the Liquidating Trust with any particularity.

## ARGUMENT

8.      Staples is entitled to allowance in full of its Amended Proof of Claim, which does,

as the Debtors' Objections indicate, supersede the Proof of Claim. There is no viable legal

argument that Staples, a non-debtor party to Subleases which have been either assumed or

rejected, is not entitled to assert a claim against the Debtors' estate to the extent that such claim

exists under the relevant contracts.

9.      Under § 365(g) "[w]hen the debtor in possession exercises such right [to reject],

either prior to plan confirmation or under a confirmed plan, the rejection is treated as a

prepetition breach. The result is that any damages resulting from the breach are treated as a

general unsecured claim." In re Dornier Aviation (North America), Inc., Nos. 02-82003-SSM,

02-82004-SSM, 2002 WL 31999222, *2 (Bankr. E.D. Va. Dec. 18, 2002). As such, Staples is

{B1260765; 1}

entitled to a general unsecured claim for any damages arising on account of the rejection of the

Skokie, IL, Sublease, including attorneys fees.

10.    Similarly, § 365(b)(1)(B) indicates that as a requirement of assumption of a lease,

a debtor must "compensate all non-debtor parties for actual pecuniary losses that have resulted"

from the default.  Adventure Resources, Inc. v. Holland, 137 F.3d 786, 798 (4th Cir.), cert.

denied, 525 U.S. 962, 119 S. Ct. 404 (1998).  These pecuniary losses may include attorneys fees.

See Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.), 167 F.3d 843, 849 (4th Cir.

1999) ("Attorneys' fees incurred in attempting to collect sums due from debtors following

default may be recovered as pecuniary loss under § 365(b)(1)(B) if such monies were expended

as the result of a default under the contract or lease between the parties and are recoverable under

the contract and applicable state law.").  The Catonsville, MD, and Fayetteville, NC Subleases

each contain an applicable "Attorneys Fees" provision.  As such, Staples is entitled to a claim for

its attorneys' fees as actual pecuniary losses expended as a result of the Debtors' default under

these Subleases which the Debtors' assumed.

11.    There is equally no viable factual argument that Staples is not entitled to assert a

claim for attorneys fees against the Debtors' estate.  As the Attorneys Fees provision cited above

clearly indicates, the Subleases each provide for just such a claim.  Upon request of the Debtors,

and in accordance with paragraph "d." of the notice accompanying each of the Objections,

Staples is willing to provide copies of all three Subleases to the Debtors should the require

further verification.

{B1260765; 1}

## CONCLUSION

WHEREFORE, Staples respectfully requests that the Court (i) deny the relief requested

by the Debtors' Objections with respect to Staples' Amended Proof of Claim; (ii) allow Staples a

general unsecured claim in the total amount of $16,650.18; (iii) direct the Debtor to make prompt

payment to Staples on a pro rata basis at such time that the Debtors make payments on other

general unsecured claims; and (iv) grant such other and further relief as is just and proper.

Dated:  April 6, 2011

Respectfully submitted,

*John A. Howell*

John A. Howell (VSB No. 15081)
SULLIVAN & WORCESTER LLP
1666 K Street, NW
Washington, DC 20006
(202) 775-1200
(202) 293-2275
jhowell@sandw.com

-and-

Patrick P. Dinardo
Christopher M. Gosselin
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800
(617) 338-2880 (fax)
pdinardo@sandw.com
cgosselin@sandw.com

{B1260765; 1}