Dear Bankruptcy Courts/To Whom It May Concern,                APRIL 1st, 2011
RE: Appeal/Evidence of Claim/Labor Code 226.7 Violations
CLAIMANT: PATRICK GERALD KENNEDY
CASE NO: 08-35653
CLAIM: 4441

Below is another example of a 2 week pay period where I was not given a rest and/or meal period(s). As you can see there are several days where no lunches occurred at all and/or they were not as long as they should have been because of the total amount of hours worked in a given day/shift. Circuit City to this day refuses to furnish me with official copies of my time sheets which is further evidence that they wish to cover up California Labor Code 226.7 violations. I posses hand written copies of all the days and times that I worked, as well as some of my official Circuit City time sheets, showing the days I worked works, when I clocked in and out each day, as well as when a meal period was or was not given. Previously I have submitted documents to the courts that prove that meal and rest period violations took place in greater detail. I have also previously included copies of my paystubs which show the total amount of hours worked in a 2 week period, which is substantially more than 80 hours to show the excessive workload I had at the time when the majority of the meal and rest period violations took place. This evidence was also presented to the DLSE, but then Circuit City filed for bankruptcy and I had to re-file. If opposing counsel wishes to challenge the validity of any of the dates below, or that a meal period was given when in fact it wasn't, please have them turn over copies of all my time sheets to the courts. If they do this, you will see the huge amount of California Labor Code 226.7 violations that took place while I was employed by them OCTOBER 2006 through July 22nd, 2008. If you have any questions about the information below, please contact me immediately so I can clarify. Thank you for your time.



```
DATE       IN      OUT    IN     OUT    TOTAL
03/29/07:  8:54    4:06   4:41   7:32   (10)     NO 2nd MEAL
03/30/07:  10:45   5:03   5:35   7:07   (7.75)
03/31/07:  9:00    4:20   4:50   7:50   (10.25)  NO 2nd MEAL
04/01/07:  6:55    4:12   4:42   8:55   (13.50)  NO 2nd MEAL
04/02/07:  12:27   9:33                 (9)      NO MEAL
04/03/07:  8:50    5:16   5:38   8:20   (11.25)  NO 2nd MEAL
04/04/07:  8:50    7:43                 (11)     NO MEAL
04/05/07:  8:49    7:11                 (10.25)  NO MEAL
04/06/07:  10:17   5:53   6:25   8:55   (10)     NO 2nd MEAL
04/07/07:  9:06    1:01                 (4)
04/09/07:  11:30   6:13   6:47   8:49   (8.75)
04/10/07:  8:52    6:32   7:03   8:43   (11.25)  NO 2nd MEAL
04/11/07:  8:53    9:50                 (13)     NO MEAL
04/12/07:  8:50    3:34   4:07   6:03   (8.75)
04/14/07:  8:59    4:42   5:12   5:34   (8)
04/15/07:  8:58    5:01   5:37   7:14   (9.75)
04/17/07:  8:53    4:31   5:03   6:08   (10.50)  NO 2nd MEAL
04/18/07:  8:49    7:17                 (10.50)  NO MEAL
04/19/07:  8:53    5:38   6:10   7:56   (10.50)  NO 2nd MEAL
04/20/07:  1:46    7:06   7:37   10:30  (8.25)
04/21/07:  8:48    8:30                 (11.75)  NO MEAL
04/22/07:  8:49    9:14                 (12.50)  NO MEAL
04/23/07:  1:25    9:47                 (8.25)   NO MEAL
04/24/07:  8:38    8:34                 (12)     NO MEAL
04/25/07:  8:42    6:10   6:34   9:47   (12.75)  NO 2nd MEAL
```

For additional evidence please see EXHIBITS C-2011, D-2011, E-2011, F-2011, G-2011, H-2011, I-2011, J-2011K-2011, L-2011, M-2011, N-2011, O-2011, P-2011, Q-2011, R-2011, S-2011, T-2011, U-2011, V-2011, as well as the corresponding evidence I previously submitted when I filed with the bankruptcy courts January of 2009. These exhibits represent actual copies of official Circuit City Time Sheets, showing days and times that I worked. If opposing counsel objects to the validity of the evidence that I have presented herein, please have them submit their own documentation in the form of my official time sheets for cross examination. This will prove once and for all if and when a California State Labor Code 226.7 meal period violation took place. Any documents that counsel for Circuit City have in the form of official time sheets, will only prove my case for me, so they will not supply the courts with them, even if you were to order them to do so.

