IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | CASE NO. 08-35653 |
| et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

RICHMOND DIVISION
FILED APR 7 2011
CLERK
US BANKRUPTCY COURT

**RESPONSE TO LIQUIDATING TRUST'S FOURTEENTH
OMNIBUS OBJECTION TO CLAIMS 8276 AND 12371**

G.B. Evansville Developers, LLC ("Landlord") states the following as its response to the *Liquidating Trust's Fourteenth Omnibus Objection to Landlord Claims* ("Fourteenth Objection") as it relates to Claim Nos. 8276 and 12371:

**A.    Background.**

1. Landlord and Circuit City Stores, Inc. ("Debtor") entered into a Lease ("Lease") dated May 22, 1996 for the lease of a certain one-story retail building located in the Lloyd Crossing Shopping Center in Evansville, Indiana to be used as a Circuit City Superstore (Store No. 03621) ("Leased Premises"). (A copy of the Lease is available to the Court and the Trustee upon request).

2. Pursuant to the Lease, the Debtor was obligated to pay (a) monthly base rent in the amount of $44,858.05, (b) the Debtor's share of common area maintenance ("CAM") charges; and (c) the Debtor's pro rata share of real estate taxes. The Debtor also had the obligation of maintaining exterior and interior non-structural elements of the Leased Premises, including repairs and/or replacements of plumbing, heating, electrical and air conditioning.

3. The Debtor filed its bankruptcy case on November 10, 2008 (the "Petition Date").

1

4.The Lease was rejected by the Debtor effective February 23, 2009 (the "Rejection Date"). (See *Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property* entered in this matter on March 3, 2009 [Docket No. 2400]).

5.On March 25, 2009, the Court entered a *Stipulation and Order* [Docket No. 2762] providing in relevant part:

> *All* rejection damage claims with respect to leases rejected pursuant to . . . an order of this Court entered on or after March 1, 2009 and prior to April 1, 2009, authorizing the rejection of one or more unexpired leases of nonresidential real property shall be deemed timely filed if filed on or before April 30, 2009, regardless of whether or not April 30, 2009 is more than thirty days after the applicable order is entered or the applicable notice is given.

(*Stipulation and Order*, Para. 5.)

6.Therefore, the Landlord had up to and including April 30, 2009 to file its rejection damage claim.

**B.Proofs of Claim filed by Landlord.**

7.On January 30, 2009, the Landlord filed Claim No. 8276 in the amount of $78,086.72 for unpaid rent, CAM, real estate taxes and other costs due to the Landlord by the Debtor for November, 2008 as of the Petition Date pursuant to Section 502(b)(6)(B) of the Bankruptcy Code. Claim No. 8276 can be broken down as follows:

| | |
|---|---|
| November Rent Due November 1 | $44,858.05 |
| November CAM Due November 1 | $ 1,700.00 |
| November Tax Installment | $31,528.67 |
| Total | $78,086.72 |

8.     On April 24, 2009, the Landlord filed Claim No. 12371 (as an amendment to Claim No. 8276) in the amount of $652,614.57 for its one-year rejection damages under the Lease pursuant to Section 502(b)(6)(A) of the Bankruptcy Code. Claim No. 12371 can be broken down as follows:

| | |
|---|---|
| Future Rent | $538,296.60 ($44,858.05 x 12) |
| Estimated Taxes for 2009 | $59,858.56 |
| Estimated CAM for 2009 | $34,459.41 |
| Estimated repair to HVAC Units | $20,000.00 |
| TOTAL | $652,614.57 |

9.     On June 30, 2009, the Landlord filed Claim No. 14082 as an administrative expense claim for rent, CAM, real estate taxes and other costs due to the Landlord under the Lease from the Petition Date to the Rejection Date in the amount of $54,440.40.

10.    The Landlord reserved its right in Claim No. 12371 to further amend or supplement its proof of claim as deemed necessary by the Landlord to quantify and/or correct amounts.

C.     **Response to Objection to Claim Nos. 8276 and 12371.**

11.    In the Fourteenth Objection, the Trustee (a) seeks to expunge all of Claim No. 12371 for the reason that it was filed after the bar date; and (b) asserts a books and records objection to Claim No. 8276 seeking to reduce the claim to $13,967.42.

