IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | CASE NO. 08-35653 |
| et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

RICHMOND DIVISION
FILED APR 7 2011
CLERK
US BANKRUPTCY COURT

**RESPONSE TO LIQUIDATING TRUST'S FOURTEENTH
OMNIBUS OBJECTION TO CLAIM 14082**

G.B. Evansville Developers, LLC ("Landlord") states the following as its response to the *Liquidating Trust's Fourteenth Omnibus Objection to Landlord Claims* ("Fourteenth Objection") as it relates to Claim No. 14082:

**A.    Background.**

1.    Landlord and Circuit City Stores, Inc. ("Debtor") entered into a Lease ("Lease") dated May 22, 1996 for the lease of a certain one-story retail building located in the Lloyd Crossing Shopping Center in Evansville, Indiana to be used as a Circuit City Superstore (Store No. 03621) ("Leased Premises"). (A copy of the Lease is available to the Court and the Trustee upon request).

2.    Pursuant to the Lease, the Debtor was obligated to pay (a) monthly base rent in the amount of $44,858.05, (b) the Debtor's share of common area maintenance ("CAM") charges; and (c) the Debtor's pro rata share of real estate taxes. The Debtor also had the obligation of maintaining exterior and interior non-structural elements of the Leased Premises, including repairs and/or replacements of plumbing, heating, electrical and air conditioning.

3.    The Debtor filed its bankruptcy case on November 10, 2008 (the "Petition Date").

1

4. The Lease was rejected by the Debtor effective February 23, 2009 (the "Rejection Date"). (See *Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property* entered in this matter on March 3, 2009 [Docket No. 2400]).

5. On June 30, 2009, the Landlord filed Claim No. 14082 as an administrative expense claim for rent, CAM, real estate taxes and other costs due to the Landlord under the Lease from the Petition Date to the Rejection Date in the total amount of $54,44.40 broken down as follows:

| | |
|---|---|
| Nov. Rent | $31,400.63 |
| Nov. CAM | $1,189.99 |
| R/E taxes (11/10/08 – 2/23/09) | $18,139.78 (estimate) |
| Removal costs of FF&E left in space | $3,000.00 (estimate) |
| **TOTAL** | **$54,440.40** |

6. The Landlord reserved its right further amend and/or supplement Claim No. 14082 as deemed necessary by the Landlord to quantify and/or correct amounts.

**B.    Response to Objection to Claim No. 14082.**

7. In the Fourteenth Objection, the Trustee asserts a books and records objection to Claim No. 14082 seeking to reduce the claim to $49,357.48 for the following reasons: (a) the real estate taxes were overstated by $1,372.92; (b) the $3,000 in removal costs was not substantiated; and (c) $710 of other costs were not verified.

8. The Landlord objects to this treatment of Claim No. 14082.

9. The Debtor hereby asserts an administrative expense claim in the total amount of

2

$57,868.22 as calculated in **Exhibit A** attached hereto and incorporated herein by reference (See the "Up to Rejection" column. The other columns in Exhibit A address Claim Nos. 8276 and 12371 that are the subject of another response to the Trustee's Fourteenth Objection by the Landlord). [1]

10. Although the Landlord does not disagree with the reduction of Claim No. 14082 by $3,710.00 for the removal and other costs, the taxes were only overstated by $320.12 pursuant to the Landlord's calculation and review of the real estate tax bills. Therefore, the Debtor's real estate tax obligation for 2008 and 2009 that qualifies as an administrative expense claim totals $17,819.66.

11. Furthermore, the estimated projected budget for 2008 CAM was significantly under budget for the Leased Premises. The Debtor occupied 11.49% of the total shopping center and, therefore, was responsible for 11.49% of the shortfall, or $17,459.41 for the entire calendar year. Thus, the 2008 CAM that qualifies as an administrative expense totals $2,439.53.

12. Finally, the Debtor did not pay its 2009 CAM. The 2009 reconciliation shows that the Landlord is entitled to an administrative expense claim of $6,570.33 for 2009 CAM.

13. Consequently, the Landlord respectfully requests that the Trustee's objection to Claim No. 14082 be denied and that Claim No. 14082 be allowed as an administrative expense claim in the total amount of **$57,868.22**.

C. **Notice Addresses.**

Those with information regarding this claim and to whom notice should be given:

---

[1] Due to the volume of the back-up information with respect Exhibit A, the Landlord has not attached the back-up information. Copies of the back-up information will be provided to the Court and the Trustee upon request.

| Landlord: | And to Counsel: |
|---|---|
| H. Spencer Knotts | Whitney L. Mosby |
| Vice President/General Counsel | Bingham McHale LLP |
| Gershman Brown Crowley, Inc. | 10 West Market Street, #2700 |
| 600 East 96th Street | Indianapolis, Indiana 46204 |
| Indianapolis, IN 46240 | Office: (317) 968-5469 |
| Office:(317) 574-7323 | Fax: (317) 236-9907 |
| Fax:(317)574-7336 | wmosby@binghammchale.com |
| SKnotts@gershmanbrowncrowley.com | |

## RESERVATION OF RIGHTS

Nothing in this Response constitutes a waiver of the Landlord's right to assert any additional claims or defenses against the Liquidating Trust as to its Claims.

