Keith Allen
489 Mill Wood Blvd
Marysville, OH 43040
Telephone: (330) 245-6020
Facsimile: (937) 644-2367
E-mail: allenfamily6@msn.com
In propria persona

# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No.: 08-35653-KRH |
| Debtors. | (Jointly Administered) |

## RESPONSE OF FORMER EMPLOYEE/CREDITOR KEITH ALLEN TO LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION TO CLAIMS

**Keith Allen**, a former employee of Circuit City Stores, Inc. and creditor thereof, hereby submits the following Response to the eleventh omnibus objection ("Objection") to the claims of Circuit City Stores, Inc. Liquidating Trust (the "Trust").

**1. Statement of the Facts**

The relevant facts are not in dispute. Keith Allen was employed by Circuit City for three years up until March 15, 2009. At the time of the termination of his employment he was a district manager. On March 15, 2009, Circuit City terminated the employment of Mr. Allen along with all of its other district managers.

As stated by the Trust in its Objection, in or about January 2008, Mr. Allen received a letter similar to the exemplar attached as Exhibit "F" to the Objection. Mr. Allen signed and returned the letter indicating his acceptance of the terms therein. By the explicit terms of the

- 1 -

letter, Mr. Allen had no right to payment in January 2008 or at any time unless he was employed by Circuit City on the stated vesting date or there occurred a "Change in Control." The letter directed to Mr. Allen provided that if he was employed by Circuit City when a "Change in Control" occurred, then the amount set forth in his letter ($40,000.00) would become fully payable and he would not have to wait for the vesting dates. A "Change in Control" included the sale of all or substantially all of Circuit City's assets. See Exhibit "F", ¶ 2 to the Trust's Objection. As acknowledged by the Trust, Circuit City had completed its going-out-of-business sales and closed its remaining stores by March 2009. See Objection, ¶ 23. Mr. Allen never received any portion of the promised $40,000.00 compensation.

### 2. Argument

**a. Mr. Allen Earned the Bonus in or about mid-January 2009, Less than 180 Days Before the Petition Was Filed.**

The Trust contends that a meaning other than that provided in the clear and unambiguous terms of the letter agreement (Exhibit "F") should be applied. Although the letter and the facts unequivocally demonstrate that the amounts were earned in January 2009 at the time of the requisite "Change in Control," the Trust argues that the amounts were actually earned in January 2008 when the letter was signed and returned by Mr. Allen. Such an interpretation stretches the bounds of reason.

**b. The Cases Cited by the Trust Do Not Apply to the Facts in This Case.**

The Trust cites *Grady v. AH Robins Co.*, 839 F.2d 198, 202 (4th Cir. 1988) in support of its argument that Mr. Allen's claim arose at the time he signed the letter. In *Grady*, the court dealt with an alleged tort. The debtor was the manufacturer of the Dalkon Shield. The claimant had had inserted a Dalkon Shield some years before. She filed litigation against the debtor almost two months after the debtor filed its petition for reorganization. Mrs. Grady filed a

motion in the bankruptcy court seeking a decision that her claim did not arise before the filing of the petition. The bankruptcy court determined that the claim arose when the acts giving rise to the debtor's liability were performed, not when the harm caused by those acts was manifested. Thus, the claim arose when the Dalkon Shield was inserted in the claimant. Nothing more needed to occur. On appeal, the court held "only that the Dalkon Shield claim in the case before us, when the Dalkon Shield was inserted in the claimant prior to the time of filing of the petition, constitutes a 'claim' 'that arose before the commencement of the case' within the meaning of 11 U.S.C. Sec. 362(a)(1)." Id. at p. 203.

The Trust also cites *In re U.S. Airways*, 2007 WL 3231573, *3 (Bankr. E.D. Va. 2007). In that case, U.S. Airways had filed a petition for reorganization under chapter 11 on August 11, 2002 and a plan was confirmed on March 18, 2003. The bar date to file claims was November 4, 2002. Id. at p. 2. The claimant, Ms. Holcombe, filed neither a proof of claim nor a request for allowance of an administrative expense despite the fact that on October 9, 2002 she had filed a charge of discrimination with the EEOC alleging violations of the Americans with Disabilities Act ("ADA") extending back to December 3, 2001. She received a right-to-sue letter from the EEOC on July 2, 2003 and then filed suit. Id. at p. 3. The court held that "it is clear that the essential events giving rise to Ms. Holcombe's claim occurred prior to confirmation of the plan in the first chapter 11 case." Id. at p. 10. The court determined that "all of the relevant acts underlying Ms. Holcombe's claim occurred prior to the March 18, 2003 confirmation date in the first bankruptcy case. As a result, her claim was discharged in that case and is now barred by the discharge injunction." Id. at p. 10.

