**ALTFELD & BATTAILE P.C.**
250 North Meyer Avenue
Tucson, Arizona 85701
Telephone: (520) 622-7733
Facsimile: (520) 622-7967
Email: cbaltfeld@abazlaw.com
Clifford B. Altfeld (State Bar No. 005573/PCCN: 1360)
*Attorneys for Claimant WCC Properties*

APR 7 2011
CLERK
US BANKRUPTCY COURT

# THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

CIRCUIT CITY STORES INC., et al.,

Debtors.

Case No. 08-35653 (KRH)
Jointly Administered

Chapter 11

**WCC PROPERTIES' RESPONSE TO LIQUIDATING TRUST'S FOURTEENTH OMNIBUS OBJECTION**

Landlord WCC Properties, responds to the Liquidating Trust's treatment of its claims, Nos. 13836 and 13480. This Response is supported by the accompanying Memorandum of Points and Authorities.

Respectfully submitted this 6th day of April, 2011.

ALTFELD & BATTAILE P.C.

*/s/ Clifford B. Altfeld*
Clifford B. Altfeld
*Attorneys for Claimant WCC Properties*

# MEMORANDUM OF POINTS AND AUTHORITIES

The Liquidating Trust's Fourteenth Omnibus Objection reduces WCC Properties' Claim Number 13836 from $63,818.93 to $33,133.32 based upon "$14,682.39 of other administrative rent that is not owed, $7,085.97 of taxes and $8,812.26 of repair charges.

WCC believes the reductions are unwarranted and is prepared to provide appropriate documentation to the Liquidating Trust's counsel.

Additionally, WCC objects to the treatment of its general unsecured claim number 13480 filed June 23, 2009. The Liquidating Trust purports to reduce the claim from $5,117,498 to $445,361.58 "according to the Debtors' records. WCC Properties is prepared to document the validity of its general unsecured claim and in fact, set forth the basis for its claim in detail in the attachments A-1 and A-2 to its Proof of Claim.

Additionally, the Liquidating Trust proposes to strike the claim entirely, on the grounds the Proof of Claim was filed after the general bar date. Since the Liquidating Trust apparently believes at least $445,361.58 is valid, the Trust does not indicate it has been prejudiced in any way by the late filing of the claim.

Moreover, the claim itself, while filed after the general bar date, was filed prior to the December 8, 2010 rejection damages bar date. It provided sufficient time for the Liquidating Trust to review the claim and caused no prejudice whatsoever in the liquidation. WCC respectfully suggests that the delay of less than six months, caused no prejudice whatsoever, as is evidenced by the nearly two years the Liquidating Trust has taken to analyze the claims.

Upon information and belief, other late filed claims have been, or will be allowed.

Respectfully submitted this 6th day of April, 2011.

ALTFELD & BATTAILE P.C.

/s/ *Clifford B. Altfeld*
Clifford B. Altfeld
*Attorneys for Claimant WCC Properties*

| | |
|---|---|
| 1 | Copy of the foregoing mailed this 6th day of April, 2011, to: |
| 2 | |
| 3 | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>TAVENNER & BERAN, PLC |
| 4 | 20 N. Eighth St., 2nd Floor<br>Richmond, VA 23219 |
| 5 | |
| 6 | Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq. |
| 7 | PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 11th Floor |
| 8 | Los Angeles, CA 90067-4100 |
| 9 | Robert J. Feinstein, Edw.<br>John Morris, Esq. |
| 10 | PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor |
| 11 | New York, NY 10017 |
| 12 | *[signature]* |
| 13 | _____<br>H:\wp\Codling\WCC's Response to Liquidating Trust's 14th Omnibus Obj 040611.wpd |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |