IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



| | | |
|---|---|---|
| In re: | § | |
| | §. | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | §. | |
| | §. | Case No 08-35653 (KRH) |
| Debtors. | §. | |
| | § | Jointly Administered |

## RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)

Capmark Finance, Inc ("Capmark") on behalf of Bank of America, National Association (Bank of America), by and through its counsel Bryan Cave LLP, hereby files this Response and Request for Hearing to Liquidating Trust's Fourth Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

1. The Trustee for Debtors has objected to proof of claim number 12152 (the "Claim") filed by Capmark as special servicer for Bank of America, National Association, as successor by merger to LaSalle Bank, National Association (f/k/a LaSalle National Bank), as Trustee (the "Trustee") for the Registered Holders of the Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 1997-C1.

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

PGDocs\6132865.1PGDocs\6132865.1

2.    With regard to proof of claim 12152 Trustee for Debtors states that:

"This claim was docketed and $50,000 general unsecured and no amount was assigned to the part that was docketed as secured. The debtor does not believe that any unsecured amount is due this claimant."

3.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

4.    Trustee for Debtors fails to offer any evidentiary support for his assertions.

5.    After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence. See in re Hemingway Transp. Inc. 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); In re Harford Sands, Inc. 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); In re Gran, 964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

6.    In this case, the proof of claim 12152 was filed prior to the Bar Date and in accordance with the Federal Rules of Bankruptcy Procedure and provides sufficient documentary support for the Claims and the calculation of the Claims amounts. The Objection does not provide any evidence whatsoever to supports its objection to the calculation of the Claims amounts.

7.    The Debtor bears the burden of proof for the disallowance of any portion of the Claims. See In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y

1995) Because Trustee for Debtors has produced no evidence whatsoever in support of the proposed reductions, he has failed to meet his burden of proof and Claim 12152 should be allowed in its entirety.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the proof of claim 12152; (b) allow the claims as provided in Capmark's proof of claim; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

Dated: April 6, 2011

BRYAN CAVE LLP

By:  /s/ Philip J. Meitl
Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700,
Washington DC 20004
(202) 508-6000 (phone)

*Attorney for Capmark Finance Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100

Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

/s/ Philip J. Meitl

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | § |
| | §    Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | § |
| | §    Case No 08-35653 (KRH) |
| Debtors. | § |
| | §    Jointly Administered |

## CAPMARK FINANCE, INC.'S REQUEST FOR HEARING

Capmark Finance, Inc. ("Capmark"), on behalf of Bank of America, National Association (Bank of America), by and through its counsel Bryan Cave LLP, hereby files its Request for Hearing on its Response to Liquidating Trust's Fourth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Late Filed Claims, And Disallowance of certain Amended Claims.) (the "Response").

Capmark filed the Response on April 6, 2011. As set forth in the Response, the objection to proof of claim 12152 should be denied and the claim should be allowed in its entirety.

WHEREFORE, Capmark Finance, Inc. respectfully requests the Court schedule a hearing on its Response for 2:00 p.m. on May 11, 2011 and grant such other and further relief as the Court deems just and proper.

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

Dated this 6th day of April, 2011.

Respectfully submitted,

**BRYAN CAVE LLP**

By:  P.J. Meitl (VA Bar No. 73215)
1155 F Street, NW, Suite 700
Washington, DC 20004
(202) 508-6043 (phone)
(202) 220-7343 (facsimile)
pj.meitl@bryancave.com

Attorney for Capmark, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2011, a true and correct copy of the foregoing was served through the Court's ECF system to all parties consenting to service through same, and on all parties listed on the attached service list by overnight mail.

_/s/Philip J. Meitl_
Philip J. Meitl