IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
RICHMOND DIVISION
F                          F
I         APR  7 2011      I
L                          L
E                          E
D         CLERK            D
US BANKRUPTCY COURT
```

In re:                                §
                                      §       Chapter 11
CIRCUIT CITY STORES, INC., et al.,    §
                                      §       Case No 08-35653 (KRH)
        Debtors.                      §
                                      §       Jointly Administered
                                      §

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S FIRST
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID
CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Capmark Finance, Inc. ("Capmark") on behalf of Bank of America, National Association

(""Bank of America) Successor by Merger to LaSalle Bank National Association and by and

through their counsel Bryan Cave LLP, hereby files their Response and Request for Hearing to

Liquidating Trust's First Omnibus Objection To Landlord Claims (Reduction of Certain Partially

Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain

Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain

Amended Claims) (the "Objection"), and states as follows:

Proof of Claim 12663

1.      The Trustee has objected to the proof of claim number 12663 (the "Claim") filed

by Capmark on April 30, 2009 in the amount of $1,316,782.37.

2.      With regard to proof of claim 12663 Trustee states that:

---

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

1

"Reduce by $55,983.38 for prepetition rent and $50,333.47 for rejection damages in accordance with the Debtor's books and records. Reduce by $15,257.55 for attorney fees and $2,442.67 for damages because the Debtor's are not liable under the lease. Reduce by $10,850.15 for insurance because the Debtors were responsible for and maintained insurance on the location prior to rejection of the lease."

3.      Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

4.      Trustee fails to offer any evidentiary support for his remaining assertions

5.      After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence.  <u>See in re Hemingway Transp. Inc.</u> 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); <u>In re Harford Sands, Inc.</u> 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); <u>In re Gran,</u> 964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

6.      In this case, the Claim was filed prior to the Bar Date and in accordance with the Federal Rules of Bankruptcy Procedure and provides sufficient documentary support for the Claims and the calculation of the Claims amounts.  The Objection does not provide any evidence whatsoever to supports its objection to the calculation of the Claims amounts.

7.      The Trustee bears the burden of proof for the disallowance of any portion of the Claims.  <u>See In re Woodmere Investors Ltd. Partnership,</u> 178 B.R. 346, 354 (Bankr. S.D.N.Y

2

1995) Because Trustee has produced no evidence whatsoever in support of the proposed reductions, the Trustee has failed to meet its burden of proof and Claim 12663 should be allowed in its entirety.

Proof of Claim 14363

8.      With regard to proof of claim 14363 Trustee states that:

"Claim 14363 was not filed by landlord. Debtor is addressing 14346 with the landlord."

9.      Capmark filed the Motion for Allowance Postpetition Obligations Under Expired Leases of Non-Residential Real Property on June 30, 2009. As stated in the Claim, Capmark is the assignee of leases by, and rents owing to, certain of the Debtor's property landlords (the "Landlords" as set forth in Exhibit A hereto.

10.     Circuit City rejected the all the leases and Capmark foreclosed on the majority of the properties.

11.     Trustee should not be addressing the prepetition claims for this property with any of the landlords because most of the properties were foreclosed on by Capmark and the landlord no longer owns the property. Further, Capmark is the assignee of leases by and rents owing to the Debtor's property landlords.

