Neil E. McCullagh
Virginia Bar No. 39027
NMcCullagh@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:   (804) 697-2064
Facsimile:   (804) 697-2164

and

Eric J. Fromme (CA State Bar No. 193517)
efromme@rutan.com
Caroline R. Djang (CA State Bar No. 216313)
cdjang@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for RAYMOND & MAIN RETAIL, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, et al., | Case No. 08-35653 (KRH) |
| Debtors. | (Jointly Administered) |
| | **AMENDED RESPONSE OF RAYMOND & MAIN RETAIL, LLC TO LIQUIDATING TRUST'S EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)** |
| | **Status Hearing:** April 14, 2011 at 2:00 p.m. (Eastern Time) |

Rutan & Tucker, LLP
attorneys at law

2562/024332-0002
1165633.02 a04/07/11

-1-

## I. INTRODUCTION

RAYMOND & MAIN RETAIL, LLC (*"Claimant"*) hereby responds (the *"Response"*) to the *Liquidating Trust's Eighth Omnibus Objection To Landlord Claims (Reduction Of Certain Partially Invalid Claims, Reclassification Of Certain Misclassified Claims, Disallowance Of Certain Invalid Claims, Disallowance Of Certain Late Filed Claims, And Disallowance Of Certain Amended Claims)* (the **"Objection"**), filed on February 25, 2011 [Docket No. 10046] by the Circuit City Stores, Inc. Liquidating Trust (the *"Trust"*). By the Objection, the Trust seeks to disallow Claimant's Claims (defined below) on the grounds that "no amounts are owed per the debtor's records." The Trust's stated grounds for disallowance of the Claims are insufficient, and the Objection should be overruled for the reasons set forth herein.

## II. FACTUAL BACKGROUND

On or about January 30, 2009, Claimant filed two proofs of claim, Claim Nos. 8985 and 8988 (the *"Claims"*),[1] each in the amount of $856,459.10. Prior to the petition date, Claimant and Circuit City Stores West Coast, Inc., one of the debtors herein, were parties to a lease, dated as of December 10, 2007, for the retail premises located at the intersection of Main Street and Raymond Street in Alhambra, California (the *"Alhambra Lease"*). A copy of the Alhambra Lease is attached to Claim No. 8988 as **"Annex B"** and incorporated herein by this reference.

On November 10, 2008 (the *"Petition Date"*), the debtors in the above-captioned cases (the *"Debtors"*) filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. On or about December 24, 2008, this Court entered the *Order Under 11 U.S.C. § 365 Approving Rejection of Alhambra Lease* [Doc. No. 1270]. As a result of the Debtors' rejection of the Alhambra Lease, Claimant is entitled to, among other

---

[1] Contrary to the Debtors' assertion in the Objection, Claim No. 8985 is not a claim "against the wrong debtor." Rather, Claim No. 8985 is based on a Guaranty executed by Circuit City Stores, Inc. whereby Circuit City Stores, Inc. guaranteed the obligations of Circuit City Stores West Coast Inc. Thus, both Claim No. 8985 and Claim No. 8988 are each valid claims for the reasons set forth herein.

things, damages pursuant to the terms of the Alhambra Lease and 11 U.S.C. §502(b)(6).

By the Objection, the Debtors seek to disallow the Claims, for no specific reason, other than "[n]o amounts are owed per the debtor's books and records." <u>Objection</u> at **Exhibit "E"**. No evidence of any kind has been submitted in support of the Objection.

### III. ARGUMENT

#### A. Applicable Law

A proof of claim filed pursuant to § 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Pursuant to Fed. R. Bankr. P. 3001(f), a claim properly documented, executed and filed shall constitute *prima facie* evidence of the validity and amount of the claim. To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000). *Accord In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009). In addition, the objecting party's initial burden of overcoming a claim's presumptive validity includes the burden of placing the claimant on notice as to what aspects of its claim the objecting party finds objectionable. *Smith v. Sprayberry Square Holdings, Inc. (In re Smith)*, 249 B.R. 328, 333 (Bankr. S.D. Ga. 2000). In *Smith*, as here, the debtor's objection to the landlord's § 502(b)(6) claim included only general statements: that the landlord had filed a claim, and that, "The Debtor denies that he is indebted to the Creditor in the amount claimed, and requests a hearing to determine the amount, if any, owed." *Smith*, 249 B.R. at 332. The debtor in *Smith* later raised specific objections to the landlord's proof of claim. The court held that by initially failing to raise specific objections, the debtor failed to place those charges in issue, and refused to

consider any "late raised objections." *Id.* at 333.

### B. The Objection Should Be Overruled Because Debtors Have Failed to Meet Their Evidentiary Burden for Disallowance of the Claims

In support of its Claims, Claimant has submitted unrefuted evidence that, as a result of the Debtors' rejection of the Lease, Claimant is entitled to rejection damages under 11 U.S.C. § 502(b)(6). Pursuant to Article I, Section 1.01. H. of the Lease, the initial lease term was "ten (10) Lease Years, plus the partial Lease Year commencing on the Commencement Date and ending on January 31, immediately thereafter." Based thereon, the initial termination date of the Lease was January 31, 2019. As of the Debtors' Petition Date of November 11, 2008, the remaining Lease term was 10 years, two months, and 21 days.

