UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653-KRH |
| Debtors. | Jointly Administered |

**THE MARVIN L. OATES TRUST'S RESPONSE TO
LIQUIDATING TRUST'S FOURTEENTH OMNIBUS
<u>OBJECTION TO LANDLORD CLAIMS [Docket #10052]</u>**

Creditor The Marvin L. Oates Trust ("Oates") hereby responds to Liquidating Trust's Fourteenth Omnibus Objection to Landlord Claims.

1. On November 10, 2008, Circuit City Stores, Inc. ("Debtor") and its related companies filed voluntary petitions for relief under Chapter 11 of the United State Bankruptcy Code.

2. Oates timely filed its Proof of Claim no. 7024 for pre-petition rent and leasehold expenses and rejection damages in the amount of $44,963.02.

3. As set forth in Schedule C of the Objection, the Liquidating Trustee proposes to reduce Oates' claims but their reasoning is vague and uncertain.

   a. <u>**$10,986.51 in Pre-Petition rent**</u>: Paragraph 4 of the Lease, a copy of which is attached to the Proof of Claim filed by Oates[1], provides that Debtor agreed to pay Minimum Rent to Oates, "without deduction, setoff, prior notice of demand" and "in advance, on

---

[1] Should the Court, Debtor or any other party request a copy of the Lease, it will be provided.

Augustus C. Epps, Jr., VSB No. 13254
Jennifer M. McLemore, VSB No. 47164
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4104
Facsimile: (804) 697-6104

Counsel to The Marvin L. Oates Trust

or before the first day of the month." According to Oates' books, base rent for November 2008 remains unpaid. Because of the vague nature of the Liquidating Trustee's objection, it is uncertain how it arrived at its number or the basis upon which the Liquidating Trustee seeks to reduce it. A copy of the tenant ledger for this Debtor is attached hereto as **Exhibit A**.

      b.    **$1,569.50 in pre-petition late fees**: Paragraph 34.H of the Lease provides that Oates may assess a late charge of 10% on any installment of rent or other sum due from Debtor which is not paid within 10 days. Rent and all other sums were due on the first of the month. Debtor failed to pay November 2008's rent, property taxes, CAM and insurance which totaled $15,695.01. Ten percent of that amount is $1,569.50. The late charge was properly assessed pursuant to the Lease.

      c.    **$2,184.44 for pro-rata share of a leasing commission**: Paragraph 23.B(4) of the Lease allows Oates to recover from Debtor "any other amount, and court costs, necessary to compensate Landlord for all detriment proximately caused by Tenant's default." The filing for bankruptcy relief is a default under the Lease. (Lease, ¶ 22.D.) Moreover, California Civil Code section 1951.2 provides:

> (a) Except as otherwise provided in Section 1951.4, if a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates. Upon such termination, the lessor may recover from the lessee:
>
> . . .
>
> (4) Any other amount necessary to compensate the lessor for all the detriment proximately caused by the lessee's failure to perform his obligations under the lease or which in the ordinary course of things would be likely to result therefrom.

After Debtor vacated, Oates was able to very quickly locate a replacement tenant for the Premises when Debtor vacated. Oates seeks recovery of the pro-rata share of a leasing

2

commission for the replacement tenant in the amount of $2,184.44 ($6,865.38 x 7/22). However, in obtaining the replacement tenant, Oates was forced to incur a leasing commission which it would otherwise not incur had Debtor not vacated and defaulted. The amount of the leasing commission was pro-rated and is properly recoverable under the Lease and California Civil Code 1951.2(a)(4).

    4.    The foregoing averments are based upon the personal knowledge of the following individual:

> Janet Hart
> Oates Investment Company
> 960 Fulton Avenue
> Sacramento, California 95825
> (916) 489-6400

Ms. Hart's declaration is attached hereto.

    5.    Pursuant to this Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objection ("Order"), Oates will provide such additional documentation as it may have upon request.

    6.    Pursuant to the Order, Oates' notice address is identical with the address of the undersigned counsel.

    WHEREFORE, Creditor The Marvin L. Oates Trust requests that the Court have and consider Claim No. 7024, that the Court determine that this Creditor is entitled to their claim in full; that the Objection of the Trustee in this regard be denied in its entirety or in the alternative, be found to confirm the amount of the claim as presented by this Creditor; and that this Creditor be granted any additional relief to which it may be entitled.

Dated: April 21, 2011                THE MARVIN L. OATES TRUST

                                          By: /s/ Augustus C. Epps, Jr.
                                             Augustus C. Epps, Jr., counsel

Augustus C. Epps, Jr., Esquire
Jennifer M. McLemore, Esquire
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4104
Facsimile: (804) 697-6104

Jennifer L. Pruski, Esquire
Trainor Fairbrook
980 Fulton Avenue
Sacramento, California 95825
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

Counsel to The Marvin L. Oates Trust

## DECLARATION OF JOAN HART

I, Joan Hart, declare:

I am the property manager for The Marvin L. Oates Trust. As to the matters set forth herein, if called upon testify, I could and would competently testify thereto, for I know the matters to be true of my own personal knowledge or my review of the billing records related to this matter which are kept in the ordinary course of business.

I have read this Response, reviewed the attachment thereto and reviewed The Marvin L. Oates Trust's books. I attest that the rent, late charge and leasing commission discussed herein specifically relate to Circuit City's occupation of the premises, subsequent default and vacation of the premises.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 5, 2011 in Sacramento, California.

/s/ Joan Hart
Joan Hart

THE MARVIN L. OATES TRUST'S RESPONSE TO LIQUIDATING TRUST'S
FOURTEENTH OMNIBUS OBJECTION TO LANDLORD CLAIMS [Docket # 10052]

-4-

TRAINOR FAIRBROOK
Attorneys At Law
980 FULTON AVENUE
SACRAMENTO, CALIFORNIA 95825-4558
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April 2011, a true and correct copy of the foregoing has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

1147540v1