Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: <br><br> CIRCUIT CITY STORES, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-35653-KRH <br><br> (Jointly Administered) |

**TRUSTEE'S SECOND MOTION FOR AN ORDER UNDER 11 U.S.C. § 105(a)
AND FED. R. BANKR. P. 9006(b) FURTHER EXTENDING THE
TIME PERIOD WITHIN WHICH THE TRUSTEE MAY REMOVE
ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**

Alfred H. Siegel, the duly appointed trustee (the "Trustee") of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of

Creditors Holding General Unsecured Claims (the "Plan"), hereby moves (the "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") further extending the time period which the Trustee may remove pending proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. In support of the Motion, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The Predicates for the relief requested here are Bankruptcy Code section 105(a) and Bankruptcy Rules 9006 and 9027.

### BACKGROUND

3.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

5.  On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at

2

the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

6. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

7. The Plan provides for, among other things, the appointment of Alfred H. Siegel to serve as the Trustee of the Circuit City Stores, Inc. Liquidating Trust, as of the effective date.

8. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order").

9. The Plan became effective on November 1, 2010.

## RELIEF REQUESTED

10. By this Motion, the Trustee requests the entry of an order pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) further extending the Removal Period (as defined below) with respect to any actions pending on the Petition Date through the later of (a) July 26, 2011 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular auction sought to be removed.

## BASIS FOR RELIEF

11. Pursuant to Bankruptcy Rule 2027(a)(2) and previous orders entered by this Court, the period during which the Trustee may remove actions, if any, pursuant to 28 U.S.C. § 1452 (the "First Removal Period") expired the later of (a) January 26, 2011 or (b) 30 days after entry of any order terminating the automatic stay with respect to any particular action sought to be removed.

12. On January 24, 2011, the Trustee filed Motion to Extend Time (Trustees Motion For An Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 9006(b) Further Extending The

3

Time Period Within Which The Trustee May Remove Actions Pursuant To 28 U.S.C. § 1452 And Fed. R. Bankr. P. 9027) (the "Removal Period"), which this Court granted and extended the Removal Period expiration to the later of (a) April 26, 2011 or (b) 30 days after entry of any order terminating the automatic stay with respect to any particular action sought to be removed.

13. Currently, the Debtors[1] are party to numerous judicial and administrative proceedings currently pending in various courts and administrative agencies (collectively, the "Actions"). The Actions involve a variety of claims, some of which are complex. Specifically, the Actions include, among others, discrimination, workers' compensation, and product liability claims. Because of (a) the of Actions involved, (b) the variety of claims, (c) the relative proximity of the Effective Date to the removal deadline, and (d) the number of other matters the Liquidating Trust, its staff and professionals has addressed since the Effective Date, the Trustee requires additional time to determine which, if any, of the Actions should be removed and, if appropriate, transferred to this district.

14. In light of the foregoing, the Trustee submits that the requested extension of time is in the best interests of the estates and creditors.

## Applicable Authority

15. 28 U.S.C. § 1452 governs the removal of pending civil actions. Section 1452 (a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

---

[1] Based upon the provisions of the Confirmation Order, the Trustee, acting on behalf of the Trust, is the appropriate party in the Actions.

4

28 U.S.C. § 1452(a). The current deadline for the Trustee to remove an action is April 26, 2011.

16. It is well settled that this Court has authorized to expand the removal period as requested herein. See Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D.W.V. 2000) ("Rule 9006 provides authority to enlarge the thirty-day time period for removing actions"); Wesco Prods. Co. v. Ramirez (In re Wesco Prods. Co.), 19 B.R. 908, 910 (Bankr. N.D. Ill. 1982) (the 30 day time limit for removal "is subject to enlargement in the court's discretion"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Ca. 1987) (the "Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bankr. R. 9027(a)(2) beyond the thirty-day period, pursuant to Bankr. R. 9006(b)(1); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Electric Construction Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (implying that timely filing a motion for enlargement of time period for removal is often granted); Stam v. Rapco Foam, Inc., 21 B.R. 715, 718 (Bankr W.D. Pa. 1982) (court may enlarge the time limit for the filing of an application for removal in appropriate circumstances).

17. As discussed above, the Trustee submits that an additional extension of the Removal Period is in the best interests of the Trust and the Debtors' estates. Indeed, the extension will afford the Trustee additional time to attempt to make fully informed decisions concerning whether the Actions may and should be removed, thereby protecting the Trust valuable right to adjudicate lawsuits pursuant to 28 U.S.C. § 1452. The adversaries will not, however, be prejudiced by such an extension because such adversaries may not prosecute the Actions absent relief from this Court. Furthermore, nothing herein will prejudice any party to a proceeding that the Trustee seeks to remove from pursuing remand pursuant to 28 U.S.C. § 1452(b).

18. Accordingly, the proposed extension requested herein is in the best interests of the Trust and estates and will not adversely affect the rights of other parties to the Actions.

### NOTICE

19. Notice of this Motion has been provided to those parties who have requested notice pursuant to Bankruptcy Rule 2002, the core group (as defined in the Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 6208; the "Case Management Order"), and the adversaries in the Actions. The Trustee submits that, under the circumstances, no other further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

19. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Trustee requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### CONCLUSION

20. WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated: Richmond, Virginia<br>April 25, 2011 | TAVENNER & BERAN, PLC<br><br>_/s/Lynn L. Tavenner_____<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>- and –<br><br>Robert J. Feinstein, Esq.<br>John A. Morris, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>(212) 561-7700<br><br>*Counsel to the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: <br><br> CIRCUIT CITY STORES, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-35653-KRH <br><br> (Jointly Administered) |

**SECOND ORDER GRANTING TRUSTEE'S MOTION FOR AN ORDER UNDER
11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9006(b) FURTHER EXTENDING
THE TIME PERIOD WITHIN WHICH THE TRUSTEE MAY REMOVE
<u>ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED R. BANKR. P. 9027</u>**

Upon the Motion (the "Motion")[2] of the Trustee for entry of an order under Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) further extending the time period within which the Trustee may remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027; and this Court having fully considered the record before it; and it appearing that notice of the Motion was good and sufficient under the circumstances; and it appearing that the relief requested by the Motion is in the best interests of the Trust and the Debtors' estates, creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The time period within which the Trustee may remove actions pending as of the Petition Date under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is hereby further extended through the later of (a) July 26, 2011, or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed.

3. Entry of this Order is without prejudice to the Trustee's right to seek from this Court further extensions of the time period to remove actions.

4. This Court shall retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

5. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

6.  Adequate notice of the relief sought in the Motion has been given and no further notice is required.

DATE: _____    _____
UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for Circuit City Stores, Inc. Liquidating Trust

**CERTIFICATION**

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178