IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                              Chapter 11

CIRCUIT CITY STORES, INC., ET AL                    Case No. 08-35653

            Debtors.                         Jointly Administered


**CORRECTED RESPONSE TO LIQUIDATING TRUST'S FOURTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID
<u>CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS</u>)**

    Claimant, Iannucci Development Corporation ("IDC") files its response to Liquidating Trust's Fourth Omnibus Objection to Landlord Claims (the "Objection") and respectfully states as follows:

    1.    IDC as successor to Iannucci & Son Construction Company, Inc., as landlord entered into a lease dated August 31, 1994 with Debtor as Tenant, covering premises located at 19-29 Universal Drive, North Haven, Connecticut for use as a Circuit City retail store, for an initial term of twenty-five years beginning on April 15, 1995 at an original annual rental of $315,000.00 (subject to a fifteen percent (15%) increase every five (5) years) plus annual real estate taxes. At the time the Debtor filed its voluntary petition under Chapter 11, the annual rent was $416,587.56.

    2.    The Objection should be overruled because the sums set forth in the

John M. Ryan, Jr., VSB No. 37796
Jonathan A. Grasso, VSB No. 80414
CROWLEY, LIBERATORE & RYAN, P.C.
1435 Crossways Boulevard, Suite 300
Chesapeake, VA 23320
Telephone: (757) 333-4500
Facsimile: (757)333-4501
Counsel for the Iannucci Development Corporation

Declaration attached hereto as **Exhibit 1** and incorporated herein demonstrate that the request of IDC for payments of administrative expenses should be allowed in full in accordance with 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A) as the lease in question was a lease for nonresidential real property and the lease represents actual and necessary costs and expenses of preserving the estate.

      3.      The claim for rent arises out of the Debtor's occupancy of property located at 19-29 Universal Drive, North Haven, Connecticut. The rental claim has two components. The first part of the claim is for rent due from November 10, 2008 (filing date) through November 30, 2008 in the sum of $24,300.99. This figure is arrived at by taking the base rent of $34,715.53 dividing it by 30 and multiplying $1,157 times 21 days. The second component of the rent is for the month of March 2009.[1] Notwithstanding the Debtor's rejection of the lease on March 12, 2009, the Debtor did not vacate the premises until March 31, 2009, at the earliest. *See **In re Trak Auto Corporation**,* 277 B.R. 655, 666-667 (Bankr. E.D.Va. 2002), *rev'd on other grounds,* 367 F.3d 237 (4th Cir. 2004).

      4.      The claim for reimbursement of administrative expenses also includes the 2008 real estate property taxes paid by IDC to the Town of North Haven which the Town assessed in October 2007, and came due on January 1, 2009, as shown by the tax bill attached to the Declaration of Raymond Iannucci. In addition, the Debtor owes partial year 2009 taxes assessed in advance in October 2008, for the period January 1, 2009,

---

[1] Claimant's original Request for Payment of Administrative Expenses (dated June 22, 2009) incorrectly stated in paragraph 3 that the Debtor failed to pay the base rent under the lease for the month of April 2009. The correct month was March 2009. This typographical error has been corrected in the Claimant's Declaration for Support of Response to Objection to Request for Payment of Administrative Expenses which is being filed contemporaneously with this pleading.

through March 31, 2009. The Debtor is obligated to pay all real estate taxes assessed against the leased property under the terms of the lease, and bankruptcy law requires payment of such taxes as an administrative expense of the estate insofar as such taxes accrued during the period of postpetition occupancy. *Trak Auto*, 277 B.R. at 662 (discussing application of accrual method in the context of postpetition lease obligations, including real estate taxes); *cited with approval in* **In re Circuit City Stores, Inc.***,* 2009 Bankr. LEXIS 672, *10-16 (Bankr. E.D.Va. 2009).

WHEREFORE, the Claimant prays that upon final consideration herein that the Court award the Claimant an allowed administrative expense in the sum of $71,176.54 and such further and additional relief to which Claimant may so justly be entitled to receive.

                              IANNUCCI DEVELOPMENT CORP.

                              BY: */s/ John M. Ryan, Jr.*

                                  Of Counsel

John M. Ryan, Jr., VSB No. 37796  
Jonathan A. Grasso, VSB No. 80414  
CROWLEY, LIBERATORE & RYAN, P.C.  
1435 Crossways Boulevard, Suite 300  
Chesapeake, VA 23320  
Telephone: (757) 333-4500  
Facsimile: (757)333-4501  
Counsel for the Iannucci Development Corporation

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on April 26, 2011, a true and correct copy of the foregoing has been served electronically using the ECF System on all registered users of the CM/ECF system who have filed notices of appearance in this matter, and has additionally been served on the following parties via first class, postage pre-paid mail:

   Clerk of the Bankruptcy Court
   United States Bankruptcy Court
   701 East Broad Street - Room 4000
   Richmond, Virginia 23219

   Jeffrey N. Pomerantz
   Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Boulevard
   Los Angeles, CA 90067

   Lynn L. Tavenner, Esq.
   Tavenner & Beran PLC
   20 North Eighth Street, 2nd Fl.
   Richmond, VA 23219

*/s/ John M. Ryan, Jr.*