IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED APR 28 2011
CLERK
US BANKRUPTCY COURT

In re:                                              Chapter 11

CIRCUIT CITY STORES, INC., ET AL                    Case No. 08-35653

    Debtors.                    Jointly Administered

## CORRECTED RESPONSE TO LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS)

Claimant, Iannucci Development Corporation ("IDC") files its response to Liquidating Trust's Fourth Omnibus Objection to Landlord Claims (the "Objection") and respectfully states as follows:

1. IDC as successor to Iannucci & Son Construction Company, Inc., as landlord entered into a lease dated August 31, 1994 with Debtor as Tenant, covering premises located at 19-29 Universal Drive, North Haven, Connecticut for use as a Circuit City retail store, for an initial term of twenty-five years beginning on April 15, 1995 at an original annual rental of $315,000.00 (subject to a fifteen percent (15%) increase every five (5) years) plus annual real estate taxes. At the time the Debtor filed its voluntary petition under Chapter 11, the annual rent was $416,587.56.

2. The Objection should be overruled because the sums set forth in the

John M. Ryan, Jr., VSB No. 37796
Jonathan A. Grasso, VSB No. 80414
CROWLEY, LIBERATORE & RYAN, P.C.
1435 Crossways Boulevard, Suite 300
Chesapeake, VA 23320
Telephone: (757) 333-4500
Facsimile: (757)333-4501
Counsel for the Iannucci Development Corporation

Declaration attached hereto as **Exhibit 1** and incorporated herein demonstrate that the request of IDC for payments of administrative expenses should be allowed in full in accordance with 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A) as the lease in question was a lease for nonresidential real property and the lease represents actual and necessary costs and expenses of preserving the estate.

3. The claim for rent arises out of the Debtor's occupancy of property located at 19-29 Universal Drive, North Haven, Connecticut. The rental claim has two components. The first part of the claim is for rent due from November 10, 2008 (filing date) through November 30, 2008 in the sum of $24,300.99. This figure is arrived at by taking the base rent of $34,715.53 dividing it by 30 and multiplying $1,157 times 21 days. The second component of the rent is for the month of March 2009.[1] Notwithstanding the Debtor's rejection of the lease on March 12, 2009, the Debtor did not vacate the premises until March 31, 2009, at the earliest. *See **In re Trak Auto Corporation**,* 277 B.R. 655, 666-667 (Bankr. E.D.Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004).

4. The claim for reimbursement of administrative expenses also includes the 2008 real estate property taxes paid by IDC to the Town of North Haven which the Town assessed in October 2007, and came due on January 1, 2009, as shown by the tax bill attached to the Declaration of Raymond Iannucci. In addition, the Debtor owes partial year 2009 taxes assessed in advance in October 2008, for the period January 1, 2009,

---

[1] Claimant's original Request for Payment of Administrative Expenses (dated June 22, 2009) incorrectly stated in paragraph 3 that the Debtor failed to pay the base rent under the lease for the month of April 2009. The correct month was March 2009. This typographical error has been corrected in the Claimant's Declaration for Support of Response to Objection to Request for Payment of Administrative Expenses which is being filed contemporaneously with this pleading.

through March 31, 2009. The Debtor is obligated to pay all real estate taxes assessed against the leased property under the terms of the lease, and bankruptcy law requires payment of such taxes as an administrative expense of the estate insofar as such taxes accrued during the period of postpetition occupancy. *Trak Auto*, 277 B.R. at 662 (discussing application of accrual method in the context of postpetition lease obligations, including real estate taxes); *cited with approval in In re Circuit City Stores, Inc.*, 2009 Bankr. LEXIS 672, *10-16 (Bankr. E.D.Va. 2009).

WHEREFORE, the Claimant prays that upon final consideration herein that the Court award the Claimant an allowed administrative expense in the sum of $71,176.54 and such further and additional relief to which Claimant may so justly be entitled to receive.

                                  IANNUCCI DEVELOPMENT CORP.

