# EXHIBIT E



EXHIBIT C

RICHMOND DIVISION

F I L E D    MAY 1 1 2009    F I L E D

CLERK
U.S. BANKRUPTCY COURT

State Board of Equalization
Special Procedures Section
450 N Street, MIC: 55
P O Box 942879
Sacramento CA 94279-0055
Telephone (916) 445-1122

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA (RICHMOND)

In re: CIRCUIT CITY STORES, INC.,    )    Bkcy. Case No. 08-35653
                                      )
Debtor(s)                             )
                                      )
                                      )
                                      )
                                      )    EXPENSE OF ADMINISTRATION
                                      )        CLAIM FOR TAXES
                                      )    Chapter No. 11
                                      )
                                      )    Account No. SR OHB 17-692815

1) The undersigned is an authorized representative of the California State Board of Equalization (hereinafter "Board") and is authorized to make this request on behalf of the Board.

2) The grounds for this liability is a tax duly declared, levied, determined or assessed under the provisions of the California Sales and Use Tax Law and, where applicable, Uniform Local Sales and Use Tax Ordinances, Transit District Transactions (Sales) and Use Tax Ordinances, penalty and interest.

///
///
///
///
///

-1-

3) The debtor is liable to the Board in the following amounts:

(a) Tax for the period 11/10/08 to 12/31/08, interest and penalty claimed as EXPENSE OF ADMINISTRATION under 11 U.S.C. Section 507 (a)(2),   $325,605.29.

Additional interest after 4/30/09 to date of payment or until the case is converted to Chapter 7 is claimed under Section 507 (a)(2) at the prevailing rate provided by Section 19269, California Revenue and Taxation Code.

4) The due date for the said tax has passed.  No part of the said tax has been paid.  There are no set-offs or counterclaims to the same.  No note or judgment has been recovered therefrom, and the undersigned has not, nor has any person, to his/her knowledge or belief, for the use or benefit of the Board, received any manner of security for the said tax or interest or penalty whatsoever.

By: J. R. Williams
Authorized Representative

Dated April 29, 2009
At Sacramento, California

Mail all legal notices, correspondence and payments to the State Board of Equalization, Special Procedures Section, MIC: 55, P.O. Box 942879, Sacramento, CA 94279-0055 and include the debtor's Board of Equalization account number(s) for proper identification.

Make all monies payable to State Board of Equalization.

BT-455-E

-2-

STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, MIC: 65, SACRAMENTO, CALIFORNIA
(P. O. BOX 942879, SACRAMENTO, CA 94279-0055)
TELEPHONE (916) 445-1122
FAX (916) 327-0615
www.boe.ca.gov



BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

April 29, 2009

US BANKRUPTCY COURT
1100 E MAIN ST  STE 301
RICHMOND VA  23219-3538

*Account No.  SR OHB 17-692815*
*Debtor(s): CIRCUIT CITY STORES, INC.*
*Chapter 11 Bankruptcy*
*Case No. 08-35653*

Dear Ladies and Gentlemen:

Enclosed is an original Expense of Administration Claim for Taxes.  Please file this claim in the proceedings described above.

Please return to us the enclosed copy of this letter acknowledging receipt of the claim.  A self-addressed, stamped envelope is enclosed.

Sincerely,

J. R. Williams
Tax Compliance Supervisor
Special Procedures Section

JRW:SH:bkooa.dot
Enclosures

cc:  CIRCUIT CITY STORES INC
     9950 MAYLAND DR
     RICHMOND VA  23233-1463

# EXHIBIT F

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SIXTY-EIGHTH OMNIBUS OBJECTION
TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1], hereby file their Sixty-Eighth Omnibus Objection to Claims (Disallowance of Certain Late Claims) (the "Objection"), and hereby move this Court, pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as Exhibit A, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

§§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502, and 503 and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

3

Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

8.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9.    On November 12, 2008, this Court entered that

4

certain Order Establishing Bar Date for Filing Requests for
Payment of Administrative Expense Claims Under Bankruptcy
Code Sections 105 and 503(b)(9) and Approving Form, Manner
and Sufficiency of Notice of the Bar Date Pursuant to
Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar
Date Order").

