**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 KRH |
| CIRCUIT CITY STORES, INC., et al | ) | Chapter 11 |
| Debtor(s). | ) | |
| | ) | **RESPONSE OF LOS ANGELES MONTEREY, RIVERSIDE AND SAN BERNARDINO COUNTIES CALIFORNIA, COLLECTIVELY THE CALIFORNIA TAXING AUTHORITIES TO THE LIQUIDATING TRUSTEE'S 18TH OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS, RECLASS-IFICATION OF CERTAIN CLAIMS, DISALLOWANCE OF CERTAIN AMENDED OR SUPERSEDED CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, DISALLOWANCE OR REDUCTION OF CERTAIN INVALID CLAIMS' MEMORANDUM OF LAW IN SUPPORT OF THE RESPONSE** |
| | | **DATE: MAY 11, 2010** |
| | | **TIME: 2:00 PM ET** |

TABLE OF CONTENTS

I.   INTRODUCTION                                                           2

II.  PERSONAL PROPERTY TAXES ARE MANDATED BY STATE LAW                      5

III. THIS COURT SHOULD USE ITS DISCRETION TO ABSTAIN UNDER
     SECTION 1334(c)                                                        6

IV.  THE COURT SHOULD ALSO ABSTAIN BECAUSE THE DEBTORS
     FAILED TO SUBMIT EVIDENCE WHICH WOULD RESULT IN THE
     DISALLOWANCE OF THE CLAIMS                                             9

V.   THIS COURT SHOULD ABSTAIN BECAUSE THE DEBTORS FILED AN
     ASSESSMENT APPEAL                                                      11

VI.  11 U.S.C. SECTION 505(A)(C) SPECIFICALLY STATES
     NO DETERMINATION OF TAX LIABILITY CAN OCCUR IF
     THE APPLICABLE PERIOD FOR CONTESTING OR REDETERMINING
     THAT AMOUNT UNDER ANY LAW HAS EXPIRED                                  13

VII. CONCLUSION                                                             15

TO THE HONORABLE KEVIN R. HUENNEKENS AND TO ALL PARTIES OF INTEREST:

Collectively the California Taxing Authorities Los Angeles, Monterey, Riverside and San Bernardino Counties, California hereby respond to the Liquidating Trustee's 18th Objection to Claims filed by Taxing Authorities.

At issue are post petition taxes due to various Taxing Authorities as described in detail below.

Los Angeles, Monterey and San Bernardino were subject to the 27th Omnibus Objection filed by Debtors' prior to plan confirmation as well as the 37th Omnibus Objection and Summary Judgment motions against Los Angeles and Monterey.

The response is based on the following grounds:

1. This court should use its discretion to abstain for hearing matters relating to reduction or expungement of local tax claims;

2. The court should abstain because Debtors have totally and wholly failed to state any substantive basis or submit any evidence that the claims of the Taxing Authorities should be reduced or expunged;

3. The court should abstain as to those Taxing Authorities in which an assessment appeal was already filed for 2009 (see chart below - ie Los Angeles and Monterey)

4. The bankruptcy code specifically prohibits the local tax claims from being redetermined because the time to contest the tax has expired.  As to Riverside and to San Bernardino, no assessment appeals were filed.  The time to contest was November 30, 2009.  That time period has

1

1    long expired.

## I. INTRODUCTION.

The Taxing Authorities are a political subdivision of the State of California which possesses the authority under the laws of the State to assess and collect ad valorem taxes on real and personal property. The taxes at issue in this case are personal property taxes.

The subject property was comprised of business locations in the various California Counties. The business property at these locations was subject to the assessment of local property taxes under California State law.

The Debtors were entities doing business in California, required to file annual Business Personal Property Statements and to pay taxes due with respect to personal property held in California. The taxing authorities assessed the debtor's personal property per the California statutes, using information substantially provided by the debtors.

In fact, in California, the debtors are required to submit a Business Personal Property Statement, the 571L Property Statement, under penalty of perjury, which sets forth the personal property owned by the debtor during any particular tax year. The resulting tax is determined by the information and values provided by the property of the business equipment reported.

The California Taxing Authorities rely on tax revenue in order to provide funding for local fire, police, schools and hospitals.

