| | |
|---|---|
| Brian T. Hanlon | A. Carter Magee, Jr., Esq. (VSB #20284) |
| Post Office Box 327 | Garren R. Laymon (VSB #75112) |
| Tavares, Florida 32778-0268 | Magee, Goldstein, Lasky & Sayers, P.C. |
| (321) 225-3046 | Post Office Box 404 |
| (321) 264-5247 FAX | Roanoke, Virginia 24003-0404 |
| brian.hanlon@brevardtaxcollector.com | (540) 343-9800 |
| | (540) 343-9898 FAX |
| | cmagee@mglspc.com |
| | glaymon@mglcpc.com |

ATTORNEYS FOR LAKE COUNTY TAX COLLECTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | | Chapter 11 |
| | § | |
| CIRCUIT CITY STORES, INC., et al | | Case No. 08-35653-KRH |
| | § | |
| | § | |
| Debtors. | | Jointly Administered |

**LAKE COUNTY FLORIDA TAX COLLECTOR'S RESPONSE TO LIQUIDATING TRUST'S EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES**

The Honorable Bob M$^c$Kee, Tax Collector of Lake County, Florida, a duly elected constitutional officer and an arm of the state of Florida (the "Tax Collector") hereby responds to the Eighteenth Omnibus Objection of Claims filed by Taxing Authorities (the "Objection") as follows:

1.    The contents of this response are presented in accordance this Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (ECF # 2881).



MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

**Factual Background**

2. The Debtor maintained a retail store and a warehouse in Lake County, Florida. Pursuant to Florida law, *ad valorem* tangible personal property taxes were assessed against tangible personal property in both the retail store and the warehouse for pre-petition tax year 2008 and post-petition tax year 2009. True and correct copies of the four (4) outstanding tax bills are attached hereto as **EXHIBIT A**.

3. On September 21, 2009, the Tax Collector filed proofs of claim against the Debtor regarding these taxes. *See* Proof of Claim Nos. 14640, 14641. Additionally, Proof of Claim No. 15206 reflects correspondence between the Tax Collector and the Trust requesting payment of taxes.

4. The Liquidating Trust objected to these proofs of claim on various grounds, each of which is improper. *First*, payment of the taxes is essential under sections 503(b)(1)(B) and (D) of the Bankruptcy Code, as well as 28 U.S.C. § 959 and 960. *Second*, the taxes governed by Proof of Claim No. 15206 reflect post-petition property taxes over which this Court lacks jurisdiction pursuant to the Tax Injunction Act. *Third*, Proof of Claim No. 15206 falls into an exception to the requirements to file an administrative claim. *Fourth*, Proofs of Claim Nos. 14572 and 14640 are already liquidated and fully secured such that further liquidation is unnecessary. Accordingly, this Court should overrule the Objection.

**Documentation in Support of the Tax Amount**

5. The amounts due are based upon information contained within the certified tax roll provided to the Tax Collector in accordance with Florida law. The certified tax roll is comprised of value information certified to the Tax Collector by the Lake County Property

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

2

Appraiser and millage rates certified by taxing authorities. Included in the value determination by the Lake County Property Appraiser is information provided by the Debtor within a sworn tax return filed with the Property Appraiser under the pains and penalties of perjury. The basis for the reduction in value **(Objection Exhibit C)** or the request for a reduced liquidated amount Objection **(Exhibit I)** are matters that are properly heard within the context of an adversary proceeding rather than claim objection. *See* Fed. R. Bankr. P. 3007(b). All parties necessary for adjudication of the issues raised by the Trustee in the claim objection are not before the court and have not been notified of the contest by the Trustee.

6. The persons with personal knowledge of the facts that support a tax amount are the Debtor's own property tax department and the persons responsible for filing the 2008 and 2009 tangible personal property tax returns with the Lake County Property Appraiser. The tax returns are confidential pursuant to Fla. Stat. Ch. 193.074, however, are readily obtainable by the Trustee directly from the Debtor's files or from the Lake County Property Appraiser.

