IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED MAY 1 1 2011
CLERK
US BANKRUPTCY COURT

In re:                                         Chapter 11

CIRCUIT CITY STORES, INC., et al.,             Case No. 08-35653-KRH

Debtors.                                       Jointly Administered

_____/

## NOTICE OF CHANGE OF ADDRESS

**PLEASE TAKE NOTICE** that Bank of America NA, as Trustee for the Registered Holders of Greenwich Capital Commercial Mortgage Funding Corp. Commercial Mortgage Trust 2007-G-G9 Commercial Mortgage Pass Through Certificate Series 2007-G-G9, collateral assignee of Abercorn Common, LLLP, a creditor in the cases of the above-captioned debtors ("Debtors"), directs the Debtors and counsel for the Debtors (including the claims and distribution agent appointed in these cases) to change its address for the purposes of administering claims 12682 and 13695 (as listed on the Debtors' claims register), and hereby requests that service of any pleadings, notices, correspondence and distributions relating to such claims be sent to the New Address set forth below, effect as of the date hereof.

| Former Addresses | New Address |
|---|---|
| 1) Abercorn Common, LLLP<br>c/o Catherine Harrison King<br>Miller & Martin PLLC<br>1170 Peachtree Street N.E.<br>Suite 800<br>Atlanta, GA 30309-7706 | Abercorn Common, LLLP<br>c/o LNR Partners, LLC<br>1601 Washington Avenue<br>Suite 700<br>Miami Beach, FL 33139 |
| 2) *Abercorn Common, LLLP*<br>c/o Karen Stewart<br>Melaver, Inc.<br>114 Barnard Street, Suite 2B | |

Savannah, GA 31401

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

>  **Bank of America NA, as Trustee for the Registered Holders of Greenwich Capital Commercial Mortgage Funding Corp. Commercial Mortgage Trust 2007-G-G9 Commercial Mortgage Pass Through Certificate Series 2007-G-G9**
>
> By: LNR Partners, LLC, Authorized Agent
>
> By: _____
>
> Name: RANDOLPH J. WOLPERT
>
> Title: VICE PRESIDENT

```
Clock#: 1301162
FILED FOR RECORD
1/04/2011  01:25pm
PAID: 36.00
Daniel W. Massey, Clerk
Superior Court of Chatham County
Chatham County, Georgia
```

This instrument was prepared by, and
the recorded original should be returned to:

Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Suite 2300
Atlanta, Georgia 30309-3996
Attn: John W. Benson, Esq.

Cross Reference to:
Deed Book 317W, Page 370
Deed Book 342G, Page 338
Deed Book 343G, Page 225
Deed Book 347K, Page 364
Deed Book 365E, Page 522
Chatham County, Georgia Records

## DEED UNDER POWER OF SALE

THIS INDENTURE is made this 4th of January, 2011, by ABERCORN COMMON, LLLP, a Georgia limited liability limited partnership ("Grantor"), acting through its duly appointed agent and attorney-in-fact, GCCFC 2007-GG9 ABERCORN STREET LIMITED PARTNERSHIP, a Georgia limited partnership, to GCCFC 2007-GG9 ABERCORN STREET LIMITED PARTNERSHIP, a Georgia limited partnership (hereinafter referred to as "Grantee").

### WITNESSETH:

WHEREAS, Grantor executed and delivered that certain Deed to Secure Debt and Security Agreement, dated as of December 7, 2006, to Greenwich Capital Financial Products, Inc., a Delaware corporation ("Original Lender"), filed for record December 11, 2006, in Deed Book 317W, Page 370, in the records of the Office of the Clerk of the Superior Court of Chatham County, Georgia; as assigned to LaSalle Bank National Association, as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2007-GG9, Commercial Mortgage Pass-Through Certificates, Series 2007-GG9, pursuant to that certain Assignment of Deed to Secure Debt and Security Agreement dated as of November 30, 2006, and recorded June 24, 2008, in Deed Book 342G, Page 338, and re-filed of record July 24, 2008, in Deed Book 343G, Page 225, aforesaid records, as partially released by LaSalle Bank National Association, as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2007-GG9, Commercial Mortgage Pass-Through Certificates, Series 2007-GG9, pursuant to that certain Quitclaim Deed of Release dated as of October 17, 2007, and recorded January 6, 2009, in Deed Book 347K, Page 364, aforesaid records, as modified by that certain unrecorded Modification of Deed to Secure Debt and Other Loan Documents and Ratification and Amendment of Guaranty (GCCFC 2007-GG9; Loan No. 309991046), dated as of November 4, 2008, and as further assigned by Bank of America, N.A., a National Banking Association, Successor by Merger to LaSalle Bank National Association, as

Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2007-GG9, Commercial Mortgage Pass-Through Certificates, Series 2007-GG9, to GCCFC 2007-GG9 ABERCORN STREET LIMITED PARTNERSHIP, a Georgia limited partnership ("Lender"), pursuant to that Assignment of Deed to Secure Debt and Security Agreement and Other Loan Documents, dated as of October 28, 2010, and recorded November 4, 2010, in Deed Book 365E, Page 520, aforesaid records (the Deed to Secure Debt, as assigned, the "Security Deed"), which Security Deed was given to secure (A) the payment of the obligations under the Loan Documents (as defined in the Security Deed), which obligations include the indebtedness evidenced by that certain Promissory Note dated December 7, 2006 (the "Note"), in the original principal sum of Thirty Million and 00/100 Dollars ($30,000,000.00), and (B) the performance of all of the provisions, agreements, covenants and obligations contained in the Loan Documents; and

WHEREAS, the Security Deed contained a power of sale authorizing the sale of the property conveyed by the Security Deed in the event the indebtedness secured by the Security Deed was not paid when due or upon other specified defaults and pursuant to the Security Deed, the Grantor appointed the Lender, as attorney-in-fact of Grantor, to make said sale and deliver a conveyance of said property to the purchaser; and

WHEREAS, as a result of Grantor's failure to comply with certain of its obligations under the Security Deed, including Grantor's failure to make payment of certain sums due thereunder, and because of said default, and in accordance with the provisions of the Security Deed, a default has occurred and continues under the Security Deed, and the unpaid principal balance of the Note, together with all accrued interest and other indebtedness secured by the Security Deed has been declared to be, due and is payable; and

WHEREAS, in accordance with the terms of the Security Deed, Lender, as attorney-in-fact of Grantor, did advertise the time, place and manner of said sale in the Savannah Morning News once a week for four weeks immediately prior to sale, which advertisement complied in all respects with the requirements contained in the Security Deed; and

WHEREAS, in accordance with the terms of the Security Deed, Lender, as attorney-in-fact of Grantor, did expose the property for sale at public outcry during the legal hours of sale on the first Tuesday of January, 2011, before the doors of the Chatham County courthouse in Savannah, Georgia, and the same was knocked down to Grantee, it being the highest and best bidder, at and for the sum of _Twenty Million Five Hundred Thousand and 00/100 Dollars_ ($ _20,500,000.00_ ); and

WHEREAS, pursuant to O.C.G.A. § 44-14-162.1 through 44-14-162.4, notice to the Grantor of the initiation of proceedings to exercise the power of sale contained in the Security Deed is inapplicable because none of the property secured by the Security Deed was to be used as a dwelling place by the Grantor at the time the Security Deed was entered into.

NOW THEREFORE, in consideration of the premises and the sum referred to above, in

hand paid, and by virtue of and in the exercise of the power of sale contained in the Security Deed, Grantor, by and through its attorney-in-fact, Lender, does hereby grant, bargain, sell and convey unto Grantee, and the heirs, legal representatives, successors, successors-in-title and assigns of Grantee, all that real property, including all rights, interests and estates, now owned or hereafter acquired by Grantor, described on **Exhibit A** attached hereto and hereby made a part hereof (collectively, the Property, as hereinafter defined) subject to (i) any and all unpaid taxes and/or assessments, if any, all valid zoning ordinances; (ii) rights of tenants in possession of the Property under all written leases and subleases currently in place and granting the right to use or occupy all or any part of the Property; and (iii) any and all prior restrictions, liens, encumbrances, and easements of record, if any having priority over the Security Deed and those appearing after the date of the Security Deed and consented to by Lender.

To have and to hold said Property, together with any and all improvements located thereon, and any and all of the rights, members and appurtenances thereof, to the same being, belonging or in anywise appertaining to the only proper use, benefit and behoof of Grantee and the heirs, legal representatives, successors, successors-in-title and assigns of Grantee, forever, in fee simple.

It is the purpose and intent of this instrument to grant, bargain, sell and convey all of the right, title, equity and interest of Grantor, its legal representatives, successors and assigns and all persons whomsoever claiming under Grantor, in and to the Property.

[signature on following page]

      IN WITNESS WHEREOF, Grantor, by and through its attorney-in-fact, Lender, has signed, sealed and delivered this deed the day and year first above written.

| | |
|---|---|
| Signed, sealed and delivered<br>in the presence of:<br><br>_____<br>Unofficial Witness | GCCFC 2007-GG9 ABERCORN STREET<br>LIMITED PARTNERSHIP,<br>a Georgia limited partnership<br>   as duly appointed agent and attorney in fact<br>   for<br>**ABERCORN COMMON, LLLP,**<br>a Georgia limited liability limited<br>partnership |
| | BY:  GCCFC 2007-GG9 ABERCORN<br>       STREET GP, LLC, a Georgia limited<br>       liability company, its General Partner |
| _____<br>Notary Public<br><br>My Commission Expires:<br><br>_____<br>[NOTARIAL SEAL] | By:  LNR Partners, LLC,<br>       a Florida limited liability<br>       company, successor by statutory<br>       conversion to LNR Partners,<br>       Inc., a Florida corporation<br>       its Manager<br><br>By:  _____<br>Name:  LARRY GOLINSKY<br>Title:  VICE PRESIDENT |

Error! Unknown document property name.
Error! Unknown document property name.

### Exhibit A

The following described property (the "Property"):

TRACT I: (FEE)

ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE 6th G.M. DISTRICT OF SAVANNAH, CHATHAM COUNTY, GEORGIA, BEING A 19.01 ACRE PORTION OF THE FORMER KOLLOCK LOTS AND SOMERSET PARK SUBDIVISION, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
COMMENCING AT AN IRON ROD FOUND AT THE INTERSECTION OF THE NORTH RIGHT OF WAY LINE OF FAIRMONT AVENUE AND THE WEST RIGHT OF WAY LINE OF WHITE BLUFF ROAD, SAID POINT BEING THE POINT OF BEGINNING:
THENCE ALONG THE NORTH RIGHT OF WAY LINE OF FAIRMONT AVENUE, NORTH 70 DEGREES 42 MINUTES 21 SECONDS WEST A DISTANCE OF 471.00 FEET TO A POINT;
THENCE LEAVING SAID RIGHT OF WAY LINE, NORTH 19 DEGREES 31 MINUTES 06 SECONDS EAST A DISTANCE OF 139.70 FEET TO A POINT;
THENCE NORTH 70 DEGREES 28 MINUTES 53 SECONDS WEST A DISTANCE OF 75.00 FEET TO A POINT;
THENCE NORTH 19 DEGREES 31 MINUTES 06 SECONDS EAST A DISTANCE OF 145.71 FEET TO A POINT;
THENCE NORTH 70 DEGREES 28 MINUTES 54 SECONDS WEST A DISTANCE OF 100.00 FEET TO A POINT;
THENCE SOUTH 19 DEGREES 31 MINUTES 05 SECONDS WEST A DISTANCE OF 286.09 FEET TO A POINT ON THE NORTH RIGHT OF WAY LINE OF FAIRMONT AVENUE;
THENCE ALONG THE NORTH RIGHT OF WAY LINE OF FAIRMONT AVENUE, NORTH 70 DEGREES 42 MINUTES 21 SECONDS WEST A DISTANCE OF 634.82 FEET TO A POINT;
THENCE LEAVING SAID RIGHT OF WAY LINE, NORTH 04 DEGREES 33 MINUTES 37 SECONDS WEST A DISTANCE OF 41.22 FEET TO A POINT ON THE SOUTH RIGHT OF WAY LINE OF ABERCORN STREET EXTENSION;
THENCE ALONG A CURVE TO THE RIGHT HAVING A CHORD BEARING OF NORTH 47 DEGREES 44 MINUTES 58 SECONDS EAST A CHORD DISTANCE OF 284.49 FEET, A RADIUS OF 1874.65 FEET AND AN ARC LENGTH OF 284.76 FEET TO A POINT;
THENCE LEAVING SAID RIGHT OF WAY LINE SOUTH 70 DEGREES 34 MINUTES 58 SECONDS EAST A DISTANCE OF 265.18 FEET TO A POINT;
THENCE NORTH 19 DEGREES 24 MINUTES 19 SECONDS EAST A DISTANCE OF 256.84 FEET TO A POINT;
THENCE NORTH 70 DEGREES 33 MINUTES 00 SECONDS WEST A DISTANCE OF 62.03 FEET TO A POINT ON THE NORTH RIGHT OF WAY LINE OF ABERCORN STREET EXTENSION;
THENCE CONTINUE ALONG SAID RIGHT OF WAY ALONG A CURVE TO THE RIGHT

366 T 709

HAVING A CHORD BEARING OF NORTH 70 DEGREES 06 MINUTES 25 SECONDS EAST A CHORD DISTANCE OF 488.18 FEET, A RADIUS OF 1839.22 FEET AND AN ARC LENGTH OF 489.63 FEET TO A POINT;
THENCE CONTINUE ALONG SAID RIGHT OF WAY NORTH 77 DEGREES 44 MINUTES 00 SECONDS EAST A DISTANCE OF 396.89 FEET TO A POINT;
THENCE LEAVING SAID RIGHT OF WAY SOUTH 07 DEGREES 48 MINUTES 00 SECONDS WEST A DISTANCE OF 249.44 FEET TO A POINT;
THENCE SOUTH 72 DEGREES 35 MINUTES 00 SECONDS EAST A DISTANCE OF 200.04 FEET TO A POINT ON THE WEST RIGHT OF WAY LINE OF WHITE BLUFF ROAD;
THENCE ALONG SAID RIGHT OF WAY LINE OF WHITE BLUFF ROAD SOUTH 19 DEGREES 12 MINUTES 21 SECONDS WEST A DISTANCE OF 539.03 FEET TO A POINT;
THENCE NORTH 72 DEGREES 30 MINUTES 54 SECONDS WEST A DISTANCE OF 7.64 FEET TO A POINT;
THENCE ALONG THE WEST RIGHT OF WAY OF WHITE BLUFF ROAD SOUTH 19 DEGREES 31 MINUTES 06 SECONDS WEST A DISTANCE OF 283.30 FEET TO AN IRON ROD FOUND, THE SAID TRUE POINT OF BEGINNING:
SAID PARCEL CONTAINING APPROXIMATELY 19.01 ACRES AND BEING BOUNDED AS FOLLOWS: ON THE NORTH BY ABERCORN STREET EXTENSION AND N/F SOUTH KENDALL PROPERTIES, INC.; ON THE EAST BY WHITE BLUFF ROAD; ON THE SOUTH BY FAIRMONT AVENUE AND ON THE WEST BY ABERCORN STREET EXTENSION.

TRACT II: (LEASEHOLD)

ALL THAT CERTAIN LOT, TRACT, OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE 6TH G.M. DISTRICT OF SAVANNAH, CHATHAM COUNTY, GEORGIA, BEING A 1.00 ACRE WEST PORTION OF THE SOUTHERN PORTION OF PARCEL 2 OF THE FORMER KOLLOCK LOTS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT AT THE INTERSECTION OF THE NORTH RIGHT OF WAY LINE OF FAIRMONT AVENUE AND THE EAST RIGHT OF WAY LINE OF ABERCORN STREET EXTENSION SAID POINT BEING THE POINT OF COMMENCEMENT; THENCE ALONG A CURVE TO THE RIGHT HAVING A CHORD BEARING OF NORTH 47 DEGREES 44 MINUTES 58 SECONDS EAST AND A CHORD DISTANCE OF 284.49 FEET, A RADIUS OF 1874.65 FEET AND AN ARC LENGTH OF 284.76 FEET TO A POINT, THE POINT OF BEGINNING:
THENCE FROM THE TRUE POINT OF BEGINNING CONTINUE ALONG THE SOUTH RIGHT OF WAY LINE OF ABERCORN STREET EXTENSION ALONG A CURVE TO THE RIGHT HAVING A CHORD BEARING OF NORTH 57 DEGREES 44 MINUTES 55 SECONDS EAST A CHORD DISTANCE OF 327.47 FEET, A RADIUS OF 1834.40 FEET AND AN ARC LENGTH OF 327.90 FEET TO A POINT;
THENCE LEAVING SAID RIGHT OF WAY SOUTH 70 DEGREES 33 MINUTES 00 SECONDS EAST A DISTANCE OF 62.03 FEET TO A POINT;

10763102.1

THENCE SOUTH 19 DEGREES 24 MINUTES 19 SECONDS WEST A DISTANCE OF 256.84 FEET TO A POINT;
THENCE NORTH 70 DEGREES 34 MINUTES 58 SECONDS WEST A DISTANCE OF 265.18 FEET TO A POINT, THE SAID TRUE POINT OF BEGINNING;
SAID PARCEL CONTAINING 43,623.52 SQUARE FEET (1.00 ACRES) BEING BOUNDED AS FOLLOWS: ON THE NORTH, EAST AND SOUTH BY N/F ABERCORN COMMON, LLLP AND ON THE WEST BY ABERCORN STREET EXTENSION.

LESS AND EXCEPT
All that certain lot, tract, or parcel of land situate, lying and being in the 6th G.M. District of Savannah, Chatham County, Georgia, being more particularly described as follows:
Commencing at an iron rod found at the Northern right-of-way of Fairmont Avenue and Western right-of-way of White Bluff Road, said point being the POINT OF BEGINNING;
Thence along the Northern right-of-way line of Fairmont Avenue North 70 degrees 42 minutes 21 seconds West, a distance of 646.00 feet to a point;
Thence leaving said right-of-way line North 19 degrees 31 minutes 05 seconds East a distance of 286.09 feet to a point;
Thence South 70 degrees 28 minutes 54 seconds East a distance of 100.00 feet to a point;

Thence South 70 degrees 27 minutes 14 seconds East a distance of 546.00 feet to a point on the Western right-of-way line of White Bluff Road;
Thence along said right-of-way line of White Bluff Road South 19 degrees 31 minutes 06 seconds West a distance of 283.30 feet to the POINT OF BEGINNING.

Said parcel containing 4.22 acres and being bounded on the North by property now or formerly owned by Abercorn Common, LLLP; on the East by White Bluff Road; on the South by Fairmont Avenue; and on the West by property now or formerly owned by Abercorn Common, LLLP.

The aforesaid real property (the "Land") is a portion of the project commonly known as **Abercorn Commons,** with an address of 8108 Abercorn Street, Savannah, Georgia 30146, in accordance with the present system of numbering in Chatham County, Georgia.

Together with all of Grantor's estate, right, title and interest in, to and under any and all of the following described property located in the County of Chatham, State of Georgia: (a) all buildings, improvements and tenements now or hereafter erected on the property, and all heretofore or hereafter vacated alleys and streets abutting the property, and all easements, rights, appurtenances, rents (subject however to the assignment of rents to Lender in the Security Deed), royalties, mineral, oil and gas rights and profits, water, water rights, and water stock appurtenant to the property, and all fixtures, machinery, equipment, engines, boilers, incinerators, building materials, appliances and goods of every nature whatsoever now or hereafter located in, or on, or used, or intended to be used in connection with the property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light; and all elevators, and related machinery and equipment, fire prevention and extinguishing

10763102.1

apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, mirrors, cabinets, paneling, rugs, attached floor coverings, furniture, pictures, antennas, trees and plants, tax refunds, trade names, licenses, permits, Grantor's rights to insurance proceeds, unearned insurance premiums and choses in action, including replacements and additions thereto substitutions therefor and all parts, rights, members and appurtenances thereof; (b) all right, title and interest in, to and under any and all leases (as used herein "lease" shall mean "Sublease" to the extent the Security Deed encumbers a leasehold) now or hereinafter in existence (as amended or supplemented from time to time) and covering space in or applicable to the Secured Property (hereinafter referred to collectively as the "Leases" and singularly as a "Lease"), together with all rents, earnings, income, profits, benefits and advantages arising from the Property and from said Leases and all other sums due or to become due under and pursuant thereto, and together with any and all guarantees of or under any of said Leases, and together with all rights, powers, privileges, options and other benefits of Grantor as lessor under the Leases, including, without limitation, the immediate and continuing right to receive and collect all rents, income, revenues, issues, profits, condemnation awards, insurance proceeds, moneys and security payable or receivable under the Leases or pursuant to any of the provisions thereof, whether as rent or otherwise, the right to accept or reject any offer made by any tenant pursuant to its Lease to purchase the Secured Property and any other property subject to the Lease as therein provided and to perform all other necessary or appropriate acts with respect to such Leases as agent and attorney-in-fact for Grantor, and the right to make all waivers and agreements, to give and receive all notices, consents and releases, to take such action upon the happening of a default under any Lease, including the commencement, conduct and consummation of proceedings at law or in equity as shall be permitted under any provision of any Lease or by any law, and to do any and all other things whatsoever which Grantor is or may become entitled to do under any such Lease together with all accounts receivable, contract rights, franchises, interests, estates or other claims, both at law and in equity, relating to the Secured Property, to the extent not included in rent earnings and income under any of the Leases; (c) all right, title and interest in, to and under any and all reserve, deposit or escrow accounts (the "Accounts") made pursuant to any of the Loan Documents (hereinafter defined), together with all income, profits, benefits and advantages arising therefrom, and together with all rights, powers, privileges, options and other benefits of Grantor under the Accounts, and together with the right to do any and all other things whatsoever which Grantor is or may become entitled to do under the Accounts; (d) all agreements, contracts, certificates, guaranties, warranties, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, pertaining to the use, occupancy, construction, management or operation of the Secured Property and any part thereof and any improvements or respecting any business or activity conducted on the Secured Property and any part thereof and all right, title and interest of Grantor therein, including the right to receive and collect any sums payable to Grantor thereunder and all deposits or other security or advance payments made by Grantor with respect to any of the services related to the Secured Property or the operation thereof; (e) all tradenames, trademarks, servicemarks, logos, copyrights, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Secured Property; and (f) any and all

10763102 1

proceeds resulting or arising from any of the foregoing.

10763102.1