IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
RICHMOND DIVISION
F                               F
I      MAY 1 1 2011            I
L                               L
E                               E
D          CLERK                D
    US BANKRUPTCY COURT
```

In re:                                              Chapter 11

CIRCUIT CITY STORES, INC., et al.,                  Case No. 08-35653-KRH

Debtors.                                            Jointly Administered
_____/

## NOTICE OF CHANGE OF ADDRESS

**PLEASE TAKE NOTICE** that 2005-C1 Shoppes of Plantation Acres, LLC, assignee of Starpoint Properties, LLC, a creditor in the cases of the above-captioned debtors ("Debtors"), directs the Debtors and counsel for the Debtors (including the claims and distribution agent appointed in these cases) to change its address in regard to Claim No. 12855 for the purposes of administering its claim (as listed on the Debtors' claims register), and hereby requests that service of any pleadings, notices, correspondence and distributions relating to such claim be sent to the New Address set forth below, effect as of the date hereof.

| Former Address | New Address |
|---|---|
| Starpoint Properties<br>c/o Augustus C. Epps, Jr., Esq.<br>Christian & Barton LLP<br>909 E. Main Street, Suite 1200<br>Richmond, VA 23219 | 2005-C1 Shoppes of Plantation Acres, LLC<br>c/o LNR Partners, LLC<br>1601 Washington Avenue<br>Suite 700<br>Miami Beach, FL 33139 |

**[SIGNATURE FOLLOWS ON NEXT PAGE]**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**2005-C1 Shoppes of Plantation Acres, LLC**

By: LNR Partners, LLC, its Manager

By: _____

Name: RANDOLPH J. WOLPERT

Title: VICE PRESIDENT

## ASSIGNMENT OF CLAIM

STARPOINT PROPERTIES, LLC ("Assignor"), on its own behalf and as Manager of Sunrise Plantation Properties, LLC, the owner of a retail center known as Shoppes of Plantation Acres, located at 12260-12370 West Sunrise Boulevard, Plantation, Broward County, Florida, for good and valuable consideration, hereby absolutely and unconditionally assigns to CSFB 2005-C1 SHOPPES OF PLANTATION ACRES, LLC, a Florida limited liability company ("Assignee"), whose address is c/o LNR Partners, Inc., 1601 Washington Avenue, Suite 700 Miami Beach, Florida 33139, all of its interest in that certain claim filed by or on behalf of Assignor in the bankruptcy of Circuit City Stores, Inc., or any of its affiliates (collectively, "CCS") pending in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 08-35653, Claim No. 12855, filed on or about May 5, 2009, which evidences a claim in the amount of $1,042,054.01, a copy of which is attached hereto as **Exhibit A** ("Claim").

Assignor agrees that, in the event Assignor receives any payments or distributions with respect to Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of, and for the sole benefit of, Assignee and shall promptly deliver the same to Assignee.

Assignor agrees that in the event Assignor receives any correspondence with respect to the Claim after the date hereof, Assignor shall promptly forward such correspondence to the Assignee at the following address:

c/o LNR Partners, LLC
Attn: Director of Servicing
(Re: CSFB 2005-C1 Loan no. 991071487)
1601 Washington Avenue, Suite 700
Miami Beach, Florida 33139

Assignor hereby waives any notice and hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure and further stipulates that any necessary order may be entered by the Clerk of the Bankruptcy Court recognizing Assignee as the valid owner and holder of such Claim. It shall be the Assignee's responsibility to file any requisite notice of transfer.

Assignor does not make any representations or warranties regarding the Claim other than Assignor is the sole, present owner of the Claim, with the rights to transfer the Claim as described herein. Further, the Claim is assigned to the Assignee without recourse to the Assignor.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative this 10 day of September, 2010.

STARPOINT PROPERTIES, LLC, on its
own behalf and as Manager of Sunrise
Plantation Properties, LLC
By: _____
Name: Paul Daneshrad
Title: CEO

MIAMI 2275025.1 7249638084
C&B 1079891v2

**EXHIBIT A TO ASSIGNMENT OF CLAIM**

MIAMI 2275025.1 7249638084
C&B 1079891v2

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Circuit City Stores, Inc. | Case Number: 08-35653 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Starpoint Properties, LLC

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Augustus C. Epps, Jr., Esquire
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200, Richmond, VA 23219-3095

Court Claim Number: _____
(If known)

Telephone number:
(804) 697-4104

Filed on: _____

Name and address where payment should be sent (if different from above):
Starpoint Properties, LLC
450 N. Roxbury Drive #1050
Beverly Hills, California 90210

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:
(310) 247-0550

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $1,042,054.01*
*Amount includes $503(b)(9) and other damages to which amounts for which $503(b)(1) priority may be asserted. See attachment for breakdown.
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: tenant obligations under lease (copy of lease provided upon request)
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: Store No. 3249
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 05/05/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
/s/ Augustus C. Epps, Jr., counsel |
|---|---|

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Main Document    Page 6 of 6

Circuit City Stores, Inc.
Case no. 08-35653

Lessor:
Starpoint Properties, LLC

Location:
Store #3249, Plantation, Florida

Lease Expiration:
January 31, 2018
15% (March 12, 2009 - January 31, 2018) equals 16 months

Claim:*

| | | |
|---|---:|---:|
| November 2008 rent ($57,740.17) plus Florida sales tax ($3,306.94) | | $61,047.11 |
| 12 months rent (including Florida sales tax) | 732,565.32 | |
| Rent for 15% of remaining term | 976,753.76 | 976,753.76 |
| Attorneys fees and costs as of February 28, 2009 | | 4,253.14 |
| Total | | $1,042,054.01 |

---

*Debtor rejected lease effective March 12, 2009. Starpoint Properties reserves the right to amend this proof of claim at the time of the filing of the appropriate notice of rejection. This claim is without prejudice to Starpoint Properties' position that attorneys fees and costs and other post-petition obligations constitute Chapter 11 administrative expenses under 11 U.S.C. § 365(d)(3), and also without prejudice to creditor's right to claim all or a portion of its additional attorneys fees and costs, taxes, CAM and other costs as administrative expenses at the appropriate time.

946531