| | |
|---|---|
| Alison R. W. Toepp, Esq. | Daniel P. Holmes, Esq. |
| Reed Smith LLP | Jessica N. Stokes, Esq. |
| Riverfront Plaza – West Tower | LERNER & HOLMES PC |
| 901 East Byrd Street, Suite 1700 | Two Center Plaza, Suite 415 |
| Richmond, Virginia 23219 | Boston, Massachusetts 02108 |
| Telephone: (804) 344-3400 | Telephone: (617) 443-9470 |
| Telecopy: (804) 344-3410 | Telecopy: (617) 443-9471 |
| *Counsel for GRE Grove Street One LLC, Landlord* | *Of counsel for GRE Grove Street One LLC, Landlord* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Circuit City Stores, Inc., *et al.*, | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**LANDLORD'S RESPONSE TO LIQUIDATING TRUST'S SEVENTEENTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF
CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN
INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS,
DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS, AND
<u>DISALLOWANCE OF CERTAIN AMENDED CLAIMS</u>**

GRE Grove Street One LLC, a Delaware limited liability company ("<u>Landlord</u>"), hereby opposes the relief requested in that certain Liquidating Trust's Seventeenth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims), dated February 28, 2011, and filed in connection with the above-captioned cases (the "<u>Objection</u>") as such relief relates to Landlord's Proof of Claim, referenced in the Objection as

1

Claim No. 12062. This filing is hereinafter referred to as "Landlord's Response."[1] Pursuant to that certain Memorandum Opinion dated February 12, 2009, entered by this court (the "Court") in connection with the above- captioned cases, Landlord hereby moves the Court for an order granting relief in favor of Landlord for the payment of "stub rent" as a timely filed administrative claim under §§ 365(d)(3), 503(b) and 507(a)(2) of Chapter 11 of the United States Bankruptcy Code in the amount of $4,956.23 (the "Unpaid Administrative Expenses").

I.    Landlord is owed Unpaid Administrative Expenses

On April 3, 2009, Landlord timely filed with the Court a Proof of Claim for postpetition rent due and owing pursuant to that certain Lease, dated August 27, 2002, by and between One Grove Street LLC, a Massachusetts limited liability company, predecessor-in-interest to Landlord ("Predecessor Landlord"), and Circuit City Stores, Inc. ("Debtor"), as amended by that certain First Amendment to Lease, dated April 15, 2007, by and between Predecessor Landlord and Debtor, as affected by that certain Assignment and Assumption of Leases, dated July 13, 2007, by and between Predecessor Landlord and Landlord, as extended by that certain letter dated March 21, 2008 (collectively, the "Lease"), pertaining to certain premises comprised of 8,198 square feet of rentable area located at 165 Grove Street, Franklin, Massachusetts (the "Premises"), which Lease was still of force and effect as of November 10, 2008 (the "Petition Date"). The Lease was rejected as of February 28, 2009 (the "Rejection Date"), pursuant to that certain Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property. A copy of the Lease was attached to Landlord's Proof

---

[1] On April 7, 2011 Landlord filed its initial Response with this Court. Pursuant to this Court's deficiency noticed dated April 13, 2011, Landlord hereby refiles its Response in compliance with Local Rule 2090-1(f).

2

of Claim, referenced as Claim No. 12062 in the Objection, and additional copies of the Lease are available upon request, pursuant to Section (d) of the Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection, which was attached to the Notice of the Objection.

For the time period commencing on November 11, 2008 (the day after the Petition Date), and ending on the Rejection Date (collectively, the "<u>Accrual Period</u>"), a total of $24,356.69 (the "<u>Accrued Rent</u>") in rent and expenses accrued pursuant to the Lease. During the Accrual Period, the Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"), through Alfred H. Siegel, duly appointed trustee of the Liquidating Trust, rendered payment to Landlord in the total amount of only $19,400.46 (the "<u>Paid Rent</u>"). Accordingly, Landlord is owed the Unpaid Administrative Expenses, which amount is calculated by subtracting the Paid Rent from the Accrued Rent. A more detailed statement of the relevant facts in support of this Landlord's Response is set forth in the affidavit attached as <u>Exhibit A</u> hereto.

II.     <u>Landlord is Owed Unpaid Administrative Expenses Less Than Proof of Claim</u>

Landlord timely filed a Proof of Claim, referenced in the Objection as Claim No. 12062, for postpetition rent in the amount of $7,085.95, which is an amount greater than the Unpaid Administrative Expenses. The amount of the Proof of Claim differed from the Unpaid Administrative Expenses because Landlord, as an accounting matter, credited Debtor's December 2008 payment of rent and other expenses to the unpaid amounts due and owing in November 2008 and showed rent and expenses for January 2009 as unpaid. Consequently, Landlord filed a Proof of Claim in the amount of $7,085.78, which included a full 30 days of rent and expenses, rather than the 20 days of rent and expenses that accrued from the Petition Date through November 30, 2008. Thus, Landlord is entitled to the full amount of the Unpaid

3

Administrative Expenses. Landlord hereby moves this Court to order the Liquidating Trust to render payment to Landlord in the amount of the Unpaid Administrative Expenses.

III.    Landlord Notice Address

Notices to Landlord, the claimant hereunder, should be sent to the following name and address:

> GRE Grove Street One LLC
> c/o Hall Royce, LLC
> 40 Beach Street, Suite 203
> Manchester, MA 01944
> Attn: Denison M. Hall
> Telephone: (617) 526-8120
> Telecopy: (617) 526-7652

With a copy to:

> Lerner & Holmes PC
> Two Center Plaza, Suite 415
> Boston, Massachusetts 02108
> Attn: Daniel P. Holmes, Esq.
> Telephone: (617) 443-9470
> Telecopy: (617) 443-9471

[Remainder of page intentionally left blank]

WHEREFORE, Landlord respectfully requests that the Court enter an Order sustaining this Landlord's Response and granting such other and further relief as the Court deems appropriate.

Dated: May ---, 2011

        /s/ Alison R. W. Toepp
        Alison R. W. Toepp, Esq.
        Reed Smith LLP
        Riverfront Plaza – West Tower
        901 East Byrd Street, Suite 1700
        Richmond, Virginia 23219
        Telephone: (804) 344-3400
        Telecopy: (804) 344-3410
        *Counsel for GRE Grove Street One LLC, Landlord*

        Daniel P. Holmes, Esq.
        Jessica N. Stokes, Esq.
        LERNER & HOLMES PC
        Two Center Plaza, Suite 415
        Boston, Massachusetts 02108
        Telephone: (617) 443-9470
        Telecopy: (617) 443-9471
        *Of counsel for GRE Grove Street One LLC, Landlord*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served this ___ day of May, 2011 by CM/ECF and/or first-class mail, postage prepaid, on the following:

>Paula S. Beran, Esquire
>Lynn L. Tavenner, Esquire
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>    Counsel for Liquidating Trustee
>
>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>    Counsel for Liquidating Trustee
>
>W. Clarkson McDow, Jr.
>Office of the U.S. Trustee
>701 Broad Street, Suite 4304
>Richmond, VA 23219
>    U.S. Trustee

>    /s/ Alison R. W. Toepp_____
>Alison R. W. Toepp, Esq.
>Reed Smith LLP
>Riverfront Plaza – West Tower
>901 East Byrd Street, Suite 1700
>Richmond, Virginia 23219
>Telephone: (804) 344-3400
>Telecopy: (804) 344-3410
>*Counsel for GRE Grove Street One LLC, Landlord*

## Exhibit A

## Affidavit of Paul Krassopoulos

I, Paul Krassopoulos, Senior Property Accountant for HallKeen Management, Inc., property manager for GRE Grove Street One LLC, a Delaware limited liability company ("Landlord"), owner of 165 Grove Street, Franklin, Massachusetts (the "Building"), do hereby declare the following:

1. Landlord is the owner of the Building and is the landlord under that certain Lease, dated August 27, 2002, by and between One Grove Street LLC, a Massachusetts limited liability company, predecessor-in-interest to Landlord ("Predecessor Landlord"), and Circuit City Stores, Inc. ("Debtor"), as amended by that certain First Amendment to Lease, dated April 15, 2007, by and between Predecessor Landlord and Debtor, as affected by that certain Assignment and Assumption of Leases, dated July 13, 2007, by and between Predecessor Landlord and Landlord, as extended by that certain letter dated March 21, 2008 (collectively, the "Lease"), pertaining to certain premises comprised of 8,198 square feet of rentable area located in the Building (the "Premises").

2. In my capacity as Senior Property Accountant, I am familiar with the amounts invoiced to Debtor and paid by Debtor during the time period commencing on November 11, 2008 (the day after the Petition Date), and ending on February 28, 2009 (collectively, the "Accrual Period").

3. Throughout the term of the Lease, Landlord sent Debtor an invoice each month indicating the amounts due and owing under the Lease for the upcoming month. Debtor typically paid each invoice on or prior to the fifth (5th) day of the month in which it was due.

4. With respect to the Accrual Period, Landlord delivered to Debtor an invoice dated November 1, 2008, and attached as Schedule 1 hereto (the "November 2008 Invoice"). Debtor did not pay the amounts due and owing as set forth in the November 2008 Invoice.

5. Landlord delivered to Debtor an invoice dated November 20, 2008, for amounts due and owing for the month of December 2008. Debtor rendered payment to Landlord for such amounts. A copy of the payment check and invoice information are attached as Schedule 2 hereto ("December 2008 Payment").

6. Landlord delivered to Debtor an invoice dated December 18, 2008, for amounts due and owing for the month of January 2009. Debtor rendered payment to Landlord for certain portions of such amounts. A copy of the payment check and invoice information are attached as Schedule 3 hereto ("January 2009 Payment").

7. Landlord delivered to Debtor an invoice dated January 27, 2009, for amounts due and owing for the month of February 2009. Debtor rendered payment to Landlord for certain portions of such amounts. A copy of the payment check and invoice information are attached as Schedule 4 hereto ("February 2009 Payment").

8. A copy of Landlord's accounting ledger, indicating which charges were made, which payments were received and how such charges and payments were credited, is attached as Schedule 5 hereto (the "Landlord Accounting Ledger"). To summarize, during the Accrual Period, the following expenses due from Debtor accrued under the Lease:

| Line Item | Amount Due | Amount Paid | Amount Unpaid |
|---|---|---|---|
| Base Rent, November 11 – November 30, 2008 | $ 3,635.59 | $ - | $ 3,635.59 |
| Operating Expenses ("CAM"), November 11 – November 30, 2008 | $ 304.12 | $ - | $ 304.12 |
| Real Estate Taxes, November 11 – November 30, 2008 | $ 305.88 | $ - | $ 305.88 |
| CAM True Up, November 11 – November 30, 2008 | $ 219.85 | $ - | $ 219.85 |
| Base Rent, December 1 – December 31, 2008 | $ 5,453.38 | $ 5,453.38 | $ - |
| CAM, December 1 – December 31, 2008 | $ 456.18 | $ 456.18 | $ - |
| Real Estate Taxes, December 1 – December 31, 2008 | $ 458.82 | $ 458.82 | $ - |
| CAM True Up, December 1 – December 31, 2008 | $ 329.77 | $ - | $ 329.77 |
| Base Rent, January 1 – January 31, 2009 | $ 5,453.38 | $ 5,453.38 | $ - |
| CAM, December 1 – January 1 – January 31, 2009 | $ 456.18 | $ 456.18 | $ - |
| Real Estate Taxes, January 1 – January 31, 2009 | $ 458.82 | $ 458.82 | $ - |
| Base Rent, February 1 – February 28, 2009 | $ 5,453.38 | $ 5,453.38 | $ - |
| CAM, February 1 – February 28, 2009 | $ 751.50 | $ 751.50 | $ - |
| Real Estate Taxes, February 1 – February 28, 2009 | $ 619.84 | $ 458.82 | $ 161.02 |
| TOTAL: | $ 24,356.69 | $ 19,400.46 | $ 4,956.23 |

9. Accordingly, Landlord is owed a total of $4,956.23 for unpaid rent and expenses that accrued under the Lease during the Accrual Period.

EXECUTED as of this sixth (6th) day of April, 2011.

_____
Paul Krassopoulos,
Senior Property Accountant

**Schedule 1 to Exhibit A**

November 2008 Invoice

(see attached)

**Schedule 2 to Exhibit A**

December 2008 Payment

(see attached)

**Schedule 3 to Exhibit A**

January 2009 Payment

(see attached)

**Schedule 4 to Exhibit A**

February 2009 Payment

(see attached)

**Schedule 5 to Exhibit A**

Landlord Accounting Ledger

(see attached)