Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - -  x | | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**LIQUIDATING TRUST'S REPLY BRIEF REGARDING OBJECTION TO
<u>SECURED CLAIMS FILED BY GREGORY LEE MCCALL</u>**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files this

Reply Brief Regarding Objection to Secured Claims Filed by Gregory Lee McCall, and

respectfully states as follows:

## INTRODUCTION

The Liquidating Trust objected to a secured claim in the amount of $18,000,000.00 (the "Claim") filed by Gregory Lee McCall ("McCall" or "Claimant") on the grounds that: (1) it was late; (2) it was factually farfetched and entirely unwarranted in law ; and (3) it was improperly classified as secured.  McCall's *Response to Liquidating Trust's Objection to Secured Claims Filed By Respondent* [Docket No. 10289] (the "Response") does not contain any evidence to demonstrate that the claim was timely, warranted or secured.  The Trust's Objection should be sustained.

McCall asserts that his Claim was timely because (i) he filed a notice of appearance prior to the bar date or (ii) prepetition, he filed some form of claim with a recorder's office in Kansas.  Neither filing constitutes a proof of claim.  McCall further contends that the $18,000,000.00 Claim is well established based on a state court lawsuit in which he claims that Circuit City Stores, Inc. (the "Debtor") defaulted.  In truth, as confirmed by the docket of the State Court Action (defined herein), there was no default by the Debtor; McCall's farfetched and unjustified claims remain completely unproven.  Finally, McCall asserts that his Claim is secured based on a power of attorney he obtained as a result of some "default" by the Debtor, and then used to grant himself a security interest in the Debtor's property.  This last assertion is impossible on numerous levels, including that  McCall could not obtain a power of attorney in the manner in which he claims, and a power of attorney cannot convey an interest in property unless the power of attorney is executed in a prescribed manner.  None of McCall's arguments or factual assertions are substantiated by any evidence or would constitute viable claims; the Claim should be disallowed in its entirety.

## THE MCCALL CLAIMS SHOULD BE DISALLOWED

1.      <u>Claim No. 15100 is Duplicative</u>.  McCall concedes that Claim No. 15100 should be disallowed as duplicative of Claim No. 15097.  Response at ¶20.

2.      <u>Claim No. 15097 is Late</u>.  Nothing in McCall's Response excuses or justifies the lateness of Claim No. 15097 (the "Claim"), which was filed on September 30, 2010.  McCall does not allege that he did not receive or have actual notice of the relevant bar date of January 30, 2009; rather, he argues that he filed a timely claim.  Response at ¶21.  The Claim states that it amends a claim filed in September 2008, which is notably prior to the petition date, and thus, cannot be factually accurate.  McCall contends that his "claim filed in the Johnson County District Court's Recorder Office" constitutes a timely claim against the Debtors' bankruptcy estate and that the Debtors had notice of his pending civil action.  *Id*.  The Response does not contain any evidence to support any of McCall's assertions.

3.      Even if substantiated by evidence, McCall's prepetition filing with a Kansas recorder's office could not constitute a timely proof of claim in the Debtors' bankruptcy estate.  Such "proof of claim" does not comply with Rule 3002 of the Federal Rules of Bankruptcy Procedure, which requires that a claim be filed in the Bankruptcy Court where the case is pending.  *See* Fed. R. Bankr. P. 3002(a) and (b), and likely did not comply with the proper form and content pursuant to Rule 3001(a).

4.      <u>The Response Does Not Establish That The Claim Is Warranted</u>.  McCall contends that a terminated 2004 civil action (the "State Court Action") establishes the validity of his Claim.  The State Court Action merely shows that McCall sued Circuit City, among others, for damages based on the alleged taking of items amounting to more

than $40,000.00. In no way does the State Court Action establish any liability on the part of Circuit City or any other defendant in any amount, much less for the ludicrous amount of $18,000,000.00. McCall claims that "the debtors collectively defaulted on the [pre-litigation] notices [that McCall would sue them if they didn't settle with him]." Response at ¶24. According to McCall, "[e]ach named debtor was assessed a certain sum and given notice that upon default triple damages would incur. Again the named persons defaulted . . . ." *Id.*

5. While McCall loosely uses the term "default" to mean a party did not accede to his demand, it should be noted that no legal default occurred or was entered. The Debtor did timely appear in and defend against the State Court Action. The docket from the State Court Action, attached hereto as Exhibit "A" and of which the Trustee requests this Court take judicial notice, establishes that no request for entry of default or motion for default judgment was ever filed or ordered. As such, Claimant has not established viability of the Claim in any amount; rather, his calculations and method of determining liability merely supports that his Claim is frivolous and unwarranted.

6. <u>The Claim is Not Secured</u>. Nothing in McCall's Response suggests, much less proves, that the Claim is actually secured. McCall apparently bases the secured status of the Claim on a "notice that by failing to respond or otherwise defaulting, the individuals granted Secured Party the right to act as 'Power of Attorney' in those proceedings . . . ." Response at ¶25. As the holder of the power of attorney based on a default by the Debtor, McCall claims he filed a Financing Statement on behalf of the Debtor, granting himself a security interest in the Debtor's property. *Id.* McCall has not presented any evidence that he obtained a power of attorney in this manner, nor as

described below, could he legally so obtain power of attorney. Further, without an executed and acknowledged power of attorney, McCall could not have legally conveyed an interest in property. Accordingly, McCall cannot have a secured claim based on the facts he alleges, nor does McCall otherwise have a security interest in the Debtor's property.

7. McCall could not have legally have held a power of attorney based on the facts he alleges. Pursuant to Kansas law, the power of attorney provided by the Debtor must have been written. *See* Kan. Stat. 58-651(i) (defining "power of attorney" as "a written power of attorney, either durable or nondurable"). McCall has not provided a written power of attorney, and in his Response, concedes that one does not exist. Further, even if a power of attorney could "spring" based on the inaction of the Debtor, the power of attorney would have terminated when McCall used the power of attorney to act in his own interest rather than that of the Debtor. *See* Kan. Stat. 58-657 (providing that a power of attorney terminates if the attorney in fact undertakes to act in bad faith, fraudulently or otherwise dishonestly); *see also* Kan. Stat. 58-656(a) (a person appointed attorney in fact has a fiduciary obligation to act in the best interests of the principal and to avoid self-dealing an conflicts of interest).

8. Finally, even if an unwritten power of attorney did exist and were legal, under Kansas law, a power of attorney cannot convey an interest in land absent the power of attorney being conveyed in the same manner required for a corporation to convey a deed (i.e. executed by an authorized officer of the corporation and acknowledged to be an act of the corporation). *See* Kan. Stat. 17-6003. Nothing of the like is even alleged by McCall here, much less proven.

9. Accordingly, McCall's Claim cannot be and is not secured.

# **CONCLUSION**

McCall's response provides no legal or factual basis under which the Claim should be allowed. The Claim not only failed to comply with the Bankruptcy Rules, but is also factually frivolous and unwarranted in law. Further, its asserted priority is factually and legally unwarranted.. The Liquidating Trust respectfully submits that the Court should enter an order sustaining the Objection and disallowing the McCall Claims, and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia       TAVENNER & BERAN, PLC
      May 27, 2011

                                   _____*/s/ Paula S. Beran*_____
                                   Lynn L. Tavenner (VA Bar No. 30083)
                                   Paula S. Beran (VA Bar No. 34679)
                                   20 North Eighth Street, 2nd Floor
                                   Richmond, Virginia 23219
                                   (804) 783-8300

                                                - and -

                                   PACHULSKI STANG ZIEHL & JONES LLP
                                   Jeffrey N. Pomerantz, Esq.
                                   Andrew W. Caine, Esq.
                                   10100 Santa Monica Boulevard
                                   Los Angeles, California 90067-4100
                                   (310) 277-6910

                                   *Counsel to the Circuit City Stores, Inc.*
                                   *Liquidating Trust*

# Johnson County Kansas District Court

CASE NO   04CV02240   MCCALL vs. DOE ET AL
Div/Judge   2/JAMES F VANO
Chapter   60
Nature   TR
Status   CASE TERMINATED

04/16/2009 Changed Case Status: From: PENDING To: CASE TERMINATED (OTHER DISPOSITION)

03/20/2008 Plt Pro Se address: F.C.C. FORREST CITY BOX 9000, FORREST CITY, AR 72336

03/20/2008 FILE STAMP 3/14/2008, NOTICE OF ADDRESS CHANGE (PL.)

11/08/2007 FILE STAMP 10/29/2007, DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - FAXED 13:35

07/30/2007 SCHED. CONFERENCE CALL on 08/08/07,03:00pm,Div 2

06/06/2007 FILE STAMP 5/30/2007, JOURNAL ENTRY (TELEPHONE CONFERENCE STATUS SET FOR 7-27-07 AT 9:15,PARTIES TO ENGAGE IN MEDIATION)

06/04/2007 CASE REASSIGNED TO DIV 2

06/01/2007 FILE STAMP 5/24/2007, MEMORANDUM DECISIONS AND ORDER; MCCALL'S MOTION FOR SUMMARY JUDGMENT DENIED; CIRCUIT CITY'S MOTION FOR SUMMARY JUDGMENT DENIED

05/30/2007 <******* Bench Notes *********>
TELE. STATUS CONF. HELD. PLAINTIFF PRO SE. DEF. BY N. PORTO. COURT DISCUSSED OPTIONS FOR CASE. ISSUES REMAIN FOR TRIAL, EVEN AFTER MULTIPLE SUMMARY JUDGMENT MOTIONS. PRISONER DOES NOT HAVE AN UNLIMITED RIGHT TO APPEAR AT TRIALS IN CASES UNRELATED TO INCARCERATION AND COURT HAS NO AUTHORITY TO ORDER HIM BROUGHT TO KANSAS FOR TRIAL. COURT REVIEWED LEGAL AUTHORITY ON THAT ISSUE. PARTIES EXPRESSED POTENTIAL WILLINGNESS TO MEDIATE. CASE SET OVER FOR FURTHER STATUS CONF. TO ALLOW THEM TO EXPLORE THAT OPTION.(RPTR: RYAN)(JUDGE: LEBEN)

05/30/2007 SCHED. CONFERENCE CALL on 07/27/07,09:15am,Div 8

05/30/2007 CANCELLED CONFERENCE CALL on 06/27/07,09:15am,Div 8, .

05/30/2007 SCHED. CONFERENCE CALL on 06/27/07,09:15am,Div 8

05/18/2007 SCHED. CONFERENCE CALL on 05/30/07,10:15am,Div 8

05/16/2007 FILE STAMP 5/16/2007, ENTIRE FILE SCANNED THIS DATE; COURT FILE DESTROYED

12/27/2006 FILE STAMP 12/21/2006, PLAINTIFF'S PRO SE MOTION FOR - PRE-TRAIL CONFERENCE HEARING.

12/26/2006 FILE STAMP 12/21/2006, PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO HIS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

11/09/2006 FILE STAMP 11/8/2006, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

11/09/2006 FILE STAMP 11/8/2006, DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT (EXHIBITS A-D)

10/26/2006 FILE STAMP 10/19/2006, PLAINTIFF'S PRO SE MOTION FOR SUMMARY JUDGMENT (EXHIBIT'S)

10/23/2006 FILE STAMP 10/19/2006, PLAINTIFF'S PRO SE MOTION FOR SUMMARY JUDGMENT ( EXHIBIT'S)

10/06/2006 FILE STAMP 10/4/2006, MEMORANDUM DECISION AND ORDER.. (M/SJ GRANTED IN PART/DENIED IN PART)

09/14/2006 FILE STAMP 9/11/2006, ORDER REMOVING CASE NO. 04CV2240 FROM THE DISMISSAL LIST

09/13/2006 FILE STAMP 9/13/2006, NOTICE AND ORDER OF PENDING DISMISSAL

08/28/2006 FILE STAMP 8/22/2006, AFFIDAVIT OF GREGORY LEE MCCALL

08/28/2006 FILE STAMP 8/22/2006, [PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT)

08/25/2006 NOTICE AND ORDER OF PENDING DISMISSAL PER LOCAL RULE 6 MAILED TO PARTIES

08/15/2006 FILE STAMP 8/9/2006, DEFENDANT CIRCUIT CITY STORES, INC.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS AND/OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (EXHIBITS A-K)

08/15/2006 FILE STAMP 8/9/2006, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

07/26/2006 FILE STAMP 7/19/2006, ORDER & NOTICE(PARTIES TO SUBMIT EVIDENCE WITHIN CERTAIN TIME,THE COURT WILL CONSIDER ANY ADDITIONAL GROUNDS FOR SUMMARY JDMT)

06/19/2006 FILE STAMP 6/9/2006, PLTFS RESPONSE TO DEFTS MOTION TO DISMISS

05/10/2006 FILE STAMP 5/8/2006, FAXED AT 14:02 DEFENDANT
CIRCUIT CITY STORES, INC.'S MOTION TO DISMISS

05/10/2006 FILE STAMP 5/8/2006, FAXED AT 14:02 DEFENDANT
CIRCUIT CITY STORES, INC.'S SUGGESTIONS IN SUPPORT
OF ITS MOTION TO DISMISS

05/10/2006 FILE STAMP 5/8/2006, FAXED AT 14:42 DEFENANT CIRCUIT
CITY STORES, INC.'S MOTION TO DISMISS

05/10/2006 FILE STAMP 5/8/2006, FAXED AT 14:42 DEFENDANT
CIRCUIT CITY STORES, INC.'S SUGGESTIONS IN SUPPORT
OF ITS MOTION TO DISMISS

05/01/2006 FILE STAMP 4/27/2006, AFFIDAVIT OF PL. GREGORY LEE
MCCALL

05/01/2006 FILE STAMP 4/27/2006, AMENDED COMPLAINT (PL.)

04/06/2006 FILE STAMP 4/3/2006, MEMORANDUM DECISION & ORDER

02/23/2006 Defense Attorney GONDRING, JODY R assigned on 02/23/06

02/23/2006 FILE STAMP 2/14/2006, ENTRY OF APPEARANCE,
(KENNETH E HOLM AND JODY R GONDRING FOR CIRCUIT
CITY STORES, INC) FAXED AT 10:20

01/11/2006 CANCELLED MOTION SUMMARY JUDGMENT on
01/20/06,02:00pm,Div 8, COURT DOES NOT BELIEVE THAT A
HRG IS NECESSARY TO RULE UPON THE MOTIONS.

11/02/2005 SCHED. MOTION SUMMARY JUDGMENT on
01/20/06,02:00pm,Div 8

10/04/2005 FILE STAMP 9/26/2005, CASE STATUS REQUEST
(PL.)...CERT. OF SERVICE

05/16/2005 FILE STAMP 5/9/2005, MOTION FOR DECLARATORY JDMT
BY PLTF

04/15/2005 FILE STAMP 4/13/2005, FAX FILE DATE 4-13-05 AT 10:13
DEFT CIRCUIT CITY STORES INC'S RESPONSE TO PLTFS
MOTION FOR DECLARATORY JDMT

12/07/2004 FILE STAMP 12/03/04, FILM DATE 12/03/04 MICR # 830,
MOTION TO AMEND CIVIL COMPLAINT (PL.)

12/03/2004 Plt Pro Se address: HCF#80873, HUTCHINSON, KS 67504

09/09/2004 FILE STAMP 09/03/04, FILM DATE 09/09/04 MICR # 114,
NOTICE OF CHANGE OF ADDRESS(PLTF)AT KANSAS DEPT
OF CORRECTIONS AT EL DORADO CORRECTIONSL
FACILITY, EL DORADO KS. 670 42

08/18/2004 FILE STAMP 08/17/04, FILM DATE 08/17/04 MICR # 546,
REPLY SUGGESTIONS TO DEFTS RESPONSE & CROSS
MOTION FOR SUMMARY JDMT(PLTF)

08/09/2004 FILE STAMP 08/04/04, FILM DATE 08/04/04 MICR # 886, DEFT
CIRCUIT CITY STORES,INC'S REPLY TO MOTION FOR

LEAVE TO FILE ITS RESPONSE TO PLTF'S MOTION FOR SUMMARY JDMT OUT OF TIME

08/05/2004 FILE STAMP 08/03/04, FILM DATE 08/03/04 MICR # 561, PLTFS RESPONSE IN OPPOSITION TO DEFTS MO TION TO FILE A RESPONSE OUT OF TIME ..RESPONSE TO PLTF'S MOTION FOR SUMMARY JDMT AND DEFTS CROSS MOTION FOR SUMMARY JDMT & EXHIBITS 1-3

07/29/2004 FILE STAMP 07/26/04, FILM DATE 07/26/04 MICR # 895, FAX FILE DATE 7-26-04 AT 15:56 DEFT CIR CUIT CITY STORES,INC'S MOTION FOR LEAVE TO FILE IT'S RESPONSE TO PLTF'S MOTION FOR SUMMARY JDMT OUT OF TIME

06/15/2004 FILE STAMP 06/07/04, FILM DATE 06/10/04 MICR # 552, (PRO SE) MOTION FOR CASE MANAGEMENT CONFERENCE

05/26/2004 FILE STAMP 05/20/04, FILM DATE 05/26/04 MICR # 12, PLAINTIFF'S PRO-SE MOTION OF GREGORY LEE MCCALL FOR SUMMARY JUDGMENT AND EXHIBIT A & B AND PLAINTIFF'S PRO-SE AFFIDAVIT OF GREGORY LEE MCCALL

04/28/2004 FILE STAMP 04/26/04, FILM DATE 04/28/04 MICR # 421, FAX FILE DATE 4-28-04 AT 16:45 ANSWER OF DEFT CIRCUIT CITY STORES INC

04/20/2004 FILE STAMP 04/15/04, FILM DATE 04/15/04 MICR # 792, FAX FILE DTE 04-15-04 AT 12:07 ENTRY OF APPEARANCE; KENNETH E HOLM AND GLENN B BROWN FOR CIRCUIT CITY STORES INC.

04/20/2004 Defendant CIRCUIT CITY STORES INC. added on 04/20/04

04/20/2004 Defense Attorney BROWN, GLENN B assigned on 04/20/04

04/20/2004 Defense Attorney HOLM, KENNETH E assigned on 04/20/04

04/20/2004 FILE STAMP 04/15/04, FILM DATE 04/15/04 MICR # 792, FAX FILE DATE 04-15-04 AT 13:45 CLERK'S TEN DAY EXTENSION GRANTED (DEFENDANTS)

04/08/2004 FILE STAMP 04/07/04, FILM DATE 04/07/04 MICR # 172, SUMMONS RETURN JO CO KS SERVED CIRCUIT CITY STORES INC 3-31-04 C/S

04/05/2004 FILE STAMP 03/31/04, FILM DATE 03/31/04 MICR # 89, SUMMONS RETURN JO CO KS; N/S JANE DOE MANAGER 3/24/04 C/S

03/31/2004 FILE STAMP 03/29/04, FILM DATE 03/29/04 MICR # 479, SUMMONS RETURN JO CO KS; N/S GREGORY LEE MCCALL 3/24/04 C/S

03/31/2004 FILE STAMP 03/29/04, FILM DATE 03/29/04 MICR # 491, SUMMONS RETURN JO CO KS; N/S UNNAMED EMPLOYEES OF CIRCUIT CITY 3/24/04 C/S

03/31/2004 FILE STAMP 03/29/04, FILM DATE 03/29/04 MICR # 490, SUMMONS RETURN JO CO KS; N/S JANE DOE CHIEF EXECUTIVE OFFICER 3/24/04 C/S

03/31/2004 FILE STAMP 03/29/04, FILM DATE 03/29/04 MICR # 489, SUMMONS RETURN JO CO KS; N/S JOHN DOE CHIEF EXECUTIVE OFFICER 3/24/04 C/S

03/31/2004 FILE STAMP 03/29/04, FILM DATE 03/29/04 MICR # 488, SUMMONS RETURN JO CO KS; N/S JANE DOE 3/24/04 C/S

03/31/2004 FILE STAMP 03/29/04, FILM DATE 03/29/04 MICR # 487, SUMMONS RETURN JO CO KS; N/S JOHN DOE 3/24/04 C/S

03/23/2004 FILE STAMP , FILM DATE 03/22/04 MICR # , (8)SUMMONS AND PETITION ISSUED TO THE SHERIFF OF JO CO KS

03/23/2004 FILE STAMP 03/22/04, FILM DATE 03/22/04 MICR # 237, PETITION(60-FOR DAMAGES); AFFIDAVIT TO SUPPORT,POVERTY AFFIDAVIT,(8)REQUEST AND SERVICE INSTRUCTION FORM

03/22/2004 Judge: STEVE LEBEN Assigned to Case

03/22/2004 NEW CASE FILED; GREGORY LEE MCCALL VS JOHN DOE JANE DOE JOHN DOE CHIEF EXECUTIVE OFFICER JANE DOE CHIEF EXECUTIVE OFFICER JOHN DOE MANAGER JANE DOE MANAGER UNNAMED EMPLOYEES OF CIRCUIT CITY; FILING FEE WAIVED