Jeffrey A. McDonald
5540 Quail Ridge Terrace
Chesterfield, Va. 23832
H: 804-674-1804   W: 804-814-9713
e: negrillive@comcast.net



RICHMOND DIVISION
FILED MAY 31 2011
CLERK
US BANKRUPTCY COURT

Clerk of the Bankruptcy Court
U.S. Bankruptcy Court,
701 East Broad Street - Room 4000
Richmond, VA  23219

Re:  Circuit City Bankruptcy - Claim for Jeffrey A. McDonald - Case Number 08-35653 (Case Jointly Administered)

Please accept this as a response to the Debtors 19th Omnibus Objection on which my claim was objected to on Schedule H and for which I received verbal permission extending the date for this response to June 1, 2011. The purpose of this response is to provide additional information concerning my claim and to protect my claim status.

Previously, I had requested that the court consider whether my claims as filed be allowed as Priority or Administrative claims. I have filed the following claims: 7583 filed on 1/28/09; 13879 filed on 6/29/09; and 15151 filed on 11/29/10. Generally, my claims included amounts for which I believe I was entitled to compensation and which I felt should have been entitled to Administrative status. These amounts included amounts for change of control severance payments required under my employment contract damages, for Cash Retention Plans, and for an annual performance bonus among other items.

The primary reason for this response is to request the court to allow the annual performance award portion of my claim as an administrative claim. This court has previously made a determination on a claim filed by Michael Beam. I am unable to discern whether Mr. Beams claim was ultimately allowed as an administrative claim, so I file this response to protect my rights to receive parity with the dispensation of Mr. Beams claim. That is, to the extent Mr. Beams claim was determined to be a claim qualifying for Administrative status, the annual performance bonus portion of my claim should be treated similarly. My Original claims included this description of the annual performance bonus due to me:

**D.) FY09 Incentive Plan (Annual Bonus):** At the time of the Date of filing of voluntary petition for reorganization relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, claimant was a participant in the debtor's Annual Bonus Plan. The payout of the plan requires that employee meet certain performance objectives and be employed at the date of the payout which can occur at any time and has generally been paid on or before May 15 following the close of the current fiscal year. *Claimant's mid year performance evaluation indicates that he would be eligible for a payout and*

amount was accrued for such a payout. Claimant intended to remain employed with the debtor until and beyond the payout date. <u>Target Cash Incentive Award = $100,320</u>

The following supplemental information concerning this portion of my claim is salient:

- Like Mr. Beam, I continued to be employed by the debtor beyond the traditional annual performance bonus payout date which would have been May 15, 2009. Company records will corroborate this
- My performance rating, while not formally documented in company databases due to the systems being unavailable, was verbally communicated to me in a group meeting as being a "5" by my direct supervisor, Michelle Mosier, VP and Controller.
- This rating entitles me to a 120% of target achievement rate. The calculation should be modified from the above $100,320 amount to ½ of that amount because I failed to discount that for the individual performance portion of 50%. The revised amount is calculated as (annual salary x Bonus percentage x individual performance portion x individual payout percentage). (209,000 x 40% x 50% x 120%) or <u>50,160.</u>

To the extent that Mr. Beam's claim is entitled to be allowed as an administrative claim, I am seeking the same treatment as the circumstances are identical.

To the extent that this claim is entitled to administrative status, I believe the allowance of the cash retention awards as administrative expenses is appropriate: i.e.: the vesting and eligibility for payment occurred during the administrative period.

_____          5-27-11
Jeffrey Mcdonald                              Date