# EXHIBIT A – PART 7

## EXHIBIT "G"

## SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT

(Mortgage)

THIS AGREEMENT, dated the _____ day of _____, 199____, between _____, a _____ ("Mortgagee"), and CIRCUIT CITY STORES, INC., a Virginia corporation ("Tenant").

### W I T N E S S E T H :

(a) Tenant has entered into a certain lease (the "Lease") dated _____, _____ with _____ ("Landlord"), covering premises located within that certain property known as _____ Shopping Center, located in the City of _____, _____ County, _____, and more particularly described in Schedule A hereto; and

(b) Mortgagee has made a loan to Landlord as evidenced and secured by a Deed of Trust recorded _____, 199____ in the land records of _____ County, _____, in Book _____ at page _____ (the "Mortgage"), encumbering the property described in Schedule A; and the parties hereto desire to set forth their agreement with regard to the priority of the Mortgage and the effect thereof on Tenant and its leasehold interest in the aforesaid premises, as set forth below.

NOW, THEREFORE, in consideration of the premises and of the sum of One Dollar ($1.00) by each party in hand paid to the other, the receipt of which is hereby acknowledged, the parties hereby agree as follows:

1. The Lease is and shall be subject and subordinate to the lien of the Mortgage insofar as it affects the real property of which the premises form a part, and to all renewals, modifications, consolidations, replacements and extensions thereof, to the full extent of the principal sum secured thereby and interest thereon.

232355 7

2.    Tenant agrees that it will attorn to and recognize any purchaser at a foreclosure sale under the Mortgage, any transferee who acquires the premises by deed in lieu of foreclosure, the successors and assigns of such purchasers, as its Landlord for the unexpired balance (and any extensions, if exercised) of the term of the Lease upon the same terms and conditions set forth in the Lease.

3.    In the event that it should become necessary to foreclose the Mortgage, Mortgagee thereunder will not terminate the Lease nor join Tenant in summary or foreclosure proceedings so long as Tenant is not in default under any of the material terms, covenants, or conditions of the Lease, beyond any applicable cure period provided in the Lease.

4.    Mortgagee consents to the application of casualty and condemnation proceeds in accordance with paragraphs 15 and 16 of the Lease between Landlord and Tenant, whether or not the Mortgage is then foreclosed.

5.    In the event that Mortgagee shall succeed to the interest of Landlord under the Lease, Mortgagee shall not be:

(a) liable for any act or omission of any prior lessor (including Landlord); or

(b) liable for the return of any security deposits unless delivered to Mortgagee; or

(c) bound by any rent or other periodic payments which Tenant might have paid for more than the current month to any prior lessor (including Landlord); or

(d) bound by any amendment or modification of the Lease made without its consent, which consent shall not be unreasonably withheld or delayed.

6.    Notwithstanding anything contained herein to the contrary, it is expressly understood and agreed that in the event that Landlord defaults in the payment of the Tenant Improvement Allowance, as defined in the Lease, and Mortgagee acquires title to the Shopping Center by foreclosure or otherwise, Mortgagee shall become liable for payment of the Tenant Improvement Allowance to Tenant.

7.   This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their successors and assigns.

IN WITNESS WHEREOF, the parties hereto have executed these presents the day and year first above written.

ATTEST:                              CIRCUIT CITY STORES, INC.,
                                     a Virginia corporation

_____      By: _____
_____          _____


ATTEST:                              COMPANY NAME

_____      By: _____
_____          _____


Note: Attach appropriate notary blocks for the State.

## EXHIBIT "H"

### MEMORANDUM OF LEASE

This Memorandum of Lease is made this _____ day of _____, 199___, between TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP, a Minnesota limited partnership (hereinafter referred to as "Landlord"), and CIRCUIT CITY STORES, INC., a Virginia corporation (hereinafter referred to as "Tenant").

### W I T N E S S E T H:

Landlord and Tenant have entered into a Lease (the "Lease") dated _____, 199___, whereby Landlord has leased to Tenant a portion of the real property (the "Property"), in Woodbury, _____ County, Minnesota, the legal description of which Property is set forth on Exhibit "A-1" attached hereto. The Lease contains provisions and rights appurtenant to the Property, some of which are as follows:

I.  Term. The term of the Lease is for a period of twenty (20) years, commencing on the Commencement Date (as established in the Lease based upon the date Landlord reimburses Tenant for certain costs). Thereafter, Tenant has the right under the Lease to renew and extend the term of the Lease for four (4) successive periods of five (5) years each.

II. Exclusive Use Rights. The Lease provides that, subject to certain specific exceptions set forth in Section 19(a)(vi) of the Lease and Exhibit "F" of the Lease, Tenant shall enjoy the sole and exclusive privilege in the Shopping Center located on the Property to sell or rent consumer, office and automotive electronics products, major appliances and computer hardware.

III. Successors. The covenants, conditions and agreements made and entered into by the parties hereto shall be binding upon and inure to the benefit of their respective heirs, administrators, executors, representatives, successors and assigns.

IV. Incorporation of Lease. All terms and conditions of the Lease are hereby incorporated herein by reference as if fully set forth herein.

V.  Conflicts with Lease. This Memorandum of Lease is solely for notice and recording purposes and shall not be construed to alter modify, expand, diminish or supplement the provisions of the Lease. In the event of any inconsistency between the provisions of this Memorandum of Lease and the provisions of the Lease, the provisions of the Lease shall govern.

232355 7

IN WITNESS WHEREOF, this Memorandum of Lease has been duly executed by the parties hereto as of the day and year first above written.

                                          TAMARACK VILLAGE SHOPPING
                                          CENTER, A LIMITED PARTNERSHIP

Attest:                                   By:   Tamarack Village Shopping Center
                                                Corporation, general partner


By:_____               By:_____
       Secretary                          Name:_____
                                          Title:_____


                                          CIRCUIT CITY STORES, INC.,
Attest:                                   a Virginia corporation


By:_____               By:_____
       Secretary                          Name:_____
                                          Title:_____

THIS INSTRUMENT WAS DRAFTED BY:
Scott A. Fisher, Esquire
Arnall Golden & Gregory
2800 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3450

232355 7                          -2-

STATE OF MINNESOTA      )
                              ) ss.
COUNTY OF _____   )

     The foregoing instrument was acknowledged before me this ___ day of _____, 1995, by _____, the _____ of TAMARACK VILLAGE SHOPPING CENTER CORPORATION, on behalf of the corporation

_____
Notary Public

My Commission Expires:

_____


STATE OF _____   )
                              ) ss.
COUNTY OF _____   )

     The foregoing instrument was acknowledged before me this ___ day of _____, 1995, by _____, the _____ of CIRCUIT CITY STORES, INC., a Virginia corporation, on behalf of the corporation

_____
Notary Public

My Commission Expires:

_____

## EXHIBIT "I"

## COMMENCEMENT DATE AGREEMENT

THIS AGREEMENT, made as of this ____ day of _____, 19__, between TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP (herein called "Landlord"), and CIRCUIT CITY STORES, INC. (herein called "Tenant").

## W I T N E S S E T H:

WHEREAS, Landlord is the owner of certain premises situated in _____, _____ County, _____ (herein called the "Premises"); and

WHEREAS, by that certain lease dated _____, 19__ (herein called the "Lease"), Landlord leased the Premises to Tenant; and

WHEREAS, a memorandum or short form lease in respect of the Lease was recorded in the _____ Office of the Washington County Recorder/Washington County Registrar of Titles, on the ____ day of _____, 19__, as Document No. _____; and

WHEREAS, Tenant is in possession of the Premises and the term of the Lease has commenced; and

WHEREAS, under Paragraph 25 of the Lease, Landlord and Tenant agreed to enter into an agreement setting forth certain information in respect of the Premises and the Lease;

NOW, THEREFORE, Landlord and Tenant agree as follows:

1. The term of the Lease commenced on, and the Commencement Date (as such term is defined in the Lease) was, _____, 19__. The term of the Lease shall expire on January 31, ____ unless Tenant exercises any option to extend the term of the Lease or unless the Lease terminates earlier as provided in the Lease.

2. The date of commencement of the first "Option Period" (as such term is defined in the Lease) shall be February 1, ____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, ____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

3. The date of commencement of the second Option Period shall be February 1, ____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the

232355 7

Lease shall expire on January 31, _____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

4. The date of commencement of the third Option Period shall be February 1, _____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, _____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

5. The date of commencement of the fourth Option Period shall be February 1, _____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, _____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed the day and year first above written.

<table>
<tr><td></td><td>TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP</td></tr>
<tr><td>Attest or Witness:</td><td>By:  Tamarack Village Shopping Center Corporation, general partner</td></tr>
<tr><td>_____</td><td>By  _____</td></tr>
<tr><td>Attest:</td><td>CIRCUIT CITY STORES, INC.</td></tr>
<tr><td>_____<br>Assistant Secretary</td><td>By  _____<br>     Vice President</td></tr>
</table>

232355 7                                    -2-

## EXHIBIT "I"

## INDEMNIFICATION AGREEMENT

This Indemnification Agreement is made this _____ day of _____, 199__, between TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP (hereinafter referred to as "Landlord") and CIRCUIT CITY STORES, INC., a Virginia corporation (hereinafter referred to as "Tenant").

## WITNESSETH

Landlord and Tenant have entered into a Lease (the "Lease") dated _____ whereby Landlord has leased to Tenant a portion of the real property located in _____, _____ County, _____ (the "Shopping Center") and Tenant has constructed on such real property a store premises (the "Premises").

NOW, THEREFORE, in consideration of the payment of the Tenant Improvement Allowance as defined in the Lease and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1.      The Tenant hereby indemnifies and agrees to hold the Landlord harmless from any loss, payment, claim or expense as the result of mechanics and materialmen filing liens or otherwise making claims against Landlord's interest in the Premises and the Shopping Center. In the event that any mechanic, materialman or other claimant makes claim against the Premises or Shopping Center based upon materials or services provided under contract with the Tenant, the Tenant shall hold harmless and protect the Landlord from any loss, payment, claim or expense related thereto.

2.      The Tenant reserves the right to contest in good faith the amount of any claim or lien assessed against the Premises or the Shopping Center by any of such claimants; provided, however, should the holder or holders of such claim or lien attempt to enforce their lien by foreclosure by any other means, the Tenant shall bond around, pay or remove such lien by any manner reasonably necessary to protect Landlord's interest in the Premises and the Shopping

232355 7

Center. This indemnity and hold harmless shall not apply to any liens or claims caused by the Landlord or Landlord's agents.

EXECUTED this _____ day of _____, 199__.

**LANDLORD**

TAMARACK VILLAGE SHOPPING
CENTER, A LIMITED PARTNERSHIP

By:   Tamarack Village Shopping Center
      Corporation, general partner

By: _____
Name: _____
Title: _____

**TENANT**

CIRCUIT CITY STORES, INC.,
a Virginia corporation

By: _____
Name: _____
Title: _____

232355.7                                    -2-

## EXHIBIT "K"

Building Elevation

THIS ELEVATION SHALL BE MODIFIED TO THE EXTENT REASONABLY NECESSARY TO CONFORM TO THE DIMENSIONS SHOWN ON THE FINAL FLOOR PLAN ONCE COMPLETED.

232355 7



TAMARACK VILLAGE
ROBERT MUIR COMPANY
KKE ARCHITECTS INC.

9-15-95
94-08-1186-01

* ROOF TOP UNITS MUST BE SCREENED BY RAISED PARAPETS

INDIVIDUAL BACKLIT CHANNEL LETTERS
BRICK FIELD
EIFS

BRICK w/ BRICK BANDS &
GLASS BLOCK ACCENTS

PREFINISHED METAL STOREFRONT
BACKLIT GLASS BLOCK

CIRCUIT CITY

EAST ELEVATION

16'(H) TRUCK DOCK SCREEN WALL
EIFS
BLOCK w/BLOCK BANDS

WEST ELEVATION

EXHIBIT K    1/16"=1'-0"

## FIRST AMENDMENT TO LEASE

THIS AGREEMENT, made as of the 21 day of December, 1995, by and between
TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP, a
Minnesota limited partnership ("Landlord"), and CIRCUIT CITY STORES, INC., a
Virginia corporation, provides as follows:

### RECITALS:

1. WHEREAS, Landlord and Tenant have entered into that certain lease (the "Lease")
dated as of the 4th day of December, 1995, with respect to premises within the
proposed Tamarack Village Shopping Center, Woodbury, Minnesota; and

2. WHEREAS, the parties have agreed to certain modifications of the Lease in order
to accommodate the requirements of Landlord and Tenant with respect to the Lease,
the premises leased thereunder and the Shopping Center; and

3. WHEREAS, the parties have agreed to enter into this agreement in order to set
forth such Lease modifications in writing.

### AGREEMENT:

NOW THEREFORE, for and in consideration of the above stated recitals, the mutual
covenants contained herein, and other good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

    A. In paragraphs 1 and 2 of the Lease, the number "25,540" is hereby deleted
and replaced with the number "27,663."

    B. Paragraph 4(a) of the Lease is hereby deleted. The first sentence of
paragraph 4(b) of the Lease is hereby deleted and replaced with the following:

        "Tenant agrees to pay base rent ("Base Rent") for the Premises in the amounts
        and in the manner specified hereunder, commencing (subject to the provisions
        of paragraphs 3 and 4 of the Construction Provisions) on the date which is two
        hundred ten (210) days following the commencement of the Construction Term
        (the "Commencement Date"), regardless of whether construction of the
        Premises is complete."

    C. Subparagraphs 4(b)(i) and 4(b)(ii)(A) of the Lease are hereby deleted and
replaced with the following:

        "(i)    First Five Years. During the first five (5) Lease Years, Tenant
        shall pay annual Base Rent in the amount of Two Hundred Ninety-Three
        Thousand Nine Hundred Seventy and 00/100 Dollars ($293,970.00), payable in

equal monthly installments of Twenty-Four Thousand Four Hundred Ninety-Seven and 50/100 Dollars ($24,497.50).

    (ii)    <u>Changes in Base Rent</u>. Notwithstanding the Base Rent provisions:

    (A)  In the event that the ground-floor gross leasable area of the Building when constructed does not equal 27,663 square feet, annual Base Rent during the first five (5) Lease Years shall be the sum of (X) One Hundred Forty-Eight Thousand Seven Hundred Thirty-Nine and 00/100 Dollars ($148,739.00) plus (Y) the product of the greater of the actual ground-floor gross leasable area of the Building, or 27,000, multiplied by $5.25; and"

    D.  In subparagraphs 4(b)(ii)(B) and 4(b)(iii) of the Lease, "$9.75" is hereby deleted and replaced with "$5.25" wherever it appears, and "$9.80" is hereby deleted and replaced with "$5.30" wherever it appears.

    E.  Paragraph 19(a)(ii) is hereby amended to add the following:  "As of December 28, 1995, Landlord is the fee simple owner of the Shopping Center and represents that the Temporary Mortgages have been satisfied.  The Shopping Center is currently encumbered by a land loan mortgage in favor of First Bank National Association ("FNB") which mortgage will be subjected to a Subordination, Nondisturbance and Attornment Agreement in the time provided in paragraph 37(b) hereto but otherwise meeting the terms of paragraph 21 hereof."

    F.  Paragraph 37 is hereby amended as follows:

    "(i)  Subsection (b)shall hereafter read as follows:  Landlord's delivery on or before January 31, 1995 of a subordination, nondisturbance and attornment agreement in form satisfactory to Tenant executed by the present mortgagee, FNB.

    (ii)  Subsection (j) is amended to substitute "300,000 square feet" for "360,000 square feet" therein.

    (iii)  Subsection (k) is amended to substitute "March 1, 1996" for "December 31, 1995".

    (iv)  Subsections (l) and (n) are deleted.

    (v)  Subsection (m) is amended to substitute "January 31, 1996" for "December 31, 1995".

    (vi)  The list of subsections in the next to last sentence of paragraph 37 is amended to substitute "(b),(c),(e),(f),(h),(i),(k),(l) and (m)" for "(c), (e), (f), (h), (i) and (l)."

    G.  Paragraph 38 is amended to substitute "February 29, 1996" for "December 31, 1995" and "March 1, 1996" for "February 1, 1996".

H.  Exhibit "A" attached to the Lease is hereby deleted and replaced with Exhibit "A" attached hereto.  Notwithstanding any language in the Lease to the contrary, Tenant shall be permitted to expand the Premises during the Term anywhere within the "Future Expansion" area shown on Exhibit "A" provided Tenant has secured Landlord's consent as provided in paragraph 12 of the Lease and otherwise complied with the terms thereof as to the expansion, which shall be completed with as little interruption of the operation of the Shopping Center as is reasonably possible. Within the next 60 days following Tenant's notice to Landlord under paragraph 12 that Tenant intends to expand the Premises within the Future Expansion area, the parties shall attempt in good faith to enter into a lease amendment on mutually acceptable terms providing for Landlord to pay for the expansion of the Premises in exchange for a rent increase to be negotiated between the parties.  Once the expansion is substantially completed, its square footage shall be included in the Premises for the purposes of Tenant paying its pro rata share of items such as CAM Charges and Real Estate Taxes as to which it is otherwise obligated to pay its share hereunder.  Tenant shall have all maintenance obligations as to the expansion space whether structural or otherwise and all responsibility for all connections to the original Premises.

I.  Paragraph 3 of the Construction Provisions is hereby amended to substitute "One Million Four Hundred Twenty-One Thousand Three Hundred Ninety Four and 00/100 Dollars ($1,421,394)" for "One Million Three Hundred Twelve Thousand Three Hundred Ten and 00/100 Dollars ($1,312,310)" and substitute "$38,244" for "$35,310".

J.  The first sentence of the last grammatical paragraph of Paragraph 4 of the Construction Provisions is hereby amended to read as follows:

"In addition to any other rights and remedies set forth herein, if Landlord fails to deliver the Land by June 15, 1996, regardless of force majeure, Tenant shall have no obligation to commence construction of its store facility until after the period from November 15, 1995 to March 1, 1996 and Tenant shall pay no Base Rent until the later to occur of March 2, 1997 or 210 days after delivery of the Land, and shall pay no Base Rent, Taxes or CAM Charges with respect to such period from November 15 to March 1, notwithstanding any provisions to the contrary set forth in this Lease; provided, however, that the foregoing shall in no event limit Tenant's obligation to pay rent and other obligations from and after the date Tenant opens for business in the Premises.

K.  Attachment "11" attached to the Lease is hereby deleted and replaced with Attachment "11" attached hereto.

L.  Except as expressly modified hereby, the Lease is hereby ratified and restated in its full force and effect.  Defined terms used in this Agreement shall have

3

the meaning ascribed to them in the Lease unless a contrary definition is provided herein.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed pursuant to due authority as of the date first set forth above.

LANDLORD

TAMARACK VILLAGE SHOPPING
CENTER, A LIMITED PARTNERSHIP,
a Minnesota limited partnership

By:   Tamarack Village Shopping Center
      Corporation, General Partner

ATTEST:

_____
Its _____ Secretary

By: _____
Name: _____
Title: __Asst. V.P._____

TENANT

CIRCUIT CITY STORES, INC., a
Virginia corporation

ATTEST:

_____
Its Assistant Secretary

By: _____
    Benjamin B. Cummings, Jr.
    Vice President

4



Attachment "11"



# AMENDMENT TO
# MEMORANDUM OF LEASE

This Amendment is made as of the 9ᵗʰ day of April, 1997 by and between TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP, a Minnesota limited partnership ("Landlord"), and CIRCUIT CITY STORES, INC., a Virginia corporation ("Tenant").

## BACKGROUND:

A.    Landlord and Tenant entered into that certain Lease dated December 4, 1995 (together with all amendments thereto, the "Lease") whereby Landlord has leased to Tenant certain Demised Premises in the shopping center located in Woodbury, Minnesota known as Tamarack Village Shopping Center, all as more particularly described in the Lease.

B.    The Lease is evidenced by that certain Memorandum of Lease ("Memorandum") dated December 4, 1995 and filed June 14, 1996 as Document No. 889360 in the office of the county recorder in and for Washington County, Minnesota.

C.    Landlord intends to convey the parcel described in the Lease as the "Home Depot" parcel, and the parties hereto wish to amend the Memorandum to terminate the Memorandum with respect to the Home Depot parcel, it being the intent of the parties that the Home Depot parcel not be subject to the Lease, but remain subject to the terms and conditions of the Operation and Easement Agreement between Mervyn's, Inc. and Landlord dated April 10, 1996, and filed April 16, 1996 as Document No. 881304 (the "OEA").

## AGREEMENT:

For good and valuable consideration the parties agree as follows:

1.    The Memorandum is hereby released as to, and only as to, Lot 1, Block 1, Tamarack 2nd Addition, Washington County, Minnesota (the "Home Depot Parcel").

2.    The Home Depot Parcel shall not be subject in any respect to the Lease, but is and shall remain subject to the terms and conditions of the OEA, as the same may be from time to time amended, supplemented or otherwise modified in accordance with its terms.

**THE PARTIES** have executed this Amendment as of the date specified above.

LANDLORD:

**TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP,** a Minnesota limited partnership

By:  Tamarack Village Shopping Center Corporation, its General Partner

By:

Its: _____ Asst. V.P

TENANT:

**CIRCUIT CITY STORES, INC.,** a Virginia corporation

By: _____

Its: _____ V.P.

2

STATE OF  Minnesota     )
           ): ss.
COUNTY OF  Hennepin    )

The foregoing instrument was acknowledged before me this 10th day of April, 1997, by Kelly Doran, the Asst. Vice President of Tamarack Village Shopping Center Corporation, a Minnesota corporation, the general partner of Tamarack Village Shopping Center, a Limited Partnership, a Minnesota limited partnership, on behalf of the corporation in its capacity as general partner of the partnership.

MARION E. LAGESON
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2000

_____
Notary Public

STATE OF  Virginia     )
          ): ss.
COUNTY OF  Henrico    )


The foregoing instrument was acknowledged before me this 9th day of April, 1997, by Benjamin B. Cummings, Jr., the Vice President of CIRCUIT CITY STORES, INC., a Virginia corporation, on behalf of the corporation.


Linda J. Benaud
_____
Notary Public

My Commission Expires March 31, 2000

THIS DOCUMENT WAS DRAFTED BY:

Dorsey & Whitney LLP   (JRB)
220 South Sixth Street
Pillsbury Center South
Minneapolis, MN  55402

## SECOND AMENDMENT TO LEASE

This Amendment is made as of the 11th day of April, 1997 by and
between TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP,
a Minnesota limited partnership ("Landlord"), and CIRCUIT CITY STORES, INC., a
Virginia corporation ("Tenant").

### BACKGROUND:

A.    Landlord and Tenant entered into that certain Lease dated December 4,
1995 (together with the First Amendment thereto dated December 29, 1995, the
"Lease") whereby Landlord has leased to Tenant certain Demised Premises in the
shopping center located in Woodbury, Minnesota known as Tamarack Village
Shopping Center, all as more particularly described in the Lease.

B.    Landlord intends to convey the parcel described in the Lease as the
"Home Depot" parcel, and the parties hereto wish to amend the Memorandum to
terminate the Memorandum with respect to the Home Depot parcel, it being the
intent of the parties that the Home Depot parcel not be subject to the Lease, but
remain subject to the terms and conditions of the Operation and Easement
Agreement between Mervyn's, Inc. and Landlord dated April 10, 1996, and filed
April 16, 1996 as Document No. 881304 (the "OEA").

C.    The parties further agree to amend the Lease to cover their agreements
as to the OEA.

### AGREEMENT:

For good and valuable consideration the parties agree as follows:

1.    The Lease is hereby released as to, and only as to, Lot 1, Block 1,
Tamarack 2nd Addition, Washington County, Minnesota (the "Home Depot
Parcel").

2.    The Home Depot Parcel shall not be subject in any respect to the Lease,
but is and shall remain subject to the terms and conditions of the OEA, as the same
may be from time to time amended, supplemented or otherwise modified in
accordance with its terms.

3.    Section 1 of the Lease is hereby amended to add the following:

"Landlord and Tenant acknowledge that the OEA has now been
executed and is recorded as set forth in Recital B above. The parties
agree that Landlord shall not amend the OEA if the amendment (i)

affects Tenant's rights or obligations under the OEA, (ii) imposes any additional restrictions on the use or operation of businesses in the Southwest Quadrant, (iii) affects Tenant's Preferred Area, or (iv) materially modify the use restrictions found in Section V of the OEA without Tenant's approval, which approval shall not be unreasonably withheld."

4.    Except as set forth herein, the Lease shall remain in full force and effect and unaltered hereby.

THE PARTIES have executed this Amendment as of the date specified above.

LANDLORD:                        TAMARACK VILLAGE SHOPPING
                                 CENTER, A LIMITED PARTNERSHIP,
                                 a Minnesota limited partnership

                                 By:  Tamarack Village Shopping
                                      Center Corporation, its General
                                      Partner

                                      By:

                                 Its:  Asst. V.P.


TENANT:                          CIRCUIT CITY STORES, INC., a
                                 Virginia corporation

                                 By: Benjamin B Cummings Jr.

                                 Its:                V.P.

2