**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 08-35653** |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**RESPONSE OF ORIX CAPITAL MARKETS, LLC, TO THE LIQUIDATING TRUST'S TWENTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**
**(Claim No. 12420)**

ORIX Capital Markets, LLC ("Claimant"), as Special Servicer on behalf of Bank of America, N.A. (successor by merger to LaSalle Bank, N.A.), as Trustee for the Holders of Asset Securitization Corporation, Commercial Mortgage Pass-Through Certificates Series 1997-D5, hereby files its response (the "Response") to the Liquidating Trust's Twenty-First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) (the "Objection") and, in support thereof, states as follows:

**Background**

1. On April 29, 2009, Claimant filed a general unsecured claim in the amount of $976,108.09 for prepetition rent and related charges incurred in connection with Store No. 1618, located in Sand City, California (Claim No. 12420).

Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P:    (703) 760-1600
F:    (703) 821-8949

*Counsel for ORIX Capital Markets, LLC*

2.  On February 28, 2011, the Liquidating Trust filed the Objection, whereby it objected to Claim No. 12420.

### Basis for Claims

A.  **The Trust Is the Rightful Claimant of All Claims Against the Debtor Held by the Borrower.**

3.  Bank of America, N.A., successor by merger to LaSalle Bank, N.A., is the Trustee for a trust fund, the beneficial ownership of which is evidenced by various classes of mortgage pass-through certificates known as the Asset Securitization Corporation, Commercial Mortgage Pass-Through Certificates Series 1997 D-5 (the "Trust" or "Claimant"). KeyBank, N.A. is the Master Servicer and Claimant is the Special Servicer for the Trust.

4.  As of April 30, 1997, Bond-Circuit XI Delaware Business Trust (the "Borrower") executed a Promissory Note (the "Note") in favor of Nomura Asset Capital Corporation in the original principal amount of $4,269,907.50 (the "Loan"). The Note was secured by, among other things, a certain piece of real property located at 905 Playa Avenue, Sand City, California (together with all personal property as described in more detail in paragraph 6, the "Collateral Property") pursuant to a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of April 30, 1997 (the "Deed of Trust"). In addition, the Borrower executed an Assignment of Leases and Rents dated April 30, 1997 (the "Assignment of Leases and Rents").

5.  The Collateral Property is the site of Store No. 1618. The Note, Deed of Trust and Assignment of Leases and Rents are hereinafter collectively referred to as the "Loan Documents" and were attached as exhibits to Claim No. 12420.

6.  Pursuant to the terms of the Loan Documents, the Trust has a lien on all rights, title and interest in and to the Collateral Property, including but not limited to all

buildings, structures, improvements and tenements thereon, all easements, rights-of-way, appurtenances, leases, rents, issues, proceeds, profits, and all fixtures, machinery, motors, elevators, radiators, and all plumbing, heating, lighting ventilating, refrigerating, air conditioning and sprinkler equipment, and other interests as set forth in the Deed of Trust.

7. The Debtor leased Store No. 1618 from the Borrower. Pursuant to the terms of a lease dated April 30, 1997 (the "Lease") and any guaranty related thereto, the Debtor is obligated to make monthly rental payments, as well as payments for taxes, common area maintenance, and related charges to the Borrower. The Lease was also attached as an exhibit to Claim No. 12420.

8. To the extent that the Borrower has claims against the Debtor, the Trust possesses a first priority lien on that claim.

9. The Borrower defaulted on the Note, and the Collateral Property was foreclosed. The Trust was the successful bidder at the foreclosure sale, as evidenced by the Trustee's Deed Upon Sale dated January 28, 2010, a copy of which will be provided to the Liquidating Trust upon request. As a result of the foreclosure, Claimant is entitled to receive all distributions from the Debtor on account of all claims in connection with Store No. 1618.

**B.    Claim No. 12420**

10. The Liquidating Trust has objected to Claim No. 12420 as follows: "Expunge as unsupported by the Debtor's books and records." The Liquidating Trust proposes expungement of Claim No. 12420. The exact basis for the Liquidating Trust's Objection is unclear from the Objection; however, in the Liquidating Trust's Seventeenth Omnibus Objection, the Liquidating Trust objects to the amount of Claim No. 12420 and proposes allowance in a reduced amount.

MC1#327498

11. Claim No. 12420 asserts a general unsecured claim in the amount of $976,108.09 for prepetition rent and related charges and rejection damages in connection with Store No. 1618. Claimant's books and records indicate that on the Petition Date, the Debtor owed rent of $49,524.44 for the period October 1, 2008 to November 10, 2008 and penalties and interest in the amount of $1,287.68. The total amount of pre-petition rent due is $50,812.12. To the extent that the Debtor's books and records indicate payment of all or some portion of these amounts, Claimant requests that the Liquidating Trust provide supporting documentation that such payments have been made.

12. In addition to the foregoing amounts due for prepetition rent and penalties, Claimant is entitled to rejection damages in the amount of $925,295.97, calculated as total rent for 15% of the remaining lease term.

13. Based on the foregoing, Claim No. 12420 should be allowed as a general unsecured claim in the amount of $976,108.09.

14. The Declaration of Brittany Maher in support of Claim No. 12420 is attached hereto as Exhibit A.

*REMAINDER OF PAGE INTENTIONALLY BLANK*

MC1#327498

WHEREFORE, based on the foregoing, Claimant requests that (i) the Objection be denied with respect to Claim No. 12420 and (ii) Claim No. 12420 be allowed as general unsecured claim in the amount of $976,108.09.

DATED:  June 2, 2011                                    VENABLE LLP

                                                        */s/ Kristen E. Burgers*
                                                        Lawrence A. Katz (VSB No. 47664)
                                                        Kristen E. Burgers (VSB No. 67997)
                                                        8010 Towers Crescent Drive, Suite 300
                                                        Vienna, VA 22182-2707
                                                        P:  (703) 760-1600
                                                        F:  (703) 821-8949
                                                            *Counsel for ORIX Capital Markets, LLC*

MC1#327498