# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **In re:** ) | **Case No. 08-35653** |
| ) | |
| **CIRCUIT CITY STORES, INC.,** ) | **Chapter 11** |
| ) | |
| **Debtor.** ) | |
| ) | |

### RESPONSE OF ORIX CAPITAL MARKETS, LLC, TO THE LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)
### (Claim Nos. 12423 and 14242)

ORIX Capital Markets, LLC ("Claimant"), as Special Servicer on behalf of Bank of America, N.A. (successor by merger to LaSalle Bank, N.A.), as Trustee for the Holders of Asset Securitization Corporation, Commercial Mortgage Pass-Through Certificates Series 1997-D5, hereby files its response (the "Response") to the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) (the "Objection") and, in support thereof, states as follows:

### Background

1. On April 29, 2009, Claimant filed a general unsecured claim in the amount of $1,310,265.72 for pre-petition rent and related charges and rejection damages incurred in connection with Store No. 851, located in Chattanooga, Tennessee (Claim No. 12423).

---

Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P:    (703) 760-1600
F:    (703) 821-8949

*Counsel for ORIX Capital Markets, LLC*

2. On June 30, 2009, Claimant filed an administrative expense request in the amount of $110,440.65 for postpetition rent and related charges incurred in connection with Store No. 851, located in Chattanooga, Tennessee (Claim No. 14242).

3. On February 25, 2011, the Liquidating Trust filed the Objection, whereby it objected to the amount of Claim No. 12423 and Claim No. 14242.

**Basis for Claims**

**A. The Trust Is the Rightful Claimant of All Claims Against the Debtor Held by the Borrower.**

4. Bank of America, N.A., successor by merger to LaSalle Bank, N.A., is the Trustee for a trust fund, the beneficial ownership of which is evidenced by various classes of mortgage pass-through certificates known as the Asset Securitization Corporation, Commercial Mortgage Pass-Through Certificates Series 1997 D-5 (the "Trust" or "Claimant"). KeyBank, N.A. is the Master Servicer and Claimant is the Special Servicer for the Trust.

5. As of April 30, 1997, Bond-Circuit VIII Delaware Business Trust (the "Borrower") executed a Promissory Note (the "Note") in favor of Nomura Asset Capital Corporation in the original principal amount of $5,628,514.43 (the "Loan"). The Note was secured by, among other things, real property located at 2206 Hamilton Place Boulevard, Chattanooga, Tennessee (together with all personal property, as described in more detail in paragraph 7, the "Collateral Property") pursuant to a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of April 30, 1997 (the "Deed of Trust"). In addition, the Borrower executed an Assignment of Leases and Rents dated April 30, 1997 (the "Assignment of Leases and Rents").

2

6. The Collateral Property is the site of Store No. 851. The Note, Deed of Trust and Assignment of Leases and Rents are hereinafter collectively referred to as the "Loan Documents" and were attached as exhibits to Claim No. 12423.

7. Pursuant to the terms of the Loan Documents, the Trust has a lien on all rights, title and interest in and to the Collateral Property, including but not limited to all buildings, structures, improvements and tenements thereon, all easements, rights-of-way, appurtenances, leases, rents, issues, proceeds, profits, and all fixtures, machinery, motors, elevators, radiators, and all plumbing, heating, lighting ventilating, refrigerating, air conditioning and sprinkler equipment, and other interests as set forth in the Deed of Trust.

8. The Debtor leased Store No. 851 from the Borrower. Pursuant to the terms of a lease dated April 30, 1997 (the "Lease") and any guaranty related thereto, the Debtor is obligated to make monthly rental payments, as well as payments for taxes, common area maintenance, and related charges to the Borrower. The Lease was also attached as an exhibit to Claim No. 12423.

9. To the extent that the Borrower has claims against the Debtor, the Trust possesses a first priority lien on that claim.

10. The Borrower defaulted on the Note, and the Collateral Property was foreclosed. The Trust was the successful bidder at the foreclosure sale, as evidenced by the Successor Trustee's Deed of Trust dated June 10, 2009, a copy of which will be provided to the Liquidating Trust upon request. As a result of the foreclosure, Claimant is entitled to receive all distributions from the Debtor on account of all claims in connection with Store No. 851.

MC1#327451

**B.      Claim No. 12423**

11.     The Liquidating Trust has objected to the amount of Claim No. 12423 and proposes reducing the amount of Claim No. 12423 as follows:

> Reduce by following amounts not supported by Debtor's books and records: (1) $1,469.60 pre-petition rent (out of $65,282.27 claimed).

> Reduce by following amounts amended by claim #14242: (1) $86.827.57 in pre-petition taxes (out of $86,827.57); (2) $14,379.09 in post-petition taxes (out of $14,379.09 claimed); and (3) $1,697.28 in interest (out of $1,697.28 claimed). Claim #14242 is separately objected to based on Debtor's books and records.

12.     Claim No. 14242 does not amend Claim No. 12423. The bases for Claim No. 12423 and 14242 are entirely different. Claim No. 12423 is a general unsecured claim for prepetition rent and related charges and rejection damages. Claim No. 14242 is an administrative request for postpetition rent and related charges. As such, Claim No. 14242 cannot possibly amend Claim No. 12423.

13.     As of the Petition Date, Claimant's books and records show that the Debtor owed rent of $65,282.27 for the period October 1, 2008 to November 10, 2008 in connection with Store No. 851. To the extent that the Debtor's books and records indicate payment of all or some portion of these amounts, Claimant requests that the Liquidating Trust provide supporting documentation that such payments have been made.

14.     As of the Petition Date, Claimant's books and records show that the Debtor owed late penalties and interest in the amount of $1,697.28. The Debtor is obligated under the terms of the Lease to pay interest of prime plus 2% for late payments. To the extent that the Debtor's books and records indicate payment of all or some portion of these amounts, Claimant requests that the Liquidating Trust provide supporting documentation that such payments have been made.

15. As of the Petition Date, Claimant's books and records show that the Debtor owed real estate taxes in the amount of $101,206.66 which were due on October 1, 2008 for 2008. These taxes were due on an annual basis, such that taxes accrued in the amount of $277.28 per day. The Debtor occupied Store No. 851 prepetition for a period of 314 days (January 1, 2008 through and including November 10, 2008) (the "Prepetition Occupancy Period"). Calculated at a per diem rate, the amount of taxes due pre-petition is $87,065.92. Accordingly, Claimant will agree to a reduction in the amount of Claim No. 12423 by $14,140.74.

16. Based on the foregoing, Claim No. 12423 should be allowed in the reduced amount of $1,296,124.98.

C. **Claim No. 14242**

17. The Liquidating Trust has objected to the amount of Claim No. 14242 and proposes reclassifying the amount of Claim No. 14242 as follows:

> Reduce by following not supported by Debtor's books and records: (1) $9,233.99 interest (out of $9,233.99 claimed) Misclassified: $86,827.57 in pre-petition taxes separately objected to. The claim is also on the reclassification exhibit.

18. Claim No. 14242 includes real estate taxes in the amount of $101,206.66. Such taxes were due on an annual basis, such that taxes accrued in the amount of $277.28 per day. The Debtor occupied Store No. 851 postpetition for a period of 119 days (November 11, 2008 through and including March 10, 2009) (the "Postpetition Occupancy Period"). Calculated at a per diem rate, the amount of taxes due post-petition is $32,996.32. Accordingly, Claimant will agree to a reduction in the amount of Claim No. 14242 by $68,210.34.

19. The Debtor is obligated under the terms of the Lease to pay interest of prime plus 2% for late payments. The Debtor owes interest in the amount of $9,233.99 for late rent payments during the Postpetition Occupancy Period.

5

MC1#327451

20. Based on the foregoing, Claim No. 14242 should be allowed in the reduced amount of $42,230.31.

21. The Declaration of Brittany Maher in support of Claim Nos. 12423 and 14242 is attached hereto as Exhibit A.

WHEREFORE, based on the foregoing, Claimant requests that (i) the Liquidating Trust's objection to Claim Nos. 12423 and 12424 be DENIED; (ii) Claim No. 12423 be allowed as a general unsecured claim in the reduced amount of $1,296,124.98; and (iii) Claim No. 14242 be allowed as an administrative expense claim in the reduced amount of $42,230.31.

DATED: June 2, 2011                             VENABLE LLP

*/s/ Kristen E. Burgers*
Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P:  (703) 760-1600
F:  (703) 821-8949

*Counsel for ORIX Capital Markets, LLC*

MC1#327451