**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE OF ORIX CAPITAL MARKETS, LLC, TO THE LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**
**(Claim Nos. 12399, 12495, and 14244)**

ORIX Capital Markets, LLC ("Claimant"), as Special Servicer on behalf of Bank of America, N.A. (successor by merger to LaSalle Bank, N.A.), as Trustee for the Holders of Asset Securitization Corporation, Commercial Mortgage Pass-Through Certificates Series 1997-D5, hereby files its response (the "Response") to the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) (the "Objection") and, in support thereof, states as follows:

**Background**

1.    On April 29, 2009, Claimant filed a general unsecured claim in the amount of $832,363.97for pre-petition rent and related charges and rejection damages incurred in connection with Store No. 3720, located in Hampden, Pennsylvania (Claim No. 12399).

---

Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P:    (703) 760-1600
F:    (703) 821-8949

*Counsel for ORIX Capital Markets, LLC*

2. On June 30, 2009, Claimant filed an administrative expense request in the amount of $42,318.46 for postpetition rent and related charges incurred in connection with Store No. 3720, located in Hampden, Pennsylvania (Claim No. 14244).

3. On June 3, 2010, Claimant filed a Transfer of Claim Other Than for Security Pursuant to Fed. R. Bankr. P. 3001(e)(2) and Transferor's Waiver of Notice (the "Claim Transfer") [Docket No. 7693], whereby Claimant gave notice that Claim No. 12495 filed by Bond Circuit IX Delaware Business Trust in the amount of $874,900.06 had been transferred to it.

4. On February 25, 2011, the Liquidating Trust filed the Objection, whereby it objected to Claim Nos. 12399, 12495, and 14244.

## Basis for Claims

**A. The Trust Is the Rightful Claimant of All Claims Against the Debtor Held by the Borrower.**

5. Bank of America, N.A., successor by merger to LaSalle Bank, N.A., is the Trustee for a trust fund, the beneficial ownership of which is evidenced by various classes of mortgage pass-through certificates known as the Asset Securitization Corporation, Commercial Mortgage Pass-Through Certificates Series 1997 D-5 (the "Trust" or "Claimant"). KeyBank, N.A. is the Master Servicer and Claimant is the Special Servicer for the Trust.

6. As of April 30, 1997, Bond-Circuit IX Delaware Business Trust (the "Borrower") executed a Promissory Note (the "Note") in favor of Nomura Asset Capital Corporation in the original principal amount of $4,269,907.50 (the "Loan"). The Note was secured by, among other things, a certain piece of real property located at 5800 Carlisle Pike, Mechanicsburg, Pennsylvania (together with all personal property, as described in more detail in paragraph 8, the "Collateral Property") pursuant to a Deed of Trust, Assignment of Leases and

2

MC1#327486

Rents, Security Agreement and Fixture Filing dated as of April 30, 1997 (the "Deed of Trust"). In addition, the Borrower executed an Assignment of Leases and Rents dated April 30, 1997 (the "Assignment of Leases and Rents").

7. The Collateral Property is the site of Store No. 3720. The Note, Deed of Trust and Assignment of Leases and Rents are hereinafter collectively referred to as the "Loan Documents" and were attached as exhibits to Claim No. 12399.

8. Pursuant to the terms of the Loan Documents, the Trust has a lien on all rights, title and interest in and to the Collateral Property, including but not limited to all buildings, structures, improvements and tenements thereon, all easements, rights-of-way, appurtenances, leases, rents, issues, proceeds, profits, and all fixtures, machinery, motors, elevators, radiators, and all plumbing, heating, lighting ventilating, refrigerating, air conditioning and sprinkler equipment, and other interests as set forth in the Deed of Trust.

9. The Debtor leased Store No. 3720 from the Borrower. Pursuant to the terms of a lease dated April 30, 1997 (the "Lease") and any guaranty related thereto, the Debtor is obligated to make monthly rental payments, as well as payments for taxes, common area maintenance, and related charges to the Borrower. The Lease was also attached as an exhibit to Claim No. 12399.

10. To the extent that the Borrower has claims against the Debtor, the Trust possesses a first priority lien on that claim.

11. On July 20, 2009, the Borrower and the Trust entered into an agreement (the "Agreement"), whereby, among other things, the Borrower agreed to transfer all claims, including its claim in this proceeding, to Claimant. The Claim Transfer was executed in

MC1#327486

accordance with this Agreement. A copy of the Agreement will be provided to the Liquidating Trust upon request.

12. As a result of the Agreement and Claim Transfer, Claimant is entitled to receive all distributions from the Debtor on account of all claims in connection with Store No. 3720.

**B.    Claim Nos. 12399 and 12495**

13. The Liquidating Trust has objected to Claim No. 12399 as follows:

> The claimant is not the landlord and has not provided any support for a claim by it against the Debtor. The landlord filed Claim No. 12495 for the same location and transferred it to ORIX Capital Markets as special servicer for Bank of America, N.A.

14. As a result of the Forbearance Agreement and Claim Transfer, Claimant is the proper party in interest for such claim. Nonetheless, because Claimant is the record holder of Claim No. 12495, which also asserts a general unsecured claim for prepetition rent, related charges and rejection damages in connection with Store No. 3720, Claimant hereby agrees to expungement of Claim No. 12399.

15. The Liquidating Trust has objected to the amount of Claim No. 12495 as follows:

> According to the Debtor's books and records, the claim is reduced by $40,543.71 for prepetition rent and $801.97 for prepetition taxes.

16. The Liquidating Trust proposes a reduction in the amount of Claim No. 12495 to $833,554.38. Claimant hereby agrees to the Liquidating Trust's proposed allowance of Claim No. 12495 as a general unsecured in the amount of $833,554.38.

17. Based on the foregoing, Claimant agrees to the expungement of Claim No. 12399 and the allowance of Claim No. 12495 in the reduced amount of $833,554.38.

4

**C.      Claim No. 14244**

18.    The Liquidating Trust has objected to the amount of Claim No. 14244 as follows: "No amounts are owed per the Debtor's books and records." The Liquidating Trust proposes expungement of Claim No. 14244.

19.    Claim No. 14244 asserts an administrative expense claim for amounts due postpetition in connection with Store No. 3720. The Debtor occupied Store No. 3720 postpetition from November 11, 2008 through and including March 10, 2009 (the "Postpetition Occupancy Period"). During the Postpetition Occupancy Period, Claimant's books and records show that the Debtor owes $42,318.46 in connection with Store No. 3720 during the Postpetition Occupancy Period. To the extent that the Debtor's books and records indicate payment of all or some portion of these amounts, Claimant requests that the Liquidating Trust provide supporting documentation that such payments have been made.

20.    Based on the foregoing, Claim No. 14244 should be allowed in the amount of $42,318.46.

21.    The Declaration of Brittany Maher in support of Claim No. 14244 is attached hereto as Exhibit A.

WHEREFORE, based on the foregoing, Claimant (i) agrees to the expungement of Claim No, 12399; (ii) requests that Claim No. 12495 be allowed as a general unsecured claim in the reduced amount of $833,554.38; and (iii) requests that Claim No. 14244 be allowed as an administrative expense claim in the amount of $42,318.46.

DATED:  June 2, 2011                              VENABLE LLP

                                          */s/ Kristen E. Burgers*
Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P:  (703) 760-1600
F:  (703) 821-8949

*Counsel for ORIX Capital Markets, LLC*

MC1#327486