UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| CIRCUIT CITY STORES, INC., et al, | § | Case No. 08-35653-KRH |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | Judge Kevin R. Huennekens |

**PARKER CENTRAL PLAZA'S RESPONSE TO LIQUIDATING TRUST'S
FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS**

COMES NOW Parker Central Plaza, Ltd. ("Parker Central"), by and through its undersigned counsel, and files this Response to *Liquidating Trust's First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Classified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims*) (Dkt. No. 10024) (the "Objection") regarding proof of claim No. 12761 by Parker Central (the "Proof of Claim"),[1] and in support respectfully represents:

### I. SUMMARY

The Objection fails to overcome the *prima facie* validity of the amounts claimed by the Parker Central. Accordingly, the Objection should be overruled as to Parker Central's claim no. 12761 in its entirety.

---

[1] The Liquidating Trust also seeks to partially reclassify proof of claim 14389 filed by Parker Central. Parker Central has no objection to reducing and reclassifying claim 14389 as set forth by the Objection.

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | Keith A. Langley, Esquire (TX Bar No. 11919500) |
| Michael D. Mueller, Esquire (VSB No. 38216) | Rudy A. Dominguez, Esquire (TX Bar No. 24059689) |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | LANGLEY WEINSTEIN LLP |
| CHRISTIAN & BARTON, LLP | 901 Main Street, Suite 600 |
| 909 East Main Street, Suite 1200 | Dallas, Texas 75202 |
| Richmond, Virginia 23219 | Telephone: (214) 722-7160 |
| Telephone: (804) 697-4100 | Facsimile: (214) 722-7161 |
| Facsimile: (804) 697-4112 | |
| | |
| Counsel for Parker Central Plaza | Counsel for Parker Central Plaza |

## II. BACKGROUND

1.  Parker Central and Circuit City Stores, Inc. ("Debtor"), entered into a lease (the "Lease") whereby certain non-residential real property located in Plano, Texas was leased from Parker Central to Debtor.

2.  Parker Central filed the Proof of Claim on April 30, 2009. The Proof of Claim contains a detailed breakdown showing the amounts due.

3.  The Liquidating Trust objects to the Proof of Claim in the Objection.

4.  The alleged basis of the objection to the Proof of Claim is that the Debtor's books and records reflect a different amount owing as to Parker Central.

## III. BASIS FOR RELIEF AND MEMORANDUM OF LAW

*Failure to Overcome Presumption of Validity*

5.  Rule 3001 of the Federal Rules of Bankruptcy Procedure provides that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."

6.  The party objecting to the claim has the burden of proof to produce substantial evidence to negate the prima facie validity of the claim by refuting at least one of the essential allegations of the claim. Only after the objecting party produces evidence equal in probative force to the prima facie validity of the claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. *See In re Alegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *Fullmer v. U.S. (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992*); In re Inter-Island Vessel Company, Inc.*, 98 B.R. 606, 608 (Bankr. D. Mass. 1988).

7.  The Objection fails to set forth any facts sufficient to overcome the *prima facie* validity of the Proof of Claim. The Liquidating Trust merely states that the Debtor's records

reflect a different amount due. As of the date of this pleading, the Liquidating Trust has not produced any evidence or documentation to support that statement.

8.  Accordingly, the Liquidating Trustee has not overcome the prima facie evidence of the amount and validity of the Proof of Claim, and thus the Objection should be overruled as to the Proof of Claim in its entirety.

## IV.  NOTICE ADDRESS

9.  Parker Central designates the following person to whom Debtor should serve a reply, if any, and who Debtor should contact to resolve the Objection on Parker Central's behalf:

Rudy A. Dominguez
LANGLEY WEINSTEIN LLP
901 Main Street, Suite 600
Dallas, Texas 75202
214.722.7184
214.722.7161 (fax)
rdominguez@lwllp.com

## V.  RELIEF REQUESTED

WHEREFORE, Parker Central requests that the Objection be overruled as to proof of claim no. 12761, and that this Court grant such other and further relief as this Court deems just and proper.

Dated:  June 2, 2011            **CHRISTIAN & BARTON, LLP**


/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

**-and-**

3

Keith A. Langley, Esquire (TX Bar No. 11919500)
Rudy A. Dominguez, Esquire (TX Bar No. 24059689)
LANGLEY WEINSTEIN LLP
901 Main Street, Suite 600
Dallas, Texas 75202
Telephone: (214) 722-7160
Facsimile: (214) 722-7161

*Counsel for Parker Central Plaza*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 2nd day of June 2011, a true and correct copy of the foregoing *Parker Central Plaza's Response to Liquidating Trust's First Omnibus Objection to Landlord Claims* has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1160498