**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

_____
                                            :
In re:                                      :    Case No. 08-35653-KRH
                                            :
CIRCUIT CITY STORES, INC., ET AL.           :    Chapter 11 Proceeding
                                            :
            Debtors.                        :    (Jointly Administered)
_____:

**TYSONS 3, LLC'S RESPONSE IN OPPOSITION TO LIQUIDATING TRUST'S TWENTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Tysons 3, LLC, by and through undersigned counsel, hereby files its response in opposition to Liquidating Trust's Twenty-First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claim, Reclassification of Certain Misclassified Claim, Disallowance Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) and states as follows:

1.    Tysons 3, LLC and Circuit City Stores, Inc. ("Debtor") are parties to a non-residential lease dated April 21, 2005 (the "Lease").  The Lease requires payment of base rent, and various components of additional rent, subject to annual reconciliations.

2.    On June 23, 2009, Tysons 3, LLC filed claim number 13865, consisting of an administrative claim, which in part included a real estate tax reconciliation charge first invoiced post-petition, in the sum of $22,440.00.  A copy of the claim is annexed hereto as <u>Exhibit 1</u>.  As set forth in the initial claim, the entire sum was billed post-petition.

3.    The Trustee has objected to $18,089.93 (Reduce by $1,900.00 (other Admin rent); reduce by $16,189.93 (post-petition taxes) allow remaining $4,350.07 as administrative claim) of the foregoing post-petition reconciliation charge, without basis.

1796629v.1

4.  Tysons 3, LLC submits that the entire post-petition real estate tax reconciliation charge is payable as an administrative claim herein, totaling $22,440.00.  The remaining portion of the contested administrative claim, has been adjudicated by separate order.  This response addresses only the $22,440.00 portion for post-petition tax reconciliation.

WHEREFORE, Tysons 3, LLC requests that the Liquidating Trust's Twenty-First Omnibus Objection to Landlord Claims as to Claim Number 13865 be overruled, an administrative claim for $22,440.00 be deemed due and payable, and for such other relief deemed appropriate to the court.

Dated:   June 2, 2011

Respectfully submitted,

*/s/ Mitchell B. Weitzman*
Mitchell B. Weitzman (VSB # 28434)
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
South Tower
Washington, DC  20036
Telephone: (202) 457-1695
Facsimile:  (202) 457-1678
Email: mweitzman@jackscamp.com
*Counsel for Claimant Tysons 3, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2011, I caused a copy of the foregoing *Tysons 3, LLC's Response in Opposition to Liquidating Trust's Twenty-First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claim, Reclassification of Certain Misclassified Claim, Disallowance Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims)* to be served electronically via the Court's CM/ECF system and/or by first class mail, postage pre-paid, upon the following:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER& BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

                        */s/ Mitchell B. Weitzman*
                        Mitchell B. Weitzman (VSB # 28434)
                        JACKSON & CAMPBELL, P.C.
                        1120 20th Street, N.W.
                        South Tower
                        Washington, DC  20036
                        Telephone: (202) 457-1695
                        Facsimile:  (202) 457-1678
                        Email: mweitzman@jackscamp.com




IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In Re: CIRCUIT CITY STORES, INC., *et al.* Debtors | Case No. 08-35653-KRH (Chapter 11) |

TYSONS 3, LLC MOTION FOR ORDER COMPELLING PAYMENT
OF ADMINISTRATIVE CLAIM UNDER NON-RESIDENTIAL LEASE

(Store No.  3765)

Tysons 3, LLC, and its management agent, The Ziegler Companies, LLC (collectively, the "Landlord"), through its undersigned counsel, Mitchell B. Weitzman, Bean, Kinney & Korman, P.C., hereby file this Motion for Order Compelling Payment of Administrative Claim under Non-Residential Lease, on the following grounds:

1. On November 10, 2008, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Jurisdiction to consider this matter is vested in the Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is prescribed by 28 U.S.C. §§ 1408 and 1409.

3. On April 21, 2005, Debtor Circuit City Stores, Inc. ("Debtor") and Landlord entered into a Deed of Lease Agreement, pursuant to which Debtor occupies approximately 20,363

Mitchell B. Weitzman, VSB 28434
Counsel for Tysons 3, LLC
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
Tel: (703) 525-4000; Fax: (703) 525-2207

square feet at the Tysons 3 Center in Vienna, Virginia, for an initial term expiring on September 15, 2019 (the "Lease"). Pertinent portions of the Lease are annexed as Exhibit 1.

4. Debtor has failed to pay administrative rent consisting of the following: (a) $20,540.00, representing 2008 year-end reconciliation charges for common area maintenance costs and taxes, first invoiced post-petition; plus (b) $1,900.00, in underpayment of January 2009 rent. The administrative claim totals $22,440.00.    Exhibit 1.

5. Under Section 365(d)(3), a debtor must fully comply with all post-petition rental obligations through the effective date of rejection. *In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002); *Towers v. Chickering & Gregory* (In re Pacific-Atlantic Trading Co.), 27 F.3d 401 (9th Cir. 1994); *Paul Harris Stores, Inc. v. Mabel L. Salter Realty Trust* (In re Paul Harris Stores, Inc.), 148 B.R. 307 (S.D Ind. 1992); *see also* Collier, 3rd. Ed., ¶ 365.04[3].

6. Pursuant to Paragraph 30 of the Lease, Landlord further requests an award of its reasonable counsel fees and costs herein, as part of its administrative claim. Courts have recognized that an express contractual provision for counsel fees gives rise to the right to obtain reasonable counsel fees as part of compelling the cure by debtor of a default and in compensation of a landlord's pecuniary loss. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747 (Bankr. S.D.N.Y. 1986); *see also In re Foreign Crafting, Inc.*, 55 B.R. 53 (Bankr. E.D.N.Y. 1985) (motion to compel assumption or rejection of lease); *In re Ribs of Greenwich Village, Inc.*, 57 B.R. 319 (Bankr. S.D.N.Y. 1986) (assumption and assignment of lease). A landlord's counsel fees incurred in connection with enforcing its

rights post-petition are recoverable as an administrative expense or as part of the cure for assumption. *Three Sisters Partners, LLC v. Harden*, 167 F.2d 843 (4th Cir. 1999); *see also In re Geonex Corp.*, 258 B.R. 336, 340 (Bankr. D. Md. 2001) (fees allowable where lease provision granted counsel fees incurred in seeking to obtain possession after default); *In re Entertainment, Inc.*, 223 B.R. 141 (Bankr. E.D. Ill. 1998). As long as the underlying lease gives a landlord a right to recover its counsel fees upon default, Landlord can recover its legal fees it incurs "to enforce the debtor's timely performance under § 365(d)" of the Bankruptcy Code. *In re Geonex Corp.*, 258 B.R. at 342; *see also In re MS Freight Distribution, Inc.*, 172 B.R. 976, 978-979 (Bankr. W.D. Wash. 1994).

WHEREFORE, Tysons 3, LLC requests an order compelling payment of the foregoing administrative claim, plus its reasonable counsel fees and costs, as administrative expenses, and such other relief deemed appropriate by the Court.

    Respectfully submitted,

/s/ Mitchell B. Weitzman
Mitchell B. Weitzman
Virginia Bar No. 28434
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
Phone:    (703) 525-4000
Facsimile:    (703) 525-2207
MWeitzman@beankinney.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2011, a copy of the foregoing Motion for Order Compelling Payment of Post-Petition Rent as an Administrative Expense is to be served by electronic means via the Court's ECF/CM system and to the following:

>Daniel F. Blanks
>McGuire Woods LLP
>9000 World Trade Center
>101 W. Main Street
>Norfolk, VA 23510

>Dion W. Hayes
>Douglas M. Foley
>McGuire Woods LLP
>One James Center
>901 East Cary Street
>Richmond, VA 23219

>Greg M. Galardi
>Ian S. Fredericks
>Skadden, Arps, Slate, Meagher & Flom, LLP
>One Rodney Square
>PO Box 636
>Wilmington, DE 19899-0636

>Chris L. Dickerson
>Skadden, Arps, Slate, Meagher & Flom, LLP
>333 West Wacker Drive
>Chicago, IL 60606

/s/     Mitchell     B.     Weitzman

Mitchell B. Weitzman

4