UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE OF CWCAPITAL ASSET MANAGEMENT LLC TO THE LIQUIDATING TRUST'S NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**
**(Claim Nos. 12728 and 13978)**

CWCapital Asset Management LLC as Special Servicer for Bank of America, N.A. (successor by merger to LaSalle Bank, N.A.), as Trustee for the Holders of Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates Series 1998-D6 ("Claimant"), hereby files its response (the "Response") to the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) (the "Objection") and, in support thereof, states as follows:

**Background**

1. On April 30, 2009, Claimant filed a general unsecured claim in the amount of $645,203.96 for pre-petition rent and related charges and rejection damages incurred in connection with Store No. 3255, located in Covington, Louisiana (Claim No. 12728).

Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P:    (703) 760-1600
F:    (703) 821-8949

*Counsel for CWCapital Asset Management LLC*

2. On June 30, 2009, Claimant filed an administrative expense request in the amount of $117,367.40 for postpetition rent and related charges incurred in connection with Store No. 3255, located in Covington, Louisiana (Claim No. 13978).

3. On February 25, 2011, the Liquidating Trust filed the Objection, whereby it objected to Claim No. 12728 and Claim No. 13978.

**Basis for Claims**

**A.  The Trust Is the Rightful Claimant of All Claims Against the Debtor Held by the Borrower.**

4. Bank of America, N.A. ("Claimant"), successor by merger to LaSalle Bank, N.A., is the Trustee for a trust fund, the beneficial ownership of which is evidenced by various classes of mortgage pass-through certificates known as Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates Series 1998-D6 (the "Trust"). Claimant is the Special Servicer for the Trust.

5. As of February 4, 1998, HV Covington LLC (the "Borrower") executed a Promissory Note (the "Note") in favor of Nomura Asset Capital Corporation in the original principal amount of $3,178,287.00 (the "Loan"). The Note was secured by, among other things, a certain piece of real property located at 790 North Highway #190, Covington, Louisiana (together, with the personal property described in more detail in paragraph 7, the "Collateral Property") pursuant to a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of February 4, 1998 (the "Mortgage"). In addition, the Borrower executed an Assignment of Leases and Rents dated February 4, 1998 (the "Assignment of Leases and Rents").

MC1#327526

    6.  The Collateral Property is the site of Store No. 3255. The Note, Mortgage and Assignment of Leases and Rents are hereinafter collectively referred to as the "Loan Documents" and were attached as exhibits to Claim No. 12728.

    7.  Pursuant to the terms of the Loan Documents, the Trust has a lien on all rights, title and interest in and to the Collateral Property, including but not limited to all buildings, structures, improvements and tenements thereon, all easements, rights-of-way, appurtenances, leases, rents, issues, proceeds, profits, and all fixtures, machinery, motors, elevators, radiators, and all plumbing, heating, lighting ventilating, refrigerating, air conditioning and sprinkler equipment, and other interests as set forth in the Mortgage.

    8.  The Debtor leased Store 3255 from the Borrower. Pursuant to the terms of a lease dated February 4, 1998 (the "Lease") and any guaranty related thereto, the Debtor is obligated to make monthly rental payments, as well as payments for taxes, common area maintenance, and related charges to the Borrower. The Lease was also attached as an exhibit to Claim No. 12728.

    9.  To the extent that the Borrower has claims against the Debtor, the Trust possesses a first priority lien on that claim.

    10.  The Borrower defaulted on the Note, and the Collateral Property was foreclosed. 790 North Hwy 190 Holdings, LLC ("790 North"), a special purpose entity created by the Trust for purposes of foreclosing on the Collateral Property, was the successful bidder at the foreclosure sale. Documents evidencing the foreclosure, as well as the organizational documents for 790 North, will be provided to the Liquidating Trust upon request. As a result of the foreclosure, Claimant is entitled to receive all distributions from the Debtor on account of all claims in connection with Store No. 3255.

MC1#327526

B.   **Claim No. 12728**

11.   The Liquidating Trust has objected to Claim No. 12728 as follows: "Claimant is lender to landlord, and the claim lacks proof that claimant is entitled to assert the claim."

12.   As discussed above, Claimant is entitled to all distributions on account of claims against the Debtor in connection with Store No. 3255. The Borrower, which is also the Landlord pursuant to the Lease, executed an Assignment of Leases and Rents dated February 4, 1998, which pledges all rents received in connection with Store No. 3255 to Claimant. In addition, "Collateral Property," as that term is defined in the Mortgage, includes all claims such as Claim No. 12728. The Borrower was in default of its loan obligations to Claimant and, as a result of Borrower's default, Claimant foreclosed upon the Collateral Property. Accordingly, Claimant is the rightful owner of any such claims against the Debtor.

13.   Based on the foregoing, Claim No. 12728 should be allowed in the amount of $645,203.96.

C.   **Claim No. 13978**

14.   The Liquidating Trust has objected to Claim No. 13978 as follows: "Claimant is lender to landlord, and the claim lacks proof that claimant is entitled to assert the claim."

15.   As discussed above, Claimant is entitled to all distributions on account of claims against the Debtor in connection with Store No. 3255. The Borrower, which is also the Landlord pursuant to the Lease, executed an Assignment of Leases and Rents dated February 4, 1998, which pledges all rents received in connection with Store No. 3255 to Claimant. In addition, "Collateral Property," as that term is defined in the Mortgage, includes all claims such

MC1#327526

as Claim No. 13978. The Borrower was in default of its loan obligations to Claimant and, as a result of Borrower's default, Claimant foreclosed upon the Collateral Property. Accordingly, Claimant is the rightful owner of any such claims against the Debtor.

16. Based on the foregoing, Claim No. 13978 should be allowed in the amount of $117,367.40.

17. The Declaration of Demetrios Morakis in support of Claim Nos. 12728 and 13978 is attached hereto as Exhibit "A."

WHEREFORE, based on the foregoing, Claimant requests that (i) the Liquidating Trust's objection to Claim Nos. 12728 and 13978 be DENIED; (ii) Claim No. 12728 be allowed as a general unsecured claim in the amount of $645,203.96; and (iii) Claim No. 13978 be allowed as an administrative expense claim in the amount of $117,367.40.

DATED:  June 2, 2011                                VENABLE LLP

                                                                 */s/ Kristen E. Burgers*
                                                                 Lawrence A. Katz (VSB No. 47664)
                                                                 Kristen E. Burgers (VSB No. 67997)
                                                                 8010 Towers Crescent Drive, Suite 300
                                                                 Vienna, VA 22182-2707
                                                                 P:  (703) 760-1600
                                                                 F:  (703) 821-8949

                                                                 *Counsel for CWCapital Asset Management LLC*

MC1#327526

# CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of June, 2011, a copy of the foregoing Response of CWCapital Asset Management LLC to the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) was served electronically via the Court's CM/ECF electronic filing service and via first class U.S. mail, postage prepaid, upon the following:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

*/s/ Kristen E. Burgers*
Kristen E. Burgers