UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE OF CWCAPITAL ASSET MANAGEMENT LLC TO THE LIQUIDATING TRUST'S TWENTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**
**(Claim No. 13953)**

CWCapital Asset Management LLC as Special Servicer for Bank of America, N.A. (successor by merger to LaSalle Bank, N.A.), as Trustee for the Holders of Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates Series 1998-D6 ("Claimant"), hereby files its response (the "Response") to the Liquidating Trust's Twenty-First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) (the "Objection") and, in support thereof, states as follows:

**Background**

1. On June 30, 2009, Claimant filed an administrative expense request in the amount of $141,519.94 for postpetition rent and related charges incurred in connection with Store No. 3331, located in Spokane, Washington (Claim No. 13953).

Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P:    (703) 760-1600
F:    (703) 821-8949

*Counsel for CWCapital Asset Management LLC*

2. On February 28, 2011, the Liquidating Trust filed the Objection, whereby it objected to Claim No.13953.

### Basis for Claims

**A. The Trust Is the Rightful Claimant of All Claims Against the Debtor Held by the Borrower.**

3. Bank of America, N.A., successor by merger to LaSalle Bank, N.A., is the Trustee for a trust fund, the beneficial ownership of which is evidenced by various classes of mortgage pass-through certificates known as Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates Series 1998-D6 (the "Trust"). Claimant is the Special Servicer for the Trust.

4. As of February 4, 1998, Larry J. Reitz MP, L.L.P. (the "Borrower") executed a Promissory Note (the "Note") in favor of Nomura Asset Capital Corporation in the original principal amount of $4,302,912.00 (the "Loan"). The Note was secured by, among other things, a certain piece of real property located at 7701 North Division Street, Spokane, Washington (together, with the personal property described in more detail in paragraph 6, the "Collateral Property") pursuant to a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of February 4, 1998 (the "Deed of Trust"). In addition, the Borrower executed an Assignment of Leases and Rents dated February 4, 1998 (the "Assignment of Leases and Rents").

5. The Collateral Property is the site of Store No. 3331. The Note, Deed of Trust and Assignment of Leases and Rents are hereinafter collectively referred to as the "Loan Documents" and were attached as exhibits to the general unsecured claim filed by Claimant in connection with Store No. 3331 (Claim No. 12846).

2

MC1#327534

6.  Pursuant to the terms of the Loan Documents, the Trust has a lien on all rights, title and interest in and to the Collateral Property, including but not limited to all buildings, structures, improvements and tenements thereon, all easements, rights-of-way, appurtenances, leases, rents, issues, proceeds, profits, and all fixtures, machinery, motors, elevators, radiators, and all plumbing, heating, lighting ventilating, refrigerating, air conditioning and sprinkler equipment, and other interests as set forth in the Mortgage.

7.  The Debtor leased Store 3331 from the Borrower. Pursuant to the terms of a lease dated February 4, 1998 (the "Lease") and any guaranty related thereto, the Debtor is obligated to make monthly rental payments, as well as payments for taxes, common area maintenance, and related charges to the Borrower. The Lease was also attached as an exhibit to Claim No. 12846.

8.  To the extent that the Borrower has claims against the Debtor, the Trust possesses a first priority lien on that claim.

9.  The Borrower defaulted on the Note, and the Collateral Property was foreclosed. 7701 N. Division Street Holdings, LLC, a special purpose entity created by the Trust, was the successful bidder at the foreclosure sale, as evidenced by the Trustee's Deed dated July 2, 2010, a copy of which will be provided to the Liquidating Trust upon request. As a result of the foreclosure, Claimant is entitled to receive all distributions from the Debtor on account of all claims in connection with Store No. 3331.

**B.    Claim No. 13953**

10.  The Liquidating Trust has objected to Claim No. 13953 as follows: "Amounts claimed are not supported by the Debtor's books and records." The Liquidating Trust proposes expungement of Claim No. 13953.

MC1#327534

11. Claim No. 13953 asserts an administrative expense claim for amounts due postpetition in connection with Store No. 3331. The Debtor occupied Store No. 3331 postpetition from November 11, 2008 through and including March 4, 2009 (the "Postpetition Occupancy Period"). Claimant's books and records show that the Debtor owes $141,519.94 in connection with Store No. 3331 during the Postpetition Occupancy Period. To the extent that the Debtor's books and records indicate payment of all or some portion of these amounts, Claimant requests that the Liquidating Trust provide supporting documentation that such payments have been made.

12. Based on the foregoing, Claim No. 13953 should be allowed as an administrative expense of the estate in the amount of $141,519.94.

13. The Declaration of Demetrios Morakis in support of Claim No. 13953 is attached hereto as Exhibit "A."

WHEREFORE, based on the foregoing, Claimant requests that (i) the Liquidating Trust's objection to Claim No. 13953 be DENIED and (iii) Claim No. 13953 be allowed as an administrative expense claim in the amount of $141,519.94.

DATED: June 2, 2011                                VENABLE LLP

/s/ Kristen E. Burgers
Lawrence A. Katz (VSB No. 47664)
Kristen E. Burgers (VSB No. 67997)
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
P: (703) 760-1600
F: (703) 821-8949

*Counsel for CWCapital Asset Management LLC*

MC1#327534

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of June, 2011, a copy of the foregoing Response of CWCapital Asset Management LLC to the Liquidating Trust's Twenty-First Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) was served electronically via the Court's CM/ECF electronic filing service and via first class U.S. mail, postage prepaid, upon the following:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

*/s/ Kristen E. Burgers*
Kristen E. Burgers