Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,. | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S OBJECTION TO
## CLAIMS FILED BY MICHAEL W. BEAM

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Objection to Administrative Claims of Michael W. Beam: Reclassify Claim No. 6022 to General Unsecured Claim; and Reclassify Then Disallow Claim No. 13410 as Duplicative (Short-Term Incentive Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to reclassify Claim No. 6022 to General Unsecured Claim and Reclassify Then Disallow Claim No. 13410 as Duplicative.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection

Procedures"). Furthermore, this Objection is being filed pursuant to the Order sustaining the Thirty-Sixth Omnibus Objection (the "Beam Order").

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON AUGUST 15, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **4:00 p.m. (Eastern Time) on August 15, 2011 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on August 22, 2011 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;
>
> c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;
>
> d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response

3

need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    June 21, 2011

*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## LIQUIDATING TRUST'S OBJECTION TO
## ADMINISTRATIVE CLAIMS OF MICHAEL W. BEAM: RECLASSIFY
## CLAIM NO. 6022 TO GENERAL UNSECURED CLAIM; AND RECLASSIFY
## THEN DISALLOW CLAIM NO. 13410 AS DUPLICATIVE
## (SHORT-TERM INCENTIVE PROGRAM)

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Objection*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*to Administrative Claims of Michael W. Beam: Reclassify No. 6022 to General Unsecured*

*Claim; and Reclassify Then Disallow Claim No. 13410 as Duplicative (Short-Term Incentive*

*Program)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105,

502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as

**Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are

Bankruptcy Code sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule

3007-1.

## SUMMARY OF RELIEF REQUESTED

3.      This Objection is filed pursuant to the *Order on Debtors' Thirty-Sixth*

*Omnibus Objection to Claims (Addressing Certain Claims Relating to Short Term Incentive*

*Plan)* (the "Thirty-Sixth Omnibus Objection Order"), entered on May 27, 2011 [Docket No.

10772] pursuant to which the Court (i) allowed the claim of Michael W. Beam, Claim No. 6022,

in the amount of $19,186.23 for a bonus awarded pursuant to an incentive program that Circuit

City offered to certain employees and (ii) granted the Liquidating Trust permission to file an additional objection to claim on the ground that it is not entitled to administrative priority.

4.    By this Objection, the Liquidating Trust also requests an Order disallowing Claim No. 13410 as a duplicate of Claim No. 6022.  Beam has admitted that these claims are duplicative.

5.    The bonus awarded to Beam should not be paid on an administrative priority basis because the right to the bonus arose pre-petition.  This Court has already ruled that other bonuses, that are substantively identical to the bonus at issue here, are not entitled to administrative priority and should be paid on a general unsecured basis.  *See Supplemental Order Sustaining Debtor's Fifty-Sixth Omnibus Objection to Claims (Disallowance of Certain Alleged Administrative Expenses on Account of Employee Obligations*) ("Supplemental Fifty-Sixth Omnibus Objection Order") (Docket No. 7081) (reclassifying claims, including claims for bonuses under the Short-Term Incentive Program, from administrative expense requests to general unsecured claims); *see also Order on Debtors' Fifty-Sixth Omnibus Objection to Claims (Disallowance of Certain Alleged Administrative Expenses on Account of Employee Obligations* (Docket No. 6071);  *see also Order on Debtors' Seventy-Fourth Omnibus Objection to Claims (Reclassification of Certain Alleged Administrative Expenses On Account of Employee Obligations)* ("Seventy-Fourth Omnibus Objection Order") (Docket No. 7856) (reclassifying claims, including claims for bonuses under the Short-Term Incentive Program (defined below), from administrative expense requests to general unsecured claims).

## FACTUAL BACKGROUND

### A.   The Bankruptcy Cases

6.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

7.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

8.      On August 9, 2010, the Debtors and the Creditors' Committee filed a plan (the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

9.      On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

10.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including objections to claims.

### B.   General Bar Date

11.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent in these chapter 11 cases, pursuant to 28 U.S.C. § 156(c).

12.     On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

13.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). Pursuant to the Claims Bar Date Order, this Court further approved the form of the claims bar date notice, attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice"), and the manner of service thereof.

14.     On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties, including all of the Debtors' current employees and former employees for the three years prior to the Petition Date (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

**C.     Administrative Bar Date**

15.     On May 15, 2009, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense*

*Request and (II) Approving Form and Manner of Notice Thereof* (Docket No. 3354) (the

"Administrative Expense Bar Date Order").

16.    Pursuant to the Administrative Expense Bar Date Order, the deadline for

filing all administrative expense requests arising before April 30, 2009 against the Debtors was

5:00 p.m. (Pacific) on June 30, 2009 (the "Administrative Bar Date").  Pursuant to the

Administrative Expense Bar Date Order, this Court further approved the form of the

administrative expense bar date notice, attached as Exhibit A to the Administrative Expense Bar

Date Order (the "Administrative Expense Bar Date Notice"), and the manner of service thereof.

17.    On or before May 22, 2009, KCC served a copy of the Administrative

Expense Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, and certain other parties,

including all of the Debtors' current employees and former employees for the three years prior to

the Petition Date (Docket No. 4609).  In addition, on May 21, 2009, the Debtors published the

Administrative Expense Bar Date Notice in The Wall Street Journal (Docket No. 3968), The

Financial Times (Docket No. 3970) and The Richmond Times-Dispatch (Docket No. 3969).

    **D.**    **The Beam Claims and Related Objections and Orders**

18.    On January 27, 2009, Beam filed a proof of claim that was assigned claim

number 6022 ("Claim No. 6022"), a copy of which is attached hereto as **Exhibit B**.  In Claim

No. 6022, Beam asserted the right to payment of $19,186.23 (the "STIP Bonus") on a general

unsecured basis pursuant to an annual short-term performance-based incentive program that

Circuit City Stores, Inc. ("Circuit City") offered to employees.

19.    Six months later, on June 17, 2009, Beam filed another claim that was

assigned claim no. 13410 ("Claim No. 13410" and, together with Claim No. 6022, the "Beam

Claims"), a copy of which is attached hereto as **Exhibit C**.  Claim No. 13410 duplicated the

requests and assertions made in Claim No. 6022, except that it asked for payment of the STIP

Bonus on an administrative priority basis.

20.    On August 21, 2009, the Debtors filed the *Debtor's Thirty-Sixth Omnibus*

*Objection to Claims (Disallowance of Certain Claims Relating to Short Term Incentive Plan)*

(Docket No. 4600) (the "Thirty-Sixth Omnibus Objection").  In the Thirty-Sixth Omnibus

Objection, the Debtors sought the disallowance of Claim No. 6022 and of Claim No. 13410, and

of other unsecured claims seeking payment of bonuses that were due under the Short-Term

Incentive Program, on the ground that Beam and the other claimants had not established that they

had met the company-wide and personal performance goals that were necessary conditions to

receiving a bonus under the Short-Term Incentive Program.

21.    On September 16, 2009, Beam filed a response to the Thirty-Sixth

Omnibus Objection (Docket No. 4958) in which he stated that he had met the personal

performance goals.  He also admitted that Claim No. 13410 and Claim No. 6022 both sought

payment of the same bonus and that to this extent they were duplicative.  A copy of Beam's

response is attached hereto as **Exhibit D**.

22.    On March 22, 2011, the Court held a hearing on the Thirty-Sixth Omnibus

Objection.  Beam testified that he had met the personal performance criteria necessary to be

entitled to a bonus under the Short-Term Incentive Program (defined below).  He also requested

payment of the STIP Bonus on an administrative priority basis.  The Liquidating Trust did not

oppose Beam's testimony regarding his performance.  However, the Liquidating Trust asked for

leave to contest the request for administrative priority.

23.    The Court ruled that (i) one of the Beam Claims should be allowed in the

amount of $19,186.23 because Beam had met the conditions necessary to receive this amount

under the Short-Term Incentive Program (defined below), (ii) one of the Beam Claims should be

disallowed as duplicative, and (iii) the Liquidating Trust would have 30 days to file a subsequent

objection regarding Beam's contention that the $19,186.23 should be paid on an administrative

priority basis.  Relevant excerpts of the hearing transcript are attached hereto as **Exhibit E**.  The

Order sustaining the Thirty-Sixth Omnibus Objection is attached hereto as **Exhibit F**.

24.    Previously, this Court had entered the Supplemental Fifty-Sixth Omnibus

Objection Order (Docket No. 7081) and the Seventy-Fourth Omnibus Objection Order (Docket

No. 7856) pursuant to which this Court held that claims for bonuses under the Short-Term

Incentive Program (defined below), that were substantively identical to the Beam Claims, were

not entitled to administrative priority and should instead be reclassified as general unsecured

claims.

**E.**    **The Short-Term Incentive Program**

25.    Prior to the Petition Date, Circuit City had an annual short-term

performance-based incentive program (the "Short-Term Incentive Program), which began each

year in March, and pursuant to which certain employees (the "Short-Term Incentive Program

Participants"), were eligible to earn cash incentive awards based on (1) company performance

criteria, (2) individual performance, in certain cases, and (3) continued employment by Circuit

City through the date on which Circuit City was obligated to make the award.  The company

performance criteria and the applicability of individual performance criteria depended on the

Short-Term Incentive Program Participant's position at Circuit City.  The presentation that was

provided to all participants, including to Beam, is attached hereto as **Exhibit G**.

26.     Prior to the Petition Date, participants, including Beam, were

automatically enrolled in the Short-Term Incentive Program at the beginning of each fiscal year,

which commenced on March 1 of the preceding calendar year.  Accordingly, for fiscal year

2009, the Short-Term Incentive Program commenced on March 1, 2008.  The performance

period with respect to individual performance likewise commenced on March 1, 2008.

## **OBJECTION**

27.     The Fourth Circuit has expressed a policy "not to saddle debtors with

special post-petition obligations lightly or give preferential treatment to certain select creditors."

*In re Dornier Aviation (North America), Inc.*, 2002 WL 31999222 at *6 (Bankr. E.D. Va. 2002)

(citing *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 866 (4th Cir. 1994)).  Therefore, requests

for administrative priority are construed narrowly.  *Id.*

28.     Beam bears the burden of proving that the Beam Claims are entitled to

administrative priority under Bankruptcy Code section 503.  *See e.g., Devan v. Simon DeBartolo

Group, L.P. (In re Merry-Go-Round Enters., Inc.),* 180 F.3d 149, 157 (4th Cir. 1999) (holding

that the creditor "has the burden of proving that its administrative claim . . . is an actual and

necessary expense"); *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 866 (4th Cir. 1994) (same);

*In re Boling Group, L.L.C.,* 2002 WL 31812671, at *4 (Bankr. M.D.N.C. 2002) ("The burden of proof is on the claimant to establish by a preponderance of the evidence its entitlement to an administrative expense award under 11 U.S.C. § 503(b)." (citing *Merry-Go-Round Enters.*, 180 F.3d at 157)).  As set forth below, Beam cannot meet this burden of proof.

29.    In order to determine whether a claim qualifies as an administrative expense, the Beam Claims must meet a two-part test: "(1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business."  *Merry-Go-Round*, 180 F.3d at 157; *see also In re Baseline Sports, Inc.,* 393 B.R. 105, 130 (Bankr. E.D. Va. 2008).

30.    The Beam Claims fail the first part of the two-part test because they arise from the Short-Term Incentive Plan which began in March 2008 – before the Petition Date.  *See Dornier Aviation (North America), Inc.*, 2002 WL 31999222 at *7 ("The claim of a creditor arising under a prepetition contract is simply a general unsecured claim in the bankruptcy case. . . ." (citation omitted")).  Therefore, Beam cannot meet the first part of this conjunctive test and on this ground alone, the Beam Claims are not entitled to administrative priority.

31.    This conclusion is based on Fourth Circuit law regarding when a claim arises. The Fourth Circuit applies the "conduct test" to determine when a claim arises.  *See Grady v. A.H. Robins Co.*, 839 F.2d 198 (4th Cir. 1988); *In re Camellia Food Stores, Inc.*, 287 B.R. 52, 57 (Bankr. E.D. Va. 2002).  Under the conduct test, a claim arises when the event or conduct giving rise to the claim first occurs.  *Id.*

32.    The "conduct test" is based on the broad definition of claim found in

section 101(5) of the Bankruptcy Code.  It defines "claim" to include, among other things:

> (A) a right to payment, whether or not such right to payment is
> reduced to judgment, liquidated, unliquidated, fixed, *contingent,*
> matured, *unmatured,* disputed, undisputed, legal, equitable,
> secured or unsecured . . . .

11 U.S.C. § 101(5)(A) (emphasis added).  As the Supreme Court has held and the highlighted

words make clear, the definition of "claim" is broadly construed and applied.  *See Pennsylvania*

*Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552, 558 (1990) ("Congress chose expansive

language" in defining "claim").

33.    Importantly, under section 101(5)(A), although a cause of action might not

be ripe to bring suit, the holder of a potential cause of action may nonetheless still have a "claim"

under section 101(5)(A).  *In re National Gypsum Co.,* 139 B.R. 397, 405 (N.D. Tex. 1992)

(citing *In re Remington Rand Corp.,* 836 F.2d 825 (3d Cir. 1988)).  For example, the definition

of claim includes "contingent" claims, i.e., contingent rights of payment. *See id.*; 11 U.S.C.

§ 101(5)(A).  "Contingent," in turn, is defined as:

> Possible, but not assured; doubtful or uncertain; *conditioned upon*
> *the occurrence of some future event which is itself uncertain, or*
> *questionable*.  Synonymous with provisional.  This term, when
> applied to a use, remainder, devise, bequest, or other legal right or
> interest, implies that no present interest exists, and that whether
> such interest or right ever will exist depends upon a future
> uncertain event.

*A.H. Robins Co.*, 839 F.2d at 202 (emphasis added).

34.    The Fourth Circuit has relied on the inclusion of contingent claims in the

definition of claim in adopting the conduct test.  *See A.H. Robins Co.*, 839 F.2d at 202-03 (noting

that the Bankruptcy Code's definition of "claim" includes a contingent right to payment and

finding that a claim arose pre-petition where it arose out of pre-petition events even though the

contingencies necessary for payment did not occur until post-petition).  *See also, Stewart Foods,*

*Inc. v. Broecker (In re Stewart Foods, Inc.),* 64 F.3d 141, 145 (4th Cir. 1995) ("[R]egardless of

the nature of the contract, if at the time of the bankruptcy filing the debtor has an obligation

under the contract to pay money to the non-debtor party, that obligation is handled as a

prepetition claim in the bankruptcy proceedings.").

      35.    Applying these principles, this Court has previously held that claims for

bonuses under the Short-Term Incentive Program that are substantively identical to the Beam

Claims are general unsecured claims.  *See* Supplemental Fifty-Sixth Omnibus Objection Order

and Seventy-Fourth Omnibus Objection Order entered in this case (Docket Nos. 7081 and 7856,

respectively) (Court reclassified contingent claims for bonuses under the Short Term Incentive

Program from administrative priority to general unsecured claims).  The basis for these Orders is

that the right to the bonus was awarded pre-petition.  The fact that this right was contingent or

that the bonus was payable, if at all, post-petition is immaterial to the administrative priority

analysis.

      36.    Further, in at least one other case, this Court has held that claims under an

employee benefit program entered into prior to the petition date arise pre-petition, even though

the payments came due post-petition.  In *Thompson v. Board of Directors of Fairfax Cty. Police*

*Officers Retirement Sys.,* 182 B.R. 140, 153 (Bankr. E.D. Va. 1995), *aff'd,* 92 F.3d 1182 (4th Cir.

1996), the employee-claimant became a participant in a retirement program when he commenced

his employment, prior to the petition date. *Id.* at 144. The employee was not eligible to receive

his retirement benefits unless or until he completed 25 years of service with his employer. *Id.* at

145. Although the employee did not reach the 25-year mark until after the petition date, this

Court found that the employee's claim for retirement benefits arose prior to the petition date, at

the time the employee became a participant in the retirement plan. *Thompson*, 182 B.R. at 153.

> 37.    As the *Thompson* Court explained:

> Following [*A.H. Robins*], we believe that Thompson's right to
> payment for retirement benefits arose when he joined the police
> department in 1969, and thus became a participant in the plan. To
> be sure, at the time Thompson filed his petition, his right to receive
> retirement benefits depended on his obtaining 25 years of
> creditable service. Yet this 25-year requirement was merely a
> contingency Thompson had to meet in order to have an immediate
> right to payment.

*Id. See also Stewart Foods*, 64 F.3d at 146 ("[T]he fact that the payments became due after the

bankruptcy filing does not alter the conclusion that the payments are pre-petition obligations.");

*see also Einstein/Noah Bagel Corp. v. Smith (In re BCE West, L.P.),* 319 F.3d 1166, 1173 (9th

Cir. 2003) (holding that a breach of contract claim resulting from post-petition conduct, but

arising from a pre-petition contract, did not arise from a post-petition transaction with the

debtor); *see also In re US Airways Group, Inc.*, 296 B.R. 673, 681 (E.D. Va. 2003) (noting that

the Ninth Circuit Court of Appeals' decision in *Einstein* was consistent with Fourth Circuit law).

> 38.    Numerous other circuits agree with the Fourth Circuit's approach. *See

e.g., Mason v. Official Comm. of Unsecured Creditors (In re FBI Distribution Corp.),* 330 F.3d

36, 48 (1st Cir. 2003) ("[A] contingent claim, however, is not entitled to priority simply because

the right to payment arises during the reorganization when the contingency occurs."); *Bachman*

*v. Commercial Fin. Servs. Inc. (In re Commercial Fin. Servs. Inc.)*, 246 F.3d 1291, 1295 (10th

Cir. 2001) ("[T]he liability must arise post-petition; it is not enough that the right to payment

arose after the debtor in possession assumed control."); *Trustees of Amalgamated Ins. Fund v.*

*McFarlin's Inc.,* 789 F.2d 98, 101 (2d Cir. 1986) ("A debt is not entitled to priority simply

because the right to payment arises after the debtor in possession has begun managing the

estate."); *In re Jartran, Inc.,* 732 F.2d 584, 587-88 (7th Cir. 1984) (denying administrative

priority to claim for costs of advertising ordered before the petition date but published after the

petition date).

39.     The Beam Claims fall squarely within these authorities.  The Short-Term

Incentive Program began prior to the Petition Date and as of the Petition Date, Beam held a

contingent claim to a STIP Bonus.  The fact that the contingencies were met post-petition and

that the bonus was payable post-petition is insufficient to entitle the STIP Bonus to

administrative priority.  Accordingly, the Beam Claims are not entitled to administrative priority.

**RESERVATION OF RIGHTS**

40.     The Liquidating Trust reserves the right to file objections to the Beam

Claim at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The

Liquidating Trust likewise reserves the right to modify, supplement and/or amend this Objection.

**NOTICE AND PROCEDURE**

41.     Notice of this Objection has been provided to Beam, and to parties-in-

interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code*

*Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1*

*and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures*

(entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The

Liquidating Trust submits that the following methods of service upon Beam should be deemed

by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance

with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule

of Civil Procedure 4; (b) to the extent counsel for Beam is not known to the Liquidating Trust,

by first class mail, postage prepaid, on Beam or other representative identified in the proof of

claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel

that has appeared on Beam's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is

serving Beam with this Objection and all exhibits attached hereto.

        42.     To the extent Beam timely files and properly serves a response to this

Objection by 4:00 P.M. (Eastern) on August 15, 2011 as required by the Case Management

Order and under applicable law, and the parties are unable to otherwise resolve the Objection,

the Liquidating Trust requests that the Court conduct a status hearing at 2:00 p.m. (Eastern) on

August 22, 2011 and thereafter schedule the matter for a future hearing as to the merits of such

claim.  However, to the extent Beam fails to timely file and properly serve a response to this

Objection as required by the Case Management Order and applicable law, the Liquidating Trust

requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**,

reclassifying Claim No. 6022 as general unsecured and disallowing Claim No. 13410 as

duplicative.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

43.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

44.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

45.     No previous request for the relief sought herein has been made to this

Court or any other court.

*[The objection continues on the next page.]*

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia  
      June 21, 2011

TAVENNER & BERAN, PLC

_____/s/ Paula S. Beran_____  
Lynn L. Tavenner (VA Bar No. 30083)  
Paula S. Beran (VA Bar No. 34679)  
20 North Eighth Street, 2nd Floor  
Richmond, Virginia 23219  
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP  
Jeffrey N. Pomerantz, Esq.  
Andrew W. Caine, Esq.  
10100 Santa Monica Boulevard  
Los Angeles, California 90067-4100  
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP  
Robert J. Feinstein, Esq.  
780 Third Avenue, 36th Floor  
New York, New York 10017  
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*  
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER SUSTAINING LIQUIDATING TRUST'S OBJECTION TO ADMINISTRATIVE CLAIMS OF MICHAEL W. BEAM: RECLASSIFY CLAIM NO. 6022 TO GENERAL UNSECURED CLAIM; AND RECLASSIFY THEN DISALLOW CLAIM NO. 13410 AS DUPLICATIVE (SHORT-TERM INCENTIVE PROGRAM)

THIS MATTER having come before the Court on the *Liquidating Trust's*

*Objection to Administrative Claims of Michael W. Beam: Reclassify Claim No. 6022 to General*

*Unsecured Claim; and Reclassify Then Disallow Claim No. 13410 as Duplicative (Short-Term*

*Incentive Program)* (the "Objection"),[2] which requested, among other things, that the claims

identified in the Objection be reclassified and disallowed for those reasons set forth in the

Objection; and it appearing that due and proper notice and service of the Objection as set forth

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

therein was good and sufficient and that no other further notice or service of the Objection need

be given; and it further appearing that no response was timely filed or properly served by the

claimant being affected by this Order; and it appearing that the relief requested in the Objection

is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other

parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the

granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED, as set forth herein.

2.      Claim No. 6022 is reclassified as a general unsecured claim and allowed

on a general unsecured basis in the amount of $19,186.23.

3.      Claim No. 13410 is reclassified as a general unsecured claim, and is

forever disallowed in its entirety for all purposes in these bankruptcy cases, as duplicative of

Claim No. 6022.

4.      The Liquidating Trust's rights to object to any claim including (without

limitation) the claim subject to the Objection, on any grounds that applicable law permits, are not

waived and are expressly reserved.

5.      The Liquidating Trust shall serve a copy of this Order on Beam on or

before five (5) business days from the entry of this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
_____, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                        - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                        - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*



**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Lynn L. Tavenner
Lynn L. Tavenner