# Exhibit E

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | . | Case No. 08-35653(KRH) |
| | . | |
| | . | |
| | . | |
| | . | |
| CIRCUIT CITY STORES | . | 701 East Broad Street |
| INC., | . | Richmond, VA 23219 |
| | . | |
| | . | |
| Debtor. | . | March 22, 2011 |
| | . | 2:14 p.m. |

. . . . . . . . . . . . ..

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:           Tavenner & Beran, PLC
                          By:  PAULA S. BERAN, ESQ.
                          20 North Eighth Street
                          2nd Floor
                          Richmond, VA  23219

For Claimant              DAPHNE A. WARD
Daphne A. Ward, Pro se:   12646 Willow View Place
                          Waldorf, MD  20602.

For Claimant, Francis     FRANCIS E. TELEGADAS, ESQ.
Telegadas, Pro se         8204 Yolanda Road
                          Richmond, VA  23229

Proceedings recorded by electronic sound recording, transcript
produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

```
APPEARANCES (Cont'd):

For Claimant Anne Fath,    By:   ANNE FATH
Pro se:                    9609 Gaslight Place
                           Richmond, VA   23229

For Claimant Michael       By:   MICHAEL BEAM
W. Beam, Pro se:           5227 Scotts Glen Drive
                           Glen Allen, VA   23059

                           * * * * * *
```

70

1  of appeal, and if you do then that will go to the District
2  Court, and then the District Court will review my ruling in
3  this regard.  Thank you very much.
4            MR. TELEGADAS:  Your Honor, the order will be
5  distributed electronically as everything has been?
6            THE COURT:  As everything else.  And then you can
7  stop monitoring all the millions of --
8            MR. TELEGADAS:  I can start deleting?
9            THE COURT:  Right.
10            MR. TELEGADAS:  Thank, Your Honor.
11            THE COURT:  You're welcome.
12            MS. BERAN:  Thank, Your Honor.  It is an unfortunate
13  situation.  If we may --
14            THE COURT:  You still have the other half of your
15  objection, 36th omnibus objection.
16            MS. BERAN:  Correct, Your Honor.  And if I may --
17  it's Mr. Beam, correct?  Mr. Beam is still here so I would
18  maybe jump to his --
19            THE COURT:  Okay.
20            MS. BERAN:  -- as it relates to specifically the
21  objection to his claims, which is 13410 and 6022.
22            THE COURT:  Okay.
23            MS. BERAN:  Same plan, Your Honor, is at issue here,
24  or is the requisite relevant document.
25            THE COURT:  Okay, so that will be the trust Exhibit A

71

1  that we previously marked.

2          MS. BERAN: Yes, Your Honor. And, you know, to the
3  extent necessary, Ms. Bradshaw is prepared to testify in this
4  instance that, and Mr. Telegadas explained it as well as did
5  Ms. Fath, but what Ms. Bradshaw would testify that it was 50
6  percent of, and the specific term is the 50 percent of your
7  total incentive payout was conditioned upon the company
8  performing certain metrics or certain metrics in the company
9  met those metrics, and it was based upon what type of team you
10 were in and you were categorized as a particular team. And
11 then 50 percent of the total incentive payout was based upon
12 individual performance.

13         In this instance as it relates to Mr. Beam, I do have
14 his claim here for Your Honor, in looking at Mr. Beam's --

15         THE COURT: The claim, I'm going to mark that at the
16 trust exhibit -- I guess this is still the same omnibus
17 objection so I'm going to mark this as the Trust Exhibit B.

18         MS. BERAN: Thank, Your Honor. And as it relates to
19 this specific claim, my understanding is is that the claim
20 amount in this instance is for $19,186.23 based solely on the
21 individual performance.

22         THE COURT: Okay. And then the reason we have the
23 two claims, one is claimed as an administrative claim and the
24 other is a general unsecured claim, but it's basically the same
25 claim?

72

1  MS. BERAN: Your Honor, yes. And actually it
2  indicates Claim Number 6022 is a duplicate of this claim, so it
3  is the same claim.
4  THE COURT: Okay.
5  MS. BERAN: So as it relates to this claim, there was
6  attached to the breakdown for the $19,186.23. If Ms. Bradshaw,
7  to the extent was called to testify as it relates specifically
8  to this claim, we don't have to get into the company metrics
9  because he's not seeking anything for the company metrics, it's
10 specifically just the 50 percent of the incentive based payout
11 based on individual performance. Ms. Bradshaw would testify
12 that based on Mr. Beam's personnel file, there was nothing in
13 there for the trust to be able to determine that Mr. Beam had
14 met his individual performance metrics, and therefore that the
15 amount that his claim due and owing of the $19,186.23 was due
16 and owing.
17 THE COURT: Was Mr. Beam employed on the 15th of May?
18 MS. BERAN: Yes, Your Honor. Absolutely was. So the
19 only objection here is that based on the documents that the
20 trust currently has, there is no basis to determine or conclude
21 that he had met his individual basis. To the extent Mr. Beam
22 wants to put on testimony as it relates to his meeting that, we
23 don't object to the same, may not even cross examine to the
24 same depending on what he said. But this was an instance where
25 the trust just had no evidence to support that he had met his

77

1      THE COURT:  All right, thank you.  All right.  The
2 Court has before it the trust's 36th omnibus objection to
3 claims, including the claim objection to the claim filed by
4 Michael Beam in the amount of $19,186.23 as an administrative
5 claim pursuant to the company's short term turnaround incentive
6 plan.  The Court, based on the testimony that I have today, and
7 I've reviewed also the response that Mr. Beam had filed to the
8 objection, the sole issue being whether or not his performance
9 was adequate to obtain the hundred percent bonus payout for his
10 performance for meeting expectations, the Court finds from the
11 testimony that he did meet expectations based on his testimony
12 of being a 20-year employee, have never received a rating below
13 three during that 20 years and the fact that at the end of the
14 time period, the company saw fit to promote him to head up the
15 IT business applications area, I think shows that he was
16 performing at a very high level.  And so the Court will
17 overrule the objection of the trust to the claim of Mr. Beam
18 and the claim will be allowed.
19      Now, is there any other basis?  I mean the duplicate
20 general unsecured claim will be disallowed, but we'll allow
21 this as a general unsecured claim.  Is there any other grounds
22 that the trust has or can this claim be allowed?
23      MS. BERAN:  No, from the trust perspective, Your
24 Honor, this claim may be allowed.
25      THE COURT:  Okay.  So it will be an allowed claim

1  still here, as well as the allowed percentage once we do the
2  calculation of the other individual --
3           THE COURT:  Ms. Warren.
4           MS. BERAN:  -- yes.  Is Your Honor, did Your Honor
5  determine that they were unsecured claims or administrative
6  claims?
7           THE COURT:  They were filed as administrative claims.
8  Would have been for post petition earnings, would it not be?
9  Is there any reason that it wouldn't be an administrative
10 claim?
11          MS. BERAN:  Your Honor, from the trust perspective
12 to go back and look at, I do understand that certain of them
13 had been reclassified for amounts that were actually allowed
14 from administrative to general unsecured and/or priority,
15 because it was for a time period prior to the petition, but the
16 payout.  So the debtor has already reclassified certain of
17 these where an objection was filed, but no response was.  And
18 so I understand what Your Honor is saying and maybe
19 respectfully request so that the trust can at least review it
20 from an administrative perspective.  Maybe it would be an
21 allowed amount of the dollar amount, but then 30 days to file a
22 subsequent objection to the administrative status, a reclass
23 claim.
24          THE COURT:  I will give you that 30 days to do that.
25 But the universe of what we're talking about here is two

88

1      MS. BERAN:  Thank you, Your Honor.

2      THE COURT:  All right.  Is there any other business
3 that we need to take up then today?

4      MS. BERAN:  No, Your Honor, not that I'm aware of.

5      THE COURT:  Okay, thank you very much.

6      MS. BERAN:  Thank you, Your Honor.

7      COURTROOM DEPUTY:  All rise.  The Court is now
8 adjourned.

9                           * * * * *

10                      **C E R T I F I C A T I O N**

11      I, RITA BERGEN, court approved transcriber, certify
12 that the foregoing is a correct transcript from the official
13 electronic sound recording of the proceedings in the above-
14 entitled matter, and to the best of my ability.

15

16 /s/ Rita Bergen                  DATE:  April 4, 2011

17 RITA BERGEN

18 J&J COURT TRANSCRIBERS, INC.

19

20

21

22

23

24

25

**WWW.JJCOURT.COM**