IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653 (KRH) |
| Debtors. ) | Chapter 11 |
| ) | (Jointly Administered) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 10-03571 (KRH) |
| ILLINOIS DEPARTMENT OF REVENUE, through BRIAN HAMER, Director of the Illinois Department of Revenue. ) | Hearing: August 22, 2011 @ 2:00 p.m |
| Defendant. ) | |

**MOTION OF STATE OF ILLINOIS, DEPARTMENT OF REVENUE TO EXCUSE COMPLIANCE WITH MANDATORY MEDIATION PROVISIONS OF THE PROCEDURES ORDERS**

The State of Illinois on behalf of the Department of Revenue ("Illinois"), by its attorney, Lisa Madigan, Illinois Attorney General, hereby requests that the Court enter an order excusing it from participation in the mandatory mediation process as provided in the original and amended orders establishing procedures for avoidance action adversary proceedings (the "Procedures Orders"). (Docket Nos. 8898 and 10107). Alternatively, Illinois requests that the mediation

1

deadlines be extended. In support of this motion, Illinois states as follows:

1.  Alfred Siegel, the Trustee of the Circuit City Liquidating Trust ("Trustee") filed an adversary proceeding against Illinois seeking certain refunds and objecting to three claims filed by Illinois. The adversary complaint was filed on November 9, 2010 and was mailed to Illinois on December 23, 2010. On February 9, 2011, Illinois filed its answer and a counterclaim seeking to setoff its claims against refunds due the Trustee. The Trustee filed his answer to the counter-claim on February 23, 2011.

2.  Counsel for Illinois has recently been advised by counsel for the Trustee of the Court's mandatory mediation process as contained in the Procedures Orders (the Procedures Orders were not included with the adversary complaint that was forwarded to counsel for Illinois) and that a mediator must be selected and a mediation conference scheduled by the end of September.

3.  The Procedures Orders provide that any party may seek relief for cause from the order. For the following reasons, Illinois requests that it be excused from the mediation process altogether, or, alternatively, that the time periods for mediation be suspended until such time as the issues raised by the adversary complaint are more fully developed.

4.  Since the time that the complaint was filed, substantial progress in resolving the issues has been made. Illinois' auditors have concluded two audits which concern the objection to claim 13227 and the sales tax refund claim for the period of May, 2007 through March, 2009. Illinois believes that the Trustee agrees with those audit results. In addition, there is substantial agreement on the amount of the estimated sales tax overpayments for the months of September

through December, 2008.  And, the Trustee's objection to claim 15039 does not challenge the amount of tax but merely the calculation of penalties and interest of approximately $4,000. Finally, Illinois has just been advised that the Trustee is abandoning his claim to sales tax refunds totaling approximately $430,000 based on a write off of credit card accounts by third parties. Although the Trustee did not include this refund claim in the adversary complaint, he had not withdrawn his refund request and resolution of this issue is necessary to resolving the adversary proceeding as Illinois has asserted a counter-claim to setoff its claims against refunds.

5. There are 3 main unresolved issues which are as follows.  First, the Trustee alleges that certain sales tax refunds (undoubtedly these should have been listed as income tax refunds) based on IRS adjustments to the debtors 2005 and 2006 federal returns ("RAR Changes") are due and owing.[1]   Illinois has requested information concerning these refund claims as its records indicate that the RAR Changes caused an increase, not a decrease, to the debtors' Illinois income tax liability.

6. Second, Illinois has requested information concerning the refund requests based on the debtors' 2004 and 2005 Voluntary Disclosure Agreements as its records do not indicate that any such refunds are due.

7. Third, the Trustee has objected to Illinois' income tax claim (Claim 15020) on the basis that there is no liability according to the debtors' books and records and Illinois provided insufficient documents with its assessments to determine their validity.  Because of the ambiguity of the stated grounds for the objection, Illinois has requested that the Trustee provide

---

[1] The starting point for the calculation of Illinois income tax is federal adjusted gross income; hence the importance of RAR Changes.

documentation including tax returns and provide a detailed explanation of the basis for the objection.

8. Once the documentation and explanations have been provided and the parties have had an opportunity to confer, the issues should be clarified and the parties in a position to discuss settlement. Counsel for Illinois has represented the state in bankruptcy matters for over 25 years and has settled hundreds of similar cases. There is no reason to think that the parties will be unable to do the same in this case once the issues are clarified.

9. In addition, the Procedures Orders would require Illinois to pay one half of the mediator's fee. Given Illinois' current dire financial condition, it is not appropriate to require Illinois to undertake this unnecessary expense.

10. This motion does not raise novel or contested issues of law requiring the filing of a memorandum. Illinois therefore requests pursuant to Local Bankruptcy Rule 9013-1 that the requirement to file a memorandum of law in support of this motion be waived.

WHEREFORE, Illinois requests that the Court enter an order excusing it from complying with the mandatory mediation provisions of the Procedures Orders or, alternatively, extending the period for compliance with the mediation provisions until such time as the parties have been able to exchange the documents and provide the necessary information to clarify the issues and determine that settlement is not likely.

       STATE OF ILLINOIS
BY: LISA MADIGAN
    Illinois Attorney General

BY: /s/ James D. Newbold
    JAMES D. NEWBOLD
    Assistant Attorney General
    Revenue Litigation bureau
    100 W. Randolph Street
    Chicago, IL 60601
    (312) 814-4557
    James.Newbold@illinois.gov