| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

## ORDER DENYING MOTION OF THE STATE OF CALIFORNIA, STATE BOARD OF EQUALIZATION TO (I) RECONSIDER AND VACATE PRIOR ORDER OF THE COURT EXPUNGING CLAIM NUMBER 13049; AND (II) DEEM CLAIM NUMBER 13049 TIMELY FILED

Upon the Motion (the "Motion")[2] of the State of California, State Board of Equalization's ("BOE") to *(i) Reconsider and Vacate Prior Order of the Court Expunging Claim Number 13049; and (ii) Deem Claim Number 13049 Timely Filed* (the "Motion to Reconsider") (D.E. No. 10675), and the Court having reviewed the Motion, the Opposition thereto filed by the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), and all accompanying affidavits, and having held

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

an evidentiary hearing on the Motion on July 27, 2011 (the "Hearing"), at which time affidavits and accompanying documents, exhibits and live testimony were taken into evidence; upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor, as stated at length by the Court on the record at the conclusion of the Hearing, including the following findings and conclusions:

1. The applicable standard for the relief sought in the Motion requires the BOE to demonstrate that its actions, including its failure to timely file Claim No. 13049 (the "Claim") were due to excusable neglect, and the requested relief would not result in prejudice to the Liquidating Trust.

2. The Notice of Deadline to File Claims was duly served on the BOE by the Debtors in accordance with all applicable notice provisions, and that the BOE had actual notice of the Governmental Bar Date with due time to timely file the Claim.

3. The BOE's failure to timely file the Claim was due to its neglect and administrative failure.

4. The BOE's administrative neglect is not excusable, as no factors outside of its control prevented the BOE from acting so as to timely file and track the timeliness of the Claim.

5. The BOE did not to file the Motion until approximately two years after the late filing of the Claim.

6. While the Debtors' 68th Omnibus Objection (the "Objection") seeking disallowance of the Claim as late was not served on the BOE by the claims agent, (a) the BOE had

2

actual knowledge of the Objection prior to the deadline for the filing of any opposition thereto and took no action, and (b) the lack of service is of no moment because the Objection was substantively warranted, such that Court would have granted the Objection to the Claim as late had the BOE timely opposed the Objection by presenting the evidence and arguments that the BOE has presented in the Motion.

7. The Liquidating Trust has made a compelling showing that it would suffer prejudice if the Claim were deem timely filed at this time, including that (a) the Liquidating Trust has, since the Effective Date, been working diligently to resolve all claims, and has paid all administrative and priority claims as they have become allowed, and (b) the passage of time since the filing of the Claim would have a deleterious effect on the Liquidating Trust's ability to bear its burden (as the taxpayer) to produce evidence and prove the bad debt deductions that comprise the primary dispute with respect to the validity of the Claim.

8. The length of the BOE's delay in filing the Motion is troubling and prejudicial to the Liquidating Trust.  The BOE's assertion that it delayed filing the Motion due to settlement discussions is not helpful to its attempt to show excusable neglect or good faith, as it should have filed the Motion as soon as it became aware of the problems surrounding the untimely filing of the Claim.

3

**IT IS THUS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion is

DENIED in its entirety.

Dated: _____          _____
       Richmond, Virginia                The Honorable Kevin R. Huennekens
                                                 United States Bankruptcy Judge

**WE ASK FOR THIS:**

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
*admitted pro hac vice*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760

Co-Counsel for the Circuit City Stores, Inc.
Liquidating Trust

**CERTIFICATION**

     I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

                                              */s/ Lynn L. Tavenner*
                                              Lynn L. Tavenner

4