IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
|     Debtors. | ) | |
| | ) | |

**RESPONSE BY WBCMT 2005-C21 SOUTH OCEAN GATE
AVENUE LIMITED PARTNERSHIP TO CROWN CCI, LLC'S
OBJECTIONS TO TRANSFER OF CLAIMS [ECF NOS. 8556 & 8574]**

WBCMT 2005-C21 South Ocean Gate Avenue Limited Partnership ("WBCMT"), files this Response (the "Response") to Crown CCI, LLC's Objections to Transfer of Claims [ECF Nos. 8556, 8557 and 8574] (the "Objections") and, in support of the Response respectfully represents as follows:

Crown CCI, LLC ("Crown") borrowed money pursuant to the terms of a promissory note held by WBCMT. Pursuant to that certain Deed of Trust dated September 19, 2005 (the "Deed of Trust") Crown pledged as collateral securing its obligations under the promissory note a parcel of real estate located at 14600 Ocean Gate Avenue in Hawthorne, California (the "Property"). The Deed of Trust was recorded on September 20, 2005 in the official records of Los Angeles County, California as instrument 05 2264054 (the "Deed of Trust").

Crown, as landlord, leased space on the Property to Circuit City for the operation of a Circuit City location. Crown filed proof of claim no. 12356 that asserts a general unsecured claim in the amount of $1,864,939.00 primarily for rejection damages ("Claim 12356"). Crown also filed proof of claim 13467 that asserts an administrative claim in the amount of $68,381.33 for post-petition rent and other post-petition obligations of Circuit City to Crown pursuant to the

terms of the Lease between Circuit City and Crown ("Claim 13467" and, together with Claim 12356, the "Proofs of Claim").

Crown failed to make required payments pursuant to the terms of the promissory note held by WBCMT. Accordingly, WBCMT exercised its right pursuant to the Deed of Trust to foreclose upon the Property. After a public auction on December 8, 2009, WBCMT obtained a Trustee's Deed Upon Sale and Bill of Sale that was recorded on December 17, 2009 in the official records of Los Angeles County, California as instrument 20091923279 (the "Trustee's Deed"). A copy of the Trustee's Deed is annexed hereto as Exhibit "A".

As set forth in the Trustee's Deed, the sale was a unified sale of real and personal property comprising WBCMT's collateral pursuant to the Deed of Trust. Accordingly, in addition to conveying title to the Property to WBCMT, the Trustee's Deed conveyed title to WBCMT of the personal property described on Exhibit B to the Trustee's Deed. Among other things, the Trustee's Deed conveys to WBCMT all of Crown's right, title, and interest in rents, profits, income, accounts receivable arising from the use or enjoyment of all or any portion of the Property or from any lease, license, tenancy, etc. as well as all causes of action, general intangibles, and proceeds (including claims and demands therefor).

Because the Trustee's Deed conveys to WBCMT all of Crown's rights to funds due to it under its Lease with Circuit City and all other proceeds and claims arising from the Property, WBCMT is entitled to transfer to itself the Proofs of Claim and is entitled to all distributions in respect of such Proofs of Claim.

Notwithstanding the foregoing, when WBCMT filed *Notices of Transfer of Claim Other Than for Security* in respect of the Proofs of Claim [ECF Nos. 8371 & 8372] (the "Notices of Transfer"), Crown responded with the Objections claiming that it "has no record that it

13904622.1                                    2

transferred [the Proofs of Claim] to WBCMT". Because WBCMT is the rightful owner of the Proofs of Claim and the proceeds thereof pursuant to the Trustee's Deed, WBCMT respectfully requests that the Court overrule the Objections and direct the Liquidating Trustee and the Claims Agent to effectuate the Notices of Transfer or otherwise cause the Proofs of Claim to be transferred to WBCMT.

WHEREFORE, WBCMT respectfully requests that the Court OVERRULE the Objections and DIRECT the Liquidating Trustee and the Claims Agent to effectuate the Notices of Transfer or otherwise cause the Proofs of Claim to be transferred to WBCMT.

Dated: August 15, 2011.

**SUTHERLAND ASBILL & BRENNAN LLP**

By: /s/ Mark D. Sherrill
Mark D. Sherrill (VSB No. 44543)
1275 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:    (202) 383-0100
Fax:   (202) 637-3593

-- and --

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
Jeffrey I. Snyder (admitted *pro hac vice*)
1450 Brickell Avenue.
Suite 2300
Miami, Florida 33131
Tel: (305) 374-7580
Fax: (305) 374-7593

*Counsel for WBCMT 2005-C21 South Ocean Gate Avenue Limited Partnership*

13904622.1                               3

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via first class U.S. Mail, postage prepaid, on this 15th day of August, 2011, upon all parties as set forth on the attached service list.

By: /s/ Mark Sherrill
    Mark D. Sherrill

## SERVICE LIST

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Hunter Brandon Jones
Shannon, Gracey, Ratliff & Miller, LLP
777 Main Street, Suite 3800
Fort Worth, TX 76102
*Attorneys for Debtor*

Paul S. Bliley, Jr.
WILLIAMS MULLEN
P.O. Box 1320
Richmond, VA  23218-1320
*Counsel for Crown CCI, LLC*