UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RESPONSE OF LIBERTY MUTUAL INSURANCE COMPANY TO
SIXTH AND SEVENTH OMNIBUS OBJECTIONS TO CLAIMS**

Liberty Mutual Insurance Company ("Liberty"), by and through its undersigned counsel, hereby responds to the Sixth Omnibus Objection to Claims (Docket Number 10043) (the "Sixth Omnibus Objection") and Seventh Omnibus Objection to Claims (Docket Number 10045)(the "Seventh Omnibus Objection," and together with the Sixth Omnibus Objection, the "Objections") filed by the Circuit City Stores, Inc. Liquidating Trust (the "Trust").

In support of its response, Liberty respectfully represents as follows:

1. Both prior to and following the above-captioned debtors' (the "Debtors") petition dates, Liberty provided workers' compensation, auto, garage and general liability insurance

---

KAPLAN & FRANK, PLC
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Telephone:(804) 525-1891
Facsimile: (804) 525-1892

-and-

CHOATE, HALL & STEWART LLP
Douglas R. Gooding, Esq.
William S. McMahon, Esq.
Two International Place
Boston, MA 02110
Telephone:(617) 248-5000
Facsimile: (617) 248-4000

*Counsel to Liberty Mutual Insurance Company*

coverage to certain of the Debtors pursuant to insurance policies and related agreements (collectively, the "Liberty Policies") by and between the Debtors and Liberty.

2.     The Debtors' obligations to Liberty under the Liberty Policies are secured by, among other things, certain cash collateral and a stand-by letter of credit in the face amount of no less than $1,142,307 naming Liberty as beneficiary.

3.     On January 30, 2009 and June 30, 2009, Liberty timely filed proofs of claim numbers 9819, 9820, 9821, 9822, 9823, 9824 and a request for payment of administrative expense, claim number 14405 (collectively, the "Liberty Claims"), against the Debtors' estates. The Liberty Claims asserted contingent and unliquidated claims against the Debtors to protect Liberty against the possibility that the Debtors' obligations under the Liberty Policies, the full extent of which will not be known for some time, will exceed the amount of Liberty's collateral.

4.     On or about February 25, 2011, the Trust objected to the Liberty Claims, through the Objections. The only substantive basis asserted for the Objections, as they apply to Liberty, are that the Liberty Claims are unliquidated, and are subject to disallowance pursuant to Section 502(e) of the Bankruptcy Code because they are claims "for reimbursement or contribution of an entity that is liable with the debtor . . . [and] such claim[s] for reimbursement or contribution [are] contingent." 11 U.S.C. §502(e).[1]

5.     The Court should overrule the Objections to the Liberty Claims. Pursuant to Section 502(c) of the Bankruptcy Code, courts regularly recognize and allow claims that are contingent and unliquidated. Thus, instead of having its unliquidated claims disallowed, Liberty

---

[1]     In April 2011, at the request of the Trust, Liberty made a settlement proposal that would resolve all issues between the parties. Despite several assurances from counsel to the Trust that a response would be forthcoming within a reasonable time, as of the date hereof, the Trust has failed to respond to the Liberty Proposal.

2

should, at a minimum, be given an opportunity to complete its claims analysis and estimate the aggregate amount of its claims against the Debtors under the Liberty Policies.

6. The Trust's Section 502(e) objection is similarly misplaced. Liberty is not directly liable for the claims against which it insured the Debtors. As a result, Liberty is not "an entity that is liable with the debtor" for purposes of Section 502(e).

7. Liberty expressly reserves any and all of its rights under the Liberty Policies, applicable non-bankruptcy law, and the Bankruptcy Code. Nothing contained herein shall operate as a waiver of Liberty's various rights, claims, remedies and defenses against the Debtors or the Trust, including, without limitation, Liberty's right to assert and/or effect rights of recoupment and/or setoff in the future.

[*Remainder of this page intentionally left blank*]

WHEREFORE, Liberty respectfully requests that the Court enter an order overruling the Objections and granting Liberty such other and further relief as is just and appropriate under the circumstances.

Dated: August 15, 2011                                    Respectfully submitted,

/s/ Troy Savenko
KAPLAN & FRANK, PLC
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Telephone: (804) 525-1891
Facsimile:  (804) 525-1892

 - and –

CHOATE, HALL & STEWART LLP
Douglas R. Gooding, Esq.
William S. McMahon, Esq.
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile:  (617) 248-4000

*Counsel to Liberty Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2011, I caused a copy of the foregoing to be served to all parties receiving notice via the Court's CM/ECF Noticing System and by electronic mail to the following counsel for the Liquidating Trust:

>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard, 11th Floor
>Los Angeles, California  90067-4100
>E-mail:  jpomerantz@pszjlaw.com
>E-mail:  acaine@pszjlaw.com
>
>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia  23219
>E-mail:  ltavenner@tb-lawfirm.com
>E-mail:  pberan@tb-lawfirm.com

/s/ Troy Savenko