# Greenbaum Rowe Smith & Davis LLP

COUNSELORS AT LAW

75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600    FAX (973) 535-1698

INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

**NANCY ISAACSON**
PARTNER
(973) 577-1930 - DIRECT DIAL
(973) 577-1931 - DIRECT FAX
NISAACSON@GREENBAUMLAW.COM

WOODBRIDGE OFFICE:
METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600
FAX (732) 549-1881

DELIVERY ADDRESS:
99 WOOD AVENUE SOUTH
ISELIN, NJ 08830-2712

August 15, 2011

FILED RICHMOND DIVISION AUG 17 2011 CLERK US BANKRUPTCY COURT

*Via Federal Express Overnight*

Honorable Kevin R. Huennekens, U.S.B.J.
United States Bankruptcy Court
701 East Broad Street
Room 4000
Richmond, Virginia 23219

    Re:   **In re: Circuit City Stores, Inc., et al., Debtors**
           **Case No. 08-35653-KRH**
           **Hearing Date: August 22, 2011**

Dear Judge Huennekens:

On behalf of Enid Two LLC ("Enid"), kindly accept this letter in lieu of a formal brief in opposition to the Liquidating Trust's Twenty-First Omnibus Objection to the Claim pursuant to 11 U.S.C. § 507(a)(2) ("502(a)(2) Administration Claim") filed on behalf of Enid Two LLC ("Enid") in the amount of $65,010.45. The components for the 502(a)(2) Administration Claim consists of costs incurred to repair the premises upon Debtor's vacation of the premises, administrative rent and additional rent. Attached as **Exhibit A** is the applicable lease provision for the Debtor's rent obligation and as **Exhibit B** is the real estate tax bill for 2009.

The administrative rent due from the Debtor to Enid for the post petition period November 10 through November 30, 2008 is $19,337.57 should be allowed as an administration claim. In re: Circuit City Stores, Inc. 2009 Bakr. Lexis 672. Enid agrees that the sub rent of

1309668.01

**Greenbaum Rowe**
**Smith ▧ Davis** LLP

Honorable Kevin R. Huennekens, U.S.B.J.
August 15, 2011
Page 2

$9,666.33 for the period November 1 through November 9, 2009 is a pre-petition unsecured claim. In addition, the real estate taxes which came due while the Debtor was in occupancy post petition in the amount of $17,497.32 is due and owing as an additional rent administration expense. In re Trak Auto Corporation, 227 BR 655, 663 (Bankr. E.D. Va 2002). Thus, the total administration claim is $36,834.89.

The costs to repair the premises upon Debtor's rejection of the lease is $18,726.81. Pursuant to In re Best Products Co., Inc., 229 BR 673, 678 (Bankr. S.D. Va 1998), this claim is not subject to the 11 U.S.C. § 502(b)(6)(A) cap and thus is an allowed unsecured claim. Thus, $18,726.81 (maintenance) and $9,666.33 (stub rent) which total $28,393.14, should be allowed as a general unsecured claim.

Respectfully yours,

*[signature]*

NANCY ISAACSON

NI/ml
enclosures
c:    Victoria A. Newmark, Esq.
      Mr. & Mrs. Jerome Rosenblum

1309668.01

# EXHIBIT A

SOMERVILLE, NEW JERSEY

# LEASE

between

**CIRCUIT CITY STORES, INC.,**

as Tenant

and

**ENID INVESTMENT ASSOCIATES NUMBER TWO**

as Landlord

dated June 1, 1997

TABLE OF CONTENTS

1.  Leased Property . . . . . . . . . . . . . . . . . . . . . . 1

2.  Improvements . . . . . . . . . . . . . . . . . . . . . . . 1

3.  Lease Term . . . . . . . . . . . . . . . . . . . . . . . . 2

4.  Rent . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5.  Signs and Communications Equipment . . . . . . . . . . . . 5

6.  Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7.  Maintenance, Repairs and Replacements . . . . . . . . . . 6

8.  Payment of Utility Bills . . . . . . . . . . . . . . . . . 6

9.  Alterations . . . . . . . . . . . . . . . . . . . . . . . 6

10. Mechanics' Liens . . . . . . . . . . . . . . . . . . . . . 7

11. Insurance . . . . . . . . . . . . . . . . . . . . . . . . 8

12. Damages by Fire or Other Casualty . . . . . . . . . . . . 11

13. Condemnation . . . . . . . . . . . . . . . . . . . . . . . 13

14. Assignment and Subletting . . . . . . . . . . . . . . . . 15

15. Use . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

16. Warranties and Representations . . . . . . . . . . . . . . 15

17. Estoppel Certificates . . . . . . . . . . . . . . . . . . 20

18. Subordination, Non-Disturbance and Attornment, Tenant Estoppel
    Certificate . . . . . . . . . . . . . . . . . . . . . . . 21

19. Change of Landlord . . . . . . . . . . . . . . . . . . . . 22

20. Tenant's Fixture and Inventory Financing . . . . . . . . . 22

21. Tenant's Property and Waiver of Landlord's Lien . . . . . 23

22. Memorandum of Lease . . . . . . . . . . . . . . . . . . . 23

23. Expiration of Term and Holding Over . . . . . . . . . . . 23

24. Force Majeure . . . . . . . . . . . . . . . . . . . . . . 24

25. Events of Tenant's Default . . . . . . . . . . . . . . . . 25

26. Landlord's Remedies . . . . . . . . . . . . . . . . . . . 25

27. Events of Landlord's Default; Tenant's Remedies . . . . 29
28. Waiver . . . . . . . . . . . . . . . . . . . . . . . . 30
29. Notices . . . . . . . . . . . . . . . . . . . . . . . 30
30. Brokers . . . . . . . . . . . . . . . . . . . . . . . 31
31. Miscellaneous . . . . . . . . . . . . . . . . . . . . 32
32. Effectiveness of Lease; Tenant's Right to Terminate . . 34
33. Confidentiality . . . . . . . . . . . . . . . . . . . 34
34. Leasehold Mortgages . . . . . . . . . . . . . . . . . 35
35. Tenant's Financing of Improvements . . . . . . . . . . 44
36. Landlord's Mortgage . . . . . . . . . . . . . . . . . 45
37. Compliance with Law . . . . . . . . . . . . . . . . . 45
38. Limit of Landlord's Liability . . . . . . . . . . . . 46

7716\1097\CIRCUIT\JERSEY\SOMERV\LEASE.004
MWBB 5/20/97

SOMERVILLE, NJ

## LEASE

This LEASE (this "Lease") is made as of the first day of June, 1997, by and between ENID INVESTMENT ASSOCIATES NUMBER TWO, a New Jersey partnership, having an address at 200 Avenel Street, Avenel, New Jersey 07001 ("Landlord"), and CIRCUIT CITY STORES, INC., a Virginia corporation, having an address at Deep Run I, 9950 Mayland Drive, Richmond, Virginia 23233 ("Tenant").

W I T N E S S E T H:

That for and in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. <u>Leased Property</u>. Landlord demises and leases to Tenant and Tenant leases and takes from Landlord, commencing on Landlord's delivery of the "Land" (as defined below) to Tenant, certain real property consisting of that approximately 125,843 square-foot parcel (the "Land"), together with any Improvements (as hereinafter defined) located thereon from time to time, as more particularly described on <u>Exhibit "A"</u> attached hereto, located on Route 28 in the Township of Bridgewater (the "City"), County of Somerset, State of New Jersey (the "State"). Except as otherwise specifically set forth in this Lease to the contrary, Landlord leases the Premises to Tenant "as is," without representation or warranty, and Tenant has made its own investigations with respect to the Premises, and has relied upon no representation or warranty of Landlord not specifically set forth in this Lease.

2. <u>Improvements</u>. The building containing 24,250 square feet and other improvements currently or in the future located on the Land are sometimes collectively referred to herein as the "Improvements". Notwithstanding anything to the contrary provided herein, title to the Improvements constructed on the Land during the Term shall remain vested in Tenant until the expiration or earlier termination of this Lease, at which time title to such

1

Improvements shall vest in Landlord, without compensation to Tenant. The Land, together with any Improvements located thereon, shall be referred to herein as the "Premises".

3. <u>Lease Term</u>. This Lease shall commence on the date hereof (the "Commencement Date"). The term (the "Term") of this Lease shall commence on the Commencement Date and shall end on the last day of January following the fortieth (40th) anniversary of the Commencement Date, unless earlier terminated in accordance herewith or, if Tenant shall have given notice of termination as set forth below, the Term shall end on the effective date for such termination.

Tenant shall have the right, at Tenant's option, to terminate this Lease, effective as of the following dates: (i) the last day of January following the twentieth (20th) anniversary of the Commencement Date; (ii) the last day of January following the twenty-fifth (25th) anniversary of the Commencement Date; (iii) the last day of January following the thirtieth (30th) anniversary of the Commencement Date; and (iv) the last day of January following the thirty-fifth (35th) anniversary of the Commencement Date. If Tenant elects to exercise its right to so terminate this Lease, Tenant shall give written notice thereof to Landlord at least two hundred seventy (270) days prior to the effective date of termination. If this Lease is so terminated, Tenant shall have no further obligations or liabilities hereunder and, upon termination, title to the Improvements shall vest in Landlord.

The term "Lease Year" shall mean each successive period of twelve (12) consecutive calendar months, commencing on the first day of each February during the Term, except that the first Lease Year shall commence on the Commencement Date and shall end on the last day of January following the first anniversary of the Commencement Date.

4. <u>Rent</u>.

(a) <u>Base Rent</u>. Tenant agrees to pay base rent ("Base Rent") for the Premises in the amounts and in the manner specified hereunder, commencing on the Commencement Date.

Tenant shall pay, without notice, demand, offset or abatement, except as specifically set forth herein, Base Rent in equal monthly installments, in advance on the first day of each succeeding calendar month throughout the Term, with appropriate proration for any partial calendar month or Lease Year, to the address given for Landlord in paragraph 29 hereof, unless Landlord shall give Tenant written notice of a change of address or of the party to whom such rents shall be payable along with written documentation reasonably satisfactory to Tenant of such party's right to receive payment hereunder. Base Rent shall be paid pursuant to the following schedule:

(i) <u>First Five Years</u>. During the first five (5) Lease Years, Tenant shall pay annual Base Rent in the amount of Two Hundred Sixty-Two Thousand Eight Hundred and No/100 Dollars ($262,800.00), payable in equal monthly installments of Twenty-One Thousand Nine Hundred and No/100 Dollars ($21,900.00).

(ii) <u>Lease Years Six through Ten</u>. During Lease Years six (6) through ten (10), Tenant shall pay annual Base Rent in the amount of Two Hundred Eighty-Nine Thousand Eighty and No/100 Dollars ($289,080.00), payable in equal monthly installments of Twenty-Four Thousand Ninety and 00/100 Dollars ($24,090.00).

(iii) <u>Lease Years Eleven through Fifteen</u>. During Lease Years eleven (11) through fifteen (15), Tenant shall pay annual Base Rent in the amount of Three Hundred Seventeen Thousand Nine Hundred Eighty-Eight and No/100 Dollars ($317,988.00), payable in equal monthly installments of Twenty-Six Thousand Four Hundred Ninety-Nine and 00/100 Dollars ($26,499.00).

(iv) <u>Lease Years Sixteen through Twenty</u>. During Lease Years sixteen (16) through twenty (20), Tenant shall pay annual Base Rent in the amount of Three Hundred Forty-Nine Thousand Seven Hundred Eighty-Six and 80/100 Dollars ($349,786.80), payable in equal monthly installments of Twenty-Nine Thousand One Hundred Forty-Eight and 90/100 Dollars ($29,148.90).

(v) <u>Lease Years Twenty-One through Twenty-Five</u>. During Lease Years twenty-one (21) through twenty-five (25), Tenant shall pay annual Base Rent in the amount of Three Hundred Eighty-

Four Thousand Seven Hundred Sixty-Five and 48/100 Dollars ($384,765.48), payable in equal monthly installments of Thirty-Two Thousand Sixty Three and 79/100 (32,063.79).

    (vi) <u>Lease Years Twenty-Six through Thirty</u>. During Lease Years twenty-six (26) through thirty (30), Tenant shall pay annual Base Rent in the amount of Four Hundred Twenty-Three Thousand Two Hundred Forty-Two and 03/100 Dollars ($423,242.03), payable in equal monthly installments of Thirty-Five Thousand Two Hundred Seventy and 17/100 ($35,270.17).

    (vii) <u>Lease Years Thirty-One through Thirty-Five</u>. During Lease Years thirty-one (31) through thirty-five (35), Tenant shall pay annual Base Rent in the amount of Four Hundred Sixty-Five Thousand Five Hundred Sixty-Six and 23/100 Dollars ($465,566.23), payable in equal monthly installments of Thirty-Eight Thousand Seven Hundred Ninety-Seven and 19/100 Dollars ($38,797.19).

    (viii) <u>Lease Years Thirty-Six through Forty</u>. During Lease Years thirty-six (36) through forty (40), Tenant shall pay annual Base Rent in the amount of Five Hundred Twelve Thousand One Hundred Twenty-Two and 85/100 Dollars ($512,122.85), payable in equal monthly installments of Forty-Two Thousand Six Hundred Seventy-Six and 90/100 Dollars ($42,676.90).

   (b) <u>Net Rent</u>. It is the purpose and intent of the Landlord and Tenant that the rent shall be absolutely net to Landlord, so that this Lease shall yield, net, to Landlord, except for taxes for which Tenant is not liable hereunder (such as landlord's income taxes), the rent specified in this Article 4, and all additional rent and charges under the terms thereof, in each month during the term of this Lease, and that all costs, expenses and obligations of every kind and nature whatsoever relating to the Premises, which may arise or become due during or out of the term of this Lease, shall be paid by the Tenant, except for such obligations and charges as have otherwise expressly been assumed or retained by Landlord in accordance with the terms and conditions of this Lease.

SOMERVILLE, NJ

**FIRST AMENDMENT TO LEASE**

**THIS FIRST AMENDMENT TO LEASE** (this "First Amendment") is made as of this 23rd day of September, 1998 by and between ENID TWO, L.L.C., a New Jersey limited liability company, having an address at 200 Avenel Street, Avenel, New Jersey 07001 ("Landlord") and CIRCUIT CITY STORES, INC., a Virginia corporation, having an address at Deep Run I, 9950 Mayland Drive, Richmond, Virginia 23233 ("Tenant").

RECITALS

A. Pursuant to Lease dated June 1, 1997 (the "Lease"), Tenant, as tenant, leased from Landlord, as landlord, certain real property consisting of an approximately 125,843 square-foot parcel of land, together with improvements located thereon from time to time, as more particularly described in the Lease, located on Route 28 in the Township of Bridgewater, County of Somerset, State of New Jersey (the "Original Leased Property").

B. Pursuant to Purchase and Sale Agreement dated as of January 22, 1998 (the "Purchase Contract") by and between Dr. Charles Schwirck, as Executor of the Estate of Edward Nash (the "Seller"), as seller, and Tenant, as buyer, Seller agreed to sell and Tenant agreed to buy certain real property adjacent to the Original Leased Property containing approximately 1.433 acres, more or less, together with all improvements situated thereon and all rights, easements and appurtenances belonging thereto, as more particularly described in the Purchase Contract along with the vacated portion of Birdsall Lane included with such property (the "Adjacent Property"), on the terms and conditions set forth in the Purchase Contract.

C. Pursuant to that certain Assignment and Assumption Agreement between Tenant, as assignor, and Landlord, as assignee, Tenant assigned to Landlord Tenant's rights, title, interests, obligations and duties under the Purchase Contract, and Landlord assumed Tenant's rights, title, interests, obligations and duties under the Purchase Contract.

D. Subject to closing under the Purchase Contract, Landlord and Tenant desire to hereby amend the Lease to include the Adjacent Property and the vacated portion of Birdsall Lane with the Original Leased Property in the definition of "Premises" under the Lease and to increase the Base Rent under the Lease by $30,000.00 per year.

1

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the parties hereto agree as follows:

AGREEMENT:

1. The Recitals are incorporated herein by this reference as if restated in their entirety.

2. Paragraph 1 <u>Leased Premises</u> of Lease and Exhibit A to the Lease are hereby amended by deleting Exhibit A to the Lease and replacing the same with <u>Exhibit A-1</u> to this First Amendment.

3. Paragraph 4(a) <u>Base Rent</u> of the Lease is hereby amended by inserting the following new paragraph 4(a)(ix) on page 4 of the Lease:

> "(ix)    <u>Additional Base Rent</u>.  Upon the First Amendment becoming effective and during each Lease Year during the Term hereof thereafter, Tenant shall pay additional annual Base Rent in the amount of Thirty Thousand and No/100 Dollars ($30,000.00), payable in equal monthly installments of Two Thousand Five Hundred and No/100 Dollars ($2,500.00) commencing the first full month after this First Amendment becomes effective (the "Additional Base Rent"). The Additional Base Rent shall be in addition to Base Rent payable under Paragraphs 4(a)(i) through (viii), above."

4. In the event any portion of the Adjacent Property should be sold (and subject to Tenant's absolute right to approve any such sale in Tenant's sole discretion), the Additional Base Rent shall be reduced proportionately by the sales price of such portion of the Adjacent Property (the "Sales Price") such that the reduced Additional Base Rent shall be calculated as follows: ($375,000.00 less the Sales Price multiplied by eight percent (8%) per annum). Nothing hereinabove contained, however, shall be construed to require Tenant's right to approve any sale of the original leased Property and the Adjacent Property as one tract, subject to the terms and conditions of the Lease, nor shall such sale in any way affect the required payment of Base Rent as provided in the Lease and the First Amendment to Lease, subject to the terms and conditions of the Lease.

5. In connection with Tenant's construction activities on the Adjacent Property, Tenant agrees to perform, at Tenant's sole cost and expense, all work, installations and improvements required by Resolution No. 26-97 adopted May 5, 1998 by the Board of Adjustment of the Township of Bridgewater to be performed on the Adjacent Property. Additionally, to the extent necessary to complete Tenant's construction activities on the Adjacent Property, Tenant agrees to cause the removal of any asbestos

2

containing materials and underground storage tanks located on the Adjacent Property as of August 20, 1998, which removal shall be performed at Tenant's sole cost and expense and in accordance with applicable regulations. Tenant acknowledges that it will rely solely upon its own due diligence regarding the environmental condition of the Adjacent Property as of August 20, 1998.

6.  Except as expressly by this First Amendment, the Lease remains in full force and effect.

7.  This First Amendment is subject to and shall not become effective until closing under the Purchase Contract has been completed and title to the Adjacent Property has been conveyed to Landlord.

8.  This First Amendment shall be governed by the laws of the State of New Jersey.

9.  Unless otherwise expressly provided herein to the contrary, this First Amendment shall be binding upon and enure to the benefit of the signatories hereto, their successors and assigns.

10. This First Amendment may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

[The balance of this page has been intentionally left blank. Signature pages follow.]

IN WITNESS WHEREOF, Landlord and Tenant have caused this First Amendment to be executed as of the day and year first above written.

                        LANDLORD:

                        ENID TWO, L.L.C.
                        a New Jersey limited liability company

By _____
Printed Name: Jerome Rosenblum
Title: a Managing Member

By _____
Printed Name: Enid R. Rosenblum
Title: a Managing Member


STATE OF New Jersey  )
                          ) ss.
COUNTY OF MORRIS   )

      On this 25TH day of SEPTEMBER, 1998, before me appeared Jerome Rosenblum and Enid R. Rosenblum to me personally known, who, being by me duly sworn, did say that each is a managing member of Enid Two, L.L.C., a New Jersey limited liability company, and that said instrument was signed and sealed on behalf of said limited liability company, by authority of its manager(s)/member(s); and acknowledged said instrument to be the free act and deed of said limited liability company.

      IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

_____
Notary Public

My term expires: EDITH M. CANNIZZARO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires June 22, 2003

TENANT:

CIRCUIT CITY STORES, INC.

By *[signature]*
Printed Name: Benjamin B. Cummings, Jr.
Title: Vice President-Real Estate


COMMONWEALTH OF VIRGINIA )
                         ) ss.
COUNTY OF HENRICO        )

On this 23rd day of September, 1998, before me appeared Benjamin B. Cummings, Jr. to me personally known, who, being by me duly sworn, did say that he is the Vice President-Real Estate of Circuit City Stores, Inc., a Virginia corporation, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was signed and sealed on behalf of said corporation, by authority of its Board of Directors; and acknowledged said instrument to be the free act and deed of said corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

*Cheryl S. Smith*
Notary Public

My term expires: 04/30/00


U:\CIRCUIT\SOMER\1STAMEND.005

Exhibit A-1

Legal Description

ALL THOSE CERTAIN TRACTS, PARCELS AND LOTS OF LAND LYING AND BEING SITUATE IN THE TOWNSHIP OF BRIDGEWATER, COUNTY OF SOMERSET, STATE OF NEW JERSEY, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

### LOT 2 BLOCK 3302

Beginning at a point in the Northerly Line of Easton Turnpike (66' R.O.W.), also known as New Jersey State Highway Route No. 28. said point being the intersection of the aforesaid Northerly Line of Easton Turnpike and the Centerline of Birdsall Lane (width varies) (22 feet wide along the first course described herein). Said point also being a distance of 33.00' as measured at right angles from the centerline of the aforesaid Easton Turnpike; and running thence.

1. N 08° -49'-'00" E along the aforesaid centerline of Birdsall Lane and passing over an Iron Pin found a distance of 391.93 feet to a point; thence

2. S 81° -11-'00" E at right angles to the first course above mentioned a distance of 269.12 feet to an Iron Pin found; thence

3. S 08° -49'-00" W a distance of 575.63 feet to a point in the aforesaid Northerly Line of Easton Turnpike, said point being a distance of 33.00 feet as measured at right angles from the Centerline of Easton Turnpike; thence

4. N 46° -52'-00" W along the aforesaid Northerly Line of Easton Turnpike a distance of 325.84 feet to the point and place of beginning.

   Containing 130,195 square feet or 2.989 acres
   Subject to Easements and Restrictions of Record, if any.

### LOT 5 BLOCK 3301

Beginning at a point in the Northerly Line of Easton Turnpike (66' R.O.W.), also known as New Jersey State Highway Route No. 28 said point being the Intersection of the aforesaid Northerly Line of Easton Turnpike and the Centerline of Birdsall Lane (22' Row) said point also being a distance of 33.00' as measured at right angles from the centerline of the aforesaid Easton Turnpike; and running thence

1. N 46° -52'-00" W along the aforesaid Northerly Line of Easton Turnpike a distance of 304.45 feet to the Common Corner of Lots 4 & 5, Block 3301; thence
2. N 43° -08'-00" E along the Common Line of Lots 4 & 5, Block 3301 a distance of 426.50 feet to a point in the aforesaid Westerly Line of Birdsall Lane (R.O.W. varies); thence

3.  S  81° -11'-00" E a distance of 25.00 feet to a point in the Centerline of Birdsall Lane (50' R.O.W.); thence
4.  S  08° -49'-00" W along the aforesaid Centerline of Birdsall Lane, a distance of 131.96 feet to a point in the Northerly Line of Lot 2, Block 3302; thence
5.  N  81° -11'-00" W along the Common Southerly Line of Birdsall Lane and the Northerly Line of Lot 2, Block 3302, a distance of 14.00 feet to a point in the aforesaid Centerline of Birdsall Lane (22' Row); thence
6.  S  08° -49-00" W along the aforesaid Centerline of Birdsall Lane a distance of 391.93 feet to the point and place of beginning.

Containing 69,650 square feet or 1.599 acres
Subject to Easements and Restrictions of Record, if any.

Being more particularly shown on a map entitled "ALTA/ACSM Land Title Survey for Circuit City of Tax Map Lot 5, Block 3301 and Tax Map Lot 2, Block 3302, Township of Bridgewater, Somerset County, New Jersey," prepared by Michael G. Zilinski, P.L.S. for the Firm of Kenderian-Zilinski Associates, issued April 1, 1997 and last revised September 2, 1998.

# EXHIBIT B

From: ABBE LUMBER CORP.    732 634 1665    08/15/2011 12:05 #200 P.002/003

## 2008 FINAL/2009 PRELIMINARY TAX BILL

**BRIDGEWATER TOWNSHIP
SOMERSET COUNTY**

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 402 | 2 | |

PROPERTY LOC:   711 ROUTE 28
BUILDING DESC:   CIRCUIT CITY
LAND DESCRIPT:   4.588 AC
ADDITIONAL LOTS:

BANK:    MORTGAGE#:    TAX ACCT#:   C011

### ASSESSED VALUATION INFORMATION

| LAND | IMPROVEMENTS | TOTAL | EXEMPTIONS | NET VALUE |
|---|---|---|---|---|
| 1491100 | 2535900 | 4027000 | | 4027000 |

ENID TWO LLCxCIRCUIT CTY/PROP TX   3689
P.O. BOX 42304
RICHMOND, VA    23242

### EXPLANATION OF TAXES

| | | |
|---|---|---|
| LOCAL MUNICIPAL TAX | .205 | 8255.3 |
| COUNTY TAX | .293 | 11799.1 |
| COUNTY LIBRARY TAX | .040 | 1610.8 |
| COUNTY OPEN SPACE TAX | .033 | 1328.9 |
| REGIONAL SCHOOL TAX | 1.111 | 44739.9 |
| MUNICIPAL OPEN SPACE TX | .040 | 1610.8 |
| FIRE DIST 3 | .016 | 644.3 |
| 2008 TOTAL TAX | 1.738 | 69989.2 |
| LESS DEDUCTION: | | .0 |
| 2008 NET TAX | | 69989.2 |
| LESS 2008 TAX PREV. BILLED | | 33873.0 |
| BALANCE OF 2008 TAX | | 36115.4 |
| 2009 PRELIMINARY TAX IS: | | 34994.6 |

| 3RD QTR. DUE | 4TH QTR. DUE | 1ST QTR. DUE | 2ND QTR. DUE |
|---|---|---|---|
| 08/01/08  18057.71 | 11/01/08  18057.71 | 02/01/09  17497.32 | 05/01/09  17497.31 |

### IMPORTANT INFORMATION ON BACK OF BILL

#### INFORMATION FOR TAXPAYERS

MAKE CHECK PAYABLE TO:   BRIDGEWATER TOWNSHIP

MAIL TO:  BRIDGEWATER TOWNSHIP TAX COLLECTOR
PO BOX 6300
BRIDGEWATER NJ   08807

PHONE: 908-725-6300

BLOCK: 402    LOT: 2

TAXES, SEWER OR ASSESSMENTS ARE VALID WHETHER OR NOT THE TAXPAYER(OR AUTHORIZED AGENT) RECEIVES A BILL.  THE TAXPAYER IS PUT ON NOTICE TO ASCERTAIN FROM THE PROPER OFFICIAL THE AMOUNT OF HIS/HERS LIABILITIES.  N.J.S.A. 54:4-64
THE GRACE PERIOD FOR 2008 3RD QTR TAXES HAS BEEN EXTENDED TO 8/25/08. UNPAID TAXES WILL BE CHARGED INTEREST FROM AUGUST 1, PER N.J.S.A. 54:4-67.
DELINQUENCY RATE: 8% ON FIRST $1,500; 18% OVER $1,500; 6% PENALTY ON ANY BALANCE OF $10,000 OR MORE AT CLOSE OF YEAR.

#### DISTRIBUTION OF TAXES

--REFER INQUIRIES REGARDING:--
COUNTY TAXES:   $14738.82
BOARD OF FREEHOLDERS
908-231-7000

SCHOOL TAXES:   $44739.97
BOARD OF EDUCATION
908-685-2777

MUNICIPAL TAXES:   $9866.15
TOWNSHIP COUNCIL
908-725-6300

SPECIAL DIST. TAX:   $644.32

State Aid Used to Offset Local Property Taxes: The budgets of the government agencies funded by this tax bill include State aid used to reduce property taxes. Based on the assessed value, the amount of this State aid used to offset taxes on this parcel equals:   $12,121.27

### TAX COLLECTORS STUB: RETURN WITH PAYMENT

BRIDGEWATER TOWNSHIP
SOMERSET COUNTY

**2009 2ND QUARTER TAX DUE:  2**    05/01/09

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION | AMOUNT BILLED |
|---|---|---|---|
| 402 | 2 | | 17497.31 |

| BANK CODE | MORTGAGE# | TAX ACCT# | ADJUSTMENT |
|---|---|---|---|
| | | C011 | |

INTEREST

711 ROUTE 28
ENID TWO LLCxCIRCUIT CTY/PROP TX

TOTAL

CASH    CHECK