**IN THE UNITED STATES BANKRUPTCY COURT**
~~FOR THE EASTERN DISTRICT OF VIRGINIA~~
~~RICHMOND DIVISION~~**FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re~~:~~ | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.~~,~~,[1] | : | Case No. 08-35653-KRH |
| | : | |
| ~~Debtors.~~Debtor. | : | |
| | | (Jointly Administered) |

**ORDER APPROVING SALE OF CERTAIN PATENTS AND OTHER INTELLECTUAL PROPERTY AND RELATED ASSETS AS BEING FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS**

Upon the Amended Motion [Docket No. ~~____~~____] (the "Motion")[~~2~~2] of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") for an Order Approving the Sale of Certain Patents

---

[1] ~~The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).~~

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] ~~Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.~~

and Other Intellectual Property and Related Assets as Being Free and Clear of All Liens, Claims and Interests; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Trust, the beneficiaries thereof, and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby .

**FOUND AND DETERMINED THAT**[3]:

A. At the conclusion of the auction of the Purchased Assets, the Trust determined that the bid for the Purchased Assets submitted by Innovative Video Security LLC (the "Buyer") was the highest and best bid for the assets that are the subject of the Motion, pursuant to the Letter Agreement, dated August 12, 2011, a copy of which is annexed as Exhibit "A" hereto (the "Agreement").  The Agreement and the transactions contemplated thereby and otherwise under this Order, including the sale and transfer of the Patent Rights (as defined in the Agreement) from the LP to the Trust, were negotiated and have been and are each undertaken by the Trust, the Buyer and the LP, respectively, at arm's length without collusion or fraud, in good faith, for reasonably equivalent value, and in a manner consistent with applicable law.  The Buyer is not affiliated in any way with the Trust or the Debtors.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. If and to the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. If and to the extent that any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact. All statements by the Court at the hearing on the Motion shall constitute additional findings of fact and conclusions of law, as applicable.

B.    As evidenced by the proofs of service filed with the Court, proper and adequate notice of the Initial Motion and Amended Motion and the sale of the ~~Purchased Assets~~Patent Rights has been given, including to any entities known to have asserted any Encumbrance (as defined below) against the ~~Purchased Assets~~Patent Rights, the known creditors of the LP, and the ~~nondebtor~~non-debtor limited partner of the LP, Zoom.  No other or further notice is necessary.

C.    ~~B.~~    The Plan became effective on November 1, 2010, and pursuant to the Plan and Liquidating Trust Agreement approved therewith and the Confirmation Order, except as otherwise expressly provided in the Plan or Confirmation Order, the Consolidated Debtors' estates' assets vested in the Trust free and clear of all liens, claims~~,~~ (as defined under section 101(5) of the Bankruptcy Code), encumbrances, assertions of ownership, or any other rights or interests of any kind ("Encumbrances"), and thus, any and all assets of the Trust may be disposed of by the Trust free of any Encumbrances of any nature whatsoever, including any arising under nonbankruptcy law.

D.    ~~C.~~    Subject to the entry of this Order, the Trust: (i) has full power and authority to execute the Agreement and all other documents contemplated thereby, including the transfer of all right, title, and interest in the Patent Rights to the Trust and the subsequent transfer of all right, title, and interest in the Patent Rights to the Buyer; (ii) has all of the power and authority necessary to consummate the transactions contemplated by the Agreement, and (iii) has taken all company action necessary to authorize and approve the Agreement, and related documents, and the sale of the Patent Rights.  Except as expressly provided for in the Agreement or this Order, no consents or approvals, including without limitation from the non-debtor limited partner of the LP, Zoom, are required for the Trust to consummate the sale of the Purchased Assets under the Agreement.

E.    Notwithstanding the foregoing, in the event that any party continues to assert or may assert an Encumbrance against the ~~Purchased Assets~~Patent Rights, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied.  Those

~~DOCS_LA:242796.2 12304-003~~11
A/74492007.1

holders of Encumbrances who did not object or who withdrew their objections to the sale of the ~~Purchased Assets~~Patent Rights or the Initial Motion or Amended Motion are deemed to have consented to such sale and the Motion (including all transfers contemplated thereby) pursuant to Bankruptcy Code section 363(f)(2).  Those holders of any Encumbrances who did object fall within one or more of the other subsections of Bankruptcy Code section 363(f), and all such objections are without merit.  It is therefore

**ORDERED, ADJUDGED AND DECREED** that:

1. The Amended Motion is GRANTED.  All objections to the Amended Motion are hereby overruled.

2. If and to the extent that Court approval may be required, the transactions and actions contemplated by the Trust as described in the Amended Motion, including, without limitation, the Trustee's sale and transfer of all right, title and interest in the ~~Purchased Assets~~Patent Rights from the LP to the Trust and the Trust's sale and transfer of ~~the Purchased Assets~~all right, title and interest in the Patent Rights to the Buyer, are consistent with and authorized by the Plan and applicable non-bankruptcy law, and are approved and authorized by the Court.

3. The Trust may sell the ~~Purchased Assets, including without limitation those listed on Exhibit A hereto,~~all right, title and interest in the Patent Rights to the Buyer free and clear of all Encumbrances, pursuant to the ~~applicable purchase agreement (the~~ "Agreement~~"~~) ~~with the purchaser of the Purchased Assets (the "Buyer").~~.

4. At the closing of the sale of the ~~Purchased Assets~~Patent Rights to the Buyer~~,~~ (the "Closing"), subject to the terms and conditions of the Agreement, except as may be expressly provided otherwise therein, the Buyer shall acquire ~~the Purchased Assets~~all right, title and interest in the Patent Rights free and clear of all Encumbrances, with all such Encumbrances, if any, of any kind or nature whatsoever attaching to the net proceeds of the sale (~~"~~(the "Proceeds") ultimately attributable to the property against or in which the holder of an Encumbrance claims or may claim an interest in the order of their priority, with the same

validity, force and effect which they now have, subject to any claims and defenses the Trust, the Debtors and/or the bankruptcy estates may possess with respect thereto. Subject to the foregoing, the Proceeds shall be deposited into a segregated account and administered and distributed by the Trust to the creditors and interest holders of the LP in accordance with applicable nonbankruptcy law.

5.  The Trust, the Buyer and their respective agents may take all reasonable and necessary actions to implement this Order and consummate the transactions contemplated hereunder and the Amended Motion.

6.  The Agreement, and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written document signed by the parties thereto in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor materially changes the economic substance of the transactions contemplated hereby.

6.7.  This Order is and shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report any title or state of title in or to the Purchased Assets.AssetsPatent Rights. All such entities described above in this paragraph are authorized and specifically directed to strike all recorded Encumbrances against the Purchased AssetsPatent Rights from their records, official or otherwise.

Dated: _____

Richmond, Virginia    The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

WE ASK FOR THIS:

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

- and -

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760

Counsel for the Circuit City Stores, Inc.
Liquidating Trust

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760

Counsel for the Circuit City Stores, Inc. Liquidating Trust

**CERTIFICATION**

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
~~1015 East Main~~20 N. 8th Street, ~~First~~Second Floor
Richmond, Virginia -23219
Telephone: ~~-~~(804) 783-8300
Telecopy: ~~-~~(804) 783-0178

~~DOCS_LA:242796.2 12304-003~~11
A/74492007.1

~~Exhibit A~~

~~Purchased Assets~~

| ~~Patent or Application No.~~ | ~~Country~~ | ~~Filing Date~~ | ~~Title of Patent and First Named Inventor~~ |
|---|---|---|---|
| ~~6,078,328~~ | ~~US~~ | ~~06/08/1998~~ | ~~Compressed video graphics system and methodology~~ ~~Schumann, Robert W.~~ |
| ~~6,285,774~~ | ~~US~~ | ~~06/08/1998~~ | ~~System and methodology for tracing to a source of unauthorized copying of prerecorded proprietary material, such as movies~~ ~~Schumann, Robert W.~~ |
| ~~EP99942642.2~~ | ~~EP~~ | ~~06/07/1999~~ | ~~System and methodology for tracing to a source of unauthorized copying of prerecorded proprietary material, such as movies~~ ~~Schumann, Robert W.~~ |
| ~~JP4397123~~ | ~~JP~~ | ~~06/07/1999~~ | ~~System and methodology for tracing to a source of unauthorized copying of prerecorded proprietary material, such as movies~~ ~~Schumann, Robert W.~~ |
| ~~6,912,661~~ | ~~US~~ | ~~01/15/1998~~ | ~~Method and apparatus for encrypting and for decrypting data arranged in a data sector~~ ~~Christopher, Lauren Ann~~ |
| ~~DE69806124~~ | ~~DE~~ | ~~01/15/1998~~ | ~~Method and apparatus for encrypting and for decrypting data arranged in a data sector~~ ~~Christopher, Lauren Ann~~ |
| ~~DK0954774~~ | ~~DK~~ | ~~01/15/1998~~ | ~~Method and apparatus for encrypting and for decrypting data arranged in a data sector~~ ~~Artigalas, Max~~ |
| ~~FR0954774~~ | ~~FR~~ | ~~01/15/1998~~ | ~~Method and apparatus for encrypting and for decrypting data arranged in a data sector~~ ~~Christopher, Lauren Ann~~ |
| ~~GB0954774~~ | ~~GB~~ | ~~01/15/1998~~ | ~~Method and apparatus for encrypting and for~~ |

**Formatted:** Normal, Line spacing: Exactly 10 pt, Tab stops: Not at 3.5"

~~DOCS_LA:242796.2 12304-003~~ 11
A/74492007.1

| | | | |
|---|---|---|---|
| | | | ~~decrypting data arranged in a data sector~~<br><br>~~Rominger, Friedrich~~ |
| ~~EP0954774~~ | ~~EP~~ | ~~01/15/1998~~ | ~~Method and apparatus for encrypting and for decrypting data arranged in a data sector~~<br><br>~~Christopher, Lauren Ann~~ |
| ~~PCT/EP1998/000203~~ | ~~WO~~ | ~~01/15/1998~~ | ~~Method and apparatus for encrypting and for decrypting data arranged in a data sector~~<br><br>~~Christopher, Lauren Ann~~ |
| ~~09/637,641~~ | ~~US~~ | ~~08/14/2000~~ | ~~Temporal compression~~<br><br>~~Shives, Michael Joe~~ |
| ~~7,170,941~~ | ~~US~~ | ~~05/29/2002~~ | ~~Temporal compression~~<br><br>~~Shives, Michael~~ |
| ~~60/148,594~~ | ~~US~~ | ~~08/13/1999~~ | ~~Temporal compression in a video compression unit for a camera survelliance system~~<br><br>~~Shives, Michael J.~~ |
| ~~08/410,132~~ | ~~US~~ | ~~03/23/1995~~ | ~~Interactive multimedia system~~<br><br>~~Brindze, Paul L.~~ |
| ~~08/550,956~~ | ~~US~~ | ~~10/31/1995~~ | ~~Unable to Verify Title~~<br><br>~~Unable to Verify Inventors~~ |
| ~~5,822,291~~ | ~~US~~ | ~~11/21/1995~~ | ~~Mass storage element and drive unit therefor~~<br><br>~~Brindze, Paul L.~~ |
| ~~09/170,959~~ | ~~US~~ | ~~10/13/1998~~ | ~~Unable to Verify Title~~<br><br>~~Unable to Verify Inventors~~ |
| ~~09/170,987~~ | ~~US~~ | ~~10/13/1998~~ | ~~Unable to Verify Title~~<br><br>~~Unable to Verify Inventors~~ |
| ~~09/172,116~~ | ~~US~~ | ~~10/13/1998~~ | ~~Unable to Verify Title~~<br><br>~~Unable to Verify Inventors~~ |
| ~~09/172,188~~ | ~~US~~ | ~~10/13/1998~~ | ~~Unable to Verify Title~~<br><br>~~Unable to Verify Inventors~~ |
| ~~09/172,712~~ | ~~US~~ | ~~10/13/1998~~ | ~~Unable to Verify Title~~<br><br>~~Unable to Verify Inventors~~ |
| ~~AU53710/96~~ | ~~AU~~ | ~~03/21/1996~~ | |

~~DOCS_LA:242796.2 12304-003~~ 11
~~A00/2407~~

**Formatted:** Normal, Line spacing: Exactly 10 pt, Tab stops: Not at 3.5"

| | | | |
|---|---|---|---|
| | | | ~~Schumann, Robert Wilhelm~~ |
| ~~7,162,642~~ | ~~US~~ | ~~01/05/2000~~ | ~~Digital content distribution system and method~~ ~~Schumann, Robert Wilhelm~~ |
| ~~60/114,833~~ | ~~US~~ | ~~01/06/1999~~ | ~~Digital content protection and distribution system~~ ~~Schumann, Robert Wilhelm~~ |
| ~~PCT/US2000/000077~~ | ~~WO~~ | ~~01/05/2000~~ | ~~Digital content distribution system and method~~ ~~Schumann, Robert Wilhelm~~ |
| ~~PCT/US2000/000079~~ | ~~WO~~ | ~~01/05/2000~~ | ~~Content packet distribution system~~ ~~Schumann, Robert Wilhelm~~ |
| ~~60/116,078~~ | ~~US~~ | ~~01/15/1999~~ | ~~Motion field modeling and estimation using motion transform~~ ~~Iu, Siu-Leong~~ |
| ~~60/140,211~~ | ~~US~~ | ~~06/22/1999~~ | ~~General purpose key management module for hierarchical key management applications~~ ~~Eye, Randy A.~~ |
| ~~60/143,254~~ | ~~US~~ | ~~07/09/1999~~ | ~~Manufacturing trusted devices without trust or certification of licensed devices with limited manufacturer~~ ~~Goldshlag, David M.~~ |
| ~~60/116,001~~ | ~~US~~ | ~~01/15/1999~~ | ~~Optical flow algorithm with outlier rejection for motion estimation~~ ~~Iu, Siu-Leong~~ |
| ~~7,203,955~~ | ~~US~~ | ~~12/22/2004~~ | ~~High definition media storage structure and playback mechanism~~ ~~Mercier, Guillaume~~ |
| ~~11/680,557~~ | ~~US~~ | ~~02/28/2007~~ | ~~High definition media storage structure and playback mechanism~~ ~~Mercier, Guillaume~~ |
| ~~60/136,961~~ | ~~US~~ | ~~06/01/1999~~ | ~~Secure oblivious watermarking using key-dependent mapping~~ |

~~DOCS_LA:242796.2 12304-003~~ 11
A/74492007.1

*Formatted: Normal, Line spacing: Exactly 10 pt, Tab stops: Not at 3.5"*

| Page 1: [2] Formatted | Author |
|---|---|

Font: Bold

| Page 1: [2] Formatted | Author |
|---|---|

Font: Bold

| Page 1: [3] Formatted | Author |
|---|---|

Word underline

| Page 1: [3] Formatted | Author |
|---|---|

Word underline