

From:   Jaime Gonzalez

15889 sw 140 st

Miami Fl 33196


To:   Clerk of the Bankruptcy Court

United States Bankruptcy Court

701 East Broad Street – Room 400

Richmond, Virginia 23219


Re:   Response to objection to disallow or reclassify claim no 3017, on Debtor Circuit City

Case #   08-35653-KRH


On March 23 2011 I filed the enclosed objection, but as of today, it still shows as pending, and in searching through the posted case documents I have not been able to find a resolution.

When will this be decided?


Respectfully,

Jaime Gonzalez

Miami, March 23, 2011

From:  Jaime Gonzalez
       15889 sw 140 st
       Miami Fl 33196

To:    United States Bankrupcty Court
       For the Eastern District of Virginia
       Richmond Division

Re:    Objection to disallow or reclassify claim no 3017
       on Debtor Circuit City, case no 08-35653-KRH

MAR 28 2011

    I am filing this objection to reclassify my priority claim of $10950 (out of a total claim of $15000 ) to General Unsecured. (see enclosed documents of support)

    On January 4th 2008, Circuit City gave me a Long-Term Cash Award of $15000, with the first 33.3% to vest January 1 2009, the second 33.3% January 1 2010 and the final 33.4% January 1 2011. This was a retention bonus to motivate us to remain at Circuit City during what was perceived to be a difficult time (see supporting document).

    I remained employed by Circuit City until the final liquidation approximately March 15 2009, and I should at the very least have been paid the first $5000 of the award on or about January of 2009. The only reason I remained with Circuit City was the prospect of the cash award, and the hope that the organization would turn around.

    I apologize for the wording of this document,

Sincerely,

*[signature]*
Jaime Gonzalez

0835653110330000000000010

10384952, Gonzalez, Jaime
N/A, 1/1/2008, PSU



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 4, 2008

Jaime Gonzalez
15889 Sw 140 St.
Miami, FL 331960000

Dear Jaime:

Circuit City Stores, Inc. (the "Company") would like to support key associates through a cash award program that provides an incentive to work for the Company's long-term success. Accordingly, I am pleased to inform you that, effective January 1, 2008, you have been awarded the following long-term cash award, which will be payable upon vesting:

**Long-Term Cash Award: $15,000**

Your award is subject to the conditions set forth in this letter and to your signing and faxing this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years. If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of your total long-term cash award.

The portion of your award that vests will be paid out following the end of the corresponding vesting period. The vesting of all or part of your award is a taxable event. Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated <u>for any reason</u> on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the

Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer your right to the award granted hereunder.

In order for your award to become effective, you must accept it by signing this letter and by faxing the entire letter as soon as possible, but in no event later than February 1, 2008, to 757-298-8412. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

_____
Associate Signature

_Jaime Gonzalez_
Printed Name

_1/16/08_
Date



# Your Total Direct Compensation

**About You:**

| Name | Jaime Gonzalez |
|---|---|
| Employee ID | 10384952 |
| Department | West Dade Superstore |
| Statement Date | January 1, 2008 |

**About Your Compensation:**

|  | Compensation as of 1/1/2008 |
|---|---|
| Job Title | Store Director |
| Base Pay | $85,000 |
| Annual Incentive Target Dollars ($) | $20,000 |
| Target Annual Total Cash Comp | $105,000 |
| Target Long-Term Incentive (LTI) Award* | $15,000 |
| Target Total Direct Compensation | $120,000 |

* Note: Details regarding the 1/1/2008 LTI grant are in the award letter contained in this package.





GONZALEZ, JAIME
15889 SW 140 ST
MIAMI, FL 33196-6716

CASE NO: 08-35653
PRF 37997***
SVC: 3
PACK NO: 61

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,. | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**NOTICE OF LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION TO CLAIMS: RECLASSIFY TO GENERAL UNSECURED CLAIMS, REDUCE TO STATUTORY CAP, OR DISALLOW, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)**

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the *Liquidating Trust's Eleventh Omnibus Objection to Claims: Reclassify to General Unsecured Claims, Reduce to Statutory Cap, or Disallow, as Applicable (Special Cash Retention Program)* (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Liquidating Trust is seeking to reclassify certain claims, reduce certain claims and disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and

respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **<u>4:00 p.m. (Eastern Time) on April 7, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

The status hearing on the Objection will be held at **<u>2:00 p.m. (Eastern Time) on April 14, 2011 at:</u>**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and**</u>
<u>**Information Regarding the Hearing on the Objection**</u>

3

Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information.** To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response.** If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter.** Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information.** You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights.** Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust. Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases. In such event, you will receive a separate notice of any such objections.