| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| | *Counsel to the Circuit City Stores, Inc.* |
| *Counsel to the Circuit City Stores, Inc.* | *Liquidating Trust* |
| *Liquidating Trust* | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                      :    Chapter 11
                                            :
CIRCUIT CITY STORES, INC., et al.,          :    1Case No. 08-35653 (KRH)
                                            :
Debtors.                                    :
                                            :    Jointly Administered
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER SUSTAINING OBJECTION TO
### SECURED CLAIMS FILED BY GREGORY LEE MCCALL

THIS MATTER having come before the Court[1] on the Liquidating Trust's Objection (the "Objection") to the secured claims (the "McCall Claims") filed by Gregory Lee McCall ("McCall"), which requested that the McCall Claims be disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient; having considered the McCall Claims, the Objection and McCall's *Response to Liquidating Trust's Objection to Secured Claims Filed By Respondent* [Docket No. 10289] (the "Response"); and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED, FOUND AND DETERMINED THAT:[2]

.1    The Objection is SUSTAINED.

.2    For the reason contained herein and articulated in Court on July 29, 2011, the McCall Claims are forever disallowed in their entirety for all purposes in these bankruptcy cases.

.3    <u>Claim No. 15100 is Disallowed as Duplicative</u>.  The Court finds that Claim No. 15100 is duplicative of Claim No. 15097.  Accordingly, Claim No. 15100 is forever disallowed in its entirety for all purposes in these bankruptcy cases.

.4    <u>Claim No. 15097 is Disallowed as Late</u>.  The Court finds that Claim No. 15097 was filed subsequent to the applicable bar date.  Claim No. 15097 (the "Claim") was filed on September 30, 2010, subsequent to the applicable bar date of January 30, 2009.  McCall does not allege that he did not receive or have actual notice of the January 30, 2009 bar date.  Rather, McCall's Claim states that it amends a claim filed in September 2008, which date is prior to the petition date, and thus, cannot have been a claim McCall could have amended.  Without supporting his statements, McCall contended that his "claim filed in the Johnson County District Court's Recorder Office" constituted a timely claim against the Debtors' bankruptcy estate and that the Debtors had notice of his pending civil action.  Response at ¶21.

.5    McCall's prepetition filing with a Kansas recorder's office does not constitute a timely proof of claim in the Debtors' bankruptcy estate.  Such "proof of claim" does not comply with Rule 3002 of the Federal Rules of Bankruptcy Procedure, which requires that a

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

claim be filed in the Bankruptcy Court where the case is pending. *See* Fed. R. Bankr. P. 3002(a) and (b). Accordingly, Claim No. 15097 is forever disallowed in its entirety for all purposes in these bankruptcy cases.

.6 <u>Claim No. 15097 is Disallowed as Substantively Meritless</u>. As an independent ground for disallowance, the Court finds that Claim No. 15097 is substantively meritless. McCall contended that a terminated 2004 civil action (the "State Court Action") established the validity of his Claim. The State Court Action shows that McCall sued Circuit City, among others, for damages based on the alleged taking of items amounting to more than $40,000.00. The State Court Action does not establish any liability on the part of Circuit City or any other defendant in any amount, much less for the amount of $18,000,000.00. McCall claimed that "the debtors collectively defaulted on the [pre-litigation] notices [that McCall would sue them if they didn't settle with him]." Response at ¶24. According to McCall, "[e]ach named debtor was assessed a certain sum and given notice that upon default triple damages would incur. Again the named persons defaulted . . ." *Id.*

.7 Despite McCall's use of the term "default," no legal default occurred or was entered. The Debtors timely appeared in and defended against the State Court Action. The docket from the State Court Action, attached to the Objection as Exhibit "A," establishes that no request for entry of default or motion for default judgment was ever filed or ordered. As such, McCall did not establish viability of the Claim in any amount. Accordingly, Claim No. 15097 is forever disallowed in its entirety for all purposes in these bankruptcy cases.

.8 The Liquidating Trust shall serve a copy of this Order on McCall on or before five (5) business days from the entry of this Order.

.9 This Court shall retain jurisdiction to hear and determine all matters arising

from or relating to this Order.

Dated: Richmond, Virginia
       ___Aug 26 2011_____, 2011

                                    /s/ Kevin R. Huennekens
                                  HONORABLE KEVIN R. HUENNEKENS
                                  UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**     Entered on docket:  August 26 2011

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
*admitted pro hac vice*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760

Co-Counsel for the Circuit City Stores, Inc.
Liquidating Trust

## CERTIFICATION

    I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

                                      _____*/s/ Paula S. Beran*_____

```
                         United States Bankruptcy Court
                          Eastern District of Virginia
In re:                                                       Case No. 08-35653-KRH
Circuit City Stores, Inc.                                    Chapter 11
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0422-7          User: frenchs              Page 1 of 1         Date Rcvd: Aug 26, 2011
                              Form ID: pdforder          Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 28, 2011.
cr           +Gregory Lee McCall,    U.S.M. #15064-045,    F.C.I. Forest City-Low,    PO Box 9000,
               Forest City, AR 72336-9000

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 28, 2011**                    **Signature:** _/s/ Joseph Speetjens_