UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

```
IN RE:                      .      Case No. 08-35653 (KRH)
                            .
                            .      Chapter 11
                            .      Jointly Administered
CIRCUIT CITY STORES,        .
INC., et al.,               .      701 East Broad Street
                            .      Richmond, VA 23219
                            .
        Debtors.            .
                            .      August 22, 2011
. . . . . . . . . . . . ..          2:11 p.m.
```

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            Tavenner and Beran, PLC
                           By:  PAULA S. BERAN, ESQ.
                           20 North Eighth Street, 2nd Floor
                           Richmond, VA 23219

                           Pachulski Stang Ziehl & Jones LLP
                           By:  ANDREW W. CAINE, ESQ.
                           780 Third Avenue, 36th Floor
                           New York, NY 10017

For Leggett & Platt:       By:  MEG HART, ESQ.

For Alameda County:        Vandeventer Black LLP
                           By:  JERRELL E. WILLIAMS, ESQ.
                           707 East Main Street, Suite 1700
                           Richmond, VA 23218

Proceedings recorded by electronic sound recording, transcript
produced by transcription service

_____

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609) 586-2311    Fax No. (609) 587-3599

1        COURTROOM DEPUTY:  All rise.  The court is now in

2  session.  Please be seated and come to order.

3        COURT CLERK:  In the matter of Circuit City Stores,

4  Incorporated, hearing on Items 1 through 44 as set out on

5  proposed agenda.

6        MS. BERAN:  Good afternoon, Your Honor.

7        THE COURT:  Good afternoon, Ms. Beran.

8        MS. BERAN:  For the record, Paula Beran of the law

9  firm of Tavenner and Beran.  With me this afternoon at

10 counsel's table in person this time is Mr. Andrew Caine with

11 the Pachulski law firm.  In addition --

12       THE COURT:  He was here in person last time, too.

13       MS. BERAN:  Two times in a row, Your Honor.  Also at

14 counsel's table this afternoon is Mr. Jeffrey McDonald.  He is

15 the trust's representative here this afternoon.

16       THE COURT:  All right.  And I recall Mr. McDonald, as

17 well.

18       MS. BERAN:  Your Honor, there are a number of matters

19 on this afternoon's docket.  And Your Honor may recall that in

20 discussions in the colloquy with my law partner, Ms. Tavenner,

21 that there were a number of substantive evidentiary matters

22 that were being scheduled for today.  Your Honor, the good news

23 is that most of those matters have been resolved and most are

24 going forward today on a consensual basis.

25       In connection with that, Your Honor, if I may just go

1  through the docket as submitted on the agenda --

2          THE COURT:  You may.

3          MS. BERAN:  -- and address them.  There is one matter

4  that Mr. Caine will be handling and at that point in time, I'll

5  turn it over to him and then pick back up.  Thank you, Your

6  Honor.

7          The first item on today's agenda is a pretrial in the

8  matter of Siegel versus Leggett & Platt.  In connection with

9  that matter, Your Honor, pursuant to the procedures

10  established, we are prepared to set that matter for trial.  I

11  have discussed the matter with Ms. Hart (phonetic), as well as

12  other counsel have discussed it with Mr. Reynolds.  And we

13  believe that that matter should be set for a day and a half

14  trial.  In connection with that, we did speak with the Court

15  scheduling clerk before this hearing and understand that March

16  the 12th and 13th are available from the Court's schedule

17  perspective and that was available from the trust's

18  perspective, as well as the defendant's perspective, if Your

19  Honor is so inclined to set the trial on those two days.

20          THE COURT:  All right.  Very good.  You wish -- not

21  sure --

22          MS. HART:  Good afternoon.  Meg Hart for Leggett &

23  Platt.  I agree with counsel's summary completely.  We're

24  asking for March 12th --

25          THE COURT:  Okay.  Very good.  All right.  So, we'll

1    set this down then for trial on the 12th of March and I'll

2    reserve the 13th, as well, so that we'll have those days set

3    aside.  And I'll enter my normal pretrial order then in

4    connection with that, as well, that will set forth the

5    scheduling as far as discovery and other matters are concerned.

6         MS. BERAN:  Thank you, Your Honor.

7         MS. HART:  Thank you, Your Honor.

8         THE COURT:  All right.  Thank you.

9         MS. BERAN:  Your Honor, the next category of matters

10   are continued and/or withdrawn, matters in connection with

11   those, the first being a couple of motions and matters in the

12   Siegel versus Merrimack Valley Corp.  In connection with that,

13   Your Honor, you may recall that that matter had been -- the

14   underlying adversary had been resolved and settled subject to

15   documentation and consummation.  The documentation has not yet

16   been finalized.  We don't believe there's any issue with it.

17   We just understand it's a matter of schedules due to the summer

18   months.  And, accordingly, we'd respectfully request that these

19   matters be continued over until the September 7th omni for the

20   documentation to be finalized.

21        THE COURT:  All right.  It'll be continued to the

22   7th.

23        MS. BERAN:  Thank you, Your Honor.  Similarly, Your

24   Honor, Item Number 3, Site A, LLC's second amended motion to

25   allow late filing proof of claim or, in the alternative motion,

5

1  to file late proof of claim as an amendment to informal proof

2  of claim.  That matter as represented previously to Your Honor

3  has been settled subject to documentation.  We'd respectfully

4  request until -- a continuance of this matter until the

5  September 7th omni.

6          THE COURT:  It'll be continued to the 7th.

7          MS. BERAN:  Your Honor, Item Number -- thank you.

8  Item Number 4 is a motion to determine -- or a motion to excuse

9  compliance with mandatory mediation provisions of procedures

10  order.  In connection with that, Your Honor, the trust is

11  working with that entity in connection with the scheduling of

12  mediation.  And based on that pursuant to an e-mail dated

13  August 9, that entity agreed to withdrawn this matter or this

14  motion and the parties will continue to work towards finalizing

15  the mediation schedule and trying to resolve before having to

16  mediate -- I mean, before having to actually come before Your

17  Honor from a litigation --

18          THE COURT:  Okay.  So, it's going to go to mediation

19  rather than require to hear whether they should be excused from

20  that procedure.

21          MS. BERAN:  Correct, Your Honor.  The first aspect of

22  the matter was on a timing perspective.  And we are working

23  with them from a timing perspective and trying to settle.

24  After that, Your Honor, I think the parties reserve their

25  rights as to whether this matter should be heard from a

 1   mediation standpoint.

 2              THE COURT:  Okay.  Very good.

 3              MS. BERAN:  Thank you, Your Honor.  Your Honor, the

 4   next matter, Item Number 5, motion to approval liquidating

 5   trust's motion for an order pursuant to Bankruptcy Code

 6   Sections 105 and 363 approving sale of certain patents and

 7   other intellectual property and related assets as being free

 8   and clear of all liens, claims and interests.  That matter is

 9   one that is going to be handled by Mr. Caine.

10              THE COURT:  All right.  Thank you.  Mr. Caine?

11              MR. CAINE:  Thank you, Your Honor.

12              THE COURT:  Mm-mm.

13              MR. CAINE:  This is one of the particularly pleasant

14   stories we have of the liquidation.  The assets that are before

15   Your Honor with respect to this motion are some patent assets

16   related to a technology that, as a non-technology person I can

17   only describe in those very lay terms, which gave the ability

18   through particular types of video players to track the use of

19   DVDs and allow them to be rented and turned on, turned off

20   again, tracked, et cetera.  That's the best I can do.

21              Anyway, at any rate --

22              THE COURT:  That's probably as good as I'm going to

23   get, too, so --

24                          (Laughter)

25              MR. CAINE:  As you will see in a moment, I will

1  proffer Mr. McDonald's testimony.  If you wish to hear more

2  detail, he can explain it in more technical terms.

3        At any rate, the patent rights with respect to this

4  technology were held by a nondebtor limited partnership, a

5  general partner which was Sky Venture Corporation, a debtor in

6  this case.  And there were two limited partners, Circuit City

7  Stores, also a debtor, and then an unrelated entity which I'll

8  explain briefly.

9        Throughout the course of the Chapter 11 case,

10 apparently there wasn't much belief that these patent rights

11 had any value.  In fact, the partnership had been very

12 unsuccessful through the many years that preceded the petition

13 date.  As the trust went through all of the potential assets

14 that remained after the trust became in control approximately a

15 year ago, we discovered these patent assets.  The trust

16 retained Streambank who Your Honor may recall was retained by

17 the debtors to market the name and the website and other

18 intellectual property assets.  And through Streambank's

19 efforts, the patents have recovered, assuming the sale is

20 approved and closes, $6 million.

21        Now, the particularly fun part of the story, if you

22 will, Your Honor, is that when we filed the motion, we attached

23 an asset purchase agreement of a stalking horse bidder for

24 $750,000.  So, the auction that Streambank conducted just last

25 week resulting in the final bid of $6,025,000 was a nice

1 surprise for the estate.

2        So, we're here before Your Honor to seek approval of

3 that sale.  And it is kind of an unusual motion in a way

4 because as we explained to both the stalking horse and the

5 potential bidders along the way, we believe that the plan and

6 confirmation order vests these assets in the trust to sell free

7 and clear.  But, the buyers said we're spending a lot of money

8 and if you don't mind let's put this out on notice, the motion

9 before the Court, and just confirm through an order so that if

10 there's ever any question, I also have an order of the

11 Bankruptcy Court, in addition to the confirmation order to

12 demonstrate that I have received these, free and clear.

13        THE COURT:  And I'm used to that.  That happens all

14 the time.

15        MR. CAINE:  All right.  Thank you, Your Honor.  I

16 appreciate that.

17        So, we're before you, Your Honor, really on two

18 pieces because the initial motion asked Your Honor what I just

19 described.  The trust holds these assets free and clear

20 pursuant to the plan and confirmation order.  Just please

21 confirm that we are selling these free and clear.  And, in

22 fact, Your Honor, we do not know of any potential liens or

23 encumbrances against these assets.  All the pre-petition

24 lenders were paid in full, et cetera, et cetera.

25        The second part involves the amended motion that we

1 filed because as we were going through the process of moving

2 toward the auction, we discovered through going through all the

3 details that it was in fact a nondebtor limited partnership

4 that held title to these assets.  For all intents and purposes,

5 the debtors controlled this limited partnership.

6 　　　　　SVC, Sky Venture, was the general partner with the

7 right to transfer all of its assets, dissolve it and conduct

8 whatever business the partnership would require.  The limited

9 partners were Circuit City to the vast majority of the holdings

10 and a small entity that had a change of names along the way,

11 Zoom Holdings, Zoom TV, that were owned and controlled solely

12 by partners in a Los Angeles law firm named Ziffren Brittenham.

13 　　　　　As Mr. McDonald would testify, and I will proffer his

14 testimony in this way, the partnership was run entirely by

15 Circuit City.  It invested the funds that were necessary to try

16 and keep it alive.  Somewhere close to $300 million were placed

17 into the partnership by Circuit City.  It was the sole general

18 partner.  It basically conducted the business of this

19 partnership.  At this point in time, it becomes clear that the

20 trust, through the plan and confirmation order, acceded to all

21 right and claim to dispose of these assets as the general

22 partner, which was the debtor, would have prior to the petition

23 date.

24 　　　　　And so, we believe that it indicates in the amended

25 motion itself and goes through at length that there's no

1    question in our minds that the trustee as a successor to Sky

2    Venture, the general partner, has the right to transfer these

3    assets, dissolve the partnership, liquidate the partnership and

4    distribute the proceeds.

5            The amended motion was designed to put this out on

6    notice to everyone we could think of who might have an interest

7    in objecting because we could, Your Honor, have simply had the

8    trustee transfer these patent assets but we didn't think that

9    was the prudent or the cautious way to go about this.  So, we

10   noticed every potential bidder.  We noticed all the general

11   lists.  We noticed the Ziffren firm and all the Zoom entities.

12   And, as you can see, Your Honor, there were no objections.

13           In fact, I communicated personally with Ken Ziffren

14   who indicated to me that they do consent to the relief that we

15   are seeking, for after all, we're not seeking to distribute the

16   net proceeds of the sale through this motion.  We're simply

17   asking the Court to confirm the sale so that we can close and

18   then put the net proceeds in a segregated account.  And if

19   there ever becomes any dispute between the trust and the

20   Ziffren firm or anyone else, then we could come back to Your

21   Honor.  But, all potential claimants are protected by the fact

22   that the proceeds are placed in a segregated account.

23           Mr. McDonald would also testify, Your Honor, that

24   there are no known creditors of this limited partnership other

25   than Circuit City and the Delaware Secretary of State who's

1   owed approximately $1500 and some fees that accrued

2   post-petition that were not paid, and that there are no other

3   creditors out there.

4          So, we believe that we have made a diligent effort to

5   determine any party that might have any potential interest and

6   we have noticed them and indicated that we want to close the

7   sale and then put the net proceeds in a segregated account.

8   And if they have any claims, they can come to us.  And, again,

9   as you can see, there was no objection.

10         So, Your Honor, we are prepared if Your Honor is so

11  inclined to -- I can put Mr. McDonald on the stand.  He can

12  testify to all that I've just described to you and what's in

13  the motion.  I also have Mr. Jack Hazan in here from Streambank

14  who can testify about what happened at the auction that

15  resulted in the winning bid of $6,025,000.  And to the extent

16  Your Honor would have any further interests, we also have

17  counsel for the winning bidder here.  They're more here just as

18  a matter of interest, but all of that we can provide into

19  evidence including copies of the limited partnership

20  agreements, et cetera.

21         Since we have a different buyer than the original

22  motion, we have a slightly realized sale order.  It would

23  attach -- we haven't submitted to Your Honor -- it attaches a

24  different asset purchase agreement that we finished negotiating

25  on Friday and makes only slight changes.  We have black lines

1  available now or later if Your Honor wishes along with the new

2  sale order.

3       With all that being said, Your Honor, unless you

4  would like us to put on live testimony, we would ask that Your

5  Honor approve both the initial motion and the amended motion,

6  allowing the trust to sell these patent assets free and clear

7  and recognizing that the trust intends to have the trustee as a

8  successor of Sky Venture transfer these patent rights to the

9  trust in order to dispose pursuant to the sale.

10      THE COURT:  All right.  Does any party wish to cross

11 examine the proffered witnesses?

12                (No audible response)

13      THE COURT:  All right.  The proffers then will be

14 accepted.  You do not need to put on the actual testimony.

15      With regard to the sale itself, is there -- do you

16 anticipate there is going to be some sort of a dispute between

17 the debtor entities and the nondebtor Zoom holdings with regard

18 to how the ultimate proceeds are to be distributed between the

19 entities or among the entities?

20      MR. CAINE:  I do not expect there will be a dispute,

21 Your Honor.

22      THE COURT:  All right.  And what proportion of the

23 assets would be coming to the estate?

24      MR. CAINE:  Well, it's the trust's position that 100

25 percent of the net proceeds should come to the estate.

13

1          THE COURT:  Because Circuit City was the creditor and

2     the creditor should get paid first.

3          MR. CAINE:  Exactly.

4          THE COURT:  All right.  Very good.  All right.  Now,

5     is there any party that wishes to be heard in connection with

6     the motion to approve the liquidating trust's motion to sell

7     these assets?

8               (No audible response)

9          THE COURT:  All right.  The Court will approve the

10    motion then, Mr. Caine.  And I'll look forward to that order

11    being submitted.  If you would be so kind as to submit a black

12    line version of the asset purchase agreement just so I can see

13    what the changes were, but the Court will approve and enter the

14    order.

15         MR. CAINE:  Absolutely, Your Honor.  We'll do that

16    this afternoon.

17         THE COURT:  Thank you.

18         MR. CAINE:  Thank you.

19         MS. BERAN:  Your Honor, that brings us to the lengthy

20    part of the agenda today and that's the claims objections.

21         THE COURT:  All right.  Before we get to that, the

22    parties to the last motion, if they want to be excused at this

23    point.

24         UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

25         THE COURT:  All right.

1          MS. BERAN:   Your Honor, Item Number 6 is the debtors'

2    nineteenth omnibus objections to claims.   In connection with

3    that, there is still one claim pending and we'd respectfully

4    request that the status hearing be adjourned to the September

5    7th omni.

6          On these, Your Honor, there is a method here, as

7    well, to our madness.   In connection with the older debtors'

8    omnibus objections, we are asking that they be continued until

9    the next omni.   And, unfortunately, it's only a couple weeks

10   but, as Your Honor may recall, we're trying to do status the

11   first, and substantive or evidentiary on the second omni.   And

12   given that there was only one omni in August, we are continuing

13   some of these just for a couple weeks.   But, we'd like to keep

14   them on the same track.

15         THE COURT:   I was trying to explain how all that

16   works to my new law clerk earlier today and explaining all of

17   the exceptions to the rules got to be more cumbersome than the

18   rule itself.   But, nevertheless, we will certainly continue

19   these -- this matter to the 7th of September.

20         MS. BERAN:   Thank you, Your Honor.   Your Honor, on

21   Item Number 7 is the debtors' thirty-first omnibus objection.

22   I'm pleased to report that the matter as it relates to the

23   Richard and Deborah Jaynes which was set for an evidentiary

24   hearing today, Your Honor, has been resolved pursuant to

25   procedures previously approved by this Court and the matter may

1   be withdrawn from the Court's docket.

2            THE COURT:  All right.  It'll be withdrawn.

3            MS. BERAN:  For the remaining handful of claims still

4   subject to that omnibus objection, Your Honor, we'd

5   respectfully request that they be continued for status purposes

6   till September 7th.

7            THE COURT:  All right.

8            MS. BERAN:  Your Honor, on the debtors'

9   thirty-seventh omnibus objection to claims, Your Honor may

10  recall pursuant to an update that Ms. Tavenner provided at the

11  last omnibus hearing date, that that matter was scheduled,

12  specifically the motion for partial summary judgment, and well

13  as to the extent Your Honor granted the same, it was scheduled

14  for an evidentiary hearing today.

15           I am happy to report to Your Honor as I indicated and

16  I'd like to put it on the record when I do this is, I indicated

17  the same to Your Honor's chambers earlier this morning because

18  I was not sure if Your Honor would need additional time to

19  prepare for that matter, so I wanted to alert.  But, I do like

20  to note that for the record.

21           In connection with that, Your Honor, that matter has

22  been resolved as it relates to all but three of the tax

23  entities.  In connection with two of the three, there is a

24  proposed settlement that will be recommended to the requisite

25  board, whether that be a board of supervisors, city -- county

16

1  council, city council.  But, the matter, whether it's settled

2  or not, just needs to go to the appropriate requisite municipal

3  entity for approval.

4         And in connection with the one remaining claimant,

5  and it's actually a couple of the California entities, but as

6  it relates to they're all represented by one entity -- one

7  party.  And we are in discussions with that one remaining.  And

8  we're optimistic but we'd respectfully request that the motion

9  for summary judgment, as well as the substantive evidentiary

10 hearing to the extent Your Honor were to rule in the trust's

11 favor in connection with the motion for summary judgment, be

12 continued for 30 days to the September 21st omnibus date.

13         THE COURT:  September 21st.

14         MS. BERAN:  Yes, Your Honor.

15         THE COURT:  All right.  And now, which are the three

16 that still -- because we had City of Brighton and Alameda

17 County, Monterey County, Placer County and Los Angeles County.

18         MS. BERAN:  Your Honor, the first two are the ones

19 that the -- a settlement is being recommended to the requisite

20 city --

21         THE COURT:  Right.

22         MS. BERAN:  -- the county, municipal authority.  And

23 then, the others are the ones in connection with -- the other

24 three are the ones that are represented by the same counsel.

25         THE COURT:  All right.

1          MS. BERAN:  And we've agreed with her that these

2    matters would be continued for 30 days to the September 19th

3    omnibus.

4          THE COURT:  All right.  You wish to be heard?

5          MR. WILLIAMS:  Certainly.  Jerrell Williams.  I may

6    have missed out on a communication between offices.

7          THE COURT:  Come on up to the podium.

8          MR. WILLIAMS:  Jerrell Williams representing Alameda

9    County.

10          THE COURT:  Yes.

11          MR. WILLIAMS:  And as I said, I may have just not

12    gotten a communication and --

13          THE COURT:  You thought we were going forward today

14    on this?

15          MR. WILLIAMS:  Yes, Your Honor.

16          THE COURT:  Okay.  And --

17          MR. WILLIAMS:  Did you talk with Ann?

18          MS. BERAN:  Your Honor, I apologize.  And I

19    apologize.  I had forwarded a communication to Mr. Lake who is

20    no longer with this law firm and I was in the process of

21    calling another person at the Vandavener Law Firm.  And Mr.

22    Caine heard from your co-counsel that the matter would be

23    recommended.  And so, then I never left a message for Ann and I

24    apologize.

25          MR. WILLIAMS:  Yes.  And glad to completely agree

1  with whatever Ann told you.  I just didn't know.

2                    (Laughter)

3          THE COURT:  Okay.  So, for your purposes then, I

4  mean, what we're going to do is we're going to continue this to

5  the 21st of -- is it the 19th or the 21st?  Well, we're going

6  to continue it to some day.

7                    (Laughter)

8          THE COURT:  And --

9          MS. BERAN:  September 21st, Your Honor.

10         THE COURT:  Okay.  So, September 21st.  And

11 theoretically, it's going to be recommended for approval and

12 then everybody's going to live happily ever after.  If for some

13 reason, everything breaks down and that doesn't happen, then

14 we'll come back on the 21st and hear it then.  Okay?

15         MR. WILLIAMS:  Thank you, Your Honor.

16         THE COURT:  All right.  Thank you very much.

17         MR. WILLIAMS:  I apologize for the confusion.

18         THE COURT:  All right.

19         MS. BERAN:  Your Honor, as it relates to Item Number

20 9, the debtors' sixtieth omnibus objection.  For the one claim

21 which still remains pending as it relates to that omni, we'd

22 respectfully request the matter be continued for status to the

23 September 7th omni.

24         THE COURT:  It'll be continued.

25         MS. BERAN:  Similarly, Your Honor, on the debtors'

1    seventieth omnibus objection, one claim remains pending.  We

2    respectfully request that that be continued until the September

3    7th omni.

4              THE COURT:  All right.

5              MS. BERAN:  On Item Number 11, a similar situation,

6    the debtors' seventy-sixth omnibus objection.  There was one

7    claim for which the objection remains pending.  We'd

8    respectfully request that that matter be adjourned to September

9    7th omni.

10             THE COURT:  It'll be continued.

11             MS. BERAN:  The debtors' seventy-ninth omnibus

12   objection, there are a couple of matters that remain on that

13   omnibus objection.  We'd respectfully request that the matter

14   be continued until the September 7th omnibus objection.

15             THE COURT:  It'll be continued.

16             MS. BERAN:  Your Honor, now we start the section of

17   the agenda that deals with the liquidating trust omnibus --

18   liquidating trust objection to claims.  And the first are the

19   stand-alone tax claims.  Item Number 13 is the omnibus

20   objection to the Arizona Department of Revenue claims.  We'd

21   respectfully request that the status hearing be continued until

22   the October 19th omnibus date.

23             THE COURT:  It'll be continued to October 19.

24             MS. BERAN:  Thank you, Your Honor.  Item Number 14 is

25   a similar stand-alone objection as it relates to the City of

1  New York Department of Finance.  In connection with that, Your

2  Honor, we'd respectfully request that the status hearing be

3  adjourned to the October 19th hearing.

4          THE COURT:  Okay.  It'll be adjourned till October

5  19.

6          MS. BERAN:  Item Number -- thank you, Your Honor.

7  Item Number 15 is the stand-alone as it relates to the

8  Tennessee Department of Revenue.  And we'd respectfully request

9  that it be continued -- the status conference be continued till

10 the October 19th omni.

11         THE COURT:  And that'll be continued to October 19.

12         MS. BERAN:  Thank you, Your Honor.  Item Number 16 is

13 the stand-alone tax objection as it relates to the Wisconsin

14 Department of Revenue.  We'd respectfully request that that be

15 continued until the October 19th omnibus hearing date.

16         THE COURT:  And that'll be continued to October 19,

17 as well.

18         MS. BERAN:  Item -- thank you, Your Honor.  Item

19 Number 17 is the omnibus objection as it relates to the claim

20 of Louisiana Department of Revenue.  We respectfully request

21 that it be continued -- the status hearing be continued until

22 the October 19th omni.

23         THE COURT:  And that'll be continued to October 19.

24         MS. BERAN:  Thank you, Your Honor.  Item Number 18 is

25 the stand-alone tax objection to the claim of the Commonwealth

1  of Massachusetts.  We'd respectfully request that that matter

2  be continued until the October 19th omnibus hearing for status

3  only.

4           THE COURT:  And that'll be continued to October 19.

5           MS. BERAN:  Thank you, Your Honor.  The next two

6  items, Number 19 and Number 20, they are stand-alone tax

7  objections as it relates to the State of New Jersey, as well as

8  the Commonwealth of Virginia or the Virginia Department of

9  Taxation.  We'd respectfully request that both of those be

10 adjourned until the October 19th omnibus for status hearing

11 only.

12          THE COURT:  All right.  Those will be continued, as

13 well, to October 19.

14          Now, let me ask a question.  Are you anticipating the

15 same kinds of objections that you got from the state -- or the

16 city, rather, taxing authorities that we had in the eighth --

17 matter Number 8 on the calendar, the issue about the new

18 language in Section 505, or is this not the same kind of tax

19 claims or something?

20          MS. BERAN:  Your Honor, in some instances, they are

21 the same types, in others, they are not.  If you would -- if I

22 may beg the Court's indulgence, I am not the attorney that is

23 handling these negotiations but actually Mr. McDonald is

24 intimately involved in connection with all those, and if Your

25 Honor would be so inclined, I could ask Mr. McDonald --

1           THE COURT:  I was just wondering if I could just

2    throw all that away or if I have to continue to remember it all

3    --

4                        (Laughter)

5           THE COURT:  -- because I've looked at the issue and

6    obviously anticipating for today, and so I was just curious.

7    It's not critical.

8           MS. BERAN:  Okay.  Your Honor, that turns us then to

9    the liquidating trust's omnibus objections.

10          THE COURT:  Okay.

11          MS. BERAN:  In connection with the liquidating

12   trust's first omnibus objection, I -- in connection with the

13   agenda, Your Honor, I see the trust has resolved the objection

14   as it relates to certain claims.  As it relates to that one, I

15   misspoke on that.  There actually aren't any that have been

16   resolved since the last omnibus hearing on that one objection.

17   There were some on there but it had already been listed on the

18   last agenda.

19          So, if you actually looked at Exhibit B, Your Honor

20   would not see any -- those that you would see on Exhibit B are

21   those in which we have continued to have discussions, who have

22   either filed a response and/or we've agreed that no response

23   was necessary and we've continued out the response date.  For

24   all of those listed on Exhibit B, we'd respectfully request

25   that we continue for status purposes until the October 19th

23

1  omni.

2         THE COURT:  All right.  Very good.  They'll be

3  continued to the 19th.

4         MS. BERAN:  Thank you, Your Honor.  Item Number 22 is

5  the liquidating trust's second omnibus objection.   In

6  connection with those, there are several or there are some --

7  I'm not sure exactly how many at this point standing before

8  Your Honor, but there are some that have been resolved and they

9  are so indicated on Exhibit B in the status column.  And we'll

10  be tendering an order as it relates to those resolutions.

11         And then, similarly, Your Honor, there are the

12  categories of the people who have responded and/or who haven't

13  responded but we've agreed to continue the response deadline,

14  as well as the status hearing until the October 19.  So, we'd

15  respectfully request that the Court enter an order doing the

16  same.

17         THE COURT:  All right.  Those will be continued then

18  to the 19th.

19         MS. BERAN:  Thank you, Your Honor.  Similarly, Your

20  Honor, on the liquidating trust's third omnibus objection, and

21  the trust has resolved certain of those claims as it relates to

22  the specific objection.  And that is so identified on Exhibit B

23  that was attached to the agenda.

24         Similarly on Exhibit B, there are those that -- where

25  responses have been filed and/or where we're in discussions

1    with the parties or claimants and we've agreed to continue the

2    status out until the October 19th omnibus date.

3           THE COURT:  All right.  Those will be continued to

4    the 19th.

5           MS. BERAN:  Your Honor, there is one thing I'd like

6    to put on the record for all of these omnibus claims as it

7    relates to Exhibit B attached to the agenda.  To the extent a

8    response has already been filed where we indicate on there that

9    the response deadline is now October 12th, it's the trust's

10   position that if a response has already been filed, it's been

11   filed.  And I apologize to the extent we haven't picked it up

12   on the response column.

13          THE COURT:  All right.  Very good.

14          MS. BERAN:  I did that statement for Ms. McLemore who

15   does have some clients who have filed a response and we might

16   not have picked them up yet on Exhibit B.

17          THE COURT:  All right.  I had assumed that that was

18   what we were doing but I'm grateful for the clarification.

19          MS. BERAN:  Thank you, Your Honor.  Your Honor, I

20   believe that -- it jumped on me, I believe that brings us to

21   the liquidating trust's fourth omnibus objection.

22          THE COURT:  That's where I am, too.

23          MS. BERAN:  And in connection with that, Your Honor,

24   the trust has indicated on Exhibit B, has resolved certain of

25   those.  And then, there's the two categories of responses filed

25

1  or we're in discussions and agreed to continue out the response

2  deadline.  We'd respectfully request that this matter be

3  adjourned to the October 19th for status purposes only.

4          THE COURT:  And it'll be continued to the 19th.

5          MS. BERAN:  Thank you, Your Honor.  Similarly, Your

6  Honor, Item Number 25 is the liquidating trust's fifth omnibus

7  objection.  And as indicated on Exhibit B, some of those have

8  been resolved as described on Exhibit B.  And then, there's the

9  two categories.  We'd respectfully request we continue to the

10 October 19th omni for status only.

11         THE COURT:  Okay.  They'll be continued to the 19th.

12         MS. BERAN:  Thank you, your Honor.  Your Honor, as it

13 relates to the liquidating -- Items Number 26 and 27, the

14 liquidating trust's sixth omnibus objection, as well as the

15 liquidating trust's seventh omnibus objection, in connection

16 with those two omnibus objections, we continue to have

17 discussions with parties who filed responses, as well as those

18 who we are in contact.  And we'd respectfully request for those

19 listed on Exhibit B that those two omnibus objections be

20 adjourned for status hearing till the October 19th omni.

21         THE COURT:  They'll be adjourned to the 19th of

22 October.

23         MS. BERAN:  Your Honor, on Item Number 28, it's the

24 liquidating trust's eighth omnibus objections.  As indicated on

25 Exhibit B, certain of those have been resolved, as well as then

1    there's the two categories of claimants.  We'd respectfully

2    request that those be continued for status hearing to the

3    October 19th omnibus date.

4              THE COURT:  They'll be continued to the 19th.

5              MS. BERAN:  Similarly, Your Honor, Item Number 29 is

6    the liquidating trust's ninth omnibus objection.  As indicated

7    on Exhibit B, some of those items have been resolved.

8    Similarly, there are the two categories of claimants that we

9    continue to work with.  So, we'd respectfully request that the

10   matter be continued for status purposes to the October 19th

11   omnibus.

12             THE COURT:  It'll be continued.

13             MS. BERAN:  Thank you, Your Honor.  Your Honor, as it

14   relates to the liquidating trust's tenth omnibus objection, as

15   indicated on Exhibit B, there are only two claimants that

16   remain subject to that omnibus objection.  And we'd

17   respectfully request as it relates to that, that the status be

18   adjourned until September 21.  However, in the meantime, Your

19   Honor, I did just want to notify the Court, as well as all

20   parties in interest, that the trust intends to set that down

21   for a substantive hearing on October 19th at two o'clock.

22             THE COURT:  All right.  Very good.  So, that'll be

23   continued then to the 21st for status and then set for

24   substantive hearing on the 19th.  Are you going to give

25   specific notice of the substantive hearing?

1          MS. BERAN:  Yes, Your Honor.  We do intend to send

2    out our standard notice of substantive hearing that we've done

3    in other instances in this case.

4          THE COURT:  Okay.  That's the Court's preference.

5          MS. BERAN:  Your Honor, as it relates to the -- Item

6    Number 31, the liquidating trust's eleventh omnibus objections

7    -- objection, in connection with that, Your Honor, we'd

8    respectfully request that this matter be continued for status

9    until the October 19th omni.  However, Your Honor, we would

10   like today to establish an additional briefing schedule.

11          In connection with items or claims related to this

12   omnibus objection, at least one of the claimants believes that

13   the recent Fourth Circuit case, in the <u>LandAmerica</u> case, is

14   dispositive.  The trust respectfully disagrees but nonetheless

15   has agreed with that movant that there could be additional

16   briefing to address that issue.

17          In connection with that, we have agreed with that

18   movant, as well as anybody else who would like to file an

19   additional brief in support of their claim, that briefs would

20   be due from the movants or claimants on or before October 10th,

21   and thereafter, that the trust would have three weeks to file a

22   reply.  And the trust's response would be due on or before

23   October 31st with the concept that the matter would be argued

24   from a legal perspective and/or to the extent evidence is

25   necessary to support or refute the claim, that would take place

1   at the November hearing which is November 21.

2            THE COURT:  All right.  Now, let me ask, are -- you

3   say the claimants file their briefs.  Are the claimants

4   represented by counsel in this case?

5            MS. BERAN:  Your Honor, there is one claimant who is

6   represented by counsel who we were having discussions with.  I

7   believe a couple of the other claimants, who have not requested

8   this briefing schedule, are also represented by counsel.  And

9   then, there are several that are pro se.

10           THE COURT:  Okay.  Because what happened in the <u>Land</u>

11  <u>America</u> case, of course, when we tried that there was nobody

12  present on -- just like, you know, the chairs were empty on the

13  left hand side of the courtroom because none of the claimants

14  were represented individually be counsel.  And they were

15  scheduled around the country much like I suspect they are here,

16  and, of course, couldn't be here for the hearing and such.  I

17  just was wondering if they're more organized in this case or

18  just how we're going to really have this go forward.

19           MS. BERAN:  Your Honor, there was one claimant that

20  had a -- is represented by counsel who is very active in the

21  trust.  The attorney handling that matter is in constant

22  communications with him so I do believe there will be somebody

23  sitting -- a lawyer sitting at that table to the extent the

24  matter's not otherwise resolved in between now and the November

25  omnibus date.

1          THE COURT:  All right.  And you say the issues here

2   are similar to those that were resolved by the Fourth Circuit

3   or are there different issues that we're going to have to take

4   up?

5          MS. BERAN:  Your Honor, standing before you, I can't

6   give you the specific similarities and/or differences.  It does

7   relate to the special case retention program that -- and

8   eligibility related to the same and the status on which, if you

9   were entitled and qualified, of which the same would be,

10  whether it be administrative priority and/or general unsecured.

11  And standing here before Your Honor today, that is the extent

12  of the specificity or lack thereof that I know.

13         THE COURT:  All right.  Very good.  Now, if a

14  claimant is not represented by counsel, as you said there were

15  a number of those with regard to this eleventh omnibus

16  objection, what requirement or what happens to them if they

17  don't file a brief?  I mean, they won't know how to file a

18  brief, if we establish a briefing schedule.  I mean, are we

19  going to make this mandatory or are we going to make it

20  voluntary or just if they want to file a brief, they can.  If

21  they, you know -- I'm just wondering how we're going deal with

22  those claims.

23         MS. BERAN:  From the trust's perspective, it was --

24  we envisioned it to be completely voluntary.  We were doing

25  this as an accommodation to -- and it's Mr. Loveall who has --

1  does have counsel.  He had indicated that he would like to do a

2  subsequent briefing.  And we indicated that that was not an

3  issue with us.  We would just like an opportunity to reply to

4  any such briefing.  And that's where we came up with this

5  proposed briefing schedule is in discussions with his counsel.

6         So, we would envision that to the extent -- it's

7  completely voluntary from a briefings perspective.  And

8  responses have already been filed and so to the extent a

9  response was filed and no additional briefing as they have met

10 their burden as it relates to filing a response.  And we

11 wouldn't seek to have any type of default on the parties, that

12 we would come before Your Honor and argue based on the papers

13 that had been filed.

14         THE COURT:  All right.  Very good.  And, you know,

15 how is it going to be communicated to these claimants that they

16 have the opportunity to file a subsequent brief if they want to

17 do so?

18         MS. BERAN:  Your Honor, what we had envisioned,

19 subject to of course Your Honor's instructions, is that there

20 would be an order entered in connection with this eleventh

21 omnibus.  And that order would then specifically be tendered on

22 all the remaining parties as identified on Exhibit B in

23 connection with the eleventh omnibus objection.

24         THE COURT:  All right.  And in that, it would tell

25 them that they're entitled to file a brief if they want but

1  they're not required to by such and such a date, that you're

2  going to respond by such and such a date to any briefs that are

3  so filed and then we'll have a substantive hearing on the 21st

4  of November at which they need to be present to, you know, or

5  have counsel present to represent their interests.

6        MS. BERAN:  Yes, Your Honor.

7        THE COURT:  Okay.

8        MS. BERAN:  And we will -- we would be tendering that

9  order to Your Honor for entry.

10       THE COURT:  All right, very good.  I'll be looking

11 for that then, thank you.

12       MS. BERAN:  Thank you, Your Honor.  Your Honor, on

13 Item Number 32 which is the liquidating trust's twelfth omnibus

14 objection, the objection as it relates to the claim of Curtis

15 Etheridge will be withdrawn.  The remaining claim of Kenneth

16 Duda, we'd respectfully request that -- or we're notifying that

17 we will be filing a notice of substantive hearing for the

18 October 19th omnibus date --

19       THE COURT:  All right.  Very good.

20       MS. BERAN:  -- for Mr. Dudas (sic).  In connection

21 with Item Number 33, the liquidating trust's thirteenth omnibus

22 objection, the objection as it relates to the claim of Antone

23 Botelho and Patrick Longood have been resolved.  As it relates

24 to the remaining claimants identified on Exhibit B, we'd

25 respectfully request that there be a substantive hearing for

1  October 19th for the claim of Andrew Grosse and then there be a

2  status hearing on October 19th for the claim of Mr. Bruce

3  Besanko.

4        THE COURT:  All right.  And you're going to send out

5  a notice to Mr. Grosse or his counsel with regard to the

6  substantive hearing.

7        MS. BERAN:  Absolutely, Your Honor.  Any of the ones

8  in which we're sitting down for a substantive hearing, we will

9  send out the notice that we've done in other instances.

10        THE COURT:  Thank you.

11        MS. BERAN:  Item Number 34, Your Honor, is the

12  liquidating trust's fourteenth omnibus objection.  In

13  connection with that objection, Your Honor, as identified on

14  Exhibit B, certain of the claims have been resolved.  And then,

15  there are the two categories in which we have responses

16  received and/or we are working with the claimants in trying to

17  reconcile and/or otherwise resolve.  Based on the same, Your

18  Honor, we'd respectfully request that we continue for status

19  purposes until the October 19th omnibus date.

20        THE COURT:  It'll be continued to the 19th.

21        MS. BERAN:  Thank you, Your Honor.  Item Number 15 is

22  a similar situation where certain of the items as identified on

23  Exhibit B have been resolved.  The second category of the two

24  categories of either a response was filed and we're working

25  with or we're otherwise working with and have agreed to

33

1  continue the response deadline.  We'd respectfully request as

2  identified on Exhibit B that those items be continued until the

3  October 19th omnibus date.

4         THE COURT:  And they'll be continued to the 19th.

5         MS. BERAN:  Thank you, Your Honor.  The good news,

6  Your Honor, you -- I think as you will see as we go from 35 to

7  36 is Omni 16 has been completely closed out.  So, we skip over

8  to the liquidating trust's seventeenth omnibus objection.

9         THE COURT:  By closed out, you mean you've resolved

10 all of those claims.

11        MS. BERAN:  Correct, Your Honor.

12        THE COURT:  That's wonderful.  Keep up the good work.

13        MS. BERAN:  Thank you, Your Honor.  As it relates to

14 the liquidating trust's seventeenth omnibus objection, the

15 trust has resolved several of the claims on that objection as

16 identified on Exhibit B.  In addition, Your Honor, I would note

17 for the record, and the order that we will tender in connection

18 with this omnibus will provide for the same, but I was supposed

19 to indicate this on the record, that the Voit Partners Limited

20 One Trust Number 5, which addresses Claim Number 15176, the

21 parties have agreed to resolve this objection as it relates to

22 that claim subject to procedures approved -- previously

23 approved by Your Honor on the terms as follows.

24        Claim 15176 will be allowed as a general unsecured

25 claim in the amount of $1.00.  The -- Voit shall have the right

1  to file an amended claim in the event of a payment default by

2  Carmax, and the liquidating trust shall have the right to

3  object to any such amended claim on the grounds that the

4  existence of a default or the amounts of damages has not been

5  adequately demonstrated.

6        And then, Your Honor, similarly, the liquidating

7  trust will establish a reserve in the amount of Voit's pro rata

8  share of any distributions made by the liquidating trust to

9  general unsecured creditors based on Voit having a disputed

10 general unsecured claim in the amount of $500,000.  And so,

11 that $500,000 will be the reserve amount.

12       The liquidating trust will hold the reserve amount

13 until the date that the liquidating trust makes final

14 distributions to general unsecured creditors.  If there has

15 been no payment default by Carmax under the lease buy-in

16 between CC Investors, 1996-2, as lessor, and Circuit City

17 Stores, Inc. as tenant, that is uncured as of the date of the

18 final distribution to general unsecured creditors, the

19 liquidating trust may distribute the reserve amount in full.

20       And then, the reserve amount shall be Voit's sole

21 source of recovery on any amended claim.  And the order that we

22 tend will so provide that.  But, it will just be in connection

23 with this omnibus objection.

24       THE COURT:  Okay.  So, help me on this just a little

25 bit so I understand.  The claim is going to be reduced to $1.00

1  --

2          MS. BERAN:  Correct.

3          THE COURT:  -- but subject to filing an amended

4  claim.

5          MS. BERAN:  Correct.

6          THE COURT:  The amended claim only gets filed if the

7  third party defaults.

8          MS. BERAN:  Correct.

9          THE COURT:  Okay.

10         MS. BERAN:  If Carmax defaults under the terms of the

11  lease, correct.

12         THE COURT:  Right, okay.  And without getting into

13  all the legalities about why all that's going to occur, what's

14  -- if there's an amended claim filed, the maximum that the

15  amended claim can be is $500,000?

16         MS. BERAN:  Correct, Your Honor.

17         THE COURT:  Okay.  And there's going to be a reserve

18  that's going to be established that if there was some sort of a

19  default, that it could be paid out -- the claim could be paid

20  out of that reserve.

21         MS. BERAN:  Correct, Your Honor.

22         THE COURT:  So now, is this an administrative claim

23  then, that's being paid in full?  Or is it a priority claim or

24  is this the agreed amount of a much larger claim that is agreed

25  that these are the dollars that are to be paid?

1          MS. BERAN:  Your Honor, it would be a general

2    unsecured claim and the reserve amount is just to reserve so

3    that to the extent there are any distributions to general

4    unsecured creditors -- but that the ultimate claim amount would

5    be capped at the half million and the reserve amount but no

6    greater than that and it would be to the same distribution that

7    general unsecured creditors are receiving.

8          THE COURT:  So, if the ultimate claim that's brought

9    against the trust is $500,000 and creditors are getting a

10   percentage of their claims, then it's only going to be a

11   percentage of the 500,000 --

12         MS. BERAN:  Correct, Your Honor.

13         THE COURT:  -- that would actually be paid.

14         MS. BERAN:  Correct, Your Honor.

15         THE COURT:  I understand.  Thank you.  All right.

16         MS. BERAN:  Okay?  In addition, Your Honor, as it

17   relates to Omni 17, a couple -- there were -- there was a

18   typographical error on the Exhibit B where -- on Page 105.  The

19   -- Surf Sand's Limited Partnership, as Your Honor will see, it

20   says liquidating trust's omnibus objection Number 2, that

21   should be 17.  It was a cut and paste error on my part.

22         And then, Your Honor, as it relates to Item Number

23   17, Crown CCI, LLC, the claim number, there should be another

24   claim in that, as well.  And that claim should be 7631 and we

25   will add that to Exhibit B so that the same will be a proper --

1  for the next omnibus objection hearing.

2           THE COURT:  All right.  Very good.

3           MS. BERAN:  Also, Your Honor, the trust has agreed to

4  withdraw its objection to the -- and I apologize.  I should

5  have said this when we back on Omni 14 but I also believe it's

6  already on Exhibit B.  But, the trust has agreed to withdraw

7  its objection to the CBR Richard Ellis Claim Number 3490

8  currently pending or subject to liquidating trust fourteen

9  omnibus objection to claims.

10          THE COURT:  All right.

11          MS. BERAN:  With those statements on the record, Your

12 Honor, as it relates to the seventeenth omnibus objection,

13 there were additional resolutions to certain of the claims as

14 identified on Exhibit B.  In addition, there are the two

15 categories, specifically the ones that have filed responses

16 that we're working with and/or those who have not filed

17 responses but who we've agreed to extend the response deadline.

18 We'd respectfully request that those two categories of

19 claimants, the status conference be continued until the October

20 19th.

21          THE COURT:  They'll be continued to the 19th.

22          MS. BERAN:  Thank you, Your Honor.  Item Number 37 is

23 the liquidating trust's eighteenth omnibus objection to claims.

24 In connection with that, Your Honor, we'd respectfully request

25 that this status hearing be continued as it relates to all of

38

1   the claims until the October 19th omnibus date.

2         THE COURT:  They'll all be continued.

3         MS. BERAN:  Thank you, Your Honor.  Item Number 38,

4   the liquidating trust's nineteenth omnibus objection.  Your

5   Honor, as it relates to that objection, the trust will be

6   withdrawing the objection as it relates to the claim of -- and

7   I apologize if I mispronounce names here -- but, as it relates

8   to Mr. David Cacciotti, Mr. Kenneth Giacone, and Mr. Richard

9   Miller.

10         As it relates to the remaining claimants that are the

11   -- still pending in connection with that omnibus objection,

12   we'd respectfully request that this status hearing be adjourned

13   to October 19th with respect to the claim of Mr. Brian

14   LaCoursiere.  And then, would also just inform the Court and we

15   will send out the requisite hearing notice, that a substantive

16   hearing will be held on October 19th for the claims of Auvill

17   Browne, Robyn Davis, Brandi Fose, Melissa Gillard, Patrick

18   Kennedy and Mr. Jeff McDonald.

19         And then, similarly, a substantive hearing will be

20   held on November 21st for the claim of Ms. Anne Thumann.

21         THE COURT:  All right.  Those will be set as you've

22   just outlined.

23         MS. BERAN:  Yes, Your Honor.  Thank you.  The Item

24   Number 39 is the liquidating trust's twentieth omnibus

25   objection.  As it relates to that omnibus objection, the trust

1  has resolved the objection as it relates to the claims as

2  identified on Exhibit B.  And there are similarly the two

3  categories of claimants that we would respectfully request that

4  this matter be continued for status hearing until the October

5  19th omnibus date.

6         THE COURT:  It'll be continued to the 19th of

7  October.

8         MS. BERAN:  Thank you, Your Honor.  Similarly, the

9  Item Number 40 is the liquidating trust's thirty -- excuse me

10 -- twenty-first omnibus objection to claims.  Certain of those

11 claims have been resolved as indicated on Exhibit B and Exhibit

12 B also indicates the two categories of claimants who which we

13 continue to work with and we'd respectfully request that those

14 matters be continued until the October 19th omnibus for status

15 purposes.

16        THE COURT:  They'll be continued.

17        MS. BERAN:  Thank you, Your Honor.  Item Number 41 is

18 the liquidating trust's twenty-second omnibus objection.  There

19 was one claimant that the objection is still pending as it

20 relates to his claim.  We would request and of course we'll

21 send out the notice that the matter be set for substantive

22 hearing on September 21.  And one of the bases that we will be

23 seeking relief is that no timely response was filed as it

24 relates to that one claimant.

25        THE COURT:  All right.

1          MS. BERAN:   Item Number 42, Your Honor, is the --

2          THE COURT:   That suggests a response was filed.   It

3  just was not timely.

4          MS. BERAN:   No, Your Honor.   There was no response

5  filed --

6          THE COURT:   Okay, very good.

7          MS. BERAN:   -- to date in connection with that one.

8  Your Honor, that ends the omnibus objections.   There is still

9  one remaining objection and that was the -- one of the

10  stand-alone objections as it relates to the claim of Mr.

11  Michael Beam.   Mr. Beam has filed a response and -- based on

12  the same.   He could not be here today.   We agreed that we would

13  set this matter out for substantive hearing.   We indicated

14  there would substantive hearing.   And we will be noticing and

15  doing filing of the formal notice of substantive hearing for

16  the October 19th omnibus.

17          THE COURT:   All right.   That'll go forward as a

18  substantive hearing.

19          MS. BERAN:   Thank you, Your Honor.   Your Honor, that

20  brings us to the last part of the items on the agenda and those

21  are the default judgments.

22          Specifically, the first one is a default judgment or

23  a motion for default judgment in the adversary proceeding of

24  Siegel versus Rawlings Sporting Goods Company.   In connection

25  with that matter, Your Honor, the complaint was filed on

1  November 9th.  The summons was issued by the clerk's office on

2  November 10th.  The summons was served as it relates to the

3  complaint as well as the procedures order pursuant to Your

4  Honor's previously entered order on December 7th.  A

5  certificate of service indicating service was filed with the

6  Court on February 25th.

7         The complaint seeks a sum certain of $23,353.

8  Attached to the request for entry of default was the affidavit

9  of my law partner, Ms. Lynn Tavenner, who outlined all of the

10 above referenced facts.  In connection with that, Your Honor,

11 the motion for default was served, as indicated on the

12 certificate of service.  To date, there has been no response to

13 the motion for default judgment nor has there been any answer

14 to the complaint.

15        The clerk has already entered default against

16 Rawlings Sporting Goods and we'd respectfully request that a

17 judgment by default be entered against the defendant for the

18 amount articulated in the motion and as well as in the

19 complaint.

20        THE COURT:  All right.  Very good.  The Court has

21 reviewed the pleadings in this matter.  The Court finds that

22 there was due and proper service of a process effected on the

23 defendant, Rawlings Sporting Goods Company.  And the Court

24 finds that the time within which the debtor had to respond to

25 the complaint has expired and no response has been filed to

1  date.

2      The Court notes that the return of service is proper

3  in this case, that the motion for default was duly filed, that

4  the clerk has entered the default on the record.  The Court

5  notes from the affidavit filed in this case by Ms. Tavenner

6  that the amount sought is a liquidating sum to which she has

7  verified and therefore the trust is entitled to a judgment by

8  default in this case in the amount of $23,353.  And the Court

9  will so order.

10      MS. BERAN:  Thank you, Your Honor.  Your Honor, the

11  next one is similar.  It's a motion for default judgment.  It's

12  in the adversary proceeding of Siegel versus UmeDisc, Ltd.  In

13  connection with that matter, the complaint was filed on

14  November 9th.  The summons was issued by the clerk on the exact

15  same day, on November 9th.  The complaint, as well as the

16  summons, as well as the procedures order pursuant to Your

17  Honor's procedures order's instructions was served on the

18  defendant on December 10th.

19      Similarly, Your Honor, the complaint does seek a sum

20  certain of the amount of $3,039,263.90.  Similarly, Your Honor,

21  the complaint also indicates that the proof of claim filed by

22  that defendant was over stated by the amount of $1,045,996.82.

23      Attached to the request for entry of default was the

24  affidavit of Martin Krolewski of the Kelley Drye law firm.

25  Your Honor, as it indicates in Mr. Krolewski's affidavit, there

43

1  was some initial discussions with a law firm who ultimately

2  corresponded with Mr. Krolewski who -- to indicate that they

3  had not been formally retained and that they would not be

4  handling that matter.  And that corresponded is attached to Mr.

5  Krolewski's affidavit.

6        Similarly, Your Honor, given the amount at issue, a

7  follow-up letter was sent and no response was received.  The

8  clerk has entered default against this defendant.  The motion

9  for default judgment was served.  To date, there has been no

10 response to the motion for default judgment nor has there been

11 an answer to the complaint.

12       Based on the same, Your Honor, as well as the facts

13 represented in Mr. Krolewski's affidavit, we'd respectfully

14 request that the default judgment be entered against the

15 defendant.

16       THE COURT:  All right.  The Court has reviewed the

17 pleadings in this matter, as well.  The Court finds that the

18 process was duly served on the defendant and that no response

19 has been filed timely to the complaint.  The Court finds that

20 the debtor therefore -- I mean, the defendant is therefore in

21 default.  The Court notes that the clerk has entered the

22 default of record in this case.

23       The Court notes that the amount sought is liquidated.

24 The Court therefore will enter default judgment in favor of the

25 trust in the amount of $3,039,263.90 and the Court will also

44

1  reduce the defendant's claim number, 4608, from the overstated

2  amount of $1,319,501.66 to the amount of $273,504.84.

3          MS. BERAN:  Thank you.

4          THE COURT:  The Court will enter an order to that

5  effect.

6          MS. BERAN:  Your Honor, similarly, there was a count

7  in the complaint as it relates to 502(d).  In the order that we

8  would like to tender, we'd address the same.

9          THE COURT:  Of course.  502(d) would be -- certainly

10 be applicable in this case.

11         MS. BERAN:  Thank you, Your Honor.  Your Honor, that

12 brings us to the end of the items on the docket.  However, Mr.

13 Caine would like to provide the Court with a status of the

14 matters that continue to be ongoing, and specifically as it

15 relates to the claims resolution reconciliation objection

16 process, as well as the numerous adversary proceedings that are

17 still pending before Your Honor.

18         THE COURT:  That would be welcome, thank you.  Mr.

19 Caine?

20         MR. CAINE:  Thank you, Your Honor.  I must note on a

21 light note I'm admiring your bobblehead.

22                      (Laughter)

23         THE COURT:  Well, the deal was -- that was from my

24 former law clerk who was here last time and he was a Cleveland

25 Indians fan.  And I gave him unmitigated grief over that.  And,

1  of course, when my Dodgers went into bankruptcy, the favor was

2  returned.  And so, that was his parting gift to me as he left

3  with the caveat that it had to remain on the bench for at least

4  one week.

5                    (Laughter)

6           THE COURT:  So, that is the story.

7           MR. CAINE:  That's a good story.  Any bobblehead is a

8  good bobblehead.  It should be a Dodger bobblehead at some

9  point, but --

10          THE COURT:  Well, yes, we'll see if my colleague and

11  good friend, Kevin Gross, does well by them.  I've offered to

12  substitute in as the third base coach if he needs help, but

13  we'll see.

14          MR. CAINE:  Thank you for the opportunity to give an

15  update.  With respect to the adversary proceedings where the

16  numbers are much more manageable than with respect to claims,

17  we filed approximately 565 to begin with.  Right now, there are

18  approximately 400 that are resolved.  And I say approximately

19  because the attorneys provide status reports to me on a monthly

20  basis.  And so, these numbers are a couple of weeks old.

21          So, 400 of the 565 have been resolved either through

22  settlement, dismissal where we subsequently determined the

23  defendants had a very good defense and we weren't going to

24  prosecute them, or default judgment.  There are approximately

25  15 that have been mediated that aren't settled and I believe if

1  not all of those as of today, Your Honor has set those for

2  trial.  And then, there are approximately 150 that remain to be

3  mediated.

4        So, we've come quite far in resolving those 565 in

5  the course of approximately ten months, approximately ten

6  months.  The task of remaining to mediate those in the

7  remaining 60 days that are left is a daunting one.  And I

8  mentioned to Your Honor that we may come to you and ask you for

9  a little more time to mediate those because there are so many

10 things that are going on that the trust staff has to attend to,

11 some of which you saw as you went through the agenda and you

12 noticed that of the 22 omnibus plus stand-alone objections that

13 the trust filed, almost exclusively with respect to

14 administrative claims, we are attempting to resolve those but

15 these things take some time.  The objection is the beginning of

16 the process rather than the end.

17       With respect to claims, we have currently a deadline

18 to object to all but administrative claims towards the end of

19 October.  And we will be filing a motion, Your Honor, asking

20 for a further extension of that.  And within that motion, we

21 will provide a lot of the detail with respect to what's out

22 there but I thought because it won't take more than a couple of

23 moments, I could give you a sense of that.

24       In terms of the count of the number of claims, and

25 there were approximately -- there were over 13,000 claims filed

1    in this case -- 1,070 have been allowed so far.  And of those,

2    there are approximately 800 that were, what I'll call, 100

3    percent claims, administrative, secured or priority, that have

4    actually been paid.  And that adds up to about $110 million

5    that we've already paid.  Those claims as filed were 270

6    million.  So, we knocked them down to 110 million and we paid

7    them.

8           We have expunged 7,750.  And those expunged claims

9    add up to $8.6 billion.  Of course, many of those are

10   duplicates but it's a fun number to say.  And then, those that

11   are pending --

12          THE COURT:  We always went for the low hanging fruit

13   first, yes?

14                        (Laughter)

15          MR. CAINE:  Exactly.  Exactly.  Those that are

16   pending is 5,939 and that would include claims that we've

17   objected to but haven't been resolved yet, as well as claims

18   that we have not yet objected to.  And of that amount, there

19   are 3,868 that we need to decide whether we're objecting to

20   those or not.  So, basically, we have a couple of months at

21   this point to try and get objections on to those 3,868 and they

22   add up in claim face dollars of $920 million.

23          Now, there are two categories that make up the vast

24   majority of the count of the number of claims.  But, the claims

25   themselves are small and that is HR claims, human resources

1  claims, and expense vendor claims.  Those two alone add up to

2  approximately 3,000 of the 3,868.  But, of the 920 million in

3  dollars, they're 220 million.

4        What we are planning to do and believe that we can

5  accomplish is to object to all of the landlord unsecured claims

6  that remain, all of the tax unsecured claims that remain and

7  the majority of the expense claims that remain.  The HR claims

8  alone are 1400 claims, approximately, and that is a very

9  time-consuming process of trying to determine the entitlement

10 to a lot of those claims.

11       So, while we will be coming to Your Honor asking for

12 some more time, we're not doing that in the sense of we breathe

13 a sigh of relief and we can push everything off.  We still are

14 endeavoring and believe that we can object to the unsecured

15 claims for landlords and tax and a majority of the expense

16 vendors before the current deadline.  But, we need the extra

17 time simply because the volume is too great and to make sure we

18 don't miss anything.

19       So, it's just a little bit of a heads up.  I can't

20 speak enough of the efforts of Mr. McDonald and the rest of the

21 trust's staff.  They work extremely hard.  I told them to stop

22 e-mailing me on the weekends, but they're very dedicated

23 people.  And with the trials that are coming up, the mediations

24 that are required, and the claims resolutions in addition to

25 tax returns that need to be filed and the like, there's so much

49

1  left to be done.  I feel like we've made great progress but

2  it's some gargantuan task.

3          THE COURT:  All right.  Thank you very much for that

4  update.  That really is quite helpful from, you know, my

5  standpoint to get that periodically from you just to know where

6  we are in the whole scheme of things.

7          MR. CAINE:  You're welcome.

8          THE COURT:  Ms. Beran, is there any other business we

9  need to take up then today in Circuit City?

10         MS. BERAN:  Your Honor, that's all from the trust's

11  perspective.  To the extent Your Honor has any additional

12  questions, Mr. Caine and/or I are happy to endeavor to answer.

13         THE COURT:  All right.  Well, thank you very much.

14  As usual, you've been very thorough.  And we'll see you back

15  here on the 7th.

16         MS. BERAN:  Thanks, Your Honor.

17         COURTROOM DEPUTY:  All rise.  Court is now adjourned.

18                        *  *  *  *  *

19

20

21

22

23

24

25

# C E R T I F I C A T I O N

I, STEPHANIE SCHMITTER, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Stephanie Schmitter

STEPHANIE SCHMITTER

J&J COURT TRANSCRIBERS, INC.   DATE:   September 1, 2011