| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |
| | |
| *Counsel for the Circuit City Stores, Inc.* | *Counsel for the Circuit City Stores, Inc.* |
| *Liquidating Trust* | *Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**MOTION FOR ENTRY OF AN ORDER (I) REQUIRING THAT
CERTAIN DOCUMENTS BE FILED UNDER SEAL AND
(II) PROVIDING FOR PROCEDURES PROTECTING CONFIDENTIAL
INFORMATION AND MEMORANDUM IN SUPPORT THEREOF**

The Circuit City Stores, Inc. Liquidating Trust (the "Trust") of the above referenced debtors (the "Debtors"), through its Trustee, Alfred H. Siegel, hereby moves the Court (the "Motion") for entry of an order, pursuant to § 107(b)(1) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the Trust and other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The current address for these entities is 200 Westgate Parkway, Suite 100, Richmond, VA 23233.

parties to file certain documents under seal, requiring that any response or other document filed in connection with such document under seal also be filed under seal, and providing for procedures protecting confidential information. In support of this Motion, the Trust represents the following facts to the Court:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Actions referenced herein will be commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and will be core proceedings under 28 U.S.C. § 157(b).

## GENERAL CASE BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. ("InterTAN Canada") (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act*. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

3. On September 10, 2010, the Court entered its Findings of Fact, Conclusions of Law and Order (the "Confirmation Order") Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). Among other matters provided for in the Confirmation Order, in paragraphs

2

11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors' estates that are to be transferred to the Liquidating Trust on the Effective Date in accordance with the Plan and Liquidating Trust Agreement.

4. The Plan became effective on November 1, 2010, and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, analyze, investigate, and if appropriate, object to claims, and distribute the proceeds to satisfy the allowed claims of creditors. (*See, e.g.*, Plan, Article V, F. 6(c)(ii) with respect to objections to claims).

### RELIEF REQUESTED

5. By this Motion, the Trust seeks to file under seal certain agreements and related documents (the "Agreement") with Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (collectively "Samsung"). The Agreement contains proprietary and confidential information including, but not limited to, the dollar amount and terms of a settlement of certain claims that have been and might be brought on behalf of the Debtors against Samsung (the "Confidential Information"). Confidential Information also includes all pleadings filed referencing aspects of the Agreement. The Trust and Samsung wish to ensure that such Confidential Information disclosed in this proceeding will not be used for any purpose other than in connection with the Substantive Motion (as defined below).

6. Numerous private parties commenced civil litigation in the United States District Court for the Northern District of California (the "District Court") and elsewhere, including class actions, with respect to purchases of thin film transistor liquid crystal display

panels (collectively "LCD Products"), consolidated under the caption *In Re TFT-LCD (Flat Panel) Antitrust Litigation,* Case No. M07-1827 SI, MDL NO. 1827 (The "TFT-LCD Litigation"), in which plaintiffs alleged violations of law, including the existence of unlawful conspiracies to raise, fix, maintain, or stabilize the prices of LCD Products in the United States and elsewhere in violation of Section 1 of the Sherman Act and other laws, and including direct and indirect purchaser claims, and related claims or cause of action.

7.  On December 10, 2010, the Trust, on behalf of the Debtors, filed an action seeking damages and other relief in the District Court concerning the pricing of LCD Products, captioned as *Alfred H. Siegel, as Trustee of The Circuit City Stores, Inc. Liquidating Trust v. AU Optronics Corporation, et al.,* Case No. CV 10 5625 (the "Circuit City Action"), in which the Trust alleged certain claims against the defendants named therein, including Samsung, including claims predicated on the defendants' alleged participation in unlawful conspiracies to raise, fix, maintain, or stabilize the prices of LCD Products in the United States and elsewhere in violation of Section 1 of the Sherman Act and California state antitrust, consumer protection, and unfair competition laws.

8.  Samsung believes that they have valid defenses to the claims asserted by the Trust in the Circuit City Action. To avoid the uncertainties and expense associated with further litigation, the parties have engaged, with the assistance of counsel, in good faith, arm's length settlement negotiations. After a careful investigation of the facts and circumstances and consideration of applicable law, the Trust and Samsung have agreed to a fair, reasonable, and good faith settlement, the terms of which are set forth in the Agreement.

9.  The Trust will be filing a motion seeking Court approval of the Agreement with Samsung (the "Substantive Motion"). Because the Trust understands that the Court and

4

other parties in interest may not be able to fully review the Trust's request in the Substantive Motion without first reviewing the Agreement, the Trust is proposing the entry of a protective order which would allow appropriate parties in interest to review the Agreement while still protecting the Confidential Information.

10. Any party who is not a current and/or potential litigant in the TFT-LCD Litigation and/or the Circuit City Action and/or any type of related litigation may obtain a copy of the Agreement by executing the Commitment of Qualified Person Pursuant to Protective Order (attached hereto as Exhibit A) (a "Qualified Person") and submitting it with a written request to Andrew Caine at acaine@pszjlaw.com.

## BASIS FOR RELIEF

11. Pursuant to § 107(b) of the Bankruptcy Code, on request of a party in interest, a bankruptcy court "*shall* . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. §107(b) (emphasis added). Consistent with § 107(b), Federal Rule of Bankruptcy Procedure 9018 states that "[o]n motion . . . the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

12. Upon a finding that information sought to be protected is a "trade secret or confidential research, development, or commercial information," § 107(b) mandates that the bankruptcy court enter appropriate order(s) to protect the interested party. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (citation omitted). In the *Orion Pictures Corp.* case, the Court of Appeals for the Second Circuit held that an interested party "had to show only that the information it sought to seal was

5

'confidential' and 'commercial' in nature." *Id*. Commercial information is defined broadly as "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Id*. at 27 (quoting *Ad Hoc Protective Comm. For 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944. (B.A.P. 9th Cir. Cal. 1982)). At least one court within the Fourth Circuit has followed the Second Circuit's application of § 107(b), including the Second Circuit's definition of "commercial information." *See In re Georgetown Steel Co.*, 306 B.R. 542, 546 (Bankr. D.S.C. 2004).

13. The Confidential Information includes "commercial information" as that term is used in § 107(b) and Rule 9018. The Confidential Information is commercially sensitive because the Trust is in negotiations with other parties related to the TFT-LCD Litigation. Disclosure of the terms of the settlement with one party -- Samsung -- could prejudice those discussions with others. As to Samsung, this information is commercially sensitive and not normally disclosed absent some type of non-disclosure agreement and/or protective order. In fact, Samsung has entered into the settlement with the Trust based on the understanding that the Agreement would be maintained as confidential, subject only to certain limited exceptions defined in the Agreement. Samsung is also an "entity" eligible for protection under § 107 (b). *See In re Brahmacom, Inc.*, 2005 WL 3240584 (Bkrtcy. D.Mass. 2005).

## NOTICE

14. Notice of this Motion is being provided to parties-in-interest in accordance with the Case Management Order. In light of the nature of the relief requested, the Trust respectfully submits that no further notice is necessary.

6

## NO PRIOR REQUEST

15. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein, and such other and further relief as may be just and proper.

Dated: September 7, 2011

| TAVENNER & BERAN, P.L.C.<br><br>    /s/ Paula S. Beran    <br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: 804-783-8300<br>Facsimile: 804-783-0178<br>Email: ltavenner@tb-lawfirm.com<br>          pberan@tb-lawfirm.com<br><br>Counsel for the Circuit City Stores, Inc. Liquidating Trust | Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Andrew W. Caine (CA Bar No. 110345)<br>*(admitted pro hac vice)*<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: 310-277-6910<br>Facsimile:  310-201-0760<br>E-mail: jpomerantz@pszjlaw.com<br>          acaine@pszjlaw.com<br><br>Counsel for the Circuit City Stores, Inc. Liquidating Trust |

# **EXHIBIT A**

**(Proposed Order)**

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |
| *Counsel for the Circuit City Stores, Inc. Liquidating Trust* | *Counsel for the Circuit City Stores, Inc. Liquidating Trust* |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

### ORDER (I) AUTHORIZING THAT CERTAIN DOCUMENTS BE FILED UNDER SEAL AND (II) PROVIDING FOR PROCEDURES PROTECTING CONFIDENTIAL INFORMATION

This matter coming before the Court on the Trust's Motion For Entry Of An Order (I) Requiring That Certain Documents Be Filed Under Seal And (II) Providing For Procedures Protecting Confidential Information And Memorandum In Support Thereof (the "Motion") filed by the Circuit City Stores, Inc. Liquidating Trust (the "Trust"); the Court (a) having reviewed the Motion and all pleadings relating thereto and (b) having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the Hearing (and the proposed order) was adequate under the circumstances; and (d) the Confidential Information (as such term is defined in the Motion) is confidential commercial information entitled to protection under § 107(b)(1) of the Bankruptcy Code (the "Bankruptcy Code") as requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish entitlement to the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. All capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

3. The Confidential Information, including but not limited to the Agreement and all pleadings filed referencing aspects of the Agreement, shall be filed with the Court under seal and shall be held by the Clerk of the Bankruptcy Court under seal until 30 days after this Court's decision on the Substantive Motion has been entered and the appeal period has expired, at which time it shall be destroyed.  If an appeal is taken, destruction of the Confidential Information shall be addressed by further order of this Court.

4. Any party who is not a current and/or potential litigant in the TFT-LCD Litigation and/or the Circuit City Action and/or any type of related litigation may obtain a copy of the Agreement by executing the Commitment of Qualified Person Pursuant to Protective Order (attached hereto as Exhibit A) (a "Qualified Person") and submitting it with a written request to Andrew Caine at acaine@pszjlaw.com.

2

5. (a) Confidential Information may be used, disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only in connection with the Substantive Motion and only by the following persons:

(i) a Qualified Person and its counsel who are assisting in the review of the Substantive Motion;

(ii) experts or consultants and their employees and clerical assistants, retained by a Qualified Person for the purpose of testifying or rendering assistance or providing opinions in regard to the Substantive Motion;

(iii) the Trust and its counsel;

(iv) the Court and its employees and staff and supporting personnel;

(v) any other person only upon order of the Court or upon written stipulation of the Trust and that party.

(b) Confidential Information may only be provided to persons listed in Paragraph 5(a)(ii) above to the extent that it will assist such expert or consultant to prepare a written opinion, to prepare to testify, to testify, or to assist counsel in the investigation and litigation of the Substantive Motion, provided that such expert or consultant is using Confidential Information solely in connection with the Substantive Motion, and further provided that such expert or consultant signs a commitment, in the form attached as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for purposes of enforcing this Protective Order, and agreeing not to disclose or use any Confidential Information for purposes other than those permitted by this Protective Order. Such commitments shall be retained in the files of the counsel for the party employing the expert.

3

(c) Every person given access to Confidential Information or information it contains shall first be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to its terms. All persons listed in Paragraph 5(a) above, who are given access to Confidential Information or information that it contains, shall also be provided a copy of this Protective Order.

6. Each party shall be entitled to seek modification of this Protective Order, for good cause shown, by attempting to obtain the other parties' consent to such modification, and then, absent consent, by application to this Court. This remedy includes the right to seek a determination that documents or information are not confidential commercial information.

7. After the final determination of the Substantive Motion, the provisions of the Order shall continue to be binding upon all Qualified Persons, their employees and all others subject to this Order.

Dated: _____          _____
      Richmond, Virginia                                                            The Honorable Kevin R. Huennekens
                                                            United States Bankruptcy Judge

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard,  13th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust

## CERTIFICATION

     I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

                              _____
                              Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
                              20 North Eighth Street, 2nd Floor
                              Richmond, Virginia  23219
                              Telephone:  804-783-8300
                              Facsimile:  804-783-0178

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[2] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**COMMITMENT OF QUALIFIED PERSON**
**PURSUANT TO PROTECTIVE ORDER**

I affirm my understanding (i) that Confidential Information is being provided to me pursuant to the terms and restrictions of the Order (I) Authorizing That Certain Documents Be Filed Under Seal And (II) Providing For Procedures Protecting Confidential Information (the "Order") entered by the United States Bankruptcy Court for the Eastern District of Virginia in the case captioned, *In re Circuit City Stores, Inc., et al.,* Case No. 08-35653-KRH, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be bound by the Order, and I hereby submit to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Virginia for the purposes of enforcement of the Order. I understand that a violation of the Order is punishable as a contempt of Court.

Date: _____    _____
                                                                       Signature

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).