```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA


IN RE:                         .    Case No. 08-35653 (KRH)
                               .
                               .
                               .
CIRCUIT CITY STORES,           .    701 East Broad Street
INC., et al.,                  .    Richmond, VA 23219
                               .
                               .
         Debtors.              .    September 7, 2011
. . . . . . . . . . . . . .         2:18 p.m.


                       TRANSCRIPT OF HEARING
               BEFORE HONORABLE KEVIN R. HUENNEKENS
               UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:           Tavenner & Beran, PLC
                          By:  PAULA S. BERAN, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219

For Synnex Corporation:   Schertler & Onorato, L.L.P.
                          By:  DAVID H. DICKIESON, ESQ.
                          575 7th Street, NW
                          Suite 300 South
                          Washington, DC 20004

For Universal Display     Sands Anderson PC
and Fixtures:             By:  WILLIAM A. GRAY, ESQ.
                          1111 E. Main Street, Suite 2300
                          Richmond, VA 23219
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

TELEPHONIC APPEARANCES:

For the Debtor:            Pachulski Stang Ziehl & Jones LLP
                           By:   ANDREW CAINE, ESQ.
                           10100 Santa Monica Boulevard
                           Los Angeles, CA 90067

For Discovery              Arent Fox LLP
Communications, Inc.:      By:   JACKSON DAVID TOOF, ESQ.
                           1050 Connecticut Avenue, NW
                           Washington, DC 20036

1       COURTROOM DEPUTY:  In the matter of Circuit City
2  Stores Incorporated, hearing on Items 1 through 12 as set out
3  on proposed Agenda.
4       MS. BERAN:  Good afternoon, Your Honor.
5       THE COURT:  Good afternoon.
6       MS. BERAN:  For the record, Paula Beran of the Law
7  Firm of Tavenner & Beran.  With me this afternoon at counsel's
8  table is Ms. Katie Bradshaw who is the Senior Trust Manager, as
9  Your Honor has met many times.  As well on the phone this
10 afternoon is Mr. Andrew Caine of the Pachulski Firm.
11      THE COURT:  All right.
12      MS. BERAN:  Your Honor, there are only a handful of
13 matters on today's docket given the fact that we were just
14 before Your Honor a couple weeks ago.  But to keep -- maintain
15 our pattern of having certain things at the first Omni and
16 others on the second Omni we continued with today's Omni and
17 set those matters as appropriate down for today even though
18 there is a short window between the last hearing.
19      Item Number 1 is the Siegel versus Merrimack.
20 There's a couple motions as it relates to that.  I previously
21 reported to Your Honor that that matter had been settled.  We
22 would respectfully request that this -- those matters be
23 continued until the October 19th Omni.  The matter has settled,
24 the matter has been documented and we're waiting for final
25 consummation of that settlement before the removal of that

1  matter from the docket.
2          THE COURT:  And is that the 19th?
3          MS. BERAN:  Yes, Your Honor.
4          THE COURT:  Okay, that will be continued to the 19th.
5          MS. BERAN:  Thank you, Your Honor.  The second item
6  on the docket is the Site A, LLC's second amended motion to
7  allow late filing of proof of claim or in the alternative
8  motion to file late proof of claim as an amendment to an
9  informal proof of claim.  Happy to report, Your Honor, that
10 matter has been settled and has been documented and the
11 documentation has been executed and the settlement has been
12 consummated, therefore we respectfully request that the matter
13 may be removed from the Court's Docket.
14         THE COURT:  It will be.
15         MS. BERAN:  Thank you, Your Honor.  Your Honor, Item
16 Number 3 is in the adversary proceeding Siegel versus B.R.
17 Fries & Associates, LLC.  In connection with that motion, Your
18 Honor, that was filed by the defendant.  We would respectfully
19 request that that motion to dismiss be continued until after
20 the underlying adversary proceeding has been mediated.  To date
21 that matter has not been mediated.  I did receive an e-mail
22 confirmation from counsel for B.R. Fries or local counsel for
23 B.R. Fries, Mr. Daniel Press, yesterday, and he indicated that
24 he did not oppose any such continuance.  In fact, he thought
25 that was the appropriate procedural remedy given where we are

1  in the case.
2          THE COURT: Then how long do we want to continue it
3  out for? Where do we stand with the mediation of that matter?
4          MS. BERAN: Your Honor, we respectfully request that
5  the matter be continued out for 60 days.
6          THE COURT: Okay.
7          MS. BERAN: Actually, Your Honor, I apologize. I
8  think it would be -- I did not discuss this with Mr. Press, a
9  specific time period, but as I stand before you I think 90 days
10 would actually be better given that certain matters have
11 already been scheduled for mediation in September and October
12 and we're trying no to jam too many in a time window, so it
13 would be looking like that matter would be mediated in October.
14         THE COURT: Alright, so you want to set -- carry this
15 matter over to that first December -- December 8 or whatever it
16 is -- I think that's your date, isn't it?
17         MS. BERAN: Yes, Your Honor, the first December
18 Omnibus date. And I apologize, I'm drawing a blank as to what
19 that is. December 8th.
20         THE COURT: Okay. Well the courtroom deputy is
21 shaking her head up and down so that's the right answer.
22         MS. BERAN: Thank you, Your Honor.
23         THE COURT: Okay, it is December 8.
24         MS. BERAN: Your Honor, the next category of matters
25 are pre-trial conferences. As Your Honor may recall, these

1  were some of the initial matters that came before Your Honor a
2  little over 90 days ago for matters that had not settled during
3  the formal mediation process.  However, after that mediation
4  had concluded the parties in continued discussions thought that
5  it would be appropriate to not necessarily set it down for an
6  immediate trial and thereafter continue it for informal
7  discovery so that either the matters could be resolved or
8  hopefully if not the matters resolved issues could be resolved
9  so we would have a better flavor for the timetable that -- and
10 the issues that  would need to be litigated before our Honor.
11             In connection with the first matter, Your Honor, that
12 is the matter of Siegel versus Discovery Communications, Inc.
13 I believe Mr. Jackson Toof from the Law Firm of Arent Fox is on
14 the phone.  He represents Discovery Communications.  At this
15 point in time the parties believe that that matter is ripe for
16 setting for trial.  And both parties Appreciate Your Honor
17 giving us that additional 90 days.  We have narrowed some of
18 the issues.  And we believe at this point in time that it would
19 merely be a day trial so we'd respectfully like to set it down
20 for a day.  Based on Mr. Toof's calendar and dates that I had
21 obtained from the courtroom deputy yesterday we'd respectfully
22 request that that matter be set down on the Court's calendar on
23 May 22nd.  And if that's no longer available we'd respectfully
24 request that it be set down on May 21st.
25             THE COURT:  All right, we'll do the 22nd at ten

1  o'clock.

2          MS. BERAN:  Thank you, Your Honor.  Your Honor, the
3  second item from the pre-trial perspective is the second
4  pre-trial on Siegel versus -- Your Honor, I apologize.  Given
5  that the trial date of May 22nd that's now ripe for Your
6  Honor's standard pre-trial order, with one caveat I would
7  represent in connection with all these matters Your Honor may
8  recall the initial order continuing these did provide for the
9  initial 26 disclosures to go out, so in all of these matters
10 those initial disclosures have gone out.  So Your Honor's
11 original pre-trial or standard pre-trial order may need to just
12 be modified just to reflect on or before if not already done
13 so, for initial disclosures.  But in all of these instances the
14 initial disclosures have been done.

15         THE COURT:  Okay, well I'll just delete that
16 paragraph from the Court's usual pre-trial order and issue the
17 pre-trial order accordingly.

18         MS. BERAN:  Thank you, Your Honor.  Item Number 5,
19 the second of the pre-trial conferences, that is in the matter
20 of Siegel versus Synnex Corporation.  In connection with that
21 matter, Your Honor, we stand before you today, and counsel for
22 defendant is there, and we'd respectfully request or suggest to
23 the Court that we continue this pre-trial again for an
24 additional 90 days.  The issue is this, Your Honor, the parties
25 are actively engaged in settlement negotiations, settlement

1  discussions and in connection with that there is being
2  exchanged e-mails between the defendant and Circuit City when
3  the -- you know, Circuit City was operating in the requisite
4  time period that is at dispute in the complaint.
5          There are additional e-mails that the Trust believes
6  are in the records of the Circuit City, but that the Trust has
7  not yet been able to access.  We've been able to access a lot
8  of the e-mails, but we're still having some difficulties and
9  we continue to make significant progress in accessing all
10 those.  We are optimistic that in this time period we will
11 continue to access those.  Those e-mails will help the
12 defendant ascertan or find additional information in its files
13 to exchange and that the issues can be narrowed.
14         Your Honor, even if the matter isn't resolved what
15 that process will do will significantly assist in the
16 identification of how long discovery would have to be formal
17 discovery, i.e., would we need to depose one person or would we
18 need to depose ten people from both sides' perspective.  So the
19 counsel on both sides would respectfully request if we could
20 have another 90 days of this kind of limbo period to continue
21 the informal discovery because we have, I can represent to the
22 Court, actively been -- both sides have been using that time
23 period in good faith to try and proceed in an informal
24 discovery in a mechanism that will help judicial economies and
25 efficiencies.

1          THE COURT:  All right.  You wish to be heard, sir?
2          MR. DICKIESON:  I believe that's actually summarizes
3  the situation, Your Honor.  We'd ask for that 90 days.
4          THE COURT:  All right, I'm going to reluctantly give
5  that to you.  I really want to get these matters resolved and
6  I'm worried when I just keep pushing them off that, you know,
7  delay means, you know, not having to worry about it for 90
8  days.  But I'm going to take you at your word that you're
9  advancing the ball down the court and that we're going to get
10 something for doing this, so let's set it out.  You want to use
11 that December date again, December 8?
12         MS. BERAN:  Yes, please, Your Honor.
13         THE COURT:  Okay.  And then we will set it for trial
14 then on that date if it's not resolved.
15         MS. BERAN:  Okay.  Thank you, Your Honor.  Your
16 Honor, and I can represent that as local counsel to the Trust
17 Tavenner & Beran has been emphasizing that this Court as well
18 as other judges in this jurisdiction keep matters on track and
19 when we represent to the Court we need to represent accurate
20 facts and everything I did state today came directly from my
21 co-counsel.  And we continue to proceed and the Trust and its
22 staff are proceeding and it's not just a matter as
23 unfortunately that happens in some cases where people just get
24 busy and put it to the back burner.
25         THE COURT:  All right.  Well I am well aware of that

1  which is why I've given you the 90 days.
2           MS. BERAN:  Thank you, Your Honor.
3           MR. DICKIESON:  Thank you, Your Honor.
4           DEPUTY CLERK:  Can I have your name for the record,
5  please?
6           MR. DICKIESON:  David Dickieson, counsel for Synnex.
7           DEPUTY CLERK:  Thank you.
8           MS. BERAN:  Your Honor, the third matter from the
9  pre-trial conference is Siegel versus Universal Display and
10 Fixtures Company.  In this instance, Your Honor, this is
11 another example of where the 90 days actually has been very
12 beneficial from a narrowing of the issues.  There was informal
13 discovery that was exchanged.  One of the issues that initially
14 could have been tried we believe for the time being has been
15 resolved and so that the parties are now prepared to set it
16 down for trial and based on the same we believe that this
17 matter can be tried in a day and would respectfully request
18 that we go ahead and set it for trial and Your Honor enter the
19 standard pre-trial order.
20          MR. GRAY:  Good afternoon, Your Honor.  William Gray
21 with Sands Anderson on behalf of Universal Display and
22 Fixtures.  We agree that we -- and do ask that we set it down
23 for trial, and I think we suggested April 30th.
24          MS. BERAN:  I apologize on that.  Yes, Your Honor,
25 from discussions with the courtroom deputy I understand that

11

1  April 30th and/or May 1st were available.

2        THE COURT: I have both of those days available.
3  Does either one of them suit better than the other?

4        MR. GRAY: April 30th.

5        THE COURT: Okay, we'll set it for April 30th.

6        MS. BERAN: Thank you, Your Honor.

7        THE COURT: And that will be at ten o'clock.

8        MR. GRAY: Thank you, Your Honor.

9        THE COURT: And then I'll do the same pre-trial order
10 with removing the Rule 26 provision.

11       MR. GRAY: Correct. Thank you.

12       MS. BERAN: Yes, Your Honor. Your Honor, the next
13 category of matters before you this afternoon are the claim
14 objections, and specifically those relating to the debtors'
15 omnibus objections. Item Number 7 is the Debtors' Nineteenth
16 Omnibus Objection. In connection with that matter, Your Honor,
17 there is one claim for it so the objection is still pending.
18 We respectfully request that that be continued until the
19 October 19th Omni.

20       THE COURT: All right, it will be continued to
21 October 19.

22       MS. BERAN: Thank you, Your Honor. Your Honor, on
23 the Number 8, the Debtors' Thirty-First Omnibus objection,
24 there are certain claims that still remain outstanding as it
25 relates to that objection and we'd respectfully request for

1  those claims as identified on Exhibit A, that they be continued
2  until the October 19th Omni.
3       THE COURT: They'll be continued to the October 19th
4  hearing.
5       MS. BERAN: Thank you, Your Honor. Your Honor, Item
6  Number 9 is the Debtors' Sixtieth Omnibus Objection. There is
7  still one claim remaining as it relates to that omnibus
8  objection. We'd respectfully request that it be adjourned
9  until the October 19th Omnibus date.
10      THE COURT: That item will be adjourned to the
11 October date.
12      MS. BERAN: Thank you, Your Honor. Item Number 10 is
13 the Debtors' Seventieth Omnibus Objection. In connection with
14 that matter, Your Honor, there was one remaining claim for
15 which the objection is still pending. The Trust does intend to
16 withdraw its objection as it relates to that claim, and it may
17 have been filed as I stood up here because as I left I had
18 signed it and given that notice to my paralegal to be filed.
19 So if it wasn't filed already it will be filed shortly and that
20 mater can be removed from the Court's Docket in totality.
21      THE COURT: All right, it will be withdrawn.
22      MS. BERAN: Thank you, Your Honor. Item Number 11,
23 the Debtors' Seventy-Sixth Omnibus Objection, there is one
24 claim remaining for which the objection is still pending. We'd
25 respectfully request that that one claim be continued until the

```
 1  October 19th Omni.
 2          THE COURT:  That will be continued to the 19th.
 3          MS. BERAN:  Thank you, Your Honor.  Your Honor, on
 4  the Debtors' Seventy-Ninth Omnibus Objection there is still a
 5  handful of claims for which the objection is still pending.
 6  We'd respectfully request that those be adjourned to the
 7  October 19th hearing, as well.
 8          THE COURT:  Those will be continued to October 19th.
 9          MS. BERAN:  Thank you, Your Honor.  Your Honor, that
10  concludes the items that are on today's docket from the Trust's
11  perspective.  To the extent the Court has any questions I'm
12  happy to answer them as well as as I indicated I believe Mr.
13  Caine is on the line to the extent I was not able to answer
14  them.
15          THE COURT:  All right.  Well I have one scheduling
16  issue I need to bring to your attention and that has to do with
17  the December 19th Omnibus date that we have.  I'm going to be
18  out f town and would like to move that date either to the 20th
19  or the 21st, if that's possible to do.
20          MS. BERAN:  Your Honor, either date is fine from
21  from Tavenner & Beran's perspective, and that would be who
22  would be attending, and I believe it would be fine from the
23  Trust's perspective because we do have several representatives
24  that can attend, so either date would be fine.  I believe I may
25  have represented the last time that we intended to set things
```

1  down for the December Omni hearing.  I'm trying to remember if
2  it was just October and November.  But in any regards no notice
3  has gone out as it relates to that date so there wouldn't be
4  any issue as it relates to rescheduling of anything.
5             THE COURT:  All right.  It would be -- it would help
6  me out a lot if we could reschedule that then to the -- why
7  don't we reschedule it to the 20th then.
8             MS. BERAN:  Okay.  Would that be at two o'clock, Your
9  Honor?
10            THE COURT:  Yes.
11            MS. BERAN:  Okay.  And what I will do just so the
12 Court's Docket accurately reflects in case anyone was to just
13 pull down the omni dates, is I will do a supplemental notice of
14 additional omni dates indicating that the 19th has been changed
15 to the 20th and file it with the Court and link in to the
16 original notice therefore all parties have notice of that.
17            THE COURT:  All right, great.  All right, that was
18 the only issues that the Court had.  Is there anything else we
19 need to take up in Circuit City?
20            MS. BERAN:  That's all that the trust has today, Your
21 Honor.
22            THE COURT:  All right, thank you.
23            MS. BERAN:  Thank you, Your Honor.
24            DEPUTY CLERK:  All rise.  Court is now adjourned.
25                           * * * * *

15

**C E R T I F I C A T I O N**

I, LORI AULETTA, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Lori Auletta          DATE:  September 14, 2011
J&J COURT TRANSCRIBERS, INC.

**WWW.JJCOURT.COM**