UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

IN RE:                    .      Case No. 08-35653 (KRH)
                          .
                          .
                          .
CIRCUIT CITY STORES,      .      701 East Broad Street
INC., et al.,             .      Richmond, VA 23219
                          .
                          .
          Debtors.        .      September 21, 2011
. . . . . . . . . . . . ..        2:07 p.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:           Tavenner & Beran, PLC
                          By:  LYNN L. TAVENNER, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219


For Universal Display     Sands Anderson PC
and Fixtures:             By:  WILLIAM A. GRAY, ESQ.
                          1111 E. Main Street, Suite 2300
                          Richmond, VA 23219


Proceedings recorded by electronic sound recording, transcript
produced by transcription service

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311   Fax No. (609) 587-3599**

1           DEPUTY CLERK:  In the matter of Circuit City Stores,

2  Incorporated, hearing on Items 1 through 7 as set out on

3  proposed Agenda.

4           MS. TAVENNER:  Good afternoon again, Your Honor.

5           THE COURT:  Good afternoon again, although I think it

6  was morning before, wasn't it?  Or was it --

7           MS. TAVENNER:  I think it was after -- shortly after

8  noon.

9           THE COURT:  Okay, I'll defer to you then.

10          MS. TAVENNER:  For the record Lynn Tavenner of the

11  Law Firm of Tavenner & Beran appearing here today on behalf of

12  the Circuit City Stores, Inc. Liquidating Trust.  With me at

13  counsel table is Ms. Catherine Bradshaw.

14          If Your Honor pleases, the docket is short today, but

15  we do have one matter that Mr. Gray is here on, if I could take

16  that out of order.

17          THE COURT:  You may.  Which matter is that?

18          MS. TAVENNER:  It's Number 3, Your Honor.  It's the

19  adversary case, Siegel against Foss, et al.

20          THE COURT:  All right.

21          MS. TAVENNER:  It's an adversary proceeding in which

22  you'll note that pleadings were filed, a motion to dismiss.

23  After that, Your Honor, the parties have agreed now to a

24  mediation schedule and there actually is a mediation date in

25  early December.  Based upon that, Your Honor, we would

3

1  respectfully request that the pretrial motions just be tabled

2  and set for a status hearing at our December Omni date such

3  that we're hopeful that perhaps we can resolve the adversary in

4  advance of that, but if not we would come back for a status in

5  December.

6            THE COURT:  All right, very good.  Mr. Gray.

7            MR. GRAY:  Yes.  Good afternoon, Your Honor.  William

8  Gray with Sands Anderson on behalf of the director and officer

9  defendants.  Ms. Tavenner is basically correct.  What is on

10 calendar is our motion to dismiss, and that -- we do ask that

11 that remain pending and so we're pushing that back to a date

12 after the deadline for the mediation.  Deadline for the

13 mediation is December 12th, so therefore we're asking that this

14 hearing -- we continue for a status hearing our motion to

15 dismiss to December 20th.

16           THE COURT:  Okay.  Is that the Omnibus date that's in

17 December?

18           MS. TAVENNER:  Yes, Your Honor.

19           THE COURT:  Okay.  So, we'll continue this for status

20 then to the December 20 Omnibus date.

21           MR. GRAY:  Thank you.

22           THE COURT:  All right.

23           MS. TAVENNER:  Thank you, Your Honor.  I apologize.

24 I thought we had scheduled the mediation.

25           THE COURT:  All right.

1          MS. TAVENNER:  But, we do have an outside date.

2          THE COURT:  Okay.  Well, that's fine.  And what we'll

3    do then is wish you every success with the mediation and I

4    anticipate that you'll be able to get this resolved.

5          MR. GRAY:  Thank you.

6          MS. TAVENNER:  Thank you, Your Honor.

7          Your Honor, moving back then to the Agenda, Matter 1

8    on the docket is the Trust's motion to file certain documents

9    under seal.  Your Honor, we had mentioned this to you at a

10   previous Omnibus hearing date.  As you might recall, there is a

11   plethora of litigation throughout the country with respect to

12   flat panel screen TVs.  Circuit City is involved in that

13   litigation.  And we are happy to report that with respect to

14   the Trust, who has succeeded to Circuit City, we have a

15   settlement with Samsung.  That settlement, however, due to the

16   additional litigation that is outstanding is extremely

17   confidential.  And so we filed this motion to file the motion

18   to approve the Samsung resolution under seal.

19         So, in essence, Your Honor, we are requesting that

20   the entire 9019 motion agreement, any related documents be

21   filed under seal with, however, any interested party that is

22   defined within the motion having the right to request to review

23   the documents under the protective order that we would present

24   to you.  And that would certainly then -- unless they are

25   defendants in the litigation we certainly are willing to allow

1  others to see it, but we do need to make sure that we do have

2  the proper procedures in place to keep all of the terms

3  confidential.

4        So that is, in essence, the motion, Your Honor.  We

5  have appropriately noticed it, received no objections, and we

6  would respectfully request that you enter an order approving

7  that motion and once that's done we would proceed to file the

8  9019 Motion under seal.

9        THE COURT:  You did see the recommendation from the

10  Judicial Conference last week on federal courts sealing

11  proceedings and documents and the like?

12        MS. TAVENNER:  I saw that the Judicial Conference had

13  made a recommendation and that they said that they desired for

14  federal courts to be as open as possible, but I did not read

15  the underlying recommendation.  But, I do believe --

16        THE COURT:  Well, fortunately I did and it was

17  interesting from the standpoint that it talked about how few

18  cases actually were ever done under seal.  We seem to get quite

19  a few in bankruptcy, it seems, because of the confidential

20  nature of -- usually it's proprietary business information and

21  trade secrets.  But, nevertheless, I'm going to grant this

22  motion.  You have brought to my attention before the problems

23  with the flat panel TV litigation.  And I'm pleased that we've

24  got a settlement that the Court can consider and I will allow

25  you to file those documents under seal.  Now, remind me, what

1  is the procedure then if somebody wants to -- who's not a party

2  to that litigation, wanted to see the confidential information,

3  do the have to enter into an appropriate protective order that

4  would bind them to the secrecy, and such, of the information in

5  there?

6         MS. TAVENNER:  Yes, Your Honor.  In fact, attached as

7  Exhibit A to the order that we will tender is a commitment, if

8  you will, of the party that wishes to review the documentation

9  to say that they will abide by the protective order and not

10 disclose the information and that they understand that the

11 violation is punishable as a contempt of court.

12        THE COURT:  And they submit to the jurisdiction of

13 the Court.  Okay.

14        MS. TAVENNER:  Yes.

15        THE COURT:  Very good.  All right.  I see that

16 Exhibit A and as I previously indicated, I will grant that

17 motion.

18        MS. TAVENNER:  Thank you, Your Honor.  The next

19 matter on the docket is the Trust's second motion to extend the

20 claims objection deadline with regard to general unsecured

21 claims.  By this motion, Your Honor, the Trust is seeking a

22 180-day extension.  The current deadline is October 27th, so

23 we're seeking to go out an additional 180 days.  For the

24 reasons cited in the motion, Your Honor, and that we have

25 articulated to you orally before, Your Honor, we do believe

1 that this extension is necessary.  While Ms. Bradshaw, Mr.

2 Siegel and the entire team are working very diligently, there

3 is just an inordinate amount of additional work to be done,

4 specifically with regard to the claims.  The extension of time

5 will provide the staff with time to analyze over an additional

6 3800 claims which assert damages of approximately $1.6 billion.

7 At the same time, Your Honor, the Trust is continuing

8 to prosecute the adversary proceedings that have been filed.

9 To date, Your Honor, while there were over 500, we are at the

10 point of having -- of continuing with approximately 150.  So,

11 we have had great success with the mediation protocol that you

12 put into place, though the ones that remain, Your Honor, do

13 involve a great bit of detail.  They are some of the larger

14 ones, in the 20 to $30 million range, will involve a lot of

15 additional analysis.

16 And then at the same time, Your Honor, there are a

17 handful of adversaries that did not settle under the mediation

18 protocol and are now on the litigation track, so the same staff

19 of 13 is involved in the pretrial procedures at this point with

20 regard to those.  And then they also are, in addition,

21 continuing to reconcile admin claims and doing the day-to-day

22 work of the Trust staff.  Just recently they completed a great

23 task of dealing with tax returns.  So, they are working very

24 hard.  They do believe that this additional 180 days will give

25 them the time that they need to resolve the remaining general

1   unsecured claims -- not resolve them -- I apologize, Your Honor

2   -- to analyze them and determine whether or not objections need

3   to be filed.

4           We are not intending, Your Honor, to wait until the

5   179th day and file every objection that we can.  We are hopeful

6   that we will be able to put into process a formula whereby

7   certain claims can be analyzed and we can file the objections

8   as necessary so that it will be a running table and we don't

9   have all of them up against us at the same time.  That's the

10  hope, Your Honor.  We do believe that within the 180 days

11  though that the Trust staff can complete their analysis with

12  respect to the underlying claims.  We appropriately noticed

13  this, filed no objections to the same, would respectfully

14  request the Court to enter an order extending that deadline for

15  180 days.

16          THE COURT:  Okay.  And that takes us out to April

17  24, is that --

18          MS. TAVENNER:  Yes, Your Honor.

19          THE COURT:  Okey, very good.  All right.  Excuse me.

20  That motion will be granted, as well.

21          MS. TAVENNER:  Thank you, Your Honor.  That brings us

22  on the Agenda to items related to certain claims objections

23  that have been filed.  Item 4, Your Honor, is the Liquidating

24  Trust's Tenth Omnibus Objection to disallow certain claims

25  relating to short-term incentive program.  Your Honor, there

1 are two remaining claims with respect to that objection.  We

2 will -- are requesting, Your Honor, that October 19th, which is

3 out next date, that these be set for a substantive hearing so

4 that we can have those finally determined.

5          THE COURT:  Okay.  October what?

6          MS. TAVENNER:  October 19 at two, Your Honor.

7          THE COURT:  Okay.  And you will give notice to the

8 claimants that this will go forward as a substantive hearing on

9 those days?

10          MS. TAVENNER:  Yes, Your Honor, we will.

11          THE COURT:  Thank you.

12          MS. TAVENNER:  Your Honor, the next matter, Item 5 on

13 the docket, is the Liquidating Trust's Twenty-Second Omnibus

14 Objection.  There is one claimant remaining, Robert T. Miller,

15 and we have not received to date any timely response.  And we

16 have given notice of a substantive hearing for today, have not

17 heard from Mr. Miller, and at this point, Your Honor, as we

18 have given him additional notice, we would respectfully request

19 that the Trust's objection be sustained at this point.

20          THE COURT:  All right.  Does any person -- does Mr.

21 Miller or any person on his behalf wish to be heard?

22                (No audible response)

23          THE COURT:  All right.  There being no response from

24 Mr. Miller to the objection to his claim and the additional

25 notice pursuant to this Court's request having been given of

1  today's substantive hearing the Court will sustain the

2  objection.

3          MS. TAVENNER:  Thank you, Your Honor.  Item 6 on the

4  Court's docket is the Debtor's Thirty-Seventh Omnibus

5  objection.  This relates to the request to reduce certain

6  personal property tax claims.  Your Honor, as these are all

7  taxing entities it just by its nature requires a little

8  additional time.  As a result, Your Honor, we are requesting

9  that you continue this matter for a status hearing only until

10 the Court's November 8th Omnibus date at 2 p.m.

11         THE COURT:  All right.  So, these matters will be

12 continued to November 8th for continued status.

13         MS. TAVENNER:  Thank you, Your Honor.  The final

14 matter is the Notice and Objection to Claim of the California

15 Board of Equalization.  This matter was set for a hearing

16 today, Your Honor -- a status hearing.  I apologize, I didn't

17 say that.  We are still hopeful that, perhaps, this matter can

18 be resolved with the California State Board Equalization and

19 would request that it be continued for status again until our

20 October 19th date, 2 p.m.

21         THE COURT:  All right.  So, this will be continued to

22 October 19 for continued status.

23         MS. TAVENNER:  Yes, Your Honor.

24         THE COURT:  All right.

25         MS. TAVENNER:  That concludes the matters that are on

1  the docket for this afternoon.  We are filing notices with

2  respect to substantive hearings on certain claim objections and

3  do expect that there will be a need for some form of testimony

4  at the October hearing, so I just wanted to advise Your Honor

5  of that.

6          THE COURT:  All right.  I appreciate that and I will

7  certainly be prepared to address those claims and be familiar

8  with the pleadings and such at that hearing.

9          MS. TAVENNER:  Thank you, Your Honor.

10         THE COURT:  All right.  Is there any other business

11  then we need to take up in Circuit City today?

12         MS. TAVENNER:  No, Your Honor.

13         THE COURT:  All right.  Thank you, very much.

14         MS. TAVENNER:  Thank you.

15                    * * * * *

16           **C E R T I F I C A T I O N**

17         I, LORI AULETTA, court approved transcriber, certify

18  that the foregoing is a correct transcript from the official

19  electronic sound recording of the proceedings in the

20  above-entitled matter, and to the best of my ability.

21

22

23  /s/ Lori Auletta

24  LORI AULETTA

25  J&J COURT TRANSCRIBERS, INC.    DATE:  September 27, 2011