# United States Bankruptcy Court
## Eastern District of Virginia

RICHMOND DIVISION
FILED SEP 27 2011
CLERK US BANKRUPTCY COURT

In re Circuit City Stores, Inc.  Case No. 08-35653 (KRH)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim references in this evidence and notice.

National Union Fire Insurance Company of Pittsburgh, PA

Name of Transferee

Name and Address where notices to transferee should be sent:

National Union Fire Insurance
Company of Pittsburgh, PA
c/o SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Attn: Adam L. Rosen

Phone: (516) 479-6300
Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):

Namsung America, Inc.

Name of Transferor

Court Claim # (if known): 4014
Amount of Claim: $596,192.33
Date Claim Filed: January 19, 2009

Phone:
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   Date: September 21, 2011
Adam L. Rosen
SILVERMANACAMPORA LLP
Attorneys for National Union Fire Insurance
Company of Pittsburgh, PA

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

BP/973314.1/055476

# United States Bankruptcy Court
## Eastern District of Virginia

In re Circuit City Stores, Inc.                    Case No. 08-35653 (KRH)

**NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

Claim No. <u>4014</u> (if known) was filed under U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on _____ (date).

| | |
|---|---|
| <u>Namsung America, Inc.</u> | National Union Fire Insurance <u>Company of Pittsburgh, PA</u> |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Namsung America, Inc.<br>250 International Pkwy, Ste. 230<br>Heathrow, FL 32746<br>Attn: Paul Setteducati | National Union Fire Insurance<br>Company of Pittsburgh, PA<br>c/o SILVERMANACAMPORA LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Adam L. Rosen |

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                      _____
                                                        **CLERK OF THE COURT**

# Creditor Data for Claim Number 4014

Help

| Creditor:<br>NAMSUNG AMERICA INC<br>Attn Paul Setteducati<br>250 INTERNATIONAL PKWY<br>STE 230<br>HEATHROW, FL 32746 | Date Claim Filed: 1/19/2009<br>Claim #: 4014 |
|---|---|

**Notice Party(ies):**

**Debtor Name:** Circuit City Stores, Inc.
**Debtor Case Number:** 08-35653

|  | Schedule Amount | C* | U* | D* | Filed Claim Amount | Present Claim Amount |
|---|---|---|---|---|---|---|
| GU |  |  |  |  | $596,192.33 | $364,888.01 |
| PRI |  |  |  |  |  |  |
| SEC |  |  |  |  |  |  |
| AP |  |  |  |  |  |  |
| AS |  |  |  |  |  |  |
| TOTALS |  |  |  |  | $596,192.33 | $364,888.01 |

*C=Contingent, U=Unliquidated, D=Disputed

### Transfer History

| Date Filed | Date Effective | Transfer Type | Transferor | Transferee | Status |
|---|---|---|---|---|---|
| No records found |  |  |  |  |  |

### Objection History

| Date Created | Name | Basis | Status |
|---|---|---|---|
| 6/23/2009 | Debtors' Twenty-Third Omnibus Objection to Certain Duplicate 503(b)(9) Claims | Exhibit C - Modification of Certain Duplicate 503(b)(9) Claims | Resolved Not Expunged |

### Claim Withdrawal History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found |  |  |  |

### Stipulation History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| 3/18/2010 | 6869 | Corrected Supplemental Order on Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims) | 49 k |
| 10/14/2010 | 8730 | Notice of Proposed Settlement and Stipulation by and Among the Debtors and Namsung America, Inc. | 110 k |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

**Final Release and Assignment Agreement**
**Insured: Dual Electronics Corporation**
**Policy No. 813-1225**
**Claim No. 344-001594-001**

WHEREAS, National Union Fire Insurance Company of the State of Pennsylvania (the "Company") issued Insolvency Risk Shipments Form No. 813-1225 effective December 1, 2007 to December 1, 2008 (the "Policy"), to Dual Electronics Corporation (the "Insured");

AND WHEREAS, the Insured did submit a Claim under the Policy relating to certain of the Insured's transactions with Circuit City Stores, Inc. (hereafter the "Claim" and the "Buyer");

AND WHEREAS, Endorsement No. 10 to the Policy allows the Insured to establish a Buyer Limit for Eligible Receivables for this Buyer up to $750,000;

AND WHEREAS, the $75,000 Deductible is fully utilized under payment of this claim;

AND WHEREAS, the Policy contains an Insured Percentage of 90%;

AND WHEREAS, the Company agrees to pay the remaining balance of $124,724.63 for the Claim, calculated as follows (hereafter the "Claim Payment"):

| | |
|---|---|
| Circuit City Stores Original Claim | $569,331.65 |
| Deductible | $75,000.00 |
| Balance | $494,331.65 |
| Insured Percentage | 90% |
| Balance | $444,898.49 |
| *Advance Claim Payment (75%) see 4/27/08 Release* | *$333,673.86* |
| Legal fees paid by Namsung for initial preference defense | $15,000.00 |
| Insured Percentage | 90% |
| Balance | $13,500.00 |
| Remainder to-be-paid of Original Claim | $111,224.63 |
| **Final Claim Payment** | **$124,724.63** |

NOW THEREFORE, in consideration of the Claim Payment, or any portion thereof, to the Insured by the Company:

1) The Insured on behalf of itself and any of its parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, predecessors, divisions, beneficiaries, insurers and attorneys hereby fully releases the Company, the Company's parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, partners, joint venturers, members, directors, officers, shareholders, assignors, assignees, predecessors, successors, divisions, beneficiaries and reinsurers from any and all debts, claims, demands, damages, liabilities, obligations, and/or losses, actions and causes of action of whatsoever character and description whether known or unknown, direct or indirect, fixed or contingent, asserted or unasserted which the Insured ever had, now has or hereafter can, shall or may have, for, upon, or by reason of a loss arising out of the Claim;

2) The Insured does hereby assign, transfer and set over to the Company, their successor and assigns, all sums of money now due, or to become due from the Buyer identified herein, arising from the Amount Claimed and any and all contracts, security and evidences of indebtedness, to have and to hold the same, with full power to collect and enforce the same, for their own use and benefit by any action or proceeding in the name of the Insured or otherwise, and to take all legal steps as they deem proper or necessary in connection herewith, and will share recoveries as provided for in the terms and conditions of the Policy.

3) The Insured agrees that the final amount accepted by the Bankruptcy Court is the Qualifying Loss and that a revised calculation of the amount of Claim Payment will be made by the Company which may result in an additional Claim Payment or a refund of all or part of the of part of the Claim Payment by the Insured to the Company.

4) All sums received from the Buyer or any other party as or toward payment of the Buyer's indebtedness to the Insured, and all sums received from any other party to acquire the rights to the Buyer's indebtedness, shall immediately be paid to the Company and shared at the Insured Percentage until the amount of the Claim Payment and the Company's costs of recovery are fully reimbursed, all further sums to inure to the benefit of the Insured;

5) The Insured hereby agrees to provide all reasonable cooperation to the Company with respect to any attempt the Company may make to sell, collect and/or enforce the Buyer's indebtedness. The Insured shall do everything that may be reasonably necessary to allow the Company to sell, collect and/or enforce the Buyer's indebtedness, including, but not limited to, executing all papers furnished by the Company, the Buyer, or a third party which are required or necessary to enable the Company to effectively bring suit in the name of the Insured or sell the indebtedness. The Company shall keep the Insured informed of efforts undertaken by the Company to sell, collect and / or enforce the Buyer's indebtedness. By executing this release and assignment, the Insured hereby authorizes the Company to execute all documents that may be necessary to pursue said Buyer indebtedness or to assign, sell, or transfer the indebtedness;

6) The Insured hereby agrees to forward to the Company any notice from the Buyer, the Buyer's Receiver(s), Trustee(s), the Court, or other duly constituted authority, of the acknowledgment of a Loss within Thirty (30) business days of receipt; regardless of whether or not these amounts are different from the amounts of accounts receivable that the Insured believes are owed or has filed under the Claim;

7) The Insured hereby represents that it has not assigned, sold, or transferred in any way whatsoever any of its rights, privileges and claims with respect to the debts;

8) The Insured hereby represents and warrants that it has good and valid legal title to the rights, privileges and claims which are the subject of this release and assignment, and that the claims of the Insured against the Buyer are not subject to offset or counter claim;

9) The Insured represents and warrants that there has not been and that there is not outstanding and unsettled, any dispute or any issue raised by the Buyer regarding claims of the Insured against the Buyer;

10) The Insured certifies that it has not granted or paid, agreed to grant or pay or caused to be granted or paid to the Buyer or to any other person or entity any discount, allowance, rebate, commission, fee or other payment in connection with the Claim of the Insured against the Buyer; This Release may not be changed orally.

Dual Electronics Corporation

IN WITNESS THEREOF, the Insured has caused this instrument to be signed and sealed this ___15TH___ Day of ___November___, 20_10_.

By: _John Yoon_____
        Authorized Representative

Title: __CFO_____

STATE OF _____, COUNTY OF _____ :

On _____, 20___, before me _____

_____
Notarization


State of Florida

County of Seminole

On this 15th day of November, 2010, before me, the undersigned notary public, personally appeared John Yoon, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

LINDA G. SIBLEY
MY COMMISSION # DD 827516
EXPIRES: December 9, 2012
Bonded Thru Notary Public Underwriters

_____
Notary Public

_✓_ Personally known or
___ Produced ID – Type of ID _____