Elizabeth Gunn, VSB No. 71044            *and*            Nels Ackerson, *pro hac vice*
DurretteCrump PLC                                                 Ackerson Kauffman Fex, PC
1111 East Main Street, 16th Floor                         1701 K Street, NW, Suite 1050
Richmond, Virginia 23219                                     Washington, DC 20006
(804) 775-6900 Telephone                                    (202) 833-8833 Telephone
(804) 775-6911 Facsimile                                      Fax: (202) 833-8831 Facsimile

*Counsel for Joshua M. Loveall*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al. | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |

### AFFIDAVIT OF PRIORITY CLAIMANT JOSHUA M. LOVEALL

Joshua M. Loveall, being of legal age and otherwise competent to testify, makes the following statements on personal knowledge in support of his priority claim for earned compensation as an employee of Debtor Circuit City Stores, Inc., et al ("Circuit City" or the "Company"):

1. My name is Joshua M. Loveall. I first became an employee of Circuit City Stores, Inc. as a student in 1995. I became a full-time employee of Circuit City after graduating from college in 1997, and I worked continuously for Circuit City through the remainder of Circuit City's existence as a going concern and for the Liquidating Trustee as Director of the Port Charlotte, Florida Circuit City Store

through final liquidation of substantially all of Circuit City's assets before being terminated on March 10, 2009.

2. During the nearly fifteen years that I worked for Circuit City, I worked in positions of increasing responsibility in Virginia, Maryland, Georgia and Florida before being selected to be Store Director of the Port Charlotte Store. As Store Director, I was successful in improving the store's performance from an underperforming level to one of the five most profitable Circuit City stores in the nation.

3. On January 14, 2008, Circuit City executive management asked me to participate in a conference call with Circuit City's management in which executive management would explain the Company's plan to provide an incentive to retain me and other key employees during the coming period in order to assist Circuit City to attract investors and survive as a going concern.

4. I participated in Circuit City's management conference call on January 14, 2008. On that call, Georgia Vahoua told me that I would receive $15,000 in compensation if I agreed to work continuously for Circuit City or at least three years so long as the Company remained a going concern.

5. On January 14, 2008, I also received a letter from Circuit City that is identical to the second of the two sample agreements that are attached to the Trustee's Thirteenth Omnibus Claim Objection – the letter that is attached to the Objection dated January 4, 2008 that describes a long-term cash award in three installments or until a change of control. I understood that if I signed and returned that letter it would modify my employment agreement with Circuit City to add a requirement

2

that I stay employed by Circuit City for the periods described in the letter or I would lose benefits and might be terminated.

6. On January 30, 2008, I signed and returned the letter described above, and from that time on I relied on the benefits promised in the letter and performed all duties and responsibilities of my employment as Store Director of the Port Charlotte Store day-after-day until I was terminated. During the last months of my employment, I was given the additional responsibilities of Acting District Operations Manager, replacing the former manager who had resigned.

7. Circuit City filed its bankruptcy petition on November 8, 2008, without prior notice to me. After November 8, 2008, Circuit City management encouraged me to file a proof of claim in the bankruptcy case. On January 27, 2009, I timely filed a proof of claim (claim # 5592) in the Circuit City bankruptcy case requesting payment of pre-petition earnings in the amount of $15,000 as a priority claim under Section 507(a)(4) of the United States Bankruptcy Code pursuant to my employment agreement as modified by the terms of the January 2008 letter. In the meantime, I continued my full-time active employment for Circuit City and the Liquidating Trustee.

8. On February 27, 2011, the Liquidating Trustee filed an objection to my priority claim as part of its Thirteenth Omnibus Objection.

9. After I successfully completed the liquidation process and all other responsibilities and permanently closed the doors of the Port Charlotte store, I was terminated on March 10, 2009.

3

10. I counted on the $15,000 addition to my employment benefits to help me with the transition to a new job in a tough economy, and in fact I was unemployed for six months before finding a new position. I will use the $10,950 that I understand is the limit of my priority claim to pay off some debts that I incurred for my family during that time.

Further, Affiant Sayeth Not.

_____
Joshua M. Loveall

STATE OF __FLORIDA__ )
                                       ) SS:
COUNTY OF __CHARLOTTE__ )

Subscribed and sworn to before me this __11__ day of __October__, 2011.

My County of Residence:

__CHARLOTTE__

_____
Notary Public

My Commission Expires:

__July 7, 2014__

__CATHERINE A. COX__
Printed

CATHERINE A. COX
MY COMMISSION # EE 007040
EXPIRES: July 7, 2014
Bonded Thru Notary Public Underwriters

4