Anne Thumann
7086 Lionshead Parkway
Littleton, CO. 80124

08-35653

October 9, 2011

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, VA. 23219



RICHMOND DIVISION
FILED OCT 11 2011
CLERK
US BANKRUPTCY COURT

Dear Sir or Madam:

The purpose of this letter is to provide an additional response to my previous response of March 16, 2011.

I understand that the court will hold a hearing regarding my response in opposition to the Liquidating Trust's <u>Nineteenth Omnibus Objection</u> on November 21, 2011. I respectfully ask Judge Huennekens to carefully review my previous response and the supporting documentation (evidence) that I have provided. Due to the Circuit City bankruptcy, I am no longer in a financial position to retain counsel or travel to Richmond VA. to attend this hearing.

I believe that the evidence I have provided clearly supports my request that the Court upholds my response and rules against the relief sought by the Liquidating Trust.

I wish to be included in any or all individual or party litigation for all future claims. I am thanking the Court in advance for your understanding and consideration in these matters.

Sincerely,

Anne L. Thumann
CC: Counsel to the Liquidating Trust

**United States Bankruptcy Court for the Eastern District of Virginia Richmond Division**

**Counsel for the Liquidating Trust**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted pro hac vice)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, CA. 90067-4100
(310) 277-6910

Lynn L. Tavenner Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA. 23219
(804) 783-8300

**In Re: Circuit City Stores, Inc. et al.**
Chapter 11
Case No. 08-35653 (KRH)

**Notice of Liquidating Trust's Nineteenth Omnibus Objection to Certain Employee Priority Claims. (Miscellaneous HR Priority Claims)**

**Claimant:**
Anne L Thumann
7086 Lionshead Parkway
Littleton, CO 80124
303-790-7990

Anne Thumann
7086 Lionshead Parkway
Littleton, CO. 80124

March 16, 2011

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, VA. 23219

Dear Sir or Madam:

The purpose of this letter is to respond to the Circuit City Stores Inc. Liquidating Trust's Nineteenth Omnibus Objection to certain employee priority claims: No liability; not entitled to priority; allow up to the statutory cap; and reclassify, as applicable. (Miscellaneous HR Priority Claims)

The objection filed contains inaccurate statements regarding my eligibility to receive payment of the following administrative claims for income due as outlined below and supported by the enclosed documentation. This request is also relative to the attached Notice of Deadline for responding to the Objection by April 7, 2011. The liquidating trustee, in his objection, has not provided sufficient evidence to disallow my claim. Therefore, I believe that I have a basis for inclusion of administrative claims against Circuit City West Coast, Inc. (Debtor 0785) and request that said payments be classified and paid consistent with the priority of the administrative claims payment process.

I am owed income in the amount of $20,000 as I have met the vesting requirements to receive the first cash retention payment due and payable January 1, 2009 by "agreeing to the terms of the Award by signing and returning a copy of the enclosed letter", "and remaining continuously employed on a full-time basis with the company through and including the corresponding vesting date." (Name ID: 5021100/PackID: 433731)

I am owed income in the amount of $20,000 for the second vesting period based upon the change of control provisions of the Award letter and the fact that I remained employed through the date that a change in control of the company occurred. The Award letter stipulates (page 2 paragraph #2) that upon the occurrence "of a change in control any restrictions on the outstanding Award lapse." The "sale or other disposition of all or substantially all of the assets of the Company" or the consummation of a plan of complete liquidation" constitute circumstances where a change of control is deemed to have occurred. (Name ID: 5021100/PackID: 433731). Claim Mastercode 10166122

I am also owed income per the terms of the October 2008 Turnaround Incentive Plan HR (attachment) the company had previously committed that 2 1/2 months after the performance period ending February 28, 2009, they would pay me a performance bonus

based on a combination of my individual performance and certain criteria for the performance of the company (Name ID 5021104/Pack ID 433709.) Mastercode: 10163684.

*Based on the criteria outlined I am entitled to a payment of $21,444.92 due to the following:*
-50% of award was based on my performance which was identified by my superior as Meeting Expectations resulting in entitlement of 100% of 50% of this award.
   -The remaining 50% of the award (company performance portion) was based on EBITDA and company expense reduction. While the company did not achieve the minimum requirements of EBITDA it did achieve an Expense reduction that for a 125% payout for this portion of the bonus. The calculation for my award follows:
      -Individual Performance: Base Salary $105,575/ Bonus Level 25%/Individual Segment 50% Performance Level 3 (100% payout) which results in $105,575X.25X.5X1.00=$13,196.87.
      -Company Portion: Base Salary $105,575/Bonus Level 25%/Company segment 50%/Company Attainment 50%/Cost Reduction Performance Level 95% (125% Payout) which results in $105,575X.25X.5X.5X1.25=$8,248.05.
         Total Award = $21,444.92

In summary, as the Regional HR Director for the Rocky Mountain Region, I satisfactorily executed all my job requirements for the company from my original date of hire including through the original bankruptcy date of November 10 2008, and continued to do so until my job elimination date of March 21, 2009. A prior Objection states that the employee must have been employed as of the payout date which was generally mid-May. I would have loved to have had the opportunity to be employed in mid-May. Being denied payment after having met all of the requirements with the exception of this one appears to be not only grossly unfair but inconsistent with the intent of STIP policy and the bankruptcy code.

I anticipate that the Court understands the hardship that Circuit City's liquidation has had on my family and me. The lost salary, bonuses, and non-payment of the above mentioned and other programs have created tremendous hardships on my family. I would hope that the Court recognizes that the decision to not distribute the above payments needs to be reversed.

I wish to be included in any or all individual or party litigation for all future claims. I am thanking the Court in advance for your understanding and consideration in these matters.

Sincerely,

Anne L. Thumann
CC: Counsel to the Liquidating Trust

**United States Bankruptcy Court for the Eastern District of Virginia Richmond Division**

**Counsel for the Liquidating Trust**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted pro hac vice)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, CA. 90067-4100
(310) 277-6910

Lynn L. Tavenner Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA. 23219
(804) 783-8300

**In Re: Circuit City Stores, Inc. et al.**
Chapter 11
Case No. 08-35653 (KRH)

**Notice of Liquidating Trust's Nineteenth Omnibus Objection to Certain Employee Priority Claims. (Miscellaneous HR Priority Claims)**

**Claimant:**
Anne L Thumann
7086 Lionshead Parkway
Littleton, CO 80124
303-790-7990

# Turnaround Incentive Program
## September 30, 2008



Circuit City Confidential

2



## Overview

Leadership is refining and realigning our business, financial and compensation plans.

- **Business Plan:** We are refining our turnaround plan.

- **Financial Plan:** We have partnered with the Board to revise the way we measure second half performance and will use the revised financial plan for our short term incentive plans.

- **Compensation Programs:** We have reviewed and modified many of our programs to ensure they encourage performance and align with our business and financial plans.

Circuit City Confidential

# Short Term Incentive Plan – VP and Below Plan

**Prior plan:**

| | Performance Criteria |
|---|---|
| VP and Below Plan | 50% EBT as a % of Revenue<br>50% Individual Performance |

**Revise plan:**

| | Performance Criteria |
|---|---|
| VP and Below Plan | 50% 2-3 Team Measures Divided Equally<br>50% Individual Performance |

## 50% of payout based on 2-3 team specific measures

- Measures vary by team and will have a significant impact on delivering EBITDA results and supporting the Stores through the Holiday Season.
- Payout will be based on partial year performance. Achieving the revised business plan target, associated with each of the measures, will translate to a 75% payout.

## 50% based on individual performance

- We have maintained the same payout levels based on performance rating: 0% for a 1 or 2 rating, 100% for a 3 rating, 110% for a 4 rating and 120% for a 5 rating.
- You will have a chance in October to calibrate your objectives with the revised business plan.
- Recalibration must be in the PE system by October 31, 2008. Otherwise your payout may be calculated using your original objectives.

6

Circuit City Confidential



# VP and Below Plan: Measures by Team

*Your cost center/department as defined in Peoplesoft (which is aligned with the financial planning and analysis systems) will determine which group you participate in below. There are a few departments where the mix of associates may fall into multiple groups. In these cases all associates in the department will be paid as one group based on how the Senior Executive assigned the group...if there is a discrepancy the department will default to participating in the Support Function plan.*

<u>Retail, The City, Multi-Channel and Services Teams</u>

Company Gross Margin $

Company Expense Reduction

<u>Merchandising Team</u>

Company Gross Margin $

Payable Days

In Stock

<u>Supply Chain and Inventory Team</u>

Company Gross Margin $

Company Reduction in At Risk and Distressed Inventory

In Stock

<u>Support Functions</u>

Includes HR/IT/Legal/Marketing/Finance/Procurement/Internal Communications/Real Estate/Construction/Business Transformation/Asset Protection/Distribution

EBITDA

Company Expense Reduction

7

**Circuit City Confidential**

8

# EBITDA Incentive Grid

Domestic results for October through February.

| % Payout | EBITDA |
|---|---|
| 25% | Below Business Plan |
| 50% | Below Business Plan |
| 75% | Revised Business Plan |
| 100% | Above Business Plan |
| 125% | Above Business Plan |

- All material unbudgeted events will be included or excluded at the discretion and approval of the Compensation Committee. This includes material one-time or non-recurring events (e.g. sale of Intertan) or material charges (e.g. restructure charge). A change or benefit is deemed to be a material nonrecurring event if it is classified as a discontinued operation or characterized as such in filings with the SEC or if the event would significantly alter the incentive payout calculation. Store openings/closings will be budgeted in accordance with the Real Estate Plan. Variances created by more/less openings/closings than planned may be adjusted so that they will not affect the payout.

Circuit City Confidential



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 7, 2008

Dear Associate:

This is the most challenging and important time to be a leader at Circuit City. That is why management has asked for, and our board has approved, changes to our compensation programs that will apply to you. These changes, which became effective January 1, 2008, are designed to:

- be consistent with our compensation philosophy to provide you with a total reward potential that is commensurate with your peers in our industry;
- complement the long-term compensation objectives we established in 2005 and ensure the new programs provide incentive to improve financial results going forward; and
- help us deliver improved levels of performance and drive long-term business success that, in turn, enhances shareholder value.

The plans are critical to the short- and long-term business objectives of our company. Shareholders expect us to retain the multiple levels of key leadership required to deliver on our multi-year transformation effort. Therefore, it is very important that each of you understands the purpose and significance of these plans.

As I am sure you will appreciate, these plans are relatively complex and they will continue to generate some healthy discussion both inside and outside of the company. The plans contain both a new long-term incentive plan (LTIP) and a one-time cash retention award, and participation varies according to position. The enclosed materials provide the details for your individual awards. Please read the materials carefully and follow-up with your HR partners with any questions or concerns.

We are in the midst of a difficult, but very achievable drive to restore Circuit City to a position of reasonable profitability. These plans will help ensure we have a unified, consistent, and motivated group of leaders across all levels of the company to help us execute at the highest ability over the coming months and years to achieve our goals.

The plans generally include director-level-and-above at the Store Support Center and district-manager-level-and-above in the field. Store directors and a few field and distribution positions will participate in the LTIP. I have personally elected not to participate in the cash retention award. My belief is that it is inappropriate for me to accept an incentive award that is not performance based. I will participate in the LTIP because I am committed to helping you, and 43,000 Circuit City associates, achieve a successful transformation.

I firmly believe in the future of this company and the team that we have in place. We need each of you to stay focused on the long-term, while also executing at the highest level every day in the near-term. I look forward to continuing our work together to achieve our goal and return our company to a strong position of profitability.

Thank you,

Philip J. Schoonover
Chairman, President, and CEO

10024811,Thumann,Anne
N/A, 1/1/2008, Cash



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 3, 2008

Anne Thumann
7086 Lionshead Pkwy
Littleton, CO 80124

Dear Anne:

    Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success.  To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

    Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

| | |
|---|---|
| Total Cash Retention Award: | $40,000 |
| Award Date: | January 1, 2008 |

| Vesting Dates | Vesting % |
|---|---|
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

    For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

    Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date.  If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date.  Your right to this Award is not contingent on corporate or individual performance.

    Forfeiture.  If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

- 1 -

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

-2-

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

*Your signature will also constitute your agreement to the terms and conditions contained in this letter.*

Sincerely,

*[signature]*

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

*[signature]*
Associate Signature

Anne Lenz Thurman
Printed Name

1/21/08
Date

- 3 -



# Your Total Direct Compensation

### About You:

| Name | Anne Thumann |
|---|---|
| Employee ID | 10024811 |
| Department | Human Resources Field |
| Statement Date | January 1, 2008 |

### About Your Compensation:

|  | Compensation as of 1/1/2008 |
|---|---|
| Job Title | Regional HR Director |
|  |  |
| Base Pay | $102,500 |
| Annual Incentive Target Percentage (%) | 25% |
| Annual Incentive Target Dollars ($) | $25,625 |
| Target Annual Total Cash Comp | $128,125 |
| Target Long-Term Incentive (LTI) Award* | $ 40,000 |
| Target Total Direct Compensation | $168,125 |
| One-time Retention Award* | $ 40,000 |

\* **Note:** Details regarding the 1/1/2008 LTI grant and cash retention award are in the award letters contained in this package.



Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

– and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | : Case No. 08-35653-KRH |
| Debtors. | : (Jointly Administered) |

### NOTICE OF SUBSTANTIVE HEARING AND RELATED BRIEFING SCHEDULE
(Nineteenth Omnibus Objection – Claim Numbers 14338 and 14097)
(Claimant(s) – Patricia C. Giordano and Anne L. Thumann)

PLEASE TAKE NOTICE that Circuit City Stores, Inc. Liquidating Trust (the "Trust"), by counsel, of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") **will seek to have the Court sustain over the response of Patricia C. Giordano and Anne L. Thumann the Liquidating Trust's Nineteenth Omnibus Objection to Certain Employee Priority Claims: No Liability; Not Entitled to Priority; Allow up to the Statutory Cap; and Reclassify, as Applicable (Miscellaneous HR Priority Claims) (the "Claim Objection")**.

PLEASE TAKE FURTHER NOTICE THAT, to the extent a claimant desires to file an additional response (the "Additional Response") to the Claim Objection, he/she should do so on or before October 11, 2011. The Trust may file a reply to any such Additional Response on or before October 31, 2011.

PLEASE TAKE FURTHER NOTICE THAT the Court will hold a hearing, receive evidence if appropriate, and entertain argument on the Claim Objection on **November 21, 2011 at 2:00 p.m.**, (or such time thereafter as the matter may be heard). The undersigned will appear before The Honorable Kevin R. Huennekens, United States Bankruptcy Judge, in Room 5000, of the United States Courthouse, 701 E. Broad Street Richmond, Virginia 23219 and ask for the Court to sustain the Claim Objection.

PLEASE TAKE FURTHER NOTICE THAT **the undersigned will proceed on a substantive basis on November 21, 2011 at 2:00 p.m., in support of the relief sought in the Claim Objection.**

PLEASE GOVERN YOURSELVES ACCORDINGLY.

Dated:   September 29, 2011

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
13th Floor
Los Angeles, California 90067-4100
Telephone: 805-123-4567
Facsimile: 310/201-0760
E-mail: jpomerantz@pszjlaw.com
         acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice of Substantive Hearing and Related Briefing Schedule was served on September 29, 2011 via electronic delivery to all of the parties receiving ECF notice in this bankruptcy case and via first-class mail, postage prepaid, on the following:

> Patricia C. Giordano
> 760 Durham Rd
> Pineville, PA 18946
>
> Anne L. Thumann
> 7086 Lionshead Pkwy
> Littleton, CO 80124

> */s/ Paula S. Beran*
> Paula S. Beran (VA Bar No. 34679)

3