UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

IN RE:                     .    Case No. 08-35653 (KRH)
                           .
                           .    Chapter 11
                           .    Jointly Administered
CIRCUIT CITY STORES,       .
INC., et al.,              .    701 East Broad Street
                           .    Richmond, VA 23219
                           .
        Debtors.           .
                           .    October 19, 2011
. . . . . . . . . . . . ..       2:12 p.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            Tavenner and Beran, PLC
                           By:  PAULA S. BERAN, ESQ.
                                LYNN L. TAVENNER, ESQ.
                           20 North Eighth Street, 2nd Floor
                           Richmond, VA 23219

                           Pachulski Stang Ziehl & Jones LLP
                           By:  PAMELA M. EGAN, ESQ.
                           150 California Street, 15th Floor
                           San Francisco, CA 94111

For Network Engineering    Kaplan & Frank, PLC
Technologies, Inc.:        By:  LESLIE A. SKIBA, ESQ.
                           7 East Second Street
                           Richmond, VA  23224


Proceedings recorded by electronic sound recording, transcript
                produced by transcription service

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

APPEARANCES (Cont'd):

Also Present:               MICHAEL W. BEAM, pro se

TELEPHONIC APPEARANCES:

For the Debtor:            Pachulski Stang Ziehl & Jones LLP
                           By:  ANDREW W. CAINE, ESQ.
                                JASON S. POMERANTZ, ESQ.
                           10100 Santa Monica Boulevard
                           Los Angeles, CA 90067


                        - - -

1          COURTROOM DEPUTY:  All rise.  Court is now in

2  session.  Please be seated and come to order.

3          COURT CLERK:  In the matter of Circuit City Stores,

4  Incorporated, hearing on Items 1 through 40 as set out on

5  proposed agenda.

6          MS. BERAN:  Good afternoon, Your Honor.

7          THE COURT:  Good afternoon, Ms. Beran.

8          MS. BERAN:  For the record, Paula Beran, of the law

9  firm of Tavenner and Beran, as co-counsel for the Circuit City

10  Stores Liquidating Trust.  With me today, Your Honor, at

11  counsels' table is Ms. Catie Bradshaw and Ms. Ann Pietrantoni,

12  who are both employed currently with the liquidating trust.

13          In addition, in the courtroom, Your Honor, there is

14  Ms. Pamela Egan, who is with the Pachulski law firm.  She is

15  the lead attorney on the trust HR claims team, as well as she

16  was recently assigned as the lead attorney on the tax claims.

17  In addition, as Your Honor knows, sitting next to her is my law

18  partner, Lynn Tavenner.

19          And I believe on the phone from the trust's

20  perspective, is Mr. Andrew Caine, of the Pachulski firm, and

21  also, I believe that Mr. Jason Pomerantz is on the line, as

22  well, in that Mr. Pomerantz is the lead attorney on the first

23  item on today's docket.  And so to the extent the Court had any

24  specific questions, Mr. Pomerantz is available.

25          THE COURT:  All right.  Very good.  Thank you, Ms.

1  Beran.

2          MS. BERAN:  Thank you, Your Honor.  Your Honor, there

3  are a number of matters on today's docket, and we respectfully

4  suggest that we go through them in order with a couple caveats

5  that I will address as we approach them.

6          THE COURT:  Okay.

7          MS. BERAN:  Your Honor, the first item on today's

8  docket is the Siegel versus Network Engineering Technologies,

9  Inc., second pretrial conference.  In connection with that

10 matter, Your Honor, the trust and the defendant is now ready

11 and/or prepared to set this matter down for trial.

12          We'd like approximately a day to a day and a half so

13 would respectfully request a reservation of two days.  In

14 speaking with your court scheduling clerk, as well as then

15 looking at respective calendars, the trust already has two

16 matters set for trial in May.  So we respectfully request that

17 this matter be set in June.

18          In looking at avoid dates from Mr. Pomerantz, as well

19 as for counsel for the defendants, it appears, as well as Your

20 Honor's calendar, that the dates of June 18th and June 19th

21 would be available, subject to Your Honor's approval.

22          THE COURT:  Those two days are available.

23          MS. BERAN:  Then, Your Honor, we respectfully request

24 that this matter be set down for trial on June 18th and June

25 19th.

1           THE COURT:  Okay.  And do we have counsel for Network

2   Engineering?

3           MS. SKIBA:  Yes, Your Honor.  Leslie Skiba of Kaplan

4   and Frank.  I'm here for the defendant, and those dates work

5   for us.

6           THE COURT:  They do?

7           MS. SKIBA:  Yes.

8           THE COURT:  Okay.  Very good.  Can the Court enter

9   its regular scheduling order or have counsel have their own

10  scheduling order or --

11          MS. BERAN:  Your Honor, in connection with this one,

12  pursuant to all the other APs, this is now on the track for

13  trial and it's Your Honor's standard pretrial, pursuant to Your

14  Honor's previous instructions.

15          THE COURT:  Okay.  So I'm going to issue my standard

16  pretrial order, then, and we'll try this case on the 18th and

17  19th.

18          MS. BERAN:  Thank you, Your Honor.

19          MS. SKIBA:  Thank you, Your Honor.

20          THE COURT:  All right.  Very good.

21          MR. POMERANTZ:  Thank you, Your Honor.

22          THE COURT:  Who is it that just spoke on the phone?

23          MR. POMERANTZ:  Mr. Pomerantz, Your Honor, and --

24          THE COURT:  Oh, I apologize, Mr. Pomerantz.  You were

25  previously introduced and I just didn't recognize your voice.

1  All right.  Thank you, sir.

2         MR. POMERANTZ:  No problem, Your Honor.  Thank you.

3         MS. BERAN:  Your Honor, turning now to the items

4  under the motions that have been resolved and/or continued,

5  Item Number 2 is a motion to reconsider motion for relief from

6  order and memorandum in support thereof.  In connection with

7  that matter, Your Honor, the trust has agreed to the requested

8  relief and will be tending an amended order relating to the

9  underlying claim and its objection.

10         THE COURT:  All right.

11         MS. BERAN:  Your Honor --

12         THE COURT:  So you'll submitting an order to that

13  effect?

14         MS. BERAN:  Yes, Your Honor.

15         THE COURT:  Okay.

16         MS. BERAN:  On Item Number 3, that is the Siegel

17  versus Merrimack, a series of motions that were filed in

18  connection with that AP.  As previously represented to the

19  Court, that matter has been resolved.  We are waiting and ask

20  Your Honor to continue this for consummation -- documentation

21  and consummation of that resolution.

22         I'm happy to report that that matter now has been

23  resolved, documented and consummated, and accordingly, the

24  matters -- all of the matters, including the underlying AP, may

25  be removed from the Court's docket, and we will be submitting a

1  motion to -- or a stipulation to dismiss shortly.

2           THE COURT:  All right.  Very good.  Thank you.

3           MS. BERAN:  Thank you, Your Honor.  Item Number 4 is

4  a motion that was filed by DIRECTV in connection with a motion

5  to authorize certain mediation and to conduct mediation in

6  California.  The parties are currently working to resolve the

7  underlying AP and thought it might be beneficial if we

8  continued this matter until the November 8th omnibus hearing

9  date to see if the underlying AP cannot be resolved before such

10 time we would have to argue the substance of their motion to

11 compel.

12          THE COURT:  All right.  Now, if we hear this on

13 November 8 is that then going to be a hearing that we will

14 conduct or be status at that time or what?

15          MS. BERAN:  Your Honor, the agreement of the parties

16 right now is that it will be a hearing that will be argued.

17          THE COURT:  Okay.

18          MS. BERAN:  The motion will be argued at that point

19 in time.  We're optimistic that we can have the underlying

20 adversary proceeding resolved between now and then, and we'll

21 come in and either argue it or report that it's resolved or

22 report where we are and where we think we should go from that

23 perspective, Your Honor.

24          THE COURT:  Okay.  Very good.  Thank you.

25          MS. BERAN:  Thank you, Your Honor.  Your Honor, that

1  now turns us to the numerous claims objections that are on

2  today's docket.  In connection with Number 5, that's the

3  debtors' nineteenth omnibus objection to claims.  There is one

4  claim that remains outstanding as it relates to that omnibus

5  objection.  We'd respectfully request that that one claim be

6  continued until the December 8th omni for status hearing.

7         THE COURT:  That'll be continued to the 8th.

8         MS. BERAN:  Thank you, Your Honor.  Item Number 6 is

9  the debtors' thirty-first omnibus objection to claims.

10 Similarly, Your Honor, there are a handful of claims that

11 remain outstanding as it relates to that omnibus objection.

12 We'd respectfully request that they be continued for status

13 hearing until the December 8th omnibus hearing.

14        THE COURT:  And they'll all be continued to December

15 8th.

16        MS. BERAN:  Thank you, Your Honor.  Item Number 7 is

17 the debtors' sixtieth omnibus objection to claims.  There is

18 still one claim that remains outstanding in connection with

19 that objection.  We'd respectfully request that that be

20 continued for status hearing to the December 8th omnibus

21 hearing.

22        THE COURT:  That'll be continued to December 8th.

23        MS. BERAN:  Similarly, Your Honor, there is the

24 debtors' seventy-sixth omnibus objection to certain claims.

25 There is one claim that remains outstanding that has not

1  otherwise been resolved.  We'd respectfully request that the

2  objection as it relates to that one claim be continued until

3  the December 8th omni hearing for status purposes.

4          THE COURT:  And that'll be continued.

5          MS. BERAN:  Thank you, Your Honor.  Item Number 9 on

6  today's agenda is the debtors' seventy-ninth omnibus objection

7  to claims.  In connection with that omnibus objection, Your

8  Honor, there are a handful of claims that still remained

9  outstanding.  We'd respectfully request that that -- those

10 claims as it relates to that objection be continued until the

11 December 8th omnibus hearing for status purposes.

12         THE COURT:  Those claims will be continued to the 8th

13 of December, as well.

14         MS. BERAN:  Thank you, Your Honor.  Your Honor, that

15 brings us to Item Number 10, which starts the series of the

16 liquidating trust's omnibus -- objections to claims, and

17 specifically, starting with Item Number 10 there are a series

18 of what we refer to as the trust's one-off tax objections.

19         Item Number 10 is the notice and objection to claim

20 of the California Board of Equalization.  We'd respectfully

21 request that this matter be continued for status purposes till

22 January 5th.

23         THE COURT:  Okay.

24         MS. BERAN:  Similarly, Your Honor, Item Number 11 is

25 a one-off tax objection as it relates to the claim of the

1  Arizona Department of Revenue.  We'd respectfully request that

2  it be continued for a status hearing to the January 5th, 2012,

3  omnibus hearing date.

4          THE COURT:  That'll be continued to January 5.

5          MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

6  Number 12 is another one-off that it's the notice and objection

7  to the claim of the City of New York Department of Finance.

8  We'd respectfully request that that matter be continued until

9  the January 5th omnibus hearing for status purposes only.

10         THE COURT:  It will be continued to January 5.

11         MS. BERAN:  Thank you, Your Honor.  Similarly, Your

12 Honor, Item Number 13 is the notice and objection to the claim

13 of the Tennessee Department of Revenue.  We'd respectfully

14 request that it be continued for status purposes to the January

15 5th hearing.

16         THE COURT:  It'll be continued to January 5, as well.

17         MS. BERAN:  Thank you, Your Honor.  Item Number 14,

18 is the notice and objection of claim to the Wisconsin

19 Department of Revenue.  We'd respectfully request that that be

20 continued for status purposes to the January 5th omnibus

21 hearing date.

22         THE COURT:  It'll be continued to January 5.

23         MS. BERAN:  Thank you.  In connection with Item

24 Number 15, Your Honor, that is a similar objection.  It's the

25 notice and objection to the claim of Louisiana Department of

1 Revenue.  We'd respectfully request that that be continued for

2 status purposes to the January 5th omnibus hearing date.

3          THE COURT:  It'll be continued to January 5.

4          MS. BERAN:  Thank you, Your Honor.  Similarly, Your

5 Honor, Number 16 is the notice and objection to the claim of

6 the Commonwealth of Massachusetts.  We'd respectfully request

7 that it be continued for status purposes until January 5th.

8          THE COURT:  It'll be continued to January 5.

9          MS. BERAN:  Thank you, Your Honor.  Item Number 17 is

10 the notice and objection to the claim of the State of New

11 Jersey.  We'd respectfully request that that be continued for

12 status purposes to the January 5th omni.

13          THE COURT:  It'll be continued, as well.

14          MS. BERAN:  And Your Honor, as it relates to the last

15 of these tax -- one-off tax objections.  Item Number 18 is the

16 notice and objection to the claim of the Commonwealth of

17 Virginia, Department of Taxation.  We'd respectfully request

18 that that be continued for status purposes to the January 5th

19 omnibus hearing date for status.

20          THE COURT:  It'll be continued to January 5.

21          MS. BERAN:  Thank you, Your Honor.  Item Number 19

22 begins the series of the liquidating trust's omnibus

23 objections.  Specifically, Item Number 19 is the liquidating

24 trust's first omnibus objection to landlord claims.  Your Honor

25 may recall, in connection with the numerous omnibus objections

1  we filed in connection with landlord claims, there are two

2  categories of claimants, those claimants that have -- responses

3  have been filed, as well as those claimants who the trust is

4  currently working with and the parties have agreed that no

5  response was due, and actually extended the response deadline.

6       For those two categories of claimants the hearings,

7  until otherwise noted or noticed up for substantive hearings,

8  shall be status hearings only.  So we are here today in

9  connection with that, and as it relates to Item Number 19 we'd

10  respectfully request that it be continued to the January 5th,

11  2012, omnibus hearing date.

12       I would note, Your Honor, that as it relates to that

13  first, there are certain of the claims that have been resolved

14  and those things have been identified on Exhibit B.  For the

15  remaining items on Exhibit B in connection with those two

16  categories, we'd respectfully request they be continued for

17  status hearing to July -- excuse me -- to January 5th.

18       THE COURT:  All right.  Those matters will be

19  continued to January 5.

20       MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

21  Number 20 is another landlord-related omnibus objection.  The

22  claims outstanding are identified on Exhibit B.  They are the

23  two categories of claims I previously described.  We'd

24  respectfully request that they be continued until January 5th

25  for status purposes.

1        THE COURT:  They'll be continued to January 5.

2        MS. BERAN:  Thank you, Your Honor.  Similarly, Your

3   Honor, on Item Number 21, the liquidating trust's third omnibus

4   objection to claims, those involve the two categories of claims

5   I've previously described, and we respectfully request that

6   they be continued until January 5th for status purposes.

7        THE COURT:  And they'll be continued to January 5.

8        MS. BERAN:  Thank you, Your Honor.  Item Number 22,

9   it's the liquidating trust's fourth omnibus objection.  As

10  indicated on Exhibit B, certain of those claims have been

11  resolved pursuant to procedures previously approved by this

12  Court, and they have been so indicated on Exhibit B.

13       The remainder of the claims, as indicated on Exhibit

14  B, fall into the two categories and we'd respectfully request

15  that the objection as it relates to those remaining claims be

16  continued for status purposes until the January 5th omnibus

17  hearing date.

18       THE COURT:  And they'll be continued to January 5.

19       MS. BERAN:  Thank you, Your Honor.  Item Number 23 is

20  the liquidating trust's fifth omnibus objection.  The claims

21  that remain subject to that objection fall into the two

22  categories.  We'd respectfully request that those claims, as

23  identified on Exhibit B, be continued until the January 5th

24  omnibus hearing for status purposes.

25       THE COURT:  They'll be continued to January 5.

14

1             MS. BERAN:  Thank you, Your Honor.  Your Honor, as it

2   relates to Items Number 24 and 25, these are not landlord

3   related.  However, they are liquidating trust omnibus objection

4   to miscellaneous claims.  Similarly, there are two categories

5   of claims as it relates to the ones remaining.  For these

6   objections we'd respectfully request that the two categories of

7   claims for Omni Number 6 be continued for status till the

8   January 5th omnibus hearing date for status purposes.

9             THE COURT:  And they'll be continued to January 5.

10             MS. BERAN:  Thank you, Your Honor.  Item Number 25 on

11   Page 26 is the liquidating trust's seventh omnibus objection.

12   As it relates to that omnibus objection, one of the claims has

13   been resolved, pursuant to procedures previously approved by

14   the Court, as indicated on Exhibit B, and that matter may be

15   withdrawn from the -- removed from the Court's docket.

16             The remaining claims fall into the two categories and

17   we'd respectfully request that they be continued until January

18   5th for status purposes.

19             THE COURT:  They'll be continued to January 5.

20             MS. BERAN:  Thank you, Your Honor.  Item Number 26 is

21   the liquidating trust's eighth omnibus objection to landlord

22   claims.  As indicated on Exhibit B, certain of those claims

23   have been resolved, pursuant to procedures previously approved

24   by Your Honor, and they -- those claims and the objections

25   related to the same may be removed from the Court's docket.

1          The remaining claims fall under the two categories.

2     We'd respectfully request that they be continued until the

3     January 5th omnibus hearing for status purposes.

4          THE COURT:  And they'll be continued to January 5.

5          MS. BERAN:  Thank you, Your Honor.  Similarly, on

6     Item Number 27 on today's agenda, that is the liquidating

7     trust's ninth omnibus objection to landlord claims.  As

8     indicated on Exhibit B, certain of the claims have been

9     resolved, pursuant to procedures previously approved by Your

10    Honor, and those matters may be withdrawn from the Court's

11    docket.

12         The remaining claims, as I've identified on Exhibit

13    B, fall into the two categories and we'd respectfully request

14    that those claims be continued for status purposes to the

15    January 5th omni.

16         THE COURT:  They'll be continued to January 5.

17         MS. BERAN:  Thank you, Your Honor.  Your Honor, that

18    brings us to Item Number 28.  That is a notice and objection to

19    claim of the liquidating trust's tenth omnibus objection to

20    disallow certain claims, specifically as it relates to the

21    short-term incentive program.

22         Your Honor, this is related to issues that are found

23    at the Item Number 39, an omnibus -- I mean -- an objection as

24    it relates to certain individuals' claims, and we'd

25    respectfully request that it be dropped down and be heard when

1  we get to Item Number 39.

2          THE COURT:  Okay.  So Item Number 28 will be heard in

3  connection with Item Number 39 when we get there.

4          MS. BERAN:  Yes, Your Honor.  Your Honor, on Item

5  Number 29, it's the liquidating trust's eleventh omnibus

6  objection to claims.  In connection with that, Your Honor, it

7  is scheduled today for status purposes.  I'm happy to report or

8  pleased to report that pursuant to Your Honor's briefing

9  schedule, the one claimant has filed his brief last week.

10         And in connection with the same the trust intends to

11 file its reply brief on or before October 31, and then that

12 manner will be -- that matter will be argued on a substantive

13 basis on November 21 at 2 p.m.  And in fact, Ms. Egan, who is

14 in the courtroom today, is going to be the one doing that

15 substantive argument on the 21st.

16         THE COURT:  All right.  Very good.

17         MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

18 Number 30 is the liquidating trust's twelfth omnibus objection

19 to disallow certain claims.  In connection with that, Your

20 Honor, we'd respectfully request that that matter be dropped

21 down to Item Number 39, as well, because it is a matter that

22 involves either evidentiary and/or legal argument, and we'd

23 like to handle all those at the same time.

24         THE COURT:  Okay.  It'll be -- Number 30, then, will

25 be dropped down, as well.

1          MS. BERAN:  Thank you, Your Honor.  Item Number 31 is

2   the liquidating trust's thirteenth omnibus objection to certain

3   priority claims.  In connection with the same, Your Honor,

4   there are the claims of Mr. Bruce Besanko, who are still

5   subject to that omnibus objection.  We'd respectfully request

6   that those matters be continued for -- I mean, excuse me --

7   continued for status hearing to the December 8th omnibus

8   hearing date.

9          THE COURT:  All right.  Why are we hearing these on

10  December 8 and all the others on the -- on January 5?

11         MS. BERAN:  Your Honor, because, first and foremost,

12  there are discussions currently going on with Mr. Besanko.  And

13  secondly, they -- we're trying to lump similarly situated

14  claims together and have them heard at the same time.  And we

15  thought that that was appropriate, to have certain on a --

16  certain of them on a certain track and others on another track.

17         THE COURT:  That makes good sense.

18         MS. BERAN:  Thank you, Your Honor.  As it relates to

19  the claim of Andrew Grosse, that has been noticed up for

20  substantive hearing today, and so we respectfully request that

21  we drop that matter down until Item Number 39.

22         THE COURT:  All right.

23         MS. BERAN:  Thank you, Your Honor.  Item Number 32 is

24  the liquidating trust's fourteen omnibus objection to certain

25  landlord claims.  As it relates to that omnibus objection, Your

1   Honor, certain of those claims have been resolved, pursuant to

2   procedures previously approved by Your Honor.

3         The remaining claims subject to that objection, as

4   identified on Exhibit B, fall into the two categories.  We'd

5   respectfully request that those be continued for status hearing

6   to the January 5th omnibus hearing date.

7         THE COURT:  And they'll be continued to January 5.

8         MS. BERAN:  Thank you, Your Honor.  Item Number 33 is

9   the liquidating trust's fifteenth omnibus objection to certain

10   landlord claims.  As it relates to that omnibus objection, as

11   identified on Exhibit B, certain of those claims have been

12   resolved, pursuant to procedures previously approved by Your

13   Honor, and therefore, those claims, as well as the objection

14   related to the same, may be removed from the Court's docket.

15         The remaining claims on Exhibit B fall into the two

16   categories, and we'd respectfully request that those be

17   continued until January 5th for status hearing purposes.

18         THE COURT:  They'll be continued.

19         MS. BERAN:  Thank you, Your Honor.  Similarly, the

20   liquidating number -- Item Number 34, the liquidating trust's

21   seventeenth omnibus objection to landlord claims, certain of

22   those items have been resolved, as indicated on Exhibit B.  The

23   remaining claims listed on Exhibit B fall into the two

24   categories, and we'd respectfully request that they be

25   continued for status purposes to January 5th.

1          THE COURT:  They'll be continued to January 5.

2          MS. BERAN:  Thank you, Your Honor.  Item Number 35 is

3  the liquidating trust's eighteenth omnibus objection to claims

4  filed by taxing authorities.  We'd respectfully request that

5  those claims be continued, and the objections related to the

6  same, be continued until January 5th for status purposes.

7          THE COURT:  They'll be continued to January 5.

8          MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

9  Number 36 is the liquidating trust's nineteenth omnibus

10  objection to certain employee priority claims.  As it relates

11  to this omnibus objection, Your Honor, in connection with the

12  claim of Brian L. LaCoursiere, that matter I'm happy to report

13  has been settled, pursuant to procedures previously approved by

14  Your Honor.  So that matter may be removed from the Court's

15  docket.

16          THE COURT:  All right.

17          MS. BERAN:  Similar -- not similarly -- in addition,

18  Your Honor, there is the matter that was originally noticed for

19  substantive hearing today in connection with the claim of Robyn

20  Davis, pursuant to a request from Mr. Davis' -- excuse me --

21  Ms. Davis' counsel relating to unavailability to be here today,

22  the trust has agreed to continue the substantive hearing to the

23  November 21st omni, as it relates to the objection and the

24  claim of Robyn Davis.

25          THE COURT:  All right.  Very good.  We'll hear that

1   on the 21st of November.

2         MS. BERAN:  Thank you.  Your Honor, as it relates to

3   the claims of Anne Thumann and Patricia Giordano, those have

4   previously been scheduled for substantive hearing on November

5   21st.

6         THE COURT:  All right.

7         MS. BERAN:  The remaining claims as it relates to

8   Auvill Browne, Brandi Fose, Melissa Gillard, Patrick Kennedy

9   and Jeffrey McDonald are set for substantive hearing today,

10  Your Honor, and we'd respectfully request that they be dropped

11  down a couple items until we get to Item Number 39.

12        THE COURT:  Okay.  Those will be dropped down to 39.

13        MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

14  Number 37 is the liquidating trust's twentieth omnibus

15  objection to certain landlord claims.  In connection with that,

16  as identified on Exhibit B, the trust has resolved certain of

17  the claims, and those claims, pursuant to procedures previously

18  approved by Your Honor, may be removed and the objection

19  related to the same may be removed from the Court's docket.

20        THE COURT:  All right.

21        MS. BERAN:  The remaining claims identified on

22  Exhibit B fall into the two categories, and the trust would

23  respectfully request that we continue those for status purposes

24  until the January 5th omnibus hearing date.

25        THE COURT:  They'll be continued to January 5.

1          MS. BERAN:  Thank you, Your Honor.  And similarly,

2     Your Honor, on Item Number 38, that is the liquidating trust's

3     twenty-first omnibus objection to landlord claims.  The trust

4     has resolved certain of those claims, pursuant to procedures

5     approved by the Court, and those claims may be removed from the

6     Court's docket.

7          The remaining claims identified on Exhibit B fall

8     into the two categories, and we'd respectfully request that

9     they be continued for status hearing until January 5th.

10          THE COURT:  They'll be continued to January 5.

11          MS. BERAN:  Thank you, Your Honor.  Your Honor, that

12     then brings us to Item Number 39, and there -- except for the

13     items that were previously dropped down, there would only be

14     two remaining matters, Item 39 and Item 40.  Given that Item 40

15     deals with a sealed matter, we'd respectfully suggest that we

16     go ahead and hear the substantive and/or legal argument on the

17     claims objection, and then that we then hear Number 40.

18          THE COURT:  Okay.  That makes good sense.

19          MS. BERAN:  Thank you, Your Honor.  Your Honor, we'd

20     respectfully suggest, that given we dropped some down because

21     they were substantive and others down because they were related

22     to Item Number 39, that I now go back through in order and I

23     will indicate as to which claims and how they are being

24     specifically addressed.

25          THE COURT:  Okay.

1          MS. BERAN:  Your Honor, and in connection with all of

2     these, I do have copies of the specific claim for the Court.

3     Your Honor, in connection with the liquidating trust's twelfth

4     omnibus objection to disallow certain claims, and that's

5     specifically identified as Item 30 on today's agenda, the claim

6     to which we're here before Your Honor on that omnibus objection

7     is the claim of Kenneth Duda, Claim Number 13339.

8          Your Honor, Claim Number 13339, I'm noting here, Your

9     Honor, because there is a distinction, in connection with Mr.

10    Duda's response.  He filed one response for two objections, but

11    he is subject to another omnibus objection, and that's

12    specifically Claim 13402, and that was -- claimed entitlement

13    under a different employee program, and that is actually set

14    for hearing on 11/21.

15         So the claim that is before Your Honor from a

16    substantive basis today is Claim Number 13339.  Claim Number

17    13339 seeks $20,000 as, quote -- and this is from his response

18    found at Docket Number 10141 -- administrative incentives and

19    were offered to me in the director of human resources role to

20    assist in the closing of stores.

21         Accordingly, Your Honor, the claim arises under the

22    long-term incentive program.  It is the trust's position

23    standing before Your Honor today that the criteria were not met

24    in order for there to be any entitlement under such program.

25    In connection with this position, Your Honor, the trust would

1  call to testify Ms. Ann Pietrantoni.  I'm happy to either call

2  her to the stand for testimony, and/or to proffer her testimony

3  to the Court.

4        THE COURT:  Okay.  Can you spell her name for the

5  Court and for the record?

6        MS. BERAN:  Your Honor, I will in one moment.  I

7  apologize.  I have done it phonetically, because I

8  mispronounced it so many times.

9        THE COURT:  That was what I was worrying -- I was not

10 wanting to do.

11       MS. BERAN:  I apologize, Your Honor.  Your Honor, it

12 is spelled P-i-e-t-r-a-n-t-o-n-i.

13       THE COURT:  All right.  Thank you very much.

14       MS. BERAN:  Your Honor, Ms. Pietrantoni was

15 previously employed --

16       THE COURT:  Are you anticipating there's going to be

17 any cross examination of Ms. Pietrantoni?

18       MS. BERAN:  Your Honor, I don't believe there is

19 going to be.  I don't --

20       THE COURT:  Okay.  Well, then you may go ahead and

21 proffer, and if somebody wants to cross examine based on the

22 proffer, then we certainly can.

23       MS. BERAN:  Thank you, Your Honor.  She was

24 previously employed as the director of financial reporting for

25 Circuit City.  She is currently employed by the trust as

1  reporting HR and landlord claims manager.  Ms. Pietrantoni has

2  reviewed Duda's claim and the response filed thereto.

3        She believed that it's based on the long-term

4  incentive program.  The terms are the same, are subject to a

5  letter agreement, which was attached to the objection and which

6  we believe the judge can introduce into evidence, given that

7  it's already part of the Court's docket.

8        In connection with entitlements under that program,

9  there were two requirements, Your Honor.  First and foremost,

10 there was a minimum availability requirement, and secondly,

11 there was a closing stock requirement, stock price requirement.

12 Specifically, Your Honor, on the first vesting date of July 1,

13 2009, was conditioned on, quote, maintaining excess

14 availability under all of the company's existing or future

15 credit facilities in effect as of February 28th, 2009.

16       Under the DIP credit facility, which was in effect

17 February 28th, 2009, excess availability was defined or

18 referred to the amount by which the lender's commitment or the

19 debtor's borrowing base, whichever was less, exceeded the

20 amount outstanding under the DIP credit facility.

21       This credit facility is already a part of the Court's

22 record, found at Docket Number 425, filed with the Court on

23 November 26th, 2008, and specifically as it relates to those

24 terms, Your Honor, it can be found at Page 19.  To the extent

25 necessary, Ms. Pietrantoni would testify that Circuit City did

1    not have excess availability under the DIP credit facility on

2    the first vesting date of July 1st, 2009.

3            In fact, she would testify the Circuit City did not

4    even have a credit facility as of July 1st, 2009.  Therefore,

5    Circuit City was not obligated to make the first payment under

6    the long-term incentive program.  Similarly, Your Honor,

7    payment on the second vesting date of January 1, 2010, was

8    conditioned upon the debtor's stock price exceeding $2.99 a

9    share on that date.

10            Payment on the third vesting date of July 1, 2010,

11   was conditioned on the debtor's stock price exceeding $3.99 a

12   share -- $3.99 a share on that date.  Ms. Pietrantoni would

13   testify that in 2010 Circuit City's stock price consistently

14   traded for 15 cents or less.

15            Therefore, the conditions necessary to payment on the

16   second and third vesting dates, i.e., stock prices in excess of

17   $2.99 and $3.99 on those dates respectively, did not occur and

18   Circuit City was not obligated to make the second and third

19   payments under the long-term incentive program.

20            Ms. Pietrantoni would testify that Mr. Duda had not

21   met the requisite requirement as it relates to his

22   participation under that plan, because that plan was premised

23   upon the company's performance as indicated, and therefore, Mr.

24   Duda was not entitled under the long-term incentive program.

25            Furthermore, Ms. Pietrantoni would testify that she

1   has no knowledge of any other basis under which Duda would have

2   qualified for a claim under the long-term incentive program.

3   Based upon the same, Your Honor, the trust respectfully

4   requests that the Court sustain the objection as it relates to

5   Claim Number 13339 of Kenneth Duda.

6         THE COURT:  All right.  Does any party in interest

7   wish to cross examine Ms. Pietrantoni?

8                    (No audible response)

9         THE COURT:  All right.  The Court will accept the

10   proffer.

11         MS. BERAN:  Thank you, Your Honor.  Based --

12         THE COURT:  And you want to make any argument or are

13   you done with that?

14         MS. BERAN:  Your Honor, based on the same, the trust

15   would respectfully request that the Court sustain the objection

16   as it relates to Claim 13339 of Mr. Duda.

17         THE COURT:  All right.  Does any party wish to be

18   heard in connection with the objection to Claim Number 13339 of

19   Kenneth Duda?

20                    (No audible response)

21         THE COURT:  All right.  There being no objection, the

22   Court having heard the evidence finds that Mr. Duda did not

23   meet the necessary requirements under the long-term incentive

24   program for qualification, and accordingly, the claim will be

25   disallowed.

1          MS. BERAN:  Thank you, Your Honor.  Your Honor, the

2    next matter from the Court's docket would be the notice and

3    objection to claim liquidating trust's thirteenth omnibus

4    objection to certain priority claims: allow up to the statutory

5    cap, reclassify, disallow as applicable under the employment

6    contract severance claims, which is Item Number 31 on today's

7    docket.

8          In connection with that omnibus objection, Your

9    Honor, we stand before you seeking relief as it relates to the

10   claim objection of Mr. Andrew Grosse, Claim Number 369, and his

11   response can be found at the Court's docket at 10207.  In its

12   objection the trust sought to reclassify the entire amount of

13   his claim.

14         However, Your Honor, we're standing before you today

15   after further review and we are seeking to reclassify all but

16   $1,186.23 for the reasons I will articulate.  Similarly, Your

17   Honor, the trust is prepared to call Ms. Pietrantoni to the

18   stand.  To the extent she was called to testify, she would

19   testify that Grosse received $9,763.77 in post-petition

20   payments for pre-petition work.

21         Specifically, Ms. Pietrantoni would testify that this

22   consisted of, one, a paycheck for $7,692.31, issued on November

23   13th, 2008, for the pay period 10/23/2008 through 11/5/2008.

24   In addition, she would testify that he received car allowance

25   in the amount of $533 for the pay period of 10/24/2008 through

28

1   11/6/2008, and a third component was a paycheck for $7,692.31,

2   issued on November 26th, 2008, for the pay period November 6,

3   2008, through November 19th, 2008.

4          Ms. Pietrantoni would also testify that in looking at

5   that third component, 20 percent of this paycheck, or

6   $1,538.46, was for pre-petition work performed on 11/6/2008 and

7   11/7/2008.  Based on the post-petition receipt of these amounts

8   for pre-petition earnings, the only amount that could be

9   entitled priority in connection with this claim would be

10  $1,186.23.

11         We'd respectfully thus request that the Court

12  reclassify the remaining amount of Mr. Grosse's claim to

13  general unsecured, with the reservation of rights for the trust

14  to further review.

15         THE COURT:  All right.  Does any party wish to cross

16  examine the proffered witness?

17                    (No audible response)

18         THE COURT:  All right.  The Court will accept Ms.

19  Pietrantoni's proffered testimony in this respect, as well.

20  The Court also finds that based thereon that Mr. Grosse had

21  received post-petition payments on account of pre-petition

22  wages, and that the claim should be reclassified except in the

23  amount of $1,186.23, and that -- with the trust reserving its

24  rights with regard to the remainder of the claims.

25         MS. BERAN:  Thank you, Your Honor.  That now brings

1  us to the notice and objection to claim of the liquidating

2  trust's nineteenth omnibus objection to certain employee

3  priority claims: no liability, not entitled to priority, allow

4  up to the statutory cap, and reclassify as applicable the

5  miscellaneous HR priority claims.

6          That item is Item Number 36 on today's agenda.  And

7  in connection with that there are several claims that -- still

8  subject to that omnibus objection that I will now proceed to

9  address individually.

10         THE COURT:  All right.  You may.

11         MS. BERAN:  Yeah.  Your Honor has been handed the

12  claim of Auvill V. Browne, Claim Number 13297.  That is a

13  priority claim.  To the extent necessary, Ms. Pietrantoni would

14  testify that Mr. Browne or Auvill Browne's employment ceased on

15  September 11th, 2006.  Therefore, it could not have been earned

16  within 180 days of the petition date, and therefore, it could

17  not be the -- obtain a priority status.

18         Based on that testimony, Your Honor, we would seek to

19  reclassify the claim from priority to general unsecured, with

20  the reservations of rights to further review and/or object.

21         THE COURT:  All right.  Does any party wish to cross

22  examine the proffered witness in connection with this matter?

23                    (No audible response)

24         THE COURT:  Does any party wish to be heard in

25  connection with this matter?

1                    (No audible response)

2          THE COURT:  All right.  The request for relief shall

3    be granted.

4          MS. BERAN:  Thank you, Your Honor.

5          THE COURT:  And we're still dealing with the

6    nineteenth --

7          MS. BERAN:  Yes, Your Honor.

8          THE COURT:  -- omnibus objection.  Okay.

9          MS. BERAN:  Yes, Your Honor.  In connection with that

10   omnibus objection, the next claim that is subject to hearing

11   today is the claim of Melissa Michelle Gillard, and that's

12   Claim Number 8522, which Your Honor has now received a copy of.

13   In connection with that claim, the claimant is seeking $106 in

14   unpaid wages and $2,583.90 for penalty wages pursuant to a

15   state statute.

16          In connection with the same, Your Honor, the trust's

17   position is that only 106 of those wages are entitled to

18   priority status.  Specifically, Your Honor, the amount of

19   $2,583.90 for penalty wages are not entitled to priority

20   status, as was held in the in re Channel One Communications,

21   Inc., case found at 125 B.R. 234, Bankruptcy for the Eastern

22   District of Missouri, 1991, and as well, in the case of in re

23   Garlepied Transfer, Inc., 97 B.R. 305 at the -- for the Eastern

24   District of Louisiana, a 1989 case.

25          Both of those cases address the distinction between

1  earned wages and penalty wages pursuant to the statute, and

2  both determined that such, quote, unquote, penalty wages are

3  not entitled to priority status.  And in fact, Your Honor, the

4  Channel One Court went one step further and held that the

5  penalty wages were not entitled to priority status, but

6  instead, should be subordinated to the general unsecured

7  claims, pursuant to 11 U.S.C. Section 510(c).

8           In this instance, Your Honor, Ms. Pietrantoni would

9  testify that only 106 of Gillard's claim is for alleged earned

10 wages and the remaining $2,583.90 is a type of penalty wage

11 being claimed pursuant to state statute.  While this trust does

12 not concede the entitlement to that $2,583.90, we are standing

13 before Your Honor today only seeking to reclassify that 200 and

14 -- excuse me -- $2,583.90 to general unsecured claims, with the

15 standard reservations of rights to further review in the

16 context of the trust's claim review process.

17          THE COURT:  All right.  And then the 106 would be

18 entitled to priority.

19          MS. BERAN:  Yes, Your Honor.

20          THE COURT:  Okay.  Does any party wish to be heard in

21 connection with the Gillard claim?

22                    (No audible response)

23          THE COURT:  All right.  The Court, then, will grant

24 the relief.  The 2583.90 will be reclassified as a general

25 unsecured claim, subject to the trust's reservation of rights

1  to reexamine that, and the 106 will be allowed as a priority

2  claim.

3         MS. BERAN:  Thank you, Your Honor.  Your Honor, the

4  next claim subject to Omni 19 is the claim of Patrick Gerald

5  Kennedy, Claim Number 4441, which has now been handed to Your

6  Honor.  In connection with this claim, the claimant seeks

7  approximately $6,098.89 for a laundry list of things, and seeks

8  that on the basis of a priority claim.

9         To the extent necessary -- and it's a very long claim

10  with lots of supporting -- purported supporting

11  documentation -- to the extent necessary I would call Ms.

12  Pietrantoni to the stand.  If she was called to testify, she

13  would say that she has reviewed the claim extensively,

14  including all of the documentation attached to that claim, and

15  that only the amount of $391.07 for alleged paid time off arose

16  between 5/13/2008 and the petition date, i.e., the 180 days.

17        Ms. Pietrantoni would go one step further, Your

18  Honor, to testify that she then took that proof of claim and

19  reviewed it against the debtor's books and records, and that

20  there was no evidence that any amount claimed due and owing in

21  Mr. Kennedy's claim is on the debtor's books and records.

22        Ms. Pietrantoni would also testify that the only

23  amounts for pre-petition wages that are on the debtor's books

24  and records are those relating to stale payroll checks.  Ms.

25  Pietrantoni would also testify that she personally went through

1  the list of the same and she was not able to see that there

2  were any outstanding or stale payroll checks due and owing or

3  made payable to Kennedy.

4        Based on the same, Your Honor, the trust would

5  respectfully request that Mr. Kennedy's claim be expunged.

6        THE COURT:  All right.  Does any party wish to cross

7  examine the proffered witness?

8                    (No audible response)

9        THE COURT:  All right.  So if I understand, then, the

10 testimony, that $391.07 for paid time off would, pursuant to

11 the proof of claim, have fallen within the 180-day period, but

12 when Ms. Pietrantoni went back and looked at the books and

13 records of the debtor, could find no evidence of any liability

14 for that amount, either.

15        MS. BERAN:  Correct, Your Honor.

16        THE COURT:  Okay.  So you're asking, then, that the

17 entire amount be disallowed.

18        MS. BERAN:  Yes, Your Honor.

19        THE COURT:  Okay.  And that will be -- objection will

20 be sustained.

21        MS. BERAN:  Thank you, Your Honor.  Your Honor, I'd

22 just beg the Court's indulgence.  I will -- the next claims are

23 similar and --

24                    (Pause)

25        MS. BERAN:  Your Honor, the remaining matters relate

1   to the objections related to Circuit City's short-term

2   incentive program.  These objections are found at the notice

3   and objection to the claim of Michael W. Beam, the liquidating

4   trust objection to administrative claims of Michael W. Beam,

5   reclassify Claim No. 6022 to general unsecured and Reclassify

6   then disallow Claim No. 13410 as duplicative, Item Number 39 on

7   today's docket.

8          The notice and objection to claim, the liquidating

9   trust's tenth omnibus objection to disallow certain claims

10  under the short-term incentive program, specifically Claim

11  Numbers 14923 and 7041, for the claimants of Christina A.

12  Sparks and Debora Angel Williams.  That is found at Item Number

13  28 on today's docket.

14         And then the notice and objection to claim, the

15  liquidating trust's nineteenth omnibus objection to certain

16  employee claims: no liability, not entitled to priority,

17  allowed up to the statutory cap and reclassify as applicable

18  the miscellaneous HR priority claims.

19         The claimants that are subject to this objection on

20  this basis are Brandi Fose and Jeffrey McDonald, and those

21  claims are 6906 and 7583, respectively.  As Your Honor may

22  recall, Circuit City had an annual, short-term,

23  performance-based incentive program, or what we've commonly now

24  referred to as the short-term incentive program, which began

25  each year in March and pursuant to which certain employees were

35

1  eligible to earn cash incentive awards based on, one, company

2  performance criteria, and two, individual performance in

3  certain cases.

4        The company's performance criteria and the

5  applicability of the individuals' performance criteria depended

6  upon the short-term incentive program's participants' position

7  at Circuit City.  On August 21st, 2009, the debtors filed the

8  debtors' thirty-sixth omnibus objection to claims, specifically

9  a disallowance of certain claims relating to short-term

10 incentive plan.

11        In the thirty-sixth omnibus objection, the debtors

12 sought the disallowance of the two -- Mr. Beam's claims, as

13 well as other unsecured claims seeking payment of bonuses that

14 were due under the short-term incentive program on the grounds

15 that Beam and the other claimants had not established that they

16 had met the company-wide, as well as personal performance,

17 goals that were necessary conditions to receiving a bonus under

18 the short-term incentive program.

19        On September 16th, 2009, Mr. Beam filed a response to

20 the thirty-sixth omnibus objection and that response is

21 docketed at the Court's docket at 4958, in which he stated that

22 he had met the personal performance goals.  He also admitted

23 that the Claim Number 13410 and Claim 6022 both sought payment

24 of the same bonus, and that to the extent, this -- these claims

25 were duplicative.

1          On March 22nd, 2011, of this year, the Court held a

2   hearing on the thirty-sixth omnibus objection.  At this hearing

3   Mr. Beam testified that he had met the personal performance

4   criteria necessary to be entitled to a bonus under the

5   short-term incentive program.  He also requested payment of the

6   STIP bonus on an administrative priority basis.  The

7   liquidating trust did not oppose Beam's testimony regarding his

8   performance.  However, as Your Honor may recall, the

9   liquidating trust did ask for leave to contest the request for

10  administrative priority.

11         At that hearing, Your Honor ruled that one of Mr.

12  Beam's claims should be allowed in the amount of one --

13  $19,186.23, because Mr. Beam had met the conditions necessary

14  to receive this amount under the short-term incentive program.

15  In essence, Your Honor may recall that you ruled if an

16  individual was employed at Circuit City on May 15th, 2009, and

17  had established that he or she had met the personal criteria,

18  the claimant was entitled to a claim under the short-term

19  incentive program.

20         The Court also ruled that one of Mr. Beam's claims

21  should be allowed as duplicative and that a liquidating trust

22  would have an additional amount of time regarding Mr. Beam's

23  contention that the $19,186.23 should be paid on an

24  administrative priority basis.

25         And Your Honor, at that hearing you did express a

1   desire to have the Beam objection resolved without further

2   objection, and we heard you loud and clear, Your Honor.

3   However, as Your Honor may also recall, in examining the Beam

4   claim, the trust became concerned about resolving it or

5   consenting to it, in that this Court had previously entered the

6   supplemental fifty-sixth omnibus objection order, and the

7   seventy-fourth omnibus objection order, pursuant to which this

8   Court held that claims for bonuses under the short-term

9   incentive program that were substantially identical to the Beam

10  claims were not entitled to administrative priority and should

11  instead be reclassified as an unsecured claim.

12          Furthermore, given that the Court had entered orders

13  in connection with the debtor thirty-sixth omnibus objection,

14  disallowing and expunging certain claims for bonuses under the

15  short-term incentive program that were substantially identical

16  to the Beam's claims.

17          In addition, Your Honor, there were other claimants

18  that are still subject to having their matters heard under the

19  fact that their claims had not yet been objected to at that

20  point in time, as well as certain of the claims have been

21  objected to now, given the timing of the Court's ruling.

22          To add to the trust's concern was the fact that

23  certain of the expunged claims, reclassified claims and

24  existing claims belong to individuals who are currently

25  employed by the trust.  Given all these facts, we came before

1  Your Honor at the next omnibus hearing, disclosed all this in

2  open court on April 14th, 2011, and indicated that we thought,

3  the trust thought, that it would be appropriate to file an

4  objection to the Beam claims -- claim, as well as to these

5  other similarly situated claims, so that all facts could be

6  disclosed to the Court, the Court could rule in a manner that

7  Your Honor thought appropriate, and thereby, the trust would

8  avoid any appearance of impropriety.

9          Pursuant to what we represented to Your Honor at that

10 omni hearing, thereafter the trust did file, reluctantly, but

11 because it felt like it had the fiduciary duty to do so, filed

12 the objection to the Beam claim, as well as, Your Honor, at

13 this point, noticed up the objection as it related to the other

14 four remaining claimants.

15         Specifically as it relates to those four remaining

16 claimants, Your Honor, the trust would indicate that it has

17 received information from the four claimants, and based on Your

18 Honor's previous rulings and review of evidence associated with

19 the personal criteria, the trust stipulates that each of those

20 four remaining claimants have met his or her personal criteria.

21         So today, the only issue as it relates to these

22 claims is the nature of entitlement.  And simply put, Your

23 Honor, the trust does not believe that these claims should

24 receive administrative treatment.  Specifically, Your Honor, as

25 articulated by the courts in the <u>Merry-Go-Round</u> and <u>in re</u>

1 <u>Baseline Sports Inc.</u>, cases and in order to determine whether a

2 claim qualifies as an administrative expense, the claim must

3 meet that two-prong test.

4       First and foremost, the claim must arise out of a

5 post-petition transaction between the creditor and the

6 debtor-in-possession or trustee, and two, the consideration

7 supporting the claimant's right to the payment must be supplied

8 to and beneficial to the debtor-in-possession in the operation

9 of the business.

10       Your Honor, the claims today fail the first part of

11 that two-part test, because they arrive from the

12 short-term incentive plan, which began in March 2008, before

13 the petition date.  As the <u>Dornier Aviation</u> Court has stated,

14 "The claim of a creditor arising under a pre-petition, general"

15 -- excuse me, Your Honor -- "The claim of a creditor arising

16 under pre-petition contract is simply a general unsecured in

17 the bankruptcy case."

18       Therefore, the claimants today cannot meet the first

19 part of this conjunctive test, and on this ground alone the

20 claims are not entitled to administrative priority.  Your

21 Honor, this conclusion is based on the Fourth Circuit's law

22 regarding when a claim arises.

23       And as we've known, I had been taught as a law clerk,

24 make sure when you cite <u>A.H. Robbins</u>, you cite it for the

25 proposition for which it stands, because <u>A.H. Robbins</u> is

1  regularly mis-cited.  But the <u>A.H. Robins</u> case did cite and it

2  indicated that you look to the conduct test to determine when a

3  claim arises.

4        And under the conduct test, a claim arises when the

5  event or conduct giving rise to the claim first occurs.  In

6  this instance, Your Honor, that is pre-petition in connection

7  with the date of the letter agreement that has been previously

8  introduced into evidence in connection with that last March

9  omni hearing before Your Honor.

10       Your Honor, the trust has provided an additional

11  amount of case law and legal authority to support the same, and

12  I am happy to go through it.  But what I think is most

13  important is in applying these principles, Your Honor

14  previously had a similar colloquy with Mr. Gilardi as it

15  relates to this issue, and in connection with that colloquy and

16  after reviewing programs for bonuses that were subject to the

17  short-term incentive program and substantially identical to the

18  claims before Your Honor, Your Honor concluded and thereafter

19  entered orders that they were not entitled to administrative

20  status.

21       Specifically, Your Honor, and I have a copy of the

22  transcript, on March 25th, 2010, in connection with reviewing

23  these claims and after the colloquy before -- after many --

24  several attorneys had came up and made arguments, and then

25  there was a colloquy between Your Honor and Mr. Gilardi as it

1   related to the administrative nature, Your Honor concluded,

2   "All right.  The Court is prepared to rule.  The Court is going

3   to disallow the administrative claims filed under 503(b)(1).

4   The Court does view these agreements as executory.  There may

5   be some priority claims.  The Court does not have that issue

6   before it right now, and I guess I'm sorry to some extent that

7   I raised the issue when it wasn't before me, since so much

8   turned on that.  But to the extent that any party wants to file

9   that when the contracts are -- these agreements are ultimately

10  rejected, we'll take it up at the appropriate posture at the

11  appropriate time, at that point.  And so the Court is not going

12  to make any ruling with regard to Section 507(a)(3) or (a)(4).

13  Rather -- and, but with regard to the administrative claims

14  under 503(b)(1), the Court is going to disallow the claims."

15          And after that ruling, Your Honor, in connection with

16  the debtor's submission of the supplemental fifty-sixth omnibus

17  objection order and the seventy-fourth omnibus objection

18  orders, they were entered in this case at Docket Number 7081

19  and 7856 respectively, wherein the Court reclassified these

20  claims under the short-term incentive program from

21  administrative priority to unsecured claims.

22          Based on the following, Your Honor, we'd respectfully

23  request that Your Honor determine today that the claims of Mr.

24  Beam, Sparks, Williams, Fose and McDonald are not entitled to

25  administrative status.  The trust does recognize, Your Honor,

42

1  that there still could be an issue as it relates to whether the

2  claims are entitled to priority status.  The trust does not

3  believe so, but --

4          THE COURT:  <u>Dornier</u> would suggest that perhaps they

5  are.

6          MS. BERAN:  Your Honor, the trust understands in

7  connection with Your Honor's ruling in <u>LandAmerica</u>, which we do

8  believe is distinguishable, as well as the colloquy of the

9  whole, entire transcript with Mr. Gilardi, that there is an

10  issue as it relates to priority.

11          And we would respectfully suggest, Your Honor, that

12  we not have that argument heard today, but we do it at the

13  November 21st hearing.  And we do that, Your Honor, not from a

14  strategic purpose or perspective, but instead, Your Honor, we

15  do it because the trust truly believes it's the right thing to

16  do and the appropriate thing to do, and it's for this reason we

17  think that, Your Honor.

18          There is currently set for substantive hearing on the

19  21st the trust's eleventh omnibus objection, wherein there are

20  issues related to whether certain participants in Circuit

21  City's special cash retention plan are entitled to priority

22  claims.  While the trust standing here today understands that

23  each HR program will need to be examined independently, the

24  trust does not want there to be an appearance that we were

25  trying to prejudice anyone's rights or that we were trying to

1   jump ahead of that November 21st hearing, Your Honor.

2          The trust had agreed to a briefing schedule and an

3   argument date with the claimants under Omni 11.  That claimant

4   filed his brief.  The trust intends on filing a brief for the

5   Court's briefing schedule on or before October 31.  So, Your

6   Honor, the trust believes it's best to continue the matter as

7   it relates to priority.

8          The trust does truly do it with an apology to Mr.

9   Beam.  We understand that he has now been here on two

10  substantive hearing dates.  We appreciate the same and we would

11  suggest that maybe Mr. Beam be permitted to appear and

12  participate telephonically at the November 21st hearing if he

13  so desires.

14         But we would note, Your Honor, that Mr. Beam is also

15  one of the claimants that is subject to the objection under the

16  eleventh omnibus hearing date, as well.  So to the extent he

17  was going to be here, he would be here anyways.  But

18  nonetheless, we did want to make on the record -- state on the

19  record, I apologize --

20         THE COURT:  How many times do we object to his claim?

21         MS. BERAN:  Your Honor, given the fact that, as Your

22  Honor is aware from your days as -- from a trustee, as well as

23  when employees file a claim they file it under multiple

24  programs and multiple claims.  And what the trust has tried to

25  do in connection with the -- and I think what the debtor tried

1  to do -- is we tried to handle the similarly situated claims

2  together so we don't have the issue that we're almost facing

3  today, is that we have orders that have been entered and now we

4  have an identical issue, and the trust just truly believes that

5  all of these claims, similarly situated claims, should be

6  treated equally.

7         Based on the same, Your Honor, or in summary, the

8  trust respectfully requests the Court sustain the objection,

9  determining that the claims for bonuses under the short-term

10 incentive program are not entitled to administrative status,

11 and continue until the November 21st omnibus hearing date the

12 issue of whether they are entitled to priority status.

13         THE COURT:  All right.  Thank you.  Mr. Beam, you

14 wish to be heard?

15         MR. BEAM:  Yes.  Here?

16         THE COURT:  Yes, sir.

17         MR. BEAM:  Thank you.  Thank --

18         THE COURT:  You've already testified and the Court

19 recalls your prior testimony regarding the -- your qualifying

20 for it.  The only question here is not whether you're entitled

21 to the amounts, but what is the relative priority in the

22 bankruptcy scheme.

23         And what the trust is saying is that it's not

24 entitled to administrative priority, okay?  Do you understand

25 the argument that they're making?

1          MR. BEAM:  I do.

2          THE COURT:  Okay.  And what they're saying that it

3    may or may not be entitled to priority treatment, but what they

4    want to do is they want me to rule today that it's not an

5    administrative claim and defer until the November hearing date

6    the issue of priority.

7          MR. BEAM:  I understand, Your Honor.

8          THE COURT:  Okay.  You may proceed.

9          MR. BEAM:  Thank you, sir.  I guess what I'm -- what

10   I would like to submit to the Court, which was in my response

11   to the latest objection from -- of the -- the date that was

12   referenced on March 22nd, was the two points that they were

13   noted in the objection, one that was just referenced around

14   pre-petition or post-petition.

15          In my response I noted for the Court, Your Honor,

16   that there are a couple of key dates that were applicable to

17   the bonus program we're talking about, at which case both of

18   those have to be met to even be eligible for the bonus.  And

19   that was the end of the fiscal year, February 28th, which as

20   you've indicated, we've talked about that, that I was there,

21   and on May 15th.  So I'd submit that both of those dates had to

22   be met even to become eligible, then, for the bonus payout.

23   Both of those are post-petition dates.

24          The other item referenced -- regarded benefit to the

25   operations or to the estate of paying out the bonus.  And in my

1   response, Your Honor, I noted many of the efforts which I was

2   responsible for and directed, both prior to the February 28th

3   date and prior to the payout date, were directly related to the

4   wind-down efforts for IT, which were instrumental in allowing

5   the vacating of the corporate headquarters, substantial savings

6   to the estate, subsequently, then, also efforts to help

7   solidify the sale of the Circuit City website intellectual

8   property, which was responsible for several million dollars of

9   income to the estate.  So it seemed to be significant benefit

10  during that time period, as well, to the estate, which went

11  into my performance.

12          Those were the items I reiterated in my response,

13  Your Honor.  The only other question I would ask the Court, if

14  -- and it was referenced and I understood at the last hearing

15  there would be time granted to review and make sure the status

16  was appropriate for my claim.

17          As noted in the record, it was a 30-day period.  I

18  know I received the objection response three months after the

19  fact.  I just would ask the Court if that was in the spirit of

20  the request that was granted on that day.

21          THE COURT:  All right.

22          MR. BEAM:  Thank you.

23          THE COURT:  Thank you.  All right.  The Court has

24  before it the objection to these claims to the status of

25  whether they're administrative claims or not.  The Court has

1 previously ruled that personal performance criteria was met,

2 and then the question is, what is the qualification -- what is

3 the status of the -- to which the claim is entitled, whether it

4 be administrative priority or just general unsecured.

5         The Court is cognizant of the two-part test that has

6 to be met for administrative status, and that is that it has to

7 be supplied to and be beneficial to the estate, and second,

8 that it has to rise out of a post-petition transaction.  The --

9 and the Court is also aware of the <u>A.H. Robins</u> criteria under

10 which that has to be met.

11        And the Court is cognizant of its previous colloquy

12 with debtor's counsel, Mr. Gilardi in this case having

13 addressed this issue previously, and the Court is aware that it

14 has entered orders in connection with the fifth-sixth and

15 seventy-fourth omnibus objections, and that -- and the need to

16 be consistent throughout.

17        The Court reluctantly is going to deny administrative

18 status to the claims.  I think that they did arise

19 pre-petition.  They were -- did arise out of an executory

20 contract.  Even though the work was performed, you know, well

21 afterward, I think that it's when it first arose.  That's the

22 standard that's been established by the Courts and that's the

23 standard this Court is compelled to follow.

24        And so that will be the ruling today.  The Court is

25 not going to make a ruling with regard to the priority,

1  although I would suggest that the Court is keenly aware of

2  Judge Mitchell's decision in <u>Dornier</u>, and although it was

3  dicta, and I previously addressed this matter in <u>LandAmerica</u>

4  and look forward to your trying to distinguish it on the 21st.

5          But these claims may very well be entitled to

6  priority, but we'll wait till the 21st until we address that.

7          MS. BERAN:  Thank you, Your Honor.  Your Honor, the

8  only remaining matter on today's agenda is the matter that --

9  it's a motion to approve settlement filed under seal, which is

10  Item Number 40, and that matter will be addressed by Ms.

11  Tavenner.

12          THE COURT:  Okay.  Before we leave this last issue, I

13  want to raise something for Mr. Beam's benefit, and then we can

14  address that, and that is that he does have a right to appeal,

15  you know, my decision.  However, I think at this point that

16  it's an interlocutory decision, I would suggest.  I don't know.

17  And I would like to get counsel for the trust to weigh in on

18  this.  Until I rule on the 21st I don't think that there's any

19  time clock running on him at this point in time, but I do want

20  to know whether you take a different position on that.

21          MS. BERAN:  Your Honor, the trust is fine making that

22  determination that there isn't --

23          THE COURT:  Okay.  So this is an interlocutory, and

24  then it will not be final until after the 21st.  And so there's

25  no clock that's running on Mr. Beam or these other claimants

1    with regard to their appellate rights with regard to the

2    claims.

3             MS. BERAN:  Given the circumstances, Your Honor, the

4    trust is willing to agree to the same.

5             THE COURT:  Okay.  Very good.

6             MS. EGAN:  Your Honor, Pamela Egan.  Excuse me for

7    interrupting.  I just wanted to clarify, as well, that on

8    Halloween when we file -- we're going to be filing a brief

9    regarding the executory nature of the special cash retention

10   program in the context of Omnibus 11, and I think it's

11   appropriate that we also submit a brief with respect to the

12   executory nature of the short-term incentive program, that --

13   and so on Halloween we'll be filing a separate brief addressing

14   that issue, as well.  And they'll all be heard on the 21st and

15   we'll notice that.

16            THE COURT:  Okay.  Very good.

17            MS. EGAN:  Thank you.

18            THE COURT:  I appreciate that.  That'll be good.  All

19   right.  So and then, Mr. Beam, what that means is, so you

20   understand, you don't have any time clock that's running right

21   now with regard to your right to note an appeal of this Court's

22   decision with regard to the administrative versus whatever

23   other classification, because I haven't completed the

24   classification of the claim and fully allowed it or disallowed

25   it or anything else.

50

1            And that'll be part of a final order that'll flow out

2    of the hearing that will happen on November 21, and that's when

3    your rights will be -- to appeal will -- your time clock will

4    start to run.  And then if you want to appeal, you'll need to

5    do it at that point in time and then you don't need to worry

6    about being caught in a Catch-22 situation here now, okay?

7            MR. BEAM:  Thank you, Your Honor.

8            THE COURT:  All right.  Now, Ms. Tavenner, you want

9    to take up matter Number 40?  And Mr. Beam, you can stay for

10   matter number -- well, actually, I need to seal the courtroom,

11   because this matter is going to be under seal.  So I'm going to

12   have to ask you to leave.

13           MR. BEAM:  Thank you, sir.

14           THE COURT:  And I'll see you back -- now, are you

15   coming in from out of town, sir?

16           MR. BEAM:  I work not far from here.  So I'll either

17   -- I can usually walk here.

18           THE COURT:  Okay.  Very good.

19           MR. BEAM:  Now, for the November 21st, you're talking

20   about?

21           THE COURT:  We'll welcome you back here, then.

22           MR. BEAM:  Thank you, sir.

23           THE COURT:  We'll give you a special plaque for the

24   number of appearances you have to make in this case.

25                    (Laughter)

51

1          MR. BEAM:  Thank you.

2          THE COURT:  All right.

3          (Whereupon, at 3:22 p.m., the hearing in the above-

4  entitled matter concluded.)

5                  --oOo--

6               CERTIFICATE

7          I, ELIZABETH REID-GRIGSBY, a certified electronic

8  transcriber, certify that the foregoing is a correct

9  transcript, to the best of the transcriber's ability, from the

10  official electronic sound recording of the proceedings in the

11  above-entitled matter.

12

13  /s/ Elizabeth Reid-Grigsby      October 31, 2011

14  Elizabeth Reid-Grigsby

15  AAERT CET**00145

16  J&J COURT TRANSCRIBERS, INC.

17

18

19

20

21

22

23

24

25