| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel to the Circuit City Stores, Inc.*     *Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*     *Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | ) Chapter 11 |
| | ) |
|                 Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**NOTICE OF MOTION FOR EXAMINATION OF RECORDS
CUSTODIAN OF THE WASHINGTON STATE WORKERS
COMPENSATION FUND UNDER RULE 2004 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

      **PLEASE TAKE NOTICE THAT** Alfred H. Siegel, As Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), has filed Motion for Examination of Records Custodian of the Washington State Workers Compensation Fund Under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court), a copy of which is simultaneously being served upon you.

      **<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases.  (If you do not have an attorney, you may wish to consult one).**

      **PLEASE TAKE FURTHER NOTICE THAT** in connection with the Debtors' Chapter 11 Cases, a Supplemental Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 6208] (the "Case Management Order") was entered by the Court on December 30, 2009, which, among other things, prescribes the manner in which written responses must be filed and served and when hearings will be conducted.  A copy of the Case Management Order may be obtained at no charge at www.kccllc.net/circuitcity or for a fee via PACER at http://www.vaeb.uscourts.gov.

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then in accordance with the Case Management Order and Local Bankruptcy Rule 2004-1 below, you or your attorney must:

☒ Within seven (7) days of service of this Motion, file with the Court, at the address shown below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1 and the Case Management Order.

> Clerk of the Court
> United States Bankruptcy Court
> 701 E. Broad Street, Suite 4000
> Richmond, VA 23219

You must also serve a copy on:

> Lynn L. Tavenner
> Tavenner & Beran, PLC
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia 23219

If you or your attorney do not take these steps, pursuant to Local Rule 2004-1, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE THAT** in the event a response is timely filed as set forth herein, a hearing will be scheduled on **November 21, 2011 at 2:00 p.m.**, (or such time thereafter as the matter may be heard) the undersigned will appear before The Honorable Kevin R. Huennekens, Unites States Bankruptcy Judge, in Room 5000, of the Unites States Courthouse, 701 E. Broad Street, Richmond, Virginia 23219, and will move the Court for entry of an order approving the Motion.

Dated:   November 10, 2011

      */s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email: ltavenner@tb-lawfirm.com
      pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Jason S. Pomerantz, Esq.
 (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail:jpomerantz@pszjlaw.com
      acaine@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 10th day of November 2011, a true and correct copy of the foregoing Notice of Motion for Examination of Records Custodian of the Washington State Workers Compensation Fund Under Rule 2004 of the Federal Rules of Bankruptcy Procedure was served electronically through the Court's CM/ECF System on all parties receiving electronic notice in this case and by United States mail, postage prepaid to:

State Workers Compensation Fund,
Department of Labor and Industry
7273 Linderson Way SW
Olympia, WA 98501-5414

                 _/s/ Lynn L. Tavenner_____
                 Lynn L. Tavenner

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**MOTION FOR EXAMINATION OF RECORDS
CUSTODIAN OF THE WASHINGTON STATE WORKERS COMPENSATION FUND
UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), through its Trustee, Alfred H. Siegel, hereby moves the Court (the "Motion")  pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 2004-1, enter an order authorizing the examination of the custodian of records for the State of Washington Workers Compensation Fund ("Washington WCF") and to require the Washington WCF to produce the documents described in Exhibit A attached hereto (the "Documents").  In support of this Motion, the Trust represents as follows:

**Jurisdiction**

1.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Actions referenced herein will be commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and will be core proceedings under 28 U.S.C. § 157(b).

**General Case Background**

2.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. ("InterTAN Canada") (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act*.

3.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.  On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations.  On January 17, 2009, commenced going out of business sales commenced at all of the Debtors' retail locations, and were completed as of March 8, 2009.

2

5.     On August 9, 2010, the Debtors and the Creditors' Committee filed their Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order").

6.     Among other matters provided for in the Confirmation Order, in paragraphs 11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors' estates that are to be transferred to the Liquidating Trust on the Effective Date in accordance with the Plan and Liquidating Trust Agreement.

7.     The Plan became effective on November 1, 2010, and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust has assumed the right and responsibility to liquidate the Debtors' remaining assets, analyze, investigate, and if appropriate, object to claims, and distribute the proceeds to satisfy the allowed claims of creditors.

### The Need For 2004 Examination and Document Production

8.     Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that "[u]pon motion of any party in interest, the Court may order the examination of any entity." Fed. R.

Bankr. P. 2004. The scope of the examination is broad, including inquiry into "any matter which may affect the administration of the debtor's estate." *Id.*

    9.    By this Motion, the Trust seeks an examination of and production of documents by the Washington WCF in order to determine the appropriate reserves necessary for certain outstanding workers' compensation claims against the Debtors. While the Trust, the Debtors' excess carrier (Old Republic Insurance Company) and their representatives have specifically requested the claim information from the Washington WCF, the Washington WCF has not responded to the requests. Old Republic Insurance Company is holding collateral as security for any claim payments it makes within the deductible layer of the excess policies (as well as for other amounts owed to Old Republic Insurance Company). The Trust needs to know the amount of Ohio workers' compensation claims that would potentially fall within that excess layer in order to help determine the appropriate amount of collateral to be held by Old Republic Insurance Company.

    10.    The Trust's requests are specific and reasonable, as follows:

    a.. Loss runs reflecting any payments made by the State, and any reserves established, for all workers' compensation claims asserted against the Debtors arising on or after October 1, 2003, which were assumed by the State, whether such claims are currently open or closed.

    b. Any and all documents relating to any workers' compensation claims asserted against the Debtors, including but not limited to all claim files, any correspondence, memoranda, pleadings or settlement agreements relating to the claims, any evaluations of the claims, and any reserve reports.

    11.    After production of the documents, it is likely that the Trust will not need to conduct an oral examination with respect to the documents.

    WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B: (i) authorizing the Trust to take the examination of the

4

Washington WCF pursuant to Bankruptcy Rule 2004 on such date as the parties mutually agree but no later than December 15, 2011, (ii) compelling the Washington WCF to produce the documents described on Exhibit A attached hereto at the law offices of Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd, 13th Floor, Los Angeles, California 90067 (Attn: Andrew W. Caine, Esq.), pursuant to this Court's order and relevant subpoena, not later than December 8, 2011; and (iii) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: Richmond, Virginia
       November 10, 2011

              By:   */s/ Lynn L. Tavenner*
                 Lynn L. Tavenner, Esq. (VSB No. 30083)
                 Tavenner & Beran, PLC
                 20 North Eighth Street, Second Floor
                 Richmond, VA  23219
                 (804) 783-8300

                 -and-

                 Jeffrey N. Pomerantz, Esq.
                 Andrew W. Caine, Esq.
                 (admitted *pro hac vice*)
                 PACHULSKI STANG ZIEHL & JONES LLP
                 10100 Santa Monica Boulevard
                 Los Angeles, California 90067-4100
                 Telephone: (310) 277-6910

                 *Counsel to the Circuit City Stores, Inc. Liquidating Trust*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 10th day of November 2011, a true and correct copy of the foregoing Notice of Motion for Examination of Records Custodian of the Washington State Workers Compensation Fund Under Rule 2004 of the Federal Rules of Bankruptcy Procedure was served electronically through the Court's CM/ECF System on all parties receiving electronic notice in this case and by United States mail, postage prepaid to:

State Workers Compensation Fund,
Department of Labor and Industry
7273 Linderson Way SW
Olympia, WA 98501-5414

                 */s/ Lynn L. Tavenner*_____
                 Lynn L. Tavenner

6

# EXHIBIT A
(Document Request)

## DEFINITIONS

1. "CLAIMANT", "BOARD", "YOUR" and "YOU" shall mean the State of Washington Workers Compensation Fund, its predecessors in interest, affiliates, and past and present officers, directors, agents, servants, employees, and anyone else acting on its behalf or otherwise subject to its control.

2. "COMMUNICATIONS" shall mean and include, without limitation, any Documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

3. "DOCUMENTS" shall mean and include, without limitation, any written, recorded, or graphic matter, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices, disks, or other media or data compilation from which information can be obtained, including originals, copies (with or without notes or changes thereon) and drafts, including, without limitation, papers, books, letters, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone conversations, interviews, conferences or other meetings, affidavits, statements, summaries, reports, studies, analyses, evaluations, appraisals, estimates, projections, charts, schedules, work sheets, proposals, contracts, agreements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing output and input, microfilms, photographs or negatives thereof, all other records kept by electronic, photographic or

mechanical means, and things similar to any of the foregoing however denominated and any or all matter or material attached or affixed to any of the above.  Any copy of excerpt of a document which bears any notes, additions, inserts or other markings of any kind is to be considered a separate "document" for purposes of responding hereto.

4. "DEBTORS" shall mean Circuit City Stores, Inc. and all other debtors in these consolidated cases, their affiliates, divisions or departments, and all of their past and present officers, directors, agents, servants, employees, contractors and anyone else acting on their behalf or otherwise subject to their control.

5. "CONCERNING" shall mean relating to, constituting, concerning, referring to, regarding, bearing upon, supporting or negating, summarizing, pertaining to, alluding to, commenting upon, touching upon, recording, consisting of, affecting, reflecting, discussing, describing, evidencing, mentioning or having any logical or factual connection with the matter in question.

6. "PERSON" is defined as all natural individuals, corporations, partnerships, or other business associations, and all legal entities.

7. "IDENTIFY" when used in reference to a document shall mean to state its (1) author(s), recipient(s) and addressee(s); (2) date; (3) general subject matter; (4) current or last known location; and (5) current or last known custodian.

## **INSTRUCTIONS**

1. Each document is to be produced with all non-identical copies of drafts thereof, in its entirety, without abbreviations or redactions.

2. You are requested to produce all documents responsive to these requests within your possession, custody and/or control.

3. You are requested to produce the documents as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

4. If any responsive document is to be withheld or redacted under a claim of attorney-client privilege, and/or work product immunity, each such document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged documents called for by these requests, and which shall include: (a) the document number; (b) the document date; (c) the document type; (d) the author(s) of the document; (e) the recipient(s) of the document; (f) a specific description of the subject matter of the document; and (g) a designation of the privilege claimed.

5. This is a continuing request for production and you are requested to promptly provide supplemental responses if you create, receive, identify or locate any additional documents responsive to these requests.

6. In each instance where the responding party denies having or being able to obtain materials responsive to this request for production which the answering party admits exists or existed, the answering party is to:

(a) In the case of documents in existence, identify the documents by date, type (e.g., letter, memorandum, chart, etc.) and content and identify the last known person, persons or entity in control of the documents by specifying the name, address and telephone number of the last person, persons or entity who has possession of such documents.

(b) In the case of documents which the answering party contends are no longer in existence, the answering party is to identify the document as in subparagraph (a) above and set forth the last known date on which said documents existed, the person, persons or entity in control of the documents at such time, the reason for destruction of the documents, and the manner of destruction of the documents.

## **REQUESTS**

1. Loss runs reflecting any payments made by YOU, and any reserves established, for all workers' compensation claims asserted against the DEBTORS arising on or after October 1, 2003, which were assumed by the State, whether such claims are currently open or closed.

2. Any and all DOCUMENTS CONCERNING any workers' compensation claims asserted against the DEBTORS, including but not limited to all claim files, any correspondence, memoranda, pleadings or settlement agreements relating to the claims, any evaluations of the claims, and any reserve reports.

**EXHIBIT B**

(Order)

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*    *Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**ORDER AUTHORIZING RULE 2004
EXAMINATION OF RECORDS CUSTODIAN OF
WASHINGTON STATE WORKERS COMPENSATION FUND**

This matter came before the Court on the Motion for Examination Of Records Custodian of the State of Washington Workers Compensation Fund Under Rule 2004 Of the Federal Rules of Bankruptcy (the "Motion") filed by the Circuit City Stores, Inc. Liquidating Trust. The Court having reviewed the Motion, and having been fully advised in the premises, and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A.    Unless otherwise defined herein, capitalized terms have the same meanings as those ascribed in the Motion.

B.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.　　This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.　　Notice of the Motion (and service of the proposed order) was sufficient under Local Rule 2004-1.

E.　　The Motion is in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court.

F.　　The requested examination and production of documents is appropriate and necessary for the proper administration of these cases.

IT IS HEREBY ORDERED THAT:

1.　　The Motion is hereby GRANTED

2.　　A Records Custodian of the Washington State Workers Compensation Fund be and hereby is directed to submit to an examination by the Trust pursuant to Rule 2004 of the Bankruptcy Rules at a place and time mutually agreeable to the parties provided, however, that absent an agreement the examination shall be on or before December 15, 2011, at the offices of _____.

3.　　A Records Custodian of the Washington State Workers Compensation Fund be and hereby is directed to produce the Documents (as described on Exhibit A attached hereto) at a place and time mutually agreeable provided, however, that absent an agreement the Documents shall be produced on or before December 8, 2011 at the offices of Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd, 13th Floor, Los Angeles, California 90067 (Attn: Andrew W. Caine, Esq.).

4. Upon entry, the Movant shall serve (by electronic delivery, or first class mail, postage prepaid) copies of this Order on: the Office of the United States Trustee, the State of Washington Workers Compensation Fund and its counsel (if known).

Enter:    /    /2011.

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, First Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

3

## **CERTIFICATION**

      I hereby certify that the foregoing proposed Order Authorizing Rule 2004 Examination of Washington State Workers Compensation Fund has either been endorsed by all necessary parties or was served, by electronic delivery, telecopy or overnight delivery (next business day) on all necessary parties.

                                                                                        Lynn L. Tavenner (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178