Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,. | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES (REDUCTION OF PARTIALLY INVALID CLAIM; DISALLOWANCE <u>OF NO LIABILITY, AND LATE-FILED CLAIMS)</u>

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Twenty-Seventh Omnibus Objection to Claims Filed by Taxing Authorities (Reduction of Partially Invalid Claim; Disallowance of No Liability, and Late-Filed Claims) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to partially reduce certain invalid claims and to disallow late and/or otherwise invalid claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|-----|-------------|-------------|---------------------|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON DECEMBER 29, 2011</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**<u>Critical Information for Claimants</u>**
**<u>Choosing to File a Response to the Objection</u>**

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on December 29, 2011 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on January 5, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

    a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts

3

that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.     a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.     a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.     the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.     to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    November 14, 2011

/s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
            pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
13th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
            acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

– and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

**LIQUIDATING TRUST'S TWENTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS FILED BY TAXING AUTHORITIES
(REDUCTION OF PARTIALLY INVALID CLAIM; DISALLOWANCE OF NO
LIABILITY, RESOLVED, AND LATE-FILED CLAIMS)**

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Liquidating Trust</u>"), through Alfred

H. Siegel, the duly appointed trustee of the Trust (the "<u>Trustee</u>"), pursuant to the *Modified*

*Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors*

*and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Twenty-*

*Seventh Omnibus Objection to Claims Filed by Taxing Authorities (Reduction of Partially*

*Invalid Claim; Disallowance of Invalid, Resolved, and Late-Filed Claims)* (the "<u>Objection</u>"), and

hereby moves this court (the "<u>Court</u>"), pursuant to sections 105, 502 and 503 of title 11 of the

United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (as amended, the "<u>Bankruptcy Code</u>"), Rule 3007

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Bankruptcy

Rule 3007-1, for an order, the proposed form of which is attached hereto as **Exhibit A**, granting

the relief sought by this Objection, and in support thereof states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502 and 503,

Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

*[This Objection continues on the next page.]*

## BACKGROUND

2.      On November 10, 2008, the debtors in the above-captioned cases (the

"Debtors")[1] filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy

Code.

3.      On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors..

4.      On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to*

*Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)*

*Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form*

*and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for governmental

units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11,

2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court

approved the form and manner of the claims bar date notice, which was attached as Exhibit A to

the Claims Bar Date Order (the "Claims Bar Date Notice").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City
Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
(1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising
Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City
Stores PR, LLC (5512).

7.     On December 17 and 19, 2008, KCC served a copy of the Claims Bar

Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all

of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other

parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The

Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.     On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an

agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent

(the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant

to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been completed.

9.     On April 1, 2009, this Court entered an *Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "Omnibus Objection Procedures Order").

10.     On May 15, 2009, the Court entered that certain *Order Pursuant to*

*Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting*

*Administrative Bar Date and Procedures for Filing and Objecting To Administrative Expense*

*Request and (ii) Approving Form and Manner of Notice Thereof* (Docket No. 3354), pursuant to

which June 30, 2009 (the "First Administrative Claims Bar Date") was set as the deadline for

filing administrative claims.  Notice of the First Administrative Claims Bar Date was served on

all parties entitled to such notice in compliance with the terms of the Administrative Claims Bar

Date Order.

11.     On February 19, 2010, the Court entered its *Order Pursuant to Bankruptcy Code Section 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Second Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (ii) Approving Form and Manner of Notice Thereof* (the "Second Administrative Bar Date Order") [Docket no. 6555].  Pursuant to the Second Administrative Bar Date Order, any administrative claims arising during the period May 1, 2009 through December 31, 2009 were due by March 31, 2010 (the "Second Administrative Claims Bar Date").  Notice of the Second Administrative Claims Bar Date was served on all parties entitled to such notice in compliance with the terms of the Administrative Claims Bar Date Order.

12.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an order confirming the Plan.[2]  The Plan became effective on November 1, 2010.  Pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claims.  Further pursuant to the Plan, any administrative claims arising on or after January 1, 2010 were due by December 31, 2010 (the "Final Administrative Claims Bar Date").  Notice of the Final Administrative Claims Bar Date was served on all parties entitled to such notice and in compliance with the terms of the Plan.

13.     On July 18, 2011, the Court entered an Order (the "Omnibus Objection No. 18 Order") (Docket No. 10961) which sustained the *Liquidating Trust's Eighteenth Omnibus Objection to Claims Filed by Taxing Authorities (Reduction of Certain Partially Invalid Claims;*

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

*Disallowance of Certain Invalid Claims; Disallowance of Certain Duplicate Claims; Reclassification of Certain Claims; Disallowance of Certain Amended or Certain Duplicate Claims; Disallowance of Certain Late-Filed Claims; Disallowance or Reduction of Certain Invalid Claims; and Fixing the Amount of Certain Claims)* ("Omnibus Objection No. 18") (Docket No. 10062) with respect to the Resolved Claims, as described more fully below.

### BURDEN OF PROOF

14.    Pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly filed proof of claim is *prima facie* evidence of the validity of the claim.  However, when an objection to a proof of claim raises sufficient evidence, the burden of proof shifts to the claimant to establish that the claim is allowable.  *See In re Garvida*, 347 B.R. 697 (9th Cir. BAP 2006); *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992).  Moreover, the holder of a claim always bears the burden of persuasion.  *Id.*

15.    Under certain circumstances where a claim is made against a debtor by a taxing authority, the tax payer bears the ultimate burden of proof.  *See*, *e.g. Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22 (2000).

16.    Requests for administrative expense payment are not given the same evidentiary weight as proofs of claim and the claimant bears the burden of proving entitlement to administrative priority.  *In re Merry-Go-Round Enterprises, Inc.,* 180 F.3d 149 (4th Cir. 1999).

### SUMMARY OF RELIEF REQUESTED

17.    The Liquidating Trustee requests an Order (i) reducing the claim identified on **Exhibit C** attached hereto (the "Reduced Claim") on the ground that according to the Debtors' books and records only a reduced amount is owing, (ii) disallowing each of the claims identified on **Exhibit D** (the "No Liability Claims"), on the ground that, according to the

Debtors' books and records, no amount is owing, (iii) disallowing each of the claims identified

on **Exhibit E** (the "Resolved Claims") on the ground that the Resolved Claims have already been

resolved by the Omnibus Objection No. 18 Order, and (iv) disallowing each of the claims

identified on **Exhibit F** (the "Late-Filed Claims") on the ground that the Late-Filed Claims were

filed after the applicable claims bar date.

## OBJECTIONS TO CLAIMS

18.    By this Objection, the Liquidating Trust seeks entry of an order, in

substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections

105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, reducing or

disallowing the claims as set forth more specifically herein.

19.    The claims (the "Claims") subject to this Objection are listed in

alphabetical order in **Exhibit B**, attached hereto.

20.    The Liquidating Trustee or employees working under his supervision have

reviewed each of the Claims that are the subject of this Objection, the books and records of the

Debtors as they relate to such Claims, and the documents filed in this case.  Each of the specific

grounds set forth below are based on the foregoing review.

**A.    The Reduced Claim**

21.    The Reduced Claim, which was filed by the City of Cincinnati

("Cincinnati") and which is listed on **Exhibit C,** should be reduced from the filed amount of

$2,766.12 and allowed on a general unsecured basis in the reduced amount of $75.00.  Circuit

City Stores, Inc., the specific Debtor against whom the Reduced Claim is asserted, scheduled the

Reduced Claim in the amount of $75.00 in its Schedule of Assets and Liabilities.  This amount

reflects a fee related to a false alarm to the fire department.  According to the proof of claim filed

7

by Cincinnati, the balance of the claim is related to maintenance performed in 2010 with respect to a traffic signal.  However, in 2010, none of the Debtors, including Circuit City Stores, Inc., were conducting business or owned property near the traffic signal listed in the proof of claim. Therefore, the Debtors are not liable for this amount.

22.    Based on the foregoing, the Reduced Claim should be reduced and allowed in the amount of $75.00 on a general unsecured basis.

**B.    The No Liability Claims**

23.    The No Liability Claims listed on **Exhibit D** should be disallowed and expunged in their entirety.  As set forth in **Exhibit D**, many of the No Liability Claims assert an amount owing of zero.  This amount comports with the Debtors' books and records and these No Liability Claims should be expunged.

24.    With respect to the No Liability Claims asserted by the Alameda County Tax Collector ("Alameda"), in addition to being late (see below), these No Liability Claims assert property taxes that are based on inflated valuations of the property taxed.  According to the Debtors' books and records, including the Debtors' valuation of its property at the applicable time, no tax should be owing on this property.[3]

25.    With respect to the No Liability Claim asserted by the City of Moreno Valley, it asserts the right to payment from Circuit City Stores West Coast, Inc. for a license to conduct business in 2010.  However, the Debtors, including Circuit City Stores West Coast, Inc.,

---

[3] Other claims asserted by Alameda with respect to the same property are already the subject of Omnibus Objection No. 18.  These No Liability Claims are not encompassed in Omnibus Objection No. 18 because they were filed after the Liquidating Trust filed Omnibus Objection No. 18.

were not conducting business during 2010 and therefore a business license was not required,

requested, or used.

26.    With respect to the No Liability Claim asserted by the Ohio Department of

Taxation, it seeks to impose a franchise tax assessment on Circuit City Stores West Coast, Inc.

However, Circuit City Stores West Coast, Inc. never conducted business in the State of Ohio and

therefore no amount is owing to the State of Ohio.

27.    With respect to the No Liability Claim asserted by SC Department of

Revenue, it seeks to deny valid bad debt deductions that CC took on certain South Carolina tax

returns pursuant to applicable state law.

28.    Based on the foregoing, each of the No Liability Claims should be

disallowed and expunged in their entirety.

**The Resolved Claims**

29.    The Resolved Claims listed on **Exhibit E** should be disallowed and

expunged in their entirety.  **Exhibit E** lists the claims of the Kansas Department of Revenue

("Kansas"), Laredo Community College ("Laredo"), and the Nevada Department of Taxation

("Nevada").

30.    With respect to Kansas, the Claimant attempted to amend its claims (the

"Kansas Resolved Claims") after they had already been expunged by the Omnibus Objection No.

18 Order.  "Amending" a claim after it has already been expunged is akin to "amending" a

complaint after it has already been dismissed.  The proper procedure would have been to move to

reconsider, move to set aside or to appeal the Omnibus Objection No. 18 Order.  Kansas did not

follow any of these procedures.  Accordingly, the Kansas Resolved Claims should be disallowed

and expunged in their entirety.

9

31.     With respect to Laredo, in Omnibus Objection No. 18, the Liquidating Trust asked that the Court fix the amount of the claim of Laredo (the "Original Laredo Claim") in the amount of $4,800.30 on a secured basis.  Just days before the Liquidating Trust filed Omnibus Objection No. 18, Laredo amended its claim to assert the right to payment on a secured basis of $14,955.08 (the "Amended Laredo Claim").[4]  However, Laredo did not respond to Omnibus Objection No. 18 and the amount of the Original Laredo Claim was fixed at $4,800.30 on a secured basis pursuant to the Omnibus Objection No. 18.  The Debtors' books and records show $4,800.30 owing, Laredo admitted this assertion by failing to object to Omnibus Objection No. 18 and the Court fixed the Debtors' liability to Laredo at $4,800.30.  Allowing the Amended Laredo Claim would result in an overpayment to Laredo.  Accordingly, the Liquidating Trust requests that the Court disallow and expunge the Amended Laredo Claim in its entirety.

32.     With respect to Nevada, in Omnibus Objection No. 18, the Liquidating Trust asked that the Court fix the amount of the claim of Nevada (the "Original Nevada Claim ") in the amount of $5,760 on a priority basis.  After the Trust filed Omnibus Objection No. 18, Nevada amended and reduced its claim to $5,719.00 (the "Amended Nevada Claim").  The Omnibus Objection No. 18 Order did not address the Amended Nevada Claim and instead allowed the Original Nevada Claim in the amount of $5,760 on a priority basis.  Because the difference of $41.00 is *de minimis*, the Liquidating Trust is not attempting to reduce the First Nevada Claim.  However, it is objecting to the Amended Nevada Claim on the ground that allowing it would in effect create a double payment to Nevada.  Accordingly, the Liquidating Trust requests that the Court disallow and expunge the Amended Nevada Claim in its entirety.

---

[4]Omnibus Objection No. 18 did not address the Amended Laredo Claim because it was filed after the Objection had already been prepared and just days before the Objection was filed.

33.    Based on the foregoing, each of the Resolved Claims should be disallowed and expunged in their entirety.

**C.    The Late-Filed Claims.**

34.    The Late-Filed Claims listed on **Exhibit F** should be disallowed and expunged in their entirety on the ground that they were filed after the applicable bar date.  Both Late-Filed Claims were filed by the Alameda County Tax Collector ("Alameda").  Claim No. 15223, filed by Alameda on April 4, 2011, asks for taxes that were incurred during the period July 1, 2009 through June 30, 2010.  Thus, it had to be filed by the Final Administrative Bar Date of December 31, 2010.  It was filed after this date on April 4, 2011, and should, therefore, be disallowed.

35.    Claim No. 15224, also filed by Alameda on April 4, 2011, seeks payment for prepetition taxes.  Thus, it had to be filed by the Governmental Bar Date of May 11, 2009.  It was filed almost two years later on April 4, 2011.

36.    Accordingly, the Late-Filed Claims should be disallowed and expunged in their entirety.

**RESERVATION OF RIGHTS**

37.    The Liquidating Trust continues its review of the validity of all claims/expenses filed against the Debtors' estates.  Certain of the Claims may be subject to disallowance or reduction for reasons not stated in the Objection.  Accordingly, the Claims may be the subject of additional subsequently filed objections.  To that end, the Liquidating Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.  Furthermore,

11

the Liquidating Trust reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

38.     Notice of this Objection has been provided to all Claimants with Claims (the "Claimants") that are the subject to this Objection as identified on **Exhibit B** through **Exhibit F**, respectively, and to parties in interest in accordance with the *Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving each Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

39.     To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 P.M. (Eastern) on December 29, 2011** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the

Objection, the Liquidating Trust requests that the Court conduct a status conference[5] with respect

to any such responding claimant at **2:00 p.m. (Eastern) on January 5, 2012** and thereafter

schedule the matter for a future hearing as to the merits of such claim.  However, to the extent

any Claimant fails to timely file and properly serve a response to this Objection as required by

the Case Management Order and applicable law, the Liquidating Trust requests that the Court

enter an order, substantially in the form attached hereto as **Exhibit A**, reducing the Reduced

Claim as set forth on **Exhibit C** hereto, disallowing the No Liability Claims as set forth on

**Exhibit D** hereto, disallowing the Resolved Claims as set forth on **Exhibit E** hereto, and

disallowing the Late-Filed Claims as set forth on **Exhibit F** hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

40.    This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

41.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

42.    No previous request for the relief sought herein has been made to this

Court or any other court.

---

[5] In accordance with the Omnibus Objection Procedures Order, Claimants who timely respond to the Objection do not need to appear at the status conference.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia  
     November 14, 2011

TAVENNER & BERAN, PLC

___*/s/ Paula S. Beran*_____  
Lynn L. Tavenner (VA Bar No. 30083)  
Paula S. Beran (VA Bar No. 34679)  
20 North Eighth Street, 2nd Floor  
Richmond, Virginia 23219  
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP  
Jeffrey N. Pomerantz, Esq.  
Andrew W. Caine, Esq.  
10100 Santa Monica Boulevard  
Los Angeles, California 90067-4100  
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP  
Robert J. Feinstein, Esq.  
780 Third Avenue, 36th Floor  
New York, New York 10017  
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*  
*Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |

## ORDER SUSTAINING LIQUIDATING TRUST'S TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIM; DISALLOWANCE OF NO LIABILITY, RESOLVED, AND LATE-FILED CLAIMS)

THIS MATTER having come before the Court on the *Liquidating Trust's*

*Twenty-Seventh Omnibus Objection to Claims Omnibus Objection to Claims Filed by*

*Taxing Authorities (Reduction of Certain Partially Invalid Claim; Disallowance of No Liability, Resolved, and Late-Filed Claims)* (the "Objection"),[1] which requested, among other things, that the claims specifically identified on Exhibit C through Exhibit F attached to the Objection be reduced or disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested in the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Reduced Claim identified on Exhibit A as attached hereto and incorporated herein is forever reduced for all purposes in these bankruptcy cases in the manner stated in Exhibit A.

3.    The No Liability Claims identified on Exhibit B as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4.      The Resolved Claims identified on <u>Exhibit C</u> as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

5.      The Late-Filed Claims identified on <u>Exhibit D</u> as attached hereto and incorporated herein are forever disallowed for all purposes in these bankruptcy cases.

6.      The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

7.      The Liquidating Trust shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.


Dated: Richmond, Virginia
          November __, 2011


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

3

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


*/s/ Lynn L. Tavenner*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                          - and -

PACHULSKI STANG ZIEHL & JONES
LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                          - and –

PACHULSKI STANG ZIEHL & JONES
LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                          */s/ Lynn L. Tavenner*_____
                          Lynn L. Tavenner


4

**EXHIBIT B-MASTER LIST**
**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| | | CLAIM AS FILED | | | CLAIM AS REQUESTED | | |
|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Claimant Name and Address | Claim Amount (as filed) | Debtor | Proposed Modified Claim | Debtor | Exhibit |
| 4/4/2011 | 15223 2001522301 | Alameda County Tax Collector 1221 Oak St Rm 131 Oakland, CA 94612 | $ 1,221.05 (admin) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit D -- No Liability Exhibit F -- Late |
| 4/4/2011 | 15224 2001522401 | Alameda County Tax Collector 1221 Oak St Rm 131 Oakland, CA 94612 | $ 3,205.35 (secured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit D -- No Liability Exhibit F -- Late |
| 1/10/2011 | 15203 2001520301 | City of Cincinnati 801 Plum St Rm 202 Cincinnati, OH 45202 | $ 2,766.12 (general unsecured) | Circuit City Stores, Inc. | 75.00 | Circuit City Stores, Inc. | Exhibit C -- Reduce to $75 on a general unsecured basis |
| 4/22/2010 | 15016 2001501601 | CITY OF MORENO VALLEY CITY A PO Box 88005 Moreno Valley, CA 92552-0805 | $ 1,917.94 (general unsecured) | CIRCUIT CITY STORES WEST COAST, INC. | Expunge | CIRCUIT CITY STORES WEST COAST, INC. | Exhibit D -- No Liability |
| 3/7/2011 | 15218 2001521803 | Franchise Tax Board Bankruptcy Section MS A340 PO Box 2952 Sacramento, CA 95812-2952 | $    - (priority) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit D - No Liability |

**EXHIBIT B**

**EXHIBIT B-MASTER LIST**
**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| | | CLAIM AS FILED | | | CLAIM AS REQUESTED | | |
|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Claimant Name and Address | Claim Amount (as filed) | Debtor | Proposed Modified Claim | Debtor | Exhibit |
| 3/7/2011 | 15218 2001521802 | Franchise Tax Board Bankruptcy Section MS A340 PO Box 2952 Sacramento, CA 95812-2952 | $         - (general unsecured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit D -- No Liability |
| 3/7/2011 | 15218 2001521801 | Franchise Tax Board Bankruptcy Section MS A340 PO Box 2952 Sacramento, CA 95812-2952 | $         - (secured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit D -- No Liability |
| 9/30/2011 | 15255 2001525502 | Kansas Department of Revenue Civil Tax Enforcement PO Box 12005 Topeka, KS 66612-2005 | $ 23,724.80 (general unsecured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit E -- Resolved |
| 9/30/2011 | 15255 2001525501 | Kansas Department of Revenue Civil Tax Enforcement PO Box 12005 Topeka, KS 66612-2005 | $163,240.59 (priority) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit E -- Resolved |
| 2/22/2011 | 15214 2001521401 | Laredo Community College c o George R Meurer 211 Calle Del Norte Ste 200 Laredo, TX 78041 | $ 14,955.08 (secured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Exhibit E -- Resolved |
| | 15221 2001522101 | Nevada Department of Taxation Attn Bankruptcy Section 555 E Washington Ave No 1300 | $ 5,719.00 (priority) | Circuit City | | Circuit City | |

**EXHIBIT B**

**EXHIBIT B-MASTER LIST**
**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| | | CLAIM AS FILED | | | | CLAIM AS REQUESTED | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Claimant Name and Address | Claim Amount (as filed) | Debtor | Proposed Modified Claim | Debtor | Exhibit |
| 3/14/2011 | | Las Vegas, NV 89101 | | Stores West Coast, Inc. | Expunge | Stores West Coast, Inc. | Exhibit E -- Resolved |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**EXHIBIT B-MASTER LIST**
**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| | | | CLAIM AS FILED | | | CLAIM AS REQUESTED | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Claimant Name and Address | Claim Amount (as filed) | Debtor | Proposed Modified Claim | Debtor | Exhibit |
| 12/5/2008 | 523 2000052301 | OHIO DEPARTMENT OF TAXATIO Attorney General of the State of Ohi Collection Enforcement 150 E Gay St 21st Fl Columbus, OH 43215 | $495,369.67 (general unsecured) | CIRCUIT CITY STORES WEST COAST, INC. | Expunge | CIRCUIT CITY STORES WEST COAST, INC. | Exhibit D -- No Liability |
| 9/8/2009 | 14645 2001464501 | OREGON DEPARTMENT OF REVE 955 Center St NE Revenue Building Salem, OR 97301-2555 | $ - (general unsecured) | CIRCUIT CITY STORES, INC. | Expunge | CIRCUIT CITY STORES, INC. | Exhibit D -- No Liability |
| 12/4/2008 | 193 2000019301 | SC DEPARTMENT OF REVENUE PO Box 12265 Columbia, SC 29211 | $119,620.51 (general unsecured) | CIRCUIT CITY STORES, INC. | Expunge | CIRCUIT CITY STORES, INC. | Exhibit D -- No Liability |

**EXHIBIT B**

**EXHIBIT C-REDUCED CLAIM**
**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| | | CLAIM AS FILED | | | CLAIM AS REQUESTED | | |
|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Claimant Name and Address | Claim Amount | Debtor | Proposed Modified Claim -- Allow as GUC | Debtor | Comments |
| 1/10/2011 | 15203 2001520301 | City of Cincinnati 801 Plum St Rm 202 Cincinnati, OH 45202 | $ 2,766.12 (general unsecured) | Circuit City Stores, Inc. | 75.00 | Circuit City Stores, Inc. | All but $75 is for tax periods after debtor was closed. |

**EXHIBIT C**

**EXHIBIT D — NO LIABILITY CLAIMS**
**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| | | CLAIM AS FILED | | | CLAIM AS REQUESTED | | |
| Date Filed | Claim Number | Claimant Name and Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
|---|---|---|---|---|---|---|---|
| 4/4/2011 | 15223 2001522301 | Alameda County Tax Collector 1221 Oak St Rm 131 Oakland, CA 94612 | $ 1,221.05 (admin) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Property tax based on inflated valuations. |
| 4/4/2011 | 15224 2001522401 | Alameda County Tax Collector 1221 Oak St Rm 131 Oakland, CA 94612 | $ 3,205.35 (secured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Property tax based on inflated valuations. |
| 4/22/2010 | 15016 2001501601 | CITY OF MORENO VALLEY CITY ATTORNEY PO Box 88005 Moreno Valley, CA 92552-0805 | $ 1,917.94 (general unsecured) | CIRCUIT CITY STORES WEST COAST, INC. | Expunge | CIRCUIT CITY STORES WEST COAST, INC. | Business license fee for periods after debtor was closed. |
| 3/7/2011 | 15218 2001521803 | Franchise Tax Board Bankruptcy Section MS A340 PO Box 2952 Sacramento, CA 95812-2952 | $ - (priority) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Claim states no liability; consistent with debtors' books & records which show no amount owing. |
| 3/7/2011 | 15218 2001521802 | Franchise Tax Board Bankruptcy Section MS A340 PO Box 2952 Sacramento, CA 95812-2952 | $ - (general unsecured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Claim states no liability; consistent with debtors' books & records which show no amount owing. |

**EXHIBIT D**

**EXHIBIT D - NO LIABILITY CLAIMS**

**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| | | CLAIM AS FILED | | | CLAIM AS REQUESTED | | |
|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Claimant Name and Address | Claim Amount | Debtor | Proposed Modified Claim | Debtor | Comments |
| 3/7/2011 | 15218<br>2001521801 | Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento, CA 95812-2952 | $          -<br>(secured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Claim states no liability; consistent with debtors' books & records which show no amount owing. |
| 12/5/2008 | 523<br>2000052301 | OHIO DEPARTMENT OF TAXATION<br>Attorney General of the State of Ohio<br>Collection Enforcement<br>150 E Gay St 21st Fl<br>Columbus, OH 43215 | $  495,369.67<br>(general unsecured) | CIRCUIT CITY STORES WEST COAST, INC. | Expunge | CIRCUIT CITY STORES WEST COAST, INC. | CCSWCI did not conduct business in Ohio; no taxes owing to Ohio |
| 9/8/2009 | 14645<br>2001464501 | OREGON DEPARTMENT OF REVENUE<br>955 Center St NE<br>Revenue Building<br>Salem, OR 97301-2555 | $          -<br>(general unsecured) | CIRCUIT CITY STORES, INC. | Expunge | CIRCUIT CITY STORES, INC. | Claim states no liability; consistent with debtors' books & records which show no amount owing. |
| 12/4/2008 | 193<br>2000019301 | SC DEPARTMENT OF REVENUE<br>PO Box 12265<br>Columbia, SC 29211 | $  119,620.51<br>(general unsecured) | CIRCUIT CITY STORES, INC. | Expunge | CIRCUIT CITY STORES, INC. | Bad debt deductions are valid; no liability owing. |

EXHIBIT E RESOLVED CLAIMS

**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| Date Filed | Claim Number | Claimant Name and Address | Claim Amount (as filed) | Debtor | Requested Relief | Comments |
|---|---|---|---|---|---|---|
| 9/30/2011 | 15255<br>2001525502 | Kansas Department of Revenue<br>Civil Tax Enforcement<br>PO Box 12005<br>Topeka, KS 66612-2005 | $  23,724.80<br>(general unsecured) | Circuit City Stores, Inc. | Expunge | Purportedly for taxes already claimed and already orderd reduced under omni 18 (Claim Nos. 1453, 1454, 1457). |
| 9/30/2011 | 15255<br>2001525501 | Kansas Department of Revenue<br>Civil Tax Enforcement<br>PO Box 12005<br>Topeka, KS 66612-2005 | $  163,240.59<br>(priority) | Circuit City Stores, Inc. | Expunge | Purportedly for taxes already claimed and already ordered reduced under omni 18 (Claim Nos. 1453, 1454, 1457). |
| 2/22/2011 | 15214<br>2001521401 | Laredo Community College<br>c o George R Meurer<br>211 Calle Del Norte Ste 200<br>Laredo, TX 78041 | $  14,955.08<br>(secured) | Circuit City Stores, Inc. | Expunge | Amount fixed by omni 18 (Claim No. 5139). |
| 3/14/2011 | 15221<br>2001522101 | Nevada Department of Taxation<br>Attn Bankruptcy Section<br>555 E Washington Ave No 1300<br>Las Vegas, NV 89101 | $  5,719.00<br>(priority) | Circuit City Stores West Coast, Inc. | Expunge | Amount fixed by omni 18 (Claim No. 14551). |

**EXHIBIT E**

**EXHIBIT F – LATE CLAIMS**
**LIQUIDATING TRUST'S 27TH OMNIBUS OBJECTION**

| Date Filed | Claim Number | Claimant Name and Address | Claim Amount | Debtor | Requested Relief | Debtor | Comments |
|---|---|---|---|---|---|---|---|
| 4/4/2011 | 15223<br>2001522301 | Alameda County Tax Collector<br>1221 Oak St Rm 131<br>Oakland, CA 94612 | $ 1,221.05<br>(admin) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Late; filed after Final Administrative Bar Date: December 31, 2010. |
| 4/4/2011 | 15224<br>2001522401 | Alameda County Tax Collector<br>1221 Oak St Rm 131<br>Oakland, CA 94612 | $ 3,205.35<br>(secured) | Circuit City Stores, Inc. | Expunge | Circuit City Stores, Inc. | Late; filed after Claims Bar Date: November 10, 2009. |

**EXHIBIT F**