```
                   UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF VIRGINIA

IN RE:                          .    Case No. 08-35653 (KRH)
                                .
                                .    Chapter 11
                                .    Jointly Administered
CIRCUIT CITY STORES,            .
INC., et al.,                   .    701 East Broad Street
                                .    Richmond, VA 23219
                                .
        Debtors.                .
                                .    November 8, 2011
. . . . . . . . . . . . . . .        2:04 p.m.


                    TRANSCRIPT OF OMNIBUS HEARING
                 BEFORE HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:           Tavenner and Beran, PLC
                          By:  LYNN TAVENNER, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219

TELEPHONIC APPEARANCES:

For the Debtor:           Kelley Drye & Warren LLP
                          By:  KRISTIN S. ELLIOTT, ESQ.
                          101 Park Avenue
                          New York, NY 10178

For the Disney            Zemanian Law Group
Defendants:               By:  PETER G. ZEMANIAN, ESQ.
                          223 E City Hall Avenue, Suite 201
                          Norfolk, VA 23510

                          WilmerHale
                          By:  LIPI M. SHAH, ESQ.
                          399 Park Avenue
                          New York, NY 10022
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311   Fax No. (609) 587-3599**

2

1     COURTROOM DEPUTY:  All rise.  The United States
2 Bankruptcy Court for the Eastern District of Virginia is now in
3 session with the Honorable Kevin R. Huennekens presiding.
4 Please be seated and come to order.
5     COURT CLERK:  In the matter of Circuit City Stores,
6 Incorporated, hearing on Items 1 through 11 as set out on
7 proposed agenda.
8     MS. TAVENNER:  Good afternoon, Your Honor.  Lynn
9 Tavenner of the law firm of Tavenner and Beran appearing today
10 on behalf of the Circuit City Stores, Inc., liquidating trust.
11     THE COURT:  Good afternoon.
12     MS. TAVENNER:  Afternoon.  With me at counsel table
13 is Ms. Catherine Bradshaw, the trust representative.
14     For today, Your Honor, we believe that we will be
15 quick.  But, we would propose to go through the agenda in order
16 of the items that we set forth in the pleading that we filed
17 with the Court.
18     THE COURT:  All right.
19     MS. TAVENNER:  Matter Number 1, Your Honor, is Siegel
20 against DIRECTV.  There was a preliminary motion filed in this
21 matter that the parties have agreed to continue until Your
22 Honor's November 21st date in hopes of resolving the overall
23 matters in the adversary proceeding which would dispense with
24 this, as well.
25     THE COURT:  All right. So, what are we going to do

1  on the 21st, am I going to hear the motion or -- if you don't
2  settle it, or am I just counting on the fact that you're going
3  to settle it or it's going to be continued to another date if
4  that occurs?
5        MS. TAVENNER: At this point, Your Honor, we are just
6  proposing to continue it, substantively, until the 21st.
7        THE COURT: Okay.
8        MS. TAVENNER: We're hopeful that we're going to
9  resolve the entire matter before then. If something changes,
10 Your Honor, we'll certainly try and include that on the agenda.
11 The parties are working very hard to try and resolve it.
12       THE COURT: Okay. And then I certainly encourage
13 that. I just want to know whether I need to be ready on the
14 21st to address that issue before, you know, coming into court
15 on that day and you -- what you're saying is that it's still on
16 the docket, yes.
17       MS. TAVENNER: If we file a response, then yes, it
18 would be going forward.
19       THE COURT: Okay. Very good.
20       MS. TAVENNER: The next matter, Your Honor, is under
21 the pretrial hearings heading and they're actually Items 2
22 through 10, which, in essence, are all related, and we call
23 them the Disney litigation.
24       On the phone, Your Honor, are the counsel for both
25 parties. In addition to my firm, Kristin Elliott from the firm

1  of Kelley Drye is on the phone, as well as counsel for the
2  Disney defendants, Pete Zemanian from Norfolk is on the phone,
3  as well as his co-counsel from WilmerHale.
4        With respect to this matter, Your Honor, the
5  mediation did occur.  It was a two-day mediation.  And the
6  parties tried very hard to resolve, but at the end, Mr. Met
7  (phonetic) filed his report saying that there was no
8  resolution.
9        To that end, though, Your Honor, the parties are
10 still working to try and narrow issues in hopes of being able
11 to have a better understanding and guide for Your Honor with
12 respect to how long this trial might take.  And with that, Your
13 Honor, the parties would respectfully request that you enter
14 into your initial pretrial order that you've done in other
15 matters which would, in essence, schedule another pretrial
16 conference in 90 days.
17       With respect to that pretrial order, though, Your
18 Honor, we did share with everyone the form of the order that
19 you've entered in other cases.  And the parties would request
20 in this instance that you schedule a second pretrial 90 days
21 out, which I believe would be your February 21st date, but that
22 with respect to Paragraph 2 that addresses pretrial disclosures
23 under Rule 26, rather than having them due within 14 days of
24 entry of this order that they be due within 30 days following
25 entry of the order.

1       With that, Your Honor, the parties are prepared to
2  respectfully request this Court to enter your form order with
3  that revision.
4       THE COURT:  All right.  Well, let me ask this.  Are
5  all -- you say that all of these adversary proceedings are
6  related and such.  Are they all going to be consolidated as
7  part of one proceeding, or are we going to have -- if we don't
8  resolve these issues, are we going to have nine trials?
9       MS. TAVENNER:  Well, Your Honor, my understanding is
10 that it would be one trial date selected.  And if there were
11 specific issues, they might have to be parsed out in
12 conjunction with that trial date.  But, we're not looking for
13 nine different specific weeks to be set aside.
14      THE COURT:  All right.  Very good.  All right.  So --
15 but, for the present purposes, we'll be entering actually nine
16 pretrial orders with a provision that would go with Paragraph 2
17 extending the time period for the Rule 26 disclosures, and then
18 setting these nine items for a final pretrial -- or another
19 pretrial on the 21st of February.
20      MS. TAVENNER:  Yes, Your Honor, that's correct.  The
21 documentation in this one is voluminous.
22      THE COURT:  All right.  Very good.  Mr. Elliott or
23 Mr. Zemanian, do either of you wish to be heard?
24      MR. ZEMANIAN:  Judge, this is Dave Zemanian.  I am
25 local counsel and also on the line is Lipi Shah with the

1  WilmerHale firm.  Ms. Tavenner has outlined correctly what our
2  understanding was going in.  And Lipi, do you have anything
3  else to add to that?
4           MS. SHAH:  No, Your Honor.
5           THE COURT:  Very good.  All right, there being no
6  other concerns, so the Court will grant that relief.  I'll
7  reschedule the pretrials in each of these nine cases for
8  February 21.  And I'll enter the pretrial orders that I've done
9  in other similar situations, but with the change to Paragraph
10 2.
11          MS. TAVENNER:  Thank you, Your Honor.
12          THE COURT:  Now, will you be submitting that order?
13          MS. TAVENNER:  Yes, Your Honor.  We'll do that.
14          THE COURT:  Okay, very good.
15          MS. TAVENNER:  The final matter that's on the docket,
16 Your Honor, is listed as Item 11.  It's the debtor's
17 thirty-seventh omnibus objection to claims.  Your Honor might
18 recall that this relates to certain personal property tax
19 claims.
20          Actually, while it was a voluminous objection at one
21 point, we're down to five taxing entities, four of which are
22 located throughout California, and then we have one from
23 Michigan.
24          Your Honor, we are still working to -- with those
25 entities and would respectfully request that with respect to

1  this objection that it be set down -- continued until January
2  5th at 2 p.m. and that this, again, be a status conference
3  only.
4              THE COURT:  Status on the 5th?
5              MS. TAVENNER:  Yes, Your Honor.
6              THE COURT:  All right.  That will be granted, as
7  well.
8              MS. TAVENNER:  Thank you, Your Honor.  That concludes
9  the matters that are on the docket.  We certainly are trying to
10 ensure that we keep Your Honor apprised of everything that's
11 going on with pleadings, both with pleadings filed and things
12 that aren't always reflected within the docket.
13             To that end, Your Honor, we are continuing to
14 progress with mediations.  The -- some of the larger and more
15 complex ones are still underway, scheduled to occur in the
16 beginning of the new year.  So, you still will see additional
17 stipulations coming in to Your Honor.  We're trying very hard
18 to narrow those issues and, with the assistance of the
19 mediators, sometimes it is taking a little more time and the
20 mediators are suggesting even let's set this out a little
21 further.
22             But, you'll see in the stipulations that are
23 submitted to you that we are trying very hard to move forward
24 with meaningful mediations and would suggest to the Court that
25 that is occurring.  There are a few that we just aren't able to

1 agree on with the other side and you will -- Your Honor will
2 have some legal issues to address at some point.  But, all in
3 all, the mediation protocol as a whole is working very well
4 from the trust's perspective, and we thank you, again, for
5 implementing that.
6         Did want to advise Your Honor -- excuse me -- with
7 respect to one of the adversaries which we refer to as Vizio.
8 It's APN Number 10-03215.  That matter has been resolved, Your
9 Honor, and we will be submitting a stipulation to you which
10 would dismiss the case.
11         But, rather than just submitting it to you, I did
12 want to advise you that it is going to have some language in it
13 that's a little different from some of the others in that Vizio
14 had credit insurance.  Its credit insurer requires that there
15 be an actual order entered with respect to the resolution of
16 the case.  So, there is going to be a stipulation, and then
17 we'll submit an order, as well, in the adversary only.  We did
18 not want to go down the path of trying to file a 9019 motion
19 and opening that up in the main case, but also did not want to
20 just submit it to you and be presumptuous, so that's why I'm
21 alerting the Court to that today.
22         THE COURT:  All right.  Thank you for that.
23         MS. TAVENNER:  In addition, Your Honor, we did want
24 to advise that as promised when you entered the order -- when
25 you had the hearing on the extension of time to object to

9

1  claims, we are -- the trust is continuing to review and analyze
2  claims on a go-forward basis.  And since that hearing and Your
3  Honor's order extending the deadline into April, the trust has
4  been making great progress and to that end has filed several
5  additional claims objections and is hopeful that it will have
6  reviewed and analyzed all claims to the point that all
7  objections can be on file well in advance of that April date.
8  And we did want to advise the Court with respect to that.
9         THE COURT:  Well, that's welcome news.  And I applaud
10 the trusts in that regard.
11        MS. TAVENNER:  And then, finally, Your Honor, on a
12 matter related to that, we did want to advise the Court that
13 the trustee and the oversight committee have determined that
14 we're at a juncture in this case that it's appropriate to --
15 given the progress, to try and provide some interim
16 distribution to claimants that have had claims allowed pursuant
17 to a settlement agreement.  I mean, given that we still have
18 the claims objection deadline, the only way that we can say the
19 claim is allowed is those that do have settlement agreements in
20 place.
21        But, with respect to that, Your Honor, to the extent
22 that there are settled allowed claims, as of September 30th,
23 the trust is working very hard and expects to have a
24 distribution to those claimants by year end.  It's hopeful that
25 that distribution will be approximately in the five cents

1  category, and that it will occur by year end.  Ms. Bradshaw
2  told me just prior to the hearing that they're working very
3  hard to get all their numbers together and to accomplish that.
4        We're happy to provide additional, more concrete
5  numbers after it occurs.  But, we did want to let you know that
6  that is in progress and wanted you to hear it from us, as
7  opposed to the newspaper or some other third party.
8        THE COURT:  All right.  That's certainly welcome
9  news, as well.  And, obviously, you're -- have sufficient
10 reserves in place --
11       MS. TAVENNER:  Yes, Your Honor.
12       THE COURT:  -- because of the other claims that
13 haven't been addressed yet.
14       MS. TAVENNER:  Absolutely, Your Honor.  That
15 concludes all --
16       THE COURT:  I was confident of that, I just had to
17 say it.
18       MS. TAVENNER:  I understand.  That concludes all of
19 the matters that we wanted to bring to your attention today,
20 unless Your Honor has additional questions.
21       THE COURT:  I do not.  I thank you very much for that
22 update.  That's always very helpful and the Court welcomes
23 that.  And, as I said, I applaud the accomplishments to date
24 and I'm sure the creditors whose claims have been resolved will
25 look forward to that distribution (indiscernible).

1          MS. TAVENNER:  We hope so.

2          THE COURT:  All right.  Thank you.

3          MS. TAVENNER:  Thank you, Your Honor.

4          COURTROOM DEPUTY:  All rise.  Court is now adjourned.

5                          * * * * *

6                    **C E R T I F I C A T I O N**

7          I, STEPHANIE SCHMITTER, court approved transcriber,

8  certify that the foregoing is a correct transcript from the

9  official electronic sound recording of the proceedings in the

10 above-entitled matter, and to the best of my ability.

11

12

13 /s/ Stephanie Schmitter

14 STEPHANIE SCHMITTER

15 J&J COURT TRANSCRIBERS, INC.   DATE:  November 15, 2011