McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Robert H. Chappell, III, Esquire (VSB #31698)
Neil E. McCullagh, Esquire (VSB #39027)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100

Attorneys for PNY Technologies, Inc.

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 08-35653 (KRH) |
| | : | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | |
| Debtors. | : | **Jointly Administered** |

**CLAIMANT PNY TECHNOLOGIES, INC.'S RESPONSE TO LIQUIDATING
TRUSTEE'S TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN INVALID UNLIQUIDATED CLAIMS)
[Document No. 11388]**

**PRELIMINARY STATEMENT**

Claimant PNY Technologies, Inc. ("PNY"), by and through its undersigned counsel, hereby responds to the Liquidating Trustee's (hereinafter, the "Trustee"), Twenty-Third Omnibus Objection to Claims (Disallowance of Certain Invalid Unliquidated Claims) (the

ME1 12567865v.1

"Objection"). PNY's "litigation claim" results from Circuit City's failure to honor promises it made to induce PNY to pay Circuit City millions of dollars and make other costly concessions in connection with marketing of "flash memory" cards. PNY first asserted the claim in an action in the District of New Jersey commenced prior to the commencement of the Circuit City Chapter 11 proceedings.

As a threshold matter, PNY respectfully asserts that its litigation claim (Claim No. 1723) must be adjudicated of an adversary proceeding rather than merely lodging a "books and records" objection to the claim as asserted by the Trustee resulting in a contested matter. The "books and records" objection is in any event insufficient in general and precluded by prior proceedings in the case.

As explained below, this is the third objection filed by the Debtors and/or the Trustee relating to PNY's litigation claim.  The Debtors first attempt to disallow PNY's litigation claim came before the Court by way of the Debtors' Thirty-First Claims Objection.  The Debtors objected to, and disclaimed any liability for PNY's claim based on a bald "books and records" objection.  The Debtors' objection to PNY's litigation claims was subsequently consolidated into an adversary proceeding styled, <u>Circuit City Stores Inc. v. PNY Technologies, Inc.</u>, Case No. 10-3056.  In that adversary proceeding, the Debtors again alleged no liability for PNY's claim based on a "books and records" review.

In February 2011, PNY and the Trustee entered into a binding settlement agreement ("Settlement Agreement") in the adversary proceeding.  Among other things, the settlement preserved the Trustee's right to later challenge PNY's litigation claim, "on some other ground" other than a "books and records" objection, and, in the event of such a challenge, PNY preserved its right to prove up the extent and validity of its claim on the merits.

2

ME1 12567865v.1

The Trustee's instant Objection is nothing more than an attempt to selectively dishonor the material provisions of the bargained for agreement memorialized in the Settlement Agreement. PNY respectfully submits that, in accordance with the terms of the Settlement Agreement, in order to disallow its litigation claim the Trustee must come forward with some defense to the allegations supporting PNY's claim. The assertion of a "books and records" objection to the claim is simply insufficient grounds for disallowance. This Court is bound to follow the plain language of the Settlement Agreement and enforce its provisions.

As stated below, PNY respectfully requests that this Court overrule the Trustee's "books and records" objection to PNY's litigation claim, and direct the Trustee to commence an adversary proceeding if he intends to challenge the extent or validity of the litigation claim. Otherwise, the Court should allow Claim 1723 in accordance with 11 U.S.C. § 502(a) and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

1.  PNY commenced an action on October 27, 2008, against the Debtor, in the United States District Court for the District of New Jersey ("District Court"), Case No. 2:08-cv-05281 (the "Litigation"), seeking a judgment against Circuit City Stores, Inc. (the "Debtor"), in excess of $10,000,000 based upon the Debtor's breach of an agreement concerning Flash Cards (computer memory small "card" devices for insertion into computer devices) that was entered into by PNY and the Debtor in or about August 2006. In addition to breach of contract, there are additional counts against the Debtor for breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, unjust enrichment, fraud, failure to

3

pay, book account, and account stated (the "Complaint"). A true and correct copy of PNY's Complaint is attached hereto and incorporated herein as Exhibit A.

2. On October 30, 2008, the Debtor was served with the Summons and Complaint. A true and correct copy of the Proof of Service is attached hereto and incorporated herein as Exhibit B.

3. On November 10, 2008, the Debtor filed a petition under Chapter 11 of the United States Code (the "Petition Date").

4. On November 14, 2008, the Debtor filed its Suggestion of Bankruptcy in the District Court advising the Court that its bankruptcy case had been filed. A true and correct copy of the Debtor's Suggestion of Bankruptcy is attached hereto and incorporated herein as Exhibit C. On November 21, 2008, the District Court entered an Order administratively terminating the Litigation and staying the action based on the Debtor's filing of its voluntary petition. A true and correct copy of the District Court's Order is attached hereto and incorporated herein as Exhibit D.

5. On December 16, 2008, PNY timely filed a Proof of Claim form seeking payment of a $10,000,000 unsecured claim relating to the damages claimed in the Litigation. (the "Litigation Claim") (Claim No. 1723). PNY attached the Complaint to the Proof of Claim. It is acknowledged that PNY's claim is presently unliquidated. A true and correct copy of PNY's Proof of Claim is attached hereto and incorporated herein as Exhibit E.

6. On August 20, 2008, the Debtors' filed their Thirty-First Omnibus Claims Objection, which included an objection to the Litigation Claim (Docket No. 4585). The Debtors classified the Litigation Claim as a "Legal Claim" that the Debtors sought to disallow and expunge based solely on their review of "the Legal Claims and the bases upon which they are

asserted and …the Debtors' books and records …." Based solely on that cursory review and without any further explanation, the Debtors baldly asserted that they disclaimed "any liability for the alleged Legal Claims." PNY filed a response to the Debtors' Objection to the Litigation Claim. Subsequently, the Debtors' Objection to the Litigation Claim was continued from time to time by this Court.

7. On March 23, 2010, the Debtors filed a complaint commencing an adversary proceeding against PNY (Adv. No. 10-3056) ("Adversary Proceeding"). In the Adversary Proceeding the Debtors asserted that they were entitled to recover certain unpaid obligations and avoid and recover alleged preferential transfers made to PNY during the 90-day period prior to the Petition Date. The Complaint in the Adversary Proceeding incorporated and included the Debtors' Objection to PNY's Litigation Claim. See Complaint, Adv. No. 10-3056.

8. On September 10, 2010, this Court entered an Order confirming the Debtors' Second Amended Joint Plan of Liquidation ("Confirmation Order"). (Docket No. 8555). The Plan became effective on November 1, 2010, and pursuant to the Plan and the Liquidating Trust Agreement approved therewith, The Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors.

9. Subject to certain notice provisions, Article 11.4.D. of the Liquidating Trust Agreement approved by this Court in conjunction with the Plan authorizes the Trustee to settle claims and causes of action such as the PNY Adversary Proceeding without seeking formal approval of this Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

10. On or about February 8, 2011, PNY and the Trustee entered into a settlement agreement ("Settlement Agreement") concerning the Adversary Proceeding whereby the parties agreed, among other things, to dismiss the Adversary Proceeding with prejudice as to all counts

5

except for the Trustee's right to challenge PNY's Litigation Claim. A true and correct copy of the Settlement Agreement is attached hereto and incorporated herein as Exhibit F.

11. Through the Settlement Agreement, the parties further stipulated and agreed that they were reserving all rights with respect to the Litigation Claim, including PNY's right to prosecute the claim fully. Id. at ¶¶ 3, 5. The parties also entered into and exchanged general releases ( the "Releases"), whereby all matters of dispute or potential dispute arising out of claims related to, or asserted in, or which could have been asserted in the Adversary Proceeding, whether known or unknown, were irrevocably withdrawn, released and expunged in their entirety, except for those claims asserted by PNY in its Litigation Claim, and any unasserted claims that, as a matter of law, would relate back to the underlying Complaint filed in the District Court action. Id. at ¶ 7, 8.

12. On or about February 14, 2011, the Trust filed its Stipulation of Voluntary Dismissal in the Adversary Proceeding ("Rule 41 Dismissal"). (Docket No. 33). The Rule 41 Dismissal states in relevant part: "As a point of clarification, and as memorialized in the parties' settlement agreement, this requested dismissal is without prejudice to the Trustee's rights, all of which are expressly reserved, to object to the validity and extent of PNY's Claim No. 1723, which claim is addressed in the complaint (as the Litigation Claim) in this adversary proceeding based solely on other grounds for objection." (emphasis added). A true and correct copy of the Rule 41 Dismissal is attached hereto and incorporated herein as Exhibit G.

13. On October 21, 2011, the Trustee filed the instant Objection. Through the Objection, the Trustee re-asserts that PNY's Litigation Claim should be disallowed, because, according to the Trustee, the Litigation Claim asserts claims "for which the Debtors do not have liability." See Objection as ¶ 23. The Trustee's basis of his general denial of liability arising

6

ME1 12567865v.1

from the Litigation Claim is again based on his review of the Litigation Claim and his review of the Debtors' books and records. Id. at ¶ 24. These are same grounds the Debtor raised when they filed their original Objection to PNY's Litigation Claim in August 2008, and the same grounds for disallowance that were merely repeated in the Complaint in the Adversary Proceeding. The Trustee offers no other or further basis or grounds for his Objection to PNY's Litigation Claim.

14. As stated below, The Court must overrule the Trustee's Objection to PNY's Litigation Claim. The Trustee's latest attempt to disallow the Litigation Claim, without the benefit of a trial on the merits, violates the express terms of the Settlement Agreement entered into by the parties in February 2011. Moreover, PNY submits that, pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, the express terms of the Rule 41 Dismissal, and the terms of the Settlement Agreement incorporated by reference therein, require the Trustee to commence an adversary proceeding should he wish to challenge PNY's Litigation Claim, and not by way of an Omnibus Claims Objection.

**ARGUMENT**

15. It is established bankruptcy law that a settlement agreement entered into by a debtor, or a trustee, and a creditor, compromising a claim or cause of action asserted in a bankruptcy case or an adversary proceeding is an enforceable contract, binding upon all of the parties to the agreement. See In re Frye, 216 B.R. 166, 170-71 (Bankr. E.D. Va. 1997). In Frye, the court held that a settlement agreement once entered into by the parties is binding on all parties pending approval by the court. Frye, 216 B.R. at 173-74.[1]

---

[1] Based on the express terms of the Liquidating Trust Agreement approved by this Court in conjunction with the confirmed Plan of Liquidation, this Court's approval was not necessary to approve or effectuate the settlement

16. In the Settlement Agreement, the parties conclusively resolved the dispute and set forth the parties rights and obligations with respect to the Litigation Claim. The Trustee bargained for his right to subsequently challenge the Litigation Claim *on other grounds* than those stated in the Complaint in the Adversary Proceeding. PNY agreed to dismiss the Adversary Proceeding without prejudice subject to that reservation of rights.

17. The grounds for disallowance in the Adversary Proceeding centered on a "books and records" general denial of liability as stated in this Claims Objection, and disallowance under section 502(d) of the Bankruptcy Code. The instant Claims Objection merely re-states the grounds for disallowance of the Litigation Claim that the Debtor and the Trustee released in the Settlement Agreement and in direct contravention of the express terms of the Rule 41 Dismissal.

18. PNY bargained for and received the right to support its claim through a trial on the merits in the event the Trustee mounted a subsequent challenge to the Litigation Claim on some other ground than those grounds stated in the Adversary Proceeding. The Trustee's current Objection is simply nothing more than an attempt to selectively dishonor that material provision of the bargained for agreement that is memorialized in the Settlement Agreement. PNY respectfully submits that this Court is bound to follow the plain language of the Settlement Agreement and enforce its provisions. This Court can not now make a different or better deal for the Trustee by allowing the Trustee the right to seek disallowance of PNY's Litigation Claim by baldly asserting grounds that he has already released in the Settlement Agreement. If the Trustee has "other grounds" to challenge the claims asserted by PNY in its Litigation Claim, then the Trustee should assert that challenge by way of an adversary proceeding and afford PNY a full and fair opportunity to prove up and liquidate the Litigation Claim during a trial on the merits, consistent with the terms of the Settlement Agreement.

---

reached between the Trustee and PNY.

ME1 12567865v.1

19. PNY entered into and agreed to the Rule 41 Dismissal of the Adversary Proceeding based on the express language that any subsequent challenge by the Trustee of the Litigation Claim so long as the challenge was based on the "extent and validity" of the Litigation Claim based "on other grounds" than those stated in the Complaint in the Adversary Proceeding. See Rule 41 Dismissal.

20. PNY would not have entered into the Settlement Agreement or agreed to the Rule 41 Dismissal if the Trustee could merely re-assert the same general denial in a subsequent Omnibus Claims Objection. At the time the Settlement Agreement was entered into, the parties intended that any other or further objection for the Litigation Claim would be based on some other grounds for disallowance raised by the Trustee which would then be fully and fairly resolved at trial. The Trustee has failed to raise "any other grounds" for his objection to the PNY Litigation Claim other than the grounds he has already released in the Adversary Proceeding. Thus, PNY respectfully submits that this Court should overrule the Trustee's Objection to PNY's Litigation Claim.[2]

21. PNY also respectfully requests that the Court direct the Trustee to commence an adversary proceeding should he wish to challenge the extent of validity of the Litigation Claim, and to address directly, by way of his complaint in the adversary proceeding, the allegations asserted by PNY in the Complaint filed in the District Court if he intends to challenge PNY's Litigation Claim.

---

[2] Moreover, Rule 7001 of the Federal Rules of Bankruptcy Procedure suggests that a trustee's challenge to the "extent or validity" of a creditor's interest in property must be brought by way of an adversary proceeding. See FED.R.BANKR. P. 7001(2); Cen-Pen Corp. v. Hanson, 58 F.3d 89 (4th Cir. 1995). The object of Rule 7001 is to give the creditor full and fair notice and an opportunity to defend its claims in an adversary proceeding.

ME1 12567865v.1

22.     PNY reserves its right to file supplemental or additional responses as needed or as required by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure to any other or further challenges to PNY's Litigation Claim.

**WHEREFORE**, Claimant PNY Technologies, Inc. respectfully requests that the Court overrule the Trustee's Objection as it relates to the PNY's Litigation Claim and grant such other and further relief as this Court deems just and proper.

                                        PNY TECHNOLOGIES, INC.


                                    By: /s/ Neil E. McCullagh
                                              Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Neil E. McCullagh, Esquire (VSB #39027)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Counsel for PNY Technologies, Inc.

10

ME1 12567865v.1

## CERTIFICATE OF SERVICE

      I hereby certify that on November 23, 2011, a copy of the foregoing Response was served on the following, constituting all necessary parties, by the means indicated:

By email (to acaine@pszjlaw.com) and Federal Express Next Business Day delivery to:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

By email (to pberan@tb-lawfirm.com) and by Hand to:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219


                /s/ Neil E. McCullagh

ME1 12567865v.1