Case 08-35653-KRH  Doc 11473-1  Filed 11/23/11  Entered 11/23/11 11:54:48  Desc
Exhibit(s) Exhibit A - Complaint    Page 1 of 17

Case 2:08-cv-06261-WJM-MCG Document... Filed 10/27/08 Page 1 of 17 PageID:

William J. Heller
Mark H. Anania
**McCARTER & ENGLISH LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

*Attorneys for Plaintiff PNY Technologies, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

------------------------------------x
PNY TECHNOLOGIES, INC.            :    Civil Action No.

      Plaintiff,                 :
                                               **COMPLAINT AND LOCAL**
v.                                                :    **RULE 11.2 CERTIFICATION**

CIRCUIT CITY STORES, INC.,        :

      Defendant.                 :
                                                  :
------------------------------------x

    Plaintiff PNY Technologies, Inc. ("PNY" or "Plaintiff") for its complaint against Defendant Circuit City Stores, Inc. ("Circuit City" or "Defendant") alleges as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    PNY is a Delaware corporation with its principal place of business at 299 Webro Road, Parsippany, New Jersey 07054.

    2.    Circuit City is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Virginia.



ME1 7629562v.5

3. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action based on diversity of citizenship. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. The Court has personal jurisdiction over Defendant Circuit City because Defendant is present and doing business in the State of New Jersey.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because Circuit City is subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

6. PNY is a leading manufacturer and supplier of products used in and with computers. Among PNY's product lines are Flash Cards, which are computer memory sold as small "card" devices for insertion into computer devices.

7. Circuit City is a major national retailer of computer and other products, including Flash Cards.

8. In or about August 2006, PNY and Circuit City entered into an agreement concerning Flash Cards ("the Flash Card Agreement").

9. The Flash Card Agreement had a term of twenty-four months, with automatic renewals for like periods unless either party gave notice of termination.

10. Under the Flash Card Agreement, Circuit City agreed to buy from PNY, advertise and resell to its customers PNY Flash Card products, and represented and agreed, among other things, to run a minimum of two advertising placements per month for PNY Flash Card products during the term of the Flash Card Agreement. Sales volume at retail is determined based on the

2

ME1 7629562v.5

frequency of print advertisements, among other things; therefore, the promise to provide the print ads was an important inducement for PNY to enter into the Flash Card Agreement.

11. In consideration of Circuit City's promises, representations, obligations and covenants as reflected in the Flash Card Agreement, and in reliance thereon, PNY agreed to pay to Circuit City an advance called "Marketing Development Funds" of two million dollars, payable in two installments of one million dollars each in November, 2006 and February, 2007. PNY paid those amounts to Circuit City on time and in accordance with the Flash Card Agreement. Upon information and belief, Circuit City took those payments into reported income for the fiscal year(s) when received.

12. In further consideration of Circuit City's promises, representations, obligations and covenants as reflected in the Flash Card Agreement, and in reliance thereon, PNY also agreed to provide and did provide to Circuit City additional marketing development funds, price and margin protection, allowances, rebates, price protection, and point-of-sale (POS) allowances, all of which constituted substantial discounts off of the price of PNY Flash Cards and/or cash payments to Circuit for the privilege of selling PNY Flash Card products to Circuit City.

13. Under the Flash Card Agreement, PNY first sold to Circuit City Flash Cards under the POLAROID® brand, which PNY sold under a private label agreement with Polaroid. When sales of the POLAROID® branded product did not meet Circuit City's expectations, PNY, although it was not obligated to do so, at substantial and unanticipated cost to itself, and in further reliance upon Circuit City's promises, representations, obligations and covenants in the Flash Card Agreement, accepted the return of the POLAROID® branded product in order to further the relationship with Circuit City. As a result, Circuit City was protected against any losses in connection with the purchase of PNY's POLAROID® branded product. To mitigate its

3

losses from these POLAROID® branded products, PNY resold the POLAROID® branded products to other customers at a lower price, as the market price for Flash Card products had dropped.

14. PNY thereafter continued to supply Flash Card products under the PNY® brand in furtherance of the Flash Card Agreement and in further reliance upon the promises, representations, obligations and covenants of Circuit City in the Flash Card Agreement.

15. During the term of the Flash Card Agreement, and in breach of its promises, representations, obligations and covenants in the Flash Card Agreement, Circuit City stopped running the required minimum ads for PNY brand Flash Card products.

16. Nothing in the Flash Card Agreement allowed Circuit City to unilaterally reduce or eliminate the required minimum ads for PNY Flash Card products.

17. As a direct and proximate result of Circuit City's breach of its promises, representations, obligations and covenants in the Flash Card Agreement and its unauthorized cessation of the ads for PNY Flash Card products, PNY had to resort to in-store activity, namely, POS rebates and allowances, and other costly programs in order to compete with other Flash Card brands that Circuit City sold and for which it was advertising.

18. By pulling PNY ads and not running the minimum ads as required by the Flash Card Agreement, Circuit City not only breached its promises, representations, obligations and covenants in the Flash Card Agreement but also placed PNY at a significant competitive disadvantage. PNY had to pay additional POS benefits to Circuit City that were not contemplated when it entered into the Flash Card Agreement. In addition, ads influence buyers to come into Circuit City stores to buy the advertised products. By advertising competitors' products and by refusing or failing to advertise PNY Flash Card products, PNY sold fewer units

4

than it otherwise would have sold if Circuit City had run the PNY ads as required, and further cost PNY additional and unanticipated damages due to the price protection that PNY provided to Circuit City.

19. PNY gave notice of Circuit City's breach to representatives of Circuit City, namely, Executive Vice President John Kelly and Vice President of Merchandising Elliott Becker. At a meeting in or about April 2008, attended by Messrs. Kelly and Becker from Circuit City and Messrs Gadi Cohen, CEO of PNY, and Tony Gomez, Vice President of Sales and Marketing of PNY, Mr. Gomez made a presentation confirming the damages that Circuit City had caused to PNY by its breaches of the Flash Card Agreement. Upon seeing and hearing the Gomez presentation, Mr. Becker told Mr. Cohen and Mr. Gomez that PNY had done its homework, and confirmed, and thus admitted, the accuracy of the information provided to Circuit City at that meeting.

20. Also at the same April 2008 meeting, Messrs. Kelly and Becker admitted to PNY that Circuit City had charged Mr. Becker with the responsibility to maximize gross margin dollar contributions for Circuit City; that Circuit City was an exclusive location for PNY's competitor, SanDisk, before PNY entered into the Flash Card Agreement in or about August 2006; that SanDisk was unhappy with PNY for beginning sales at Circuit City and, as a result, undercut PNY in pricing to Circuit City (which enabled Mr. Becker to maximize gross margin, as Circuit City had charged him to do); and – perhaps most important – admitted that Circuit City had entered into the Flash Card Agreement not for the purpose of fulfilling the Flash Card Agreement according to its terms, but with the undisclosed intention and ulterior motive of using PNY to extract greater benefits and higher margin from PNY's competitor, SanDisk in furtherance of its plan to increase gross margins. In essence, Circuit City used PNY to break the

5

ME1 7629562v.5

exclusivity deal it allegedly had with SanDisk and as leverage to extract lower prices from SanDisk.

21. By not selling through the PNY Flash Cards that Circuit City did buy from PNY, Circuit City compounded the damages to PNY because PNY had agreed to provide, and did provide, price protection to Circuit City in a falling market.

22. PNY's costs for fulfilling the Flash Card Agreement, and in providing the benefits to Circuit City under the Flash Card Agreement exceed $10,000,000.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

23. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. PNY fully performed under the Flash Card Agreement.

25. Circuit City has breached its promises, representations, obligations and covenants in the Flash Card Agreement.

26. As a direct and proximate result of Circuit City's breach, PNY has suffered damages.

## SECOND CLAIM FOR RELIEF
### Breach Of The Implied Covenant Of Good Faith And Fair Dealing

27. PNY repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

28. The actions of Circuit City, as particularly set forth above, constitute a breach of the implied covenant of good faith and fair dealing.

29. As a direct and proximate result of Circuit City's breach, PNY has suffered damages.

6

ME1 7629562v.5

### THIRD CLAIM FOR RELIEF
#### Promissory Estoppel

30. PNY repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

31. Circuit City promised PNY that if PNY continued to make and supply products and provide the substantial discounts, allowances, marketing development funds and other benefits that Circuit City would purchase PNY Flash Card products and would advertise PNY Flash Card products at least twice monthly.

32. Circuit City knew or should have known that its promises, representations and agreements would induce action on the part of PNY.

33. Circuit City knew that PNY would and did make payments to Circuit City over the period from in or about August 2006 and thereafter in reliance on Circuit City's promises, representations, obligations and covenants in the Flash Card Agreement and otherwise.

34. PNY's reliance on Circuit City's agreements, promises and representations was reasonable under the circumstances. PNY did so rely, do its detriment. As a direct and proximate result, PNY has been damaged.

### FOURTH CLAIM FOR RELIEF
#### Negligent Misrepresentation

35. PNY repeats and realleges paragraphs 1 through 22 and 31 – 34 of this Complaint as if fully set forth herein.

36. The aforesaid representations and promises made by Circuit City were untrue.

37. Circuit City breached a duty to PNY in making representations and warranties that were untrue.

7

ME1 7629562v.5

38. As a result of PNY's reasonable reliance on Circuit City's negligent misrepresentations, PNY has been damaged.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

39. PNY repeats and realleges paragraphs 1 through 22 and 31 – 34 of this Complaint as if fully set forth herein.

40. By its conduct, Circuit City acted in bad faith and was unjustly enriched by making promises and agreements with PNY that it never intended to fulfill, and/or for ulterior motives unrelated to the purchase and sale of PNY Flash Cards.

41. PNY's continued provision of monetary benefits to Circuit City conferred a substantial benefit on Circuit City.

42. Circuit City will be unjustly enriched if it is permitted to retain the payments and benefits made by PNY, to which is was not entitled.

### SIXTH CLAIM FOR RELIEF
### Fraud

43. PNY repeats and realleges paragraphs 1 through 22, 31 – 34 and 40 - 42 of this Complaint as if fully set forth herein.

44. Circuit City represented to PNY that it wanted to add PNY Flash Card products to Circuit City's product line. Those representations were made in the summer of 2006 by Edward Maitland, a buyer for Circuit City, to Tony Gomez at PNY.

45. As a result of Circuit City's representations, PNY entered into the Flash Card Agreement and provided Circuit City with substantial benefits.

46. In or about 2006 Circuit City was encountering financial difficulties which continue to this day.

8

ME1 7629562v.5

47. Messrs. Kelly and Becker of Circuit admitted to PNY that Circuit City entered into the Flash Card Agreement for the ulterior and then-undisclosed motive of extracting greater profits from another and preferred supplier, SanDisk, a competitor of PNY.

48. At the time Circuit City made its representations to PNY in or about 2006, it knew or should have known that they were false, and that Circuit City was using PNY as a foil to extract greater profits from a preferred supplier and to extract cash from PNY (in the form of an advance marketing development and other payments) to buoy its flagging income when it had no intention of fulfilling the Flash Card Agreement in accordance with its terms.

49. At the time Circuit City made the representations to PNY, Circuit City knew that the representations were material to PNY.

50. At the time Circuit City made the representations, Circuit City knew that they were false.

51. In making the representations to PNY, Circuit City intended to induce PNY to enter into and perform an agreement under which PNY would not get the benefits of its bargain, but under which Circuit City would not only get the benefit of its bargain with PNY, but also would increase its profits from dealing with a PNY competitor.

52. PNY relied upon the false representations of Circuit City in performing the Flash Card Agreement.

53. PNY has suffered damages as a direct and proximate result of Circuit City's conduct.

ME1 7629562v.5

Case 08-35653-KRH    Doc 11473-1    Filed 11/23/11    Entered 11/23/11 11:54:48    Desc
Exhibit(s) Exhibit A - Complaint    Page 10 of 17
Case 2:08-cv-05281-WJM-CCC    Document 1    Filed 10/27/08    Page 10 of 15 PageID: 10

## SEVENTH CLAIM FOR RELIEF
### Breach of Contract

54. Plaintiff PNY entered into an agreement with Circuit City for the purchase of PNY products. Under that agreement, PNY agreed to sell, and Circuit City agreed to buy and pay for those PNY products.

55. PNY has provided all of the products required under the agreement and otherwise has performed all of its obligations under the agreements for the purchase and sale of PNY products.

56. Circuit City paid certain of the amounts owed in accordance with the agreement for the purchase and sale of PNY products.

57. Circuit City has failed to pay all amounts due and owing to PNY.

58. PNY has demanded that Circuit City make payment, but that demand has not been met.

59. PNY has given Circuit City notice of its breach and opportunities to cure.

60. Circuit City has failed to cure its breaches of the Agreement.

61. Circuit City has breached the agreement for the purchase and sale of PNY products, as a direct and proximate result of which PNY has been damaged.

## EIGHTH CLAIM FOR RELIEF
### Breach of Contract – Goods Sold and Delivered

62. PNY repeats the allegations of the Seventh Count as if set forth at length herein.

63. PNY sues Circuit City for products sold and delivered by PNY to Circuit City upon the promise by Circuit City to pay the agreed amounts. Payment has been demanded and has not been made.

ME1 7629562v.5

Case 08-35653-KRH    Doc 11473-1    Filed 11/23/11    Entered 11/23/11 11:54:48    Desc
Case 2:08-cv-05281-WJM-CCC    Document 1    Filed 10/27/08    Page 11 of 15 PageID: 11
Exhibit(s) Exhibit A - Complaint    Page 11 of 17

## NINTH CLAIM FOR RELIEF
### Failure to Pay

64. PNY repeats the allegations of the Seventh and Eighth Count as if set forth at length herein.

65. PNY sues Circuit City for the reasonable value of products sold and delivered to Circuit City, upon the promise of Circuit City to pay a reasonable price for same. Payment has been demanded and has not been made.

## TENTH CLAIM FOR RELIEF
### Book Account

66. PNY repeats the allegations of the Seventh through Ninth Counts as if set forth at length herein.

67. There is due from Circuit City the sum of $2,299,534.24, plus interest, on a certain book account. Payment has been demanded and has not been made.

## ELEVENTH CLAIM FOR RELIEF
### Account Stated

68. PNY repeats the allegations of the Seventh through Tenth Counts as if set forth at length herein.

69. Circuit City, being indebted to PNY in the sum of $2,299,534.24 upon an account stated between them, did promise to pay PNY said sum upon demand. Payment has been demanded and has not been made.

ME1 7629562v.5

Case 08-35653-KRH    Doc 11473-1    Filed 11/23/11    Entered 11/23/11 11:54:48    Desc
Exhibit(s) Exhibit A - Complaint    Page 12 of 17

Case 2:08-cv-05281-WJM-CCC    Document 1    Filed 10/27/08    Page 12 of 15 PageID: 12

## PRAYER FOR RELIEF

WHEREFORE, PNY Technologies, Inc. prays that this Court enter judgment against Defendant as follows:

A. Awarding PNY its damages, compensatory and punitive;

B. Awarding PNY its costs and expenses of this action;

C. Awarding PNY its attorneys' fees; and

D. Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: October 27, 2008

s/ William J. Heller
William J. Heller
Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff PNY Technologies, Inc.*

Case 08-35653-KRH    Doc 11473-1    Filed 11/23/11    Entered 11/23/11 11:54:48    Desc
Exhibit(s) Exhibit A - Complaint    Page 13 of 17
Case 2:08-cv-05281-WJM-CCC    Document 1    Filed 10/27/08    Page 13 of 15 PageID: 13

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action or proceeding pending in any court, or of any pending arbitration.

Respectfully submitted,

Dated: October 27, 2008

s/ William J. Heller
William J. Heller
Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff PNY Technologies, Inc.*

ME1 7629562v.5

Case 08-35653-KRH    Doc 11473-1    Filed 11/23/11    Entered 11/23/11 11:54:48    Desc
Exhibit(s) Exhibit A - Complaint    Page 14 of 17

Case 2:08-cv-05251-WJM-CCC    Document 1-2    Filed 10/27/08    Page 1 of 2 PageID: 14

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| PNY TECHNOLOGIES, INC. ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. |
| CIRCUIT CITY STORES, INC. ) | |
| Defendant ) | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

CIRCUIT CITY STORES, INC.
9950 MARYLAND DRIVE
RICHMOND, VIRGINIA  23233

A lawsuit has been filed against you.

    Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, whose name and address are:

WILLIAM J. HELLER, ESQ.
McCARTER & ENGLISH, LLP
FOUR GATEWAY CENTER, 100 MULBERRY STREET
NEWARK, NJ  07102

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Name of clerk of court

Date: _____     _____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

Case 08-35653-KRH    Doc 11473-1    Filed 11/23/11    Entered 11/23/11 11:54:48    Desc
Exhibit(s) Exhibit A - Complaint    Page 15 of 17

Case 2:08-cv-05281-WJM-CCC    Document 1-2    Filed 10/27/08    Page 2 of 2 PageID: 36

AO 440 (Rev. 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
_____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
_____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other *(specify)* _____
_____
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

JS 44 (Rev. 12/07, NJ 5/08)   CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: **Morris**

County of Residence of First Listed Defendant: _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

William J. Heller, Esq./McCarter & English, LLP
Four Gateway Center, 100 Mulberry Street
Newark, NJ 07102
Phone: 973-622-4444    Email: wheller@mccarter.com

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. § 1332**

Brief description of cause: **Breach of Contract**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) (See instructions)

JUDGE: _____    DOCKET NUMBER: _____

Explanation: _____

DATE: 10/27/2008

SIGNATURE OF ATTORNEY OF RECORD: s/William J. Heller

Case 08-35653-KRH    Doc 11473-1    Filed 11/23/11    Entered 11/23/11 21:54:48    Desc
Exhibit(s) Exhibit A - Complaint    Page 17 of 17

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
       Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.