**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | | |
|---|---|---|
| IN RE: | * | CASE NO.:     **08-35653-KRH** |
| CIRCUIT CITY STORES, INC., *et al.*, | * | (CHAPTER 11) |
| DEBTORS. | * | (JOINTLY ADMINISTERED) |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.
AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
TO THE LIQUIDATING TRUST'S TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS)**

Toshiba America Consumer Products, L.L.C. ("TACP") and Toshiba America Information Systems, Inc. ("TAIS"; together with TACP, "Toshiba"), by their attorneys, file this response to the *Liquidating Trust's Twenty-fifth Omnibus Objection to Claims (Reduction of Certain Partially Invalid Claims)* [Docket No. 11403] (the "Objection") filed by The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), and state:

**BACKGROUND**

**Relevant Case Background**

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a contested matter under Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and is a core proceeding under 28 U.S.C. § 157(b).

---

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America Consumer Products, L.L.C.
and Toshiba America Information Systems, Inc.*

166916

2. The above-captioned debtors (collectively, the "Debtors") commenced this bankruptcy case on November 10, 2008 (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On August 9, 2010, the Debtors and their statutory committee of unsecured creditors filed a *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* [Docket No. 8252] (the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under Chapter 11 of the Bankruptcy Code.

4. On September 10, 2010, the Court entered an *Order* [Docket No. 8555] confirming the Plan.

5. The Plan became effective on November 1, 2010, and, by the terms of the Plan, the Liquidating Trust then assumed the right and responsibility to liquidate the Debtors' assets and distribute the proceeds to creditors, including the prosecution of causes of action and objections to claims.

6. The Liquidating Trust filed its Objection on October 31, 2011. In its Objection, the Liquidating Trust seeks to reduce the claims filed by TACP and TAIS, asserting that the claims assert amounts for which the Debtors are not liable based on variances in pricing or on other grounds.

**TACP's Claim History and the Liquidating Trust's Objection**

7. TACP timely filed a Section 503(b)(9) Claim Request Form with the Debtors' claims processing agent, Kurtzman Carson Consultants LLC ("KCC"), on December 19, 2008, asserting a claim for administrative expenses under § 503(b)(9) of the Bankruptcy Code in the

166916    2

amount of $5,735,769.00 (the "TACP Administrative Claim").  The TACP Administrative Claim was assigned claim number 1331.

8. TACP also timely filed a proof of claim with KCC on January 30, 2009, asserting a claim in the amount of $6,393,681.50 and entitled to treatment as an administrative priority (the "TACP Proof of Claim").  The TACP Proof of Claim was assigned claim number 9648.

9. To properly characterize its claim under § 503(b)(9) of the Bankruptcy Code, TACP filed an amended proof of claim (the "TACP Amended Proof of Claim") on July 16, 2009.  The TACP Amended Proof of Claim asserted a claim in the total amount of $6,393,681.50, of which $5,293,249.00 was entitled to treatment as an administrative priority under § 507(a)(2) of the Bankruptcy Code.  The balance of the claim listed in the TACP Amended Proof of Claim, $1,100,432.50, was to be treated as a general unsecured, non-priority claim.  The TACP Amended Proof of Claim was assigned claim number 14506.

10. In light of the filing of its TACP Amended Proof of Claim and for the sake of accuracy, TACP also amended its TACP Administrative Claim by filing an amended claim (the "TACP Amended Administrative Claim") on July 16, 2009.  The TACP Amended Administrative Claim asserted a § 503(b)(9) claim in the amount of $5,293,249.00 and was assigned claim number 14503.

11. On September 21, 2009, the Debtors filed *Debtors' Forty-sixth Omnibus Objection to Claims (Modification of Certain Duplicate Claims)* [Docket No. 5019] (the "Debtors' 46th Objection"), seeking certain modifications of TACP's filed claims.

12. For the sake of clarity of the record as it relates to the numbering of TACP's claims, TACP subsequently filed a *Notice of Withdrawal of Section 503(b)(9) Claim Request Number 14503 Filed by Toshiba America Consumer Products, L.L.C.* [Docket No. 5973],

166916                                3

withdrawing claim number 14503, and a *Notice of Withdrawal of Amended Proof of Claim Number 14506 Filed by Toshiba America Consumer Products, L.L.C.* [Docket No. 6206], withdrawing claim number 14506.

13.    The Debtors and TACP resolved the Debtors' 46th Objection, and the Court entered a *Supplemental Order on Debtors' Forty-sixth Omnibus Objection to Claims (Modification of Certain Duplicate Claims)* [Docket No. 6854] (the "46th Objection Order") on March 17, 2010.  The 46th Objection Order established a § 503(b)(9) claim of $5,293,249.00 (denoted as claim number 1331) and a general unsecured, non-priority claim of $1,100,432.50 (denoted as claim number 9648) for TACP.[1]

14.    In its Objection, the Liquidating Trust seeks to reduce the $1,100,432.50 general unsecured claim described in TACP's claim number 9648 to $1,090,810.10 due to purported "pricing variances."  (Objection, Exh. C).

**TAIS's Claim History and the Liquidating Trust's Objection**

15.    TAIS timely filed a Section 503(b)(9) Claim Request Form with KCC on December 19, 2008, asserting a claim for administrative expenses under § 503(b)(9) of the Bankruptcy Code in the amount of $5,043,759.28 (the "TAIS Administrative Claim").  The TAIS Administrative Claim was assigned claim number 1319.

---

[1] Upon reviewing its records, TACP identified other invoices that were omitted from its previously filed claims.  Accordingly, TACP filed an amended proof of claim (the "TACP Second Amended Proof of Claim") on October 14, 2010.  The TACP Second Amended Proof of Claim asserts a claim in the total amount of $7,268,836.75, of which $5,293,249.00 is entitled to treatment as an administrative priority under § 507(a)(2) and the $1,975,587.75 remainder is to be treated as a general unsecured, non-priority claim.  The TACP Second Amended Proof of Claim noted that it amended claim number 9648, and was assigned claim number 15106.  Claim number 15106 is not the subject of the instant Objection.

16. TAIS also timely filed a proof of claim with KCC on January 30, 2009, asserting a claim in the amount of $14,400,858.33 and entitled to treatment as an administrative priority (the "TAIS Proof of Claim"). The TAIS Proof of Claim was assigned claim number 9391.

17. To properly characterize its claim under § 503(b)(9) of the Bankruptcy Code, TAIS filed an amended proof of claim (the "TAIS Amended Proof of Claim") on July 16, 2009. The TAIS Amended Proof of Claim asserts a claim in the total amount of $14,400,858.33, of which $5,043,759.28 is entitled to treatment as an administrative priority under § 507(a)(2). The balance of the claim listed in the TAIS Amended Proof of Claim, $9,357,099.05, is to be treated as a general unsecured, non-priority claim. The TAIS Amended Proof of Claim was assigned claim number 14505.

18. In light of the filing of its TAIS Amended Proof of Claim and for the sake of accuracy, TAIS also amended its TAIS Administrative Claim by filing an amended claim (the "TAIS Amended Administrative Claim") on October 6, 2009. The TAIS Amended Administrative Claim asserts a § 503(b)(9) claim in the amount of $4,786,331.56.

19. For the sake of clarity of the record as it relates to the numbering of TAIS's claims, TAIS subsequently filed a *Notice of Withdrawal of Section 503(b)(9) Claim Request Number 14672 Filed by Toshiba America Information Systems, Inc.* [Docket No. 5979], withdrawing claim number 14672, and a *Notice of Withdrawal of Amended Proof of Claim Number 14505 Filed by Toshiba America Information Systems, Inc.* [Docket No. 6205], withdrawing claim number 14505.

20. TAIS's filed claims also were the subject of the Debtors' 46th Objection, which the Debtors and TAIS resolved in the 46th Objection Order. The 46th Objection Order established a § 503(b)(9) claim of $4,786,331.56 (denoted as claim number 1319) and two

166916    5

general unsecured, non-priority claims in the amounts of $257,427.72 (denoted as a portion of claim number 1319) and $9,357,099.05 (denoted as claim number 9391) for TAIS.

21.    In its Objection, the Liquidating Trust seeks to reduce the $9,357,099.05 general unsecured claim described in TAIS's claim number 9391 to $8,517,929.12 for unknown reasons purportedly derived from the Debtors' books and records.  (Objection, Exh. C).

## ARGUMENT

22.    The Liquidating Trust fails to meet its burden to overcome the presumptive validity and amounts of Toshiba's properly filed claims.  The Objection is supported by self-serving, conclusory statements instead of probative evidence, and must be overruled.

23.     Under Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie evidence of the validity and amount of the claim, and is deemed allowed unless objected to by a party in interest.  FED. R. BANKR. P. 3001(f) (2011); 11 U.S.C. § 502(a) (2011).

24.    The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ."  Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004).  Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly filed claim.  Id. at 640 (citations omitted).  See also In re Fleming, No. 08-30200-KRH, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) (Huennekens, J.) ("It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation omitted); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("It is often said that the objector must produce evidence equal in force to the *prima facie* case.") (citation omitted).

166916                                                6

25. Simply filing an objection to the proof of claim does not satisfy the objecting party's burden. <u>C-4 Media Cable S., L.P. v. Reds T.V. and Cable, Inc. (In re C-4 Media Cable S. L.P.)</u>, 150 B.R. 374, 377 (Bankr. E.D. Va. 1992). <u>See</u> also <u>Wright v. Holm (In re Holm)</u>, 931 F.2d 620, 623 (9th Cir. 1991) (holding that a properly filed proof of claim "is strong enough to carry over a mere formal objection without more") (citation omitted).

26. If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." <u>Harford Sands</u>, 372 F.3d at 461-62 (citation omitted).

27. In the case at bar, the Liquidating Trust fails to state sufficient facts or include evidence in the Objection to overcome the presumptive validity of Toshiba's claims. Without supporting evidence, the Liquidating Trust contends that the $1,100,432.50 general unsecured claim described in TACP's claim number 9648 should be reduced due to unknown "pricing variances." (Objection, Exh. C). With respect to TAIS, the Liquidating Trust contends that the $9,357,099.05 general unsecured claim described in TAIS's claim number 9391 should be reduced without stating any grounds for the reduction other than "Books & Records – Reduced Liability." (Objection, Exh. C). The Liquidating Trust fails to identify the "pricing variances" and "Reduced Liability", and fails to produce supporting documentation to validate its desired modification of Toshiba's claims.

28. While Toshiba's proofs of claim in this bankruptcy case are adequately supported, the Liquidating Trust's Objection is not. The Liquidating Trust has neither presented evidence supporting its Objection nor adequately explained the basis for its desired reduction of Toshiba's claims. Instead, it simply makes conclusory statements such as "The basis for reduction of the

166916                                                  7

claims listed on <u>Exhibit C</u> attached hereto (the 'Claims') is that all of the Claims assert, in part, amounts for which the Debtors are not liable." (Objection, ¶ 23).

29. Such statements hardly satisfy the Liquidating Trust's burden to overcome the presumptive validity of Toshiba's claims. Therefore, the Liquidating Trust's Objection must be overruled.

30. Toshiba respectfully requests that the Court treat this Response as a written memorandum of points and authorities or waive any requirement that this Response be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(H).

WHEREFORE, Toshiba America Consumer Products, L.L.C. and Toshiba America Information Systems, Inc. respectfully request that the Court:

    A.    Overrule the Liquidating Trust's Objection;

    B.    Deem the claims filed by Toshiba allowed in the amounts set forth therein; and

    C.    Provide such other and further relief as the Court determines to be necessary.

        /s/ Jeremy S. Friedberg
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America
Consumer Products, L.L.C. and
Toshiba America Information Systems, Inc.*

166916        8

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this <u>1st</u> day of December, 2011, a copy of the foregoing was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100

Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219.

                                                   /s/ Jeremy S. Friedberg
                                                   Jeremy S. Friedberg