IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | Case No. 08-35653 |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | Judge Kevin R. Huennekens |

**RESPONSE OF SCRIPPS NETWORKS INTERACTIVE, INC.
D/B/A HOME & GARDEN TELEVISION, TO LIQUIDATING TRUST'S
TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

Scripps Networks Interactive, Inc., dba Home & Garden Television or HGTV ("Scripps"), opposes the Liquidating Trust's Twenty Sixth Omnibus Objection to Claims with respect to claim no. 8029 filed by Scripps, a copy of which is attached hereto as **Exhibit A**, as follows:

1. Scripps filed claim no. 8029 in the amount of $147,019.40 representing amounts owed by Circuit City Stores, Inc. to Scripps for on-air television advertising provided by Scripps to or for the benefit of Circuit City Stores, Inc. in September, 2008, on Scripps HGTV cable television network ("Scripps Claim").

2. The Scripps Claim was signed by Bonnie Krabbenhoft, in her capacity as Credit Manager for the claimant. As such, Ms Krabbenhoft is a person with personal knowledge of the relevant facts that support this Response, and the Scripps Claim constitutes her declaration of the

Neil E. McCullagh, Esq. (VSB #39027)
Jennifer J. West, Esq. (VSB #47522)
SPOTTS FAIN, PC
P.O. Box 1555
Richmond, VA 23218
411 East Franklin Street, Suite 600
Richmond, VA 23219
Phone: (804) 697-2064
Fax: (804) 697-2164
Email: nmccullagh@spottsfain.com

Mary L. Fullington, Esq. (*Pro Hac Vice* Admission Pending)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
Phone: (859) 233-2012
Fax: (859) 259-0649
Email: Lexbankruptcy@wyattfirm.com

Counsel for Scripps Networks Interactive, Inc.,
dba Home & Garden Television or HGTV

relevant facts that support the response. Her address is 9721 Sherrill Blvd, Knoxville, TN, 37932, and she may be reached through undersigned counsel.

3. The Trust does not deny that Scripps provided the media advertising which is the subject of the Scripps Claim, or that Circuit City received the benefit of such media advertising. It merely alleges that it has no contractual obligation to pay Scripps for the benefit of the media advertising it received. Particularly, the Liquidating Trust objects to Scripps Claim on grounds that the debtor "procured services through Active Media Services, not claimant (HGTV)."

4. The basis for Scripps' response herein is that to the extent the media advertising which is the subject of the Scripps Claim was procured by the debtor through Active Media Services as the Liquidating Trust avers, Active Media Services was an agent for its principal Circuit City, and Circuit City, as principal, is obligated to pay for the media advertising procured on its behalf. *Basic Research, LLC v. Rainbow Media Holdings, Inc.*, 2011 WL 2636833 (D. Utah, July 6, 2011) (holding that Basic Research, the advertiser, is responsible for paying for Basic Research advertising that was placed with certain networks through Icebox, an advertising agency, where Basic Research was a disclosed principal and Icebox was basic's agent for purposes of placing advertising with the networks). Alternatively, the Scripps Claim is based in unjust enrichment.

5. In its Complaint against Active Media Services, the debtor describes its relationship with Active Media as an "advertising brokerage relationship." *See* Adv. Pro. No. 09-03232, Docket No. 1, par. 1. As the debtor stated in the Complaint at paragraph 16, pursuant to an agreement between the debtor and Active Media Services, Active Media Services would "purchase cable and network television advertising on behalf of Circuit City." The debtor's use of the term "brokerage relationship" does not exempt the parties from an agency relationship,

and with the use of the phrase "on behalf of Circuit City," the debtor admits the existence of an agency relationship between the debtor and Active Media.

6. Further, Circuit City was a disclosed principal of Active Media, as the media advertising allegedly procured through Active Media was for Circuit City, not for Active Media.

7. Finally, the debtor knew it was receiving media advertising from Scripps, and it paid Scripps directly for such media advertising. Electronic invoices issued by Active Media Services to the Debtor for media advertising provided by Scripps in September, 2008, for Circuit City directed the debtor to make payment directly to Scripps. *See* **Exhibit B**, attached hereto. Corresponding General Media Reports show the cost of such media advertising to be $164,961.00. *See* **Exhibit C**, attached hereto. At this time, the claimant has not identified additional particular documentation that evidences the Scripps Claim, but if such documentation is later identified, it will be immediately provided to the Liquidating Trust.

8. To the extent the media advertising which is the subject of the Scripps Claim was procured for Circuit City by Active Media, Active Media was the agent for its disclosed principal, Circuit City. Circuit City, therefore, is contractually obligated to pay the Scripps Claim for the cost of such media advertising. The debtor's failure to pay for such advertising constitutes a breach of such contractual obligation entitling Scripps to a claim for damages in an amount no less than $147,019.40.

9. Alternatively, Scripps provided the cable television advertising described on the invoices and General Media Reports attached hereto, and in Scripps Claim, for the benefit of Circuit City. Scripps thereby conferred a benefit upon the debtor. The debtor accepted such benefit, the value of which is set forth in Scripps Claim in the amount of $147,019.40. No payment has been made to Scripps for the benefit it conferred upon Circuit City.

3

10. The debtor knew or had reason to know it was receiving such benefit from Scripps, and Scripps reasonably expected to be paid for the benefit it conferred on Circuit City in an amount no less than $147,019.40. The debtor was unjustly enriched by such benefit in the absence of payment and it is entitled to a claim for such unjust enrichment in the amount of no less than $147,019.40.

11. Scripps has no adequate remedy at law for the payment of its claim.

WHEREFORE, Scripps Networks Interactive, Inc., dba Home & Garden Television or HGTV respectfully requests that the Liquidating Trust's objection to its claim no. 8029 be overruled, and that such claim be allowed in the amount of $147,019.40.

> SCRIPPS NETWORKS INTERACTIVE, INC.,
> DBA HOME & GARDEN TELEVISION OR
> HGTV
>
> By: /s/ Neil E. McCullagh
>        Counsel

Neil E. McCullagh, Esq. (VSB #39027)
Jennifer J. West, Esq. (VSB #47522)
SPOTTS FAIN PC
P.O. Box 1555
Richmond, VA 23218
411 East Franklin Street, Suite 600
Richmond, VA 23219
Phone: (804) 697-2064
Fax:    (804) 697-2164
E-Mail: nmccullagh@spottsfain.com

and

Mary L. Fullington, Esq. (*Pro Hac Vice* Admission Pending)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
Phone: (859) 233-2012
Fax:    (859) 259-0649
Email: Lexbankruptcy@wyattfirm.com

*Counsel for Scripps Networks Interactive, Inc.,*
*dba Home & Garden Television or HGTV*

# CERTIFICATE OF SERVICE

I hereby certify that on <u>December 1, 2011</u>, a true and correct copy of the foregoing Response of Scripps Networks Interactive, Inc. d/b/a Home & Garden Television, to Liquidating Trust's Twenty-Sixth Omnibus Objection to Claims was electronically filed with the clerk of the court by using the CM./ECF system, which will send a notice of electronic filing to all parties designated to receive electronic notice via the Court's CM/ECF system, and to the parties listed below via facsimile, electronic and/or first-class, postage prepaid U.S. mail.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

/s/ Neil E. McCullagh