Peter C.L. Roth, Esq.
Senior Assistant Attorney General
State of New Hampshire
Office of the Attorney General
33 Capitol Street
Concord, New Hampshire 03301
603-271-3679
603-223-6269 (fax)
Attorneys for Claimant
New Hampshire Department of Revenue Administration

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

_____ )
                               )
In re:                         )    Chapter 11
                               )
CIRCUIT CITY STORES, INC., et al., )    Case No. 08-35653 (KRH)
                               )
      Debtors.                 )    (Jointly Administered)
_____ )

**NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION'S RESPONSE TO DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS FIELD BY TAXING AUTHORITIES**

Now comes the State of New Hampshire Department of Revenue Administration ("NH DRA"), and by its attorneys, the State of New Hampshire Office of the Attorney General, hereby responds to the Debtors' Eighteenth Omnibus Objection to Claims Filed by Taxing Authorities ("Debtors' Objection") and opposes the relief requested, as the NH DRA has asserted a valid claim for which the Debtors are liable. In support of its response, the NH DRA states as follows:

1

I. <u>Background</u>

1. On May 7, 2009, the NH DRA filed Proof of Claim #13029 ("POC"), totaling $119,903.00 and consisting of a tax assessment ("Assessment") for the entirely pre-petition tax period of March 1, 2004 to February 28, 2005 ("Tax Period"). A copy of the Assessment was submitted with the POC. This claim is entitled to priority under Section 507(a)(2) of the Bankruptcy Code.

2. The NH DRA issued the Assessment for the unpaid pre-petition tax liability and interest, pursuant to N.H. Rev. Stat. Ann. 21-J:33. The Assessment is based upon an audit of a filed return, which proved that the total of the estimated, extension, original return and tax notice payments received was inadequate. The Assessment for the Tax Period was issued to the Debtors via first class mail on October 2, 2008.

3. Pursuant to N.H. Rev. Stat. Ann. 21-J:28-b, the Debtors had sixty (60) days after the notice of the Assessment to object by filing a petition for redetermination with the NH DRA's Hearings Bureau. The Debtors did not seek redetermination. Accordingly, the appeal period expired and the Assessment became final for collection. *See* 11 U.S.C. § 362(b)(9).

4. On February 28, 2011, the Debtors filed the Debtors' Objection to the NH DRA's POC, seeking to expunge the claim, and asserted generally and with no other specification that "Debtors' books and records reflect no liability." Objection at Exhibit H.

II.     Response to Objection

5.     When the substantive law creating a tax obligation places the burden of proof on a taxpayer, the burden of proof on the tax claim remains where that substantive law places it in the context of a bankruptcy proceeding. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21 (2000). The claim to which the Debtors object arises under the tax laws of New Hampshire, and under those laws, the burden of production and persuasion is on the taxpayer – and in this case, the Debtors – to establish that the claim should not be allowed against the estate. *See* N.H. Rev. Stat. Ann. 21-J:28-b; N.H. Rev. Stat. Ann. 541-A:30-a; N.H. Admin. R., REV 204.13.

6.     The basis for an objection must be with reference to underlying substantive law of New Hampshire. *See Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450-53 (2007). All by itself, "Debtors' books and records reflect no liability" is not a sufficient challenge under State law to the Assessment. In contrast, the NH DRA has presented a proof of claim showing the Assessment, and included a copy of the Notice of Assessment. The Notice of Assessment is based on a return actually filed by the Debtors, which should be within the Debtor's books and records. In any case, in the absence of having made an appropriate and timely challenge to the Assessment, the Debtors cannot now, without more, simply deny liability and shift the burden to the State.

7.     A proof of claim filed, as here, in accordance with the Bankruptcy Rules is prima facie evidence of the validity and the amount of the claim. Fed. R. Bank. P. Rule 3001(f); *In re Hemingway Transport, Inc.*, 993 F.2d 915, 925 (1st Cir. 1993), *cert. denied*, 506 U.S. 891 (1993). To rebut the presumption that attaches to a

3

proof of claim, the objecting party must come forward with "substantial evidence" in support of the asserted grounds for objection. *In re Hemingway Transport, Inc.*, 993 F.2d at 925. In this case, the Debtors have merely filed a generic and nonspecific objection and nothing more.

8. The NH DRA claim is based upon an assessment lawfully made n accordance with applicable non-bankruptcy law. An allegation to the effect that a taxpayer's records or books of account do not show the liability is not a ground for the abatement or other relief from a tax assessment under applicable non-bankruptcy law.

9. The Debtors have not met their burden of proof for an objection to the NH DRA's tax claim and the objection must be overruled. *See Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21.

III.    Offset of Refund Against Claim

10. During the bankruptcy, the Debtors filed an extension payment on May 18, 2009, in the amount of $39,000 for the tax period beginning on March 1, 2008 and ending on February 28, 2009. This tax period encompasses both a pre-petition period of about eight months and a post-petition period of about four months.

11. On or about December 18, 2009, the Debtors filed their return for the period ending on February 28, 2009. The Debtors reported that their New Hampshire Business Enterprise Tax liability exceeded the estimated and extension payments made during the year by $10,813.

12. "[A]ny right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code." *Citizen's Bank of Md.*

4

*V. Strumpf*, 516 U.S. 16, 20 (1995); 11 U.S.C. § 553(a).  The Second Modified Amended Plan preserves the parties rights of setoff.  It provides, in pertinent part, that "nothing herein shall affect the setoff rights of any taxing authority."  Second Modified Amended Plan at VI.H.2.  The injunction of the Second Modified Amended Plan expressly incorporates the language of VI.H.2.  Id. at X.D.

13.     The bulk of the refund is rooted in the pre-bankruptcy past and it thus should be treated as a pre-petition refund for purposes of satisfying mutuality.  *See Segal v. Rochelle*, 382 U.S. 375 (1966).  In any case, since the Debtor is required to pay the tax claim in full, 11 U.S.C. § 1129(a)(9)(C), and the Debtor would be entitled to the refund either as a post-petition debt or as a pre-petition debt, exercising the setoff to reduce the State's claim by the amount of the refund hurts no one and makes practical sense.

14.     The State would therefore agree to an adjustment to its claim to reduce the interest portion of the State's claim by $10,813 to account for the refund debt, and for the order allowing the remainder of the claim to authorize the Debtor and the State to off set the tax debt with the refund thereby fully resolving both claims.

WHEREFORE, for the reasons provided herein, the NH DRA prays that this Honorable Court deny the Debtors' Objection as to the NH DRA and its claim no. 13029, rule that the parties may offset the refund against the claim, and grant such other and further relief as may be just.

Respectfully submitted this 6th day of December 2011.

          STATE OF NEW HAMPSHIRE
          DEPARTMENT OF REVENUE
          ADMINISTRATION

          MICHAEL A. DELANEY
          Attorney General

          /s/ Peter C.L. Roth
          Peter C.L. Roth, Bar No. 14395
          Senior Assistant Attorney General
          33 Capitol Street
          Concord, New Hampshire 03301
          (603) 271-3679

## *CERTIFICATE OF SERVICE*

I, Peter C.L. Roth, do hereby certify that on December 6, 2011, I caused the foregoing to be served on the parties by the Court's ECF system.

Dated: December 6, 2011                    /s/ Peter C.L. Roth_____
                                           Peter C.L. Roth