| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| | |
| *Counsel to the Circuit City Stores, Inc.* | *Counsel to the Circuit City Stores, Inc.* |
| *Liquidating Trust* | *Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | ) Chapter 11 |
| | ) 1 |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| _____ | ) |

**ORDER AUTHORIZING RULE 2004 EXAMINATION OF**
**RECORDS CUSTODIAN OF OHIO BUREAU OF WORKERS' COMPENSATION**

This matter came before the Court on the Motion for Examination Of Records Custodian of the Ohio Bureau of Workers' Compensation Under Rule 2004 Of the Federal Rules of Bankruptcy (the "Motion") filed by the Circuit City Stores, Inc. Liquidating Trust. The Court having reviewed the Motion, and having been fully advised in the premises, and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A. Unless otherwise defined herein, capitalized terms have the same meanings as those ascribed in the Motion.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.  Notice of the Motion (and service of the proposed order) was sufficient under Local Rule 2004-1.

E.  The Motion is in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court.

F.  The requested examination and production of documents is appropriate and necessary for the proper administration of these cases.

IT IS HEREBY ORDERED THAT:

1.  The Motion is hereby GRANTED

2.  A Records Custodian of the Ohio Bureau of Workers' Compensation be and hereby is directed to submit to an examination by the Trust pursuant to Rule 2004 of the Bankruptcy Rules at a place and time mutually agreeable to the parties provided, however, that absent an agreement the examination shall be on or before December 15, 2011, at the offices of Tavenner & Beran, 20 North 8th Street, 2nd Floor, Richmond, Virginia 23219.

3.  A Records Custodian of Ohio Bureau of Workers' Compensation be and hereby is directed to produce the Documents (as described on Exhibit A attached hereto) at a place and time mutually agreeable provided, however, that absent an agreement the Documents shall be produced on or before December 8, 2011 at the offices of Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd, 13th Floor, Los Angeles, California 90067 (Attn: Andrew W. Caine, Esq.).

4.  Upon entry, the Movant shall serve (by electronic delivery, or first class mail, postage prepaid) copies of this Order on: the Office of the United States Trustee, The Ohio Bureau of Workers' Compensation and its counsel (if known).

2

Enter:         /        /2011.

_____
UNITED STATES BANKRUPTCY JUDGE

I ask for this:


_____*/s/ Paula S. Beran*_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, First Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178


## CERTIFICATION

     I hereby certify that the foregoing proposed Order Authorizing Rule 2004 Examination of Ohio Bureau of Workers Compensation has either been endorsed by all necessary parties or was served, by electronic delivery, telecopy or overnight delivery (next business day) on all necessary parties.


_____*/s/ Paula S. Beran*_____
Lynn L. Tavenner (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

3

**EXHIBIT A**
(Document Request)

## **DEFINITIONS**

1. "CLAIMANT", "BOARD", "YOUR" and "YOU" shall mean the State of Ohio Bureau of Workers Compensation, its predecessors in interest, affiliates, and past and present officers, directors, agents, servants, employees, and anyone else acting on its behalf or otherwise subject to its control.

2. "COMMUNICATIONS" shall mean and include, without limitation, any Documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

3. "DOCUMENTS" shall mean and include, without limitation, any written, recorded, or graphic matter, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices, disks, or other media or data compilation from which information can be obtained, including originals, copies (with or without notes or changes thereon) and drafts, including, without limitation, papers, books, letters, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone conversations, interviews, conferences or other meetings, affidavits, statements, summaries, reports, studies, analyses, evaluations, appraisals, estimates, projections, charts, schedules, work sheets, proposals, contracts, agreements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing output and input, microfilms, photographs or negatives thereof, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing however denominated and any or all matter or material attached or affixed to any of the above. Any copy of excerpt of a

document which bears any notes, additions, inserts or other markings of any kind is to be considered a separate "document" for purposes of responding hereto.

   4. "DEBTORS" shall mean Circuit City Stores, Inc. and all other debtors in these consolidated cases, their affiliates, divisions or departments, and all of their past and present officers, directors, agents, servants, employees, contractors and anyone else acting on their behalf or otherwise subject to their control.

   5. "CONCERNING" shall mean relating to, constituting, concerning, referring to, regarding, bearing upon, supporting or negating, summarizing, pertaining to, alluding to, commenting upon, touching upon, recording, consisting of, affecting, reflecting, discussing, describing, evidencing, mentioning or having any logical or factual connection with the matter in question.

   6. "PERSON" is defined as all natural individuals, corporations, partnerships, or other business associations, and all legal entities.

   7. "IDENTIFY" when used in reference to a document shall mean to state its (1) author(s), recipient(s) and addressee(s); (2) date; (3) general subject matter; (4) current or last known location; and (5) current or last known custodian.

### INSTRUCTIONS

   1. Each document is to be produced with all non-identical copies of drafts thereof, in its entirety, without abbreviations or redactions.

   2. You are requested to produce all documents responsive to these requests within your possession, custody and/or control.

2

3. You are requested to produce the documents as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

4. If any responsive document is to be withheld or redacted under a claim of attorney-client privilege, and/or work product immunity, each such document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged documents called for by these requests, and which shall include:  (a) the document number; (b) the document date; (c) the document type; (d) the author(s) of the document; (e) the recipient(s) of the document; (f) a specific description of the subject matter of the document; and (g) a designation of the privilege claimed.

5. This is a continuing request for production and you are requested to promptly provide supplemental responses if you create, receive, identify or locate any additional documents responsive to these requests.

6. In each instance where the responding party denies having or being able to obtain materials responsive to this request for production which the answering party admits exists or existed, the answering party is to:

(a) In the case of documents in existence, identify the documents by date, type (e.g., letter, memorandum, chart, etc.) and content and identify the last known person, persons or entity in control of the documents by specifying the name, address and telephone number of the last person, persons or entity who has possession of such documents.

(b) In the case of documents which the answering party contends are no longer in existence, the answering party is to identify the document as in subparagraph (a) above and

3

set forth the last known date on which said documents existed, the person, persons or entity in control of the documents at such time, the reason for destruction of the documents, and the manner of destruction of the documents.

## REQUESTS

1.      Loss runs reflecting any payments made by YOU, and any reserves established, for all workers' compensation claims asserted against the DEBTORS arising on or after October 1, 2003, which were assumed by the State, whether such claims are currently open or closed.

2.      Any and all DOCUMENTS CONCERNING any workers' compensation claims asserted against the DEBTORS, including but not limited to all claim files, any correspondence, memoranda, pleadings or settlement agreements relating to the claims, any evaluations of the claims, and any reserve reports.