IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | x . | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | . . | Case No 08-35653 (KRH) |
| Debtors. | . | |
| | x | Jointly Administered |

**RESPONSE AND REQUEST FOR HEARING TO LIQUIDATING TRUST'S TWENTY-EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND <u>DISALLOWANCE OF CERTAIN AMENDED CLAIMS</u>)**

Capmark Finance, Inc. ("Capmark") on behalf of Bank of America, National Association, Successor by Merger to LaSalle Bank, National Association (f/k/a LaSalle National Bank) as Trustee for the Registered Holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2, (the "Trustee"), by and through its counsel Bryan Cave LLP, hereby files this Response to Liquidating Trust's Twenty-Eighth Omnibus Objection To Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and states as follows:

1. The Trustee has objected to the proof of claim number 9051 (the "Claim") filed by Capmark.

2. The Trustee holds a mortgage on the real property commonly located at 280 SW 196th Street, Lynnwood, WA (Store No. 9051). The mortgagor on the property, WEC 96D Lynnwood Investment Trust, a Delaware business trust (the "Borrower") leased the property to Circuit City Stores, Inc. ("Circuit City") pursuant to a written leased dated November 27, 1996

between Borrower as landlord and Circuit City as Tenant, as it may have been amended. The Lease and the rents thereunder were assigned by the Borrower to its lender in an Absolute Assignment of Leases and Rents, effective as of November 27, 1997 (the "Assignment of Leases and Rents"). The Assignment of Leases and Rents was subsequently conveyed by the lender to the Trustee. A true and correct copy of the Assignment of Leases and Rents is attached hereto and incorporated herein as Exhibit A.

    3.    Circuit City rejected the Lease.

    4.    Trustee for Debtors lists the Claim on Exhibit C to its Objection as, being a "Partially Invalid Claim". The Objection states that:

> "certain portions of the Partially Invalid Claims are (i) liabilities already asserted by the Claimant's in other claims; (ii) liabilities that have already been satisfied by the Debtors; or (iii) liabilities for which the Debtors dispute liability.

    5.    Debtors Objection offers no explanation for Debtors' basis for seeking a reduction of the Claim.

    5.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

    6.    After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence. See in re Hemingway Transp. Inc. 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); In re Harford Sands, Inc. 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); In re Gran,

964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

7. In this case, the Claims were filed prior to the Bar Date and in accordance with the Federal Rules of Bankruptcy Procedure and provides sufficient documentary support for the Claims and the calculation of the Claims amounts. The Objection does not challenge the basis for the Claims or provide any evidence whatsoever to supports its objection to the calculation of the Claims amounts.

8. The Trustee bears the burden of proof for the disallowance of any portion of the Claims. See In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y 1995) Because Trustee has produced no evidence whatsoever in support of the proposed reduction, the Trustee has failed to meet its burden of proof.

WHEREFORE, Capmark respectfully requests that the Court (a) overrule the Objection as it relates to the Claim; (b) allow the Claim as provided in Capmark's proof of claim; and (c) grant Capmark such other and further relief as this Court deems appropriate under the circumstances.

Dated: December 22, 2011

BRYAN CAVE LLP

By:/s/ *Philip J. Meitl*_____
Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700,
Washington DC 20004
(202) 508-6000 (phone)

*Attorney for Capmark Finance Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 22nd day of December, 2011, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula D. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone (804) 783-8300
Telecopy: (804) 783-0178

*/s/ Philip J. Meitl*  _____
Philip J. Meitl