DAVID L. POLLACK (PA 15694)
JEFFREY MEYERS (PA 23760)
BALLARD SPAHR LLP
51st Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473

CONSTANTINOS G. PANAGOPOULOS (VSB #33356)
BALLARD SPAHR LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

Counsel for Brixmor Property Group, Inc
 (f/k/a Centro Properties Group),
Berkshire Hyannis LLC, Greece Ridge LLC,
and Battlefield FE Limited Partners

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

-------------------------------------------------------x
| | |
|---|---|
| In re: : | **Chapter 11** |
| : | |
| **CIRCUIT CITY STORES, INC.,** *et al.*. : | **Case No. 08-35653-KRH** |
| : | |
| Debtor. : | **Jointly Administered** |

-------------------------------------------------------x

**OMNIBUS RESPONSE OF BRIXMOR PROPERTY GROUP, INC  (f/k/a CENTRO PROPERTIES GROUP), BERKSHIRE HYANNIS LLC, GREECE RIDGE LLC, AND BATTLEFIELD FE LIMITED PARTNERS TO LIQUIDATING TRUST'S TWENTY-EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS,  AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

TO THE HONORABLE KEVIN R. HUENNEKENS,
UNITED STATES BANKRUPTCY JUDGE:

Brixmor Property Group, Inc  (f/k/a Centro Properties Group, "Brixmor"),

Berkshire Hyannis LLC ("Berkshire"), Greece Ridge LLC ("Greece"), and Battlefield FE

Limited Partners ("Battlefield" and collectively "Responding Landlords") by their undersigned

attorneys, make this Response to the Liquidating Trust's Twenty-Eighth Omnibus Objection to

DMEAST #14400954 v1

Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and in support thereof aver:

1. Respondents are the owners or agents for the owners of the shopping centers identified in paragraph 5, *infra*, in which Debtors previously operated retail stores pursuant to written leases (each a "Lease" and collectively the "Leases"). All of Respondents' Leases are leases of premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See In Re: Joshua Slocum, Ltd., 922 F.2d 1081 (3d Cir. 1990).*

## Factual Background

2. Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code on or about November 10, 2008, (the "Petition Date").

3. Prior to the Petition Date, Respondents had entered into Leases with the Debtors for various premises, including the Premises set forth in the chart in paragraph 5 *infra*.

4. The Leases for which claims were filed, and which are subject to the Twenty-Eighth Omnibus Objection, were all rejected by the Debtors post-petition. Respondents thereafter timely filed Proofs of Claim and/or Administrative Expense Claims for each location, some of which may have been subsequently amended.

## The Liquidating Trust's Omnibus Objection

5. By the Objection, the Liquidating Trust seeks to reduce or expunge Respondents' claims for the reasons set forth below:

2

| Location | Claim # | Objection Exhibit | Landlord Claim Amount | Trust Revised Claim | Landlord |
|---|---|---|---|---|---|
| Berkshire Hyannis | 10814 | C | $2,666,801.94 | $2,247,131.06 | Berkshire |
| Springbrook Plaza | 12618 | C | $468,959.03 | $445,884.10 | Brixmor |
| Westminster City Center | 12542 | C | $1,740,219.45 | $1,564,177.69 | Brixmor |
| Greece Ridge | 12622 | E | $476,551.00 | -0- | Greece |
| Fort Evans Plaza | 12992 | C | $810,081.63 | $803,238.79 | Battlefield |

6.　　Rule 3001 of the Federal Rules of Bankruptcy Procedure provides, at Subsection (f):

> **Evidentiary Effect.** A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.

7.　　In each instance there was attached to the landlord's claim a schedule setting forth in detail the composition of the claim made. The schedules clearly show each item that was included in the claim and where that item spans the pre- and post-petition period the schedule shows the calculated allocation.

8.　　With regard to the objections to the claims of Berkshire, Brixmor and Battlefield, the Liquidating Trust seeks to reduce each of those claims by various amounts stating only that certain portions of the claims are "not reflected on Debtors' books and records". The Trustee gives no other information regarding why the amounts set forth on these Respondents' proofs of claim are inaccurate nor does the Trustee set forth what the Debtors' books and records show as owing and due. The Trustee does not assert that the amounts claimed are incorrect, only that they are not reflected in Debtors' books and records. As such, the objection does not meet the burden of proof to overcome the *prima facie* validity of Respondents' claims.

3

DMEAST #14400954 v1

9. With regard to the Greece claim, the Trustee erroneously alleges that that claim is a late filed claim. The Lease for the Greece location (Debtors' store 3154) was rejected effected March 11, 2009 (see Notice of Rejection dated March 4, 2009, Docket #2419). Pursuant to Section 7 of the Notice of Rejection, Greece had until 5:00 p.m. on April 30, 2009, to file its proof of claim.

10. Greece did, in fact, file its claim on April 30, 2009 as evidenced by the time-stamped copy of that claim attached hereto and marked Exhibit "A".[1]

11. Debtors have not met their burden of overcoming the *prime facie* validity of Respondents' claims.

12. Accordingly, Respondents' claims should be allowed as filed and the Trust's objections thereto should be overruled.

13. The undersigned counsel, David L. Pollack, counsel for Respondents, has the authority to reconcile, settle or otherwise resolve the Twenty-Eighth Omnibus Objection.

**WHEREFORE,** Respondents pray that their claims be allowed as filed; and

---

[1] Greece's claims were hand-delivered to the Claims Agent from counsel's Los Angeles office on April 30, 2009. For some unknown reason the claims register maintained by the Claims Agent, Kurtzman Carson Consultants lists two separate general unsecured claims and two separate administrative priority claims in the exact same amounts filed by Greece with two of the claims being listed as filed on April 30th and the other two being listed as filed on May 1st. (See, Exhibit "B".) Interesting, the earlier numbered claims, including the claim objected to by Debtors, are listed as filed on May 1st whereas the later numbered claims are listed as filed on April 30th. Clearly, there was an error in recording the filed claims by the Claims Agent and, as noted on the filed proof of claim, it was, indeed, filed by the April 30, 2009 Bar Date.

4

DMEAST #14400954 v1

**WHEREFORE,** Respondents pray for such other and further relief as may be just and required under all of the circumstances.

Respectfully submitted,

Dated: <u>December 27, 2011</u>    BALLARD SPAHR LLP


   <u>/s/  David L. Pollack</u>
David L. Pollack, Esquire
Jeffrey Meyers, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
pollack@ballardspahr.com
meyers@ballardspahr.com

-and-

   <u>/s/  Constantinos G. Panagopoulos</u>
Constantinos G. Panagopoulos (VSB #33356)
601 13th Street, N.W.
Suite 1000 South
Washington, DC 20005-3807
Telephone: (202) 661-2221
Facsimile: (202) 661-2299
cgp@ballardspahr.com
chotvacsc@ballardspahr.com

*Attorneys for Brixmor Property Group, Inc. (f/k/a Centro Properties Group), Berkshire Hyannis LLC, Greece Ridge LLC, and Battlefield FE Limited Partners*

# **CERTIFICATE OF SERVICE**

I, hereby certify that on the 27th day of December, 2011, a true and accurate copy of the foregoing Omnibus Response of Brixmor Property Group, Inc. (f/k/a Centro Properties Group), Berkshire Hyannis LLC, Greece Ridge LLC, and Battlefield FE Limited Partners to Liquidating Trust's Twenty-Eighth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) was electronically filed with the Clerk of the Court using the CM/ECF system, which causes notices of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

/s/  Constantinos G. Panagopoulos
Constantinos G. Panagopoulos