# Exhibit  3

Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP     One James Center
One Rodney Square     901 E. Cary Street
PO Box 636     Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
               :
In re:           :   Chapter 11
               :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,           :
               :
         Debtors.   :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' THIRD OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND
BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
ABANDONMENT OF PERSONAL PROPERTY**

      The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of
an order, pursuant to sections 105(a), 365(a) and 554 of
title 11 of the United States Code (the "Bankruptcy
Code") and Rule 6006 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules"), authorizing the
Debtors to (i) reject certain unexpired leases of real
property, including any amendments, modifications or
subleases thereto, as set forth on the attached <u>Exhibit
A</u> (collectively, the "Leases"), and any guaranties
thereof and (ii) abandon any equipment, furniture or
fixtures located at the premises covered by the Leases
(the "Premises").  In support of the Motion, the Debtors
respectfully represent:

---

[1]     The Debtors and the last four digits of their respective
taxpayer identification numbers are as follows: Circuit City
Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
(0785), InterTAN, Inc. (0875), Ventoux International, Inc.
(1838), Circuit City Purchasing Company, LLC (5170), CC
Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
(2821), Circuit City Properties, LLC (3353), Kinzer Technology,
LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
Circuit City Stores PR, LLC (5512).  The address for Circuit
City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the
address is 9950 Mayland Drive, Richmond, Virginia 23233.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006.

## BACKGROUND

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.    On January 16, 2009, the Court authorized
the Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores
pursuant to an agency agreement (the "Agency Agreement")
between the Debtors and a joint venture, as agent (the"
Agent").   On January 17, 2009, the Agent commenced
going-out-of-business sales pursuant to the Agency
Agreement at the Debtors' remaining stores.

### RELIEF REQUESTED

7.    By this Motion, the Debtors request the
entry of an order under Bankruptcy Code sections 105(a)
and 365(a) and Bankruptcy Rule 6006 authorizing the
Debtors to reject the Leases and any guaranties thereof.

8.    The Debtors are currently performing
their review, evaluation, and marketing of other
unexpired leases and subleases that are not the subject
of this Motion.   As this process continues, the Debtors
may identify additional leases to be assumed or rejected.
Accordingly, the Debtors reserve the right to seek to
assume or reject additional leases in the future.   This
Motion should not be construed as a determination that

any leases not listed herein are to be assumed or
rejected.

9.   The Debtors further seek authority under
Bankruptcy Code sections 105 and 554 to abandon any
equipment, furniture or fixtures located at the Premises
(the "Abandoned Property").

## BASIS FOR RELIEF

10.   In an effort to avoid any postpetition
administrative costs and in the exercise of the Debtors'
sound business judgment, the Debtors hereby move to
reject the Leases.

11.   The Leases are comprised of the
Construction Store Leases, Service Center Leases,
Distribution Center Leases, Store Leases, Pearl Ridge
Mall Lease and Office Property Leases (each as defined
herein).

12.   Certain of the Leases cover property and
facilities at which the Debtors had intended, but have
cancelled plans, to open new stores (the "Construction
Store Leases").  Final construction or opening of the
Premises covered by the Construction Store Leases was
put on hold prior to the Petition Date.  The

Construction Store Leases include location numbers 3820, 3863, 4141, 4142, and 4237.  The Debtors seek to reject the Construction Store Leases as of February 15, 2009.

13.  Certain of the Leases are for property at which the Debtors repaired and refurbished a variety of consumer electronics and entertainment software (the "Service Center Leases").  The Service Center Leases include location numbers 34 and 45.  The Debtors' current plan to close all of its stores no longer requires these service centers to remain open and functioning.  The Service Center Leases were originally included in the exhibits to the Debtors' Motion for Orders under Bankruptcy Code Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (ii) Setting Sale Hearing Dates and (iii) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Sale Motion") (D.I. 1989, Amended Exhibit, D.I. 2003).  After consultation with

6

its real estate advisor, DJM realty Services, LLC, the
Debtors believe that the Service Center Leases are not
marketable and seek an earlier rejection date of such
Leases than is provided for in the Sale Motion.  As the
Debtors will no longer occupy the Premises subject to
the Service Center Leases as of February 15, 2009, the
Debtors, accordingly, seek to reject the Service Center
Leases as of February 15, 2009.

14.  Certain of the Leases cover property
where the Debtors operated retail stores and at which
the Agent is currently conducting going-out-of-business
sales (the "Store Leases").  The Store Leases include
location numbers 843, 1603, 1610, 1624, 1627, 1638, 3189,
3196, 3202, 3226, 3229, 3230, 3244, 3252, 3260, 3276,
3428, 3508, 3510, 3515, 3521, 3564, 3606, 3607, 3608,
3611, 3613, 3621, 3630, 3631, 3635, 3705, 3733, 3734,
3740, 3748, 3750, 3774, 3776, 3830, 3851, 3865, 4246,
and 4309.  The Store Leases were also included in the
aforementioned exhibits to the Sale Motion.  The Agent
has provided the Debtors with notice of the Agent's
intent to turn over the Premises to the Store Leases on
February 16, 2009.  Accordingly, pursuant to the terms

of the Agency Agreement, the Agent's obligation to pay
rent for the Store Leases ceases as of February 16, 2009.
In an effort to avoid incurring additional
administrative expenses to the estate, the Debtors will
expeditiously vacate the Premises of the Store Leases.
Thus, the Debtors seek to reject the Store Leases as of
February 23, 2009.

      15.   The Debtors lease property to operate a
retail store at Pearl Ridge Mall, location number 3354
(the "Pearl Ridge Mall Lease").  The Agent has provided
the Debtors with notice of the Agent's intent to turn
over the Premises to the Pearl Ridge Mall Lease on
February 22, 2009.  Accordingly, pursuant to the terms
of the Agency Agreement, the Agent's obligation to pay
rent for the Pearl Ridge Mall Lease ceases as of
February 22, 2009.  In an effort to avoid incurring
additional administrative expenses to the estate, the
Debtors will expeditiously vacate the Premises of the
Pearl Ridge Mall Lease.  Thus, the Debtors seek to
reject the Pearl Ridge Mall Lease as of February 27,
2009.

16.   The Debtors are currently consolidating
their business operations at their headquarters in
Richmond, Virginia.  Certain of the Leases are for
property at which the Debtors maintained corporate
offices (the "Office Property Leases").  The Office
Property Leases include location number 9309 and the
Building Lease (as defined herein).  The Debtors seek to
reject the Office Property Leases as of February 28,
2009.

17.   Specifically, the Debtors seek to reject
the Lease and Agreement between CRA Acquisition Corp., a
Delaware corporation, as Landlord and Circuit City
Stores, Inc., as Tenant dated as of February 28, 1990,
as assigned to Corporate Realty Income Trust I ("CRIT")
via that certain Assignment and Assumption of Lease and
Agreement dated as of March 26, 1990 (the "Building
Lease").  CRIT ultimately merged with and into Lexington
Corporate Properties, Inc. ("Lexington") and effective
December 31, 2007, Lexington as the surviving
corporation, became the Landlord under the Building
Lease.  The Debtors are not requesting at this time the
authority to reject the Ground Lease and Agreement

between CRA Acquisition Corp., as Tenant and Circuit
City Stores, Inc., as Landlord as assigned to CRIT via
that certain Assignment and Assumption of Lease and
Agreement dated as of March 26, 1990 (the "Ground
Lease").  Effective December 31, 2007, Lexington, as the
surviving corporation became the Tenant under the Ground
Lease.  This Motion has no force or effect with respect
to the Ground Lease nor any sublease associated with the
Ground Lease.

18.  Each of the Leases, comprised of the
Construction Store Leases, the Service Center Leases,
the Store Leases, the Pearl Ridge Mall Lease and the
Office Property Leases, is listed on Exhibit A, attached
hereto, along with the name of the lessor thereunder,
the lease type and the applicable rejection date.

19.  Through the rejection of the Leases, the
Debtors will be relieved from paying rent, as well as
other costs, including taxes, insurance, maintenance and
other related charges associated with the Leases.
Currently, the Debtors have no operations in certain of
the leased facilities and have no other productive use
for the Premises.  However, the Debtors may be obligated

10

to pay rent under certain of the Leases.[2]  Thus, by

rejecting the Leases at this time, the Debtors will

avoid incurring unnecessary administrative charges for

facilities that provide no tangible benefit to the

Debtors' estates.  The resulting savings from the

rejection of the Leases will increase the Debtors'

future cash flow and assist the Debtors in managing

their estates.

20.  The Debtors have analyzed each of the

Leases to determine the appropriate date of rejection.

The Debtors have concluded that, in order to minimize

unnecessary potential costs to the estate, the

Construction Store Leases should be rejected as of

February 15, 2009 (the "Construction Stores Rejection

Date"); the Service Center Leases should be rejected as

February 15, 2009 (the "Service Center Rejection Date");

the Store Leases should be rejected as February 23, 2009

(the "Store Lease Rejection Date"); the Pearl Ridge Mall

---

[2]   Certain of the real property leases listed on Exhibit A and
      included in this Motion may have been terminated prior to the
      Petition Date.  This Motion has no force or effect with respect
      to any such terminated Leases.  This Motion is not intended to
      reinstate or otherwise alter the status of any Lease, and does
      not mean that any particular landlord is entitled to damages for
      rejection thereof.

Lease should be rejected as February 27, 2009 (the
"Pearl Ridge Mall Rejection Date"); and the Office
Property Leases should be rejected as February 28, 2009
(the "Office Property Rejection Date" collectively with
the Construction Store Rejection Date, Service Center
Rejection Date, the Store Lease Rejection Date and the
Pearl Ridge Mall Rejection Date, the "Rejection Date").
The Debtors in each case have vacated or will vacate the
properties that are covered by the Leases, and, to the
extent applicable, have turned over or will turn over to
the lessors the keys to the Premises as of the Rejection
Date.

      21.  In considering their options with respect
to the Leases, the Debtors have determined in their
business judgment that the costs associated with
assuming the Leases would be substantial and would
constitute an unnecessary drain on the Debtors' cash
resources.  Based on this analysis, the Debtors believe
that the Leases provide no value to the Debtors' estates
and that there remains no viable possibility other than
rejection of the Leases.

22.   Additionally, the Debtors have determined that the abandonment of the Abandoned Property is appropriate because such property is of inconsequential value and/or the cost of removing and storing such property exceeds its value to the Debtors' estates. Moreover, the Debtors believe that the Abandoned Property is no longer necessary for the operation of the Debtors' businesses.

23.   Accordingly, the Debtors believe that rejection of the Leases and any guaranties thereof and abandonment of the Abandoned Property as of the Rejection Date is in the best interests of their estates, their creditors, and other parties in interest.

## APPLICABLE AUTHORITY

### I.   REJECTION OF THE LEASES IS A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT.

24.   Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination to reject an executory contract is governed by the "business judgment" standard.  See Lubrizol Enterprises,

13

Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043,
1046–47 (4th Cir. 1985), cert. denied sub nom., Lubrizol
Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re
Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399
(Bankr. E.D. Va. 2001); see also In re HQ Global
Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003)
(stating that a debtor's decision to reject an executory
contract is governed by the business judgment standard
and can only be overturned if the decision was the
product of bad faith, whim, or caprice).

      25.  Once the Debtors articulate a valid
business justification, "[t]he business judgment rule
'is a presumption that in making a business decision the
directors of a corporation acted on an informed basis,
in good faith and in the honest belief that the action
taken was in the best interests of the company.'"
Official Comm. Of Subordinated Bondholders v. Integrated
Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting
Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

      26.  The business judgment rule has vitality
in chapter 11 cases and shields a debtor's management
from judicial second-guessing.  See Comm. Of Asbestos-

14

Related Litigants and/or Creditors v. Johns-Manville

Corp., 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("[T]he

Code favors the continued operation of a business by a

debtor and a presumption of reasonableness attaches to a

debtor's management decisions.").

27.  As set forth above, the Debtors have

satisfied the "business judgment" standard for rejecting

the Leases.  The Leases are financially burdensome and

unnecessary to the Debtors' ongoing operations and

business.  Rejection of the Leases is in the Debtors'

best interests because the Debtors are not and are not

intending to conduct retail operations at the Premises.

Moreover, the Debtors have reviewed the Leases and have

determined that the Leases do not have any marketable

value beneficial to the Debtors' estates.  As such, the

Leases provide no economic benefit to the Debtors, nor

are such Leases a source of potential value for the

Debtors' estates and creditors.  Accordingly, rejection

of the Leases reflects the exercise of the Debtors'

sound business judgment.

28.  In summary, the Debtors believe that the

proposed rejection of the Leases is tailored to minimize

administrative expenses, maximize distributions to
creditors in these chapter 11 cases, and return control
of real property to the lessors quickly.  In the
exercise of their sound business judgment, the Debtors
thus seek authority to reject the Leases.

29.  Numerous courts, including those in this
district, have authorized similar relief.  See, e.g., In
re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr.
E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No.
06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe
Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov.
21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr.
E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc.,
Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

## II.  THE BANKRUPTCY CODE AUTHORIZES THE ABANDONMENT OF THE ABANDONED PROPERTY.

30.  Bankruptcy Code section 554(a) provides
that "[a]fter notice and a hearing, the trustee may
abandon any property of the estate that is burdensome to
the estate or that is of inconsequential value and
benefit to the estate."  11 U.S.C. § 554(a).  Courts
give debtors in possession great deference to their

16

decisions to abandon under section 554.  See In re Vel
Rey Props., Inc., 174 B.R. 859, 867 (Bankr. D.D.C. 1994)
("Clearly, the court should give deference to the
trustee's judgment in such matters.").  Unless the
property is harmful to the public, once the debtors in
possession have shown that the property is burdensome or
of inconsequential value and benefit, the court should
approve the abandonment.  Id. at 868.

        31.  The Debtors believe that the costs of
moving and storing the Abandoned Property would far
outweigh any benefit to their estates.  Moreover, the
Debtors believe that any efforts to move the Abandoned
Property would unnecessarily delay the rejection of the
Leases.  Therefore, it is in the Debtors' best interests
to abandon the Abandoned Property located at the
Premises.

        32.  Numerous courts, including those in this
district, have authorized similar relief.  See, e.g., In
re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr.
E.D. Va. Oct. 17, 2007); In re The Rowe Cos., Case No.
06-11142 (Bankr. E.D. Va. Nov. 21, 2006).

**NOTICE**

33.   Notice of this Motion has been provided
to those parties entitled to notice under this Court's
Order Pursuant to Bankruptcy Code Sections 102 and 105,
Bankruptcy Rules 2002 and 9007, and Local Bankruptcy
Rules 2002-1 and 9013-1 Establishing Certain Notice,
Case Management, and Administrative Procedures (Docket
No. 130) and to all lessors under the Leases.  The
Debtors submit that, under the circumstances, no other
or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

34.   Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Motion and all applicable authority is
set forth in the Motion, the Debtors request that the
requirement that all motions be accompanied by a
separate memorandum of law be waived.

**NO PRIOR REQUEST**

35.   No previous request for the relief sought
herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request
that the Court enter an Order, substantially in the form
of the Proposed Order annexed hereto, granting the
relief requested in the Motion and such other and
further relief as may be just and proper.

Dated: February 13, 2009
        Richmond, Virginia

                        SKADDEN, ARPS, SLATE, MEAGHER &
                        FLOM, LLP
                        Gregg M. Galardi, Esq.
                        Ian S. Fredericks, Esq.
                        P.O. Box 636
                        Wilmington, Delaware 19899-0636
                        (302) 651-3000

                                – and –

                        SKADDEN, ARPS, SLATE, MEAGHER &
                        FLOM, LLP
                        Chris L. Dickerson, Esq.
                        333 West Wacker Drive
                        Chicago, Illinois 60606
                        (312) 407-0700

                                – and –

                        MCGUIREWOODS LLP

                        /s/ Douglas M. Foley        .
                        Dion W. Hayes (VSB No. 34304)
                        Douglas M. Foley (VSB No. 34364)
                        One James Center
                        901 E. Cary Street
                        Richmond, Virginia 23219
                        (804) 775-1000

                        Counsel for Debtors and
                        Debtors in Possession

## EXHIBIT A

### (Unexpired Leases of Real Property)

EXHIBIT A
Unexpired Leases of Real Property

| Store # | Location Name | Landlord | Lease Type | Rejection Date |
|---|---|---|---|---|
| 34 | Dallas Service Center | Dematteo Management Inc. (landlord) Solo Cup (subtenant) | Service Center | 2/15/09 |
| 45 | Philadelphia Service & Home Delivery Center | Little Britain Holding, LLC, c/o Flynn Company | Service Center | 2/15/09 |
| 843 | Rivergate Superstore | The Village At Rivergate LP | Store | 2/23/09 |
| 1603 | Longview Micro-Superstore | Campbell Properties LP | Store | 2/23/09 |
| 1610 | Waco Mini-Superstore | CC Investors 1995-2 | Store | 2/23/09 |
| 1624 | College Station Superstore | Inland Western College Station Gateway II, LP | Store | 2/23/09 |
| 1627 | Florence Mini-Superstore | BPP-SC LLC | Store | 2/23/09 |
| 1638 | Cheyenne Micro-Superstore | Millman 2000 Charitable Trust | Store | 2/23/09 |
| 3189 | Dayton 2 Superstore | Macy's Central | Store | 2/23/09 |
| 3196 | Dayton 3 Superstore | Shoppes Of Beavercreek, LLC | Store | 2/23/09 |
| 3226 | Cool Springs Superstore | Thoroughbred Village GP | Store | 2/23/09 |
| 3202 | Gainesville Mini-Superstore | Circuit Investors #2 Ltd. | Store | 2/23/09 |
| 3229 | Midland Mini-Superstore | CC Investors 1995-5 | Store | 2/23/09 |
| 3230 | High Point Superstore | CC - Investors 1996-12 | Store | 2/23/09 |
| 3244 | Rocky Mount Micro-Superstore | Cobb Corners II, L. P. | Store | 2/23/09 |
| 3252 | Kingsport Micro-Superstore | CC Kingsport 98, LLC | Store | 2/23/09 |
| 3260 | Tulsa North Micro-Superstore | Southroads, LLC | Store | 2/23/09 |
| 3276 | Clarksville Micro-Superstore | Craig-Clarksville Tennessee, LLC | Store | 2/23/09 |
| 3354 | Pearl Ridge Mall | Watercress Associates LP | Pearl Ridge Mall | 2/27/09 |
| 3428 | San Luis Obispo Superstore | Irish Hills Plaza West II, LLC | Store | 2/23/09 |
| 3508 | Crossroads Superstore | Inland American Oklahoma City Penn, LLC | Store | 2/23/09 |
| 3510 | Tulsa South Superstore | TRC Associates, LLC | Store | 2/23/09 |
| 3515 | Bellevue Superstore | CCI Trust 1994-I; Lloyd Draper - Trustee | Store | 2/23/09 |
| 3521 | Jackson Superstore | CC Ridgeland 98 L.L.C. | Store | 2/23/09 |
| 3564 | Quail Springs Superstore | Memorial Square 1031, LLC | Store | 2/23/09 |
| 3606 | Lakeside Superstore | Bond-Circuit X Delaware Business Trust | Store | 2/23/09 |
| 3607 | Roseville Superstore | CC Roseville, LLC | Store | 2/23/09 |
| 3608 | Novi Superstore | Ramco West Oaks I LLC | Store | 2/23/09 |
| 3611 | Taylor Superstore | CC Investors 1996-14 | Store | 2/23/09 |
| 3613 | Westland Superstore | WMI/MPI Business Trust | Store | 2/23/09 |
| 3621 | Evansville Superstore | Evansville Developers LLC, G.B. | Store | 2/23/09 |
| 3630 | Saginaw Superstore | Somerville Saginaw LP | Store | 2/23/09 |
| 3631 | Flint Superstore | Daniel G. Kamin Flint, LLC | Store | 2/23/09 |
| 3635 | Lansing West Superstore | Covington Lansing Acquisition LLC | Store | 2/23/09 |
| 3705 | Spring Meadows Mini-Superstore | Suemar Realty, Inc | Store | 2/23/09 |
| 3733 | Steubenville Micro-Superstore | Landman, Deborah, Eli Landman, Zoltan Schwartz & Anna Schwar | Store | 2/23/09 |
| 3734 | Franklin Park Superstore | Suemar Realty, Inc. | Store | 2/23/09 |
| 3740 | Bangor Mini-Superstore | Sacco Of Maine, LLC | Store | 2/23/09 |
| 3748 | Yuma Las Palimillas Superstore | WCC Properties LLC | Store | 2/23/09 |
| 3750 | St. Clairsville Micro-Superstore | The St. Clairsville Parcel C.C. Development, LLC | Store | 2/23/09 |
| 3774 | Decatur Mini-Superstore | Decatur Plaza I, LLC | Store | 2/23/09 |
| 3776 | Brighton Superstore | Brighton Commercial, LLC | Store | 2/23/09 |
| 3820 | Greensburg, PA | Walnut Capital Partners - Lincoln Place LP | Constuction Store | 2/15/09 |
| 3830 | Glynn Isles Superstore | Cap Brunswick, LLC | Store | 2/23/09 |
| 3851 | Madison Heights Superstore | MDS Realty II, LLC | Store | 2/23/09 |
| 3863 | Troy Hills Shopping Center | Federal Realty Investment Trust | Constuction Store | 2/15/09 |
| 3865 | Fingerlakes Crossing "The City" Superstore | Fingerlakes Crossing, LLC | Store | 2/23/09 |
| 4141 | Homestead Shopping Center | DDR Homestead LLC, c/o Developers Diversified Realty Corp. | Constuction Store | 2/15/09 |
| 4142 | Marlton | Marlton VF, LLC c/o Vornado Realty Trust | Constuction Store | 2/15/09 |
| 4237 | Bunker Hills Shopping Center | I-10/Bunker Hill Associates, LP, c/o Fidelis Realty Partners, LLC | Constuction Store | 2/15/09 |
| 4246 | Baton Rouge Superstore | Ggp Mall Of Louisiana, LP | Store | 2/23/09 |
| 4309 | Alexandria Mall Superstore | Alexandria Main Mall LLC | Store | 2/23/09 |

Case 08-35653-KRH   Doc 11646-3   Filed 12/29/11   Entered 12/29/11 15:50:13   Desc
Exhibit(s) Rule 23 of 32
Case 08-35653-KRH   Doc 2478-3   Filed 02/13/09   Entered 02/13/09 19:59:53   Desc
Exhibit(s) A to Motion - Page 2 of 2

| 9039 | CCS Office (Westmoreland Telecenter) | Brandywine Grande C, LP | Office Property | 2/28/09 |
|------|--------------------------------------|-------------------------|----------------|---------|
| 9101 [1] | Circuit City Corporate Headquarters (Dr1) (Building Lease only) | Lexington Corporate Properties, Inc. | Office Property | 2/28/09 |

[1] This Motion has no force or effect with respect to the Ground Lease nor any sublease associated with the Ground Lease.  The Debtors only seek to reject the Building Lease as of February 28, 2009.

Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                 One James Center
One Rodney Square        901 E. Cary Street
PO Box 636               Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                  :
In re:             :  Chapter 11
                  :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)
<u>et</u> <u>al.</u>,              :
                  :
         Debtors.  :  Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a),
365(a) AND 554 AND BANKRUPTCY RULE 6006 AUTHORIZING
REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, under Bankruptcy Code sections

---

[1]  Capitalized terms not otherwise defined herein shall have the
    meanings ascribed to such terms in the Motion.

105(a), 365(a) and 554 and Bankruptcy Rule 6006,

authorizing the Debtors to (i) reject certain unexpired

leases of real property, including any amendments,

modifications or subleases thereto, as set forth on the

attached <u>Exhibit A</u> (collectively, the "Leases"), and any

guaranties thereof, effective as of the Construction

Stores Rejection Date, the Service Center Rejection

Date, the Store Lease Rejection Date, the Pearl Ridge

Mall Rejection Date and the Office Property Rejection

Date (each as defined in the Motion) or such date as the

Debtors return keys to the Premises (as defined herein)

to the landlord (collectively, the "Rejection Date") and

(ii) abandon any equipment, furniture or fixtures

located at the premises covered by the Leases (the

"Premises"); and the Court having reviewed the Motion;

and the Court having determined that the relief

requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is
hereby

### ORDERED, ADJUDGED, AND DECREED that:

1.   The Motion is GRANTED as set forth herein.

2.   The Leases and any guaranties thereof are
hereby rejected effective as of the Rejection Date.  The
Building Lease, but not the Ground Lease nor any
sublease associated with the Ground Lease, is rejected
as of the Rejection Date.  Any subleases associated with
the Leases or the Premises are hereby rejected effective
as of the Rejection Date.  The landlords for the Leases
(the "Landlords") are entitled to immediate possession
of the Premises as of the Rejection Date.  Nothing in
this paragraph 2 shall preclude a Landlord from seeking
rejection damages against a guarantor of a rejected
guaranty, in addition to such Landlord's right to seek
rejection damages under the Bankruptcy Code.

3.   Pursuant to Bankruptcy Code section 554,
the Debtors are authorized to abandon any and all
improvements, furniture, fixtures, equipment, inventory
and/or any other personal property ("Abandoned Property")
located at the Premises, and such Abandoned Property is

3

deemed abandoned on the Rejection Date to the Landlords
free and clear of all liens, claims and other interests.
The Landlords may, in their sole discretion and without
further notice, use, transfer or dispose of such
Abandoned Property without liability to the Debtors or
any third parties claiming an interest in such Abandoned
Property.

4.    On the Rejection Date the Debtors are
deemed to quitclaim any interest in the real property
and improvements at the Premises to the Landlords on an
"as is, where is" basis and shall reasonably cooperate
with the Landlords, at the sole cost and expense of
Landlords, in connection with the execution and
recording of such documents as may be reasonably
necessary to effectuate such transfer of title or
abandonment of the Abandoned Property and improvements
at the Premises; provided, however, that nothing in this
Order, including this paragraph 4, shall prejudice the
rights, claims or defenses of Debtors and Landlords with
respect to (i) any tenant improvement allowances or
other build-out charges under the Leases or (ii) any
third party claims arising from the construction at any

4

of the Premises, including claims arising from
mechanics', materialmens' or laborers' lien, if any,
which rights, claims and defenses are reserved.

      5.    Each counterparty to a Lease or any
guaranty thereof shall have until thirty (30) days from
the date this Order is entered on the docket to file a
proof of claim on account any and all claims (as defined
in the Bankruptcy Code), including (without limitation)
claims arising from or related to rejection of its Lease
or guaranty.

      6.    The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

      7.    The Court retains jurisdiction to hear
and determine all matters arising from or related to the
implementation or interpretation of this Order.

Dated:  Richmond, Virginia
       February __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                        _____

**EXHIBIT A**

**(Unexpired Leases of Real Property)**

**EXHIBIT A**
**Unexpired Leases of Real Property**

| Store # | Location Name | Landlord | Leaes Type | Rejection Date |
|---|---|---|---|---|
| 34 | Dallas Service Center | Dematteo Management Inc. (landlord) Solo Cup (subtenant) | Service Center | 2/15/09 |
| 45 | Philadelphia Service & Home Delivery Center | Little Britain Holding, LLC, c/o Flynn Company | Service Center | 2/15/09 |
| 843 | Rivergate Superstore | The Village At Rivergate LP | Store | 2/23/09 |
| 1603 | Longview Micro-Superstore | Campbell Properties LP | Store | 2/23/09 |
| 1610 | Waco Mini-Superstore | CC Investors 1995-2 | Store | 2/23/09 |
| 1624 | College Station Superstore | Inland Western College Station Gateway II, LP | Store | 2/23/09 |
| 1627 | Florence Mini-Superstore | BPP-SC LLC | Store | 2/23/09 |
| 1638 | Cheyenne Micro-Superstore | Millman 2000 Charitable Trust | Store | 2/23/09 |
| 3189 | Dayton 2 Superstore | Macy's Central | Store | 2/23/09 |
| 3196 | Dayton 3 Superstore | Shoppes Of Beavercreek, LLC | Store | 2/23/09 |
| 3226 | Cool Springs Superstore | Thoroughbred Village GP | Store | 2/23/09 |
| 3202 | Gainesville Mini-Superstore | Circuit Investors #2 Ltd. | Store | 2/23/09 |
| 3229 | Midland Mini-Superstore | CC Investors 1995-5 | Store | 2/23/09 |
| 3230 | High Point Superstore | CC - Investors 1996-12 | Store | 2/23/09 |
| 3244 | Rocky Mount Micro-Superstore | Cobb Corners II, L. P. | Store | 2/23/09 |
| 3252 | Kingsport Micro-Superstore | CC Kingsport 98, LLC | Store | 2/23/09 |
| 3260 | Tulsa North Micro-Superstore | Southroads, LLC | Store | 2/23/09 |
| 3276 | Clarksville Micro-Superstore | Craig-Clarksville Tennessee, LLC | Store | 2/23/09 |
| 3354 | Pearl Ridge Mall | Watercress Associates LP | Pearl Ridge Mall | 2/27/09 |
| 3428 | San Luis Obispo Superstore | Irish Hills Plaza West II, LLC | Store | 2/23/09 |
| 3508 | Crossroads Superstore | Inland American Oklahoma City Penn, LLC | Store | 2/23/09 |
| 3510 | Tulsa South Superstore | TRC Associates, LLC | Store | 2/23/09 |
| 3515 | Bellevue Superstore | CCI Trust 1994-I; Lloyd Draper - Trustee | Store | 2/23/09 |
| 3521 | Jackson Superstore | CC Ridgeland 98 L.L.C. | Store | 2/23/09 |
| 3564 | Quail Springs Superstore | Memorial Square 1031, LLC | Store | 2/23/09 |
| 3606 | Lakeside Superstore | Bond-Circuit X Delaware Business Trust | Store | 2/23/09 |
| 3607 | Roseville Superstore | CC Roseville, LLC | Store | 2/23/09 |
| 3608 | Novi Superstore | Ramco West Oaks I LLC | Store | 2/23/09 |
| 3611 | Taylor Superstore | CC Investors 1996-14 | Store | 2/23/09 |
| 3613 | Westland Superstore | WMI/MPI Business Trust | Store | 2/23/09 |
| 3621 | Evansville Superstore | Evansville Developers LLC, G.B. | Store | 2/23/09 |
| 3630 | Saginaw Superstore | Somerville Saginaw LP | Store | 2/23/09 |
| 3631 | Flint Superstore | Daniel G. Kamin Flint, LLC | Store | 2/23/09 |
| 3635 | Lansing West Superstore | Covington Lansing Acquisition LLC | Store | 2/23/09 |
| 3705 | Spring Meadows Mini-Superstore | Suemar Realty, Inc | Store | 2/23/09 |
| 3733 | Steubenville Micro-Superstore | Landman, Deborah, Eli Landman, Zoltan Schwartz & Anna Schwar | Store | 2/23/09 |
| 3734 | Franklin Park Superstore | Suemar Realty, Inc. | Store | 2/23/09 |
| 3740 | Bangor Mini-Superstore | Sacco Of Maine, LLC | Store | 2/23/09 |
| 3748 | Yuma Las Palimillas Superstore | WCC Properties LLC | Store | 2/23/09 |
| 3750 | St. Clairsville Micro-Superstore | The St. Clairsville Parcel C.C. Development, LLC | Store | 2/23/09 |
| 3774 | Decatur Mini-Superstore | Decatur Plaza I, LLC | Store | 2/23/09 |
| 3776 | Brighton Superstore | Brighton Commercial, LLC | Store | 2/23/09 |
| 3820 | Greensburg, PA | Walnut Capital Partners - Lincoln Place LP | Constuction Store | 2/15/09 |
| 3830 | Glynn Isles Superstore | Cap Brunswick, LLC | Store | 2/23/09 |
| 3851 | Madison Heights Superstore | MDS Realty II, LLC | Store | 2/23/09 |
| 3863 | Troy Hills Shopping Center | Federal Realty Investment Trust | Constuction Store | 2/15/09 |
| 3865 | Fingerlakes Crossing "The City" Superstore | Fingerlakes Crossing, LLC | Store | 2/23/09 |
| 4141 | Homestead Shopping Center | DDR Homestead LLC, c/o Developers Diversified Realty Corp. | Constuction Store | 2/15/09 |
| 4142 | Marlton | Marlton VF, LLC c/o Vornado Realty Trust | Constuction Store | 2/15/09 |
| 4237 | Bunker Hills Shopping Center | I-10/Bunker Hill Associates, LP, c/o Fidelis Realty Partners, Ltd. | Constuction Store | 2/15/09 |
| 4246 | Baton Rouge Superstore | Ggp Mall Of Louisiana, LP | Store | 2/23/09 |
| 4309 | Alexandria Mall Superstore | Alexandria Main Mall LLC | Store | 2/23/09 |

| 9039 | CCS Office (Westmoreland Telecenter) | Brandywine Grande C, LP | Office Property | 2/28/09 |
|------|-------------------------------------|-------------------------|----------------|---------|
| 9101 [1] | Circuit City Corporate Headquarters (Drl) (Building Lease only) | Lexington Corporate Properties, Inc. | Office Property | 2/28/09 |
| 4237 | Bunker Hills Shopping Center | I-10/Bunker Hill Associates, LP, c/o Fidelis Realty Partners, Ltd. | Constuction Store | 2/15/09 |
| 4246 | Baton Rouge Superstore | Ggp Mall Of Louisiana, LP | Store | 2/23/09 |
| 4309 | Alexandria Mall Superstore | Alexandria Main Mall LLC | Store | 2/23/09 |
| 9039 | CCS Office (Westmoreland Telecenter) | Brandywine Grande C, LP | Office Property | 2/28/09 |
| 9101 [1] | Circuit City Corporate Headquarters (Drl) (Building Lease only) | Lexington Corporate Properties, Inc. | Office Property | 2/28/09 |

[1] This Order has no force or effect with respect to the Ground Lease nor any sublease associated with the Ground Lease.  The Debtors only seek to reject the Building Lease as of February 28, 2009.