# Exhibit 5



In Re: DEBRA BRYANT GANTT; In Re: WILLIAM A. BRYANT, Debtors.
WILLIAM A. BRYANT, Debtor, Plaintiff-Appellant, v. W. ALAN SMITH, JR.,
Trustee, CRESTAR BANK, Defendants-Appellees.

No. 96-1721

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*1998 U.S. App. LEXIS 16742*

**June 3, 1998, Argued
July 22, 1998, Decided**

**NOTICE:** [*1] RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *1998 U.S. App. LEXIS 26293*.

**PRIOR HISTORY:** Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Samuel G. Wilson, Chief District Judge. (CA-95-60-L, BK-92-1914-WA1-7).

**DISPOSITION:** Affirmed.

**COUNSEL:** ARGUED: Sidney Harold Kirstein, Lynchburg, Virginia, for Appellant.

Alexander Wayne Bell, Lynchburg, Virginia, for Appellees.

ON BRIEF: Mary V. Barney, Lynchburg, Virginia; Leighton S. Houck, CASKIE & FROST, Lynchburg, Virginia, for Appellees.

**JUDGES:** Before MURNAGHAN and ERVIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

**OPINION**

**OPINION**

PER CURIAM:

William Bryant appeals the district court's order affirming the bankruptcy court's decision to bar him from claiming debtor exemptions because he failed to file required schedules in a timely manner. Finding no abuse of discretion, we affirm.

I.

On October 21, 1992, Bryant and his wife [*] filed an emergency Chapter 7 bankruptcy petition without attaching [*2] schedules of assets and liabilities. The petition stayed a collection suit initiated by Crestar Bank against the Bryants that was scheduled to commence on October 22.

> [*] The Bryants have since divorced and William Bryant brings this appeal on behalf of himself only.

Under *Rule 1007(c) of the Federal Rules of Bankruptcy Procedure*, the required schedules were due November 5, fifteen days after the filing of the petition. On November 16, eleven days after the due date, Bryant's counsel informed the Trustee that the schedules would be

filed late because of the necessity of obtaining appraisals for certain property. As a result, the Trustee was forced to adjourn the first creditors' meeting, rescheduling it for December 1. On November 30, Bryant submitted the necessary schedules, including Schedule C that listed property claimed as exempt under the "poor debtor" exemption provided by *Va. Code Ann. § 34-26* (Michie 1996).

The Trustee was subsequently forced to continue the December 1 meeting when a representative [*3] from Crestar failed to attend. On December 15 and 16, respectively, the Trustee and Crestar filed objections to Bryant's claimed exemptions because the schedules were not timely submitted. In response, on December 21, Bryant filed a motion to extend retroactively the time to file the schedules or, alternatively, to have the petition dismissed because of the untimely filing.

In February 1993, a hearing was conducted and Bryant's counsel explained that the schedules were initially delayed because of the complexity of the financial issues. In particular, Bryant's counsel awaited a complicated appraisal involving a car wash recently sold by Bryant and the retention by Bryant of a potential, reversionary interest in the business. Bryant's first appraiser actually completed an estimate of the value of Bryant's interest in October 1992. Bryant discarded this appraisal, however, because, by the appraiser's admission, the estimate failed to consider the contingent nature of his interest. Bryant's second appraiser was then unable to provide a verbal estimate until late November 1992. Bryant immediately filed the schedules upon receipt of this verbal estimate. When the written appraisal was [*4] finally completed on December 15, Bryant amended the schedule to reflect the new estimate.

In March 1993, the bankruptcy court found that the late filings were not supported by excusable neglect or good cause. Accordingly, the court refused to permit the late filings under either *Bankruptcy Rule 1007(c)* or *Bankruptcy Rule 9006(b)(1)*. The court also rejected Bryant's motion to dismiss the bankruptcy petition in its entirety. The court then concluded, however, that the Trustee and Crestar should not be permitted to avail themselves of the benefits of Bryant's submitted schedules while at the same time barring Bryant from claiming any exemptions. On that basis, because the case was not dismissed, all of Bryant's schedules, including Schedule C, were treated as filed and given effect.

On appeal, the district court reversed, holding that "untimely filed schedules waive a debtor's exemption unless the untimely filing is permitted by the bankruptcy judge in his discretion for cause shown or excusable neglect." The court remanded to the bankruptcy court to evaluate the late filing in the context of the Supreme Court's intervening opinion in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993)*. [*5] Bryant timely appealed the district court's decision to this court.

While that appeal was pending, the bankruptcy court held another hearing on the matter. Relying on the testimony presented during the initial hearing, neither party offered evidence at this time. In June 1994, the bankruptcy court ruled that, under *Pioneer*, the late filing was not excused. In this ruling, the court found that the appraisals in question were not necessary to prepare the schedules nor was the untimely filing caused by the delay in obtaining the second appraiser's appraisal. The court concluded that the missed deadline was not caused by inadvertence, mistake, or carelessness but, instead, because Bryant "simply chose to ignore it."

In November 1994, the district court *sua sponte* vacated the bankruptcy court's order because the bankruptcy court lacked jurisdiction over the matter while the appeal was pending before this court. Following the appeal's later dismissal by this court as interlocutory, the bankruptcy court held a second remand hearing.

At this hearing in July 1995, the bankruptcy court reinstated its order from June 1994. The district court upheld the bankruptcy court's ruling commenting [*6] that "since this court cannot conclude from the record that the findings are clearly erroneous, it is constrained to affirm."

Bryant now challenges the lower courts' findings on the excusable neglect issue and the district court's refusal to apply the doctrine of equitable estoppel. We review these rulings for an abuse of discretion. *Heyman v. M.L. Marketing Co., 116 F.3d 91, 96 (4th Cir. 1997)*; *In re Power Recovery Sys., Inc., 950 F.2d 798, 800 (1st Cir. 1991)*.

II.

Preliminarily the Trustee asserts that this case is moot because all of the relevant assets have either been

administered for the benefit of the creditors or will be abandoned. By his own admission, however, the Trustee only intends to abandon the assets and had not, at the time of oral argument, abandoned them because of the operation of general bankruptcy laws. Under these circumstances, we decline to treat the case as moot, and will address the merits of Bryant's appeal.

*Bankruptcy Rule 9006(b)(1)* authorizes a bankruptcy court to permit a late filing, even when the moving party does not request an extension until after the deadline has passed, if the delay "was the result of excusable [*7] neglect." In *Pioneer*, the Supreme Court considered whether "an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the meaning of the Rule." *507 U.S. at 383*. The attorney in that case had failed to file in a timely manner for, among other reasons, the "peculiar and inconspicuous placement of the bar date" that left a "dramatic ambiguity" in the notification letter. *Id. at 398* (quotations omitted).

In finding that these circumstances constituted excusable neglect under the relevant Rule, the Court first instructed that the term "[neglect] encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id. at 388*. Addressing the term "excusable," the Court explained that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id. at 395*. These include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether [*8] it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

In this case, the bankruptcy court, relying on Pioneer, found that the delay was not caused by inadvertence, mistake, or carelessness but that Bryant's "counsel simply chose to ignore[the deadline]." In reaching this conclusion, the bankruptcy court noted that the schedules could have been timely filed without obtaining the allegedly delayed appraisal and then amended as a matter of course if necessary. *See Fed. R. Bankr. P. 1009(a)* ("A . . . schedule . . . may be amended by the debtor as a matter of course at any time before the case is closed."). Inclusion of the appraisal was not required or necessary in order for Bryant to have submitted adequate schedules by the November 5th deadline. In addition, Bryant never claimed that he was unaware of or missed the deadline inadvertently, carelessly, or as a result of a miscommunication. *See Pioneer, 507 U.S. at 398* (finding excusable neglect where attorney was provided deficient notice of bar date); *Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849 (11th Cir. 1996)* (finding excusable [*9] neglect where both of plaintiff's attorneys erroneously assumed that the new trial demand had been filed by the other). Instead, Bryant admitted that he deliberately chose to miss the deadline because he was awaiting the delayed appraisal and believed local custom allowed such late filings with the implicit consent of the Trustee. Reduced to its essence, Bryant's counsel knew the rule but simply thought it was not binding. He consciously chose to disregard the November 5th deadline apparently because of a basic misperception about the flexibility of procedural time limits and the manner in which a party can secure an extension of time.

Such calculated and deliberate action is rarely deemed to be excusable neglect. *See Matter of LAN Assocs. XIV, 193 B.R. 730, 737 (Bankr. D.N.J. 1996)* (finding that creditor's conscious decision not to file because of perceived futility was a "choice" not to file and, thus, not excusable neglect); *Agribank v. Green , 188 B.R. 982, 989 (C.D. Ill. 1995)* (refusing to find excusable neglect where creditor acknowledged that it had waited to file so that "its claim did not have to be amended"); *In the Matter of Mother Hubbard, 152 B.R. 189, 193-94 (Bankr. W.D. Mich. 1993)* [*10] (finding no excusable neglect where creditor consciously decided not to file a claim in hopes of increasing chances for a successful reorganization). To treat Bryant's counsel's conduct as excusable neglect under these facts would risk opening a door that should not be opened in fair and efficient bankruptcy administration; it generally is not excusable to act on an assumption that courts will not enforce their procedural rules. *See Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 999 (11th Cir. 1997)* (holding that a failure to review or to appreciate the relevant rules is simply a misunderstanding of the law that does not constitute excusable neglect); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994)* (explaining that the excusable neglect standard is not met by showing a lack of familiarity with federal procedure or the operation of federal rules). Under these circumstances, the bankruptcy court did not abuse its discretion in refusing to find excusable neglect. Finally, Bryant proposes that "common law notions of estoppel" require that his claimed exemptions be treated as timely

filed. In making this argument, [*11] however, Bryant does not cite any supporting case or statutory law. He merely contends that fundamental fairness obligates the bankruptcy court to consider the exemptions in Schedule C on the merits. We disagree.

To the extent that common law principles of equity are not already reflected in the excusable neglect standard, we reject Bryant's suggestion that equitable estoppel demands a reversal in this case. "Equitable estoppel applies against a party who has taken active steps to prevent an opponent from acting in time to protect a claim." *In re Gardenhire, 220 B.R. 376 (B.A.P. 9th Cir. 1998)* (*citing Holmberg v. Armbrecht, 327 U.S. 392, 396-97, 90 L. Ed. 743, 66 S. Ct. 582 (1945))*. Bryant has not offered any evidence that even approaches such a showing and, thus, his claim cannot succeed.

For the above reasons, we affirm the district court's judgment.

*SO ORDERED*