IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 11445 |

**RESPONSE OF INLAND TO LIQUIDATING TRUST'S TWENTY-EIGHTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID
CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Bel Air Square LLC, Capital Centre LLC, Inland Western Columbus Clifty, L.L.C., Inland Western Lewisville Lakepointe Limited Partnership, Inland Western Phillipsburg Greenwich, L.L.C., Inland Western Richmond Maryland, L.L.C., Inland Western West Mifflin Century III, L.P., and MB Fabyan Randall Plaza Batavia, L.L.C. (collectively, "Inland"), by and through their undersigned counsel, hereby respond ("Response") to the Liquidating Trust's ("Trust") *Twenty-Eighth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims)* (D.I. 11445) ("Objection"), and in support thereof, respectfully state as follows:

| | |
|---|---|
| _____ | _____ |
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | Karen C. Bifferato, Esquire |
| Michael D. Mueller, Esquire (VSB No. 38216) | Kelly M. Conlan, Esquire |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| CHRISTIAN & BARTON, LLP | The Nemours Building |
| 909 East Main Street, Suite 1200 | 1007 North Orange Street |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| Facsimile: (804) 697-4112 | |
| | |
| Counsel for Inland | Counsel for Inland |

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland was a party to various leases of non-residential real property with the Debtors for premises located in Bel Air, Maryland; Largo, Maryland; Columbus, Indiana; Lewisville, Texas; Phillipsburg, New Jersey; Richmond, Virginia; West Mifflin, Pennsylvania; and Batavia, Illinois (individually, a "Lease" and, together, the "Leases"). The Leases were rejected following the Petition Date.

3. Pursuant to the Leases, the Debtors were required to make certain payments arising out of their use of the leased premises (such as, among other things, rent, real property taxes and assessments, and common area maintenance charges). The Debtors did not fully comply with their payment obligations under the Leases, and various amounts were due and owing to Inland for the period of time, *inter alia*, prior to the Petition Date and relating to rejection damages.

4. Accordingly, Inland timely filed various proofs of claims against the Debtors' estates. Inland's claims with respect to the Leases were docketed as claim numbers 10023, 12640, 12642, 12645, 12713, 12742, 12743, and 13083 (collectively, the "Claims").

5. On November 14, 2011, the Trust[1] filed the Objection. In the Objection, the Trust seeks to disallow the Claims, either in part or in their entirety, as they "assert . . . amounts for

---

[1] The *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (D.I. 8252) ("Plan") became effective on November 1, 2010 ("Effective Date"), and pursuant to the terms thereof, the Trust was established and became effective on the Effective Date. The Trust assumed the right and responsibility to, *inter alia*, object to claims.

which the Debtors are not liable." *Objection*, ¶¶ 24, 36. Specifically, the Objection seeks to disallow (i) claims 10023, 12640, 12645, 12713, 12742, 12743, and 13083 in part (the "Proposed Partially Invalid Claims"); and (ii) claim 12642 in its entirety (the "Proposed Expunged Claim").

### INLAND'S RESPONSE TO THE OBJECTION

6. Inland objects to the Trust's proposed disallowance of the Claims.

7. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l,* 274 B.R. 391, 394 (D. Del. 2001). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence.*" *See In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added). To overcome this presumed validity, the Trust must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *See In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

8. Inland timely filed the Claims and the Claims set forth and establish the amounts owed to Inland and the basis therefore. While the Trust has summarily set forth the amounts due and owing based on the Debtors' books and records with respect to the Proposed Partially Invalid Claims, the Trust has not presented any evidence or alleged any facts to refute the calculations contained in the Proposed Partially Invalid Claims. Therefore, the Trust cannot overcome the presumptive validity of the Proposed Partially Invalid Claims.

9. With respect to the Proposed Expunged Claim, the Objection states "Underlying liabilities are also included on claim 8579. Proper claimant is unclear." *Objection*, Exhibit D,

3

p. 9. Claim 8579 was filed by an entity unaffiliated with Inland,[2] and Inland has no knowledge of the basis for claim 8579 or the validity thereof. Inland is the landlord for the Lease with respect to the Columbus, Indiana location, and the Proposed Expunged Claim sets forth amounts due and owing to Inland, and to which Inland is entitled, with respect to that location. Moreover, the Trust has not presented any evidence or alleged any facts to refute the validity of, or the calculations contained in, the Proposed Expunged Claim. Therefore, the Trust cannot overcome the presumptive validity of the Proposed Expunged Claim.

10.   The Trust's bare allegation that it believes the liabilities (i) are asserted in other claims, (ii) have already been satisfied by the Debtors, or (iii) are disputed by the Debtors, is insufficient to satisfy the Trust's burden. Inland respectfully submits that the Trust has failed to overcome the *prima facie* validity of the Claims and, thus, the Objection should be denied.

WHEREFORE, for the reasons set forth herein, Inland respectfully requests that the Court enter an order consistent with the responses contained herein, and that grants any such other and further relief as the Court deems just and proper.

Dated: January 3, 2012                **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

**-and-**

---

[2]   Claim 8579 was filed by Wells Fargo Bank NA as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp. Commercial Mortgage Pass Through Certificates Series 2004 ("Wells Fargo Bank NA"). Upon information and belief, Wells Fargo Bank NA is the lender for Inland's property located in Columbus, Indiana.

Karen C. Bifferato, Esquire (No. 3279)
Kelly M. Conlan, Esquire (No. 4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Counsel for Inland*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 3rd day of January 2012, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1231748