**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:   (315) 474-4040
Kevin M. Newman

and

Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Landover (Landover Crossing), LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

-----------------------------------------------------------------

In re:

| | |
|---|---|
| CIRCUIT CITY STORES, INC., *et al.* | Case No. 08-35653-KRH |
| | Jointly Administered |
| Debtors. | Chapter 11 Proceedings |

-----------------------------------------------------------------

**LANDOVER (LANDOVER CROSSING), LLC'S RESPONSE TO THE LIQUIDATING
TRUST'S TWENTY-EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF
CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

Landover (Landover Crossing), LLC (the "Landlord"), by and through its attorneys, Menter, Rudin & Trivelpiece, P.C., and local counsel, Christian and Barton, L.L.P., respectfully submits this Response to the Circuit City Stores, Inc. liquidating trust's (the "Liquidating Trust") Twenty-Eighth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Claim Objection").

{29090/22754/JYP/00408143.DOC}

**BACKGROUND**

1. On November 10, 2008 (the "Petition Date"), the above captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. The Landlord leased nonresidential real property to Circuit City Stores, Inc. (the "Debtor") under a lease (the "Lease[1]") for premises located at Landover Crossing, Landover, Maryland (the "Premises").

3. The Premises are located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3).[2] *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

4. On February 19, 2009, the Court entered an *Order Under Bankruptcy Code Section 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (a) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (b) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (c) Lease Rejection Procedures* (the "Rejection Procedures Order"). The Lease was rejected pursuant to the Rejection Procedures Order.

5. The Landlord, by and through its attorneys, filed Claim No. 3266, a rejection damage claim, in the amount of "$99,597.55 plus attorneys' fees." Landover subsequently, through its attorneys, amended Claim No. 3266 by filing Claim No. 14664 in the amount of "$552,626.00 plus attorneys' fees."

---

[1] The Landlord will provide a copy of the Lease upon the Liquidating Trust's request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

**RESPONSE TO OBJECTION**

6. The Liquidating Trust proposes to expunge Claim No. 3266 and leave surviving Claim No. 14664 as a general unsecured claim in the amount of "$0.00 UNL." Simultaneously, the Liquidating Trust proposes to reduce Claim No. 14664 to a general unsecured claim in the amount of $105,096.46, "reduc[ing] it by $435,147.54 for rejection damages, $7,382 for attorneys' fees, and $5,000 for cleaning charges not reflected on debtor's books and records." This explanation makes no sense as it was the Landlord, not the Debtors, which was compelled to evict the subtenant from the Premises and cleaned up the Premises after the eviction. A copy of Claim No. 14664 with its schedule/itemization is annexed to Stanley Werb's Declaration, which annexed hereto as Exhibit "A", at Exhibit "1".

7. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va., Oct. 10, 2008) ("a proof of claim is presumed to be prima facie valid"). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga., March 30, 2000) (citing *Placid Oil*, 988 F.2d 554, 557 (5th Cir. 1993)); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *see also, In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *Caroll v. United States (In re Caroll),* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga., Nov. 9, 1993).

8. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of

equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re Allegheny International*, Inc., 954 F.2d at 173–74). In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a *true dispute* and must have probative force equal to the contents of the claim." *In re Falwell*, 434 B.R. at 784 (emphasis in original) (citing 9 Collier on Bankruptcy, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

9. The Landlord substantiated Claim No. 14664 with documentation showing the amounts due for each item which totaled $552,626.00. The Liquidating Trust, however, in its proposal to reduce Claim No. 14664 to $105,096.46, does not provide any breakdown of how it arrived at $105,096.46. The Liquidating Trust bases the disallowance of the attorneys' fees and cleaning charges on the Debtors' books and records. The Debtors' books and records presumably do not reflect these charges because the Debtors did not incur and pay these charges; the Landlord did and now seeks reimbursement as part of its rejection damage claim for the Premises.

10. Furthermore, Stanley Werb, President of Rivercrest Realty Associates, LLC and a person having personal knowledge of the relevant facts, attests that the amounts of the different items are true and accurate calculations of the amounts owed by the Debtors for Claim No. 14664. *See* the Declaration of Mr. Werb at Exhibit "A."

11. In light of the foregoing, the Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim Nos. 3266 or 14664. The Liquidating Trust's objections to Claim Nos. 3266 and 14664 should therefore be overruled.

**WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's objection to Claim Nos. 3266 and 14664 and granting the Landlord such other and further relief as the Court deems just and proper.

Dated:    January 3, 2012                                **CHRISTIAN & BARTON, L.L.P.**

                                                                                                                   */s/Jennifer M. McLemore*
By:  Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

-AND-

Kevin M. Newman
MENTER, RUDIN & TRIVELPIECE, P.C.
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:  (315) 474-4040

*Attorneys for Landover (Landover Crossing), LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 3, 2012, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the CM/ECF system who have filed a notice of appearance in this matter. I also caused the foregoing to be electronically mailed to the following:

Lynn L. Tavenner, Esquire
Paula S. Bran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
pbran@tb-lawfirm.com

Jeffrey N. Pomerantz, Esquire
Andrew W. Caine, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: 805-123-4567
Facsimile: 310-201-0760
Email: jpomerantz@pszjlaw.com
acaine@pszjlaw.com

/s/ Jennifer M. McLemore
Jennifer M. McLemore

{29090/22754/JYP/00408143.DOC}  6