| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*    *Counsel to the Circuit City Stores, Inc. Liquidating Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: **)** | Case No. 08-35653-KRH |
| **)** | |
| CIRCUIT CITY STORES, INC.[1], et al., **)** | Chapter 11 |
| **)** | |
| Debtors. **)** | (Jointly Administered) |
| **)** | |

### ORDER ADDRESSING LIQUIDATING TRUST'S NINETEENTH OMNIBUS OBJECTION TO CERTAIN EMPLOYEE PRIORITY CLAIMS:  NO LIABILITY; NOT ENTITLED TO PRIORITY; ALLOW UP TO THE STATUTORY CAP, AND RECLASSIFY, AS APPLICABLE (MISCELLANEOUS HR PRIORITY CLAIMS)

THIS MATTER having come before the Court on the *Liquidating Trust's Nineteenth  Omnibus Objection to Certain Employee Priority Claims:  No Liability; Not Entitled to Priority; Allow Up to the Statutory Cap; and Reclassify, as Applicable (Miscellaneous HR Priority Claims)* (the "Objection"),[2] which requested, among other things, that the claims specifically identified in the Objection be disallowed for those reasons set forth in the Objection;

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

and it appearing that due and proper notice and service of the Objection as set forth therein and notice of the hearings thereon (collectively, the "Hearings") was good and sufficient and that no other further notice or service of the Objection or Hearings need be given; and it further appearing that based upon the evidence presented at the Hearings, the relief provided herein is warranted; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

    1.    The Objection is SUSTAINED as provided herein.

    2.    Claim No. 14338 of Patricia Giordano, Claim No. 4441 of Patrick Gerald Kennedy, and Claim No. 14097 of Anne L. Thumann are forever disallowed in their entirety for all purposes in these bankruptcy cases.

    3.    The priority portion of Claim No. 1756 of Robyn N. Davis in the amount of $3,264.24 is reclassified in its entirety as a general unsecured claim, resulting in a general unsecured claim of $14,214.24.  The Liquidating Trust's rights to object to Claim No. 1756, on any grounds that applicable law permits, are not waived and are expressly reserved.

    4.    Claim No. 8522 of Melissa Gillard is (a) allowed as a priority claim in the amount of $106.00, and (b) allowed on a general unsecured basis for the remaining portion of $2,583.40.

    5.    Claim No. 13297 of Auvill V. Browne in the amount of $3,700.00 is reclassified in its entirety as a general unsecured claim.  The Liquidating Trust's rights to object to

Claim No. 13297, on any grounds that applicable law permits, are not waived and are expressly reserved.

6.      The Liquidating Trust shall serve a copy of this Order on the holders of claims addressed herein on or before five (5) business days from the entry of this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
          January ___, 2012

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

                 - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

                 - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

       Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                         _____*/s/ Paula S. Beran*_____
                                         Paula S. Beran