| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| | *Counsel to Circuit City Stores, Inc.* |
| *Counsel to Circuit City Stores, Inc.* | *Liquidating Trust* |
| *Liquidating Trust* | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**LIQUIDATING TRUST'S MOTION FOR ORDER
ESTABLISHING SUPPLEMENTAL BAR DATE FOR
FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE
EXPENSES FOR SPECIFIED INDIVIDUALS AND RELATED RELIEF**

The Circuit City Stores, Inc. Liquidating Trust (the "Trust" and/or the "Liquidating

Trust"), through its Trustee, Alfred H. Siegel, hereby moves the Court (the "Motion"), pursuant

to sections 105 and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rules

2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the

entry of an order establishing a supplemental bar date for filing requests for payment of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

administrative expenses ("Administrative Claim Request") for specified individuals and other related relief. In support of the Motion, the Trust respectfully represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 503 and Bankruptcy Rules 2002 and 9007.

## GENERAL CASE BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

5. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6. On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

8.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties. In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal and The Richmond Times-Dispatch.

9.    On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (the "503(b)(9) Bar Date Order").

10.    Pursuant to the 503(b)(9) Bar Date Order, this Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was on December 19, 2008 (the "503(b)(9) Bar Date").

3

11. On November 19, 2008, KCC served a copy of the 503(b)(9) Bar Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties. In addition, the Debtors published the 503(b)(9) Bar Date Notice in <u>The New York Times</u>, <u>The Wall Street Journal</u> (Docket No. 548), and <u>The Richmond Times-Dispatch</u>.

12. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (the "<u>Omnibus Objection Procedures Order</u>").

13. On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (the "<u>Administrative Claims Bar Date Order</u>").

14. Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) was 5:00 p.m. (Pacific) on June 30, 2009. Pursuant to the Administrative Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "<u>Administrative Claims Bar Date Notice</u>").

15. On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and

4

certain other parties. In addition, the Debtors published the Administrative Claims Bar Date Notice in <u>The Financial Times</u>, <u>The Richmond Times-Dispatch,</u> and <u>The Wall Street Journal</u>.

16. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

17. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "<u>Confirmation Order</u>").

18. The Plan became effective on November 1, 2010 (the "<u>Effective Date</u>"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claim

19. Pursuant to the terms of the Plan, the Debtors filed and served a Notice of (I) Confirmation of Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims Under Chapter 11 of The Bankruptcy Code, (II) the Occurrence of the Effective Date and (III) the Deadlines for Filing Administrative Claims, Final Fee Applications and Rejection Damages Claims (the "<u>Effective Date Notice</u>"). The Effective Date Notice, among other things, informed parties that pursuant to the Plan and the Confirmation Order, and except as otherwise provided in Article IX of the Plan, requests for payment of an administrative claim that arose on and after January 1, 2010 up to and through the Effective Date must be filed with the Bankruptcy Court in accordance with specified instructions and served on counsel for the Liquidating Trust at a specified address no later than January 3, 2011.

5

**RELIEF REQUESTED AND BASIS THEREFOR**

20. In connection with its analysis of claims, it came to the attention of the Liquidating Trust that certain individuals, as more particularly identified on Exhibit A attached hereto (the "Limited PI Claimants"), may have asserted a personal injury claim against one or more of the Debtors' insurance carriers, which claim (the "Administrative Expense" and collectively, the "Administrative Expenses") may have arisen after the Petition Date, and that the Limited PI Claimants may not have been served with the Administrative Claim Bar Date Notice or the Effective Date Notice.

21. While the Limited PI Claimants may have received publication notice as approved by this Court, the Liquidating Trust believes that, under these specific circumstances, notice of the need to file administrative claim requests should be served on the Limited PI Claimants.

22. Accordingly, the Trust proposes serving the letter attached hereto as Exhibit B (the "Letter Notice") on the Limited PI Claimants, notifying each of a need to file Administrative Claim Requests on or before February 17, 2012.

23. The Letter Notice will inform the Limited PI Claimants that Administrative Claim Requests should be filed in writing with the Bankruptcy Court at:

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street, Suite 4000
> Richmond, Virginia 23219,

or electronically at www.vaeb.uscourts.gov;

and served on:

>   Lynn L. Tavenner, Esq.
>   Paula S. Beran, Esq.
>   TAVENNER & BERAN, PLC
>   20 North Eighth Street, 2nd Floor
>   Richmond, VA 23219
>   Email: ltavenner@tb-lawfirm.com
>   Email: pberan@tb-lawfirm.com
>
>      – and –
>
>   Andrew W. Caine, Esq.
>   PACHULSKI STANG ZIEHL & JONES LLP
>   10100 Santa Monica Boulevard, 11th Floor
>   Los Angeles, California 90067-4100
>   Email: acaine@pszjlaw.com

Office of the United States Trustee:

>   Office of the United States Trustee for the Eastern District of Virginia
>   Attn: Robert B. Van Arsdale
>   701 East Broad Street, Suite 4304
>   Richmond, Virginia 23219

24. The Trust seeks entry of an order by this Court establishing March 30, 2012 as the deadline upon which the Limited PI Claimants must file an Administrative Claim Request, approving the form of the Letter Notice, and granting related relief.

25. The Trust submits that the proposed order also provide that the Trust have 60 days from March 30, 2012 to review and object, if appropriate, to any Administrative Claim Request.

26. Bankruptcy Code § 503(a) provides that "an entity may <u>timely</u> file a request for payment of an administrative expense" 11 U.S.C. § 503(a) (emphasis added). Pursuant to Bankruptcy Code § 105, this Court may issue any order "necessary or appropriate" to

carry out, among other things, the mandate of Bankruptcy Code 503(a). Read together, these two provisions authorize approval of the requested relief.

## NOTICE

27. Notice of this Motion is being provided to (i) parties-in-interest in accordance with the Case Management Orders and (ii) the Limited PI Claimants. In light of the nature of the relief requested, the Trust respectfully submits that no further or other notice is necessary under the circumstances.

## WAIVER OF MEMORANDUM OF LAW

28. Pursuant to Local Bankruptcy rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Trust requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit C, establishing a supplemental bar date for filing requests for payment of administrative expenses for the specified Limited PI Claimants, approving the form of the Letter Notice and granting other related relief as proposed in this Motion.

Dated: January 24, 2012

TAVENNER & BERAN, P.L.C.

_/s/ Paula S. Beran_
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: jpomerantz@pszjlaw.com
          acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*

| Claimant Full Name | address |
| --- | --- |
| PAM ZIEGLER | P O BOX 580630  ELK GROVE  CA 95758 |
| ARON FISCHER | 35 ROOSEVELT AVE 3  SPRING VALLEY NY 10977 |
| W J KORECKI | 16733 LAKEVIEW AVENUE  SPRING LAKE MI  49456 |
| ROBERT E MARSHALL | 77 LITTLE ADDITION ROAD  DAVISVILLE  WV 26142 |
| LENORE LEARY | 1509 SOUTH GRANT ST  SAN MATEO CA 94404 |
| KAREN CLINTON | no address |
| CAROLE KAYLOR | 2701 FAIRWAY DR  ALTOONA PA 16602 |
| JOHN RUSSELL | 42435 HOLLYHOCK TERRACE  ASHBURN VA 20148 |
| Chris Michael | 1421 CAMELOT DRIVE  EASTON PA 18045 |
| Aisha Maze | 1473 9TH STREET OAKLAND CA 94607 |
| Mary Restivo | 1109 BRISTOL WOOD STREET  BRANDON FL 33510 |

Exhibit B



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

**NEW YORK**
788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

February __, 2012

      **Re:**    **In re Circuit City, Inc.**
               <u>**Case No. 08-35653**</u>

Dear _____:

      As you are probably aware, Circuit City, Inc. and various of its affiliated entities (collectively, the "Former Debtors") filed for protection under chapter 11 of the United States Bankruptcy Code on November 10, 2008, with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), administered under Case No. 08-35653. On September 14, 2010, the Bankruptcy Court entered its order confirming the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") and establishing the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"). The Plan became effective on November 1, 2010.

      The Liquidating Trust, pursuant to the Plan and the Confirmation Order, is duly authorized to investigate, prosecute, enforce, compromise, settle, adjust, collect or otherwise dispose of claims and causes of action on behalf of, or against, the Former Debtors. It has come to the attention of the Liquidating Trust that you have asserted a personal injury claim against one or more of the Former Debtors and that such alleged claim arose after the November 10, 2008 petition date. Further, the Liquidating Trust's research suggests that you did not receive the official Notice of the deadline for filing claims that arose after the petition date.

      This letter shall serve as notice that (1) you must file a claim with the Bankruptcy Court if you wish to pursue your claim against the Former Debtors, and (2) the deadline for filing your claim with

DOCS_LA:248212.1 12304-003



the Bankruptcy Court is **MARCH_____, 2012**.  If you choose to file a claim, you must do so in writing with with the Bankruptcy Court at:

Clerk of Court
United States Bankruptcy Court
710 East Broad Street, Suite 4000
Richmond, Virginia 23219

or electronically at www.vaeb.uscourts.gov.

You must serve a copy of your request of your claim on counsel for the Liquidating Trust at the below address:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

and

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 900676-4100

If you have any questions regarding the above, please contact _____.

Very truly yours,

SEM:
Enclosure

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| | *Counsel to Circuit City Stores, Inc.* |
| *Counsel to Circuit City Stores, Inc.* | *Liquidating Trust* |
| *Liquidating Trust* | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**ORDER ESTABLISHING SUPPLEMENTAL BAR DATE**
**FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE**
**EXPENSES FOR SPECIFIED INDIVIDUALS AND RELATED RELIEF**

Upon the Motion (the "Motion")[2] of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") for an Order Establishing a Supplemental Bar Date for Filing Requests for Payment of Administrative Expenses for Specified Individuals and Other Related Relief; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Trust, the beneficiaries thereof, and other parties in interest;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The Trust shall serve a copy of this Order, along with the Letter Notice, on each Limited PI Claimant.

3. Limited PI Claimants must file an Administrative Claim Request on or before March 30, 2012.

4. Administrative Claim Requests shall be filed in writing with the Bankruptcy Court at:

>Clerk of Court
>United States Bankruptcy Court
>701 East Broad Street, Suite 4000
>Richmond, Virginia 23219,

or electronically at www.vaeb.uscourts.gov;

and served on:

>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, VA 23219
>Email:  ltavenner@tb-lawfirm.com
>Email:  pberan@tb-lawfirm.com

>    – and –

>Andrew W. Caine, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard, 11th Floor
>Los Angeles, California 90067-4100
>Email:  acaine@pszjlaw.com

2

<u>Office of the United States Trustee:</u>

>Office of the United States Trustee for the Eastern District of Virginia
>Attn: Robert B. Van Arsdale
>701 East Broad Street, Suite 4304
>Richmond, Virginia 23219

5.  Any Limited PI Claimant that is required, but fails, to file an Administrative Claim Request in accordance with the procedures set forth in this order on or before March 30, 2012, shall be forever barred, stopped, and enjoined from asserting any Administrative Expense against the Debtors and/or the Trust, and the Debtors and the Trust (a) shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or the Trust on account of such Administrative Expense.

6.  The Trust shall have until May 29, 2012 to file an objection to any Administrative Claim Request filed pursuant to this Order.

7.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____    _____
      Richmond, Virginia                                    The Honorable Kevin R. Huennekens
                                                                  United States Bankruptcy Judge

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  13th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

4