```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA


IN RE:                         .    Case No. 08-35653 (KRH)
                               .
                               .    Chapter 11
                               .    Jointly Administered
CIRCUIT CITY STORES,           .
INC., et al.,                  .    701 East Broad Street
                               .    Richmond, VA 23219
                               .
         Debtors.              .
                               .    February 7, 2012
. . . . . . . . . . . . . .         2:07 p.m.


                       TRANSCRIPT OF HEARING
                BEFORE HONORABLE KEVIN R. HUENNEKENS
                UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:           Tavenner and Beran, PLC
                          By:  PAULA BERAN, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219

TELEPHONIC APPEARANCES:

For the Debtor:           Pachulski Stang Ziehl & Jones LLP
                          By:  ANDREW W. CAINE, ESQ.
                          780 Third Avenue, 36th Floor
                          New York, NY 10017
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

2

1        COURTROOM DEPUTY:  All rise.  The United States
2 Bankruptcy Court of the Eastern District of Virginia is now in
3 session with the Honorable Kevin R. Huennekens presiding.
4 Please be seated and come to order.
5        COURT CLERK:  In the matter of Circuit City Stores,
6 Incorporated, hearing on Items 1 and 2 as set out on proposed
7 agenda.
8        MS. BERAN:  Good afternoon, Your Honor.
9        THE COURT:  Good afternoon, Ms. Beran.
10        MS. BERAN:  For the record, Paula Beran of the law
11 firm of Tavenner and Beran.  With me today in the courtroom is
12 Ms. Katie Bradshaw from the trust.  And then, on the phone,
13 there's Mr. Andrew Caine.
14        THE COURT:  All right.
15        MS. BERAN:  As indicated, Your Honor, there are only
16 two matters on today's docket, the first of which is the motion
17 to dismiss the adversary proceeding in the B.R. Fries matter.
18 In connection with that, Your Honor, we'd respectfully request
19 that we -- this matter be continued.
20        Your Honor may recall, this was the one in which
21 there was a motion argued at the last hearing to conduct
22 mediation in New York.  Your Honor has since entered an order
23 denying that.  And the parties are working with the -- a
24 mediator to schedule a time here in Richmond, Virginia.
25        And so, we'd respectfully request this motion be

1  dismissed -- be continued.  And we'd suggest for 60 days so
2  that the parties can have the -- find the time with the
3  mediator and have the mediation and then determine if this
4  matter needs to be argued or not.
5          THE COURT:  All right.  Very good.  We'll continue
6  this for 60 days but I'm a little concerned.  Why haven't we
7  been able to schedule the mediation yet?  It's been a good
8  while since I made that ruling.
9          MS. BERAN:  Your Honor, I believe it's trying to come
10 up with the available dates between the party and the -- the
11 parties and the mediators.  I have seen correspondence and we
12 are trying to hone in on a specific date.
13         THE COURT:  Okay.  But, you think that that'll all
14 happen in the next 60 days?
15         MS. BERAN:  Yes, Your Honor.
16         THE COURT:  Okay.  So, do we have a specific date 60
17 days out that you're asking this to be moved to?
18         MS. BERAN:  No, Your Honor.  I apologize.  The --
19         THE COURT:  Whatever the closest omnibus date is what
20 you'll select?
21         MS. BERAN:  Yes, in the April time period.
22         THE COURT:  Okay.  Very good.  That's what we'll do.
23         MS. BERAN:  Thank you, Your Honor.  Your Honor, the
24 next matter is the liquidating trust's motion for an order
25 establishing a supplemental bar date for filing requests for

1  payment of administrative expenses for specified individuals
2  and related relief.
3          Your Honor, it came to the trust's attention that
4  there were certain potential personal injury claimants that
5  have alleged or asserted and/or basically claimed that they may
6  have a PI claim that happened after the bankruptcy case was
7  filing.  The trust, in connection with reviewing these matters,
8  noticed and identified that these claimants may not have
9  actually been served with the earlier bar date motions and/or
10 with the confirmation order.  And I say, may not have been
11 served, may not have been served with a physical notice.
12         Nonetheless, Your Honor, in reviewing it, the trust
13 just thought it would be most appropriate under these
14 circumstances to err on the abundance of caution as opposed to
15 relying on any type of publication notice.  So, we filed this
16 motion seeking specifically just to set an administrative bar
17 date so that it's specifically clear as it relates to the
18 timetable, thereafter the review period, and when objections
19 would need to be filed to this specific set of potential admin
20 claims.
21         The motion was noticed.  To date, there have been no
22 objections.  We'd respectfully request that Your Honor enter an
23 order approving it.  In essence, Your Honor, the motion
24 provided a form of letter notice that we intend to serve to
25 these particular potential claimants.

5

1          Thereafter, we would request that the bar date be set
2 of March 30th and that after the March 30th date that the trust
3 have 60 days to review any claims that may have been filed and
4 to the extent necessary and/or appropriate object to those
5 claims.
6          THE COURT:  All right.  Very good.  I had three
7 questions with regard to your motion which I don't think are
8 critical.  I just wanted clarification.
9          The first is, if one of these individuals had
10 received actual notice of the prior bar date, are you extending
11 it for them now out to March 30, regardless of that?  In other
12 words, are they getting additional time or --
13         MS. BERAN:  Yes.
14         THE COURT:  -- are you reserving your right to
15 object, still, if they should have filed something earlier?
16         MS. BERAN:  No, Your Honor.  As it relates to those
17 claimants identified on the exhibit, we would be extending it
18 out for all of those.  And, Your Honor, I would note that there
19 was one individual on this list at which point it said no
20 address.  And we have since obtained and located an address.
21 So, they would actually receive a copy of the letter, if Your
22 Honor approves the form of that notice, but --
23         THE COURT:  And that's Ms. Clinton.
24         MS. BERAN:  Yes, Your Honor.
25         THE COURT:  Okay.  Very good.  All right.  And these

1  are all parties that have notified the insurance carrier of the
2  respective former entity.
3          MS. BERAN: Your Honor, correct that they have been
4  in some way, shape or form in contact with the carrier or with
5  the -- Circuit City through the trust.
6          THE COURT: Okay. Very good. All right. My second
7  question had to do with Paragraph Number 22 on Page 6 of your
8  motion. And I was unclear.
9          I understood what you just said, that you were
10 establishing a bar date in the March time frame. But there, it
11 says, notifying each of a need to file administrative claim
12 request on or before February 17, 2012. I was wondering if
13 that reference there to February 17, 2012 wasn't referring to
14 the date upon which you were going to serve the letter as
15 opposed to the date upon which they needed to file the request.
16         MS. BERAN: Your Honor, you're exactly right. It's
17 inartful drafting on my part that Ms. Tavenner actually picked
18 up after the filing of this.
19         Specifically, when I drafted that, the "on or before"
20 should have been at the beginning of the paragraph because it
21 demonstrates when the letter would be sent out, just so that
22 there would be a time frame. We didn't want Your Honor to
23 think, or parties in interest to think, we could serve it March
24 15th and require only 15 days.
25         So, we intend, should Your Honor approve, that we

1  will serve it, this letter, on or before February 17th.  And I
2  apologize for the inartful drafting there.  It did make it a
3  bit unclear.
4              THE COURT:  All right.  Do we have that date in the
5  order, because I didn't see it?  Just says the order -- that
6  it's approved, that the motion is granted, rather.
7              MS. BERAN:  No, Your Honor.  And if Your Honor so
8  desires that the -- Paragraph 2 of the order could be changed
9  or would just be added.  The trust, I'm sure --
10             THE COURT:  Just to put that --
11             MS. BERAN:  -- and the date inserted at the end of
12 that.
13             THE COURT:  That's what I was going to suggest.  If
14 we could do that, then that would make me happy and it would
15 clarify it for the record.
16             MS. BERAN:  Yes, Your Honor.
17             THE COURT:  So, let's add that date to Paragraph 2 of
18 the proposed order.
19             MS. BERAN:  Certainly, Your Honor.
20             THE COURT:  All right.  So -- okay.  Then, the last
21 question I had is, are you serving this notice on these
22 individuals at the addresses?  And you've now told me that
23 we've got the address for the one that wasn't listed.  But, if
24 they have counsel, are we serving this on their attorneys also
25 or just on them?

1           MS. BERAN:  Your Honor, the intent would -- to serve
2  it on both.
3           THE COURT:  Okay.
4           MS. BERAN:  If counsel has so noted.  But --
5           THE COURT:  If you're aware that there --
6           MS. BERAN:  Correct, Your Honor.
7           THE COURT:  -- is somebody like that --
8           MS. BERAN:  Correct.
9           THE COURT:  -- you would serve both.
10          MS. BERAN:  Correct, Your Honor.
11          THE COURT:  Okay.  That would be the Court's desire
12 as far as that's concerned, as well.  Okay.  Those were my
13 questions.  Does any party wish to be heard in connection with
14 the liquidating trust's motion?
15                    (No audible response)
16          THE COURT:  All right.  There being no objection and
17 having satisfied the Court's very minor concerns, the Court
18 will grant the motion and will look for that order as we've
19 decided to amend it.
20          MS. BERAN:  Thank you, Your Honor.  Your Honor,
21 there's nothing further on the docket.  I do have one
22 housekeeping item to raise with Your Honor.
23          THE COURT:  All right.
24          MS. BERAN:  And that's just to inform Your Honor of
25 some scheduling and then make a proposal.

1         As it relates to next Monday, the 13th, that is set
2    for schedule.  The first of the adversary proceedings is set
3    for trial on that date and that matter has not settled.  That's
4    the bad news.  The good news, Your Honor, is that the parties
5    have agreed to stipulated facts and those facts were submitted
6    via the ECF a week and a half ago now, Your Honor.  In
7    addition, the parties submitted trial briefs.  Both parties
8    submitted their trial briefs via ECF yesterday.  And so, what
9    will now transpire on the technical trial, this is -- this date
10   is purely legal argument.
11        Your Honor, the following week, February 21st,
12   there's also another hearing in this -- these cases.  And it's
13   the scheduled omnibus hearing date.  We have spoken with
14   counsel for Russellville Steel and to the extent Your Honor
15   would so desire, the parties are fine with moving the legal
16   argument on Russellville Steel from the 13th to the 21st.  So,
17   at that point in time, we would only use one of Your Honor's
18   hearing dates and not tie up another date.  We just put that
19   out there for Your Honor's consideration, if Your Honor would
20   so desire.
21             THE COURT:  All right.  So, what you're proposing is
22   to move the argument that would be held on the 13th to the
23   21st?
24             MS. BERAN:  Yes, Your Honor.  The --
25             THE COURT:  And then, just have everything all done

1  on that date.
2           MS. BERAN:  Yes, Your Honor.  The 21st is going to be
3  a short hearing, as well.  But, there are a couple of matters
4  and we just thought it made more sense to move one as opposed
5  to trying to switch those all over to the 13th.
6           THE COURT:  And that would be with the consent of the
7  other party.
8           MS. BERAN:  Mr. Scott, Doug Scott, represents
9  Russellville Steel and he said he would have no objections and
10 understood why the trust would propose it to Your Honor.  And
11 he has consented to the same to the extent Your Honor is --
12 believes it is judicially efficient and efficient from a case
13 setting perspective.
14          THE COURT:  Well, I certainly do think that it is and
15 I would be amenable to moving the hearing on the 13th to the
16 21st and just doing it all at one time and that it'd certainly
17 save the trust some additional expense of, you know, you having
18 to come back here twice, as enjoyable as that always is.
19          MS. BERAN:  It is, Your Honor.
20          THE COURT:  But, nevertheless, why don't we go ahead
21 and do that?  You'll give notice to Mr. Scott, then --
22          MS. BERAN:  Yes, Your Honor.
23          THE COURT:  -- that we're going to do that.  And
24 we'll hear that argument on the 13th -- on the 21st, rather.
25          MS. BERAN:  Yes, Your Honor.

1              THE COURT:   Okay.

2              MS. BERAN:   Okay?

3              THE COURT:   All right.  Very good.  Do you think we
4    have to have an order to do that or can we just --

5              MS. BERAN:   Your Honor, the trial is set pursuant to
6    Your Honor's pretrial order.  If Your Honor -- why don't I
7    submit an order, just a very simple order, that basically says
8    that the -- pursuant to the stipulation, the matter will be
9    heard on the 21st?

10             THE COURT:   Yes, it can just be a one-liner.  And
11   that way we'll have a record in the case about why it's --
12   because that, you know, is a separate adversary proceeding and
13   it wouldn't be part of this record.  And we'll have that
14   documented, then, that it was moved to the 21st.

15             MS. BERAN:   I will --

16             THE COURT:   And that doesn't have to be anything
17   other than, by agreement of the party and approval of the
18   Court, it's hereby scheduled for the 21st.

19             MS. BERAN:   I will so submit such an order, Your
20   Honor.

21             THE COURT:   All right.  Very good.  Any other
22   housekeeping matters or anything?

23             MS. BERAN:   That's all that the trust has, Your
24   Honor.  As indicated, Mr. Caine's on the phone so Ms. Bradshaw,
25   Mr. Caine, and/or I am happy to answer any questions Your Honor

1  may have.
2          THE COURT: Well, I just have one matter that I
3  wanted to address to Mr. Caine and that is that -- if he would
4  please extend the Court's congratulations for the able argument
5  that Mr. Bernstein (sic) recently made in the Fourth Circuit.
6  All right.
7          MR. CAINE: Oh, thank you, Your Honor. I will
8  certainly do so. And I will see you on the 21st.
9          THE COURT: Very good, Mr. Caine. Thank you. All
10 right. With that, we'll be adjourned.
11         MS. BERAN: Thank you, Your Honor.
12         COURTROOM DEPUTY: All rise. Court is now adjourned.
13                         * * * * *
14                    **C E R T I F I C A T I O N**
15         I, STEPHANIE SCHMITTER, court approved transcriber,
16 certify that the foregoing is a correct transcript from the
17 official electronic sound recording of the proceedings in the
18 above-entitled matter, and to the best of my ability.
19
20
21 /s/ Stephanie Schmitter
22 STEPHANIE SCHMITTER
23 J&J COURT TRANSCRIBERS, INC.    DATE: February 13, 2012
24
25