Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - x | | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**LIQUIDATING TRUST'S OBJECTION TO
LETTER "MOTION" OF GREGORY LEE MCCALL TO RESCIND THE
COURT'S ORDER DISALLOWING HIS CLAIM**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

*Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated*

*Debtors and Debtors in Possession and its Official Committee of Creditors Holding*

*General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby objects to the

motion submitted in letter form (the "Letter Motion") by Gregory Lee McCall ("McCall"),

which seeks rescission of the Court's order disallowing the claim filed by McCall (the

"Order"), and respectfully states as follows:

## THE LETTER MOTION SHOULD BE DENIED

1. This Court previously disallowed a claim filed by Gregory Lee McCall ("McCall") in the amount of $18,000,000.00 (the "Claim") on two independent grounds: (1) the Claim was factually farfetched and entirely unwarranted in law; and (2) the Claim was filed late. In order for McCall to prevail in his most recent Motion, he would, at a minimum, have to establish that the Claim (1) was legally and factually warranted, **and** (2) was timely filed.

2. Nothing in McCall's Letter Motion Addresses Substantive Disallowance. McCall presents no evidence to establish that the Claim was warranted and should not have been disallowed on substantive grounds.

3. Rule 60(b) of the Federal Rules of Civil Procedure provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

4. As the Letter Motion does not even address, much less present any

2

evidence to support, any of the aforementioned factors as they apply to the substantive disallowance of the Claim, the Letter Motion must be denied.

5. <u>The Issue of Timeliness Need Not Be Considered Further</u>. Based on McCall's failure to establish grounds for rescission of the Order based on the substantive disallowance of the Claim, it is unnecessary to address McCall's notice arguments, although it is not entirely clear what notice McCall alleges he did not receive. Further, nothing McCall has told the Court is credible. For example, McCall states that as a federal prisoner he had "been moved to a number of federal institutions during the filing of the debtors' Chapter 11 Bankruptcy and upon his learning of <u>the action</u> [he] immediately filed a proof of claim." Letter Motion at ¶1 (emphasis added). The "action" to which McCall is referring is unclear, but the case docket shows that McCall filed his first pleading in the case as early as January 26, 2009 [Docket No. 1819], but did not file his proof of claim until September 30, 2010, over eighteen months later. Regardless, it is unnecessary to waste the Court's time or the Liquidating Trust's resources with evidentiary issues of notice when McCall's motion must be denied based on his failure to present evidence that the Claim is substantively warranted in fact and law.

## **CONCLUSION**

The Liquidating Trust submits that McCall's Letter Motion must be denied based on McCall's failure to present new and sufficient evidence to establish that the Claim is legally and factually warranted. The Liquidating Trust respectfully submits that the Court should enter an order denying the Letter Motion, and granting such other and further relief as the Court deems appropriate.

3

DOCS_LA:232936.1

Dated: Richmond, Virginia
      February 21, 2012

TAVENNER & BERAN, PLC

_____/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

4