**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: ) | Case No. 08-35653 (KRH) |
| ) | |
| **CIRCUIT CITY STORES, INC.,** ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**RESPONSE OF CWCAPITAL ASSET MANAGEMENT LLC TO THE LIQUIDATING TRUST'S TWENTY-EITHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**
**(Claim No. 12846)**

CWCapital Asset Management LLC as Special Servicer for Bank of America, N.A. (successor by merger to LaSalle Bank, N.A.), as Trustee for the Holders of Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates Series 1998-D6 ("Claimant"), hereby files its response (the "Response") to the Liquidating Trust's Twenty-Eighth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection") and, in support thereof, states as follows:

**Background**

1. On April 29, 2009, Claimant filed a general unsecured claim in the amount of $819,066.00 for pre-petition rent and rejection damages incurred in connection with the lease

Stephen K. Gallagher  (VSB No. 38085)
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182-2707
P:    (703) 760-1600
F:    (703) 821-8949

*Counsel for CWCapital Asset Management LLC*

of Store No. 3331, located in Spokane, Washington (Claim No. 12846). The claim is attached to this Response as Exhibit "B."

2. On November 14, 2011, the Liquidating Trust filed the Objection, whereby it objected to Claim No. 12846.

## Basis for Claims

**A.    The Trust Is the Rightful Claimant of All Claims Against the Debtor Held by the Borrower.**

3. Bank of America, N.A., successor by merger to LaSalle Bank, N.A., is the Trustee for a trust fund, the beneficial ownership of which is evidenced by various classes of mortgage pass-through certificates known as Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates Series 1998-D6 (the "Trust"). Claimant is the Special Servicer for the Trust.

4. As of February 4, 1998, Larry J. Reitz MP, L.L.P. (the "Borrower") executed a Promissory Note (the "Note" attached hereto as Exhibit "C") in favor of Nomura Asset Capital Corporation in the original principal amount of $4,302,912.00 (the "Loan" attached hereto as Exhibit "D"). The Note was secured by, among other things, a certain piece of real property located at 7701 North Division Street, Spokane, Washington (together, with the personal property described in more detail in paragraph 6, the "Collateral Property") pursuant to a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of February 4, 1998 (the "Deed of Trust" attached hereto as Exhibit "E"). In addition, the Borrower executed an Assignment of Leases and Rents dated February 4, 1998 (the "Assignment of Leases and Rents" attached hereto as Exhibit "F").

5. The Collateral Property is the site of Store No. 3331. The Note, Deed of Trust and Assignment of Leases and Rents are hereinafter collectively referred to as the "Loan

MC1#340522

Documents" and were attached as exhibits to the general unsecured claim filed by Claimant in connection with Store No. 3331 (Claim No. 12846).

6. Pursuant to the terms of the Loan Documents, the Trust has a lien on all rights, title and interest in and to the Collateral Property, including but not limited to all buildings, structures, improvements and tenements thereon, all easements, rights-of-way, appurtenances, leases, rents, issues, proceeds, profits, and all fixtures, machinery, motors, elevators, radiators, and all plumbing, heating, lighting ventilating, refrigerating, air conditioning and sprinkler equipment, and other interests as set forth in the Mortgage.

7. The Debtor leased Store No. 3331 from the Borrower. Pursuant to the terms of a lease dated February 4, 1998 (the "Lease") and any guaranty related thereto, the Debtor is obligated to make monthly rental payments, as well as payments for taxes, common area maintenance, and related charges to the Borrower. The Lease was attached as an exhibit to Claim No. 12846. *See* Exhibit B.

8. To the extent that the Borrower has claims against the Debtor, the Trust possesses a first priority lien on that claim.

9. The Borrower defaulted on the Note, and the Collateral Property was foreclosed. 7701 N. Division Street Holdings, LLC, a special purpose entity created by the Trust, was the successful bidder at the foreclosure sale, as evidenced by the Trustee's Deed dated July 2, 2010, a copy of which will be provided to the Liquidating Trust upon request. As a result of the foreclosure, Claimant is entitled to receive all distributions from the Debtor on account of all claims in connection with Store No. 3331.

**B.    Claim No. 12846**

MC1#340522

10. The Liquidating Trust has objected to Claim No. 12846 as follows: "Underlying claimed liabilities are also included on claim 9412. Proper claimant is unclear." The Liquidating Trust proposes expungement of Claim No. 12846.

11. Claim No. 12846 asserts a general unsecured claim for pre-petition rent and real estate taxes incurred in connection with Store No. 3331. Upon information and belief the Debtor owed rent of $11,268.89 for the occupation of Store No. 3331 for the period of November 1, 2008 to November 10, 2008. Additionally, the Debtor owed penalties and interest in the amount of $18.78. Interest and penalty calculations are provided in detail in the attachment to Claim No. 12846. The Debtor also owed real estate taxes in the amount of $44,433.72. Claimant's books and records show that the total amount of pre-petition rent and related payments due is $55,721.39.

12. Claim No. 12846 also asserts rejection damages in the amount of $763,344.61. The Debtor rejected the Lease pursuant to an order entered by the Bankruptcy Court on February 19, 2009. Claimant prepared calculations in support of its claim for rejection damages pursuant to Section 502(b)(6) of the Bankruptcy Code. A detailed table explaining these calculations was provided in the attachment to Claim No. 12846. Pursuant to section 502(b)(6), the Claimant is entitled to a claim for the rent reserved by the Lease for the greater of one year or 15 percent of the remaining lease term, not to exceed three years. Accordingly, the Claimant is entitled to a claim for rejection damages based on the total rent for 15 percent of the remaining lease term, as calculated from the petition date, in the amount of $763,344.61.

13. To the extent that the Debtor's books and records indicate payment of all or some portion of these amounts, Claimant requests that the Liquidating Trust provide supporting documentation that such payments have been made.

MC1#340522

14. Based on the foregoing, Claim No. 12846 should be allowed as a general unsecured claim in the amount of $819,066.00.

15. The Declaration of Demetrios Morakis in support of Claim No. 12846 is attached hereto as Exhibit "A."

WHEREFORE, based on the foregoing, Claimant requests that (i) the Liquidating Trust's objection to Claim No. 12846 be DENIED and (iii) Claim No. 12846 be allowed as a general unsecured claim in the amount of $819,066.00.

DATED:  February 24, 2012         VENABLE LLP

                                  */s/Stephen K. Gallagher*
                                  Stephen K. Gallagher (VSB No. 38085)
                                  Lindsay R. Heitger (VSB No. 80464)
                                  8010 Towers Crescent Drive, Suite 300
                                  Tysons Corner, VA 22182-2707
                                  P:  (703) 760-1600
                                  F:  (703) 821-8949

                                  *Counsel for CWCapital Asset Management LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 24th day of February, 2012, a copy of the foregoing Response of CWCapital Asset Management LLC to the Liquidating Trust's Twenty-Eighth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims and Disallowance of Certain Amended Claims) was served electronically via the Court's CM/ECF electronic filing service and via first class U.S. mail, postage prepaid, upon the following:

      Jeffrey N. Pomerantz, Esq.
      Andrew W. Caine, Esq.
      Pachulski Stang Ziehl & Jones LLP
      10100 Santa Monica Boulevard
      Los Angeles, CA 90067

      Robert J. Feinstein, Esq.
      Pachulski Stang Ziehl & Jones LLP
      780 Third Avenue, 36th Floor
      New York, NY 10017

      Lynn L. Tavenner, Esq.
      Paula S. Beran, Esq.
      Tavenner & Beran, PLC
      20 North Eighth Street, 2nd Floor
      Richmond, VA 23219


      */s/ Stephen K. Gallagher*
      Stephen K. Gallagher

MC1#340522

**Response of CWCapital Asset Management, LLC to the Liquidating Trust's Twenty-eighth Omnibus Objection to Landlord Claims**

# Exhibit A

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| In re: ) | Case No. 08-35653 |
| ) | |
| CIRCUIT CITY STORES, INC., ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**DECLARATION OF DEMETRIOS MORAKIS IN SUPPORT OF
RESPONSE OF CWCAPITAL ASSET MANAGEMENT LLC TO THE LIQUIDATING
TRUST'S TWENTY-EIGHTH OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION
OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID
CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**
**(Claim No. 12846)**

The undersigned, having been duly sworn, states as follows:

1. I am over eighteen (18) years of age.

2. I have personal knowledge of and am competent to testify as to each of the matters set forth herein.

3. I am a Vice President with CWCapital Asset Management LLC ("CWCapital"), 701 13th Street, NW, Suite 1000, Washington, DC 20005. CWCapital is the special servicer for a trust fund, the beneficial ownership of which is evidenced by various classes of mortgage pass-through certificates known as Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates Series 1998-D6 (the "Trust").

4. I am responsible for managing CWCapital's interest in real property and improvements located at 7701 North Division Street, Spokane, Washington and known as Store 3331 (the "Spokane Property").

5. I have reviewed CWCapital's records with respect to the Spokane Property and have

verified that the Trust foreclosed on the Spokane County Property and that 7701 N. Division Street Holdings, LLC, a special purpose entity formed by the Trust, was the successful bidder at the foreclosure sale.

6.	Based upon my review of CWCapital's records, I believe that CWCapital, as special servicer to the Trust, is the rightful claimant to any distributions made by the Debtor on account of claims in connection with Store No. 3331.

7.	I have reviewed the payment records maintained by CWCapital in connection with the Spokane Property. Based upon my review of CWCapital's payment records, the amounts asserted by CWCapital in Claim No. 12846 are accurate.

I DECLARE under the penalty of perjury under 28 U.S.C. §1746 that the contents of the foregoing affidavit are, to the best of my ability and knowledge, true and correct.

Dated:	February 21, 2012	_____

2

MC1#340522