Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,. | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE <u>(SHORT TERM INCENTIVE PROGRAM)</u>

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Thirty-Fifth Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims, as Applicable (Short Term Incentive Program) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to reduce certain claims, fix amount of certain claims and disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and

Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON JUNE 26, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**<u>Critical Information for Claimants
Choosing to File a Response to the Objection</u>**

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **<u>4:00 p.m. (Eastern Time) on June 26, 2012 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on July 10, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**</u>

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;

  c.  a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

  d.  a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

  e.  a declaration of a person with personal knowledge of the relevant facts that support the Response;

  f.  the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

  g.  to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

  **Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

  **Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the

Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection <u>without further notice</u> to you.

**<u>Each Objection Is a Contested Matter</u>**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

**<u>Additional Information</u>**

**<u>Requests for Information</u>**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of <u>www.kccllc.net/circuitcity</u>.

**<u>Reservation of Rights</u>**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    April 20, 2012

*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
         acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Exhibit 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## LIQUIDATING TRUST'S THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (SHORT TERM INCENTIVE PROGRAM)

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Thirty-Fifth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (Short Term Incentive Program)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "<u>Claims Bar Date Order</u>").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "<u>Claims Bar Date Notice</u>").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "<u>Omnibus Objection Procedures Order</u>").

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "<u>Effective Date</u>"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate

and administer asserted claims, including prosecution of objections to claims, and to distribute the assets to creditors.

**B.**      **The Short Term Incentive Program**

12.      Prior to the Petition Date, Circuit City instituted an annual short-term performance-based incentive program (the "Short-Term Incentive Program), which began each year in March, and pursuant to which certain employees (each, a "Short-Term Incentive Program Participant") were eligible to earn cash incentive awards (each, a "Short-Term Incentive Award") based on: (1) company performance criteria (the "Company Performance Criteria"); (2) individual performance, in certain cases; and (3) continued employment by Circuit City through the date on which Circuit City was obligated to make a Short-Term Incentive Award (the "Pay-Out Date").  The Company Performance Criteria and the applicability of individual performance criteria depended on the Short-Term Incentive Program Participant's position at Circuit City. However, the requirement to remain employed with Circuit City through the Pay-Out Date applied to each Short-Term Incentive Program Participant.

13.      In the case of each STIP Claim listed on **Exhibit B** attached hereto, the Short-Term Incentive Program ran from March 1, 2008 through February 28, 2009 and the Pay-Out Date was May 15, 2009.  A sample copy of the terms (the "Plan Terms") of the Short-Term Incentive Program is attached hereto as **Exhibit F**.  The Plan Terms state, "[A]s a condition of receiving an incentive pay out, an associate must remain employed with the Company [Circuit City] on a full-time basis through and including the date of pay out."  *See* Plan Terms, **Exh. F** at 5.  The Plan Terms also clarified that while the company was encouraging Short-Term Incentive Program Participants to stay with Circuit City, each Participant's "employment with the Company [Circuit City] is at will and is terminable at any time, with or without cause, and with or without notice.  The plan shall not be construed to create a contract of employment for a specified period of time between the Company and the participant."  *See* Plan Terms, **Exh. F** at 5.

## OBJECTION

14.    By this Objection, the Liquidating Trust seeks entry of an order, in substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing each of the claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims identified on **Exhibits D and E** attached hereto (collectively, the "STIP Claims").

15.    For ease of reference, attached hereto as **Exhibit B** is an alphabetical listing of all claimants whose Claims are included in this Objection (the "STIP Claimants"), with a cross-reference by claim number.

### A.    Reduction of Certain Partially Invalid STIP Claims.

16.    The basis for reduction of the STIP Claims listed on **Exhibit C** attached hereto (the "Partially Invalid STIP Claims") is that each of the Partially Invalid STIP Claims asserts, in part, an amount for which the Debtors are not liable.

17.    Specifically, after a review of each of the Partially Invalid STIP Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that a certain portion of each Partially Invalid STIP Claims is based on the Company Performance Criteria that was not met by Circuit City.  Accordingly, the STIP Claimant is ineligible for that portion of the Short-Term Incentive Award related to the Company Performance Criteria, and the Partially Invalid STIP Claims identified on **Exhibit C** should be reduced in the manner stated in **Exhibit C**.

### B.    Disallowance of Certain Invalid STIP Claims.

18.    The basis for disallowance of the STIP Claims listed on **Exhibits D and E** attached hereto (the "Invalid STIP Claims") is that each of the Invalid STIP Claims asserts, in its entirety, amounts for which the Debtors are not liable.

5

19.      Specifically, **Exhibit D** identifies Invalid STIP Claims that are liabilities already asserted by the STIP Claimants in other claims (the "Duplicate STIP Claims"). Accordingly, the Liquidating Trust requests that the Duplicate STIP Claims identified on **Exhibit D** be disallowed as duplicative of another claim.

20.      Finally, **Exhibit E** identifies Invalid STIP Claims for which the Debtors' books and records show no liability to the STIP Claimant (the "Books and Records Expunge STIP Claims"). After a review of each Books and Records Expunge STIP Claim and the bases upon which it is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that the Debtors have no liability on the Books and Records Expunge STIP Claims because, in each case, the STIP Claimant was terminated prior to the Pay-Out Date, a prerequisite to being eligible for the Short-Term Incentive Award. Accordingly, the Liquidating Trust requests that the Books and Records Expunge STIP Claims identified on **Exhibit E** be disallowed in their entirety for the reasons stated therein.

## RESERVATION OF RIGHTS

21.      At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds, including the right to modify, supplement and/or amend this Objection as it pertains to any STIP Claim or STIP Claimant herein.

## NOTICE AND PROCEDURE

22.      Notice of this Objection has been provided to the STIP Claimants identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order"). The Liquidating Trust submits that the following methods of service upon

the STIP Claimants should be deemed by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the STIP Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the STIP Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the STIP Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the STIP Claimant with this Objection and the exhibit on which the STIP Claimant's claim is listed.

23.     To the extent any STIP Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on June 26, 2012 as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference  with respect to any such responding claimant at 2:00 p.m. (Eastern) on July 10, 2012 and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any STIP Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each of the claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims identified on **Exhibits D and E** attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

24.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

25.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

26.      No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
    April 20, 2012

                                     */s/ Paula S. Beran*_____
                                     Lynn L. Tavenner (VA Bar No. 30083)
                                     Paula S. Beran (VA Bar No. 34679)
                                     20 North Eighth Street, 2nd Floor
                                     Richmond, Virginia 23219
                                     (804) 783-8300

                                                 - and -

                                     PACHULSKI STANG ZIEHL & JONES LLP
                                     Jeffrey N. Pomerantz, Esq.
                                     Andrew W. Caine, Esq.
                                     10100 Santa Monica Boulevard
                                     Los Angeles, California 90067-4100
                                     (310) 277-6910

                                                 - and –

                                     PACHULSKI STANG ZIEHL & JONES LLP
                                     Robert J. Feinstein, Esq.
                                     780 Third Avenue, 36th Floor
                                     New York, New York 10017
                                     (212) 561-7700

                                     *Counsel to the Circuit City Stores, Inc.*
                                     *Liquidating Trust*

### EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S THIRTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF
CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF
CERTAIN INVALID CLAIMS, AS APPLICABLE
<u>(SHORT TERM INCENTIVE PROGRAM)</u>**


THIS MATTER having come before the Court[2] on the *Liquidating Trust's Thirty-Fifth*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (Short Term Incentive Program*) (the "Objection"), which requested, among other things, that the claims specifically identified on <u>Exhibit B</u> attached to the Objection be reduced or disallowed, as applicable, for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in <u>Exhibit A</u>.

3.      The Claims identified on <u>Exhibit B</u> as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

4.      The Court will conduct a status conference on July 10, 2012 at 2:00 p.m. for all Claims identified on <u>Exhibit C</u> attached hereto.

5.      The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

6.      The Liquidating Trust shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
            April __, 2012

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

*/s/ Paula S. Beran*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                              /s/ Paula S. Beran_____
                              Paula S. Beran

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| ANDREWS, KIRK A<br><br>328 N LEE ST<br><br><br>WOODSTOCK, VA 22664-1310 | 8802<br><br>2000880201 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| BEAM, MICHAEL W<br><br>5227 SCOTSGLEN DR<br><br><br>GLEN ALLEN, VA 23059 | 6022<br><br>2000602201 | Exhibit D<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |
| CRAIG, KAREN L<br><br>4409 PLAYER RD<br><br><br>CORONA, CA 92883 | 6214<br><br>2000621401 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| DAVIS, TONY V<br><br>26310 WOODED HOLLOW LN<br><br><br>KATY, TX 77494-5011 | 9092<br><br>2000909201 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| DOLORES J GARCIA<br><br>12630 Eagle Ct<br><br><br>Grand Terrace, CA 92313 | 4817<br><br>2000481701 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| EATON, ANDREW R<br><br>910 WHITE PINE DR<br><br><br>CARY, IL 60013 | 4794<br><br>2000479401 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| FALCONER, CARIN ELAINE<br><br>5350 OLD DOWLEN RD STE<br><br><br>BEAUMONT, TX 77706 | 4367<br><br>2000436701 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| GEITH, JON C<br><br>2975 LUSITANA CT<br><br><br>LIVERMORE, CA 94550-9686 | 4811<br><br>2000481101 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| LUBARY, JAMES<br><br>3161 DRUID LN<br><br><br>LOS ALAMITOS, CA 90720 | 9070<br><br>2000907001 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MASCOLA, DENISE<br><br>6201 WINDWARD DR<br><br><br>BURKE, VA 22015-3834 | 9440<br><br>2000944001 | Exhibit D<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |
| NICHOLS, JOHN M<br><br>4417 HICKORY LAKE COURT<br><br><br>RICHMOND, VA 23059 | 4077<br><br>2000407701 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| ROSIER, NATHAN<br><br>307 N HUNTINGTON RD<br><br><br>ANDALE, KS 67001 | 8027<br><br>2000802701 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| TROXELL, LESLIE J<br><br>5004 PARK MEADOWS WAY<br><br><br>GLEN ALLEN, VA 23059 | 8003<br><br>2000800301 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| WARREN, ELIZABETH R<br><br>1824 HANOVER AVE<br><br><br>RICHMOND, VA 23220 | 4378<br><br>2000437801 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |

14

STIP

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/22/2009 | 4367 2000436701 | FALCONER, CARIN ELAINE  5350 OLD DOWLEN RD STE  BEAUMONT, TX 77706 | | $100,000.00 | U | CIRCUIT CITY STORES, INC. | $50,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Claimant was employed by the debtor on the projected payout date (5/15/09) of the short-term incentive plan. However, claimant is not entitled to the Company performance portion, thus, the claim should be reduced to $50,000. |
| 1/30/2009 | 8802 2000880201 | ANDREWS, KIRK A  328 N LEE ST  WOODSTOCK, VA 22664-1310 | | $11,820.00 | U | CIRCUIT CITY STORES, INC. | $5,910.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Claimant was employed by the debtor on the projected payout date (5/15/09) of the short-term incentive plan. However, claimant is not entitled to the Company performance portion, thus, the claim should be reduced to $5,910. |

STIP

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**
**DUPLICATE CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/27/2009 | 6022 2000602201 | BEAM, MICHAEL W 5227 SCOTSGLEN DR GLEN ALLEN, VA 23059 | | $19,186.23 | U | CIRCUIT CITY STORES, INC. | 13410 | Amounts included in this claim were allowed on claim # 13410.  This claim is duplicative, thus it should be expunged in its entirety. |
| 1/30/2009 | 9440 2000944001 | MASCOLA, DENISE 6201 WINDWARD DR BURKE, VA 22015-3834 | | $31,250.00 | U | CIRCUIT CITY STORES, INC. | 14154 | Amounts included in this claim were allowed on claim # 14154.  This claim is duplicative, thus it should be expunged in its entirety. |

2

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/20/2009 | 4077 2000407701 | NICHOLS, JOHN M<br><br>4417 HICKORY LAKE COURT<br><br>RICHMOND, VA 23059 | | $52,500.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/22/2009 | 4378 2000437801 | WARREN, ELIZABETH R<br><br>1824 HANOVER AVE<br><br>RICHMOND, VA 23220 | | $17,466.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/22/2009 | 4794 2000479401 | EATON, ANDREW R<br><br>910 WHITE PINE DR<br><br>CARY, IL 60013 | | $42,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/22/2009 | 4811 2000481101 | GEITH, JON C<br><br>2975 LUSITANA CT<br><br>LIVERMORE, CA 94550-9686 | | $93,120.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/23/2009 | 4817 2000481701 | DOLORES J GARCIA<br><br>12630 Eagle Ct<br><br>Grand Terrace, CA 92313 | | $6,634.50 | U | CIRCUIT CITY STORES WEST COAST, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/27/2009 | 6214  2000621401 | CRAIG, KAREN L  4409 PLAYER RD  CORONA, CA 92883 | | $37,500.00 | U | CIRCUIT CITY STORES WEST COAST, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/29/2009 | 8003  2000800301 | TROXELL, LESLIE J  5004 PARK MEADOWS WAY  GLEN ALLEN, VA 23059 | | $78,800.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/29/2009 | 8027  2000802701 | ROSIER, NATHAN  307 N HUNTINGTON RD  ANDALE, KS 67001 | | $80,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/30/2009 | 9070  2000907001 | LUBARY, JAMES  3161 DRUID LN  LOS ALAMITOS, CA 90720 | | $106,827.00 | U | CIRCUIT CITY STORES WEST COAST, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |
| 1/23/2009 | 9092  2000909201 | DAVIS, TONY V  26310 WOODED HOLLOW LN  KATY, TX 77494-5011 | | $42,400.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was terminated prior to the projected payout date (5/15/09) of the short-term incentive program; therefore, the claimant is ineligible and the claim should be expunged in its entirety. |

STIP

## Circuit City
## Turnaround Incentive Plan

| | |
|---|---|
| Plan Number: | CC05 |
| Effective Date: | March 1, 2008 to February 28, 2009 |
| Eligibility: | Vice Presidents      Professionals in Level 4 or higher |
| | Directors      Regional HR Directors |
| | Managers      Asset Protection |
| Incentive Target: | Varies by position |

### Objective

The goal of the incentive plan is to align your pay at risk with the company goals and drive a positive return for our shareholders.

### Measures

The incentive plan includes:

| | Based on | Weight | Performance Period |
|---|---|---|---|
| Team | 2 – 3 measures that vary by team | 50% | 10/1/08 – 2/28/09 |
| Individual | Individual Performance | 50% | 3/1/08 – 2/28/09 |

### Team Measures

Results will be based on the performance measures assigned by team below and reported by the finance department for the period 10/1/08 – 2/28/2009.

**Retail and The City Teams**
Company Gross Margin $
Company Expense Reduction
Customer Experience

**Multi-Channel & Services Teams**
Company Gross Margin $
Company Expense Reduction

**Merchandising Team**
Company Gross Margin $
Payable Days
In Stock

**Inventory & Space Planning Team**
Company Gross Margin $
Company Reduction in At Risk & Distressed Inventory
In Stock

**Support Team** (Asset Protection, Communications, Construction, Distribution, Finance, HR, IT, Legal, Logistics, Marketing, Procurement, Real Estate)
EBITDA
Company Expense Reduction

Incentive Calculation
- The incentive payout will be calculated using the incentive grids appearing on page 2 and following.
- Payout percentage is interpolated between the levels on the incentive grid (except for Grids presented as a range) if actual attainment falls between the levels noted on each grid. Achievement will be determined based on actual results. All determinations regarding the achievement of the performance goal will be made by the Compensation Committee of the Board.
- Results may be adjusted to back out the full year impact related to material one-time or non-recurring events (e.g. sale of Intertan) or material charges (e.g. restructure charge). A change or benefit is deemed to be a material nonrecurring event if it is classified as a discontinued operation or characterized as such in filings with the SEC or if the event would significantly alter the incentive payout calculation. Store openings and closings will be budgeted in accordance with the real estate plan. Material variances created by more/less openings/closings than planned may be adjusted so that they will not affect the payout. All material unbudgeted events will be included or excluded at the discretion and approval of the Compensation Committee.

**Confidential & Proprietary**
FY09 CC05 Turnaround Incentive Plan 10 17 08

## Team Measures: Incentive Grids

**EBITDA** – Domestic earnings before interest, taxes, depreciation & amortization (generally – cash flow generation)

| Payout % | EBITDA % Attainment |
|---|---|
| 25% | Below Revised Business Plan |
| 50% | Below Revised Business Plan |
| 75% | 100% of Revised Business Plan |
| 100% | Above Revised Business Plan |
| 125% | Above Revised Business Plan |

Note: The actual metrics for this performance measure will be provided to your management team and our progress will be shared with you on an ongoing basis.

**Company Gross Margin $** – Domestic sales revenue minus cost of goods sold to include discounts, coupons, rebates, promotional finance cost, vendor funding offsets, and inventory adjustment cost.

| Payout % | Attainment % |
|---|---|
| 25% | 85% |
| 50% | 93% |
| 75% | 100% |
| 100% | 105% |
| 125% | 110% |

**Company Expense Reduction** – Measured against budgeted operating expenses (Domestic SG&A or Selling, General & Administrative expenses)

| Payout % | Attainment % |
|---|---|
| 25% | 102% |
| 50% | 101% |
| 75% | 100% |
| 100% | 97% |
| 125% | 95% |

Note: If every Director and above reduced expense by $100,000 we could achieve a payout of 75% or higher. Each of us can greatly impact this measure.

**In Stock** – Percentage of time that products classified as key items, never out of stock skus, or promotional skus are available in stores for customers.
In Stock is defined based on:
1. Actual Display Units >= Planogram Display Units, and
2. Total Closed Box On-Hand Units >= 1 Sellable Closed Box Unit

| Payout % | Attainment Range – Promo / Key Item Never Out |
|---|---|
| 25% | 90% - 91.5% |
| 50% | 91.6% - 93% |
| 75% | 93.1% - 94.5% |
| 100% | 94.6% - 96% |
| 125% | >96.1% |

**At Risk / Distressed Inventory**
- At Risk/Distressed Inventory defined as On Planogram Not Replenished or Not on Planogram Not Replenished
- Average Attainment Goal $ are based on the average of five months of Planned At Risk/Distressed Inventory levels.
- Actual Data extracted from the EDW inventory tables

| Payout % | Average Attainment Goal % |
|---|---|
| 25% | 83.5% to 87.1% |
| 50% | 87.2% to 91.1% |
| 75% | 91.2% to 95.5% |
| 100% | 95.6% to 100% |
| 125% | >100% |

**Payable Days**
Domestic Merchandise Days Payables as calculated below:

$$\frac{\text{Average of Beginning of Period \& End of Period Merchandise Payables}}{\text{Domestic Cost of Goods Sold for Period}} \times \text{\# of Days}$$

Note:
- Payable days will be measured against Q3 results and Q4 results separately and the resulting payout % of both will be averaged.
- Merchants should attempt to negotiate seasonal dating  "longer payment terms" with vendors for shipments  that support holiday sales. These payment terms would revert back to the normal payment days for any orders placed after 12/31/08.

| Payout % | Attainment % |
|---|---|
| 25% | 88% |
| 50% | 94% |
| 75% | 100% |
| 100% | 106% |
| 125% | 112% |

**Customer Experience**
- Based on mystery shop scores that incorporate 5 new or modified questions based on the Store Execution Plan. As many as 10 mystery shops per store will be completed; the measure is based on total company results.
- Metric will be based on improvement over November baseline.
- **Note:** The grid will be finalized once the baseline is established and can be reviewed with the Compensation Committee.

| Payout % | Improvement Over November Baseline |
|---|---|
| 25% | TBD |
| 50% | TBD |
| 75% | TBD |
| 100% | TBD |
| 125% | TBD |

**Team Measures –Calculation**
- Annual Incentive Target $ = FY09 Eligible Earnings x Incentive Target as of December 1[st]
- Team Measure Incentive Target $ = 25% each (2 Team Measures) or 16.67% each (3 Team Measures) x Annual Incentive Target $
- Team Measure Incentive Payout $ (For each Team Measure) = Team Measure Incentive Target $ x payout percent  based on achievement against incentive grid

**Example assuming revised business plan goal is achieved (100% of goal achievement = 75% payout percentage)**
- Annual Incentive Target $ =                                 $60,000 x 10% = $6,000
- Team Measure Target $ =                                     $6,000 x 50% = $3,000
- Individual Team Measure  $ Targets (2 Measures) =          $3,000 x  50% = $1,500
- Team Measure 1 Payout =                                     $1,500 x  75% = $1,200
- Team Measure 2 Payout =                                     $1,500 x 75% = $1,200
- Total Team Measure Payout  $ =                              $1,200 + $1,200 = $2,400

## Individual Performance

An individual's performance will be based on achievement against a documented performance plan that is in writing and submitted by the individual's manager through the performance evaluation (PE) system.  Lack of a submitted performance plan may result in exclusion for this measure of the plan.  The final rating will be used to calculate the incentive payout based on the table below. The final overall rating must be a 3, 4 or 5 to remain eligible for a payout under any measure (team or individual) of the plan.

Source of Performance Data
- Performance evaluation as reported in the performance evaluation system

Formula
- The payout will be calculated using the following matrix.
- The "individual payout %" shown below is based on a normal distribution of PE ratings.  If the performance distribution is skewed with a higher number of 4's and 5's than anticipated then an adjustment to <u>all</u> payouts may need to be made to ensure the total overall payout is funded.

| Final Overall Rating | Individual Payout % |
|:---:|:---:|
| 5 | 120% |
| 4 | 110% |
| 3 | 100% |
| 2 | 0% |
| 1 | 0% |

Calculation
- Annual Incentive Target $ = FY09 Eligible Earnings x Incentive Target as of December 1[st]
- Individual Performance Payout $ = Annual Incentive Target $ x Individual Payout % x Weight (50%) x Adjustment (if necessary)

**Example assuming a Final Rating of 3**
- Annual Incentive Target $ =                       $60,000 x 10% = $6,000
- Individual Performance Payout $ =                 $6,000 x 100% x 50% = $3,000

## Management Incentive Plan Total Payout $

Team Measure Payout $ + Individual Performance Payout $ = $2,400 + $3,000 = $5,400

## Administrative Guidelines

Following are the administrative guidelines that apply to the plan.

### Performance Period

Payments are calculated for a specified and fixed period of time (the "Performance Period") and performance is measured only at the end of the Performance Period. The Performance Period for the Team measures is October 1, 2008 to February 28, 2009, with the exception of payable days which will be measured based on full Q3 and Q4 performance. For the individual measures the performance period is March 1, 2008 to February 28, 2009.

### Eligible Earnings and Incentive Target

* Eligible Earnings are defined as regular base pay earned during the Performance Period. It does not include any premium or differential, cost of living, or other items such as incentive pay, sign-on bonuses, short-term disability, etc.

* The incentive target as of December 1st will be used to calculate the incentive payout. The incentive target is represented as a percentage and is based on the salary level of your position.

### Eligibility

* Status: only full-time associates who are in an incentive eligible position, as of December 1st, are eligible to participate in the plan. Associates hired on or after December 1st are not eligible.

* Termination: The plan is intended to attract and retain associates. Therefore, as a condition of receiving an incentive payout, an associate must remain employed with the Company on a full-time basis through and including the date of payout. An associate who terminates employment for any reason or changes to part-time status prior to the date of payout will not receive a payout, except to the extent required by law.

* Associates on an approved leave of absence of any type on the date of payment may be eligible for incentive payout upon the return to work. As allowed by law, associates who fail to return to work for any reason following an approved leave of absence will not receive a payment under the plan.

* Associates must receive a final overall rating of 3, 4 or 5 to remain eligible for a payout.

### Timing and General Terms

* Payments are calculated and targeted for distribution to associates no later than 2 ½ months after the end of the Performance Period.

* Payroll taxes will be withheld from incentive payments in accordance with federal, state and local law.

* 401(k) and ESPP plan contributions will be deducted from an incentive payment in accordance with an associate's election under each plan and subject to the respective plan limits.

* Health and Welfare deductions will not be taken from an incentive payment.

### General Conditions of the Plan

The Company reserves the right to terminate, amend, modify and/or restate the plan (in whole or in part) at any time and without advance notice.

An eligible participant's employment with the Company is at will and is terminable at any time, with or without cause, and with or without notice. The plan shall not be construed to create a contract of employment for a specified period of time between the Company and the participant.

No incentive will be earned for a Performance Period in which it has been determined that an associate has manipulated the plan, falsified information or engaged in any other conduct that in the opinion of the Company has attempted to thwart, subvert, or contravene the intent of the plan or any other measure or condition of the plan.

Due to the complex nature of variable pay plans it is impossible to cover every aspect. The clarification and resolution of any issue not clear from this plan will be determined at the sole discretion of the President & CEO and/or Senior Vice President of Human Resources.

**Confidential & Proprietary**
FY09 CC05 Turnaround Incentive Plan 10 17 08
Page 5