Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*


## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al., | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |


## NOTICE OF LIQUIDATING TRUST'S FORTY-THIRD OMNIBUS OBJECTION TO LANDLORD AND CONTRACTOR CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)


**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Forty-Third Omnibus Objection to Landlord and Contractor Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to reduce certain claims, reclassify certain claims, and disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim<br>Number | Claim<br>Amount | Reference<br>Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON JUNE 26, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants
Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on June 26, 2012 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on July 10, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**</u>

<u>**Contents**</u>.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

> b.    the claimant's name and an explanation for the amount of the Claim;

c.      a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the

4

Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of <u>www.kccllc.net/circuitcity</u>.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    April 23, 2012

*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
            pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
            acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Exhibit 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**LIQUIDATING TRUST'S FORTY-THIRD OMNIBUS OBJECTION TO
LANDLORD AND CONTRACTOR CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN
INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED
<u>CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)</u>**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files this Forty-Third Omnibus Objection to Landlord and Contractor Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain of Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105, 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as Exhibit A, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the

above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

   3.  On November 12, 2008, the Office of the United States Trustee for

the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

   4.  On November 12, 2008, the Court appointed Kurtzman Carson

Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these

chapter 11 cases pursuant to 28 U.S.C. § 156(c).

   5.  On December 10, 2008, the Court entered that certain Order

Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the

"Claims Bar Date Order").

   6.  Pursuant to the Claims Bar Date Order, the deadline for filing all

"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the

Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the

"General Bar Date"). The deadline for governmental units to file claims that arose before

November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar

Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,

*(cont'd)*

of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date

Order (the "Claims Bar Date Notice").

7.     On December 17 and 19, 2008, KCC served a copy of the Claims

Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy

Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity

holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published

the Claims Bar Date Notice in <u>The Wall Street Journal</u> (Docket No. 1395) and <u>The

Richmond Times-Dispatch</u> (Docket No. 1394).

8.     On November 12, 2008, this Court entered that certain Order

Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims

Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and

Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No.

107)(the "503(b)(9) Bar Date Order").

9.     Pursuant to the 503(b)(9) Bar Date Order, this Court approved the

form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the

503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to the 503(b)(9)

Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim

asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy

Code was on December 19, 2008 (the "503(b)(9) Bar Date").

10.     On November 19, 2008, KCC served a copy of the 503(b)(9) Bar

Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases,

_____
*(cont'd from previous page)*
  LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the

Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No.

549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch

(Docket No. 547).

   11. On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

   12. On April 1, 2009, this Court entered an Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of Notice of Omnibus

Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

   13. On May 15, 2009, the Court entered that certain Order Pursuant to

Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting

Administrative Bar Date and Procedures For Filing and Objecting To Administrative

Expense Request and (ii) Approving Form and Manner of Notice Thereof (Docket No.

3354) (the "First Administrative Claims Bar Date Order").

   14. Pursuant to the First Administrative Claims Bar Date Order, the

deadline for filing all Administrative Expense Requests (as defined in the First

Administrative Claims Bar Date Order) incurred in the period between November 10, 2008

and April 30, 2009 was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant to the First

Administrative Claims Bar Date Order, this Court approved the form and manner of the

claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar

Date Order (the "Claims Bar Date Notice").

15.     On or before May 22, 2009, KCC served a copy of the

Administrative Claims Bar Date Notice on all parties who filed notices of appearance

pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In

addition, the Debtors published the Administrative Claims Bar Date Notice in The

Financial Times (Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969)

and The Wall Street Journal (Docket No. 3968).

16.     On February 18, 2010, the Court entered that certain Order Pursuant

to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting

Second Administrative Bar Date and Procedures For Filing and Objecting To

Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof

(Docket No. 6555) (the "Second Administrative Claims Bar Date Order").

17.     Pursuant to the Second Administrative Claims Bar Date Order, the

deadline for filing all Administrative Expense Requests for the period May 1, 2009

through December 31, 2009 (as defined in the Administrative Claims Bar Date Order) was

5:00 p.m. (Pacific) on March 31, 2010.  Pursuant to the Second Administrative Claims Bar

Date Order, this Court approved the form and manner of the claims bar date notice, which

was attached as Exhibit A to the Second Administrative Claims Bar Date Order (the

"Claims Bar Date Notice").

18.     On or before February 25, 2010, KCC served a copy of the Second

Administrative Claims Bar Date Notice on all parties who filed notices of appearance

pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket No. 6705).  Supplemental

service of the Second Administrative Bar Date Notice was provided by overnight mail to

one party, Brockton Superior Court, on March 26, 2010 (Docket Nos. 7089 and 7535).  In

addition, the Debtors published the Administrative Claims Bar Date Notice in The

Financial Times (Docket No. 6719), The Richmond Times-Dispatch (Docket No. 6717)

and The Wall Street Journal (Docket No. 6718).

      19.     On August 9, 2010, the Debtors and the Creditors' Committee filed

the Plan, which provides for the liquidation of the Debtors' assets and distribution of the

proceeds thereof under chapter 11 of the Bankruptcy Code.

      20.     On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, signed an Order confirming the Plan.

      21.     The Plan became effective on November 1, 2010 (the "Effective

Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the

Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining

assets and distribute the proceeds to creditors, including the prosecution of Causes of

Action and objections to claims.

## OBJECTIONS TO CLAIMS

      22.     By this Objection, the Liquidating Trust seeks entry of an order, in

substantially the form attached hereto as Exhibit A, pursuant to Bankruptcy Code sections

105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

(i) reducing each of the claims identified on Exhibit C attached hereto, (ii) reclassifying

each of the claims on <u>Exhibit D</u> attached hereto, and (iii) disallowing each of the claims identified on <u>Exhibits E</u> through <u>G</u> attached hereto (collectively, the "Claims") for the reasons set forth below.

23.    For ease of reference, attached hereto as <u>Exhibit B</u> is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

**A.    <u>Reduction of Certain Partially Invalid Claims</u>**

24.    The basis for reduction of the claims listed on <u>Exhibit C</u> attached hereto (the "Partially Invalid Claims") is that all of the Partially Invalid Claims assert, in part, amounts for which the Debtors are not liable.

25.    Specifically, after a review of the Partially Invalid Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that certain portions of the Partially Invalid Claims are (i) liabilities already asserted by the Claimants in other claims; (ii) liabilities that have already been satisfied by the Debtors; or (iii) liabilities for which the Debtors dispute liability.  Accordingly, the Liquidating Trust requests that the Partially Invalid Claims identified on <u>Exhibit C</u> be reduced in the manner stated in <u>Exhibit C</u> for the reasons stated therein.

**B.    <u>Reclassification of Certain Misclassified Claims</u>**

26.    The basis for reduction of the claims listed on <u>Exhibit D</u> attached hereto (the "Misclassified Claims") is that the Misclassified Claims are improperly classified.

27.    Specifically, after a review of the Misclassified Claims, the bases

upon which each is asserted, and a review of the Debtors' books and records, the

Liquidating Trust submits that the Misclassified Claims are asserted, in whole or in part,

with incorrect classifications and should be reclassified.  Accordingly, the Liquidating

Trust requests that each Misclassified Claim identified on <u>Exhibit D</u> be reclassified in the

manner set forth in <u>Exhibit D</u>.

**C.      <u>Disallowance of Certain Invalid Claims</u>**

28.      The basis for disallowance of the claims listed on <u>Exhibit E</u> attached

hereto (the "Invalid Claims") is that all of the Invalid Claims assert, in their entirety,

amounts for which the Debtors are not liable.

29.      Specifically, after a review of the Invalid Claims and the bases upon

which each is are asserted, and a review of the Debtors' books and records, the Liquidating

Trust has determined that the Invalid Claims are based on liabilities already asserted by the

Claimants in other claims (i) liabilities that already have been satisfied by the Debtors, or

(ii) liabilities for which the Debtors dispute any liability.  Accordingly, the Liquidating

Trust requests that the Invalid Claims identified on <u>Exhibit E</u> be disallowed for the reasons

stated therein.

**D.      <u>Disallowance of Certain Late Filed Claims</u>**

30.      The basis for disallowance of the claims listed on <u>Exhibit F</u> attached

hereto (the "Late-Filed Claims") is that each such claim was filed after the relevant bar

date.  The disallowance of each of the Late-Filed Claims set forth on <u>Exhibit F</u> is

appropriate under the appropriate Bar Date Order as well as under applicable law.

31.      Bar dates for asserting claims in chapter 11 bankruptcy cases serve

extremely important purposes.  "The requirement of a Bar Date in Chapter 11 enables the

debtor…to establish the universe of claims with which it must deal and the amount of those claims." See In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991). Premised on the imperative purpose of finality of asserting claims against a debtor, courts have not allowed claims filed by creditors after the bar date, absent special circumstances. See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion) ("Because Bean did not timely file his bankruptcy claim after having been given constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003 (c) (2).").

32.     Each Late-Filed Claim was filed in the present cases after the applicable bar date had passed.  Accordingly, pursuant to the applicable Bar Date Order, these Claims are "forever barred, estopped, and permanently enjoined from asserting such claim against the Debtors…."

33.     It is essential for the Liquidating Trust to establish the proper liabilities asserted against the Debtors.  In order to achieve the imperative of finality in the claims process, the Liquidating Trust requests that this Court disallow the Late-Filed Claims in their entirety and for all purposes in these bankruptcy cases.

**E.     Disallowance of Certain Amended Claims**

34.     Exhibit G contains a list of claims that have been rendered moot by the claimant filing a subsequent "amending" claim that supersedes the claim listed on Exhibit G (the "Amended Claims").

35.     The Liquidating Trust objects to the Amended Claims, because, among other reasons, the same claimant subsequently filed an amended claim, the amount and basis of which are the subject of the Amended Claim.  Such repetitive claims should

be disallowed.  The Amended Claims listed on <u>Exhibit G</u> under "Claim to be Disallowed"

should be disallowed for all purposes in these bankruptcy cases.  The claims listed as

"Surviving Claim" on <u>Exhibit G</u> hereto (the "Surviving Superseding Claims") shall remain

in effect and are not affected by this portion of this Objection; <u>provided,</u> <u>however,</u> that

such Surviving Superseding Claims may be the subject of another section of this Objection

or a separate subsequently filed objection.

### <u>RESERVATION OF RIGHTS</u>

36.    At this time, the Liquidating Trust has not completed its review of

the validity of all claims/expenses filed against the Debtors' estates, and reserves the right

to further object to any and all claims, whether or not the subject of this Objection, for

allowance and/or distribution purposes, and on any other grounds, including the right to

modify, supplement and/or amend this Objection as it pertains to any of the Claims

objected to herein.

### <u>NOTICE AND PROCEDURE</u>

37.    Notice of this Objection has been provided to all Claimants with

Claims that are the subject to this Objection as identified on <u>Exhibits C</u> through <u>G</u>,

respectively, and to parties-in-interest in accordance with the Court's Supplemental Order

Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and

Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case

Management and Administrative Procedures (entered on December 30, 2009 at Docket No.

6208) (the "Case Management Order").  The Liquidating Trust submits that the following

methods of service upon the Claimants should be deemed by the Court to constitute due

and sufficient service of this Objection: (a) service in accordance with Federal Rule of

Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil

Procedure 4; (b) to the extent counsel for a Claimant is not known to the Liquidating Trust,

by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form

or other representative identified in the proof of claim form or any attachment thereto; or

(c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's

behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Claimant

with this Objection and the exhibit on which the Claimant's claim is listed.

      38.      To the extent any Claimant timely files and properly serves a

response to this Objection by **4:00 P.M. (Eastern) on June 26, 2012** as required by the

Case Management Order and under applicable law, and the parties are unable to otherwise

resolve the Objection, the Liquidating Trust requests that the Court conduct a status

conference[2] with respect to any such responding claimant at **2:00 P.M. (Eastern) on July

10, 2012** and thereafter schedule the matter for a future hearing as to the merits of such

claim.  However, to the extent any Claimant fails to timely file and properly serve a

response to this Objection as required by the Case Management Order and applicable law,

the Liquidating Trust requests that the Court enter an order, substantially in the form

attached hereto as Exhibit A, reducing the Partially Invalid Claims set forth on Exhibit C,

Reclassifying the Misclassified Claims set forth on Exhibit D, and disallowing the invalid,

late filed, and amended claims set forth on Exhibit E through Exhibit G attached hereto.

---

[2] In accordance with the Omnibus Objection Procedures Order, Claimants who timely respond to the
Objection do not need to appear at the status conference.

**COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
THE OMNIBUS OBJECTION PROCEDURES ORDER**

39.     This Objection complies with Bankruptcy Rule 3007(e).

Additionally, the Liquidating Trust submits that this Objection is filed in accordance with

the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

40.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Motion, the Liquidating Trust requests that the

requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

41.     No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court

deems appropriate.

Dated: Richmond, Virginia
  April 23, 2012

TAVENNER & BERAN, PLC

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER REGARDING LIQUIDATING TRUST'S FORTY-THIRD OMNIBUS
OBJECTION TO LANDLORD AND CONTRACTOR CLAIMS (REDUCTION OF
CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID
CLAIMS, DISALLOWANCE OF CERTAIN LATE-FILED CLAIMS,
AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS)**

THIS MATTER having come before the Court[1] on the Liquidating Trust's Forty-Third Omnibus Objection to Landlord and Contractor Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain of Late Filed Claims, and Disallowance of Certain Amended Claims) (the "Objection"), which requested, among other things, that the claims specifically identified on Exhibit C through Exhibit G attached to the Objection be reduced or disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Claims identified on Exhibit A as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in Exhibit A.

3.    The Claims identified on Exhibit B as attached hereto and incorporated herein are forever reclassified in these bankruptcy cases in the manner stated in Exhibit B.

4.    The Claims identified on Exhibit C through Exhibit E as attached

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

5.      The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

6.      The Liquidating Trust shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
       April __, 2012

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                         - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                         - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                         */s/ Paula S. Beran*
                         Paula S. Beran

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
EXHIBIT B

ALPHABETICAL LISTING OF CLAIMANTS

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Abercorn Common LLLP<br><br>C O LNR PARTNERS LLC<br>1601 WASHINGTON AVE STE 700<br><br><br>MIAMI BEACH, FL 33139 | 12682 | EXHIBIT G: Amended Claims to be Expunged |
| Abercorn Common LLP<br><br>Nicholas W Whittenburg<br>c o Miller & Martin PLLC<br>Volunteer Building Ste 1000<br>832 Georgia Ave<br>Chattanooga, TN 37402 | 13695 | EXHIBIT G: Amended Claims to be Expunged |
| Bank of America NA as successors by merger to LaSalle Bank National Association as Trustee for the Registered Holders of GMAC<br>Peyton Inge<br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br><br>Dallas, TX 75201 | 9449 | EXHIBIT C: Reduction of Certain Partially Invalid Claims |
| Bank of America National Association as Successor by Merger to LaSalle Bank National Association as Trustee for the Registered Holders of CDC Commercial Mortgage Trust 2002 FX1 Commer<br>c o Capmark Finance Inc<br>Peyton Inge<br>700 N Pearl St Ste 2200<br>Dallas, TX 75201 | 11929 | EXHIBIT G: Amended Claims to be Expunged |
| Bank of America National Association as successor by merger to LaSalle Bank National Association fka LaSalle National Bank<br>Peyton Inge<br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br><br>Dallas, TX 75201 | 9734 | EXHIBIT E: Invalid Claims to be Expunged |
| Bank of America National Association as successor by merger to LaSalle Bank National Association fka LaSalle National Bank<br>Peyton Inge<br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br><br>Dallas, TX 75201 | 9721 | EXHIBIT E: Invalid Claims to be Expunged |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Bank of America National Association Successor By Merger to LaSalle Bank National Association fka LaSalle National Bank<br><br>Peyton Inge<br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br><br>Dallas, TX 75201 | 9707 | EXHIBIT E: Invalid Claims to be Expunged |
| Bond Circuit IV Delaware Business Trust<br><br>Mark B Conlan Esq<br>Gibbons PC<br>One Gateway Ctr<br><br>Newark, NJ 07102-5310 | 12765 | EXHIBIT G: Amended Claims to be Expunged |
| BPP WB LLC<br><br>John C La Liberte Esq<br>Sherin and Lodgen LLP<br>101 Federal St<br><br>Boston, MA 02110 | 13046 | EXHIBIT E: Invalid Claims to be Expunged |
| CarMax Auto Super Stores Inc & CarMax Inc<br><br>Paul S Bliley Jr Esq<br>Williams Mullen<br>PO Box 1320<br><br>Richmond, VA 23218-1320 | 14809 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Independence LLC<br><br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | 9413 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Investors 1995 3<br><br>Ronald G Cameron Administrative Trustee<br>1004 Commercial Ave No 353<br><br>Anacortes, WA 98221 | 1665 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Investors 1996 12<br><br>Rick Donald<br>CB Richard Ellis Boulos Property Management<br>One Canal Plz Ste 500<br><br>Portland, ME 04112 | 11985 | EXHIBIT E: Invalid Claims to be Expunged |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| CC Investors 1996 14<br><br>Kamin Realty Company<br>490 S Highland Ave<br><br><br>Pittsburgh, PA 15206 | 11572 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Joliet Trust<br><br>c o Paragon Affiliates Inc<br>1 Paragon Dr Ste No 145<br><br><br>Montvale, NJ 07645 | 7532 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Lafayette LLC<br><br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | 9407 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Madison PJR LLC CC Madison EJR LLC CC Madison TFR LLC & CC Madison JLR LLC<br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | 9416 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Minnetonka LLC<br><br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | 9424 | EXHIBIT E: Invalid Claims to be Expunged |
| CC Roseville LLC<br><br>Attn Eric J Rietz Jr<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | 9417 | EXHIBIT E: Invalid Claims to be Expunged |
| Circuit IL Corp<br><br>Sigmond Sommer Properties<br>279 Birchwood Park Dr<br><br><br>Jericho, NY 11753-2306 | 5027 | EXHIBIT E: Invalid Claims to be Expunged |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| Circuit Investors No 4 Thousand Oaks Limited Partnership<br><br>c o Niclas A Ferland Esq<br>LeClairRyan A Professional Corporation<br>555 Long Wharf Dr 8th Fl<br><br>New Haven, CT 06511 | 8163 | EXHIBIT E: Invalid Claims to be Expunged |
| Circuit PA Corp<br><br>Sigmond Sommer Properties<br>Attn ronald Dictrow<br>279 Birchwood Park Dr<br><br>Jericho, NY 11753-2306 | 12318 | EXHIBIT E: Invalid Claims to be Expunged |
| CMAT 1999 C1 Grand River Avenue LLC<br><br>c o Mindy A Mora<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 S Biscayne Blvd Ste 2500<br><br>Miami, FL 33131 | 5002 | EXHIBIT C: Reduction of Certain Partially Invalid Claims |
| Cousins Properties Incorporated Los Altos Market Center 335932 12<br><br>Attn Dustin P Branch<br>2029 Century Park East 26th Fl<br><br><br>Los Angeles, CA 90067 | 15248 | EXHIBIT E: Invalid Claims to be Expunged |
| Dartmouth Marketplace Associates<br><br>Attn Bobbie Cesterino<br>c o Pegasus Landing Associates<br>1800 Lake Park Dr Ste 103<br><br>Smyrna, GA 30080 | 15259 | EXHIBIT C: Reduction of Certain Partially Invalid Claims |
| Dartmouth Marketplace Associates<br><br>Lawrence M Gold<br>Carlton Fields PA<br>1201 W Peachtree Ste 3000<br><br>Atlanta, GA 30309 | 14868 | EXHIBIT G: Amended Claims to be Expunged |
| ENTERTAINMART<br><br>MARK KANE<br>6515 PEMBERTON DR<br><br><br>DALLAS, TX 75230 | 4913 | EXHIBIT D: Claims to be Reclassified |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| GCCFC 2007 GG9 Abercorn Street Limited Partnership<br><br>5900 N Andrews Ave Ste 625<br><br>Fort Lauderdale, FL 33309 | 15253 | EXHIBIT C: Reduction of Certain Partially Invalid Claims |
| Maryl Pacific Construction Inc<br>Jerrold K Guben Esq<br>O Connor Playdon & Guben LLC<br>773 Bishop St Ste 2400<br><br>Honolulu, HI 96813 | 4336 | EXHIBIT E: Invalid Claims to be Expunged |
| Pembrooke Crossing LTD Prudential 204404 122<br>Attn Dustin P Branch<br>Katten Muchin Rosenman LLP<br>2029 Century Park E 26th Fl<br><br>Los Angeles, CA 90067-3012 | 15247 | EXHIBIT E: Invalid Claims to be Expunged |
| STOR ALL NEW ORLEANS, L L C<br><br>259 LAKE VISTA DR<br><br>MANDEVILLE, LA 70471 | 8573 | EXHIBIT E: Invalid Claims to be Expunged |
| United States Debt Recovery V LP<br><br>940 Southwood Bl Ste 101<br><br>Incline Village, NV 89451 | 12811 | EXHIBIT G: Amended Claims to be Expunged |
| WCC Properties LLC<br>ADI Properties<br>1660 Union St Ste 400<br><br>San Diego, CA 92101 | 13480 | EXHIBIT G: Amended Claims to be Expunged |
| WCC Properties, LLC<br>Douglas A. Scott, PLC<br>1805 Monument Avenue, Suite 311<br><br>Richmond, VA 23220 | 15261 | EXHIBIT F: Late Filed Claims to be Expunged |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| WCC Properties, LLC<br><br>Douglas A. Scott, PLC<br>1805 Monument Avenue, Suite 311<br><br><br>Richmond, VA 23220 | 15261 | EXHIBIT C: Reduction of Certain Partially Invalid Claims |
| WEA Gateway LLC<br><br>c o Niclas A Ferland Esq<br>LeClairRyan A Professional Corporation<br>555 Long Wharf Dr 8th Fl<br><br>New Haven, CT 06511 | 12162 | EXHIBIT C: Reduction of Certain Partially Invalid Claims |
| WEC 96 D Appleton 2 Investment Trust<br><br>Attn Jason Blumberg Esq<br>Loeb & Loeb LLP<br>345 Park Ave<br><br>New York, NY 10154 | 12911 | EXHIBIT E: Invalid Claims to be Expunged |
| WEC 96D Springfield 1 Investment Trust<br><br>Attn Jason Blumberg Esq<br>Loeb & Loeb LLP<br>345 Park Ave<br><br>New York, NY 10154 | 12572 | EXHIBIT E: Invalid Claims to be Expunged |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
EXHIBIT C

REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS

| BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name and Address | Claim Amount | Debtor | Modified Claim Amount | Debtor | Comments |
| 1/30/2009 | 9449 | Bank of America NA as successors by merger to LaSalle Bank National Association as Trustee for the Registered Holders of GMAC Peyton Inge<br><br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br>Dallas, TX 75201 | Unliquidated, but not less than $350,432.06<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | $330,987.71<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Reduce by $19,444.35 for overpaid real estate taxes. |
| 1/21/2009 | 5002 | CMAT 1999 C1 Grand River Avenue LLC<br><br>c o Mindy A Mora<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 S Biscayne Blvd Ste 2500<br>Miami, FL 33131 | $1,046,008.75<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | $877,282.25<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Reduce by $127,694.49 for rejection damages not reflected on debtor's books and records and by $41,032.01 for overpaid real estate taxes. |
| 11/7/2011 | 15259 | Dartmouth Marketplace Associates<br><br>Attn Bobbie Cesterino<br>c o Pegasus Landing Associates<br>1800 Lake Park Dr Ste 103<br>Smyrna, GA 30080 | $639,159.23<br><br>General Unsecured | Circuit City Stores, Inc. | $615,560.74<br><br>General Unsecured | Circuit City Stores, Inc. | Reduce by $23,598.49 for clean-up and repair costs for which the debtor is not liable. |
| 8/2/2011 | 15253 | GCCFC 2007 GG9 Abercorn Street Limited Partnership<br><br>5900 N Andrews Ave Ste 625<br><br>Fort Lauderdale, FL 33309 | $1,448,786.93<br><br>General Unsecured | Circuit City Stores, Inc. | $1,293,626.87<br><br>General Unsecured | Circuit City Stores, Inc. | Reduce by $154,997.85 for rejection damages and by $162.22 for real estate taxes not reflected on the debtor's books and records. |
| 1/9/2012 | 15261 | WCC Properties, LLC<br><br>Douglas A. Scott, PLC<br>1805 Monument Avenue, Suite 311<br><br>Richmond, VA 23220 | $810,533.50<br><br>General Unsecured | Circuit City Stores West Coast, Inc. | $445,361.58<br><br>General Unsecured | Circuit City Stores West Coast, Inc. | Reduce by $10,201.22 for prepetition rent and by $354,970.70 for rejection damages not reflected on debtor's books and records. Claim is also objected to as late filed on Exhibit G. |

| BOOKS AND RECORDS CLAIMS TO BE REDUCED | | | | | MODIFIED CLAIMS | | |
| Date Filed | Claim Number | Name and Address | Claim Amount | Debtor | Modified Claim Amount | Debtor | Comments |
|---|---|---|---|---|---|---|---|
| 3/30/2009 | 12162 | WEA Gateway LLC<br><br>c o Niclas A Ferland Esq<br>LeClairRyan A Professional Corporation<br>555 Long Wharf Dr 8th Fl<br>New Haven, CT 06511 | $275,585.65<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | $255,384.35<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Reduce by $12,604.16 for prepetition rent not reflected on debtor's books and records and by $7,597.14 for overpaid real estate taxes. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
EXHIBIT D

CLAIMS TO BE RECLASSIFIED

| CLAIMS TO BE RECLASSIFIED | | | | | RECLASSIFIED CLAIMS | |
| --- | --- | --- | --- | --- | --- | --- |
| Date Filed | Claim Number | Name  Address | Claim Amount | Debtor | Reclassified Claim Amount | Debtor |
| 1/21/2009 | 4913 | ENTERTAINMART<br><br>MARK KANE<br><br>6515 PEMBERTON DR<br><br>DALLAS, TX 75230 | $29,000.00<br><br>Secured | CIRCUIT CITY STORES, INC. | $29,000.00<br><br>General Unsecured | CIRCUIT CITY STORES, INC. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
EXHIBIT E

INVALID CLAIMS TO BE EXPUNGED

| INVALID CLAIMS TO BE EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Date Filed | Claim Number | Name  Address | Claim Amount | Debtor | Comments |
| 1/30/2009 | 9721 | Bank of America National Association as successor by merger to LaSalle Bank National Association fka LaSalle National Peyton Inge<br><br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br><br>Dallas, TX 75201 | Unliquidated, but not less than<br><br>$256,520.40<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 12911.  Proper claimant is unclear. |
| 1/30/2009 | 9734 | Bank of America National Association as successor by merger to LaSalle Bank National Association fka LaSalle National Peyton Inge<br><br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br><br>Dallas, TX 75201 | Unliquidated, but not less than<br><br>$489,877.00<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 14363.  Proper claimant is unclear. |
| 1/30/2009 | 9707 | Bank of America National Association Successor By Merger to LaSalle Bank National Association fka LaSalle National Peyton Inge<br><br>c o Capmark Finance Inc<br>700 N Pearl St Ste 2200<br><br>Dallas, TX 75201 | Unliquidated, but not less than<br><br>$471,794.40<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 9407.  Proper claimant is unclear. |
| 5/27/2009 | 13046 | BPP WB LLC<br><br>John C La Liberte Esq<br>Sherin and Lodgen LLP<br>101 Federal St<br><br>Boston, MA 02110 | $802,236.19<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 7233.  Proper claimant is unclear. |
| 2/5/2010 | 14809 | CarMax Auto Super Stores Inc & CarMax Inc<br><br>Paul S Bliley Jr Esq<br>Williams Mullen<br>PO Box 1320<br><br>Richmond, VA 23218-1320 | $21,000,363.06<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Debtor shows no liability to this claimant. |
| 1/30/2009 | 9413 | CC Independence LLC<br><br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | $598,308.14<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 9734.  Proper claimant is unclear. |

| | | INVALID CLAIMS TO BE EXPUNGED | | | |
|---|---|---|---|---|---|
| Date Filed | Claim Number | Name  Address | Claim Amount | Debtor | Comments |
| 12/17/2008 | 1665 | CC Investors 1995 3<br><br>Ronald G Cameron Administrative Trustee<br>1004 Commercial Ave No 353<br><br><br>Anacortes, WA 98221 | $387,758.80<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 14515.  Proper claimant is unclear. |
| 3/30/2009 | 11985 | CC Investors 1996 12<br><br>Rick Donald<br>CB Richard Ellis Boulos Property Manage<br>One Canal Plz Ste 500<br><br>Portland, ME 04112 | $688,609.09<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 12013.  Proper claimant is unclear. |
| 2/24/2009 | 11572 | CC Investors 1996 14<br><br>Kamin Realty Company<br>490 S Highland Ave<br><br><br>Pittsburgh, PA 15206 | $863,858.59<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 12004.  Proper claimant is unclear. |
| 1/28/2009 | 7532 | CC Joliet Trust<br><br>c o Paragon Affiliates Inc<br>1 Paragon Dr Ste No 145<br><br><br>Montvale, NJ 07645 | $399,876.03<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 8618.  Proper claimant is unclear. |
| 1/30/2009 | 9407 | CC Lafayette LLC<br><br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | $464,199.33<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 9707.  Proper claimant is unclear. |
| 1/30/2009 | 9416 | CC Madison PJR LLC CC Madison EJR LLC CC Madison TFR LLC & CC Madison JLR LLC<br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | $748,715.58<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 12014.  Proper claimant is unclear. |

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Claim Amount | Debtor | Comments |
|---|---|---|---|---|---|
| 1/30/2009 | 9424 | CC Minnetonka LLC<br><br>Attn Eric J Rietz Esq<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | $724,567.87<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 10030.  Proper claimant is unclear. |
| 1/30/2009 | 9417 | CC Roseville LLC<br><br>Attn Eric J Rietz Jr<br>c/o Priscilla Rietz<br>1355 Lemond Road<br><br>Owatonna, MN 55060 | $554,160.72<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 12012.  Proper claimant is unclear. |
| 1/21/2009 | 5027 | Circuit IL Corp<br><br>Sigmond Sommer Properties<br>279 Birchwood Park Dr<br><br>Jericho, NY 11753-2306 | Unliquidated, but not less than $433,839.27<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 8611.  Proper claimant is unclear. |
| 1/29/2009 | 8163 | Circuit Investors No 4 Thousand Oaks Limited Partnership<br><br>c o Niclas A Ferland Esq<br>LeClairRyan A Professional Corporation<br>555 Long Wharf Dr 8th Fl<br><br>New Haven, CT 06511 | $709,187.54<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 8561.  Proper claimant is unclear. |
| 4/21/2009 | 12318 | Circuit PA Corp<br><br>Sigmond Sommer Properties<br>Attn ronald Dictrow<br>279 Birchwood Park Dr<br><br>Jericho, NY 11753-2306 | $612,522.66<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claims 12425 & 13328.  Proper claimant is unclear. |
| 12/29/2010 | 15248 | Cousins Properties Incorporated Los Altos Market Center 335932 12<br><br>Attn Dustin P Branch<br>2029 Century Park East 26th Fl<br><br>Los Angeles, CA 90067 | $21,429.49<br><br>Admin Priority | Circuit City Stores West Coast, Inc. | Claim filed after claimant signing settlement that no other claims would be allowed. |

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Claim Amount | Debtor | Comments |
|---|---|---|---|---|---|
| 1/22/2009 | 4336 | Maryl Pacific Construction Inc<br><br>Jerrold K Guben Esq<br>O Connor Playdon & Guben LLC<br>773 Bishop St Ste 2400<br><br>Honolulu, HI 96813 | $1,799,467.92<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilitles have been satisfied. |
| 12/29/2010 | 15247 | Pembrooke Crossing LTD Prudential 204404 122<br><br>Attn Dustin P Branch<br>Katten Muchin Rosenman LLP<br>2029 Century Park E 26th Fl<br><br>Los Angeles, CA 90067-3012 | $106,110.51<br><br>Admin Priority | Circuit City Stores, Inc. | Underlying claimed liabilities are also included on claim 12704. |
| 1/29/2009 | 8573 | STOR ALL NEW ORLEANS, L L C<br><br>259 LAKE VISTA DR<br><br>MANDEVILLE, LA 70471 | $617,625.99<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 12023.  Proper claimant is unclear. |
| 4/29/2009 | 12911 | WEC 96 D Appleton 2 Investment Trust<br><br>Attn Jason Blumberg Esq<br>Loeb & Loeb LLP<br>345 Park Ave<br><br>New York, NY 10154 | $842,991.27<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 9721.  Proper claimant is unclear. |
| 4/28/2009 | 12572 | WEC 96D Springfield 1 Investment Trust<br><br>Attn Jason Blumberg Esq<br>Loeb & Loeb LLP<br>345 Park Ave<br><br>New York, NY 10154 | $809,463.25<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | Underlying claimed liabilities are also included on claim 9724.  Proper claimant is unclear. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
EXHIBIT F

LATE FILED CLAIMS TO BE EXPUNGED

| | | LATE FILED CLAIMS TO BE EXPUNGED | | |
|---|---|---|---|---|
| **Date Filed** | **Claim Number** | **Name and Address** | **Claim Amount** | **Debtor** |
| 1/9/2012 | 15261 | WCC Properties, LLC<br><br>Douglas A. Scott, PLC<br><br>1805 Monument Avenue, Suite 311<br><br>Richmond, VA 23220 | $810,533.50<br><br>General Unsecured | Circuit City Stores West Coast, Inc. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
EXHIBIT G

AMENDED CLAIMS TO BE EXPUNGED

| | | AMENDED CLAIMS TO BE EXPUNGED | | | SURVIVING CLAIMS | | |
|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name  Address | Claim Amount | Debtor | Surviving Claim Number | Surviving Claim Amount | Debtor |
| 4/29/2009 | 12682 | Abercorn Common LLLP<br>C O LNR PARTNERS LLC<br>1601 WASHINGTON AVE STE 700<br><br><br>MIAMI BEACH, FL 33139 | $1,448,786.93<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | 15253 | $1,448,786.93<br><br>General Unsecured | CIRCUIT CITY STORES, INC. |
| 4/29/2009 | 12682 | Abercorn Common LLLP<br>C O LNR PARTNERS LLC<br>1601 WASHINGTON AVE STE 700<br><br><br>MIAMI BEACH, FL 33139 | $44,082.75<br><br>Admin Priority | CIRCUIT CITY STORES, INC. | 15253 | $44,082.75<br><br>Admin Priority | CIRCUIT CITY STORES, INC. |
| 6/12/2009 | 13695 | Abercorn Common LLP<br>Nicholas W Whittenburg<br>c o Miller & Martin PLLC<br>Volunteer Building Ste 1000<br>832 Georgia Ave<br>Chattanooga, TN 37402 | $41,819.26<br><br>Admin Priority | CIRCUIT CITY STORES, INC. | 15253 | $44,082.75<br><br>Admin Priority | CIRCUIT CITY STORES, INC. |
| 3/23/2009 | 11929 | Bank of America National Association as S<br>Registered Holders of CDC Commercial M<br>c o Capmark Finance Inc<br>Peyton Inge<br>700 N Pearl St Ste 2200<br>Dallas, TX 75201 | $1,097,798.93<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | 14859 | Unliquidated, but not less than $1,097,798.93<br><br>General Unsecured | CIRCUIT CITY STORES, INC. |
| 4/30/2009 | 12765 | Bond Circuit IV Delaware Business Trust<br>Mark B Conlan Esq<br>Gibbons PC<br>One Gateway Ctr<br><br>Newark, NJ 07102-5310 | Unliquidated, but not less than $1,715,263.14<br><br>Admin Priority | CIRCUIT CITY STORES, INC. | 15019 | Unliquidated, but not less than $1,589,299.95<br><br>General Unsecured | CIRCUIT CITY STORES, INC. |

| AMENDED CLAIMS TO BE EXPUNGED | | | | | SURVIVING CLAIMS | | |
|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name  Address | Claim Amount | Debtor | Surviving Claim Number | Surviving Claim Amount | Debtor |
| 3/18/2010 | 14868 | Dartmouth Marketplace Associates<br>Lawrence M Gold<br>Carlton Fields PA<br>1201 W Peachtree Ste 3000<br><br>Atlanta, GA 30309 | Unliquidated, but not less than $636,909.21<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | 15259 | $639,159.23<br><br>General Unsecured | CIRCUIT CITY STORES, INC. |
| 4/30/2009 | 12811 | United States Debt Recovery V LP<br><br>940 Southwood Bl Ste 101<br><br>Incline Village, NV 89451 | $967,818.00<br><br>General Unsecured | CIRCUIT CITY STORES, INC. | 15046 | $1,141,505.43<br><br>General Unsecured | CIRCUIT CITY STORES, INC. |
| 6/23/2009 | 13480 | WCC Properties LLC<br>ADI Properties<br>1660 Union St Ste 400<br><br>San Diego, CA 92101 | $5,117,498.04<br><br>General Unsecured | CIRCUIT CITY STORES WEST COAST, INC. | 15261 | $810,533.50<br><br>General Unsecured | CIRCUIT CITY STORES WEST COAST, INC. |