| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy:   (310) 201-0760<br><br>*Counsel for the Circuit City Stores, Inc.*<br>*Liquidating Trust* | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:   (804) 783-0178<br><br>*Counsel for the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>(Jointly Administered) |

**MOTION FOR AN ORDER FURTHER EXTENDING THE**
**CLAIMS OBJECTION DEADLINE FOR CERTAIN CATEGORIES OF CLAIMS**

The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), through its Trustee, Alfred H. Siegel, hereby moves the Court (the "Motion") for the entry of an order further extending the Claims Objection Deadline (as hereafter defined) set forth in the Plan (as hereafter defined) for certain categories of claims so that the Trust will have sufficient time to (i) further investigate and analyze an identified group of the great volume of claims filed in these cases before deciding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The current address for these entities is 200 Westgate Parkway, Suite 100, Richmond, VA  23233.

whether objections to the claims are appropriate and (ii) continue to attend to the numerous other activities and tasks required in the administration of the Trust, including the resolution of prior objections to many hundreds of claims that remain outstanding. Pursuant to the Plan, the Claims Objection Deadline was April 30, 2011. However, upon request of the Trust, the Court has previously extended the deadline to April 24, 2012. By this Motion, the Trust requests that the Court extend the deadline for certain categories of claims by an additional 160 days to October 1, 2012. In further support of the Motion, the Trust respectfully represents:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Actions referenced herein will be commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and will be core proceedings under 28 U.S.C. § 157(b).

## GENERAL CASE BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. ("InterTAN Canada") (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act*.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

2

4. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5. On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (the "Claims Bar Date Order"), setting the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity of January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was set as May 11, 2009 (the "Governmental Bar Date").

6. On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (the "503(b)(9) Bar Date Order"), setting a bar date for filing proofs of claim asserting administrative priority claims of December 19, 2008.

7. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

3

8. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (the "Omnibus Objection Procedures Order").

9. On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (the "Administrative Claims Bar Date Order"), setting a deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) of June 30, 2009.

10. On September 10, 2010, the Court entered its Findings of Fact, Conclusions of Law and Order (the "Confirmation Order") Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). Among other matters provided for in the Confirmation Order, in paragraphs 11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors' estates that are to be transferred to the Liquidating Trust on the Effective Date in accordance with the Plan and Liquidating Trust Agreement.

11. Pursuant to the Plan and Confirmation Order, the deadline for requests for payment of Administrative Claims that arose on and after January 1, 2010 up to and through the Effective Date was January 3, 2011 (the "Final Administrative Bar Date").

12. The Plan became effective on November 1, 2010, and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, analyze, investigate, and if appropriate, object to claims, and distribute the proceeds to satisfy the allowed claims of creditors. (See, e.g., Plan, Article V, F. 6(c)(ii) with respect to objections to claims).

13. On November 3, 2010, KCC served a copy of the Notice of (I) Confirmation of Modified Second Amended Joint Plain of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims Under Chapter 11 of the Bankruptcy Code, (II) the Occurrence of the Effective Date and (III) the Deadlines for Filing Administrative Claims, Final Fee Applications and Rejection Damages Claims, which included notice of the Final Administrative Bar Date, on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties.

## PLAN PROVISIONS REGARDING CLAIMS OBJECTIONS

14. The Plan provides, at Article I, B., 1.29, that the

"***Claims Objection Deadline*** means the last day for filing objections to Claims, other than Administrative Claims and Professional Fee Claims, which day shall be the later of (a) one hundred eighty (180) days after the Effective Date or (b) such other date as the Bankruptcy Court may order. The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion; provided that any hearing on said motion is held on or before the date that is no more than thirty (30) days after the Claims Objection Deadline…"

15. Similarly, in Article VI.I.1, the Plan provides: "Except as set forth in this Plan with respect to Administrative Claims, all objections to Claims must be filed and served on the Holders of such Claims by the Claims Objection Deadline, as the same may be extended by

5

the Bankruptcy Court." *See also* Confirmation Order, ¶10 (b).  As the Effective Date of the Plan was November 1, 2010, the Claim Objection Deadline was initially April 30, 2011.

16. On or about March 24, 2011, the Trust, by motion, requested that the Court extend the Claim Objection Deadline to October 27, 2011.  Thereafter, this Court entered an Order (the "First Extension Order") extending the Claim Objection Deadline to October 27, 2011.

17. On or about August 31, 2011, the Trust, by motion, requested that the Court further extend the Claim Objection Deadline to April 24, 2012.  Thereafter, this Court entered an Order (the "Second Extension Order") extending the Claim Objection Deadline to April 24, 2012.

## RELIEF REQUESTED

18. By this Motion, the Trust requests that the Claim Objection Deadline be extended by another 160 days to October 1, 2012 (the "Extended Claims Objection Deadline") with respect to the categories of claims further defined herein.  At this juncture, the Trust submits that, given the numerous other tasks related to the administration of the Trust and the volume and nature of claims and amounts at stake, the Plan's claims objection deadlines and the previous extensions obtained by the Trust were rather aggressive.  The original Claims Objection Deadline was requested by the Creditors Committee in order to incentivize the estates to analyze and object to claims, where appropriate, as expeditiously as possible.

19. It was expressly contemplated that extensions of the Claims Objection Deadline, if warranted, could be obtained by order of this Court.  Indeed, when the Trust

6

requested the Second Extension Order, it did so with the intention of filing all claims objections prior thereto; again, to resolve claims and enable distributions as soon as possible.

20. While the Trust has made tremendous strides in its claims review, has objected to thousands of claims, has made an interim distribution on certain allowed general unsecured claims, and intends to make another interim distribution this Summer, the volume and extensiveness of the Trust's many tasks have, however, made this Motion necessary. Only after extraordinary effort by its staff and counsel, including many long nights and weekends, was it able to meet the March 1, 2011 Administrative Claim Objection Deadline, by which it filed 22 Omnibus objections and approximately 15 single objections to 1,857 administrative, secured or priority claims asserting an aggregate $170,624,523, and 1,092 related unsecured claims, asserting an aggregate $732,888,293. Since the filing of those identified objections, the Trust has filed nine additional omnibus objections. As a result, of the 16,475 claims filed with a total of roughly $13 billion, 11,804 with a value of $11.7 billion have been resolved. 4,671 claims with an aggregate fair amount of $1.1 billion remain subject to review and objection if needed. Of those, approximately 3,700 claims totaling $980,000,000 relate to general unsecured claims. The Trust intends to file several more omnibus objections relating to these claims before the current deadline.

21. In addition, claims have continued to be filed since the established General Bar Date. For example, in the year 2012, additional claims totaling at least $3,229,650 were filed.

22. The task of addressing these remaining unresolved secured, priority and unsecured nonpriority claims is extremely daunting because the Trust's staff and counsel are

already substantially occupied with (a) prosecution of the Trust's over 560 avoidance adversary proceedings (including mediations of those proceedings – to date over 490 of the adversary proceedings have been resolved pursuant to procedures approved by this Court), (b) reconciliation of claimant information and subsequent negotiation of the Trust's objections to the remaining administrative claims and the already filed objections to unsecured claims, and (c) administrative tasks of running the Trust, including financial and tax reporting, support of non-bankruptcy litigation, claims payment, etc.

23.   While counsel is available to assist, provide legal analysis and prepare objections where appropriate, the majority of the work to analyze and evaluate the claims must be done by the Trust's staff of 13 former Circuit City employees who are most familiar with the facts and issues.  Despite the most diligent and tireless efforts of these very capable individuals, it will simply not be possible for them to perform their other numerous duties associated with the administration of the Trust and to properly analyze this volume of claims without an additional extension of the Claims Objection Deadline with respect to the following identified categories:

1) <u>Human Resource related unsecured (priority and nonpriority) Claims (the "HR Claims")</u> – these are the approximately 1,400 claims identified by the Trust as HR Claims.  These HR Claims fall into a number of categories, including but not limited to: a) paid time off, b) short term incentive plan, c) long term incentive plan, d) 401(K)/Pension and e) severance.  While the Trust may file omnibus objections to claims in these categories before the current deadline, it requires additional time to investigate whether other claims that potentially fall into the various categories have been properly labeled and analyzed.  While the Trust has initially reviewed all claims,

8

it seeks additional time to confirm its internal analysis in order to eliminate any unnecessary burden or costs on its former employees;

2) <u>Landlord Claims</u> – these are the claims identified by the Trust as Landlord Claims as to which a claim may have been objected to as being filed against the wrong debtor entity or by the wrong claimant but for which such objection has not been finally resolved and is still pending (the "<u>Identified Landlord Claims</u>");

3) <u>Claims Subject to Pending Objections</u> – these are the claims identified by the Trust as to which a claim may have been objected to for reasons such as late, amends and/or duplicate filings but for which such objection has not been finally resolved and is still pending ("<u>Pending Objection Claims</u>"); and

4) <u>Scheduled Claims</u> – these are approximately 800 claims originally scheduled by any of the Debtors as undisputed (the "<u>Scheduled Claims</u>"). The Trust has reviewed many of the claims originally scheduled as undisputed by the Debtors. Despite matching millions of dollars of Scheduled Claims against filed claims, the Trust remains concerned that there could be duplication between scheduled and filed claims. Furthermore, the Trust has determined that certain Scheduled Claims do not exactly match the information in the Trust's books and records obtained from the Debtors.

## **BASIS FOR RELIEF**

24. The statutory predicate for the relief sought in this Motion is Bankruptcy Code §105 and Bankruptcy Rule 9006(b). Generally, any period of time prescribed for doing an

9

act or giving a notice may be enlarged. *See e.g.* 10 Collier On Bankruptcy ¶ 9006.06[2] at page 9006-14 (15th Ed. Rev. 2001).

25.    Bankruptcy Rule 9006(b)(1) permits the Bankruptcy Court to extend a deadline providing, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order. *Fed. R. Bankr. P. 9006(b)(1).*

26.    Moreover, Bankruptcy Code § 105 grants the Bankruptcy Court broad authority and discretion to take actions and implement procedures necessary to administer a bankruptcy case. *In re Pincus*, 280 B.R. 303, 311 (Bankr. S.D.N.Y. 2002). Bankruptcy judges are invested with broad discretion and considerable flexibility in determining whether to enlarge time periods. *See, e.g., Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994).

27.    Courts in this district routinely grant requests of this nature. *See, e.g.*, *In re LandAmerica Financial Group, et al.*, Case No. 08-35994-KRH (Bankr. E.D. Va. March 22, 2011) (order extending claim objection deadline on trust's third motion); *In re Movie Gallery*, Case No. 07-33849 (Bankr. E.D. Va. August 5, 2009) (order granting second motion to extend time to object to claims); *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Dec. 22, 2009) (order granting fourth motion to extend time to remove actions).

28.    In addition, as noted above, the Plan language establishing the Claims Objection Deadline contemplates extensions of the deadline.  Understanding the Trust's fiduciary duty to expeditiously address claims in the interests of the creditor body, the Plan

10

provides for limited notice of any motion by the Trust to extend the deadline: "Notice of any motion for an order extending the Claims Objection Deadline shall be required to be given only to those Entities that have requested notice in the Chapter 11 Cases, or to such Entities as the Bankruptcy Court shall order." *See* Plan, Article VI.I.1.

29. The Trust's request for an additional 160 day extension of the Claims Objection Deadline for certain claims is warranted and reasonable. The extension of time will essentially provide the Trust staff with additional time to continue to finalize its investigation and analysis of the HR Claims, Identified Landlord Claims, Pending Objection Claims and Scheduled Claims, without exhausting resources necessary to continue (a) prosecution of the remaining adversary proceedings, (b) reconciliation of administrative and other claims already subject to objection, and (c) administrative tasks of running the Trust.

30. The Trust is determined to complete the claims analysis and file any objections as expeditiously as is practicable, in order to facilitate distributions to unsecured creditors. The Trust will file many of the pending objections prior to the current Claim Objection Deadline, but also believes that it will need an additional 160 days to file all remaining objections.

**NOTICE**

31. Notice of this Motion is being provided to parties-in-interest in accordance with the Case Management Order and Article VI.I.1. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

32.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the extension of the Claims Objection Deadline for the HR Claims, the Identified Landlord Claims, the Pending Objection Claims, and the Scheduled Claims as requested in the Motion, and such other and further relief as may be just and proper.

Dated: April 23, 2012

| TAVENNER & BERAN, P.L.C.<br><br>_____/s/ Paula S. Beran_____<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: 804-783-8300<br>Facsimile: 804-783-0178<br>Email: ltavenner@tb-lawfirm.com<br>        pberan@tb-lawfirm.com<br><br>Counsel for the Circuit City Stores, Inc. Liquidating Trust | Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Andrew W. Caine (CA Bar No. 110345)<br>*(admitted pro hac vice)*<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: 310-277-6910<br>Facsimile:  310-201-0760<br>E-mail: jpomerantz@pszjlaw.com<br>         acaine@pszjlaw.com<br><br>Counsel for the Circuit City Stores, Inc. Liquidating Trust |

# **EXHIBIT A**

**(Proposed Order)**

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy:  (310) 201-0760 | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:   (804) 783-0178 |
| *Counsel for the Circuit City Stores, Inc.*<br>*Liquidating Trust* | *Counsel for the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>(Jointly Administered) |

**ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE**

Upon the Motion (the "Motion")[2] of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") for an Order Further Extending the Claims Objection Deadline (the date by which the Trust must object to certain unsecured claims) under the Plan, and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Trust, the bankruptcy estates, the creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. Capitalized terms not defined herein shall have the same definition assigned in the Motion.

3. The Claims Objection Deadline under the Plan is hereby extended for an additional 160 days to October 1, 2012, with respect to the HR Claims, Identified Landlord Claims, Pending Objection Claims and Scheduled Claims.

4. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

5. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____        _____
    Richmond, Virginia                               The Honorable Kevin R. Huennekens
                                                                            United States Bankruptcy Judge

3

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard,  13th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust

**SEEN AND NO OBJECTION:**

_____
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## **CERTIFICATION**

      I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

      _____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

4