TO WHOM IT MAY CONCERN:

RICHMOND DIVISION
FILED APR 23 2012 FILED
CLERK
US BANKRUPTCY COURT

WHEN I WAS DISMISSED FROM CIRCUIT CITY AFTER 10 YEARS OF SERVICE, IT WAS ABSOLUTELY DEVESTATING FOR ME. (SEE ATTACHED DOCUMENTS) I WAS WRONGED, AND SHOULD RECEIVE COMPENSATION FOR ALL OF 2007, PLUS DAMAGES. I WENT THROUGH EXTREME HARDSHIP AFTER I WAS DISMISSED. I ALMOST LOST MY HOUSE AND WAS OUT EVERY DAY PICKING UP ALUMINUM CANS JUST TO HAVE MONEY FOR FOOD. I WAS OUT OF WORK FOR 6 MONTHS.

I WOULD HAVE STILL BEEN WITH CIRCUIT CITY IN 2008 HAD I NOT BEEN DISMISSED. I FEEL THEY OWE ME WHAT MY INCOME (PROJECTED) WOULD HAVE BEEN IN 2008. (JAN 1, 2008 - FEB 16, 2008)

THERE HAS NOT BEEN A DAY IN THE LAST 5 YEARS THAT I HAVE NOT THOUGHT ABOUT CIRCUIT CITY AND WHAT THEY DID.

I SINCERELY HOPE YOU WILL BRING A REASONABLE AND FAIR CONCLUSION TO THIS MATTER AND APPROVE MY CLAIM.

THANK YOU.

Noelle Campbell
NOELLE CAMPBELL
6409 MORGAN DRIVE
LATTA, S.C. 29565
843-601-1746

In re Circuit City Stores, Inc., et al.
Case No. 08-35653 (KRH)

Exhibit B: Books and Records: Expunge

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/19/200 | 1395 | BROWNSVILLE PUBLIC UTILITIES BOARD<br>1425 Robinhood Blvd<br>Brownsville, TX 78521<br>200013950 1 | c o Melida Pinales Collections Supervisor | $2,379.27 | U | CIRCUIT CITY STORES, INC. | $0.00 | CIRCUIT CITY STORES, INC. | According to the Trust's books and records, the alleged liability will be addressed by the related Bond surety company. Objecting to expunge to preserve the rights of the Trust and avoid duplicate payments on the liability. |
| 12/19/200 | 1728 | BROWNSVILLE PUBLIC UTILITIES BOARD<br>1425 Robinhood Blvd<br>Brownsville, TX 78521<br>200017280 1 | c o Melida Pinales Collections Supervisor | $724.84 | U | CIRCUIT CITY STORES, INC. | $0.00 | CIRCUIT CITY STORES, INC. | According to the Trust's books and records, the alleged liability will be addressed by the related Bond surety company. Objecting to expunge to preserve the rights of the Trust and avoid duplicate payments on the liability. |
| 1/9/2009 | 3220 | BUCKEYE LAWN SERVICE INC<br>8666 Columbiana Canfield Rd<br>Canfield, OH 44406<br>200032200 1 | | $894.60 | U | CIRCUIT CITY STORES, INC. | $0.00 | CIRCUIT CITY STORES, INC. | The Trust disputes the basis and validity of this claim in it's entirety. Claimant was subcontracted by another party and has no contractual relationship to the Trust. |
| 12/8/2008 | 819 | CABELL COUNTY COMMUNITY SVCS<br>724 10th AVE<br>HUNTINGTON, WV 25701<br>200081901 | | $864.98 | U | CIRCUIT CITY STORES, INC. | $0.00 | CIRCUIT CITY STORES, INC. | The Trust disputes the basis and validity of this claim in it's entirety. |
| 1/13/2009 | 3529 | CAMPBELL, NOELLE<br>8409 MORGAN DRIVE<br>LATTA, SC 29565-5331<br>200352901 | | $50,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | CIRCUIT CITY STORES, INC. | The Trust disputes the basis and validity of this claim in it's entirety. |
| 1/14/2009 | 3577 | CAPITOL SWEEPING SERVICE INC<br>PO BOX 797<br>SOUTH WINDSOR, CT 06074<br>200357701 | | $851.45 | U | CIRCUIT CITY STORES, INC. | $0.00 | CIRCUIT CITY STORES, INC. | The Trust disputes the basis and validity of this claim in it's entirety. Claimant was subcontracted by another party and has no contractual relationship to the Trust. |

PROJECTED INCOME FOR 2007     $22,445.20

PROJECTED INCOME FOR 2008     2,589.60

(JAN1 - FEB16)

THE OTHER PART OF MY CLAIM IS FOR THE MENTAL ANGUISH + SUFFERING CAUSED BY CIRCUIT CITY.

---

**W-2 Wage and Tax Statement 2007**

| Field | Value |
|---|---|
| b Employer identification number (EIN) | 54-0493875 |
| c Employer's name, address, and ZIP code | CIRCUIT CITY STORES, INC<br>PAYROLL DEPARTMENT<br>9950 MAYLAND DRIVE<br>RICHMOND, VA 23233 |
| 1 Wages, tips, other compensation | 6887.94 |
| 2 Federal income tax withheld | 977.98 |
| 3 Social security wages | 6887.94 |
| 4 Social security tax withheld | 427.05 |
| 5 Medicare wages and tips | 6887.94 |
| 6 Medicare tax withheld | 99.88 |
| 13 Retirement plan | X |
| e Employee's name, address, and ZIP code | NOELLE CAMPBELL<br>PO BOX 746<br>LATTA, SC 29565-0746 |
| a Employee's social security number | 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 |
| 15 State | SC |
| Employer's state ID number | 250302881 |
| 16 State wages, tips, etc. | 6887.94 |
| 17 State income tax | 391.00 |
| 20 Locality name | 3 pro-only |

---

**W-2 Wage and Tax Statement 2007** (second copy)

| Field | Value |
|---|---|
| b EIN | 54-0493875 |
| c Employer | CIRCUIT CITY STORES, INC<br>PAYROLL DEPARTMENT<br>9950 MAYLAND DRIVE<br>RICHMOND, VA 23233 |
| 1 Wages, tips, other compensation | 6887.94 (circled) |
| 2 Federal income tax withheld | 977.98 |
| 3 Social security wages | 6887.94 |
| 4 Social security tax withheld | 427.05 |
| 5 Medicare wages and tips | 6887.94 |
| 6 Medicare tax withheld | 99.88 |
| 13 Retirement plan | X |
| Mailing | 013371<br>JATCIR T44****AUTO**3-DIGIT 295<br>NOELLE CAMPBELL<br>PO BOX 746<br>LATTA, SC 29565-0746 |
| a Employee's SSN | 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 |
| 15 State | SC |
| Employer's state ID | 250302881 |
| 16 State wages | 6887.94 |
| 17 State income tax | 391.00 |



Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA 23233
tel 804.486.4000

## Separation Notification
### March 28, 2007

Circuit City Stores, Inc. has made a business decision, with respect to certain positions, to separate from employment hourly associates whose pay rate is 51 cents or more above the established pay range. As a consequence, your employment with the company will be terminated on March 28, 2007. Effective today, March 28, 2007, you will be released from your job duties and will no longer need to report to work. To ease your transition into the job market, you are being offered a separation package.

Based on your position and length of service, you are eligible for four (4) weeks of separation pay at your current hourly rate of $10.79/hour. The gross amount of this separation pay is $1,726.40. Your separation pay will be processed as a lump sum payment within 30 days of your termination date. If you have chosen direct deposit previously, it will be direct deposited and the paystub mailed to your home address via US mail. If you do not have direct deposit, your check will be mailed to your home address via US mail. In order to receive separation pay, you must fill out the enclosed Associate Information Form and return it in the enclosed self-addressed stamped envelope no later than April 9, 2007.

Enclosed is a handout titled "When Employment Ends - Frequently Asked Questions" that should answer most of your questions regarding your benefits. If you have any questions relating to your specific benefits, please call the Associate Service Center at (800) 288-6353.

We thank you for your service to Circuit City, and sincerely wish you the best of luck in all your future endeavors.


Noelle Campbell
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



*THIS LETTER WAS SENT TO ALL OF US.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite PH/1300
Philadelphia, PA 19107
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Minnie B. Hatcher
32000 Sally Circle
Florence, SC 29501

NOELLE CAMPBELL
6439 MORGAN DRIVE
LATTA, S.C. 29565
Charging Party

CHARGE NUMBER: 436-2007-00679

Circuit City
24000 David Mcleod Blvd.
Florence, SC 29501
    Respondent

### DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination as to the merits of the above-cited charge. Respondent is an employer within the meaning of The Age Discrimination in Employment Act of 1967, as amended, (ADEA). The timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party is one of a group of Charging Parties who alleged that Respondent's March 28, 2007 layoff had a disparate impact on them and on a class of employees in the protected age group (PAG), thereby discriminating against them on the basis of their age. Charging Party contends that Respondent's alleged neutral policy of laying off hourly workers whose rates of pay were more than 50 cents over the market based rate (range), was a mechanism devised to rid the workforce of its older workers. The Charging Party contends that Respondent's financial/business necessity argument is not a reasonable justification, but a subterfuge, as Respondent simultaneously announced the opening of 200 new stores and actively recruited disproportionately younger, inexperienced workers to replace those who had been laid off.

Respondent contends that Charging Party's allegations are unfounded and that on March 28, 2007, it implemented a company-wide initiative which affected certain hourly associates who were being paid in excess of the pay range appropriate for that associate's position. Further, Respondent stated that the implementation of this initiative was a direct result of Circuit City's business need to reduce expenses.

**Based on an analysis of the statements and documents provided, I have determined that the evidence establishes a violation of the ADEA for the following reasons:**

An analysis of Respondent's demographics revealed that prior to the layoff Respondent employed 33,880 employees. Of those employees, only 7.5% were in the protected age group compared to 92.5% who were age 39 and under. The analysis revealed that Respondent laid off 10% of its workforce as a result of the company wide initiative. The analysis shows that 43.3% of the PAGs were laid off compared to only 7.3% of the non-PAGs. Therefore, individuals over 40 were disproportionately represented in the layoff

The investigative file contains testimony that store managers admitted to the fact that older employees were making too much money and they were told to hire younger, inexperienced individuals. One store manager admitted that he heard that certain managers were told to hire younger employees. An Analysis of new hires revealed a disproportionate number of non-PAGS were being hired. In fact, Respondent offered its post-layoff, predominately non-PAG, workforce monetary incentives if they referred a friend to work. Documents produced corroborated immediate pressure to recruit and hire. Managers were told that they could not address rehiring individuals who had been laid off for at least 10 weeks even if the former employee stated he/she would work for a significantly less wage. One manager stated that Respodent sent out letters for rehire (in the Fall, 2007) when they realized things did not work as planned and they could not operate the stores effectively with so many untrained and inexperienced staff. It was only at that time that letters were sent to former employees and they were invited back for rehire as a "new employee" at a lower wage, with no seniority and no retroactive benefits. In the course of the investigation it was also found that some younger employees that met the criteria for lay off were retained. Therefore, the Commission believes that older workers were subjected to disparate treatment as well as adverse impact.

The information in the investigative file indicates that Respondent failed to produce any information in response to whether there were any age based impact studies done before, during or after the March 28, 2007 layoff. Further, Respondent presented no information as to whether it explored alternatives to the lay-offs/reduction in force after examining any adverse impact studies on individuals in the protected age group. The Commission can find no evidence that Respondent carried its burden of persuasion as to the reasonableness of the non-age factor alleged. The Commission believes that an employer defending a disparate-impact claim under the ADEA bears not only the burden of production (articulation of the justification), but also the burden of persuasion on the "reasonable factor other than age" (RFOA) issue. In other words, the employer failed to convince the Commission by a preponderance of the evidence that the asserted RFOA was actually reasonable. The ageist comments, under represented population of PAGS, active recruiting of younger employees with incentives, hiring of a disproportionate number of non-PAG's and actual and planned opening of new stores, is suspect and willful ageist behavior which outweighs Respondent's portrayal of a company laying off employees to cut cost.

It is the Commission's finding that the above results show adverse impact and/or disparate treatment against Charging Party and a class of older workers which is practically and statistically significant. It is determined, therefore, based on a review and analysis of the record, that there is reasonable cause to believe that a violation of the ADEA has occurred.

Upon finding that there is reason to believe that violations have occurred, the Commission now attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this finding, any reasonable offer to resolve this matter will be considered. The Commission is seeking all available relief under the ADEA, including liquidated damages on behalf of each Charging Party and claimant. A Commission representative will forward to Respondent a monetary demand under separate cover. Again, the Commission is postured to consider any reasonable offer during this period. If an offer has not been previously submitted, Respondent is requested to accept, reject, or submit a counteroffer within two weeks of its receipt of that Conciliation proposal. The confidentiality provisions of the statute(s) and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

_March 5, 2009_
Date

On behalf of the Commission

_William O. Cork_ (signature)
Marie M. Tomasso
District Director

cc: James N. Boudreau (for Respondent)

TO WHOM IT MAY CONCERN:

PLEASE SEE ATTACHED DOCUMENTS:

COVER LETTER
COPY OF SEPARATION FROM CIRCUIT CITY
W-2 FROM 2007
PROJECTED INCOME FOR 2007
PROJECTED INCOME FOR 2008 (JAN 1 - FEB 16)
LETTER FROM FEDERAL EEOC
ORIGINAL CLAIM