IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT TO VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED
APR 23 2012
CLERK
US BANKRUPTCY COURT

In re:   
CIRCUIT CITY STORES, INC, et al.

DEBTORS

Chapter 11   
Case No. 08-35653-KRH   
(Jointly Administered)

## CLAIMANTS "RESPONSE"
## TO DEBTORS THIRTY FIRST OMNIBUS OBJECTION TO CLAIMS
## (DISALLOWNACE OF CERTAIN INVALID CLAIMS)

### Facts of the Claim

As Claimant # 11481 Miss Gloria E. Scarnati, resident of Pittsburgh PA has an unsecured amount against the above debtors of record in The United States Bankruptcy Court of Eastern Virginia in this matter and declares as follows:

1. Miss Scarnati received the Debtors above Motion to this Court on April 12, 2012 stating that they intend to expunge the General Unsecured Claim which she had filed against the Debtor after discovery that Circuit City had filed for Bankruptcy in 2005.
2. Claimant asks that this Court overrule the Objections made by the Debtors against her Claim for the following reasons:
   a. Her claim against the Debtors is for $1439.09 for the injure she sustained on 12, 2008. The Debtors delivered a used reconditioned broken T.V. to her residence instead of the new one that had been purchased please see (Exhibit A). The amount of her claim is for the price of a new (price in 2008) T. V. with VCR & DVD player like the one purchased but never received from the Debtor. A Protection Plan was also purchased, see (Exhibit A). Her Protection Plan at #PVDM2794 started on 3/26/05 and ended on 3/26/2010 during which all that time Debtors have been in Bankruptcy Court.
3. The Debtors attorneys have stated that Miss Scarnati's claim is invalid in their Objection but have failed to give a detailed explanation as to why they make this Objection. Claimant cannot respond because their Objection is general but not specific. They merely state "the Claimant has asserted liability which <u>allegedly</u> arose from a 2005 purchase ticket with warranty." When they use the word allegedly are they stating this incident never happened? when claimant has all the documentation to prove all her statements? If this is what they

Page 1 of 5

are saying they are slandering and libeling Claimant. If attorneys are stating that the Statute of Limitations ran out because she purchased an item in 2005 they can't use this defense either since the Protection Plan purchased from Debtors didn't end until years after Debtors had filed their Bankruptcy case. The Plan expired on March 26, 2010. Further as Claimant stated previously in a past "Response" on January 13, 2009 she filed a Complaint in Pittsburgh PA at her local Magistrates office which" stays" the Statute of Limitations from running, please see (Exhibit B). Her case was to be heard on April 8, 2009. Please see (Exhibit C)

4. However on February 22, 2009 she received a court document from Kevin Halverson stating the Debtors had filed Bankruptcy and to file a claim form .She has already stated in her previous filings that she called the Court to request a Claim Form from this Court but didn't receive it until 2 weeks later. She signed & completed it on February 16 and mailed it by Certified Mail on February 26, 2009. If this Court didn't send her the claim form on time Claimant can't be held responsible for this. If the claim period had expired why did this Court send her a claim form? That would attach liability to the clerk's office of this Court. However, the Small Claims Complaint timely filed and singed on January 13, 2009 at the Magistrate stays the Statute of Limitations and meets the deadline requirement of January 30, 2009 for injuries sustained by Debtors.

5 Lastly if the Debtors were taking money from customers for Protection Plans that they knew they would never honor because they intended to file for Bankruptcy this would be considered a fraud case and if claimant does not receive the amount she requested she will contact the appropriate department. Claimant was told in 2005 by the BBB that the company had 7305 complaints against it. In conclusion Claimant believes everyone would agree that she should get a larger sum than what she originally requested since prices for T. V.'s have increased since 2005. But she will certainly leave this to the discretion of this Court. If more document proof is required please request it.

Wherefore, for all the forgoing reasons Claimant prays this Court Overrule Debtors Objections to her claim and thanks you in advance for your kindness.

RESPECTFULLY submitted,

_____
Miss Gloria E Scarnati, Claimant #11481
3567 Mountain View Dr #119
Pittsburgh PA 15122-2447
gscarnati@gmail.com

Page 2

## CERTIFICATE OF SERVICE

I Claimant Miss Gloria E. Scarnati, do hereby certify that a true and correct copy of my Response to their Objection was served upon the Debtors Counsel in the above captioned matter by US First Class Mail postage paid by Claimant and addressed to the following:

Clerk of the Bankruptcy Court
US Bankruptcy Court 701 East Broad St
Rm 4000 Richmond VA 23219

Jeffrey N. Pomerantz
Andrew W. Caine
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd
Los Angeles Ca 90067-4100

Lynn L. Tavenner
Paula S. Beran
Tavenner & Beran, PLC
20 North Eight St 2nd Fl
Richmond VA 23219

RESPECTFULLY submitted,

_____
Miss Gloria E. Scarnati, Claimant #11481
3567 Mountain View Dr #119
Pittsburgh PA 15122-2447
gscarnati@gmail.com

Dated: April 15th 2012

**EXIBET A**




Circuit City Stores, Inc.

Orig Date 03/24/05

CUSTOMER COPY

Ticket
361702084075

| | Trans# | Register | Cashier |
|---|---|---|---|
| | 361702084078 | | 217776 |

Total Taxable        $   524.97
Sales Tax            $    35.75
TOTAL PURCHASE       $   561.72
BALANCE              $     0.00

THIS IS NOT AN ORIGINAL TICKET - REPRINT
The Cityadvantage Protection Plan for Home and Car Electronics (CCP) for the PAN PVDM2784 starts 03/26/05 and expires 03/26/10. For service, call 1-888-333-3333. Refer to the Comprehensive Service Guide for information and Terms and Conditions.

** Our delivery team is scheduled to deliver your item(s) on 03/26/05.

** This sales receipt and the accompanying Terms and conditions constitute your Cityadvantage Protection Plan.

**Title**
It is expressly agreed that transfer of title of merchandise to customers and commencement of any manufacturer warranty period of items upon actual physical transfer of possession of goods to customer.

You may be eligible to earn Circuit City Reward Points! Apply for a Circuit City Rewards Credit Card today. See a store associate for details.

Return Guarantee
If you're not completely satisfied with a product, Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted below.

Digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanners, and radar detectors must be returned within 14 days of the sale date, and (except where otherwise required by law) are subject to a 15% restocking

**COMMONWEALTH OF PENNSYLVANIA**  
**COUNTY OF:** ALLEGHENY

**EXHIBIT**  **CIVIL COMPLAINT**

| Mag. Dist. No.: | 05-2-18 |
|---|---|
| MDJ Name: Hon. | JOHN N. BOVA |
| Address: | WALLACE SCHOOL BUILDING<br>41 MACEK DRIVE<br>PITTSBURGH, PA 15227 |
| Telephone: | (412) 881-1996 |

**PLAINTIFF:** NAME and ADDRESS  
Miss Gloria Scarnati  
Mailing address only: 3567 Mountain View Dr #119  
Pittsburgh PA 15122-2447

**vs.**

**DEFENDANT:** NAME and ADDRESS  
Def #1 Circuit City Stores Inc ET AL  
Def #2  Justin Flook ET AL  
9950 Mayland Drive  
Richmond VA 23233

|  | AMOUNT | DATE PAID |
|---|---|---|
| FILING COSTS | $ | / / |
| POSTAGE | $ | / / |
| SERVICE COSTS | $ | / / |
| CONSTABLE ED. | $ | / / |
| TOTAL | $ | / / |

Docket No.: CV 64-09  
Date Filed: 2-10-09

/ Pa.R.C.P.D.J. No. 206 sets forth those costs recoverable by the prevailing party.

TO THE DEFENDANT: The above named plaintiff(s) asks judgment against you for $ 1439.00 together with costs upon the following claim (Civil fines must include citation of the statute or ordinance violated): After plaintiff purchased a new 27"screen Panasonic T.V with a DVD/VHS players and a Protection Plan from defendants defendants delivered defective reconditioned(repaired)T.V.to plaintiffs Brentwwod residence instead. Plaintiff reported problems to defendants within first 2 days but defendants deni[ed] it was defective or reconditioned.Then the DVD player broke & since defendants [wo]uldn't fix it plaintiff was entitled under the protection plan to get a new T.V [D]efendants breached the protection plan terms by refusing to replace what plainti[ff] [pa]id before.Defendants wanted to downgrade the screen size & refused to give plain[t]iff a DVD/VHS players altogether,causing injury to plaintiff because she is with[ou]t a DVD player & a properly working T.V. since September 12,08.BBB stated compa[ny] [ha]s 7305 complaints against it & federal gov took action against co in April 08. [Co]st for plaintiff to replace what she had is the amount of suit above.

I, Gloria Scarnati, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) related to unsworn falsification to authorities.

(Signature of Plaintiff or Authorized Agent)   2/13/09

Plaintiff's Attorney: None    Address:  
Telephone:

**IF YOU INTEND TO ENTER A DEFENSE TO THIS COMPLAINT, YOU SHOULD NOTIFY THIS OFFICE IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER. YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.

EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: **ALLEGHENY**

**CIVIL ACTION HEARING NOTICE**

| Mag. Dist. No.: | 05-2-18 |
|---|---|
| MDJ Name: Hon. | JOHN N. BOVA |
| Address: | WALLACE SCHOOL BUILDING |
| | 41 MACEK DRIVE |
| | PITTSBURGH, PA |
| Telephone: | (412) 881-1996    15227 |

PLAINTIFF: NAME and ADDRESS
SCARNATI, MISS GLORIA
3567 MOUNTAIN VIEW APT/STE 119
WEST MIFFLIN, PA 15122-2447

VS.

DEFENDANT: NAME and ADDRESS
CIRCUIT CITY STORES INC ET AL, ET A
9950 MARYLAND DRIVE
RICHMOND, VA 23233

MISS GLORIA SCARNATI
3567 MOUNTAIN VIEW APT/STE 119
WEST MIFFLIN, PA 15122-2447

Docket No.: CV-0000064-09
Date Filed: 2/10/09

---

A civil complaint has been filed against you in the above captioned case. A hearing has been set in this matter for:

| Date: | 4/08/09 | Place: | DISTRICT COURT 05-2-18 |
|---|---|---|---|
| Time: | 2:00 PM | | WALLACE SCHOOL BUILDING |
| | | | 41 MACEK DRIVE |
| | | | PITTSBURGH, PA 15227 |
| | | | 412-881-1996 |

## NOTICE TO DEFENDANT

**If you intend to enter a defense to this complaint, you should so notify this office immediately at the above telephone number.**

**YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

Pursuant to Pa.R.C.P.D.J. No. 342(B)(2), no claim by the defendant will be permitted in a supplementary action filed for failure of judgment creditor to enter satisfaction.

## NOTICE TO PLAINTIFF

Pursuant to Pa.R.C.P.D.J. No. 318, you or your attorney will be notified if the defendant gives notice of his/her intention to defend.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.

DATE PRINTED:    2/10/09    12:06:04 PM