Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| - - - - - - - - - - - - - - | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**MOTION TO FILE UNDER SEAL CERTAIN AGREEMENTS WITH
PNY TECHNOLOGIES, INC.**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated

12304-001\DOCS_NY:22772.1
DOCS_LA:233353.2  46346-001

Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-captioned cases, hereby moves (the "Motion") for entry of an order substantially in the form of Exhibit A hereto, pursuant to sections 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Liquidating Trust to file certain documents under seal. In support of the Motion, the Liquidating Trust respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018.

## GENERAL BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
*(cont'd)*

2

"Creditors' Committee").

4. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

5. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

6. The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including entering into settlement agreement, the prosecution of Causes of Action and objections to claims.

**BACKGROUND REGARDING RELATIONSHIP OF CIRCUIT CITY AND PNY**

7. Prior to the commencement of the Debtors' bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

8. While the parties had prior business dealings going back to at least 2001, on May 16, 2006, Circuit City and PNY Technologies, Inc. ("PNY") entered into a "Master Dealer Agreement."  In addition, over the course of their relationship, Circuit City and PNY entered into numerous side agreements, addenda and letter agreements, both

---

*(cont'd from previous page)*
  LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

subject to, and outside of, the terms of the Master Dealer Agreement, including that certain Product Addendum dated August 8, 2006 (the "Product Addendum").

9. On December 16, 2008, PNY filed Claim No. 1723 (the "Claim") against Circuit City seeking payment of damages claimed in certain litigation it commenced against Circuit City prior to the Petition Date.

10. Concurrently herewith, the Liquidating Trust is filing an objection to the Claim, and the substance therein incorporates certain aspects of the Master Dealer Agreement and Product Addendum, which previously were identified by PNY and Circuit City as confidential.

## RELIEF REQUESTED

11. By this Motion, the Liquidating Trust respectfully requests entry of an order pursuant to section 107(b) and Bankruptcy Rule 9018 granting the Liquidating Trust leave to file under seal the Master Dealer Agreement and Product Addendum.

## BASIS FOR RELIF

12. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.
> . . . .

11 U.S.C. § 107(b)(1).

13. In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

4

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

14. In granting relief under section 107(b) of the Bankruptcy Code, "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedies if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Lomas Fin. Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (*quoting Press-Enterprise I*, 464 U.S. 501, 510 (1984)); *see also In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

15. Due to the confidential and/or proprietary and sensitive nature of the Master Dealer Agreement and the Product Addendum, the Liquidating Trust respectfully submits that good cause exists for the relief requested.

16. Pursuant to this Court's CM/ECF Policy 6 -- Sealed Documents, revised as of November 21, 2011, copies of the Master Dealer Agreement and Product

Addendum will be provided in a sealed envelope for *in camera* review if so requested by the Court. The proposed order attached hereto provides that upon entry, the documents ordered sealed will be filed by the Liquidating Trust electronically, using the sealed document docketing event in the Court's ECF system.

17. The Liquidating Trust proposes to serve this Motion upon PNY and all parties receiving this document electronically through the Court's ECF system. The Liquidating Trust submits that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

18. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

19. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order in the form attached hereto as Exhibit A and grant the Liquidating Trust such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia  TAVENNER & BERAN, PLC
     April 24, 2012

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
(310) 277-6910

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

# CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of April, 2012, I caused a copy of the foregoing Motion to be served in accordance with the Case Management Order and via first-class mail, postage prepaid, to the following:

    PNY Technologies, Inc.
    c/o Registered Agent
    The Corporation Trust Company
    Corporation Trust Center
    1209 Orange Street
    Wilmington, DE 19801

Gadi Cohen
Chairman of the Board, CEO and President
PNY Technologies, Inc.
299 Webro Road
Parsippany, NJ 07054-0218

McCarter & English, LLP
Attn:   Clement J. Farley
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
    Counsel for PNY Technologies, Inc.

McCarter & English, LLP
Attn:  Michael J. Reynolds
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
    Counsel for PNY Technologies, Inc.

Neil E. McCullagh
Spotts Fain PC
411 East Franklin Street
Suite 600
Richmond, VA 23218-1555
    Counsel for PNY Technologies, Inc.

      */s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esquire (VA. Bar No. 30083)
Paula S. Beran, Esquire (VA. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

# EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy:   (310) 201-0760 | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:   (804) 783-0178 |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - -    x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC., et al., :  Case No. 08-35653 (KRH)
                               :
              Debtors.         :
- - - - - - - - - - - - - -    :    Jointly Administered
                               X
```

**ORDER AUTHORIZING THE LIQUIDATING TRUST'S MOTION TO FILE
UNDER SEAL CERTAIN AGREEMENTS WITH PNY TECHNOLOGIES, INC.**

THIS MATTER having come before the Court[2] on the *Motion to File Under Seal*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

9

*Certain Agreements with PNY Technologies, Inc.* (the "Motion") filed by the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust, pursuant to the *Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, seeking an order, pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, wherein the Liquidating Trust requested authority to file certain documents under seal; and the Court having reviewed the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

    1.    The Motion is GRANTED.

    2.    The Liquidating Trust is authorized to file the Master Dealer Agreement and Product Addendum under seal and to file the same with the Court electronically, using the sealed document docketing event in the Court's ECF system.

    3.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
      April __, 2012

                                  _____
                                  HONORABLE KEVIN R. HUENNEKENS
                                  UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


*/s/ Lynn L. Tavenner*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
(310) 277-6910
                - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner