# Wagner & Finn
### Attorneys at Law

Michael J. Wagner  
Thomas P. Finn

153 Lakemont Park Blvd.  
Altoona, PA 16602  
(814) 944-4700  
(814) 944-3705 Fax  
www.wagfinn.com

*Please reply to Altoona Office*

April 25, 2012

Ebensburg Office:  
103 S. Center St. - 2nd Floor  
Ebensburg, PA 15931  
(814) 472-7833



Clerk of Court  
United States Bankruptcy Court  
710 East Broad Street, Suite 4000  
Richmond, VA 23219

      **In re: Circuit City, Inc.**  
          **Case No. 08-35653**

Dear Sirs:

      Enclosed please find for filing the Response of Carole Kaylor relative to Liquidating Trust's Thirtieth Omnibus Objection of Certain Claims (Disallowance of Certain Valid Claims) relative to this matter.

      Thank you for your attention to this matter.

                                      Sincerely,

                                      Thomas P. Finn

TPF/cam  
Enclosure  
cc:    Lynn L. Tavenner, Esquire *(w/enc)*  
       Paula S. Beran, Esquire *(w/enc)*  
       Jeffrey N. Pomerantz, Esquire *(w/enc)*  
       Andrew W. Caine, Esquire *(w/enc)*  
       Carole Kaylor *(w/enc)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:                                          :
                                                :    CHAPTER 11
                                                :
CIRCUIT CITY STORES, INC., et al                :
          Debtors                               :    CASE NO. 08-35653-KRH


**RESPONSE OF CAROLE KAYLOR, C/O THOMAS P. FINN, ESQUIRE, TO
LIQUIDATING TRUST'S THIRTIETH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN VALID CLAIMS)**

AND NOW, comes Carole Kaylor, c/o Thomas P. Finn, Esquire, and files the foregoing Response to Liquidating Trust's Thirtieth Omnibus Objection of Certain Claims (Disallowance of Certain Valid Claims) averring as follows:

1. The claimant, Carole Kaylor, has filed a claim for personal injury in the amount of $35,000.00. This claim arose on February 6, 2009 in a parking lot outside of a Circuit City Store in Altoona, Pennsylvania. On that date, Ms. Kaylor slipped on an accumulation of ice located on curbing adjacent to her vehicle in the parking lot. This resulted in a significant injury to Ms. Kaylor in the form of a displaced fracture of her left wrist. As a result thereof, she was required to undergo a surgical procedure which included the insertion of hardware.

2. Since Ms. Kaylor's claim arose after the date the Debtor filed bankruptcy, November 10, 2008 as alleged by Debtor, and arose after January 30, 2009, the claim bar date alleged by Debtor, the claim of Carole Kaylor is an administrative claim not governed nor barred by the claim bar date originally set by this Honorable Court. Additionally, Carol Kaylor never received any formal or legal notice of this bankruptcy.

3. Pursuant to a February 14, 2012 Order of this Honorable Court establishing a supplemental bar date for payment of administrative expenses for specified individuals, including Carole Kaylor, Ms. Kaylor received a letter dated February 17, 2012 wherein she was advised of a need to file a claim with the Court no later than March 30, 2012. A true and correct copy of this Honorable Court's Order and the letter issued to Ms. Kaylor are attached hereto as Exhibit "1".

4.   Ms. Kaylor, C/O Thomas P. Finn, Esquire, filed a claim which was filed with this Honorable Court under cover of correspondence dated February 29, 2012. A true and correct copy of the February 29, 2012 letter, Proof of Claim and Summary of Claim are attached hereto as Exhibit "2". Therefore, Carole Kaylor fully complied with the February 14, 2012 Order of this Honorable Court.

5.   To the extent that the Debtor is attempting to dismiss, expunge or in any way remove this timely filed Administrative Claim of Carole Kaylor, it is clearly improper and inappropriate since Carole Kaylor timely filed her Administrative Claim consistent with the terms and conditions of the Court's February 14, 2012 Order.

WHEREFORE, Carole Kaylor respectfully request this Honorable Court overrule, deny and dismiss Liquidating Trust's Thirtieth Omnibus Objection to Claims as it pertains to Carole Kaylor's claim.

## VERIFICATION

I, Carole Kaylor, certify that the statements in this Response to Liquidating Trust's Thirtieth Omnibus Objection of Certain Claims (Disallowance of Certain Valid Claims) are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

*Carole Kaylor* (signature)
Carole Kaylor
c/o Thomas P. Finn, Esquire
WAGNER & FINN
153 Lakemont Park Boulevard
Altoona, PA 16602
Telephone: (814) 944-4700
Facsimile: (814) 944-3705
Email: tfinn@wagfinn.com
Pa. Attorney I.D. No. 61960



# PACHULSKI STANG ZIEHL JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

February 17, 2012

Carole Kaylor
2701 Fairway Dr.
Altoona, PA  16602

Re:   In re Circuit City, Inc.
      Case No. 08-35653

Dear Ms. Kaylor:

As you are probably aware, Circuit City, Inc. and various of its affiliated entities (collectively, the "Former Debtors") filed for protection under chapter 11 of the United States Bankruptcy Code on November 10, 2008, with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), administered under Case No. 08-35653. On September 14, 2010, the Bankruptcy Court entered its order confirming the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") and establishing the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"). The Plan became effective on November 1, 2010.

The Liquidating Trust, pursuant to the Plan and the Confirmation Order, is duly authorized to investigate, prosecute, enforce, compromise, settle, adjust, collect or otherwise dispose of claims and causes of action on behalf of, or against, the Former Debtors.  It has come to the attention of the Liquidating Trust that you have asserted a personal injury claim against one or more of the Former Debtors and that such alleged claim arose after the November 10, 2008 petition date.  Further, the Liquidating Trust's research suggests that you did not receive the official Notice of the deadline for filing claims that arose after the petition date.

This letter shall serve as notice that (1) you must file a claim with the ~~Bankruptcy Court~~ if you wish to pursue your claim against

EXHIBIT
"1"

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES

Carole Kaylor
Page 2

the Former Debtors, and (2) the deadline for filing your claim with the Bankruptcy Court is **MARCH 30, 2012**. If you choose to file a claim, you must do so in writing with the Bankruptcy Court at:

> Clerk of Court
> United States Bankruptcy Court
> 710 East Broad Street, Suite 4000
> Richmond, Virginia 23219

or electronically at www.vaeb.uscourts.gov.

You must serve a copy of your request of your claim on counsel for the Liquidating Trust at the below address:

> Lynn L. Tavenner, Esq.
> Paula S. Beran, Esq.
> TAVENNER & BERAN, PLC
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia 23219

and

> Andrew W. Caine, Esq.
> PACHULSKI STANG ZIEHL & JONES LLP
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, California 900676-4100

If you have any questions regarding the above, please contact Andrew Caine at 310.277.6910 or acaine@pszjlaw.com.

Very truly yours,

/s/ Andrew Caine

SEM:
Enclosure

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy:  (310) 201-0760<br><br>*Counsel to Circuit City Stores, Inc.*<br>*Liquidating Trust* | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:   (804) 783-0178<br><br>*Counsel to Circuit City Stores, Inc.*<br>*Liquidating Trust* |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| Debtors. | : (Jointly Administered) |

### NOTICE OF ORDER ESTABLISHING SUPPLEMENTAL BAR DATE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES FOR SPECIFIED INDIVIDUALS AND RELATED RELIEF

Pursuant to an Order Establishing a Supplemental Bar Date for Filing Requests for Payment of Administrative Expenses for Specified Individuals and Other Related Relief (the "Order"), please find attached the Order and a related notice that was sent to your client.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

*Counsel to Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| Debtors. | : (Jointly Administered) |

### ORDER ESTABLISHING SUPPLEMENTAL BAR DATE
### FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE
### EXPENSES FOR SPECIFIED INDIVIDUALS AND RELATED RELIEF

Upon the Motion (the "Motion")[2] of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") for an Order Establishing a Supplemental Bar Date for Filing Requests for Payment of Administrative Expenses for Specified Individuals and Other Related Relief; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Trust, the beneficiaries thereof, and other parties in interest; and upon the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2]    Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

.1    The Motion is GRANTED.

.2    On or before February 17, 2012, the Trust shall serve a copy of this Order, along with the Letter Notice, on each Limited PI Claimant.

.3    Limited PI Claimants must file an Administrative Claim Request on or before March 30, 2012.

.4    Administrative Claim Requests shall be filed in writing with the Bankruptcy Court at:

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street, Suite 4000
> Richmond, Virginia 23219,

or electronically at www.vaeb.uscourts.gov;

and served on:

> Lynn L. Tavenner, Esq.
> Paula S. Beran, Esq.
> TAVENNER & BERAN, PLC
> 20 North Eighth Street, 2nd Floor
> Richmond, VA 23219
> Email: ltavenner@tb-lawfirm.com
> Email: pberan@tb-lawfirm.com

> – and –

> Andrew W. Caine, Esq.
> PACHULSKI STANG ZIEHL & JONES LLP
> 10100 Santa Monica Boulevard, 11th Floor
> Los Angeles, California 90067-4100
> Email: acaine@pszjlaw.com

2

Office of the United States Trustee:

Office of the United States Trustee for the Eastern District of Virginia
Attn: Robert B. Van Arsdale
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

.5  Any Limited PI Claimant that is required, but fails, to file an Administrative Claim Request in accordance with the procedures set forth in this order on or before March 30, 2012, shall be forever barred, stopped, and enjoined from asserting any Administrative Expense against the Debtors and/or the Trust, and the Debtors and the Trust (a) shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or the Trust on account of such Administrative Expense.

.6  The Trust shall have until May 29, 2012 to file an objection to any Administrative Claim Request filed pursuant to this Order.

.7  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: __Feb 14 2012__
       Richmond, Virginia

/s/ Kevin R. Huennekens
The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

Entered on Docket: Feb 14 2012

3

**WE ASK FOR THIS:**

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

*/s/ Paula S. Beran*

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

4

# Wagner & Finn
### Attorneys at Law

Michael J. Wagner
Thomas P. Finn

153 Lakemont Park Blvd.
Altoona, PA 16602
(814) 944-4700
(814) 944-3705 Fax
www.wagfinn.com

*Please reply to Altoona Office*

Ebensburg Office:
103 S. Center St. - 2nd Floor
Ebensburg, PA 15931
(814) 472-7833

February 29, 2012

Clerk of Court
United States Bankruptcy Court
710 East Broad Street, Suite 4000
Richmond, VA 23219

        **In re: Circuit City, Inc.**
        **Case No. 08-35653**

Dear Sirs:

    Pursuant to the February 17, 2012 notification of counsel for the Debtor, enclosed please find for filing a Proof of Claim on behalf of Carole Kaylor with all corresponding attachments.

    Thank you for your attention to this matter.

                                Sincerely,

                                Thomas P. Finn

TPF/cam
Enclosures
cc:    Lynn L. Tavenner, Esquire
       Paula S. Beran, Esquire
       Andrew W. Caine, Esquire
       Carole Kaylor

**EXHIBIT "2"**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

Debtor against which claim is asserted :  (Check only one box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Carole Kaylor**

Name and address where notices should be sent:
Thomas P. Finn, Esquire
153 Lakemont Park Blvd.
Altoona, PA  16602

Telephone number: 814-944-4700

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:   $ **Claim arose after 1/30/09 - $35,000**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **Personal Injury**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **4266**

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____   Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____    Basis for perfection: _____

   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 2/05/2012

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Carole V. Kaylor    814-941-7519
Carole V. Kaylor
2701 Fairway Dr, #1C  Altoona, Pa 16602

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07)- Cont.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   3a. **Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or to view your filed proof of claim you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

CAROLE KAYLOR VS. CIRCUIT CITY STORES, INC.

CASE NO. 08-35653

SUMMARY OF CLAIM

On February 6, 2009, Carole Kaylor was in the parking lot outside of a Circuit City Store in Altoona, PA. On that date, Ms. Kaylor slipped on an accumulation of ice located on curbing adjacent to her vehicle in the parking lot. This resulted in a significant injury to Ms. Kaylor in the form of a displaced fracture of her left wrist. As a result thereof, she was required to undergo a surgical procedure which included the insertion of hardware. Ms. Kaylor was treated at Blair Orthopedics for this injury. Her last treatment relative to this matter occurred on July 8, 2009 when she underwent a follow-up x-ray. Attached hereto are copies of all medical records, photographs and bills which outline Ms. Kaylor's medical treatment and damages. As you will note, the majority of these bills have been paid by UPMC Health Plan who has asserted a subrogation lien in the amount of $5,923.29. I am also enclosing a patient ledger from Blair Orthopedics and Innovative Resource Management, a contractor of the Altoona Regional Health System. These items documents out-of-pocket co-pays issued by Ms. Kaylor which total $591.81.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:                                  :
                                        :    CHAPTER 11
CIRCUIT CITY STORES, INC., et al        :
        Debtors                         :    CASE NO. 08-35653-KRH

**CERTIFICATE OF SERVICE**

I, Carole Kaylor hereby certify that on the 25th day of April, 2012 I caused a true and correct copy of the Response to Liquidating Trust's Thirtieth Omnibus Objection of Certain Claims (Disallowance of Certain Valid Claims) to be served upon the parties listed below via first class mail:

*Original*
Clerk of the Bankruptcy Court
United States Bankruptcy Court
710 East Broad Street, Suite 4000
Richmond, VA 23219

*One (1) Copy*
Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Jeffrey N. Pomerantz, Esquire
Andrew W. Caine, Esquire
PACHULSKI STANG ZIEHL & JONES, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100

_/s/ Carole Kaylor_
Carole Kaylor
c/o Thomas P. Finn, Esquire
WAGNER & FINN
153 Lakemont Park Boulevard
Altoona, PA 16602