IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 Proceeding |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Case No. 08-35653-KRH |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**RESPONSE OF SOUTH CAROLINA ELECTRIC & GAS COMPANY TO
LIQUIDATING TRUST'S THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS**

NOW COMES South Carolina Electric & Gas Company ("SCE&G"), by and through its undersigned attorneys, and responds to the *Liquidating Trust's Thirty-First Omnibus Objection to Claims (Disallowance of Certain Invalid Claims)* (the "Objection") [Dkt. No. 11809]. In support of its response, SCE&G represents to the Court as follows:

**STATEMENT OF FACT**

1. SCE&G is a South Carolina utility company that provided prepetition utility services to the Debtors at several of the Debtors' retail store locations in South Carolina.

2. On November 10, 2008, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.[1]

3. On December 10, 2008, the Court entered the Claims Bar Date Order establishing January 30, 2009 as the deadline for filing prepetition claims against the Debtors.

4. On January 29, 2009, SCE&G timely filed a proof of claim in the amount of $22,706.87 for prepetition utility services (the "Claim"), which was designated as Claim Number

---

[1] Capitalized terms not otherwise defined shall have the meaning set forth in the Objection.

Neil E. McCullagh, Esquire (VSB #39027)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
SPOTTS FAIN PC
P.O. Box 1555
Richmond, Virginia 23218
Phone: (804) 697-2000
Facsimile: (804) 697-2194
Counsel for South Carolina Electric & Gas Company

8619 on the claims register maintained by KCC, the Debtors' claims agent in these cases. A copy of the Claim is attached hereto as Exhibit "A" and incorporated herein by reference.

5. On March 30, 2012, the Trust filed the Objection, which seeks to have the Claim disallowed, and asserts that the Debtors are not liable for the Claim. The particular basis for disallowance of the Claim set forth in the Objection is as follows: "According to the Trust's books and records, the claim is disputed in full based on pending deposits and/or post-petition overpayments on account."

## LEGAL ARGUMENT

6. A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992); Surety Administrators, Inc. v. Guadalupe (In re Guadalupe), 365 B.R. 17, 20 (D. Conn. 2007); Fed. R. Bankr. P. 3001(f).

7. To overcome this *prima facie* evidence, the objecting party must bring forward evidence, which, if believed, would refute at least one of the allegations essential to the claim. Reilly v. Novak, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Wells, 51 B.R. 563, 566 (D. Colo. 1985). If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain the ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence. In re Allegheny International, Inc., 954 F.2d 167, 174 (3rd Cir. 1992). The objector must offer actual evidence sufficient to rebut the claim's presumed validity. In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994).

8.    Here, the Claim included prepetition invoices for the amounts due and owing to SCE&G for prepetition utility services, which establishes *prima facie* evidence of the Claim's validity.

9.    The Objection, on the other hand, fails to offer any actual evidence rebutting the claim's presumed validity, instead relying on the bare assertion that the Claim should disallowed based on vague "pending deposits and/or post-petition overpayments" without providing any information regarding the date or amount of such alleged deposits/overpayments.  The result is that the Objection does not sufficiently refute the Claim and therefore should be overruled as to the Claim.

10.    Furthermore, even if the Debtors' vague assertion of "pending deposits and/or post-petition overpayments was sufficient to refute the validity of the Claim, as set forth in the Declaration of Michelle Brabham, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference, SCE&G is not holding any deposit or postpetition overpayment that the Debtors can use to offset against the Claim.

11.    First, as of the Petition Date, SCE&G did not hold any deposit with respect to the Debtor's utility accounts.  Therefore, there is no prepetition deposit that could be offset against the Claim.

12.    Second, while SCE&G received a postpetition deposit from the Debtors as adequate assurance of payment pursuant to § 366, such postpetition adequate assurance deposit has been applied solely to outstanding postpetition invoices and, where the postpetition invoices were less than the remaining adequate assurance deposit at the time the accounts were closed (creating a credit balance), the deposit was refunded to the Debtors.

13. Similarly, to the extent that the Debtors may have made any postpetition overpayment, such an overpayment was applied to postpetition invoices or, where there was a net credit balance on the Debtors' accounts at the time they were closed, refunded to the Debtors. As a result, SCE&G has no "pending deposits and/or post-petition overpayments" that could serve as a basis from disallowance of the Claim.

## CONCLUSION

The Claim filed by SCE&G constitutes *prima facie* evidence of the Claim's validity and amount, the Objection fails to set forth any facts that rebut the underlying merits of the claim, and the Objection's purported basis for disallowance of the claim is factually in error.  Therefore, SCE&G requests that the Court overrule the Objection and deem the Claim allowed in the full amount as filed.

Respectfully submitted,

SOUTH CAROLINA ELECTRIC & GAS COMPANY

By: /s/ Neil E. McCullagh
        Counsel

Neil E. McCullagh, Esquire (VSB #39027)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
SPOTTS FAIN PC
P.O. Box 1555
Richmond, Virginia 23218
Phone: (804) 697-2000
Facsimile:  (804) 697-2194

and

David B. Wheeler, Esquire
MOORE & VAN ALLEN PLLC
40 Calhoun Street, Suite 300
Post Office Box 22828
Charleston, SC  29413-2828
Phone: (843) 579-7000
Facsimile: (843) 579-8727

Counsel for South Carolina Electric & Gas Company

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2012 a true and correct copy of the foregoing Response of South Carolina Electric & Gas Company to Liquidating Trust's Thirty-First Omnibus Objection to Claims was electronically filed with the clerk of the court by using the CM./ECF system, which will send a notice of electronic filing to all parties designated to receive electronic notice via the Court's CM/ECF system, and to the parties listed below via electronic and/or first-class, postage prepaid U.S. mail.

Jeffrey N. Pomerantz, Esquire
Andrew W. Caine, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219

/s/ Neil E. McCullagh