UNITED STATES BANKRUPTCY COURT FOR
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  )
        )
        )
CIRCUIT CITY STORES, INC.   )   Chapter 11
        )   CASE NO. 08-35653-KRH
        )
        )
Debtor. )
        )

# CREDITOR JOSEPH SKAF'S RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN INVALID CLAIMS, DOCKET 11808]

COMES NOW, Creditor Joseph Skaf, through his undersigned counsel, pursuant to Fed. R. Brankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], and responds to the Debtors' Thirtieth Objection to Claims [Disallowance of Certain Invalid Claims] [Docket No. 11808] and states as follows:

**Argument**

1. The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2008 and continue to manage their affairs as debtors-in-possession.

2. On December 19, 2008, Creditor Joseph Skaf and other names plaintiffs Miguel Perez and Gustavo Garcia filed a lawsuit on behalf of themselves and all other entertainment managers, technology managers, sales managers, service and installation managers, and operations managers employed by Debtors seeking overtime compensation, compensation for missed meal and rest breaks, waiting time penalties and attorneys'

fees under California law. The class action-styled case, which is entitled *Skaf, Perez and Garcia v. Circuit City, Inc.*, is filed in the Los Angeles Superior Court, Case No. BC 404195. Creditor Joseph Skaf seeks to represent all California-based entertainment managers, technology managers and sales managers who were employed by Debtors and who were not paid overtime compensation, or provided meal and rest breaks.

3. On January 13, 2009, pursuant to this Court's Order regarding creditor claims, Creditor Joseph Skaf - through his counsel - filed a timely creditor claim with the bankruptcy administrator, Kurtzman Carson Consultants.

4. Debtors are in exclusive possession of the information necessary for Creditor Skaf to value this claim in any more detail. Specifically, Debtors hold the payroll, employment and time records, including the pay rates and number of weeks worked by Creditor Skaf.

5. Further, since Debtors' filing of its voluntary petition, the trial court proceedings of Creditor Skaf have been stayed under Code of Civil Procedure section 916 and also pursuant to the federal bankruptcy law "automatic stay" rules. Due to the automatic stay, Creditor's counsel is prohibited from conducting discovery on any issues (certification, merits or damages) against Debtors that would be necessary to further evaluate Creditor Skaf's claim with more particularity.

6. Debtors' counsel has informed Creditor's counsel that this will be a "liquidating" bankruptcy. In addition, Debtors' counsel informed Creditor Skaf that given Debtors' limited financial resources, matters that would otherwise be returned to trial court(s) are being kept in the Bankruptcy Court in order to curb the cost of litigating claims.

7. Debtors' Objection, which seeks to disallow the claims of Creditor Skaf is improper. Creditor Skaf is prepared to respond in detail to any factual or legal grounds that Debtor believes would tend to support disallowance of this claim, yet without such information he is "shadow boxing" – unable to understand, let alone respond to, contentions and arguments that have to date not been disclosed. With its Objection, Debtors essentially seek to disallow Creditor Skaf's claims for reasons that are completely unknown. The

only basis for the objection is the unremarkable conclusion that Debtor has decided the claims have no merit. This kind of ipse dixit argument is as unsurprising as it is unhelpful to the Court's ability to make a fair determination of the claim.

8. These claims arise under California law. Similar to federal law, wages have always been afforded special status in California. The California Supreme Court has recently explained the strong public policy supporting claims of this nature:

> The public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established: 'Delay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public.' (*Kerr's Catering Service v. Department of Industrial Relations* (1962) 57 Cal.2d 319, 326) California has long regarded the timely payment of employee wage claims as indispensable to the public welfare: "It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due. [Citations.] An employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee." (*In re Trombley* (1948) 31 Cal.2d 801, 809-810; see *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137 [statute criminalizing prompt payment violations shows "the policy involves a broad public interest, not merely the interest of the employee"].)

*Smith v. Superior Court* (2006) 39 Cal.4th 77, 82.

In another case, the California Supreme Court explained:

> Considerations of sound public policy buttress our conclusion. Labor Code section 1194 confirms "a clear public policy ... that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers." (citation omitted) As defendant's own authority reminds us, California's overtime laws are remedial and are to be construed so as to promote employee protection. (citation omitted.) And, as we have recognized, "this state has a public policy which encourages the use of the class action device." (citation omitted.) "'By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation."

*Sav-on Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 340.

9. This creditor is prepared to respond to any specific factual and/or legal arguments that pertain to a fair determination of this claim. Otherwise, expunging this claim at this stage based on Debtors' obtuse objection would be improper.

Respectfully submitted,

Dated: May 2, 2012     **RIGHETTI GLUGOSKI, P.C.**

/s/Michael Righetti

———————————

Matthew Righetti
Attorney for Creditor

# PROOF OF SERVICE

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Thursday, May 03, 2012 I served the foregoing document described as:

**CREDITOR JOSEPH SKAF'S RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN INVALID CLAIMS, DOCKET 11808]**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

Paula Steinhilber Beran
Travenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, Virginia 23219
pberan@tb-lawfirm.com

Robert J. Feinstein
Pachulski Stang Ziehl and Jones
780 Third Avenue
New York, NY 10017
rfeinstein@pszjlaw.com

(X)  **VIA ECF ELECTRONIC MAIL**
By emailing the above documents referenced to the recipients listed herein.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, May 03, 2012, at San Francisco, California.

*Sarah Minkus*
Sarah Minkus

PROOF OF SERVICE