Kevin R. McCarthy, VSB 14273
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
(703) 770-9261
krm@mccarthywhite.com

*Attorneys for Entergy*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case Nos. 08-35653-KRH** |
| **Debtors.** | **(Jointly Administered)** |

## RESPONSE TO LIQUIDATING TRUST'S THIRTIETH OMNIBUS OBJECTION TO CLAIMS
## (DISALLOWANCE OF CERTAIN INVALID CLAIMS)

Entergy Arkansas, Inc., Entergy Gulf States LA LLC, Entergy Louisiana LLC, Entergy Mississippi, Inc. and Entergy Texas Inc. (together "Entergy") hereby respond to the Response to Liquidating Trust's Thirtieth Omnibus Objection, and states as follows:

### Entergy's Proof of Claim

1. Entergy timely filed proofs of claim for each of its above operating entities in the above-captioned case. A true and correct copy of the receipt acknowledging the Proofs of Claim submitted is attached as Exhibit "B."

### The Objection to Entergy's Proof of Claim

2. The stated objection to Entergy's Proofs of Claim is that "according to the trustee's books and records the claim is disputed in full based on pending deposits and/or post-

1

petition overpayments". Entergy disputes the Objections conclusions. No other objection to Entergy's Proofs of Claim is made.

## Argument

3. Entergy's Proofs of Claim were filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Pursuant to Fed. R. Bankr. P. 3001(f), Entergy's Proofs of Claim are prima facie valid. *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[p]roperly filed and executed proof of claim constitutes prima facie evidence of the validity of the claim"); *accord In re Allegheny Int'l, Inc., et. al.*, 954 F.2d 167, 173 (3d Cir. 1992).

4. In this case, the original amounts of the Entergy's proofs of claim in the registry were correct as of the filing. Entergy separated the pre and post petition accounting by setting up new account numbers effective the 11/10/08 bankruptcy filing date. Entergy's claims were filed for the amounts due (less cash deposits on hand) without consideration of any pending surety bond payments. The surety bond claims were not paid until 11/30/09. Entergy's claims may be reduced by the amount of the surety bond claims paid, although SAFECO Insurance Company might well be entitled to an assignment of the claims for SAFECO's $53,815.53 in payments. The net result is that only Entergy Mississippi was paid in full with the combination of cash and surety claim. The other Entergy jurisdictions still have combined $52,486.06 remaining claims that should not be eliminated by this objection. A copy of the various accounts and the application of payments is attached as Exhibit A.

5. In order to overcome this validity, the party opposing the claim must present evidence equal in force to the prima facie case. *See In re Allegheny Int'l*, 954 F.2d at 173. The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." *In re Glenn*, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of

2

an objection." *In re Lanza*, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standards since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. The objection must document with probative evidence to satisfy the burden of going forward." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982).

6.     The Objection only alleges generally, without substantiation, that nothing is owed to Entergy.

7.     The Objection did not attach any documents, such as copies of the Debtors' books and records, to substantiate the objection to Entergy's claim. A debtor's books and records entries, when presented alone, are insufficient evidence to overcome a properly filed proof of claim's prima facie evidence of validity. *See In re Michigan-Wisconsin Transp. Co.*, 161 B.R. 628, 637 (Bankr. W.D. Mich. 1993) (holding that in the absence of any evidence other than a books and records objection, the objection to claim must be overruled). *See also, In re Good Hope Industries, Inc.*, 16 B.R. 719, 721 (Bankr. D. Mass. 1982) (holding that basing an objection on the fact that Debtor's books and records did not reflect the amounts claimed was impertinent when the proof of claim was supported with adequate documentation); *In re Systems Comm., Inc.*, 234 B.R. 143, 144 (Bankr. M.D. Fla. 1999) ("A debtor's book and record entries, presented alone, cannot be binding on a creditor. Accordingly, the Objection does not overcome the prima facie validity of Entergy's Proofs of Claim, and, consequently, Entergy's properly filed claims should be allowed as reflected herein.

WHEREFORE, Entergy respectfully requests that this Court enter an Order (i) denying the Objection, (ii) allowing Entergy's claims in the amounts indicated and (iii) for such other relief is appropriate.

Dated: May 3, 2012                    McCarthy & White, PLLC

3

                              By:    /s/ Kevin R. McCarthy
                                      Kevin R. McCarthy, VSB 14273
                                      William Douglas White DC 224592
                                      McCarthy & White, PLLC
                                      1751 Pinnacle Drive, Suite 1115
                                      McLean, VA 22102
                                      (703) 770-9261
                                      krm@mccarthywhite.com

                                      Attorneys for Entergy

Kevin R. McCarthy, Va. Bar No. 14273
William Douglas White
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA  22102
Tel: (703) 770-9261
Fax: (703) 770-9266

Attorneys for Entergy

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May 2012, I caused a true and correct copy of Entergy, Inc.'s and Pepco Holding's Inc.'s Response to Liquidating Trust's Thirtieth Omnibus Objection to be served via U.S. mail, first class postage prepaid, on:

    Jeffrey N. Pomerantz, Esq.
    Andrew W. Caine, Esq.
    (admitted *pro ace vice*)
    PACHULSKI STANG ZIEHL & JONES, LLP
    10100 Santa Monica Boulevard
    Los Angeles California 90067-4100
    Telephone: (310) 277-6910
    Telecopy: (310) 201-0760

    Lynn L. Tavenner, Esq. (VA Bar No. 30083)
    Paula S. Beran, Esq. (VA Bar No. 34679)
    TAVENNER & BERAN, PLC
    20 North Eighth Street, 2nd Floor
    Richmond, Virginia 23219
    Telephone: (804) 783-8300
    Telecopy: (804) 783-0178

    Office of United States Trustee
    701 E. Broad St., Suite 4304
    Richmond, VA 23219

                                           /s/ Kevin R. McCarthy