Kevin R. McCarthy, VSB 14273
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
(703) 770-9261
krm@mccarthywhite.com

*Attorneys for ACE and Delmarva*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case Nos. 08-35653-KRH** |
| **Debtors.** | **(Jointly Administered)** |

## RESPONSE TO LIQUIDATING TRUST'S THIRTIETH OMNIBUS OBJECTION TO CLAIMS
## (DISALLOWANCE OF CERTAIN INVALID CLAIMS)

Atlantic City Electric Co. ("ACE) and Delmarva Power ("Delmarva") (together "Claimants") hereby respond to the Liquidating Trust's Thirtieth Omnibus Objection, and state as follows:

### Claimants' Proof of Claim

1. Claimants timely filed proofs of claim in the above-captioned case.

### The Objection to Claimants' Proof of Claim

2. The stated objection to the Proofs of Claim is that "according to the trustee's books and records the claim is disputed in full based on pending deposits and/or post-petition overpayments". Claimants dispute the Objection's conclusions. No other objection to the Proofs of Claim is made.

**Argument**

3.  Claimants' Proofs of Claim were filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Pursuant to Fed. R. Bankr. P. 3001(f), Claimants' Proofs of Claim are prima facie valid. *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[p]roperly filed and executed proof of claim constitutes prima facie evidence of the validity of the claim"); *accord In re Allegheny Int'l, Inc., et. al.*, 954 F.2d 167, 173 (3d Cir. 1992).

4.  Claimants separated the pre and post petition accounting by setting up new account numbers effective as of the 11/10/08 bankruptcy filing date. A copy of the various pre-petition accounts and the current status of those accounts are attached as Exhibit A. The total amount still owing to Claimants is $49,631.32.

5.  In order to overcome the prima facie validity of Claimants' claims, the party opposing the claim must present evidence equal in force to the prima facie case. *See In re Allegheny Int'l*, 954 F.2d at 173. The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." *In re Glenn*, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof is on the objecting [party], not the claimant. That burden is not satisfied by the mere filing of an objection." *In re Lanza*, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standards since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. The objection must document with probative evidence to satisfy the burden of going forward." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982).

6.  The Objection only alleges generally, without substantiation, that nothing is owed to Claimants.

7. The Objection did not attach any documents, such as copies of the Debtors' books and records, to substantiate the objection to Claimants' claim. A debtor's books and records entries, when presented alone, are insufficient evidence to overcome a properly filed proof of claim's prima facie evidence of validity. *See In re Michigan-Wisconsin Transp. Co.*, 161 B.R. 628, 637 (Bankr. W.D. Mich. 1993) (holding that in the absence of any evidence other than a books and records objection, the objection to claim must be overruled). *See also, In re Good Hope Industries, Inc.*, 16 B.R. 719, 721 (Bankr. D. Mass. 1982) (holding that basing an objection on the fact that Debtor's books and records did not reflect the amounts claimed was impertinent when the proof of claim was supported with adequate documentation); *In re Systems Comm., Inc.*, 234 B.R. 143, 144 (Bankr. M.D. Fla. 1999) ("A debtor's book and record entries, presented alone, cannot be binding on a creditor. Accordingly, the Objection does not overcome the prima facie validity of Claimants' Proofs of Claim, and, consequently, Claimants' properly filed claims should be allowed as reflected herein.

WHEREFORE, Claimants respectfully requests that this Court enter an Order (i) denying the Objection, (ii) allowing Claimants' claims in the amounts indicated and (iii) for such other relief is appropriate.

Dated: May 3, 2012                             McCarthy & White, PLLC

                                               By:   /s/ Kevin R. McCarthy
                                                     Kevin R. McCarthy, VSB 14273
                                                     William Douglas White DC 224592
                                                     McCarthy & White, PLLC
                                                     1751 Pinnacle Drive, Suite 1115
                                                     McLean, VA 22102
                                                     (703) 770-9261
                                                     krm@mccarthywhite.com

                                               Attorneys for ACE and Delmarva

Kevin R. McCarthy, Va. Bar No. 14273

William Douglas White
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA  22102
Tel: (703) 770-9261
Fax: (703) 770-9266

Attorneys for ACE and Delmarva

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May 2012, I caused a true and correct copy of the Response of Atlantic City Electric and Delmarva Power to Liquidating Trust's Thirtieth Omnibus Objection to be sent through the Court's electronic filing system to::

    Jeffrey N. Pomerantz, Esq.
    Andrew W. Caine, Esq.
    (admitted *pro ace vice*)
    PACHULSKI STANG ZIEHL & JONES, LLP
    10100 Santa Monica Boulevard
    Los Angeles California 90067-4100
    Telephone: (310) 277-6910
    Telecopy: (310) 201-0760

    Lynn L. Tavenner, Esq. (VA Bar No. 30083)
    Paula S. Beran, Esq. (VA Bar No. 34679)
    TAVENNER & BERAN, PLC
    20 North Eighth Street, 2nd Floor
    Richmond, Virginia 23219
    Telephone: (804) 783-8300
    Telecopy: (804) 783-0178

    Office of United States Trustee
    701 E. Broad St., Suite 4304
    Richmond, VA 23219

                                        /s/ Kevin R. McCarthy