IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et. al.,<br><br>Debtors. | **DECLARATION AND RESPONSE BY CLAIMANT CITY OF SAN RAFAEL TO LIQUIDATING TRUST'S THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS, WITH RESPECT TO CITY OF SAN RAFAEL CLAIM NO. 2000566701**<br><br>**CASE NO. 08-35653 (KRH)** |

Declarant VICTOR GASSER, on behalf of Claimant City of San Rafael, a municipality in the State of California, hereby files this Declaration and Response to the objection by the Liquidating Trust to the City of San Rafael's claim, as follows:

1. Declarant is a Business License Examiner in the Finance Department of the City of San Rafael, a municipality in the State of California.

2. San Rafael Municipal Code Sections 8.20.160 and 8.20.165, copies of which are attached as Exhibit "A", of which the City asks the Court to take judicial notice, provide that a protected area alarm shall constitute a public nuisance if it actuates three (3) or more false alarms in any calendar year, and that in the case of such nuisance false alarms the owner or lessee is responsible for the City's false alarms response fees as set forth in the City's Master Fee Schedule adopted by City Council resolution.

3. The City Council of the City of San Rafael, on December 19, 2005, by Resolution No 11871, adopted its Master Fee Schedule, which included a fee for "false alarm responses" in the amount of $50 for the 3rd false alarm response, $100 for the 4th false alarm response, and $200 for the 5th and subsequent false alarm responses, as evidenced by copies of that Resolution and Table 1, page 3, to such Master Fee Schedule, attached as Exhibit "B", of which the City asks this Court to take judicial notice.

4. Circuit City Stores, Inc. obtained an alarm permit (Permit #3149) from the City of San Rafael Police Department for an audible alarm at its store at 330 Bellam Blvd., San Rafael, CA, as evidenced by the enclosed Exhibit "C".

-1-
Claimant City of San Rafael Response to Objection to City Claim

5. Circuit City Stores, Inc.'s store at 330 Bellam Blvd., San Rafael, had nineteen (19) false alarms in calendar year 2006, incurring false alarm fees for false alarm numbers 3-19, for a total of $3,150 in fees, per the Master Fee Schedule, as evidenced by the attached Exhibit "D".

6. The City of San Rafael billed Circuit City for these 2006 false alarm fees totaling $3,150, as evidence by the attached Exhibit "E", but no payment has ever been made to the City.

7. The City Council of the City of San Rafael, on June 4, 2007, by Resolution No. 12269, adopted a revised Master Fee Schedule, which included a fee for "false alarm responses" in the amount of $97 for the 3rd and subsequent false alarm responses, as evidenced by copies of that Resolution and Table 1, page 3, to such Master Fee Schedule, attached as Exhibit "F", of which the City asks this Court to take judicial notice.

8. Circuit City Stores, Inc.'s store at 330 Bellam Blvd., San Rafael, had three (3) false alarms in calendar year 2007, incurring false alarm fees for false alarm number 3, for a total of $97 in fees, per the revised Master Fee Schedule, as evidence by attached Exhibit "G".

9. The City billed Circuit City for these 2007 false alarm fees totaling $97, as evidenced by attached Exhibit "H", but no payment has ever been made to the City.

10. The City submitted its claim herein for $3,247 in false alarm fees, by claim dated 1/13/09.

The undersigned Declarant asks the Court to overrule the Objection and sustain the City's claim for these false alarm fees. The undersigned can be contacted for resolution of the City's Claim, at the Claimant's address, at San Rafael Finance Department, P.O. Box 151560, 1400 5th Avenue, Room 204, San Rafael, CA 94915-1560, facsimile 415-459-2242, and telephone number 415-485-3058.

I declare that the foregoing is true and correct, under penalty of perjury under the laws of the State of California.

Dated: April 30, 2012.

*Victor Gasser*
Victor Gasser
Business License Examiner
Finance Department
City of San Rafael

Attest:

*Esther C. Beirne*
Esther C. Beirne
Clerk, City of San Rafael

-2-
Claimant City of San Rafael Response to Objection to City Claim

## Chapter 8.20

### INTRUSION DETECTION AND/OR BURGLAR ALARM AND FIRE ALARM SYSTEMS

Sections:

| | |
|---|---|
| 8.20.010 | Definitions. |
| 8.20.020 | Chief of police—Power to regulate. |
| 8.20.030 | Devices terminating at city facilities. |
| 8.20.040 | Reporting telephones prohibited. |
| 8.20.050 | Similar to sirens—Unlawful. |
| 8.20.060 | Direct leased telephone line. |
| 8.20.070 | Installation and maintenance costs. |
| 8.20.080 | Unlawful equipment. |
| 8.20.090 | Installation permit. |
| 8.20.100 | Fee exemptions. |
| 8.20.110 | Operations. |
| 8.20.120 | Audible alarm. |
| 8.20.130 | Responsibility for alarm. |
| 8.20.140 | Multiple occupancy. |
| 8.20.150 | Multiple subscribers. |
| 8.20.160 | False alarm—Public nuisance when. |
| 8.20.165 | False alarm response fee. |
| 8.20.170 | Suspension or revocation. |
| 8.20.180 | Administration and regulations. |
| 8.20.190 | Violations. |
| 8.20.200 | Appeals. |
| 8.20.210 | Fees. |

**8.20.010    Definitions.**

The following definitions shall apply:

(a) "Alarm agent" means any person who is employed by an alarm business, either directly or indirectly, whose duties include any of the following: selling, maintaining, leasing, servicing, repairing, altering, replacing, moving, or installing on any building, place, or premises an alarm system in the city.

(b) "Alarm business" means any firm, partnership, corporation, or any other person, persons, or entities engaged in selling, leasing, maintaining, servicing, repairing, altering, replacing, moving, or installing any alarm system or causing to be sold, maintained, serviced, repaired, altered, replaced, moved, or installed, an alarm system in or on any building, place, or premises in the city.

(c) "Alarm monitor" means any person employed to monitor intrusion detection devices or fire alarms.

(d) Alarms.

(1) "Audible alarm" means any intrusion detection device alarm or fire alarm which, when activated, sounds on the premises where the alarm has been installed.

(2) "Silent alarm" means any intrusion detection device alarm or fire alarm which, when activated, sounds a bell or buzzer and/or turns on a light at a predesignated place, other than the location where the alarms have been installed.

(e) "Direct leased telephone line/private secondary telephone line" means a telephone installation which allows communication between two points. Said installation shall have no dialer, disallowing calls to any other telephone installation. Said installations shall be equipped with either a bell or buzzer and a light at both ends which are activated when the line is opened on either side. Said lights and bells or buzzer shall turn off when both ends of the line are closed.

(f) "False alarm" means an alarm signal necessitating response by the police department where an emergency situation does not exist.

(g) "Intrusion detection device" means any alarm system, whether audible or silent, which is designed and installed to prevent the undetected intrusion of any person or thing into any building or area.

(h) "Owner" or "lessee" means the person, firm, business, corporation, or other entity for whose benefit the intrusion detection device or fire alarm system is installed.

(i) "Protected area" means any area, building or structure equipped with an alarm device or system.

(j) "Reporting telephones" means any intrusion detection device which, when activated, causes, either mechanically, electronically or by any other automatic means, intrastate dialing of any telephone number and then transmits a prerecorded message. (Ord. 1260 § 2 (part), 1977).

**8.20.020    Chief of police—Power to regulate.**

The chief of police may limit the number of approved intrusion detection devices terminating directly into the police department when, in his judgment, such devices would interfere with the effective or efficient operations of the police department. The chief shall also have the power to make and enforce such rules and regulations as may, in his discretion, be necessary to implement the provisions of this section. Any devices now terminating directly into the police department which, in the determination of the police chief, interfere with normal police functions shall be removed. (Ord. 1260 § 2 (part), 1977).

Exhibit "A"

such privilege in writing to the chief of police. The communications superintendent shall approve such application if he finds that:

(a) The termination of such telephone line will constitute no hindrance to regular city activities;

(b) The person seeking the termination agrees that no messages will be telephoned on said line except by an agent of his with access to customer files; and

(c) There is sufficient space and/or incoming lines to accommodate such installations;

(d) Facilities and operational standards meet the following requirements:

(1) Facilities standards:

(A) The room or rooms where the service is performed and immediately adjacent room(s) and halls must have a fire detector in each room and each hall to sound local alarm in the room where the service is performed;

(B) Shall have one ten-pound or larger portable fire extinguisher of a type suitable for use on electrical apparatus. One shall be located inside the room(s) where the service is performed;

(C) The room(s) where the service is performed shall have automatic emergency lighting to an extent that a normal level of service may continue to be performed;

(D) Shall have in the room(s) where service is performed, an accurate clock;

(E) Locks. Entrance(s) to room or rooms where service is performed shall be kept locked at all times and so arranged that positive identification can be made of person(s) seeking admittance before unlocking the door.

(2) Operational standards:

(A) A sufficient number of operators must be on duty constantly to assure that all alarms from any intrusion detection device or fire alarm be relayed immediately to the department concerned;

(B) As soon as possible after notification of the Department concerned, the operator on duty shall notify the alarm company responsible for the alarm;

(C) Shall keep a written or printed record of all alarms, trouble, and other signals and who was notified;

(D) Alarms from intrusion detection devices and fire alarms shall be treated with the highest priority, and the relaying of such alarms to the department concerned shall take precedence over all other operations;

(E) All AC and/or DC power required at alarm monitoring premises to receive alarm signals and relay alarm signals shall have in addition no less than eight (8) hours of standby power with immediate automatic switchover from main power source to standby power source;

(F) When the service of receiving, relaying, or monitoring alarm signals is disrupted by fire, storm, or any other cause, the alarm monitoring firm shall be responsible for notifying its customers as quickly as possible that protection is no longer being provided and the expected time, if known, of resumption of service. Such notice shall be promptly confirmed by letter. (Ord. 1260 § 2 (part), 1977).

**8.20.070    Installation and maintenance costs.**

All costs and recurring charges incurred in the installation and maintenance of such a private secondary telephone line shall be borne by the person requesting the termination. (Ord. 1260 § 2 (part), 1977).

**8.20.080    Unlawful equipment.**

In addition to any other remedy provided by law, the communications superintendent or fire chief may, whenever he has knowledge of the use of any device or attachment not operated or maintained in accordance with the provisions of this chapter, order the removal of such device or attachment or such line termination to which such device or attachment is connected. Proper written notice shall be given to all persons concerned. (Ord. 1844 § 1 (part), 2006; Ord. 1260 § 2 (part), 1977).

**8.20.090    Installation permit.**

It is unlawful for any person to cause to be installed, serviced, maintained, repaired, replaced, moved or removed, in or on any building within the city, intrusion detection devices or fire alarm systems unless such firms, corporations, partnerships, persons, or entities have first obtained a valid permit therefor, and for which a fee shall be charged. (Ord. 1260 § 2 (part), 1977).

**8.20.100    Fee exemptions.**

The United States government, the state of California, counties, municipal corporations, departments thereof and other governmental entities are exempt from fees required in Section 8.20.210.

Upon the installation of any intrusion detection device or fire alarm system, the person so installing said system shall notify the appropriate agency, i.e., either the police department or the fire department in writing of the name of the person for whom the installation was made, the address and the telephone number thereof. (Ord. 1260 § 2 (part), 1977).

**8.20.110    Operations.**

It shall be the responsibility of the seller or lessor to instruct and reinstruct his subscriber and/or the occupant of the premises wherein the system is installed in the proper use and operation of the device or alarm, whether silent or audible, including specifically all necessary in-

**8.20.190    Violations.**

Any person who violates any of the provisions of this chapter, including any person or establishment that installs an alarm without first obtaining a permit, is guilty of a misdemeanor, and upon conviction thereof, shall be punishable by a fine of not more than two hundred dollars. (Ord. 1549 § 2 (part), 1988: Ord. 1260 § 2 (part), 1977).

**8.20.200    Appeals.**

Chapter 14.84 shall apply to all appeals regarding actions taken under this chapter. Appeals from the chief of police and/or city manager shall follow the procedure set forth in Section 14.84.020. (Ord. 1260 § 2 (part), 1977).

**8.20.210    Fees.**

A reasonable fee, payable to the city's finance department, shall be charged for any and all permits required to be issued under this chapter. The amount of these fees shall be set by the chief of police and subject to review by the city council.

Any alarm system in existence, with a valid permit, as of July 6, 1977, shall not be charged an installation fee. This provision does not invalidate the requirement of obtaining an installation permit. (Ord. 1549 § 2 (part), 1988: Ord. 1260 § 2 (part), 1977).

**Chapter 8.30**

**VEHICLES USED FOR HUMAN HABITATION**

Sections:

| | |
|---|---|
| 8.30.010 | Definitions. |
| 8.30.020 | Use of vehicle for human habitation prohibited—Exception. |
| 8.30.030 | Violations—Infraction. |

**8.30.010    Definitions.**

The following terms shall have the meanings set forth in this section:

(1) "Camper" is a structure designed to be mounted upon a motor vehicle and to provide facilities for human habitation or camping purposes. A camper having one axle shall not be considered a vehicle.

(2) "House car" is a motor vehicle originally designed, or permanently altered, and equipped for human habitation, or to which a camper has been permanently attached. A motor vehicle to which a camper has been temporarily attached is not a house car, except that a motor vehicle equipped with a camper having an axle that is designed to support a portion of the weight of the camper unit shall be considered a three (3)-axle house car regardless of the method of attachment or manner of registration. A house car shall not be deemed to be a motor truck.

(3) "Motor vehicle" is a vehicle which is self-propelled.

(4) "Motor truck" is a motor vehicle designed, used or maintained primarily for the transportation of property.

(5) "Passenger vehicle" is any motor vehicle, other than a motor truck, truck tractor, or motorcycle, used or maintained for the transportation of persons.

(6) "Station wagon" is a dual purpose vehicle designed for the transportation of persons and also designed in such a manner that the seats may be removed or folded out of the way for the purpose of increasing the property, carrying space within the vehicle. The term includes, but is not limited to, types of vehicles which carry the trade names of station wagon, estate wagon, town and country wagon, and country sedan.

(7) "Trailer" is a vehicle or movable structure constructed, designed and intended for use, used or capable of being used, as a residence, place of abode, domicile or shelter or enclosure for human habitation, whether mounted permanently upon a moveable chassis, whether

RESOLUTION NO. 11871

A RESOLUTION OF THE CITY COUNCIL OF THE CITY OF SAN
RAFAEL ESTABLISHING A NEW MASTER FEE SCHEDULE FOR
SERVICES PROVIDED BY THE VARIOUS CITY DEPARTMENTS AND
FOR LICENSING AND SERVICES BY THE ANIMAL SERVICES
AGENCY, AND RESCINDING RESOLUTION NO. 11670.

WHEREAS, the City of San Rafael has conducted an analysis of its services, the costs reasonably borne, the beneficiaries of those services, and the revenues produced by those paying fees and charges for special services; and,

WHEREAS, the City wishes to comply with both the letter and the spirit of Article XIIIB of the California Constitution and limit the growth of taxes; and

WHEREAS, the City desires to establish a policy of recovering the full costs reasonably borne of providing special services of a voluntary and/or limited nature, such that general taxes are not diverted from general services of a broad nature and thereby utilized to subsidize unfairly and inequitably such special services; and

WHEREAS, it is the intention of the City Council to develop a revised schedule of fees and charges based on the City's budgeted and projected costs reasonably borne; and

W:\Management Services- WorkFile\Finance- WorkFile\Council Material\Resolutions\2005\City\Reso for Services & Fees 12.19.05.doc

Page 1 of 5

Exhibit "B"    COPY    11871

employee Memorandum of Understanding for the period commencing July 1, 2004. Only those fees that increased by a minimum of one dollar ($1.00), based upon the CPI-U change, have been adjusted. Fees marked with "#", and subject to change, have been rounded down to the nearest whole dollar, and include flat-based fees, deposits for service, and the calculation of fully burdened hourly rates for billable staff time.

Section 2.    Separate Fee for Each Service

All fees set by this resolution are for each identified service; additional fees shall be required for each additional service that is requested or required. Where fees are indicated on a per unit of measurement basis, the fee is for each identified unit or portion thereof within the indicated ranges of such units.

Definitions and implementation procedures regarding the fees set forth herein shall be as stipulated in Chapter 3.34 of the San Rafael Municipal Code.

Section 3.    Basis of Charges

The Council finds and determines that the charges imposed by this resolution are necessary to cover the costs of providing the specified services, and that such charges do not exceed the reasonable costs of providing said services.

W:\Management Services- WorkFile\Finance- WorkFile\Council Material\Resolutions\2005\City\Reso for Services & Fees 12.19.05.doc

Page 3 of 5

Municipal Code becomes effective, and shall be subject to the terms and conditions of said amended Chapter 3.34, except for the fees and charges, identified as building and planning related services, 05.01 through 05.06, 10.00 through 10.14 and 11.01 through 11.09 as defined in Table 1 attached hereto, which shall become effective within 60 days of the effective date of Ordinance No. __1839__.

Section 9.

The adoption of this Resolution, including the fees and charges provided herein, is statutorily exempt from the California Environmental Quality Act under Public Resources Code Section 21080(b)(8), as the establishment and modification of charges by a public agency to meet operating expenses.

I, Jeanne M. Leoncini, City Clerk of the City of San Rafael, hereby certify that the foregoing resolution was duly and regularly introduced and adopted at a regular meeting of the City Council of said City held on the 19th day of December, 2005, by the following vote, to wit:

AYES:      COUNCILMEMBERS: Cohen, Heller, Miller, Phillips & Mayor Boro

NOES:      COUNCILMEMBERS: None

ABSENT:    COUNCILMEMBERS: None

*Jeanne M. Leoncini*
Jeanne M. Leoncini, City Clerk

W:\Management Services- WorkFile\Finance- WorkFile\Council Material\Resolutions\2005\City\Reso for Services & Fees 12.19.05.doc

Page 5 of 5

SAN RAFAEL POLICE/FIRE DEPARTMENT

Date of Application __12/15/87__                                        PAID 1-15-88

PURSUANT TO SECTION 8.20.060 & 8.20.090
APPLICATION FOR DIRECT LEASED TELEPHONE LINE, INTRUSION DETECTION DEVISE, OR FIRE ALARM INSTALLATION.

Name of Business or Resident: __CIRCUIT CITY STORES, INC.__
Business Phone: __(415) 453 7400__    Home Phone: __SAME__
Date Alarm Installed __11/11/87__
Address Where Alarm to be Installed __330 BELLAM BLVD. SAN RAFAEL__
New Alarm __✓__    Existing Alarm ____
Name of Alarm Company __TRANSBAY SECURITY__    Phone __(415) 930-6097__
Installer's Name __MARK BARRETT__
Type of Alarm Installed: Audible __✓__    Silent ____    Sonic ____    Other ____

If alarm is designed for use as a panic or holdup alarm, indicate all methods in which alarm may be activated, i.e. foot pedal, counter button, safe touch system, etc.
__NONE__

Indicate all locations on premises where alarm may be activated.
__ALL ENTRY DOORS, ROLL-UP DOORS, TRASH COMPACTOR DOOR +__
__MOTION SENSORS__

Provide at least two alternative responsible people to notify in case alarm is activated.
1. Name: __ED BRADLEY__    Phone: __(415) 491-4110__
   Address: __310 CHANNING WAY SAN RAFAEL 94903__
2. Name: __SUSAN SPITZER__    Phone: __(415) 751-2614__
   Address: __291 27TH AVE S.F. 94121__

Comments: _____

Please notify the Police/Fire Department shou[ld]
Permit # __3149__
Owner # __565__

SRPD F-68 (Revised 2-5-82)    Exhibit "C"

CIRCUIT CITY

Mark Spaulding
Operations Manager
330 Bellam Blvd. San Rafael CA 94901

 **Alarm Permits**    Year: 2006            

 **View Alarm Permit**

[ Process Payment ]  [ Billing Dispute ]  [ Edit Permit ]  [ Printing History ]  [ Delete Permit ]

**Alarm Permit:**    **Alarm Owner:**

| Permit# | Permit Date | Permit Name | Permit Address | | Name | First Name |
|---|---|---|---|---|---|---|
| 3149 | 12/15/1987 | Circuit City Stores, Inc. | 330 Bellam Blvd | | Circuit City Stores, Inc. | Attn: STS Dept. |

| Active | Billable | Paid | Business | Alarm Type | Silent | Alarm Company | | Billing Address | City | State | Po |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Y | Y | Y | - | - | - | - | | 9954 Mayland Dr. | Richmond | VA | 23 |

**Permit Notes**

```
2/5/07 Rec'd call from Danielle in corporate, gave correct billing address
PCR353
2/13/07 Rec'd ck#0000384316 $2500 for all 2004/2005 alarms PCR353
4/18/07 Rec'd ck#0000393907 $150 false alarms PCR353
5/22/07 Rec'd ck#0000398224 $400 false alarms PCR353
```

**Owner Notes**

**RIMS Permit Info:**

| ALARMNUM | NAME | ADDRESS | APT | PHONE | ALARMCO | ALARMTEL | PERMITDAT |
|---|---|---|---|---|---|---|---|
| 3149 | CIRCUIT CITY STORES, INC. | 330 BELLAM BLVD | | 453-7400 | TRANSBAY SECURITY | 930-6097 | |

**Billing :**
[ Imported Incident List ]

| Item | Charge | Status | Status Date | INCNUM | RIMS | DATE | TIME | TYPE | D1 | LOCATION | Pl |
|---|---|---|---|---|---|---|---|---|---|---|---|
| False Alarm #1 | $0.00 | Notified | 02/22/2006 | 1060127154 | Fetch | 01/27/2006 | 23:24:56 | 459AA | FA | 330 BELLAM BLVD | C C S IN |
| False Alarm #2 | $0.00 | Notified | 02/22/2006 | 1060128121 | Fetch | 01/28/2006 | 23:00:04 | 459AA | FA | 330 BELLAM BLVD | C C S IN |
| Non-Billable Alarm | $0.00 | N/A | | 1060130009 | Fetch | 01/30/2006 | 02:24:43 | 459AA | FA | 330 BELLAM BLVD | C C S IN |
| False Alarm #3 | $50.00 | Second Notice | 06/06/2006 | 1060203006 | Fetch | 02/03/2006 | 02:35:19 | 459AA | FA | 330 BELLAM BLVD | C C S IN |
| False Alarm #4 | $100.00 | Second Notice | 06/06/2006 | 1060301058 | Fetch | 03/01/2006 | 12:19:24 | 459AA | FA | 330 BELLAM | C C |

Exhibit "D"

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | BELLAM BLVD | C S IN |
| False Alarm #16 | $200.00 | Second Notice | 01/03/2007 | 1060924027 | Fetch | 09/24/2006 | 04:06:58 | 459AA FA | 330 BELLAM BLVD | C C S IN |
| Non-Billable Alarm | $0.00 | N/A | | 1061012050 | Fetch | 10/12/2006 | 10:18:39 | 459AA AX | 330 BELLAM BLVD | C C S IN |
| False Alarm #17 | $200.00 | Second Notice | 01/03/2007 | 1061012100 | Fetch | 10/12/2006 | 15:30:13 | 459AA FA | 330 BELLAM BLVD | C C |
| False Alarm #18 | $200.00 | Second Notice | 01/03/2007 | 1061017014 | Fetch | 10/17/2006 | 07:11:50 | 459AA FA | 330 BELLAM BLVD | C C S IN |
| False Alarm #19 | $200.00 | Second Notice | 01/03/2007 | 1061018129 | Fetch | 10/18/2006 | 19:22:47 | 459AA FA | 330 BELLAM BLVD | C C S IN |

**Total Charges:** $3,150.00
**Total Payments:** $0.00
**Balance Due:** $3,150.00

Copyright © 2004-2007 West Bay Services All rights reserved. (Versic

COPY

January 03, 2007

## BILLING PAST DUE

Circuit City Stores, Inc.
330 Bellam Blvd
San Rafael, CA 94901

Permit #3149
Circuit City Stores, Inc.
330 Bellam Blvd

Notice of BILLING PAST DUE for Permit #3149

This letter is to notify you that on the below listed dates your alarm was activated. The San Rafael Police officer(s) that responded determined these incidents were false alarms. For more information about false alarms, please read the attached information.

Alarm notifications account for nearly ten percent of all calls for police service. Fewer false alarms translate into more effective police service. Please remember that you, the alarm owner, are responsible for false alarms. Whether the alarms are caused by employee/family error, system malfunction, or carelessness; you will be assessed for further false alarms as directed by the Municipal Code Ordinance.

In an effort to reduce repeated false alarm response, the City of San Rafael enforces fines for false alarm responses. False alarm response fees are; no charge for 1st and 2nd false alarm response, $50.00 for 3rd response, $100.00 for 4th response, $200.00 for 5th and subsequent responses. I have attached a copy of the information regarding these fees from the City of San Rafael Municipal Code.

Below is the list of false alarms that have occurred this year to date:

| Incident # | Date | Time | Item | Status | Status Date | Charges |
|---|---|---|---|---|---|---|
| 1060127154 | 01/27/2006 | 11:24 PM | False Alarm #1 | Notified | 02/22/2006 | $0.00 |
| 1060128121 | 01/28/2006 | 11:00 PM | False Alarm #2 | Notified | 02/22/2006 | $0.00 |
| 1060130009 | 01/30/2006 | 2:24 AM | Non-Billable Alarm | N/A | | $0.00 |
| 1060203006 | 02/03/2006 | 2:35 AM | False Alarm #3 | Second Notice | 06/06/2006 | $50.00 |
| 1060301058 | 03/01/2006 | 0:19 PM | False Alarm #4 | Second Notice | 06/06/2006 | $100.00 |
| 1060412014 | 04/12/2006 | 7:07 AM | False Alarm #5 | Second Notice | 10/17/2006 | $200.00 |
| 1060429012 | 04/29/2006 | 2:04 AM | False Alarm #6 | Second Notice | 10/17/2006 | $200.00 |
| 1060506013 | 05/06/2006 | 1:40 AM | Non-Billable Alarm | N/A | | $0.00 |
| 1060506018 | 05/06/2006 | 4:51 AM | False Alarm #7 | Second Notice | 10/17/2006 | $200.00 |
| 1060509003 | 05/09/2006 | 0:24 AM | False Alarm #8 | Second Notice | 10/17/2006 | $200.00 |
| 1060510009 | 05/10/2006 | 1:53 AM | False Alarm #9 | Second Notice | 10/17/2006 | $200.00 |
| 1060719007 | 07/19/2006 | 2:45 AM | False Alarm #10 | Second Notice | 10/17/2006 | $200.00 |

Exhibit "E"

# RESOLUTION NO. <u>12269</u>

## A RESOLUTION OF THE CITY COUNCIL OF THE CITY OF SAN RAFAEL ESTABLISHING A NEW MASTER FEE SCHEDULE FOR SERVICES PROVIDED BY THE VARIOUS CITY DEPARTMENTS AND FOR LICENSING AND SERVICES BY THE ANIMAL SERVICES AGENCY, AND RESCINDING RESOLUTION NO. 11871.

**WHEREAS**, the City of San Rafael has conducted an analysis of its services, the costs reasonably borne, the beneficiaries of those services, and the revenues produced by those paying fees and charges for special services; and,

**WHEREAS**, the City wishes to comply with both the letter and the spirit of Article XIIIB of the California Constitution and limit the growth of taxes; and

**WHEREAS**, the City desires to establish a policy of recovering the full costs reasonably borne of providing special services of a voluntary and/or limited nature, such that general taxes are not diverted from general services of a broad nature and thereby utilized to subsidize unfairly and inequitably such special services; and

**WHEREAS**, it is the intention of the City Council to develop a revised schedule of fees and charges based on the City's budgeted and projected costs reasonably borne; and

Exhibit "F"

**COPY**

Section 2.    Separate Fee for Each Service

All fees set by this resolution are for each identified service; additional fees shall be required for each additional service that is requested or required. Where fees are indicated on a per unit of measurement basis, the fee is for each identified unit or portion thereof within the indicated ranges of such units.

Definitions and implementation procedures regarding the fees set forth herein shall be as stipulated in Chapter 3.34 of the San Rafael Municipal Code.

Section 3.    Basis of Charges

The Council finds and determines that the charges imposed by this resolution are necessary to cover the costs of providing the specified services, and that such charges do not exceed the reasonable costs of providing said services.

Section 4.    Interpretations

The City department heads in consultation with the City Manager may interpret this Resolution. Should there be a conflict between two fees applicable to the same service, then the lower in dollar amount of the two shall be applied.

Section 5.    Waiver of Permit Fees and Charges

The City Council may, on a case-by-case basis, grant a waiver of payment of all or a portion of the fees established by this resolution when it determines that it is in the public interest to do so.

Code Section 21080(b)(8), as the establishment and modification of charges by a public agency to meet operating expenses.

I, Jeanne M. Leoncini, City Clerk of the City of San Rafael, hereby certify that the foregoing resolution was duly and regularly introduced and adopted at a regular meeting of the City Council of said City held on the 4th day of June, 2007, by the following vote, to wit:

AYES:     COUNCILMEMBERS:     Heller, Miller, Phillips and Vice-Mayor Cohen

NOES:     COUNCILMEMBERS:     None

ABSENT:   COUNCILMEMBERS:     Mayor Boro

_____
Jeanne M. Leoncini, City Clerk

W:\Management Services- WorkFile\Finance- WorkFile\Council Material\Resolutions\2007\City\Reso for Services & Fees 6-4-07.doc

Page 5 of 5

     

**Alarm Permits** Year: 2008

 View Alarm Permit

| Process Payment | Billing Dispute | Edit Permit | Printing History | Delete Permit |

**Alarm Permit:**                                                                                   **Alarm Owner:**

| Permit# | Permit Date | Permit Name | Permit Address | Name | First Name |
|---|---|---|---|---|---|
| 3149 | 12/15/1987 | Circuit City Stores, Inc. | 330 Bellam Blvd | Circuit City Stores, Inc. | Attn: STS Dept. |

| Active | Billable | Paid | Business | Alarm Type | Silent | Alarm Company | Billing Address | City | State | Po |
|---|---|---|---|---|---|---|---|---|---|---|
| Y | Y | Y | - | - | - | | 9954 Mayland Dr. | Richmond | VA | 23 |

**Permit Notes**                                                                                    **Owner Notes**

2/5/07 Rec'd call from Danielle in corporate, gave correct billing address PCR353
2/13/07 Rec'd ck#0000384316 $2500 for all 2004/2005 alarms PCR353
4/18/07 Rec'd ck#0000393907 $150 false alarms PCR353
5/22/07 Rec'd ck#0000398224 $400 false alarms PCR353

**RIMS Permit Info:**

| ALARMNUM | NAME | ADDRESS | APT | PHONE | ALARMCO | ALARMTEL | PERMITDA1 |
|---|---|---|---|---|---|---|---|
| 3149 | CIRCUIT CITY STORES, INC. | 330 BELLAM BLVD | | 453-7400 | TRANSBAY SECURITY | 930-6097 | |

**Billing :**
| Imported Incident List |

| Item | Charge | Status | Status Date | INCNUM | RIMS | DATE | TIME | TYPE | D1 | LOCATION | PLAC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Non-Billable Alarm | $0.00 | N/A | | 1080224026 | Fetch | 02/24/2008 | 05:29:44 | 459AA | FA | 330 BELLAM BLVD | CIRC CITY STOR INC. |
| False Alarm #1 | $0.00 | Notified | 04/01/2008 | 1080331101 | Fetch | 03/31/2008 | 21:22:22 | 459AA | FA | 330 BELLAM BLVD | CIRC CITY STOR INC. |
| False Alarm #2 | $0.00 | Notified | 07/08/2008 | 1080621012 | Fetch | 06/21/2008 | 02:16:36 | 459AA | FA | 330 BELLAM BLVD | CIRC CITY STOR INC. |
| False Alarm #3 | $97.00 | Billed | 11/03/2008 | 1081101025 | Fetch | 11/01/2008 | 06:16:03 | 459AA | FA | 330 BELLAM BLVD | CIRC CITY STOR INC. |

Total Charges:    $97.00
Total Payments:   $0.00
**Balance Due:**  $97.00

Exhibit "G"

*COPY*

November 03, 2008

Circuit City Stores, Inc., Attn: STS Dept.  
9954 Mayland Dr.  
Richmond, VA 23233

Permit #3149  
Circuit City Stores, Inc.  
330 Bellam Blvd

Notice of False Alarm(s) for Permit #3149

This letter is to notify you that on the below listed dates your alarm was activated. The San Rafael Police officer(s) that responded determined these incidents were false alarms. For more information about false alarms, please read the attached information.

Alarm notifications account for nearly ten percent of all calls for police service. Fewer false alarms translate into more effective police service. Please remember that you, the alarm owner, are responsible for false alarms. Whether the alarms are caused by employee/family error, system malfunction, or carelessness; you will be assessed for further false alarms as directed by the Municipal Code Ordinance.

In an effort to reduce repeated false alarm response, the City of San Rafael enforces fines for false alarm responses. False alarm response fees are; no charge for 1st and 2nd false alarm response, $97.00 for 3rd and subsequent responses. I have attached a copy of the information regarding these fees from the City of San Rafael Municipal Code.

Below is the list of false alarms that have occurred this year to date:

| Incident # | Date | Time | Item | Status | Status Date | Charges |
|---|---|---|---|---|---|---|
| 1080224026 | 02/24/2008 | 5:29 AM | Non-Billable Alarm | N/A | | $0.00 |
| 1080331101 | 03/31/2008 | 9:22 PM | False Alarm #1 | Notified | 04/01/2008 | $0.00 |
| 1080621012 | 06/21/2008 | 2:16 AM | False Alarm #2 | Notified | 07/08/2008 | $0.00 |
| 1081101025 | 11/01/2008 | 6:16 AM | False Alarm #3 | New | | $97.00 |
| | | | | | Balance Due: | $97.00 |

All fees are due upon receipt of this notice. If you have a balance due, please make your check out to "San Rafael Police Department" and please send to:

San Rafael Police Department  
Alarm Permits  
P.O. Box 151560  
San Rafael, CA 94915-1560

Exhibit "H"

# DECLARATION OF SERVICE BY MAIL

I am a citizen of the United States and a resident of the County of Marin, California; I am over the age of eighteen (18) years and not a party to the within action. My business address is 1400 Fifth Avenue, Post Office Box 151560, San Rafael, California 94915-1560.

On the date last written herein, I served a true copy of: **DECLARATION AND RESPONSE BY CLAIMANT CITY OF SAN RAFAEL TO LIQUIDATING TRUST'S THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS, WITH RESPECT TO CITY OF SAN RAFAEL CLAIM NO. 2000566701**, by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, on April 30, 2012, and deposited at the United States Post Office, at San Rafael, California, for Priority Mail Delivery, addressed as follows:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski, Stang, Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

I certify under penalty of perjury that the foregoing is true and correct. Executed this 30th day of April, 2012, at San Rafael, California.

*Victor Gasser* (signature)
Victor Gasser
Business License Examiner
City of San Rafael

1

# CITY OF San Rafael

MAYOR GARY O. PHILLIPS
COUNCILMEMBER DAMON CONNOLLY
COUNCILMEMBER BARBARA HELLER
COUNCILMEMBER MARC LEVINE
COUNCILMEMBER ANDREW CUYUGAN MCCULLOUGH

FINANCE DEPARTMENT
PHONE: 415-485-3058
FAX: 415-485-3100

April 30, 2012

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

RE: Circuit City Stores, Inc
    Case No. 08-35653 (KRH)

Dear Clerk:

Enclosed is the 'Declaration and Response By Claimant City of San Rafael to Liquidating Trust's Thirty-First Omnibus Objection to Claims, with Respect to City of San Rafael Claim No. 2000566701'.

Thank you for your assistance.

Sincerely,

Victor Gasser

Victor Gasser
Business License Examiner

Encl.