IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                                                                  Chapter 11

CIRCUIT CITY STORES, INC., et al.,                  CASE NO. 08-35653(KRH)

Debtors.                                                               (Jointly Administered)

**RESPONSE AND CONCISE STATEMENT OF CREDITOR PATRICK J. MANZI, JR., INDIVIDUALLY AND P.P.A. AS PARENT AND NEXT FRIEND OF CREDITOR PATRICK J. MANZI III, AND CREDITOR KIMBERLY MANZI, INDIVIDUALLY AND P.P.A. AS PARENT AND NEXT FRIEND OF CREDITOR PATRICK J. MANZI III, TO THIRTY-FIRST OMNIBUS OBJECTION SEEKING TO DISALLOW CLAIM**

The above-captioned Respondents/Claimants in the above (hereinafter, collectively, the "Respondents"), by and through this declaration of their undersigned counsel, who has the authority to reconcile, settle or otherwise resolve the Objection on the Respondents' behalf, hereby move this Court to overrule the Objection of the Liquidating Trust seeking to disallow the Respondents' claim.

The claim arises out of an accident with personal injury occurring on December 1, 2006, at debtors' store located at 140 Hillside Road, Cranston, Rhode Island. Thereafter, Sedgwick Claims Management Services, Inc., on behalf of the debtors, responded to a suit filed by the Respondents in Providence County Superior Court, Civil Action No. 2008-4055, and made a settlement offer. See Exhibit A attached. The negotiations continued with a further settlement offer on September 15, 2008, see Exhibit B attached, then concluded with a settlement offer of $8,000.00 on December 3, 2008, see Exhibit C attached, to which the Respondents agreed and signed a release, attached as Exhibit D. The December 3, 2008 correspondence was

the Respondents' first notice of any petitions by the debtors for relief under the Bankruptcy Code. Thereafter, until later notified, on December 6, 2010, by the debtors' attorney in the aforementioned personal injury action that the settlement fell within a self-insured retention with no insurance to cover this particular loss, see Exhibit E, the Respondents had no knowledge of any need to file a proof of claim, but which claim they thereafter immediately filed. In view of the foregoing, it would be improper and inequitable for the Respondents' claim to be disallowed or reduced. The claim was filed within a reasonable time after the Respondents became aware that their claim was in jeopardy, and the filing does not materially or substantially prejudice other creditors, or materially delay the administration of the estate. See In re Middle Plantation of Williamsburg, Inc., 48 B.R. 789, 800-01 (Bankr.E.D.Va. 1985). In order to effectuate and resolve fairly the arms-length negotiated settlement of the personal injury suit against the debtors, the Respondents urge this Court to overrule the Objection of the Liquidating Trust.

WHEREFORE, the Respondents request that the Objection to their claim be overruled.

PATRICK J. MANZI, JR., individually
and p.p.a. as Parent and Next Friend of
PATRICK J. MANZI III, and
KIMBERLY MANZI, individually and
p.p.a. as Parent and Next Friend of
PATRICK J. MANZI III,
By their Attorneys,

_____
Robert J. Levine, Esq.
Benjamin A. Pushner, Esq.
ROB LEVINE & ASSOCIATES, LTD.
544 Douglas Avenue
Providence, RI 02908
TELEPHONE: (401) 621-7000
TELECOPY: (401) 429-0286

## CERTIFICATION

I hereby certify that I have filed the within with the United States Bankruptcy Court on this 1st day of May, 2012, and that I have caused a copy to be sent to:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES, LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

_____
Benjamin A. Pushner, Esq.



# Sedgwick CMS

**Sedgwick Claims Management Services, Inc**
P. O. Box 14432, Lexington KY 40512-4432
Telephone: 1 866 856 4805, Ext. 63359
Facsimile: 901-566-3415

May 15, 2008

Justice for All
Kimberly Simons
544 Douglas Ave
Providence, RI 02908

Re: Claim Number: 20061202083
    Insured: Circuit City
    Claimant: Parent of Patrick Manzi
    Date of Loss: 12-01-06

Dear Ms. Simons:

Per our recent telephone conversation, we are willing to offer your client $6,584.00 to settle their claim.

Thank you for your assistance and cooperation in this matter.

Sincerely,

Nancy Wallace
Claims Examiner

Exhibit A

# HIGGINS, CAVANAGH & COONEY, LLP

ATTORNEYS AT LAW
THE HAY BUILDING
123 DYER STREET
PROVIDENCE, R.I. 02903-3987
401-272-3500
800-274-5299

GERALD C. DEMARIA*
JOHN T. WALSH, JR.*
CHARLES A. HAMBLY, JR.
STEPHEN B. LANG
LAWRENCE P. MCCARTHY, III
JAMES A. RUGGIERI*
JAMES T. HORNSTEIN*
JOHN F. KELLEHER*
VIVIAN B. DOGAN*
PAUL S. CALLAGHAN*
SUSAN PEPIN FAY*
PETER E. GARVEY**
CHRISTINE D'ORSI FITTA
STEPHEN P. COONEY*
BETH OLDMIXON*
KELLY A. KINCAID*
GINA M. RENZULLI*

JAMES H. HIGGINS, JR.
1952-1975

JOHN P. COONEY, JR
1960-1981

JOSEPH V. CAVANAGH
1952-1985

FAX
401-273-8780

WEBSITE: www.hcc-law.com

*ALSO ADMITTED IN MA
**ALSO ADMITTED IN CT
OF COUNSEL
KENNETH P. BORDEN

September 15, 2008

Kimberly R. Simon, Esq.
JUSTICE FOR ALL, LLP
544 Douglas Avenue
Providence, RI 02908

Re:  Patrick J. Manzi, Jr., et al vs. Circuit City Stores, Inc.
     Our File: 15917

Dear Ms. Simon:

This will serve as confirmation of our communication of September 25, 2008 in which I offered to settle this matter for $7,000.

As I indicated to you, if your clients are not willing to accept this offer, then I will need to have Patrick and his father come into my office so that I may view his scar.

I look forward to hearing from you regarding this matter.

Very truly yours,
Beth A. Oldmixon

*Exhibit B*

## HIGGINS, CAVANAGH & COONEY, LLP

ATTORNEYS AT LAW
THE HAY BUILDING
123 DYER STREET
PROVIDENCE, R.I. 02903-3987
401-272-3500
800-274-5299

GERALD C. DEMARIA*
JOHN T. WALSH, JR.*
CHARLES A. HAMBLY, JR.
STEPHEN B. LANG
LAWRENCE P. MCCARTHY, III
JAMES A. RUGGIERI*
JAMES T. HORNSTEIN*
JOHN F. KELLEHER*
VIVIAN B. DOGAN*
PAUL S. CALLAGHAN*
SUSAN PEPIN FAY*
PETER E. GARVEY**
CHRISTINE D'ORSI FITTA
STEPHEN P. COONEY*
BETH OLDMIXON*
KELLY A. KINCAID*
GINA M. RENZULLI*

JAMES H. HIGGINS, JR.
1952-1975

JOHN P. COONEY, JR.
1960-1981

JOSEPH V. CAVANAGH
1952-1985

FAX
401-273-8780

WEBSITE: www.hcc-law.com

*ALSO ADMITTED IN MA
**ALSO ADMITTED IN CT
OF COUNSEL
KENNETH P. BORDEN

December 3, 2008

Kimberly R. Simon, Esq.
JUSTICE FOR ALL, LLP
544 Douglas Avenue
Providence, RI 02908

Re: Patrick J. Manzi, Jr., et al vs. Circuit City Stores, Inc.
Our File: 15917

Dear Ms. Simon:

This will confirm our agreement of settlement of this matter for the amount $8,000. Please find enclosed a copy of a release and dismissal stipulation.

In addition, please send me a letter on your letterhead whereby you and your client agree to defend, indemnify and hold harmless Circuit City Stores, Inc., Higgins Cavanagh & Cooney, LLP and the undersigned from any and all liens in connection with this matter.

Please also find enclosed a Suggestion of Bankruptcy for Circuit City. As you can see, on November 10, 2008 Circuit City filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

Accordingly, while we will forward the release to our client, we cannot guarantee that payment will be made in a timely fashion.

Please feel free to contact me with any questions.

Very truly yours,

Beth A. Oldmixon

BAO:pac/Enclosures

Exhibit C

## PARENTS JOINT TORTFEASOR RELEASE AND INDEMNITY AGREEMENT

KNOW ALL MEN THAT WE, PATRICK MANZI, JR. and KIMBERLY MANZI individually and as parents and natural guardians of a minor, PATRICK J. MANZI, III, (Releasor) in consideration of the sum of EIGHT THOUSAND DOLLARS AND 00/100 ($8,000.00) to us paid by CIRCUIT CITY STORES, INC., the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim unto said CIRCUIT CITY STORES, INC., (Releasee) its successors and assigns, and to any and all other persons, firms or corporations, their employees, agents, servants, representatives, officers, directors, successors and assigns, whether now known or unknown who are, or may in the future be determined to be liable to me or the said minor, all and all manner of actions, causes of action, debts, dues, claims and demands, both in law and in equity, more especially, without limiting the generality of the foregoing, any claim whatsoever, whether known or unknown, anticipated or unanticipated, arising out of that accident which occurred on December 1, 2006 which is the subject of C.A. No. 2008-4055 in the **Providence County Superior Court**, which against said **Circuit City Stores, Inc.**, or any other person, firm or corporation, said **Releasor** ever had, now has, or in the future may have for or by reason or means of any matter or thing from the beginning of the world to the date of these presents.

The undersigned further agrees, in consideration of the aforesaid payment, to hold harmless and indemnify said CIRCUIT CITY STORES, INC., and any and all other persons, firms or corporations, their respective employees, agents, servants, representatives, officers, directors, successors and assigns, whether now known or unknown, who are or who may in the future be determined to be liable to the undersigned

Exhibit D

of said minor, their heirs, executors, administrators, servants and agents, successors and assigns, of and from all and all manner of actions, causes of action, debts, dues, claims and demands, both in law and in equity, that may hereafter at any time be made or brought by said minor or anyone acting on behalf of said minor for the purpose of enforcing a further claim for damages on account of the injuries sustained in consequence of the aforesaid accident.

The Releasor further expressly covenants and agrees that all claims for damages recoverable by the Releasor against all other persons, firms or corporations who are or may be jointly or severally liable to him in tort or otherwise for said damages, are hereby reduced by the statutory pro rata share of the Releasee under the Uniform Contribution Among Tortfeasors Act of the State of Rhode Island, or the sum of $8,000, whichever is the greater reduction, for all such damages recoverable by the Releasor or by any person, firm or corporation on their behalf, against all other joint tortfeasors.

The Releasor further covenants and agrees to indemnify and to hold and save harmless the Releasee, its successors and assigns, officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries and affiliates from any and all liability, loss, costs or expenses, debts, dues, claims, demands, actions or causes of action, claims for loss of consortium, both in law and in equity (including any claims for indemnification and/or contribution) which may hereafter at any time be made or brought by the Releasor or anyone acting on his behalf, or any other person, firm or corporation acting independently, for purposes of enforcing any further claims, liens or damages on account of the aforesaid acts or occurrences.

This Joint Tortfeasor Release shall not for any purpose be considered an admission of liability or fault on the part of any party, but shall be construed only as the compromise of a disputed claim.

The undersigned shall keep the terms, amount and fact of such agreement, set forth in this Release, confidential. The undersigned will not disclose any information concerning this Release to any person, party or entity other than plaintiff's attorneys, accountants, tax advisers with a need to know based on representing plaintiff's legal or financial interests. Notwithstanding the above, it is expressly agreed that plaintiff may state in response to inquiries that the litigation between the parties has been resolved.

The terms of this Joint Tortfeasor Release are contractual and not a mere recital

IN WITNESS WHEREOF, we have hereunto set our hands and seals this _March_, ____ day of December, 2009.

_____    _____
Witness                      PATRICK J. MANZI, JR., individually
                             and as parent and natural guardian of
                             PATRICK J. MANZI III

_____    _____
Witness                      KIMBERLY MANZI, individually and
                             as parent and natural guardian of
                             PATRICK J. MANZI III

# HIGGINS, CAVANAGH & COONEY, LLP

GERALD C. DEMARIA*
JOHN T. WALSH, JR*
CHARLES A. HAMBLY, JR.
STEPHEN B. LANG
LAWRENCE P. MCCARTHY, III
JAMES A. RUGGIERI*
JAMES T. HORNSTEIN*
JOHN F. KELLEHER*
VIVIAN B. DOGAN*
PAUL S. CALLAGHAN*
SUSAN PEPIN FAY*
PETER E. GARVEY**
CHRISTINE D'ORSI FITTA
STEPHEN P. COONEY*
KELLY A. KINCAID*
STEPHEN R. MUSCHIANO
KRISTINA I. HULTMAN*

*Also Admitted in MA
**Also Admitted in CT

OF COUNSEL
KENNETH P. BORDEN

ATTORNEYS AT LAW
THE HAY BUILDING
123 DYER STREET
PROVIDENCE, RI 02903
401-272-3500
800-274-5299
401-273-8780 (facsimile)
www.hcc-law.com

JAMES H. HIGGINS, JR.
1952-1975

JOHN P. COONEY, JR.
1960-1981

JOSEPH V. CAVANAGH
1952-1985

December 6, 2010

Benjamin Pusher, Esq.
ROB LEVINE & ASSOCIATES
544 Douglas Avenue
Providence, RI 02908

Re:   Manzi v Circuit City Stores Inc.
      Our File: CCS - 15917

Dear Ben:

In furtherance of my investigation into the insurance situation on this claim, I have obtained a copy of the declaration page regarding insurance issued by Old Republic Insurance Company. A copy of that declaration page is enclosed. Please note that it covers the time period 10/1/06 to 10/1/07 which encompasses the date of plaintiff's incident (12/1/06). An endorsement to the policy is also enclosed. It is a "Self-Insured Retention Endorsement". Please review that. You will note that the "Self-Insured Retention" is $500,000. You will note that the insurance company has no obligation to defend, indemnify or settle any claims within the self-insured retention (paragraph E). The bankruptcy of the insured, in this Circuit City, does not affect the fact that it is a self-insured retention and does not alter the obligations of the insurer (paragraph F).

Accordingly, since this case had been settled for $8,000, it clearly falls within the self-insured retention. Thus, there is no insurance to cover this particular loss.

Please let me know if you have any questions. Otherwise, there appears to me to be no further basis to maintain the lawsuit. You certainly had a claim against the estate and I assume that was filed in any event. I believe that there is a liquidation process ongoing so that there will not be any Chapter 11 plan of reorganization.

Exhibit E

Manzi v Circuit City Stores Inc.
December 6, 2010
Page 2

Please call me if there are any questions.

Very truly yours,

Stephen B. Lang

SBL/sld