McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Robert H. Chappell, III, Esquire (VSB #31698)
Neil E. McCullagh, Esquire (VSB #39027)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia  23219
Phone:  (804) 697-2000
Fax: (804) 697-2100

Attorneys for PNY Technologies, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | ) |
| | ) Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | ) Jointly Administered |
| | ) Chapter 11 |
| Debtors. | ) Hon. Kevin R. Huennekens |

**PNY TECHNOLOGIES, INC.'S OBJECTION TO THE LIQUIDATING TRUST'S MOTION TO FILE UNDER SEAL CERTAIN AGREEMENTS WITH PNY <u>TECHNOLOGIES, INC.</u>**

Claimant PNY Technologies, Inc. ("PNY"), by and through its undersigned counsel, hereby objects to the Liquidating Trustee's (the "Trustee") motion to file under seal certain agreement with PNY that were entered into with  Circuit City Stores, Inc. (hereinafter, the "Debtors") on or before October 2006.  PNY respectfully asserts the following in support of its objection:

1

1.On January 16, 2009, this Court entered an Order authorizing the Debtors to conduct going out of business sales at the Debtors' remaining stores.  By March 8, 2009, the going out of business sales were completed by the Agents appointed by the Court.

2.On September 10, 2010 this Court entered an Order confirming the Debtors' plan of Liquidation (the "Plan").

3.On November 1, 2010 ("Effective Date"), the Plan became effective and the Trustee assumed the responsibility to liquidate the Debtors' remaining assets and to distribute the proceeds to creditors of the estates.

4.Notwithstanding the fact that the going out of business sales were concluded more that three (3) years ago, and the fact that it has been nineteen (19) months since this Court entered its Order confirming the Debtors' Plan, the Trustee contends that a certain Master Dealer Agreement and a Product Addendum entered into between PNY and the Debtors in 2006 should be filed under seal due to the to their "confidential and/or proprietary and sensitive nature."

5.PNY objects to this request.  As explained by the Second Circuit, section 107 of the Bankruptcy Code affords a debtor limited protection to certain confidential commercial information which could prejudice a debtor and afford its competitor an unfair advantage by providing a competitor with information as to the commercial operations of the debtor. See In re Orion Pictures Corp., 21 F.3d 24, 27 (2d. Cir. 1994) (citing In re Intel Corp., 17 B.R. 942, 944 (9th Cir. BAP 1982)).

6.PNY submits that no such concern exists in this case warranting an Order allowing the Trustee to file the PNY agreements under seal.  The Debtors have not been engaged

in any commercial operations since at least March 2009. The agreements entered into between PNY and the Debtors that the Trustee seeks to protect date back to 2006. There is no reason why the Trustee needs to file the PNY agreements under seal, since there is no possibility that, at this stage of the case, public filing of those documents could prejudice the Debtors or give a competitor any unfair advantage in commercial operations against the Debtors. As stated above, the Debtors ceased commercial operations more than three years ago.

7. Moreover, PNY should not be forced to comply with an Order that merely adds a higher level of complexity to this proceeding when such Order would not afford a benefit to either party. Accordingly, PNY respectfully requests that the Trustee's motion be denied since the Trustee has not shown any cause, much less good cause, requiring the PNY agreements to be filed under seal.

8. In the alternative, in the event that this Court is inclined to grant the Trustee's motion, PNY would like to apprise the Court that the purported copies of the Master Dealer Agreement and the Product Addendum referenced in the Trustee's motion and that the Trustee has served on PNY are incomplete and are missing certain exhibits referenced in those agreements. Accordingly, PNY reserves its right to supplement the record in this case and file complete copies of the Master Dealer Agreement and the Product Addendum.

**WHEREFORE**, PNY Technologies, Inc. respectfully requests that the Court deny the Trustee's motion to file under seal the incomplete Master Dealer Agreement and the Product Addendum as they relate to PNY's Claim No. 1723, and grant such other and further relief as deemed just and proper.

                              PNY TECHNOLOGIES, INC.


                          By: /s/ Neil E. McCullagh
                                  Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Neil E. McCullagh, Esquire (VSB #39027)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia  23219
Phone:  (804) 697-2000
Fax: (804) 697-2100

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Counsel for PNY Technologies, Inc.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on May 7, 2012, a copy of the foregoing Objection was served on the following, constituting all necessary parties, by the means indicated:

By email (to acaine@pszjlaw.com) and U.S. First-Class Mail to:

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

By email (to pberan@tb-lawfirm.com) and U.S. First-Class Mail to:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219


By email (to Robert.B.Van.Arsdale@usdoj.gov) and U.S. First-Class Mail to:
Robert B. Van Arsdale
Office of the U.S. Trustee
U.S. Courthouse
701 E. Broad Street
Suite 4304
Richmond, VA 23219


                                                        /s/ Neil E. McCullagh