UNITED STATES BANKRUPTCY COURT FOR
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:                              )
                                    )
                                    )
CIRCUIT CITY STORES, INC.           )        Chapter 11
                                    )        CASE NO. 08-35653-KRH
                                    )
                                    )
Debtor.                             )
                                    )

### CREDITOR ROBERT GENTRY'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN INVALID CLAIMS DOCKET NO. 11809]

COMES NOW, Creditor Robert Gentry, through his undersigned counsel, pursuant to Fed. R. Brankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], and responds to the Debtors' Thirty-First Objection to Claims [Disallowance of Certain Invalid Claims, Docket No. 11809] and states as follows:

**Argument**

1. The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2008 and continue to manage their affairs as debtors-in-possession.

2. On August 29, 2002, Creditor Gentry filed his lawsuit on behalf of himself and all other customer service managers employed by Debtors seeking overtime compensation, compensation for missed meal and rest breaks, waiting time penalties and attorneys' fees under California law. The class action-styled case, which is entitled *Gentry v. Circuit City, Inc.*, is filed in the Los Angeles Superior Court, Case No. BC 280631.

Creditor Gentry seeks to represent all California-based salaried customer service managers who were employed by Debtors and who were not paid overtime compensation, or provided meal and rest breaks.

3. California Labor Code section 203 provides "waiting time penalties" for employees who are not paid all wages due and owing at the time of the termination of their employment. This code section provides in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with [specified statutes], any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until an action therefore is commenced; but the wages shall not continue for more than 30 days. Lab. Code § 203

4. On January 13, 2009, pursuant to this Court's Order regarding creditor claims, Creditor Gentry - through his counsel - filed a timely creditor claim with the bankruptcy administrator, Kurtzman Carson Consultants.

5. On or about April 2, 2012, Debtors filed their Thirty-First Omnibus Objection to Claims [Disallowance of Certain Invalid Claims]. In its Objection, the Debtors' seek to expunge the claim entirely on the basis that it "denies the basis and validity of the claim.

6. Debtors are in exclusive possession of the information necessary for Creditor Gentry to litigate this claim. Specifically, Debtors hold the payroll, employment and time records, including the pay rates and number of weeks worked by Creditor Gentry.

7. Counsel for the parties have met and conferred regarding Debtors' Thirtieth Omnibus Objection to Claims. Debtors expressed interest in resolving this claim, and Creditor submitted a demand; however, Debtors have not responded.

8. Further, since Debtors' filing of its voluntary petition, the trial court proceedings of Creditor Gentry have been stayed under Code of Civil Procedure section 916 and also pursuant to the federal bankruptcy law "automatic stay" rules.

9. Due to the automatic stay, Creditor's counsel is prohibited from conducting discovery against Debtors that would be necessary to evaluate Creditor Gentry's claim with more particularity.

10. Debtors' counsel has informed Creditor's counsel that this will be a "liquidating" bankruptcy. In addition, Debtors' counsel informed Creditor Gentry that given Debtors' limited financial resources, matters that would otherwise be returned to trial court(s) are being kept in the Bankruptcy Court in order to curb the cost of litigating claims.

11. Based on the foregoing, Debtors' Objection, which seeks to expunge this claim in its entirety, is improper.

Respectfully submitted,

Dated: May 2, 2012            **RIGHETTI GLUGOSKI, P.C.**

/s/ Michael Righetti
_____
Michael Righetti
Attorney for Creditor, Robert Gentry

3
<u>**CREDITOR ROBERT GENTRY'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN INVALID CLAIMS DOCKET NO. 11809]**</u>

# PROOF OF SERVICE

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Thursday, May 03, 2012 I served the foregoing document described as:

**CREDITOR ROBERT GENTRY'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN INVALID CLAIMS DOCKET NO. 11809]**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

Paula Steinhilber Beran
Travenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, Virginia 23219
pberan@tb-lawfirm.com

Robert J. Feinstein
Pachulski Stang Ziehl and Jones
780 Third Avenue
New York, NY 10017
rfeinstein@pszjlaw.com

(X)  **VIA ECF ELECTRONIC MAIL**
    By emailing the above documents referenced to the recipients listed herein.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, May 03, 2012, at San Francisco, California.

*Sarah Minkus*
Sarah Minkus

PROOF OF SERVICE