Curtis G. Manchester, Esq. (VSB No. 32696)
Alison Wickizer Toepp, Esq. (VSB No. 75564)
REED SMITH LLP
Riverfront Plaza—West Tower
901 E. Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone:  (804) 344-3400
Facsimile:  (804) 344-3410

*Counsel to Northern Indiana Public Service Company*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**RESPONSE OF NORTHERN INDIANA PUBLIC SERVICE COMPANY
TO LIQUIDATING TRUST'S THIRTY-FIRST OMNIBUS OBJECTION
TO CLAIMS (DISALLOWANCE OF CERTAIN INVALID CLAIMS)**

Northern Indiana Public Service Company ("NIPSCO"), by its undersigned counsel, hereby responds to the *Liquidating Trust's Thirty-First Omnibus Objection to Claims (Disallowance of Certain Invalid Claims)* [Docket No. 11809] (the "Objection") filed by Alfred H. Siegel (the "Trustee"), as the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") and, in support hereof, respectfully states as follows:

**BACKGROUND**

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. Prior to the Petition Date, certain of the Debtors maintained six accounts with NIPSCO for the supply of gas and electricity. The Debtors' pre-petition accounts were identified as account numbers: (a) 547-840-001; (b) 012-384-006; (c) 078-446-007; (d) 246-031-002; (e) 570-781-007; and (f) 936-700-005 (collectively, the "Pre-Petition Accounts"). As of the Petition Date, the aggregate account balance on the Pre-Petition Accounts was $15,866.07.

3. After NIPSCO received notice of the Debtors' bankruptcy cases, it promptly closed the Pre-Petition Accounts and opened five post-petition accounts for the Debtors retroactive to the Petition Date. The Debtors' post-petition accounts were identified as account numbers: (a) 148-294-007; (b) 511-294-000; (c) 901-294-009; (d) 701-294-009; and (e) 733-294-006 (collectively, the "Post-Petition Accounts"). All charges incurred by the Debtors after the Petition Date were billed to the Post-Petition Accounts, and all payments received from the Debtors after the Petition Date were applied to the Post-Petition Accounts. True and correct copies of the financial activity statements for the Post-Petition Accounts are attached hereto as **Exhibit A**.

4. On December 5, 2008, NIPSCO filed a general unsecured proof of claim in the amount of $15,866.07 at Claim No. 1543 (the "Claim") representing the aggregate unpaid balance across the Pre-Petition Accounts as of the Petition Date.

5. On or about December 23, 2008, and pursuant to section 366(b) of the Bankruptcy Code, the Debtors furnished adequate assurance of post-petition payment to NIPSCO in the form of cash deposits in the amounts of $10,877.00 and $8,795.00 (together, the "Deposits"), which were deposited into two deposit customer accounts with account numbers ending in 006-6 and 003-3 (together, the "Deposit Accounts"), respectively. True and correct

copies of the financial activity statements for the Deposit Accounts are attached hereto as **Exhibit B**.

6. On or about March 19, 2009 and April 6, 2009, the Deposits were transferred from the Deposit Accounts to certain of the Post-Petition Accounts and applied to the unpaid balances thereof. Neither of the Deposits nor any portion thereof was applied to reduce the unpaid balance of the Pre-Petition Accounts.

7. After service on the Post-Petition Accounts was discontinued and final bills were issued, an aggregate credit balance of $1,849.37 existed in the Post-Petition Accounts. On October 1, 2009, NIPSCO issued a refund check to the Debtors in the amount of the credit balance. Neither the credit balance nor any portion thereof was applied to reduce the unpaid balance of the Pre-Petition Accounts. A redacted copy of the refund check is attached hereto as **Exhibit C**.

8. On March 30, 2012, the Trust filed the Objection seeking to disallow the Claim in its entirety on the basis that, according to the Trust's books and records, there are "pending deposits and/or post-petition overpayments on account." See Objection at Exhibit B. As set forth above, however, the Deposits were applied to the unpaid balances of the Post-Petition Accounts and any overpayment on the Post-Petition Accounts was refunded to the Debtors on October 1, 2009. Accordingly, NIPSCO is not holding any pending deposits for the accounts of the Debtors and any overpayments have been reconciled.

9. Patti E. Pope, the Manager of Revenue Recovery at NIPSCO, has personal knowledge of the relevant facts that support this response. The *Declaration of Patti E. Pope in Support of the Response of Northern Indiana Public Service Company to Liquidating Trust's*

*Thirty-First Omnibus Objection to Claims (Disallowance of Certain Invalid Claims)* is attached hereto as **Exhibit D**.

### RESPONSE

10. The Objection should be overruled and the Claim should be allowed in full because the Trust's bald assertion that there are "pending deposits and/or post-petition overpayments on account" is insufficient to overcome the *prima facie* validity of the Claim, particularly in light of the evidence presented by NIPSCO to the contrary.

11. A proof of claim "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); accord Stancill v. Harford Sands Inc. (In re Harford Sands Inc.), 372 F.3d 637, 640 (4th Cir. 2004). "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal." Falwell v. Roundup Funding LLC (In re Falwell), 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Fullmer, 962 F.2d 1463, 1466 (10th Cir. 1992); In re Allegheny Int'l Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992)); see In re Harford Sands Inc., 372 F.3d at 640 ("debtor must introduce evidence to rebut the claim's presumptive validity."). "If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." In re Harford Sands Inc., 372 F.3d at 640.

12. NIPSCO's timely filed and validly executed Claim, which was supported by documentation establishing the identity of the claimant, the amount of the claim, and the basis for the claim, establishes a presumption in favor of the validity and amount of the Claim. See In re Falwell, 434 B.R. at 785 ("documents … required to give a proof of claim *prima facie* validity are those that identify the claimant and the amount of the claim, and provide information

sufficient to identify the basis for the claim (such as the account number)."). To overcome this presumption and shift the burden to NIPSCO, the Trust must present evidence "sufficient to demonstrate the existence of a *true dispute* and must have probative force equal to the contents of the claim." In re Falwell, 434 B.R. at 784 (emphasis in original) (citing 9 Collier on Bankruptcy, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

13. The Objection baldly asserts that the Claim is disputed because there are "pending deposits and/or post-petition overpayments on account." The Trust does not provide any evidence to support its allegations. Consequently, the Trust has failed to demonstrate the existence of a true dispute by submitting evidence of probative force equal to the contents of the Claim. Although not necessary given the Trust's lack of evidentiary support for the Objection, NIPSCO has provided additional support for the Claim by demonstrating that the Deposits were applied to the unpaid balance of the Post-Petition Accounts and any overpayment on the Post-Petition Accounts was refunded to the Debtors on October 1, 2009. Accordingly, NIPSCO is not holding any pending deposits for the accounts of the Debtors and any overpayments have been reconciled.

14. In light of the foregoing, the Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to the Claim or to overcome the *prima facie* validity of the Claim. Accordingly, the Objection should be overruled and the Claim should be allowed as a general unsecured claim in the amount of $15,866.07.

15. NIPSCO requests that this response constitute a contested matter and generally reserves all of its rights under applicable law and procedural rules, including but not limited its rights to respond to any amended objection filed by the Trust and to take discovery. See Fed. R. Bankr. P. 7028-7037, as made applicable herein by Fed. R. Bankr. P. 9014(c).

US_ACTIVE-109297372.3

WHEREFORE, for the reasons set forth herein, NIPSCO respectfully requests that the Court enter an order (i) overruling the Objection as it relates to the Claim, (ii) allowing the Claim as a general unsecured claim in the amount of $15,866.07, and (iii) granting NIPSCO such other and further relief as is just and proper.

Dated:  May 3, 2012

Respectfully submitted,

REED SMITH LLP

By:  */s/ Alison Wickizer Toepp*
Alison Wickizer Toepp (VSB No. 75564)
Curtis G. Manchester (VSB No. 32696)
Riverfront Plaza—West Tower
901 E. Byrd Street, Suite 1700
Richmond, VA 23219-4068
atoepp@reedsmith.com
cmanchester@reedsmith.com
Telephone:  (804) 344-3400
Facsimile:  (804) 344-3410

*Counsel to Northern Indiana Public Service Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of May, 2012, a true and correct copy of the foregoing was served electronically using the Court's CM/ECF system on all registered users of the CM/ECF system who have filed a notice of appearance in this matter and by first class U.S. mail, postage prepaid, upon the following counsel:

>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>
>Robert J. Feinstein, Esq.
>PACHULSKI STANG ZIEHL & JONES LLP
>780 Third Avenue, 36th Floor
>New York, New York 10017

>*/s/ Alison Wickizer Toepp*
>Alison Wickizer Toepp (VSB No. 75564)
>Curtis G. Manchester (VSB No. 32696)
>Riverfront Plaza—West Tower
>901 E. Byrd Street, Suite 1700
>Richmond, VA 23219-4068
>atoepp@reedsmith.com
>cmanchester@reedsmith.com
>Telephone:  (804) 344-3400
>Facsimile:  (804) 344-3410
>
>*Counsel to Northern Indiana Public Service Company*