UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA


IN RE:                     .    Case No. 08-35653 (KRH)
                           .
                           .    Chapter 11
                           .    Jointly Administered
CIRCUIT CITY STORES,       .
INC., et al.,              .    701 East Broad Street
                           .    Richmond, VA 23219
                           .
          Debtors.         .
                           .    May 10, 2012
. . . . . . . . . . . . ..       2:09 p.m.


                    TRANSCRIPT OF HEARING
            BEFORE HONORABLE KEVIN R. HUENNEKENS
            UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:            Tavenner and Beran, PLC
                           By:  PAULA BERAN, ESQ.
                                LYNN TAVENNER, ESQ.
                           20 North Eighth Street, 2nd Floor
                           Richmond, VA 23219

For InnerWorkings          DLA Piper
Inc.:                      By:  TIMOTHY W. BRINK, ESQ.
                           203 North LaSalle Street
                           Suite 1900
                           Chicago, IL 60601

For Sun Builders           Law Firm of Russell R. Johnson, III,
Company:                     PLC
                           By:  RUSSELL R. JOHNSON, III, ESQ.
                           2258 Wheatlands Drive
                           Manakin-Sabot, VA 23102


Proceedings recorded by electronic sound recording, transcript
            produced by transcription service

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609) 586-2311   Fax No. (609) 587-3599

TELEPHONIC APPEARANCE:

For the Debtor:            Pachulski Stang Ziehl & Jones LLP
                           By:  ANDREW CAINE, ESQ.
                           10100 Santa Monica Boulevard
                           13th Floor
                           Los Angeles, CA 90067

                              - - -

1          COURTROOM DEPUTY:  All rise.  The United States

2  Bankruptcy Court for the Eastern District of Virginia is now in

3  session, the Honorable Kevin R. Huennekens presiding.  Please

4  be seated and come to order.

5          COURT CLERK:  In the matter of Circuit City Stores,

6  Incorporated, hearing on Items 1 through 45 as set out on

7  proposed agenda.

8          MS. BERAN:  Good afternoon, Your Honor.

9          THE COURT:  Good afternoon.

10          MS. BERAN:  For the record, Paula Beran of the law

11  firm of Tavenner & Beran.  With me this afternoon at counsels

12  table is my law partner, Lynn Tavenner, as well as Ms. Ann

13  Pietrantoni, from the Circuit City liquidating trust.  In

14  addition, Your Honor, Mr. Andrew Caine of the Pachulski firm is

15  on the phone.

16          THE COURT:  All right.

17          MS. BERAN:  Your Honor, there are a number of matters

18  on today's docket and I will handle the first couple and Ms.

19  Tavenner will handle a handful and then I will come back up to

20  the podium if Your Honor's so inclined as it relates to the

21  claim objections.

22          THE COURT:  All right.

23          MS. BERAN:  First and foremost, Your Honor, the first

24  set of category -- or category of matters before Your Honor are

25  the pretrial conferences.  The first one is in the adversary

1  proceeding, Siegel versus InnerWorkings, Inc., Case Number

2  10-3757.   In connection with that matter, Your Honor, we are,

3  pursuant to Your Honor's procedures, ready to set that matter

4  for trial.

5           In consultation with defendant's counsel, we believe

6  that that matter will require two days.   Counsel has also

7  talked and compared available dates, as well as those dates

8  that we understand were available for Your Honor.   And the week

9  of December 17th works for the parties.   And we'd respectfully

10 request I believe it was the 17th and 18th.

11          Finally, Your Honor, Your Honor may enter the

12 standard pretrial order that Your Honor has entered in every

13 other adversary proceeding in these cases.

14          THE COURT:   I do have the 17th and 18th available to

15 -- and I can set it down for that date.   Yes, sir?

16          MR. BRINK:   Good morning -- pardon me, good

17 afternoon, Your Honor.   My name is Tim Brink.   I'm counsel for

18 InnerWorkings, the defendant in this adversary case.

19          THE COURT:   Okay.   And does the 17th and 18th of

20 December work for you, sir?

21          MR. BRINK:   For the trial date, they do, yes, Your

22 Honor.

23          THE COURT:   Okay.   Very good.   I will set it down

24 then for a two-day trial beginning on Monday, December 17.

25 That'll begin at 10:00.   And you've also got the 18th reserved,

1   as well.  The -- and then, I will issue my normal pretrial

2   order in this case.  Is that acceptable, as well?

3          MR. BRINK:  Yes, it is, Your Honor.

4          THE COURT:  Okay.  Very good.  I will go ahead and do

5   that, then.  Thank you very much.

6          MR. BRINK:  Thank you very much.

7          MS. BERAN:  Thank you, Your Honor.  Your Honor, the

8   second matter is the pretrial conference in the matter of

9   Siegel versus Sun Builders Company.  In connection with this

10  matter, the parties have discussed, we believe it will take

11  about a day and a half but we'd respectfully request to reserve

12  two days for the trial on this matter.  And at this point in

13  time, Your Honor, we would respectfully request that we have a

14  date in January, given the other trials that are already

15  scheduled in these cases.

16         THE COURT:  I thought you were being rather ambitious

17  when you scheduled the last one a week after one you already

18  had scheduled.  And I was going to suggest that we just go over

19  to the next week there.

20         MS. BERAN:  Your Honor, the parties had -- in

21  connection with that one, the parties had been discussing that

22  week before the earlier one had been scheduled.  So, since that

23  agreement had been reached, we went --

24         THE COURT:  All right.  Let's -- in January, I've got

25  -- I can do January 7 and 8.

6

1          MR. JOHNSON:  Hello, Your Honor.  Russ Johnson here

2     for Sun Builders.  Those dates are fine.  Assuming the

3     (indiscernible) are wrong, those dates are --

4          THE COURT:  Okay.

5          MS. BERAN:  Your Honor, that's fine from the trust's

6     perspective.

7          THE COURT:  Okay.  So, I'm going to set this down,

8     begin at 10:00 on January 7.  And I'll reserve the -- both days

9     for you to -- for that trial.  Now, is it okay if the Court

10    enters its normal pretrial order or do you need anything

11    separate?

12         MS. BERAN:  Your Honor, from the trust's perspective,

13    and I believe from the defendant's perspective, the standard

14    pretrial that has been entered in every other adversary

15    proceeding is fine.

16         MR. JOHNSON:  Yes, Your Honor.

17         THE COURT:  All right.  Very good.  Thank you, Mr.

18    Johnson.

19         MR. JOHNSON:  Thank you.

20         THE COURT:  All right.  So, we will set that one,

21    then, in January at the 7th and the 8th.  All right.

22         MS. BERAN:  Thank you, Your Honor.  Your Honor, that

23    brings us to the next category of motions and I will step aside

24    and Ms. Tavenner will address those.

25         THE COURT:  Okay.  Ms. Tavenner?

1          MS. TAVENNER:  Good afternoon, Your Honor.  For the

2   record, Lynn Tavenner, of the law firm of Tavenner & Beran,

3   appearing on behalf of the trust.

4          Item 3, Your Honor, arises in the adversary of Siegel

5   against B.R. Fries.  It's a motion to dismiss the adversary

6   proceeding.  It's a motion filed in the <u>Iqbal</u> nature.  We have

7   submitted to Your Honor that the motion itself is premature

8   given Your Honor's mediation procedures and wanted to advise

9   that the parties have conducted an initial mediation at this

10  point.  However, the mediator has continued the same for an

11  additional exchange of additional information.  So, the

12  mediation is ongoing at this point.  As a result, we would

13  respectfully request that this motion be continued again until

14  June 7, 2012.

15         THE COURT:  And that's perfectly acceptable to the

16  Court.  It'll be continued to the 7th.

17         MS. TAVENNER:  Thank you, Your Honor.  The next

18  matter --

19         THE COURT:  Who's mediating this one?  It's not

20  critical.

21         MS. TAVENNER:  Mr. Flanagan is the trust's attorney

22  and I cannot recall -- it'll come to me and I'll advise you.

23         THE COURT:  It's not critical.

24         MS. TAVENNER:  Okay.

25         THE COURT:  Okay.  You can go on to the next matter.

1        MS. TAVENNER:  Thank you, Your Honor.  The next

2  matter is Item 4, Siegel against SYNNEX Corporation.  This

3  relates to a matter that actually is scheduled for trial in

4  August.  The trust has filed a motion, pursuant to Rule 7037,

5  with respect to certain discovery failures.  And we are trying

6  to resolve those and advised Your Honor of that last time but

7  given that we are in ongoing stages of discovery, we would

8  respectfully request that it remain on your docket until the

9  June 7th trial date -- I mean, hearing date, I'm sorry.

10        THE COURT:  All right.  And if we resolve -- if

11  you're unavailable to resolve it and we hear it on June 7,

12  that'll give you plenty of time prior to the trial date.

13        MS. TAVENNER:  We believe so, Your Honor.

14        THE COURT:  Okay.  Very good.  Then, that's what I'll

15  do, continue to June 7.

16        MS. TAVENNER:  Thank you, Your Honor.  Item 5 is a

17  motion for an order further extending the claims objection

18  deadline for certain categories of claims.  Your Honor, we

19  addressed this with you and gave you a preview at the last

20  hearing.  By this motion, the trust is requesting that the

21  claim objection deadline of April 24 be extended by another 160

22  days to October 1 with respect to certain identified categories

23  of claims.  It's not a carte blanche request for an extension.

24        Since we were last before you on April 12, the trust

25  has continued to work very hard to continue to analyze claims

1  and has indeed filed additional claims objections.  With

2  respect to where we are at this point, when the motion was

3  filed, there were 4,671 claims with an aggregate amount of

4  approximately 1.1 billion that remains subject to review and

5  objection, if needed.  And of those, there were approximately

6  3700 that related totally -- solely to general unsecured claims

7  with an amount of about -- a little less than a million.

8       Your Honor, the task of addressing these remaining

9  unresolved claims has been extremely daunting, given the

10  trust's other duties.  And, as Your Honor knows, these tasks

11  are being performed by 13 trust employees who were former

12  Circuit City employees.  They have done a phenomenal job to

13  date and we are -- it's been a pleasure to work with them.

14  They have an incredible work ethic.

15       They are, however, in addition to addressing the

16  claims, continually preoccupied with other items, including

17  continuing to work on the prosecution of the adversary

18  proceedings that we address with you on a monthly basis.  And,

19  as a result of their efforts, we have been able to resolve a

20  substantial amount of them.  It was over 490 at the time we

21  filed the motion and it's even greater than that today.

22       In addition, Your Honor, they continue to reconcile

23  the claims and, on top of all that, are working very hard with

24  Mr. Siegel to address all the administrative tasks of the

25  financial and tax reporting with respect to the trust itself.

1          Your Honor, the specific categories that we are

2  asking for an extension on relate to the following, human

3  resources related, approximately 1400 claims that have been

4  identified by the trust as HR claims falling into the following

5  types of categories including but not limited to paid time off,

6  short-term incentive plan, long-term incentive plan, 401(k)

7  pension and severance.  And they've continued to analyze and

8  indeed have filed some additional objections with respect to

9  those.

10          But, as I told you before, Ms. Pietrantoni, who's

11  here today and is heading up that review process with respect

12  to the HR claims -- while they have done an initial review of

13  all those claims, she felt that it would be more expedient for

14  both the trust and the claimants themselves to seek an

15  additional time so that she could go back and complete the

16  internal analysis because much of it initially had been done by

17  the debtors' professionals and she wanted to go back and verify

18  that information herself before filing any objection and

19  unnecessarily bringing anyone in here.

20          The other categories, Your Honor, relate to landlord

21  claims but these specifically relate to such claims where a

22  claim may have been objected to as being filed against the

23  wrong debtor entity or by the wrong claimant and for which such

24  objection has not been finally resolved and is still pending.

25  So, an identified subcategory there of landlord claims.

1              Similarly --

2              THE COURT:  And how many of those do we have?

3              MS. TAVENNER:  I don't have a number, Your Honor,

4    because it's an ongoing process.  We believe that we had filed

5    the, if you will, the substantive objections with regard to all

6    of the landlord claims and these are just the ones that we want

7    to clean up.  And there's some others that are already out

8    there.  We want to make sure we don't miss something.

9              THE COURT:  All right.

10             MS. TAVENNER:  There -- similarly, Your Honor, we

11   have claims subject to pending objections, not necessarily

12   landlord claims, the same type of category.  And, finally, Your

13   Honor, as we advised you last time, there are approximately 800

14   claims that were originally scheduled by debtors as undisputed.

15   The trust has gone back and determined that some of those

16   should be reviewed and potentially there may be some additional

17   objections relating to those.  And they've matched up many of

18   them, but they're concerned that there could be some

19   duplication between scheduled and filed claims and just want to

20   make sure that they have everything wrapped up with regard to

21   those.

22             It's only, Your Honor, with these specific categories

23   that the trust is seeking a further extension of time through

24   October 1 to object to any of those claims as necessary.  I did

25   want to advise the Court, Your Honor, that since we were last

1  before you on April the 12th, the trust has filed an additional

2  14 claim objections, a dozen of which were actually omnibus

3  claim objections.  These objections related to claims for

4  indemnification, miscellaneous human resources, equity,

5  landlord, including the mitigation claims, as well as two

6  substantial stand-alone objections relating to claims filed by

7  PNY and Chase Bank.

8          So, Your Honor, they are continuing to work very hard

9  but do seek an extension of time for the identified categories

10  through October 1.  Ms. Pietrantoni, who is the trust's HR and

11  report manager, is here today available to testify in support

12  of the motion to the extent necessary and the trust's efforts

13  and accomplishments to date and the remaining work to be done.

14  She would tell the Court if called to testify that the relief

15  requested in the motion is in the best interests of the estate

16  as a whole and is necessary to the effective administration of

17  the trust in its duties.

18          We have received no objections, Your Honor, to this

19  motion and would respectfully request that the Court enter an

20  order extending the objection deadline for the delineated

21  categories of claims through and including October 1 of this

22  year.

23          THE COURT:  All right, Ms. Tavenner.  Does any party

24  with to be heard in connection with the motion for an order

25  further extending the claims objection deadline for the

1  categories of claims that counsel has outlined?

2                    (No audible response)

3          THE COURT:  All right.  There being no objections,

4  the Court's going to grant that motion.

5          MS. TAVENNER:  Thank you, Your Honor.  The next item

6  on the docket is Item 6.  It's a motion to file under seal

7  certain agreements with PNY Technologies.

8          Your Honor, this relates to the claim objection that

9  was filed that I just discussed with you.  In conjunction with

10 that objection, the trust identified certain agreements in the

11 text of its objection but because of a confidentiality

12 agreement contained in the master dealer agreement, the trust,

13 out of an abundance of caution, filed the motion to file the

14 certain documents under seal.

15         Your Honor, since we filed that motion, PNY, through

16 its counsel, has filed a response.  And we have had subsequent

17 correspondence with their counsel.  Specifically, Your Honor,

18 counsel has told us that they are willing to waive the

19 confidentiality agreement in the master dealer agreement and

20 agree that the trust has no obligation to file the exhibits

21 referenced in the objection under seal and no objection to the

22 trustee filing any exhibits to the docket in this case.

23 Similarly, Your Honor, the trust will acknowledge that, based

24 upon that, that PNY would have no corresponding obligation to

25 file similar documents under seal.

1          Mr. Neil McCullagh, who is one of the counsel for the

2    trust, has also advised us that, based upon this, he was not

3    intending to appear here today.  I advised him that we would

4    alert Your Honor to where we are and that we would request that

5    when we prepare the order to withdraw, which is what we are

6    requesting, that we would include this language in our order

7    and request him to endorse the same so that we ensure that

8    everyone is on the same page.

9          THE COURT:  All right.  Very good.

10         MS. TAVENNER:  With that, Your Honor, we would submit

11   that the motion at this point could be withdrawn and we would

12   submit the appropriate order.

13         THE COURT:  All right.  In fact, PNY filed an

14   objection --

15         MS. TAVENNER:  Yes.  Yes, they did, which --

16         THE COURT: -- which I thought was kind of

17   interesting.  All right.  Very good.  Well, I suppose then I

18   understand Mr. McCullagh's reluctance to be here today.  I'll

19   certainly enter that order as you've described it.

20         MS. TAVENNER:  Thank you, Your Honor.  We will need

21   to revise the order and get it to Mr. McCullagh, but we will

22   submit it to you as promptly as possible.

23         THE COURT:  All right.  Very good.

24         MS. TAVENNER:  We do want to have his endorsement.

25         THE COURT:  All right.

1       MS. TAVENNER:  The final motion that's on the docket,

2   Your Honor, Item 7, is a similar motion to file under seal a

3   certain agreement with Chase Bank USA, National Association.

4   This, Your Honor, is in conjunction with the claim objection

5   filed with respect to the Chase Bank claim.

6       We have heard from Mr. Michael Condyles who is

7   counsel for J.P. Morgan Chase.  He has informed us that he has

8   reviewed the motion and has no objection to the relief

9   requested.  As a result, Your Honor, we would intend to submit

10  to Your Honor for entry the proposed order that we tendered to

11  the motion, granting the filing of the document under seal.

12  And we would do that in accordance with the local rules.

13      THE COURT:  And Chase was not willing to waive the

14  confidentiality requirement.

15      MS. TAVENNER:  Correct, Your Honor.

16      THE COURT:  All right.  It seems to me that a lot of

17  that is ancient history at this point.  It's hard to figure out

18  how it could still be, you know -- but I will defer to the

19  parties and I can ask Mr. Condilos that question at the

20  appropriate time.  r the time being though I will grant your

21  motion and you can submit your order.

22      MS. TAVENNER:  Thank you, Your Honor.  That concludes

23  the motion that are on the docket.  The remainder of the docket

24  relates to various claim objections which Ms. Beran will take

25  up with you.

1            THE COURT:  All right.  Thank you.

2            MS. BERAN:  Your Honor, I apologize.  I had stepped

3    out because Mr. Johnson had a question for me in connection

4    with a matter.  I understand in my absence that Your Honor

5    asked about the mediator in the B.R. Fries matter.  That matter

6    is being mediated by Mr. Rick Meth and I was actually the

7    trust's counsel who participated in that mediation.  And we are

8    continuing to exchange information and --

9            THE COURT:  I was waiting for you to leave to see

10   just how tuned in Ms. Tavenner was to what was going on with

11   the mediation.

12                        (Laughter)

13           MS. BERAN:  Oh, Your Honor, if you only knew what

14   transpired in our offices.

15           Turning then, Your Honor, to the claims objections

16   found at Page 6 on the lengthy agenda.  Your Honor, as

17   indicated on Exhibits A and B attached to the agenda, since we

18   last stood before you on all of these claims types objections

19   two months ago, I'm happy to report that, you know, over 50 of

20   them -- I think it's 55, 57 of these claims now have been

21   resolved, as indicated on, primarily, Exhibit B.  And so, we --

22   the trust continues to work in connection with resolving the

23   ones that it had objected to and specifically in reconciling

24   and exchanging information with the various claimants.

25           In connection with the specific claim objections in

1    connection with the debtors' nineteenth omnibus objection, Your

2    Honor, there was one claim that still remains outstanding.

3    We'd respectfully request that the status conference be

4    continued until July 10th.

5           THE COURT:  It'll be continued to July 10.

6           MS. BERAN:  Thank you, Your Honor.  Turning to Page

7    8, the debtors' thirty-first omnibus objection, there still

8    remain a handful of claims outstanding related to that

9    objection.  We'd respectfully request that they be continued

10   for status hearing to July 10th.

11          THE COURT:  They'll be continued to July 10.

12          MS. BERAN:  Thank you, Your Honor.  Turning to Page

13   11, the debtors' thirty-seventh omnibus objection to claims,

14   similarly, there are a handful that remain outstanding.  We'd

15   respectfully request they be continued for status purposes to

16   July 10th.

17          THE COURT:  They'll be continued to July 10.

18          MS. BERAN:  Turning to Page 16, Your Honor, on the

19   debtors' sixtieth omnibus objection, there still remains one

20   claim outstanding as it relates to that objection, and we'd

21   respectfully request that that be continued for status purposes

22   till July 10th.

23          THE COURT:  It'll be continued to July 10.

24          MS. BERAN:  Thank you, Your Honor.  Similarly, on

25   Item Number 12, the debtors' seventieth -- seventy-sixth

1  omnibus objection, there was one claim remaining outstanding,

2  and we'd respectfully request the objection be continued to

3  July 10th for status purposes on that matter.

4          THE COURT:  It'll be continued to July 10.

5          MS. BERAN:  Thank you, Your Honor.  Turning to Page

6  19, the debtors' seventy-ninth omnibus objection to claims,

7  there still remain a handful of claims outstanding on that

8  objection.  We'd respectfully request that they be continued

9  for status conference -- status purposes to the July 10th

10 omnibus.

11         THE COURT:  They'll be continued to July 10.

12         MS. BERAN:  Turning to Page 21, Item Number 14, we

13 now go to the set of what we refer to as the stand-alone tax

14 objections, that is the notice and objection to the California

15 Board of Equalization.  We'd respectfully request that we

16 continue that matter for status purposes to July 10th.

17         THE COURT:  It'll be continued to July 10.

18         MS. BERAN:  Similarly, Your Honor, Item Number 15 is

19 -- relates to the Tennessee Department of Revenue.  We'd

20 respectfully request that that matter be continued for status

21 purposes to July 10th.

22         THE COURT:  It'll be continued to July 10.

23         MS. BERAN:  Thank you, Your Honor.  We'd also

24 respectfully request that Item Number 16, the objection to the

25 Wisconsin Department of Revenue's claim, be continued for

1  status purposes to July 10th.

2         THE COURT:  It'll be continued to July 10.

3         MS. BERAN:  Thank you, Your Honor.  Item Number 17 on

4  Page 26, it relates to the Louisiana Department of Revenue's

5  claims.  We are happy to report to Your Honor that these

6  objections and the underlying claims have been settled in

7  concept.  However, it's still pending documentation so we

8  thought it most appropriate that we go ahead and continue the

9  status conference until July 10th and are optimistic that we

10 can remove the matter from the Court's docket then.

11         THE COURT:  All right.  Very good.  I'll continue it

12 to July 10.

13         MS. BERAN:  Thank you, Your Honor.  On Page 27, Your

14 Honor, the objection to the Massachusetts -- well, Commonwealth

15 of Massachusetts, we'd respectfully request that that matter be

16 continued until July 10th for status purposes.

17         THE COURT:  It'll be continued.

18         MS. BERAN:  Thank you, Your Honor.  Similarly, Your

19 Honor, to the claims of the State of New Jersey, we'd -- and

20 the objections thereto, we'd respectfully request that Item

21 Number 19 be continued for status purposes until July 10th.

22         THE COURT:  It'll be continued to July 10.

23         MS. BERAN:  Thank you, Your Honor.  Your Honor, as it

24 relates to the claims and the objections to the Commonwealth of

25 Virginia Department of Taxation, we'd respectfully request that

1   Item Number 20 be continued until July 10th.

2           THE COURT:  It'll be continued to July 10.

3           MS. BERAN:  Thank you, Your Honor.  Your Honor,

4   turning back now to the liquidating trust's omnibus objection

5   on Page 32, the liquidating trust's first omnibus objection.

6   Your Honor, in connection with these objections, there are

7   still outstanding the two categories of claims that we've

8   previously referenced, those being to which a response was

9   filed and we are still trying to reconcile and come to a

10  resolution and/or to those that we have had informal responses

11  and/or correspondence and have agreed to continue out the

12  response date so that we can continue to try and resolve and/or

13  reconcile.  With regard to those two categories, as identified

14  on Exhibit B, we'd respectfully request that this omnibus

15  objection be continued until the July 10th omni date.

16          THE COURT:  Be continued to July 10.

17          MS. BERAN:  Thank you, Your Honor.  Turning now to

18  Page 36, Item Number 22 is the liquidating trust's second

19  omnibus objection.  Your Honor, as indicated on Exhibit B,

20  certain of the claims subject to that objection have been

21  resolved.  There are additional -- the two categories of

22  claims.  As it relates to those two categories of claims, we'd

23  respectfully request that they be continued until the July 10th

24  omnibus hearing for status purposes.

25          THE COURT:  They'll be continued to July 10.

1            MS. BERAN:  Thank you, Your Honor.  Turning to Page

2    40 now is the liquidating trust's third omnibus objection.  As

3    indicated on Exhibit B, certain of those claims have been

4    resolved and can be removed from the Court's docket.  The two

5    additional categories of claims, we'd respectfully request, as

6    identified on Exhibit B, that they be continued until the July

7    10th omnibus hearing for status purposes.

8            THE COURT:  They'll be continued to July 10.

9            MS. BERAN:  Thank you, Your Honor.  Turning now to

10   Page 44, Item Number 24, the liquidating trust's fourth omnibus

11   objection.  Your Honor will see on Exhibit B that certain of

12   these claims have been resolved and can be removed from the

13   Court's docket.  The remaining ones are those subject to the

14   two categories.  We'd respectfully request that they be

15   continued for status purposes until the July 10th omnibus

16   hearing date.

17           THE COURT:  They'll be continued to July 10.

18           MS. BERAN:  Thank you, Your Honor.  That brings us to

19   Page 48 which is Item Number 25, the liquidating trust's fifth

20   omnibus objection.  Similarly, Your Honor, certain of these

21   claims have been resolved, as identified on Exhibit B.  The

22   remaining two categories, we'd respectfully request that they

23   be continued until July 10th for status purposes.

24           THE COURT:  They'll be continued to July 10.

25           MS. BERAN:  Thank you, Your Honor.  Turning to Page

1   51, Item Number 26, the liquidating trust's sixth omnibus

2   objection, these claims, as identified on Exhibit B, are the

3   two categories of claims described.  We'd respectfully request

4   that they be continued until July 10th for status purposes.

5            THE COURT:  They'll be continued to July 10.

6            MS. BERAN:  Your Honor, that brings us to Page 55,

7   Item Number 27, the liquidating trust's seventh omnibus

8   objection.  Similarly, there are two categories of claims

9   remaining outstanding.  We'd respectfully request that for

10  those categories these item -- this item be continued until

11  July 10th for status purposes.

12           THE COURT:  It'll be continued to July 10.

13           MS. BERAN:  Thank you, Your Honor.  Item Number 28 on

14  Page 58, Your Honor, is the liquidating trust's eighth omnibus

15  objection.  As identified on Exhibit B, certain of these claims

16  have been resolved and can be removed from the Court's docket.

17  Similarly, there are the two categories of claims that remain

18  outstanding and we'd respectfully request that this omnibus

19  objection be continued for those claims to the July 10th

20  omnibus date.

21           THE COURT:  It'll be continued to July 10.

22           MS. BERAN:  Thank you, Your Honor.  Turning to Page

23  62, Your Honor, brings us to the liquidating trust's ninth

24  omnibus objection.  As identified on Exhibit B, certain of

25  those claims have been resolved and may be removed from the

23

1   Court's docket.  The two categories of claims, we'd

2   respectfully request that they be continued for status purposes

3   to the July 10th omnibus date.

4           THE COURT:  They'll be continued to July 10.

5           MS. BERAN:  Thank you, Your Honor.  Turning now to

6   Page 66, Item 30, there are -- there is one claimant that still

7   remains, subject to this omnibus objection, Mr. Besanko.  And,

8   as it relates to him, we'd respectfully request that this

9   matter be continued until the July 10th omnibus hearing date

10  for status purposes.

11          THE COURT:  It'll be continued to July 10.

12          MS. BERAN:  Thank you, Your Honor.  Your Honor, the

13  debtors' fourteenth omnibus objection -- excuse me -- the

14  liquidating trust's fourteenth omnibus objection on Page 68.

15  As identified on Exhibit B, certain of the claims subject to

16  that omnibus objection have been resolved.  The remaining two

17  categories of claims, we'd respectfully request that they be

18  continued for status purposes until July 10th.

19          THE COURT:  They'll be continued to July 10.

20          MS. BERAN:  Thank you, Your Honor.  Turning to Page

21  72 now, Your Honor, Item Number 32, the liquidating trust's

22  fifteenth omnibus objection, once again, Your Honor, some of

23  those claims subject to that omnibus objection have been

24  resolved, as identified on Exhibit B.  For the two remaining

25  categories of claims identified on Exhibit B, we'd respectfully

24

1  request that it be continued for status purposes to July 10th

2  omnibus hearing date.

3          THE COURT:  It'll be continued to July 10.

4          MS. BERAN:  Thank you, Your Honor.  Item Number 33 on

5  Page 75 is the liquidating trust's seventeenth omnibus

6  objection.  As it relates to this omnibus objection, there are

7  still the two categories of claims outstanding and for those

8  we'd respectfully request that they be continued until July

9  10th omnibus hearing date.

10         THE COURT:  They'll be continued to July 10.

11         MS. BERAN:  Thank you, Your Honor.  Turning to Page

12  79, Item Number 34 is the liquidating trust's eighteenth

13  omnibus objection.  Your Honor, as identified on Exhibit B, a

14  number of those have been resolved and may be removed from the

15  Court's docket.  Similarly, Your Honor, there are still the two

16  categories of claims outstanding and we'd respectfully request

17  that they be continued until the July 10th omnibus date.

18         THE COURT:  They'll be continued to July 10.

19         MS. BERAN:  Thank you, Your Honor.  Turning to Page

20  82, Item Number 35, the twentieth omnibus objection.  As

21  identified on Exhibit B, certain of those claims have been

22  resolved and may be removed from the Court's docket.  In

23  addition, Your Honor, there are still the two categories of

24  other claims outstanding, and we'd respectfully request that

25  they be continued until July 10th omnibus hearing date.

1          THE COURT:  They'll be continued to July 10.

2          MS. BERAN:  Thank you, Your Honor.  On Page 85, the

3   liquidating trust's twenty-first omnibus objection, some of

4   those claims subject to that objection have been resolved, as

5   identified on Exhibit B, and may be removed from the Court's

6   docket.  The two remaining categories of claims, we'd

7   respectfully request, as identified on Exhibit B, that they be

8   continued for status purposes to July 10th.

9          THE COURT:  They'll be continued to July 10.

10         MS. BERAN:  Thank you, Your Honor.  That brings us

11  then, Your Honor, to Page 89, Item Number 37, the liquidating

12  trust's twenty-third omnibus objection.  That objection still

13  has two categories of claims subject to it and we'd

14  respectfully request that it be continued for status purposes

15  until the July 10th omnibus.

16         THE COURT:  It'll be continued to July 10.

17         MS. BERAN:  Thank you, Your Honor.  Item Number 38 on

18  Page 91 is the liquidating trust's twenty-fourth omnibus

19  objection.  As identified on Exhibit B, Your Honor, certain of

20  those claims have been resolved and may be removed from the

21  Court's docket.  In addition, Your Honor, there are the two

22  categories of claims which we'd respectfully request be

23  continued for status purposes till the July 10th omnibus date.

24         THE COURT:  They'll be continued to July 10.

25         MS. BERAN:  Thank you, Your Honor.  That brings us to

1  Item Number 39 on Page 94, Your Honor, the liquidating trust's

2  twenty-fifth omnibus objection to claims.  Your Honor, as

3  identified on Exhibit B, certain of those claims have been

4  resolved.  There are, as well, though, the two categories of

5  claims still outstanding and we'd respectfully request that

6  those claims identified on Exhibit B -- that this matter be

7  continued until July 10th for status purposes.

8            THE COURT:  It'll be continued to July 10.

9            MS. BERAN:  Thank you, Your Honor.  Your Honor, then

10 turning to Page 96, Item Number 40, the liquidating trust's

11 twenty-sixth omnibus objection.  There are still two -- the two

12 categories of claims that remain outstanding in this omnibus

13 objection and we'd respectfully request, as identified on

14 Exhibit B, that these items be continued until July 10th's

15 omnibus hearing date.

16           THE COURT:  They'll be continued to July 10.

17           MS. BERAN:  Thank you, Your Honor.  Item Number 41 on

18 Page 99 is the liquidating trust's twenty-seventh omnibus

19 objection.  Similarly, Your Honor, there are the two categories

20 of claims that still remain pending subject to that omnibus

21 objection.  We'd respectfully request that they be continued

22 until the July 10th omnibus date for status purposes.

23           THE COURT:  They'll be continued to July 10.

24           MS. BERAN:  Thank you, Your Honor.  Item Number 42 on

25 Page 100 and 101 is the liquidating trust's twenty-eighth

1 omnibus objection.  As Your Honor will see on Exhibit B,

2 certain of the claims subject to that objection have been

3 resolved and may be removed from the Court's docket.  There are

4 also the two categories of claims that still remain unresolved

5 in connection with that omnibus objection and we'd respectfully

6 request that those claims, as identified on Exhibit B, be

7 continued until July 10th for status purposes.

8              THE COURT:  They'll be continued to July 10.

9              MS. BERAN:  Thank you, Your Honor.  That brings us to

10 Page 103 which is the -- Item Number 43, the liquidating

11 trust's twenty-ninth omnibus objection.  As it relates to that

12 omnibus objection, Your Honor, there are the two categories of

13 claims which remain outstanding.  We'd respectfully request all

14 those identified on Exhibit B be continued for status purposes

15 until the July 10th omnibus hearing.

16              THE COURT:  They'll be continued to July 10.

17              MS. BERAN:  Thank you, Your Honor,  Item Number 44,

18 on Page 103, is the liquidating trust's thirtieth omnibus

19 objection to claims.  In connection with that, Your Honor, as

20 identified on Exhibit B, some of those claims have been

21 resolved and may be removed from the Court's docket.

22 Similarly, though, Your Honor, there are the two categories of

23 claims that remained outstanding and we'd respectfully for

24 those identified on Exhibit B that they be continued for status

25 purposes till the July 10th hearing.

1            THE COURT:  They'll be continued to July 10.

2            MS. BERAN:  Thank you, Your Honor.  Your Honor, that

3    brings us to the last item, Item Number 45, which is the

4    liquidating trust's thirty-first omnibus objection.  As

5    identified on Exhibit B, certain of those claims have been

6    resolved and may be removed from the Court's docket.  There

7    still are the two categories of claims remaining outstanding.

8    We'd respectfully request that they be continued until the July

9    10th omnibus hearing date.

10            THE COURT:  They'll be continued to July 10.

11            MS. BERAN:  Thank you, Your Honor.  And, Your Honor,

12   I would also just note for the record that, as we continue to

13   work these, we will continue to remove them.  But, it looks

14   like July 10th will be another large agenda in that those claim

15   objections that Ms. Tavenner referenced having been filed are

16   all set down for initial status conference, as to those that

17   are responses filed and/or to which we agreed to extend

18   response date to continue an exchange of information.  They are

19   set down for initial hearing on July 10th.

20            THE COURT:  All right.  But, all those have been set

21   for status as opposed to anything substantive at this point in

22   time?

23            MS. BERAN:  Correct, Your Honor.  The only

24   substantive would be -- for all of those would be to the extent

25   no response and/or no extension is granted.  Then, we would be

29

1  respectfully requesting that, as Your Honor has done with all

2  the other omnis, that there be a default entered in connection

3  with the relief that had been requested for failure to respond.

4         THE COURT:  I understand.

5         MS. BERAN:  Your Honor, that is the end of today's

6  lengthy agenda.  Ms. Tavenner, Mr. Caine and/or myself are

7  happy to answer any questions Your Honor may have.

8         THE COURT:  I don't have any specific questions.  If

9  there's no other business we need to take up in Circuit City,

10 we can be adjourned.

11        MS. BERAN:  None that I'm aware of, Your Honor.

12        THE COURT:  Okay.

13        COURTROOM DEPUTY:  All rise.  Court is now adjourned.

14                        * * * * *

### C E R T I F I C A T I O N

       I, STEPHANIE SCHMITTER, court approved transcriber,

certify that the foregoing is a correct transcript from the

official electronic sound recording of the proceedings in the

above-entitled matter, and to the best of my ability.


/s/ Stephanie Schmitter
STEPHANIE SCHMITTER
J&J COURT TRANSCRIBERS, INC.   DATE:  May 23, 2012