Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,. | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

### NOTICE OF LIQUIDATING TRUST'S FORTY-FOURTH
### OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF
### <u>CERTAIN INVALID PERSONAL INJURY CLAIMS</u>)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Invalid Personal Injury Claims) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as <u>Exhibit 1</u>.  By the Objection, the Liquidating Trust is seeking to disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | <u>Claim Number</u> | <u>Reference Objection</u> |
|-----|-----|-----|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON JULY 3, 2012</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants
Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on July 3, 2012 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on July 10, 2012 at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5000
Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**<u>Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection</u>**

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.    the claimant's name and an explanation for the amount of the Claim;

c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the

3

specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.  a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.  a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.  the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.  to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy

Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    May 29, 2012

/s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
          acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

5

Exhibit 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                                          :       Chapter 11
                                                :
CIRCUIT CITY STORES, INC., et al.,    :       Case No. 08-35653 (KRH)
                                                :
             Debtors.                        :
- - - - - - - - - - - - - -           :       Jointly Administered
                                                X

## LIQUIDATING TRUST'S FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN INVALID PERSONAL INJURY CLAIMS)

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files this

Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Invalid Personal

Injury Claims) (the "Objection"), and hereby moves this court (the "Court"), pursuant to

sections 105, 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

(as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the

proposed form of which is attached hereto as Exhibit A, granting the relief sought by this

Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Objection under 28

U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are Bankruptcy Code

sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.     On November 10, 2008 (the "Petition Date"), the debtors in the

above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

3.     On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.     On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.     On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published

the Claims Bar Date Notice in <u>The Wall Street Journal</u> (Docket No. 1395) and <u>The</u>
<u>Richmond Times-Dispatch</u> (Docket No. 1394).

8.     On November 12, 2008, this Court entered that certain *Order*
*Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims*
*Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and*
*Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007* (Docket No.
107)(the "503(b)(9) Bar Date Order").

9.     Pursuant to the 503(b)(9) Bar Date Order, this Court approved the
form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the
503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to the 503(b)(9)
Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim
asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy
Code was on December 19, 2008 (the "503(b)(9) Bar Date").

10.     On November 19, 2008, KCC served a copy of the 503(b)(9) Bar
Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases,
the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the
Debtors published the 503(b)(9) Bar Date Notice in <u>The New York Times</u> (Docket No.
549), <u>The Wall Street Journal</u> (Docket No. 548), and <u>The Richmond Times-Dispatch</u>
(Docket No. 547).

11.     On April 1, 2009, this Court entered an *Order Establishing Omnibus*
*Objection Procedures and Approving the Form and Manner of Notice of Omnibus*
*Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

12.     On May 15, 2009, the Court entered that certain *Order Pursuant to*

*Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof* (Docket No. 3354) (the "Administrative Claims Bar Date Order").

13.     Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant to the Administrative Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Claims Bar Date Notice").

14.     On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In addition, the Debtors published the Administrative Claims Bar Date Notice in The Financial Times (Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

15.     On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

16.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (Docket No. 8555) (the "Confirmation Order").

17.     Pursuant to the Plan and Confirmation Order, the deadline for requests for payment of Administrative Claims that arose on and after January 1, 2010 up to and through the Effective Date was January 3, 2011 (the "Final Administrative Bar Date").

18.     On November 3, 2010, KCC served a copy of the *Notice of (I) Confirmation of Modified Second Amended Joint Plain of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims Under Chapter 11 of the Bankruptcy Code, (II) the Occurrence of the Effective Date and (III) the Deadlines for Filing Administrative Claims, Final Fee Applications and Rejection Damages Claims* (Docket No. 8865), which included notice of the Final Administrative Bar Date, on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 8947).

19.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claims.

20.     On January 24, 2012, the Liquidating Trust filed the *Liquidating Trust's Motion for Order Establishing Supplemental Bar Date for Filing Requests for Payment of Administrative Expenses for Specified Individuals and Related Relief* (Docket No. 11683) seeking to establish a bar date for certain personal injury claimants who might have asserted a personal injury claim against one or more of the Debtors' insurance carriers

on incidents occurring after the Petition Date and who may not have received the

Administrative Claims Bar Date Notice.  On February 14, 2012, the Court entered that

certain *Order Establishing Supplemental Bar Date for Filing Requests for Payment of*

*Administrative Expenses for Specified Individuals and Related Relief* (Docket No. 11714)

(the "Limited PI Bar Date Order").

21.     Pursuant to the Limited PI Bar Date Order, the deadline for filing

certain personal injury claims specified therein was March 30, 2012.  On February 17,

2012, counsel for the Liquidating Trust served the "Letter Notice" approved by the Court

on those claimants affected by the Limited PI Bar Date Order.

## OBJECTIONS TO CLAIMS

22.     By this Objection, the Liquidating Trust seeks entry of an order, in

substantially the form attached hereto as Exhibit A, pursuant to Bankruptcy Code sections

105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,

disallowing each of the claims identified on Exhibit C attached hereto (collectively, the

"Invalid PI Claims").

23.     For ease of reference, attached hereto as Exhibit B is an alphabetical

listing of all claimants whose Invalid PI Claims are included in this Objection (the

"Claimants").

24.     The basis for disallowance of the claims listed on Exhibit C attached

hereto is that all of the Invalid PI Claims assert, in their entirety, amounts for which the

Debtors are not liable.

25.     Specifically, Exhibit C identifies Invalid PI Claims for which the

Liquidating Trust disputes any liability based on, *inter alia*, (i) the proof of claim forms

and attachments thereto do not contain information or facts to establish liability on the part

of the Debtors, (ii) the documents provided in response to the Letter Notice do not

constitute a valid claim, (iii) Claimant provided no documentation to establish that medical

injuries are a result of acts by the Debtors or on Circuit City premises, (iv) Claimant

provided no documentation of alleged injuries, such as medical bills, and/or (v) the

amounts claimed are excessive relative to the injury and/or documentation provided.

26.    Accordingly, the Liquidating Trust requests that the Invalid PI

Claims identified on Exhibit C hereto be disallowed for the reasons stated therein

## RESERVATION OF RIGHTS

27.    The Liquidating Trust reserves the right to further object to any and

all claims, whether or not the subject of this Objection, for allowance and/or distribution

purposes, and on any other grounds.  Furthermore, the Liquidating Trust reserves the right

to modify, supplement and/or amend this Objection as it pertains to any Invalid PI Claim

or Claimant herein.

## NOTICE AND PROCEDURE

28.    Notice of this Objection has been provided to all Claimants with

Invalid PI Claims that are the subject to this Objection as identified on Exhibit C, and to

parties-in-interest in accordance with the Court's Supplemental Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local

Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and

Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case

Management Order").  The Liquidating Trust submits that the following methods of

service upon the Claimants should be deemed by the Court to constitute due and sufficient

service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy

Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to

the extent counsel for a Claimant is not known to the Liquidating Trust, by first class mail,

postage prepaid, on the signatory of the Claimant's proof of claim form or other

representative identified in the proof of claim form or any attachment thereto; or (c) by

first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf

in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Claimant with this

Objection and the exhibit on which the Claimant's claim is listed.

29.    To the extent any Claimant timely files and properly serves a

response to this Objection by **4:00 P.M. (Eastern) on July 3, 2012** as required by the Case

Management Order and under applicable law, and the parties are unable to otherwise

resolve the Objection, the Liquidating Trust requests that the Court conduct a status

conference[2] with respect to any such responding claimant at **2:00 P.M. (Eastern) on July**

**10, 2012** and thereafter schedule the matter for a future hearing as to the merits of such

claim.  However, to the extent any Claimant fails to timely file and properly serve a

response to this Objection as required by the Case Management Order and applicable law,

the Liquidating Trust requests that the Court enter an order, substantially in the form

attached hereto as Exhibit A, disallowing each of the claims identified on Exhibit C

attached hereto.

---

[2] **In accordance with the Omnibus Objection Procedures Order, Claimants who timely respond to the Objection do not need to appear at the status conference**.

**COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
THE OMNIBUS OBJECTION PROCEDURES ORDER**

30.   This Objection complies with Bankruptcy Rule 3007(e).

Additionally, the Liquidating Trust submits that this Objection is filed in accordance with

the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

31.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Motion, the Liquidating Trust requests that the

requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

32.   No previous request for the relief sought herein has been made to

this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court

enter an Order sustaining this Objection and granting such other and further relief as the

Court deems appropriate.

Dated: Richmond, Virginia
      May 29, 2012

TAVENNER & BERAN, PLC


_____/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

# EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FORTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN
INVALID PERSONAL INJURY CLAIMS)**

THIS MATTER having come before the Court[3] on the *Liquidating Trust's Forty-Fourth Omnibus Objection to Claims Omnibus Objection to Claims (Disallowance of Certain Invalid Personal Injury Claims)* (the "Objection"), which requested, among other things, that the claims specifically identified on Exhibit C attached to the Objection be disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on Exhibit A attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

3.      The Court will conduct a status conference on _____, 2012 at __:00 p.m. for all Claims identified Exhibit B attached hereto.

4.      The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

5.       The Liquidating Trust shall serve a copy of this Order on the

claimants included on the exhibits to this Order on or before five (5) business days from

the entry of this Order.

6.       This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
            _____, 2012


            _____
            HONORABLE KEVIN R. HUENNEKENS
            UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                      - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                      - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_____
Lynn L. Tavenner

**EXHIBIT B**

| CLAIMANT | CLAIM NO. |
|----------|-----------|
| Clinton, Karen | 15269 |
| Kaylor, Carole | Docket No. 11774 |
| Marshall, Robert E. | 15270; Docket No. 11806 |
| Maze, Aisha | 15264 |
| Restivo, Mary | 15268; letter to Court – Docket No. 11721 |

**EXHIBIT C**

| Claim No. | Date Filed | Claimant | Docketed Amount | Priority | Debtor | Comments |
|---|---|---|---|---|---|---|
| 15264 | 2/28/12 | Aisha Maze 1473 9th Street Oakland, CA 94607 | $100,000.00 | General Unsecured | Circuit City Stores, Inc. 08-35653 | Claim is entirely unwarranted. Claimant attaches state court complaint for "Defamation, Harasment [sic], Verbal Abuse" with no supporting documentation other than police "Event History" sheet showing a call was made to police regarding alleged use of false identification.  There is absolutely no evidence of defamation, harassment or abuse or that amount claimed is at all warranted. |
| 15268 | 5/16/12 | Mary Restivo 1109 Britolwood St. Brandon, FL 33510 | Unliquidated | Admin Priority | Circuit City Stores, Inc. 08-35653 | Liquidating Trust disputes liability for Claimant's alleged injuries allegedly caused by alleged fall.  In addition, Claimant has provided no documentation to establish occurrence of incident, negligence, duty to claimant, injury, causality, medical reports or bills. |
| 15269 | 5/16/12 | Karen Clinton c/o Menefee & Lepore Robert Lepore, Esq. 43825 10th St. W. Lancaster, CA 93534 | Blank | General Unsecured | Circuit City West Coast Stores, Inc. | Document submitted in response to "Letter Notice" was state court "Request for Dismissal" of personal injury case.  Liquidating Trust believes no claim was intended as a result of "Request for Dismissal" but has docketed it as a claim and objecting thereto out of an abundance of caution. |
| 15270 | 5/16/12 | Robert E. Marshall c/o George J. Cosenza, Esq. PO Box 4 515 Market St. Parkersburg, WV 26102 Robert E. Marshall | $25,000.00 | General Unsecured | Circuit City Stores, Inc. 08-35653 | Liquidating Trust disputes liability for Claimant's alleged injuries allegedly caused by alleged fall.  In addition, Claimant has provided no documentation to establish occurrence of incident, negligence, duty to claimant, injury, causality, medical reports or bills. |

| | | 77 Little Addition Road Davisville, WV 26142 | | | | |
|---|---|---|---|---|---|---|
| Docket No. 11774 | 3/5/12 | Carole Kaylor c/o Thomas P. Finn, Esq. 153 Lakemont Park Blvd. Altoona, PA 16602<br><br>Carole Kaylor 2701 Fairway Dr. #1C Altoona, PA 16602 | $35,000.00 | Admin Priority | Circuit City Stores, Inc. 08-35653 | Liquidating Trust disputes liability for Claimant's injuries. First, Claimant has not established where fall occurred; in fact, the "Altoona Regional Medical Record" (pgs. 1 and 2 of supporting documentation) states "slipped on ice at target" and "slipped on ice leaving target." (A Target in Altoona is located next to the Circuit City location). Even if the slip occurred in a Circuit City parking lot, Claimant has not proven that Debtor had a duty to clear the ice, demonstrated the magnitude of ice accumulation or otherwise demonstrated negligence of Debtors. In fact, Pennsylvania law does not recognize a duty to keep a parking lot free from ice. *Tucker v. Bensalem Tp. School Dist.*, 987 A.2d 198 (Pa. Cmwlth. 2009) ("the law does not require the property owner to keep his parking lot free from ice at all times, as climactic conditions would make doing so impossible. . . . It is well established that there is no liability when there is generally slippery conditions.") (internal citations omitted). In addition, Claimant's expenses as a result of injury total $591.81, and subrogation lien of insurance is $5,923.29. Accordingly, even if Debtor was liable for injuries, the claim is vastly overstated. |