UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re: )
) Case No. 08-35653-KRH
CIRCUIT CITY STORES, INC., *et al.*, )
) Chapter 11
Debtors. )

## GIANT EAGLE, INC.'S RESPONSE TO LIQUIDATING
## TRUSTEE'S FORTIETH OBJECTION

Giant Eagle, Inc., by its undersigned counsel, makes this Response to the Liquidating Trustee's Fortieth Omnibus Objection concerning Giant Eagle's Claim No. 13017 for lease rejection damages ("Claim No. 13017"). In support thereof, Giant Eagle states as follows:

### Background

1. The Claim arises out of a lease of real property in Altoona, Pennsylvania, where Debtor operated its Store No. 1683.

2. The landlord of said property is Sierra North Associates Limited Partnership. Sierra North leased the underlying property to Giant Eagle via a Ground Lease Agreement dated August 12, 1996 (the "Ground Lease"). A true and correct copy of the Ground Lease is attached as Exhibit A to Giant Eagle's Administrative Expense Request received by Kurtzman Carson Consultants on June 21, 2009, which is incorporated here by reference ("Claim No. 14019"). A copy of the Ground Lease will be provided upon request. The term of the Ground Lease expires on September 30, 2018.

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Phone: (804) 697-4100
Fax: (804) 697-4112

Counsel for Giant Eagle, Inc.

Darlene M. Nowak, Esquire (PA Bar No. 37093)
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, Pennsylvania 15219
Phone: (412) 338-5214
Fax: (412) 391-8758

Counsel for Giant Eagle, Inc.

3. Debtor Circuit City Stores, Inc. assumed the Ground Lease via an "Assignment and Assumption of Lease, Landlord's Consent and Use Restriction Agreement" ("Assumption Agreement") dated December 8, 1998. A true and correct copy of the Assumption Agreement is attached as Exhibit B to Claim No. 14019 and is incorporated here by reference. A copy of the Assumption Agreement will be provided upon request.

4. Pursuant to the Assumption Agreement, Debtor assumed all of Giant Eagle's duties and obligations under the Ground Lease, including the duties to pay rent, utilities, common area maintenance and real estate taxes. In the event that Debtor defaulted in any of these payments, Giant Eagle was obligated to pay them and Debtor agreed to indemnify Giant Eagle for those payments (Assumption Agreement, ¶¶ 2, 6, 15).

5. Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 10, 2008. The Debtor had not paid any rent or charges for the month of November, which were due November 1, 2008.

6. The Debtor rejected the Lease and vacated as of March 11, 2009.

7. On April 30, 2009, Giant Eagle properly filed a timely proof of claim for lease rejection damages in the amount of $806,548.32. It was assigned Claim No. 13017.

8. On February 25, 2011, the Trustee filed its Fourth Omnibus Objection to Claims. The Trustee proposed in that Objection that Claim No. 13017 should be allowed in the amount of $528,765.29.

9. Giant Eagle filed a timely response to the Objection on April 6, 2011. Due to a successful post-petition real estate appeal and efforts to reduce the carrying costs for this property, Giant Eagle stated in its Response to the Fourth Omnibus Objection to Claims that it was able to reduce Claim No. 13017 to $641,573.50. (Docket item 10302).

10. On January 27, 2012, Giant Eagle served Requests for Admission, Interrogatories and Requests for Production on the Trustee pursuant to Bankruptcy Rules 7033, 7034 and 7036 requesting the Trustee to produce the basis for its assertion that Giant Eagle's Claim No. 13017 should be $528,765.29. The Trustee has never filed a response to those requests.

11. On April 20, 2012, the Trustee filed its Fortieth Omnibus Objection to Claims, again objecting to Claim No. 13017, but this time asserting that the Claim should be allowed only for the amount of $153,275.21. The Trustee did not disclose the grounds for this reduced calculation.

12. As for an explanation of the basis of this latest objection, the Trustee asserts only that Debtors are not liable for the Claim "unless the Claimant at issue has met its applicable mitigation burden."

13. Although the Trustee has not identified what Claimant's "applicable mitigation burden" is, paragraph 6 of the Assumption Agreement states that Giant Eagle "agrees to exercise all reasonable efforts to mitigate its damages and to mitigate sums due and payable by" Circuit City, in the event of Circuit City's default. Circuit City's rejection of the Lease constituted a default.

14. Attached hereto as **Exhibit 1** are the Affidavits of Chuck Marangoni and Jaimie Sakmar setting out in detail the substantial and significant efforts taken by Giant Eagle and its leasing representative Echo Retail to re-let this property. The contents of these Affidavits are incorporated by reference as if fully set out herein.

15. As described in the Affidavits, Giant Eagle substantially exceeded its "applicable mitigation burden." In addition, Giant Eagle has taken other steps to decrease its expenses of

3

maintaining the empty property, including undertaking a successful real estate tax appeal that reduced Debtor's tax obligation by over $60,000.00.

16.     As conclusive proof of Giant Eagle's successful mitigation efforts, Giant Eagle has recalculated its lease rejection claim under 11 U.S.C. § 502(b)(6) for a second time and the amount of Claim 13017 is now only $592,279.16, down from the initial claim of $806,548.32 (see Exhibit A to Affidavit of Chuck Marangoni).

17.     Address for notices: all communications involving this claim or the objection should be directed to counsel below.

WHEREFORE, Giant Eagle respectfully requests that the Fortieth Omnibus objection concerning Claim No. 13017 be dismissed and that its lease rejection claim be allowed in the amount of $592,279.16.

Dated: June 8, 2012                                             Respectfully submitted,


                                                                /s/ Michael D. Mueller
                                                                Michael D. Mueller
                                                                Christian & Barton LLP
                                                                909 East Main Street, Suite 1200
                                                                Richmond, Virginia 23219
                                                                Phone: (804) 697-4147
                                                                Fax: (804) 697-6396

                                                                and

                                                                Darlene M. Nowak, Esquire
                                                                (Pa. I.D. #37093)
                                                                Marcus & Shapira LLP
                                                                35th Floor, One Oxford Center
                                                                301 Grant Street
                                                                Pittsburgh, Pennsylvania 15219
                                                                Phone: (412) 338-5214
                                                                Fax: (412) 391-8758

                                                                Counsel for Giant Eagle, Inc.

## CERTIFICATE OF SERVICE

I, Michael D. Mueller, hereby certify that on the 8th day of June, 2012, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

/s/ <i>Michael D. Mueller</i>
Michael D. Mueller

1280378v2

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: : CHAPTER 11
:
CIRCUIT CITY STORES, INC., et al., : CASE NO. 08-35653-KRH
:
DEBTORS. :

## AFFIDAVIT OF CHUCK MARANGONI

COMMONWEALTH OF PENNSYLVANIA :
: SS:
COUNTY OF ALLEGHENY :

Chuck Marangoni, being duly sworn, deposes and says:

1. I am an adult individual over 18 years of age with personal knowledge of the matters stated here.

2. I am the Director of Real Estate Strategy and Acquisitions for Giant Eagle, Inc. I have held this position since 2008.

3. As the Director of Real Estate Strategy and Acquisitions, it is a part of my job to find new tenants for unoccupied property under the control of Giant Eagle. One of the properties within the scope of my duties is the Sierra North Plaza Shopping Center in Altoona, Pennsylvania, located on Plank Road.

4. Giant Eagle obtained rights in this property pursuant to a Ground Lease dated August 12, 1996 with owner Sierra North Associates Limited Partnership.

{A0635386.1}

5. On December 8, 1998, Giant Eagle assigned is rights and duties under the Ground Lease to Circuit City stores, Inc. for the construction and operation of a Circuit City store. A true and correct copy of the Ground Lease and the Assignment to Circuit City are attached to Giant Eagle's Proof of Claim No. 14019.

6. Circuit City vacated the property on or about March 11, 2009.

7. Giant Eagle has an exclusive contract with Echo Retail, 701 Alpha Drive, Pittsburgh, PA 15238, to act as its real estate leasing agent for all of its vacated property ("excess assets").

8. My contact at Echo Retail with responsibility for the Altoona property is Jaimie Sakmar.

9. Echo Retail has actively tried to find a new tenant for the Altoona location. Echo Retail identified and brought to us several possible tenants.

10. Giant Eagle has had discussions with, among others, Bath Fitters, Party City, HH Gregg, Miller-Motte College, Books-A-Million and Shoe Carnival.

11. For various reasons, none of these prospective tenants were able to commit to the property. The reasons given include:

  a. The former Circuit City space is not a convenient site for many retail tenants. At 17,000 square ft., it is too small for big box retailers and too large for entities such as Shoe Carnival.

  b. The former Circuit City space is attached to and part of the same building as Target, which prohibits its use for, among other things, operation of a business office, an educational facility, a health club, a bar or tavern, toy store, junior department store, or drug store.

  c. Many prospective tenants sell a type of retail goods that are already well supplied by competitors already in the market. They don't want to come where there already is direct competition.

{A0635386.1}

    d.    The primary lease on this property expires in 2018. All prospective tenants want a term of at least ten years.

12.    Giant Eagle has not required any prospective tenant to pay rents higher than or equal to that which Circuit City was paying. In fact, in all cases, Giant Eagle has been willing to accept rent less than Circuit City's lease rate just to get a tenant in the property.

13.    Giant Eagle has been able to lease the space on a short-term basis as a costume shop for the Halloween season. In 2010, we leased to Halloween City for $30,000. In 2011 we leased it to Spirit Halloween for $30,000. We currently have no contract for the 2012 Halloween season. In both 2010 and 2011, we paid 4%, or $2,400 total, in commissions to Echo Retail on this temporary tenancy. The $57,600 net is the only rental income we have had on this property.

14.    We continue to aggressively market this property. Based on my experience and observations of conditions in this market, I have no reason to believe at this time that we will enter into a long-term sublease or assignment for this property in the near future.

15.    Attached as Exhibit A hereto is a revised and updated calculation of our lease rejection damages, after updating our estimated expenses with the figures actually incurred subsequent to the filing of the claim documents and giving credit for the net amounts received on the seasonal rentals.

16.    Attached as Exhibit B is a revised and updated calculation of our administrative claim for the period of November 10, 2008 through March 11, 2009.

{A0635386.1}

17. I confirm that the figures reflected on Exhibits A and B are accurate as recorded in the books and records of Giant Eagle kept in the ordinary course of business. I make this offer of proof to the same extent as if I were testifying in court under oath about these matters.

Further deponent sayeth naught,

*[signature]*
Chuck Marangoni

Sworn and signed before me, a
Notary Public on the 24th day
of May, 2012.

*[signature]*
Notary Public

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Denice P. Bollinger, Notary Public
O'Hara Twp., Allegheny County
My Commission Expires July 13, 2013
Member, Pennsylvania Association of Notaries

{A0635386.1}

May 31, 2012

## CIRCUIT CITY STORES, INC.
Claim No. 13017 (Giant Eagle, Inc.)
Circuit City Store No. 1683 - Altoona, PA

1. Pro-rata portion of November 2008 rent for Nov. 1 to Nov. 9 (inclusive) (9/30 x $31,250)   $ 9,375.00

2. Unearned portion of rent subsidy for Nov. 2008 (9/30 x $2,083.34)   625.00

3. Lease Rejection Damages under 11 U.S.C. §502

   a. 3/12/09 to 3/31/09 (20/31 x $31,250)   $ 20,161.29

   b. 4/1/09 to 9/30/09 (6 x $31,250)
      Less: 6 months x $2,083.34 (rent subsidy not paid)
      Less: mitigation received of $28,800   146,200.00

   c. 10/1/09 to 9/30/13 (4 x $375,000/yr.)
      Less: 48 x $2,083.34 (rent subsidy not paid) Less: mitigation received of $28,800   1,371,199.70

   d. 10/1/13 to 9/30/18 (5 x 400,000/yr.)
      Less: 60 x $1,666.67 (rent subsidy not paid)   1,899,999.80

   e. Real estate taxes, insurance, utilities and other damages from breach of lease covenants (Ex. A-1)   400,554.75

   f. Attorney Fees paid for successful tax appeal (Chargeable to Tenant under Ground Lease par. 6.4): Siegel, Siegel, Johnson & Jennings Co., L.P.A. 25700 Science Park Drive, Suite 210 Cleveland, OH 44122   16,445.53

$3,854.561.07 x .15 = $578,184.16

EXHIBIT A

May 31, 2012

4. One time closing costs arising from rejection of Lease

    a. Remove building sign and pylon      1,590.00

    b. Install alarm system      1,525.00

    c. Clean up, drain water lines,      <u>980.00</u>
       Lock box, re-key

    **TOTAL:**      $592,279.16

May 31, 2012<br>
Claim No. 13017<br>
Giant Eagle, Inc.

## EXHIBIT A-1

Amount to be paid by tenant under lease:

| Expense | Annual Charge | 3/11/2009 through 9/30/2008 (9.56 yrs.) |
|---|---|---|
| CAM | | |
| - Landscaping | $3,086.20 | $ 29,504.07 |
| - Sweeping | 3,601.80 | 34,433.21 |
| - Snow removal | 6,849.99 | 65,485.90 |
| Maintenance and Repair | 1,511.56 | 14,450.51 |
| Utilities | | |
| - Electric | 6,540.00 | 62,522.40 |
| - Water/Sewer | 332.00 | 3,173.92 |
| Security | | |
| - Monitoring | 540.00 | 5,162.40 |
| - phone line (avg. 33.6 mo.) | 403.30 | 3,855.55 |
| Property Insurance | 1,423.00 | 13,603.88 |
| Liability Insurance | 630.00 | 6,022.80 |
| School Taxes | 4,653.75 | 44,489.85 |
| County Taxes | 12,326.91 | 117,845.26 |
| | TOTAL: | $400,554.75 |

May 31, 2012

## CIRCUIT CITY STORES, INC.
### Administrative Claim
#14019 (Altoona, PA – Store No. 1683)

1. Stub Rent for November 10, 2008 to November 30, 2008, incl., paid on default of Debtor by Giant Eagle to Sierra North (21/30 x 31,250)     $21,875.00

2. Real estate taxes attributable for period of November 10, 2008 to March 11, 2009 at rate of $16,396.94 yr. (122/365 x 16,396.94)     $ 5,480.62

3. Unearned portion of the March 2009 subsidy paid by Giant Eagle, to Debtor for the period of March 12 to March 30, 2009 (20/31 x 2,083.34)     $ 1,344.09

    $28,699.71

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | : CHAPTER 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al., | : CASE NO. 08-35653-KRH |
| | : |
| DEBTORS. | : |

## AFFIDAVIT OF JAIMIE SAKMAR

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : SS: |
| COUNTY OF ALLEGHENY | : |

Jaimie Sakmar, being duly sworn, deposes and says:

1. I am an adult individual over 18 years of age with personal knowledge of the matters stated here.

2. I am the Director of Retail Services for Echo Retail. I have held this position since June 13, 2011. Prior to that, I worked for Giant Eagle, Inc. in the Real Estate Department for four years.

3. One of my duties as the Director of Retail Services is to find new tenants for unoccupied property ("excess assets") controlled by our clients. The Sierra North Plaza Shopping Center located on Plank Road in Altoona, Pennsylvania, is an excess asset of our client Giant Eagle, Inc. I was involved with trying to lease this asset when I worked for Giant Eagle and I continue to do so now.

{A0635551.1}

4. Giant Eagle notified Echo immediately upon learning of Circuit City's plan to reject the lease in 2009. Echo Real Estate Services promptly took significant and extensive efforts to find a new tenant for the Altoona location. Among other things, we have done the following:

   a. The property is listed on our website, www.echoretail.com.

   b. Echo Retail attends and has a booth at the national convention of the International Council of Shopping Centers, the largest trade organization in the retail real estate industry, and also at the regional conventions. The Altoona property is advertised at those events.

   c. We have had flyers printed featuring information about this property. (Exhibit A).

   d. We regularly send out mailings and "email blasts" to the leasing representatives of national and regional retailers.

   e. I also "cold call" leasing representatives for companies I believe would be a good fit for this property.

5. Of the many entities I have spoken with regarding this property, we had follow-up conversations with the following entities who expressed interest in the property: Shoe Carnival, H.H. Gregg, Books-A-Million, Marshall's, Miller-Motte College (a trade school), Party City and Gallo Uniforms.

6. At no time did we demand that these entities pay higher rent than Circuit City had been paying. In fact, in all cases, the rent requested was less, the upshot of which is that Giant Eagle would have to continue paying a supplement to the overlandlord, Sierra Associates. Giant Eagle was willing to negotiate this in order to get a replacement tenant as soon as possible.

7. Despite our efforts, we have been unable to re-lease this property except for the short-term rentals for the Halloween season (see below). The reasons why it has been difficult to find a substitute tenant for this property include the following:

{A0635551.1}

a. The size, 17,000 square feet, is too small for big box stores and too big to be financially viable for smaller retailers such as Shoe Carnival.

b. The lease runs only until 2018. Most retailers want at least a ten year term commitment.

c. Target, the other store in this Plaza, has restrictions on the type of tenant we can lease to. Their lease prohibits bars, fitness centers, schools, toy stores, and certain department-type stores. Target would not waive restrictions for us to lease to Miller-Motte College, for example.

d. Altoona is a market of limited size and many retailers won't lease here if there is already a competitor in the market. For example, we could not conclude a deal with Books-A-Million because there already is a Barnes and Noble bookstore down the street and Altoona simply won't support two large bookstores.

8. Giant Eagle has been able to lease the space on a short-term basis as a costume shop for the Halloween season. In 2010, it leased to Halloween City for $30,000. In 2011 it leased it to Spirit Halloween for $30,000. Both times, it paid Echo Retail a commission of 4% or $1,200.00. There is no contract for the 2012 Halloween season.

9. We will continue to market this space aggressively, but I do not at this time have reason to believe it will be leased in the near future.

Further deponent sayeth naught,

Jaimie Sakmar

Sworn and signed before me, a Notary Public on the 14th day of May, 2012.

Notary Public My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Natalie A. Donaldson, Notary Public
O'Hara Twp., Allegheny County
My Commission Expires Feb. 17, 2014
Member, Pennsylvania Association of Notaries

{A0635551.1}