UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| In re | Chapter 11 |
|---|---|
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**EEL MCKEE LLC'S OPPOSITION TO LIQUIDATING TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS—MITIGATION) [CLAIM NOS. 12687 AND 12849]; SUPPORTING DECLARATION OF GARY M. KAPLAN**

I.  **INTRODUCTION AND SUMMARY OF RESPONSE**

Eel McKee LLC ("EM" or "Landlord"), a creditor in the above-captioned case, hereby files its opposition (the "Opposition") to the Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims—Mitigation) (the "Objection") with respect to Claim Nos. 12687 and 12849 (the "EM Claims") filed herein by EM.[1]

The basis for the Opposition, which is discussed in more detail below, can be summarized as follows.

---

[1] EM notes that the Liquidating Trust previously objected to the EM Claim in its Fifth Omnibus Objection to Landlord Claims (the "Initial Objection"). EM hereby incorporates by reference its Opposition to the Initial Objection (Docket No. 10305, filed April 6, 2011) as if fully set forth herein.

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire, VSB No. 13254 | Gary M. Kaplan, Esquire (State Bar No. 155530) |
| Michael D. Mueller, , Esquire, VSB No. 38216 | Farella Braun + Martel LLP |
| Jennifer M. McLemore, Esquire, VSB No. 47164 | 235 Montgomery Street, 17th Floor |
| Christian & Barton, L.L.P. | San Francisco, CA  94104 |
| 909 East Main Street, Suite 1200 | Telephone: (415) 954-4400 |
| Richmond, VA  23219 | Facsimile: (415) 954-4480 |
| Telephone: (804) 697-4100 | Email: gkaplan@fbm.com |
| Facsimile: (804) 697-4112 | |
| Counsel for Creditor Eel McKee LLC | Counsel for Creditor Eel McKee LLC |

| Claim No. | Filed Claim Amount. | Proposed Claim Amount | Objection Basis | Opposition Basis |
|---|---|---|---|---|
| 12687 | $1,146,835 unliquidated but not less than | $197,000.00 | Reduce by amount of rejection damages, subject to modification upon timely receipt of mitigation information | Failure to overcome prima facie validity of claim. Failure to prove mitigation deduction under controlling law. Amounts of all rejection damages fully supported. |
| 12849 | $1,146,835 | $197,000.00 | Reduce by amount of rejection damages, subject to modification upon timely receipt of mitigation information | Failure to overcome prima facie validity of claim. Failure to prove mitigation deduction under controlling law Amounts of all rejection damages fully supported. |

II.     **SPECIFIC RESPONSES TO OBJECTIONS**

    A.     **Factual Background**

    1.     Pursuant to the Notice Of Rejection Of Unexpired Leases And Abandonment Of Personal Property filed by the Debtors herein on March 3, 2009, the Debtors provided notice of the rejection of the Lease [2] (attached to the EM Claims as Exhibit A) effective March 10, 2009 (the "Rejection Date") pursuant to Section 365 of the Bankruptcy Code. The EM Claims include amounts owed as a result of the Debtors' rejection of the Lease from the Rejection Date through the scheduled termination of the Lease on January 31, 2015, appropriately reduced pursuant to Section 502(b)(6) of the Bankruptcy Code, all as set forth in detail in the EM Claims.

---

[2] Capitalized terms not defined herein have the meaning ascribed in the EM Claims or the EM Opposition to Initial Objection, as the case may be.

B. **The Objection Fails To Overcome The Prima Facie Validity Of The EM Claims Pursuant To FRBP 3001(f) Based On The Failure To Provide *Any* Supporting Evidence To Rebut The EM Claims' Presumptive Validity**

2. The Liquidating Trust objects to each of Claim No. 12849 (filed against Circuit City Stores West Coast, Inc. ("CCSWCI") based on the Debtors' rejection of the subject Lease), and Claim No. 12687 (filed against Circuit City Stores, Inc. ("CCSI") based on the Guaranty of Lease), each asserted in the minimum amount of $1,146,835.36, and seeks to reduce each of them to $197,000.00 (Objection, Ex. B) on the following grounds:

> The basis for reduction or disallowance of the claims listed on Exhibit B attached hereto (the "Invalid Claims") is that all of the Invalid Claims assert, in part, amounts for which the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden. Moreover, to the extent that a claimant establishes that it has met its mitigation burden and that applicable mitigation occurred, the Objection seeks to reduce the Claim to the thereby established amount taking into account mitigation, 11 U.S.C. § 502(b)(6) and any additional objections asserted with respect to the Claim.

*Id.* at 6-7 ¶ 24.

3. The Liquidating Trust offers no further explanation for the Objection, or any supporting evidence or legal authority, aside from a general reference to "Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1." *Id.* at 7 ¶ 22.

4. Thus, as a threshold matter, the Liquidating Trust has failed to overcome the primary validity of the EM Claims pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 3001(f), which provides: "A proof of claim executed and file in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 3001(f).

5. As courts have consistently recognized, if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount

or the invalidity of the claim itself to rebut the *prima facie* presumption of the proof of claim. *E.g., Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640-41 (4th Cir. 2004) ("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the [objecting party] to object to the claim. The [objecting party] must introduce evidence to rebut the claim's presumptive validity") (internal citations omitted).

6.  Here, the Liquidating Trust has not offered any evidence to rebut the prima facie validity of the EM Claims. Accordingly, the Objection should be overruled on this ground alone.

### C. The Objection Fails To Prove The Amount Of Alleged Mitigation To Reduce The Debtors' Liability For Rent Owed Through The Scheduled Lease Term, As Required By Applicable California Law

7.  Section 34.10 of the Lease provides that the Lease is governed by California law. California Civil Code Section 1951.2 (a) provides in relevant part:

> If a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates. Upon such termination, the lessor may recover from the lessee:
>
> (1) The worth at the time of award of the unpaid rent which had been earned at the time of termination;
>
> (2) The worth at the time of award of the <u>amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rental loss that the lessee proves could have been reasonably avoided</u>;
>
> (3) Subject to subdivision (c),[3] the worth at the time of award of

---

[3] Section 1951.2(c) provides in relevant part:

> The lessor may recover damages under paragraph (3) of subdivision (a) only if: (1) The lease provides that the damages he may recover include the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award, or for any shorter period of time specified in the lease, exceeds the amount of such rental loss for the same period that the lessee proves could be reasonably avoided.

> the <u>amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of such rental loss that the lessee proves could be reasonably avoided</u>; and
>
> (4) <u>Any other amount necessary to compensate the lessor for all the detriment proximately caused by the lessee's failure to perform his obligations under the lease or which in the ordinary course of things would be likely to result therefrom</u>.

*Id.* (emphasis added)

8. Thus, under controlling law, EM is entitled to recover as damages resulting from the Debtors' rejection of the Lease <u>all</u> rent provided under the Lease until the end of its scheduled term (January 31, 2015), reduced <u>only</u> to the extent of any amounts the Liquidating Trust <u>proves</u> could have been reasonably avoided. While the Objection argues that each of the EM Claims should be reduced by $949,835 (*i.e.*, $1,146,835 - $197,000), it fails to provide <u>any</u> information, let alone establish, the amount of post-termination rent that could have been reasonably avoided.

9. Instead, the Objection inexplicably seeks to alter the governing burden of proof by demanding that <u>EM</u> (rather than the Liquidating Trust) establish the extent to which it has mitigated its damages: "The basis for reduction or disallowance of the claims listed on Exhibit B attached hereto (the 'Invalid Claims') is that all of the Invalid Claims assert, in part, amounts for which the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden." The Liquidating Trust does not offer any legal (or other) basis for excusing its evidentiary burden regarding mitigated damages under controlling law. Such failure to comply with applicable law provides another independent ground for overruling the Objection.

---

Section 28.2 of the Lease expressly contains such language.

**D.    Even Assuming, *Arguendo*, A Shifting Of The Evidentiary Burden, EM's Actual Damages Resulting From The Debtor's Rejection Of The Lease Far Exceed The Amounts Asserted In The Claim**

10.    As reflected in the EM Opposition to the Liquidating Trustee's Initial Objection and below, each of the elements of damages resulting from the Debtors' rejection of the Lease, as set forth in the EM Claims, are recoverable from the Debtors pursuant to the Lease and applicable (California) law. These include the following:

(a)    Base Rent loss of $70,841.25 per month (pursuant to Lease §5.1) for a period of 17.07 months (March 10, 2009 [Rejection Date], through August 12, 2010 [first date rent payable under lease with replacement tenant] ("New Lease"[4])) = $1,209,024.

(b)    Base Rent reduction of $6,141.25 per month ($70,841.25 pursuant to Lease -$64,700 under New Lease) for a period of 53.61 months (August 12, 2010 [first date rent payable under New Lease] through January 31, 2015 [end of scheduled term under Lease]) = $329,250.

(c)    Master (ground) Lease Rent loss of $2,204.55 per month (pursuant to Lease §5.3) for a period of 12.07 months (March 10, 2009 [Rejection Date], through March 12, 2010 [first date ground rent payable under New Lease]) = $26,609.

(d)    Tenant Improvement Allowance paid by EM to New Tenant in the amount of $323,500 (pursuant to New Lease §1.14; recoverable from Debtors pursuant to Lease §28.2)).

(e)    Brokerage commissions paid by EM with respect to New Lease of $129,400 (recoverable from Debtors pursuant to Lease §28.2).

---

[4] A copy of the New Lease is attached hereto as **Exhibit 1**.

(f) Real Estate Taxes (owed by Debtors pursuant to Lease §9.2) for a period of 12 months (March 10, 2009 [Rejection Date], through March 12, 2010 [first date taxes payable under New Lease]) = $34,038.

(g) Property and liability insurance with respect to the Property (owed by Debtors pursuant to Lease §14.1) for a period of 12 months (March 10, 2009 [Rejection Date], through March 12, 2010 [first date insurance payable under New Lease]) = $12,046.00.

11. The foregoing amounts total $2,063,867, or substantially more than the $1,146,835 Lease rejection damages amount asserted in the Claim. Further the former figure does not include various other elements of damages resulting from the Debtors' rejection of the Lease, as set forth in the EM Claims including: common area maintenance charges; maintenance and repair expenses, attorneys' fees and expenses, interest, late fees and other charges, which collectively aggregate many tens of thousands of additional dollars. Thus, there is simply no basis for the Debtors' bald contention that the Claim exceeds the amount of EM's actual Lease rejection damages. This provides yes further grounds to overrule the Objection.

## III. CONCLUSION

Based on the foregoing, EM respectfully requests that the Court enter its Order:

1. Sustaining this Opposition

2. Overruling the Objection.

3. Allowing each of the EM Claims in the amounts asserted therein.

4. Providing for such other and further relief as is just and appropriate.

Dated: June 19, 2012          **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

**-and-**

Gary M. Kaplan (State Bar No. 155530)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: gkaplan@fbm.com

Counsel for Eel McKee LLC

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 19th day of June 2012, a true and correct copy of Eel McKee LLC's Omnibus Opposition to Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims—Mitigation) [Claim Nos. 12687 and 12849] and Supporting Declaration of Gary M. Kaplan has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1282650

- 8 -

**DECLARATION OF GARY M. KAPLAN IN SUPPORT OF EEL MCKEE LLC'S OMNIBUS OPPOSITION TO LIQUIDATING TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS—MITIGATION) [CLAIM NOS. 12687 AND 12849]**

I, Gary M. Kaplan, hereby declare as follows:

1. I am an attorney at the law firm of Farella Braun + Martel LLP, counsel for Eel McKee LLC ("EM"), a creditor and party in interest in the above-captioned Chapter 11 case. I am an attorney duly licensed to practice in the State of California and admitted pro hac vice before this Court. All statements in this Declaration are based on my personal knowledge (except those stated on information and belief, which I am informed and believe to be true) and/or my review of relevant information and documents provided to me by EM and/or its representatives, and if called upon as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of EM's foregoing opposition (the "Opposition") to the Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims—Mitigation) with respect to Claim Nos. 12687 and 12849 filed herein by EM.

3. I am informed and believe that the factual statements made in the Opposition are accurate, based on information and documentation provided to me by EM and/or its representatives.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of June, 2012, in San Francisco, California.

_____
GARY M. KAPLAN

1140995v2

25113\3162988.1