**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

**REDTREE PROPERTIES, LP'S OPPOSITION TO LIQUIDATING TRUST'S
FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION
OF CERTAIN INVALID CLAIMS—MITIGATION) [CLAIM NO. 12404];
SUPPORTING DECLARATION OF GARY M. KAPLAN**

I. **INTRODUCTION AND SUMMARY OF RESPONSE**

Redtree Properties, LP ("RP" or "Landlord"), a creditor in the above-captioned case, hereby files its opposition (the "Opposition") to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims—Mitigation) (the "Objection") with respect to Claim No. 12404 (the "RP Claim") filed herein by RP.[1]

The basis for the Opposition, which is discussed in more detail below, can be summarized as follows:

---

[1] RP notes that the Liquidating Trust previously objected to the RP Claim in its Seventeenth Omnibus Objection to Landlord Claims (the "Initial Objection"). RP hereby incorporates by reference its Opposition to the Initial Objection (Docket No. 10303, filed April 6, 2011) as if fully set forth herein.

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire, VBS No. 13254<br>Michael D. Mueller, , Esquire, VSB No. 38216<br>Jennifer M. McLemore, Esquire, VSB No. 47164<br>Christian & Barton, L.L.P.<br>909 East Main Street, Suite 1200<br>Richmond, VA 23219<br>Telephone: (804) 697-4100<br>Facsimile: (804) 697-4112 | Gary M. Kaplan (State Bar No. 155530)<br>Farella Braun + Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br>Email: gkaplan@fbm.com |
| Counsel for Creditor Redtree Properties, LP | Counsel for Creditor Redtree Properties, LP |

| Claim No. | Filed Claim Amount. | Proposed Claim Amount | Objection Basis | Opposition Basis |
|---|---|---|---|---|
| 12404 | $907,888.21 | $36,953.01 | Reduce by amount of rejection damages, subject to modification upon timely receipt of mitigation information | Failure to overcome prima facie validity of claim. Failure to prove mitigation deduction under controlling law. Amounts of all rejection damages fully supported. |

## II.    SPECIFIC RESPONSES TO OBJECTIONS

### A.    Factual Background

1.    Pursuant to the Notice Of Rejection Of Unexpired Leases And Abandonment Of Personal Property filed by the Debtors herein on March 3, 2009, the Debtors provided notice of the rejection of the Lease[2] (attached to the RP Claim) effective March 10, 2009 (the "Rejection Date") pursuant to Section 365 of the Bankruptcy Code. The RP Claim includes amounts owed as a result of the Debtors' rejection of the Lease from the Rejection Date through the scheduled termination of the Lease on January 31, 2018, appropriately reduced pursuant to Section 502(b)(6) of the Bankruptcy Code, all as set forth in detail in the RP Claim.

### B.    The Objection Fails To Overcome The Prima Facie Validity Of The RP Claim Pursuant To FRBP 3001(f) Based On The Failure To Provide *Any* Supporting Evidence To Rebut The RP Claim's Presumptive Validity

2.    The Liquidating Trust objects to the RP Claim asserted in the minimum amount of $907,888.21, and seeks to reduce it (by $870,935.20, the lease rejection damages portion) to $36,953.01 (Objection, Ex. B) on the following grounds:

> The basis for reduction or disallowance of the claims listed on Exhibit B attached hereto (the "Invalid Claims") is that all of the Invalid Claims assert, in part, amounts for which the Debtors are not liable unless the claimant at issue has met its applicable

---

[2] Capitalized terms not defined herein have the meaning ascribed in the RP Claim or the RP Opposition to Initial Objection, as the case may be.

>mitigation burden. Moreover, to the extent that a claimant establishes that it has met its mitigation burden and that applicable mitigation occurred, the Objection seeks to reduce the Claim to the thereby established amount taking into account mitigation, 11 U.S.C. § 502(b)(6) and any additional objections asserted with respect to the Claim.

*Id.* at 7-8 ¶ 24.

3. The Liquidating Trust offers no further explanation for the Objection, or any supporting evidence or legal authority, aside from a general reference to "Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1" *Id.* at 7, ¶ 22.

4. Thus, as a threshold matter, the Liquidating Trust has failed to overcome the primary validity of the RP Claim pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 3001(f), which provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 3001(f).

5. As courts have consistently recognized, if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or the invalidity of the claim itself to rebut the *prima facie* presumption of the proof of claim. *E.g., Stancill v. Harford Sands Inc. (In re Harford Sands Inc.),* 372 F.3d 637, 640-41 (4th Cir. 2004) ("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the [objecting party] to object to the claim. The [objecting party] must introduce evidence to rebut the claim's presumptive validity.") (internal citations omitted).

6. Here, the Liquidating Trust has not offered <u>any</u> evidence to rebut the prima facie validity of the RP Claim. Accordingly, the Objection should be overruled on this ground alone.

### C. The Objection Fails To Prove The Amount Of Alleged Mitigation To Reduce The Debtors' Liability For Rent Owed Through The Scheduled Lease Term, As Required By Applicable California Law

7. Section 35(j) of the Lease provides that the Lease is governed by California law. California Civil Code Section 1951.2 (a) provides in relevant part:

> If a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates. Upon such termination, the lessor may recover from the lessee:
>
> (1) The worth at the time of award of the unpaid rent which had been earned at the time of termination;
>
> (2) The worth at the time of award of the <u>amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rental loss that the lessee proves could have been reasonably avoided</u>;
>
> (3) Subject to subdivision (c),[3] the worth at the time of award of the <u>amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of such rental loss that the lessee proves could be reasonably avoided</u>; and
>
> (4) <u>Any other amount necessary to compensate the lessor for all the detriment proximately caused by the lessee's failure to perform his obligations under the lease or which in the ordinary course of things would be likely to result therefrom.</u>

*Id.* (emphasis added)

---

[3] Section 1951.2(c) provides in relevant part:

> The lessor may recover damages under paragraph (3) of subdivision (a) only if: (1) The lease provides that the damages he may recover include the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award, or for any shorter period of time specified in the lease, exceeds the amount of such rental loss for the same period that the lessee proves could be reasonably avoided.

Section 29(b) of the Lease expressly contains such language.

8. Thus, under controlling law, RP is entitled to recover as damages resulting from the Debtors' rejection of the Lease <u>all</u> rent provided under the Lease until the end of its scheduled term (January 31, 2018), reduced <u>only</u> to the extent of any amounts the Liquidating Trust <u>proves</u> could have been reasonably avoided. While the Objection argues that the RP Claim should be reduced by $870,935.20 (*i.e.*, $907,888.21- $36,953.01) it fails to provide <u>any</u> information, let alone establish, the amount of post-termination rent that could have been reasonably avoided.

9. Instead, the Objection inexplicably seeks to alter the governing burden of proof by demanding that <u>RP</u> (rather than the Liquidating Trust) establish the extent to which it has mitigated its damages: "The basis for reduction or disallowance of the claims listed on Exhibit B attached hereto (the 'Invalid Claims') is that all of the Invalid Claims assert, in part, amounts for which the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden." Objection at 7-8, ¶ 24. The Liquidating Trust does not offer any legal (or other) basis for excusing its evidentiary burden regarding mitigated damages under controlling law. Such failure to comply with applicable law provides another independent ground for overruling the Objection.

    D.    **<u>Even Assuming, *Arguendo*, A Shifting Of The Evidentiary Burden, RP's Actual Damages Resulting From The Debtor's Rejection Of The Lease Far Exceed The Amounts Asserted In The Claim</u>**

10. As reflected in the RP Opposition to the Liquidating Trustee's Initial Objection, each of the elements of damages resulting from the Debtors' rejection of the Lease, as set forth in the RP Claim, is recoverable from the Debtors pursuant to the Lease and applicable (California) law.

11. As reflected by attached **Exhibit 1**, the difference in base rent alone between (i) the $4,937,286.80 owed by Circuit City from the Rejection Date (March 10, 2009) through the end of scheduled term of the Lease on January 31, 2018, and (ii) the $2,821,598.79 owed by the replacement tenant during that time period, is $2,115,688.01.[4]

12. In addition, the loss of real estate taxes payments ($61,027.40 annually) owed by the Debtors for the 19.7 month period from March 10, 2009 (Rejection Date), through October 31, 2010 (first date taxes payable by replacement tenant under new lease) is $100,187.00.

13. Thus, the lost rent and property taxes alone resulting from the Debtors' rejection of the Lease total $2,215,875.00, which is substantially more than the $870,935.20 of Lease rejection damages asserted in the Claim. Further the former figure does not include various other elements of damages resulting from the Debtors' rejection of the Lease, as set forth in the RP Claim including: common area maintenance charges; insurance expenses and utility bills, which collectively aggregate many thousands of additional dollars. Thus, there is simply no basis for the Debtors' bald contention that the Claim exceeds the amount of RP's actual Lease rejection damages. This provides yes further grounds to overrule the Objection.

### III. CONCLUSION

Based on the foregoing, RP respectfully requests that the Court enter its Order:

1. Sustaining this Opposition.
2. Overruling the Objection.
3. Allowing the RP Claim in the amount asserted therein.
4. Providing for such other and further relief as is just and appropriate.

---

[4] A copy of the new lease is attached hereto as **Exhibit 2**.

- 6 -

Dated: June 19, 2012                      **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

**-and-**

Gary M. Kaplan (State Bar No. 155530)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: gkaplan@fbm.com

Counsel for Redtree Properties, LP

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 19th day of June 2012, a true and correct copy of Redtree Properties, LP's Opposition to Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims—Mitigation) [Claim No. 12404] and Supporting Declaration of Gary M. Kaplan has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1282289

## DECLARATION OF GARY M. KAPLAN IN SUPPORT OF REDTREE PROPERTIES, LP'S OPPOSITION TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS—MITIGATION) [CLAIM NO. 12404]

I, Gary M. Kaplan, hereby declare as follows:

1. I am an attorney at the law firm of Farella Braun + Martel LLP, counsel for Redtree Properties, LP ("RP"), a creditor and party in interest in the above-captioned Chapter 11 case. I am an attorney duly licensed to practice in the State of California and admitted pro hac vice before this Court. All statements in this Declaration are based on my personal knowledge (except those stated on information and belief, which I am informed and believe to be true) and/or my review of relevant information and documents provided to me by RP and/or its representatives, and if called upon as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of RP's foregoing opposition (the "Opposition") to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims—Mitigation) with respect to Claim No. 12404 filed herein by RP.

3. I am informed and believe that the factual statements made in the Opposition are accurate, based on information and documentation provided to me by RP and/or its representatives.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of June, 2012, in San Francisco, California.

_____
GARY M. KAPLAN

09042\3163563.1

- 8 -