# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| ) | |

### MOTION OF GATEWAY WOODSIDE, INC.
### TO ALLOW THE FILING OF AN AMENDED PROOF OF CLAIM

Gateway Woodside, Inc. ("Gateway" or "Movant"), a creditor in the above captioned cases, hereby moves this Court to allow the filing of an Amended Proof of Claim, and in support of such Motion, respectfully states as follows:

### I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion and this matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.     BACKGROUND

3. Gateway is the owner of real property located in the Garden City Shopping Center in Cranston, Rhode Island (the "Center").

---

William A. Gray, Esquire (VSB No. 46911)
John C. Smith, Esquire (VSB No. 44556)
SANDS ANDERSON PC
1111 East Main Street (23219)
Post Office Box 1998
Richmond, VA 23218-1998
Telephone:  (804) 648-1636
Facsimile:  (804) 783-7291

And

Vincent J. Pisegna, Esquire
Anthony J. Cichello, Esquire
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

4. Circuit City Stores, Inc., *et al.* ("Debtors") leased certain premises in the Center from Movant pursuant to a lease agreement dated September 11, 1992 (the "Lease").

5. Debtors filed petitions for reorganization pursuant to Chapter 11 of Title 11 of the Bankruptcy Code on November 10, 2008.

6. On December 10, 2008, this Court entered an order setting a general claims bar date ("General Bar Date") of January 30, 2009, at 5:00 p.m. [Docket #890].

7. On January 27, 2009, Movant filed a Proof of Claim (the "Current Claim") which was assigned Claim No. 6115. The Current Claim demanded $146,818.07, of which $106,502.51 represented rent, common areas charges, and real estate taxes owed as of the petition date and $40,315.56 represented administrative expenses incurred post-petition. On the date it was filed, Movant reserved the right to amend the Current Claim if the Lease was rejected, and for other reasons that might occur post-petition.

8. Debtors rejected the Lease and vacated the premises on March 11, 2009.

9. On May 14, 2009, the Court entered an order setting the bar date for administrative expense claims ("Administrative Bar Date") of June 30, 2009 at 5:00 p.m. [Docket # 3354].

10. Movant seeks to amend its Claim to assert an administrative claim for post-petition rent of $19,731.25 and post-petition CAM and real estate taxes of $52,017.97 totaling the sum of $71,749.22, instead of the current administrative claim of $40,315.56 contained in the Current Claim. In addition, the proposed amended claim accurately reflects the pre-petition rent as $39,462.51 instead of the inaccurate figure of $59,193.76. *See* the proposed Amended Proof of Claim (the "Amended Claim") attached hereto as **Exhibit A**.

### III.    ARGUMENT

11.    Whether to grant an amendment to a timely-filed proof of claim is a decision which rests in the sound discretion of the judge. *In re Enron Corp.*, 298 B.R. 513, 520 (Bankr. S.D.N.Y. 2003) (citing *In re McLean Industries, Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)). In the absence of contrary equitable considerations or prejudice to the opposing party, amendments to proofs of claim should be freely permitted. *Id*. at 520 (citing *In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr. S.D.N.Y. 1985)).

12.    Courts are guided by a two-part test when deciding whether to permit an amendment to a proof of claim. *Enron Corp.* at 521, *supra*. First, a court will ask whether there was timely assertion of a similar claim that evidences an intention to hold the estate liable. *Id.* If there were, the court then examines each fact within the case and asks whether it would be equitable to allow the amendment.

13.    Movant timely asserted a claim which clearly evidenced an intention to hold the estate liable for post-petition, administrative claims. The post-petition sums set forth in the Amended Claim arise out of the same conduct, namely, the sums due for post-petition, administrative claims. The only difference is that the sums of the Amended Claim are updated and corrected.

14.    In assessing whether it would be equitable to allow the amendment, courts consider the following factors: (1) whether it would cause undue prejudice to the Debtors; (2) whether there was bad faith or dilatory behavior on the part of the claimant; (3) whether other creditors would receive a windfall if the amendment is denied; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the

3

time the original claim was filed. *Enron Corp.*, at 521, *supra* (citing *Integrated Resources, Inc. v. Ameritrust Co. N.A.*, 157 B.R. 66, 70 (Bankr. S.D.N.Y. 1993)).

15. Addressing each of these factors in turn, allowing an amendment would not cause undue prejudice to the Debtors. Allowing the amendment will not hinder the Debtors in administering the estate in a timely fashion because the Debtors are actively involved in the claims administration process and the amendment only seeks to include $36,433.66 of clearly proper administrative expenses.

16. There was neither bad faith nor dilatory behavior on the part of the Movant. There certainly is nothing to be gained by delaying the filing of an accurate administrative claim, nor can this be considered a deliberate strategy motivated by bad faith or to cause confusion or delay. Moreover, Movant did not become aware of the errors until November, 2011, in connection with settlement discussions between Movant's prior counsel and Debtors' counsel and since then, has acted in good faith to remedy this problem.

17. Allowing the amendment will not affect other claimants. The additional administrative amount Movant is asserting is only $36,433.66, which is a relatively small sum compared to the size of the estate and the total claims in the case.

18. The fifth factor assesses the justification for Movant's inability to file the amended claim at the time the original claim was filed. First, the sums included in the Amended Claim were, for the most part, not due on the date the Current Claim was filed. Secondly, by including post-petition amounts claimed due on the form for unsecured claims, Movant erroneously assumed that those types of claims were duly filed and therefore failed to seasonably supplement those claims with a properly-filed administrative claim, and correct the amount of the pre-petition rent due.

### IV. WAIVER OF MEMORANDUM OF POINTS AND AUTHORITIES

19. The Movant respectfully request that the Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### V. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Movant respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, allowing Movant to file the attached Amended Proof of Claim.

Date: June 21, 2012

Respectfully submitted by,

**GATEWAY WOODSIDE, INC.**

/s/ *William A. Gray*
William A. Gray, Esquire (VSB No. 46911)
John C. Smith, Esquire (VSB No. 44556)
SANDS ANDERSON PC
1111 East Main Street (23219)
Post Office Box 1998
Richmond, VA 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291

and

Vincent J. Pisegna
Anthony J. Cichello
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210
*Counsel for Gateway Woodside, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2012, a true and complete copy of the foregoing Motion was filed and served electronically using the Bankruptcy Court's CM/ECF System on all registered users of the CM/ECF system who have filed notices of appearance in this matter.

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Richard M. Pachulski, Esquire
Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100

Robert J. Feinstein, Esquire
John Morris, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
Richmond, Virginia Office
701 East Broad Street, Suite 4304
Richmond, VA 23219-1888

/s/ *William A. Gray*

**B 10 (Official Form 10) (12/07)**

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :** (Check only **one** box below:)

| | | |
|---|---|---|
| X Circuit City Stores, Inc. (Case No. 08-35653) | CC Distribution Company of Virginia, Inc. (Case No. 08-35659) | Abbott Advertising, Inc. (Case No. 08-35665) |
| Circuit City Stores West Coast, Inc. (Case No. 08-35654) | Circuit City Stores PR, LLC (Case No. 08-35660) | Mayland MN, LLC (Case No. 08-35666) |
| InterTAN, Inc. (Case No. 08-35655) | Circuit City Properties, LLC (Case No. 08-35661) | Patapsco Designs, Inc. (Case No. 08-35667) |
| Ventoux International, Inc. (Case No. 08-35656) | Orbyx Electronics, LLC (Case No. 08-35662) | Sky Venture Corporation (Case No. 08-35668) |
| Circuit City Purchasing Company, LLC (Case No. 08-35657) | Kinzer Technology, LLC (Case No. 08-35663) | XSStuff, LLC (Case No. 08-35669) |
| CC Aviation, LLC (Case No. 08-35658) | Courchevel, LLC (Case No. 08-35664) | PRAHS, INC. (Case No. 08-35670) |

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Gateway Woodside, Inc.

**Name and address where notices should be sent:**
Vincent J. Pisegna
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

Telephone number: (617) 482-7211

X Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 6115
(*If known*)

Filed on: 1/26/09

**Name and address where payment should be sent (if different from above):**

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 86,771.26

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** lease
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 01609

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**
**Value of Property:** $_____  **Annual Interest Rate** ___%
**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____  **Basis for perfection:** _____
**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date:** 6/15/12

**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Attorney for
Gateway Woodside, Inc.

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ATTACHMENT TO PROOF OF CLAIM
OF GATEWAY WOODSIDE, INC., successor in interest to
Thomas J. Flately d/b/a The Flatley Company

## Summary of Claim

Bankruptcy Case No. 08-35653

**TENANT**          Circuit City Stores, Inc.

**LEASE DATED:**    27-Sept-94

**LANDLORD:**       Gateway Woodside, Inc. successor in interest to Thomas J. Flately d/b/a The Flatley Company

**Amounts Owed as of Petition Date (11/10/08)**
| | |
|---|---:|
| Monthly Rent | $ 39,462.51 |
| CAM | $ 11,993.19 |
| Real Estate Tax | $ 35,315.56 |
| Total | $ 86,771.26 |

**Amounts Owed Post-Petition**
| | |
|---|---:|
| Rent 11/11/08 – 11/30/08 | $ 19,731.25 |
| CAM 11/11/08 – 11/30/08 | $ 5,349.46 |
| 4th Quarter Real Estate Tax (pro rated for 11/11/08 – 12/31/08) | $ 19,577.12 |
| 1st Quarter Real Estate Tax (pro rated for 1/1/09 – 3/11/09) | $ 27,091.39 |
| Total | $ 71,749.22 |

**Attorney's Fees**    $ 5,000.00

**TOTAL AS OF 06/15/12**    $ 163,520.48

# EXHIBIT B

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

### PROPOSED ORDER

This matter coming before the Court on the Motion of Gateway Woodside, Inc. ("Movant") to Allow the Filing of an Amended Proof of Claim, it appearing that due notice was provided and it appearing that the grant of the relief requested is in the best interests of the Liquidating Trust and all other parties, it is hereby ORDERED, ADJUDGED and DECREED:

That Movant's Motion to Allow the Filing of an Amended Proof of Claim is Hereby allowed.

Dated:_____            _____
                                  The Honorable Douglas O. Tice

Entered on Docket:_____

_____
William A. Gray, Esquire (VSB No. 46911)
John C. Smith, Esquire (VSB No. 44556)
SANDS ANDERSON PC
1111 East Main Street (23219)
Post Office Box 1998
Richmond, VA 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291

And

Vincent J. Pisegna, Esquire
Anthony J. Cichello, Esquire
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210
*Counsel to Gateway Woodside, Inc.*

WE ASK FOR THIS:

/s/ *William A. Gray*
William A. Gray, Esquire (VSB No. 46911)
John C. Smith, Esquire (VSB No. 44556)
SANDS ANDERSON PC
1111 East Main Street (23219)
Post Office Box 1998
Richmond, VA 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291

and

Vincent J. Pisegna
Anthony J. Cichello
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
*Counsel for Gateway Woodside, Inc.*

## LOCAL RULE 9022-1 CERTIFICATION

I do hereby certify that on June 21, 2012, the foregoing was served via first class, postage paid mail on the following parties:

| | |
|---|---|
| Lynn L. Tavenner, Esquire<br>Paula S. Beran, Esquire<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, VA 23219 | Robert J. Feinstein, Esquire<br>John Morris, Esquire<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 |
| Richard M. Pachulski, Esquire<br>Jeffrey N. Pomerantz, Esquire<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Boulevard<br>11th Floor<br>Los Angeles, CA 90067-4100 | Robert B. Van Arsdale, Esquire<br>Office of the United States Trustee<br>Richmond, Virginia Office<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219-1888 |

/s/ *William A. Gray*

2