**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| **CIRCUIT CITY STORES, INC., et al.,** | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**CC ACQUISITIONS, L.P.'S RESPONSE TO THIRTY-NINTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION
OF CERTAIN INVALID CLAIMS-MITIGATION)**

CC Acquisitions, L.P. ("CC Acquisitions") by and through its counsel Hodgson Russ, LLP and local counsel Christian & Barton LLP respectfully submits this response (the "Response") to the trustee of the Circuit City Stores, Inc. Liquidating Trust's (the "Trust") Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation), which seeks to disallow Claim Nos. 12718, 12721, 12722, 12725, 14518, 14521, 14522, 14523, 14574 and 14577 (the "Motion").

### I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

2.    Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

---

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | James C. Thoman, Esquire |
| Michael D. Mueller, Esquire (VSB No. 38216) | HODGSON RUSS LLP |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | 140 Pearl Street, Suite 100 |
| CHRISTIAN & BARTON, LLP | Buffalo, New York 14202 |
| 909 East Main Street, Suite 1200 | Telephone: (716) 856-4000 |
| Richmond, Virginia 23219 | |
| Telephone: (804) 697-4100 | |
| Facsimile: (804) 697-4112 | |
| | |
| Local Counsel for CC Acquisitions, L.P. | Counsel for CC Acquisitions, L.P. |

## II. BACKGROUND

3. On November 10, 2008 (the "Petition Date") the above-captioned debtors (the "Debtors") filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

4. On September 10, 2010, the Court entered an Order confirming the Debtors' proposed plan of liquidation (the "Plan").

5. The Plan became effective on November 1, 2010 (the "Effective Date"). On the Effective Date, and pursuant to the Plan and the Liquidating Trust Agreement approved therewith, the Liquidation Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and make distributions to creditors.

6. McDonald Mortgage Pass-Through Corporation (the "Originator") made various mortgage loans with respect to a number of locations leased by the Debtors including the following locations:

| LANDLORD | STORE NUMBER | LOCATION |
|---|---|---|
| CCI Trust 1994-1 | 4506 ("Little Rock 1") | 4339 Warden Road North Little Rock, AR 72116 |
| CCI Trust 1994-1 | 4505 ("Little Rock 2") | 109 Markham Park Drive Little Rock, AR 72211 |
| CCI Trust 1994-1 | 3515 ("Nashville") | 7669 Highway 70 South Nashville, TN 37221 |
| CCI Trust 1994-1 | 3137 ("Maplewood") | 1940 E. County Road D Maplewood, MN 55109 |
| CCI Louisiana Trust | 3506 ("Marrero") | 4945 Lapalco Boulevard Marrero, LA 70072 |
| CCI Trust 1994-1 | 6619 (formerly store no. 3519) ("Humble") | 20465 Highway 59 Humble, TX 77338 |
| CCI Trust 1994-1 | 6324 (formerly store no. 3414) ("Salem") | 435 Lancaster Drive Salem (Portland), OR 97301 |
| CCI Trust 1994-1 | 6366 (formerly store no. 4502) ("Lewisville") | 2325 S. Stemmons Freeway Lewisville, TX 75067 |

collectively, the "Locations."

7. The Originator then transferred the mortgage loans and the collateral therefor to Manufacturers and Traders Trust Company, as trustee (the "Trustee") for the benefit of the holders of certain certificates issued pursuant to the terms of a Pooling and Servicing Agreement, dated as of November 10, 1994. The mortgage loans and collateral therefore were transferred to the Trustee. The certificates represented the beneficial interests in the mortgage loans, and entitled the certificate holders to a stream of payments.

8. Each loan was secured by a mortgage and assignment of leases and rents. The assignment of leases and rents provide for the payment of rents directly to the lender in the occurrence of an event of default.

9. There were defaults under the mortgage loans. The Trustee exercised its rights and remedies. The borrowers entered into deed in lieu of foreclosure agreements with respect to certain of the Locations. With respect to the Humble, TX and Lewisville, TX locations, the Trustee foreclosed on the premises. At the direction of the Trustee, the properties were conveyed to CC Acquisitions in accordance with the terms of the deeds in lieu of foreclosure.

10. For all of the Locations, the Trustee assigned all of its rights with respect to the mortgage loan and related collateral documents to CC Acquisitions. The assignments contain "anti-merger" language. CC Acquisitions is the assignee of all rights with respect to mortgage loans and assignments of rents and leases with respect to the Locations.

11. The Locations are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

12. The Court approved rejection of the leases with respect to all of the Locations as follows:

| Location | Store No. | Date Order Entered | Effective Date of Rejection | Docket No. of Order |
|---|---|---|---|---|
| Marrero, LA | 3506 | 12/11/2008 | 12/31/2008 | 896 |
| Lewisville, TX | 6366 (formerly #4502) | 11/10/2008 | 11/10/2008 | 81 |
| Salem (Portland), OR | 6324 (formerly #3414) | 11/10/2008 | 11/10/2008 | 81 |
| Humble, TX | 6691 (formerly #3519) | 11/10/2008 | 11/10/2008 | 81 |
| Nashville, TN | 3515 | 3/3/2009 | 2/23/2009 | 2400 |
| Little Rock, AR | 4505 | 2/19/2009 | 3/11/2009 | 2242 |
| Maplewood, MN | 3137 | 2/19/2009 | 3/11/2009 | 2242 |
| Little Rock, AR | 4506 | 2/19/2009 | 3/11/2009 | 2242 |

13. On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $620,334.88 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Little Rock, Arkansas—Store No. 4506 ("Claim No. 12718"). On or about May 17, 2010, the Trustee transferred Claim No. 12718 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7633). A copy of Claim No. 12718 and the Transfer of Claim are annexed hereto as Exhibit "A".

14. On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $721,052.70 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Little Rock, Arkansas—Store No. 4505 ("Claim No. 12721"). On or about May 17, 2010, the Trustee transferred Claim No. 12721 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7816). A copy of Claim No. 12721 and the Transfer of Claim are annexed hereto as Exhibit "B".

15. On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $804,474.43 for rejection damages and pre-

4

petition amounts due with respect to the lease for real property located at Nashville, Tennessee—Store No. 3515 ("Claim No. 12722"). On or about May 17, 2010, the Trustee transferred Claim No. 12722 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7632). A copy of Claim No. 12722 and the Transfer of Claim are annexed hereto as Exhibit "C".

16.    On or about April 30, 2009, the Trustee timely filed a request for a general unsecured claim in the amount of not less than $974,171.44 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Maplewood, Minnesota—Store No. 3137 ("Claim No. 12725"). On or about May 17, 2010, the Trustee transferred Claim No. 12725 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7631). A copy of Claim No. 12725 and the Transfer of Claim are annexed hereto as Exhibit "D".

17.    On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8170) asserting a general unsecured claim in the amount of not less than $933,748.17 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Humble, Texas—Store No. 6619 ("Claim No. 14518"). A copy of Claim No. 14518 is annexed hereto as Exhibit "E".

18.    On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8626) asserting a general unsecured claim in the amount of not less than $715,734.85 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Portland (Salem), Oregon—Store No. 6324 ("Claim No. 14521"). A copy of Claim No. 14521 is annexed hereto as Exhibit "F".

5

19. On or about July 23, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 8627) asserting a general unsecured claim in the amount of not less than $826,028.91 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Marrero, Louisiana—Store No. 3506 ("Claim No. 14522"). A copy of Claim No. 14522 is annexed hereto as Exhibit "G".

20. On or about July 23, 2009, the Trustee timely filed an amended proof of claim (amending Claim No. 8421) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366 ("Claim No. 14523"). On or about May 17, 2010, the Trustee transferred Claim No. 14523 to CC Acquisitions and Notice of the Transfer of Claim was filed with the Court (Docket No. 7630). A copy of Claim No. 14523 and the Transfer of Claim are annexed hereto as Exhibit "H".

21. On or about September 2, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 14523) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366 ("Claim No. 14574"). A copy of Claim No. 14574 is annexed hereto as Exhibit "I".

22. On or about September 2, 2009, CC Acquisitions timely filed an amended proof of claim (amending Claim No. 14523) asserting a general unsecured claim in the amount of not less than $831,584.68 for rejection damages and pre-petition amounts due with respect to the lease for real property located at Lewisville, Texas—Store No. 6366 ("Claim No. 14577"). A copy of Claim No. 14577 is annexed hereto as Exhibit "J".

23. Claim Nos. 12718, 12721, 12722, 12725, 14518, 14521, 14522, 14523, 14574 and 14577 shall be referred to collectively as the "Claims".

24. Annexed hereto as Exhibit "K" is a declaration of Ron Petit, Vice-President of CC Acquisitions, L.P. (the "Declaration") providing facts relevant to this response to the Motion.

### III.    RESPONSE

25. The Motion seeks to reduce the Claims filed by CC Acquisitions based upon the Trust's assertion that the claimants have not met their "applicable mitigation burden." *See* Motion, Par. 24, Pg. 8. The Motion seeks to reduce the Claims by the amounts sought for rejection damages.

26. The Trustee exercised its rights pursuant to the loan documents, including an assignment of leases and rents. The Trustee subsequently assigned to CC Acquisitions all of its rights pursuant to the loan documents. Therefore, CC Acquisitions is entitled to pursue all of the claims the landlord would have been entitled to pursue against the Trust.

27. CC Acquisitions entered into a Management and Leasing Agreement with CB Richard Ellis on June 17, 2009 with respect to the Locations. CC Acquisitions retained CB Richard Ellis in an attempt to market the Locations to prospective tenants. There was very little demand for leasing the Locations. The re-letting efforts produced no replacement tenants for any of the Locations.

28. CC Acquisitions also entered into an Exclusive Sales Listing Agreement with CB Richard Ellis on May 20, 2009. There was limited demand in the sale market, in most cases, by users who converted the Locations from retail into office or medical office, or in two cases, into a house of worship and a site for demolition and conversion to a motel. The properties were sold on the following dates:

7

> Humble, Texas - October 2009
>
> Lewisville, Texas - August 2010
>
> North Little Rock, AR - December 2009
>
> Little Rock, AR - June 2010
>
> Marrerro, LA - December 2010
>
> Nashville, TN - October 2009
>
> Maplewood, MN - June 2011
>
> Salem, OR - May 2010

29.   CC Acquisitions has provided detailed accounting with respect to the pre and post-petition amounts owed by the Debtor in support of the Claims. Accordingly, the Trust's Motion should be denied with respect to all of the Claims, except Claim No. 14523 and Claim No. 14574. CC Acquisition has no objection to expunging Claim No. 14523 and Claim No. 14574 as duplicative, so long as Claim No. 14577 is deemed to relate back to the original timely filed claim it amends (Claim No. 8421). This relation back must be addressed in any order which expunges Claim No. 14523 and Claim No. 14574.

30.   A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001(f). "Even if there is an objection filed to the claim, the evidentiary effect of 3001(f) remains in force." *In re L. Washington and Associates, Inc.,* 2000 Bankr. LEXIS 1427, *6 (Bankr. E.D. Pa. 2000) (*citing In re: Wells*, 51 B.R. 563, 566 (D. Col. 1985)). The objecting party carries the burden of going forward with evidence in support of its objection. The objector's evidence must be of probative force equal to that of the allegations contained in the creditor's proof of claim. *Id.* For the objecting party to rebut the *prima facie* evidence, the objector "must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claims legal sufficiency." *Id. (quoting In re Alleghany International, Inc.,* 954 F. 2d 167, 173 (3d Cir. 1982)). The Trust has not sustained the burden of

8

proof as he has merely provided conclusory statements to support the attempt to expunge CC Acquisitions' claims.

31.     CC Acquisitions has designated its undersigned counsel, James C. Thoman, Esq. as the party with authority to discuss mitigation issues on its behalf.

## IV.    RESERVATION OF RIGHTS

32.     CC Acquisitions hereby reserves its rights to amend, modify or supplement this Response, including but not limited to, providing additional documentation or evidence in support of the claims.

## V.    CONCLUSION

33.     For the reasons set forth herein, CC Acquisitions respectfully requests that the Trust's Motion be denied in its entirety and granting CC Acquisitions such other and further relief as may be just and proper.

Dated:  June 21, 2012                                  **CHRISTIAN & BARTON, LLP**

By: /s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA  23219
Telephone:  (804) 697-4100
Facsimile:   (804) 697-4112

—and—

James C. Thoman, Esquire
HODGSON RUSS LLP
140 Pearl Street, Suite 100
Buffalo, NY  14202
Telephone: (716) 856-4000
Facsimile: (716) 819-4614

*Counsel for CC Acquisitions, L.P.*

**CERTIFICATE OF SERVICE**

I, Jennifer M. McLemore, hereby certify that on the 21st day of June 2012, a true and correct copy of the foregoing Response of CC Acquisitions, L.P.'s Response to Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1282884