**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile: (315) 474-4040
Kevin M. Newman
Adam F. Kinney

and

Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Landover (Landover Crossing), LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

-------------------------------------------------------------------
In re:

   CIRCUIT CITY STORES, INC., *et al.*       Case No. 08-35653-KRH
          Jointly Administered
     Debtors.       Chapter 11 Proceedings
-------------------------------------------------------------------

**LANDOVER (LANDOVER CROSSING), LLC'S RESPONSE TO THE LIQUIDATING
TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**

Landover (Landover Crossing), LLC (the "Landlord"), by and through its attorneys, Menter, Rudin & Trivelpiece, P.C., and local counsel, Christian and Barton, L.L.P., respectfully submits this Response to the Circuit City Stores, Inc. liquidating trust's (the "Liquidating Trust") *Forty-first Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* (the "Claim Objection"). (Dkt. 11852.)

{29090/22754/AFK/00514846.DOCX}

## BACKGROUND

1.  On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2.  The Landlord leased nonresidential real property to Circuit City Stores, Inc. (the "Debtor") under a lease (the "Lease")[1] for premises located at Landover Crossing, Landover, Maryland (the "Premises").

3.  The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3).[2] *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

4.  The Debtor rejected the Lease during the pendency of the cases.

5.  Debtor entered into a sublease (the "Sublease") of the Premises with Mall of Decoration, Inc., which did business as Home Evolution (the "Subtenant"). Upon information and belief, the Sublease was rejected by the Debtors during the pendency of the cases. Notwithstanding this, the Subtenant refused to vacate and deliver the Premises to the Landlord. The Landlord was forced to commence eviction proceedings against the Subtenant and did not regain possession of the Premises until August 14, 2009.

6.  The Landlord, by and through its attorneys, filed a rejection damage claim in the amount of $99,597.55 plus attorneys' fees ("Claim No. 3266"). Landover subsequently, by and

---

[1] The Landlord will provide a copy of the Lease upon the Liquidating Trust's request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

through its attorneys, amended Claim No. 3266 by filing an amended claim in the amount of $552,626.00 plus attorneys' fees ("Claim No. 14664")[3].

7. The Claims are also subject to the Liquidating Trust's *Twenty-Eighth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims)* (the "Twenty-eighth Omnibus Claim Objection"). (Dkt. 11445.) In the Twenty-eighth Omnibus Claim Objection the Liquidating Trust proposes to expunge Claim No. 3266 and leave surviving Claim No. 14664 as a general unsecured claim in the amount of "$0.00 UNL." Simultaneously, the Liquidating Trust proposes to reduce Claim No. 14664 to a general unsecured claim in the amount of $105,096.46, "reduc[ing] it by $435,147.54 for rejection damages, $7,382 for attorneys' fees, and $5,000 for cleaning charges not reflected on debtor's books and records." The Landlord filed a response to the Fourth Omnibus Claim Objection on January 3, 2012, and a hearing is scheduled on July 10, 2012 in that matter. (Dkt. 11631.)

8. Stanley Werb, Manager of Rivercrest Realty Associates, LLC and a person having personal knowledge of the relevant facts, attests that the rent and charges including in the Claims are true and accurate calculations of the amounts owed by the Debtor. See the Declaration of Mr. Werb and related schedules attached hereto as at Exhibit "A".

### RESPONSE TO OBJECTION

9. The Liquidating Trust (i) objects to the Claims on the basis that it is not liable for them unless the Landlord has met its mitigation burden and (ii) proposes to "reduce by amount of rejection damages, subject to modification upon timely receipt of mitigation information." The Liquidating Trust proposes to "reduce by amount of rejection damages, subject to modification

---

[3] Claim No. 3266 and Claim No. 14664 are referred to collectively as the "Claims."

upon timely receipt of mitigation information" Claim No. 3266 leaving a general unsecured claim in the amount of $0.00 and Claim No. 14664 leaving a modified general unsecured claim in the amount of $12,382.

10. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid"). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson* (*In re Johnson*), 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554, 557 (5th Cir. 1993)); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v. United States* (*In re Caroll*), 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992).

11. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re Allegheny International*, Inc., 954 F.2d at 173–74). In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." *In re Falwell*, 434 B.R. at 784 (citing 9 COLLIER ON BANKRUPTCY, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)). The Liquidating Trust, however, has offered no evidence supporting the reduction of the Claims that overcomes the presumption of the Claims' validity.

12. The Landlord filed Claim No. 3266 after rejection of the Lease. The Landlord substantiated Claim No. 3266 with documentation showing the amounts due for each item, which totaled $99,597.55.

13. The Landlord amended Claim No. 3266 by filing Claim No. 14664 which includes rent due pursuant to the holdover provisions of the Lease through August 2009. The Landlord substantiated Claim No. 14664 with documentation showing the amounts due for each component of rent due which totaled $552,626.00. The Liquidating Trust fails to provide any evidence or explanation justifying the reduction of the Claims.

14. The Lease provides in pertinent part that the Debtor:

> . . . agrees that, at the termination or earlier expiration of this Lease, it will deliver to Landlord peaceable possession of the Property. Landlord need not give Tenant any Lease expiration notices. No holding over by Tenant, nor acceptance of Base Rent or additional rent by Landlord, shall operate as a renewal or extension of the Lease without the written consent of Landlord and Tenant. Should Tenant hold over without the consent of Landlord, this Lease shall continue in force from month to month, subject to all of the provisions of this Lease (except that Tenant shall not be entitled to any Option Periods under Paragraph 4(b)), and at 150% of the monthly Base Rent Tenant had been paying during the last Lease Year.

(Lease, § 17.) Moreover, the Sublease between Debtor and the Subtenant provides that:

> [i]f Subtenant remains in possession of the Premises after the expiration or termination of the Term, Subtenant shall be deemed to be occupying the Premises as a tenant from month to month at the sufferance of Sublandlord subject to all of the provisions of this Sublease, except that the Base Rent shall be at a monthly rate equal to the greater of (i) the rent which Sublandlord owes for such period under the Prime Lease, or (ii) twice the monthly Base Rent in effect during the last month of the Term.

(Sublease, § 22.) The Landlord never received any rent from the Subtenant and the Landlord has no information or knowledge regarding whether Debtor sought or collected any holdover rent from the Subtenant. Thus, the obligations underlying Claim No. 14662 are due pursuant to the Lease.

15. Furthermore, the Landlord is entitled to its attorneys' fees. The Lease provides that:

> Landlord may recover from Tenant, and Tenant shall pay to Landlord upon demand, such reasonable expenses as Landlord may incur in recovering possession of the Property, placing the same in good order and condition and repairing the same for reletting, all other reasonable expenses, commission and charges incurred by Landlord in exercising any remedy provided herein or as a result of any default by Tenant hereunder, (including, but not limited to, reasonable attorneys' fees, brokerage fees or reletting expenses), and any other amount necessary to compensate Landlord for all the detriment proximately caused by the Tenant's failure to perform Tenant's obligations under this Lease or which in the ordinary course of things would be likely to result therefrom.

(Lease, 20(c).) The Lease further provides that:

> In the event either party shall elect to commence any action or proceeding against the other party by reason of any breach or claimed breach of any provision of this Lease, to commence any action or proceeding in any way connected with this Lease, or to seek a judicial declaration of rights under this Lease, the person prevailing in such action or proceeding shall be entitled to recover from the other person or to be reimbursed for the prevailing person's reasonable attorneys' fees and costs.

(Lease, § 40(j).) Thus, the Landlord's claim for attorneys' fees is justified under the terms of the Lease.

16. In light of these facts and contrary to the Debtors' assertions, mitigation is not an issue with regard to the Claims. The term of the Lease continued on a month to month basis after January 31, 2009, until the Premises were restored to the Landlord and the Claims should be allowed as filed.

17. The Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim Nos. 3266 or 14664. The Liquidating Trust's objections to Claim Nos. 3266 and 14664 should therefore be overruled.

**WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's objection to Claim Nos. 3266 and 14664, allowing these Claims, and granting the Landlord such other and further relief as the Court deems just and proper.

Dated:  June 22, 2012                              **CHRISTIAN & BARTON, L.L.P.**


                                                   /s/ Jennifer M. McLemore
                                               By: Augustus C. Epps, Jr. (VSB 13254)
                                                   Michael D. Mueller (VSB 38216)
                                                   Jennifer M. McLemore (VSB 47164)
                                                   909 East Main Street, Suite 1200
                                                   Richmond, Virginia 23219
                                                   Telephone: (804) 697-4100
                                                   Facsimile: (804) 697-411

                                                   -AND-

                                                   Kevin M. Newman
                                                   Adam F. Kinney
                                                   **MENTER, RUDIN & TRIVELPIECE, P.C.**
                                                   Office and Post Office Address
                                                   308 Maltbie Street, Suite 200
                                                   Syracuse, New York 13204-1439
                                                   Telephone:  (315) 474-7541
                                                   Facsimile:  (315) 474-4040

                                                   *Attorneys for Landover (Landover Crossing), LLC*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 22nd day of June 2012, a true and correct copy of the foregoing Landover (Landover Crossing), LLC's Response to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1284891

{29090/22754/AFK/00514846.DOCX}    8