**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF NEW RIVER PROPERTIES, LLC TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**
(Claim No. 12418)

New River Properties, LLC ("New River") hereby files its response (the "Response") to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (the "Objection"). In the Objection, the Liquidating Trust asserts that New River's Claim No. 12418 (the "Claim"), filed in the amount of $364,286.00 should be reduced and allowed in the sum of $40,949.34. New River opposes the relief sought by the Liquidating Trust in the Objection and asks that the Claim be allowed in the full amount in which it was filed. In support of its Response, New River states the following:

1. The Liquidating Trust's Objection asserts that the Claim should be reduced subject to modification upon timely receipt of mitigation information.

2. The Claim should not be reduced as New River was unable to mitigate the damages sought in its Claim. The stay order was entered on November 10, 2008. New River was initially required to wait while Circuit City determined which store leases would be

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia  23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for New River Properties, LLC

abandoned. Even though the store was closed in October of 2008, it took several months to determine whether Circuit City intended to abandon the lease. Keys to the property were delivered to New River after January 1, 2009. However, when New River entered the property it determined that Circuit City had not removed all of its personal property from the premises. It continued to occupy the premises. New River was aware of the orders of the Court and could not rent or sublease the property until the property was surrendered as required by the terms of the lease. The lease required the surrender in "broom clean" condition. As previously stated, when the store was closed, it took several months for Circuit City to abandon the property and even longer to surrender possession. Furthermore, New River was required to wait until all of the personal property was removed to attempt to sublet the property. The delay by Circuit City prevented New River from promptly mitigating its damages. As soon as New River saw that the property was to be abandoned, it contacted a realtor to attempt to lease the property. It spent funds to paint, repair and clean the property to make it rentable. It transferred the utilities to New River's name so the property would not look "abandoned."

3. Circuit City was an anchor tenant in the area where it leased the property owned by New River. On information and belief, when Circuit City closed its doors, other businesses were affected by the loss of consumer traffic. As a result other tenants eventually closed their doors and ultimately the locale became known as a destitute area, unpopular for shopping or retail activity. This made the premises unattractive for a retail lease, and only useable for storage. New River has since sold the property at a substantial loss, which it cannot recuperate.

4. The party with authority to discuss mitigation issues and the facts stated in this Response is the following:

Woodrow W. Marlowe, Jr., P.O. Box 36, Clarkton, NC 28433  carmex@embarqmail.com

WHEREFORE, New River requests that the Court deny the Liquidating Trust's Objection to New River's Claim No. 12418 and that claim be allowed by Court order in the amount of $364,286.00.

Dated:  June 25, 2012                              **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB no. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone:  (804) 697-4100
Facsimile:   (804) 697-6112

*Counsel for New River Properties, LLC*

### CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 25th day of June 2012, a true and correct copy of the foregoing Response of New River Properties, LLC to Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims- Mitigation) (Claim No. 12418) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1285040v1

3