IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc. *et. al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>Jointly Administered |

### RESPONSE IN OPPOSITION TO NOTICE OF LIQUIDATING TRUST'S THIRTY-NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION) (Claim No. 5268)

Agree Limited Partnership ("Landlord"), by and through the undersigned counsel, for its

Response in Opposition to Notice of Liquidating Trust's Thirty-Ninth Omnibus Objection to

Landlord Claims (Reduction of Certain Invalid Claims – Mitigation) (the "Objection") hereby

states as follows:

### PRELIMINARY STATEMENT

1.      Landlord and Circuit City Stores, Inc. ("Tenant") entered into a lease agreement

(the "Lease") for certain non-residential real property known as Store #3237 located at 515 N.

Congress Ave., Boynton Beach, Florida (the "Premises").  A Circuit City retail store operated

from the Premises.

Paul K. Campsen, Esq.
 VSB No. 18133
Kaufman & Canoles, a
 professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele:      (757) 624-3000
Fax:      (757) 624-3169

David M. Blau, Esq.
  Michigan Bar No. P52542
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI 48075
Tele:    (248) 357-0000
*Fax:    (248) 357-7488*
*Co-Counsel for Agree Limited Partnership*

2.      The lease expires on January 31, 2017.

3.      On November 18, 2008 (the "Petition Date"), the Debtors herein filed for relief under Chapter 11 of the United States Bankruptcy Code.

4.      The Lease was rejected on March 11, 2009.

5.      On January 26, 2009, Landlord filed proof of claim number 5268 in the amount of $727,215.88 which was subsequently reduced by the Liquidating Trust's Fourth Omnibus Objection to Landlords Claims to $668,822.75 (the "Claim").

6.      On April 20, 2012, the Liquidating Trust filed its Objection to the Claim.

7.      The Liquidating Trust seeks to allow the Claim as a general unsecured claim in the amount of $133,189.75.

8.      The Liquidating Trust's Objection asserts that the Claim should be reduced subject to modification upon timely receipt of mitigation information.

9.      Landlord asserts that the Claim should not be reduced as the Landlord's mitigation efforts have not reduced the capped Claim amount.

10.     Additionally, Landlord asserts that the Claim amount should be allowed in the amount of $834,300.09 as a result of incorrect calculations in the original claim.

11.     Attached as **Exhibit A** is the correct calculations of the general unsecured claim.

12.     Landlord actively marketed the leased premises for lease by an outside broker and obtained a replacement tenant in late 2010.

13.     Landlord believes that the replacement tenant represents the best use of the former Circuit City space and represents current market rent.

14.     The replacement tenant began paying rent on September 15, 2010.

2

15.     Landlord's Claim was capped pursuant to 11 U.S.C. § 502(b)(6) based upon one year's rent due under the Lease.  However, the claim was incorrectly calculated and fifteen percent of the rent remaining is greater than one year's rent.

16.     Landlord spent $3,717,734 on construction for the replacement tenant.

17.     Landlord paid $262,740 in lease commissions for the replacement tenant's lease.

18.     At the time of filing the Claim, the total rent remaining under the Circuit City Lease was $5,462,809.46.

19.     From September 15, 2010 through the term of the Circuit City Lease, the Landlord expects to collect $3,589,411.56 from the replacement tenant.

20.     As a result, Landlord's damages are $5,853,871.90 after subtracting the rent to be received from the replacement tenant.

21.     The capped Claim amount is not impacted by the rent to be collected from the replacement tenant.

22.     The party with authority to discuss mitigation issues and the facts stated in this Response is the following:

> Kenneth Howe
> Agree Realty Corporation
> 31850 Northwestern Highway
> Farmington Hills, MI  48334
> Telephone: (248) 737-4190
> ken@agreerealty.com

**RESPONSE**

23.     Pursuant to Bankruptcy Rule 3001(f) "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). *See also In re Fleming*, Case No. 08-30200-KRH, 2008 Bankr. LEXIS 4021, at *1 (Bankr. E.D. Va. Oct. 15, 2008); *In re Wilkinson*, 175

B.R. 627, 628 (Bankr. E.D. Va. 1994); *In re Tidewater Memorial Hosp., Inc.,* 106 B.R. 885, 888-89 (Bankr. E.D. Va. 1989). Parties objecting to filed proofs of claim must produce evidence of probative value in order to overcome the initial presumption that proofs of claim filed in accordance with Bankruptcy Rule 3001 are *prima facie* valid. *See In re Fleming,* 2008 Bankr. LEXIS 4021, at *1; *C-4 Media Cable S., L.P. v. Reds T.V. & Cable, Inc. (In re C-4 Media Cable S., L.P.),* 150 B.R. 374, 377 (Bankr. E.D. Va. 1992). Filing an objection alone, absent probative evidence attacking the validity of the claim, is insufficient to overcome the initial presumption. *In re Fleming,* 2008 Bankr. LEXIS 4021, at *1; *In re Lanza,* 51 B.R. 125, 127 (Bankr. D.N.J. 1985); *In re Hughes,* 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004). As such, when objections are merely formal objections without evidence, courts can summarily overrule such objections. *See In re Garner,* 246 B.R. 617, 623 (9th Cir. B.A.P. 2000).

24.    Merely disagreeing with the amount of a claim cannot rise to the level of producing evidence equal to the weight given to the claim itself as is necessary to rebut the presumption of *prima facie* validity. *See In re Thomas,* Case Nos. 99-45172-R, 99-45174-R, 2004 Bankr. LEXIS 148, at *1-*2 (Bankr. E.D. Mich. Jan. 16, 2004); *In re Williams,* No. 92–50546, 1994 WL 329328, at *3 (Bankr. S.D. Ga. Mar. 30, 1994).

25.    The Objection fails because the Liquidating Trust has not provided any probative evidence to rebut the presumption of *prima facie* validity.

26.    The Objection only asserts that the Debtor is not liable for the Claim unless the claimant has met its mitigation burden and that the Claim should be reduced if the claimant has not met its mitigation burden.

## CONCLUSION

27.     Accordingly, the Liquidating Trust's unsupported request to disallow Landlord's Claim No. 5268 is insufficient to rebut such Claim and should be denied.

28.     Landlord's Claim should remain as a valid general unsecured claim in the amount of $834,300.09.

**WHEREFORE,** the Landlord respectfully requests that this Honorable Court enter an Order (i) denying the Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims as it relates to Agree Limited Partnership; (ii) allowing Landlord's Claim No. 5268 in the amount of $834,300.09; and, (iii) granting such further and other relief as this Court deems just and proper.

Dated: June 25, 2012

**Agree Limited Partnership**

By:     _/s/ Paul K. Campsen_
                Of Counsel

Paul K. Campsen, Esq.
  VSB No. 18133
Kaufman & Canoles, a
  professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele:   (757) 624-3000
Fax:    (757) 624-3169

David M. Blau, Esq.
  Michigan Bar No. P52542
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI 48075
Tele:   (248) 357-0000
Fax:    (248) 357-7488
*Co-Counsel for Agree Limited Partnership*

5

## CERTIFICATE OF SERVICE

I certify that on this 25th day of June, 2012, a true copy of the foregoing pleading was served electronically upon all parties receiving notice via ECF and via electronic mail and U.S. Mail to the following counsel for the Liquidating Trust:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. |
| PACHULSKI STANG ZIEHL & JONES LLP | TAVENNER & BERAN, PLC |
| 10100 Santa Monica Boulevard | 20 North Eight Street, 2nd Floor |
| Los Angeles, CA  90067-4100 | Richmond, VA  23219 |
| E-mail: jpomerantz@pszjlaw.com | E-mail:   ltavenner@tb-lawfirm.com |
| acaine@pszjlaw.com | pberan@tb-lawfirm.com |

/s/     _Paul K. Campsen_

11768733_2.DOC

6