IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc. *et. al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>Jointly Administered |

**RESPONSE IN OPPOSITION TO NOTICE OF LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**
(Claim No. 5262)

Rebs Muskegon, LLC, Pelkar Muskegon, LLC, and Faram Muskegon, LLC, as Tenants in Common ("Landlord"), by and through the undersigned counsel, for their Response in Opposition to Notice of Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation) (the "Objection") hereby states as follows:

**PRELIMINARY STATEMENT**

1. On June 11, 1996, Landlord's predecessor in interest and Circuit City Stores, Inc. ("Tenant") entered into a lease agreement (the "Lease") for certain non-residential real property located at Sherman Centre Shopping Center in Muskegon, Michigan (Store #1809) (the

Paul K. Campsen, Esq.
  VSB No. 18133
Kaufman & Canoles, a
  professional corporation
150 West Main Street, Suite 2100
Norfolk, VA  23510
Tele:    (757) 624-3000
Fax:    (757) 624-3169

David M. Blau, Esq.
  Michigan Bar No. P52542
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI  48075
Tele:    (248) 357-0000
Fax:    (248) 357-7488
*Co-Counsel for Rebs Muskegon, LLC, Pelkar Muskegon, LLC, and Faram Muskegon, LLC, as Tenants in Common*

"Premises"), for a term of twenty (20) years. A Circuit City retail store operated from the Premises.

2. The lease expires on January 31, 2017.

3. On November 18, 2008 (the "Petition Date"), the Debtor herein filed for relief under Chapter 11 of the United States Bankruptcy Code.

4. The Lease was rejected on December 31, 2008.

5. On January 26, 2009, Landlord filed proof of claim number 5262 in the amount of $625,134.49 which was subsequently reduced to $622,468.79 (the "Claim").

6. On April 20, 2012, the Liquidating Trust filed its objection to the Claim.

7. The Liquidating Trust seeks to allow the Claim as a general unsecured claim in the amount of $10,703.21.

8. The Liquidating Trust's Objection asserts that the Claim should be reduced subject to modification upon timely receipt of mitigation information.

9. Landlord asserts that the Claim should not be reduced as the Landlord's mitigation efforts have not reduced the capped Claim amount.

10. Landlord actively marketed the leased premises for lease by an outside broker and recently obtained a replacement tenant.

11. Landlord believes that the replacement tenant represents the best use of the former Circuit City space and represents current market rent.

12. The recent replacement tenant began paying rent on January 1, 2012.

13. Landlord's Claim was capped pursuant to 11 U.S.C. § 502(b)(6) based upon fifteen percent of the rent due under the Lease not to exceed three years' rent.

14. At the time of filing the Claim, the total rent remaining under the Circuit City Lease was $4,088,280.24.

15. From January 1, 2012 through the term of the Circuit City Lease, the Landlord expects to collect $406,666.88 from the replacement tenant.

16. As a result, Landlord's damages are $3,681,613.37 which is greatly in excess of the capped Claim amount.

17. The capped Claim amount is not impacted by the rent to be collected from the replacement tenant.

18. The party with authority to discuss mitigation issues and the facts stated in this Response is the following:

> Farzad Amid
> Famco Capital Corporation
> P.O. Box 491464
> Los Angeles, CA 90049
> Telephone: (323) 291-0099
> farzadamid@yahoo.com

**RESPONSE**

19. Pursuant to Bankruptcy Rule 3001(f) "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). *See also In re Fleming*, Case No. 08-30200-KRH, 2008 Bankr. LEXIS 4021, at *1 (Bankr. E.D. Va. Oct. 15, 2008); *In re Wilkinson*, 175 B.R. 627, 628 (Bankr. E.D. Va. 1994); *In re Tidewater Memorial Hosp., Inc.*, 106 B.R. 885, 888-89 (Bankr. E.D. Va. 1989). Parties objecting to filed proofs of claim must produce evidence of probative value in order to overcome the initial presumption that proofs of claim filed in accordance with Bankruptcy Rule 3001 are *prima facie* valid. *See In re Fleming*, 2008 Bankr. LEXIS 4021, at *1; *C-4 Media Cable S., L.P. v. Reds T.V. & Cable, Inc. (In re C-4 Media Cable*

*S., L.P.)*, 150 B.R. 374, 377 (Bankr. E.D. Va. 1992). Filing an objection alone, absent probative evidence attacking the validity of the claim, is insufficient to overcome the initial presumption. *In re Fleming*, 2008 Bankr. LEXIS 4021, at *1; *In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985); *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004). As such, when objections are merely formal objections without evidence, courts can summarily overrule such objections. *See In re Garner*, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000).

20. Merely disagreeing with the amount of a claim cannot rise to the level of producing evidence equal to the weight given to the claim itself as is necessary to rebut the presumption of *prima facie* validity. *See In re Thomas*, Case Nos. 99-45172-R, 99-45174-R, 2004 Bankr. LEXIS 148, at *1-*2 (Bankr. E.D. Mich. Jan. 16, 2004); *In re Williams*, No. 92-50546, 1994 WL 329328, at *3 (Bankr. S.D. Ga. Mar. 30, 1994).

21. The Objection fails because the Liquidating Trust has not provided any probative evidence to rebut the presumption of *prima facie* validity.

22. The Objection only asserts that the Debtor is not liable for the Claim unless the claimant has met its mitigation burden and that the Claim should be reduced if the claimant has not met its mitigation burden.

## CONCLUSION

23. Accordingly, the Liquidating Trust's unsupported request to disallow Landlord's Claim No. 5262 is insufficient to rebut such Claim and should be denied.

24. Landlord's Claim should remain as a valid general unsecured claim in the amount of $622,468.79

**WHEREFORE**, the Landlord respectfully requests that this Honorable Court enter an Order (i) denying the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims as

it relates to Rebs Muskegon, LLC, Pelkar Muskegon, LLC, and Faram Muskegon, LLC, as Tenants in Common; (ii) allowing Landlord's Claim No. 5262 in the amount of $622,468.79; and, (iii) granting such further and other relief as this Court deems just and proper.

Dated: June 25, 2012
                                                  **Rebs Muskegon, LLC,**
**Pelkar Muskegon, LLC, and**
**Faram Muskegon, LLC,**
as Tenants in Common

By: /s/ Paul K. Campsen
Of Counsel

Paul K. Campsen, Esq.
  VSB No. 18133
Kaufman & Canoles, a
  professional corporation
150 West Main Street, Suite 2100
Norfolk, VA  23510
Tele:   (757) 624-3000
Fax:   (757) 624-3169

David M. Blau, Esq.
  Michigan Bar No. P52542
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI  48075
Tele:   (248) 357-0000

*Co-Counsel for Rebs Muskegon, LLC, Pelkar Muskegon, LLC, and Faram Muskegon, LLC, as Tenants in Common*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of June, 2012, a true copy of the foregoing pleading was served electronically upon all parties receiving notice via ECF and via electronic mail and U.S. Mail to the following counsel for the Liquidating Trust:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. |
| PACHULSKI STANG ZIEHL & JONES LLP | TAVENNER & BERAN, PLC |
| 10100 Santa Monica Boulevard | 20 North Eight Street, 2nd Floor |
| Los Angeles, CA 90067-4100 | Richmond, VA 23219 |
| E-mail: jpomerantz@pszjlaw.com | E-mail: ltavenner@tb-lawfirm.com |
| acaine@pszjlaw.com | pberan@tb-lawfirm.com |

/s/   Paul K. Campsen

11768849_2.DOC