**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF ARGYLE FOREST RETAIL I, LLC TO LIQUIDATING
TRUST'S THIRTY-NINTH OMNIBUS OBJECTION TO LANDLORD
CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)
(Claim No. 5575)**

Argyle Forest Retail I, LLC ("Argyle") hereby files its response (the "Response") to the Liquidating Trust's Thirty-Ninth Objection to Landlord Claims (the "Objection"). In the Objection, the Liquidating Trust seeks to further reduce Argyle's Claim No. 5575, which was previously reduced to the amount of $605,322.50 as a result of the Liquidating Trust's Ninth Omnibus Objection to Landlord Claims [Doc. No. 10777] (the "Claim"). The Liquidating Trust now seeks to reduce the Claim to $0.00. Argyle opposes the relief sought by the Liquidating Trust in the Objection and asks that the Claim be allowed in the full amount of $605,322.50. In support of its Response, Argyle states the following:

_____
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

-and-

Heather D. Brown, Esquire (VSB 45303)
Kitchens Kelley Gaynes, P.C.
Eleven Piedmont Center, Suite 900
Atlanta, Georgia 30305
(404) 237-4100 (Telephone)
(404) 364-0126 (Facsimile)
hbrown@kkgpc.com

Counsel for Argyle Forest Retail I, LLC

1. In the Objection, the Liquidating Trust asserts that it is not responsible for paying the Claim unless Argyle establishes that it has met its "applicable mitigation burden." However, the Liquidating Trust does not identify what would satisfy Argyle's alleged "applicable mitigation burden" or provide any authority for its position. To the extent Argyle is able to establish that it has met this unspecified burden, then the Objection seeks to reduce the claim to take mitigation into account.

2. Argyle opposes the Objection on two grounds. First, the Liquidating Trust has failed to overcome the primary validity of the Claim pursuant to Federal Rule of Bankruptcy Procedure 3001(f), which provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 3001(f). Second, the Claim should not be reduced as Argyle was unable to mitigate the damages sought in the Claim.

3. Courts have consistently recognized that if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or the invalidity of the claim itself in order to rebut the presumed validity of the proof of claim. *See e.g., Stancil v. Harford Sands, Inc.* (*In re Harford Sands Inc.*), 372 F.3d 637, 640-41 (4th Cir. 2004) (recognizing that a party objecting to a claim has the burden of proof and must introduce evidence to rebut the claim's presumptive validity). The Liquidating Trust has failed to offer any evidence to rebut the prima facie validity of the Claim. Therefore, the burden has not shifted to Argyle to prove its claim by a preponderance of the evidence and the Objection should be overruled on this basis alone.

4. Despite the clear standard and without any authority, the Liquidating Trust seeks to alter the burden of proof by requiring that Argyle (rather than the Liquidating Trustee)

2

establish the amount and validity of the Claim and the extent to which Argyle mitigated its damages.

5.  Regardless of the inappropriate burden shifting, Argyle submits that it has attempted to find a new tenant for the premises, which was formerly operated by the debtor as Store No. 4278 in Jacksonville, Florida (the "Location"), but has been unable to do so.

6.  The lease for the Location was rejected by the debtor pursuant to Bankruptcy Code Section 365(d)(2) and the procedures approved by this Court effective, December 31, 2008.  Since the rejection of the lease for the Location, Argyle has marketed the location extensively.  Argyle is marketing the space through Sembler.  Sembler includes the Location on its website, in its promotional materials and on other websites such as LoopNet.  In addition, Sembler has directly contacted more than thirty national retailers regarding the Location.  To date, Sembler has not been able to find a new tenant for the Location.

7.  Argyle's actual damages exceed the statutory cap set forth in the Claim.  In addition to the lost rent for the Location since January 2009 (exceeding one million dollars to date), Argyle has incurred out-of-pocket costs totaling $335,148.59 for maintenance, insurance, taxes and utilities for the Location following the rejection of the lease.  Documentation regarding Argyle's leasing efforts and out of pocket expense will be made available upon request.

8.  Argyle's efforts to lease the Location are sufficient to meet any applicable mitigation burden and its actual damages exceed the statutory cap in the Claim.  The Objection to the Claim should be overruled.

9.  The party with authority to discuss mitigation issues and the facts stated in this Response is the following: Heather Brown, Esquire, Kitchens Kelley Gaynes, P.C., Eleven

Piedmont Center, Suite 900, Atlanta, Georgia 30305, (404) 467-2283 – Direct Line. hbrown@kkgpc.com.

WHEREFORE, Argyle requests that the Court deny the Liquidating Trust's Objection to Argyle's Claim No. 5575 and that claim be allowed by Court order in the amount of $605,322.50.

Dated: June 25, 2012                              **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

-and-

**KITCHENS KELLEY GAYNES, P.C.**
Heather D. Brown, Esquire (VSB No. 45303)
Eleven Piedmont Center, Suite 900
Atlanta, Georgia 30305
Telephone: (404) 467-2283
Facsimile (404) 364-0126
hbrown@kkgpc.com

*Counsel for Argyle Forest Retail I, LLC*

Main Document      Page 5 of 5

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 25th day of June 2012, a true and correct copy of the foregoing Response of Argyle Forest Retail I, LLC to Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) (Claim No. 5575) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s Jennifer M. McLemore
Jennifer M. McLemore

1285855