**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: | Chapter 11 |
| **CIRCUIT CITY STORES, INC., et al.,** | Case No.: 08-35653-KRH |
| Debtors. | |

**RESPONSE TO LIQUIDATING TRUST'S THIRTY-NINTH OMNIBUS**
**OBJECTION TO LANDLORD CLAIMS**
**CENTURY PLAZA DEVELOPMENT CORPORATION**
**CLAIMS 11238 AND 11669**

Century Plaza Development Corporation, a creditor in this bankruptcy case, by counsel, objects to the Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims as it pertains to its claim only, and states as follows:

1.  Century Plaza Development Corporation ("Landlord"), has a claim in the amount of $1,959,982.56 for pre-petition rent and rejection damages in this bankruptcy case. This amount was claimed on its Proof of Claim filed on January 30, 2009, as No. 9708, amended by Claims apparently assigned as No. 11238 and No. 11669 ("Claim"). The Claim arises from the rejection of an unexpired lease for non-residential real property, and for unpaid pre-petition rent.

2.  Landlord also filed claims against Circuit City West; it does not control the various claim numbers assigned to its claims, and therefore does not agree that any reference to claim numbers should control or affect the parties' rights, interests and defenses in these proceedings.

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, Virginia 23510
(757) 227-5155
(757) 227-5158
*Attorneys for Century Plaza Development Corporation*

3.  The Liquidating Trust also filed an objection to this Landlord's claim in the 21st Omnibus Objection to Claims; Landlord preserves its response and defenses to that Objection.

4.  A copy of the Proof of Claim, with the supporting statement of account but omitting large exhibits, is attached as Exhibit A.

## Response to Objection to Reduce and Modify Claim

5.  The Objection contends that the Claim should be reduced to $45,092.07, which is the amount claimed for pre-petition rent, "subject to modification upon timely receipt of mitigation information." The Objection contains no explanation or basis for this reduction, and there are no allegations concerning mitigation activity or the duty to mitigate.

6.  The Claim is prima facia valid upon filing, Rule 3002(f), Federal Rules of Bankruptcy Procedure, and is deemed allowed unless there is an objection. 11 USC §502(a). However, an objection without stating a substantive basis should not be allowed to affect the validity of a claim, nor to shift the burden to the claimant to prove its claim.

## Objection to Notice

7.  In the Notice of the Objection, the Liquidating Trust states that "any claimant filing a response, shall, at a minimum, provide a statement as to whether the claim has met applicable mitigation requirements, and the result, if any, of its mitigation efforts."

8.  The failure to mitigate damages can only be raised as a defense to some or all of a claim. The Liquidating Trust, in this Notice, impermissibly attempts to shift the burden from it to the Claimant to meet a defense that has not been raised or substantiated. Instead of proving its own defense to the Claim, the Liquidating Trust tries to require the Claimant to meet a defense that has not been raised or substantiated.

9. Unless the Liquidating Trust states its contention as to what are "applicable mitigation requirements," the Claimant cannot, and should not, be required to guess what requirements the Liquidating Trust believes applies, and then to address them. The Landlord objects to any implication that there is a duty to mitigate other than what may be established by applicable law or the lease terms. The landlord has met its obligations under the Lease.

10. Without waiving its position as to the impermissible pleadings, the Claimant, informally, will provide information to the Liquidating Trust to resolve this matter efficiently for all concerned. It unequivocally states that, by any efforts it has made toward mitigation of damages, the Claimant has not assumed any duty to mitigate damages.

11. If or when the Rejection Claim should be reduced due to recovery of rent from a replacement tenant, the Claimant will amend its Claim to reflect such recovery, but such amendment will not be an admission, acknowledgement or assumption of any duty to mitigate damages.

12. As provided in the Objection, because supporting documents were filed with the Claim, they are omitted from this filing, but are available upon request, other than the Exhibit(s) described above.

13. The undersigned is the person to whom the attorneys for the Debtor should respond or with whom they should communicate regarding the claim and objection.

14. An additional person would acknowledge on behalf of the landlord as to the circumstances of the Claim, the amounts charges on it, and all payments and credits, is

>John C. Willsie, Corporate Counsel
>The Seeno Companies
>4021 Port Chicago Hwy.
>Concord, CA  94520
>(925) 671-7711, Extension 383

15. Landlord reserves the right to amend its claim to include its costs incurred in defending its claim against this and other objections.

WHEREFORE, Century Plaza Development Corporation moves this Court to overrule the Objection, to allow its claim for $1,959,982.56, to award it its costs, expenses and attorneys' fees, and such other and further relief as this Court deems equitable and just.

CENTURY PLAZA DEVELOPMENT
CORPORATION

By: /s/David A. Greer
David A. Greer, Of Counsel

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, Virginia 23510
(757) 227-5155/(757) 227-5158
*Attorneys for Century Plaza Development Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the *Response to Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims, Claims No. 11238 and 11669,* was served by electronic service upon the persons on the service list and by email (by agreement as to sufficient service) to Lynn L. Tavenner and Andrew Caine this 25th day of June, 2012.

/s/David A. Greer
David A. Greer

7579