**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF MORSE-SEMBLER VILLAGES PARTNERSHIP #4 TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**
**(Claim No. 12494)**

Morse-Sembler Villages Partnership No. 4 ("Sembler") hereby files its response (the "Response") to the Liquidating Trust's Forty-First Objection to Landlord Claims (the "Objection"). In the Objection, the Liquidating Trust seeks to further reduce Sembler's Claim No. 12494, which was previously reduced to the amount of $421,527.68 as a result of the Liquidating Trust's Eighth Omnibus Objection to Landlord Claims [Doc. No. 10778] (the "Claim"). The Liquidating Trust now seeks to reduce the Claim to $9,445.46. Sembler opposes the relief sought by the Liquidating Trust in the Objection and asks that the Claim be allowed in the full amount of $421,527.68. In support of its Response, Sembler states the following:

_____
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

-and-

Heather D. Brown, Esquire (VSB 45303)
Kitchens Kelley Gaynes, P.C.
Eleven Piedmont Center, Suite 900
Atlanta, Georgia 30305
(404) 237-4100 (Telephone)
(404) 364-0126 (Facsimile)
hbrown@kkgpc.com

Counsel for Morse-Sembler Villages Partnership #4

1. In the Objection, the Liquidating Trust asserts that it is not responsible for paying the Claim unless Sembler establishes that it has met its "applicable mitigation burden." However, the Liquidating Trust does not identify what would satisfy Sembler's alleged "applicable mitigation burden" or provide any authority for its position. To the extent Sembler is able to establish that it has met this unspecified burden, the Objection seeks to reduce the claim to take mitigation into account.

2. Sembler opposes the Objection on two grounds. First, the Liquidating Trust has failed to overcome the primary validity of the Claim pursuant to Federal Rule of Bankruptcy Procedure 3001(f), which provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 3001(f). Second, the Claim should not be reduced as Sembler was unable to mitigate the damages sought in the Claim.

3. Courts have consistently recognized that if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or the invalidity of the claim itself in order to rebut the presumed validity of the proof of claim. *See e.g., Stancil v. Harford Sands, Inc.* (*In re Harford Sands Inc.*), 372 F.3d 637, 640-41 (4th Cir. 2004) (recognizing that a party objecting to a claim has the burden of proof and must introduce evidence to rebut the claim's presumptive validity). The Liquidating Trust has failed to offer any evidence to rebut the prima facie validity of the Claim. Therefore, the burden has not shifted to Sembler to prove its claim by a preponderance of the evidence and the Objection should be overruled on this basis alone.

4. Despite the clear standard and without any authority, the Liquidating Trust seeks to alter the burden of proof by requiring that Sembler (rather than the Liquidating Trustee)

establish the amount and validity of the Claim and the extent to which Sembler mitigated its damages.

5.Regardless of the inappropriate burden shifting, Sembler submits that although it located a new tenant for the premises, which was formerly operated by the debtor as Store No. 3677 in Lady Lake, Florida (the "Location"), its total damages exceed the amount of the cap imposed by Section 502(b)(6) of the Bankruptcy Code.

6.The lease for the Location was rejected by the debtor pursuant to Bankruptcy Code Section 365(d)(2) and the procedures approved by this Court, effective March 10, 2009. At the time of the rejection, there were 82 months remaining on the lease term. The monthly rent in effect at the time of the rejection was $30,092.71 (excluding monthly CAM, tax and insurance charges also due pursuant to the lease). Applying the rate in effect as of the rejection without any increases results in $2,467,602.20 in lost rent to Sembler through the end of the lease term. Sembler seeks rejection damages in the Claim in the amount of $412,082.22 (15% of the remaining lease term or 12.3 months).

7.Approximately 18 months after the debtor rejected the lease for the Location, Sembler began receiving rent from a new tenant, Michael's, in the amount of $19,792.46 per month (excluding monthly CAM, tax and insurance charges also due pursuant to the lease). The rent received from Michael's over the 60 months remaining of the debtor's original lease term (at the current rate without any increases) totals $1,187,547.60. Subtracting this from the lost rent incurred by Sembler (see paragraph 6) reduces the amount of lost rent to $1,280,054.60, which far exceeds the Section 502(b)(6) cap set forth in the Claim.

8.In addition to the lost rent for the Location since March 2009 (set forth in paragraphs 6 and 7 herein), Sembler incurred out-of-pocket costs totaling at least $94,070.79 for

3

maintenance, insurance, taxes and utility reconciliations for the Location following the rejection of the lease. Documentation regarding the Michael's lease and Sembler's out of pocket expense will be made available upon request.

9. Sembler's efforts to reduce its damages are sufficient to meet any applicable mitigation burden and its actual damages exceed the statutory cap in the Claim. The Objection to the Claim should be overruled.

10. The party with authority to discuss mitigation issues and the facts stated in this Response is the following: Heather Brown, Esquire, Kitchens Kelley Gaynes, P.C., Eleven Piedmont Center, Suite 900, Atlanta, Georgia 30305, (404) 467-2283 – Direct Line. hbrown@kkgpc.com.

WHEREFORE, Sembler requests that the Court deny the Liquidating Trust's Objection to Sembler's Claim No. 12494 and that claim be allowed by Court order in the amount of $421,527.68.

Dated: June 25, 2012

**CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100

-and-

**KITCHENS KELLEY GAYNES, P.C.**
Heather D. Brown, Esquire (VSB No. 45303)
Eleven Piedmont Center, Suite 900
Atlanta, Georgia 30305
Telephone: (404) 467-2283
hbrown@kkgpc.com

*Counsel for Morse-Sembler Villages Partnership #4*

4

**CERTIFICATE OF SERVICE**

I, Jennifer M. McLemore, hereby certify that on the 25th day of June 2012, a true and correct copy of the foregoing Response of Morse-Sembler Villages Partnership #4 to Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) (Claim No. 12494) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1285856