**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF WESTGATE VILLAGE, LLC TO LIQUIDATING TRUST'S**
**FORTY-SECOND OMNIBUS OBJECTION TO LANDLORD CLAIMS**
**(REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**
**(Claim No. 15220)**

Westgate Village, LLC ("Westgate") hereby files its response (the "Response") to the Liquidating Trust's Forty-Second Objection to Landlord Claims (the "Objection"). In the Objection, the Liquidating Trust seeks to further reduce Westgate's Claim No. 15220, which was previously reduced to the amount of $315,351.78 as a result of the Liquidating Trust's Twenty-Eighth Omnibus Objection to Landlord Claims [Doc. No. 11677] (the "Claim"). The Liquidating Trust now seeks to reduce the Claim to $43,450.08. Westgate opposes the relief sought by the Liquidating Trust in the Objection and asks that the Claim be allowed in the full amount of $315,351.78. In support of its Response, Westgate states the following:

_____
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia  23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

-and-

Heather D. Brown, Esquire (VSB 45303)
Kitchens Kelley Gaynes, P.C.
Eleven Piedmont Center, Suite 900
Atlanta, Georgia 30305
(404) 237-4100 (Telephone)
(404) 364-0126 (Facsimile)
hbrown@kkgpc.com

Counsel for Westgate Village, LLC

1.      In the Objection, the Liquidating Trust asserts that it is not responsible for paying the Claim unless Westgate establishes that it has met its "applicable mitigation burden." However, the Liquidating Trust does not identify what would satisfy Westgate's alleged "applicable mitigation burden" or provide any authority for its position. To the extent Westgate is able to establish that it has met this unspecified burden, the Objection seeks to reduce the claim to take mitigation into account.

2.      Westgate opposes the Objection on two grounds.  First, the Liquidating Trust has failed to overcome the primary validity of the Claim pursuant to Federal Rule of Bankruptcy Procedure 3001(f), which provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  FRBP 3001(f).  Second, the Claim should not be reduced as Westgate was unable to mitigate the damages sought in the Claim.

3.      Courts have consistently recognized that if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or the invalidity of the claim itself in order to rebut the presumed validity of the proof of claim.  *See e.g., Stancil v. Harford Sands, Inc.* (*In re Harford Sands Inc.*), 372 F.3d 637, 640-41 (4th Cir. 2004) (recognizing that a party objecting to a claim has the burden of proof and must introduce evidence to rebut the claim's presumptive validity).  The Liquidating Trust has failed to offer any evidence to rebut the prima facie validity of the Claim.  Therefore, the burden has not shifted to Westgate to prove its claim by a preponderance of the evidence and the Objection should be overruled on this basis alone.

4.      Despite the clear standard and without any authority, the Liquidating Trust seeks to alter the burden of proof by requiring that Westgate (rather than the Liquidating Trustee)

establish the amount and validity of the Claim and the extent to which Westgate mitigated its damages.

5.      Regardless of the inappropriate burden shifting, Westgate submits that although it located a new tenant for the premises, which was formerly operated by the debtor as Store No. 823 in Spartanburg, South Carolina (the "Location"), its total damages exceed the amount of the cap imposed by Section 502(b)(6) of the Bankruptcy Code.

6.      The lease for the Location was rejected by the debtor pursuant to Bankruptcy Code Section 365(d)(2) and the procedures approved by this Court effective March 10, 2009.  At the time of the rejection, there were 82 months remaining on the lease term.  The monthly rent in effect at the time of the rejection was $20,670.83 (excluding CAM, tax and other monthly charges due pursuant to the lease).  Applying the rate in effect as of the rejection without any increases results in $1,695,008.00 in lost rent to Westgate through the end of the lease term. Westgate seeks rejection damages in the Claim in the amount of $271,901.70.

7.      In addition to the lost rent for the Location since March 2009 (set forth in paragraph 6 herein), Westgate incurred out-of-pocket costs totaling at in excess of $2,665,800.00 to secure a new lease, which included costs for a complete demolition of the interior, a new roof for the premises (the roof was previously maintained by the debtor), building a new demising wall, installing new pylon signs, and payment of a tenant improvement allowance and commissions.  Documentation regarding the new leases and Westgate's out of pocket expense will be made available upon request.

8.      Approximately 30 months after the debtor rejected the lease for the Location, Westgate began receiving rent from the new tenant, Toys R Us, in the total amount of $41,000.00 per month (excluding CAM, tax and monthly other charges due pursuant to the

leases).  The rent received from the new tenant over the 52 months remaining of the debtor's

original lease term (at the current rate without any increases) totals $2,132,000.00.

9.       Subtracting this from the lost rent and other damages incurred by Westgate (see

paragraphs 6 and 7 herein) reduces the amount of Westgate's actual damages for the loss of the

lease to $2,228,808.00, which far exceeds the Section 502(b)(6) cap set forth in the Claim.

10.      Westgate's efforts to reduce its damages are sufficient to meet any applicable

mitigation burden and its actual damages exceed the statutory cap in the Claim.  The Objection

to the Claim should be overruled.

11.      The party with authority to discuss mitigation issues and the facts stated in this

Response is the following: Heather Brown, Esquire, Kitchens Kelley Gaynes, P.C., Eleven

Piedmont Center, Suite 900, Atlanta, Georgia 30305, (404) 467-2283 – Direct Line.

hbrown@kkgpc.com.

WHEREFORE, Westgate requests that the Court deny the Liquidating Trust's Objection

to Westgate's Claim No. 15220 and that claim be allowed by Court order in the amount of

$315,351.78.

Dated:  June 25, 2012                          **CHRISTIAN & BARTON, LLP**


                                               /s/ Jennifer M. McLemore
                                               Augustus C. Epps, Jr., Esquire (VSB No. 13254)
                                               Michael D. Mueller, Esquire (VSB No. 38216)
                                               Jennifer M. McLemore, Esquire (VSB No. 47164)
                                               909 East Main Street, Suite 1200
                                               Richmond, Virginia 23219
                                               Telephone:  (804) 697-4100

                                               -and-

**KITCHENS KELLEY GAYNES, P.C.**
Heather D. Brown, Esquire (VSB No. 45303)
Eleven Piedmont Center, Suite 900
Atlanta, Georgia 30305
Telephone: (404) 467-2283
hbrown@kkgpc.com

*Counsel for Westgate Village, LLC*


## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 25th day of June 2012, a true and correct copy of the foregoing Response of Westgate Village, LLC to the Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) (Claim No. 15220) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |


/s/ Jennifer M. McLemore
Jennifer M. McLemore

1285858