2100303418
Page: 1 of 7
3/30/2010  3:55 PM
DEED           $68.00
Whatcom County, WA
Request of: CHICAGO TITLE INSURANCE

When recorded, mail to:

BANK OF AMERICA, N.A., TRUSTEE
C/O CRE SPECIAL SERVICING
CENTERLINE SERVICING, LLC
5221 N. O'CONNOR BLVD., SUITE 600
IRVING, TX 75039
ATTN: STEVE OLTMANN

Trustee's Sale No: 01-CM-82809

## TRUSTEE'S DEED

31681q

**THE GRANTOR, REGIONAL TRUSTEE SERVICES CORPORATION,** as present Trustee under that Deed of Trust, as hereinafter particularly described, in consideration of the premises and payment, recited below, hereby grants and conveys without warranty, to: BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED CERTIFICATE HOLDERS OF BEAR STEARNS COMMERCIAL MORTGAGE SECURITIES, INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-PWR16, GRANTEE, that real and personal property, situated in the County of WHATCOM, State of WASHINGTON, described as follows:

<u>LOT 2 OF MERIDIAN VILLAGE SHORT PLAT, IN WHATCOM COUNTY, WASHINGTON, AS MORE FULLY DESCRIBED IN EXHIBIT "A" ATTACHED HERETO.</u> Full Legal page 4

Tax Parcel No: 380318068400-0000; 380318068400-0001; 380318068400-0002; 380318068400-0003.

RECITALS:

NTS # 2091203006

1. This conveyance is made pursuant to the powers, including the power of sale, conferred upon said Trustee by that certain Deed of Trust dated 5/24/2006, recorded in Auditor's/Recorder's No. 2060504484, records of WHATCOM County, Washington, from BROMONT PAVILION BELLINGHAM, LLC, A DELAWARE LIMITED LIABILITY COMPANY, as Grantor, to CHICAGO TITLE INSURANCE COMPANY, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary.

2. Said Deed of Trust was executed to secure, together with other undertakings, the payment of a promissory note in the sum of $15,375,000.00, with interest thereon, according to the terms thereof, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and to secure any other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The described Deed of Trust provides that the real property conveyed therein is not used principally for agricultural or farming purposes.

4. Default having occurred in the obligations secured and/or covenants of the Grantor as set forth in the "Notice of Trustee's Sale" described below, which by the terms of the Deed of Trust made operative

1104344 155536 *3/30/2010 10.00*

the power to sell, the thirty-day advance "Notice of Default" was transmitted to the Grantor, or his successor in interest, and a copy of said Notice was posted or served in accordance with law.

5. BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED CERTIFICATE HOLDERS OF BEAR STEARNS COMMERCIAL MORTGAGE SECURITIES, INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-PWR16, being then the holder of the indebtedness secured by said Deed of Trust, delivered to said Trustee written request directing said Trustee to sell the described property in accordance with the law and the terms of said Deed of Trust.

6. The defaults specified in the "Notice of Default" not having been cured, the Trustee, in compliance with the terms of said Deed of Trust, executed and on December 23, 2009 recorded in the office of the Auditor/Recorder of WHATCOM county, a "Notice of Trustee's Sale" of said property under Recording No. 2091203006.

7. The Trustee, in its aforesaid "Notice of Trustee's Sale", fixed the place of sale as THE MAIN ENTRANCE TO THE WHATCOM COUNTY COURTHOUSE, a public place, at 311 GRAND AVENUE, BELLINGHAM, WA, and in accordance with law, caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served prior to ninety days before the sale. Further, the Trustee caused a copy of said "Notice of Trustee's Sale" to be published once on or between the thirty-fifth and twenty-eighth day before the date of sale, and once on or between the fourteenth and seventh day before the date of sale, in a legal newspaper in each county in which the property or any part thereof is situated, and further, included with this Notice, which was transmitted or served to or upon the Grantor or his successor in interest, a "Notice of Foreclosure" in substantially the statutory form to which copies of the Grantor's Note and Deed of Trust were attached.

8. During foreclosure, no action was pending on an obligation secured by said Deed of Trust.

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in Chapter 61.24 RCW.

10. The defaults specified in; the "Notice of Trustee's Sale" not having been cured ten days prior to the date of Trustee's Sale and said obligation secured by said Deed of Trust remaining unpaid, on March 26, 2010, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the Trustee then and there sold at public auction to said Grantee, the highest bidder therefor, the property hereinabove described, for the sum of $13,200,000.00.

DATED: 3/26/2010

        REGIONAL TRUSTEE SERVICES CORPORATION
        Trustee

By _____
    DEBORAH KAUFMAN, VICE PRESIDENT
    Address:    616 1st Avenue, Suite 500
                     Seattle, WA 98104

STATE OF WASHINGTON    )
                               ) ss.
COUNTY OF KING           )

On 3/26/2010, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared DEBORAH KAUFMAN, to me known to be the VICE PRESIDENT of REGIONAL TRUSTEE SERVICES CORPORATION, the corporation that executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he/she is authorized to execute the said instrument.

WITNESS my hand and official seal hereto affixed the day and year first above written.

_____
NOTARY PUBLIC in and for the State of
Washington, residing at: Edmonds, WA
My commission expires: 2/5/2013

---

**LISA A. HACKNEY**
STATE OF WASHINGTON
**NOTARY PUBLIC**
MY COMMISSION EXPIRES
02-05-13

---

## EXHIBIT FOR LEGAL DESCRIPTION
Trustee's Sale No. 01-CM-82809

EXHIBIT 'A'

PARCEL A:

Lot 2 of Meridian Village Short Plat, according to the plat thereof, recorded December 31, 2003 under Auditor's File No. 2031205660, records of Whatcom County, Washington.

Situate in Whatcom County, Washington.

PARCEL A-1:

Non-exclusive easements for vehicular and pedestrian ingress to and egress from said premises over and across the common area of tract adjacent to the East;

All as set forth in Amended and Restated Reciprocal Easement Agreement recorded under Auditor's File No. 910118145 and Amendment thereto recorded under Auditor's File No. 1971202523;

Except any portion of said easements located in Lot 2 of Meridian Village Short Plat recorded December 31, 2003 under Auditor's File No. 2031205660.

Situate in Whatcom County, Washington.

PARCEL A-2:

Easement for ingress and egress of vehicular and pedestrian traffic across the premises to the North of Parcel A, as set forth in Section 8 of Agreement entered into June 26, 1978 and recorded under Auditor's File No. 1323087.

Situate in Whatcom County, Washington.

Together with:

a.  <u>Land</u>.  The real property described in this Exhibit "A" (the "Land").

b.  <u>Additional Land</u>.  All additional lands, estates and development rights hereafter acquired by Borrower for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of the Deed of Trust;

c.  <u>Improvements</u>.  The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the "Improvements");

d.     Easements. All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversions and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, rights of dower, rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Borrower of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

e.     Equipment. All "equipment", as such term is defined in Article 9 of the Uniform Commercial Code (as hereinafter defined), now owned or hereafter acquired by Borrower, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Borrower and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the "Equipment"). Notwithstanding the foregoing, Equipment shall not include any property belonging to tenants under leases except to the extent that Borrower shall have any right or interest therein;

f.     Fixtures. All Equipment now owned, or the ownership of which is hereafter acquired, by Borrower which is so related to the Land and Improvements forming part of the Property that is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devises for the operation of pumps, pipes, plumbing, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Borrower's interest therein) and all other utilities whether or not situation in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the "Fixtures"). Notwithstanding the foregoing, "Fixtures" shall not include any property which tenants are entitled to remove pursuant to leases except to the extent that Borrower shall have any right or interest therein;

g.     Personal Property. All furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever as defined in and subject to the provisions of the Uniform Commercial Code, whether tangible or intangible, other than Fixtures, which are now or hereafter owned by Borrower and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof (collectively, the "Personal Property"), and the right, title and interest of Borrower in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is

located (the "Uniform Commercial Code"), superior in lien to the lien of this Deed of Trust and all proceeds and products of the above;

h. <u>Leases and Rents</u>. All leases, subleases or subsubleases, lettings, licenses, concessions or other agreement (whether written or oral) pursuant to which any Person is granted a possessory interest in, or right to use or occupy all or any portion of the Land and the Improvements, and every modification, amendment or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into connection with such leases, subleases, subsubleases, or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto, heretofore or hereafter entered into (collectively, the "Leases"), whether before or after the filing by or against Borrower of any petition for relief under the Bankruptcy Code and all right, title and interest of Borrower, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements whether paid or accruing before or after the filing by or against Borrower of any petition for relief under the Bankruptcy Code (collectively, the "Rents") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

i. <u>Condemnation Awards</u>. All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including, but not limited to, any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

j. <u>Insurance Proceeds</u>. All proceeds in respect of the Property under any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property;

k. <u>Tax Certiorari</u>. All refunds, rebates or credits in connection with reduction in real estate taxes and assessments charged against the Property as a result of tax certiorari or any applications or proceedings for reduction;

l. <u>Conversion</u>. All proceeds of the conversion, voluntary or involuntary, of any of the foregoing including, without limitation, proceeds of insurance and condemnation awards, into cash or liquidation claims;

m. <u>Rights</u>. The right, in the name and on behalf of Borrower, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Lender in the Property;

n. <u>Agreements</u>. All agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or any business or activity conducted on the Land and any part thereof and all right, title and interest of Borrower therein and thereunder, including, without limitation, the right, upon the happening of any default hereunder, to receive and collect any sums payable to Borrower thereunder;

o. <u>Trademarks</u>. All tradenames, trademarks, servicemarks, logos, copyrights, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

p.     <u>Accounts</u>. All reserves, escrows and deposit accounts maintained by Borrower with respect to the Property, including, without limitation (i) all accounts established pursuant to the Cash Management Agreement and (ii) all accounts established pursuant to the Lockbox Agreement; together with all deposits or wire transfers made to the Lockbox Account or Cash Management Account and all cash, checks, drafts, certificates, securities, investment property, financial assets, instruments and other property held therein from time to time and all proceeds, products, distributions or dividends or substitutions thereon and thereof; and

q.     <u>Other Rights</u>. Any and all other rights of Borrower in and to the items set forth in Subsections (a) through (p) above.