**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| **CIRCUIT CITY STORES, INC., et al.,** | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF WCC PROPERTIES, LLC, TO LIQUIDATING TRUST'S FORTY-THIRD OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN CLAIMS)**

**(Claim No. 15261)**

WCC Properties, LLC ("WCC") hereby files its response (the "Response") to the Liquidating Trust's Forty-Third Omnibus Objection to Landlord Claims (the "Objection"). In the Objection, the Liquidating Trust asserts WCC's Claim No. 15261 (the "Claim"), filed in the amount of $810,533.50 should be reduced and allowed in the sum of $445,361.58. WCC opposes the relief sought by the Liquidating Trust in the Objection and asks that the Claim be allowed in the amount of its Second Amended Lease Rejection Claim. In support of its Response, WCC states the following:

1. The Liquidating Trust's Objection asserts that the Claim should be reduced by "$10,201.22 for prepetition rent" and by $354,970.70 "for rejection damages not reflected in the debtor' books and records…"

2. The Claim should not be reduced as for the following reasons:

   A. *There is no basis in law to deny WCC pre-petition rent due.*

   4-502 COLLIER ON BANKRUPTCY ¶ 502.03[e] states:

   [e] No Limit for Rental Amounts Owed as of Petition Date.

>There is no limit on amounts owing under the lease as of the petition date. Hence, if a debtor lessee is delinquent on payments as of the petition date, that amount is allowed as an amount "due" under such lease under section 502(b)(6)(B) and is not subject to the limitation of the prior subsection.

11 U.S.C 502 provides:

>(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

>>(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

>>>(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, plus

>>>(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates…

Thus, unpaid rent due as of the Petition Date is allowed under § 502(b)(6)(B) so long as the entire lease rejection claim does not exceed the amount computed pursuant to § 502(b)(6)(A). Here, it does not.

B.  *Debtor's Omnibus Objection to the Claim "for rejection damages not reflected in the debtor' books and records…" is improper.*

FED.R.BANKR.PROC. 3007(c) & (d) [Objections to Claims] provide in pertinent part as follows:

> (c) Limitation on joinder of claims objections. Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.
>
> (d) Omnibus objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
>
> > (1) they duplicate other claims;
> > (2) they have been filed in the wrong case;
> > (3) they have been amended by subsequently filed proofs of claim;
> > (4) they were not timely filed;
> > (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
> > (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
> > (7) they are interests, rather than claims; or
> > (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

Rule 3007(d) provides two option that allow for omnibus objections:[1] (i) with respect to multiple claims by a single claimant, or (ii) with respect to multiple claimants based solely upon the objections listed in Rule 3007(d)(1)-(8). The Liquidating Trust's

---

[1] Rule 3007(c) makes plain that omnibus objections are not allowed at all unless Rule 3007(d) permits the particular objection or "unless otherwise ordered by the court…"

3

Forty-Third Omnibus Objection to Landlord Claims objection to WCC's Claim No. 15261 on the basis of *"not reflected in the debtor' books and records…"* meets none of the criteria set forth in any of the eight subparts of Rule 3007(d).

>    (C)    *WCC has filed a Second Amended Lease Rejection Claim.*

On June 22, 2012, WCC sent a Second Amended Lease Rejection Claim to Kurtzman Carson Consultants reducing WCC's lease rejection Claim to $465,466.00. According to the Trustee, the figure should be $445,361.58, or 95.7% of WCC's Amended Claim, assuming that it is not expunged. A copy of the Second Amended lease Rejection Claim is attached as Exhibit A.

>    (D)    The parties with authority to discuss these issues and the facts stated in this Response names appears below.

**WHEREFORE**, WCC Properties, LLC, requests that the Court deny the Liquidating Trust's Objection to WCC's Claim No. 15261 and that claim be allowed by Court order in the amount of $465,466.00, and for such other and further relief as is just and proper.

Dated:  June 26, 2012

/s/ Douglas Scott
Douglas Scott, VSB No. 28211
DOUGLAS A. SCOTT, PLC
805 Monument Avenue, Suite 311
Richmond, Virginia 23230
☎ 804.353.0287
BankruptcyCounsel@gmail.com

-and-

Clifford Altfeld, *pro hac vice*

4

Altfeld & Battaile, P.C.
250 North Meyer
Tucson, Arizona 85701
☎ 520.622.7733

Counsel for WCC Properties, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this day, a true and correct copy of the foregoing Response of WCC Properties, LLC, to Liquidating Trust's 43nd Omnibus Objection to Landlord Claims (Reduction of Certain Claims) (Claim No. 15261) was served electronically using the ECF system on all registered users of the CM/ECF system who have made an appearance in this matter.

\s\ Douglas Scott

Macintosh HD:Case Files:Case Files:W:WCC Properties LLC- Circuit City:Response Form- Invalid Final.doc

Altfeld & Battaile, P.C.
250 North Meyer
Tucson, Arizona 85701
☎ 520.622.7733

Counsel for WCC Properties, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this day, a true and correct copy of the foregoing Response of WCC Properties, LLC, to Liquidating Trust's 43nd Omnibus Objection to Landlord Claims (Reduction of Certain Claims) (Claim No. 15261) was served electronically using the ECF system on all registered users of the CM/ECF system who have made an appearance in this matter.

\s\ Douglas Scott

Macintosh HD:Case Files:Case Files:W:WCC Properties LLC- Circuit City:Response Form- Invalid Final.doc