IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | | | |
|---|---|---|---|
| IN RE: | * | CASE NO.: | **08-35653-KRH** |
| CIRCUIT CITY STORES, INC., *et al.*, | * | | (CHAPTER 11) |
| DEBTORS. | * | | (JOINTLY ADMINISTERED) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

RESPONSE OF TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
TO THE LIQUIDATING TRUST'S THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN
UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE)

Toshiba America Information Systems, Inc. ("TAIS"), by its attorneys, files this response

to the *Liquidating Trust's Thirty-eighth Omnibus Objection to Claims: Reduction of Certain*

*Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain*

*Invalid Claims, as Applicable)* [Docket No. 11849] (the "Objection") filed by The Circuit City

Stores, Inc. Liquidating Trust (the "Liquidating Trust"), and states:

BACKGROUND

**Relevant Case Background**

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

This is a contested matter under Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and

is a core proceeding under 28 U.S.C. § 157(b).

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Friedberg PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America Information Systems, Inc.*

184224

2.       The above-captioned debtors (collectively, the "Debtors") commenced this

bankruptcy case on November 10, 2008 by filing voluntary petitions for relief under Chapter 11

of Title 11 of the United States Code (the "Bankruptcy Code").

3.       On August 9, 2010, the Debtors and their statutory committee of unsecured

creditors filed a *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its*

*Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding*

*General Unsecured Claims* [Docket No. 8252] (the "Plan"), which provides for the liquidation of

the Debtors' assets and distribution of the proceeds thereof under Chapter 11 of the Bankruptcy

Code.

4.       On September 10, 2010, the Court entered an *Order* [Docket No. 8555]

confirming the Plan.

5.       The Plan became effective on November 1, 2010, and, by the terms of the Plan,

the Liquidating Trust then assumed the right and responsibility to liquidate the Debtors' assets

and distribute the proceeds to creditors, including the prosecution of causes of action and

objections to claims.

6.       The Liquidating Trust filed its Objection on April 20, 2012.  In its Objection, the

Liquidating Trust seeks to disallow a general unsecured claim asserted by TAIS in the amount of

$257,427.72, contending that the claim asserts an amount for which the Debtors are not liable

based on insufficient support for the Liquidating Trust to determine the accuracy of the claim or

on other grounds.

184224                                    2

**TAIS's Claim History and the Liquidating Trust's Objection**

7.      TAIS timely filed a Section 503(b)(9) Claim Request Form with the Debtors'

claims processing agent, Kurtzman Carson Consultants LLC ("KCC") on December 19, 2008,

asserting a claim for administrative expenses under § 503(b)(9) of the Bankruptcy Code in the

amount of $5,043,759.28 (the "TAIS Administrative Claim").  The TAIS Administrative Claim

was assigned claim number 1319.

8.      TAIS also timely filed a proof of claim with KCC on January 30, 2009, asserting

a claim in the amount of $14,400,858.33 and entitled to treatment as an administrative priority

(the "TAIS Proof of Claim").  The TAIS Proof of Claim was assigned claim number 9391.

9.      To properly characterize its claim under § 503(b)(9) of the Bankruptcy Code,

TAIS filed an amended proof of claim (the "TAIS Amended Proof of Claim") on July 16, 2009.

The TAIS Amended Proof of Claim asserts a claim in the total amount of $14,400,858.33, of

which $5,043,759.28 is entitled to treatment as an administrative priority under § 507(a)(2).  The

balance of the claim listed in the TAIS Amended Proof of Claim, $9,357,099.05, is to be treated

as a general unsecured, non-priority claim.  The TAIS Amended Proof of Claim was assigned

claim number 14505.

10.     In light of the filing of its TAIS Amended Proof of Claim and for the sake of

accuracy, TAIS also amended its TAIS Administrative Claim by filing an amended claim (the

"TAIS Amended Administrative Claim") on October 6, 2009.  The TAIS Amended

Administrative Claim asserts a § 503(b)(9) claim in the amount of $4,786,331.56.

11.     On September 21, 2009, the Debtors filed *Debtors' Forty-sixth Omnibus*

*Objection to Claims (Modification of Certain Duplicate Claims)* [Docket No. 5019] (the

"Debtors' 46th Objection"), seeking certain modifications of TAIS's filed claims.

184224                                    3

12.    For the sake of clarity of the record as it relates to the numbering of TAIS's

claims, TAIS subsequently filed a *Notice of Withdrawal of Section 503(b)(9) Claim Request

Number 14672 Filed by Toshiba America Information Systems, Inc.* [Docket No. 5979],

withdrawing claim number 14672, and a *Notice of Withdrawal of Amended Proof of Claim

Number 14505 Filed by Toshiba America Information Systems, Inc.* [Docket No. 6205],

withdrawing claim number 14505.

13.    The Debtors and TAIS resolved the Debtors' 46th Objection, and the Court

entered a *Supplemental Order on Debtors' Forty-sixth Omnibus Objection to Claims

(Modification of Certain Duplicate Claims)* [Docket No. 6854] (the "46th Objection Order") on

March 17, 2010.  The 46th Objection Order established a § 503(b)(9) claim of $4,786,331.56

(denoted as claim number 1319) and two general unsecured, non-priority claims in the amounts

of $257,427.72 (denoted as a portion of claim number 1319) and $9,357,099.05 (denoted as

claim number 9391) for TAIS.

14.    In its Objection, the Liquidating Trust seeks to disallow the $257,427.72 general

unsecured claim described in TAIS's claim number 1319 for unknown reasons purportedly

derived from the Debtors' books and records.  (Objection, Exh. E).

### ARGUMENT

15.    The Liquidating Trust fails to meet its burden to overcome the presumptive

validity and amounts of TAIS's properly filed claims.  The Objection is supported by self-

serving, conclusory statements instead of probative evidence, and must be overruled.

16.     Under Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie

evidence of the validity and amount of the claim, and is deemed allowed unless objected to by a

party in interest.  FED. R. BANKR. P. 3001(f) (2011); 11 U.S.C. § 502(a) (2011).

17.     The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting

framework for proving the amount and validity of a claim. . . ."  Stancill v. Harford Sands, Inc.

(In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004).  Under this framework, the

objecting party must produce evidence sufficient to overcome the presumptive validity and

amount of a properly filed claim.  Id. at 640 (citations omitted).  See also In re Fleming, No. 08-

30200-KRH, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) (Huennekens, J.) ("It has

long been the rule that the party objecting to the proof of claim must present sufficient evidence

to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation

omitted); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("It is often said that the

objector must produce evidence equal in force to the *prima facie* case.") (citation omitted).

18.     Simply filing an objection to the proof of claim does not satisfy the objecting

party's burden.  C-4 Media Cable S., L.P. v. Reds T.V. and Cable, Inc. (In re C-4 Media Cable S.

L.P.), 150 B.R. 374, 377 (Bankr. E.D. Va. 1992).  See also Wright v. Holm (In re Holm), 931

F.2d 620, 623 (9th Cir. 1991) (holding that a properly filed proof of claim "is strong enough to

carry over a mere formal objection without more") (citation omitted).

19.     If the objecting party produces sufficient evidence, the claimant "has the ultimate

burden of proving the amount and validity of the claim by a preponderance of the evidence."

Harford Sands, 372 F.3d at 461-62 (citation omitted).

20.     In the case at bar, the Liquidating Trust fails to state sufficient facts or include

evidence in the Objection to overcome the presumptive validity of TAIS's claims.  Without

supporting evidence, the Liquidating Trust contends that the $257,427.72 general unsecured

claim described in TAIS's claim number 1319 should be disallowed, without stating any grounds

for the reduction other than the following: "According to the Trust's books and records, this

184224                                    5

claim should be disallowed." (Objection, Exh. E).  The Liquidating Trust fails to produce

supporting documentation to validate its desired disallowance of TAIS's claim.

21.    While TAIS's proofs of claim in this bankruptcy case are adequately supported,

the Liquidating Trust's Objection is not.  The Liquidating Trust has neither presented evidence

supporting its Objection nor adequately explained the basis for its desired disallowance of

TAIS's $257,427.72 general unsecured claim.  Instead, it simply makes conclusory statements

such as "The basis for disallowance of the claims listed on **Exhibit E** attached hereto (the

'Invalid Claims') is that each of the Invalid Claims asserts, in its entirety, amounts for which the

Debtors are not liable." (Objection, ¶ 17).

22.    Such statements hardly satisfy the Liquidating Trust's burden to overcome the

presumptive validity of TAIS's claim.  Therefore, the Liquidating Trust's Objection must be

overruled.

23.    TAIS respectfully requests that the Court treat this Response as a written

memorandum of points and authorities or waive any requirement that this Response be

accompanied by a written memorandum of points and authorities as described in Local

Bankruptcy Rule 9013-1(H).

WHEREFORE, Toshiba America Information Systems, Inc. respectfully requests that the

Court:

A.    Overrule the Liquidating Trust's Objection;

B.    Deem the claims filed by TAIS allowed in the amounts set forth therein;
and

C.      Provide such other and further relief as the Court determines to be

necessary.

_____/s/ Jeremy S. Friedberg_____
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Friedberg PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America*
 *Information Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this $\underline{26^{th}}$ day of June, 2012, a copy of the foregoing was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100

Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219.

_____/s/ Jeremy S. Friedberg_____
Jeremy S. Friedberg

184224