**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF INTERNATIONAL SPEEDWAY SQUARE, LTD. TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**
**(Claim No. 12760)**

International Speedway Square, Ltd. ("ISS") hereby files its response (the "Response") to the Liquidating Trust's Forty-First Objection to Landlord Claims (the "Objection"). In the Objection, the Liquidating Trust asserts that ISS's Claim No. 12760 (the "Claim"), filed in the amount of $987,573.65 should be reduced and allowed in the sum of $60,904.52. ISS opposes the relief sought by the Liquidating Trust in the Objection and asks that the Claim be allowed in the full amount in which it was filed. In support of its Response, ISS states the following:

### I.    Background

1. Circuit City rejected the space it rented from ISS effective March 11, 2009 pursuant to Bankruptcy Code Section 365(d)(2) and procedures approved by this Court (the "Rejection").

_____
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for International Speedway Square, Ltd.

2. The Claim includes amounts owed as a result of the Rejection through the date of the scheduled termination of the underlying lease agreement, appropriately reduced pursuant to Bankruptcy Code Section 502(b)(6), as set forth more particularly in the Claim.

3. The Liquidating Trust's Objection asserts that the Claim should be reduced subject to modification upon timely receipt of mitigation information.

## II. The Objection Fails to Overcome the Prima Facie Validity of the Claim Pursuant to FRBP 3001(f)

4. The Court should deny the Objection as it relates to the Claim because the Objection fails to meet the substantive requirements set forth in Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.

5. A filed proof of claim constitutes prima facie evidence of the claim's validity and amount. *See* Fed. R. Bankr. P. 3001(f); *see also In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

6. A party objecting to a filed proof of claim bears the burden of presenting "enough evidence to overcome the prima facie effect of the claim." *McGee v. O'Connor* (*In re O'Connor*), 153 F.3d 258, 260 (5th Cir. 1998); *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. at 65 (objecting party must present "sufficient evidence to overcome the presumed validity and amount of the claim"). The objector must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *See In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985); *In re Alleghany Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (objector must present evidence that is "equal in force" to the prima facie evidence supporting the claim).

7. The Liquidating Trust objects to the Claim on the following grounds:

2

> The basis for reduction or disallowance of the claims listed on Exhibit B attached hereto (the "Invalid Claims") is that all of the Invalid Claims assert, in part, amounts for which the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden. Moreover, to the extent that a claimant establishes that it has met its mitigation burden and that applicable mitigation occurred, the Objection seeks to reduce the Claim to the thereby established amount taking into account mitigation, 11 U.S.C. § 502(b)(6) and any additional objections asserted with respect to the Claim.

Objection at 7-8 ¶ 24.

8. The Liquidating Trust offers no further explanation of the Objection, or any supporting evidence or legal authority, aside from a general reference to "Bankruptcy Code sections 105(a)m 502 and 503, Bankruptcy Rule 3009 and Local Bankruptcy Rule 3009-1." *Id*. at 7 ¶ 24.

9. The Liquidating Trust has failed to meet its burden of presenting "enough evidence" to overcome the presumptive validity of the Claim under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.

### III. ISS Has Met its Burden to Mitigate and the Reduction Amount Sought in the Objection is Improper as the Mitigated Amount Does Not Result in a Reduction Below the Rejection Damages Cap

10. The Claim should not be reduced as ISS was unable to mitigate the damages sought in its Claim.

11. Since the date of the Rejection, ISS employed The Shopping Center Group as agent to manage the occupancy of the location that Circuit City had occupied (premises situated in the International Speedway Square Shopping Center located at 2500 International Speedway Boulevard, Daytona Beach, Florida 32114 (Store No. 766) (the "Location")). Efforts to re-lease the Location included e-mail and print advertising, sign advertising and other means typically used by a commercial landlord to market premises for lease. As a result of its marketing efforts,

3

ISS was able to enter into a lease of the Premises with Dick's Sporting Goods, Inc. ("Dick's Sporting Goods") in September of 2009. The terms of the lease with Dick's Sporting Goods are as follows:

| | |
|---|---|
| Effective Date: | September 30, 2009 |
| Lease Term and Rent Commencement Date: | 10 Years with rent commencing on September 1, 2010 |
| Expiration Date: | January 31, 2021 |
| Monthly Base Rent: | Rent Commencement thru 01/31/2016: $37,178.63/month |
| | 02/01/2016 thru 01/31/2021: $39,056.33/month |
| Broker Commission: | $135,195.00 |

12. Based on the Dick's Sporting Goods lease terms, the base rent and other charges to be recovered by ISS thereunder through the January 31, 2020 expiration date of the lease for the Location rejected by Debtors is $4,291,314.79.

13. After deducting the real estate commissions related to such re-letting (but without deducting other costs of re-letting the Location including, without limitation, tenant improvement allowances) the net mitigation of damages by ISS as a result of the Dick's Sporting Goods lease is $4,156,119.79.

14. After applying the net mitigation amount to the gross rejection damages as set forth in the Claim, the net rejection damages after mitigation are $2,021,674.40. This amount remains in excess of the landlord's cap under Bankruptcy Code Section 502(b)(6)(A) that is applicable to the Claim, which totals $987,573.65.

15. Thus, despite ISS's reasonable efforts to mitigate its damages and to obtain a substitute tenant as promptly as possible, market conditions did not allow ISS to mitigate its

4

damages below the landlord's cap for the Claim and as a result, the Claim is not subject to any reduction.

16. The party with authority to discuss mitigation issues and the facts stated in this Response is the following:

> Robert G. Solloway, Esq.
> Kite Realty Group Trust
> 30 S. Meridian Street, Ste. 1100
> Indianapolis, Indiana 46204
> (317) 577-5600

WHEREFORE, ISS requests that the Court deny the Liquidating Trust's Objection to ISS's Claim No. 12760 and that claim be allowed by Court order in the amount of $987,573.65.

Dated:  June 26, 2012                              **CHRISTIAN & BARTON, LLP**


/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

*Counsel for International Speedway Square, Ltd.*

5

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 26th day of June 2012, a true and correct copy of the foregoing Response of International Speedway Square, Ltd. to Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) (Claim No. 12760) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1286245