**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. No. 11853 |

**RESPONSE OF INLAND MORTGAGE CAPITAL CORPORATION
TO LIQUIDATING TRUST'S FORTY-SECOND
OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN INVALID CLAIMS – MITIGATION)**

Inland Mortgage Capital Corporation ("IMCC"), by and through its undersigned counsel, hereby responds ("Response") to the Liquidating Trust's ("Trust") *Forty-Second Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation)* (D.I. 11853) ("Objection"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, IMCC, as lender, made a loan to Team Retail Westbank, Ltd. ("Team Retail"), as borrower, in the principal sum of $19,080,000.00 ("Loan"), which Team Retail then used to purchase and construct buildings on certain property located in Harvey, Louisiana ("Premises").

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | Karen C. Bifferato, Esquire |
| Michael D. Mueller, Esquire (VSB No. 38216) | Kelly M. Conlan, Esquire |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| CHRISTIAN & BARTON, LLP | The Nemours Building |
| 909 East Main Street, Suite 1200 | 1007 North Orange Street |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| Facsimile: (804) 697-4112 | |
| | |
| Counsel for IMCC | Counsel for IMCC |

3. As security for the Loan, Team Retail executed and delivered to IMCC, *inter alia*, that certain Louisiana First Mortgage and Security Agreement dated July 5, 2007, as amended from time to time, with respect to the Premises.

4. Upon information and belief, Team Retail, as landlord, and Debtor, as tenant, entered into a lease of nonresidential real property ("Lease") with respect to the Premises. Upon information and belief, the Lease was rejected following the Petition Date.

5. On January 30, 2009, Team Retail timely filed various proofs of claims against the Debtors' estates. Team Retail's claims with respect to the Lease were docketed as claim numbers 8939 ("Claim 8939") and 13718 ("Claim 13718", and together with Claim 8939, the "Claims").

6. Subsequently, Team Retail defaulted on the Loan. Pursuant to the Loan and other related documents, IMCC foreclosed upon and is now the owner of the Premises and the Claims, and is entitled to any distributions that have been, or will be, made on account of the Claims. *See Notices of Transfer of Claim Other Than for Security* (D.I. 11784, 11785).

7. On April 12, 2012, the Trust[1] filed the Objection. In the Objection, the Trust seeks to reduce Claim 8939[2] in part as it asserts "amounts for which the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden." *Objection*, ¶ 24.

---

[1] The *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (D.I. 8252) ("Plan") became effective on November 1, 2010 ("Effective Date"), and pursuant to the terms thereof, the Trust was established and became effective on the Effective Date. The Trust assumed the right and responsibility to, *inter alia*, object to claims.

[2] Claim 13718 is not subject to the Objection.

## IMCC'S RESPONSE TO THE OBJECTION

8. IMCC objects to the Trust's proposed reduction of Claim 8939 in the Objection.

9. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (D. Del. 2001). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." *See In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added). To overcome a proof of claim's presumed validity, the Trust must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *See In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

10. Team Retail timely filed Claim 8939, and Claim 8939 sets forth and establishes the amounts owed to IMCC and the basis therefore. The Trust has not presented any evidence or alleged any facts to refute the calculations contained in Claim 8939. Therefore, the Trust cannot overcome the presumptive validity of Claim 8939, and the Objection should be denied.

11. Moreover, once a claimant/landlord has established the amount of rejection damages, a debtor/tenant then has the "burden of proof to demonstrate that the landlord has [a duty to mitigate and has] mitigated or failed to mitigate damages and the amount by which the landlord reduced or could have reduced its damages." *In re USGEN New England, Inc.*, No. 03-30465 (PM), 2007 WL 1074055, at * 6 (Bankr. D. Md. Jan. 23, 2007). *See also Futuronics Corp. v. Genesco Inc.* (*In re Futuronics Corp.*), 113 B.R. 142, 148 (S.D.N.Y. 1990) (debtor/tenant did not sufficiently prove that claimant/landlord acted unreasonably or what damages it could have mitigated by alleging that the claimant/landlord listed the premises with

3

"only a single real estate broker who was allegedly unfamiliar with the real estate market" in the area). Whether a claimant has properly mitigated rejection damages must be determined by reference to state law. *See In re Merry-Go-Round Enters.*, 241 B.R. 124, 131 (Bankr. D. Md. 1999) ("Whether the [l]andlords properly mitigated their damages must be determined by referring to state law.").

12. In this instance, the Premises are located in Louisiana, and the Lease is governed by Louisiana law. The Trust has not presented one iota of evidence that IMCC failed to meet any mitigation efforts that are required by Louisiana law. Although the Trust has failed in this regard, IMCC has taken all reasonable steps to mitigate its damages, and the Premises have been re-let to a permanent tenant as of April 2012.[3] Subsequent to the rejection date of the Lease, both Team Retail (upon information and belief) and IMCC engaged a leasing broker, as well as engaged in online marketing, chain store prospecting, local tenant prospecting, broker outreach, and placed signage on the exteriors of the Premises. Nonetheless, these efforts did not produce a tenant until April 2012.

13. Unless and until the Trust can present one shred of evidence to indicate that Team Retail or IMCC has not properly mitigated its rejection damages or that Claim 8939 should be reduced by a specific amount as a result of their failure to mitigate, the Objection should be denied with respect to Claim 8939.

14. In sum, IMCC respectfully submits that the Trust has failed to (i) overcome the *prima facie* validity of Claim 8939, and (ii) demonstrate that IMCC did not properly mitigate the

---

[3] As the rejection damages set forth in Claim 8939 were equal to the amount of one (1) year's rent under the Lease, Claim 8939 should not be reduced due to lack of mitigation efforts, because despite all of Team Retail and IMCC's best efforts to mitigate, a replacement tenant was not located until 2012.

4

rejection damages set forth in Claim 8939 pursuant to Louisiana law and, thus, the Objection should be denied.

WHEREFORE, for all of the reasons set forth herein, IMCC respectfully requests that the Court enter an order that denies the Objection and that grants any such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 26, 2012 | **CHRISTIAN & BARTON, LLP** |

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

**-and-**

Karen C. Bifferato, Esquire (No. 3279)
Kelly M. Conlan, Esquire (No. 4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone:  (302) 658-9141

*Counsel for IMCC*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 26th day of June 2012, a true and correct copy of the foregoing Response of Inland Mortgage Capital Corporation to Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1286306