UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | |
| | ) | Case No.:   08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RESPONSE TO LIQUIDATING TRUSTEE'S FORTY-FIRST
OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**

Rio Associates Limited Partnership ("Rio"), by counsel, hereby responds to the Liquidating Trustee's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) ("the Mitigation Objection") [Docket no. 11852] as follows:

1.   Rio leased real property sometimes referred to by Debtor Circuit City Stores, Inc. ("Debtor") as "Store #1604," with an address of 100 Albemarle Square, Charlottesville, Virginia 22901 ("the Lease").  Rio is willing to produce a copy of the documents comprising the Lease upon request, as per the terms of the Omnibus Objection Procedures approved by the Court's Order of March 31, 2005 [docket no. 2881].

2.   The Debtor rejected the Lease effective November 10, 2008 ("the Petition Date").

3.   Rio timely filed its claim for lease rejection damages [claim number 7828] on January 29, 2009 in the amount of $152,269.00, which figure represents Rio's lease

David D. Hopper (VSB # 30038)
Cook, Heyward, Lee, Hopper & Feehan, P.C.
4551 Cox Road, Suite 210
P. O. Box 3059
Glen Allen, VA 23058-3059
Telephone:    (804) 747-4500
Facsimile:    (804) 762-9608
E-mail:    ddhopper@chlhf.com

Counsel for Rio Associates Limited Partnership

rejection damages pursuant to 11 U.S.C. §502(b)(6), consisting of rent reserved for one year, together with unpaid rent due as of the time Debtor filed its petition.

4. The remaining term of the Lease as of the petition date was 94.17 months. The base rent for the remaining term was $710,569.15. Remaining-term CAM charges were equal to $66,615.86, and the Debtor's share of the property taxes for the remaining term was $100,940.74. Rio's total rejection damages were, therefore, at least $878,125.75.

5. Since regaining possession of the Property, Rio has, through its leasing agent, Dumbarton Properties, Inc. ("Dumbarton") engaged in an extensive effort to market the Debtor's abandoned space. As soon as the Landlord regained control of the leased premises, it placed For Lease signs in the windows and began communications with prospective tenants. Dumbarton considered leasing the entire 28,292 square feet as well as a smaller portion and subdividing the space. Prospects included large big box retailers (for example, Stein Mart, HomeGoods, and The Fresh Market), temporary tenants (J Crew, furniture), government (Jefferson Madison Library), non profit users (for example, Habitat for Humanity, Toy Lift/Kids Lift), and even residential (Jefferson Area Board on Aging). Dumbarton communicated with multiple prospects both individually and through their professional agent/broker. Attached is the Declaration of Michael S. Plotkin, which includes a list of prospective tenants to whom the property has been marketed.

6. Rio was successful leasing to a seasonal tenant, Spirit Halloween Superstores from August 27, 2010 to November 12, 2010. The premises were also leased for approximately one month in 2011 to the Lollipop Shop LLC, a nonprofit temporary

2

consignment sales operation operated by an individual.  These operations grossed $29,000.00 in rent to Rio.

7. The leased premises were returned to Rio with all partitions and extensive shelving units abandoned by the Debtor.  The roof was damaged and had to be repaired by Rio because the sub-contractor that ran Circuit City's going out of business sale made cuts in the single-ply rubber roof when they installed their banner signs.  These repairs cost $976.00.

8. In addition, Circuit City had a sublease with Dr. Mark Cloth, DDS for 3,098 square feet at 1645 Albemarle Square (also defined as space 2AA on a more recent Tenant Exhibit, doing business as OrthoSynetics, Inc. based out of Louisiana) (the "Sublease Space").  The systems and controls for both electrical and HVAC had to be altered because Circuit City had the Richmond office controlling all these systems.  In order to re-let this large box and the Sublease Space, the Landlord would be required to spend considerable funds to gut the space and re-condition it for any other use.

9. Regarding the Sublease Space, Dr. Mark Cloth surrendered his space with all improvements remaining, which included elaborate partitions for numerous small offices and plumbing that could only be used by another dentist or doctor.  Further, subtenant refused to pay his net charges, which totaled $1,356.40 for CAM, real estate taxes, and insurance after the end of year reconciliation in December 2008.

10. More recently, the competition for large national "credit" tenants in Charlottesville has become exceedingly competitive. Neighboring retail centers such as Shoppers World, owned by Federal Realty, recently succeeded in courting and luring national retailers who had expressed serious interest in the former Circuit City building.

In addition, new shopping centers such as Stonefield have begun construction and are competing for retail tenants.

11. Rio's efforts to re-let the space have been more than reasonable under the circumstances, and the Liquidating Trust, despite filing an objection based on Rio's alleged failure to mitigate (a claim the Liquidating Trust appears to have asserted uniformly against most, if not all of Debtor's former landlords), has no facts to demonstrate otherwise.

12. Under Virginia law, which governs the Lease, a creditor's claim for breach of contract damages may be reduced to the extent the creditor has failed to take reasonable steps to mitigate its damages. See Hannan v. Dusch, 154 Va. 356, 377-78, 153 S.E.824, 831 (1930).

13. "Under Virginia law, mitigation of damages is an affirmative defense, and the burden of proof rests entirely on the party breaching the contract." Associated Solutions, Inc. v. Usco, Inc., 454 F.2d 184, 188 n. 5 (4th Cir. 1972) (citing Foreman v. Caligare & Co., Inc., 204 Va. 284, 130 S.E.2d 447, (1963). The mitigation Objection improperly attempts to shift the burden of proof with regarding to the affirmative defense of mitigation.

14. The Mitigation Objection alleges no facts in support of its conclusory allegation that Rio has failed to mitigate its damages. Because the Mitigation Objection claims that Rio's alleged failure to mitigate should reduce its claim to zero, the Mitigation Objection implicitly takes the position that Rio's efforts to market the property have been inadequate, and that if the property had been adequately marketed, Rio would have leased the property for an amount sufficient to recover both the entirety of the

Debtor's unpaid lease obligations of $878,125.75, together with the costs and expenses entailed in marketing and re-leasing the property. The Mitigation Objection alleges no facts in support of that position.

      15.    Even a successful assertion of the affirmative defense of mitigation would serve only to reduce Rio's total damages <u>prior</u> to application of the cap imposed by 11 U.S.C. §502(6)(b) on those damages. <u>See</u> <u>In re: Shane Co.</u>, 464 B.R. 32, 43 (Bankr. D. Colo. 2012).

      16.    The person with authority to discuss mitigation and the facts set froth in this response is: Michael S. Plotkin, Commercial Leasing & Management, Dumbarton Properties, 7133 Staples Mill Road, Richmond, Virginia 23228, (804) 266-4969, michael@dumbartonproperties.com, in the presence of, or together with, counsel: David D. Hopper, Cook, Heyward, Lee, Hopper & Feehan, P.C., 4551 Cox Road, Suite 210, Glen Allen, Virginia 23060, ddhopper@chlhf.com.

WHEREFORE, Rio prays that the Trustee's Objection to Rio's claim be overruled, that Rio's claim be allowed, in full, and for all other appropriate relief.

Dated: June 26, 2012        Cook, Heyward, Lee, Hopper & Feehan, PC

        By:    <u>/s/ David D. Hopper</u>
                David D. Hopper, Esquire (VSB #30038)
                Cook, Heyward, Lee, Hopper & Feehan, PC
                4551 Cox Road, Suite 210
                P.O. Box 3059
                Glen Allen, Virginia 23058
                Telephone: (804) 747-4500
                Facsimile: (804) 762-9608
                *Counsel for Rio Associates*
                    *Limited Partnership*

## **CERTIFICATE OF SERVICE**

I certify that on this 26th day of June, 2012, a true copy of the foregoing pleading was served electronically upon all parties receiving notice via ECF and via electronic mail and U.S. Mail to the following counsel for the Liquidating Trust:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | Lynn L. Tavenner, Esquire |
| Andrew W. Caine, Esquire | Paula S. Beran, Esquire |
| Pachulski Stang Ziehl & Jones, LLP | Tavenner & Beran, PLC |
| 10100 Santa Monica Boulevard | 20 North Eight Street, 2nd Floor |
| Los Angeles, CA 90067-4100 | Richmond, Virginia 23219 |
| E-mail: jpomerantz@pszjlaw.com | E-mail ltavenner@tb-lawfirm.com |
| acaine@pszjlaw.com | pberan@tb-lawfirm.com |

      /s/ David D. Hopper