# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al*., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. No. 11851 |

## RESPONSE OF LANDLORD TO LIQUIDATING TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS
## (REDUCTION OF CERTAIN INVALID CLAIMS – MITIGATION)

Inland Western Avondale McDowell, L.L.C., Inland American Chesapeake Crossroads, L.L.C., Inland American Oklahoma City Penn, L.L.C., Memorial Square 1031, L.L.C., Inland Western Houma Magnolia, L.L.C., Inland Western Cedar Hill Pleasant Run Limited Partnership, Inland Western Lewisville Lakepointe Limited Partnership, Inland Western San Antonio HQ Limited Partnership, Inland Western Sugar Land Colony Limited Partnership, Inland Western Lake Worth Towne Crossing Limited Partnership, Inland Western Austin Southpark Meadows II Limited Partnership, Inland Western Southlake Corners Limited Partnership, Inland Western College Station Gateway Limited Partnership, Inland Western Richmond Maryland, L.L.C., Inland Western Phillipsburg Greenwich, L.L.C., Inland Western West Mifflin Century III, L.P., Inland Western Columbus Clifty, L.L.C., Inland Western Temecula Commons, L.L.C., IN Retail Fund Algonquin Commons, L.L.C., Inland Southeast Darien, L.L.C., Inland Traverse City, L.L.C., and Inland Western Oswego Gerry Centennial, L.L.C. (collectively, "Landlord"), by and

_____    _____
Augustus C. Epps, Jr., Esquire (VSB No. 13254)    Karen C. Bifferato, Esquire
Michael D. Mueller, Esquire (VSB No. 38216)    Kelly M. Conlan, Esquire
Jennifer M. McLemore, Esquire (VSB No. 47164)    CONNOLLY BOVE LODGE & HUTZ LLP
CHRISTIAN & BARTON, LLP    The Nemours Building
909 East Main Street, Suite 1200    1007 North Orange Street
Richmond, Virginia 23219    Wilmington, Delaware 19899
Telephone: (804) 697-4100    Telephone: (302) 658-9141
Facsimile: (804) 697-4112

Counsel for Landlord    Counsel for Landlord

through their undersigned counsel, hereby respond ("Response") to the Liquidating Trust's ("Trust") *Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation)* (D.I. 11851) ("Objection"), and in support thereof, respectfully state as follows:

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Landlord was a party to various leases (individually, a "Lease" and, together, the "Leases") of non-residential real property with the Debtors for premises located throughout the United States (collectively, the "Premises"). The Leases were rejected following the Petition Date.

3. Pursuant to the Leases, the Debtors were required to make certain payments to Landlord arising out of their use of the leased premises (such as, among other things, rent, real property taxes and assessments, and common area maintenance charges). The Debtors did not fully comply with their payment obligations under the Leases, and various amounts were due and owing to Landlord for the period of time, *inter alia*, prior to the Petition Date and relating to rejection damages.

4. Accordingly, Landlord timely filed various proofs of claims against the Debtors' estates. Landlord's claims with respect to the Leases were docketed as claim numbers 8943,[1] 9719, 9722, 9725, 10024, 12079, 12082, 12092, 12640, 12642, 12643, 12644, 12645, 12646, 12720, 12742, 12803,[2] 12827, 12828, 12829, 12830, 12831, and 13083 (collectively, the "Claims").

---

[1] Claim number 8943 was filed against Debtor Circuit City Stores West Coast, Inc.
[2] Claim number 12803 was filed against Debtor Circuit City Stores West Coast, Inc.

2

5.     On April 12, 2012, the Trust[3] filed the Objection. In the Objection, the Trust seeks to reduce or disallow the Claims, either in part or in their entirety, as they assert "amounts for which the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden." *Objection*, ¶ 24.

## LANDLORD'S RESPONSE TO THE OBJECTION

6.     Landlord objects to the Trust's proposed reduction of the Claims in the Objection.

7.     Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l,* 274 B.R. 391, 394 (D. Del. 2001). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence.*" *See In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added). To overcome a proof of claim's presumed validity, the Trust must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *See In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

8.     Landlord timely filed the Claims and the Claims set forth and establish the amounts owed to Landlord and the basis therefore. The Trust has not presented any evidence or alleged any facts to refute the calculations contained in the Claims. Therefore, the Trust cannot overcome the presumptive validity of the Claims, and the Objection should be denied.

---

[3]     The *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (D.I. 8252) ("Plan") became effective on November 1, 2010 ("Effective Date"), and pursuant to the terms thereof, the Trust was established and became effective on the Effective Date. The Trust assumed the right and responsibility to, *inter alia*, object to claims.

9. Moreover, once a claimant/landlord has established the amount of rejection damages, a debtor/tenant then has the "burden of proof to demonstrate that the landlord has [a duty to mitigate and has] mitigated or failed to mitigate damages and the amount by which the landlord reduced or could have reduced its damages." *In re USGEN New England, Inc.*, No. 03-30465 (PM), 2007 WL 1074055, at * 6 (Bankr. D. Md. Jan. 23, 2007). *See also Futuronics Corp. v. Genesco Inc.* (*In re Futuronics Corp.*), 113 B.R. 142, 148 (S.D.N.Y. 1990) (debtor/tenant did not sufficiently prove that claimant/landlord acted unreasonably or what damages it could have mitigated by alleging that the claimant/landlord listed the premises with "only a single real estate broker who was allegedly unfamiliar with the real estate market" in the area). Whether a claimant has properly mitigated rejection damages must be determined by reference to state law. *See In re Merry-Go-Round Enters.*, 241 B.R. 124, 131 (Bankr. D. Md. 1999) ("Whether the [l]andlords properly mitigated their damages must be determined by referring to state law.").

10. In this instance, the Premises are located throughout the United States, and the Leases are governed by various state laws. The Trust has not presented one iota of evidence that Landlord failed to meet any mitigation efforts that are required by applicable state law. Although the Trust has failed in this regard, Landlord has taken all reasonable steps to mitigate its damages, and the results of its efforts with respect to the Premises are set forth on <u>Exhibit A</u> attached hereto. As detailed on <u>Exhibit A</u>, all but one of the Premises has been re-let on varying terms and, in certain instances, with multiple (either seasonal or permanent) tenants. Unless and until the Trust can present one shred of evidence to indicate that Landlord has not properly mitigated its rejection damages or that its Claims should be reduced by a specific amount as a result of its failure to mitigate, the Objection should be denied with respect to the Claims.

11. In sum, Landlord respectfully submits that the Trust has failed to (i) overcome the *prima facie* validity of the Claims, and (ii) demonstrate that Landlord did not properly mitigate the rejection damages set forth in the Claims pursuant to applicable state law and, thus, the Objection should be denied.

WHEREFORE, for all of the reasons set forth herein, Landlord respectfully requests that the Court enter an order that denies the Objection and that grants any such other and further relief as the Court deems just and proper.

Dated: June 26, 2012                                **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

**-and-**

Karen C. Bifferato, Esquire (No. 3279)
Kelly M. Conlan, Esquire (No. 4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Counsel for Landlord*

**CERTIFICATE OF SERVICE**

I, Jennifer M. McLemore, hereby certify that on the 26th day of June 2012, a true and correct copy of the foregoing Response of Landlord to Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation), with attached Exhibit A, has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1286283

# EXHIBIT A

| Location | Proof of Claim No. | Amount of Claim as Set Forth in Proof of Claim | Proposed Amount of Claim as Set Forth in Objection | Mitigation Efforts[1] |
|---|---|---|---|---|
| Avondale, AZ (CCSWC) | 8943 | $1,046,126.63 | $148,854.58 | Re-let to tenant 11/11/2010 – 3/31/2011 |
| Traverse City, MI | 9719 | $847,743.64 | $38,969.25 | Re-let to seasonal tenant 7/15/2009-11/18/2009, 7/16/2010-11/20/2010, and 5/16/2011-11/18/2011 |
| Oswego, IL | 9722 | $452,584.49 | $18,947.50 | Re-let to seasonal tenant 7/15/2009-11/18/2009 and 9/7/2010-11/17/2010; re-let to permanent tenant on 8/18/2012 |
| Avondale, AZ | 9725 | $1,046,126.63 | $148,854.58 | Re-let to tenant 11/11/2010 – 3/31/2011 |
| Darien, IL | 10024 | $529,004.09 | $47,268.21 | Re-let to seasonal tenant 8/15/2009-11/14/2009 and 7/15/2010-11/18/2010 |
| Oklahoma City, OK (Memorial Square) | 12079 | $1,103,676.32 | $71,264.90 | 25,000 square feet re-let to permanent tenant November 2011; 4,000 square feet re-let to permanent tenant May 2012; 4,800 square feet remains vacant |
| College Station, TX | 12082 | $578,706.16 | $117,882.21 | 10,000 square feet of 20,304 square feet re-let to permanent tenant on 11/10/2010; 10,103 square feet of 20,304 square feet re-let to permanent tenant on 1/31/2011 |

---

[1] For each of the Premises, Landlord began efforts to re-let the Premises immediately following rejection, which included, among other things, entering into agreements with leasing agents, as well as engaging in online marketing, chain store prospecting, local tenant prospecting, broker outreach, and placing signage on the exteriors of the Premises and/or shopping centers.

| Oklahoma City, OK (Penn Park) | 12092 | $610,414.84 | $16,586.25 | Re-let to permanent tenant 8/1/2011 |
|---|---|---|---|---|
| West Mifflin, PA | 12640 | $1,105,797.98 | $36,293.72 | Re-let to seasonal tenant from 8/1/2009-11/10/2009; premises then divided and re-let to two separate permanent tenants in September 2010 and May 2011 |
| Columbus, IN | 12642 | $877,968.54 | $13,696.27 | Re-let to seasonal tenant from 7/15/2009-11/19/2009; re-let to permanent tenant on 7/23/2010 |
| Houma, LA | 12643 | $514,617.65 | $28,707.08 | Re-let to seasonal tenant 7/15/2009-11/13/2009, 7/15/2010-11/8/2010, and 8/5/2011-11/10/2011; re-let to permanent tenant on 6/30/2012 |
| Cedar Hill, TX | 12644 | $894,805.79 | $0.00 | Re-let to seasonal tenant 8/10/2009-11/17/2009, 7/15/2010-11/18/2010, and 8/4/2011-11/18/2011 |
| Lewisville, TX | 12645 | $1,301,203.22 | $246,000.89 | Re-let to seasonal tenant 8/10/2009-11/17/2009 and 8/4/2011-11/18/2011 |
| San Antonio, TX | 12646 | $1,463,522.48 | $129,607.61 | Re-let to permanent tenant 8/17/2010 |
| Chesapeake, VA | 12720 | $570,020.86 | $70,973.80 | Premises divided and re-let to two separate permanent tenants in November 2009 and April 2010 |
| Phillipsburg, NJ | 12742 | $898,631.31 | $71,347.20 | Re-let to permanent tenant 11/13/2009 |
| Temecula, CA (CCSWC) | 12803 | $769,578.91 | $25,418.03 | Re-let to permanent tenant 2/15/2011 |
| Algonquin, IL | 12827 | $1,246,735.23 | $113,906.52 | Re-let to seasonal tenant 7/15/2009 – 11/28/2009 and 7/15/2010-11/18/2010; re-let to permanent tenant on |

2

|  |  |  |  | 8/29/2011 |
|---|---|---|---|---|
| Southlake, TX | 12828 | $1,527,412.57 | $196,532.86 | Re-let to seasonal tenants 8/14/2009-11/13/2009 and 7/15/2010-11/18/2010; re-let to permanent tenant 9/1/2011 |
| Lake Worth, TX | 12829 | $1,112,985.77 | $0.00 | Re-let to seasonal tenant 8/10/2009-11/17/2009, 7/15/2010-11/18/2010, and 8/12/2011-11/18/2011 |
| Austin, TX | 12830 | $1,029,336.62 | $88,150.58 | Re-let to permanent tenant 8/17/2010 |
| Sugar Land, TX | 12831 | $714,605.07 | $50,105.22 | Re-let to seasonal tenant 8/13/2010-11/10/2010 and 8/12/2011-11/12/2011 |
| Richmond, VA | 13083 | $7,609,854.56 | $415,142.99 | Unsuccessfully attempted to re-let and/or sell building |