**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:   (315) 474-4040
Kevin M. Newman
Adam F. Kinney

and

Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Cameron Bayonne Urban Renewal,*
*LLC (f/k/a Cameron Bayonne, LLC)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

---

In re:

   CIRCUIT CITY STORES, INC., *et al.*      Case No. 08-35653-KRH
                                                           Jointly Administered
                            Debtors.       Chapter 11 Proceedings

---

**CAMERON BAYONNE URBAN RENEWAL, LLC'S (F/K/A CAMERON BAYONNE, LLC) RESPONSE TO THE LIQUIDATING TRUST'S THIRTY-NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF <u>CERTAIN INVALID CLAIMS-MITIGATION</u>)**

Cameron Bayonne Urban Renewal, LLC f/k/a Cameron Bayonne, LLC (the "Landlord")

by and through its attorneys, Menter, Rudin & Trivelpiece, P.C., and local counsel, Christian and

Barton, L.L.P., respectfully submits this Response to the Circuit City Stores, Inc. liquidating

trust's (the "Liquidating Trust") *Thirty-ninth Omnibus Objection to Landlord Claims* (*Reduction of Certain Invalid Claims-Mitigation*) (the "Claim Objection"). (Dkt. 11850.)

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. The Landlord was a party to a lease (the "Lease") of nonresidential real property with Circuit City Stores, Inc. (the "Debtor") known as Bayonne Crossing Shopping Center, in Bayonne, New Jersey (the "Premises").[1]

3. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3).[2] *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

4. On December 29, 2008, the Court entered an Order granting the Debtors' motion to reject the Lease effective as of December 12, 2008.

5. The Landlord filed a claim in connection with the rejection of the Lease of $674,889.20 plus attorneys' fees ("Claim No. 5814").

6. On April 20, 2012 the Liquidating Trust filed the Claim Objection, setting the response deadline for June 26, 2012 at 4:00 p.m. and a hearing date for July 10, 2012 at 2:00 p.m.

7. Claim No. 5814 is also subject to the Liquidating Trust's *Seventeenth Omnibus Objection to Landlord Claims* (*Reduction of Certain Partially Invalid Claims, Reclassification of*

---

[1] The Landlord will provide the Lease upon the Liquidating Trust's request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

{30933/22766/AFK/00518227.DOCX}    2

*Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims*) (the "Seventeenth Omnibus Claim Objection"), in which the Liquidating Trust contends that the claim is unsubstantiated and should be disallowed. (Dkt. 10061.) The Landlord filed a response to the Seventeenth Omnibus Claim Objection on April 6, 2011, and a hearing is scheduled on July 10, 2012 in that matter. (Dkt. 10320.)

### RESPONSE TO OBJECTION

8. The Liquidating Trust (i) objects to Claim No. 5814 on the basis that it is not liable for the claim unless the Landlord has met its mitigation burden and (ii) proposes to "reduce by amount of rejection damages, subject to modification upon timely receipt of mitigation information." The Liquidating Trust alleges that this would reduce Claim No. 5814 to $0.00. The Liquidating Trust has not explained the legal basis for the proposed reduction of Claim No. 5814.

9. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid"). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson* (*In re Johnson*), 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554, 557 (5th Cir. 1993)); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v.*

*United States (In re Caroll),* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992).

10. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re Allegheny International*, Inc., 954 F.2d at 173–74). In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." *Id.* (citing 9 COLLIER ON BANKRUPTCY, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

11. If a landlord mitigates its damages, it is entitled to the lesser of its state law claim taking mitigation into account or its rejection damages claim pursuant to § 502(b)(6) without taking mitigation into account. *See In re Iron-Oak Supply Corp.*, 169 B.R. 414, 420 (Bankr. E.D. Ca. 1994) ("a lessor's allowable damages are the lower of (1) the statutory cap computed in accordance with the ordinary language of *section 502(b)(6)* ignoring mitigation or (2) total rejection damages, which take mitigation into account, available under nonbankruptcy law."); *see also Unsecured Creditors' Comm. Of Highland Superstores v. Strobeck Real Estate* (*In re Highland Superstores*), 154 F.3d 573, 579 (6th Cir. 1998); *In re Shane Co.*, 464 B.R. 32, 37 (Bankr. D. Colo. 2012) (same).

12. Section 502(b)(6) of the Bankruptcy Code provides that damages due a lessor resulting from the termination of a lease of real property are limited to "the rent reserved by such lease, without acceleration, for the greater of one year or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of . . . " the Petition Date or the date the

lessor repossessed the property or the debtor surrendered the property. 11 U.S.C. § 502(b)(6)(A).

13. The Landlord has attached to Claim No. 5814 documentation showing the amount of the claim consisting of rent for one year of $674,889.20. This amount is less than the amount the Landlord could have claimed pursuant to § 502(b)(6), because it underestimated the actual tax liability for the premises by fifty-five cents per square foot. Thus, the amount of Claim No. 5814 is less than what the Landlord is entitled to.

14. The Landlord made diligent efforts to relet the Premises at a maximum return. It was able to secure a replacement tenant for the Premises, but the replacement tenant required a larger facility than the existing Premises. As a result, the Landlord acquired additional neighboring property to create a more sizable location. The Landlord's state law claim credits the Debtor for rent paid and to be paid allocable to the Premises leased by the Debtor, which accounts for 22.32% of the enlarged facility. Thus, of the total of $8,000,000 in rent to be realized under the new lease, $1,785,202.34 is attributable to the square footage leased by the Debtor. This amount is further reduced by the broker's fees and other expenses of reletting.

15. After taking all of the Landlord's mitigation efforts and related costs into account, Landlord's state law claim amounts to $1,574,933.30. This amount far exceeds Landlord's § 506(b)(6) capped claim. Thus, Claim No. 5814 should not be reduced, as it represents the allowable claim pursuant to the *Iron-Oak* standard.

16. Furthermore, Thomas J. Valenti, a member of the Cameron Group, L L.C. and a person having personal knowledge of the relevant facts in the Debtor's and Landlord's transactions, attests to the Landlord's mitigation efforts and calculations resulting in the figures discussed herein. The Declaration of Thomas J. Valenti is attached as Exhibit "A."

17. The Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim No. 5814. The Liquidating Trust's Claim Objection with regard to Claim No. 5814 should therefore be overruled and the claim should be allowed.

**WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's objection to Claim No. 5814, allowing Claim No. 5814, and granting the Landlord such other and further relief as the Court deems just and proper.

Dated: June 26, 2012                **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
By:    Augustus C. Epps, Jr. (VSB 13254)
       Michael D. Mueller (VSB 38216)
       Jennifer M. McLemore (VSB 47164)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

-AND-

Kevin M. Newman
Adam F. Kinney
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:    (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for Cameron Bayonne Urban Renewal, LLC f/k/a Cameron Bayonne, LLC.*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 26th day of June 2012, a true and correct copy of Cameron Bayonne Urban Renewal, LLC's (f/k/a Cameron Bayonne, LLC) Response to the Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation), with attached Exhibit(s), has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1286137

{30933/22766/AFK/00518227.DOCX}    7