UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
RICHMOND DIVISION
   F I L E D
   JUN 2 5 2012
   CLERK
   US BANKRUPTCY COURT
```

In re:

**CIRCUIT CITY STORES, INC.,** *et al.,*

*Debtor.*

Case No. 08-35653-KRH
Chapter 11

*Jointly Administered*

---

## MILLMAN 2000 CHARITABLE TRUST'S <u>RESPONSE</u> TO LIQUIDATING TRUSTS FORTY- FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS

---

COMES NOW Millman 2000 Charitable Trust by and through its attorney Arthur Lindquist-Kleissler, Esq. of the law firm Lindquist-Kleissler & Company, L.L.C. and in response to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims states and responds as follows:

### SUMMARY

The Liquidating Trust previously objected to Millman 2000 Charitable Trust's ("Millman" or "Claimant") Proof of Claim resulting from the rejection of the lease for Circuit City Store No. 1638 located at1840 Dell Range, Cheyenne, Wyoming 82001. Millman's Proof of Claim was reduced from One Million Three Hundred Thousand Dollars ($1,300,000.00) to Four Hundred Thirty-Two Thousand Seven Hundred Seven Dollars and Ninety-Three Cents ($432,707.93) (Claim No. 12123). Millman has mitigated its damages in accordance with 11 U.S.C. § 502 (b) (6) as described herein. Millman has mitigated its damages in accordance with law and is still owed in excess of $432,707.93.

### PRE-PETITION RENT

1. The subject lease term did not end until June 30, 2021. (A copy of the lease is attached to Millman's Proof of Claim and is incorporated herein as though fully set forth.)

2. The Debtor rejected the subject unexpired lease on February 23, 2009.

3. Landlord immediately sought to re-let the subject property but additionally listed the property for sale.

Page 1 of 6

4. The subject location (Cheyenne, Wyoming) afforded limited opportunities to re-let the property due to the nature of the location, the fact that there are not a lot of "Big Box Tenants", and the fact that Cheyenne, Wyoming is an extremely small metro area/market.

5. The subject property was ultimately sold on August 11, 2010.

6. The property was purchased in 2002 for Two Million Eight Hundred Forty-One Thousand Dollars ($2,841,000.00).

7. The property was sold on August 11, 2010 for approximately half the price at One Million Four Hundred Twenty-Five Thousand Dollars ($1,425,000.00).(See the Seller's Closing Statement attached hereto as **Exhibit "A"**)

8. Therefore, rent was not paid from October 2008 through August 11, 2010.

9. At the time of the filing of the bankruptcy, the Debtor owed pre-petition rent for October 2008 in the amount of Sixteen Thousand Nine Hundred Fifty-Eight Dollars and Thirty-Three Cents ($16,958.33).

10. Pre-petition rent for the first half of November 2008 prior to the filing of the bankruptcy was Five Thousand Eighty-Seven Dollars and Fifty Cents ($5,087.50).

11. Accordingly, **pre-petition rent** was due and owing in the total amount of Twenty-Two Thousand Forty-Five Dollars and Eighty-Three Cents (**$22,045.83**).

## POST-PETITION RENT

12. 11 U.S.C. § 502 (b) (6) provides that damages for the rejection of a lease of real property shall be calculated as follows:

> (A) the rent reserved by such lease, without acceleration, for the greater of the one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of –
> (i) the date of the filing of the petition; and
> (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
> (B) an unpaid rent due under such lease, without acceleration, on the earlier of such dates.

13. Pursuant to 11 U.S.C. § 502 (b) (6), Millman is entitled to post-petition rent for three (3) years (36 months) of rent for the remaining term of the lease.

14. Rent, pursuant to the lease, was Sixteen Thousand Nine Hundred Fifty-Eight Dollars and Thirty-Three Cents ($16,958.33) per month.

15. The post-petition rent allowed, pursuant to 11 U.S.C. § 502 (b) (6), would therefore be $16,958.33 for three (3) years (36 months) totaling Six Hundred Ten Thousand Four Hundred Ninety-Nine Dollars and Eighty-Eight ($610,499.88).

## LANDLORD MITIGATION

16. By attempting to lease and/or sell the subject property, however Millman was able to obtain a buyer and liquidate the property.

17. Millman attempted and did mitigate its damages.

18. Unpaid post-petition rent for November 2008 was Eleven Thousand Eight Hundred Seventy Dollars and Eighty-Three Cents ($11,870.83).

19. Unpaid post-petition rent for December 2008 through the sale of the property on August 10, 2010 is twenty (20) months and ten (10) days of unpaid rent.

20. Twenty months of unpaid rent at $16, 1958.33 per month is Three Hundred Thirty-Nine Thousand One Hundred Sixty-Six Dollars and Sixty Cents ($339,166.60).

21. The ten (10) days of unpaid rent for August 2010 is Five Thousand Four Hundred Seventy Dollars and Forty-Three Cents ($5,470.43).

22. Accordingly, the total unpaid **post-petition rent** from the date of filing through the sale of the subject property on August 10, 2010 is Three Hundred Fifty-Six Thousand Five Hundred Seven Dollars and Eighty-Six Cents (**$356,507.86**).

23. **Pre-petition rent and post-petition rent** calculated as above totals Three Hundred Seventy-Eight Thousand Five Hundred Fifty-Three Dollars and Sixty-Nine Cents (**$378,553.69**).

## REPAIRS, DAMAGES, TAXES & INSURANCE

24. Upon rejection of the lease by the Debtor, Millman discovered repairs, damages, taxes and insurance liabilities all due and owing by the Debtor pursuant to the lease.

25. Invoices were attached to Millman's post-petition Proof of Claim and are as follows:

    (a) Parking lot repairs.....................$    400.00
    (b) Heating/Air conditioning repairs.....$ 2,308.00
    (c) Property maintenance.................$15,751.47
    (d) Landscape maintenance...............$ 7,345.30
    (e) Snow removal........................$ 1,435.00
    (f) Board of public utilities..............$    240.37
    (g) Fuel & power changes................$ 1,269.78
    (h) Insurance charges.....................$ 10,847.50
    (i) Quest charges..........................$    982.92

(j) Security services……………………..$  7,435.30
(k) <u>Second-half R/E taxes due 5/9/0    $  5,715.89</u>

    Total……………………………….. $ 53,731.53

26. Millman incurred substantial out-of-pocket costs and expenses to liquidate the subject property including the payment of realtor's commissions and closing costs in the approximate amount of One Hundred Four Thousand One Hundred Twenty-Six Dollars and Eleven Cents (**$104,126.11**) as evidenced by the Seller's Closing Statement attached hereto as (**Exhibit "A"**).

27. Had Millman not been able to sell the property, an additional sixteen (16) months of unpaid rent at the rate of $16, 1958.33 per month would have accrued which would have been an additional Two Hundred Seventy-One Thousand Dollars Three Hundred Thirty-Three Dollars and Twenty-Eight Cents ($271, 333.28) in damages.

28. Accordingly, Millman has substantially mitigated its damages including in accordance with 11 U.S.C. § 502 (b) (6).

## SUMMARY

29. Millman's total damages are calculated as follows:

(a) Pre-petition rent……………………………. $  22,045.83
(b) Post-petition rent through August 10, 2010…$356,507.86
(c) Repairs, damages, taxes & insurance………..$  53,731.53
(d) <u>Liquidation costs………………………….$104,126.11</u>

    Total                                             $536,411.33

30. Therefore, Millman's total mitigated damages are Five Hundred Thirty-Six Thousand Four Hundred Eleven Dollars and Thirty-Three Cents ($536,411.33).

31. Millman's actual mitigated damages therefore exceed the current allowed amount of the Proof of Claim which is Four Hundred Thirty-Two Thousand Seven Hundred Seven Dollars and Ninety-Three Cents ($432,707.93).

32. Has Millman not sold the subject property, it would have been required to pay a realtor to re-let the subject property and the cost of re-letting the property would have been additional damages in lieu of the transactional costs for selling the subject property.

33. Millman therefore objects to any further reduction in Millman's current reduced Proof of Claim.

## CLAIMANT'S REPRESENTATIVE

34. Undersigned counsel is Claimant's representative with authority to discuss mitigation issues and his contact information is as follows:

LINDQUIST-KLEISSLER & COMPANY, LLC
Arthur Lindquist-Kleissler, Esq. #9822
950 South Cherry Street, Suite 710
Denver, Colorado 80246
Phone: (303) 691-9774
Fax: (303) 756-8982
Email: arthuralklaw@gmail.com

WHEREFORE The Millman 2000 Charitable Trust respectfully pray this honorable Court deny the Objection to Millman's Claim and for such other and further relief as this Court deems just and proper.

DATED this 22ND day of June, 2012

LINDQUIST-KLEISSLER & COMPANY, LLC

By: _____
Arthur Lindquist-Kleissler, Esq. #9822
Counsel for The Millman 2000 Charitable Trust
Lindquist-Kleissler & Company, LLC
950 South Cherry Street, Suite 710
Denver, Colorado 80246
Phone: (303) 691-9774
Fax: (303) 756-8982
Email: arthuralklaw@gmail.com

## CERTIFICATE OF MAILING

I hereby certify on this 22ND day of June, 2012, I mailed the within **MILLMAN 2000 CHARITABLE TRUST'S RESPONSE TO LIQUIDATING TRUSTS FORTY- FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS** by Express Mail via the U.S. Post Office, Postage Paid, addressed to the following parties:

*Via Express Mail*

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 E. Broad Street #4000
Richmond, VA  23219

*Via Express Mail & Via Facsimile*

PACHULSKI STANG ZIEHL & JONES, L.L.P.
Jeffrey N. Pomerantz, Esq.
Andrew w. Caine, Esq.
10100 Santa Monica Blvd.
Los Angeles, CA  90067-4100
Fax: (310) 201-0760

*Via Express Mail & Via Facsimile*

TAVENNER & BERAN, P.L.C.
Paula S. Beran, Esq.
Lynn L. Tavenner, Esq.
20 N. Eighth St., 2nd Floor
Richmond, VA  23219
Fax: (804) 783-0178

/s/ Jocelyn Pallas

G: firm\clients\Millman Charitable Trust \Pleadings\120622 Response to Debtor's 41st obj final

## HERITAGE TITLE COMPANY
8450 E. Crescent Parkway #410, Greenwood Village, CO 80111
(303) 446-2555
### SELLERS CLOSING STATEMENT
### FINAL

Escrow No: H0278826-036 GO   Close Date:          Proration Date: 08/16/2010   Date Prepared: 08/11/2010
Seller(s): M2M, LLC, a Colorado limited liability company   Buyer/Borrower: R&R Enterprises Holdings LLC, a Wyoming Limited Liability Company

Property: 1854 Dell Range Boulevard
Cheyenne, WY

Brief L

| Description | Debit | Credit |
|---|---|---|
| TOTAL CONSIDERATION: | | |
| Total Consideration | | 1,425,000.00 |
| REAL ESTATE CLOSING CHARGES | | |
| Closing Fee to Heritage Title Company | 500.00 | |
| PRORATIONS AND ADJUSTMENTS: | | |
| County Taxes   From 01/01/10 To 08/16/10 | 7,148.61 | |
| Based on the Annual amount of $11,494.46 | | |
| Landscape Irrigation | 7,000.00 | |
| COMMISSIONS: | | |
| Commission | 42,750.00 | |
| $42,750.00   to Alliance Development Solutions | | |
| Fees to David Bennett | 42,750.00 | |
| TITLE CHARGES: | | |
| Owners Policy $1,425,000.00 to Laramie County Abstract & Titl | 3,940.50 | |
| Overnight Delivery to Heritage Title Company | 12.00 | |
| Wire Fee to Heritage Title Company | 25.00 | |
| | | |
| Sub Totals | 104,126.11 | 1,425,000.00 |
| Proceeds Due Seller | 1,320,873.89 | |
| Totals | $1,425,000.00 | $1,425,000.00 |

--Sales or use taxes on personal property not included. Heritage Title Company assumes no responsibility for the adjustment of special taxes or assessments unless they are shown on the Treasurer's Certificate of Taxes Due. The condition of title to the property is to be determined by reference to the title evidence provided by seller or by personal investigation. The above statement of settlement is approved as of the settlement date shown above and Escrow Holder is hereby authorized to disburse as Trustee Funds as indicated--

M2M, LLC, a Colorado limited liability company and as
successor to M2EM, LLC, a Colorado limited liability company

BY: Millman 2000 Charitable Trust ( Unitrust)
ITS: Sole Member

BY: _____
BY: Valerie M. Goldsmith, Trustee

_____
HERITAGE TITLE COMPANY

EXHIBIT "A"

# LINDQUIST-KLEISSLER & COMPANY, LLC
### ATTORNEY AND COUNSELORS AT LAW
950 SOUTH CHERRY STREET, SUITE 510
DENVER, COLORADO 80246-2665
TELEPHONE (303) 691-9774
FACSIMILE (303) 756-8982
WEBSITE: WWW.ALKLAW.COM

Friday, June 22ND, 2012

### Via Express/Overnight Mail

United States Bankruptcy Court
**ATTN: William C. Redden -Clerk of Court**
701 East Broad Street, Room 4000
Richmond, Virginia 23219
Phone 804-9162400
Fax 804-915-9805



      Re:   Circuit City Stores, Inc. *et al.*;
              Case No. 08-35653-KRH
              Our Client: Millman 2000 Charitable Trust

Dear Mr. Redden:

      This firm represents The Millman 2000 Charitable Trust, landlord for the store location at 1840 Dell Range, Cheyenne, Wyoming 82001, (Store # 1638). Enclosed for filing please find the *Millman 2000 Charitable Trust's Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims*.

      Kindly file the original with the Court and return a "file" stamped copy in the enclosed, stamped, self-addressed envelope.

      Thank you for your time and consideration in this matter.

                                             Very truly yours,

                                             Arthur Lindquist-Kleissler, Esq.

ALK: jp

Enclosure(s): One (1) copy of the Millman 2000 Charitable Trust's Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims

G:\firm\Millman 2000\correspondence 120622 \letter to clerk to file response

# LINDQUIST-KLEISSLER & COMPANY, LLC
## ATTORNEY AND COUNSELORS AT LAW
950 SOUTH CHERRY STREET, SUITE 510
DENVER, COLORADO 80246-2665
TELEPHONE (303) 691-9774
FACSIMILE (303) 756-8982
WEBSITE: WWW.ALKLAW.COM

Friday, June 22ND, 2012

<u>Via Express/Overnight Mail</u>

United States Bankruptcy Court
**ATTN: William C. Redden -Clerk of Court**
701 East Broad Street, Room 4000
Richmond, Virginia 23219
Phone 804-9162400
Fax 804-915-9805

        Re:    Circuit City Stores, Inc. *et al.;*
                  Case No. 08-35653-KRH
                  Our Client: Millman 2000 Charitable Trust

Dear Mr. Redden:

    This firm represents The Millman 2000 Charitable Trust, landlord for the store location at 1840 Dell Range, Cheyenne, Wyoming 82001, (Store # 1638). Enclosed for filing please find the *Millman 2000 Charitable Trust's Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims.*

    Kindly file the original with the Court and return a "file" stamped copy in the enclosed, stamped, self-addressed envelope.

    Thank you for your time and consideration in this matter.

                                      Very truly yours,

                                      Arthur Lindquist-Kleissler, Esq.

ALK: jp

Enclosure(s): One (1) copy of the Millman 2000 Charitable Trust's Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims

G:\firm\Millman 2000\correspondence 120622 \letter to clerk to file response