**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:  (315) 474-4040
Kevin M. Newman
Adam F. Kinney

and

Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Sangertown Square, L.L.C.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

------------------------------------------------------------------

In re:

| | |
|---|---|
| CIRCUIT CITY STORES, INC., *et al.* | Case No. 08-35653-KRH |
| | Jointly Administered |
| Debtors. | Chapter 11 Proceedings |

------------------------------------------------------------------

**SANGERTOWN SQUARE, L.L.C.'S RESPONSE TO THE LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF <u>CERTAIN INVALID CLAIMS-MITIGATION</u>)**

Sangertown Square, L.L.C. (the "Landlord") by and through its attorneys, Menter, Rudin & Trivelpiece, P.C., and local counsel, Christian and Barton, L.L.P., respectfully submits this Response to the Circuit City Stores, Inc. liquidating trust's (the "Liquidating Trust") *Forty-first*

*Omnibus Objection to Landlord Claims* (*Reduction of Certain Invalid Claims-Mitigation*) (the "Claim Objection"). (Dkt. 11852.)

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. The Landlord leased nonresidential real property located at the Sangertown Square Mall, New Hartford, New York (the "Premises") to the Debtor under an unexpired lease (the "Lease").[1]

3. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3).[2] *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

4. The Debtor rejected the Lease during the pendency of the cases.

5. The Landlord filed a claim for $503,024.98 plus attorneys' fees in connection with the rejection of the Lease pursuant to Section 502(b)(6) of the Bankruptcy Code ("Claim No. 12212").

6. Claim No. 12212 is also subject to the Liquidating Trust's *Fourth Omnibus Objection to Landlord Claims* (*Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims*) *Disallowance of Certain Duplicate Claims, and Disallowance of Certain Amended Claims* (the "Fourth Omnibus Claim Objection"), in which the Liquidating Trust contends that the claim is unsubstantiated and should

---

[1] The Landlord will provide the Lease upon the Liquidating Trust's request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

be disallowed. (Dkt. 10041.) The Landlord filed a response to the Fourth Omnibus Claim Objection on April 4, 2011, and a hearing is scheduled on July 10, 2012 in that matter. (Dkt. 10283.)

### **RESPONSE TO OBJECTION**

7. The Liquidating Trust (i) objects to Claim No.12212 on the basis that it is not liable for the claim unless the Landlord has met its mitigation burden and (ii) proposes to "reduce by amount of rejection damages, subject to modification upon timely receipt of mitigation information." The Liquidating Trust alleges that this would reduce Claim No. 12212 to $0.00. The Liquidating Trust has not explained the legal basis for the proposed reduction of Claim No. 12212.

8. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson* (*In re Johnson*), 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554, 557 (5th Cir. 1993)); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v. United States* (*In re Caroll*)*,* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992).

9. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of

equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re Allegheny International*, Inc., 954 F.2d at 173–74). In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." *Id.* (citing 9 COLLIER ON BANKRUPTCY, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

10. The Liquidating Trust contends that the claims must be reduced in accordance with any mitigation of the Landlord's claims. Under New York State law, a commercial landlord has no obligation whatsoever to mitigate upon termination of a lease. *Holy Properties, L.P. v. Kenneth Cole Productions, Inc.*, 87 N.Y. 2d 130, 134 (1995).

11. Nevertheless, if a landlord mitigates its damages, it is entitled to the lesser of its state law claim taking mitigation into account or its rejection damages claim pursuant to § 502(b)(6) without taking mitigation into account. *See In re Iron-Oak Supply Corp.*, 169 B.R. 414, 420 (Bankr. E.D. Ca. 1994) ("a lessor's allowable damages are the lower of (1) the statutory cap computed in accordance with the ordinary language of *section 502(b)(6)* ignoring mitigation or (2) total rejection damages, which take mitigation into account, available under nonbankruptcy law."); *see also Unsecured Creditors' Comm. Of Highland Superstores v. Strobeck Real Estate* (*In re Highland Superstores*), 154 F.3d 573, 579 (6th Cir. 1998); *In re Shane Co.*, 464 B.R. 32, 37 (Bankr. D. Colo. 2012) (same).

12. Despite the fact that there is no duty to mitigate in New York, the Landlord exercised diligent efforts to mitigate, including, but not limited to: meeting with various prospective tenants, showing the Premises to prospective tenants, providing lease plans to prospective tenants, conducting lease negotiations with prospective tenants, and ultimately

entering into leases for the Premises. *See* the Declaration of William F. Baker, attached hereto as Exhibit "A."

13. Section 502(b)(6) of the Bankruptcy Code provides that damages due a lessor resulting from the termination of a lease of real property are limited to "the rent reserved by such lease, without acceleration, for the greater of one year or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of . . ." the Petition Date or the date the lessor repossessed the property or the debtor surrendered the property. 11 U.S.C. § 502(b)(6)(A).

14. The Landlord attached to Claim No. 12212 documentation showing that the amount of the claim represents fifteen percent of the total rent reserved of $3,353,499.89.

15. The Landlord relet the Premises to other tenants. It has received $106,227.17, less commissions, from its subsequent tenants. Thus, the Landlord's state law claim equals total rent due for the remaining term of the lease less $106,227.17, resulting in a claim of $3,247,272.72 plus attorneys' fees. The Landlord's bankruptcy capped claim is $503,024.98 plus attorneys' fees. As a result, the Landlord's state law claim amounts to a sum well in excess of its capped claim permitted pursuant to Section 502(b)(6). Thus, the Landlord is entitled to the full amount of its capped Section 502(b)(6) claim.

16. William F. Baker, Assistant General Counsel with Pyramid Management Group, LLC, and a person having personal knowledge of the relevant facts in the Debtor's and the Landlords' transactions, attests that the amounts claimed in Claim No. 12212 are true and accurate calculations of the amounts owed by the Debtor and that the Landlord's state law claim taking mitigation into account far exceeds its Section 502(b)(6) claim. The Declaration of Mr. Baker is attached as Exhibit "A."

17. The Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim No. 12212. The Liquidating Trust's Claim Objection with regard to Claim No. 12212 should therefore be overruled and the claim should be allowed.

18. **WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's Claim Objection with regard to Claim No. 12212, allowing such claim, and granting such other and further relief as the Court deems just and proper.

Dated: June 26, 2012        **CHRISTIAN & BARTON, LLP**

By:    /s/ Jennifer M. McLemore
       Augustus C. Epps, Jr. (VSB 13254)
       Michael D. Mueller (VSB 38216)
       Jennifer M. McLemore (VSB 47164)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

       -AND-

       Kevin M. Newman
       Adam F. Kinney
       **MENTER, RUDIN & TRIVELPIECE, P.C.**
       Office and Post Office Address
       308 Maltbie Street, Suite 200
       Syracuse, New York 13204-1498
       Telephone:   (315) 474-7541
       Facsimile:   (315) 474-4040

       *Attorneys for Sangertown Square, L.L.C.*

## **CERTIFICATE OF SERVICE**

I, Jennifer M. McLemore, hereby certify that on the 26th day of June 2012, a true and correct copy of Sangertown Square, L.L.C.'s Response to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation), with attached Exhibit(s), has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1286431

{22375/22755/AFK/00506925.DOCX}    7