Mark Friedman (VA SBN 16808)
DLA Piper (US) LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
(410) 580-3000 Phone
(410) 580-3001 Fax
mark.friedman@dlapiper.com

Frank T. Pepler (CA SBN 100070)
DLA Piper (US) LLP
555 Mission Street, 24th Floor
San Francisco, CA 94105
415-836-2500 Phone
415-836-2501 Fax
frank.pepler@dlapiper.com

Attorneys for Morgan Hill Retail Venture LP

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In Re:<br><br>CIRCUIT CITY STORES, INC., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>(Jointly Administered) |

**RESPONSE OF MORGAN HILL RETAIL VENTURE LP TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS); DECLARATION OF MARIO ALBERT IN SUPPORT THEREOF**

Morgan Hill Retail Venture, LP ("Morgan Hill") hereby files its response to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims. Morgan Hill timely filed Claim No. 10265 in the above referenced case in connection with the rejection of that certain build-to-suit Lease Agreement dated September 6, 2007 between Circuit City Stores West Coast, Inc., as Tenant, and Morgan Hill as Landlord in respect of the premises located at the North East Corner of Highway 101 and Cochrane Road in Morgan Hill, California (the

"Morgan Hill Premises" and the "Morgan Hill Lease"). At the time the Debtor rejected the Morgan Hill Lease, the lease had approximately 14 remaining years in its term. Indeed, the Debtor had occupied the Morgan Hill Premises for less than a year when it filed for relief in bankruptcy.

Even though the Morgan Hill Lease had more than 90% of its term remaining when rejected, and even though the lease was rejected in the worst retail market in decades, the Liquidating Trust objects to Morgan Hill's rejection damage claim of $1,690,135.98, and asserts that Morgan Hill's claim should be reduced to $0, based *solely* on the unfounded and irrelevant assertion that Morgan Hill failed to prove mitigation.

Morgan Hill opposes the Liquidating Trust's objection to Claim No. 10265, and requests that the full amount of its rejection damage claim be allowed as filed. The Liquidating Trust's objection to Morgan Hill's claim would completely extinguish a valid rejection damage claim that caps 14 years of future rents due to Morgan Hill at the amount set out in Section 502(b)(6) of the Bankruptcy Case. At even the base rent due under Article I, Section C of the Morgan Hill Lease, plus reasonable estimated CAM charges and expenses calculated under the lease, Morgan Hill's claim far exceeds the statutory cap. Although Morgan Hill asserts that mitigation need not enter into the Court's analysis of the allowance of Claim no. 10265, Morgan Hill makes the offer of proof set forth below that it has attempted to mitigate the future rent damages caused by the Debtor's rejection of the Morgan Hill Lease through both its own efforts and by the efforts of top-tier commercial real estate brokers in the area. Nonetheless, more than three years after the Morgan Hill Lease was rejected, the Morgan Hill Premises remain vacant. The sole success that Morgan Hill has had in locating a replacement tenant for the space has been a seasonal holiday tenant, Halloween USA. The rent generated during the holiday seasons for 2010 and 2011

totaled $72,000. Under applicable law, even those modest rents should not be offset against Morgan Hill's claim.

In support of its response, Morgan Hill represents as follows:

1. Morgan Hill owns a big box shopping mall in Morgan Hill, California. The Morgan Hill Premises constitutes a twenty-thousand five hundred thirty-three (20,533) square foot space in that mall where Circuit City operated a store pursuant to the Morgan Hill Lease. Circuit City Stores West Coast, Inc. took occupancy of the Morgan Hill Premises in 2008.

2. Although the Debtor occupied the Morgan Hill Premises after its bankruptcy and through the holiday season for 2008, the subject lease was rejected in January of 2009. Morgan Hill timely filed claim No. 10265 on January 20, 2009 following rejection of the Morgan Hill Lease.

3. The market for big box retail space in the Morgan Hill area of Northern California is saturated, and the vacancy rate for space similar to the Morgan Hill Premises is high. The principals of the Managing Member of Morgan Hill are active in the development of big box retail centers similar to the Morgan Hill project, and have significant experience in negotiating long term leases with tenants who typically occupy space in those retail centers. Immediately following rejection of the Morgan Hill Lease, Morgan Hill and the principals of Managing Member began actively marketing the Morgan Hill Premises to other potential big box retailers with whom it and principals of its Managing Member have previously worked. Despite active internal marketing efforts from January of 2009 through February of 2011 through sources known to Morgan Hill and its Managing Member and with whom the principals of Managing Member had previously consummated significant lease transactions, Morgan Hill was unable to close any long term lease transaction for the Morgan Hill Premises.

4. Major big box retailers with whom principals of Managing Member had previously

worked, including several big box retailers such as Gold's Gym expressed interest in the Morgan Hill Premises but failed to close a transaction. Further, principals of Managing Member entered into discussions with other non-traditional big-box proposed tenants such as a private educational center, but were unable to close a transaction on for a replacement tenant. The sole replacement tenant that Morgan Hill signed to occupy the Morgan Hill Premises is seasonal holiday vendor Gags and Games, Inc., dba Halloween USA, who occupied the Morgan Hill Premises on a temporary basis during the holiday seasons of 2010 and 2011. The total rent from Halloween USA was approximately $72,000, with $10,000 contributed to common area maintenance, with no security deposit or other offsetting expenses.

5.  In February of 2011, in addition to continued active marketing efforts with big box retailers by principals of Managing Member, Morgan Hill retained the services of John Cumbelich & Associates, a top-tier commercial brokerage firm in Northern California with substantial experience and contacts in the big box tenant market. Notwithstanding the experience and contacts that John Cumbelich & Associates brought and continues to bring to Morgan Hill's re-leasing effort, John Cumbelich & Associates has been unable to bring a tenant to Morgan Hill that will absorb the Morgan Hill Premises. When John Cumbelich & Associates are able to do so, they will earn substantial commission of between $60,000 to more than $100,000. The commission paid to John Cumbelich & Associates will constitute further direct damages to Morgan Hill. Further, if in the course of negotiating and closing the lease for a replacement tenant for the Morgan Hill Premises, John Cumbelich & Associates recommends that additional demising work be performed or additional tenant improvement dollars be expenses, the cost of that work and those improvements will constitute further direct damages to Morgan Hill.

6. From the date of rejection through the date of this opposition, Morgan Hill has consistently exercised commercially reasonable efforts to re-lease the Morgan Hill Premises and mitigate its losses. Notwithstanding the efforts of Morgan Hill, its Managing Member, and the principals of its Managing Member, the Morgan Hill Premises remain vacant and no rent is being generated to mitigate Morgan Hill's rejection damage claim against the Debtor.

7. There is no justifiable basis to reduce Morgan Hill's rejection damage claim No. 10265 from the amount in which it was filed, let alone to reduce the claim to $0. The rejection damage claim properly applies the future rent cap in 11 U.S.C. §502(b)(6) to the damages arising as a result of the rejection of the Morgan Hill Lease. The Section 502(b)(6) cap is calculated on "the rent reserved by the lease" and is not subject to mitigation. *See, In re Shane Co.* (D. Colo. 2012) 464 B.R. 32, 38 (holding that 502(b)(6) cap on landlord rejection damage claim is calculated solely from rent reserved under lease, and is not dependent on amount of landlord's state law damages claim) and *In re Goldblatt Bros, Inc.* (N.D. Ill. 1986) 66 B.R. 337, 348 (holding lessor was entitled to allowed claim in full amount of 502(b)(6) cap, where lease permitted lessor to recover costs associated with remodeling and re-renting premises following debtor's abandonment, together with difference between rent received from substitute tenants and rent due under lease, and sum exceeded 502(b)(6) cap).

8. Morgan Hill has taken all commercially reasonable steps to mitigate damages, including securing periodic tenancy between July 15 and November 18, in 2010 and 2011, for a total rent amount of $72,000. *Atkins v. Lowin (In re The Monetary Group)* (M.D. Florida 1988) 91 B.R. 138 (holding when landlord takes all commercially reasonable steps in mitigation of damages due to debtor's termination of lease, and still suffers damages over remaining term of lease in excess of amount permitted by Section 502(b)(6), then full amount authorized by provision may

WEST\233784381.1
WEST\234011562.1

be claimed).

9.  Despite all reasonable efforts to mitigate, damages for rejection of the Morgan Hill Lease far exceed the 502(b)(6) cap reflected in Claim No. 10265. Without the requirement of any further mitigation analysis or damage proof, the full amount of Morgan Hill's rejection damage claim should be allowed in the amount of $1,690,135.98.

10. The contact person for information regarding mitigation issues, Morgan Hill and the Morgan Hill Premises is as follows:

Mario Albert  
General Counsel  
Browman Development Company, Inc.  
1556 Parkside Drive  
Walnut Creek, CA 94596  
w 925.588.2229  
c 510.282.3908  
e MAlbert@BrowmanDevelopment.com

WHEREUPON Morgan Hill respectfully requests that claim number 10265 be allowed in the amount for which it was filed.

Dated: June 26, 2012

By: /s/ Mark J. Friedman  
Mark J. Friedman (VA SBN 16808)  
DLA Piper (US) LLP  
The Marbury Building  
6225 Smith Avenue  
Baltimore, MD 21209-3600

and

Frank T. Pepler CA SBN 100070  
DLA PIPER LLP (US)  
555 Mission Street, Suite 2400  
San Francisco, CA 94105-2933  
Telephone: 415.836.2500  
Facsimile: 415.836.2501

Attorneys for Morgan Hill Retail Venture, LP

WEST\233784381.1  
WEST\234011562.1