**DECLARATION OF MARIO ALBERT IN SUPPORT OF RESPONSE OF MORGAN HILL RETAIL VENTURE LP TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS)**

I, Mario Albert, declare as follows:

1. I am an attorney licensed to practice law in all courts in the State of California. I am general counsel of Browman Development Company, the General Partner of Morgan Hill Retail Venture, LP ("Morgan Hill"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2. Morgan Hill entered into a Lease Agreement dated as of September 6, 2007 with Circuit City West Coast, Inc (the "Morgan Hill Lease"). The Morgan Hill Premises constitutes a twenty-thousand five hundred thirty-three (20,533) square foot space in a shopping mall where Circuit City operated a store pursuant to the Morgan Hill Lease. Circuit City Stores West Coast, Inc. took occupancy of the Morgan Hill Premises in 2008.

3. The Debtor occupied the Morgan Hill Premises after its bankruptcy and through the holiday season for 2008, but the subject lease was rejected in January of 2009. Morgan Hill timely filed claim No. 10265 on January 20, 2009 following rejection of the Morgan Hill Lease.

4. The principals of the Managing Member of Morgan Hill have significant experience in negotiating long term leases with tenants who occupy space in big box retail centers similar to the Morgan Hill project. Following rejection of the Morgan Hill Lease, Morgan Hill and the principals of Managing Member began actively marketing the Morgan Hill Premises to other potential big box retailers with whom it and principals of its Managing Member have previously worked. Despite active internal marketing efforts from January of 2009 through February of 2011 through sources known to Morgan Hill and its Managing Member and with whom the principals of Managing Member had previously consummated

- 7 -

significant lease transactions, Morgan Hill was unable to close any long term lease transaction for the Morgan Hill Premises.

5. Principals of Managing Member worked with several big box retailers, such as Gold's Gym, who expressed interest in the Morgan Hill Premises but failed to close a transaction. Principals of Managing Member also entered into discussions with non-traditional big-box proposed tenants such as a private educational center, but were unable to close a transaction for a replacement tenant. The sole replacement tenant that Morgan Hill signed to occupy the Morgan Hill Premises is seasonal holiday vendor Gags and Games, Inc., dba Halloween USA, who occupied the Morgan Hill Premises on a temporary basis during the holiday seasons of 2010 and 2011. The total rent from Halloween USA was approximately $72,000, with $10,000 contributed to common area maintenance, with no security deposit or other offsetting expenses.

6. In February of 2011, in addition to continued active marketing efforts with big box retailers by principals of Managing Member, Morgan Hill retained the services of John Cumbelich & Associates, a commercial brokerage firm in Northern California with substantial experience and contacts in the big box tenant market. Notwithstanding the experience and contacts that John Cumbelich & Associates brought and continues to bring to Morgan Hill's re-leasing effort, John Cumbelich & Associates has been unable to bring a tenant to Morgan Hill that will absorb the Morgan Hill Premises. When John Cumbelich & Associates are able to do so, they will earn substantial commission of between $60,000 to more than $100,000. The commission paid to John Cumbelich & Associates will constitute further direct damages to Morgan Hill. Further, if in the course of negotiating and closing the lease for a replacement tenant for the Morgan Hill Premises, John Cumbelich & Associates recommends that additional

- 8 -

demising work be performed or additional tenant improvement dollars be expenses, the cost of that work and those improvements will constitute further direct damages to Morgan Hill.

7. From the date of rejection through the date of this opposition, Morgan Hill has consistently exercised commercially reasonable efforts to re-lease the Morgan Hill Premises and mitigate its losses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2012            /s/ Mario Albert
                                Mario Albert