IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **CIRCUIT CITY STORES, INC.** *et al.,* | ) Case No. 08-35653-KRH |
| | ) (Jointly Administered) |
| **Debtors.** | ) |

**BAKER NATICK PROMENADE LLC'S RESPONSE IN OPPOSITION TO LIQUIDATING TRUST'S THIRTY-NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS**

Baker Natick Promenade LLC ("BNP"), by its undersigned counsel, makes this response to the *Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims* (the "Objection"), as it relates to BNP's Claim No. 12513 for lease rejection damages (the "Claim" or "Claim No. 12513"). In support thereof, BNP states as follows:

**Background**

1.  The Claim arises out of a lease of real property in Natick, Massachusetts, where Debtor operated retail store no. 4121.

2.  The landlord of said property is BNP. BNP leased the underlying property to Circuit City Stores, Inc. under a written Lease dated December 11, 2003 (the "Lease"). A true and correct copy of the Lease is attached as an Exhibit to Claim No. 12513, which is incorporated herein by

---

William A. Gray, Esquire  (VSB #46911)
Sands Anderson PC
1111 East Main Street, Suite 2300
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
And

John C. La Liberte, Esquire
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
   *Counsel for Baker Natick Promenade LLC*

reference. A copy of the Lease will be provided upon request. The term of the Lease expired on December 31, 2011.

3. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 10, 2008. At the time of filing, the Debtor had not paid any rent or charges for the month of November, which were due November 1, 2008.

4. The Debtor rejected the Lease and vacated as of March 10, 2009.

5. On April 24, 2009, BNP properly and timely filed Claim No. 12513, asserting an unsecured claim for lease rejection damages in the total amount of $2,219,309.60, consisting of lease rejection damages of $2,152,618.00 and administrative claim of $66,691.60. It was assigned Claim No. 12513.

6. On February 27, 2011, the Liquidating Trust filed its *Fourteenth Omnibus Objection to Claims* (the "Fourteenth Objection"). The Trustee proposed in the Fourteenth Objection that Claim No. 12513 should be allowed in the amount of $1,997,705.93 as a general unsecured claim and $59,719.42 as an administrative claim. BNP, based solely on litigation costs, did not oppose this minor objection, and on May 25, 2011, this Court entered an *Order Sustaining the Fourteenth Omnibus Objection to Claims*, which allowed Claim No. 12513 in the amount of $1,997,705.93 as a general unsecured claim and $59,719.42 as an administrative claim.

7. On April 20, 2012, the Liquidating Trust filed this Objection, again objecting to Claim No. 12513, but this time asserting that the Claim should be allowed only in the amount of $25,594.04 as an unsecured claim.

8. As an explanation of this latest objection, the Trustee asserts only that Debtors are not liable for the Claim "unless the Claimant at issue has met its applicable mitigation burden."

9. Although the Trustee has not identified what Claimant's "applicable mitigation burden" is, paragraph 28 of the Lease states that BNP agreed to use "reasonable efforts to mitigate its damages" following a default. Circuit City's rejection of the Lease constituted a default.

10. As a threshold matter, the Trustee has failed to overcome the primary validity of the Claim No. 12513 pursuant to *Federal Rule of Bankruptcy Procedure* ("FRBP") 3001(f), which provides: "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." FRBP 3001(f).

11. As courts have consistently recognized, if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or the invalidity of the claim itself to rebut the presumed validity of the proof of claim. *See e.g., Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640-641 (4th Cir. 2004) ("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the [objecting party] to object to the claim. The [objecting party] must introduce evidence to rebut the claim's presumptive validity."] (internal citations omitted).

12. Here, the Trustee has not offered any evidence to rebut the *prima facie* validity of BNP's Claim No. 12513. Accordingly the Objection should be overruled on this ground alone.

13. Instead, the Objection inexplicably seeks to alter the governing burden of proof by demanding that BNP (rather than the Trustee) establish the extent to which it has mitigated its damages. The Trustee does not offer any legal (or other) basis for excusing its evidentiary burden regarding mitigated damages under controlling law. Such failure to comply with applicable law provides another independent ground for overruling the Objection.

14. Despite the foregoing, any assertion by the Trustee that BNP failed to mitigate its damages is baseless.

15. Attached hereto as Exhibit A is the *Declaration of Carol Kuosman In Support of Response of Baker Natick Promenade LLC to Liquidating Trustee's Thirty-Ninth Omnibus Objection to Landlord Claims* (the "Declaration") setting out in detail the substantial and significant efforts taken by BNP and its agents to re-let and/or sell this property. The content of this Declaration is incorporated by reference as if fully set out herein.

16. As more fully described in the Declaration, BNP substantially exceeded its "applicable mitigation burden." After applying the net mitigation amount to the gross rejection damages as set for in the Claim, the net rejection damages after mitigation are $8,845,807.70. This sum remains in excess of the landlord's cap under Bankruptcy Code Section 502(b)(6)(A) that is applicable this claim. The objection to Claim No. 12513 should be dismissed or denied in its entirety.

17. Addresses for notices: all communications involving this claim or the objection should be directed to counsel below.

WHEREFORE, BNP respectfully requests (i) that the *Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims* concerning Claim No. 12513 be dismissed or denied in its entirety; (ii) that BNP's lease rejection claim (Claim No. 12513) be allowed in the amount of $1,997,705.93 as an unsecured claim; and (iii) that BNP have such other and further relief as it may be entitled.

**Dated: June 26, 2012**           **Respectfully Submitted,**

      */s/ William A. Gray, Esquire*
William A. Gray, Esquire  (VSB #46911)
SANDS ANDERSON PC
1111 East Main Street, Suite 2300
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:      (804) 783-7291

And

John C. LaLiberte, Esquire
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Phone: (617) 646-2000
Fax: (617) 646-2222
*Counsel for Baker Natick Promenade LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2012, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to the following:

TAVENNER & BERAN
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017

*/s/ William A. Gray*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC. *et al.*, ) | Case No. 08-35653-KRH |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

## DECLARATION OF CAROL KUOSMAN IN SUPPORT OF RESPONSE OF BAKER NATICK PROMENADE LLC TO LIQUIDATING TRUSUTEE'S THIRTY-NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS

I, Carol Kuosman, do hereby declare:

1. I am a Vice President Property and Asset Management of Keypoint Partners, LLC of Burlington, Massachusetts, which manages the Natick Promenade Shopping Center located in Natick, Massachusetts, that at all relevant times discussed in this Declaration was owned by Baker Natick Promenade LLC ("BNP") and in which Circuit City Stores, Inc. ("CC" or the "Debtor") was a tenant. I am familiar with the matters set forth herein and if called upon could competently testify thereto.

2. During the relevant time period, BNP owned the real estate commonly known as 1398 Worcester Street, Natick, Massachusetts, consisting of approximately 56,000 sq. ft. of which Circuit City operated a retail store in 33,945 sq. ft. (hereinafter the "Premises"). The premises were leased to CC originally by BNP, as landlord pursuant to a lease dated December 11, 2003 (the "Lease"). The Lease had a remaining term that was due to expire on January 31, 2020.

3.  After the rejection of the Lease of the Premises by the Debtor on or about March 10, 2010, BNP retained Atlantic Retail Properties to find a substitute tenant for the space previously occupied by CC.

4.  Based on these efforts, BNP was able to enter into a lease for the premises previously occupied by CC with Michaels Stores, Inc.("Michaels") in June 2009. The lease has a term of approximately 10 and one half years which commenced on June 29, 2009. The lease term expires on February 28, 2020. The lease provides for base rent from June 29, 2009 until February 14, 2010 at $40,000/month; during the next five (5) years and partial month (February 15, 2010 – February 28, 2015) at $509,175/annual or $42,431.25/month with the remaining five (5) years at a base rent of $543,120/annual or $45,260/month. In addition, Michaels is responsible for common area maintenance charges (less roof maintenance as had been paid by CC), insurance, and property taxes.

5.  Attached hereto as Exhibit "A" is a spreadsheet which shows an itemization of the revenues that will be collected under the Michael's lease from its commencement on June 29, 2009 through January 31, 2020, the end of the term of the CC lease. As that spreadsheet shows, the total recovery of revenues from the Michaels lease for the premises previously occupied by CC is $5,540,097.30.

6.  However, in entering into this Michael's lease, BNP provided tenant improvements to Michaels totaling $15,000 as well as approximately $10,832 in landlord make-ready costs incurred in removing items left by CC and repairing the premises after the CC occupancy had terminated. In addition, BNP paid a real estate commission to Atlantic Retail Properties of $203,670 for their work in obtaining the Michael's lease. Thus, the net mitigation

- 2 -

recovery to BNP from the Michael's lease, after deducting these expenses, will be $5,289,340.30.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th date of June, 2012, at Burlington, Massachusetts.

*Carol Kuosman*
Carol Kuosman

**EXHIBIT "A"**

**Michaels Stores, Inc.**
Natick Promenade
6/25/2012

| Lease Period | Base Rent | | CAM | Insurance | Property Tax | Total |
|---|---|---|---|---|---|---|
| 6/29/09 - 2/14/10 | $ 302,666.67 | 1 | | | | |
| 2/15/10 - 2/28/15 | $ 2,567,090.63 | 2 | | | | |
| 3/01/15 - 1/31/20 | $ 2,670,340.00 | 3 | | | | |
| | $ 5,540,097.30 | | $ (31,749.00) 4 | Same as CC | Same as CC | $ 5,508,348.30 |

**BNP Lease Replacement Expenses**
| | | |
|---|---|---|
| Lease Commission | $ | 203,670.00 |
| Legal | $ | 21,255.00 |
| TI$ | $ | 15,000.00 |
| LL Make-Ready | $ | 10,832.00 |
| | $ | 250,757.00 |

1) 6/09 Pro-rate at $2,666.67; 7 months at $40,000; plus 2/1-2/14/10 pro-rate at $20,000
2) 2/15 - 2/28/10 Pro-rate at $21,253.63; 60 months at $42,431.25
3) 59 months at $45,260
4) Roof maintenance excluded from CAM in Michaels lease (included in CC) assume loss of $3,000/year at 10.583 years