UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.,

Debtors

Chapter 11
Case No. 08-35653 (KRH)
Jointly Administered

## CRAIG-CLARKSVILLE TENNESSEE LLC'S RESPONSE TO LIQUIDATING TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION) [Docket No. 11851]

COMES NOW Craig-Clarksville Tennessee LLC ("**CCT**"), through its undersigned counsel, pursuant to Fed. R. Bankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], and hereby responds to the Liquidating Trust's Fortieth Objection to Landlord Claims [Docket No. 11851] (the "**Objection**") and states as follows:

1. On November 10, 2008, Circuit City Stores, Inc. and its related companies (collectively "**Debtor**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

Andrea Sullivan Gould (VSB No. 41944)
Troutman Sanders LLP
P.O. Box 1122
1001 Haxall Point
Richmond, Virginia 23218-1122
(804) 697-1341
(804) 698-6068 (fax)
andrea.gould@troutmansanders.com
*Counsel for Creditor Craig-Clarksville Tennessee LLC*

2. Debtor leased from CCT certain commercial property located at 2819-D Wilma Rudolph Boulevard, Clarksville, Tennessee pursuant to a lease agreement dated March 5, 1999. The term of the Lease expired on March 31, 2021. Debtor is in possession of the lease. A copy of the Lease will be provided upon request.

3. Debtor rejected the lease and vacated the property as of February 23, 2009.

4. When CCT became aware Circuit City was going to reject the lease, it immediately placed real estate signs at the property and began marketing the property. CCT developed informational brochures and showed the building to prospective tenants and cooperating commercial real estate brokers. CCT was able to re-let the premises to a new tenant that took position of the premises and began paying rent on November 25, 2009. See Declaration of James S. Craig, attached as <u>Exhibit A.</u> Mr. Craig's contact information is: 5890 Kalamazoo Avenue SE, Grand Rapids, MI  49508-6416, phone number: (616) 827-0445.

5. At that time, the real-estate market had declined such that CCT was not able to re-let the premises at the rate that the Debtor was paying.

6. CCT timely filed a proof of claim (No. 7816) for rejection damages due under the lease in the amount of $286,749.96 (the "**Claim**"). This is the amount of 12 months of rent at $23,895.83 per month.

7. As set forth in the Objection, the Liquidating Trustee seeks to reduce the Claim to $0. As for the basis of the Objection, the Liquidating Trustee asserts only that Debtors are not liable for the claims "unless the Claimant at issue has met its applicable mitigation burden." The Liquidating Trustee has not identified what CCT's "applicable mitigation burden" is. However, following the rejection of the lease, which constituted a default under the lease agreement, CCT,

used reasonable efforts to mitigate its damages, by undertaking substantial and significant efforts to re-let the property when it received notice of the rejection of the lease when it immediately began marketing the property by placing real estate signs on the property, developing and distributing informational brochures, and showing the property to prospective tenants and cooperating commercial real estate brokers.

8. The Liquidating Trustee has failed to overcome the primary validity of the Claim pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 3001(f), which provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 3001(f).

9. As courts have consistently recognized, if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or the invalidity of the claim itself to rebut the presumed validity of the proof of claim. *See e.g., Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640-41 (4th Cir. 2004) ("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the [objecting party] to object to the claim. The [objecting party] must introduce evidence to rebut the claim's presumptive validity.") (internal citations omitted).

10. Here, the Liquidating Trustee has not offered any evidence to rebut the prima facie validity of the Claim. Accordingly, the Objection should be overruled on this ground alone.

11. But more importantly, any assertion by the Liquidating Trustee that CCT failed to mitigate its damages is baseless. CCT undertook substantial and significant efforts to re-let the property when it received notice of the rejection of the lease. CCT immediately began marketing

the property by placing real estate signs on the property, developing and distributing informational brochures, and showing the property to prospective tenants and cooperating commercial real estate brokers.

12. The objection to the Claim should be dismissed or denied in its entirety.

13. Notices and communications involving this claim or the objection should be directed to counsel below.

WHEREFORE, CCT respectfully requests (i) that the Fortieth Omnibus objection concerning Claim No. 7816 be dismissed or denied in its entirety; (ii) that its lease rejection claim be allowed in the amount of $286,749.96; and (iii) that CCT have such other and further relief as it may be entitled.

Respectfully submitted this 26th day of June, 2012.

/s/ Andrea Sullivan Gould

Andrea Sullivan Gould (VSB No. 41944)
Troutman Sanders LLP
P.O. Box 1122
1001 Haxall Point
Richmond, Virginia 23218-1122
(804) 697-1341
(804) 698-6068 (fax)
andrea.gould@troutmansanders.com

and

Michael O'Neal (P66247)
WARNER NORCROSS & JUDD LLP
111 Lyon Street, NW, Suite 900
Grand Rapids, Michigan 49503
(616) 752-2413
(616) 222-2413 (fax)
moneal@wnj.com
*Counsel for Creditor Craig-Clarksville Tennessee LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of June, 2012, the foregoing Response was delivered through the Court's CM/ECF system to all parties who receive notice in this case and via email to:

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
jpomerantz@pszjlaw.com

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
Tavenner & Beran PLC
20 North 8th Street, 2nd Floor
Richmond, VA 23219
ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com.

/s/ Andrea Sullivan Gould
Andrea Sullivan Gould