**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:   (315) 474-4040
Kevin M. Newman
Adam F. Kinney

and

Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:   (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for EklecCo NewCo, L.L.C. &*
*Crossgates Commons NewCo, L.L.C.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

------------------------------------------------------------------

In re:

    CIRCUIT CITY STORES, INC., *et al.*        Case No. 08-35653-KRH
                            Jointly Administered
                  Debtors.     Chapter 11 Proceedings

------------------------------------------------------------------

**EklecCo NewCo, L.L.C. and Crossgates Commons NewCo, L.L.C.'s
Response to the Liquidating Trust's Fortieth Omnibus Objection to
Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)**

    EklecCo NewCo, L.L.C. ("Landlord 1")  and Crossgates Commons NewCo, L.L.C.

("Landlord 2") by and through their attorneys, Menter, Rudin & Trivelpiece, P.C., and local

counsel, Christian and Barton, L.L.P., respectfully submit this Response to the Circuit City

Stores, Inc. liquidating trust's (the "Liquidating Trust") *Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* (the "Claim Objection") (Dkt. 11851.).

## BACKGROUND

1.      On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2.      Landlord 1 leased nonresidential real property located at the Palisades Center, West Nyack, New York ("Premises 1") to Circuit City Stores, Inc. (the "Debtor") under an unexpired lease ("Lease 1").

3.      Landlord 2 leased nonresidential real property located at Crossgates Commons, Albany, New York ("Premises 2") to the Debtor under an unexpired lease ("Lease 2").[1]

4.      The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3).[2]  *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

5.      The Debtor rejected Lease 1 and Lease 2 during the bankruptcy case.

6.      Landlord 1 filed a claim for $1,930,475.63 plus attorneys' fees, in connection with the rejection of the Lease pursuant to Section 502(b)(6) of the Bankruptcy Code ("Claim No. 4251").

7.      Landlord 2 filed a claim for $1,827,361.40 plus attorneys' fees in connection with the rejection of the Lease pursuant to Section 502(b)(6) of the Bankruptcy Code ("Claim No.

---

[1] Landlord 1 and Landlord 2 (collectively, the "Landlords") will provide the Leases upon the Liquidating Trust's Request.
[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

13020").

8.      On April 20, 2012 the Liquidating Trust filed the Claim Objection, setting the response deadline for June 26, 2012 at 4:00 p.m. and a hearing date for July 10, 2012 at 2:00 p.m.

9.      Claim No. 4251 is also subject to the Liquidating Trust's *Eighth Omnibus Objection to Landlord Claims* (*Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims*) (the "Eighth Omnibus Claim Objection"), in which the Liquidating Trust contends that the claim is unsubstantiated and should be disallowed.  (Dkt. 10046.)  Landlord 1 filed a response to the Eighth Omnibus Claim Objection on April 5, 2011 and a hearing is scheduled on July 10, 2012 in that matter.  (Dkt. 10294.)

10.     Claim No. 13020 is also subject to the Liquidating Trust's *Ninth Omnibus Objection to Landlord Claims* (*Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims*) (the "Ninth Omnibus Claim Objection"), in which the Liquidating Trust contends that the claim is unsubstantiated and should be disallowed.  (Dkt. 10047.)  Landlord 2 filed a response to the Ninth Omnibus Claim Objection on April 5, 2011 and a hearing is scheduled on July 10, 2012 in that matter. (Dkt. 10292.)

### RESPONSE TO OBJECTION

11.     The Liquidating Trust (i) objects to Claim No. 4251 and Claim No. 13020 on the basis that it is not liable for the claims unless the respective Landlords have met their mitigation burden and (ii) proposes to "reduce by amount of rejection damages, subject to modification

upon timely receipt of mitigation information."  The Liquidating Trust alleges that this would reduce Claim No. 4251 to $0.00 and Claim No. 13020 to $22,532.08.  The Liquidating Trust has not explained the legal basis for the proposed reduction of the claims.

12.    A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim."  FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid).  The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case."  *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N. D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554, 557 (5th Cir. 1993)); *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v. United States (In re Caroll),* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992).

13.    "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal."  *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009) (citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re Allegheny International*, Inc., 954 F.2d at 173–74).  In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim."  *Id.* (citing 9 COLLIER ON BANKRUPTCY, "Proof of Claim," ¶ 3001.09[2] (15th ed. rev.)).

14.     The Liquidating Trust contends that the claims must be reduced in accordance with any mitigation of the Landlords' claims.   Under New York State law, a commercial landlord has no obligation whatsoever to mitigate upon termination of a lease.   *Holy Properties, L.P. v. Kenneth Cole Productions, Inc.*, 87 N.Y. 2d 130, 134 (1995).

15.     Nevertheless, if a landlord mitigates its damages, it is entitled to the lesser of its state law claim taking mitigation into account or its rejection damages claim pursuant to § 502(b)(6) without taking mitigation into account.   *See In re Iron-Oak Supply Corp.*, 169 B.R. 414, 420 (Bankr. E.D. Ca. 1994) ("a lessor's allowable damages are the lower of (1) the statutory cap computed in accordance with the ordinary language of *section 502(b)(6)* ignoring mitigation or (2) total rejection damages, which take mitigation into account, available under nonbankruptcy law."); *see also Unsecured Creditors' Comm. Of Highland Superstores v. Strobeck Real Estate* (*In re Highland Superstores*), 154 F.3d 573, 579 (6th Cir. 1998); *In re Shane Co.*, 464 B.R. 32, 37 (Bankr. D. Colo. 2012) (same).

16.     Despite the fact that there is no duty to mitigate in New York, the Landlords exercised diligent efforts to mitigate, including, but not limited to: meeting with various prospective tenants, showing the Premises to prospective tenants, providing lease plans to prospective tenants, conducting lease negotiations with prospective tenants, and ultimately entering into leases for both Premises. *See* the Declaration of William F. Baker, attached hereto as Exhibit "A."

17.     Section 502(b)(6) of the Bankruptcy Code provides that damages due a lessor resulting from the termination of a lease of real property are limited to "the rent reserved by such lease, without acceleration, for the greater of one year or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of . . . " the Petition Date or the date the

lessor repossessed the property or the debtor surrendered the property.   11 U.S.C. § 502(b)(6)(A).

18.     Landlord 1 attached to Claim No. 4251 documentation showing that the amount of its claim represents fifteen percent of the total rent reserved of $12,869,837.54.

19.     Landlord 1 relet the Premises to other tenants.  It has received $236,300.23, less commissions, from its subsequent tenants.  Thus, Landlord 1's state law claim equals total rent due for the remaining term of the lease less $236,300.54, resulting in a claim of $12,633,537.31, plus attorneys' fees.  Landlord 1's bankruptcy capped claim is $1,930,475.63.  As a result, Landlord 1's state law claim amounts to a sum well in excess of its capped claim permitted pursuant to Section 502(b)(6).  Thus, Landlord 1 is entitled to the full amount of its capped § 502(b)(6) claim.

20.     Landlord 2 attached to Claim No. 13020 documentation showing that the amount of the claim represented fifteen percent (15%) of the then calculated total rent reserved of $12,032,159.44.  The actual rent reserved amounts to $12,230,918.34.  Additionally, pre-petition rent of $36,962.83 is due.

21.     Landlord 2 relet Premises 2 to CC Retail, LLC, doing business as Ultimate Electronics, which also filed for bankruptcy protection and is now liquidating under chapter 7 of the Bankruptcy Code.  After considering the costs of reletting, Landlord 2 did not receive any net rent and, in fact, incurred significant expenses in connection with its reletting.

22.     Thus, Landlord 1 and Landlord 2's claims both represent the amounts to which the Landlords are entitled.  Furthermore, the claims fully comply with Section 502(b)(6) of the Bankruptcy Code, and the Liquidating Trust failed to meet its burden of presenting sufficient evidence of a bona fide dispute justifying reduction of either claim.

23.     William F. Baker, Assistant General Counsel with Pyramid Management Group, LLC, and a person having personal knowledge of the relevant facts in the Debtors' and the Landlords' transactions, attests that the amount claimed in Claim No. 4251 is a true and accurate calculation of the amount owed by the Debtor and that Landlord 1's state law claim taking mitigation into account far exceeds its Section 502(b)(6) claim.  Furthermore, Mr. Baker attests that Claim No. 13020 is actually less than the amount Landlord 2 would be entitled to pursuant to Section 502(b)(6).  Notwithstanding this, both Claim No. 13020 and the full amount Landlord 2 would be entitled to claim pursuant to Section 502(b)(6) are less than the amount it would be entitled to under state law.  *See* Exhibit A.

24.     The Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim No. 4251 and Claim No. 13020. The Liquidating Trust's Claim Objection with regard to Claim No. 4251 and Claim No. 13020 should therefore be overruled and the claims should be allowed as filed.

**WHEREFORE,** Landlord 1 and Landlord 2 seek an Order of this Court denying the Liquidating Trust's objection to Claim No. 4251 and Claim No. 13020, allowing Claim No. 4251 and Claim No 13020 as filed, and granting Landlord 1 and Landlord 2 such other and further relief as the Court deems just and proper.

Dated: June 26, 2012

**CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore

By:    Augustus C. Epps, Jr. (VSB 13254)
       Michael D. Mueller (VSB 38216)
       Jennifer M. McLemore (VSB 47164)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

-AND-

Kevin M. Newman
Adam F. Kinney
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:    (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for EklecCo NewCo, L.L.C. &*
*Crossgates Commons NewCo, L.L.C.*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 26th day of June 2012, a true and
correct copy of EcklecCo NewCo, L.L.C. and Crossgataes Commons NewCo, L.L.C.'s Response
to the Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain
Invalid Claims-Mitigation), with attached Exhibit(s), has been served electronically using the
ECF system on all registered users of the CM/ECF system who have filed notices of appearance
in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1286449