William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
**WILLIAMS MULLEN**
200 S. 10th Street, 16th Floor
Post Office Box 1320
Richmond, Virginia  23218-1320
Tel:  804.420.6481
Fax:  804.420.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com
     *Counsel for Abilene-Ridgemont, LLC*

**FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., | ) | |
| et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESPONSE OF ABILENE-RIDGEMONT, LLC TO LIQUIDATING
TRUST'S THIRTY-NINTH OMNIBUS OBJECTION TO  LANDLORD
CLAIMS (REDUCTION OF  CERTAIN INVALID CLAIMS-MITIGATION)
(Claim Nos. 12241 and 14599)**

Abilene-Ridgemont, LLC ("Abilene") hereby files its response (the "Response") to the

Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims (the "Objection").  In the

Objection, the Liquidating Trust asserts that Abilene's Claim Nos. 12241 and 14599 (the "Claims")

filed in the amount of $1,098,291.52 should be reduced and allowed in the sum of $89,632.43.

Abilene opposes the relief sought by the Liquidating Trust in the Objection and asks that the Claim

be allowed in the full amount in which it was filed. In support of its Response, Abilene states the

following:

**BACKGROUND**

1.       On March 31, 2000, the above-captioned debtor and debtor-in-possession

(collectively, "Circuit City") entered into a Lease Agreement (the "Lease") with Lakepointe

Texas Investment Properties, LLC ("Lakepoint"), whereby Lakepoint agreed to lease the

commercial premises located at 4351 Ridgemont Drive, Abilene, Texas 79606 (the "Property")

to the Debtor. A true and accurate copy of the Lease is attached hereto as Exhibit A.

2.      On or about September 25, 2002, Lakepoint sold the Property and assigned the

Lease to Novogroder/Abilene, LLC (the "Novogroder").

3.      On or about September 25, 2002, Novogroder entered into a Loan Agreement (the

"Loan Agreement") with Southern Farm Bureau Life Insurance Company ("Southern Farm").

4.      The amount of Southern Farm's loan was based in large part on the fact that the

Landlord had a long-term lease with Circuit City.

5.      As security for Southern Farm's loan to the Novogroder, Novogroder assigned its

right, title and interest in the Property (the "Assignment") and the Lease to Southern Farm.

6.      On November 10, 2008 (the "Petition Date"), Circuit City filed a petition for

reorganization under Chapter 11 of the Bankruptcy Code and continued the management of its

business and properties as debtor-in possession pursuant to §§ 1107(a) and 1108 of the

Bankruptcy Code.

7.      On January 27, 2009, Novogroder timely filed a general unsecured claim in the

amount of $127,132.75 (the "General Unsecured Claim") for damages from breach of the Lease.

Circuit City designated this claim as "Claim No. 6440."

8.      On or about April 10, 2009, Novogroder filed an amended claim in the amount of

$6,792,167.08, of which $54,959.73 is entitled to administrative priority and $6,737,207.35 is

unsecured.  Circuit City designated this claim as "Claim No. 12241."  Claim No. 12241 was

transferred from Novogroder to Abilene pursuant to the Federal Rules of Bankruptcy Procedure

and applicable Local Rules.

9.      Southern Farm assigned its loan and other loan documents including the

Assignment to Abilene, Southern Farm's subsidiary. Southern Farm is the sole member of

Abilene. Subsequent to the assignment from Southern Farm, Abilene foreclosed on the Property

and its rights to the Lease and collection of rents therein on June 2, 2009.

10.     Abilene filed an amended claim on or about September 9, 2009, which amended

Claim No. 6440, but did not amend Claim No. 12241.  Circuit City designated this claim as

"Claim No. 14599."

11.     On or about September 21, 2009, the Debtors filed their Forty-Second Omnibus

Objection (the "42nd Objection").

12.     The 42nd Objection asserted that Claim No. 6440 was rendered moot and

superseded by Claim No. 12241.  The 42nd Objection sought to disallow Claim No. 6440;

however, pursuant to the Objection, Claim No. 12241 remained in effect and unaffected by the

42nd Objection.

13.     Additionally, as part of the agreement between the Debtors and Abilene to resolve

the 42nd Objection, the unsecured portion of Claim No. 12241 was reduced from $6,737,207.35

to $1,098,291.52, and the administrative portion of the claim was increased from $54,959.73 to

$57,370.55.  The Debtors and Abilene also agreed that claim No. 14599 was duplicative and

should be expunged.

## RESPONSE TO THE OBJECTION

14.     The Objection filed by the Liquidating Trust objects to the Claims and asserts that the Claims should be reduced subject to modification upon timely receipt of mitigation information.

15.     In response, Abilene states that it has met applicable mitigation requirements under Texas law as described below; however, despite its mitigation efforts Abilene failed to find a new tenant for the Property.

**Abilene had no duty to mitigate damages under Texas law.**

16.     First, the Lease is governed under Texas state law. *See* Exhibit A ¶ 40.

17.     Under Texas state law, a landlord of a commercial premises has no duty to mitigate damages where the lease expressly states that there is no duty to mitigate damages. *Austin Hill Country Realty v. Palisades Plaza*, 948 S.W.2d 293, 299 (Tex. 1997) ("We therefore recognize that a landlord has a duty to make reasonable efforts to mitigate damages when the tenant breaches the lease and abandons the property, unless the commercial landlord and tenant contract otherwise."); *see also Brown v. RepublicBank First Nat'l*, 766 S.W.2d 203, 205 (Tex. 1988) ("The courts of this state have adhered to the traditional rule of imposing no duty to mitigate.").

18.     The Lease expressly states that "Landlord shall not have any duty to mitigate its damages hereunder (including, but not limited to, any duty to relet or re-lease The Leased Premises)." *See* Exhibit A ¶ 20(d).

**Abilene took reasonable efforts to relet the Property.**

19.     Despite the fact that it was not required to mitigate its damages, Abilene still undertook reasonable efforts to locate a new tenant for the Property.

20.    Specifically, on May 8, 2009, even before it had foreclosed on the Property, Abilene entered into a contract with a leasing agent, Quine and Associates, to find a new tenant for the Property. Specifically, Jimmy Conine from Quine and Associates (the "Agent") undertook many actions in an attempt to find a new tenant for the Property, including but not limited to the following:

- Coordinated and supervised labor and equipment to clean and repair the Property;

- Repaired and reactivated the alarm system, sprinkler/fire suppression system, and heating and air conditioning system;

- Put up signage advertising the Property;

- Advertised on four leasing websites including Loopnet, Co-star, Excellagent, and Quine;

- Contacted City Development Corporation to advertise the Property;

- Produced flyers which were sent by email and U.S. Mail to targeted recipients;

- Attended four national conventions to advertise the Property;

- Made cold calls to many businesses, including but not limited to retailers, health clubs, bars and restaurants, hospitals and grocery stores; and

- Contacted other commercial realtors.

21.    The Agent advertised and marketed the Property extensively and undertook reasonable efforts to re-let it. Unfortunately, Abilene was unable to find a new tenant.

22.    After more than two and a half years of unsuccessful efforts to find a new tenant, on December 12, 2011, Abilene sold the Property. Abilene lost approximately $1,090,000 in the

5

sale of the Property, exclusive of the expenses Abilene incurred for taxes, insurance, cleanup and

mitigation efforts after the Debtor's rejection of the Lease. If the Debtor had not rejected the

Lease, or if Abilene had been able to relet the Property to another tenant, it's very likely that

Abilene would have kept the Property in its portfolio.

23.    The party with authority to discuss mitigation issues for Abilene is set forth below;

however, the person identified below should only be contacted in the presence of or with the

undersigned counsel of record.

> Philip Hogue
> P.O. Box 78
> Jackson, MS 39205
> (t) 601-981-7422
> (f) 601-321-2941

Contact only in the presence of, or together with:

> W. Alexander Burnett
> Williams Mullen
> 200 South 10th Street, Suite 1600
> Richmond, VA  23219
> (804) 420-6481
> aburnett@williamsmullen.com

WHEREFORE, Abilene-Ridgemont, LLC requests that the Court deny the Liquidating

Trust's Objection and that Claim No. 12241 be allowed by the Court order with $1,098,291.52

allowed as an unsecured claim and $57,370.55 allowed as an administrative claim.

Dated: Richmond, Virginia
       June 26, 2012

Respectfully submitted,

ABILENE-RIDGEMONT, LLC

*/s/ W. Alexander Burnett*
By_____
           Of Counsel

William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
Post Office Box 1320
200 S. 10th Street, 16th Floor (23219)
Richmond, Virginia  23218-1320
Tel:  804.420.6481
Fax:  804.420.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response of Abilene-Ridgemont, LLC to the Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) was filed and served this 26th day of June, 2012, electronically using the Court's ECF System, and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
    *Counsel for the Trustee of the Circuit City Stores*
    *Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
    *Counsel for the Trustee of the Circuit City Stores*
    *Liquidating Trust*

Beth E. Levine
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
36th Floor
New York, NY  10017-2024
    *Counsel for the Trustee of the Circuit City Stores*
    *Liquidating Trust*

*/s/ W. Alexander Burnett*

18446669_3.DOCX