IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| **CIRCUIT CITY STORES, INC.** *et al.*, | ) | Case No. 08-35653-KRH |
|  | ) | **(Jointly Administered)** |
| **Debtors.** | ) |  |
|  | ) |  |

### STATION LANDING LLC'S RESPONSE IN OPPOSITION TO LIQUIDATING TRUST'S FORTY-SECOND OMNIBUS OBJECTION TO LANDLORD CLAIMS

Station Landing LLC ("Station Landing"), by its undersigned counsel, makes this response to the *Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claims* (the "Objection"), as it relates to Station Landing's Claim No. 2901 for lease rejection damages (the "Claim" or "Claim No. 2901"). In support thereof, Station Landing states as follows:

### Background

1. The Claim arises out of a lease of real property in Medford, Massachusetts, where Debtor operated a retail store.

2. The landlord of said property is Station Landing. Station Landing leased the underlying property to Circuit City Stores, Inc. under a written Lease dated October 10, 2006, (the "Lease"). A true and correct copy of the Lease is attached as an Exhibit to Claim No. 2901,

---

William A. Gray, Esquire  (VSB #46911)
Sands Anderson PC
1111 East Main Street, Suite 2300
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)

And

John C. La Liberte, Esquire
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
   *Counsel for Baker Natick Promenade LLC*

Case 08-35653-KRH    Doc 12122    Filed 06/26/12    Entered 06/26/12 15:53:31    Desc
Main Document    Page 2 of 8

which is incorporated herein by reference. A copy of the Lease will be provided upon request. The term of the Lease expired on November 30, 2011.

3. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 10, 2008. At the time of filing, the Debtor had not paid any rent or charges for the month of November, which were due November 1, 2008.

4. The Debtor subsequently rejected the Lease and vacated the premises.

5. On January 2, 2009, Station Landing properly and timely filed Claim No. 2901, asserting an unsecured claim for lease rejection damages in the total amount of $111,926.17. It was assigned Claim No. 2901.

6. On February 27, 2011, the Liquidating Trust filed its *Fifteenth Omnibus Objection to Claims* (the "Fifteenth Objection"). The Trustee proposed in the Fifteenth Objection that Claim No. 2901 should be allowed in the amount of $97,082.06 as a general unsecured claim. Station Landing, based solely on litigation costs, did not oppose this minor objection, and on May 25, 2011, this Court entered an *Order Sustaining the Fifteenth Objection to Claims*, which allowed Claim No. 2901 in the amount of $97,082.06 as a general unsecured claim.

7. On April 23, 2012, the Liquidating Trust filed this Objection, again objecting to Claim No. 2901, but this time asserting that the Claim should be allowed only for the amount of $2,367.86, as an unsecured claim.

8. As an explanation of this latest objection, the Trustee asserts only that Debtors are not liable for the Claim "unless the Claimant at issue has met its applicable mitigation burden."

9. Although the Trustee has not identified what Claimant's "applicable mitigation burden" is, the Lease states that Station Landing agreed to use "reasonable efforts to mitigate its damages" following a default. Circuit City's rejection of the Lease constituted a default.

10. As a threshold matter, the Trustee has failed to overcome the primary validity of the Claim No. 2901 pursuant to *Federal Rule of Bankruptcy Procedure* ("FRBP") 3001(f), which provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 3001(f).

11. As courts have consistently recognized, if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or the invalidity of the claim itself to rebut the presumed validity of the proof of claim. *See e.g., Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640-641 (4th Cir. 2004) ("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the [objecting party] to object to the claim. The [objecting party] must introduce evidence to rebut the claim's presumptive validity."] (internal citations omitted).

12. Here, the Trustee has not offered any evidence to rebut the *prima facie* validity of Station Landing's Claim No. 2901. Accordingly the Objection should be overruled on this ground alone.

13. Instead, the Objection inexplicably seeks to alter the governing burden of proof by demanding that Station Landing (rather than the Trustee) establish the extent to which it has mitigated its damages. The Trustee does not offer any legal (or other) basis for excusing its evidentiary burden regarding mitigated damages under controlling law. Such failure to comply with applicable law provides another independent ground for overruling the Objection.

14. Despite the foregoing, any assertion by the Trustee that Station Landing failed to mitigate its damages is baseless.

15. Attached hereto as Exhibit A is the *Declaration of Donald Morrisey In Support of Response of Station Landing LLC to Liquidating Trustee's Forty-Second Omnibus Objection to Landlord Claims* (the "Declaration") setting out in detail the substantial and significant efforts taken by Station Landing and its agents to re-let and/or sell this property. The content of this Declaration is incorporated by reference as if fully set out herein.

16. As more fully described in the Declaration, Station Landing substantially exceeded its "applicable mitigation burden." As such, the Objection to Claim No. 2901 should be dismissed or denied in its entirety.

17. Addresses for notices: all communications involving this claim or the objection should be directed to counsel below.

WHEREFORE, Station Landing respectfully requests (i) that the *Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claims* concerning Claim No. 2901 be dismissed or denied in its entirety; (ii) that Station Landing's lease rejection claim (Claim No. 2901) be allowed in the amount of $97,082.06 as an unsecured claim; and (iii) that Station Landing have such other and further relief as it may be entitled.

Dated: June 26, 2012                     Respectfully Submitted,

/s/ William A. Gray, Esquire
William A. Gray, Esquire  (VSB #46911)
SANDS ANDERSON PC
1111 East Main Street, Suite 2300
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:     (804) 783-7291

And

John C. La Liberte, Esquire
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Phone: (617) 646-2000
Fax: (617) 646-2222
*Counsel for Station Landing LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2012, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to the following:

| | |
|---|---|
| TAVENNER & BERAN<br>Lynn L. Tavenner<br>Paula S. Beran<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219 | PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, New York 10017 | |

*/s/ William A. Gray*

- 5 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CIRCUIT CITY STORES, INC.** *et al.*, | ) | **Case No. 08-35653-KRH** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |

## DECLARATION IN SUPPORT OF RESPONSE OF STATION LANDING LLC TO LIQUIDATING TRUSUTEE'S FORTY-SECOND OMNIBUS OBJECTION TO LANDLORD CLAIMS

I, Donald Morrisey, do hereby declare:

1.  I am Senior Vice-President of National Development Asset Management of New England Limited Partnership ("National Development") of Newton Lower Falls, Massachusetts, which manages the Stations Landing Shopping Center located in Medford, Massachusetts, that at all relevant times discussed in this Declaration was owned by Station Landing, LLC ("Station Landing") and in which Circuit City Stores, Inc. ("CC" or the "Debtor") was a tenant. I am familiar with the matters set forth herein and if called upon could competently testify thereto.

2.  During the relevant time period, Station Landing owned the real estate commonly known as Station Landing located at Routes 16 and 28, Medford, Massachusetts, which includes premises consisting of approximately 2,548 sq. ft. in which Circuit City operated a retail store (hereinafter the "Premises"). The Premises were leased to CC originally by Station Landing, as landlord pursuant to a lease dated October 10, 2006 (the "Lease"). The Lease had a remaining term that was due to expire on November 30, 2011.

00424403.DOCX/

3. After the rejection of the Lease of the Premises by the Debtor on or about March 10, 2010, National Development began its efforts to find a substitute tenant for the space previously occupied by CC.

4. Based on these efforts, Station Landing was able to enter into a lease for the premises previously occupied by CC with Mass Burgers Medford, LLC on October 26, 2010. The lease has a term of ten years which commenced on 5/5/2011. The lease term expires on 5/31/2021. The lease provides for base rent during the first five (5) years at $38 per foot, with the remaining five (5) years at a base rent of $42.55 per foot. In addition, the tenant is responsible for common area maintenance charges, insurance, and property taxes.

5. The revenues collected under the Mass Burgers Medford LLC lease from its commencement on 5/5/2011 through 11/30/2011, the end of the term of the CC lease, totaled $13,710.

6. However, in entering into the Mass Burgers Medford LLC lease, Station Landing provided tenant improvements to Mass Burgers Medford LLC totaling $416,103. This amount includes make-ready costs incurred in removing items left by CC and repairing the premises after the CC occupancy had terminated. In addition, Station Landing paid a real estate commission to R.M. Gallivan of $25,000, Atlantic Retail Property of $12,780, and legal fees of $18,195 for their work in obtaining the Mass Burgers Medford LLC_lease. Thus, Station Landing had no net mitigation recovery as a result of the Mass Burgers Medford LLC lease after deducting these expenses.

I declare, in my capacity as an officer of National Development, under penalty of perjury that the foregoing is true and correct. Executed this 25th date of June, 2012, at Newton Lower Falls, Massachusetts.

_____
Donald B. Mann
Senior Vice President

00424403.DOCX/