William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6489
Facsimile: (804) 420-6507
Email: tschwarz@williamsmullen.com

*Counsel for National Western Life Insurance Company*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Chapter 11 |
| ) | |
| ) | Case No. 08-35653 (KRH) |
| Debtors. ) | |
| ) | (Jointly Administered) |

### NATIONAL WESTERN LIFE INSURANCE COMPANY'S RESPONSE TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS – MITIGATION) CLAIM NOS. 7,951 AND 8,136

National Western Life Insurance Company ("National Western"), in response to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation) ("Objection to Claims"), makes the following response (this "Response"):

**Summary of this Response**

1. The Liquidating Trust's Objection to Claims with respect to Claim No. 7,951 ("Claim No. 7,951") and Claim No. 8,136 ("Claim No. 8,136", together with Claim No. 7,951,

282386.2

the "Claims") in the name of National Western should be denied. The lease entered into between Circuit City Stores, Inc. ("Circuit City") and CC Ft. Smith Investors 1998, L.L.C. (the "Landlord") with respect to Circuit City's Ft. Smith facility (the "Ft. Smith Lease Agreement") expressly provides that the landlord thereunder has no duty to mitigate. *See* Exhibit 1 ¶ 20, pg. 35. Further, under applicable state law, the Landlord has no duty to mitigate damages. Lastly, the Liquidating Trust has failed in its burden to show that the Landlord failed to mitigate.

**Background of Claims Filing and Interest of National Western**

***Claim No. 7,951 filed by National Western; Circuit City store in Ft. Smith Arkansas***

2.  Claim No. 7,951 arises out of the Ft. Smith Lease Agreement, a copy of which is attached hereto as <u>Exhibit 1</u>.

3.  The Landlord executed a Collateral Assignment of Leases and Agreement in which it assigned to National Western the rents to which it was entitled pursuant to the Lease Agreement (the "Ft. Smith Assignment of Rents"). A copy of the Assignment of Rents was attached to Claim No. 7,951.

***Claim No. 8,136 filed by National Western and Claim No. 11,937 filed by Landman Schwartz; Circuit City store in Steubenville, Ohio***

4.  Claim No. 8,136 arises out of a certain Lease Agreement and Assignment between Circuit City and Anna Schwartz, Zoltan Schwartz, Deborah Landman and Eli Landman (collectively, "Landman Schwartz") regarding Circuit City's facility in Steubenville, Ohio (the "Steubenville Lease Agreement". A copy of that Steubenville Lease Agreementis attached to and incorporated by reference in Proof of Claim No. 11,937 filed by Landman Schwartz ("Claim No. 11,937").

5.  Landman Schwartz executed a Collateral Assignment of Rents, Income and Profits to National Western in which it assigned to National Western the rents to which it was

entitled pursuant to the Steubenville Lease Agreement (the "Steubenville Assignment of Rents"). The Steubenville Assignment of Rents is attached to and incorporated by reference in Clam No. 8,136.

6. Both Claim No. 11,937 filed by Landman Schwartz and Claim No. 8,136 filed by National Western arise out of the Circuit City rejection of Steubenville Lease Agreementpursuant to 11 U.S.C. §365 and are duplicative.

***National Western's Response to Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims of Certain Invalid Claim – Mitigation Claim Nos. 11,937 and 8,136***

7. National Western in its *Response to Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims of Certain Invalid Claims – Mitigation Claim Nos. 11,937 and 8,136* responded to the Liquidating Trust's claims of failure to mitigate with respect to the Steubenville, Ohio property under the Landman Schwartz Lease Agreement, which are raised in the *Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims of Certain Invalid Claims – Mitigation.* National Western incorporates by reference herein and attaches as Exhibit 2 the separately filed *National Western Life Insurance Company's Response to Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims of Certain Invalid Claims – Mitigation Claim Nos. 11,937 and 8,136.*

**Burden of Proof**

8. Bankruptcy claims are presumptively valid under federal law. 11 U.S.C. § 502; *see* Fed. R. Bankr. P. 3001(f); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994). Federal law provides that a "proof of claim . . . shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001 (f).

9. A proof of claim remains presumptively valid unless the objection is supported by substantial evidence. *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d

3

915, 925 (1st Cir. 1993), *cert. denied*, 510 U.S. 914 (1993). A proof of claim prevails over a merely formal objection without more. *Lundell v. Anchor Construction Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000).

10. To defeat the claim, the objecting party must present sufficient evidence by "show[ing] facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Id.* (citation omitted).

11. National Western's claims seek no more than the statutory cap permitted by 11 U.S.C. § 502(b)(6). The Liquidating Trust's only assertion is that the Landlord failed to provide evidence that it had mitigated its lease rejection damages. *See Notice and Objection to Claim – Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* at ¶ 24-26.

**Choice of Law**

12. In bankruptcy cases, state law determines whether landlords have properly mitigated damages. *In re Merry-Go-Round Enterprises*, 241 B.R. 124, 131 (Bankr. D. Md. 1999) (citing *Butner v. United States*, 440 U.S. 48 (1979)).

13. When the leased property is in another state, the Fourth Circuit looks to the law of the state where the leased property is located to determine whether the bankruptcy claim is subject to the duty to mitigate damages. *In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 162 (4th Cir. 1999) (applying Florida law to determine whether claimant had duty to mitigate). Thus, Arkansas law applies to the Liquidating Trust's Objection to Claims on this Lease Agreement[1].

---

[1] *National Western Life Insurance Company's Response to Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims of Certain Invalid Claims – Mitigation Claim Nos. 11,937 and 8,136* addresses Ohio law, and the mitigation objections contained in the Liquidating Trust's Forty-First Omnibus Objection and those arguments evidence contained in that response are incorporated herein by reference and attached as Exhibit 2.

**Mitigation in Arkansas**

14. **Landlord has no duty to mitigate damages.** In Arkansas, a landlord has no duty to reduce damages caused by a tenant's breach; rather, a landlord has three options when the tenant breaches: it may 1) refuse to accept abandonment, let the premises lie idle, and sue the tenants as the rent matures; 2) accept the keys as a surrender of possession, thereby terminating the lease and reenter on its own account; or 3) reenter and relet for the tenant's account and hold the tenant liable for any difference in the agreed rent and that of the new tenant. *Weingarten/Arkansas, Inc. v. ABC Interstate Theatres, Inc.*, 811 S.W.2d 295, 297 (Ark. 1991).

15. Arkansas courts first declared that a landlord has no duty to mitigate in 1928. *Grayson v. Mixon*, 5 S.W.2d 312, 314 (Ark. 1928). That decision was affirmed in 1934. *Browne v. Dugan*, 74 S.W.2d 640 (Ark. 1934). Because these decisions have never been overturned, the objection to the validity of the amount of Claim No. 7,951 has no merit.

16. Affirming that an Arkansas landlord has no duty to mitigate, one court allowed a landlord to recover the full value of future rents due because the landlord did not reenter and relet the property. *Advance Food Services, Inc. v. Cooper Realty Investments, Inc.*, 2002 WL 31019349 (Ark. Ct. App. Sept. 11, 2002). The court indicated that, should a landlord reenter and relet the premises, the recovery would be reduced by the reasonable rental value of the premises. *Id.* Thus, the only circumstance in which National Western's Claims should be reduced is if the property were leased after the Debtors' bankruptcy. Because the subject property has remained vacant, any argument that National Western's Claims should be reduced fails under established Arkansas law.

17. **National Western's claim should not be reduced.** Because Arkansas law places no duty on a landlord to mitigate damages, the Liquidating Trust's objection with respect to the

5

Fort Smith property subject to the Ft. Smith Lease Agreement should fail and the full amount of the claim should be allowed. Even if Arkansas law were to place a duty on the landlord to mitigate damages, the Liquidating Trust has produced no evidence of such failure to mitigate.

18.  By contract, the parties agreed that National Western had no obligation to mitigate its damages. *See* Exhibit 1 ¶ 20 pg. 35.

19.  National Western has met all applicable mitigation requirements under Arkansas law. More specifically, National Western and the Landlord had no duty to mitigate damages under Arkansas law and National Western's claim for damages should not be reduced because: (i) by contract the parties agreed there was no obligation to mitigate; (ii) under Arkansas law, the Landlord has no duty to mitigate damages; and (iii) Circuit City has failed to produce any relevant evidence on failure to mitigate.

20.  After Circuit City rejected the Ft. Smith Lease Agreement, the Landlord did not pay their financial obligations to National Western and the property subject to the Ft. Smith Lease Agreement was left idle. National Western has exercised its rights under the Ft. Smith Assignment of Rents and is entitled to the rentals Circuit City was required to pay including the sums described in Claim No. 7,951.

21.  The name, address, telephone number and facsimile of the person with authority to discuss mitigation issues on the National Western's behalf is set forth below. The person identified below should only be contacted in the presence of or with the undersigned counsel of record.

        Charles D. Milos
        National Western Life Insurance Company
        2302 Post Office St.
        Suite 702
        Galveston, TX  77550
        Telephone: (409) 763-6461

Contact only in the presence of, or together with:

William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6489
Facsimile: (804) 420-6507
Email: tschwarz@williamsmullen.com

## PRAYER

WHEREFORE, National Western respectfully requests that the Court (i) enter an Order DENYING the Liquidating Trust's Forty-First Omnibus Objection to the Landlord Claim Nos. 7,951 and 8,136, (ii) approve the Claims as payable to National Western, and that any payment made based on Claim No. 11,937 shall be considered to be a payment of Claim No. 8,136 filed by National Western and (iii) granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
June 26, 2012

                              NATIONAL WESTERN LIFE INSURANCE
                              COMPANY


                              By:   /s/ W. Alexander Burnett
                                         Counsel

William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6489
Facsimile: (804) 420-6507
Email: tschwarz@williamsmullen.com

*Counsel for National Western Life Insurance Company*

8

STATE OF TEXAS

COUNTY OF GALVESTON

BEFORE ME, the undersigned Notary Public, on this day personally appeared Charles D. Milos, known to me to be the person whose name is subscribed herein, and who, being by me duly sworn on oath deposed and said that he has read the above and foregoing document and that the facts stated therein are within his personal knowledge and are true and correct.

Charles D. Milos

SUBSCRIBED AND SWORN TO BEFORE ME on this 22nd day of June, 2012, to certify which witness my hand and official seal.

Notary Public in and for the State of Texas

Charlene R. Watts
Commission Expires
06-01-2016

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response of National Western Life Insurance Company in response to the Liquidating Trust's Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation) was filed and served this 26th day of June, 2012, electronically using the Court's ECF System, and was sent by first class mail, postage prepaid, and facsimile to the entities at the addresses indicated below:

> Lynn L. Tavenner, Esq.
> Paula S. Beran, Esq.
> Tavenner & Beran, PLC
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia 23219
> FAX: 804-783-0178
> > *Counsel for the Trustee of the Circuit City Stores Liquidating Trust*
>
> Jeffrey N. Pomerantz, Esq.
> Andrew W. Caine, Esq.
> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Boulevard, 11th Floor
> Los Angeles, CA 90067-4100
> FAX: 310-201-0760
> > *Counsel for the Trustee of the Circuit City Stores Liquidating Trust*

*/s/ W. Alexander Burnett*

18484677_2.DOC