William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6489
Facsimile: (804) 420-6507
Email: tschwarz@williamsmullen.com

*Counsel for National Western Life Insurance Company*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Chapter 11 |
| ) | |
| ) | Case No. 08-35653 (KRH) |
| Debtors. ) | |
| ) | (Jointly Administered) |

**NATIONAL WESTERN LIFE INSURANCE COMPANY'S RESPONSE TO
LIQUIDATING TRUST'S THIRTY-NINTH OMNIBUS OBJECTION TO LANDLORD
CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS – MITIGATION)
<u>CLAIM NOS. 11,937 AND 8,136</u>**

National Western Life Insurance Company ("National Western"), in response to the Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation) ("Objection to Claims"), makes the following response (this "Response"):

**Summary of this Response**

1.     The Liquidating Trust's Objection to Claims with respect to Claim No. 11,937 ("Claim No. 11,937") in the name of Anna Schwartz, Zoltan Schwartz, Deborah Landman and

282422.2

Eli Landman (collectively, "Landman Schwartz") and Claim No. 8,136 ("Claim No. 8,136", together with Claim No. 11,937, the "Claims") in the name of National Western should be denied. That certain Lease Agreement and Assignment entered into between Circuit City Stores, Inc. ("Circuit City") and Landman Schwartz (the "Lease Agreement") expressly provides that the landlord thereunder has no duty to mitigate. Further, the Liquidating Trust has failed in its burden to show that Landman Schwartz, as the landlord under the Lease Agreement (the "Landlord"), failed to mitigate. The Landlord has used reasonable efforts to mitigate.

**Background of Claims Filing and Interest of National Western**

2.     Claim No. 11,937 was filed in the name of Landman Schwartz and has been conveyed to National Western.

3.     Circuit City entered into the Lease Agreement with Landman Schwartz regarding its facility in Steubenville, Ohio. A copy of the Lease Agreement is attached to and incorporated by reference in Claim No. 11,937 filed by Landman Schwartz.

4.     Contemporaneous with National Western's extension of credit to Landman Schwartz in connection with the property that is subject to the Lease Agreement, Landman Schwartz executed a Collateral Assignment of Rents, Income and Profits to National Western in which it assigned to National Western the rents to which it was entitled pursuant to the Lease Agreement (the "Assignment of Rents"). The Assignment of Rents is attached to and incorporated by reference in Claim No. 8,136 filed by National Western.

5.     Circuit City was given notice of the Assignment of Rents by letter dated March 28, 2000.

6. National Western filed Claim No. 8,136 and Landman Schwartz filed Claim No. 11,937. The Claims, while varying in items of damage being claimed, are claims arising out of the Lease Agreement and rejection of the same pursuant to 11 U.S.C. §365.

7. After the Claims of Landman Schwartz and National Western were filed, Landman Schwartz and National Western entered into a Deed in Lieu of Foreclosure, a copy of which is attached hereto as Exhibit 1 (the "Deed in Lieu").

8. Under the terms of the Assignment of Rents and the Deed in Lieu, National Western is entitled to the proceeds of any payments to which Landman Schwartz would be entitled to relating to Claim No. 11,937. *See* ¶ 8 of the Deed in Lieu.

**Burden of Proof**

9. Bankruptcy claims are presumptively valid under federal law. 11 U.S.C. § 502; *see* Fed. R. Bankr. P. 3001(f); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994). Federal law provides that a "proof of claim . . . shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001 (f).

10. A proof of claim remains presumptively valid unless the objection is supported by substantial evidence. *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993), *cert. denied*, 510 U.S. 914 (1993). A proof of claim prevails over a merely formal objection without more. *Lundell v. Anchor Construction Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000).

11. To defeat the claim, the objecting party must present sufficient evidence by "show[ing] facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Id.* (citation omitted).

12. The Claims seek no more than the statutory cap permitted by 11 U.S.C. § 502(b)(6). The Liquidating Trust's only assertion is that the Landlord failed to provide evidence that it had mitigated its lease rejection damages. *See Notice and Objection to Claim – Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* at ¶ 24-26.

**Choice of Law**

13. In bankruptcy cases, state law determines whether landlords have properly mitigated damages. *In re Merry-Go-Round Enterprises*, 241 B.R. 124, 131 (Bankr. D. Md. 1999) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)).

14. When the leased property is in another state, the Fourth Circuit looks to the law of the state where the leased property is located to determine whether the bankruptcy claim is subject to the duty to mitigate damages. *In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 162 (4th Cir. 1999) (applying Florida law to determine whether claimant had duty to mitigate). Thus, Ohio law applies to the Liquidating Trust's Objection to the Claims with respect to the Lease Agreement.

**Mitigation in Ohio**

15. By contract, the parties agreed that National Western had no obligation to mitigate its damages. *See* ¶ 20 on page 35 of the Lease Agreement.

16. Even if this contract provision is ignored, the Liquidating Trust must prove failure to mitigate. In Ohio, the failure to mitigate damages is an affirmative defense. *Young v. Frank's Nursery & Crafts, Inc.*, 569 N.E.2d 1034, 1037 (Ohio 1991) (breach of sales contract); *Hines v. Riley*, 717 N.E.2d 1133, 1135-36 (Ohio Ct. App. 1998) (breach of lease contract). While Ohio landlords owe a duty to mitigate their damages, *Dennis v. Morgan*, 732 N.E.2d 391, 394 (Ohio

4

2000), the burden of proving an affirmative defense generally lies with the party asserting the defense. *Hines*, 717 N.E.2d at 1136.

17. Ohio courts place the burden of proving failure to mitigate on the breaching tenant. *Hines*, 717 N.E.2d at 1136; *Blake Homes, Ltd. v. FirstEnergy Corp.*, 877 N.E.2d 1041, 1050 (Ohio Ct. App. 2007); *Inverness Gardens, L.L.C. v. Fish*, 2007 WL 2351004 (Ohio Ct. App. Aug. 20, 2007); *Zunshine v. Wallace F. Ackley Co.*, 2000 WL 329008 (Ohio Ct. App. March 30, 2000); *but see Manor Park Apartments v. Delfosse*, 2006 WL 3772214 (Ohio Ct. App. 2006). Under the majority approach in Ohio, the liquidating trust must prove a failure to mitigate damages.

18. Ohio law requires landlords to "make reasonable efforts" to re-let the leased premises. *Id.* A landlord is not required to use extraordinary efforts to find a new tenant or attempt the unreasonable or impracticable." *Hines*, 717 N.E.2d at 1136 (citation omitted).

19. Whether a landlord's efforts to mitigate damages are "reasonable" is an issue for the trier of fact. *Frenchtown Square Partnership v. Lemstone, Inc.*, 791 N.E.2d 417, 421 (Ohio 2003); *May v. Petrick*, 2010 WL 1452604 (Ohio Ct. App. April 8, 2010). In this case, the objector produced no evidence regarding the insufficiency of landlord's mitigation efforts or that additional efforts would have resulted in a new tenancy. Because the objector produced nothing more than simple conclusory allegations, the presumption of the validity of the claims should not be disturbed.

20. The Landlord did use "reasonable efforts" to mitigate its damages. The duty to mitigate does not require a landlord to offer the lease at an unreasonably lower rental price in order to acquire a new tenant. *Thomas & Kline Realty Co. v. Rogers*, 2005 WL 2266603 (Ohio Ct. App. Sept. 2, 2005). Listing the property with a reputable commercial real estate brokerage

firm counts as "reasonable" in Ohio, even if the firm is unsuccessful in acquiring a new tenant. *Id.*; *UAP-Columbus JV326132 v. O. Valeria Stores, Inc.*, 2005 WL 2266603 (Ohio Ct. App. Feb. 14, 2008).

21. Landman Schwartz and National Western have met applicable mitigation requirements under Ohio law by attempting to relet the space as described below; however, they have been unsuccessful in reletting the subject property despite these efforts. The Claims should not be reduced because: (i) by contract the parties agreed there was no obligation to mitigate; (ii) Circuit City has offered no evidence that Landman Schwartz or National Western did not act reasonably; and (iii) the Landlord has acted reasonably in attempting to mitigate damages.

22. A reputable broker has taken reasonable steps to market the subject property. In further support of this fact, this Response incorporates by reference the affidavit of Anthony Guida (the "Realtor"), a copy of which is attached as Exhibit 2, which further establishes that the Landlord timely hired the services of the Realtor who has extensive experience in marketing this type of realty. The Realtor has made and continues to make efforts to market the subject property. However, as the affidavit establishes, because of its location and design for use by a large anchor tenant, the property has been difficult to market. Further, the economic factors have not been favorable to merchants who can utilize this type of property. As the affidavit further describes, the property has been advertised in multiple forums which are used and visited by other realtors and companies who are interested in this type of property. These forums are ones that are used by real estate professionals in marketing this type of property and were targeted at local and national tenants and realtors.

23. The name, address, telephone number and facsimile of the person with authority to discuss mitigation issues on the National Western's behalf is set forth below. The person

identified below should only be contacted in the presence of or with the undersigned counsel of record.

        Charles D. Milos
        National Western Life Insurance Company
        2302 Post Office St.
        Suite 702
        Galveston, TX  77550
        Telephone: (409) 763-6461

Contact only in the presence of, or together with:

William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone:  (804) 420-6489
Facsimile:  (804) 420-6507
Email:  tschwarz@williamsmullen.com

## PRAYER

WHEREFORE, National Western respectfully requests that the Court (i) enter an Order DENYING the Liquidating Trust's Thirty-Ninth Omnibus Objection to the Landlord Claim Nos. 11,937 and 8,136, (ii) approve the Claims as payable to National Western, and that any payment made based on Claim No. 11,937 shall be considered to be a payment of Claim No. 8,136 filed by National Western and (iii) grant such other and further relief as the Court deems appropriate.

7

Dated: Richmond, Virginia
June 26, 2012

          NATIONAL WESTERN LIFE INSURANCE COMPANY

          By: /s/ W. Alexander Burnett
               Counsel

William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6489
Facsimile: (804) 420-6507
Email: tschwarz@williamsmullen.com

*Counsel for National Western Life Insurance Company*

STATE OF TEXAS

COUNTY OF GALVESTON

BEFORE ME, the undersigned Notary Public, on this day personally appeared Charles D. Milos, known to me to be the person whose name is subscribed herein, and who, being by me duly sworn on oath deposed and said that she has read the above and foregoing document and that the facts stated therein are within her personal knowledge and are true and correct.

_____
Charles D. Milos

SUBSCRIBED AND SWORN TO BEFORE ME on this 21st day of June, 2012, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

Charlene R. Watts
Commission Expires
06-01-2016

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response of National Western Life Insurance Company to the Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation) was filed and served this 26th day of June, 2012, electronically using the Court's ECF System, and was sent by first class mail, postage prepaid, and facsimile to the entities at the addresses indicated below:

>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>Tavenner & Beran, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>FAX: 804-783-0178
>>*Counsel for the Trustee of the Circuit City Stores Liquidating Trust*

>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>Pachulski Stang Ziehl & Jones LLP
>10100 Santa Monica Boulevard, 11th Floor
>Los Angeles, CA 90067-4100
>FAX: 310-201-0760
>>*Counsel for the Trustee of the Circuit City Stores Liquidating Trust*

/s/ W. Alexander Burnett
_____

18484728_4.DOC