William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6489
Facsimile: (804) 420-6507
Email: tschwarz@williamsmullen.com

*Counsel for American National Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| | ) Case No. 08-35653 (KRH) |
| Debtors. | ) |
| | ) (Jointly Administered) |

**AMERICAN NATIONAL INSURANCE COMPANY'S RESPONSE TO LIQUIDATING TRUST'S FORTY-SECOND OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS – MITIGATION)**
**Claim No. 5559**

American National Insurance Company ("American National"), in response to the Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation), (herein "Objection to Claim") makes the following response:

**Summary of Response**

1. The Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claim No. 5559 ("Claim") in the name of Southwinds Ltd. ("Southwinds") should be denied. The underlying lease supporting the Claim ("Lease Agreement") expressly provides that the landlord

has no duty to mitigate. Additionally, under New York law, landlords are under no duty to mitigate damages when the terms of the lease do not indicate otherwise.

### Background of Claims Filing and Interest of American National

2. On March 1, 1995, Circuit City entered into the Lease Agreement with Kimberly Glaser regarding the facility in Rochester, New York commonly known as 1575 Marketplace Drive ("Property"). A copy of the Lease Agreement is attached to and incorporated by reference in Proof of Claim No. 5559 filed by Southwinds.

3. Southwinds then purchased the Property from Kimberly Glaser on December 21, 2004 and on February 3, 2005 the Lease Agreement was assigned to Southwinds ("Lease Assignment"). See Exhibit A.

4. On August 19, 2010, Southwinds assigned to American National its Claim in the Circuit City Bankruptcy ("Claim Assignment"). See Exhibit B.

5. Southwinds filed its Proof of Claim (Claim No. 5559) on January 23, 2009.

6. American National filed its Transfer of Claim Other Than for Security on June 22, 2012 pursuant to Rule 3001(e)(2), Fed. R. Bank. P.

7. Under the terms of the Claim Assignment, American National is entitled to the proceeds of any payments to which Southwinds would be entitled to relating to its Proof of Claim No. 5559.

### Burden of Proof

8. Bankruptcy claims are presumptively valid under federal law. 11 U.S.C. § 502; *see* Fed. R. Bankr. P. 3001(f); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994). Federal law provides that a "proof of claim...shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001 (f).

9. A proof of claim remains presumptively valid unless the objection is supported by substantial evidence. *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993), *cert. denied*, 510 U.S. 914 (1993). A proof of claim prevails over a merely formal objection without more. *Lundell v. Anchor Construction Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000).

10. To defeat the claim, the objecting party must present sufficient evidence by "show[ing] facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Id.* (citation omitted).

11. American National's claim seeks no more than the statutory cap permitted by 11 U.S.C. § 502(b)(6). The Liquidating Trust's only assertion is that Landlord failed to provide evidence that it had mitigated its lease rejection damages. *See* Notice and Objection to Claim – *Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* at ¶ 24-26.

## Choice of Law

12. In bankruptcy cases, state law determines whether landlords have properly mitigated damages. *In re Merry-Go-Round Enterprises*, 241 B.R. 124, 131 (Bankr. D. Md. 1999) (citing *Butner v. United States*, 440 U.S. 48 (1979)).

13. When the leased property is in another state, the Fourth Circuit looks to the law of the state where the leased property is located to determine whether the bankruptcy claim is subject to the duty to mitigate damages. *In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 162 (4th Cir. 1999) (applying Florida law to determine whether claimant had duty to mitigate). Thus, New York law applies to the Liquidating Trust's Objection to the Claims on this Lease Agreement.

**Mitigation under New York law**

14. By contract, the parties agreed that Southwinds had no obligation to mitigate its damages. *See* Exhibit A.

15. Additionally, New York Court of Appeals has refused to recognize a landlord's duty to mitigate in a commercial lease as well as a residential lease where the terms of the lease do not indicate otherwise. *Holy Properties Ltd., L.P. v. Kenneth Cole Prods., Inc.*, 87 N.Y.2d 130, 637 N.Y.S.2d 964, 661 N.E.2d 694 (N.Y. 1995). *Rios v. Carillo*, 861 N.Y.S.2d 129, 130 (N.Y.2008).

16. American National and Southwinds met all applicable mitigation requirements under New York law. More specifically, American National and Southwinds, as the landlord of the Property, had no duty to mitigate its damages and therefore Southwind's Claim, which is assigned in whole to American National, should not be reduced because:

- By contract the parties agreed there was no obligation to mitigate on behalf of the landlord; and

- Under New York state law there is no duty to mitigate on behalf of the landlord.

- Circuit City has failed to produce any relevant evidence of a failure to mitigate;

17. The name, address, telephone number and facsimile of the person with authority to discuss mitigation issues on the American National's behalf is set forth below. The person identified below should only be contacted in the presence of or with the undersigned counsel of record.

        Mr. Robert Kirchner
        Vice President
        American National Insurance Company
        2525 South Shore Blvd., Suite 207
        League City, Texas 77573
        (409) 763-4661

      Contact only in the presence of, or together with:

      William H. Schwarzschild, III, Esq. - VSB No. 15274
      W. Alexander Burnett, Esq. – VSB No. 68000
      Williams Mullen
      Williams Mullen Center
      200 South 10th St., Suite 1600
      Richmond, VA 23219
      Telephone:  (804) 420-6489
      Facsimile:  (804) 420-6507
      Email:  tschwarz@williamsmullen.com

## PRAYER

WHEREFORE American National respectfully requests that the Court enter an Order DENYING the Liquidating Trust's Forty-Second Omnibus Objection to the Landlord Claim No. 5559 and approve the claim amount as stated in the proof of claim, payable to American National, and any other further relief as the Court deems appropriate.

Dated: Richmond, Virginia
June 26, 2012

      AMERICAN NATIONAL INSURANCE COMPANY

          */s/ W. Alexander Burnett*
      By:_____
              Counsel

William H. Schwarzschild, III, Esq. - VSB No. 15274
W. Alexander Burnett, Esq. – VSB No. 68000
Williams Mullen
Williams Mullen Center
200 South 10th St., Suite 1600
Richmond, VA 23219
Telephone:  (804) 420-6489
Facsimile:  (804) 420-6507
Email:  tschwarz@williamsmullen.com
*Counsel for American National Insurance Company*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing Response of American National Insurance Company to the Liquidating Trust's Forty-Second Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims – Mitigation) was filed and served this 26th day of June, 2012, electronically using the Court's ECF System, and was sent by first class mail, postage prepaid, and facsimile to the entities at the addresses indicated below:

> Lynn L. Tavenner, Esq.
> Paula S. Beran, Esq.
> Tavenner & Beran, PLC
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia 23219
> FAX: 804-783-0178
> > *Counsel for the Trustee of the Circuit City Stores*
> > *Liquidating Trust*

> Jeffrey N. Pomerantz, Esq.
> Andrew W. Caine, Esq.
> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Boulevard, 11th Floor
> Los Angeles, CA 90067-4100
> FAX: 310-201-0760
> > *Counsel for the Trustee of the Circuit City Stores*
> > *Liquidating Trust*

                                             */s/ W. Alexander Burnett*