IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | |
| | ) | Case No. 08-35653 - KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ | ) | |

**DEV LIMITED PARTNERSHIP'S OPPOSITION TO THE LIQUIDATING
TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN INVALID CLAIMS – MITIGATION)**

Comes now DEV Limited Partnership ("DEV" or "Landlord"), by the undersigned counsel, and does hereby file its opposition to *Liquidating Trustee's Fortieth Omnibus Objection to Landlord Claims* (*Reduction of Certain Invalid Claims – Mitigation* (the "Objection"), and in support thereof alleges as follows:

1. On November 10, 2008 (the "Petition Date") Circuit City Stores, Inc. (the "Debtor"), and certain affiliated entities, filed voluntary petitions pursuant to Chapter 11 of Title 11 of the United States Code. (the "Petition Date").

2. Landlord and the Debtor are parties to a lease agreement (the "Lease"), dated October 15, 2004, for commercial property located in Houston, Texas (the "Premises").

3. On or about April 29, 2009, the Landlord filed its claim subject to the Objection (the "Claim"). The Debtor's claims agent has assigned Claim No. 12419 to the Claim.

---

William A. Gray, Esquire (VSB No. 46911)
Eric C. Howlett, Esquire (VSB No. 82237)
Sands Anderson PC
1111 E. Main Street, Suite 2400
Post Office Box 1998
Richmond, Virginia   23219
804-648-1636 (office)
804-783-7291 (fax)
bgray@sandsanderson.com
ehowlett@sandsanderson.com
  *Counsel for DEV Limited Partnership*

4. The Claim sets forth in detail the amount claimed by Landlord as a result of Debtor's defaults of the Lease, and lease rejection damages (the "Claim Amount").  Notably, for lease rejection damages, DEV capped its damages pursuant to 11 U.S.C. § 502(b)(6)(A).  On information and belief, Debtor has a copy of the Lease, which is voluminous.  However, if requested, a copy will be made available to Debtor.

5. On April 20, 2012, the Objection was filed.  The Objection asserts the claim should be "reduced by amount of rejection damages, subject to modification upon timely receipt of mitigation information."

## Opposition to Objection

6. Initially, the Objection should be overruled because the Trustee has failed to overcome the primary validity of the Claim.  *Federal Rule of Bankruptcy Procedure* 3001(f) provides: "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."  FRBP 3001(f).

7. Courts have consistently recognized that if a party in interest objects to a claim, the objecting party has the burden to introduce evidence regarding the excessiveness of the amount or invalidity of the claim to rebut the presumed validity.  *See*, e.g., *Stancil v. Hartford Sands, Inc., (In re Hartford Sands Inc.)*, 372 F. 3d 637, 640-41 (4th Cir. 2004).

8. Here, the Liquidating Trustee has the burden to introduce evidence to rebut the Claim's presumptive validity.  However, the Liquidating Trustee has not offered evidence to rebut the *prima facie* validity of DEV's Claim, and as such the Objection should be overruled.

9. Additionally, DEV's claim is based on the statutory damages cap of 11 U.S.C. §502 (b)(6). Said statute "is devoid of any reference to—or even logical suggestion of — taking

2

mitigation into account in calculating the damages cap under § 502(b)(6)." *In re: Shane Co.*, 464, B.R. 32, 43 (2012).

10. Without waiving the above arguments, DEV <u>did</u> mitigate by the following:

   a. Shortly after Circuit City rejected the Lease and abandoned the store in March of 2009, DEV entered into a brokerage agreement with Wulfe & Co. of Houston, Texas ("Wulfe & Co.") to offer the building for lease or sale.

   b. A sign was placed on the building offering the building for lease and referring potential tenants to Katherine Wildman ("Ms. Wildman") as Wulfe & Co.'s broker.

   c. Ms. Wildman and her associate also advertised the building to the brokerage community through their usual channels, and made numerous inquiries of end users who they felt might be suitable for the building, to no avail.

11. DEV received no offers to lease the building through the first year following Circuit City's abandonment. However, DEV incurred expenses related to holding the building open and making it available to potential users in accordance with a particular schedule, a copy of which is attached hereto as **Exhibit A**.

12. Despite DEV's mitigation efforts, the first revenue DEV received from the property was a temporary lease which ran from August 15, 2010 through November 15, 2010, for a mere $26,000. This rental income was received well beyond the one-year statutory cap period of 11 U.S.C. § 502(b)(6). The property has not been leased since.[1]

13. The steps taken by DEV to mitigate its damages far exceeded its applicable mitigation burden, if any. Accordingly, the Objection should be overruled.

14. All communications involving this claim or the objection should be directed to counsel below.

---

[1] On or about April 2, 2012, DEV sold the property at a substantial loss.

3

WHEREFORE, DEV Limited Partnership respectfully requests (i) that the Fortieth Omnibus Objection concerning Claim No. 12419 be dismissed or denied in its entirety; (ii) that its lease rejection claim (Claim No. 12419) be allowed in the amount of $309,992.38 as an unsecured claim; and (iii) that DEV have such other and further relief as it may be entitled

**Submitted:**    June 26, 2012                            **DEV LIMITED PARTNERSHP,**

                                                   */s/ William A. Gray*
William A. Gray (VSB No. 46911)
Eric C. Howlett, Esquire (VSB No. 82237)
Sands Anderson PC
1111 E. Main Street, Suite 2400
P.O. Box 1998
Richmond, Virginia   23219
804-648-1636 (office)
804-783-7291 (fax)
bgray@sandsanderson.com
ehowlett@sandsanderson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2011, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed by UPS overnight delivery to:

Lynne L. Tavenner, Esquire
Paula S. Beran, Esquire
TAVENNER & BERAN
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor

New York, NY 10017

Jeffrey N. Pomerantz, Esquire
Andrew W. Caine, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd
Los Angeles CA 90067

                                                   */s/ William A. Gray*

# DEV Limited Partnership
# Profit & Loss
## March 2009 through February 2010

DEV Expenses

|  | Mar '09 - Feb '10 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Expense** | |
| **Insurance** | |
| Liability Insurance | 4,335.10 |
| **Total Insurance** | 4,335.10 |
| Landscaping | 1,734.15 |
| Management Fees | 17,280.00 |
| Outside Services - Property Tax Consultant | 250.00 |
| **Professional Fees** | |
| Accounting | 4,487.00 |
| Legal Fees | 5,690.46 |
| Professional Fees - Other | 2,305.69 |
| **Total Professional Fees** | 12,483.15 |
| **Repairs** | |
| Building Repairs | 1,519.83 |
| **Total Repairs** | 1,519.83 |
| Security | 2,783.79 |
| **Taxes** | |
| Property | 10,339.32 |
| **Total Taxes** | 10,339.32 |
| Telephone | 1,425.31 |
| **Travel & Ent** | |
| Travel | 694.58 |
| **Total Travel & Ent** | 694.58 |
| **Utilities** | |
| Electric | 23,953.09 |
| Gas | 1,562.41 |
| Waste Removal | 920.37 |
| Water | 5,068.96 |
| **Total Utilities** | 31,504.83 |
| **Total Expense** | 84,350.06 |