**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In Re | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Case No. 08-35653-KRH |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**RESPONSE IN OPPOSITION TO LIQUIDATING TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS**
**(REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**

Cosmo Eastgate, Ltd. ("*Eastgate*") hereby opposes (the "*Reply Opposition*") the Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) (the "*Objection*") of the Circuit City Stores, Inc. Liquidating Trust (the "*Liquidating Trust*"), through Alfred H. Siegel (the "*Trustee*"), to the allowance of Eastgate's $1,057,300.80 general unsecured claim evidenced by Eastgate's proof of claim filed January 28, 2009 and designated Claim No. 6616 (the "*Claim*").

By its Objection the Liquidating Trust fails to sustain its burden to overcome the *prima facie* evidentiary effect of the Claim under Bankruptcy Code § 502. Moreover, the Objection presents no substantive basis upon which to disallow or reduce the Claim, such as any alleged non-compliance with Bankruptcy Code § 502(b)(6). Rather, the Liquidating Trust simply asserts, without foundation, that Eastgate hasn't met its mitigation burden, whatever that may be. For those reasons, and further based on the Objection's additional substantive flaws as described

---

Richard E. Hagerty, VSB 47673
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
Direct: 703-734-4326
e-mail: Richard.Hagerty@troutmansanders.com

*Counsel for Cosmo-Eastgate, LTD*

herein, Eastgate requests the Court overrule the Objection and allow the Claim (as amended as hereinafter described).

## BACKGROUND

1. Eastgate's Claim, filed in 2009 in the original amount of $1,057,300.80, was based on its damages arising from the Debtors' rejection of Eastgate's unexpired lease with the Debtors (the "*Lease*") of non-residential real property located in Mayfield Heights, Ohio (the "*Leased Premises*"), and calculated based on the Debtors' vacating the Leased Premises effective December 31, 2008.  A copy of the Claim is attached as Exhibit A.

2. The Claim was calculated in 2009 in accordance with Bankruptcy Code § 502(b)(6), and a summary calculation of Eastgate's damages arising from rejection of the Lease is attached to the Claim.  However, as reflected in this Reply Opposition, Eastgate's now-known actual damages, calculated in accordance with Bankruptcy Code § 502(b)(6), net of recoveries realized through its extensive mitigation efforts (also articulated herein), aggregate $1,177,674.80 (defined in paragraph 13 herein as the "*Revised Capped Damages*"), for which Eastgate intends to file an amended proof of its Claim, a copy of which is attached as Exhibit B.

3. The Liquidating Trust does not object to allowance of the Claim on the basis that Eastgate has not sustained the damages claimed, or that the calculation of the Claim exceeds the statutory cap provided by Bankruptcy Code § 502(b)(6).  Rather, the Liquidating Trust asserts that "the Debtors are not liable unless [Eastgate] . . . has met its applicable mitigation burden."  Objection at 8.

4. The Liquidating Trust's boilerplate objection should be overruled because the Liquidating Trust has failed to sustain its burden to establish factual or legal bases to disallow the

Claim's *prima facie* efficacy and validity, and in particular Eastgate's alleged failure to mitigate as the Liquidating Trust's affirmative defense. Moreover, as set forth in this Reply Opposition, Eastgate undertook reasonable, indeed extensive, efforts to mitigate its damages caused by rejection of the Lease, as required by Ohio law.

## ARGUMENT

### *The Liquidating Trust's Objection Fails to State Grounds Sufficient to Sustain the Objection*

5. Eastgate's Claim constitutes *prima facie* evidence of its Claim, and the Claim is presumptively valid under Bankruptcy Code § 502. *See* Fed. R. Bankr. P. 300l(F); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994).

6. Fed. R. Bankr. P. 3001(f) provides: "[a] proof of claim ... shall constitute a *prima facie* evidence of the validity and amount of the claim." "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993), *cert. denied*, 510 U.S. 914 (1993); *See Lundell v. Anchor Construction Specialists, Inc. (In re Lundell)*, 223.F.3d 1035, 1039 (9th Cir. 2000) (proof of claim prevails over mere formal objection); *see also In re Weaver*, 248 B.R. 106, 111 n.3 (Bankr. N.D. Ohio 2000); *In re Pi*, 239 B.R. 778, 781 (Bankr. S.D. Ohio 1999); *In re Horkins*, 153 B.R. 793 (Bankr. M.D. Tenn. 1992). "If the Trustee objects, it is his burden to present enough evidence to overcome the *prima facie* effect of the claim." *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260-61 (5th Cir. 1998).

7. The Claim asserts, and is evidence of, Eastgate's unsecured claim that is calculated within the parameters of Bankruptcy Code § 502(b)(6). In fact, the Liquidating Trust

does not object to such calculation of the Claim, or that damages have been sustained. The Liquidating Trust's only basis for the proposed reduction of the Claim is the assertion that Eastgate failed to mitigate its lease rejection. *See* Objection, at ¶ 8. However, the Liquidating Trust provides no basis whatsoever to support that objection. *Id.* Rather, by the omnibus Objection, the Liquidating Trust merely makes a blanket assertion against Eastgate as a landlord, failing to assert even minimal diligence on mitigation or any other defensive grounds on which to substantiate its Objection to the Claim.

***Specifically, the Liquidating Trust Fails to Prove the Affirmative Defense of Lack of Mitigation***

8.     Whether a landlord has properly mitigated damages requires reference to state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914 (1979). The Lease is governed by Ohio law. The failure to mitigate damages is an affirmative defense in Ohio. *See Young v. Frank's Nursery & Crafts, Inc.* (1991), 58 Ohio St.3d 242, 244, 569 N.E.2d 1034. Accordingly, and contrary to the assertions contained in the Objection, the burden of proving a failure to mitigate damages lies with the Liquidating Trust, as the party asserting the defense, rather than with Eastgate. *See Hines v. Riley*, 129 Ohio App.3d 378, 383 (1998); *see also Jones v. Consol. Rail Corp.* (C.A.6, 1986), 800 F.2d 590, 593; *Mers v. Dispatch Printing Co.* (1988), 39 Ohio App.3d 99, 104, 529 N.E.2d 958, 964-965.

9.     Under Ohio law, Eastgate is required to "make reasonable efforts" to re-let the Leased Premises. *See Master Lease of Ohio v. Andrews*, 20 Ohio App.3d 217, 220, 485 N.E. 2d 820 (1984); *Oakwood Estates v. Crosby*, 2005 WL 1190722, 2005-0hio-2457, unreported (Ohio App. 8 Dist.). "A landlord is not required to use extraordinary efforts to find a new tenant or attempt the unreasonable or impracticable." *Hines v. Riley*, 129 Ohio App.3d 378, 383 (1998).

10. The Liquidating Trust has not presented any evidence that Eastgate failed to use "reasonable efforts" to mitigate damages. Nor has the Liquidating Trust presented any evidence that Lease rejection damages could have in any way been mitigated. Moreover, with no indication of diligence on its part, the Liquidating Trust makes no assertion whatsoever regarding action or inaction by Eastgate, the reasonableness of any mitigation, or any other factual circumstance. Eastgate must observe that it is forced to incur additional costs incidental to its existing damages in responding and defending against what appears to Eastgate to be an unfounded Objection to its Claim.

*Eastgate Properly Mitigated Its Damages and Is Entitled to Allowance of the Claim in Full*

11. Even though the Liquidation Trust fails to assert grounds sufficient to sustain the Objection to allowance of the Claim, Eastgate represents that it expended extensive efforts to mitigate its damages arising from the Debtors' rejection of the Lease.

12. Bankruptcy Code § 502(b)(6) "is not a formula for calculating actual damages, but rather, it is simply a cap on damages." *In re USInternetworking, Inc.*, 291 B.R. 378, 380 (Bankr. D.Md. 2003). "The amount of the lessor's claim therefore must be ascertained *prior to* the application of § 506(b)(6)." *In re Steven Windsor, Inc.*, 201 B.R. 133, 136 (Bankr. D.Md. 1996) (emphasis supplied). A landlord's damages "are the lower of (1) the statutory cap computed in accordance with the ordinary language of section 502(b)(6), *ignoring mitigation*, or (2) total rejection damages, which take mitigation into account, available under non-bankruptcy law. *See also In re Iron-Oak Supply Corp,* 169 B.R. 414, 420 (Bankr. E.D. Cal. 1994). *See also Harrington v. Dornier Aviation (North America), Inc., (in re Dornier Aviation (North America), Inc.)*, 305 B.R. 650 (E.D. Va. 2004) (citing *Iron-Oak*).

13.     Eastgate's total lease rejection damages, before mitigation, are $7,851,165.50 (the "**Base Rejection Damages**").  *See Declaration of Andrew W. Hoffman* (the "**Declaration**", attached as Exhibit C) at ¶ 8.  After applying Bankruptcy Code § 502(b)(6)'s 15% statutory cap, Eastgate's Lease rejection damages claim is reduced to $1,177,674.80 (the "**Revised Capped Damages**").  Eastgate's attempts to mitigate its damages resulted in total remaining lost rent and related expenses damages, after application of mitigation, of $3,115,187 (the "**Mitigated Lost Rent Damages**").  *Id.* at ¶ 13.  Eastgate's total Mitigated Lost Rent Damages, after application of mitigation, exceeds the Revised Capped Damages.  Therefore, Eastgate is entitled to allowance of its Claim equal to the Revised Capped Damages, or $1,177,674.80.

14.     Contrary to the Liquidation Trust's unfounded inference, Eastgate pro-actively and for an extensive period sought to mitigate its damages, and has in fact mitigated a portion of its damages.  Even before the Debtors vacated the Leased Premises on December 31, 2008, Eastgate began attempts to re-let the Leased Premises.  Declaration at ¶ 9.  Eastgate's commercial broker, who has continually listed the Leased premises since the Debtors vacated, sought a replacement tenant or tenants by marketing the space as aggressively as it would market any other retail space.  *Id.*  Eastgate re-let the Leased Premises to a seasonal, temporary, holiday decoration and merchandise store for two months in 2009.  *Id.*  The temporary tenant paid Eastgate a total of $23,000 for that period.  *Id.*

15.     Despite Eastgate's commercially reasonable efforts to re-let the Leased Premises, Eastgate was unable to identify a tenant willing to lease the entirety of the 33,874 square feet leased by the Debtors.  In fact, Eastgate's market analysis indicated that retailers leasing massive big-box space, such as the Leased Premises, face significant economic pressures, and that the

number of tenants seeking large leased spaces dwindled as those types of retailers either ceased operations or reduced the amount of retail space that they leased. *Id.* at ¶ 9. The utter lack of retailers--or any other party--willing to rent a 33,874 square foot block of space, among other factors, prompted Eastgate to look for smaller retailers to lease portions of the total square footage. *Id.* at ¶ 10.

16.     Eastgate eventually re-let an aggregate 26,000 square feet of the Leased Premises to two separate tenants, who occupied their respective portions beginning in September 2011 and November 2011, respectively. *Id.* at ¶ 10. Eastgate continues actively attempting to lease the remainder of the Leased Premises, but has so far been unsuccessful. *Id.*

17.     Between January 2009 and August 2011, when Eastgate successfully re-let a portion of the Leased Premises, Eastgate suffered damages from lost rents in excess of $1,958,313.10 (the "***Pre-Mitigation Damages***"). *Id.* at ¶ 11. Without even considering lost rents resulting from lower lease payments from the new tenants, the lost rents suffered during the period from January 2009 through August 2011 when the Leased Premises remained vacant exceed Bankruptcy Code § 502(b)(6)'s statutory cap. Furthermore, that portion of the Leased Premises Eastgate was able to re-let generates a significantly lower amount of rental payments than the Debtors paid in rent, resulting in accrued rental difference damages over the term of the original Lease of $1,156,893.95 (the "***Rent Difference Damages***"). *Id.* at ¶ 13. Taking into account the Rental Difference Damages, Eastgate's actual lease rejection damages, after application of mitigation, are equal to the Mitigated Lost Rent Damages, or approximately $3,115,187. *Id.*

18. The statutory cap, applied to the Base Rejection Damages, before mitigation, is less than Eastgate's actual Mitigated Lost Rent Damages. Thus, Eastgate is entitled to an allowed claim for the entire amount of the Claim because, as previously stated, the proper measure of damages is the lower of the statutory capped damages, before application of mitigation, or the actual damages, after application of mitigation. *See In re Iron-Oak Supply Corp,* 169 B.R. 414, 420 (Bankr. E.D. Cal. 1994). *See also Harrington v. Dornier Aviation (North America), Inc., (in re Dornier Aviation (North America), Inc.)*, 305 B.R. 650 (E.D. Va. 2004) (citing *Iron-Oak*).

### *Eastgate Suffered Tenant Improvement Damages*

19. Additionally, Eastgate expended a total of $2,100,000.00 (the "**Tenant Improvement Damages**") in altering portions of the Leased Premises so that the two new tenants could occupy that space. Eastgate made tenant improvements nearly two years after the Debtors rejected the Lease. *See* Declaration at ¶ 14.

20. At the time Eastgate filed proof of its Claim, Eastgate did not know the extent of the damages that it had suffered stemming from the Debtors' rejection of the Lease. Therefore, Eastgate shall amend the proof of its Claim to the amount of the Revised Capped Damages, to properly reflect the total amount of damages suffered, as shown on Exhibit B.

21. The Objection cites no grounds, nor do any grounds exist, to support an inference that Eastgate failed to take all reasonable steps to mitigate its damages. Therefore, under Ohio law, Debtors have failed to carry their burden to prove the affirmative defense of lack of mitigation, and the Objection should be overruled as to Eastgate, and the Claim should be allowed in its entirety.

## Notice

Notice of this Reply Opposition has been given by means of the Court's CM/ECF system to the Liquidating Trust. In light of the nature of the relief requested, Eastgate submits that no further notice need be given.

THEREFORE, Eastgate respectfully requests that the Objection be overruled as to Eastgate and that the Claim be allowed in full.

Respectfully submitted,

| **TROUTMAN SANDERS LLP** | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |
|---|---|
| */s/ Richard E. Hagerty* | */s/ William E. Schonberg* |
| Richard E. Hagerty (VA Bar. 47673)) | William E. Schonberg (OBR #0025140) |
| Troutman Sanders LLP | Matthew J. Samsa (OBR #0084256) |
| 1660 International Drive, Suite 600 | Benesh, Friedlander, Coplan & Aronoff LLP |
| McLean, VA 22102 | 200 Public Square, Suite 2300 |
| (703) 734-4326 | Cleveland, OH 44114-2378 |
| (703) 448-6520 (facsimile) | (216) 363-4500 |
| richard.hagerty@troutmansanders.com | (216) 363-4588 (Facsimile) |
| *Counsel for Cosmo-Eastgate, Ltd.* | wschonberg@beneschlaw.com |
| | msamsa@beneschlaw.com |
| | *Counsel for Cosmo-Eastgate Ltd* |

## CERTIFICATE OF SERVICE

I, Richard E. Hagerty, hereby certify that on the 26th day of June 2012, a true and correct copy of the foregoing Response in Opposition to Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Migation) has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

Lynn L. Tavenner, Esq. – ltavenner@tb-lawfirm.com
Paula S. Beran, Esq. – pberan@tb-lawfirm.com

                                                  */s/ Richard E. Hagerty*
                                                  Richard E. Hagerty