B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Virginia

In re Circuit City Stores, Inc., et al.,          Case No. 08-35653
      Debtors.

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| American National Insurance Company | Southwinds, Ltd. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Greer Herz & Adams-Tara Annweiler
One Moody Plaza, 18th Floor
Galveston, Texas 77550

Phone: 409-797-3200
Last Four Digits of Acct #: _____

Court Claim # (if known): 5559
Amount of Claim: $975,624.35
Date Claim Filed: 01/23/2009

Phone: 310-201-7452
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):
SAME

Phone: SAME
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 6/22/12
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM

Southwinds Ltd., formerly known as Tire Distributors, Inc., having a mailing address at 8484 Wilshire Blvd. #870, Beverly Hills, CA 90210 ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged ("Consideration"), does hereby transfer to American National Insurance Company ("Assignee"), having offices at One One Moody Plaza,, Galveston, TX 77550, all of Assignor's right, title and interest in, to and under the claim or claims of Assignor, as more specifically set forth below ("Claim"), against Circuit City Stores, Inc., Debtor in the bankruptcy case ("Proceedings") pending in the United States Bankruptcy Court for the District of Delaware ("Court"), Case No. 08-35653 (KRH) ("Debtor") and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and Assignor's rights to receive payment of principal, and any interest, penalties and fees which may be paid with respect to or in satisfaction of the Claim, all cash, securities (including the right to participate in or subscribe to any offerings of securities), instruments and other property which may be paid or issued by Debtor or any other party with respect to or in satisfaction of the Claim, and all voting rights with respect to any of the foregoing. The Claim includes the foregoing rights and benefits, "cure" amounts within the meaning of section 365 of title 11 of the United States Code ("Bankruptcy Code") and the right to receive all payments in respect thereof. The Claim is based on amounts owed to Assignor by Debtor for lease payments due to Assignor as landlord by Debtor as tenant in connection with property located in Rochester, New York. This Assignment of Claim ("Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest except as may be otherwise provided herein. Assignee is assuming no liabilities or obligations of the Assignor under this Assignment.

Assignor represents and warrants that [check one of the following]:

[ ] A Proof of Claim has not been filed in respect of the Claim.

[ x ] A Proof of Claim has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. A copy of the Proof of Claim is attached hereto as **Exhibit A**.

Assignor represents and warrants that (i) the Claim is a valid and allowed claim in the Proceedings and the Claim is not subject to any defense, counterclaim, offset, setoff, dispute or objection;(ii) no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim (iii) Assignor has not previously assigned, sold, hypothecated or pledged the Claim to any third party, in whole or in part; (iv) Assignor solely owns and has good title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever; (v) there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value; (vi) no consent of, registration with, or approval of, or any other action by, any relevant person or entity (including any state or federal regulatory agency or commission) is or will be required as to Assignor for Assignor to execute, deliver and perform its obligations under this Assignment, or for the assignment contemplated herein to become effective as to Assignor; (vii) this Assignment has been duly authorized, executed and delivered by Assignor; (viii) Assignor has the requisite power and authority to execute, deliver and perform this Assignment; (ix) this Assignment constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms and neither the execution, delivery or performance of this Assignment nor the consummation of the transactions contemplated hereby will violate or contravene any law, rule, regulation, order, agreement or instrument affecting it; (x) Assignor has not engaged and will not engage in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment with respect to the Claim, including the timing of payments or distributions for the Claim than is received by any other general unsecured creditors of Debtor that hold general unsecured claims; (xi) no offer to sell or solicitation of any offer to buy the Claim has been made by or at the direction of the Assignor in a manner that would violate or require registration under the Securities Act of 1933, as amended; and (xii) no creditors of Assignor shall assert an interest of any kind to the Claim.

Assignor further represents that it is solvent and has no other relationship to Debtor or any of its affiliates or principals other than as a creditor of Debtor and that Assignor is not, nor has it ever been, an "insider" or "affiliate" of Debtor within the meaning of sections 101 (31) and 101(2), respectively, of the Bankruptcy Code and is not, and has not been, a member of the committee appointed in the Proceedings.

Assignor is aware that the amount in the Proof of Claim may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation.

Each party hereto represents to the other that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on the other party hereto, and based on such information has deemed appropriate (including information available from the files of the Court in the Proceedings), made their own respective analyses and decision to enter into this Assignment.

In the event Assignor has previously assigned or pledged the Claim to any third party, otherwise lacks sole title thereto, or in the future purports to assign or pledge the Claim to a third party, Assignor agrees to immediately pay Assignee upon demand of Assignee, liquidated damages in an amount equal to double the amount paid to Assignor hereunder.

Assignor hereby covenants and agrees that, from and after the date hereof, Assignor shall not engage in any act or conduct, or make any omission, that will result in the Impairment of the Claim or any distributions and/or payments made in respect thereof. Assignor agrees that it shall take no action whatsoever in respect of or in connection with the Claim or any portion thereof without Assignee's express consent.

Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to the Claim, with the full power and authority to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and all other rights and remedies with respect thereto. In the event Assignee is not able to exercise any such rights, Assignor agrees to act, or refrain from acting pursuant to Assignees written directions. Assignor further grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further actions, at its own expense, as requested by Assignee as necessary or desirable to affect the transfer of the Claim including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that (if received by Assignor) Assignor will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment without notice to or the consent of Assignor. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment. This Assignment may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

Assignor shall not disclose this Assignment, its contents or its existence to any other person (other than affiliates), except if required to do so by any law, court or regulation, to its professional advisor and auditors or to any governmental authority having or asserting jurisdiction over it.

This Assignment shall be governed by and construed in accordance with the laws of the State of Texas. Any action arising under or relating to this Assignment must be brought in federal court located in the State of Texas, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder, Assignor waives any right to demand a trial by jury.

All demands, notices, requests, consents and communications hereunder shall be in writing and shall be deemed to have been duly given if delivered via messenger, overnight courier service, telecopier or certified First Class U.S. Mail at the addresses set forth below, or such other addresses as may be furnished hereafter by notice in writing.

All demands, requests, consents, notices and communications shall be deemed effective: upon receipt, and shall be delivered via messenger, overnight courier services or telecopier.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all terms set forth in the Assignment and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor sets its hand this 19th day of August 2010.

ASSIGNOR:

SOUTHWINDS LTD.

By: _____
Printed Name: Paul M. Resnick
Its: President

IN WITNESS WHEREOF, the undersigned Assignee sets its hand this 25 day of August, 2010.

ASSIGNEE:

AMERICAN NATIONAL INSURANCE COMPANY

By: _____
Scott Brast, Senior Vice President

# GREER, HERZ & ADAMS, L.L.P.

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

ONE MOODY PLAZA, 18TH FLOOR
GALVESTON, TEXAS 77550-7998
FAX (409) 766-6424

KATHERINE L. DREISS
(409) 797-3266
(866) 422-1849 FAX
kdreiss@greerherz.com
Galveston Office

(409) 797-3200
(281) 480-5278 (HOUSTON)
www.greerherz.com

BAY AREA HOUSTON OFFICE:
2525 SOUTH SHORE BLVD., SUITE 203
LEAGUE CITY, TEXAS 77573
FAX (281) 538-3791

June 22, 2012

TO:     U.S. Bankruptcy Court
         Court Clerk of the Eastern District of Virginia, Richmond Division
         701 East Broad Street - Suite 4000
         Richmond, VA 23219-1888

**SENT CERTIFIED MAIL/RRR**

Re:     Transfer of Claim other than for Security; Case no. 08-35653; *In re Circuit City Stores, Inc., et al.*; re: Court Claim #5559

To whom it may concern,

Enclosed are:

(1)     The Transfer of Claim Other Than for Security (Form 210A) with attached agreement between the parties as required by Rule 3001(e) (2) <u>to be filed with the Court</u>;

(2)     Copy of all documents listed in (1) <u>to be file-stamped and placed and mailed in the enclosed self-addressed stamped envelope</u>; and

(3)     Self-addressed stamped envelope;

If you have any questions regarding this request please feel free to contact me.

Sincerely,

Katherine L. Dreiss