IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:  :  Chapter 11
  :
CIRCUIT CITY STORES, INC., et al.,  :  Case No. 08-35653-KRH
  :
 Debtors.  :  (Jointly Administered)
  :
  :

### STATEMENT OF MITIGATION AND
### DISPUTE OF PROPOSED REJECTION OF CLAIM

Comes now Eastland Plaza LLC and for its Statement of Mitigation And Dispute of Rejection of Claim, respectfully states as follows:

1. Eastland Plaza LLC ("Eastland") entered into a lease, on May 5, 1998, with Circuit City Stores, Inc. ("Debtor"), for certain retail property in Kokomo, Indiana.

2. Eastland filed its Proof of Claim, Claim No. 7885, in the sum of $234,761.00, which is the accurate amount that would be due under the lease from Debtor to Eastland during the period that is properly recoverable under the U.S. Bankruptcy Code. Eastland attached a copy of the lease and other supporting documentation to its claim establishing the validity and amount of Claim No. 7885.

3. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim". FED R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid"). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N.D. Ga. March 30, 2000) (citing *Placid Oil*), 988 F. 2d 554, 557 (5th Cir. 1993)).

4. "If the proof of claim is supported by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009). In order to prevail, the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." *In re Falwell*, 434

B.R. at 784 (citing 9 COLIER ON BANKRUPTCY, "Proof of Claim," ¶ 3001.09[2] (15th ed. Rev.)). The Liquidating Trust, however, has offered no evidence supporting the objection or reduction of Claim No. 7885 that overcomes the presumption of the validity of Claim No. 7885.

5. Debtor ceased business operations in the subject property and thereafter Eastland posted "For Lease" signs on the property. Contact and "For Lease" information is prominently displayed on the pylon sign at the shopping center. Photographs of such signage are attached hereto, marked Exhibit A and incorporated herein by reference.

6. Eastland also shows that the subject property is available for lease on its web site, which can be found at www.sandordev.com.

7. Eastland also has full-time leasing representatives assigned to the subject property who make telephone calls and in-person presentations such as at International Council of Shopping Center state, regional, national and annual conferences to market and lease the subject property. Eastland has diligently and actively sought a replacement tenant. Eastland has attempted to find a replacement tenant for the subject real estate.

8. The Liquidating Trustee may contact the following person to discuss Eastland's mitigation efforts:

William T. Niemier
Sandor Development Company
10689 N. Pennsylvania Street, Suite 100
Indianapolis, IN 46280

9. The actions described herein by Eastland have been taken in efforts to mitigate the damages it incurred as a result of Debtor ceasing to conduct business at the subject property and are commercially reasonable actions on behalf of a landlord with vacant property.

10. An Affidavit of Isaac Strain is attached hereto, marked Exhibit B and incorporated herein by reference. Said Affidavit further describes the actions taken by Eastland to mitigate its damages.

11. Debtor's objection to Eastland' claim should be denied and Eastland' claim against Debtor should be paid as a general unsecured claim in the full amount of $234,761.00.

12. The Liquidating Trustee has submitted no evidence to support its position that Eastland has failed to mitigate its damages, has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists regarding Claim No. 7885, and its Objection to Eastland' claim should be overruled and denied.

WHEREFORE, Eastland Plaza LLC respectfully requests that the Court deny Debtor's objection to its claim, that Eastland' claim against Debtor be paid as a general unsecured claim in the full amount of $234,761.00, and for all other relief just and proper in the premises.

Respectfully submitted,

Eastland Development Company LLC

By: _____
William T. Niemier

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Statement of Mitigation And Dispute of Rejection of Claim has been served, on this 25th day of June, 2012, by Federal Express next day delivery, costs prepaid, upon the following:

Jeffery N. Pomerantz
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Lynn L. Tavenner
TAVENNER & BERAN, PLC
20 N. Eighth Street, 2nd Floor
Richmond, VA 23219

_____
William T. Niemier

William T. Niemier
EASTLAND Benjamin Realty LLC
10689 N. Pennsylvania Street, Suite 100
Indianapolis, IN 46280
(317) 925-9011



Exhibit A
Page 1 of 2

Exhibit A
Page 2 of 2

## AFFIDAVIT OF ISAAC STRAIN

STATE OF INDIANA        )
                        ) SS:
COUNTY OF HAMILTON      )

I, Isaac Strain, being first duly sworn upon my oath and based upon my personal knowledge, state the following:

1. I am the Regional Facilities Manager at Sandor Development Company.

2. Eastland Plaza LLC ("Eastland") is an entity that owns property that is managed and marketed by Sandor Development Company.

3. Eastland is the owner of the Eastland Plaza Shopping Center in Bloomington, Indiana, a portion of which was leased to Circuit City Stores, Inc. ("Circuit City").

4. Circuit City ceased business operations at this property and thereafter Eastland posted "For Lease" signs on the property so that potential tenants may inquire about available space within the shopping center, including the space previously occupied by Circuit City.

5. Eastland also shows that the subject property is available for lease on its web site, which can be found at www.sandordev.com.

6. Eastland also has full-time leasing representatives assigned to the subject property who make telephone calls and in-person presentations such as at International Council of Shopping Center state, regional, national and annual conferences to market and lease the subject property. Eastland has diligently and actively sought a replacement tenant for this property.

7. The above actions by Eastland have been taken to mitigate the damages it incurred as a result of Circuit City ceasing to conduct business at the subject property and are commercially reasonable actions on behalf of a landlord with vacant property.

8. Eastland's claim, Claim No. 7885, should be allowed as a general unsecured claim in the sum of $234,761.00.

I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT.

_____  6/25/12
Isaac Strain

Exhibit B
Page 1 of 2

STATE OF INDIANA          )
                          ) SS:
COUNTY OF HAMILTON  )

Before me, a Notary Public in and for said County and State, personally appeared Isaac Strain, an employee of Sandor Development Company, who acknowledged the execution of the foregoing Affidavit as his free and voluntary act.

WITNESS my hand and Notarial Seal, this 25th day of June, 2012.

_____          _William T. Niemier_____
Signature, Notary Public                                    Printed, Notary Public

My Commission Expires: _6-26-2017_          County of Residence: _Hancock_



Exhibit B
Page 2 of 2