IN THE UNITED STATES BANKRUPTCY COUTY
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
                                    RICHMOND DIVISION
                                 F                      F
                                 I                      I
                                 L       JUN 2 6 2012    L
                                 E                      E
                                 D          CLERK       D
                                     US BANKRUPTCY COURT
```

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## STATEMENT OF MITIGATION AND
## DISPUTE OF PROPOSED REJECTION OF CLAIM

Comes now By-Pass Development Company LLC and for its Statement of Mitigation
And Dispute of Rejection of Claim, respectfully states as follows:

1. By-Pass Development Company LLC ("By-Pass") entered into a lease, on October 6,
1997, with Circuit City Stores, Inc. ("Debtor"), for certain retail property in Kokomo, Indiana.

2. By-Pass filed its Proof of Claim, Claim No. 7888, in the sum of $146,569.86, which is
the accurate amount that would be due under the lease from Debtor to By-Pass during the period
that is properly recoverable under the U.S. Bankruptcy Code. By-Pass attached a copy of the
lease and other supporting documentation to its claim establishing the validity and amount of
Claim No. 7888.

3. A proof of claim "constitutes *prima facie* evidence of the validity and amount of the
claim". FED R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr.
W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid"). The burden of proof
therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie*
case." *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N.D. Ga.
March 30, 2000) (citing *Placid Oil*), 988 F. 2d 554, 557 (5th Cir. 1993)).

4. "If the proof of claim is supported by the required documentation, the presumption of
validity may be overcome by the objecting party only if it offers evidence of equally probative
value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009). In order to prevail,
the Liquidating Trust must present evidence "sufficient to demonstrate the existence of a true
dispute and must have probative force equal to the contents of the claim." *In re Falwell,* 434

B.R. at 784 (citing 9 COLIER ON BANKRUPTCY, "Proof of Claim," ¶ 3001.09[2] (15th ed. Rev.)). The Liquidating Trust, however, has offered no evidence supporting the objection or reduction of Claim No. 7888 that overcomes the presumption of the validity of Claim No. 7888.

5.   Debtor ceased business operations in the subject property and thereafter By-Pass posted "For Lease" signs on the property. By-Pass also has a double sided 4 foot by 8 foot yard sign along the highway in front of the subject property. Photographs of such signage are attached hereto, marked Exhibit A and incorporated herein by reference.

6.   By-Pass also shows that the subject property is available for lease on its web site, which can be found at www.sandordev.com.

7.   By-Pass also has full-time leasing representatives assigned to the subject property who make telephone calls and in-person presentations such as at International Council of Shopping Center state, regional, national and annual conferences to market and lease the subject property. By-Pass has diligently and actively sought a replacement tenant. Rockwood Exchange, a licensed real estate broker in the State of Indiana, was hired to market, show and attempt to find a replacement tenant for the subject real estate.

8.   The Liquidating Trustee may contact the following person to discuss By-Pass's mitigation efforts:

William T. Niemier
Sandor Development Company
10689 N. Pennsylvania Street, Suite 100
Indianapolis, IN 46280

9.   The actions described herein by By-Pass have been taken in efforts to mitigate the damages it incurred as a result of Debtor ceasing to conduct business at the subject property and are commercially reasonable actions on behalf of a landlord with vacant property.

10.   An Affidavit of William Moyer is attached hereto, marked Exhibit B and incorporated herein by reference. Said Affidavit further describes the actions taken by By-Pass to mitigate its damages.

11.   Debtor's objection to By-Pass' claim should be denied and By-Pass' claim against Debtor should be paid as a general unsecured claim in the full amount of $146,569.86.

12.   The Liquidating Trustee has submitted no evidence to support its position that By-Pass has failed to mitigate its damages, has failed to meet its burden of presenting sufficient

evidence that a legitimate dispute exists regarding Claim No. 7888, and its Objection to By-Pass'
claim should be overruled and denied.

WHEREFORE, By-Pass Development Company LLC respectfully requests that the
Court deny Debtor's objection to its claim, that By-Pass' claim against Debtor be paid as a
general unsecured claim in the full amount of $146,569.86, and for all other relief just and proper
in the premises.

Respectfully submitted,

By-Pass Development Company LLC

By: _____
William T. Niemier

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Statement of Mitigation And Dispute of
Rejection of Claim has been served, on this 25th day of June, 2012, by Federal Express next day
delivery, costs prepaid, upon the following:

Jeffery N. Pomerantz
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Lynn L. Tavenner
TAVENNER & BERAN, PLC
20 N. Eighth Street, 2nd Floor
Richmond, VA 23219

_____
William T. Niemier

William T. Niemier
BY-PASS Benjamin Realty LLC
10689 N. Pennsylvania Street, Suite 100
Indianapolis, IN 46280
(317) 925-9011



SPACE
AVAILABLE

877-925-9011

Exhibit A
Page 1 of 2



ROCKWOOD

AVAILABLE

888.676.0050

www.RockwoodExchange.com

## AFFIDAVIT OF WILLIAM MOYER

STATE OF INDIANA     )
                       ) SS:
COUNTY OF HAMILTON  )

I, William Moyer, being first duly sworn upon my oath and based upon my personal knowledge, state the following:

1. I am the Director of Facility Management at Sandor Development Company.

2. By-Pass Development Company LLC ("By-Pass") is an entity owned, managed, and marketed by Sandor Development Company.

3. By-Pass is the owner of the Hobby Lobby Plaza Shopping Center in Kokomo, Indiana, a portion of which was leased to Circuit City Stores, Inc. ("Circuit City").

4. Circuit City ceased business operations at this property and thereafter By-Pass posted "For Lease" signs on the property. By-Pass also has a double sided 4 foot by 8 foot yard sign along the highway in front of the subject property so that potential tenants may inquire about available space within the shopping center, including the space previously occupied by Circuit City.

5. By-Pass also shows that the subject property is available for lease on its web site, which can be found at www.sandordev.com.

6. By-Pass also has full-time leasing representatives assigned to the subject property who make telephone calls and in-person presentations such as at International Council of Shopping Center state, regional, national and annual conferences to market and lease the subject property. By-Pass has diligently and actively sought a replacement tenant for this property.

7. The above actions by By-Pass have been taken to mitigate the damages it incurred as a result of Circuit City ceasing to conduct business at the subject property and are commercially reasonable actions on behalf of a landlord with vacant property.

8. By-Pass's claim, Claim No. 7888, should be allowed as a general unsecured claim in the sum of $146,569.86.

I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT.

_William E Moyer_
William Moyer

Exhibit B
Page 1 of 2

STATE OF INDIANA          )
                          ) SS:
COUNTY OF HAMILTON  )

     Before me, a Notary Public in and for said County and State, personally appeared William Moyer, an employee of Sandor Development Company, who acknowledged the execution of the foregoing Affidavit as his free and voluntary act.

WITNESS my hand and Notarial Seal, this 25th day of June, 2012.

_Mathline E. Promine_           _William T. Niemier_
Signature, Notary Public                        Printed, Notary Public

My Commission Expires: _6-26-2017_      County of Residence: _Hancock_



WILLIAM T. NIEMIER
Notary Public, State of Indiana
Hancock County
My Commission Expires
June 26, 2017

Exhibit B
Page 2 of 2



June 25, 2012

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street, Room 4000
Richmond, VA 23219

      RE: Circuit City Stores, Inc. Bankruptcy
      Case No. 08-35653-KRH

Dear Clerk:

    Enclosed please find the original and several copies of a Statement of Mitigation And
Dispute of Rejection of Claim for filing in the above case.  Please return filed marked copies in
the provided envelope.

    Thank you for your assistance and please contact me at (317) 925-9011 if you have any
questions or need additional information.

           Very truly,

           William T. Niemier
           By-Pass Development Company LLC

Enclosures:

cc: Jeffery N. Pomerantz, PACHULSKI STANG ZIEHL & JONES LLP
    Lynn L. Tavenner, TAVENNER & BERAN, PLC

10689 N. Pennsylvania St., Suite 100, Indianapolis, IN 46280
p. 317.925.9011  f. 317.927.0723
toll free: 877.925.9011
www.sandordev.com