IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| CIRCUIT CITY STORES, INC., et al : | |
| Debtors : | CASE NO. 08-35653-KRH |

### RESPONSE OF CAROLE KAYLOR, C/O THOMAS P. FINN, ESQUIRE, TO LIQUIDATING TRUST'S FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN INVALID PERSONAL INJURY CLAIMS)

AND NOW, comes Carole Kaylor, c/o Thomas P. Finn, Esquire, and files the foregoing Response to Liquidating Trust's Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Invalid Personal Injury Claims) averring as follows:

1. The claimant, Carole Kaylor, has filed a claim for personal injury in the amount of $35,000.00. This claim arose on February 6, 2009 in a parking lot outside of a Circuit City Store in Altoona, Pennsylvania. On that date, Ms. Kaylor slipped on an accumulation of ice located on curbing adjacent to her vehicle in the parking lot. This resulted in a significant injury to Ms. Kaylor in the form of a displaced fracture of her left wrist. As a result thereof, she was required to undergo a surgical procedure which included the insertion of hardware.

2. Claimant has made it clear that she slipped in the parking lot outside the Circuit City Store in Altoona, Pennsylvania. Moreover, Claimant filed a written accident report at the Circuit City Store after the accident occurred. This created a duty upon Circuit City with the Claimant as a business invitee. Pursuant to Pennsylvania law, they are responsible for any hazards of which they knew or should have been aware. Therefore, Claimant denies Debtors' claim that they had no duty of care.

3. Claimant has averred that there were hills and ridges of snow and ice which caused her fall. Debtors have not presented any information to refute that ice was ice present on the parking lot. In fact, they have referred to a medical record which confirms the presence the ice in the parking area. Claimant's first hand testimony that there were hills and ridges of snow and ice is sufficient to meet her burden of proof in this matter. Debtors have presented no evidence to contradict such a claim.

4. The medical records submitted by Claimant establish that she sustained a serious fracture of her wrist which required a surgical procedure and the insertion of hardware. Under Pennsylvania law, the Claimant is entitled to damages for her pain and suffering which were clearly significant in this matter. The claim of $35,000.00 under the circumstances is reasonable and in line with what is recoverable in Pennsylvania.

5. Based upon the foregoing arguments, Claimant respectfully request that the Objection of Liquidating Trust's to her claim be denied and dismissed.

WHEREFORE, Carole Kaylor respectfully request this Honorable Court overrule, deny and dismiss Liquidating Trust's Forty-Fourth Omnibus Objection to Claims as it pertains to Carole Kaylor's claim.

## VERIFICATION

I, Carole Kaylor, certify that the statements in this Response to Liquidating Trust's Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Invalid Personal Injury Claims) are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

*Carole Kaylor*
Carole Kaylor
c/o Thomas P. Finn, Esquire
WAGNER & FINN
153 Lakemont Park Boulevard
Altoona, PA 16602
Telephone: (814) 944-4700
Facsimile: (814) 944-3705
Email: tfinn@wagfinn.com
Pa. Attorney I.D. No. 61960

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:                              :
                                    :   CHAPTER 11
CIRCUIT CITY STORES, INC., et al    :
        Debtors                     :   CASE NO. 08-35653-KRH

**CERTIFICATE OF SERVICE**

I, Thomas P. Finn, Esquire, Attorney for Carole Kaylor, hereby certify that on the 25th day of June, 2012 I caused a true and correct copy of the Response of Carole Kaylor to Liquidating Trust's Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Invalid Personal Injury Claims) to be served upon the parties listed below via first class mail:

*Original*
Clerk of the Bankruptcy Court
United States Bankruptcy Court
710 East Broad Street, Suite 4000
Richmond, VA 23219

*One (1) Copy*
Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Jeffrey N. Pomerantz, Esquire
Andrew W. Caine, Esquire
PACHULSKI STANG ZIEHL & JONES, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100

Thomas P. Finn, Esquire
WAGNER & FINN
153 Lakemont Park Boulevard
Altoona, PA 16602

# Wagner & Finn
## Attorneys at Law

Michael J. Wagner
Thomas P. Finn

153 Lakemont Park Blvd.
Altoona, PA 16602
(814) 944-4700
(814) 944-3705 Fax
www.wagfinn.com

*Please reply to Altoona Office*

Ebensburg Office:
103 S. Center St. - 2nd Floor
Ebensburg, PA 15931
(814) 472-7833

June 25, 2012

Clerk of Court
United States Bankruptcy Court
710 East Broad Street, Suite 4000
Richmond, VA 23219

**In re: Circuit City, Inc.
Case No. 08-35653**

Dear Sirs:

    Enclosed please find for filing the Response of Carole Kaylor relative to Liquidating Trust's Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Invalid Personal Injury Claims) relative to this matter.

    Thank you for your attention to this matter.

Sincerely,

Thomas P. Finn

TPF/cam
Enclosure
cc:    Lynn L. Tavenner, Esquire *(w/enc)*
       Paula S. Beran, Esquire *(w/enc)*
       Jeffrey N. Pomerantz, Esquire *(w/enc)*
       Andrew W. Caine, Esquire *(w/enc)*
       Carole Kaylor *(w/enc)*