UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

In re:

CIRCUIT CITY STORES, INC., et al.,

                    Debtors.

Chapter 11

Case No. 08-35653 (KRH)

(Jointly Administered)

RICHMOND DIVISION
FILED
JUN 2 6 2012
CLERK
US BANKRUPTCY COURT

### RESPONSE OF GREEN 521 5th LLC, LANDLORD OF COMMERCIAL PREMISES LOCATED AT 521 FIFTH AVENUE, NEW YORK, NEW YORK TO THE LIQUIDATING TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)

TO:    THE HONORABLE KEVIN R. HUENNEKENS
        UNITED STATES BANKRUPTCY COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA

Green 521 5th Avenue LLC ("Landlord" or "Claimant"), responds to the Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) filed on behalf of Circuit City Stores, Inc., (the "Debtor"), insofar as Debtor seeks to modify Landlord's claim arising under an unexpired lease of nonresidential property between Landlord as landlord, and Debtor as tenant, at 521 Fifth Avenue, New York, New York, as follows:

### FACTUAL BACKGROUND

1.    On November 10, 2008 (the "Petition Date"), Debtor filed its chapter 11 bankruptcy petition with this Court.

1

2.     Green 521 5th Avenue LLC is the Landlord of the commercial building known as 521 Fifth Avenue, New York, New York (the "Building"), wherein Debtor, leased approximately 25,866 square feet at the Building consisting of 9,955 square feet on the ground level and 15,911 square feet on the second level of the Building (the "Premises"), pursuant to a written non-residential lease first dated May 3, 2007 between Landlord as landlord, and Debtor as tenant (the "Lease").

3.     The Lease was rejected by Debtor as of March 10, 2009 (the "Rejection Date") per an order entered as of February 19, 2009 (the "Order").

**LANDLORD'S PROOF OF CLAIM**

4.     On or about April 29, 2009 Landlord filed a proof of claim which offered a detailed explanation and mathematical breakdown for the basis of Landlord's claims against Debtor's estate. Landlord's claim consisted of $141,848.61 in Pre-Petition claims, $288,158.43 in Administrative Claims, $10,216,912.87 in Lease Rejection Damages, and $150,496.00 in contingent mechanics' liens claims. A copy of Landlord's filed Proof of Claim is annexed hereto as Exhibit 1.

5.     Subsequent to the date the proof of claim was filed, Debtor made a payment to Landlord which reduced Landlord's administrative claim by $244,212.50 (an amount that represented the amount unpaid for November's base rent at the time Landlord's Proof of Claim was filed). Accordingly, Landlord's administrative claim was subsequently reduced to $43,945.93, which represents additional rent charges from the administrative period.

2

6. By letter dated March 4, 2010, Debtor sought to further reduce Landlord's claim in the following manner:

(a) Reduce Landlord's General Unsecured Claim by $1,279,022.62 -- based only on a conclusory assertion that Landlord's Rejection Damages were improperly calculated;

(b) Eliminate Landlord's claims for liability arising from Mechanics' Liens filed against the Premises for work done on behalf of Debtor -- based only on a conclusory assertion that Landlord had not made any payment on account of the mechanics' liens;

(c) Reduce Landlord's administrative claim of $288,158.43 by $244,212.50, on the basis of rent being paid subsequent to the Proof of Claim date; and further sought to eliminate Landlord's remaining Administrative Rent claim on the basis that 'such charges did not appear in Debtor's books and records'; and

(d) Further requested Landlord to provide information pertaining to any efforts at mitigation;

7. By letter dated March 17, 2010 Landlord responded to Debtor's allegation that Landlord had miscalculated the rejection damages by providing Debtor with various cases supporting Landlord's calculation method (i.e., calculating the 15% under 502(b)(6) by taking 15% of the total rent remaining under the Lease).

8. Landlord also informed Debtor that Landlord had settled the Schimenti Construction lien (one of the two liens filed against the building) for $65,000 and further provided Debtor with a copy of the settlement check and related correspondence. In that same

3

letter Landlord also provided Debtor with additional information pertaining to the unpaid additional rent owed as an administrative obligation.

9. As of March 17, 2010, Landlord's general unsecured claim was $10,423,760.98, consisting of (a) Pre-Petition Claim of $141,848.11; (b) Schimenti Lien Settlement of $65,000; and (c) Lease Rejection Damages $10,216,912.87. Landlord's administrative claim remained $43,945.93. A copy of the March 17, 2010 letter with exhibits is annexed hereto as Exhibit 2.

### DEBTOR'S OBJECTION:

10. On April 20, 2012, Debtor filed a Notice of Objection to Landlord's remaining claim. In its objection, Debtor seeks to modify and reduce the total amount of Landlord's claim by $10,325,858.80 dollars to just $141,848.11.

11. As part of such modification and reduction, Debtor seeks to entirely eliminate, without any stated basis, Landlord's: (a) Administrative Claim of $43,945.93, (b) Landlord's $65,000 claim for costs arising under the settlement of the Schimenti Lien, and (c) Landlord's claim for rejection damages of $10,216,912.87. The only portion of Landlord's claim that Debtor apparently acknowledges is Landlord's pre-petition claim of $ 141,848.11.

### LANDLORD'S MITIGATION

12. On or about August 10, 2010 (i.e. 17 months after the Rejection Date), Landlord re-let the Premises to a new tenant. A copy of the new lease is annexed hereto as Exhibit 3. The costs related to this re-letting are as follows :

4

    a. Time to Relet (17 months): **$5,930,875.00**

    b. Free Rent Period: **$3,287,056.38**

    c. Leasing Commissions: **$1,427,838.00**[1]

    d. On-going rental shortfall: **$7,055,475.44**

| Year | Circuit City Monthly Rent | Urban Outfitters Monthly Rent | Monthly Shortfall: | Total Shortfall |
|---|---|---|---|---|
| 2011 (Rent Commencement under new lease was March, 2011) | $348,875.00 | $300,000.00 | $48,875.00 | (for ten months) $488,750.00 |
| 2012 | $348,875.00 | $324,000.00 | $24,875.00 | $298,500.00 |
| 2013 | $392,484.33 | $324,000.00 | $68,484.33 | $821,811.96 |
| 2014 | $392,484.33 | $324,000.00 | $68,484.33 | $821,811.96 |
| 2015 | $392,484.33 | $349,920.00 | $42,564.33 | $510,771.96 |
| 2016 | $392,484.33 | $349,920.00 | $42,564.33 | $510,771.96 |
| 2017 | $392,484.33 | $349,920.00 | $42,564.33 | $510,771.96 |
| 2018 | $441,544.91 | $377,913.58 | $63,631.33 | $763,575.96 |
| 2019 | $441,544.91 | $377,913.58 | $63,631.33 | $763,575.96 |
| 2020 | $441,544.91 | $377,913.58 | $63,631.33 | $763,575.96 |
| 2021 | $441,544.91 | $408,146.67 | $33,398.24 | $400,778.88 |
| 2022 | $441,544.91 | $408,146.67 | $33,398.24 | $400,778.88 |
| 2023 (Circuit City Lease was set to expire January 31, 2023) | $441,544.91 | $408,146.67 | $33,398.24 | (for one month) $33,398.24 |
| **TOTAL ON GOING RENTAL SHORTFALL FOR TERM OF DEBTOR'S LEASE:** | | | | **$7,055,475.44** |

---

[1] The total amount of Leasing Commissions paid by Landlord in connection with securing the New Lease was $1,722,926.20. Landlord has pro-rated that amount to reflect the fact that the New Lease has an expiration date of February 28, 2026 (i.e., a date that will occur after the expiration date of Debtor's Lease.

5

13. In accordance with the above, Landlord's rejection damages is equal to $11,770,369.82, which exceeds the previously calculated cap under Bankruptcy Code §502(b)(6) of $10,216,912.87, Landlord's lease rejection claim is therefore limited to: $10,216,912.87.

14. Based on the foregoing, Landlord's total claim is $10,467,706.91, and can be summarized as follows:

  a. <u>General Unsecured Claim</u>: $10,423,760.98
     i. Pre-Petition: $141,848.61
     ii. Rejection: $ 10,216,912.87
     iii. Miscellaneous
          (Mechanic's Lien Claim): $65,000

  b. <u>Administrative Claim:</u>
     i. Unpaid Additional Rent: $43,945.93

WHEREFORE, Claimant Green 521 5th LLC, requests that the Court overrule Debtor's Fortieth Omnibus Objection to Landlord Claim with respect to Green 521 5th LLC;

Dated:   New York, New York
         June 25, 2012

                                        STEMPEL BENNETT CLAMAN & HOCHBERG, P.C.
                                        Attorneys for Green 521 5th LLC

                                        By: _____
                                        Edmond P. O'Brien (EO-5583)
                                        675 Third Avenue
                                        New York, New York 10017
                                        (212)681-6500

6