UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

In re:

CIRCUIT CITY STORES, INC., et al.,

                   Debtors.

Chapter 11

Case No. 08-35653 (KRH)

(Jointly Administered)

RICHMOND DIVISION
FILED JUN 2 6 2012
CLERK
US BANKRUPTCY COURT

RESPONSE OF GREEN 521 5th LLC, LANDLORD OF COMMERCIAL PREMISES
LOCATED AT 521 FIFTH AVENUE, NEW YORK, NEW YORK TO THE LIQUIDATING
TRUST'S FORTIETH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
CERTAIN INVALID CLAIMS-MITIGATION)

TO:    THE HONORABLE KEVIN R. HUENNEKENS
        UNITED STATES BANKRUPTCY COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA

Green 521 5th Avenue LLC ("Landlord" or "Claimant"), responds to the Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) filed on behalf of Circuit City Stores, Inc., (the "Debtor"), insofar as Debtor seeks to modify Landlord's claim arising under an unexpired lease of nonresidential property between Landlord as landlord, and Debtor as tenant, at 521 Fifth Avenue, New York, New York, as follows:

### FACTUAL BACKGROUND

1.    On November 10, 2008 (the "Petition Date"), Debtor filed its chapter 11 bankruptcy petition with this Court.

1

2. Green 521 5th Avenue LLC is the Landlord of the commercial building known as 521 Fifth Avenue, New York, New York (the "Building"), wherein Debtor, leased approximately 25,866 square feet at the Building consisting of 9,955 square feet on the ground level and 15,911 square feet on the second level of the Building (the "Premises"), pursuant to a written non-residential lease first dated May 3, 2007 between Landlord as landlord, and Debtor as tenant (the "Lease").

3. The Lease was rejected by Debtor as of March 10, 2009 (the "Rejection Date") per an order entered as of February 19, 2009 (the "Order").

## LANDLORD'S PROOF OF CLAIM

4. On or about April 29, 2009 Landlord filed a proof of claim which offered a detailed explanation and mathematical breakdown for the basis of Landlord's claims against Debtor's estate. Landlord's claim consisted of $141,848.61 in Pre-Petition claims, $288,158.43 in Administrative Claims, $10,216,912.87 in Lease Rejection Damages, and $150,496.00 in contingent mechanics' liens claims. A copy of Landlord's filed Proof of Claim is annexed hereto as Exhibit 1.

5. Subsequent to the date the proof of claim was filed, Debtor made a payment to Landlord which reduced Landlord's administrative claim by $244,212.50 (an amount that represented the amount unpaid for November's base rent at the time Landlord's Proof of Claim was filed). Accordingly, Landlord's administrative claim was subsequently reduced to $43,945.93, which represents additional rent charges from the administrative period.

6.  By letter dated March 4, 2010, Debtor sought to further reduce Landlord's claim in the following manner:

(a) Reduce Landlord's General Unsecured Claim by $1,279,022.62 -- based only on a conclusory assertion that Landlord's Rejection Damages were improperly calculated;

(b) Eliminate Landlord's claims for liability arising from Mechanics' Liens filed against the Premises for work done on behalf of Debtor -- based only on a conclusory assertion that Landlord had not made any payment on account of the mechanics' liens;

(c) Reduce Landlord's administrative claim of $288,158.43 by $244,212.50, on the basis of rent being paid subsequent to the Proof of Claim date; and further sought to eliminate Landlord's remaining Administrative Rent claim on the basis that 'such charges did not appear in Debtor's books and records'; and

(d) Further requested Landlord to provide information pertaining to any efforts at mitigation;

7.  By letter dated March 17, 2010 Landlord responded to Debtor's allegation that Landlord had miscalculated the rejection damages by providing Debtor with various cases supporting Landlord's calculation method (i.e., calculating the 15% under 502(b)(6) by taking 15% of the total rent remaining under the Lease).

8.  Landlord also informed Debtor that Landlord had settled the Schimenti Construction lien (one of the two liens filed against the building) for $65,000 and further provided Debtor with a copy of the settlement check and related correspondence. In that same

3

letter Landlord also provided Debtor with additional information pertaining to the unpaid additional rent owed as an administrative obligation.

9.   As of March 17, 2010, Landlord's general unsecured claim was $10,423,760.98, consisting of (a) Pre-Petition Claim of $141,848.11; (b) Schimenti Lien Settlement of $65,000; and (c) Lease Rejection Damages $10,216,912.87. Landlord's administrative claim remained $43,945.93. A copy of the March 17, 2010 letter with exhibits is annexed hereto as Exhibit 2.

## DEBTOR'S OBJECTION:

10.  On April 20, 2012, Debtor filed a Notice of Objection to Landlord's remaining claim. In its objection, Debtor seeks to modify and reduce the total amount of Landlord's claim by $10,325,858.80 dollars to just $141,848.11.

11.  As part of such modification and reduction, Debtor seeks to entirely eliminate, without any stated basis, Landlord's: (a) Administrative Claim of $43,945.93, (b) Landlord's $65,000 claim for costs arising under the settlement of the Schimenti Lien, and (c) Landlord's claim for rejection damages of $10,216,912.87. The only portion of Landlord's claim that Debtor apparently acknowledges is Landlord's pre-petition claim of $ 141,848.11.

## LANDLORD'S MITIGATION

12.  On or about August 10, 2010 (i.e. 17 months after the Rejection Date), Landlord re-let the Premises to a new tenant. A copy of the new lease is annexed hereto as Exhibit 3. The costs related to this re-letting are as follows :

    a. Time to Relet (17 months): **$5,930,875.00**

    b. Free Rent Period: **$3,287,056.38**

    c. Leasing Commissions: **$1,427,838.00**[1]

    d. On-going rental shortfall: **$7,055,475.44**

| Year | Circuit City Monthly Rent | Urban Outfitters Monthly Rent | Monthly Shortfall: | Total Shortfall |
|---|---|---|---|---|
| 2011 (Rent Commencement under new lease was March, 2011) | $348,875.00 | $300,000.00 | $48,875.00 | (for ten months) $488,750.00 |
| 2012 | $348,875.00 | $324,000.00 | $24,875.00 | $298,500.00 |
| 2013 | $392,484.33 | $324,000.00 | $68,484.33 | $821,811.96 |
| 2014 | $392,484.33 | $324,000.00 | $68,484.33 | $821,811.96 |
| 2015 | $392,484.33 | $349,920.00 | $42,564.33 | $510,771.96 |
| 2016 | $392,484.33 | $349,920.00 | $42,564.33 | $510,771.96 |
| 2017 | $392,484.33 | $349,920.00 | $42,564.33 | $510,771.96 |
| 2018 | $441,544.91 | $377,913.58 | $63,631.33 | $763,575.96 |
| 2019 | $441,544.91 | $377,913.58 | $63,631.33 | $763,575.96 |
| 2020 | $441,544.91 | $377,913.58 | $63,631.33 | $763,575.96 |
| 2021 | $441,544.91 | $408,146.67 | $33,398.24 | $400,778.88 |
| 2022 | $441,544.91 | $408,146.67 | $33,398.24 | $400,778.88 |
| 2023 (Circuit City Lease was set to expire January 31, 2023) | $441,544.91 | $408,146.67 | $33,398.24 | (for one month) $33,398.24 |
| **TOTAL ON GOING RENTAL SHORTFALL FOR TERM OF DEBTOR'S LEASE:** | | | | **$7,055,475.44** |

---

[1] The total amount of Leasing Commissions paid by Landlord in connection with securing the New Lease was $1,722,926.20. Landlord has pro-rated that amount to reflect the fact that the New Lease has an expiration date of February 28, 2026 (i.e., a date that will occur <u>after</u> the expiration date of Debtor's Lease.

5

13. In accordance with the above, Landlord's rejection damages is equal to $11,770,369.82, which exceeds the previously calculated cap under Bankruptcy Code §502(b)(6) of $10,216,912.87, Landlord's lease rejection claim is therefore limited to: $10,216,912.87.

14. Based on the foregoing, Landlord's total claim is $10,467,706.91, and can be summarized as follows:

   a. <u>General Unsecured Claim</u>: $10,423,760.98
      i. Pre-Petition: $141,848.61
      ii. Rejection: $ 10,216,912.87
      iii. Miscellaneous
           (Mechanic's Lien Claim): $65,000

   b. <u>Administrative Claim:</u>
      i. Unpaid Additional Rent: $43,945.93

WHEREFORE, Claimant Green 521 5th LLC, requests that the Court overrule Debtor's Fortieth Omnibus Objection to Landlord Claim with respect to Green 521 5th LLC;

Dated: New York, New York
       June 25, 2012

STEMPEL BENNETT CLAMAN & HOCHBERG, P.C.
Attorneys for Green 521 5th LLC

By: _____
Edmond P. O'Brien (EO-5583)
675 Third Avenue
New York, New York 10017
(212)681-6500

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Circuit City Stores, Inc. | Case Number:<br>08-35653 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
GREEN 521 5TH AVENUE, LLC

Name and address where notices should be sent:
c/o SL GREEN REALTY CORP.
420 LEXINGTON AVENUE
NEW YORK, NEW YORK 10170    ATTN: NEIL KESSNER

Telephone number:
(212) 216-1721

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: 01/30/2009

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $    10,797,415.91

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Rent and additional rent
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 4212

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe:

   Value of Property: $ _____ Annual Interest Rate ___ %

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $ _____    Basis for perfection: _____

   Amount of Secured Claim: $    0.00    Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2).

Amount entitled to priority:
$    288,158.43

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date:
04/28/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
GREEN 521 5th AVENUE LLC
By: /s/
Neil H. Kessner, Executive Vice-President

FOR COURT USE ONLY

RECEIVED
APR 29 2009
KURTZMANCARSONCONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RIDER A TO THE PROOF OF CLAIM FOR

GREEN 521 5th AVENUE LLC

Circuit City Stores, Inc ("Circuit City" or "Debtor") occupied a portion of the 1st and 2nd floor (the "Premises") in the building known as 521 5th Avenue (the "Building"), per a non-residential written lease dated as of May 3, 2007, between Debtor as tenant and Green 521 5th Avenue LLC ("Landlord") as landlord (the "Lease").

As of the date of Debtor's Chapter 11 bankruptcy petition – November 10, 2008 (the "Petition Date"), Debtor was in default in that it had failed to pay Landlord certain rent and additional rent due from November 1, 2008 through November 10, 2008, in the amount of $141,848.11, ("Pre-Petition Arrears") due in accordance with the Lease. (See Schedule 1).

The Lease was rejected by Debtor as of March 10, 2009 (the "Rejection date") per an Order entered as of February 19, 2009 ("the Order").

For the period beginning as of the Petition Date through and including the Rejection Date, Debtor has defaulted on payments due, as an administrative obligation, in that it has failed to pay Landlord certain rent and additional rent for the period of November 10, 2008 – March 10, 2009 in the amount of $ 288,158.43 (the "Administrative Claim"). (See Schedule 2)

Landlord, as of the date hereof, has not re-let the Premises.

Lease Article 18.03 provides for survival of month-by-month damages plus re-letting expenses. Landlord cannot calculate these damages and expenses now, and reserves the right to amend its proof of claim. Landlord estimates, based on its experience in re-letting, is that it will take 12 months, at a minimum, to re-let the Premises and that it will incur at least the following losses of rent and/or other expenses of re-letting, which in total exceed the cap:

|   |   |   |
|---|---|---|
| a. | time to re-let (12 months) and free rent period (8 months); (total estimated 20 months) | -$ 6,977,500.00 |
| b. | on-going rental shortfall[1] | -$14,600,000.00 |
| c. | tenant work allowance -- $10.00/p.s.f | -$    258,660.00 |
| d. | Leasing Commissions | -$ 1,400,000.00 |
| e. | Direct Marketing Costs | -$      20,000.00 |
| f. | Landlord's Attorneys Fees | -$      35,000.00 |

TOTAL: $ 23,291,160.00

---

[1] Landlord anticipates that the rent that a new tenant will agree to pay, in this economic climate, will be approximately $100,000 less per month than the rent reserved under the Circuit City Lease. After the anticipated time to re-let and free rent periods have expired (20 mos. from rejection date as per "a" above), there will remain 146 months under the term of the Circuit City Lease. This amount is calculated accordingly.

1

The cap on the rejection claim under § 502(b)(6) is as follows:

a. total rent[2] due under the Lease from the petition date through the basic lease expiration date.  $ 68,112,752.58

b. take 15 % of line "a"  $ 10,216,912.87

c. total rent due under Lease during the first three years from the petition date  $ 12,595,500.00

d. take the lower of line "b" or line "c"  $ 10,216,912.87

The "cap" under Bankruptcy Code § 502(b)(6) is thus approximately $10,216,912.87; for purposes of this proof of claim (and subject to amendment as predicated above), therefore, Landlord's Lease rejection claim is limited to that figure.

In addition, Debtor is in breach of its obligation under the Lease ¶ 14.02 to discharge any mechanics' lien asserted against the Premises or the Building by reason of work claimed to have been done for or materials claimed to have been furnished to Debtor. Specifically, on or about January 8, 2009, KRAMER ELECTRIC LIMITED LIABILITY COMPANY ("KRAMER") filed a mechanic's lien against the Premises, or the Building of which the same forms a part, in the amount of **$33,462.00**. (The lien is a matter of public record.) While Landlord believes that it is not liable to KRAMER, a Court may disagree and require Landlord to make payment to KRAMER. To the extent Landlord may be thus liable with respect to the lien filed by KRAMER, Debtor is responsible, pursuant to the Lease, to reimburse Landlord for whatever Landlord is obligated to pay. Accordingly, Landlord reserves all rights to amend this proof of claim, to include any and all monies that Landlord pays in connection with the KRAMER lien. (Landlord advised Debtor that it had received notice from KRAMER that it would be filing the above-referenced lien in Landlord's letter to Debtor dated December 17, 2008).

Further, on or about December 9, 2009, SCHIMENTI CONSTRUCTION COMPANY, LLC "SCHIMENTI" filed a mechanic's lien against the Premises, or the Building of which the same forms a part, in the amount of **$117,034.00**.(This lien is a matter of public record.) While Landlord believes that it is not liable to SCHIMENTI, a Court may disagree and require Landlord to make payment to SCHIMENTI. To the extent Landlord may be thus liable with respect to the lien filed by SCHIMENTI, Debtor is responsible, pursuant to the Lease, to reimburse Landlord for whatever Landlord is obligated to pay. Accordingly, Landlord reserves all rights to amend this proof of claim, to include any and all monies that Landlord pays in connection with the SCHIMENTI lien.

---

[2] This calculation is for base rent only. Landlord reserves all rights to amend its proof of claim to include, inter alia, any and all additional rent charges.

2

Accordingly, and subject to the assumptions and simplifications above, Landlord's claim for the total of (a) Pre-Petition Claim, (b) Administrative Claim (c) Lease Rejection Damages and (d) Contingent Mechanics' Liens claims:

(a) $     141,848.61
(b) $     288,158.43
(c) $ 10,216,912.87
(d) $     150,496.00
Total Claim:   $ 10,797,415.91

No portion of Landlord's claim is secured.

Date: New York, New York
April 28, 2009

GREEN-521 5th Avenue LLC

BY: _____
Neil H. Kessner
Executive Vice-President

CC:
Stempel Bennett Claman and Hochberg P.C.
675 Third Avenue, 31st Floor
New York, New York, 10017
(212) 681- 6500
ATTN: Edmond O'Brien

3

# SCHEUDULE 1

Pre-Petition

| Description | Charges | Running Balance |
|---|---|---|
| Retail Rent (11/1/2008 – 11/10/2008) (pro-rated) | $104,662.50 | $104,662.50 |
| Elec Sub (08/27/08 – 09/26/08) | $16,266.58 | $120,929.08 |
| Sales Tax - Elec Sub (08/27/08 – 09/26/08) | $1,362.33 | $122,291.41 |
| Elec Sub (9/26/08 – 10/27/08) | $12,826.42 | $135,117.83 |
| Sales Tax – Elec Sub (09/26/08 – 10/27/08) | $1,074.21 | $136,192.04 |
| Elec Sub (10/27/08 – 11/26/08) (pro-rated) | $5,218.98 | $141,411.02 |
| Sales Tax-Elec Sub (10/27/08 – 11/10/08) (pro-rated) | $437.09 | $141,848.11 |

# SCHEUDULE 2

Administrative

| Description | Charges | Running Balance |
|---|---|---|
| Retail Rent (11/10/08 – 11/30/08) (pro-rated) | $244,212.50 | $244,212.50 |
| Elec Sub (11/10/2008 – 11/26/08) | $6,824.91 | $251,037.41 |
| Sales Tax Elec Sub (11/10/2008 – 11/26/08) | $571.59 | $251,609.00 |
| Plain Review-Highland Assc – Inv # 62053 (1/5/09) | $1,200.00 | $252,809.00 |
| WO # 455558743 Tenant Charges miscinc Fir | $225.50 | $253,034.50 |
| WO # 455558743 Tenant Charges salestax Fi | $17.17 | $253,051.67 |
| Elec Sub (11/26/08 – 12/30/08) | $11,870.45 | $264,922.12 |

# SCHEUDULE 2

Administrative

(continued)

| Description | Charges | Running Balance |
|---|---|---|
| Sales Tax-Elec Sub (12/30/08 – 01/30/09) | $994.15 | $265,916.27 |
| Elec Sub (12/30/08 – 01/30/09) | $10,963.32 | $276,879.59 |
| Sales Tax- Elec Sub (12/30/08 – 01/30/09) | $918.18 | $277,797.77 |
| Elec Sub (01/30/09 – 03/03/09) | $8,496.43 | $286,294.20 |
| Sales Tax- Elec Sub (01/30/09 – 03/03/09) | $711.58 | $287,005.78 |
| Elec Sub (03/03/09 – 03/09/09) | $1,063.58 | $288,069.36 |
| Sales Tax- Elec Sub (03/03/09 – 03/09/09) | $89.07 | $288,158.43 |

# STEMPEL BENNETT CLAMAN & HOCHBERG, P.C.

675 THIRD AVENUE

NEW YORK, NEW YORK 10017-5704

TEL (212) 681-6500
FAX (212) 681-4041
E-MAIL attorneys@sbchlaw.com

RICHARD C. STEMPEL
JAMES R. BENNETT
RICHARD L. CLAMAN
STEVEN R. HOCHBERG
JOELLE B. TAUB
EDMOND P. O'BRIEN

SHARON V. RYAN
DENNIS H. McCOOBERY
RACHEL E. WILLIAMS
CHRISTOPHER O'MALLEY
HEATHER R. OHLBERG
A. ALLIE PUTHIYAMADAM

OF COUNSEL

STEPHEN J. FALLIS

March 17, 2010

Circuit City Stores, Inc.,
P.O. Box 5695
Glen Allen, Va 23058-5695
Attn: Katie W. Bradshaw, Director of Accounting

Re:   Claim of Green 521 Fifth Avenue, LLC against Circuit City Stores, Inc., Case Number 08-35653 (KRH), Claim Number 12492.

Dear Ms. Bradshaw:

We represent Green 521 Fifth Avenue, LLC, landlord (the "Landlord") of the building (the "Building") known as 521 Fifth Avenue, New York, New York. This letter is in response to the letter of Circuit City Stores, Inc., ("Debtor") dated March 4, 2010 (copy attached for your convenience), wherein, Debtor raised questions regarding: (a) the general unsecured claim; (b) the lease rejection damages claim; (c) the Mechanics' Liens; and (d) the Stub Rent, the utility and other charges.

### (a) The General Unsecured Claim:

Debtor, without citing any authority, asserts that Landlord's calculation of the lease rejection damages (the "Rejection Damages"), pursuant to § 502(b)(6) of the Bankruptcy Code, was improper because Landlord's claim was based on 15% of the "rent reserved" under the Lease for the balance of the term of the Lease, as opposed to 15% of the "time remaining on the

lease" from the date of surrender. A number of courts have concluded that the "15%" in §502(b)(6) refers to fifteen percent of the total rent remaining under the Lease. See e.g., In re Andover Togs, Inc., 231 B.R. 521 (Bankr. S.D.N.Y. 1999); In re Today's Woman of Florida, Inc., 195 B.R. 506 (Bankr. M.D. Fla. 1996); and In re Gantos, Inc., 170 B.R.793 (Bankr. W.D.Mich. 1995). Accordingly, Landlord has based its calculations on the total rent approach. Moreover, Landlord has been unable to find any Eastern District of Virginia cases, with facts similar to the ones at bar, that deem this approach to be incorrect and instead adopt the alternative approach cited in Debtor's letter.

### (b) The Lease Rejection Damages:

Debtor has requested that Landlord send Debtor information regarding mitigation of its damages. Please be advised that, despite its continuing efforts to do so, Landlord has thus far not been unable to mitigate its damages.

Please be further advised that it is well settled New York law that commercial landlords have no duty to mitigate damages after tenant's abandonment of the premises prior to the expiration of the lease. See Holy Properties Limited, L.P. v. Kenneth Cole Productions, Inc., 87 N.Y.2d 130, 661 N.E.2d 694, 637 N.Y.S.2d 964 (1995).

### (c) Mechanics' Liens:

Pursuant to the Article 14 of the Lease, Debtor is required to discharge any and all mechanics' liens that are asserted against the premises (the "Premises") or Building by reason of work claimed to have been done for, or materials claimed to have been furnished to Debtor. In

the post-petition period two liens were filed against the Building. Specifically, on or about January 8, 2009 Kramer Electric Limited Liability Company ("Kramer Electric") filed a mechanic's lien against the Premises or the Building of which the same forms a part, in the amount of $ 33,462.00, and on or about December 9, 2009 Schimenti Construction filed a mechanic's lien against the Premises or the Building of which the same forms a part, in the amount of $117,034.00.

Please be advised that Landlord maintains that it is not liable to any of the lienors, however a Court may disagree. To the extent that Landlord may thus be liable to any of the lienors, or in the event that Landlord decides to pursue a settlement of any and all liens, Debtor is responsible pursuant to the Lease, to reimburse Landlord for whatever Landlord is obligated to pay.

Please be further advised that Landlord has settled the lien filed by Schimenti Construction for $65,000.00 A copy of the check and related correspondence is annexed hereto as Exhibit A for your reference.

### (d) The Stub Rent, Utility, and Other Charges:

Tenant filed for bankruptcy on November 10, 2008 (the "Petition Date"). As of the Petition Date, Debtor was in default in that it had failed to pay Landlord certain rent and additional rent due from November 1, 2008 through November 10, 2008, in the amount of $104,662.50. This amount has not been satisfied. Tenant also failed to pay Landlord certain additional rent due from November 1, 2008 through November 10, 2008, in the amount of $37,185.00 ( collectively referred to as "Pre-Petition Arrears"). Accordingly, Landlord's pre-

petition claim of $141,848.11 remains outstanding. See, Schedule 1, annexed hereto as Exhibit B.

The Lease was rejected on March 10, 2009 (the "Rejection Date"). From the period beginning as of the Petition Date through and including the Rejection Date, Debtor had defaulted on payments due, as an administrative obligation, in that it had failed to pay Landlord certain rent from November 10, 2008 (i.e., the Petition Date) through November 30, 2008, in the amount of $244,212.50. This claim was subsequently paid on July 1, 2009, when Landlord received a check (check number 004608180) in the amount of $244,212.50 in satisfaction of the rent due during the administrative period. However, Tenant has failed to pay certain additional rent in the amount of $43,945.93 that was due as an administrative obligation. See, Schedule 2, annexed hereto as Exhibit C. For your reference, a copy of the tenant ledger for Circuit City Stores, Inc., at 521 Fifth Avenue is annexed hereto as Exhibit D.

### (e) Conclusion

Accordingly, accounting for the payments referenced above, which were made subsequent to the filing of Landlord's proof of claim, Landlord's remaining claim consists of the following:

**GENERAL UNSECURED CLAIM**

| 1. Pre-Petition Claim: | $ 141,848.11 |
|---|---|
| 2. Lease Rejection Damages: | $ 10,216,912.87 |
| 3. Schimenti Lien Settlement: | $ 65,000.00 |

| Total General Unsecured Claim: | $ 10,423,760.98 |
|---|---|

## ADMINISTRATIVE CLAIM

| 1. Administrative Claim | $ 43,945.93 |
|---|---|
| Total Administrative Claim: | $ 43,945.93 |

## TOTAL CLAIM:

| 1. Total General Unsecured Claim: | $ 10,423,760.98 |
|---|---|
| 2. Administrative Claim | $ 43,945.93 |
| Total Claim: | $ 10,467,706.91 |

Landlord reserves all rights.

Sincerely,

Edmond P. O'Brien
Stempel Bennett Claman & Hochberg P.C.
Attorneys for Green 521 5th Avenue
675 Third Avenue, 31st Floor
New York, NY 10017
(212) 681 - 6500

TO:

Circuit City Stores, Inc.,
P.O. Box 5695
Glen Allen, Va 23058-5695
Attn: Katie W. Bradshaw, Director of Accounting


cc:

Gregg M. Galaradi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 36
Wilmington, DE 19899
Tel: (302) 651 – 3000


Kellan Grant, Esq
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive,
Chicago, IL 60606
Tel: (312) 407 - 0576