IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



| | | |
|---|---|---|
| In re: | x | |
| | . | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | . | |
| | . | Case No 08-35653 (KRH) |
| Debtors. | . | |
| | x | Jointly Administered |

# RESPONSE TO LIQUIDATING TRUST'S FORTY-THIRD OMNIBUS OBJECTION TO LANDLORD CLAIM AND CONTRACTOR CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS.)

Berkadia Commercial Mortgage, LLC, ("Berkadia") successor-in-interest to Capmark Finance, Inc. on behalf of Bank of America National Association as Successor by Merger to LaSalle Bank National Association fka LaSalle National (the "Claimholder"), by and through its counsel Bryan Cave LLP, hereby files this Response to Liquidating Trust's Forty-Third Omnibus Objection to Landlord and Contractor Claims (Reduction of Certain Partially Invalid Claims, Reclassification of Certain Misclassified Claim, Disallowance of Certain Invalid Claims, Disallowance of Certain Late Filed Claims, and Disallowance of Certain Amended Claims)(the "Objection"), and states as follows:

1. The Bankruptcy Trustee has objected to the proof of claim number 9449 (the "Claim") filed by Claimholder alleging that the Claim should be reduced by $19,444,35 for overpaid real estate taxes.

2. The Bankruptcy Trustee offers not support for its argument that the Claim is subject to a reduction.

2. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

3. After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence. See in re Hemingway Transp. Inc. 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); In re Harford Sands, Inc. 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); In re Gran, 964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

4. In this case, the Claims were filed prior to the Bar Date and in accordance with the Federal Rules of Bankruptcy Procedure and provides sufficient documentary support for the Claims and the calculation of the Claims amounts. The Objection does not challenge the basis for the Claims or provide any evidence whatsoever to supports its objection to the calculation of the Claims amounts.

5. The Bankruptcy Trustee bears the burden of proof for the disallowance of any portion of the Claims. See In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y 1995) Because the Bankruptcy Trustee has produced no evidence whatsoever in support of the proposed reduction, the Bankruptcy Trustee has failed to meet its burden of proof.

WHEREFORE, Claimholder respectfully requests that the Court (a) overrule the Objection as it relates to the Claim; (b) allow the Claim as provided in Claimholder's proof of

claim; and (c) grant Claimholder such other and further relief as this Court deems appropriate under the circumstances.

Dated: June 24, 2012

                    BRYAN CAVE LLP

                    By:/s/ *Philip J. Meitl*
                    Philip J. Meitl (VA Bar No. 73215)
                    Bryan Cave LLP
                    1155 F Street NW, Suite 700, Washington DC 20004
                    (202) 508-6000 (phone)

                    AND

                    By:/s/ *Keitha M. Wright*
                    Keith M. Aurzada
                    State Bar No. 24009880
                    Keitha M. Wright
                    State Bar No. 24075310
                    2200 Ross Avenue, Suite 3300
                    Dallas, Texas 75201
                    (214) 468-3800 (Phone)
                    (214) 468-3888 (Fax)

                    Attorneys for Claimholder

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 2nd day of July, 2012, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

                                                                  /s/ Phillip J. Meitl