IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | x . | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | . . | Case No 08-35653 (KRH) |
| Debtors. | . x | Jointly Administered |

## RESPONSE TO LIQUIDATING TRUST'S THIRTY-NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS- MITIGATION)

Berkadia Commercial Mortgage, LLC, ("Berkadia") successor-in- interest to Capmark Finance, Inc. on behalf of Bank of America National Association as Successor by Merger to LaSalle Bank National Association fka LaSalle National (the "Claimholder"), by and through its counsel Bryan Cave LLP, hereby files this Response to Liquidating Trust's Thirty-Ninth Omnibus Objection To Landlord Claims (Reduction of Certain Invalid Claims-Mitigation) (the "Objection"), and states as follows:

1. The Bankruptcy Trustee has objected to the proof of claim number 9488 (the "Claim") filed by Claimholder alleging that Claimholder has not meet its mitigation burden. The Objection offers no explanation for Debtors' basis for seeking a reduction of the Claim.

2. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

3. After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence. See in re Hemingway Transp. Inc. 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the

proof of claim of presumptive validity unless the objection is supported by substantial evidence"); In re Harford Sands, Inc. 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); In re Gran, 964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

4. The Trustee bears the burden of proof for the disallowance of any portion of the Claim. See In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y 1995).

5. The Trustee has asserted no evidence whatsoever, that Claimholder has failed to mitigate its damages.

6. Based on information and belief, Claimholder has been marketed and sold the property that is the subject of its Claim, and therefore has mitigated its damages.

7. Because Trustee has produced no evidence whatsoever in support of the proposed reduction, the Trustee has failed to meet its burden of proof.

WHEREFORE, Claimholder respectfully requests that the Court (a) overrule the Objection as it relates to the Claim; (b) allow the Claim as provided in Claimholder's proof of claim; and (c) grant Claimholder such other and further relief as this Court deems appropriate under the circumstances.

Dated: June 22, 2012

BRYAN CAVE LLP

By:/s/ *Philip J. Meitl*
Philip J. Meitl (VA Bar No. 73215)
Bryan Cave LLP
1155 F Street NW, Suite 700, Washington DC 20004
(202) 508-6000 (phone)

AND

By:/s/ *Keitha M. Wright*
Keith M. Aurzada
State Bar No. 24009880
Keitha M. Wright
State Bar No. 24075310
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 468-3800 (Phone)
(214) 468-3888 (Fax)

Attorneys for Claimholder

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 2nd day of July, 2012, a true and correct copy of the above foregoing instrument was sent to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

/s/ *Phillip J. Meitl*