AUDIO VIDEO COMPUTERS

APPLIANCES

CIRCUIT CITY STORES INC.
9950 MAYLAND DRIVE
RICHMOND VA. 23233

SECTION SIGN

LETTER DETAIL — SIGN



R-95%

804 527 4165        02-02-94 01:35PM  P004 #08

CIRCUIT CITY STORES INC.
9950 MAYLAND DRIVE
RICHMOND VA. 23233

AUDIO

VIDEO

COMPUTERS

CIRCUIT CITY

APPLIANCES

TYPICAL FRONT ELEVATION

<u>EXHIBIT "E-1"</u>

SIGN PLANS

(See Attached)

Schedule E-1



This exhibit is not a representation as to the identity, size, location, opening site, or construction timing of any tenant or facility or occupancy of any building within Orangefair Marketplace. Landlord reserves the right to change, alter, modify, delete or add buildings, structures, landscaping and parking to and from Orangefair Marketplace.

SIGN 1.6
1. CIRCUIT CITY (P)
2. CIRCUIT CITY (P)
3. CIRCUIT CITY (P)
4. MICHAEL'S (P)

SIGN 1.5
1. MARSHALLS
2. ROSS
3. HOMEBASE
4. DISCOVERY ZONE

SIGN 2.5
1.
2. BEREAN

SIGN 1.1
1. CIRCUIT CITY (P)
2. CIRCUIT CITY (P)
3.
4. MICHAEL'S (P)

SIGN 1.2
1. HOMEBASE
2. MARSHALLS
3. ROSS
4. DISCOVERY ZONE

SIGN 2.1
1. SERVICE MERCH.
2.

SIGN 2.4
1.
2.

SIGN 2.3
1.
2.

SIGN 1.3
1. HOMEBASE
2. MARSHALLS
3. ROSS
4. DISCOVERY ZONE

SIGN 2.2
1. SERVICE MERCH.
2.

SIGNAGE
SOLUTIONS
1338 Allec St
Anaheim, Ca
714 481 · 02
FAX 481 · 04

ITEM
1&2

SIGN TYPE
Pylon &
Monument

OPTION
LOCATION PL

STATUS
Final Design

DATE
2/15/95

QUANTITY

DESIGNER / DRA

SALES
CD

JOB NO.
S-1720-1

PROJECT
Orangefair
Marketplace

SCALE
As shown

P9-

## EXHIBIT "E-2 "

## PYLON SIGN LOCATION AND SCHEMATIC

(See Attached)



PROPOSED MONUMENT SIGN
HIGHWAY 111    SCHEME B

DESERT CROSSING
PALM DESERT, CALIFORNIA
617/94

GLAZED CERAMIC
TILE BAND

INTERNALLY ILLUMINATED
PUSH-THRU LETTERS

EIFS OR PLASTER
WITH PAINTED FINISH

CONCRETE BASE



## Exclusive Uses In Shopping Center

1.  **Discovery Zone:**

    The exclusive right in the Shopping Center to operate a children's recreational, fitness, play and party facility in the Shopping Center, for so long as the Demised Premises is used for such exclusive right.

2.  **Holiday Health Spa:**

    The exclusive right to operate a spa and health club in the Shopping Center. No figure salon, health club, spa, or similar business shall be allowed in the Shopping Center by Lessor.

Exhibit "F-1"

<u>EXHIBIT "F-1"</u>

EXCLUSIVE USE RIGHTS/RESTRICTIVE COVENANTS


(TO BE ATTACHED WITHIN TEN (10) DAYS FOLLOWING LEASE DATE)


Notwithstanding anything contained in this <u>Exhibit "F-1"</u> to the contrary, nothing contained herein shall be construed to prohibit the exercise of the rights and privileges granted to the Tenant under the Lease, including but not limited to the Tenant's exclusive use rights set forth in paragraph 18 of the Lease.

## EXHIBIT "F-2"

### PERMITTED TITLE ENCUMBRANCES

(See Attached)


Notwithstanding anything contained in this Exhibit "F-2" to the contrary, nothing contained herein shall be construed to prohibit the exercise of the rights and privileges granted to the Tenant under the Lease, including but not limited to the Tenant's exclusive use rights set forth in paragraph 18 of the Lease.

Alta Plain
Language Commitment

**OR-9533667**
TITLE OFFICER - HUETER

## SCHEDULE B - SECTION 2

## EXCEPTIONS

ANY POLICY WE ISSUE WILL HAVE THE FOLLOWING EXCEPTIONS UNLESS THEY ARE TAKEN CARE OF TO OUR SATISFACTION. THE PRINTED EXCEPTIONS AND EXCLUSIONS FROM THE COVERAGE OF THE POLICY OR POLICIES ARE SET FORTH IN EXHIBIT A ATTACHED. COPIES OF THE POLICY FORMS SHOULD BE READ. THEY ARE AVAILABLE FROM THE OFFICE WHICH ISSUED THIS COMMITMENT.

1. GENERAL AND SPECIAL TAXES FOR THE FISCAL YEAR 1995-1996, A LIEN NOT YET DUE OR PAYABLE.

2. THE LIEN OF SUPPLEMENTAL TAXES ASSESSED PURSUANT TO CHAPTER 3.5 COMMENCING WITH SECTION 75 OF THE CALIFORNIA REVENUE AND TAXATION CODE.

3. AN EASEMENT AS SHOWN ON THE MAP OF SAID TRACT.
   FOR:         PIPELINES AND INCIDENTAL PURPOSES.
   OVER:        THE EASTERLY 9 FEET OF BLOCK 2.

4. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED FEBRUARY 28, 1929 IN BOOK 246, PAGE 282 OF OFFICIAL RECORDS,
   FOR:         HIGHWAY AND INCIDENTAL PURPOSES.
   OVER:        A PORTION OF THE LAND.

NOTE: SAID DEED FURTHER CONTAINS A WAIVER IN FAVOR OF THE STATE OF CALIFORNIA OF ANY CLAIMS FOR DAMAGES TO SAID LAND BY REASON OF THE LOCATION, CONSTRUCTION, LANDSCAPING OR MAINTENANCE OF A HIGHWAY OF FREEWAY CONTIGUOUS THERETO.

5. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED NOVEMBER 18, 1929 IN BOOK 325, PAGE 281 OF OFFICIAL RECORDS,
   FOR:         STRAIGHTENING, WIDENING AND OPENING OF LEMON STREET AND INCIDENTAL PURPOSES.
   OVER:        A PORTION OF THE LAND.

6. AN AGREEMENT FOR COMMON ROADWAY AND COVENANTS FOR EASEMENTS DATED AUGUST 8, 1955, EXECUTED BY AND BETWEEN ORANGEFAIR CENTER INC., MAHACA ENTERPRISES, INC., AND PFENINGER DEVELOPMENT CORPORATION, RECORDED NOVEMBER 28, 1955 IN BOOK 3296, PAGE 113 OF OFFICIAL RECORDS, UPON THE TERMS, PROVISIONS, COVENANTS AND CONDITIONS CONTAINED THEREIN.

7. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED FEBRUARY 20, 1956 IN BOOK 3404, PAGE 536 OF OFFICIAL RECORDS,
   FOR:         STREET, PUBLIC UTILITIES AND INCIDENTAL PURPOSES.
   OVER:        PORTIONS OF THE LAND.

8. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED SEPTEMBER 13, 1956 IN BOOK 3642, PAGE 477 OF OFFICIAL RECORDS,
   FOR:         SEWER, WATER FACILITIES AND INCIDENTAL PURPOSES.
   OVER:        A PORTION OF THE LAND.

INSTRUMENT RECORDED IN BOOK 3680, PAGE 532-120 OF OFFICIAL RECORDS,
IN FAVOR OF: SOUTHERN CALIFORNIA EDISON COMPANY.
OVER:          PORTIONS OF THE LAND.

NOTE:  PORTIONS OF SAID EASEMENT WERE QUITCLAIMED BY DOCUMENTS RECORDED APRIL 5, 1966 IN BOOK 7891, PAGE 411, AND RECORDED MAY 2, 1983 AS INSTRUMENT NO. 83-183730, BOTH OF OFFICIAL RECORDS.

10. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED DECEMBER 7, 1956 IN BOOK 3736, PAGE 443 OF OFFICIAL RECORDS,
FOR:          SEWER, WATER AND INCIDENTAL PURPOSES.
OVER:         A PORTION OF THE LAND.

11. A RECIPROCAL EASEMENT AGREEMENT, DATED AUGUST 10, 1964, EXECUTED BY AND BETWEEN H. GLENN OLSON, GERALDINE WILLIAMS OLSON, C. DEAN OLSON, ALMA MAY OLSON, AND BOFAIR DEVELOPMENT CORPORATION, RECORDED DECEMBER 18, 1964 IN BOOK 7351, PAGE 74 OF OFFICIAL RECORDS, UPON THE TERMS, PROVISIONS AND CONDITIONS CONTAINED THEREIN.

NOTE:  AN AMENDMENT TO RECIPROCAL EASEMENT AGREEMENT, DATED MARCH 14, 1966, RECORDED APRIL 14, 1966 IN BOOK 7900, PAGE 718 OF OFFICIAL RECORDS.

12. AN EASEMENT FOR EITHER OR BOTH UNDERGROUND LINES, CONDUITS AND INCIDENTAL PURPOSES, INCLUDING ABOVE-GROUND APPURTENANT FIXTURES, AS SET FORTH IN AN INSTRUMENT RECORDED IN BOOK 7905, PAGE 704 OF OFFICIAL RECORDS.
IN FAVOR OF: SOUTHERN CALIFORNIA EDISON COMPANY.
OVER:          PORTIONS OF THE LAND.

13. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED JUNE 13, 1966 IN BOOK 7958, PAGE 27 OF OFFICIAL RECORDS,
FOR:          SEWER, WATER FACILITIES AND INCIDENTAL PURPOSES.
OVER:         A PORTION OF THE LAND.

14. AN EASEMENT FOR EITHER OR BOTH UNDERGROUND LINES, CONDUITS AND INCIDENTAL PURPOSES, INCLUDING ABOVE-GROUND APPURTENANT FIXTURES, AS SET FORTH IN AN INSTRUMENT RECORDED IN BOOK 8088, PAGE 688 OF OFFICIAL RECORDS.
IN FAVOR OF: THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY.
OVER:          PORTIONS OF THE LAND.

15. AN EASEMENT FOR EITHER OR BOTH UNDERGROUND LINES, CONDUITS AND INCIDENTAL PURPOSES, INCLUDING ABOVE-GROUND APPURTENANT FIXTURES, AS SET FORTH IN AN INSTRUMENT RECORDED IN BOOK 11293, PAGE 1607 OF OFFICIAL RECORDS.
IN FAVOR OF: SOUTHERN CALIFORNIA EDISON COMPANY.
OVER:          A PORTION OF THE LAND.

16. AN EASEMENT FOR EITHER OR BOTH UNDERGROUND LINES, CONDUITS AND INCIDENTAL PURPOSES, INCLUDING ABOVE-GROUND APPURTENANT FIXTURES, AS SET FORTH IN AN INSTRUMENT RECORDED IN BOOK 11648, PAGE 254 OF OFFICIAL RECORDS.
IN FAVOR OF: SOUTHERN CALIFORNIA EDISON COMPANY.
OVER:          A PORTION OF THE LAND.

17. AN EASEMENT FOR EITHER OR BOTH UNDERGROUND LINES, CONDUITS AND INCIDENTAL PURPOSES, INCLUDING ABOVE-GROUND APPURTENANT FIXTURES, AS SET FORTH IN AN INSTRUMENT RECORDED IN BOOK 11754, PAGE 1708 OF OFFICIAL RECORDS.
IN FAVOR OF: THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY.
OVER:          A PORTION OF THE LAND.

18. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED MAY 4, 1983 AS INSTRUMENT NO. 83-188425 OF OFFICIAL RECORDS,
FOR:           SIDEWALKS, PUBLIC UTILITIES AND INCIDENTAL PURPOSES.
OVER:          A PORTION OF THE LAND.

19. AN EASEMENT FOR EITHER OR BOTH UNDERGROUND LINES, CONDUITS AND INCIDENTAL PURPOSES, INCLUDING ABOVE-GROUND APPURTENANT FIXTURES, AS SET FORTH IN AN INSTRUMENT RECORDED MAY 27, 1983 AS INSTRUMENT NO. 83-225093 OF OFFICIAL RECORDS.
OVER:          PORTIONS OF THE LAND.

20. AN UNRECORDED LEASE DATED MARCH 11, 1982, EXECUTED BY ORANGEFAIR COMPANY, AS LESSOR, AND CENTURY HEALTH SPA, INC., AS LESSEE, FOR THE TERM, AND UPON THE TERMS, COVENANTS AND CONDITIONS PROVIDED, AS DISCLOSED BY MEMORANDUM RECORDED APRIL 12, 1983 AS INSTRUMENT NO. 83-153195 OF OFFICIAL RECORDS.

NOTE 1: THE LESSEE'S INTEREST UNDER SAID LEASE HAS BEEN ASSIGNED TO FULLERTON BUILDING, BY ASSIGNMENT WHICH RECORDED APRIL 12, 1983 AS INSTRUMENT NO. 83-153196 OF OFFICIAL RECORDS, REFERENCE BEING HEREBY MADE TO THE RECORD THEREOF FOR FULL PARTICULARS.

NOTE 2: AN INSTRUMENT DECLARING A MODIFICATION OR AMENDMENT OF SAID LEASE WAS RECORDED APRIL 12, 1983 AS INSTRUMENT NO. 83-153197 OF OFFICIAL RECORDS.

NOTE 3: A DEED OF TRUST, (COVERING THE LEASEHOLD ESTATE CREATED BY SAID LEASE), TO SECURE AN INDEBTEDNESS OF $1,200,000.00 RECORDED APRIL 12, 1983 AS INSTRUMENT NO. 83-153199 OF OFFICIAL RECORDS.
DATED:          JANUARY 19, 1983.
TRUSTOR:       FULLERTON BUILDING.
TRUSTEE:       UNION BANK, A CALIFORNIA CORPORATION.
BENEFICIARY:   UNION BANK, A CALIFORNIA CORPORATION.

NOTE 4: AN ASSIGNMENT OF REAL PROPERTY LEASE, AS ADDITIONAL SECURITY FOR THE PAYMENT OF THE INDEBTEDNESS SECURED BY THE DEED OF TRUST WHICH WAS RECORDED APRIL 12, 1983 AS INSTRUMENT NO. 83-153199 OF OFFICIAL RECORDS.
RECORDED:      APRIL 12, 1983 AS INSTRUMENT NO. 83-153200 OF OFFICIAL RECORDS.
EXECUTED BY:   FULLERTON BUILDING.
TO:            UNION BANK.

Alta Plain
Language Commitment

**OR-9533667**
TITLE OFFICER - HUETER

NOTE 5: A DEED OF TRUST, (COVERING THE LEASEHOLD ESTATE CREATED BY SAID LEASE), TO
SECURE AN INDEBTEDNESS OF $1,200,000.00 RECORDED MARCH 20, 1984 AS INSTRUMENT NO. 84-
114850 OF OFFICIAL RECORDS.
DATED:            JANUARY 30, 1984.
TRUSTOR:          FULLERTON BUILDING, A CALIFORNIA GENERAL PARTNERSHIP.
TRUSTEE:          T. D. SERVICE COMPANY.
BENEFICIARY:      GOLDEN STATE SANWA BANK, A CORPORATION.

NOTE 6:  AN ASSIGNMENT OF LEASE AS ADDITIONAL SECURITY FOR THE PAYMENT OF THE
INDEBTEDNESS SECURED BY THE DEED OF TRUST WHICH RECORDED MARCH 20, 1984 AS
INSTRUMENT NO. 84-114850 OF OFFICIAL RECORDS.
RECORDED:         MARCH 20, 1984 AS INSTRUMENT NO. 84-114851 OF OFFICIAL RECORDS.
EXECUTED BY:      FULLERTON BUILDING.
TO:               GOLDEN STATE SANWA BANK.

NOTE 7: A DEED OF TRUST, (COVERING THE LEASEHOLD ESTATE CREATED BY SAID LEASE), TO
SECURE AN INDEBTEDNESS OF $2,000,000.00 RECORDED JANUARY 28, 1985 AS INSTRUMENT
NO. 85-029650 OF OFFICIAL RECORDS.
DATED:            DECEMBER 14, 1984.
TRUSTOR:          FULLERTON BUILDING, A CALIFORNIA GENERAL PARTNERSHIP.
TRUSTEE:          T.D. SERVICE COMPANY.
BENEFICIARY:      GOLDEN STATE SANWA BANK, A CORPORATION.

NOTE 8: A FINANCING STATEMENT RECORDED JUNE 7, 1991 AS INSTRUMENT NO.
91-289639 OF OFFICIAL RECORDS, SHOWING
DEBTOR:           HOLIDAY SPA HEALTH CLUBS OF CALIFORNIA, DBA HOLIDAY SPA
                  HEALTH CLUB.
SECURED PARTY:    BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, AS
                  COLLATERAL AGENT.
DATED:            MAY 15, 1991.

NOTE 9: A FINANCING STATEMENT RECORDED JUNE 7, 1991 AS INSTRUMENT NO.
91-289640 OF OFFICIAL RECORDS, SHOWING
DEBTOR:           HOLIDAY SPA HEALTH CLUBS OF CALIFORNIA, INC.
SECURED PARTY:    BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, AS
                  COLLATERAL AGENT.
DATED:            MAY 15, 1991.

NOTE 10: AN ACTION COMMENCED MARCH 31, 1992 AND NOW PENDING IN THE SUPERIOR COURT
OF CALIFORNIA FOR ORANGE COUNTY, CASE NO. 685526.
PLAINTIFF:   DELOITTE & TOUCHE, A PARTNERSHIP.
DEFENDANT:   CARMEN BARATTA, AN INDIVIDUAL; BETTY BARATTA, AN INDIVIDUAL; WILLIAM
             HUBNER, AN INDIVIDUAL; JOHN LASPIA, JR., AN INDIVIDUAL; SANTA MONICA
             SWIM AND HEALTH CLUB, INC., A CORPORATION; CENTURY HEALTH SPAS, INC.,
             A CORPORATION; AMERICAN HEALTH AND FITNESS SPAS, INC., A CORPORATION,
             SAN DIEGO SPAS, INC., A CORPORATION, LAKEWOOD HEALTH SPA, INC., A
             CORPORATION, PARIS FOUR SPAS, INC., A CORPORATION; JACK LA LANNE'S
             AMERICAN AND EUROPEAN HEALTH AND FITNESS SPAS, AN ENTITY; HEALTH
             INDUSTRIES, INC., A CORPORATION; MARSHALL'S MANAGEMENT, A
             CORPORATION; EUROPEAN HEALTH SPAS, INC., A CORPORATION; AM
             CONSULTANTS, INC., A CORPORATION, A/K/A A.M. CONSULTANTS, INC.; BARATTA

PAGE 10

MANAGEMENT, INC., A CORPORATION; HOLIDAY SPA CORPORATION, A CORPORATION; HOLIDAY SPA CORP., A CORPORATION; AND DOES 1 THROUGH 50 INCLUSIVE.

TO/FOR:      SET ASIDE DEFENDANTS' ALLEGED FRAUDULENT CONVEYANCE; AND TO IMPOSE A CONSTRUCTIVE TRUST.

NOTICE OF PENDENCY OF SAID ACTION WAS RECORDED APRIL 1, 1992 AS INSTRUMENT NO. 92-202548 OF OFFICIAL RECORDS.

21. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED JUNE 20, 1983 AS INSTRUMENT NO. 83-261702 OF OFFICIAL RECORDS,
FOR:       SIDEWALKS, PUBLIC UTILITIES AND INCIDENTAL PURPOSES.
OVER:      PORTIONS OF THE LAND.

22. AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED JUNE 20, 1983 AS INSTRUMENT NO. 83-261703 OF OFFICIAL RECORDS,
FOR:       STREET, PUBLIC UTILITIES AND INCIDENTAL PURPOSES.
OVER:      PORTIONS OF THE LAND.

23. AN UNRECORDED LEASE DATED FEBRUARY 28, 1983, EXECUTED BY ORANGEFAIR COMPANY, AS LESSOR, AND MARSHALLS OF FULLERTON, CA., INC., AS LESSEE, FOR THE TERM, AND UPON THE TERMS, COVENANTS AND CONDITIONS PROVIDED THEREIN, AS DISCLOSED BY SHORT FORM OF LEASE RECORDED AUGUST 9, 1983 A INSTRUMENT NO. 83-344289 OF OFFICIAL RECORDS.

24.   AN UNRECORDED LEASE DATED JANUARY 7, 1988, EXECUTED BY THE ORANGEFAIR COMPANY, A CALIFORNIA PARTNERSHIP AS LESSOR, AND WDI MUNDY CALIFORNIA, INC., A CALIFORNIA CORPORATION AS LESSEE, FOR THE TERM, AND UPON THE TERMS, COVENANTS AND CONDITIONS PROVIDED THEREIN, AS DISCLOSED BY A MEMORANDUM OF LEASE RECORDED JANUARY 8, 1988 AS INSTRUMENT NO. 88-010314 OF OFFICIAL RECORDS.

NOTE: THE LESSEE'S INTEREST UNDER SAID LEASE HAS BEEN ASSIGNED TO WDI MUNDY CALIFORNIA, INC., A CALIFORNIA CORPORATION AND WDI MUNDY FULLERTON, INC., A CALIFORNIA CORPORATION BY ASSIGNMENT WHICH RECORDED APRIL 10, 1991 AS INSTRUMENT NO. 91-166559 OF OFFICIAL RECORDS, REFERENCE BEING HEREBY MADE TO THE RECORD THEREOF FOR FULL PARTICULARS.

25. AN UNRECORDED LEASE DATED JUNE 7, 1988, EXECUTED BY THE ORANGEFAIR COMPANY, A CALIFORNIA PARTNERSHIP AS LESSOR, AND INTERNATIONAL KING'S TABLE, INC., AN OREGON CORPORATION AS LESSEE, FOR THE TERM, AND UPON THE TERMS, COVENANTS AND CONDITIONS PROVIDED THEREIN, AS DISCLOSED BY A MEMORANDUM OF LEASE RECORDED JUNE 9, 1988 AS INSTRUMENT NO. 88-273204 OF OFFICIAL RECORDS.

NOTE 1: A DEED OF TRUST, (COVERING THE LEASEHOLD ESTATE CREATED BY SAID LEASE), TO SECURE AN INDEBTEDNESS OF $53,000,000.00 RECORDED JANUARY 5, 1989 AS INSTRUMENT NO. 89-006075 OF OFFICIAL RECORDS.
DATED:         JUNE 13, 1988.
TRUSTOR:       INTERNATIONAL KING'S TABLE, INC.
TRUSTEE:       TICOR TITLE INSURANCE COMPANY.
BENEFICIARY:   HELLER FINANCIAL, INC.

Alta Plain
Language Commitment

**OR-9533667**
TITLE OFFICER - HUETER

NOTE 2: A FINANCING STATEMENT RECORDED JANUARY 5, 1989 AS INSTRUMENT NO. 89-006078
OF OFFICIAL RECORDS, SHOWING

DEBTOR:                  INTERNATIONAL KING'S TABLE, INC.
SECURED PARTY:           HELLER FINANCIAL INC.
DATED:                   JUNE 13, 1988.

NOTE 2A: A CONTINUATION OF THE FINANCING STATEMENT WAS RECORDED DECEMBER 27, 1993
AS INSTRUMENT NO. 93-0899297 OF OFFICIAL RECORDS.

26.  AN EASEMENT AS SET FORTH IN AN INSTRUMENT RECORDED SEPTEMBER 22, 1988 AS
INSTRUMENT NO. 88-481954 OF OFFICIAL RECORDS,
IN FAVOR OF: CITY OF FULLERTON, A MUNICIPAL CORPORATION.
FOR:          ROAD, PUBLIC UTILITY AND INCIDENTAL PURPOSES.
OVER:         A PORTION OF THE LAND.

27.  A FINANCING STATEMENT RECORDED MARCH 10, 1995 AS INSTRUMENT NO. 95-0098733 OF
OFFICIAL RECORDS, SHOWING

DEBTOR:                  CLOTHESTIME STORES, INC.
SECURED PARTY:           WELLS FARGO BANK, NATIONAL ASSOCIATION AS AGENT FOR
                         ITSELF, UNION BANK.
DATED:                   FEBRUARY 28, 1995.

(NOTE): AN UNRECORDED LEASE AS DISCLOSED BY THE ABOVE FINANCIG STATEMENT AS THE
SAME IS REFERENCED IN ITEM NO. 32.

28.  THE FOLLOWING MATTERS DISCLOSED BY AN A.L.T.A. SURVEY BY JOSEPH C. TRUXAW AND
ASSOCIATES, INC., SIGNED BY JOSEPH C. TRUXAW, L.S. NO. 6871, DATED MARCH 28, 1995, JOB
NO. OFC82027:

(A)   THE FACT THAT THE BUILDINGS, STORAGE FACILITIES, PLANTERS AND LOADING DOCKS
      LOCATED IN BLOCK 1 AND IN BLOCK 2 LIE WITHIN AND ENCROACH ONTO THE EASEMENT
      TO SOUTHERN CALIFORNIA EDISON CO., RECORDED OCTOBER 17, 1956 IN BOOK 3680,
      PAGE 532 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, AND THAT THE
      IMPROVEMENTS LIE PARTIALLY OUTSIDE OF THE RECORD LOCATION.

(B)   THE FACT THAT A RAISED BRICK PLANTER LOCATED IN THE NORTHWEST CORNER OF
      BLOCK 1, LIES UPON AND ENCROACHES ONTO THE EASEMENT TO THE CITY OF
      FULLERTON, RECORDED SEPTEMBER 22, 1988 AS INSTRUMENT NO. 88-481954 OF SAID
      OFFICIAL RECORDS.

(C)   THE FACT THAT 2 BUS KIOSK'S LOCATED ALONG THE NORTHERLY BOUNDARY OF BLOCK
      1, ENCROACH TO A MAXIMUM OF 1.35 FEET SOUTHERLY ONTO THE LAND.

(D)   AN UNRECORDED EASEMENT OR LESSER RIGHT FOR 2 TRAFFIC SIGNALS LOCATED ALONG
      THE NORTHERLY BOUNDARY OF BLOCK 1.

(E)   THE FACT THAT THE RAISED BRICK PLANTERS LOCATED IN THE NORTHEAST CORNER OF
      BLOCK 1 ENCROACH ONTO THE EASEMENT TO THE CITY OF FULLERTON, RECORDED MAY
      4, 1983 AS INSTRUMENT NO. 83-188425 OF SAID OFFICIAL RECORDS.

Alta Plain
Language Commitment

**OR-9533667**
TITLE OFFICER - HUETER

(F)   AN UNRECORDED EASEMENT OR LESSER RIGHT FOR POST INDICATOR VALVES AND A FIRE DEPARTMENT CONNECTOR LOCATED ALONG THE EASTERLY BOUNDARY OF BLOCK 1.

(G)   AN UNRECORDED EASEMENT OR LESSER RIGHT FOR A PEDESTRIAN BUTTON LOCATED IN THE SOUTHWESTERLY PORTION OF BLOCK 1.

(H)   AN UNRECORDED EASEMENT OR LESSER RIGHT FOR VARIOUS ELECTRIC, GAS, WATER, TELEPHONE, STORM DRAIN AND SEWER LINES.

(I)   AN UNRECORDED EASEMENT OR LESSER RIGHT FOR A CONTROL BOX LOCATED ALONG THE WESTERLY PORTION OF BLOCK 2.

(J)   AN UNRECORDED EASEMENT OR LESSER RIGHT FOR A SOUTHERN CALIFORNIA EDISON TRANSFORMER AND PAD LOCATED IN THE SOUTHEASTERLY PORTION OF BLOCK 2.

(K)   THE FACT THAT A SIGN LOCATED ALONG THE EASTERLY BOUNDARY OF BLOCK 2, LIES PARTIALLY ON THE LAND AND PARTIALLY WITHIN THE EASEMENT TO THE CITY OF FULLERTON, RECORDED JUNE 20, 1983 AS INSTRUMENT NO. 83-261702 OF SAID OFFICIAL RECORDS.

(L)   THE FACT THAT THE GARDEN AREA AND THE LOADING DOCK LOCATED ALONG THE SOUTHERLY PORTION OF HOME BASE IN BLOCK 2, LIE WITHIN AND ENCROACH ONTO THE EASEMENT TO SOUTHERN CALIFORNIA EDISON COMPANY, RECORDED APRIL 19, 1966 IN BOOK 7905, PAGE 704 OF SAID OFFICIAL RECORDS.

(M)   THE FACT THAT PLANTERS AND TRASH ENCLOSURES LOCATED THROUGHOUT THE LAND LIE WITHIN AND ENCROACH UPON THE EASEMENT TO THE CITY OF FULLERTON, RECORDED SEPTEMBER 13, 1956 IN BOOK 3642, PAGE 477 OF SAID OFFICIAL RECORDS.

(N)   THE FACT THAT POWER POLES, OVERHEAD WIRES AND MAST ARMS LOCATED ALONG THE SOUTHERLY PORTION OF THE LAND LIE PARTIALLY OUTSIDE OF THE EASEMENT RECORDED AS INSTRUMENT NO. 83-261702 OF OFFICIAL RECORDS.

(O)   THE FACT THAT A CONCRETE CURB LOCATED ALONG THE NORTHERLY, EASTERLY, SOUTHERLY AND WESTERLY BOUNDARIES ENCROACHES ONTO THE LAND FROM THE STREET RIGHT OF WAY AT THE DRIVEWAYS.

(P)   THE FACT THAT A PROPANE TANK LOCATED ON THE LAND WOULD INDICATE UNDERGROUND LINES.

29. A DEED OF TRUST TO SECURE AN INDEBTEDNESS OF $26,000,000.00, RECORDED APRIL 3, 1995 AS INSTRUMENT NO. 95-0139644 OF OFFICIAL RECORDS.

DATED:              MARCH 29, 1995.
TRUSTOR:           THE ORANGEFAIR COMPANY LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.
TRUSTEE:           FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION.
BENEFICIARY:       NOMURA ASSET CAPITAL CORPORATION, A DELAWARE CORPORATION.

OR-9533667
TITLE OFFICER - HUETER

30. THE FACT THAT A VIOLATION OF THE ENVIRONMENTAL PROTECTION LAWS MAY HAVE OCCURRED AFFECTING THE HEREIN DESCRIBED LAND, AS DISCLOSED BY AN INSTRUMENT RECORDED APRIL 3, 1995 AS INSTRUMENT NO. 95-0139644 OF OFFICIAL RECORDS.

31. AN ASSIGNMENT OF LEASES, RENTS AND PROFITS, AS ADDITIONAL SECURITY FOR THE PAYMENT OF THE INDEBTEDNESS SECURED BY THE DEED OF TRUST RECORDED APRIL 3, 1995 AS INSTRUMENT NO. 95-0139644 OFFICIAL RECORDS.
RECORDED:          APRIL 3, 1995 AS INSTRUMENT NO. 95-0139645 OF OFFICIAL RECORDS.
EXECUTED BY:       THE ORANGEFAIR COMPANY LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.
TO:                NOMURA ASSET CAPITAL CORPORATION, A DELAWARE CORPORATION.

32. THE FOLLOWING RECORDED AND UNRECORDED LEASES AS DISCLOSED BY A RENT ROLL ATTACHED TO THE ASSIGNMENT OF RENT AND LEASES RECORDED APRIL 3, 1995 AS INSTRUMENT NO. 95-139645 OF OFFICIAL RECORDS ARE LISTED AS FOLLOWS:

TENANT:

CLOTHESTIME #133
DISCOVERY ZONE
HOMEBASE
MUSIC PLUS
EL POLLO LOCO
SERVICE MERCHANDISE
ROSS STORE
HOLIDAY HEALTH SPA
TONY ROMA
ORANGE COUNTY CURREN
MARSHALL'S
IN CAHOOTS
LADIES CARE
MODERN WOMAN
SAN GLORIOSO BARBER SHOP
CONTINENTAL CLEANERS
BEREAN CHRISTIAN STORE
KING'S TABLE

33. A FINANCING STATEMENT RECORDED APRIL 12, 1995 AS INSTRUMENT NO. 95-152597 OF OFFICIAL RECORDS, SHOWING
DEBTOR:            THE ORANGEFAIR COMPANY LLC.
SECURED PARTY:     NOMURA ASSET CAPITAL CORPORATION.
DATED:             (NONE SHOWN).

34. RIGHTS OF PARTIES IN POSSESSION OF THE LAND BY REASON OF UNRECORDED LEASES, IF ANY.

* * * * * * * *

EXHIBIT "G"

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

_____

_____

_____


### SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT

This Agreement, made as of the _____ day of _____,
1995 between NOMURA ASSET CAPITAL CORPORATION, having an office
at 2 World Financial Center, Building B, New York, New York
10281-1198, Attention:  President (the "Lender") and [_____
_____] corporation, having an office at [_____
_____], Attention: [_____] (the
"Tenant");

### W I T N E S S E T H:

WHEREAS, Tenant is the tenant under that certain Lease (the
"Lease"), dated as of _____, as amended, _____
_____, between The Orangefair Company LLC, a
California limited liability company, as landlord (together with
its successor and assigns, the "Landlord"), and Tenant, as
tenant, which Lease demises certain premises (the "Premises")
constituting a portion of the shopping center commonly known as
The Orangefair Marketplace Shopping Center, in the City of
Fullerton, County of Orange, State of California as more
particularly described in Exhibit A annexed hereto.

WHEREAS, Lender has made a mortgage loan (the "Loan") to
Landlord, which Loan is secured by a certain deed of trust (the
"Mortgage") encumbering certain property owned by Landlord which
includes the Premises (the "Property");

WHEREAS, Lender and Tenant want to confirm the subordination
of the Lease to the Mortgage on the terms hereinafter set forth;
and

WHEREAS, Tenant wants to be assured of the continued
possession of the Premises.

J:\24\blak\orange\CCSubord.agt
06/28/95

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, Lender and Tenant hereby agree as follows:

1.     The Lease and any extensions, renewals, replacements or modifications thereof and all of the right, title and interest of Tenant thereunder in and to the Premises (including, without limitation, any and all options to purchase the Premises and rights of first refusal or offer held by Tenant with respect to the Premises, if any) shall be subject and subordinate to the lien of the Mortgage, and to all of the terms and conditions of the Mortgage, and to all renewals, modifications, consolidations, replacements and extensions thereof, any transfer of title to the Premises to Lender or its designee in connection with the Loan and related transactions.

2.     So long as Tenant shall not be in default under any material terms of the Lease beyond the expiration of any applicable grace or cure period, Lender shall not name or join Tenant as a party defendant in any action or proceeding to foreclose the Mortgage, terminate this Lease, or otherwise take any action which may adversely affect Tenant's rights thereunder unless Tenant or any person claiming through or under Tenant is deemed a necessary party by the court, in which event such party may be named or joined but such naming or joining shall not otherwise be in derogation of the rights of Tenant set forth in this Agreement.

3.     If Lender or its designee shall succeed to the interest of Landlord, whether through possession or foreclosure action or a deed in lieu of foreclosure, or if the Property shall be sold as a result of any action or proceeding to foreclose the Mortgage or deed in lieu thereof,

(i)     The Lease shall continue in full force and effect as a direct lease between Tenant and Lender, its designee, or the purchaser of the Premises, as the case may be,

(ii)     Upon written notice to Tenant from Lender, its designee or the purchaser of the Premises, Tenant shall and does hereby attorn to and recognize Lender, its designee, or the purchaser of the Premises, as the case may be, as Tenant's landlord under the Lease, and Lender, its designee or such purchaser shall, subject to the terms hereof, accept such attornment and recognize Tenant as Lender's, its designee's or such purchaser's tenant under the Lease, said attornment to be effective and self-operative without the execution of any further instruments on the part of any of the parties hereto immediately upon

Lender, its designee or such purchaser succeeding to the
interest of Landlord in the Premises.

    (iii)    Lender, its designee or such purchaser shall
not:

    (a)  be bound by any prepayment of rents,
additional rents or other sums which Tenant has paid
more than one (1) month in advance,

    (b)  be bound by any amendment, modification,
termination or surrender of the Lease made without the
written consent of Lender, which consent shall not be
unreasonably withheld or delayed,

    (c)  be liable for the return of rental security
deposits, if any, deposited with any Landlord or prior
landlord unless such sums are actually received by
Lender, its designee or such purchaser.

    (d)  be personally liable under the Lease, and
Lender's, its designee's or such purchaser's liability
under the Lease shall be limited to its ownership
interest in the Premises, or

    (e)  be subject to or bound by any provision in
the Lease with respect to any options to purchase or
rights of first refusal or offer granted to Tenant
thereunder unless any such right has been specifically
consented to by Lender in a writing signed by Lender
separate and apart from the Lease.

    4.    Tenant shall use Tenant's reasonable best efforts to
provide Lender with copies of all written notices of default sent
to Landlord pursuant to the Lease simultaneously with
transmission of such notices to Landlord. However, in the event
of the occurrence of any act or omission by Landlord which
constitutes a default by Landlord under the Lease and which would
entitle Tenant, immediately or after notice to Landlord, the
lapse of time or both, to cancel or otherwise terminate the
Lease, then, notwithstanding any provisions of the Lease to the
contrary, Tenant's exercise of such right of cancellation or
termination shall not be effective unless and until (i) Tenant
has given written notice of such act or omission to Lender, and
(ii) such time period for remedying such default shall have
elapsed following the giving of such notice to Lender.  Under no
circumstances shall Lender be obligated to remedy such act or
omission of Landlord.

            as permitted under the Lease

5.   All notices, consents, and other communications required or permitted pursuant to the provisions of this Agreement shall be in writing and shall be sent by registered or certified mail, return receipt requested, postage prepaid, and shall be deemed given when postmarked and addressed as follows:

If to Lender:

At the address hereinabove designated

with a copy to:

Rosenman & Colin
575 Madison Avenue
New York, New York 10022
Attention:  Michael Peskowitz, Esq.

If to Tenant:

At the address hereinabove designated.

Each party may designate a change of address by notice to the other parties, given in the manner provided for in this Paragraph, which notice shall be given at least fifteen (15) days before such change of address is to become effective.

8.   The provisions of this Agreement shall bind and inure to the benefit of the parties hereunder and their successors and assigns.  This Agreement may be executed in counterparts.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date and year first above written.

[_____], as Tenant

By:_____
     Name:
     Title:

NOMURA ASSET CAPITAL CORPORATION,
as Lender

By:_____
     Name:
     Title:

4

STATE OF _____ )
                           ) ss.
COUNTY OF _____ )

**CAPACITY CLAIMED BY SIGNER:**

On _____ 1995, before me,
_____, a Notary
Public, personally appeared _____
_____ personally known to
me or proved to me on the basis of
satisfactory evidence to be the
person(s) whose name(s) is/are
subscribed to the within instrument and
acknowledged to me that he/she/they
executed the same in his/her/their
authorized capacity, and that by
his/her/their signature(s) on the
instrument the person(s) or the entity
upon behalf of which the person(s)
acted, executed the instrument.

WITNESS my hand and official seal.

_____

j:24\bilak\oesage\CC3sbord.agt
06/28/95

5

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

CAPACITY CLAIMED BY
SIGNER:

On _____ 1995, before me,
_____, a Notary
Public, personally appeared _____
_____ personally known to
me or proved to me on the basis of
satisfactory evidence to be the
person(s) whose name(s) is/are
subscribed to the within instrument and
acknowledged to me that he/she/they
executed the same in his/her/their
authorized capacity, and that by
his/her/their signature(s) on the
instrument the person(s) or the entity
upon behalf of which the person(s)
acted, executed the instrument.

WITNESS my hand and official seal.

_____

j:24\bilak\onnego\CCBubord.sgt
06/28/95

6

## EXHIBIT "G"

## SUBORDINATION, NON-DISTURBANCE AND

## ATTORNMENT AGREEMENT

(Ground Lease)

THIS AGREEMENT, dated the _____ day of _____, 199____, between _____, a _____ ("Ground Lessor"), and CIRCUIT CITY STORES, INC., a Virginia corporation ("Tenant").

### W I T N E S E T H :

(a) Tenant has entered into a certain lease (the "Lease") dated _____, _____ with _____ ("Landlord"), covering premises located within that certain property known as _____ Shopping Center, located in the City of _____, _____ County, _____, and more particularly described in <u>Schedule A</u> hereto; and

(b) Ground Lessor has entered into a Lease with Landlord as evidenced and recorded _____, 199_____ in the land records of _____ County, _____, in Book _____ at page _____ (the "Ground Lease"), covering the property described in <u>Schedule A</u>; and the parties hereto desire to set forth their agreement with regard to the priority of the Ground Lease and the effect thereof on Tenant and its leasehold interest in the aforesaid premises, as set forth below.

NOW, THEREFORE, in consideration of the premises and of the sum of One Dollar ($1.00) by each party in hand paid to the other, the receipt of which is hereby acknowledged, the parties hereby agree as follows:

1. The Lease is a sublease and shall be subordinate to the Ground Lease insofar as it affects the real property of which the premises form a part thereof.

1

2.    Tenant agrees that it will attorn to Ground Lessor and any successor to the Ground Lessor by deed or otherwise as its Landlord for the unexpired balance (and any extensions, if exercised) of the term of the Lease upon the same terms and conditions set forth in the Lease, in the event of a termination of the Ground Lease.

3.    In the event that it should become necessary to terminate the Ground Lease, Ground Lessor thereunder will not terminate the Lease nor join Tenant in summary proceedings so long as Tenant is not in default under any of the material terms, covenants, or conditions of the Lease, beyond any applicable cure period provided in the Lease.

4.    Ground Lessor consents to the application of casualty and condemnation proceeds in accordance with paragraphs 15 and 16 of the Lease between Landlord and Tenant, whether or not the Ground Lease has been terminated.

5.    In the event that Ground Lessor shall succeed to the interest of Landlord under the Lease, Ground Lessor shall not be:

(a) liable for any act or omission of any prior lessor (including Landlord); or

(b) liable for the return of any security deposits unless delivered to Ground Lessor; or

(c) bound by any rent or other periodic payments which Tenant might have paid for more than the current month to any prior lessor (including Landlord); or

(d) bound by any amendment or modification of the Lease made without its consent, which consent shall not be unreasonably withheld or delayed.

6.    Notwithstanding anything contained herein to the contrary, it is expressly understood and agreed that in the event that Landlord defaults in the

2

payment of the Tenant Improvement Allowance, as defined in the Lease, and Ground Lessor terminates the Lease, Ground Lessor shall become liable for payment of the Tenant Improvement Allowance to Tenant, and Tenant shall otherwise be entitled to effect a Transfer all in accordance with the terms of the Lease.

7.    This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their successors and assigns.

IN WITNESS WHEREOF, the parties hereto have executed these presents the day and year first above written.

ATTEST:                          CIRCUIT CITY STORES, INC.,
                                 a Virginia corporation


_____          By:_____
_____          _____



ATTEST:                          COMPANY NAME


_____          By:_____
_____          _____



Note: Attach appropriate notary blocks for the State.

3

## EXHIBIT "H"

### MEMORANDUM OF LEASE

This Memorandum of Lease is made this _____ day of _____ __, 1995, between The Orangefair Company LLC, a California limited liability company (hereinafter referred to as "Landlord"), and CIRCUIT CITY STORES WEST COAST, INC., a California corporation (hereinafter referred to as "Tenant").
W I T N E S E T H:

Landlord and Tenant have entered into a Lease (the "Lease") dated _____, 1995, whereby Landlord has leased to Tenant a portion of real property (the "Premises"), located within the Orangefair Mall (the "Shopping Center"), the legal description of which Shopping Center is set forth on Exhibit "A-1" attached hereto. The Lease contains provisions and rights appurtenant to the Premises, some of which are as follows:

I.     Term. The term of the Lease is for a period of twenty (20) years, commencing on the Commencement Date (as established in the Lease). Thereafter, Tenant has the right under the Lease to renew and extend the term of the Lease for two (2) successive periods of five (5) years each and thereafter for an additional period of four (4) years.

II.    Exclusive Use Rights. The Lease provides that Tenant shall, subject to certain limitations, enjoy the sole and exclusive privilege in the Shopping Center to sell or rent consumer, office and automotive electronics products (which include, but shall not be limited to, televisions, stereos, speakers and video recorders and players), computer hardware and software, entertainment software and entertainment media (which include, but shall not be limited to, records, game cartridges, video tapes, cassettes and compact discs), cellular telephones, household appliances (which include, but shall not be limited to, refrigerators, freezers, stoves, microwave ovens, vacuum cleaners and dishwashers) and related goods, and the sale and installation of motor vehicle audio, stereo and telephone systems.

III.   Successors. The covenants, conditions and agreements made and entered into by the parties hereto shall be binding upon and inure to the benefits of their respective heirs, administrators, executors, representatives, successors and assigns.

IV.    Incorporation of Lease. All terms and conditions of the Lease are hereby incorporated herein by reference as if fully set forth herein.

V.     Conflicts with Lease. This Memorandum of Lease is solely for notice and recording purposes and shall not be construed to alter modify, expand, diminish or supplement the provisions of the Lease. In the event of any

1

inconsistency between the provisions of this Memorandum of Lease and the provisions of the Lease, the provisions of the Lease shall govern.

IN WITNESS WHEREOF, this Memorandum of Lease has been duly executed by the parties hereto as of the day and year first above written.

The Orangefair Company LLC,
a California General Partnership


By:_____
Name:_____
Title:_____


CIRCUIT CITY STORES WEST COAST, INC.,
a California corporation


By:_____
Name:_____
Title:_____


Notaries Attached

## EXHIBIT "I"

## COMMENCEMENT DATE AGREEMENT

THIS AGREEMENT, made as of this _____ day of _____, 19___, between _____ (herein called "Landlord"), and CIRCUIT CITY STORES, INC. (herein called "Tenant").

## W I T N E S E T H :

WHEREAS, Landlord is the owner of certain premises situated in _____, _____ County, _____ (herein called the "Premises"); and

WHEREAS, by that certain lease dated _____ __, 19__ (herein called the "Lease"), Landlord leased the Premises to Tenant; and

WHEREAS, a memorandum or short form lease in respect of the Lease was recorded in the office of the Clerk of _____ County, _____, on the _____ day of _____, 19__, in Book _____ at Page ____; and

WHEREAS, Tenant is in possession of the Premises and the term of the Lease has commenced; and

WHEREAS, under Paragraph 25 of the Lease, Landlord and Tenant agreed to enter into an agreement setting forth certain information in respect of the Premises and the Lease;

NOW, THEREFORE, Landlord and Tenant agree as follows:

1. The term of the Lease commenced on, and the Commencement Date (as such term is defined in the Lease) was, _____, 19__. The term of the Lease shall expire on January 31, _____ unless Tenant exercises any option to extend the term of the Lease or unless the Lease terminates earlier as provided in the Lease.

2. The date of commencement of the first "Option Period" (as such term is defined in the Lease) shall be February 1, _____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, _____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

3. The date of commencement of the second Option Period shall be February 1, _____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, _____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

4. The date of commencement of the third Option Period shall be February 1, _____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, _____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

1