UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF VIRGINIA


IN RE:                        .     Case No. 08-35653 (KRH)
                              .
                              .     Chapter 11
                              .     Jointly Administered
CIRCUIT CITY STORES,          .
INC., et al.,                 .     701 East Broad Street
                              .     Richmond, VA 23219
                              .
        Debtors.              .
                              .     July 10, 2012
. . . . . . . . . . . . . ..         2:13 p.m.


                    TRANSCRIPT OF HEARING
            BEFORE HONORABLE KEVIN R. HUENNEKENS
            UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:           Tavenner and Beran, PLC
                          By:  PAULA BERAN, ESQ.
                               LYNN TAVENNER, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219

For Mannington :          Buswell Roberts, Jr., PLLC
Carpets, Inc.             By:  HENRY BUSWELL ROBERTS, JR., ESQ.
                          2001 South Main St., Unit 206-A
                          Blacksburg, VA 24060




Proceedings recorded by electronic sound recording, transcript
                produced by transcription service
_____

                    **J&J COURT TRANSCRIBERS, INC.**
                    **268 Evergreen Avenue**
                    **Hamilton, New Jersey 08619**
                    **E-mail:  jjcourt@jjcourt.com**

            **(609) 586-2311    Fax No. (609) 587-3599**

2

TELEPHONIC APPEARANCE:

For the Debtor:            Pachulski Stang Ziehl & Jones LLP
                           By:  ANDREW CAINE, ESQ.
                           10100 Santa Monica Boulevard
                           13th Floor
                           Los Angeles, CA 90067


                        - - -

1            COURTROOM DEPUTY:  All rise.  The court is now in

2   session.  Please be seated and come to order.

3            COURT CLERK:  In the matter of Circuit City Stores,

4   Incorporated, hearing on Items 1 through 56 as set out on

5   proposed agenda.

6            MS. TAVENNER:  Good afternoon, Your Honor.

7            THE COURT:  Good afternoon, Ms. Tavenner.  Long time,

8   no see.

9            MS. TAVENNER:  Yes, sir.  For the record, Lynn

10  Tavenner of the law firm of Tavenner & Beran.  Together with me

11  today is my law partner, Paula Beran, seated at counsel table.

12  Also seated at counsel table is Ms. Catherine Bradshaw, the

13  senior trust manager.  And on the phone is Mr. Andy Caine of

14  the Pachulski law firm.

15           Your Honor, we have a number of claims matters that

16  are on the docket today.  But in advance of those, if Your

17  Honor pleases, I would like to address the non-claims matters

18  and then Ms. Beran will address the claims.

19           THE COURT:  All right.  Very good.

20           MS. TAVENNER:  So, I'd like to go in order, Your

21  Honor.

22           THE COURT:  All right.

23           MS. TAVENNER:  Thank you.  The first matter is

24  actually a pretrial conference with regard to the adversary

25  proceeding Siegel against Mannington Carpets, Inc.  Your Honor,

4

1  we have engaged in a mediation with Mr. Rick Meth.  Mr. Meth

2  has filed his report.  It did not settle.  And we are here

3  today to get a trial date to move forward to the next phase.

4  Mr. Buswell Roberts is -- counsel to the defendant is here in

5  the courtroom, as well.

6            I have discussed the matter with Mr. Roberts and we

7  believe -- I mean, it will -- we have not completed discovery.

8  We believe that discovery will take probably 90 days and we are

9  looking at this point to get the Court's next available date in

10  the new year, if that pleases Your Honor.

11            THE COURT:  All right.  How long do --

12            MS. TAVENNER:  We believe that the trial will take --

13            THE COURT:  Yes.

14            MS. TAVENNER:  -- approximately one and a half to two

15  days.

16            THE COURT:  All right.  Well, let's reserve two days

17  then just so that we can be on the safe side.

18            Mr. Roberts, you wish to be heard?

19            MR. ROBERTS:  No, I agree with what Ms. Tavenner just

20  said, Your Honor.  Two days.  A trial date in -- at your court

21  -- the Court's convenience in January, February --

22            THE COURT:  Why don't you come to the podium, then.

23            MR. ROBERTS:  Thank you.

24            THE COURT:  Can you just state your appearance for

25  the record?

5

1          MR. ROBERTS:  Yes.  My name is Buswell Roberts and

2  I'm here on behalf of Mannington Carpets, Inc.

3          THE COURT:  Thank you so much.  All right.  So, I'm

4  going to look for some dates in the new year.  I can

5  accommodate you in -- you've already got one trial scheduled in

6  early January, Ms. Tavenner.

7          MS. TAVENNER:  Yes.

8          THE COURT:  What about the 28th and the 29th of

9  January?

10          MS. TAVENNER:  That would work for the trust, Your

11 Honor.

12          MR. ROBERTS:  That works for Mannington Carpets, Your

13 Honor.

14          THE COURT:  All right.  So, we'll do the two-day

15 trial beginning at ten o'clock on the 28th and going through

16 and concluding then on the 29th.

17          MS. TAVENNER:  Thank you, Your Honor.

18          THE COURT:  All right.  And the Court then will issue

19 its normal pretrial order.  Do you need anything different

20 other than what the Court would usually issue?

21          MS. TAVENNER:  I don't believe so, Your Honor.  Thank

22 you.

23          THE COURT:  Okay.  Very good.

24          MR. ROBERTS:  Thank you, Your Honor.

25          THE COURT:  All right.  Thank you both.

6

1          MS. TAVENNER:  Thank you, Your Honor.

2          Mr. Roberts has a long trip back to the New River

3 Valley and we would respectfully request that he be excused.

4          THE COURT:  You're excused, Mr. Roberts.  Thank you.

5          MR. ROBERTS:  Thank you, Your Honor.

6          MS. TAVENNER:  Your Honor, the next matter on the

7 docket is a motion in the adversary Siegel against B.R. Fries.

8 It's a motion to dismiss the adversary proceeding.

9          Your Honor, this matter has been carried on the

10 Court's docket.  We did conduct an initial mediation, but that

11 mediation has been continued for additional exchange of

12 information.  We are in that process.  Accordingly, we would

13 respectfully request that this matter be continued until the

14 Court's August 23rd date.

15          THE COURT:  Okay.  That'll be continued to August 23.

16          MS. TAVENNER:  Thank you, Your Honor.

17          Item 3 is Siegel against SYNNEX Corporation.  Your

18 Honor, this is actually a discovery motion to compel, styled

19 motion for order pursuant to Rule 7037 against SYNNEX

20 Corporation, a/k/a New Age Electronics for failure to respond

21 to discovery and for sanctions.

22          Your Honor might recall, this matter is actually

23 scheduled for trial at the end of August.  Discovery is

24 ongoing.  We are still hopeful that we will get this resolved.

25 As a result, we are respectfully requesting that you continue

7

1  the matter but only until the July 26th date, because we

2  certainly will know in the next few days actually whether or

3  not we have resolution or if we will need to notice this up for

4  a substantive hearing at the July 26 date.

5          THE COURT:  All right, because I was concerned that

6  this one's been going on and that we're pushing up against that

7  trial date without resolution.  I'm disappointed to hear that

8  we haven't gotten this resolved.  But, yes, most definitely.

9  Do you need a date before that date?

10          MS. TAVENNER:  I think we are fine with that July

11  26th date.  Literally, Your Honor, we will know within the next

12  day or two as to whether or not we're going forward

13  substantively.  If so, I would propose that we actually send

14  out a notice of hearing with that regard and actually give the

15  defendant time to respond which I would suggest would be a week

16  before July 19th.  And then if the plaintiff believes it's

17  necessary to file a reply, that we do that by July 24.

18          THE COURT:  Okay.  That time frame is fine with the

19  Court.  So let's go with that and get this matter resolved one

20  way or the other.

21          MS. TAVENNER:  Thank you, Your Honor.

22          That brings us to the third section on the docket

23  which is claim objections which Ms. Beran will address with the

24  Court.

25          THE COURT:  All right.  Very good.  Thank you.

1            MS. TAVENNER:  Thank you, Your Honor.

2            MS. BERAN:  Good afternoon, Your Honor.  For the

3  record, Paula Beran of the law firm of Tavenner & Beran.

4            Your Honor, Item Number 4 is the debtors' nineteenth

5  omnibus objection.  There still remains one claim subject to

6  that objection.  We'd respectfully request that the matter be

7  continued until October 9th for a status hearing.

8            THE COURT:  All right.  It'll be continued.

9            MS. BERAN:  Thank you, Your Honor.

10            Turning to Page 7, Your Honor, is the debtors'

11  thirty-first omnibus objection.  There are still a handful of

12  claims that remain outstanding as it relates to that objection.

13  We'd respectfully request that it be continued for status

14  purposes till October 9th.

15            THE COURT:  All right.  It can be continued until

16  October 9.

17            MS. BERAN:  Turning on Page 10 to the debtors'

18  thirty-seventh omnibus objection, as Your Honor will see on

19  Exhibit A there has been a resolution of certain claims as it

20  relates to that omnibus objection.  However, Your Honor, there

21  is still a handful of claims that remained outstanding pursuant

22  to that objection and we'd respectfully request that they be

23  continued for status purposes until October 9th.

24            THE COURT:  That'll be continued to October 9.

25            MS. BERAN:  Thank you, Your Honor.  Turning then,

1  Your Honor, to Page 15, the debtors' sixtieth omnibus

2  objection, there's still one claim that remains outstanding as

3  it relates to that objection.  We'd respectfully request that

4  it be continued till October 9th for status purposes.

5         THE COURT:  All right.  It'll be continued to October

6  9.

7         MS. BERAN:  Thank you, Your Honor.

8         Turning to Page 17 on the debtors' seventy-sixth

9  omnibus objection, similarly, there is one claim that remains

10 outstanding, subject to that objection.  We'd respectfully

11 request that it be continued until October 9th for status

12 purposes.

13        THE COURT:  It'll be continued to the 9th.

14        MS. BERAN:  Thank you, Your Honor.  Turning over to

15 Page 19, the debtors' seventy-ninth omnibus objection, there

16 are claims that remained outstanding as it relates to that

17 objection.  We'd respectfully request that the objection be

18 continued till October 9th for status purposes.

19        THE COURT:  All right.  It'll be continued.

20        MS. BERAN:  Your Honor, on Page 21 is the objection

21 to the claim of the California Board of Equalization.  We'd

22 respectfully request that this matter be continued until

23 October 9th for status purposes.

24        THE COURT:  That will be continued to the 9th.

25        MS. BERAN:  Thank you, Your Honor.

10

1        Turning to Page 23, it's another standalone objection

2 to a tax entity, specifically the Tennessee Department of

3 Revenue.  We'd respectfully request that that be continued for

4 status purposes until October 9th.

5        THE COURT:  All right.  It can be continued to

6 October 9.

7        MS. BERAN:  Thank you, Your Honor.  Similarly, on

8 Page 24, the objection by the -- to the claim of the Wisconsin

9 Department of Revenue, we'd respectfully request to be

10 continued till October 9th for status purposes.

11        THE COURT:  All right.  It can be continued.

12        MS. BERAN:  Thank you, Your Honor.

13        Your Honor may recall, as it relates to Item Number

14 13 on Page 26 is the objection to the claim to the Louisiana

15 Department of Revenue.  That matter has been settled in

16 concept.

17        We are still trying to document and consummate that.

18 Given that it's a taxing entity, the documentation and approval

19 of documentation takes a little bit more time than some of the

20 other types of entities.  And so we still don't have a

21 finalized, executed document.  So we'd respectfully request

22 that this matter be, again, continued for status purposes to

23 October 9th and we're hopeful and/or optimistic that on October

24 9th, this matter may be removed from the Court's docket.

25        THE COURT:  All right.  Very good.  It'll be

11

1  continued to the 9th.

2          MS. BERAN:  Thank you, Your Honor.

3          Turning to Page 29, Item Number 14th is the objection

4  as it relates to the Commonwealth of Massachusetts claims.

5  We'd respectfully request that that be continued until October

6  9th for status hearing purposes.

7          THE COURT:  And that can be continued.

8          MS. BERAN:  Thank you, Your Honor.

9          Similarly, as it relates to Item Number 15, the

10 debtors' objections to claims filed by the State of New Jersey,

11 we'd respectfully request that they be continued for status

12 purposes until October 9th.

13         THE COURT:  All right.  They can be continued to

14 October 9.

15         MS. BERAN:  Thank you, Your Honor.

16         Your Honor, that brings us then to Page 32, Item

17 Number 16 which is the debtors' objection to claims filed by

18 the Commonwealth of Virginia Department of Taxation.  We'd

19 respectfully request that they be continued for status purposes

20 until October 9th.

21         THE COURT:  They can be continued to October 9.

22         MS. BERAN:  Thank you, Your Honor.

23         Your Honor, that then brings us to the remaining

24 claims objections which are the actual -- the liquidating

25 trust's objections.  In connection with that, Your Honor, there

12

1  -- filed with the agenda was Exhibit B which is a status chart

2  of the -- those that remain outstanding.

3        Your Honor, since the filing of that, there have been

4  a couple of amendments and I have with me a blackline amended

5  Exhibit B that I will tender to Your Honor.  We intentionally

6  did not file it with the court this morning because we did not

7  want people to panic, thinking there was significant changes.

8  I will indicate where the changes are, Your Honor.

9        But, in summary, there's an instance where one matter

10 has been settled so it's not to anyone's detriment it's to the

11 benefit, as well as, Your Honor, a substantive response was

12 filed yesterday afternoon and the trust agreed that the trust

13 would not raise any objections as it relates to the

14 untimeliness of the filing of the response.  And we've so

15 indicated that and are continuing that as we have done with the

16 other timely filed responses.  But I will indicate that.

17       In addition, Your Honor, there were several responses

18 that were timely filed last weekend or earlier than last week

19 and in connection with those responses, Your Honor,

20 unfortunately, there was not the signature of or endorsement of

21 local counsel.  The court case administrator so indicated.

22 Efficiency was just issued, and that was corrected.

23       So there were a number of amended responses filed

24 yesterday.  We have so indicated those on our status chart,

25 basically indicating the initial response as well as the docket

13

 1 number for the amended responses.  I will point each one out as

 2 we go forward, Your Honor, but I just wanted to make that

 3 representation and am happy to tender this -- the blackline

 4 version to Your Honor.

 5          THE COURT:  All right.  That's fine.  Now, let me ask

 6 you this question.  Is it possible to deal with these --

 7 because most of them fall in exactly the same kind of pattern

 8 that we've dealt with previously where we've got, you know,

 9 certain of them where the status hearing is going forward,

10 certain of them where it's going to be adjourned, and the like.

11 And I'm just wondering if we can address the ones that are

12 different and then deal with everything else accordingly or do

13 you need to go through each one by --

14          MS. BERAN:  Your Honor, from the trust's perspective,

15 we do not need to go through each one until near the --

16          THE COURT:  Because I've read them, you know.  I

17 promise you that.  I just was wondering --

18          MS. BERAN:  Your Honor, until the -- to the -- near

19 the end of the agenda, I don't believe we need to go through

20 them individually.  What we -- I would represent to Your Honor

21 is, Exhibit B has on it, in connection with the status column,

22 those instances where the trust has agreed to extend the

23 response date, that response date has been extended until

24 October 2nd, as well as then a status hearing to be conducted

25 on October 9th.  In those instances where a response has been

14

 1 filed, the status column indicates that we're continuing it for

 2 status purposes until October 9th for a hearing.

 3          In addition, Your Honor, you will see those instances

 4 where the trust has resolved the objection as it relates to

 5 certain claims, status column indicates that.  I am happy to

 6 report, Your Honor, and I'm sure Your Honor saw on Exhibit B,

 7 that since we've last been here, there have been a substantial

 8 amount of resolutions and we're --

 9          THE COURT:  I did note that, thank you.

10          MS. BERAN:  Thank you, Your Honor.  And then in

11 addition, Your Honor, there are a couple instances that I've

12 indicated on the chart where the response period was extended.

13 And we indicated that we really need a response because it's

14 kind of a handful of claims left on a certain objection and no

15 response was filed and there -- no additional contact has been

16 made.  And so in connection with those, Your Honor, we have so

17 indicated both on the agenda, as well on Exhibit B, that the

18 objection may be sustained as it relates to those.

19          And then finally, Your Honor, there are certain

20 instances as indicated on Exhibit B where, after exchange of

21 information, the trust has agreed to and/or has already

22 withdrawn the objection as it relates to those claimants.

23          THE COURT:  All right.

24          MS. BERAN:  With that being said, Your Honor, we

25 would respectfully request the Court grant the relief requested

1  in the -- on the agenda that was filed on Items Number 17

2  through --

3          THE COURT:  -- 56, it looks like to me.

4          MS. BERAN:  Correct, Your Honor, 17 through 55 and

5  then I'll pick up at 56.  Absolutely, Your Honor.

6          THE COURT:  Okay.  That's fine.  And that'll be

7  granted.  Now, any of these --

8          MS. BERAN:  It might be helpful, Your Honor -- I

9  apologize for the record -- if I just point out those instances

10 on the amended.

11         THE COURT:  That's what I wanted you to do.

12         MS. BERAN:  Your Honor, I --

13         THE COURT:  And second, if there's anything that's

14 going to be set down for a substantive hearing, you know, other

15 than adjourning it for status that we're not going to deal with

16 today, then, obviously, I want a separate notice sent out like

17 we've been doing so that nobody's taken by surprise.

18         MS. BERAN:  Correct, Your Honor.  We fully intend to.

19 We are in discussions with a couple claimants that, if we can't

20 come to a resolution, that it may be set down for substantive

21 hearing but we're looking at more in the September time period.

22         THE COURT:  Which is just fine.

23         MS. BERAN:  Your Honor, as it relates to the amended

24 blackline document I just handed up to Your Honor, I believe

25 the first amendment is on -- yes, Your Honor, it is on -- of

16

1  the amended exhibit, it's on Page 35, as it relates to Puente

2  Hills Mall LLC.  That matter has been settled pursuant to

3  procedures previously approved by the Court and may be removed

4  from the Court's docket.

5              THE COURT:  Excellent.  All right.

6              MS. BERAN:  In addition, Your Honor, throughout, you

7  will see on the amended -- for example, let me just give you an

8  example of one of those instances where there was an amended

9  response filed particularly -- or solely for the purposes of

10  indicating that local counsel's endorsement was then provided

11  thereon.  And that would be, for example, Your Honor, starting

12  on Page 96 for the various Berkadia Commercial Mortgage LLC

13  claims.  You'll see previously we had indicated docket numbers

14  and new responses were added to the Court's docket yesterday

15  and we have just so indicated on Exhibit B.

16              THE COURT:  All right.  Very good.

17              MS. BERAN:  And then, the third category of changes

18  that were made deals with -- it's the forty-first omnibus

19  objection.  And that would be on Page --

20              THE COURT:  121?

21              MS. BERAN:  One -- actually on Page 128, the

22  Orangefair Marketplace LLC.  A response was filed yesterday and

23  as indicated, Your Honor, the trust indicated with the claimant

24  that it would not object to a late filed response.  And we are

25  in the process now to exchange information.  Therefore, we

17

1  respectfully request that that matter be continued for status

2  purposes until the October 9th date.

3          THE COURT:  Very good.

4          MS. BERAN:  Your Honor, with those exceptions -- and

5  we will go ahead and file the amended Exhibit B with the Court

6  after this hearing and explain the same to Ms. McLemore.  And

7  with that being said, Your Honor, we'd respectfully request

8  that the Court grant the relief requested in the agenda in

9  connection with Item 17 through 55.

10          THE COURT:  Does any party wish to be heard in

11  connection with any of the matters set down on the Court's

12  agenda, matters Number 16 through 55?

13                      (No audible response)

14          THE COURT:  All right.  There being no response, then

15  that relief is granted.

16          MS. BERAN:  Thank you, Your Honor.  Your Honor, just

17  jumping right back up to Item Number 55, I did neglect to

18  inform the Court, given the fact that this is being continued

19  for status purposes, Mr. Neil McCullagh who is co-counsel for

20  PNY requested -- inquired as to whether his attendance was

21  necessary.  And given the fact that we said right on the agenda

22  it wasn't, we represented to him, and he indicated yesterday

23  afternoon based on the same that neither he nor his co-counsel

24  who filed a motion to appear telephonically would be appearing

25  today.

18

1        THE COURT:  And that's just fine.

2        MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

3  Number 56 is the trust's objection to the claim filed by Chase

4  Bank USA.  By agreement of the parties, Your Honor, we'd

5  respectfully request that this matter be continued until the

6  September 19th, which is different than the others, but it's on

7  a different path because there's an exchange of information and

8  a timetable associated with that exchange of information.  So,

9  based on agreement of parties, Your Honor, we'd respectfully

10 request that be continued till September 19th hearing for

11 status purposes.

12        THE COURT:  All right.  And that one will be

13 continued then to the 19th.

14        MS. BERAN:  Your Honor, and I believe that would

15 involve the -- all items as listed on the agenda.  To the

16 extent Your Honor has any status questions about the claims or

17 about any of the APs or any other item in connection with this

18 case, I'm happy to try and answer and/or Ms. Bradshaw is here,

19 Ms. Tavenner's here and I do believe Mr. Caine is on the

20 telephone, as well.

21        THE COURT:  No, the only comment that the Court had

22 was that I had noticed, and you've already stated on the

23 record, the progress that has been made in resolving many of

24 these matters.  And I just wanted to let you know that I was

25 aware of that and pleased that we're making that progress and

19

1  obviously hope that, you know, that continues and -- between

2  now and the next time we are back together.

3       MS. BERAN:  Thank you, Your Honor.

4       THE COURT:  All right.  So is there any other

5  business we need to take up, then, in Circuit City?

6       MS. BERAN:  No, Your Honor.

7       THE COURT:  All right.  Well, thank you very much.

8       MS. BERAN:  Thank you, Your Honor.

9       COURTROOM DEPUTY:  All rise.  Court's now adjourned.

10                        * * * * *

11               **C E R T I F I C A T I O N**

12       I, STEPHANIE SCHMITTER, court approved transcriber,

13  certify that the foregoing is a correct transcript from the

14  official electronic sound recording of the proceedings in the

15  above-entitled matter, and to the best of my ability.

16

17

18  /s/ Stephanie Schmitter

19  STEPHANIE SCHMITTER

20  J&J COURT TRANSCRIBERS, INC.          DATE:  July 23, 2012

21

22

23

24

25