Michael J. Lockerby (VSB No. 24003)
Brittany J. Nelson (VSB No. 81734)
Foley & Lardner LLP
Washington Harbour
3000 K. Street NW, Suite 600
Washington, DC 20007
Telephone: 202-945-6079
Telecopier: 202-672-5399

Stephenie Biernacki Anthony
(*pro hac vice* motion pending)
Allison C. Doucette
(*pro hac vice* motion pending)
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone:  (813) 273-5613
Facsimile:   (813) 221-4113

*Counsel for Karl Engelke*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., et. al. | ) Case No. 08-35653 |
| Debtors. | ) |
| | ) Jointly Administered |

**MOTION FOR RECONSIDERATION OF
ORDER DISALLOWING CLAIM
<u>AND MEMORANDUM IN SUPPORT</u>**

Pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rules of Procedure 3008 and 9024, Karl Engelke ("Mr. Engelke"), by counsel, respectfully requests that this Court reconsider its "Order on Debtors' Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims)" [Docket No. 8199], in the reorganization of the above-referenced debtors (the "Debtors"). In support of this motion, Mr. Engelke states as follows.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

1. On May 8, 2008, Mr. Engelke sustained personal injuries in a slip and fall accident at Circuit City Store Number 4201.

2. On November 10, 2008, the Debtors filed their Voluntary Petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code.

3. On January 26, 2009, the Court received Mr. Engelke's "Proof of Claim" listing an amount of $450,000 (the "Claim").

4. Mr. Engelke's prior counsel, Rachelle R. Bocksch ("Attorney Bocksch"), filed an "Administrative Expense Request" on June 8, 2009.

5. The Claim and the Administrative Expense Request were consolidated pursuant to the Court's order on the Debtor's Forty-Second Claim Objection on November 23, 2009. [Doc. No. 5939]

6. On June 21, 2010, the Debtors filed the "Debtors' Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims)" (the "Claim Objection") seeking to disallow Mr. Engelke's Claim and asserting no liability. [Doc. No. 7874]

7. Mr. Engelke's prior counsel, Attorney Bocksch, did not file a response to the Claim Objection, believing that Mr. Engelke could still pursue insurance coverage outside of bankruptcy, as evidenced in the Affidavit of Rachelle R. Bocksch (the "Bocksch Affidavit"), attached hereto as Exhibit "A" and incorporated by reference.

8. The Court entered an Order sustaining the Debtor's Claim Objection and disallowing Mr. Engelke's Claim on July 30, 2010. [Doc. No. 8199].

## II.     PROCEDURAL STANDARDS

Pursuant to 11 U.S.C. § 502(j), a claim that has been disallowed may be reconsidered "for cause." It is within the discretion of the Court whether to allow reconsideration of such a claim. *Cassell v. Shawsville Farm Supply, Inc.*, 208 B.R. 380 (W.D. Va. 1996). When a motion for reconsideration is filed more than ten days after the order disallowing the claim, it is treated as a motion to vacate pursuant to

4842-2905-4223.1

Bankruptcy Rule of Procedure 9024, incorporating Federal Rule of Civil Procedure 60(b). *In re Shabazz*, 206 B.R. 166, 122 (E.D. Va. 1996). Such a claim may be reconsidered by the bankruptcy court at any time before the case is closed. *In re Lee*, 189 B.R. 692 (Bankr. M.D. Tenn. 1995) (citing *In re Fryer*, 172 B.R. 1020, 1024-25 (Bankr. S.D. Ga. 1994)).

Rule 60(b)(1) permits the Court to relieve a party from an order based on mistake, inadvertence, surprise, or excusable neglect. Determination of excusable neglect is "an equitable one, taking into account all of the relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., P'ship*, 507 U.S. 380, 395 (1993). The circumstances considered include the "danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Id.* A lack of prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of the claimant and counsel weigh heavily in favor of permitting a filing. *Id.* at 397. If a movant demonstrates, *inter alia*, that he is not at fault and the non-moving party will not be prejudiced by a relief from judgment, then relief afford based on excusable neglect is appropriate. *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992).

### III. ARGUMENT

As asserted in the Bocksch Affidavit, Attorney Bocksch mistakenly believed that Mr. Engelke could pursue any insurance coverage held by the Debtor outside and after bankruptcy. Due to this mistaken belief, Attorney Bocksch did not file a response to the Debtor's Claim Objection or take any further action after the entry of the Order. The excusable neglect standard does not require a showing that the circumstances involved were completely beyond the claimant's control. , Rather, relief can be based on acts that were negligent—as the phrase "excusable neglect" suggests. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 393 ("[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."). Though Mr. Engelke may have recourse against his prior counsel pursuant to a legal malpractice claim, "that remedy does not

always prove satisfactory. It may be difficult for a client to obtain and collect a judgment for damages." *Carter v. Albert Einstein Medical Ctr.*, 804 F.2d 805, 808 (3d Cir. 1986) (allowing reconsideration of dismissal order despite legal malpractice of attorney hired by moving party).

Mr. Engelke has hired new counsel and is acting in good faith to seek reconsideration of his claim. Further, if given an opportunity to dispute the denial of liability for the injury reflected in the Claim, Mr. Engelke is likely to prevail. If reconsideration is not permitted, the prejudice to Mr. Engelke is of the highest form; he will not be able to recover in any manner from his substantial injuries. Finally, the prejudice to the Debtors resulting from reconsideration of the Claim would be minimal. The bankruptcy case has not been closed, and the Debtors are still actively reconciling claims.

WHEREFORE, Karl Engelke requests that this court enter an order allowing reconsideration of "Order on Debtors' Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims)," with respect to Karl Engelke's claim and for other such relief as necessary and appropriate.

Date: July 31, 2012

                    Respectfully submitted,

                    /s/ *Brittany J. Nelson*
                    Michael J. Lockerby (VSB No. 24003)
                    Brittany J. Nelson (VSB No. 81734)
                    Foley & Lardner LLP
                    Washington Harbour
                    3000 K. Street NW, Suite 600
                    Washington, DC 20007
                    Telephone: 202-945-6079
                    Telecopier: 202-672-5399

                    and

                    Stephenie Biernacki Anthony
                    (*pro hac vice* motion pending)
                    Allison C. Doucette
                    (*pro hac vice* motion pending)
                    Anthony & Partners, LLC
                    201 N. Franklin Street, Suite 2800
                    Tampa, Florida 33602
                    Telephone: (813) 273-5613
                    Facsimile: (813) 221-4113

                    *Counsel for Karl Engelke*

4842-2905-4223.1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 31st day of July, 2012, I will file the foregoing **MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM AND MEMORANDUM IN SUPPORT** with the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Brittany J. Nelson* _____
Brittany J. Nelson (VSB No. 81734)
Foley & Lardner LLP
Washington Harbour
3000 K. Street NW, Suite 600
Washington, DC 20007
Telephone: 202-945-6079
Telecopier: 202-672-5399

4842-2905-4223.1