Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

*Counsel to Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**LIQUIDATING TRUST'S MOTION FOR ORDER AUTOMATICALLY
EXPUNGING CLAIMS AND RELATED RELIEF**

The Circuit City Stores, Inc. Liquidating Trust (the "<u>Trust</u>" and/or the "<u>Liquidating Trust</u>"), through its Trustee, Alfred H. Siegel, hereby moves the Court (the "<u>Motion</u>"), pursuant to sections 105 and 503 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the entry of an order automatically expunging all claims filed with KCC (as defined below) or this Court on or after January 1, 2012 (the "<u>Excessively Delinquent Claims</u>" and each an "<u>Excessively Delinquent Claim</u>"), absent an order from this Court authorizing the filing of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

claim and/or written agreement from the Trustee. In support of the Motion, the Trust respectfully represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 503 and Bankruptcy Rules 2002 and 9007.

## GENERAL CASE BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

5. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6. On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

8. On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties. In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal and The Richmond Times-Dispatch.

9. On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (the "503(b)(9) Bar Date Order").

10. Pursuant to the 503(b)(9) Bar Date Order, this Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was on December 19, 2008 (the "503(b)(9) Bar Date").

11. On November 19, 2008, KCC served a copy of the 503(b)(9) Bar Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties. In addition, the Debtors published the 503(b)(9) Bar Date Notice in The New York Times, The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch.

12. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (the "Omnibus Objection Procedures Order").

13. On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof (the "Administrative Claims Bar Date Order").

14. Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) was 5:00 p.m. (Pacific) on June 30, 2009. Pursuant to the Administrative Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Administrative Claims Bar Date Notice").

15. On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and

certain other parties. In addition, the Debtors published the Administrative Claims Bar Date Notice in <u>The Financial Times</u>, <u>The Richmond Times-Dispatch,</u> and <u>The Wall Street Journal</u>.

16. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

17. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "<u>Confirmation Order</u>").

18. The Plan became effective on November 1, 2010 (the "<u>Effective Date</u>"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the prosecution of Causes of Action and objections to claim

19. Pursuant to the terms of the Plan, the Debtors filed and served a Notice of (I) Confirmation of Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims Under Chapter 11 of The Bankruptcy Code, (II) the Occurrence of the Effective Date and (III) the Deadlines for Filing Administrative Claims, Final Fee Applications and Rejection Damages Claims (the "<u>Effective Date Notice</u>"). The Effective Date Notice, among other things, informed parties that pursuant to the Plan and the Confirmation Order, and except as otherwise provided in Article IX of the Plan, requests for payment of an administrative claim that arose on and after January 1, 2010 up to and through the Effective Date must be filed with the Bankruptcy Court in accordance with specified instructions and served on counsel for the Liquidating Trust at a specified address no later than January 3, 2011.

5

20. In connection with its analysis of claims, it came to the attention of the Liquidating Trust that certain individuals (the "Limited PI Claimants"), may have asserted a personal injury claim against one or more of the Debtors' insurance carriers, which claim may have arisen after the Petition Date, and that the Limited PI Claimants may not have been served with the Administrative Claim Bar Date Notice or the Effective Date Notice. Accordingly, upon the Liquidating Trust's Motion, this Court established March 30, 2012 (the "Limited PI Claimant Administrative Claim Deadline").

## RELIEF REQUESTED AND BASIS THEREFOR

21. Notwithstanding various deadlines established by orders of this Court, various parties continue to file claims (new, supplemental and/or amended) in these cases. Absent extraordinary circumstances, there is no valid reason why any claim should be filed at this late date in these bankruptcy cases.

22. The Trustee is in the process of reconciling timely filed claims. The continued distraction of having to monitor the Excessively Delinquent Claims is detrimental to creditors who timely filed claims.

23. To the extent a party believes it can establish the requisite excusable neglect to justify filing an Excessively Delinquent Claim, it may file the requisite pleading to obtain the Court's authorization to so file.

24. Based upon the foregoing, the Trust respectfully requests that all currently filed and to be filed in the future Excessively Delinquent Claims be automatically stricken and expunged absent an order from the Court authorizing in advance the filing of the claim, either as

a result of a motion therefor or a written stipulation between the claimant and the Trust agreeing to the late filing of a claim.

      25.      Bankruptcy Code § 503(a) provides that "an entity may <u>timely</u> file a request for payment of an administrative expense" 11 U.S.C. § 503(a) (emphasis added). Rule 3002 provides the mechanism for the timely filing of proofs of claim authorized under Bankruptcy Code§ 502 . Previous orders of this Court established the mechanisms and deadlines for filing of claims and requests for payment of an administrative expense. Pursuant to Bankruptcy Code § 105, this Court may issue any order "necessary or appropriate" to carry out, among other things, the above-referenced mandates. Read together, these provisions authorize approval of the requested relief.

      26.      For these reasons, the Trust requests that the Court enter an order expunging all claims filed since January 1, 2012 (with the exception of claims filed by the Limited PI Claimants prior to the Limited PI Administrative Claim Deadline), and automatically expunging all claims filed after entry of the Court's order.

## **NOTICE**

      27.      Notice of this Motion is being provided to parties-in-interest in accordance with the Case Management Orders and specifically to each holder of an Excessively Delinquent Claim filed as of the date of this Motion. In light of the nature of the relief requested, the Trust respectfully submits that no further or other notice is necessary under the circumstances.

## **WAIVER OF MEMORANDUM OF LAW**

      28.      Pursuant to Local Bankruptcy rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion,

the Trust requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A automatically expunging claims all claims filed with KCC or this Court on or after January 1, 2012 (other than timely filed claims of Limited PI Claimants), and granting other related relief as proposed in this Motion.

Dated: August 15, 2012

TAVENNER & BERAN, P.L.C.

_____/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
　　　　pberan@tb-lawfirm.com
-and-
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: jpomerantz@pszjlaw.com
　　　　acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

8

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy:  (310) 201-0760<br><br>*Counsel to Circuit City Stores, Inc.*<br>*Liquidating Trust* | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:   (804) 783-0178<br><br>*Counsel to Circuit City Stores, Inc.*<br>*Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>(Jointly Administered) |

**ORDER AUTOMATICALLY EXPUNGING CLAIMS**

Upon the Motion (the "Motion")[2] of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") for an Order Automatically Expunging Claims; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Trust, the beneficiaries thereof, and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

2

      1.      The Motion is GRANTED.

      2.      KCC is hereby authorized and directed to strike from its records and expunge all Excessively Delinquent Claims (other than timely filed Limited PI Claims) unless otherwise directed by further order of this Court and/or written instruction from the Trust.

      3.      The Clerk of this Court is hereby directed to strike from its records and expunge all Excessively Delinquent Claims (other than timely filed Limited PI Claims) unless otherwise directed by further order of this Court.upon a motion therefor or a written stipulation between the claimant and the Trust agreeing to the late filing of the claim.

      4.      The Trust shall serve a copy of this Order on all parties who have filed an Excessively Delinquent Claim as of the entry of this Order.

      5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____
     Richmond, Virginia                                   The Honorable Kevin R. Huennekens
                                                        United States Bankruptcy Judge

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  13th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

3