Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

### LIQUIDATING TRUSTEE'S RESPONSE IN OPPOSITION TO THE MOTION OF
### KARL ENGELKE FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Liquidating Trust" or "Trust"), pursuant to the *Second Amended Joint*

*Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in*

*Possession and its Official Committee of Creditors Holding General Unsecured Claims* in the

above captioned cases of the above referenced estates of Circuit City Stores, Inc. *et al.,*

(collectively, the "Debtors") files this response in opposition (the "Response") to Karl Engelke's

("Mr. Engelke") *Motion for Reconsideration of Order Disallowing Claim and Memorandum in*

*Support* (the "Motion to Reconsider") (D.E. No. 12289). Mr. Engelke's Motion to Reconsider,

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

filed almost <u>two years</u> after this Court's entry of an order (the "Expungement Order") sustaining Debtors' Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims) (the "Claims Objection"), lacks substantive merit. Mr. Engelke failed to (i) respond to the Debtors' Claims Objection despite actual notice of the Claims Objection and (ii) timely move to reconsider the Expungement Order despite actual knowledge of its entry by the Court. While the Motion to Reconsider provides excuses for these failures, the excuses do not rise to the requisite level of excusable neglect. Accordingly, the Motion to Reconsider should be denied. In support thereof the Liquidating Trust states as follows:

## I.   FACTS WARRANTING DENIAL OF MOTION TO RECONSIDER

1.   On June 21, 2010, the Debtors filed the Claims Objection and served a copy of on Mr. Engelke, seeking to disallow Mr. Engelke's claim filed in the amount of $500,000 (the "Disallowed Claim").

2.   The deadline to respond to the Claims Objection was by 4:00 p.m. on July 15, 2010 (the "Response Deadline"). *See* Claims Objection at p. 8.

3.   Mr. Engelke acknowledges that he received a copy of the Claims Objection but, under advice of counsel, intentionally did not file a response because his counsel was under a misunderstanding about the "availability of insurance coverage outside of bankruptcy." Several other claimants subject to the Claims Objection did respond.

4.   The Claims Objection was heard by the Court on July 22, 2010 (the "Objection Hearing"). Mr. Engelke did not make an appearance at the Objection Hearing.

5.   On August 2, 2010, the Court entered the Expungement Order expunging the Disallowed Claim. *See* Docket No. 8199.

6.   A copy of the Expungement Order was served on Mr. Engelke on August 2, 2010. *See* Docket No. 8235.

7.      Mr. Engelke waited almost two years to file the Motion to Reconsider.

## II.      MEMORANDUM OF LAW

It is Mr. Engelke's burden to show that the Expungement Order should be set aside under Federal Rules of Bankruptcy Procedure 3008.   The Motion to Reconsider fails to meet its burdens, is without merit, and should be denied with prejudice.

A creditor moving for reconsideration of an order disallowing its claim under Rule 3008 bears the burden of proving that reconsideration of the claim is appropriate.  *In re Durham*, 329 B.R. 899 (Bankr. M.D. Ga. 2005) (citing *In re Rayborn*, 307 B.R. 710, 720 (Bankr. S.D. Ala. 2002)).  "The Bankruptcy Court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved."  *In re Genesis Health Ventures, Inc.*, 362 B.R. 657, 661 (D. Del. 2007) (citing *In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987)) (emphasis added).   As demonstrated in this Response, this Court should exercise its discretion to decline to reconsider the Expungement Order.

A bankruptcy court may reconsider an order disallowing a claim for "cause" and according to the equities of the case.  *In re Sterling Rubber Products Co.*, 316 B.R. 485 (Bankr. S.D. Ohio 2004).   The term "cause" is not defined in either the Bankruptcy Code or Bankruptcy Rules.  *In re Rayborn*, 307 B.R. 710 (Bankr. S.D. Ala. 2002).  However, a number of courts have held that a court should follow the guidelines set forth in the Federal Rule of Civil Procedure governing motions for relief from judgment in instances where a motion to reconsider is filed outside the time period applicable to motions to alter or amend a judgment. *Matter of Aguilar*, 861 F.2d 873 (5th Cir. 1988); *In re Pride Companies, L.P.*, 285 B.R. 366 (Bankr. N.D. Tex. 2002).

3

Here, the Motion to Reconsider was filed almost two years after entry of the

Expungement Order.  Accordingly, in deciding whether "cause" exists to grant the Motion to

Reconsider, the Court should follow the grounds for relief articulated in Fed. R. Civ. P. 60(b)

which provide:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6) any other reason that justifies relief.

The Motion to Reconsidr the Expungment Order is based entirely on Rule 60(b)(1)'s

"excusable neglect" provision, as none of the remaining grounds are applicable.  "The most

important factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the

reason for the failure to file."  *In re Circuit City*, p. 11 (citing *Thompson*, 76 F.3d at 534).  "[T]he

four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the

greatest import. *Id.*   While prejudice, length of delay, and good faith might have more relevance

in a close[] [sic] case, the reason-for-delay factor will always be critical to the inquiry." *Id.*

(citing *In re Enron Corp*., 419 F.3d 115, 122-24 (2d Cir. 2005) (quoting *Graphic Commc'ns.*

*Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5-6 (1st Cir. 2001)); *see also*

*Pioneer*, 507 U.S. at 395 (stating that it is also significant whether or not the reason for the

failure to file was "within the reasonable control of the movant")).

In support for failing to respond to the Claims Objection and his prolonged delay in filing the instant Motion to Reconsider, Mr. Engelke alleges that his former attorney was mistaken about the facts and applicable law. This conduct does not constitute *excusable* neglect.

Furthermore, the Trust would be prejudiced if the Court granted the Motion to Reconsider. In applying the *Pioneer* standard, at least one Court of Appeals has held that the prejudice outlined in *Pioneer* requires consideration of the following factors: (1) the size of the claim with respect to the rest of the estate; (2) whether allowing the late claim would have an adverse impact on judicial administration of the estate; (3) whether the plan was filed or confirmed with knowledge of the existence of the claim; (4) the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan was based; and (5) whether allowing the claim would open the floodgates to other similar claims. *In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 126-28 (3d Cir. 1999).

While the Disallowed Claim does not represent a large percentage of the amount of allowed claims, it would be manifestly inequitable to require other creditors who have diligently prosecuted their claims to await the disposition of the Disallowed Claim solely due to Mr. Engelke's near two year delay in seeking to deem the Disallowed Claim timely. *See In re Freightway Corp.,* 171 B.R. 41, 43 (Bankr.N.D.Ohio 1994) (holding that "excusable neglect" did not exist where creditor's post-confirmation amendment of its proof of claim would delay debtor's reorganization).

While the allowance of the Disallowed Claim is unlikely to disrupt the economic model upon which the Debtors' plan was based, it is axiomatic that allowance of the Disallowed Claim at this juncture will substantially prejudice the Trust and its creditors due to, *inter alia*: (i) increased administrative expenses associated with litigating the Disallowed Claim on the merits; (ii) increased administrative burdens associated with modifying both existing and future

distributions to the extent all or a portion of the Disallowed Claim is ultimately allowed; and (iii) potential delay in making distributions to creditors arising from liquidation of the Disallowed Claim.  *See In re US Airways, Inc.*, Case No. 04-13819-SSM, p. 7 (Bankr. E.D.Va. December 29, 2005) (J. Mitchell) (Holding that proof of claim filed seven months after claims bar date and one month after confirmation of debtor's plan did not constitute excusable neglect where creditor knew or should have known of claims bar date and allowance of late filed claim would seriously prejudice the efficient post-confirmation administration of the case). Accordingly, for all the reasons stated in this Response, the Court should deny the Motion to Reconsider with prejudice.

WHEREFORE, the Trustee requests that for all the reasons stated herein the Court enter an Order: (i) denying the Motion to Reconsider with prejudice and (ii) grant such further relief as this Court deems just and equitable.

Dated:    August 16, 2012

*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email: ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail:jpomerantz@pszjlaw.com
         acaine@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust