**B104 (FORM 104) (08/07)**  **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| | |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Co-Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) |
| | ) Adv. Pro. No. 12-_____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF TENNESSEE DEPARTMENT OF REVENUE, through Richard H. Roberts, Commissioner, | ) |
| | ) |
| Defendant. | ) |

**THE LIQUIDATING TRUST'S COMPLAINT FOR
<u>TURNOVER AND UNJUST ENRICHMENT</u>**

DOCS_NY:22058.11

The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), through Alfred H. Siegel, the duly appointed trustee of the Trust, for its complaint and for objections claim (the "Complaint") against the State of Tennessee Department of Revenue, through Richard H. Roberts, its Commissioner ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. The Trust brings this action against Defendant to recover amounts due and owing from Defendant based on a sales tax refund due to Circuit City. The Trustee asserts various theories of recovery, including unjust enrichment, and turnover of property of the bankruptcy estates.

## THE PARTIES

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the Trust. Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[1] were corporations

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

that maintained their respective principal places of business in the locations set forth below, and were the debtors in the above-captioned chapter 11 bankruptcy cases.

4. Upon information and belief, defendant State of Tennessee Department of Revenue, through Richard H. Roberts, its Commissioner, is the official representative of the State of Tennessee Department of Revenue, the applicable taxing authority with respect to the matters set forth herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §505(a).

6. This is a core proceeding under 28 U.S.C. § 157(b).

7. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541 and 542 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

**A.** **General Case Background**

9. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

10. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

11. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

12. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan. The Plan became effective on November 1, 2010 (the "Effective Date").

**B.   Circuit City's Entitlement to a Sales Tax Refund from Defendant**

13. Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

14. The Debtors operated a number of retail stores in the State of Tennessee.

15. The Debtors were a party to a Consumer Credit Card Program Agreement dated January 16, 2004, with Bank One, Delaware, N.A. (the "PLCC Agreement"), pursuant to which JPMorgan Chase Bank, NA, as successor-in-interest to Bank One, Delaware, N.A.

("Chase"), originated consumer charge accounts for purchases to be made by consumers from Plaintiff (the "Accounts").

16. Under the PLCC Agreement, when a purchase was made by a consumer using an Account, Chase paid the Debtors the purchase price of the merchandise and the full amount of the sales tax relating to the merchandise.

17. The Debtors thereafter reported and paid the sales tax to Defendant for each transaction in the State of Tennessee.

18. After the Debtors reported and paid the sales tax on the sale, certain of the consumers defaulted on their Accounts.

19. It was reasonably determined by Chase, with respect to the bad debts to which the this Action relates, that the unpaid balances due on those Accounts were worthless and uncollectible (the "Worthless Accounts").

20. The Worthless Accounts, including the sales tax attributable to the unpaid taxable charges, were charged off by Chase as worthless and deducted as bad debts for federal income tax purposes.

21. On or about August 19, 2011, Plaintiff filed a refund claim (the "Refund Claim") with the Tennessee Department of Revenue requesting a refund pursuant to Tenn. Code Ann. sec. 67-6-507 in the amount of $178,714.00, for the period of January 1, 2007 through December 31, 2010, which represents a refund of sales tax collected and paid by Plaintiff with respect to the Worthless Accounts (the "Refund"). (A copy of the Refund Claim is attached hereto as Exhibit A, and incorporated herein and made a part hereof by this reference.)

22. Tenn. Code Ann. sec. 67-6-507(e) provides as follows:

(e) A deduction from taxable sales shall be allowed for bad debts arising from a sale on which the tax imposed by this chapter was paid.

(1) Any deduction taken that is attributed to bad debts shall not include interest.

(2) For purpose of calculating the deduction, a "bad debt" is as defined in 26 U.S.C. § 166. However, the amount calculated pursuant to 26 U.S.C. § 166 shall be adjusted to exclude: financing charges or interest, sales or use taxes charged on the purchase price, uncollectible amounts on property that remain in the possession of the seller until the full purchase price is paid, expenses incurred in attempting to collect any debt, and repossessed property.

(3) The deduction provided for by this subsection (e) shall be deducted on the return for the period during which the bad debt is written off as uncollectible in the claimant's books and records and is eligible to be deducted for federal income tax purposes. For purposes of this subsection (e), a claimant who is not required to file federal income tax returns may deduct a bad debt on a return filed for the period in which the bad debt is written off as uncollectible in the claimant's books and records and would be eligible for a bad debt deduction for federal income tax purposes if the claimant was required to file a federal income tax return.

(4) If a deduction is taken for a bad debt and the debt is subsequently collected in whole or in part, the tax on the amount so collected shall be paid and reported on the return filed for the period in which the collection is made.

(5) When the amount of bad debt exceeds the amount of taxable sales for the period during which the bad debt is written off, the taxpayer may file a refund claim and receive a refund pursuant to § 67-1-1802. The statute of limitations for filing the claim shall be measured from the due date of the return on which the bad debt could first be claimed.

(6) Where filing responsibilities have been assumed by a certified service provider, the service provider may claim, on behalf of the seller, any bad debt allowance provided by this section; provided, that the service provider credits or refunds the full amount of any bad debt allowance or refund received to the seller.

(7) For the purposes of reporting a payment received on a previously claimed bad debt, any payments made on a debt or account shall be applied first proportionally to the taxable price of the property or service and the sales tax thereon, and then to interest, service charges, and any other charges.

(8) In situations where the books and records of the party claiming the bad debt allowance support an allocation of the bad debts among other states, the allocation shall be permitted.

23. The Tennessee Department of Revenue has neither granted nor disallowed the Refund Claim; therefore, pursuant to Tenn. Code Ann. sec. 67-1-1802(b)(2), the Refund Claim was deemed denied by the Tennessee Department of Revenue six months after filing.

24. Pursuant to Tenn. Code Ann. sec. 67-1-1802(c), Plaintiff has until one year from the date of filing the Refund Claim to institute a suit challenging this deemed denial.

25. Plaintiff meets all requirements of Tenn. Code Ann. sec. 67-6-507(e) and is therefore entitled to the Refund of the sales tax paid on the Worthless Accounts. Denial of the requested sales tax Refund would therefore violate Tenn. Code Ann. sec. 67-6-507(e).

C.    **Defendant's Claims**

26. On or about February 27, 2011, Plaintiff filed an objection to the claims filed by Defendant against Circuit City Stores, Inc., Claim Nos. 12970 and 14308 as designated by the court-appointed claims agent, which objection challenges the validity of the claims and seeks to disallow the claims in their entirety.

**COUNT I**

**TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542**

27.    Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

28. Defendant is in possession, custody, and control of the Refund in an amount not less than $178,714.00.

29. Defendant is not a custodian for the Refund.

30. The Refund constitutes a valid and existing debt, due and owing by Defendant to the Debtors.

31. The Refund is property of the Debtors' estates under section 541 of the Bankruptcy Code, and constitute a debt that is matured, payable on demand, or payable on order.

32. Despite being requested to do so, Defendant has not turned over or paid the Refund to the Plaintiff.

33. Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trust the Refund in an amount not less than $178,714.00.

### COUNT II

### UNJUST ENRICHMENT

34. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

35. In the alternative to Count I, but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count II.

36. The Debtors conferred a benefit upon Defendant pursuant to the sales tax payments that underlie the Refund, leaving Defendant in possession of amounts to which it is not entitled under any applicable fact or law.

37. Defendant insisted upon, actively pursued and knowingly accepted the benefit conferred by the Debtors.

38. The Debtors reasonably expected to be compensated by Defendant by return of the Refund in accordance with applicable law.

39. Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $178,714.00.

40. The Trust has no adequate remedy at law to recover the Refund.

41. Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trust is entitled to restitution from the Defendant in an amount not less than $178,714.00.

## **PRAYER FOR RELIEF**

WHEREFORE, the Trust respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment requiring Defendant to immediately turn over and deliver to the Trust the Refund in an amount not less than $178,714.00; and

ii. Pursuant to Count II, enter judgment against Defendant for unjust enrichment and award the Trust restitution damages on account of Defendant's unjust enrichment in an amount not less than $178,714.00; and

iii. Award the Trustee prejudgment interest at the applicable statutory or otherwise legally allowed applicable rate;

iv. Award the Trustee costs, and expenses of suit herein; and

v. Grant the Trustee such other and further relief the Court deems just and appropriate.

| | |
|---|---|
| Dated: Richmond, Virginia<br>August 16, 2012 | TAVENNER & BERAN, PLC<br><br>  /s/ Lynn L. Tavenner<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>*Counsel to Plaintiff*<br>*Alfred H. Siegel, Trustee of the Circuit City*<br>*Stores, Inc. Liquidating Trust* |

DOCS_NY:22058.11



Maria C. Carantzas

Akerman Senterfitt
50 North Laura Street
Suite 3100
Jacksonville, FL 32202
Tel: 904.798.3700
Fax: 904.798.3730

Dir: 904.598.8608
maria.carantzas@akerman.com

August 19, 2011

State of Tennessee
Department of Revenue
Andrew Jackson State Office Building – 4th Floor
Nashville, Tennessee 37242

Re:  Circuit City Stores, Inc. (Account #: 101017356)
     Sales Tax Refund Claim – Bad Debt Refund

Dear Sir or Madam:

This law firm represents Circuit City Stores, Inc. ("Circuit City") pursuant to the attached power of attorney. Circuit City completed an internal review of its sales tax compliance and reporting process. During the course of this review, it was learned that Circuit City was not claiming a sales tax bad debt deduction related to certain sales. Accordingly, we hereby submit this claim for refund (or deduction) for sales tax pursuant to Tenn. Code Ann. § 67-6-507 for the period of January 1, 2007 through December 31, 2010 in the amount of $178,714 relating to the pro rata portion of sales tax relating to the unpaid balance of worthless accounts which have been charged off for federal income tax purposes by Circuit City's financing source. Also enclosed is Claim for Credit or Refund of Sales or Use Tax form.

If you need additional supporting data, please let us know and we will make it available for your review. If you have any questions or comments, please give me a call.

Sincerely,

*/s/ Maria Carantzas*

Maria Carantzas

Enclosures

akerman.com

BOCA RATON   DALLAS   DENVER   FORT LAUDERDALE   JACKSONVILLE   LAS VEGAS   LOS ANGELES   MADISON   MIAMI   NAPLES
NEW YORK   ORLANDO   PALM BEACH   SALT LAKE CITY   TALLAHASSEE   TAMPA   TYSONS CORNER   WASHINGTON, D.C.
WEST PALM BEACH

{JA646744;1}



TENNESSEE DEPARTMENT OF REVENUE
POWER OF ATTORNEY

**PART 1** Power of Attorney (Please type or print.)

### 1. Taxpayer Information (Taxpayer must sign and date this form on line 6.)

| Taxpayer name and address | Account number(s) |
|---|---|
| Circuit City Stores, Inc.<br>P.O. Box 5695<br>Glen Allen, VA 23058 | 101017356 (FEIN: 540493875) |
| | Daytime telephone number<br>804-385-6959 |

hereby appoints the following representative as attorney-in-fact:

### 2. Representative (Representative must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Peter O. Larsen/David E. Otero/Maria C. Carantzas<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 | Telephone No. 904-798-3700<br>Fax No. 904-798-3730 |

to represent the taxpayer before the Tennessee Department of Revenue for the following tax matters:

### 3. Tax Matters

| Type of Tax (Sales and Use, Franchise, Excise, etc.) | Year(s) or Period(s) |
|---|---|
| Sales Tax | 1/1/06 through 12/31/10 |

**4. Acts Authorized.** -- The representative is authorized to receive and inspect confidential tax information and to perform any and all acts that I can perform with respect to the tax matters described in line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks.

**5. Notices and Communication.** -- Notices and other written communications will be sent to the first representative listed in line 2.

**6. Signature of Taxpayer.** -- If signed by a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

_____    4-26-10        VP-TAX
Signature                    Date           Title (if applicable)

Jeff McDonald
Print Name

RV-F0103801

STF TN43208F.1

**PART II**    Declaration of Representative

Under penalties of perjury, I declare that:

- I am authorized to represent the taxpayer(s) identified in Part 1 for the tax matter(s) specified there; and
- I am one of the following:

X  a. Attorney or Certified Public Accountant

   b. Officer or full-time employee taxpayer organization

   c. Other _____

▶ If this declaration of representative is not signed and dated, the power of attorney will be returned.

| Designation – Insert above letter (a-c) | Jurisdiction (state) | Signature | Date |
|---|---|---|---|
| a | FL 0849146 | *[signature]* | 4-30-10 |
| a | FL 0651370 | *[signature]* | 30 April 2010 |
| a | FL 0123056 | *[signature]* | 4/29/10 |

STF TN43208F.2

TENNESSEE DEPARTMENT OF REVENUE

# Claim for Credit or Refund
## of Sales or Use Tax



| DEPARTMENTAL USE ONLY |
|---|
| CLAIM DATE _____ |
| CASE NUMBER _____ |
| CLAIM NUMBER _____ |

MAIL THIS FORM AND DOCUMENTATION TO:
STATE OF TENNESSEE
DEPARTMENT OF REVENUE
ANDREW JACKSON STATE OFFICE
BUILDING - 4TH FLOOR
NASHVILLE, TENNESSEE 37242

**FURNISH COMPLETE DETAILS TO EXPEDITE REFUND**

NAME OF BUSINESS: Circuit City Stores, Inc.
*Enter exact name as it appears on your account (Print or type)*

MAILING ADDRESS: P.O. Box 5695
*P.O. Box or Number and Street*

Glen Allen          VA   23058
City or Town    County    State    Zip Code

DATE _____
ACCOUNT NUMBER 101017356
1/1/07 through 12/31/10
Taxable period (or year)

Date Tax paid: various    Amount paid: $178,714.00    Amount claimed as refund $ 178,714.00
Amount claimed as credit $ _____

Report of Debts Attached   Yes ☐   No ☐   (If a refund of $200 or more is requested, a Report of Debts form MUST be completed and filed with this claim.)

Explain in detail the reason(s) for refund. Attach a schedule and copies of pertinent invoices, resale certificates, and/or exemption certificates, if applicable and credit memo to customer(s). Attach separate sheet if necessary.
**IMPORTANT: Refund claim not properly documented and signed cannot be processed. See the instructions on the back of this form for details regarding necessary documentation.**

This claim is filed pursuant to Tenn. Code Ann. Section 67-6-507.

Under the penalties of perjury, I declare that the statements made in support of this claim are true, correct and complete to the best of my knowledge and belief.

SIGNATURE _[signed]_   TITLE Attorney-in-fact   DATE 8/19/11
(TAXPAYER OFFICER OR AUTHORIZED REPRESENTATIVE)

PRINTED NAME Maria C. Carantzas   TELEPHONE NUMBER 904-798-3700
(PRINT NAME SIGNED ABOVE)

**FOR OFFICE USE ONLY**

CHECK FOR SPECIAL PROCESSING INSTRUCTIONS
☐ Issue warrant in the name of _____
☐ Approved claim amount is to be processed without reduction by computer audit
☐ Issue warrant manually

CLAIM EXAMINED BY _____
DATE _____ AMOUNT APPROVED _____
STATE TAX _____
LOCAL TAX _____
CREDIT _____

DIRECTOR OR DELEGATE
LEGAL REPRESENTATIVE
COMMISSIONER OF REVENUE OR DELEGATE
ATTORNEY GENERAL

RV-F1403301 (Rev. 8-10)

**EXPRESS MAIL** — UNITED STATES POSTAL SERVICE®
Customer Copy, Label 11-B, March 2004
Post Office To Addressee

EB 200439075 US

**ORIGIN (POSTAL SERVICE USE ONLY)**
- PO ZIP Code: 32202
- Day of Delivery: Next
- Postage: $19.30
- Date Accepted: 8/19/11
- Scheduled Date of Delivery: 8/17
- Time Accepted: 2:47 PM
- Scheduled Time of Delivery: Noon
- Flat Rate
- Total Postage & Fees: $18.30

**DELIVERY (POSTAL USE ONLY)**
- Delivery Date: AUG 19 2011

**FROM:** PHONE (904) 798-3700
MARIA CARAANTZAS
50 N. LAURA ST., STE. 3100
JACKSONVILLE, FL 32202

**TO:** 
STATE OF TENNESSEE
DEPT. OF REVENUE
ANDREW JACKSON STATE OFFICE
BUILDING - 4TH FLOOR
NASHVILLE, TN
ZIP+4: 37242

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811



Customer Service    USPS Mobile                                                                Register / Sign In



Search USPS.com or Track Packages

Quick Tools | Ship a Package | Send Mail | Manage Your Mail | Shop | Business Solutions

# Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| EB200439075US | Express Mail® | Delivered | August 22, 2011, 9:07 am | NASHVILLE, TN 37229 | **Guaranteed By:** August 22, 2011, 12:00 PM  Proof of Delivery |
| | | Notice Left (Business Closed) | August 20, 2011, 9:36 am | NASHVILLE, TN 37230 | |
| | | Arrival at Unit | August 20, 2011, 7:03 am | NASHVILLE, TN 37230 | |
| | | Processed through Sort Facility | August 20, 2011, 6:32 am | NASHVILLE, TN 37230 | |
| | | Acceptance | August 19, 2011, 2:47 pm | JACKSONVILLE, FL 32202 | |

**Check on Another Item**

What's your label (or receipt) number?



Find

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM | OTHER USPS SITES |
|---|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › | Business Customer Gateway › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › | Postal Inspectors › |
| FOIA › | Print a Label with Postage › | Mail Service Updates › | Inspector General › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › | Postal Explorer › |
| | Site Index › | Careers › | |

Copyright© 2011 USPS. All Rights Reserved.

USPS.com® - Track & Confirm