**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In Re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., *et al.* | ) | Case No. 08-35653-KRH |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

**RESPONSE OF NORTHCLIFF RESIDUAL PARCEL 4 LLC TO LIQUIDATING TRUST'S FORTY-FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN INVALID CLAIMS-MITIGATION)**

For the response of Northcliff Residual Parcel 4 LLC ("*Northcliff*") to the *Forty-First Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* (the "*Objection*") filed by the Circuit City Stores, Inc. Liquidating Trust (the "*Liquidating Trust*"), to Northcliff's general unsecured proof of claim (the "*Claim*"), Northcliff states that the Liquidating Trust has failed to meet its burden of proof necessary to overcome the *prima facie* evidentiary effect of the timely filed proof of claim evidencing the Claim under Bankruptcy Code § 502.  For the reasons set forth more particularly below, Northcliff therefore requests that the Court overrule the Objection and allow the Claim in the as-filed amount of $1,084,229.26.

**RESPONSE**

1.    The Liquidating Trust objects to the Claim solely on the basis that "the Debtors are not liable unless [Northcliff] . . . has met its applicable mitigation burden."  Objection at ¶24.

---

Richard E. Hagerty
VSB No. 47673
*Attorney for Northcliff Residual Parcel 4 LLC*
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
703-734-4326
703-448-6520 (facsimile)
richard.hagerty@troutmansanders.com

The Objection does not contain any further explanation, argument, law or fact to illuminate what, exactly, this "mitigation burden" might be, or whether the "burden" is a burden of proof or some other kind of burden.

2. The Objection appears to rest on an incorrect (and unsupported) presumption that Northcliff, as landlord of one of the Debtors' vacated big box properties, bears some affirmative duty (burden) to prove the amount of its lease rejection claim as a condition to allowance of the claim (*i.e.*, as though the Claim were asserted as an administrative expense under Bankruptcy Code section 503(b)).

3. But under applicable law (which the Liquidating Trust has completely ignored), applicable law provides just the opposite: the proof of claim evidencing the Claim is *prima facie* evidence of the Claim, and the Claim is presumptively valid as asserted under Bankruptcy Code § 502. *See* Fed. R. Bankr. P. 300l(f); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994).

4. The Liquidating Trust's boilerplate objection should be denied because the Liquidating Trust has failed to sustain its burden of establishing Northcliff's failure to mitigate as an affirmative defense, and because Northcliff has undertaken reasonable efforts to mitigate its damages, as required by Ohio law.

5. Northcliff timely filed a proof of claim evidencing the Claim for $1,084,229.26 for lease rejection damages based upon an unexpired lease (the "***Northcliff Lease***") of non-residential real property located in Brooklyn, Ohio (the "***Leased Premises***"). A copy of the proof of claim is attached as Exhibit A.

6. The damages under the Claim were calculated in accordance with Bankruptcy Code § 502(b)(6). A true copy of the summary calculation of the damages claimed is attached to the Claim.

7. Northcliff's proof of claim constitutes *prima facie* evidence of its Claim, and the Claim is presumptively valid under Bankruptcy Code § 502. *See* Fed. R. Bankr. P. 300l(f); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994).

8. Fed. R. Bankr. P. 3001(f) provides: "[a] proof of claim ... shall constitute a *prima facie* evidence of the validity and amount of the claim." "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993), *cert. denied*, 510 U.S. 914 (1993). *See Lundell v. Anchor Construction Specialists, Inc. (In re Lundell)*, 223.F.3d 1035, 1039 (9th Cir. 2000) (proof of claim prevails over mere formal objection); *see also In re Weaver*, 248 B.R. 106, 111 n.3 (Bankr. N.D. Ohio 2000); *In re Pi*, 239 B.R. 778, 781 (Bankr. S.D. Ohio 1999); *In re Horkins*, 153 B.R. 793 (Bankr. M.D. Tenn. 1992). "If the Trustee objects, it is his burden to present enough evidence to overcome the *prima facie* effect of the claim." *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260-61 (5th Cir. 1998).

9. The Liquidating Trust's only basis for its proposed reduction of the Claim is the assertion that Northcliff failed to mitigate its lease rejection damages. *See* Objection, at ¶ 24. However, the Liquidating Trust provides no basis whatsoever to support that claim. *Id*.

10. The Northcliff Lease is governed by Ohio law, which provides that the failure to mitigate damages is an affirmative defense. *See Young v. Frank's Nursery & Crafts, Inc.*, 58

3

Ohio St.3d 242, 244, 569 N.E.2d 1034 (1991).  Accordingly, and contrary to the assertions contained in the Objection, the burden of proving a failure to mitigate damages lies with the Liquidating Trust, as the party asserting the defense, rather than with Northcliff.  *See Hines v. Riley, supra*, 129 Ohio App.3d at 383; *see also Jones v. Consol. Rail Corp.*, 800 F.2d 590, 593 (6th Cir. 1986); *Mers v. Dispatch Printing Co.*, 39 Ohio App.3d 99, 104, 529 N.E.2d 958, 964-965 (Ohio App. 1988).

11.    Under Ohio law, Northcliff, as the landlord under the Northcliff Lease, is only required to "make reasonable efforts" to re-let the Leased Premises.  *See Master Lease of Ohio v. Andrews*, 20 Ohio App.3d 217, 220, 485 N.E.2d 820 (Ohio App. 1984); *Oakwood Estates v. Crosby*, 2005 WL 1190722 (unreported) (Ohio App. 8 Dist. 2005). "A landlord is not required to use extraordinary efforts to find a new tenant or attempt the unreasonable or impracticable." *Hines v. Riley*, 129 Ohio App.3d 378, 383 (Ohio App. 1998).

## STATEMENT OF MITIGATION EFFORTS

12.    The Liquidating Trust has not offered any evidence that Northcliff failed to use "reasonable efforts" to mitigate its damages.

13.    In fact, Northcliff has undertaken diligent efforts to mitigate its damages via offering the property for sale (through a broker) and actively soliciting and negotiating with potential tenants.  The Liquidating Trust was made aware of these efforts, with supporting detail, through settlement discussions in respect of the Objection.

14.    Specifically, in 2009, Northcliff retained broker Kelly & Visconsi, who undertook extensive negotiations with several prospective tenants between 2009 and 2012, ultimately

4

without success (the space was temporarily leased to a seasonal Halloween store in 2009 and 2010). As of the date of this Response, the space remains dark and on the market.[1]

15.    The Objection cites no grounds, nor do any grounds exist, to support an inference that Northcliff failed to take all reasonable steps to mitigate its damages. Therefore, under Ohio law, the Liquidating Trust has failed to carry its burden to prove the affirmative defense of lack of mitigation. Accordingly, the Objection should be overruled.

WHEREFORE, Northcliff respectfully requests that the Objection be overruled as to Northcliff and that the Claim be allowed in full.

Respectfully submitted,

 /s/ Richard E. Hagerty
Richard E. Hagerty (VSB #47673)
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4326
(703) 448-6520 (facsimile)
richard.hagerty@troutmansanders.com

Stuart A. Laven, Jr. (OBR #0071110) (*pro hac vice* pending)
BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH  44114-2378
(216) 363-4500
(216) 363-4588 (Facsimile)
slaven@beneschlaw.com

*Attorneys for the Northcliff Residual Parcel 4 LLC*

---

[1] In the event the Liquidating Trust presents any evidence disputing Northcliff's mitigation efforts, as it is required to do to meet its burden of proof under applicable law, Northcliff can proffer testimony, via affidavit or otherwise, as necessary to support the mitigation efforts outlined above.

5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August, 2012, I caused a copy of the foregoing to be served on the following registered persons via the Court's CM/ECF System, and on all other persons who have requested notice in these proceedings:

>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>
>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>(admitted *pro hac vice*)
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>
>*Counsel to the Liquidating Trustee*

  /s/ Richard E. Hagerty
Richard E. Hagerty