Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al., | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

### NOTICE OF LIQUIDATING TRUST'S FORTY-FIFTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (PAID TIME OFF)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Forty-Fifth Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims, as Applicable (Paid Time Off) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to reduce certain partially invalid claims, fix certain unliquidated claims, and disallow certain invalid claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and

requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON OCTOBER 2, 2012</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**<u>Critical Information for Claimants</u>**
**<u>Choosing to File a Response to the Objection</u>**

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **<u>4:00 p.m. (Eastern Time) on October 2, 2012 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on October 9, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**</u>

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b. the claimant's name and an explanation for the amount of the Claim;
>
> c. a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    August 22, 2012

> /s/ Paula S. Beran
> Lynn L. Tavenner (VA Bar No. 30083)
> Paula S. Beran (VA Bar No. 34679)
> TAVENNER & BERAN, P.L.C.
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia  23219
> Telephone:  804-783-8300
> Facsimile:  804-783-0178
> Email:  ltavenner@tb-lawfirm.com
>             pberan@tb-lawfirm.com
>
> -and-
>
> Jeffrey N. Pomerantz (admitted *pro hac vice*)
> Andrew W. Caine (admitted *pro hac vice*)
> PACHULSKI STANG ZIEHL & JONES LLP
> 10100 Santa Monica Blvd.
> 11th Floor
> Los Angeles, California  90067-4100
> Telephone: 805-123-4567
> Facsimile:  310/201-0760
> E-mail: jpomerantz@pszjlaw.com
>             acaine@pszjlaw.com
>
> *Counsel for the Circuit City Stores, Inc.*
> *Liquidating Trust*

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760


                  - and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777


*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1] et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIQUIDATING TRUST'S FORTY-FIFTH OMNIBUS OBJECTION TO CLAIMS:
REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING
OF CERTAIN UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF
CERTAIN INVALID CLAIMS, AS APPLICABLE (PAID TIME OFF)**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Forty-Fifth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims, as Applicable (Paid Time Off)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

A.      **General Background.**

2.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

2

4.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.     On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.     On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.     On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

9.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

10.     On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

11.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

12.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate and administer asserted claims, including prosecution of objections to claims, and to distribute the assets to creditors.

**B.      Paid Time Off.**

13.     Prior to the Petition Date, the Debtors' corporate policy regarding employee benefits, including paid time off ("Paid Time Off") was outlined in its Associate Handbook. All hourly employees with ninety (90) days or more service with the Debtors accrued Paid Time Off for each hour worked. The accrual rate varied based on the employee's length of service, and the accrued Paid Time Off hours could be used for any purpose, including rest, relaxation, personal business, sick time, and holidays. Although the Associate Handbook did not state a policy of paying employees for accrued, unused Paid Time Off at the termination of their employment, it was the Debtors' practice to do so until their cessation of this policy on or about November 7, 2008. In this Objection, in accordance with this Court's *Memorandum Opinion* entered October 6, 2009 [Docket No. 5164], the Trust has calculated appropriate claim amounts incorporating the Debtors' prior practice to honor Paid Time Off at termination.

## **OBJECTION**

14.    By this Objection, the Liquidating Trust seeks entry of an order, in substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing each of the claims identified on **Exhibit C** attached hereto, (ii) disallowing each of the claims identified on **Exhibit D** attached hereto, and (iii) fixing each of the claims identified on **Exhibit E** attached hereto in the amount specified therein (collectively, the "PTO Claims").

15.    For ease of reference, attached hereto as **Exhibit B** is an alphabetical listing of all claimants whose Claims are included in this Objection (the "PTO Claimants"), with a cross-reference by claim number.

### A.    **Reduction of Certain Partially Invalid PTO Claims.**

16.    The basis for reduction of the PTO Claims listed on **Exhibit C** attached hereto (the "Partially Invalid PTO Claims") is that each of the Partially Invalid PTO Claims asserts, in part, an amount for which the Debtors are not liable.

17.    Specifically, after a review of each of the Partially Invalid PTO Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that, for each PTO Claimant listed on **Exhibit C**, the Liquidating Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed by the PTO Claimant.  Accordingly, the Partially Invalid PTO Claims identified on **Exhibit C** should be reduced in the manner stated in **Exhibit C** to correspond to the Liquidating Trust's books and records, as set forth on **Exhibit C**.

### B.    **Disallowance of Certain Invalid PTO Claims.**

18.    The basis for disallowance of the PTO Claims listed on **Exhibit D** attached hereto (the "Invalid PTO Claims") is that each of the Invalid PTO Claims asserts, in its entirety, amounts for which the Debtors are not liable.  **Exhibit D** identifies Invalid PTO Claims for which the Debtors' books and records show no liability to the PTO Claimant.  After a review

of each Invalid PTO Claim and the bases upon which it is asserted, and a review of the Debtors'

books and records, the Liquidating Trust has determined that the Debtors have no liability on any

of the Invalid PTO Claims because (i) the applicable PTO Claimant was paid for all unused paid

time off on a priority basis and, thus, is not entitled to any additional amounts on an unsecured

basis, or (ii) the Liquidating Trust's books and records do not reflect any unused paid time off for

the PTO Claimant.  Accordingly, the Liquidating Trust requests that the Invalid PTO Claims

identified on **Exhibit D** be disallowed in their entirety for the reasons stated therein.

### C.   Fixing of Certain Unliquidated PTO Claims.

19.     The basis for fixing each of the PTO Claims in the amount listed on

**Exhibit E** attached hereto (the "Unliquidated PTO Claims") is that each claim is filed in an

unliquidated amount, but asserts a liability, in whole or in part, for which the Liquidating Trust

believes there is liability on the part of the Debtors.  Specifically, after a review of each of the

Unliquidated PTO Claims and the bases upon which each is asserted, and a review of the

Debtors' books and records, the Liquidating Trust has determined that the PTO Claimant is

entitled to a claim based on his or her Paid Time Off.  The Liquidating Trust has determined the

amount of the Debtors' liability on each Unliquidated PTO Claim, and seeks to allow the

Unliquidated PTO Claim in that amount, as set forth on **Exhibit E**.  Accordingly, the Liquidating

Trust requests that the Unliquidated PTO Claims identified on **Exhibit E** be fixed in the amounts

stated in **Exhibit E**.

### RESERVATION OF RIGHTS

20.     At this time, the Liquidating Trust has not completed its review of the

validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further

object to any and all claims, whether or not the subject of this Objection, for allowance and/or

distribution purposes, and on any other grounds, including the right to modify, supplement

and/or amend this Objection as it pertains to any PTO Claim or PTO Claimant herein.

## **NOTICE AND PROCEDURE**

21.    Notice of this Objection has been provided to the PTO Claimants identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the PTO Claimants should be deemed by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the PTO Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the PTO Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the PTO Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the PTO Claimant with this Objection and the exhibit on which the PTO Claimant's claim is listed.

22.    To the extent any PTO Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on October 2, 2012, as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference with respect to any such responding claimant at 2:00 p.m. (Eastern) on October 9, 2012, and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any PTO Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each of the claims identified on **Exhibit C** attached hereto, (ii) disallowing each of the claims identified on

**Exhibit D** attached hereto, and (iii) fixing each of the claims identified on **Exhibit E** attached hereto in the amount specified therein.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

23.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

24.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

25.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia      TAVENNER & BERAN, PLC
     August 22, 2012

*/s/ Paula S. Beran*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FORTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN UNLIQUIDATED
CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID
CLAIMS, AS APPLICABLE (PAID TIME OFF)**

THIS MATTER having come before the Court[2] on the *Liquidating Trust's Forty-*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Fifth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims, as Applicable (Paid Time Off)* (the "Objection"), which requested, among other things, that the claims specifically identified on Exhibit B attached to the Objection be reduced, fixed or disallowed, as applicable, for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on Exhibit A as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in Exhibit A.

3.      The Claims identified on Exhibit B as attached hereto and incorporated herein are forever fixed in the amount specified on Exhibit B for all purposes in these bankruptcy cases.

4.      The Claims identified on Exhibit C as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

5.      The Court will conduct a status conference on _____, 2012 at 2:00 p.m. for all Claims identified on Exhibit D attached hereto.

6.      The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

7.      The Liquidating Trust shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2012

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_____
Lynn L. Tavenner

13

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| ANGELA JANE INCOLLINGO<br><br>670 Bel Air Dr W<br><br><br>Vista, CA 92084 | 13775<br><br>2001377501 | Exhibit  E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| CATRON, JACOB<br><br>2180 DAVIS OAKS CT<br><br><br>STONE MOUNTAIN, GA 30087 | 5368<br><br>2000536801 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CHARLES R SPILLNER<br><br>1922 Oaktree Trl<br><br><br>Lake Villa, IL 60046 | 7294<br><br>2000729401 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| DAN ERICKSON<br><br>7737 Brunswick Rd<br><br><br>Darien, IL 60561 | 7868<br><br>2000786801 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| DOCKLER, DAVID A<br><br>1501 ALVARADO ST NO 324<br><br><br>OCEANSIDE, CA 92054 | 2885<br><br>2000288501 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| FRONDUTO, NICHOLAS JAMES<br><br>2 SYCAMORE AVE<br><br><br>MIDDLETON, MA 01949-2344 | 7200<br><br>2000720001 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| INFANTINO, SARAH<br><br>927 Union St<br><br><br>Leominster, MA 01453-5180 | 14227<br><br>2001422701 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| JAMES P MORAN<br><br>54 Twin Oaks<br><br><br>New Milford, CT 06776-1047 | 6285<br><br>2000628501 | Exhibit  E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| JOSEPH L WEBB<br><br>621 W South St<br><br><br>Clinton, IL 61727-2124 | 13221<br><br>2001322101 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| LAWRENCE, HAROLD<br><br>4019 Gregory<br><br><br>Zion, IL 60099 | 9390<br><br>2000939001 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| LUKASZ MACZKA<br><br>9346 Landings Ln Unit 202<br><br><br>Des Plaines, IL 60016-5225 | 5707<br><br>2000570701 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| MARTIN, JAMES HARVEY<br><br>7545 N RING TER<br><br><br>CITRUS SPRINGS, FL 34434 | 2020<br><br>2000202001 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| MECK, JONATHAN ARTHUR<br><br>4409 PRIMROSE CT APT P20<br><br><br>SHEBOYGAN, WI 53081 | 4746<br><br>2000474601 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| NEAL III, AJ<br><br>3207 Martha St Apt 301<br><br><br>Honolulu, HI 96815 | 8519<br><br>2000851902 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| PANNELL JR, GEORGE E<br><br>2108 COOLBROOK DR<br><br><br>RICHMOND, VA 23229 | 6032<br><br>2000603201 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| PERCY ALISIA GUILLORY<br><br>23469 Preston Rd<br><br><br>Kinder, LA 70648 | 8416<br><br>2000841601 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |

PTO

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| RONALD EVANS<br><br>6811 Carnation St Apt H<br><br><br>Richmond, VA 23225 | 5854<br><br>2000585401 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| RUDD, THOMAS A<br><br>619 WEST 33RD ST<br><br><br>RICHMOND, VA 23225 | 5283<br><br>2000528301 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| SAM, ROEUN<br><br>820 BRISTLECONE WAY<br><br><br>MODESTO, CA 95351 | 5695<br><br>2000569501 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| SANCHEZ, ERNESTO<br><br>524 Peach Way<br><br>San Marcos, CA 92069 | 6375<br><br>2000637501 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| TALAVERA, WILLIAM RENE<br><br>10535 BLACK IRON RD<br><br>LOUISVILLE, KY 40291-4002 | 3466<br><br>2000346601 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| THOMAS FOX<br><br>47 Bridgewater Rd<br><br>New Milford, CT 06776 | 6897<br><br>2000689701 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| WILLIAM A MALLORY<br><br>107 Hawk Nest Ct<br><br><br>Richmond, VA 23227-1271 | 5896<br><br>2000589601 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |

23

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/2009 | 2885 2000288501 | DOCKLER, DAVID A 1501 ALVARADO ST NO 324 OCEANSIDE, CA 92054 | | $1,289.74 | U | CIRCUIT CITY STORES, INC. | $1,089.49 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |
| 1/23/2009 | 5368 2000536801 | CATRON, JACOB 2180 DAVIS OAKS CT STONE MOUNTAIN, GA 30087 | | $9,601.19 | U | CIRCUIT CITY STORES, INC. | $1,683.86 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |
| 1/26/2009 | 5707 2000570701 | LUKASZ MACZKA 9346 Landings Ln Unit 202 Des Plaines, IL 60016-5225 | | $1,510.68 | U | CIRCUIT CITY STORES, INC. | $79.56 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |
| 1/28/2009 | 6897 2000689701 | THOMAS FOX 47 Bridgewater Rd New Milford, CT 06776 | | $874.83 | P | CIRCUIT CITY STORES, INC. | $288.22 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7200 2000720001 | FRONDUTO, NICHOLAS JAMES 2 SYCAMORE AVE MIDDLETON, MA 01949-2344 | | $2,156.00 | U | CIRCUIT CITY STORES, INC. | $331.89 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |
| 1/28/2009 | 7294 2000729401 | CHARLES R SPILLNER 1922 Oaktree Trl Lake Villa, IL 60046 | | $1,678.74 | U | CIRCUIT CITY STORES, INC. | $57.04 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |
| 1/29/2009 | 7868 2000786801 | DAN ERICKSON 7737 Brunswick Rd Darien, IL 60561 | | $2,225.75 | P | CIRCUIT CITY STORES, INC. | $90.72 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |
| 6/30/2009 | 14227 2001422701 | INFANTINO, SARAH 927 Union St Leominster, MA 01453-5180 | | $1,268.42 | U | CIRCUIT CITY STORES, INC. | $384.43 | General Unsecured | CIRCUIT CITY STORES, INC. | The Trust's books and records reflect a lesser amount of forfeited paid time off than was claimed. |

8

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/27/2009 | 5695 2000569501 | SAM, ROEUN 820 BRISTLECONE WAY MODESTO, CA 95351 | | $951.70 | U | CIRCUIT CITY STORES WEST COAST, INC. | $0.00 | The claimant was paid for all forfeited paid time off on a priority basis and, thus, is not entitled to any additional amounts on an unsecured basis. |
| 1/29/2009 | 8519 2000851902 | NEAL III, AJ 3207 Martha St Apt 301 Honolulu, HI 96815 | | $1,790.55 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Trust's books and records do not reflect any forfeited paid time off for this claimant. |

2

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/29/2008 | 2020 2000202001 | MARTIN, JAMES HARVEY 7545 N RING TER CITRUS SPRINGS, FL 34434 | | $834.11 | U | CIRCUIT CITY STORES, INC. | $834.11 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/13/2009 | 3466 2000346601 | TALAVERA, WILLIAM RENE 10535 BLACK IRON RD LOUISVILLE, KY 40291-4002 | | $482.98 | U | CIRCUIT CITY STORES, INC. | $482.99 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/23/2009 | 4746 2000474601 | MECK, JONATHAN ARTHUR 4409 PRIMROSE CT APT P20 SHEBOYGAN, WI 53081 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $219.53 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/26/2009 | 5283 2000528301 | RUDD, THOMAS A 619 WEST 33RD ST RICHMOND, VA 23225 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $2,360.72 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 5854 2000585401 | RONALD EVANS 6811 Carnation St Apt H Richmond, VA 23225 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $798.74 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/26/2009 | 5896 2000589601 | WILLIAM A MALLORY 107 Hawk Nest Ct Richmond, VA 23227-1271 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $500.04 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/27/2009 | 6032 2000603201 | PANNELL JR, GEORGE E 2108 COOLBROOK DR RICHMOND, VA 23229 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $562.34 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/27/2009 | 6285 2000628501 | JAMES P MORAN 54 Twin Oaks New Milford, CT 06776-1047 | | $0.00 | P | CIRCUIT CITY STORES, INC. | $3,838.77 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/27/2009 | 6375 2000637501 | SANCHEZ, ERNESTO 524 Peach Way San Marcos, CA 92069 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $744.81 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/29/2009 | 8416 2000841601 | PERCY ALISIA GUILLORY 23469 Preston Rd Kinder, LA 70648 | | $654.20 | P | CIRCUIT CITY STORES, INC. | $773.48 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 1/30/2009 | 9390 2000939001 | LAWRENCE, HAROLD 4019 Gregory Zion, IL 60099 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $370.67 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |
| 6/1/2009 | 13221 2001322101 | JOSEPH L WEBB 621 W South St Clinton, IL 61727-2124 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $1,595.99 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/26/2009 | 13775<br><br>2001377501 | ANGELA JANE INCOLLINGO<br><br>670 Bel Air Dr W<br><br>Vista, CA 92084 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $263.43 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount. |

13