Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | : |
| | : |
| CIRCUIT CITY STORES, INC., et al.,. | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

Chapter 11

**NOTICE OF LIQUIDATING TRUST'S FORTY-SIXTH OMNIBUS OBJECTION**
**TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**
**OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE**
**(DPS PROJECT INCENTIVE PLAN)**

    **PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Forty-Sixth Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (DPS Project Incentive Plan) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to reduce certain partially invalid claims and disallow certain invalid claims.

    **PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON OCTOBER 2, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**Critical Information for Claimants
Choosing to File a Response to the Objection**

Who Needs to File a Response:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline:  The Response Deadline is **4:00 p.m. (Eastern Time) on October 2, 2012 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on October 9, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**<u>Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection</u>**

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;
>
> c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

3

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.     a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.     a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.     the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.     to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    August 22, 2012

                              */s/ Paula S. Beran*
                              Lynn L. Tavenner (VA Bar No. 30083)
                              Paula S. Beran (VA Bar No. 34679)
                              TAVENNER & BERAN, P.L.C.
                              20 North Eighth Street, 2nd Floor
                              Richmond, Virginia  23219
                              Telephone:  804-783-8300
                              Facsimile:  804-783-0178
                              Email:  ltavenner@tb-lawfirm.com
                                         pberan@tb-lawfirm.com

                              -and-

                              Jeffrey N. Pomerantz (admitted *pro hac vice*)
                              Andrew W. Caine (admitted *pro hac vice*)
                              PACHULSKI STANG ZIEHL & JONES LLP
                              10100 Santa Monica Blvd.
                              11th Floor
                              Los Angeles, California  90067-4100
                              Telephone: 805-123-4567
                              Facsimile:  310/201-0760
                              E-mail: jpomerantz@pszjlaw.com
                                         acaine@pszjlaw.com

                              *Counsel for the Circuit City Stores, Inc.*
                              *Liquidating Trust*

Exhibit 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760


      - and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777


*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178


*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## LIQUIDATING TRUST'S FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE
## (DPS PROJECT INCENTIVE PLAN)

    The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Forty-Sixth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (DPS Project Incentive Plan)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.        This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.        On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.        On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.        On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

2

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate

3

and administer asserted claims, including prosecution of objections to claims, and to distribute

the assets to creditors.

      **B.**      **The DPS Project Incentive Plan**

      12.      Prior to the Petition Date, Circuit City instituted a semi-annual incentive

program (the "DPS Project Incentive Plan"), which began in August 2008, and pursuant to which

certain employees (each, a "DPS Participant") were eligible to earn cash incentive awards

calculated using a percentage of their annual salary (each, a "DPS Award"), which were

conditioned on continued employment by Circuit City through the date on which Circuit City

was obligated to make a DPS Award (the "Pay-Out Date").

      13.      In the case of each claim (each, a "DPS Claim") listed on **Exhibit B**

attached hereto, the DPS Project Incentive Plan began August 1, 2008, with the first Pay-Out

Date set for February 1, 2009.  All DPS Participants were terminated prior to the second Pay-Out

Date.  A sample copy of the terms (the "Plan Terms") of the DPS Project Incentive Plan is

attached hereto as **Exhibit E**.  The Plan Terms state, "[A]s a condition of receiving an incentive

payout, an associate must remain employed with the Company [Circuit City] on a full-time basis

through and including the date of pay out."  *See* Plan Terms, **Exh. E** at 1.  The Plan Terms made

clear that, while the company was encouraging DPS Participants to stay with Circuit City, each

Participant's "employment with the Company [Circuit City] is at will and is terminable at any

time, with or without cause, and with or without notice.  The plan shall not be construed to create

a contract of employment for a specified period of time between the Company and the

participant."  *See* Plan Terms, **Exh. E** at 2.

## OBJECTION

      14.      By this Objection, the Liquidating Trust seeks entry of an order, in

substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections

105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing

each of the claims identified on **Exhibit C** attached hereto and (ii) disallowing the claim identified on **Exhibit D** attached hereto.

15.     For ease of reference, attached hereto as **Exhibit B** is an alphabetical listing of all claimants whose Claims are included in this Objection (the "DPS Claimants"), with a cross-reference by claim number.

### A.     Reduction of Certain Partially Invalid DPS Claims.

16.     The basis for reduction of the DPS Claims listed on **Exhibit C** attached hereto (the "Partially Invalid DPS Claims") is that each of the Partially Invalid DPS Claims asserts, in part, an amount for which the Debtors are not liable.

17.     Specifically, after a review of each of the Partially Invalid DPS Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that each Partially Invalid DPS Claims is overstated and should be limited to the six-month period between August 1, 2008 and February 1, 2009.  Even though many of the DPS Claimants were not terminated until the end of March, 2009, the only tranche of the DPS award for which they were eligible terminated on February 1, 2009.  Accordingly, the DPS Claimant is ineligible for that portion of the DPS Award subsequent to February 1, 2009, and the Partially Invalid DPS Claims identified on **Exhibit C** should be reduced in the manner stated in **Exhibit C**.

### B.     Disallowance of Certain Invalid DPS Claims.

18.     The basis for disallowance of the DPS Claim listed on **Exhibit D** attached hereto (the "Invalid DPS Claim") is that the Invalid DPS Claim asserts, in its entirety, an amount for which the Debtors are not liable.

19.     Specifically, **Exhibit D** identifies an Invalid DPS Claim of a DPS Claimant who has already received the full amount due under the DPS Project Incentive Plan on a priority basis.  Accordingly, the Liquidating Trust requests that the Invalid DPS Claim identified on **Exhibit D** be disallowed in its entirety.

5

## RESERVATION OF RIGHTS

20.     At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds, including the right to modify, supplement and/or amend this Objection as it pertains to any DPS Claim or DPS Claimant herein.

## NOTICE AND PROCEDURE

21.     Notice of this Objection has been provided to the DPS Claimants identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the DPS Claimants should be deemed by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the DPS Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the DPS Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the DPS Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the DPS Claimant with this Objection and the exhibit on which the DPS Claimant's claim is listed.

22.     To the extent any DPS Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on October 2, 2012, as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference with respect

to any such responding claimant at 2:00 p.m. (Eastern) on October 9, 2012, and thereafter

schedule the matter for a future hearing as to the merits of such claim.  However, to the extent

any DPS Claimant fails to timely file and properly serve a response to this Objection as required

by the Case Management Order and applicable law, the Liquidating Trust requests that the Court

enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each of the

claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims identified

on **Exhibits D and E** attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

23.    This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

24.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

25.    No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia          TAVENNER & BERAN, PLC
     August 22, 2012

                           */s/ Paula S. Beran*_____
                           Lynn L. Tavenner (VA Bar No. 30083)
                           Paula S. Beran (VA Bar No. 34679)
                           20 North Eighth Street, 2nd Floor
                           Richmond, Virginia 23219
                           (804) 783-8300

                                 - and -

                           PACHULSKI STANG ZIEHL & JONES LLP
                           Jeffrey N. Pomerantz, Esq.
                           Andrew W. Caine, Esq.
                           10100 Santa Monica Boulevard
                           Los Angeles, California 90067-4100
                           (310) 277-6910

                                - and –

                           PACHULSKI STANG ZIEHL & JONES LLP
                           Robert J. Feinstein, Esq.
                           780 Third Avenue, 36th Floor
                           New York, New York 10017
                           (212) 561-7700

                           *Counsel to the Circuit City Stores, Inc.*
                           *Liquidating Trust*

## EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FORTY-SIXTH OMNIBUS
OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID
CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS
APPLICABLE (DPS PROJECT INCENTIVE PLAN)**

THIS MATTER having come before the Court[2] on the *Liquidating Trust's Forty-*

*Sixth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Disallowance of Certain Invalid Claims, as Applicable (DPS Project Incentive Plan)* (the

"Objection"), which requested, among other things, that the claims specifically identified on

Exhibit B attached to the Objection be reduced or disallowed, as applicable, for those reasons set

forth in the Objection; and it appearing that due and proper notice and service of the Objection as

set forth therein was good and sufficient and that no other further notice or service of the

Objection need be given; and it further appearing that no response was timely filed or properly

served by the Claimants being affected by this Order; and it appearing that the relief requested on

the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors

and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists

for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on Exhibit A as attached hereto and incorporated

herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in

Exhibit A.

3.      The Claim identified on Exhibit B as attached hereto and incorporated

herein is forever disallowed in its entirety for all purposes in these bankruptcy cases.

4.      The Court will conduct a status conference on _____, 2012

at 2:00 p.m. for all Claims identified on Exhibit C attached hereto.

5.      The Liquidating Trust's rights to object to any claim including (without

limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are

not waived and are expressly reserved.

6.      The Liquidating Trust shall serve a copy of this Order on the claimants

10

included on the exhibits to this Order on or before five (5) business days from the entry of this

Order.

       7.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
          _____, 2012



          _____
          HONORABLE KEVIN R. HUENNEKENS
          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.


                    _____
                    Lynn L. Tavenner



                                        12

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| BHALLE, SRINATH K<br><br>5031 WILLOWS GREEN RD<br><br><br>GLEN ALLEN, VA 23059 | 9285<br><br>2000928501 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CHESTER, WALTER<br><br>8200 BABBLER LANE<br><br><br>RICHMOND, VA 23235 | 4239<br><br>2000423902 | Exhibit  D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| THREATT, MELISSA A<br><br>6117 ALMOND CREEK LN<br><br><br>RICHMOND, VA 23231-4832 | 8997<br><br>2000899701 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| WENLEI SHI<br><br>3824 Danewood Dr<br><br><br>Henrico, VA 23233 | 5382<br><br>2000538201 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

4

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 5382 2000538201 | WENLEI SHI  3824 Danewood Dr  Henrico, VA 23233 | | $4,475.63 | U | CIRCUIT CITY STORES, INC. | $2,237.82 | General Unsecured | CIRCUIT CITY STORES, INC. | The claimant terminated employment on 3/21/09. Thus, the claim is being reduced to the tranche that vested on 2/1/09, the only vesting date prior to termination. |
| 1/30/2009 | 8997 2000899701 | THREATT, MELISSA A  6117 ALMOND CREEK LN  RICHMOND, VA 23231-4832 | | $6,500.00 | U | CIRCUIT CITY STORES, INC. | $3,261.96 | General Unsecured | CIRCUIT CITY STORES, INC. | The claimant terminated employment on 3/21/09. Thus, the claim is being reduced to the tranche that vested on 2/1/09, the only vesting date prior to termination. |
| 1/30/2009 | 9285 2000928501 | BHALLE, SRINATH K  5031 WILLOWS GREEN RD  GLEN ALLEN, VA 23059 | | $3,750.00 | U | CIRCUIT CITY STORES, INC. | $3,731.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The claimant terminated employment on 3/21/09. Thus, the claim is being reduced to the tranche that vested on 2/1/09, the only vesting date prior to termination. |

3

DPS bonus

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/21/2009 | 4239 2000423902 | CHESTER, WALTER 8200 BABBLER LANE RICHMOND, VA 23235 | | $1,317.43 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant already received the full amount due under this bonus program on a priority basis.  There are no additional amounts due. |

1

DPS bonus

# EXHIBIT E

# Circuit City
# DPS Project Incentive Plan

| | |
|---|---|
| **Effective Date:** | August 1, 2008 through August 1, 2010 or until the DPS system retires, whichever comes first. |
| **Eligibility:** | Primary DPS Support team |
| | Secondary DPS Support team |
| **Incentive Target:** | Primary: 5% semi annually |
| | Secondary: 2.5% semi annually |
| **Maximum Payout:** | 10% of an associate's annual salary |

## Objective

The goal of the DPS Project Incentive is to provide a retention tool for the DPS Support associates and to drive a positive return for associates supporting DPS until the project is complete and all company units are successfully running on rPOS.

## Performance

Formula
- The payout will be calculated using an associate's annual salary as of the last day of a performance period.
- The semi annual payout percentage target is 5% for primary associates on the DPS support team and 2.5% for secondary associates on the DPS support team.

Example
- Semi Annual Incentive Target = 5%
- Annual Incentive Target = 10%

Calculation
- **Semi Annual Payout $ = Annual Salary x Semi Annual Incentive Target %**

Example (Assuming a salary of $50,000 and a 5% semi annual target for both payouts)
- Target Semi Annual Payout $ = $50,000 x 5% = $2,500
- Target Annual Payout $ = $2,500 + $2,500 = $5,000

## Administrative Guidelines

Following are the administrative guidelines that apply to the plan.

### Performance Period

Payments are calculated for a specified and fixed period of time (the "Performance Period") and performance is measured only at the end of the Performance Period.  The Performance Period for semi annual measures begins on the effective date of August 1, 2008 and ends on the 31st day after 6 months. Then assumes the next performance period beginning on the 1st day and ends on the 31st day after 6 months and continues to remain in effect until the DPS system retires and all company systems are successfully running on rPOS.

### Incentive Target Calculation

- The associate's annual salary and incentive target as of the last day of a performance period will be used to calculate the incentive payout.

- If the system retires in the middle of a payout period, the payout will be prorated for the amount of months in effect while the system was still active.

### Eligibility

- Status: Only full-time associates, who are on the primary or secondary team supporting the DPS system, are eligible to participate in the plan.

- Termination: The plan is intended to attract and retain associates.  Therefore, as a condition of receiving an incentive payout, an associate must remain employed with the Company on a full-time basis through and including the date of payout.  An associate whose employment is terminated for any reason prior to the date of payout will not receive a payout, except to the extent required by law.

- Transfer: An associate who transfers to another position within Circuit City or any of its division or subsidiaries will receive a pro rated payout based on the number of months in which an associate was supporting the project.

- Associates on an approved leave of absence of any type on the date of payment may be eligible for incentive payout upon the return to work.  As allowed by law, associates who fail to return to work for any reason following an approved leave of absence will not receive a payment under the plan.

- New Hires: associates hired into an incentive eligible position begin to participate on their hire date and will be pro rated based on the number of months supporting the system in that performance period.

- Associates must meet performance standards and be in compliance with company policies and practices to remain eligible for a payout.

## Timing and General Terms

- Generally payments are calculated and are targeted for payment within 30 days of the end of the Performance Period.

- Payroll taxes will be withheld from incentive payments in accordance with federal, state and local law.

- 401(k) and ESPP plan contributions will be deducted from an incentive payment in accordance with an associate's election under each plan and subject to the respective plan limits.

- Health and Welfare deductions will not be taken from an incentive payment.

## General Conditions of the Plan

The Company reserves the right to terminate, amend, modify and/or restate the plan (in whole or in part) at any time and without advance notice.

An eligible participant's employment with the Company is at will and is terminable at any time, with or without cause, and with or without notice.  The plan shall not be construed to create a contract of employment for a specified period of time between the Company and the participant.

No incentive will be earned for a Performance Period in which it has been determined that an associate has manipulated the plan, falsified information or engaged in any other conduct that in the opinion of the Company has attempted to thwart, subvert, or contravene the intent of the plan or any other measure or condition of the plan.

Due to the complex nature of variable pay plans it is impossible to cover every aspect.  The clarification and resolution of any issue not clear from this plan will be determined at the sole discretion of the Chairman, President & CEO and/or Senior Vice President of Human Resources.