```
                  UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF VIRGINIA


IN RE:                      .    Case No. 08-35653(KRH)
                            .
                            .    Chapter 11
CIRCUIT CITY STORES,        .    Jointly Administered
INC., et al.,               .
                            .    701 East Broad Street
                            .    Richmond, VA 23219
                            .
         Debtors.           .    September 6, 2012
. . . . . . . . . . . . . .      2:11 p.m.



                      TRANSCRIPT OF HEARING
               BEFORE HONORABLE KEVIN R. HUENNEKENS
               UNITED STATES BANKRUPTCY COURT JUDGE




APPEARANCES:

For the Debtors:         Tavenner and Beran, PLC
                         By:  LYNN L. TAVENNER, ESQ.
                         20 North Eighth Street, 2nd Floor
                         Richmond, VA 23219
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1        COURT CLERK:  All rise.  The court is now in session.
2   Please be seated and come to order.
3        COURTROOM DEPUTY:  In the matter of Circuit City
4   Stores, Incorporated, hearing on motion by liquidating trust
5   for order automatically expunging claims.
6        MS. TAVENNER:  Good afternoon, Your Honor.  For the
7   record Lynn Tavenner of the law firm of Tavenner and Beran
8   appearing on behalf of the trust.  Together with me today is
9   Ms. Catherine Bradshaw.  Your Honor, we do only have one matter
10  that's on the docket today to which no objections were filed.
11  Briefly, Your Honor, it is a motion requesting authority for
12  automatic expungement of claims.  Remarkably, Your Honor,
13  claims continue to be filed in this case notwithstanding the
14  various orders that Your Honor has entered with respect to
15  administrative claims, unsecured claims, PI claims.  Still
16  others have been trickling in since January of this year.
17       In conjunction with the continued claims
18  reconciliation process the trust team has learned that
19  continued claims continue to come in, and we were hopeful that
20  we could have Your Honor enter an order that would rule that
21  any claims that have been filed from January 1 of 2012 going
22  forward would be automatically expunged.  This will relieve an
23  extraordinary burden upon the staff to have to go back and
24  monitor that docket to determine what continues to be filed.
25       Now, lest Your Honor -- I don't want you to be

1  misled.  It's not that there are huge numbers that we're
2  talking about right now, but given what's happened in this case
3  we don't see it stopping.  That's why we want Your Honor to
4  help us stop it.
5         I asked Ms. Bradshaw as we walked in, at one point we
6  thought there may have been a pool of about 50.  Now in
7  conjunction with resolution process we believe that the number
8  is even under 20 of ones that are out there that we would seek
9  automatic expungement on.  But we do envision that unless
10 there's an order entered that we'll continue to have to deal
11 with them, and we would respectfully request that an order be
12 entered allowing us to stop it.
13         Now, that doesn't mean that someone can't come in and
14 ask for the trust to agree or -- I mean we'll continue the
15 reconciliation process and certainly can ask Your Honor to
16 provide for relief, and we've provided for that in the order,
17 as well.  We're not trying to preclude or stop anybody's
18 rights, but with respect to bar dates that have already been
19 entered we want to make sure that we can have the automatic
20 expungement.
21         THE COURT:  So if there was somebody out there that
22 for whatever reasons would qualify for filing a very late file
23 claim for excusable neglect there would be a mechanism --
24         MS. TAVENNER:  Yes.
25         THE COURT:  -- that would allow that.  And tell me

1  what that mechanism is then.

2          MS. TAVENNER:  Absolutely, Your Honor.  They could
3  request relief for excusable neglect to have the order not to
4  be automatically expunged.

5          THE COURT:  Well, how would they know that, though?
6  I mean if it's automatically -- if somebody files a claim
7  tomorrow after I enter the order and they file the claim, that
8  claim would just automatically be expunged.  How would they
9  know they'd have to file a motion asking for it to be filed as
10 a late claim?

11         MS. TAVENNER:  Well, Your Honor, I wouldn't envision
12 that someone that doesn't have counsel would know.  At this
13 point we're hopeful that anybody that's coming in seeking
14 excusable neglect would have counsel and such motion would be
15 filed in the normal course.  But it's really hard to implement
16 a process to give notice to someone we don't know about.

17         THE COURT:  I know.  I notice the other half of the
18 courtroom empty here and no one was objecting, but that is, you
19 know, the concern that I had is how that would work so that,
20 you know, somebody who actually did have, and this is probably
21 remote that anybody at this point could not know about this
22 case and know that a claim needed to be filed, but in the
23 unlikely event that that person was out there, you know, how
24 that would work for them?

25         MS. TAVENNER:  I would submit, Your Honor, that given

1  the date of this case that they would be out of luck if they
2  don't hire a lawyer and seek the extraordinary relief.
3           THE COURT: All right. Now, the -- will they get
4  anything from the Court if they -- if somebody files a proof of
5  claim after this order is entered will they get some sort of a
6  response as your claim is expunged, you're too late, or is it
7  they just go into the black hole and it's just never dealt
8  with?
9           MS. TAVENNER: Your Honor, the reason for wanting to
10 do it was to avoid having to --
11          THE COURT: Send.
12          MS. TAVENNER: -- continue monitoring and sending
13 those types of notices out. So we were envisioning that there
14 wouldn't be. Certainly, Your Honor, to the extent that the
15 ones that are on file now that we know about, if Your Honor
16 desires we could give notice that in accordance with the order
17 that we're requesting you to enter that their claim has been
18 deemed expunged.
19          THE COURT: All right. Very good. Does any party
20 wish to be heard in connection with the motion to liquidating
21 trust for an order automatically expunging claims?
22                    (No audible response)
23          THE COURT: All right. Ms. Tavenner, I think that
24 given the unique facts we have in this case and the age of the
25 case and what we need to do to get it resolved that I'm

1  comfortable with the kind of order that you're asking me to
2  enter in this case.  And I agree with you, it would be the very
3  extraordinary situation where somebody would come in, and
4  hopefully they would have counsel that would be able to then,
5  you know, make the appropriate motion and put on the proof that
6  would be necessary in order to bring that type of a claim at
7  this late date.  But I think that in balancing the needs of the
8  trust be able to move this case along and the limited resources
9  that we have that this makes sense, so I'm going to grant your
10 motion and ask you to submit that order.
11            MS. TAVENNER:  Thank you, Your Honor.  I will do
12 that.  And in the interest of full disclosure I did want to
13 advise, we noted on the docket that we did hear from some
14 counsel enquiring about the nature of the motion, explained it
15 to them, and it did result in two stipulations entered with Mr.
16 McCullagh with respect to several landlord claimants addressing
17 their specific needs, so we're happy to try and work with
18 people.
19            THE COURT:  All right.  Thank you very much.
20            MS. TAVENNER:  Thank you, Your Honor.
21            THE COURT:  Is there any other business we need to
22 take up in Circuit City today?
23            MS. TAVENNER:  The only other thing, Your Honor, is I
24 did want to advise you that there will be a motion filed in the
25 near future with respect to a request to file documentation

1  under seal with regard to a resolution that has been agreed to
2  with Toshiba entities.  This relates to certain avoidance and
3  collection claims, similar to those that have been before Your
4  Honor with respect to the almost 600 adversaries that have been
5  filed.
6         In the instance of Toshiba there has not been a
7  complaint filed because there's been a tolling agreement in
8  place.  An agreement has now been reached, however part of the
9  agreement does require that the terms be filed under seal with
10 the Court.  So I did want to advise Your Honor as to why we
11 would be filing that.  We don't need to request any expedited
12 relief with regard to that at this point, but I did want to
13 advise you before filing it.
14         THE COURT:  All right.  Thank you very much.  And
15 with regard to the matter we had the other day, the conference
16 with Mr. Barrett (phonetic) --
17         MS. TAVENNER:  Yes.
18         THE COURT:  -- and yourself, we've contacted Judge
19 Santoro's chambers and he's due back on the 12th, but --
20 flights from that part of the world are not always reliable, so
21 we'll see when he gets back and we'll get back in touch with
22 you.
23         MS. TAVENNER:  I appreciate that, Your Honor.  We are
24 contemplating that we will not submit an additional stipulation
25 to you until after we have that contact and have additional

```
 1  dates to put into the stipulation.
 2              THE COURT:  And that'll be just fine.
 3              MS. TAVENNER:  All right.  Thank you, Your Honor.
 4              THE COURT:  Thank you.
 5              COURT CLERK:  All rise.  The court is now adjourned.
 6                              * * * * *
 7                      **C E R T I F I C A T I O N**
 8         I, KATHLEEN BETZ, court approved transcriber,
 9  certify that the foregoing is a correct transcript from the
10  official electronic sound recording of the proceedings in the
11  above-entitled matter, and to the best of my ability.
12
13  /s/ Kathleen Betz                 DATE:   September 10, 2012
14  KATHLEEN BETZ
15  J&J COURT TRANSCRIBERS, INC.
16
17
18
19
20
21
22
23
24
25
```