Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,. | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

## NOTICE OF LIQUIDATING TRUST'S FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID CLAIMS (MULTIPLE HR PROGRAMS CLAIMED)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Forty-Seventh Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims (Multiple HR Programs Claimed) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Liquidating Trust is seeking to reduce certain partially invalid claims, fix certain unliquidated claims and disallow certain invalid claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the

Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON NOVEMBER 29, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**<u>Critical Information for Claimants</u>**
**<u>Choosing to File a Response to the Objection</u>**

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on November 29, 2012 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on December 6, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do not need to appear at the status hearing on the Objection.

### Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.      a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

> b.      the claimant's name and an explanation for the amount of the Claim;

> c.      a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    September 13, 2012

          */s/ Lynn L. Tavenner*
          Lynn L. Tavenner (VA Bar No. 30083)
          Paula S. Beran (VA Bar No. 34679)
          TAVENNER & BERAN, PLC
          20 North Eighth Street, 2nd Floor
          Richmond, Virginia  23219
          Telephone:  804-783-8300
          Facsimile:  804-783-0178
          Email:  ltavenner@tb-lawfirm.com
                  pberan@tb-lawfirm.com

          -and-

          Jeffrey N. Pomerantz (admitted *pro hac vice*)
          Andrew W. Caine (admitted *pro hac vice*)
          PACHULSKI STANG ZIEHL & JONES LLP
          10100 Santa Monica Blvd.
          11th Floor
          Los Angeles, California  90067-4100
          Telephone: 805-123-4567
          Facsimile:  310/201-0760
          E-mail: jpomerantz@pszjlaw.com
                  acaine@pszjlaw.com

          *Counsel for the Circuit City Stores, Inc.*
          *Liquidating Trust*

EXHIBIT 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIQUIDATING TRUST'S FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS:**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN**
**UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID CLAIMS**
**(MULTIPLE HR PROGRAMS CLAIMED)**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Forty-Seventh Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims (Multiple HR Programs Claimed)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

2

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate

3

and administer asserted claims, including prosecution of objections to claims, and to distribute
the assets to creditors.

**OBJECTION**

12.     By this Objection, the Liquidating Trust seeks entry of an order, in
substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections
105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing
each of the claims identified on **Exhibit C** attached hereto, (ii) disallowing each of the claims
identified on **Exhibits D and F** attached hereto, and (iii) fixing each of the claims identified on
**Exhibit E** attached hereto in the amount specified therein (collectively, the "Claims").  Each of
the Claims asserts amounts purportedly owed on account of multiple human resources programs
or incentives (each, an "HR Program").

13.     For ease of reference, attached hereto as **Exhibit B** is an alphabetical
listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a
cross-reference by claim number.

**A.     Reduction of Certain Partially Invalid Claims.**

14.     The basis for reduction of the Claims listed on **Exhibit C** attached hereto
(the "Partially Invalid Claims") is that each of the Partially Invalid Claims asserts, in part, an
amount for which the Debtors are not liable.

15.     Specifically, after a review of each of the Partially Invalid Claims and the
bases upon which each is asserted, and a review of the Debtors' books and records, the
Liquidating Trust has determined that for each Claimant listed on **Exhibit C**, one or more
portions of the Claim is overstated or invalid and the Claim must be reduced accordingly, as
detailed on **Exhibit C**.  For example, a Claim may have asserted amounts due on account of
multiple HR Programs, whereas the Liquidating Trust's books and records show that only certain
HR Programs are applicable to the Claimant.  In that case, the Claim would be reduced by the
amount claimed for the inapplicable HR Program.  Alternatively, the Liquidating Trust may seek

to reduce the amount claimed on account of a particular HR Program if such amount is

overstated.  The specific HR Programs that the Liquidating Trust believes are inapplicable or

overstated, and the reasons therefore, are included on **Exhibit C**.  Accordingly, the Partially

Invalid Claims identified on **Exhibit C** should be reduced in the manner stated in **Exhibit C** to

correspond to the Liquidating Trust's books and records.

> **B.**    **Disallowance of Certain Invalid Claims.**

16.    The basis for disallowance of the Claims listed on **Exhibit D** attached

hereto (the "Invalid Claims") is that each of the Invalid Claims asserts amounts owed by the

Debtors on account of multiple HR Programs, but for which the Debtors' books and records

show no liability to the Claimant for any claimed HR Program.  After a review of each Invalid

Claim and the bases upon which it is asserted, and a review of the Debtors' books and records,

the Liquidating Trust has determined that the Debtors have no liability on any of the Invalid

Claims because, *inter alia*, (i) the HR Programs claimed are not applicable to the Claimant, (ii)

the Debtors' books and records do not show liability on account of the HR Programs, (iii) the

assets and obligations of the HR Programs are not assets of the Debtors, or (iv) any combination

of issues.  Accordingly, the Liquidating Trust requests that the Invalid Claims identified on

**Exhibit D** be disallowed in their entirety for the reasons stated therein.

> **C.**    **Fixing of Certain Unliquidated Claims.**

17.    The basis for fixing each of the Claims in the amount listed on **Exhibit E**

attached hereto (the "Unliquidated Claims") is that each claim was filed in an unliquidated

amount, but asserts a liability for HR Programs, in whole or in part, for which the Liquidating

Trust believes there is liability on the part of the Debtors.  Specifically, after a review of each of

the Unliquidated Claims and the bases upon which each is asserted, and a review of the Debtors'

books and records, the Liquidating Trust has determined that the Claimant is entitled to a claim

based on the applicable HR Programs.  The Liquidating Trust has determined the amount of the

Debtors' liability on each Unliquidated Claim, and seeks to allow the Unliquidated Claim in that

amount, as set forth on **Exhibit E**. Accordingly, the Liquidating Trust requests that the

Unliquidated Claims identified on **Exhibit E** be fixed in the amounts stated in **Exhibit E**.

        **D.**      **Disallowance of Certain Duplicate Claims.**

      18.      The basis for disallowance of the Claims listed on **Exhibit F** attached

hereto (the "Duplicate Claims") is that each of the Duplicate Claims asserts liabilities already

asserted in their entirety by the Claimant in another claim; the claim number of the allowed,

surviving claim is listed on **Exhibit F** hereto. Accordingly, the Liquidating Trust requests that

the Duplicate Claims identified on **Exhibit F** be disallowed.

## RESERVATION OF RIGHTS

      19.      At this time, the Liquidating Trust has not completed its review of the

validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further

object to any and all claims, whether or not the subject of this Objection, for allowance and/or

distribution purposes, and on any other grounds, including the right to modify, supplement

and/or amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

      20.      Notice of this Objection has been provided to the Claimants identified on

**Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order*

*Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and*

*Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and*

*Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case

Management Order"). The Liquidating Trust submits that the following methods of service upon

the Claimants should be deemed by the Court to constitute due and sufficient service of this

Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the

applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the

Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the

signatory of the Claimant's proof of claim form or other representative identified in the proof of

claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Claimant with this Objection and the exhibit on which the Claimant's Claim is listed.

21.    To the extent any Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on November 29, 2012, as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference with respect to any such responding claimant at 2:00 P.M. (Eastern) on December 6, 2012, and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each of the claims identified on **Exhibit C** attached hereto, (ii) disallowing each of the claims identified on **Exhibits D and F** attached hereto, and (iii) fixing each of the claims identified on **Exhibit E** attached hereto in the amount specified therein.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

22.    This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

23.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

24.    No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia               TAVENNER & BERAN, PLC
        September 13, 2012

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FORTY-SEVENTH OMNIBUS
OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY
INVALID CLAIMS, FIXING OF CERTAIN UNLIQUIDATED CLAIMS, OR
DISALLOWANCE OF CERTAIN INVALID CLAIMS
(MULTIPLE HR PROGRAMS CLAIMED)**

THIS MATTER having come before the Court[2] on the *Liquidating Trust's Forty-*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Seventh Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims (Multiple HR Programs Claimed)* (the "Objection"), which requested, among other things, that the claims specifically identified on **Exhibit B** attached to the Objection be reduced, fixed or disallowed, as applicable, for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on **Exhibit A** as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in **Exhibit A**.

3.      The Claims identified on **Exhibit B** as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

4.      The Claims identified on **Exhibit C** as attached hereto and incorporated herein are forever fixed in the amount specified on **Exhibit C** for all purposes in these bankruptcy cases.

5.      The Court will conduct a status conference on _____, 2012 at 2:00 p.m. for all Claims identified on **Exhibit D** attached hereto.

10

6.      The Liquidating Trust's rights to object to any claim including (without

limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are

not waived and are expressly reserved.

7.      The Liquidating Trust shall serve a copy of this Order on the claimants

included on the exhibits to this Order on or before five (5) business days from the entry of this

Order.

8.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
         September __, 2012

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                              */s/ Lynn L. Tavenner*
                              Lynn L. Tavenner

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| ANN PAIGE PIETRANTONI<br><br>13628 Sovereign Ct<br><br><br>Henrico, VA 23233 | 7432<br><br>2000743201 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| APPLEBAUM, MICHAEL SCOTT<br><br>505 KINGS RD<br><br><br>YARDLEY, PA 19067 | 5639<br><br>2000563901 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| BRADLEY, BRIAN<br><br>3036 LEANNE CT<br><br><br>CLEARWATER, FL 33759 | 8141<br><br>2000814101 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| BRADSHAW, CATHERINE W<br><br>3617 BUCHANAN COURT<br><br><br>RICHMOND, VA 23233 | 7400<br><br>2000740001 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| BREITENBECHER, KELLY<br><br>Sands Anderson Marks & Miller<br>801 E Main St Ste 1800<br>PO Box 1998<br>Richmond, VA 23218-1998 | 13936<br><br>2001393601 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| BURGESS, JAMES E<br><br>232 CROSS RDS CHURCH R<br><br><br>EASLEY, SC 29640 | 8646<br><br>2000864601 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| CANCEL, MARCOS G<br><br>135 GIJON<br>CIUDAD JARDIN DE BAIROA<br><br>CAGUAS, PR 00727 | 9504<br><br>2000950401 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| CARRILLO, CHRISTOPHER M<br><br>7973 W CARON DR<br><br><br>PEORIA, AZ 85345 | 4940<br><br>2000494002 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| CHAD KUBICA<br><br>24126 Matthew Pl<br><br><br>Santa Clarita, CA 91321-4690 | 14436<br><br>2001443601 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CHRISTOPHER BILLAND<br><br>92 993 Puanihi St<br><br><br>Kapolei, HI 96707 | 14394<br><br>2001439401 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| CLARKE, RALPH<br><br>P O BOX 1447<br><br><br>PLYMOUTH, MA 02362 | 5499<br><br>2000549901 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| CRAWLEY, LINDA B<br><br>2504 GAY AVE<br><br><br>RICHMOND, VA 23231 | 6481<br><br>2000648102 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| CZERWONKA, DAVID JOHN<br><br>12108 COUNTRY HILLS WY<br><br><br>GLEN ALLEN, VA 23059-5361 | 9487<br><br>2000948701 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| DAVID KNOWLTON<br><br>525 ESCAMBIA ST<br><br><br>INDN HBR BCH, FL 32937-362 | 7530<br><br>2000753002 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| DOMSTER, DAVID J<br><br>7300 LOOKOUT DR<br><br><br>RICHMOND, VA 23225-1212 | 7169<br><br>2000716901 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| ELIZABETH R WARREN<br><br>1824 Hanover Ave<br><br><br>Richmond, VA 23220 | 13486<br><br>2001348601 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| ELIZABETH R WARREN<br><br>1824 Hanover Ave<br><br><br>Richmond, VA 23220 | 13529<br><br>2001352901 | Exhibit E<br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| ELLEN DISISTO MITCHELL<br><br>11101 Park Ridge Rd<br><br><br>Fredencksburg, VA 22408 | 6610<br><br>2000661001 | Exhibit E<br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| ENGEN, WILLIAM M<br><br>12029 STONEWICK PLACE<br><br><br>GLEN ALLEN, VA 23059 | 5189<br><br>2000518901 | Exhibit E<br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| ENGEN, WILLIAM M<br><br>12029 STONEWICK PLACE<br><br><br>GLEN ALLEN, VA 23059 | 5193<br><br>2000519301 | Exhibit F<br>DUPLICATE CLAIMS TO BE EXPUNGED |
| ENGESSER, VICTOR M<br><br><br><br><br>, | 1743<br><br>2000174302 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| FOSTER, MICHAEL L<br><br>1927 WINDINGRIDGE DR<br><br><br>RICHMOND, VA 23238 | 7398<br><br>2000739801 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| GONZALEZ, CARLOS M<br><br>315 HAWKRIDGE DR<br><br><br>SAN PABLO, CA 94806 | 8331<br><br>2000833102 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |
| HARMON, EMIKO L<br><br>1901 MOUNTAIN RD<br><br><br>GLEN ALLEN, VA 23060 | 4228<br><br>2000422802 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| HUTCHINSON, HOPETON<br><br>13900 ARDATH AVE<br><br><br>GARDENA, CA 90249 | 6417<br><br>2000641701 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| JAMES A COLE<br><br>4927 56TH PL<br><br><br>BLADENSBURG, MD 20710-16 | 9592<br><br>2000959201 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |
| JAMES H WIMMER JR<br><br>12928 Church Rd<br><br>Richmond, VA 23233 | 9584<br><br>2000958402 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| JAMES R WRAGE<br><br>12730 MENGIBAR AVE<br><br>SAN DIEGO, CA 92129-3055 | 7643<br><br>2000764301 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |
| JEFF MCDONALD<br><br>5540 Quail Ridge Ter<br><br>Chesterfield, VA 23832 | 13879<br><br>2001387901 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Jeffrey A Mcdonald<br><br>5540 Quail Ridge Ter<br><br>Chesterfield, VA 23832 | 15151<br><br>2001515101 | Exhibit F<br>DUPLICATE CLAIMS TO BE EXPUNGED |
| JENNIFER G LINTON<br><br>5232 Wheat Ridge Pl<br><br>Glen Allen, VA 23059 | 9978<br><br>2000997801 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| JOHN SHEAKLEY<br><br>1951 OFarrell St No 116<br><br>San Mateo, CA 94403-7303 | 14905<br><br>2001490501 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| KAREN L CRAIG<br><br>4409 Player Rd<br><br><br>Corona, CA 92883 | 14174<br><br>2001417401 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| KELLIE E KIMES<br><br>7949 White Lowe Rd<br><br><br>Salisbury, MD 21801 | 15003<br><br>2001500301 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| LANE, DARICK<br><br>3413 ANDOVER HILLS PL<br><br><br>RICHMOND, VA 23294 | 6537<br><br>2000653701 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| LEACH, BRIAN R<br><br>9060 COTTLESTON CIRCLE<br><br><br>MECHANICSVILLE, VA 23116 | 5157<br><br>2000515702 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| LOOHN PATRICIA M<br><br>9705 Snowberry Ct<br><br><br>Glenn Allen, VA 23060 | 7394<br><br>2000739402 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| LOPEZ, DAVID P<br><br>8030 OAK ST<br><br><br>ARVADA, CO 80005 | 6659<br><br>2000665901 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| MARY LOUISE ROBERTS<br><br>24800 Pear Orchard Rd<br><br><br>Moseley, VA 23120 | 3408<br><br>2000340801 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| MICHELLE MOSIER<br><br>4503 W Franklin St<br><br><br>Richmond , VA 23221 | 14396<br><br>2001439601 | Exhibit F<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| MOSIER, MICHELLE O<br><br>4503 W FRANKLIN ST<br><br><br>RICHMOND, VA 23221 | 7419<br><br>2000741901 | Exhibit E<br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| NAKANISHI, CINDY KIMI<br><br>PO Box 36182<br><br><br>San Jose, CA 95158 | 1553<br><br>2000155301 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |
| NINO, MICHAEL A<br><br>7100 Lakeshore Dr<br><br>Quinton, VA 23141 | 8192<br><br>2000819201 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| OLDANI, MARK<br><br>303 HAMLETS END WAY<br><br><br>FRANKLIN, TN 37067-6471 | 10041<br><br>2001004101 | Exhibit E<br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| PAMELA R MUNSTER<br><br>340 S Westwood Blvd<br><br><br>Nampa, ID 83686 | 6634<br><br>2000663401 | Exhibit E<br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| PEREZ, JOSE L<br><br>3816 W 105 ST<br><br><br>INGLEWOOD, CA 90303 | 7180<br><br>2000718002 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |
| PETER POWELL<br><br>1912 Prairie Sq<br><br><br>Schaumburg, IL 60173-4140 | 6366<br><br>2000636601 | Exhibit F<br>DUPLICATE CLAIMS TO BE EXPUNGED |
| POWELL, PETER D<br><br>1912 PRAIRIE SQUARE UNIT<br><br><br>SCHAUMBURG, IL 60173 | 5110<br><br>2000511001 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| RICKARD, DOROTHY B<br><br>8303 GWINNETT RD<br><br><br>RICHMOND, VA 23229 | 7396<br><br>2000739602 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| RYAN, PAUL<br><br>13 N STONINGTON RD<br><br><br>MYSTIC, CT 06355 | 7600<br><br>2000760002 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| SCHROGIE, JOHN J<br><br>15718 Fox Marsh Dr<br><br>Moseley, VA 23120 | 9365<br><br>2000936501 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| SEVERN M DEMOTT<br><br>7702 Sunderland Rd<br><br><br>Richmond, VA 23229 | 14329<br><br>2001432901 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| SHEAKLEY, JOHN ALEXANDER<br><br>1951 OFARRELL ST NO 116<br><br><br>SAN MATEO, CA 94403-7303 | 7795<br><br>2000779501 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| STORY, DAVID<br><br>32 ZUMWALT PASS<br><br><br>OFALLON, MO 63366 | 7202<br><br>2000720201 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| SUBETTO, ROBERT GLEN<br><br>1063 MOSSER RD APT N205<br><br><br>BREINIGSVILLE, PA 18031 | 6503<br><br>2000650301 | Exhibit E<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| THORNE, SHERRI L<br><br>4412 STUDLEY RD<br><br><br>MECHANICSVILLE, VA 23116 | 7151<br><br>2000715101 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| TIMOTHY D LOWE<br><br>3546 Fawn View Dr<br><br><br>Zeeland, MI 49464 | 5113<br><br>2000511301 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| WAITE, JILL F<br><br>5013 QUEENSBURY WAY<br><br><br>SAN RAMON, CA 94582 | 10029<br><br>2001002901 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| WEBB, SUSANNA<br><br>2929 N MACARTHUR DR NO<br><br><br>TRACY, CA 95376 | 1215<br><br>2000121501 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| WHITE, ELIZABETH H<br><br>9029 RUSSET LANE<br><br><br>MECHANICSVILLE, VA 23116 | 6014<br><br>2000601402 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| WILLIAM P CIMINO<br><br>15 Albemarle Ave<br><br><br>Richmond, VA 23226 | 13665<br><br>2001366501 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| WOOLRIDGE, VELVIA B<br><br>909 WYNFIELD TERRACE<br><br><br>RICHMOND, VA 23223 | 7823<br><br>2000782301 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/16/2008 | 1743<br><br>2000174302 | ENGESSER, VICTOR M<br><br><br>, | | $326,424.81 | U | CIRCUIT CITY STORES, INC. | $324,619.18 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of claim related to contributions to the supplemental 401K plan has been reduced by $1,805.63.  Thus, the claim will be reduced to $324,619.18 for severance due under an employment agreement ($316,101.63) and contributions to the supplemental 401K plan ($8,517.55). |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/22/2009 | 5110 2000511001 | POWELL, PETER D 1912 PRAIRIE SQUARE UNIT SCHAUMBURG, IL 60173 | | $2,707.02 | U | CIRCUIT CITY STORES, INC. | $1,444.40 | General Unsecured | CIRCUIT CITY STORES, INC. | The Debtor's books and records show no amount due for unreimbursed travel & expenses. Thus, the claim should be reduced to $1,444.40 for lost paid time off (PTO). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/22/2009 | 5113<br><br>2000511301 | TIMOTHY D LOWE<br><br>3546 Fawn View Dr<br><br>Zeeland, MI 49464 | | $339,920.00 | U | CIRCUIT CITY STORES, INC. | $288,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09.  Therefore, the claim should be reduced to $288,000 for amounts due for severance under an employment agreement ($118,000) , the special cash retention program ($125,000), and the long-term incentive program ($45,000). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/23/2009 | 5157 2000515702 | LEACH, BRIAN R 9060 COTTLESTON CIRCLE MECHANICSVILLE, VA 23116 | | $491,300.00 | U | CIRCUIT CITY STORES, INC. | $452,300.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be disallowed as the claimant was terminated prior to the projected payout date, 5/15/09.  The 401k plan assets were held in trust by Wells Fargo, N.A. and are not assets of the Debtor's.  The pension plan's assets were taken over by the pension Benefit Guaranty Corporation. Thus, the retirement and short-term incentive portions of the claim will be reduced to $0.  The claim will be reduced to $452,300 for amounts due under the special cash retention program ($125,000), the long-term incentive program ($135,000) and severance ($192,300) due under and employment contract, which has been reduced by $2700 paid under Omni #19. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/16/2009 | 5639<br><br>2000563901 | APPLEBAUM, MICHAEL SCOTT<br><br>505 KINGS RD<br><br>YARDLEY, PA 19067 | | $15,692.00 | U | CIRCUIT CITY STORES, INC. | $15,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The Debtor's books and records show no employer matching contributions are owed with respect to the 401k plan, and thus, the claim will be reduced by $692.  The claim will be reduced to $15,000 for amounts due under the special cash retention program. |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 6417 2000641701 | HUTCHINSON, HOPETON 13900 ARDATH AVE GARDENA, CA 90249 | | $65,000.00 | U | CIRCUIT CITY STORES WEST COAST, INC. | $4,053.59 | General Unsecured | CIRCUIT CITY STORES WEST COAST, INC. | The shares of the Debtor have been cancelled, effective 11/1/2010, thus this portion of the claim will be reduced to $0.  The claim will be reduced by $60,946.41 for amounts claimed related to lost paid time off (PTO) and allowed at $4,053.59 according to the Debtor's books and records. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 7151 2000715101 | THORNE, SHERRI L 4412 STUDLEY RD MECHANICSVILLE, VA 23116 | | $40,952.50 | U | CIRCUIT CITY STORES, INC. | $20,412.75 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the special cash retention program will be reduced by $20,000 because the employee terminated prior to the second vesting date of 3/8/09. The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09. The claimant was terminated prior to the second vesting date; therefore, the portion of the claim related to the phantom stock program will be reduced by $539.45. Thus, the claim will be reduced to $20,412.75 for the value of the phantom stock award ($412.75) and amounts due under the special cash retention program ($20,000). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7169<br><br>2000716901 | DOMSTER, DAVID J<br><br>7300 LOOKOUT DR<br><br>RICHMOND, VA 23225-1212 | | $218,542.66 | U | CIRCUIT CITY STORES, INC. | $182,022.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The claim will be reduced to $182,022 for amount due for severance under an employment agreement ($119,522) and the special cash retention program ($62,500). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7202 2000720201 | STORY, DAVID 32 ZUMWALT PASS OFALLON, MO 63366 | | $80,000.00 | U | CIRCUIT CITY STORES, INC. | $40,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the phantom stock program will be reduced by $39,523.75.  The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09.  Thus, the claim will be reduced to $40,476.25 for amounts due under the special cash retention program ($40,000) and the value of the phantom stock award ($476.25). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7398<br><br>2000739801 | FOSTER, MICHAEL L<br><br>1927 WINDINGRIDGE DR<br><br>RICHMOND, VA 23238 | | $179,634.00 | U | CIRCUIT CITY STORES, INC. | $40,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The claimant was terminated prior to the short-term incentive program projected payout date of 5/15/09. The shares of the Debtor have been cancelled, effective 11/1/2010.  Therefore, the claim should be reduced by $138,634.00 for amounts claimed under the short-term incentive program and stock awards.  The claim will be reduced to $40,000 for amounts due under the long-term incentive program. |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7600 2000760002 | RYAN, PAUL 13 N STONINGTON RD MYSTIC, CT 06355 | | $426,830.00 | U | CIRCUIT CITY STORES, INC. | $247,214.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The claimant was terminated prior to the short-term incentive program projected payout (5/15/09); therefore, this portion of the claim will be reduced to $0. The claim will be reduced to $247,214 for amounts due under the special cash retention program ($40,000) and severance due under an employment contract ($207,214), which has been reduced by $8,462 paid under Omni #19. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/29/2009 | 7823 2000782301 | WOOLRIDGE, VELVIA B  909 WYNFIELD TERRACE  RICHMOND, VA 23223 | | $6,812.00 | U | CIRCUIT CITY STORES, INC. | $1,336.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The 401k plan assets were held in trust by Wells Fargo, N.A. and are not assets of the Debtor's. The pension plan's assets were taken over by the pension Benefit Guaranty Corporation. Therefore, the claim should be reduced by $5476 for these portions.  The claim will be reduced to $1336 for lost paid time off (PTO). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/29/2009 | 8192  2000819201 | NINO, MICHAEL A  7100 Lakeshore Dr  Quinton, VA 23141 | Nino Michael A | $20,670.00 | U | CIRCUIT CITY STORES, INC. | $1,470.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to severance should be reduced to $0.  The Debtor's did not have a formal severance plan in place for employees without employment agreements.  Therefore, the claim will be reduced to $1,470 for lost paid time off (PTO). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9365 2000936501 | SCHROGIE, JOHN J  15718 Fox Marsh Dr  Moseley, VA 23120 | John J Schrogie | $172,952.50 | U | CIRCUIT CITY STORES, INC. | $172,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Thus, the claim will be reduced to $172,476.25 for the value of the phantom stock award ($476.25), the special cash retention program ($40,000) and amounts due under the  long-term incentive program ($132,000). |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9487<br><br>2000948701 | CZERWONKA, DAVID JOHN<br><br>12108 COUNTRY HILLS WY<br><br>GLEN ALLEN, VA 23059-5361 | | $685,800.00 | U | CIRCUIT CITY STORES, INC. | $223,401.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The shares of the Debtor have been cancelled, effective 11/1/2010.  The claimant is not entitled to amounts related to the long-term incentive program as the claimant was terminated prior to the vesting date, 3/8/09.  Thus, the portions of the claim related to stock awards and the long-term incentive program will be disallowed in their entirety and reduced to $0.  The portion of the claim related to the special cash retention program will be reduced by $87,500 because the employee terminated prior to the second vesting date of 3/8/09.  The claim will be reduced to $223,401 for amounts due under the special cash retention program ($87,500) and severance arising from an employment agreement ($135,901). |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9584  2000958402 | JAMES H WIMMER JR  12928 Church Rd  Richmond, VA 23233 | | $1,642,207.14 | U | CIRCUIT CITY STORES, INC. | $895,754.09 | General Unsecured | CIRCUIT CITY STORES, INC. | The shares of the Debtor have been cancelled, effective 11/1/2010.  The claimant is not entitled to amounts related to the long-term incentive program as the claimant was terminated prior to the vesting date, 3/8/09.  Thus, the portions of the claim related to stock awards and the long-term incentive program will be disallowed in their entirety and reduced to $0.  The portion of the claim related to the special cash retention program will be reduced by $62,500 because the employee terminated prior to the second vesting date of 3/8/09.  Actuarial calculations resulted in a benefit restoration liability of $375,602 at 11/10/08; therefore, this portion of the claim will be reduced by $496,939.  The claim will be reduced to $895,754.09 for amounts due for severance arising from an employment agreement ($426,256), supplemental 401k contributions ($31,396.09), amounts due under the special cash retention program ($62,500) and the benefit restoration liability ($375,602). |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9978  2000997801 | JENNIFER G LINTON  5232 Wheat Ridge Pl  Glen Allen, VA 23059 | | $85,013.10 | U | CIRCUIT CITY STORES, INC. | $412.75 | General Unsecured | CIRCUIT CITY STORES, INC. | The shares of the Debtor have been cancelled, effective 11/1/2010; therefore, this portion of the claim will expunged.  The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09.  The claimant was terminated prior to the second vesting date; therefore, the claim will be reduced to $412.75, the value of the phantom stock award. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 10029<br><br>2001002901 | WAITE, JILL F<br><br>5013 QUEENSBURY WAY<br><br>SAN RAMON, CA 94582 | | $100,884.50 | U | CIRCUIT CITY STORES, INC. | $80,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09.  The 401k plan assets were held in trust by Wells Fargo, N.A. and are not assets of the Debtor's.  The pension plan's assets were taken over by the pension Benefit Guaranty Corporation.  Therefore, the pension & 401k portions of the claim should be reduced to $0.  The claim will be reduced to $80,000 for amounts due under the long-term incentive program ($40,000) and special cash retention program ($40,000). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/26/2009 | 13665 2001366501 | WILLIAM P CIMINO  15 Albemarle Ave  Richmond, VA 23226 | | $146,200.00 | U | CIRCUIT CITY STORES, INC. | $80,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09.  Therefore, the claim will be reduced to $80,000 for amounts due under the long-term incentive ($40,000) and special cash retention programs ($40,000). |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/29/2009 | 13879  2001387901 | JEFF MCDONALD  5540 Quail Ridge Ter  Chesterfield, VA 23832 | | $657,814.00 | U | CIRCUIT CITY STORES, INC. | $488,797.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The short-term incentive portion of this claim should be disallowed, as it was allowed on claim #7583 per the short-term incentive order, docket #14188. The shares of the Debtor have been cancelled, effective 11/1/2010. Thus, the claim should be reduced to $0 for both the short-term incentive program and stock amounts claimed.  The claim will be reduced to $488,797 for amounts due under the special cash retention program ($125,000), the long-term incentive program ($135,000) and severance arising from an employment agreement ($228,797). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/29/2009 | 13936<br><br>2001393601 | BREITENBECHER, KELLY<br><br>Sands Anderson Marks & Miller<br><br>801 E Main St Ste 1800<br>PO Box 1998<br>Richmond, VA 23218-1998 | William A Gray & Peter M Pearl & C Thomas Ebel Esqs | $1,502,166.00 | U | CIRCUIT CITY STORES, INC. | $1,237,723.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The severance portion of the claim should be reduced by $264,443 and the claim reduced to $1,237,723 to reflect amounts due for severance under an employment agreement ($637,723) and the special cash retention program ($600,000). |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/30/2009 | 14174<br><br>2001417401 | KAREN L CRAIG<br><br>4409 Player Rd<br><br>Corona, CA 92883 | | $141,897.50 | U | CIRCUIT CITY STORES, INC. | $80,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09.  The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%). March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09.  Therefore, the claim will be reduced to $80,476.25 for the value of the phantom stock award ($476.25) and amounts due under the special cash retention & long-term incentive programs ($80,000). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/1/2009 | 14329 2001432901 | SEVERN M DEMOTT 7702 Sunderland Rd Richmond, VA 23229 | | $135,710.00 | U | CIRCUIT CITY STORES, INC. | $80,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09.  The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%). March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09.  Therefore, the claim will be reduced to $80,476.25 for the value of the phantom stock award ($476.25) and amounts due under the special cash retention & long-term incentive programs ($80,000). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/1/2009 | 14436 2001443601 | CHAD KUBICA 24126 Matthew Pl Santa Clarita, CA 91321-4690 | | $117,147.50 | U | CIRCUIT CITY STORES, INC. | $80,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Therefore, the claim will be reduced to $80,476.25 for the value of the phantom stock award ($476.25) and amounts due under the special cash retention & long-term incentive programs ($80,000). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/5/2010 | 15003 2001500301 | KELLIE E KIMES 7949 White Lowe Rd Salisbury, MD 21801 | | $381.06 | U | CIRCUIT CITY STORES, INC. | $103.69 | General Unsecured | CIRCUIT CITY STORES, INC. | The Debtor's books and records show no amount due for the returned check; therefore, this portion of the claim should be disallowed.  The claim will be reduced to $103.69 for lost paid time off (PTO). |

25

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/17/2008 | 1215 2000121501 | WEBB, SUSANNA 2929 N MACARTHUR DR NO TRACY, CA 95376 | | $0.00 | U | CC DISTRIBUTION COMPANY OF VIRGINIA, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 12/8/2008 | 1553 2000155301 | NAKANISHI, CINDY KIMI PO Box 36182 San Jose, CA 95158 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 1/23/2009 | 4228 2000422802 | HARMON, EMIKO L 1901 MOUNTAIN RD GLEN ALLEN, VA 23060 | | $4,712.18 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's did not have a formal severance plan in place for employees without employment agreements.  Therefore, the claim should be expunged in its entirety. |
| 1/22/2009 | 4940 2000494002 | CARRILLO, CHRISTOPHER M 7973 W CARON DR PEORIA, AZ 85345 | | $2,018.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The 401k plan assets were held in trust by Wells Fargo, N.A. and are not assets of the Debtor's.  The pension plan's assets were taken over by the pension Benefit Guaranty Corporation.  The Debtor's books and records show no amounts due.  Thus the claim should be expunged in its entirety. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/16/2009 | 5499 2000549901 | CLARKE, RALPH P O BOX 1447 PLYMOUTH, MA 02362 | | $16.30 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's did not have a formal severance plan in place for employees without employment agreements.  Therefore, the claim should be expunged in its entirety. |
| 1/26/2009 | 6014 2000601402 | WHITE, ELIZABETH H 9029 RUSSET LANE MECHANICSVILLE, VA 23116 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The 401k plan assets were held in trust by Wells Fargo, N.A. and are not assets of the Debtor's.  The pension plan's assets were taken over by the pension Benefit Guaranty Corporation. Thus, the claim should be expunged in its entirety. |
| 1/27/2009 | 6481 2000648102 | CRAWLEY, LINDA B 2504 GAY AVE RICHMOND, VA 23231 | | $23,839.96 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's did not have a formal severance plan in place for employees without employment agreements.  Therefore, the claim should be expunged in its entirety. |
| 1/23/2009 | 6537 2000653701 | LANE, DARICK 3413 ANDOVER HILLS PL RICHMOND, VA 23294 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The special cash retention portion of this claim was previously allowed on claim #6541; therefore, this portion of the claim should be disallowed.  The shares of the Debtor have been cancelled, effective 11/1/2010.  The claimant is not entitled to amounts related to the short-term incentive program as the claimant was terminated prior to the projected payout date, 5/15/09. The claimant is not entitled to amounts related to the long-term incentive program as the claimant was terminated prior to the vesting date, 3/8/09.  The Debtor's books and records show no amounts due for unpaid wages.  Thus, the claim should be expunged in its entirety. |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7180 2000718002 | PEREZ, JOSE L 3816 W 105 ST INGLEWOOD, CA 90303 | | $548.86 | U | CIRCUIT CITY STORES, INC. | $0.00 | The 401k plan assets were held in trust by Wells Fargo, N.A. and are not assets of the Debtor's.  The pension plan's assets were taken over by the pension Benefit Guaranty Corporation.  The Debtor's books and records show no amounts due.  Thus the claim should be expunged in its entirety. |
| 1/28/2009 | 7394 2000739402 | LOOHN PATRICIA M 9705 Snowberry Ct Glenn Allen, VA 23060 | Patricia M Loohn | $1,694.59 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's did not have a formal severance plan in place for employees without employment agreements.  Therefore, the claim should be expunged in its entirety. |
| 1/28/2009 | 7396 2000739602 | RICKARD, DOROTHY B 8303 GWINNETT RD RICHMOND, VA 23229 | | $4,561.24 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's did not have a formal severance plan in place for employees without employment agreements.  The Debtor's books and records show no employer matching contributions are owed with respect to the 401k plan.  Thus, the claim should be expunged in its entirety. |
| 1/29/2009 | 7530 2000753002 | DAVID KNOWLTON 525 ESCAMBIA ST INDN HBR BCH, FL 32937-3625 | | $10,668.80 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |

multiple

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 7643 2000764301 | JAMES R WRAGE<br><br>12730 MENGIBAR AVE<br><br>SAN DIEGO, CA 92129-3055 | WRAGE JAMES R | $0.00 | U | CIRCUIT CITY STORES WEST COAST, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 1/29/2009 | 7795 2000779501 | SHEAKLEY, JOHN ALEXANDER<br>1951 OFARRELL ST NO 116<br><br>SAN MATEO, CA 94403-7303 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 1/29/2009 | 8331 2000833102 | GONZALEZ, CARLOS M<br><br>315 HAWKRIDGE DR<br><br>SAN PABLO, CA 94806 | | $3,404.19 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 1/30/2009 | 9592 2000959201 | JAMES A COLE<br><br>4927 56TH PL<br><br>BLADENSBURG, MD 20710-1601 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 6/23/2009 | 14394 2001439401 | CHRISTOPHER BILLAND<br><br>92 993 Puanihi St<br><br>Kapolei, HI 96707 | | $3,725.65 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 3/29/2010 | 14905 2001490501 | JOHN SHEAKLEY<br><br>1951 OFarrell St No 116<br><br>San Mateo, CA 94403-7303 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |

18

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name  Address | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/13/2009 | 3408 2000340801 | MARY LOUISE ROBERTS 24800 Pear Orchard Rd Moseley, VA 23120 | $0.00 | U | CIRCUIT CITY STORES, INC. | $40,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09, thus reducing this portion of the claim to $0.  The claim will be fixed at $40,000 for the special cash retention program. |
| 1/23/2009 | 5189 2000518901 | ENGEN, WILLIAM M 12029 STONEWICK PLACE GLEN ALLEN, VA 23059 | $0.00 | U | CIRCUIT CITY STORES, INC. | $420,824.40 | General Unsecured | CIRCUIT CITY STORES, INC. | The shares of the Debtor have been cancelled, effective 11/1/2010.  The claimant is not eligible for amounts under the short-term incentive program because the claimant was terminated prior to the projected payout date, 5/15/09. Thus, reducing the equity and short-term incentive portions of the claim to $0.  The claim will be fixed at $480,824.40 for amounts due for severance ($245,824.40), the special cash retention program ($40,000), and the long-term incentive program ($135,000). |
| 1/27/2009 | 6503 2000650301 | SUBETTO, ROBERT GLEN 1063 MOSSER RD APT N205 BREINIGSVILLE, PA 18031 | $0.00 | U | CIRCUIT CITY STORES, INC. | $40,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Therefore, the claim will be reduced to $40,476.25 for the value of the phantom stock award ($476.25) and amounts due under the special cash retention program ($40,000). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name Address | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 6610 2000661001 | ELLEN DISISTO MITCHELL 11101 Park Ridge Rd Fredencksburg, VA 22408 | $125,000.00 | U | CIRCUIT CITY STORES, INC. | $484,797.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The shares of the Debtor have been cancelled, effective 11/1/2010.  The claimant is not eligible for amounts under the short-term incentive program because the claimant was terminated prior to the projected payout date, 5/15/09.  Thus, the equity and short-term incentive portions of the claim should be disallowed.  The claim will be fixed at $484,797 for amounts due for severance under an employment agreement ($224,797), the special cash retention program ($125,000), and the long-term incentive program ($135,000). |
| 1/27/2009 | 6634 2000663401 | PAMELA R MUNSTER 340 S Westwood Blvd Nampa, ID 83686 | $0.00 | U | CIRCUIT CITY STORES, INC. | $388.63 | General Unsecured | CIRCUIT CITY STORES, INC. | The pension plan's assets were taken over by the pension Benefit Guaranty Corporation, and thus, this portion of the claim will be disallowed.  The claim will be fixed at $388.63 for lost paid time off (PTO). |
| 1/28/2009 | 6659 2000665901 | LOPEZ, DAVID P 8030 OAK ST ARVADA, CO 80005 | $80,649.53 | U | CIRCUIT CITY STORES, INC. | $80,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The Debtor's books and records show no amount due for travel & expenses. The shares of the Debtor have been cancelled, effective 11/1/2010. Therefore, the travel expense and restricted stock portions of the claim will be disallowed. The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. The claim will be fixed at $80,476.25 for amounts due under the special cash retention program ($40,000), the long-term incentive program($40,000) and the value of the phantom stock award ($476.25). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name  Address | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7400 2000740001 | BRADSHAW, CATHERINE W  3617 BUCHANAN COURT  RICHMOND, VA 23233 | $0.00 | U | CIRCUIT CITY STORES, INC. | $80,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The short-term incentive portion of this claim was previously allowed on claim #14188 per the short-term incentive order, docket #14188. The shares of the Debtor have been cancelled, effective 11/1/2010. Thus, the claim should be disallowed for both the short-term incentive program and stock amounts claimed.  The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Thus the claim will be fixed at $80,476.25 for amounts due under the special cash retention program ($40,000),  the long-term incentive program ($40,000), and the value of the phantom stock award ($476.25). |
| 1/28/2009 | 7419 2000741901 | MOSIER, MICHELLE O  4503 W FRANKLIN ST  RICHMOND, VA 23221 | $0.00 | U | CIRCUIT CITY STORES, INC. | $747,049.16 | General Unsecured | CIRCUIT CITY STORES, INC. | The claim will be fixed at $747,049.16 for supplemental 401k contributions ($45,786.16), amounts due under the short-term incentive program ($72,500), the long-term incentive program ($200,000), the special cash retention program ($125,000) and severance arising from an employment agreement ($303,763), which has been reduced by $9,835 paid under claim #15169. |
| 1/28/2009 | 7432 2000743201 | ANN PAIGE PIETRANTONI  13628 Sovereign Ct  Henrico, VA 23233 | $0.00 | U | CIRCUIT CITY STORES, INC. | $40,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The short-term incentive portion of this claim was previously allowed on claim #14188 per the short-term incentive order, docket #14188. The shares of the Debtor have been cancelled, effective 11/1/2010. Thus, the claim should be disallowed for both the short-term incentive program and stock amounts claimed.  The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Thus the claim will be fixed at $40,476.25 for amounts due under the long-term incentive program ($40,000) and the value of the phantom stock award ($476.25) . |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name  Address | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/29/2009 | 8141 2000814101 | BRADLEY, BRIAN  3036 LEANNE CT  CLEARWATER, FL 33759 | $0.00 | U | CIRCUIT CITY STORES, INC. | $1,354,636.59 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09.  The claim will be fixed at $1,354,636.59 for amounts due for severance under an employment agreement ($706,298), the special cash retention program ($600,000) and supplemental 401k contributions ($48,338.59). |
| 1/29/2009 | 8646 2000864601 | BURGESS, JAMES E  232 CROSS RDS CHURCH R  EASLEY, SC 29640 | $0.00 | U | CIRCUIT CITY STORES, INC. | $325.74 | General Unsecured | CIRCUIT CITY STORES, INC. | The Debtor's books and records show no amount due for travel & expenses. The shares of the Debtor have been cancelled, effective 11/1/2010. The 401k plan assets were held in trust by Wells Fargo, N.A. and are not assets of the Debtor's.  The pension plan's assets were taken over by the pension Benefit Guaranty Corporation.   Therefore, the claim will be reduced to $0 for the aforementioned portions.  The claim will be fixed at $325.74 for lost paid time off (PTO). |
| 1/29/2009 | 9504 2000950401 | CANCEL, MARCOS G  135 GIJON  CIUDAD JARDIN DE BAIROA  CAGUAS, PR 00727 | $0.00 | U | CIRCUIT CITY STORES PR, LLC | $80,476.25 | General Unsecured | CIRCUIT CITY STORES PR, LLC | The portion of the claim associated with the $600 bonus was paid in January 2012; therefore, this portion of the claim is disallowed.  The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09.  The claim should be fixed at $80,476.25, for amounts due under the special cash retention program ($40,000), the long-term incentive program ($40,000), and the value of the phantom stock award ($476.25). |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name Address | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 10041<br><br>2001004101 | OLDANI, MARK<br><br>303 HAMLETS END WAY<br><br>FRANKLIN, TN 37067-6471 | $0.00 | U | CIRCUIT CITY STORES, INC. | $578,197.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The shares of the Debtor have been cancelled, effective 11/1/2010. The claimant is not eligible for the short-term incentive program as the claimant was terminated prior to the projected payout date, 5/15/09. Therefore, the stock awards and short-term incentive program portions of the claim should be disallowed. The claim will be fixed at $578,197 for amounts due under the long-term incentive program ($135,000), special cash retention program ($125,000) and severance under an employment agreement ($318,197). |
| 6/24/2009 | 13486<br><br>2001348601 | ELIZABETH R WARREN<br><br>1824 Hanover Ave<br><br>Richmond, VA 23220 | $0.00 | U | CIRCUIT CITY STORES, INC. | $40,476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09 as a result of the change of control (67%). March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. The claim should be fixed at $40,476.25, for amounts due under the long-term incentive program ($40,000), and the value of the phantom stock award ($476.25). |
| 6/19/2009 | 13529<br><br>2001352901 | ELIZABETH R WARREN<br><br>1824 Hanover Ave<br><br>Richmond, VA 23220 | $0.00 | U | CIRCUIT CITY STORES, INC. | $40,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The portion of the claim related to the short-term incentive program should be expunged as the claimant was terminated prior to the projected payout date, 5/15/09. Thus, the claim will be fixed at $40,000 for the amounts due under the special cash retention program. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT F**
**DUPLICATE CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/23/2009 | 5193<br><br>2000519301 | ENGEN, WILLIAM M<br><br>12029 STONEWICK PLACE<br><br><br>GLEN ALLEN, VA 23059 | | $0.00 | U | CIRCUIT CITY STORES, INC. | 5189 | Amounts included in this claim were allowed on claim # 5189.  This claim is duplicative, thus it should be expunged in its entirety. |
| 1/27/2009 | 6366<br><br>2000636601 | PETER POWELL<br><br>1912 Prairie Sq<br><br><br>Schaumburg, IL 60173-4140 | | $2,707.17 | U | CIRCUIT CITY STORES, INC. | 5110 | Amounts included in this claim were allowed on claim # 5110.  This claim is duplicative, thus it should be expunged in its entirety. |
| 6/29/2009 | 14396<br><br>2001439601 | MICHELLE MOSIER<br><br>4503 W Franklin St<br><br><br>Richmond , VA 23221 | | $470,000.00 | U | CIRCUIT CITY STORES, INC. | 7419 | Amounts included in this claim were allowed on claim # 7419.  This claim is duplicative, thus it should be expunged in its entirety. |
| 11/29/2010 | 15151<br><br>2001515101 | Jeffrey A Mcdonald<br><br>5540 Quail Ridge Ter<br><br><br>Chesterfield, VA 23832 | | $0.00 | U | Circuit City Stores, Inc. | 13879 | Amounts included in this claim were allowed on claim # 13879.  This claim is duplicative, thus it should be expunged in its entirety. |

4