Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,. | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## NOTICE OF LIQUIDATING TRUST'S FIFTIETH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (BENEFIT RESTORATION PLAN)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Fiftieth Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (Benefit Restoration Plan) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to reduce certain partially invalid claims and disallow certain invalid claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON NOVEMBER 29, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**Critical Information for Claimants
Choosing to File a Response to the Objection**

Who Needs to File a Response:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline:  The Response Deadline is **4:00 p.m. (Eastern Time) on November 29, 2012 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on December 6, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<u>**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**</u>

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    the claimant's name and an explanation for the amount of the Claim;
>
> c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

4

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    September 13, 2012

<div style="margin-left:40%">

*/s/ Lynn L. Tavenner*
_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
          acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

</div>

**EXHIBIT 1**

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIQUIDATING TRUST'S FIFTIETH OMNIBUS OBJECTION TO CLAIMS:**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR**
**DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE**
**(BENEFIT RESTORATION PLAN)**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Fiftieth Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (Benefit Restoration Plan)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

2

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

11.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate

3

and administer asserted claims, including prosecution of objections to claims, and to distribute
the assets to creditors.

### B.    The Benefit Restoration Plan

12.    Prior to the Petition Date, Circuit City offered the *Circuit City Stores, Inc.*
*Benefit Restoration Plan* (as amended and restated, the "Benefit Restoration Plan") to certain
employees.  A copy of the Benefit Restoration Plan, as amended, is attached hereto as **Exhibit
G**.  The Benefit Restoration Plan was intended, generally, to provide deferred compensation for
certain key employees of the Debtors with compensation in excess of the limit on deferred
compensation provided by the Debtors' retirement plan.

13.    The Benefit Restoration Plan established minimum service requirements
to receive benefits under the Benefit Restoration Plan, requiring either twenty-five years of
service or early retirement eligibility as set forth therein.  Benefit Restoration Plan, § 3.1.

14.    On August 30, 2012, Mercer, who, prior to the Petition Date, performed
actuarial analyses of the Debtors' Qualified Pension Plan and Benefit Restoration Plan for use in
the Debtors' S.E.C., Department of Labor and I.R.S. filings, provided the Liquidating Trust with
its updated actuarial value of the Benefit Restoration Plan benefits as of the Petition Date (the
"Mercer Actuarial Analysis").

### OBJECTION

15.    By this Objection, the Liquidating Trust seeks entry of an order, in
substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections
105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing
each of the claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims
identified on **Exhibits D through F** attached hereto.

16.    For ease of reference, attached hereto as **Exhibit B** is an alphabetical
listing of all claimants (the "Claimants") whose claims (the "Claims") are included in this
Objection, with a cross-reference by claim number.

**A.     Reduction of Certain Partially Invalid Benefit Restoration Claims.**

17.     The basis for reduction of the Claims listed on **Exhibit C** attached hereto (the "Partially Invalid Benefit Restoration Claims") is that each of the Partially Invalid Benefit Restoration Claims asserts, in part, amounts for which the Debtors are not liable.

18.     Specifically, after a review of each of the Partially Invalid Benefit Restoration Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that each Partially Invalid Benefit Restoration Claim is overstated and should be reduced to conform with the Mercer Actuarial Analysis of the Liquidating Trust's liability on account of the Benefit Restoration Plan. Accordingly, the Partially Invalid Benefit Restoration Claims identified on **Exhibit C** should be reduced in the manner stated in **Exhibit C**.

**B.     Disallowance of Certain Invalid Benefit Restoration Claims.**

19.     The basis for disallowance of the Claims listed on **Exhibit D** attached hereto (the "Invalid Benefit Restoration Claims") is that each of the Invalid Benefit Restoration Claims asserts, in its entirety, amounts for which the Debtors are not liable.

20.     Specifically, **Exhibit D** identifies Invalid Benefit Restoration Claims of employees who did not meet the eligibility requirements to receive benefits under the Benefit Restoration Plan, as they did not meet the twenty-five year service requirement or early retirement criteria.  Accordingly, the Liquidating Trust requests that the Invalid Benefit Restoration Claims identified on **Exhibit D** be disallowed in their entirety.

**C.     Disallowance of Amended/Duplicate Claims.**

21.     The basis for disallowance of the Claim listed on **Exhibit E** attached hereto (the "Amended Claim") is that the Amended Claim asserts a liability already asserted in its entirety by the Claimant in a subsequent surviving claim; the claim number of the surviving

claim is listed on **Exhibit E** hereto.[2]  Accordingly, the Liquidating Trust requests that the

Amended Claim identified on **Exhibit E** be disallowed.

22.    The basis for disallowance of the Claim listed on **Exhibit F** attached

hereto (the "Duplicate Claim") is that the Duplicate Claim asserts a liability already asserted in

its entirety by the Claimant in another claim; the claim number of the surviving claim is listed on

**Exhibit F** hereto.[3]  Accordingly, the Liquidating Trust requests that the Duplicate Claim

identified on **Exhibit F** be disallowed.

<u>**RESERVATION OF RIGHTS**</u>

23.    At this time, the Liquidating Trust has not completed its review of the

validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further

object to any and all claims, whether or not the subject of this Objection, for allowance and/or

distribution purposes, and on any other grounds, including the right to modify, supplement

and/or amend this Objection as it pertains to any Claim or Claimant herein.

<u>**NOTICE AND PROCEDURE**</u>

24.    Notice of this Objection has been provided to the Claimants identified on

**Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order*

*Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and*

*Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and*

*Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case

Management Order").  The Liquidating Trust submits that the following methods of service upon

the Claimants should be deemed by the Court to constitute due and sufficient service of this

Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the

applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the

Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the

---

[2] The surviving claim is the subject of an objection to reduce the amount thereof, included on **Exhibit C** hereto.
[3] The surviving claim is the subject of an objection to reduce the amount thereof, included on **Exhibit C** hereto.

signatory of the Claimant's proof of claim form or other representative identified in the proof of

claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel

that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating

Trust is serving the Claimant with this Objection and the exhibit on which the Claimant's claim

is listed.

25.     To the extent any Claimant timely files and properly serves a response to

this Objection by 4:00 P.M. (Eastern) on November 29, 2012, as required by the Case

Management Order and under applicable law, and the parties are unable to otherwise resolve the

Objection, the Liquidating Trust requests that the Court conduct a status conference with respect

to any such responding claimant at 2:00 P.M. (Eastern) on December 6, 2012, and thereafter

schedule the matter for a future hearing as to the merits of such claim.  However, to the extent

any Claimant fails to timely file and properly serve a response to this Objection as required by

the Case Management Order and applicable law, the Liquidating Trust requests that the Court

enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each of the

claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims identified

on **Exhibits D through F** attached hereto.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
### THE OMNIBUS OBJECTION PROCEDURES ORDER

26.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

27.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

28.     No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia               TAVENNER & BERAN, PLC
       September 13, 2012

                                          */s/ Lynn L. Tavenner*
                                          Lynn L. Tavenner, Esq. (VA Bar No. 30083)
                                          Paula S. Beran, Esq. (VA Bar No. 34679)
                                          20 North Eighth Street, 2nd Floor
                                          Richmond, Virginia 23219
                                          (804) 783-8300

                                                - and -

                                        PACHULSKI STANG ZIEHL & JONES LLP
                                        Jeffrey N. Pomerantz, Esq.
                                        Andrew W. Caine, Esq.
                                        10100 Santa Monica Boulevard
                                        Los Angeles, California 90067-4100
                                        (310) 277-6910

                                              - and –

                                        PACHULSKI STANG ZIEHL & JONES LLP
                                        Robert J. Feinstein, Esq.
                                        780 Third Avenue, 36th Floor
                                        New York, New York 10017
                                        (212) 561-7700

                                        *Counsel to the Circuit City Stores, Inc.*
                                        *Liquidating Trust*

# EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

## ORDER SUSTAINING LIQUIDATING TRUST'S FIFTIETH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (BENEFIT RESTORATION PLAN)

THIS MATTER having come before the Court[4] on the *Liquidating Trust's*

*Fiftieth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or*

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Disallowance of Certain Invalid Claims, as Applicable (Benefit Restoration Plan)* (the

"Objection"), which requested, among other things, that the claims specifically identified on

Exhibit B attached to the Objection be reduced or disallowed, as applicable, for those reasons set

forth in the Objection; and it appearing that due and proper notice and service of the Objection as

set forth therein was good and sufficient and that no other further notice or service of the

Objection need be given; and it further appearing that no response was timely filed or properly

served by the Claimants being affected by this Order; and it appearing that the relief requested on

the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors

and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists

for the granting of the relief as set forth herein,

        IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

        1.      The Objection is SUSTAINED.

        2.      The Claims identified on Exhibit A as attached hereto and incorporated

herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in

Exhibit A.

        3.      The Claim identified on Exhibit B as attached hereto and incorporated

herein is forever disallowed in its entirety for all purposes in these bankruptcy cases.

        4.      The Court will conduct a status conference on _____, 2012

at 2:00 p.m. for all Claims identified on Exhibit C attached hereto.

        5.      The Liquidating Trust's rights to object to any claim including (without

limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are

not waived and are expressly reserved.

        6.      The Liquidating Trust shall serve a copy of this Order on the claimants

included on the exhibits to this Order on or before five (5) business days from the entry of this

Order.

        7.     This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
       September __, 2012


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                        - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                        - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        */s/ Lynn L. Tavenner*
                        Lynn L. Tavenner

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| ARENSMEYER, MARK A<br><br>2004 W CAVENDISH CT<br><br><br>ALPHARETTA, GA 30022 | 9538<br><br>2000953801 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CECIL, DAVID W<br><br>2700 E BRIGSTOCK RD<br><br><br>MIDLOTHIAN, VA 23113-3901 | 4499<br><br>2000449901 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CHALIFOUX MICHAEL T<br><br>10801 WHITAKER WOODS R<br><br><br>RICHMOND, VA 23233 | 11878<br><br>2001187801 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CIRCO, MILES M<br><br>9400 Tilghman Island Rd<br><br><br>Wittman, MD 21676-1206 | 1533<br><br>2000153301 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| CUMMINGS BENJAMIN<br><br>11117 BOTHWELL ST<br><br><br>RICHMOND, VA 23233 | 4494<br><br>2000449401 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| DENNEY, WILLIAM C<br><br>2904 NORTHLAKE DR<br><br><br>RICHMOND, VA 23233 | 5703<br><br>2000570301 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| DOUGLAS, PETER<br><br>5792 FAIRWOOD TRACE<br><br><br>ACWORTH, GA 30101 | 4503<br><br>2000450301 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| DOUGLAS, PETER A<br><br>5792 Fairwood Trace NW<br><br><br>Acworth, GA 30101 | 1761<br><br>2000176101 | Exhibit E<br>Expunge: Amended by another claim |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| FITZSIMMONS JOHN A<br><br>5233 MONUMENT AVE STE 4<br><br><br>RICHMOND, VA 23226-1426 | 4496<br><br>2000449601 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| GOLDEN, KENNETH S<br><br>10821 STANTON WAY<br><br><br>RICHMOND, VA 23238 | 4491<br><br>2000449101 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| JONAS JR, ERIC A<br><br>2 ANNETT AVE<br><br><br>EDGEWATER, NJ 07020 | 6525<br><br>2000652501 | Exhibit D<br>INVALID CLAIMS TO BE EXPUNGED |
| LAWSON JERRY L<br><br>3021 NORTH LAKE DRIVE<br><br><br>RICHMOND, VA 23233 | 4495<br><br>2000449501 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| LIVERMAN GEORGE<br><br>5026 SW 39TH DRIVE<br><br><br>PORTLAND, OR 97221 | 5184<br><br>2000518401 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| LIVERMAN, GEORGE A<br><br>5026 SW 39TH DR<br><br><br>PORTLAND, OR 97221 | 5186<br><br>2000518601 | Exhibit F<br>DUPLICATE CLAIMS TO BE EXPUNGED |
| LUCAS RICHARD B<br><br>315 VICTORIA WAY<br><br><br>RICHMOND, VA 23238 | 8312<br><br>2000831201 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| MIERENFELD GARY M<br><br>2724 STONEGATE COURT<br><br><br>MIDLOTHIAN, VA 23113 | 4498<br><br>2000449801 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| OLIVER, MARK E<br><br>523 HAROLDS DR<br><br><br>MANAKIN SABOT, VA 23103 | 6250<br><br>2000625001 | Exhibit  D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| PHILIP J DUNN<br><br>11465 Barrington Bridge Ct<br><br><br>Richmond, VA 23233 | 6309<br><br>2000630901 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| RAMIREZ MARIO<br><br>4633 Village Dr<br><br><br>Dunwoody, GA 30338-5742 | 4501<br><br>2000450101 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| RICHARD L SHARP<br><br>PO Box 42333<br><br><br>Richmond, VA 23242 | 9163<br><br>2000916301 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| RICHARD S BIMBAUM<br><br>10480 Cherokee Rd<br><br><br>Richmond, VA 23235-1007 | 9324<br><br>2000932401 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| WELLS JEFFREY S<br><br>504 HUNT FIELD RD<br><br><br>MANAKIN SABOT, VA 23103-2 | 4497<br><br>2000449701 | Exhibit  C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

benefit restoration

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/10/2008 | 1533 2000153301 | CIRCO, MILES M  9400 Tilghman Island Rd  Wittman, MD 21676-1206 | | $473,151.00 | U | CIRCUIT CITY STORES, INC. | $382,332.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 4491 2000449101 | GOLDEN, KENNETH S  10821 STANTON WAY  RICHMOND, VA 23238 | | $145,853.00 | U | CIRCUIT CITY STORES, INC. | $58,233.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 4494 2000449401 | CUMMINGS BENJAMIN  11117 BOTHWELL ST  RICHMOND, VA 23233 | | $810,345.16 | U | CIRCUIT CITY STORES, INC. | $319,208.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 4495 2000449501 | LAWSON JERRY L  3021 NORTH LAKE DRIVE  RICHMOND, VA 23233 | | $1,281,794.00 | U | CIRCUIT CITY STORES, INC. | $573,238.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |

benefit restoration

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/23/2009 | 4496 2000449601 | FITZSIMMONS JOHN A  5233 MONUMENT AVE STE 4  RICHMOND, VA 23226-1426 | | $1,036,262.00 | U | CIRCUIT CITY STORES, INC. | $620,705.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 4497 2000449701 | WELLS JEFFREY S  504 HUNT FIELD RD  MANAKIN SABOT, VA 23103-2 | | $939,258.00 | U | CIRCUIT CITY STORES, INC. | $401,063.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 4498 2000449801 | MIERENFELD GARY M  2724 STONEGATE COURT  MIDLOTHIAN, VA 23113 | | $904,288.10 | U | CIRCUIT CITY STORES, INC. | $343,621.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 4499 2000449901 | CECIL, DAVID W  2700 E BRIGSTOCK RD  MIDLOTHIAN, VA 23113-3901 | | $346,607.00 | U | CIRCUIT CITY STORES, INC. | $120,626.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |

benefit restoration

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT C**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/23/2009 | 4501 2000450101 | RAMIREZ MARIO 4633 Village Dr Dunwoody, GA 30338-5742 | | $1,776,803.03 | U | CIRCUIT CITY STORES, INC. | $700,144.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 4503 2000450301 | DOUGLAS, PETER 5792 FAIRWOOD TRACE ACWORTH, GA 30101 | | $288,222.72 | U | CIRCUIT CITY STORES, INC. | $44,566.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/26/2009 | 5184 2000518401 | LIVERMAN GEORGE 5026 SW 39TH DRIVE PORTLAND, OR 97221 | | $193,035.00 | U | CIRCUIT CITY STORES, INC. | $75,667.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/27/2009 | 5703 2000570301 | DENNEY, WILLIAM C 2904 NORTHLAKE DR RICHMOND, VA 23233 | | $1,796,704.00 | U | CIRCUIT CITY STORES, INC. | $241,676.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |

benefit restoration

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/27/2009 | 6309 2000630901 | PHILIP J DUNN 11465 Barrington Bridge Ct Richmond, VA 23233 | | $1,723,951.00 | U | CIRCUIT CITY STORES, INC. | $728,831.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/23/2009 | 8312 2000831201 | LUCAS RICHARD B 315 VICTORIA WAY RICHMOND, VA 23238 | | $904,789.00 | U | CIRCUIT CITY STORES, INC. | $338,837.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/30/2009 | 9163 2000916301 | RICHARD L SHARP PO Box 42333 Richmond, VA 23242 | | $5,657,262.00 | U | CIRCUIT CITY STORES, INC. | $2,430,927.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 1/30/2009 | 9324 2000932401 | RICHARD S BIMBAUM 10480 Cherokee Rd Richmond, VA 23235-1007 | | $4,880,159.00 | U | CIRCUIT CITY STORES, INC. | $1,775,699.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |

benefit restoration

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9538  2000953801 | ARENSMEYER, MARK A  2004 W CAVENDISH CT  ALPHARETTA, GA 30022 | | $266,748.54 | U | CIRCUIT CITY STORES, INC. | $91,750.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |
| 3/20/2009 | 11878  2001187801 | CHALIFOUX MICHAEL T  10801 WHITAKER WOODS R  RICHMOND, VA 23233 | C O LAUREL CHALIFOUX | $2,823,915.00 | U | CIRCUIT CITY STORES, INC. | $1,187,621.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The actuarial calculation of the net present value of the benefit restoration liability for this claimant is lower than the amount claimed. |

18

benefit restoration

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT D**
**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 6250 2000625001 | OLIVER, MARK E 523 HAROLDS DR MANAKIN SABOT, VA 23103 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant had not satisfied early retirement eligibility requirements or met the 25 years of benefit service requirement as of the filing date. |
| 1/23/2009 | 6525 2000652501 | JONAS JR, ERIC A 2 ANNETT AVE EDGEWATER, NJ 07020 | | $217,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant had not satisfied early retirement eligibility requirements or met the 25 years of benefit service requirement as of the filing date. |

2

benefit restoration

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**AMENDED CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/18/2008 | 1761 2000176101 | DOUGLAS, PETER A 5792 Fairwood Trace NW Acworth, GA 30101 | | $0.00 | U | CIRCUIT CITY STORES, INC. | 4503 | The claim was amended by another claim. |

1

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT F**
**DUPLICATE CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 5186<br><br>2000518601 | LIVERMAN, GEORGE A<br><br>5026 SW 39TH DR<br><br><br>PORTLAND, OR 97221 | | $193,035.00 | U | CIRCUIT CITY STORES WEST COAST, INC. | 5184 | The claim is a duplicate of an already-filed claim. |

1

EXHIBIT G

### CIRCUIT CITY STORES, INC.
### BENEFIT RESTORATION PLAN

As Amended and Restated
Effective February 28, 2005
And Amended Through December 2005

# **TABLE OF CONTENTS**

Page

### Section I
### Purpose of the Plan

| | | |
|---|---|---|
| 1.1 | Purpose | 1 |
| 1.2 | Structure | 1 |
| 1.3 | Definitions | 1 |

### Section II
### Eligibility

| | | |
|---|---|---|
| 2.1 | Eligible Employees | 2 |
| 2.2 | Participation | 2 |
| 2.3 | No Duplication of Benefits | 2 |

### Section III
### Benefits

| | | |
|---|---|---|
| 3.1 | Minimum Service Requirement | 3 |
| 3.2 | Supplemental Benefit | 3 |
| 3.3 | Adjustment for Early or Late Commencement | 4 |
| 3.4 | Maximum Benefit | 4 |
| 3.5 | Additional Benefit Service | 5 |

### Section IV
### Computation and Payment of Retirement Benefit

| | | |
|---|---|---|
| 4.1 | Computation | 5 |
| 4.2 | Payment | 5 |
| 4.3 | Distribution of Accrued Benefit | 6 |
| 4.4 | Distribution to W. Alan McCollough | 6 |

### Section V
### Computation and Payment of Survivor Benefit

| | | |
|---|---|---|
| 5.1 | Pre-Retirement Survivor Benefit | 7 |
| 5.2 | Post-Retirement Survivor Benefit | 7 |
| 5.3 | Computation | 8 |
| 5.4 | Payment | 8 |

### Section VI
### Administration

| | | |
|---|---|---|
| 6.1 | Effective Date, Amendment and Termination | 8 |
| 6.2 | Plan Administrator | 8 |

6.3    Claims Procedure                                                              8

Section VII
Change of Control

7.1    Effect of Change of Control                                                    9
7.2    Definition of Change of Control                                               9

Section VIII
Miscellaneous

8.1    Withholding                                                                   11
8.2    Rights Under the Plan                                                         11
8.3    Effect on Employment                                                         11
8.4    Successors; Governing Law                                                    11

## CIRCUIT CITY STORES, INC.
## BENEFIT RESTORATION PLAN

### Section I
### Purpose of the Plan

     1.1    <u>Purpose</u>. Circuit City Stores, Inc. (the "Company") maintains this Circuit City Stores, Inc. Benefit Restoration Plan (the "Plan") to provide deferred compensation for certain key employees of the Company and its Affiliated Companies who are expected to contribute significantly to the growth of the Company and its Affiliated Companies. The Board of Directors of the Company (the "Board") has determined that the benefits to be provided under the Plan are reasonable and appropriate compensation for the services rendered and to be rendered.

     1.2    <u>Structure</u>. This Plan provides benefits as set forth in Sections III, IV and V below for a select group of management or highly compensated employees (and their Beneficiaries) with compensation in excess of the limit on compensation under Section 401(a)(17) of the Code, or whose benefits are limited under the Retirement Plan by the maximum benefit limit under Section 415 of the Code.

     1.3    <u>Definitions</u>. Whenever used in the Plan, the following terms shall have the meanings set forth below.

        (a)    "Affiliated Company" means any company or business organization that is under common control with the Company and that has adopted the Retirement Plan as a Related Company.

        (b)    "Code" means the Internal Revenue Code of 1986, as amended.

        (c)    "Effective Date" means February 28, 1999.

        (d)    "Maximum Benefit" means the maximum annual Supplemental Benefit payable from the Plan as determined under Section 3.4.

        (e)    "Participant" means an individual who is eligible to participate in the Plan under Section II.

        (f)    "Pre-Retirement Survivor Benefit" means the benefit payable under the Plan to a surviving Spouse of a Participant as determined under Section 5.1.

        (g)    "Post-Retirement Survivor Benefit" means the benefit payable under the Plan to a Beneficiary of a Participant as determined under Section 5.2.

        (h)    "Retirement Plan" means the Retirement Plan of Circuit City Stores, Inc. as in effect from time to time.

(i)    "Supplemental Benefit" means the benefit payable under the Plan as determined by Section 3.2, subject to adjustments as provided in the Plan.

(j)    "Tax Limits" means both (1) the limit on compensation under Section 401(a)(17) of the Code (as adjusted from time to time under the terms of the Retirement Plan), and (2) the maximum benefit limit under Section 415(b)(1)(A) of the Code (as adjusted from time to time under the terms of the Retirement Plan).

(k)    The following terms shall have the meanings provided in the Retirement Plan: Actuarial Equivalent, Beneficiary, Benefit Service, Committee, Disability Pension, Early Retirement Date, Normal Retirement Date, Permanent Disability, Plan Year, Qualified Pre-Retirement Survivor Annuity, Related Company, and Spouse.

(l)    "Sustained Participant" means a Participant listed in Appendix A to this Plan.

## Section II
## Eligibility

2.1    Eligible Employees.  Each participant in the Retirement Plan who is an employee of the Company or an Affiliated Company on or after the Effective Date, and whose retirement benefits under the Retirement Plan are limited by either or both of the Tax Limits, shall be a Participant. Notwithstanding any provision of this Plan to the contrary, no individual may become, or resume his or her status as, an Eligible Employee or as a Participant after February 28, 2005.

2.2    Participation.  A Participant shall commence participation in the Plan on the later of the Effective Date or the first day of the Plan Year beginning after the Participant's future retirement benefits under the Retirement Plan are limited by either or both of the Tax Limits.  An individual shall cease to be a Participant when the individual's future retirement benefits under the Retirement Plan are no longer limited by either of the Tax Limits or when the individual and his or her Beneficiary have received all benefits payable under the Plan.

2.3    No Duplication of Benefits.  All benefits described in the Plan are subject to the provisions of Section 3.4.  Notwithstanding anything in the Plan to the contrary, there shall be no duplication of benefits under this Plan and the Retirement Plan.

- 2 -

Section III
Benefits

3.1  Minimum Service Requirement.  To receive a Supplemental Benefit, a Participant must commence benefits under the Retirement Plan (including a Disability Pension) and meet one or more of the following criteria:

(a)  Have twenty-five (25) years of Benefit Service at termination of employment with the Company or an Affiliated Company (any Benefit Service credited after termination of employment during a period of Permanent Disability also shall be included in years of Benefit Service for this purpose),

(b)  Either (i) have reached the Participant's Early Retirement Date at the date of termination of employment with the Company or an Affiliated Company or (ii) have reached the Participant's Early Retirement Date and have had a continuous Permanent Disability from the date of termination of employment until the Early Retirement Date, or

(c)  Either (i) have reached the Participant's Normal Retirement Date at the date of termination of employment with the Company or an Affiliated Company or (ii) have reached the Participant's Normal Retirement Date and have had a continuous Permanent Disability from the date of termination of employment until the Normal Retirement Date.

3.2  Supplemental Benefit.  The Supplemental Benefit for Participants and Sustained Participants shall be determined in accordance with subsections 3.2(a), and 3.2(b), as applicable.

(a)  If a Participant, other than a Sustained Participant, begins receiving a retirement benefit from the Retirement Plan, the Participant shall receive a Supplemental Benefit under the Plan equal to the amount (if any) determined as follows:

(i)  The retirement benefit that would have been paid from the Retirement Plan (a) had the Participant's benefit not been limited by the Tax Limits and (b) additionally, if applicable, had the Participant actually earned any Benefit Service imputed under Section 3.5,

REDUCED BY

(ii)  The total retirement benefit that is payable to the Participant under the Retirement Plan.

(b)     If a Sustained Participant begins receiving a retirement benefit from the Retirement Plan, the Participant shall receive a Supplemental Benefit under the Plan equal to the amount (if any) determined as follows:

(i)     The retirement benefit that would have been paid from the Retirement Plan (a) had the Sustained Participant's benefit not been limited by the Tax Limits, (b) had the Sustained Participant's Benefit Service included periods of employment with the Company or Affiliated Company occurring after February 28, 2005, and (c) additionally, if applicable, had the Participant actually earned any Benefit Service imputed under Section 3.5,

REDUCED BY

(ii)     The total retirement benefit that would have been payable to the Sustained Participant under the Retirement Plan had the Sustained Participant's Benefit Service included periods of employment with the Company or Affiliated Company occurring after February 28, 2005.

3.3     <u>Adjustment for Early or Late Commencement</u>. If a Supplemental Benefit commences before the Participant's Normal Retirement Date, the benefit under Sections 3.2(a) and 3.2(b)(i) shall be calculated in accordance with any early retirement reduction provided under the Retirement Plan. If a Supplemental Benefit commences after a Participant's Normal Retirement Date, the benefit under Sections 3.2(a) and 3.2(b)(i) shall be calculated in accordance with the provisions under the Retirement Plan for benefits commencing after Normal Retirement Date. If a Supplemental Benefit commences when a Participant starts a Disability Pension under the Retirement Plan, the benefit under Section 3.2(a)(i) and 3.2(b)(i) shall be calculated by including Benefit Service during the period of Permanent Disability in accordance with the provisions of the Retirement Plan for a Disability Pension.

3.4     <u>Maximum Benefit</u>.

(a)     Notwithstanding any other provision of the Plan to the contrary, the annual Supplemental Benefit payable to a Participant under this Plan shall not exceed (i) the Maximum Benefit <u>reduced</u> by (ii) the total annual retirement benefit that is payable to the Participant under the Retirement Plan. The Maximum Benefit is based on the payment of the Supplemental Benefit as a straight life annuity (with no ancillary benefits). If benefits are payable in any other form, the Maximum Benefit shall be actuarially reduced to be the Actuarial Equivalent of the Maximum Benefit payable as a straight life annuity (with no ancillary benefits).

- 4 -

(b)     The Maximum Benefit is an annual amount equal to $300,000, as adjusted below.  The Maximum Benefit shall be subject to increase in the same percentage as the Section 415 dollar limit is adjusted under Section 415(d)(1)(A) of the Code from time to time.  The adjustment will be made effective as of each March 1 beginning with March 1, 1997, based on the percentage adjustment applicable to that calendar year.  If no adjustment is made under Section 415(d)(1)(A) of the Code for a calendar year, there shall be no adjustment in the Maximum Benefit for that year.  In addition, the Maximum Benefit shall be proportionately adjusted for increases in the maximum dollar limit under Section 415(b)(1)(A).  The Maximum Benefit is not actuarially increased or decreased if the Participant commences payments other than at Normal Retirement Date.

(c)     A Participant's Maximum Benefit shall be determined as of the commencement of payment of the Supplemental Benefit to the Participant and shall not be subject to future adjustment.  The Supplemental Benefit shall not be reduced if additional benefits become payable from the Retirement Plan for any reason.  A Participant's Supplemental Benefit shall not be increased if the Maximum Benefit is increased under Section 3.4(b) after the commencement of payments under the Plan.

3.5     Additional Benefit Service.  At its discretion, the Board of Directors or the Executive Committee of the Board may provide that any Participant shall be credited with additional imputed Benefit Service for purposes of Section 3.2(a).  The Board or Executive Committee shall have complete discretion to determine the amount of additional Benefit Service to be imputed and any other terms and conditions of the additional service crediting.  Any imputed Benefit Service shall be treated the same as actual Benefit Service for purposes of this Plan.

Section IV
Computation and Payment of Retirement Benefit

4.1     Computation.  The amount of the Supplemental Benefit described in Section III will initially be determined by assuming that the benefits payable under this Plan and the Retirement Plan are paid in the form of a single life annuity payable for the Participant's lifetime, beginning on the date on which payments actually begin to be made to the Participant from the Retirement Plan and ending at the Participant's death.

4.2     Payment.  A Participant's Supplemental Benefit under this Plan will be paid at the same time and in the same form of payment as benefits for the Participant under the Retirement Plan, except as provided in Section 4.3.  If the benefit is to be paid in a form other than the single life annuity form described above, the Supplemental Benefit described in Section III will be actuarially adjusted, using the actuarial assumptions then in effect under the Retirement Plan.  Except as provided below, a Participant's Supplemental Benefit will begin to be paid on the date on which the Participant begins receiving benefits under the Retirement Plan and will be paid in cash or a cash equivalent.

- 5 -

4.3   Distribution of Accrued Benefit.

(a)   Notwithstanding anything in the Plan to the contrary, the Company may distribute, or cause to be distributed in a single lump sum, to a Participant (or, after his death, to his Beneficiary) the Actuarial Equivalent of the Supplemental Benefit of the Participant (or Beneficiary) under the Plan as of a specified date.  The distribution may be made at any time deemed appropriate by the Company.  The lump sum shall be distributed in cash or a cash equivalent. The Company shall indicate in writing that the distribution is intended to be a distribution of the Participant's (or Beneficiary's) accrued benefit under the Plan. The Company may take into account the tax consequences of the distribution when computing the amount to be distributed under this Section 4.3.

(b)   After a distribution under this Section 4.3, the Company shall have no further liability with respect to the Supplemental Benefit.  The Company has the sole discretion to determine when and if a distribution is to be made under this Section 4.3, and to determine the amount of any distribution, and no Participant or Beneficiary shall have any right to receive a distribution under this Section 4.3.

4.4   Distribution to W. Alan McCollough.  Notwithstanding any other provision of this Plan or the Retirement Plan to the contrary, W. Alan McCollough shall be permitted to make an election under this Plan, on behalf of himself and his Beneficiary, to receive the Actuarial Equivalent of his Supplemental Benefit in a single cash (or cash equivalent) lump sum as of the date which is six months after his Retirement Date (or the date of his death, if earlier).  "Retirement Date," for purposes of this Section 4.4, means the date on which Mr. McCollough experiences a "separation from service" within the meaning of Prop. Treas. Regs. Section 1.409A-1(h).  This election shall be valid only if received by the Committee on or before December 31, 2005, and shall be fixed and irrevocable after such date.  If Mr. McCollough makes this election, the Actuarial Equivalent of his Supplemental Benefit shall be determined as of his Retirement Date, calculated (i) with any additional Benefit Service and years of age granted to Mr. McCollough under the terms of a separate contract or agreement; and (ii) as if he had begun receiving his retirement benefit under the Retirement Plan as of such date.  A valid election pursuant to the terms of this Section 4.4 shall supersede any contrary payment and distribution terms of this Plan and shall replace any prior payment or distribution election by Mr. McCollough under the Retirement Plan as it might otherwise apply to his Supplemental Benefit.  The timing of the payment of Mr. McCollough's Supplemental Benefit shall not be accelerated for any reason, at the discretion of the Company or otherwise, except as may be specifically permitted under Prop. Treas. Regs. Section 1.409A-3(h).  If Mr. McCullough does not make a valid election pursuant to this Section 4.4., his Supplemental Benefit shall be paid in accordance with the otherwise applicable terms of this Plan.

- 6 -

## Section V
## Computation and Payment of Survivor Benefit

5.1    Pre-Retirement Survivor Benefit. A Pre-Retirement Survivor Benefit shall be payable to the surviving Spouse of a Participant if (i) the Participant had at least ten years of Benefit Service at death, and (ii) the Participant's surviving Spouse is entitled to a Qualified Pre-Retirement Survivor Annuity under the Retirement Plan.

(a)    The Spouse will be entitled to receive a Pre-Retirement Survivor Benefit from this Plan equal to the amount (if any) determined as follows:

(i)    The survivor benefit that would have been payable to the Spouse under the Retirement Plan had the Participant's Supplemental Benefit (as adjusted under Sections 3.3 and 3.4) and benefit from the Retirement Plan been paid entirely from the Retirement Plan,

REDUCED BY

(ii)    The total survivor benefit that is payable to the Spouse under the Retirement Plan.

(b)    A Pre-Retirement Survivor Benefit is payable in the same form as the survivor benefit is payable under the Retirement Plan, including benefit forms that may provide payments after the death of the surviving Spouse.

5.2    Post-Retirement Survivor Benefit. A Post-Retirement Survivor Benefit shall be payable to the surviving Beneficiary of a Participant if (i) the Participant is receiving a form of benefit under the Retirement Plan that provides for a survivor benefit, and (ii) a survivor benefit is payable to the Beneficiary under the Retirement Plan.

(a)    The Beneficiary will be entitled to receive a Post-Retirement Survivor Benefit from this Plan equal to the amount (if any) determined as follows:

(i)    The survivor benefit that would have been payable to the Beneficiary under the Retirement Plan had the Participant's Supplemental Benefit (as adjusted under Sections 3.3 and 3.4) and benefit from the Retirement Plan been paid entirely from the Retirement Plan,

REDUCED BY

(ii)    The total survivor benefit that is payable to the Beneficiary under the Retirement Plan.

(b)    A Post-Retirement Survivor Benefit is payable to a surviving Spouse or any other Beneficiary of a Participant who is receiving a survivor benefit under the Retirement Plan.

5.3     Computation.  The Pre-Retirement Survivor Benefit described in Section 5.1 and the Post-Retirement Survivor Benefit described in Section 5.2 will be computed as if the survivor benefits under this Plan and the Retirement Plan were paid in the form payable under the Retirement Plan.  The actuarial assumptions used for purposes of the Retirement Plan will be used to determine the benefits payable under this Plan.

5.4     Payment.  Except as provided in Section 4.3, the Pre-Retirement Survivor Benefit and Post-Retirement Survivor Benefit will be paid at the same times and for the same duration as payments under the Retirement Plan, commencing at the time the benefits commence under the Retirement Plan.  The Pre-Retirement Survivor Benefit and Post-Retirement Survivor Benefit will be paid in cash or a cash equivalent.

Section VI
Administration

6.1     Effective Date, Amendment and Termination.  The Plan shall be effective as of February 28, 1999.  The Board of the Company may amend or terminate the Plan at any time; provided, however, that no amendment or termination of the Plan shall reduce a Participant's accrued benefit under the Plan as of the date of the amendment or termination.  For this purpose, a Participant's accrued benefit under the Plan shall be computed based on the formulas in this Plan and his accrued benefits under the Retirement Plan as of the date of the computation.

6.2     Plan Administrator.  The Plan will be administered by one or more persons appointed by the Board to be responsible for administering the Plan (the "Plan Administrator").  Unless the Board determines otherwise, the Plan shall be administered by the Committee which administers the Retirement Plan.  The decisions of the Plan Administrator shall be final and binding on all persons.  The Plan Administrator will have the express discretionary authority to interpret and administer the Plan, and to make all decisions with respect to the interpretation and administration of the Plan.

6.3     Claims Procedure.  Each Participant or Beneficiary of a deceased Participant shall be entitled to file with the Plan Administrator a written claim for benefits under the Plan.  The Plan Administrator will review the claim, and, if the claim is denied, in whole or in part, the Plan Administrator will furnish the claimant, within 90 days after the Plan Administrator's receipt of the claim (or within 180 days after such receipt, if special circumstances require an extension of time), a written notice of denial of the claim containing the following:

     (a)     Specific reasons for the denial,

     (b)     Specific reference to the pertinent Plan provisions on which the denial is based,

     (c)     A description of any additional material or information necessary for the claimant to perfect the claim, and an explanation of why the material or information is necessary, and

- 8 -

(d)     An explanation of the claims review procedure.

The claimant may request a review of the claim by an appeals committee appointed by the Board. The review may be requested in writing at any time within 90 days after the claimant receives written notice of the denial of his claim. The appeals committee shall afford the claimant a full and fair review of the decision denying the claim and, if so requested, shall:

(a)     Permit the claimant to review any documents that are pertinent to the claim,

(b)     Permit the claimant to submit to the committee issues and comments in writing, and

(c)     Afford the claimant an opportunity to meet with a quorum of the appeals committee as part of the review procedure.

The appeals committee's decision on review shall be made in writing and shall be issued within 60 days following receipt of the request for review. The period for decision may be extended to a date not later than 120 days after such receipt if the committee determines that special circumstances require an extension. The decision on review shall include specific reasons for the decision and specific references to the Plan provisions on which the decision of the committee is based.

## Section VII
### Change of Control

7.1     Effect of Change of Control. Immediately prior to a Change of Control as defined in Section 7.2, the Company shall immediately fund the Circuit City Stores, Inc. Benefit Restoration Plan Trust (the "Trust") with an amount equal to the then Actuarial Equivalent of the present value of the Supplemental Benefits of all Participants and the survivor benefits of all Beneficiaries payable as a single lump sum payment. The Trust shall be funded with cash or cash equivalents other than stock of the Company.

7.2     Definition of Change of Control. "Change of Control" means, and shall be deemed to have occurred, upon the first to occur of any of the following events:

(a)     The acquisition by any individual, entity, or group (a "Person"), including a "person" within the meaning of Section 13(d)(3) or 14(d)(2) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), but excluding an Affiliate (as defined below) of the Company, of beneficial ownership within the meaning of Rule 13d-3 promulgated under the Exchange Act, of thirty-five percent (35%) or more of either: (i) the then outstanding shares of common stock of the Circuit City Group (the "Outstanding Common Stock"); or (ii) the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (the "Outstanding Voting Securities"); excluding, however, the following: (A) any acquisition directly from the Company (excluding an acquisition resulting from the exercise of an option,

- 9 -

conversion right, or exchange privilege unless the security being so exercised, converted or exchanged was acquired directly from the Company); (B) any acquisition by the Company; (C) any acquisition by an employee benefit plan (or related trust) sponsored or maintained by the Company or any corporation controlled by the Company; or (D) any acquisition by any corporation pursuant to a transaction which complies with clauses (i), (ii), and (iii) of subsection (c) of this Article 7.2;

(b)    Individuals who, as of the Effective Date, constitute the Board of Directors (the "Incumbent Board") cease for any reason to constitute at least a majority of such Board; provided that any individual who becomes a director of the Company subsequent to the Effective Date, whose election, or nomination for election by the Company's stockholders, was approved by the vote of at least a majority of the directors then comprising the Incumbent Board shall be deemed a member of the Incumbent Board; and provided further, that any individual who was initially elected as a director of the Company as a result of an actual or threatened election contest, as such terms are used in Rule 14a-11 of Regulation 14A promulgated under the Exchange Act, or any other actual or threatened solicitation of proxies or consents by or on behalf of any Person other than the Board shall not be deemed a member of the Incumbent Board;

(c)    The consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (a "Corporate Transaction"); excluding, however, a Corporate Transaction pursuant to which:  (i) all or substantially all of the individuals or entities who are the beneficial owners, respectively, of the Outstanding Common Stock and the Outstanding Voting Securities immediately prior to such Corporate Transaction will beneficially own, directly or indirectly, more than sixty percent (60%) of, respectively, the outstanding shares of common stock, and the combined voting power of the outstanding securities of such corporation entitled to vote generally in the election of directors, as the case may be, of the corporation resulting from such Corporate Transaction (including, without limitation, a corporation, which as a result of such transaction owns the Company or all or substantially all of the Company's assets either directly or indirectly) in substantially the same proportions relative to each other as their ownership, immediately prior to such Corporate Transaction, of the Outstanding Common Stock and the Outstanding Voting Securities, as the case may be; (ii) no Person (other than:  the Company; any employee benefit plan (or related trust) sponsored or maintained by the Company or any corporation controlled by the Company; the corporation resulting from such Corporate Transaction; and any Person which beneficially owned, immediately prior to such Corporate Transaction, directly or indirectly, twenty-five percent (25%) or more of the Outstanding Common Stock or the Outstanding Voting Securities, as the case may be) will beneficially own, directly or indirectly, twenty-five percent (25%) or more of, respectively, the outstanding shares of common stock of the corporation resulting from such Corporate Transaction or the combined voting power of the

- 10 -

outstanding securities of such corporation entitled to vote generally in the election of directors; and (iii) individuals who were members of the Incumbent Board will constitute at least a majority of the members of the board of directors of the corporation resulting from such Corporate Transaction; or

      (d)    The consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

For purposes of this Section 7.2, "Affiliate" shall mean with reference to a specified Person, any Person that directly or indirectly through one (1) or more intermediaries controls or is controlled by or is under common control with the specified Person. For purposes of this definition, "control" (including, with correlative meaning, the terms "controlled by" and "under common control with"), as used in respect to any Person, shall mean the possession, directly or indirectly, of the power to direct or cause the direction of management and policies of such Person, whether through ownership of voting securities or by contract or otherwise.

<div align="center">

Section VIII
Miscellaneous

</div>

8.1    <u>Withholding</u>. All benefits payable under this Plan will be reduced by any amounts that are required to be withheld on account of income or payroll tax withholding or other reasons.

8.2    <u>Rights Under the Plan</u>. This Plan is an unfunded deferred compensation plan. Title to and beneficial ownership of all benefits described in the Plan shall at all times remain with the Company. Participation in the Plan and the right to receive payments under the Plan shall not give a Participant or Beneficiary any proprietary interest in the Company or any of its assets. Benefits under the Plan shall be payable from the general assets of the Company. No trust fund may be created in connection with the Plan (other than a trust that, under applicable law, does not affect the characterization of this Plan as an unfunded plan), and there shall be no required funding of amounts that may become payable under the Plan. A Participant and his Beneficiary shall, for all purposes, be general creditors of the Company. The interest of a Participant and his Beneficiary in the Plan cannot be assigned, anticipated, sold, encumbered or pledged and shall not be subject to the claims of their creditors.

8.3    <u>Effect on Employment</u>. The Plan will not affect the right of the Company or an Affiliated Company to terminate an employee's employment at any time. Benefits payable under the Plan will not be considered compensation for purposes of other retirement or benefit plans maintained by the Company or an Affiliated Company.

8.4    <u>Successors; Governing Law</u>. The Plan is binding on the Company and its successors and assigns and on Participants and their Beneficiaries, successors, estates, and distributees. The Plan will be administered according to the laws of the Commonwealth of Virginia.

<div align="center">

- 11 -

</div>

WITNESS the following signature as of December 22, 2005

CIRCUIT CITY STORES, INC.

By_____

## APPENDIX A

### Sustained Participants

The following Participants are Sustained Participants for purposes of Plan Sections 1.3 and 3.2.

| Name | Employee/Social Security Number |
|------|--------------------------------|
| Dennis Bowman | 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 |
| George D. Clark | 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 |
| Victor Engessor | 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 |
| Edward Fishburne | 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 |
| John W. Froman | 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 |
| Eric A. Jonas, Jr. | 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 |
| Michael L. Jones | 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 |
| Laurie Lambert-Gaffney | 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 |
| William E. McCorey, Jr. | 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 |
| Douglas T. Moore | 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 |
| Mark E. Oliver | 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 |
| David M. Urquidi | 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 |
| Robert T. Walker | 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 |

EX-10.25 2 dex1025.htm AMENDMENT

<div align="right">Exhibit 10.25</div>

<div align="center">

**AMENDMENT TO THE**
**CIRCUIT CITY STORES, INC. BENEFIT RESTORATION PLAN**

</div>

The Circuit City Stores, Inc. Benefit Restoration Plan is hereby amended as follows, effective as of February 29, 2008:

**FIRST,** Section 3.2, "Supplemental Benefit," is amended by adding the following new paragraph at the end thereof:

Notwithstanding any provisions of this Plan to the contrary, except as provided in Section 3.5 with respect to imputed Benefit Service, neither Participants nor Sustained Participants shall be credited with any Benefit Service for periods of employment with the Company or Affiliated Company occurring after February 29, 2008.

**SECOND,** Section 3.4(b), "Maximum Benefit," is amended by adding the following new sentence at the end thereof:

Effective February 29, 2008, no further adjustments shall be made to the Maximum Benefit under this Section 3.4(b) on and after March 1, 2008.