Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al., | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

### NOTICE OF LIQUIDATING TRUST'S FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Fifty-Third Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, As Applicable (Special Cash Retention Program) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Liquidating Trust is seeking to reduce certain partially invalid claims and disallow certain invalid claims, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON NOVEMBER 29, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**<u>Critical Information for Claimants
Choosing to File a Response to the Objection</u>**

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on November 29, 2012 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

2

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on December 6, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

    a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    September 21, 2012

/s/ Lynn L. Tavenner

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

**EXHIBIT 1**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### LIQUIDATING TRUST'S FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (SPECIAL CASH RETENTION PROGRAM)

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Fifty-Third Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (Special Cash Retention Program)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

### A.      General Background

2.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

2

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

9.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

10.     On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

11.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

12.     The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate and administer asserted claims, including prosecution of objections to claims, and to distribute the assets to creditors.

### B.      The Cash Retention Program

13.     Prior to the Petition Date, the Debtors implemented a special cash retention award program (the "Cash Retention Program"), pursuant to which certain employees (the "CRP Participants") were awarded cash that was payable over two and three years, beginning in 2009, subject to the terms of the Cash Retention Program.  Sample letters setting forth the terms of the Cash Retention Program (the "CRP Sample Letters") are attached hereto as **Exhibit G**.  Pursuant to the Cash Retention Program, a cash amount was awarded (the "Cash Award") to the CRP Participant on a certain date (the "Award Date").  A percentage of the Cash Award was payable on certain dates (the "Vesting Dates") that were staggered one to three years after the Award Date.  *See* CRP Sample Letters, **Exh. G**.

14.     In order to receive payment, the CRP Participant had to be employed on the applicable Vesting Date or when a Change of Control (defined below) occurred.  As stated in the CRP Sample Letters:

> If prior to becoming fully vested in your Award, (i) your
> employment with [Circuit City] terminates for any reason other
> than your death or permanent disability, or (ii) your employment
> status with the Company changes to part-time, or (iii) you retire
> from the Company, then the unvested portion of your Award will
> be forfeited as of the date of your termination, change in status, or
> retirement, as the case may be.

CRP Sample Letters, **Exh. G.**, p. 1

15.     The CRP Sample Letters further provided that if the CRP Participant were

employed by Circuit City when a "Change of Control" occurred, then the Cash Award would

become fully payable and the CRP Participant would not have to wait for the Vesting Dates.  A

"Change of Control" included the sale of all or substantially all of Circuit City's assets.  *See* CRP

Sample Letter, **Exh. G**, p. 2.  Circuit City had completed its going out of business sales and

closed its remaining stores by March 8, 2009.

## OBJECTION

16.     By this Objection, the Liquidating Trust seeks entry of an order, in

substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections

105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing

each of the claims identified on **Exhibit C** attached hereto, and (ii) disallowing each of the

claims identified on **Exhibits D through F** attached hereto (collectively, the "CRP Claims").

17.     For ease of reference, attached hereto as **Exhibit B** is an alphabetical

listing of all claimants whose Claims are included in this Objection (the "CRP Claimants"), with

a cross-reference by claim number.

### A.     Reduction of Certain Partially Invalid CRP Claims.

18.     The basis for reduction of the claims listed on **Exhibit C** attached hereto

(the "Partially Invalid CRP Claims") is that all of the Partially Invalid CRP Claims assert, in part,

amounts for which the Debtors are not liable.

19.     Specifically, after a review of the Partially Invalid CRP Claims and the

bases upon which each is asserted, and a review of the Debtors' books and records, the

5

Liquidating Trust has determined that certain portions of the Partially Invalid CRP Claims are

liabilities for which the Debtors dispute any liability based on the CRP Claimant having been

terminated after only one of the tranches of the Cash Retention Plan had vested, making that

CRP Claimant ineligible for the remaining tranche(s).

20.    Accordingly, the Liquidating Trust requests that the Partially Invalid CRP

Claims identified on **Exhibit C** be reduced in the manner stated in **Exhibit C** for the reasons

stated therein.

**B.    Disallowance of Certain Invalid CRP Claims.**

21.    The basis for disallowance of the claims listed on **Exhibits D through F**

attached hereto (the "Invalid CRP Claims") is that all of the Invalid CRP Claims assert, in their

entirety, amounts for which the Debtors are not liable.

22.    Specifically, **Exhibit D** identifies Invalid CRP Claims for which the

Debtors' books and records show no liability to the CRP Claimant (the "Books and Records

Expunge CRP Claims").  After a review of the Books and Records Expunge CRP Claims and the

bases upon which each is asserted, and a review of the Debtors' books and records, the

Liquidating Trust has determined that the Books and Records Expunge CRP Claims are

liabilities for which the Debtors dispute any liability because the CRP Claimant was terminated

before any of the tranches of the Cash Retention Plan vested, making that CRP Claimant

ineligible for any Cash Award.  Accordingly, the Liquidating Trust requests that the Books and

Records Expunge CRP Claims identified on **Exhibit D** be disallowed in their entirety for the

reasons stated therein.

23.    **Exhibit E** identifies Invalid CRP Claims that are liabilities amended by

other claims (the "Amended CRP Claims").  Accordingly, the Liquidating Trust requests that the

Amended CRP Claims identified on **Exhibit E** be disallowed as having been amended by

another claim.

24.    Finally, **Exhibit F** identifies Invalid CRP Claims that are liabilities

already asserted by the Claimants in other claims (the "Duplicate CRP Claims").  Accordingly,

6

the Liquidating Trust requests that the Duplicate CRP Claims identified on **Exhibit F** be disallowed as duplicative of another claim.

### RESERVATION OF RIGHTS

25.     At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds, including the right to modify, supplement and/or amend this Objection as it pertains to any CRP Claim or CRP Claimant herein.

### NOTICE AND PROCEDURE

26.     Notice of this Objection has been provided to the CRP Claimants identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the CRP Claimants should be deemed by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the CRP Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the CRP Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the CRP Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the CRP Claimant with this Objection and the exhibit on which the CRP Claimant's claim is listed.

27.     To the extent any CRP Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on November 29, 2012, as required by the

Case Management Order and under applicable law, and the parties are unable to otherwise

resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference

with respect to any such responding claimant at 2:00 P.M. (Eastern) on December 6, 2012, and

thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the

extent any CRP Claimant fails to timely file and properly serve a response to this Objection as

required by the Case Management Order and applicable law, the Liquidating Trust requests that

the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each

of the claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims

identified on **Exhibits D through F** attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

28.    This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

29.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

30.    No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia
     September 21, 2012

TAVENNER & BERAN, PLC

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**EXHIBIT A**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| - - - - - - - - - - - - - - | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FIFTY-THIRD OMNIBUS
OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID
CLAIMS OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS
APPLICABLE (SPECIAL CASH RETENTION PROGRAM)**

THIS MATTER having come before the Court[2] on the *Liquidating Trust's Fifty-*

*Third Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Disallowance of Certain Invalid Claims, as Applicable (Special Cash Retention Program*) (the

"Objection"), which requested, among other things, that the claims specifically identified on

Exhibit B attached to the Objection be reduced or disallowed, as applicable, for those reasons set

forth in the Objection; and it appearing that due and proper notice and service of the Objection as

set forth therein was good and sufficient and that no other further notice or service of the

Objection need be given; and it further appearing that no response was timely filed or properly

served by the Claimants being affected by this Order; and it appearing that the relief requested on

the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors

and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists

for the granting of the relief as set forth herein,

   IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

   1. The Objection is SUSTAINED.

   2. The Claims identified on Exhibit A as attached hereto and incorporated

herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in

Exhibit A.

   3. The Claims identified on Exhibit B as attached hereto and incorporated

herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

   4. The Court will conduct a status conference on _____, 2012

at 2:00 p.m. for all Claims identified on Exhibit C attached hereto.

   5. The Liquidating Trust's rights to object to any claim including (without

limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are

not waived and are expressly reserved.

   6. The Liquidating Trust shall serve a copy of this Order on the claimants

included on the exhibits to this Order on or before five (5) business days from the entry of this

Order.

       7.    This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
                _____, 2012


                _____
                HONORABLE KEVIN R. HUENNEKENS
                UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                    */s/ Lynn L. Tavenner*_____
                    Lynn L. Tavenner

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| Bruce H Besanko<br><br>191 Farmington Rd<br><br><br>Longmeadow, MA 01106 | 15241<br><br>2001524101 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| BRUCE H BESANKO<br><br>191 Farmington Rd<br><br><br>Longmeadow, MA 01106 | 14992<br><br>2001499201 | Exhibit E<br><br>Expunge: Amended by another claim |
| HARTBAUER, JASON ALLEN<br><br>277 HOLLY LANE<br><br><br>GRAND JUNCTION, CO 81503 | 9571<br><br>2000957101 | Exhibit D<br><br>INVALID CLAIMS TO BE EXPUNGED |
| LUBARY JAMES<br><br>3161 Druid Ln<br><br><br>Los Alamitos, CA 90720 | 9602<br><br>2000960201 | Exhibit F<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |
| MCGINNIS, HOLLY C<br><br>11712 COOLWIND LN<br><br><br>RICHMOND, VA 23233 | 8493<br><br>2000849301 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| Richard R Robinson<br><br>6505 78th St<br><br><br>Cabin John, MD 20818 | 15188<br><br>2001518802 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| ROBINSON, RICHARD R<br><br>6505 78TH ST<br><br><br>CABIN JOHN, MD 20818 | 8836<br><br>2000883601 | Exhibit E<br><br>Expunge: Amended by another claim |
| SAUFLEY, MATTHEW J<br><br>5703 GROVE FOREST CT<br><br><br>MIDLOTHIAN, VA 23112 | 7447<br><br>2000744701 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| SCHATZ, DOUGLAS R<br><br>700 IVY FARM DR<br><br><br>CHARLOTTESVILLE, VA 2290 | 7417<br><br>2000741701 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| VONBECHMANN, DAWN W<br><br>1225 Vancouver Ave<br><br><br><br>Burlingame, CA 94010 | 13948<br><br>2001394801 | Exhibit F<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |
| WIMMER JR, JAMES H<br><br><br>Christian & Barton LLP<br>909 E Main St Ste 1200<br><br>Richmond, VA 23219 | 13959<br><br>2001395901 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name _Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 7417 2000741701 | SCHATZ, DOUGLAS R 700 IVY FARM DR CHARLOTTESVILLE, VA 2290 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $20,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Employee terminated after one tranche (of 2) had vested. |
| 1/29/2009 | 7447 2000744701 | SAUFLEY, MATTHEW J 5703 GROVE FOREST CT MIDLOTHIAN, VA 23112 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $20,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Employee terminated after one tranche (of 2) had vested. |
| 1/29/2009 | 8493 2000849301 | MCGINNIS, HOLLY C 11712 COOLWIND LN RICHMOND, VA 23233 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $20,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Employee terminated after one tranche (of 2) had vested. |
| 6/30/2009 | 13959 2001395901 | WIMMER JR, JAMES H Christian & Barton LLP 909 E Main St Ste 1200 Richmond, VA 23219 | Michael D Mueller Esq and Augustus C Epps Jr Esq and Jennifer M McLemore Esq | $260,000.00 | U | CIRCUIT CITY STORES, INC. | $62,500.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Employee terminated after one tranche (of 2) had vested. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name _Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/20/2010 | 15188 2001518802 | Richard R Robinson 6505 78th St Cabin John, MD 20818 | | $40,000.00 | U | Circuit City Stores, Inc. | $20,000.00 | General Unsecured | Circuit City Stores, Inc. | Employee terminated after one tranche (of 2) had vested. |
| 5/19/2011 | 15241 2001524101 | Bruce H Besanko 191 Farmington Rd Longmeadow, MA 01106 | | $1,000,000.00 | U | Circuit City Stores, Inc. | $500,000.00 | General Unsecured | Circuit City Stores, Inc. | Employee terminated after one tranche (of 3) had vested. |

6

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name _Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9571 2000957101 | HARTBAUER, JASON ALLEN 277 HOLLY LANE GRAND JUNCTION, CO 81503-2021 | | $15,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | Employee terminated before any tranche of the award vested. |

1

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**
**AMENDED CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 8836<br><br>2000883601 | ROBINSON, RICHARD R<br><br>6505 78TH ST<br><br><br>CABIN JOHN, MD 20818 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | 15188 | The claim was amended by another claim. |
| 4/1/2010 | 14992<br><br>2001499201 | BRUCE H BESANKO<br><br>191 Farmington Rd<br><br><br>Longmeadow, MA 01106 | | $500,000.00 | U | CIRCUIT CITY STORES, INC. | 15241 | The claim was amended by another claim. |

2

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT F**
**DUPLICATE CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9602 <br><br> 2000960201 | LUBARY JAMES <br><br> 3161 Druid Ln <br><br><br> Los Alamitos, CA 90720 | | $125,000.00 | U | CIRCUIT CITY STORES, INC. | 8754 | This claim is duplicative of another claim. |
| 6/30/2009 | 13948 <br><br> 2001394801 | VONBECHMANN, DAWN W <br><br> 1225 Vancouver Ave <br><br><br> Burlingame, CA 94010 | Dawn vonBechmann | $62,500.00 | U | CIRCUIT CITY STORES, INC. | 8648 | This claim is duplicative of another claim. |

2

10310963,███████
N/A, 1/1/2008, Cash



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 3, 2008



Dear ██████

Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success. To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

Total Cash Retention Award:     $████████

Award Date:     January 1, 2008

| Vesting Dates | Vesting % |
|---|---|
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date. If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date. Your right to this Award is not contingent on corporate or individual performance.

Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

    5. **Miscellaneous**.

    a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

    b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

    c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

    6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

    Your signature will also constitute your agreement to the terms and conditions contained in this letter.

        Sincerely,

        Eric A. Jonas, Jr.
        Senior Vice President
        Human Resources

ACCEPTED:

_____
Associate Signature

_____
Printed Name

1-21-08
_____
Date




Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 4, 2008



Dear ▮▮▮,

Circuit City Stores, Inc. (the "Company") would like to support key associates through a cash award program that provides an incentive to work for the Company's long-term success. Accordingly, I am pleased to inform you that, effective January 1, 2008, you have been awarded the following long-term cash award, which will be payable upon vesting:

Long-Term Cash Award:  $▮▮▮▮

Your award is subject to the conditions set forth in this letter and to your signing and faxing this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years. If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of your total long-term cash award.

The portion of your award that vests will be paid out following the end of the corresponding vesting period. The vesting of all or part of your award is a taxable event. Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated for any reason on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the

Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer your right to the award granted hereunder.

In order for your award to become effective, you must accept it by signing this letter and by faxing the entire letter as soon as possible, but in no event later than February 1, 2008, to **757-299-8412**. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

_____
Associate Signature

_____
Printed Name

1/16/08
Date