Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al., | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

## NOTICE OF LIQUIDATING TRUST'S FIFTY-FIFTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (PHANTOM STOCK PROGRAM)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Fifty-Fifth Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims, As Applicable (Phantom Stock Program) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to reduce certain partially invalid claims, fix certain unliquidated claims and disallow certain invalid claims, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the

Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|-----|--------------|--------------|---------------------|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON NOVEMBER 29, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**Critical Information for Claimants
Choosing to File a Response to the Objection**

Who Needs to File a Response:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline:  The Response Deadline is **4:00 p.m. (Eastern Time) on November 29, 2012 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on December 6, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.   a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.   the claimant's name and an explanation for the amount of the Claim;

c.   a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    September 21, 2012

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
        acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**EXHIBIT 1**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIQUIDATING TRUST'S FIFTY-FIFTH OMNIBUS OBJECTION TO CLAIMS:**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF CERTAIN**
**UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF CERTAIN INVALID CLAIMS,**
**AS APPLICABLE (PHANTOM STOCK PROGRAM)**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Fifty-Fifth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims, as Applicable (Phantom Stock Program)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

### A.    General Background

2.    On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

9. On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

10. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

11. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

12. The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate and administer asserted claims, including prosecution of objections to claims, and to distribute the assets to creditors.

**B.      The Phantom Stock Program**

13. Prior to the Petition Date, the Debtors implemented a phantom stock award program (the "Phantom Stock Program") pursuant to which certain employees (the "Phantom Stock Program Participants") were eligible to earn incentive awards staggered over the following three years, beginning in 2009, in the form of "phantom stock units" (the "Phantom Stock Awards"). A sample letter setting forth the terms of the Phantom Stock Program is attached hereto as **Exhibit F**.

14. Pursuant to the Phantom Stock Program, each phantom stock unit awarded to a Phantom Stock Program Participant had a value that was equal to one share of Circuit City common stock. The share price of Circuit City common stock would be determined on certain dates (the "Stock Price Dates"). A percentage of the value of those units would be payable on each vesting date (the "Vesting Dates"). *See* Phantom Stock Program Sample Letter, **Exh. F**.

15.     To illustrate, say a Phantom Stock Program Participant had been awarded 5,000 phantom stock units, each representing one share of Circuit City common stock.  On the first vesting date, January 1, 2009, the Phantom Stock Program Participant would be entitled to payment of 33.3% of the value of the phantom stock units awarded.  The value of the phantom stock units was measured by the closing share price of Circuit City on December 31, 2008. Thus, on January 1, 2009, the Phantom Stock Program Participant was entitled to receive 33.3% of the share price of Circuit City on December 31, 2008 multiplied by 5,000.

16.     The Phantom Stock Program Agreement required that the Phantom Stock Program Participant remain employed by Circuit City through the Vesting Dates, in order to be entitled to payment on the Vesting Dates.  *See* Phantom Stock Program Sample Letter, **Exh. F**, ¶ p.1.  However, if a "Change of Control" occurred, then the amounts provided in the Phantom Stock Program Agreement would become fully payable and the Phantom Stock Program Participant would not have to wait for the Vesting Dates to be paid, provided the Phantom Stock Program Participant was employed by Circuit City through the date of the change of control. The Phantom Stock Program Agreement stated:

> If you remain continuously employed in a full-time active position with [Circuit City] through and including the date a "Change of Control" of [Circuit City] occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date.

Phantom Stock Program Agreement, **Exh. F**, p. 2.

17.     A "Change of Control" included the sale of all or substantially all of Circuit City's assets.  *See* Phantom Stock Program Sample Letter, **Exh. F**, p. 2.  Circuit City had completed its going out of business sales and closed its remaining stores by March 8, 2009.

## OBJECTION

18.     By this Objection, the Liquidating Trust seeks entry of an order, in substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing

each of the claims identified on **Exhibit C** attached hereto, (ii) fixing each of the claims identified on **Exhibit D** attached hereto in the amount specified therein, and (iii) disallowing each of the claims identified on **Exhibit E** attached hereto (collectively, the "Phantom Stock Claims").

19.     For ease of reference, attached hereto as **Exhibit B** is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Phantom Stock Claimants"), with a cross-reference by claim number.

### A.     Reduction of Certain Partially Invalid Phantom Stock Claims.

20.     The basis for reduction of the Phantom Stock Claims listed on **Exhibit C** attached hereto (the "Partially Invalid Phantom Stock Claims") is that each of the Partially Invalid Phantom Stock Claims asserts, in part, an amount for which the Debtors are not liable.

21.     Specifically, after a review of each of the Partially Invalid Phantom Stock Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that, for each Phantom Stock Claimant listed on **Exhibit C**: (i) the first Vesting Date occurred on January 1, 2009; (ii) shares of Circuit City's stock closed at $0.13 on December 31, 2008; (iii) the second Vesting Date that occurred upon the Change of Control on March 8, 2009; and (iv) shares of Circuit City's stock closed at $0.01 on March 6, 2009.[2]  Each Partially Invalid Phantom Stock Claim asserts an amount exceeding the amount calculated by the Liquidating Trust's based on the aforementioned criteria.  Accordingly, the Partially Invalid Phantom Stock Claims identified on **Exhibit C** should be reduced in the manner stated in **Exhibit C** to correspond to the Liquidating Trust's calculation of the correct amount, as set forth on **Exhibit C**.

---

[2] March 8, 2009 was a Sunday.  Therefore, the Liquidating Trustee referred to the Circuit City share price on March 6, 2009.

**B.**       **Fixing of Certain Unliquidated Phantom Stock Claims.**

22.     The basis for fixing each of the Phantom Stock Claims in the amount

listed on **Exhibit D** attached hereto (the "Unliquidated Phantom Stock Claims") is that each

claim is filed in an unliquidated amount, but asserts a liability, in whole or in part, for which the

Liquidating Trust believes there is liability on the part of the Debtors.  Specifically, after a

review of each of the Unliquidated Phantom Stock Claims and the bases upon which each is

asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined

that (i) the first Vesting Date occurred on January 1, 2009; (ii) shares of Circuit City's stock

closed at $0.13 on December 31, 2008; (iii) the second Vesting Date that occurred upon the

Change of Control on March 8, 2009 for those Phantom Stock Claimants who were still

employed by Circuit City; and (iv) shares of Circuit City's stock closed at $0.01 on March 6,

2009.[3]  The Liquidating Trust has determined the amount of the Debtors' liability on each

Unliquidated Phantom Stock Claim, and seeks to allow the Unliquidated Phantom Stock Claim

in that amount, as set forth on **Exhibit D**.  Accordingly, the Liquidating Trust requests that the

Unliquidated Phantom Stock Claims identified on **Exhibit D** be fixed in the amounts stated in

**Exhibit D**.

**C.**       **Disallowance of Certain Invalid Phantom Stock Claims.**

23.     The basis for disallowance of the Phantom Stock Claims listed on **Exhibit

E** attached hereto (the "Invalid Phantom Stock Claims") is that each of the Invalid Phantom

Stock Claims asserts, in its entirety, amounts for which the Debtors are not liable.  **Exhibit E**

identifies Invalid Phantom Stock Claims for which the Debtors' books and records show no

liability to the Phantom Stock Claimant.  After a review of each Invalid Phantom Stock Claim

and the bases upon which it is asserted, and a review of the Debtors' books and records, the

Liquidating Trust has determined that the Debtors have no liability on any of the Invalid

---

[3] March 8, 2009 was a Sunday.  Therefore, the Liquidating Trustee referred to the Circuit City share price on March 6, 2009.

Phantom Stock Claims because (i) the applicable Phantom Stock Claimant was not employed by

the Debtors as of any remaining Vesting Date or (ii) the Phantom Stock Claimant did not provide

support for the Invalid Phantom Stock Claim and the Debtors' books and records do not show

that the Phantom Stock Claimant was a Phantom Stock Participant or employed on the Vesting

Date.  Accordingly, the Liquidating Trust requests that the Invalid Phantom Stock Claims

identified on **Exhibit E** be disallowed in their entirety for the reasons stated therein.

## RESERVATION OF RIGHTS

24.    At this time, the Liquidating Trust has not completed its review of the

validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further

object to any and all claims, whether or not the subject of this Objection, for allowance and/or

distribution purposes, and on any other grounds, including the right to modify, supplement

and/or amend this Objection as it pertains to any Phantom Stock Claim or Phantom Stock

Claimant herein.

## NOTICE AND PROCEDURE

25.    Notice of this Objection has been provided to the Phantom Stock

Claimants identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's

*Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002*

*and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case*

*Management and Administrative Procedures* (entered on December 30, 2009 at Docket No.

6208) (the "Case Management Order").  The Liquidating Trust submits that the following

methods of service upon the Phantom Stock Claimants should be deemed by the Court to

constitute due and sufficient service of this Objection:  (a) service in accordance with Federal

Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil

Procedure 4; (b) to the extent counsel for the Phantom Stock Claimants is not known to the

Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Phantom Stock

Claimant's proof of claim form or other representative identified in the proof of claim form or

8

any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Phantom Stock Claimant's behalf in the Debtors' bankruptcy cases. The Liquidating Trust is serving the Phantom Stock Claimant with this Objection and the exhibit on which the Phantom Stock Claimant's claim is listed.

26.      To the extent any Phantom Stock Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on November 29, 2012, as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference with respect to any such responding claimant at 2:00 P.M. (Eastern) on December 6, 2012, and thereafter schedule the matter for a future hearing as to the merits of such claim. However, to the extent any Phantom Stock Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each of the claims identified on **Exhibit C** attached hereto, (ii) fixing each of the claims identified on **Exhibit D** attached hereto in the amount specified therein, and (iii) disallowing each of the claims identified on **Exhibit E** attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

27.      This Objection complies with Bankruptcy Rule 3007(e). Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

28.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

29.    No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia　　　　　TAVENNER & BERAN, PLC
  September 21, 2012

          */s/ Lynn L. Tavenner*_____
          Lynn L. Tavenner (VA Bar No. 30083)
          Paula S. Beran (VA Bar No. 34679)
          20 North Eighth Street, 2nd Floor
          Richmond, Virginia 23219
          (804) 783-8300

             - and -

          PACHULSKI STANG ZIEHL & JONES LLP
          Jeffrey N. Pomerantz, Esq.
          Andrew W. Caine, Esq.
          10100 Santa Monica Boulevard
          Los Angeles, California 90067-4100
          (310) 277-6910

             - and –

          PACHULSKI STANG ZIEHL & JONES LLP
          Robert J. Feinstein, Esq.
          780 Third Avenue, 36th Floor
          New York, New York 10017
          (212) 561-7700

          *Counsel to the Circuit City Stores, Inc.*
          *Liquidating Trust*

**EXHIBIT A**

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| - - - - - - - - - - - - - - | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FIFTY-FIFTH OMNIBUS
OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID
CLAIMS, FIXING OF CERTAIN UNLIQUIDATED CLAIMS, OR
DISALLOWANCE OF CERTAIN INVALID CLAIMS,
AS APPLICABLE (PHANTOM STOCK PROGRAM)**

THIS MATTER having come before the Court[4] on the *Liquidating Trust's Fifty-*

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Fifth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims, as Applicable (Phantom Stock Program)* (the "Objection"), which requested, among other things, that the claims specifically identified on <u>Exhibit B</u> attached to the Objection be reduced, fixed or disallowed, as applicable, for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in <u>Exhibit A</u>.

3.    The Claims identified on <u>Exhibit B</u> as attached hereto and incorporated herein are forever fixed in the amount specified on <u>Exhibit B</u> for all purposes in these bankruptcy cases.

4.    The Claims identified on <u>Exhibit C</u> as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

5.    The Court will conduct a status conference on _____, 2012

at 2:00 p.m. for all Claims identified on <u>Exhibit D</u> attached hereto.

6.      The Liquidating Trust's rights to object to any claim including (without

limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are

not waived and are expressly reserved.

7.      The Liquidating Trust shall serve a copy of this Order on the claimants

included on the exhibits to this Order on or before five (5) business days from the entry of this

Order.

8.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
          _____, 2012



          _____
          HONORABLE KEVIN R. HUENNEKENS
          UNITED STATES BANKRUPTCY JUDGE

13

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                    */s/ Lynn L. Tavenner*
                    Lynn L. Tavenner

14

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| DING, JENNIFER S<br><br>5507 OLDE HARTLEY WAY<br><br><br>GLEN ALLEN, VA 23060 | 6027<br><br>2000602701 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| FARMER, CHARLES E<br><br>528 SILTSTONE PL<br><br><br>CARY, NC 27519 | 6635<br><br>2000663501 | Exhibit D<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| JESSE LEHMAN<br><br>217 Canyon Lake Dr<br><br>Southlake, TX 76092 | 14655<br><br>2001465501 | Exhibit D<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| MATTILA, DEREK A<br><br>908 LIVINGSTON DR<br><br><br>DOWNINGTOWN, PA 19335 | 7342<br><br>2000734201 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| MILLER, RANDALL W<br><br>15630 MOSS LIGHT PLACE<br><br><br>MOSELEY, VA 23120 | 5753<br><br>2000575301 | Exhibit C<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| RAMSEY, DANIEL W<br><br>7405 Three Chopt Rd<br><br><br>Richmond, VA 23226 | 13988<br><br>2001398801 | Exhibit D<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| STEVEN F DRAXLER<br><br>6128 County Road JJ<br><br><br>Luxemburg, WI 54217-9359 | 6955<br><br>2000695501 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |

7

phantom

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 5753  2000575301 | MILLER, RANDALL W  15630 MOSS LIGHT PLACE  MOSELEY, VA 23120 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09.  Thus, the claim will be reduced to $476.25. |
| 1/27/2009 | 6027  2000602701 | DING, JENNIFER S  5507 OLDE HARTLEY WAY  GLEN ALLEN, VA 23060 | | $952.50 | U | CIRCUIT CITY STORES, INC. | $476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09.  Thus, the claim will be reduced to $476.25. |
| 1/28/2009 | 7342  2000734201 | MATTILA, DEREK A  908 LIVINGSTON DR  DOWNINGTOWN, PA 19335 | | $1,351.56 | U | CIRCUIT CITY STORES, INC. | $476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09. Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter. The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09.  Thus, the claim will be reduced to $476.25. |

phantom

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)
**EXHIBIT D**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name  Address | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 6635<br><br>2000663501 | FARMER, CHARLES E<br><br>528 SILTSTONE PL<br><br>CARY, NC 27519 | $0.00 | U | CIRCUIT CITY STORES, INC. | $476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Thus, the claim will be fixed at $476.25. |
| 6/29/2009 | 13988<br><br>2001398801 | RAMSEY, DANIEL W<br><br>7405 Three Chopt Rd<br><br>Richmond, VA 23226 | $0.00 | U | CIRCUIT CITY STORES, INC. | $476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Thus, the claim will be fixed at $476.25. |
| 9/14/2009 | 14655<br><br>2001465501 | JESSE LEHMAN<br><br>217 Canyon Lake Dr<br><br>Southlake, TX 76092 | $0.00 | U | CIRCUIT CITY STORES, INC. | $476.25 | General Unsecured | CIRCUIT CITY STORES, INC. | The first vesting of phantom shares (33%) occurred on 1/1/09.  Shares of the debtor were valued at $0.13/share on 12/31/08 in accordance with the award letter.  The second vesting occurred on 3/8/09 as a result of the change of control (67%).  March 8, 2009 was a Sunday; therefore, shares of the debtor were valued at $0.01/share on 3/6/09. Thus, the claim will be fixed at $476.25. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/28/2009 | 6955<br><br>2000695501 | STEVEN F DRAXLER<br><br>6128 County Road JJ<br><br><br>Luxemburg, WI 54217-9359 | | $5,440.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claimant was not employed by the debtor as of the vesting period and no change of control provision was included in the award letter; therefore, the claim should be expunged in its entirety. |

1

10344445,
N/A, 1/1/2008, PSU

EXHIBIT F



January 3, 2008



Dear

Circuit City Stores, Inc. (the "Company") would like to support our director-level associates through a "phantom stock" award program that provides an incentive to work for the Company's long-term success. A phantom stock award generally consists of units, each with a value equivalent to one share of a company's stock, which is paid out at the end of a specified time period.

I am pleased to inform you that, effective January 1, 2008, you have been awarded the following phantom stock units, each with a value equal to one share of Circuit City Common Stock, which will be payable in cash upon vesting:

Number of Units: 9,525

Your award is subject to the conditions set forth in this letter and to your signing and returning the enclosed copy of this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years. If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2008;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2009;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2010.

Units that vest will be paid out in cash following the end of the corresponding vesting period. The vesting of all or part of a phantom stock award is a taxable event. Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated for any reason on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

In the event of a stock split or combination of shares, or other such change in the Company's capital stock, without the receipt of consideration by the Company, the number of phantom stock units awarded hereunder will be adjusted accordingly.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer any of your units. Additionally, phantom stock units are not actual shares of stock and do not confer on you any rights as a shareholder of the Company. Consequently, you will not have the right to vote or receive dividends on the units.

In order for your award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008, to **757-299-8412**. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Printed Name

_1/17/08_
Date