Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al.,. | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

### NOTICE OF LIQUIDATING TRUST'S FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS, AS APPLICABLE (PENNSYLVANIA SERVICE CENTER)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Fifty-Eighth Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims or Disallowance of Certain Duplicate Claims, As Applicable (Pennsylvania Service Center) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Liquidating Trust is seeking to reduce certain partially invalid claims and disallow certain duplicate claims, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively,

the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON NOVEMBER 29, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>: The Response Deadline is **4:00 p.m. (Eastern Time) on November 29, 2012 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on December 6, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

### <u>Procedures for Filing a Timely Response and<br>Information Regarding the Hearing on the Objection</u>

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.   a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.   the claimant's name and an explanation for the amount of the Claim;
>
> c.   a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.      a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.      a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.      the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.      to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated:    September 24, 2012

<div style="margin-left:40%;">

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
          acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

</div>

EXHIBIT 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIQUIDATING TRUST'S FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS:**
**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS OR DISALLOWANCE**
**OF CERTAIN DUPLICATE CLAIMS, AS APPLICABLE**
**(PENNSYLVANIA SERVICE CENTER)**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Fifty-Eighth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or Disallowance of Certain Duplicate Claims, as Applicable (Pennsylvania Service Center)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

### A.    General Background

2.    On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

2

4.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

9.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

10.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

3

11.     The Plan became effective on November 1, 2010 (the "<u>Effective Date</u>"),
and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating
Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate
and administer asserted claims, including prosecution of objections to claims, and to distribute
the assets to creditors.

**B.      <u>Pennsylvania Service Center</u>**

12.     In May, 2007, Circuit City Stores, Inc. ("<u>CCS</u>") sent letters to employees
who worked at the Philadelphia Service Center setting forth their separation pay (the
"Severance").

13.     In March, 2008, CCS informed employees of its decision to relocate its
Philadelphia Service Center and proposed a "Separation Package" for those employees who
remained with the CCS through the closing date of the Philadelphia Service Center (the
"Retention Bonus").  However, the closure of the Philadelphia Service Center did not occur prior
to the Petition Date and instead closed as a result of the Debtors' liquidation process.  The
Debtors are honoring those benefits set forth in the Separation Package to those employees who
remained through the closure.

14.     Finally, certain employees who worked at the Philadelphia Service Center
were owed money on account of paid time off (the "Paid Time Off").

## <u>OBJECTION</u>

15.     By this Objection, the Liquidating Trust seeks entry of an order, in
substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections
105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing
each of the claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims
identified on **Exhibit D** attached hereto (collectively, the "<u>Claims</u>").

16.     For ease of reference, attached hereto as **Exhibit B** is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

### A.     Reduction of Certain Partially Invalid Claims.

17.     The basis for reduction of the Claims listed on **Exhibit C** attached hereto (the "Partially Invalid Claims") is that each of the Partially Invalid Claims asserts, in part, an amount for which the Debtors are not liable.

18.     Specifically, after a review of each of the Partially Invalid Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that for each Claimant listed on **Exhibit C**, one or more portions of the Claim is overstated or invalid and the Claim must be reduced accordingly, as detailed on **Exhibit C**.  For example, a Claim may have asserted amounts due on account of their Severance, Retention Bonus or Paid Time Off (each, an "HR Program"), or a combination thereof, whereas the Liquidating Trust's books and records show that only certain HR Programs are applicable to the Claimant.  In that case, the Claim would be reduced by the amount claimed for the inapplicable HR Program.  Alternatively, the Liquidating Trust may seek to reduce the amount claimed on account of a particular HR Program if such amount is overstated.  The specific HR Programs that the Liquidating Trust believes are inapplicable or overstated, and the reasons therefor, are included on **Exhibit C**.  Accordingly, the Partially Invalid Claims identified on **Exhibit C** should be reduced in the manner stated in **Exhibit C** to correspond to the Liquidating Trust's books and records.

### B.     Disallowance of Certain Duplicate Claims.

19.     The basis for disallowance of the Claims listed on **Exhibit D** attached hereto (the "Duplicate Claims") is that each of the Duplicate Claims asserts liabilities already asserted in their entirety by the Claimant in another claim; the claim number of the allowed, surviving claim is listed on **Exhibit D** hereto.  Accordingly, the Liquidating Trust requests that the Duplicate Claims identified on **Exhibit D** be disallowed.

## RESERVATION OF RIGHTS

20.    At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds, including the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

21.    Notice of this Objection has been provided to the Claimants identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection:  (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Claimant with this Objection and the exhibit on which the Claimant's Claim is listed.

22.    To the extent any Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on November 29, 2012, as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference with respect

to any such responding claimant at 2:00 P.M. (Eastern) on December 6, 2012, and thereafter

schedule the matter for a future hearing as to the merits of such claim.  However, to the extent

any Claimant fails to timely file and properly serve a response to this Objection as required by

the Case Management Order and applicable law, the Liquidating Trust requests that the Court

enter an order, substantially in the form attached hereto as **Exhibit A**, (i) reducing each of the

claims identified on **Exhibit C** attached hereto and (ii) disallowing each of the claims identified

on **Exhibit D** attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

23.     This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the

Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

24.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

25.     No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

Order sustaining this Objection and granting such other and further relief as the Court deems

appropriate.

Dated: Richmond, Virginia  TAVENNER & BERAN, PLC
    September 24, 2012

        */s/ Lynn L. Tavenner*
        Lynn L. Tavenner (VA Bar No. 30083)
        Paula S. Beran (VA Bar No. 34679)
        20 North Eighth Street, 2nd Floor
        Richmond, Virginia 23219
        (804) 783-8300

          - and -

        PACHULSKI STANG ZIEHL & JONES LLP
        Jeffrey N. Pomerantz, Esq.
        Andrew W. Caine, Esq.
        10100 Santa Monica Boulevard
        Los Angeles, California 90067-4100
        (310) 277-6910

          - and –

        PACHULSKI STANG ZIEHL & JONES LLP
        Robert J. Feinstein, Esq.
        780 Third Avenue, 36th Floor
        New York, New York 10017
        (212) 561-7700

        *Counsel to the Circuit City Stores, Inc.*
        *Liquidating Trust*

## EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S FIFTY-EIGHTH OMNIBUS
OBJECTION TO CLAIMS: REDUCTION OF CERTAIN PARTIALLY INVALID
CLAIMS OR DISALLOWANCE OF CERTAIN DUPLICATE
CLAIMS, AS APPLICABLE (PENNSYLVANIA SERVICE CENTER)**

THIS MATTER having come before the Court[2] on the *Liquidating Trust's Fifty-*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Eighth Omnibus Objection to Claims:  Reduction of Certain Partially Invalid Claims or Disallowance of Certain Duplicate Claims, as Applicable (Pennsylvania Service Center)* (the "Objection"), which requested, among other things, that the claims specifically identified on **Exhibit B** attached to the Objection be reduced or disallowed, as applicable, for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on **Exhibit A** as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in **Exhibit A**.

3.      The Claims identified on **Exhibit B** as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

4.      The Court will conduct a status conference on _____, 2012 at 2:00 p.m. for all Claims identified on **Exhibit C** attached hereto.

5.      The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

10

6.      The Liquidating Trust shall serve a copy of this Order on the claimants

included on the exhibits to this Order on or before five (5) business days from the entry of this

Order.

7.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.

Dated: Richmond, Virginia
        _____, 2012


        _____
        HONORABLE KEVIN R. HUENNEKENS
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                    - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                    */s/ Lynn L. Tavenner*
                    Lynn L. Tavenner

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| FOX JR, LEON JETHRO<br><br>2715 GARDEN LANE<br><br><br>BENSALEM, PA 19020 | 5074<br><br>2000507402 | Exhibit  C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| GLEN POST<br><br>956 Browning Pl<br><br>Warminster, PA 18974 | 5629<br><br>2000562902 | Exhibit  C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| HO, KUEN T<br><br>23 37 120 ST<br><br>COLLEGE POINT, NY 11356 | 6601<br><br>2000660102 | Exhibit  C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| JUREC, DANIEL S<br><br>6405 HAWTHORNE ST<br><br><br>PHILADELPHIA, PA 19149 | 6422<br><br>2000642201 | Exhibit  F<br>DUPLICATE CLAIMS TO BE EXPUNGED |
| KUNA, ROBERT S<br><br>1041 SACKETTSFORD RD<br><br>IVYLAND, PA 18974 | 5557<br><br>2000555701 | Exhibit  C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| MCVEIGH, ROBERT M<br><br>5506 GAUMER AVE<br><br><br>MERCHANTVILLE, NJ 08109 | 4826<br><br>2000482602 | Exhibit  C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| MEE, DONNA T<br><br>66 WINDHAM DRIVE<br><br><br>LANGHORNE, PA 19047 | 4921<br><br>2000492101 | Exhibit  C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| NG, YINGF<br><br>46 10A 88TH ST<br><br><br>ELMHURST, NY 11373 | 5420<br><br>2000542002 | Exhibit  C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| OAKES, TODD A<br><br>7373 RIDGE AVEAPT 205<br><br><br>PHILADELPHIA, PA 19128 | 5350<br><br>2000535002 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| PEED, DANIEL GEORGE<br><br>7 ASTER COURT<br><br><br>DELRAN, NJ 08075 | 5238<br><br>2000523802 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| PERKINS, EDWARD J<br><br>2894 ANGUS RD<br><br><br>PHILADELPHIA, PA 19114 | 5152<br><br>2000515202 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| ROSENBERG, IRVING D<br><br>39 GLENOLDEN LN<br><br><br>WILLINGBORO, NJ 08046 | 9453<br><br>2000945302 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| SHARON HAINES<br><br>3257 Wellington St<br><br><br>Philadelphia, PA 19149 | 4651<br><br>2000465101 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| TATARU, MARIUS SORIN<br><br>3530 DECATUR ST<br><br><br>PHILADELPHIA, PA 19136 | 4747<br><br>2000474702 | Exhibit C<br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |

14

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/23/2009 | 4651 2000465101 | SHARON HAINES 3257 Wellington St Philadelphia, PA 19149 | | $17,983.92 | U | CIRCUIT CITY STORES, INC. | $17,861.54 | General Unsecured | CIRCUIT CITY STORES, INC. | Claimant included an amount due for severance greater than the amount owed.  Therefore, the claim will be reduced to $17,861.54 for amounts due for the retention bonus ($6,000) and severance ($11,861.54). |
| 1/23/2009 | 4747 2000474702 | TATARU, MARIUS SORIN 3530 DECATUR ST PHILADELPHIA, PA 19136 | | $3,214.50 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The debtor's books and records show no amount due for lost paid time off; therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000 for the retention bonus. |
| 1/23/2009 | 4826 2000482602 | MCVEIGH, ROBERT M 5506 GAUMER AVE MERCHANTVILLE, NJ 08109 | | $5,008.00 | U | CIRCUIT CITY STORES, INC. | $4,372.20 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim included amounts due for remaining paid-time-off; however, the Debtor's books and records show no amount due.  Therefore, this portion of the claim will be disallowed.  The claim will be reduced to $4,372.20 for the retention bonus ($3,000) and remaining amount due for severance ($1,372.20).  A portion of severance was paid under Omni #19. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/21/2009 | 4921 2000492101 | MEE, DONNA T 66 WINDHAM DRIVE LANGHORNE, PA 19047 | | $8,507.77 | U | CIRCUIT CITY STORES, INC. | $8,117.37 | General Unsecured | CIRCUIT CITY STORES, INC. | Claimant included an amount due for severance greater than the amount owed.  Therefore, the claim will be reduced to $8,117.37 for amounts due for the retention bonus ($3,000), severance ($4,483.20) and lost paid time off ($634.17). |
| 1/22/2009 | 5074 2000507402 | FOX JR, LEON JETHRO 2715 GARDEN LANE BENSALEM, PA 19020 | | $4,040.00 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim includes a lump sum pay adjustment in lieu of a merit increase.  The debtor's books and records show no amount due; therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000 for the retention bonus. |
| 1/23/2009 | 5152 2000515202 | PERKINS, EDWARD J 2894 ANGUS RD PHILADELPHIA, PA 19114 | | $3,120.72 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim included amounts due for remaining paid-time-off; however, the Debtor's books and records show no amount due.  Therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000.00 for the retention bonus. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 5238 2000523802 | PEED, DANIEL GEORGE<br><br>7 ASTER COURT<br><br>DELRAN, NJ 08075 | | $4,231.20 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The debtor's books and records show no amount due for lost paid time off; therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000 for the retention bonus. |
| 1/26/2009 | 5350 2000535002 | OAKES, TODD A<br><br>7373 RIDGE AVEAPT 205<br><br>PHILADELPHIA, PA 19128 | | $3,099.68 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The debtor's books and records show no amount due for lost paid time off; therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000 for the retention bonus. |
| 1/26/2009 | 5420 2000542002 | NG, YINGF<br><br>46 10A 88TH ST<br><br>ELMHURST, NY 11373 | | $3,422.10 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The debtor's books and records show no amount due for lost paid time off; therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000 for the retention bonus. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 5557  2000555701 | KUNA, ROBERT S  1041 SACKETTSFORD RD  IVYLAND, PA 18974 | | $5,701.20 | U | CIRCUIT CITY STORES, INC. | $5,503.20 | General Unsecured | CIRCUIT CITY STORES, INC. | Claimant included an amount due for severance greater than the amount owed.  Therefore, the claim will be reduced to $5,503.20 for amounts due for the retention bonus ($3,000) and severance ($2,503.20). |
| 1/27/2009 | 5629  2000562902 | GLEN POST  956 Browning Pl  Warminster, PA 18974 | | $3,475.60 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The debtor's books and records show no amount due for lost paid time off; therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000 for the retention bonus. |
| 1/27/2009 | 6601  2000660102 | HO, KUEN T  23 37 120 ST  COLLEGE POINT, NY 11356 | | $3,227.40 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim included an error when filed.  The support detail does not equal the cover page amount. The claim will be reduced to $3,000 for the retention bonus. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 9453  2000945302 | ROSENBERG, IRVING D  39 GLENOLDEN LN  WILLINGBORO, NJ 08046 | | $4,298.18 | U | CIRCUIT CITY STORES, INC. | $3,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | The debtor's books and records show no amount due for lost paid time off; therefore, this portion of the claim will be disallowed.  The claim will be reduced to $3,000 for the retention bonus. |

13

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**
**DUPLICATE CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 6422<br><br>2000642201 | JUREC, DANIEL S<br><br>6405 HAWTHORNE ST<br><br><br>PHILADELPHIA, PA 19149 | | $5,513.28 | U | CIRCUIT CITY STORES, INC. | 6219 | Amounts included in this claim are duplicative of claim # 6219.  Thus, the claim should be expunged in its entirety. |

1