Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al., | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

## NOTICE OF LIQUIDATING TRUST'S SIXTIETH OMNIBUS
## OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Sixtieth Omnibus Objection to Claims (Disallowance of Certain Late Claims) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to disallow certain late claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Reference Objection |
|-----|-----|-----|-----|

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN TIME) ON NOVEMBER 29, 2012, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**<u>Critical Information for Claimants</u>**
**<u>Choosing to File a Response to the Objection</u>**

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on November 29, 2012 (the "Response Deadline")**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083 |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on December 6, 2012 at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5000
Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**<u>Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection</u>**

<u>Contents</u>.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

a.      a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.      the claimant's name and an explanation for the amount of the Claim;

c.      a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the

specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.    to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy

4

Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

**Additional Information**

     **Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kcclllc.net/circuitcity.

     **Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    September 27, 2012

*/s/ Lynn L. Tavenner*
_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
      pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
     acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

**EXHIBIT 1**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                                     :     Chapter 11
                                           :
CIRCUIT CITY STORES, INC., <u>et al.</u>,   :     Case No. 08-35653 (KRH)
                                           :
                    Debtors.               :
- - - - - - - - - - - - - -                :     Jointly Administered
                                           x

**LIQUIDATING TRUST'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS
(<u>DISALLOWANCE OF CERTAIN LATE CLAIMS</u>)**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

*Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated*

*Debtors and Debtors in Possession and its Official Committee of Creditors Holding*
*General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this
*Liquidating Trust's Sixtieth Omnibus Objection to Claims (Disallowance of Certain Late*
*Claims)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections
105, 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as
amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the
proposed form of which is attached hereto as <u>Exhibit A</u>, granting the relief sought by this
Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

     1.     This Court has jurisdiction to consider this Objection under 28
U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of
these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.
The statutory and legal predicates for the relief requested herein are Bankruptcy Code
sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

     2.     On November 10, 2008 (the "Petition Date"), the debtors in the
above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief
under chapter 11 of the Bankruptcy Code.

     3.     On November 12, 2008, the Office of the United States Trustee for
the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

"Creditors' Committee").

4.      On November 12, 2008, the Court appointed Kurtzman Carson
Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these
chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.      On December 10, 2008, the Court entered that certain *Order
Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002,
3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of
Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the
"Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all
"claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the
Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the
"General Bar Date").  The deadline for governmental units to file claims that arose before
November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar
Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner
of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date
Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims
Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy
Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity
holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published
the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The
Richmond Times-Dispatch (Docket No. 1394).

8.      On November 12, 2008, this Court entered that certain *Order
Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims
Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and*

*Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007* (Docket No.

107)(the "503(b)(9) Bar Date Order").

9.     Pursuant to the 503(b)(9) Bar Date Order, this Court approved the

form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the

503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9)

Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim

asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy

Code was on December 19, 2008 (the "503(b)(9) Bar Date").

10.     On November 19, 2008, KCC served a copy of the 503(b)(9) Bar

Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases,

the Debtors' equity holders, and certain other parties (Docket No. 358). In addition, the

Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No.

549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch

(Docket No. 547).

11.     On January 16, 2009, the Court authorized the Debtors, among other

things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had

been completed.

12.     On April 1, 2009, this Court entered an *Order Establishing Omnibus*

*Objection Procedures and Approving the Form and Manner of Notice of Omnibus*

*Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

13.     On May 15, 2009, the Court entered that certain *Order Pursuant to*

*Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting*

4

*Administrative Bar Date and Procedures For Filing and Objecting To Administrative Expense Request and (ii) Approving Form and Manner of Notice Thereof* (Docket No. 3354) (the "Administrative Claims Bar Date Order").

14.     Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all Administrative Expense Requests (as defined in the Administrative Claims Bar Date Order) was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant to the Administrative Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Claims Bar Date Notice").

15.     On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In addition, the Debtors published the Administrative Claims Bar Date Notice in The Financial Times (Docket No. 3970), The Richmond Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

16.     On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

17.     On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (Docket No. 8555) (the "Confirmation Order").

18.     Pursuant to the Plan and Confirmation Order, the deadline for requests for payment of Administrative Claims that arose on and after January 1, 2010 up to and through the Effective Date was January 3, 2011 (the "Final Administrative Bar Date").

5

19.     On November 3, 2010, KCC served a copy of the *Notice of (I)
Confirmation of Modified Second Amended Joint Plain of Liquidation of Circuit City
Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official
Committee of Creditors Holding General Unsecured Claims Under Chapter 11 of the
Bankruptcy Code, (II) the Occurrence of the Effective Date and (III) the Deadlines for
Filing Administrative Claims, Final Fee Applications and Rejection Damages Claims*
(Docket No. 8865), which included notice of the Final Administrative Bar Date, on the
2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors'
equity holders, and certain other parties (Docket No. 8947).

20.     The Plan became effective on November 1, 2010 (the "Effective
Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the
Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and
distribute the proceeds to creditors, including the prosecution of Causes of Action and
objections to claims.

## OBJECTIONS TO CLAIMS

21.     By this Objection, the Liquidating Trust seeks entry of an order, in
substantially the form attached hereto as Exhibit A, pursuant to Bankruptcy Code sections
105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1,
disallowing each of the claims identified on Exhibit C attached hereto.

22.     For ease of reference, attached hereto as Exhibit B is an alphabetical
listing of all claimants whose claims are included in this Objection (the "Claimants"), with
a cross-reference by claim number.

23.     The basis for disallowance of the claims listed on Exhibit C attached
hereto (the "Late Claims") is that each of the Late Claims was filed subsequent to the
relevant bar date.  The disallowance of each of the Late Claims set forth on Exhibit C is
appropriate under the applicable Bar Date Order as well as under applicable law.

6

24.     Bar dates for asserting claims in chapter 11 bankruptcy cases serve extremely important purposes.  "The requirement of a Bar Date in Chapter 11 enables the debtor…to establish the universe of claims with which it must deal and the amount of those claims."  *See In re A.H. Robins Co.*, 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).  Premised on the imperative purpose of finality of asserting claims against a debtor, courts have not allowed claims filed by creditors after the bar date, absent special circumstances.  *See In re Provident Hosp., Inc*., 122 B.R. 683, 685 (D. Md. 1990), *aff'd*, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion) ("Because Bean did not timely file his bankruptcy claim after having been given constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003 (c) (2).").

25.     Each Late Claim was filed in the present cases after the applicable bar date had passed.  Accordingly, pursuant to the applicable Bar Date Order, these Late Claims are "forever barred, estopped, and permanently enjoined from asserting such claim against the Debtors…"

26.     It is essential for the Liquidating Trust to establish the proper liabilities asserted against the Debtors. In order to achieve the imperative of finality in the claims process, the Liquidating Trust requests that this Court disallow the Late Claims identified on Exhibit C in their entirety and for all purposes in these bankruptcy cases.

### RESERVATION OF RIGHTS

27.     The Liquidating Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.  Furthermore, the Liquidating Trust reserves the right to modify, supplement and/or amend this Objection as it pertains to any Late Claim or Claimant herein.

### NOTICE AND PROCEDURE

28.     Notice of this Objection has been provided to all Claimants with

7

Late Claims that are the subject to this Objection as identified on Exhibit C, and to parties-in-interest in accordance with the *Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Liquidating Trust submits that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Liquidating Trust is serving the Claimant with this Objection and the exhibit on which the Claimant's Late Claim is listed.

29.    To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 P.M. (Eastern) on November 29, 2012** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference[2] with respect to any such responding claimant at **2:00 P.M. (Eastern) on December 6, 2012** and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form

---

[2] In accordance with the Omnibus Objection Procedures Order, Claimants who timely respond to the Objection do not need to appear at the status conference.

8

attached hereto as <u>Exhibit A</u>, disallowing each of the Late Claims identified on <u>Exhibit C</u> attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

30.     This Objection complies with Bankruptcy Rule 3007(e). Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

31.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

32.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
September 27, 2012

TAVENNER & BERAN, PLC

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - x | | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S SIXTIETH OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)**

THIS MATTER having come before the Court[3] on the *Liquidating Trust's Sixtieth*

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Omnibus Objection to Claims Omnibus Objection to Claims (Disallowance of Certain Late Claims)* (the "Objection"), which requested, among other things, that the claims specifically identified on <u>Exhibit C</u> attached to the Objection be disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Late Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

3.    The Court will conduct a status conference on _____, 2012 at 2:00 p.m. for all Late Claims identified on <u>Exhibit B</u> attached hereto.

4.    The Liquidating Trust's rights to object to any claim including (without limitation) the Late Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

5.    The Liquidating Trust shall serve a copy of this Order on the

2

claimants included on the exhibits to this Order on or before five (5) business days from

the entry of this Order.

    6.  This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Order.


Dated: Richmond, Virginia
   _____, 2012


   _____
   HONORABLE KEVIN R. HUENNEKENS
   UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                              - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                  - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*




**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

                                        */s/ Lynn L. Tavenner*
                                        Lynn L. Tavenner


4

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| Anthony W Givens Jr<br><br>6008 Hope Dr<br><br><br>Temple Hills, MD 20748 | 15208<br><br>2001520801 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| BRENDALY GARZA<br><br>505 Musket Dr<br><br><br>Laredo , TX 78046-5159 | 14398<br><br>2001439801 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| CHRISTOPHER BILLAND<br><br>92 993 Puanihi St<br><br><br>Kapolei, HI 96707 | 14394<br><br>2001439401 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| CHRISTOPHER RAMON EVERAGE<br><br>7373 Ardmore St No 1129<br><br><br>Houston, TX 77054-4214 | 13215<br><br>2001321501 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| Corey R Telfair<br><br>1322 Carson Dr<br><br><br>Prattville, AL 36067 | 15160<br><br>2001516001 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| DANIEL M POOLE<br><br>200 E Holly Oak Rd<br><br><br>Wilmington , DE 19809 | 14404<br><br>2001440401 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| DENNIS JASON HUGHES<br><br>2581 County Rd 12<br><br><br>Headland, AL 36345-6318 | 13748<br><br>2001374801 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| GREG HARRIS JR<br><br>5622 Gatewood St<br><br><br>Houston, TX 77053 | 14451<br><br>2001445101 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| INFANTINO, SARAH<br><br>927 Union St<br><br><br>Leominster, MA 01453-5180 | 14227<br><br>2001422701 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| JACQUELINE HARRIS<br><br>1581 Oakland Chase Pkwy<br><br><br>Richmond, VA 23231-5745 | 14531<br><br>2001453101 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| Jessica Bruntz<br><br>101 Corona Ct<br><br><br>Corralitos, CA 95076 | 15225<br><br>2001522501 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| JOSEPH L WEBB<br><br>621 W South St<br><br><br>Clinton, IL 61727-2124 | 13221<br><br>2001322101 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| KAPLAN, ALAN<br><br>4324 Fallbrook Blvd<br><br><br>Palm Harbor, FL 34685 | 14013<br><br>2001401301 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| KOPINSKI, AARON<br><br>1870 Wicker Woods Dr<br><br><br>Maidens, VA 23102 | 14155<br><br>2001415501 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| LAMAR, JAIME LYNN<br><br>605 Colony Drive<br><br><br>Edmond, OK 73003 | 14182<br><br>2001418201 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| LINDA WHITE<br><br>172 Helen St<br><br><br>Hamden, CT 06514 | 14891<br><br>2001489101 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| LINDA WHITE<br><br>172 Helen St<br><br><br>Hamden, CT 06514 | 13239<br><br>2001323901 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MARCOS SAWICKI<br><br>590 BLADEN<br><br><br>LAVAL, QC H7W 4S1 | 14888<br><br>2001488801 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MARGARET SHEEHAN<br><br>23099 Barwood Ln N Bldg 3<br><br><br>Boca Raton, FL 33428-6727 | 14665<br><br>2001466501 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MARK CUSTODIO<br><br>15 Popular St<br><br><br>Port Jefferson Station, NY 1177 | 14407<br><br>2001440701 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MICHAEL S PAYNE<br><br>2401 Regency Rd Ste 302<br><br><br>Lexington, KY 40503-2914 | 14327<br><br>2001432701 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| OLIVIA GELLER<br><br>5750 W Centinela Ave No 424<br><br><br>Los Angeles , CA 90045 | 13843<br><br>2001384301 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| PERRY, ROBERT<br><br>1808 Canyon Dr<br><br><br>Los Angeles, CA  90028 | 14187<br><br>2001418701 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| RICHARDSON, SUSAN<br><br>4720 Sadler Green Pl<br><br><br>Glen Allen, VA 23060 | 13958<br><br>2001395801 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| SEVERN M DEMOTT<br><br>7702 Sunderland Rd<br><br><br>Richmond, VA 23229 | 14329<br><br>2001432901 | Exhibit C<br><br>INVALID CLAIMS TO BE EXPUNGED |
| STEVEN P PAPPAS<br><br>4413 Chartwell Rd<br><br><br>Midlothian, VA 23113 | 13065<br><br>2001306502 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| TABAKOVIC, ELVIR<br><br>700 SUNBROOK<br><br><br>GRAND RAPIDS, MI 49508 | 14701<br><br>2001470101 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| Tammy C Goode<br><br>4537 Mockingbird Ln<br><br><br>Maiden, NC 828-446-8572 | 15173<br><br>2001517301 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| VENTANILLA, MANUEL GUTLAY<br><br>1808 Plz Del Amo Apt 4<br><br><br>Torrance, CA 90501-4520 | 13649<br><br>2001364901 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br><br>Houston, TX 77056 | 15231<br><br>2001523101 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br><br>Houston, TX 77056 | 15232<br><br>2001523201 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |
| William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br><br>Houston, TX 77056 | 15233<br><br>2001523301 | Exhibit C<br>INVALID CLAIMS TO BE EXPUNGED |

Late

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 5/28/2009 | 13065<br>2001306502 | STEVEN P PAPPAS<br><br>4413 Chartwell Rd<br><br>Midlothian, VA 23113 | | $251,999.98 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/1/2009 | 13215<br>2001321501 | CHRISTOPHER RAMON EVERAGE<br>7373 Ardmore St No 1129<br><br>Houston, TX 77054-4214 | | $800.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/1/2009 | 13221<br>2001322101 | JOSEPH L WEBB<br><br>621 W South St<br><br>Clinton, IL 61727-2124 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/1/2009 | 13239<br>2001323901 | LINDA WHITE<br><br>172 Helen St<br><br>Hamden, CT 06514 | | $614.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

Late

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 6/26/2009 | 13649 2001364901 | VENTANILLA, MANUEL GUTLAY 1808 Plz Del Amo Apt 4 Torrance, CA 90501-4520 | Manuel Gutlay Ventanilla | $550.00 | U | CIRCUIT CITY STORES WEST COAST, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/22/2009 | 13748 2001374801 | DENNIS JASON HUGHES 2581 County Rd 12 Headland, AL 36345-6318 | | $75,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/29/2009 | 13843 2001384301 | OLIVIA GELLER 5750 W Centinela Ave No 424 Los Angeles , CA 90045 | | $2,240.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/30/2009 | 13958 2001395801 | RICHARDSON, SUSAN 4720 Sadler Green Pl Glen Allen, VA 23060 | | $20,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 6/22/2009 | 14013 2001401301 | KAPLAN, ALAN<br><br>4324 Fallbrook Blvd<br><br>Palm Harbor, FL 34685 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/30/2009 | 14155 2001415501 | KOPINSKI, AARON<br><br>1870 Wicker Woods Dr<br><br>Maidens, VA 23102 | | $79,999.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/30/2009 | 14182 2001418201 | LAMAR, JAIME LYNN<br><br>605 Colony Drive<br><br>Edmond, OK 73003 | | $10,954.88 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/30/2009 | 14187 2001418701 | PERRY, ROBERT<br><br>1808 Canyon Dr<br><br>Los Angeles, CA  90028 | | $2,320.08 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

Late

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 6/30/2009 | 14227 2001422701 | INFANTINO, SARAH  927 Union St  Leominster, MA 01453-5180 | | $1,268.42 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 7/1/2009 | 14327 2001432701 | MICHAEL S PAYNE  2401 Regency Rd Ste 302  Lexington, KY 40503-2914 | J Robert Cowan | $17,600.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 7/1/2009 | 14329 2001432901 | SEVERN M DEMOTT  7702 Sunderland Rd  Richmond, VA 23229 | | $135,710.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 6/23/2009 | 14394 2001439401 | CHRISTOPHER BILLAND  92 993 Puanihi St  Kapolei, HI 96707 | | $3,725.65 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 6/30/2009 | 14398 2001439801 | BRENDALY GARZA<br><br>505 Musket Dr<br><br>Laredo , TX 78046-5159 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 7/1/2009 | 14404 2001440401 | DANIEL M POOLE<br><br>200 E Holly Oak Rd<br><br>Wilmington , DE 19809 | | $15,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 7/1/2009 | 14407 2001440701 | MARK CUSTODIO<br><br>15 Popular St<br><br>Port Jefferson Station, NY 11776 | | $15,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 7/1/2009 | 14451 2001445101 | GREG HARRIS JR<br><br>5622 Gatewood St<br><br>Houston, TX 77053 | | $13,011.84 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

Late

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 7/23/2009 | 14531 2001453101 | JACQUELINE HARRIS 1581 Oakland Chase Pkwy Richmond, VA 23231-5745 | | $6,307.20 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 9/30/2009 | 14665 2001466501 | MARGARET SHEEHAN 23099 Barwood Ln N Bldg 3 Boca Raton, FL 33428-6727 | | $715.05 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 10/26/2009 | 14701 2001470101 | TABAKOVIC, ELVIR 700 SUNBROOK GRAND RAPIDS, MI 49508 | | $15,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 3/25/2010 | 14888 2001488801 | MARCOS SAWICKI 590 BLADEN LAVAL, QC H7W 4S1 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

Late

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 3/25/2010 | 14891 2001489101 | LINDA WHITE<br><br>172 Helen St<br><br>Hamden, CT 06514 | | $600.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 12/6/2010 | 15160 2001516001 | Corey R Telfair<br><br>1322 Carson Dr<br><br>Prattville, AL 36067 | Corey Telfair | $4,995.00 | U | Circuit City Stores, Inc. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 12/8/2010 | 15173 2001517301 | Tammy C Goode<br><br>4537 Mockingbird Ln<br><br>Maiden, NC 828-446-8572 | | $0.00 | P | Circuit City Stores, Inc. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 2/8/2011 | 15208 2001520801 | Anthony W Givens Jr<br><br>6008 Hope Dr<br><br>Temple Hills, MD 20748 | | $0.00 | U | Circuit City Stores, Inc. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

Late

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 4/4/2011 | 15225 2001522501 | Jessica Bruntz 101 Corona Ct Corralitos, CA 95076 | | $76.00 | P | Circuit City Stores, Inc. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 4/8/2011 | 15231 2001523101 | William F Harmon 2425 Sage Rd Apt No 26 Houston, TX 77056 | | $1,437.93 | P | Circuit City Stores, Inc. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 4/8/2011 | 15232 2001523201 | William F Harmon 2425 Sage Rd Apt No 26 Houston, TX 77056 | | $1,437.93 | P | Circuit City Stores, Inc. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |
| 4/8/2011 | 15233 2001523301 | William F Harmon 2425 Sage Rd Apt No 26 Houston, TX 77056 | | $1,437.93 | A | Circuit City Stores, Inc. | $0.00 | The claim was filed after the applicable bar date and, therefore, should be expunged. |

Late