David W. Lannetti (VSB #44273)
Anne G. Bibeau (VSB #41477)
Timothy Boykin (VSB #81886)
**VANDEVENTER BLACK LLP**
101 W. Main Street, Ste. 500
Norfolk, VA 23510
Tel. 757-446-8600
Fax 757-446-8670
dlannetti@vanblk.com
abibeau@vanblk.com
tboykin@vanblk.com

John T. Seyman, CA State Bar No. 122508
(Admitted *pro hac vice*)
**Office of County Counsel**
**County of Alameda**
1221 Oak Street, Suite 450
Oakland, CA 94612
Tel. 510-272-6700
Fax 510-272-5020
john.seyman@acgov.org

*Counsel for County of Alameda Treasurer-Tax Collector*

Christopher S. Colby  (VSB #76613)
**VANDEVENTER BLACK LLP**
707 East Main Street, Suite 1700
P. O. Box 1558
Richmond, VA  23218
Tel. 804-237-8800
Fax 804-237-8801
ccolby@vanblk.com

*Local Counsel for County of Alameda Treasurer-Tax Collector*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., *et al.*, | Jointly Administered |
| Debtors. | |

### SUPPLEMENTAL OPPOSITION OF CREDITOR ALAMEDA COUNTY TREASURER-TAX COLLECTOR TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS AND THE MOTION FOR SUMMARY JUDGMENT THEREON (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)

Creditor Donald R. White, Alameda County Treasurer-Tax Collector ("Alameda") submits the following supplemental opposition to the Debtors' Thirty-Seventh Omnibus Objection to Claims and Debtor's Motion for Summary Judgment on the Thirty-Seventh Objection.

# I

## Debtor is Barred From Litigating Its
## 2009 Property Tax Debt in the Bankruptcy Court

Alameda has already provided briefing on the issues of abstention and addressed the impact of the Supreme Court's decision in Florida Department of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33, 128 S. Ct. 23, 2336–40 (2008), on the authorities cited by Debtor. In support of those arguments, Alameda notes the recent decision of the Eleventh Circuit Court of Appeals in In re Read, -- F. 3d --, 2012 WL 3738062 (11th Cir. Aug. 30, 2012), which overturned the lower court rulings and instead followed the authorities cited by Alameda in its brief to this Court: "[t]he bankruptcy court in In re Village at Oakwell Farms, Ltd., held that when a debtor fails to seek a redetermination of his or her tax liability prior to the expiration date for filing an action in a state proceeding, the debtor loses the right to seek a redetermination in a bankruptcy court under section 505(a)(2)(C). 428 B.R. at 380. We agree." In re Read, *supra*, at 4. The Court goes on to state the following: "[t]he intent of Congress in enacting section 505(a)(2)(C) was to prevent bankruptcy abuse by debtors and ensure that debtors pay the amount they owe as soon as possible." Id.

In this bankruptcy case, Alameda has only one claim remaining. It is an administrative claim for the personal property taxes of the Debtor arising on January 1, 2009.[1] These taxes

---

[1] Alameda agrees that it has filed two claims for the same taxes arising on January 1, 2009: Claim Nos. 13294 and 14821. The latter claim merely updates the former claim for the interest that had accrued as of the date of its filing. Alameda agrees that Claim No. 14281 may be addressed in this Objection No. 37 provided the Court admits the 2009 tax bills and the Tax Collector's statement of the amounts currently due thereon as set forth in the Declaration of Jack Wong. Alameda also concedes that Claim No. 15155 should be expunged because Debtor had no property in Alameda by January 1, 2010.

2

were due three years ago. These are post-petition taxes. That taxes are owing for tax year 2009 is undisputed. It is only the amount that Debtor and the Liquidating Trustee dispute.

While it is true Debtor filed two timely 2009 applications with the local tax appeals board in Alameda County, Debtor failed to appear at the scheduled hearings, and the applications were denied. See Declaration of Cheryl Perkins and Attachment A thereto, which are certified copies of the decision of the Alameda County Assessment Appeals Board on these applications. Further, these two applications covered only Debtor's properties in Emeryville and Hayward. Neither of these applications addresses the property located at Debtor's store in Dublin or the Debtor's warehouse in Livermore. Debtor signed and submitted a business property statement under penalty of perjury that it owned the warehouse in Alameda County on the January 1, 2009 lien date. See Declaration of Nida Ward and Attachment A thereto. As to the Dublin and Livermore properties, the time for filing an application under California law expired in September of 2009. Cal. Revenue and Taxation Code section 1603(b). Consequently, Debtor is barred from challenging the 2009 taxes under 11 U.S.C. section 505(a)(2)(C).

II

**Debtor's Evidence to Support
Its Objection to Claim No. 13294 Is Fatally Flawed**

Debtor requests the Court to reduce Debtor's 2009 base property taxes from $51,622.00 to $35, 207.49. In short, Debtor argues the Assessor valued its property too high. Debtor relies on an appraisal of its stores and headquarters performed by Ernst & Young. But this appraisal is so flawed as to be irrelevant.

The Ernst & Young appraisal lists only two stores in Alameda County, one in Hayward and one in Emeryville. It says nothing about the Debtor's store in Dublin. More importantly, it

says nothing about Debtor's warehouse in Livermore. The appraisal is not based on a single property in California, let alone Alameda County.

Under California law, the assessment must be based on at least one of three acceptable methods: market, income, or cost approach. See California Property Tax Rules 4, 6, and 8. There is no evidence of what appraisal approach is used by Ernst & Young to value the property. Furthermore, the appraisal has no analysis of any warehouse locations. The appraisal has no merit whatsoever. Accordingly, this evidence should not even be considered by the Court.

For 2009, the Assessor valued Debtor's four Alameda County locations using the cost approach based upon Debtor's own reports as follows: Hayward $703,753.00; Emeryville $659,418.00; Dublin $200,118.00; and Livermore $2,812,810.00. See Declaration of Nida Ward. The estimated tax bills for these locations are attached to Claim No. 13294. The actual tax bills issued following the bar date and are attached as Exhibit A to the Declaration of Jack Wong filed herewith. These documents are prima facie evidence of the correctness of the assessment and consequently the tax claim. See California Property Tax Rule 321. It bears noting that the warehouse is much more valuable than the Debtor's stores: three times the worth of the most valuable store. Ernst & Young's failure to address the warehouse undermines any credibility of its appraisal for valuing property in Alameda County. Given the presumption of correctness of the Assessor's valuation and the impropriety of the Debtor's appraisal, the Court should overrule Omnibus Objection Number 37.

### III
### Interest Continues to Accrue on Alameda's Claim

Because it was not paid on time, the tax comprising the administrative claim of Alameda bears a 10% penalty and interest at 18%. See California Revenue and Taxation Code section 2922; see also United States v. Friendship College, Inc., 737 F. 2d 430 (4th Cir. 1984); United

4

States v. Ledlin, 886 F. 2d 1101 (9th Cir. 1989).  Under 11 USC section 503(b)(1)(C), the base tax, the delinquency penalties, and the interest now total over $78,000.00.  Alameda's claim preserves this right to full payment of the administrative expense.  The amount currently owing on Claim No. 13294 is set forth in Exhibit B to the Declaration of Jack Wong.  If the Trustee wished to halt the accumulation of penalties and interest, the taxes could have been paid when incurred subject to refund.  Accordingly, Alameda requests the Court to overrule the objection and issue an order compelling prompt payment of Alameda's administrative claim.

Dated:  September 27, 2012

    Respectfully submitted,

/s/ Anne G. Bibeau
David W. Lannetti (VSB #44273)
Anne G. Bibeau (VSB #41477)
Timothy Boykin (VSB #81886)
**VANDEVENTER BLACK LLP**
101 W. Main Street, Ste. 500
Norfolk, VA 23510
Tel. 757-446-8600
Fax 757-446-8670
dlannetti@vanblk.com
abibeau@vanblk.com
tboykin@vanblk.com

Christopher S. Colby (VSB #76613)
**VANDEVENTER BLACK LLP**
707 East Main Street, Suite 1700
P. O. Box 1558
Richmond, VA  23218
Tel. 804-237-8800
Fax 804-237-8801
ccolby@vanblk.com
*Local Counsel for Los Angeles County Treasurer & Tax Collector*

>John T. Seyman, CA State Bar No. 122508
>(Admitted *pro hac vice*)
>**Office of County Counsel**
>**County of Alameda**
>1221 Oak Street, Suite 450
>Oakland, CA 94612
>Tel. 510-272-6700
>Fax 510-272-5020
>john.seyman@acgov.org
>*Counsel for County of Alameda Treasurer-Tax Collector*

## **CERTIFICATE OF SERVICE**

I certify that on September 27, 2012, I will file the preceding with the Court's CM/ECF system which will cause a copy of it to be electronically served on all users registered to receive electronic notice in this case.

>/s/ Anne G. Bibeau
>David W. Lannetti (VSB #44273)
>Anne G. Bibeau (VSB #41477)
>Timothy Boykin (VSB #81886)
>**VANDEVENTER BLACK LLP**
>101 W. Main Street, Ste. 500
>Norfolk, VA 23510
>Tel. 757-446-8600
>Fax 757-446-8670
>dlannetti@vanblk.com
>abibeau@vanblk.com
>tboykin@vanblk.com

4849-4124-8017, v. 1

6