Jeffrey N. Pomerantz, Esq.

Andrew W. Caine, Esq.

(admitted *pro hac vice*)

PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard

Los Angeles, California 90067-4100

Telephone: (310) 277-6910

Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)

Paula S. Beran, Esq. (VA Bar No. 34679)

TAVENNER & BERAN, PLC

20 North Eighth Street, 2nd Floor

Richmond, Virginia 23219

Telephone: (804) 783-8300

Telecopy:  (804) 783-0178

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al.,. | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

**NOTICE OF LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS: FIXING OF CERTAIN UNLIQUIDATED CLAIMS; REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS; OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (HUMAN RESOURCES CLAIMS)**

**PLEASE TAKE NOTICE** that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims in the above-captioned cases of the above referenced estates of Circuit City Stores, Inc. et al. (collectively, the "Debtors") filed the Liquidating Trust's Sixty-Third Omnibus Objection to Claims: Fixing of Certain Unliquidated Claims; Reduction of Certain Partially Invalid Claims; or Disallowance of Certain Invalid Claims, As Applicable (Human Resources Claims) (the "Objection") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").  A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.  By the Objection, the Liquidating Trust is seeking to fix certain unliquidated claims, reduce certain partially invalid claims and disallow certain invalid claims, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and

requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to reduce, disallow, or reclassify certain claims, including your claim(s), listed below, all as set forth in the Objection.

TO:                                <u>Claim         <u>Claim         <u>Reference
                                    Number</u>      Amount</u>       Objection</u>

SPECIFIC INFORMATION PROVIDED ON INDIVIDUALIZED NOTICE

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN TIME) ON NOVEMBER 29, 2012</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants
Choosing to File a Response to the Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Liquidating Trust before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on November 29, 2012 (the "Response Deadline")</u>**.

**THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.**

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Liquidating Trust's attorneys:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |

The status hearing on the Objection will be held at **2:00 p.m. (Eastern Time) on December 6, 2012 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5000
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

<b><u>Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection</u></b>

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b. the claimant's name and an explanation for the amount of the Claim;
>
> c. a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy

Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.       a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.       a declaration of a person with personal knowledge of the relevant facts that support the Response;

f.       the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address").  If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be reduced or disallowed) and only for those Claims in the Objection; and

g.       to the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**.  To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Liquidating Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' and/or the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Liquidating Trust.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Liquidating Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.


Dated:    September 28, 2012

/s/ Lynn L. Tavenner
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email:  ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 805-123-4567
Facsimile:  310/201-0760
E-mail: jpomerantz@pszjlaw.com
         acaine@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

EXHIBIT 1

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC.[1], et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS: FIXING OF CERTAIN UNLIQUIDATED CLAIMS; REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS; OR DISALLOWANCE OF CERTAIN INVALID CLAIMS, AS APPLICABLE (HUMAN RESOURCES CLAIMS)

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred

H. Siegel, the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended*

---

[1] The Debtors in these cases include: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

*Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, hereby files this *Liquidating Trust's Sixty-Third Omnibus Objection to Claims:  Fixing of Certain Unliquidated Claims; Reduction of Certain Partially Invalid Claims; or Disallowance of Certain Invalid Claims, as Applicable (Human Resources Claims)* (the "Objection"), and hereby moves this court (the "Court"), pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for entry of an order in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

2.     On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.     On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

2

5.      On December 10, 2008, the Court entered that certain *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* (Docket No. 890) (the "Claims Bar Date Order").

6.      Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009.  The deadline for governmental units to file claims that arose before November 10, 2008 was 5:00 p.m. (Pacific) on May 11, 2009.  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.      On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

9.      On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order").

10. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

11. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

12. The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Liquidating Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, evaluate and administer asserted claims, including prosecution of objections to claims, and to distribute the assets to creditors.

## OBJECTION

13. By this Objection, the Liquidating Trust seeks entry of an order, in substantially the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1: (i) fixing of each of the unliquidated claims identified on **Exhibit C** attached hereto in the amounts specified therein; (ii) reducing each of the claims identified on **Exhibit D** attached hereto in the amounts specified therein, and (iii) disallowing each of the claims identified on **Exhibits E through G** attached hereto (collectively, the "Claims").

14. For ease of reference, attached hereto as **Exhibit B** is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

### A.    Fixing of Certain Unliquidated Claims.

15. The basis for fixing each of the Claims in the amount listed on **Exhibit C** attached hereto (the "Unliquidated Claims") is that each Unliquidated Claim was filed in an unliquidated amount, but asserts a liability, in whole or in part, for which the Liquidating Trust believes there is liability on the part of the Debtors. Specifically, after a review of each of the

Unliquidated Claims and the bases upon which each is asserted, and a review of the Debtors'

books and records, and the applicable human resources program or contract (each, an "HR

Program"), the Liquidating Trust has determined that the Claimant is entitled to a claim on

account of at least one HR Program.  The Liquidating Trust has determined the amount of the

Debtors' liability on each Unliquidated Claim under the relevant HR Program(s), and seeks to

allow the Unliquidated Claim in that amount, as set forth on **Exhibit C**.  Accordingly, the

Liquidating Trust requests that the Unliquidated Claims identified on **Exhibit C** be fixed in the

amounts stated in **Exhibit C**.

> ### B.    Reduction of Certain Partially Invalid Claims.

16.    The basis for reduction of the claims listed on **Exhibit D** attached hereto

(the "Partially Invalid Claims") is that each of the Partially Invalid Claims asserts, in part,

amounts for which the Debtors are not liable.

17.    Specifically, after a review of the Partially Invalid Claims and the bases

and HR Programs upon which each is asserted, and a review of the Debtors' books and records,

the Liquidating Trust has determined that certain portions of the Partially Invalid Claims are

overstated or liabilities for which the Debtors dispute any liability, as specified in **Exhibit D**.

18.    Accordingly, the Liquidating Trust requests that the Partially Invalid

Claims identified on **Exhibit D** be reduced in the manner stated in **Exhibit D** for the reasons

stated therein.

> ### C.    Disallowance of Certain Invalid Claims.

19.    The basis for disallowance of the claims listed on **Exhibits E through G**

attached hereto (the "Invalid Claims") is that each of the Invalid Claims asserts, in its entirety,

amounts for which the Debtors are not liable.

20.    Specifically, **Exhibit E** identifies Invalid Claims for which the Debtors'

books and records show no liability to the Claimant (the "Books and Records Expunge Claims").

After a review of the Books and Records Expunge Claims and the bases upon which each is

asserted, and a review of the Debtors' books and records, the Liquidating Trust has determined that the Books and Records Expunge Claims are liabilities for which the Debtors dispute any liability because, *inter alia*: (i) the liability asserted in the Books and Records Expunge Claim was allowed as part of another claim; (ii) the Debtors' books and records show no amount due to the Claimant; or (iii) the liability claimed is not a liability of the Debtors.  Accordingly, the Liquidating Trust requests that the Books and Records Expunge Claims identified on **Exhibit E** be disallowed in their entirety for the reasons stated therein.

21.     **Exhibit F** identifies Invalid Claims that are liabilities amended by other claims (the "Amended Claims").  Accordingly, the Liquidating Trust requests that the Amended Claims identified on **Exhibit F** be disallowed as having been amended by another claim.

22.     Finally, **Exhibit G** identifies Invalid Claims that are liabilities already asserted by the Claimants in other claims (the "Duplicate Claims").  Accordingly, the Liquidating Trust requests that the Duplicate Claims identified on **Exhibit G** be disallowed as duplicative of another claim.

## RESERVATION OF RIGHTS

23.     At this time, the Liquidating Trust has not completed its review of the validity of all claims/expenses filed against the Debtors' estates, and reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds, including the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

24.     Notice of this Objection has been provided to the Claimants identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* (entered on December 30, 2009 at Docket No. 6208) (the "Case

Management Order"). The Liquidating Trust submits that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for the Claimants is not known to the Liquidating Trust, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases. The Liquidating Trust is serving the Claimant with this Objection and the exhibit on which the Claimant's Claim is listed.

25. To the extent any Claimant timely files and properly serves a response to this Objection by 4:00 P.M. (Eastern) on November 29, 2012, as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Liquidating Trust requests that the Court conduct a status conference with respect to any such responding claimant at 2:00 P.M. (Eastern) on December 6, 2012, and thereafter schedule the matter for a future hearing as to the merits of such claim. However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Liquidating Trust requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) fixing each of the Claims identified on **Exhibit C** attached hereto in the amount specified therein, (ii) reducing each of the claims identified on **Exhibit D** attached hereto in the amount specified therein, and (iii) disallowing each of the claims identified on **Exhibits E through G** attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

26.    This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Liquidating Trust submits that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

27.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

28.    No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia   TAVENNER & BERAN, PLC
   September 28, 2012

        */s/ Lynn L. Tavenner*
        Lynn L. Tavenner (VA Bar No. 30083)
        Paula S. Beran (VA Bar No. 34679)
        20 North Eighth Street, 2nd Floor
        Richmond, Virginia 23219
        (804) 783-8300

          - and -

        PACHULSKI STANG ZIEHL & JONES LLP
        Jeffrey N. Pomerantz, Esq.
        Andrew W. Caine, Esq.
        10100 Santa Monica Boulevard
        Los Angeles, California 90067-4100
        (310) 277-6910

          - and –

        PACHULSKI STANG ZIEHL & JONES LLP
        Robert J. Feinstein, Esq.
        780 Third Avenue, 36th Floor
        New York, New York 10017
        (212) 561-7700

        *Counsel to the Circuit City Stores, Inc.*
        *Liquidating Trust*

## EXHIBIT A

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - | x | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

**ORDER SUSTAINING LIQUIDATING TRUST'S SIXTY-THIRD
OMNIBUS OBJECTION TO CLAIMS: FIXING OF CERTAIN UNLIQUIDATED
CLAIMS; REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS;
OR DISALLOWANCE OF CERTAIN INVALID CLAIMS,
AS APPLICABLE (HUMAN RESOURCES CLAIMS)**

THIS MATTER having come before the Court[2] on the *Liquidating Trust's Sixty-*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Third Omnibus Objection to Claims:  Fixing of Certain Unliquidated Claims; Reduction of Certain Partially Invalid Claims; or Disallowance of Certain Invalid Claims, as Applicable (Human Resources Claims)* (the "Objection"), which requested, among other things, that the claims specifically identified on <u>Exhibit B</u> attached to the Objection be fixed, reduced or disallowed, as applicable, for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Liquidating Trust, the Debtors' estates and creditors and other parties-in-interest; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Objection is SUSTAINED.

2.      The Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein are forever fixed for all purposes in these bankruptcy cases in the manner and amounts stated in <u>Exhibit A</u>.

3.      The Claims identified on <u>Exhibit B</u> as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner and amounts stated in <u>Exhibit B</u>.

4.      The Claims identified on <u>Exhibit C</u> as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

5.      The Court will conduct a status conference on _____, 2012

11

at 2:00 p.m. for all Claims identified on <u>Exhibit D</u> attached hereto.

6.      The Liquidating Trust's rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

7.      The Liquidating Trust shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.


Dated: Richmond, Virginia
          _____, 2012


          _____
          HONORABLE KEVIN R. HUENNEKENS
          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
                          - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910
                          - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

                          */s/ Lynn L. Tavenner*
                          Lynn L. Tavenner


13

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| ANGELA JANE INCOLLINGO<br><br>670 Bel Air Dr W<br><br><br>Vista, CA 92084 | 13775<br><br>2001377501 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| Anthony W Givens Jr<br><br>6008 Hope Dr<br><br><br>Temple Hills, MD 20748 | 15208<br><br>2001520801 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| BADE, BRIAN<br><br>11200 Prescott Pl<br><br><br>Glen Allen, VA 23059 | 6195<br><br>2000619501 | Exhibit G<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |
| BRADLEY, BRIAN<br><br>3036 LEANNE CT<br><br><br>CLEARWATER, FL 33759 | 8138<br><br>2000813801 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| BRADLEY, BRIAN<br><br>3036 LEANNE CT<br><br><br>CLEARWATER, FL 33759 | 8131<br><br>2000813101 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| BRADLEY, BRIAN<br><br>3036 LEANNE CT<br><br><br>CLEARWATER, FL 33759 | 8133<br><br>2000813301 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| BRENDALY GARZA<br><br>505 Musket Dr<br><br><br>Laredo , TX 78046-5159 | 14398<br><br>2001439801 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| CANCEL, MARCOS G<br><br>135 GIJON<br>CIUDAD JARDIN DE BAIROA<br><br>CAGUAS, PR 00727 | 9501<br><br>2000950101 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| CHRISTOPHER RAMON EVERAGE<br><br>7373 Ardmore St No 1129<br><br><br>Houston, TX 77054-4214 | 13215<br><br>2001321501 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| CRAIG, KAREN L<br><br>4409 PLAYER RD<br><br><br>CORONA, CA 92883 | 6211<br><br>2000621101 | Exhibit E<br>INVALID CLAIMS TO BE EXPUNGED |
| DENNIS JASON HUGHES<br><br>2581 County Rd 12<br><br><br>Headland, AL 36345-6318 | 13748<br><br>2001374801 | Exhibit E<br>INVALID CLAIMS TO BE EXPUNGED |
| ELSEMAN, DANIEL A<br><br>9800 BOLSA AVE<br>NO 115<br><br>WESTMINSTER, CA 92683 | 2018<br><br>2000201801 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| ENGEN, WILLIAM M<br><br>12029 STONEWICK PLACE<br><br><br>GLEN ALLEN, VA 23059-7152 | 5188<br><br>2000518801 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| KAPLAN, ALAN<br><br>4324 Fallbrook Blvd<br><br><br>Palm Harbor, FL 34685 | 14013<br><br>2001401301 | Exhibit C<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| KUBICA, CHAD A<br><br>24126 MATTHEW PL<br><br><br>SANTA CLARITA, CA 91321 | 7086<br><br>2000708601 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| LINDA WHITE<br><br>172 Helen St<br><br><br>Hamden, CT 06514 | 13239<br><br>2001323901 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| LINDA WHITE<br><br>172 Helen St<br><br><br>Hamden, CT 06514 | 14891<br><br>2001489101 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MARCOS SAWICKI<br><br>590 BLADEN<br><br><br>LAVAL, QC H7W 4S1 | 14888<br><br>2001488801 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MARGARET SHEEHAN<br><br>23099 Barwood Ln N Bldg 3<br><br><br>Boca Raton, FL 33428-6727 | 14665<br><br>2001466501 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MARY LOUISE ROBERTS<br><br>24800 Pear Orchard Rd<br><br><br>Moseley, VA 23120 | 14683<br><br>2001468302 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| MCCOREY JR , WILLIAM<br><br>124 TEMPSFORD LANE<br><br><br>RICHMOND, VA 23226 | 3413<br><br>2000341301 | Exhibit C<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| OLDANI, MARK<br><br>303 HAMLETS END WAY<br><br><br>FRANKLIN, TN 37067-6471 | 10043<br><br>2001004301 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| OLDANI, MARK<br><br>303 HAMLETS END WAY<br><br><br>FRANKLIN, TN 37067-6471 | 10044<br><br>2001004401 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| PATRICIA M LOOHN<br><br>9705 Snowberry Ct<br><br><br>Glen Allen , VA 23060-9238 | 14392<br><br>2001439201 | Exhibit G<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| PATRICK S LONGOOD<br><br>c o Spinella Owings & Shaia P<br>8550 Mayland Dr<br><br>Richmond, VA 23294 | 14772<br><br>2001477202 | Exhibit D<br><br>REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS |
| PHILIP J DUNN<br><br>11465 Barrington Bridge Ct<br><br><br>Richmond, VA 23233 | 6312<br><br>2000631201 | Exhibit F<br><br>Expunge: Amended by another claim |
| PRICE, LAWRENCE S<br><br>31 WHITTIER BLVD<br><br><br>POUGHKEEPSIE, NY 12603 | 9905<br><br>2000990501 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| SADIANA MARIA LOPEZ<br><br>14614 SW 122 Pl<br><br><br>Miami, FL 33186 | 13770<br><br>2001377001 | Exhibit G<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |
| SCHULDT, TODD M<br><br>114 PHEASANT TRL<br><br><br>CARPENTERSVILLE, IL 60110 | 10073<br><br>2001007301 | Exhibit C<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| SMITH, ARLANA D<br><br>629 WINDOMERE AVE<br><br><br>RICHMOND, VA 23227 | 5835<br><br>2000583501 | Exhibit C<br><br>UNLIQUIDATED CLAIMS AMOUNT TO BE FIXED |
| SMITH, ARLANA D<br><br>629 WINDOMERE AVE<br><br><br>RICHMOND, VA 23227 | 5835<br><br>2000583501 | Exhibit G<br><br>DUPLICATE CLAIMS TO BE EXPUNGED |
| WARREN, ELIZABETH R<br><br>1824 HANOVER AVE<br><br><br><br>RICHMOND, VA 23220 | 4380<br><br>2000438001 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT B**
**ALPHABETICAL LISTING OF CLAIMANTS**

| Claim Holder | Claim Number | Exhibit |
|---|---|---|
| WARREN, ELIZABETH R<br><br>1824 HANOVER AVE<br><br><br>RICHMOND, VA 23220 | 4377<br><br>2000437701 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br><br>Houston, TX 77056 | 15231<br><br>2001523101 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br><br>Houston, TX 77056 | 15232<br><br>2001523201 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br><br>Houston, TX 77056 | 15233<br><br>2001523301 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| William P Cimino<br><br>15 Albermarle Ave<br><br><br>Richmond, VA 23226 | 15175<br><br>2001517502 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |
| WIMMER JR, JAMES H<br><br>Christian & Barton LLP<br>909 E Main St Ste 1200<br><br>Richmond, VA 23219 | 13959<br><br>2001395901 | Exhibit E<br><br>INVALID CLAIMS TO BE EXPUNGED |

Other

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT C**
**CLAIMS TO BE FIXED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/13/2009 | 3413 2000341301 | MCCOREY JR , WILLIAM 124 TEMPSFORD LANE RICHMOND, VA 23226 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $17,947.91 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount.  The proposed amount has been calculated by the Trust in accordance with the applicable documents. |
| 1/26/2009 | 5835 2000583501 | SMITH, ARLANA D 629 WINDOMERE AVE RICHMOND, VA 23227 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $406.93 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount.  The proposed amount has been calculated by the Trust in accordance with the applicable documents. |
| 1/30/2009 | 10073 2001007301 | SCHULDT, TODD M 114 PHEASANT TRL CARPENTERSVILLE, IL 60110 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $15,000.00 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim was filed for an unliquidated amount and must be fixed at a specified amount.  The proposed amount has been calculated by the Trust in accordance with the applicable documents. |
| 6/22/2009 | 14013 2001401301 | KAPLAN, ALAN 4324 Fallbrook Blvd Palm Harbor, FL 34685 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $236.42 | General Unsecured | CIRCUIT CITY STORES, INC. | Claim is being fixed at $236.42 as reflected in the Debtor's books and records for unpaid wages. |

Other

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT D**

**REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Proposed Modified Claim Class | Debtor(s) | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/14/2009 | 14772 2001477202 | PATRICK S LONGOOD  c o Spinella Owings & Shaia P  8550 Mayland Dr  Richmond, VA 23294 | Harry Shaia Jr Esq | $286,913.96 | U | CIRCUIT CITY STORES, INC. | $107,213.61 | General Unsecured | CIRCUIT CITY STORES, INC. | Claimant is entitled to $20,000 for the special cash retention plan granted on 1/1/2008.  Claimant is entitled to $412.75 for phantom shares.  Claimant is entitled to $86,800.86 for severance under the employment agreement. |

1

Other

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/29/2008 | 2018 2000201801 | ELSEMAN, DANIEL A<br><br>9800 BOLSA AVE<br>NO 115<br><br>WESTMINSTER, CA 92683 | | $60,334.68 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim is for the claimant's portion of the Weidler class settlement.  All members of the Weidler class were covered by the settlement of claim 11271. |
| 1/22/2009 | 4377 2000437701 | WARREN, ELIZABETH R<br><br>1824 HANOVER AVE<br><br>RICHMOND, VA 23220 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #13529.  Thus, the claim should be expunged in its entirety. |
| 1/22/2009 | 4380 2000438001 | WARREN, ELIZABETH R<br><br>1824 HANOVER AVE<br><br>RICHMOND, VA 23220 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #13486.  Thus, the claim should be expunged in its entirety. |
| 1/23/2009 | 5188 2000518801 | ENGEN, WILLIAM M<br><br>12029 STONEWICK PLACE<br><br>GLEN ALLEN, VA 23059-7152 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #5189.  Thus, the claim should be expunged in its entirety. |

Other

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/27/2009 | 6211 2000621101 | CRAIG, KAREN L 4409 PLAYER RD CORONA, CA 92883 | | $40,000.00 | U | CIRCUIT CITY STORES WEST COAST, INC. | $0.00 | The amount claimed is allowed as part of claim #14174.  Thus, the claim should be expunged in its entirety. |
| 1/28/2009 | 7086 2000708601 | KUBICA, CHAD A 24126 MATTHEW PL SANTA CLARITA, CA 91321 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #14436.  Thus, the claim should be expunged in its entirety. |
| 1/29/2009 | 8131 2000813101 | BRADLEY, BRIAN 3036 LEANNE CT CLEARWATER, FL 33759 | | $2,670,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #8141.  Thus, the claim should be expunged in its entirety. |
| 1/29/2009 | 8133 2000813301 | BRADLEY, BRIAN 3036 LEANNE CT CLEARWATER, FL 33759 | | $600,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #8141.  Thus, the claim should be expunged in its entirety. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/29/2009 | 8138 2000813801 | BRADLEY, BRIAN<br><br>3036 LEANNE CT<br><br>CLEARWATER, FL 33759 | | $48,777.08 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #8141.  Thus, the claim should be expunged in its entirety. |
| 1/29/2009 | 9501 2000950101 | CANCEL, MARCOS G<br><br>135 GIJON<br>CIUDAD JARDIN DE BAIROA<br><br>CAGUAS, PR 00727 | | $40,000.00 | U | CIRCUIT CITY STORES PR, LLC | $0.00 | The amount claimed is allowed as part of claim #9504.  Thus, the claim should be expunged in its entirety. |
| 1/30/2009 | 9905 2000990501 | PRICE, LAWRENCE S<br><br>31 WHITTIER BLVD<br><br>POUGHKEEPSIE, NY 12603 | | $1,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim is for the claimant's interest in the pension plan. The pension plan was surrendered to the Pension Benefit Guaranty Corporation on 3/31/2009; thus, the claim should be expunged. |
| 1/30/2009 | 10043 2001004301 | OLDANI, MARK<br><br>303 HAMLETS END WAY<br><br>FRANKLIN, TN 37067-6471 | | $125,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #10041.  Thus, the claim should be expunged in its entirety. |

Other

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/30/2009 | 10044<br><br>2001004401 | OLDANI, MARK<br><br>303 HAMLETS END WAY<br><br>FRANKLIN, TN 37067-6471 | | $424,156.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #10041.  Thus, the claim should be expunged in its entirety. |
| 6/1/2009 | 13215<br><br>2001321501 | CHRISTOPHER RAMON EVERAGE<br><br>7373 Ardmore St No 1129<br><br>Houston, TX 77054-4214 | | $800.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 6/1/2009 | 13239<br><br>2001323901 | LINDA WHITE<br><br>172 Helen St<br><br>Hamden, CT 06514 | | $614.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 6/22/2009 | 13748<br><br>2001374801 | DENNIS JASON HUGHES<br><br>2581 County Rd 12<br><br>Headland, AL 36345-6318 | | $75,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 6/26/2009 | 13775 2001377501 | ANGELA JANE INCOLLINGO  670 Bel Air Dr W  Vista, CA 92084 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | Claimant's accrued paid time off was paid on claim 2331. |
| 6/30/2009 | 13959 2001395901 | WIMMER JR, JAMES H  Christian & Barton LLP  909 E Main St Ste 1200  Richmond, VA 23219 | Michael D Mueller Esq and Augustus C Epps Jr Esq and Jennifer M McLemore Esq | $260,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #9584.  Thus, the claim should be expunged in its entirety. |
| 6/30/2009 | 14398 2001439801 | BRENDALY GARZA  505 Musket Dr  Laredo , TX 78046-5159 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 9/30/2009 | 14665 2001466501 | MARGARET SHEEHAN  23099 Barwood Ln N Bldg 3  Boca Raton, FL 33428-6727 | | $715.05 | U | CIRCUIT CITY STORES, INC. | $0.00 | The claim is for the claimant's interest in the pension plan. The pension plan was surrendered to the Pension Benefit Guaranty Corporation on 3/31/2009; thus, the claim should be expunged. |

Other

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 10/15/2009 | 14683  2001468302 | MARY LOUISE ROBERTS  24800 Pear Orchard Rd  Moseley, VA 23120 | | $40,000.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The amount claimed is allowed as part of claim #3408.  Thus, the claim should be expunged in its entirety. |
| 3/25/2010 | 14888  2001488801 | MARCOS SAWICKI  590 BLADEN  LAVAL, QC H7W 4S1 | | $0.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 3/25/2010 | 14891  2001489101 | LINDA WHITE  172 Helen St  Hamden, CT 06514 | | $600.00 | U | CIRCUIT CITY STORES, INC. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 12/8/2010 | 15175  2001517502 | William P Cimino  15 Albermarle Ave  Richmond, VA 23226 | | $40,000.00 | U | Circuit City Stores, Inc. | $0.00 | The amount claimed is allowed as part of claim #13665.  Thus, the claim should be expunged in its entirety. |

Other

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT E**

**INVALID CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Proposed Modified Claim Amount | Comments |
|---|---|---|---|---|---|---|---|---|
| 2/8/2011 | 15208 2001520801 | Anthony W Givens Jr<br><br>6008 Hope Dr<br><br>Temple Hills, MD 20748 | | $0.00 | U | Circuit City Stores, Inc. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 4/8/2011 | 15231 2001523101 | William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br>Houston, TX 77056 | | $1,437.93 | P | Circuit City Stores, Inc. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 4/8/2011 | 15232 2001523201 | William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br>Houston, TX 77056 | | $1,437.93 | P | Circuit City Stores, Inc. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |
| 4/8/2011 | 15233 2001523301 | William F Harmon<br><br>2425 Sage Rd Apt No 26<br><br>Houston, TX 77056 | | $1,437.93 | A | Circuit City Stores, Inc. | $0.00 | The Debtor's books and records show no amount due.  Thus, the claim should be expunged in its entirety. |

28

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT F**
**AMENDED CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/27/2009 | 6312<br><br>2000631201 | PHILIP J DUNN<br><br>11465 Barrington Bridge Ct<br><br>Richmond, VA 23233 | | $50,000.00 | U | CIRCUIT CITY STORES, INC. | 15283 | The claim was amended by another claim. |

1

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**EXHIBIT G**
**DUPLICATE CLAIMS TO BE EXPUNGED**

| Date Filed | Claim Number | Name  Address | Notice Name | Docketed Claim Amount | Docketed Claim Class | Debtor(s) | Surviving Claim Number | Comments |
|---|---|---|---|---|---|---|---|---|
| 1/26/2009 | 5835<br><br>2000583501 | SMITH, ARLANA D<br><br>629 WINDOMERE AVE<br><br>RICHMOND, VA 23227 | | $0.00 | U | CIRCUIT CITY STORES, INC. | 13651 | Amounts included in this claim are duplicative of claim #13651; thus this claim should be expunged in its entirety. |
| 1/27/2009 | 6195<br><br>2000619501 | BADE, BRIAN<br><br>11200 Prescott Pl<br><br>Glen Allen, VA 23059 | | $12,936.39 | U | CIRCUIT CITY STORES, INC. | 3340 | The claim is a duplicate of the surviving claim. |
| 6/26/2009 | 13770<br><br>2001377001 | SADIANA MARIA LOPEZ<br><br>14614 SW 122 Pl<br><br>Miami, FL 33186 | | $2,235.40 | P | CIRCUIT CITY STORES, INC. | 13674 | The claim is a duplicate of the surviving claim. |
| 6/19/2009 | 14392<br><br>2001439201 | PATRICIA M LOOHN<br><br>9705 Snowberry Ct<br><br>Glen Allen , VA 23060-9238 | | $4,758.42 | U | CIRCUIT CITY STORES, INC. | 7394 | The claim is a duplicate of claim 7394, although the classes are different. |

4