IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., ) | Jointly Administered |
| et al., ) | |
| ) | |
| Debtors. ) | |
| ) | |

**OMNIBUS RESPONSE TO THIRTY NINTH, FORTIETH, AND FORTY THIRD OMNIBUS OBJECTIONS TO CLAIMS RE: CLAIM NOS. 12682, 13695, AND 15253**

GCCFC 2007-GG9 Abercorn Street Limited Partnership ("GCCFC"), files this Omnibus Response (the "Response") to the Thirty-Ninth, Fortieth, and Forty-Third Omnibus Objections to Claims [ECF Nos. 11850, 11851, and 11854] (the "Objections") and, in support of the Response respectfully represents as follows:

1.   Abercorn Common, LLLP (the "Landlord") filed claim no. 12682 (the "Landlord Claim"), which claim was subsequently assigned to GCCFC in accordance with that Deed Under Power of Sale recorded with the Superior Court of Chatham County, Georgia on January 4, 2011 [ECF No. 10711].  The Claim asserts a general unsecured claim in the amount of $1,492,869.68 consisting of rejection damages and prepetition rent in connection with the premises formerly occupied by Circuit City in the Abercorn Common Shopping Center in Savannah, Georgia.  The Claim attached a detailed calculation of the asserted rejection damages claim in the amount of $1,372,196.56 and provides details in support of other unpaid prepetition amounts due for October 2008 rent and November prepetition stub rent.  The Landlord Claim also asserts a claim for administrative expenses pursuant to 11 U.S.C. § 507(a)(2) in the amount of $44,082.75, which is also addressed by claim no. 13695 (the "Landlord Administrative Claim").

2. On August 2, 2011, Landlord filed claim no. 15253 on behalf of GCCFC (the "GCCFC Claim"). As set forth in the letter attached to the GCCFC Claim, the claim was filed to reflect the assignment of the Landlord Claim from Abercorn Common LLLP to GCCFC. Other than reflecting the assignment, the GCCFC Claim is identical to the Landlord Claim.

3. In addition, Bank of America N.A., as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp. Commercial Mortgage Pass Through Certificates Series 2007 GG9 filed claim no. 8559, in its capacity as collateral assignee of Abercorn Common LLLP (the "Trust Claim"). The Trust Claim was filed to preserve the mortgagee's rights under applicable loan documents to amounts due to Landlord from Circuit City. Accordingly, the Trust Claim asserts the same claims as are set forth in the Landlord Claim and the GCCFC Claim. The Trust Claim does not appear to be subject of the Objections.

4. It appears that the Objections seek to (a) expunge the Landlord Claim and the Landlord Administrative Claim, as having been amended by the GCCFC Claim,[1] (b) reduce the amount of the GCCFC Claim for "rejection damages not reflected on debtor's books and records" and "overpaid real estate taxes",[2] and (c) reduce the amount of the Landlord Claim and the GCCFC Claim by all amounts relating to rejection damages on the basis that the "the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden."[3]

5. As an initial matter, GCCFC agrees with the Liquidating Trust that only one recovery may be had in respect of the various claims that have been filed with respect to the former Circuit City location at the Abercorn Common Shopping Center. GCCFC further agrees that the party entitled to that recovery is GCCFC and represents that the Landlord agrees in this

---

[1] ECF No. 11854 at Ex. G.
[2] ECF No. 11854 at Ex. C.
[3] ECF Nos. 11850 & 11851 at ¶ 24.

regard. Nevertheless, GCCFC objects to the piecemeal approach taken by the various objections and asserts and reserves all rights as set forth in the Landlord Claim, the Landlord Administrative Claim, the Trust Claim, and the GCCFC Claim and submits that each of these claims should be preserved until a final determination is made as to the amount and allowance of a claim (most likely the GCCFC Claim). GCCFC is, however, open to entering into a stipulation with the Liquidating Trust regarding the allowance of the GCCFC that also provides at that time for the disallowance of all other claims relating to the property.

6. With respect to the proposed reduction of the GCCFC claim, the Forty Third Omnibus Objection fails to supply any details whatsoever challenging the identical explanation and analysis set forth in the Landlord Claim or the GCCFC Claim. Rather than providing its own calculation of rejection damages or other amounts due (or alleged errors in the analysis attached to the Claim), the Objection simply asserts that the "debtor's books and records" reflect a different sum.

7. Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The GCCFC Claim and the supporting analysis and documentation attached thereto represent detailed information supporting the basis and amount of the GCCFC Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f). The Liquidating Trust must <u>introduce evidence</u> sufficient to rebut the presumption of validity in order to shift the burden of proof to GCCFC. *In re Harford Sands Inc.*, 372 F.3d 637, 640-41 (4th Cir. 2004); *In re Mid-American Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994); s*ee also In re Thompson*, 260 B.R. 484, 486-87 (Bankr. W.D. Mo. 2001). "The interposition of an objection does not deprive the proof of claim of

presumptive validity unless the objection is supported by substantial evidence." *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993); *Lundell v. Anchor Construction Specialists, Inc. (In re Lundell)*, 223.F.3d 1035, 1039 (9th Cir. 2000) (proof of claim prevails over mere objection); *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260-61 (5th Cir. 1998) ("If the Trustee objects, it is his burden to present enough evidence to overcome the prima facie effect of the claim.").

8. The Objection leaves GCCFC to guess at why it is that the Debtors' books and records apparently do not match the Landlord's own analysis. This leaves GCCFC with little choice but to rely on the analysis and documentation provided in connection with the GCCFC Claim until such time as the Liquidating Trust explains why it disagrees.

9. Finally, the Thirty Ninth and Fortieth Objections entirely fail to offer any argument, law, or fact to illuminate what exactly the Liquidating Trust contends is the mitigation burden applicable generally or to this particular Claim. Instead, the Liquidating Trust apparently assumes (incorrectly and without support) that a landlord has the affirmative burden to come forward with evidence showing mitigation of damages despite Circuit City having been the breaching party to the lease agreement with Landlord. The Liquidating Trust's suggestion that mitigation of damages is required when the tenant has breached the lease has been found to be fundamentally unfair to the landlord and an invitation to complexity, expense, and delay as a result of tenant-initiated litigation regarding the adequacy of a landlord's efforts to mitigate damages. *Stonehedge Square Ltd. P'ship v. Movie Merchants, Inc.*, 715 A.2d 1082, 1084-85 (Pa. 1998).

10. The Objections contain absolutely no factual allegations or evidence tending to show that the Landlord did not attempt to mitigate its damages and completely fails to address

MIAMI 3 79976/31413

19427840.1

(a) the existence or non-existence of a duty to attempt to mitigate under applicable state law (in this case Georgia), (b) that the burden to demonstrate a failure to mitigate must be proven affirmatively by the breaching tenant, and (c) that the section 502(b)(6) cap under the Bankruptcy Code provides for allowance of a claim for the "rent reserved by such lease" subject to the statutory cap without reduction for failure to mitigate or on account of any mitigation that may have occurred.  *See In re Shane Co.*, 464 B.R. 32, 48 (Bankr. D. Col. 2012) (rejecting assertion that the damages cap is calculated based on the state law damages claim after taking mitigation into account instead of being calculated based on the rent reserved in the lease and holding that calculation of the damages cap under § 502(b)(6) depends only upon the rent reserved and is not dependent upon the amount of the state law damages claim).

11.    As set forth above, Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim.  The Liquidating Trust must <u>introduce evidence</u> sufficient to rebut the presumption of validity in order to shift the burden of proof to GCCFC.  *In re Harford Sands Inc.*, 372 F.3d at 640-41; *In re Mid-American Waste Sys., Inc.*, 284 B.R. at 65; *In re Friedman*, 184 B.R. at 887; s*ee also In re Thompson*, 260 B.R. at 486-87.  The Objections do not provide any evidence to rebut the presumption of validity nor does it advance any basis under section 502 of the Bankruptcy Code for reduction of the GCCFC Claim.

12.    Under Georgia law, a landlord has no duty to mitigate damages caused by a tenant's abandonment of leased premises.  *Shaheen & Co. v. Dickson*, 427 S.E.2d 825, 826 (Ga. 1993).  Even if a landlord does successfully mitigate damages by reletting the premises, the "overwhelming majority of courts" have held that the section 502(b)(6) statutory cap is not reduced by any amount a landlord has received by reletting the leased premises and mitigating its

damages. *In re PPI Enters.*, 324 F.3d 197, 208 n.17 (3d Cir. 2003) (citing *In re Fifth Ave. Jewelers, Inc.*, 203 B.R. 372, 381 (Bankr. W.D. Pa. 1996)).

13. Notwithstanding the foregoing, GCCFC did attempt to mitigate its damages and the Liquidating Trust has offered no evidence to the contrary. Specifically, at all times since Circuit City vacated the premises, a leasing agent and property manager has been engaged to manage and market the property. The former Circuit City location was leased to Ashley Furniture Home Store, which commenced payments of base rent in the substantially reduced amount of $14,195.42 per month beginning on August 1, 2011. An additional payment of $9,930 per month for CAM, insurance, and taxes commenced October 1, 2010. A leasing commission of $136,276 was paid in respect of this lease.

14. As set forth above, however, because the Ashley Furniture lease commenced after the conclusion of the time period covered by the capped rejection damages as set forth in the Claim, the GCCFC Claim is not subject to reduction for amounts received from the new tenant.

For the foregoing reasons, GCCFC respectfully requests that the Objections be overruled.

Dated: October 1, 2012.

        Respectfully submitted,

        **SUTHERLAND ASBILL & BRENNAN LLP**

        By:  /s/ Mark D. Sherrill
        Mark D. Sherrill (VSB No. 44543)
        1275 Pennsylvania Avenue, NW
        Washington, DC 20004
        Tel: (202) 383-0100
        Fax: (202) 637-3593

        -- and –

MIAMI 3 79976/31413

19427840.1

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
Jeffrey I. Snyder (admitted *pro hac vice*)
1450 Brickell Avenue.
Suite 2300
Miami, Florida 33131
Tel: (305) 374-7580
Fax: (305) 374-7593

*Counsel for LNR Partners, LLC, as Manager of GCCFC 2007-GG9 Abercorn Street Limited Partnership*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via first class U.S. Mail, postage prepaid, on this 1st day of October, 2012 upon all parties as set forth on the attached service list.

By:   /s/ Mark Sherrill
        Mark D. Sherrill

## SERVICE LIST

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
***Counsel for the Liquidating Trust***

MIAMI 3 79976/31413

19427840.1

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*