IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## RESPONSE TO FORTIETH OMNIBUS OBJECTIONS TO CLAIMS
## RE: CLAIM NO. 12356

WBCMT 2005-C21 South Ocean Gate Avenue Limited Partnership ("WBCMT"), files this Response (the "Response") to the Fortieth Omnibus Objection to Claims [ECF No. 11851] (the "Objection") and, in support of the Response respectfully represents as follows:

1.  Crown CCI (the "Landlord") filed claim no. 12356 (the "Claim"). The Claim asserts a general unsecured claim in the amount of $1,864,939.00 consisting of rejection damages in connection with the premises formerly occupied by Circuit City at 14600 Ocean Gate Avenue in Hawthorne, California (the "Property").

2.  The Landlord had borrowed money pursuant to the terms of a promissory note held by WBCMT (the "Note"). Pursuant to that certain Deed of Trust dated September 19, 2005 (the "Deed of Trust"), Crown pledged the Property to secure its obligations under the Note. The Deed of Trust was recorded on September 20, 2005 in the official records of Los Angeles County, California as instrument 05 2264054.

3.  Because the Landlord failed to make requirement payments in accordance with the terms of the Note, WBCMT exercised its right pursuant to the Deed of Trust and foreclosed upon the Property. After a public auction on December 8, 2009, WBCMT obtained a Trustee's

Deed Upon Sale and Bill of Sale that was recorded on December 17, 2009 in the official records of Los Angeles County, California as instrument 20091923279 (the "Trustee's Deed").  A copy of the Trustee's Deed is attached hereto as Exhibit "A".

4. As set forth in the Trustee's Deed, the sale was a unified sale of real and personal property comprising WBCMT's collateral pursuant to the Deed of Trust.  Accordingly, in addition to conveying title to the Property to WBCMT, the Trustee's Deed conveyed title to WBCMT of the personal property described on Exhibit B to the Trustee's Deed.  Among other things, the Trustee's Deed conveys to WBCMT all of the Landlord's right, title, and interest in rents, profits, income, accounts receivable arising from the use or enjoyment of all or any portion of the Property or from any lease, license, tenancy, etc. as well as all causes of action, general intangibles, and proceeds (including claims and demands therefor).

5. Because the Trustee's Deed conveys to WBCMT all of the Landlord's rights to funds due to it under its Lease with Circuit City and all other proceeds and claims arising from the Property, WBCMT is entitled to all distributions in respect of the Claim as well as administrative claim no. 13467 filed by the Landlord.  Although WBCMT's right to the proceeds of the Claim is unambiguous under the Trustee's Deed, the Landlord has heretofore objected to WBCMT's efforts to transfer the Claim and administrative claim no. 13467 because it "has no record that it transferred this claim" and no hearing has been held to adjudicate same.[1]

6. It appears that the Objection seeks to reduce the amount of the Claim by all amounts relating to rejection damages on the basis that the "the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden".  Objection at ¶ 24.  The Objection

---

[1] *See* Notices of Transfer of Claim [ECF Nos. 8371 & 8372], Landlord's Objections to Transfer of Claim [ECF Nos. 8556, 8557, and 8574], and WBCMT's Response [ECF No. 11125].

MIAMI 3 79976/31413

19427869.1

entirely fails to offer any argument, law, or fact to illuminate what exactly the Liquidating Trust contends is the mitigation burden applicable generally or to this particular Claim. Instead, the Liquidating Trust apparently assumes (incorrectly and without support) that a landlord has the affirmative burden to come forward with evidence showing mitigation of damages despite Circuit City having been the breaching party to the lease agreement with Landlord. The Liquidating Trust's suggestion that mitigation of damages is required when the tenant has breached the lease has been found to be fundamentally unfair to the landlord and an invitation to complexity, expense, and delay as a result of tenant-initiated litigation regarding the adequacy of a landlord's efforts to mitigate damages. *Stonehedge Square Ltd. P'ship v. Movie Merchants, Inc.*, 715 A.2d 1082, 1084-85 (Pa. 1998).

7.    The Objection contains absolutely no factual allegations or evidence tending to show that the Landlord did not attempt to mitigate its damages and completely fails to address (a) the existence or non-existence of a duty to attempt to mitigate under applicable state law (in this case California), (b) that the burden to demonstrate a failure to mitigate must be proven affirmatively by the breaching tenant, and (c) that the section 502(b)(6) cap under the Bankruptcy Code provides for allowance of a claim for the "rent reserved by such lease" subject to the statutory cap without reduction for failure to mitigate or on account of any mitigation that may have occurred. *See In re Shane Co.*, 464 B.R. 32, 48 (Bankr. D. Col. 2012) (rejecting assertion that the damages cap is calculated based on the state law damages claim after taking mitigation into account instead of being calculated based on the rent reserved in the lease and holding that calculation of the damages cap under § 502(b)(6) depends only upon the rent reserved and is not dependent upon the amount of the state law damages claim).

8. Moreover, Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto represent detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f). The Liquidating Trust must <u>introduce evidence</u> sufficient to rebut the presumption of validity in order to shift the burden of proof to CMAT. *In re Harford Sands Inc.*, 372 F.3d 637, 640-41 (4th Cir. 2004); *In re Mid-American Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994); s*ee also In re Thompson*, 260 B.R. 484, 486-87 (Bankr. W.D. Mo. 2001). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993); *Lundell v. Anchor Construction Specialists, Inc. (In re Lundell),* 223.F.3d 1035, 1039 (9th Cir. 2000) (proof of claim prevails over mere objection); *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260-61 (5th Cir. 1998) ("If the Trustee objects, it is his burden to present enough evidence to overcome the prima facie effect of the claim.") The Objection does not provide any evidence to rebut the presumption of validity nor does it advance any basis under section 502 of the Bankruptcy Code for reduction of the Claim.

9. Even if a landlord does successfully mitigate damages by reletting the premises, the "overwhelming majority of courts" have held that the section 502(b)(6) statutory cap is not reduced by any amount a landlord has received by reletting the leased premises and mitigating its damages. *In re PPI Enters.*, 324 F.3d 197, 208 n.17 (3d Cir. 2003) (citing *In re Fifth Ave. Jewelers, Inc.*, 203 B.R. 372, 381 (Bankr. W.D. Pa. 1996)).

10. Notwithstanding the foregoing, the Landlord has indicated that it attempted to re-let the premises following rejection of the lease. [ECF No. 12086 at ¶ 5]. Since acquiring the property by foreclosure, WBCMT also engaged a leasing agent thereby attempting to mitigate its damages. The Liquidating Trust has offered no evidence to the contrary. Upon information and belief, the Property remained vacant until it was sold to Ashley Furniture Industries, Inc. on or about March 9, 2010.

11. As set forth above, however, because the Ashley Furniture purchase occurred after the conclusion of the time period covered by the capped rejection damages as set forth in the Claim, the Claim is not subject to reduction as a result of the sale.

12. For the foregoing reasons, WBCMT respectfully requests that the Objection be overruled.

Dated: October 1, 2012.

Respectfully submitted,

**SUTHERLAND ASBILL & BRENNAN LLP**

By: /s/ Mark D. Sherrill
Mark D. Sherrill (VSB No. 44543)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

**-- and --**

MIAMI 3 79976/31413

19427869.1

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
Jeffrey I. Snyder (admitted *pro hac vice*)
1450 Brickell Avenue.
Suite 2300
Miami, Florida 33131
Tel: (305) 374-7580
Fax: (305) 374-7593

*Counsel for LNR Partners, LLC., as Manager of CMAT 1999 C2 Emporium Drive LLC*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via first class U.S. Mail, postage prepaid, on this 1st day of October, 2012 upon all parties as set forth on the attached service list.

By: ___/s/ Mark Sherrill_____
    Mark D. Sherrill

## SERVICE LIST

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

MIAMI 3 79976/31413

19427869.1

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*