IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE TO FORTIETH OMNIBUS OBJECTIONS TO CLAIMS
RE: CLAIM NO. 11958**

CMAT 1999 C2 Ridgeland Retail LLC ("CMAT"), files this Response (the "Response") to the Fortieth Omnibus Objection to Claims [ECF No. 11851] (the "Objection") and, in support of the Response respectfully represents as follows:

1. CC Ridgeland 98 L.L.C. (the "Landlord") filed claim no. 11958 (the "Claim"), which claim was subsequently assigned to CMAT. The Claim asserts a general unsecured claim in the amount of $1,139,111.72 consisting of rejection damages and prepetition rent in connection with the premises formerly occupied by Circuit City at 1055 East Countyline Road in Ridgeland, Missouri. The Claim attached a detailed calculation of the asserted rejection damages claim in the amount of $1,091,167.28 and provides details in support of other unpaid prepetition amounts due for October 2008 rent and November prepetition stub rent.

2. It appears that the Objection seeks to reduce the amount of the Claim by all amounts relating to rejection damages on the basis that the "the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden". Objection at ¶ 24. The Objection entirely fails to offer any argument, law, or fact to illuminate what exactly the Liquidating Trust contends is the mitigation burden applicable generally or to this particular Claim. Instead, the

MIAMI 3 79536/41468

19427897.1

Liquidating Trust apparently assumes (incorrectly and without support) that a landlord has the affirmative burden to come forward with evidence showing mitigation of damages despite Circuit City having been the breaching party to the lease agreement with Landlord. The Liquidating Trust's suggestion that mitigation of damages is required when the tenant has breached the lease has been found to be fundamentally unfair to the landlord and an invitation to complexity, expense, and delay as a result of tenant-initiated litigation regarding the adequacy of a landlord's efforts to mitigate damages. *Stonehedge Square Ltd. P'ship v. Movie Merchants, Inc.*, 715 A.2d 1082, 1084-85 (Pa. 1998).

3.      The Objection contains absolutely no factual allegations or evidence tending to show that the Landlord did not attempt to mitigate its damages and completely fails to address (a) the existence or non-existence of a duty to attempt to mitigate under applicable state law (in this case Missouri), (b) that the burden to demonstrate a failure to mitigate must be proven affirmatively by the breaching tenant, and (c) that the section 502(b)(6) cap under the Bankruptcy Code provides for allowance of a claim for the "rent reserved by such lease" subject to the statutory cap without reduction for failure to mitigate or on account of any mitigation that may have occurred. *See In re Shane Co.*, 464 B.R. 32, 48 (Bankr. D. Col. 2012) (rejecting assertion that the damages cap is calculated based on the state law damages claim after taking mitigation into account instead of being calculated based on the rent reserved in the lease and holding that calculation of the damages cap under § 502(b)(6) depends only upon the rent reserved and is not dependent upon the amount of the state law damages claim).

4.      Moreover, Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto

MIAMI 3 79536/41468

19427897.1

represent detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f).  The Liquidating Trust must <u>introduce evidence</u> sufficient to rebut the presumption of validity in order to shift the burden of proof to CMAT.  *In re Harford Sands Inc.*, 372 F.3d 637, 640-41 (4th Cir. 2004); *In re Mid-American Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994); s*ee also In re Thompson*, 260 B.R. 484, 486-87 (Bankr. W.D. Mo. 2001).  "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993); *Lundell v. Anchor Construction Specialists, Inc. (In re Lundell),* 223.F.3d 1035, 1039 (9th Cir. 2000) (proof of claim prevails over mere objection); *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260-61 (5th Cir. 1998) ("If the Trustee objects, it is his burden to present enough evidence to overcome the prima facie effect of the claim.")  The Objection does not provide any evidence to rebut the presumption of validity nor does it advance any basis under section 502 of the Bankruptcy Code for reduction of the Claim.

5. Under Missouri law, a landlord has no duty to mitigate damages when a breaching tenant abandons the premises. *Rhoden Inv. Co., Inc. v. Sears, Roebuck & Co.*, 499 S.W.2d 375 (Mo. 1973); *WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.*, 24 S.W.3d 1 (Mo. App. 2000). Even if a landlord does successfully mitigate damages by reletting the premises, the "overwhelming majority of courts" have held that the section 502(b)(6) statutory cap is not reduced by any amount a landlord has received by reletting the leased premises and mitigating its damages. *In re PPI Enters.*, 324 F.3d 197, 208 n.17 (3d Cir. 2003) (citing *In re Fifth Ave. Jewelers, Inc.*, 203 B.R. 372, 381 (Bankr. W.D. Pa. 1996)).

6. Notwithstanding the foregoing, CMAT did attempt to mitigate its damages and the Liquidating Trust has offered no evidence to the contrary. Specifically, CMAT engaged Baker Storey McDonald Properties, Inc. (the "Leasing Agent") to manage the Property and to market it to potential tenants. The Leasing Agent was incentivized to locate a tenant by, among other things, the prospect of a market rate of commission if a tenant was located. Notwithstanding the Leasing Agent's efforts, however, a tenant was not located and no rental revenues were received by CMAT during the period covered by the capped rejection damages set forth in the Claim.

For the foregoing reasons, CMAT respectfully requests that the Objection be overruled.

Dated: October 1, 2012.

Respectfully submitted,

**SUTHERLAND ASBILL & BRENNAN LLP**

By: /s/ Mark D. Sherrill
Mark D. Sherrill (VSB No. 44543)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

-- and --

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
Jeffrey I. Snyder (admitted *pro hac vice*)
1450 Brickell Avenue.
Suite 2300
Miami, Florida 33131
Tel: (305) 374-7580
Fax: (305) 374-7593

*Counsel for LNR Partners, LLC, as Manager of CMAT 1999 C2 Ridgeland Retail LLC*

MIAMI 3 79536/41468

19427897.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via first class U.S. Mail, postage prepaid, on this 1st day of October, 2012 upon all parties as set forth on the attached service list.

By:  /s/ Mark Sherrill
Mark D. Sherrill

## SERVICE LIST

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

MIAMI 3 79536/41468

19427897.1