# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

### RESPONSE OF CENTRAL INVESTMENTS, INC.
### TO THIRTY NINTH OMNIBUS OBJECTIONS TO CLAIMS RE: CLAIM NO. 12116

TO THE HONORABLE KEVIN R. HUENNEKENS, U.S. BANKRUPTCY JUDGE:

COMES NOW Central Investments, Inc. ("CII"), and files this Response to the Thirty-Ninth Omnibus Objection to Claims (the "Objection") and, in support of the Response respectfully represents as follows:

1.    CII filed claim no. 12116 (the "Claim").  The Claim asserts a general unsecured claim consisting of rejection damages and prepetition rent in connection with the premises formerly occupied by Circuit City. The Claim attached a calculation of the asserted rejection damages claim, and provides details in support of other unpaid prepetition amounts due for October 2008 rent and November prepetition stub rent.

2.    It appears that the Objection seeks to reduce the amount of the Claim by all amounts relating to rejection damages on the basis that the "the Debtors are not liable unless the claimant at issue has met its applicable mitigation burden."   The Objection entirely fails

to offer any argument, law, or fact to illuminate what exactly the Liquidating Trust contends is the mitigation burden applicable generally or to this particular Claim. Instead, the Liquidating Trust apparently assumes (incorrectly and without support) that a landlord has the affirmative burden to come forward with evidence showing mitigation of damages despite Circuit City having been the breaching party to the lease agreement with Landlord. The Liquidating Trust's suggestion that mitigation of damages is required when the tenant has breached the lease has been found to be fundamentally unfair to the landlord and an invitation to complexity, expense, and delay as a result of tenant-initiated litigation regarding the adequacy of a landlord's efforts to mitigate damages. *Stonehedge Square Ltd. P'ship v. Movie Merchants, Inc.,* 715 A.2d 1082, 1084-85 (Pa. 1998).

   3. The Objection contains no factual allegations or evidence tending to show that the CII did not attempt to mitigate its damages and completely fails to address (a) the existence or non-existence of a duty to attempt to mitigate under applicable state law (in this case Ohio), (b) that the burden to demonstrate a failure to mitigate must be proven affirmatively by the breaching tenant, and (c) that the section 502(b)(6) cap under the Bankruptcy Code provides for allowance of a claim for the "rent reserved by such lease" subject to the statutory cap without reduction for failure to mitigate or on account of any mitigation that may have occurred. *See In re Shane Co.,* 464 B.R. 32, 48 (Bankr. D. Col. 2012) (rejecting assertion that the damages cap is calculated based on the state law damages claim after taking mitigation into account instead of being calculated based on the rent reserved in the lease and holding that calculation of the damages cap under § 502(b)(6) depends only upon the rent reserved and is not dependent upon the amount of the state law damages claim).

4.     Moreover, Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto represent detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f). The Liquidating Trust must introduce evidence sufficient to rebut the presumption of validity in order to shift the burden of proof to CGCMT. *In re Harford Sands Inc.,* 372 F.3d 637, 640-41 (4th Cir. 2004). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.),* 993 F.2d 915, 925 (1st Cir. 1993). The Objection does not provide any evidence to rebut the presumption of validity nor does it advance any basis under section 502 of the Bankruptcy Code for reduction of the Claim.

For the foregoing reasons, CII respectfully requests that the Objection be overruled.

Dated: October 2, 2012                              Respectfully submitted,

**LERCH, EARLY & BREWER, CHTD.**


By:     */s/ Jeffrey M. Sherman*
Jeffrey M. Sherman (VSB No. 22424)
3 Bethesda Metro Center
Suite 460
Bethesda, MD 20814
jmsherman@lerchearly.com
Tel: 301-841-3843
Fax: 301-347-1525

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via first class U.S. Mail, postage prepaid, on this 2nd day of October, 2012 upon all parties as set forth on the attached service list.

By: ___/s/ Jeffrey M. Sherman___
      Jeffrey M. Sherman

## SERVICE LIST

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES
LLP 10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES
LLP 10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*