```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA


IN RE:                          .    Case No. 08-35653 (KRH)
                                .
                                .
                                .    Chapter 11
                                .    Jointly Administered
CIRCUIT CITY STORES,            .
INC., et al.,                   .    701 East Broad Street
                                .    Richmond, VA 23219
                                .
       Debtors.                 .
                                .    September 19, 2012
. . . . . . . . . . . . . ..         2:14 p.m.


                       TRANSCRIPT OF HEARING
                BEFORE HONORABLE KEVIN R. HUENNEKENS
                UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:           Tavenner and Beran, PLC
                          By:  LYNN TAVENNER, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219


For iProspect.com,        Kaufman & Canoles, PC
Inc.:                     By:  MATTHEW B. CHMIEL, ESQ.
                          Two James Center
                          1021 East Cary Street
                          Suite 1400
                          Richmond, VA 23219




Proceedings recorded by electronic sound recording, transcript
               produced by transcription service
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1           COURTROOM DEPUTY:  All rise.  The court is now in
2 session.  Please be seated and come to order.
3           COURT CLERK:  In the matter of Circuit City Stores,
4 Incorporated, hearing on Items 1 through 4 as set out on
5 proposed agenda.
6           MS. TAVENNER:  Good afternoon, Your Honor.
7           THE COURT:  Good afternoon, Ms. Tavenner.
8           MS. TAVENNER:  For the record, Lynn Tavenner of the
9 law firm of Tavenner & Beran here today on behalf of the Trust.
10 With me at counsel table is Ms. Catherine Bradshaw.
11           Your Honor, we have only a few matters on the docket
12 today, the first of which is styled as a motion to vacate.
13 It's with respect to an adversary filed against iProspect.com.
14 Mr. Matt Chmiel of the law firm of Kaufman & Canoles represents
15 them and is here today, as well, Your Honor.
16           Your Honor, the parties have agreed that rather than
17 going forward with this motion that we attempt to resolve the
18 underlying issues that were raised in the complaint and the
19 motion.  We have agreed to mediation and are also exchanging
20 information in advance of mediation.  Because of that, Your
21 Honor, we would request that you continue a status hearing on
22 this matter until October 9th at two.
23           THE COURT:  All right.  Any objection?
24           MR. CHMIEL:  No objection, Your Honor.
25           THE COURT:  Okay.  So this will be continued to

1  October 9, then.  And I wish you every success with your
2  mediation.
3              MS. TAVENNER:  Thank you, Your Honor.
4              MR. CHMIEL:  Thank you.
5              MS. TAVENNER:  Your Honor, Item 2 on the docket is a
6  motion for default judgment that is filed with respect to an
7  adversary proceeding that the Trust filed in this case against
8  Zoom Holdings, a California general partnership, and Zoom
9  Television, Inc., a California corporation.
10             Your Honor might recall that in conjunction with
11 liquidation of the case, Mr. Siegel sold an asset back almost a
12 year ago now related to various intellectual property.  That
13 asset itself, Your Honor, was owned by a non-debtor entity,
14 Digital Video Express, a limited partnership, of which some of
15 the debtors were interest holders and creditors.
16             The two entities that are the subject of this
17 complaint and the motion were also limited partners in the
18 partnership.  In conjunction with the original relief in which
19 we were engaging in the process for sale procedures and
20 liquidating of the property itself, the debtors reached out in
21 every way possible to see if they could find someone that
22 wanted to take ownership with regard to these entities.  And,
23 indeed, in the complaint itself, we attach some exhibits
24 whereby we attempted to reach out.
25             To no avail.  In conjunction with the sale itself, we

1  never heard from them.  Because of that, we told Your Honor
2  that once the proceeds came in, we would hold them in trust
3  until such time as we could either find someone or move forward
4  with regard to you -- to entertain a determination that they
5  were indeed appropriate assets at this point for Mr. Siegel to
6  administer.
7           And that's where we are, Your Honor.  We then filed
8  the actual adversary against the two entities and, in
9  conjunction with that, served the summons and complaint.  And
10 attached to the motion for default judgment is the information
11 showing to whom we specifically served the document -- the
12 complaint itself in addition to the motion for a default
13 judgment.
14          Your Honor, we served Zoom Television, Inc. through
15 its registered agent.  We served Zoom Holdings which, upon
16 information and belief, was the -- we served Zoom Television,
17 Inc. as the general partner.  In addition, we served both of
18 them through their agent, Kenneth Ziffren, who is an attorney
19 in Los Angeles and the last known person that anyone from the
20 Trust could find that had any relation to these entities, as
21 well as another agent, Harry Brittenham.
22          To no avail, Your Honor.  As we have outlined in the
23 motion for a default, even -- we served the summons and
24 complaint, received nothing.  We then filed a motion for a
25 default judgment as well as request for default judgment and

1  still have heard nothing.

2        To that end, Your Honor, we would request that Your
3  Honor enter default and authorize the trustee to now disperse
4  the funds that he's holding in accordance with the liquidating
5  trust.  And, Your Honor, I failed to mention, the amount of the
6  funds total $4,835,439.  So it is a substantial amount that Mr.
7  Siegel does desire to move forward on.

8        THE COURT:  Interesting that holding that amount of
9  funds, you wouldn't be able to get any kind of response from
10 Zoom Holdings or Zoom Television.  But the Court has reviewed
11 this file and the Court finds that the complaint was duly
12 served on the registered agent of Zoom Television, Inc. and,
13 again, on Zoom Television, Inc. as the general partner of Zoom
14 Holdings, and that Zoom Holdings has been properly served as
15 has Zoom Television, Inc., and that the time within which to
16 respond to the complaint has expired, and that no responsive
17 pleadings have been filed in this matter, and that the relief
18 requested in the complaint is appropriate.  And so the Court is
19 going to grant your motion for a default judgment and enter
20 judgment in favor of the trustee, Mr. Siegel, in this matter.
21 And I would ask you to please submit an order to that effect.

22       MS. TAVENNER:  Thank you, Your Honor.  We will do so.
23 Item 3 on the docket is styled as a motion to dismiss an
24 adversary proceeding.  It relates to the adversary that the
25 Trust filed against B.R. Fries & Associates, LLC.

6

1  The parties have conducted mediation with respect to
2 this matter and, as a result, are continuing to exchange
3 additional information.  One of the main issues at this point,
4 Your Honor, is with respect to ability to pay.  And so we've
5 requested some additional information and are reviewing that.
6 As a result, Your Honor, the Trust would respectfully request
7 that this matter be continued until October 9th.
8  THE COURT:  All right.  It'll be continued to October
9 9.
10  MS. TAVENNER:  Thank you, Your Honor.  The final
11 matter that's on the docket today is the objection to Claim
12 Number 14787.  That claim was filed by Chase Bank USA, National
13 Association.
14  Your Honor, with respect to this matter, we would
15 respectfully request that the status hearing be adjourned until
16 December the 6th at 2 p.m. so that the parties can continue to
17 address the merits of the same.
18  THE COURT:  All right.  This is an objection to the
19 claim so this is not undergoing mediation or anything of that
20 sort.
21  MS. TAVENNER:  No, Your Honor.  But it --
22  THE COURT:  It is the least rejection damage claim
23 arising out of the credit card agreement that Circuit City had.
24  MS. TAVENNER:  Yes, Your Honor.  This is a fairly
25 involved matter that Mr. Caine actually is taking the lead on

1  and is making good progress.  But the parties believe that if
2  we extend this out, that we can continue to move the matter
3  along and hopefully not have to get Your Honor involved.
4          THE COURT:  Always welcome.
5          MS. TAVENNER:  Thank you, Your Honor.
6          THE COURT:  All right.  So we'll continue that out to
7  December 6.
8          MS. TAVENNER:  Thank you, Your Honor.  That concludes
9  the matters that are on the docket today in Circuit City.
10         THE COURT:  All right.  On the other matter, I've
11 entered an order of mediation.  Judge Santoro's agreed to
12 mediate the matter, so that has now been taken care of and I
13 hope that you're successful with that, as well.
14         MS. TAVENNER:  We appreciate that, Your Honor.  Mr.
15 Barrett and I have been in touch with Judge Santoro's chambers
16 to move that matter along and get some available dates.
17         THE COURT:  All right.  And we have trial dates set
18 in that case or no?
19         MS. TAVENNER:  No, Your -- no, we did not.
20         THE COURT:  Okay, very good.  All right.
21         MS. TAVENNER:  Thank you, Your Honor.
22         THE COURT:  Is there anything else we need to take up
23 in Circuit City then?
24         MS. TAVENNER:  Not unless Your Honor has questions.
25         THE COURT:  No, I do not.  Thank you very much.

8

1     MS. TAVENNER:  Thank you.

2     COURTROOM DEPUTY:  All rise.  Court is now adjourned.

3                           * * * * *

4                      **C E R T I F I C A T I O N**

5     I, STEPHANIE SCHMITTER, court approved transcriber,

6 certify that the foregoing is a correct transcript from the

7 official electronic sound recording of the proceedings in the

8 above-entitled matter, and to the best of my ability.

9

10

11 /s/ Stephanie Schmitter

12 STEPHANIE SCHMITTER

13 J&J COURT TRANSCRIBERS, INC.          DATE:  October 4, 2012

14

15

16

17

18

19

20

21

22

23

24