UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA


IN RE:                        .    Case No. 08-35653 (KRH)
                              .
                              .
                              .    Chapter 11
                              .    Jointly Administered
CIRCUIT CITY STORES,          .
INC., et al.,                 .    701 East Broad Street
                              .    Richmond, VA 23219
                              .
         Debtors.             .
                              .    October 9, 2012
. . . . . . . . . . . . . ..        2:04 p.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:             Tavenner and Beran, PLC
                            By:  PAULA S. BERAN, ESQ.
                            20 North Eighth Street, 2nd Floor
                            Richmond, VA 23219

For Belkin,                 Vandeventer Black, LLP
International, Inc.:         By:  CHRISTOPHER S. COLBY, ESQ.
                            707 East Main Street, Suite 1700
                            Richmond, VA 23219




Proceedings recorded by electronic sound recording, transcript
produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

APPEARANCES (Cont'd):

For Roy and Joanne        DurretteCrump, PLC
Eisner:                   By:  KEVIN FUNK, ESQ.
                          1111 East Main Street, 16th Floor
                          Richmond, VA 23219


For Robert Gentry,        Righetti Glugoski, P.C.
Jack Hernandez,           By:  MICHAEL RIGHETTI, ESQ.
Jonathan Card, and        456 Montgomery Street, Suite 1400
Joseph Skaf:              San Francisco, CA 94104

TELEPHONIC APPEARANCES:

For the Debtor:           Pachulski Stang Ziehl & Jones LLP
                          By:  ANDREW CAINE, ESQ.
                          10100 Santa Monica Boulevard
                          Los Angeles, CA 90067

- - -

1          COURTROOM DEPUTY:  All rise.  The court is now in

2     session.  Please be seated and come to order.

3          COURT CLERK:  In the matter of Circuit City Stores,

4     Incorporated, hearing on Items 1 through 59 as set out on

5     proposed agenda.

6          THE COURT:  Good afternoon, Ms. Beran.

7          MS. BERAN:  Good afternoon, Your Honor.  For the

8     record, Paula Beran of the law firm of Tavenner & Beran.  With

9     me this afternoon at counsels' table is Ms. Katie Bradshaw whom

10    Your Honor has met several times.  In addition, I understand or

11    believe that Mr. Andrew Caine is on the line with us this

12    afternoon, as well.

13         THE COURT:  Very good.

14         MS. BERAN:  Your Honor, in connection with the very

15    lengthy in volume agenda that was filed with the Court, the

16    first item or the first category of items --

17         THE COURT:  Your book isn't as thick as mine, but

18    that's --

19                    (Laughter)

20         MS. BERAN:  Your Honor, I have two books.

21         THE COURT:  Okay.

22         MS. BERAN:  The first item is a pretrial conference

23    in connection with one of the remaining adversary proceedings,

24    and that's Siegal versus Belkin.  The parties have met and

25    discussed the potential length of trial.  The parties believe

1  that this trial will be somewhere between three to three and a

2  half days.  Based on the same, Your Honor, we'd respectfully

3  request that Your Honor set it down for a -- reserve four days

4  or three and a half for a trial.

5         In connection with that and based on when Your Honor

6  was previously setting trials in this matter, we anticipated in

7  discussions between the counsel for the parties that we were

8  looking at a March to April trial date.  From the Trust's

9  perspective, the Trust is available any time during that time

10  period other than the last week in March and the first week in

11  April.  Counsel for Belkin, I do believe, has some additional

12  avoid dates and I think was looking at an April hearing --

13  April trial.

14         THE COURT:  All right.  Very good.

15         Yes, sir.  You wish to be heard?

16         MR. COLBY:  Good afternoon, Your Honor.  Just

17  briefly.  Just to state my name is Chris Colby.  I'm here on

18  behalf of Belkin International.

19         THE COURT:  Mr. Colby?

20         MR. COLBY:  Colby, C-o-l-b-y.

21         THE COURT:  Thank you, sir.

22         MR. COLBY:  Thank you.  And agreed we were pressed to

23  reserve four days for trial and I request that the trial be set

24  in April 2013 and avoiding the Trust's avoid dates is fine by

25  me.  But, otherwise, I just request trial in April 2013 and

1  that'll be all.  Thank you, Your Honor.

2          THE COURT:  All right.  Why are -- you're unavailable

3  in March?

4          MR. COLBY:  We are.  I'm just aiming to maximize or

5  have the greatest possible discovery time and potential to

6  resolve the matter before trial.

7          THE COURT:  Resolving the matter before trial is

8  always welcome.  All right.  How does the week of April 8 look

9  for you?  Mr. Colby?

10         MR. COLBY:  Oh, it's fine for me, Your Honor.

11         THE COURT:  Okay.  Ms. Beran, how does the week of

12  April 8 look for the Trust?

13         MS. BERAN:  Your Honor, that's fine.  That's the

14  second week in April.

15         THE COURT:  And you had said not the first, but I

16  just didn't want to be handicapping you if there was a --

17         MS. BERAN:  Your Honor, if possible, if we could not

18  do it on that Monday and instead start on the Tuesday?

19         THE COURT:  Oh, we can start on the Tuesday and then

20  I can reserve Tuesday, Wednesday afternoon, Thursday and

21  Friday.  That would be the three and a half days not four full

22  days.  Then we could always go over till Saturday if we needed

23  to, but I would hope we get it in within that period of time.

24         MS. BERAN:  Your Honor, that would be great from the

25  Trust's perspective.

1          MR. COLBY:  And that's fine with Belkin, Your Honor.

2          THE COURT:  Okay.  So we'll start on the 9th, then,

3    with this and it'll start at ten o'clock on the 9th.  And then

4    on Wednesday afternoon we'll start at two o'clock, and then

5    Thursday ten o'clock, Friday ten o'clock.

6          MS. BERAN:  Thank you, Your Honor.  And, Your Honor,

7    that would just be subject to the standard pretrial order that

8    Your Honor has entered in every other adversary proceeding

9    that's been set for trial.

10          THE COURT:  And that's what my intention would be.

11   All right.  Is there anything else we need to take up in this

12   pretrial conference?

13          MR. COLBY:  No, Your Honor.

14          MS. BERAN:  No, Your Honor.

15          THE COURT:  All right.  That'll conclude the pretrial

16   conference then and hopefully you'll get it resolved by April

17   9.  But if not, I'll see you back here then.

18          MR. COLBY:  You've graciously left us plenty of time.

19   Thank you, Your Honor.

20          THE COURT:  All right.

21          MS. BERAN:  Your Honor, the next category of matters

22   before Your Honor this afternoon are motions.  The first one is

23   in the adversary proceeding Siegel versus iProspect, Your Honor

24   -- dot com.

25          Your Honor has been -- graciously agreed to continue

1  this in the past and I'm happy to report that the continuances

2  have paid off in that the matter has now been settled in

3  concept, subject to documentation.  Based on the same, Your

4  Honor, we'd respectfully request that this matter be again

5  continued for that documentation and consummation until the

6  November 14th omni.

7          THE COURT:  I like the phraseology "settled in

8  concept," but I'm going to put it down as settled and we'll get

9  the documentation done.

10          MS. BERAN:  Thank you, Your Honor.  Your Honor, the

11  next matter is an item that Your Honor has continued for

12  several instances.  That matter is still under contest and so

13  we'd respectfully request that this matter be continued until

14  November 14th, as well.

15          THE COURT:  November 14?  All right.

16          MS. BERAN:  Yes, Your Honor.  Your Honor, that brings

17  us to Item Number 4 which is this -- in the matter of Siegal

18  versus Interactive Toy Concepts.

19          Your Honor, in connection with that matter -- and I

20  apologize, I'm just pulling out my notes, specific notes for

21  that.  In connection with that matter, Your Honor, this is on

22  the trustee's motion to strike answer and enter default

23  judgment in the related memorandum of points and authority.

24          In connection with the filing of that motion, Your

25  Honor, the Trust, I think you can understand and appreciate,

1  had several goals and desires in mind.  The Trust did believe

2  that default judgment was appropriate, given the unusual

3  circumstances.  Nonetheless, Your Honor, another goal and

4  objective of the Trust was just simply to get some movement and

5  response from the defendant.

6       In connection with this matter, Your Honor, I'm happy

7  to report that the motion did have the later impact or the

8  impact of the latter that I just mentioned, and that

9  specifically it did get the attention of the defendant.  And in

10  connection with that, the defendant has requested that this

11  matter -- and in the pleadings, the defendant requested that

12  this matter be continued, and instead, Your Honor, entered an

13  order that provides that the defendant shall participate in

14  mediation.

15       The Trust is fine with that approach.  In fact, the

16  Trust has already contacted the mediator in this instance, as

17  well as obtained the mediator's avoid dates, as well as the

18  Trust has looked at its avoid dates in light of the mediator's

19  avoid dates, and the same are being -- if have not already been

20  conveyed, have been conveyed as I speak by Mr. Jeff Nolan of

21  the Pachulski firm to defendant's counsel.

22       So, based on that, Your Honor, we would respectfully

23  request that this matter be continued, but it be continued on

24  the caveat that either Your Honor enter an order that so

25  provides, or when we come before Your Honor again in November

1  and if there has not been the mediation held, that we will ask

2  at that point in time for a default judgment.  Specifically, we

3  believe that there is plenty of time for there to be the

4  mediation in the next 30 days and, therefore, respectfully like

5  that approach.

6        THE COURT:  I think that the best approach would be

7  to enter an order requiring that it be mediated within that

8  time period and continuing this hearing to the 14th in the

9  event that mediation doesn't occur or whatever.  So why don't

10  we do that.

11        MS. BERAN:  Okay.  That'll be fine, Your Honor.  I

12  will so submit an order.

13        Your Honor, and I did -- I was supposed to also

14  represent on the record that based on the trustee's agreement

15  to continue, subject to that caveat, the defense counsel

16  indicated he was not going to appear today.

17        THE COURT:  All right.  Very good.

18        MS. BERAN:  Thank you, Your Honor.

19        Your Honor, that then brings us to Item Number 5

20  which has been carried on the court's docket and continued.

21  That's another matter I can happily report that thanks to the

22  time given to address it in connection with a global settlement

23  between the Trust and that particular claimant, that matter has

24  been -- or that specific motion has been withdrawn pursuant to

25  a stipulation filed by Mr. Gray.  And therefore the matter is

1   moot.

2          THE COURT:  All right.

3          MS. BERAN:  Your Honor, that then brings us to the

4   bulk of today's items and those are the claims objections.  As

5   Your Honor may have already seen from the court's docket, the

6   claims team for the Trust has been extremely busy over the last

7   several months.  The Trust has now filed numerous additional

8   claims objections, specifically in September filed up to the

9   liquidating trust's 65th omnibus claim objection.  And, Your

10  Honor, I'm happy to report that the Trust did that without --

11  and as Your Honor is surely aware -- without extending the

12  claims deadline -- claim objection deadline.

13          In addition, Your Honor, as you probably can tell

14  from the agenda Exhibit B before Your Honor from the claims

15  agenda, in that time period or since we've last stood before

16  you, the Trust claim team has resolved in excess of 185

17  additional claims.

18          With that being said, we stand before you with a very

19  large agenda that, in essence, grows in length not because

20  claims are not being resolved but because from a tracking

21  perspective we continue to put on every time a matter is

22  continued.  So I did want to report that we have made

23  significant progress over the last two months in resolving over

24  185 claims.

25          With that being said, Your Honor, I'd respectfully

1  submit these -- like I did the last time we had a large agenda

2  like this, that I can address the claims in kind of groupings

3  based on the relief being sought.

4          THE COURT:  I think that makes good sense.

5          MS. BERAN:  Thank you, Your Honor.  Your Honor, Items

6  Number 6 through 11 all relate to claim objections that had

7  been filed by the debtor and have now -- pursuant to the plan

8  and Trust documents are being handled by the Trust.  In

9  connection with that, the Exhibit A provides all the remaining

10 claims related to those outstanding omnibus objections.

11         The Trustee would respectfully request that we

12 continue all of those for status purposes until the December

13 6th omni.  I do understand, Your Honor, that there is one claim

14 represented by counsel today who would like to be heard in

15 connection with that request, and that deals with Item Number 7

16 which is the debtor's 31st omnibus objection.  And I'll step

17 aside and let counsel speak as it relates to that.

18         THE COURT: All right.  Mr. Funk?

19         MR. FUNK:  Yes.  Good afternoon, Your Honor.  Kevin

20 Funk with the law firm of DurretteCrump on behalf of the

21 claimants Roy and Joanne Eisner.

22         Your Honor, our firm took over the representation of

23 the Eisners a couple of months ago, shortly before the August

24 omnibus date.  The Eisners were previously represented by Mr.

25 Phil Baxa at MercerTrigiani and until August, he was still

1  listed as counsel of record -- as local counsel, I should say.

2  The Eisners have representation -- primary representation by a

3  lawyer in Pennsylvania.

4       The Eisners' claim arises out of -- it's a personal

5  injury claim.  Mr. Eisner was severely beaten while on the

6  premises of Circuit City by a former Circuit City employee, and

7  the allegation is that Circuit City knew or should have known

8  about the propensity of their former employer's (sic) animosity

9  towards my client and allowed him to be on the premises at the

10  time that the beating occurred.

11       My client has not worked since this pre-petition

12  claim, so it's now in excess of four years.  The delay has not

13  only been financially taxing; it's mentally taxing to him, as

14  well, not being able to work, waiting for this resolution.

15       Like I said, I took over in August, the

16  representation, and I've been in contact with Mr. Caine on

17  behalf of the Trust and I reached out to him for the first time

18  prior to the continuance from August to, to date.  We did

19  communicate yesterday by a series of voice mails and I

20  understand it's going to be continued to December.

21       Mr. Caine also informed me that we were at a point at

22  which the trustee was prepared to begin dealing with these

23  claims in earnest.  And I understand that and I'm not objecting

24  to the continuance to December.  But what I would like for the

25  trustee to do today is to sort of give us an idea of the time

1    table that we're looking at for resolving these.  I understand

2    the challenges before the trustee.  It's -- the claims are --

3    the number of claims are very significant, and they have done a

4    good job of working through these.

5          But my client now four years into the case would like

6    to just -- some idea rather than just another continuance.

7    What is the time frame for dealing with these?  What is going

8    to be the mechanics of getting these resolved?  And I would

9    just like, you know, today while we're -- while I have this

10   opportunity, and this is the first time I've appeared before

11   the Court on behalf of the Eisners, to try to get some insight

12   so that I can inform my client where this claims process is

13   going, generally and specifically to his claim if that's at all

14   possible today.

15         THE COURT:  Well, the Court has received, you know,

16   periodic updates from Mr. Caine about exactly what you're

17   talking about and the Court has a pretty good understanding of

18   how these objections are progressing and such.  You realize the

19   volume and such that we're dealing with and the like.  But I'll

20   let Ms. Beran address your concerns, specifically.  And then if

21   you have any additional comments or concerns, you can address

22   the Court when she's done.

23         MR. FUNK:  Thank you, Your Honor.

24         THE COURT:  Ms. Beran?

25         MS. BERAN:  Your Honor, as Your Honor has indicated,

1  we are diligently working through all of these claims.  I stand

2  before you and I must admit that I do not know the specifics as

3  it relates to the personal injury claims.  Those claims are

4  primarily being handled by Mr. Andrew Caine, as well as another

5  person in his law firm, Ms. --

6          THE COURT:  Is Mr. Caine on the phone that he --

7          MS. BERAN:  Well, that's what I was going to -- defer

8  to see if Mr. Caine is on the phone.

9          THE COURT:  Well, Mr. Caine, are you with us today,

10  sir?

11          MR. CAINE:  Yes, I am.  Hello, Your Honor.

12          THE COURT:  Good afternoon or good morning, as the

13  case may be depending on where you are.  The -- would you be

14  prepared to address the Eisner personal injury claim, just as

15  far as the status on, you know, what the time frame is as far

16  as the Trust is concerned for resolving that, or is that

17  something that you would need to look at?

18          MR. CAINE:  I'm prepared to do so.  I did exchange

19  voice mail messages with counsel and what I indicated was that

20  now that we have completed filing our objections to all the

21  claims, we're going to turn to attempting to resolve as many as

22  we can, as quickly as possible, and that it is my personal

23  intention to address some of the larger claims now, and then I

24  -- it is my intention to review his clients' claims and get

25  back to him to have a substantive discussion within the next

1  month.

2          THE COURT:  All right.

3          MR. CAINE:  I think how those discussions go will

4  dictate what the process will be going forward, but the first

5  step should be a substantive discussion to see if there is an

6  opportunity to resolve them without litigation.

7          THE COURT:  All right.  Very good.  Anything further

8  on that then, sir?  Mr. Funk?

9          MR. FUNK:  Oh, yeah.  Nothing further, Your Honor.  I

10  think that gives me something I can relay to my client.  Thank

11  you.

12          THE COURT:  All right.  Very good.  Thank you.  Thank

13  you, Mr. Caine, for that update.  Ms. Beran, you wish to

14  proceed now?

15          MS. BERAN:  Thank you, Your Honor.  Your Honor, that

16  then brings us back to the Items --

17          THE COURT:  You may be excused, Mr. Funk.

18          MS. BERAN:  -- 6 through 11.  We'd respectfully

19  request for the handful of claims that remain outstanding as

20  identified on Exhibit A that they be continued for status

21  purposes until the December 6th omni.

22          THE COURT:  They'll be continued to the 6th.

23          MS. BERAN:  Thank you, Your Honor.  Your Honor, that

24  then brings us to, I believe, Page 23 which starts the -- what

25  we refer to as the one-off tax objections.  And those would be

1   Items 12 through 18.  We'd respectfully request that those

2   claim objections be continued until the December 6th omni.

3           THE COURT:  All right.  They'll be continued to

4   December 6.

5           MS. BERAN:  Thank you, Your Honor.  Then, I believe

6   that takes us to Page 38.  And Item Number 19 on Page 38 is the

7   liquidating trust's first omnibus objection.  As Your Honor is

8   fully aware, and probably is painfully reminded every time I

9   stand up here, as it relates to these omnibus objections, there

10  are basically two categories of respondents that we will

11  respectfully request continuance on.  Those respondents are

12  those that -- who have filed a formal response and is so noted

13  on the court's docket, as well as then those respondents who

14  have filed -- basically who have informally contacted the Trust

15  and the Trust has agreed to extend out their response deadline

16  while the parties try to continue to exchange information and

17  further reconcile the claim and try to come up with a

18  resolution.  So based on those two categories of claimants,

19  Your Honor, they are -- those are all identified on Exhibit B.

20          In connection with Items, you know, 19 through 58,

21  those are all the liquidating trust's omnibus objections.

22  Specifically, as it relates to Items 19 through 23, Your Honor,

23  we would respectfully request, unless otherwise noted on the --

24  Exhibit B to the agenda as settled, withdrawn or withdrawing,

25  that they all be continued until the December 6th omnibus.

1          THE COURT:  All right.  Those items then will be

2    continued to December 6th.

3          MS. BERAN:  Thank you, Your Honor.

4          THE COURT:  And that takes us up to matter Number 24.

5          MS. BERAN:  Your Honor, I believe so.  If my jump

6    forward cheat sheet notes are correct, I believe that would

7    then take us to Page --

8          THE COURT:  -- 67.

9          MS. BERAN:  67.  Yes, Your Honor.  Your Honor, in

10   connection with Item Number 67 --

11         THE COURT:  No, Item Number 24 on Page 67.

12         MS. BERAN:  Thank you, yes, Your Honor.  I apologize.

13   Item 24 on Page 67.  That's the liquidating trust's sixth

14   omnibus objection.  There are certain claims on that objection

15   that -- as indicated on Exhibit B, that may be sustained and

16   the Trust -- the order that the Trust submits will so provide.

17   The remaining ones unless otherwise identified as withdrawn,

18   withdrawing and/or settled, we'd respectfully request that they

19   be continued until the December 6th omni.

20         THE COURT:  Okay.  So the -- Docket Number 24 be

21   continued over to the 6th of December.

22         MS. BERAN:  Except for those ones that --

23         THE COURT:  Except for the ones that --

24         MS. BERAN:  -- we will be submitting the order that

25   sustains the objection --

1          THE COURT:  Exactly.

2          MS. BERAN:  -- as well as then there are a couple

3   that we will either be submitting a withdrawal -- separate

4   withdrawal as we've done in the past or a withdrawal as it

5   relates to the order.

6          THE COURT:  And I've got the Exhibit B right here in

7   front of me and I see that.

8          MS. BERAN:  Okay.  Thank you, Your Honor.  Your

9   Honor, that then would bring us to the -- Page -- and I

10  apologize.  My cheat sheet's not working with me this

11  afternoon.  That's the sixth omnibus objection.  Flipping

12  forward then, Your Honor, it brings us to Item Number 25 which

13  we can lump together Items 25 through 34 and those are subject

14  to the two categories, as identified on Exhibit B.

15          In addition, as identified on Exhibit B, there are

16  certain ones that have been resolved and/or settled and can be

17  removed from the court's docket.  But as it relates to the

18  remaining unresolved matters, we'd respectfully request that

19  they be continued until December 6th omni.

20          THE COURT:  All right.  So the Court will continue

21  everything to the 6th except for those that are noted as being

22  otherwise treated.

23          MS. BERAN:  Thank you, Your Honor.  That I then

24  believe brings us to Page 125, specifically Item 35.

25          THE COURT:  All right.

1          MS. BERAN:  Your Honor, on Item Number 35, that's the

2    liquidating trust's twenty-third omnibus objection.  As

3    identified on Exhibit B, there are certain claims that may be

4    sustained in connection -- claim objections that may be

5    sustained in connection with that objection.  Unless otherwise

6    noted as resolved, withdrawn or withdrawing, we'd respectfully

7    request that all others identified on Exhibit B be continued

8    until the December 6th omnibus hearing.

9          THE COURT:  All right.  Unless otherwise noted on

10   Exhibit B, those items will be continued.

11         MS. BERAN:  Thank you, Your Honor.  I believe then we

12   can turn to Page 129 and that would be as it relates to Item

13   Number 36, the twenty-fourth omnibus objection to claims.  For

14   that, as well as Items -- claim objections through Claim

15   Objection 28, they relate to the two categories.  Unless

16   otherwise noted as resolved, withdrawn or withdrawing, we'd

17   respectfully request that those matters be continued until the

18   December 6th omni.

19         THE COURT:  So it's the twenty-fourth omnibus

20   objection through the twenty-eighth omnibus objection?

21         MS. BERAN:  Correct, Your Honor.  And that's Items --

22   I apologize -- that would be Items 36 through 40.

23         THE COURT:  36 through 40, okay.

24         MS. BERAN:  Yes, Your Honor.

25         THE COURT:  Yes, I'm just trying to follow so that

1   the docket entries could be made accordingly and we can make

2   sure that we've got everything straight.  So Item Number 36

3   through 40 and that's the twenty-fourth omnibus objection up

4   through the twenty-eighth omnibus objection.  Okay.

5            MS. BERAN:  Yes, Your Honor.

6            THE COURT:  Got it.

7            MS. BERAN:  Then, turning to Page 149, Item Number

8   41, the liquidating trust's twenty-ninth omnibus objection.  As

9   indicated on Exhibit B, there are certain claims pursuant to

10   which the objection may be sustained.  As it relates to all

11   other -- bless you, Your Honor.

12            THE COURT:  Thank you.

13            MS. BERAN:  As it relates to all other items

14   identified on Exhibit B, unless it's so noted as resolved,

15   withdrawn or withdrawing, we'd respectfully request that those

16   matters be continued until the December 6th omni.

17            THE COURT:  All right.

18            MR. RIGHETTI:  Your Honor?

19            THE COURT:  Yes.

20            MR. RIGHETTI:  This is Michael Righetti.  I'm

21   appearing on behalf of Robert Gentry who has a claim subject to

22   the twenty-ninth omnibus objection.  And just like the other

23   gentleman who appeared, I am requesting a little bit of an

24   explanation about the status of this claim and a few others

25   that are subject to the thirtieth omnibus objection because

1  those claims are also pending out in California State Court.

2         And I'm not exactly sure if the Court recalls, but

3  these were class claims that were subject to a lengthy appeal

4  process that went up to the District Court and then the Fourth

5  Circuit Court of Appeal and we are now back before Your Honor

6  after the remand.  So I have requested actually to Ms. Beran

7  specifically some sort of procedure to resolve those claims,

8  whether by settlement or through litigation and have really

9  been ignored entirely in those requests.

10         So I would be interested to hear from Ms. Beran on

11  what her plan is for resolving these four claims pertaining to

12  Mr. Gentry, Mr. Card, Mr. Skaf and Mr. Hernandez if she recalls

13  those specific claims.  And if not, I'd be happy to let her

14  know what those are about to refresh her memory.

15         THE COURT:  Okay.  And you say that Mr. Gentry's

16  claim is included in the twenty-ninth omnibus objection?

17         MR. RIGHETTI:  I believe so, Your Honor.  Let me --

18         THE COURT:  Because I was just looking at my list on

19  the twenty-ninth and I didn't see him listed there.

20         MR. RIGHETTI:  I think I take it back.  I think it's

21  the thirtieth and the thirty-first.  I apologize.

22         THE COURT:  Not a problem.  I just wanted to catch up

23  with you and see where I am so I can make my notes accordingly.

24         MR. RIGHETTI:  I think I jumped the gun on the -- on

25  when to pipe up.

22

1        THE COURT:  Well, that's -- you've been very patient

2 and so you were trying to get ahead here.  Let's see.

3        MR. RIGHETTI:  So if I need to wait for the following

4 objection to make a proper record, I'm happy to do so.

5        THE COURT:  Okay.  I see Mr. Gentry's claim listed in

6 Omnibus Objection 31, okay.  And so, let's deal with 29 and 30

7 and then when we take up 31, then we'll deal specifically with

8 Mr. Gentry and get a status if we can on that with Ms. Beran.

9        MS. BERAN:  Certainly, Your Honor.  As it relates to

10 Item Number 29 and Item Number -- actually I think it's just

11 Item Number 41, the liquidating trust's twenty-ninth omnibus

12 objection.  In connection with that one, Your Honor, there are

13 certain claims that have been identified on Exhibit B that may

14 be sustained.  As it relates to all others, unless otherwise

15 noted as settled, withdrawn or withdrawing, we'd respectfully

16 request that they be continued until the December 6th omnibus.

17        THE COURT:  All right.  So the twenty-ninth -- the

18 claims listed in the twenty-ninth omnibus objection will be

19 continued to the 6th unless otherwise noted.

20        MS. BERAN:  Thank you, Your Honor.  Your Honor, then

21 that brings us to Item Number 42.  Is that the item which

22 counsel --

23        THE COURT:  That's the thirtieth.

24        MS. BERAN:  Okay.

25        THE COURT:  Now, I found Mr. Gentry was on Number 31.

1          MS. BERAN:  Okay.  I just want to make sure so I can

2   -- okay.  Item Number 42, Your Honor, is the omnibus objection,

3   the liquidating trust's thirtieth omnibus objection.

4          In connection with this, Your Honor, unless so noted

5   on Exhibit B as being sustained and/or as unless otherwise

6   noted as resolved, withdrawn or withdrawing, we'd respectfully

7   request that the two categories of claims be continued until

8   the December 6th omnibus.

9          THE COURT:  And --

10          MR. RIGHETTI:  Your Honor, Mike Righetti again.

11          THE COURT:  All right.  Mr. Righetti.

12          MR. RIGHETTI:  I am also representing Jack Hernandez,

13  Jonathan Card and Joseph Skaf, Claim Numbers 6045, 6040 and

14  8717, respectively.  And I believe those are under the

15  thirtieth objection.

16          THE COURT:  Okay.  That's Mr. Skaf, you say?

17          MR. RIGHETTI:  Yes, Your Honor.

18          THE COURT:  Yes, he is on the thirtieth.  And what

19  were the other two, please?

20          MR. RIGHETTI:  Jonathan Card.

21          THE COURT:  Yes, that's on thirtieth, as well.

22          MR. RIGHETTI:  And Jack Hernandez, 6045.

23          MS. BERAN:  Your Honor, I can -- as it relates to all

24  of these objections, I can state for the record, I really never

25  like when my name is taken in being unresponsive because I do

1  pride myself in being extremely responsive, maybe not

2  necessarily within a day but I do keep a phone log, as well as

3  respond to e-mails.  I try to do it within a day or two.

4          In connection with this matter, I do remember counsel

5  did reach out to me.  It was shortly after the Fourth Circuit

6  made its ruling.  And when counsel reached out to me, I

7  forwarded his contact information to Mr. Rob Feinstein of the

8  Pachulski firm.  And my understanding I think in connection

9  with that, as I did see some correspondence relating to that,

10  is that Mr. Feinstein and/or others from his firm did reach out

11  to counsel on the phone.

12          My understanding -- and actually I would ask that Mr.

13  Caine jump in here and assist because I do believe he also was

14  involved in all of this in connection with correspondence.  My

15  understanding is that there were certain aspects of the claim

16  that we took the position that were no longer in existence

17  based on Your Honor's ruling in the Fourth Circuit, as well as

18  then other claims by these parties that we would address in due

19  course.

20          Since the Fourth Circuit made its ruling shortly

21  thereafter, I have had no correspondence in connection with --

22  either by telephone or by e-mail by counsel on the phone.  And

23  so, I'm not really sure what he's referencing as it relates to

24  anything additional, other than that.  I welcome Mr. Caine also

25  to jump in here too because I know he knows more of the

1 specifics, as well.  But I can represent I've heard nothing

2 from counsel on the phone in the last couple of months.

3          MR. RIGHETTI:  Your Honor, Mike Righetti, again.  And

4 Ms. Beran, you're correct.  After I reached out, I did have

5 some correspondence from Mr. Feinstein.  And that, I suppose,

6 it'd be more accurate to say I was ignored there.  Other than I

7 think one e-mail I received from him, all of my follow-up

8 e-mails were ignored and I'm just trying to get a sense so I

9 can inform my clients whether we need to get some litigation

10 going to resolve these claims.  They are all subject to

11 automatic stays in California State Courts and those judges are

12 being rather aggressive with me about the status of their

13 claims because they're trying to get those cases off their

14 dockets in California State Court.

15          So I would like to open the discussion up with

16 counsel and perhaps Mr. Caine -- he's a gentleman that I've

17 never met or spoken to but if he's somebody that I need to

18 speak to about how to proceed with these claims, then I'm more

19 than willing to start those discussions.  But I'd just like to

20 see the ball getting moved forward somewhat as to these four --

21          THE COURT:  All right.  And Mr. Righetti, I'd

22 appreciate in the future address your comments to the Court

23 please, not to counsel.

24          Is Mr. Caine on the phone?

25          MR. CAINE:  Yes, Your Honor.  I'm still here.  I

1   would be happy to speak with counsel and make sure that his

2   clients' claims are put to the top of the list of all the ones

3   that we have to deal with.  And I know I need to address you

4   directly but if counsel contacts me, I'll be more than happy to

5   work with him to try and get these addressed.

6           THE COURT:  Okay, so what I'm going to do, then, I'm

7   going to continue specifically Mr. Hernandez' claim, Mr. Card's

8   claim, Mr. Scaff's claim and Mr. Gentry's claim to the 6th of

9   December and then I would like at that time on the 6th a

10  detailed account of where we are with regard to those four

11  claims, specifically.

12          MR. CAINE:  Very well, Your Honor.

13          THE COURT:  Thank you very much, Mr. Caine.

14          MR. RIGHETTI:  Thank you, Your Honor.  Mike Righetti,

15  again.  I appreciate your time and I will provide an account on

16  the 6th.

17          THE COURT:  All right.  Thank you very much.  And do

18  you know how to get in touch with Mr. Caine, Mr. Righetti?

19          MR. RIGHETTI:  I do not, but I know how to get in

20  touch with Ms. Beran, unless Mr. Caine would like to --

21          MS. BERAN:  Your Honor, he can e-mail me.

22          THE COURT:  Okay.

23          MS. BERAN:  And I guarantee you I will forward and cc

24  Mr. Caine and so they will have contact information like I do

25  in every other instance.

1            THE COURT:  That sounds wonderful.  So Mr. Righetti,

2     why don't you contact Ms. Beran after today's hearing and

3     she'll put you in touch with Mr. Caine?

4            MR. RIGHETTI:  Thank you, Your Honor, and thank you,

5     Ms. Beran.

6            COURT CLERK:  Mr. Righetti, could you spell your last

7     name for the record, please?

8            MR. RIGHETTI:  It's R-i-g-h-e-t-t-i.

9            COURT CLERK:  Thank you.

10           MR. RIGHETTI:  Thank you.

11           THE COURT:  All right.  Mr. Righetti, you may be

12    excused unless you have other clients you need to stay with us

13    for.

14           MR. RIGHETTI:  I do not, Your Honor.  Thank you.

15           THE COURT:  All right.

16           MS. BERAN:  Your Honor, I think that then leaves us

17    still with the -- Item Number 42 and 43.  That's the

18    liquidating trust's thirtieth omnibus objection, as well as

19    then the liquidating trust's thirty-first omnibus objection.

20    Your Honor, as it relates to --

21           THE COURT:  I've lost my page number.  Where am I?

22           MS. BERAN:  152.

23           THE COURT:  Okay, thank you.

24           MS. BERAN:  Maybe we can do it this way.  Except for

25    what Your -- what the record Your Honor just made as it relates

1  to Mr. Righetti's claimants --

2            THE COURT:  Right.

3            MS. BERAN:  -- let me now address Item Number 42 on

4  Page 152.

5            THE COURT:  Very good.

6            MS. BERAN:  That's the liquidating trust's thirtieth

7  omnibus objection to claims.  In connection with that item,

8  Your Honor, as indicated on Exhibit B, there are certain items

9  that can be sustained.  In addition, Your Honor, unless

10 otherwise noted, we'd respectfully request that these two

11 categories of claims -- two categories of claimants as

12 previously represented be continued till December 6th.

13           THE COURT:  They'll be continued.

14           MS. BERAN:  Thank you, Your Honor.  Your Honor, then,

15 I think flipping back -- forward now to Page 156, Item 43 which

16 is the liquidating trust's thirty-first omnibus objection to

17 claims, Items 43 through 58, Your Honor, are the thirty-first

18 through forty-sixth omnibus objection to claims.

19           These are the two categories of claimants.  Unless

20 otherwise noted as being resolved, withdrawn or withdrawing,

21 we'd respectfully request all of those claims as identified on

22 Exhibit B be continued until the December 6th omnibus hearing

23 date.

24           THE COURT:  Okay.  Unless otherwise noted on Exhibit

25 B, those items will be continued to the 6th.

1    MS. BERAN:  Thank you, Your Honor.  Your Honor, that

2   then takes us to what I believe is Page 184.  Item 59 is

3   another one-off but it's a stand-alone objection not subject to

4   the omnis and that's the objection to Claim 1723 filed by PNY

5   Technologies.  In connection with that item, Your Honor, we'd

6   respectfully request that be continued until December 6th for

7   status purposes.

8    THE COURT:  That'll be continued to the 6th, as well.

9    MS. BERAN:  Your Honor, I believe that then resolves

10  or addresses all of the items on today's docket.  Once again,

11  Your Honor, I'm happy to answer any questions Your Honor may

12  have, as well as Mr. Caine is here, as well as Ms. Bradshaw, as

13  it relates to the status of any pending item and/or matter in

14  these cases.

15    THE COURT:  All right.  I just -- you'll want to note

16  that I did take note of the many claims that you have -- that

17  the Trust has resolved, the 185 claims.  And I commend the

18  Trust on the work it's doing.  I know that, you know, resolving

19  these claims can be difficult and while the Court can

20  appreciate some counsel representing claimants getting

21  frustrated because they're not in the trenches like you are, I

22  realize what the Trust is doing and the hard work it's putting

23  in to get these things resolved.  And the Court appreciates

24  that.  And the Court is comfortable with the good progress that

25  we're making on these.

1          Mr. Caine, thank you for being on the phone with us

2   today so that you could answer the questions that did come up

3   specifically with regard to a number of these claims.

4          MR. CAINE:  My pleasure, Your Honor.  I will

5   generally try to be on the phone for all the hearings.

6          THE COURT:  Thank you.  All right.  Is there any

7   other business then we need to take up today, Ms. Beran?

8          MS. BERAN:  No, Your Honor.

9          THE COURT:  Okay, we'll be adjourned.

10          COURTROOM DEPUTY:  All rise.  Court is now adjourned.

11                        * * * * *

12                **C E R T I F I C A T I O N**

13          I, STEPHANIE SCHMITTER, court approved transcriber,

14   certify that the foregoing is a correct transcript from the

15   official electronic sound recording of the proceedings in the

16   above-entitled matter, and to the best of my ability.

17

18

19   /s/ Stephanie Schmitter

20   STEPHANIE SCHMITTER

21   J&J COURT TRANSCRIBERS, INC.          DATE:  October 22, 2012

22

23

24

25