Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

*Counsel to the Circuit City Stores, Inc.*
 *Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
 *Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT BETWEEN
THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND LGD ENTITIES**

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), hereby moves (the "Motion") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Agreement (the "Settlement Agreement")[1], dated October 26, 2012, between the Trust, on the one hand, and LG Display Co. Ltd. and LG Display America, Inc. (collectively "LGD"), on the other hand, and attached hereto as **Exhibit B** (the parties have requested by separate motion that the Settlement Agreement be filed under seal). Pursuant to the Agreement, LGD will

make a payment to the Trust as described in Exhibit B to settle the Trust's claims against LGD. In support of the Motion, the Trust respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is Section 105 of chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

### *General Background*

5. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

7. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations. On January 17, 2009,

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given to them in the Agreement.

2

commenced going out of business sales commenced at all of the Debtors' retail locations, and were completed as of March 8, 2009.

8.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order"). The Plan became effective on November 1, 2010 (the "Effective Date").

9.      Pursuant to the Liquidating Trust Agreement approved by the Confirmation Order, potential settlements of Causes of Action with damage claims over $10,000,000 require approval of the Oversight Committee (as defined in the Liquidating Trust Agreement) and the Court.

### *Background Regarding Litigation between the Trust and LGD*

10.     Numerous parties have commenced civil litigation, in the United States District Court for the Northern District of California (the "District Court") and elsewhere, including class actions, with respect to purchases of thin film transistor liquid crystal display panels and other liquid crystal display panels and products containing such panels (collectively "LCD Products"), consolidated under the caption *In Re TFT-LCD (Flat Panel) Antitrust Litigation, Case*, No. M07-1827 SI, MDL NO. 1827 (the "MDL Proceeding"), in which plaintiffs have alleged violations of law, including the existence of unlawful conspiracies to raise, fix, maintain, or stabilize the prices of LCD Products in the United States and elsewhere in violation of Section 1 of the Sherman Act and other laws, and including direct and indirect purchaser claims, and related claims or causes of action.

11.     The Trust engaged the law firm of Susman Godfrey ("Susman") to investigate and prosecute the Trust's potential claims against numerous potential targets, including LGD, in

connection with price fixing activity on LCD Products used in a variety of electronic products sold in Circuit City stores, such as computers, monitors, cameras, and televisions.

12. On December 10, 2010, the Trust filed an action seeking damages and other relief in the District Court concerning the pricing of LCD Products, captioned as *Alfred H. Siegel, as Trustee of The Circuit City Stores, Inc. Liquidating Trust v. AU Optronics Corporation et al.*, Case No. CV 10 5625 (the "Circuit City Action"), in which the Trust has alleged certain claims against the defendants named therein, including the LGD Parties, including claims predicated on the defendants' alleged participation in unlawful conspiracies to raise, fix, maintain, or stabilize the prices of LCD Products in the United States and elsewhere in violation of Section 1 of the Sherman Act and certain state antitrust, consumer protection, and unfair competition laws.

13. The LGD Parties believe that they have valid defenses to the claims asserted by the Trust in the Circuit City Action. To avoid the uncertainties and expense associated with further litigation, the Parties have engaged, with the assistance of counsel, in good faith, arm's length settlement negotiations, and after a careful investigation of the facts and circumstances and consideration of applicable law, the Parties have agreed to a fair, reasonable, and good faith settlement, the terms of which are set forth in Exhibit B hereto (to be filed under seal).

14. The settlement resolves only the Trust's claims against LGD based on alleged price fixing and/or unlawful market allocation of LCD Products; claims by the Trust against LGD based on other products or services are not affected by the Settlement Agreement. The Settlement Agreement does not affect the Trust's claims against the other defendants in the Circuit City Action, and the Trust continues to pursue those claims.

**Relief Requested**

15. By this Motion, the Trust seeks entry of an order authorizing it, pursuant to Bankruptcy Rule 9019(a), to enter into the Settlement Agreement with LGD that is attached hereto as Exhibit B (to be filed under seal). Pursuant to the requirements of the Liquidating Trust Agreement, the Oversight Committee established pursuant to the Plan has approved the terms of the Settlement Agreement.

**Applicable Authority**

A. *The Motion Should be Approved as a Compromise and Settlement Under the Standards Provided for by Bankruptcy Rule 9019(a)*

16. Courts within this Circuit look to the following factors in assessing the reasonableness of proposed settlements:

> (1) the probability of success in litigation;
>
> (2) the difficulties associated with collection;
>
> (3) the complexity of the litigation, and the attendant expense, inconvenience and delay; and
>
> (4) the paramount interests of the creditors.

*See*, *e.g.*, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *United States ex. rel. Rahman v. Oncology Assoc., P.C.*, 269 B.R. 139, 152 (D. Md. 2001); *In re Frye*, 216 B.R. 166, 174 (E.D. Va. 1997).

17. The central factor in evaluating a proposed settlement is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See In re Bond*, No. 93-1410, 1994 WL 20107 at *3 (4th Cir.

Jan. 26, 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'").

18. A settlement need not be the best that the debtor could have achieved to be approved, but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

19. Here, approval of the Settlement Agreement is warranted because the Settlement Agreement represents a compromise that is fair and equitable, falls well within the range of reasonableness, and satisfies the standards for approval under applicable law. The Agreement is the product of extensive negotiations between the Trust and LGD. The last round of negotiations took place in a mediation with former United States District Judge Vaughn Walker.

20. The Trust submits that the Settlement Agreement meets the above criteria. The Trust and its counsel, aided by information from economic consultants retained for the Circuit City Action, have evaluated the relative merits of the case and all other factors which concern the evaluation of the settlement.

21. While participation in a price-fixing conspiracy for LCD Products is generally acknowledged by the LGD entities, they raise numerous defenses both with respect to the viability of certain of the Trust's claims and the amount by which Circuit City was damaged. With respect to the former, LGD alleges that the conspiracy did not extend to LCD Products containing small screens, such as digital cameras and cell phones, and that the Trust lacks standing to bring claims for indirect purchases under state antitrust laws. In addition, LGD asserts that the recent decision of the Ninth Circuit in *In re ATM Fee Antitrust Litigation* eliminates entirely the Trust's claims against LGD, or, alternatively, substantially reduces the scope of purchases on which the Trust can bring suit. Concerning the Trust's recoverable damages, LGD alleges, among other things, that the

amount of the overcharges caused by the conspiracy were slight and varied widely over the applicable time period.  In this regard, LGD points to the slight overcharge found by the jury in the recent trial of the LCD direct purchaser class action.  Determination of damages in any price-fixing case is subject to extensive investigation and expert analysis and in this case concerns thousands of transactions.

22. The risks in litigating are real ones.  The Trust has assessed the potential litigation risks in light of the potential advantages of both litigation and settlement in reaching the proposed settlement.

23. This leads to the next consideration supporting the Settlement Agreement, *i.e.*, that litigation would be very fact-intensive and accordingly protracted and expensive.  Each side could easily expend a significant sum – particularly when the very high cost of experts is included.  Meanwhile, at a potential trial, both parties would incur extensive costs in preparing numerous witnesses and experts and conducting an evidentiary trial.  The resolution contemplated by the Settlement Agreement will avoid lengthy and expensive litigation between the Trust and LGD.  Approval of the settlement avoids the incurrence of these expenses.

24. In considering the factors discussed in the case law described above, it is respectfully submitted that the Settlement Agreement satisfies the relevant factors:

    a. In light of the risk of taking the matter to trial, the Trust submits that the benefits of the settlement outweigh the risk, expense and delay of trial;

    b. In the event the settlement is not approved, there is a prospect of a complex and protracted litigation;

    c. The Oversight Committee representing the beneficiaries of the Trust has approved the settlement;

    d. The Trust submits that the proposed benefit to be received through the LGD settlement payment represents a material benefit to the Trust;

  e. The nature and breadth of the release contemplated in the Settlement Agreement is reasonable and consistent with settlements of this type.

  f. All parties to the settlement are represented by competent and experienced counsel.

25. The Settlement Agreement was the result of protracted arms-length bargaining, and was not the product of any fraud or collusion. *See Protective Comm. for Indep. Stockholders v. Anderson*, 390 U.S. 414, 424-425 (1968).

26. For the foregoing reasons, the Trust respectfully submits that the Settlement Agreement represents a fair and equitable compromise, a sound exercise by the Trustee of his business judgment and a decision that is in the best interest of the beneficiaries of the Trust. Certainly, the Settlement Agreement is well above the lowest point on the range of reasonableness. Accordingly, the Trust respectfully submits that the Court should approve the compromise of claims as embodied in the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

## Conclusion

27. For the foregoing reasons, the Trust respectfully submits that the Settlement Agreement represents a fair and equitable compromise, a sound exercise by the Trustee of his business judgment and a decision that is in the best interest of the beneficiaries of the Trust. Certainly, the Settlement Agreement is well above the lowest point on the range of reasonableness. Accordingly, the Trust respectfully submits that the Court should approve the compromise of claims as embodied in the Agreement pursuant to Bankruptcy Rule 9019(a).

28. Notice of this Motion will be given to parties-in-interest in accordance with the Case Management Order. The Trust submits that no other or further notice is required.

29. No previous motion for the relief requested herein has been made to this or any other court.

30. Pursuant to Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Trust respectfully requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

WHEREFORE, for the reasons set forth herein, the Trust respectfully requests the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement and granting such other and further relief as is just and proper.

Dated: Richmond, Virginia
November 1, 2012

By:     */s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA  23219
Telephone: (804) 783-8300

-and-

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

EXHIBIT A

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| *Counsel to the Circuit City Stores, Inc.* | *Counsel to the Circuit City Stores, Inc.* |
| *Liquidating Trust* | *Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

## ORDER APPROVING AGREEMENT BETWEEN THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND LGD ENTITIES

This matter coming before the Court on the Motion For Entry Of An Order Approving Settlement Agreement Between The Circuit City Stores, Inc. Liquidating Trust (the "Trust" and/or the "Liquidating Trust") and LGD (the "Motion") filed by Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Liquidating Trust; the Court (a) having reviewed the Motion and all pleadings relating thereto and (b) having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the Settlement Agreement between the Trust and LGD is (i) fair and reasonable, (ii) a reasonable exercise of the Trust's sound business judgment and (iii) in the best interests of the Trust, its estate and

creditors; (d) notice of the Motion and the Hearing was proper and adequate under the circumstances and no other or further notice is necessary; and (e) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. All capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

3. Pursuant to Bankruptcy Code section 105 and Bankruptcy Rule 9019, the Settlement Agreement is APPROVED in all respects.

4. The Trust and the Trustee are authorized to take all actions necessary to effectuate the Settlement Agreement and the relief granted pursuant to this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____       _____
      Richmond, Virginia                                The Honorable Kevin R. Huennekens
                                             United States Bankruptcy Judge

**WE ASK FOR THIS:**

 */s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No.  34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

3

**EXHIBIT B**

**(TO BE FILED UNDER SEAL)**