IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 12446 |

**RESPONSE OF INLAND TO LIQUIDATING TRUST'S SIXTY-FOURTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION
OF CERTAIN PARTIALLY INVALID CLAIMS)**

Inland Western Avondale McDowell, L.L.C. and Inland Western Columbus Clifty, L.L.C. (together, "Inland"), by and through their undersigned counsel, hereby respond ("Response") to the Liquidating Trust's ("Trust") *Sixty-Fourth Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims)* (D.I. 12446) ("Objection"), and in support thereof, respectfully state as follows:

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland was a party to various leases of non-residential real property with the Debtors for premises located in, *inter alia*, Avondale, Arizona and Columbus, Indiana (each, a "Lease" and together, the "Leases"). The Leases were rejected following the Petition Date.

---

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | Karen C. Bifferato, Esquire (No. 3279) |
| Michael D. Mueller, Esquire (VSB No. 38216) | Kelly M. Conlan, Esquire (No. 4786) |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | CONNOLLY GALLAGHER LLP |
| CHRISTIAN & BARTON, LLP | The Brandywine Building |
| 909 East Main Street, Suite 1200 | 1000 West Street, 14th Floor |
| Richmond, Virginia 23219 | Wilmington, Delaware 19801 |
| Telephone: (804) 697-4100 | Telephone: (302) 757-7300 |
| Facsimile: (804) 697-6112 | Facsimile: (302) 757-7299 |
| | |
| Counsel to Inland | Counsel to Inland |

3.     Pursuant to the Leases, the Debtors were required to make certain payments arising out of their use of the leased premises (such as, among other things, rent, real property taxes and assessments, and common area maintenance charges).  The Debtors did not fully comply with their payment obligations under the Leases, and various amounts were due and owing to Inland for the period of time, *inter alia*, prior to the Petition Date and relating to rejection damages.

4.     Accordingly, Inland timely filed various proofs of claims against the Debtors' estates.  Inland's claims with respect to the Leases (as implicated by the Objection) were docketed as claim numbers 8943 and 12642 (collectively, the "Claims").

5.     On September 28, 2012, the Trust[1] filed the Objection.  In the Objection, the Trust seeks to reduce the Claims in part as they "assert . . . amounts for which the Debtors are not liable." *Objection*, ¶ 24.

## INLAND'S RESPONSE TO THE OBJECTION

6.     Inland objects to the Trust's proposed partial reduction of the Claims.

7.     Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and the amount of the claim.  Fed. R. Bankr. P. 3001(f)*; In re Planet Hollywood Int'l,* 274 B.R. 391, 394 (D. Del. 2001).  "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence.*"  *See In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993)

---

[1]  The *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (D.I. 8252) ("Plan") became effective on November 1, 2010 ("Effective Date"), and pursuant to the terms thereof, the Trust was established and became effective on the Effective Date.  The Trust assumed the right and responsibility to, *inter alia*, object to claims.

2

(emphasis added). To overcome this presumed validity, the Trust must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *See In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

8.  Inland timely filed the Claims and the Claims set forth and establish the amounts owed to Inland and the basis therefore. While the Trust has summarily set forth the amounts due and owing based on the Debtors' books and records with respect to the Claims, the Trust has not presented any evidence or alleged any facts to refute the calculations contained in the Claims. Therefore, the Trust cannot overcome the presumptive validity of the Claims.

9.  The Trust's bare allegation that it believes the liabilities (i) are asserted in other claims, (ii) have already been satisfied by the Debtors, or (iii) are disputed by the Debtors, is insufficient to satisfy the Trust's burden. *See Objection*, ¶ 25. Inland respectfully submits that the Trust has failed to overcome the *prima facie* validity of the Claims and, thus, the Objection should be denied.

WHEREFORE, for the reasons set forth herein, Inland respectfully requests that the Court enter an order consistent with the responses contained herein, and that grants any such other and further relief as the Court deems just and proper.

Dated: November 12, 2012                **CHRISTIAN & BARTON, LLP**

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

**-and-**

Karen C. Bifferato, Esquire (No, 3279)
Kelly M. Conlan, Esquire (No. 4786)
CONNOLLY GALLAGHER LLP
The Brandywine Building
1000 West Street, 14th Floor
Wilimington, Delaware 19801
Telephone:  (302) 757-7300
Facsimile:  (302) 757-7299
Email:  kbifferato@connollygallagher.com
Email:  kconlan@connollygallagher.com

### CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 12th day of November 2012, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

| | |
|---|---|
| Jeffrey N. Pomerantz, Esquire | jpomerantz@pszjlaw.com |
| Andrew W. Caine, Esquire | acaine@pszjlaw.com |
| Lynn L. Tavenner, Esquire | ltavenner@tb-lawfirm.com |
| Paula S. Beran, Esquire | pberan@tb-lawfirm.com |

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1329941

4