

**Addendum to Proof of Claim**

**Introduction:**

    Abiline-Ridgemont, LLC, ("**A-R**"), successor by foreclosure to the rights of Novogroder/Abiline, LLC, as assignee of Lakepointe Texas Investment Properties, LLC, asserts its unsecured, non-priority claim arising from its rights as lessor under that certain Lease with Circuit City Stores, Inc. ("**Debtor**") having an original date of March 31, 2000 (collectively, the "**Lease**") with respect to what has been identified herein as Store No. 3212. A copy of the Lease is appended hereto as Exhibit "1A" and incorporated herein; a copy of the Assignment of Leases and Rents is attached as Exhibit "1B"; and the Trustee's Deed and Bill of Sale is attached as Exhibit "1C" (note property description in Lease and Assignment as being same real estate). A-R's claim against the Debtor include the following:

- Amounts owed on the Petition Date (November 10, 2008); and

- Amounts constituting rejection damages.

Exhibit "2" evidences the tax amounts from which portions of the bases of the claim amounts were derived. Exhibit "3" reflects the cost of insurance premiums paid by A-R to secure insurance coverage for the premises for a one year period. The Debtor was obligated as a component of rent under the Lease to pay all taxes and provide insurance coverage.

**Pre-Petition Amounts:**

    1.    On the Petition Date, the Debtor was in default under the Lease for non-payment of ad valorem real property taxes in the following amount:

    2008 Ad Valorem Property Taxes    $ 79,199.93 (*see* Ex. 2)
    (313 days x $253.034932 *per diem*)

    2.    The Debtor never paid November rent, and the portion accrued prior to the Petition Date (November 1-9) is owed in the following amount:

    9 days rent    $ 10,432.50
    (9 days x $1,159.17 *per diem* ($34,775 ÷ 30 days)

    Accordingly, A-R holds an allowed pre-petition claim, exclusive of its rejection damages as calculated hereinbelow, in the aggregate amount of **$89,632.43**.

### Addendum to Proof of Claim

**Lease Rejection Damages:**

The remaining term of the Lease is through March 31, 2022. Annual rent thereunder is $417,300, plus Taxes, plus insurance on the premises (*see* Exhibit "3"). Taxes for 2009 have been estimated using the amount assessed by Taylor County, Texas, and paid by A-R for 2008 taxes:

| | |
|---|---|
| Rent | $ 417,300.00 |
| Taxes | + 92,357.75 |
| Insurance (A-R annual premium) | + 7,603.32 |
| TOTAL | $ 517,261.07 |

Applying this annual aggregate rent number of $517,261.07 in accordance with § 502(b)(6) and the calculation of the maximum damages allowable, the following shows that the maximum allowable amount of rejection damages is 15% of remaining rents:

Greater of:  (a) 1 year's rent                                                                $ 517,261.07
    and (b) the lesser of:
        (i) 15% of remaining rents ($517,261.07 x 13 years x 15%) $ 1,008,659.09
        and (ii) 3 years' rents ($517,261.07 x 3yrs)                      $ 1,551,783.21

Accordingly, A-R holds an allowed claim for rejection damages under § 502(b)(6) in the amount of **$1,008,659.09**.

**TOTAL OF UNSECURED CLAIMS:**

| | |
|---|---|
| Pre-Petition | $ 89,632.43 |
| Rejection Damages | + 1,008,659.09 |
| **Total Claim** | **$ 1,098,291.52** |