```
                  UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF VIRGINIA


IN RE:                        .    Case No. 08-35653 (KRH)
                              .
                              .
                              .    Chapter 11
                              .    Jointly Administered
CIRCUIT CITY STORES,          .
INC., et al.,                 .    701 East Broad Street
                              .    Richmond, VA 23219
                              .
         Debtors.             .
                              .    November 14, 2012
. . . . . . . . . . . . . .        1:06 p.m.


                       TRANSCRIPT OF HEARING
                BEFORE HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Tavenner & Beran, PLC
                         By:  LYNN L. TAVENNER, ESQ.
                         20 North Eighth Street, 2nd Floor
                         Richmond, VA 23219
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1        COURTROOM DEPUTY:  All rise.  The court is now in
2   session.  Please be seated and come to order.
3        COURT CLERK:  In the matter of Circuit City Stores,
4   Incorporated, hearings on Items 1 through 5, as set out on
5   today's agenda.
6        MS. TAVENNER:  Good afternoon, Your Honor.
7        THE COURT:  Good afternoon, Ms. Tavenner.
8        MS. TAVENNER:  Lynn Tavenner of the law firm of
9   Tavenner & Beran, appearing on behalf of the Trust.  With me
10  today at counsel table is Ms. Bradshaw whom you've met many
11  times.
12       THE COURT:  I have.
13       MS. TAVENNER:  We have five matters on the docket
14  today, the first of which is a matter that's been pending for a
15  while.  It's a status hearing with respect to an adversary that
16  was filed against iProspect.com, Inc.  I'm happy to report,
17  Your Honor, that we have settled all of the matters relating to
18  that adversary, and as a result this matter can come off the
19  court's docket.
20       THE COURT:  Okay, very good.
21       MS. TAVENNER:  The next matter, Your Honor, relates
22  to another adversary against B.R. Fries & Associates.  Your
23  Honor, we are still exchanging information.  There has been an
24  initial mediation but we have not come to a resolution at this
25  point.  But at the present time the Trust still believes that

1  it would be productive to request, Your Honor, for another
2  continuance and to set this matter down again for December 6th.
3          THE COURT:  All right.  We'll continue that to
4  December 6.
5          MS. TAVENNER:  Thank you, Your Honor.  The next
6  matter relates to the adversary proceeding filed against
7  Interactive Toy Concepts.  Your Honor, we filed a motion to
8  strike the answer and to enter a default judgment.  And with
9  respect to that, Your Honor, we did go ahead at Your Honor's
10 suggestion, held a mediation in our offices on Monday of this
11 week and I'm happy to report that we did settle the matter in
12 concept.  It is pending documentation of the same.  As a
13 result, we would request that this matter be continued until
14 December 6th at 2 p.m. to allow us to document and consummate
15 the settlement.
16         THE COURT:  December 6th, you say?
17         MS. TAVENNER:  Yes, Your Honor.
18         THE COURT:  Who is the mediator and got this
19 resolved?
20         MS. TAVENNER:  Mr. Phillips, Your Honor.
21         THE COURT:  Excellent.  Thank you.
22         MS. TAVENNER:  Sure.  The next matter, Item 4, is
23 motion for entry of an order approving a settlement between
24 Circuit City Stores, Inc. and entities -- and Chi Mei entities,
25 which actually is more than one entity.  Your Honor, this

Main Document    Page 4 of 11
4

1  matter is being filed -- the settlement agreement is being
2  filed, at the request and approval of Your Honor, under seal.
3  Unfortunately, I believe there was a glitch and the order has
4  not yet been entered, or it may have been entered within the
5  last few moments.  As a result --
6         THE COURT:  We've been looking for that order.  We
7  don't have it yet.
8         MS. TAVENNER:  I think you do at this point.  We
9  tendered it on November 1st, the day after the hearing.  We
10 followed up with the clerk's office.  We forwarded it to them
11 again.  I believe at this point that it has been tendered to
12 your chambers.  I will --
13        THE COURT:  That order will be entered.  As I said
14 already, I'll permit it to be filed under seal.  And I believe
15 you already filed the document under seal.
16        MS. TAVENNER:  I have not filed it electronically
17 under seal.  I have made sure that Your Honor had it available
18 to review.
19        THE COURT:  That's what I was talking about.
20        MS. TAVENNER:  I also will advise the Court, Your
21 Honor, that we did proceed under your oral ruling, and with
22 respect to any parties that contacted Mr. Caine as provided in
23 the motion we did submit the information to anyone signing it
24 -- an NDA.  I do believe that there is at least one party on
25 the phone, Centurion Capital, that did indeed sign an NDA.

1         THE COURT: Very good. And they did receive a copy
2    then?
3         MS. TAVENNER: Yes, Your Honor.
4         THE COURT: Okay.
5         MS. TAVENNER: I would ask Your Honor, if you could
6    confirm that there is no one on the record since this is a
7    sealed matter, at this point, on the telephone.
8         THE COURT: All right. Is there any party on the
9    telephone who has not signed the confidentiality provision?
10                   (No audible response)
11        THE COURT: All right. I don't hear anybody, so I'm
12   going to take that as no.
13        MS. TAVENNER: I -- thank you, Your Honor. I always
14   get nervous when we have people appearing by telephone. I am
15   glad that you have had the opportunity to review the underlying
16   settlement agreement.
17        THE COURT: And let's just say for the record there's
18   nobody else in the courtroom at this point either, so that the
19   courtroom is sealed, as well.
20        MS. TAVENNER: Thank you. I appreciate that, Your
21   Honor. This settlement relates to an overarching litigation
22   that's been filed and pending in several different
23   jurisdictions. There's multi-district litigation, as well as
24   the Trust itself hired its own law firm to initiate an action
25   out in the Northern District of California. This relates to

1  certain LCD issues.  There were multiple defendants, and Your
2  Honor might recall that we have already settled with a few
3  defendants.  However, there are additional defendants and that
4  is the reason that prompted the request to seal the record in
5  the first instance.
6          We believe that we have reached a very good
7  settlement with the Chi Mei entities, and I apologize to them
8  if I am not saying their name correctly.  We are eager to have
9  the settlement approved because there is a payment that -- the
10 payments are due and the first one doesn't spring until we have
11 the order and a few days after the effective date.  So we are
12 eager to have it approved.
13         If Your Honor has specific questions with regard to
14 the settlement agreement, I'm happy to answer them.  But we
15 believe that, from a monetary standpoint, we have a very
16 favorable settlement and would request Your Honor to approve
17 the motion.
18         THE COURT:  All right.  The -- it looked like the
19 effective date was defined in Paragraph 5 of your settlement
20 agreement --
21         MS. TAVENNER:  Yes, sir.
22         THE COURT:  -- and it did tie to the date upon which
23 the order was -- approving the settlement agreement was final
24 and non-appealable and which is satisfactory to the Court.  Of
25 course, the confidential part of the agreement is the

1  consideration that the debtor is receiving and the Court is
2  familiar with that, having reviewed the document, and is
3  perfectly comfortable with the amount.
4      Is there any party that wishes to be heard in
5  connection with the proposed settlement?
6      (No audible response)
7      THE COURT: All right, Ms. Tavenner. The Court
8  having reviewed the agreement and as previously stated, the
9  Court being aware of the consideration that the estate is
10 receiving and the Court being satisfied with that amount, the
11 Court finds that the settlement should be approved in the
12 exercise of the debtor -- trustee's reasonable business
13 judgment and that the settlement is in the best interest of the
14 liquidating trust. And so the Court will approve the
15 settlement and release and enter an order to that effect.
16     MS. TAVENNER: Thank you, Your Honor. I will tender
17 that order electronically when I get back to my office.
18     THE COURT: We can only hope we have better luck with
19 this than the other one.
20     MS. TAVENNER: Well, we will follow up to make sure
21 that it is received through the BOPS system.
22     THE COURT: All right. Now, let me ask this
23 question. I've got a copy, now, the hard copy of the
24 settlement agreement so that I was able to read this before we
25 came in today. You'll be filing the appropriate one under

1  seal, electronically, once that order is entered.  Can I tender
2  this original back to you at this point in time just so that we
3  make sure that we're keeping track of all of the different
4  documents?
5          MS. TAVENNER:  Yes, Your Honor.  I would suggest that
6  that would be the appropriate procedure, given the new rules
7  with the clerk and the electronic filing of the sealed
8  documents.
9          THE COURT:  That was the Court's preference.
10         MS. TAVENNER:  Right.  Thank you, Your Honor.
11         THE COURT:  Thank you.
12         MS. TAVENNER:  That just leaves us with one
13 additional motion on the docket, which again relates to the
14 same overarching LCD litigation.  We have reached an agreement
15 with some additional entities that we refer to as the LGD
16 entities.  Similarly, Your Honor, we are now before you with
17 the same request to approve the -- that the documents relating
18 to the settlement with those entities again be filed and
19 tendered to you under seal in advance of the upcoming hearing
20 that's scheduled on the substantive motion.  It's the identical
21 motion related to the Chi Mei settlement.
22         THE COURT:  All right, very good.  So this is -- and
23 you have entered into a settlement agreement with these
24 defendants?
25         MS. TAVENNER:  Yes, Your Honor.  I have the agreement

1  in my office.

2  THE COURT: All right, very good. Does any party
3  wish to be heard in connection with the motion for the entry of
4  an order providing for certain documents to be filed under seal
5  and establishing procedures to protect the confidentiality of
6  the information?

7  (No audible response)

8  THE COURT: All right. There being no objection, Ms.
9  Tavenner, and the Court being familiar with this procedure in
10 the last matter, the Court will approve this procedure for this
11 settlement, as well, on the same terms. And I'll look for your
12 order to that effect. Have you noticed up this hearing on the
13 underlying settlement?

14 MS. TAVENNER: Yes, Your Honor, we did. In fact, we
15 asked you for a special hearing date in order that we could
16 provide the 21-days notice. And you gave us a hearing date in
17 the week following the December 6th omnibus date.

18 THE COURT: All right.

19 MS. TAVENNER: I can't recall if it's the 14th. It's
20 some time during that week.

21 THE COURT: Very good. I remember giving that date.
22 I just didn't know what it was for. Now, I do. Thank you.

23 MS. TAVENNER: Thank you, Your Honor.

24 THE COURT: All right.

25 MS. TAVENNER: That concludes all the matters that

1  are on the docket for today, unless Your Honor has any
2  questions of the Trust.
3         THE COURT: I had a question. It pertains actually
4  to the mediation session I believe that you had yesterday.
5         MS. TAVENNER: Yes.
6         THE COURT: And my question is, did we get that
7  matter resolved?
8         MS. TAVENNER: Well, we did not get it resolved,
9  though Judge Santoro has given --
10        THE COURT: Why is Ms. Bradshaw looking so glum?
11        MS. TAVENNER: She was hopeful. Judge Santoro has
12 given both sides some additional assignments and we are going
13 back and completing those assignments and are due to get back
14 with him the second week of January with regard to the
15 assignments that he's given us. And the Trust remains hopeful
16 that we will at the end of the day be able to reach a mediated
17 resolution and not have to bother Your Honor with this matter.
18        THE COURT: All right.
19        MS. TAVENNER: I appreciate you allowing us to
20 utilize the judicial mediation in this one. It's just so big.
21 It's been very helpful to have Judge Santoro participate.
22        THE COURT: Well, I'm glad that he's able to do that
23 and I hope that it does assist the parties in being able to get
24 this matter resolved. There's no reason to set a trial date or
25 anything in the matter at this point in time.

1        MS. TAVENNER:  We don't believe so, Your Honor.

2        THE COURT:  Okay, very --

3        MS. TAVENNER:  We're happy to report back in January.

4        THE COURT:  And that'll be fine.  Just let me know
5   how that works, and as long as we're making progress, I'm
6   satisfied with it.  I just was glad to receive the update so I
7   knew where things stood.

8        All right.  Is there anything else that we need to
9   take up, then?

10        MS. TAVENNER:  No, Your Honor.

11        THE COURT:  Okay.  Thank you very much.  We'll be
12  adjourned.

13        MS. TAVENNER:  Thank you.

14        COURTROOM DEPUTY:  All rise.  Court is now adjourned.

15                          * * * * *

16                      **C E R T I F I C A T I O N**

17        I, STEPHANIE SCHMITTER, court approved transcriber,
18  certify that the foregoing is a correct transcript from the
19  official electronic sound recording of the proceedings in the
20  above-entitled matter, and to the best of my ability.

21

22

23  /s/ Stephanie Schmitter

24  STEPHANIE SCHMITTER

25  J&J COURT TRANSCRIBERS, INC.          DATE:  November 25, 2012