

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al, | : | Case No. 08-35653-KRH |
| | : | |
| Debtors | : | |
| | : | |

## RESPONSE OF CLAIMANT SUSAN RICHARDSON
## TO LIQUIDATING TRUST'S SIXTIETH OMNIBUS
## OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)

**I.  Claimant Name and contact information:**

    A.  Name: Susan Richardson
    B.  Address:   4720 Sadler Green Pl.,
                    Glen Allen, VA 23060

    C.   Phone: 804.527.0160 (home); 804.363.1464 (mobile)

**II. Amount of Claim: $20,000.00**

**III. Explanation for Amount of Claim:** Exhibit A, timely filed on June 30, 2009, sets for the basis for Claimant's entitlement to the Administrative Expense claimed.

**IV. Miscellaneous Additional Information:**

    A.  <u>Settlement Authority.</u> The Claimant, Ms. Richardson, has sole settlement authority.

    B.  <u>Declaration of a person with personal knowledge of the relevant facts.</u>  The Claimant has direct, personal knowledge of the relevant facts and has prepared the sworn declaration included as Exhibit E.

**V.  Legal Argument In Support of Overruling Trust's Objection to Ms. Richardson's Claim**

In its Sixtieth Omnibus Objection to Claims (the "Sixtieth Objection"), the
Liquidating Trust seeks to disallow Ms. Richardson's claim for Administrative
Expenses filed on June 30, 2009 (the "Richardson Claim"), asserting that such claims
were not timely filed. The Sixtieth Objection is without merit. As explained in detail
below and reflected in the Exhibits that accompany this Response, the Richardson
Claim was filed on time and in accordance with the Court-established procedures.
For this reason, the Sixtieth Objection should not be sustained.

A.  Factual Background

The Claimant is a former employee of Circuit City. Exh. A. On or about May 25,
2009, the Claimant received a "Notice of Deadline for Filing Administrative
Expense Request" dated May 15, 2009 (the "Notice"). Exh. B.

The Notice identified the Claimant as a potential holder of a claim for an
Administrative Expense Request (as that term is defined in the Bankruptcy Code)
and established a deadline of 5:00 p.m. Pacific Standard Time on June 30, 2009,
to submit such requests. Id. at 1.

The Notice, which was filed by counsel for Debtor, directed Claimant to deliver
the submission by "mail, hand delivery or overnight courier" to the following
address:

> Circuit City Stores, Inc., et al.
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

Id. at 2.

As required by the Notice, on June 26, 2009, Claimant sent (via United States
Express Mail Next-Day delivery) two separate Administrative Requests and
documentation to substantiate each. Claimant sent her submission to the address
provided in the Notice. Exh C.

Shortly thereafter, the Claimant received a postcard notifying her that the
Richardson Claim had been received on June 30, 2009 (the "Postcard"). Exh. D.
The Postcard identifies the sender as Kurtzman Carson Consultants, LLC. The
Postcard states in pertinent part:

**PROOF OF CLAIM CONFIRMATION**
Your proof of claim filed against **Circuit City Stores, Inc.**, case no **08-35653** was received on **6/30/2009** and assigned claim number **13958**.
[emphasis in original]

B. Legal Arguments

In the Sixtieth Objection, the Liquidating Trust falsely asserts that the Richardson Claim is barred because it was not timely filed. The Richardson was timely filed, as Exhibit D to this Response demonstrates. Further, the documentation the Liquidating Trust submitted with its Objection directly refutes the assertion that the Richardson Claim was untimely. For these reasons, the Sixtieth Objection should be overruled and the Richardson Claim permitted to proceed.

1. **The Richardson Claim (Claim Number 13958) Was Timely Filed on June 30, 2009, and Debtor Expressly Acknowledged This Via Postcard.**

The fact that the Richardson Claim was timely filed is proven by the Postcard sent to the Claimant by Kurtzman Carson Consultants, the agent designated by counsel for Debtor to receive Administrative Expense Requests. The Postcard expressly acknowledges that the Richardson Claim was received on June 30, 2009, precisely as required by the Notice and consistent with the deadline established for such a claim. Though the Liquidating Trust contends that the Richardson Claim is time-barred, the Postcard clearly shows that it is not. Therefore, the Sixtieth Objection should be overruled and the Richardson Claim permitted to proceed.

2. **Exhibit C to the Sixtieth Objection Admits That The Richardson Claim Was Filed On June 30, 2009, And Was Timely.**

Paragraph 14 of the Sixtieth Objection admits that the deadline for filing all Administrative Expense Requests was June 30, 2009. *Sixtieth Objection* at 5. Exhibit C to the Sixtieth Objection lists the Administrative Expense Requests alleged to be time barred and the date on which those Requests were received. The final entry on Page 25 of the Sixtieth Objection lists the Richardson Claim. The "Date Filed" column states that the Richardson Claim was filed on June 30, 2009. Exhibit C, the only evidence the Liquidating Trust offers regarding timeliness, does not support the Objection and, instead, demonstrates why it is without merit and must be overruled.

C. <u>Request For Relief</u>

Based on this Response and the evidence offered to support it, the Claimant respectfully requests that the Court overrule the Liquidating Trust's Sixtieth Objection.

Respectfully submitted,

*Susan Richardson*

Susan Richardson, Claimant (Pro se)

4720 Sadler Green Pl.
Glen Allen, VA 23060

## CERTIFICATE OF SERVICE

A true and complete copy of this Response was served on counsel for the Liquidating Trust by
the methods and to the addresses indicated below:

*Susan Richardson* Date: 11-20-12

Susan Richardson, Claimant


**BY: U.S. MAIL EXPRESS DELIVERY TO:**
Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219
Phone: 804-783-3800

**BY U.S. MAIL EXPRESS DELIVERY TO:**
Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
Phone: 310-277-6910

EXHIBIT E

## DECLARATION OF SUSAN RICHARDSON IN SUPPORT OF THIS RESPONSE

The declarant, Susan Richardson, hereby swears and affirms:

I, Susan Richardson, am the Claimant in this matter. I personally prepared and filed the Richardson Claim. Therefore, I have direct personal knowledge of the relevant facts that support this Response.

As indicated in the Response itself, I filed the Richardson Claim in compliance with the instructions set forth in the Notice. I sent the Richardson Claim via U.S. Mail (as expressly permitted, per the Notice) on June 26, 2009.

I received a postcard from the agent designated to receive Administrative Expense Requests informing me that the Richardson Claim was received on June 30, 2009.

Further the declarant sayeth not.

_Susan Richardson._          Date: _11 - 20 - 12_
Susan Richardson

**NOTARY STATEMENT**

City/County of _Henrico_
Commonwealth of Virginia

The foregoing instrument was subscribed and sworn
before me this _20_ day of _Nov_, 20 _12_ by
_Elaine Lewis_

_____
Notary Public's signature
Notary registration number: _325264_
My commission expires: _07|31|2014_

NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
ELAINE LEWIS
REGISTRATION NO. 325264
Cancelation Date: 07-31-2014

Circuit City Stores. Inc., et a
Claims Processing Dep:
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo. VA 90245

June 25, 2009

Re: ADMINISTRATIVE EXPENSE REQUEST, CASE NO. 08-35653
(CIRCUIT CITY STORES, INC. ET AL)

To Whom It May Concern:

I am a former Circuit City employee and received on or about May 25, 2009, the attached
Notice of Deadline for Filing Administrative Expense Request (the "Notice") dated May
15, 2009. This Notice (attached hereto as Exhibit A) identified me as a potential holder
of an Administrative Expense Request and noted that any Administrative Expense
Requests (as that term is defined in the Bankruptcy Code) must be received by 5:00 p m.
Pacific Standard Time on June 30, 2009.

The following submission, which is timely filed and prepared in accordance with the
requirements of the Notice, documents my Administrative Expense Request and my
entitlement to payment.

1.  **Description of Administrative Expense Request:** Cash Retention Award

2.  **Amount of Administrative Expense Request:** $20,000.00 USD

3.  **Debtor Against Which the Administrative Expense Request is Asserted:**
    Circuit City Stores, Inc. et al.

4.  **Factual and Legal Basis for the Administrative Expense Request:**

    a.  **Factual background:** From August 1992 to March 2009, I was
        employed on a full-time basis by Circuit City, most recently as a Senior
        Buyer (a position I held from September 2003 – March 2009). As a
        Senior Buyer, I was responsible for a category whose revenues totaled
        $650 million. This business category was extremely profitable, even as
        other portions of the company faltered. From 2005-2007, I was
        responsible for doubling the category's business in terms of revenue,
        while increasing market share by 50 basis points. I earned two
        consecutive performance ratings of 5 out of 5 (the highest possible
        rating) in 2007 and 2008, which were the company's last two rating
        periods. In recognition of my performance and the results I achieved
        for the company, I received a letter from the Compensation and

Personnel Committee of the Board of Directors of Circuit City Stores,
Inc., notifying me that I was awarded on January 1, 2008, a "special
cash retention award" in the amount of $40,000 (the "Award"). A copy
of the award letter is attached hereto as Exhibit B.

The stated purpose of this Award was to "reward, motivate and retain
management personnel who are key to the Company's turnaround
efforts and long term success." The Award letter specified that 50% of
the total cash retention award would vest on January 1, 2009 (and
would be paid within 75 days of that date), with the remainder to vest
on January 1, 2010. The Award was contingent upon my continued
employment with the company through the specified vesting date and
upon my acceptance of the additional terms set forth in the Award
letter. I signed the Award letter on January 9, 2008. From the date of
the letter through Circuit City's liquidation on January 16, 2009, I was
continuously employed on a full-time and active basis with the
company on January 1, 2009, and was entitled to payment of 50% of the
$40,000 award as of January 1, 2009. Circuit City did not change the
terms of this Award letter post-petition.

b.    **Legal basis for Administrative Expense Request:** The portion of the
Award that vested on January 1, 2009, constitutes an Administrative
Expense as that term is defined in the Order. According to the Order,
the meaning of "Administrative Expense" includes "any right to
payment, whether or not such right is reduced to judgment, liquidated,
unliquidated, contingent   " that meets the additional criteria of
Sections 365(d)(3) [Executory contracts] or 503(b) [Administrative
Expenses]. Section 503(b)(1)(A) of the Code provides that the
administrative expenses that "shall be allowed" include "the actual,
necessary costs and expenses of preserving the estate, including wages,
salaries, or commissions for services rendered after the commencement
of the case." One of the purposes of this provision is to ensure that
those non-debtors who provide benefits to the debtor after filing the
bankruptcy petition receive full consideration for those benefits and to
motivate those non-debtors to act in furtherance of the company's
interest. See, e.g., *U.S. Airways, Inc.*, 329 B.R. 793 (E.D.Va. 2005).

The Award Circuit City granted to me constitutes a "necessary expense
of preserving the estate" because the expected payment of this Award
motivated me to continue my employment with Circuit City and to
maintain the successful performance of my business category post-
petition. In *U.S. Airways*, the court approved payment of severance
packages post-petition to management employees below the officer
level. The court based its decision in part upon the fact that the
company had already lost a significant number of management
employees and, if unable to promise post-petition payment of severance

packages, would lose so many additional management employees that
its chances of emerging from Chapter 11 would be severely jeopardized
as a result. *U.S. Airways* at 801.

Though the administrative expense at issue in the instant case is a
special cash Award rather than a severance package, this case bears
significant similarities to the facts in *U.S. Airways*. Circuit City filed its
Chapter 11 petition on or about November 9, 2008. I elected to remain
an employee of the company after the bankruptcy filing in expectation
of receipt of my regular salary, as well as the $20,000 portion of the
Award slated to vest on January 1, 2009. Had I received notification
that the company would not pay the initial 50% of the Award in full, I
would likely have pursued employment elsewhere. Like the employees
in *U.S. Airways*, the services I rendered to the Company post-petition
(including through the end of Circuit City's wind-down efforts) were
vital to preserving the bankruptcy estate and to maximizing the
Company's chances of emerging from Chapter 11. I was responsible
for managing one of the top-performing, "stake-in-the-ground"
businesses in the company and continued to preserve its existence and
profitability post-petition, despite extremely adverse circumstances.
Even after the company announced its pending liquidation, I worked to
collect as much revenue as possible under my category, which also
served to protect the bankruptcy estate. I personally facilitated the
collection of millions of profit dollars in the wind-down period. The
loss of my specific services would have further threatened a company
whose survival was already in serious jeopardy because other
employees did not have the requisite skills and experience necessary to
ensure the profitability of the video game category post-petition. Based
upon the rationale adopted by the court in *U.S. Airways*, my request for
payment of the Award should be granted.

For the reasons explained above, the portion of the Award that vested
on January 1, 2009, constitutes an Administrative Expense as defined
by the Order and compensable in full pursuant to Section 503(b)(1) of
the Bankruptcy Code. Circuit City's bankruptcy filing in November
2008 does not extinguish the company's obligation to pay the vested
portion of the Award granted to me in the amount of $20,000.

5    **Supporting Documentation:** The documentation supporting this Administrative
Expense Request referenced in the preceding paragraph is attached herein as
follows.

    a.    Attachment A: May 15 Notice

    b.    January 3, 2008, letter notifying Susan Richardson of the Award and its
terms and conditions.

I have prepared this submission based upon the facts and documentation available to me as of the date of this submission

*Susan Richardson*

Susan Richardson
Employee ID 10035536
Claimant
4720 Sadler Green Place
Glen Allen VA 23060
(804) 363 - 1464

10035536,Richardson,Susan
N/A, 1/1/2008, Cash

January 3, 2008

Susan Richardson
4720 Sadler Green Place
Glen Allen, VA  23060

Dear Susan:

Congratulations!  The Compensation and Personnel Committee of the Board of
Directors (the "Committee") has awarded you a special cash retention award (the
"Award") subject to the terms of this Award letter.  The purpose of this Award is to
reward, motivate and retain management personnel who are key to the Company's
turnaround efforts and long term success.  To accept this Award, please sign the
enclosed copy of this letter, and return it as indicated in item 6 below.

Subject to the requirements and limitations set forth in this Award letter, your
Award, Award Date, and Vesting Dates are as follows:

| | |
|---|---|
| Total Cash Retention Award: | $40,000 |
| Award Date: | January 1, 2008 |

| Vesting Dates | Vesting % |
|---|---|
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a
parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f)
of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to the above
Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing
and returning the enclosed copy of this letter, and (ii) your remaining continuously
employed on a full-time active basis with the Company through and including the
corresponding Vesting Date.  If you satisfy these requirements, the portion of your
Award that becomes vested will be paid to you in a single lump sum cash payment
within 75 days following the Vesting Date.  Your right to this Award is not contingent on
corporate or individual performance.

Forfeiture.  If prior to becoming fully vested in your Award, (i) your employment
with the Company terminates for any reason other than your death or permanent
disability, or (ii) your employment status with the Company changes to part-time, or
(iii) you retire from the Company, then the unvested portion of your Award will be
forfeited as of the date of your termination, change in status, or retirement, as the case
may be.

- 1 -

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

- 2 -

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

_Susan Richardson_
Associate Signature

Susan Richardson
Printed Name

1 - 9 - 08
Date

- 3 -

10035536, Richardson, Susan
N/A, 1/1/2008, PSU

January 3, 2008

Susan Richardson
4720 Sadler Green Place
Glen Allen, VA  23060

Dear Susan:

Circuit City Stores, Inc. (the "Company") would like to support our director-level associates through a "phantom stock" award program that provides an incentive to work for the Company's long-term success.  A phantom stock award generally consists of units, each with a value equivalent to one share of a company's stock, which is paid out at the end of a specified time period.

*I am pleased to inform you that, effective January 1, 2008, you have been awarded the following phantom stock units, each with a value equal to one share of Circuit City Common Stock, which will be payable in cash upon vesting:*

Number of Units:  9,525

Your award is subject to the conditions set forth in this letter and to your signing and returning the enclosed copy of this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years.  If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2008;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2009;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2010.

Units that vest will be paid out in cash following the end of the corresponding vesting period.  The vesting of all or part of a phantom stock award is a taxable event.  Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated <u>for any reason</u> on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

In the event of a stock split or combination of shares, or other such change in the Company's capital stock, without the receipt of consideration by the Company, the number of phantom stock units awarded hereunder will be adjusted accordingly.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer any of your units. Additionally, phantom stock units are not actual shares of stock and do not confer on you any rights as a shareholder of the Company. Consequently, you will not have the right to vote or receive dividends on the units.

In order for your award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008, to **757-299-8412**. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Susan Richardson
Associate Signature

Susan Richardson
Printed Name

1-9-08
Date

Exhibit B

ATTACHMENT A

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-35653
et al.,                         :
                                : Jointly Administered
            Debtors.            :
- - - - - - - - - - - - - - - x

### NOTICE OF DEADLINE
### FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

**TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY**

On May 15, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Administrative Bar Date Order") in the above captioned chapter 11 cases establishing **June 30, 2009 at 5:00 p.m. (Pacific Time)** as the administrative expense bar date

022324 14660 PRODUCT_1_DOMESTIC ID/028899/115594

(the "Administrative Bar Date") in the chapter 11 cases of the
above-captioned debtors and debtors in possession (collectively,
the "Debtors").[1] Except as described below, the Administrative
Bar Date Order requires all persons or entities holding an
Administrative Expense (as defined below) first arising (or,
only in the case of unexpired leases of real and personal
property, accruing) from and after November 10, 2008 (the
"Petition Date"), through and including **April 30, 2009** (such
period between the Petition Date and April 30, 2009, the
"Administrative Period") against any of the Debtors listed on
page 4 below, to file a request for payment of such
Administrative Expense (an "Administrative Expense Request") so
that such Administrative Expense Request is received on or
before **5:00 p.m.**, **Pacific Time, on June 30, 2009** -- the
Administrative Bar Date -- at the following address if delivered
by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc.**, **et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE
BANKRUPTCY COURT.**

### DEFINITION OF ADMINISTRATIVE EXPENSE

For purposes of this Notice, "Administrative Expense"
shall mean, as to or against any of the Debtors (a) any right to
payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured or unsecured; or
(b) any right to an equitable remedy for breach of performance
if such breach gives rise to a right to payment, whether or not
such right to an equitable remedy is reduced to judgment, fixed,
contingent, matured, unmatured, disputed, undisputed, secured or
unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or
503(b), including 503(b)(1) through (b)(8) of the Bankruptcy
Code, but excluding section 503(b)(9), and (2) first arose (or,
only in the case of unexpired leases of real and personal

---

[1]   **The Debtors and the last four digits of their respective taxpayer
      identification numbers are set forth at the end of this Notice.  The
      address for each of the Debtors is DR3 6th Floor, 9954 Mayland
      Drive, Richmond, VA 23233.**

2

property, accrued) from and after November 10, 2008, *i.e.*, the Petition Date, through and including April 30, 2009, *i.e.*, the Administrative Period.

### EXCLUSION OF 503(B)(9) ADMINISTRATIVE CLAIMANTS FROM ADMINISTRATIVE BAR DATE.

Any holder of a 503(b)(9) administrative claim/expense (each a "503(b)(9) Holder"), which claim/expense was required to be filed by December 19, 2009 (the "503(b)(9) Bar Date"), pursuant to order of this Court, is **not** now permitted to file an Administrative Expense Request. As set forth in the order establishing the 503(b)(9) Bar Date, any person or entity holding a claim/expense pursuant to Bankruptcy Code section 503(b)(9) that failed to file a claim/expense request on or before December 19, 2008, is forever barred and estopped from asserting a claim/expense pursuant to Bankruptcy Code section 503(b)(9) against the Debtors, their estates, or the property of any of them, absent further order of the Court.

### PERSONS OR ENTITIES WHO **MUST** FILE ADMINISTRATIVE EXPENSE REQUESTS

Pursuant to the Administrative Bar Date Order, all persons and entities (each as defined in the Bankruptcy Code) holding one or more Administrative Expenses against the Debtors, including, without limitation, any Administrative Expenses held by the officers and directors of the Debtors no longer employed or serving as of April 30, 2009, former employees of the Debtors no longer employed as of April 30, 2009, indemnitees, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions, governmental units, and non-Debtor parties to any unexpired leases or executory contracts (collectively the "Agreements") (individually, an "Entity" and collectively, "Entities") with any of the Debtors who allege that any amounts arising or accruing under any of the Agreements from and after the Petition Date are due, owing and unpaid as of April 30, 2009, are required to file an Administrative Expense Request on or before the Administrative Expense Bar Date.

### PERSONS OR ENTITIES WHO **NEED NOT** FILE ADMINISTRATIVE EXPENSE REQUEST

The following Entities are **not** at this time required to file an Administrative Expense Request:

3

022324_14660_PRODUCT_1_DOMESTIC_10/028899/115595

1.    Entities that have already properly filed an
Administrative Expense Request with the Court or KCC that
clearly sets forth that such party is asserting an
Administrative Expense.

2.    Entities whose Administrative Expense has been
previously allowed by order of the Court.

3.    Debtors holding an Administrative Expense against
another Debtor.

4.    Professional persons (i.e., attorneys, financial
advisors, accountants, investment bankers, real estate advisors,
"ordinary course professionals") retained by the Debtors or the
Creditors' Committee under Bankruptcy Code sections 327, 328 or
1103 and whose Administrative Expense is for services rendered
and reimbursement of expenses in these Chapter 11 cases;
provided, further, that any professional retained by court order
under Bankruptcy Code section 327, 328 or 1103 need not submit a
request for reimbursement of any expense under section 503(b)
for any period subsequent to the Petition Date until such
professional is so required under the Bankruptcy Code,
Bankruptcy Rules and orders of the Court.

## INFORMATION THAT MUST BE INCLUDED WITH
## YOUR ADMINISTRATIVE EXPENSE REQUEST

To be considered, each Administrative Expense Request
must (a) be in writing, (b) be denominated in lawful United
States Currency, (c) specify the Debtor against which the Entity
asserts the Administrative Expense (see additional requirements
below), (d) set for the with specificity the legal and factual
basis for the Administrative Expense, and (e) have attached to
it supporting documentation upon which the claimant will rely to
support the Administrative Expense Request.

## FILING ADMINISTRATIVE EXPENSE REQUESTS
## AGAINST MULTIPLE DEBTORS

Any Entity asserting Administrative Expenses against
more than one Debtor must file a separate Administrative Expense
with respect to each such Debtor.  All Entities must identify in
their Administrative Expense Request the particular Debtor
against which their Administrative Expense is asserted and the
case number of that Debtor's bankruptcy case.  An Administrative
Expense Request listing no reference to a particular Debtor or

4

an Administrative Expense Request listing all of the Debtors
will be deemed filed against Circuit City Stores, Inc., Case No.
08-35653.

## CONSEQUENCES OF FAILURE TO FILE
## ADMINISTRATIVE EXPENSE REQUESTS

**Any holder of an Administrative Expense that is
required to file (but fails to file) an Administrative Expense
Request in accordance with the procedures set forth herein on or
before the Administrative Bar Date (a) shall be forever barred,
estopped, and enjoined from asserting any Administrative Expense
against the Debtors and the Debtors (shall be forever discharged
from any and all indebtedness or liability with respect to such
Administrative Expense and (b) shall not be permitted to receive
payment from the Debtors' estates or participate in any
distribution under any plan or plans of liquidation in the
Debtors' chapter 11 cases on account of such Administrative
Expense.**

## TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

A signed original of Administrative Expense Request,
together with accompanying documentation, must be **delivered so
as to be received** no later than 5:00 p.m., Pacific Time on or
**before June 30, 2009,** at the following address by mail, hand
delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**Any Administrative Expense Request submitted by facsimile or
other electronic means will not be accepted and will not be
deemed filed until such Administrative Expense Request is
submitted by the method described in the foregoing sentence.
Administrative Expense Requests will be deemed filed only when
actually received at the address listed above.**  If you wish to
receive acknowledgment of the Debtors' receipt of your
Administrative Expense Request, you must also submit a copy of
your Administrative Expense Request and a self-addressed,
stamped envelope.

5

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above. You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

## RESERVATION OF RIGHTS

The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUESTS

## DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA DATED MAY 15, 2009.

6

**MAIL**
UNITED STATES POSTAL SERVICE®   **Post Office To Addressee**

52785 US

**USE ONLY)**

| Delivery | Postage |
| --- | --- |
| ☐ 2nd  ☐ 2nd Del. Day | $ |
| Used Date of Delivery | Return Receipt Fee |
| Day | $ |
| Used Time of Delivery | COD Fee | Insurance Fee |
| ☐ 3 PM | $ | $ |
| ☐ Day  ☐ 3rd Day | Total Postage & Fees |
| pha Country Code | $ |
| | Acceptance Emp. Initials |

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | | Employee Signature |
| --- | --- | --- | --- |
| Mo.        Day | | ☐ AM ☐ PM | Eric/Bryant |
| Delivery Attempt | Time | ☐ AM ☐ PM | (310)414-0351 |
| Mo.        Day | | | |
| Delivery Date | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.        Day | | | (310)414-0352 |

Larry

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ **WAIVER OF SIGNATURE** (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature.
I with delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery.

**NO DELIVERY**
☐ Weekend   ☐ Holiday   Mailer Signature

TO: (PLEASE PRINT)     PHONE (

Dean/Matthew

ACKING
.com

EMS

---

GLEN ALLEN MAI
GLEN A.

-J0009.
517653026U .0096
'10)275-8777

06/26/2009    04:21:50 PM

Sales Receipt

| Product | Sale | Unit | Final |
| --- | --- | --- | --- |
| Description | Qty | Price | Price |

EL -:CUNDO CA 90245
Zone-8 Express Mail
PO-Add Flat Rate
5.70 oz.
Label #:
L8718552785US
Next Day Noon  Normal Deliver
Signature Requested           $17.50         $17.50

Issue .ii:                                    $17.50

to :                                          $17.50

Pai :                                         $20.00
Ch a Je                                        $2.50

p24  ... t USPS...
ship  ... y labels with postage.
... Information call 1-800-ASK-USPS.

Bill#: 1000402598618
Clerk: 05
************************
All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
************************

Exhibit D

Circuit City Stores, Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Ave
El Segundo, CA 90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

**PROOF OF CLAIM CONFIRMATION**

Your proof of claim filed against Circuit City Stores, Inc.,
case no **08-35653** was received on 6/30/2009
and assigned claim number **13958**

For more information, please visit www.kccllc.net/circuitcity or call 1-866-381-9100

Richardson, Susan
4720 Sadler Green Pl
Glen Allen, VA 23060