**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:  (315) 474-4040
Kevin M. Newman
Adam F. Kinney

and

Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

-----------------------------------------------------------------

In re:

    CIRCUIT CITY STORES, INC., *et al.*

                          Debtors.

                  Case No. 08-35653-KRH
                  Jointly Administered
                  Chapter 11 Proceedings

-----------------------------------------------------------------

**RESPONSE OF CAROUSEL CENTER COMPANY, L.P., TO LIQUIDATING
TRUST'S SIXTY-FOURTH OMNIBUS OBJECTION TO LANDLORD
CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS)**

    Carousel Center Company, L.P. ("Carousel") by and through its attorneys, Menter, Rudin

& Trivelpiece, P.C., and local counsel, Christian and Barton, L.L.P., respectfully submit this

Response to the *Sixty-fourth Omnibus Objection to Landlord Claims (Reduction of Certain*

*Partially Invalid Claims)* (the "Claim Objection") filed by the Circuit City Stores, Inc.

liquidating trust (the "Liquidating Trust") (Dkt. 12446).

## BACKGROUND

1.      On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2.      Carousel leased nonresidential real property located at the Carousel Center, Syracuse, New York (the "Premises") to Circuit City Stores, Inc. (the "Debtor") pursuant to an unexpired lease (the "Lease").

3.      The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086–87 (3d Cir. 1990).

4.      On March 20, 2009 the Debtors and Carousel entered into a Lease Termination Agreement (the "LTA") under which they agreed to the termination of the Lease.  As part of the LTA, Carousel waived 10% of the amount of its claim arising from termination calculated in accordance with § 502(b)(6)(A) of the Bankruptcy Code.  The LTA and this Court's Consent Order approving the LTA are attached as Exhibit "A".

5.      Carousel filed a claim for $921,634.54 plus attorneys' fees for damages arising from termination of the Lease in accordance with a certain Lease Termination Agreement date on or about March 20, 2009 and approved by this Court ("Claim No. 12294").  This Claim accounts for the 10% reduction agreed to in the LTA.  Claim No. 12294 is attached as Exhibit "B".

6.      Claim No. 12294 is also subject to the Liquidating Trust's *Third Omnibus Objection to Landlord Claims (Reduction of Certain Partially Invalid Claims, Reclassification of*

*Certain Misclassified Claims, Disallowance of Certain Invalid Claims, Disallowance of Certain Duplicate Claims and Disallowance of Certain Amended Claims)* in which the Liquidating Trust contends that the claim is unsubstantiated and should be disallowed (Dkt. 10040). Carousel filed a Response to the Third Omnibus Claim Objection on April 4, 2011, and a status hearing on the objection is scheduled for December 6, 2012.

7.    Claim No. 12294 is also subject to the Liquidating Trust's *Thirty-Ninth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* in which the Liquidating Trust contends that the Debtor is not liable for Claim No. 12294 unless Carousel has met its mitigation burden and proposes to reduce the claim to $0. Carousel filed a response to the Thirty-ninth Omnibus Claim Objection on June 26, 2012 and a status hearing is scheduled on December 6, 2012 to consider this Objection.

## THE CLAIM OBJECTION SHOULD BE DENIED

8.    The Liquidating Trust objects to Claim No. 12294 and seeks to reduce Claim No. 12294 from $921,634.54 plus attorneys' fees to $898,874.71 due to "rejection damages not supported by Debtor's books and records."

9.    Claim No. 12294 was filed with a detailed description of each of the components of the claim, the LTA and Order of this Court which approved the LTA (See Exhibit "B").

## RESPONSE TO OBJECTION

10.    A proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); *see In re Fitzgerald*, 2008 Bankr. LEXIS 3579, *4 (Bankr. W.D. Va. 2008) ("a proof of claim is presumed to be prima facie valid"). The burden of proof therefore "shifts to the objector to come forth with evidence sufficient to rebut the *prima facie* case." *See United States v. Johnson (In re Johnson)*, 2000 U.S. Dist. LEXIS 5649 *17 (N.

D. Ga. March 30, 2000) (citing *Placid Oil*, 988 F.2d 554 at 557); *In re Brown,* 82 F.3d 801, 805

(8th Cir. 1996); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re*

*Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 COLLIER ON BANKRUPTCY § 502.02, at

502-22 (15th ed. 1991)); *In re Arndt*, 201 B.R. 853, 857 (M.D. Fla. 1996)); *Caroll v. United*

*States (In re Caroll),* 1993 U.S. Dist. LEXIS 17512, *3 (N.D. Ga. Nov. 9, 1993); *In re Rasbury*,

141 B.R. 752, 757 (N.D. Ala. 1992).

11.    "If the proof of claim is supported by the required documentation, the

presumption of validity may be overcome by the objecting party only if it offers evidence of

equally probative value in rebuttal." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009)

(citing *In re Holm*, 931 F.2d at 623; *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992); *In re*

*Allegheny International*, Inc., 954 F.2d at 173–74).  In order to prevail, the Liquidating Trust

must present evidence "sufficient to demonstrate the existence of a true dispute and must have

probative force equal to the contents of the claim." *Id.* (citing 9 Collier on Bankruptcy, "Proof of

Claim," ¶ 3001.09[2] (15th ed. rev.)).

12.    Section 502(b)(6) of the Bankruptcy Code provides that damages due a lessor

resulting from the termination of a lease of real property are limited to "the rent reserved by such

lease, without acceleration, for the greater of one year or 15 percent, not to exceed three years, of

the remaining term of such lease, following the earlier of . . . " the Petition Date or the date the

lessor repossessed the property or the debtor surrendered the property.   11 U.S.C.

§ 502(b)(6)(A).

13.     The LTA provides:

Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver of the cure amount as of February 28, 2009 totaling $80,958.87 and ten (10) % of the amount of the Landlord's claim arising from termination of the lease calculated in accordance with 11 U.S.C. section 502(b)(6)(A)(the "Consideration"). Nothing contained herein shall constitute the Landlord's waiver of: (i) the rent and charges due under the Lease for those days of March 2009 through and including the Termination Date and (ii) claims for rejection or termination damages which are not specifically included in the Consideration ((i) and (ii), together, the "Reserved Claims"). The Tenant reserves all rights with respect to the reserved claims and nothing herein shall be construed as or deemed a waiver of such rights.

14.     The total rent reserved from November 10, 2008 through the end of the term of the Lease is $6,826,922.52 (See Exhibit "B").

15.     The Landlord has attached to Claim No. 12294 documentation reflecting that 15% of the rent reserved amounts to $1,024,038.38. Furthermore, the Landlord attached a statement explaining that its claim of $921,634.54 represents its claim after application of the 10% reduction agreed to in the LTA (See Exhibit "B").

16.     Thus, the Landlord's claim represents the amount the Landlord is entitled to. Claim No. 12294 fully complies with § 502(b)(6) and the Liquidating Trust has failed to meet its burden of presenting sufficient evidence of a bona fide dispute justifying reduction of Claim No. 12294. The unsupported assertion that a portion of the claim is not supported by the Debtor's books and records does not overcome the presumption of validity of the claim.

17.     William F. Baker, Assistant General Counsel with Pyramid Management Group, LLC, and a person having personal knowledge of the relevant facts in the Debtor's and Carousel's transactions, attests that the amounts claimed in Claim No. 12294 are true and

accurate calculations of the amounts owed by the Debtor. The Declaration of Mr. Baker is attached as Exhibit "C".

18.    The Liquidating Trust has failed to meet its burden of presenting sufficient evidence that a legitimate dispute exists with regard to Claim No. 12294. The Liquidating Trust's Claim Objection with regard to Claim No. 12294 should therefore be overruled and the claim should be allowed as filed.

**WHEREFORE,** the Landlord seeks an Order of this Court denying the Liquidating Trust's Claim Objection with regard to Claim No. 12294, allowing such claim as filed, and granting such other and further relief as the Court deems just and proper.

Dated:  November 27, 2012              **CHRISTIAN & BARTON, L.L.P.**


                                       /s/ Jennifer M. McLemore
                                       By:  Augustus C. Epps, Jr. (VSB 13254)
                                       Michael D. Mueller (VSB 38216)
                                       Jennifer M. McLemore (VSB 47164)
                                       909 East Main Street, Suite 1200
                                       Richmond, Virginia 23219
                                       Telephone: (804) 697-4100
                                       Facsimile: (804) 697-411

                                       -AND-

                                       Kevin M. Newman
                                       Adam F. Kinney
                                       **MENTER, RUDIN & TRIVELPIECE, P.C.**
                                       Office and Post Office Address
                                       308 Maltbie Street, Suite 200
                                       Syracuse, New York 13204-1439
                                       Telephone:  (315) 474-7541
                                       Facsimile:  (315) 474-4040

                                       *Attorneys for Carousel Center Company, L.P.*

## CERTIFICATE OF SERVICE

I, Jennifer M. McLemore, hereby certify that on the 27th day of November 2012, a true and correct copy of the foregoing Response has been served electronically using the ECF system on all registered users of the CM/ECF system who have filed notices of appearance in this matter and emailed separately to the following:

Jeffrey N. Pomerantz, Esquire jpomerantz@pszjlaw.com
Andrew W. Caine, Esquire acaine@pszjlaw.com
Lynn L. Tavenner, Esquire ltavenner@tb-lawfirm.com
Paula S. Beran, Esquire pberan@tb-lawfirm.com

/s/ Jennifer M. McLemore
Jennifer M. McLemore

# EXHIBIT "A"

{KLC/PRINT//KLC1625.DOC}

## LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March 20, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and Carousel Center Company, LP ("Landlord"), and Pyramid Company of Onondaga ("Easement Holder").

WHEREAS, Landlord and Tenant are parties to a certain lease dated May 5, 2003 (as the same may have been amended or extended, the "Lease"), pursuant to which Tenant leases from Landlord certain premises located at Carousel Center in Syracuse, New York (the "Premises"), known as Store No. 3150.

WHEREAS, Tenant and Easement Holder are parties to a certain easement agreement dated May 21, 2004 (as the same may have been amended or extended, the "Easement Agreement").

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease and the Easement Agreement on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      The Lease is terminated as of the date that Tenant surrenders possession to the Premises to the Landlord, which shall be done in accordance with paragraph 3 hereof and shall, in any event, be no later than March 31, 2009 (the "Termination Date").

2.      The Easement Agreement is terminated effective as of the Termination Date.  Within 7 days of receipt, the Tenant shall execute a written instrument in recordable form prepared by Landlord that, when recorded, will terminate the Easement Agreement of record.

3.      Tenant will effectively surrender possession of the Premises to Landlord in accordance with the Order Authorizing and Approving Lease Rejection Procedures entered by the Bankruptcy Court on February 19, 2009 (Docket No. 2242).

4.      Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver of the cure amount as of February 28, 2009 totaling $80,958.87 and ten (10) % of the amount of the Landlord's claim arising from termination of the Lease calculated in accordance with 11 U.S.C. section 502(b)(6)(A)(the "Consideration").  Nothing contained herein shall constitute the Landlord's waiver of: (i) the rent and charges due under the Lease for those days of March 2009 through and including the Termination Date and (ii) claims for rejection or termination damages which are not specifically included in the Consideration ((i) and (ii), together, the "Reserved Claims").  The Tenant reserves all rights with respect to the Reserved Claims and nothing herein shall be construed as or deemed a waiver of such rights.

5.      Upon the Termination Date, each of the Landlord, the Easement Holder, and the City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA) releases any and all claims, causes of action, suits, debts, sums of money, damages,

{22375/22755/KLC/00026006.DOC}

judgments, costs and expenses whatsoever which each of the Landlord and/or Easement Holder ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Tenant, other than the Reserved Claims.

6.    Upon the Termination Date, the Tenant releases any and all claims, causes of action, suits, debts, sums of money, damages, judgments, costs and expenses whatsoever which the Tenant ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Landlord, Easement Holder and City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA), other than with respect to the Reserved Claims.

7.    This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

8.    Landlord and Tenant expressly acknowledge and agree that no security deposit remains held by Landlord or refundable to Tenant with respect to Tenant's occupancy or vacation of the Premises.

9.    This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

10.    Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting.  The parties agree that they will sign such documentation as is reasonably necessary to effectuate the terms of this Agreement. The party requesting that a document be signed shall prepare the document at its expense.

11.    The laws of the State of New York shall govern the interpretation and enforcement of this Agreement.  All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

12.    This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this 20th day of March, 2009.

Carousel Center Company, LP

By: _____

Name:
Title:

Pyramid Company of Onondaga

By: _____

Name:
Title:

City of Syracuse Industrial Development Agency

By: _____

Name:  *Vito Sciscioli*
Title:  *Vice-Chair*

CIRCUIT CITY STORES, INC., a Virginia Corporation, as debtor and debtor in possession in Case No. 08-35653-KRH

By: _____

Name:
Title:

{22375/22755/KLC/00026006.DOC}3

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - x
In re:                    :    Chapter 11
                          :
CIRCUIT CITY STORES, INC.,:    Case No. 08-35653-KRH
et al.,                   :
                          :
            Debtors.      :    Jointly Administered
- - - - - - - - - - - x

ORDER AUTHORIZING DEBTORS TO TERMINATE UNEXPIRED LEASE
OF NON-RESIDENTIAL REAL PROPERTY

Upon consideration of motion, dated February

3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively,

---
[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363
and 365 of title 11 of the United States Code (the
"Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014
of the Federal Rules of Bankruptcy Procedure (the
"Bankruptcy Rules"), (i) approving the bidding and
auction procedures for sale of certain nonresidential
real property leases (the "Bidding Procedures"), (ii)
setting dates for sale hearings, and (iii) authorizing
and approving (a) the sale (the "Sale") of certain
unexpired nonresidential real property leases (the
"Leases", comprising the February Leases and the March
Leases, each as defined in the Motion) free and clear of
all interests, including liens, claims, and encumbrances
(collectively, the "Interests"), (b) the assumption and
assignment of the Leases, and (c) lease rejection
procedures for any Leases that are not sold in
connection with the foregoing; and the Court having
entered the Order under Bankruptcy Code Sections 105,
363, and 365 (I) Approving Bidding and Auction
Procedures for Sale of Unexpired Nonresidential Real
Property Leases, (II) Setting Sale Hearing Dates and
(III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and
Clear of All Interests, (B) Assumption and Assignment of
Certain Unexpired Nonresidential Real Property Leases
and (C) Lease Rejection Procedures (the "Bidding and
Rejection Procedures Order"); and the Court having
entered the Supplemental Order under Bankruptcy Code
Sections 105, 363, and 365 Approving Amended Bid
Deadline In Connection With Bidding And Auction
Procedures For Sale Of Unexpired Nonresidential Real
Property Leases (the "Supplemental Order"), which
established a revised bid deadline of March 3, 2009 and
amended the Bidding Procedures; and upon the record of
the auction conducted on March 10, 2009 (the "Auction")
and the hearing held on March 13, 2009 (the "Sale
Hearing"); and after due deliberation thereon, and
sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.  The Court has jurisdiction to hear and
determine the Motion and to grant the relief requested

---

[2]  Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

3

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and
1334(b).

      B.  Venue of these cases and the Motion in this
district is proper under 28 U.S.C. §§ 1408 and 1409.
This is a core proceeding within the meaning of 28
U.S.C. § 157(b)(2).

      C.  The statutory predicates for the relief
requested in the Motion are Bankruptcy Code sections
105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006,
and 9014.

      D.  The notice of the Motion, the Auction, and
the Sale Hearing given by the Debtors constitutes due
and sufficient notice thereof.

      E.  A reasonable opportunity to object or be
heard regarding the relief in this Order has been
afforded to all interested persons and entities,
including the lessor, Carousel Center Company, LP, (the
"Lessor") for the lease related to store number 3150
(the "Store") located at Carousel Center, Syracuse, New
York(together with any and all related lease documents
and subleases associated therewith, if any, the
"Lease").

F.   The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G.   After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor and Pyramid Company of Onondaga.

H.   The Lessor and the Debtors wish to terminate the Lease pursuant to the terms of the Lease Termination Agreement annexed hereto as Exhibit A (the "Lease Termination Agreement").

I.   The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

J.   Based on the foregoing findings of fact and conclusions of law,[3] IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is granted as set forth herein.

2.   The Lease Termination Agreement attached hereto as Exhibit A is approved in its entirety.

3.   The Lease is terminated pursuant to the terms of the Lease Termination Agreement.

4.   This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

---

[3]   Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

5.   This Court shall retain jurisdiction to

enforce the provisions of this Order and the Lease.

Dated:  Richmond, Virginia
        March ___, 2009
        Mar 20 2009

                        /s/ Kevin R. Huennekens
                        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.              Entered on Docket: 3/23/09
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

7

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

8

**EXHIBIT A**

**LEASE TERMINATION AGREEMENT**

## LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March ___, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and Carousel Center Company, LP ("Landlord"), and Pyramid Company of Onondaga ("Easement Holder").

WHEREAS, Landlord and Tenant are parties to a certain lease dated May 5, 2003 (as the same may have been amended or extended, the "Lease"), pursuant to which Tenant leases from Landlord certain premises located at Carousel Center in Syracuse, New York (the "Premises"), known as Store No. 3150.

WHEREAS, Tenant and Easement Holder are parties to a certain easement agreement dated May 21, 2004 (as the same may have been amended or extended, the "Easement Agreement").

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease and the Easement Agreement on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      The Lease is terminated as of the date that Tenant surrenders possession to the Premises to the Landlord, which shall be done in accordance with paragraph 3 hereof and shall, in any event, be no later than March 31, 2009 (the "Termination Date").

2.      The Easement Agreement is terminated effective as of the Termination Date. Within 7 days of receipt, the Tenant shall execute a written instrument in recordable form prepared by Landlord that, when recorded, will terminate the Easement Agreement of record.

3.      Tenant will effectively surrender possession of the Premises to Landlord in accordance with the Order Authorizing and Approving Lease Rejection Procedures entered by the Bankruptcy Court on February 19, 2009 (Docket No. 2242).

4.      Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver of the cure amount as of February 28, 2009 totaling $80,958.87 and ten (10) % of the amount of the Landlord's claim arising from termination of the Lease calculated in accordance with 11 U.S.C. section 502(b)(6)(A)(the "Consideration"). Nothing contained herein shall constitute the Landlord's waiver of: (i) the rent and charges due under the Lease for those days of March 2009 through and including the Termination Date and (ii) claims for rejection or termination damages which are not specifically included in the Consideration (i) and (ii), together, the "Reserved Claims"). The Tenant reserves all rights with respect to the Reserved Claims and nothing herein shall be construed as or deemed a waiver of such rights.

5.      Upon the Termination Date, each of the Landlord, the Easement Holder, and the City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA) releases any and all claims, causes of action, suits, debts, sums of money, damages,

judgments, costs and expenses whatsoever which each of the Landlord and/or Easement Holder ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Tenant, other than the Reserved Claims.

6.   Upon the Termination Date, the Tenant releases any and all claims, causes of action, suits, debts, sums of money, damages, judgments, costs and expenses whatsoever which the Tenant ever had, now has or hereafter can, shall or may have under or in connection with the Lease and the Easement Agreement against the Landlord, Easement Holder and City of Syracuse Industrial Development Agency (which may also be known as Syracuse Industrial Development Agency and SIDA), other than with respect to the Reserved Claims.

7.   This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

8.   Landlord and Tenant expressly acknowledge and agree that no security deposit remains held by Landlord or refundable to Tenant with respect to Tenant's occupancy or vacation of the Premises.

9.   This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

10.   Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting.  The parties agree that they will sign such documentation as is reasonably necessary to effectuate the terms of this Agreement. The party requesting that a document be signed shall prepare the document at its expense.

11.   The laws of the State of New York shall govern the interpretation and enforcement of this Agreement.  All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

12.   This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

2

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this _____ day of March, 2009.

Carousel Center Company, LP

By: _____

Name:
Title:

Pyramid Company of Onondaga

By: _____

Name:
Title:

City of Syracuse Industrial Development Agency

By: _____

Name:
Title:

CIRCUIT CITY STORES, INC., a Virginia Corporation, as debtor and debtor in possession in Case No. 08-35653-KRH

By: _____

Name:
Title:

3

# EXHIBIT "B"

# 12294

B10 [Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT - EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

| Debtor against which claim is asserted: | (Check only one box below) | |
|---|---|---|
| ☒ Circuit City Stores, Inc. (Case No. 08-35653) | ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659) | ☐ Abbott Advertising, Inc. (Case No. 08-35665) |
| ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654) | ☐ Circuit City Stores PR, LLC (Case No. 08-35660) | ☐ Maryland MN, LLC (Case No. 08-35666) |
| ☐ InterTAN, Inc. (Case No. 08-35655) | ☐ Circuit City Properties, LLC (Case No. 08-35661) | ☐ Patapsco Designs, Inc. (Case No. 08-35667) |
| ☐ Ventoux International, Inc. (Case No. 08-35656) | ☐ Orbyx Electronics, LLC (Case No. 08-35662) | ☐ Sky Venture Corporation (Case No. 08-35668) |
| ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657) | ☐ Kinzer Technology, LLC (Case No. 08-35663) | ☐ XSStuff, LLC (Case No. 08-35669) |
| ☐ CC Aviation, LLC (Case No. 08-35658) | ☐ Courchevel, LLC (Case No. 08-35664) | ☐ PRAHS, Inc. (Case No. 08-35670) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.
A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or entity to whom the debtor owes money or property): **Carousel Center Company, L.P.** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and addresses where notices should be sent: **Menter, Rudin & Trivelpiece, P.C.**  **Attn:  Kevin M. Newman, Esq.**  **308 Maltbie Street, Suite 200**  **Syracuse, New York 13204-1498**  Telephone Number: **315-474-7541**  Facsimile Number: **315-474-4040**  Email Address:: **knewman@menterlaw.com** | Court Claim Number: _____  *(if known)*  Filed on: _____ |
| Name and address where payment should be sent (if different from above):    Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1.** Amount of Claim as of Date Case Filed: **$921,634.54 plus attorneys' fees.**  If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4.  If all or part of your claim is entitled to priority, complete item 5.  ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **6.** **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**  Specify the priority of the claim:  ☐ Domestic support obligations under 11 U.S.C. §§ 507(a)(1)(A) or (a)(1)(B).  ☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4). |
| **2.** Basis for Claim: **Damages arising from termination of lease of non-residential real property located at Carousel Center, Syracuse, New York.  See attached itemization.  Limited under 11 U.S.C. § 502(b)(6).  See attached Schedule and Itemization.**  (See instruction #2 on reverse side.) | ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). |
| **3.** Last four digits of any number by which creditor identifies debtor: **22375-22755**  **3a.** Debtor may have scheduled account as: _____  (See instruction #3a on reverse side.) | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7). |
| **4.** Secured Claim. (See instruction #4 on reverse side.)  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.  Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other  Describe:  Value of Property: $_____   Annual Interest Rate ____%  Amount of arrearage and other charges as of time case filed included in secured claim,  If any: $_____   Basis for Perfection:  Amount of Secured Claim: $_____   Amount Unsecured: $_____ | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).  ☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(2) and §365(d)(3).  Amount entitled to priority:  **$** |
| **6.** Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | |
| **7.** Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
| Date:    **April 13, 2009** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  **Menter, Rudin & Trivelpiece, P.C., as attorneys and agents for Carousel Center Company, L.P.**  By: *[signature]* **Kevin M. Newman, Esq.** | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

{22375/22755/DSM/00033149.DOC}

## SCHEDULE

**Claim constitutes 15% of rent reserved under lease of $1,024.038.38,
less 10% pursuant to Lease Termination Agreement dated
on or about March 20, 2009 and approved by the Court.
See attached itemization.**

**NET PRESENT VALUE
OF FUTURE PAYMENTS
11/10/2008**

TENANT: CIRCUIT CITY - MERCHANT #610104
MALL: CAROUSEL CENTER CO LP

TERM: 10 YEARS 3 MONTHS
TCD: 11/10/04
SQ. FT.: 34,999
EXPIRATION: 01/31/15
NPV DATE: 11/10/08

| NPV | RATE | RENT | MALL CHG | TOTAL |
|---|---|---|---|---|
| | 0.00% | $3,404,300.86 | $3,422,621.65 | $6,826,922.51 |
| | 8.00% | $2,657,342.43 | $2,659,917.84 | $5,317,260.27 |
| | 4.00% | $2,999,574.74 | $3,008,907.87 | $6,008,482.61 |

MONTHLY CHARGES EFFECTIVE: 11/10/08

| YEAR | MINIMUM RENT | TAXES 4% | INSURANCE | ENERGY | COMPACTOR | CAE 5% | WATER | MKT FUND | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 2008 | 41,590.48 | 26,095.54 | 1,525.85 | 0.00 | 0.00 | 12,907.45 | 0.00 | 0.00 | 82,119.32 |
| 2009 | 41,590.48 | 27,139.36 | 1,525.85 | 0.00 | 0.00 | 13,294.67 | 0.00 | 0.00 | 83,550.36 |
| 2010 | 41,590.48 | 28,224.93 | 1,525.85 | 0.00 | 0.00 | 13,693.51 | 0.00 | 0.00 | 85,034.77 |
| 2011 | 46,548.68 | 29,353.93 | 1,525.85 | 0.00 | 0.00 | 14,104.32 | 0.00 | 0.00 | 91,532.78 |
| 2012 | 46,548.68 | 30,528.09 | 1,525.85 | 0.00 | 0.00 | 14,527.45 | 0.00 | 0.00 | 93,130.07 |
| 2013 | 46,548.68 | 31,749.21 | 1,525.85 | 0.00 | 0.00 | 14,963.27 | 0.00 | 0.00 | 94,787.01 |
| 2014 | 46,548.68 | 33,019.18 | 1,525.85 | 0.00 | 0.00 | 15,412.17 | 0.00 | 0.00 | 96,505.88 |
| 2015 | 46,548.68 | 34,339.95 | 1,525.85 | 0.00 | 0.00 | 15,874.54 | 0.00 | 0.00 | 98,289.02 |

ANNUAL CHARGES (EFFECTIVE 11/10/2008)

| YEAR | MINIMUM RENT | TAXES 4% | INSURANCE | ENERGY | COMPACTOR | CAE 5% | WATER | MKT FUND | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 2008 | 70,703.82 | 44,362.42 | 2,533.95 | 0.00 | 0.00 | 21,942.67 | 0.00 | 0.00 | 139,602.86 |
| 2009 | 499,085.76 | 325,672.32 | 18,310.20 | 0.00 | 0.00 | 159,536.04 | 0.00 | 0.00 | 1,002,604.32 |
| 2010 | 553,625.96 | 338,699.16 | 18,310.20 | 0.00 | 0.00 | 164,322.12 | 0.00 | 0.00 | 1,074,957.44 |
| 2011 | 558,584.16 | 352,247.16 | 18,310.20 | 0.00 | 0.00 | 169,251.84 | 0.00 | 0.00 | 1,098,393.36 |
| 2012 | 558,584.16 | 366,337.08 | 18,310.20 | 0.00 | 0.00 | 174,329.40 | 0.00 | 0.00 | 1,117,560.84 |
| 2013 | 558,584.16 | 380,990.52 | 18,310.20 | 0.00 | 0.00 | 179,559.24 | 0.00 | 0.00 | 1,137,444.12 |
| 2014 | 558,584.16 | 396,230.16 | 18,310.20 | 0.00 | 0.00 | 184,946.04 | 0.00 | 0.00 | 1,158,070.56 |
| 2015 | 46,548.68 | 34,339.95 | 1,525.85 | 0.00 | 0.00 | 15,874.54 | 0.00 | 0.00 | 98,289.02 |

| | | TOTAL |
|---|---|---|
| NPV AS OF 11/10/08 | (DISCOUNTED @ 0.00%) | 6,826,922.52 |
| NPV AS OF 11/10/08 | (DISCOUNTED @ 4.00%) | 6,008,482.61 |
| NPV AS OF 11/10/08 | (DISCOUNTED @ 8.00%) | 5,317,260.27 |

# EXHIBIT "C"

{KLC/PRINT//KLC1625.DOC}

**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:  (315) 474-4040
Kevin M. Newman
Adam F. Kinney

and

Augustus C. Epps, Jr. (VSB 13254)
Michael D. Mueller (VSB 38216)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

----------------------------------------------------------------

In re:

CIRCUIT CITY STORES, INC., *et al.*

Debtors.

Case No. 08-35653-KRH
Jointly Administered
Chapter 11 Proceedings

----------------------------------------------------------------

DECLARATION OF WILLIAM F. BAKER IN SUPPORT OF CAROUSEL
CENTER COMPANY, L.P.'S RESPONSE TO THE LIQUIDATING TRUST'S
SIXTY-FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS)

William F. Baker, being duly sworn, deposes and says:

1.    I am Assistant General Counsel of Pyramid Management Group, LLC (the

Management Company"). The Management Company is the managing agent for Carousel

Center Company, L.P. (the "Landlord"), which is the owner of a shopping center located at

Carousel Center, Syracuse, New York (the "Center").

{22375/22755/DSM/00581884.DOCX}

2.      I have personal knowledge of the facts set forth in this Declaration based on the business records of the Management Company and I may be contacted at: Pyramid Management Group, LLC, 4 Clinton Square, Syracuse, New York 13202, (315) 422-7000.

3.      Landlord was a party to a lease (the "Lease") with Circuit City Stores, Inc. (the "Debtor") of premises (the "Premises") at the Center.

4.      In the regular course of my employment by the Management Company, I review rent and other charges billed to the Landlords' tenants.

5.      The total amount of rent reserved under the Lease from November 10, 2008 to the end of the Lease term is $6,826,922.52.  An itemization of this calculation is attached to this Declaration as Schedule 1.

6.      Fifteen percent of this rent reserved is $1,024,038.38, less ten percent pursuant to the Lease Termination Agreement entered into between the Landlord and the Debtor on March 20, 2009 is $921,634.54.

7.      The Landlord's claim for $921,634.54 plus attorneys' fees remains due.

_____
William F. Baker

Sworn to before me this
30 day of November, 2012

_____
Notary Public

SALLY A. O'DONNELL
Notary Public, State of New York
Qualified in Onondaga County
Commission Expires March 30, 20 14

# SCHEDULE "1"

**TENANT:** CIRCUIT CITY - MERCHANT #610104
**MALL:** CAROUSEL CENTER CO LP

**TERM:** 10 YEARS 3 MONTHS
**TCD:** 11/10/04
**SQ. FT.:** 34,999
**EXPIRATION:** 01/31/15
**NPV DATE:** 11/10/08

## NET PRESENT VALUE OF FUTURE PAYMENTS 11/10/2008

| | RATE RENT | MALL CHG | TOTAL |
|---|---|---|---|
| NPV | 0.00% $3,404,300.86 | $3,422,621.65 | $6,826,922.51 |
| | 8.00% $2,657,342.43 | $2,659,917.84 | $5,317,260.27 |
| | 4.00% $2,999,574.74 | $3,008,907.87 | $6,008,482.61 |

## MONTHLY CHARGES EFFECTIVE: 11/10/2008

| YEAR | MINIMUM RENT | 4% TAXES | INSURANCE | ENERGY | COMPACTOR | 5% CAE | WATER | MKT FUND | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 2008 | 41,590.48 | 26,183.54 | 2,593.95 | 0.00 | 0.00 | 12,907.45 | 0.00 | 0.00 | 82,119.32 |
| 2009 | 41,590.48 | 27,193.36 | 1,525.85 | 0.00 | 0.00 | 13,294.67 | 0.00 | 0.00 | 83,550.36 |
| 2010 | 41,590.48 | 28,224.93 | 1,525.85 | 0.00 | 0.00 | 13,693.51 | 0.00 | 0.00 | 85,034.77 |
| 2011 | 46,548.68 | 29,363.93 | 1,525.85 | 0.00 | 0.00 | 14,104.32 | 0.00 | 0.00 | 91,552.78 |
| 2012 | 46,548.68 | 30,526.09 | 1,525.85 | 0.00 | 0.00 | 14,527.45 | 0.00 | 0.00 | 93,130.07 |
| 2013 | 46,548.68 | 31,749.21 | 1,525.85 | 0.00 | 0.00 | 14,963.27 | 0.00 | 0.00 | 94,787.01 |
| 2014 | 46,548.68 | 33,019.18 | 1,525.85 | 0.00 | 0.00 | 15,412.17 | 0.00 | 0.00 | 96,505.88 |
| 2015 | 46,548.68 | 34,339.95 | 1,525.85 | 0.00 | 0.00 | 15,874.54 | 0.00 | 0.00 | 98,289.02 |

## ANNUAL CHARGES (EFFECTIVE 11/10/2008)

| YEAR | MINIMUM RENT | 4% TAXES | INSURANCE | ENERGY | COMPACTOR | 5% CAE | WATER | MKT FUND | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 2008 | 70,703.82 | 44,362.42 | 2,593.95 | 0.00 | 0.00 | 21,942.67 | 0.00 | 0.00 | 139,602.86 |
| 2009 | 499,085.76 | 326,672.32 | 18,310.20 | 0.00 | 0.00 | 159,556.04 | 0.00 | 0.00 | 1,002,604.32 |
| 2010 | 553,625.96 | 338,699.16 | 18,310.20 | 0.00 | 0.00 | 164,322.12 | 0.00 | 0.00 | 1,074,957.44 |
| 2011 | 558,584.16 | 352,247.16 | 18,310.20 | 0.00 | 0.00 | 169,261.84 | 0.00 | 0.00 | 1,098,393.36 |
| 2012 | 558,584.16 | 366,337.08 | 18,310.20 | 0.00 | 0.00 | 174,329.40 | 0.00 | 0.00 | 1,117,560.84 |
| 2013 | 558,584.16 | 380,990.52 | 18,310.20 | 0.00 | 0.00 | 179,559.24 | 0.00 | 0.00 | 1,137,444.12 |
| 2014 | 558,584.16 | 396,230.16 | 18,310.20 | 0.00 | 0.00 | 184,946.04 | 0.00 | 0.00 | 1,158,070.56 |
| 2015 | 46,548.68 | 34,339.95 | 1,525.85 | 0.00 | 0.00 | 15,874.54 | 0.00 | 0.00 | 98,289.02 |

| | | | |
|---|---|---|---|
| NPV AS OF | 11/10/08 | (DISCOUNTED @ 0.00%) | $6,826,922.52 |
| NPV AS OF | 11/10/08 | (DISCOUNTED @ 4.00%) | $6,008,482.61 |
| NPV AS OF | 11/10/08 | (DISCOUNTED @ 8.00%) | $5,317,260.27 |