UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| CIRCUIT CITY STORES, INC., *et al.*, | * | Chapter 11 |
| | * | Case No. 08-35653 (KRH) |
| Debtors | * | Jointly Administered |
| | * | |

**RESPONSE OF CERTAIN BENEFIT RESTORATION PLAN CLAIMANTS TO LIQUIDATING TRUST'S FIFTIETH OMNIBUS OBJECTION TO BENEFIT RESTORATION PLAN CLAIMS**

For the response to the Fiftieth Omnibus Objection to Claims [Docket No. 12397] (the "*Objection*"), filed by the Circuit City Stores, Inc. Liquidating Trust (the "*Liquidating Trust*"), certain Benefit Restoration Plan Claimants ("*Claimants*" as that term is defined below) state that the Liquidating Trust has improperly valued the Claimants' general unsecured proofs of claim (the "*Claims*" as that term is defined below). For the reasons set forth more particularly below, the Claimants, through their undersigned counsel, pursuant to Fed. R. Bankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], request that the Court overrule the Objection and allow the Claims in a present-value amount calculated with a risk-free discount rate.

---

Richard E. Hagerty
VSB No. 47673
*Attorney for Certain Benefit Restoration Plan Claimants*
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
703-734-4326
703-448-6520 (facsimile)
richard.hagerty@troutmansanders.com

## BACKGROUND

1.    The Liquidating Trust objects to certain claims (identified therein) on three different bases: (1) that those claims should be reduced to their present value as of the Petition Date and calculated using an 8.3% discount rate; (2) that certain claims arising under the Benefit Restoration Plan are invalid; and (3) that certain claims arising under the Benefit Restoration Plan are duplicates. Objection, ¶¶17-22. Claimants Mark A. Arensmeyer, David W. Cecil, Michael T. Chalifoux, Benjamin Cummings, William C. Denney, Peter Douglas, John A. Fitzsimmons, Kenneth S. Golden, Jerry L. Lawson, Richard B. Lucas, Gary M. Mierenfeld, Philip J. Dunn, Mario Ramirez, Richard L. Sharp, Richard S. Birnbaum and Jeffrey S. Wells (the "*Claimants*") respond only to the Liquidating Trust's first basis of objection, that the Claimants' claim numbers 9538; 4499; 11878; 4494; 5703; 4503; 4496; 4491; 4495; 8312; 4498; 6309; 4501; 9163; 9324; 4497 (the "*Claims*") should be calculated using an 8.3% discount rate.[1] Claimant William C. Denney also responds to the extent that the Objection is based on an incorrect calculation of his claim using 25 years of Benefit Service based on actuarial valuation data, instead of the 27 years of Benefit Service included in his Proof of Claim (claim number 5703) (the "*Denney Claim*"), a true and correct copy of which is attached hereto as Exhibit A. Denney also responds to the extent that the Objection to his claim incorrectly fails to account for the "Joint and 50% Spouse's Survivor Annuity" provided for by the Benefit Restoration Plan.

2.    The Liquidating Trust argues only that the Claims "should be reduced to conform to the Mercer Actuarial Analysis of the Liquidating Trust's liability on account of the Benefit Restoration Plan." Objection, ¶ 18. The Mercer Actuarial Analysis concludes a lower current

---

[1] The other two bases do not affect the Claimants in any material way.

2

value for the Claims by discounting (to present value as of the Petition Date) the future payments due under the Benefit Restoration Plan using an 8.3% discount rate. *See* Mercer Actuarial Analysis, copies of relevant portions of which are attached hereto as Exhibit B. The Objection provides no legal basis for the selection of an 8.3% discount rate, and the Mercer Actuarial Analysis provides no actuarial basis for the selection of that discount rate. While the Mercer Actuarial Analysis does disclose the source of the discount rate,[2] it merely assumes the applicability of that discount rate, and it provides no justification for that assumption.

## ARGUMENT

3.  It is widely understood that a creditor — to whom the debtor owes a stream of future payments — holds a claim in the amount of the present value of those future payments. *In re Trace International Holdings, Inc.*, 284 B.R. 32, 38 (Bankr. S.D.N.Y. 2002) ("Any portion of the claim that is unmatured as of the petition date must, therefore, be discounted to its value as of the petition date."); *In re CSC Industries*, 232 F.3d 505, 508 (6th Cir. 2000) ("[T]he bankruptcy court must value present claims and reduce claims for future payment to present value . . . ."); *In re CF&I Fabricators*, 150 F.3d 1293, 1300 (10th Cir. 1998) ("[T]he Bankruptcy Code mandates that all claims for future payment must be reduced to present value . . . ."); *In re O.P.M. Leasing Services, Inc.*, 79 B.R. 161, 166 (S.D.N.Y. 1987).

4.  Courts in the Fourth Circuit have held that the present value of those future payments must be determined using a "risk-free" discount rate. The risk-free rate discounts the future payments to their present value based only on the time value of money or inflation; it does

---

[2] In a section entitled "Actuarial Assumptions," the Mercer Actuarial Analysis provides that "[t]he discount rate is estimated as the single equivalent rate such that the present value of the Benefit Restoration Plan's cash flows using the single rate equals the present value of those cash flows using the Mercer Yield Curve adjusted for changes in the Merrill Lynch 10-15 year bond index between October 31, 2008 and November 10, 2008 rounded to the nearest five points." Mercer Actuarial Analysis, Assumptions, Methodology and Plan Provisions, p. 1.

3

not include a further discount for the debtor's creditworthiness or the risk of nonpayment. The United States District Court for the District of Maryland has considered the proper discount rate on facts virtually identical to the facts in this case. In *Kucin v. Devan*, the court held that in determining the present value of future payments under a deferred compensation agreement, a risk-free rate is appropriate, because "[o]therwise, the risk of nonpayment would be accounted for twice since the [claimants] already stand to receive only a fraction of their claims." 251 B.R. 269, 273 (D. Md. 2000). The reasoning in *Kucin* was explicitly followed by the United States Bankruptcy Court for the District of Maryland in the case of *In re USGen New England, Inc.*, 429 B.R. 437, 490 (Bankr. D. Md. 2010), *aff'd TransCanada Pipelines Ltd. v. USGen New England, Inc.*, 458 B.R. 195 (D. Md. 2011) (applying a risk-free discount rate to future payments that would have been received under a contract). A similar position was taken by the United States District Court for the Western District of Virginia in the case of *Chaffin v. Southeastern Transport, Inc.*, Civil No. 95-290-R, 1996 U.S. Dist. Lexis 12615 (W.D. Va., June 10, 1996). In *Chaffin*, the court discounted an injured employee's future income to its present value using the "current rate on a one year Treasury bill," which it described as a "virtually risk-free rate[]." *Id.* at * 10.

     5.     The United States Bankruptcy Court for the Eastern District of Virginia also approved the use of a virtually risk-free discount rate to determine the present value of a claim for future payments in the case of *In re U.S. Airways Group, Inc.*, 303 B.R. 784 (Bankr. E.D. Va. 2003) (Mitchell, J.). In *U.S. Airways* the court was determining the amount of the Pension Benefit Guaranty Corporation ("**PBGC**")'s claim for unfunded benefit liability with respect to an under-funded, terminated, defined-benefit Employee Retirement Income Security Act

4

("*ERISA*") plan. *Id*. at 795. The court approved the method set forth in a relevant PBGC regulation, which provided that the claim had a present value equal to the cost of a single-premium annuity which would pay benefits equal to the unfunded benefits due under the ERISA plan. *Id*. at 788, 798. In so ruling, the court rejected a "prudent investor" discount rate that would have presumed riskier investments with greater potential for appreciation, as well as greater risk, and which would have resulted in a greater discount rate and a correspondingly lower present value of the unfunded benefit liability. *Id*. at 796.

6. The use of a risk-free rate is also supported by the Sixth Circuit Court of Appeals' reasoning in the case of *In re Highland Superstores, Inc.*, in which the court noted that 11 U.S.C. § 502 (allowance of claims) does not make any mention of a discount for the debtor's creditworthiness. 154 F.3d 573, 579 (6th Cir. 1998). Further, in the case of *Jones & Laughlin Steel Corp. v. Pfeifer*, the United States Supreme Court used a risk-free rate in determining the present value of damages under the Longshoreman's and Harbor Worker's Compensation Act. 462 U.S. 523 (1983). In *Jones & Laughlin*, the Court held that "[t]he discount rate should be based on the rate of interest that would be earned on the 'best and safest investments. . . .' [T]he discount rate should not reflect the market's premium for investors who are willing to accept some risk of default." *Id.*, at 537.

7. Claimant, William C. Denney also challenges the Liquidating Trust's Objection to his claim (claim number 5703) because the Objection appears to be predicated on the Mercer Actuarial Analysis' recalculation of his claim based on 25 years of Benefit Service instead of the 27 years of Benefit Service actually used in his plan, and because the Mercer Actuarial Analysis did not discount his claim based on the Joint and 50% Spouse's Survivor Annuity provided for

by the Benefit Restoration Plan.  *Compare* Mercer Actuarial Analysis at p. 2, *with* Denney Claim.  Since there is no legal basis for recalculating the Denney Claim in this way, the Objection should be overruled, and his claim should be discounted by a risk-free discount rate based on the amounts actually set forth in his claim.

## **CONCLUSION**

Because the Liquidating Trust's Objection to the Claimants' claims improperly seeks to discount them to their value as of the Petition Date based on an 8.3% discount rate that is significantly higher than a "risk-free" rate that should be applied, this Court should overrule the Objection and allow the Claims in an amount reflecting application of a risk-free discount rate. In addition, since the Liquidating Trust's Objection seeks to recalculate William C. Denney's claim based on 25 years of Benefit Service instead of the 27 years actually used in the Benefit Restoration Plan, and does not calculate it based on the Joint and 50% Spouse's Survivor Annuity provided for by the Benefit Restoration Plan, the Court should overrule the Objection and allow the Denney Claim in the amount set forth in his Proof of Claim, discounted to its value as of the Petition Date based on application of a risk-free discount rate and the Joint and 50% Spouse's Survivor Annuity provided for by the Benefit Restoration Plan.

WHEREFORE, the Claimants respectfully request (i) that the Fiftieth Omnibus Objection concerning Claim Nos. 9538; 4499; 11878; 4494; 5703; 4503; 4496; 4491; 4495; 8312; 4498; 6309; 4501; 9163; 9324; 4497 be dismissed or denied in its entirety; (ii) that the Claimants' deferred compensation claims be allowed in amounts determined using a risk-free discount rate; and (iii) that the Claimants have such other and further relief as to which they may be entitled. Respectfully submitted this 28th day of November, 2012.

 /s/ Richard E. Hagerty  
Richard E. Hagerty (VSB #47673)  
TROUTMAN SANDERS LLP  
*Attorney for Certain Benefit Restoration Plan Claimants*  
1660 International Drive, Suite 600  
McLean, VA 22102  
(703) 734-4326  
(703) 448-6520 (facsimile)  
richard.hagerty@troutmansanders.com

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of November, 2012, the foregoing Response was delivered through the Court's CM/ECF system to all parties who receive notice in this case and via e-mail to:

>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>
>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>(admitted *pro hac vice*)
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>
>Robert J. Feinstein, Esq.
>(admitted *pro hac vice*)
>PACHULSKI STANG ZIEHL & JONES LLP
>780 Third Avenue, 36th Floor
>New York, New York 10017
>
>*Counsel to the Liquidating Trustee*

  /s/ Richard E. Hagerty
Richard E. Hagerty