# EXHIBIT B



Jean M. Schumacher, ASA, EA
Principal

Three James Center
1051 East Cary Street, Suite 900
Richmond, VA 23219
804 344 2635
Fax 804 344 2601
jean.schumacher@mercer.com
www.mercer.com

**Confidential – via e-mail**
Ann Pietrantoni
Reporting, HR & Landlord Claims Manager
Circuit City Liquidating Trust
PO Box 5695
Glen Allen, VA 23058-5695

August 30, 2012

**Subject:** Circuit City Stores, Inc. Benefit Restoration Plan Update

Dear Ann:

As requested, attached is an estimate of the actuarial value of benefits provided under the Circuit City Stores, Inc. Benefit Restoration Plan as of November 10, 2008 (date of freeze for bankruptcy) for each former participant identified by you. As directed by you, we used assumptions that would have been appropriate for accounting disclosure purposes as of November 10, 2008.

Mercer prepared this report exclusively for the Circuit City Liquidating Trust to calculate the present value of benefits as of November 10, 2008 (Bankruptcy Date) for former participants of the Circuit City Stores, Inc. Benefit Restoration Plan. This report may not be used for any other purpose. Mercer is not responsible for the consequences of any unauthorized use.

This report material includes or is derived from projections of future accounting costs and/or benefit related results. To prepare these projections or results, various *actuarial assumptions*, as described in the attached appendix were used to project a limited number of scenarios from a range of possibilities. However, the future is uncertain, and the plan's actual experience will likely differ from the assumptions utilized and the scenarios presented; these differences may be significant or material. In addition, different assumptions or scenarios may also be within the reasonable range and results based on those assumptions would be different. This report has been created for a limited purpose, is presented at a particular point in time and should not be viewed as a prediction of the plan's future financial condition. To prepare the results shown in this report, various *actuarial methods*, as described in the appendix were used.

Because actual plan experience will differ from the assumptions, decision about benefit changes, investment policy, funding amounts, benefit security and or benefit-related issues should be made only after careful consideration of alternative future financial conditions and scenarios and not solely on the basis of a valuation report or reports.

CONSULTING. OUTSOURCING. INVESTMENTS.            

 **MERCER**

Page 2
August 30, 2012
Ann Pietrantoni
Circuit City Liquidating Trust

This report is based on the data provided by Ann Pietrtantoni on behalf of Circuit City Liquidation Trust. The trustees of the Circuit City Liquidating Trust are solely responsible for the validity, accuracy and comprehensiveness of this information. If the data or plan provisions supplied are not accurate and complete, the valuation results may differ significantly from the results that would be obtained with accurate and complete information; this may require later revisions of this report.

## Data

Ann Pietrantoni provided the accrued benefit data to be used for purposes of this report. Former Circuit City participants who were not vested as of the Bankruptcy Date were not included in the calculations. Ann Pietrantoni confirmed that participants are vested only if, as of the Bankruptcy Date, they completed 25 years of Benefit Service, or met the requirements for Early Retirement or Normal Retirement eligibility. A total of 27 participants with an average annual benefit of $40,520 were reflected in our calculations.

To determine the present value of benefits for participants who had not been in pay status as of the Bankruptcy Date, Ann Pietrantoni confirmed that Mercer should assume benefits commence at the earliest retirement age, or immediately as of the Bankruptcy date if the participant was eligible for early retirement or normal retirement as of that date. To calculate benefits at the earliest retirement age, the accrued benefit must be split into a Base benefit and an Excess benefit to properly apply early retirement reduction factors in accordance with the plan document. The data needed to split the benefit into the Base benefit and Excess benefit was unavailable for all participants, so Mercer attempted to recreate the accrued benefit, including the Base benefit and Excess benefit based on actuarial valuation data. Mercer was unable to recreate the accrued benefit amounts provided for some participants. As a result, Mercer used additional information provided by Ann Pietrantoni as follows:

| Name | Issue |
|---|---|
| W. Denney | Mercer recalculated Mr. Denney's accrued benefit using 25 years of Benefit Service based on actuarial valuation data. Ann Pietrantoni provided a benefit statement showing that 27 years of Benefit Service was used in his calculation. Using 27 years of Benefit Service, Mercer was unable to match the accrued benefit provided. Therefore we proportionally ratioed the calculated Base benefit and Excess benefit for purposes of this report. |
| L. English | Ms. English was a Benefit Restoration Plan participant but per Ann Pietrantoni, calculations are not needed for purposes of this report. |
| P. Douglas | Mr. Douglas was previously not reported as an eligible Benefit Restoration Plan participant for valuation purposes. Ann Pietrantoni asked us to review his historical employee information for plan eligibility. Based on our historical valuation |

 MARSH & McLENNAN COMPANIES



Page 3
August 30, 2012
Ann Pietrantoni
Circuit City Liquidating Trust

| Name | Issue |
|---|---|
|  | information, it appears that Mr. Douglas has satisfied the plan's eligibility and a Benefit Restoration Plan accrued benefit was estimated as of his date of termination. |
| S. Heller | Mr. Heller commenced his qualified plan benefits on December 1, 2008 with a 50% Joint and Survivor payment. Prior to January 1, 2009, it was assumed that both the qualified plan benefits and Benefit Restoration Plan benefits would be paid in the same form of payment. However, Benefit Restoration Plan benefits were stopped as of the Bankruptcy Date so Mr. Heller's Benefit Restoration Plan benefit had not commenced. Therefore, for purposes of this report, we assumed a payment form of life annuity to be consistent with all other participants who were not in pay status as of the Bankruptcy Date. |

## Professional qualifications

I am available to answer any questions on the material in this report or to provide explanations or further details as appropriate. The undersigned credentialed actuary meets the Qualification Standards of the American Academy of Actuaries to render the actuarial opinion contained in this report. I am not aware of any direct or material indirect financial interest or relationship, including investment or other services that could create a conflict of interest, that would impair the objectivity of our work.

Sincerely,

Jean M. Schumacher

Jean M. Schumacher, ASA, EA
Principal

The information contained in this document (including any attachments) is not intended by Mercer to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code that may be imposed on the taxpayer.

G:\WAG\L.12\05





# Circuit City Stores, Inc. Benefit Restoration Plan
**Present Value Calculations as of November 10, 2008**

*Assumptions, Methodology and Plan Provisions*

*Actuarial Method*

| | |
|---|---|
| **Present value calculations** | The actuarial present value is based on an individual's accrued benefit as described under the plan assuming benefit commencement as of the individual's earliest retirement age, or immediately as of November 10, 2008 if the participant was eligible for Early or Normal Retirement as of that date. The participant's nearest age as of the Bankruptcy Date was used in the present value calculations. |
| **Valuation procedures** | The plan sponsor provided the data on all employees to be used for purposes of this report. |
| **Measurement date** | November 10, 2008 |
| *Actuarial assumptions* | |
| **Discount rate** | 8.30% as of November 10, 2008. |
| | The discount rate is estimated as the single equivalent rate such that the present value of Benefit Restoration Plan's cash flows using the single rate equals the present value of those cash flows using the Mercer Yield Curve adjusted for changes in the Merrill Lynch 10-15 year bond index between October 31, 2008 and November 10, 2008 rounded to the nearest five points. |
| **Mortality** | RP 2000 projected 18 years, 100% White Collar table |
| **Disabled mortality** | Not applicable |
| **Turnover** | None assumed prior to retirement |
| **Retirement age** | Earliest retirement age |
| **Pre-retirement death** | No pre-retirement death benefit is valued for participants with deferred benefits. |
| **Disability incidence** | None assumed prior to retirement |
| **Form of benefit**<br>• Actives and deferred vested participants<br>• Retirees and beneficiaries in pay status | <br>Life annuity<br><br>Form elected on retirement date |

1



## Summary of Plan Provisions

| | |
|---|---|
| **Effective date** | February 28, 1999; restated January 1, 2009. Mercer was provided with Board meeting minutes dated October 20, 2008 approving the plan restoration but no signed document was available. |
| **Eligibility** | Any qualified plan participant with earnings over the maximum salary limit ($225,000 in 2007) or any participant whose qualified plan benefit is over the maximum benefit limit ($180,000 in 2007) prior to February 28, 2005 if one of the following requirements are met:<br><br>• A participant is a Transition Participant if their age and years of Vesting Service as of February 28, 2005 are within three years of the Participant's Early Retirement Date or Normal Retirement Date; or a Participant who as of February 28, 2005 has attained his or her Early Retirement Date or Normal Retirement Date; or a Participant who is determined by the Committee to have incurred a Permanent Disability while an Employee before March 1, 2005<br><br>• A participant is identified as a Sustained Participant as defined in the plan<br><br>• A participant doesn't meet the above requirements but earned a Benefit Restoration Plan benefit as of February 28, 2005. No future benefit accruals will be earned by participants in this group<br><br>The Benefit Restoration Plan is closed to new participants effective February 28, 2005.<br><br>**Minimum Service Requirement**<br><br>To receive a Supplemental Benefit, a participant must commence benefits under the qualified Retirement Plan and meet one or more of the following criteria:<br><br>• Twenty-five years of Benefit Service;<br><br>• Attained Early Retirement Date at termination of employment; or<br><br>• Attained Normal Retirement Date at date of termination of employment |
| **Normal Retirement Benefit** | |
| • Eligibility | • First of month coinciding with or next following the later of the attainment of age 65 or the earlier of completion of 5 years of Participation Service or 5 years of Vesting Service. |
| • Benefit | The excess of A over B for a participant other than a Sustained Participant:<br><br>A. The Qualified Plan Benefit without applying maximum benefit or maximum salary limits.<br><br>B. The Qualified Plan Benefit.<br><br>Benefits are frozen as of February 28, 2005 for participants other than Transition Participants<br><br>OR<br><br>The excess of A over B for a Sustained Participant:<br><br>A. The Qualified Plan Benefit without applying maximum benefit or maximum salary limits, including periods of employment with the Company or Affiliated Company occurring after February 28, 2005 |

2

**MERCER**

| | |
|---|---|
| | B. The Qualified Plan Benefit adjusted by including compensation and service for periods of employment with the Company or Affiliated Company occurring after February 28, 2005 |
| | In addition to the above, a special termination benefit may be granted with committee approval. |
| | The Qualified Plan Benefit is computed as the greater of the following subject to the minimum below. |
| | A. The sum of: |
| | 1). Accrued benefit as of February 28, 1994, determined as if employment had terminated on that day based on the formula in effect on that date, plus |
| | 2). An amount ("the post 1994 accrued benefit") determined in B. below based on the credited service accrued after February 28, 1994, |
| | Total credited service from the sum of (1) and (2) is limited to thirty-five years of Benefit Service; |
| | OR |
| | B. The sum of: |
| | 1). .85% times highest average earnings times years of service up to thirty-five years (Base benefit), plus |
| | 2). .65% times the excess of highest average earnings over Social Security covered compensation times years of service up to thirty-five years (Excess benefit). |
| | The minimum accrued benefit is computed as of February 28, 1989 based on the formula in effect on that date. Item A. is applicable only for a Section 401(a)(17) employee |
| • Maximum benefit | Total benefit from qualified plan plus Benefit Restoration Plan is $300,000 effective March 1, 1996, increasing at the same rate as the maximum rounded qualified plan benefit limit. As of March 1, 2008, the maximum benefit is $462,500. |
| **Early Retirement** | |
| • Eligibility | First day of the month prior to Normal Retirement date provided he has attained the age of 55 or more and completed at least ten years of Vesting Service or has attained age 62 and completes at least seven years of Vesting Service. |

3



| | |
|---|---|
| • Benefit | Accrued Benefit Restoration Plan benefit is reduced by the following factors to reflect the early commencement of payments. The resulting Early Retirement Benefit Restoration Plan benefit can not exceed the Maximum Benefit, which is not reduced for early retirement. The Early Retirement Benefit Restoration Plan benefit will be offset by the qualified Early Retirement Plan benefit. For the Sustained Participant, Benefit Service will include periods of employment with the Company or Affiliated Company occurring after February 28, 2005 in the calculation of the Supplemental Benefit and qualified plan benefits.<br><br>| Age | Base Factors | Excess Factors |<br>|---|---|---|<br>| 64 | .970 | .9231 |<br>| 63 | .940 | .8462 |<br>| 62 | .910 | .7692 |<br>| 61 | .865 | .7308 |<br>| 60 | .820 | .6923 |<br>| 59 | .775 | .6538 |<br>| 58 | .730 | .6154 |<br>| 57 | .685 | .5769 |<br>| 56 | .640 | .5292 |<br>| 55 | .595 | .4862 | |
| **Pre-Retirement Death Benefits** | |
| • Eligibility | If a married participant has completed at least ten years of Benefit Service and dies before beginning to receive any benefits, the surviving spouse will receive a lifetime monthly allowance. For the Sustained Participant, Benefit Service will include periods of employment with the Company or Affiliated Company occurring between February 28, 2005 and February 29, 2008 in the calculation of the Supplemental Benefit and qualified plan benefits. |
| • Benefit | The monthly allowance is the excess of A over B:<br>A. The Qualified Plan pre-retirement death benefit without applying Maximum Benefit or maximum salary limits.<br>B. The Qualified Plan pre-retirement death benefit |
| **Termination Benefits** | |
| • Eligibility | Twenty-five years of Benefit Service |
| • Benefit | Accrued Benefit Restoration Plan benefit is payable at age 65 |
| **Disability Benefits** | |
| • Eligibility | Any participant that the Committee has determined to have incurred a permanent disability and has completed five years of Vesting Service. For the Sustained Participant, Benefit Service will include periods of employment with the Company or Affiliated Company occurring between February 28, 2005 and February 29, 2008 in the calculation of the Supplemental Benefit and qualified plan benefits. |

4



| | |
|---|---|
| • **Benefit** | Commencing on the Normal or Early Retirement Date, the monthly retirement allowance with highest average earnings and Social Security covered compensation determined as of the disability date and service including years of disability as of the benefit commencement date. It shall be reduced to reflect the early commencement of payments. The Benefit Restoration Plan Disability Benefit cannot exceed the Maximum Benefit and the resulting benefit will be offset by qualified disability benefit. |
| **Optional forms** | The Benefit Restoration Plan benefit will be paid the same optional form as the qualified plan benefit. |

**Circuit City Legend**

**Form of Payment**

| | |
|---|---|
| LA | Life Annuity |
| 5 CC | 5 Year Certain & Continuous |
| 10 CC | 10 Year Certain & Continuous |
| 15 CC | 15 Year Certain & Continuous |
| 50% J&S | 50% Joint and Survivor |
| 66.67% | 66 2/3% Joint and Survivor |
| 75% J&S | 75% Joint and Survivor |
| 100% J&S | 100% Joint and Survivor |

**Benefit Restoration Plan Grandfather Flag**

| | |
|---|---|
| GF1 | Transition Participant |
| GF2 | Sustained Participant |
| GF4 | Restoration Participant's Benefit Frozen as of 2/28/2005 |

# Circuit City Stores, Inc.
## Benefit Restoration Plan

Bankruptcy Date: 11/10/2008
Discount Rate: 8.30%

| SSN | Name | Status at 11/10/2008 | Grandfather Flag | Date of Birth | Date of Hire | Date of Termination | Monthly Restoration Benefit Payable at Normal Retirement Age | Benefit Commencement Date (BCD) | Monthly Restoration Benefit at BCD | Restoration Benefit Form of Payment | Beneficiary Date of Birth | Restoration Present Value at 8.30% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XXX-XX-8951 | Birnbaum, Richard | Deferred | | 4/26/1953 | 9/15/1972 | 10/1/2002 | 24,031.72 | 12/1/2008 | 13,795.30 | LA | | 1,775,699 |
| XXX-XX-0989 | Denney, William | Deferred | GF1 | 6/18/1956 | 8/16/1979 | 4/22/2006 | 4,319.30 | 7/1/2011 | 2,372.29 | LA | | 241,676 |
| XXX-XX-3516 | Douglas, Peter | Deferred | | 9/14/1955 | 9/18/1978 | 10/1/2003 | 736.02 | 10/1/2010 | 403.23 | LA | | 44,566 |
| XXX-XX-5942 | Arensmeyer, Mark | Retiree | GF1 | 11/6/1948 | 11/19/1990 | 5/4/2006 | | 6/1/2008 | 708.17 | 50% J&S | 11/8/1951 | 91,750 |
| XXX-XX-6263 | Cecil, David | Retiree | | 10/3/1950 | 10/3/1973 | 4/5/2003 | | 11/1/2005 | 960.13 | LA | | 120,626 |
| XXX-XX-8913 | Chalifoux, Michael | Retiree | | 3/5/1947 | 8/1/1983 | 6/17/2003 | | 7/1/2003 | 9,413.05 | 50% J&S | 5/8/1949 | 1,187,621 |
| XXX-XX-9771 | Cummings, Benjamin | Retiree | | 7/30/1945 | 3/12/1984 | 6/15/2001 | | 8/1/2006 | 2,519.73 | 50% J&S | 11/26/1953 | 319,208 |
| XXX-XX-4802 | Dunn, Phillip J | Retiree | GF1 | 11/27/1952 | 10/1/1984 | 10/18/2008 | | 11/1/2008 | 5,421.23 | 50% J&S | 9/13/1954 | 728,831 |
| XXX-XX-7089 | Fitzsimmons, John | Retiree | | 10/8/1942 | 1/1/1987 | 7/1/2000 | | 2/1/2002 | 5,233.58 | 50% J&S | 4/4/1944 | 620,705 |
| XXX-XX-3691 | Golden, Kenneth | Retiree | | 3/8/1944 | 1/23/1984 | 11/2/2000 | | 5/1/2002 | 479.78 | 50% J&S | 2/24/1947 | 58,233 |
| XXX-XX-4562 | Lawson, Jerry | Retiree | GF1 | 10/15/1943 | 1/6/1969 | 10/22/2007 | | 11/1/2007 | 4,764.56 | 50% J&S | 3/28/1944 | 572,238 |
| XXX-XX-7974 | Lucas, Richard | Retiree | GF1 | 11/29/1949 | 7/16/1984 | 3/4/2006 | | 4/1/2006 | 2,604.48 | 50% J&S | 9/25/1949 | 338,837 |
| XXX-XX-2304 | Mierenfeld, Gary | Retiree | GF1 | 5/29/1951 | 7/19/1993 | 7/2/2006 | | 7/1/2006 | 2,700.98 | LA | | 343,621 |
| XXX-XX-9138 | Ramirez, Mario | Retiree | | 9/30/1950 | 1/11/1979 | 7/9/1998 | | 10/1/2005 | 5,303.89 | 50% J&S | 3/13/1953 | 700,144 |
| XXX-XX-567C | Sharp, Richard | Retiree | | 4/12/1947 | 11/30/1982 | 9/30/2002 | | 9/1/2003 | 19,321.25 | 50% J&S | 12/12/1947 | 2,430,927 |
| XXX-XX-2791 | Wells, Jeffrey | Retiree | GF1 | 10/9/1945 | 8/10/1996 | 10/1/2005 | | 11/1/2005 | 3,448.08 | LA | | 401,063 |

*Certain period has ended.