UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:                                                   Chapter 11

**CIRCUIT CITY STORES, INC., et al.,**          Case No.: 08-35653-KRH

            **Debtors.**

### RESPONSE TO LIQUIDATING TRUST'S SIXTY-FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS
### CENTURY PLAZA DEVELOPMENT CORPORATION
### CLAIM 11238

Century Plaza Development Corporation, a creditor in this bankruptcy case, by counsel, objects to the Liquidating Trust's Thirty-Ninth Omnibus Objection to Landlord Claims as it pertains to its claim only, and states as follows:

1. Century Plaza Development Corporation ("Landlord"), has a claim in the amount of $1,959,982.56 for pre-petition rent and rejection damages in this bankruptcy case. This amount was claimed on its Proof of Claim filed on January 30, 2009, as No. 9708, amended by Claims apparently assigned as No. 11238 and No. 11669 ("Claim"). The Claim arises from the rejection of an unexpired lease for non-residential real property, and for unpaid pre-petition rent.

2. Landlord also filed claims against Circuit City West; it does not control the various claim numbers assigned to its claims, and therefore does not agree that any reference to claim numbers should control or affect the parties' rights, interests and defenses in these proceedings.

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, Virginia 23510
(757) 227-5155/(757) 227-5158
Email: Dgreer@davidgreerlaw.com
*Attorneys for Century Plaza Development Corporation*

3. The Liquidating Trust also filed an objection to this Landlord's claim in the 21st and 39th Omnibus Objections to Claims; Landlord preserves its response and defenses to those Objections.

4. A copy of the Proof of Claim, with the supporting statement of account but omitting large exhibits, is attached as <u>Exhibit A</u>.

### Response to Objection to Reduce and Modify Claim

5. The Objection contends that the Claim should be reduced by $26,094.40 for pre-petition rent, and $170,817.16 for rejection damages. The Objection contains no explanation or basis for this reduction, other than "not supported by Debtor's books and records."

6. The Claim is prima facia valid upon filing, Rule 3002(f), Federal Rules of Bankruptcy Procedure, and is deemed allowed unless there is an objection. <u>11 USC §502(a)</u>. However, an objection without stating a substantive basis should not be allowed to affect the validity of a claim, nor to shift the burden to the claimant to prove its claim. Therefore, the objection is insufficient, and the Claim remains valid and allowed.

7. In the Objection, the Liquidating Trust states, at Paragraph 25, three disjunctive grounds on which it may base its objection, but there are no specific allegations as to the Claim, nor does the Liquidating Trust identify which of the three "grounds" it asserts against the Landlord.

8. The Liquidating Trust, in this Objection, impermissibly attempts to shift the burden from it to the Claimant to meet a defense that has not been raised, alleged specifically or substantiated. Instead of proving a defense to the Claim, the Liquidating Trust tries to require the Claimant to meet a defense that has not been raised or substantiated.

9. Unless the Liquidating Trust states its contention as to what its "books and records" show, the Claimant cannot, and should not, be required to guess what information the Liquidating Trust lacks, and then to address it.

10. Without waiving its position as to the impermissible pleadings, the Claimant, informally, will provide information to the Liquidating Trust to resolve this matter efficiently for all concerned.

11. If or when the Rejection Claim should be reduced due to recovery of rent from a replacement tenant, the Claimant will amend its Claim to reflect such recovery, but such amendment will not be an admission, acknowledgement or assumption of any duty to mitigate damages.

12. As provided in the Objection, because supporting documents were filed with the Claim, they are omitted from this filing, but are available upon request, other than the Exhibit(s) described above.

13. The undersigned is the person to whom the attorneys for the Debtor should respond or with whom they should communicate regarding the claim and objection.

14. An additional person would acknowledge on behalf of the landlord as to the circumstances of the Claim, the amounts charges on it, and all payments and credits, is

        John C. Willsie, Corporate Counsel
        The Seeno Companies
        4021 Port Chicago Hwy.
        Concord, CA  94520
        (925) 671-7711, Extension 383

15. Landlord reserves the right to amend its claim to include its costs incurred in defending its claim against this and other objections.

WHEREFORE, Century Plaza Development Corporation moves this Court to overrule the Objection, to allow its claim for $1,959,982.56, to award it its costs, expenses and attorneys' fees, and such other and further relief as this Court deems equitable and just.

CENTURY PLAZA DEVELOPMENT
CORPORATION

By: /s/David A. Greer
David A. Greer, Of Counsel

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, Virginia 23510
(757) 227-5155/(757) 227-5158
Email: Dgreer@davidgreerlaw.com
*Attorneys for Century Plaza Development Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the *Response to Liquidating Trust's Sixty-Fourth Omnibus Objection to Landlord Claims, Claim No. 11238,* was served by electronic service upon the persons on the service list and by email (by agreement as to sufficient service for previous proceedings) to Lynn L. Tavenner and Andrew Caine this 28th day of November, 2012.

/s/David A. Greer
David A. Greer

7829