IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
|     Debtors. | ) | |
| | ) | |

**RESPONSE TO SIXTY FOURTH OMNIBUS OBJECTION TO
LANDLORD CLAIMS RE: CLAIM NO. 12682**

GCCFC 2007-GG9 Abercorn Street Limited Partnership ("GCCFC"), files this Response (the "Response") to the Sixty-Fourth Omnibus Objection to Landlord Claims [ECF No. 12446] (the "Objection") and, in support of the Response respectfully represents as follows:

Claim no. 12682 (the "Claim") was filed by landlord Abercorn Common LLLP (the "Landlord"). On January 4, 2011, GCCFC foreclosed its interests in its collateral by recording a Deed Under Power of Sale in the land records of Chatham County, Georgia (the "Deed"). Pursuant to the Deed, among other things, the Landlord's right, title and interest in all Leases (as defined in the Deed), rents, earnings, income, profits, benefits, all other sums due, proceeds, receivables, etc. was transferred to Lender pursuant to applicable Georgia law.[1]  Accordingly, GCCFC is the holder of the Claim.

This Objection appears to be the Liquidating Trust's second attempt to reduce the amount the Claim without providing the Trust's calculation or any of the records upon which it relies in seeking a reduction of the amount of the Claim. The Claim, which includes detailed calculations and a copy of the Lease, asserts (a) a general unsecured claim in the amount of $1,448,786.93

---

[1] A copy of the Deed was annexed to the Response to the Third and Fourth Omnibus Objection to Claims re: Claim Nos. 8559, 12682, and 13695 [ECF No. 10324].

consisting of (i) rejection damages in the amount of $1,372,196.56 and (ii) prepetition rent in the amount of $76,590.37 and (b) an administrative claim in the amount of $44,082.75.

In the Liquidating Trust's Fourth Omnibus Objection to Claims [ECF No. 10041] (the "Fourth Objection"), the Trust sought to reduce the unsecured portion of the claim by $172,379.95 "pursuant to the Debtors' books and records." The proposed reduction consisted of $17,219.88 in prepetition rent that is allegedly "not owed", $154,997.85 of rejection damages that are allegedly "overstated" and $162.22 of prepetition taxes that are "not supported by the Debtor's books and records." A Response to the Fourth Omnibus Objection to Claims was filed on April 6, 2011 [ECF No. 10324] and remains pending.

By this Objection, the Trust asserts substantially the same objection as in the Fourth Objection (without indicating whether it intends to withdraw the Fourth Objection). The Trust seeks identical reductions of the rejection damages and real estate tax portions of the Claim ($155,997.85 and $162.22, respectively), but now only seeks to reduce the prepetition rent by $1,131.74. Once again, rather than providing its own calculation of rejection damages or prepetition rent due (or pointing out flaws in the analysis attached to the Claim), the Objection simply asserts that the "debtor's books and records" reflect a different sum.

Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto represent detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f). The Liquidating Trust must provide evidence sufficient to rebut the presumption of validity in order to shift the burden of proof to GCCFC. *In re Mid-American Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002); s*ee also In re*

*Thompson*, 260 B.R. 484, 486-87 (Bankr. W.D. Mo. 2001). The Objection does not provide any evidence to rebut the presumption of validity nor does it advance any basis under Bankruptcy Code § 502 for reduction of the Claim.

The Objection leaves GCCFC to guess at why it is that the Debtors' books and records apparently do not match the Landlord's own analysis. This leaves GCCFC with little choice but to rely on the analysis and documentation that the Landlord provided in connection with the Claim until such time as the Liquidating Trust explains why it disagrees. Absent specific objections to the Claim, the Objection must be overruled and the Claim allowed in the full amount asserted therein.

Dated: November 29, 2012.

Respectfully submitted,

**SUTHERLAND ASBILL & BRENNAN LLP**

By:  /s/ Mark D. Sherrill
Mark D. Sherrill (VSB No. 44543)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

-- and --

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**

Jeffrey I. Snyder (admitted *pro hac vice*)
1450 Brickell Avenue.
Suite 2300
Miami, Florida 33131
Tel: (305) 374-7580
Fax: (305) 374-7593

*Counsel for GCCFC 2007-GG9 Abercorn Street Limited Partnership*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via first class U.S. Mail, postage prepaid, on this 29th day of November, 2012 upon all parties as set forth on the attached service list.

By:   /s/ Mark Sherrill
Mark D. Sherrill

## SERVICE LIST

Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
*Counsel for the Liquidating Trust*

Lynn L. Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*

Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Liquidating Trust*