UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| CIRCUIT CITY STORES, INC., *et al.*, | * | Chapter 11 |
| | * | Case No. 08-35653 (KRH) |
| Debtors | * | Jointly Administered |
| | * | |

### RESPONSE OF JAMES H. WIMMER, JR. TO LIQUIDATING TRUST'S FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS

For his response to the Forty-Seventh Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims (Multiple HR Programs Claimed) [Docket No. 12394] (the "***Objection***"), filed by the Circuit City Stores, Inc. Liquidating Trust (the "***Liquidating Trust***"), claimant James H. Wimmer, Jr. ("***Wimmer***") states that the Liquidating Trust has improperly valued a portion of his proof of claim (the "***Benefit Restoration Portion***" as that term is defined below). For the reasons set forth more particularly below, Wimmer, through his undersigned counsel, pursuant to Fed. R. Bankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], requests that the Court overrule the Objection and allow the Benefit Restoration Portion in a present-value amount calculated with a risk-free discount rate.

---

Richard E. Hagerty
VSB No. 47673
*Attorney for James H. Wimmer, Jr.*
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
703-734-4326
703-448-6520 (facsimile)
richard.hagerty@troutmansanders.com

## BACKGROUND

1. On January 30, 2009, Wimmer filed a proof of claim (claim number 9584) in the amount of $1,749,707.14 (the "**Claim**"). Included in that total Claim amount was a line-item in the amount of $872,541.00 (the "**Benefit Restoration Portion**") for amounts due under the Circuit City Stores, Inc. Benefit Restoration Plan, dated December 22, 2005 (the "**Benefit Restoration Plan**"), a copy of which is attached hereto as Exhibit A.[1]

2. The Liquidating Trust moved this Court to reduce Wimmer's Claim to $895,754.09, eliminating portions of his Claim relating to car allowance, increased medical expenses, life insurance, stock awards, and incentive awards; and reducing portions of his Claim relating to severance, retention, and the Benefit Restoration Portion. Exhibit C to Objection, p. 41.

3. Wimmer responds only to the Liquidating Trust's reduction of the Benefit Restoration Portion of his Claim, only. The Objection requests this Court to value the Benefit Restoration Portion at $375,602.00, as opposed to the $872,541.00 value as filed by Wimmer. The Objection provides little justification for the reduction, stating only that "[a]ctuarial calculations resulted in a [B]enefit [R]estoration liability of $375,602 at 11/10/08; therefore this portion of the [C]laim will be reduced by $496,939."

4. Neither the text of the Objection nor the Exhibits thereto explain the actuarial calculations used to reduce the Benefit Restoration Portion. Upon information and belief, the Liquidating Trust calculated the present value of Wimmer's Benefit Restoration Portion using

---

[1] The Benefit Restoration Plan was filed as Exhibit G to the Benefit Restoration Plan Objection (as defined below).

the Mercer Actuarial Analysis of the Liquidating Trust's liability on account of the Benefit Restoration Plan.[2] The Mercer Actuarial Analysis concludes a lower current value for the Benefit Restoration Portion by discounting (to present value as of the Petition Date) the future payments due under the Benefit Restoration Plan using an 8.3% discount rate. *See* Mercer Actuarial Analysis, copies of relevant portions of which are attached hereto as Exhibit B.

5.  The Objection provides no legal basis for the use of an 8.3% discount rate, and the Mercer Actuarial Analysis provides no actuarial basis for the use of that discount rate. While the Mercer Actuarial Analysis does disclose the source of the discount rate,[3] it merely assumes the applicability of that discount rate, and it provides no justification for that assumption.

## ARGUMENT

6.  It is widely understood that a creditor — to whom the debtor owes a stream of future payments — holds a claim in the amount of the present value of those future payments. *In re Trace International Holdings, Inc.*, 284 B.R. 32, 38 (Bankr. S.D.N.Y. 2002) ("Any portion of the claim that is unmatured as of the petition date must, therefore, be discounted to its value as of the petition date."); *In re CSC Industries*, 232 F.3d 505, 508 (6th Cir. 2000) ("[T]he bankruptcy court must value present claims and reduce claims for future payment to present value . . . ."); *In re CF&I Fabricators*, 150 F.3d 1293, 1300 (10th Cir. 1998) ("[T]he Bankruptcy Code mandates

---

[2] The Mercer Actuarial Analysis is explicitly referenced in the Liquidating Trust's 50th Omnibus Objection to Claims: Reduction of Certain Partially Invalid Claims or Disallowance of Certain Invalid Claims, as Applicable (Benefit Restoration Plan) [Docket No. 12397], filed September 13, 2012 (the "Benefit Restoration Plan Objection").

[3] In a section entitled "Actuarial Assumptions," the Mercer Actuarial Analysis provides that "[t]he discount rate is estimated as the single equivalent rate such that the present value of the Benefit Restoration Plan's cash flows using the single rate equals the present value of those cash flows using the Mercer Yield Curve adjusted for changes in the Merrill Lynch 10-15 year bond index between October 31, 2008 and November 10, 2008 rounded to the nearest five points." Mercer Actuarial Analysis, Assumptions, Methodology and Plan Provisions, p. 1.

3

that all claims for future payment must be reduced to present value . . . ."); *In re O.P.M. Leasing Services, Inc.*, 79 B.R. 161, 166 (S.D.N.Y. 1987).

7.  Courts in the Fourth Circuit have held that the present value of those future payments must be determined using a "risk-free" discount rate. The risk-free rate discounts the future payments to their present value based only on the time value of money or inflation; it does not include a further discount for the debtor's creditworthiness or the risk of nonpayment. The United States District Court for the District of Maryland has considered the proper discount rate on facts virtually identical to the facts in this case. In *Kucin v. Devan*, the court held that in determining the present value of future payments under a deferred compensation agreement, a risk-free rate is appropriate, because "[o]therwise, the risk of nonpayment would be accounted for twice since the [claimants] already stand to receive only a fraction of their claims." 251 B.R. 269, 273 (D. Md. 2000). The reasoning in *Kucin* was explicitly followed by the United States Bankruptcy Court for the District of Maryland in the case of *In re USGen New England, Inc.*, 429 B.R. 437, 490 (Bankr. D. Md. 2010), *aff'd sub nom. TransCanada Pipelines Ltd. v. USGen New England, Inc.*, 458 B.R. 195 (D. Md. 2011) (applying a risk-free discount rate to future payments that would have been received under a contract). A similar position was taken by the United States District Court for the Western District of Virginia in the case of *Chaffin v. Southeastern Transport, Inc.*, Civil No. 95-290-R, 1996 U.S. Dist. Lexis 12615 (W.D. Va., June 10, 1996). In *Chaffin*, the court discounted an injured employee's future income to its present value using the "current rate on a one year Treasury bill," which it described as a "virtually risk-free rate[]." *Id*. at * 10.

4

8. The United States Bankruptcy Court for the Eastern District of Virginia also approved the use of a virtually risk-free discount rate to determine the present value of a claim for future payments in the case of *In re U.S. Airways Group, Inc.*, 303 B.R. 784 (Bankr. E.D. Va. 2003) (Mitchell, J.). In *U.S. Airways* the court was determining the amount of the Pension Benefit Guaranty Corporation ("**PBGC**")'s claim for unfunded benefit liability with respect to an under-funded, terminated, defined-benefit Employee Retirement Income Security Act ("**ERISA**") plan. *Id*. at 795. The court approved the method set forth in a relevant PBGC regulation, which provided that the claim had a present value equal to the cost of a single-premium annuity which would pay benefits equal to the unfunded benefits due under the ERISA plan. *Id*. at 788, 798. In so ruling, the court rejected a "prudent investor" discount rate that would have presumed riskier investments with greater potential for appreciation, as well as greater risk, and which would have resulted in a greater discount rate and a correspondingly lower present value of the unfunded benefit liability. *Id*. at 796.

9. The use of a risk-free rate is also supported by the Sixth Circuit Court of Appeals' reasoning in the case of *In re Highland Superstores, Inc.*, in which the court noted that 11 U.S.C. § 502 (allowance of claims) does not make any mention of a discount for the debtor's creditworthiness. 154 F.3d 573, 579 (6th Cir. 1998). Further, in the case of *Jones & Laughlin Steel Corp. v. Pfeifer*, the United States Supreme Court used a risk-free rate in determining the present value of damages under the Longshoreman's and Harbor Worker's Compensation Act. 462 U.S. 523 (1983). In *Jones & Laughlin*, the Court held that "[t]he discount rate should be based on the rate of interest that would be earned on the 'best and safest investments. . . .' [T]he

5

discount rate should not reflect the market's premium for investors who are willing to accept some risk of default." *Id.* at 537.

## CONCLUSION

Because the Liquidating Trust's Objection to Wimmer's Claim improperly seeks to discount the Benefit Restoration Portion of Wimmer's Claim to its value as of the Petition Date based on an 8.3% discount rate that is significantly higher than a "risk-free" rate that should be applied, this Court should overrule the Objection and allow the Benefit Restoration Portion of Wimmer's Claim in an amount reflecting application of a risk-free discount rate.

WHEREFORE, the Wimmer respectfully request (i) that the Forty-Seventh Omnibus Objection concerning Claim Number 9584 be overruled as it relates to the Benefit Restoration Portion of Claim Number 9584; (ii) that Wimmer's Benefit Restoration Portion be allowed in an amount determined using a risk-free discount rate; and (iii) that Wimmer have such other and further relief as to which he may be entitled.

Respectfully submitted this 29th day of November, 2012.

    /s/ Richard E. Hagerty
Richard E. Hagerty (VSB #47673)
TROUTMAN SANDERS LLP
*Attorney for James H. Wimmer, Jr.*
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4326
(703) 448-6520 (facsimile)
richard.hagerty@troutmansanders.com

6

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of November, 2012, the foregoing Response was delivered through the Court's CM/ECF system to all parties who receive notice in this case and via e-mail to:

>Lynn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>
>Jeffrey N. Pomerantz, Esq.
>Andrew W. Caine, Esq.
>(admitted *pro hac vice*)
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>
>Robert J. Feinstein, Esq.
>(admitted *pro hac vice*)
>PACHULSKI STANG ZIEHL & JONES LLP
>780 Third Avenue, 36th Floor
>New York, New York 10017
>
>*Counsel to the Liquidating Trustee*

  /s/ Richard E. Hagerty
Richard E. Hagerty