IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| **Circuit City Stores, Inc.,** *et al.*, : | Case No. 08-35653 (KRH) |
| : | |
| **Debtors.** : | |

**OPPOSITION TO LIQUIDATING TRUST'S
FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS: REDUCTION
OF CERTAIN PARTIALLY INVALID CLAIMS, FIXING OF
CERTAIN UNLIQUIDATED CLAIMS, OR DISALLOWANCE OF
<u>CERTAIN INVALID CLAIMS (MULTIPLE HR PROGRAM CLAIMED)</u>**

**COMES NOW** Kelly Breitenbecher, ("Ms. Breitenbecher "), by the undersigned counsel, and for her opposition to *Liquidating Trust's Forty-Seventh Objection to Claims: Reduction of Certain Partially Invalid Claims, Fixing of Certain Unliquidated Claims, or Disallowance of Certain Invalid Claims (Multiple HR Programs Claimed)* (the "Objection"), and states as follows:

1. Ms. Breitenbecher timely filed her claim with Debtor's claims agent, Kurtzman Carson Consultants, in the total amount of $1,502,166.00. On information and belief, the claim has been assigned claim number 13936 (the "Claim"). The Claim is based upon Ms. Breitenbecher's employment by Circuit City as a Senior Vice President, Operations and Supply Chain, and a related employment agreement and her special cash retention award.

2. Fed. R. Bankr. P. 3001(f) provides that a proof of claim executed and filed in accordance with the applicable rules is *prima facie* evidence of the validity and amount of the claim. The Claim and the supporting analysis and documentation attached thereto represent

---

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burges, Esquire – VSB # 67998
Sands Anderson PC
1111 East Main Street, Suite 2300
Post Office Box 1998 (23219)
Richmond, Virginia 23219
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
  *Counsel for Kelly Breitenbecher*

detailed information supporting the basis and amount of the Claim sufficient to warrant the presumption of validity provided by Bankruptcy Rule 3001(f).

3. In the Objection, the Circuit City Stores, Inc. Liquidating Trust, through Alfred H. Siegel as trustee (the "Trustee"), seeks to reduce the amount of the Claim to a "Proposed Modified Claim Amount." *See*, Objection, Exhibit C. Specifically, and on information and belief, the Trustee does not object to the entire Claim, but rather only objects to that portion of the Claim that pertains to the "target Annual Bonus[1]".

4. On further information and belief, the Trustee believes the "target Annual Bonus" should not be allowed as part of the Claim because no annual bonus was established for the fiscal year in which Ms. Breitenbecher's employment was terminated. Ms. Breitenbecher was terminated on or about April 17, 2009. Upon termination, and pursuant to the Employment Agreement, Ms. Breitenbecher is entitled to certain "Change-in-Control Severance Benefits". *See*, Employment Agreement, section 9.3. The Trustee believes section 9.3 of the Employment Agreement requires that an actual bonus had to have been established before any annual bonus can be included in severance benefits. Since no actual bonus was established in 2009, the Trustee concludes Ms. Breitenbecher is not entitled to severance benefits based on any annual bonus.[2]

---

[1] "Annual Bonus" as used herein has the meaning ascribed in that certain Circuit City Inc. Employment Agreement for Kelly Breitenbecher ("Employment Agreement"). The Employment Agreement is attached as an exhibit to the Claim.

[2] Section 9.3 of the Employment Agreement grants to Ms. Breitenbecher a change-in-control severance benefit "in an amount that is equal to the product of two (2) times both the Executive's Base Salary at the rate in effect immediately prior to the termination and the Executive's target Annual Bonus established for the fiscal year in which the Executive's termination of employment occurs." On information and belief, the Trustee does not dispute the portion of Ms. Breitenbecher's Claim that includes the "two (2) times … the Executive's Base Salary".

2

5.  The Trustee's interpretation of section 9.3 and the "target Annual Bonus" requirement is misplaced.  His interpretation is that this is a contingent benefit.  Ms. Breitenbecher's right to a severance benefit based on an annual bonus is <u>not</u> a contingent benefit.

6.  Rather, section 9.3 of the Employment Agreement says that Circuit City "***shall*** provide [severance benefits]" (emphasis added).  Even if an actual bonus amount had not been set, the Employment Agreement is clear that some amount *would* be awarded measured by the "target" Annual Bonus.  The defined term "Annual Bonus" is found in paragraph 5.3 of the Employment Agreement, which states that the Annual Bonus "will generally be in an amount that is ***not less than*** *Fifty Percent (50%)* of the Executive's Base Salary for the fiscal year with respect to which the Annual Bonus is being paid (the ***'Minimum Bonus Rate'***)" (emphasis added).

7.  This language (and defined "Minimum Bonus Rate") shows that the annual bonus portion of the severance benefit is *not* a contingent benefit.  At a very minimum, it is 50% of base pay, and for Ms. Breitenbecher, two (2) times her base pay.

8.  The person with knowledge of this claim is Kelly Breitenbecher, as identified above.  Documents supporting the claim were attached to the claim as filed.

9.  There were certainly other employees of Circuit City familiar with, or having knowledge of, the Employment Agreement and Award, and Circuit City may have documents pertaining to the Award.  As such, Ms. Breitenbecher reserves her right to supplement this Response in advance of any final hearing on the Objection.

3

**WHEREFORE,** Kelly Breitenbecher respectfully requests the Court overrule the Objection, and allow Ms. Breitenbecher's claim as filed, and grant such further relief as is just and proper under the circumstances.

November 29, 2012  **Respectfully Submitted,**

**KELLY BREITENBECHER**

**By Counsel**

  /s/ William A. Gray
William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burgess, Esquire – VSB # 67998
Sands Anderson PC
1111 East Main Street, Suite 2300
P.O. Box 1998 (23218)
Richmond, Virginia 23219
Telephone:  (804) 648-1636
Facsimile: (804) 783-7291
*Counsel for Kelly Breitenbecher*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2012, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed by U.S. Mail, first class, postage prepaid, to all persons on the following Service List.

## SERVICE LIST

| | |
|---|---|
| Lynn L. Tavenner, Esq. | Jeffrey N. Pomerantz, Esq. |
| Paula S. Beran, Esq. | Andrew W. Cane, Esq. |
| Tavenner & Beran, PLC | Pachulski Stang Ziehl & Jones, LLP |
| 20 North Eighth Street, Second Floor | 10100 Santa Monica Boulevard, 11th Fl |
| Richmond, Virginia 23219 | Los Angeles, CA 90067 |

  /s/ William A. Gray