# Francis E. Telegadas

8204 Yolanda Road
Richmond, Virginia
(H) (804) 282-7212
(C) (804-387-2316
franktelegadas@verizon.net

November 29, 2012

**By Hand**
Clerk of the Bankruptcy Court
U.S. Bankruptcy Court,
701 East Broad Street - Room 4000
Richmond, VA  23219

Re:  Circuit City Bankruptcy - Claim for Francis E. Telegadas - Case Number 08-35653
(Case Jointly Administered)
**Response to Debtors Fifty-Seventh and Forty Eighth Omnibus Objection
Amount Claimed:**
      **Long Term Incentive Plan/Cash Awards - Min $40,000 - Max-$80,000**
      **Cash Retention Award - Min $20,000 Max - $40,000**

Clerk of Bankruptcy Court:

I filed my letter and attachments involving my objections to the Fifty Seventh and Forty
Eighth objections and may have inadverantly left out the second page of my November
27, 2012 letter.

I have sent complete copies to counsel for debtor on November 28, 2012 by email so they
have a full set and and am filing the full letter only without the attachments with the court
and ask you substitute this full version of the November 27, 2012 letter response with that
filing.

Please feel free to contact me if you have any questions.

Sincerely,

Francis E. Telegadas

Attachments – full version of November 27, 2012 letter.

Copies to:

Lynn Tavenner/Paula Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond VA 23219

Jeff Pomerantz/Andrew Caine
Pachulski, Stang, Ziehl & Jones
10100 Santa Monica Blvd
Los Angeles, CA  90067-4100

Francis E. Telegadas

# Francis E. Telegadas

8204 Yolanda Road
Richmond, Virginia
(H) (804) 282-7212
(C) (804-387-2316
franktelegadas@verizon.net


November 27, 2012

**By Hand**
Clerk of the Bankruptcy Court
U.S. Bankruptcy Court,
701 East Broad Street - Room 4000
Richmond, VA  23219


Re:  Circuit City Bankruptcy - Claim for Francis E. Telegadas - Case Number 08-35653
(Case Jointly Administered)
**Response to Debtors Fifty-Seventh and Forty Eighth Omnibus Objection**
**Amount Claimed:**
      **Long Term Incentive Plan/Cash Awards - Min $40,000 - Max-$80,000**
      **Cash Retention Award - Min $20,000 Max - $40,000**

Clerk of Bankruptcy Court:

Please accept this response to the Debtor's to objection to my claim involving Long Term
incentive and Cash Retention awards owed under the above Employee Plans.  I have
previously filed these claims and others in January 2009 as an unsecured claim and in
June 2009 as administrative claims.  The response filed by the debtors to these claims is
in error and the awards should be allowed.

**First** – in the Forty Eighth objection – the Debtor states there are now amounts due for
unpaid wages and the books and records show no amount for unpaid wages.  My claims
relate to the Long Term Incentive Plan Cash Award and the Cash Retention Award.
These amounts are paid as bonuses for service and both were met by the claimant and
both had accelerated under as is acknowledged by the debtor in the memorandum
involved in the 57th Objection.   I have given to the court in my proofs of claims the
documents provided by the company to me.


**Second** – the Fifty Seventh Objection allows a general unsecured claim of $40,000 under
Claim "5664" which appears by the motion to relate to the Long Term cash incentive
award given in an October 9, 2008 award letter of a minimum of $40,000 and a potential
maximum of $80,000.  Debtor allows that the amount of $40,000 is an appropriate claim.

The confusion appears to relate to a statement that a duplicate claim exists under claim 5680.

The real issue is trying to pin down the claims and the numbers and the amounts I am owed as a claim.

I filed proofs of losses as outlined above in January of 2009 and refilled some as administrative claims in June of 2009.

## The claims I filed included two separate and distinct awards:

**One** of which was the Long Term Incentive Plan Cash Award in an <u>October, 9  2008</u> which by the Debtors admission allows an amount of $40,000. My award letter is the same form letter used by Debtor in the motion.

The **Second** claim involves a Cash Retention award that was given in a <u>January 3, 2008</u> letter – that award allows for up to $40,000 total – under a separate and distinct award - $20,000 for being employed on January 1, 2009 (I was) and the other half that was to be given for employment on January 1, 2010 – that second half accelerated under the same change of control feature that the Debtor acknowledges in this motion that came about in March 2009 (and at that time I was still employed). <u>My last date with the company was on April 17, 2009.</u>

Therefore I am <u>owed two separate claims of $40,000 each</u> - not one.

I attach a copy of my original proof of claims and accompanying letters and materials I filed  which bear different numbers that those assigned by the debtor under the "5664 and 5860" numbers – I do not know how the debtor assigned numbers and I would prefer to discuss these by the dates of the award letters – October 9, 2008 and January 3, 2008). Both of those award letters are in the materials attached.  I apologize if I have confused the numbering system – I can only go by my original claims and letter awards and appreciate any indulgence on confusion I may have caused.

I hereby declare that the above matters are based on my personal knowledge supporting the response to the objections and the documents attached and the books and records of the Debtor.

Please feel free to contact me if you have any questions.

Sincerely,

Francis E. Telegadas

Attachments

Copies to:

**By Hand**
Lynn Tavenner/Paula Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond VA 23219

**By Fax (310-201-0760) and First Class Mail**
Jeff Pomerantz/Andrew Caine
Pachulski, Stang, Ziehl & Jones
10100 Santa Monica Blvd
Los Angeles, CA  90067-4100

I hereby certify that the above letter was filed in the court by the deadline of November, 29, 2012 and sent so it was received by the above entities and persons on or before 4:00PM, November 29, 2012

Francis E. Telegadas