Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| Debtors. | ) (Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER APPROVING AGREEMENTS BETWEEN THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND TOSHIBA ENTITIES**

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), hereby moves (the "Motion") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Agreements (the "Settlement Agreements")[1], each dated November 8, 2012, between the Trust, on the one hand, and Toshiba America Information Systems, Inc. ("TAIS") and Toshiba American Consumer Products, LLC ("TACP," and together with TAIS, "Toshiba"), on the other

[1] All capitalized terms not otherwise defined herein shall have the meanings given to them in the Agreement.

hand, and attached hereto as **Exhibit B** (because confidentiality is an integral component of the Settlement Agreements, the parties are requesting by separate motion that the Settlement Agreements be filed under seal). Pursuant to the Agreements, Toshiba will make a payment to the Trust, and waive and/or reduce its outstanding claims against the Trust, as described in Exhibit B to settle the Trust's claims against TACP. In support of the Motion, the Trust respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is Section 105 of chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

***General Background***

5. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

7. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations. On January 17, 2009, going out of business sales commenced at all of the Debtors' retail locations, and were completed as of March 8, 2009.

8. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order"). The Plan became effective on November 1, 2010 (the "Effective Date").

9. Pursuant to the Liquidating Trust Agreement approved by the Confirmation Order, potential settlements of Causes of Action with damage claims over $10,000,000 require approval of the Oversight Committee (as defined in the Liquidating Trust Agreement) and the Court.

***Background Regarding the Disputed Claims between the Trust and Toshiba***

10. Toshiba filed the following claims against the Debtors' estates[2] (the "Toshiba Claims"), all of which the Trust has addressed in pending claims objections:

| **Claim No.** | **Toshiba Entity** | **Claim Amount** | **Claim Priority Asserted** |
|---|---|---|---|
| 9648 | TACP | $1,100,432 | General unsecured |

[2] Excluded from this chart are claims filed by Toshiba that have been expunged as duplicative or superseded.

| | | | |
|---|---|---|---|
| 15106 | TACP | $1,975,587 | General unsecured |
| 15106 | TACP | $5,293,249 | 503(b)(9) administrative |
| 1319 | TAIS | $257,427 | General unsecured |
| 1319 | TAIS | $4,786,331 | 503(b)(9) administrative |
| 9391 | TAIS | $9,357,099 | General unsecured |

11. In November, 2010, the Trust commenced over 550 actions to avoid and recover preferential transfers, recover outstanding accounts receivable and other unpaid obligations, and objecting to proofs of claim. Toshiba entered into successive tolling agreements with the Trust, as a result of which the Trust has not commenced any litigation against Toshiba, but has engaged in consensual and informal data reconciliation and negotiations to resolve the parties' disputes.

12. The Trust's alleged claims against Toshiba consist of preference recovery, accounts receivable and other unpaid obligation claims, and objections to the validity and priority of the Toshiba Claims (the "Trust Claims").

13. Toshiba asserts that it has valid defenses to the Trust Claims. To avoid the uncertainties and expense associated with formal litigation, the parties have engaged, with the assistance of counsel, in good faith, arm's length settlement negotiations, and after a careful investigation of the facts and circumstances and consideration of applicable law, the parties have agreed to a fair, reasonable, and good faith settlement, the terms of which are set forth in Exhibit B hereto.

14. The settlement resolves only the Trust Claims against Toshiba based on preference and unpaid obligations. Certain other specific potential claims of the Trust against Toshiba not affected by the Settlement Agreements are more fully set forth in the Settlement Agreements. The Settlement Agreements do not affect the Trust's claims against any other parties with which the Trust is engaged in litigation over preference or unpaid obligation claims, or otherwise.

## Relief Requested

By this Motion, the Trust seeks entry of an order authorizing it, pursuant to Bankruptcy Rule 9019(a), to enter into the Settlement Agreements with Toshiba that are attached hereto collectively as Exhibit B. Pursuant to the requirements of the Liquidating Trust Agreement, the Oversight Committee established pursuant to the Plan has approved the terms of the Settlement Agreements.

## Applicable Authority

### *A. The Motion Should be Approved as a Compromise and Settlement Under the Standards Provided for by Bankruptcy Rule 9019(a)*

1. Courts within this Circuit look to the following factors in assessing the reasonableness of proposed settlements:

(1) the probability of success in litigation;

(2) the difficulties associated with collection;

(3) the complexity of the litigation, and the attendant expense, inconvenience and delay; and

(4) the paramount interests of the creditors.

*See, e.g.*, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *United States ex. rel. Rahman v. Oncology Assoc., P.C.*, 269 B.R. 139, 152 (D. Md. 2001); *In re Frye*, 216 B.R. 166, 174 (E.D. Va. 1997).

2. The central factor in evaluating a proposed settlement is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See In re Bond*, No. 93-1410, 1994 WL 20107 at *3 (4th Cir. Jan. 26, 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'").

3. A settlement need not be the best that the debtor could have achieved to be approved, but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

4. Here, approval of the Settlement Agreements is warranted because the Settlement Agreements represent a compromise that is fair and equitable, falls well within the range of reasonableness, and satisfies the standards for approval under applicable law. The Settlement Agreements are the product of extensive negotiations between the Trust and Toshiba.

5. The Trust submits that the Settlement Agreements meet the above criteria. The Trust and its counsel, aided by extensive data review by the former Circuit City middle management Treasury personnel employed by the Trust, have evaluated the relative merits of the case and all other factors which concern the evaluation of the settlement.

6. The parties' extensive data reconciliation efforts resulted in agreed resolutions of the unpaid obligations and the amount of the Toshiba Claims. The Trust's aggregate accounts receivable claims against Toshiba total $13,197,215. The agreed aggregate amount of the Toshiba Claims is as follows: 503(b)(9) - $10,079,580, and general unsecured - $11,332,686.

7. The Trust's asserted preference avoidance and recovery claims are subject to significant legal dispute. While the parties' agree that Toshiba's aggregate exposure net of all

applicable new value is $57,300,000, Toshiba asserts that the ordinary course defense drastically reduces its exposure from this net of new value calculation. Both parties engaged consulting experts to assist in the analysis of the subjective and objective ordinary course defenses found in Section 547(c)(4).

8. The risks in litigating are real ones. The Trust has assessed the potential litigation risks in light of the potential advantages of both litigation and settlement in reaching the proposed settlement.

9. This leads to the next consideration supporting the Settlement Agreements, *i.e.*, that litigation would be very fact-intensive and accordingly protracted and expensive. Each side could easily expend a significant sum – particularly when the very high cost of experts is included. There were tens of thousands of transactions between the parties that must be analyzed in connection with the ordinary course defense, and the parties' payment history. Meanwhile, at a potential trial, the parties would incur extensive costs in preparing numerous witnesses and experts and conducting an evidentiary trial. The resolution contemplated by the Settlement Agreements will avoid lengthy and expensive litigation between the Trust and Toshiba. Approval of the settlement avoids the incurrence of these expenses.

10. By virtue of the case law described above, the Trust respectfully submits that the Settlement Agreements satisfy the relevant factors:

    a. In light of the risk of taking the matter to trial, the Trust submits that the benefits of the settlement outweigh the risk, expense and delay of trial;

    b. In the event the settlement is not approved, there is a prospect of a complex and protracted litigation;

    c. The Oversight Committee representing the beneficiaries of the Trust has approved the settlement;

        d. The Trust submits that the proposed benefit to be received through the Toshiba settlement payment represents a material benefit to the Trust;

e. The nature and breadth of the releases contemplated in the Settlement Agreements are reasonable and consistent with settlements of this type.

f. All parties to the settlement are represented by competent and experienced counsel.

11. The Settlement Agreements are the result of protracted arms-length bargaining, and are not the product of any fraud or collusion. *See Protective Comm. for Indep. Stockholders v. Anderson*, 390 U.S. 414, 424-425 (1968).

**Conclusion**

12. For the foregoing reasons, the Trust respectfully submits that the Settlement Agreements represent a fair and equitable compromise, a sound exercise by the Trustee of his business judgment and a decision that is in the best interest of the beneficiaries of the Trust. Certainly, the Settlement Agreements are well above the lowest point on the range of reasonableness. Accordingly, the Trust respectfully submits that the Court should approve the compromise of claims as embodied in the Settlement Agreements pursuant to Bankruptcy Rule 9019(a).

13. Notice of this Motion is being provided to parties-in-interest in accordance with the Case Management Order. The Trust submits that no other or further notice is required.

14. No previous motion for the relief requested herein has been made to this or any other court.

15. Pursuant to Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Trust respectfully requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

WHEREFORE, for the reasons set forth herein, the Trust respectfully requests the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreements and granting such other and further relief as is just and proper.

Dated: Richmond, Virginia
December 3, 2012

By: *\/s/ Lynn L. Tavenner*

Lynn L. Tavenner, Esq. (VSB No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
(804) 783-8300

-and-

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**EXHIBIT A**

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**ORDER APPROVING AGREEMENT BETWEEN THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND TOSHIBA ENTITIES**

This matter coming before the Court on the Motion For Entry Of An Order Approving Settlement Agreement Between The Circuit City Stores, Inc. Liquidating Trust (the "Trust" and/or the "Liquidating Trust") and Toshiba Entities (the "Motion") filed by Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Liquidating Trust; the Court (a) having reviewed the Motion and all pleadings relating thereto and (b) having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the Settlement Agreements between the Trust and Toshiba are (i) fair and reasonable, (ii) a reasonable exercise of the Trust's sound business judgment and (iii) in the best interests of the

Trust, its estate and creditors; (d) notice of the Motion and the Hearing was proper and adequate under the circumstances and no other or further notice is necessary; and (e) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. All capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

3. Pursuant to Bankruptcy Code section 105 and Bankruptcy Rule 9019, the Settlement Agreements are APPROVED in all respects.

4. The Trust and the Trustee are authorized to take all actions necessary to effectuate the Settlement Agreements and the relief granted pursuant to this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ________________________
Richmond, Virginia

________________________________
The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

**WE ASK FOR THIS:**

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for the Circuit City Stores, Inc.
Liquidating Trust

**CERTIFICATION**

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

**EXHIBIT B**

# (TO BE FILED UNDER SEAL)