| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*    *Counsel to the Circuit City Stores, Inc. Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                                              :    Chapter 11
                                                    :
CIRCUIT CITY STORES, INC., et al.,                  :    Case No. 08-35653 (KRH)
                                                    :
            Debtors.                                :
- - - - - - - - - - - - - -                         :    Jointly Administered
                                                    x

## MOTION TO FILE UNDER SEAL CERTAIN AGREEMENTS WITH TOSHIBA ENTITIES

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") in the above-captioned cases, hereby moves (the "Motion") for entry of an order substantially in the form of Exhibit A hereto, pursuant to sections 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Liquidating Trust to file certain documents under seal. In support of the Motion, the Liquidating Trust respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018.

## GENERAL BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors")[1] filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

5. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan.

6. The Plan became effective on November 1, 2010 (the "Effective Date"), and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City

*(cont'd)*

2

assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including entering into settlement agreement, the prosecution of Causes of Action and objections to claims.

## BACKGROUND REGARDING SEAL REQUEST

7. Prior to the commencement of the Debtors' bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

8. Toshiba America Information Systems, Inc. ("TAIS") and Toshiba American Computer Products, LLC ("TACP," and together with TAIS, "Toshiba" had prior business dealings with the Debtor going back many years. After the Debtor sought bankruptcy protection, Toshiba filed multiple claims against the Debtors' estates, all of which the Trust has addressed in pending claims objections.

9. In addition, in November, 2010, the Trust commenced over 550 actions to avoid and recover preferential transfers, recover outstanding accounts receivable and other unpaid obligations, and objecting to proofs of claim. Toshiba entered into successive tolling agreements with the Trust, as a result of which the Trust has not commenced any litigation against Toshiba, but has engaged in consensual and informal data reconciliation and negotiations to resolve the parties' disputes.

10. The Trust's claims against Toshiba consist of preference recovery, accounts receivable and other unpaid obligation claims, and objections to the validity and

_____
*(cont'd from previous page)*
  Stores PR, LLC (5512).

3

priority of the Toshiba Claims (the "Trust Claims").

11. Toshiba asserts that it has valid defenses to the Trust Claims. To avoid the uncertainties and expense associated with formal litigation, the parties have engaged, with the assistance of counsel, in good faith, arm's length settlement negotiations. After a careful investigation of the facts and circumstances and consideration of applicable law, the parties have agreed to a fair, reasonable, and good faith resolution, the terms of which are set forth in relevant Settlement Agreements (the "Settlement Agreements") and are the subject of a separate Motion for Entry Of An Order Approving Agreements Between The Circuit City Stores, Inc. Liquidating Trust And The Toshiba Entities.

12. The settlement resolves only the Trust Claims against Toshiba based on preference and unpaid obligations. Any potential claims of the Trust against Toshiba based on alleged price fixing and/or unlawful market allocation of LCD Products; or claims by the Trust against Toshiba based on other products or services are not affected by the Settlement Agreements. The Settlement Agreements do not affect the Trust's claims against any other parties with which the Trust is engaged in litigation over preference or unpaid obligation claims, or otherwise.

13. An integral component of the Settlement Agreements is the requirement that the Settlement Agreements remain confidential.

## RELIEF REQUESTED

14. By this Motion, the Liquidating Trust respectfully requests entry of an order pursuant to section 107(b) and Bankruptcy Rule 9018 granting the Liquidating Trust leave to file under seal the Settlement Agreements.

## BASIS FOR RELIF

15. Section 107(b) of the Bankruptcy Code authorizes the Court to issue

orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.
> . . . .

11 U.S.C. § 107(b)(1).

16. In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

17. In granting relief under section 107(b) of the Bankruptcy Code, "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedies if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Lomas Fin. Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (*quoting Press-Enterprise I*, 464 U.S. 501, 510 (1984)); *see also In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

5

18. Due to the confidential and/or proprietary and sensitive nature of the information contained in the Settlement Agreements, the Liquidating Trust respectfully submits that good cause exists for the relief requested. Many of the business terms between Toshiba and the Debtor were confidential and/or proprietary. The proposed settlement is a compromise of the parties' positions with respect to the application of these confidential terms, and as a result, public access to the terms would be detrimental to the proprietary interests of Toshiba and the Trust. In addition, the proposed settlement is a compromise of the parties' litigation positions and strategies with respect to virtually identical issues that the Trust faces in the other pending adversary proceedings, and as a result, public access to the details of the settlements and the Trust' approach to compromise of these underlying issues could give opposing parties an unfair advantage over the Trust in the remaining litigation. In sum, preserving the confidentiality of the Settlement Agreements and compromise terms is important to the Trust's efforts to return the highest possible value from the litigation for the benefit of creditors of the Estates.

19. Pursuant to this Court's CM/ECF Policy 6 -- Sealed Documents, revised as of November 21, 2011, copies of the Settlement Agreements will be provided in a sealed envelope for *in camera* review if so requested by the Court. The proposed order attached hereto provides that upon entry, the documents ordered sealed will be filed by the Liquidating Trust electronically, using the sealed document docketing event in the Court's ECF system.

20. The Liquidating Trust proposes to serve this Motion upon Toshiba and all parties receiving this document electronically through the Court's ECF system. The Liquidating Trust submits that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

21. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement

6

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

22. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an Order in the form attached hereto as Exhibit A and grant the Liquidating Trust such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia            TAVENNER & BERAN, PLC
       December 3, 2012

*/s/ Lynn L. Tavenner*_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
(310) 277-6910

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**EXHIBIT A**

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

*Counsel to the Liquidating Trustee*


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - -    x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC., et al.,  :   Case No. 08-35653 (KRH)
                               :
              Debtors.         :
- - - - - - - - - - - - - -    :    Jointly Administered
                               X
```

**ORDER AUTHORIZING THE LIQUIDATING TRUST'S MOTION TO FILE UNDER SEAL CERTAIN SETTLEMENT AGREEMENTS WITH TOSHIBA ENTITIES**

THIS MATTER having come before the Court[2] on the *Motion to File Under Seal Certain Settlement Agreements* (the "Motion") filed by the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred H. Siegel, the duly appointed trustee of the Trust, pursuant to the *Second Amended Joint Plan of Liquidating of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, seeking an order, pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

8

Procedure, wherein the Liquidating Trust requested authority to file certain documents under seal; and the Court having reviewed the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. The Liquidating Trust is authorized to file the Settlement Agreements as defined in the Motion under seal and to file the same with the Court electronically, using the sealed document docketing event in the Court's ECF system.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
       December __, 2012

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

TAVENNER & BERAN, PLC

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
(310) 277-6910

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner