IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



RICHMOND DIVISION
F                              F
I                              I
L      JAN 3 0 2013           L
E                              E
D         CLERK               D
US BANKRUPTCY COURT

In re:                                    x
                                          .        Chapter 11
CIRCUIT CITY STORES, INC., et al.,        .
                                          .        Case No 08-35653 (KRH)
            Debtors.                      .
                                          x        Jointly Administered

## RESPONSE TO LIQUIDATING TRUST'S SIXTY FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS)

Berkadia Commercial Mortgage, LLC, ("Berkadia") successor-in- interest to Capmark

Finance, Inc. on behalf of on behalf of Well's Fargo Bank, N.A Successor by Merger to Wells

Fargo Bank Minnesota NA fka Norwest Bank Minnesota NA as Trustee for the Registered

Holders of Merrill Lynch Mortgage Investors, Inc Pass-Through Certificates, Series 1998-C1-

CTL (the "Claimholder"), by and through its counsel Bryan Cave LLP, hereby files this   .

Response to Liquidating Trust's Sixty-Fourth Omnibus Objection To Landlord Claims

(Reduction of Certain Partially Invalid Claims) (the "Objection"), and states as follows:

1.    The Bankruptcy Trustee has objected to the proof of claim number 9741 (the

"Claim") filed by Claimholder alleging that the Claim asserts amounts for which Debtors are not

liable.

2.    The Objection offers no explanation for Debtors' basis for seeking a partial

reduction of the Claim but notes that all the claims on Exhibit B to the Objection, including the

Claim, are (i) liabilities already asserted by the Claimants in other claims; (ii) liabilities that have

already been satisfied by the Debtors; (iii) liabilities for which the Debtors dispute liability.

3.     In regards to the Claim, Exhibit B to the Objection further notes "Fix Unliquidated claim to a set amount."

4.     Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr P. 3001(f).

5.     After a creditor has timely and properly filed a proof of claim, the Debtor must produce substantial evidence to rebut this prima facie evidence. See in re Hemingway Transp. Inc. 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); In re Harford Sands, Inc. 372 F.3d 637,640-41 (4th Cir. 2004) (Creditor's filing of proof of claim constitutes prima facie evidence of amount and validity of claim, and burden is on debtor to object to claim and to introduce evidence to rebut its presumptive validity); In re Gran, 964 F.2d 882, 827 (8th Cir. 1992) ("The objection party must then produce evidence rebutting the claimant or else the claimant will prevail.")

6.     The Trustee bears the burden of proof for the disallowance of any portion of the Claim. See In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y 1995).

7.     The Bankruptcy Trustee has asserted no evidence whatsoever, (i) that portions of the Claim are liabilities already asserted by the Claimholder in other claims; (ii) that the Claim includes liabilities that have already been satisfied by the Debtors; or (iii) that the Claim includes amounts for which Debtors are not liable.

8.     Nonetheless, Claimholder asserts that the amount of its claim is $812,334.91.

WHEREFORE, Claimholder respectfully requests that the Court (a) overrule the

Objection as it relates to the Claim; (b) allow the Claim in the amount of $812,334.91 as

provided in Claimholder's proof of claim; and (c) grant Claimholder such other and further relief

as this Court deems appropriate under the circumstances.


Dated: January 29, 2013


BRYAN CAVE LLP

By:/s/ *Nikki Ott*
Nikki Ott  (VA Bar No. 68505)
Bryan Cave LLP
1155 F Street NW, Suite 700
Washington DC 20004
(202) 508-6152 (phone)


AND


By:/s/ *Keitha M. Wright*
Keith M. Aurzada
TX State Bar No. 24009880
Keitha M. Wright
TX State Bar No. 24075310
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 468-3800 (Phone)
(214) 468-3888 (Fax)

Attorneys for Claimholder

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 29th day of January, 2013, a true and correct copy of the above foregoing instrument was sent via overnight mail to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone (310) 277-6910
Telecopy (310) 201-0760

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219
Telephone (804) 783-8300
Telecopy: 804-7830-0178

*/s/ Nikki Ott*

6266455.1