UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | . | Case No. 08-35653 (KRH) |
| | . | |
| | . | |
| | . | Chapter 11 |
| | . | Jointly Administered |
| CIRCUIT CITY STORES, | . | |
| INC., et al., | . | 701 East Broad Street |
| | . | Richmond, VA 23219 |
| | . | |
| Debtors. | . | |
| | . | February 7, 2013 |
| . . . . . . . . . . . . .. | . | 2:03 p.m. |

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Tavenner & Beran, PLC
                         By:  LYNN L. TAVENNER, ESQ.
                              PAULA S. BERAN, ESQ.
                         20 North Eighth Street, 2nd Floor
                         Richmond, VA 23219

TELEPHONIC APPEARANCES:

For the Debtor:          Pachulski Stang Ziehl & Jones LLP
                         By:  ANDREW W. CAINE, ESQ.
                         10100 Santa Monica Boulevard
                         Los Angeles, CA 90067

Proceedings recorded by electronic sound recording, transcript
produced by transcription service

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1            COURTROOM DEPUTY:  All rise.  The United States

2  Bankruptcy Court for the Eastern District of Virginia is now in

3  session, the Honorable Kevin R. Huennekens presiding.  Please

4  be seated and come to order.

5            COURT CLERK:  In the matter of Circuit City Stores,

6  Incorporated, Items 1 and 71 on proposed agenda.

7            MS. TAVENNER:  Good afternoon, Your Honor.  Lynn

8  Tavenner of the law firm of Tavenner & Beran, together with my

9  law partner Paula Beran appearing today on behalf of the trust.

10            THE COURT:  Good afternoon.

11            MS. TAVENNER:  Thank you, Your Honor.  Also, on the

12  phone is Mr. Andy Caine from the Pachulski law firm and seated

13  at counsel table with Ms. Beran is Ms. Catherine Bradshaw, the

14  senior trust manager.

15            THE COURT:  Very good.

16            MS. TAVENNER:  If Your Honor pleases, we'll take the

17  docket in the order that was submitted to you.  Ms. Beran and I

18  have appropriately divided it up.

19            THE COURT:  That is fine.

20            MS. TAVENNER:  Thank you, Your Honor.  The first two

21  matters are -- relate to adversaries, avoidance actions that

22  were filed against two distinct entities and both of whom are

23  located in Taiwan.

24            The first adversary is 10-03221.  The defendant's

25  name is Ching Wei Telcom, Ltd.  The second adversary, Your

1  Honor, is 10-03410, Ultmost Technology Corporation.  Your

2  Honor, the motions are identical in Items 1 and 2.  They are ex

3  parte motions for approval of letters rogatory pursuant to Rule

4  F of the Federal Rules of Civil Procedure.

5       Your Honor, because these entities are located in

6  Taiwan, when we went to the Federal Rules, we looked at the

7  appropriate way -- appropriate mechanisms available to effect

8  proper service upon them.  And if you go to Rule 4(f), there

9  are several identified ways or potential ways to effect

10 service.

11      Now, the first potential way and the one that we most

12 often like to do it is through utilization of the Hague

13 Convention.  Unfortunately, Taiwan is not a party to the Hague

14 Convention.  As a result, we then went to the State Department

15 and the procedures that they had promulgated and suggested.

16 It's not something that's required but just what they have

17 suggested as the best way to effect service on a foreign

18 company located in Taiwan.

19      The State Department has suggested to us in its

20 circular that either service by hand, process server, perhaps

21 by personal service by mail or letters rogatory would work.

22 But, in that same directive, it also suggests that if you take

23 the route of going -- the process server, that there is no

24 guarantee and in some circumstances it may not be effective

25 service.

1           As a result, Your Honor, we filed the motions that

2   are before you today, requesting to go the route of the letters

3   rogatory.  We believe that's the safest way to obtain valid

4   judgment.  At this point, we also believe it would be the most

5   efficient and we're hopeful to get a judgment as soon as we

6   can.

7           So rather than risking obtaining a judgment by

8   improper means, we are today asking that Your Honor enter the

9   motions that we filed, labeled ex parte, though we determined

10  that given that this procedure is not used that much that you

11  may want to have some questions.  So we did ex parte in the

12  sense that they certainly aren't here.  But we wanted Your

13  Honor to have the opportunity to ask any questions of us and

14  also to let us know if you wanted us to change in any way the

15  proposed letter that we would ask for you to sign upon entry of

16  an order.

17          THE COURT:  All right, very good.  Now, I do

18  appreciate that very much.  Believe or not, I've had experience

19  with letters rogatory in the past and I should not say vast

20  experience, but an experience.  And so, I was familiar at least

21  with the Rule and was interested in your utilization of that.

22  I hope that it proves to be successful.

23          I looked at the letter that you had drafted.  It

24  looks fine as far as I'm concerned.  And I have no problem with

25  either of the two motions and I will grant both of them so that

1  we can get these matters underway.

2          MS. TAVENNER:  I appreciate that, Your Honor.  We

3  will then BOPS the two orders and then provide the original

4  letters for your signature.

5          THE COURT:  That'll be fine.

6          MS. TAVENNER:  Thank you, Your Honor.

7          THE COURT:  All right.

8          MS. TAVENNER:  As I said, Ms. Beran and I have --

9          THE COURT:  And now, just another procedural point.

10  Once I sign the letter, do you mail the letter or do I mail the

11  letter?

12          MS. TAVENNER:  We would request that you provide the

13  original back to us and we will take it from there.  Actually,

14  the draft that we have has at the bottom a seal and so we're

15  looking to get an original from you and a seal either that has

16  a court seal, the clerk seal, needs to have an original

17  notation on there.

18          THE COURT:  All right.

19          MS. TAVENNER:  So when it's ready, we're happy to

20  come pick it up.

21          THE COURT:  All right, very good.

22          MS. TAVENNER:  Thank you, Your Honor.  And Ms. Beran

23  will now handle the rest of the items on the docket.

24          THE COURT:  So she got off with the easy part.

25                          (Laughter)

6

1              MS. TAVENNER:  That's correct, Your Honor.

2              THE COURT:  All right.

3              MS. BERAN:  They keep me in the United States, Your

4    Honor.

5              Your Honor, as it relates to Item Number 3 on today's

6    docket, that is the matter of the adversary proceeding Siegel

7    versus B.R. Fries & Associates, LLC.  As Your Honor is well

8    aware, this matter's been continued several times because we

9    were hopeful, although not optimistic, that it might be

10   resolved through the mediation process.

11             Unfortunately, the parties are still significantly

12   far apart.  Accordingly, the trust requested, I believe it was

13   last week, for the mediator to go ahead and file the mediator's

14   report.  And Mr. Meth indicated that he will be filing that

15   report momentarily.  And I want to say he will be filing it

16   because he doesn't have a password or log in.  What he does, as

17   well as a couple of the other mediators, they do the formal

18   report, sign it and then send the original to me and I -- my

19   firm will actually file the report with a filed by either Ms.

20   Tavenner or myself.  So that should be happening -- well, it

21   will happen as soon as we get the original from Mr. Meth.

22             In connection with the underlying matter, Your Honor,

23   once that report is filed pursuant to the procedures we've been

24   filing all along from Your Honor's mediation and litigation

25   procedures order, it will be set for the 3/6 hearing for a

1 pretrial.

2        Your Honor, we can do one of two things as it relates

3 to this motion.  This motion, as Your Honor knows, is a motion

4 to dismiss.  The trust still will need to file a response.  The

5 trust is prepared to file that response in the very short term

6 and so that we can either come before Your Honor in connection

7 with the pretrial and do a scheduling at that point in time or,

8 Your Honor, we would suggest that once the mediator's report

9 has been filed and the pretrial has been set, we then could

10 notice this up for that same hearing or a subsequent hearing.

11        We'd respectfully request not necessarily for the --

12 this matter but just for the precedent that it could set,

13 although there's only a handful of these APs remaining, we

14 would prefer not to set it for hearing -- for a substantive

15 hearing because technically under the procedures it's not

16 supposed to be set for a substantive hearing until the

17 mediator's report has been filed.

18        THE COURT:  And I understand.  And I think that that

19 makes good sense.  The mediator's report should be filed and

20 then set it for a substantive hearing.

21        If we can, from a time standpoint, accommodate that

22 so that it can be heard on a substantive standpoint on the 3/6

23 date, that is -- would be preferable to the Court.  I would

24 like to get the matter moving as opposed to further delay and

25 such.  It seems to me that the only thing that has to be done

1  is for you to file your response.  And the other side has

2  already filed the motion.  And so if it doesn't inconvenience

3  the trust to get it that way, then that would be my preference.

4  If that is not possible, given the time frame with the mediator

5  or with counsel, then you can set it for a different hearing.

6         MS. BERAN:  Your Honor, the trust is prepared to file

7  its response in the very near future so that's not an issue

8  from the trust.  We heeded Your Honor's comments at the last

9  hearing and I informed the lead counsel on this matter, as well

10 as opposing counsel, that we needed to move forward from a

11 substantive basis.  So I believe all parties will be ready to

12 proceed on the 6th.

13        THE COURT:  And then probably what we're going to

14 find is that people suddenly become very reasonable as we get

15 closer to trial.

16        MS. BERAN:  Yes, Your Honor.

17        THE COURT:  Okay.

18        MS. BERAN:  Thank you, Your Honor.  So at that, then,

19 we'd respectfully request that this matter be continued until

20 the 3/6 perspective but once the mediator's report has been

21 submitted, we will indicate that it has been set down for

22 substantive hearing on 3/6.

23        THE COURT:  Very good.

24        MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

25 Number 4 is a motion --

1          THE COURT:  I'm sorry.  Let me ask --

2          MS. BERAN:  Oh, sure.

3          THE COURT:  -- is the counsel for the defendant in

4  this matter on the phone today?

5          MS. BERAN:  Your Honor, I do not believe he is.  The

6  counsel for this matter and I have been in correspondence over

7  the last couple weeks and the main counsel is out of New York.

8  And their local counsel is Mr. Dan Press.  And based on the

9  representation that I would put all this on the record today,

10  Mr. Press indicated he was not coming down.  And I've never

11  given Mr. Siegel the call in, so I don't believe that he is on.

12          THE COURT:  Okay, very good.

13          MS. BERAN:  Thank you.  Your Honor, Item Number 4 is

14  Siegel versus Interactive Toy Concepts.  In connection with

15  that matter, Your Honor, we've continued it several times.  As

16  we represented before, the matter had been settled, but we

17  asked to continue for documentation.  I am happy to report that

18  not only has it been settled, documented, it has also been

19  consummated and a stipulation of dismissal was BOP'd to the

20  Court yesterday.  So this adversary proceeding is ready to be

21  closed.

22          THE COURT:  Excellent, thank you.

23          MS. BERAN:  Thank you, Your Honor.  Your Honor, Items

24  -- now we turn to the claim objections.  And if Your Honor is

25  so inclined, based on past hearings, I have tried to lump

1  similarly-situated claim objections together.  And if I may

2  proceed that way, I think it can expedite --

3       THE COURT:  You may because we're both pretty

4  familiar with all of these.  And so you can do it in that

5  fashion.  It makes for a more efficient hearing.

6       MS. BERAN:  Thank you, Your Honor.  Your Honor,

7  turning to Page 6, Item Number 4, Items Number 4 through 9 are

8  the handful of remaining debtor's objections or debtor's

9  omnibus objections to claims.  As it relates to that, Exhibit A

10 indicates those claims that are still subject to those omni

11 objections and we'd respectfully request that they be continued

12 to April 11th.

13      I would report, Your Honor, in connection with trying

14 to assist in the resolution of a subset of those claims,

15 specifically the personal injury type claims that are subject

16 to one of the omnibus objections from the debtor's perspective

17 and then one of the omnibus objections from the liquidating

18 trust's perspective, we will be filing in the next day or two a

19 motion to establish litigation and mediation procedures with

20 Your Honor, pursuant -- we talked about it maybe two months

21 ago.  That is now ready to be filed.  Just wanted to give you

22 the heads up and it'll either be filed this afternoon or

23 tomorrow.

24      THE COURT:  All right, very good.  I'll look for

25 that.

1          MS. BERAN:  Thank you, Your Honor.  Your Honor, in

2    connection with that, we are then prepared to turn to Page 27.

3          THE COURT:  All right.

4          MS. BERAN:  Your Honor, Items Number 10 through 16 on

5    the agenda are what we have commonly referred to as the trust's

6    standalone tax objections.  We would respectfully request that

7    they all be continued until the April 11th omnibus date.

8          THE COURT:  They'll be continued.

9          MS. BERAN:  Thank you, Your Honor.  That then allows

10   us to turn to Page 45.

11         THE COURT:  Okay.

12         MS. BERAN:  Your Honor, in connection with Items

13   Number 17 through 36, there are listed on Exhibit B the two

14   categories of claims that we've previously discussed, one being

15   where we agreed to continue the response date so that there can

16   be an informal exchange of information or, two, where a

17   response has been filed and we are continuing to try to

18   reconcile the claims through that exchange of information

19   process.

20         We'd respectfully request that the omnis be continued

21   as it relates to those claims listed on Exhibit B.  I would

22   also note in connection with those omnibus objections

23   identified in Number 17 through 36, there are numerous,

24   numerous -- we are happy to report -- numerous settlements, as

25   indicated on Exhibit B, specifically as it relates to the

1  liquidating trust's Omnibus Objection 1, 3, 4, 5, 6, 7, 8, 9,

2  14, 15, 17, 18, 20, 21 and 25.

3          THE COURT:  Excellent.  So we're making good

4  progress.

5          MS. BERAN:  Yes, Your Honor.  We continue to.

6          THE COURT:  All right.

7          MS. BERAN:  Based on that, Your Honor, with the

8  continuing -- the remaining ones, we'd respectfully -- oh, I

9  would suggest we can now turn to Page 175.

10         THE COURT:  Just for the record, those matters will

11 be continued to April 11, correct?

12         MS. BERAN:  Yes, Your Honor.  Thank you.

13         THE COURT:  Okay, very good.

14         MS. BERAN:  Your Honor, as it relates to Item Number

15 36 on Page 175, the liquidating trust's twenty-sixth omnibus

16 objection, as indicated on the Exhibit B, one of those claims

17 may -- claims objections may be sustained.  We'd also ask Your

18 Honor that we continue the rest listed on Exhibit B until the

19 April 11th omnibus.

20         THE COURT:  Okay.  And the one that's being sustained

21 is --

22         MS. BERAN:  I apologize, Your Honor.  Let me see the

23 date of the 26th.  The claims -- it's actually more than one

24 claim but one claimant, American Home Assurance Company.

25         THE COURT:  All right.  Does any party wish to be

1  heard in connection with the American Home Assurance Company?

2                      (No audible response)

3            THE COURT:  All right.  That'll be sustained.

4            MS. BERAN:  Thank you, Your Honor.  And then we'd

5  respectfully request that the remaining on 26 be continued.

6            THE COURT:  All the rest will be continued.  Is that

7  also to the April 11 date?

8            MS. BERAN:  Yes, it is, Your Honor.

9            THE COURT:  Very good.

10            MS. BERAN:  Your Honor, that allows us to move to

11  Page 180.

12            THE COURT:  All right.

13            MS. BERAN:  On 180, in connection with Item Number

14  37, the liquidating trust's twenty-seventh omnibus objection,

15  there is still one claim that remains outstanding.  We'd

16  respectfully request that the omni objection as it relates to

17  that one claim be continued until April 11th.

18            THE COURT:  That'll be continued to April 11.

19            MS. BERAN:  Thank you, Your Honor.  Your Honor, that

20  allows us to move to Page 185, Item Number 38, which is the

21  liquidating trust's twenty-eighth omnibus objection.

22            THE COURT:  All right.

23            MS. BERAN:  As indicated on Exhibit 28, there are

24  items that have been resolved and/or settled and can be removed

25  from the court's docket.  In connection with the other items

14

1  listed on 28, we'd respectfully request that they be continued

2  until April 11th.

3          THE COURT:  They'll be continued to April 11.

4          MS. BERAN:  Thank you, Your Honor.  That allows us to

5  move to Page 191.

6          THE COURT:  All right.

7          MS. BERAN:  Your Honor, in connection with that, it's

8  the liquidating trust's twenty-ninth omnibus objection.  As

9  indicated on Exhibit B, there is one claim that the objection

10 may be sustained as it relates to.  And that is NSTAR Gas.  So

11 we'd respectfully request that the objection be sustained as it

12 relates to that claim.  As it relates to the remaining claims,

13 we'd respectfully request that the status conference be

14 continued until the April 11th omnibus hearing for those listed

15 on Exhibit B.

16         THE COURT:  All right.  Does any party wish to be

17 heard in connection with the objection to the claim of NSTAR

18 Gas?

19                    (No audible response)

20         THE COURT:  All right.  There being no opposition,

21 that objection is sustained.  All the rest of the objections in

22 the twenty-ninth omnibus will be continued until the 11th of

23 April.

24         MS. BERAN:  Thank you, Your Honor.  That then allows

25 us to turn to Page 196.  That is the liquidating trust's

1  thirtieth omnibus objection.

2          Your Honor, I am happy to report that, as it relates

3  to four claims subject to that objection, and those are the

4  claims that Mr. Righetti previously appeared on the telephone

5  as claimant's counsel, those claims have now been resolved.  We

6  are though -- and that's not even indicated on the agenda.

7  That just happened between Mr. Righetti and Mr. Caine after the

8  filing of the agenda.  We would respectfully request that we go

9  ahead and continue the objection as it relates to those claims,

10  as indicated on the agenda, because we still need to document

11  and consummate.

12          THE COURT:  All right, very good.  All right.  Well,

13  that's certainly welcome news.  And so all those matters will

14  be adjourned to the 11th of April.

15          MS. BERAN:  Thank you, Your Honor.  Your Honor, there

16  are also other claims that are subject to that omnibus

17  objection, as well, and they were the two types.  And we

18  respectfully request that they be continued until the April

19  11th omnibus.

20          THE COURT:  They will.

21          MS. BERAN:  Thank you, Your Honor.  That allows us to

22  turn to Page 199.  As it relates to Item Number 41 and

23  specifically, Your Honor, we can actually go from Page 40 -- we

24  can go Items 41 through 55.  Those items contain the two types,

25  specifically, that we would ask to have continued, as indicated

1   on Exhibit B.  In addition, Your Honor, I would indicate that

2   as noted on Exhibit B, there are numerous settlements indicated

3   on Exhibit B where the matters may be removed from the court's

4   docket and they specifically relate to Omnis 31, 39, 40, 41, 42

5   and 43.

6        THE COURT:  All right, very good.  And so all the

7   other matters will be continued.

8        MS. BERAN:  Yes, Your Honor.  That allows us to turn

9   to Page 250, and specifically Item Number 56.  And this is the

10  liquidating trust's forty-seventh omnibus objection, as it

11  relates to certain employee claims.

12       Your Honor, the trust is in the process of working

13  almost on a daily basis but on a very regular basis with

14  counsel for a subset of those claimants.  And in connection

15  with that, there has been a lot of progress made as it relates

16  to the exchange of information between the trust's counsel, Mr.

17  Caine, and those claimants' counsel, and both parties would

18  like to continue this matter.

19       However, given the progress that's being made and the

20  optimism that maybe there can be some resolutions -- no

21  promises, just optimism -- the parties desire for this to be

22  continued until March 11th.  In fair candor to the Court, Your

23  Honor, we thought it made most sense to continue all claimants

24  on this omnibus objection to March 11th.  That way we keep

25  track of it and carry them all together.  So we are asking

1  respectfully that we continue this omnibus objection to March

2  11th for all claimants.

3           THE COURT:  Well, and that's granted.  It'll be

4  continued to March 11.

5           MS. BERAN:  Thank you, Your Honor.  Your Honor, that

6  allows us to turn to Page 252.  And that deals with Item Number

7  57 which is the liquidating trust's forty-eighth omnibus

8  objection, as well as Item Number 58 which is the forty-ninth

9  omnibus objection.  In connection with that one, Your Honor,

10 there are the two categories of claims listed on Exhibit B and

11 we'd respectfully request that they be continued for status

12 purposes until the April 11th.

13          THE COURT:  All right, very good.  Those will be

14 continued to the 11th of April.

15          MS. BERAN:  Thank you, Your Honor.  That allows us to

16 turn to Page 256.

17          THE COURT:  All right.

18          MS. BERAN:  Your Honor, similar to the liquidating

19 trust's omnibus objection on Item Number -- on liquidating

20 trust's omnibus -- forty-seventh omnibus objection, this is the

21 liquidating trust's fiftieth omnibus objection.  The trust is

22 working with that same group of claimants' counsel that was on

23 forty-seven and in connection with that, we'd respectfully

24 request that this entire omnibus objection be continued until

25 March 11th.

18

1          THE COURT:  All right.  It'll be continued to March

2    11.

3          MS. BERAN:  Thank you, Your Honor.  That allows us to

4    turn to Page 258, and that deals with -- we can take in a group

5    Items 60 through 63.

6          THE COURT:  All right.

7          MS. BERAN:  And 60 starts with the liquidating

8    trust's fifty-third omnibus objection.  In connection with

9    those items, Your Honor, as indicated on Exhibit B, they

10   contain the two categories that we'd respectfully request be

11   continued until April 11th.

12         THE COURT:  They'll be continued to April 11.

13         MS. BERAN:  Thank you, Your Honor.  That allows us to

14   proceed to Page 264.

15         THE COURT:  All right.

16         MS. BERAN:  Your Honor, Item Number 64 is the

17   liquidating trust's fifty-ninth omnibus objection.  Your Honor,

18   in connection with that, there is one claimant's claim as

19   indicated on Exhibit B that may be sustained.  And that is the

20   claim of Mr. Ken J. Young.  As it relates to the remaining,

21   Your Honor, it's the two categories that we'd respectfully

22   request be continued until the April 11th omnibus objection

23   (sic).

24         THE COURT:  And that's being sustained by agreement.

25         MS. BERAN:  Yes, Your Honor.

1          THE COURT:  Very good, all right.

2          MS. BERAN:  Thank you, Your Honor.  Item -- that

3  allows us to turn to Page 266.

4          THE COURT:  All right.

5          MS. BERAN:  Your Honor, that is the notice of -- I

6  apologize, Your Honor, there -- Item Number 65 on Page 266.  We

7  can take in bulk Items Number 65 and 66.  They contain the two

8  categories of claims, as well as, Your Honor, you will see

9  noted on Exhibit B numerous settlements as it relates to the

10  Omni 60 and 62.  And these matters have been resolved and may

11  be removed from the court's docket.  All others we'd

12  respectfully request be continued until the April 11th omnibus.

13          THE COURT:  Okay.  That'll be continued.

14          MS. BERAN:  Thank you, Your Honor.  That allows us to

15  proceed to Page 268.  Your Honor may recall, this is Item

16  Number 67, the liquidating trust's sixty-third omnibus

17  objection.  Your Honor may recall at the last omnibus objection

18  that dealt with claims, I had inadvertently not included a

19  status and, based on the same, we thought it made most prudent

20  sense to continue out these from a status perspective and not

21  seek any relief but to indicate on the next agenda that we'd be

22  seeking the relief.  So we -- so did that, Your Honor, and at

23  this point in time, we believe that it's appropriate that the

24  Court sustain the objection as it relates to all claims that

25  aren't otherwise identified or indicated on Exhibit B.

1            THE COURT:  All right.  So on Exhibit B, we've got

2   the two claims of Elizabeth Warren.  We've got the claim of

3   James Wimmer, Jr. and the claim of William Harmon.  And those

4   claims objections are going to be continued for status to April

5   11 and then all other objections will be sustained?

6            MS. BERAN:  Yes, Your Honor.

7            THE COURT:  Okay.  Does any party wish to be heard in

8   connection with the liquidating trust's omnibus objection

9   Number 63?

10                      (No audible response)

11           THE COURT:  All right.  There being no response,

12   those objections will be sustained.

13           MS. BERAN:  Thank you, Your Honor.  Your Honor,

14   brings us to Item Number 68 on Page 270 which is the

15   liquidating trust's sixty-fourth omnibus objection.  As

16   indicated on Exhibit B, certain of those matters have been

17   resolved pursuant to procedures previously approved and may be

18   removed from the court's docket.  As it relates to the

19   remaining two categories of claims, we'd respectfully request

20   that they be continued until the April 11th omni.

21           THE COURT:  They'll be continued to April 11.

22           MS. BERAN:  Thank you, Your Honor.  That allows us to

23   proceed to Page 272 and that's Item Number 69, the liquidating

24   trust's sixty-fifth omnibus objection.  Similar to the

25   liquidating trust's forty-seventh and fiftieth omnibus

21

1    objection, Your Honor, these two claimants are -- their counsel

2    and the trust's counsel are in extensive discussions and the

3    parties thought it prudent to continue this one until the March

4    11th omnibus date.

5            THE COURT:  All right.  And we only have what?  Two

6    claimants there, right?

7            MS. BERAN:  Correct, Your Honor.

8            THE COURT:  All right.  Those will be continued to

9    March 11.

10            MS. BERAN:  Thank you, Your Honor.  That then brings

11   us to Item -- on Page 274, Item Number 70 which was the

12   liquidating trust's objection to Claim Number 1723 filed by PNY

13   Technologies.  We'd respectfully request that that be continued

14   until the April 11th omnibus date.  Counsel for that entity is

15   Mr. Neil McCullagh and I indicated that we were continuing and

16   based on the same he is not in attendance today.

17            THE COURT:  All right, very good.  That'll be

18   continued to the 11th of April.

19            MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

20   Number 71, the last one, is omnibus objection to Claim Number

21   14787 filed by Chase Bank USA.  In connection with that item,

22   Your Honor, the parties have agreed to conduct a settlement

23   conference in connection with those procedures.  Given the

24   timing of that and the April 11th date, the parties felt like

25   April 11th may be too close to continue it to that date, so

1  we'd respectfully request that it be continued to the April

2  25th omnibus date, with some optimism that we might have

3  something positive to report.  If not, then we will get that

4  one back on the track with the others.

5           THE COURT:  All right, very good.  It'll be continued

6  to the 25th of April.

7           MS. BERAN:  And I did try to highlight that on the

8  agenda so that would pop out to anybody who was reading the

9  agenda.

10          Your Honor, that brings us to a conclusion of the

11 items that are on today's agenda.  The trust is happy to answer

12 any questions Your Honor may have.  I believe Mr. Caine is on

13 the line, as well as Ms. Tavenner and Ms. Bradshaw are here to

14 help me answer any questions Your Honor may have.

15          THE COURT:  Okay, very good.  Now, if it was Judge

16 Shelley, he would ask you to turn to Page 62 and ask you about

17 the claim objection Number 11290 or something, but we won't do

18 that.

19          MS. BERAN:  Thank you, Your Honor.

20          THE COURT:  And what I do want to do though is

21 applaud you in your presentation of these claims materials

22 because this is -- there's obviously a lot of moving parts here

23 and to keep all this organized and present it in the very

24 efficient manner that you just did in the short time you did

25 and keeping the Court up to speed with what's going on is

1  extremely helpful from my perspective and very efficient from

2  the case management perspective.  And so, while it may not be

3  the most glamorous part of the case, it's probably the most

4  important.  And so I thank you very much for your presentation

5  this afternoon.

6           MS. BERAN:  Thank you, Your Honor.

7           THE COURT:  All right.  Anything else from Circuit

8  City's perspective?

9           MS. BERAN:  No, Your Honor.

10          THE COURT:  Okay, thank you very much.  I would

11 welcome counsel in chambers.  I understand you have an

12 administrative matter you'd like to talk about.

13          MS. BERAN:  Yes, please, Your Honor.

14          COURTROOM DEPUTY:  All rise.  The court is now

15 adjourned.

16                    * * * * *

17          **C E R T I F I C A T I O N**

18          I, STEPHANIE SCHMITTER, court approved transcriber,

19 certify that the foregoing is a correct transcript from the

20 official electronic sound recording of the proceedings in the

21 above-entitled matter, and to the best of my ability.

22

23 /s/ Stephanie Schmitter

24 STEPHANIE SCHMITTER

25 J&J COURT TRANSCRIBERS, INC.          DATE:  February 21, 2013