James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

## MOTION FOR AN ORDER IMPLEMENTING ALTERNATIVE DISPUTE
## RESOLUTION PROCEDURES FOR CERTAIN DISPUTED CLAIMS

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores,

Inc. Liquidating Trust (the "Trust"), hereby moves the Court (the "Motion") for the entry of an

order implementing certain alternative dispute resolution procedures (the "ADR Procedures") to

facilitate the resolution of certain disputed litigation claims (the "ADR Claims") filed against the

Debtors' estates.  By this Motion, the Trust seeks approval of ADR Procedures that (a) are

similar to the successful dispute resolution and mediation procedures the Court implemented for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

over 500 avoidance actions filed by the Trust, and (b) will serve judicial economy, speed the

time within which the ADR Claims will be resolved and reduce potentially unnecessary litigation

costs for the Trust and claimants.  In further support of the Motion, the Trust respectfully states:

## JURISDICTION

1.    This Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. §§ 157(A) and 1334.  Venue of these chapter 11 cases in this District is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").

3.    On December 10, 2008, the Court entered the *Order Pursuant to*

*Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)*

*Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form*

*and Manner of Notice Thereof* (Docket No. 890), which established January 30, 2009 (the

"General Bar Date") as the deadline for non-governmental entities to file claims against the

Debtors that arose before the Petition Date.

4.    On April 1, 2009, the Court entered the *Order Establishing Omnibus*

*Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "Omnibus Objections Procedures Order").  Among other things, the

Omnibus Objections Procedures Order implemented procedures governing the filing of omnibus

claims objections and established minimum requirements for responding to an objection.  The

Omnibus Objections Procedures Order also provides that the resolution of any claim subject to

an omnibus objection is a contested matter under Bankruptcy Rule 9014.

   5.  On May 15, 2009, the Court entered the *Order Pursuant to Bankruptcy*

*Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar*

*Date and Procedures for Filing and Objecting to Administrative Expense Requests and (ii)*

*Approving Form and Manner of Notice Thereof* (Docket No. 3354), which  established June 30,

2009 (the "<u>Administrative Bar Date</u>") as the deadline for filing requests for payment of

administrative expenses against the Debtors.

   6.  On September 10, 2010, the Court entered its *Findings of Fact,*

*Conclusions of Law and Order* (the "<u>Confirmation Order</u>") *Confirming Modified Second*

*Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession and its Official Committee of Creditors Holding General Unsecured*

*Claims* (the "<u>Joint Plan</u>").  Among other matters provided for in the Confirmation Order, in

paragraphs 11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for

the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors'

estates that were transferred to the Liquidating Trust.

   7.  The Joint Plan became effective on November 1, 2010.  Pursuant to the

Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and

responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors,

including the right and responsibility to reconcile and, when necessary, prosecute objections to

claims.

8.    On February 14, 2012, the Court entered the *Order Establishing Supplemental Bar Date for Filing Requests for Payment of Administrative Expenses for Specified Individuals and Related Relief* (Docket No. 11714).  The Limited PI Bar Date Order established March 30, 2012 (the "Limited PI Bar Date") as the deadline for certain personal injury claimants who (i) might have asserted personal injury claims against one or more of the Debtors' insurance carriers with respect to post-petition incidents, and (ii) who may not have received notice of the Administrative Bar Date, to file administrative expense requests regarding their claims.

9.    From time to time since April 1, 2009, the Debtors and/or the Trust has filed numerous omnibus claim objections pursuant to the Omnibus Objections Procedures Order.  Each of the ADR Claims is the subject of a pending omnibus claim objection.  The ADR Claims are listed and summarized on the schedule attached hereto as Exhibit A.

10.    On March 9, 2011, the Court entered the *Amended Order Establishing Procedures for Avoidance Action Adversary Proceedings* (Docket No. 10107) (the "Adversary Proceeding Procedures Order").  Among other things, the Adversary Proceeding Procedures Order implemented mandatory mediation procedures for the over 500 avoidance actions filed by the Trust.   The Adversary Proceeding Procedures Order has enabled the Trust to resolve the overwhelming majority of the avoidance actions at or before mediation, for significantly reduced cost and with limited Court involvement.  Of the 568 avoidance actions governed by the Adversary Proceeding Procedures Order, only approximately 25 remain pending.

11.    The ADR Claims consist of disputed litigation claims against the Debtors, including various prepetition tort claims filed by the General Bar Date, and post-

petition personal injury claims filed by the Limited PI Bar Date.  The Trust has not been able to

resolve the ADR Claims informally for various reasons, including the Trust's need to obtain

additional factual information regarding the incidents giving rise to the ADR Claims.  The ADR

Procedures will prompt the exchange of relevant information that will assist in the early

resolution of the ADR Claims and, further, will allow the parties to explore settlement before

time-consuming and costly discovery and trial.  Without the ADR Procedures, the Trust will

have no choice by to initiate formal discovery and litigation, which will dramatically increase

costs for both sides, delay resolution and undermine settlement.

        12.    Resolving the ADR Claims through mediation will also (i) minimize the

burden of these cases on the Court, (ii) accelerate the Trust's ability to make distributions on

account of ADR Claims, once they are resolved and allowed, and (iii) enable the Trust to

release significant amounts currently held in disputed claim reserves on account of the ADR

Claims.

## **RELIEF REQUESTED**

        13.    By this Motion, the Trust requests approval of mediation and other

related procedures for addressing the pending objections to the ADR Claims.  The ADR

Procedures will facilitate the consensual resolution of the ADR Claims, while preserving all

parties' rights should mediation fail to produce a settlement.

## **BASIS FOR RELIEF**

        14.    The statutory predicates for the relief sought in this motion are

Bankruptcy Code section 105(a) and Bankruptcy Rules 9014 and 7016.  Section 105(a) states

that the bankruptcy court "may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Section

105(d) and Bankruptcy Rule 7016, which the Court may apply to the ADR Claims pursuant to

Bankruptcy Rule 9014, give the Court discretion to manage the ADR Claims to facilitate their

"just, speedy, and inexpensive disposition []."  11 U.S.C. § 105(d); Bankruptcy Rule 7016.

        15.    The ADR Procedures also are consistent with 28 U.S.C. § 157(b)(5).

Although that provision prevents this Court from conducting a trial on personal injury claims, it

does not prevent this Court from overseeing and adopting pretrial proceedings for personal

injury claims.  *See, e.g., In re Freeway Foods of Greensboro, Inc.*, 466 B.R. 750, 777 (Bankr.

M.D.N.C. 2012) (recognizing that a bankruptcy court has the authority to preside over pretrial

matters related to personal injury claims);  *In re UAL Corp.*, 310 B.R. 373, 381 (Bankr. N.D. Ill.

2004) (stating that section 157(b) "requires transfer of [a personal injury] claim objection only

for trial. . . the provision allow[s] for *pretrial* consideration of personal injury tort claims by the

bankruptcy court, including a determination that such a claim is legally unenforceable")

(emphasis original); *In re President Casinos, Inc.*, 391 B.R. 20, 25 (Bankr. E.D. Mo. 2008)

(enforcing mandatory mediation procedures implemented with respect to disputed personal

injury claims and disallowing claim of creditor who failed to timely file a mediation statement

and could not establish that its untimeliness constituted excusable neglect).

### **Proposed ADR Procedures**

        16.    The Trust proposes the following ADR Procedures to facilitate the

prompt resolution of the ADR Claims:

        a.    <u>Initiation of ADR Procedures</u>.  The Trust will serve a copy of the order
              approving this motion (the "<u>ADR Procedures Order</u>") and the ADR
              Procedures on each ADR Claimant and their known attorney, if any,

within ten (10) days of entry of the ADR Procedures Order.  The Trust
will serve these documents at the address(es) listed in each claimant's
proof of claim and any additional address(es) provided in the response the
claimant filed to the omnibus objection to its claim.

b.    <u>Mandatory Mediation</u>.  Mediation will be required for all ADR Claims in
accordance with the following procedures and timetable:

(1)    Within sixty (60) days after the date of service of the ADR
Procedures Order and the ADR Procedures, the parties must have
commenced the mediation process by having (a) selected a
mediator from the Court approved list of mediators attached as
Exhibit 3 to ADR Procedures Order, (b) agreed in writing to the
terms of the Mediator, including as to compensation and
reimbursement of costs, and (c) scheduled a date for the mediation
that is not later than 120 days after the date of service of the ADR
Procedures Order.

If a claimant does not select a mediator within thirty (30) days after
the date of service of the ADR Procedures Order, then the Trust
shall promptly (i) assign a mediator to the case and (ii) so notify
the claimant.  Each mediator selected by this process shall
hereafter be referred to as the "Mediator."

It is preferred that the mediation occur in Richmond, Virginia.  If
mediation occurs in Richmond, the Trust shall pay all of the
Mediator's fees and expenses.  If a claimant is not able or willing
to mediate its ADR Claims in Richmond, Virginia, the claimant
and the Trust shall each pay one-half of the Mediator's total fees
and expenses.  The Trust shall also pay all of the Mediator's fees
and expenses in connection with any ADR Claim asserted in a face
amount of $100,000 or less.

(2)    Unless otherwise agreed in writing by both parties and the
Mediator, (a) at least ten (10) days before the scheduled mediation,
the parties shall exchange written position statements and submit
the statements to the Mediator, and (b) the position statements
shall not exceed ten (10) pages double-spaced (exclusive of
exhibits and schedules) and shall include all documents regarding
the claimant's injuries and/or damages, as well as any expert
reports.  The Mediator may also require the parties to provide the
Mediator with any additional relevant papers and exhibits.

(3)    The Mediator will preside over the mediation with full authority to
determine the nature and order of the parties' presentations.  The
Mediator may implement additional procedures which are
reasonable and practical under the circumstances.

(4)   The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel, if any, for each party and a representative of each party having full settlement authority shall attend the mediation in person.

(5)   The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

(6)   All proceedings and writings incident to the mediation process, including informal discovery exchanged between the parties, will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever.  Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

(7)   The mediation must be finally concluded no later than 180 days after the date of service of the ADR Procedures Order.

(8)   A claimant's failure (a) to submit the required submissions as provided in the ADR Procedures or as may be agreed to by the Mediator or ordered by the Court, or (b) to attend the mediation as required, shall constitute grounds for the disallowance with prejudice of such claimant's ADR Claim and/or the imposition of additional sanctions by the Court.

(9)   Within ten (10) days after the conclusion of the mediation, the Mediator will file a report which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the parties resolved the objection to the applicable ADR Claim (the "Mediator's Report").

(10)  If an ADR Claim is not settled or resolved during the mediation process, then the parties shall appear before the Court for a status conference (the "Status Conference") to take place at the next scheduled omnibus hearing in the bankruptcy cases after the Mediator's Report is filed.  The Trust must file with the Court, and serve on the applicable claimant (or his or her attorney), a notice of Status Conference, provided however, that a minimum of fourteen (14) days' notice of the Status Conference is required.

c.    Application of Existing Case Management Orders.  Each of (i) the Omnibus Objection Procedures Order, (ii) the Court's November 13, 2008

*Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* (Docket No. 130), and (iii) the Court's December 30, 2009 *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* (Docket No. 6208) (the "Case Management Order"), remain in full force and effect.

d.    <u>Right to Formal Discovery if Informal Discovery is Not Provided</u>.  The Trust and the claimants shall exchange informal discovery regarding the ADR Claims, including expert reports and medical records, when applicable.  Nothing in the ADR Procedures, however, shall limit the right of the Trust or any claimant right to take formal discovery of the other party pursuant to the Omnibus Objection Procedures Order and Federal Rule 9014, if they are unable to obtain relevant information on an informal, voluntary basis.

e.    <u>Extensions of Time</u>.  Any of the deadlines imposed under paragraph (2) of the ADR Procedures may be extended on written consent (which may be email) of both parties and the Mediator.

f.    <u>Additional ADR Claims</u>.  The Trust may seek to impose the ADR Procedures on additional disputed claims.  Any such request shall be made by motion on notice to the affected claimant.

17.    These ADR Procedures will assist the Trust in its efforts to resolve the ADR Claims fairly, expeditiously, and cost-effectively, thereby reducing expenses and maximizing value for the benefit of creditors.  These ADR Procedures will also enable the Trust to make distributions to ADR claimants more quickly and to release significant funds held in reserve pending the resolution and allowance of the ADR Claims.  Like the mediation procedures implemented by the Adversary Proceeding Procedures Order, the ADR Procedures will promote judicial economy by reducing the number of issues and/or ADR Claims requiring Court intervention, while simultaneously preserving all claimants' rights if mediation is not successful.

18.    For each of these reasons, the Trust respectfully requests that the Court approve the ADR Procedures.

## **NOTICE**

19.    Notice of this Motion is being provided to all ADR Claimants and to other parties-in-interest in accordance with the Case Management Order.  In light of the nature of the relief requested, the Trust respectfully submits that no further notice is necessary.

## **NO PRIOR REQUEST**

20.    No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially

in the form annexed hereto as Exhibit B, granting the relief requested in the Motion, and such

other and further relief as may be just and proper.

Dated:  February 25, 2013

TAVENNER & BERAN, P.L.C.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 25th day of February, 2013 a true copy of the foregoing Motion for an Order Implementing Alternative Dispute Resolution Procedures for Certain Disputed Claims was served via overnight delivery on the ADR Claimants and via electronic mail to all parties receiving service through the Court's ECF system and either electronically or by first-class mail, postage prepaid, to all parties on the Core Group and the 2002 Service List as defined in the Case Management Order and updated and maintained on the KCC website, www.kccllc.net/circuitcity.

<u>      <em>/s Lynn L. Tavenner</em>      </u><br>
Co-Counsel

# EXHIBIT A

## (ADR Claims)

**Exhibit A**

**ADR Claims**

| Claimant | Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|---|
| Glenn Cordell Duncan | 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| Glenn Cordell Duncan | 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| Roy Eisner | 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| Joanne Eisner | 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| Joe Evans | 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| Thomas H. Gibson | 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Carole Kaylor | Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| Brad C. King | 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| Gary R. Lowe | 5144 | 1/23/2009 | $100,000 | General Unsecured |
| Robert E. Marshall | 15270 | 5/16/2012 | $25,000 | General Unsecured |
| James Rollins | 14825 | 3/8/2010 | $150,000 | General Unsecured |
| Mark Stewart | 9295 | 1/30/2009 | $75,000 | General Unsecured |
| Clementine Tinsley | 4272 | 1/19/2009 | $250,000 | General Unsecured |

# **EXHIBIT B**

**(Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## ORDER IMPLEMENTING ALTERNATIVE DISPUTE
## <u>RESOLUTION PROCEDURES FOR CERTAIN DISPUTED CLAIMS</u>

Upon the Motion (the "<u>Motion</u>")[2] of Alfred H. Siegel (the "<u>Trustee</u>"), the duly appointed

trustee of the Circuit City Stores, Inc. Liquidating Trust (the "<u>Trust</u>"), for an Order Implementing

Alternative Dispute Resolution Procedures for Certain Disputed Claims, and the Court having

reviewed the Motion; and the Court having determined that the relief requested in the Motion is

in the best interests of creditors and other parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and

upon the record herein; and after due deliberation thereon; and good and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).
[2]    Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

1.      The Motion is GRANTED, and the procedures set forth in Exhibit 2 to this Order (the "<u>ADR Procedures</u>") are hereby approved and shall govern the ADR Claims listed on Exhibit 1 to this Order, effective as of the date of this Order.

2.      Each person listed on the Approved List of Mediators attached as Exhibit 3 to this Order is hereby approved as an authorized Mediator.

3.      The Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Omnibus Objections Procedures Order shall apply to the ADR Claims, except to the extent that they conflict with the ADR Procedures.

4.      The time periods set forth in this Order and the ADR Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

6.      Adequate notice of the relief sought in the Motion has been given and no further notice is required.

   7.  The Court retains jurisdiction to hear and determine all matters arising

from or related to the implementation or interpretation of this Order.


Dated: _____, 2013
   Richmond, Virginia     _____
              The Honorable Kevin R. Huennekens
              United States Bankruptcy Judge



**WE ASK FOR THIS:**


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


**SEEN AND NO OBJECTION:**


_____
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
1015 East Main Street, First Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

## EXHIBIT 1

**(ADR Claims)**

**Exhibit A**

**ADR Claims**

| Claimant | Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|---|
| Glenn Cordell Duncan | 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| Glenn Cordell Duncan | 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| Roy Eisner | 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| Joanne Eisner | 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| Joe Evans | 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| Thomas H. Gibson | 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Carole Kaylor | Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| Brad C. King | 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| Gary R. Lowe | 5144 | 1/23/2009 | $100,000 | General Unsecured |
| Robert E. Marshall | 15270 | 5/16/2012 | $25,000 | General Unsecured |
| James Rollins | 14825 | 3/8/2010 | $150,000 | General Unsecured |
| Mark Stewart | 9295 | 1/30/2009 | $75,000 | General Unsecured |
| Clementine Tinsley | 4272 | 1/19/2009 | $250,000 | General Unsecured |

**<u>EXHIBIT 2</u>**

**(ADR Procedures)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*


## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## ALTERNATIVE DISPUTE RESOLUTION
## PROCEDURES FOR CERTAIN DISPUTED CLAIMS

These alternative dispute resolution procedures (the "ADR Procedures") have been

approved by the United States Bankruptcy Court for the Eastern District of Virginia (the

"Court") for use with respect to the claims identified on the scheduled attached hereto as Exhibit

A (the "ADR Claims") filed against the Debtors in the above-captioned bankruptcy cases.   The

Court approved these ADR Procedures by order dated _____ __, 2013, entitled *Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

*Implementing Alternate Dispute Resolution Procedures for Certain Disputed Claims* [Docket # _____] (the "Order").  Capitalized terms used but not defined in these ADR Procedures shall have the meanings ascribed to them in the Order.

**PLEASE REVIEW EXHIBIT A AND THESE ADR PROCEDURES CAREFULLY TO UNDERSTAND HOW THEY IMPACT YOUR CLAIM(S) AGAINST THE DEBTORS.**

## ADR PROCEDURES

A.     **Initiation of Mediation Procedures**.  Pursuant to the Order, the Trust has served these ADR Procedures and the Order on you within ten (10) days of the date on which the Order was entered by the Court.

B.     **Mandatory Mediation.**  Mediation is required for all ADR Claims in accordance with the following procedures and timetable:

1.     Within sixty (60) days after the date of service of the Order and the ADR Procedures, the parties must have commenced the mediation process by having (a) selected a mediator from the Court approved list of mediators attached hereto as Exhibit B, (b) agreed in writing to the terms of the Mediator, including as to compensation and reimbursement of costs, and (c) scheduled a date for the mediation that is not later than 120 days after the date of service of the ADR Procedures Order.

If a claimant does not select a mediator within thirty (30) days after the date of service of the ADR Procedures Order, then the Trust shall promptly (i) assign a mediator to the case and (ii) so notify the claimant.  Each mediator selected by this process shall hereafter be referred to as the "Mediator."

It is preferred that the mediation occur in Richmond, Virginia.  If

mediation occurs in Richmond, the Trust shall pay the Mediator's fees and expenses.  If a claimant is not able or willing to mediate its ADR Claim in Richmond, Virginia, the claimant and the Trust shall each pay one-half of the Mediator's total fees and expenses. The Trust shall also pay all of the Mediator's fees and expenses in connection with any ADR Claim asserted in a face amount of $100,000 or less.

2.       Unless otherwise agreed in writing by both parties and the Mediator, (a) at least ten (10) days before the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator, and (b) the position statements shall not exceed ten (10) pages double-spaced (exclusive of exhibits and schedules) and shall include all documents regarding the Claimant's injuries and damages, as well as expert reports.  The Mediator may also require the parties to provide the Mediator with any additional relevant papers and exhibits.

3.       The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations.  The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

4.       The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel, if any, for each party and a representative of each party having full settlement authority shall attend the mediation in person.

5.       The length of time necessary to effectively complete the mediation will be within the Mediator's discretion.  The Mediator may also adjourn a mediation that has

been commenced if the Mediator determines that an adjournment is in the best interests

of the parties.

6.    All proceedings and writings incident to the mediation process, including

informal discovery exchanged between the parties, will be considered privileged and

confidential, and shall not be reported or admitted in evidence for any reason whatsoever.

Nothing stated or exchanged during a mediation shall operate as an admission of liability,

wrongdoing or responsibility.

7.    The mediation must be finally concluded no later than 180 days after the

date of service of the Order.

8.    A claimant's failure (a) to submit the required submissions as provided in

these ADR Procedures or as may be agreed to by the Mediator or ordered by the Court, or

(b) to attend the mediation as required, shall constitute grounds for the disallowance with

prejudice of such claimant's ADR Claim and/or the imposition of additional sanctions by

the Court.

9.    Within ten (10) days after the conclusion of the mediation, the Mediator

will file a report which need only state (a) the date that the mediation took place, (b) the

names of the parties and counsel that appeared at the mediation, and (c) whether or not

the parties resolved the objection to the applicable ADR Claim (the "Mediator's

Report").

10.    If an ADR Claim is not settled or resolved during the mediation process,

then the parties shall appear before the Court for a status conference (the "Status

Conference") to take place at the next scheduled omnibus hearing in the bankruptcy cases

after the Mediator's Report is filed.  The Trust must file with the Court, and serve on the

applicable claimant (or his or her attorney), a notice of Status Conference, provided

however, that a minimum of fourteen (14) days' notice of the Status Conference is

required.

C.     **Application of Existing Case Management Orders.**  Each of (i) the Court's

April 1, 2009 *Order Establishing Omnibus Objection Procedures and Approving the Form and*

*Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection

Procedures Order"); (ii) the Court's November 13, 2008 *Order Pursuant to Bankruptcy Code*

*Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1*

*and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures*

(Docket No. 130); and (iii) the Court's December 30, 2009 *Supplemental Order Pursuant to*

*Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local*

*Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and*

*Administrative Procedures* [Docket No. 6208] (the "Case Management Order")*,* remain in full

force and effect.

D.     **Right to Formal Discovery if Informal Discovery is Not Provided.**  The Trust

and the claimants shall exchange informal discovery regarding the ADR Claims, including

expert reports and medical records, when applicable.  Nothing in the ADR Procedures, however,

shall limit the right of the Trust or any claimant to take formal discovery of the other party

pursuant to the Omnibus Objection Procedures Order and Federal Rule 9014, if they are unable

to obtain relevant information on an informal, voluntary basis.

E.     **Extensions of Time.**  Any of the deadlines imposed under paragraph (2) of these

ADR Procedures may be extended on written consent (which may be email) of both parties and

the Mediator.

     **F.**    <u>**Additional ADR Claims.**</u>  The Trust may seek to impose the ADR Procedures on additional disputed claims.  Any such request shall be made by motion on notice to the affected claimant.

Dated: _____ __, 2013

                                 TAVENNER & BERAN, P.L.C.

                                 _____
                                 Lynn L. Tavenner (VA Bar No. 30083)
                                 Paula S. Beran (VA Bar No. 34679)
                                 20 North Eighth Street, 2nd Floor
                                 Richmond, Virginia 23219
                                 Telephone: 804-783-8300
                                 Facsimile: 804-783-0178
                                 Email: ltavenner@tb-lawfirm.com
                                         pberan@tb-lawfirm.com

                                 -and-

                                 James S. Carr, Esq.
                                 Nicholas J. Panarella, Esq.
                                 Kristin S. Elliott, Esq.
                                 Martin Krolewski, Esq.
                                 (admitted *pro hac vice*)
                                 KELLEY DRYE & WARREN LLP
                                 101 Park Avenue
                                 New York, New York 10178
                                 Telephone: (212) 808-7800
                                 Telecopy:  (212) 808-7897

                                 *Counsel to the Circuit City Stores, Inc.*
                                 *Liquidating Trust*

## EXHIBIT A TO ADR PROCEDURES

**(ADR Claims)**

## Exhibit A

**ADR Claims**

| Claimant | Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|---|
| Glenn Cordell Duncan | 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| Glenn Cordell Duncan | 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| Roy Eisner | 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| Joanne Eisner | 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| Joe Evans | 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| Thomas H. Gibson | 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Carole Kaylor | Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| Brad C. King | 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| Gary R. Lowe | 5144 | 1/23/2009 | $100,000 | General Unsecured |
| Robert E. Marshall | 15270 | 5/16/2012 | $25,000 | General Unsecured |
| James Rollins | 14825 | 3/8/2010 | $150,000 | General Unsecured |
| Mark Stewart | 9295 | 1/30/2009 | $75,000 | General Unsecured |
| Clementine Tinsley | 4272 | 1/19/2009 | $250,000 | General Unsecured |

## EXHIBIT B TO ADR PROCEDURES

**(List of Approved Mediators)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

## LIST OF PROPOSED MEDIATORS

In connection with the Motion for an Order Implementing Alternative Dispute Resolution

Procedures for Certain Disputed Claims, the Circuit City Stores, Inc. Liquidating Trust (the

"Liquidating Trust") for the estates of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") hereby files with the Court the following list of proposed mediators:

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland

Dated:  February 25, 2013         TAVENNER & BERAN, P.L.C.

                                  _/s/ Lynn L. Tavenner_____
                                  Lynn L. Tavenner (VA Bar No. 30083)
                                  Paula S. Beran (VA Bar No. 34679)
                                  20 North Eighth Street, 2nd Floor
                                  Richmond, Virginia 23219
                                  Telephone: 804-783-8300
                                  Facsimile: 804-783-0178
                                  Email: ltavenner@tb-lawfirm.com
                                        pberan@tb-lawfirm.com
                                  -and-
                                  James S. Carr, Esq.
                                  Nicholas J. Panarella, Esq.
                                  Kristin S. Elliott, Esq.
                                  Martin Krolewski, Esq.
                                  (admitted *pro hac vice*)
                                  KELLEY DRYE & WARREN LLP
                                  101 Park Avenue
                                  New York, New York 10178
                                  Telephone: (212) 808-7800
                                  Telecopy:  (212) 808-7897

                                  *Counsel to the Circuit City Stores, Inc.*
                                  *Liquidating Trust*

## **EXHIBIT 3**

**(List of Approved Mediatiors)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | **:**  Chapter 11 |
|  | **:** |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:**  Case No. 08-35653-KRH |
|  | **:** |
| Debtors. | **:**  (Jointly Administered) |
|  | **:** |
|  | **:** |

## LIST OF PROPOSED MEDIATORS

In connection with the Motion for an Order Implementing Alternative Dispute Resolution

Procedures for Certain Disputed Claims, the Circuit City Stores, Inc. Liquidating Trust (the

"Liquidating Trust") for the estates of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") hereby files with the Court the following list of proposed mediators:

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland

Dated:  February 25, 2013          TAVENNER & BERAN, P.L.C.

                                   */s/ Lynn L. Tavenner*
                                   Lynn L. Tavenner (VA Bar No. 30083)
                                   Paula S. Beran (VA Bar No. 34679)
                                   20 North Eighth Street, 2nd Floor
                                   Richmond, Virginia 23219
                                   Telephone: 804-783-8300
                                   Facsimile: 804-783-0178
                                   Email: ltavenner@tb-lawfirm.com
                                          pberan@tb-lawfirm.com
                                   -and-
                                   James S. Carr, Esq.
                                   Nicholas J. Panarella, Esq.
                                   Kristin S. Elliott, Esq.
                                   Martin Krolewski, Esq.
                                   (admitted *pro hac vice*)
                                   KELLEY DRYE & WARREN LLP
                                   101 Park Avenue
                                   New York, New York 10178
                                   Telephone: (212) 808-7800
                                   Telecopy:  (212) 808-7897

                                   *Counsel to the Circuit City Stores, Inc.*
                                   *Liquidating Trust*