James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

## ORDER IMPLEMENTING ALTERNATIVE DISPUTE
## RESOLUTION PROCEDURES FOR CERTAIN DISPUTED CLAIMS

Upon the Motion (the "Motion")[2] of Alfred H. Siegel (the "Trustee"), the duly appointed

trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), for an Order Implementing

Alternative Dispute Resolution Procedures for Certain Disputed Claims, and the Court having

reviewed the Motion; and the Court having determined that the relief requested in the Motion, as

modified herein, is in the best interests of creditors and other parties in interest; and it appearing

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2]  Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

NY01\MartT\1681443.9

that proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

.1    The Motion, as modified herein, is GRANTED, and the procedures set forth

in Exhibit 2 to this Order (the "ADR Procedures") are hereby approved and shall govern the ADR

Claims listed on Exhibit 1 to this Order, effective as of the date of this Order.

.2    Each person listed on the Approved List of Mediators attached as Exhibit 3

to this Order is hereby approved as an authorized Mediator.

.3    The Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules

and the Omnibus Objections Procedures Order shall apply to the ADR Claims, except to the

extent that they conflict with the ADR Procedures.

.4    The time periods set forth in this Order and the ADR Procedures shall be

calculated in accordance with Bankruptcy Rule 9006(a).

.5    The requirement under Local Bankruptcy Rule 9013-1(G) to file a

memorandum of law in connection with the Motion is hereby waived.

.6    Adequate notice of the relief sought in the Motion has been given and no

further notice is required.

.7    The Court retains jurisdiction to hear and determine all matters arising from

or related to the implementation or interpretation of this Order.


Dated: _____, 2013        _____
      Richmond, Virginia        The Honorable Kevin R. Huennekens
                               United States Bankruptcy Judge



**WE ASK FOR THIS:**


 /s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy: (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*



**SEEN AND NO OBJECTION:**

 /s/ Robert B. Van Arsdale
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.


/s/ Paula S. Beran
_____

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

# **EXHIBIT 1**

**(ADR Claims)**

**Exhibit A**

**ADR Claims**

| Claimant | Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|---|
| Glenn Cordell Duncan | 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| Glenn Cordell Duncan | 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| Roy Eisner | 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| Joanne Eisner | 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| Joe Evans | 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| Thomas H. Gibson | 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Carole Kaylor | Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| Brad C. King | 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| Gary R. Lowe | 5144 | 1/23/2009 | $100,000 | General Unsecured |
| Robert E. Marshall | 15270 | 5/16/2012 | $25,000 | General Unsecured |
| James Rollins | 14825 | 3/8/2010 | $150,000 | General Unsecured |
| Mark Stewart | 9295 | 1/30/2009 | $75,000 | General Unsecured |
| Clementine Tinsley | 4272 | 1/19/2009 | $250,000 | General Unsecured |

**<u>EXHIBIT 2</u>**

**(ADR Procedures)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**ALTERNATIVE DISPUTE RESOLUTION**
**PROCEDURES FOR CERTAIN DISPUTED CLAIMS**

These alternative dispute resolution procedures (the "<u>ADR Procedures</u>") have been

approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Court</u>")

for use with respect to the claims identified on the scheduled attached hereto as <u>Exhibit A</u> (the

"<u>ADR Claims</u>") filed against the Debtors in the above-captioned bankruptcy cases.    The Court

approved these ADR Procedures by order dated _____ __, 2013, entitled *Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

*Implementing Alternate Dispute Resolution Procedures for Certain Disputed Claims* [Docket #

_____] (the "Order").  Capitalized terms used but not defined in these ADR Procedures shall have

the meanings ascribed to them in the Order.

**PLEASE REVIEW EXHIBIT A AND THESE ADR PROCEDURES CAREFULLY TO**

**UNDERSTAND HOW THEY IMPACT YOUR CLAIM(S) AGAINST THE DEBTORS.**

<u>**ADR PROCEDURES**</u>

A.    <u>**Initiation of Mediation Procedures**</u>.  Pursuant to the Order, the Trust has served

these ADR Procedures and the Order on you within ten (10) days of the date on which the Order

was entered by the Court.

B.    <u>**Mandatory Mediation**</u>.  Mediation is required for all ADR Claims in accordance

with the following procedures and timetable:

1.    Within sixty (60) days after the date of service of the Order and the ADR

Procedures, the parties must have commenced the mediation process by having (a) selected

a mediator from the Court approved list of mediators attached hereto as <u>Exhibit B</u>, (b)

agreed in writing to the terms of the Mediator, including as to compensation and

reimbursement of costs, and (c) scheduled a date for the mediation that is not later than 120

days after the date of service of the ADR Procedures Order.

It is a claimant does not select a mediator within thirty (30) days after the date

of service of the ADR Procedures Order, then the Trust shall promptly (i) assign a mediator

to the case and (ii) so notify the claimant.  Each mediator selected by this process shall

hereafter be referred to as the "Mediator."

It is preferred that the mediation occur in Richmond, Virginia.  If mediation

occurs in Richmond, the Trust shall pay the Mediator's fees and expenses.  If a claimant is

not able or willing to mediate its ADR Claim in Richmond, Virginia, the claimant and the

Trust shall each pay one-half of the Mediator's total fees and expenses.  The Trust shall

also pay all of the Mediator's fees and expenses in connection with any ADR Claim

asserted in a face amount of $250,000 or less.  In addition, any claimant, including those

whose claims are currently unliquidated, voluntarily may agree to limit his/her claim to

$250,000 in order to so qualify.

2.      Unless otherwise agreed in writing by both parties and the Mediator, (a) at

least ten (10) days before the scheduled mediation, the parties shall exchange position

statements and submit the statements to the Mediator, and (b) the position statements shall

not exceed ten (10) pages double-spaced (exclusive of exhibits and schedules) and shall

include all documents regarding the Claimant's injuries and damages, as well as expert

reports.  The Mediator may also require the parties to provide the Mediator with any

additional relevant papers and exhibits.

3.      The Mediator will preside over the mediation with full authority to

determine the nature and order of the parties' presentations.  The Mediator may implement

additional procedures which are reasonable and practical under the circumstances.

4.      The parties will participate in the mediation, as scheduled and presided over

by the Mediator, in good faith and with a view toward reaching a consensual resolution.  At

least one counsel, if any, for each party and a representative of each party having full

settlement authority shall attend the mediation in person.

5.      The length of time necessary to effectively complete the mediation will be

within the Mediator's discretion.  The Mediator may also adjourn a mediation that has been

commenced if the Mediator determines that an adjournment is in the best interests of the parties.

6.      All proceedings and writings incident to the mediation process, including informal discovery exchanged between the parties, will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

7.      The mediation must be finally concluded no later than 180 days after the date of service of the Order.

8.      A claimant's failure (a) to submit the required submissions as provided in these ADR Procedures or as may be agreed to by the Mediator or ordered by the Court, or (b) to attend the mediation as required, shall constitute grounds for the disallowance with prejudice of such claimant's ADR Claim and/or the imposition of additional sanctions by the Court.

9.      Within ten (10) days after the conclusion of the mediation, the Mediator will file a report which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the parties resolved the objection to the applicable ADR Claim (the "Mediator's Report").

10.      If an ADR Claim is not settled or resolved during the mediation process, then the parties shall appear before the Court for a status conference (the "Status Conference") to take place at the next scheduled omnibus hearing in the bankruptcy cases after the Mediator's Report is filed.  The Trust must file with the Court, and serve on the applicable claimant (or his or her attorney), a notice of Status Conference, provided

however, that a minimum of fourteen (14) days' notice of the Status Conference is required.

C.    **Application of Existing Case Management Orders.**  Each of (i) the Court's April 1, 2009 *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order"); (ii) the Court's November 13, 2008 *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* (Docket No. 130); and (iii) the Court's December 30, 2009 *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 6208] (the "Case Management Order")*,* remain in full force and effect.

D.    **Right to Formal Discovery if Informal Discovery is Not Provided.**  The Trust and the claimants shall exchange informal discovery regarding the ADR Claims, including expert reports and medical records, when applicable.  Nothing in the ADR Procedures, however, shall limit the right of the Trust or any claimant to take formal discovery of the other party pursuant to the Omnibus Objection Procedures Order and Federal Rule 9014, if they are unable to obtain relevant information on an informal, voluntary basis.

E.    **Extensions of Time.**  Any of the deadlines imposed under paragraph (2) of these ADR Procedures may be extended on written consent (which may be email) of both parties and the Mediator.

     **F.**    <u>**Additional ADR Claims.**</u>  The Trust may seek to impose the ADR Procedures on additional disputed claims.  Any such request shall be made by motion on notice to the affected claimant.

Dated: _____ __, 2013

                 TAVENNER & BERAN, P.L.C.

                 _____

                 Lynn L. Tavenner (VA Bar No. 30083)
                 Paula S. Beran (VA Bar No. 34679)
                 20 North Eighth Street, 2nd Floor
                 Richmond, Virginia 23219
                 Telephone: 804-783-8300
                 Facsimile: 804-783-0178
                 Email: ltavenner@tb-lawfirm.com
                         pberan@tb-lawfirm.com

                 -and-

                 James S. Carr, Esq.
                 Nicholas J. Panarella, Esq.
                 Kristin S. Elliott, Esq.
                 Martin Krolewski, Esq.
                 (admitted *pro hac vice*)
                 KELLEY DRYE & WARREN LLP
                 101 Park Avenue
                 New York, New York 10178
                 Telephone: (212) 808-7800
                 Telecopy:  (212) 808-7897

                 *Counsel to the Circuit City Stores, Inc.*
                 *Liquidating Trust*

## EXHIBIT A TO ADR PROCEDURES

### (ADR Claims)

NY01\MartT\1681443.9

| Claimant | Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|---|
| Glenn Cordell Duncan | 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| Glenn Cordell Duncan | 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| Roy Eisner | 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| Joanne Eisner | 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| Joe Evans | 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| Thomas H. Gibson | 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Carole Kaylor | Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| Brad C. King | 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| Gary R. Lowe | 5144 | 1/23/2009 | $100,000 | General Unsecured |
| Robert E. Marshall | 15270 | 5/16/2012 | $25,000 | General Unsecured |
| James Rollins | 14825 | 3/8/2010 | $150,000 | General Unsecured |
| Mark Stewart | 9295 | 1/30/2009 | $75,000 | General Unsecured |
| Clementine Tinsley | 4272 | 1/19/2009 | $250,000 | General Unsecured |

**<u>EXHIBIT B TO ADR PROCEDURES</u>**

**(List of Approved Mediators)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

## <u>LIST OF APPROVED MEDIATORS</u>

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland

**<u>EXHIBIT 3</u>**

**(List of Approved Mediators)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[2] | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

**LIST OF APPROVED MEDIATORS**

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland