Stephen V. Falanga, Esq. (*pro hac vice* pending)
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

and

Christian K. Vogel (Va. Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 916-7198

*Counsel for G&S Livingston Realty, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF G&S LIVINGSTON REALTY, INC.
PURSUANT TO SECTION 502(j) AND RULE 3008 TO
RECONSIDER AND VACATE THE PRIOR ORDER OF
THE COURT DISALLOWING CLAIM NUMBER 6064 AND
FOR AN ORDER ADJUDGING CLAIM NUMBER 6064 ALLOWED**

G&S Livingston Realty, Inc. ("**G&S**"), by and through its counsel, respectfully submits this motion (the "**Motion**") to the Court seeking an Order pursuant to 11 U.S.C. § 502(j) and Rule 3008 of the Federal Rules of Bankruptcy Procedure: (i) vacating the August 9, 2012 *First Order Regarding Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* ("**First Order Regarding the Fortieth**

2888991-01

**Omnibus Objection**") as to Claim Number 6064 [Dkt. No. 12305]; and (ii) entering an Order deeming Claim Number 6064 allowed.

In support of its Motion, G&S states as follows:

## INTRODUCTION

1. G&S is a landlord creditor in the above-captioned bankruptcy case. After receiving notice that its Lease[1] with Circuit City Stores, Inc. (the "**Debtor**") was rejected, G&S timely filed a proof of claim (the "**Claim**"). G&S did not receive notice of the Fortieth Omnibus Objection filed by the Liquidating Trust, nor the First Order Regarding the Fortieth Omnibus Objection which effectively reduced G&S's $1,350,404.00 Claim to $0. Five months after the Court entered the First Order Regarding the Fortieth Omnibus Objection, G&S learned from a representative of an investment group which was interested in purchasing its claim, that the Claim had been expunged. For the reasons set forth herein, G&S asks the Court to reconsider the First Order Regarding the Fortieth Omnibus Objection as it relates to G&S's Claim, to consider G&S's proof of mitigation and to allow G&S's claim for $1,350,404.00.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a), 1334(b) and the Standing Order of Reference by the United States District Court for the Eastern District of Virginia dated August 15, 1984, referring all proceedings arising in or related to a case under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) concerning the allowance or

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Certification of Douglas Riley in Support of Motion of G&S Livingston Realty, Inc. to Reconsider and Vacate Prior Order of the Court Disallowing Claim Number 6064 ("**Riley Certification**"), submitted herewith.

disallowance of claims against the estate. Venue of the Motion in this district is proper under 28 U.S.C. § 1409.

3. The legal basis for the relief requested herein is found in 11 U.S.C. §§ 501 and 502 and Bankruptcy Rules 3001, 3007 and 3008

## FACTUAL BACKGROUND

4. The background and procedural history of the above-captioned bankruptcy case is set forth in the Fortieth Omnibus Objection [Dkt. No. 11851].

5. Additional facts relevant to the instant Motion are set forth in the Riley Certification, submitted herewith.

## RELIEF REQUESTED AND BASIS THEREFOR

I. **The Court Should Reconsider its First Order Regarding the Fortieth Omnibus Objection as to G&S's Claim**

6. Section 502 of the Bankruptcy Code addresses the allowance and disallowance of claims. Section 502(j) provides a mechanism by which a creditor may move for reconsideration of a disallowed claim. 11 U.S.C. § 502(j) (2013); *see also* FED. R. BANKR. P. 3008 (2013) ("A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."). "If 'cause' exists and 'according to the equities of the case,' the court may allow or disallow a claim, increase or decrease the amount of a prior allowance, accord the claim a different priority, or enter any other appropriate order." 1 Collier Pamphlet Edition 2013, p.350 (Alan N. Resnick & Henry J. Sommer eds., Matthew Bender) (citing *In re Zieder*, 263 B.R. 114 (Bankr. D. Ariz. 2001)). A determination of the presence or absence of cause is within the 'sound discretion' of the court. *In re Cassell*, 206 B.R. 853, 856 (Bankr. W.D. Va. 1997).

3

7. Bankruptcy courts in this Circuit have adopted an "excusable neglect" analysis professedly less stringent than that applied to motions brought under Rule 60(b) of the Federal Rules of Civil Procedure with respect to motions for reconsideration pursuant to Section 502(j). *See id.* at 856 (applying the Ninth Circuit's analysis in *In re Resources Reclamation Crop. Of America*, 34 B.R. 771 (9th Cir. B.A.P. 1983)). The relevant factors gleaned from the Rule 60(b) analysis are as follows:

> (i) whether granting the delay will prejudice the debtor or other creditors;
>
> (ii) the length of the delay and its impact on efficient court administration;
>
> (iii) whether the delay was beyond the reasonable control of the person whose duty it was to perform;
>
> (iv) whether the creditor acted in good faith;
>
> (v) whether clients should be penalized for their counsel's mistake or neglect; and
>
> (vi) whether the claimant has a meritorious claim.

*Id.* (citing *Resources Reclamation Corp.*, 34 B.R. at 773-74).

8. Collier's annotations to Section 502 suggest that a party in interest need only look to Rules 59(a) or 60(b) of the Federal Rules of Civil Procedure "if the validity of a proof of claim has actually been litigated." 1 Collier Pamphlet Edition 2013, p.345 (Alan N. Resnick & Henry J. Sommer eds., Matthew Bender); *see also In re Gomez*, 250 B.R. 397, 401 (Bankr. M.D. Fla. 1999) ("[T]he cases which held the movant to this standard all dealt with proofs of claims that had been actually litigated, and the Fifth Circuit Court of Appeals specifically held in *Colley* that

4

*Rule 60(b)* standards are applicable *only* when the parties have actually litigated an objection on the proof of claim.).

9. In the instant case, the Claim has not been actually litigated and therefore the Court should apply the excusable neglect analysis set forth in *Cassell*. 206 B.R. at 856. Application of the six *Cassell* factors to the facts here compels reconsideration of the First Order Regarding the Fortieth Omnibus Objection.

10. First, G&S's delay will not prejudice the debtor or the other creditors. If allowed, G&S's Claim will fall among the General Unsecured Claims relegated to Class 4A of the *Modified Second Amended Joint Plan of Liquidation* (the "**Plan**"), which was confirmed on or about September 8, 2010 [Dkt. No. 8555, Ex. A at 19]. According to the docket, a final distribution has not yet been made. In addition, according to the most recent accounting filed by the Trustee, the Trust has approximately $389,000,000.00 left in its various bank accounts [Dkt. No. 12854]. Surely one landlord's claim for rejection damages will not upset the apple cart.

11. On the other hand, G&S will be substantially prejudiced if its Claim is not allowed. G&S has already lost a great deal of money in connection with the Lease. Not only has G&S been deprived of the value of the rental payments it should have received from the Debtor for the remainder of the Lease term, but the Debtor's abandonment of the space in the Livingston Retail Center contributed to the Center's ultimate desertion which lead to G&S's own bankruptcy filing. (Riley Cert. ¶ 25.) Furthermore, G&S has relied on the receipt of funds from the Claim in its business dealings since the Claim's accrual. (Riley Cert. ¶ 14.) Therefore, the equities are in favor of reconsideration and allowance of G&S's Claim.

12. Second, as to the length of delay, G&S only learned of the expungement of its Claim on January 17, 2013. (Riley Cert. ¶ 14.) G&S immediately retained counsel to challenge the First Order Regarding the Fortieth Omnibus Objection which reduced the Claim to $0. Lack of notice is an acceptable excuse for delay in cases where the creditor successfully rebuts the presumption of receipt. *See, e.g., Cassell*, 206 B.R. at 857 (finding that the testimony of the president of the creditor company that he did not receive the trustee's objection to the company's claim, coupled with his specific testimony concerning the company's standardized procedures for receiving and processing mail, were sufficient to rebut the presumption of receipt). As did the creditor in *Cassell*, G&S's General Counsel and Secretary, Douglas Riley, has certified that G&S did not receive the Fortieth Omnibus Objection or the First Order Regarding the Fortieth Omnibus Objection. (Riley Cert. ¶ 15.) Mr. Riley also set forth in his Certification the specific procedures followed with respect to intake and distribution of mail. (Riley Cert. ¶ 18.) Specifically, Mr. Riley certified that upon receiving and opening the mail, the receptionist brings all legal documents, notices and letters to him, whether personally addressed to Mr. Riley or not. (Riley Cert. ¶ 18.) Mr. Riley further certified that he received other papers in this matter relating to the Claim. (Riley Cert. ¶ 19.)

13. Except in the case where a claim has been actually litigated, "it has been said that a motion for reconsideration of a claim presented before the order closing the estate should be timely." 4 COLLIER ON BANKRUPTCY ¶ 502.11[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Here, the Claim has not been actually litigated and the length of delay is minimal relative to the life span of this bankruptcy case.

14. Third, the delay was beyond the control of G&S as no one at G&S received notice of the Fortieth Omnibus Objection. (Riley Cert. ¶ 15.) A possible explanation for G&S's non-receipt of the Fortieth Omnibus Objection and subsequent First Order Regarding the Fortieth Omnibus Objection, is that the foregoing were not addressed specifically to the twenty-fifth (25th) Floor, as had been done in the past with other documents in this case. (Riley Cert. ¶¶ 8 & 10.) As set forth in the Riley Certification, G&S's offices are on the twenty-fifth (25th) floor of a building that is only known to have twenty-four (24) floors and the elevator rises only to the twenty-fourth (24th) floor. (Riley Cert. ¶¶ 16-17.) Consequently, G&S has had issues with mail arriving late, being returned to sender, or not being delivered at all to either G&S or the sender. (Riley Cert. ¶ 20.) Notwithstanding the foregoing, G&S's failure to respond to the Fortieth Omnibus Objection was not a result of any neglect on its part.

15. As to the fourth factor, there is absolutely nothing to suggest that G&S has acted in bad faith. G&S would have no reason to delay its response to the Fortieth Omnibus Objection until months after the entry of the First Order Regarding the Fortieth Omnibus Objection. On the contrary, G&S has every incentive to expedite collection on its $1,350,404.00 Claim against the Debtor.

16. G&S was not represented by counsel in connection with this bankruptcy proceeding until the filing of the instant motion, (*see* Riley Cert. ¶ 12), and therefore the fifth factor is not applicable here.

17. Finally, as set forth in the Riley Certification and in Point II, *infra*, G&S has a meritorious claim resulting from the Debtor's rejection of the Lease in the course of its bankruptcy.

(Riley Cert. ¶¶ 4, 6-7, 9, 11-13.)  G&S also has meritorious proof of mitigation of damages that it would have offered in response to the Fortieth Omnibus Objection.  (Riley Cert. ¶¶ 22-24.)

18.    Therefore, G&S's failure to timely file its response to the Fortieth Omnibus Objection was the result of excusable neglect under the standards set forth in *Cassell* and the Court should reconsider the First Order Regarding the Fortieth Omnibus Objection as it applies to the Claim.

## II.    G&S's Claim Should be Deemed Allowed

19.    A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim.  FED. R. BANKR. P. 3001(f) (2013).  A debtor objecting to a claim must establish sufficient, credible facts to rebut the proof of claim.  The trial court is not required to believe the debtor and shift the burden to the creditor.  *In re Lundell*, 112 F.3d 1035 (9th Cir. 2000).  If the debtor is successful in rebutting the claim, the burden shifts back to the creditor to prove the validity of the claim by a preponderance of the evidence.  *In re Harrison*, 987 F.2d 677 (10th Cir. 1993).

20.    G&S properly filed its proof of claim for rejection damages on or about January 23, 2009, prior to the General Bar Date.  (Riley Cert. ¶ 12.)  By way of its Fortieth Omnibus Objection, the Trustee sought to shift the burden to G&S, among others, to prove mitigation of damages [Dkt. No. 11851 at 8].  Had G&S received notice of the Fortieth Omnibus Objection, G&S would have filed a response demonstrating that it has met the applicable mitigation requirements and setting forth the results of its mitigation efforts.  (Riley Cert. ¶¶ 22-24.)

21.    Specifically, G&S listed the premises for re-let with a real estate broker.  (Riley Cert. ¶ 3)  In addition, G&S embarked on a redevelopment effort of national scope, which

8

continues today, seeking new occupants for the Livingston Retail Center and the premises subject to the Lease, including the filing of a successful re-zoning petition to remove certain restrictions and therefore enlarge the pool of potential users. (Riley Cert. ¶ 24.)

22.   Incidentally, the Trustee has not established sufficient, credible facts to rebut G&S's proof of claim such that the burden should be shifted to G&S to prove that it did in fact mitigate damages. Regardless, G&S has done so and therefore its Claim should be deemed allowed.

## CONCLUSION

23.   WHEREFORE, G&S having failed to receive actual notice of the Fortieth Omnibus Objection seeking, *inter alia*, to disallow G&S's Claim, and having provided sufficient evidence to rebut the presumption of receipt, and the factors associated with excusable neglect weighing in favor of reconsideration, G&S respectfully requests that the Court enter an Order: (i) vacating the August 9, 2012 *First Order Regarding Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* as to Claim Number 6064; and (ii) entering an Order deeming Claim Number 6064 allowed.

                G&S LIVINGSTON REALTY, INC.


                /s/ Christian K. Vogel
                Counsel

Stephen V. Falanga, Esq. (*pro hac vice* pending)
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

and

Christian K. Vogel (Va. Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 916-7198

*Counsel for G&S Livingston Realty, Inc.*

10

## CERTIFICATE OF SERVICE

  I hereby certify that on the 16th day of April, 2013, a true and correct copy of the foregoing Motion was served on all persons receiving electronic notice in this case, including:

    Robert B. Van Arsdale
    Office of the United States Trustee
    701 East Broad St. Suite 4304
    Richmond, Virginia 23219
      *Assistant United States Trustee*

    Lynn L. Tavenner
    Tavenner & Beran, PLC
    20 North Eighth Street, Second Floor
    Richmond, VA 23219
      *Counsel for Liquidating Trustee*

          /s/ Christian K. Vogel
          Counsel