Stephen V. Falanga, Esq. (*pro hac vice* pending)
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

and

Christian K. Vogel (Va. Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 916-7198

*Counsel for G&S Livingston Realty, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**CERTIFICATION OF DOUGLAS RILEY IN SUPPORT OF MOTION OF
G&S LIVINGSTON REALTY, INC. PURSUANT TO SECTION 502(j) AND
RULE 3008 TO RECONSIDER AND VACATE THE PRIOR ORDER OF
THE COURT DISALLOWING CLAIM NUMBER 6064 AND FOR AN
ORDER ADJUDGING CLAIM NUMBER 6064 ALLOWED**

DOUGLAS RILEY, of full age, certifies as follows:

1. I am the General Counsel and Secretary for G&S Livingston Realty, Inc. ("G&S"),[1] a creditor in the above-captioned bankruptcy case. As such, I am fully familiar with the facts and circumstances contained herein.

---

[1] On Sept. 14, 2011, the United States Bankruptcy Court for the District of New Jersey (Bankr. Case No. 11-31751-MS) confirmed a plan wherein G&S Livingston Realty, Inc. assigned and transferred all of its

2869333-01

2. I make this Certification in support of G&S's *Motion Pursuant to Section 502(j) and Rule 3008 to Reconsider and Vacate the Prior Order of the Court Disallowing Claim Number 6064 and for an Order Adjudging Claim Number 6064 Allowed*, submitted herewith.

3. G&S is the owner of retail space on Mount Pleasant Avenue in Livingston New Jersey which it acquired in the early 1990s and converted into a shopping center (the "Livingston Retail Center").

4. On or about November 25, 1997, G&S entered into a lease (the "Lease") with Circuit City Stores, Inc. for real property located in the Livingston Retail Center.

5. On or about November 10, 2008, G&S learned from an online Wall Street Journal article that Circuit City Stores, Inc. and certain of its subsidiaries and affiliates (the "Debtors") had filed for bankruptcy.

6. On or about November 27, 2008, G&S received notice that the Debtors filed a motion styled, *Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures* [Dkt. No. 413] ("Rejection Motion").

7. G&S's Lease was listed among the leases that the Debtors sought to sell or reject pursuant to the Rejection Motion.

---

assets, including its claim (No. 6064) in the above-captioned bankruptcy case, to Daven Avenue, LLC, of which it remains an interest holder. (*See* Dkt. No. 82-1.)

2

8. According to the Affidavit of Service executed by Timothy T.K. Wu of Kurtzman Carson Consultants LLC, notice of the Rejection Motion was sent via overnight mail to the attention of Lawrence Traub at G&S Investors, 211 East 43rd Street, 25th Floor, New York, NY 10017 [Dkt. No. 676].

9. On or about December 12, 2008, G&S received a copy of the Court's *Order Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures* ("Order Granting Rejection") [Dkt. No. 896].

10. According to the Affidavit of Service executed by Timothy T.K. Wu of Kurtzman Carson Consultants LLC, notice of the Court's Order Granting Rejection was sent via first class mail to the attention of Lawrence Traub at G&S Investors, 211 East 43rd Street, 25th Floor, New York, NY 10017. [Dkt. No. 1162].

11. On or about December 11, 2008, G&S was advised by DJM Realty consultants that no potential purchasers of the Lease had been identified and that the Lease was going to be rejected. A copy Court's December 11, 2008 Order [Dkt. No. 896] was subsequently served.

12. On or about January 23, 2009, prior to the General Bar Date [*see* Docket No. 890], I submitted a proof of claim in the above-captioned bankruptcy case to Kurtzman Carson Consultants via certified mail and Federal Express in accordance with the Court's

December 10, 2008 Order [Dkt. No. 890] in the amount of $1,350,404.00 ("the Claim"). A true and correct copy of G&S's Proof of Claim is attached hereto as <u>Exhibit A</u>.

13. The debtors' rejection of the Lease, which did not expire by its terms until January 31, 2018, forms the basis of G&S's Claim for $1,350,404.00.

14. On or about January 17, 2013, I learned from a representative of an investment group which had been interested in purchasing the Claim that the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred H. Siegel, the duly appointed trustte of the Liquidating Trust (the "Trustee"), had filed an objection to G&S's Claim and that the Claim had subsequently been reduced to $0.

15. To the best of my knowledge, no one at G&S received notice of the *Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* [Dkt. No. 11851] (the "Fortieth Omnibus Objection") or the subsequent *First Order Regarding Liquidating Trust's Fortieth Omnibus Objection to Landlord Claims (Reduction of Certain Invalid Claims-Mitigation)* (the "First Order Regarding the Fortieth Omnibus Objection") [Dkt. No. 12305].

16. G&S offices are located on the twenty-fifth (25th) floor of a building located at 211 East 43rd Street, New York, NY 10017. This is a unique situation in that the building is only known to have twenty-four (24) floors and the elevator rises only to the twenty-fourth (24th) floor.

17. To reach G&S's offices, visitors and delivery people must take the building elevators to the twenty-fourth (24th) floor and then walk a hallway to a stairwell where they must take the stairs to the twenty-fifth (25th) floor where our offices are located.

4

18. In order to deliver G&S's mail, the postal carrier typically brings the mail to our office on the twenty-fifth (25th) floor and leaves it with our receptionist. The receptionist opens the mail and personally brings all legal documents, notices or letters to me, whether personally addressed to me or not.

19. I received the other pleadings relating to the Claim in this manner.

20. In the past, likely due to confusion with respect to our floor number, when a new postal carrier has been assigned to our route, or a substitute postal carrier is covering our route, we have had issues with the mail arriving late, being returned to sender or not being delivered at all to either G&S or sender.

21. As reflected by the Affidavits of Service filed in connection with the Fortieth Omnibus Objection [Dkt. No. 11895] and the First Order regarding the Fortieth Omnibus Objection [Dkt. 12514], the papers were not specifically directed to the twenty-fifth (25th) floor.

22. Had G&S received notice of the Fortieth Omnibus Objection that sought to expunge its claim absent proof of mitigation, G&S would have timely filed a limited objection providing such proof.

23. G&S has a meritorious defense to the Fortieth Omnibus Objection – G&S has met is burden of mitigation. After the Debtors rejected the Lease in bankruptcy, G&S listed the premises formerly occupied by Circuit City for re-let with a real estate broker.

24. In addition, G&S has contacted and continues to contact the following brokers and potential tenants, among others, relating to the available space in the Livingston Retail Center: CBRE, Cushman & Wakefield, RKF, Katz & Co., Staubach, Welco Realty, 2001 Real Estate, Northwest Atlantic, Greco Sackeim Realty Group, Metro Commercial,

Rakow Commercial Realty Group, and Retail Consulting Services (Brokers); Aldi Supermarket, AC Moore Arts and Crafts, Apple Stores, Ashley Furniture, Balducci's, Barnes and Nobel, Bed Bath & Beyond, BJ's Wholesale Club, BoConcept/Club 8 Company, Books A Million, Burlington Coat Factory, Buy Buy Baby, Century 21 Dept. Stores, Christmas Tree Shops, Design Within Reach, Dick's Sporting Goods, DSW, Eastern Mountain Sports, Fairway, Famous Footwear, Foreman Mills, Gordon Brothers, Golf Galaxy, Guitar Center, Kohl's Corporation, Michaels Stores, Nordstrom, Party City, Pier 1 Imports, Raymour and Flanigan, Regency Furniture, Restoration Hardware, REI, Roche Bobois USA, Saks Off Fifth, SYMS, Stew Leonards, The Container Store, The Men's Wearhouse, TJX Companies/Home Goods, Trader Joe's, Toys R Us, Ulta Salon, Urban Outfitters, Wal-Mart, Wegman's, Whole Food Markets, and World Trading (potential tenants).

25.    The Leased premises formerly occupied by the Debtor are part of a larger shopping center which suffered additional tenant defaults in 2008, made possible, in part, by the Debtor's abandonment. Shortly after the Debtor's rejection of the Lease in bankruptcy, the Livingston Retail Center became entirely vacant, which ultimately led to G&S filing for bankruptcy itself. As a result, in addition to merely listing the premises with a real estate broker and contacting other brokers and potential tenants, G&S has embarked on a redevelopment effort of national scope, which is continuing today, seeking new occupants for the Center and the premises subject to the Lease, including the filing of a successful re-zoning petition to remove certain restrictions and therefore enlarge the pool of potential users.

I certify under penalty of perjury that the foregoing is true and correct.

_____
DOUGLAS RILEY

Executed On: April 9, 2013