```
                    UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF VIRGINIA

IN RE:                          .      Case No. 08-35653 (KRH)
                                .
                                .
                                .      Chapter 11
                                .      Jointly Administered
CIRCUIT CITY STORES,            .
INC., et al.,                   .      701 East Broad Street
                                .      Richmond, VA 23219
                                .
          Debtors.              .
                                .      April 25, 2013
. . . . . . . . . . . . . . .          2:03 p.m.


                       TRANSCRIPT OF HEARING
                 BEFORE HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            Tavenner & Beran, PLC
                           By:  PAULA S. BERAN, ESQ.
                                LYNN S. TAVENNER, ESQ.
                           20 North Eighth Street, 2nd Floor
                           Richmond, VA 23219
```

Proceedings recorded by electronic sound recording, transcript
              produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1        COURTROOM DEPUTY:  All rise.  Court is now in
2  session.  Please be seated and come to order.
3        COURT CLERK:  Circuit City Stores, Incorporated,
4  Items 1 through 3 on proposed agenda.
5        MS. BERAN:  Good afternoon, Your Honor.  For the
6  record, Paula Beran of the law firm of Tavenner & Beran as
7  counsel for the Circuit City Stores, Inc. liquidating trust.
8  With me at counsel's table this afternoon is my law partner,
9  Lynn Tavenner, as well as Ms. Ann Pietrantoni from the Circuit
10 City liquidating trust.  Your Honor has met Ms. Pietrantoni
11 before.
12       THE COURT:  I have.  Yes.
13       MS. BERAN:  Your Honor, in connection with today's
14 agenda, I do apologize.  I filed about 20 minutes ago an
15 amended agenda.  It does not change anything substantively and
16 I will note where the two changes from the amendment are.
17       THE COURT:  Okay.  I was working off your original.
18       MS. BERAN:  Your Honor, I apologize and it's two
19 minor things --
20       THE COURT:  Okay.
21       MS. BERAN:  -- but I did want to have an accurate
22 record.
23       On the first item, Your Honor, this is the
24 liquidating trust's forty-seventh omnibus objection.  This does
25 have one of the modifications in this.  We indicated that one

Case 08-35653-KRH    Doc 12955    Filed 05/07/13    Entered 05/07/13 15:57:50    Desc
Main Document    Page 3 of 10

3

1  matter has been resolved.  The document that Your Honor is
2  looking at indicates one claimant may be sustained.  Actually,
3  Your Honor, that was a typo.  It is, two claimants may be
4  sustained, specifically looking at Exhibit B, the claim of Chad
5  A. Kubica and the claim of Karen L. Craig.
6        They both filed responses.  They have had
7  correspondence and discussions with the trust representative
8  who is actually in the courtroom and based on those discussions
9  about the relief being sought and treatment that was being
10 proposed, both of those individuals are fine with the
11 objection.  Therefore, they represented that they would have
12 their response removed or withdrawn.  And therefore once that
13 happens, Your Honor, the claims as it -- the objection as it
14 relates to those claims may be sustained.
15        THE COURT:  All right.  And those two are which?
16 Craig?
17        MS. BERAN:  That is Chad A. Kubica, Claim 7086.  He
18 filed a response at 12626.
19        THE COURT:  Okay.
20        MS. BERAN:  And then Karen L. Craig.
21        THE COURT:  Okay, because I had Craig on --
22        MS. BERAN:  Correct, Your Honor.
23        THE COURT:  -- the exhibit that I have but you filed
24 a new exhibit that it lists the other one.
25        MS. BERAN:  Correct, Your Honor.

1        THE COURT:  And that person has affirmatively agreed
2  --
3        MS. BERAN:  Correct, Your Honor.
4        THE COURT:  -- so that they have plenty of notice,
5  they understand, and are in agreement.
6        MS. BERAN:  Absolutely, Your Honor.  Your Honor, they
7  actually spoke with Ms. Pietrantoni and she has received
8  e-mails from -- and to the extent necessary, she would testify
9  that she has received e-mails from these two claimants who have
10 indicated that they would like to withdraw their response and
11 have the objection be -- well, they didn't say objection be
12 sustained but in essence that would be the next result.  The
13 objection would be sustained.  And they are now comfortable
14 with the proposed treatment pursuant to a discussion with her.
15       THE COURT:  Okay, thank you.  With that explanation,
16 the Court will sustain those two objections.  And the rest are
17 being carried over to status on June 6?
18       MS. BERAN:  Your Honor, actually, I think there is
19 one that has been settled and may be removed from the court's
20 docket and that is the --
21       THE COURT:  That's the Wimmer?
22       MS. BERAN:  Yes, Your Honor.
23       THE COURT:  Okay.
24       MS. BERAN:  Your Honor, that then turns us to Item
25 Number 2 which is the liquidating trust's fiftieth omnibus

1  objection.  As it relates to that, Your Honor, a couple of the
2  items as indicated on Exhibit B have been settled and may be
3  removed from the court's docket.  And then, as it relates to
4  the remaining, we'd respectfully request that those claims be
5  continued until the June 6th omni, with one caveat, Your Honor,
6  that I want to explain to Your Honor.
7        THE COURT:  All right.
8        MS. BERAN:  There are three individuals that are
9  listed on Exhibit B and they fall into two categories.  First
10 and foremost, there is actually the claim of Douglas, Peter.
11 And if you see, he filed a Claim 4503 and then right under it
12 is 1761.
13       THE COURT:  All right.
14       MS. BERAN:  Mr. Douglas is represented by an attorney
15 that we have been dealing with throughout and are hopefully
16 close to a resolution.  As indicated on the amended exhibit,
17 Your Honor, the response that was filed on behalf of Mr.
18 Douglas, we only listed Claim Number 4503.  We continued out of
19 an -- we indicated to Your Honor out of abundance of caution
20 Claim 1761 but that really isn't (sic) a duplicate claim of the
21 4503 that we've been continuing.  And we actually submitted to
22 Your Honor an order that has already sustained the objection as
23 it relates to that claim.  But we wanted to note that as
24 opposed to just taking it off the docket.  We wanted there to
25 be a record of what's transpired.

```
 1              THE COURT:  All right.  Thank you very much.
 2              MS. BERAN:  Similarly, Your Honor -- I apologize.
 3              THE COURT:  You need some water?
 4              MS. BERAN:  Yes, please, if Ms. Tavenner will -- on
 5   the claim of --
 6              THE COURT:  Highest and best use.
 7              MS. TAVENNER:   That's it, Your Honor.
 8                          (Laughter)
 9              MS. BERAN:  -- Jonas, Jr, Eric A., Claim Number 6525.
10              THE COURT:  I see it.
11              MS. BERAN:  And then, if you -- and you'll notice
12   there's no response filed.  And then, claim of Mark E. Oliver,
13   Oliver, comma, Mark E., Claim 6250.
14              THE COURT:  Right.
15              MS. BERAN:  You'll notice that no response was filed
16   there.  Your Honor, what happened back in the December/January
17   time period is, all of the remaining claimants -- substantially
18   all of the remaining claimants are represented by one lawyer.
19   The law firm of Tavenner & Beran inadvertently gave these
20   individuals the same treatment, thinking that they were
21   represented by that lawyer.
22          The lawyer who's primarily handling this objection
23   filed an order to our firm and then we submitted it, and Your
24   Honor entered it.  So, these two claims have actually been
25   sustained pursuant to an order that Your Honor entered that was
```

1  entered on -- and I apologize. I have the entry date. If Your
2  Honor looks at Your Honor's docket, 12704 on January 4, 2013,
3  there was an order entered sustaining those claims. That order
4  was served on those two individuals on January 7th, 2013, as is
5  indicated in an affidavit of service that was filed with this
6  court on February 13th, 2013, found at Docket Number 12811.
7        So even though we've been continuing it all along,
8  Your Honor, the objection as it relates to those claims has
9  actually already been sustained. We wanted to bring that to
10 Your Honor's attention. We would submit that there has been no
11 prejudice to these claimants because the claimants don't even
12 receive a copy of the agenda. Instead, they actually received
13 a copy of the order as entered.
14        We would submit, Your Honor, that we could do one of
15 two things. We could just, one, remove them from the exhibit
16 going forward or, two, we could technically continue their
17 claims until the June 6th omni where we would indicate,
18 specifically, objection has already been sustained as to this
19 claimant, so if they ever were looking at it or continued to
20 look at it, they would know at that point in time.
21        THE COURT: But they got -- they were served with a
22 copy of this order.
23        MS. BERAN: Correct, Your Honor. They were served
24 with a copy of the order on -- I can specifically tell you. I
25 have that written down here.

```
 1            THE COURT:  In January.
 2            MS. BERAN:  January 7th, 2013.
 3            THE COURT:  All right.
 4            MS. BERAN:  An affidavit of service was filed on
 5  February 13th.  That is Docket 12811.
 6            THE COURT:  I see that.
 7            MS. BERAN:  Exhibit I on that affidavit of service
 8  indicates the service on these two individuals.
 9            THE COURT:  All right.  Okay.  I'm satisfied that
10  they've been properly noticed of the disallowance of their
11  claim and so we can remove them from the exhibit.
12            MS. BERAN:  Thank you, Your Honor.  We'll do that.
13  We just wanted to bring it to Your Honor's attention.  We
14  didn't just want to remove something without alerting Your
15  Honor as to the nature and reason why we would do that.
16            THE COURT:  The Court appreciates that.
17            MS. BERAN:  The last item, Your Honor -- oh.  So then
18  everything else, Your Honor, on Exhibit B, as identified, we'd
19  respectfully request it be continued until the June 6th omni.
20            THE COURT:  It'll be continued.
21            MS. BERAN:  Thank you, Your Honor.  Your Honor, the
22  third item is the objection to the claim filed by Chase Bank
23  USA.  In connection with that, Your Honor may recall that this
24  claim is currently being mediated.  The mediation was adjourned
25  for additional exchange of information.  With that, we'd
```

9

1  respectfully request that it be continued until the June 25th
2  omni.  The agenda, Your Honor, as seen right there says the
3  June 6th.  That was a mistake on my part.  The two lawyers who
4  are handling this, the primary lawyers, are Mr. Caine, and Mr.
5  Michael Condyles on behalf of Chase.  They agreed to continue
6  it to the June 25th.
7        We know that traditionally we've tried to do status
8  conferences the first omni, but given the amount at issue and
9  just given the timing of the information exchange, the June 6th
10 wasn't -- we would just come before Your Honor and continue it
11 again.  Not to say we won't continue it on the 25th, but we
12 thought there would be more likelihood or those two individuals
13 thought there would be more likelihood of substantive movement
14 if we continued to the 25th initially.
15        THE COURT:  And that'll be fine.
16        MS. BERAN:  Thank you, Your Honor.  Your Honor, that
17 is all of the items that the trust brings before Your Honor
18 today.  I'm happy to answer any questions, as is Ms. Tavenner.
19 Mr. Caine is not on the phone with us today.  He --
20        THE COURT:  All right.  But there's no other business
21 we need to take up in Circuit City today?
22        MS. BERAN:  No, Your Honor.
23        THE COURT:  All right, very good.  We'll then be
24 adjourned.  Thank you very much.
25        MS. BERAN:  Thank you, Your Honor.

10

1  COURTROOM DEPUTY: All rise. The court is now
2  adjourned.
3              * * * * *
4              **C E R T I F I C A T I O N**
5  I, STEPHANIE SCHMITTER, court approved transcriber,
6  certify that the foregoing is a correct transcript from the
7  official electronic sound recording of the proceedings in the
8  above-entitled matter, and to the best of my ability.
9
10 /s/ Stephanie Schmitter
11 STEPHANIE SCHMITTER
12 J&J COURT TRANSCRIBERS, INC.          DATE: May 7, 2013
13
14
15
16
17
18
19
20
21
22
23
24
25