UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

IN RE:                       .      Case No. 08-35653 (KRH)
                             .
                             .
                             .      Chapter 11
                             .      Jointly Administered
CIRCUIT CITY STORES,         .
INC., et al.,                .      701 East Broad Street
                             .      Richmond, VA 23219
                             .
        Debtors.             .
                             .      May 14, 2013
. . . . . . . . . . . . ..           2:01 p.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Tavenner & Beran, PLC
                         By:  LYNN S. TAVENNER, ESQ.
                         20 North Eighth Street, 2nd Floor
                         Richmond, VA 23219

For G&S Livingston       LeClair Ryan
Realty, Inc.:            By:  CHRISTIAN K. VOGEL, ESQ.
                         Riverfront Plaza, East Tower
                         951 East Byrd Street, 8th Floor
                         Richmond, VA 23219


Proceedings recorded by electronic sound recording, transcript
produced by transcription service

---

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609) 586-2311   Fax No. (609) 587-3599

1        COURTROOM DEPUTY:  All rise.  Court is now in

2  session.  Please be seated and come to order.

3        COURT CLERK:  Circuit City Stores, Incorporated,

4  Items 1 through 2 on proposed agenda.

5        MS. TAVENNER:  Good afternoon, Your Honor.  For the

6  record, Lynn Tavenner of the law firm of Tavenner & Beran

7  appearing on behalf of the trust.  Together with me today at

8  counsel table is Ms. Katherine Bradshaw, the trust

9  representative.

10        THE COURT:  Good afternoon, Ms. Tavenner.

11        MS. TAVENNER:  Thank you.  Good afternoon, sir.

12  There are only two matters on the docket today, the first of

13  which is a motion for default judgment in the adversary

14  10-03564.  It's labeled Siegal against R-Pac International

15  Corp.

16        Your Honor, there's an affidavit that's been attached

17  to the motion for a default judgment of Ms. Pam Egan that goes

18  through the facts.  One of the items is that the trustee did

19  dismiss the complaint against the defendant R-Pac long ago and

20  as a result this motion only goes to the defendant Minwa.

21        Also recited in the affidavit, Your Honor, is that

22  the trustee has previously submitted a request for service

23  abroad of judicial or extra-judicial documents which Your Honor

24  entered and the alias summons and complaint was served by that

25  mechanism.  Ms. Egan's affidavit goes through the specifics

1  with regard to that service.  We have attached to her affidavit

2  the actual information coming back from Hong Kong to show that

3  the service was effected.

4       Pursuant to that effected service, Your Honor, the

5  defendant Minwa had until March the 21st to respond to that

6  second alias summons and complaint.  Minwa did not respond in

7  any shape or form.  The trust has not heard from them.  As a

8  result, Your Honor, we filed the existing motion for default.

9  The clerk has now entered default against Minwa and we would

10  submit to Your Honor that the case is now ripe at this point

11  for entry of a default judgment.

12       The claims against the defendant are for sum certain.

13  In the complaint, the trustee sought several things, the first

14  of which was the avoidance of a preferential transfer.  That

15  was in the amount of $201,247.70.  Then, the same complaint

16  objected to Claim Number 2626 on the basis that it was

17  overstated and the trust believed that it should be reduced to

18  $130,714.64.  In addition, Your Honor, the trust objected to

19  Claim Number 417 and requested that that claim be expunged on

20  the grounds that it was duplicative of the Claim 2626.

21       Further, Your Honor, the trust would submit that if

22  Your Honor granted that relief that the trust would be owed the

23  sum certain of $70,533.06 based upon the setting off of the

24  Claim Number 2626 against the preferential transfer.  At this

25  point, then, Your Honor, we are seeking that Your Honor enter

1  default judgment in that amount.

2          THE COURT:  All right.  Does any party wish to be

3  heard in connection with the motion for default judgment?

4                    (No audible response)

5          THE COURT:  Was this one of the matters in which I

6  issued the letter rogatory?

7          MS. TAVENNER:  Yes, Your Honor.

8          THE COURT:  Okay, very good.  The Court finds, based

9  on the affidavit, the certificate of service that was filed in

10  this case, that the bailiff of the High Court of Hong Kong did

11  serve the -- pursuant to the direction of the registrar of the

12  High Court, did serve the process in accordance with the laws

13  of Hong Kong and the Court finds that good and valid service of

14  process was effected in this case under rules for -- the

15  Federal Rules of Civil Procedures incorporated by Rule 7004 and

16  by the laws of Hong Kong.  And the Court finds the time within

17  which to file responsive pleadings has now lapsed.

18          The Court finds that no responsive pleadings have

19  been filed by Minwa Electronics Company to the complaint and

20  that they are in default under the rules of court.

21  Accordingly, the Court's going to grant the motion for default

22  judgment.  The Court will enter judgment by default in the

23  amount of $70,533.06, as requested by the plaintiff and ask you

24  to submit an order to that effect.

25          MS. TAVENNER:  We will do so, Your Honor.  Thank you.

1          THE COURT:  And then also disallowing the claim,

2   et cetera, allowing for the set off as net result.

3          MS. TAVENNER:  Thank you.

4          THE COURT:  All right.

5          MS. TAVENNER:  The only remaining matter on the

6   docket this afternoon, Your Honor, is Item 2 which is actually

7   the motion of G&S Livingston Realty, Inc. to reconsider and

8   vacate a prior order with respect to a claim.  Mr. Vogel is in

9   the courtroom who represents G&S Livingston Realty.  We noted

10  in the agenda that the parties would appear today for status

11  purposes and request that the matter be set down for a

12  substantive hearing.

13         We're hopeful that we can enter into a dialogue with

14  counsel for G&S and that perhaps we can avoid the need for a

15  substantive hearing altogether.  However, at this point, we do

16  request that we set it down for a substantive hearing so that

17  we have some benchmarks to move toward.

18         Mr. Vogel and my partner, Paula Beran, were in

19  correspondence prior to the hearing and we alerted him to the

20  available June dates that we have set down already for omni

21  hearings and also told him that we don't yet have July, August,

22  September dates and we are endeavoring to obtain the same.  Mr.

23  Vogel was then going to get in touch with his co-counsel.

24         At this point, I don't think he has heard back from

25  his co-counsel, but we would respectfully request, jointly,

1  that we set it down for June 6th, and then if that does not

2  prove to be a good date for his counsel, we would advise the

3  Court.

4          THE COURT:  All right, very good.  Mr. Vogel?

5          MR. VOGEL:  Good afternoon, Your Honor.  Kirk Vogel

6  here on behalf of G&S Livingston Realty.

7          We're hopeful that we can resolve this without a

8  hearing, but to the extent necessary if we could set June 6th

9  and --

10          THE COURT:  Yes.  This wasn't an excusable neglect

11  situation.  This was a failure to receive adequate notice

12  because you're alleging that the notice was sent to the wrong

13  place and --

14          MR. VOGEL:  That's accurate, I think.  They've had

15  issues apparently with receiving mail in the past and I think

16  that we would provide evidence on that in that they -- my

17  client's position is that they didn't receive the motion or the

18  order that was entered and they only found out about the

19  expungement of their claim through a claim purchaser that had

20  contacted them previously that they reached back out to.  So

21  yes, sir, that's it.  That's, I believe, what the evidence that

22  we would provide would show.

23          THE COURT:  All right, very good.  And so we want to

24  set this down for a substantive hearing, and I wouldn't expect

25  that it would take too long to hear that issue, if you aren't

1    able to figure it out amongst yourselves.  So why don't we go

2    ahead and set it for June 6th, then.  Have you -- you say you

3    haven't heard from your folk, but you'd be available on June

4    6th, right?

5              MR. VOGEL:  I'm available, yes, sir, and I was --

6              THE COURT:  And you are certainly capable of arguing

7    this motion.

8              MR. VOGEL:  I'm capable of arguing the motion.  The

9    one piece that I was missing that I was hoping to confirm

10   before the hearing is whether or not my client could be here to

11   provide any evidence that we thought may be helpful for the

12   Court to hear.

13             THE COURT:  All right, very good.  If the client

14   can't, you could always do an ex parte deposition -- or a

15   de bene esse, rather, deposition or something of that sort to

16   get the testimony that way, right?

17             MR. VOGEL:  Yes, sir.  I think that we could work

18   through those procedures, hopefully, yes, sir.

19             THE COURT:  I'm confident that you'd be able to.  All

20   right.  Well, we'll set it down for the two o'clock omni

21   hearing on June 6, and then hopefully the two of you can talk

22   between now and then and get everything worked out.

23             MR. VOGEL:  Thank you.

24             MS. TAVENNER:  Thank you, Your Honor.

25             THE COURT:  Okay.

1             MS. TAVENNER:  That concludes the matters on the

2 docket for today.

3             THE COURT:  All right.  Is there any other business

4 we need to take up in Circuit City then?

5             MS. TAVENNER:  No, Your Honor.

6             THE COURT:  All right.  Well, I thank you and I will

7 look forward to seeing you on the 6th.

8             MS. TAVENNER:  Thank you.

9             THE COURT:  Thank you, Ms. Bradshaw.

10             COURTROOM DEPUTY:  All rise.  The court is now

11 adjourned.

12                       * * * * *

13                **C E R T I F I C A T I O N**

14             I, STEPHANIE SCHMITTER, court approved transcriber,

15 certify that the foregoing is a correct transcript from the

16 official electronic sound recording of the proceedings in the

17 above-entitled matter, and to the best of my ability.

18

19 /s/ Stephanie Schmitter

20 STEPHANIE SCHMITTER

21 J&J COURT TRANSCRIBERS, INC.          DATE:  May 24, 2013

22

23

24

25