Mr. Johannes F. de Wolf

5810 Fresno Ave., Richmond, CA 94804

Tel. (510) 501-3511

Injury Claimant  vs.  Circuit City Stores Inc.


RICHMOND DIVISION
FILED MAY 28 2013
CLERK
US BANKRUPTCY COURT

May 23, 2013

In re: Circuit City Stores, Inc.    Case No 08-3563-KRH
Docket # 12918

MEMORANDUM OPPOSING TRUST'S MOTION FOR ORDER STRIKING DOCKET #12918

I, Mr. Johannes F. de Wolf, am the non-attorney injury claimant (Claimant) in the above docket.

Claimant opposes the Trust's request for the suggested striking of docket #12918 and its automatic expungement and respectfully requests the Trust to withdraw the Motion to strike and expunge.

Claimant further respectfully requests the Court intervene by the "... unless otherwise directed by further order of this Court ... " clause in Trust's Relief Basis item #4, and deny an order to Strike and Expunge, and allow the April 6,2013 de Wolf Pleading to go forward.

If the Trust does not withdraw its motion to strike and expunge and the Court requires further testimony in addition to this written Claimant's request for Denial to Strike, Claimant requests a Hearing with adequate time for preparation and hope the Court can arrange for a telephone appearance.

Claimant facing the 2-week deadline for written response to the Trust's motion to strike has not yet had the opportunity to consult an attorney or study the Case Management (just informed of in the Trust's 5/14/13 petition). The main page of the website is not clear on the manner of filing of Objection to the Trust's Motion and Claimant has to just send this best-efforts response to meet the stated deadline.

Claimant respectfully suggests and requests equitable options for relief available in this Court such as lifting of the stay of the pre-bankruptcy injury claim or other options available in the Court's Case Management procedures.

Claimant also suggests, in the interest of Trust's expressed urgency above, Debtor/Trust concede to the facts and merits of the claim of this clear-cut case of Debtor's gross negligence, to enable the Court to expedite with Claimant's equally urgent desire of settling of the claim by considering for example comparable Landmark cases or other assessment procedures.


4 pp.

## OBJECTIONS TO STRIKING DOCKET # 12918

1. Claimant objects to the Trust's attempt to strike, and respectfully requests the Court's intervention suggested in the Trust's item #4, as the reference to Excessively Delinquent Claims is irrelevant, since the Jan. 08 claim against Debtor prior to the bankruptcy was well before the Trust's quoted Jan 1, 2012 date.
2. Debtor and its Risk Manager acknowledged the pre-bankruptcy injury claim in the letters claiming relief via automatic stays under the auspices of the Court, i.e.
The 3/5/09 SRS stay letter in the Jan. 2008 claim handled by risk manager SRS – see Exh. A
The 3/13/09 Debtor's Atty. Blanks stay letter in the Oct. 30, 2008 California Superior Court suit– see Exh. B.
3. Despite Debtor's and Court's knowledge of the claim, Claimant did not receive notices, referred to in the last page of Exh. B, nor Case Management Instructions from the Court, nor a notice by the Trust of intent for blanket striking and expungement by a certain date without adequate consideration of equitable relief.
4. Debtor shielded itself by the veil of bankruptcy and has not yet considered equitable relief to acknowledged Claimant, nor options in Court for the above legitimate claim of which it had knowledge.
5. Trust's suggested order to strike and expunge Claimant's pleading is "in the best interest of the Trust" is self-serving and not an equitable resolution to the pleading by Claimant.
6. Claimant is unclear if the Court would even elect to undertake an injury claim itself on the merits, as its expertise is in Bankruptcy, not in injury claims.
7. Claimant relied - as did the CA Superior Court which continued to hold over the case, also being stopped from prosecuting the case by operation of bankruptcy law - on the option of lifting of stays. It was at Hon. Judge Steven K. Austin's suggestion at the last hearing in Dept. 33 of the Calif. Superior Court, Contra Costa County to now approach the Bankruptcy Court.
8. Claimant has waited patiently for years now for Debtor to resolve this claim for equitable relief of pain and suffering as the result of Debtor's clear-cut case of gross negligence.
9. It is just plain wrong for allowing Debtor to reorganize under protection of Chapter 11 bankruptcy and thereby also escape its responsibilty for injuries to Claimant due to Debtor's gross negligence, and then not allowing Claimant likewise protection by the Court.
10. Furthermore, the motivation of broadside attack coming from the Trust in its motion to strike Claimant's pre-bankruptcy claim appears usurptive and inexplicable and is hopefully just a mistake.
11. Claimant therefore respectfully requests the Court deny the Trust's motion to strike and expunge, and allow the Claimant's April 6, 2013 pleading to go forward on the merits under the Court's Case Management Procedures options available to other claimants and creditors.

## ALTERNATIVES TO STRIKING DOCKET #12918

12. One mechanism that appears available in the Court is the lifting of the automatic stays, i.e. 1. returning the claim for valuation and payment by SRS at the Courts direction, possibly covered under purchased or self-insurance policy in place at the time of the 10/31/07 injury 2. allowing the case in CA Superior Court with stated $ limit to proceed under its Case Management Procedures.

13. Another alternative is to deny the requested order to strike in this Court and then hold this Docket #12918 over, to allow time for Claimant and/or attorney to procede with the April 6, 2013 pleading and amendments under this Court's Case Management Procedures options for a just and equitable settlement.

14. The Trust has expressed eagerness to reject the claim in an out-of-hand without consideration automatic striking and expungement in 2 weeks. Claimant is equally eager to finally settle this matter on the merits in light of the fact that Claimant has waited long enough for an equitable resolution to the Oct 31, 2007 injury. The following is further elaboration on the Apr. 6, 2013 Pleading for equitable relief for the pain and suffering caused by Circuit City and/or its agents:

    Debtor negligently installed the Amana range, purchased from Circuit City on 9/5/97 - see Exh. C, at our house at the above address without the anti-tipping brackets as instructed by the manufacturer - see Exh. D.

    Claimant suffered 1st and 2nd degree burns on 10/31/07 to a large portion of his back from boiling water spilled from the pans on top of the range that slipped off when the range tipped, because Circuit City had not installed the anti-tipping brackets.

    Claimant, an independent 7-day-a-week delivery contractor, had to endure additional suffering for 3 ½ months due to the fact that no substitute, if one could even be found, could be employed, for risk of losing the contract with revenues of approx. $4,000 per month or $48,000 per year. The supervisor was in a perennial pursuit to replace long-standing contractors with new cheaper contractors. Fortunately, Claimant was able to limit the damage and hold onto the delivery contract.

    Claimant's additional suffering consisted of enduring the pain caused by working against Doctor's advice to not work for 3 to 4 months to prevent potential infection to the open burn wounds. The cause of the additional severe pain was the rubbing of medicated pads against open oozing burn wounds by the constant required upper-body motion involved in the delivery while driving. The medicated pads were bound to his chest with elastic bands and hanging from the collar bones and shoulder blades with open wounds. Claimant required daily assistance at first to replace the soaked medicated pads and to clean and apply ointment to the oozing open wounds.

15. In light of the Trust's above expressed urgency,
    Claimant seeks the Court's guidance for the best alternative to settle this matter and the amount in favor of Claimant for this long-standing claim.

Sincerely,



Mr. Johannes F. de Wolf

### CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2013, a true copy of the foregoing was served via Express Mail and/or Fax to:

    Clerk of the Court    (2 copies)

    United States Bankruptcy Court

    701 E. Broad Street, 2nd Floor

    Richmond, VA 23219

Also to:

    Lynn L. Tavenner    (2 copies)

    Tavenner & Beran, PLC

    20 North Eight Street, 2nd Floor    Fax # (804) 783-0178

    Richmond, VA 23219

And to:

    Robert B. Van Arsdale, Esquire

    Office of the United States Trustee

    701 East Broad, Suite 4304    Fax # (804) 771-2330

    Richmond, VA 23219

_____

Mr. Johannes F. de Wolf, Claimant

- 4 -



March 5, 2009

Johannes F. de Wolf
5810 Fresno Avenue
Richmond, CA 94804

Re:  Claim Number:  YLB 74178 L    10/41/07
     Date of Event:  10/30/2007
     Our Client:     Circuit City Stores, Inc.
     Claimant:       Johannes F. de Wolf

Dear Mr. de Wolf,

Please be advised that we are claims administrators for Circuit City Stores, Inc.

To confirm our conversation, Circuit City Stores, Inc. filed a Chapter 11 bankruptcy proceeding on November 10, 2008, and we have been notified that auto and general liability claims incurred prior to the bankruptcy filing have been stayed which prohibits us from issuing any payment on your claim. We suggest that you contact your attorney to determine what rights may be available to you.

Per your request, the bankruptcy was filed in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division. The address for the court is 701 East Broad Street, Suite 4000, Richmond, VA 23219. The phone number for the court is 804-771-8156. The case number is 08-35653. The Circuit City bankruptcy website is www.kccllc.net/circuitcity.

You can reach me at the number below should there be any further questions.

Sincerely,

*[signature]*

Rhiannon Salvati
Account Consultant
P O Box 799
Marlton, NJ 08053
Direct Dial: (856) 355-4479
Toll Free: (800) 630-0746 Ext. 54479
Facsimile: (860) 392-1866

*received 14 3/12/09*
*EXHIBIT - 4*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| **JOHANNES F. de WOLF** ) | *Case No. C 08-02712* |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **CIRCUIT CITY STORES, INC.,** ) | |
| ) | |
| Defendant. ) | |

### SUGGESTION OF BANKRUPTCY
### AND NOTICE OF OPERATION OF AUTOMATIC STAY

PLEASE TAKE NOTICE that on November 10, 2008, Circuit City Stores, Inc., and certain of its direct and indirect subsidiaries (collectively the "Debtors"),[1] filed voluntary petitions for reorganization relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"). The Debtors' bankruptcy cases are being jointly administered under In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va.). As a result of the filing, any further action against the Debtors is stayed under section 362 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

*EXHIBIT B*

PLEASE TAKE FURTHER NOTICE that any action taken against the Debtors or their property without <u>first</u> obtaining relief from the automatic stay from the Bankruptcy Court may be subject to findings of contempt and the assessment by the Bankruptcy Court of penalties, fines, and/or sanctions, as may be appropriate.

Dated: March 13, 2009
       Norfolk, Virginia

                               Respectfully submitted,

                               */s/ Daniel F. Blanks*
                               Daniel F. Blanks
                               McGuireWoods LLP
                               101 West Main Street, Suite 9000
                               Norfolk, Virginia 23510
                               (757) 640-3774 – Telephone
                               (757) 640-3963 – Facsimile

                               *Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I, Daniel F. Blanks, an attorney, certify that I have served the following parties with SUGGESTION OF BANKRUPTCY AND NOTICE OF OPERATION OF AUTOMATIC STAY via overnight delivery:

Johannes F. deWolf
5810 Fresno Avenue
Richmond, California 94804

Dated: March 13, 2009

_____
Daniel F. Blanks

\7899311.1

United States Bankruptcy Court
Eastern District of Virginia

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 11/10/2008 at 12:04 AM and filed on 11/10/2008.

**Circuit City Stores, Inc.**
9950 Mayland Drive
Richmond, VA 23233
Tax id: 54-0493875



The case was filed by the debtor's attorney:

**Daniel F. Blanks**
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.

Norfolk, VA 23510
757-640-3774

The case was assigned case number 08-35653-KRH to Judge Kevin R. Huennekens.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://www.vaeb.uscourts.gov or at the Clerk's Office, 701 East Broad Street, Richmond, VA 23219.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**William C. Redden**
**Clerk, U.S. Bankruptcy**
**Court**

— 4 —

Eastern District of Virginia - LIVE - NoticeOfFiling                              Page 2 of 2

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/13/2008 10:20:59 | | | |
| PACER Login: | mc1075 | Client Code: | |
| Description: | Notice of Filing | Search Criteria: | 08-35653-KRH |
| Billable Pages: | 1 | Cost: | 0.08 |

—5—

00000024-013689

SEPTEMBER 14, 2005

Johannes De Wolf
5810 Fresno Ave
Richmond, CA 94804-5644

| | |
|---|---|
| Invoice Number: | 32  X1029111548 |
| Product Description: | ELECTRIC RANGE |
| Brand/Model: | AMA  ARR6200W |
| Purchase Date: | 09/05/1997 |
| Plan Expires: | 09/05/2005 |
| Type of Service: | IN HOME |

Reply By Date: 09/29/2005

Dear Valued Customer:

Thank you for your interest in purchasing a Cityadvantage℠ Protection Plan. Remember, there's no better time than the present to trust Circuit City with all of your future servicing needs.

We realize how important it is that your product continues to perform at showroom quality. With Cityadvantage℠ Protection Plan you will enjoy fantastic benefits which include:

PERFORMANCE GUARANTEE
We guarantee to keep your product performing at showroom quality throughout the duration of your Protection Plan.
No longer will you worry about the high cost of parts or labor.
In the event a covered purchase cannot be repaired to showroom performance, we will replace it with the same product or a comparable product if the same product is no longer available.

Your coverage is backed 100% by Circuit City.

POWER SURGE PROTECTION
Circuit City offers complete coverage on damage caused by power surges.

FREE ANNUAL CLEANINGS AND ALIGNMENT
Head cleaning and alignment is offered on applicable audio and video equipment once a year free of charge.

You may use the enclosed envelope to purchase by mail or call 1-800-395-4377 to charge by phone. Our offices are open Monday - Friday from 9:00am to 10:00pm, EST.

Sincerely,

Dorothy Rickard
Extended Service Marketing
800-395-4377 Ext. 8848

(Detach here)

| | | |
|---|---|---|
| SALE DATE: 09/05/1997 | PRODUCT: ELECTRIC RANGE | |
| SALE LOCATION: 240 | BRAND/MODEL: AMA  ARR6200W | INVOICE:  32 X1029111548 |
| | EXPIRATION DATE: 09/29/2005 | |

| Select Coverage | Select Payment Choice (includes tax if any) | | Select Pay Type | |
|---|---|---|---|---|
| | Full Price (includes tax) | or Installment Plan | | |
| ☐ 12 MONTHS | ☐ $ 74.99 | ☐ $ 14.99 down & 3 payments of $ 20.00 | ☐ Circuit City | ☐ American Express |
| ☐ 24 MONTHS | ☐ $ 144.99 | ☐ $ 29.01 down & 3 payments of $ 38.66 | ☐ Visa | ☐ Discover |
| ☐ 36 MONTHS | ☐ $ 209.99 | ☐ $ 41.99 down & 3 payments of $ 56.00 | ☐ Mastercard | ☐ Check/Money Order |

☐ If address below is not correct, please check here and make changes below.

Johannes De Wolf
5810 Fresno Ave
Richmond, CA  94804-5644

For added convenience, you can automatically charge your payment(s). Please check the appropriate box below, fill in your credit card number, sign and return.

☐ Please bill my credit card for the full amount due or the installment plan as I have indicated above. (If I have chosen the partial pay option, please charge the remaining payments, on their due dates, to my credit card).
☐ My check is enclosed. (please make check payable to Circuit City)
☐ Email address:_____

EXHIBIT C

Credit Card # _____        EXP. DATE: ___ / ___        Signature: _____



⚠ **WARNING**

To reduce the risk of the appliance tipping, it must be secured by a properly installed anti-tip bracket(s). To make sure bracket has been installed properly, remove the storage drawer and look under the range with a flashlight. Bracket(s) must be engaged in the rear corner of the range.



- ALL RANGES CAN TIP
- INJURY TO PERSONS COULD RESULT



- INSTALL ANTI-TIP BRACKET(S) PACKED WITH RANGE
- SEE INSTALLATION INSTRUCTIONS

## ALL APPLIANCES

1. Proper installation. Be sure your appliance is properly installed and grounded by a qualified technician.
2. Never Use Your Appliance for Warming or Heating the Room.
3. Do not leave children alone. Children should not be alone or unattended in the area where the appliance is in use. They should never be allowed to sit or stand on any part of the appliance.
4. Wear protective apparel. Loose fitting or hanging garments should never be worn while using appliance.
5. User Servicing - Do not repair or replace any part of the appliance unless specifically recommended in the manual. All other servicing should be referred to a qualified technician.
6. Storage in or on appliance. Flammable materials should not be stored in an oven or near surface units.
7. Do not use water on grease fires. Smother fire or flame, or use dry chemical or foam-type extinguisher.
8. Use only dry potholders. Moist or damp potholders on hot surfaces may result in burns from steam. Do not let potholder touch elements. Do not use a towel or other bulky cloth.

## SURFACE COOKING UNITS

1. Use proper pan size. This appliance is equipped with one or more surface units of different size. Select utensils having flat bottoms large enough to cover the surface unit heating element. The use of undersized utensils will expose a portion of the heating element to direct contact and may result in ignition of clothing. Use of oversized utensils concentrates heat on cooking surface and can cause damage to range. Proper relationship of utensil to burner improves efficiency.
2. Never leave surface units unattended at high heat settings. Boilover causes smoking and greasy spillovers that may ignite.
3. Make sure reflector pans or drip bowls are in place. Absence of these pans or bowls during cooking may subject wiring or components underneath to damage.
4. Protective liners. Do not use aluminum foil to line drip bowls or oven bottoms. Improper installation of these liners may result in a risk of electrical shock, or fire.
5. Glazed cooking utensils. Only certain types of glass, ceramic, earthware, or other glazed utensils are suitable for rangetop service without breaking due to sudden change in temperature.



⚠ **WARNING**

To avoid personal injury, do not sit, stand or lean on oven door or oven drawer.



⚠ **WARNING**

To avoid risk of electrical shock, personal injury, or death, make sure your range has been properly grounded and always disconnect it from main power supply before any servicing.



⚠ **WARNING**

This appliance contains or produces a chemical or chemicals which can cause death or serious illness and which are known to the state of California to cause cancer, birth defects or other reproductive harm. To reduce the risk from substances in the fuel or from fuel combustion make sure this appliance is installed, operated, and maintained according to the instructions in this booklet.

EXHIBIT-D

— 3 —