```
                  UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF VIRGINIA

IN RE:                          .   Case No. 08-35653 (KRH)
                                .
                                .
                                .   Chapter 11
                                .   Jointly Administered
CIRCUIT CITY STORES,            .
INC., et al.,                   .   701 East Broad Street
                                .   Richmond, VA 23219
                                .
         Debtors.               .
                                .   May 30, 2013
. . . . . . . . . . . . . ..        2:03 p.m.


                       TRANSCRIPT OF HEARING
                BEFORE HONORABLE KEVIN R. HUENNEKENS
                UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            Tavenner & Beran, PLC
                           By:  LYNN S. TAVENNER, ESQ.
                           20 North Eighth Street, 2nd Floor
                           Richmond, VA 23219
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@jjcourt.com

(609) 586-2311    Fax No. (609) 587-3599

1    COURTROOM DEPUTY:  All rise.  The court is now in
2  session.  Please be seated and come to order.
3    COURT CLERK:  Circuit City Stores, Incorporated,
4  Items 1 and 2 on proposed agenda.
5    MS. TAVENNER:  Good afternoon, Your Honor.
6    THE COURT:  Good afternoon, Ms. Tavenner.
7    MS. TAVENNER:  For the record, Lynn Tavenner of the
8  law firm of Tavenner & Beran appearing today on behalf of the
9  trust.  Also with me at counsel table is Mr. Jeffrey McDonald
10 who is one of the trust's staff whom you've met on several
11 occasions.  Ms. Bradshaw is en route back from an oversight
12 committee meeting and hasn't quite made her way back in this
13 area yet.
14    THE COURT:  I'm sure he'll be a very, very capable
15 fill-in.
16    MS. TAVENNER:  Oh, yes, he is, Your Honor.  The first
17 matter that's on the docket is a motion to file documents under
18 seal.  Similar to motions to file documents under seal that
19 we've filed previously in this case, this one you'll see, Your
20 Honor, relates directly to the defendant Sharp and a resolution
21 that's been reached with Sharp in conjunction with the LCD and
22 related litigation.
23    Your Honor, we have provided for the exact same type
24 of procedure for interested parties who are not otherwise a
25 party to that litigation to obtain additional information with

1  regard to the specifics of the Sharp settlement by filing the
2  commitment of a qualified person and to send it to Mr. Caine.
3  That process has worked very well in the past and we have
4  received inquiries in the past.  And at this point, all the
5  parties are aware of the procedure and it is working
6  seamlessly.
7           So, to that end, Your Honor, we would request that
8  Your Honor approve the same type of procedure with respect to
9  the Sharp matter because we would like to get a motion on file
10 seeking your approval substantively of the Sharp settlement.
11          THE COURT:  Most certainly.  Does any party wish to
12 be heard in connection with the motion to file documents under
13 seal?
14                    (No audible response)
15          THE COURT:  All right.  That motion will be granted.
16          MS. TAVENNER:  Thank you, Your Honor.  The second
17 matter that's on the docket today is a motion to strike.  It
18 relates to a letter -- a pleading, if you will, that was filed
19 in this case not so long ago by a pro se person.  His name is
20 Mr. de Wolf.  And we had viewed that as being a claim and,
21 pursuant to Your Honor's prior expungement order, requested
22 that the pleading be stricken from the docket.
23          Subsequently, after serving Mr. de Wolf with that
24 pleading, he has filed a response and has raised some issues
25 that the trust would like to review and address with him.  As a

4

1  result, Your Honor, we would respectfully request that the
2  matter be adjourned until June 25th at two.  I will represent
3  to the Court that I personally spoke with Mr. de Wolf
4  yesterday, told him that I had received his pleading, that it
5  is now on file with the court, and that we would be asking you
6  to continue this until that June date and that we would be back
7  in touch with him to discuss the substance.
8              THE COURT:  All right.  And where does he reside?
9              MS. TAVENNER:  I believe it's California, Your Honor.
10 I have his address here.
11             THE COURT:  All right.  But would you make -- also
12 make sure that he understands that if he wants to participate
13 by telephone conference call for that hearing, if for some
14 reason it's not resolved, that that would be an option for him.
15             MS. TAVENNER:  Yes, Your Honor, I most certainly
16 will.  That's one of the things that he did ask about and we
17 understand and appreciate that request.
18             THE COURT:  Okay, thank you.
19             MS. TAVENNER:  And I do have his address.  It is
20 California.
21             THE COURT:  Okay.
22             MS. TAVENNER:  So we will note that to him.  With
23 that, Your Honor, that concludes the matters that are on the
24 agenda.  I did have one additional item that I would like to
25 briefly address, if Your Honor is so inclined.

1           THE COURT:  You may.

2           MS. TAVENNER:  This relates, Your Honor, to an
3  objection that was filed by the trust to several claims that
4  were filed by the Louisiana Department of Revenue.

5           We previously have submitted to Your Honor on May
6  23rd a stipulated order that resolves the matter.  And the
7  order has not been entered yet.  I was concerned that there
8  might be some issues with it, in that it's not been our normal
9  procedure to submit stipulated orders and we tried very hard to
10 convince the Louisiana Department of Revenue that it wasn't
11 necessary.  There has been a separate settlement agreement
12 that's been signed amongst the parties.  Mr. McDonald is the
13 one that has been integrally involved in --

14          THE COURT:  So it's his fault.

15          MS. TAVENNER:  It's his fault.

16          THE COURT:  Okay.

17          MS. TAVENNER:  -- in all of these tax claims and has
18 gotten a remarkable result for the trust with respect to this
19 one.  But we're really getting hounded now because the
20 stipulation hasn't been entered.  And if there is a specific
21 issue that Your Honor would like for me to address, we're happy
22 to do the same.

23          This is an order that was drafted by the Louisiana --
24 I'm having difficulty saying that -- Department of Revenue and
25 we suspect there's some type of reason within their government

1  that they need to have this type of order entered.
2         THE COURT:  All right.  I wish I could tell you that
3  I know of some reason, but I don't off-hand.  I'll have to go
4  and look at that and see.  I'm not aware of a problem that I
5  have with --
6         MS. TAVENNER:  From your perspective, it hasn't been
7  rejected.
8         THE COURT:  It has not been rejected.  If I have a
9  problem with the order, I will immediately -- I'll look at it
10 this afternoon and make a point of looking at it this
11 afternoon.  But the -- if there is some problem, I'll get back
12 to your office and let your office know and if there's a
13 problem, we can address it on some other expedited basis to get
14 it resolved.  But I'm not aware of a problem.
15        MS. TAVENNER:  Well, I appreciate that, Your Honor.
16 I did just want to bring it to your attention.  When we sent it
17 to the court electronically, we did note that it resolves -- or
18 relates to the Docket Number 10064.  And we did have some
19 difficulty.
20        I'm not sure if Your Honor is aware of this but
21 apparently there is a new procedure in the clerk's office that
22 when you BOP orders, you can only name them with the case
23 number itself.  So when we first submitted this on May 23rd, we
24 had the case number.  And then my office procedure is always to
25 then put dash and then put the number of the order so that we

1  can track it.  This one was actually 100 for this particular
2  matter.  And it got rejected back.  And now we can only put the
3  case number which is going to be extremely problematic for the
4  bar.  So we have put this on the list of items for the liaison
5  committee to hopefully be able to address with the clerk.
6         THE COURT:  I wasn't aware of that change.  When was
7  that done?
8         MS. TAVENNER:  We don't know, Your Honor.  We know
9  that we submitted orders a week prior to that that went through
10 just fine.  But this one was -- it's just an automatic message
11 that comes back.  It's not somebody in the clerk's office
12 making a subjective decision, it doesn't appear.
13        THE COURT:  Okay.  And what it says -- the message
14 that you're receiving is that you're only able to input the
15 case number.  You're not able to input an additional number.
16        MS. TAVENNER:  Correct.  I'm happy to hand up for
17 Your Honor's review --
18        THE COURT:  If you would.  I'll look into this, as
19 well.  I just not familiar with it.  Obviously, I don't BOPS
20 orders to myself.
21                        (Laughter)
22        MS. TAVENNER:  I understand, Your Honor.  The person
23 on there, David Leadbeater, is a paralegal in my office.
24        THE COURT:  Oh, I thank you for that information.
25        MS. TAVENNER:  But that is the only additional item

1 that we wanted to raise with you today, Your Honor, unless Your
2 Honor has any questions about Circuit City itself.
3     THE COURT:  I see.  And so this was submitted as File
4 08-35653-100.doc and that's what was rejected and says it's got
5 to be just the case number.
6     MS. TAVENNER:  Yes --
7     THE COURT:  Got it.
8     MS. TAVENNER:  -- which is completely new.
9     THE COURT:  And that's how your office and other law
10 offices would track which order it was in a particular case.
11     MS. TAVENNER:  That's it, Your Honor.
12     THE COURT:  Does that mean I've only entered 100
13 orders in this case?  Seems like a lot more.
14     MS. TAVENNER:  No, that just relates to one specific
15 matter relating to some claims objections.  No, there have been
16 a lot more.
17                         (Laughter)
18     THE COURT:  All right, very good.  Thank you very
19 much for that information.  I will look into both of those
20 matters and I appreciate counsel bringing both of those items
21 to my attention.
22     MS. TAVENNER:  Thank you, Your Honor.
23     THE COURT:  Okay, thank you.  Thank you, sir.
24     COURTROOM DEPUTY:  All rise.  The court is now
25 adjourned.

\* \* \* \* \*

# **C E R T I F I C A T I O N**

I, STEPHANIE SCHMITTER, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Stephanie Schmitter

STEPHANIE SCHMITTER

J&J COURT TRANSCRIBERS, INC.          DATE:   June 10, 2013