```
                    UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF VIRGINIA

IN RE:                          .    Case No. 08-35653 (KRH)
                                .
                                .
                                .    Chapter 11
                                .    Jointly Administered
CIRCUIT CITY STORES,            .
INC., et al.,                   .    701 East Broad Street
                                .    Richmond, VA 23219
                                .
         Debtors.               .
                                .    July 24, 2013
. . . . . . . . . . . . . . .        2:03 p.m.


                        TRANSCRIPT OF HEARING
                 BEFORE HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:           Tavenner & Beran, PLC
                          By:  LYNN S. TAVENNER, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219

For A&L Products          Kelley Drye & Warren, LLP
Limited:                  By:  MARVIN KROLEWSKI, ESQ.
                          101 Park Avenue
                          New York, NY 10178
```

Proceedings recorded by electronic sound recording, transcript
produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1          COURTROOM DEPUTY:  All rise.  Court is now in
2  session.  Please be seated and come to order.
3          COURT CLERK:  Circuit City Stores, Incorporated,
4  Items 1 through 3 on proposed agenda.
5          MS. TAVENNER:  Good afternoon, Your Honor.  For the
6  record, Lynn Tavenner of the law firm of Tavenner & Beran
7  appearing on behalf of the trust.  Also with me at counsel
8  table is Ms. Catherine Bradshaw, the trust's representative.
9  In addition, Your Honor, on the telephone today is Mr. Martin
10 Krolewski of the Kelley Drye law firm who is the lead counsel
11 in the A&L Products Limited matter which is the subject of the
12 first matter that's on the docket.
13         THE COURT:  All right.
14         MS. TAVENNER:  If I may just take them in order, Your
15 Honor?
16         THE COURT:  You may.
17         MS. TAVENNER:  The first matter is the trust's motion
18 for order pursuant to Rule 7037 against A&L Products Limited
19 for failure to respond to discovery and for sanctions.  Your
20 Honor -- and this is in Adversary 10-03731.
21         The trust tries very hard to avoid bringing discovery
22 type motions before the Court.  But as delineated in the motion
23 itself, the circumstances today left the trust with no option,
24 given the prejudice that continues to mount every day with
25 respect to this matter.

1            We tried to outline in detail the facts that got us
2   to where we are today.  Briefly, Your Honor, at the end of May,
3   in -- it was actually May 29th -- defense counsel reached out
4   to Kelley Drye and acknowledged that counsel was having issues
5   with their client, asked for some additional time to respond to
6   discovery which was due that very day.  The trust, out of
7   professional courtesy, gave an additional 21 days to respond to
8   discovery but did specifically say at that point you have the
9   time to -- the extension to respond but we are not extending
10  any objection deadline.
11           Once we did that, we were very careful to say we're
12  going to do this as a professional courtesy but, you know, the
13  trial is coming up September 9 and 10 and we've got to move
14  this matter along.  On the 21st day after that, Your Honor, the
15  trust received responses to the request for admissions only,
16  nothing else.  In addition, we received correspondence from
17  counsel saying that those responses were the only thing that
18  counsel was authorized at that point to provide.
19           Thereafter, the trust, through counsel, communicated
20  on July 1st and asked for the responses to be made by July 5th.
21  And if -- in the event those responses were not made, we
22  indicated that we did intend to bring the matter before the
23  Court, given the impending trial date.
24           Since that communication on July 1st, Your Honor, the
25  trust has heard nothing at all from the defense.  We have

1  served, as you will see in the motion, various defense counsel.
2  There is local counsel located here in Virginia.  There is
3  counsel that we have been corresponding and dealing with,
4  mostly out of California.  In addition, there is an in-house
5  counsel.

6       But, Your Honor, at this point the trust is becoming
7  prejudiced more and more every day, given the September trial
8  date.  Discovery cutoff in this matter is August 20th and the
9  deadline to file substantive motions is August 9th.  It's
10 imperative that the trust receives the responses to the
11 outstanding discovery.

12      As a result, Your Honor, based upon the facts as
13 outlined in the motion, we would request that, at this point,
14 Your Honor enter an order directing the immediate responses to
15 the outstanding discovery and in no event would they be later
16 than 5:00 p.m. Eastern on August 2nd.  And the reason for that,
17 Your Honor, is if we got them by that deadline on the 2nd, that
18 would give us one week to turn around and get a substantive
19 motion filed before you.

20      We would further request, Your Honor, that your order
21 provide that if the discovery is not received, that, as
22 outlined in the motion, the affirmative defenses would be
23 automatically stricken.  And further, Your Honor, as we
24 requested in the motion, we do seek that the order provide that
25 the defendant pay the trust reasonable expenses occurred in

1  getting to this point today.

2  In fair candor, Your Honor, I also do want to alert
3  the Court that we are intending that we have a summary judgment
4  motion filed by the August 9 deadline so that we can get this
5  entire matter resolved, in the event that there is no response
6  from the other side.

7  THE COURT: And I take it that you think that without
8  the affirmative defenses that your case-in-chief prevails.

9  MS. TAVENNER: We do, Your Honor.

10  THE COURT: That was how I read it, as well. All
11  right, very good. So what you're asking for today is the order
12  directing the responses by August 2. Are you also asking for
13  the monetary sanction today or is that something you wanted to
14  bring on at a later time?

15  MS. TAVENNER: Well, Your Honor, we were asking that
16  the order provide for all three items at this point and we
17  certainly could supplement the Court's record with regard to
18  the amount of expenses that have been incurred to date.

19  THE COURT: Well, that was my question. What are the
20  expenses that have been incurred?

21  MS. TAVENNER: We would have to get Kelley Drye to go
22  through their time records and Tavenner & Beran to do that. We
23  could do that by affidavit or whatever Your Honor would prefer.

24  THE COURT: All right. Does any party wish to be
25  heard in connection with the motion for an order pursuant to

1  Rule 7037 against A&L Products Limited for their failure to
2  respond to discovery?
3              (No audible response)
4         THE COURT:  All right.  There being no response to
5  the motion today, the Court will grant the motion.  The Court
6  is going to direct that the responses to the discovery be filed
7  no later than 5:00 p.m. on August 2 and that's 5 p.m. Eastern
8  time on August 2, that the Court will also award sanctions in
9  the form of reimbursement of the estate for the expenses it has
10 incurred in having to bring this matter before the Court.  I
11 would ask you to please supplement the record with an affidavit
12 to let the Court know what those expenses have been in the way
13 of out-of-pocket expenses and attorneys' fees that the trust
14 has incurred as a result of having to bring this motion.  And
15 the Court will take that into consideration in entering the
16 order.
17        Now, as far as -- how do you plan to do that, Ms.
18 Tavenner, because you obviously want the order directing the
19 responses to go out immediately?  When do you think you would
20 be able to get the supplemental information to me, as far as
21 the other -- do you want to have it as part of one order or
22 were you contemplating two separate orders?
23        MS. TAVENNER:  I would prefer, Your Honor, that we
24 have the order entered right away with respect to the first two
25 items and that we could provide in the first order that

1  sanctions would be awarded subject to additional affidavit
2  being provided to the Court.  If Your Honor would like to keep
3  it on the docket, that's fine, or whatever is your preference.
4              THE COURT:  That makes the most sense so that I can
5  get the first part entered and then we could do it -- and we'll
6  keep the sanctions -- the award of costs on the docket till you
7  can submit that to me and then I can have that be part of a
8  separate order.
9              MS. TAVENNER:  We will do that, Your Honor.  As part
10 of the first order, can we also, though, please include the
11 second prong of the --
12             THE COURT:  About striking the affirmative defenses
13 if no response is filed.
14             MS. TAVENNER:  Yes, Your Honor.
15             THE COURT:  Yes, I wanted to take that up with you
16 because I wanted to discuss that just a little bit, as well.
17 And the answer to your question is, yes.
18             My -- as I'm thinking it through, you've obviously
19 already thought this through and so I -- it probably is not a
20 -- as much a concern to you that if you get answers and they
21 prove to be inadequate -- if they're inadequate, you can still
22 prepare your substantive motion because they'll be bound by
23 whatever responses are filed and that's how you're planning all
24 that out.
25             MS. TAVENNER:  Yes, Your Honor.

1  THE COURT: Okay. I'm just, you know, slower to
2 catch up with where you are so I had that colloquy with myself
3 and I think I'm there. So the answer to that question is, yes,
4 we can put that into the order, as well.
5  MS. TAVENNER: Thank you. We will so provide.
6  THE COURT: Okay.
7  MS. TAVENNER: If Your Honor pleases, then, I'd like
8 to turn to Item 2 which is an objection to Claim Number 1723
9 filed by PNY Technologies, Inc.
10  Your Honor, as we noted in the agenda, we are
11 requesting that the status hearing with respect to this matter
12 be continued over until August 27 at 10 a.m. Your Honor, in
13 all fair candor, I will tell you the parties are continuing to
14 have dialogue but it may very well occur on the August 27 date
15 that the parties appear before you asking you to enter a
16 scheduling order to set this matter down for a substantive
17 hearing.
18  I just wanted -- I don't think it's appropriate to go
19 into anything further without opposing counsel being here. But
20 I just wanted to let you know where things are.
21  THE COURT: All right, very good, because you mention
22 in the agenda that claimant need not appear at the August 27
23 hearing but, obviously, if we're going to be scheduling
24 something, somebody be -- have to be there at that time.
25  MS. TAVENNER: I apologize, Your Honor, that this is

1  unclear.  I intended for that wording to mean that the claimant
2  need not appear at today's hearing.
3           THE COURT:  Oh, okay.
4           MS. TAVENNER:  So I will try and make that more clear
5  in the future.
6           THE COURT:  All right, very good.  And make sure that
7  claimant knows that they need to have, if it's not resolved,
8  somebody available at the August 27 hearing so we can enter a
9  scheduling order.
10          MS. TAVENNER:  Oh, yes, Your Honor.  The parties are
11 continuing in dialogue.
12          THE COURT:  I'm confident of that.  Okay, all right,
13 very good.
14          MS. TAVENNER:  The final matter that's on the docket
15 for today is the motion for approval of agreement between
16 Circuit City Stores, Inc. liquidating trust and the Sharp
17 entities.
18          Your Honor, this is a motion that is virtually
19 identical to several that have been filed before you in the
20 past with regard to the Sharp entities as defendants in the
21 Flat Panel Antitrust Litigation that the trust has instituted.
22 And we are happy to report that, subject to Your Honor's
23 approval, we have reached a settlement with the Sharp entities,
24 as identified and delineated in the settlement agreement that
25 was filed with the Court under seal.

Case 08-35653-KRH   Doc 13084   Filed 08/05/13   Entered 08/05/13 13:59:15   Desc
Main Document     Page 10 of 12

10

1          Because it is under seal, if Your Honor has any
2 specific questions, I would request that the courtroom be
3 sealed so that we can discuss them.  I believe that the
4 settlement agreement outlines in detail what Your Honor might
5 need to know.  But if you have additional questions, I'm happy
6 to entertain them.
7          The trustee, obviously, has reviewed the agreement,
8 as well as the oversight committee, and believes that at this
9 point it is certainly in the best interest of the trust to move
10 forward with this agreement.
11          THE COURT:  All right.  And it's certainly in line
12 with other agreements that the Court has previously approved
13 and have been brought on the same basis.
14          The Court did review this one.  I'm not going to ask
15 any questions that would require the sealing of the courtroom.
16 But the Court would note that this is in the range that the
17 Court will approve under the circumstances.  And I'm going to
18 ask you to submit an order to that effect.
19          How many more of these kinds of defendants do you
20 have to resolve?
21          MS. TAVENNER:  There's still a handful, Your Honor,
22 and hence the reason for needing this to be under seal.
23          THE COURT:  That's what I was gathering is that there
24 were still some other defendants --
25          MS. TAVENNER:  Yes.

1            THE COURT:  -- whatever a handful means.  Okay.

2            MS. TAVENNER:  Well, in all fair candor, Your Honor,
3  I can't tell you definitively because some of them are related
4  and I don't really know how to add them up.  But I will find
5  that answer for you and be happy to report it back to you.

6            THE COURT:  Okay.  And do you have any idea as far
7  as, you know, from a time standpoint?  I mean, do you think
8  that they're all going to be able to be resolved or are you
9  anticipating that some of this is going to have to actually be
10 tried?

11           MS. TAVENNER:  At this point, Your Honor, we are
12 still proceeding as if there will have to be a trial.  I can
13 tell Your Honor that depositions were going forward in my
14 office as late as two weeks ago.  So it is still moving forward
15 with respect to other defendants.

16           THE COURT:  Okay, very good.  All right.  And is it
17 the Pachulski firm that's handling this?

18           MS. TAVENNER:  No, Your Honor.  It's Susman Godfrey.

19           THE COURT:  Okay, all right, very good.  So I will
20 look forward to entering that order, then.

21           MS. TAVENNER:  Thank you, Your Honor.  We will
22 present the same this afternoon.

23           THE COURT:  All right.  Is there any other business
24 then we need to take up in the Circuit City Stores case?

25           MS. TAVENNER:  None from the trust, Your Honor.

12

1       THE COURT: All right. Thank you very much. Thank
2 you, Ms. Bradshaw.
3       COURTROOM DEPUTY: All rise. Court is now adjourned.
4       \* \* \* \* \*

**C E R T I F I C A T I O N**

6       I, STEPHANIE SCHMITTER, court approved transcriber,
7 certify that the foregoing is a correct transcript from the
8 official electronic sound recording of the proceedings in the
9 above-entitled matter, and to the best of my ability.

11 /s/ Stephanie Schmitter
12 STEPHANIE SCHMITTER
13 J&J COURT TRANSCRIBERS, INC.       DATE: August 5, 2013