UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

IN RE:                          .     Case No. 08-35653 (KRH)
                                .
                                .
                                .     Chapter 11
                                .     Jointly Administered
CIRCUIT CITY STORES,            .
INC., et al.,                   .     701 East Broad Street
                                .     Richmond, VA 23219
                                .
        Debtors.                .
                                .     August 27, 2013
. . . . . . . . . . . . ..       10:04 a.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:             Tavenner & Beran, PLC
                            By:  LYNN L. TAVENNER, ESQ.
                                 PAULA S. BERAN, ESQ.
                            20 North Eighth Street, 2nd Floor
                            Richmond, VA 23219

                            Pachulski Stang Ziehl & Jones, LLP
                            By:  ANDREW W. CAINE, ESQ.
                            10100 Santa Monica Boulevard
                            Los Angeles, CA 90067

For Sony Computer           Reed Smith, LLP
Entertainment America:      By:  CURTIS G. MANCHESTER, ESQ.
                            Riverfront Plaza - West Tower
                            901 East Byrd Street, Suite 1700
                            Richmond, VA 23219


Proceedings recorded by electronic sound recording, transcript
produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311   Fax No. (609) 587-3599**

2

APPEARANCES (Cont'd):

For Acer America              Womble Carlyle Sandridge & Rice, LLP
Corporation and              BY:  TODD D. ROSS, ESQ.
Gateway U.S.                 8065 Leesburg Pike, 4th Floor
Retail:                      Tysons Corner, VA 22182

For PNY Technologies         Spotts Fain, PC
Inc.:                        BY:  NEIL McCULLOUGH, ESQ.
                             411 East Franklin Street, Suite 600
                             Richmond, VA 23219

For Chase Bank USA,          Kutak Rock, LLP
National Association:        BY:  MICHAEL A. CONDYLES, ESQ.
                             Bank of America Center
                             1111 East Main Street, Suite 800
                             Richmond, VA 23219

- - -

1            COURTROOM DEPUTY:  All rise.  The United States

2    Bankruptcy Court for the Eastern District of Virginia is now in

3    session, the Honorable Kevin R. Huennekens presiding.  Please

4    be seated and come to order.

5            COURT CLERK:  Circuit City Stores, Incorporated,

6    Items 1 through 62 on proposed agenda.

7            MS. TAVENNER:  Good morning, Your Honor.

8            THE COURT:  Good morning, Ms. Tavenner.

9            MS. TAVENNER:  For the record, Lynn Tavenner of the

10   law firm of Tavenner & Beran.  Also with me today is my law

11   partner Paula Beran.  Seated at counsel table, as well, is Mr.

12   Andy Caine from the Pachulski firm and Ms. Catherine Bradshaw,

13   the trust's designated representative.

14           Your Honor, we have submitted a detailed agenda and

15   for the most part would like to take it up in the order of the

16   agenda, except for the first matter if Your Honor pleases, if

17   we could take out of order the Matter 2 that's on the docket?

18           THE COURT:  You may.

19           MS. TAVENNER:  That is the motion for entry of an

20   order extending the time to complete mediation.  That is in

21   Adversary 10-03581.  It relates to the complaint against Sony

22   Computer Entertainment America.  The defendant's counsel, Mr.

23   Manchester, is here today, as well.  Your Honor, we didn't want

24   to be presumptuous and just send in a further stipulation.

25           THE COURT:  It probably would have made some sense.

4

1          MS. TAVENNER:  It did, Your Honor, given my history

2    standing up here before you.  I advocated for this motion.  We

3    wanted to give you a little bit of background.

4          We are not seeking a long extension.  The current

5    deadline ends the beginning of September.  We were scheduled to

6    go forward with the mediator for a mediation in the middle of

7    August.  Just a few days before that time, the mediator

8    determined that it would make more sense if we could put it off

9    for a little longer and identified the date of the 24th and

10   25th.  And we told him that we wanted to file a motion to make

11   sure Your Honor was okay with doing that.  We're all prepared

12   to go forward on the 25th of September and have requested by

13   this motion that Your Honor just extend out the mediation

14   deadline one month to give us time to do that.

15         Mr. Manchester from the Reed Smith firm is here

16   today, is happy to address the Court, as well.  And he will be

17   taking a more active role.  We have been dealing with his

18   co-counsel that is not a Virginia lawyer.  He is now here and

19   is -- understands the rocket docket in the Eastern District and

20   is prepared to assist plaintiff's counsel in moving this matter

21   forward.

22         THE COURT:  Okay, very good.  You wish to be heard,

23   Mr. Manchester?

24         MR. MANCHESTER:  Yes, Your Honor, briefly.  Curtis

25   Manchester for Sony Computer Entertainment America.

1          We do support this motion for additional time.  This

2   is a third mediation session.  In the interim, we have provided

3   the trust with a new value analysis and so there -- progress is

4   being made, albeit not as quick as some may like.  We request

5   the continuance --

6          THE COURT:  Some being me.

7          MR. MANCHESTER:  Yes, Your Honor.

8          THE COURT:  And, of course, this is the second

9   mediation we've had in the case, as well.  Do you think that if

10  we continue this out that there's really going to be a point to

11  doing this or are we just delaying things?

12         MR. MANCHESTER:  Your Honor, I believe both parties

13  are continuing to not only act in good faith but exchange

14  information to make the progress that needs to be made.

15  Otherwise, we don't want to waste anybody's time and we're

16  certainly not trying to delay things, Your Honor.

17         THE COURT:  All right, thank you very much.

18         MR. MANCHESTER:  Thank you, Judge.

19         THE COURT:  All right.  What date did you want, Ms.

20  Tavenner?

21         MS. TAVENNER:  Your Honor, we have requested that the

22  mediation deadline be extended until October the 4th.  We have

23  just talked with Mr. Manchester today and solidified September

24  25th as the date that we're intending for the mediation session

25  to occur here in Richmond.

1          THE COURT:  Okay.  And that is a date that's

2  acceptable to Judge Santoro?

3          MS. TAVENNER:  This is -- the mediator at this point

4  is Mr. Meth.

5          THE COURT:  Mr. Meth is the mediator?

6          MS. TAVENNER:  Yes, Your Honor.

7          THE COURT:  Okay.  All right, very good.  I will

8  grant that request and continue it out to the 4th of October.

9          MS. TAVENNER:  Thank you, Your Honor.  We will submit

10  a stipulation to that effect, for your endorsement.

11          THE COURT:  All right, thank you.

12          MS. TAVENNER:  That brings us, Your Honor, to several

13  pretrial scheduling matters which Mr. Caine will handle.

14          THE COURT:  All right, thank you.

15          MR. CAINE:  Good morning, Your Honor.

16          THE COURT:  Good morning.

17          MR. CAINE:  Agenda Item Number 1 is a pretrial

18  conference in the trust's adversary proceeding against Acer and

19  Gateway.  And I believe counsel is here, as well.

20          We have discussed the approximate length of trial and

21  the timing that we would wish.  It is a very complicated

22  preference action, if you will.  There's over $30 million at

23  stake, quite a few witnesses involved.  We believe that trial

24  will take four days and, as you know from the agenda, we are

25  going to be here asking you to set three different trials today

1 in addition to the Sony matter, which hopefully will settle,

2 but if it doesn't, that one will be coming up for you, as well.

3          And so, for the Acer matter, we have discussed a

4 trial perhaps in late July, just because it may be easier.  For

5 the PNY matter, we're going to be asking for a trial in June

6 and then the Chase matter which is the longest, we're going to

7 be asking for a trial in August.

8          So we're hoping for June, July, August settings

9 today.  If Your Honor wants to discuss that, I'm happy to.  But

10 for this Acer matter, we are hoping for a trial in the later

11 part of July and the usual pretrial order.

12          THE COURT:  And you need four days in July?

13          MR. CAINE:  Yes, Your Honor.  We could probably

14 finish in three but I didn't want to underestimate for Your

15 Honor.

16          THE COURT:  Okay.  And tell me why we're going all

17 the way out to July to set this matter for trial?  Do you

18 actually need a full year to prepare this?

19          MR. CAINE:  Well, as I mentioned, it is a very

20 complicated matter, with a lot of money at stake.  We have

21 several matters that we're asking for you to set today.

22          THE COURT:  And you don't want to be trying them all

23 at the same time.  And you want to be able to have them

24 staggered a little bit.

25          MR. CAINE:  Yes.  We're asking for one a month.  In

1  addition, as I mentioned, if the Sony matter doesn't settle, it

2  will slide in, perhaps before these.  We, as a little heads up

3  on a very happy note, are going to be asking you next hearing

4  by motion to continue the Mitek trial set for December 12th

5  because Heather Ferguson who is the trust's primary witness is

6  due to have her first child on November 30th.  And so we're

7  going to be asking to continue that past her maternity leave

8  which is going to take us into probably the March time frame.

9           And as the pretrial order works, with discovery

10  cutoffs 21 days before trial, as these trials are staggered,

11  we're still going to be taking discovery in all of them.  So

12  based on the trust's resources, particularly as Ms. Ferguson

13  and Ms. Bose (phonetic) are the primary trust representatives

14  with the knowledge of the facts in all of these matters, we're

15  asking for them to be only one per month.

16           THE COURT:  All right, very good.  All right.  Did

17  you wish to be heard?

18           MR. ROSS:  Just briefly, Your Honor, thank you.  Todd

19  Ross on behalf of Acer America Corporation and Gateway U.S.

20  Retail.

21           I just want to concur with whatever -- with what

22  counsel said, that the July hearing date -- trial dates are

23  what we discussed and that's -- that will work.

24           THE COURT:  All right, Mr. Caine.  Let's -- with four

25  days, what I'd like to do is, would you be available the week

1   of the 14th of July?

2           MR. CAINE:  Yes, Your Honor.

3           THE COURT:  Okay, that's a Monday.  And we'll start

4   it on Monday at 10:00.  And I can give you that Monday,

5   Tuesday.  On the Wednesday, we'll start at 2:00 because I'll

6   have a docket in the morning on that day.  And then, Thursday.

7   I'm going to block off Friday, just in case a half a day

8   doesn't do it for your full four days.  So you'll have that

9   week available to you if you need it.

10          MR. CAINE:  Thank you, Your Honor.

11          THE COURT:  Mr. Ross, that work for you?

12          MR. ROSS:  Yes, it does, Your Honor.  Thank you.

13          THE COURT:  Okay, very good.  And then I'll issue my

14   normal pretrial order.

15          MR. CAINE:  Thank you, Your Honor.

16          THE COURT:  All right, thank you.

17          MR. ROSS:  Thank you, Your Honor.

18          THE COURT:  You're welcome.

19          MR. CAINE:  Your Honor, Agenda Item 3 is the trust's

20   claim -- objection to the claim of PNY Technologies.

21          Another substantial matter.  Between the PNY and the

22   Chase matter, which is Agenda Item 4, we have the largest of

23   the claims that are out there.  This is a breach of contract

24   claim by PNY.  The original assertion was $10 million.  The

25   amended claim was about eight and a half million dollars.

1            Again, there will be a number of witnesses involved.

2   There are lost profit damage allegations that will likely

3   require financial expert testimony.  We are estimating this to

4   be a trial of three to four days, depending on which counsel

5   you ask.  And we would like this one to be set in June, if

6   possible.

7            THE COURT:  Okay.  What is the counsel that I'm

8   talking to think, three or four?

9            MR. CAINE:  I believe it's three, Your Honor.

10            THE COURT:  Okay, very good.

11            MR. McCULLOUGH:  Your Honor, Neil McCullough here on

12   behalf of PNY.  I'm local counsel for PNY.  Lead counsel is the

13   McCarter English firm up in New Jersey.

14            I agree with everything Mr. Caine just said.  Our

15   lead counsel thinks probably more like four days.  If it's

16   possible to block off another day, just in case, that might be

17   best.  But three days may well be satisfactory.

18            THE COURT:  Okay.  And what month were you targeting

19   this one for, Mr. Caine?

20            MR. CAINE:  June, please, Your Honor.

21            THE COURT:  All right.  Would you be available on the

22   week of June 9?

23            MR. CAINE:  That's fine.  Fine for us, Your Honor.

24            THE COURT:  All right.  So let's do that.  And I will

25   do the same thing.  I'll do -- we'll start at 10:00 on Monday

1 and go Monday, Tuesday.  At 2:00 on Wednesday.  And then

2 Thursday.

3           MR. CAINE:  Thank you, Your Honor.

4           THE COURT:  All right, very good.

5           MR. McCULLOUGH:  Thank you, Your Honor.  And Your

6 Honor will enter its normal pretrial order, is that correct?

7           THE COURT:  Yes, I will.

8           MR. McCULLOUGH:  Thank you.

9           THE COURT:  I'm sorry.

10           MR. CAINE:  Agenda Item 4, Your Honor, is the trust's

11 objection to the claim of Chase Bank USA, of those mentioned

12 today, probably the most complicated matter in my opinion.

13 It's a claim for over $30 million.  It relates to the credit

14 card program agreement between Circuit City and Chase for the

15 branded, private label credit cards and the end of that program

16 when Circuit City went out of business.

17           Again, there will be a number of witnesses involved

18 and, in my opinion, financial expert testimony as to the

19 allegations of the various items of damages.  This is, we

20 believe, a four-day trial and we're hoping for --

21           THE COURT:  Seems to be a pattern, doesn't it?

22           MR. CAINE:  Yes.

23           THE COURT:  Yes.

24           MR. CAINE:  Yes.  And we're hoping for an August

25 trial setting.

1          MR. CONDYLES:  Good morning, Your Honor.  Michael

2   Condyles on behalf of Chase Bank, the creditor in this case.

3          And, Your Honor, just a little background.  We had

4   started in the beginning of this year, January, to talk about

5   mediation.  Actually had a formal mediation in March and

6   exchanged additional documents throughout the summer.  And we

7   got to the point where it was clear the mediation was not going

8   forward and on that basis we agreed to go ahead and set this

9   for trial.

10          And I think we've also agreed that we were going to

11   have a pretrial order also issued, similar to what's been

12   issued in the adversary proceeding cases.

13          I guess I was originally thinking we were a little

14   earlier than the August time frame.  If that's where we are,

15   that's where we are.  But --

16          THE COURT:  Well, I mean, could we try this in April?

17          MR. CAINE:  In my opinion, Your Honor, this is the

18   most complicated of the matters.  So we were very much hoping

19   it would be the last of the ones set today.  Perhaps we should

20   have taken it first but I believe it will be the most time

21   consuming with respect to discovery and the most time consuming

22   for trial time.

23          THE COURT:  What about May?

24          MR. CONDYLES:  Think May would work for us, Your

25   Honor.

1           MR. CAINE:  Again, Your Honor, it is the most

2   complicated and we would like it to be the last one.  I mean,

3   the same representative, Ms. Ferguson, is going to be a key

4   witness in this case.  She worked for First North America

5   National Bank which was the subsidiary bank that Circuit City

6   sold to Chase's predecessor, that entered into this program

7   agreement.  And Ms. Ferguson is very knowledgeable about the

8   facts that are at issue here.  And she's going to be out on

9   this maternity leave and, as I mentioned, we're going to be

10  asking you to postpone the Mitek trial because of that until

11  probably early March.  And it would be most convenient for her

12  and the trust's resources if this matter were later.

13          THE COURT:  All right.  Let's -- what dates in August

14  -- my calendar, quite frankly, doesn't go out to August so I

15  don't -- in the rocket docket, they don't give us a calendar

16  that extends out more than a year from whenever we're doing

17  something.  Would the third week, fourth week of August work

18  for you?

19          MR. CAINE:  Yes, Your Honor.  Any week at your

20  convenience would be fine.

21          THE COURT:  Okay.  Let me check with my courtroom

22  deputy.

23              (Court/courtroom deputy conversation)

24          THE COURT:  All right.  So we'll take the third week

25  in August.  Does that work, Mr. Condyles?

14

1          MR. CONDYLES:  Yes, Your Honor.  Yes, Your Honor.

2          THE COURT:  Okay.  And I don't have those dates in

3   front of me because I don't have a calendar, as I told you.

4   But what I'll do is, I'll block off the same Monday, Tuesday,

5   2:00 p.m. on Wednesday, Thursday and save the Friday for you,

6   as well.

7          MR. CAINE:  Thank you, Your Honor.  And if one of the

8   matters that you set earlier ends up settling, then counsel and

9   I can certainly talk and move this trial to one of those if

10  that seems to work for everybody and that's --

11         THE COURT:  It'd probably be easier moving a trial

12  forward on my calendar than moving it back on my calendar.

13         MR. CAINE:  Yeah, I understand that, Your Honor.

14         THE COURT:  Okay, all right.

15         MR. CONDYLES:  Thank you, Your Honor.

16         THE COURT:  All right, very good.

17         MR. CAINE:  Thank you very much.

18         THE COURT:  I'll issue my normal pretrial order.

19         MR. CAINE:  Thank you.  Ms. Beran will handle the

20  rest of the agenda, Your Honor.

21         THE COURT:  All right, thank you.

22         MS. BERAN:  Good morning, Your Honor.

23         THE COURT:  Morning.

24         MS. BERAN:  For the record, Paula Beran.  Your Honor,

25  we now get to the part of the agenda dealing with all the

1  claims objections.  I think this is the part where I put

2  everyone to sleep.

3      THE COURT:  I was going to say this is the most

4  exciting part, but --

5              (Laughter)

6      MS. BERAN:  Your Honor, in connection with Items

7  Number 5 through 10 on the agenda, they are the remaining

8  debtors' omnibus objections to claims.  As indicated on Exhibit

9  A, there are still a handful of claims that still remain

10  subject to those objections.  We'd respectfully request that

11  they all be continued, Items 5 through 10, 'til October 24th at

12  2:00.

13      THE COURT:  They'll be continued.

14      MS. BERAN:  Thank you, Your Honor.  That allows us

15  now to turn to Page 30.

16      THE COURT:  All right.

17      MS. BERAN:  Item Number 11 starts with the trust's

18  claim objection as it relates to the California Board of

19  Equalization.  In connection with Items Number 11 through 15,

20  Your Honor, these are the stand-alone -- what we refer to as

21  the stand-alone tax objections.  We continue to work with those

22  entities as it relates to the reconciliation and/or some type

23  of narrowing of facts and/or ultimate resolution.

24      In connection with that, Your Honor, we respectfully

25  request that 11 through 15 be continued until the October 24th

1  omni at two.

2              THE COURT:  They'll be continued.

3              MS. BERAN:  Thank you, Your Honor.  That allows us to

4  turn to Page 47.  This begins the section that deals with the

5  liquidating trust's omnibus objections to claims.  As it

6  relates to Items -- these are identified on Exhibit B, Your

7  Honor, as we've done in the past.  And as Your Honor may recall

8  -- but I'll state it again for the benefit of your new law

9  clerk, who I'd like to welcome being a former law clerk myself.

10 In connection with that, there are two categories of claims

11 listed on Exhibit B.  Those -- actually there are three

12 categories on Exhibit B.

13             First and foremost, there are categories of claims in

14 which a response has been filed and which we will respectfully

15 request be continued out.  There are categories of claims where

16 no official response has been filed with this Court.  However,

17 we are in communication with the claimant and we have agreed to

18 extend out the response date -- the formal response date while

19 we continue to informally exchange information.  And then the

20 other thing that is listed on Exhibit B in connection with the

21 status column is in connection with any resolution of claims.

22             And if a claim is just resolved and may be removed

23 from the Court's docket, we so indicate.  If the trust has

24 agreed after receiving more information that it will withdraw

25 its objection to the claim, we indicate that on Exhibit B.  If

1  it turns out that after exchanging information with the

2  claimant, the claimant agrees with the trust's position as

3  articulated in the objection, we so indicate that on Exhibit B.

4  But as it relates to Exhibit B, Your Honor, Items 16 forward

5  all are identified on Exhibit B.

6        Turning back now to Item Number 16 -- Items 16 and

7  17, they contain the categories of claims to which specifically

8  certain items have been resolved and they may be handled as

9  indicated on Exhibit B.  The remaining ones fall into the two

10 categories of either a response filed or an informal response

11 filed and we've agreed to continue the response deadline.  For

12 those, as identified on B, we'd respectfully request that they

13 be continued until the October 24th at two.

14        THE COURT:  All right.  So those items indicated on

15 Exhibit B will be continued.

16        MS. BERAN:  Okay, thank you, Your Honor.  That allows

17 us to turn to Page 70.  For Item Number 18 and then 19, we'd

18 respectfully request that those items on Exhibit B be continued

19 until the October 24th at two hearing.

20        THE COURT:  They'll be continued.

21        MS. BERAN:  Thank you.  That allows us to turn to

22 Page 92.  As indicated in Item Number 20, the liquidating

23 trust's fifth omnibus objection, as indicated on Exhibit B, we

24 have resolved several on that omnibus objection.  The remaining

25 ones, as identified on Exhibit B, we'd respectfully request

1  that they be continued until the 10/24 at two hearing.

2         THE COURT:  All right.  The remaining ones will be

3  continued.

4         MS. BERAN:  Thank you, Your Honor.  That allows us to

5  turn to Page 103.  This, Your Honor, contain the two categories

6  which we'd respectfully request that they be continued 'til

7  October 24th for those items identified on Exhibit B and that

8  is in connection with Item Number 21.

9         THE COURT:  All right.  They'll be continued.

10         MS. BERAN:  Thank you, Your Honor.  That allows us to

11  turn to Page 113.  For Items Number 22 through 24, starting

12  with Number 22 is the liquidating trust's seventh omnibus

13  objection.  As indicated on Exhibit B, we have resolved several

14  of the claims subject to those three omnis.  We'd respectfully

15  request that the remaining ones be continued until the 10/24

16  hearing, as indicated on Exhibit B.

17         THE COURT:  Okay.  The remaining ones will be

18  continued.

19         MS. BERAN:  Thank you, Your Honor.  That allows us to

20  turn to Page 146.  That is Item Number 25 which is the

21  liquidating trust's thirteenth omnibus objection.  The claims

22  of Mr. Bruce Besanko still remain subject to that objection.

23  We'd respectfully request that those be continued until the

24  10/24 omni.

25         THE COURT:  Okay.  Those claims will be continued.

19

1          MS. BERAN:  Thank you, Your Honor.  That allows us to

2  turn to Page 155.  Your Honor, for items starting with Number

3  26, the liquidating trust's fourteenth omnibus objection

4  through Item Number 31, as indicated on Exhibit B, numerous

5  claims have been resolved and may be removed from the Court's

6  docket.  As indicated on Exhibit B, those items Number 26

7  through 31 still have claims that need to be addressed in the

8  two categories.  We'd respectfully request that those

9  identified on Exhibit B be continued until the 10/24 at two

10  omni hearing.

11          THE COURT:  All right, Ms. Beran.  The remaining ones

12  will be continued.

13          MS. BERAN:  Thank you, Your Honor.  That allows us to

14  turn to Page 219, Item Number 32, the liquidating trust's

15  twenty-third omnibus objection.  We'd respectfully request that

16  the claims identified on Exhibit B be continued until the 10/24

17  omni.

18          THE COURT:  They'll be continued.

19          MS. BERAN:  Thank you, Your Honor.  That allows us to

20  turn to Page 228, Item Number 33, the twenty-fourth omnibus

21  objection.  As indicated on Exhibit B, certain of those claims

22  have been resolved.  The remaining ones identified on Exhibit

23  B, we'd respectfully request that they be continued until the

24  October 24th omni.

25          THE COURT:  They'll be continued.

20

1          MS. BERAN:  Thank you, Your Honor.  That allows us to

2    turn to Page 238.  On Item Number 34, Your Honor, the

3    liquidating trust's twenty-fifth omnibus objection, there still

4    is one claim that remains unresolved.  We'd respectfully

5    request that it be continued until the 10/24 omni.

6          THE COURT:  It'll be continued.

7          MS. BERAN:  Thank you, Your Honor.  That allows us to

8    turn to Page 246, Item Number 35 through 38.  As indicated on

9    Exhibit B, we'd respectfully request that they be continued

10   until the October 24th omni.

11         THE COURT:  Those will be continued.

12         MS. BERAN:  Thank you, Your Honor.  And, as

13   indicated, that's Items 35 through 38.

14         THE COURT:  Right.

15         MS. BERAN:  That allows us to turn to Page 278.

16         THE COURT:  All right.

17         MS. BERAN:  On 278, Item Number 39, the liquidating

18   trust's thirteenth (sic) omnibus objection.  In connection with

19   that, as indicated on Exhibit B, Your Honor, several have been

20   resolved and may be removed from the Court's docket.  In

21   addition, there are the additional two categories that we'd

22   respectfully request be continued as indicated on Exhibit B to

23   the 10/24 omni.

24         THE COURT:  All right.  The remaining matters as

25   indicated on Exhibit B will be continued.

1          MS. BERAN:  Thank you, Your Honor.  That allows us to

2  turn to Page 285, Items Number 40 and 41, starting with the

3  liquidating trust's thirty-first omnibus.  And, you know, Your

4  Honor, I don't believe I -- I apologize.  Going back, just so

5  the record is clear, on Item Number 39, I believe I said

6  thirteenth.  I'm seeing now that I can't see.  It's the

7  thirtieth.

8          Turning back then, Your Honor, to Item -- 285, Item

9  Number 40 and 41, starting with the liquidating trust's thirty-

10 first omnibus objection.  We'd respectfully request that the

11 claims identified on Exhibit B be continued until the 10/24

12 omni hearing.

13         THE COURT:  They'll be continued.

14         MS. BERAN:  Thank you, Your Honor.  That allows us to

15 turn to Page 298.  This is the part I think I enjoy most in

16 connection with these omnibus objections.

17         On Items Number 24 and Items Number 43, starting with

18 the liquidating trust's thirty-third omnibus objection, I'm

19 happy to report that in both instances we have resolved the one

20 remaining claim in each one of those omnibus objections and,

21 therefore, we can close out these two omnibus objections.

22         THE COURT:  All right, good.

23         MS. BERAN:  That allows us to turn to Page 311.  Item

24 Number 44 is the liquidating trust's thirty-eighth omnibus

25 objection.  As indicated on Exhibit B, we'd respectfully

1  request that those claims be continued until the 10/24 omni.

2        THE COURT:  All right.  They'll be continued.

3        MS. BERAN:  Thank you, Your Honor.  That allows us to

4  turn to Page 319.  For Items Number 45, the liquidating trust's

5  thirty-ninth, through Item Number 49, as indicated on Exhibit

6  B, the trust has resolved numerous of those claims objections

7  and those matters may be removed from the Court's docket.

8        However, there are still claims that remain

9  unresolved pursuant to the two categories previously described.

10  We'd respectfully request that those claims identified on

11  Exhibit B be continued until the 10/24 omnibus.

12        THE COURT:  All right.  The claims identified on

13  Exhibit B will be continued.

14        MS. BERAN:  Thank you, Your Honor.  That allows us to

15  turn to Page 357, specifically Item Number 50.  As indicated on

16  Exhibit B, there are three remaining claims outstanding on that

17  omnibus objection.  We'd respectfully request that they be

18  continued until the 10/24 omni.

19        THE COURT:  They'll be continued.

20        MS. BERAN:  Thank you, Your Honor.  Turning now to

21  Page 364, Item Number 51, the liquidating trust's forty-fifth

22  omnibus objection, happy to report that the trust has resolved

23  the one remaining claim in connection with that one.  This

24  omnibus objection has thus been addressed in full and may be

25  removed from the Court's docket.

1             THE COURT:  Okay.

2             MS. BERAN:  Thank you, Your Honor.  That allows us to

3    turn to Page 369, Item Number 52.  As indicated on Exhibit B,

4    there are claims subject to this omnibus objection that have

5    been resolved.  We'd respectfully request that the remaining

6    items on Exhibit B be continued until 10/24.

7             THE COURT:  They'll be continued.

8             MS. BERAN:  Thank you.  That allows us to turn to

9    Page 372.

10            THE COURT:  Mm-mm.

11            MS. BERAN:  As it relates to 372, Item Number 53, as

12   well as Item Number 54, as indicated on Exhibit B, there is one

13   remaining claim in each one of those omnibus objections that

14   remain outstanding.  We'd respectfully request that they both

15   then therefore be continued until 10/24.

16            THE COURT:  They'll be continued.

17            MS. BERAN:  Thank you, Your Honor.  That allows us to

18   turn to Page 383.

19            THE COURT:  Mm-mm.

20            MS. BERAN:  Item Number 55 is the liquidating trust's

21   fifty-third omnibus objection.  In connection with that item,

22   there are three claims that still remain outstanding.  We'd

23   respectfully request that they be continued until the 10/24

24   omni.

25            THE COURT:  Those claims will be continued to the

24

1  24th.

2          MS. BERAN:  Thank you, Your Honor.  That allows us to

3  turn to Page 389, Item Number 56, the liquidating trust's

4  fifty-seventh omnibus objection.  As indicated on Exhibit B,

5  several of those claims have been resolved.  In addition, Your

6  Honor, we'd respectfully request that the remaining items on

7  Exhibit B be continued until the 10/24th omni.

8          THE COURT:  Okay.  The items remaining will be

9  continued.

10          MS. BERAN:  Thank you.  That allows us to go to 393,

11 Your Honor.  On Item Number 57, the liquidating trust's

12 fifty-eighth omnibus objection, there was one claim that

13 remains outstanding.  We'd respectfully request that that be

14 continued until the October 24th omni.

15          THE COURT:  That'll be continued.

16          MS. BERAN:  Thank you, Your Honor.  That allows us to

17 turn to Page 398.  On Item Number 58, the liquidating trust's

18 fifty-ninth omnibus objection, as indicated on Exhibit B, we've

19 resolved some of those claims.  For the remaining claims

20 identified on Exhibit B, we'd respectfully request they be

21 continued until the October 24th omni.

22          THE COURT:  They'll be continued to the 24th.

23          MS. BERAN:  Thank you, Your Honor.  Turning then to

24 Page 402, Item Number 59, the liquidating trust's sixtieth

25 omnibus objection, there was one claim that still remains

1   outstanding as it relates to that omnibus objection.  We'd

2   respectfully request that we continue the matter as it relates

3   to that one claim until the 10/24 omni.

4           THE COURT:  All right.  That claim will be continued

5   to the 24th of October.

6           MS. BERAN:  Thank you, Your Honor.  That allows us to

7   turn to Page 407, Item Number 60, the liquidating trust's

8   sixty-second omnibus objection.  As indicated on Exhibit B,

9   several of those claims have been resolved.  As it relates to

10  the remaining claims identified on Exhibit B, we'd respectfully

11  request that they be continued until the October 24th omni.

12          THE COURT:  All right.  They'll be continued to the

13  24th.

14          MS. BERAN:  Thank you, Your Honor.  Turning then to

15  Page 411.

16          THE COURT:  Mm-mm.

17          MS. BERAN:  The liquidating trust's sixty-third

18  omnibus objection, found at Item Number 61.  There was one

19  claim as indicated on Exhibit B that remains outstanding.  We'd

20  respectfully request that that one claim be continued until

21  10/24.

22          THE COURT:  All right.  That claim will be continued.

23          MS. BERAN:  Thank you, Your Honor.  That allows us to

24  turn the page to 416.  Your Honor, Item Number 62, the

25  liquidating trust's sixty-fourth omnibus objection, as

1  indicated on Exhibit B, several of those claims have been

2  resolved.  As it relates to the remaining claims identified on

3  Exhibit B, we'd respectfully request that they be continued

4  until the October 24th omni.

5        THE COURT:  All right.  The claims remaining on

6  Exhibit B will be continued.

7        MS. BERAN:  Your Honor, and I believe that would then

8  conclude the items on today's agenda.  Happy to answer any

9  questions Your Honor may have.

10       THE COURT:  Is there any other business we need to

11 take up in Circuit City?

12       MS. BERAN:  Not that I'm aware.  Actually, Ms.

13 Tavenner has some, I apologize.

14       MS. TAVENNER:  I'm sorry, Your Honor.  Just wanted to

15 remind the Court that prior to coming back for our September

16 omnibus date, the actual next time we're scheduled to be here

17 is on September the 9th at a trial scheduled in the A&L

18 Logitech matter.

19       Your Honor might recall that the defendant has

20 breached the Court's discovery order and has waived its

21 affirmative defenses.  As a result, we have filed a motion for

22 summary judgment and scheduled it for hearing on the day of the

23 trial in order to provide ample response time, though our

24 co-counsel from Kelley Drye, Mr. Krolewski, has informed us

25 that they don't even know if there's going to be a response or

1  if they're going to show up on that day.

2          Just want to advise you for your planning purposes

3  that we were planning to go forward with the summary judgment

4  motion, first.  We believe that the affidavit covers everything

5  that would be required from a trial perspective, as well we are

6  prepared to have Ms. Ferguson who prepared the affidavit here

7  in the event that Your Honor has additional questions, as well.

8          THE COURT:  Okay, very good.  Thank you for that

9  update.

10          MS. TAVENNER:  Sure.

11          THE COURT:  All right.  If that -- then we'll be

12  adjourned for today.

13          MS. TAVENNER:  Thank you, Your Honor.

14          COURTROOM DEPUTY:  All rise.  Court is now adjourned.

15                    * * * * *

16          **C E R T I F I C A T I O N**

17          I, STEPHANIE SCHMITTER, court approved transcriber,

18  certify that the foregoing is a correct transcript from the

19  official electronic sound recording of the proceedings in the

20  above-entitled matter, and to the best of my ability.

21

22  /s/ Stephanie Schmitter

23  STEPHANIE SCHMITTER

24  J&J COURT TRANSCRIBERS, INC.          DATE:  September 5, 2013

25