| | |
|---|---|
| Jeremy V. Richards Esq. <br> Ellen M. Bender Esq. <br> Shirley S. Cho Esq. <br> PACHULSKI STANG ZIEHL & JONES LLP <br> 10100 Santa Monica Boulevard <br> Los Angeles, California 90067-4100 <br> Telephone: (310) 277-6910 <br> Telecopy:   (310) 201-0760 <br><br> *Counsel to the Circuit City Stores, Inc. Liquidating Trust* | Lynn L. Tavenner, Esq. (VA Bar No. 30083) <br> Paula S. Beran, Esq. (VA Bar No. 34679) <br> TAVENNER & BERAN, PLC <br> 20 North Eighth Street, 2nd Floor <br> Richmond, Virginia 23219 <br> Telephone: (804) 783-8300 <br> Telecopy:   (804) 783-0178 <br><br> *Counsel to the Circuit City Stores, Inc. Liquidating Trust* |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: <br><br> CIRCUIT CITY STORES, INC., et al., <br><br>                Debtors. | Case No. 08-35653-KRH <br> Chapter 11 |
| Alfred H. Siegel, Trustee, <br><br>                Objector, <br><br> v. <br><br> Chase Bank USA, National Association <br> (Claim No. 14787), <br><br>                Claimant. | Contested Matter |

## OPPOSITION OF ALFRED H. SIEGEL, TRUSTEE, TO MOTION FOR EXPEDITED HEARING FILED BY CHASE BANK USA, NATIONAL ASSOCIATION

Alfred H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust (the

"Trustee"), hereby files his opposition (the "Opposition") to that certain Motion for Expedited

Hearing (the "Expediting Motion") filed in connection with the above-referenced contested

DOCS_LA:273454.1 12304/003

matter (the "Contested Matter") by Chase Bank USA, National Association ("Chase"). Pursuant to the Expediting Motion, Chase asks that this Court set a December 4, 2013 hearing on its concurrently filed Motion for Protective Order (the "Stay Motion"), pursuant to which Chase is requesting that the Court order the application of Federal Rules of Civil Procedure ("F.R.C.P.") Rule 12(c) to this Contested Matter and that it stay discovery herein until the Court has ruled on Chase's contemplated Motion for Judgment on the Pleadings (as defined in the Stay Motion). More specifically, the Stay Motion seeks to excuse Chase from responding to the Trustee's pending first set of requests for inspection and production of documents (the "Document Request") pending adjudication on the Motion for Judgment on the Pleadings. Presently, responses to the Document Request are due no later than November 25, 2013. In support of its Opposition, the Trustee states the following:[1]

## Background Facts

1.  The Document Request, a true and correct copy of which is attached to the Richards Declaration as Exhibit "A," was served on Chase on October 22, 2013.

2.  In a telephone conversation on November 4, 2013, counsel for Chase requested to Trustee's counsel that discovery in connection with this Contested Matter be stayed pending a determination by the Court as to the applicability of section 11.26 of the subject Program Agreement (the "Damage Limitation Clause") to the facts and circumstances of this case.[2] Counsel for the Trustee indicated that it would consider the proposal and respond as soon

---

[1] The facts set forth in the following Background Facts section are supported by the Declaration of Jeremy V. Richards (the "Richards Declaration"), filed concurrently herewith.
[2] Chase acknowledges that if the Damage Limitation Clause is applicable to the facts and circumstances of this Case, its claim which is the subject matter of this Contested Matter must be disallowed in full.

DOCS_LA:273454.1 12304/003                                2

as possible.  Later that same day, the Trustee's counsel sent an e-mail to Chase's counsel (a true and correct copy of which is attached to the Richards Declaration as Exhibit "B"), advising that it "would like an opportunity to review the documents to be produced by your client on November 22 before responding" to the proposal.

3.      The following day, November 5, 2013, Chase served written objections (the "Discovery Objections") to the Document Request, a true and correct copy of which is attached to the Richards Declaration as Exhibit "C."

4.      Thereafter, by letter dated November 19, 2013, a true and correct copy of which is attached to the Richards Declaration as Exhibit "D," Trustee's counsel addressed all of the issues raised in the Discovery Objection and invited Chase's counsel to advise on availability for a call to "meet and confer" regarding the pending discovery disputes.

5.      Subsequently, almost a month after the Discovery Requests had been served, two business days prior to the required date for production and without any prior notice to the Trustee, Chase filed the Expediting Motion and the Stay Motion.

6.      As more fully set forth below, the Expediting Motion must be denied on its face for failure to comply with the applicable provisions of the Bankruptcy Rules, the F.R.C.P. and this Court's Local Bankruptcy Rules ("LBR").

## ARGUMENT

### A. Chase Has Failed to Meet and Confer with the Trustee Prior to Filing Both the Expediting Motion and the Stay Motion

7.      Chase has failed to comply with mandatory "meet and confer" provisions relating to both the Expediting Motion and the Stay Motion and, accordingly, the Expediting Motion must be denied on its face and refiling of the Stay Motion must be preceded by the requisite "meet and confer" conference with the Trustee.

8.      Specifically, as to the Stay Motion, F.R.C.P. Rule 26(c) (made applicable to these proceedings pursuant to Bankruptcy Rule 9014(c)) requires that prior to filing any motion for a protective order (such as the Stay Motion), the movant must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  While the Stay Motion incorporates a pro forma certification, the facts establish that no effort was made to "meet and confer" regarding the Discovery Requests, the allegedly onerous nature of which forms the basis for the Stay Motion.  *See also* L.B.R. 7026-1(h) (providing, in pertinent part, that: "the Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good-faith effort has been made between counsel to resolve the discovery matters at issue").

9.      There are similar mandatory prerequisites for filing the Expediting Motion.  Specifically, L.B.R. 9013-1(N)(3) requires that any request for an expedited hearing be accompanied by a certification that the proponent has "made a bona fide effort to resolve the matter without hearing."  In this regard, the Expediting Motion is even more deficient than the

Stay Motion, simply attaching a pro forma certification that, without further explanation, "a bona fide effort to resolve the matter could not be made without a hearing." Again, this certification is manifestly at odds with the facts. In particular, the Trustee indicated, in writing, a willingness to discuss pending discovery issues, an invitation that went unanswered.

B.   **The Alleged Emergency Results From Chase's Lack of Due Diligence**

10.   The Discovery Requests were served on October 22, 2013. Chase waited until November 4, 2013 to request a stay of the Trustee and was informed that same day that the Trustee would not be in a position to respond to Chase's request until after documents had been produced pursuant to the Document Request. Nonetheless, Chase waited another two weeks, and until only two business days before production was due, to file the Expediting Motion and the Stay Motion.

11.   Having delayed a total of almost a month before seeking relief, Chase now offers no reason why the Stay Motion must be heard as soon as December 4, other than it apparently wishes to minimize the length of time it might otherwise be in default of its obligations to produce documents pursuant to the Document Request.[3]

12.   Unless Chase timely complies with its obligations to "meet and confer" and a resolution of the pending discovery disputes is reached, the Trustee will reluctantly be forced to file a motion to compel compliance with the Discovery Requests. As noted above, the issues that will be raised in opposition to such a motion (i.e., the allegedly burdensome,

---

[3] Chase fails to note that this Court's Administrative Procedures Order (referenced at paragraph 4 of the Expediting Motion) requires that a movant demonstrate "good cause" for requesting a hearing other than on a designated omnibus hearing date (the next date being December 17, 2013). Clearly, the Expediting Motion fails to establish such good cause.

oppressive and irrelevant nature of the Document Requests) will be the same as those raised by the Stay Motion. Accordingly, fairness and judicial economy require that, absent an out-of-court resolution (which the Trustee is more than anxious to entertain), both motions should be heard, on regular notice, at the same time.

### C.      The Stay Motion is Without Merit

13.     Although the Expediting Motion must be denied on its face, the Trustee feels compelled to briefly address the lack of merits of the Stay Motion.

14.     Specifically, even assuming that F.R.C.P. Rule 12(c) should be made applicable to this Contested Matter, in which no formal pleadings have been filed, it is obvious that Chase's contemplated Motion for Judgment on the Pleadings must fail for the simple reason that an adjudication in Chase's favor (i.e., that the Damage Limitation Clause is not applicable under the facts and circumstances of this case) will not lead to a judgment in its favor.

15.     Rather, it would only be a successful motion brought by the Trustee asserting the applicability of the Damage Limitation Clause that would result in a judgment, albeit one disallowing Chase's claim in full. At the appropriate time, the Trustee intends to bring the requisite motion seeking such relief. However, as noted in paragraph 4 of the Stay Motion, the applicability of the Damage Limitation Clause as a bar to any recovery by Chase is simply one "among other arguments" that the Trustee has raised. The Trustee believes that many, if not all of these other arguments may result in a full and complete disallowance of the Chase Claim prior to trial. However, the Trustee wishes to move forward in an organized, rather than piecemeal fashion, and wishes to bring all such arguments before the Court at the appropriate

time in a single motion for relief. As noted in the Trustee's counsel's e-mail of November 4 (Exhibit "B" to the Bender Declaration), Trustee's counsel does not believe it will be in a position to fully evaluate all of the elements of such a motion before receiving documents pursuant to the Document Request.

WHEREFORE, the Trustee requests that the Court deny the Expediting Motion without further proceedings.

Date   November 25, 2013          /s/ Lynn L. Tavenner
                                  Lynn L. Tavenner

                                  PACHULSKI STANG ZIEHL & JONES LLP
                                  Jeremy V. Richards, Esq. (admitted *pro hac vice*)
                                  Ellen M. Bender, Esq. (admitted *pro hac vice*)
                                  Shirley S. Cho (admitted *pro hac vice*)
                                  10100 Santa Monica Blvd., 13th Floor
                                  Los Angeles, California 90067-4003
                                  Telephone:   310-277-6910
                                  Facsimile:   310-201-0760
                                  E-mail:      jrichards@pszjlaw.com
                                               ebender@pszjlaw.com
                                               scho@pszjlaw.com

                                  -and-

                                  TAVENNER & BERAN, P.L.C.
                                  Lynn L. Tavenner (VA Bar No. 30083)
                                  Paula S. Beran (VA Bar No. 34679)
                                  20 North Eighth Street, 2nd Floor
                                  Richmond, Virginia 23219
                                  Telephone:   804-783-8300
                                  Facsimile:   804-783-0178
                                  E-mail:      ltavenner@tb-lawfirm.com
                                               pberan@tb-lawform.com

                                  *Counsel for Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 25th day of November, 2013, a true and correct copy of the foregoing **OPPOSITION OF ALFRED H. SIEGEL, TRUSTEE, TO MOTION FOR EXPEDITED HEARING FILED BY CHASE BANK USA, NATIONAL ASSOCIATION** was served via CM/ECF or first class mail, postage prepaid, as follows:

Attorneys for *Chase Bank USA, National Association*

> Michael A. Condyles
> Jeremy S. Williams
> KUTAK ROCK LLP
> 1111 East Main Street, Suite 800
> Richmond, Virginia 23219
> Michael.condyles@kutakrock.com

> Gary T. Holtzer
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153-0119
> Gary.holtzer@weil.com

/s/    *Lynn L. Tavenner*
           Counsel