Jeremy V. Richards Esq.
Ellen M. Bender Esq.
Shirley S. Cho Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.,

                Debtors.

Case No. 08-35653-KRH
Chapter 11

Alfred H. Siegel, Trustee,

                Objector,

v.

Chase Bank USA, National Association
(Claim No. 14787),

                Claimant.

Contested Matter

## DECLARATION OF JEREMY V. RICHARDS IN SUPPORT OF OPPOSITION OF ALFRED H. SIEGEL, TRUSTEE, TO MOTION FOR EXPEDITED HEARING FILED BY CHASE BANK USA, NATIONAL ASSOCIATION

    I, Jeremy V. Richards, declare as follows:

    1.    I am an attorney at law, licensed to practice in the courts of the State of

California and admitted *pro hac vice* to practice before this Court.  I am a partner in the law firm

of Pachulski Stang Ziehl & Jones LLP, counsel of record in the above-captioned case for Alfred

H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust.  I make this Declaration in

support of the Trustee's opposition (the "Opposition") to that certain Motion for Expedited

Hearing filed in connection with the above-referenced contested matter by Chase Bank USA,

National Association.  All capitalized terms not otherwise defined herein shall have the same

meaning as set forth in the Opposition.

2.     Attached hereto as Exhibit "A" is a true and correct copy of the Document

Request, which was served on Chase on October 22, 2013.

3.     On November 4, 2013, my partner Andy Caine and I conducted a

telephone call with counsel for Chase, in which Chase's counsel requested that discovery in

connection with this contested matter be stayed pending a determination by the Court as to the

applicability of section 11.26 of the Program Agreement (the "Damage Limitation Clause") to

the facts and circumstances of this case.  I informed Chase's counsel that we would consider the

proposal and respond as soon as possible.  Later that same day, I sent an e-mail to Chase's

counsel, advising that the Trustee would like an opportunity to review the documents to be

produced by Chase on November 22 before responding to the proposal.  A true and correct copy

of that e-mail is attached hereto as Exhibit "B."

4.     The following day, November 5, 2013, Chase served written objections to

the Document Request, a true and correct copy of which is attached hereto as Exhibit "C."

5.     On November 19, 2013, my partner Ellen Bender sent a letter to Chase's

counsel, addressing all of the issues raised in the Discovery Objection and inviting Chase's

counsel to advise on its availability for a call to "meet and confer" regarding the pending

discovery disputes.  A true and correct copy of that letter is attached hereto as Exhibit "D."  We

received no response from Chase's counsel prior to the filing of the Expediting Motion and the

Stay Motion.

   I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct and if called as a witness, I could and would competently

testify as to all of the matters stated herein.

  Executed this 22nd day of November, 2013, at Los Angeles, California.


         */s/ Jeremy V. Richards*    
         Jeremy V. Richards

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 25th day of November, 2013, a true and correct copy of the foregoing **DECLARATION OF JEREMY V. RICHARDS IN SUPPORT OF OPPOSITION OF ALFRED H. SIEGEL, TRUSTEE, TO MOTION FOR EXPEDITED HEARING FILED BY CHASE BANK USA, NATIONAL ASSOCIATION** was served via CM/ECF or first class mail, postage prepaid, as follows:

Attorneys for *Chase Bank USA, National Association*

Michael A. Condyles
Jeremy S. Williams
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Michael.condyles@kutakrock.com

Gary T. Holtzer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Gary.holtzer@weil.com

/s/      *Lynn L. Tavenner*
          Counsel

# EXHIBIT A

Jeremy V. Richards, Esq.
(admitted *pro hac vice*)
Ellen M. Bender, Esq.
(admitted *pro hac vice*)
Shirley S. Cho, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |
| Alfred H. Siegel, Trustee, | |
| Objector, | |
| v. | Contested Matter |
| Chase Bank USA, National Association (Claim No. 14787), | |
| Claimant. | |

### LIQUIDATING TRUSTEE'S FIRST SET OF REQUESTS FOR
### INSPECTION AND PRODUCTION OF DOCUMENTS TO CHASE BANK
### USA, NATIONAL ASSOCIATION RE: CLAIM #14787

Plaintiff, The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established

pursuant to the *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its*

*Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding*

*General Unsecured Claims* (the "Plan"), through Alfred H. Siegel, the duly appointed trustee of

the Trust (the "Trustee"), pursuant to Bankruptcy Rule 7034 and Federal Rule of Civil Procedure

34, hereby requests that Chase Bank USA, National Association (Claim No. 14787) ("Chase

Bank" or "Claimant") produce for inspection the documents and things set forth below.  Unless

otherwise agreed to by counsel for Trustee and Claimant, the production and inspection shall

occur at the offices of Pachulski Stang Ziehl & Jones LLP, located at 10100 Santa Monica Blvd.,

13th Floor, Los Angeles, California (Attn: Jeremy V. Richards, Esq.), on _____ at

_____ a.m.  As used herein, the following terms shall have these meanings:

## DEFINITIONS

1.      "CLAIMANT", "YOU" and "YOUR" shall mean Chase Bank, its

respective current and former parents, subsidiaries, other affiliates, partners, officers, directors,

employees, representatives, agents, and any other person acting, or purporting to act, on its

behalf, and any predecessor or successor of the foregoing.

2.      "COMMUNICATIONS" shall mean and include, without limitation, any

documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum

and any other medium through which any information is conveyed.

3.      "DOCUMENTS" shall mean and include, without limitation, any written,

recorded, or graphic matter, whether produced, reproduced or stored on paper, cards, tape, film,

electronic facsimile, computer storage devices, disks, or other media or data compilation from

which information can be obtained, including originals, copies (with or without notes or changes

thereon) and drafts, including, without limitation, papers, books, letters, tangible things,

correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers,

transcripts, minutes, reports, recordings of telephone conversations, interviews, conferences or

other meetings, affidavits, statements, summaries, reports, studies, analyses, evaluations,

appraisals, estimates, projections, charts, schedules, work sheets, proposals, contracts,

agreements, statistical records, desk calendars, appointment books, diaries, lists, tabulations,

sound recordings, computer print-outs, data processing output and input, microfilms,

photographs or negatives thereof, all other records kept by electronic, photographic or

mechanical means, and things similar to any of the foregoing however denominated and any or

all matter or material attached or affixed to any of the above.  Any copy of excerpt of a document

which bears any notes, additions, inserts or other markings of any kind is to be considered a

separate "document" for purposes of responding hereto.

      4.     "CCS" shall mean Circuit City Stores, Inc. and all other debtors in the

above-captioned consolidated cases, their affiliates, divisions or departments, and all of their

officers, directors, agents, servants, employees, contractors and anyone else acting on their

behalf or otherwise subject to their control.

      5.     "CONCERNING" shall mean relating to, constituting, concerning,

referring to, regarding, bearing upon, supporting or negating, summarizing, pertaining to,

alluding to, commenting upon, touching upon, recording, consisting of, affecting, reflecting,

discussing, describing, evidencing, mentioning or having any logical or factual connection with

the matter in question.

                       

6.     "CLAIM" shall refer to CLAIMANT'S Claim No. 14787.

"OBJECTION" shall refer to the Trustee's objection to the CLAIM.  The "CHASE RESPONSE"

refers to the response filed by CLAIMANT to the OBJECTION.

7.     "PERSON" is defined as all natural individuals, corporations,

partnerships, or other business associations, and all legal entities.

8.     "IDENTIFY" when used in reference to a document shall mean to state its

(1) author(s), recipient(s) and addressee(s); (2) date; (3) general subject matter; (4) current or last

known location; and (5) current or last known custodian.

9.     "PROGRAM AGREEMENT" means that certain Consumer Credit Card

Program Agreement entered into in January 2004, together with all amendments thereto; unless

otherwise specifically referenced as the "ORIGINAL PROGRAM AGREEMENT" entered into

in January 2004, the "FIRST AMENDMENT TO THE PROGRAM AGREEMENT" entered

into on _____, the "SECOND AMENDMENT TO PROGRAM AGREEMENT" entered

into on _____, the "THIRD AMENDMENT TO PROGRAM AGREEMENT" entered

into on _____, or the "FOURTH AMENDMENT TO PROGRAM AGREEMENT"

entered into on _____.

10.     The "SALE AGREEMENT" means that certain purchase and sale

agreement entered into by and among CC, First North American National Bank ("FNANB"), a

wholly owned subsidiary of CCS , and Bank One Delaware, N.A. ('BANK ONE"), now known

as Chase Bank USA, NA.

11.     The "KENNESAW SUBLEASE" means that certain sublease between CCS and BANK ONE attached to the SALE AGREEMENT as Exhibit "L".

12.     The "RICHMOND SUBLEASE" means that certain sublease between CCS and BANK ONE attached to the SALE AGREEMENT as Exhibit "M" thereto.

13.     The "CREDIT PLATFORM CONVERSION" means and refers to the conversion of CCS's credit platform used for its co-branded credit cards with CLAIMANT which commenced in or about May 2007, and is referenced in the recitals to the THIRD AMENDMENT TO PROGRAM AGREEMENT.

14.     "PETITION DATE" refers to the date that CLAIMANT's chapter 11 bankruptcy petition was filed; i.e., November 10, 2008.

15.     "THE CASE" refers to CLAIMANT'S chapter 11 bankruptcy case. "THE BANKRUPTCY COURT" refers to the bankruptcy court assigned to the CASE.

16.     "STIPULATION RE REJECTION / TERMINATION" means that certain Stipulation, Agreement and Order for Rejection and Termination of Consumer Credit Card Program Agreement approved by the BANKRUPTCY COURT on February 26, 2009, docket #2338 in this CASE.

## INSTRUCTIONS

1.     Each document is to be produced with all non-identical copies of drafts thereof, in its entirety, without abbreviations or redactions.

2.     You are requested to produce all documents responsive to these requests within your possession, custody and/or control.

3.      You are requested to produce the documents as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

4.      If any responsive document is to be withheld or redacted under a claim of attorney-client privilege, and/or work product immunity, each such document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged documents called for by these requests, and which shall include:  (a) the document number; (b) the document date; (c) the document type; (d) the author(s) of the document; (e) the recipient(s) of the document; (f) a specific description of the subject matter of the document; and (g) a designation of the privilege claimed.

5.      This is a continuing request for production and you are requested to promptly provide supplemental responses if you create, receive, identify or locate any additional documents responsive to these requests.

6.      In each instance where the responding party denies having or being able to obtain materials responsive to this request for production which said answering party admits exists or existed, the answering party is to:

(a)      In the case of documents in existence, identify the documents by date, type (e.g., letter, memorandum, chart, etc.) and content and identify the last known person, persons or entity in control of said documents by specifying the name, address and telephone number of the last person, persons or entity who has possession of such documents.

(b)      In the case of documents which the answering party contends are

no longer in existence, the answering party is to identify the document as in subparagraph (a) above and set forth the last known date on which the documents existed, the person, persons or entity in control of the documents at such time, the reason for destruction of the documents, and the manner of destruction of the documents.

   7. Unless otherwise specifically set forth herein, this document request calls for the production of all Documents in Your possession, custody, or control that were authored, compiled, generated, possessed, prepared, read, received, recorded, referred to, reviewed, sent to or by, transmitted, utilized, or written by or on behalf of You, in the period **commencing with January 1, 2003 and continuing through the present date.**

## REQUESTS

   1. All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and CCS regarding the PROGRAM AGREEMENT.

   2. All draft DOCUMENTS, including redlines and markups, of the PROGRAM AGREEMENT; including, but not limited to, drafts, redlines, and mark-ups of the FIRST AMENDMENT TO PROGRAM AGREEMENT, the SECOND AMENDMENT TO PROGRAM AGREEMENT, the THIRD AMENDMENT TO PROGRAM AGREEMENT, and the FOURTH AMENDMENT TO PROGRAM AGREEMENT.

   3. All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and CCS regarding the KENNESAW SUBLEASE.

   4. All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and CCS regarding the RICHMOND SUBLEASE.

5.     All DOCUMENTS CONCERNING the CREDIT PLATFORM
CONVERSION.

6.     All DOCUMENTS which YOU contend contain any contractual
obligations CONCERNING the CREDIT PLATFORM CONVERSION.

7.     All COMMUNICATIONS between YOU and CCS CONCERNING the
CREDIT PLATFORM CONVERSION; including, without limitation, any and all presentations,
instructions, power points, training and/or training documents provided by YOU to CCS in
respect to the CREDIT PLATFORM CONVERSION.

8.     All back-up DOCUMENTS CONCERNING expenditures and/or costs
incurred by YOU in connection with the CREDIT PLATFORM CONVERSION.

9.     All DOCUMENTS CONCERNING projections regarding savings or
potential savings to YOU as a result of the CREDIT PLATFORM CONVERSION.

10.     All DOCUMENTS CONCERNING projections regarding savings or
potential savings to CCS as a result of the CREDIT PLATFORM CONVERSION.

11.     All DOCUMENTS CONCERNING the CCS support payment made in
connection with the CREDIT PLATFORM CONVERSION; including, without limitation,
DOCUMENTS CONCERNING the reason or reasons such support payment was to be made to
CCS;  how the amount of such support payment was calculated; and any DOCUMENTS
CONCERNING negotiations with CCS CONCERNING the same.

12.     All DOCUMENTS CONCERNING YOUR decision as to how to
amortize the costs of the CREDIT PLATFORM CONVERSION.

13.   All DOCUMENTS CONCERNING any platform conversion or other technological support provided by YOU to other private label and/or co-branded credit card programs identified as "Competition Programs" in Exhibit 3.2(a) of the PROGRAM AGREEMENT; including, without limitation, Best Buy, Sears, Tweeter, Wal-Mart, and/or Comp USA / Good Guys (hereafter, "Competition Programs").

14.   All contractual documents relating to the private label and/or co-branded credit card programs between YOU and the Competition Programs.

15.   All DOCUMENTS and COMMUNICATIONS concerning YOUR calculations of Net Yield under the PROGRAM AGREEMENT from inception of the PROGRAM AGREEMENT to present.

16.   All financial statements, spreadsheets, reports, summaries, or other DOCUMENTS CONCERNING total revenues received by YOU from the private label and/or co-branded CCS credit card accounts generated as a result of the PROGRAM AGREEMENT, from inception to present.  If no such DOCUMENTS exist, then all backup DOCUMENTS from which such revenues can be calculated.

17.   All financial statements, spreadsheets, reports, summaries, or other DOCUMENTS which refer to, reflect, or otherwise provide a breakdown of how YOUR total revenues received from the private label and/or co-branded CCS credit accounts generated as a result of the PROGRAM AGREEMENT were calculated.

18.   All financial statements, spreadsheets, reports, summaries, or other DOCUMENTS CONCERNING net profits received by YOU from the private label and/or co-

branded CCS credit card accounts generated as a result of the PROGRAM AGREEMENT, from

inception to present. If no such DOCUMENTS exist, then all backup DOCUMENTS from

which such profits can be calculated.

19.     All spreadsheets, reports, summaries, or other DOCUMENTS

CONCERNING a breakdown of how CLAIMANT's net profits under the PROGRAM

AGREEMENT were calculated.

20.     All spreadsheets, reports, summaries, or other DOCUMENTS

CONCERNING  the credit card customers who converted their CCS private label and/or co-

branded credit cards to another credit card program offered by YOU since the PETITION

DATE.

21.     Any and all internal and external audit reports of CLAIMANT which refer

to, directly or indirectly, the PROGRAM AGREEMENT or any revenues generated thereunder.

22.     Any and all internal and external audit reports of CLAIMANT which refer

to, directly or indirectly, the CREDIT PLATFORM CONVERSION.

23.     Any and all minutes of CLAIMANTS' Board of Directors, or any

subcommittee or special committee appointed by such Board, which refer to, directly or

indirectly, the PROGRAM AGREEMENT, the CREDIT PLATFORM CONVERSION, the

KENNESAW LEASE, the RICHMOND LEASE, and / or the CASE.

24.     Any and all reports prepared for CLAIMANTS' Board of Directors, or

any subcommittee or special committee appointed by such Board, CONCERNING the

PROGRAM AGREEMENT, the CREDIT PLATFORM CONVERSION, the KENNESAW

LEASE, and/or the RICHMOND LEASE.

25.     Any and all reports prepared for CLAIMANTS' Board of Directors, or

any subcommittee or special committee appointed by such Board, CONCERNING the CLAIM,

the OBJECTION, the CHASE RESPONSE, and/or the CASE.

26.     All DOCUMENTS (including specific backup documentation)

CONCERNING the personnel costs claimed by YOU as damages due to closing of the

KENNESAW LEASE site and RICHMOND LEASE site, as set forth in the CLAIM.

27.     All DOCUMENTS (including specific backup documentation)

CONCERNING the IT / Facility costs claimed by YOU as damages due to closing of the

KENNESAW LEASE site and RICHMOND LEASE site, as set forth in the CLAIM.

28.     All DOCUMENTS (including specific backup documentation)

CONCERNING the present value of costs and product trade claimed by YOU as damages, as set

forth in the CLAIM.

29.     All DOCUMENTS (including specific backup documentation)

CONCERNING the unamortized costs related to the CREDIT PLATFORM CONVERSION

claimed by YOU as damages, as set forth in the CLAIM.

30.     All DOCUMENTS (including specific backup documentation)

CONCERNING the unamortized bounties claimed by YOU as damages, as set forth in the

CLAIM.  YOUR response to this request should include, without limitation, all supporting data

for the assumptions made by YOU in calculating YOUR alleged damages for unamortized

bounties; such as, the average life of a CCS credit account, average customer in-store purchasing activity, average initial purchase, average subsequent aggregate spending by customer, reduction in average spending activity due to the CCS liquidation, and any and all other assumptions relied upon by you in calculating such damages.

31.    All DOCUMENTS CONCERNING the attorneys' fees claimed by YOU as damages; including, without limitation, attorney billing statements.

32.    All DOCUMENTS CONCERNING any and all steps taken by YOU to mitigate any of the damages set forth in your CLAIM.

33.    All DOCUMENTS, including without limitation, reports and opinions, issued by and/or relied upon by any person retained by YOU, or who will otherwise serve as an expert in this action.

34.    All DOCUMENTS YOU intend to rely on at trial and/or in connection with any dispositive motions.

35.    All COMMUNICATIONS by and among YOUR officers, directors, employees, agents and/or representatives, and/ r any other PERSON, concerning CCS' financial condition.

36.    All DOCUMENTS CONCERNING the STIPULATION RE REJECTION / TERMINATION.

Dated: Richmond, Virginia
      October __, 2013

TAVENNER & BERAN, PLC

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

           - and –

PACHULSKI STANG ZIEHL & JONES LLP
Jeremy V. Richards, Esq.
Ellen M. Bender, Esq.
Shirley S. Cho, Esq.
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
(310) 277-6910

*Alfred H. Siegel, as Trustee of the Circuit City
Stores, Inc. Liquidating Trust*

# EXHIBIT B

**Jeremy Richards**

| | |
|---|---|
| **From:** | Jeremy Richards |
| **Sent:** | Monday, November 04, 2013 5:52 PM |
| **To:** | Jeremy Richards |
| **Subject:** | Michael.Condyles@KutakRock.com <Michael.Condyles@KutakRock.com> |

Michael:

We have had a chance to consider your proposal of this afternoon and would like an opportunity to review the documents to be produced by your client on November 22 before responding.

Thank you.


Jeremy Richards
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Tel: 310.277.6910 | Fax: 310.201.0760
jrichards@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

# EXHIBIT C

**KUTAK ROCK LLP**
Michael A. Condyles (VSB No. 27807)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
(804) 644-1700
*Counsel for Chase Bank USA,*
*National Association*

**WEIL, GOTSHAL & MANGES LLP**
Gary T. Holtzer
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

CIRCUIT CITY STORES, INC., et al.,

           Debtors.

                    Case No. 08-35653-KRH
                    Chapter 11

_____

Alfred H. Siegel, Trustee,

           Objector,

v.

                    Contested Matter

Chase Bank USA, National Association
(Claim No. 14787),

           Claimant.

_____

**CHASE BANK USA, NATIONAL ASSOCIATION'S**
**OBJECTIONS TO TRUSTEE'S FIRST SET OF REQUESTS**
**FOR INSPECTION AND PRODUCTION OF DOCUMENTS**

      Chase Bank USA, National Association ("Chase"), by counsel, pursuant to Rule 34 of

the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7034 of the

Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7026-1, hereby objects to

the *Liquidating Trustee's First Set of Requests for Inspection and Production of Documents to*

*Chase Bank USA, National Association Re: Claim #14787* (the "Discovery Requests")

propounded upon Chase by Alfred H. Siegel, the duly appointed trustee for The Circuit City Stores, Inc. Liquidating Trust (the "Trustee" or "Plaintiff").[1]

### General Objections

Chase generally objects to the Discovery Requests as follows:

1. Each response given to the Discovery Requests and any documents identified therein is subject to all objections including, but not limited to, privilege, relevancy, authenticity, and admissibility, which would require exclusion of the evidence if it were offered in Court, all of which objections and grounds are hereby reserved.

2. Chase objects to each of the Discovery Requests to the extent it is overly broad or unduly burdensome and/or seeks information that is neither relevant, nor reasonably calculated, to lead to admissible evidence in the above-captioned action (the "Litigation").

3. Chase objects to each of the Discovery Requests to the extent it seeks documents, tangible things or information which have been prepared in anticipation of litigation or for trial, or are otherwise subject to protection. The inadvertent or mistaken production of information subject to the protections of any privilege shall not constitute a waiver of any claims of privilege or protections.

4. Chase objects to each of the Discovery Requests to the extent it seeks documents or information subject to protection under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Chase's responses are not intended to waive, and shall not waive, any such privilege or protection. The inadvertent or mistaken production of information subject to the protections of any privilege shall not constitute a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Discovery Requests.

2

waiver of any claims of privilege or protections, and does not put in issue or constitute the affirmative use of advice of counsel or of any privileged communications.

5.     Chase objects to each of the Discovery Requests to the extent that it seeks information or documents which contain trade secrets or other proprietary or confidential research or .

6.     Chase objects to each discovery request to the extent that it seeks information or documents which contain confidential information involving current or former customers of Chase or of any other person or entity other than CCS.

7.     Chase objects to each of the Discovery Requests to the extent it seeks information or documentation in the possession, custody or control of third parties and that are not in the possession, custody or control of Chase.

8.     The fact that Chase has identified a document is not an admission that the document is admissible in evidence and is not to be construed as a waiver of an objection which may hereafter be interposed to the admissibility of such document as evidence in this case.

9.     Chase objects to the Discovery Requests to the extent that they are vague and ambiguous.

10.     Chase objects to the Discovery Requests to the extent that the discovery sought is cumulative or duplicative.

11.     Chase objects to the Discovery Requests to the extent that they seek information and documents already in Plaintiff's possession, or which Plaintiff has access, or which were produced to Chase by Plaintiff, or which can be obtained by Plaintiff from another source that is more convenient, less burdensome or less expensive.

3

12.    Chase objects to the Discovery Requests to the extent that they seek discovery of electronically stored information from sources which are not reasonably accessible because of undue burden or cost.

13.    Chase objects to the Discovery Requests to the extent that the burden or expense of producing or locating the discovery sought outweighs its likely benefit.

14.    Chase objects to the Discovery Requests to the extent that they are not limited in time or cover a period that is not reasonably related to the Litigation.

15.    Chase objects to each of the Discovery Requests and the Definitions and Instructions contained therein to the extent they are contrary to or impose obligations beyond those imposed by the Pretrial Order entered in this Litigation by the Court on September 12, 2013 [Docket No. 13107] (the "Pretrial Order"), the Local Rules of this Court, the Federal Rules of Bankruptcy Procedure, and/or the Federal Rules of Civil Procedure.

16.    Chase objects to Instruction number 6, and all parts and subparts, of the Discovery Requests on the basis it seeks information that is not available.

17.    Chase objects to Instruction number 7 of the Discovery Requests, which requests the production of all documents for the period commencing January 1, 2003 and continuing through the present date on the basis that it includes a period of time that is unrelated to the issues involved in the Litigation.

18.    Chase objects to the Discovery Requests to the extent that the instructions call for Chase to produce documents to Plaintiff in a format different than the format in which those documents were produced to, or maintained by, Chase and/or to the extent it imposes an undue burden or expense on Chase to produce documents in the format requested by Plaintiff.

4

19.     Chase objects to the terms "CLAIMANT," "YOU," "YOUR," "CCS" and "CONCERNING" on the basis that the terms are overly broad, impose and undue burden and seek information that is neither relevant, nor reasonably calculated, to lead to admissible evidence in the Litigation.

20.     Chase objects to the terms "COMMUNICATIONS" and "DOCUMENTS" on the basis that the terms are overly broad, impose and undue burden, seek information that is neither relevant, nor reasonably calculated, to lead to admissible evidence in the Litigation and to the extent such terms refer to or seek discovery of electronically stored information from sources which are not reasonably accessible because of undue burden or cost.

### Specific Objections to Requests for Production

In addition to the foregoing general objections, which are hereby asserted against each of the Discovery Requests, Chase hereby asserts the following specific objections to the Discovery Requests:

**REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and CCS regarding the PROGRAM AGREEMENT.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 2:** All draft DOCUMENTS, including redlines and markups, of the PROGRAM AGREEMENT; including, but not limited to, drafts, redlines, and mark-ups of the FIRST AMENDMENT TO PROGRAM AGREEMENT, the SECOND AMENDMENT TO PROGRAM AGREEMENT, the THIRD AMENDMENT TO PROGRAM AGREEMENT, and the FOURTH AMENDMENT TO PROGRAM AGREEMENT.

5

**OBJECTION:**  In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "drafts," "redlines," "markups," and "mark-ups" and to the extent this request purports to require disclosure of any attorney-client communication, attorney work-product or the mental impression or strategy of Chase's counsel.

REQUEST FOR PRODUCTION NO. 3:    All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and CCS regarding the KENNESAW SUBLEASE.

**OBJECTION:**  In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 4:    All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and CCS regarding the RICHMOND SUBLEASE.

**OBJECTION:**  In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 5:  All DOCUMENTS CONCERNING the CREDIT PLATFORM CONVERSION.

**OBJECTION:**  In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 6:  All DOCUMENTS which YOU contend contain any contractual obligations CONCERNING the CREDIT PLATFORM CONVERSION.

6

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent this request purports to require disclosure of any attorney-client communication, attorney work-product or the mental impression or strategy of Chase's counsel. Chase further objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "contractual obligations."

REQUEST FOR PRODUCTION NO. 7: All COMMUNICATIONS between YOU and CCS CONCERNING the CREDIT PLATFORM CONVERSION; including, without limitation, any and all presentations, instructions, power points, training and/or training documents provided by YOU to CCS in respect to the CREDIT PLATFORM CONVERSION.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "presentations, instructions, power points, training and/or training documents," and "provided by."

REQUEST FOR PRODUCTION NO. 8: All back-up DOCUMENTS CONCERNING expenditures and/or costs incurred by YOU in connection with the CREDIT PLATFORM CONVERSION.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "back-up," "incurred," "expenditures" and "costs."

7

REQUEST FOR PRODUCTION NO. 9: All DOCUMENTS CONCERNING projections regarding savings or potential savings to YOU as a result of the CREDIT PLATFORM CONVERSION.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "projections," "savings," and "potential savings."

REQUEST FOR PRODUCTION NO. 10: All DOCUMENTS CONCERNING projections regarding savings or potential savings to CCS as a result of the CREDIT PLATFORM CONVERSION.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "projections," "savings," and "potential savings" and on the grounds that the documents sought are within the possession, custody or control of the Trustee.

REQUEST FOR PRODUCTION NO. 11: All DOCUMENTS CONCERNING the CCS support payment made in connection with the CREDIT PLATFORM CONVERSION; including, without limitation, DOCUMENTS CONCERNING the reason or reasons such support payment was to be made to CCS; how the amount of such support payment was calculated; and any DOCUMENTS CONCERNING negotiations with CCS CONCERNING the same.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is

8

vague and ambiguous with respect to the undefined terms "support payment," "calculated" and

"negotiations" and to the extent, that the documents sought are within the possession, custody or

control of the Trustee.  Chase further objects to the extent this request purports to require

disclosure of any attorney-client communication, attorney work-product or the mental

impression or strategy of Chase's counsel.

REQUEST FOR PRODUCTION NO. 12:  All DOCUMENTS CONCERNING YOUR

decision as to how to amortize the costs of the CREDIT PLATFORM CONVERSION.

**OBJECTION:**  In addition to the general objections set forth above, Chase objects to the

extent the request is overly broad and unduly burdensome.  Chase further objects to this request

on the grounds it is vague and ambiguous with respect to the undefined terms "decision,"

"amortize" and "costs."

REQUEST FOR PRODUCTION NO. 13:  All DOCUMENTS CONCERNING any

platform conversion or other technological support provided by YOU to other private label

and/or co-branded credit card programs identified as "Competition Programs" in Exhibit 3.2(a)

of the PROGRAM AGREEMENT; including, without limitation, Best Buy, Sears, Tweeter, Wal-

Mart, and/or Comp USA / Good Guys (hereafter, "Competition Programs").

**OBJECTION:**  In addition to the general objections set forth above, Chase objects on

the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to

the discovery of admissible evidence.  Chase further objects to this request on the grounds it is

vague and ambiguous with respect to the undefined terms "other private label and/or co-branded

credit card programs," and "platform conversion or other technological support" and to the

extent the request seeks confidential information between Chase and other persons or entities.

9

**REQUEST FOR PRODUCTION NO. 14:** All contractual documents relating to the private label and/or co-branded credit card programs between YOU and the Competition Programs.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "private label and/or co-branded credit card programs," and "Competition Programs" and on the grounds it seeks confidential information between Chase and other persons or entities. Chase further objects to the extent this request purports to require disclosure of any attorney-client communication, attorney work-product or the mental impression or strategy of Chase's counsel.

**REQUEST FOR PRODUCTION NO. 15:** All DOCUMENTS and COMMUNICATIONS concerning YOUR calculations of Net Yield under the PROGRAM AGREEMENT from inception of the PROGRAM AGREEMENT to present.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "Net Yield," "calculations" and "inception."

**REQUEST FOR PRODUCTION NO. 16:** All financial statements, spreadsheets, reports, summaries, or other DOCUMENTS CONCERNING total revenues received by YOU from the private label and/or co-branded CCS credit card accounts generated as a result of the PROGRAM AGREEMENT, from inception to present. If no such DOCUMENTS exist, then all backup DOCUMENTS from which such revenues can be calculated.

10

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "reports," "summaries," "total revenues," "received," "private label and/or co-branded CCS credit card accounts," "generated," "inception," "revenues," "calculated" and "backup."

REQUEST FOR PRODUCTION NO. 17:    All financial statements, spreadsheets, reports, summaries, or other DOCUMENTS which refer to, reflect, or otherwise provide a breakdown of how YOUR total revenues received from the private label and/or co-branded CCS credit accounts generated as a result of the PROGRAM AGREEMENT were calculated.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "reports," "summaries," "refer," "reflect," "breakdown," "total revenues," "received," "private label and/or co-branded CCS credit card accounts," "generated" and "calculated."

REQUEST FOR PRODUCTION NO. 18:    All financial statements, spreadsheets, reports, summaries, or other DOCUMENTS CONCERNING net profits received by YOU from the private label and/or co-branded CCS credit card accounts generated as a result of the PROGRAM AGREEMENT, from inception to present. If no such DOCUMENTS exist, then all backup DOCUMENTS from which such profits can be calculated.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "reports," "summaries," "net profits," "received," "private label and/or co-branded CCS credit card accounts," "generated," "inception" "backup,"

11

"profits" and "calculated."

REQUEST FOR PRODUCTION NO. 19: All spreadsheets, reports, summaries, or other DOCUMENTS CONCERNING a breakdown of how YOUR net profits under the PROGRAM AGREEMENT were calculated.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "reports," "summaries," "breakdown," "net profits" and "calculated."

REQUEST FOR PRODUCTION NO. 20: All spreadsheets, reports, summaries, or other DOCUMENTS CONCERNING the credit card customers who converted their CCS private label and/or co- branded credit cards to another credit card program offered by YOU since the PETITION DATE.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds it is vague and ambiguous with respect to the undefined terms "reports," "summaries," "converted," "CCS private label and/or co-branded credit cards," "credit card program" and "offered." Chase further objects as the request, as phrased, seeks the production of third party documents protected from disclosure by federal law.

REQUEST FOR PRODUCTION NO. 21: Any and all internal and external audit reports of CLAIMANT which refer to, directly or indirectly, the PROGRAM AGREEMENT or any revenues generated thereunder.

12

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "indirectly," "internal and external audit reports," "refer," "revenues" and "generated."

REQUEST FOR PRODUCTION NO. 22: Any and all internal and external audit reports of CLAIMANT which refer to, directly or indirectly, the CREDIT PLATFORM CONVERSION.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "refer," "indirectly" and "internal and external audit reports."

REQUEST FOR PRODUCTION NO. 23: Any and all minutes and meeting notes of CLAIMANTS' Board or Boards of Directors, or any subcommittee or special committee appointed by such Board or Boards, or any formal or informal management or business unit committee, subcommittee, special committee, or working group, which refer to, directly or indirectly, the PROGRAM AGREEMENT, the CREDIT PLATFORM CONVERSION, the KENNESAW LEASE, the RICHMOND LEASE, and / or the CASE.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "minutes," "Board," "Boards of Directors," "committee, subcommittee or special committee," "appointed," "formal or informal management or business unit," "indirectly," "refer" and "working group."

13

**REQUEST FOR PRODUCTION NO. 24:** Any and all reports prepared for CLAIMANTS' Board or Boards of Directors, or any subcommittee or special committee appointed by such Board or Boards, CONCERNING the PROGRAM AGREEMENT, the CREDIT PLATFORM CONVERSION, the KENNESAW LEASE, and/or the RICHMOND LEASE.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "reports," "Board," "Boards of Directors," "appointed," and "subcommittee or special committee."

**REQUEST FOR PRODUCTION NO. 25:** Any and all reports prepared for CLAIMANTS' Board or Boards of Directors, or any subcommittee or special committee appointed by such Board or Boards, CONCERNING the CLAIM, the OBJECTION, the CHASE RESPONSE, and/or the CASE.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "reports," "Board," "Boards of Directors," "appointed," and "subcommittee or special committee."

**REQUEST FOR PRODUCTION NO. 26:** All DOCUMENTS (including specific backup documentation) CONCERNING the personnel costs claimed by YOU as damages due to closing of the KENNESAW LEASE site and RICHMOND LEASE site, as set forth in the CLAIM.

14

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "specific," "closing," "backup documentation" and "personnel costs."

REQUEST FOR PRODUCTION NO. 27: All DOCUMENTS (including specific backup documentation) CONCERNING the IT / Facility costs claimed by YOU as damages due to closing of the KENNESAW LEASE site and RICHMOND LEASE site, as set forth in the CLAIM.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "specific," "closing," "backup documentation" and "IT/ Facility costs."

REQUEST FOR PRODUCTION NO. 28: All DOCUMENTS (including specific backup documentation) CONCERNING the present value of costs and product trade claimed by YOU as damages, as set forth in the CLAIM.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "specific," "damages," "backup documentation" and "present value of costs and product trade."

REQUEST FOR PRODUCTION NO. 29: All DOCUMENTS (including specific backup documentation) CONCERNING the unamortized costs related to the CREDIT PLATFORM CONVERSION claimed by YOU as damages, as set forth in the CLAIM.

15

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "specific," "damages," "backup documentation" and "unamortized costs."

REQUEST FOR PRODUCTION NO. 30:    All DOCUMENTS (including specific backup documentation) CONCERNING the unamortized bounties claimed by YOU as damages, as set forth in the CLAIM. YOUR response to this request should include, without limitation, all supporting data for the assumptions made by YOU in calculating YOUR alleged damages for unamortized bounties; such as, the average life of a CCS credit account, average customer in-store purchasing activity, average initial purchase, average subsequent aggregate spending by customer, reduction in average spending activity due to the CCS liquidation, and any and all other assumptions relied upon by you in calculating such damages.

**OBJECTION:**    In addition to the general objections set forth above, Chase objects further to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "backup documentation," "unamortized costs," "supporting data," "calculating," "unamortized bounties," "assumptions," "damages," "average life," "CCS credit account," "average," "customer," "in-store," "purchasing activity," "initial," "purchase," "subsequent," "aggregate," "spending," "reduction," and "activity." Chase further objects to this request on the grounds that the Discovery Request is unduly burdensome to the extent the term "supporting data" encompasses a large volume of documentation substantially outside the scope of this matter.

16

REQUEST FOR PRODUCTION NO. 31:   All DOCUMENTS CONCERNING the attorneys' fees claimed by YOU as damages; including, without limitation, attorney billing statements.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds it is vague and ambiguous with respect to the undefined term "damages." Chase further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

REQUEST FOR PRODUCTION NO. 32:   All DOCUMENTS CONCERNING any and all steps taken by YOU to mitigate any of the damages set forth in your CLAIM.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to the extent the request is overly broad and unduly burdensome and on the grounds it is vague and ambiguous with respect to the undefined terms "steps" and "mitigate."

REQUEST FOR PRODUCTION NO. 33:   All DOCUMENTS, including without limitation, reports and opinions, issued by and/or relied upon by any person retained by YOU, or who will otherwise serve as an expert in this action.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to this request to the extent that the Discovery Request seeks to alter Chase's requirement under that certain Pretrial Order. Chase objects further to this request to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

17

REQUEST FOR PRODUCTION NO. 34: All DOCUMENTS YOU intend to rely on at trial and/or in connection with any dispositive motions.

**OBJECTION:** In addition to the general objections set forth above, Chase objects to this request to the extent that the Discovery Request seeks to alter Chase's requirement under that certain Pretrial Order. Chase further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

REQUEST FOR PRODUCTION NO. 35: All COMMUNICATIONS by and among YOUR officers, directors, employees, agents and/or representatives, and/or any other PERSON, concerning CCS' financial condition.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to this request on the grounds it is vague and ambiguous with respect to the undefined terms "officers," "directors," "employees," "agents," "representatives" and "financial condition." In addition, Chase objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege.

REQUEST FOR PRODUCTION NO. 36: All DOCUMENTS CONCERNING the STIPULATION RE REJECTION/TERMINATION.

**OBJECTION:** In addition to the general objections set forth above, Chase objects on the basis the request is overly broad, unduly burdensome and not reasonably calculated to lead to

18

the discovery of admissible evidence and on the grounds the documents that are sought are

wholly unrelated to the Litigation.

Dated: November 5, 2013          Respectfully submitted,

                                 By: _____
                                     Michael A. Condyles, Esq. (Va. Bar No. 27807)
                                     KUTAK ROCK, LLP
                                     1111 East Main Street, Suite 800
                                     Richmond, Virginia 23219
                                     (804) 644-1700

                                     -and-

                                     WEIL, GOTSHAL & MANGES LLP
                                     Gary T. Holtzer, Esq.
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     (212) 310-8000

                                     *Attorneys for Chase Bank USA, National
                                     Association*

19

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 5, 2013, a true and exact copy of the foregoing was served via electronic means and Federal Express, overnight mail on the following:

Jeremy V. Richards, Esq.
Ellen M. Bender, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219


_____
Counsel

20

# EXHIBIT D



**PACHULSKI**

**STANG**

**ZIEHL**

**JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

Ellen M. Bender

November 19, 2013

ebender@pszjlaw.com

**VIA E-MAIL**

Michael A. Condyles
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219

    Re:    **In re Circuit City Stores, Inc.;**
           **Siegel v. Chase Bank USA, N.A. – Claim #14787**

Dear Mr. Condyles:

       This letter is in reference to the Trustee's First Set of Requests for Inspection and Production of Documents, and the Objections served by your office in connection with the same. As you are aware, the production date is this Friday, November 22, 2013 in our offices.  In order to ensure that the documents are produced in a timely manner, particularly given the intention of both parties to file Motions for Summary Judgment, we would like to meet and confer with you to resolve any objections so the production may proceed without delay.  Please let me know when you would be available to discuss these issues this week prior to the production date.

       To facilitate such discussions, addressed below are our responses to specific objections asserted by you on behalf of Chase Bank:

       **Request No. 1** seeks communications between Circuit City and Chase regarding the Program Agreement.  You object as overbroad.  Please indicate how you propose to narrow it.

       **Request No. 2** seeks draft documents, markups, and redlines regarding the Program Agreement and amendments thereto.  You object on grounds of overbreadth, relevance, attorney-client privilege and work product.  First, we do not seek attorney-client

DOCS_LA:273140.1 12304/003



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Michael A. Condyles
November 19, 2013
Page 2

privileged documents or work product; however to the extent that drafts were exchanged between the parties which would aid in discerning the mutual intent of the parties as to the contract terms, such documents are clearly relevant and appropriate.

**Request No. 3** seeks communications between the parties relating to the Kennesaw Sublease. Since you are seeking damages based upon this sublease, the documents are relevant. You object this is overly broad. Please identify how you propose to narrow it.

**Request No. 4** seeks communications between the parties relating to the Richmond Sublease. Again, since you seek damages relating to this sublease these are relevant and if you have a proposal to narrow it please identify it.

**Request No. 5** seeks documents concerning the Credit Platform Conversion. Since a substantial portion of the damages you seek relate to this conversion, this request is not irrelevant as you contend. Since the conversion took place over a limited time period it is not overly broad.

**Request No. 6** asks you to identify the documents you contend contain contractual obligations concerning the Credit Platform Conversion. We do not seek privileged documents but this is a straightforward request and since you seek "reliance damages" based upon a purported contractual breach relating to the Credit Platform Conversion, we are entitled to such documents.

**Request No. 7** seeks communications between Chase and Circuit City regarding the Credit Platform Conversion including presentations, instructions, power points, or training materials relating to the conversion. Again, this is a very specific request. Since Chase requested that Circuit City undergo the conversion and implemented it, this request seeks communications it had with Circuit City with respect to the same including instructions or training it provided to Circuit City. Let's discuss why you think it is vague in order to clarify any issues you have with it.

**Request No. 8** seeks backup documents relating to expenditures made by Chase relating to the Credit Platform Conversion which you seek as part of your damages claim. Please advise why you contend this is vague and any proposal to narrow it.

DOCS_LA:273140.1 12304/003



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

Michael A. Condyles
November 19, 2013
Page 3

**Request No. 9** seeks any documents relating to savings or potential savings that Chase anticipated to realize as a result of the Credit Platform Conversion. Basically we are seeking any documents which would reflect the reason or reasons Chase requested the conversion, including projected cost savings. Again since you are seeking damages relating to the conversion these documents are relevant and if you have any confusion about what we seek let's discuss.

**Request No. 10** seeks the same documents as Request No. 9 except that it looks for documents indicating any savings to Circuit City anticipated from the Credit Platform Conversion.

**Request No. 11** seeks documents relating to the support payment that Chase promised to make to Circuit City in connection with the Credit Platform Conversion. How is this request vague as you contend?

**Request No. 12** seeks documents relating to Chase's decision as to how to amortize the cost of the Credit Platform Conversion. Again since a substantial portion of the damages you seek relate to the amortization costs of the conversion, we do not believe it is vague or overly broad as you contend.

**Request No. 13** seeks information regarding any credit platform conversion or technological support provided by Chase to the "Competition Programs" which are expressly defined in the Program Agreement between Chase and Circuit City; and, pursuant to which, Chase was obligated to provide Circuit City with the same level of technological support. It is clearly relevant in respect to Chase's contractual obligations to Circuit City. With respect to protection of any confidential information of third parties, we are entirely amenable to entering into a protective order in regards to the same. There is no legitimate concern regarding any competitive advantage to Circuit City or the Trustee since Circuit City is no longer in business. Please send over any form of protective order which you propose and we will work this out with you without delay.

**Request No. 14** similarly seeks contractual documents relating to the Competition Programs. Our position is the same as reflected for Request No. 13 above.



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

Michael A. Condyles
November 19, 2013
Page 4

**Request No. 15** seeks documents relating to Chase's calculation of Net Yield under the Program Agreement. This is not vague and relates directly to your calculation of damages.

**Request Nos. 16 and 17** seeks any summary documents evidencing total revenues received by Chase under the Program Agreement and how such revenues were calculated. Specifically for purposes of narrowing this request we asked for summary documents such as spreadsheets, reports, financial statements, etc. in lieu of backup documents and thus sought to minimize the burden to Chase in responding to these requests. You contend the request is vague. Let's discuss how you think it is vague so there is no reason to withhold the documents.

**Request Nos. 18 and 19** seek the same summary documents as 16 and 17 except they ask for documents evidencing net profits under the Program Agreement. Again, there is nothing vague about the request but we can discuss if you need further clarification.

**Request No. 20** seeks summary documents reflecting credit card customers who converted their Circuit City credit cards to another credit card program offered by Chase since the Petition Date. This is certainly not vague and directly relates to any purported damages sought by Chase in connection with termination of the Program Agreement. The Trustee does not seek nor need the names or account numbers of individual customers so this information can be redacted or the information provided in summary fashion without implicating any federal laws protecting privacy (which we assume is what you mean by your somewhat vague objection regarding violation of federal law). Moreover the information is discoverable, not prohibited, provided consumer notices are provided. Nevertheless we do not need customer names or account numbers at this point so let's discuss how you propose to respond.

**Request No. 21** seeks audit reports relating to the Program Agreement and revenues generated thereunder. Your objection is that it is vague. Again we do not believe it is vague but let's discuss any confusion you may have as to what is sought.



PACHULSKI

STANG

ZIEHL

JONES

L A W   O F F I C E S

Michael A. Condyles
November 19, 2013
Page 5

**Request No. 22** seeks audit reports relating to the Credit Platform Conversion.  Our response to your vagueness objection is the same as for 21 above.

**Request No. 23** seeks minutes and meeting notes relating to the Program Agreement, the Credit Platform Conversion, and the two leases which are the bases for your damages claim, as well as any such documents relating to the bankruptcy case.  You object it is vague.  We do not agree however let's discuss any clarifications you seek.

**Request No. 24** seeks any reports prepared for Chase's Board or any subcommittee or special committee concerning the Program Agreement, Credit Platform Conversion, and/or the two leases which are the bases for your damages claims.  You indicate this is vague.  For clarification, we seek any written materials presented to the Board or any committee regarding the foregoing.

**Request No. 25** similarly seeks written materials presented to the Board or any subcommittee or special committee relating to Chase's Claim.  Please let us know if this does not clear up your "vagueness" objection.

**Request Nos. 26 through 31** seek back-up documentation for each of the specific categories of damages you have demanded.  We do not think these requests are vague but let's discuss any ambiguities you perceive and/or advise what documents exist which can support such damages claims.

**Request No. 32** seeks documents concerning steps taken by Chase to mitigate damages.  You contend the terms "steps" and "mitigate" are vague.  We do not agree.

**Request No. 33** seeks expert reports and opinions and documents relating thereunder.  Such reports would not be privileged; however without waiving the Trustee's right to obtain them, we agree to defer our receipt of such reports until such time as they are to be exchanged under the Pretrial Order.

**Request No. 34:** we agree to defer our receipt of the requested documents subject to the same reservations as 33 above.



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

Michael A. Condyles
November 19, 2013
Page 6

**Request No. 35** seeks communications by and amongst Chase's officers and directors, agents and employees, regarding Circuit City's financial condition.  This is directly relevant to your damages claim which purports to seek "reliance damages" in connection with costs and expenditures voluntarily undertaken by Chase in light of their knowledge of Circuit City's financial condition.  We do not seek privileged documents and are willing to narrow the scope to communications by and amongst officers, directors, and any principal employees involved in the decision-making with respect to incursion of such costs.  Please let us know if this sufficiently narrows the request and if not what you propose in the alternative for your production.

**Request No. 36** requests documents pertaining to the Stipulation re Rejection / Termination.  Since you contend that your damages relating to this Claim arise from Circuit City's purported termination of the Program Agreement, the documents are relevant notwithstanding your objection on relevance grounds.

Again, please let me know when you are available to discuss the above so any outstanding issues may be resolved prior to the production date.

Very truly yours,

Ellen M. Bender

EMB

cc:    <u>Via Email</u>:
       Gary T. Holtzer
       Jeremy V. Richards (i/o)
       Shirley S. Cho (i/o)