Jeremy V. Richards Esq. (CA Bar No. 102300; admitted *pro hac vice*)
Ellen M. Bender Esq. (CA Bar No. 116987; admitted *pro hac vice*)
Shirley S. Cho Esq. (CA Bar No. 192616; admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

CIRCUIT CITY STORES, INC., et al.,

        Debtors.

Case No. 08-35653-KRH
Chapter 11

Alfred H. Siegel, Trustee,

        Objector,

v.

Chase Bank USA, National Association
(Claim No. 14787),

        Claimant.

Contested Matter

**OPPOSITION OF ALFRED H. SIEGEL, TRUSTEE, TO CHASE BANK USA,
NATIONAL ASSOCIATION'S MOTION FOR PROTECTIVE ORDER AND TO
DIRECT THE APPLICATION OF F.R.C.P. 12(c)**

Alfred H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), hereby files his opposition (the "Opposition") to that certain Motion for Protective Order and to Direct the Application of F.R.C.P. 12(c) to This Contested Matter (the "Stay Motion"), filed in connection with the above-referenced contested matter (the "Contested Matter") by Chase Bank USA, National Association ("Chase"). Pursuant to the Stay Motion, Chase seeks a stay of all discovery in this Contested Matter until the Court has adjudicated Chase's contemplated motion for judgment on the pleadings (the "Motion for Judgment on the Pleadings"). In order to permit Chase to file its motion, Chase also asks that this Court direct the application of F.R.C.P. 12(c) to this Contested Matter.

The only discovery presently pending is the Trustee's first set of requests for production of documents (the "Document Request").[1] The Document Request is clearly and carefully tailored to address issues raised by this Contested Matter, largely directed to eliciting documents pertaining to: (a) the parties' mutual understanding of the meaning of the Exculpatory Clause (defined below) and other relevant provisions of the Program Agreement; (b) the basis for Chase's disputed assertion that Circuit City breached the Program Agreement; and (c) the specific bases and calculation of the "reliance damages" sought by Chase. In response, Chase served largely pro forma objections (Exhibit "C" to the Richards Declaration), generally alleging that the document requests were overly broad, unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. When the Trustee invited Chase to

---

[1] A true and correct copy of the Document Request is attached as Exhibit "A" to the Declaration of Jeremy V. Richards ("Richards Declaration") [Docket No. 13183] filed in support of the Trustee's opposition (the "Procedural Opposition") [Docket No. 13182] to Chase's motion (the "Expediting Motion") seeking an expedited hearing on its Stay Motion [Docket No. 13178]

"meet and confer" regarding the pending discovery disputes (Richards Declaration, Exhibit "D"), Chase instead "responded" two days later with the Stay Motion and its request to expedite the hearing thereon. Chase has not produced a single document in response to the Document Request, which required production no later than November 25, 2013.

As more fully set forth below, the Stay Motion is without merit and must be summarily denied because: (a) Chase has failed to "meet and confer" with the Trustee regarding alleged disputes pertaining to the Document Request, as mandated by F.R.C.P. 26(c) and L.B.R. 7026-1(H); (b) there is no basis for this Court to apply F.R.C.P. Rule 12(c) to this Contested Matter at the request of Chase, especially when its proposed Motion for Judgment on the Pleadings is devoid of merit; and (c) as Chase's proposed Motion for Judgment on the Pleadings is without foundation, there is likewise no basis to stay discovery. It is apparent that Chase's request is interposed solely for the purpose of delay.

**Background Facts**

1. Chase's Claim No. 14787 (or the "Chase Claim") asserts a damage claim of almost $34 million, comprised almost exclusively of allegedly unrecouped costs and expenses invested by Chase in the performance of its obligations under the Program Agreement which Chase contends are recoverable from the Trustee pursuant to unspecified provisions of the Program Agreement.[2]

2. The Trustee has objected to the Chase Claim. As noted by Chase (at paragraph 4 of the Stay Motion), the Trustee's Claim Objection raises a number of arguments

---

[2] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stay Motion.

and defenses to the allowance of the Claim, only one of which relies on the assertion that the Exculpatory Clause of the Program Agreement (section 11.26 thereof) bars any recovery by Chase.

3. Indeed, as previously noted in the Procedural Opposition, the Trustee believes that there are numerous bases upon which this Court should summarily disallow the Chase Claim in full. However, the Trustee wishes to proceed in an organized, rather than piecemeal, fashion to bring all dispositive arguments before the Court in a single motion for relief, and has concluded that he will not be in a position to fully evaluate all of the elements of such a motion before Chase produces documents pursuant to the Document Request.

4. The Trustee's prospective motion will almost certainly include a request that the Court deny the Chase Claim in full based on the Exculpatory Clause. However, given that the Trustee and Chase disagree as to the interpretation of that clause, the terms of which may therefore be ambiguous, the Trustee is clearly entitled to take discovery on this, and other issues covered by the Document Request before bringing a motion for summary adjudication before this Court.

## The Stay Motion Should be Denied in its Entirety

### A.     The Stay Motion is Premature

5. The Stay Motion is expressly brought pursuant to F.R.C.P. 26(c). Rule 26(c) mandates that parties confer in good faith in an effort to resolve discovery disputes before seeking court intervention. As more fully set forth in the Procedural Opposition, Chase ignored the Trustee's request to meet and confer, and made no effort to resolve the purported disputes

regarding the Document Request prior to filing the Stay Motion.  Accordingly, that motion should be summarily denied as procedurally premature.  *See also* L.B.R. 7026-1(H) (providing, in pertinent part that: "the Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good-faith effort has been made between counsel to resolve the discovery matters at issue.")

B.  **There is No Basis to Apply F.R.C.P. 12(c) to This Contested Matter, Especially When the Proposed Motion for Judgment on the Pleadings is Devoid of Merit**

6.  Pursuant to Bankruptcy Rule 9014(c), Rule 12(c) is not one of the Federal Rules of Civil Procedure that is automatically applicable to a contested matter; rather, its application must be directed by the Court.

7.  Chase improperly requests the application of F.R.C.P. 12(c) to this Contested Matter so that it may bring its proposed Motion for Judgment on the Pleadings.  As its name suggests, such a motion must result in a judgment in favor of the movant.  *See Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (a motion brought pursuant to F.R.C.P. 12(c) is designed to dispose of cases and result in the entry of a judgment).  However, even if Chase is successful on its Motion for Judgment on the Pleadings, and the Court determines that the Exculpatory Clause is inapplicable to the Chase Claim, such a ruling will not result in a judgment in favor of Chase.  Rather, the Contested Matter will still need to proceed in order to address the issues of breach, causation, reasonable reliance and the bases and amount of damages.  As noted above, the Document Requests are in large measure designed to compel the production of documents relating to all of these issues.

8.  Only the Trustee that can appropriately bring a motion for judgment on the pleadings or other dispositive motion based upon the Exculpatory Clause. As noted above, however, the Trustee has other arguments and defenses to the Chase Claim, many if not all of which may lead to a summary adjudication. The Trustee wishes to proceed with all of these arguments in a single motion, but needs to review responses to the pending Document Request before determining when and through which vehicle to seek adjudication of these issues.[3]

9.  Thus, not only is Chase attempting to bring a motion that only the Trustee has standing to bring, but, in addition, it is attempting to deny the Trustee the benefits of any discovery before bringing such a motion. There is absolutely no basis upon which Chase can seek such relief.

C.  **There is No Cause to Stay Discovery**

10. The fact that Chase's proposed Motion for Judgment on the Pleadings is devoid of merit is, in and of itself, a sufficient basis to deny Chase's request for a stay. Even if Chase did have standing to pursue such a motion, however, given the alleged ambiguity of the meaning of the Exculpatory Clause, the Trustee clearly is entitled to take discovery regarding its meaning prior to any summary adjudication as to its applicability.

11. Further, not only does Chase speculate as to the burdensome nature of the Document Request, but, more importantly, it has failed and refused to respond to the Trustee's request to meet and confer regarding its assertions. As appropriate, the Trustee is willing to

---

[3] While Chase contends that determining the applicability of the Exculpatory Clause is a purely legal issue that does not require discovery, that assertion may not be true. The fact that both parties interpret the clause in a different way suggests that its language may be ambiguous and may be subject to interpretation using evidence extraneous to the Program Agreement. The pending Document Request is designed, among other things, to compel discovery of any such evidence in Chase's possession.

narrow and limit the scope of the Document Request to address any legitimate concerns, but Chase has refused to entertain such discussions.

12. Finally, the Court should reject Chase's attempt at piecemeal litigation of issues presented in this Contested Matter. As only the Trustee may pursue a dispositive motion based on the Exculpatory Clause and other grounds, he should be permitted to seek such relief in an organized and economical fashion. To do so, the Trustee first needs responses to the pending Document Request.

///

///

///

## **Conclusion**

For all of the reasons set forth herein, the Stay Motion should be denied, and Chase should be ordered to comply with its "meet and confer" obligations in relation to the pending Document Request.

Date:   December 2, 2013               */s/  Lynn L. Tavenner*
                                       Lynn L. Tavenner

                                       PACHULSKI STANG ZIEHL & JONES LLP
                                       Jeremy V. Richards, Esq. (admitted *pro hac vice*)
                                       Ellen M. Bender, Esq. (admitted *pro hac vice*)
                                       Shirley S. Cho (admitted *pro hac vice*)
                                       10100 Santa Monica Blvd., 13th Floor
                                       Los Angeles, California 90067-4003
                                       Telephone:    310-277-6910
                                       Facsimile:    310-201-0760
                                       E-mail:       jrichards@pszjlaw.com
                                                     ebender@pszjlaw.com
                                                     scho@pszjlaw.com

                                       -and-

                                       TAVENNER & BERAN, P.L.C.
                                       Lynn L. Tavenner (VA Bar No. 30083)
                                       Paula S. Beran (VA Bar No. 34679)
                                       20 North Eighth Street, 2nd Floor
                                       Richmond, Virginia  23219
                                       Telephone:    804-783-8300
                                       Facsimile:    804-783-0178
                                       E-mail:       ltavenner@tb-lawfirm.com
                                                     pberan@tb-lawform.com

                                       *Counsel for Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 2nd day of December, 2013, a true and correct copy of the foregoing **OPPOSITION OF ALFRED H. SIEGEL, TRUSTEE, TO MOTION FOR PROTECTIVE ORDER AND TO DIRECT THE APPLICATION OF F.R.C.P. 12(c)** was served via CM/ECF or first class mail, postage prepaid, as follows:

Attorneys for *Chase Bank USA, National Association*

    Michael A. Condyles
    Jeremy S. Williams
    KUTAK ROCK LLP
    1111 East Main Street, Suite 800
    Richmond, Virginia 23219
    Michael.condyles@kutakrock.com

    Gary T. Holtzer
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153-0119
    Gary.holtzer@weil.com

                                           /s/     *Lynn L. Tavenner*
                                                       Counsel