Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the*
*Circuit City Stores, Inc. Liquidating Trust*

*Counsel to Alfred H. Siegel, as Trustee of the*
*Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF (A) FILING OF MOTION AND (B) HEARING ON MOTION**
**CONCERNING GENERAL UNSECURED CLAIM NO. 3634**

**PLEASE TAKE NOTICE** that Alfred H. Siegel, the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), by counsel, has filed a Motion to Disallow With Prejudice General Unsecured Claim No. 3634 (the "Motion").  A copy of the Motion and the supporting Declaration of Martin A. Krolewski, Esq. dated January 14, 2014 and exhibits annexed thereto are being served upon you simultaneously herewith.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases.  (If you do not have an attorney, you may wish to consult one).  Under Local Bankruptcy Rule 9013-1, unless a written response to the Motion is filed with the Clerk of Court and served on the moving party within seven (7) days before the scheduled hearing date, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the relief requested.**

**PLEASE TAKE FURTHER NOTICE** that on **February 20, 2014 at 2:00 p.m.**, (or such time thereafter as the matter may be heard) the undersigned will appear before The

Honorable Kevin R. Huennekens, United States Bankruptcy Judge, in Room 5000, of the United States Courthouse, 701 E. Broad Street Richmond, Virginia 23219, and will move the Court for entry of an order approving the Motion.

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within seven (7) days before the hearing date you or your attorney must:

☒ File with the Court, at the address shown below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1 and the Case Management Order.  You must mail or otherwise file it early enough so the Court will **receive** it on or before the due date identified herein.

Clerk of the Court
United States Bankruptcy Court
701 E. Broad Street, Suite 4000
Richmond, VA 23219

You must also serve a copy on:

Paula S. Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad, Suite 4304
Richmond, Virginia 23219

If you or your attorney do not take these steps, the Court may deem any opposition waived, treat the Motion as conceded, and issue orders granting the requested relief without further notice or hearing.

Dated:   January 16, 2014

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email: ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

KELLEY DRYE & WARREN LLP
Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to Plaintiff Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2014  a true and correct copy of the above and foregoing Notice of (A) Filing of Motion and (B) Hearing on Motion Concerning General Unsecured Claim No. 3634 was served by First Class Mail, postage pre-paid to the party as listed below:

Brad C. King
22628 US HWY 70
Wilson, Oklahoma 73463


        /s/ Paula S. Beran

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION TO DISALLOW WITH PREJUDICE
GENERAL UNSECURED CLAIM NO. 3634**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

Plaintiff, Alfred H. Siegel, as Trustee ("Trustee") of the Circuit City Stores, Inc.

Liquidating Trust ("Trust"), files the present papers, along with supporting Declaration of Martin

A. Krolewski, Esq. dated January 14, 2014 and exhibits annexed thereto ("Krolewski Decl.") in

support of its motion to have the general unsecured claim number 3634 of Claimant Brad C.

King ("Claimant") disallowed with prejudice.  The Trustee has been unable to schedule a Court

ordered mediation with the Claimant or receive responses to the Trustee's discovery requests as

required by the terms of this Court's Order Implementing Alternative Dispute Resolution

Procedures for Certain Disputed Claims entered on March 18, 2013 [Docket No. 12855] (the

"ADR Order").  The Claimant has failed for over seven months to respond to repeated requests

from the Trustee to schedule the mediation and to provide discovery responses.  Despite being

advised of the ADR Order's requirements and given every chance to respond, Claimant has

ignored the Trustee's requests and has breached the ADR Order.  Under the circumstances, the

Trustee requests that the Court disallow with prejudice the Claimant's general unsecured claim

no. 3634.

## II.

## STATEMENT OF FACTS

A.    Commencement of the Bankruptcy Case

On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its

affiliated debtors in possession (collectively, the "Debtors") filed voluntary petitions in this

Court for relief under Chapter 11 of the Bankruptcy Code, and continued to operate as a debtor-

in-possession pursuant to sections 1107 and 1108.  *See* Krolewski Decl., ¶ 3.

On September 14, 2010, this Court entered an order confirming the Plan of

Liquidation (the Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc.

and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors

Holding General Unsecured Claims [Docket No. 8252] [the "Plan of Liquidation"]), which

created the Trust and appointed the Trustee [Docket No. 8555].  *See* Krolewski Decl., ¶ 4.

The Trustee has the sole authority to pursue claims transferred to the Trust by the

Debtors under the Plan of Liquidation and to litigate objections to claims asserted against the

Debtors' substantively consolidated estate.  *See* Krolewski Decl., ¶ 5.  The Plan of Liquidation

became effective on November 1, 2010.  *See id.* at ¶ 6.

B.    Claimant

On information and belief, the Claimant resides at 22628 US HWY 70, Wilson,

Oklahoma 73463.  *See* Krolewski Decl. Exhibit A.  Prior to the Petition Date, the Claimant was

employed by the Debtors in their store in Ardmore, Oklahoma.  *See id.*

C.    Claim No. 3634

On or about January 13, 2009, the Claimant filed a claim in the above-captioned

bankruptcy case in an "unknown" amount as a general unsecured, non-priority claim against the

Debtors' estates. *See* Krolewski Decl. Exhibit A. The Claims Agent appointed by the Court

designated this claim as claim number 3634. ("Claim No. 3634"). Claim No. 3634 was filed on

account of "personal injury – workers compensation." *See id.* The Claimant alleges that he

"suffered an on-the-job injury on approximately March 3, 2008, while employed by Circuit City

Stores in Ardmore, Oklahoma." *See id.* The Claimant further alleges that he continues to be

disabled and unable to work as a result of this injury. *See id.*

The Claimant admits that the injury that is the basis of his claim has already been

adjudicated by the Oklahoma Workers' Compensation Court. *Id.* That Court awarded the

Claimant benefits for the "on-the-job injury" allegedly suffered by the Claimant on March 3,

2008 that is the basis for Claim No. 3634. *See* Krolewski Decl. Exhibit B.

D.    The ADR Order

On February 25, 2013, the Trustee filed and served upon the Claimant a motion to

enter the ADR Order, which would implement alternative dispute resolution procedures for

certain disputed claims, including Claim No. 3634. *See* Krolewski Decl., ¶ 10 and Exhibit C.

On March 18, 2013, the Court entered the ADR Order. *See* Krolewski Decl. Exhibit D. The

ADR Order requires, in part, that the Trustee and the Claimant mediate Claim No. 3634. *See id.*

at pg. 10 ¶ B (1). The ADR Order also allows for the Trustee to serve formal discovery requests

upon the Claimant to obtain documents and information regarding his Claim No. 3634 prior to

the mediation. *See id.* at pg. 13 ¶ D. It also provides that failure by the Claimant to participate

in the mediation process "shall constitute grounds for disallowance with prejudice" of Claim No.

3634 "and/or the imposition of additional sanctions by the Court." *See id.* at pg. 12 ¶ B (8).

E.    The Trustee's Discovery Requests and Attempts to Mediate Claim No. 3634

Pursuant to the terms of the ADR Order, the Trustee sent a letter attaching a courtesy copy of the ADR Order to the Claimant on May 17, 2013 along with Defendant's First Set of Requests for Inspection and Production of Documents to Plaintiff Brad C. King and Defendant's First Set of Interrogatories to Plaintiff Brad C. King (collectively, the "Discovery Requests").  *See* Krolewski Decl. Exhibit E.

On May 28, 2013, the Claimant called the Trustee's counsel.  *See* Krolewski Decl., ¶ 12.  During that telephone call, Trustee's counsel explained the terms of the ADR Order and the requirement to commence the mediation process concerning Claim No. 3634.  *See id.* Trustee's counsel also requested that the Claimant: (1) select a mediator; (2) select a location for the mediation; (3) state the amount that Claim No. 3634 seeks; and (4) respond to the Discovery Requests within 30 days of their service.  *See id.*

Thereafter on June 20, 2013, the Claimant left a voicemail with Trustee's counsel indicating that his Claim No. 3634 was seeking $10,000,000.00.  *See* Krolewski Decl., ¶ 13.  On July 5, 2013, Trustee's counsel again spoke with the Claimant by telephone and requested that he state the amount that Claim No. 3634 seeks in writing as well as select a mediator and a location for the mediation, and promptly respond to the outstanding Discovery Requests.  *See id.* at ¶ 14. Trustee's counsel followed-up the telephone call with an e-mail to the Claimant on July 23, 2013 and a voicemail on August 14, 2013.  *See id.* at ¶ 15 and Exhibit F.  The e-mail attached another courtesy copy of the ADR Order for Claimant.  *See id.*  Claimant, however, did not respond to any of these communications.  *See id.* at ¶ 16.  Trustee's Counsel then sent a letter via Federal Express and an e-mail on October 17, 2013 requesting that the Claimant participate in the mediation process by providing the requested information and responses to the Discovery

7

Requests on or before November 8, 2013. *See* Krolewski Decl. Exhibit G. This correspondence

again attached a courtesy copy of the ADR Order for Claimant and advised that unless the

requested information was received by November 8, 2013, the Trustee would request the Court

to disallow Claim No. 3634 for failure to participate in the Court ordered mediation. *See id.* To

date, the Claimant has not responded. *See id.* at ¶ 17.

## III.

## ARGUMENT

A.    This Court Has the Authority Under Federal Rule of
Bankruptcy Procedure 7037 to Disallow Claim No. 3634
With Prejudice Based on the Claimant's Conduct

Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7016(f)(1), if a party

or counsel fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a

party at a scheduling or pretrial conference, or if a party or party's attorney fails to participate in

good faith, the court may impose sanctions on either the party or counsel, as provided in FRBP

7037(b)(2)(B), (C) and (D). See *In re LTV Steel Co., Inc.*, 307 B.R. 37, 48-49 (Bankr.N.D.Ohio

2004).

This Court has the authority to disallow the Claimant's Claim No. 3634 with

prejudice pursuant to FRBP 7037 which incorporates Federal Rule of Civil Procedure ("FRCP")

37. Specifically, FRCP 37(b)(2)(A) provides that, among other relief, a Court may:

(iii)    striking pleadings in whole or in parts;

(v)    dismissing the action or proceeding in whole or in part; or

(vii)    treating as contempt of court the failure to obey any order . . .

The purpose behind a FRBP 7037(b) sanction is three fold: (1) to ensure that a

party will not profit from its own failure to comply; (2) to obtain compliance with specific orders

in specific cases, and (3) to act as a general deterrent in the case and in other litigation provided

that the party on whom sanctions are imposed is, in some sense, at fault. *See United States of*

*America v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *In re The Exxon Valdez*, 102 F.3d 429 (9th Cir. 1996).

Disallowance of a claim with prejudice is appropriate where the claimant has willfully failed to comply with the court's order or demonstrated bad faith. *See United Artists Corp. v. La Cage Aux Folles*, 771 F.2d 1265, 1270 (9th Cir. 1988), *abrogated on other grounds, Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1462 (9th Cir. 1992); *see also* 10 Collier on Bankruptcy ¶7037.03 (16th ed. 2009) ("Default judgments and involuntary dismissal . . . are appropriate when the party's failure to comply with discovery orders is due to willfulness or bad faith.").  Indeed, this Court has explicitly recognized the power of the court, under FRBP 7037, to enter a default judgment against a party who is willfully refusing to engage in discovery, as is the case here.  *See In re Price,* 08-32570-KRH, 2009 WL 982421 (Bankr.E.D.Va. Apr. 13, 2009) (Chapter 7 debtor who failed to attend his scheduled deposition had a default judgment properly entered against him because his failure demonstrated bad faith and caused prejudice to a creditor); *see also Am. Gen. Fin., Inc. v. Goad (In re Goad),* Case No. 96–3223, 1997 WL 33807883, at *3 (Bankr.E.D.Va. July 15, 1997) (default judgment under Rule 7055 of the Rules of Bankruptcy Procedure was merited because defendant had provided at best a minimal response to Court's order requiring her to turn over requested documents to plaintiff).

Other courts have similarly used FRBP 7037 to enter a default judgment (or the defendant's equivalent of  an involuntary dismissal) against a party who refuses to comply with discovery.  *See In re Hollar*, 184 B.R. 243, 246 (Bankr.M.D.N.C. 1995) (authorizing dismissal when debtor failed to comply with a court order ordering his attendance and ordering him to answer specific questions at a deposition); *In re Daily*, 47 F.3d 365, 369 (9th Cir. 1995) ("Due process is not violated by a court's entry of a default judgment or other sanction against a party

9

for refusal to cooperate with discovery . . . The Court's action presumes, in essence, that

defendant's conduct is 'but an admission of the want of merit in the asserted defense.'") (quoting

*Societe International Pour Participations Industrielles et Commercials, S.A. v. Rogers*, 357 U.S.

197, 209-210 (1958)); *In re Olson,* 105 B.R. 654, 658 (D.Kan. 1989) (upholding default against

debtor who, after being ordered to do so, failed to bring responsive documents to Rule 2004

exam and failed to answer questions); *In re DeConcilis*, 119 B.R. 880, 882 (Bankr.D.R.I. 1990)

(entering default against defendants where they refused to comply with discovery over an eight

month period).

      In determining whether to disallow a claim for non-compliance, the Fourth Circuit

has held that four factors must be taken into consideration by the court.  The court must consider:

(1) whether the non-complying party acted in bad faith; (2) the degree of prejudice suffered by

the other parties as a result of the failure to comply; (3) the deterrence value of dismissal as a

sanction for this sort of non-compliance; and (4) the efficacy of a less drastic sanction.  *See Mut.*

*Fed. Sav. and Loan Ass'n v. Richards & Assoc., Inc*., 872 F.2d 88, 92 (4th Cir. 1989).  Here, each

of these factors warrant disallowance of Claim No. 3634.

      1.    Whether the non-complying party acted in bad faith

      Willfully disregarding a court's discovery order constitutes bad faith for the

purposes of FRBP 7037.  *See In re Hollar,* 184 B.R. 243, 247 (Bankr.M.D.N.C. 1995) ("The

court concludes that the debtors willfully disregarded this court's discovery order and in doing so

acted in bad faith.").  Here, the ADR Order specifically provides that a Claimant's failure to

participate in mediation and provide required submissions "shall constitute" grounds for

disallowance. *See* Krolewski Decl. Exhibit D at pg. 12 ¶ B (8).  Claimant received the ADR

Order on multiple occasions, including February 25, 2013, May 17, 2013, July 23, 2013 and

October 17, 2013.  *See* Krolewski Decl., ¶¶  10,11,15 and 16 and Exhibits C, E, F and G.

Trustee's counsel also specifically advised Claimant of the ADR Order's requirements and that

the Trustee would seek disallowance, as permitted by the ADR Order for failing to participate in

the mediation process.  *See* Krolewski Decl., ¶¶ 12-16.  The Trustee has made every effort over

the last seven months to have Claimant provide responses to the Discovery Requests and

participate in the mediation.  *See id.*  The Claimant, however, has willingly chosen not to do so.

*See id.* at  ¶ 17.  Such bad faith conduct merits disallowance of Claim No. 3634.

2.  The degree of prejudice suffered by the
    other parties as a result of the failure to comply

The expenses incurred by the Trustee and the delay as a result of unjustified

conduct by the Claimant are apparent in the communications attached to the present motion.  The

repeated attempts by the Trustee's counsel to get the Claimant to participate in the mediation

process and to produce the requested documents and information for seven months has resulted

in unnecessary costs and delay.  *See* Krolewski Decl., ¶ 18.

3.  The deterrence value of dismissal as a
    sanction for this sort of non-compliance

The Trustee's multiple attempts over the last seven months to persuade the

Claimant to conform to the ADR Order as well as warnings to file the present motion with the

Court were ignored.  Claimant has simply chosen not to participate in the mandated mediation or

to respond to the Trustee's Discovery Requests.  Disallowing the Claimant's Claim No. 3634 is

justified under the circumstances.  The Trustee also believes that disallowance of the claim will

deter other claimants from ignoring this Court's order.

4.  The efficacy of a less drastic sanction

The facts in this case indicate that disallowance of the claim is appropriate.  In

*Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902 (9th Cir. 1983), the

Ninth Circuit upheld the default judgment where defendants failed to comply "without any

credible explanation or excuse." *Id.* at 905. In *In re Daily*, 47 F. 3d 365, 367-69 (9th Cir. 1995), the court upheld the default judgment because the debtor provided virtually no discovery for two years in response to FDIC requests. Similarly, here, Claimant has ignored repeated requests and demands by the Trustee. Disallowance is necessary and justified given the repeated refusal by the Claimant to comply with the Court's ADR Order and meet his litigation responsibilities.

B.    Claim No. 3634  Is Precluded by Oklahoma's
      Workers' Compensation Statutory Scheme

Irrespective of the Claimant's breach of the Court's ADR Order, Claim No. 3634 is precluded as a matter of law. The Oklahoma Workers' Compensation statutory scheme provides the exclusive remedy for a worker injured in the workplace to receive restitution. *See* 85 OKLA. STAT § 12 (2001); OKLA. STAT. tit. 85, § 302 (2011) ("The liability prescribed in this act shall be exclusive and in place of all other liability of the employer and any of his or her employees, at common law or otherwise, for such injury, loss of services, or death, to the employee."); OKLA. STAT. tit. 85A, § 5 (2014) ("[t]he rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee"); *see also Armstrong v. Carr*, 77 P.3d 598, 601 (Okla.Civ.App. 2003) (" [t]ort immunity afforded to principal employers who bear workers' compensation liability"). Furthermore, the Oklahoma Workers' Compensation Court has exclusive jurisdiction to determine workers' claims for compensation, liability for employers and insurers, and any right asserted under the Workers' Compensation statute. *Id.*

Indeed, the Claimant has already been awarded benefits by the Oklahoma Workers' Compensation Court for the workplace injury that forms the basis of Claim No. 3634. *See* Krolewski Decl. Exhibit B. As such, the Claimant is precluded as a matter of law from any further recovery for the alleged workplace injury raised in Claim No. 3634.

## IV.

## CONCLUSION

For all the reasons set forth above, the Court should disallow with prejudice the

Claimant's Claim No. 3634.


Dated:  January 16, 2014

Respectfully submitted.


*/s/ Paula S. Beran*

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
Email: ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

KELLEY DRYE & WARREN LLP
Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to Plaintiff Alfred H. Siegel, Trustee of
the Circuit City Stores, Inc. Liquidating Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2014  a true and correct copy of the above and foregoing MOTION TO DISALLOW WITH PREJUDICE GENERAL UNSECURED CLAIM NO. 3634 was served by First Class Mail, postage pre-paid to the party as listed below:


Brad C. King
22628 US HWY 70
Wilson, Oklahoma 73463


_____ /s/ Paula S. Beran_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| _____ | ) |

## DECLARATION OF MARTIN A. KROLEWSKI, ESQ.

MARTIN A. KROLEWSKI, declares the following is true and correct under the

penalties of perjury pursuant to 28 U.S.C. § 1746:

1.      I am an associate attorney at the law firm of Kelley Drye & Warren LLP ("Kelley

Drye"), counsel for Alfred H. Siegel ("Trustee"), the duly appointed trustee of the Circuit City

Stores, Inc. Liquidating Trust ("Trust"), in connection with the general unsecured claim no. 3634

filed by Brad C. King ("Claimant") in the above captioned bankruptcy case.

2.      I submit this declaration in support of the Trustee's Motion To Disallow With

Prejudice General Unsecured Claim No. 3634.  This declaration is based upon my personal

knowledge and upon my review of relevant records and this Court's dockets related to the above

captioned bankruptcy case.

## Commencement of the Bankruptcy Cases

3.      On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its

Court for relief under Chapter 11 of the Bankruptcy Code, and continued to operate as a debtor-

in-possession pursuant to sections 1107 and 1108.

4.      On September 14, 2010, this Court entered an order confirming the Plan of

Liquidation (the Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc.

and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors

Holding General Unsecured Claims [Docket No. 8252] [the "Plan of Liquidation"]), which

created the Trust and appointed the Trustee [Docket No. 8555].

5.      The Trustee has the sole authority to pursue claims transferred to the Trust by the

Debtors under the Plan of Liquidation and to litigate objections to claims asserted against the

Debtors' substantively consolidated estate.

6.      The Plan of Liquidation became effective on November 1, 2010.

<u>**Claim No. 3634**</u>

7.      On or about January 13, 2009, the Claimant filed a claim in the above-captioned

bankruptcy case in an "unknown" amount as a general unsecured, non-priority claim against the

Debtors' estates.  True and correct copies of the Claimant's claim and subsequent filing with the

Court dated September 14, 2009 [Docket No. 4841] are annexed hereto as Exhibit A.  The

Claims Agent appointed by the Court designated this claim as claim number 3634.  ("Claim No.

3634").  Claim No. 3634 was filed on account of "personal injury – workers compensation".  *See*

*id*.  The Claimant alleges that he "suffered an on-the-job injury on approximately March 3, 2008,

while employed by Circuit City Stores in Ardmore, Oklahoma."  *See id.*  The Claimant further

alleges that he continues to be disabled and unable to work as a result of this injury.  *See id.*

8.      In Court filings, Claimant admits that the injury that is the basis of his claim has

already been adjudicated by the Oklahoma Workers' Compensation Court.  *See id.*

9.      Multiple orders have been entered by the Oklahoma Workers' Compensation

Court awarding the Claimant benefits for the "on-the-job injury" allegedly suffered by the

Claimant on March 3, 2008 that is the basis for Claim No. 3634.  True and Correct copies of

Oklahoma Workers' Compensation Court orders are annexed hereto as Exhibit B.

## The ADR Order

10.    On February 25, 2013, the Trustee filed and served upon the Claimant a motion

[Docket No. 12820] for entry of an order, which would implement alternative dispute resolution

procedures for certain disputed claims, including Claim No. 3634.  True and correct copies of the

Trustee's Motion for an Order Implementing Alternative Dispute Resolution Procedures for

Certain Disputed Claims and the Affidavit of Service [Docket No. 12857] thereof are annexed

hereto as Exhibit C.  On March 18, 2013, the Court entered the Order Implementing Alternative

Dispute Resolution Procedures for Certain Disputed Claims [Docket No. 12855] (the "ADR

Order").  A true and correct copy of the ADR Order is annexed hereto as Exhibit D.  The ADR

Order required, in part, that the Trustee and the Claimant mediate Claim No. 3634.  *See id.* at pg.

10 ¶ B (1).  The ADR Order also allows for the Trustee to serve formal discovery requests upon

the Claimant to obtain documents and information regarding his Claim No. 3634 prior to the

mediation.  *See id.* at pg. 13 ¶ D.   It also provides that failure by the Claimant to participate in

the mediation process "shall constitute grounds for disallowance with prejudice" of Claim No.

3634 "and/or the imposition of additional sanctions by the Court."  *See id.* at pg. 12 ¶ B (8).

## The Trustee's Discovery Requests and Attempts to Mediate Claim No. 3634

11.    Pursuant to the terms of the ADR Order, Trustee's counsel sent a letter attaching a

courtesy copy of the ADR Order to the Claimant on May 17, 2013 along with Defendant's First

Set of Requests for Inspection and Production of Documents to Plaintiff Brad C. King and

Defendant's First Set of Interrogatories to Plaintiff Brad C. King (collectively, the "Discovery

3

Requests"). True and correct copies of the May 17, 2013 letter and the Discovery Requests are annexed hereto as Exhibit E.

12.    On May 28, 2013, the Claimant called Trustee's counsel. During that telephone call, Trustee's counsel explained the terms of the ADR Order and the requirement to commence the mediation process concerning Claim No. 3634. Trustee's counsel also requested that the Claimant: (1) select a mediator; (2) select a location for the mediation; (3) state the amount that Claim No. 3634 seeks; and (4) respond to the Discovery Requests within 30 days of their service.

13.    Thereafter on June 20, 2013, the Claimant left a voicemail with Trustee's counsel indicating that his Claim No. 3634 was seeking $10,000,000.00.

14.    On July 5, 2013, Trustee's counsel spoke with the Claimant by telephone and requested that he state the amount that Claim No. 3634 seeks in writing as well as select a mediator and a location for the mediation, and promptly respond to the outstanding Discovery Requests.

15.    Trustee's counsel followed-up the telephone call with an e-mail to the Claimant on July 23, 2013 and a voicemail on August 14, 2013. A true and correct copy of the July 23, 2013 e-mail is annexed hereto as Exhibit F. The e-mail attached another courtesy copy of the ADR Order. *See id.*

16.    Claimant, however, did not respond to any of these communications. Trustee's Counsel then sent a letter via Federal Express and an e-mail on October 17, 2013 requesting that the Claimant participate in the mediation process by providing the requested information and responses to the Discovery Requests on or before November 8, 2013. A true and correct copy of the October 17, 2013 letter is annexed hereto as Exhibit G. This correspondence attached

4

another courtesy copy of the ADR Order for Claimant and advised that the Trustee would request the Court to disallow Claim No. 3634 for failure to participate in the Court ordered mediation if a response was not received by November 8, 2013.  *See id.*

17.    To date, the Claimant has not responded.

18.    The repeated attempts to get the Claimant to participate in the mediation process and to produce the requested documents and information for seven months has resulted in unnecessary costs and delay.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 14, 2014.

*/s/ Martin A. Krolewski*
Martin A. Krolewski

5

# KROLEWSKI DECLARATION

# EXHIBIT A

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted : (Check only one box below:)**

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)

- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)

- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

*NOTE: This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property): <br> **KING, BRAD C** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:     NameID: 5028886     PackID: 389476 <br><br> KING, BRAD C <br> 22628 US HWY 70 <br> WILSON OK 73463 <br>      Telephone number: 580-668-1265 | **Court Claim Number:**_____ <br> *(If known)* <br><br> Filed on:_____ |
| Name and address where payment should be sent (if different from above): <br><br><br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**   $ Unknown

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Personal Injury - Workers Compensation
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 3875

   **3a. Debtor may have scheduled account as:** Bradley C. King
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

   **Value of Property:** $_____   **Annual Interest Rate** ___%

   **Amount of arrearage and other charges as of time case filed included in secured claim,**

   if any: $_____    **Basis for perfection:** _____

   **Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| | |
|---|---|
| **Date:** 01/09/09 | **Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> *Bradley C. King* |
| **FOR COURT USE ONLY** <br> RECEIVED <br> JAN 13 2009 <br> KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

MasterCode: 10042925

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

083565306121807422021477

Circuit City Location: 567

| Oklahoma | Circuit City Stores |
|---|---|

## Circuit City Stores
## Medical Treatment Form

The following patient is employed by Circuit City Stores:

BRAD KING

This employee has reported a work-related injury which occured on
APPROX MARCH 3            . We have referred the injured employee to you for treatment of this workers' compensation injury. For treatment authorization and approval **following the 1st visit**, please contact:

**SRS MedBill**
**P.O. Box 14205**
**Lexington, KY 40512**
**(856)355-4471 Phone**
**(866)913-0268 Fax**

All medical bills should be mailed to the above address.

Circuit City supports temporary alternate return to work when available. Please specify any temporary restrictions and provide and estimated full duty release date on the work status note.

Store/Ops Manager _____

Phone #: 580-226-3280 ext 304 Date: 4-8-08

Case 08-35653-KRH Doc 4825 Filed 09/14/09 Entered 09/14/09 15:50:07 Desc Main
Document Page 1 of 7

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | **CHAPTER 11** |
| | ) | |
| **Circuit City Stores, Inc., et al.,** | ) | **Case No. 08-35653 (KRH)** |
| | ) | **Claim No. 3637** |
| Debtor(s) | ) | **(Jointly Administered)** |

## CLAIMANT'S RESPONSE TO DEBTOR'S THIRTIETH
## OMNIBUS OBJECTION TO CLAIMS

In response the Claimant, Brad C. King, respectfully represent:

1.    Claimant, Brad C. King, suffered an on-the-job injury on approximately March 3, 2008, while employed by Circuit City Stores in Ardmore, Oklahoma.

2.    Claimant's injury has been determined to be work-related by the Oklahoma Worker's Compensation Court.

3.    Claimant, Brad C. King, continues to be disabled and unable to work.

Wherefore, Claimant, Brad C. King, request the Court to enter an Order Overruling Debtor's Thirtieth Omnibus Objection to Claims and grant such other and further relief as the Court deems appropriate.

Dated September 8, 2009.

Brad C. King
22628 US HWY 70
Wilson OK 73463
(580) 668-1265
CLAIMANT – Claim #3637

Case 08-35653-KRH   Doc 4841   Filed 09/14/09   Entered 09/14/09 15:15:07   Desc Main
Document   Page 2 of 7

# AFFIDAVIT OF BRAD C. KING

STATE OF OKLAHOMA )
                  )          ss
COUNTY OF CARTER  )

      **COMES NOW**, Brad C. King after being duly sworn and on his Oath states as follows:

1.     My name is Brad C. King, I am a resident of Carter County, Oklahoma.

2.     Starting in October, 2007, I was doing a job, by myself for the most part, that had previously been done by three (3) people. I had repeatly asked the shipping manager and the supervisor to fill the open position. Having also spoken with the warehouse operations manager and the warehouse manager. I was lifting, turning then sitting down cartons weighing between twenty (20) to eighty (80) pounds. Some days there was six thousand (6,000) or more of these cartons. Having worked the majority of the busiest time of the year by myself. I began having back pain in March, 2008, that continues to this day.

**FURTHER AFFIANT SAYETH NOT.**

_____
BRAD C. KING

Subscribed and sworn to before me this 8th day of September, 2009.

_____
NOTARY PUBLIC

My Commission Expires: 2/2/2013
My Commission No.: 0500 1208

DANELL BRAY
NOTARY PUBLIC-STATE OF OKLAHOMA
CARTER COUNTY
MY COMMISSION EXPIRES 02-02-2013
COMMISSION # 05001208

Case 08-35653-KRH   Doc 4843   Filed 09/14/09   Entered 09/14/09 15:15:07   Desc Main
Document   Page 3 of 7

# AFFIDAVIT OF MOLLY GODDARD

STATE OF OKLAHOMA )
                    )     ss
COUNTY OF CARTER )

       **COMES NOW**, Molly Goddard after being duly sworn and on her Oath states as
follows:

      1.      My name is Molly Goddard, I am a resident of Carter County, Oklahoma.

      2.      Between October, 2007 and March, 2008, I witnessed Brad C. King do the work
that had previously been done by three (3) people.  This included lifting 20 to 80
pounds numerous times a day.

**FURTHER AFFIANT SAYETH NOT.**

MOLLY GODDARD

Subscribed and sworn to before me this 8th day of September, 2009.

DANELL BRAY
NOTARY PUBLIC·STATE OF OKLAHOMA
CARTER COUNTY
MY COMMISSION EXPIRES 02-02-2013
COMMISSION # 05001208

NOTARY PUBLIC

My Commission Expires: 2/2/2013
My Commission No.: 05001208

Case 08-35653-RRH   Doc 4644   Filed 09/14/09   Entered 09/14/09 13:15:07   Desc Main
Document   Page 4 of 7

# AFFIDAVIT OF JOE KEITH

STATE OF OKLAHOMA )
         )   ss
COUNTY OF CARTER  )

**COMES NOW,** Joe Keith after being duly sworn and on his Oath states as follows:

1. My name is Joe Keith, I am a resident of Carter County, Oklahoma.

2. Between October, 2007 and March, 2008, I witnessed Brad C. King do the work
that had previously been done by three (3) people.  This included lifting 20 to 80
pounds numerous times a day.

**FURTHER AFFIANT SAYETH NOT.**

_____
JOE KEITH

Subscribed and sworn to before me this 8th day of September, 2009.

DANELL BRAY
NOTARY PUBLIC-STATE OF OKLAHOMA
CARTER COUNTY
MY COMMISSION EXPIRES 02-02-2013
COMMISSION # 05001208

_____
**NOTARY PUBLIC**

My Commission Expires:  02-02-13
My Commission No.:  05001208

## AFFIDAVIT OF CHARLETTA UPTON

STATE OF OKLAHOMA )
                      )    ss
COUNTY OF CARTER   )

    **COMES NOW**, Charletta Upton after being duly sworn and on her Oath states as follows:

1.    My name is Charletta Upton, I am a resident of Carter County, Oklahoma.

2.    I worked at Circuit City in the shipping department. My job title was Shipping Clerk and I had worked for the company for Ten and one-half (10½) years. My job duties was to clear off and make sure every box was cleared, so I was aware of what the volume was in each area and how many people was required in each area, prior to 1996 there was three (3) people in that area. The area the Brad C. King worked should have had at least three (3) people to do that area, but there were times that he was the only one throwing that area with heavy volume and he did that more than three (3) times a week. He also did that during peak season which was the heaviest time of the year. The area that Brad C. King worked in was also the area that had boxes that weigh up to seventy-five pounds (75 lbs) and through an average of six thousand (6,000) boxes. The other area had an average weight of five (5) to thirty (30) pounds and had four (4) peoples in that area.

**FURTHER AFFIANT SAYETH NOT.**

**CHARLETTA UPTON**

Subscribed and sworn to before me this 8th day of September, 2009.

DANELL BRAY
NOTARY PUBLIC-STATE OF OKLAHOMA
CARTER COUNTY
MY COMMISSION EXPIRES 02-02-2013
COMMISSION # 05001208

**NOTARY PUBLIC**

My Commission Expires: 2/2/2013
My Commission No.: 500 1208

## AFFIDAVIT OF VELVET SCOTT

STATE OF OKLAHOMA )
                   )    ss
COUNTY OF CARTER )

**COMES NOW**, Velvet Scott after being duly sworn and on her Oath states as follows:

1.     My name is Velvet Scott, I am a resident of Carter County, Oklahoma.

2.     Between October, 2007 and March, 2008, I witnessed Brad C. King do the work that had previously been done by three (3) people. This included lifting 20 to 80 pounds numerous times a day.

**FURTHER AFFIANT SAYETH NOT.**

_____
VELVET SCOTT

Subscribed and sworn to before me this 8th day of September, 2009.

```
DANELL BRAY
NOTARY PUBLIC-STATE OF OKLAHOMA
CARTER COUNTY
MY COMMISSION EXPIRES 02-02-2013
COMMISSION # 05001208
```

_____
NOTARY PUBLIC

My Commission Expires: 02/02/2013
My Commission No.: 05001208

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 11 |
| | ) | |
| Circuit City Stores, Inc., <u>et al.</u>, | ) | Case No.  08-35653 (KRH) |
| | ) | Claim No. 3637 |
| Debtor(s) | ) | (Jointly Administered) |

## CLAIMANT'S RESPONSE TO DEBTOR'S THIRTIETH
## OMNIBUS OBJECTION TO CLAIMS

In response the Claimant, Brad C. King, respectfully represent:

1.     Claimant, Brad C. King, suffered an on-the-job injury on approximately March 3, 2008, while employed by Circuit City Stores in Ardmore, Oklahoma.

2.     Claimant's injury has been determined to be work-related by the Oklahoma Worker's Compensation Court.

3.     Claimant, Brad C. King, continues to be disabled and unable to work.

Wherefore, Claimant, Brad C. King, request the Court to enter an Order Overruling Debtor's Thirtieth Omnibus Objection to Claims and grant such other and further relief as the Court deems appropriate.

Dated September 8, 2009.

Brad C. King
22628 US HWY 70
Wilson OK  73463
(580) 668-1265
CLAIMANT – Claim #3637

# KROLEWSKI
# DECLARATION

# EXHIBIT B

10/31/2012  11:30:44 AM        SEDGWICK CMS                    PAGE 4    OF 5

BEFORE THE WORKERS' COMPENSATION COURT OF THE STATE OF OKLAHOMA

In re claim of:

**BRADLEY CON KING**
      Claimant

**CIRCUIT CITY STORES INC**
      Respondent

**OLD REPUBLIC INSURANCE CO**
      Ins. Carrier

**FILED**
WORKERS' COMPENSATION COURT
STATE OF OKLAHOMA
October 17, 2012
Joyce Sanders
COURT CLERK

Court Number: 2010-06413H

Claimant's Social Security
Number: xxx-xx-7354

## ORDER REOPENING CLAIM ON CHANGE OF CONDITION FOR THE WORSE AND AWARDING ADDITIONAL TEMPORARY TOTAL DISABILITY

Now on this 10th day of   OCTOBER, 2012, this cause came on for consideration pursuant to regular assignment and hearing on SEPTEMBER 27, 2012, before JUDGE MICHAEL J HARKEY, at Oklahoma City, Oklahoma, at which time claimant appeared in person and by counsel, JOHN R COLBERT and respondent and insurance carrier appeared by counsel, H GRADY PARKER JR.

The Court having considered the evidence and records on file, and being well and fully advised in the premises FINDS AND ORDERS AS FOLLOW:

- 1 -

THAT on JULY 15, 2011 an order was entered herein finding that on MARCH 3, 2008, claimant sustained an accidental personal injury arising out of and in the course of claimant's employment, for which an award of 18 percent permanent partial disability to the LUMBAR SPINE was entered.

- 2 -

THAT subsequent to that order, claimant sustained a change in physical condition for the worse to the LUMBAR SPINE.

- 3 -

THAT at time of injury, claimant's wages were sufficient to establish the rates of compensation at $352.80 per week for temporary total disability and $289.00 per week for permanent partial disability.

2010-06413H
Page 2

- 4 -

THAT as a result of said change of condition, claimant is now temporarily totally disabled and in need of further medical treatment, care and attention, and is entitled to compensation for such disability. Compensation is due from JUNE 27, 2012 to DATE (DUE TO SURGERY), a period of 15 weeks and 0 days in the amount of $5,292.00. Compensation shall continue for one hundred fifty-six (156) weeks in the aggregate, except for good cause shown after review and order of this Court pursuant to Title 85, Section 22(2)(C), Oklahoma Statutes.

- 5 -

THAT determination of underpayment and/or overpayment of temporary total disability compensation is reserved for future hearing.

- 6 -

THAT determination of permanent disability, if any, sustained by claimant as a result of said change of condition is reserved for future hearing.

- 7 -

THAT respondent shall provide claimant with Option C as recommended by Working Rehabilitation's report of NOVEMBER 21, 2011.

- 8 -

THAT respondent or insurance carrier shall provide the claimant with such medical, diagnostic, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be reasonable and necessary after the claimant's injury to the LUMBAR SPINE , subject to the diagnostic testing limitation in 85 O.S., Section 326(F) and treatment guidelines of the Work Loss Data Institute's *Official Disability Guidelines* (ODG), Physician Advisory Committee's Oklahoma Treatment Guidelines (OTG) or certified workplace medical plan, as applicable.

- 9 -

THAT respondent or insurance carrier shall pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury.

- 10 -

THAT respondent or insurance carrier shall pay to claimant the amount of compensation which has accrued to date, as shown above.

- 11 -

THAT pursuant to Title 85 O.S. Section 368, a filing fee of one hundred thirty dollars ($130.00) is taxed as a cost in this matter, and shall be paid by claimant to the Court Administrator unless a filing fee for claimant's motion to reopen was previously paid, within twenty (20) days from the date this order becomes final.

BEFORE THE WORKERS' COMPENSATION COURT OF THE STATE OF OKLAHOMA

In re claim of:

**FILED**

WORKERS' COMPENSATION COURT
STATE OF OKLAHOMA
July 15, 2011
Robert L. Tharp
COURT CLERK

BRADLEY CON KING )
    Claimant )
  ) Court Number: 2010-06413H
CIRCUIT CITY STORES INC )
    Respondent )
  ) Claimant's Social Security
  ) Number: 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
OLD REPUBLIC INSURANCE CO )
    Ins. Carrier )

## ORDER AWARDING THE NATURE AND EXTENT OF PERMANENT PARTIAL DISABILITY BENEFITS

Now on this 14th day of JULY, 2011, this cause came on for consideration pursuant to regular assignment and hearing on JULY 13, 2011, before JUDGE MICHAEL J HARKEY, at Oklahoma City, Oklahoma, at which time claimant appeared in person and by counsel, JOHN R COLBERT and respondent and insurance carrier appeared by counsel, H GRADY PARKER JR.

The Court having considered the evidence and records on file, and being well and fully advised in the premises FINDS AND ORDERS AS FOLLOWS:

- 1 -

THAT on AUGUST 31, 2010 an order was entered herein finding that claimant sustained an accidental personal injury as a result of cumulative trauma to the LUMBAR SPINE arising out of and in the course of claimant's employment with last exposure on MARCH 3, 2008, which order established all jurisdictional issues herein.

- 2 -

THAT at time of injury, claimant's wages were sufficient to establish the rates of compensation at $352.80 per week for temporary total disability and $289.00 per week for permanent partial disability.

- 3 -

THAT respondent is entitled to credit for overpayment of temporary total disability compensation from NOVEMBER 3, 2009 to MAY 9, 2010, a period of 26 weeks and 5 days in the amount of $9,525.60 to be deducted from the latter end of the award herein.

2010-06413H
Page 2

- 4 -

THAT as a result of said injury, claimant sustained 18 percent permanent partial disability to the LUMBAR SPINE (permanent anatomical abnormality by MRI), for which claimant is entitled to compensation for 90 weeks at $289.00 per week, or the total amount of $26,010.00 of which 88 weeks have accrued and shall be paid in a lump sum $25,432.00.

- 5 -

THAT surgery was recommended by the claimant declined as was his right.

- 6 -

THAT the claimant has significant restrictions.

- 7 -

THAT respondent and/or insurance carrier shall reimburse claimant for the following:
    March 7, 2011 -    Dr. Reynolds
    March 29, 2011-    Dr. Moorad
        IN THE AMOUNT OF $339.18 (UNLESS PAID) AND
    June 28, 2011 -    Dr. Young
        IN THE AMOUNT OF $113.06 (UNLESS PAID).

- 8 -

THAT DR. A. E. MOORAD is authorized to provide the claimant with continuing medical maintenance for prescription medications with 12 visits per year for monitoring. The continuing medical maintenance authorized herein, is subject to the rules, limitations and requirements of the Oklahoma Guidelines for Prescription of Opioid Medications for Acute and Chronic Pain. (See www.owcc.state.ok.us/guidelines.htm)

- 9 -

THAT respondent and/or insurance carrier shall furnish claimant with a Vocational Rehabilitation Evaluation with WILSON REHABILITATION SERVICES, for which a separate order will be issued forthwith.

- 10 -

THAT respondent and/or insurance carrier shall pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury up to the date of hearing only.

- 11 -

THAT respondent or insurance carrier shall pay claimant the accrued portion of the award herein in lump sum of $25,432.00 and pay the balance of said award at the rate of $289.00 per week until the total award of $26,010.00 (less attorney fee and credit due respondent) has been paid to claimant.

2010-06413H
Page 3

- 12 -

THAT respondent or insurance carrier shall pay court costs; Special Occupational Health and Safety Fund Tax shall be paid in the sum of $195.08 representing three-fourths of one percent (0.75%).

- 13 -

THAT pursuant to Title 85 O.S. Section 93, a final award fee of one hundred forty dollars ($140.00) is taxed as a cost in this matter, and shall be paid by respondent to the Court Administrator.

- 14 -

THAT the sum of $5,202.00 shall be deducted from the award herein and paid in lump sum to claimant's attorney as a fair and reasonable attorney fee; within twenty (20) days from the date of filing of this order, respondent or insurance carrier shall comply herewith.

BY ORDER OF:

/s/ Michael J. Harkey

MICHAEL J HARKEY, JUDGE

pj/KAmos

A copy of the above and foregoing Court Order was mailed, by regular or Certified United States Mail, on this filed stamped date to:

Claimant's Attorney:      JOHN R COLBERT
                          PO BOX 1421
                          ARDMORE, OK 73402-1421


Respondent's Attorney:    H GRADY PARKER JR
                          PO BOX 468
                          OKLAHOMA CITY, OK 73101-0468

08/02/2011 3:29:00 PM -0500 SEDGWICK CMS          PAGE 10   OF 10

2010-06413H
Page 4

I do hereby certify that the above and foregoing is a true and correct copy of the original order signed by the judge herein. Witness by my hand and the official seal of this court on this date.

Court Clerk
July 15, 2011

# KROLEWSKI
# DECLARATION

# EXHIBIT C

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## MOTION FOR AN ORDER IMPLEMENTING ALTERNATIVE DISPUTE
## RESOLUTION PROCEDURES FOR CERTAIN DISPUTED CLAIMS

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores,

Inc. Liquidating Trust (the "Trust"), hereby moves the Court (the "Motion") for the entry of an

order implementing certain alternative dispute resolution procedures (the "ADR Procedures") to

facilitate the resolution of certain disputed litigation claims (the "ADR Claims") filed against the

Debtors' estates.  By this Motion, the Trust seeks approval of ADR Procedures that (a) are

similar to the successful dispute resolution and mediation procedures the Court implemented for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

over 500 avoidance actions filed by the Trust, and (b) will serve judicial economy, speed the

time within which the ADR Claims will be resolved and reduce potentially unnecessary litigation

costs for the Trust and claimants.  In further support of the Motion, the Trust respectfully states:

## JURISDICTION

1.      This Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. §§ 157(A) and 1334.  Venue of these chapter 11 cases in this District is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").

3.      On December 10, 2008, the Court entered the *Order Pursuant to*

*Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)*

*Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form*

*and Manner of Notice Thereof* (Docket No. 890), which established January 30, 2009 (the

"General Bar Date") as the deadline for non-governmental entities to file claims against the

Debtors that arose before the Petition Date.

4.      On April 1, 2009, the Court entered the *Order Establishing Omnibus*

*Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections*

(Docket No. 2881) (the "Omnibus Objections Procedures Order").  Among other things, the

Omnibus Objections Procedures Order implemented procedures governing the filing of omnibus

claims objections and established minimum requirements for responding to an objection.  The

Omnibus Objections Procedures Order also provides that the resolution of any claim subject to an omnibus objection is a contested matter under Bankruptcy Rule 9014.

5.    On May 15, 2009, the Court entered the *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (i) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (ii) Approving Form and Manner of Notice Thereof* (Docket No. 3354), which established June 30, 2009 (the "Administrative Bar Date") as the deadline for filing requests for payment of administrative expenses against the Debtors.

6.    On September 10, 2010, the Court entered its *Findings of Fact, Conclusions of Law and Order* (the "Confirmation Order") *Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Joint Plan"). Among other matters provided for in the Confirmation Order, in paragraphs 11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors' estates that were transferred to the Liquidating Trust.

7.    The Joint Plan became effective on November 1, 2010. Pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors, including the right and responsibility to reconcile and, when necessary, prosecute objections to claims.

Case 08-35653-KRH    Doc 12820    Filed 02/25/13    Entered 02/25/13 18:09:40    Desc
Main Document    Page 4 of 36

8.    On February 14, 2012, the Court entered the *Order Establishing Supplemental Bar Date for Filing Requests for Payment of Administrative Expenses for Specified Individuals and Related Relief* (Docket No. 11714). The Limited PI Bar Date Order established March 30, 2012 (the "Limited PI Bar Date") as the deadline for certain personal injury claimants who (i) might have asserted personal injury claims against one or more of the Debtors' insurance carriers with respect to post-petition incidents, and (ii) who may not have received notice of the Administrative Bar Date, to file administrative expense requests regarding their claims.

9.    From time to time since April 1, 2009, the Debtors and/or the Trust has filed numerous omnibus claim objections pursuant to the Omnibus Objections Procedures Order. Each of the ADR Claims is the subject of a pending omnibus claim objection. The ADR Claims are listed and summarized on the schedule attached hereto as Exhibit A.

10.    On March 9, 2011, the Court entered the *Amended Order Establishing Procedures for Avoidance Action Adversary Proceedings* (Docket No. 10107) (the "Adversary Proceeding Procedures Order"). Among other things, the Adversary Proceeding Procedures Order implemented mandatory mediation procedures for the over 500 avoidance actions filed by the Trust. The Adversary Proceeding Procedures Order has enabled the Trust to resolve the overwhelming majority of the avoidance actions at or before mediation, for significantly reduced cost and with limited Court involvement. Of the 568 avoidance actions governed by the Adversary Proceeding Procedures Order, only approximately 25 remain pending.

11.    The ADR Claims consist of disputed litigation claims against the Debtors, including various prepetition tort claims filed by the General Bar Date, and post-

petition personal injury claims filed by the Limited PI Bar Date. The Trust has not been able to

resolve the ADR Claims informally for various reasons, including the Trust's need to obtain

additional factual information regarding the incidents giving rise to the ADR Claims. The ADR

Procedures will prompt the exchange of relevant information that will assist in the early

resolution of the ADR Claims and, further, will allow the parties to explore settlement before

time-consuming and costly discovery and trial. Without the ADR Procedures, the Trust will

have no choice by to initiate formal discovery and litigation, which will dramatically increase

costs for both sides, delay resolution and undermine settlement.

12.    Resolving the ADR Claims through mediation will also (i) minimize the

burden of these cases on the Court, (ii) accelerate the Trust's ability to make distributions on

account of ADR Claims, once they are resolved and allowed, and (iii) enable the Trust to

release significant amounts currently held in disputed claim reserves on account of the ADR

Claims.

## RELIEF REQUESTED

13.    By this Motion, the Trust requests approval of mediation and other

related procedures for addressing the pending objections to the ADR Claims. The ADR

Procedures will facilitate the consensual resolution of the ADR Claims, while preserving all

parties' rights should mediation fail to produce a settlement.

## BASIS FOR RELIEF

14.    The statutory predicates for the relief sought in this motion are

Bankruptcy Code section 105(a) and Bankruptcy Rules 9014 and 7016. Section 105(a) states

that the bankruptcy court "may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section

105(d) and Bankruptcy Rule 7016, which the Court may apply to the ADR Claims pursuant to

Bankruptcy Rule 9014, give the Court discretion to manage the ADR Claims to facilitate their

"just, speedy, and inexpensive disposition []." 11 U.S.C. § 105(d); Bankruptcy Rule 7016.

15.    The ADR Procedures also are consistent with 28 U.S.C. § 157(b)(5).

Although that provision prevents this Court from conducting a trial on personal injury claims, it

does not prevent this Court from overseeing and adopting pretrial proceedings for personal

injury claims. *See, e.g., In re Freeway Foods of Greensboro, Inc.*, 466 B.R. 750, 777 (Bankr.

M.D.N.C. 2012) (recognizing that a bankruptcy court has the authority to preside over pretrial

matters related to personal injury claims); *In re UAL Corp.*, 310 B.R. 373, 381 (Bankr. N.D. Ill.

2004) (stating that section 157(b) "requires transfer of [a personal injury] claim objection only

for trial. . . the provision allow[s] for *pretrial* consideration of personal injury tort claims by the

bankruptcy court, including a determination that such a claim is legally unenforceable")

(emphasis original); *In re President Casinos, Inc.*, 391 B.R. 20, 25 (Bankr. E.D. Mo. 2008)

(enforcing mandatory mediation procedures implemented with respect to disputed personal

injury claims and disallowing claim of creditor who failed to timely file a mediation statement

and could not establish that its untimeliness constituted excusable neglect).

**Proposed ADR Procedures**

16.    The Trust proposes the following ADR Procedures to facilitate the

prompt resolution of the ADR Claims:

  a. Initiation of ADR Procedures. The Trust will serve a copy of the order
   approving this motion (the "ADR Procedures Order") and the ADR
   Procedures on each ADR Claimant and their known attorney, if any,

within ten (10) days of entry of the ADR Procedures Order. The Trust will serve these documents at the address(es) listed in each claimant's proof of claim and any additional address(es) provided in the response the claimant filed to the omnibus objection to its claim.

b.    Mandatory Mediation. Mediation will be required for all ADR Claims in accordance with the following procedures and timetable:

(1)    Within sixty (60) days after the date of service of the ADR Procedures Order and the ADR Procedures, the parties must have commenced the mediation process by having (a) selected a mediator from the Court approved list of mediators attached as Exhibit 3 to ADR Procedures Order, (b) agreed in writing to the terms of the Mediator, including as to compensation and reimbursement of costs, and (c) scheduled a date for the mediation that is not later than 120 days after the date of service of the ADR Procedures Order.

If a claimant does not select a mediator within thirty (30) days after the date of service of the ADR Procedures Order, then the Trust shall promptly (i) assign a mediator to the case and (ii) so notify the claimant. Each mediator selected by this process shall hereafter be referred to as the "Mediator."

It is preferred that the mediation occur in Richmond, Virginia. If mediation occurs in Richmond, the Trust shall pay all of the Mediator's fees and expenses. If a claimant is not able or willing to mediate its ADR Claims in Richmond, Virginia, the claimant and the Trust shall each pay one-half of the Mediator's total fees and expenses. The Trust shall also pay all of the Mediator's fees and expenses in connection with any ADR Claim asserted in a face amount of $100,000 or less.

(2)    Unless otherwise agreed in writing by both parties and the Mediator, (a) at least ten (10) days before the scheduled mediation, the parties shall exchange written position statements and submit the statements to the Mediator, and (b) the position statements shall not exceed ten (10) pages double-spaced (exclusive of exhibits and schedules) and shall include all documents regarding the claimant's injuries and/or damages, as well as any expert reports. The Mediator may also require the parties to provide the Mediator with any additional relevant papers and exhibits.

(3)    The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

(4)     The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel, if any, for each party and a representative of each party having full settlement authority shall attend the mediation in person.

(5)     The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

(6)     All proceedings and writings incident to the mediation process, including informal discovery exchanged between the parties, will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

(7)     The mediation must be finally concluded no later than 180 days after the date of service of the ADR Procedures Order.

(8)     A claimant's failure (a) to submit the required submissions as provided in the ADR Procedures or as may be agreed to by the Mediator or ordered by the Court, or (b) to attend the mediation as required, shall constitute grounds for the disallowance with prejudice of such claimant's ADR Claim and/or the imposition of additional sanctions by the Court.

(9)     Within ten (10) days after the conclusion of the mediation, the Mediator will file a report which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the parties resolved the objection to the applicable ADR Claim (the "Mediator's Report").

(10)    If an ADR Claim is not settled or resolved during the mediation process, then the parties shall appear before the Court for a status conference (the "Status Conference") to take place at the next scheduled omnibus hearing in the bankruptcy cases after the Mediator's Report is filed. The Trust must file with the Court, and serve on the applicable claimant (or his or her attorney), a notice of Status Conference, provided however, that a minimum of fourteen (14) days' notice of the Status Conference is required.

c.      Application of Existing Case Management Orders. Each of (i) the Omnibus Objection Procedures Order, (ii) the Court's November 13, 2008

*Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* (Docket No. 130), and (iii) the Court's December 30, 2009 *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* (Docket No. 6208) (the "Case Management Order"), remain in full force and effect.

d.   Right to Formal Discovery if Informal Discovery is Not Provided. The Trust and the claimants shall exchange informal discovery regarding the ADR Claims, including expert reports and medical records, when applicable. Nothing in the ADR Procedures, however, shall limit the right of the Trust or any claimant right to take formal discovery of the other party pursuant to the Omnibus Objection Procedures Order and Federal Rule 9014, if they are unable to obtain relevant information on an informal, voluntary basis.

e.   Extensions of Time. Any of the deadlines imposed under paragraph (2) of the ADR Procedures may be extended on written consent (which may be email) of both parties and the Mediator.

f.   Additional ADR Claims. The Trust may seek to impose the ADR Procedures on additional disputed claims. Any such request shall be made by motion on notice to the affected claimant.

17.   These ADR Procedures will assist the Trust in its efforts to resolve the ADR Claims fairly, expeditiously, and cost-effectively, thereby reducing expenses and maximizing value for the benefit of creditors. These ADR Procedures will also enable the Trust to make distributions to ADR claimants more quickly and to release significant funds held in reserve pending the resolution and allowance of the ADR Claims. Like the mediation procedures implemented by the Adversary Proceeding Procedures Order, the ADR Procedures will promote judicial economy by reducing the number of issues and/or ADR Claims requiring Court intervention, while simultaneously preserving all claimants' rights if mediation is not successful.

18.     For each of these reasons, the Trust respectfully requests that the Court

approve the ADR Procedures.

### NOTICE

19.     Notice of this Motion is being provided to all ADR Claimants and to

other parties-in-interest in accordance with the Case Management Order.  In light of the nature

of the relief requested, the Trust respectfully submits that no further notice is necessary.

### NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made to this

Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially

in the form annexed hereto as Exhibit B, granting the relief requested in the Motion, and such

other and further relief as may be just and proper.

Dated:  February 25, 2013

TAVENNER & BERAN, P.L.C.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
           pberan@tb-lawfirm.com

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2013 a true copy of the foregoing Motion for an Order Implementing Alternative Dispute Resolution Procedures for Certain Disputed Claims was served via overnight delivery on the ADR Claimants and via electronic mail to all parties receiving service through the Court's ECF system and either electronically or by first-class mail, postage prepaid, to all parties on the Core Group and the 2002 Service List as defined in the Case Management Order and updated and maintained on the KCC website, www.kccllc.net/circuitcity.

_____/s Lynn L. Tavenner_____
                Co-Counsel

# EXHIBIT A

## (ADR Claims)

08-35653-KRH    Doc 12820   Filed 02/25/13   Entered 02/25/13 18:09:40   Desc
Main Document     Page 14 of 36

## Exhibit A

### ADR Claims

| Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|
| 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| 5144 | 1/23/2009 | $100,000 | General Unsecured |
| 15270 | 5/16/2012 | $25,000 | General Unsecured |
| 14825 | 3/8/2010 | $150,000 | General Unsecured |
| 9295 | 1/30/2009 | $75,000 | General Unsecured |
| 4272 | 1/19/2009 | $250,000 | General Unsecured |

# **EXHIBIT B**

## **(Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## ORDER IMPLEMENTING ALTERNATIVE DISPUTE
## RESOLUTION PROCEDURES FOR CERTAIN DISPUTED CLAIMS

Upon the Motion (the "Motion")[2] of Alfred H. Siegel (the "Trustee"), the duly appointed

trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), for an Order Implementing

Alternative Dispute Resolution Procedures for Certain Disputed Claims, and the Court having

reviewed the Motion; and the Court having determined that the relief requested in the Motion is

in the best interests of creditors and other parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and

upon the record herein; and after due deliberation thereon; and good and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).
[2]  Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

1.    The Motion is GRANTED, and the procedures set forth in Exhibit 2 to this Order (the "ADR Procedures") are hereby approved and shall govern the ADR Claims listed on Exhibit 1 to this Order, effective as of the date of this Order.

2.    Each person listed on the Approved List of Mediators attached as Exhibit 3 to this Order is hereby approved as an authorized Mediator.

3.    The Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Omnibus Objections Procedures Order shall apply to the ADR Claims, except to the extent that they conflict with the ADR Procedures.

4.    The time periods set forth in this Order and the ADR Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

6.    Adequate notice of the relief sought in the Motion has been given and no further notice is required.

7.    The Court retains jurisdiction to hear and determine all matters arising

from or related to the implementation or interpretation of this Order.


Dated: _____, 2013

Richmond, Virginia                    _____
                                      The Honorable Kevin R. Huennekens
                                      United States Bankruptcy Judge



**WE ASK FOR THIS:**


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy: (212) 808-7897

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*


**SEEN AND NO OBJECTION:**


_____
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
1015 East Main Street, First Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

# EXHIBIT 1

## (ADR Claims)

## Exhibit A

**ADR Claims**

| Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|
| 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| 5144 | 1/23/2009 | $100,000 | General Unsecured |
| 15270 | 5/16/2012 | $25,000 | General Unsecured |
| 14825 | 3/8/2010 | $150,000 | General Unsecured |
| 9295 | 1/30/2009 | $75,000 | General Unsecured |
| 4272 | 1/19/2009 | $250,000 | General Unsecured |

# **EXHIBIT 2**

## **(ADR Procedures)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

## ALTERNATIVE DISPUTE RESOLUTION
## PROCEDURES FOR CERTAIN DISPUTED CLAIMS

These alternative dispute resolution procedures (the "ADR Procedures") have been

approved by the United States Bankruptcy Court for the Eastern District of Virginia (the

"Court") for use with respect to the claims identified on the scheduled attached hereto as Exhibit

A (the "ADR Claims") filed against the Debtors in the above-captioned bankruptcy cases.   The

Court approved these ADR Procedures by order dated _____ __, 2013, entitled *Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

*Implementing Alternate Dispute Resolution Procedures for Certain Disputed Claims* [Docket #

_____] (the "Order"). Capitalized terms used but not defined in these ADR Procedures shall

have the meanings ascribed to them in the Order.

**PLEASE REVIEW EXHIBIT A AND THESE ADR PROCEDURES CAREFULLY**

**TO UNDERSTAND HOW THEY IMPACT YOUR CLAIM(S) AGAINST THE**

**DEBTORS.**

### ADR PROCEDURES

A.     **Initiation of Mediation Procedures**.  Pursuant to the Order, the Trust has served

these ADR Procedures and the Order on you within ten (10) days of the date on which the Order

was entered by the Court.

B.     **Mandatory Mediation**.  Mediation is required for all ADR Claims in accordance

with the following procedures and timetable:

1.     Within sixty (60) days after the date of service of the Order and the ADR

Procedures, the parties must have commenced the mediation process by having (a)

selected a mediator from the Court approved list of mediators attached hereto as Exhibit

B, (b) agreed in writing to the terms of the Mediator, including as to compensation and

reimbursement of costs, and (c) scheduled a date for the mediation that is not later than

120 days after the date of service of the ADR Procedures Order.

If a claimant does not select a mediator within thirty (30) days after the

date of service of the ADR Procedures Order, then the Trust shall promptly (i) assign a

mediator to the case and (ii) so notify the claimant.  Each mediator selected by this

process shall hereafter be referred to as the "Mediator."

It is preferred that the mediation occur in Richmond, Virginia.  If

mediation occurs in Richmond, the Trust shall pay the Mediator's fees and expenses. If a claimant is not able or willing to mediate its ADR Claim in Richmond, Virginia, the claimant and the Trust shall each pay one-half of the Mediator's total fees and expenses. The Trust shall also pay all of the Mediator's fees and expenses in connection with any ADR Claim asserted in a face amount of $100,000 or less.

2.        Unless otherwise agreed in writing by both parties and the Mediator, (a) at least ten (10) days before the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator, and (b) the position statements shall not exceed ten (10) pages double-spaced (exclusive of exhibits and schedules) and shall include all documents regarding the Claimant's injuries and damages, as well as expert reports. The Mediator may also require the parties to provide the Mediator with any additional relevant papers and exhibits.

3.        The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

4.        The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel, if any, for each party and a representative of each party having full settlement authority shall attend the mediation in person.

5.        The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has

been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

6.       All proceedings and writings incident to the mediation process, including informal discovery exchanged between the parties, will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

7.       The mediation must be finally concluded no later than 180 days after the date of service of the Order.

8.       A claimant's failure (a) to submit the required submissions as provided in these ADR Procedures or as may be agreed to by the Mediator or ordered by the Court, or (b) to attend the mediation as required, shall constitute grounds for the disallowance with prejudice of such claimant's ADR Claim and/or the imposition of additional sanctions by the Court.

9.       Within ten (10) days after the conclusion of the mediation, the Mediator will file a report which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the parties resolved the objection to the applicable ADR Claim (the "Mediator's Report").

10.      If an ADR Claim is not settled or resolved during the mediation process, then the parties shall appear before the Court for a status conference (the "Status Conference") to take place at the next scheduled omnibus hearing in the bankruptcy cases after the Mediator's Report is filed.  The Trust must file with the Court, and serve on the

applicable claimant (or his or her attorney), a notice of Status Conference, provided

however, that a minimum of fourteen (14) days' notice of the Status Conference is

required.

    **C.**    **Application of Existing Case Management Orders.**  Each of (i) the Court's

April 1, 2009 *Order Establishing Omnibus Objection Procedures and Approving the Form and

Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection

Procedures Order"); (ii) the Court's November 13, 2008 *Order Pursuant to Bankruptcy Code

Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1

and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures*

(Docket No. 130); and (iii) the Court's December 30, 2009 *Supplemental Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local

Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and

Administrative Procedures* [Docket No. 6208] (the "Case Management Order"), remain in full

force and effect.

    **D.**    **Right to Formal Discovery if Informal Discovery is Not Provided.**  The Trust

and the claimants shall exchange informal discovery regarding the ADR Claims, including

expert reports and medical records, when applicable.  Nothing in the ADR Procedures, however,

shall limit the right of the Trust or any claimant to take formal discovery of the other party

pursuant to the Omnibus Objection Procedures Order and Federal Rule 9014, if they are unable

to obtain relevant information on an informal, voluntary basis.

    **E.**    **Extensions of Time.**  Any of the deadlines imposed under paragraph (2) of these

ADR Procedures may be extended on written consent (which may be email) of both parties and

the Mediator.

**F.**    <u>**Additional ADR Claims.**</u>    The Trust may seek to impose the ADR Procedures on

additional disputed claims.  Any such request shall be made by motion on notice to the affected

claimant.

Dated: _____ __, 2013

TAVENNER & BERAN, P.L.C.

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A TO ADR PROCEDURES

### (ADR Claims)

.

## Exhibit A

### ADR Claims

| Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|
| 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| 5144 | 1/23/2009 | $100,000 | General Unsecured |
| 15270 | 5/16/2012 | $25,000 | General Unsecured |
| 14825 | 3/8/2010 | $150,000 | General Unsecured |
| 9295 | 1/30/2009 | $75,000 | General Unsecured |
| 4272 | 1/19/2009 | $250,000 | General Unsecured |

## EXHIBIT B TO ADR PROCEDURES

**(List of Approved Mediators)**

<table>
<tr><td>

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

</td><td>

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

</td></tr>
</table>

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## LIST OF PROPOSED MEDIATORS

In connection with the Motion for an Order Implementing Alternative Dispute Resolution

Procedures for Certain Disputed Claims, the Circuit City Stores, Inc. Liquidating Trust (the

"Liquidating Trust") for the estates of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") hereby files with the Court the following list of proposed mediators:

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland

Dated: February 25, 2013          TAVENNER & BERAN, P.L.C.

                                  */s/ Lynn L. Tavenner*
                                  Lynn L. Tavenner (VA Bar No. 30083)
                                  Paula S. Beran (VA Bar No. 34679)
                                  20 North Eighth Street, 2nd Floor
                                  Richmond, Virginia 23219
                                  Telephone: 804-783-8300
                                  Facsimile: 804-783-0178
                                  Email: ltavenner@tb-lawfirm.com
                                       pberan@tb-lawfirm.com
                                  -and-
                                  James S. Carr, Esq.
                                  Nicholas J. Panarella, Esq.
                                  Kristin S. Elliott, Esq.
                                  Martin Krolewski, Esq.
                                  (admitted *pro hac vice*)
                                  KELLEY DRYE & WARREN LLP
                                  101 Park Avenue
                                  New York, New York 10178
                                  Telephone: (212) 808-7800
                                  Telecopy:  (212) 808-7897

                                  *Counsel to the Circuit City Stores, Inc.*
                                  *Liquidating Trust*

## EXHIBIT 3

**(List of Approved Mediatiors)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**LIST OF PROPOSED MEDIATORS**

In connection with the Motion for an Order Implementing Alternative Dispute Resolution

Procedures for Certain Disputed Claims, the Circuit City Stores, Inc. Liquidating Trust (the

"Liquidating Trust") for the estates of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") hereby files with the Court the following list of proposed mediators:

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland

Dated: February 25, 2013            TAVENNER & BERAN, P.L.C.

                                    /s/ Lynn L. Tavenner
                                    Lynn L. Tavenner (VA Bar No. 30083)
                                    Paula S. Beran (VA Bar No. 34679)
                                    20 North Eighth Street, 2nd Floor
                                    Richmond, Virginia 23219
                                    Telephone: 804-783-8300
                                    Facsimile: 804-783-0178
                                    Email: ltavenner@tb-lawfirm.com
                                          pberan@tb-lawfirm.com
                                    -and-
                                    James S. Carr, Esq.
                                    Nicholas J. Panarella, Esq.
                                    Kristin S. Elliott, Esq.
                                    Martin Krolewski, Esq.
                                    (admitted *pro hac vice*)
                                    KELLEY DRYE & WARREN LLP
                                    101 Park Avenue
                                    New York, New York 10178
                                    Telephone: (212) 808-7800
                                    Telecopy:  (212) 808-7897

                                    *Counsel to the Circuit City Stores, Inc.*
                                    *Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| | x | |
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., | : | |
| et al., | : | |
| | : | Jointly Administered |
| Debtors.[1] | : | |
| | : | |
| | x | |

### AFFIDAVIT OF SERVICE

I, Jenna M. Convoy, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On February 25, 2013, copies of the following documents were served via electronic mail upon the parties set forth on the service list attached hereto as **Exhibit A**, and first class mail upon the parties set forth on the service lists attached hereto as **Exhibits B & C**:

1. Motion for an Order Implementing Alternative Dispute Resolution Procedures for Certain Disputed Claims (Docket No. 12820)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

2.  Notice of (A) Motion for an Order Implementing Alternative Dispute Resolution Procedures for Certain Disputed Claims and (B) Hearing Thereon; to be Held on March 11, 2013 at 2:00 p.m. [re: Docket No. 12820] (Docket No. 12821)

Dated:  March 14, 2013

_Jenna M. Convoy_
Jenna M. Convoy

State of California, County of Los Angeles
Subscribed and sworn to (or affirmed) before me on this 14th day of March, 2013, by Jenna M. Convoy, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  _____

LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

# EXHIBIT A

Exhibit A

| Name | Notice Name | Email |
|------|-------------|-------|
| Acxiom Corporation | C B Blackard III | cbblac@acxiom.com |
| Akerman Senterfitt | William C Crenshaw | bill.crenshaw@akerman.com |
| Akerman Senterfitt LLP | Mona M Murphy Esq | mona.murphy@akerman.com |
| Akerman Senterfitt LLP | William C Crenshaw | bill.crenshaw@akerman.com |
| Akin Gump Strauss Hauer & Feld LLP | Catherine E Creely | ccreely@akingump.com |
| | Charles R Gibbs | cgibbs@akingump.com |
| Akin Gump Strauss Hauer & Feld LLP | Sarah Link Schultz | sschultz@akingump.com |
| Allen & Overy LLP | Ken Coleman | ken.coleman@allenovery.com |
| Andrew S Conway Esq | | Aconway@taubman.com |
| Arent Fox LLP | Jackson D Toof | toof.jackson@arentfox.com |
| Arent Fox LLP | Katie A Lane | lane.katie@arentfox.com |
| | Darryl S Laddin | dladdin@agg.com |
| Arnall Golden Gregory LLP | Frank N White | frank.white@agg.com |
| Arnold Gallagher Saydack Percell Roberts & Potter PC | Bradley S Copeland | bcopeland@agsprp.com |
| Asmar Schor & McKenna PLLC | Michael C Crowley Esq | mcrowley@asm-law.com |
| Attorney for the Montgomery County Trustee | Austin Peay VII | bankruptcy@batsonnolan.com |
| | Gregory F Zoeller | |
| Attorney General of Indiana | LeGrand L Clark | legrand.clark@atg.in.gov |
| Attorney General of New Jersey | Anne Milgram | citizens.services@lps.state.nj.us |
| | Donald A Workman Esq | dworkman@bakerlaw.com |
| | Christopher J Giaimo Esq | cgiaimo@bakerlaw.com |
| Baker & Hostetler LLP | Dena S Kessler | dkessler@bakerlaw.com |
| Baker & McKenzie LLP | Junghye June Yeum Esq | June.Yeum@bakermckenzie.com |
| | Constantinos G Panagopoulos Esq | cgp@ballardspahr.com |
| Ballard Spahr Andrews & Ingersoll LLP | Charles W Chotvacs Esq | chotvacsc@ballardspahr.com |
| | David L Pollack Esq | pollack@ballardspahr.com |
| Ballard Spahr Andrews & Ingersoll LLP | Jeffrey Meyers Esq | meyers@ballardspahr.com |
| Ballard Spahr LLP | Jenelle M Dennis | dennisj@ballardspahr.com |
| Barnes & Thornburg LLP | Michael K McCrory Esq | mmccrory@btlaw.com |
| Bartlett Hackett Feinberg PC | Frank F McGinn | ffm@bostonbusinesslaw.com |
| Bean Kinney & Korman PC | Mitchell B Weitzman Esq | Mweitzman@beankinney.com |
| | Thomas W Repczynski & | trepczynski@offitkurman.com |
| Bean Kinney & Korman PC | Martin J Yeager | myeager@beankinney.com |
| Becket & Lee LLP | Gilbert B Weisman | notices@becket-lee.com |
| | | jmoore@bmpllp.com |
| | J Seth Moore | sdavis@bmpllp.com |
| Beirne Maynard & Parsons L.L.P. | Sarah Davis | bankruptcyemail@bmpllp.com |
| Belin Lamson McCormick Zumbach Flynn | Thomas L Flynn | tlflynn@belinlaw.com |
| | Stacey Suncine | |
| Bernstein Law Firm PC | Kirk B Burkley | kburkley@bernsteinlaw.com |
| Bewley Lassleben & Miller LLP | Ernie Zachary Park | ernie.park@bewleylaw.com |
| | Lawrence M Schwab Esq | lschwab@bbslaw.com |
| Bialson Bergen & Schwab | Gay Nell Heck Esq | Gaye@bbslaw.com |
| | Michael W Malter Esq | michael@bindermalter.com |
| Binder & Malter LLP | Julie H Rome Banks Esq | julie@bindermalter.com |
| | Regina Stango Kelbon Esq | Kelbon@blankrome.com |
| Blank Rome LLP | John Lucian Esq | Lucian@blankrome.com |
| Borges & Associates LLC | Wanda Borges Esq | ecfcases@borgeslawllc.com |
| Bracewell & Giuliani LLP | William A Trey Wood III | Trey.Wood@bglip.com |
| Bradley Arant Boult Cummings LLP | Thomas R Lynch | tlynch@babc.com |
| Brian T Hanlon | | bhanlon@pbcgov.org |
| | Kenneth C Johnson | kjohnson@bricker.com |
| Bricker & Eckler LLP | Andria M Beckham | abeckham@bricker.com |
| Broad and Cassel | Roy S Kobert Esq | rkobert@broadandcassel.com |
| Bronwen Price | Gail B Price Esq | gail@bronwenprice.com |
| Brooks Wilkins Sharkey & Turco PLC | Paula A Hall | hall@bwst-law.com |
| Brown Connery LLP | Donald K Ludman | dludman@brownconnery.com |

| Name | Notice Name | Email |
|---|---|---|
| Bryan Cave LLP | PJ Meitl | pj.meitl@bryancave.com |
| | Craig C Chiang Esq | cchiang@buchalter.com |
| Buchalter Nemer A Professional Corporation | Shawn M Christianson Esq | schristianson@buchalter.com |
| | William D Buckner | wbuckner@bamlaw.net |
| Buckner Alani & Mirkovich | Catherine J Weinberg | cweinberg@bamlaw.net |
| Canon USA Inc | Ruth Weinstein | rweinstein@cusa.canon.com |
| Cantor Arkema PC | David K Spiro Esq | dspiro@cantorarkema.com |
| Carlton Fields PA | John J Lamoureux Esq | jlamoureux@carltonfields.com |
| Carmody MacDonald PC | John E Hilton | jeh@carmodymacdonald.com |
| Carroll & Carroll PLLC | Scott P Carroll Esq | lawcarroll@aol.com |
| Carter Ledyard & Milburn LLP | Aaron R Cahn | cahn@clm.com |
| Chiariello & Chiariello | Dominic L Chiariello | dc@chiariello.com |
| | Augustus C Epps | aepps@cblaw.com |
| | Michael D Mueller | mmueller@cblaw.com |
| Christian & Barton LLP | Jennifer M McLemore | jmclemore@cblaw.com |
| | Michael D Mueller Esq | mmueller@cblaw.com |
| | Jennifer M McLemore Esq | jmclemore@cblaw.com |
| Christian & Barton LLP | Noelle M James Esq | njames@cblaw.com |
| Ciardi Ciardi & Astin PC | Albert A Ciardi III Esq | aciardi@ciardilaw.com |
| City & County of Denver | David V Cooke | david.cooke@denvergov.org |
| City of Fort Worth Sr Assistant City Attorney | Christopher B Mosley | Chris.Mosley@fortworthgov.org |
| City of Newport News VA City Attorney | Joseph M Durant | jdurant@nngov.com |
| | Karen C Bifferato Esq | kbifferato@cblh.com |
| Connolly Bove Lodge & Hutz LLP | Christina M Thompson Esq | cthompson@cblh.com |
| Contrarian Capital Management LLC | Kimberly Gianis | kgianis@contrariancapital.com |
| Cook Heyward Lee Hopper & Feehan PC | David D Hopper Esq | ddhopper@chlhf.com |
| Cooley Godward Kronish LLP | Gregg S Kleiner | kleinergs@cooley.com |
| Core Properties Inc | James Donaldson | jim@coreproperties.com |
| Culbert & Schmitt PLLC | Ann E Schmitt | aschmitt@culbert-schmitt.com |
| Darmouth Marketplace Associates | c/o Kevin J Funk | kfunk@durrettecrump.com |
| Developers Diversified Realty Corporation | Eric C Cotton Esq | ecotton@ddrc.com |
| Developers Diversified Realty Corporation | Eric C Cotton Esq | ecotton@ddrc.com |
| | Christopher A Provost | |
| | Stephen T Loden | |
| Diamond McCarthy LLP | Jason B Porter | jporter@diamondmccarthy.com |
| DLA Piper LLP | Anne Braucher Esq | anne.braucher@dlapiper.com |
| DLA Piper LLP | Mark J Friedman | mark.friedman@dlapiper.com |
| | Timothy W Brink Esq | timothy.brink@dlapiper.com |
| | Forrest Lammiman | forrest.lammiman@dlapiper.com |
| DLA Piper LLP | Ann Marie Bredin Esq | ann.bredin@dlapiper.com |
| | | Peter@dntpc.com |
| Donchess Notinger & Tamposi | Peter N Tamposi | nontrustee@dntpc.com |
| Douglas A Scott PLC | Douglas Scott | BankruptcyCounsel@gmail.com |
| Duane Morris LLP | Denyse Sabagh | dsabagh@duanemorris.com |
| | Lauren Lonergan Taylor | lltaylor@duanemorris.com |
| Duane Morris LLP | Matthew E Hoffman | mehoffman@duanemorris.com |
| | Rudolph J Di Massa Jr Esq | DiMassa@duanemorris.com |
| | Matthew E Hoffman Esq | MEHoffman@duanemorris.com |
| | Lauren Lonergan Taylor Esq | LLTaylor@duanemorris.com |
| Duane Morris LLP | Matthew E Hoffman Esq | MEHoffman@duanemorris.com |
| | Roy M Terry Jr Esq | rterry@durrettebradshaw.com |
| | John C Smith Esq | jsmith@durrettebradshaw.com |
| Durrette Bradshaw PLC | Elizabeth L Gunn Esq | egunn@durrettebradshaw.com |
| | Rafael X Zahralddin Aravena | rxza@elliottgreenleaf.com |
| Elliott Greenleaf | Neil R Lapinski | nrl@elliottgreenleaf.com |
| Empire Blue Cross Blue Shield | Louis Benza Esq | louis.benza@empireblue.com |
| Enterprise Asset Management Inc | Lee Sudakoff | Lee.Sudakoff@eassets.com |

Exhibit A

| Name | Notice Name | Email |
|---|---|---|
| Envision Peripherals Inc | Gay Richey Sr Credit Manager | gay@epius.com |
| Ervin Cohen & Jessup LLP | Byron Z Moldo Kenneth Miller Esq | bmoldo@ecjlaw.com kmiller@ecjlaw.com |
| Ervin Cohen & Jessup LLP | Michael S Kogan Kenneth Miller Esq | mkogan@ecjlaw.com Kmiller@ecjlaw.com |
| Ewing Anderson PS | David E Eash | deash@ewinganderson.com |
| Farella Braun & Martel LLP | Gary Kaplan | gkaplan@fbm.com |
| Felderstein Fitzgerald Willoughby & Pascuzzi LLP | Paul J Pascuzzi | ppascuzzi@ffwplaw.com |
| Finn Dixon & Herling LLP | Henry P Baer Jr Esq | hbaer@fdh.com |
| Ford Parshall & Baker | Jordan M Humphreys | jhumphreys@fpb-law.com |
| Foster Pepper PLLC | Christopher M Alston | alstc@foster.com |
| Four Star International Trade | Wendy M Mead PC | wendymeadpc@verizon.net |
| Fox Hefter Swibel Levin & Carroll LLP | Margaret M Anderson | panderson@fhslc.com |
| Frank Gecker LLP | Joseph D Frank Jeremy C Kleinman | jfrank@fgllp.com |
| Franklin & Prokopik PC | Andrew L Cole | acole@fandpnet.com |
| Freeborn & Peters LLP | Aaron L Hammer Esq | ahammer@freebornpeters.com |
| Friedlander Misler PLLC | Robert E Greenberg Esq Thomas F Murphy Esq | rgreenberg@dclawfirm.com |
| Friedman Dumas & Springwater LLP | Ellen A Friedman Esq | efriedman@friedumspring.com |
| Frost Brown Todd LLC | Michael J O Grady Esq | mjogrady@fbtlaw.com |
| FTI CONSULTING, INC. | MR. ROBERT J. DUFFY | bob.duffy@fticonsulting.com steve.coulombe@fticonsulting.com |
| Fulbright & Jaworski LLP | Travis Torrence | ttorrence@fulbright.com |
| Fullerton & Knowles PC | Paul Schrader Esq | pschrader@fullertonlaw.com |
| Fullerton & Knowles PC | Richard I Hutson Esq | rhutson@fullertonlaw.com |
| Fullerton & Knowles PC | Richard I Hutson Esq | rhutson@fullertonlaw.com |
| Gary & Regenhardt PLLC | Linda D Regenhardt | lregenhardt@garyreg.com |
| Gay McCall Isaacks Gordon & Roberts PC | David McCall | bankruptcy@ntexas-attorneys.com |
| Gibbons PC | Mark B Conlan Esq | mconlan@gibbonslaw.com |
| Glass & Reynolds | David G Reynolds Esq | dave@glassandreynolds.com |
| Glass & Reynolds | Ronald G Dunn Esq | rdunn.fvchg1@gdwo.net |
| Goulston & Storrs PC | Christine D Lynch Esq Peter D Bilowz Esq | clynch@goulstonstorrs.com pbilowz@goulstonstorrs.com |
| Greenberg Glusker Fields Claman & Machtinger LLP | Jeffrey A Krieger Esq | jkrieger@ggfirm.com |
| Greenberg Traurig LLP | Annapoorni R Sankaran Esq | sankarana@gtlaw.com |
| Greenberg Traurig LLP | Daniel J Ansell Esq Heath B Kushnick Esq | AnsellD@GTLaw.com kushnickh@gtlaw.com |
| Greenberg Traurig LLP | Howard J Berman Esq | bermanH@gtlaw.com |
| Greenberg Traurig LLP | John T Farnum Esq | farnumj@gtlaw.com |
| Greer Herz & Adams LLP | Frederick Black Tara B Annweiler | tannweiler@greerherz.com |
| Gregory Kaplan PLC | Troy Savenko Esq | tsavenko@gregkaplaw.com |
| Hamburg Karic Edwards & Martin LLP | J Bennett Friedman Esq | jfriedman@hkemlaw.com |
| Hamilton Beach Brands Inc | Bill Ray | bill.ray@hamiltonbeach.com |
| Hangley Aronchick Segal & Pudlin | Ashely M Chan Esq | achan@hangley.com |
| Hanson Bridgett LLP | Jonathan S Storper & Emily M Charley | jstorper@hansonbridgett.com echarley@hansonbridgett.com |
| Hatch Allen & Shepherd PA | Leslie D Maxwell Esq | lmaxwell@hatchlaw.com |
| Haynes and Boone LLP | Jason Binford & Mark Mullin | jason.binford@haynesboone.com; mark.mullin@haynesboone.com |
| Haynes and Boone LLP | Robert D Albergotti & John Middleton | robert.albergotti@haynesboone.com john.middleton@haynesboone.com |
| Hemar Rousso & Heald LLP | Wayne R Terry | wterry@hemar-rousso.com |
| Herrick Feinstein LLP | Paul Rubin | prubin@herrick.com |

| Name | Notice Name | Email |
|---|---|---|
| Hewitt & O Neil LLP | Lawrence J Hilton | lhilton@hewittoneil.com |
| Hinckley Allen & Snyder LLP | Jennifer V Doran Esq | jdoran@haslaw.com |
| | David K Spiro Esq | dspiro@hf-law.com |
| | Sheila deLa Cruz Esq | sdelacruz@hf-law.com |
| Hirschler Fleischer PC | Franklin R Cragle III Esq | fcragle@hf-law.com |
| | Michael P Falzone Esq | mfalzone@hf-law.com |
| | Sheila deLa Cruz Esq | sdelacruz@hf-law.com |
| Hirschler Fleischer PC | Robert S Westermann | rwestermann@hf-law.com |
| Hirschler Fleischer PC | Sheila deLa Cruz Esq | sdelacruz@hf-law.com |
| | Scott R Kipnis Esq | skipnis@hgg.com |
| | Rachel N Greenberger Esq | rgreenberger@hgg.com |
| Hofheimer Gartlir & Gross LLP | Nicholas B Malito Esq | nmalito@hgg.com |
| Holland & Knight LLP | James H Rollins | jim.rollins@hklaw.com |
| Holland & Knight LLP | Richard E Lear | richard.lear@hklaw.com |
| Holme Roberts & Owen LLP | Sharon Z Weiss | sharon.weiss@hro.com |
| | | ada.so@hkecic.com |
| Hong Kong Export Credit Insurance Corporation | Ada So | tonysck@hkecic.com |
| | Seth A Drucker Esq | sdrucker@honigman.com |
| | Adam K Keith Esq | akeith@honigman.com |
| Honigman Miller Schwartz and Cohn LLP | Joseph R Sgroi Esq | jsgroi@honigman.com |
| | Henry Toby P Long III | hlong@hunton.com |
| | Thomas N Jamerson | tjamerson@hunton.com |
| Hunton & Williams LLP | Jason W Harbour | jharbour@hunton.com |
| Hunton & Williams LLP | J Eric Crupi | ecrupi@hunton.com |
| Hunton & Williams LLP | Michael S Held Esq | mheld@hunton.com |
| Husch Blackwell Sanders LLP | John J Cruciani Esq | john.cruciani@huschblackwell.com |
| IBM Corporation | Vicky Namken | vnamken@us.ibm.com |
| Internal Revenue Service | Attn Linda Lorello | Linda.Lorello@irs.gov |
| J Scott Douglass | | jsdlaw@msn.com |
| | David H Cox Esq | dcox@jackscamp.com |
| Jackson & Campbell PC | John J Matteo Esq | jmatteo@jackscamp.com |
| Jackson & Campbell PC | Jeffrey M Sherman | jsherman@jackscamp.com |
| Jackson Kelly PLLC | Mary Elisabeth Naumann | kybankruptcy@jacksonkelly.com |
| Jaspan Schlesinger LLP | Hale Yazicioglu Esq | hyazicioglu@jaspanllp.com |
| Jay T Blount | | jay.blount@dcsg.com |
| | David M Poitras PC | dpoitras@jmbm.com |
| Jeffer Mangels Butler & Marmaro LLP | Caroline R Djang | crd@jmbm.com |
| John Marshall Collins PC | John Marshall Collins Esq | johnolaw@gmail.com |
| | Jeffrey B Ellman | jbellman@jonesday.com |
| Jones Day | Brett J Berlin | bjberlin@jonesday.com |
| | Pedro A Jimenez Esq | pjimenez@jonesday.com |
| Jones Day | Nicholas C Kamphaus Esq | nckamphaus@jonesday.com |
| Jones Day | Sheila L Shadmand Esq | slshadmand@jonesday.com |
| Jorden Burt LLP | Raul A Cuervo | rac@wdc.jordenusa.com |
| K&L Gates LLP | Amy Pritchard Williams | amy.williams@klgates.com |
| K&L Gates LLP | Eric C Rusnak | eric.rusnak@klgates.com |
| | | marc.barreca@klgates.com |
| K&L Gates LLP | Marc Barreca | bankruptcyecf@klgates.com |
| Katsky Korins LLP | Steven H Newman Esq | snewman@katskykorins.com |
| | c o Brian D Huben | brian.huben@kattenlaw.com |
| | c o Thomas J Leanse | dustin.branch@kattenlaw.com |
| Katten Muchin Rosenman LLP | c o Dustin P Branch | thomas.leanse@kattenlaw.com |
| | Ann K Crenshaw Esq | |
| Kaufman & Canoles | Paul K Campsen Esq | akcrenshaw@kaufcan.com |
| Kaufman & Canoles | Paul K Campsen Esq | pkcampsen@kaufcan.com |
| | James S Carr Esq | |
| Kelley Drye & Warren LLP | Robert L LeHane Esq | KDWBankruptcyDepartment@kelleydrye.com |
| Kepley Broscious & Biggs PLC | William A Broscious Esq | wbroscious@kbbplc.com |

| Name | Notice Name | Email |
|------|-------------|-------|
| Kern County Treasurer and Tax Collector Office | Angelica Leon | bankruptcy@co.kern.ca.us |
| Khang & Khang LLP | Joon M Khang | joon@khanglaw.com |
| Kilpatrick Stockton LLP | Mark D Taylor Esq | mdtaylor@kilpatrickstockton.com |
| Kilpatrick Stockton LLP | Shane G Ramsey | sramsey@kilpatrickstockton.com |
| | James A Pardo Jr | jpardo@kslaw.com |
| | Thaddeus D Wilson | thadwilson@kslaw.com |
| King & Spalding LLP | John F Isbell | jisbell@kslaw.com |
| KIRKLAND & ELLIS LLP | ATTN LINDA K MYERS ESQ | lmyers@kirkland.com |
| Kitchens Kelly Gaynes PC | Heather D Dawson Esq | hdawson@kkgpc.com |
| | Michael L Tuchin | mtuchin@ktbslaw.com |
| Klee Tuchin Bogdanoff & Stern LLP | David M Stern Esq | dstern@ktbslaw.com |
| Klehr Harrison Harvey Branzburg & Ellers LLP | Jeffrey Kurtzman Esq | jkurtzma@klehr.com |
| Krokidas & Bluestein LLP | Anthony J Cichello Esq | acichello@kb-law.com |
| Krumbein Consumer Legal Services, Inc | Jason M Krumbein Esq | jkrumbein@krumbeinlaw.com |
| Kupelian Ormond & Magy PC | David M Blau Esq | dmb@kompc.com |
| | Michael A Condyles Esq | michael.condyles@kutakrock.com |
| Kutak Rock LLP | Jeremy S Williams Esq | jeremy.williams@kutakrock.com |
| | Michael A Condyles Esq | michael.condyles@kutakrock.com |
| | Loc Pfeiffer Esq | loc.pfeiffer@kutakrock.com |
| | Peter J Barrett Esq | peter.barrett@kutakrock.com |
| | Kimberly A Pierro | kimberly.pierro@kutakrock.com |
| Kutak Rock LLP | Jeremy S Williams | jeremy.williams@kutakrock.com |
| KUTAK ROCK LLP | PETER J. BARRETT | peter.barrett@kutakrock.com |
| Landau Gottfried & Berger LLP | Peter J Gurfein | pgurfein@lgbfirm.com |
| Landsberg Margulies LLP | Ian S Landsberg Esq | ilandsberg@lm-lawyers.com |
| | Keith A Langley | klangley@lwllp.com |
| Langley Weinstein LLP | Rudy A Dominguez | rdominguez@lwllp.com |
| Latham & Watkins LLP | Josef S Athanas | josef.athanas@lw.com |
| Law Office of Kenneth B Roseman & Assoc PC | Kenneth B Roseman | kenroseman@hotmail.com |
| Law Office of Robert E Luna PC | Andrea Sheehan | sheehan@txschoollaw.com |
| Law Offices of Ronald K Brown Jr | Ronald K Brown Jr | rkbgwhw@aol.com |
| Law Offices of Taylor, Leong & Chee | Kimo C Leong | kcleong@hawaii.rr.com |
| Lazer Aptheker Rosella & Yedid PC | Robin S Abramowitz | abramowitz@larypc.com |
| | Stephen E Leach Esq | sleach@ltblaw.com |
| Leach Travell Britt PC | D Marc Sarata Esq | msarata@ltblaw.com |
| LECLAIR RYAN | ATTN BRUCE MATSON ESQ | bruce.matson@leclairryan.com |
| LeClairRyan A Professional Corporation | Bruce H Matson | Bruce.Matson@leclairryan.com |
| LeClairyan a Professional Corporation | Michael E Hastings Esq | michael.hastings@leclairryan.com |
| | Detlef G Lehnardt | |
| Lehnardt & Lehnhardt LLC | Stephen K Lehnardt | skleh@lehnardt-law.com |
| | Jeremy S Friedberg Esq | jeremy.friedberg@llff.com |
| Leitess Leitess Friedberg & Fedder PC | Gordon S Young Esq | gordon.young@llff.com |
| Levy Stopol & Camelo LLP | Larry Stopol Esq | lstopol@levystopol.com |
| Lieber & Lieber LLP | Barbie D Lieber | barbie@lieberlegal.com |
| Linda J Brame | | lbrame@winterslaw.com |
| Lindquist Kleissler & Company LLC | Arthur Lindquist Kleissler | arthurlindquistkleissler@msn.com |
| Linebarger Goggan Blair & Sampson LLP | David G Aelvoet | sanantonio.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | Diane W Sanders | austin.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller | dallas.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | John P Dillman | houston_bankruptcy@publicans.com |
| | | lpostic@mindspring.com |
| Lionel J Postic PC | Lionel J Postic Esq | aarusso@mindspring.com |
| | John R Roberts | |
| Loudoun County Attorney | Belkys Escobar | Belkys.Escobar@loudoun.gov |
| Lowenstein Sandler PC | Vincent A D Agostino Esq | vdagostino@lowenstein.com |
| Luce Forward | Jess R Bressi Esq | jbressi@luce.com |
| Macdermid Reynolds & Glissman PC | Michael S Stiebel | mstiebel@mrglaw.com |

| Name | Notice Name | Email |
|---|---|---|
| | | taxcol@co.madison.al.us |
| Madison County Alabama Tax Collector | Lynda Hall | swells@co.madison.al.us |
| Mageee Goldstein Lasky & Sayers PC | Garren R Laymon Esq | glaymon@mglspc.com |
| | Anne M Magruder Esq | |
| Magruder Cook Carmody & Koutsouftikis | Leon Koutsouftikis Esq | lkouts@magruderpc.com |
| | Clement J Farley | cfarley@mccarter.com |
| McCarter & English LLP | Angela Sheffler Abreu | aabreu@mccarter.com |
| McCarter & English LLP | Michael J Reynolds Esq | mreynolds@mccarter.com |
| McCreary Veselka Bragg & Allen PC | Michael Reed | mreed@mvbalaw.com |
| McDermott Will & Emery LLP | Geoffrey T Raicht Esq | graicht@mwe.com |
| McDermott Will & Emery LLP | Karla L Palmer Esq | kpalmer@mwe.com |
| | Mary E Olden Esq | molden@mhalaw.com |
| McDonough Holland & Allen PC | Andre K Campbell Esq | acampbell@mhalaw.com |
| McDowell Rice Smith & Buchanan PC | Donald G Scott | dscott@mcdowellrice.com |
| MCGUIREWOODS, LLP | ATTN: DION W. HAYES | dhayes@mcguirewoods.com |
| McKay Burton & Thurman | Joel T Marker | joel@mbt-law.com |
| | John G McJunkin Esq | |
| McKenna Long & Aldridge LLP | J David Folds Esq | jmcjunkin@mckennalong.com |
| | John G McJunkin Esq | jmcjunkin@mckennalong.com |
| McKenna Long & Alridge LLP | J David Folds | dfolds@mckennalong.com |
| McSweeney Crump Childress & Temple PC | David R Ruby Esq | druby@mcsweeneycrump.com |
| Menter Rudin & Trivelpiece PC | Kevin M Newman Esq | knewman@menterlaw.com |
| Merced County Tax Collector | Monica Vasquez Tax Collector Clerk II | Mvasquez@co.merced.ca.us |
| Mesch Clark & Rothschild PC | Brenda Moody Whinery Esq | bwhinery@mcrazlaw.com |
| Miami Dade County Attorneys Office | Erica S Zaron | cao.bkc@miamidade.gov |
| | | alberto@miamidade.gov |
| Miami Dade County Paralegal Unity | Alberto Burnstein | MDTCBKC@miamidade.gov |
| Michael A Cardozo | Gabriela P Cacuci Esq | gcacuci@law.nyc.gov |
| Michael J Sawyer | Quincy Ctr Plaza | msawyer@stopandshop.com |
| Michelle Leeson CFCA | | michellel@taxcollector.com |
| Michelle Leeson CFCA | | michellel@taxcollector.com |
| Micro Center Sales Corporation | Nancy Klemstine Real Estate Mgr | nklemstine@microcenter.com |
| Miller & Martin PLLC | Nicholas W Whittenburg | nwhittenburg@millermartin.com |
| Miller Canfield Paddock and Stone PLC | John L Senica | senica@millercanfield.com |
| | Chris Koster | |
| Missouri Attorney General Office | Jeff Klusmeier | Jeff.Klusmeier@ago.mo.us |
| Missouri Department of Revenue | Attn Richard M Maseles | edvaecf@dor.mo.gov |
| Mitsubishi Digital Electronics America Inc | Brian Atteberry | batteberry@mdea.com |
| Monarch Alternative Capital LP | Andrew Herenstein | Andrew.Herenstein@monarchlp.com |
| Moore & Van Allen PLLC | David B Wheeler Esq | davidwheeler@mvalaw.com |
| | Neil E Herman Esq | nherman@morganlewis.com |
| Morgan Lewis & Bockius LLP | Menachem O Zelmanovitz Esq | mzelmanovitz@morganlewis.com |
| Morris Manning & Martin LLP | David W Cranshaw Esq | dhp@mmmlaw.com |
| Morrison Cohen LLP | Michael R Dal Lago Esq | bankruptcy@morrisoncohen.com |
| | Richard C Ogden Esq | rco@lawokc.com |
| Mulinix Ogden Hall Andres & Ludlam PLLC | Martin A Brown Esq | martin.brown@lawokc.com |
| | Betsy Johnson Burn | betsy.burn@nelsonmullins.com |
| Mullins Riley & Scarborough LLP | B Keith Poston | keith.poston@nelsonmullins.com |
| Munger Tolles & Olsen LLP | Seth Goldman | seth.goldman@mto.com |
| Munsch Hardt Kopf & Harr PC | Davor Rukavina Esq | drukavina@munsch.com |
| NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | KAREN CORDRY, ESQ. | kcordry@naag.org |
| Neal Gerber Eisenberg LLP | Nicholas M Miller | nmiller@ngelaw.com |
| | Terri L Gardner | terri.gardner@nelsonmullins.com |
| Nelson Mullins Riley & Scarborough LLP | Greg Taube | greg.taube@nelsonmullins.com |
| Nicholls & Crampton PA | Kevin L Sink | ksink@nichollscrampton.com |

Exhibit A

| Name | Notice Name | Email |
|---|---|---|
| | Daniel R Sovocool | dsovocool@nixonpeabody.com |
| | Louis J Cisz III | lcisz@nixonpeabody.com |
| | Gina M Fornario | gfornario@nixonpeabody.com |
| Nixon Peabody LLP | Louis E Dolan | ldolan@nixonpeabody.com |
| | Dennis J Drebsky | |
| Nixon Peabody LLP | Christopher M Desiderio | cdesiderio@nixonpeabody.com |
| | Anne Secker Esq | |
| Noland Hamerly Etienne & Hoss PC | Lisa K Omori | asecker@nheh.com |
| | Michael J Sage Esq | msage@omm.com |
| O Melveny & Myers LLP | Karyn B Zeldman Esq | kzeldman@omm.com |
| Office of Joe G Tedder CFC | Bonnie Holly | bonnieholly@polktaxes.com |
| Office of the Attorney General | Denise Mondell | Denise.Mondell@po.state.ct.us |
| | | |
| Office of the County Counsel, County of Alameda | John Thomas Seyman | john.seyman@acgov.org |
| OFFICE OF THE U.S. TRUSTEE | ROBERT B. VAN ARSDALE | Robert.B.Van.Arsdale@usdoj.gov |
| Office of Unemployment Compensation Tax Services | Timothy A Bortz | tbortz@state.pa.us |
| Oklahoma County Treasurer | Tammy Jones Pro Se | tammik@oklahomacounty.org |
| Olshan Grundman Frome Rosenzweig & Wolosky LLP | Michael S Fox Esq | mfox@olshanlaw.com |
| | Frederick J Levy Esq | flevy@olshanlaw.com |
| Oppenheimer Blend Harrison & Tate Inc | Raymond W Battaglia | Rbattaglia@obht.com |
| Orange Grove Properties | Linda Taylor | linda@taylorurns.com |
| Orrick Herrington & Sutcliffe LLP | James W Burke | jburke@orrick.com |
| Orrick Herrington & Sutcliffe LLP | Scott A Stengel | sstengel@orrick.com |
| | Scott A Stengel Esq | |
| Orrick Herrington & Sutcliffe LLP | Jonathan P Guy Esq | jguy@orrick.com |
| | Jeremy Dacks | jdacks@osler.com |
| Osler Hoskin & Hardcourt LLP | Marc S Wasserman | mwasserman@osler.com |
| Pachulski Stang Ziehl & Jones | Stanley E Goldich | sgoldich@pszjlaw.com |
| | JEFFREY N POMERANTZ ESQ | jpomerantz@pszjlaw.com |
| PACHULSKI STANG ZIEHL & JONES LLP | ANDREW W CAINE ESQ | acaine@pszjlaw.com |
| PACHULSKI STANG ZIEHL & JONES LLP | ROBERT J FEINSTEIN ESQ | rfeinstein@pszjlaw.com |
| Palmer Law Firm Inc | R Chase Palmer | cpalmerplf@gmail.com |
| Panattoni Law Firm | Fredric Albert | falbert@cvmlaw.com |
| Patton Boggs LLP | Alan M Noskow | anoskow@pattonboggs.com |
| Pennsylvania Dept of Revenue | Robert C Edmundson | redmundson@attorneygeneral.gov |
| | | eagle.sara@pbgc.gov |
| Pension Benefit Guaranty Corporation | Sara B Eagle Esq | efile@pbgc.gov |
| Pentiuk Couvreur & Kobiljak PC | Kurt M Kobiljak | kkobiljak@pck-law.com |
| Pepper Hamilton LLP | Evelyn J Meltzer | meltzere@pepperlaw.com |
| | | arlbank@pbfcm.com |
| | Elizabeth Banda Calvo | ebcalvo@pbfcm.com |
| Perdue Brandon Fielder Collins & Mott LLP | Yolanda Humphrey | yhumphrey@pbfcm.com |
| Perdue Brandon Fielder Collins & Mott LLP | Owen M Sonik | osonik@pbfcm.com |
| | Stephen W Spence Esq | sws@pgslaw.com |
| Phillips Goldman & Spence PA | Scott L Adkins Esq | sla@pgslaw.com |
| | German Yusufov | terri.roberts@pcao.pima.gov |
| Pima County Attorney Civil Division | Terri A Roberts | german.yusufov@pcao.pima.gov |
| | James E Bird | jbird@polsinelli.com |
| Polsinelli Shalton Flanigan Suelthaus PC | Amy E Hatch | ahatch@polsinelli.com |
| | Robert Somma Esq | rsomma@pbl.com |
| Posternak Blankstein & Lund LLP | Laura A Otenti Esq | lotenti@pbl.corn |
| PriceGrabber com Inc | Katerina Canyon | katerina@pricegrabber.com |
| Primeshares | Attn Rayaan Hashmi | rh@primeshares.com |
| Procopio Cory Hargreaves & Savitch LLP | Gerald P Kennedy | gpk@procopio.com |
| | Brian Sirower Esq | brian.sirower@quarles.com |
| Quarles & Brady LLP | Lori L Winkelman Esq | lori.winkelman@quarles.com |

Exhibit A

| Name | Notice Name | Email |
|---|---|---|
| | Faye B Feinstein Esq | fbf@quarles.com |
| Quarles & Brady LLP | Christopher Combest Esq | ccombest@quarles.com |
| Querrey & Harrow LLC | John M Brom | jbrom@querrey.com |
| Quintrall & Associates LLP | Albert F Quintrall Esq | a.quintrall@quintrallaw.com |
| | James L Forde | |
| Rappaport Glass Greene & Levine LLP | Sue Reyes | rappmail@rapplaw.com |
| Ravich Meyer Kirkman McGrath Nauman & Tansey PA | Michael F McGrath Esq | mfmcgrath@ravichmeyer.com |
| Receivable Management Services | Phyllis A Hayes | Phyllis.Hayes@rmsna.com |
| Recovery Management Systems Corp | Ramesh Singh | claims@recoverycorp.com |
| | Kurt F Gwynne Esq | kgwynne@reedsmith.com |
| Reed Smith LLP | Kathleen A Murphy Esq | kmurphy@reedsmith.com |
| Reed Smith LLP | Linda S Broyhill | lbroyhill@reedsmith.com |
| Reed Smith LLP | Travis A Sabalewski Esq | tsabalewski@reedsmith.com |
| Regency Centers | Catherine L Strauss | catherinestrauss@regencycenters.com |
| Riemer & Braunstein LLP | David S Berman | Dberman@riemerlaw.com |
| RIEMER & BRAUNSTEIN LLP | DAVID S. BERMAN | dberman@riemerlaw.com |
| | Matthew Righetti | matt@righettilaw.com |
| Righetti Glugoski PC | Michael Righetti | mike@righettilaw.com |
| | Matthew V Spero Esq | |
| Rivkin Radler LLP | Stuart I Gordon Esq | stuart.gordon@rivkin.com |
| | Peter E Strniste | pstrniste@rc.com |
| Robinson & Cole | Patrick M Birney | pbirney@rc.com |
| Robinson Brog Leinwand Greene Genovese & Gluck PC | Fred B Ringel Esq | fbr@robinsonbrog.com |
| Robinson Diamant & Wolkowitz | Douglas D Kappler Esq | dkappler@rdwlawcorp.com |
| Romero Law Firm | Martha E Romero | romero@mromerolawfirm.com |
| Ronald M Tucker Esq | | rtucker@simon.com |
| Rosenblum & Rosenblum LLC | Alan Rosenblum Esq | alan@rosenblumllc.com |
| Ross Banks May Cron & Cavin PC | c o James V Lombardi III | jvlombardi@rossbanks.com |
| Roussos Lassiter Glanzer & Marcus PLC | Lawrence H Glanzer Esq | glanzer@rlglegal.com |
| | | plaurin@rutterhobbs.com |
| Rutter Hobbs & Davidoff | Paul J Laurin Esq | Jking@rutterhobbs.com |
| | Vincent Papalia Esq | vfp@saiber.com |
| Saiber LLC | Una Young Kang Esq | uyk@saiber.com |
| | C Thomas Ebel Esq | ppearl@sandsanderson.com |
| | William A Gray Esq | lhudson@sandsanderson.com |
| | Peter M Pearl Esq | bgray@sandsanderson.com |
| Sands Anderson Marks & Miller PC | Lisa Taylor Hudson Esq | tebel@sandsanderson.com |
| Sands Anderson PC | Philip C Baxa Esq | pbaxa@sandsanderson.com |
| | Christopher R Belmonte Esq | cbelmonte@ssbb.com |
| | Pamela A Bosswick Esq | pbosswick@ssbb.com |
| Satterlee Stephens Burke & Burke LLP | Abigail Snow Esq | asnow@ssbb.com |
| Saul Ewing LLP | Edith K Altice Esq | ealtice@saul.com |
| Saul Ewing LLP | Jeremy W Ryan Esq | jryan@saul.com |
| Schenk Annes Brookman & Tepper Ltd | Robert D Tepper Esq | rtepper@sabt.com |
| Schnader Harrison Segal & Lewis LLP | Gordon S Woodward Esq | gwoodward@schnader.com |
| | Lawrence S Burnat Esq | lburnat@swfllp.com |
| Schreeder Wheeler & Flint LLP | J Carole Thompson Hord Esq | chord@swfllp.com |
| | Michael L Cook | michael.cook@srz.com |
| | David M Hillman | david.hillman@srz.com |
| Schulte Roth & Zabel LLP | Meghan M Breen | meghan.breen@srz.com |
| Seyfarth Shaw LLP | David C Christian II | dchristian@seyfarth.com |
| | Rhett Petcher Esq | rpetcher@seyfarth.com |
| Seyfarth Shaw LLP | Alexander Jackins | ajackins@seyfarth.com |
| Seyfarth Shaw LLP | Robert W Dremluk Esq | rdremluk@seyfarth.com |
| Sheppard Mullin Richter & Hampton LLC | Blanka Wolfe | bwolfe@sheppardmullin.com |
| Shutts & Bowen LLP | Andrew M Brumby | abrumby@shutts.com |

Exhibit A

| Name | Notice Name | Email |
|---|---|---|
| Shutts & Bowen LLP | Andrew M Brumby | abrumby@shutts.com<br>rhicks@shutts.com |
| Siegfried Bingham Levy Selzer & Gee | Gary V Fulghum | gfulghum@sblsg.com |
| Siller Wilk LP | Eric J Snyder | esnyder@sillerwilk.com |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | GREGG M. GALARDI, ESQ. | gregg.galardi@skadden.com |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | IAN S. FREDERICKS, ESQ. | Ian.Fredericks@skadden.com |
| Smith Gambrell & Russell LLP | Brian P Hall Esq | bhall@sgrlaw.com |
| Smith Moore Leatherwood LLP | F Marion Hughes | marion.hughes@smithmoorelaw.com |
| Sonnenschein Nath & Rosenthal LLP | Sara L Chenetz Esq | schenetz@sonnenschein.com |
| Sony Electronics Inc | Lloyd B Sarakin | lloyd.sarakin@am.sony.com |
| Southwinds Ltd | Paul Resnick | pr@southwindsltd.com |
| Spilman Thomas & Battle PLLC | Paul M Black Esq | pblack@spilmanlaw.com |
| Spotts Fain PC | Neil E McCullagh Esq | nmccullagh@spottsfain.com |
| Spotts Fain PC | Neil E McCullagh Esq<br>Jennifer J West Esq | nmccullagh@spottsfain.com<br>jwest@spottsfain.com |
| Squire Sanders & Dempsey LLP | G Christopher Meyer | cmeyer@ssd.com |
| State of Michigan Department of Treasury | Michael A Cox<br>Victoria A Reardon | ReardonV@michigan.gov |
| State of Wisconsin Office of the State Treasurer | JB Van Hollen<br>Anne C. Murphy | murphyac@doj.state.wi.us |
| Stein & Lubin LLP | Eugene Chang | echang@steinlubin.com |
| Stempel Bennett Claman & Hochberg PC | Edmond P O Brien Esq | eobrien@sbchlaw.com |
| Stevens & Lee PC | Steven J Adams Esq | sja@stevenslee.com |
| Stinson Morrison Hecker LLP | Jaime S Dibble<br>Katherine M Sutcliffe Becker<br>Darrell W Clark Esq<br>Tracey M Ohm Esq | jdibble@stinson.com<br>kbecker@stinson.com<br>dclark@stinson.com<br>tohm@stinson.com |
| Stites & Harbison PLLC | Ron C Bingham II | rbingham@stites.com |
| Taft Stettinius & Hollister LLP | Jeffrey J Graham | jgraham@taftlaw.com |
| TAVENNER & BERAN PLC | LYNN L TAVENNER ESQ<br>PAULA S BERAN ESQ | ltavenner@tb-lawfirm.com<br>pberan@tb-lawfirm.com |
| Taxing Authority Consulting Services PC | Mark K Ames<br>Jeffrey Scharf | mark@taxva.com |
| Tennessee Department of Revenue | TN Attorney Generals Office | Gina.Hantel@ag.tn.gov |
| The Arapahoe County Treasurer | George Rosenberg Esq | grosenberg@co.arapahoe.co.us<br>jholmgren@co.arapahoe.co.us |
| The Cafaro Company | Richard T Davis | rdavis@cafarocompany.com |
| The Law Offices of David A Greer PLC | David A Greer Esq | dgreer@davidgreerlaw.com |
| The Meiburger Law Firm PC | Janet M Meiburger Esq | admin@meiburgerlaw.com |
| Thomas G King | | tking@kech.com |
| Thompson and Knight LLP | Cassandra Sepanik<br>Katharine Battaia | Cassandra.Sepanik@tklaw.com<br>Katharine.Battaia@tklaw.com |
| ThompsonMcMullan PC | William D Prince IV Esq | wprince@t-mlaw.com |
| Trainor Fairbrook | Nancy Hotchkiss Esq | nhotchkiss@trainorfairbrook.com |
| Travelers | Mike Lynch | mlynch2@travelers.com |
| Trout Jones Gledhill Fuhrman PA | Kimbell D Gourley | kgourley@idalaw.com |
| Troutman Sanders LLP | Bradfute W Davenport Jr | bradfute.davenport@troutmansanders.com |
| Troutman Sanders LLP | Hollace Topol Cohen<br>Vivieon K Kelley | hollace.cohen@troutmansanders.com<br>vivieon.kelley@troutmansanders.com |
| Troutman Sanders LLP | Michael E Lacy | michael.lacy@troutmansanders.com |
| Troutman Sanders LLP | Richard Hagerty | richard.hagerty@troutmansanders.com |
| United States Equal Employment Opportunity Commission | Thomas D Rethage | thomas.rethage@eeoc.gov |
| US Securities and Exchange Commission | Susan R Sherrill Beard | sherrill-beards@sec.gov |
| Vandeventer Black LLP | Ann G Bibeau & David W Lannetti | abibeau@vanblk.com<br>dlannetti@vanblk.com |

Exhibit A

| Name | Notice Name | Email |
|---|---|---|
| Vandeventer Black LLP | Jerrell E Williams & Christopher S Colby | jwilliams@vanblk.com ccolby@vanblk.com |
| Venable LLP | Lawrence A Katz Kristen E Burgers | lakatz@venable.com keburgers@venable.com |
| Vinson & Elkins LLP | David E Hawkins | dhawkins@velaw.com |
| Vinson & Elkins LLP | William L Wallander Angela B Degeyter | bwallander@velaw.com adegeyter@velaw.com |
| Vonage Holdings Inc | Angelique Electra | angelique.electra@vonage.com |
| Vorys Sater Seymour and Pease LLP | Malcolm M Mitchell Jr Suparna Banerjee Kara D Lehman | mmmitchell@vorys.com sbanerjee@vorys.com kdlehman@vorys.com |
| Vorys Sater Seymour and Pease LLP | Tiffany Strelow Cobb Esq | tscobb@vssp.com |
| Walter Wilhelm Law Group | Michael L Wilhelm Esq | mwilhelm@W2LG.com |
| Weil Gotshal & Manges LLP | Gary T Holtzer Esq Joseph W Gelb Esq | gary.holtzer@weil.com joseph.gelb@weil.com |
| Weiland Golden Smiley Wang Ekvall & Strok LLP | Lei Lei Wang Ekvall Esq | lekvall@wgllp.com |
| Weingarten Realty Investors | Jenny J Hyun Esq | jhyun@weingarten.com |
| Weiss Serota Helfman Pastoriza Cole & Boniske PL | Douglas R Gonzales | dgonzales@wsh-law.com |
| Weltman Weinberg & Reis Co LPA | Scott D Fink | ecfndoh@weltman.com |
| Weycer Kaplan Pulaski & Zuber PC | Darla Carlisle | dcarlisle@wkpz.com |
| Wharton Aldhizer & Weaver PLC | Stephan W Milo Esq | smilo@wawlaw.com |
| White & Case LLP | Peter J Carney William Sloan Coats Julieta L Lerner | jlerner@whitecase.com |
| Whiteford Taylor & Preston LLP | Kevin G Hroblak Esq | khroblak@wtplaw.com |
| Wiley Rein LLP | H Jason Gold Esq Dylan G Trache Esq Rebecca L Saitta Esq Valerie P Morrison Esq Dylan G Trache Esq | jgold@wileyrein.com dtrache@wileyrein.com rsaitta@wileyrein.com vmorrison@wileyrein.com dtrache@wileyrein.com |
| Williams Mullen | William H Schwarzschild III W Alexander Burnett | tschwarz@williamsmullen.com aburnett@williamsmullen.com |
| Winthrop & Weinstine PA | Christopher A Camardello | ccarnardello@winthrop.com |
| Wise DelCotto PLLC | Laura Day DelCotto Esq Allison Fridy Arbuckle Esq | ldelcotto@wisedel.com aarbuckle@wisedel.com |
| Wolff & Samson PC | Karen L Gilman Esq | kgilman@wolffsamson.com |
| Wolfstone Panchot & Bloch PS Inc | Andrew Rapp | ecfdocs@wpblaw.com |
| Womac & Associates | Brian D Womac Stacy Kremling | Stacey@brianwomac.com brianwomac@aol.com |
| Womble Carlyle Sandridge & Rice PLLC | Jeffrey L Tarkenton Todd D Ross | jtarkenton@wcsr.com toross@wcsr.com |
| Womble Carlyle Sandridge & Rice PLLC | Michael Busenkell | mbusenkell@wcsr.com |
| Wyatt Tarrant & Combs LLP | Robert J Brown Mary L Fullington | lexbankruptcy@wyattfirm.com |
| Young Goldman & Van Beek PC | Neil P Goldman Esq John P Van Beek Esq | ngoldman@ygvb.com |

# EXHIBIT B

08-35653-KRH   Doc 12857   Filed 03/20/13   Entered 03/20/13 13:21:33   Desc
Main Document     Page 15 of 18

Exhibit B

| Notice Name | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| McIntosh | Main Justice Building Rm 5111 | 10th St and Constitution Ave NW | Washington | DC | 20530 |
| McIntosh | Main Justice Building Rm 5111 | 10th St and Constitution Ave NW | Washington | DC | 20530 |
| Stein & Dana J Boente | Main Justice Building Rm 5111 | 10th St and Constitution Ave NW | Washington | DC | 20530 |
| Newton | 14 N Seventh Ave | | St Cloud | MN | 56303 |
| Newton | Government Center | 115 S Andrews Ave | Ft Lauderdale | FL | 33301 |
| y R Stark Esq | 17 Bon Pinck Way | | East Hampton | NY | 11937 |
| Powers | PO Box 8321 | | Savannah | GA | 31412 |
| | 4951 LAKE BROOK DR | | GLEN ALLEN | VA | 23060-9279 |
| DEPARTMENT OF TAXATION | 3600 WEST BROAD STREET | | RICHMOND | VA | 23230-4915 |
| RECTOR | P.O. BOX 875 | BEN FRANKLIN STATION | WASHINGTON | DC | 20044 |
| Clarke L Darren Goldberg | 803 Sycolin Rd Ste 301 | | Leesburg | VA | 20175 |
| ler | 1500 N French St 2nd Fl | | Wilmington | DE | 19801 |
| ersichetti | Eaton Ctr 1111 Superior Ave | | Cleveland | OH | 44114-2584 |
| ERT J. DUFFY | MR. STEPHEN COULOMBE | 200 STATE STREET, 2ND FLOOR | BOSTON | MA | 02109 |
| e Treece | 2503 Capitol Ave | | Houston | TX | 77003-3203 |
| st City Low | PO Box 9000 | | Forrest City | AR | 72336 |
| lowski | 200 Allegheny Center Mall | | Pittsburgh | PA | 15212 |
| atastini Asst to Chris Larson | 828 Ballard Canyon Rd | | Solvang | CA | 93463 |
| BARRETT | 1111 EAST MAIN STREET | SUITE 800 | RICHMOND | VA | 23219 |
| UCE MATSON ESQ | RIVERFRONT PLAZA E TOWER | 951 E BYRD ST 8TH FL | RICHMOND | VA | 23219 |
| C Freeman | 600 Travis St Ste 3400 | | Houston | TX | 77002 |
| G Yoxall & Thomas A Connop & Melissa S Hayward | 2200 Ross Ave Ste 2200 | | Dallas | TX | 75201 |
| ON W. HAYES | 901 E CARY ST. | | RICHMOND | VA | 23219 |
| nnett | 2400 Cherry Creek Dr S | Ste 7002 | Denver | CO | 80209-3261 |
| vable Management Services | PO Box 5126 | | Timonium | MD | 21094 |
| ORDRY, ESQ. | NAAG BANKRUPTCY COUNSEL | 2030 M STREET, N.W., 8TH FLOOR | WASHINGTON | DC | 20036 |
| ONNELL | STATE OF VIRGINIA | 900 E. MAIN ST. | RICHMOND | VA | 23219 |
| B. VAN ARSDALE | 701 E. BROAD ST. | SUITE 4304 | RICHMOND | VA | 23219-1888 |
| rnelas | | | | | |
| astillo Jr | 401 E Hillside Rd 2nd Fl | | Laredo | TX | 78041 |
| Hofmann | 111 E Broadway 11th Fl | | Salt Lake City | UT | 84111 |
| Joyner | 4701 Preston Ave | | Pasadena | TX | 77505 |
| E Hoff Esq | 301 S College St Ste 2300 | | Charlotte | NC | 28202 |
| BERMAN | THREE CENTER PLAZA, 6TH FLOOR | | BOSTON | MA | 02108 |
| ey L Berman Lender Trustee | Development Specialists Inc | 333 S Grand Ave Ste 4070 | Los Angeles | CA | 90071 |
| | 15TH & PENNSYLVANIA AVENUE, N.W. | | WASHINGTON | DC | 20020 |
| NKRUPTCY UNIT | 100 F ST NE | | WASHINGTON | DC | 20020 |

Exhibit B

| Notice Name | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| FUCHS, ESQ. PATRICIA SCHRAGE, ESQ. | NEW YORK OFFICE | 3 WORLD FINANCIAL CTR STE 400 | NEW YORK | NY | 10281-1022 |
| | 1265 Scottsville Rd | | Rochester | NY | 14624 |
| ddington Esq | 150 Baker Ave Ext | | Concord | MA | 01742 |
| Retail Properties LLC | 900 N Michigan Ave Ste 900 | | Chicago | IL | 60611 |

# EXHIBIT C

Exhibit C

| Notice Name | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|
| | 153 Lakemont Park Blvd | | | Altoona | PA | 16602 |
| | 2701 Fairway Dr No 1C | | | Altoona | PA | 16602 |
| | 4750 OLD MILITARY RD | | | THEODORE | AL | 36582 |
| an Esq | 1950 Street Rd Ste 103 | | | Bensalem | PA | 19020 |
| | 5078 S Hunters Ct | | | Bensalem | PA | 19020 |
| | Kevin J Funk | Bank of America Ctr | 1111 E Main St 16th Fl | Richmond | VA | 23219 |
| rshall E Kresman | 1950 Street Rd Ste 103 | The Constitution Building | | Bensalem | PA | 19020 |
| | 19152 WOODLANE DR | | | COVINGTON | LA | 70433-9006 |
| r Holthaus & Fruge LLP | J Neale deGravelles | 618 Main St | | Baton Rouge | LA | 70801-1910 |
| | Jeremy S Williams | Bank of America Ctr | 1111 E Main St Ste 800 | Richmond | VA | 23219 |
| | 66 ATHENS ST | | | SAN FRANCISCO | CA | 94112 |
| q | Keches Law Group PC | 122 Dean St | | Tarunton | MA | 02780 |
| | 22628 US HWY 70 | | | WILSON | OK | 73463 |
| | 321 LAKECREST DRIVE | | | KINGSPORT | TN | 37663 |
| | 77 Little Addition Road | | | Davisville | WV | 26142 |
| ttorney at Law | PO Box 4 | 515 Market Street | | Parkersburg | WV | 26102 |
| | Kevin J Funk | Bank of America Ctr | 1111 E Main St 16th Fl | Richmond | VA | 23219 |
| | 6547 BIG CREEK PKWY | | | PARMA HEIGHTS | OH | 44130-2858 |
| | Morris Levin | 55 Public Sq Ste 940 | | Cleveland | OH | 44113-1998 |
| | 444 MIDWOOD ST | | | BROOKLYN | NY | 11225 |
| | Kornblau & Kornblau PC | 16 Court St Ste 1210 | | Brooklyn | NY | 11241 |
| | Rappaport Glass Greene & Levine LLP | 733 Third Ave 12th Fl | | New York | NY | 10017 |
| | 53 Highland Ave | | | Eastchester | NY | 10709 |

# KROLEWSKI
# DECLARATION

# EXHIBIT D

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## ORDER IMPLEMENTING ALTERNATIVE DISPUTE
## RESOLUTION PROCEDURES FOR CERTAIN DISPUTED CLAIMS

Upon the Motion (the "Motion")[2] of Alfred H. Siegel (the "Trustee"), the duly appointed

trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), for an Order Implementing

Alternative Dispute Resolution Procedures for Certain Disputed Claims, and the Court having

reviewed the Motion; and the Court having determined that the relief requested in the Motion, as

modified herein, is in the best interests of creditors and other parties in interest; and it appearing

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2]  Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

that proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

.1    The Motion, as modified herein, is GRANTED, and the procedures set forth

in Exhibit 2 to this Order (the "ADR Procedures") are hereby approved and shall govern the ADR

Claims listed on Exhibit 1 to this Order, effective as of the date of this Order.

.2    Each person listed on the Approved List of Mediators attached as Exhibit 3

to this Order is hereby approved as an authorized Mediator.

.3    The Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules

and the Omnibus Objections Procedures Order shall apply to the ADR Claims, except to the

extent that they conflict with the ADR Procedures.

.4    The time periods set forth in this Order and the ADR Procedures shall be

calculated in accordance with Bankruptcy Rule 9006(a).

.5    The requirement under Local Bankruptcy Rule 9013-1(G) to file a

memorandum of law in connection with the Motion is hereby waived.

.6    Adequate notice of the relief sought in the Motion has been given and no

further notice is required.

.7    The Court retains jurisdiction to hear and determine all matters arising from

or related to the implementation or interpretation of this Order.

Dated: _____, 2013
      Mar 18 2013
      Richmond, Virginia

/s/ Kevin R Huennekens
_____
The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

Entered on docket: Mar 18 2013

**WE ASK FOR THIS:**

/s/ Paula S. Beran
_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**SEEN AND NO OBJECTION:**

/s/ Robert B. Van Arsdale
_____
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

<u>**CERTIFICATION**</u>

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

/s/ Paula S. Beran

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

# EXHIBIT 1

**(ADR Claims)**

## Exhibit A

### ADR Claims

| Claimant | Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|---|
| Glenn Cordell Duncan | 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| Glenn Cordell Duncan | 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| Roy Eisner | 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| Joanne Eisner | 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| Joe Evans | 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| Thomas H. Gibson | 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Carole Kaylor | Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| Brad C. King | 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| Gary R. Lowe | 5144 | 1/23/2009 | $100,000 | General Unsecured |
| Robert E. Marshall | 15270 | 5/16/2012 | $25,000 | General Unsecured |
| James Rollins | 14825 | 3/8/2010 | $150,000 | General Unsecured |
| Mark Stewart | 9295 | 1/30/2009 | $75,000 | General Unsecured |
| Clementine Tinsley | 4272 | 1/19/2009 | $250,000 | General Unsecured |

# EXHIBIT 2

### (ADR Procedures)

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

## ALTERNATIVE DISPUTE RESOLUTION
## PROCEDURES FOR CERTAIN DISPUTED CLAIMS

These alternative dispute resolution procedures (the "ADR Procedures") have been

approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court")

for use with respect to the claims identified on the scheduled attached hereto as Exhibit A (the

"ADR Claims") filed against the Debtors in the above-captioned bankruptcy cases.   The Court

approved these ADR Procedures by order dated _____ __, 2013, entitled *Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

*Implementing Alternate Dispute Resolution Procedures for Certain Disputed Claims* [Docket #

_____] (the "Order"). Capitalized terms used but not defined in these ADR Procedures shall have

the meanings ascribed to them in the Order.

**PLEASE REVIEW EXHIBIT A AND THESE ADR PROCEDURES CAREFULLY TO**

**UNDERSTAND HOW THEY IMPACT YOUR CLAIM(S) AGAINST THE DEBTORS.**

**ADR PROCEDURES**

A.     **Initiation of Mediation Procedures.** Pursuant to the Order, the Trust has served

these ADR Procedures and the Order on you within ten (10) days of the date on which the Order

was entered by the Court.

B.     **Mandatory Mediation.** Mediation is required for all ADR Claims in accordance

with the following procedures and timetable:

1.     Within sixty (60) days after the date of service of the Order and the ADR

Procedures, the parties must have commenced the mediation process by having (a) selected

a mediator from the Court approved list of mediators attached hereto as Exhibit B, (b)

agreed in writing to the terms of the Mediator, including as to compensation and

reimbursement of costs, and (c) scheduled a date for the mediation that is not later than 120

days after the date of service of the ADR Procedures Order.

If a claimant does not select a mediator within thirty (30) days after the date

of service of the ADR Procedures Order, then the Trust shall promptly (i) assign a mediator

to the case and (ii) so notify the claimant. Each mediator selected by this process shall

hereafter be referred to as the "Mediator."

It is preferred that the mediation occur in Richmond, Virginia. If mediation

occurs in Richmond, the Trust shall pay the Mediator's fees and expenses. If a claimant is

not able or willing to mediate its ADR Claim in Richmond, Virginia, the claimant and the Trust shall each pay one-half of the Mediator's total fees and expenses. The Trust shall also pay all of the Mediator's fees and expenses in connection with any ADR Claim asserted in a face amount of $250,000 or less. In addition, any claimant, including those whose claims are currently unliquidated, voluntarily may agree to limit his/her claim to $250,000 in order to so qualify.

2.    Unless otherwise agreed in writing by both parties and the Mediator, (a) at least ten (10) days before the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator, and (b) the position statements shall not exceed ten (10) pages double-spaced (exclusive of exhibits and schedules) and shall include all documents regarding the Claimant's injuries and damages, as well as expert reports. The Mediator may also require the parties to provide the Mediator with any additional relevant papers and exhibits.

3.    The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

4.    The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel, if any, for each party and a representative of each party having full settlement authority shall attend the mediation in person.

5.    The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been

commenced if the Mediator determines that an adjournment is in the best interests of the parties.

6.      All proceedings and writings incident to the mediation process, including informal discovery exchanged between the parties, will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

7.      The mediation must be finally concluded no later than 180 days after the date of service of the Order.

8.      A claimant's failure (a) to submit the required submissions as provided in these ADR Procedures or as may be agreed to by the Mediator or ordered by the Court, or (b) to attend the mediation as required, shall constitute grounds for the disallowance with prejudice of such claimant's ADR Claim and/or the imposition of additional sanctions by the Court.

9.      Within ten (10) days after the conclusion of the mediation, the Mediator will file a report which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the parties resolved the objection to the applicable ADR Claim (the "Mediator's Report").

10.     If an ADR Claim is not settled or resolved during the mediation process, then the parties shall appear before the Court for a status conference (the "Status Conference") to take place at the next scheduled omnibus hearing in the bankruptcy cases after the Mediator's Report is filed. The Trust must file with the Court, and serve on the applicable claimant (or his or her attorney), a notice of Status Conference, provided

however, that a minimum of fourteen (14) days' notice of the Status Conference is required.

    C.    **Application of Existing Case Management Orders.**  Each of (i) the Court's April 1, 2009 *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* (Docket No. 2881) (the "Omnibus Objection Procedures Order"); (ii) the Court's November 13, 2008 *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* (Docket No. 130); and (iii) the Court's December 30, 2009 *Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 6208] (the "Case Management Order"), remain in full force and effect.

    D.    **Right to Formal Discovery if Informal Discovery is Not Provided.**  The Trust and the claimants shall exchange informal discovery regarding the ADR Claims, including expert reports and medical records, when applicable.  Nothing in the ADR Procedures, however, shall limit the right of the Trust or any claimant to take formal discovery of the other party pursuant to the Omnibus Objection Procedures Order and Federal Rule 9014, if they are unable to obtain relevant information on an informal, voluntary basis.

    E.    **Extensions of Time.**  Any of the deadlines imposed under paragraph (2) of these ADR Procedures may be extended on written consent (which may be email) of both parties and the Mediator.

F.    **Additional ADR Claims.**  The Trust may seek to impose the ADR Procedures on additional disputed claims.  Any such request shall be made by motion on notice to the affected claimant.

Dated: _____ __, 2013

TAVENNER & BERAN, P.L.C.

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## EXHIBIT A TO ADR PROCEDURES

**(ADR Claims)**

## EXHIBIT B TO ADR PROCEDURES

**(List of Approved Mediators)**

| Claimant | Claim Number | Date Filed | Docketed Amount | Priority of Claim |
|---|---|---|---|---|
| Glenn Cordell Duncan | 2722 | 1/6/2009 | Unliquidated | General Unsecured |
| Glenn Cordell Duncan | 2725 | 1/6/2009 | Unliquidated | General Unsecured |
| Roy Eisner | 3025 | 1/8/2009 | $10,000,000 | General Unsecured |
| Joanne Eisner | 3852 | 1/14/2009 | $1,000,000 | General Unsecured |
| Joe Evans | 3600 | 1/14/2009 | $2,000,000 | General Unsecured |
| Thomas H. Gibson | 3995 | 1/16/2009 | $250,000 | General Unsecured/Priority |
| Carole Kaylor | Docket no. 11774 | 3/5/2012 | $35,000 | Admin Priority |
| Brad C. King | 3634 | 1/13/2009 | Unliquidated | General Unsecured |
| Gary R. Lowe | 5144 | 1/23/2009 | $100,000 | General Unsecured |
| Robert E. Marshall | 15270 | 5/16/2012 | $25,000 | General Unsecured |
| James Rollins | 14825 | 3/8/2010 | $150,000 | General Unsecured |
| Mark Stewart | 9295 | 1/30/2009 | $75,000 | General Unsecured |
| Clementine Tinsley | 4272 | 1/19/2009 | $250,000 | General Unsecured |

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

## LIST OF APPROVED MEDIATORS

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland

## EXHIBIT 3

**(List of Approved Mediators)**

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Kristin S. Elliott, Esq.
Martin Krolewski, Esq.
(admitted pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[2] | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

### LIST OF APPROVED MEDIATORS

Karen M. Crowley, Esquire
Crowley, Liberatore & Ryan, P.C.
Chesapeake, Virginia

Lawrence D. Coppel, Esquire
Gordon, Feinblatt, Rothman Hoffberger & Hollander, LLC
Baltimore, Maryland

Morton A. Faller, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
Potomac, Maryland

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Richard M. Meth, Esquire
Fox Rothschild LLP
Roseland, New Jersey

Keith L. Phillips, Esquire
Phillips & Fleckenstein, P.C.
Richmond, Virginia

Lawrence E. Rifken, Esquire
Greenberg Traurig
McLean, Virginia

Eric Lopez Schnabel, Esquire
Dorsey & Whitney LLP
Wilmington, Delaware

Richard L. Wasserman, Esquire
Venable LLP
Baltimore, Maryland

# KROLEWSKI

# DECLARATION

# EXHIBIT E

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

WASHINGTON, DC

LOS ANGELES, CALIFORNIA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICE

MUMBAI, INDIA

(212) 808-7800

FACSIMILE

(212) 808-7897

www.kelleydrye.com

NICHOLAS J. PANARELLA

DIRECT LINE: (212) 808-7889

EMAIL: npanarella@kelleydrye.com

May 17, 2013

**VIA FIRST CLASS MAIL**

Brad C. King
22628 US HWY 70
Wilson, OK 73463

> Re:    *Brad C. King v. Circuit City Stores, Inc., Case No. 08-35653*
>        Claim No. 3634

Dear Mr. King:

This firm is counsel for the Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). I write in connection with the above-referenced proof of claim, you filed against Circuit City Stores, Inc. ("Circuit City") in the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division), Case No. 08-35653 on or about January 13, 2009.

On March 18, 2013, the Court entered an Order Implementing Alternative Dispute Resolution Procedures For Certain Disputed Claims (Docket No. 12855) (the "Order") including your claim. (A copy of the Order is attached hereto as Exhibit A.) The Order requires, in part, that the Trust and you mediate Claim No. 3634. (*See* Order at pg. 10 ¶ B-1.) Moreover, the Order requires that the parties commence the mediation process within approximately 60 days of the Order being entered and served – or on or before approximately May 18, 2013 - by:

1)    Selecting one of the Court approved mediators
      from Exhibit B attached to the Order;

2)    Agree in writing to the terms of the selected mediator; and

3)    Schedule a mediation date that is no later than 120
      days from the entry and service of the Order – or on
      or before approximately July 18, 2013.

**KELLEY DRYE & WARREN** LLP

Brad C. King
May 17, 2013
Page Two


(*Id.*)  To date, however, we have not heard from you regarding the mediation and the selection of the mediator.  Please contact me or my colleague Marty Krolewski (212-808-5137) immediately to discuss the commencement of the mandatory mediation process.  If we do not hear from you by May 29, 2013, we will select a mediator and commence the mediation as is provided for by the Order. (*See* Order at pg. 10 ¶ B-1.)

In order for the mandatory mediation to be as effective as possible, the Order also allows for the Trust to serve formal discovery requests upon you to obtain documents and information regarding your Claim No. 3634 prior to the mediation. (*See* Order at pg. 13 ¶ D.) Accordingly, the Trust is serving its first document request and interrogatories upon you simultaneously with this letter.

Please let me know if you have any questions.  I look forward to working with you on this matter.


Very truly yours,

Nicholas J. Panarella


Attachment

cc:    Martin A. Krolewski

Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEFENDANT'S FIRST SET OF REQUESTS FOR
INSPECTION AND PRODUCTION OF
DOCUMENTS TO PLAINTIFF BRAD C. KING**

Defendant The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established

pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan"), through Alfred H. Siegel, the duly appointed trustee of

the Trust (the "Trustee"), pursuant to Rules 7026, 7034 and 9014 of the Federal Rules of

Bankruptcy Procedure and Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby

requests that Plaintiff Brad C. King ("Plaintiff") produce for inspection the documents and things

set forth below.  Unless otherwise agreed to, the production and inspection shall occur at the

1

offices of Tavenner & Beran, PLC, located at 20 North Eighth Street, 2nd Floor, Richmond, VA

23219 (Attn: Lynn L. Tavenner, Esq.) within thirty days. As used herein, the following terms

shall have these meanings:

DEFINITIONS

1.    "Plaintiff", "You" and "Your" shall mean Brad C. King and his former,

current and future representatives, agents, and any other person acting, or purporting to act, on

his behalf, and any predecessor or successor of the foregoing.

2.    "Communications" shall mean and include, without limitation, any

documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum

and any other medium through which any information is conveyed.

3.    "Documents" shall mean and include, without limitation, any written,

recorded, or graphic matter, whether produced, reproduced or stored on paper, cards, tape, film,

electronic facsimile, computer storage devices, disks, or other media or data compilation from

which information can be obtained, including originals, copies (with or without notes or changes

thereon) and drafts, including, without limitation, papers, books, letters, tangible things,

correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers,

transcripts, minutes, reports, recordings of telephone conversations, interviews, conferences or

other meetings, affidavits, statements, summaries, reports, studies, analyses, evaluations,

appraisals, estimates, projections, charts, schedules, work sheets, proposals, contracts,

agreements, statistical records, desk calendars, appointment books, diaries, lists, tabulations,

sound recordings, computer print-outs, data processing output and input, microfilms,

2

photographs or negatives thereof, all other records kept by electronic, photographic or

mechanical means, and things similar to any of the foregoing however denominated and any or

all matter or material attached or affixed to any of the above. Any copy of excerpt of a document

which bears any notes, additions, inserts or other markings of any kind is to be considered a

separate "document" for purposes of responding hereto.

4.      "CCS" shall mean Circuit City Stores, Inc. and all other debtors in the

above-captioned consolidated cases, their affiliates, divisions or departments, and all of their

officers, directors, agents, servants, employees, contractors and anyone else acting on their

behalf or otherwise subject to their control.

5.      "Concerning" shall mean relating to, constituting, concerning, referring to,

regarding, bearing upon, supporting or negating, summarizing, pertaining to, alluding to,

commenting upon, touching upon, recording, consisting of, affecting, reflecting, discussing,

describing, evidencing, mentioning or having any logical or factual connection with the matter in

question.

6.      "Proof of Claim" shall refer to a claim filed by Plaintiff in the above

captioned bankruptcy as a general unsecured, non-priority claim and designated by the Claims

Agent appointed by the Court as claim number 3634.

7.      "Person" is defined as all natural individuals, corporations, partnerships,

or other business associations, and all legal entities.

8.     "Identify" when used in reference to a document shall mean to state its (1) author(s), recipient(s) and addressee(s); (2) date; (3) general subject matter; (4) current or last known location; and (5) current or last known custodian.

## INSTRUCTIONS

1.     Each Document is to be produced with all non-identical copies of drafts thereof, in its entirety, without abbreviations or redactions.

2.     You are requested to produce all Documents responsive to these requests within your possession, custody and/or control.

3.     You are requested to produce the Documents as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

4.     If any responsive Document is to be withheld or redacted under a claim of attorney-client privilege, and/or work product immunity, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged documents called for by these requests, and which shall include: (a) the Document number; (b) the Document date; (c) the Document type; (d) the author(s) of the Document; (e) the recipient(s) of the Document; (f) a specific description of the subject matter of the Document; and (g) a designation of the privilege claimed.

5.     This is a continuing request for production and You are requested to promptly provide supplemental responses if You create, receive, identify or locate any additional Documents responsive to these requests.

6.    In each instance where the responding party denies having or being able to obtain materials responsive to this request for production which said answering party admits exists or existed, the answering party is to:

(a)    In the case of Documents in existence, identify the documents by date, type (e.g., letter, memorandum, chart, etc.) and content and identify the last known person, persons or entity in control of said Documents by specifying the name, address and telephone number of the last person, persons or entity who has possession of such Documents.

(b)    In the case of Documents which the answering party contends are no longer in existence, the answering party is to identify the Document as in subparagraph (a) above and set forth the last known date on which the Documents existed, the person, persons or entity in control of the documents at such time, the reason for destruction of the Documents, and the manner of destruction of the Documents.

7.    Unless otherwise specifically set forth herein, this request calls for the production of all Documents in Your possession, custody, or control that were authored, compiled, generated, possessed, prepared, read, received, recorded, referred to, reviewed, sent to or by, transmitted, utilized, or written by or on behalf of You, in the period **commencing with January 1, 2007 and continuing through the present date.**

## REQUESTS

1.    All Documents Concerning Your Proof of Claim.

2.    All Documents Concerning the incident alleged in Your Proof of Claim, including, but not limited to any and all police reports, emergency room and/or medical reports, insurance claims, legal filings, and/or witness statements.

5

3.      All Communications concerning the incident alleged in Your Proof of

Claim, including, but not limited any and all Communications between You and CCS, You and

Molly Goddard, You and Joe Keith, You and Charletta Upton, You and Velvet Scott, You and

any insurer, You and any medical professionals, You and any mental health professionals, You

and the police, and/or You and any Person.

4.      All Documents and/or Communications concerning the injuries referred to

in Your Proof of Claim.

5.      All Documents Concerning any and all medical or mental health (to the

extent Plaintiff seeks recovery for alleged mental health injuries arising out of the incident alleged

in Your Proof of Claim) treatments, medication prescriptions, and expenses incurred subsequent

to the incident alleged in Your Proof of Claim.

6.      All Documents Concerning any medical or mental health (to the extent

Plaintiff seeks recovery for alleged mental health injuries arising out of the incident alleged in

Your Proof of Claim) assessments and/or prognosis You received subsequent to the incident

alleged in Your Proof of Claim.

7.      All Documents Concerning Your medical or mental health (to the extent

Plaintiff seeks recovery for alleged mental health injuries arising out of the incident alleged in

Your Proof of Claim) condition prior to the incident alleged in Your Proof of Claim, including,

but not limited to any treatments received and/or medications prescribed, Concerning the injuries

alleged in Your Proof of Claim.

6

8.      All Documents Concerning any insurance claims You made and/or benefits You received subsequent to the incident alleged in Your Proof of Claim, including, but not limited to all Documents Concerning Workers' Compensation benefits You received.

9.      All Documents Concerning any amounts You have received, from any source whatsoever, for the injuries alleged in Your Proof of Claim.

10.      All Documents Concerning any legal claims and/or proceedings Concerning the incident alleged in Your Proof of Claim.

11.      Copies of all federal and state tax returns and W-2 forms You filed or that were filed on Your behalf for the taxable years 2007 through the present.

12.      All Documents concerning the amount You seek in Your Proof of Claim, including, but not limited to copies of all statements, bills, or other documents supporting the expenses, losses or other damages that You seek.

13.      All Documents or Communications consulted, relied upon, or reviewed by You in preparing Your responses to Defendant's Interrogatories.

14.      All Documents or Communications identified, described or referenced in Your responses to Defendant's Interrogatories.

15.      All written and/or oral reports made in connection to the incident alleged in Your Proof of Claim.

16.      All photographs, drawings or any other graphic or pictorial presentations taken or prepared of the incident, place of incident or other aspects of the incident alleged in Your Proof of Claim.

17.    All Documents, including without limitation, reports and opinions, issued by and/or relied upon by any person retained by You, or who will otherwise serve as an expert in this matter.

18.    All Documents You intend to rely on at trial and/or in connection with any dispositive motions.

Dated: Richmond, Virginia
May 17, 2013

TAVENNER & BERAN, PLC

/s/ Lynn L. Tavenner
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300

- and –

KELLEY DRYE & WARREN LLP
Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to Plaintiff, Alfred H. Siegel, Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, a copy of the foregoing DEFENDANT'S
FIRST SET OF REQUESTS FOR INSPECTION AND PRODUCTION OF
DOCUMENTS TO PLAINTIFF BRAD C. KING was mailed first class mail, postage
pre-paid to the following persons listed below:

Brad C. King
22628 US HWY 70
Wilson, OK 73463

_____
Martin A. Krolewski

9

Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF BRAD C. KING**

Defendant The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established

pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan"), through Alfred H. Siegel, the duly appointed trustee

of the Trust (the "Trustee"), pursuant to Rules 7026, 7033 and 9014 of the Federal Rules of

Bankruptcy Procedure and Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby

requests that Plaintiff Brad C. King ("Plaintiff") answer the following interrogatories under

oath within thirty days.

## DEFINITIONS AND INSTRUCTIONS

1.    "Plaintiff", "You" and "Your" shall mean Brad C. King and his future, present and past representatives, agents, and any other person acting, or purporting to act, on his behalf, and any predecessor or successor of the foregoing.

2.    "Communications" shall mean and include, without limitation, any Documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

3.    "Documents" shall mean and include, without limitation, any written, recorded, or graphic matter, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices, disks, or other media or data compilation from which information can be obtained, including originals, copies (with or without notes or changes thereon) and drafts, including, without limitation, papers, books, letters, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone conversations, interviews, conferences or other meetings, affidavits, statements, summaries, reports, studies, analyses, evaluations, appraisals, estimates, projections, charts, schedules, work sheets, proposals, contracts, agreements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing output and input, microfilms, photographs or negatives thereof, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing however denominated and any or all matter or material attached or affixed to any of the above.  Any copy of excerpt of a document which bears any notes, additions, inserts or other markings of any kind is to be considered a separate "document" for purposes of responding hereto.

2

4.     "CCS" shall mean Circuit City Stores, Inc. and all other debtors in the above-captioned consolidated cases, their affiliates, divisions or departments, and all of their officers, directors, agents, servants, employees, contractors and anyone else acting on their behalf or otherwise subject to their control.

5.     "Concerning" shall mean relating to, constituting, concerning, referring to, regarding, bearing upon, supporting or negating, summarizing, pertaining to, alluding to, commenting upon, touching upon, recording, consisting of, affecting, reflecting, discussing, describing, evidencing, mentioning or having any logical or factual connection with the matter in question.

6.     "Proof of Claim" shall refer to a claim filed by Plaintiff in the above captioned bankruptcy as a general unsecured, non-priority claim and designated by the Claims Agent appointed by the Court as claim number 3634.

7.     "Person" is defined as all natural individuals, corporations, partnerships, or other business associations, and all legal entities.

8.     "Identify" when used in reference to a Document shall mean to state its (1) author(s), recipient(s) and addressee(s); (2) date; (3) general subject matter; (4) current or last known location; and (5) current or last known custodian.

9.     "Identify" and "Identify" when used in reference to a Person shall mean to state: (1) the Person's full name; (2) the Person's present or last known business and residence address; and (3) the Person's present or last known business and residence telephone numbers.

3

10.    "Identify" when used in reference to an oral communication shall mean to state: (1) the substance of the communication; (2) by whom it was made and to whom it was directed; (3) the date upon which it was made; (4) the means of the communication; (5) who else was present when it was made; and (6) whether it was recorded, described or summarized in any Document.

11.    "Identify" when used in reference to an action shall mean to state: (1) the names of all individuals who directed, or were personally involved in the taking, or participation in the taking, of the action; (2) a detailed description of the nature of the action; and (3) the date(s) on which the action took place.

12.    When an interrogatory calls for the "basis" of an allegation, belief, conclusion or contention, (1) state all of the underlying facts, information, reasons and/or analysis upon which the allegation, belief, conclusion or contention is based, and (2) identify any Documents or oral communications upon which the allegation, belief, conclusion or contention is based.

13.    Reproduce each interrogatory in full before each answer.

14.    Answer each interrogatory separately.  When an interrogatory has several parts, answer each part separately.

15.    If you cannot provide a complete answer, answer as much of the interrogatory as You can.  In addition, state why you cannot provide a complete answer.

4

16.     Produce all documents that You identify in any answer to these

interrogatories which are in Your possession, custody or control, and which have not been

previously produced.

17.     These interrogatories are continuing in nature, so as to require You to file

prompt supplementary and amended answers or responses if You obtain further or different

information relevant to any of these interrogatories prior to trial herein.

18.     If it is claimed that an answer to any of these interrogatories calls for

information or identification of documents that are privileged, work product or otherwise

protected from disclosure and such claim is asserted, indicate the following information with

respect to all such information or documents;

    (1)     for Documents:

        (a)     the document number;

        (b)     the document date;

        (c)     the document type;

        (d)     the author(s) of the document;

        (e)     the recipient(s) of the document;

        (f)     a specific description of the subject matter of the document;
        and

        (g)     a designation of the privilege claim.

    (2)     for oral communications:

(a)    the name of the Person making the communication and the names of the Persons present while the communication was made, and, where not apparent, the relationship of the Persons present to the person making the communication;

(b)    the date and place of communication;

(c)    the general subject matter of the communication; and

(d)    the legal basis, including, but not limited to, any legal objection or privilege for withholding any information concerning the communication.

Any portion of a response to these interrogatories for which a claim of privilege or work product is not asserted should be given in full.

19.    If any Document which is the subject of these Interrogatories was at one time in existence, but was subsequently lost, discarded or destroyed, identify such Document as completely as possible, including the following information:  (1) type of document; (2) date of document; (3) date when the document became lost, discarded or destroyed; (4) circumstances under which the document was lost, discarded or destroyed; and (5) identity of all Persons having knowledge of the contents of the document.

6

## INTERROGATORIES

1.      Identify all Persons who participated in and/or assisted You in preparing Your responses to the Interrogatories, and the particular Interrogatory(ies) which that Person(s) assisted in preparing.

2.      State Your name, address, educational background, occupation, employer, employer's address, job title, marital status, and date of birth.

3.      Identify all Persons whom You know or believe to have knowledge or information Concerning to the assertions set forth in the Proof of Claim, including, but not limited to Molly Goddard, Joe Keith, Charletta Upton and Velvet Scott.

4.      Identify each Person You have retained or specifically employed to provide expert testimony in this matter or whom You intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinion to which such expert is expected to testify and a summary of the grounds for each opinion.

5.      Identify all Persons You intend to call as fact witnesses at the trial of this matter, and for each such Person state in detail the substance of their knowledge.

6.      Identify all Documents You plan to use at the trial of this matter, and for each such Document produced set forth the corresponding bates number/s or produce such Documents if no such bates numbers exists.

7.      Describe the incident alleged in Your Proof of Claim, including, but not limited to the exact location where the alleged incident took place, the exact date and time when the alleged incident took place, the reason/s why You were at the location where the alleged

7

incident took place, Your actions immediately prior to the alleged incident and Your actions immediately after the alleged incident.

        8.    Specify the injuries that You claim resulted from the incident alleged in Your Proof of Claim, including, but not limited to mental, emotional and/or physical injuries.

        9.    List all hospitals and medical care facilities to which You were referred or to which You submitted Yourself for treatment in connection with the injuries alleged as a result of the incident alleged in the Proof of Claim, noting the dates of admission or confinement and the dates of discharge.

        10.    Identify any written or oral reports You made Concerning the incident alleged in Your Proof of Claim and Identify to whom such a report was made, when and where it was made, and the information that You provided.

        11.    Other than the reports identified in Your answer to the Interrogatory above, did You or anyone You know have any conversation or engage in other written communication with any employee or representative of the CCS Concerning in any way the incident alleged in Your Proof of Claim? For each conversation, identify the participants by name (if name is unknown, state sex, race, approximate age, height, weight, hair color) and for the CCS' employees, also include their job title, when and where the conversation occurred, and the substance of the conversation.

        12.    Identify any and all accidents or personal injuries that You suffered either before or after the incident alleged in Your Proof of Claim. For each such accident or personal injury, set forth the names of the other parties involved, the date, time and location of the occurrence, the injuries sustained, and the amount of any money and the name of any party who paid any funds that You obtained from any claim made as a result of each accident or injury.

13.     Identify any and all lawsuits - administrative, criminal, civil or otherwise - since 1990 to which You have been a party, either as defendant or plaintiff, and describe the substance of such lawsuits, the other parties involved, the date of filing of such lawsuit and the outcome.

14.     Provide a computation of each category of damages claimed in Your Proof of Claim, including, but not limited to (a) lost wages; (b) business loss such as lost profits; (c) mental anguish injuries; (d) pain/suffering; (e) loss of consortium; (f) and any other You seek.

15.     Identify Documents or other evidentiary material on which each computation in response to Interrogatory 14 is based, including materials bearing on the nature and extent of injuries suffered.

16.     Itemize all expenses, losses or other damages You claim as a result of the incident alleged in Your Proof of Claim, specifying the basis for each loss. For medical expenses, specify the amount of the bill actually paid by You or others on Your behalf, excluding amounts covered by insurance.

17.     Identify any photographs, drawings or any other graphic or pictorial representations taken or prepared of the incident, place of incident, or other aspects of the incident alleged in Your Proof of Claim.

18.     Identify all recoveries for the losses You allege in Your Proof of Claim, including, but not limited to (a) the party which provided the recovery; (b) the amount of such recovery; and (c) when the recovery was made.

19.     Identify any misdemeanor or felony You have been convicted of and for each such conviction state the offense, date of conviction, the court in which the conviction was rendered, and the sentence received for the conviction.

9

Dated: Richmond, Virginia
     May 17, 2013

TAVENNER & BERAN, PLC

/s/ Lynn L. Tavenner
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300

- and –

KELLEY DRYE & WARREN LLP
Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:  (212) 808-7897

*Counsel to Defendant, Alfred H. Siegel, Trustee of
the Circuit City Stores, Inc. Liquidating Trust*

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, a copy of the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF BRAD C. KING was mailed first class mail, postage pre-paid to the following persons listed below:

Brad C. King
22628 US HWY 70
Wilson, OK 73463


Martin A. Krolewski

11

# KROLEWSKI
# DECLARATION

# EXHIBIT F

**Krolewski, Martin A.**

| | |
|---|---|
| From: | Krolewski, Martin A. |
| Sent: | Tuesday, July 23, 2013 2:03 PM |
| To: | 'bradking1972@hotmail.com' |
| Cc: | Krolewski, Martin A. |
| Subject: | Brad C. King/Circuit City - Claim No. 3634 |
| Attachments: | DOC008.pdf |

Dear Mr. King:

I write to memorialize our recent telephone conversations regarding the current status of Claim No. 3634 you filed against Circuit City Stores, Inc. ("Circuit City"). First, I want to reiterate that Kelley Drye & Warren LLP and I are not your counsel. We represent the Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). As we discussed, it is our understanding that you made an application for compensation under the Workers' Compensation Law of Oklahoma and have received an award for your injury that is the basis of your Claim No. 3634. As such, you are precluded by law to maintain an action for any additional damages against Circuit City. *See* Oklahoma Workers' Compensation Code Section 302. To the extent you have any questions about the Trust's position, as I stated in our telephone conversations, you are free to retain or consult with your own attorney.

Second, as we discussed, your Claim No. 3634 does not set forth an amount that you are seeking. You recently left me a voice mail and confirmed during a subsequent telephone conversation that your Claim No. 3634 seeks $10,000,000.00. In order to formally record this amount as part of your claim, could you please send a letter promptly stating that your Claim No. 3634 seeks $10,000,000.00 to my attention at the address below.

Third, on March 18, 2013, the Court entered an Order Implementing Alternative Dispute Resolution Procedures For Certain Disputed Claims (Docket No. 12855) (the "Order") including your claim. (A copy of the Order is attached hereto as Exhibit A.) The Order requires, in part, that the Trust and you mediate Claim No. 3634. (See Order at pg. 10 ¶ B-1.) In order to mediate your claim, we will need to pick a mediator from the list of approved mediators attached to the Order (See last two pages of Exhibit A attached hereto) and select a date and location (Oklahoma or Richmond, VA) for the mediation. Pursuant to ¶ B-1 of the Order (see Order at pg. 10), the Trust shall pay the mediator's fees and expenses if the mediation is held in Richmond, Virginia but, because you seek over $250,000.00, the mediator's fees and expenses shall be split equally between you and the Trust if the mediation is held in Oklahoma. Based on our prior experiences with mediations, your share of the mediator's fees and expenses to the extent it is held in Oklahoma could be approximately $5,000.00 or perhaps more. Accordingly, please send me an e-mail or a letter promptly (i) selecting a mediator from the approved list or letting me know that you want the Trust to select the mediator; (ii) letting us know whether you want the mediation to be held in Richmond, Virginia or in Oklahoma; and (iii) dates that you would be available for the mediation during the weeks of September 23, September 30, October 7 and October 14. Please note that if you want to hold the mediation in Richmond, Virginia you will have to attend such mediation in person and you will be personally responsible for your travel and lodging expenses associated with the mediation.

Finally, in order for the mandatory mediation to be as effective as possible, the Order also allows for the Trust to serve formal discovery requests upon you to obtain documents and information regarding your Claim No. 3634 and the $10,000,000.00 you seek prior to the mediation. (See Order at pg. 13 ¶ D.) Accordingly, on May 17, 2013 the Trust served on you the Trust's first document requests and interrogatories. (Copies of the Document Requests and Interrogatories are attached hereto as Exhibit B and C respectively.) Please review these requests and collect the responsive documents and information concerning your Claim No. 3634 and forward it to my attention at the address below as soon as you can. Please note that we will need to receive responsive documents and information from you prior to the mediation taking place.

1

Please let me know if you have any questions.  I look forward to working with you on this matter.


Regards,
Marty Krolewski

---

**Martin A. Krolewski, Esq. | Kelley Drye & Warren LLP**
101 Park Avenue, New York, NY 10178
212.808.5137 | mkrolewski@kelleydrye.com
www.kelleydrye.com

# KROLEWSKI
# DECLARATION

# EXHIBIT G

**KELLEY DRYE & WARREN** LLP

*A LIMITED LIABILITY PARTNERSHIP*

WASHINGTON, DC
LOS ANGELES, CALIFORNIA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

**101 PARK AVENUE**
**NEW YORK, NY 10178**

(212) 808-7800

FACSIMILE
(212) 808-7897
www.kelleydrye.com

MARTIN A. KROLEWSKI
DIRECT LINE: (212) 808-5137
EMAIL: mkrolewski@kelleydrye.com

October 17, 2013

**VIA FEDERAL EXPRESS AND EMAIL (bradking1972@hotmail.com)**

Brad C. King
22628 US HWY 70
Wilson, OK 73463

      Re:  *Brad C. King v. Circuit City Stores, Inc., Case No. 08-35653*
                <u>Claim No. 3634</u>

Dear Mr. King:

      This firm is counsel for the Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"). I write in connection with the above-referenced proof of claim, you filed against Circuit City Stores, Inc. ("Circuit City") in the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division), Case No. 08-35653 on or about January 13, 2009.

      As you know, on March 18, 2013, the Court entered an Order Implementing Alternative Dispute Resolution Procedures For Certain Disputed Claims (Docket No. 12855) (the "Order") including your claim. (A copy of the Order is attached hereto as Exhibit A.) The Order requires, in part, that the Trust and you mediate your claim. (See Order at pg. 10 ¶ B-1.) In order to mediate your claim, we need to pick a mediator from the list of approved mediators attached to the Order (See last two pages of Exhibit A attached hereto) and select a date and location (Oklahoma or Richmond, VA) for the mediation. Despite our requests over the last three months, you have not provided a response to this request. Accordingly, please send me an e-mail or a letter on or before November 8, 2013 (i) selecting a mediator from the approved list or letting me know that you want the Trust to select the mediator and (ii) letting us know whether you want the mediation to be held in Richmond, Virginia or in Oklahoma.

      Second, as we discussed, your Claim No. 3634 does not set forth an amount that you are seeking. You previously orally stated to me that your Claim No. 3634 seeks $10,000,000.00. However, despite our requests over the last three months, you have not

**KELLEY DRYE & WARREN** LLP

Brad C. King
October 17, 2013
Page Two

provided this representation in writing as we have requested to formally record this amount as part of your claim. Accordingly, please immediately send me an email or a letter on or before November 8, 2013 stating the amount your Claim No. 3634 seeks.

Third, in order for the mandatory mediation to be as effective as possible, the Order also allows for the Trust to serve formal discovery requests upon you to obtain documents and information regarding your Claim No. 3634 and the amount you seek prior to the mediation. (See Order at pg. 13 ¶ D.) Accordingly, on May 17, 2013 the Trust served on you the Trust's first document requests and interrogatories. (Copies of the Document Requests and Interrogatories are attached hereto as Exhibit B and C respectively.) To date, however, you have not provided us with a single document or written response to the Trust's discovery requests. Accordingly, please review the attached discovery requests and collect the responsive documents and information concerning your Claim No. 3634 and forward it to my attention on or before November 8, 2008.

Please note that failure to participate in the Court ordered mediation, i.e. promptly providing responses to the requests set forth above, may result in your claim being disallowed with prejudice and/or the imposition of additional sanctions by the Court. (See Order at pg. 12 ¶ B-8.) I have previously communicated with you on multiple occasions via letters, emails and telephone conferences concerning the status of your Claim No. 3634 and the Court ordered mediation regarding the above requests. **Accordingly, if we do not hear from you concerning the issues raised above and receive the responsive documents and information on or before November 8, 2013, the Trust will request the Court to expunge Claim No. 3634 for failure to participate in the Court ordered mediation.**

Please let me know if you have any questions.

Very truly yours,

Martin A. Krolewski

Attachments