Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to Alfred H. Siegel,*
*Trustee of the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to Alfred H. Siegel, Trustee of the*
*Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES,<br>INC., *et al.*, Debtors. | ) Case No. 08-35653 (KRH)<br>)<br>) Chapter 11<br>)<br>) (Jointly Administered)<br>) |

**TRUSTEE'S MOTION FOR ORDER GRANTING CLAIMANT UNICAL**
**ENTERPRISES, INC. RELIEF FROM THE PLAN INJUNCTION SOLELY TO THE**
**EXTENT NECESSARY TO PROSECUTE ITS PENDING APPEAL TO COMPLETION**

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), by his undersigned counsel, hereby respectfully moves this Court for order granting claimant Unical Enterprises, Inc. ("Unical") relief from the plan injunction solely to the extent necessary to prosecute its pending appeal to completion.

**SUMMARY OF ARGUMENT**

1.    Unical filed a general unsecured proof of claim (the "Unical Proof of Claim") against Debtor Circuit City Stores, Inc. (the "Debtor") in the amount of $4,053,450 based upon the facts forming the basis of a pre-petition complaint filed by Unical against the Debtor (the "District Court Action").

DOCS_LA:274793.1 12304/003                                1

2. However, prior to the Petition Date, the District Court entered judgment against Unical on the claims asserted in the District Court Action, which judgment Unical appealed to the Ninth Circuit Court of Appeals, which appeal remains pending, but which is stayed by reason of the Plan Injunction.

3. Early in these bankruptcy cases, Unical sought relief from the automatic stay to prosecute its appeal to completion, which motion was opposed by the Debtors and denied by this Court without prejudice.

4. The Trustee seeks a limited lifting of the Plan Injunction to permit Unical to prosecute its appeal to conclusion because, if the Court of Appeals sustains the District Court's judgment based on the record before it, then Unical's claim can be summarily disallowed. Alternatively, if the Court of Appeals revives some or all of Unical's claims, then the revived claims can be quickly liquidated through the claim objection process.[1]

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## PERTINENT FACTS

**A.    General Case Background**

6. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of Title of the United States Code (the "Bankruptcy Code"), and until the effective date of the Plan (as defined below), continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to

---

[1] The Trustee offered to stipulate with Unical for the relief requested herein, but Unical's counsel refused to do so, instead insisting on a complete lifting of the Plan Injunction without any restrictions or limitations.

DOCS_LA:274793.1 12304/003        2

an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

8. On August 9, 2010, the Debtors and the Committee filed the *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding Administrative Claims* (the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

9. On September 10, 2010, the Court signed its Order confirming the Plan on November 1, 2010, the Plan became effective, and the Liquidating Trust came into being and assumed the rights and obligations as provided for in the Plan and Liquidating Trust Agreement.

10. Pursuant to the Plan and the Bankruptcy Court's Findings of Fact, Conclusions of Law and Order Confirming the Plan entered on September 14, 2010 [Docket No. 8555], any entity, including Unical, who holds a claim or interest against the Debtors is enjoined from commencing or continuing any action or proceeding instituted against the Debtors prior to the Petition Date (the "Plan Injunction").

**B.    The Unical Claim and Appeal**

11. On October 6, 2006, a civil action filed by Unical against Debtor Circuit City Stores, Inc. (the "Debtor") was removed from the Los Angeles County Superior Court to the United States District Court for the Central District of California and assigned Case No. CV 06-6384 GPS (CTx) (the "District Court Action"), in which Unical sought an award of damages against the Debtor in the sum of $5,616,968 on contract and contract related claims.

12. Following the granting of two motions in limine in favor of the Debtor and against Unical, trial of the District Court Action began on June 17, 2008, solely as to Unical's contract claim related to 6,420 units of a model of product in dispute. The trial resulted in a hung jury, and the District Court declared a mistrial on June 24, 2008.

13. Upon a motion by the Debtor for judgment as a matter of law as to liability and damages, on September 4, 2008, the District Court entered judgment in favor of the Debtor and against Unical (the "Judgment").

14. On October 1, 2008, Unical appealed the Judgment and the order on the motions in limine entered against it to the United States Court of Appeals for the Ninth Circuit, instituting appeal Docket No. 08-56628 (the "Pending Appeal"). The record on appeal was completed shortly thereafter, and a briefing schedule was set.

15. On the Petition Date, Debtor and other co-debtors (collectively the "Debtors") commenced the present Bankruptcy Cases by filing its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Bankruptcy Court (the "Bankruptcy Court").

16. On or about January 26, 2009, Unical filed a general unsecured proof of claim assigned Claim No. 6555 (the "Unical Proof of Claim") in the amount of $4,053,450, based upon the total of sums sought in its First and Second Causes of Action in the District Court Action, as set forth in the complaint filed therein.

17. On August 20, 2009, the Debtors filed *Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims)* (the "Claim Objection") [Docket No. 4585], which objected, in part, to the Unical Proof of Claim.

18. On September 17, 2009, Unical filed its *Response of Unical Enterprises, Inc. to Debtors' Thirty-First Omnibus Objection to Claims* [Docket No. 4975], in which Unical asserted that it would file a motion for relief from stay to pursue the Pending Appeal.

19. The Claim Objection has been continued from time to time as to the Unical Proof of Claim, and other claims, and is presently scheduled for a status hearing on February 20, 2014.

20. On October 23, 2009, Unical filed its *Motion of Unical Enterprises, Inc. for Relief from Automatic Stay* (the "Relief From Stay Motion") [Docket No. 5343] seeking to allow it to proceed with the Pending Appeal.

21. On November 30, 2009, the Debtors filed the *Debtors' Response and Objection to the Motion of Unical Enterprises, Inc. for Relief From the Automatic Stay* [Docket No. 5955], based upon the then existing status of the bankruptcy cases.

22. On January 20, 2010, the Court entered its *Order Denying Motion of Unical Enterprises, Inc. For Relief From the Automatic Stay* [Docket No. 6367], denying Unical's motion without prejudice.

23. Unical has not taken any action or otherwise communicated with the Debtors or the Trustee since early 2010. In order to advance the Claim Objection, in September, 2013, the Trustee offered to enter into such a stipulation with Unical, but in October, 2013, counsel for Unical refused to do so, insisting instead that the Plan Injunction be lifted in favor of Unical with absolutely no limitations or restrictions. UniCal's proposal is unacceptable to the Trustee.

24. Therefore, the Trustee herein moves the Court to lift the Plan Injunction in favor of Unical solely to prosecute the Pending Appeal to conclusion, and to the extent that any of its claims are revived through the Pending Appeal, any revived claims shall be liquidated through the Claim Objection in the Bankruptcy Court. Without such relief, the Unical Proof of Claim, which is based on claims against which a judgment has been entered, cannot be ultimately resolved.

# ARGUMENT

25. The grounds for lifting a Plan Injunction are the same as for relief from the automatic stay under Bankruptcy Code § 362: "Cause." *In re WorldCom, Inc.,* 325 B.R. 511 (S.D.N.Y. 2005). "Cause" is defined to include a "lack of adequate protection," but is not otherwise defined in the Bankruptcy Code. Bankruptcy Code § 362(d)(1).

26. However, in the context of exercising discretion in determining whether litigation should continue in a non-bankruptcy forum, the bankruptcy courts in the Fourth Circuit have applied the factors enunciated in *Robbins v. Robbins (In re Robbins),* 964 F.2d 342 (4th Cir. 1992):

> "The factors that courts consider in deciding whether to lift the automatic stay include (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in the state court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. *See*, *In re Mac Donald,* 755 F.2d at 717; *In re Holtkamp,* 669 F.2d 505, 508-09 (7th Cir. 1982); *In re Revco D.S., Inc.,* 99 Bankr. 768, 776-77 (N.D. Ohio 1989); *In re Pro Football Weekly, Inc.,* 60 Bankr. 824, 826-27 (N.D. Ill. 1986); *Broadhurst v. Steamtronics Corp.,* 48 Bankr. 801, 802-03 (D. Conn. 1985)."

27. The Trustee submits that good cause exists for the lifting of the Plan Injunction to permit Unical to complete prosecution of its appeal.

28. First, the issues in the pending appeal involve only state law contract and evidentiary issues, which do not require the expertise of the Bankruptcy Court.

29. Second, the record on appeal has been completed, and only briefing and argument (if the Ninth Circuit determines argument to be necessary) remains. It therefore promotes judicial economy for the Ninth Circuit to complete the appeal process because the appellate matters can certainly be determined by the Ninth Circuit, which may well affirm the district court judgment, resulting in an ultimate determination of the Unical Claim without the need for any further proceedings in the Bankruptcy Court.

30. Finally, the creditors and the Trust are protected in that the relief requested would not result in any jeopardy to creditors because any of Unical's claims that are revived in the appellate process will be liquidated through the Claim Objection, and distributions to Unical, if any, will be made pursuant to the terms of the Plan.

## CONCLUSION

31. The Trustee respectfully requests that the Court enter an order (i) granting this Motion, (ii) affording Unical relief from the Plan Injunction solely to the extent necessary to prosecute its Pending Appeal to conclusion, and (iii) granting such other relief as is just and proper.

Dated: Richmond, Virginia
       February 4, 2014

TAVENNER & BERAN, PLC

  /s/ Lynn L. Tavenner
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

    - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
Andrew W. Caine
(admitted *pro hac vice*)
Iain A. W. Nasatir
(admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
(310) 277-6910

*Counsel to Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# EXHIBIT "A"
# (Proposed Order)

**EXHIBIT A**

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| | |
| *Counsel to the Circuit City Stores, Inc.* | *Counsel to the Circuit City Stores, Inc.* |
| *Liquidating Trust* | *Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**ORDER GRANTING TRUSTEE'S MOTION FOR ORDER GRANTING
CLAIMANT UNICAL ENTERPRISES, INC. RELIEF FROM THE PLAN
INJUNCTION SOLELY TO THE EXTENT NECESSARY TO
PROSECUTE ITS PENDING APPEAL TO COMPLETION**

This matter coming before the Court on the Trustee's Motion for Order Granting Claimant Unical Enterprises, Inc. Relief From the Plan Injunction Solely to the Extent Necessary to Prosecute Its Pending Appeal to Completion (the "Motion") filed by Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Liquidating Trust; the Court (a) having reviewed the Motion and all pleadings relating thereto and (b) having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) that sufficient cause exists for the granting of the relief requested in the Motion; (d) that granting the relief requested in the Motion is in the best interest of the Trust, its estate and creditors; (e) notice of the Motion and the Hearing was proper and adequate under the circumstances and no other further notice is necessary; and (f) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**.

2. All capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

3. The Plan Injunction is hereby lifted in favor of Unical solely to the extent necessary to prosecute the Pending Appeal to completion.

4. To the extent any of Unical's claims are revived through the Pending Appeal, same shall be liquidated through the Claim Objection.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____          _____
      Richmond, Virginia                                    The Honorable Kevin R. Huennekens
                                                                              United States Bankruptcy Judge

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2014, a true and correct copy of the foregoing **Trustee's Motion for Order Granting Claimant Unical Enterprises, Inc. Relief From the Plan Injunction to the Extent Necessary to Prosecute Its Pending Appeal to Completion** was served electronically through the Court's CM/ECF System to the following:

Erick F. Seamster (VA Bar No. 76108)
WALLACEPLEDGER, PLLC
7100 Forest Avenue, Suite 302
Richmond, Virginia 23226
Telephone 804-282-8300
eseamster@wallacepledger.com

and by United States mail, postage prepaid to:

Thomas J. Weiss (CA Bar No. 63167)
WEISS & HUNT
1925 Century Park East, Suite 2140
Los Angeles, California 90067
Telephone: 310-788-0710
tweiss@weisslawla.com

                                       */s/ Lynn L. Tavenner*
                                         Lynn L. Tavenner