March 29-2014

To whom it may Concern:

The purpose of this Letter is to advise you. That on march 11-2014 at 11:00 An. On Tuesday at the office of Tavenner & Beran. At the mediation Agreement we sign paper on Claims 2722 for $50,000.00 and 2725 for $5000.00 the paper we sign with Karen M Crowley did not have my Claims number on them. The paper work Marty Krolenski sent for settlement has one Claims number 2722. I have two Claims. Me and my wife and son Travel 16½ hour one way to settle my Claims. A Copy of the paper we sign on the back of this Latter. I will discuss this with my Attorney on this matter.

Sincerely
Your.
Glenn E Duncan
Attorney: Son Lam Nguyen
District of Virginia

RICHMOND DIVISION
FILED
APR 10 2014
CLERK
US BANKRUPTCY COURT

Subject:   Mediation Agreement

From:      Karen M. Crowley (KCrowley@clrbfirm.com)

To:        duncanglenn65@att.net;

Cc:        MKrolewski@KelleyDrye.com;

Date:      Monday, February 17, 2014 12:23 PM

Tavenner & Beran

20 North Eighth Street

Second Floor

Richmond, Virginia 23219

Subject:    RE: Revised Mediation Agreement

From:    Karen M. Crowley (KCrowley@clrbfirm.com)

To:    duncanglenn65@att.net;

Date:    Monday, March 10, 2014 10:24 AM

Mr. Duncan – I received this e-mail but no attachment.  Do you anticipate attending tomorrow?  Can you give me a call?

**Karen M. Crowley**

**Direct dial – (757) 333-4502**

**Direct fax – (757) 333-4514**

**Crowley, Liberatore, Ryan & Brogan, P.C.**

Town Point Center, Suite 300

150 Boush Street

Norfolk, Virginia 23510

(757) 333-4500

(757) 333-4501 (fax)

NOTICE: This e-mail message (including all attachments transmitted with it, if any) is intended solely for the use of the addressee and may contain legally privileged and confidential information.  If you are not the person to whom this e-mail is addressed, or an employee or agent responsible for delivering this message to the person to whom it is addressed, you are hereby notified that any dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.

If you have received this e-mail in error, please notify the sender immediately by e-mail reply, then please delete this e-mail, together with any attachments to it, from your computer.

**From:** Duncanglenn65@att [mailto:duncanglenn65@att.net]
**Sent:** Monday, March 10, 2014 1:13 AM
**To:** Karen M. Crowley
**Subject:** RE: Revised Mediation Agreement


-------- Original message --------
From: "Karen M. Crowley"
Date:02/26/2014 12:22 PM (GMT-05:00)
To:
Cc: "Krolewski, Martin A."
Subject: RE: Revised Mediation Agreement

**From:** Karen M. Crowley
**Sent:** Tuesday, February 18, 2014 9:18 AM
**To:**
**Cc:** 'Krolewski, Martin A.'
**Subject:** Revised Mediation Agreement


Mr. Duncan,


Counsel for Circuit City had a few comments to the mediation agreement, which I found acceptable.  Please see the attached revised mediation agreement.  Again, if you have any questions, please call me to discuss them.

| Subject: | Glenn Duncan v. Circuit City (Claims 2722/2725) |
| From: | Krolewski, Martin A. (MKrolewski@KelleyDrye.com) |
| To: | duncanglenn65@att.net; |
| Cc: | MKrolewski@KelleyDrye.com; |
| Date: | Friday, March 28, 2014 12:04 PM |

FOR SETTLEMENT PURPOSES / SUBJECT TO FRE 408

Dear Mr. Duncan:

As we had discussed at the end of our mediation on March 11, 2014, attached is the Settlement Agreement reflecting our agreed to settlement of your general unsecured claims nos. 2722 and 2725. The Settlement Agreement reflects in paragraph 1 on page 3 that pursuant to that agreement the Trust will allow Claim No. 2722 as a general unsecured claim in the amount of $50,000 and your claim no. 2725 will be disallowed as will any other claims. The Settlement Agreement also has a tax provision that we discussed and you requested in paragraph 2 on page 3. Paragraphs 3 and 4 on pages 4 and 5 reflect the mutual releases of both parties of the other of any further liability. Finally, the Settlement Agreement contains a confidentiality clause in paragraph 8 on page 6 as we had discussed. Please review the agreement and to the extent you would like please consult with your counsel regarding any of the terms in the Settlement Agreement. Once you had an opportunity to review and are ok with the agreement, please date and execute it and send me a physical original at the address below (if possible also fax or email a copy to me). Once I receive an executed copy, I will forward to the Trustee for his execution and will send you a fully executed copy for your records.

Finally, during the mediation, I referenced a W-9 but after checking the records in connection with your claims I found that you had filed a W-9 back on December 30, 2010. I am attaching a copy of that W-9 for your records.

Regards,

Marty Krolewski

**Martin A. Krolewski, Esq. | Kelley Drye & Warren LLP**
101 Park Avenue, New York, NY 10178
212.808.5137 | mkrolewski@kelleydrye.com
www.kelleydrye.com

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this communication, unless otherwise stated, is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

## SETTLEMENT AGREEMENT AND STIPULATION BY AND BETWEEN THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND GLENN C. DUNCAN

This Settlement Agreement and Stipulation ("Settlement Agreement") is entered into by and between the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), on the one hand, and Glenn C. Duncan of 4750 Old Military Road, Theodore, Alabama 36582 ("Claimant"), on the other hand (Trust and the Claimant may be referenced herein as the "Parties", and/or each as a "Party").

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors (the "Debtors")[1] each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, *on November 12, 2008, the Office of the United States Trustee for* the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan"). The associated disclosure statement (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512) – *In re Circuit City Stores, Inc. et al.*, Case No. 08-25653 (KRH).

"Disclosure Statement") was approved on September 24, 2009. Confirmation of the First

Amended Plan was originally scheduled for November 23, 2009, but has been adjourned from

time to time; and

        WHEREAS, on August 9, 2010, the Debtors and the Creditors' Committee filed

the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

Unsecured Claims (the "Plan"), and the Plan was confirmed on September 10, 2010; and

        WHEREAS, the Plan became effective on November 1, 2010, and pursuant to the

Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and

responsibility to liquidate the Debtors' remaining assets and distribute the proceeds to creditors;

and

        WHEREAS, the Trust is authorized under the Plan and Liquidating Trust

Agreement to settle claims and causes of action, subject to the notice provisions therein.

### SETTLEMENT BACKGROUND

        WHEREAS, on or about January 6, 2009, Claimant filed two unliquidated claims

against the Debtors for damages arising out of his alleged wrongful termination from the

Debtors' Mobile, Alabama store on March 28, 2007. Claimant filed his claims as general

unsecured, non-priority claims. The Claims Agent appointed by the Court designated these

claims as claim numbers 2722 and 2725. ("Claim Nos. 2722 and 2725"); and

        WHEREAS, on or about August 20, 2009 the Trust objected to Claim Nos. 2722

and 2725 [Docket No. 4585]; and

        WHEREAS, on February 25, 2013, the Trust filed and served upon the Claimant a

motion [Docket No. 12820] for the entry of an order, which would implement alternative dispute

resolution procedures for certain disputed claims, including Claim Nos. 2722 and 2725.  On

March 18, 2013, the Court entered the Order Implementing Alternative Dispute Resolution

Procedures for Certain Disputed Claims [Docket No. 12855] (the "ADR Order").  The ADR

Order required, in part, that the Trust and the Claimant mediate Claim Nos. 2722 and 2725

before proceeding to litigation; and

   WHEREAS, the Parties participated in the Court mandated mediation concerning

Claim Nos. 2722 and 2725 on March 11, 2014 before mediator Karen Crowley, Esq., and as a

result agreed to resolve the foregoing claims in their entirety rather than proceed with litigation

concerning Claim Nos. 2722 and 2725; and

   NOW THEREFORE, for good and valuable consideration, the receipt and

sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE

that:

   1.  **Claim Disallowance, Allowance and Waivers.**  Claim No. 2725 shall be

disallowed in its entirety and with prejudice.  Claim No. 2722 shall be allowed as a general

unsecured, non-priority claim in the amount of $50,000.00, as of the Settlement Effective Date

(as defined herein).  Other than the recovery on Claim No. 2722 as set forth in this paragraph,

Claimant shall not recover any amounts from the Trust, including any claim that Claimant might

be entitled to file under Bankruptcy Code section 502(h).

   2.  **Taxes.**  The Trust will make a reasonable effort, to the extent permitted by

law, to allow the Claimant to assume payment of any applicable taxes on the distribution of the

allowed claim as set forth in paragraph 1.  If not allowed by law, than applicable federal and state

taxes will be withheld by the Trust from the distribution on the allowed claim as set forth in

paragraph 1.

3.    **Trust's Release.** Effective on the Settlement Effective Date, the Trust, on behalf of itself, the Debtors and their bankruptcy estates, together with each of their affiliates, parents, agents, subsidiaries, and the successors and assigns of any of them, and any other person or entity that claims or might claim through, on behalf of, or for the benefit of any of the foregoing (collectively, the "Trust Releasor"), shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Claimant and his successors and assigns (the "Claimant Releasees") from any and all manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trust Releasor or the Debtors, from the beginning of time through the Settlement Effective Date, have, have had, may have or may claim to have against any Claimant Releasees in any manner, including but not limited to any relating or pertaining to the claims asserted in Claim Nos. 2722 and 2725 and any other claims waived by Trust under the terms of the Settlement Agreement (collectively, the "Trust Released Claims").

4.    **Claimant's Release.** Effective on the Settlement Effective Date, the Claimant, on behalf of himself and his successors and assigns, and any other person or entity that claims or might claim through, on behalf of or for the benefit of any of the foregoing (collectively, the "Claimant Releasors"), shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trust, the Debtors, their past or present affiliates, attorneys, directors, employees, officers, parents, agents subsidiaries, and the successors and assigns of any of them (collectively, the "Trust

4

Releasees"), from any and all manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Claimant Releasors, from the beginning of time through the Settlement Effective Date, have, have had, may have or may claim to have against any Trust Releasees in any manner, including but not limited to any relating or pertaining to the claims asserted in the Claim Nos. 2722 and 2725 and any other claims waived by Claimant under the terms of this Settlement Agreement (collectively, the "Claimant Released Claims").

       5.      *As to the mutual releases contained herein, the Trust Releasor and* Claimant Releasors hereby expressly waive and relinquish, to the fullest extent permitted by law, the benefits of California Civil Code section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

or any similar law in any other jurisdiction.

       6.      **No Admissions.**  This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations contained in Claim Nos. 2722 and 2725.

       7.      **Expenses.**  The Parties shall bear their own costs, expenses and attorneys' fees incurred in connection with the Trust Released Claims, the Claimant Released Claims,

5

Claim Nos. 2722 and 2725, and this Settlement Agreement. In the event of any dispute in

connection with the enforcement of this Settlement Agreement, the prevailing Party shall be

entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket

expenses, whether statutorily approved or non-approved costs, incurred in connection with such

action or proceeding, as determined by this Court.

8.    **Confidentiality.** This Settlement Agreement is confidential and neither

the Settlement Agreement nor the terms of the Settlement Agreement shall be disclosed to any

person not a party to this Settlement Agreement or a representative of a party to this Settlement

Agreement, which may include the parties' respective attorneys, accountants, bookkeepers and

business advisors when necessary or appropriate, without the consent and agreement in writing

of the Parties, or as may be required upon receipt of judicial process.

9.    **No Other Obligations.** The Parties agree that the Parties have no

obligation to one another other than as set forth herein.

10.    **Severability.** The Parties agree that if any provision of this Settlement

Agreement is determined by a court of competent jurisdiction to be illegal, invalid or

unenforceable, that provision shall not be a part of this Settlement Agreement. The legality,

validity and enforceability of the remaining provisions shall not be affected by a provision of this

Settlement Agreement that is illegal, invalid or unenforceable.

11.    **Acknowledgements.** The Parties acknowledge they have carefully read

and fully understand the terms of this Settlement Agreement. They have jointly negotiated and

prepared this Settlement Agreement and are fully satisfied with all of its terms. The Parties have

had a full opportunity to consult with legal counsel regarding the terms of this Settlement

6

Agreement. The Parties have entered into this Settlement Agreement knowingly and voluntarily and agree to all of its provisions.

       12.   **Miscellaneous.**

       (a)   Nothing contained herein shall be deemed an admission of liability on the part of the Trust or Claimant.

       (b)   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

       (c)   Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

       (d)   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

       (e)   This Settlement Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Virginia without regard to any choice of law provisions.

       (f)   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

7

(g)     The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(h)     Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(i)     This Settlement Agreement is effective upon the Settlement Effective Date (as defined below).

(j)     This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

(k)     This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

8

13.    The "Settlement Effective Date" of this Settlement Agreement and all of

its terms shall be the date of execution by all Parties

IN WITNESS WHEREOF, this Agreement is hereby executed as of the date(s) set forth

below:

ACCEPTED AND AGREED TO BY:

THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST

By:_____                    _____, 2014
Alfred H. Siegel, solely in capacity as
Trustee of the Circuit City Stores, Inc. Liquidating
Trust and not in any individual capacity

GLENN C. DUNCAN

By: _____*none*_____                    _____*none*_____, 2014
    Glenn C. Duncan
    4750 Old Military Road
    Theodore, Alabama 36582

9

1. Allowed unsecured claim of $50,000
2. Subject to signed settlement agreement
3. Mutual releases, except for the $50,000
       allowed unsecured claim
4. Confidentiality provision
5. ~~Standard federal and state income tax withholding.~~ Will make reasonable effort to allow Mr. Duncan to assume the payment of any ~~taxes~~ applicable taxes. If not ~~.Ahn~~
6. Payment of the 17½¢ within 90 days of claim allowance
~~6~~ 7. Completion of W-9 if not already done


Agreed: [signature]

Agreed: [signature]


Parties will make reasonable
effort to allow Mr. Duncan to
assume the payment of any
applicable taxes. If not able, than
standard federal and state
income tax withholding from
distribution

Timeliness/Statute of Limitations

-180 days to file BUT

    -get a 300 day extension IF

        - For age discrimination, the filing deadline is extended to 300 days if there is a state law prohibiting age discrimination in employment and a state agency or authority enforcing that law.

**ALA CODE § 25-1-21 : Alabama Code - Section 25-1-21**: DISCRIMINATION AGAINST WORKERS 40 YEARS OF AGE AND OVER - PROHIBITED

*No employer, employment agency, or labor organization shall discriminate in employment against a worker 40 years of age and over in hiring, job retention, compensation, or other terms or conditions of employment.*

*(Acts 1997, No. 97-723, p. 1495, §2.)*

-generally the clock starts when you reasonably believe you have been discriminated against.
-it does NOT have to be the termination date.  It is the point after within a reasonable time you have learned you were terminated and or discriminated against and felt the effects.

Offer to rehire employees

-could be merely a ploy before filing bankruptcy

-Circuit City needed a buyer at this time, DESPERATELY!  They were in financial turmoil.

    -hiring former employees buys them time

        -do not have to train

        -need employees for possible if not imminent liquidation

        -not to mention this comes at holiday/Black Friday time (ONE WEEK later) how convenient...

        -if Mr. Duncan takes job...then what?  No job security, no promise to end discrimination. Not even the same exact position or same pay with same benefits

            -Offering an at-will temporary position at best

            -no set financial agreement or offer, offer is ambiguous to terms

-ADEA code and legislative intent was not meant to enforce against low hourly wage earners.  Mr. Duncan had to make a choice best for his family and for himself, not to put himself in the best position for a lawsuit. (So I would argue any reasonable person would have rejected offer and legally offering someone a different position is not a proper remedy for discrimination. *Example: the CEO to valet guy scenario we spoke of on the phone earlier*).

Timeliness/Statute of Limitations

-180 days to file BUT

  -get a 300 day extention IF

    - For age discrimination, the filing deadline is extended to 300 days if there is a
    state law prohibiting age discrimination in employment and a state agency or authority
    enforcing that law.

**ALA CODE § 25-1-21 : Alabama Code - Section 25-1-21**: DISCRIMINATION AGAINST WORKERS 40 YEARS
OF AGE AND OVER - PROHIBITED

-generally the clock starts when you reasonably believe you have been discriminated against.
-it does NOT have to be the termination date. It is the point after within a reasonable time you have
learned you were terminated and or discriminated against and felt the effects.

Offer to rehire employees

-could be merely a ploy before filing bankruptcy

-Circuit City needed a buyer at this time, DESPERATELY! They were in financial turmoil.

  -hiring former employees buys them time

    -do not have to train

    -need employees for possible if not imminent liquidation

    -not to mention this comes at holiday/Black Friday time (ONE WEEK later) how
    convenient...

    -if Mr. Duncan takes job...then what? No job security, no promise to end discrimination.
    Not even the same exact position or same pay with same benefits

      -Offering an at-will temporary position at best

      -no set financial agreement or offer, offer is ambiguous to terms

-ADEA code and legislative intent was not meant to enforce against low hourly wage earners. Mr.
Duncan had to make a choice best for his family and for himself, not to put himself in the best position
for a lawsuit. (So I would argue any reasonable person would have rejected offer and legally offering
someone a different position is not a proper remedy for discrimination. *Example: the CEO to valet guy
scenario we spoke of on the phone earlier*).

**Mediation Notes**

-mediation is different from arbitration and court proceedings because the final conclusion is not even
"final." You don't have to go along with what the mediator suggests. Think of it as buying a car. You're
negotiating but at the end of the day, you might not buy a car or they might not sell you one for an
agreed price. Also keep in mind everyone in the room is a lawyer and that's ok for you. They have to
play fair because the Bar association will rip them a new one if they take advantage of you.

Form **W-9**
(Rev. October 2007)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

Give form to the
requester. Do not
send to the IRS.

**Name (as shown on your income tax return)**
DUNCAN, GLENN C

**Business name, if different from above**

**Check appropriate box:** ☐ Individual/Sole proprietor   ☐ Corporation   ☐ Partnership
☐ Limited liability company. Enter the tax classification (D=disregarded entity, C=corporation, P=partnership) ▶ .......
☐ Other (see instructions) ▶

☐ Exempt
payee

**Address (number, street, and apt. or suite no.)**
4750 OLD MILITARY RD

**Requester's name and address (optional)**

**City, state, and ZIP code**
THEODORE, AL 36582

**List account number(s) here (optional)**

*Print or type*   *See Specific Instructions on page 2.*

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

**Social security number**
4/8 : 06 : 2008

or

**Employer identification number**

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**   Signature of U.S. person ▶   *[signature]*   Date ▶ 12-1-2010

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

- An individual who is a U.S. citizen or U.S. resident alien,
- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,
- An estate (other than a foreign estate), or
- A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

- The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X

Form **W-9** (Rev. 10-2007)



RECEIVED
DEC 30 2010


0835653101230000000000212