Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**LIQUIDATING TRUSTEE'S MOTION TO AUTHORIZE**
**EMPLOYMENT OF PROCESS GENERAL, LLC AS**
**NOTICING AGENT AND (B) UTILIZATION OF**
**CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**
**TO PROVIDE SERVICES OF A CLAIMS AGENT**

Alfred H. Siegel, the duly appointed trustee (the "Trustee" and/or the "Liquidating Trustee") of the Circuit City Stores, Inc. Liquidating Trust (the "Trust" and/or the "Liquidating Trust"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors

1

Holding General Unsecured Claims (the "Plan"), hereby moves (the "Motion") to authorize (a) the employment of Process General, LLC ("PG") as its official noticing agent retained in the above-captioned chapter 11 bankruptcy cases[1] and (b) the utilization of the staff of the Liquidating Trust to maintain the official claims registry in these cases and to otherwise provide services of a claims agent. In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157 (b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The Predicates for the relief requested here are Bankruptcy Code section 105 (a) and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code § s 1107 and 1108.

4.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

5.      On November 12, 2008, the Bankruptcy Court entered an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, and (B) Approving the Form

---

[1] Arguably, this relief is in the ordinary course of business and Court approval may not be required. However, given the nature of all relief being requested and the Trustee's desire to keep this Court apprised of Trust activity, the specific relief is included in this Motion.

2

and Manner of Notice of Case Commencement [Doc. #108] (the "KCC Order"). Since its employment, KCC has provided a variety of services to the Debtors and the Liquidating Trustee as claims and noticing agent, as set forth in the KCC Order including, but not limited to: (i) preparing and serving required notices; (ii) maintaining copies of all proofs of claims and proofs of interest and all claims registers related thereto; (iii) maintaining a current mailing list for all entities entitled to notice of events; and (iv) maintaining a website from which anyone may download the claims register.

6. On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement. As of March 8, 2009, the going out of business sales at the Debtors' stores were completed.

7. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

8. The Plan provides for, among other things, the appointment of Alfred H. Siegel to serve as the Trustee of the Circuit City Stores, Inc. Liquidating Trust, as of the effective date.

9. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order"). The Plan became effective on November 1, 2010.

10. Pursuant to the Plan and the Confirmation Order, the Liquidating Trustee succeeded to all of the rights and powers of a debtor-in-possession under sections 1107 and 1008 of the Bankruptcy Code as of the Effective Date and is now entrusted to administer the

3

Liquidating Trust and its assets.  Under the Plan and the Liquidating Trust, the Liquidating Trustee is deemed the representative of the Debtors as the party in interest in their chapter 11 cases, and is specifically authorized, empowered and directed to take all actions necessary to comply with the Plan and exercise and fulfill the duties and obligations thereunder.

11.    The staff employed by the Trust has worked closely with KCC ensuring that the official claims register in these cases accurately reflects amounts of claims filed in these cases as modified by Court order or agreement of the parties pursuant to procedures approved by this Court.  In essence, the Trust staff maintains a master database of the claims and provides the requisite information and documentation to KCC who thereafter modifies the official claims registry.

12.    On or about September 14, 2012, this Court, upon proper motion and due notice, entered the Order Automatically Expunging Claims (the "Expungement Order"), which provides in part as follows: "The Clerk of this Court is hereby directed to strike from its records and expunge all Excessively Delinquent Claims unless otherwise directed by further order of this Court and/or written instruction from the Trust."  Furthermore, the Expungement Order authorizes and directs KCC to strike from its records and expunge all Excessively Delinquent Claims (other than timely filed Limited PI Claims) (as such terns are defined in the Expungement Order) unless otherwise directed by further order of this Court and/or written instruction from the Trust.

13.    The Liquidating Trustee has determined that he can obtain the services provided by KCC at a significantly lower cost through (a) the employment of PG and (b) the utilization of his staff at the Trust, especially since the staff is currently maintaining a claims database and providing the necessary updates to KCC.

4

14. On April 22, 2014, the Liquidating Trustee served KCC with a notice of termination of services as required pursuant to Section VI(A) of the KCC Agreement for Services (the "KCC Agreement") which was approved pursuant to the KCC Order. Simultaneously herewith, the Liquidating Trust has filed a Motion to Terminate Employment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent.

## RELIEF REQUESTED

15. In its business judgment, the Liquidating Trust has determined that it is the best interests of the Liquidating Trust to retain PG as noticing agent and utilize staff at the Trust for claims services because PG and the Trust staff will provide the services previously provided by KCC at a significantly lower cost (as well as reduce duplication of services). The Liquidating Trustee is attempting to maintain costs to ensure that general unsecured creditors receive the highest possible distribution in these cases.

16. By this Motion, the Liquidating Trustee seeks authority to retain PG as noticing agent on the terms and conditions set forth in that certain PG Services Agreement, dated April 11, 2014 (the "PG Agreement"), a true and correct copy of which is attached as Exhibit A hereto.

17. As set forth more fully in the PG Agreement, PG represents, among other things, that it will provide the following services at the request of the Liquidating Trustee:

   A. Prepare and serve required notices that the Liquidating Trustee and/or the Court deem necessary or appropriate.

   B. File a proof of service that includes (i) an alphabetical list of persons on whom PG served the notice along with their addresses and (ii) the date and manner of service.

   C. Maintain a website (www.processgeneral.com/circuit city), specifically for these bankruptcy cases from which anyone may download certain claim information and obtain other relevant information and documents pertaining to these cases at no charge. Additional information about claims may be obtained by contacting a designated claims hotline that will be maintained by the staff at the Trust.

5

    D.  Provide such other noticing and related administrative services as may be requested from time to time by the Liquidating Trustee.

  18.  Notwithstanding the relief requested herein and the services to be provided by PG, any party submitting a particular pleading or other document with the Court shall be responsible for all noticing and service functions relevant to the particular matter as may be required under applicable rules and shall file with the Clerk of Court a declaration of service regarding such noticing and service. Furthermore, the attorney for any party submitting a proposed order or judgment shall serve copies of all parties entitled to receive notice of entry of the order or judgment as soon as practicable. Lastly, the attorney submitting a proposed order or judgment shall be responsible for photocopying the conformed copies in order to relieve the Clerk's Office from the large burden of photocopying these orders.

  19.  In connection with its employment, PG represents as follows:

    A.  PG is not an employee of the United States government.

    B.  PG waives any rights to receive compensation from the United States government but instead shall be compensated by the Trust.

    C.  PG is not a creditor in the Debtors' bankruptcy cases.

    D.  PG shall be employed by the Liquidating Trustee and shall be compensated by these bankruptcy estates.

  20.  In connection with services normally performed through the employment of a claims agent, the Trustee maintains that the staff of the Trust can provide said services more efficiently and effectively than the current process given the state of these cases. Under the terms of the Expungement Order, no additional proof of claim may be filed other than by Court order or consent of the Trust. Substantially all modifications that would be made to the official claims registry are changes that the staff of the Trust would direct KCC to make as provided in an order of this Court or by agreement of the parties pursuant to procedures previously approved by this Court. Accordingly, by this Motion the Trustee proposes that the staff of the Trust will:

6

    A.    Obtain from KCC and thereafter maintain all proofs of claim or interest (and any amendments thereto) filed in these cases.

    B.    Maintain an official claims register in these cases by docketing all proofs of interest or claims (and their amendments) in a claims database[2] (which is already maintained by the Trust) that includes the following information for each such claim or interest asserted:

        i.    The name and address of the claimant or interest holder and any agent thereof (if the proof of claim or interest was filed by an agent);
        ii.    The date that the proof of claim or interest was received by KCC;
        iii.    The claim number assigned to the proof of claim or interest;
        iv.    The asserted amount and classification of the claim; and
        v.    The amount allowed, when appropriate, either by Court order or agreement of the parties pursuant to procedures previously approved by this Court.

    C.    Implement security measures to ensure the completeness and integrity of the claims register. Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the official claims register.

    D.    Transmit to the Clerk of Court a summary of and/or a copy of the claims register as frequently as requested by the Clerk of Court.

    E.    Provide the public access to copies of the proofs of claim or interest filed in these chapter 11 cases without charge by appointment during the business hours of 10:00 a.m. – 4:00 p.m. Eastern Time in a viewing area at the following address: 200 Westgate Parkway, Richmond, VA 23233.

    F.    Allow the Clerk of Court to independently audit the claims information at any time (during regular business hours).

    G.    Return calls received at a designated claims hotline as provided in the website proposed to be maintained by PG.

    H.    Comply with such further conditions and requirements as the Clerk of Court or the Court may at any time require or request.

21.    The Debtors' bankruptcy cases have been pending since November 2008. At the time these cases were commenced, there was a need for significant services to assist the Debtors in the administration of their cases. The Plan was confirmed over three years ago and the

---

[2] A database is already maintained by the staff of the Trust.

7

Liquidating Trustee has made significant progress with respect to liquidating assets, pursuing litigation, and objecting to claims. There are very few claims and/or amendments and/or withdrawals filed at this point in time, and the external activity on the claims register is minimal. Furthermore, under the terms of the Expungement Order, most claims that would be filed hereafter are to be automatically expunged. Accordingly, substantially all modifications to the claims registry now involve setting the allowed amount articulated in Court order and/or agreement of the parties pursuant to procedures previously approved by this Court. In an effort to further conserve estate resources, the Liquidating Trustee has been contemplating for some time using an alternative claims process in order to reduce expenses. After conducting due diligence and considering the size and scope of the services required by these estates, the Liquidating Trustee has determined that PG and the staff at the Trust can provide the necessary services (including maintaining the official claims register) at greatly reduced expenses.

22.     The Liquidating Trustee believes that PG has the necessary experience and expertise to render the necessary services in a professional and efficient manner in accordance with the Federal Bankruptcy Rules and the Local Bankruptcy Rules. The compensation to be provided to PG for services rendered is set forth in the PG Agreement attached hereto as Exhibit A. The Liquidating Trustee believes that such compensation is fair and reasonable under the circumstances. PG's fees shall be at the expense of the Trust and shall be paid directly by the Liquidating Trustee in the ordinary course of business as administrative expenses as permitted by the Plan. No fee application or other filing with this Court will be required.

23.     The Liquidating Trustee also believes that his staff can provide claims services more efficiently and effectively than the current process. The proposal herein would reduce the duplication of efforts and reduce expense. The staff at the Trust already maintains a claims database and provides KCC with all information necessary to update the official claims registry.

8

## NOTICE

24.   Notice of this Motion has been provided to the following parties: (i) Office of the United States Trustee; (ii) KCC; (iii) all parties signed up to receive notice on the Bankruptcy Court's e-filing system; and (iv) Process General, LLC.  The Trustee submits that, under the circumstances, no other further notice need be given.

## CONCLUSION

25.   WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto, granting the relief requested herein and such other relief as is just and proper.

Dated: Richmond, Virginia

April 30, 2014

TAVENNER & BERAN, PLC

*/s/ Paula S. Beran*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy:   (310) 201-0760<br><br>            - and – <br><br>Robert J. Feinstein, Esq.<br>John A. Morris, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Telecopy: (212) 561-7777<br><br>*Counsel to the Circuit City Stores, Inc.*<br>*Liquidating Trust* | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:   (804) 783-0178<br><br>*Counsel to the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:                                                                              ) | Case No. 08-35653 (KRH) |
|                                                                                          ) | |
| CIRCUIT CITY STORES, INC., <u>et</u> <u>al</u>.,         ) | Chapter 11 |
|                                                                                          ) | |
|                                         Debtors.                            ) | (Jointly Administered) |
|                                                                                          ) | |

**ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION**
**TO AUTHORIZE (A) EMPLOYMENT OF PROCESS**
**GENERAL, LLC AS NOTICING AGENT AND (B) UTILIZATION**
**OF CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**
**<u>TO PROVIDESERVICES OF A CLAIMS AGENT</u>**

Upon the Liquidating Trustee's Motion to Authorize (A) Employment of Process

General, LLC as Noticing Agent and (B) Utilization of Circuit City Stores, Inc. Liquidating

Trust to Provide Services of a Claims Agent (the "Motion") and the Court having reviewed the

Motion and the Court having determined that the relief requested in the Motion is in the best

11

interests of the Trust, the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The requirement under Local Bankruptcy Rule 9013-1 (G) to file a memorandum of law in connection with the Motion is hereby waived.

3. PG will provide the following services at the request of the Liquidating Trustee:

   A. Prepare and serve required notices that the Liquidating Trustee and/or the Court deem necessary or appropriate.

   B. File a proof of service that includes (i) an alphabetical list of persons on whom PG served the notice along with their addresses and (ii) the date and manner of service.

   C. Maintain a website (www.processgeneral.com/circuit city), specifically for these bankruptcy cases from which anyone may download certain claim information and obtain other relevant information and documents pertaining to these cases at no charge. Additional information about claims may be obtained by contacting a designated claims hotline that will be maintained by the staff at the Trust.

   D. Provide such other noticing and related administrative services as may be requested from time to time by the Liquidating Trustee.

4. The responsibilities of the Trust staff will include:

   A. Obtain from KCC and thereafter maintain all proofs of claim or interest (and any amendments thereto) filed in these cases.

   B. Maintain an official claims register in these cases by docketing all proofs of interest or claims (and their amendments) in a claims database[3] (which is already maintained by the Trust) that includes the following information for each such claim or interest asserted:

---

[3] A database is already maintained by the staff of the Trust.

        i.    The name and address of the claimant or interest holder and any agent thereof (if the proof of claim or interest was filed by an agent);

        ii.    The date that the proof of claim or interest was received by KCC;

        iii.    The claim number assigned to the proof of claim or interest;

        iv.    The asserted amount and classification of the claim; and

        v.    The amount allowed, when appropriate, either by Court order or agreement of the parties pursuant to procedures previously approved by this Court.

C. Implement security measures to ensure the completeness and integrity of the claims register. Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the official claims register.

D. Transmit to the Clerk of Court a summary of and/or a copy of the claims register as frequently as requested by the Clerk of Court.

E. Provide the public access to copies of the proofs of claim or interest filed in these chapter 11 cases without charge by appointment during the business hours of 10:00 a.m. – 4:00 p.m. Eastern Time in a viewing area at the following address: 200 Westgate Parkway, Richmond, VA 23233.

F. Allow the Clerk of Court to independently audit the claims information at any time (during regular business hours).

G. Return calls received at a designated claims hotline as provided in the website proposed to be maintained by PG.

H. Comply with such further conditions and requirements as the Clerk of Court or the Court may at any time require or request.

5. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

6. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: May __, 2014                       _____
    Richmond, Virginia                   The Honorable Kevin R. Huennekens
                                                          United States Bankruptcy Judge

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

*Co-Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

### CERTIFICATION

     I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

                                         _____
                                         Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
                                         Paula S. Beran, Esquire (Va. Bar No. 34679)
                                         Tavenner & Beran, PLC
                                         20 North Eighth Street, Second Floor
                                         Richmond, Virginia  23219
                                         Telephone:  (804) 783-8300
                                         Telecopy:  (804) 783-0178