Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| - - - - - - - - - - - - - - - | x |  |
| In re: | : | Chapter 11 |
|  | : |  |
| CIRCUIT CITY STORES, INC., <u>et</u> <u>al</u>., | : | Case No. 08-35653 (KRH) |
|  | : |  |
| Debtors. | : |  |
|  | : | Jointly Administered |
| - - - - - - - - - - - - - - - | X |  |

**LIQUIDATING TRUST'S REPLY BRIEF REGARDING OBJECTION TO
ADMINISTRATIVE CLAIM FILED BY WALTER LEE SWAIN, JR.**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through

Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee"), pursuant to the

Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan") in the above-captioned cases, hereby files this

*Reply Brief Regarding Objection to Administrative Claim Filed by Walter Lee Swain, Jr.*,

and respectfully states as follows:

**ARGUMENT**

1. The Liquidating Trust objected to a filing purporting to be an administrative claim in an unliquidated amount (Claim No. 14487, the "Claim") filed by Walter Lee Swain, Jr. ("Claimant") on the grounds that the books and records of the Debtors showed no liability to Claimant.

2. <u>The Claim Does Not Establish A Basis For Liability</u>.  The Claim consists solely of an *Affidavit of Individual Surety, Release of Lien on Real Property*, *Release of Personal Property From Escrow*, *Performance Bond* and *Payment Bond* forms, all of which reference the *Notice of Deadline for Filing Administrative Expense Requests* filed and served by the Debtors, but none of which evidence or even allege a liability of the part of the Debtors.  Accordingly, the Claim should not be considered an administrative expense pursuant to section 503.

3. <u>The Claim Is Farfetched And Entirely Unjustified And Unwarranted.</u> Claimant's *Response to Liquidating Trust's Sixth Omnibus Objection to Claims (Disallowance of Certain Invalid Unliquidated Claims and Fixing of Certain Unliquidated Claims)* [Docket No. 10482] (the "Response") sets forth the purported basis for the Claim.  Claimant alleges that his expired employment contract may have been converted into a security and traded by the Debtors for value, because per the Uniform Commercial Code, "anything you put your signature on is a Negotiable Instrument." Response at p.1.

4. Claimant has not submitted any evidence of his assertions, including that the Debtors or Liquidating Trust "traded" anything.  Moreover, Claimant has not presented any facts or legal authority to establish that his employment contract could be

2

traded as a "security", or to otherwise establish a liability to which Claimant might be entitled to compensation. Quite simply, this Claim illogical, farfetched and completely unsubstantiated in fact and law. The Claim should be disallowed in its entirety.

## CONCLUSION

Claimant has failed to demonstrate that the Claim is factually and legally warranted. The Liquidating Trust respectfully submits that the Court should enter an order sustaining the Objection and disallowing the Claim in its entirety, and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia         TAVENNER & BERAN, PLC
       April 30, 2014

                                                                 /s/ Paula S. Beran
                                            Lynn L. Tavenner (VA Bar No. 30083)
                                            Paula S. Beran (VA Bar No. 34679)
                                            20 North Eighth Street, 2nd Floor
                                            Richmond, Virginia 23219
                                            (804) 783-8300

                                                    - and -

                                            PACHULSKI STANG ZIEHL & JONES LLP
                                            Jeffrey N. Pomerantz, Esq.
                                            Andrew W. Caine, Esq.
                                            (admitted *pro hac vice*)
                                            10100 Santa Monica Boulevard
                                            Los Angeles, California 90067-4100
                                            (310) 277-6910

                                            *Counsel to the Circuit City Stores, Inc.*
                                            *Liquidating Trust*

DOCS_LA:251498.1 12304/003

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing *Reply Brief Regarding Objection to Administrative Claim Filed by Walter Lee Swain, Jr.* was served on April 30, 2014 via electronic delivery to all of the parties receiving ECF notice in this bankruptcy case and via first-class mail, postage prepaid, on the following:

Walter Swain
756 Granite Ridge Drive
Fort Worth, TX 76179


*/s/ Paula S. Beran*_____
Paula S. Beran (VA Bar No. 34679)