UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | . | Case No. 08-35653 (KRH) |
| | . | |
| | . | Chapter 11 |
| | . | Jointly Administered |
| CIRCUIT CITY STORES, | . | |
| INC., et al., | . | 701 East Broad Street |
| | . | Richmond, VA 23219 |
| | . | |
| Debtors. | . | April 23, 2014 |
| . . . . . . . . . . . .. | | 2:03 p.m. |

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:          Tavenner & Beran
                          By:  PAULA S. BERAN, ESQ.
                          20 North Eighth Street, 2nd Floor
                          Richmond, VA 23219

                          Pachulski Stang Ziehl & Jones, LLP
                          By:  ANDREW W. CAINE, ESQ.
                          10100 Santa Monica Boulevard
                          Los Angeles, CA 90067

TELEPHONIC APPEARANCES:

For Illinois Department   Illinois Department of Revenue
of Revenue:               By:  JAMES D. NEWBOLD, ESQ.
                          Assistant Attorney General
                          Revenue Litigation Bureau
                          100 W. Randolph Street
                          Chicago, IL 60601

Proceedings recorded by electronic sound recording, transcript
produced by transcription service

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

2

1        COURTROOM DEPUTY:  All rise.

2        THE COURT:  Good afternoon.

3        COURTROOM DEPUTY:  Court is now in session.  Please

4 be seated and come to order.

5        COURT CLERK:  Circuit City Stores, Incorporated.

6 Items 1 through 56 on proposed agenda.

7         MS. BERAN:  Good afternoon, Your Honor.

8        THE COURT:  Good afternoon, Ms. Beran.

9        MS. BERAN:  For the record, Paula Beran of the law

10 firm of Tavenner & Beran.  And with me this afternoon at

11 counsel's table are Mr. Andrew Caine who Your Honor is very

12 familiar with who regularly is either with us in person or on

13 the phone -- he's in person today -- and then, as an extra

14 special guest is Mr. Jeff McDonald of the liquidating trust --

15        THE COURT:  Extra special.  Good to have you, sir.

16        MS. BERAN:  Extra special.  Mr. McDonald usually

17 comes on the tax issues, as Your Honor may remember, and he is

18 instead --

19        THE COURT:  That's why I was wondering if I should

20 walk back out again.

21               (Laughter)

22        MS. BERAN:  Your Honor, there are a number of items

23 on today's docket.  As it relates to the very first item, Your

24 Honor has been kind enough to continue this for several times.

25        I am very happy to report that late last evening, the

1  wire hit our account, the account of Tavenner & Beran, and

2  under the settlement procedures and settlement agreement,

3  couple administrative things need to happen, specifically the

4  filing of the stip of dismissal, but we are confident now that

5  we are settled.  And therefore this matter may be removed from

6  the Court's docket.

7            THE COURT:  Excellent.  Congratulations.

8            MS. BERAN:  Thank you, Your Honor.  Your Honor, Item

9  Number 2 is a motion for summary judgment as it relates to

10  claims and the liquidating trust claim objection to Carmax,

11  Inc.  At the request of the non-moving party, we hereby request

12  that the motion be continued to May 21 at 2 p.m.

13            THE COURT:  All right.

14            MS. BERAN:  Your Honor, Item Number 3 will be handled

15  by Mr. Caine and there is also a participant on the line as it

16  relates to that matter.  And then, in addition, as Your Honor

17  may have seen from Exhibit B that was filed with today's

18  agenda, there have been over the last two months numerous

19  resolutions and after Mr. Caine addresses Number 3, he also, to

20  the extent Your Honor desires, is prepared to address a status

21  of where we are on the claims before I stand back up and

22  address all the claim objections.

23            THE COURT:  All right, very good.  Mr. Caine, good to

24  have you back.  Last time you weren't here, your name was being

25  taken in vain.

1          MR. CAINE:  Yes.

2          THE COURT:  But I'm glad that we were able to get

3 through that without anyone coming to fisticuffs.

4          MR. CAINE:  Yes.  Thank you, Your Honor.  I was on

5 the phone and I had a nice conversation with Mr. Barrett

6 afterward, and I believe, as Your Honor understood, it was just

7 a misunderstanding and there's no hard feelings by anyone.

8          THE COURT:  That was my sincere hope and expectation.

9          MR. CAINE:  Good, good.  Well, thank you.  Your Honor

10 we're here for the trust's motion for summary judgment in its

11 adversary proceeding against the Illinois Department of

12 Revenue.  The goal of the motion is to recover a net income tax

13 and sales tax refund as a net net of claims filed by the

14 Department of Revenue.

15          There was no response filed so I contacted James

16 Newbold, who is counsel of record for the Department of Revenue

17 and who has been the point of contact for the trust and myself

18 and the trust's outside tax counsel for the past three years or

19 so.  I spoke to Mr. Newbold, and he is on the phone, I believe,

20 and would like to be heard.

21          THE COURT:  All right.  Mr. Newbold, are you on the

22 phone?

23          MR. NEWBOLD:  Yes, I am, Your Honor.

24          THE COURT:  Okay.  If you could please state your

25 full name for the record?

1          MR. NEWBOLD:  James Newbold, Assistant Attorney

2   General for the Illinois Department of Revenue, and Brian

3   Hamer, Director of the Department, with respect to the

4   adversary.

5          THE COURT:  Excellent.

6          MR. NEWBOLD:  Your Honor, I have been dealing over

7   the -- quite some time with -- apparently with outside counsel.

8   Brian Harris and Tim Gillis of Akerman firm down in

9   Jacksonville.  I, unfortunately, until I spoke with Mr. Caine

10  earlier today was not aware that this motion had been filed.

11  So I want to thank Mr. Caine for calling me and providing me

12  with the call-in number, et cetera.  I have printed out the

13  motion.  It's quite extensive.

14         Just to give Your Honor a little background, we

15  acknowledge that there's a refund due.  The question is fine

16  tuning the numbers.  I need to have a chance to go through

17  this.  I am hoping that we can resolve this without me having

18  to file a response but if I do, I would ask for 60 days to do a

19  full review and file whatever contra affidavits we think might

20  be needed, if necessary, but to respond to the motion.

21         That's kind of where we are with it.  I have not even

22  had a chance to read the motion, although based on my prior

23  conversations with Mr. Gillis and Mr. Harris, I think I know

24  what most of the issues are.

25         THE COURT:  All right.  Now, Mr. Newbold, why has

1  your firm that's representing you, Mr. Gillis or Mr. Harris,

2  been in touch with you and let you know what was going on with

3  regard to this motion?

4          MR. NEWBOLD:  I don't know.  I was not aware that the

5  motion was being prepared or -- and for some reason, I see the

6  certificate says it was sent to me, I -- it never crossed my

7  desk.  So apparently -- I don't know what happened.  I have not

8  -- prior to speaking with Mr. Caine and him e-mailing it to me

9  separately, I did not see it.  I normally try to check the

10  dockets since I receive all pleadings in the case, but I missed

11  this one on the ECF docket.

12          THE COURT:  All right.  Mr. Caine, does the trust

13  oppose giving this respondent an opportunity for 60 days to

14  look at this, or are you wanting to go forward at this point?

15          MR. CAINE:  Well, Your Honor, I trust Mr. Newbold's

16  statement that he hasn't seen the motion before, despite what

17  appears to be proper service and ECF delivery.  So, no, the

18  trust does not insist on going forward today.

19          But we would ask that the Court continue this to the

20  next hearing date which is May 21st for hearing at that time.

21  This is plenty enough time ahead of time so that the State

22  would have time to file any response to the motion within the

23  normal time limit.  I mean, the seven days prior gives the

24  State more than three weeks in order to respond.  Ideally, we

25  would like to have his response earlier than that, within 14

7

1  days from today, which is the normal amount of time.  But given

2  that this matter has languished for so long --

3              THE COURT:  I know.  It's been on my docket forever.

4              MR. CAINE:  Well, and frankly, Your Honor, we've been

5  working through outside tax counsel, the gentlemen at Akerman,

6  to try and get some resolution so that we can move forward.

7  The issues, while they're tax and so they're a little esoteric

8  in that way, are generally not that complicated.  And the

9  answer we've generally heard is, yes, we concede that a

10 substantial refund is due.  We need to tweak the numbers.

11             But the State of Illinois doesn't have any money to

12 pay it anyway.  So the trust, after a long period of

13 frustration, decided to go ahead and file the motion for

14 summary judgment.  We'll get a judgment.  If the State doesn't

15 have any money, we can sell it to a WalMart or a Best Buy who

16 can then use it to apply against the taxes that they owe

17 against the State.

18             So we're trying to liquidate it and get this done and

19 would request that, at the most, Your Honor postpone this to

20 the next omnibus hearing which is May 21st.

21             THE COURT:  Well, you know, it's just not -- I don't

22 understand how in the world the outside counsel would not have

23 kept its client advised on this.  But I am going to give Mr.

24 Newbold an opportunity to at least delve into it, figure it

25 out, and see if he can crunch the numbers.  So I'm going to

1 give him to the May 21 date.

2        Mr. Newbold, I'm not going to go beyond that.  This

3 has been going on, in this case anyway, for a long, long time.

4 And I understand that you're just getting it but obviously

5 there are other parties that are very familiar with this that

6 have been representing the Department that you can talk with

7 and I would suspect you'd be able to get up to speed at least

8 by May 21 and we can have a hearing at that time and make a

9 decision.

10        MR. CAINE:  Your Honor, just to be clear, I'm sorry

11 if I created a misimpression, but Mr. Newbold has been handling

12 this for the Department the entire time.  The outside counsel

13 is the trust's outside tax counsel.  So it's been on Mr.

14 Newbold's plate the whole time.

15        THE COURT:  Well, I'm still going to give him to May

16 21.

17        MR. CAINE:  Yes.  I understand.

18        THE COURT:  All right.

19        MR. NEWBOLD:  May I kindly ask for a bit more time?

20 I have two trials coming up and I have an appellate brief due

21 in that period of time.  And this is a pleading that is, I'm

22 going to say, 300 pages long, I think.  If I can get through it

23 and put together a response more quickly, I certainly will do

24 so.  But I want to be responsible and get done that which needs

25 to be done by the deadline that the Court sets.  And I really

1  would ask that I have some additional time beyond the 21st of

2  May.

3          THE COURT:  I'm going to deny that request.  I'm

4  going to -- May 21 is the date.  We've got to get this

5  resolved.  If we need to get somebody else in your office to

6  handle it, that's fine.  But this has gone on much too long and

7  I'm extending it out to May 21 as a courtesy just to get an

8  opportunity to look at this so that we can have that.  But I'm

9  not willing to go beyond that time.

10          MR. NEWBOLD:  May I ask for clarification, Your

11  Honor?  Do I need to -- what does Your Honor expect in terms of

12  the 21st date, that I file the Department's response by that

13  date or that I have to do so 14 days in advance or -- I'm not

14  quite clear.

15          THE COURT:  What I'm going to do is, I'm going to

16  hear the motion for summary judgment on May 21, so you need to

17  file your response prior to that time and then be prepared to

18  -- and obviously I'll let the Department appear telephonically

19  or you're always welcome in my courtroom, to argue the motion

20  on that day.  Of course, what I would certainly invite is for

21  the parties to come to agreement so that I don't have to decide

22  it.  But if there is no agreement, I will decide it on that

23  day.

24          MR. NEWBOLD:  Understood.  Okay, I will do that then,

25  Your Honor.

1          THE COURT:  All right.  Thank you, sir.

2          MR. NEWBOLD:  May I be excused --

3          THE COURT:  If you don't have other matters on the

4 Court's docket, you are excused from the rest of the hearing as

5 we go through, but you're also welcome to stay on the phone.

6          MR. NEWBOLD:  I'll hang up now.  Thank you very much,

7 Your Honor.

8          THE COURT:  All right.  Thank you, sir.

9          MR. CAINE:  Thank you, Your Honor.  As Ms. Beran

10 mentioned, I had compiled a status report of the claims

11 objections that are still outstanding and --

12          THE COURT:  Which I'm always interested in hearing.

13          MR. CAINE:  Well, I have --

14               (Automated telephone recording)

15          THE COURT:  Thank you.  Are there other parties on

16 the phone?

17          COURTROOM DEPUTY:  There was someone else --

18          THE COURT:  Okay, disconnect the line.  I apologize,

19 Mr. Caine.

20          MR. CAINE:  No apology necessary.  We don't believe

21 anyone else is calling in.  It's usually just me.

22          THE COURT:  And you're here.

23          MR. CAINE:  Yes, I'm here.  So in any event, Your

24 Honor, we have, as of March 31st which is the last reporting

25 date that the trust maintained, 710 objections to claims still

1    pending.  That's down from 17,176 claims filed.  I know,

2    because the claims resolutions funnel through me, that in the

3    month of April alone, as you can probably tell from the agenda,

4    we have more than 15, so we're under 700 for the total amount

5    of claims that are yet to be unresolved (sic).

6         The dollar amount of those claims is $450 million.

7    Of the 710, which is the formal number I'm working from, 284

8    are administrative, priority or secured claims and that dollar

9    amount is $94 million.  That leaves unsecured claims, 426, with

10   a dollar amount of $357 million.  Now, within those outstanding

11   claims, the vast majority break down into four categories.

12        The largest, as would be anticipated, are the

13   landlord claims.  The lease liabilities were by far the

14   greatest of Circuit City Stores.  And so, of the 710 claims

15   remaining, there are 473 that are landlord claims.  Now, that's

16   probably far fewer locations because there may be multiple

17   claims for a particular location.  But those add up to 280

18   million.

19        The next category with the largest number is

20   insurance claims.  There are 70 of those that total $70

21   million.  There is a single claimant that is responsible for

22   most of those.  It's Old Republic Insurance Company which is

23   the excess carrier for a number of Circuit City's insurance

24   programs and Old Republic has already taken the letters of

25   credit that were its collateral and so now it's just a question

1  of actuarial analyses to see whether the trust might get some

2  money back because the actual claims were less than the amount

3  of the collateral.

4          The next category in terms of number of claims and

5  size is tax.  There are 47 of those left totaling 22 million.

6  And I asked Mr. McDonald for confirmation earlier today.  As to

7  every single one of those claims there is an offer outstanding

8  from the trust.  And, in most occasions, we're waiting for the

9  state or federal government or locality in order to get back to

10 us and that's taking some time.

11         And, then, the final category --

12         THE COURT:  Filing motions for summary judgment seems

13 to work.

14                    (Laughter)

15         MR. CAINE:  We've come to that conclusion as you can

16 tell.

17         THE COURT:  Okay.

18         MR. CAINE:  The final category with any sizeable

19 number of claims is what we call merchandise payables.  This

20 would be vendors that claim that they have not received payment

21 on all of their invoices.  There are 14 of those that total 67

22 million.  But virtually all of that relates to the Sony

23 Electronics matter that is set for trial before Your Honor

24 September.

25         So, of the seven hundred and --

1    THE COURT:  Which will no doubt be settled by then.

2    MR. CAINE:  Well, we're working on it, Your Honor.

3 So those four categories make up the vast majority of claims

4 and dollars.  And we're doing everything we can to try and get

5 that number to zero as quickly as possible.

6    THE COURT:  All right.  Thank you very much.

7    MR. CAINE:  You're welcome.

8    MS. BERAN:  Your Honor, that brings us to the actual

9 claim objections and resolutions of the same.

10    As it relates to Item Number 4 on today's docket,

11 Items Number 4 through 8 deal with the debtors' omnibus

12 objection.  There are several claims that remain outstanding as

13 identified on Exhibit A.  We'd respectfully request that Items

14 4 though 8 on the agenda be continued until June 18th for all

15 the items on Exhibit A.

16    THE COURT:  They'll be continued.

17    MS. BERAN:  Thank you, Your Honor.  That allows us to

18 turn to Page 30 on today's agenda.  This starts Item Number 9

19 which we have collectively referred to as the stand-alone tax

20 claim objections, Items Number 9 through 13.  We'd respectfully

21 request that they be continued until the June 18th omni.

22    THE COURT:  They'll be continued.

23    MS. BERAN:  Thank you, Your Honor.  That allows us to

24 turn to Page 51.  Your Honor, on Item Number 15, the

25 liquidating trust's first omnibus objection, I did want to note

14

1  for the record that on the agenda we have actually added one

2  item back onto the agenda on Exhibit B.

3          THE COURT:  Yes.  Are you allowed to do that?

4                    (Laughter)

5          MS. BERAN:  Your Honor, in connection with that, that

6  is the claim of CHK, LLC, Claim Number 14346.  Inadvertently,

7  Your Honor, for whatever reason, back when the status --

8  Exhibit B was started, that was not put on the agenda.  So for

9  all these years, it has not been on the agenda, notwithstanding

10 the fact that in connection with the very first order Your

11 Honor entered in connection with resolving this omnibus

12 objection, that claim has been rolled or was continued.  And as

13 we are narrowing Exhibit B and checking, double checking,

14 triple checking, it was noticed that that one is not on the

15 agenda Exhibit B.

16          And I must state and Your Honor can appreciate this,

17 that entity is represented by Mr. Epps and we're very surprised

18 that Mr. Epps hadn't pointed that out earlier.  But --

19          THE COURT:  But he's aware of that and he's aware

20 that it's back on Exhibit B now.

21          MS. BERAN:  If he's -- he is in discussions with the

22 claims -- the other two members of the team that are working on

23 the landlord claims.  And I will let him know specifically that

24 it was put back onto the agenda.

25          THE COURT:  Okay.

1          MS. BERAN:  Yes, Your Honor.  Your Honor, as it

2   relates to the other items remaining on the first omnibus

3   objection, we'd respectfully request that the items listed on

4   Exhibit B be continued until the June 18th omni.

5          THE COURT:  They'll be continued to the June omni.

6          MS. BERAN:  Thank you, Your Honor.  That allows us to

7   turn to Page 66.  Your Honor, Items Number 15 through 18, as

8   indicated on Exhibit B, many have been resolved.  I would want

9   to note one thing, Your Honor, in connection with Items Number

10  15 through 18, specifically Item Number 16, the claim of

11  Jubilee, Claim Number 9248.

12         On the Exhibit B -- and this is another instance

13  where we're double checking, triple checking, cross checking,

14  referencing to see how many claims actually remained

15  outstanding -- it was noted that this claim actually was

16  expunged in relation to an order on Omni Number 42 many -- a

17  while ago.  And that docket number was 5939.  And so we thought

18  we were just cleaning up.

19         After the filing of this agenda, we did hear from

20  counsel for this claimant who was a bit confused because, in

21  fair candor, the last time we reported this two months ago, we

22  indicated that this would be continued for status purposes

23  until today.  And given the fact that we're not trying to pull

24  anything over on anybody, we are just trying to clean up the

25  Exhibit B to the extent there is anything that doesn't remain

1   on or shouldn't remain on there.  So what we have agreed to

2   with that counsel is that we will go ahead and roll this until

3   -- or ask Your Honor to continue it until the June 18th omni so

4   that the one party -- or on the trust team that's addressing

5   this landlord claim can have additional conversations to

6   determine if something needs to be done as it relates to that

7   other omni order found at Docket Number 5939 or if this

8   actually can remain off the Court's docket.

9           THE COURT:  Okay.  But the trust isn't waiving any of

10  its rights under the prior order at this point or anything.  I

11  mean --

12          MS. BERAN:  No, Your Honor.  The trust is not.  I

13  mean, just in fair candor, we had been carrying it on Omni 3.

14  And, as Your Honor is abundantly aware, several of these claims

15  are addressed in different omnis from cross-overlapping and, in

16  connection with the -- Omni Number 42, it was expunged a while

17  back but has been carried.  But no, we're not waiving any

18  rights but we want to have discussions with that claimant's

19  counsel and sort through whether it should have actually been

20  expunged or not.

21          THE COURT:  Okay, very good.

22          MS. BERAN:  Thank you, Your Honor.  Then, Your Honor,

23  turning back to Items Number --

24          THE COURT:  I'm sorry.  What was that, June 18, you

25  say?

1              MS. BERAN:  Yes, Your Honor.

2              THE COURT:  Okay, thank you.

3              MS. BERAN:  Thank you.  Items Number 15 through 18 --

4              THE COURT:  That's what we just dealt with, right?

5              MS. BERAN:  Correct.  As indicated on Exhibit B, many

6  of them have been resolved.  We'd respectfully request the

7  remaining ones on Exhibit B be continued until June 18th.

8              THE COURT:  They will be.

9              MS. BERAN:  Thank you, Your Honor.  That allows us to

10  turn to Page 122.  Your Honor, for Items Number 19 through 21

11  on Exhibit -- on the agenda, we'd respectfully request that

12  they be continued for the items identified on Exhibit B until

13  the June 18th omni.

14              THE COURT:  They'll be continued.

15              MS. BERAN:  Thank you, Your Honor.  That allows us to

16  turn to Page 160 on the agenda.  Your Honor, as indicated on

17  Exhibit B, a number of the items on Item Number 2 have been

18  resolved.  In addition, Your Honor, I am happy to report that

19  there are several additional claims that have been resolved,

20  some very, very recently and didn't make the original agenda,

21  and I will confess a couple actually were not on the agenda by

22  my error.  But I am happy to report as it relates to the

23  liquidating trust's ninth omnibus objection, in addition to

24  those listed on Exhibit B, Claim Number 12588, Claim Number

25  12589, Claim Number 12735, all being held by United States Debt

18

1   Recovery, have been resolved and have been settled pursuant to

2   procedures approved by Your Honor and they also will be removed

3   from the Court's docket or Exhibit B for the next time.

4               THE COURT:   Excellent.

5               MS. BERAN:   Your Honor, we'd respectfully request

6   that the remaining items as identified on Exhibit B be

7   continued until the June 18th omni.

8               THE COURT:   They'll be continued.

9               MS. BERAN:   Thank you, Your Honor.   That allows us to

10  turn to Page 173.   Your Honor, the liquidating trust's

11  thirteenth omnibus objection, as indicated on the agenda, this

12  addresses the claims of Mr. Besanko.   We'd respectfully request

13  that they be continued until the June 18th omni.

14              THE COURT:   They'll be continued.

15              MS. BERAN:   Thank you.   That allows us to turn to

16  Page 185, Your Honor, Item Number 24.   As indicated on the

17  agenda, Items 24 through 26, numerous of those claims have been

18  resolved, as indicated on Exhibit B.   We'd respectfully request

19  that anything remaining on Exhibit B be continued until June

20  18th.

21              However, I would also note, as indicated -- or

22  similar to the issues associated with the omni on Omni 9 in

23  connection with the -- nope, I apologize, Your Honor.   I jumped

24  ahead there.   We'd respectfully request that they be continued

25  until the June 18th omni.

1          THE COURT:  All right.  They'll be continued.

2          MS. BERAN:  Thank you, Your Honor.  That allows us to

3  turn to Page 226.  Your Honor, on Item Number 27, we'd

4  respectfully request the items identified on Exhibit B be

5  continued until the June 18th omni.

6          THE COURT:  All right.

7          MS. BERAN:  That allows us to turn to Page 237.  Your

8  Honor, in connection with Items Number 28 through 29, as

9  indicated on Exhibit B, certain of those claims have been

10  resolved.  We'd respectfully request that the remaining ones

11  identified on Exhibit B be continued until the June 18th omni.

12          THE COURT:  They'll be continued.

13          MS. BERAN:  Your Honor, I do apologize.  In looking

14  here, I was wanting to note this for the Court.  In connection

15  with Item Number 26, back to Page 212, additional items that

16  are not listed on Exhibit B have been resolved and I indicated

17  I would put those on the record.  And those would be related to

18  liquidating trust's seventeenth omnibus objection.  They would

19  be claims held by United States Debt Recovery and those would

20  be Claims Number 10186, 12121, 14520, 15101, 15110, 15111, and

21  15112.  Those have also been resolved with United States Debt

22  Recovery pursuant to procedures approved by Your Honor and they

23  will be coming off Exhibit B.

24          THE COURT:  Okay, excellent.

25          MS. BERAN:  Thank you, Your Honor.  I apologize.

20

1  Then we can turn back to 237.  We addressed Items Number 28 and

2  29.  Your Honor did continue those until the June 18th.  So

3  we'd respectfully request we can turn to Page 265.  On Item

4  Number 30, Your Honor, is the liquidating trust's twenty-third

5  omnibus objection, as well as Items 31, 32, 33 and 34.  We'd

6  respectfully request that they be continued for items

7  identified on Exhibit B 'til the June 18th omni.

8           THE COURT:  All right.  All those items will be

9  continued.

10          MS. BERAN:  Thank you, Your Honor.  That allows us to

11 turn to Page 321 on the agenda.  Your Honor -- and that is Item

12 Number 35, the liquidating trust's twenty-eighth omnibus

13 objection.  As indicated on Exhibit B, certain of those claims

14 have been resolved.  We'd respectfully request that the

15 remaining items identified on Exhibit B be continued until the

16 June 18th omni.

17          THE COURT:  They'll be continued to June 18.

18          MS. BERAN:  Thank you, Your Honor.  Turning to Page

19 334, Items Number 36 through 40, we'd respectfully request that

20 the items identified on Exhibit B be continued until the June

21 18th omni.

22          THE COURT:  They'll be continued.

23          MS. BERAN:  Thank you, Your Honor.  That allows us to

24 turn to Page 381 on today's agenda.

25          THE COURT:  All right.

1          MS. BERAN:  Your Honor, on Items 41 through 44, as

2    indicated on Exhibit B, many of those claims have been

3    resolved.  In addition, Your Honor, in connection with the

4    liquidating trust's forty-second omnibus objection, there are

5    additional claims that have been resolved with United States

6    Debt Recovery.  Specifically, that would be Claim Number 8614

7    and 1509.  They have been resolved and may be removed from Your

8    Honor's Exhibit B docket.  And we'd respectfully request that

9    all remaining claims on Items 41 through 44 be continued until

10   the June 18th omni.

11         THE COURT:  All right.  They'll be continued.

12         MS. BERAN:  Thank you, Your Honor.  That allows us to

13   turn to Page 424.  Your Honor for Items Number 45 through 49,

14   we'd respectfully request that they be continued until the June

15   18th omni.

16         THE COURT:  Those matters will be continued.

17         MS. BERAN:  Thank you, Your Honor.  That allows us to

18   turn to Page 465 on today's agenda.

19         THE COURT:  All right.

20         MS. BERAN:  Your Honor, that's Item Number 50.  It

21   was the liquidating trust's fifty-seventh omnibus objection.

22   In connection with that, Your Honor, there has been one claim

23   that remained outstanding on that.  In connection with that

24   matter, the claimant wishes to withdraw their response, per an

25   e-mail with Ms. Ann Pietrantoni that Your Honor has met on many

1   occasions and, specifically, saying that she is withdrawing her

2   response.  "Thank you as well for our conversation as we

3   discussed.  I fully understand everything in the attached e-

4   mail and agree to the unsecured claim in the amount of 40,000.

5   I therefore would like to withdraw my response to the

6   objection."

7           So based on that, Your Honor, the objection may be

8   sustained as it relates to that one remaining claim.  And I am

9   happy to report probably myself, my paralegal and your law

10  clerk are the most happy that this omnibus objection can be

11  closed out now, because there are no claims that remain and

12  several pages will come off the agenda.

13          THE COURT:  That's wonderful news.

14          MS. BERAN:  Similarly, Your Honor, turning to Page

15  472, as indicated on Exhibit B, there was one claim that

16  remained outstanding or subject to that omnibus objection.  In

17  connection with that, Your Honor, the trust will actually be

18  withdrawing its objection to that claim and that's Claim Number

19  5557 on Omni 58 which would allow for an unsecured portion of

20  the claim at $5,701.20.  With that resolution, that omni has

21  been resolved and may be removed from the Court's docket.

22          THE COURT:  So what is this, a battle of attrition?

23  Is that what's going on here?

24                        (Laughter)

25          MS. BERAN:  I can't opine, Your Honor.  That allows

23

1 us to turn to Page 480.

2            THE COURT:  All right.

3            MS. BERAN:  On 480, Your Honor, as it relates to

4 Items Number 52, the liquidating trust's fifty-ninth omnibus

5 objection, through Item 55, as indicated on Exhibit B, we'd

6 respectfully request that those claims be continued until June

7 18th.

8            THE COURT:  They'll be continued.

9            MS. BERAN:  Thank you, Your Honor.  That allows us to

10 turn to Page 505 on today's agenda.  Your Honor -- and that is

11 the liquidating trust's sixty-fourth omnibus objection.  As

12 indicated on Exhibit B, numerous claims on that omnibus

13 objection have been resolved.

14            In addition, Your Honor, we have resolved several

15 additional claims with United States Debt Recovery,

16 specifically Claim Number 7526, 7550.  We'd respectfully

17 request that those -- or respectfully submit that those items

18 now may be removed from Your Honor's docket.  And we'd

19 respectfully request that the remaining items identified on

20 Exhibit B be continued until the June 18th omni.

21            THE COURT:  They'll be continued.

22            MS. BERAN:  Your Honor, I believe that concludes all

23 items on today's agenda.  Once again, Mr. Caine is here today

24 and we are happy to answer any additional questions Your Honor

25 may have for Mr. Caine, for Mr. McDonald and for myself.

24

1          THE COURT:  To the extent that you can answer this

2    question, are we still on track with the time lines, as far as

3    the case overall, that we had previously discussed?

4          MS. BERAN:  I will defer to Mr. Caine on that.

5          THE COURT:  I don't need detail.  Just a yes or no or

6    I can't answer.

7          MR. CAINE:  Generally, yes, Your Honor.

8          THE COURT:  Okay, all right.  That's good news.

9          MR. CAINE:  Yes.

10         THE COURT:  All right.  Thank you very much.

11         MR. CAINE:  You're welcome.

12         THE COURT:  All right.  Is there any other business

13   we need to take up today?

14         MS. BERAN:  No, Your Honor.  Not from the trust's

15   perspective.

16         THE COURT:  Okay.  Thank you very much.

17         COURTROOM DEPUTY:  All rise.  Court is now adjourned.

18                          * * * * *

19

20

21

22

23

24

25

## C E R T I F I C A T I O N

I, STEPHANIE SCHMITTER, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Stephanie Schmitter

STEPHANIE SCHMITTER

J&J COURT TRANSCRIBERS, INC.          DATE:  May 6, 2014