| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 227-6910<br>Telecopy: (310) 201-0760 | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:  (804) 783-0178 |

- and –

Robert J. Feinstein, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIQUIDATING TRUSTEE'S MOTION FOR AUTHORITY TO (A) EMPLOY PROCESS GENERAL, LLC AS NOTICING AGENT AND (B) UTILIZE TRUST STAFF TO PROVIDE SERVICES OF A CLAIMS AGENT; AND DECLARATIONS OF ALFRED H. SIEGEL AND PETER KRAVITZ IN SUPPORT THEREOF**

Alfred H. Siegel, the duly appointed trustee (the "Trustee") of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), hereby moves for authority to (a) employ Process General, LLC ("PG") as its official noticing agent retained in

the above-captioned chapter 11 bankruptcy cases, and (b) utilize staff of the Liquidating Trust to maintain the official claims registry in these cases and to otherwise perform the services of a claims agent (the "Motion").[1] In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157 (b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested are Bankruptcy Code Section 105(a) and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

4. On November 12, 2008, the Bankruptcy Court entered an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, and (B) Approving the Form and Manner of Notice of Case Commencement (the "KCC Order"). Since its employment, KCC has provided a variety of services to the Debtors and the Trust as claims and noticing agent, as set forth in the KCC Order including, but not limited to: (i) preparing and serving required notices; (ii) maintaining copies of all proofs of claims and proofs of interest and all claims registers related thereto; (iii) maintaining a current mailing list for all entities entitled to notice of events; and (iv)

---

[1] Arguably, the relief sought by the Motion is in the ordinary course of business, such that Court approval may not be required. Given the nature of the requested relief and the Trustee's desire to keep the Court apprised of Trust activities, the Trustee brings this Motion to the Court.

maintaining a website from which anyone may download the claims register.

5. On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code. On September 10, 2010, the Court signed Order confirming the Plan (the "Confirmation Order"). The Plan became effective on November 1, 2010.

6. The Plan provides for, among other things, the appointment of Alfred H. Siegel to serve as the Trustee of the Trust as of the effective date of the Plan. Pursuant to the Plan and the Confirmation Order, the Trustee succeeded to all of the rights and powers of a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code as of the effective date, and is now entrusted to administer the Trust and its assets. Under the Plan and the Liquidating Trust Agreement, the Trustee is deemed to be the representative of the Debtors as the party in interest in their chapter 11 cases, and is specifically authorized, empowered and directed to take all actions necessary to comply with the Plan, and exercise and fulfill the duties and obligations thereunder.

7. Since the effective date of the Plan, the Trust has employed a staff comprised of former Circuit City personnel, who have been integrally involved in all operations of the Trust. The Trust staff has maintained a master database of all claims filed and scheduled in these cases, and has worked closely with KCC to ensure that the official claims register accurately reflects the claims as filed and as modified by Court order or agreement of the parties pursuant to procedures approved by this Court. The Trust staff currently provides the requisite Court orders or settlement agreements to KCC so that it may modify the official claims register.

8. Moreover, various orders of the Court preclude the addition of claims to the official claims registry. The claim bar dates have long since passed, and on September 14, 2012, the Court entered its Order Automatically Expunging Claims, which provides, in part, that absent other Court order, the Court Clerk and KCC may strike from their records and expunge all newly filed claims.

9. Particularly in light of the reduced obligations of KCC as claims and noticing agent at this stage of the cases, the Trustee has determined that the Trust can obtain the services provided by KCC at a significantly lower cost through (a) the employment of PG and (b) the utilization of Trust staff, without any disruption of services or sacrifice of quality of services. The Trustee seeks to minimize costs wherever possible in order to maximize the distribution to unsecured creditors in these cases.

10. On April 22, 2014, the Trustee served KCC with a notice of termination of services as required pursuant to Section VI(A) of the KCC Agreement for Services (the "KCC Agreement") that was approved pursuant to the KCC Order. The Trust has filed a Motion to Terminate Employment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent.

## RELIEF REQUESTED

11. First, the Trustee seeks the authority to retain PG as noticing agent on the terms and conditions set forth in that certain PG Services Agreement, dated April 11, 2014 (the "PG Agreement"), which is attached as Exhibit A hereto.

12. As set forth more fully in the PG Agreement, PG will provide the following services at the request of the Trustee:

    A.    Prepare and serve required notices that the Trustee and/or the Court deem necessary or appropriate.

    B.    File a proof of service for each notice that includes (i) an alphabetical list of persons on whom PG served the notice along with their addresses and (ii) the date and manner of service.

    C.    Maintain a website (www.processgeneral.com/circuit city) specifically for these bankruptcy cases, from which anyone may download certain claim information and obtain other relevant information and documents pertaining to these cases at no charge. (Additional information about claims may be obtained by contacting a designated claims hotline that will be maintained by the Trust staff.)

        D.      Provide other noticing and related administrative services as may be requested from time to time by the Trustee.[2]

13.    In connection with its employment, PG represents as follows[3]:

        A.      PG is not an employee of the United States government.

        B.      PG waives any rights to receive compensation from the United States government, and shall be employed and compensated by the Liquidating Trust in these bankruptcy cases.

        C.      PG is not a creditor in the Debtors' bankruptcy cases.

        D.      PG's rates for the noticing services to be performed are lower than those currently charged by KCC.

14.    Second, the Trustee seeks to utilize the Trust staff to perform the remaining "claims agent" services at no additional cost to the Trust. The Trustee submits that the Trust staff can provide the services more efficiently and effectively than the current process, particularly given that no additional proofs of claim may be filed other than by Court order or consent of the Trust, and the staff already maintains a complete internal database of claims from which it provides direction to KCC to adjust the official claims register as claims are modified by agreement or Court order.

15.    Accordingly, the Trustee proposes that the Trust staff will:

        A.      Obtain from KCC and thereafter maintain all proofs of claim or interest (and any amendments thereto) filed in these cases.

        B.      Maintain an official claims register in these cases by docketing all proofs of interest or claims (and their amendments) in a claims database (which is already maintained by the Trust) that includes the following information for each such claim or interest asserted:

            i.      The name and address of the claimant or interest holder and any agent thereof (if the proof of claim or interest was filed by an agent);
            ii.     The date that the proof of claim or interest was received by KCC;
            iii.    The claim number assigned to the proof of claim or interest;

---

[2] The relief requested herein and the services to be provided by PG are not intended to alter the existing responsibilities of any party submitting a particular pleading, proposed order or other document with the Court for all noticing and service functions relevant to the particular matter as may be required under applicable rules, including the filing with the Clerk of Court of a declaration of service regarding such noticing and service.

[3] The representations of PG are contained in the attached declaration of Peter Kravitz.

DOCS_LA:278500.2 12304/003            10

        iv.    The asserted amount and classification of the claim;

        v.    Claim transfer information, if the transfer was completed prior to the Distribution Record Date as provided in the Plan;

        vi.    The amount allowed, when appropriate, either by Court order or agreement of the parties pursuant to procedures previously approved by this Court; and

        vii.    Updated address or other information as may be submitted by claimants from time to time.

C.    Implement security measures to ensure the completeness and integrity of the claims register. Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the official claims register.

D.    Transmit to the Clerk of Court a summary of and/or a copy of the claims register as frequently as requested by the Clerk of Court.

E.    Provide the public access to copies of the proofs of claim or interest filed in these chapter 11 cases without charge by appointment during the business hours of 10:00 a.m. – 4:00 p.m. Eastern Time in a viewing area at the Trust offices: 200 Westgate Parkway, Richmond, VA 23233.

F.    Allow the Clerk of Court to independently audit the claims information at any time (during regular business hours).

G.    Maintain a designated claims hotline (to be identified in the website proposed to be maintained by PG) by which interested parties may request claims information, to which the Trust staff will respond promptly.

H.    Comply with such further conditions and requirements as the Clerk of Court or the Court may at any time require or request.

## THE REQUESTED RELIEF IS IN THE BEST INTEREST OF THE TRUST AND CREDITORS

16.    The Debtors' bankruptcy cases have been pending since November, 2008. The Plan was confirmed over three years ago, and the Trust has made significant progress liquidating assets, pursuing and resolving litigation, and objecting to claims. The Trust no longer requires the substantial claims agent services that were necessary to assist the administration of these cases in their earlier phases. Of the over 17,000 claims filed in the cases, fewer than 700 claims remained unresolved. External activity on the claims register is minimal; all adjustments to the claims register arise from the occasional settlement agreement or Court order modifying the claim.

17. Despite the reduced requirements, the costs of the claims agent remain substantial. In the past 6 months, KCC's average invoice has totaled approximately $40,000, including monthly website maintenance cost of $22,415. The balance of the invoices is primarily related to adjustment of the claims register. There have been very few recent filings that have required KCC to perform noticing services.

18. In an effort to reduce expenses and conserve estate resources, the Trustee has been conducting due diligence for some time into an alternative claims administration platform. After considering the size and scope of the services required by these estates, the Trustee has determined that PG and the Trust staff can provide the necessary services (including maintaining the official claims register) at a greatly reduced expense. First, all of the claims register maintenance and adjustment services will be performed by the Trust staff at no additional cost to the Trust. Second, PG's monthly website maintenance fee is $8,000, far lower than the fee charged by KCC, which will result in an annual savings of approximately $170,000. Finally, PG will perform the few noticing services likely to be required at rates lower than those charged by KCC.

19. The Trustee believes that PG has the experience and expertise to render the necessary services in a professional and efficient manner in accordance with the Federal Bankruptcy Rules and the Local Bankruptcy Rules. The compensation to be provided to PG for services rendered is set forth in the PG Agreement attached hereto as Exhibit A. The Liquidating Trustee believes that such compensation is fair and reasonable under the circumstances. PG's fees shall be at the expense of the Trust and shall be paid directly by the Trust in the ordinary course of business as administrative expenses as permitted by the Plan. No fee application or other filing with this Court will be required.

20. The Trustee believes that the Trust staff has the experience and expertise to provide claims administration services more efficiently and effectively than the current process, all at no additional cost to the Trust. The Trust staff already maintains an internal claims database and provides KCC with all information necessary to update the official claims registry.

## NOTICE

21. Notice of this Motion has been provided to the following parties: (i) Office of the United States Trustee; (ii) KCC; (iii) all parties signed up to receive notice on the Bankruptcy Court's e-filing system; and (iv) Process General, LLC. The Trustee submits that, under the circumstances, no other further notice need be given.

## CONCLUSION

22. For the reasons described above, the Trustee submits that it is the best interests of the Trust and creditors in these cases for the Trust to terminate the services of KCC in favor of the far less expensive and equally competent combination of Process General and the Trust staff as proposed to provide all claims and noticing agent services. The Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested herein and such other relief as is just and proper.

Dated: June 17, 2014
Richmond, VA

TAVENNER & BERAN, PLC

  /s/ Paula S. Beran
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
(310) 277-6910

- and –

Robert J. Feinstein, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc.
Liquidating Trust*

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted pro hac vice)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 227-6910<br>Telecopy: (310) 201-0760<br>- and –<br>Robert J. Feinstein, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Telecopy: (212) 561-7777<br>Counsel to Plaintiff Alfred H. Siegel, as Trustee<br>of the Circuit City Stores, Inc. Liquidating Trust | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy:   (804) 783-0178<br><br>Counsel to Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR
AUTHORITY TO (A) EMPLOY PROCESS GENERAL, LLC
AS NOTICING AGENT AND (B) UTILIZE TRUST
<u>STAFF TO PROVIDE SERVICES OF A CLAIMS AGENT</u>**

Upon the Liquidating Trustee's Motion for authority to (a) employ Process General, LLC ("PG") as its official noticing agent retained in the above-captioned chapter 11 bankruptcy cases and (b) utilize staff of the Liquidating Trust to maintain the official claims registry in these cases and to otherwise perform the services of a claims agent (the "Motion"), and the Court having reviewed the Motion and the Court having determined that the relief requested in the Motion is in the best interests of the Trust, the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and

DOCS_LA:278500.2 12304/003                                        14

adequate notice of the Motion has been given and that no other or further notice is

necessary; and upon the record herein; and after due deliberation thereon; and good and

sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The requirement under Local Bankruptcy Rule 9013-1 (G) to file a memorandum of

law in connection with the Motion is hereby waived.

3. PG will provide the following services at request of the Trustee:

   A. Prepare and serve required notices that the Trustee and/or the Court deem necessary or appropriate.

   B. File a proof of service of each notice that includes (i) an alphabetical list of persons on whom PG served the notice along with their addresses and (ii) the date and manner of service.

   C. Maintain a website (www.processgeneral.com/circuit city) specifically for these bankruptcy cases, from which anyone may download certain claim information and obtain other relevant information and documents pertaining to these cases at no charge. (Additional information about claims may be obtained by contacting a designated claims hotline that will be maintained by the Trust staff.)

   D. Provide other noticing and related administrative services as may be requested from time to time by the Trustee.

4. The Trust staff will be responsible to:

   A. Obtain from KCC and thereafter maintain all proofs of claim or interest(and any amendments thereto) filed in these cases.

   B. Maintain an official claims register in these cases by docketing all proofs of interest or claims (and their amendments) in a claims database (which is already maintained by the Trust) that includes the following information for each such claim or interest asserted:

      i. The name and address of the claimant or interest holder and any agent thereof (if the proof of claim or interest was filed by an agent);
      ii. The date that the proof of claim or interest was received by KCC;
      iii. The claim number assigned to the proof of claim or interest;
      iv. The asserted amount and classification of the claim;
      v. Claim transfer information, if the transfer was completed prior to the Distribution Record Date as provided in the Plan;

      vi. The amount allowed, when appropriate, either by Court order or agreement of the parties pursuant to procedures previously approved by this Court; and

      vii. Updated address or other information as may be submitted by claimants from time to time.

C. Implement security measures to ensure the completeness and integrity of the claims register. Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the official claims register.

D. Transmit to the Clerk of Court a summary of and/or a copy of the claims register as frequently as requested by the Clerk of Court.

E. Provide the public access to copies of the proofs of claim or interest filed in these chapter 11 cases without charge by appointment during the business hours of 10:00 a.m. – 4:00 p.m. Eastern Time in a viewing area at the following address: 200 Westgate Parkway, Richmond, VA 23233.

F. Allow the Clerk of Court to independently audit the claims information at any time (during regular business hours).

G. Maintain a designated claims hotline (to be identified in the website proposed to be maintained by PG) by which interested parties may request claims information, to which the Trust staff will respond promptly.

H. Comply with such further conditions and requirements as the Clerk of Court or the Court may at any time require or request.

5. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

6. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: June ___, 2014
Richmond, Virginia

                                            The Honorable Kevin R. Huennekens
                                            United States Bankruptcy Judge

**WE ASK FOR THIS:**

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Andrew W. Caine (CA Bar No. 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

*Counsel for the Circuit City Stores, Inc.
Liquidating Trust*

# CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

## SERVICES AGREEMENT

**PROCESS GENERAL**

This Services Agreement (the "Agreement") is entered into by and between Alfred H. Siegel, the duly appointed trustee (the "Trustee") of the Circuit City Stores, Inc. Liquidating Trust (together with its agents and counsel, the "Trust") and Process General LLC (together with its affiliates and subcontractors, "PG") (each a "Party" or collectively the "Parties") as of _____ APRIL 11, 2014.

This Agreement addresses the services to be provided by PG as noticing agent to the Trustee in connection with the jointly consolidated bankruptcy cases of Circuit City Stores, Inc. and its related debtor entities (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Eastern District of Virginia – Richmond Division (the "Bankruptcy Court"). The Parties hereto agree as follows:

PG agrees to provide the following services at the request of the Trustee (the "Services"):

- Prepare and serve required notices that the Trustee and/or the Bankruptcy Court deem necessary or appropriate.

- Provide a proof of service that includes (i) a list of persons on whom PG served the notice along with their addresses and (ii) the date and manner of service.

- Maintain a website (www.processgeneral.com/circuit-city) specifically for this bankruptcy case from which anyone may obtain certain claim information and other relevant information pertaining to these cases at no charge. Additional information about claims may be obtained by contacting a designated claims hotline that will be maintained by the staff at the Trust.

- Provide such other noticing and related administrative services as may be requested from time to time by the Trustee.

Services provided are mutually exclusive and deemed to be delivered to and accepted by the Trustee when provided. Trustee agrees that none of the Services constitutes or contains legal advice.

Trustee agrees to pay the fees set forth by PG for Services provided under this Agreement. Trustee agrees to pay PG for (1) any materials necessary for performance of Services under this Agreement, (2) any reasonable out of pocket expenses, and (3) any other expenses, if arising from, related to, or because of any error or omission made by the Trustee or the Trust. All payments shall be at the expense of the Debtors' estates and shall be paid directly by the Trustee and the estates in the ordinary course of business as administrative expenses as permitted by the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims. PG will bill the Trustee monthly and all invoices shall be due and payable within thirty (30) days of receipt.

This Agreement is effective as of the date of this Agreement and shall remain in effect until terminated or suspended by either Party upon thirty (30) days' written notice to the other Party. In the event of termination, the Parties shall work together to effect an orderly transfer of Services and shall provide all necessary staff and assistance.

PG reserves all property rights in and to all ideas, concepts, creations, inventions (whether or not patentable), designs, materials, works of authorship, improvements, innovations, discoveries, trade secrets, know-how, processes, techniques, programs, systems, and other information provided or developed by PG for itself or for use by the Trustee or Trust (collectively, "Intellectual Property"). Any Intellectual Property made available is solely for use during and in connection with this Agreement.

In connection with this Agreement, either Party may disclose to the other certain information that is marked or otherwise identified in writing as confidential or proprietary information prior to or upon receipt ("Confidential Information"). All Confidential Information shall be used only for the purposes of fulfilling obligations hereunder and shall not be disclosed, provided, disseminated, or otherwise made available to any third party other than for the purposes of fulfilling obligations hereunder.

## SERVICES AGREEMENT

PROCESS GENERAL

Trustee is solely responsible for the accuracy of any data, programs, or materials he submits to PG or gives PG access to ("Trust Materials"). Trustee agrees, represents, and warrants that he has full authority to disseminate all Trust Materials and the Trustee has obtained binding consents, permits, licenses, and approvals from all necessary persons, authorities, or individuals, and has complied with all applicable policies, regulations, and laws in order to allow PG to use all Trust Materials.

Trust Materials may be retained by PG until this Agreement is terminated with the Services provided herein having been paid in full. Trustee shall remain liable for all out of pocket expenses incurred by PG under this Agreement. PG shall dispose of Trust Materials in the manner requested by the Trustee.

PG makes no representations or warranties, express or implied, of, without limitation, merchantability, adequacy, suitability, or fitness for a particular purpose, use, quality, productiveness, or capacity.

Parties are and shall be independent contractors of each other and no employment, agency, joint venture, or partnership shall arise, directly or indirectly, because of this Agreement.

In any instance where performance of Services by PG under this Agreement is prevented or impacted by reason of any act of God, lock-out, strike or other industrial or transportation disturbance, fire, war or war condition, law, regulation or ordinance, lack of materials, or by reason of any other matter beyond PG's control, such performance shall be excused and this Agreement shall be deemed suspended through the continuation of such event and for a reasonable time thereafter.

Each Party hereby acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms. The Parties hereto further agree that this Agreement is the complete and exclusive statement of the agreement of the Parties, which supersedes and merges all prior proposals, understandings, or other agreements, written or oral, between the Parties specifically relating to the matters covered under this Agreement. Trustee represents that he has the authority to enter into this Agreement and that the Agreement is non-dischargeable under any applicable statute or law.

If any provision of this Agreement shall be found to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall in no way be affected or impaired by such finding. This agreement may only be modified when in writing and duly executed by the Trustee and an officer of PG.

This Agreement and the rights, responsibilities, and duties hereunder shall not be assigned by the Parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by PG to a wholly owned subsidiary of PG.

Performance under this Agreement and its validity and enforceability shall be governed by and construed in accordance with the laws of the State of Nevada.

The Bankruptcy Court has jurisdiction and authority to resolve any disputes arising out of or in connection with this Agreement.

APPROVED, AGREED, AND EFFECTIVE AS OF THE DATE OF THIS AGREEMENT.

TRUSTEE

By: Alfred Dieter
Title: Solely in capacity as
Date: Liquidating Trustee and not in any individual capacity
4/11/2014

PROCESS GENERAL LLC

By: VICTOR DELAGLIO
Title: MANAGING DIRECTOR
Date: 04/11/2014