IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

| | | |
|---|---|---|
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | (Jointly administered) |

**DECLARATION OF PETER KRAVITZ
IN SUPPORT OF LIQUIDATING TRUSTEE'S MOTION FOR AUTHORITY TO (A)
EMPLOY PROCESS GENERAL, LLC AS NOTICING AGENT AND (B) UTILIZE
TRUST STAFF TO PROVIDE SERVICES AS CLAIMS AGENT**

I, Peter Kravitz, declare as follows:

1. Beginning in February 2010, upon its founding, I became the sole and managing member of SltnTrst LLC ("Solution Trust"). As part of my fiduciary practice with Solution Trust, I served as the independent member of the Oversight Committee for the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), to which I was duly appointed pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") and Liquidating Trust Agreement approved therewith. I served as a member of the Oversight Committee, including as co-Chair for a time, from the Trust's creation on November 1, 2010 through the end of 2013, at which time I resigned.

2. On January 1, 2014, Solution Trust was acquired by Province Inc. ("Province"). As part of this transaction, I became a principal in Province, and came to hold a minority interest in Process General, LLC ("PG") along with the other two principals of Province, Paul Hamilton and Paul Huygens, and others.

3. I make this Declaration in connection with the Liquidating Trust's Motion for Authority (a) employ Process General, LLC as noticing agent, and (b) utilize Trust staff to provide services as claim agent (the "Motion"). All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

4. Since approximately the Spring of 2013, Province has performed financial advisory and litigation consulting services for the Trust in connection with a number of claims and avoidance litigation matters. Messrs. Hamilton and Hyugens and I each has over fifteen (15) years of experience in bankruptcy matters, having served as advisors to debtors, creditors committees, trustees and other constituents in chapter 7 and 11 cases. In addition, I have served as the liquidating or post-confirmation trustee in numerous matters in various jurisdictions around the nation.

4. PG provides claims and noticing agent services, as well as electronic discovery and other litigation support services to clients. Mr. Hyugens oversees the activities of PG and its employees to ensure that PG performs its services with excellence and the utmost professional integrity.

5. At the Trustee's request, PG has entered into an agreement to serve as noticing agent for the Trust on the terms and conditions set forth in the PG Services Agreement, dated April 11, 2014 (the "PG Agreement"), a true and correct copy of which is attached as Exhibit A hereto. As set forth more fully in the PG Agreement, PG will provide the following services at the request of the Trust, at rates that are lower than those currently charged by Kurtzman Carson Consultants ("KCC"), the currently serving claims and noticing agent for the Trust:

    A.    Prepare and serve required notices that the Trustee and/or the Court deem necessary or appropriate.

B. File a proof of service for each notice that includes (i) an alphabetical list of persons on whom PG served the notice along with their addresses and (ii) the date and manner of service.

C. Maintain a website (www.processgeneral.com/circuit city) specifically for these bankruptcy cases, from which anyone may download certain claim information and obtain other relevant information and documents pertaining to these cases at no charge. (Additional information about claims may be obtained by contacting a designated claims hotline that will be maintained by the Trust staff.)

D. Provide other noticing and related administrative services as may be requested from time to time by the Trustee.

6. I believe that PG has the experience and expertise to render the requested noticing agent services for the Trust in a professional and efficient manner in accordance with the Federal Bankruptcy Rules and the Local Bankruptcy Rules. The compensation to be provided to PG for services rendered is set forth in the PG Agreement. PG's fees shall be at the expense of the Trust and shall be paid directly by the Trust in the ordinary course of business as administrative expenses as permitted by the Plan.

7. Based on Province's services to the Trust and my prior role on the Oversight Committee, PG is very familiar with the remaining matters and claims in the case. PG has worked closely with the Trustee and Trust staff to ensure a smooth transition from KCC. We have successfully tested all of the functions proposed by the Trustee for PG and the Trust staff, including the PG website for these cases and the claims information hotline that will be identified on the PG website and maintained by the Trust staff.

8. As noted in the Trust's Motion, on behalf of PG and in connection with its proposed employment, PG represents as follows:

A. PG is not an employee of the United States government.

3

DOCS_LA:278531.1 12304/003

B.  PG waives any rights to receive compensation from the United States government, and shall be employed and compensated by the Liquidating Trust in these bankruptcy cases.

C.  PG is not a creditor in the Debtors' bankruptcy cases.

D.  PG's rates for the services to be performed are lower than those currently charged by KCC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that if called as a witness, I could and would competently testify as to all of the matters stated herein.

Executed this  12th  day of June, 2014, at Las Vegas, Nevada.

_____
Peter Kravitz