Andrew W. Caine, Esq.
Jeremy V. Richards, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.,

          Debtors.

Case No. 08-35653-KRH
Chapter 11

Alfred H. Siegel, solely as Liquidating Trustee
for the Circuit City Stores, Inc. Liquidating
Trust,

          Objector,

v.

Unical Enterprises, Inc., a California
corporation (Claim No. 6555),

          Claimant.

Contested Matter

## MOTION OF ALFRED H. SIEGEL, TRUSTEE, FOR SUMMARY ADJUDICATION DISALLOWING IN FULL CLAIM NO. 6555 FILED BY UNICAL ENTERPRISES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEREMY V. RICHARDS IN SUPPORT THEREOF

Alfred H. Siegel, solely as liquidating trustee to the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), hereby moves this Court, pursuant to Bankruptcy Rule 9014(c) and 7056 and Federal Rules of Civil Procedure, Rule 56 for a summary adjudication disallowing in full, with prejudice, Claim No. 6555 (the "Unical Claim") filed against the estate (the "Estate") of Circuit City Stores, Inc. ("Circuit City," the "Debtor" or the "Company") by Unical Enterprises, Inc., a California corporation ("Unical").

The Unical Claim is based upon a prepetition lawsuit brought by Unical against Circuit City, which resulted in a judgment in favor of Circuit City and against Unical, in which the trial court held that Unical "take nothing" by its action. As of the petition date herein (the "Petition Date"), Unical had filed an appeal from the foregoing judgment but no briefing had taken place. Early in these proceedings, this Court denied a motion by Unical for relief from the automatic stay herein to proceed with its appeal. However, more recently, this Court granted a motion brought by the Trustee, granting relief from the plan injunction herein to permit the appeal to proceed. Thereafter, the appellate court set a briefing schedule pursuant to which Unical's opening brief was due April 10, 2014. Unical having failed to file its opening brief, by order dated May 22, 2014, the appellate court dismissed Unical's appeal.[1]

At this time, the judgment of the trial court in favor of Circuit City and against Unical, denying any recovery to Unical, is final and non-appealable. Accordingly, the Unical Claim must be disallowed in full as a matter of law.

---

[1] The day prior to its ruling, the Trustee had filed a motion with the appellate court, seeking dismissal of Unical's appeal for lack of prosecution. The appellate court's order dismissing Unical's appeal held that the Trustee's foregoing motion was thereby rendered moot.

## I.

## RELEVANT FACTS

The Trustee is informed and believes that the following relevant facts (supported by the Declaration of Jeremy V. Richards (the "Richards Declaration") filed in support hereof) are not, and cannot be disputed by claimant Unical:

1.      On October 6, 2006, a civil action filed by Unical against Circuit City was removed from the Los Angeles County Superior Court to the United States District Court for the Central District of California (the "District Court") and assigned Case No. CV 06-6384 GPS (CTx) (the "District Court Action").  Pursuant to the District Court Action, Unical sought an award of damages against the Debtor in the sum of $5,616,968 on contract and contract related claims.

2.      Following the granting of two motions in limine in favor of the Debtor and against Unical, trial of the District Court Action began on June 17, 2008, solely as to Unical's contract claim related to 6,420 units of a model of product in dispute.  The trial resulted in a hung jury, and the District Court declared a mistrial on June 24, 2008.

3.      Upon a motion by the Debtor for judgment as a matter of law as to liability and damages, on September 4, 2008, the District Court entered judgment in favor of the Debtor and against Unical (the "Judgment").  A true and correct copy of the Judgment is attached to the Richards Declaration as Exhibit "A".

4.      On October 1, 2008, Unical appealed the Judgment and the order on the motions in limine entered against it to the United States Court of Appeals for the Ninth Circuit

(the "Ninth Circuit"), instituting appeal Docket No. 08-56628 (the "Appeal"). The record on appeal was completed shortly thereafter, and a briefing schedule was set.

5.     On November 10, 2008, the Petition Date, the Debtor and related entities commenced these bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

6.     On or about January 26, 2009, Unical filed a general unsecured proof of claim assigned Claim No. 6555 (the "Unical Proof of Claim") in the amount of $4,053,450, based upon the total of sums sought in its First and Second Causes of Action in the District Court Action. A true and correct coy of the Unical Proof of Claim is attached to the Richards Declaration as Exhibit "B".

7.     On August 20, 2009, the Debtors filed *Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims)* (the "Claim Objection") [Docket No. 4585], which objected, in part, to the Unical Proof of Claim.

8.     On September 17, 2009, Unical filed its *Response of Unical Enterprises, Inc. to Debtors' Thirty-First Omnibus Objection to Claims* [Docket No. 4975], in which Unical asserted that it would file a motion for relief from stay to pursue the Appeal.

9.     On October 23, 2009, Unical filed its *Motion of Unical Enterprises, Inc. for Relief from Automatic Stay* (the "Relief From Stay Motion") [Docket No. 5343] seeking to allow it to proceed with the Appeal.

10.    On November 30, 2009, the Debtors filed the *Debtors' Response and Objection to the Motion of Unical Enterprises, Inc. for Relief From the Automatic Stay* [Docket No. 5955], based upon the then existing status of the bankruptcy cases.

11.    On January 20, 2010, the Court entered its *Order Denying Motion of Unical Enterprises, Inc. For Relief From the Automatic Stay* [Docket No. 6367], denying Unical's motion without prejudice.

12.    On September 10, 2010, the Court entered its order confirming the *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding Administrative Claims* (the "Plan"). Pursuant to the Plan, any entity that holds a claim or interest against the Debtors is enjoined from commencing or continuing any action or proceeding instituted against the Debtors prior to the Petition Date (the "Plan Injunction").

13.    Unical has not taken any action with respect to its claim since its Relief from Stay Motion was denied.

14.    In order to advance the Claim Objection, in September, 2013, the Trustee offered to enter into a stipulation with Unical to permit the Appeal to proceed, but in October, 2013, counsel for Unical refused to do so, insisting instead that the Plan Injunction be lifted in favor of Unical with absolutely no limitations or restrictions. Unical's proposal was unacceptable to the Trustee.

15.    Accordingly, the Trustee filed his *Trustee's Motion for Order Granting Claimant Unical Enterprises, Inc. Relief from the Plan Injunction Solely to the Extent Necessary*

*to Prosecute Its Pending Appeal to Completion* [Dkt. No. 13275], seeking an order of this Court

modifying the Plan Injunction solely to the extent necessary to permit Unical to prosecute the

Appeal to completion.  The foregoing motion was granted by order entered February 26, 2014

[Dkt. No. 13294].

16.     Thereafter, the Trustee filed a status report with the Ninth Circuit, a true

and correct copy of which (without exhibits) is attached to the Richards Declaration as Exhibit

"C," advising the Ninth Court of this Court's order modifying the Plan Injunction to permit the

Appeal to proceed and requesting that it set a briefing schedule in connection with the Appeal.

By order entered March 11, 2014, a true and correct copy of which is attached to the Richards

Declaration as Exhibit "D," the Ninth Circuit set an appellate briefing schedule, requiring Unical

to file its opening brief no later than April 10, 2014.

17.     Unical having neither filed its opening brief nor any other pleading in

response to the court's scheduling order, on May 22, 2014, the Ninth Circuit entered its order

(the "Dismissal Order") dismissing the Appeal.  A true and correct copy of the Dismissal Order

is attached to the Richards Declaration as Exhibit "E."[2]

18.     The time for Unical to seek relief from the Dismissal Order expired on

June 5, 2014 without Unical seeking any relief.  See FRAP Rule 40 and Circuit Rules 27-10; 40-

1.  (A party seeking further consideration of an order that terminates a case or otherwise

---

[2] The day prior to the entry of the Dismissal Order, the Trustee had filed with the Ninth Circuit a motion seeking dismissal of the Appeal for lack of prosecution.  The Dismissal Order held that the foregoing motion of the Trustee was moot.

concludes proceedings before the Ninth Circuit must do so within 14 days of the date of the subject order).

## II.

## ARGUMENT

The Unical Claim is based upon the allegations of the District Court Action.  Under the doctrine of res judicata (also known as claim preclusion), "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).  Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Id.* (*citing Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940)). Similarly, under collateral estoppel (also known as issue preclusion), the prior judgment "precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *see also Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir. 1988).

The elements of Federal claim preclusion are: (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and, (3) the claim[ ] in the second matter [is] based upon the same cause of action involved in the earlier proceeding. *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003).

The elements of Federal collateral estoppel are: (1) the issue sought to be precluded was the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a valid and final judgment; and (4) the determination was essential to the prior judgment. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Combs v. Richardson*, 838 F.2d 112, 115 (4th Cir., 1988).

Under either doctrine, the Claim is precluded. The Judgment entered in the District Court Action is now final and non-appealable.  The Judgment fully and finally determines that Unical take nothing pursuant to the District Court Action.  Accordingly, the Unical Claim must be disallowed in full and there are no disputed facts that preclude this Court from entering such an order in favor of the Trustee and against Unical.

///

///

///

## V.

## CONCLUSION

For all of the reasons set forth herein, the Unical Claim should be summarily disallowed in full.  As discussed above, the federal district and appellate courts have dismissed the Unical Action in its entirety.  As a result, the Unical Claim, which is entirely based on the Unical Action, is legally and factually unwarranted.  The Trustee respectfully requests that the Court enter an order disallowing the Unical Claim with prejudice in its entirety.

Dated: June 20, 2014                    TAVENNER & BERAN, PLC

                                        /s/ Lynn L. Tavenner
                                        _____
                                        Lynn L. Tavenner (VA Bar No. 30083)
                                        Paula S. Beran (VA Bar No. 34679)
                                        20 North Eighth Street, 2nd Floor
                                        Richmond, Virginia 23219
                                        Telephone: (804) 783-8300
                                        Facsimile:  (804) 783-1078

                                                    - and -

                                        Andrew W. Caine, Esq.
                                        Jeremy V. Richards, Esq.
                                        (admitted *pro hac vice*)
                                        PACHULSKI STANG ZIEHL & JONES LLP
                                        10100 Santa Monica Blvd., 13th Floor
                                        Los Angeles, CA  90067
                                        Telephone: (310) 277-6910
                                        Facsimile:  (310) 201-0760

                                        *Counsel for Alfred H. Siegel, as Trustee of the*
                                        *Circuit City Stores, Inc. Liquidating Trust*

## DECLARATION OF JEREMY V. RICHARDS

I, Jeremy V. Richards, declare as follows:

1.      I am an attorney at law, licensed to practice in the courts of the State of

California and admitted *pro hac vice* to practice before this Court.  I am a partner in the law firm

of Pachulski Stang Ziehl & Jones LLP, counsel of record in the above-captioned case for Alfred

H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust.  I make this Declaration in

support of the *Motion of Alfred H. Siegel, Trustee, for Summary Adjudication Disallowing In*

*Full Claim No. 6555 Filed By Unical Enterprises, Inc.* (the "Motion"). All capitalized terms not

otherwise defined herein shall have the same meaning as set forth in the Motion.  My knowledge

of the facts set forth herein pertaining to the District Court Action, the Appeal and proceedings

before this Court is based on a personal review of the docket for, and relevant pleadings filed in

each of the foregoing proceedings.

2.      On October 6, 2006, a civil action filed by Unical against Circuit City was

removed from the Los Angeles County Superior Court to the United States District Court for the

Central District of California (the "District Court") and assigned Case No. CV 06-6384 GPS

(CTx) (the "District Court Action").  Pursuant to the District Court Action, Unical sought an

award of damages against the Debtor in the sum of $5,616,968 on contract and contract related

claims

3.      Following the granting of two motions in limine in favor of the Debtor and

against Unical, trial of the District Court Action began on June 17, 2008, solely as to Unical's

contract claim related to 6,420 units of a model of product in dispute.  The trial resulted in a

hung jury, and the District Court declared a mistrial on June 24, 2008.

    4.  Upon a motion by the Debtor for judgment as a matter of law as to

liability and damages, on September 4, 2008, the District Court entered judgment in favor of the

Debtor and against Unical (the "Judgment").  A true and correct copy of the Judgment is

attached hereto as Exhibit "A".

    5.  On October 1, 2008, Unical appealed the Judgment and the order on the

motions in limine entered against it to the United States Court of Appeals for the Ninth Circuit,

instituting appeal Docket No. 08-56628 (the "Appeal").  The record on appeal was completed

shortly thereafter, and a briefing schedule was set.

    6.  On the Petition Date, Debtor and related entities commenced their

Bankruptcy Cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy

Code in this Court.

    7.  On or about January 26, 2009, Unical filed a general unsecured proof of

claim assigned Claim No. 6555 (the "Unical Proof of Claim") in the amount of $4,053,450,

based upon the total of sums sought in its First and Second Causes of Action in the District Court

Action, as set forth in the complaint filed therein.  A true and correct copy of the Unical Proof of

Claim is attached hereto as Exhibit "B".

    8.  On August 20, 2009, the Debtors filed *Debtors' Thirty-First Omnibus*

*Objection to Claims (Disallowance of Certain Legal Claims)* (the "Claim Objection") [Docket

No. 4585], which objected, in part, to the Unical Proof of Claim.

9.      On September 17, 2009, Unical filed its *Response of Unical Enterprises, Inc. to Debtors' Thirty-First Omnibus Objection to Claims* [Docket No. 4975], in which Unical asserted that it would file a motion for relief from stay to pursue the Appeal.

10.     On October 23, 2009, Unical filed its *Motion of Unical Enterprises, Inc. for Relief from Automatic Stay* (the "Relief From Stay Motion") [Docket No. 5343] seeking to allow it to proceed with the Appeal.

11.     On November 30, 2009, the Debtors filed the *Debtors' Response and Objection to the Motion of Unical Enterprises, Inc. for Relief From the Automatic Stay* [Docket No. 5955], based upon the then existing status of the bankruptcy cases.

12.     On January 20, 2010, the Court entered its *Order Denying Motion of Unical Enterprises, Inc. For Relief From the Automatic Stay* [Docket No. 6367], denying Unical's motion without prejudice.

13.     On January 20, 2010, the Court entered its *Order Denying Motion of Unical Enterprises, Inc. For Relief From the Automatic Stay* [Docket No. 6367], denying Unical's motion without prejudice.

14.     On September 10, 2010, the Court entered its order confirming the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding Administrative Claims (the "Plan").  Pursuant to the Plan, any entity that holds a claim or interest against the Debtors is enjoined from commencing or continuing any action or proceeding instituted against the Debtors prior to the Petition Date (the "Plan Injunction").

15.     Unical has not taken any action with respect to its claim since its Relief from Stay Motion was denied.

16.     In order to advance the Claim Objection, in September, 2013, the Trustee offered to enter into a stipulation with Unical to permit the Appeal to proceed, but in October, 2013, counsel for Unical refused to do so, insisting instead that the Plan Injunction be lifted in favor of Unical with absolutely no limitations or restrictions.  Unical's proposal was unacceptable to the Trustee.

17.     Accordingly, the Trustee filed his *Trustee's Motion for Order Granting Claimant Unical Enterprises, Inc. Relief from the Plan Injunction Solely to the Extent Necessary to Prosecute Its Pending Appeal to Completion* [Dkt. No. 13275], seeking an order of this Court modifying the Plan Injunction solely to the extent necessary to permit Unical to prosecute the Appeal to completion.  The foregoing motion was granted by order entered February 26, 2014 [Dkt. No. 13294].

18.     Thereafter, the Trustee filed a status report with the Ninth Circuit, a true and correct copy of which (without exhibits) is attached hereto as Exhibit "C," advising the Ninth Court of this Court's order modifying the Plan Injunction to permit the Appeal to proceed and requesting that it set a briefing schedule in connection with the Appeal.  By order entered March 11, 2014, a true and correct copy of which is attached to the Richards Declaration as Exhibit "D," the Ninth Circuit set an appellate briefing schedule, requiring Unical to file its opening brief no later than April 10, 2014.

13

19.    Unical having neither filed its opening brief nor any other pleading in response to the court's scheduling order, on May 22, 2014, the Ninth Circuit entered its order (the "Dismissal Order") dismissing the Appeal.  A true and correct copy of the Dismissal Order is attached hereto as Exhibit "E."  (The day prior to the entry of the Dismissal Order, the Trustee had filed with the Ninth Circuit a motion seeking dismissal of the Appeal for lack of prosecution.  The Dismissal Order held that the foregoing motion of the Trustee was moot.)

20.    The time for Unical to seek relief from the Dismissal Order has now elapsed without Unical seeking any relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called as a witness, I could and would competently testify as to all of the matters stated herein.

Executed this 6th day of June, 2014, at Los Angeles, California.

_____
Jeremy V. Richards

EXHIBIT "A"

1  PETER E. GLICK, ESQ. (SBN: 127979)
   Attorney at Law
2  400 Capitol Mall, Suite 1100
   Sacramento, CA 95814
3  Telephone:  (916) 558-6182
   Fax No.:      (916) 448-2434
4  E-mail: pglick@pglick.com                          JS-6

5  ERIC G. REEVES (pro hac vice)
   Moran Brown P.C.
6  4110 East Parham Road
   Richmond, VA 23288
7  Telephone:  (804) 864-4287
   Fax No.:      (804)864-4877
8  E-Mail: ereeves@moranbrownpc.com

9
   Attorneys for Defendant
10 CIRCUIT CITY STORES, INC.

11

12                    UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15  UNICAL ENTERPRISES, INC.,          )  CASE NO. CV06-6384 GPS (Ctx)
                                       )
16         Plaintiff,                  )  **JUDGMENT**
                                       )
17  vs.                                )
                                       )  **TRIAL DATE:**  **June 17, 2008**
18  CIRCUIT CITY STORES, INC., a       )  **TIME**              **8:30 a.m.**
    corporation; and DOES 1 through 10 )  **COURTROOM:**  7
19  inclusive                          )
                                       )  **HON. GEORGE P. SCHIAVELLI**
20         Defendants.                 )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23  _____        )

24

25        At the close of Plaintiff's case, on June 19, 2008, Defendant Circuit City

26  Stores, Inc., ("Circuit City") made an oral motion for judgment as a matter of law

27  ("JMOL") as to liability and damages.  The court reserved ruling on the motion and

28  ordered Circuit City to submit a written brief on the issues raised in Circuit City's

Peter E. Glick
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814

1   JMOL motion.   Circuit City filed its Brief in Support of its JMOL motion on June

2   20, 2008, the final day of trial.  The Court instructed the jury and provided a form

3   of Special Verdict. Following approximately two days of jury deliberations, the

4   jury was unable to reach a verdict on the initial question posed in the Special

5   Verdict -- whether a breach of contract occurred.  After the Court discharged the

6   jury and declared a mistrial, Circuit City renewed its JMOL motion under Rule

7   50(b) of the Federal Rules of Civil Procedure.  The Court invited an opposition

8   brief from Unical and a reply brief from Circuit City.

9       Having reviewed the parties' filings and the record, and, on August 18,

10  2008, having issued an Order Granting Motion for Judgment as a Matter of Law,

11      **IT IS ORDERED AND ADJUDGED** that Judgment be entered in favor of

12  Defendant CIRCUIT CITY STORES, INC., and against the Plaintiff UNICAL

13  ENTERPRISES, INC.;  and, that Plaintiff UNICAL ENTERPRISES INC., take

14  nothing by its Complaint herein;  and, that the action be dismissed on the merits

15  with prejudice; and, that defendant CIRCUIT CITY STORES, INC. shall recover

16  its costs as the prevailing party as per Local Rule 54-3.

17

18  Dated: September 4, 2008

19                                    GEORGE P. SCHIAVELLI

20                                _____
                                          Hon. George P. Schiavelli
                                    United States District Court Judge

21

22

23

24

25

26

27

28

Peter E. Glick
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814

Judgment                                                              - 2 -

# EXHIBIT "B"

The Debtor has listed your claim as Contingent, Unliquidated and Disputed on Schedule F as a General Unsecured claim. If you believe that you have a claim against the Debtor, you are required to complete and return this form.

# 6555

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :** (Check only one box below):

- ☑ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)

- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)

- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case - a request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>**UNICAL ENTERPRISES** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>    NameID: 5007460    PackID: 435991<br><br>UNICAL ENTERPRISES<br>THOMAS J WEISS<br>WEISS & HUNT<br>1925 CENTURY PARK EAST  SUITE 2140<br>LOS ANGELES CA 90067<br>    Telephone number: 310-788-0710 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br><br>    Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| **1. Amount of Claim as of Date Case Filed:** $ 4,053,450 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier – 11 U.S.C. § 507(a)(4). |
| **2. Basis for Claim:** Breach of Purchase Contracts -<br>(See instruction cordless phones (see complaint in case CV06-6384  (on appeal))<br><br>**3. Last four digits of any number by which creditor identifies debtor:**_____<br><br>    **3a.** Debtor may have scheduled account as:_____<br>    (See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>**Value of Property:** $_____  **Annual Interest Rate** ___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br>if any: $_____  **Basis for perfection:**_____<br><br>**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>**Amount entitled to priority:**<br><br>$_____ |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "reducted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
| **Date:**<br>1-27-09 | Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Thomas J Weiss*  attorney | FOR COURT USE ONLY<br><br>**RECEIVED**<br><br>**JAN 26 2009**<br><br>KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10147899

☑ Date Stamped Copy Returned<br>☐ No self addressed stamped envelope<br>☐ No copy to return



08356540812180738321231112

# Weiss & Hunt

*Attorneys at Law*

Thomas J. Weiss
tweiss@weisslawla.com

Hyrum K. Hunt
hhunt@weisslawla.com

1925 Century Park East, Suite 2140
Los Angeles, California 90067
310-788-0710
Fax: 310-788-0735

January 23, 2009

CIRCUIT CITY STORES, INC., et al.
Claims Processing Dept.
Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, Ca  90245

Re:    In Re Circuit City Stores, Inc., et al.
        Case No. 08-25653

Dear Clerk:

Enclosed for filing is an original and two copies of our Proof of Claim in the above-entitled case.

Please file for us and if you do not need the additional copy, please discard it, but please do send us a file-stamped copy in the envelope provided.

Thank you for your anticipated courtesy and cooperation in this matter.

Very truly yours,

Karen Genova,
Assistant to THOMAS J. WEISS

/kmg
Enclosures

1 | THOMAS J. WEISS, State Bar No. 63167
HYRUM K. HUNT, State Bar No. 222110
2 | **WEISS & HUNT**
1925 Century Park East, Suite 2140
3 | Los Angeles, California 90067
Telephone: (310) 788-0710
4 | Facsimile: (310) 788-0735

5 | Attorneys for Plaintiff UNICAL
ENTERPRISES, INC., a California
6 | corporation

7 | UNITED STATES BANKRUPTCY COURT

8 | EASTERN DISTRICT OF VIRGINIA - RICHMOND DIVISION

9

10 | UNICAL ENTERPRISES, INC., a        )   Case No. 08-35653
California corporation,              )
11 |                                     )   PRINCIPAL AND INTEREST
            Plaintiff,               )   CALCULATION
12 |                                     )
       vs.                           )   (Attachment to Proof of Claim Form of
13 |                                     )   Unical Enterprises, Inc.)
CIRCUIT CITY STORES, INC., a        )
14 | corporation; DOES 1 through 10,     )
inclusive,                          )
15 |                                     )
            Defendants.              )
16 | _____ )

17 |

| Principal Sum (Complaint, p. 6, l. 13) | $3,370,181.00 |
| Interest @ 10% from October 30, 2006 to December 10, 2008 | $683,269.00 |
| Total: | $4,053,450.00 |

1

1   THOMAS J. WEISS, State Bar No. 63167
    HYRUM K. HUNT, State Bar No. 222110
2   **WEISS & HUNT**
    1925 Century Park East, Suite 2140
3   Los Angeles, California 90067
    Telephone:  (310) 788-0710
4   Facsimile:  (310) 788-0735

5   Attorneys for Plaintiff UNICAL
    ENTERPRISES, INC., a California
6   corporation

7             UNITED STATES BANKRUPTCY COURT

8      EASTERN  DISTRICT OF VIRGINIA - RICHMOND DIVISION

9

10  UNICAL ENTERPRISES, INC., a        )   Case No. 08-35653
    California corporation,            )
11                                     )   DESCRIPTION OF CLAIM
                    Plaintiff,         )
12                                     )   (Attachment to Proof of Claim Form of
              vs.                      )   Unical Enterprises, Inc.)
13                                     )
    CIRCUIT CITY STORES, INC., a       )
14  corporation; DOES 1 through 10,    )
    inclusive,                         )
15                                     )
                    Defendants.        )
16  _____)

17        First Amended Complaint filed in U.S. District Court, Central District of

18  California, Case No. CV06-6384.  There was a hung jury.  Judgment for Circuit City

19  was rendered under Rule 50, F.R.Civ.P.  Judgment is on appeal to 9th Circuit Court of

20  Appeal, Appeal No. 08-56628.  First Amended Complaint is attached.

21

22

23

24

25

26

27

28

                                    1

FILED

1   THOMAS J. WEISS, State Bar No. 63167
    HYRUM K. HUNT, State Bar No. 222110   OCT 30  PM 4:01
2   LAW OFFICES OF THOMAS J. WEISS        CLERK U.S. DISTRICT COURT
    1901 Avenue of the Stars, Suite 1501   CENTRAL DIST. OF CALIF.
3   Los Angeles, California 90067             LOS ANGELES
    Telephone:  (310) 788-0710
4   Facsimile:   (310) 788-0735           BY:_____

5   Attorneys for Plaintiff UNICAL
    ENTERPRISES, INC., a California
6   corporation

7

8                  UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  UNICAL ENTERPRISES, INC., a        )   Case No.   CV06-6384 GPS (CTx)
    California corporation ,           )
12                                     )   FIRST AMENDED COMPLAINT
                     Plaintiff,        )   FOR:
13                                     )
         vs.                           )   (1)   BREACH OF CONTRACT;
14                                     )
    CIRCUIT CITY STORES, INC., a       )   (2)   BREACH OF COVENANT OF
15  corporation; DOES 1 through 10,    )         GOOD FAITH AND FAIR
    inclusive,                         )         DEALING; AND,
16                                     )
                     Defendants.       )   (3)   PROMISSORY ESTOPPEL
17  _____)

18       Plaintiff UNICAL ENTERPRISES, INC., a California corporation, and for its

19  causes of action, alleges:

20                    **FIRST CAUSE OF ACTION**

21                    **(For Breach of Contract)**

22                    **(Against All Defendants)**

23       1.     Plaintiff Unical Enterprises, Inc. ("Unical"),  is a California corporation

24  in good standing, doing business in California.  Unical is in the business of the

25  wholesale importation and distribution of consumer electronics products including

26  cordless telephones and related products.

27  / / /

28  / / /

LAW OFFICES OF ~~~MAS J. WEISS
1901 AVENUE OF THE STARS · SUITE 1
)S ANGELES, CALIFORNIA 90067

                                   1

2.      Defendant Circuit City Stores, Inc. ("Circuit City"), is a corporation doing business in California, including Los Angeles county, and in other states. Circuit City is in the business of retail sale of consumer electronics products, including cordless telephones and related products, through retail stores located in Los Angeles County and elsewhere in the state of California.

3.      The identities and capacities of defendants Does 1 through 10 are unknown to plaintiff, who therefore sues them by such fictitious names. Plaintiff is informed and believes that each such fictitiously named defendant is responsible in some way for the acts or omissions alleged herein, and will amend this complaint to state their true names and capacities when ascertained.

4.      For many years, including the years 1997 through 2004, Unical was a supplier of consumer electronics goods to Circuit City, for resale in Circuit City retail stores. During those years, Unical supplied Circuit City with its products based on forecasts of Circuit City's expected needs. Such forecasts extended forward on a rolling basis approximately 6 months into the future. The supply and purchasing practices between Unical and Circuit City were that Circuit City would make projections or estimates of quantities of various models which they anticipated would be needed to supply its stores to meet customer demand for the products. Although the estimates and projections might be modified in light of consumer response to particular models, or other market conditions, they were generally followed with orders to purchase approximately the quantities projected. Circuit City had a personnel group known as the "Supply Chain Management Team" which worked with Unical and other vendors to Circuit City to plan and coordinate supply of product from the vendor to Circuit City stores based on expected and then actual product demand from customers, as well as to organize and implement sales promotions by advertising and consumer savings incentive program. Circuit City's vendor policies required its vendors, including Unical, to rely on its forecasts and maintain the capacity to fill orders based on those forecasts. Vendors were informed that failure to

LAW OFFICES OF THOMAS J. WEISS
1901 AVENUE OF THE STARS · SUITE 1·
LOS ANGELES, CALIFORNIA 90067

2

do so would result in termination of the business relationship with Circuit City.

5.    As part of its "Supply Chain Management" relationship with its vendors, Circuit City maintains a system of ranking and rating its major vendors according to the vendor's performance in the criteria demanded of Circuit City's vendors. In that evaluation, 70 out of 100 evaluation points are derived from the vendor's demonstrated ability to meet the time requirements for order lead time, performance and delivery. In 2002 and 2003, Unical consistently scored among the highest vendors, at more than 90 points out of a possible 100.  The only way in which a vendor can maintain good standing with Circuit City is to rely on and treat the projections as advance purchase orders. The projection and order system is designed so that the projections are entered into Circuit City's computer purchasing data base, and unless modified thereafter by Circuit City, will generate purchase orders based on the projections. Under the process between vendor and Circuit City for issuance of final purchase orders, goods or items not in the Circuit City projection data base cannot generate a purchase order. Vendors are encouraged and instructed to assume that the projections in the normal course of events will generate the purchase order in accordance with the projections.

6.    In or about February 2004, plaintiff and defendant Circuit City entered into an agreement in Los Angeles County, California, partly written and partly oral, by virtue of which Circuit City would purchase from Unical, and Unical would contract with third parties for the design and manufacture of, certain models of 5.8 GHz cordless telephones, including models designated 358004, 358074 and 358084. The selection of vendors to Circuit City for these products was done through an on-line reverse auction, or open competitive bid process, which occurred in November 2003. Unical was not the low bidder in this process, but was under-bid by a company known as Uniden, which is not related to Unical. After Uniden's bid was accepted by Circuit City, however, Uniden failed to perform its delivery obligations as to certain models of cordless phone products.

3

LAW OFFICES OF THOMAS J. WEISS
1901 AVENUE OF THE STARS · SUITE 1515
LOS ANGELES, CALIFORNIA 90067

7.     At that time, the Circuit City buyer who had responsibility for supplying these products was Joan Pinoos.  Ms Pinoos then approached Unical, which had been the next-higher bidder, and asked if Unical would be willing to supply the needed goods in lieu of Uniden.  Unical consented, and as part of the new arrangement, Circuit City agreed to purchase from Unical cordless phone models 358004, 358074 and 358084, as well as several other models.  Projections of Circuit City's expected demand for these models were given to Unical, which used them to plan its production and shipments from the factories in China.  A copy of the written portion of the contract, dated February 3, 2004, is attached as Exhibit 1.

8.     At the same time as the February 2004 agreement was made, Circuit City also agreed to purchase quantities of 5.8 GHz cordless telephone model numbers 35808, 35818, 35858 and 35850, in accordance with its forecasts and requested Unical to make product quantities available to meet such forecasts.  Thereafter, following the forecasts and in reasonable reliance on the forecasts, plaintiff acquired and paid for quantities of those models in compliance with Circuit City's requests.

9.     Initial quantities of the auction models 358004, 358074, and 358084, and of models 35808, 35818, 35858 and 35850, were ordered by Circuit City and shipped by Unical.  Unical relied on the projections of expected demand for these models to place its own orders for manufacture and shipment of the products by and from the factories in China, and identified them to the Circuit City contract.  In or about June, 2004, however, Ms Pinoos was transferred to other assignments by Circuit City, and thereafter never again serviced the Unical account. The replacement for Ms Pinoos was Ms Tammy Fullam.  Some time after she started her duties as successor buyer to Ms Pinoos, Ms Fullam ceased purchasing the Unical products, and instead commenced purchasing the competitive products of Uniden, which Ms Pinoos had asked Unical to replace as supplier to Circuit City.  Unical protested to Circuit City that Circuit City had an obligation to honor its commitment to use Unical as the source of these products in accordance with the projections given to Unical and

4

reasonably relied on by Unical for its production and shipment of the products. The effect of Circuit City's sudden cessation of purchases was that Unical was overstocked with the models and inventory of products for which Circuit City had given Unical projections of demand and then repudiated. Despite Unical's demands, Circuit City refused to purchase the products in accordance with the projections, with or without adjustments, and instead purchased the projected quantities or more from Uniden. As a result, plaintiff was left with unsold inventories of 6,200 units of model 35808, 12,456 units of model 35818, 15,569 units of model 35858 and 3,784 units of model 35850 which are identified to the Circuit City contract and which Unical has held for Circuit City and which now have depreciated in market value.

10.     In additional reliance on Circuit City's ongoing orders and projections of future requirements, Unical gave Circuit City promotional discounts to increase customer demand and sales volume. If Unical had known that Circuit City would cancel the orders without respect to its projections, and would abruptly switch suppliers for the same or substantially similar product, Unical would not have accepted the initial orders, would not have accepted and promoted the price discount offers to increase customer volume, and would not have ordered and purchased inventory in anticipation of filling the Circuit City projections.

11.     The refusals to purchase the projected quantities of the products ordered by Circuit City constituted a material breach of the contract between Unical and Circuit City, by
virtue of which breach plaintiff has been damaged in an amount not yet fully ascertained, but which is at least $3,370,181.

## SECOND CAUSE OF ACTION

### (For Breach of Covenant of Good Faith and Fair Dealing)

### (Against all Defendants)

12.     Plaintiff refers to and re-incorporates and here by reference each allegation contained in paragraphs 1 through 11 as though fully set forth.

5

CV06-6384 GPS (CTx)

13.   Implicit in every contract is a covenant of good faith and fair dealing by virtue of which the parties covenant that they will act in good faith in their dealings with each other and will not do anything to deliberately deprive the other of the reasonably expected benefits of the contract.

14.   The acts of defendant Circuit City in arbitrarily refusing to adhere to the projections of its demand for products which Circuit City covenanted to purchase under the agreement with Unical, and abruptly cancelling the purchase program for Unical's goods in favor of the equivalent goods of Uniden, constitute a breach of the covenant of good faith and fair dealing implicit in the contract between Unical and Circuit City.

15.   As a result of the breach of the covenant of good faith and fair dealing implicit in the contract with Unical, plaintiff Unical has been damaged in an amount not yet fully ascertained, but which is at least $3,370,181.

## THIRD CAUSE OF ACTION

### (For Promissory Estoppel)

### (Against All Defendants)

16.   Plaintiff refers to and re-incorporates and here by reference each allegation contained in paragraphs 1 through 15 as though fully set forth.

17.   Defendant Circuit City, in order to induce Unical to supply the cordless phones after Uniden refused to do so, gave Unical the projections of its future needs intending that Unical rely on them to manufacture and purchase the products. Plaintiff Unical did rely to its detriment on such projections and purchased inventory to be able to supply Circuit City with its product needs. As a result of its reasonable reliance on Circuit City's forecasts and its promises to purchase its requirements of 5.8 GHz cordless phones, plaintiff was damaged in an amount of at least $2,246,787. Injustice can only be avoided by enforcing defendant Circuit City's promise, to the extent of such reliance, $2,246,787.

///

6

LAW OFFICES OF   MAS J. WEISS
1901 AVENUE OF THE STARS · SUITE .   OS ANGELES, CALIFORNIA 90067

Wherefore, Unical prays judgment against defendants, jointly and severally, as follows:

1.  On the First and Second Causes of Action, for compensatory damages according to proof, but at least $3,370,181;

2.  On the Third Cause of Action, for compensatory damages according to proof but at least $2,246,787;

3.  For prejudgement interest at ten percent per annum from the dates such damages were incurred;

4.  For costs of suit herein; and

5.  For such other and further relief as the court deems just and proper.

LAW OFFICES OF THOMAS J. WEISS

By: _____
Thomas J. Weiss

Attorneys for Plaintiff UNICAL ENTERPRISES, INC., a California corporation

7

CV06-6384 GPS (CTx)

Exhibit 1

Feb 03 04 10:17a     Circuit City Associate     804-527-4860     p.2



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464
804.527.4000

Email:

February 3, 2004

John Cotoggio, EVP
Unical Enterprises
16960 Gale Avenue
City of Industry, CA 91745
USA

The purpose of this letter agreement ("Agreement") is to establish the terms upon which Unical Enterprises will sell and Circuit City Stores, Inc. ("Circuit City") will buy the products set forth on the attached Exhibit 1 ("Products")

**PROGRAM:**
This program is the result of a competitive auction process. The terms of the Circuit City Cordless Phones and Answering Machines #112503 eRFP ("eRFP") are incorporated into and made a part of this Agreement. In the event of any conflict in terms between the eRFP and this Agreement, this Agreement will control.

**TERM:**
The term of the Agreement will begin upon the parties' execution of this Agreement and will end twelve months after first delivery of the Product in accordance with this Agreement. Not withstanding the foregoing, Circuit City may terminate this Agreement, at any time upon 30 days written notice to Vendor.

**PAYMENT TERMS:**
Letter of Credit, with payment terms of FOB 75 days.

**ORDERS:**
All orders will be submitted on Circuit City's purchase order (the "Purchase Order"). All terms and conditions contained in the Purchase Order, including, but not limited to any terms accompanying the Purchase Order or appearing on the reverse side of the Purchase Order form, are specifically included in and made a part of this Agreement, notwithstanding the fact that such terms and conditions may not be transmitted or included with a Purchase Order. Any terms proposed or submitted by Vendor at any time, including but not limited to any provisions or agreements contained in Vendor's franchise agreements, invoices, billing statements, documents used in the ordinary course of filling, accepting or acknowledging orders or other similar documents, will be of no force or effect. In the event of any conflict between the Purchase Order and this Agreement, this Agreement will control.

**FREIGHT:**
Freight will be FOB Hong Kong.

**PRICING/QUANTITY:**
Circuit City shall purchase the Products at the price set forth on Exhibit 1. Any listing of suggested retail price is for point of reference only. Circuit City shall unilaterally establish its own resale prices and terms with respect to the Products.

ircuit City Associate    8  -527-4860    P.3

RETURNS:

Circuit City will return all defective and customer returned product at Supplier's expense for at least 12 months from the last shipment receipt date under this program. Customer returns of product during the warranty period will be considered initial defect and will be returned for full credit (i.e. Circuit City's account balance will be credited for 100% of the invoice price paid for the product), without any obligation by Circuit City to make an offsetting purchase.

Customer returns for reasons of dissatisfaction with performance will be considered defective and returned for credit. Circuit City will make every effort to determine what the defect is at the point of customer return Supplier acknowledging the fact that the customer service representatives in our stores are not technicians. Circuit City will not send product to Supplier for repair and return. All initial defects will be returnable for credit. All return shipments will be sent freight collect.

In addition to any other rights it may have at law or in equity, Circuit City may refuse and/or return, at Vendor's expense, any Products which are (i) goods that are nonconforming with the applicable Purchase Order or the specifications for the Products (as stated in the eRFP) or that are shipped contrary to or not in accordance with the terms of the Purchase Order or any other instruction provided by Circuit City, (ii) shipped in excess of or not covered by the Purchase Order, or (iii) not shipped in standard packaging or containers (collectively "Refused Products"). Circuit City also has the right to refuse and/or return, at Vendor's expense, any Products subject to a Product recall ("Recalled Products."). If Circuit City has made payment to Vendor for the Refused Products or Recalled Products, then, at Circuit City's option, Vendor will credit or refund such payments to Circuit City promptly upon Vendor's receipt of the Refused or Recalled Products, or Circuit City's notice of refusal, whichever occurs first, and any such credit or refund may create a debit balance. In the event a refusal or return of Refused Products or Recalled Products creates a debit balance, such amounts will be payable in accordance with the terms of the section on "Debit Balance" below.

EPIDEMIC FAILURE:

In the event defective returns for the Product exceed a rate of twenty percent (20%) for a specific defect (other than customer dissatisfaction), Circuit City, at its option, may return all inventory of the defective product at the Supplier's expense. The Supplier agrees to refund to Circuit City the invoice amount of such returned inventory within thirty (30) days of Suppliers receipt of the returned product.

WARRANTY:

Vendor agrees to provide a standard product warranty to the original purchaser that the Product is free from defects in materials and workmanship under normal installation, use and service for a period of twelve (12) months from the date of purchase. Vendor agrees to comply in all respects with the Magnuson-Moss Warranty Act (15 U.S.C. Sections 2301 et seq.) and the regulations issued thereunder, as the same may be amended from time to time. Prior to the initial delivery of each Product purchased under the Program, Vendor agrees to deliver to Circuit City at least one copy of all written warranty documents covering the Product.

SUPPLY CHAIN STANDARDS:

Vendor agrees to the terms of Circuit City's Supply Chain Standards ("SCS"), a copy of which has been provided to Vendor and which has been executed on even date herewith. In the event of any conflict between the terms of this Agreement and the terms of the SCS, the terms of this Agreement will control. The remedies set forth in the SCS shall not be exclusive.

PRICE PROTECTION:

For the Product purchased under this program, price protection will be provided on all existing inventories, product in-transit and future orders in the event that the Vendor issues a price decrease. This price protection will be taken as a reduction of Circuit City's account balance with Supplier. In the event any such reduction creates a debit balance, Vendor will make payment of any such amounts in accordance with the paragraph on "Debit Balance" below.

RETURN PROCEDURES:

All Products returned to Vendor for any reason hereunder will be returned in accordance with the procedures established by Circuit City from time to time, including but not limited to procedures for discrepancies in Product quantity and models. No return authorizations will be required. However, in the event Circuit City deems it to be necessary or convenient, Vendor will, upon request by Circuit City, provide a blanket return authorization for all returns hereunder. Without limiting the generality of the foregoing, all returned Products will be packed by Circuit City to avoid damage in transit, but the original packaging is not required. No deduction will be taken or credit memo issued by Vendor for any missing parts unless otherwise specifically agreed by the parties.

DEBIT BALANCE:

In the event Vendor is ever in a debit balance with Circuit City, Vendor agrees to remit payment to Circuit City by certified check or wire transfer within thirty (30) days of Circuit City's notice to Vendor of any such debit balance. A debit balance may result from events including, but not limited to, returns, stock balancing, price protection, or funding items.

INDEMNIFICATION:

Vendor agrees to defend (through counsel reasonably satisfactory to Circuit City), indemnify and hold harmless Circuit City and its affiliates, and their respective directors, officers, employees, agents, successors, and assigns from and against any and all actions, judgments, claims, losses, damages, expenses or costs (including attorneys' fees and costs and expenses of defense) and liabilities which arise out of, relate to or are in any way connected with (i) the sale, resale and/or use or failure of the Products, including without limitation, liability based upon death or injury to any person (including Circuit City employees) or damage to property resulting or arising from or alleged to result or arise from or out of the sale, resale, use and/or failure of the Products, (ii) Vendor's actual or alleged breach of this letter agreement, (iii) Vendor's actual or alleged violation of any of the laws of any governmental entity with respect to the Products, (iv) any representations made by Vendor to Circuit City which Circuit City uses and incorporates into its advertising or upon which Circuit City relies when selling the Products hereunder, or (v) any actual or alleged infringement by Vendor of the intellectual property rights of any third party (additional intellectual property indemnification obligations are included in the eRFP). The terms of this paragraph shall survive the termination of this Agreement.

INSURANCE:

Vendor shall maintain a policy of commercial general liability insurance including products – completed operations coverage, with an insurance carrier authorized to do business in the United States and having a rating of "A", "A-" or better by A.M. Best Company and a Financial Size Category of at least Class VIII, with limits of no less than $2,000,000 per occurrence and $5,000,000 aggregate. Products – completed operations coverage will be maintained during the Program and for at least five (5) years after termination of the Program. Such policies will name Circuit City Stores, Inc. as an additional insured. All certificates will provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to under this Program. A certificate of insurance meeting the above requirements will be delivered to Circuit City (i) prior to the initial delivery of the Products and (iii) upon Circuit City's reasonable request.

Feb 03 04 10:19a        Circuit City Associate        804-527-4860        p.5

**LIMITATION OF LIABILITY:**    IN NO EVENT SHALL CIRCUIT CITY BE LIABLE TO VENDOR FOR ANY LOSS OF PROFITS OR REVENUE OR FOR ANY INCIDENTAL SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES RESULTING FROM ANY PERFORMANCE, NON-PERFORMANCE, BREACH OR TERMINATION OF THIS LETTER AGREEMENT.

**TERMINATION/**
**INVENTORY BUYBACK:**    Either party may terminate the Program immediately without liability or obligation upon written notice to the other party if the other party (i) breaches any term of this Agreement and fails to cure such breach within ten (10) days of such notice, (ii) becomes insolvent, files a petition in bankruptcy, makes an assignment for the benefit of creditors or ceases normal business operations, or (iii) assigns or attempts to assign this Agreement or any of the rights and obligations hereunder without first obtaining consent as required herein. The foregoing termination rights will be in addition to and will not be construed to limit or restrict any other rights Circuit City may have with regard to cancellation, termination, refusal, return or rejection of any order of Products pursuant to this Agreement. Upon termination of the Program for any reason, at Circuit City's election, Vendor shall purchase from Circuit City and Circuit City shall sell and deliver to Vendor all Products then in Circuit City's inventory at the same price as Circuit City paid for such Products.

**CONFIDENTIALITY:**    Prior to this Agreement, Circuit City and Vendor have entered into a nondisclosure and confidentiality agreement (the "Confidentiality Agreement"). The parties acknowledge and agree that the Confidentiality Agreement will apply to all Confidential Information (as defined in the Confidentiality Agreement) disclosed under this Agreement, and further agree that a breach of the Confidentiality Agreement will constitute a breach of this Agreement. The terms of this Section will survive the termination of this Agreement.

**USE OF MARKS**    Vendor hereby grants Circuit City a license to use Vendor's trademarks as found in Vendor's Product literature or as otherwise provided by Vendor, in connection with the promotion and sale of the Products. Vendor warrants that it has the right to grant such license of the Vendor trademarks.

**MISCELLANEOUS:**    Neither party may assign this Agreement, or any of its rights or duties hereunder, without the prior written consent of the other party. This Agreement shall be governed by the laws of the Commonwealth of Virginia (other than its conflicts of laws provisions). All provisions of this Agreement that by their nature should survive the expiration or termination of this Agreement shall survive such expiration or termination. This Agreement, including any documents incorporated herein, constitutes the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes any prior agreements between the parties with respect to such subject matter.

Sincerely,

CIRCUIT CITY STORES, INC.

By: _____

Please sign below to indicate Vendor's acceptance of and agreement to the above terms.

Unical Enterprises:

By: _____  EVP

Name: _JoHn  Cologio_

Date: __2-3-04__

Feb 03 04 10:21a    Circuit City Associate    804-527-4860    p. 7

Exhibit 1

to

Letter Agreement

Dated February 3, 2004

Between

Circuit City Stores, Inc.

and

Unical Enterprises, Inc

| Model # | Product Description | Circuit Invoice | Net Cost | Product Status | Total Qty |
|---------|---------------------|-----------------|----------|----------------|-----------|
| 358004 | 5.8GHz analog cordless | $16.30 | $16.30 | Auction SKU | 42,000 |
| 358074 | 5.8GHz analog w/CID | $20.97 | $20.97 | Auction SKU | 30,000 |
| 358084 | 5.8 GHz w/CID & answerer | $36.64 | $36.64 | Auction SKU | 25,000 |

The Product delivered must match the specifications set forth in the eRFP.

Page 1 of 1

Subj:       Regarding: Bid Confirmation Information to Unical for the Online Negotiation Circuit City NA
            Cordless Phones and Ans Machines 112503 Live
Date:       11/25/03 2:58:12 PM Central Standard Time
From:       ccauctions@circuitcity.com
To:         jcotoggio@aol.com

Contact person at Unical: John Cotoggio

Dear Madam or Sir,

Bid confirmation information for the Online Negotiation Circuit City NA Cordless Phones and Ans Machines 112503 Live, that is provided by Circuit City:

The following are your final bids as they were received from you. Please let us know if there are mistakes or if you have any questions.

Category : Circuit City Cordless Phones FOB Asia
  Subcategory : 2 4 GHz Cordless Phones
    Item : 2 4 GHz Cordless Phones
      2 4 GHz Analog : USD 11.00 101,000 Total Annual Units
      2 4 GHz Analog w CID : USD 14.39 77,000 Total Annual Units
      2 4 GHz Analog w CID and Ans Machine : USD 25.19 61,000 Total Annual Units
      Payment Terms : 75 In Days
  Subcategory : 5 8 GHz Cordless Phones
    Item : 5 8 GHz Cordless Phones
      5 8 GHz Analog : USD 16.30 94,000 Total Annual Units
      5 8 GHz Analog w CID : USD 20.97 67,000 Total Annual Units
      5 8 GHz Analog w CID and Ans : USD 34.64 56,000 Total Annual Units
      Payment Terms : 75 In Days
  Subcategory : Answering Systems
    Item : Answering Systems
      Basic Digital Ans Machine : USD 8.34 80,000 Total Annual Units
      Answering System w Ph Ans : USD 12.48 40,000 Total Annual Units
      Answering System w Ph and CID : USD 15.69 30,000 Total Annual Units
      Payment Terms : 75 In Days

*John Cotoggio*
Ex V. P.
11-26-03



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464
T 804.527.4000

January 27, 2004

John Cotoggio
Unical Enterprises, Inc.
16960 Gale Avenue
City of Industry, CA 91745
USA

**BY TELECOPIER**
**and REGULAR MAIL**
    Re: Letter of Credit
Dear John:
    This letter confirms the agreement between Unical Enterprises, Inc. and Circuit City Stores, Inc. ("Circuit City") related to the purchase of product under a Letter of Credit ("LC"). Circuit City will obtain a LC for the benefit of Senton Enterprises, Ltd. in the amount of $2,179,700.00. This LC will expire on 07/21/2004 unless specifically extended by Circuit City. This LC only applies to product (the "Product") and purchase order numbers listed on the Letter of Credit.
    In exchange for obtaining the LC and purchase of the Products, Unical Enterprises, Inc. agrees that in the event that Circuit City determines that there are shortages in product, defective product, damaged product or the wrong product shipped to Circuit City, Circuit City has the right to offset the invoice cost of such product from any amounts owing Unical Enterprises, Inc. under Circuit City account numbers 786. In the alternative, at Circuit City's option, Unical Enterprises, Inc. must make payment to Circuit City of such amounts within 30 days of notification by Circuit City.
    I am forwarding two copies of this letter by mail. Please have the appropriate authorized Unical Enterprises, Inc.'s representative sign each copy acknowledging acceptance of the above terms and return to me by fax 804-527-4860. Forward one fully executed original to the address above.
                                    Sincerely,

                                    Joan Pinoos

Unical Enterprises, Inc. agrees to the above terms.

By: _____
Title: _____
Date: _____

03/04/2004  18:16   828-505-0578   UNICAL ENT :   PAGE  01



# CERTIFICATION

Thank you for taking the time to thoroughly review the requirements specific to Circuit City direct import vendors contained in the Direct Import Vendor Guide. Circuit City looks forward to a mutually profitable business relationship.

Please sign and return this page to the Circuit City Direct Import Operations group, Attention: Import Operations Manager, 9950 Mayland Drive, Richmond, Virginia 23233-1464, Fax: +1 804.418.8173.

I certify that I have read and understand the procedures contained in the Direct Import Vendor Guide. I understand that my invoices may be subject to certain non-compliance fees for failure to follow such procedures, as more particularly provided in the Direct Import Vendor Guide.

I certify and understand that the Direct Import Vendor Guide is part of my contract with Circuit City for purchase of product. By signing below, I agree to be bound by the Direct Import Vendor Guide and this certification.


UNICAL ENT. Inc
_____
Vendor Corporate Name

_____
Signature of Authorized Representative
of Vendor

JoHN CoTooGio
_____
Printed Name

EXEC. V.P.
_____
Title

3-6-04
_____
Date


Version 2.0 / September 2003
59

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 1501, Los Angeles, California 90067. On October 27, 2006, I served the following document(s) described as **FIRST AMENDED COMPLAINT FOR: (1)   BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; AND, (3)   PROMISSORY ESTOPPEL** on all interested parties to this action, as follows:

☒   by placing ☐ the original ☒ a true copy
thereof enclosed in sealed envelopes addressed as follows:

Peter E. Glick, Esq.
400 Captal Mall, Suite 1100
Sacramento, CA 95814

☒     **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with The Law Firm of Thomas J. Weiss's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☒     **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No.(310) 788-0710 to Fax No. (916) 448-2434 to the attention of Peter E. Glickle. The machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐     **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

☐     [State]     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2006, at Los Angeles, California.


_____
KAREN GENOVA

[PRINT NAME]

_____
[SIGNATURE]

LAW OFFICES OF THOMAS J. WEISS.
1901 AVENUE OF THE STARS • SUITE 1
LOS ANGELES, CALIFORNIA 90067

C:\Program Files\WordPerfect Office X3\Languages\EN\Macros\Custom\Forms\PROOF.WPD

# EXHIBIT "C"

Docket No. 08-56628

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

Unical Enterprises, Inc., a California corporation,

Plaintiff/Appellant,

vs.

Circuit City Stores, Inc.,

Defendant/Appellee.

---

On Appeal from the United States District Court for the
Central District of California, Case No. 2:06-cv-06384-GPS-CT
Honorable George P. Schiavelli, District Judge Presiding

---

## APPELLEE CIRCUIT CITY STORES, INC.'S STATUS REPORT
## SUBMITTED PER COURT'S JANUARY 27, 2014 ORDER

PACHULSKI STANG ZIEHL &
JONES LLP
Richard M. Pachulski (SBN 90073)
Steven J. Kahn (SBN 076933)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Tel:  (310) 277-6910
Fax: (310) 201-0760

Attorneys for Circuit City Stores, Inc.,
Defendant/Appellee

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

On January 22, 2014, Appellee, Circuit City Stores, Inc. ("Appellee") filed a status report (the "January Status Report") before this Court.  In the January Status Report, Appellee advised the Court that a plan of reorganization (the "Plan") had been confirmed in Appellee's chapter 11 bankruptcy case; that Appellee was in the process of preparing a motion (the "Relief Motion") before the Bankruptcy Court (the "Bankruptcy Court") administering its chapter 11 proceeding requesting that the Bankruptcy Court modify the litigation injunction (the "Plan Injunction") imposed by the Plan to permit Appellant herein solely to prosecute this Appeal to conclusion (with any further adjudications required as a result of any such appellate ruling to be made by the Bankruptcy Court); and advising this Court that: "[u]pon entry of an order by the Bankruptcy Court granting such relief, Appellee shall request that this Court enter a briefing schedule in this pending appeal."

The Trustee filed the Relief Motion with the Bankruptcy Court on February 4, 2014.  A true and correct copy of the Relief Motion is attached hereto as Exhibit "A."  Appellant did not oppose the Relief Motion.

On February 26, 2014, the Bankruptcy Court entered its order granting the Relief Motion (the "Relief Order"), a true and correct copy of which is attached hereto as Exhibit "B."  As more fully set forth therein, the Relief Order lifts the Plan Injunction in favor of Appellant solely to the extent necessary to permit

2

prosecution of this Appeal to completion, and further provides that to the extent

that any of Appellant's claims are revived through the Appeal, same shall be

liquidated through the claim objection proceeding presently pending before the

Bankruptcy Court.

Accordingly, Appellee Circuit City Stores, Inc. hereby respectfully requests

that this Court set a briefing schedule in the instant Appeal and, upon completion

of briefing, set the matter for oral argument and adjudication.


Dated: March 10, 2014                    PACHULSKI STANG ZIEHL & JONES
                                         LLP

                                         By:    /s/ Steven J. Kahn
                                                Steven J. Kahn
                                                Attorneys for Defendant/Appellee
                                                Circuit City Stores, Inc. Liquidating
                                                Trust

DOCS_LA:275980.1 12304/003

EXHIBIT "D"

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNICAL ENTERPRISES, INC., a California corporation, | No. 08-56628 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-06384-GPS-CT Central District of California, Los Angeles |
| v. | |
| CIRCUIT CITY STORES, INC., | ORDER |
| Defendant - Appellee. | |

The court is in receipt of the status report.  The briefing schedule is reset as follows: the opening brief is due April 10, 2014.  The answering brief is due May 12, 2014.  The optional reply brief is due within 14 days after service of the answering brief.

For the Court:

MOLLY C. DWYER
Clerk of the Court

Linda K. King
Deputy Clerk
Ninth Cir. R. 27-7/Advisory Note to Rule 27
  and Ninth Circuit Rule 27-10

Lking/3.10.14/Pro Mo

Lking/3.10.14/Pro Mo

EXHIBIT "E"

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNICAL ENTERPRISES, INC., a California corporation, | No. 08-56628 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-06384-GPS-CT Central District of California, Los Angeles |
| v. | |
| CIRCUIT CITY STORES, INC., | ORDER |
| Defendant - Appellee. | |

The court's March 11, 2014, order set the opening brief's due date to April 10, 2014. Court records do not reflect that appellant has filed the opening brief or communicated with the court. Therefore, this case is dismissed pursuant to Ninth Circuit Rule 42-1.

A copy of this order shall act as and for the mandate of this court.

Appellee's motion to dismiss for lack of prosecution is moot.

For the Court:

MOLLY C. DWYER
Clerk of the Court

Linda K. King
Deputy Clerk
Ninth Cir. R. 27-7/Advisory Note to Rule 27
    and Ninth Circuit Rule 27-10

Lking 5.19.14/Pro Mo

Lking 5.19.14/Pro Mo

## CERTIFICATE OF SERVICE

20
I hereby certify under penalty of perjury that on the 6th day of June, 2014, a true and correct copy of the foregoing *MOTION OF ALFRED H. SIEGEL, TRUSTEE, FOR SUMMARY ADJUDICATION DISALLOWING IN FULL CLAIM NO. 6555 FILED BY UNICAL ENTERPRISES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEREMY V. RICHARDS IN SUPPORT THEREOF* was served via CM/ECF or first class mail, postage prepaid, as follows:

See Below at *

/s/     *Lynn L. Tavenner*
Counsel

*

Erik F. Seamster, Esquire
WallacePledger, PLLC
7100 Forest Avenue, Suite 302
Richmond, VA  23226
Thomas J. Weiss, Esquire
Weiss & Hunt
1925 Century Park East, Suite 2140
Los Angeles, CA  90067
Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219