Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the*
*Circuit City Stores, Inc. Liquidating Trust*

*Counsel to Alfred H. Siegel, as Trustee of  the*
*Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**Request for Discovery Scheduling Order for**
**Adjudication of Claims Nos. 3025 and 3852**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to

this proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and Rule

7026-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of

Virginia, Defendant The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established

pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding

General Unsecured Claims, through Alfred H. Siegel, the duly appointed trustee of the Trust (the

"Trustee"), submits the following Request for Discovery Scheduling Order for Adjudication of

Claims Nos. 3025 and 3852 as follows:

**Background**

1.    On or about January 8, 2009 and January 14, 2009, claimants Roy Eisner and Joanne

Eisner (collectively, the "Eisners" and/or "Claimants") filed claims against the debtors, Circuit

City Stores, Inc., *et al.* ("CCS"), for personal injuries in the amounts of $10,000,000 and

$1,000,000 respectively.  Claimants filed their claims as general unsecured, non-priority claims.

The Claims Agent appointed by the Bankruptcy Court designated these claims as claim number

3025 and claim no. 3825 respectively (collectively, the "Eisner Claims").

2.    Mr. Eisner's claim against CCS is for personal injuries allegedly sustained as a result of

being assaulted by a former CCS employee in the parking lot outside of a CCS facility.  Mr.

Eisner claims that he has sustained physical mental injuries, as well as loss of employment.  Mrs.

Eisner's claim against CCS is for loss of consortium arising out of her husband's alleged injuries.

3.    On March 18, 2013, this Court entered an Order Implementing Alternative Dispute

Resolution Procedures for Certain Disputed Claims (the "ADR Order") (Dkt. No. 12855).  The

ADR Order was accompanied by the Alternative Dispute Resolution Procedures for Certain

Disputed Claims (the "ADR Procedures") and a List of Approved Mediators (the "List").

4.    Pursuant to the ADR Order, the Claimants and the Trustee (collectively, the "Parties")

exchanged a limited amount of discovery prior to mediation.  The Parties conferred and chose

Richard L. Wasserman, Esq., of Venable LLP (the "Mediator") from the List to mediate the

Eisner Claims.

5.    The Parties mediated the Eisner Claims on October 8, 2013, but were unable to

consensually resolve the claims.  The mediation was "continued" to allow the Parties to develop

additional facts in aid of mediation.  The Parties, thereafter, exchanged additional document

discovery and conducted a deposition.  The Parties, however, were still unable to consensually

resolve the claims.  Accordingly, at the Trust's request, on August 1, 2014, the Mediator filed his

report with the Court indicating that the Parties had mediated pursuant to the ADR Order but had

not settled or otherwise resolved the matter.

6.   As set forth below, the Trust requests that the Court enter the Discovery Scheduling

Order attached hereto as Exhibit A, or an order in substantially the same form, to allow the

Eisner Claims to be resolved in an efficient and just manner.

### Trust's Request for Discovery Scheduling Order

7.   Pursuant to 28 U.S. Code § 157(b):

> (1) Bankruptcy judges may hear and determine all cases under title 11 and
> all core proceedings arising under title 11, or arising in a case under title
> 11, referred under subsection (a) of this section, and may enter appropriate
> orders and judgments, subject to review under section 158 of this title.
>
> (2) Core proceedings include, but are not limited to—
>
> > (A) matters concerning the administration of the estate;
> >
> > (B) allowance or disallowance of claims against the estate or
> > exemptions from property of the estate, and estimation of claims or
> > interests for the purposes of confirming a plan under chapter 11,
> > 12, or 13 of title 11 but not the liquidation or estimation of
> > contingent or unliquidated personal injury tort or wrongful  death
> > claims against the estate for purposes of distribution in a case
> > under title 11.

8.   Although the Eisner Claims involve claims for alleged personal injuries, this Court has

jurisdiction to enter a Discovery Scheduling Order pursuant to 28 U.S.C. §§ 157 and 1334, as

well as Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Eastern

District of Virginia Bankruptcy Court (the "Local Rules").

9.   Pursuant to 28 U.S.C. § 157(b), consideration of  pre-trial discovery matters is a core

proceeding and well within the scope of  jurisdiction of this Court's jurisdiction. *See In re

Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993) ("[o]ur holding that bankruptcy

judges are not authorized to conduct jury trials does not mean that the bankruptcy court

immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial."); *see also In re Bergman*, 397 B.R. 348, 355 fn.6 (Bankr. E.D. Va. 2008) ( "[a] threshold determination not going to the underlying merits of a [personal injury] claim . . . would appear to fall within a bankruptcy judge's jurisdiction, since it is only the "trial" of the claim that is reserved to the District Court.") .

10.    The Trust submits that this Court is best suited to supervise and oversee discovery for the Eisner Claims.  The Court is knowledgeable about the demands on the Trust and the limited amount of Trust personnel available to facilitate resolution of claims.  All of the relevant Trust personnel are located near to the Court and the Court is already familiar with the relevant proceedings and procedures.  Thus, the Court's supervision of the discovery process will lead to the most time-effective and efficient resolution of the Eisner Claims.

11.    The Trust also respectfully submits that the attached Discovery Scheduling Order will expedite the litigation of the Eisner Claims in the most efficient and just manner possible.  It will also allow the Parties sufficient time to conduct meaningful discovery given the size and scope of the Eisner Claims totaling $11,000,000.  The Trust anticipates, at this time that the following discovery will be necessary to adjudicate the Eisner Claims: depositions of up to five to eight additional fact witnesses, including the Eisners and several third party witnesses, whom will need to be located and subpoenaed; updated document discovery from the Eisners and their physicians as to their medical condition; and expert discovery from medical, psychological, and vocational experts.

12.    Therefore, judicial economy and justice would be best served by expediting the

resolution of the Eisner's Claims by entering the attached Discovery Scheduling Order in order

to advance the resolution of these claims.

Dated: Richmond, Virginia        TAVENNER & BERAN, PLC
      August 25, 2014

                                 /s/ Lynn L. Tavenner
                                 Lynn L. Tavenner (VA Bar No. 30083)
                                 Paula S. Beran (VA Bar No. 34679)
                                 20 North Eighth Street, 2nd Floor
                                 Richmond, Virginia 23219
                                 Telephone: (804) 783-8300

                                             - and –

                                 KELLEY DRYE & WARREN LLP
                                 Nicholas J. Panarella, Esq.
                                 Martin A. Krolewski, Esq.
                                 (admitted *pro hac vice*)
                                 101 Park Avenue
                                 New York, New York 10178
                                 Telephone: (212) 808-7800
                                 Telecopy:   (212) 808-7897

                               *Counsel to Plaintiff, Alfred H. Siegel, Trustee of the*
                               *Circuit City Stores, Inc. Liquidating Trust*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2014, a copy of the foregoing Request for Discovery Scheduling Order for Adjudication of Claims Nos. 3025 and 3852 was mailed first class mail, postage pre-paid to the following persons listed below:

Marshall E. Kresman, Esq.
Marshall Kresman & Associates
Suite 103 Constitution Building
1950 Street Road
Bensalem, PA 19020

Kevin Funk, Esq.
Durrette Crump Plc
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219

   /s/ Lynn L. Tavenner

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**


| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |


## <u>DISCOVERY SCHEDULING ORDER</u>

On or about January 8, 2009 and January 14, 2009, claimants Roy Eisner and

Joanne Eisner (collectively, the "Eisners" and/or "Claimants") filed claims against the Debtors,

Circuit City Stores, Inc., *et al.* ("Debtors"), for personal injuries in the amounts of $10,000,000

and $1,000,000 respectively.  Claimants filed their claims as a general unsecured, non-priority

claim.  The Claims Agent appointed by the Court designated these claims as claim number 3025

and claim no. 3825 (collectively, the "Eisner Claims").

Counsel for the Claimants and Debtors ("Parties") attended a scheduling

conference held by the Court on August 27, 2014.

IT IS ORDERED that the following discovery schedule is established in this

contested matter in connection with the Eisner Claims.  Failure to comply with this Order shall

result in appropriate sanctions.

1.      The Parties shall serve initial written discovery requests by September 22,

2014.  The Parties may serve additional written discovery requests thirty days prior to the close

of fact discovery.

2.      The Parties will use best efforts to provide all non-privileged documents responsive to the initial discovery requests by October 22, 2014.

3.      Depositions shall commence on November 15, 2014, and shall be governed by Rule 30 of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure.

4.      The Parties are entitled to take third party discovery on the same schedule as Party fact discovery.

5.      All fact discovery will conclude on January 30, 2015.

6.      The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (made applicable to this matter pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure) no later than February 27, 2015.

7.      Any Party's expert report intended to rebut any other expert report shall be served no later than March 27, 2014.

8.      All expert depositions shall be completed on or before April 30, 2015.

9.      The Court shall hold a status conference on a date after April 30, 2015 to be determined in consultation with the Court, with respect to the venue for any dispositive motions and a trial.

10.     Should a settlement be reached, counsel for the Parties shall promptly file any motion required by Rule 9019 of the Federal Rules of Bankruptcy procedure for approval of the settlement.

11.     It is the responsibility of all counsel for the Parties to be thoroughly acquainted with and follow the procedures set forth in the statutes, the national and local bankruptcy rules, and the requirements of the judge.

12.     The Clerk shall forward a copy of this order to all counsel of record.

13.     This schedule is without prejudice to any Party seeking leave of the Court to adjust the discovery dates set forth herein as warranted.

SO ORDERED: _____

_____
UNITED STATES BANKRUPTCY JUDGE