Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700

Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: (310) 277-6910

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300

*Counsel to Plaintiff Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

## MOTION FOR ENTRY OF AN ORDER (I) REQUIRING THAT CERTAIN DOCUMENTS BE FILED UNDER SEAL AND (II) PROVIDING FOR PROCEDURES PROTECTING CONFIDENTIAL INFORMATION AND MEMORANDUM IN SUPPORT THEREOF

The Circuit City Stores, Inc. Liquidating Trust (the "Trust") of the above referenced debtors (the "Debtors"), through its Trustee, Alfred H. Siegel, hereby moves the Court (the "Motion") for entry of an order, pursuant to § 107(b)(1) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the Trust and other parties to file certain documents under seal, requiring that any response or other document filed in connection with such document under seal also be filed under seal, and providing for procedures protecting confidential information. In support of this Motion, the Trust represents the following facts to the Court:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Action referenced herein was commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and is a core proceeding under 28 U.S.C. § 157(b).

## GENERAL CASE BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. ("InterTAN Canada") (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act*. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

3. On September 10, 2010, the Court issued its Findings of Fact, Conclusions of Law and Order (the "Confirmation Order") Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").

2

Among other matters provided for in the Confirmation Order, in paragraphs 11-16 thereof, a Liquidating Trust is established to effectuate the Joint Plan, and for the benefit of creditors, to collect, administer, distribute and liquidate the assets of the Debtors' estates that are to be transferred to the Liquidating Trust on the Effective Date in accordance with the Plan and Liquidating Trust Agreement.

4. The Plan became effective on November 1, 2010, and pursuant to the Plan and Liquidating Trust Agreement approved therewith, the Trust assumed the right and responsibility to liquidate the Debtors' remaining assets, including the prosecution of Causes of Action and objections to claims, and to distribute the proceeds to satisfy the allowed claims of creditors.  (*See, e.g.*, Plan, Article V, F. 6(c)(ii) with respect to objections to claims).

## RELIEF REQUESTED

5. By this Motion, the Trust seeks to file under seal its proposed settlement agreement (the "Agreement") with Sony Electronics Inc. ("Sony"), which is an exhibit to Trust's intended motion for approval thereof under Federal Rules of Bankruptcy Procedure 9019 (the "9019 Motion").  The Agreement contains proprietary and confidential information including, but not limited to, the dollar amount and terms of a settlement of certain claims that have been and might be brought on behalf of the Debtors against Sony (the "Confidential Information").  The Trust and Sony wish to ensure that such Confidential Information disclosed in this proceeding will not be used for any purpose other than in connection with the 9019 Motion.

6. Prior to the commencement of the Debtors' bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers,

3

camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics. Sony had prior business dealings with the Debtors for many years. Many of the business terms between Sony and the Debtors were confidential and/or proprietary.

7. On November 9, 2010, the Trust filed an action (the "Action") against Sony and Credit Suisse Loan Funding, LLC ("Credit Suisse")[2], in which the Trust (1) seeks to avoid and recover preferential payments in the aggregate amount of $124,410,811 that Sony received from Circuit City Stores, Inc. and its affiliated debtors during the ninety-days preceding the filing of the Debtors' chapter 11 cases on November 10, 2008, (2) seeks to recover vendor funding credits/unpaid obligations (consisting of various chargebacks, billbacks, and similar claims ) in the amount of $72,845,900, (3) asserts objections to reduce Sony's $42,510,747 Section 503(b)(9) claim and $16,059,231 general unsecured claim (the "Sony Claims"), and (4) seeks to offset and/or recoup the Credits against the Sony Claims.

8. Sony believes that it has valid defenses to the claims asserted by the Trust in the Action. To avoid the uncertainties and expense associated with further litigation, the Parties have, with the assistance of counsel, engaged in good faith, arm's length settlement negotiations, and after a careful investigation of the facts and circumstances and consideration of applicable law, have agreed to a fair, reasonable, and good faith settlement, the terms of which are set forth in the Settlement Agreement that is the subject of the 9019 Motion.

9. The settlement resolves all claims between and among the Trust and Sony, except for pending and potential antitrust claims, including those asserted in multi-district litigation pending in the United States District Court for the Northern District of California.

---

[2] In February, 2009, Credit Suisse purchased the claims filed by Sony against the Debtors, and was engaged in the action only with respect to the Trust's objections and attempts to offset against the claims. Sony repurchased the claims from Credit Suisse just prior to entering into the settlement set forth in the Settlement Agreement.

4

10. An integral component of the Settlement Agreement is the requirement that the Settlement Agreement remain confidential.

11. The Trust will be filing the 9019 Motion to seek Court approval of the Agreement.  Because the Trust understands that the Court and other parties in interest may not be able to fully evaluate the Trust's request in the 9019 Motion without first reviewing the Agreement, the Trust is proposing the entry of a protective order which would allow appropriate parties in interest to review the Agreement while still protecting the Confidential Information.

12.  Any party who holds a pending or allowed claim against these bankruptcy estates may obtain a copy of the Agreement by executing the Commitment of Qualified Person Pursuant to Protective Order (attached as Exhibit 1 to the proposed order appended hereto as Exhibit A) (a "Qualified Person"), and submitting it with a written request to Andrew Caine, counsel for the Trust, at acaine@pszjlaw.com, with a copy to Peter Barrett, counsel for Sony, at peter.barrett@kutakrock.com.

## BASIS FOR RELIEF

13. Pursuant to § 107(b) of the Bankruptcy Code, on request of a party in interest, a bankruptcy court "*shall* . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. §107(b) (emphasis added). Consistent with § 107(b), Federal Rule of Bankruptcy Procedure 9018 states that "[o]n motion . . . the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

14. Upon a finding that information sought to be protected is a "trade secret or confidential research, development, or commercial information," § 107(b) mandates that the

5

bankruptcy court enter appropriate order(s) to protect the interested party. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (citation omitted). In *Orion Pictures Corp.*, the Second Circuit Court of Appeals held that an interested party "had to show only that the information it sought to seal was 'confidential' and 'commercial' in nature." *Id*. Commercial information is defined broadly as "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Id*. at 27 (quoting *Ad Hoc Protective Comm. For 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp*.), 17 B.R. 942, 944. (B.A.P. 9th Cir. Cal. 1982)). At least one court within the Fourth Circuit has followed the Second Circuit's application of § 107(b), including the Second Circuit's definition of "commercial information." *See In re Georgetown Steel Co.*, 306 B.R. 542, 546 (Bankr. D.S.C. 2004).

    15.  The Confidential Information includes "commercial information" as that term is used in § 107(b) and Rule 9018. Due to the confidential and/or proprietary and sensitive nature of the information contained in the Settlement Agreement, the Trust respectfully submits that good cause exists for the relief requested. Many of the business terms between Sony and the Debtors were confidential and/or proprietary. The proposed settlement is a compromise of the parties' positions with respect to the application of these confidential terms, and as a result, public access to the terms would be detrimental to the proprietary interests of Sony and the Trust. In addition, the proposed settlement is a compromise of the parties' litigation positions and strategies with respect to virtually identical issues that the Trust faces in the other pending adversary proceedings, and as a result, public access to the details of the settlements and the Trust' approach to compromise of these underlying issues could give opposing parties an unfair advantage over the Trust in the remaining litigation. In sum, preserving the confidentiality of the

6

Settlement Agreement and compromise terms is important to the Trust's efforts to return the highest possible value from the litigation for the benefit of creditors of these bankruptcy estates.

16. Pursuant to this Court's CM/ECF Policy 6 -- Sealed Documents, revised as of November 21, 2011, copies of the Settlement Agreement will be provided in a sealed envelope for *in camera* review if so requested by the Court. The proposed order attached hereto provides that upon entry, the documents ordered sealed will be filed by the Trust electronically, using the sealed document docketing event in the Court's ECF system.

17. The Trust proposes to serve this Motion upon Sony and all parties receiving this document electronically through the Court's ECF system. The Trust submits that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Liquidating Trust requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an Order in the form attached hereto as Exhibit A and grant the Trust such other and further relief as the Court deems appropriate.

DOCS_LA:281436.2 12304/003

| | |
|---|---|
| Dated: Richmond, Virginia<br>September 25, 2014 | TAVENNER & BERAN, PLC<br><br>*/s/ Lynn L. Tavenner*<br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>   - and –<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>(admitted *pro hac vice)*<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br><br>   - and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>*Counsel to the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

**EXHIBIT A**

**(Proposed Order)**

DOCS_LA:281436.2 12304/003

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700

Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: (310) 277-6910

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300

*Counsel to Plaintiff Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING THAT CERTAIN DOCUMENTS BE FILED
UNDER SEAL AND (II) PROVIDING FOR PROCEDURES
PROTECTING CONFIDENTIAL INFORMATION**

This matter coming before the Court on the Trust's Motion For Entry Of An Order (I) Requiring That Certain Documents Be Filed Under Seal And (II) Providing For Procedures Protecting Confidential Information And Memorandum In Support Thereof (the "Motion") filed by the Circuit City Stores, Inc. Liquidating Trust (the "Trust"); the Court (a) having reviewed the Motion and all pleadings relating thereto and (b) having heard the statements of counsel

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the Hearing (and the proposed order) was adequate under the circumstances; and (d) the Confidential Information (as such term is defined in the Motion) is confidential commercial information entitled to protection under § 107(b)(1) of the Bankruptcy Code (the "Bankruptcy Code") as requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish entitlement to the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. All capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

3. The Confidential Information, including but not limited to the Agreement and all pleadings filed referencing aspects of the Agreement, except for the 9019 Motion, shall be filed with the Court under seal and shall be held by the Clerk of the Bankruptcy Court under seal until 30 days after this Court's decision on the 9019 Motion has been entered and the appeal period has expired, at which time it shall be destroyed. If an appeal is taken, destruction of the Confidential Information shall be addressed by further order of this Court.

4. Any party who currently holds a pending or allowed claim against these bankruptcy estates may obtain a copy of the Agreement by executing the Commitment of Qualified Person Pursuant to Protective Order (attached hereto as Exhibit 1) (a "Qualified Person"), and submitting it with a written request to Andrew Caine, counsel for the Trust, at acaine@pszjlaw.com, with a copy to Peter Barrett, counsel for Sony, at

2

peter.barrett@kutakrock.com.

5. (a) Confidential Information may be used, disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only in connection with the 9019 Motion and only by the following persons:

(i) a Qualified Person and its counsel who are assisting in the review of the 9019 Motion;

(ii) experts or consultants and their employees and clerical assistants, retained by a Qualified Person for the purpose of testifying or rendering assistance or providing opinions in regard to the 9019 Motion;

(iii) the Trust and its counsel;

(iv) Sony and its counsel;

(v) the Court and its employees and staff and supporting personnel;

(vi) any other person only upon order of the Court or upon written stipulation of the Trust and that party.

(b) Confidential Information may only be provided to persons listed in Paragraph 5(a)(ii) above to the extent that it will assist such expert or consultant to prepare a written opinion, to prepare to testify, to testify, or to assist counsel in the investigation and litigation of the 9019 Motion, provided that such expert or consultant is using Confidential Information solely in connection with the 9019 Motion, and further provided that such expert or consultant signs a commitment, in the form attached as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for purposes of enforcing this Protective Order, and agreeing not to disclose or use any

3

Confidential Information for purposes other than those permitted by this Protective Order. Such commitments shall be retained in the files of the counsel for the party employing the expert.

    (c) Every person given access to Confidential Information or information it contains shall first be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to its terms. All persons listed in Paragraph 5(a) above, who are given access to Confidential Information or information that it contains, shall also be provided a copy of this Protective Order.

  6. Each party shall be entitled to seek modification of this Protective Order, for good cause shown, by attempting to obtain the other parties' consent to such modification, and then, absent consent, by application to this Court. This remedy includes the right to seek a determination that documents or information are not confidential commercial information.

  7. After the final determination of the 9019 Motion, the provisions of the Order shall continue to be binding upon all Qualified Persons, their employees and all others subject to this Order.

Dated: _____
  Richmond, Virginia

_____
The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

4

DOCS_LA:281436.2 12304/003

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Robert J. Feinstein, Esq.
(admitted *pro hac vice)*
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700

Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760

*Counsel for the Circuit City Stores, Inc.*
*Liquidating Trust*

# CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

5

DOCS_LA:281436.2 12304/003

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[2] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**COMMITMENT OF QUALIFIED PERSON
PURSUANT TO PROTECTIVE ORDER**

I affirm my understanding (i) that Confidential Information is being provided to me pursuant to the terms and restrictions of the Order (I) Authorizing That Certain Documents Be Filed Under Seal And (II) Providing For Procedures Protecting Confidential Information (the "Order") entered by the United States Bankruptcy Court for the Eastern District of Virginia in the case captioned, *In re Circuit City Stores, Inc., et al.,* Case No. 08-35653-KRH, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be bound by the Order, and I hereby submit to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Virginia for the purposes of enforcement of the Order. I understand that a violation of the Order is punishable as a contempt of Court.

Date: _____          _____
                                                         Signature

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

6