Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
New York, NY 10017
Telephone: (212) 561-7700

Andrew W. Caine, Esq.                         Lynn L. Tavenner, Esq. (VA Bar No. 30083)
(admitted *pro hac vice*)                     Paula S. Beran, Esq. (VA Bar No. 34679)
PACHULSKI STANG ZIEHL & JONES LLP             TAVENNER & BERAN, PLC
10100 Santa Monica Boulevard, 13th Floor      20 North Eighth Street, 2nd Floor
Los Angeles, California 90067-4003            Richmond, Virginia 23219
Telephone: (310) 277-6910                     Telephone: (804) 783-8300

*Counsel to Plaintiff Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
|           | ) |

**MOTION FOR ENTRY OF AN ORDER APPROVING**
**SETTLEMENT BETWEEN THE CIRCUIT CITY STORES, INC.**
**LIQUIDATING TRUST AND SONY ELECTRONICS INC.**

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trust"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), hereby moves (the

"<u>Motion</u>") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A**,

approving a settlement between the Trust, on the one hand, and Sony Electronics Inc. ("Sony"), on

DOCS_LA:281435.2 12304/003

the other hand, as reflected in an agreement (the "Settlement Agreement")[1], dated September 22,

2014,  and attached hereto as **Exhibit B** and filed under seal[2].  In support of the Motion, the Trust

respectfully states as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is Section 105 of chapter 11 of title

11 of the United Sates Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rule of

Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

### *General Background*

5.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in

this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the

Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and

1108.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Agreement.

[2] The Trustee has concurrently filed a Motion for Entry of an Order (I) Requiring that Certain Documents be Filed Under Seal and (II) Providing for Procedures Protecting Confidential Information, which seeks to file the Settlement Agreement under seal, and provides for procedures for interested parties to obtain access to the sealed document.

DOCS_LA:281435.2 12304/003

6.      On November 12, 2008, the Office of the United States Trustee for the Eastern

District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors'

Committee").

7.      On January 16, 2009, the Court authorized the Debtors to, among other things,

conduct going out of business sales at all of the Debtors' retail locations.  On January 17, 2009,

going out of business sales commenced at all of the Debtors' retail locations, and were completed as

of March 8, 2009.

8.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which

provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under

chapter 11 of the Bankruptcy Code. On September 10, 2010, the United States Bankruptcy Court,

Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order").  The

Plan became effective on November 1, 2010 (the "Effective Date").

9.      Pursuant to the Liquidating Trust Agreement approved by the Confirmation Order,

approval of the Court is required for potential settlements of (i) Causes of Action with damage

claims over $10,000,000 and (ii) claims with a face value in excess of $20,000,000.

### Background Regarding Litigation between the Trust and Sony

10.      On November 9, 2010, the Trust filed an action (the "Action") against Sony and

Credit Suisse Loan Funding, LLC ("Credit Suisse")[3], in which  the Trust, among other relief, (1)

seeks to avoid and recover preferential payments in the aggregate amount of $124,410,811 that Sony

received from Circuit City Stores, Inc. and its affiliated debtors (collectively, the "Debtors" or

"Circuit City") during the ninety-days preceding the filing of the Debtors' chapter 11 cases on

---

[3] In February, 2009, Credit Suisse purchased the claims filed by Sony against the Debtors, and was engaged in the action only with respect to the Trust's objections and attempts to offset against the claims.  Sony repurchased the claims from Credit Suisse just prior to entering into the settlement set forth in the Settlement Agreement. In accordance with Bankruptcy Rule 3001(e)(2), Sony shall be substituted for Credit Suisse as the owner and holder of the Sony Claims.

DOCS_LA:281435.2 12304/003

November 10, 2008, (2) seeks to recover vendor funding credits/unpaid obligations (consisting of various chargebacks, billbacks, and similar claims, collectively referred to herein as "Credits")) in the amount of $72,845,900, (3) asserts objections to reduce Sony's $42,510,747 Section 503(b)(9) claim and $16,059,231 general unsecured claim (collectively, the "Sony Claims"), and (4) seeks to offset and/or recoup the Credits against the Sony Claims.

11.    Sony believes that it has valid defenses to the claims asserted by the Trust in the Action. To avoid the uncertainties and expense associated with further litigation, the parties have, with the assistance of counsel, engaged in good faith, arm's length settlement negotiations, and after a careful investigation of the facts and circumstances and consideration of applicable law, have agreed to a fair, reasonable, and good faith settlement, the terms of which are set forth in the Settlement Agreement.

12.    The settlement resolves all claims between and among the Trust and Sony, except for pending and potential antitrust claims, including those asserted in multi-district litigation pending in the United States District Court for the Northern District of California.

### Relief Requested

13.    By this Motion, the Trust seeks entry of an order authorizing it, pursuant to Bankruptcy Rule 9019(a), to enter into the Settlement Agreement with Sony that is attached hereto as Exhibit B (filed under seal). Pursuant to the requirements of the Liquidating Trust Agreement, the Oversight Committee established pursuant to the Plan has approved the terms of the Settlement Agreement.

### The Motion Should be Approved as a Compromise and Settlement Under the Standards Provided for by Bankruptcy Rule 9019(a)

14.    Courts within this Circuit look to the following factors in assessing the reasonableness of proposed settlements:

4

(1)  the probability of success in litigation;

(2)  the difficulties associated with collection;

(3)  the complexity of the litigation, and the attendant expense, inconvenience and delay; and

(4)  the paramount interests of the creditors.

*See*, *e.g.*, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *United States ex. rel. Rahman v. Oncology Assoc., P.C.*, 269 B.R. 139, 152 (D. Md. 2001); *In re Frye*, 216 B.R. 166, 174 (E.D. Va. 1997).

15.    The central factor in evaluating a proposed settlement is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See In re Bond*, No. 93-1410, 1994 WL 20107 at *3 (4th Cir. Jan. 26, 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'").

16.    A settlement need not be the best that the debtor could have achieved to be approved, but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

17.    Here, the Trust submits that approval of the Settlement Agreement is warranted as described below because the Settlement Agreement represents a compromise that is fair and equitable, falls well within the range of reasonableness, and satisfies the standards for approval under applicable law. The Settlement Agreement is the product of extensive negotiations between the Trust and Sony following protracted pre-trial discovery that was conducted by the parties in the run-up to the trial in the Action that was scheduled to begin on September 15, 2014.

5

18.     The Trust and its counsel, aided by information from expert consultants retained for

the Action, and after having conducted thorough document discovery and taken and/or defended

depositions, and or interviewed all material witnesses in this matter, have evaluated the relative

merits of the case and all other factors which concern the evaluation of the settlement.

19.     Sony has raised numerous defenses both with respect to the viability of the Trust's

claims and relief requested in the Action.  In particular, Sony asserts as follows:

    a.  Preferential Transfers – Sony asserts that it has no potential preference exposure

because (i) the new value defense (Section 547(c)(4)) alone reduces any potential preference

exposure to less than $3 million, (ii) each of the ordinary course of business (Section 547(c)(2)(A))

and ordinary business terms (Section 547(c)(2)(B) defenses result in no potential preference

exposure because the timing of the Debtors' preference period payments was virtually identical to

the Debtors' historical payments, and (iii) as stated in its submitted expert report, the combination of

the three defenses removes any chance of preference exposure.  The Trust concedes that the new

value defense reduces Sony's potential exposure to approximately $54 million. The Court issued a

partial summary adjudication that Sony may not use its $40 million of Section 503(b)(9) claim

invoices as new value; Sony has indicated it intends to appeal this ruling.  The Trust challenges

Sony's arguments under Section 547(c)(2), suggesting that Sony has substantial potential preference

exposure after the application of these defenses.

    b.  Credits – Sony contests (i) the Trust's ability to prove that the asserted credit claims

met the performance criteria of the various funding programs, (ii) the enforceability of the credit

claims based on language in a rider to the parties' Dealer Agreement and various program letters that

precludes use of some or all of the credit claims following cessation of the Debtors' business or

otherwise, and (iii) the timeliness of the Trust's assertion of the credit claims, based on a limitations

6

provision in the parties' Dealer Agreement.  The Trust disagrees with all of Sony's assertions, and

obtained a ruling of partial summary adjudication that the Trust may, at least, use the doctrine of

recoupment to assert potential credit claims as an offset against the Sony Claims.  Sony has indicated

that intends to appeal the Court's ruling on this issue.

        c.  <u>Claim Objections</u> – The parties' positions with respect to the validity and amount

of the Sony Claims are not dissimilar.  In their Joint Stipulation of Facts, the parties reached

agreement as to the amounts of the Sony Claims as follows: (i) Section 503(b)(9) - $41,405,000 and

(ii) GUC - $15, 455,606.   However, the parties disputed whether the Trustee may use the

$7,878,981 of valid Circuit City prepetition credits applied by Sony to reach the net amount of

Sony's GUC as an offset against Sony's Section 503(b)(9) claim instead.  The settlement described

in this Motion was reached before the Court heard the Trust's motion for partial summary judgment

on this issue.

     20.    The risks in litigating are real.  The Trust has assessed the potential litigation risks in

light of the potential advantages of both litigation and settlement in reaching the proposed

settlement.  If Sony prevails on all of its arguments, then the Trust would get no recovery from the

Action and would be responsible to pay the substantial Sony Claims.

     21.    This leads to the next consideration supporting the Settlement Agreement, *i.e.*, that

litigation would be very fact-intensive and accordingly protracted and expensive.  Each side has

spent a significant sum – particularly when the very high cost of experts is included.  The trial was

projected to last at least seven trial days, in preparation for which and during trial, both parties would

incur extensive costs in preparing numerous witnesses and experts and conducting an evidentiary

trial.  The likely appeal of the trial judgment to the district court and Fourth Circuit would result in

DOCS_LA:281435.2 12304/003

substantial additional time and expense.  Approval of the settlement avoids the incurrence of these expenses.

22.     In considering the factors discussed in the case law described above, it is respectfully submitted that the Settlement Agreement satisfies the relevant factors:

a.      In light of the risk of taking the matter to trial, the Trust submits that the benefits of the settlement outweigh the risk, expense and delay of trial;

b.      In the event the settlement is not approved, there is a prospect of a complex and protracted litigation;

c.      The Oversight Committee representing the beneficiaries of the Trust has approved the settlement;

d.      The Trust submits that the proposed benefit to be received through the disallowance of the Sony Claims represents a material benefit to the Trust;

e.      The nature and breadth of the release contemplated in the Settlement Agreement is reasonable and consistent with settlements of this type.

f.      All parties to the settlement are represented by competent and experienced counsel.

23.     The Settlement Agreement was the result of protracted arms-length bargaining, and was not the product of any fraud or collusion.  *See Protective Comm. for Indep. Stockholders v. Anderson*, 390 U.S. 414, 424-425 (1968).

24.     For the foregoing reasons, the Trust respectfully submits that the Settlement Agreement represents a fair and equitable compromise, a sound exercise by the Trustee of his business judgment and a decision that is in the best interest of the beneficiaries of the Trust.

**Notice of Motion**

25.     Notice of this Motion will be given to parties-in-interest in accordance with the Case Management Order.  The Trust submits that no other or further notice is required.

DOCS_LA:281435.2 12304/003

## No Previous Request for Relief

26.      No previous motion for the relief requested herein has been made to this or any other

court.

## Waiver of Separate Memorandum of Law

27.      Pursuant to Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court

for the Eastern District of Virginia, and because there are no novel issues of law presented in the

Motion and all applicable authority is set forth in the Motion, the Trust respectfully requests that the

requirement that all motions be accompanied by a separate written memorandum of law be waived.

## Conclusion

28.      For the foregoing reasons, the Trust respectfully submits that the Settlement

Agreement represents a fair and equitable compromise, a sound exercise by the Trustee of his

business judgment and a decision that is in the best interest of the beneficiaries of the Trust.

Certainly, the Settlement Agreement is well above the lowest point on the range of reasonableness.

Accordingly, the Trust respectfully submits that the Court should approve the compromise as

embodied in the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).


[*remainder of page left intentionally blank*]

DOCS_LA:281435.2 12304/003

WHEREFORE, for the reasons set forth herein, the Trust respectfully requests the Court to

enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement

Agreement and granting such other and further relief as is just and proper.

Dated: Richmond, Virginia

September 25, 2014

By: _____*/s/ Lynn L. Tavenner*_____
  Lynn L. Tavenner, Esq. (VSB No. 30083)
  TAVENNER & BERAN, PLC
  20 North Eighth Street, Second Floor
  Richmond, VA  23219
  (804) 783-8300

  -and-

  Robert J. Feinstein, Esq.
  (admitted *pro hac vice)*
  PACHULSKI STANG ZIEHL & JONES LLP
  780 Third Avenue, 34th Floor
  New York, NY 10017
  Telephone: (212) 561-7700

   - and -

  Andrew W. Caine, Esq.
  (admitted *pro hac vice*)
  PACHULSKI STANG ZIEHL & JONES LLP
  10100 Santa Monica Boulevard, 13th Floor
  Los Angeles, California 90067-4100
  Telephone: (310) 277-6910

  *Counsel to the Circuit City Stores, Inc. Liquidating
  Trust*

10

**EXHIBIT A**

11

Robert J. Feinstein, Esq.
(admitted *pro hac vice)*
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
New York, NY 10017
Telephone: (212) 561-7700

Andrew W. Caine, Esq.                      Lynn L. Tavenner, Esq. (VA Bar No. 30083)
(admitted *pro hac vice)*                  Paula S. Beran, Esq. (VA Bar No. 34679)
PACHULSKI STANG ZIEHL & JONES LLP          TAVENNER & BERAN, PLC
10100 Santa Monica Boulevard, 13th Floor   20 North Eighth Street, 2nd Floor
Los Angeles, California 90067-4003         Richmond, Virginia 23219
Telephone: (310) 277-6910                  Telephone: (804) 783-8300

*Counsel to Plaintiff Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**ORDER APPROVING SETTLEMENT BETWEEN THE CIRCUIT CITY STORES, INC.
<u>LIQUIDATING TRUST AND SONY ELECTRONICS INC.</u>**

Upon the motion (the "Motion") of Alfred H. Siegel (the "Trustee"), the duly appointed

trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") for the entry of an order (the

"Order") approving the Settlement Agreement[4] with Sony Electronics Inc. ("Sony"); it appearing

that the relief requested in the Motion is in the best interests of the beneficiaries of the Trust; the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core

---

[4]Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

12

DOCS_LA:281435.2 12304/003

proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409; proper notice of the Motion having been provided to all necessary and

appropriate parties, and no further notice being necessary; and after due deliberation and sufficient

cause appearing therefor, it is hereby **ORDERED, ADJUDGED and DECREED** that

1.      The Motion is hereby granted in its entirety.

2.      The Settlement Agreement is hereby approved.  The Court finds that approval of the

Settlement Agreement serves the best interest of the beneficiaries of the Trust.  After considering (a)

the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the

complexity of the litigation involved and the expense, inconveniences and delays necessarily

attending it; and (d) the paramount interest of the creditors, the Court finds that the Settlement

Agreement is fair and equitable, and hereby approves the Trust's exercise of its business judgment to

enter into and perform under the Settlement agreement.

3.      In accordance with Bankruptcy Rule 3001(e)(2), Sony is hereby substituted for Credit

Suisse as the owner and holder of Claim No. 914 and Claim No. 4139.

4.      The Trust and Sony are hereby authorized and directed to take any and all actions and

execute any and all documents necessary to effectuate the Settlement Agreement.

5.      The terms and conditions of this Order shall be immediately effective and enforceable

upon its entry.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the

implementation of this Order.

Dated: _____            _____
        Richmond, Virginia                     Honorable Kevin R. Huennekens
                                               United States Bankruptcy Judge

13

We ask for this:

_____

TAVENNER & BERAN, PLC
Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, VA 23219
Telephone: (804) 783-8300
ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.  (admitted *pro hac vice)*
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700

Andrew W. Caine, Esq. (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4100
Telephone: (310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

Seen and agreed:

/s/
_____

KUTAK ROCK LLP
Peter J. Barrett (VSB No. 46179)
Timothy S. Baird (VSB No. 36315)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
peter.barrett@kutakrock.com
tim.baird@kutakrock.com

FRIEDMAN KAPLAN SEILER & ADELMAN LLP
Eric Seiler (admitted *pro hac vice*)
Andrew W. Goldwater (admitted *pro hac vice*)
Emily L. Chang (admitted *pro hac vice*)
7 Times Square
New York, New York 10036-6516
(212) 833-1100
*Counsel for Sony Electronics Inc.*

14

Seen and agreed as to paragraph 3 only:

/s/
BLANKENSHIP & KEITH, P.C.
David G. Gogal (VSB No. 28815)
Jeremy B. Root (VSB No. 65885)
4020 University Dr. Ste. 300
Fairfax, VA 22030
(703) 691-1235
dgogal@bklawva.com
jroot@bklawva.com

COHEN TAUBER SPIERACK & WAGNER, P.C.
Leo L. Esses (admitted *pro hac vice*)
420 Lexington Avenue, Suite 2400
New York, NY 10170

*Counsel for Credit Suisse Loan Funding, LLC*

## CERTIFICATION OF ENDORSEMENT

I hereby certify under penalty of perjury that pursuant to Local Rule 9022-1, all necessary parties have endorsed this Stipulation.

September __, 2014
                    Richmond, Virginia                                  _____

**EXHIBIT B**

**(filed under seal)**

16