Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

- and –

Robert J. Feinstein, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Liquidating Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - x | | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | 1Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| - - - - - - - - - - - - - - | : | Jointly Administered |
| | x | |

STIPULATION RESOLVING CLAIMS OF INTERNAL REVENUE SERVICE
(Liquidating Trust's Eighteenth Omnibus Objection)
(Claim #s 11845, 14816 and 11847)

THIS MATTER having come before the Court[1] on the *Liquidating Trust's Eighteenth*

*Omnibus Objection to Claims Filed by Taxing Authorities (Reduction of Certain Partially Invalid*

*Claims; Disallowance of Certain Invalid Claims; Disallowance of Certain Duplicate Claims;*

*Reclassification of Certain Claims; Disallowance of Certain Amended or Superseded Claims;*

*Disallowance of Certain Late Filed Claims; Disallowance or Reduction of Certain Invalid Claims;*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*and Fixing the Amount of Certain Claims)* (the "Objection"), which requested, among other things, that the claims specifically identified in the Objection be fixed, reduced or disallowed, as applicable, for those reasons set forth in the Objection; and it appearing that the Internal Revenue Service ("IRS") appeared and responded to the Objection and objected to the requested relief as it pertained to the Claims (defined herein) filed by the IRS; further appearing that the Liquidating Trust and the IRS have diligently worked to resolve the Objection pursuant to the agreements delineated herein; and further appearing that good and sufficient cause exists for the granting of the relief as set forth herein,

1. WHEREAS, the IRS has filed Claim # 11845 in the principal amount of $5,444,021.36;

2. WHEREAS, the IRS has filed Claim # 14816 in the principal amount of $19,069.07;

3. WHEREAS, the IRS has filed Claim # 11847 in the principal amount of $441.54 (Claim # 11845, Claim #14816 and Claim #11847 shall be referred to herein together as the "Claims");

4. WHEREAS the Trust has filed the Objection with respect to the validity of those Claims;

5. WHEREAS the Trust has filed certain amended income tax returns on behalf of Circuit City and the Trust, and has participated in certain appeals processes with the IRS, which, after further audit and agreement between the parties, will result in a substantial net refund balance that now is due and payable (the "Refunds");

6. WHEREAS the Trust and the IRS have agreed upon the allowed amounts of the Claims;

IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:

7. Claim # 11845 is ALLOWED in the principal amount of $1,940,877.04;

8. Claim # 14816 is ALLOWED in the principal amount of $9,293.85;

9. Claim # 11847 is ALLOWED in the principal amount of $441.54;

10. The IRS and the Liquidating Trust further agree that the Allowed Claim amounts identified herein, together with statutory additions and accruals, shall be offset against Refunds, including the accrual of interest as provided by the Internal Revenue Code, due to Circuit City and currently being held by the IRS pending entry of this Order,

11. Upon entry of this Order the IRS shall expeditiously proceed in compliance with statutory requirements for issuing refunds and remit the Refunds due to Circuit City in the manner directed by the Trust.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.


Dated: Richmond, Virginia
　　　　Nov 11 2014　　　, 2014

　　　　　　　　　　　　　/s/ Kevin R. Huennekens
　　　　　　　　　　　　　HONORABLE KEVIN R. HUENNEKENS
　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE


Entered on Docket:11/11/14

3

WE ASK FOR THIS:

TAVENNER & BERAN, PLC


*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

        - and -

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
(310) 277-6910

        - and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
(212) 561-7700

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

SEEN AND AGREED:

 */s/ Timothy B. Heavner*
Timothy B. Heavner (VA Bar No. 46949)
Special Assistant United States Attorney
Eastern District of Virginia
400 N. 8th St., Suite 636
Richmond, VA  23219-4838

*Counsel to the Internal Revenue Service*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                          */s/ Lynn L. Tavenner*
                          Lynn L. Tavenner