Andrew W. Caine, Esq.
(admitted *pro hac vice*)
Jeremy V. Richards, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | x |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | Case No. 08-35653-KRH |
| Debtors. | Chapter 11 |
| | [NO HEARING REQUESTED] |
| | x |

## STIPULATION BY AND BETWEEN CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND CHASE BANK USA, N.A. PERMITTING THE FILING OF AN AMENDMENT TO PROOF OF CLAIM NUMBER 7065; AND ORDER THEREON

This Stipulation By and Between Circuit City Stores, Inc. Liquidating Trust and Chase Bank USA, N.A. Permitting the Filing of an Amendment to Proof of Claim Number 7065 (the "<u>Stipulation</u>") is entered into by and between Circuit City Stores, Inc. Liquidating Trust (the "<u>Trust</u>"), on the one hand, and Chase Bank USA, N.A. ("<u>Chase Bank</u>," and together with the Trust, the "<u>Parties</u>"), on the other hand, with respect to the following recitals of fact:

A.     On or about January 28, 2009, Chase Bank filed herein that certain proof of claim designated by the claims agent as claim number 7065 (the "<u>Original Claim</u>").

B.     The Debtors objected to the Original Claim, among others, pursuant to their Thirty First Omnibus Objection to Claims [Dkt. No. 4585]. Chase responded to the objections [Dkt. No. 4899] and the contested matter has since been continued from time to time.

C.    On or about September 14, 2012, this Court entered that certain Order Automatically Expunging Claims [Dkt. No. 12402] (the "Claims Order"), directing the claims agent to strike and expunge all Excessively Delinquent Claims (i.e., claims filed with the Court on or after January 1, 2012) unless otherwise directed by further order of the Court and/or written instruction from the Trust.[1]

D.    Chase Bank wishes to amend the Original Claim by filing that certain Amended Proof of Claim (the "Amended Claim"), a true and correct copy of which is attached hereto as Exhibit "A."

E.    The Trust and Chase Bank hereby stipulate and agree that, notwithstanding the Claims Order, Chase Bank be permitted to file the Amended Claim, on the conditions more fully set forth herein.

WHEREFORE, THE PARTIES AGREE AND STIPULATE AS FOLLOWS:

1.    The Parties hereby request that the Court enter an Order Granting Stipulation By and Between Circuit City Stores, Inc. Liquidating Trust and Chase Bank USA, N.A. Permitting the Filing of an Amendment to Proof of Claim Number 7065, submitted herewith as Exhibit "B" (the "Order"), permitting the filing and docketing of the Amended Claim.

2.    The Trust reserves all of its rights, remedies and defenses with respect to its objections to the Original Claim and the Amended Claim, both procedural and substantive, including, without limitation, that the Amended Claim and the assertions therein are not timely asserted.

3.    In the event that Chase Bank is required to provide additional documentation in support of either the Original Claim or the Amended Claim, Chase Bank is authorized to provide such additional documentation or information without the need to further amend its claim or obtain approval from the Court.

*[remainder of page left intentionally blank]*

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Claims Order.

Dated:  Los Angeles, California
       November 13, 2014

RESPECTFULLY SUBMITTED:

_____
Andrew W. Caine (CA Bar No. 11345)
(admitted *pro hac vice*)
Jeremy V. Richards (CA Bar No. 102300)
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California  90067-4100
Telephone:  310-277-6910
Facsimile:  310-201-0760

     - and -

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

*Counsel for the Circuit City, Inc. Liquidating Trust*

STROOCK & STROOCK & LAVAN

_____
Frank A. Merola (CA Bar No. 136934)
2020 Century Park East
Los Angeles, CA  90067-3086
Telephone:  310-556-5800
Facsimile:   310-407-6302

     -and-

KUTAK ROCK LLP
Michael A. Condyles (Va. Bar. No. 27807)
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343 5227

3

Facsimile: (804) 783 6192

*Attorneys for Chase Bank USA, N.A.*

Filed This 17th Day of
November,  2014

BY:  TAVENNER & BERAN, PLC


_____/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300

*Co-Counsel for the Liquidating Trustee*

# EXHIBIT A
## (Amended Claim)

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA | **AMENDED PROOF OF CLAIM** |
|---|---|

| Name of Debtor:<br>Circuit City Stores, Inc. | Case Number:<br>08-35653 | |
|---|---|---|

**COURT USE ONLY**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Chase Bank USA, N.A. | ☒ Check this box if this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Frank A. Merola, Esq.<br>Stephen J. Newman, Esq.<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East 16th Floor<br>Los Angeles, CA 90067<br><br>Telephone number:    310-556-5800          email:    fmerola@stroock.com<br>                                                                        snewman@stroock.com | Court Claim Number:    **7065**<br>(*If known*)<br><br><br><br>Filed on:    1/28/2009 |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:                              email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

**1.    Amount of Claim as of Date Case Filed:**    $7,152,232.29

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐   Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

| **2.    Basis for Claim:**<br>(See instruction #2)      See Attached Rider |
|---|

| **3.**    Last four digits of any number by which creditor identifies debtor:<br><br>_____ | **3a.**      Debtor may have scheduled account as:<br><br>_____<br>(See instruction #3a) | **3b.**      Uniform Claim Identifier (optional):<br><br>_____<br>(See instruction #3b) |
|---|---|---|

| **4.    Secured Claim** (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate    ☐ Motor Vehicle    ☐ Other<br>**Describe:** _____<br><br>**Value of Property:** _____<br><br>**Annual Interest Rate :** _____ %  ☐ Fixed    or    ☐ Variable<br>**(when case was filed)** | Amount of arrearage and other charges, as of the time the case was filed, included in secured claim, if any:<br><br>_____<br><br>Basis for perfection: _____<br><br>Amount of Secured Claim: _____<br><br>Amount Unsecured: _____ |
|---|---|

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐      Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐      Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐      Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐      Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐      Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐      Other – Specify applicable paragraph of 11 U. S. C. § 507 (a)(___).

Amount entitled to priority:

_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

B 10 (Official Form 10) (04/13)

| | |
|---|---|
| 6. | **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6) |
| 7. | **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted"*.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: |

**8.   Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Stephen Newman
Title:           Partner
Company:    Stroock & Stroock & Lavan LLP

*(Signature)*              November 10, 2014   *(Date)*

Address and telephone number (if different from notice address above):

Telephone number:              email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINA**

|  |  |  |
|---|---|---|
| *In re:* | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

## RIDER TO AMENDED PROOF OF CLAIM OF CHASE BANK USA, N.A.

1.    Chase Bank USA, N.A. ("Chase") submits this rider ("Rider") to its amended proof of claim (the "Amended Proof of Claim") against Circuit City Stores, Inc., et al. (the "Debtors" or "Circuit City"). This Rider is an addendum to and shall be deemed to be part of and incorporated by reference in the Amended Proof of Claim. The filing of this Amended Proof of Claim is without prejudice to, and is not intended to supersede the Initial Proof of Claim (as defined below).

2.    On January 28, 2009, Chase timely and properly filed a proof of claim in these proceedings (the "Initial Proof of Claim"). As set forth in the Initial Proof of Claim, Chase reserved the right to amend the Initial Proof of Claim as necessary or appropriate. Except as expressly amended herein, the Initial Proof of Claim in its entirety remains in full force and effect.

## BASIS FOR CLAIM

3.    As provided in the Initial Proof of Claim, a complaint was filed on June 26, 2006 in the Superior Court of the State of California for the County of Los Angeles, Central District, in Davis v. Chase Bank USA, N.A., et al., Case No. BC354564, and removed on August 1, 2006

to United States District Court for the Central District of California (the "District Court"), Case

No. CV06-4804 DDP (PJWx) (herein the "Underlying Complaint" or the "Underlying Case").

    4.    As provided in the Initial Proof of Claim, the Underlying Complaint centered on

Circuit City and its advertising to its customers.  The specific advertising challenged in the

Underlying Complaint was produced by Circuit City and not by Chase.  Both the Underlying

Complaint and the District Court stated that Circuit City's advertising was at the core of the

litigation – the issue being whether Circuit City's advertising was misleading and deceptive.

    5.    On April 23, 2014, the plaintiff in the Underlying Case filed a motion for the

preliminary approval of the Stipulation and Agreement of Settlement (the "Settlement

Agreement").  The Settlement Agreement was attached as Exhibit 1 to the Declaration of Drew

E. Pomerance in Support of Plaintiffs' Motion for Preliminary Approval of Settlement.  A copy

of the motion and declaration are attached hereto as Exhibits A and B, respectively.  The District

Court granted the preliminary approval of the Settlement Agreement on June 5, 2014.  A copy of

the preliminary approval order is attached hereto as Exhibit C.  On October 27, 2014, the District

Court granted the final approval of the Settlement Agreement.  A copy of the Judgment and

Amended Final Approval Order are attached hereto as Exhibits D and E, respectively.

    6.    Pursuant to the terms of the Settlement, Chase will pay a total of $5,500,000 (the

"Settlement Amount") in settlement of the claims in the Underlying Case.  Additionally, Chase

has incurred a total of $36,688.92 in costs associated with defending the Underling Case and

$1,615,543.37 in legal fees.  A copy of the Service and Expense Remittance Summary is

attached as Exhibit F.[1]

---

[1] Copies of the time entries associated with the applicable invoices are available upon written request.

7.    Circuit City is required to indemnify Chase under, *inter alia*, Article X of a certain Consumer Credit Card Program Agreement by and between Circuit City Stores, Inc. and Bank One, Delaware, N.A. dated as of January 16, 2004.

8.    Accordingly, Chase has valid claims for defense and indemnity against Circuit City for the Settlement Amount and the costs of defending the Underlying Case. Moreover, Circuit City has acknowledged Chase's indemnity claim, as reflected on Debtors' Schedule F filed on docket entry number 1130, page 149 of this bankruptcy.

9.    To the extent any portion of this claim arises subsequent to the commencement of the Bankruptcy Case, such portion is entitled to administrative expense priority pursuant to 11 U.S.C. § 507(a)(1). Chase asserts that those amounts are entitled to administrative priority.

10.    To the extent this claim is neither secured nor entitled to priority status, Chase reserves and asserts a general unsecured claim in that amount.

11.    Additional information will be furnished by Chase upon reasonable request.

## RESERVATION OF RIGHTS

12.    No judgment has been entered against the Debtors on any of the claims asserted herein and no payment has been made on behalf of the claim subsequent to the Petition Date.

13.    This claim is not subject to any offsets or counterclaim.

14.    Chase reserves all rights to amend, modify or supplement this Amended Proof of Claim in any respect, including, without limitation to include additional claims for reimbursement, set-off, damages, interest and/or costs and expenses, as appropriate. The filing of this Amended Proof of Claim shall not be deemed a waiver of any claim in law or in equity that Chase may have against the Debtors, its affiliates, or any other persons or entities.

15.    The filing of this claim is specifically made without any election of rights and remedies, and Chase hereby reserves all rights and remedies which it may have, in addition to the filing of and pursuit of this Amended Proof of Claim, against any other person or entity.

16.    The execution and filing of this Amended Proof of Claim is not a waiver of any of Chase's rights against any person, entity or property including, without limitation, the right to move to withdraw the reference with respect to the subject matter of this claim or otherwise a waiver or release of Chase's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge, and any right to trial by jury that Chase may have in any civil proceeding arising in or related to this case, nor is it a consent to jurisdiction of this or any court except with respect to the allowance of the claims asserted herein.

## **NOTICES**

17.    All notices concerning this Amended Proof of Claim should be sent to the following party at the addresses set forth below:

> Stroock & Stroock & Lavan LLP
> Frank A. Merola, Esq.
> Stephen J. Newman, Esq.
> 2029 Century Park East 16th Floor
> Los Angeles, CA 90067

-4-

**EXHIBIT A**

**Motion for Preliminary Approval of Settlement**

1    Drew E. Pomerance, Esq. (SBN. 101239), dep@rpnalaw.com
2    Burton E. Falk, Esq. (SBN. 100644), bef@rpnalaw.com
    David R. Ginsburg, Esq. (SBN. 210900), drg@rpnalaw.com
3    **ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
4    5820 Canoga Avenue, Suite 250
    Woodland Hills, California 91367
5    Telephone:  (818) 992-9999
6    Facsimile:  (818) 992-9991

7    [Additional Counsel Continued On Next Page]

8

9    Attorneys for Plaintiffs GARY DAVIS and
    GENE CASTILLO, individually,
10   as Private Attorney Generals, and on behalf
11   of all others similarly situated

12

13             **UNITED STATES DISTRICT COURT**

14        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15   GARY DAVIS, an individual; on      Case No. CV 06 4804 DDP (PJWx)
16   behalf of himself, and as PRIVATE
    ATTORNEY GENERAL, and on      Honorable Dean D. Pregerson
17   behalf of all others similarly situated,
18                     **PLAINTIFFS' NOTICE OF**
               Plaintiff,    **MOTION AND MOTION FOR**
19                          **PRELIMINARY APPROVAL OF**
    v.                            **SETTLEMENT; MEMORANDUM**
20                            **OF POINTS AND AUTHORITIES**
21   CHASE BANK U.S.A., N.A., a       **IN SUPPORT THEREOF**
    Delaware corporation; and DOES 1
22   through 50, inclusive,          **[Declaration of Drew E. Pomerance**
23                            **and Attached Exhibits Filed**
              Defendants.    **Concurrently; [Proposed] Order**
24                            **Lodged Concurrently]**
25
26                            **Date:**        **June 2, 2014**
27                            **Time:**       **10:00 a.m.**
28                            **Courtroom:**    **3**

1  Jeff Westerman, Esq. (SBN. 94559)
2  jwesterman@jswlegal.com
   Jordanna G. Thigpen, Esq. (SBN. 232642)
3  jthigpen@jswlegal.com
4  **WESTERMAN LAW CORP.**
   1925 Century Park East, Suite 2100
5  Los Angeles, California 90067
6  Telephone: (310) 698-7450
   Facsimile:  (310) 201-9160
7

8  Nicole Duckett Fricke, Esq. (SBN. 198168)
   ndfricke@milberg.com
9  **MILBERG, LLP**
10 One California Plaza
   300 South Grand Avenue, Suite 3900
11 Los Angeles, California 90071
12 Telephone: (213) 617-1200
   Facsimile: (213) 617-1975
13

14

15 Attorneys for Plaintiffs GARY DAVIS and
   GENE CASTILLO, individually,
16 as Private Attorney Generals, and on behalf
17 of all others similarly situated

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................... 1

II.   BACKGROUND OF THE CASE ................................................ 2

    A.   The Allegations ................................................................ 2

    B.   Procedural History ........................................................... 3

    C.   Mediation and Settlement ................................................ 4

III.  THE SETTLEMENT .................................................................. 6

IV.   THE PROPOSED SETTLEMENT WARRANTS
      PRELIMINARY APPROVAL .................................................... 7

    A.   Standards for Preliminary Approval ................................ 7

    B.   The Proposed Settlement Merits Preliminary Approval .... 8

        1.   Plaintiffs Have Engaged In Sufficient Discovery
           and Investigation to Properly Evaluate the Propriety
           of Settlement ........................................................... 9

        2.   The Strength of Plaintiffs' Case, When Balanced
           Against the Risk, Expense and Duration of Further
           Litigation, Supports Approval of This Settlement ..... 9

        3.   The Recommendations of Experienced Counsel
           Favor the Approval of Settlement ............................ 11

V.    CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER .......... 12

    A.   The Settlement Class Is So Numerous That Joinder
           of All Settlement Class Members Is Impracticable ........ 13

    B.   Common Questions of Law and Fact ................................ 13

    C.   Plaintiffs' Claims Are Typical of Those of
           the Settlement Class ........................................................ 14

    D.   The Adequacy Requirement Is Satisfied ......................... 15

    E.   The Proposed Settlement Class Satisfies Rule 23(b)(3) .... 16

        1.   Common Questions of Law and Fact Predominate ....... 16

i

|   |   |   | 2. | A Class Action Is Superior to Other Available |   |
|---|---|---|---|---|---|
|   |   |   |   | Methods for Resolving this Controversy ............................... 17 |   |
|   | VI. | THE PROPOSED NOTICE IS ADEQUATE ............................................. 18 |   |   |   |
|   | VII. | SCHEDULE OF EVENTS ....................................................................... 20 |   |   |   |
|   | VIII. | CONCLUSION......................................................................................... 21 |   |   |   |

# TABLE OF AUTHORITIES

## Cases

*Amchem Products v. Windsor*

    521 U.S. 591 (1997) ................................................. 12

*Arnold v. United Artists Theater Circuit, Inc.*

    158 F.R.D. 439 (N.D. Cal. 1994) .............................. 13

*Blackie v. Barrack*

    524 F.2d 891 (9th Cir. 1975) ................................... 16

*Blackwell v. Sky West Airlines*

    245 F.R.D. 453 (S.D. Cal. 2007) .............................. 13

*Class Plaintiffs v. City of Seattle*

    955 F.2d 1268 (9th Cir. 1992) ................................. 12

*Farinella v. PayPal, Inc.*

    611 F. Supp.2d 250 (E.D.N.Y. 2009) ....................... 20

*Hanlon v. Chrysler Corp.*

    150 F.3d 1011 (9th Cir. 1998) ................... 8, 13, 14, 15

*Harris v. Palm Springs Alpine Estates, Inc.*

    329 F.2d 909 (9th Cir. 1964) ................................... 13

*Hernandez v. Alexander*

    152 F.R.D. 192 (D. Nev. 1993) ................................ 16

*In re Apple iPod iTunes Antitrust Litigation*

    2008 WL 5574487 (N.D. Cal. 2008) ........................ 15

*In re Domestic Air Transp. Antritrust Litig.*

    141 F.R.D. 534 (N.D. Ga. 1992) ............................. 20

*In re Juniper Networks, Inc. Securities Litigation*

    264 F.R.D. 584 (N.D. Cal. 2009) ........................ 17, 18

*In Re Mego Financial Corporation Securities Litigation*

    213 F.3d 454 (9th Cir. 2000) ................................... 10

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

*In Re Washington Public Power Supply Systems Securities Litigation*

    720 F. Supp. 1379 (D. Ariz. 1989) ............................................................ 12

*Lowden v. T-Mobile USA, Inc.*

    512 F.3d 1213 (9th Cir. 2008) ................................................................. 17

*Lubin v. Sybedon Corp.*

    688 F.Supp. 1425 (S.D. Cal. 1988) ........................................................ 16

*Mejdreck v. Lockformer Co.*

    2002 WL 1838141 (N.D. Ill. 2002) ........................................................ 18

*Miletak v. Allstate Ins. Co.*

    2010 WL 809579 (N.D.Cal. 2010) ........................................................ 17

*Moore v. Fitness Intern., LLC*

    2013 WL 3189080 (S.D. Cal. 2013) ...................................................... 13

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*

    221 F.R.D. 523 (C.D. Cal. 2004) ........................................................... 12

*Officers for Justice v. Civil Serv. Comm'n,*

    688 F.2d 615 (9th Cir. 1982) .............................................................. 7, 8

*Schaefer v. Overland Express Family of Funds*

    169 F.R.D. 124 (S.D. Cal. 1996) ........................................................... 15

*Staton v. Boeing Co.*

    327 F.3d 938 (9th Cir. 2003) ................................................................. 14

*Stolz v. United Brotherhood of Carpenters and Joiners, et al.*

    620 F.Supp. 396 (D. Nev. 1985) ........................................................... 14

*Torrisi v. Tucson Elec. Power Co.*

    8 F.3d 1370 (9th Cir. 1993) ......................................................... 8, 18, 20

*Util. Reform Project v. Bonneville Power Admin.*

    869 F.2d 437 (9th Cir. 1989) ................................................................... 7

*Valentino v. Carter-Wallace, Inc.*

    97 F.3d 1227 (9th Cir. 1996) ................................................................. 17

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

**Statutes**

28 U.S.C. §1715    ................................................................................ 20

California Business & Professions Code §17200 .................................... 2

California Business & Professions Code §17500 .................................... 2

**Rules**

Federal Rule of Civil Procedure 23 .......................................4, 7, 13, 14, 16, 17, 18

**Other Authorities**

Manual for Complex Litigation (4th ed. 2004) ............................... 7, 19

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

1        PLEASE TAKE NOTICE that on June 2, 2014 at 10:00 a.m., or as soon

2    thereafter as the matter may be heard before the Honorable Dean D. Pregerson in

3    Courtroom 3 of the above-entitled court, located at 312 North Spring Street, Los

4    Angeles, California, Plaintiffs Gary Davis and Gene Castillo will move this Court

5    for an order (1) granting preliminary approval of the settlement in this case, (2)

6    provisionally certifying the class for settlement purposes, (3) approving the form

7    and manner of notice to be provided to the proposed settlement class and directing

8    that notice be given to the proposed settlement class, (4) appointing Plaintiffs as

9    class representatives of the proposed settlement class, (5) confirming the

10   appointment of Roxborough, Pomerance, Nye & Adreani LLP, Westerman Law

11   Corp., and Milberg, LLP, as co-counsel for the proposed settlement class, and (6)

12   scheduling a hearing for final approval of the proposed settlement.

13       Defendant Chase Bank U.S.A., N.A. (Chase) does not oppose this motion,

14   which is being made following conferences between counsel over the last few

15   months, pursuant to L.R. 7-3.

16       This motion is based on this notice and motion, the accompanying

17   memorandum of points and authorities, the declaration of Drew E. Pomerance and

18   documents attached thereto, all the matters of record filed with the Court, and such

19   other evidence and argument as may be submitted to the Court.

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

1    DATED: April 23, 2014     ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

2

3                       By:   s/ Drew E. Pomerance
                              DREW E. POMERANCE

4                              BURTON E. FALK
                              Attorneys for Plaintiffs GARY DAVIS and

5                              GENE CASTILLO, individually,
                              as Private Attorney Generals, and on behalf

6                              of all others similarly situated

7

8

9    DATED: April 23, 2014     WESTERMAN LAW CORP.

10                       By:   s/ Jeff Westerman
                              JEFF WESTERMAN

11                              JORDANNA G. THIGPEN

12                              Attorneys for Plaintiffs GARY DAVIS and
                              GENE CASTILLO, individually,

13                              as Private Attorney Generals, and on behalf

14                              of all others similarly situated

15    DATED: April 23, 2014     MILBERG LLP

16

17                       By:   s/ Nicole Duckett Fricke
                              NICOLE DUCKETT FRICKE

18                              Attorneys for Plaintiffs GARY DAVIS and

19                              GENE CASTILLO, individually,

20                              as Private Attorney Generals, and on behalf
                              of all others similarly situated

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

## I.   **INTRODUCTION**

The parties have reached an agreement to settle this matter on the terms set forth in the Settlement Agreement (Agreement) attached as Exhibit 1 to the concurrently filed Declaration of Drew E. Pomerance. The terms of the settlement more than meet the requirements for preliminary approval. Chase has agreed to pay $5.5 million in <u>cash benefits</u> to resolve this matter.

The Class alleged that Chase misled consumers and failed to properly apply its customers' payments first to regular balance purchases before promotional purchases. The result was that class members were wrongly assessed finance charges on those purchases.

This settlement pays real cash benefits back to class members and compensates them for some of the finance charges that Chase assessed against them. The settlement is the result of extensive negotiations that continued on and off for the past four years, substantial discovery, investigation, and analysis to verify the size and extent of the Class, the potential damages they incurred, as well as a thorough analysis of Plaintiffs' legal theories and Chase's defenses – both on the merits as well as having to do with class certification issues. As well, the parties twice mediated the dispute before the Honorable Edward Infante, Ret., who helped broker the terms of this Agreement.

Accordingly, the parties request that this Court preliminary approve this settlement as fair, reasonable and in the best interest of the Class, and that the Court further order that notice be sent to the class members in a manner that comports with basic notions of due process, and finally that the Court order a final fairness hearing to be scheduled as set forth below.

/ / /

/ / /

/ / /

/ / /

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

## II.    BACKGROUND OF THE CASE

### A.    The Allegations

Plaintiff Gary Davis filed this putative class action complaint on June 26, 2006, alleging that Chase misled and deceived consumers in the manner in which it applied credit card payments to promotional purchases made at Circuit City. Mr. Davis alleged causes of action for violation of the Consumers Legal Remedies Act, violation of Business & Professions Code §17200, violation of Business & Professions Code §17500, fraud and deceit, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. On behalf of the Class, Mr. Davis sought restitution and compensatory damages.

The basis of the lawsuit is Plaintiffs' allegation that Chase engaged in a deceptive and unfair business practice of misrepresenting a promotional purchase program and then misallocating payments made by customers participating in the program. Plaintiffs alleged that this resulted in customers not only failing to receive the benefit of Chase's promotional offer, but also being wrongly assessed finance and interest charges in violation of Chase's cardmember agreement.

Plaintiffs alleged Chase marketed promotional rewards card purchases at Circuit City as "interest free" (or some variant thereof) but charged California credit cardholders interest and fees for those purchases. (First Amended Complaint (FAC), ¶ 1, Docket No. 91.) Plaintiffs asserted that Chase improperly applied credit card payments to the "interest free" promotional balances that were not due before applying them to interest-bearing, non-promotional balances, causing consumers to incur interest and fees they otherwise would not have and in direct contradiction to Chase's advertising and its cardmember agreement. (Id. at ¶¶ 1, 20-25.)

For example, and with respect to Plaintiff Gary Davis, on March 3, 2006, he purchased a $2,000 television from Circuit City under a promotional offer in which no interest or payments were due until January 2008. (Id. at ¶ 25.) Mr.

2

1   Davis then submitted a payment of $1,736.91 to cover his preexisting February

2   balance.  Instead of allocating Mr. Davis' payment to his pre-existing balance,

3   Chase applied the entire payment toward the just-purchased television, despite the

4   promotional interest and payment-free grace period.  Because Mr. Davis' entire

5   payment was allocated to the promotional purchase, there were insufficient funds

6   to cover Mr. Davis' preexisting February statement balance.  Accordingly, Chase

7   assessed a finance charge of $77.25.  (Id. at ¶¶ 22-25.)  Plaintiffs alleged that

8   payments made to Chase should have been allocated to the interest-bearing

9   portion of balances first rather than to the deferred-interest/deferred-payment

10  promotional purchases.   (Id. at ¶¶ 28-29, 53.)

11      **B.    Procedural History**

12      After the June 2006 filing of the case in state court, Defendants removed

13  the action to this Court in August 2006.  (Docket No. 1.)  After addressing

14  removal and remand issues, the case was stayed for approximately 21 months due

15  to an appeal of the Court's determination that Chase's arbitration clause and class

16  action waiver provisions in its cardmember agreements were unenforceable under

17  California law.  This Court's determination was eventually affirmed by the Ninth

18  Circuit.  (Docket No. 80.)  Around that time, the claims against Circuit City were

19  withdrawn due to its bankruptcy.  (Docket No's. 79, 91.)

20      On March 17, 2009, Plaintiffs filed their FAC.  (Docket No. 91.)  On

21  September 3, 2009, the Court dismissed Plaintiffs' Unfair Competition Law claim

22  to the extent it challenged the allocation of payments apart from the way that

23  allocation intersects with deceptive advertising.  (Docket No. 112.)  The Court

24  subsequently dismissed Plaintiffs' Consumers Legal Remedies Act claim, and

25  determined that Chase is not liable for any claims related to conduct prior to

26  Chase's May 25, 2004 acquisition of the credit card assets at issue in the case.

27  (Docket No's. 167, 203.)  On January 16, 2013, the Court granted summary

28  judgment on the breach of the implied covenant of good faith and fair dealing

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

1  claim. (Docket No. 291.) Accordingly, the two claims that remain are breach of

2  contract and a limited claim for violation of the Unfair Competition Law.

3       The Court also denied Plaintiffs' Motion for Class Certification on January

4  16, 2013. (Docket No. 291.) The denial was based on the Court's finding that the

5  "factual circumstances surrounding [Plaintiff Gary Davis'] purchases are so

6  atypical as to fall below the normally permissive standard of Rule 23(a)'s

7  typicality requirement." The Court found that "questions regarding [Plaintiff

8  Gary Davis'] individual circumstances are likely to predominate over factual

9  questions common to the class." (Docket No. 291.)

10      Gene Castillo subsequently moved for an order granting leave to file a

11  complaint in intervention. Plaintiff Gary Davis moved simultaneously, and in the

12  alternative, for leave to file a second amended complaint adding Gene Castillo as

13  a party Plaintiff. (Docket No. 293.) Chase moved to dismiss the entire case as

14  moot. (Docket No. 296.) These motions are all currently set to be heard on

15  October 27, 2014. (Docket No. 329.)

16      **C.    Mediation and Settlement**

17      The parties initially participated in private mediation on June 18, 2009.

18  (Declaration of Drew E. Pomerance (Pomerance Decl.), ¶ 2.) A second mediation

19  with a different neutral, the Honorable Edward Infante, Ret., took place on

20  November 16, 2011. The parties remained unable to resolve the litigation.

21  (Pomerance Decl., ¶ 3.)

22      Following the Court's denial of Plaintiff's Motion for Class Certification,

23  the parties participated in a third mediation on October 22, 2013. This mediation

24  was again held with Judge Infante. (Pomerance Decl., ¶ 4.) Drew E. Pomerance

25  of Roxborough, Pomerance, Nye & Adreani, LLP and Jeff Westerman of

26  Westerman Law Corp., attended on behalf of the Class, while Chase was

27  represented by its attorneys, Julia Strickland and Stephen Newman of Stroock &

28  Stroock & Lavan, LLP. Also attending the mediation on behalf of Chase were

1 several of its authorized representatives. (Pomerance Decl., ¶ 5.) The mediation

2 session lasted all day, and resulted in a tentative agreement which was subject to

3 confirmatory discovery whereby Chase would have to verify under oath the size

4 of the Class, the amount of finance charges that Plaintiffs contend were

5 improperly charged and collected by Chase, and the period of time in which the

6 promotional purchases were made. (Pomerance Decl., ¶ 6.)

7        Chase produced a detailed declaration under penalty of perjury from

8 Suzanne Morgan, a Risk Director in Chase's Risk Department who has worked

9 for Chase or its predecessor Bank One since 1997. Ms. Morgan is familiar with

10 and oversaw the compilation of data that produced information necessary for

11 Class Counsel to evaluate the reasonableness of the settlement. (Pomerance Decl.,

12 ¶ 7.) After carefully evaluating Ms. Morgan's declaration, Class Counsel

13 determined that the existing deal adequately compensates the Class. (Pomerance

14 Decl., ¶ 8.) The parties have now formalized and finalized a settlement

15 agreement.

16        The settlement agreement calls for Chase to establish a settlement fund

17 totaling $5.5 million. (Pomerance Decl., ¶ 9.) Class Counsel are now confident

18 that they have properly evaluated the risks of further prosecuting this class action

19 as compared to the benefits of the current settlement proposal, and as well have

20 appropriately evaluated the reasonableness of the benefits that will be going to the

21 Class. (Pomerance Decl., ¶ 10.)

22        Given the substantial delays resulting from further prosecution of this

23 lawsuit, Chase's pending motion for dismissal, the Court's denial of the Motion

24 for Class Certification, and the serious and fundamental question of whether the

25 Class would ever prevail on the merits, Class Counsel is confident that this

26 settlement entered into at this time, and on these terms, is more than fair and

27 reasonable, and should be preliminarily approved by this Court. (Pomerance

28 Decl., ¶ 11.)

## III.    THE SETTLEMENT

The settlement reached by the parties provides real and tangible benefits to the Class, and as such, more than meets the standards required to be deemed fair and reasonable.  This is an all cash settlement, and does not involve the provision of coupons whatsoever.  If approved, the key terms of the settlement are as follows:

(a)    Chase will contribute $5.5 million for the benefit of the settlement class (Exhibit (Exh.) 1, Settlement Agreement, §4.1.);

(b)    All class members for whom the settlement administrator is able to determine a valid address shall receive a direct payment.  (Exh. 1, §§ 4.4-4.6.)  These class members need not make a claim or do anything in order to receive payment.  Based on confirmatory discovery, there are approximately 437,918 class members who are eligible to receive direct payments.  (Pomerance Decl., ¶ 13.)  The discovery has also disclosed that this group incurred an average finance charge of approximately $40.33.  (Pomerance Decl., ¶ 14.) The direct payments to class members should be approximately $10 each.  (Pomerance Decl., ¶ 15.)  Thus, this group is receiving back approximately 25% of what they allege to be their damages (Pomerance Decl., ¶ 16.);

(c)    Chase has agreed, subject to this Court's approval, to pay service awards to class representatives Gary Davis and Gene Castillo in amounts not to exceed $5,000 each, to compensate them for their time and effort in prosecuting this case (Exh. 1, §5.1.);

(d)    Chase has also agreed, subject to court approval, not to oppose Class Counsel's fee request up to $1.5 million – *which represents 27% of the $5.5 million common fund.*  (Exh. 1, §5.1.)  A fee of 25% is the benchmark in the Ninth Circuit, and the attorneys' fees were

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

1     negotiated <u>separately from and after</u> the parties reached their

2     agreement on the benefits going to the Class (Pomerance Decl., ¶

3     17.);

4     (e)    Costs of notice and administration are to be paid by the Class, to be

5     deducted from the settlement fund. (Exh. 1, §§4.2, 4.4).

6  **IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY**

7        **APPROVAL**

8     As a matter of public policy, settlement is a strongly favored method for

9 resolving disputes. *See Util. Reform Project v. Bonneville Power Admin.*, 869

10 F.2d 437, 443 (9th Cir. 1989). This is especially true in complex class actions

11 such as this one. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625

12 (9th Cir. 1982).

13     **A.    Standards for Preliminary Approval**

14     Federal Rule of Civil Procedure 23(e) requires judicial approval for the

15 compromise of claims brought on a class basis. At the final approval hearing, the

16 Court will have before it extensive papers submitted in support of the proposed

17 settlement. The Court will be asked to make a determination whether the

18 settlement is fair, reasonable and adequate under the circumstances. At this

19 juncture, however, Plaintiffs request only that the Court grant preliminary

20 approval of the settlement.

21     In determining whether preliminary approval is warranted, the sole issue

22 before the Court is whether the proposed settlement is within the range of what

23 might be found fair, reasonable, and adequate, so that notice of the proposed

24 settlement should be given to Class members and a hearing scheduled to consider

25 final settlement approval. *See Manual for Complex Litigation* §13.14, at 173 (4th

26 ed. 2004) ("First, the [court] reviews the proposal preliminarily to determine

27 whether it is sufficient to warrant public notice and a hearing. If so, the final

28 decision on approval is made after the hearing.")

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

1    To grant preliminary approval, the Court need only conclude settlement of

2  the claims against Defendant on the agreed-upon terms is within the range of

3  possible approval for the purposes of providing notice and holding a future

4  fairness hearing.

5    **B.    The Proposed Settlement Merits Preliminary Approval**

6    The factors that courts consider in granting final approval of class action

7  settlements lend support to the settling parties' belief that the proposed settlement

8  is within the range of possible approval.  In *Officers for Justice*, the Ninth Circuit

9  set forth the factors the trial court should consider in assessing whether a proposed

10 settlement is fair, reasonable, and adequate.

11    Although Rule 23(e) is silent respecting the standard by which

12    a proposed settlement is to be evaluated, the universally

13    applied standard is whether the settlement is fundamentally

14    fair, adequate, and reasonable.  The district court's ultimate

15    determination will necessarily involve a balancing of several

16    factors which may include, among others, some or all of the

17    following:  the strength of plaintiffs' case; the risk, expense,

18    complexity, and likely duration of further litigation; the risk of

19    maintaining class action status throughout the trial, the amount

20    offered in settlement; the extent of discovery completed, and

21    the stage of the proceedings; the experience and views of

22    counsel; the presence of a governmental participant; and the

23    reaction of the class members to the proposed settlement.

24    *Id.* at 625 (citations omitted).  *Accord Torrisi v. Tucson Elec. Power Co.*, 8

25 F.3d 1370, 1375 (9th Cir. 1993); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026

26 (9th Cir. 1998).

27 / / /

28 / / /

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

1.   **Plaintiffs Have Engaged In Sufficient Discovery and Investigation to Properly Evaluate the Propriety of Settlement**

As a result of extensive negotiations and discovery, counsel have been able to fairly and properly evaluate the risks of litigation and the propriety of this settlement.  In addition to formal discovery over the course of several years, Class Counsel also conducted a thorough investigation and analysis of data that was voluntarily supplied under oath by Chase's authorized representative.  The information Class Counsel received from Chase through both formal and informal discovery was detailed, thorough, and directly responsive to Class Counsel's inquiries.  (Pomerance Decl., ¶¶ 18-20.)

After analyzing the discovery, Class Counsel persisted in asking follow up questions which Chase answered.  In addition to carefully studying the information obtained through formal and informal confirmatory discovery, Class Counsel have also carefully evaluated the legal issues, including the Court's denial of the Motion for Class Certification, the potential that the Court may grant Chase's motion to dismiss, and the likelihood of prevailing on the merits. (Pomerance Decl., ¶ 21.)

Class Counsel therefore believes that they have sufficiently analyzed both the liability and damages information necessary to properly evaluate the propriety of the settlement.  Based on this analysis, and the current status of the case, Class Counsel have determined that a settlement of $5.5 million is in the best interest of the Class.  (Pomerance Decl., ¶ 22.)

2.   **The Strength of Plaintiffs' Case, When Balanced Against the Risk, Expense and Duration of Further Litigation, Supports Approval of This Settlement**

This settlement is well within the range of possible approval.  The Court has denied the Motion for Class Certification.  In most cases that would be it.

9

1    Any potential settlement on behalf of a class would be highly improbable.

2    Despite this, efforts were made to bring in another class representative. While

3    these efforts were underway, Chase moved to dismiss the case on the grounds that

4    the case is now moot. Accordingly, it is entirely possible that the Court may grant

5    Chase's motion to dismiss. In that event, the class would get nothing.

6         In addition, even if the Court were to deny Chase's motion to dismiss,

7    several obstacles remain to the Class prevailing on the merits at trial. A

8    substantial risk will remain that the Class will be unable to obtain certification.

9    For example, Chase has argued and will undoubtedly continue to argue that the

10   circumstances surrounding each particular transaction, including the possible

11   violation of the terms of the cardmember agreement by cardholders, will result in

12   individualized issues.

13        Finally, even if the Class was able to achieve certification, it is far from

14   certain whether the Class would prevail on the merits. Chase has vigorously

15   disputed Plaintiffs' claims on the merits. Chase contends that its cardmember

16   agreement and other materials expressly allowed it to allocate payments to lower-

17   interest balances before higher-interest balances. And, just getting to a trial on the

18   merits could take up to several years more, on top of the eight years that the case

19   has thus far proceeded. The proposed settlement eliminates the risks associated

20   with continuing litigation, including possible outright dismissal, as well as the

21   substantial risk of no recovery after several more years of litigation.

22        The immediacy and certainty of recovery is a factor for the court to balance

23   in determining whether the proposed settlement is fair, adequate and reasonable.

24   *See In Re Mego Financial Corporation Securities Litigation*, 213 F.3d 454, 458

25   (9th Cir. 2000). Hence, the present settlement must be balanced against the

26   expense, risk and delay of achieving a more favorable result at trial.

27        Approval of the settlement means a present, tangible and significant

28   recovery for the Class. The benefits are all cash – no coupons whatsoever.

10

1  Individuals were billed on average approximately $40.33 in improper finance

2  charges, and most of the class members (if settlement is approved) will receive

3  approximately $10, without needing to file a claim form or dig up records, which

4  in some cases may be a decade old.  The class members, of which there are

5  approximately 437,918, will be receiving 25% of their total claimed damages on a

6  completely risk free basis, without any further delay, and without further risk of

7  dismissal of the entire case.

8       Absent the settlement, the case will proceed with a hearing on Chase's

9  motion to dismiss, Plaintiff Gary Davis' motion for leave to amend, and Gene

10 Castillo's motion to intervene.  Additional discovery will proceed, if allowed by

11 the Court, and yet another motion for class certification will take place.  If that is

12 granted, more rounds of motions to dismiss and for summary judgment are

13 expected.  While Class Counsel believes they have well-founded arguments in

14 support of Plaintiffs' claims, there is no question that settlement at this time

15 ensures an immediate and substantial recovery for settlement class members with

16 no further risk whatsoever.

17        **3.    The Recommendations of Experienced Counsel Favor the**

18              **Approval of Settlement**

19       Plaintiffs' counsel have concluded that the settlement is fair, reasonable,

20 and adequate after carefully considering and evaluating, among other things, the

21 relevant legal authorities and the substantial data and information provided by

22 Chase, as well as evaluating the likelihood of prevailing on the merits, the risks,

23 expense and duration of continued litigation, and the likely appeals and

24 subsequent proceedings necessary if Plaintiffs did prevail against Chase at trial.

25 There is no question the settlement is in the best interest of the Class.

26       Due to counsels' extensive efforts over an eight year period on the Class'

27 behalf and the settlement achieved, Plaintiffs' counsel have provided fair and

28 adequate representation to the Class.  Plaintiffs' counsel have significant

1    experience in complex class action litigation and have negotiated numerous other

2    substantial class action settlements throughout the country.  Where, as here, the

3    settlement is the product of serious, informed, non-collusive negotiations,

4    significant weight should be attributed to the belief of experienced Class Counsel

5    that settlement is in the best interest of the Class.  *See National Rural*

6    *Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D.

7    Cal. 2004) (finding that "'great weight' is accorded to the recommendation of

8    counsel, who are most closely acquainted with the facts of the underlying

9    litigation."); *In Re Washington Public Power Supply Systems Securities Litigation*,

10   720 F. Supp. 1379, 1392 (D. Ariz. 1989), *aff'd sub nom., Class Plaintiffs v. City of*

11   *Seattle* 955 F.2d 1268, 1296 (9th Cir. 1992).

12         The proposed settlement satisfies the preliminary approval standard.  Notice

13   of a fairness hearing should issue forthwith to the settlement Class.

14   **V.    CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER**

15         The parties have stipulated to class certification for settlement purposes

16   only.  (Exh. 1, §3.1.)  The Supreme Court has expressly approved the use of a

17   settlement class.  *See Amchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

18   Plaintiffs request that the court enter an order conditionally certifying a class for

19   settlement purposes, defined as follows:

20         All Chase Circuit City Rewards Credit Cardmembers with

21         California billing addresses who, between May 26, 2004 and

22         the entry of preliminary approval of this Settlement (inclusive),

23         made a promotional or deferred-interest purchase at Circuit

24         City and who, as a result of payments or credits being allocated

25         to a regular purchase balance after the promotional or deferred-

26         interest balance, paid more in finance charges than they would

27         have paid if the payments or credits had first been applied to

28         the regular purchase balance.

12

1    The agreed upon settlement class satisfies all requirements of Federal Rule

2    of Civil Procedure 23(a) and (b)(3).

3    **A.    The Settlement Class Is So Numerous That Joinder of All**

4    **Settlement Class Members Is Impracticable**

5    Rule 23(a)(1) requires the Class be so numerous that joinder of all class

6    members is "impracticable." That phrase does not require that joinder be

7    impossible, only that it would be difficult or inconvenient to join all class

8    members. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th

9    Cir. 1964). There is no fixed number of class members that either compels or

10   precludes class certification. *Arnold v. United Artists Theater Circuit, Inc.*, 158

11   F.R.D. 439, 448 (N.D. Cal. 1994).

12   Here, there is no question that Plaintiffs proposed settlement class satisfies

13   the numerosity requirement. Confirmatory discovery has revealed that there are

14   approximately 437,918 class members, and obviously joinder would be highly

15   impracticable.

16   **B.    Common Questions of Law and Fact**

17   Federal Rule of Civil Procedure 23(a)(2) requires that there be questions of

18   law or fact common to the Class. A common nucleus of operative facts suffices to

19   satisfy the commonality requirement. *See Moore v. Fitness Intern., LLC*, 2013

20   WL 3189080, 5 (S.D. Cal. 2013); *Hanlon*, 150 F.3d at 1019-1020. Rule 23's

21   "commonality" requirement is not particularly rigorous. Indeed "one significant

22   issue common to the Class may be sufficient to warrant certification . . . the

23   necessary showing to satisfy commonality is minimal." *Blackwell v. Sky West*

24   *Airlines*, 245 F.R.D. 453, 460 (S.D. Cal. 2007).

25   In this case, there are numerous questions of fact and law that would satisfy

26   Rule 23(a)(2). This action would require the Court to address the following

27   questions that undoubtedly affect all class members:

28   1.    Whether Chase's payment allocation policy breached the terms of

13

the cardmember contract when Chase gave priority of payment to promotional items that were not yet due or owing;

2.  Whether Chase's allocation of payments violates the Unfair Competition Law because it is contrary to the advertisements used to promote the promotional purchases;

3.  Whether Chase's allocation of payments violates the Unfair Competition Law because it is contrary to the cardmember contract;

4.  Whether Chase's payment allocation policy was applied in a uniform and consistent manner to the Class as a whole.

Underlying these basic common questions is a common nucleus of operative facts pertaining to Chase's marketing of its Circuit City Rewards Card promotional purchases, and how it allocated its customers' payments on the card. Thus, the settlement class satisfies the commonality requirement of Federal Rule of Civil Procedure 23(a).

## C.  Plaintiffs' Claims Are Typical of Those of the Settlement Class

"Representative claims are typical if they are reasonably co-extensive with those of absent class members; the need not be substantially identical." *Hanlon*, 150 F.3d at 1020; *accord Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Rule 23(a)(3) requires only that there be no express conflict between the representative parties and the Class over the very issue in litigation and that the representative's interests are not antagonistic to those of the Class. *Stolz v. United Brotherhood of Carpenters and Joiners, et al.*, 620 F.Supp. 396, 404 (D. Nev. 1985).

While this Court recently determined that Plaintiff Gary Davis could not represent the Class if the Class were to be certified in a ruling by the Court, Chase has stipulated and agreed, for purposes of certifying a settlement class, to Gary Davis and Gene Castillo serving as the class representative Plaintiffs, and to their

14

adequacy to serve in that capacity.  (Exh. 1, § 3.1.)  The typicality requirement is

satisfied here through Plaintiffs serving as class representatives because they and

the settlement class members alleged the same set of operative facts.  They and

every putative class member made a promotional or deferred-interest purchase at

Circuit City and had their payments or credits allocated to a regular purchase

balance after the promotional or deferred-interest balance, which resulted in more

finance charges than they would have paid if the payments or credits had first

been applied to the regular purchase balance.  There is no dispute that the class

representatives fall directly within these allegations, and thus satisfy the typicality

requirement.

### D.    The Adequacy Requirement Is Satisfied

Rule 23(a)(4) requires "the representative parties will fairly and adequately

protect the interests of the class."  Courts have established a two-prong test for

this requirement.  *See, e.g., In re Apple iPod iTunes Antitrust Litigation*, 2008 WL

5574487, 6 (N.D. Cal. 2008) (citing *Hanlon*, 150 F.3d at 1020); *Schaefer v.

Overland Express Family of Funds*, 169 F.R.D. 124, 130 (S.D. Cal. 1996).  First,

counsel for the class representatives must be competent to undertake the particular

litigation at hand.  Second, there can be no antagonism or disabling conflict

between the interests of the named class representative and the members of the

class.  *See Hanlon*, 150 F.3d at 1020.

Plaintiffs' claims do not conflict with the Settlement Class' claims.

Plaintiffs have vigorously pursued common claims on behalf of themselves and all

Class members.  All of Plaintiffs' claims are directed at resolving the issues raised

by Chase's allocation of payments to promotional and non-promotional purchases,

an issue common to all Class members.  Plaintiffs' vigorous pursuit of this

litigation confirms their strong interest in achieving a successful result for the

Class.  Further, Plaintiffs retained attorneys with extensive experience in the area

of consumer class action litigation who have successfully prosecuted numerous

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

class actions and other complex litigation on behalf of injured consumers in this District and across the country. There can be no legitimate dispute that Plaintiffs' Counsel have vigorously and skillfully prosecuted this Litigation, securing a settlement that is in the Class' best interests. In addition, Chase has stipulated and agreed, for purposes of certifying a settlement class, that Plaintiffs are adequate class representatives.

The second requirement also is satisfied here. There is no antagonism between the proposed representatives and the absent Settlement Class members. All claims arise from the same set of operative facts and course of conduct, and both Plaintiff and absent Settlement Class members share the common goal of maximizing recovery. *Lubin v. Sybedon Corp.*, 688 F.Supp. 1425, 1461 (S.D. Cal. 1988).

### E.    The Proposed Settlement Class Satisfies Rule 23(b)(3)

In addition to meeting the prerequisites of Rule 23(a), the present action satisfies the requirements of Rule 23(b)(3), which mandates that common questions of law or fact predominate over individual questions and that a class action is superior to other available methods of adjudication. *See Hernandez v. Alexander*, 152 F.R.D. 192, 193-94 (D. Nev. 1993). Here, common questions of law and fact predominate, and a class action is the superior, if not the only, method available to fairly and efficiently litigate these claims.

### 1.    Common Questions of Law and Fact Predominate

Where a complaint alleges a common course of misrepresentations, omissions and other wrongdoings that affect all members of the class in the same manner, common questions predominate. *Blackie v. Barrack*, 524 F.2d 891, 905-8 (9th Cir. 1975). The Court's inquiry should be directed primarily toward the issue of liability. *Id.* at 902.

There are a host of common questions of law and fact, which Plaintiffs seek to certify. As discussed above, Plaintiffs seek certification for causes of action

16

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

arising under the Unfair Competition Law, and basic contract law. Three factual

issues bear on these claims: (i) Chase's application of the terms of its cardmember

agreement with respect to the allocation of payments when a cardholder made

promotional and non-promotional purchases; (ii) Chase's assessment of finance

charges based on its allocation of payments; and (iii) whether Chase's actions

violated the terms of its contract and were contrary to its advertisements. These

common factual issues predominate over any purported individual factual issues.

> **2.** **A Class Action Is Superior to Other Available Methods for Resolving this Controversy**

Rule 23(b)(3) also requires the Court to determine that "a class action is

superior to other available methods for fairly and efficiently adjudicating the

controversy." A class action is superior where "classwide litigation of common

issues will reduce litigation costs and promote greater efficiency." *Valentino v.

Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

The class action vehicle is the superior method for adjudicating relatively

low-value consumer claims. *See, e.g., Miletak v. Allstate Ins. Co.* 2010 WL

809579, 13 (N.D.Cal. 2010) ("a class action is superior when it is the only realistic

form of adjudication available") (citing *Valentino*, 97 F.3d at 1234-35). Where

"each member's claim is likely too small to be worth pursuing in an individual

action . . . a class action may be the only method for providing meaningful

recovery." *Miletak* 2010 WL 809579 at 13; *see also Lowden v. T-Mobile USA,

Inc.* 512 F.3d 1213, 1218 (9th Cir. 2008) ("when consumer claims are small but

numerous, a class-based remedy is the only effective method to vindicate the

public's rights").

Here, Plaintiffs present class-wide allegations premised on common

evidence. Trying each Class claim separately would be inefficient, when each of

thousands of cases would allege identical misconduct and offer identical proof of

Chase's liability. *See In re Juniper Networks, Inc. Securities Litigation*, 264

1    F.R.D. 584, 592 (N.D. Cal. 2009); *Mejdreck v. Lockformer Co.*, 2002 WL

2    1838141, 7 (N.D. Ill. 2002). Most of those injured have not been damaged to a

3    degree where it would be cost-effective for them to seek recovery on their own.

4    Further, without the class settlement device, Defendant could not obtain a class-

5    wide release, and therefore would have little, if any, incentive to enter into the

6    settlement. Certification of the Class for settlement purposes will enable

7    Plaintiffs' Counsel to handle the administration of the settlement in an organized

8    and efficient manner. Resolution of Plaintiffs' and the Settlement Class' claims

9    against Defendant through the proposed Class is superior to any other available

10   method of resolution. Accordingly, certification of the Class is appropriate.

11   **VI.    THE PROPOSED NOTICE IS ADEQUATE**

12           Federal Rule of Civil Procedure 23(c)(2)(B) provides, "[f]or any class

13   certified under Rule 23(b)(3), the court must direct to class members the best

14   notice that is practicable under the circumstances, including individual notice to

15   all members who can be identified through reasonable effort." Rule 23(e)(1) says,

16   "[t]he court must direct notice in a reasonable manner to all class members who

17   would be bound by the proposal."

18           Where notice is being sent in connection with a proposed settlement, the

19   notice must inform class members about the settlement's terms and their options

20   with respect thereto. *See Torrisi*, 8 F.3d at 1374 (9th Cir. 1993).

21           The notice to a Rule 23(b)(3) class must concisely and clearly state in plain,

22   easily understood language:

23        •  the nature of the action,

24        •  the definition of the class certified,

25        •  the class claims, issues, or defenses,

26        •  that a class member may enter an appearance through counsel if the

27           member so desires,

28        •  that the court will exclude from the class any member who requests

18

1    exclusion, stating when and how members may elect to be excluded,

2    and

3    • the binding effect of a class judgment on class members under Rule

4    23(c)(3).

5    In accordance with Rule 23, the Parties have negotiated a Full Notice of

6 Settlement and a Postcard Notice (the "Notices") to be disseminated to the

7 Settlement Class. The Postcard Notice and the Full Notice are attached to the

8 Pomerance Declaration as Exhibits 2 and 3, respectively. The Postcard Notice

9 will be sent by U.S. mail to all Settlement Class members who can be identified

10 with reasonable effort through Chase's records to inform them about the

11 settlement's terms, their rights in connection with the settlement, and the date of

12 the Final Fairness Hearing, at which time the Court will consider final approval of

13 the settlement and attorneys' fees and expenses. The Postcard Notice will provide

14 a link to the Settlement Website for class members to obtain the Full Notice of

15 Settlement.

16    The Full Notice will be available on the website described in the postcard

17 notice as well as being made available via mail from the administrator to those

18 who call in and request the full notice. *See Manual for Complex Litigation 4th* at

19 §21.311 ("many courts include the Internet as a component of class certification

20 and class settlement notice programs."). The Full Notice describes in simple

21 language the nature, history and status of the Litigation, sets forth the Class

22 definition, states the Class claims and issues, discloses the right of people who fall

23 within the Class definition to exclude themselves from it, as well as the deadline

24 and procedure for doing so and warns of the binding effect of the settlement

25 approval proceedings on people who stay in the Class.

26    In addition, the Full Notice describes the Settlement and sets forth the

27 benefits Plaintiffs propose to distribute among the Class, sets out the amount of

28 attorneys' fees and expenses that Plaintiffs' Counsel intend to seek in connection

19

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

1   with final settlement approval, including the amount of the requested fees and

2   expenses, provides contact information for Counsel, and summarizes the reasons

3   the Parties are proposing the settlement.  The Full Notice discloses the date, time

4   and place of the formal fairness hearing, and the procedures for commenting on

5   the settlement and appearing at the hearing.  The contents of the Full Notice

6   therefore satisfy all applicable requirements.

7       Plaintiffs believe notice via U.S. mail is the best notice practicable under

8   the circumstances, exceeds the notice given in other consumer class actions, and

9   exceeds due process requirements.  *See generally Torrisi*, 8 F.3d at 1374; *In re*

10  *Domestic Air Transp. Antritrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992)

11  (holding that under certain circumstances notice by publication only satisfies due

12  process requirements).  In addition, the Full Notice will be posted on the Claims

13  Administrator's website.  *See Farinella v. PayPal, Inc.*, 611 F. Supp.2d 250, 256

14  (E.D.N.Y. 2009) (approving "multifaceted notice program" that included website

15  notice).

16      Notice of this Settlement also shall be provided to state and federal officials

17  in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C.

18  §1715(a) and (b), which requires appropriate state and federal officials to be

19  provided with the Complaint (or information on how to access it), the Settlement

20  Agreement and Class notices, and information on the Class' composition.

21  Accordingly, in granting preliminary settlement approval, the Court should also

22  approve the Parties' proposed form and method of giving notice to the Class.

23  **VII.   SCHEDULE OF EVENTS**

24      In connection with the settlement's preliminary approval, the Court must set

25  a final approval hearing date, dates for mailing the Postcard Notice and deadlines

26  for objecting to the settlement, opting out of the Class, and filing papers in support

27  of the Settlement.  If the Court enters the Notice Order at the hearing on Plaintiffs'

28  Motion for Preliminary Approval of Class Action Settlement, Plaintiffs propose

1   the following schedule:[1]

2

3       Last day to mail postcard notice to Class     July 3, 2014

4

5       Last day for Settlement Class members to    August 18, 2014

6       opt-out of settlement

7

8       Last day for Settlement Class members to    August 18, 2014

9       object to settlement

10

11      Date by which to file papers in support of    July 28, 2014

12      settlement, and request for attorneys' fees

13      and expenses

14

15      Final Approval Hearing          September 22, 2014

16                                       at 10:00 a.m.

17

18  **VIII.  <u>CONCLUSION</u>**

19      This Settlement is the result of an eight year litigation odyssey involving

20  extensive investigation, analysis and discovery, multiple and complex motion

21  work, three formal mediation sessions, and hard fought negotiations by

22  experienced arm's length counsel.  The Settlement provides real, tangible and

23  immediate relief to consumers without any further costs or delay.  For the reasons

24  _____

25      [1] These dates have been proposed in anticipation of the instant unopposed
    motion being heard on an expedited basis on May 5, 2014.  The parties have

26  concurrently filed a Stipulation and Proposed Order to set the hearing on that date,
    per the Court's prior tentative approval of the hearing being set on an expedited

27  basis.  The suggested dates are therefore subject to change if the instant motion is
    heard after May 5, 2014.

28

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

set forth above, the proposed settlement warrants the Court's preliminary
approval.

DATED: April 23, 2014        ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

                             By:  s/ Drew E. Pomerance
                                  DREW E. POMERANCE
                                  BURTON E. FALK
                                  Attorneys for Plaintiffs GARY DAVIS and
                                  GENE CASTILLO, individually,
                                  as Private Attorney Generals, and on behalf
                                  of all others similarly situated

DATED: April 23, 2014        WESTERMAN LAW CORP.

                             By:  s/ Jeff Westerman
                                  JEFF WESTERMAN
                                  JORDANNA G. THIGPEN
                                  Attorneys for Plaintiffs GARY DAVIS and
                                  GENE CASTILLO, individually,
                                  as Private Attorney Generals, and on behalf
                                  of all others similarly situated

DATED: April 23, 2014        MILBERG LLP

                             By:  s/ Nicole Duckett Fricke
                                  NICOLE DUCKETT FRICKE
                                  Attorneys for Plaintiffs GARY DAVIS and
                                  GENE CASTILLO, individually,
                                  as Private Attorney Generals, and on behalf
                                  of all others similarly situated

1

## CERTIFICATE OF SERVICE

2        I hereby certify that, on April 23, 2014, a true and correct copy of the

3    foregoing PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR

4    PRELIMINARY APPROVAL OF SETTLEMENT, and MEMORANDUM OF

5    POINTS AND AUTHORITIES IN SUPPORT THEREOF was filed electronically

6    and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of

7    this filing will be sent by e-mail to all parties by operation of the court's electronic

8    filing system or by facsimile to anyone unable to accept electronic filing as

9    indicated on the Notice of Electronic Filing.  Parties may access this filing through

10    the court's CM/ECF System.

11

12

13                               s/ Elia Ramirez

14                               Elia Ramirez

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**Declaration of Drew E. Pomerance**

1  Drew E. Pomerance, Esq. (SBN. 101239), dep@rpnalaw.com
2  Burton E. Falk, Esq. (SBN. 100644), bef@rpnalaw.com
   David R. Ginsburg, Esq. (SBN. 210900), drg@rpnalaw.com
3  **ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
4  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
5  Telephone:  (818) 992-9999
6  Facsimile:  (818) 992-9991

7  [Additional Counsel Continued On Next Page]

8
9  Attorneys for Plaintiffs GARY DAVIS and
   GENE CASTILLO, individually,
10 as Private Attorney Generals, and on behalf
11 of all others similarly situated

12
13               **UNITED STATES DISTRICT COURT**
14           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15 | GARY DAVIS, an individual; on           | Case No. CV 06 4804 DDP (PJWx)
16 | behalf of himself, and as PRIVATE       |
   | ATTORNEY GENERAL, and on               | Honorable Dean D. Pregerson
17 | behalf of all others similarly situated, |
18 |                                         | **DECLARATION OF**
   |               Plaintiff,                | **DREW E. POMERANCE IN**
19 | v.                                      | **SUPPORT OF PLAINTIFFS'**
   |                                         | **MOTION FOR PRELIMINARY**
20 |                                         | **APPROVAL OF SETTLEMENT**
21 | CHASE BANK U.S.A., N.A., a              |
   | Delaware corporation; and DOES 1        | [Motion for Preliminary Approval
22 | through 50, inclusive,                  | Filed Concurrently; [Proposed]
23 |                                         | Order Lodged Concurrently]
   |               Defendants.               |
24 |                                         |
25 |                                         | **Date:**       **June 2, 2014**
   |                                         | **Time:**       **10:00 a.m.**
26 |                                         | **Courtroom:    3**
27
28

─────────────────────────────────────────────
DECLARATION OF DREW E. POMERANCE
CASE NO. CV 06 4804 DDP (PJWx)

1  Jeff Westerman, Esq. (SBN. 94559)
   jwesterman@jswlegal.com
2  Jordanna G. Thigpen, Esq. (SBN. 232642)
3  jthigpen@jswlegal.com
4  WESTERMAN LAW CORP.
   1925 Century Park East, Suite 2100
5  Los Angeles, California 90067
6  Telephone: (310) 698-7450
   Facsimile:  (310) 201-9160
7

8  Nicole Duckett Fricke, Esq. (SBN. 198168)
   ndfricke@milberg.com
9  MILBERG, LLP
10 One California Plaza
   300 South Grand Avenue, Suite 3900
11 Los Angeles, California 90071
12 Telephone: (213) 617-1200
13 Facsimile: (213) 617-1975

14

15 Attorneys for Plaintiffs GARY DAVIS and
   GENE CASTILLO, individually,
16 as Private Attorney Generals, and on behalf
17 of all others similarly situated

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DREW E. POMERANCE
CASE NO. CV 06 4804 DDP (PJWx)

## DECLARATION OF DREW E. POMERANCE

I, Drew E. Pomerance do hereby state and declare as follows:

1.      I am an attorney at law, duly licensed to practice before the United States District Court for the Central District of California, and am a Senior Partner at Roxborough, Pomerance, Nye & Adreani, LLP, co-counsel for Plaintiffs.  I have personal knowledge of all facts stated in this declaration, and if called as a witness, I could and would competently testify to all matters set forth herein.

2.      The parties initially participated in private mediation on June 18, 2009.

3.      A second mediation with a different neutral, the Honorable Edward Infante, Ret., took place on November 16, 2011.  The parties remained unable to resolve the litigation.

4.      Following the Court's denial of Plaintiff's Motion for Class Certification, the parties participated in a third mediation on October 22, 2013. This mediation was again held with Judge Infante.

5.      Along with Jeff Westerman of Westerman Law Corp., I attended on behalf of the Class, while Chase was represented by its attorneys, Julia Strickland and Stephen Newman of Stroock & Stroock & Lavan, LLP.  Also attending the mediation on behalf of Chase were several of its authorized representatives.

6.      The mediation session lasted all day, and resulted in a tentative agreement which was subject to confirmatory discovery whereby Chase would have to verify under oath the size of the Class, the amount of finance charges that Plaintiffs contend were improperly charged and collected by Chase, and the period of time in which the promotional purchases were made.

7.      Chase produced a detailed declaration under penalty of perjury from Suzanne Morgan, a Risk Director in Chase's Risk Department who has worked for Chase or its predecessor Bank One since 1997.  Ms. Morgan is familiar with

1

1    and oversaw the compilation of data that produced information necessary for my

2    co-counsel and me to evaluate the reasonableness of the settlement.

3        8.    After carefully evaluating Ms. Morgan's declaration, my co-counsel

4    and I determined that the existing deal adequately compensates the Class.

5        9.    The settlement agreement calls for Chase to establish a settlement

6    fund totaling $5.5 million.

7        10.    My co-counsel and I are now confident that we have properly

8    evaluated the risks of further prosecuting this class action as compared to the

9    benefits of the current settlement proposal, and as well have appropriately

10    evaluated the reasonableness of the benefits that will be going to the Class.

11        11.    Given the substantial delays resulting from further prosecution of this

12    lawsuit, Chase's pending motion for dismissal, the Court's denial of the Motion

13    for Class Certification, and the serious and fundamental question of whether the

14    Class would ever prevail on the merits, my co-counsel and I are confident that this

15    settlement entered into at this time, and on these terms, is more than fair and

16    reasonable, and should be preliminarily approved by this Court.

17        12.    The Settlement Agreement and Exhibits A-E, which are a part of, and

18    referenced in, the Settlement Agreement, are attached collectively as Exhibit 1.

19        13.    Based on confirmatory discovery, there are approximately 437,918

20    class members who are eligible to receive direct payments.

21        14.    The discovery has also disclosed that this group incurred an average

22    finance charge of approximately $40.33.

23        15.    The direct payments to class members should be approximately $10

24    each.

25        16.    Thus, this group is receiving back approximately 25% of what they

26    allege to be their damages.

27        17.    The attorneys' fees were negotiated separately from and after the

28    parties reached their agreement on the benefits going to the Class.

18.    As a result of extensive negotiations and discovery, my co-counsel and I have been able to fairly and properly evaluate the risks of litigation and the propriety of this settlement.

19.    In addition to formal discovery over the course of several years, my co-counsel and I also conducted a thorough investigation and analysis of data that was voluntarily supplied under oath by Chase's authorized representative.

20.    The information my co-counsel and I received from Chase through both formal and informal discovery was detailed, thorough, and directly responsive to our inquiries.

21.    After analyzing the discovery, my co-counsel and I persisted in asking follow up questions which Chase answered.  In addition to carefully studying the information obtained through formal and informal confirmatory discovery, my co-counsel and I have also carefully evaluated the legal issues, including the Court's denial of the Motion for Class Certification, the potential that the Court may grant Chase's motion to dismiss, and the likelihood of prevailing on the merits.

22.    My co-counsel and I believe that we have sufficiently analyzed both the liability and damages information necessary to properly evaluate the propriety of the settlement.  Based on this analysis, and the current status of the case, we have determined that a settlement of $5.5 million is in the best interest of the Class, and that the Court should preliminarily approve this settlement as fair, reasonable, and in the best interest of the Class.

23.    I am a 1981 Graduate of Hastings College of the Law, and have practiced complex business litigation for over 30 years.  I am a member of the American Board of Trial Advocates (ABOTA), and was recently voted as one of the Top 25 Lawyers in the San Fernando Valley by the San Fernando Valley Bar Journal.  I am AV rated by Martindale-Hubbell.

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

24.     I have been lead counsel and trial attorney in the following California class action lawsuits, all of which except for the last one on this list have been resolved as of the date of this declaration:

- *R&M Food Services, Inc., et al. v. Fremont Compensation Insurance Company, et al.*, Los Angeles County Superior Court Case No. BC 155301;

- *Coles Carpet, et al. v. Superior National Insurance Group, et al.*, Los Angeles County Superior Court Case No. BC 159813;

- *Notrica's 32nd Street Market v. California Compensation Insurance Company*, Los Angeles County Superior Court Case No. BC 157151;

- *Arrow Air Conditioning Co. v. Golden Eagle Insurance Company*, Riverside County Superior Court Case No. 284825;

- *Faris Brothers of California v. Liberty Mutual Insurance Company*, Los Angeles County Superior Court Case No. BC 217855;

- *Hersch & Ziff Inc. v. Nationwide Mutual Insurance Company*, Los Angeles County Superior Court Case No. BC 157667;

- *California Sample Services, Inc. v. Pacific Rim Assurance Company*, Los Angeles County Superior Court Case No. BC 153695;

- *Drasin Knitting Mills, et al v. Zenith Insurance Company*, Los Angeles County Superior Court Case No. BC 163825;

- *Apple One Services, Ltd. v. American Home Assurance Company*, et al., Los Angeles County Superior Court Case No. BC 155301;

- *9008 Group, Inc., et al. v. TIG Insurance Company, et al.*, Los Angeles County Superior Court Case No. BC 157795;

- *L.A. Airline, Inc. v. Republic Indemnity Company of California, et. al.*, Los Angeles Superior Court Case No. BC 156891;

- *Shaefer Ambulance Service v. State Compensation Insurance Fund*, Orange County Superior Court Case No. 725063;

4

1    • *Graciala Virgin, et. at. v. Allstate Insurance Co.*, Los Angeles

2    Superior Court Case No. BC 212492;

3    • *A&J Liquor, et. al. v. State Compensation Insurance Fund*, San

4    Francisco Superior Court Case No. 975982;

5    • *David Braverman v. Citicorp Development Center, Inc. et al.*, Los

6    Angeles Superior Court Case No. BC 277920;

7    • *Sisson v. CableCom*, Los Angeles Superior Court No. BC 314007;

8    • *MacKay v. 21st Century Ins.*, Los Angeles Superior Court No.

9    BC297438

10   • *Milgram v. Chase Bank*, United States District Court, Case No.

11   CV 10-00336 GW (PJWx); and

12   • *Augustus v. ACSS*, Los Angeles Superior Court No. BC 347914

13        25.    In the *A&J Liquor* case, *supra*, I served as co-lead trial counsel,

14   along with Don Carlson of Carlson, Calladine & Peterson, in taking that matter to

15   verdict in a seven month trial in San Francisco Superior Court.  This was one of

16   the few California class action cases to be tried to a verdict.

17        26.    In addition, I have been lead trial counsel on any number of

18   representative actions under California Business & Professions Code, §17200 et.

19   seq., and I have been appellate counsel on approximately 12 published decisions in

20   the California Courts of Appeal.  I have also successfully appeared and argued

21   before the California Supreme Court, in a class action lawsuit involving over a

22   hundred thousand California businesses who sued their workers compensation

23   insurance carrier for bad faith practices resulting in unjustifiable premium

24   increases.  *See State Compensation Insurance Fund v. Superior Court* (2001) 24

25   Cal.4th 930.  In addition, in the following class action cases on behalf of

26   consumers in insurance matters involving Proposition 103, I was lead counsel

27   both at trial and on appeal: *Donabedian v. Mercury* (2004) 116 Cal. App.4th 968;

28   *Farmers Insurance Exchange v. Superior Court (Ryan)* (2006) 137 Cal.App.4th

5

842; and most recently in *MacKay v. 21st Century* (2010) 188 Cal.App.4th 1427.

27.     My experience in the above class action matters has provided me with the requisite knowledge and expertise to properly evaluate the chances of success and the contingent risks in the instant case.

28.     Attached as Exhibit 2 is the proposed Postcard Notice, which will be mailed to all class members.

29.     Attached as Exhibit 3 is the Full Notice of Settlement, which will be posted on the Administrator's website.


I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that this declaration is executed this 23rd day of April, 2014, at Woodland Hills, California.


DREW E. POMERANCE

6

# Exhibit 1

<u>**STIPULATION AND AGREEMENT OF SETTLEMENT**</u>

This Stipulation and Agreement of Settlement is entered into by and between GARY J. DAVIS and GENE CASTILLO, individually and as putative representatives of the Settlement Class (defined in Section 3.2 below), on the one hand, and Chase Bank USA, N.A., on the other hand, subject to preliminary and final approval by the District Court, by and through their respective counsel.[1]

## I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances.

### 1.1.    The Pending Action.

In the Lawsuit, Plaintiffs allege that Chase improperly allocated payments or credits to regular purchase balances on Circuit City Rewards Credit Cards after promotional or deferred interest balances and that, as a result, cardholders paid excessive finance charges. The claims presented include: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Civil Code Section 1750 <u>et seq.</u>; and (4) violation of California Business and Professions Code Section 17200 <u>et seq.</u> Plaintiffs seek compensatory and punitive damages, injunctive relief, restitution and/or disgorgement, pre-judgment and post-judgment interest, and attorneys' fees and costs on behalf of themselves and a putative class.

### 1.2.    Chase's Denial Of Liability.

Chase vigorously denies all claims asserted in the Lawsuit, denies all allegations of wrongdoing and liability and contends that its pending motion to dismiss is well-taken and, if decided, would result in dismissal of the Lawsuit. Chase further maintains that Plaintiffs' motion to intervene or add a new named plaintiff is without merit and would be denied. Chase nevertheless

---

[1]  Section II below contains the definitions of capitalized terms utilized herein unless otherwise noted.

LA 51693093v16

desires to settle all claims that are asserted, or which could have been asserted, on the terms and

conditions set forth herein, solely for the purpose of avoiding the burden, expense and uncertainty

of continuing litigation and for the purpose of putting to rest the controversies that engendered the

Lawsuit.  Nothing in this Agreement or any other document may be construed as an admission or

evidence of any violation of any federal or state statute, rule or regulation, or principle of common

law or equity, or of any liability or wrongdoing whatsoever, or of the truth of any of the claims

asserted or to be asserted in the Lawsuit, or of the infirmity of any defenses that have been raised or

could have been raised by Chase.  Further, Chase is not estopped from challenging allegations in the

Lawsuit in further proceedings in this or any other action if the Settlement is not finally approved.

    1.3.   Settlement Through Mediation.

    Plaintiffs' Counsel and counsel for Chase engaged in extensive, good faith arm's-length

negotiations, including by participating in formal mediation sessions on June 18, 2009, November

16, 2011 and October 22, 2013.  The Parties' negotiations at the October 22, 2013 mediation

resulted in an agreement on the principal terms of a settlement.  All prior agreements and

understandings are now superseded and replaced by this Agreement.  It is the Parties' desire and

intention by entering into this Agreement to effect a full, complete and final settlement and

resolution of all existing disputes and claims that relate to or arise out of the facts and claims

alleged or which could have been alleged in the Lawsuit.

    1.4.   Plaintiffs' Counsel's Investigation.

    After multiple depositions, numerous sets of interrogatories, requests for admissions,

extensive document productions and post-mediation confirmatory discovery, Plaintiffs' Counsel

have concluded that a settlement with Chase, on the terms set forth herein, is fair, reasonable,

adequate and in the best interests of the Settlement Class based upon their investigation, and taking

into account the sharply contested issues involved, Chase's arguments that problems of proof and

legal defenses may be an impediment to the claims asserted by Plaintiffs, the risks, uncertainty and

LA 51693093v16

cost of further prosecution of the Lawsuit, and the substantial benefits to be received pursuant to this Agreement.

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the District Court's approval as required by Federal Rule of Civil Procedure 23, that each and every Claim, as described in Section 2.10 below, will be fully and finally settled and compromised and dismissed with prejudice, and will be fully discharged and released, upon and subject to the following terms and conditions:

## II.   DEFINITIONS

2.1.   "Agreement" or "Settlement" means this Stipulation and Agreement of Settlement, including all exhibits hereto.

2.2.   "Amended Complaint" means the Proposed Second Amended Class Action Complaint filed in the District Court on February 1, 2013 at Docket Entry 293-2.

2.3.   "APR" means Annual Percentage Rate.

2.4.   "CAFA Notice" means such notice as may be required pursuant to the Class Action Fairness Act of 2005.

2.5.   "Chase" means Chase Bank USA, N.A., in its own capacity and as successor by merger to Bank One, Delaware, N.A.

2.6.   "Circuit City" means Circuit City Stores, Inc.

2.7.   "Circuit City Bankruptcy" means Case No. 08-35653 in the United States Bankruptcy Court for the Eastern District of Virginia.

2.8.   "Circuit City Rewards Credit Card" means the credit card issued by Chase and co-branded with Circuit City, which has been the subject of the Litigation.

2.9.   "Circuit City Rewards Credit Cardmember" and "Circuit City Rewards Credit Cardholder" mean the obligor, payor or authorized user on a Circuit City Rewards Credit Card.

Page 3 of 29

LA 51693093v16

2.10.    "Claim" and "Claims" mean any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those that were alleged, or that could have been alleged based on the same or similar facts and circumstances, in the Lawsuit.

2.11.    "Direct Pay Settlement Class Member" means a Settlement Class Member who is not a Returned Mail Settlement Class Member.

2.12.    "District Court" means the United States District Court, Central District of California.

2.13.    "Effective Date" means five (5) business days after the Judgment has become Final.

2.14.    "Final" means the date the Judgment becomes final for all purposes because either (i) no appeal has been filed and the time within which an appeal may be filed has expired, or (ii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of the Settlement.

2.15.    "Final Approval Order" means the order to be entered by the District Court in the Lawsuit finally approving this Settlement and resolving all issues between the Parties, as provided for in Section 9.1 below, substantially in the form attached hereto as Exhibit B.

2.16.    "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve the Settlement provided for in this Agreement, enter Judgment and make such rulings as are contemplated by this Agreement.

LA 51693093v16

2.17.  "First Direct Payment" means the payments described in Sections 4.5 through 4.6 below, and "Second Direct Payment" means the payments described in Sections 4.7 through 4.8 below.

2.18.  "Judgment" means a final judgment and order of dismissal with prejudice to be entered by the District Court concurrently with the Final Approval Order, substantially in the form attached hereto as Exhibit E.

2.19.  "Last Direct Payment" means the Second Direct Payment, or if no Second Direct Payment is made, then the First Direct Payment.

2.20.  "Lawsuit" means the putative class action entitled Davis v. Chase Bank USA, N.A., United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW.

2.21.  "Long-Form Notice" means the notice informing Settlement Class Members of their rights under this Agreement, substantially in the form attached hereto as Exhibit D.

2.22.  "Lost Check Settlement Class Member" means a Direct Pay Settlement Class Members whose First Direct Payment or Second Direct Payment was lost, stolen or otherwise destroyed.

2.23.  "Mediator" means the Honorable Edward A. Infante (Ret.), or if he becomes unable or unwilling to serve, such other person as may be mutually acceptable to Plaintiffs' Counsel and counsel for Chase, but in the absence of mutual agreement as to a substitute, such United States Magistrate Judge as may be appointed by the District Court to perform the function of "Mediator" solely for purposes of Section 11.2 below.

2.24.  "NCOA" means the United States Postal Service National Change of Address system.

2.25.  "Net Settlement Fund" means the Settlement Fund plus interest accrued thereon subsequent to deposit, and less the following:

LA 51693093v16

a.  All costs and fees incurred by the Settlement Administrator, including,
without limitation, all costs of Class Notice, CAFA Notice and claims
administration, except those amounts associated with a Second Direct
Payment, if any;

b.  All taxes and tax expenses as identified in Section 4.12;

c.  Any District Court-approved attorneys' fees, costs and expenses; and

d.  Any District Court-approved service awards to Plaintiffs.

2.26.  "Notice" means the method of notice set forth in Section 7.2 below.

2.27.  "Parties" means Chase and Plaintiffs.

2.28.  "Plaintiffs" means Gary J. Davis and Gene Castillo, individually and as putative
representatives of the Settlement Class.

2.29.  "Plaintiffs' Counsel" and "Class Counsel" mean Westerman Law Corp.,
Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP.

2.30.  "Postcard Notice" means the form of notice described in Section 7.2 below and
substantially in the form attached hereto as Exhibit C.

2.31.  "Preliminary Approval Order" means an order to be entered by the District Court in
the Lawsuit, as provided for in Section 8.1 below, substantially in the form attached hereto as
Exhibit A.

2.32.  "Released Claims" means the Claims released by this Agreement as set forth in
Section 6.1 and 6.2 below.

2.33.  "Released Parties" means Chase, together with its predecessors, successors
(including, without limitation, acquirers of all or substantially all of its assets, stock or other
ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including
but not limited to holding companies and JPMorgan Chase & Co.), subsidiaries and affiliates of any
of the above; and the past, present and future principals, trustees, partners, claims administrators

LA 51693093v16

(including, without limitation, the Settlement Administrator), officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the above.

2.34. "Remaining Residual Funds" means the amount remaining in the Settlement Fund, if any, ninety (90) days after the mailing of the Last Direct Payment.

2.35. "Residual Funds" means the amount remaining in the Settlement Fund ninety (90) days after the First Direct Payment is mailed, if any, less the expected administration costs of a Second Direct Payment.

2.36. "Returned Mail Settlement Class Member" means a Settlement Class Member whose Postcard Notice was returned to the Settlement Administrator as undeliverable and for whom the Settlement Administrator was unable to determine a valid address prior to calculating the First Direct Payment.

2.37. "Second Direct Pay Settlement Class Member" means a Settlement Class Member who negotiated his or her First Direct Payment within ninety (90) days of its mailing, or a Settlement Class Member who filed a Valid Claim with the Settlement Administrator pursuant to Section 4.10 below within ninety (90) days of the mailing of the First Direct Payment.

2.38. "Settlement Administrator" means Gilardi & Co. LLC, the third party administrator agreed to by the Parties to administer the Settlement as set forth in this Agreement, or such other administrator as may be agreed to by the Parties or ordered by the Court.

2.39. "Settlement Class" and "Settlement Class Member" mean, include and refer to Plaintiffs and all other persons and/or entities that fall within the definition of the Settlement Class, certified solely for purposes of the Settlement, as described in Section 3.2 below.

2.40. "Settlement Fund" means the amount described in Section 4.1 below.

2.41. "Settlement Website" means the website that the Settlement Administrator will establish pursuant to Section 7.3 below.

LA 51693093v16

2.42.   "Valid Claim" means a written claim presented to the Settlement Administrator by a Returned Mail Settlement Class Member or a Lost Check Settlement Class Member consisting of: (i) his or her name, address and telephone number; (ii) the last four digits of his or her Circuit City Rewards Credit Card account number(s); and (iii) a sentence certifying that he or she is a Settlement Class Member who has lost, had stolen, otherwise had destroyed or did not receive a First Direct Payment and/or a Second Direct Payment.

## III.    THE SETTLEMENT CLASS

3.1.   Certification Of Settlement Class For Settlement Purposes Only. Chase disputes that the elements of Federal Rule of Civil Procedure 23 are satisfied for purposes of a litigation class, disputes that a litigation class would be manageable and denies that any litigation class may be certified in the Lawsuit. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Chase does not oppose certification for settlement purposes only of the Settlement Class. The Parties further agree that solely for purposes of certifying a settlement class, both Gary Davis and Gene Castillo are adequate class representatives; Chase agrees that for settlement purposes only, it will stipulate to Davis and Castillo serving as the class representatives, but in the event that the Settlement does not become Final for any reason, and the Parties return to litigating this case, Chase reserves all of its defenses and arguments against Davis and Castillo serving as class representatives. No agreements made by Chase in connection with the Settlement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of class certification, other than for settlement purposes. Preliminary certification of a Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor is Chase estopped from challenging class certification in further proceedings in the Lawsuit or in any other action, if the Settlement is not finally approved.

3.2.   Definition Of The Settlement Class. Solely for purposes of this Settlement, the Parties agree to certification of the following Settlement Class:

LA 51693093v16

All Chase Circuit City Rewards Credit Cardmembers with California
billing addresses who, between May 26, 2004 and the entry of
preliminary approval of this Settlement (inclusive), made a
promotional or deferred-interest purchase at Circuit City and who, as
a result of payments or credits being allocated to a regular purchase
balance after the promotional or deferred-interest balance, paid more
in finance charges than they would have paid if the payments or
credits had first been applied to the regular purchase balance.

The Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all

Settlement Class Members will have the right to exclude themselves by way of an opt-out procedure

set forth in the Preliminary Approval Order.

## IV.    THE SETTLEMENT FUND

4.1.    The Settlement Fund. In full and complete settlement of the Lawsuit as set forth

herein, Chase will pay Five Million Five Hundred Thousand Dollars ($5,500,000) for the benefit of

the Settlement Class.

4.2.    Timing of Payments to Settlement Fund. Chase will provide payments to the

Settlement Fund as follows:

a.    Within fifteen (15) days following entry of the Preliminary Approval Order,

Chase will cause the sum of Two Hundred Thousand Dollars ($200,000) to

be deposited into the Settlement Fund, which sum reflects the parties'

reasonable estimate of the costs of Notice to the Settlement Class and for the

related services of the Settlement Administrator prior to the Effective Date.

b.    Within fifteen (15) days of the Final Approval Order, Chase will cause all

other sums due pursuant to this Agreement to be deposited into the

Settlement Fund.

4.3.    Credit For Advances On Behalf Of The Settlement Fund. Payments of any notice or

administration costs or expenses advanced by Chase, before or after the Settlement Fund is created,

are to be treated as contributions to the Settlement Fund as set forth above in Section 4.1 and will be

credited in their entirety (100%) towards Chase's obligations thereunder.

LA 51693093v16

4.4.    Distribution Of The Settlement Fund.  The Settlement Fund, together with any
interest accrued thereon subsequent to deposit, is to be distributed as follows:

      a.    First, to pay the costs of Notice and the costs of Settlement Administration,
except those amounts associated with a Second Direct Payment, if any;

      b.    Second, within fifteen (15) days after the Effective Date, to pay Class
Counsel's attorneys' fees and cost and service awards to Plaintiffs in the
amounts approved by the Court, pursuant to Section 5.1 below;

      c.    Third, but not earlier than thirty (30) days after the Effective Date, to make
payments to Settlement Class Members as set forth in Sections 4.5 through
4.10 below and the Settlement Administrator for costs associated with a
Second Direct Payment, if any;

      d.    Fourth, if any amount remains after payments pursuant to Sections 4.4(a)
through (c) above, to contribute to such charitable organization as the Parties
may hereafter agree, or if they cannot agree, as the District Court may order.

4.5.    Calculation Of First Direct Payments.  To determine the amount of each First Direct
Payment, the Settlement Administrator will divide the Net Settlement Fund by the number of
accounts held by Direct Pay Settlement Class Members.

4.6.    First Direct Payment To Direct Pay Settlement Class Members.  The First Direct
Payment will be mailed by the Settlement Administrator within forty-five (45) days of the Effective
Date in the amount determined under Section 4.5.

4.7.    Calculation Of Second Direct Payments.  To determine the amount of each Second
Direct Payment, if any, the Settlement Administrator will divide the Residual Funds by the number
of accounts held by Second Direct Pay Settlement Class Members.

4.8.    Second Direct Payment To Direct Pay Settlement Class Members.  If sufficient
Residual Funds remain one hundred and eighty (180) days after mailing of the First Direct Payment

LA 51693093v16

so that each Second Direct Pay Settlement Class Member would receive a payment of at least three

dollars ($3.00) from the Residual Fund pursuant to Section 4.7, a Second Direct Payment will be

made by the Settlement Administrator by mailing checks in the amount determined under Section

4.7.

    4.9.    Returned Checks. If any First Direct Payments and/or Second Direct Payments are

returned to the Settlement Administrator within ninety (90) days of their respective mailings, the

Settlement Administrator will make a reasonable effort to determine an updated mailing address for

each returned check. For each check that an updated address is found for, the Settlement

Administrator will forward the check to that address, but if updated information is not available, the

Settlement Administrator will destroy the check.

    4.10.    Payment To Returned Mail Settlement Class Members And Lost Check Settlement

Class Members. Returned Mail Settlement Class Members and Lost Check Settlement Class

Members who submit Valid Claims to the Settlement Administrator within ninety (90) days of the

mailing of the Last Direct Payment will receive payment from the Remaining Residual Funds, if

sufficient funds exist, in the amount they would have been entitled to receive in either a First Direct

Payment or Second Direct Payment or both. If insufficient funds remain to pay all Valid Claims,

Valid Claims will be paid in the order received by the Settlement Administrator until there are

insufficient Remaining Residual Funds to make payments. Whether a claim is a Valid Claim will

be determined in the sole discretion of the Settlement Administrator. Payments made pursuant to

Section 4.10 will be made no sooner than ninety (90) days after the mailing of the Last Direct

Payment and no later than one hundred ninety (190) days after the mailing of the Last Direct

Payment.

    4.11.    Time To Negotiate Payments. Settlement Class Members must negotiate any

payments made under this Agreement within one hundred eighty (180) days after the date appearing

LA 51693093v16

on the check. There will be no further obligation to pay Settlement Class Members who fail to comply, except as established in Section 4.10 above.

4.12.   Interest. Fifty percent (50%) of any interest accrued on the Settlement Fund prior to the Effective Date will be remitted to Chase. If the Effective Date does not occur, one hundred percent (100%) of the interest will be returned to Chase.

4.13.   Settlement Fund Tax Status. The Settlement Fund will be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. Class Counsel and, as required by law, Chase, will jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation. For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund will be the Settlement Administrator. The Settlement Administrator will timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1. The Settlement Administrator will timely and properly prepare and file any information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. §1.468B-2(1).

## V.   ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

5.1.   Subject to court approval, Class Counsel intend to seek not more than One Million Five Hundred Thousand Dollars ($1,500,000) in attorneys' fees and costs, and service awards of not more than Five Thousand Dollars ($5,000) for each of the two Plaintiffs. These amounts will be paid solely from the Settlement Fund. Chase will not oppose Class Counsel's request for attorneys' fees, costs and service awards in the foregoing amounts. The service awards will be in addition to Plaintiffs' entitlement to be paid from the Settlement Fund as set forth in Sections 4.5 through 4.10. Failure by the Court to approve the amount of attorneys' fees, costs or service awards sought by

LA 51693093v16

Class Counsel will not be grounds for Plaintiffs to withdraw from the Settlement, will not delay the

Settlement becoming Final as set forth in Section 2.14 above, and will not delay the Effective Date

of the releases described in Section 6.1 and 6.2 below.  PLAINTIFFS RECOGNIZE AND

UNDERSTAND THAT THE COURT MAY NOT APPROVE ANY SERVICE AWARD TO

THEM WHATSOEVER AND THAT THEIR SUPPORT OF THE SETTLEMENT IS IN NO

WAY CONTINGENT ON ANY SERVICE AWARD.  PLAINTIFFS REPRESENT AND

WARRANT THAT NO PROMISES OF ANY KIND HAVE BEEN MADE TO THEM WITH

RESPECT TO ANY SERVICE AWARD OR OTHERWISE.

## VI.   RELEASE AND DISMISSAL

6.1.   <u>Release</u>.  As of the Effective Date, Plaintiffs and each Settlement Class Member,

their respective heirs, executors, administrators, representatives, agents, attorneys, partners,

successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, will be

deemed to have fully, finally and forever released the Released Parties from all Claims, as described

in Section 2.10 above.  Without limiting the foregoing, the Claims released pursuant to this

Settlement specifically extend to Claims that Settlement Class Members do not know or suspect to

exist in their favor as of or prior to the Effective Date.

6.2.   The Parties, and all Settlement Class Members, agree that Section 6.1 constitutes a

waiver of Section 1542 of the California Civil Code and any similar or comparable provisions,

rights and benefits conferred by the law of any state or territory of the United States or any

jurisdiction, and any principle of common law.  Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR.

Page 13 of 29

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge (and all Settlement Class Members by operation of law will be deemed to have acknowledged) that the release of unknown Claims as set forth herein was separately bargained for and was a key element of the Settlement.

    6.3.   <u>Dismissal</u>. Upon entry of the Final Approval Order, Plaintiffs will take all actions necessary to dismiss the Lawsuit with prejudice.

    6.4.   <u>No Other Actions</u>. Plaintiffs represent and warrant that they have no other actions currently pending or planned against Chase arising from or involving the same or similar facts or allegations that are alleged in the Lawsuit.

    6.5.   <u>Obligations Of Settlement Class Members Unaffected By Settlement</u>. The Settlement and this Agreement will not affect debts owed by Plaintiffs or Settlement Class Members to Chase, and Plaintiffs and all Settlement Class Members will remain fully obligated on any and all such debts.

    6.6.   <u>Circuit City Bankruptcy Proceeding</u>. Chase has outstanding claims in the Circuit City Bankruptcy. Among the outstanding claims is bankruptcy claim No. 7065, which seeks defense and indemnification of Chase by Circuit City for the Lawsuit and the Claims settled herein. Any amounts which Chase may recover in the Circuit City Bankruptcy, through settlement or otherwise, will belong solely to Chase, and Plaintiffs and Settlement Class Members will not seek,

LA 51693093v16

through litigation or otherwise, to claim any recovery or portion thereof. Nothing in this Agreement constitutes or will be deemed a waiver of any of Chase's rights in the Circuit City Bankruptcy, including, without limitation, with respect to bankruptcy claim No. 7065.

     6.7.   <u>No Malicious Prosecution Claim</u>. Chase agrees to fully release Plaintiffs, any member of the Settlement Class, and Plaintiffs' Counsel for any claims Chase may have for malicious prosecution, abuse of process, or any other claim based on the filing, prosecuting and/or maintaining of the Lawsuit or any papers contained in the Lawsuit, and Chase agrees that it will not commence any lawsuit against Plaintiffs, any member of the Class, or Plaintiffs' Counsel contending that this lawsuit should not have been filed, prosecuted and/or maintained.

## VII.   NOTICE AND SETTLEMENT ADMINISTRATION

     7.1.   <u>Costs Of Notice And Administration</u>. The costs of notice and administration will be paid or deducted from the Settlement Fund as described in Section 4.4 above. Class Counsel and Chase must approve the costs for notice and administration before any costs are incurred.

     7.2.   <u>Class Notice</u>. Notice to the Settlement Class will be mailed within sixty (60) days following entry of the Preliminary Approval Order, as follows:

        a.   Postcard Notice, substantially in the form attached hereto as Exhibit C and subject to approval by the District Court, will be mailed to all Settlement Class Members, at the most recent address shown in Chase's reasonably accessible electronic records, as maintained in the ordinary course of business, for the account at issue. Addresses will be run once through the NCOA system before mailing.

        b.   The Postcard Notice will direct all Settlement Class Members to the Settlement Website.

        c.   If, prior to the Final Fairness Hearing, Postcard Notices are returned to the Settlement Administrator with a forwarding address, the Settlement

Page 15 of 29

Administrator will re-send a Postcard Notice to the Settlement Class Member
at that forwarding address. If Postcard Notices are returned to the Settlement
Administrator as undeliverable, the Settlement Administrator will make a
reasonable effort to determine a valid address for the Settlement Class
Member, and, if an address is found, then the Settlement Administrator will
re-send a Postcard Notice to the Settlement Class Member at that address.

7.3.    Settlement Website. The Settlement Administrator will establish, prior to the
mailing of the Postcard Notice, the Settlement Website. The Settlement Website will include the
Long-Form Notice, substantially in the form attached hereto as Exhibit D and subject to approval by
the District Court, this Agreement, contact information for the Settlement Administrator, contact
information for Class Counsel, and any other material the Parties agree in writing to include. The
Settlement Website URL will be determined by the mutual agreement of the Class Counsel and
Chase or, if no agreement can be reached, by the Mediator. The Settlement Website will not
include any advertising, and will not bear or include the Chase logo or trademarks. Ownership of
the Settlement Website URL will be transferred to Chase within ten (10) days of the date on which
operation of the Settlement Website ceases.

7.4.    CAFA Notice. All relevant approval and court filing dates will be scheduled to
ensure adequate time for compliance with the Class Action Fairness Act. Plaintiffs will cooperate
reasonably with Chase to ensure compliance so that the releases described in Section 6.1 and 6.2
above are fully enforceable.

## VIII.    **PRELIMINARY APPROVAL**

8.1.    Preliminary Approval Order. Plaintiffs will seek the District Court's approval of the
Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of a
Preliminary Approval Order substantially in the form attached hereto as Exhibit A. The Parties will
cooperate in presenting such papers to the District Court as may be necessary to effectuate the intent

Page 16 of 29

LA 51693093v16

and purposes of this Agreement.  Among other things, the proposed Preliminary Approval Order
will specifically include the following:

    a.    A determination that, for settlement purposes only, the Lawsuit may be
maintained as a class action on behalf of the Settlement Class;

    b.    A finding that the Notice as described in Section 7.2 above is the only notice
to the Settlement Class that is required, and that such Notice satisfies the
requirements of Due Process, the Federal Rules of Civil Procedure and any
other applicable laws;

    c.    A preliminary finding that this Agreement is fair, reasonable, adequate and
within the range of possible approval;

    d.    A preliminary finding that Plaintiffs fairly and adequately represent the
interests of the Settlement Class;

    e.    A preliminary appointment of Class Counsel finding that Class Counsel are
adequate to act as counsel for the Settlement Class;

    f.    A scheduled date for the Final Fairness Hearing, which the Parties will
request be approximately one hundred and thirty-five (135) days after entry
of the Preliminary Approval Order, to determine whether there exists any
reasonable basis why the Settlement should not be approved as being fair,
reasonable and adequate, in the best interests of the Settlement Class, and
why Judgment should not be entered thereon;

    g.    Establishment of a procedure for Settlement Class Members to opt-out of the
proposed Settlement and setting a postmark deadline of one hundred and five
(105) days following entry of the Preliminary Approval Order, after which no
Settlement Class Member will be allowed to opt-out of the Settlement Class;

LA 51693093v16

h.    Establishment of a procedure for Settlement Class Members to object to the proposed Settlement and setting a postmark deadline of one hundred and five (105) days following entry of the Preliminary Approval Order, after which no Settlement Class Member will be allowed to object to the proposed Settlement;

i.    Entry of a preliminary injunction as to Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, whether directly, representatively or in any other capacity, enjoining them from commencing or prosecuting against the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims; and

j.    Entry of a stay of all proceedings in the Lawsuit except as may be necessary to implement the Settlement or comply with the terms of this Agreement.

8.2.    <u>Stay Following Preliminary Approval Order</u>.  Upon entry of the Preliminary Approval Order, the Parties will promptly cooperate in filing such papers as may be necessary to obtain a stay of the proceedings in the Lawsuit and any other similar action, except as may be necessary to implement the Settlement or comply with the terms of this Agreement.

8.3.    <u>Denial Of Preliminary Approval Order</u>.  If the District Court fails for any reason to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit A, or to certify the Settlement Class for settlement purposes consistent with the provisions hereof, and if the Parties do not agree jointly to either address the reasons given by the District Court and seek further approval again, or to appeal such a ruling, then this Agreement will terminate and be of no further force or effect without any further action by the Parties.  In such an event, nothing in this Agreement or filed in connection with seeking entry of the Preliminary Approval Order may be

LA 51693093v16

used or construed as an admission or concession by any of the Parties in the Lawsuit, nor is any Party estopped from challenging any allegations in further proceedings in the Lawsuit.

    8.4.   Opt-Out/Requests For Exclusion From Settlement.

        a.   Requests For Exclusion. Settlement Class Members will be given the opportunity to opt out of the Settlement Class. All requests by Settlement Class Members to be excluded must be in writing, sent to the Settlement Administrator and postmarked not later than one hundred and five (105) days following entry of the Preliminary Approval Order. To be valid, a request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the Settlement Class Member's name, address and telephone number; (ii) the last four digits of the Settlement Class Member's Circuit City Rewards Credit Card account number(s); (iii) a sentence certifying that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class settlement in Davis v. Chase Bank USA, N.A., United States District Court, Central District of California, Case No. CV-04804-DDP-PJW." No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

        b.   Delivery To Parties; Certification To The District Court. The Settlement Administrator will provide copies of the original requests for exclusion to the Parties by no later than ten (10) days after the opt-out deadline. Not later than ten (10) days before the Final Fairness Hearing, the Settlement Administrator will file with the District Court a declaration verifying that

Notice has been provided to the Settlement Class as set forth in the
Preliminary Approval Order and listing all of the valid opt-outs received.

c.    Effect. Settlement Class Members who timely exclude themselves from the
Settlement Class will not be eligible to receive any payment pursuant to the
Settlement, will not be bound by any further orders or judgments in the
Lawsuit, and will preserve their ability to independently pursue any
individual claims for damages they may have against Chase by filing their
own individual lawsuit or arbitration at their own expense.  In the event of
ambiguity as to whether a Settlement Class Member has requested to be
excluded (such as through a submission of both a request for exclusion and a
Claim or a request for a Direct Payment, or by negotiating a Direct Payment),
the Settlement Class Member will be deemed not to have requested
exclusion.

d.    Right To Withdraw For Excessive Opt-Outs.  If more than one thousand
(1,000) Settlement Class Members request exclusion, then Chase in its sole
discretion may terminate this Agreement, and the Parties will be returned to
the status quo ante as of October 22, 2013, for all litigation purposes, as if no
settlement had been negotiated or entered into, and the provisions of Section
10.1 below will apply, including without limitation with respect to the
Settlement Fund.  If Chase exercises this right to declare the Agreement void,
it must provide Plaintiffs' Counsel with written notice of this election no later
than ten (10) days before the Final Fairness Hearing.

8.5.    Objections To Settlement.

a.    Right To Object.  Any Settlement Class Member who has not requested
exclusion in accordance with the terms of this Agreement, may file an

Page 20 of 29

LA 51693093v16

objection to the Settlement and appear at the Final Fairness Hearing to argue
that the proposed Settlement should not be approved and/or to oppose the
application of Class Counsel for an award of attorneys' fees and costs and the
service awards to Plaintiffs.

b.    Deadline.  Any such objection must be filed with the Clerk of the United
States District Court, Central District of California, 312 North Spring Street,
Los Angeles, California 90012, not later than one hundred and five (105)
days following entry of the Preliminary Approval Order.  Copies of all
objections also must be served electronically via the Court's ECF system or
mailed, postmarked no later than one hundred and five (105) days following
entry of the Preliminary Approval Order, to each of the following: Class
Counsel, Drew Pomerance, Roxborough, Pomerance, Nye & Adreani, LLP,
5820 Canoga Avenue, Woodland Hills CA 91367-6549; and Counsel for
Chase, Julia B. Strickland and Stephen J. Newman, Stroock & Stroock &
Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California
90067.

c.    Content Of Objections.  All objections must include: (i) the objector's name,
address and telephone number; (ii) the last four digits of the objector's
Circuit City Rewards Credit Card account number(s); (iii) a sentence
certifying he or she is a Settlement Class Member; (iv) the factual basis and
legal grounds for the objection to the Settlement; (v) the identity of witnesses
whom the objector may call to testify at the Final Fairness Hearing;
(vi) copies of exhibits the objector may seek to offer into evidence at the
Final Fairness Hearing; (vii) a sentence certifying that the objector has not

been promised anything in return for objecting; and (viii) the personal

signature of the objector.

## IX.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

9.1.   <u>Final Fairness Hearing</u>.   On a date to be set by the District Court, Plaintiffs will seek

from the District Court the Final Approval Order and Judgment in the Lawsuit, substantially in the

forms attached hereto as Exhibits B and E.   Among other things, the Final Approval Order will

provide:

    a.    That the Amended Complaint is filed and that no response to it needs to be

filed;

    b.    That the Lawsuit, for purposes of the Settlement, may be maintained as a

class action on behalf of the Settlement Class;

    c.    That Plaintiffs fairly and adequately represent the interests of the Settlement

Class;

    d.    That Class Counsel adequately represent Plaintiffs and the Settlement Class;

    e.    That the Notice satisfied the requirements of Due Process, the Federal Rules

of Civil Procedure and any other applicable laws;

    f.    That the Settlement is fair, reasonable and adequate to the Settlement Class

and that each Settlement Class Member will be bound by the Settlement,

including the Releases contained in Section 6.1 above;

    g.    That the Settlement represents a fair resolution of all claims asserted on

behalf of the Settlement Class and fully and finally resolves all such claims;

    h.    That this Agreement should be, and is, approved;

    i.    The amount of attorneys' fees and costs and service awards that may be paid

to Class Counsel and Plaintiffs from the Settlement Fund;

    j.    That the requests for exclusion from the Settlement are confirmed;

LA 51693093v16

k.    That all objections are overruled;

l.    That all claims in the Lawsuit and in the Amended Complaint are dismissed, on the merits and with prejudice, and that each and every Settlement Class Member (except those who have validly excluded themselves from the Settlement Class) is permanently enjoined from bringing, joining or continuing to prosecute against the Released Parties any Released Claims, and entering Judgment thereon; and

m.    That the District Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Settlement.

## X.    TERMINATION OF AGREEMENT

10.1.    Non-Approval Of Agreement.  This Agreement is conditioned upon final approval without material modification by the District Court in the Lawsuit.  In the event that the Agreement is not so approved, the Parties will return to the status quo ante as of October 22, 2013, as if no Agreement had been negotiated or entered into.  Moreover, the Parties will be deemed to have preserved all of their rights or defenses as of October 22, 2013, and will not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class.  Likewise, in the event that the Agreement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties will have the right to withdraw from the Agreement and return to the status quo ante as of October 22, 2013, for all litigation purposes, as if no Agreement had been negotiated or entered into, and will not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class.  All money within the Settlement Fund, including without limitation any accrued interest, at the time of

Page 23 of 29

non-approval by the District Court (or reversal or vacatur by an appellate court) will be returned to

Chase within fifteen (15) days of non-approval (or reversal or vacatur of approval).

## XI.   MISCELLANEOUS PROVISIONS

11.1.   Further Assurances.  Each of the Parties will execute all documents and perform all

acts necessary and proper to effectuate the terms of this Agreement.

11.2.   Dispute Resolution.  The Parties agree to meet and confer in good faith in regard to

any dispute relating to the Settlement or to administration of the Settlement, including without

limitation disputes regarding eligibility for payments.  Any dispute that cannot be resolved by the

Parties will be submitted to the Mediator for a written recommendation.  If the Mediator's

recommendation does not resolve the dispute, either Party may seek appropriate relief from the

District Court, and in ruling on the dispute the District Court may consider but will not be bound by

the Mediator's recommendation.

11.3.   Publicity And Non-Disparagement.  The Parties will refrain from publicly

disparaging each other or taking any action designed to harm the public perception of each other

regarding any issue related to the Settlement or the Lawsuit.  The Parties and counsel further agree

not to issue press releases or otherwise initiate communications with the media regarding this

Settlement or the Lawsuit.

11.4.   Entire Agreement.  This Agreement constitutes the entire agreement between and

among the Parties with respect to settlement of the Lawsuit.  This Agreement supersedes all prior

negotiations and agreements, including without limitation all offers and communications made

during the course of mediation.  THE PARTIES, AND EACH OF THEM, REPRESENT AND

WARRANT THAT NO OTHER PARTY OR ANY AGENT OR ATTORNEY OF ANY OF THE

PARTIES HAS MADE ANY PROMISE, REPRESENTATION OR WARRANTY

WHATSOEVER NOT CONTAINED IN THIS AGREEMENT TO INDUCE THEM TO

EXECUTE THE SAME.  THE PARTIES, AND EACH OF THEM, FURTHER REPRESENT

LA 51693093v16

AND WARRANT THAT THEY HAVE NOT EXECUTED THIS AGREEMENT IN RELIANCE
ON ANY PROMISE, REPRESENTATION OR WARRANTY NOT CONTAINED IN THIS
AGREEMENT.

11.5.  Confidentiality.  Any and all drafts of this Agreement and other settlement
documents relating to the negotiations between the Parties will remain confidential and will not be
disclosed or duplicated except as necessary to obtain preliminary and/or final court approval. This
provision will not prohibit the Parties from submitting this Agreement to the District Court in order
to obtain preliminary and/or final approval of the Settlement. It is agreed that, within thirty (30)
days after the Effective Date, the originals and all copies of all confidential or highly confidential
documents and/or information subject to the protective order in the Lawsuit must be destroyed or
returned to the designating Parties.

11.6.  Inadmissibility Of Discovery Provided In Connection With Settlement.  If approval
of the Settlement is denied, all discovery provided in connection with settlement negotiations,
including without limitation the post-mediation confirmatory discovery, will be subject to Rule 408
of the Federal Rules of Evidence and will not be admissible for any litigation purpose.

11.7.  Successors And Assigns.  The Agreement is binding upon, and inures to the benefit
of, the heirs, successors and assigns of the Parties.

11.8.  Competency Of Parties.  The Parties, and each of them, acknowledge, warrant,
represent and agree that in executing and delivering this Agreement, they do so freely, knowingly
and voluntarily, that they had an opportunity to and did discuss its terms and their implications with
legal counsel, that they are fully aware of the contents and effect of the Agreement and that such
execution and delivery is not the result of any fraud, duress, mistake or undue influence whatsoever.

11.9.  Authority.  The person signing this Agreement on behalf of Chase warrants and
represents that he or she is authorized to sign on Chase's behalf. Plaintiffs have personally signed
this Agreement.

LA 51693093v16

11.10. <u>Modification</u>. No modification of or amendment to this Agreement will be valid unless it is in writing and signed by all Parties hereto.

11.11. <u>Construction</u>. Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same will not be construed against any of the Parties. Before declaring any provision of this Agreement invalid, the District Court will first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable. After applying this rule of construction and still finding a provision invalid, the District Court will interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision. The invalidity of any one provision will not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.

11.12. <u>No Waiver</u>. The failure of any of the Parties to enforce at any time any provision of this Agreement will not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision. No waiver of any breach of this Agreement will constitute or be deemed a waiver of any other breach.

11.13. <u>Notices/Communications</u>. All requests, demands, claims and other communications hereunder will: (a) be in writing; (b) be delivered by U.S. Mail and email; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

<u>If to Plaintiffs or the Settlement Class:</u>

Drew Pomerance, Esq.
Roxborough, Pomerance, Nye & Adreani, LLP
5820 Canoga Avenue
Woodland Hills CA 91367-6549
Email: dep@rpnalaw.com

Page 26 of 29

Jeff Westerman, Esq.
Westerman Law Corp.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Email: jwesterman@jswlegal.com

Nicole Duckett Fricke, Esq.
Milberg LLP
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Email: ndfricke@milberg.com

If to Chase:

Julia B. Strickland, Esq.
Stephen J. Newman, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067
Email: jstrickland@stroock.com; snewman@stroock.com

Each of the Parties may change the address to which requests, demands, claims or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

11.14. Counting Of Days.  Except where stated otherwise, reference to "days" means calendar days.  If the last day upon which an act must or may be done falls on a weekend, holiday or other non-business day, such act must or may be done on the next subsequent business day.

11.15. Counterparts.  This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts constitute one instrument for all purposes and will be binding on each of the Parties that executed it, provided, however, that none of the Parties will be bound unless and until all Parties have executed this Agreement.  For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Agreement may be treated as originals.

[SIGNATURES APPEAR ON THE FOLLOWING PAGES]

Page 27 of 29

LA 51693093v16

Agreed and accepted:

Dated: April ___, 2014                    By:_____
                                              Gary J. Davis


Dated: April ___, 2014                    By:_____
                                              Gene Castillo


Dated: April ___, 2014                    Chase Bank USA, N.A.

                                          By: _____
                                              Eileen Serra


Approved as to form and content:

Dated: April 23 2014                      Westerman Law Corp.

                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class


Dated: April 23 2014                      ROXBOROUGH, POMERANCE, NYE &
                                          ADREANI, LLP


                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class


Dated: April ___, 2014                    Milberg LLP
       June 9,

                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class


                           Page 28 of 3

LA 51693093v16

Approved as to form:

Dated: April 14, 2014                        STROOCK & STROOCK & LAVAN LLP

                                             By

                                             Attorneys for Chase

LA 51693093v16

Agreed and accepted:

Dated: April ___, 2014            By: _____
                                     Gary J. Davis

Dated: April 23, 2014             By: _____
                                     Gene Castillo

Dated: April ___, 2014            Chase Bank USA, N.A.

                                  By: _____

Approved as to form and content:

Dated: April ___, 2014            Westerman Law Corp.

                                  By _____

                                  Attorneys for Plaintiffs and the Settlement Class

Dated: April ___, 2014            ROXBOROUGH, POMERANCE, NYE &
                                  ADREANI, LLP

                                  By _____

                                  Attorneys for Plaintiffs and the Settlement Class

Dated: April ___, 2014            Milberg LLP
       June 9,

                                  By _____

                                  Attorneys for Plaintiffs and the Settlement Class

Page 28 of 29

LA 51693093v16

# EXHIBIT A

LA 51732215

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   GARY DAVIS, an individual, on behalf )    Case No. CV 06-04804 DDP (PJWx)
     of himself, as Private Attorney General, )
12   and on behalf of all others similarly   )    Assigned to the Hon. Dean D. Pregerson
     situated,                               )
                                             )    **[PROPOSED] PRELIMINARY**
13              Plaintiff,                    )    **APPROVAL ORDER**
                                             )
14        v.                                 )
                                             )
15   CHASE BANK U.S.A., N.A., a              )
     Delaware corporation; and DOES 1        )
16   through 50, inclusive,                  )
                                             )
17              Defendants.                  )
                                             )
18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────

                    [PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

1        WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to

2   Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement

3   of the above-captioned action (the "Lawsuit") in accordance with the Stipulation and

4   Agreement of Settlement filed with this Court on _____, 2014 (the "Agreement" or

5   the "Settlement"), and the exhibits attached thereto, entered into by and between

6   Plaintiffs and Chase, setting forth the terms and conditions for a proposed settlement

7   of the Lawsuit and its dismissal with prejudice; and

8        WHEREAS, Chase does not oppose Plaintiffs' Motion; and

9        WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of

10  themselves individually and on behalf of each of the Settlement Class Members,

11  have agreed to release all claims arising under federal, state or common law as

12  specified in Sections 6.1 and 6.2 of the Agreement; and

13       WHEREAS, this Court having read and considered Plaintiffs' Motion, the

14  Agreement and exhibits attached thereto, as well as all arguments and submissions

15  from the Parties and any intervenors at the noticed hearings; and

16       WHEREAS, all defined terms have the same meaning as set forth in the

17  Agreement.

18       NOW, THEREFORE, IT IS HEREBY ORDERED:

19       1.    For purposes of this Lawsuit, this Court has subject matter jurisdiction

20  and, for purposes of the Settlement only, this Court has personal jurisdiction over the

21  Parties, including all Settlement Class Members.

22       2.    For purposes of this Settlement only, this Court preliminarily certifies

23  the following Settlement Class:

24       All Chase Circuit City Rewards Credit Cardmembers with
     California billing addresses who, between May 26, 2004

25       and the entry of this Preliminary Approval Order
     (inclusive), made a promotional or deferred-interest

26       purchase at Circuit City and who, as a result of payments
     or credits being allocated to a regular purchase balance after

27       the promotional or deferred-interest balance, paid more in
     finance charges than they would have paid if the payments

28       or credits had first been applied to the regular purchase
     balance.

- 1 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

1        The Settlement Class preliminarily is certified pursuant to Federal Rule of

2  Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to

3  exclude themselves by way of the opt-out procedure set forth below in Paragraph 12.

4        3.    This Court preliminarily finds, solely for purposes of the Settlement,

5  that the Lawsuit may be maintained as a class action on behalf of the Settlement

6  Class because:  (a) the Settlement Class is so numerous that joinder of all Settlement

7  Class Members in the Lawsuit is impracticable; (b) there are questions of law and

8  fact common to Settlement Class Members that predominate over any individual

9  questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class;

10  (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected

11  the interests of the Settlement Class; and (e) a class action is superior to other

12  available methods for the fair and efficient adjudication of the controversy.

13        4.    This Court preliminarily approves the Agreement as being fair,

14  reasonable and adequate and within the range of possible approval, subject to further

15  consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

16        5.    This Court preliminarily finds that Plaintiffs fairly and adequately

17  represent the interests of the Settlement Class and therefore designates Plaintiffs as

18  the representatives of the Settlement Class.

19        6.    Pursuant to Federal Rule of Civil Procedure 23(g), and after

20  consideration of the factors described therein and oral and written arguments, this

21  Court designates as Class Counsel the law firms of Westerman Law Corp.,

22  Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP.   This Court

23  preliminarily finds that based on the work Class Counsel have done in identifying,

24  investigating and prosecuting the claims in the action, Class Counsel's experience in

25  handling class actions, other complex litigation and claims of the type asserted in this

26  Lawsuit, Class Counsel's knowledge of the applicable law and the resources Class

27  Counsel have and will commit to representing the class, Class Counsel have and will

28  fairly and adequately represent the interests of the Settlement Class.  Plaintiffs and

[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

1   Class Counsel, on behalf of the Settlement Class, are authorized to take all
2   appropriate action required or permitted to be taken by the Settlement Class pursuant
3   to the Agreement to effectuate its terms.

4         7.    The Final Fairness Hearing will take place before the Honorable Dean
5   D. Pregerson on _____, 2014 **[a date on or after one hundred and thirty-five**
6   **(135) days following entry of this Order]** at _____ a.m./p.m. at the United States
7   District Court, Central District of California, Courtroom #3, 312 Spring Street, Los
8   Angeles, California 90012, to determine:  whether the proposed Settlement of the
9   Lawsuit on the terms and conditions provided for in the Agreement is fair, adequate
10  and reasonable as to the Settlement Class Members and should be approved; whether
11  the Judgment, as provided for in the Agreement, should be entered; and whether the
12  amount of fees and costs that should be awarded to Class Counsel, and the amount of
13  the service awards that should be awarded to Plaintiffs, as provided for in the
14  Agreement.  The Court will also hear and consider any properly lodged objections at
15  that time.

16        8.    This Court approves Gilardi & Co. LLC as the Settlement
17  Administrator.  The Settlement Administrator is directed to implement the notice
18  program set forth in Sections 7.2 and 7.3 of the Agreement.

19        9.    This civil action was commenced after February 18, 2005.  To the extent
20  it has not already done so, the Court directs Chase to notify the appropriate Federal
21  and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,
22  and, at or before the Final Fairness Hearing, file proof that such notice has been
23  given.

24        10.   This Court finds that notice as set forth in Sections 7.2 and 7.3 of the
25  Agreement are the only notice required, and that such notice satisfies the
26  requirements of due process, the Federal Rules of Civil Procedure, the Class Action
27  Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and
28  constitutes the best notice practicable under the circumstances and will constitute due

- 3 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

1    and sufficient notice to all persons entitled thereto.  This Court approves the form

2    and content of the Postcard Notice and Long-form Notice attached as Exhibits C and

3    D to the Agreement.

4        11.    All Settlement Class Members who do not request exclusion ("opt-out")

5    from the Settlement Class certified pursuant to Federal Rule of Civil Procedure

6    23(b)(3), pursuant to the procedure set forth in Paragraph 12 below, will be bound by

7    all determinations and judgments in this Lawsuit concerning the Settlement,

8    including, but not limited to, the validity, binding nature and effectiveness of the

9    releases set forth in Sections 6.1 and 6.2 of the Agreement.

10        12.    Any Settlement Class Member who wishes to opt-out of the Settlement

11   Class will submit to the Settlement Administrator an appropriate written request for

12   exclusion by mail, postmarked no later than one hundred and five (105) days after

13   entry of this Order.  The request for exclusion must be personally signed by the

14   Settlement Class Member, and include:  (i) the Settlement Class Member's name,

15   address, telephone number; (ii) the last four digits of the Settlement Class Member's

16   Chase credit card account number(s); (iii) a sentence certifying that he or she is a

17   Settlement Class Member; and (iv) the following statement: "I request to be excluded

18   from the class settlement in <u>Davis v. Chase Bank USA, N.A.</u>, United States District

19   Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW."  No

20   Settlement Class Member, or any person acting on behalf of or in concert or

21   participation with a Settlement Class Member, may exclude any other Settlement

22   Class Member from the Settlement Class.

23        13.    Any Settlement Class Member, who has not previously opted-out in

24   accordance with the terms of Paragraph 12 above, may appear at the Final Fairness

25   Hearing to argue that the proposed Settlement should not be approved and/or to

26   oppose the application of Class Counsel for an award of attorneys' fees and costs and

27   the service awards to Plaintiffs; provided, however, that no Settlement Class Member

28   will be heard, and no objection may be considered, unless the Settlement Class

- 4 -

[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

1   Member files with this Court a written statement of the objection postmarked no later

2   than one hundred and five (105) days following entry of this Order.  Copies of all

3   objection papers also must be served electronically via the Court's ECF system or

4   mailed, postmarked no later than one hundred and five (105) days following entry of

5   this Preliminary Approval Order, to each of the following: Class Counsel, Drew

6   Pomerance, Esq., Roxborough, Pomerance, Nye & Adreani, LLP, 5820 Canoga

7   Avenue, Woodland Hills CA 91367-6549; and counsel for Chase, Julia B. Strickland,

8   Esq. and Stephen J. Newman, Esq., Stroock & Stroock & Lavan LLP, 2029 Century

9   Park East, 16th Floor, Los Angeles, California 90067.  All objections must include:

10  (i) the objector's name, address and telephone number; (ii) the last four digits of the

11  objector's Circuit City Rewards Credit Card account number(s); (iii) a sentence

12  certifying he or she is a Settlement Class Member; (iv) the factual basis and legal

13  grounds for the objection to the Settlement; (v) the identity of witnesses whom the

14  objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the

15  objector may seek to offer into evidence at the Final Fairness Hearing; (vii) a

16  sentence certifying that the objector has not been promised anything in return for

17  objecting; and (viii) the personal signature of the objector.

18      14.    Class Counsel will submit their papers in support of final approval of

19  the Settlement and their application for attorneys' fees and reimbursement of

20  expenses by no later than twenty (20) days before the objection deadline set by

21  Paragraph 13 above.

22      15.    Class Counsel will submit their papers in response to any objections by

23  no later than seven (7) days before the Final Fairness Hearing.

24      16.    The costs of notice and settlement administration shall be paid as

25  described in Section 4 of the Agreement.

26      17.    All proceedings in this Lawsuit are stayed pending final approval of the

27  Settlement, except as may be necessary to implement the Settlement or comply with

28  the terms of the Agreement.

1      18.    Pending final determination of whether the Settlement should be

2  approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly

3  acting on behalf of Settlement Class Members, either directly, representatively or in

4  any other capacity, are preliminarily enjoined from commencing or prosecuting

5  against the Released Parties any action or proceeding in any court or tribunal

6  asserting any of the Released Claims, provided, however, that this injunction will not

7  apply to individual claims of any Settlement Class Members who timely exclude

8  themselves in a manner that complies with Paragraph 12 above.  This injunction is

9  necessary to protect and effectuate the Settlement, this Order, and this Court's

10  flexibility and authority to effectuate this Settlement and to enter judgment when

11  appropriate, and is ordered in aid of this Court's jurisdiction and to protect its

12  judgments pursuant to 28 U.S.C. section 1651(a).

13      19.    This Court reserves the right to adjourn or continue the date of the Final

14  Fairness Hearing without further notice to Settlement Class Members, and retains

15  jurisdiction to consider all further applications arising out of or connected with the

16  Settlement.  This Court may approve or modify the Settlement without further notice

17  to Settlement Class Members.

18

19      IT IS SO ORDERED.

20  Dated: _____    _____

21                                                       DEAN D. PREGERSON
                                                         United States District Court Judge

22

23

24

25

26

27

28

- 6 -

LA 51732215

# EXHIBIT B

LA 51732215

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   GARY DAVIS, an individual, on behalf  )   Case No. CV 06-04804 DDP (PJWx)
11   of himself, as Private Attorney General,  )
     and on behalf of all others similarly  )   Assigned to the Hon. Dean D. Pregerson
12   situated,                            )
                                          )   **[PROPOSED] FINAL APPROVAL**
13              Plaintiff,                 )   **ORDER**
                                          )
14         v.                             )
                                          )
15   CHASE BANK U.S.A., N.A., a           )
     Delaware corporation; and DOES 1      )
16   through 50, inclusive,               )
                                          )
17              Defendants.               )
                                          )
18

19

20

21

22

23

24

25

26

27

28

                    [PROPOSED] FINAL APPROVAL ORDER
LA 51732215

1    Plaintiffs, on their own behalf and on behalf of all similarly situated
2    consumers, submitted to the District Court a Motion for Final Approval of the Class
3    Action Settlement ("Motion") seeking final approval of the Stipulation and
4    Agreement of Settlement (the "Agreement" or the "Settlement"), and the exhibits
5    attached thereto, entered into by and between Plaintiffs and Chase.  Chase does not
6    oppose Plaintiffs' Motion.

7    By Order dated _____, 2014, the District Court entered an Order that
8    preliminarily approved the Agreement and conditionally certified the Settlement
9    Class for settlement purposes only (the "Preliminary Approval Order").  Due and
10    adequate notice having been given to the Settlement Class in compliance with the
11    procedures set forth in the Agreement and the Preliminary Approval Order, this
12    Court having considered all papers filed and proceedings had herein, and otherwise
13    being fully informed of the premises and good cause appearing therefore, IT IS
14    HEREBY ORDERED, ADJUDGED, AND DECREED:

15    1.    This Final Approval Order incorporates by reference the definitions in
16    the Agreement, and all terms used herein will have the same meanings as set forth in
17    the Agreement.

18    2.    This Court has jurisdiction over the subject matter of the above-
19    captioned action (the "Lawsuit") and, for purposes of this Settlement only, personal
20    jurisdiction over the Parties and all Settlement Class Members.

21    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and
22    consistent with due process, this Court hereby approves the Agreement and finds that
23    the settlement consideration is fair and that said Settlement is, in all respects, fair,
24    reasonable and adequate to the Settlement Class Members, and the Parties are hereby
25    directed to consummate the Settlement in accordance with the terms and provisions
26    of the Agreement.

27    4.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby
28    certifies the Settlement Class solely for purposes of effectuating this Settlement.

- 1 -
[PROPOSED] FINAL APPROVAL ORDER

LA 51732215

a.   The Settlement Class is defined as follows:

All Chase Circuit City Rewards Credit Cardmembers with California billing addresses who, between May 26, 2004 and [date] (inclusive), made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance.

b.   Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.   For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iii) the difficulties likely to be encountered in the management of this class action.

6.   This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of due process, the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all

2

LA 51732215

1   persons entitled thereto.  Class Counsel has filed with the Court proof that notice was
2   provided to Settlement Class Members in compliance with the procedures set forth in
3   the Agreement and the Preliminary Approval Order.  Chase's counsel has filed with
4   the Court proof of compliance with the Class Action Fairness Act of 2005.

5       7.    This Court has considered and hereby overrules all objections to the
6   Settlement on their merits.

7       8.    This Court hereby dismisses with prejudice on the merits and without
8   costs (except as otherwise provided in the Agreement) the above-captioned action
9   (subject to retention of jurisdiction to enforce the Settlement).

10      9.    By operation of this Final Approval Order and upon the occurrence of
11  the Effective Date, Plaintiffs and each Settlement Class Member, their respective
12  heirs,  executors,  administrators,  representatives,  agents,  attorneys,  partners,
13  successors, predecessors-in-interest, assigns and all persons acting for or on their
14  behalf, are deemed to have fully, finally and forever released the Released Parties (as
15  defined below) from all Claims (as defined below).

16      a.    "Released Parties" means Chase, together with its predecessors,
17  successors (including, without limitation, acquirers of all or substantially all of its
18  assets, stock or other ownership interests) and assigns; the past, present, and future,
19  direct and indirect, parents (including but not limited to holding companies and
20  JPMorgan Chase & Co.), subsidiaries and affiliates of any of the above; and the past,
21  present and future principals, trustees, partners, claims administrators (including,
22  without limitation, the Settlement Administrator), officers, directors, employees,
23  agents,  attorneys,  shareholders,  advisors,  predecessors,  successors,  assigns,
24  representatives, heirs, executors, and administrators of any of the above.

25      b.    "Claim" and "Claims" mean any and all actual or potential
26  claims, actions, causes of action, suits, counterclaims, cross-claims, third party
27  claims, contentions, allegations, and assertions of wrongdoing, and any demands for
28  any and all debts, obligations, liabilities, damages (whether actual, compensatory,

3

LA 51732215

1   treble, punitive, exemplary, statutory or otherwise), attorneys' fees, costs, expenses,

2   restitution, disgorgement, injunctive relief, any other type of equitable, legal or

3   statutory relief, any other benefits, or any penalties of any type whatsoever, whether

4   known or unknown, suspected or unsuspected, contingent or non-contingent, or

5   discovered or undiscovered, whether asserted in federal court, state court, arbitration

6   or otherwise, and whether triable before a judge or jury or otherwise, including,

7   without limitation, those that were alleged, or that could have been alleged based on

8   the same or similar facts and circumstances, in the Lawsuit.

9           c.      Without limiting the foregoing, the claims released pursuant to

10  Paragraph 9b (the "Released Claims") specifically extend to Claims that Settlement

11  Class Members do not know or suspect to exist in their favor as of or prior to the

12  Effective Date.

13          10.     The Parties, and all Settlement Class Members, agree that the releases in

14  Paragraph 9 constitute a waiver of Section 1542 of the California Civil Code and any

15  similar or comparable provisions, rights and benefits conferred by the law of any

16  state or territory of the United States or any jurisdiction, and any principle of

17  common law.  Section 1542 of the California Civil Code provides:

18          A GENERAL RELEASE DOES NOT EXTEND TO
            CLAIMS WHICH THE CREDITOR DOES NOT KNOW
19          OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
            THE TIME OF EXECUTING THE RELEASE, WHICH
20          IF KNOWN BY HIM OR HER MUST HAVE
            MATERIALLY AFFECTED HIS OR HER
21          SETTLEMENT WITH THE DEBTOR.

22          Plaintiffs and each Settlement Class Member understand and acknowledge the

23  significance of these waivers of California Civil Code Section 1542 and/or of any

24  other applicable law relating to limitations on releases.  In connection with such

25  waivers and relinquishment, Plaintiffs and each Settlement Class Member

26  acknowledge that they are aware that they may hereafter discover facts in addition to,

27  or different from, those facts which they now know or believe to be true with respect

28  to the subject matter of the Settlement, but that they release fully, finally and forever

4

1   all Claims, and in furtherance of such intention, the releases will remain in effect

2   notwithstanding the discovery or existence of any such additional or different facts.

3   The Parties acknowledge (and all Settlement Class Members by operation of law are

4   deemed to have acknowledged) that the release of unknown Claims as set forth

5   herein was separately bargained for and was a key element of the Settlement.

6        11.   This Final Approval Order, the Preliminary Approval Order, the

7   Agreement, and any act performed or document executed pursuant to or in

8   furtherance thereof:

9        a.   Will not be offered or received against the Released Parties as

10   evidence of, or be construed as or deemed to be evidence of, any admission or

11   concession by the Released Parties as to the truth or relevance of any fact alleged by

12   Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class

13   certification had the Lawsuit been litigated rather than settled, or the validity of any

14   claim that has been or could have been asserted in the Amended Complaint or in any

15   other litigation, or the deficiency of any defense that has been or could have been

16   asserted to the Amended Complaint or in any other litigation, or of any liability,

17   negligence, fault, or wrongdoing of the Released Parties;

18        b.   Will not be offered as or received against any of the Released

19   Parties as evidence of, or construed as or deemed to be evidence of, any admission or

20   concession of any liability, negligence, fault or wrongdoing, or in any way referred

21   to for any other reason as against any of the parties to the Agreement, in any other

22   civil, criminal or administrative action or proceeding, other than such proceedings as

23   may be necessary to effectuate the provisions of the Agreement, except that the

24   Released Parties may refer to it to effectuate the liability protection granted them

25   thereunder;

26        c.   Will not be deemed an admission by Chase that it is subject to the

27   jurisdiction of any court;

28

5

LA 51732215

1            d.     Will not be construed against Chase as an admission or

2    concession that the consideration to be given under the Agreement represents the

3    amount which could be or would have been recovered after trial.

4            12.    The Released Parties may file the Agreement and/or this Final Approval

5    Order in any action that may be brought against them in order to support a defense or

6    counterclaim based on principles of res judicata, collateral estoppel, release, good

7    faith settlement, judgment bar, reduction, set-off or any other theory of claim

8    preclusion or issue preclusion or similar defense or counterclaim.

9            13.    Settlement Class Members, and any person or entity allegedly acting on

10   behalf of Settlement Class Members, either directly, representatively or in any other

11   capacity, are enjoined from commencing or prosecuting against the Released Parties

12   any action or proceeding in any court or tribunal asserting any of the Released

13   Claims, provided, however, that this injunction will not apply to non-released claims

14   of Opt-Outs.

15           14.    The Court finds that the Parties and their counsel have complied with

16   each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all

17   proceedings herein.

18           15.    Class Counsel are hereby awarded the sum of $_____ in

19   attorneys' fees and costs, which sum the Court finds to be fair and reasonable, which

20   will be paid to Class Counsel from the Settlement Fund.  The award of attorneys'

21   fees and costs will be allocated among Class Counsel in a fashion which, in the

22   opinion of Class Counsel, fairly compensates Class Counsel for their respective

23   contributions in the prosecution of the Lawsuit.

24           16.    Plaintiff Gary Davis is hereby awarded $_____ from the

25   Settlement Fund.  Plaintiff Gene Castillo is hereby awarded $_____

26   from the Settlement Fund.  These service awards are for their time and efforts spent

27   conferring with and assisting Class Counsel to help further the Lawsuit for the

28   benefit of the Settlement Class.

LA 51732215

1     17.    In making the award of attorneys' fees and costs to Class Counsel and

2 service award to Plaintiffs, the Court has considered and found that:

3         a.    The Parties entered into arm's-length discussions regarding

4 attorneys' fees for Class Counsel, including extensive discussions through and with

5 the assistance of a third-party mediator, Hon. Edward A. Infante (Ret.);

6         b.    The Settlement created a benefit with a substantial value to the

7 Settlement Class and numerous Settlement Class Members.

8         c.    _____ copies of the Postcard Notice were disseminated to

9 putative Settlement Class Members. _____ objections were filed against the

10 terms of the proposed Settlement;

11         d.    Class Counsel conducted the Lawsuit and achieved the Settlement

12 with skill, perseverance and diligent advocacy;

13         e.    The Lawsuit involves complex factual and legal issues and was

14 actively prosecuted over seven years and, in the absence of a settlement, would

15 involve further lengthy proceedings with uncertain resolution of the complex factual

16 and legal issues;

17         f.    Had Class Counsel not achieved the Settlement there would

18 remain a significant risk that the Settlement Class may have recovered less or

19 nothing from the defendant;

20         g.    Class Counsel have devoted over _____ hours, with a lodestar

21 value of over $_____ to achieve the Settlement; and

22         h.    The amount of attorneys' fees and costs awarded and the amount

23 of the service award to Plaintiffs are fair and reasonable and consistent with awards

24 in similar cases.

25     18.    Without affecting the finality of this Final Approval Order in any way,

26 this Court retains continuing jurisdiction of all matters relating to the modification,

27 interpretation, administration, implementation, effectuation and enforcement of the

28 Settlement. Class Counsel are to continue in their role to oversee all aspects of the

7

LA 51732215

1   Settlement. Upon notice to Class Counsel, Chase may seek from this Court, pursuant

2   to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent

3   or forestall the assertion of any of the Released Claims in any other forum, or as may

4   be necessary to protect and effectuate the Settlement and this Final Approval Order.

5       19.    If an appeal, writ proceeding or other challenge is filed as to this Final

6   Approval Order, and if thereafter the Final Approval Order is not ultimately upheld,

7   all orders entered, stipulations made and releases delivered in connection herewith,

8   or in the Agreement or in connection therewith, will be null and void to the extent

9   provided by and in accordance with the Agreement.

10      20.    There is no just reason for delay in the entry of this Final Approval

11  Order and immediate entry by the Clerk of the Court is expressly directed pursuant to

12  Rule 54(b) of the Federal Rules of Civil Procedure.

13

14          IT IS SO ORDERED.

15  Dated: _____    _____

16                                   DEAN D. PREGERSON
                                     United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

LA 51732215

# EXHIBIT C

LA 51732215

[Front]

| | |
|---|---|
| **Circuit City Rewards Credit Cardmembers who made promotional or deferred-interest purchases at Circuit City may be entitled to payment under a class action settlement.**<br><br>*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*<br><br>This is an official court notice from the United States District Court for the Central District of California | TO<br><br>[name and address here.] |

[Inside]

You may be entitled to a payment as part of a proposed $5.5 million cash settlement of a class action if you were or are a Chase or Bank One Circuit City Rewards Credit Cardmember with a California billing address and you made a promotional or deferred-interest purchase at Circuit City between May 26, 2004 and _____ ___, 2014 and, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, you paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance.

The class action lawsuit alleged that Chase, and before it, Bank One, improperly allocated payments or credits on Circuit City Rewards Credit Cards. No court has decided which side was right and Chase and Bank One deny that they did anything wrong. Both sides agreed to the Settlement to resolve the case and provide relief to Settlement Class.

If you wish to remain a part of the Settlement Class and are entitled to a payment, you do not have to do anything, as a check will automatically be mailed to you after the Settlement becomes Final.

If you want to exclude yourself from the Settlement, you must send a written request specifically stating that you request exclusion to _____ *Litigation* Settlement Administrator, P.O. Box ____, CITY, ST ZIP postmarked no later than ____ ___, 2014. If you do not opt out, you will be bound by this Settlement.

If you remain a Settlement Class Member, you may object to the Settlement by writing to the Court and sending copies to counsel no later than ____ ___, 2014. Full details on how to object or exclude yourself can be found at www._____.com.

The Court will hold a hearing at the United States District Court, Central District of California, Courtroom #3, 312 Spring Street, Los Angeles, California 90012 on _____, 2014 at 10:00 a.m. to

consider whether to approve the settlement and award attorneys' fees, costs and service awards as requested, in an amount not to exceed $1,510,000. You or your lawyer may ask to appear and speak at your own expense, but you do not have to. For further and more detailed information about this settlement and your rights, please review the Long-Form Notice available at www._____.com.   Write to _____ *Litigation* Settlement Administrator, P.O. Box ____, CITY, ST ZIP to request the Long-Form Notice.  This Notice is only a summary.

*Davis v. Chase Bank USA, N.A.*
*United States District Court for the Central District of California, Case No. 2:06-CV-04804-DDP-PJW*

1

# EXHIBIT D

LA 51732215

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO CHASE CREDIT CARDHOLDERS

**This Notice summarizes your rights under the proposed settlement of a class action lawsuit as described below. You are eligible for payment if you were a Chase or Bank One Circuit City Rewards Credit Cardholder with a California billing address who between May 26, 2004 and _____ ___, 2014 made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance before the regular purchase balance, paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance.**

# THIS NOTICE COULD AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY

This Notice is provided to you by order of the United States District Court, Central District of California. This summarizes a proposed settlement of a class action lawsuit titled *Davis v. Chase Bank USA, N.A.,* Case No. 2:06-CV-04804-DDP-PJW (the "Lawsuit"). In the Lawsuit, Gary Davis and Gene Castillo ("Plaintiffs") allege that Chase Bank USA, N.A., and before it, Bank One, Delaware, N.A. (together, "Chase"), improperly allocated payments or credits on Circuit City Rewards Credit Cards. Plaintiffs make these claims on behalf of all Chase credit card account holders in California who between May 26, 2004 and _____ ___, 2014 made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance, **before the regular purchase balance**, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance. Chase vigorously denies the allegations, and contends that it fully and adequately disclosed the terms of all promotional rate offers and acted in accordance with its contractual authority.

## Who is a Settlement Class Member?

You are a Settlement Class Member if you were or are a Chase or Bank One Circuit City Rewards Credit Cardholder with a California billing address who made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance, **before the regular purchase balance**, paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance between May 26, 2004 and _____ ___, 2014.

## What are the terms of the proposed Settlement?

The complete terms of the proposed settlement are set forth in a formal Stipulation and Agreement of Settlement (the "Agreement" or the "Settlement") which is on file with the Court and is available here [hyperlink]. This Notice is only a summary of the Agreement, and in case of any conflict or inconsistency between this Notice and the Agreement, the terms of the Agreement will control. The Agreement, if approved, would resolve all of the claims alleged in the Lawsuit.

LA 51732215

The Settlement benefits are summarized below.

## The Settlement Fund.

Chase has agreed to pay $5,500,000 for the benefit of Settlement Class Members. This money will be used: (1) to pay the costs of notice and administering the Settlement; (2) to pay Settlement Class Counsel's attorneys' fees and litigation expenses and to pay service awards to Plaintiffs; (3) to make payments to Settlement Class Members (described below); and (4) to pay any residual balance of the Settlement Fund, if any, to a charitable organization or organizations.

Counsel for Plaintiffs and the Settlement Class will ask the Court to award them up to $1,500,000 in fees and costs and to award the two Plaintiffs service awards of $5,000 each (for a total of $1,510,000 in fees, costs and service awards). The Court will determine the appropriate amount of the awards to be paid from the Settlement Fund. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs or service award amounts. Class Counsel will also file a motion for an award of attorneys' fees no later than twenty (20) days before the deadline to object, as set forth below. A copy of the motion can be obtained from the Settlement Administrator, and will be available on this website when it is filed.

## Payment to Settlement Class Members.

If the Settlement is approved by the Court, Settlement Class Members will automatically receive payment, which will be mailed to them by the Settlement Administrator. There is no requirement to submit a claim form or take any further action on your part, but please update the Settlement Administrator, at _____, if your address changes.

## What Happens Next?

The Court will hold a "Final Fairness Hearing" on _____ 2014, at _____ at the United States District Court, Central District of California, 312 Spring Street, Courtroom #3, Los Angeles, CA 90012, to hear any objections and to consider whether to give final approval to the Settlement. The Court will only hear objections at the hearing from those who timely object to the Settlement (see below). You may participate in the Final Fairness Hearing with or without an attorney, but if you choose to be represented by an attorney you must do so at your own expense. YOU DO NOT HAVE TO APPEAR AT THE HEARING TO RECEIVE THE BENEFITS OF THE SETTLEMENT.

## What Are Your Options?

## Participate in the Settlement.

If you wish to remain a part of the Settlement Class and are entitled to a payment, a check will automatically be mailed to you after the Settlement becomes Final. You must negotiate any payments within one hundred eighty (180) days of the date indicated on the check. Based on the size of the Settlement Class and the estimated expenses and fees

paid from the Settlement Fund, each Settlement Class Member likely will receive a check for at least $8.00.

## Opt Out of the Settlement.

You may exclude yourself from the Settlement. If you choose to exclude yourself, or "opt out," you must send a written statement to the Settlement Administrator that includes: (1) your full name; (2) your address; (3) the last four digits of your Chase credit card account number(s); (4) a sentence certifying that you are a Settlement Class Member; and (5) the following statement: "I request to be excluded from the class settlement in *Davis v. Chase Bank, USA, N.A.*, United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW." You must personally sign your written "opt-out" statement and mail it postmarked by _____ to the following address:

[Settlement Administrator]

If you do not opt out, you will be bound by this Settlement.

## Object to the Settlement.

You may remain a Settlement Class Member, but object to the terms of the Settlement. You may object to all or any portion of the Settlement at the Final Fairness Hearing, but you must first explain your objections in writing. All objections must include: (i) your name, address and telephone number; (ii) the last four digits of your Circuit City Rewards Credit Card account number(s); (iii) a sentence certifying you are a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the Settlement; (v) the identity of witnesses whom you may call to testify at the Final Fairness Hearing; (vi) copies of exhibits you may seek to offer into evidence at the Final Fairness Hearing; (vii) a sentence certifying that you have not been promised anything in return for objecting; and (viii) your personal signature. To be considered, objections must be: (1) mailed to the lawyers handling the case for each side postmarked by _____ ; and (2) filed with the court no later than _____ . The three addresses are:

**Counsel for Plaintiff**:
Drew Pomerance, Esq.
Roxborough, Pomerance, Nye &
Adreani, LLP
5820 Canoga Avenue
Woodland Hills CA 91367-6549

**Counsel for Chase**:
Julia B. Strickland, Esq.
Stephen J. Newman, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067

2

**The Court:**
Clerk, United States District Court
Central District of California
312 Spring Street, Courtroom 3
Los Angeles, CA 90012

You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

## What claims will be released by this Settlement?

If the Settlement receives final approval from the Court, the Settlement will be legally binding on all Settlement Class Members, including Settlement Class Members who object. This means that, you will be barred from pursuing the claims released by the Settlement unless you validly "opt out" as described above. The full terms of the release, which will bind all Settlement Class Members as to certain claims against Chase and certain affiliates and related entities, are set forth in the Agreement which is on file with the Court and available here [hyperlink]. The Release provides that as of the Effective Date, Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, will be deemed to have fully, finally and forever released the Released Parties from all Claims, as described in Section 2.10 of the Agreement. Without limiting the foregoing, the Claims released specifically extend to Claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date.

The Release constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member are deemed to understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member are deemed to have acknowledged that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Claims, and in furtherance of such intention, the Release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge (and all Settlement Class Members by operation of law will be deemed to have

LA 51732215

acknowledged) that the release of unknown Claims as set forth herein was separately bargained for and was a key element of the Settlement.

In summary, you will release all Claims that were alleged (or that could have been alleged based on the same or similar facts and circumstances, whether known or unknown) in the Lawsuit.   YOU WILL NOT BE PERMITTED TO FILE OR CONTINUE ANY LAWSUIT CHALLENGING ALLOCATION OF PAYMENTS ON CIRCUIT CITY REWARDS CREDIT CARD ACCOUNT BALANCES.

## More Information Is Available.

This Notice is only a summary of the Settlement, which is embodied by the terms of the Agreement.  If you have questions regarding the Settlement, contact the Settlement Administrator at:

[address/phone/email]

You may also review the Court's file during regular court hours at:

U.S. District Court, Central District of California
312 Spring Street
Los Angeles, CA 90012

PLEASE DO NOT TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.

U.S. District Court, Central District of California
312 Spring Street
Los Angeles, CA 90012

**PLEASE DO NOT TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.**

Dated: _____, 2014

By Order of the United States District Court, Central District of California.

4

# EXHIBIT E

5

LA 51732215

1

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| GARY DAVIS, an individual, on behalf of himself, as Private Attorney General, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. CV 06-04804 DDP (PJWx)<br><br>Assigned to the Hon. Dean D. Pregerson<br><br>**[PROPOSED] JUDGMENT** |

19

20

21

22

23

24

25

26

27

28

1        Judgment is hereby entered pursuant to the terms of the Final Approval

2   Order.

           IT IS SO ORDERED.

3

4   Dated: _____        _____

                                        DEAN D. PREGERSON
5                                   United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

LA 51732215

**EXHIBIT C**

**Preliminary Approval Order**

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  GARY DAVIS, an individual, on behalf )   Case No. CV 06-04804 DDP (PJWx)
    of himself, as Private Attorney General, )
    and on behalf of all others similarly )   Assigned to the Hon. Dean D. Pregerson
12  situated,                             )
                                          )   **PRELIMINARY APPROVAL**
13                Plaintiff,              )   **ORDER**
                                          )
14        v.                              )
                                          )
15  CHASE BANK U.S.A., N.A., a            )
    Delaware corporation; and DOES 1      )
16  through 50, inclusive,                )
                                          )
17                Defendants.             )
                                          )
18

19

20

21

22

23

24

25

26

27

28

LA 51732215

WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement of the above-captioned action (the "Lawsuit") in accordance with the Stipulation and Agreement of Settlement filed with this Court on April 23, 2014 (the "Agreement" or the "Settlement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Chase, setting forth the terms and conditions for a proposed settlement of the Lawsuit and its dismissal with prejudice; and

WHEREAS, Chase does not oppose Plaintiffs' Motion; and

WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of themselves individually and on behalf of each of the Settlement Class Members, have agreed to release all claims arising under federal, state or common law as specified in Sections 6.1 and 6.2 of the Agreement; and

WHEREAS, this Court having read and considered Plaintiffs' Motion, the Agreement and exhibits attached thereto, as well as all arguments and submissions from the Parties and any intervenors at the noticed hearings; and

WHEREAS, all defined terms have the same meaning as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    For purposes of this Lawsuit, this Court has subject matter jurisdiction and, for purposes of the Settlement only, this Court has personal jurisdiction over the Parties, including all Settlement Class Members.

2.    For purposes of this Settlement only, this Court preliminarily certifies the following Settlement Class:

> All Chase Circuit City Rewards Credit Cardmembers with California billing addresses who, between May 26, 2004 and the entry of this Preliminary Approval Order (inclusive), made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance.

- 1 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  The Settlement Class preliminarily is certified pursuant to Federal Rule of
2  Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to
3  exclude themselves by way of the opt-out procedure set forth below in Paragraph 12.

4      3.     This Court preliminarily finds, solely for purposes of the Settlement,
5  that the Lawsuit may be maintained as a class action on behalf of the Settlement
6  Class because:  (a) the Settlement Class is so numerous that joinder of all Settlement
7  Class Members in the Lawsuit is impracticable; (b) there are questions of law and
8  fact common to Settlement Class Members that predominate over any individual
9  questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class;
10 (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected
11 the interests of the Settlement Class; and (e) a class action is superior to other
12 available methods for the fair and efficient adjudication of the controversy.

13     4.     This Court preliminarily approves the Agreement as being fair,
14 reasonable and adequate and within the range of possible approval, subject to further
15 consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

16     5.     This Court preliminarily finds that Plaintiffs fairly and adequately
17 represent the interests of the Settlement Class and therefore designates Plaintiffs as
18 the representatives of the Settlement Class.

19     6.     Pursuant to Federal Rule of Civil Procedure 23(g), and after
20 consideration of the factors described therein and oral and written arguments, this
21 Court designates as Class Counsel the law firms of Westerman Law Corp.,
22 Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP.  This Court
23 preliminarily finds that based on the work Class Counsel have done in identifying,
24 investigating and prosecuting the claims in the action, Class Counsel's experience in
25 handling class actions, other complex litigation and claims of the type asserted in this
26 Lawsuit, Class Counsel's knowledge of the applicable law and the resources Class
27 Counsel have and will commit to representing the class, Class Counsel have and will
28 fairly and adequately represent the interests of the Settlement Class.  Plaintiffs and

- 2 -
[PROPOSED] PRELIMINARY APPROVAL ORDER
LA 51732215

1   Class Counsel, on behalf of the Settlement Class, are authorized to take all

2   appropriate action required or permitted to be taken by the Settlement Class pursuant

3   to the Agreement to effectuate its terms.

4       7.    The Final Fairness Hearing will take place before the Honorable Dean

5   D. Pregerson on **October 27, 2014 at 11:00 a.m.,** at the United States District Court,

6   Central District of California, Courtroom #3, 312 Spring Street, Los Angeles,

7   California 90012, to determine: whether the proposed Settlement of the Lawsuit on

8   the terms and conditions provided for in the Agreement is fair, adequate and

9   reasonable as to the Settlement Class Members and should be approved; whether the

10  Judgment, as provided for in the Agreement, should be entered; and whether the

11  amount of fees and costs that should be awarded to Class Counsel, and the amount of

12  the service awards that should be awarded to Plaintiffs, as provided for in the

13  Agreement. The Court will also hear and consider any properly lodged objections at

14  that time.

15      8.    This Court approves Gilardi & Co. LLC as the Settlement

16  Administrator. The Settlement Administrator is directed to implement the notice

17  program set forth in Sections 7.2 and 7.3 of the Agreement.

18      9.    This civil action was commenced after February 18, 2005. To the extent

19  it has not already done so, the Court directs Chase to notify the appropriate Federal

20  and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,

21  and, at or before the Final Fairness Hearing, file proof that such notice has been

22  given.

23      10.   This Court finds that notice as set forth in Sections 7.2 and 7.3 of the

24  Agreement are the only notice required, and that such notice satisfies the

25  requirements of due process, the Federal Rules of Civil Procedure, the Class Action

26  Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and

27  constitutes the best notice practicable under the circumstances and will constitute due

28  and sufficient notice to all persons entitled thereto. This Court approves the form

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 3 -

[PROPOSED] PRELIMINARY APPROVAL ORDER

and content of the Postcard Notice and Long-form Notice attached as Exhibits C and D to the Agreement.

11.     All Settlement Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3), pursuant to the procedure set forth in Paragraph 12 below, will be bound by all determinations and judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in Sections 6.1 and 6.2 of the Agreement.

12.     Any Settlement Class Member who wishes to opt-out of the Settlement Class will submit to the Settlement Administrator an appropriate written request for exclusion by mail, postmarked no later than one hundred and five (105) days after entry of this Order.  The request for exclusion must be personally signed by the Settlement Class Member, and include:  (i) the Settlement Class Member's name, address, telephone number; (ii) the last four digits of the Settlement Class Member's Chase credit card account number(s); (iii) a sentence certifying that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class settlement in <u>Davis v. Chase Bank USA, N.A.</u>, United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW."  No Settlement Class Member, or any person acting on behalf of or in concert or participation with a Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

13.     Any Settlement Class Member, who has not previously opted-out in accordance with the terms of Paragraph 12 above, may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service awards to Plaintiffs; provided, however, that no Settlement Class Member will be heard, and no objection may be considered, unless the Settlement Class Member files with this Court a written statement of the objection postmarked no later

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 4 -

1  than one hundred and five (105) days following entry of this Order.  Copies of all

2  objection papers also must be served electronically via the Court's ECF system or

3  mailed, postmarked no later than one hundred and five (105) days following entry of

4  this Preliminary Approval Order, to each of the following: Class Counsel, Drew

5  Pomerance, Esq., Roxborough, Pomerance, Nye & Adreani, LLP, 5820 Canoga

6  Avenue, Woodland Hills CA 91367-6549; and counsel for Chase, Julia B. Strickland,

7  Esq. and Stephen J. Newman, Esq., Stroock & Stroock & Lavan LLP, 2029 Century

8  Park East, 16th Floor, Los Angeles, California 90067.  All objections must include:

9  (i) the objector's name, address and telephone number; (ii) the last four digits of the

10  objector's Circuit City Rewards Credit Card account number(s); (iii) a sentence

11  certifying he or she is a Settlement Class Member; (iv) the factual basis and legal

12  grounds for the objection to the Settlement; (v) the identity of witnesses whom the

13  objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the

14  objector may seek to offer into evidence at the Final Fairness Hearing; (vii) a

15  sentence certifying that the objector has not been promised anything in return for

16  objecting; and (viii) the personal signature of the objector.

17      14.    Class Counsel will submit their papers in support of final approval of

18  the Settlement and their application for attorneys' fees and reimbursement of

19  expenses by no later than twenty (20) days before the objection deadline set by

20  Paragraph 13 above.

21      15.    Class Counsel will submit their papers in response to any objections by

22  no later than seven (7) days before the Final Fairness Hearing.

23      16.    The costs of notice and settlement administration shall be paid as

24  described in Section 4 of the Agreement.

25      17.    All proceedings in this Lawsuit are stayed pending final approval of the

26  Settlement, except as may be necessary to implement the Settlement or comply with

27  the terms of the Agreement.

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 5 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

18.    Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction will not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 12 above.  This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

19.    This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  This Court may approve or modify the Settlement without further notice to Settlement Class Members.

IT IS SO ORDERED.

Dated:    June 05, 2014    _____
DEAN D. PREGERSON
United States District Judge

- 6 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

**EXHIBIT D**

**Final Judgment**

JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DAVIS, an individual; on behalf of himself, and as PRIVATE ATTORNEY GENERAL, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. CV 06-04804 DDP (PJWx)<br><br>Honorable Dean D. Pregerson<br><br>**JUDGMENT**<br><br>**Date:**      **October 27, 2014**<br>**Time:**      **11:00 a.m.**<br>**Courtroom:**  **3** |

Judgment is hereby entered pursuant to the terms of the Final Approval Order.

IT IS SO ORDERED.

Dated:  October 29, 2014

DEAN D. PREGERSON
United States District Judge

**EXHIBIT E**

**Amended Final Approval Order**

1

2

3

4

5                                                    **NO JS-6**

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| GARY DAVIS, an individual; on behalf of himself, and as PRIVATE ATTORNEY GENERAL, and on behalf of all others similarly situated, | Case No. CV 06-04804 DDP (PJWx) |
| | Honorable Dean D. Pregerson |
| Plaintiff, | **AMENDED FINAL APPROVAL ORDER** |
| v. | |
| CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive, | **Date:**     **October 27, 2014** |
| | **Time:**     **11:00 a.m.** |
| Defendants. | **Courtroom:**    **3** |

1    Plaintiff Gene Castillo ("Plaintiff"), on his own behalf and on behalf of all

2  others similarly situated, submitted to the District Court a Motion for Final

3  Approval of Settlement ("Motion") seeking final approval of the Stipulation and

4  Agreement of Settlement (the "Agreement" or the "Settlement"), and the exhibits

5  attached thereto, entered into by and between Plaintiff and Defendant Chase Bank

6  U.S.A., N.A. ("Chase").  Chase does not oppose Plaintiff's Motion.

7    By Order dated June 5, 2014, the District Court entered an Order that

8  preliminarily approved the Agreement and conditionally certified the Settlement

9  Class for settlement purposes only (the "Preliminary Approval Order").  Due and

10 adequate notice having been given to the Settlement Class in compliance with the

11 procedures set forth in the Agreement and the Preliminary Approval Order, this

12 Court having considered all papers filed and proceedings had herein, and

13 otherwise being fully informed of the premises and good cause appearing

14 therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

15    1.    This Final Approval Order incorporates by reference the definitions

16 in the Agreement, and all terms used herein will have the same meanings as set

17 forth in the Agreement.

18    2.    This Court has jurisdiction over the subject matter of the above-

19 captioned action (the "Lawsuit") and, for purposes of this Settlement only,

20 personal jurisdiction over the Parties and all Settlement Class Members.

21    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and

22 consistent with due process, this Court hereby approves the Agreement and finds

23 that the settlement consideration is fair and that said Settlement is, in all respects,

24 fair, reasonable and adequate to the Settlement Class Members, and the Parties are

25 hereby directed to consummate the Settlement in accordance with the terms and

26 provisions of the Agreement.

27    4.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court

28 hereby certifies the Settlement Class solely for purposes of effectuating this

1

AMENDED FINAL APPROVAL ORDER
CASE NO. CV 06 4804 DDP (PJWx)

1    Settlement.

2          a.     The Settlement Class is defined as follows:

3                 All Chase Circuit City Rewards Credit Cardmembers with

4                 California billing addresses who, between May 26, 2004 and

5                 June 5, 2014 (inclusive), made a promotional or deferred-

6                 interest purchase at Circuit City and who, as a result of

7                 payments or credits being allocated to a regular purchase

8                 balance after the promotional or deferred-interest balance, paid

9                 more in finance charges than they would have paid if the

10                payments or credits had first been applied to the regular

11                purchase balance.

12         b.     Settlement Class Members had the right to exclude themselves

13   by way of the opt-out procedure set forth in the Preliminary Approval Order.

14   Excluded from the Settlement Class are 22 persons who validly and timely

15   requested exclusion from the Settlement Class by way of the opt-out procedure,

16   and 2 persons who submitted an untimely request for exclusion, but for whom

17   Chase is waiving its objection.  These 24 individuals are identified in Exhibit 1

18   hereto (the "Opt-Outs").

19         5.     For purposes of this Settlement only, this Court finds and concludes

20   that: (a) the Settlement Class Members are so numerous that joinder of all

21   Settlement Class Members is impracticable; (b) there are questions of law and fact

22   common to the Settlement Class which predominate over any individual

23   questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class;

24   (d) Plaintiff and Class Counsel have fairly and adequately represented and

25   protected the interests of all of the Settlement Class Members; and (e) a class

26   action is superior to other available methods for the fair and efficient adjudication

27   of the controversy, considering: (i) the interests of the Settlement Class Members

28   in individually controlling the prosecution of separate actions; (ii) the desirability

1  or undesirability of continuing the litigation of these claims in this particular

2  forum; and (iii) the difficulties likely to be encountered in the management of this

3  class action.

4        6.    This Court finds that the notice provided to Settlement Class

5  Members was the best notice practicable and fully satisfied the requirements of

6  due process, the Federal Rules of Civil Procedure, the Class Action Fairness Act

7  of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constituted the best

8  notice practicable under the circumstances and constituted due and sufficient

9  notice to all persons entitled thereto.  Class Counsel has filed with the Court proof

10  that notice was provided to Settlement Class Members in compliance with the

11  procedures set forth in the Agreement and the Preliminary Approval Order.

12  Chase's counsel has filed with the Court proof of compliance with the Class

13  Action Fairness Act of 2005.

14        7.    There were no objections to the Settlement.

15        8.    This Court hereby dismisses with prejudice on the merits and without

16  costs (except as otherwise provided in the Agreement) the above-captioned action

17  (subject to retention of jurisdiction to enforce the Settlement).

18        9.    By operation of this Final Approval Order and upon the occurrence

19  of the Effective Date, Plaintiff and each Settlement Class Member, their

20  respective heirs, executors, administrators, representatives, agents, attorneys,

21  partners, successors, predecessors-in-interest, assigns and all persons acting for or

22  on their behalf, are deemed to have fully, finally and forever released the Released

23  Parties (as defined below) from all Claims (as defined below).

24        a.    "Released Parties" means Chase, together with its

25  predecessors, successors (including, without limitation, acquirers of all or

26  substantially all of its assets, stock or other ownership interests) and assigns; the

27  past, present, and future, direct and indirect, parents (including but not limited to

28  holding companies and JPMorgan Chase & Co.), subsidiaries and affiliates of any

AMENDED FINAL APPROVAL ORDER
CASE NO. CV 06 4804 DDP (PJWx)

1  of the above; and the past, present and future principals, trustees, partners, claims

2  administrators (including, without limitation, the Settlement Administrator),

3  officers, directors, employees, agents, attorneys, shareholders, advisors,

4  predecessors, successors, assigns, representatives, heirs, executors, and

5  administrators of any of the above.

6        b.    "Claim" and "Claims" mean any and all actual or potential

7  claims, actions, causes of action, suits, counterclaims, cross-claims, third party

8  claims, contentions, allegations, and assertions of wrongdoing, and any demands

9  for any and all debts, obligations, liabilities, damages (whether actual,

10  compensatory, treble, punitive, exemplary, statutory or otherwise), attorneys' fees,

11  costs, expenses, restitution, disgorgement, injunctive relief, any other type of

12  equitable, legal or statutory relief, any other benefits, or any penalties of any type

13  whatsoever, whether known or unknown, suspected or unsuspected, contingent or

14  non-contingent, or discovered or undiscovered, whether asserted in federal court,

15  state court, arbitration or otherwise, and whether triable before a judge or jury or

16  otherwise, including, without limitation, those that were alleged, or that could

17  have been alleged based on the same or similar facts and circumstances, in the

18  Lawsuit.

19        c.    Without limiting the foregoing, the claims released pursuant to

20  Paragraph 9b (the "Released Claims") specifically extend to Claims that

21  Settlement Class Members do not know or suspect to exist in their favor as of or

22  prior to the Effective Date.

23     10.   The Parties, and all Settlement Class Members, agree that the

24  releases in Paragraph 9 constitute a waiver of Section 1542 of the California Civil

25  Code and any similar or comparable provisions, rights and benefits conferred by

26  the law of any state or territory of the United States or any jurisdiction, and any

27  principle of common law.  Section 1542 of the California Civil Code provides:

28

1    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

2    WHICH THE CREDITOR DOES NOT KNOW OR

3    SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE

4    TIME OF EXECUTING THE RELEASE, WHICH IF

5    KNOWN BY HIM OR HER MUST HAVE MATERIALLY

6    AFFECTED HIS OR HER SETTLEMENT WITH THE

7    DEBTOR.

8    Plaintiff and each Settlement Class Member understand and acknowledge

9 the significance of these waivers of California Civil Code Section 1542 and/or of

10 any other applicable law relating to limitations on releases.  In connection with

11 such waivers and relinquishment, Plaintiff and each Settlement Class Member

12 acknowledge that they are aware that they may hereafter discover facts in addition

13 to, or different from, those facts which they now know or believe to be true with

14 respect to the subject matter of the Settlement, but that they release fully, finally

15 and forever all Claims, and in furtherance of such intention, the releases will

16 remain in effect notwithstanding the discovery or existence of any such additional

17 or different facts.  The Parties acknowledge (and all Settlement Class Members by

18 operation of law are deemed to have acknowledged) that the release of unknown

19 Claims as set forth herein was separately bargained for and was a key element of

20 the Settlement.

21    11.    This Final Approval Order, the Preliminary Approval Order, the

22 Agreement, and any act performed or document executed pursuant to or in

23 furtherance thereof:

24    a.    Will not be offered or received against the Released Parties as

25 evidence of, or be construed as or deemed to be evidence of, any admission or

26 concession by the Released Parties as to the truth or relevance of any fact alleged

27 by Plaintiff, the existence of any class alleged by Plaintiff, the propriety of class

28

AMENDED FINAL APPROVAL ORDER
CASE NO. CV 06 4804 DDP (PJWx)

1    certification had the Lawsuit been litigated rather than settled, or the validity of

2    any claim that has been or could have been asserted in the Amended Complaint or

3    in any other litigation, or the deficiency of any defense that has been or could have

4    been asserted to the Amended Complaint or in any other litigation, or of any

5    liability, negligence, fault, or wrongdoing of the Released Parties;

6              b.        Will not be offered as or received against any of the Released

7    Parties as evidence of, or construed as or deemed to be evidence of, any admission

8    or concession of any liability, negligence, fault or wrongdoing, or in any way

9    referred to for any other reason as against any of the parties to the Agreement, in

10   any other civil, criminal or administrative action or proceeding, other than such

11   proceedings as may be necessary to effectuate the provisions of the Agreement,

12   except that the Released Parties may refer to it to effectuate the liability protection

13   granted them thereunder;

14             c.        Will not be deemed an admission by Chase that it is subject to

15   the jurisdiction of any court;

16             d.        Will not be construed against Chase as an admission or

17   concession that the consideration to be given under the Agreement represents the

18   amount which could be or would have been recovered after trial.

19       12.    The Released Parties may file the Agreement and/or this Final

20   Approval Order in any action that may be brought against them in order to support

21   a defense or counterclaim based on principles of res judicata, collateral estoppel,

22   release, good faith settlement, judgment bar, reduction, set-off or any other theory

23   of claim preclusion or issue preclusion or similar defense or counterclaim.

24       13.    Settlement Class Members, and any person or entity allegedly acting

25   on behalf of Settlement Class Members, either directly, representatively or in any

26   other capacity, are enjoined from commencing or prosecuting against the Released

27   Parties any action or proceeding in any court or tribunal asserting any of the

28   Released Claims, provided, however, that this injunction will not apply to non-

AMENDED FINAL APPROVAL ORDER
CASE NO. CV 06 4804 DDP (PJWx)

1    released claims of Opt-Outs.

2        14.    The Court finds that the Parties and their counsel have complied with

3    each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all

4    proceedings herein.

5        15.    Class Counsel are hereby awarded the sum of $1,500,000 in

6    attorneys' fees and costs, which sum the Court finds to be fair and reasonable,

7    which will be paid to Class Counsel from the Settlement Fund.  The award of

8    attorneys' fees and costs will be allocated among Class Counsel in a fashion

9    which, in the opinion of Class Counsel, fairly compensates Class Counsel for their

10   respective contributions in the prosecution of the Lawsuit.

11       16.    Plaintiff Gene Castillo and Gary Davis are hereby awarded $5,000

12   each from the Settlement Fund.  These service awards are for their time and

13   efforts spent conferring with and assisting Class Counsel to help further the

14   Lawsuit for the benefit of the Settlement Class.

15       17.    In making the award of attorneys' fees and costs to Class Counsel

16   and service awards to Plaintiff Gene Castillo and Gary Davis, the Court has

17   considered and found that:

18           a.    The Parties entered into arm's-length discussions regarding

19   attorneys' fees for Class Counsel, including extensive discussions through and

20   with the assistance of a third-party mediator, Hon. Edward A. Infante (Ret.);

21           b.    The Settlement created a benefit with a substantial value to the

22   Settlement Class and numerous Settlement Class Members.

23           c.    438,969 copies of the Postcard Notice were disseminated to

24   putative Settlement Class Members.  No objections were filed against the terms of

25   the proposed Settlement;

26           d.    Class Counsel conducted the Lawsuit and achieved the

27   Settlement with skill, perseverance and diligent advocacy;

28           e.    The Lawsuit involves complex factual and legal issues and was

AMENDED FINAL APPROVAL ORDER
CASE NO. CV 06 4804 DDP (PJWx)

1    actively prosecuted over seven years and, in the absence of a settlement, would

2    involve further lengthy proceedings with uncertain resolution of the complex

3    factual and legal issues;

4              f.    Had Class Counsel not achieved the Settlement there would

5    remain a significant risk that the Settlement Class may have recovered less or

6    nothing from the defendant;

7              g.    The separate declarations submitted by each of the three firms

8    prosecuting this case on behalf of the Class state that, to achieve the Settlement,

9    Roxborough, Pomerance, Nye & Adreani, LLP devoted over 3,152 hours, with a

10   lodestar value of over $1,440,200.00, Westerman Law Corp. devoted over 33

11   hours, with a lodestar value of over $26,000, and Milberg LLP devoted over 2,741

12   hours with a lodestar value of over $1,435,076.00.

13             h.    The amount of attorneys' fees and costs awarded and the

14   amount of the service awards are fair and reasonable and consistent with awards

15   in similar cases.

16        18.    Without affecting the finality of this Final Approval Order in any

17   way, this Court retains continuing jurisdiction of all matters relating to the

18   modification, interpretation, administration, implementation, effectuation and

19   enforcement of the Settlement.  Class Counsel are to continue in their role to

20   oversee all aspects of the Settlement.  Upon notice to Class Counsel, Chase may

21   seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or

22   process as may be necessary to prevent or forestall the assertion of any of the

23   Released Claims in any other forum, or as may be necessary to protect and

24   effectuate the Settlement and this Final Approval Order.

25        19.    If an appeal, writ proceeding or other challenge is filed as to this

26   Final Approval Order, and if thereafter the Final Approval Order is not ultimately

27   upheld, all orders entered, stipulations made and releases delivered in connection

28

AMENDED FINAL APPROVAL ORDER
CASE NO. CV 06 4804 DDP (PJWx)

1 | herewith, or in the Agreement or in connection therewith, will be null and void to

2 | the extent provided by and in accordance with the Agreement.

3 |      20.    There is no just reason for delay in the entry of this Final Approval

4 | Order and immediate entry by the Clerk of the Court is expressly directed

5 | pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

6 |

7 |      IT IS SO ORDERED.

8 |

9 | Dated:  October 29, 2014

10 |                      DEAN D. PREGERSON
                    United States District Judge

9

# EXHIBIT 1

## OPT-OUT LIST

1.    Vicky Williams

2.    Juanito D. Doce

3.    Richard T. Rodarte

4.    Clarice Mirzakhanian

5.    Genee B. Aleksandrovi

6.    Amy L. Norris

7.    Pedro Gomez

8.    Veronica E. Siy

9.    Gordon Tam

10.    Thomas Condos, Jr.

11.    Robin B. Hansen

12.    Sandra Pimentel

13.    Thirin Has

14.    Lida Salas

15.    Edward Sanches

16.    Scott A. Bidnick

17.    Charla Pinney

18.    Charles J. Yi

19.    Wayne E. White

20.    Geraldin D. Denser

21.    Elaine Hanley

22.    Joseph Meza

23.    Noe Flores

24.    Anthony Lewis

1

## CERTIFICATE OF SERVICE

2        I hereby certify that, on October 23, 2014, a true and correct copy of the

3    foregoing AMENDED [PROPOSED] FINAL APPROVAL ORDER was filed

4    electronically and served by U.S. Mail on anyone unable to accept electronic

5    filing.  Notice of this filing will be sent by e-mail to all parties by operation of the

6    court's electronic filing system or by facsimile to anyone unable to accept

7    electronic filing as indicated on the Notice of Electronic Filing.  Parties may

8    access this filing through the court's CM/ECF System.

9

10

11                        s/ Elia Ramirez

12                        Elia Ramirez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT F**

**Service and Expense Remittance Summary**

# STROOCK

## SERVICE AND EXPENSE REMITTANCE SUMMARY

| DATE | November 7, 2014 |
|---|---|
| CLIENT | JPMorgan Chase Bank |
| | 560 Mission Street |
| | 3rd Floor |
| | Mail Code: CA1-0301 |
| | San Francisco, CA  94105-2907 |
| RE | 720524 JPMorgan Chase Bank |
| | 0940 Davis, Gary J. |

| | |
|---|---|
| PREVIOUS PAYMENTS RECEIVED FOR FEES BILLED THROUGH SEPTEMBER 31, 2014 | $1,610,450.37 |
| PREVIOUS PAYMENTS RECEIVED FOR EXPENSES BILLED THROUGH SEPTEMBER 31, 2014 | $36,627.46 |
| UNBILLED FEES OCTOBER 1 – 31, 2014 | $5,093.00 |
| UNBILLED EXPENSES OCTOBER 1 – 31, 2014 | $61.46 |
| TOTAL | $1,652,232.29 |

| WIRE TRANSFER INSTRUCTIONS | |
|---|---|
| BANK NAME | JPMorgan Chase Bank |
| BANK ADDRESS | 500 Stanton Christiana Road, Newark, DE 19713 |
| ACCOUNT NAME | Stroock & Stroock & Lavan LLP |
| ACCOUNT NUMBER | 006 028356 |
| ABA/ROUTING NUMBER | 021000021 |
| INTERNATIONAL SWIFT CODE | CHASUS33 |
| DESCRIPTION/REFERENCE | Client/Matter:  720524.0940 |

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown.  Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

STROOCK & STROOCK & LAVAN LLP • NEW YORK • LOS ANGELES • MIAMI • WASHINGTON, DC
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

# EXHIBIT B
# (Order)

Andrew W. Caine, Esq.
(admitted *pro hac vice*)
Jeremy V. Richards, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | x |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653-KRH<br>Chapter 11 |
| Debtors. | |
| | [NO HEARING REQUESTED]<br>x |

## ORDER GRANTING STIPULATION BY AND BETWEEN CIRCUIT CITY STORES, INC. LIQUIDATING TRUST AND CHASE BANK USA, N.A. PERMITTING THE FILING OF AN AMENDMENT TO PROOF OF CLAIM NUMBER 7065

Upon reviewing that certain Stipulation By and Between Circuit City Stores, Inc. Liquidating Trust and Chase Bank USA, N.A. Permitting the Filing of an Amendment to Proof of Claim Number 7065 (the "Stipulation"), and good cause appearing therefor, all capitalized terms not otherwise defined herein having the same meaning as set forth in the Stipulation or the Claims Order (as that term is defined in the Stipulation), it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Stipulation is granted.

2.      Chase Bank is hereby authorized to file the Amended Claim as an amendment to the Original Claim (Claim No. 7065).

3.      All of the Trust's rights, remedies and defenses with respect to the Amended

Claim (including, without limitation, those set forth in the Stipulation) are expressly reserved.

4.      In the event that Chase Bank is required to provide additional documentation in

support of either the Original Claim or the Amended Claim, Chase Bank is authorized to provide

such additional documentation or information without the need to further amend its claim or

obtain approval from the Court.

Dated: Richmond, Virginia
       November ____, 2014

                                    _____
                                    **Honorable Kevin R. Huennekens**
                                    **United States Bankruptcy Judge**

**WE ASK FOR THIS:**

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Andrew W. Caine (CA Bar No. 11345)
(admitted *pro hac vice*)
Jeremy V. Richards, Esq. (CA Bar No. 102300)
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760

*Counsel for the Circuit City, Inc. Liquidating Trust*

Frank A. Merola (CA Bar No. 136934)
STROOCK & STROOCK & LAVAN
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone:  310-556-5800
Facsimile:   310-556-5959

-and-

Michael A. Condyles (Va. Bar. No. 27807)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile: (804) 783-6192

*Attorneys for Chase Bank USA, N.A.*