| | |
|---|---|
| Andrew W. Caine, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| (admitted *pro hac vice*) | Paula S. Beran, Esq. (VA Bar No. 34679) |
| PACHULSKI STANG ZIEHL & JONES LLP | TAVENNER & BERAN, PLC |
| 10100 Santa Monica Boulevard, 13th Floor | 20 North Eighth Street, 2nd Floor |
| Los Angeles, California 90067-4100 | Richmond, Virginia 23219 |
| Telephone: (310) 277-6910 | Telephone: (804) 783-8300 |
| Telecopy:  (310) 201-0760 | Telecopy:  (804) 783-0178 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) |
| CIRCUIT CITY STORES, INC. | ) Hearing Date: December 17, 2014 |
| LIQUIDATING TRUST, | ) Hearing Time: 2:00 p.m. |
| Objector, | ) |
| v. | ) |
| | ) |
| WILLIAM HARMON, JAMES BURGESS, | ) |
| ANTONIO PRECISE, MARRIOTT FORT | ) |
| MYERS, PREMIER MOUNTS, DAVID | ) |
| MARCINISZYN, CITY OF PHILADELPHIA, | ) |
| COUNTY OF MONTEREY, CITY OF | ) |
| BRIGHTON, | ) |
| Claimants. | ) |
| | ) |

**LIQUIDATING TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF OBJECTIONS TO CLAIMS SET FOR
<u>SUBSTANTIVE HEARING ON DECEMBER 17, 2014</u>**

Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "<u>Trust</u>"),

hereby submits this memorandum in support of his objections to the following claims set for

substantive hearing on December 17, 2014:

| Claimant Name | Claim No. | Omnibus Objection No. |
|---|---|---|
| Antonio Precise Products | 26 | Trust's 24th |
| David Marciniszyn | Scheduled | Trust's 62nd |
| Fort Myers Courtyard Marriott | 13220 | Trust's 31st |
| James Burgess | 8646 | Trust's 47th |
| William Harmon | 15231, 15232, 15233 | Trust's 60th & 63rd |
| City of Philadelphia | 1530 | Trust's 18th |
| City of Brighton | 11213, 13834 | Debtors' 37th |
| County of Monterey | 4733, 14131 | Debtors' 37th<br>Trust's 18th |
| Premier Mounts | 3911 | Trust's 31st |

ANTONIO PRECISE PRODUCTS (Claim No. 26)

By the Trust's 24th Omnibus Objections, the Trust seeks to reduce this general unsecured claim from the amount of $51,454 to $10,290 to reflect partial payment of the claim by the Debtors. Payables Manager Heather Ferguson will testify that the Debtors' records reflect the partial payment and the requested reduced amount as the outstanding balance.

DAVID MARCINISZYN (Scheduled claim)

By the Trust's 62nd Omnibus Objection, the Trust seeks to disallow this previously scheduled general unsecured claim in the amount of $2232. The claimant's response purports that claimant obtained a state court judgment in this amount, but the documents attached thereto contain only statements of the claimant, not any court or other documents substantiating the "unpaid judgment." Payables Manager Heather Ferguson will testify that the Debtors' records do not reflect any obligation to the claimant for any amount.

FORT MYERS COURTYARD MARRIOTT (Claim No. 13220)

By the Trust's 31st Omnibus Objection, the Trust seeks to disallow entirely this general unsecured claim in the amount of $5676. The claim and claimant's response to the objection were supported only by a summary statement of account without underlying detail. Payables Manager Heather Ferguson will testify that the Debtors' records do not reflect any obligation to the claimant for any amount.

JAMES BURGESS (Claim No. 8646)

By the Trust's 47th Omnibus Objection, the Trust seeks to set the allowed amount of this general unsecured claim at $325.74. The claim is asserted in an unliquidated amount for "paid time off, mileage expenses, retirement package and stocks". Human Resources Claims Manager Ann Pietrantoni will testify as to the nature of the Debtors' PTO program, the Debtors' records that underlie the $325.74 entitlement calculation, and that claimant is not entitled to a claim for any other amount under any of the Debtor's Human Resources programs.

WILLIAM HARMON (Claim Nos. 15231,15232, 15233)

By the Trust's 60th and 63rd Omnibus Objections, the Trust seeks to disallow all three claims, each asserted as a priority or administrative priority claim purportedly based on an uncashed check from 2005 in the amount of $1,437.93. Each of the claims was filed on April 8, 2011. January 30, 2009 was the applicable bar date for priority claims. June 30, 2009 was the applicable bar date for claims asserting administrative priority based on for liabilities arising between November 10, 2008 (the Petition Date) and April 30, 2009. These three claims were all filed after the applicable claims bar date, and thus, should be disallowed as untimely. (While likely moot in light of the other grounds for objection, two of the three identical claims should be disallowed as duplicative.)

The claim fails on substantive grounds as well. Claimant's responses (Dkt # 12653 and 12654) state that the claimant never cashed a payroll check dated December 15, 2005. Human Resources Claims Manager Ann Pietrantoni will testify that the Debtors' records reflect that the referenced check was never cashed and was escheated to the state of Texas in accordance with its unclaimed property laws. Ms. Pietrantoni assisted the claimant by locating unclaimed property in the amount of $1,437.93 in his name on the Texas unclaimed property website. As such, the claimant should seek payment from the state of Texas; the Trust has no liability.

CITY OF PHILADELPHIA (Claim No. 1530)

By the Trust's 18th Omnibus Objection, the Trust seeks to disallow entirely this purported priority wage tax claim asserted in the amount of $8563. The attachment to the claim is only a summary schedule without any underlying explanation. Tax Manager Jeff McDonald will testify regarding the Debtors' understanding as to the nature of the tax, the Debtors' compliance with required filings, and that the Debtors have no liability to claimant for this tax, which is due, if at all, from the individuals who received the wages. To date, the claimant has not filed a response to the Trust's objection.

CITY OF BRIGHTON (Claim No. 11213, 13834)[1]

By the Debtors' 37th Omnibus Objection, the Trust seeks to reduce these claims, asserted as priority claims in the amounts of $11,320 and $8638.12, respectively, for personal property tax liability, to the aggregate amount of $6074. Claim No. 11213 consists of $2,699.60 for

---

[1] In order to address the threshold jurisdictional issues raised by many of the claimants with respect to the Debtors' 37th Omnibus Objection, the Debtors filed a motion for partial summary judgment (the "Motion") to establish that the Court may and should rule on the 37th Omnibus Objection, for (1) the Court should not exercise its discretion to abstain from ruling, and (2) Bankruptcy Code section 505(A)(2)(C) does not bar the Court from doing so. The Motion has been fully briefed, but hearing has been postponed while the Trust has attempted to informally resolve the underlying claims (and has successfully done so with respect to all but three of the claimants, including the City of Brighton and County of Monterey. The Trust has noticed the Motion for hearing on December 17, along with hearing on the 37th Omnibus Objection to the Brighton and Monterey claims.

Winter 2008 taxes and $8,620.80 for 2009 estimated taxes.  Claim No.13834 asserts a total of $8,638.12 for Summer and Winter 2009 taxes, and amends Claim No. 11213 as to the Winter 2008 taxes.

Considering the two claims together presents the following asserted amounts:

|  | Tax | Interest | Penalty | Total |
|---|---|---|---|---|
| 2008 Winter Tax | 2,438.89 | 164.12 | 96.59 | 2,699.60 |
| 2009 Summer Tax | 6,523.79 | - | - | 6,523.79 |
| 2009 Winter Tax | 2,114.33 | - | - | 2,114.33 |
| Total | 11,077.01 | 164.12 | 96.59 | 11,337.72 |

The Trust does not dispute the amount claim for the 2008 Winter taxes, other than the challenge that the penalties are only entitled to general unsecured status. The 2009 taxes are disputed, however, and Tax Manager Jeff McDonald, the Debtors' former VP of Tax, will testify as follows.

In late 2008/early 2009, the Debtors engaged Ernst & Young to conduct a physical inventory and fair market valuation of all of the furniture, fixtures and equipment at their stores throughout the country.  The valuation had not been completed at the time that personal property tax returns were due to be filed with the various local taxing authorities.  The Debtors filed timely returns in compliance with local requirements, but included a letter that disputed the taxing authority's property valuation methodology, and stated that the Debtors would contest the personal property values, if necessary, in the Bankruptcy Court.  Using the fair market values determined by Ernst & Young and the tax rates in effect at the time, the Debtors' 2009 tax liability to Brighton is $3,471.21.

As a result, the Trust submits that the total allowed claim to which Brighton is entitled is:

|  | Tax | Interest | Total |
|---|---|---|---|
| 2008 Winter Tax | 2,438.89 | 164.12 | 2,603.01 |
| 2009 Summer Tax | 2,621.56 | - | 2,621.56 |
| 2009 Winter Tax | 849.64 | - | 849.64 |
| Total | 5,910.10 | 164.12 | 6,074.22 |

COUNTY OF MONTEREY (Claim Nos. 4733, 14131)

By the Trust's 18th Omnibus Objection, the Trust seeks to reduce Claim No. 4733, a priority claim in the amount of $5,861.58 asserted for an unexplained tax liability. The proof of claim provides no backup or explanation for the claim, and the claimant has not responded to requests for such information. The Trust believes this claim to be for 2009 personal property taxes and to have been amended by claim 14131. Tax Manager Jeff McDonald will testify to the above and that the Debtors have no liability for this claim. Claimant's response to the Trust's objection [Dkt #10680], at page 3, merely repeats the alleged amounts, without providing any justification therefor.

By the Debtors' 37th Omnibus Objection, the Trust seeks to reduce Claim No. 14131, a secured claim asserted in the amount of $21,678 for 2009 personal property tax liability, to the amount of $1,630.48. The claimant's very brief "objection" to the objection merely states that it needs more time to examine its records, and will amend the objection after having done so. No further objection was ever filed.

Tax Manager Jeff McDonald will testify in support of the Trust's objection as follows:

In late 2008/early 2009, the Debtors engaged Ernst & Young to conduct a physical inventory and fair market valuation of all of the furniture, fixtures and equipment at their stores throughout the country. The valuation was not completed at the time that personal property tax returns were due to be filed with the various local taxing authorities. The Debtors filed timely returns in compliance with local requirements, but included a letter that disputed the taxing authority's property valuation methodology, and stated that the Debtors would contest the personal property values, if necessary, in the Bankruptcy Court. Using the fair market values determined by Ernst & Young and the tax rates in effect at the time, the Debtors' 2009 tax liability to Monterey County is $1,630.48.

PREMIER MOUNTS (Claim No. 3911)

By the Trust's 31st Omnibus Objection, the Trust seeks to reduce this general unsecured claim in the amount of $9,716.56 by setoff of the Debtors' outstanding accounts receivable from the claimant in the amount of $5,702.36, resulting in a net claim of $4,014.20. Payables Manager Heather Ferguson will testify from the Debtors' records as to the accounts receivable claim and net amount due to claimant.

The Debtors purchased universal projector mounts from the claimant. During the course of the parties' relationship, the claimant offered vendor funding programs by which the Debtors became entitled to credits for chargebacks based on sell through programs and vendor performance incentives. These chargebacks serve as credits against amounts due by the Debtors on invoices from the claimant.

Applicable law endorses the Trust's right to offset the claim based on the chargeback credits. As this Court recently noted in *Siegel v. Sony Electronics, Inc. (In re Circuit City Stores, Inc.)*, 515 B.R. 302, 315 (Bankr. E.D.Va. 2014):

> It is well established that the right of recoupment, while not addressed in the Bankruptcy Code, may be asserted in a bankruptcy proceeding. *See. e.g., Lee v. Schweiker*, 739 F.2d 870 (3rd Cir. 1984) (applying the doctrine of recoupment in a bankruptcy case); *Delta Air Lines, Inc.v. Bibb (In re Delta Air Lines)*, 359 B.R. 454, 459 (Bankr. S.D.N.Y. 2006) (same). Recoupment is an exclusively defensive remedy, which allows the defendant to reduce the amount of the claim the plaintiff asserts against it. *See* 4 *Norton Bankr. L. & Prac.* § 73:2 (3d ed. 2010).

The offset of the Debtors' outstanding account receivable from the claimant indisputably constitutes recoupment. A proper claim of recoupment must: "(i) arise from the same transaction or occurrence as the main claim; (ii) seek relief of the same kind and nature as that sought by the main claim; and (iii) be defensive in nature and seek no affirmative relief." *Berger v. City of North Miami, Fla.*, 820 F.Supp. 989, 992 (E.D. Va. 1993).

Ms. Ferguson will testify as to interdependent nature of the claimant's invoices and the Debtors' claims against the claimant, as a result of which it is clear that the Trust's proposed offset meets these requirements. The Claimant's response to the Trust's objection addresses only the total of its claim (which the Trust does not dispute), but does not address the Trust's competing offset claim.

WHEREFORE, the Trust will respectfully request that the Court order the relief set forth herein, and any other relief that the Court deems just and proper.

Dated: Richmond, Virginia
November 26, 2014

By:     */s/ Paula S. Beran*
Lynn L. Tavenner, Esq. (VSB No. 30083)
TAVENNER & BERAN, PLC
20 North Eighth Street, Second Floor
Richmond, VA  23219
Telephone: (804) 783-8300

-and-

Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing Liquidating Trustee's Memorandum of Points and Authorities In Support Of Objections To Claims Set For Substantive Hearing On December 17, 2014, was served on November 26, 2014, via electronic delivery to all of the parties receiving ECF notice in this bankruptcy case and via first-class mail, postage prepaid, and/or email on the parties as identified on Schedule A attached hereto.

*/s/ Paula S. Beran*

Paula S. Beran (VA Bar No. 34679)

# SCHEDULE A

Paul Burns, Esq.
Paul Burns Law Offices
133 W Grand River Ave.
Brighton, MI 48116

Fern Jackson
City of Brighton
200 N. First Street
Brighton, MI 48116

Bradford L. Maynes, Esq.
Law Office of Paul E. Burns
133 West Grand River
Brighton, MI 48116

Martha Romero
Romero Law Firm
BMR Professional Bldg
6516 Bright Ave
Whittier, CA 90601

Garren Laymon
Magee Goldstein Lasky & Sayers PC
310 First St S.W., Suite 1200
P.O. Box 404
Roanoake, VA 24003-0404

Monterey County Tax Collector
Attn: Collectors Office
P.O. Box 891
Salinas, CA

Magee Goldstein Lasky and Sayers PC
Garren R. Laymon
310 First Street S.W. Suite 1200
P.O. Box 404
Roanoke, VA 24003-0404

Premier Mounts
Progressive Marketing Products
P.O. Box 894441
Los Angeles, CA 90189-4441

Premier Mounts
Progressive Marketing Products
3130 E. Miraloma Avenue
Anaheim, CA 92806

James.Vandermark@phila.gov

City of Philadelphia
c/o Ashley M. Chan, Esquire
Hungley Aronchick Segal & Pudlin
One Logan Square, 2nd Floor
Philadelphia, PA 19103

William F. Harmon
2425 Sage Road, #26
Houston, TX 77056

James E. Burgess
232 Cross RDS Church Road
Easley, SC 29640

David Marciniszyn
633 Willow Street
Waterbury, CT 06710

Antonio Precise Products Manufactory Ltd.
Dick Tam
307-313, Photonics Centre
2 Science Park East Avenue
Hong Kong Science Park,
Shatin, Hong Kong

Emily Yip & Co.
Room 1904
Chinachem Exchange Square II
338 King's Road
Hong Kong
eyip@eyip.com

Marriott Int'l Inc. on behalf of the
Fort Myers Cape Coral Courtyard by Marriott
Androniki Alahouzos
Collections Administrator
Marriott International, Inc.
Marriott Drive, Dept. 52/923.21
Washington, DC 20058