## DECLARATION OF JEREMY V. RICHARDS

I, Jeremy V. Richards, declare as follows:

1. I am an attorney at law, licensed to practice in the courts of the State of California and admitted *pro hac vice* to practice before this Court. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP, counsel of record in the above-captioned case for Alfred H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust. I make this Declaration in support of the *Motion of Alfred H. Siegel, Trustee, for Summary Adjudication Disallowing In Full Claim No. 7065 Filed By Chase Bank USA, N.A.* (the "Motion"). All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

2. Attached hereto as **Exhibit "A"** is a true and correct copy of the Original Claim filed by Chase herein on or about January 28, 2009. Attached hereto as **Exhibit "B"** is a true and correct copy of the Amended Claim, amending the Original Claim, which was filed herein on or about December 12, 2014.

3. My knowledge of the facts set forth herein pertaining to the Davis Action is based upon my personal review of the docket, pleadings and documents filed in that action.

4. On or about January 16, 2004, Circuit City and Bank One, Delaware, N.A., predecessor in interest to Chase, entered into that certain Consumer Credit Card Program Agreement (the "Program Agreement"), which agreement became effective on or about May 25, 2004. A true and correct copy of the Program Agreement, as amended from time to time, has been filed with this Court under seal as Exhibit "2" to that certain filing entitled Sealed Exhibit [Dkt. No. 13489].

5. Pursuant to the Program Agreement, Chase established the Program, namely a private label and co-branded credit card program for Circuit City. The Program Agreement is an integrated agreement that governed all aspects of the Program.

6. On June 26, 2006, Gary Davis, on behalf of himself and as private attorney general on behalf of similarly situated plaintiffs ("Davis"), filed a class action complaint (the "Original Class Action Complaint") against Chase and Circuit City in the Los Angeles Superior Court, Central District (the "Los Angeles Superior Court"). The Original Class Action Complaint ( a copy of which is attached to the Davis Claims) alleged numerous causes of action against Chase and Circuit City based upon allegations that they both misled customers of Circuit City in California who made "Promotional Purchases" (*i.e.*, purchases advertised as being "no interest, no payment" transactions for a specified period of time) from and after June, 2002 using a Circuit City Rewards Card. Specifically, the Original Class Action Complaint alleges that if, during the specified interest free, no payment period, the cardholder was required to make a minimum or greater payment on account of a pre-existing or other account balance, such payment was applied first to the Promotional Purchase, thereby leaving an unpaid, interest bearing deficiency on the balance of the cardholder's outstanding obligations.

7. Chase removed the Davis Action to the United States District Court, Central District of California (the "District Court") and then sought to compel arbitration with Davis based upon arbitration provisions purportedly imposed upon cardholders pursuant to the "change of terms" clause in their Cardholder Agreements (or "Cardmember Agreements"). The District Court denied Chase's motion but stayed the Davis Action while Chase appealed its

ruling to the Ninth Circuit Court of Appeals (the "Ninth Circuit"). The Ninth Circuit affirmed the District Court's ruling denying Chase's motion to compel arbitration and the matter was remanded to the District Court in late 2008. At around the same time, on November 10, 2008, Circuit City filed its chapter 11 proceeding.

8.  Thereafter, on January 26, 2009, Davis and Chase submitted a Joint Status Report and Request for Status Conference (the "Joint Status Report") [Dkt. No. 81] to the District Court. A true and correct copy of the Joint Status Report is attached hereto as **Exhibit "C"**.

9.  Bifurcating his claims against Chase and Circuit City, on January 27, 2009, Davis filed two identical proofs of claim in the Circuit City bankruptcy, Claim Nos. 6104 and 7011 (the "Davis Claims"), asserting damages "in excess of $25,000 according to proof at trial" and attaching the Original Class Action Complaint. Pursuant to Circuit City's Thirty-First Omnibus Objection to Claims, the Davis Claims were disallowed in full, by order entered October 16, 2009 [Dkt. No. 5294].

10.  On March 17, 2009, after the District Court lifted its stay of the Davis Action [Dkt. No. 87], Davis filed a First Amended Class Action Complaint, naming only Chase as a defendant.

11.  The First Amended Class Action Complaint, a true and correct copy of which is attached hereto as **Exhibit "D"**, alleged four claims for relief against Chase: violation of the Consumer's Legal Remedies Act (the "CLRA"); violation of the California Business and Professions Code § 17200 *et seq.* (unlawful and unfair business practices) (the "Unfair

DOCS_LA:278587.5 12304/003                26

Competition Law" or the "UCL"); breach of the Cardmember Agreement; and breach of the implied covenant of good faith and fair dealing. Paragraph 47 of the First Amended Class Action Complaint sets forth a non-exhaustive list of Chase's alleged unfair, fraudulent and deceptive business practices, as follows:

> (a) Advertising promotional items as interest and payment free when purchased with a Chase Circuit City Rewards Card when in fact, interest and finance charges were frequently applied;
>
> (b) Charging a finance fee despite Payment of the monthly balance in part or in full, without deducting the Payment made before assessing any finance charge;
>
> (c) Applying monthly Payments to Promotional Purchases not yet billed or owing instead of to the balance as billed in the monthly statement due; and
>
> (d) Inserting an unconscionable arbitration and class action waiver clause and "change of terms" clause in its Cardmember Agreement.

12.    Chase brought a number of motions before the District Court, seeking either to eliminate, or significantly reduce the scope of the claims asserted in the First Amended Class Action Complaint.

13.    As a result, by order entered September 3, 2009 [Dkt. No. 112] (the "First Dismissal Order"), the District Court dismissed, on federal preemption grounds: (a) the First Claim for Relief under the CLRA to the extent that it sought money damages; and (b) the Second Claim for Relief brought under the UCL, but only to the extent that the claim sought to invalidate Chase's payment structure "as unfair." A true and correct copy of the First Dismissal Order is attached hereto as **Exhibit "E"**.

14.     Subsequently, by order entered November 15, 2010 [Dkt. No. 203], the District Court held that Chase was not liable on any of the Claims for Relief for "conduct prior to Chase's acquisition of FNANB's credit card assets on May 25, 2004." FNANB refers to First North American National Bank, Chase's predecessor in interest from whom it purchased assets pertaining to the Circuit City credit card program on May 25, 2004. Finally, by order entered on January 16, 2013, the District Court dismissed the Fourth Claim for Relief (for breach of the implied covenant of good faith and fair dealing). [Dkt. No. 291] True and correct copies of the foregoing orders are attached hereto as **Exhibits "F"** and **"G"**, respectively.

15.     Thus, the only surviving and operative portions of the First Amended Class Action Complaint seeking damages were: (a) the Second Claim for Relief under the UCL, but only to the extent that it alleges deceptive advertising practices but not to the extent that it asserts that Chase's payment structure (or application of payments) is inherently unfair; and (b) the Third Claim for Relief for breach of the Cardmember Agreement.

16.     On April 23, 2014, Davis filed a motion (the "Preliminary Approval Motion") [Dkt. No. 332] seeking Court approval of that certain Stipulation and Agreement of Settlement (the "Settlement Agreement"), entered into by and between Davis (and Gene Castillo, both as putative representatives of the Settlement Class, defined below) and Chase, pursuant to which Chase would pay the Settlement Class $5.5 million in exchange for full and complete releases from each and every Settlement Class Member.

17.     By order (the "Preliminary Approval Order") entered by the District Court on June 5, 2014 [Dkt. No. 340], the District Court approved the Settlement Agreement on a

preliminary basis and preliminarily certified the Settlement Class as set forth in the Settlement Agreement.

19. 18. On August 29, 2014, Davis and Castillo filed their motion (the "Final Approval Motion") seeking final approval of the Settlement Agreement and final certification of the Settlement Class [Dkt. No. 342]. A true and correct copy of the Final Approval Motion and Supporting Declarations is attached hereto as **Exhibit "H"**. A true and correct copy of the Settlement Agreement is filed with the Final Approval Motion and can be found within Exhibit "H" at Bates Stamp Nos. 362 through 421 inclusive.

19. By amended order entered on October 29, 2004 (the "Final Approval Order") [Dkt. No. 355], the District Court approved the Settlement Agreement on a final basis and certified the Settlement Class on a final basis. A true and correct copy of the Final Approval Order is attached hereto as **Exhibit "I"**. Concurrent with entry of the Final Approval Order, the District Court entered its Judgment, a true and correct copy of which is attached hereto as **Exhibit "J."**

20. Attached hereto as **Exhibit "K"** is a true and correct copy of an email dated April 23, 2007 from Daniel P. Tierney, of Chase Card Services to Marc Rubin, Credit Program Manager for Circuit City, regarding the Davis Action. The e-mail was recovered by the Trust from electronic records maintained by Circuit City in the ordinary course of its business.

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called as a witness, I could and would competently testify as to all of the matters stated herein.

Executed this 15th day of December, 2014, at Los Angeles, California.

_____
Jeremy V. Richards

## EXHIBITS

| | | |
|---|---|---|
| A | - | Chase Claim filed January 28, 2009 |
| B | - | Amended Claim filed December 12, 2014 |
| C | - | Joint Status Report |
| D | - | First Amended Class Action Complaint |
| E | - | First Dismissal Order |
| F | - | District Court Order [Dkt. No. 203] |
| G | - | District Court Order [Dkt. No. 291] |
| H | - | Final Approval Motion |
| I | - | Final Approval Order |
| J | - | Judgment |
| K | - | E-mail dated April 23, 2007 from Daniel P. Tierney re Davis Action |