If and when the time comes, I would like to appear or testify by phone if that is possible. Though I am not sure as to the exact procedure as I have never done this before.

Sincerely,

*[signature]*

CLAIMANT: PATRICK GERALD KENNEDY
PO BOX 280281
Northridge, Ca 91328-0281
PHONE: (818) 793-6643
EMAIL: patgenken@yahoo.com
CASE NO: 08-35653
CLAIM: 4441

Dear Bankruptcy Court/To Whom It May Concern,                                              APRIL 1st, 2011
CLAIMANT: PATRICK GERALD KENNEDY
CASE NO: 08-35653
PRF: 38043
CLAIM: 4441

    The following documents/evidence was previously submitted to the courts in January of 2009. It lists the actual dates for which a **California State Labor Code 226.7 violation** took place. I fully understand that the burden of proof for my claim rests mainly on me and that 10 minute rest period violations aspect of my claim is essentially my word against Circuit City's or here say. If my case had gone through the DLSE as originally intended, I would have presented my case and evidence in person, along with eye witness accounts, declarant statements, personal testimony as well as a multitude of original documents for the judge to inspect. But in regards to meal period violations, I possess actual, definitive proof that these violations took place. I have in my possession a great deal of official Circuit City employee time sheets. These documents were printed on a bi- weekly basis & clearly show the dates and amount of time employees worked, as well as whether or not they in fact received a meal period. For the days I was not able to get a copy of my official time sheets (we were forbidden from photo copying them for ourselves and had to do it covertly), I have hand copied notes of the days/times I clocked in or out on any given day during my entire length of employment. If opposing counsel for Circuit City wishes to dispute any of the dates where a 30 minute rest period violation too place, than please ask them to furnish your honor or the courts with a complete copy of my official time sheets. These documents, if Circuit City would ever deem to release them to you or me, will only support my claim. As such I do not believe opposing counsel will deliver these documents to you or me, which pertains to another part of my claim, **California State Labor Code 226(f)**. I have been trying to get copies of my personnel files and time sheets for years now and Circuit City has ignored my every request. They even ignored official requests from a DLSE deputy officer officially requesting them on my behalf.

    As such if the courts wish to dismiss some aspects of my case because of lack of evidence or support because I cannot present my case and further evidence in person, I do ask that my case proceed with the remaining aspects that cannot be ignored, discredited or disallowed. Such as the actual time sheets I submitted to the courts showing the date where a 30 minute meal period was not given. These time sheets cannot be disputed as they are copies of the official Circuit City Time Sheets used for their own record keeping and payroll. I have also sent in numerous written requests for my personnel files which have all gone unanswered. These requests were sent via certified or registered mail, for which I have supplied the courts with copies/documentation to prove these were sent and received by Circuit City. The penalty for not sending me copies of my personnel file within 21 days of my written request is **$750.00** I also submitted evidence that my last day of employment with Circuit City was July 22nd, 2008, by way of a copy of a letter from Circuit City's official insurance carrier. I also submitted a copy of the last paycheck I ever received from Circuit City dated **August 12th, 2008**, that was mailed to my PO BOX. The post mark date on the mailed check is **August 15th, 2008**. This date is 25 days after my last day of employment with Circuit City, and even if you do not consider the amount of missing faxed in hours or PTO accrued by not credited to me from said hours, **I was still paid 25 days after my last day of employment.** I submitted copies of the check, the check number and the dates so all of these things can be verified by the courts if they wish (You have my permission to access any personnel records of mine you deem fit to help support my claim). This is **$2420.00** worth of penalties associated with a **California State Labor Code 203 violation** of 25 days. As such the bare minimum I should be legally entitled to is **$3170.00** for California Labor Code 203 and 226(f) violations. This amount does not even include all the missing faxed in hours and the accrued PTO I was not given, credited for, nor paid for upon my last day of employment. Nor does this number represent any of the California State Labor Code 226.7 violations, for which I have submitted actual indisputable proof/evidence in the way of official Circuit City time sheets. This case has been going on for years now, and I just wish to resolve the matter and will respect the court's decision in this matter, but please take into consideration all facts which actually support my claim. I understand that some aspects of my claim can or will most likely be thrown out because of the burden of proof issue and Circuit City's refusal to turn over certain documents, but some of them cannot be easily dismissed. If you have any questions for me, please contact me immediately and I will do whatever I can to rectify the

problem. I also wish to appear by telephone if and when the need might arise because I am currently living in the Los Angeles area, and cannot make a personal appearance in court.

CLAIMANT'S RATE OF PAY:
OCT 1st, 2006 till Apr 25th, 2007:     $11.00 per Hour
APR 26th, 2007 till OCT 24th, 2007:   $11.50 per Hour
OCT 25th, 2007 till APR 23rd, 2008:   $11.75 per Hour
APR 24th, 2008 till JULY 22nd, 2008:  $12.10 per Hour

**DATES 226.7 REST PERIOD VIOLATION TOOK PLACE:**
10/02/06, 10/06/06, 10/29/06, 11/26/06, 11/28/06, 11/29/06, 12/03/06, 12/05/06, 12/22/06, 01/07/07, 01/14/07, 01/23/07, 02/04/07, 02/14/07, 02/20/07, 02/27/07, 02/28/07, 03/02/07, 03/03/07, 03/10/07, 03/13/07, 03/14/07, 03/17/07, 03/20/07, 03/25/07, 03/29/07, 03/31/07, 04/01/07, 04/02/07, 04/03/07, 04/04/07, 04/05/07, 04/06/07, 04/09/07, 04/10/07, 04/11/07, 04/12/07, 04/15/07, 04/17/07, 04/18/07, 04/19/07, 04/20/07, 04/21/07, 04/22/07, 04/24/07, 04/25/07, 04/26/07, 04/27/07, 04/28/07, 04/29/07, 09/25/07, 05/10/07, 05/11/07, 05/12/07, 05/15/07, 05/16/07, 05/17/07, 05/18/07, 05/19/07, 05/22/07, 05/23/07, 05/25/07, 05/27/07, 05/28/07, 06/14/07, 06/17/07, 06/21/07, 06/24/07, 09/18/07, 09/27/07, 10/16/07, 10/21/07, 10/23/07, 10/24/07, 10/29/07, 11/18/07, 12/11/07, 12/12/07, 12/21/07, 12/22/07, 12/27/07, 01/02/08, 01/23/08, 02/24/08, 03/02/08, 03/09/08, 03/16/08, 03/30/08, 04/06/08, 04/12/08, 04/13/08, 05/29/08, 06/18/08,

46 x $11.00 per Hour =$506.00
28 x $11.50 per Hour =$322.00
13 x $11.75 per Hour =$152.75
6  x $12.10 per Hour =**$1053.35**
TOTAL REST PERIOD HOURS: 93

**DATES 226.7 MEAL PERIOD VIOLATION TOOK PLACE:**
10/29/07, 02/14/07, 02/20/07, 03/25/07, 03/26/07, 03/29/07, 03/31/07, 04/01/07, 04/02/07, 04/03/07, 04/04/07, 04/05/07, 04/06/07, 04/10/07, 04/11/07, 04/18/07, 04/19/07, 04/21/07, 04/22/07, 04/23/07, 04/24/07, 04/25/07, 04/26/07, 04/27/07, 04/28/07, 04/29/07, 05/10/07, 05/11/07, 05/12/07, 05/15/07, 05/16/07, 05/17/07, 05/18/07, 05/19/07, 05/22/07, 05/23/07, 11/10/07, 11/17/07, 11/18/07, 12/21/07, 12/22/07, 12/23/07, 12/27/07, 12/31/07, 01/22/08, 01/24/08, 01/27/08, 01/30/08, 02/17/08, 02/27/08, 03/04/08, 03/11/08, 05/26/08.

22 x $11.00 per Hour=$242.00
14x $11.50 per Hour= $161.00
16x $11.75 per Hour= $188.00
1 x $12.10 per Hour= $12.10
TOTAL MEAL HOURS: 53
MEAL PERIOD TOTAL=**$603.10**
COMBINED 226.7 VIOLATIONS: 146 hours
COMBINED TOTAL FOR BOTH=**$1656.45**

*\*If opposing counsel objects to any of the above dates, especially those where a meal period violation took place, please have them furnish their own copies to support their objection. Opposing counsel will not be able to find any fault with the above dates in regards to meal period violations and I ask that they prove they didn't take place by actually submitting my time sheets to the courts if they wish to object. Opposing counsel appears to be objecting to everyone's claims, regardless of the validity, just to object.*

IMPORTANT EVIDENCE TO CONSIDER/VIEW:

All faxed in missing hours were signed by managers and confirmed as received

| FAXED HOURS: | FAXED ON | SEE EXHIBIT | CONFIRMATION |
|---|---|---|---|
| 12h 40m | 10-04-2006 | EXHIBIT B-2011 | YES |
| 6h | 03-29-2007 | EXHIBIT Y-2011 | YES |
| (2nd attempt) | 04-08-2007 | EXHIBIT F6-2011 | YES |
| (3rd attempt) | 04-18-2007 | EXHIBIT Z-2011 | YES |
| 2h | 03-13-2008 | EXHIBIT F5-2011 | YES |

**TOTAL HOURS FAXED: 20h40m**
**TOTAL PTO** hours for faxed in missing hours=.097x20.40=1.9788 hours of unpaid PTO
**CIRCUIT CITY PTO PROCEDURES**       EXHIBIT P3-2011 (Regarding PTO formula)
Less 11.25 hours paid 03-21-2008       EXHIBIT P1-2011 (Check # 4976765)
**REMAINING UNPAID HOURS TOTAL=9h15m**

*\*If counsel wishes to challenge this amount, please have them submit the date(s) and check number or numbers where the claimant was paid for the above faxed in missing hours. All faxes were listed as received by Circuit City payroll and were signed by Circuit City managers at the time. Claimant received one partial payment for some of his faxed in hours, but no PTO was credited him for said faxed in hours. All worked performed by the claimant should have earned him PTO hours.*

**CERTIFIED/REGISTERED MAIL REQUESTS FOR PERSONNEL FILES:**
| CLAIMANT REQUESTS | SEE EXHIBIT |
|---|---|
| December 20th, 2007 | EXHIBIT R3-2011 |
| March 15th, 2008 | EXHIBIT R2-2011 |
| March 21st, 2008 | EXHIBIT R4-2001 |
| March 24th, 2008 | EXHIBIT R4-2011 |
| January 14th, 2009 | EXHIBIT R4-2011 |
| **DLSE FORMAL REQUEST** | **SEE EXHIBIT** |
| March 13th, 2008 | EXHIBIT R1-2011 |

CIRCUIT CITY CORPORATE DOCUMENT SHOWING ADDRESS FOR PERSONNEL FILES
                                        EXHIBIT R5-2011
**CALIFORNIA STATE LABOR CODE 226(f) VIOLATION: $750 penalty**

*\*If opposing counsel wishes to object to this portion of the claim, please have them provide proof that they sent the claimant's personnel files to him with 21 days of receiving any of the written requests, in the form of a certified or registered mail receipt from the post office as well as containing the claimant's signature.*

**LAST DAY OF CLAIMANT'S EMPLOYMENT:**       **SEE EXHIBIT**
July 22nd, 2008                                     EXHIBIT T1-2011
July 22nd, 2008                                     EXHIBIT T2-2011
Circuit City's official insurance carrier informs claimant of his termination on July 22nd, 2008
July 31st, 2008                                     EXHIBIT T4-2011
Circuit City Woodland Hills, California store 0419 manager Andrew Hochman sends a letter dated July 31st, 2008 informing the claimant his employment would be terminated 3 days after having receiving the letter if claimant does not contact store. The claimant was on a pre approved in writing vacation and only reachable via email at the time of his vacation out of country. SEE **EXHIBIT T3-2011**. Employee was terminated 9 days before the letter was written or sent. This document proves dishonesty on the part of Circuit City managers and wrongful termination.
**PAY RATE AT TIME OF TERMINATION**       EXHIBIT W-2011

**DATE OF CLAIMANTS LAST CHECK:**       **SEE EXHIBIT**
Postmark date on check August 15th, 2008       EXHIBIT T5-2011
Date last check was issued August 12th, 2008   EXHIBIT T6-2011

The Claimant's last check from Circuit City was issued, sent, post marked, and received by the claimant more than 25 days after his last day of employment with Circuit City. It contained part, but not all of the PTO the claimant had worked for/earned during his employment with Circuit City. This is a clear **California State Labor Code 203 violation**. The Claimant is entitled to no less than 25 days of the full 30 day maximum waiting penalties associated with such a violation (This amount is $2420.00 for 25 days and $2904.00 for the full 30 days).

*If opposing counsel wishes to object to the claimant's assertion that he was paid after his last day of employment and/or that a California Labor Code 203 violation took place. Please have them submit proof in the form of a pre dated check which contains all the claimants previously unpaid hours worked, faxed in, as well as the subsequent accrued PTO. The check and check number the claimant supplied the courts with copies or are dated and can be verified verify easily by the courts if necessary. They prove beyond a shadow of a doubt that the claimant was and is still owed monies in accordance with a California State Labor Code 203 Violation. Circuit City Woodland Hills, California store 0419 had to pay 3 separate employees from the same store the claimant worked in for the same 203 labor code violation. As such Circuit City was clearly aware of the law in this regard and simply chose to ignore it. Please see Exhibit D3-2011, which is a declaration from a former employee.*

As I understand it from reading the documents that were sent to me, the burden of proof for my claim lies mostly with me. I hope I have provided the courts with enough information and evidence for them to see that California State Labor Codes 226.7, 226(f) and 203 were clearly violated along with my rights as an employee within Circuit City. In the documents I was given regarding the objection to my case, opposing counsel for Circuit City asserts that their documents show that I am not owed anything at this time, yet no copies of the documents they are relying on were presented to me. I believe this is because they do not possess any such documents, and/or any documents they do have will only support my claim. If they ever turned over (all of) the official time sheets I have been requesting for years now, said documents would only show just how many meal period violations there actually were (probably more than in my claim). It is also my strong belief that counsel for Circuit City is trying to blanketly object to any and all claims, regardless of evidence, in order to reduce the amount they have to pay. A company should not be able to skirt it's legal or financial obligations just because it filed for bankruptcy. I worked hard for them and for my subsequent paycheck, and I will not simply give up. Especially after such a long fight as it were. Please keep me informed as to the status of my case, as I am anxious to resolve this matter once and for all. I thank you for your time and effort on my behalf.

P.S. Am I able to legally or officially request copies of opposing counsel's supposed documents they are using to support their case since I had to send them copies of mine? Please let me know, as I think it would help to speed things up. I thank the courts for it's time in this matter.

Sincerely,

CLAIMANT: PATRICK GERALD KENNEDY
PO BOX 280281
Northridge, Ca 91328-0281
PHONE: (818)793-6643
EMAIL: patgenken@yahoo.com
CASE NO: 08-35653
CLAIM: 4441