12.    The Landlord objects to this treatment of both claims.

13.    First, Claim No. 12371 was an amendment to Claim No. 8276 and was filed before the April 30, 2009 rejection bar date. (*Stipulation and Order*, para. 5). For these reasons,

3

claim No. 12371 should not be expunged as a late-filed claim.

14. Second, the Landlord does not agree with the books and records objection as to Claim No. 8276.

15. In order to resolve both claims on the merits, the Landlord has re-calculated the amount due under the Lease for both its prepetition damages from November 1, 2008 to November 10, 2008 under Section 502(b)(6)(B) of the Bankruptcy Code ("Prepetition Damages") and its one-year rejection damages under Section 502(b)(6)(A) of the Bankruptcy Code ("Rejection Damages"). Attached hereto as **Exhibit A** is a re-calculation of the Landlord's Prepetition Damages and Rejection Damages.[1] A re-calculation was necessary due to shortfalls on estimated CAM projections, the receipt of actual real estate tax bills and a new tenant occupying the Leased Premises.

16. The Prepetition Damages calculation (first column titled, "Prepetition Amounts") can be summarized as follows:

(a) The Landlord is entitled to an administrative expense claim for rent, CAM, real estate taxes and other costs from the Petition Date to the Rejection Date. The Prepetition Damages, therefore, only includes the rent, CAM and real estate taxes from November 1, 2008 to the Petition Date.

(b) The estimated projected budget for 2008 CAM was significantly under budget for the Leased Premises. The Debtor occupied 11.49% of the total shopping center and, therefore, was responsible for 11.49% of the shortfall, or $17,459.41 for the calendar year. The $15,019.38 in the Prepetition Damages column constitutes this shortfall.

(c) Indiana taxes are billed in two installments (in May and November) and paid in arrears. Therefore, the Debtor was responsible for the 2007 November installment of taxes to be paid in November of 2008 as well as both installments of 2008 taxes to be paid in May and November of 2009. This amount is represented by the $31,528.67 and $49,656.72 in the Prepetition Damages

---

[1] Due to the volume of the back-up information with respect to Exhibit A, the Landlord has not attached the back-up information. Copies of the back-up information will be provided to the Court and the Trustee upon request.

4

column.

17. The amendment to the one-year Rejection Damages calculation (third column titled, "One Year") can be summarized as follows:

(a) A new tenant – HH Gregg – took possession of the Leased Premises on September 9, 2009 (paying a lesser amount of rent than provided for in the Lease). Therefore, the rent paid by HH Gregg was subtracted from the total amount claimed by the Landlord in its one-year Rejection Damages calculation.

(b) The other amendments to the Rejection Damages are based primarily upon actual amounts for CAM and real estate taxes as opposed to estimates.

18. Based upon this re-calculation, the total prepetition claim by the Landlord for both its Prepetition Damages plus its one-year Rejection Damages totals **$523,196.95.**

19. Consequently, the Landlord respectfully requests that the Trustee's objection to Claim Nos. 8276 and 12371 be denied and that Claim Nos. 8276 and 12371 be allowed as a single prepetition claim in the total amount of $523,196.95.

**D.    Notice Addresses.**

Those with information regarding this claim and to whom notice should be given:

| Landlord: | And to Counsel: |
|---|---|
| H. Spencer Knotts | Whitney L. Mosby |
| Vice President/General Counsel | Bingham McHale LLP |
| Gershman Brown Crowley, Inc. | 10 West Market Street, #2700 |
| 600 East 96th Street | Indianapolis, Indiana 46204 |
| Indianapolis, IN 46240 | Office: (317) 968-5469 |
| Office:(317) 574-7323 | Fax: (317) 236-9907 |
| Fax:(317)574-7336 | wmosby@binghammchale.com |
| SKnotts@gershmanbrowncrowley.com | |

## RESERVATION OF RIGHTS

Nothing in this Response constitutes a waiver of the Landlord's right to assert any additional claims or defenses against the Liquidating Trust as to its Claims.

*[Declaration on Separate Page]*

5

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

*[signature]*
Chris Daumeyer
Controller
Gershman Brown Crowley, Inc.
600 East 96th Street
Suite 150
Indianapolis, IN 46240

*Signature Page to Response to Liquidating Trust's*
*Fourteenth Omnibus Objection to Claims 8276 and 12371*

## GB Evansville Developers LLC
### Summary of Amounts Due Circuit City

| | Reference | Prepetition Amounts Nov 1 to Nov 10, 2008 | | Up to Rejection Nov 11, 2008-Feb 23, 2009 | | One Year Feb 23, 2009 to Feb 22, 2010 | | Total ALL |
|---|---|---|---|---|---|---|---|---|
| Base Rent/Mo | $ 44,858.05 | $ 14,952.68 | (10 dys) | $ 29,905.37 | (20 dys '08) | $ 538,296.60 | (12 mo) | $ 583,154.65 |
| CAM 2008/Mo | $ 1,700.00 | $ 566.67 | (10 dys) | $ 1,133.33 | (20 dys '08) | $ - | | $ 1,700.00 |
| CAM 2009/Mo | $ 1,700.00 | $ - | | $ - | | $ - | | $ - |
| CAM 2010/Mo | $ 1,700.00 | $ - | | $ - | | $ 3,018.08 | (2010 amt only) | $ 3,018.08 |
| CAM 2008 RECON | $ 17,459.41 | $ 15,019.88 | (314 dys '08) | $ 2,439.53 | (51 dys '08) | $ - | | $ 17,459.41 |
| CAM 2009 RECON | $ 44,410.54 | $ - | | $ 6,570.33 | (54 dys '09) | $ 37,840.21 | (311 dys '09) | $ 44,410.54 |
| 2007 Tax Pay 2008 | $ 31,528.67 | $ 31,528.67 | (1/2 yr) | $ - | | $ - | | $ 31,528.67 |
| 2008 Tax Pay 2009 | $ 57,721.98 | $ 49,656.72 | (314 dys '08) | $ 8,065.26 | (51 dys '08) | $ - | | $ 57,721.98 |
| 2009 Tax Pay 2010 | $ 65,932.50 | $ - | | $ 9,754.40 | (54 dys '09) | $ 56,178.10 | (311 dys '09) | $ 65,932.50 |
| 2010 Tay Pay 2011 | $ 80,782.66 | $ - | | $ - | | $ 11,730.08 | (53 dys '09) | $ 11,730.08 |
| Subtotal | | $ 111,724.61 | | $ 57,868.22 | | $ 647,063.08 | | $ 816,655.92 |
| Less Rec'd from HH Gregg | | | | | | | | |
| HH Gregg Rent | | $ - | | $ - | | $ (168,066.28) | | $ (168,066.28) |
| HH Gregg CAM | | $ - | | $ - | | $ (35,382.40) | | $ (35,382.40) |
| HH Gregg Tax | | $ - | | $ - | | $ (32,142.06) | | $ (32,142.06) |
| Total Due | | $ 111,724.61 | | $ 57,868.22 | | $ 411,472.34 | | $ 581,065.17 |



EXHIBIT A



Whitney L. Mosby
Partner
wmosby@binghammchale.com
Direct Dial 1-317-968-5469
Facsimile 1-317-236-9907

April 6, 2011

**VIA OVERNIGHT MAIL**

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

    Re:   *Circuit City Stores, Inc., et. al*
           Case No. 08-35653-KRH
           Our File No.: 15903-89361

Dear Bankruptcy Clerk:

    Enclosed please find an original and one (1) copy of Landlord, G.B. Evansville Developers, LLC's *Response to Liquidating Trust's Fourteenth Omnibus Objection to Claims 8276 and 12371* to be filed in the above-referenced matter on the date of receipt, or **April 7, 2011**, per the instructions set forth in the *Notice of Liquidating Trust's Fourteenth Omnibus Objection to Landlord Claims* dated February 27, 2011 ("Notice of Fourteenth Objection").

    I am also enclosing stamped addressed envelopes for your convenience in returning file-marked copies of the response.

                                          Very truly yours,

                                          Whitney L. Mosby

WLM /1575797
Enclosures
cc:

**Via Overnight Delivery**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES, LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

**Via Overnight Delivery**

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219