*[Declaration on Separate Page]*

4

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS**

**TRUE AND CORRECT.**

*[signature]*

Chris Daumeyer
Controller
Gershman Brown Crowley, Inc.
600 East 96th Street
Suite 150
Indianapolis, IN 46240

*Signature Page to Response to Liquidating Trust's*
*Fourteenth Omnibus Objection to Claim 14082*

## GB Evansville Developers LLC
### Summary of Amounts Due Circuit City

| | Reference | Prepetition Amounts Nov 1 to Nov 10, 2008 | | Up to Rejection Nov 11, 2008-Feb 23, 2009 | | One Year Feb 23, 2009 to Feb 22, 2010 | | Total ALL |
|---|---|---|---|---|---|---|---|---|
| Base Rent/Mo | $ 44,858.05 | $ 14,952.68 | (10 dys) | $ 29,905.37 | (20 dys '08) | $ 538,296.60 | (12 mo) | $ 583,154.65 |
| CAM 2008/Mo | $ 1,700.00 | $ 566.67 | (10 dys) | $ 1,133.33 | (20 dys '08) | $ - | | $ 1,700.00 |
| CAM 2009/Mo | $ 1,700.00 | $ - | | $ - | | $ - | | $ - |
| CAM 2010/Mo | $ 1,700.00 | $ - | | $ - | | $ 3,018.08 | (2010 amt only) | $ 3,018.08 |
| CAM 2008 RECON | $ 17,459.41 | $ 15,019.88 | (314 dys '08) | $ 2,439.53 | (51 dys '08) | $ - | | $ 17,459.41 |
| CAM 2009 RECON | $ 44,410.54 | $ - | | $ 6,570.33 | (54 dys '09) | $ 37,840.21 | (311 dys '09) | $ 44,410.54 |
| 2007 Tax Pay 2008 | $ 31,528.67 | $ 31,528.67 | (1/2 yr) | $ - | | $ - | | $ 31,528.67 |
| 2008 Tax Pay 2009 | $ 57,721.98 | $ 49,656.72 | (314 dys '08) | $ 8,065.26 | (51 dys '08) | $ - | | $ 57,721.98 |
| 2009 Tax Pay 2010 | $ 65,932.50 | $ - | | $ 9,754.40 | (54 dys '09) | $ 56,178.10 | (311 dys '09) | $ 65,932.50 |
| 2010 Tay Pay 2011 | $ 80,782.66 | $ - | | $ - | | $ 11,730.08 | (53 dys '09) | $ 11,730.08 |
| Subtotal | | $ 111,724.61 | | $ 57,868.22 | | $ 647,063.08 | | $ 816,655.92 |
| Less Rec'd from HH Gregg | | | | | | | | |
| HH Gregg Rent | | $ - | | $ - | | $ (168,066.28) | | $ (168,066.28) |
| HH Gregg CAM | | $ - | | $ - | | $ (35,382.40) | | $ (35,382.40) |
| HH Gregg Tax | | $ - | | $ - | | $ (32,142.06) | | $ (32,142.06) |
| **Total Due** | | **$ 111,724.61** | | **$ 57,868.22** | | **$ 411,472.34** | | **$ 581,065.17** |


EXHIBIT A



Whitney L. Mosby
Partner
wmosby@binghammchale.com
Direct Dial 1-317-968-5469
Facsimile 1-317-236-9907

April 6, 2011

**VIA OVERNIGHT MAIL**

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

      Re:   *Circuit City Stores, Inc., et. al*
            Case No. 08-35653-KRH
            Our File No.: 15903-89361

Dear Bankruptcy Clerk:

    Enclosed please find an original and one (1) copy of Landlord, G.B. Evansville Developers, LLC's *Response to Liquidating Trust's Fourteenth Omnibus Objection to Claim 14082* to be filed in the above-referenced matter on the date of receipt, or **April 7, 2011**, per the instructions set forth in the *Notice of Liquidating Trust's Fourteenth Omnibus Objection to Landlord Claims* dated February 27, 2011 ("Notice of Fourteenth Objection").

    I am also enclosing stamped addressed envelopes for your convenience in returning file-marked copies of the response.

                                          Very truly yours,

                                          Whitney L. Mosby

WLM /1575788
Enclosures
cc:

| **Via Overnight Delivery** | **Via Overnight Delivery** |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. |
| PACHULSKI STANG ZIEHL & JONES, LLP | TAVENNER & BERAN, PLC |
| 10100 Santa Monica Boulevard | 20 North Eighth Street, 2nd Floor |
| Los Angeles, California 90067-4100 | Richmond, Virginia 23219 |