*Grady* and *U.S. Airways* are distinguishable from the instant case. Neither case had anything to do with the compensation of employees by an employer as in this case. *Grady* dealt only with whether the automatic stay provision of 11 U.S.C. Sec. 362 applied to the claim of

- 3 -

Mrs. Grady. *U.S. Airways* dealt with a tort claim that was clearly untimely. Unlike the tort claims in those cases, the claim here involves employment compensation which is accorded priority status under section 507(a)(4) of the Bankruptcy Code. As acknowledged by the Trust, Section 507(a)(4) accords priority status to "wages, salaries, or commissions … earned" within 180 days before the filing date." Mr. Allen earned $20,000 by continuing his employment until the first vesting date of January 1, 2009. He earned an additional $20,000 when the Change in Control occurred in or about mid-January 2009; not at any time sooner. The notion that Mr. Allen earned the funds at the time he signed the letter is contrary to the facts and the law.

### c. The Interpretation Sought by the Trust Would Set Bad Precedent.

The bonuses promised by Circuit City to its employees were for the purpose of inducing employees to remain employed at Circuit City and forego other job opportunities. Although other companies paid higher salaries than Circuit City, the promised bonuses certainly induced employees to stay employed with Circuit City.

If the interpretation requested by the Trust were to be applied, Circuit City's former employees will have been severely abused. While Mr. Allen did not know the status of all of Circuit City's accounting books and records in early 2008, if employers can enter into agreements such as those entered into here, the possibility of fraud and significant injury being committed on their employees is likely. An employer could enter into agreements with employees knowing that the business is close to insolvency. The financial status of the company would typically be unknown to the employees who might forego regular wages in exchange for a greater bonus at a later time. If the employer can then go 181 days before filing its bankruptcy petition, each of the employees would have only a general, unsecured claim. Employees should not lose section 507(a)(4) priority through cunning and gamesmanship.

///

**3.    Conclusion**

For the foregoing reasons, the Trust's Objection seeking to convert Mr. Allen's priority claim to a general unsecured claim should be denied.

**SUBMITTED** this 6th day of April, 2011.

By _____/s/ Keith Allen_____
Keith Allen
489 Mill Wood Blvd
Marysville, OH 43040
Claimant In Pro Se

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE STATEMENTS SET FORTH IN THE ABOVE RESPONSE ARE TRUE AND CORRECT AND BASED ON MY FIRST-HAND KNOWLEDGE.

_____/s/ Keith Allen_____
Keith Allen

**ORIGINAL** of the foregoing was sent via priority overnight mail on this 6th day of April, 2011, to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

And a **COPY** of the foregoing was sent via priority overnight mail and via facsimile on this 6th day of April, 2011, to:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Tel.: (310) 277-6910
Fax: (310) 201-0760

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Tel.: (804) 783-8300
Fax: (804) 783-0178

/s/ [signature]

KEITH ALLEN
489 MILL WOOD BLVD
MARYSVILLE, OHIO 43040
TEL: (330) 245-6020
FAX: (937) 644-2367
E-MAIL: ALLENFAMILY6@MSN.COM

April 6, 2011                                                  VIA OVERNIGHT MAIL

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

        Re:    In re: Circuit City Stores, Inc., et al.,
                  U.S. Bankruptcy Court, E.D. Va., Richmond Division
                  Case No.: 08-35653-KRH

Dear Clerk of the Court:

Please find enclosed the original of my **Response of Former Employee/Creditor Keith Allen to Liquidating Trust's Eleventh Omnibus Objection to Claims**, a face sheet and a self-addressed stamped return envelope. Please file the original and conform the face sheet and return it to me in the self-addressed stamped envelope. Should you have any questions, please contact me.

Sincerely,

*Keith Allen*

Keith Allen

CC:    Jeffrey N. Pomerantz, Esq.
         Andrew W. Caine, Esq.
         PACHULSKI STANG ZIEHL & JONES LLP
         10100 Santa Monica Boulevard
         Los Angeles, California 90067-4100

         Lynn L. Tavenner, Esq.
         Paula S. Beran, Esq.
         TAVENNER & BERAN, PLC
         20 North Eighth Street, 2nd Floor
         Richmond, Virginia 23219