12.     Accordingly, it is improper for Trustee to deal with the landlords on this Claim and Capmark's Claim should survive.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the proof of claims 12663 and 14363; (b) allow the claims as provided in Capmark's proof of claims; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

3

Dated: April 6, 2011

BRYAN CAVE LLP

By:    /s/ Philip J. Meitl
Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700,
Washington DC 20004
(202) 508-6000 (phone)

*Attorney for Capmark Finance Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 6th day of April, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

/s/ Philip J. Meitl
Philip J. Meitl

4

| Account # | Address | Name | Date | | | | |
|---|---|---|---|---|---|---|---|
| 9820003744 | 1001 Plymouth Rd., Minnetonka, Minnesota 55305 | Premier J. Reoli, LLC., as assigned from Circuit Investors #4-Oklahoma City Limited Partnership, a Texas limited | 3/31/2009 | $42,044.33 | $231,553.22 | $197,608.35 | $82,227.72 |
| 9820003748 | 5624 Johnston Street, Lafayette, Louisiana 70503 | CC Lafayette, LLC | 3/31/2009 | $31,770.87 | $159,820.22 | $149,322.15 | $9,130.19 |
| 9820003745 | 15701 E 29th St S, Independence, Missouri 64057 | Circuit Investors #6 Montgomeryville LP, Independence, a Pennsylvania limited partnership | 12/31/2008 | $33,324.67 | $56,651.94 | $56,651.94 | |
| 9820003726 | 24244 Hwy 19, Clearwater, FL 32463 | | 3/10/2009 | $40,994.61 | $122,984.43 | $183,976.24 | $33,340.67 |
| 9820003741 | 9850 Joliet Rd, Country Side, IL | CC Countryside 98 LLC | 12/31/2008 | $33,536.67 | $60,995.32 | $180,995.34 | $16,718.51 |
| 11010736 | 2960 East Main, Cortland, New York 10566 | Cortland B, LLC, a New York limited liability company | 3/31/2009 | $33,594.84 | $199,871.69 | $275,368.75 | $29,884.17 |
| 9820005645 | 2950 SW 199th street, Lynnwood, Washington 98036 | WEC 96D Lynnwood Investment Trust, a Delaware business trust. | 3-Mar-09 | $55,691.97 | $212,863.56 | $211,248.35 | $16,909.66 |
| 9820005646 | 4071 Miller Road, Flint, Michigan 8507 | Daniel G. Kamin Flint LLC, as assigned from WEC 96D Flint Investment Trust, a Delaware business trust | 23-Feb-09 | $54,003.33 | $244,171.70 | $190,091.72 | $44,352.00 |
| 9350005649 | 4535 West College Ave., Grand Chute, Wisconsin 54915 | WEC 96D Appleton-1 Investment Trust and WEC 96D Appleton-2 Investment Trust | 3/31/2009 | $39,708.33 | $159,729.82 | $189,626.15 | $23,033.92 |
| 9820005326 | 24001 El Toro Road, Laguna Hills, California 93653 | WEC 96D Laguna Investment Trust, a Delaware business trust | 3/31/2009 | $99,868.87 | $281,104.77 | $329,467.35 | $44,132.22 |
| 9820005547 | 3124 Vestal Parkway East, Vestal, New York 13850 | WEC 96D Vestal Investment Trust, a Delaware business trust | 3/31/2009 | $42,865.00 | $172,508.37 | $201,558.50 | $74,338.73 |
| 97004874 | 4600 28th St. SE, Kentwood, Michigan | Bond-Circuit VII Delaware Business trust, a Delaware business trust | 3/31/2009 | $45,372.75 | $182,515.55 | $213,251.93 | $47,210.72 |
| 97004875 | 7320 Market St., Boardman, Ohio | Bond-Circuit V Delaware Business Trust | 3/31/2009 | $43,798.65 | $176,164.08 | $205,855.07 | $26,882.04 |



tabbies

EXHIBIT A

| Claim # | Address | Counterparty | Date | Amount | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 987004877 | 3423 Clemson Blvd, Anderson, South Carolina | Bond-Circuit II Delaware Business Trust, a Delaware business trust | 3/31/2009 | $28,860.17 | 4.7 | $100,323.85 | $126,398.80 | $23,061.31 | |
| 987004878 | 3476 William Penn Hwy, Wilkes Township, Pennsylvania 15146, Trust | WM/APL Business Trust, a Delaware business trust and WM/L/APL Business Trust | 3/10/2009 | $76,455.92 | 4 | $307,550.10 | $305,823.88 | $77,346.33 | |
| 987004873 | 38300 Warren Road, Westland, Michigan 48185 | WM/APL Business Trust, a Delaware business trust and WM/L/APL Business Trust | 2/23/2009 | $66,228.00 | 3.52 | $233,210.13 | $233,115.52 | $40,821.73 | |
| PAID IN FULL | 1595 S. Colorado Blvd., Denver (Glendale), Colorado 80222 | CC – Investors 1997-4, a Delaware business trust | 3/31/2009 | | | | | | |
| 987004871 | 4483 US Route 14, Crystal Lake, Illinois | CC-Investors 1997-3 | 12/31/2008 | $42,740.00 | 1.7 | $72,224.00 | $72,558.00 | | |
| 962005551 | 4110 Atlanta Highway, Athens, Georgia | Kalp-Athren, LLC, a Massachusetts limited liability company | 12/31/2008 | $26,192.92 | 1.7 | $26,192.92 | $47,827.96 | $4,920.23 | |
| 000670452 | 9950 Maryland Drive, Richmond, Virginia | | 2/28/2009 | | | | $485,990.31 | | |
| 987004872 | 8405 E. Kellogg Dr., Wichita, KS | | 1/1/2008 | $125,927.11 | 3.7 | $503,706.44 | | $123,868.72 | |
| 987004870 | 1901 Okeechobee Blvd, West Palm Beach, FL | | 3/31/2009 | $47,790.00 / $58,783.00 | 0 / 4.7 | $0.00 / $199,531.75 | $0.00 / $296,890.10 | $59,990.80 | |
| **TOTAL** | | | | $58,783.00 | | $3,765,696.06 | $3,989,728.19 | $52,404.71 | $783,321.16 | $80,609.88 |
| **TOTAL ADMINISTRATIVE CLAIM** | | | | | | $1,120,387.89 | | | |

 

## Table of Contents

1.   Certain Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

2.   Demise of Premises . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

3.   Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

4.   Rent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

5.   Net Lease; True Lease. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

6.   Title and Condition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

7.   Taxes; Insurance and Legal Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

8.   Use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

9.   Maintenance and Repair . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

10.  Liens . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

11.  Alterations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

12.  Condemnation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

13.  Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

14.  Damage, Destruction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

15.  Restoration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

16.  Subordination to Financing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

17.  Assignment, Subleasing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

18.  Permitted Contests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   28

19.  Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   29

20.  Landlord's Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   30

21.  Notices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   33

i

22.   Memorandum of Lease; Estoppel Certificates .............................. 33

23.   Surrender and Holding Over ........................................... 34

24.   No Merger of Title .................................................. 35

25.   Landlord Exculpation ................................................ 36

26.   Hazardous Substances ............................................... 36

27.   Entry by Landlord .................................................. 37

28.   Statements ....................................................... 38

29.   No Usury ........................................................ 38

30.   Broker .......................................................... 38

31.   Waiver of Landlord's Lien ............................................ 39

32.   No Waiver ....................................................... 39

33.   Separability ...................................................... 39

34.   Indemnification ................................................... 39

35.   Tenant to Comply With Reciprocal Easement Agreement ..................... 40

36.   Headings ........................................................ 42

37.   Modifications ..................................................... 42

38.   Successors, Assigns ................................................ 42

39.   Counterparts ..................................................... 42

40.   Governing Law .................................................... 42

41.   Attorneys' Fees ................................................... 42

1044:\CIRCUIT\SLE-LSE\SLD96\BING-LSE.WPD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | § | |
| | § | Case No 08-35653 (KRH) |
| Debtors. | § | |
| | § | Jointly Administered |

## CAPMARK FINANCE, INC.'S REQUEST FOR HEARING

Capmark Finance, Inc. ("Capmark"), on behalf of Bank of America, National Association (Bank of America), by and through its counsel Bryan Cave LLP, hereby files its Request for Hearing on its Response to Liquidating Trust's First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Late Filed Claims, And Disallowance of certain Amended Claims) (the "Response").

Capmark filed the Response on April 6, 2011. As set forth in the Response, the objection to proof of claims 12663 and 14363 (the "Claims") should be denied and the Claims should be allowed in their entirety.

WHEREFORE, Capmark Finance, Inc. respectfully requests the Court schedule a hearing on its Response for 2:00 p.m. on May 11, 2011 and grant such other and further relief as the Court deems just and proper.

_____

Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)
*Attorney for Capmark Finance Inc.*

Dated this 6th day of April, 2011.

Respectfully submitted,

**BRYAN CAVE LLP**

By: P.J. Meitl (VA Bar No. 73215)
1155 F Street, NW, Suite 700
Washington, DC 20004
(202) 508-6043 (phone)
(202) 220-7343 (facsimile)
pj.meitl@bryancave.com

Attorney for Capmark, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2011, a true and correct copy of the foregoing was served through the Court's ECF system to all parties consenting to service through same, and on all parties listed on the attached service list by overnight mail.

_/s/Philip J. Meitl_____
Philip J. Meitl