As detailed in the Claims, one year's rent under the Lease totaled $856,459.10, which consists of rent of $685,168.00, CAM of $60,456.00, and taxes of $110.835.10. Below is a calculation of the damages under the lease and the cap pursuant to 11 U.S.C. § 502(b)(6)[2]:

1. One year's rent, CAM and taxes = $856,460.00
2. Gross Rent remaining under the Lease = $8,933,378.12
3. x 15% = $1,340,000.72, which is less than three years' rent ($2,580,646.48)
4. Less Security Deposit of $0
5. Less mitigation of damages $0[3]
6. Plus any amounts owing for unpaid rent prior to the filing date $0

---

[2] (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds--
   (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of--
      (i) the date of the filing of the petition; and
      (ii) the date on which such lessor repossessed or the lessee surrendered, the leased property; plus
   (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

[3] Despite Claimant's diligent efforts, it has been unable to re-lease the property.

7. Total amount of rejection damages claim = $1,340,006.72

Thus, Claimant's rejection damages under 11 U.S.C. §502(b)(6) are **$1,340,006.72**.[4]

Debtors' proposal to disallow the Claims in their entirety is not supported by any evidence whatsoever. In fact, Debtors' Objection fails to even include a declaration from the person(s) who allegedly conducted a review of the Debtors' books and records to determine that Claimant's Claims are invalid. The mere denial of a claim's validity or amount is not sufficient to rebut the *prima facie* effect of a properly filed proof of claim. Not until that obligation is met does the burden of production shift to the Claimant. *In re Narragansett Clothing Co.*, 143 B.R. 582, 583 (Bankr. D.R.I. 1992). *See also, In re Callery*, 274 B.R. 51 (Bankr. D. Mass. 2002) (Chapter 11 debtor could not rebut presumptive validity of properly filed proof of claim merely filing objection to claim, with nothing more).

In support of the Objection, Debtors merely assert as follows:

> "Specifically, after a review of the Invalid Claims and the bases upon which each is are asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that the Invalid Claims are based on liabilities already asserted by the Claimants in other claims (i) liabilities that already have been satisfied by the Debtors, or (ii) liabilities for which the Debtors dispute any liability. Accordingly, the Liquidating Trust requests that the Invalid Claims identified on Exhibit E be disallowed for the reasons stated therein." [Objection at 9].

As to the claims objected to in the Objection, including Claimant's, the Debtors have failed to produce any evidence uncovered during their review of the claims showing that the Debtors do not owe anything to Claimant. Nor have the Debtors put forth any legal argument as to why Claimant is not owed damages pursuant to 11 U.S.C. § 502(b)(6). Indeed, because the Claims are based on a statutory predicate, *i.e.* §502(b)(6), it is not clear how a review of Debtors' books and records could possibly yield evidence tending to invalidate the Claims. Thus, similar to the *Smith* case cited above, Debtors' Objection fails to put Claimant on notice as to what it is that Debtors find objectionable

---

[4] Claimant previously asserted the amount of its Claims to be $856,459.10, based on one year's rent. Upon further review, however, the correct amount of the Claims is $1,340,006.72, as set forth above. Claimant will file an amended proof of claim reflecting the correct claim amount.

1 about the Claims.

2 The Debtors' Objection also fails to comply with 3007-1(A) of the Local Bankruptcy Rules for the Eastern District of Virginia, which provides that "All objections to claims shall state with particularity the grounds therefore and shall set forth the relief or order sought." The Debtors' Objection provides no particularity at all and evidence to support its specious ground for the Debtors' Objection.

7 The Debtors' Objection provides nothing more than a mere denial of the amount of Claimant's Claims, and does not place Claimant on notice as to what aspects of the Claims are objectionable to the Debtors. As such, the burden of production does not shift to Claimant, and the Objection must be overruled.

## IV. CONCLUSION

Based on the relevant legal standards cited herein, the Debtors have not met their burden to overcome the *prima facie* validity of the Claims. Therefore, the Objection should be overruled, and the Claims should be allowed as amended herein.

Rutan & Tucker, LLP
attorneys at law

2562/024332-0002
1165633.02 a04/07/11

-6-

Respectfully submitted,

**SPOTTS FAIN PC**

By: /s/ Neil E. McCullagh
Neil E. McCullagh (VSB No. 39027)
NMcCullagh@spottsfain.com
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2064
Facsimile: (804) 697-2164

- AND -

**RUTAN & TUCKER, LLP**

By: /s/ Eric J. Fromme
Eric J. Fromme (CA State Bar No. 193517)
efromme@rutan.com
Caroline R. Djang (CA State Bar No. 216313)
cdjang@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:    714-641-5100
Facsimile:    714-546-9035

Attorneys for Raymond & Main Retail, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2011, a true and correct copy of the above response was served (i) via electronic means through the Court's ECF system; and (ii) by email on the parties listed below.

Andrew W. Caine, Esq.
Victoria Newmark, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

/s/ Neil E. McCullagh