                                  BY: */s/ John M. Ryan, Jr.*

                                        Of Counsel

John M. Ryan, Jr., VSB No. 37796
Jonathan A. Grasso, VSB No. 80414
CROWLEY, LIBERATORE & RYAN, P.C.
1435 Crossways Boulevard, Suite 300
Chesapeake, VA 23320
Telephone: (757) 333-4500
Facsimile: (757)333-4501
Counsel for the Iannucci Development Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 26, 2011, a true and correct copy of the foregoing has been served electronically using the ECF System on all registered users of the CM/ECF system who have filed notices of appearance in this matter, and has additionally been served on the following parties via first class, postage pre-paid mail:

    Clerk of the Bankruptcy Court
    United States Bankruptcy Court
    701 East Broad Street - Room 4000
    Richmond, Virginia 23219

    Jeffrey N. Pomerantz
    Pachulski Stang Ziehl & Jones LLP
    10100 Santa Monica Boulevard
    Los Angeles, CA 90067

    Lynn L. Tavenner, Esq.
    Tavenner & Beran PLC
    20 North Eighth Street, 2nd Fl.
    Richmond, VA 23219

*/s/ John M. Ryan, Jr.*



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

In Re:                           :        Chapter 11

CIRCUIT CITY STORES, INC., ET AL :        Case No. 08-35653

Debtors                          :

                                 :        April 6, 2011

## DECLARATION IN SUPPORT OF RESPONSE TO OBJECTION
## TO REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES

1. My name is Raymond A. Iannucci. I am over the age of eighteen and believe in the obligation of an oath.

2. I make this Declaration in support of Iannucci Development Corporation's ("IDC") response to the Liquidating Trust's Fourth Omnibus Objection to Landlord's Claims as it relates to the administrative claim of IDC filed with the Court on or about June 22, 2009 as to Circuit City Stores, Inc. ("Debtor").

3. I have personal knowledge of the relevant facts set forth herein and these facts are true and correct.

4. I am incorporating herein the Request for Payment of Administrative Expenses

previously filed with Court on or about June 22, 2009 as Exhibit "A".[1]

5.  Between November 10, 2008 and April 30, 2009, I was the President of IDC. I am presently the President of IDC.

6.  The administrative claim of IDC arises out of lease between IDC (as successor to Iannucci & Son Construction Company, Inc.) and the Debtor. I am willing to provide a copy of the lease upon request.

7.  The Debtor remained in possession of the leased premises located at 19-29 Universal Drive, North Haven, Connecticut until after the rent was due for the month of March, 2009. The utilities remained in the name of the Debtor for the entire month of March, until IDC caused the electric company, gas company and the water company to terminate the Debtor's service.

8.  The administrative claims are based upon the Debtor's failure to pay rent due for November 10, 2008 through November 30, 2008 in the sum of $24,300.99. (per diem of $1,157.19 x 21 days based on a base rent of $34,715.63), base rent for the month of March 2009 in the sum of $34,715.63 and taxes due on January 1, 2009 to the Town of North Haven in the sum of $36,460.91. The total of these charges is $95,477.53.

9.  This claim is supported by my testimony as to the Debtor's occupancy of the

---

[1] Reference to the matter of April 2009 in paragraph 3 of Exhibit "A" should read March 2009.

leased premises, the lease between IDC as successor to Iannucci & Son Construction Company, Inc. and the Debtor (available upon request) and the Real Estate Tax Bill from Town of North Haven, Tax Collector, North Haven, Connecticut 06143-0900.

_____
Raymond A. Iannucci.
President
Iannucci Development Corporation

Subscribed and sworn to before me this 6th day of April, 2011.

_____
Arleen DeFranco
Notary Public
My Commission Expires: 1-31-13

G:\USERS\Lorrie\Clients\Iannucci\Circuit City\Declaration in Support of Response to Objection.wpd

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al | Case No. 08-35653 |
| Debtors | |
| | June 22, 2009 |

### Request for Payment of Administrative Expenses

Comes now Iannucci Development Corporation, as successor to Iannucci & Son Construction Company, Inc., landlord of the Debtor, and would show the court the following:

1. Movant as successor to Iannucci & Son Construction Company, Inc., as landlord entered into a lease dated August 31, 1994 with Debtor as Tenant, covering premises located at 19-29 Universal Drive, North Haven, Connecticut for use as a Circuit City retail store, for an initial term of twenty-five years beginning on April 15, 1995 at an original annual rental of $315,000.00 (subject to a fifteen percent (15%) increase every five (5) years) plus annual real estate taxes. At the time the Debtor filed its voluntary petition under Chapter 11, the annual rent was $416,587.56.

2. Debtor filed its voluntary petition under Chapter 11 on November 10, 2008 during the fourteenth (14) year of the lease. Debtor rejected the lease effective March 12, 2009.

3. Debtor failed to pay on such lease for the Month of April 2009 and is indebted to movant in the sum of $34,715.63 as rent and $36,460.91 as real estate taxes for the Administrative Period (as same is defined in the Notice of Deadline For Filing Administrative Expense Request).

4. This claim is not subject to any setoff or counterclaim, and movant holds no security for said debt.

5. The writing on which this claim is based is attached hereto as Exhibit A and made a part hereof.

6. Claim is entitled to payment of this administrative claim under 11 U.S.C. §503(b)(1)(A).

Wherefore, movant prays for an order of this court directing the payment to him of $71,176.54 and for such other and further relief as is just.

Dated: June 22, 2009

*[signature]*
Stephen B. Wright, Esq.
Attorney for Movant
Harlow, Adams & Friedman, P.C.
300 Bic Drive
Milford, CT 06461

REQUEST FOR ADMINISTRATIVE EXPENSES
SCHEDULE OF AMOUNT OF ADMINISTRATIVE EXPENSES

Base Rent During
Administrative Period                                                $34,715.63

One-half Annual Real Estate Taxes
appearing on the
October 1, 2008 Grand List
of the Town of North Haven, CT                                       $36,460.91

Total Amount of
Requested Administrative Expense                                     $71,176.54

N:\USERS\MattM\SPW\Iannucci.Request for Administrative Expenses.06.16.09.wpd

CERTIFICATE AMENDING OR RESTATING CERTIFICATE OF
61-38 Rev. 9/90
Stock Corporation

FILING #0001508622 PG 01 OF 02 VOL B-00001
FILED 12/12/1994 08:30 AM PAGE 03464
PAULINE R. KEZER
CONNECTICUT SECRETARY OF THE STATE

STATE OF CONNECTICUT
SECRETARY OF THE STATE
30 TRINITY STREET
HARTFORD, CT 06106

1. Name of Corporation ( Please enter name within lines)

   Iannucci & Son Construction Company, Inc.

2. The Certificate of Incorporation is: (Check one)

   ☒ A. Amended only, pursuant to Conn. Gen. Stat. §33 - 360.

   ☐ B. Amended only; to cancel authorized shares (state number of shares to be cancelled, the class, the series, if any, and the par value. P.A. 90-107.)

   ☐ C. Restated only; pursuant to Conn. Gen. Stat. §33 - 362(a).

   ☐ D. Amended and restated, pursuant to Conn. Gen. Stat. §33 - 362(c).

   ☐ E. Restated and superseded pursuant to Conn. Gen. Stat. §33 - 362(d).

   Set forth here the resolution of amendment and/or restatement. Use an 8 1/2 X 11 attached sheet if more space is needed. Conn. Gen. Stat. §1 - 9.

   The name of the Corporation be and hereby is changed to

   Iannucci Development Corporation

   (If 2A or 2B is checked, go to 5 & 6 to complete this certificate. If 2C or 2D is checked, complete 3A or 3B. If 2E is checked, complete 4.)

3. (Check one)

   ☐ A. This certificate purports merely to restate but not to change the provisions of the original Certificate of Incorporation as supplemented and amended to date, and there is no discrepancy between the provisions of the original Certificate of Incorporation as supplemented and amended to date, and the provisions of this Restated Certificate of Incorporation. (If 3A is checked, go to 5 & 6 to complete this certificate.).

   ☐ B. This Restated Certificate of Incorporation shall give effect to the amendment(s) and purports to restate all those provisions now in effect not being amended by such new amendment(s). (If 3B is checked, check 4, if true, and go to 5 & 6 to complete this Certificate.)

4. (Check, if true)

   ☐ This restated Certificate of Incorporation was adopted by the greatest vote which would have been required to amend any provision of the Certificate of Incorporation as in effect before such vote and supersedes such Certificate of Incorporation.

5. The manner of adopting the resolution was as follow

    [X] A. By the board of directors and shareholders, pursuant to Conn. Gen. Stat. §33 - 360.
Vote of Shareholders: (Check (i) or (ii), and check (iii) if applicable.)

        (i) [X] No shares are required to be voted as a class; the shareholder's vote was as follows:

        Vote Required for Adoption  majority          Vote Favoring Adoption  unanimous

        (ii) [ ] There are shares of more than one class entitled to vote as a class. The designation of each class required for adoption of the resolution and the vote of each class in favor of adoption were as follows:
(Use an 8 1/2 x 11 attached sheet if more space is needed. Conn. Gen. Stat. § 1 - 9.)

        (iii) [ ] Check here if the corporation has 100 or more recordholders, as defined in Conn. Gen. Stat. §33 - 311a(a).

    [ ] B. By the board of directors acting alone, pursuant to Conn. Gen. Stat. § 33 - 360(b)(2) or 33-362(a).

        The number of affirmative votes required to adopt such resolution is: _____

        The number of directors' votes in favor of the resolution was: _____

We hereby declare, under the penalties of false statement, that the statements made in the foregoing certificate are true:

| (Print or Type) | Signature | (Print or Type) | Signature |
|---|---|---|---|
| Name of Pres. / V. Pres. Raymond A. Iannucci | [signed] | Name of Sec/Ass'n't Sec. Raymond V. Iannucci | [signed] |

    [ ] C. The corporation does not have any shareholders. The resolution was adopted by vote of at least two-thirds of the incorporators before the organization meeting of the corporation, and approved in writing by all subscribers for shares of the corporation. If there are no subscribers, state NONE below.

We (at least two-thirds of the incorporators) hereby declare, under the penalties of false statement, that the statements made in the foregoing certificate are true.

| Signed Incorporator | Signed Incorporator | Signed Incorporator |
|---|---|---|
|  |  |  |
| Signed Subscriber | Signed Subscriber | Signed Subscriber |
|  |  |  |

(Use an 8 1/2 X 11 attached sheet if more space is needed. Conn. Gen. Stat. § 1 - 9)

6. Dated at  North Haven, CT   this  2nd   day of  December , 19 94

| Rec, CC, GS: (Type or Print) |
|---|
| Dana Eric Friedman, Esq. |
| Harlow, Adams & Friedman, P.C. |
| 300 Bic Drive |
| Milford, CT    06460 |

Please provide filer's name and complete address for mailing receipt

STATE OF CONNECTICUT } ss. HARTFORD
OFFICE OF THE SECRETARY OF THE STATE

I hereby certify that this is a true copy of record in this Office
In Testimony whereof, I have hereunto set my hand, and affixed the Seal of said State, at Hartford.
this ____ day of ____ Jan ____ A.D. 19__

_____
SECRETARY OF THE STATE

# EXHIBIT A

GROUND LEASE

BETWEEN

IANNUCCI & SON CONSTRUCTION COMPANY, INC.

AND

CIRCUIT CITY STORES, INC.

North Haven, Connecticut

Jan 08 09 11:01a    Raymond Iannucci         203-907-0078           p.3

## REAL ESTATE TAX BILL 2008

**TAXPAYER'S COPY** C
(See reverse side for important information)



Make checks payable to:
TAX COLLECTOR, NORTH HAVEN
PO BOX 900
HARTFORD, CT 06143-0900

Prop Loc.: 16 UNIVERSAL DR
Account #: 166380

The 2008-2009 budget for the Town of North Haven estimates that $5,542,794 will be received from the State of Connecticut. Without this assistance, the mill rate would be 25.42.

| LIST NUMBER | DIST | BANK | ON GRAND LIST | TOTAL TAX DUE | PAYMENT DUE | PAYMENT DUE |
|---|---|---|---|---|---|---|
| 2007 01 0004229 | 0 | | OCTOBER 1, 2007 | $72,921.22 | AUGUST 1, 2008 | JANUARY 1, 2009 |
| MILL RATE | GROSS ASSESSMENT | EXEMPTION | NET ASSESSMENT | | $36,460.61 | $36,460.61 |
| 23.5000 | 3,103,030 | 0 | 3,103,030 | | DELINQUENT AFTER AUG 1, 2008 | DELINQUENT AFTER FEB 2, 2009 |

RECEIVED
JUL 09 2008

IANNUCCI DEVELOPMENT CORPORATION
C/O FACILTY IQ-MS 1378
P O BOX 2440
RE CIRCUIT CITY STORES #3144  *North Haven, CT*
SPOKANE WA 99210-0440

Office Hours: Monday Thru Friday 8:30 AM - 4:30 PM. Except Holidays. Phone: 203-239-5321 Ext. 763

## REAL ESTATE TAX BILL 2008

**RETURN WITH 2nd PAYMENT** B
(See reverse side for important information)

Make checks payable to:
TAX COLLECTOR, NORTH HAVEN
PO BOX 900
HARTFORD, CT 06143-0900

Prop Loc.: 16 UNIVERSAL DR
Account #: 166380

Tax Questions Call: 203-239-5321 Ext. 765
Assessment Questions Call: 203-239-5321 Ext. 700

| LIST NUMBER | DIST | BANK | ON GRAND LIST | TOTAL TAX DUE | PAYMENT DUE | PAYMENT DUE |
|---|---|---|---|---|---|---|
| 2007 01 0004229 | 0 | | OCTOBER 1, 2007 | $72,921.22 | AUGUST 1, 2008 | JANUARY 1, 2009 |
| MILL RATE | GROSS ASSESSMENT | EXEMPTION | NET ASSESSMENT | | $36,460.61 | $36,460.61 |
| 23.5000 | 3,103,030 | 0 | 3,103,030 | | DELINQUENT AFTER AUG 1, 2008 | DELINQUENT AFTER FEB 2, 2009 |

IANNUCCI DEVELOPMENT CORPORATION
C/O FACILTY IQ-MS 1378
P O BOX 2440
RE CIRCUIT CITY STORES #3144
SPOKANE WA 99210-0440

1010701000422990364606100000000036460610000000002000729212234

## REAL ESTATE TAX BILL 2008

**RETURN WITH 1st PAYMENT** A
(See reverse side for important information)

Make checks payable to:
TAX COLLECTOR, NORTH HAVEN
PO BOX 900
HARTFORD, CT 06143-0900

Prop Loc.: 16 UNIVERSAL DR
Account #: 166380

Tax Questions Call: 203-239-5321 Ext. 765
Assessment Questions Call: 203-239-5321 Ext. 700

| LIST NUMBER | DIST | BANK | ON GRAND LIST | TOTAL TAX DUE | PAYMENT DUE | PAYMENT DUE |
|---|---|---|---|---|---|---|
| 2007 01 0004229 | 0 | | OCTOBER 1, 2007 | $72,921.22 | AUGUST 1, 2008 | JANUARY 1, 2009 |
| MILL RATE | GROSS ASSESSMENT | EXEMPTION | NET ASSESSMENT | | $36,460.61 | $36,460.61 |
| 23.5000 | 3,103,030 | 0 | 3,103,030 | | DELINQUENT AFTER AUG 1, 2008 | DELINQUENT AFTER FEB 2, 2009 |

IANNUCCI DEVELOPMENT CORPORATION
C/O FACILTY IQ-MS 1378
P O BOX 2440
RE CIRCUIT CITY STORES #3144
SPOKANE WA 99210-0440

1010701000422990364606100000000036460610000000002000729212234

Main Document    Page 16 of 16

# HARLOW, ADAMS & FRIEDMAN, P.C.

## Attorneys at Law

GEORGE W. ADAMS, III
DANA ERIC FRIEDMAN
THEODORE H. SHUMAKER
STEPHEN P. WRIGHT
JAMES M. NUGENT
MICHAEL P. A. WILLIAMS
WILLIAM T. BLAKE, JR.
JOSEPH A. KUBIC
JAMES R. WINKEL
MATTHEW A. McCOLL

WILLIAM D. HARLOW (1921-1988)

300 BIC DRIVE
MILFORD, CT 06461-3055

(203) 878-0681
FACSIMILE (203) 878-9568
FACSIMILE (203) 301-5057
e-mail: atty@quidproquo.com
HAF file#

April 6, 2011

**VIA UPS OVERNIGHT DELIVERY**

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 5000
Richmond, Virginia 23219

Re:   Circuit City Stores, Inc., Case No. 08-35653

Dear Sir or Madam:

On behalf of Iannucci Development Corp., enclosed please find a Response to Liquidating Trust's Fourth Omnibus Objection to Landlord Claims and Declaration in Support of Response to Objection in regards to the matter referenced above.

Very truly yours,
HARLOW, ADAMS & FRIEDMAN, P.C.

Lorrie Lusebrink

/ll
Encl
G:\USERS\Lorrie\Clients\Iannucci\Circuit City\Ltr.VA Bankruptcy Court.04.06.11.wpd