10.    Pursuant to the 503(b)(9) Bar Date Order, this
Court approved the form and manner of the 503(b)(9) bar date
notice, which was attached as Exhibit A to the 503(b)(9) Bar
Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to
the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice,
the bar date for filing proofs of claim asserting
administrative priority claims pursuant to section 503(b)(9)
of the Bankruptcy Code was on December 19, 2008 (the
"503(b)(9) Bar Date").

11.    On November 19, 2008, KCC served a copy of the
503(b)(9) Bar Date Notice on the 2002 Service List, all of
the Debtors' scheduled creditors in these cases, the
Debtors' equity holders, and certain other parties (Docket
No. 358).  In addition, the Debtors published the 503(b)(9)
Bar Date Notice in The New York Times (Docket No. 549), The
Wall Street Journal (Docket No. 548),and The Richmond Times-
Dispatch (Docket No. 547).

12.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

13.    On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881)(the "Omnibus Objection Procedures Order").

14.    On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof (Docket No. 3354) (the "Administrative Claims Bar Date Order").

15.    Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all "Administrative Expenses"

6

(as defined in the Administrative Claims Bar Date Order)

against the Debtors by any person or entity was 5:00 p.m.

(Pacific) on June 30, 2009 (the "Administrative Claims Bar

Date"). Pursuant to the Claims Bar Date Order, this Court

approved the form and manner of the claims bar date notice,

which was attached as Exhibit A to the Administrative Claims

Bar Date Order (the "Administrative Claims Bar Date

Notice").

16. On or before May 22, 2009, KCC served a copy of

the Administrative Claims Bar Date Notice on all parties who

filed notices of appearance pursuant to Bankruptcy Rule

2002, all of the Debtors' scheduled creditors in these

cases, the Debtors' equity holders, and certain other

parties (Docket Nos. 3397 and 4609). In addition, the

Debtors published the Administrative Claims Bar Date Notice

in The Financial Times (Docket No. 3970), and The Richmond

Times-Dispatch (Docket No. 3969) and The Wall Street Journal

(Docket No. 3968).

## OBJECTIONS TO CLAIMS

17. As more particularly described herein, the Debtors

seek in this Objection the disallowance of certain claims

that were filed after the applicable bar date, all as

further described herein and pursuant to the form of order

attached hereto as <u>Exhibit A</u>.

18.   The claims that are the subject of this Objection may be the subject to additional subsequently filed objections.

19.   The Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds.   The Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

20.   For ease of reference, attached as <u>Exhibit B</u> is an alphabetical listing of all Claimants whose Claims are included in this Objection, with a cross-reference by claim number.

## <u>BASIS FOR RELIEF</u>

21.   <u>Exhibit C</u> contains a list of claims that were filed after the General Bar Date and <u>Exhibit D</u> contains a list of claims that were filed after the Governmental Bar Date.

22.   The Claims Bar Date Order provides in relevant part:

8

Pursuant to Bankruptcy Rule 3003(c)(3),
all "entities" and "persons" (as defined
respectively in 11 U.S.C. § 101(15) and
(41)), except any governmental unit (as
defined in 11 U.S.C. § 101(27)) that are
creditors holding or wishing to assert
"claims" (as defined in 11 U.S.C. §
101(5)) arising before the Petition Date
against any of the Debtors are required
to file with the Debtors' Claims Agent
(as defined below), on or before 5:00
p.m. (Pacific) on January 30, 2009 (the
"General Bar Date") a separate,
completed, and executed proof of claim
form (conforming substantially to
Official Bankruptcy Form No. 10) on
account of any such claims in accordance
with the procedures set forth below.

. . .

Pursuant to Bankruptcy Rule 3003(c) and
Bankruptcy Code section 502(b)(9), any
governmental units (as defined in 11
U.S.C. § 101(27)) that are creditors
holding or wishing to assert "claims"
(as defined in 11 U.S.C. § 101(5))
arising before the Petition Date against
any of the Debtors are required to file,
on or before 5:00 p.m. (Pacific) on May
11, 2009(the "Governmental Bar Date") a
separate, completed, and executed proof
of claim form (conforming substantially
to Official Bankruptcy Form No. 10) on
account of any such claims in accordance
with the procedures set forth below.

. . .

9

Any creditor that is required to file
but fails to file a proof of claim for
its claim in accordance with the
procedures set forth in this order on or
before the General Bar Date, the
Governmental Bar Date, or such other
date established hereby (as applicable)
shall be forever barred, estopped, and
enjoined from: (a) asserting any Claim
against the Debtors that (i) is in an
amount that exceeds the amount, if any,
that is set forth in the Schedules as
undisputed, noncontingent, and
unliquidated or (ii) is of a different
nature or in a different classification
(any such claim referred to as an
"Unscheduled Claim") and (b) voting
upon, or receiving distributions under,
any plan or plans of reorganization in
these chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and
their property shall be forever
discharged from any and all indebtedness
or liability with respect to such
Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12

23.    The Claims Bar Date Notice provides in relevant

part:

CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim. If it is unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.

Bar Date Notice, p. 5.

24.   Exhibit E contains a list of claims that were filed after the Administrative Bar Date.

25.   The Administrative Claims Bar Date Order provides

11

in relevant part:

> All holders of or those wishing to
> assert an Administrative Expense,
> including (without limitation) persons,
> entities, individuals, partnerships,
> corporations, estates, trusts, indenture
> trustees, unions and governmental units,
> must file an Administrative Expense
> Request on or before **5:00 p.m. (Pacific)
> on June 30, 2009** -- the Administrative
> Bar Date - in accordance with the
> procedures set forth below.

> . . .

> Any person or entity that is required, but
> fails, to file an Administrative Expense
> Request for its Administrative Expense in
> accordance with the procedures set forth in
> this order on or before the Administrative
> Bar Date (a) shall be forever barred,
> estopped, and enjoined from asserting any
> Administrative Expense against the Debtors
> and the Debtors shall be forever discharged
> from any and all indebtedness or liability
> with respect to such Administrative Expenses
> and (b) shall not be permitted to receive
> payment from the Debtors' estates or
> participate in any distribution under any
> plan or plans of liquidation in the Debtors'
> chapter 11 cases on account of such
> Administrative Expenses.

Administrative Claims Bar Date Order, ¶¶ 2, 12.

26.   The Administrative Claims Bar Date Notice provides

in relevant part:

12

CONSEQUENCES OF FAILURE TO FILE
ADMINISTRATIVE EXPENSE REQUESTS

Any holder of an Administrative Request
that is required to file (but fails to
file) an Administrative Expense Request
in accordance with the procedures set
forth herein on or before the
Administrative Bar Date (a) shall be
forever barred, estopped, and enjoined
from asserting any Administrative
Expense against the Debtors and the
Debtors (shall [sic] be forever
discharged from any and all indebtedness
or liability with respect to such
Administrative Expense and (b) shall not
be permitted to receive payment from the
Debtors estates or participate in any
distribution under any plan or plans of
liquidation in the Debtors' chapter 11
cases on account of such Administrative
Expense.

Administrative Claims Bar Date Notice, p. 5.

27.   Exhibit F contains a list of claims that were

filed after the 503(b)(9) Bar Date (collectively, all of the

claims set forth on Exhibits C, D, E and F, the "Late

Claims").

28.   The 503(b)(9) Bar Date Order provides in relevant

part:

Any holder of a Section 503(b)(9) Claim
that fails to file a Section 503(b)(9)
Claim Request or a Section 503(b)(9)
Motion by the Section 503(b)(9) Bar Date
in accordance with the procedure set
forth in this Order is forever barred,
estopped, and permanently enjoined from
asserting its Section 503(b)(9) Claim

13

against the Debtors, their estates, or
the property of any of them, and such
holder shall not be entitled to receive
any distribution in these bankruptcy
cases on account of such Section
503(b)(9) Claim or receive further
notices regarding such Section 503(b)(9)
Claim, absent further order of this
Court.

. . .

Any Section 503(b)(9) Claim Request or
Section 503(b)(9) Motion that is not
timely filed and served in accordance
with this Order on or before the Section
503(b)(9) Bar Date, so as to be actually
<u>RECEIVED</u> by the deadline and in the
manner set forth herein, shall be
disallowed, and the holder of such
Section 503(b)(9) Claim shall be forever
barred, estopped, and permanently
enjoined from asserting such Section
503(b)(9) Claim against the Debtors,
their estates, or the property of any of
them, and such holder shall not be
entitled to receive any distribution in
these bankruptcy cases on account of
such Section 503(b)(9) Claim or receive
further notices regarding such Section
503(b)(9) Claim, absent further order of
this Court.

503(b)(9) Bar Date Order, ¶¶ 7, 12.

29.   The 503(b)(9) Bar Date Notice provides in relevant

part:

CONSEQUENCES OF FAILURE TO 503(b)(9) CLAIM REQUEST

ANY PERSON OR ENTITY HOLDING A SECTION
503(b)(9) CLAIM THAT FAILS TO FILE A
SECTION 503(b)(9) CLAIM REQUEST ON OR
BEFORE THE BAR DATE SHALL BE FOREVER

14

> BARRED AND ESTOPPED FROM ASSERTING A
> SECTION 503(b)(9) CLAIM AGAINST THE
> DEBTORS, THEIR ESTATES, OR THE PROPERTY
> OF ANY OF THEM, ABSENT FURTHER ORDER OF
> THE COURT.

503(b)(9) Bar Date Notice, p. 5.

30.    The disallowance of the Late Claims is appropriate under the applicable Bar Date Order, as well as under applicable law.

31.    Bar dates for asserting claims in chapter 11 bankruptcy cases serve extremely important purposes.  "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims."  See In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991). Premised on the imperative purpose of finality of asserting claims against a debtor, courts have not allowed claims filed by creditors after the bar date, absent special circumstances.  See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion) ("Because Bean did not timely file his bankruptcy claim after having been given constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003(c)(2).").

32. The Late Claims were filed in the present cases after the applicable bar date. Accordingly, pursuant to the applicable Bar Date Order, these Late Claims are "forever barred, estopped, and permanently enjoined from asserting such claim against the Debtors . . . ."

33. It is essential for the Debtors to establish the proper liabilities asserted against them. In order to achieve the imperative of finality in the claims process, the Debtors request that this Court disallow, in their entirety and for all purposes in these bankruptcy cases, the Late Claims in this Objection.

34. The Debtors reserve the right to object to the Late Claims on any other grounds at any time.

## RESERVATION OF RIGHTS

35. As noted above, the Debtors reserve their rights to file objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

36. Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection

16

as identified on Exhibit C (the "Claimants"), respectively, and to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Debtors are serving the Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

37.   To the extent any Claimant timely files and

properly serves a response to this Objection by **4:00 p.m.
(Eastern) on March 18, 2010** as required by the Case
Management Order and under applicable law, and the parties
are unable to otherwise resolve the Objection, the Debtors
request that the Court conduct a status conference with
respect to any such responding claimant at **2:30 p.m.
(Eastern) on March 25, 2010** and thereafter schedule the
matter for a future hearing as to the merits of such claim.
However, to the extent any Claimant fails to timely file and
properly serve a response to this Objection as required by
the Case Management Order and applicable law, the Debtors
request that the Court enter an order, substantially in the
form attached hereto as Exhibit A, disallowing such
Claimant's claim in its entirety for all purposes in these
bankruptcy cases.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
### THE OMNIBUS OBJECTION PROCEDURES ORDER

38.   This Objection complies with Bankruptcy Rule
3007(e).  Additionally, the Debtors submit that this
Objection is filed in accordance with the Omnibus Objection
Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

39.   Pursuant to Local Bankruptcy Rule 9013-1(G), and

18

because there are no novel issues of law presented in the Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

### NO PRIOR RELIEF

40.  No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an

Order sustaining this Objection and granting such other and

further relief as the Court deems appropriate.

Dated: Richmond, Virginia        SKADDEN, ARPS, SLATE, MEAGHER &
       February 19, 2010         FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000

                                         - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                         - and -

                                 MCGUIREWOODS LLP

                                  /s/ Douglas M. Foley
                                 Dion W. Hayes (VSB No. 34304)
                                 Douglas M. Foley (VSB No. 34364)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors
                                 in Possession

## EXHIBIT A

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
                    Debtors.   :    Jointly Administered
- - - - - - - - - - - - - - - x

### ORDER SUSTAINING DEBTORS' SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)

THIS MATTER having come before the Court on the

Debtors' Sixty-Eighth Omnibus Objection to Claims

(Disallowance of Certain Late Claims) (the "Objection"),

which requested, among other things, that the claims

specifically identified on Exhibit C, D, E, and F attached

to the Objection be disallowed in their entirety and for all purposes in these bankruptcy cases for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is GRANTED.

2.    The Claims identified on <u>Exhibit A - Late Claims</u> as attached hereto and incorporated herein, are forever disallowed in their entirety for all purposes in these bankruptcy cases.

3.    The Debtors' rights to object to any claim, including (without limitation) the Late Claims, on any grounds that the applicable law permits are not waived and are expressly reserved.

2

4.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

5.    The Debtors shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

Dated: Richmond, Virginia
       _____, 2010

                              _____
                              HONORABLE KEVIN R. HUENNEKENS
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -


/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP

3

One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

\J0700473.2

4

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

Debtors' Sixty-Eighth Omnibus Objection to Claims

Exhibit B - Claimants and Related Claims Subject to Sixty-Eighth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BEACH CITIES INSTALLATIONS | 13650 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| BRENT L KIDMAN RYAN MCBRIDE | 14550 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CARLENE M KLEBE | 14754 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CHASE | 14573 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CITY OF CINCINNATI | 14718 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| CITY OF HAYWARD | 14540 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU | 14737 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU | 14673 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| FEDEX NATIONAL LTL | 14743 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| FERNANDO L LEON | 14670 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| FERNANDO L LEON | 14688 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| HEWLETT PACKARD FINANCIAL SERVICES COMPANY | 14323 | EXHIBIT E - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| JOEL M PORES | 14592 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| LAKHRANIE AND RONALD BISRAM | 14626 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| MATTHEW MUSICH | 14708 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| NAT VAUGHN | 14709 | EXHIBIT E - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| PIER 39 | 14705 | EXHIBIT E - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| R I DIVISION OF TAXATION | 14740 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| SEFERINO SANCHEZ | 14579 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| STATE BOARD OF EQUALIZATION | 13049 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| TOMESHA L WASHINGTON | 14779 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| TRAM, ALLAN | 13231 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| VILLAGE OF DOWNERS GROVE, IL | 14678 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| WILSON, LASHAUNDA K | 14623 | EXHIBIT F - (LATE 503(B)(9) CLAIMS) - DISALLOWED |

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Unsecured Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BEACH CITIES INSTALLATIONS<br>PO BOX 91144<br>LONG BEACH, CA 90809 | 13650 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$23,619.80<br><br>$23,619.80 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| BRENT L KIDMAN RYAN MCBRIDE<br>486 E SOUTHFIELD RD<br>SPANISH FORK UTAH, 84660 | 14550 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$1,015.05<br><br>$1,015.05 | 08/17/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CARLENE M KLEBE<br>162 E 88 ST APT 16<br>NEW YORK, NY 10128 | 14754 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$1,400.03<br><br>$1,400.03 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CHASE<br>ATTN JANET GIREOUS<br>CHASE CARD MEMBER SERVICES<br>PO BOX 15548<br>WILMINGTON, DE 19886-5548 | 14573 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>$2,425.00<br><br><br>$113.28<br><br>$2,538.28 | 09/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FEDEX NATIONAL LTL<br>2200 FORWARD DR DC 2218<br>HARRISON, AR 72601-2004 | 14743 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$2,449.06<br><br>$2,449.06 | 11/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Unsecured Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| FERNANDO L LEON<br>150 DORCHESTER AVE NO 601<br>BOSTON, MA 02127 | 14670 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $2,425.00<br><br><br>$113.28<br><br>$2,538.28 | 09/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FERNANDO LEON<br>150 DORCHESTER AVE NO 601<br>BOSTON, MA 02127 | 14688 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $2,425.00<br><br><br>$113.28<br><br>$2,538.28 | 10/20/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JOEL M PORES<br>24031 EL TORO RD NO 301<br>LAGUNA HILLS, CA 92653 | 14592 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | UNL<br><br><br><br><br>UNL | 08/25/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| LAKHRANIE AND RONALD BISRAM<br>16 GUILFORD ST<br>STATEN ISLAND, NY 10305 | 14626 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$749.97<br><br>$749.97 | 09/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| MATTHEW MUSICH<br>1503 5TH AVE<br>NEBRASKA CITY, NE 68410 | 14708 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>$250.00<br><br><br><br><br>$250.00 | 10/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Unsecured Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| SEFERINO SANCHEZ<br>1511 N CALIFORNIA<br>CHICAGO, IL 60622 | 14579 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$1,389.03<br><br>$1,389.03 | 07/17/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| TOMESHA L WASHINGTON<br>HAROLD HUNTER JR<br>MERRITT FLEBOTTE WILSON WEBB<br>& CARUSO PLLC<br>2525 MERIDIAN PKWY STE 300<br>PO BOX 2447<br>DURHAM, NC 27702 | 14779 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$4,182.71<br><br>$4,182.71 | 12/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| TRAM, ALLAN<br>926 S CALIFORNIA ST<br>SAN GABRIEL, CA 91776-0000 | 13231 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$703.17<br><br>$703.17 | 06/01/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |

|  | Total: | 13 | | $43,373.66 | |

\* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Government Claims) - Disallowed

EXHIBIT D

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| CITY OF CINCINNATI<br>801 PLUM ST RM 202<br>CINCINNATI, OH 45202 | 14718 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$818.45<br><br>$818.45 | 11/04/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF HAYWARD<br>REVENUE DIVISION<br>777 B ST<br>HAYWARD, CA 94541 | 14540 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>$1,645.78<br><br><br><br><br>$1,645.78 | 08/06/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU<br>C O ASHELY M CHAN ESQ<br>HANGLEY ARONCHICK SEGAL & PUDLIN<br>ONE LOGAN SQ 27TH FL<br>PHILADELPHIA, PA 19103 | 14673 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>$850.19<br><br><br><br><br>$850.19 | 10/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU<br>C O ASHELY M CHAN ESQ<br>HANGLEY ARONCHICK SEGAL & PUDLIN<br>ONE LOGAN SQ 27TH FL<br>PHILADELPHIA, PA 19103 | 14737 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $850.19<br><br><br><br><br><br>$850.19 | 11/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| R I DIVISION OF TAXATION<br>ONE CAPITAL HILL<br>PROVIDENCE, RI 02908 | 14740 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>$54.32<br><br><br>$18.22<br><br>$72.54 | 11/05/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late

Case No. 08-35653-KRH

Government Claims) - Disallowed

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| STATE BOARD OF EQUALIZATION SPECIAL PROCEDURES SECTION MIC 55 PO BOX 942879 SACRAMENTO, CA 94279-0055 | 13049 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $2,846,666.34 _____ $2,846,666.34 | 05/15/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| VILLAGE OF DOWNERS GROVE, IL 801 BURLINGTON AVE DOWNERS GROVE, IL 60515 | 14678 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,800.00 _____ $1,800.00 | 09/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:     7          $2,852,703.49

* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Administrative Claims) - Disallowed

**EXHIBIT E**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| HEWLETT PACKARD FINANCIAL SERVICES COMPANY ATTN RECOVERY MANAGER 420 MOUNTAIN AVE MURRAY HILL, NJ 07974 | 14323 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $71,942.98 $71,942.98 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| NAT VAUGHN 175 W 90TH ST NO 20 D NEW YORK, NY 10024 | 14709 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $120.01 $120.01 | 10/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SCHNITZER, BETH 9 HEMWAY TERRACE SAN FRANCISCO, CA 94117 | 14705 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $383.75 $383.75 | 10/28/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:    3                          $72,446.74

* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
503(B)(9) Claims) - Disallowed

**EXHIBIT F**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| WILSON, LASHAUNDA K<br>2009 A GA HWY 256<br>SYLVESTER, GA 31791 | 14623 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$2,500.00<br><br>_____<br>$2,500.00 | 09/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:    1                    $2,500.00