All personal property tax claims are secured against the property claimed. The amounts below continue to be subject to ongoing interest under California State Law, 11 USC Section 506 and

2

511. The claims are as follows:

```
                                        Assessment Appeal
                                              Filed?
Los Angeles (2009-10 tax year)

     1. 40711740 $ 19,228.48                 Yes
     2. 40776226 $ 16,394.64                 Yes
     3. 40811362 $  3,535.35                 Yes
     4. 40811363 $  8,078.54                 Yes
     5. 40811364 $  7,881.32                 Yes
     6. 40811365 $  5,079.95                 Yes
     7. 40811366 $  5,379.53                 Yes
     8. 40811367 $  9,683.01                 Yes
     9. 40811368 $  6,873.44                 Yes
     10.40811369 $  8,589.15                 Yes
     11.40811370 $  7,653.25                 Yes
     12.40811371 $  2,140.66                 Yes
     13.40811372 $  8,003.55                 Yes
     14.40811373 $  7,075.12                 Yes
     15.40811374 $  5,273.84                 Yes
     16.40811375 $  2,873.99                 Yes
     17.40811376 $  4,163.39                 Yes
     18.40811377 $  6,764.02                 Yes
     19.40811378 $  6,997.44                 Yes
     20.40811379 $  8,495.52                 Yes
     21.40811380 $  9,412.23                 Yes
     22.40807640 $  8,035.58                 No
                                  Total: $ 167,612.00
```

Note all the appeals were heard 4/25/11 and continued to a future date not yet scheduled.

Monterey
```
     1. 800-013-800 $27,663.41        Yes      withdrawn
     Fiscal tax Year 2009

     2. 985-000-074 $ 6,528.36        No
     Fiscal tax year 2007,            appeal deadline
     bill issued 6/08 due 12/1/08     was 8/16/08
     Post petition

     3.800-021-144 $ 5,472.82
     Fiscal tax year 2009                       No[1]
```

**Total $ 39,664.59**

---

[1] Since an appeal was filed for the other 2009 assessment, and this bill was apparently uncontested, this bill should just be paid as undisputed.

3

Riverside

Objection erroneously states on page 86 that all secured taxes were paid in full.  However, only these taxes were paid in full:

```
291590018-7 2009
12530 Day Street, Moreno Valley            $68,788.90 paid in full

910470005-0 2009
40480 Winchester Rd Temecula CA            $38,799.14 paid in full
```

These parcels are personal property taxes still due and owing:

```
000245819-1              01/01/2009                    $9,096.96
000245819-1              01/01/2010                    $7,969.01
000245825-6              01/01/2009                    $7,661.70
000245825-6              01/01/2010                    $6,684.64
000246998-2              01/01/2009                    $9,847.44
000246998-2              01/01/2010                    $8,493.06
000127160-3              01/01/2009                    $9,574.19
000158820-2              01/01/2009                    $7,867.09
000222801-3              01/01/2009                    $9,879.52
```

This parcel was paid in full: 910470005-0

San Bernardino

Regular claim filed 11/26/09 #539. Alleged to be superceded by claim 13581, but claim 13581 was an administrative claim filed for $56868.45 see below for details.

```
                                            Current amount
1051-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                            $     51.10
1076-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                            $    694.13
```

Administrative claim (2009-10 tax year)

```
0227201601L000                              $ nothing due
1119191121L000                              $ nothing due
1119191221L000                              $ nothing due
3095522123P000                              $ nothing due

022720160P000                               $ 9038.23
028137175P000                               $17766.30
100815104P025                               $18802.90
309522123P000                               $11286.56

                        Total $56,883.99
```

4

The Debtors have failed to pay these taxes as required by 28USC § 960(b):

> A tax under subsection (a) shall be paid on or before the due date of the tax under applicable non-bankruptcy law unless (1) the tax is a property tax secured by a lien against property that is abandoned…or (2) payment of the tax is excused under a specific provision of Title 11.

## II. PERSONAL PROPERTY TAX ASSESSMENTS ARE

## MANDATED UNDER CALIFORNIA LAW.

California State Law mandates that personal property must be subject to taxation.  Under California State law the Tax Collector shall collect taxes on all personal property. California Revenue and Taxation Code Section 2903. Under California state law, every piece of personal property is subject to taxation.[2]  California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value." Under California state law, personal property is to be assessed at 100% of fair market value each year.[3]

California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general

---

[2] California Revenue and Taxation Code section 106 states: "'Personal property' includes all property except real estate."

[3] In California, property tax assessments consist of two components. The first component is the assessed value. The second is the tax rate.  The latter is applied against the former to calculate the amount of taxes due. This equation is sometimes known as the tax ratio.
For taxable personal property, the assessed value is determine annually at 100% of fair market value.
The tax rate for personal property is one percent (1%) California Constitution Article XIII section 12.

5

property taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ."

Personal property taxes are assessed as of January 1 ("lien date") of the year in which taxes become due.[4] California Revenue and Taxation Code Sections 2901, 117 and 2192. More importantly the obligation to pay California personal property taxes fixes on the lien date for which the tax is due. The lien date for the 2009-10 fiscal tax year was January 1, 2009.

If a taxpayers owns any property on the lien date, liability affixes even if the taxpayer nor longer owns, controls or possesses the property. The objection admits on page 5, paragraph 11 that the debtor was still operating in 2009. <u>Western States Wire Corp</u>. 490 F2d 1065 (9th Cir. 1974).

Personal property taxes are due July 31st of each year and last due without interest on August 31st of each year. California Revenue and Taxation Code Section 2922.

In conclusion, regardless if stores were closed in March of 2009 or thereafter, the debtors admitted it still owned personal property as of California's January 1, 2009 lien date and under California law is still liable for the resulting tax.

---

[4] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

5

**III. THIS COURT SHOULD USE ITS DISCRETION TO ABSTAIN UNDER SECTION 1334(c).**

This court should abstain from reducing and or expunging the local taxes. Section 1334(c), which confers original, but not exclusive jurisdiction, on the United States Bankruptcy Court for civil proceedings arising under Title 11 or arising in or related to cases under Title 11 also provides that:

> Nothing in this section prevents a district court in the interest of justice or in the interest of comity with State courts or respect for State Law from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. §1334(c)(1).

In <u>Ohio ex rel Fisher v. Forster (In Re Forster)</u>, 146 B.R. 383, 386 (Bank. N. D. Ohio 1992), the court held that under §1334(c)(1), a bankruptcy court should, in its own discretion, abstain from adjudicating a removed action in the interest of comity and respect for state Law when the action involves interpretation of state environmental legislation since it is without expertise on such issues.

The court noted that,

> Even if this court were not compelled by 28 U.S.C. §1334 (c)(2) to abstain from hearing the Debtor's adversary proceeding against (defendant), it would be guided by principles of comity to respect a pending unresolved state Law suit and would not exercise federal judicial authority in the disregard of the comity between the state courts and the federal courts. <u>Id.</u>, p. 386.

The court went on to note,

> Federal courts should be hesitant to exercise jurisdiction when state issues substantially predominate, whether in terms of proof, or the scope of the issues raised, or of the comprehensiveness of the remedy sought. <u>Id.</u>, p. 386, citing <u>In re White Motor Credit</u>, 761 F.2d 270 (6th Cir. 1985).

7

In <u>Forster</u>, the plaintiff claimed that the Debtor violated certain environmental regulations in operating a landfill and that the complaint was based upon Ohio administrative codes.  The Court held that these actions were based upon state Law causes of action.  <u>Id.</u>, p. 385-86.  <u>Forster</u> applies directly to the case at hand.

Federal courts exercising bankruptcy jurisdiction should defer to a state court for determination of a particularly unusual question of state Law.  <u>Coker v. Pan American World Airways, Inc. (In re Pan American Corp.)</u>, 950 F.2d 839 (2nd Cir. 1991).

In <u>Dart & Boclue Co. v. Slosberg (In re Dart & Bogue Co.)</u>, 52 B.R. 594 (Bank. D. Conn. 1985), the trustee brought a proceeding under §544, seeking a determination that pre-petition mortgage deeds executed by the Debtor were invalid under Connecticut Law.  On Motion for Summary Judgment, the court held that abstention was appropriate with respect to unsettled questions of State Law on the validity of mortgages which did not state the maximum term of notes for which the mortgages were security.  The Court abstained because the proceeding concerned a state statute and unsettled state law controlled the resolution of the issue in the bankruptcy proceeding.  The Court found the state court should decide the issue.

In a very similar case, <u>In re Metromedia Fiber Network, Inc.</u>, 299 B.R. 251 (Bankr. S.D.N.Y. 2003), the court held permissive abstention was appropriate because,  "*[a]d valorem* property taxation is governed by local Law, and there is compelling local interest in

8

'uniformity of assessment' in fairly allocating the local tax burden." Id., 299 B.R. at 284.[5]

Likewise in In re Cable and Wireless, USA., 331 B.R. 568 (bankr. D. Del. 2005) the court abstained because of the variations among the taxing authorities.

Additionally, this court should abstain because the taxes are currently subject to the local assessment appeal process. In Los Angeles for example, all the appeals were heard 4/25/11 and continued to a future date not yet scheduled. In Monterey, the assessment appeal was set for November 18, 2010, however, no representatives from Circuit City appeared to pursue the hearing.

The bankruptcy court should abstain.

**IV. THE COURT SHOULD ALSO ABSTAIN BECAUSE THE DEBTORS FAILED TO SUBMIT EVIDENCE WHICH WOULD RESULT IN THE DISALLOWANCE OF THE CLAIMS.**

When a party objects <u>substantively</u> to a proof of claim, that party must identify the statutory basis for disallowance under 11 U.S.C. §502(a), and submit admissible evidence to establish facts

---

[5] The court in In re Millsaps, 133 B.R. 547 (Bankr.M.D.Fla. 1991), addressed another policy consideration supporting abstention under 28 U.S.C. §1334(c)(1), "the interest of justice", where a debtor sought a refund of federal income taxes paid:

> Unless this court abstains in these unusual circumstances, every taxpayer would know that he or she could ignore all of the tax protest and determination procedures ... allow all time periods they provide to expire, ... and then years later come into this court and obtain the judicial determination the taxpayer chose not to seek before. The interest of justice cannot be furthered by that result. Id. at 555.

9

proving each ground for disallowance alleged.  See Hon. Kathleen P. March and Rigoberto V. Obregon, <u>Objecting to Claims:  The Downfall of Five Great Bankruptcy Myths</u>, 18 Cal. Bankr. J. 299, 305 (1990).

When a proof of claim is properly filed, the prima facie presumption as to validity and amount pursuant to Rule 3001(f) is triggered.

Thereafter, the objecting party must refute this prima facie presumption by submitting countervailing evidence of a probative force equal to that of the allegations of the creditor's proof of claim in order to overcome this presumption. 4-502 <u>Collier On Bankruptcy</u> (15th ed. Revised 2006).

The debtors have failed to submit any admissible evidence to establish facts proving that the claim should be reduced. Further, the debtors did not obtain any of the documents upon which the Assessor used to ascertain the value. Neither did it point out where the Assessor made errors.

Therefore, the debtors have not rebutted the prima facie presumption of validity of the claim.  The debtors substantive objections cannot be sustained.

In <u>In re AWB Associated, G.P.</u>, 144 B.R. 270 (Bankr. E. D. PA. 1992), the facts are similar.  AWB failed to provide any evidence on the value of the real property it was seeking to challenge.  Rather AWB simply made conclusionary statements absent evidence that the property had declined in value.  The Court criticized AWB for failing to submit any evidence on its challenge.

The <u>AWB</u> court stated:

10

> Firstly, AWB failed to overcome the presumption of correctness of Camden's tax assessments. In order to achieve such a result, AWB was obliged to first introduce Camden's valuation of the property and then offer competent testimony which contradicted that valuation. Id. at 279-80.

of this subsection, the court may determine the amount or legality of any tax, any fine, or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Specifically with respect to the request to reduce the claim of San Bernardino at page 69, Riverside and page 71 there is no evidence submitted by the liquidating trustee that gives legal authority for reduction.

Additionally, there was no evidence submitted why Monterey's claim at page 79 should be expunged. Neither was there any evidence submitted to indicate why the claim of Los Angeles should be secured. The reason give was that a priority was given to the penalty so the claim should be reduced to unsecured. 11 USC Section 506(b) allows a secured claim to incur costs, fees and charges. This section is broad enough to include late charges.

The court should not reduce or expunge the claims.

**V. THIS COURT SHOULD FURTHER ABSTAIN BECAUSE THE DEBTORS FILED AN ASSESSMENT APPEAL.**

As stated above the court should further abstain as to Los Angeles and Monterey because the debtors timely filed assessment appeals for the 2009 year. As noted above, the only appeals not

11

filed were to the 2007 Monterey bill and the 4080760 bill for Los Angeles. The Los Angeles appeal hearings are still pending and Circuit City failed to show up at the Monterey appeal hearing.

California State Law limits the time debtors can challenge the value. An appeal to challenge the current value must be filed between July 2nd and September 15th with the County Board of Equalization.[6] Note the time can be extend to November 30th of any given year.

With regard to the 2007 ad valorem tax bill in Monterey the time to challenge was August 16, 2008 for the 2007 taxes. This time period has long expired.

In order to recover taxes, a taxpayer must meet two specific conditions: a timely assessment appeal before the local assessment appeals board[7] and the timely filing of a claim for refund of taxes with the county's Board of Supervisors. Both requirements are jurisdictional.

"It is not a matter of judicial discretion, but is a fundamental rule of procedure . . . exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts."

---

[6] California Revenue and Taxation Code section 1603 states:
(a) A reduction in an assessment on the local roll shall not be made unless the party affected or his or her agent makes and files with the county board a verified, written application showing the facts claimed to require the reduction and the applicant's opinion of the full value of the property. The form for the application shall be prescribed by the State Board of Equalization.
(b) The application shall be filed within the time period beginning July 2 and continuing through and including September 15.

12

*Albelleira v. District Court of Appeal,* 17 Cal. 2d 280, 293, 109 P.2d 942 (1941). See <u>United States v. Superior Court</u>, 19 Cal. 2d 189, 194, 120 P.2d 26 (1941) - "Jurisdiction to entertain an action for judicial relief is conditioned upon a completion of the administrative procedure."

"[T]he right to a refund of taxes is purely statutory. . . . " <u>Osco Drug, Inc. v. County of Orange</u>*,* 221 Cal. App., 3d 189, 195, 272 Cal. Rptr. 14 (1990) and <u>Chrysler Credit Corp. v. Ostly</u>, 42 Cal. App. 3d 663, 680, 117 Cal. Rptr. 167 (1974).

**VI. 11 U.S.C. SECTION 505(A)(C) SPECIFICALLY STATES NO DETERMINATION OF TAX LIABILITY CAN OCCUR IF THE APPLICABLE PERIOD FOR CONTESTING OR REDETERMINING THAT AMOUNT UNDER ANY LAW HAS EXPIRED.**

New section (a)(C) to Section 505 specifically states that if the period for contesting or redetermining the amount under any state law has expired, the debtor cannot seek redetermination of the tax. Again, in Los Angeles the assessment appeals are still pending, Monterey, the appeal went forward but debtor failed to appear, no appeals were filed in Riverside or San Bernardino and the appeal period ended November 20, 2009.

Neither is 11 USC Section 108 applicable to extend the applicable state time period to file appeals in those counties where not appeal was filed. Section 108(a) is specifically limited to those actions filed prior to the bankruptcy petition date. Collier on Bankruptcy, 15 Ed Rev. p. 108.2. Thus, this section in inapplicable to the 2009 appeals filed in Los Angeles and Monterey

13

1  and in general to post petition tax liability. The debtors

2  voluntarily filed assessment appeals post petition. <u>Village at</u>

3  <u>Oakwell Farms, Ltd.</u> 428 B.R. 372 (Bankr. W.. Tex 2010)

### VII. CONCLUSION.

The California Taxing Authorities respectfully request that the court deny this motion based on the foregoing.

Dated: May 5, 2011          ROMERO LAW FIRM


                            By   /s/ Martha E. Romero
                            MARTHA E. ROMERO, State Bar No. 128144
                            California Taxing Authorities
                            ROMERO LAW FIRM
                            BMR Professional Building
                            6516 Bright Avenue
                            Whittier, California 90601
                            (562) 907-6800
                            (562)907-6820 Facsimile
                            Email: Romero@mromerolawfirm.com


                            Magee Goldstein Lasky and Sayers PC
                            Garren R. Laymon
                            310 First Street S.W. Suite 1200
                            P.O. Box 404
                            Roanoake, VA 24003-0404
                            (540) 278-2665
                            (540)343-9898 facsimile
                            glaymon@mglspc.com

14