7. Pursuant to Paragraph 1.1(f) and (g) of this Court's Order establishing omnibus objection procedures, the person(s) with authority to reconcile, settle, or otherwise resolve the omnibus objection on behalf of the Lake County Tax Collector are Mr. David Jordan or Mr. Randy VanAlstine who may be reached by calling (352) 253-2121. Written replies to this response must be served upon the undersigned counsel and local counsel of record as stated herein.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

### Reasons Court Should Overrule the Objections of the Trust and Order All Taxes and Interest to be Paid to the Lake County Tax Collector Forthwith

8. The amounts asserted with respect to pre-petition *ad valorem* property taxes are entirely proper, and the taxes are fully secured with a first-position statutory lien. The tax

3

amount is liquidated and is partially based upon tax returns filed by the Debtor. Liquidated fully secured tax claims should be paid in full with interest in accordance with the Plan and Section 506(b) of the Bankruptcy Code. The Court has already found the Plan complies with the Bankruptcy Code, was proposed in good faith, and did not operate by any means forbidden by law.

9. To the extent the Trust objects to payment of post-petition *ad valorem* property taxes, the objection is improper. Sections 503(b)1)(B) and (D), as well as 28 U.S.C. §§ 959-60, require payment of post-petition *ad valorem* property taxes. Post-petition tax returns were filed with the Lake County Property Appraiser for tax year 2009. All state time limits have expired to contest the post petition taxes. The Trust and the Trustee must be ordered to comply with the plain reading of the law and not seek equitable relief to circumvent clearly written statutes. The post-petition taxes should be ordered paid forthwith to avoid further deterioration to the estate in the form of unnecessary accrual of interest and incurrence of unnecessary costs and fees.

**The Objection's Demand That Claim 15206 Be Reduced to Reflect Fair Market Value Is Improper**

10. The objection to Claim Number 15206 is based upon a request for reduction in "value" of the property subject to tax. This relief must be denied. *First,* section 505(a)(2)(C) of the Bankruptcy Code explicitly forbids this type of retroactive contest of state *ad valorem* property taxes. *See* 11 U.S.C. 505(a)(2)(C) ("The court may not . . . determine . . . the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law . . . has expired."). Following filing of the post-petition tax returns, the Lake County Property Appraiser provided notice to the Debtor of the 2009 and 2010 property values. Under Florida

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

4

law, the Value Adjustment Board (VAB), which is overseen by the Clerk of Court—resolves value disputes. All that is necessary to commence the dispute resolution process is the filing of a simple document and payment of a fifteen dollar ($15.00) filing fee. In this instance, the deadline to contest these post-petition taxes has expired, and it would be improper to allow the Trust to circumvent this simple process through the Objection. *See* 11 U.S.C. § 505(a)(2)(C). *Second*, the adjustment of the post-petition taxes is improper under federal law. The Tax Injunction Act precludes federal courts from interfering with the levy, assessment, or collection of state taxes when there exists a plain, speedy, and efficient remedy under state law. *See* 28 U.S.C. § 1341. Such a plain, speedy, and efficient remedy is available under Florida law as outlined above.

11. Also, the relief requested in the Objection represents a proceeding to determine the validity, priority or extent of the Tax Collector's statutory lien and further requests what amounts to a declaratory judgment of the Tax Collector's lien. This type of relief is reserved for adversary proceedings and may not be the subject of a claims objection. *See* Fed. R. Bankr. P. 7001. Rule 3007(b) specifically provides that a demand for relief of a kind specified in Rule 7001 may not be included in an objection to the allowance of a claim. *See* Fed. R. Bankr. P. 3007(b).

12. For each of the foregoing reasons, the Court should dismiss the claims objections contained in Exhibits I and C.

**The Objection's Demand That Claim 15206 Be Disallowed as Late Is Improper**

13. In Exhibit G of the Objection, the Trust requests that Proof of Claim No. 15206 be disallowed, having allegedly been filed after the governmental claims bar date. However, the

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

5

Lake County Tax Collector did not file Proof of Claim No. 15206 as a proof of claim. The Objection concerns a letter sent by the Tax Collector to the Trust requesting payment of the taxes, not a Proof of Claim. The letter was ignored, and subsequently filed by the claims agent and "objected to" within the Objection as a "late filed claim."

14. However, the Objection ignores that no filing was even required in order to collect post-petition ad valorem taxes, under both the Bankruptcy Code and Florida law. Post-petition ad valorem taxes incurred by the estate must be paid without the need to file an administrative claim in accordance with 11 U.S.C. 503(b)(1)(D). The plain reading of the Bankruptcy Code indicates a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) or (C), as a condition of its being an allowed administrative expense. *See* 11 U.S.C. § 503(b)(1)(D) ("[N]otwithstanding the requirements of subsection (a), a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) or (C) as a condition of its being an allowed administrative expense.").

**The Objection's Demand That Claims Nos. 14572 and 14640 be "Liquidated" Is Improper**

15. Exhibit I of the Objection requests that Proofs of Claim Nos. 14572 and 14640 be "liquidated," notwithstanding the fact that the claims are already liquidated. This constitutes a thinly-disguised attempt to pay fully secured claims with no interest. The pre-petition (2008) property taxes are liquidated and fully secured pursuant to Florida law. *See* Fla. Stat. Ch. 197.122(1), 192.053. The purported "claim objection" requests that the Court liquidate or establish a claim amount for the 2008 taxes in an amount that coincidentally is equal to the

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

original amount of the tax with no interest. The claim objection is silent with respect to the basis for the reduction in payment of a fully secured *ad valorem* property tax.

16. During the course of the Chapter 11 case, property was sold and liens attached to proceeds. It is axiomatic that the statutory lien of the Lake County Tax Collector is the first lien on both the property assessed and, in the event of a sale, on the cash currently held by the Trustee. *See* Fla. Stat. Ch. 197.122(1) and 192.053. Statutory interest continues to accrue in accordance with state law and in accordance with the Bankruptcy Code. *See* 11 U.S.C. § 511. Moreover, Florida law provides for interest to accrue at the rate of 18% *per annum*. *See* Fla. Stat. Ch. 197.172(1). In addition, Florida law provides for attorney's fees in the collection of delinquent taxes. *See* Fla. Stat. Ch. 197.332. Granting the request to "liquidate" the Tax Collector's claims would permit the Trust to circumvent these explicit requirements.

### Request for Relief

Wherefore, premises considered, the Lake County Tax Collector requests that the claim objections set forth in Exhibits C, G and I of the Eighteenth Omnibus Objection to Claims be denied, the objections be dismissed, and the Trust be ordered to pay both the pre- and post-petition *ad valorem* property taxes set forth in the attached composite Exhibit A to this response; that attorney's fees be awarded to the Lake County Tax Collector in accordance with Fla. Stat. Ch. 197.332, and for such other relief the Court deems proper.

### Additional Relief Requested

The Order Establishing Omnibus Objection Procedures (Doc 2881), at Paragraph 4 on Page 6 provides for a complete reservation of rights for the Trust to continue filing objections of

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

7

one kind or another in the future.  The *ad valorem* tax amounts due the Tax Collector are needed for local taxing authorities to continue funding local goods and services.  The Debtor and the Trust used the goods and services provided by Lake County taxing authorities throughout the pendency of this case without paying their fair share of taxes.  Further delay incurs unnecessary use of judicial time and resources as well as the accrual of additional statutory interest.  The Trust should be ordered to show cause why the values contained within those tax returns must now be changed and for such other relief the Court deems proper to resolve this matter without any other unnecessary time and expense to the Court or the parties involved.

Dated: May 9, 2011                           Respectfully submitted,

/s/ A. Carter Magee, Jr.
A. Carter Magee, Jr., Esq. (VSB #20284)
Garren R. Laymon (VSB #75112)
Magee Goldstein Lasky & Sayers, P.C.
P.O. Box 404
Roanoke, Virginia 24003
Phone: (540) 343-9800
Fax: (540) 343-9898

/s/ Brian T. Hanlon
Brian T. Hanlon, Esq.
Post Office Box 327
Tavares, Florida 32778-0268
(321) 225-3046
(321) 264-5247 FAX
brian.hanlon@brevardtaxcollector.com



MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW