# EXHIBIT A

# 7065

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Eastern ____ DISTRICT OF ____ Virginia | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** Circuit City Stores, Inc.     **Case Number:** 08-35653

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Chase Bank USA, N.A.

**Name and address where notices should be sent:**
Chase Bank USA, N.A., c/o Stephen J. Newman, Stroock &
Stroock & Lavan LLP, 2029 Century Park East, 16th Floor
Los Angeles, CA 90067
Telephone number:
310/556-5800

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

**Filed on:** _____

**Name and address where payment should be sent** (if different from above):



Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ Unliquidated

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Attached
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $ _____  **Annual Interest Rate** ___ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $ _____  **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____  **Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Date:** 1/28/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

RECEIVED

JAN 28 2009

KURTZMANCARSONCONSULTANTS

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

0835653090128000000000067

33

## ATTACHMENT TO PROOF OF CLAIM OF CHASE BANK USA, N.A.

### THE CLAIMS

1.      The debtor, Circuit City Stores, Inc. ("Debtor") is indebted to Chase Bank USA, N.A. ("Chase") for defense and indemnity ("Claims") in regard to the claims and causes of action as set forth in the complaint filed on June 26, 2006 in the Superior Court of the State of California for the County of Los Angeles, Central District, in Davis v. Chase Bank USA, N.A., et al., Case No. BC354564 ("Underlying Complaint"), and removed on August 1, 2006 to United States District Court for the Central District of California, Case No. CV06-4804 DDP (PJWx) ("California Court"). True and correct copies of the Underlying Complaint and the Notice of Removal are attached hereto as Exhibits 1 and 2 and incorporated in full by reference in this proof of claim ("Proof of Claim").

2.      The Underlying Complaint centers on the Debtor and its advertising to its customers. The specific advertising challenged in the Underlying Complaint was produced by Debtor and not by Chase. (Underlying Complaint, Exhibit A.) Both the Underlying Complaint and the California Court have stated that Debtor's advertising is at the core of this litigation – the issue being whether Debtor's advertising was misleading and deceptive. For this reason, Chase has valid claims for defense and indemnity against Debtor, the value of which depends on the outcome of proceedings in the California Court. Debtor acknowledges Chase's indemnity claim, as reflected on Debtor's Schedule F filed on docket entry number 1130, page 149 of this bankruptcy.

3.      Although Chase currently is precluded from pursuing the Claims due to Debtor's bankruptcy filing and the automatic stay provisions of 11 U.S.C. Section 362(a), Chase reserves all rights including, without limitation, rights pertaining to the Underlying Complaint.

LA 51114267

## RESERVATION OF RIGHTS TO AMEND AND/OR

## TO SUPPLEMENT THIS PROOF OF CLAIM

4.    Chase reserves the right to amend and/or supplement this Proof of Claim and to set forth in additional detail the basis and nature of the Claims, to assert pre- and post-petition claims held by Chase other than those set forth herein. Chase further reserves the right to assert a claim for payment under 11 U.S.C. Section 503(b).

LA 51114267

# Exhibit 1

90282

1  Drew E. Pomerance, Esq. (SBN: 101239)
   Michael G. Kline, Esq. (SBN 212758)
2  Erin M. LaBrache, Esq. (SBN. 195655)
   ROXBOROUGH, POMERANCE & NYE LLP
3  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
4  Telephone:  (818) 992-9999
   Facsimile:  (818) 992-9991

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 2 6 2006

JOHN A. CLARKE, CLERK
BY ELIZABETH MARTINEZ, DEPUTY

5

6  Attorneys for Plaintiff GARY DAVIS,
   individually and on behalf of himself, and
7  as Private Attorney General and on behalf of
   all others similarly situated

Case assigned
to Judge

8                                                    D-324  Victoria Chaney

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11              UNLIMITED JURISDICTION          D-324

12  GARY DAVIS, an individual; on behalf of      Case No.  BC354564
13  himself, and as PRIVATE ATTORNEY
    GENERAL, and on behalf of all others         CLASS ACTION COMPLAINT FOR:
14  similarly situated,
                                                 (1)  Violation of the Consumers Legal
15               Plaintiff,                            Remedies Act;
                                                 (2)  Violation of the *California Business and*
16  v.                                                *Professions Code Section* 17200 et seq.:
                                                      Unlawful and Unfair Business Practices;
17  CHASE BANK U.S.A., N.A., a Delaware          (3)  Violation of *Business & Professions Code*
    corporation; CIRCUIT CITY STORES, INC.,           §17500 (False Advertising);
18  a Virginia corporation, and DOES 1 through   (4)  Fraud and Deceit;
    50, inclusive,                               (5)  Breach of Contract;
19                                               (6)  Breach of the Implied Covenant of Good
                 Defendants.                          Faith and Fair Dealing;
20                                               (7)  Unjust Enrichment.

21

22  Plaintiff Gary Davis, on behalf of himself and other similarly situated, for his complaint against
23  CHASE BANK U.S.A., N.A. ("Chase Bank") and CIRCUIT CITY STORES, INC. ("Circuit City"),
24  complains and alleges as follows:

25  //
26  //
27  //
28  //

1
COMPLAINT

## INTRODUCTION

1.    This case arises from Chase Bank 's fraudulent and unfair business practice of charging its California credit card holders finance charges in connection with purchases at Circuit City advertised as "no interest, no payment," "no interest with minimum monthly payment," or "interest and payment free" (collectively "Promotional Purchase"). Plaintiff, on behalf of himself and all individuals similarly situated, seeks damages and equitable relief for violations of the California Consumers Legal Remedies Act, the *California Business and Professions Code* (Unfair Business Practices and False Advertising), for fraud and deceit, and for breach of contract and breach of the covenant of good faith and fair dealing. Chase Bank's and Circuit City's fraudulent and unfair business practices violate the rights of unsuspecting California consumers throughout the state, for which California consumer protection laws were designed.

## THE PARTIES

2.    Plaintiff, Gary Davis ("Plaintiff") is now, and at all relevant times was, a resident of the County of Los Angeles, State of California.

3.    At all relevant times, the class of Plaintiffs on behalf of which Plaintiff is bringing this suit, were residents of the State of California. Such persons shall hereinafter be referred to as the "Class" or "Class Members."

4.    Plaintiff is informed and believes, and based thereon alleges that Defendant Chase Bank is a corporation, organized and existing under the laws of the State of Delaware, duly qualified as a foreign corporation to transact business in the State of California, and doing business throughout the State of California. Plaintiff is informed and believes, and based thereon alleges, that Defendant Chase Bank is presently and/or has engaged in business in the County of Los Angeles, State of California.

5.    Plaintiff is informed and believes, and based thereon alleges that Defendant Circuit City is a Virginia corporation that owns and operates numerous retail stores in the State of California, including multiple locations in Los Angeles County.

2
COMPLAINT

6.     At all times relevant herein, Defendants Chase Bank and Circuit City offered a credit card through Circuit City ("Circuit City Rewards Card"). The Circuit City Rewards Card conferred certain benefits to consumers who utilized the credit card to make their purchases such as earning reward points redeemable at Circuit City stores. Another benefit of the Circuit City Rewards Card was access to Defendants' advertised promotion of "no interest, no payment" for a specified period of time on certain types of Circuit City purchases. ("Promotional Purchases")

7.     Plaintiff is informed and believes, and based thereon alleges that at all times herein mentioned, Defendant Chase Bank, Defendant Circuit City and DOES 1 through 50, inclusive (hereinafter jointly referred to as "Defendants"), are each responsible in some manner for the transactions, events and occurrences herein alleged and that damages herein alleged were proximately caused thereby. Plaintiff is informed and believes, and based thereon alleges that each of the Doe Defendants was intentionally, negligently, or in some other manner the cause, or contributing cause of, or otherwise responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages and those of the Class. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of each such Doe Defendant, together with such additional allegations as may be appropriate, when their names, capacities, and the nature of their involvement have been ascertained.

8.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, trustees, servants, partners, alter-egos, parent corporations, contractors, and/or employees of each of the remaining Defendants, and that the acts and/or omissions herein alleged were done by them acting individually, through such capacity or through the scope of their authority, and that such conduct was thereafter ratified by the remaining Defendants.

9.     At all relevant times, Defendants, and each of them, solicited business from residents and other individuals within the State of California, conducted business with consumers in the State of California, conducted business with Plaintiff and others similarly situated with him herein, and solicited business from Plaintiff and others similarly situated with Plaintiff, said business being the

3
COMPLAINT

39

1  subject matter of this complaint.

2  **CLASS ACTION ALLEGATIONS**

3      10.   Plaintiff brings this class action, on behalf of himself and all others similarly situated

4  in California during all or part of the class period, as more fully explained below. The questions of

5  law or fact common to the class predominate over questions affecting the individual members and,

6  on balance, a class action is superior to other methods available for adjudicating the controversy.

7      11.   The proposed class Plaintiff seeks to represent is presently defined as follows:

8              All persons who, in the past four years, used their Circuit City Rewards Card to

9                  (a) make a Promotional Purchase in California;

10                 (b) had made the minimum payment, or greater payment on their prior

11  statement closing balance ("Payment"); and

12                 (c) were assessed a finance charge on their prior balance without Chase

13  having applied that Payment to their prior balance because Chase Bank applied the payment to the

14  Promotional Purchase rather than to the prior balance.

15     12.   There is a well-defined community of interest in the litigation and the proposed class

16  is easily ascertainable.

17     13.   Numerosity: The Plaintiff Class is potentially so numerous that the individual joinder

18  of all members is impracticable under the circumstances of the case. While the exact number of

19  class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon

20  alleges that Defendants' Circuit City Reward Card Promotional Purchase program was a widespread

21  program marketed and promised to numerous individuals within the customer base of Defendants.

22     14.   Common Questions Predominate: Common questions of law and fact exist as to all

23  class members, and predominate over any questions that affect only individual members of the class.

24  The common questions of law and fact include, but are not limited to:

25                 (a)    Whether Defendants have engaged in practices proscribed by the Consumer

26  Legal Remedies Act, *Civil Code* section 1770, subsection (a)(9), by "advertising goods or

27  services with intent not to sell them as advertised";

28                 (b)    Whether Defendants have engaged in practices proscribed by the Consumer

4

Legal Remedies Act, *Civil Code* section 1770, subsection (a)(13), by "making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions";

(c)     Whether Defendants have engaged in practices proscribed by the Consumer Legal Remedies Act, *Civil Code* section 1770, subsection (a)(14), by "representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law";

(d)     Whether Defendants have engaged in practices proscribed by the Consumer Legal Remedies Act, *Civil Code* section 1770, subsection (a)(19), by "inserting an unconscionable provision in the contract";

(e)     Whether Defendants have violated the Consumer Legal Remedies Act, *Civil Code* section 1750 et seq., by engaging in other and/or additional practices proscribed therein;

(f)     Whether Defendants' activities related to its solicitation for consumer purchases of promotional Circuit City products with the Circuit City Rewards Card, constitutes false or misleading advertising in violation of *Business and Professions Code* section 17500;

(g)     Whether Defendants' conduct is "unlawful," "unfair" or "fraudulent" within the meaning of California's Unfair Business Practices Act, *Business and Professions Code* section 17200, et seq.

(h)     Whether in their uniform, written credit applications and marketing materials, Defendants have failed to disclose material terms of Defendants' Promotional Purchase offer;

(i)     Whether Defendants made uniform, material false representations to the effect that consumers would not be charged interest on Promotional Purchases.

15.     Typicality: Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Due to Defendants' common course of conduct, Plaintiff and all members of the Plaintiff Class have been unwittingly forced to pay off the Promotional Purchases prior to the expiration of

1   the advertised grace period for such payments and have been assessed a finance charge or charges in

2   connection with a Circuit City purchase advertised as "interest and payment free" if made with their

3   Circuit City Rewards Card.

4       16.   Adequacy:  Plaintiff will fairly and adequately protect the interests of the members of

5   Plaintiff Class.  Plaintiff resides in California and has been charged finance fees in connection with

6   one or more Promotional Purchases.  Plaintiff has retained counsel who have substantial experience

7   in complex civil litigation and class actions.

8       17.   Superiority:  The class action is superior to other available means for the fair and

9   efficient adjudication of the claims of Plaintiff.  The damages suffered by each individual Class

10  Member may be limited.  Damages of such magnitude are small given the burden and expense of

11  individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

12  Further, it would be virtually impossible for the members of the Class individually to redress

13  effectively the wrongs done to them.  Even if the Class Members themselves could afford such

14  individual litigation, the court system could not.  Individualized litigation presents a potential for

15  inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to

16  all parties and the court system presented by the complex legal and factual issues of the case.  By

17  contrast, the class action device presents far fewer management difficulties, and provides the

18  benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

19  Certification is also appropriate given the anticipated need to create a fluid recovery fund.

20      18.   Plaintiff is unaware of any particular difficulties that are likely to be encountered in

21  the management of this action that would preclude its maintenance as a class action.

22      **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

23      19.   Defendants solicited Plaintiff and others similarly situated to make purchases at

24  Circuit City using Defendants' Circuit City Rewards Card and in exchange for using its services,

25  Plaintiff and others similarly situated were eligible to receive an interest and payment free period in

26  which to pay off the balance on certain purchases described herein as "Promotional Purchases."

27      20.   From time to time, Defendants advertise Promotional Purchases in the Circuit City

28  Stores, Circuit City Rewards Card applications, mailers, and newspapers, among other advertising

1   means. The Promotional Purchase advertisements offer "no interest, no payments" for a variable

2   period based on the amount of the purchase. For example, a Circuit City Rewards Card promotional

3   item offered to consumers in 2006, states in large writing: "No interest! No payments! For six

4   months when you spend $499 or more. For 90 days when you spend $299 or more." "It is easy to

5   take advantage of this offer! When you make a purchase with your Circuit City credit card, present

6   this certificate to the store associate to scan." (A true and correct copy of this Circuit City Rewards

7   Card promotional material is attached hereto as Exhibit A).

8        21.    Plaintiff is informed and believes and thereon alleges that this promotional material

9   as well as variations of this promotional material, advertising "no interest, no payment" for a

10   specified period of time, was provided or made available, from time to time, to each of the Class

11   Members.

12        22.    On March 3, 2006, Plaintiff purchased a television set from Circuit City, charging

13   $2,000 to his Chase Circuit City Rewards Card. Although Plaintiff did not request that this item be

14   treated as a Promotional Purchase, Defendants nevertheless automatically treated this item as a

15   Promotional Purchase, with the term of no interest with minimal payment until January 2008.

16        23.    Prior to the purchase of the subject television, Defendant Chase Bank billed Plaintiff

17   for purchases made between January 14, 2006, and February 13, 2006 ("February Statement"), on

18   his Circuit City Rewards Card. Payment was due by March 10, 2006, and if Payment was posted by

19   March 10, 2006, no finance charge should be applied because the balance would have been paid in

20   full. Alternatively, if partial Payment was made either of the minimum amount or a greater amount,

21   then a finance charge should be applied only against the remaining balance after subtracting the

22   Payment made. Plaintiff returned two items and made two on-line payments consisting of the total

23   amount owing on March 4, 2006, and March 6, 2006, thereby paying the February Statement

24   balance in full and on time.

25        24.    Based on the language appearing in each of his monthly statements, Plaintiff was

26   informed and believed that he would not be assessed a finance charge if his monthly billings were

27   paid in full, or that any finance charge would be based only on the remaining balance after any

28   partial Payment had been subtracted from the outstanding balance. Each billing statement received

7
COMPLAINT

1    by Plaintiff states: "[W]e do not charge periodic finance charges on new purchases billed during the

2    billing cycle if we receive payment of your New Balance by the date and time your payment is due

3    as shown on your billing statement and we received payment of your New Balance on your previous

4    billing statement by the date and time your payment was due as shown on that billing statement."

5    (A true and correct copy of the February Statement is attached hereto as Exhibit B).

6        25.    Sometime after March 13, 2006, Plaintiff received his monthly statement from

7    Defendant Chase Bank for purchases made between February 14, 2006, and March 13, 2006

8    ("March Statement"). Although plaintiff had paid the February Statement balance in full and in a

9    timely manner, Defendant Chase Bank assessed a $77.25 finance charge which appeared on the

10   March Statement. (A true and correct copy of the March Statement is attached hereto as Exhibit C).

11       26.    Plaintiff is informed and believes, and based thereon alleges that he was assessed the

12   $77.25 finance charge because his entire February Statement Payment was applied against the

13   $2,000 Promotional Purchase, payment for which was not due, instead of to the February Statement

14   balance, thereby leaving a balance due against which finance charges were charged. The $2,000

15   charge for the television was made subsequent to the issuance of the February Statement, and no

16   Payments of any kind were due and owing for the Promotional Purchase until January 2008.

17   Nevertheless, Chase Bank allocated the entire $1,736.91 that Plaintiff paid on his February

18   Statement to the March 3, 2006, Promotional Purchase, even though, as advertised, no amounts were

19   due and owing on that item.

20       27.    Chase Bank assessed similar finance charges against Plaintiff on at least two (2) other

21   prior occasions involving the same type of Promotional Purchase, where payments were not due for

22   a specified period of time, but Chase Bank nevertheless allocated all of Plaintiff's payments to the

23   Promotional Purchase. Plaintiff is informed and believes, and based thereon alleges that thousands

24   of other similarly situated Class Members made similar types of Promotional Purchases at Circuit

25   City using Defendants' Circuit City Rewards Card, which Defendants treated as Promotional

26   Purchases subject to terms of "no interest, no payment" for a specified period of time, but were

27   thereafter charged a finance charge in a manner similar, or identical to that of Plaintiff.

28       28.    The "no interest, no payment" promotional offers fail to disclose that all payments

1   made by the consumer on his or her regular monthly statement are given priority of payment to the

2   promotional item, even if not yet billed and even if not due for many months.

3       29.    The promotional offer conveys that the consumer will receive a benefit of a grace

4   period of anywhere from a few months to two (2) years or more.  Plaintiff is informed and believes,

5   and based thereon alleges, however, that the offer is a scam used to induce consumers into believing

6   that they will have an extended time period in which to pay off their Promotional Purchases, when in

7   fact, the consumer has less time to pay off the Promotional Purchases due to Defendants' practice of

8   allocating consumers' Payments as described herein.

9       30.    Plaintiff is informed and believes, and based thereon alleges that Defendant Chase

10  Bank knows of the terms and conditions of such Promotional Purchases, and that Chase Bank's

11  practice of prioritizing the allocation of credit card payments to purchases not yet due and owing is

12  deceptive, misleading, fraudulent, unfair and in violation of California law.  Plaintiff further is

13  informed and believes, and based thereon alleges that Defendant Chase Bank's practice of

14  prioritizing the allocation of credit card payments to purchases advertised as "interest and payment

15  free" is especially egregious and violative of California law as this practice directly contradicts the

16  concept of "interest and payment free."

17      31.    Plaintiff, on behalf of himself and all others similarly situated, seeks damages and

18  equitable relief, including restitution, for violations of the California Consumers Legal Remedies

19  Act, the *California Business and Professions Code* (Unfair Business Practices and False

20  Advertising), Fraud and Deceit, and breach of contract and of the covenant of good faith and fair

21  dealing.  On behalf of himself and the proposed Class Members, and to the extent appropriate, on

22  behalf of the general public of California, Plaintiff seeks, among other things, declaratory relief,

23  injunctive relief, equitable relief, including restitution and disgorgement, and actual and punitive

24  damages, and attorney's fees.

25                     FIRST CAUSE OF ACTION

26              (Violation of the Consumers Legal Remedies Act)

27                      (Against All Defendants)

28      32.    Plaintiff incorporates by reference paragraphs 1 – 31 above as though fully set forth

1  herein.

2      33.    Defendants are "persons" and provide "goods" and "services" within the meaning of

3  the *Civil Code* sections 1761(c) and 1770.

4      34.    Purchasers of Circuit City Promotional Purchases with the Circuit City Rewards

5  Card, including Plaintiff and Class Members, are "consumers" within the meaning of the *Civil Code*

6  section 1761(d) and 1770.  Plaintiff's and each Class Member's Promotional Purchase with the

7  Circuit City Rewards Card constitutes a "transaction" within the meaning of *Civil Code* sections

8  1761(e) and 1770.

9      35.    As set forth herein, Defendants' acts, practices, representations, omissions, and

10  course of conduct with respect to advertising and selling items as interest and payment free violates

11  section 1770 (a)(9), (13), (14), and (19) of the Consumers Legal Remedies Act in that: (a)

12  Defendants advertised goods or services with the intent not to sell them as advertised; (b)

13  Defendants made misleading statements of fact concerning reasons for, existence or amounts of

14  price reductions; (c) Defendants represented that the transaction conferred or involved rights,

15  remedies or obligations that it did not have or involve; and (d) Defendants inserted an

16  unconscionable provision in the contract.

17      36.    This action shall constitute notice to Defendants pursuant to *California Civil Code*

18  section 1782 of the unlawful, unfair and fraudulent business practices as complained herein and

19  formal demand that Defendants: (1) cease and desist all advertising, promotional and sales activities

20  and practices described herein; (2) cease the promotion of its "interest and payment free" credit card

21  through the use of deceptive and misleading advertising devices as described herein; (3) cease the

22  practice of prioritizing the application of consumers' credit card payments to Promotional

23  Purchases; and (4) disclose to all consumers' Defendants' deceptive and illegal practices.

24      37.    Should Defendants herein fail to comply with the demands as stated above, Plaintiff

25  shall file a First Amended Complaint seeking an order, pursuant to *California Code of Civil*

26  *Procedure* section 1780 et seq.: (1) directing Defendants to cease and desist all advertising,

27  promotional and sales activities and practices described herein; (2) enjoining Defendants from the

28  promotion of its "interest and payment free" credit card through the use of deceptive and misleading

10
COMPLAINT

1  advertising devices as described herein; (3) directing Defendants to disgorge, for the benefit of

2  Class Members, its profits and compensation emanating from its "interest and payment free"

3  scheme, and/or make full restitution to Plaintiff and Class Members; and (4) enjoining Defendant

4  Chase Bank from prioritizing the application of consumers' credit card payments to Promotional

5  Purchases.  Plaintiff's Amended Complaint shall also seek compensatory and punitive damages,

6  costs of litigation, attorneys' fees and such other relief as is authorized under applicable provisions

7  of the CLRA.

8                              **SECOND CAUSE OF ACTION**

9              (For Violation of the *California Business and Professions Code*

10                 *Section* 17200 et seq.: Unlawful and Unfair Business Practices)

11                            (Against All Defendants)

12        38.     Plaintiff incorporates by reference paragraphs 1 – 37 above as though fully set forth

13  herein.  Plaintiff has suffered injury in fact and has suffered financial loss as a result of Defendants'

14  conduct as alleged in this cause of action.

15        39.     Defendants' acts, conduct and practices as described herein constitute unlawful

16  business acts and practices within the meaning of *California Business and Professions Code*

17  sections 17200 et seq.

18        40.     Defendants' acts, conduct and practices were unlawful, in that Defendants violated

19  the Consumers Legal Remedies Act, as alleged herein.

20        41.     Defendants' acts, conduct and practices, as described herein, constitute unfair,

21  fraudulent, and deceptive business acts and practices within the meaning of *California Business and*

22  *Professions Code* sections 17200 et seq.

23        42.     Defendants' acts, conduct and practices, as alleged herein, were unfair, in that any

24  utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff, Class

25  Members, and the general public, and/or Defendants' conduct is immoral, unethical, oppressive,

26  unscrupulous or substantially injurious to Plaintiff, Class Members and the general public.

27        43.     Defendants' acts, conduct and practices, as alleged herein, were fraudulent, in that

28  they were likely to and did deceive Plaintiff, Class Members and the general public, and Defendants

---

1  engaged in such acts, conduct, and practices knowingly.

2      44.   Defendants' unfair, fraudulent, and deceptive business acts and practices are

3  described herein and include, but are not limited to, the following:

4         (a)   Advertising promotional items as interest and payment free when purchased

5  with a Circuit City Rewards Card when in fact, interest and finance charges were frequently

6  applied;

7         (b)   Charging a finance fee despite Payment of the monthly balance in part or in

8  full, without deducting the Payment made before assessing any finance charge; and

9         (c)   Applying monthly Payments to Promotional Purchases not yet billed or owing

10  instead of to the balance as billed in the monthly statement due.

11      45.   As a direct and proximate result of Defendants' unfair, unlawful and fraudulent

12  business practices as alleged herein, Defendants were able to: (a) issue more charge cards to Circuit

13  City customers than they otherwise would have; (b) receive more credit card purchases for Circuit

14  City products than they otherwise would have; and/or (c) charge more finance charges than they

15  otherwise would have, and accordingly, Defendants received and are in possession of excessive and

16  unjust revenues and profits.

17      46.   Plaintiff, on behalf of himself and all others similarly situated in California, and

18  where appropriate, on behalf of the general public of California, seeks an order including, but not

19  limited to (1) directing Defendants to cease and desist all advertising, promotional and sales

20  activities and practices described herein; (2) enjoining Defendants from the promotion of their

21  "interest and payment free" credit card through the use of deceptive and misleading advertising

22  devices as described herein; (3) directing Defendants to disgorge, for the benefit of Class Members,

23  their profits and compensation emanating from their "interest and payment free" scheme, and/or

24  make full restitution to Plaintiff and Class Members; and (4) enjoining Defendant Chase Bank from

25  prioritizing the application of consumers' credit card payments to Promotional Purchases. Plaintiff

26  also seeks any other relief the Court deems acceptable, in accordance with section 17203 of the

27  Business and Professions Code. Plaintiff also seeks costs of litigation, attorneys' fees pursuant to

28  *California Code of Civil Procedure* §1021.5, and such other relief as the Court deems proper.

### THIRD CAUSE OF ACTION

(False Advertising, Violation of *Business & Profession Code* §17500)

(Against All Defendants)

47.     Plaintiff incorporates by reference paragraphs 1 – 46 above as though fully set forth herein.

48.     The standardized advertising and written and oral promotional material and all other written and oral promotional efforts undertaken by Defendants constitute advertising services and commercial statements, disseminated by Defendants, which contained statements that are untrue and/or misleading, or which omitted material information, and which are known, or by the exercise of reasonable care should have been known by Defendants to be deceptive, in violation of *California Business and Professions Code* section 17500, et seq. and other similar state false advertising statutes.  Plaintiff and Class Members are accordingly entitled to equitable and injunctive relief, on behalf of themselves and all others similarly situated, and request the following equitable and injunctive relief:

(a)     That Defendants be ordered to cease and desist all advertising, promotional and sales activities and practices described herein;

(b)     That Defendants be enjoined from the promotion of its "interest and payment free" credit card through the use of deceptive and misleading advertising devices as described herein;

(c)     That Defendants be ordered to disgorge, for the benefit of Class Members, their profits and compensation emanating from its "interest and payment free" scheme, and/or make full restitution to Plaintiff and Class Members.

(d)     That Defendant Chase Bank be enjoined from prioritizing the application of consumers' credit card payments to Promotional Purchases.

//
//
//
//

13

COMPLAINT

49

# FOURTH CAUSE OF ACTION

## (Fraud and Deceit)

### (Against All Defendants)

49.   Plaintiff incorporates by reference paragraphs 1 – 48 above as though fully set forth herein.

50.   At various times, as set forth in this Complaint, Defendants made material and intentional misrepresentations and false promises to Plaintiff, and others similarly situated while fraudulently concealing other material facts from Plaintiff.  The material, fraudulent misrepresentations, false promises, and fraudulent omissions include, but are not limited to, the following:

       (a)   Uniform, written solicitations to consumers, which solicitations uniformly promised that certain promotional purchases made at Circuit City using the Circuit City Rewards Card in excess of $250 would receive an interest and payment free period in which to payoff their purchase;

       (b)   Uniform failure to disclose in Defendants' written solicitations to consumers that Defendant Chase Bank would actually charge a finance charge even when customers paid their prior balance in full, or would otherwise charge a finance charge on any remaining balance without first deducting any partial Payment made;

       (c)   Failure to clearly and adequately disclose that Chase Bank would allocate Payments to Promotional Purchases, even if no payments were due for many months, thus causing customers who believed they were paying their current balances to actually incur excessive finance charges.

51.   While Defendants were making the enumerated, material fraudulent and deceitful misrepresentations and omissions, they knew the true facts to be the opposite thereof.

52.   Defendants knew that each of these enumerated, material misrepresentations and omissions were deceitful and fraudulent at the time that they were made, or, at the minimum, made the fraudulent misrepresentations and omissions with a reckless disregard for the true facts.

53.   Defendants made its material fraudulent misrepresentation and fraudulently

1   concealed material information for the primary purposes of inducing Plaintiff and others similarly

2   situated to enter into a Circuit City Promotional Purchase using the Circuit City Rewards Card.

3   Specifically, Defendants purposefully and fraudulently concealed that Promotional Purchases were

4   given priority of payment, even if not yet billed and owing, thus making the promise of "interest and

5   payment free" illusory.

6        54.    Plaintiff and other Class Members were unaware of the true facts that were concealed

7   by Defendants' material fraudulent misrepresentations and omissions, consummated the proposed

8   Promotional Purchase, having no reason to suspect that the transactions were predicated upon such

9   material, deceitful and fraudulent misrepresentations and omissions.

10       55.    As a direct and proximate result of the events and material, deceitful and fraudulent

11  misrepresentations described herein, Plaintiff and other Class Members have been damaged as may

12  be shown according to proof at the time of trial.

13       56.    In doing the acts herein alleged, Defendants acted with malice, oppression, and fraud

14  in order to induce Plaintiff and Class Members into making Circuit City purchases with the Circuit

15  City Rewards Card pursuant to which Defendants would profit from the collection of undisclosed

16  fees.  Such despicable conduct, in willful and conscious disregard of Plaintiff's rights, justifies an

17  award of exemplary damages against these Defendants in amounts as may be shown in according to

18  proof at the time of trial.

19

20                       **FIFTH CAUSE OF ACTION**

21                       (Breach of Contract)

22              (Against Defendant Chase Bank and Does 1 - 50)

23       57.    Plaintiff incorporates by reference paragraphs 1 – 56 above as though fully set forth

24  herein.

25       58.    Defendant Chase Bank offered Plaintiff and Class Members a no interest, no payment

26  grace period on Promotional Purchases made using their Circuit City Rewards Card.

27       59.    Plaintiff and Class Members made Promotional Purchases as offered by Defendant

28  Chase Bank.

                                    15

1    60.    Defendant Chase Bank breached these contracts by prioritizing the allocation of

2    credit card Payments to purchases offered and accepted as interest and payment free ahead of non-

3    promotional items appearing on the monthly statement.  Defendant Chase Bank further breached

4    these contracts by charging an interest fee on balances that remained due to this allocation of

5    Payments.

6    61.    By reason of Defendants' breach of Plaintiff's and other Class Members' respective

7    contracts, Plaintiffs and other Class Members have been damaged in the manner set forth herein, in

8    an amount to be determined at trial.

9

10                              **SIXTH CAUSE OF ACTION**

11              (Breach of the Implied Covenant of Good Faith and Fair Dealing)

12                      (Against Defendant Chase Bank and Does 1 – 50)

13    62.    Plaintiff incorporates by reference paragraphs 1 – 61 above as though fully set forth

14    herein.

15    63.    Every contract imposes upon each party a duty of good faith and fair dealing in its

16    performance.  The Promotional Purchases made by Plaintiff and Class Members with their Circuit

17    City Rewards Card contained an implied covenant of good faith and fair dealing.  The covenant

18    requires that neither party to the Promotional Purchase agreement do anything to inffinge upon the

19    other party's rights to the benefits of the agreement.

20    64.    Defendant Chase Bank's conduct, as set forth herein, has breached each of the

21    implied covenants of good faith and fair dealing.

22    65.    For example, Defendant Chase Bank has materially breached the implied covenant of

23    good faith and fair dealing by:

24              (a)    Promising purchasers of Circuit City Promotional Purchases they would

25    receive a payment free period in which to payoff their purchase, when, in fact, Defendant

26    Chase Bank prioritized the allocation of Payments to Promotional Purchases;

27              (b)    Promising purchasers of Circuit City Promotional Purchases they would

28    receive an interest free period in which to payoff their purchase, when, in fact, Defendant

1   Chase Bank charged interest fees in connection with Promotional Purchases.

2   66.   As a direct result of material breaches of the implied covenant of good faith and fair

3   dealing by Defendants, as set forth herein, Plaintiffs have been damaged as may be shown according

4   to proof at the time of trial.

5

6   **SEVENTH CAUSE OF ACTION**

7   (For Unjust Enrichment)

8   (Against Defendant Chase Bank and Does 1- 50)

9   67.   Plaintiff incorporates by reference paragraphs 1 – 66 above as though fully set forth

10   herein.

11   68.   As set forth fully herein, Defendants were not and are not entitled to a finance fee in

12   connection with Promotional Purchases.

13   69.   Thus, Defendants have retained and continue to retain money belonging to Plaintiff

14   and the Class Members.

15   70.   If Defendants are permitted to retain this money, they will be unjustly enriched at the

16   Plaintiffs' expense.

17

18   **WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class Members,

19   prays for judgment as follows:

20   1.   For an order certifying the Plaintiff Class and appointing Plaintiff and his counsel to

21   represent the Class;

22   2.   For an order awarding compensatory damages in an amount which may be proven at

23   trial, together with interest thereon;

24   3.   For an order awarding restitution and/or disgorgement and other equitable relief as

25   the Court deems proper;

26   4.   For an order awarding exemplary damages in an amount to deter and punish;

27   5.   For an order awarding pre-judgment and post-judgment interest, as well as their

28   reasonable attorneys' and experts' witness fees and other costs;

1   reasonable attorneys' and experts' witness fees and other costs;

2       6.      For an order enjoining Defendants from continuing to engage in unfair business

3   practices and false advertising; and,

4       7.      For an order awarding such other and further relief as this Court may deem just and

5   proper.

6

7   DATED: June 26, 2006                    ROXBOROUGH, POMERANCE & NYE LLP

8

9                                   By: _____

10                                      DREW E. POMERANCE
                                        MICHAEL G. KLINE
11                                      ERIN M. LaBRACHE
                                        Attorneys for Plaintiff GARY DAVIS,
12                                      individually and on behalf of himself, and
                                        as Private Attorney General and on behalf of
13                                      all others similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18
COMPLAINT

54

# Exhibit A

# No Interest! No Payments!

## For 6 Months
When You
Spend
$499
or more*

## For 90 Days
When You
Spend
$299
or more*

* See reverse side for details.

---

### It's easy to take advantage of this offer!

When you make a purchase
with your Circuit City credit card,
present this certificate
to the store associate to scan.

Store Associate: Please scan this barcode for the 90 Day/$299 offer

Store Associate: Please scan this barcode for the 6 Month/$499 offer

* Offers apply to in-store purchases charged to your Circuit City credit card account and are subject to credit approval. For any item $499 and above, to avoid finance charges, the purchase price must be paid in full while 180 days of the purchase date or on the 181st day from the purchase date, finance charges will be assessed at the Deferred/ Accumulated Finance Charge APR from the date of purchase. For any item $299 and above, to avoid finance charges, the purchase price must be paid in full within 90 days of the purchase date or on the 91st day from the purchase date, finance charges will be assessed at the Deferred/Accumulated Finance Charge APR from the date of purchase. Minimum monthly payments are required on your other account balances. As of August 1, 2006 the following rates and terms apply for finance applicants and are subject to change. For new Circuit City Rewards Card accounts: The purchase APR=22.24% or 24%, the Deferred/Accumulated Finance Charge APR=22.74% or 24% and the default and closed account APR=24.7% or 26.9%, depending on your credit qualifications, Late Payment & Returned check fee: $35, Minimum Finance Charge, if any assessed = $1.00., Offer expires 3/30/08. Existing cardholders should see their cardmember agreement for applicable interest rates and charges. The Circuit City Rewards Card is issued by Chase Bank USA, N.A.

EXH  A

 **VISA**  Statement

4104140014934039000011000000202752685

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

| | |
|---|---|
| ACCOUNT # | 4104 1400 1493 4039 |
| NEW BALANCE | $2,752.68 |
| PAYMENT DUE DATE | 03/10/06 |
| MINIMUM PAYMENT DUE | $110.00 |

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

MAIL
CHECK
TO:

MAKE CHECKS PAYABLE TO CHASE

$ [          ]
AMOUNT ENCLOSED

GARY J DAVIS
3126 ROBERTS AVE
CULVER CITY CA 90232-7415

M0117867

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

Street Address _____   Home Telephone ( )

City-State-Zip _____   Business Telephone ( )   Detach Here

---

**NCE SUMMARY**

| | |
|---|---|
| ous Balance | $1,495.99 |
| ayments and Credits | $1,781.13 |
| ash Advances | $0.00 |
| urchases/Adjustments | $2,955.45 |
| NANCE CHARGES | $82.37 |
| ew Balance | $2,752.68 |

**ACCOUNT INFORMATION**

| | |
|---|---|
| Statement Closing Date | 02/13/06 |
| Days In Billing Cycle | 31 |
| New Balance | $2,752.68 |
| Credit Line | $6,000.00 |
| Available Credit | $3,247.32 |
| Available Cash Advance** | $1,800.00 |

ACCOUNT #   4104140014934039
Payment Due Date 03/10/06
MINIMUM PAYMENT DUE $110.00

CALL 1-866-522-7587 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

---

**NSACTION DETAIL**

| ing | Transaction Date | Reference Number | Transactions | Charges & Credits ♦. |
|---|---|---|---|---|
| 6 | 01/12 | 6013275171011037 | SOUPLANTATION #17   LOS ANGELES CA | 11.24 |
| 6 | 01/12 | 6013349544161098 | RALPHS 90284   SF4 CULVER CITY CA | 7.80 |
| 6 | 01/14 | 0397718004897000 | CIRCUIT CITY PURCHASE | 933.53 |
| | | | 121 30" AND LARGER TVS | |
| 6 | 01/14 | 6015730150275528 | ROLL N RYE   CULVER CITY CA | 13.78 |
| 6 | 01/14 | 6015070214459019 | CARY PHOTO LAB   CULVER CITY CA | 23.59 |
| 7 | 01/16 | 7083000000000000 | CIRCUIT CITY PURCHASE | 6.51 |
| | | | 336 COMPUTER MEDIA | |
| | | | 077 DVD SOFTWARE | |
| 7 | 01/15 | 6016118000100172 | EAST WIND 4   CULVER CITY CA | 19.54 |
| 7 | 01/16 | 6016020000433563 | SUBWAY SANDWICHES #   LOS ANGELES CA | 5.39 |
| 8 | 01/16 | 6017207599700305 | BURGER KING # 9216 Q07   LOS ANGELES CA | 2.48 |
| 8 | 01/16 | 6017749054460174 | RITE AID STORE 5444   LOS ANGELES CA | 3.91 |
| 9 | 01/16 | 6016138018501123 | EL POLLO LOCO 3301   LOS ANGELES CA | 7.65 |
| 0 | 01/19 | 6015882856290191 | LA TIMES SUB*1378846016 800-528-4637 CA | 107.03 |
| :0 | 01/18 | 6019018000539878 | BUFFET CITY   LOS ANGELES CA | 14.60 |
| :0 | 01/18 | 6019690192891108 | SMART & FINAL CO.   WEST LOS ANGECA | 17.21 |
| :3 | 01/19 | 6020117724010040 | DOMINO'S PIZZA #08306   LOS ANGELES CA | 27.71 |
| :4 | 01/20 | 6023023226681108 | SAT PROS   626-3992222 CA | 420.00 |
| :5 | 01/24 | 6025002403499443 | 5 DE MAYO TACOS   CULVER CITY CA | 6.77 |
| :6 | 01/25 | 7675300000000000 | CIRCUIT CITY PURCHASE | 1.62 |
| | | | 395 COMPUTER MEDIA | |
| :5 | 01/25 | 2130800000000000 | CIRCUIT CITY PURCHASE | 62.24 |
| | | | 142 DIGITAL VIDEO | |
| :6 | 01/25 | 6025000133810579 | HHP*ONECALLELECTRONICS  800-340-4770 WA | 284.02 |
| :7 | 01/25 | 6026710008432154 | DENNY'S INC   CULVER CITY CA | 7.48 |
| :7 | 01/25 | 6026360143099162 | OFFICE DEPOT #951   CULVER CITY CA | 34.64 |
| :7 | 01/25 | 6026701066620484 | HUS SZECHWAN   310-8370292 CA | 30.90 |
| 0 | 01/27 | 6026130263159464 | NEW PANDA BUFFET   LOS ANGELES CA | 20.53 |

EXPLANATION OF CODES ON REVERSE
LABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
REVIATIONS: "pr" = Payment, "cr" = Credit

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE◆   EXH B

**VISA**    021306  Statement

| Customer Name | Account Number |
|---|---|
| GARY J DAVIS | 4104-1400-1493-4039 |

Page 3 of 3

**Payment Tips**

➤ Call 1-866-322-7597 to make your payment over the phone! (A small fee will apply.)
➤ Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
➤ Checks should be made payable to Chase.
➤ Write your account number on your check or money order.
➤ Include the payment coupon with your payment in the envelope provided.
➤ Written correspondence should be sent to:

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

As a Valued Cardmember, you can claim high-quality merchandise
from top brands such as Lenox, Harley-Davidson, Cross and many
more! Just go to www.rewardcenter.com and enter 157511 where
it asks for your certificate number. These products are not
available to the general public, so act now!

Redeem your rewards points today and use your Rewards Certificates towards
your next purchase at Circuit City. For every 500 points you earn, you'll
receive a $5 Rewards Certificate. Just visit circuitcityrewards.com anytime
to check your point balance and redeem for Rewards Certificates.

**REWARDS POINTS SUMMARY**

Your Circuit City Rewards ID Number is 70021534100

| | |
|---|---|
| The number of Rewards Points you have earned (through 02/13/2006) | 53,171 |
| The total number of Rewards Points that are available for you to redeem | 1,699 |
| The number of Rewards Points that are pending in your account | 472 |

**FINANCE CHARGE SUMMARY**

| | Average Daily Balance | Daily Periodic Rate* | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | ANNUAL PERCENTAGE RATE | |
|---|---|---|---|---|---|---|
| Purchases A | $2,312.92 | 0.0652% | 23.79% | $46.74 | 24.29% | SEE REVERSE SIDE FOR IMPORTANT INFORMATION |
| Purchases B | $1,761.92 | 0.0645% | 23.54% | $35.63 | | |
| Cash Advances C | $0.00 | 0.0761% | 27.79% | $0.00 | | |

* PERIODIC RATE MAY VARY FROM MONTH TO MONTH

SEE EXPLANATION OF CODES ON REVERSE
(VARIABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS: "pr" = Payment, "cr" = Credit
For 24 hour automated information call 1-866-522-7597
Customer Service Advisors are available Monday - Friday 10am - 9pm ET
To report your credit card lost or stolen 24 hours a day call (888) 609-4142
For T.D.D. (Telephone Device for the Hearing Impaired), call (800) 925-1794

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

**CHASE ○**


 031308 Statement

4104140014934039000011900000447579

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

| | |
|---|---|
| ACCOUNT # | 4104 1400 1493 4039 |
| NEW BALANCE | $4,497.57 |
| PAYMENT DUE DATE | 04/07/06 |
| MINIMUM PAYMENT DUE | $119.00 |

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

MAIL
CHECK
TO:

MAKE CHECKS PAYABLE TO CHASE

$ ☐☐☐☐☐
AMOUNT ENCLOSED

GARY J DAVIS
3128 ROBERTS AVE
CULVER CITY CA 90232-7415

M0114178

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

Street Address _____  Home Telephone ( _____
City-State-Zip _____  Business Telephone ( _____   ☐ Detach Here

### BALANCE SUMMARY
| | |
|---|---|
| Previous Balance | $2,752.68 |
| Payments and Credits | $2,752.68 |
| Cash Advances | $0.00 |
| Purchases/Adjustments | $4,420.32 |
| FINANCE CHARGES | $77.25 |
| New Balance | $4,497.57 |

### ACCOUNT INFORMATION
| | |
|---|---|
| Statement Closing Date | 03/13/06 |
| Days in Billing Cycle | 28 |
| New Balance | $4,497.57 |
| Credit Line | $6,000.00 |
| Available Credit | $1,502.43 |
| Available Cash Advance** | $1,502.43 |

### ACCOUNT #
4104140014934039
Payment Due Date 04/07/06
MINIMUM PAYMENT DUE $119.00

CALL 1-866-522-7581 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

### PROMOTIONAL SUMMARY

| Outstanding Promotions | Average Daily Balance | Deferred Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | Accumulated Deferred Finance Charges | Promotional Payoff Balance | Promotional Ending Date |
|---|---|---|---|---|---|---|---|---|
| CCP 22 MOS NIWP | $218.00 | 0.0657% | 23.99% | $3.99 | $263.09 | 01/14/2008 |

YOUR ACCOUNT BALANCE MAY CONTAIN PURCHASES THAT REQUIRE A MINIMUM MONTHLY
PAYMENT BY THE DUE DATE ON THIS STATEMENT. PLEASE REFER TO THE MINIMUM
PAYMENT DUE FOR THAT AMOUNT. ACCUMULATED DEFERRED FINANCE CHARGES WILL BE
WAIVED IF YOUR PROMOTIONAL BALANCE(S) IS PAID IN FULL BY THE PROMOTIONAL
ENDING DATE SHOWN IN THE PROMOTIONAL SUMMARY SECTION. THE PROMOTIONAL END
DATE MAY DIFFER FROM YOUR DUE DATE.

### TRANSACTION DETAIL

| Posting Date | Transaction Date | Reference Number | Transactions | Charges & Credits ♦ |
|---|---|---|---|---|
| | | | **Purchases** | |
| '14 | 02/13 | 50442361110635675 | BEST BUY   00003939   W HOLLYWOOD CA | 1,765.98 |
| '14 | 02/12 | 50448904414473768 | SMART & FINAL CO.   WEST LOS ANGECA | 17.21 |
| 14 | 02/12 | 50449480003361934 | ASIAN KITCHEN   CULVER CITY CA | 8.71 |
| 15 | 02/13 | 50452075997003376 | BURGER KING # 8218 G07 LOS ANGELES CA | 3.78 |
| 15 | 02/14 | 60468600029751133 | QUIZNO'S VENICE & ROBERTSCULVER CITY CA | 7.35 |
| 17 | 02/15 | 50475863152216229 | PIZZA HUT   07055015 CULVER CITY CA | 14.60 |
| 20 | 02/17 | 60485122022011264 | NORM'S LA CIENEGA #50   LOS ANGELES CA | 13.89 |
| 20 | 02/18 | 50500490002869276 | SUPER STAR BUFFET RESTAURCULVER CITY CA | 18.76 |
| 20 | 02/18 | 50503616311192627 | RALPHS #0284   SF4 CULVER CITY CA | 12.75 |
| 21 | 02/20 | 50512951119726534 | BEST BUY   00003939 W HOLLYWOOD CA | 8.56 |
| 22 | 02/21 | 48692500000000000 | CIRCUIT CITY CREDIT PURCHASE | 52.24CR |
| | | | 142 DIGITAL VIDEO | |

EXPLANATION OF CODES ON REVERSE
AVAILABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS : "PY" = Payment, "CR" = Credit
*** REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE

EXH C

  031308 Statement

Customer Name
GARY J DAVIS

Account Number
4104-1400-1493-4039

Page 2 of 3

Payment Tips

➢ Call 1-866-522-7587 to make your payment over the phone! (A small fee will apply.)
➢ Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
➢ Checks should be made payable to Chase.
➢ Write your account number on your check or money order.
➢ Include the payment coupon with your payment in the envelope provided.
➢ Written correspondence should be sent to:

**CHASE CARDMEMBER SERVICE**
**PO BOX 100044**
**KENNESAW, GA 30156-9244**

| Posting Date | Transaction Date | Reference Number | Transactions | Charges & Credits ✦ |
|---|---|---|---|---|
| 02/22 | 02/20 | 6052118000100573 | WOK GN FIRE INC     LOS ANGELES CA | 26.17 |
| 02/22 | 02/20 | 8052303117291564 | COMPUSA/GOOD GUYS #740  LOS ANGELES CA | 161.54 |
| 02/22 | 02/20 | 6052207509700366 | BURGER KING # 9216 Q07  LOS ANGELES CA | 2.48 |
| 02/23 | 02/21 | 6053364323115341 | KFC 2510053   28100523  CULVER CITY CA | 4.85 |
| 02/23 | 02/21 | A389899004697000 | CIRCUIT CITY CREDIT PURCHASE | 933.63cr |
| | | | 121 39" AND LARGER TVS | |
| 02/24 | 02/23 | 6054000594427855 | TWX*PWR098*MAGAZINE P&H  877-813-0001 NY | 2.00 |
| 02/24 | 02/23 | 9055470098300020 | TASTE OF INDIA - C   CULVER CITY CA | 14.27 |
| 02/27 | 02/22 | 6055150011473500 | EZ NEW WEB LAUNDROMAT   CULVER CITY CA | 5.45 |
| 02/27 | 02/23 | 6056599051481334 | SMART & FINAL CO.   WEST LOS ANGECA | 42.10 |
| 02/27 | 02/24 | 6056288299600195 | PAPA JOHN'S PIZZA #2380  LOS ANGELES CA | 19.73 |
| 02/27 | 02/24 | 6056289299600478 | PAPA JOHN'S PIZZA #2380  LOS ANGELES CA | 2.00 |
| 02/28 | 02/25 | 6055181912892422 | IHOP #782     LOS ANGELES CA | 12.07 |
| 02/28 | 02/27 | 6058123390012768 | GABY'S MEDITERRANEAN R  LAS ANGELES CA | 17.70 |
| 03/01 | 02/27 | 6059783000102064 | JITB #0293  00002931  LOS ANGELES CA | 2.15 |
| 03/01 | 02/27 | 6059701066620478 | HUS 32ECHWAN    LOS ANGELES CA | 22.64 |
| 03/01 | 02/27 | 6059207309700437 | BURGER KING # 9216 Q07  LOS ANGELES CA | 2.46 |
| 03/03 | 03/02 | 6061000257186393 | XM *SATELLITE RADIO   800-XMRADIO OC | 19.04 |
| 03/06 | 03/03 | 0211022004959000 | CIRCUIT CITY PURCHASE | 2,000.00 |
| | | | 128 PLASMA TV | |
| | | | 127 MOUNTS | |
| 3/09 | 03/07 | 6067197310661034 | PANDA EXPRESS 00006169  CULVER CITY CA | 6.52 |
| 3/09 | 03/07 | 6067396799783853 | RALPH'S #0086   SF4  CULVER CITY CA | 29.43 |
| 3/10 | 03/07 | 6069442645100024 | INDUSTRY CAFE AND    LOS ANGELES CA | 9.75 |
| 3/10 | 03/09 | 6069230015400299 | KRISTINA'S ITALIAN    LOS ANGELES CA | 16.27 |
| 3/13 | 03/09 | 6069338349919784 | AUTOZONE #5433    CULVER CITY CA | 4.32 |
| 3/13 | 03/09 | 6069338535829654 | RALPHS #0086    SF4  CULVER CITY CA | 3.86 |
| 3/13 | 03/10 | 6069230079900237 | 2020 VIDEO #12     LOS ANGELES CA | 12.99 |
| 3/13 | 03/10 | 6070296111093272 | BEST BUY   00001792  CULVER CITY CA | 38.05 |
| 3/13 | 03/10 | 6070295111093322 | BEST BUY   00001792  CULVER CITY CA | 40.55 |
| 3/13 | 03/10 | 6070116340010618 | BAJA FRESH 10142   CULVER CITY CA | 7.53 |
| 3/13 | 03/11 | 6071503106450066 | BESTBUYCOM   #8394009  888-BESTBUY MN | 20.54 |
| 3/13 | 03/12 | 6071312072620879 | NEW PANDA BUFFET    LOS ANGELES CA | 10.60 |
| 3/13 | 03/13 | | PURCHASE FINANCE CHARGE* | 77.25 |
| | | | Payments/Credits | |
| 3/05 | 03/04 | 6065001000000010 | ONLINE PMT RCVD-THANK YOU | 1,006.00py |
| 3/07 | 03/06 | 6066001000000019 | ONLINE PMT RCVD-THANK YOU | 730.91py |

**IMPORTANT INFORMATION**

**ATTENTION***
YOUR ACCOUNT IS IN DISPUTE FOR $596.43, THIS AMOUNT HAS NOT BEEN INCLUDED IN THE FINANCE CHARGE OR MINIMUM PAYMENT CALCULATIONS.

EXPLANATION OF CODES ON REVERSE.
AVAILABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABREVIATIONS: "py" = Payment, "cr" = Credit
REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE

  031306 Statement

| Customer Name | Account Number |
|---|---|
| GARY J DAVIS | 4104-1400-1493-4039 |

Page 3 of 3

**Payment Tips**

➤ Call 1-866-922-7587 to make your payment over the phone! (A small fee will apply.)
➤ Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
➤ Checks should be made payable to Chase.
➤ Write your account number on your check or money order.
➤ Include the payment coupon with your payment in the envelope provided.
➤ Written correspondence should be sent to:

    CHASE CARDMEMBER SERVICE
    PO BOX 100044
    KENNESAW, GA 30156-9244

Use your Circuit City credit card and take advantage of special financing
promotions available at your local Circuit City stores!

As a Valued Cardmember, you can claim high-quality merchandise
from top brands such as Lenox, Harley-Davidson, Cross and many
more! Just go to www.rewardcenter.com and enter 157511 where
it asks for your certificate number. These products are not
available to the general public, so act now!

Redeem your rewards points today and use your Rewards Certificates towards
your next purchase at Circuit City. For every 500 points you earn, you'll
receive a $5 Rewards Certificate. Just visit circuitcityrewards.com anytime
to check your point balance and redeem for Rewards Certificates.

**REWARDS POINTS SUMMARY**

Your Circuit City Rewards ID Number is 70021534100

| | |
|---|---|
| The number of Rewards Points you have earned (through 03/10/2006) | 50,421 |
| The total number of Rewards Points that are available for you to redeem | 1,790 |
| The number of Rewards Points that are pending in your account | -2,369 |

**FINANCE CHARGE SUMMARY**

| | * | Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate* | Periodic FINANCE CHARGE | ANNUAL PERCENTAGE RATE | |
|---|---|---|---|---|---|---|---|
| Purchases A | | $4,232.35 | 0.0652% | 23.79% | $77.25 | 22.49% | SEE REVERSE SIDE FOR |
| Purchases B | | $0.00 | 0.0652% | 23.79% | $0.00 | | IMPORTANT INFORMATION |
| Cash Advances C | | $0.00 | 0.0761% | 27.79% | $0.00 | | |

PERIODIC RATE MAY VARY FROM MONTH TO MONTH

E EXPLANATION OF CODES ON REVERSE
USABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
BREVIATIONS: "pr" = Payment, "cr" = Credit
24 hour automated information call 1-866-922-7587
tomer Service Advisors are available Monday - Friday 10am - 9pm ET
report your credit card lost or stolen 24 hours a day call (985) 598-4147
T.D.D. (Telephone Device for the Hearing Impaired), call (800) 925-1784
REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE

# Exhibit 2

FILED COPY

1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 83013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   DAVID W. MOON (State Bar No. 197711)
3  NANCY M. LEE (State Bar No. 232708)
   2029 Century Park East, Suite 1800
4  Los Angeles, California 90067-3086
   Telephone: 310-556-5800
5  Facsimile: 310-556-5959
   Email: *lacalendar@stroock.com*
6
   Attorneys for Defendant
7    CHASE BANK USA, N.A.

8  ATTORNEY AT LAW
   Peter E. Glick, Esq. (State Bar No. 127979)
9  400 Capitol Mall, Suite 1100
   Sacramento, CA 95814
10 Telephone: 916-558-6182
   Facsimile: 916-448-2434
11 Email: *pglick@pglick.com*

12 Attorney for Defendant
     CIRCUIT CITY STORES, INC.
13
                  UNITED STATES DISTRICT COURT
14
                  CENTRAL DISTRICT OF CALIFORNIA
15
16 GARY DAVIS, an individual, on behalf )   Case No.
   of himself, and as PRIVATE           )
17 ATTORNEY GENERAL, and on behalf      )
   of all others similarly situated     )   NOTICE OF REMOVAL
18                                       )
            Plaintiff,                   )
19                                       )
        v.                              )
20                                       )
   CHASE BANK U.S.A., N.A., a            )
21 Delaware corporation; CIRCUIT CITY    )
   STORES, INC., a Virginia corporation; )
22 and DOES 1 through 50, inclusive,     )
                                         )
23          Defendants.                  )
24
25
26
27
28

50330596V5

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in scattered sections of 28 U.S.C.), defendants Chase Bank USA, N.A. ("Chase") and Circuit City Stores, Inc. ("Circuit City") (together, "Defendants"), hereby remove the action entitled <u>Gary Davis v. Chase Bank U.S.A., N.A., et al.</u>, Los Angeles County Superior Court Case No. BC354564 (the "Action"), to the United States District Court for the Central District of California, on the following grounds:

<u>**The Removal Is Timely**</u>

1.     Plaintiff Gary Davis ("Plaintiff") served the Summons and Complaint in the Action on the Defendants on July 3, 2006.  The Complaint was the first pleading received by Defendants, through service or otherwise, setting forth the claim for relief upon which the Action is based.  This Notice of Removal has been filed within the thirty-day timeframe and is therefore timely under 28 U.S.C. § 1446(b).  A true and correct copy of the Complaint in this Action is attached hereto as Exhibit A.

<u>**This Court Has Removal Jurisdiction Under CAFA**</u>

2.     This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), and hence this Action is properly removable pursuant to 28 U.S.C. § 1453(b), because:

a.     <u>Diversity of citizenship exists.</u>  Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).  Chase is a national bank located in Delaware and therefore is a citizen of Delaware.  <u>See</u> 28 U.S.C. § 1348 (national bank is a citizen of the state in which it is "located"); <u>Wachovia Bank, N.A. v. Schmidt, III</u>, 126 S. Ct. 941, 952, 163 L. Ed. 2d 797 (2006) (holding that a national bank is "located," for diversity jurisdiction purposes, in the state designated

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 1 -

1   in its articles of association as its main office). Circuit City is a Virginia corporation

2   with its principal place of business in Richmond, Virginia, and therefore is a citizen

3   of Virginia.  Plaintiff is a resident of Los Angeles, California, and a citizen of

4   California.  (Compl. ¶ 2.)

5          b.     This Action is a "class action."  A "class action," as defined by

6   CAFA, is "any civil action filed under rule 23 of the Federal Rules of Civil

7   Procedure or similar state statute or rule of judicial procedure authorizing an action

8   to be brought by 1 or more representative persons as a class action."  28 U.S.C.

9   §§ 1332(d)(1)(B), 1453(a).  Plaintiff alleges that the Action is brought on behalf of a

10  putative class consisting of:

11              All persons who, in the past four years, used their Circuit

12              City Rewards Card to

13              (a) make a Promotional Purchase in California;

14              (b) had made the minimum payment, or greater payment on

15              their prior statement closing balance ("Payment"); and

16              (c) were assessed a finance charge on their prior balance

17              without Chase having applied that Payment to their prior

18              balance because Chase Bank applied the payment to the

19              Promotional Purchase rather than to the prior balance.

20  (Compl. ¶ 11.)  Class actions are permitted under California law pursuant to

21  California Code of Civil Procedure section 382 and California Civil Code section

22  1781.

23          c.     The amount in controversy is satisfied.  The amount in

24  controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or

25  value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For

26  purposes of determining the amount in controversy in class actions, CAFA expressly

27  requires that "the claims of the individual members shall be aggregated . . ." 28

28  U.S.C. § 1332(d)(6).  Plaintiff claims that Chase improperly applied his payment to a

- 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  promotional balance rather than to his regular balance, resulting in $77.25 in

2  additional finance charges in March 2006. (Compl. ¶ 25.)  Plaintiff claims to have

3  been improperly billed additional finance charges in unstated amounts "on at least

4  two (2) other occasions."  (Id. ¶ 27.)  Plaintiff alleges that Defendants improperly

5  billed additional finance charges to other class members "in a manner similar, or

6  identical to that of Plaintiff."  (Id.)  Plaintiff seeks, among other things:

7  (1) compensatory damages (in the amount of the alleged improperly billed finance

8  charges); (2) restitution and disgorgement (of these and other amounts); (3) punitive

9  damages; and (4) an injunction prohibiting Chase from prioritizing the application of

10  payments to promotional balances (thus precluding Chase from collecting the finance

11  charges at issue on all future accounts).  (Compl. ¶¶ 45-46, 48, 55-56, 61, 66, 68-70.)

12  Aggregating the claims of Plaintiff and the putative class, the amount in controversy

13  exceeds the sum or value of $5,000,000.  See 28 U.S.C. § 1332(d)(6); see also Hunt

14  v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434,

15  53 L. Ed. 2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is

16  well established that the amount in controversy is measured by the value of the

17  object of the litigation.") (citations omitted); Simmons v. PCR Technology, 209 F.

18  Supp. 2d 1029, 1033 (N.D. Cal. 2002) (holding that the amount in controversy may

19  include punitive damages).

20  **Removal By Chase and Circuit City Is Proper**

21  3.    CAFA allows for the removal of class actions to federal court in

22  accordance with 28 U.S.C. § 1446, "except that such action may be removed by any

23  defendant without the consent of all defendants."  28 U.S.C. § 1453(b).  Accordingly,

24  Chase and Circuit City are permitted to file this Notice of Removal without the

25  joinder or consent of any other defendant.  Nevertheless, all known defendants have

26  joined in this removal.

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 3 -

50330596V5

66

## Notice Has Been Effected

4.   A copy of this Notice of Removal is being concurrently filed with the Superior Court of the State of California for the County of Los Angeles and concurrently served on all counsel of record.

Dated: August 1, 2006

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
DAVID W. MOON
NANCY M. LEE


By: _____
        David W. Moon

Attorneys for Defendant
CHASE BANK USA, N.A.


Dated: August 1, 2006

ATTORNEY AT LAW
PETER E. GLICK, ESQ.


By: _____ by permission
        Peter E. Glick

Attorney for Defendant
CIRCUIT CITY STORES, INC.

50330596V5.

67

EXHIBIT B

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA | **AMENDED PROOF OF CLAIM** |
|---|---|

| Name of Debtor:<br>Circuit City Stores, Inc. | Case Number:<br>08-35653 | |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| | **COURT USE ONLY** |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Chase Bank USA, N.A. | ☒  Check this box if this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Frank A. Merola, Esq.<br>Stephen J. Newman, Esq.<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East 16th Floor<br>Los Angeles, CA 90067<br><br>Telephone number:  310-556-5800      email:   fmerola@stroock.com<br>                                          snewman@stroock.com | **Court Claim Number:**  7065<br>(*If known*)<br><br><br>Filed on:  1/28/2009 |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:               email: | ☐  Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

**1.   Amount of Claim as of Date Case Filed:**   $7,152,232.29

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐  Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2.   Basis for Claim:**
(See instruction #2)    See Attached Rider

| **3.   Last four digits of any number by which creditor identifies debtor:**<br>_____ | **3a.      Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b.      Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4.   Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time the case was filed, included in secured claim, if any:

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____

Basis for perfection: _____

Value of Property: _____

Amount of Secured Claim: _____

Annual Interest Rate : _____ %   ☐ Fixed   or   ☐ Variable
(when case was filed)

Amount Unsecured: _____

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐      Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐      Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐      Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

Amount entitled to priority:

_____

☐      Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐      Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐      Other – Specify applicable paragraph of 11 U. S. C. § 507 (a)(__).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

69

B 10 (Official Form 10) (04/13)

| | |
|---|---|
| 6. | **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6) |

| | |
|---|---|
| 7. | **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted".*) |

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8.    Signature:** (See instruction #8)

Check the appropriate box.

☐   I am the creditor.    ☒   I am the creditor's authorized agent.    ☐   I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐   I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief

| | | | |
|---|---|---|---|
| Print Name: | Stephen Newman | | |
| Title: | Partner | *Stephen Newman* | *November 10, 2014* |
| Company: | Stroock & Stroock & Lavan LLP | (Signature) | (Date) |

Address and telephone number (if different from notice address above):

Telephone number:              email:

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINA**

|  |  |
|---|---|
| *In re:* ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653 (KRH) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |

### RIDER TO AMENDED PROOF OF CLAIM OF CHASE BANK USA, N.A.

1.      Chase Bank USA, N.A. ("Chase") submits this rider ("Rider") to its amended proof of claim (the "Amended Proof of Claim") against Circuit City Stores, Inc., et al. (the "Debtors" or "Circuit City"). This Rider is an addendum to and shall be deemed to be part of and incorporated by reference in the Amended Proof of Claim. The filing of this Amended Proof of Claim is without prejudice to, and is not intended to supersede the Initial Proof of Claim (as defined below).

2.      On January 28, 2009, Chase timely and properly filed a proof of claim in these proceedings (the "Initial Proof of Claim"). As set forth in the Initial Proof of Claim, Chase reserved the right to amend the Initial Proof of Claim as necessary or appropriate. Except as expressly amended herein, the Initial Proof of Claim in its entirety remains in full force and effect.

### BASIS FOR CLAIM

3.      As provided in the Initial Proof of Claim, a complaint was filed on June 26, 2006 in the Superior Court of the State of California for the County of Los Angeles, Central District, in Davis v. Chase Bank USA, N.A., et al., Case No. BC354564, and removed on August 1, 2006

71

to United States District Court for the Central District of California (the "District Court"), Case No. CV06-4804 DDP (PJWx) (herein the "Underlying Complaint" or the "Underlying Case").

4.     As provided in the Initial Proof of Claim, the Underlying Complaint centered on Circuit City and its advertising to its customers.  The specific advertising challenged in the Underlying Complaint was produced by Circuit City and not by Chase.  Both the Underlying Complaint and the District Court stated that Circuit City's advertising was at the core of the litigation – the issue being whether Circuit City's advertising was misleading and deceptive.

5.     On April 23, 2014, the plaintiff in the Underlying Case filed a motion for the preliminary approval of the Stipulation and Agreement of Settlement (the "Settlement Agreement").  The Settlement Agreement was attached as Exhibit 1 to the Declaration of Drew E. Pomerance in Support of Plaintiffs' Motion for Preliminary Approval of Settlement.  A copy of the motion and declaration are attached hereto as Exhibits A and B, respectively.  The District Court granted the preliminary approval of the Settlement Agreement on June 5, 2014.  A copy of the preliminary approval order is attached hereto as Exhibit C.  On October 27, 2014, the District Court granted the final approval of the Settlement Agreement.  A copy of the Judgment and Amended Final Approval Order are attached hereto as Exhibits D and E, respectively.

6.     Pursuant to the terms of the Settlement, Chase will pay a total of $5,500,000 (the "Settlement Amount") in settlement of the claims in the Underlying Case.  Additionally, Chase has incurred a total of $36,688.92 in costs associated with defending the Underling Case and $1,615,543.37 in legal fees.  A copy of the Service and Expense Remittance Summary is attached as Exhibit F.[1]

---

[1] Copies of the time entries associated with the applicable invoices are available upon written request.

7.      Circuit City is required to indemnify Chase under, *inter alia*, Article X of a certain Consumer Credit Card Program Agreement by and between Circuit City Stores, Inc. and Bank One, Delaware, N.A. dated as of January 16, 2004.

8.      Accordingly, Chase has valid claims for defense and indemnity against Circuit City for the Settlement Amount and the costs of defending the Underlying Case.  Moreover, Circuit City has acknowledged Chase's indemnity claim, as reflected on Debtors' Schedule F filed on docket entry number 1130, page 149 of this bankruptcy.

9.      To the extent any portion of this claim arises subsequent to the commencement of the Bankruptcy Case, such portion is entitled to administrative expense priority pursuant to 11 U.S.C. § 507(a)(1).  Chase asserts that those amounts are entitled to administrative priority.

10.     To the extent this claim is neither secured nor entitled to priority status, Chase reserves and asserts a general unsecured claim in that amount.

11.     Additional information will be furnished by Chase upon reasonable request.

## RESERVATION OF RIGHTS

12.     No judgment has been entered against the Debtors on any of the claims asserted herein and no payment has been made on behalf of the claim subsequent to the Petition Date.

13.     This claim is not subject to any offsets or counterclaim.

14.     Chase reserves all rights to amend, modify or supplement this Amended Proof of Claim in any respect, including, without limitation to include additional claims for reimbursement, set-off, damages, interest and/or costs and expenses, as appropriate.  The filing of this Amended Proof of Claim shall not be deemed a waiver of any claim in law or in equity that Chase may have against the Debtors, its affiliates, or any other persons or entities.

-3-

15.    The filing of this claim is specifically made without any election of rights and remedies, and Chase hereby reserves all rights and remedies which it may have, in addition to the filing of and pursuit of this Amended Proof of Claim, against any other person or entity.

16.    The execution and filing of this Amended Proof of Claim is not a waiver of any of Chase's rights against any person, entity or property including, without limitation, the right to move to withdraw the reference with respect to the subject matter of this claim or otherwise a waiver or release of Chase's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge, and any right to trial by jury that Chase may have in any civil proceeding arising in or related to this case, nor is it a consent to jurisdiction of this or any court except with respect to the allowance of the claims asserted herein.

## NOTICES

17.    All notices concerning this Amended Proof of Claim should be sent to the following party at the addresses set forth below:

    Stroock & Stroock & Lavan LLP
    Frank A. Merola, Esq.
    Stephen J. Newman, Esq.
    2029 Century Park East 16th Floor
    Los Angeles, CA 90067

-4-

74

# EXHIBIT A

**Motion for Preliminary Approval of Settlement**

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 45 of 75    Page Exhibit(s)Page#27201
Case 2:06-cv-04804-KRH-PJW  Claim Document 332  Filed 12/22/14  Page Exhibit(s)Page#27201
of 129

Drew E. Pomerance, Esq. (SBN. 101239), dep@rpnalaw.com
Burton E. Falk, Esq. (SBN. 100644), bef@rpnalaw.com
David R. Ginsburg, Esq. (SBN. 210900), drg@rpnalaw.com
**ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone:  (818) 992-9999
Facsimile:  (818) 992-9991

[Additional Counsel Continued On Next Page]

Attorneys for Plaintiffs GARY DAVIS and
GENE CASTILLO, individually,
as Private Attorney Generals, and on behalf
of all others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DAVIS, an individual; on behalf of himself, and as PRIVATE ATTORNEY GENERAL, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 06 4804 DDP (PJWx)<br><br>Honorable Dean D. Pregerson<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Declaration of Drew E. Pomerance and Attached Exhibits Filed Concurrently; [Proposed] Order Lodged Concurrently]**<br><br>**Date:**     **June 2, 2014**<br>**Time:**     **10:00 a.m.**<br>**Courtroom:**     **3** |

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 46 of 75    Desc Exhibit(s) Page #3
Case 2:06-cv-34654-KRH-PCM   Document 2.2    Filed 12/23/14    Page Exhibit(s) Page Doc #3 202
of 129

1  Jeff Westerman, Esq. (SBN. 94559)
2  jwesterman@jswlegal.com
   Jordanna G. Thigpen, Esq. (SBN. 232642)
3  jthigpen@jswlegal.com
4  **WESTERMAN LAW CORP.**
   1925 Century Park East, Suite 2100
5  Los Angeles, California 90067
6  Telephone: (310) 698-7450
   Facsimile:  (310) 201-9160
7
8  Nicole Duckett Fricke, Esq. (SBN. 198168)
   ndfricke@milberg.com
9  **MILBERG, LLP**
10 One California Plaza
   300 South Grand Avenue, Suite 3900
11 Los Angeles, California 90071
12 Telephone: (213) 617-1200
   Facsimile: (213) 617-1975
13

14

15 Attorneys for Plaintiffs GARY DAVIS and
   GENE CASTILLO, individually,
16 as Private Attorney Generals, and on behalf
17 of all others similarly situated

18

19

20

21

22

23

24

25

26

27

28

---

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 47 of 75
Case Case 08-35653-KRH-PC Main Doc 24-1 era 332    Filed 12/23/14    Page Exhibit(s) Page 47 203
of 129

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................... 1

II.     BACKGROUND OF THE CASE........................................ 2

    A.    The Allegations ..................................................... 2

    B.    Procedural History.................................................. 3

    C.    Mediation and Settlement....................................... 4

III.    THE SETTLEMENT..................................................... 6

IV.     THE PROPOSED SETTLEMENT WARRANTS
PRELIMINARY APPROVAL........................................... 7

    A.    Standards for Preliminary Approval .......................... 7

    B.    The Proposed Settlement Merits Preliminary Approval ................... 8

        1.    Plaintiffs Have Engaged In Sufficient Discovery
and Investigation to Properly Evaluate the Propriety
of Settlement  .............................................. 9

        2.    The Strength of Plaintiffs' Case, When Balanced
Against the Risk, Expense and Duration of Further
Litigation, Supports Approval of This Settlement................... 9

        3.    The Recommendations of Experienced Counsel
Favor the Approval of Settlement.......................... 11

V.      CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER.......... 12

    A.    The Settlement Class Is So Numerous That Joinder
of All Settlement Class Members Is Impracticable .................... 13

    B.    Common Questions of Law and Fact............................. 13

    C.    Plaintiffs' Claims Are Typical of Those of
the Settlement Class ................................................ 14

    D.    The Adequacy Requirement Is Satisfied ........................ 15

    E.    The Proposed Settlement Class Satisfies Rule 23(b)(3) ................. 16

        1.    Common Questions of Law and Fact Predominate .............. 16

i

2.    A Class Action Is Superior to Other Available
Methods for Resolving this Controversy ............................... 17

VI.    THE PROPOSED NOTICE IS ADEQUATE ........................................... 18

VII.    SCHEDULE OF EVENTS .................................................................. 20

VIII.    CONCLUSION ................................................................................. 21

ii

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 49 of 75
Case 2:06-cv-04804-KRH-PJW    Document 224    Filed 12/23/14    Page 51 of 81    Page ID #:6205
of 129

# TABLE OF AUTHORITIES

## Cases

*Amchem Products v. Windsor*
    521 U.S. 591 (1997) ..................................................... 12

*Arnold v. United Artists Theater Circuit, Inc.*
    158 F.R.D. 439 (N.D. Cal. 1994) ............................... 13

*Blackie v. Barrack*
    524 F.2d 891 (9th Cir. 1975) ...................................... 16

*Blackwell v. Sky West Airlines*
    245 F.R.D. 453 (S.D. Cal. 2007) ................................. 13

*Class Plaintiffs v. City of Seattle*
    955 F.2d 1268 (9th Cir. 1992) ..................................... 12

*Farinella v. PayPal, Inc.*
    611 F. Supp.2d 250 (E.D.N.Y. 2009) .......................... 20

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) .................... 8, 13, 14, 15

*Harris v. Palm Springs Alpine Estates, Inc.*
    329 F.2d 909 (9th Cir. 1964) ...................................... 13

*Hernandez v. Alexander*
    152 F.R.D. 192 (D. Nev. 1993) ................................... 16

*In re Apple iPod iTunes Antitrust Litigation*
    2008 WL 5574487 (N.D. Cal. 2008) ........................... 15

*In re Domestic Air Transp. Antritrust Litig.*
    141 F.R.D. 534 (N.D. Ga. 1992) ................................. 20

*In re Juniper Networks, Inc. Securities Litigation*
    264 F.R.D. 584 (N.D. Cal. 2009) .......................... 17, 18

*In Re Mego Financial Corporation Securities Litigation*
    213 F.3d 454 (9th Cir. 2000) ...................................... 10

iii

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 50 of 75
Case 2:06-cv-04804-DDP-PJW   Document 32   Filed 12/23/14   Page 6 Exhibit(s) Page 77 206
of 129

1  *In Re Washington Public Power Supply Systems Securities Litigation*

2      720 F. Supp. 1379 (D. Ariz. 1989) .......................................... 12

3  *Lowden v. T-Mobile USA, Inc.*

4      512 F.3d 1213 (9th Cir. 2008) ............................................ 17

5  *Lubin v. Sybedon Corp.*

6      688 F.Supp. 1425 (S.D. Cal. 1988) ....................................... 16

7  *Mejdreck v. Lockformer Co.*

8      2002 WL 1838141 (N.D. Ill. 2002) ....................................... 18

9  *Miletak v. Allstate Ins. Co.*

10      2010 WL 809579 (N.D.Cal. 2010) ....................................... 17

11  *Moore v. Fitness Intern., LLC*

12      2013 WL 3189080 (S.D. Cal. 2013) ....................................... 13

13  *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*

14      221 F.R.D. 523 (C.D. Cal. 2004) ......................................... 12

15  *Officers for Justice v. Civil Serv. Comm'n,*

16      688 F.2d 615 (9th Cir. 1982) ............................................ 7, 8

17  *Schaefer v. Overland Express Family of Funds*

18      169 F.R.D. 124 (S.D. Cal. 1996) ......................................... 15

19  *Staton v. Boeing Co.*

20      327 F.3d 938 (9th Cir. 2003) ............................................ 14

21  *Stolz v. United Brotherhood of Carpenters and Joiners, et al.*

22      620 F.Supp. 396 (D. Nev. 1985) .......................................... 14

23  *Torrisi v. Tucson Elec. Power Co.*

24      8 F.3d 1370 (9th Cir. 1993) ........................................ 8, 18, 20

25  *Util. Reform Project v. Bonneville Power Admin.*

26      869 F.2d 437 (9th Cir. 1989) ............................................. 7

27  *Valentino v. Carter-Wallace, Inc.*

28      97 F.3d 1227 (9th Cir. 1996) ............................................ 17

iv

1    **Statutes**

2    28 U.S.C. §1715    ...................................................................................... 20

3    California Business & Professions Code §17200 .................................................... 2

4    California Business & Professions Code §17500 .................................................... 2

5

6    **Rules**

7    Federal Rule of Civil Procedure 23 ....................................... 4, 7, 13, 14, 16, 17, 18

8

9    **Other Authorities**

10    Manual for Complex Litigation (4th ed. 2004) .............................................. 7, 19

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that on June 2, 2014 at 10:00 a.m., or as soon

2    thereafter as the matter may be heard before the Honorable Dean D. Pregerson in

3    Courtroom 3 of the above-entitled court, located at 312 North Spring Street, Los

4    Angeles, California, Plaintiffs Gary Davis and Gene Castillo will move this Court

5    for an order (1) granting preliminary approval of the settlement in this case, (2)

6    provisionally certifying the class for settlement purposes, (3) approving the form

7    and manner of notice to be provided to the proposed settlement class and directing

8    that notice be given to the proposed settlement class, (4) appointing Plaintiffs as

9    class representatives of the proposed settlement class, (5) confirming the

10   appointment of Roxborough, Pomerance, Nye & Adreani LLP, Westerman Law

11   Corp., and Milberg, LLP, as co-counsel for the proposed settlement class, and (6)

12   scheduling a hearing for final approval of the proposed settlement.

13   Defendant Chase Bank U.S.A., N.A. (Chase) does not oppose this motion,

14   which is being made following conferences between counsel over the last few

15   months, pursuant to L.R. 7-3.

16   This motion is based on this notice and motion, the accompanying

17   memorandum of points and authorities, the declaration of Drew E. Pomerance and

18   documents attached thereto, all the matters of record filed with the Court, and such

19   other evidence and argument as may be submitted to the Court.

20

21

22

23

24

25

26

27

28

---

1

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 53 of 75
Case 2:06-cv-04804-DDP-PJW    Document 332    Filed 04/23/14    Page Exhibit(s) Page #:10209
of 129

1   DATED: April 23, 2014          ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

2
                                   By:   s/ Drew E. Pomerance
3                                        DREW E. POMERANCE
                                         BURTON E. FALK
4                                        Attorneys for Plaintiffs GARY DAVIS and
                                         GENE CASTILLO, individually,
5                                        as Private Attorney Generals, and on behalf
                                         of all others similarly situated
6

7

8
    DATED: April 23, 2014          WESTERMAN LAW CORP.
9

10                                 By:   s/ Jeff Westerman
                                         JEFF WESTERMAN
11                                       JORDANNA G. THIGPEN
                                         Attorneys for Plaintiffs GARY DAVIS and
12                                       GENE CASTILLO, individually,
                                         as Private Attorney Generals, and on behalf
13                                       of all others similarly situated
14

15
    DATED: April 23, 2014          MILBERG LLP
16

17                                 By:   s/ Nicole Duckett Fricke
                                         NICOLE DUCKETT FRICKE
18                                       Attorneys for Plaintiffs GARY DAVIS and
                                         GENE CASTILLO, individually,
19                                       as Private Attorney Generals, and on behalf
                                         of all others similarly situated
20

21

22

23

24

25

26

27

28

                                         2

## I.    **INTRODUCTION**

The parties have reached an agreement to settle this matter on the terms set forth in the Settlement Agreement (Agreement) attached as Exhibit 1 to the concurrently filed Declaration of Drew E. Pomerance. The terms of the settlement more than meet the requirements for preliminary approval. Chase has agreed to pay $5.5 million in <u>cash benefits</u> to resolve this matter.

The Class alleged that Chase misled consumers and failed to properly apply its customers' payments first to regular balance purchases before promotional purchases. The result was that class members were wrongly assessed finance charges on those purchases.

This settlement pays real cash benefits back to class members and compensates them for some of the finance charges that Chase assessed against them. The settlement is the result of extensive negotiations that continued on and off for the past four years, substantial discovery, investigation, and analysis to verify the size and extent of the Class, the potential damages they incurred, as well as a thorough analysis of Plaintiffs' legal theories and Chase's defenses – both on the merits as well as having to do with class certification issues. As well, the parties twice mediated the dispute before the Honorable Edward Infante, Ret., who helped broker the terms of this Agreement.

Accordingly, the parties request that this Court preliminary approve this settlement as fair, reasonable and in the best interest of the Class, and that the Court further order that notice be sent to the class members in a manner that comports with basic notions of due process, and finally that the Court order a final fairness hearing to be scheduled as set forth below.

/ / /
/ / /
/ / /
/ / /

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 55 of 75
Case 2:06-cv-04804-DDP-JW22-Document 351-4 Filed 12/23/14 Page 11 of 32 Page ID
of 7229

## II.   BACKGROUND OF THE CASE

### A.   The Allegations

Plaintiff Gary Davis filed this putative class action complaint on June 26, 2006, alleging that Chase misled and deceived consumers in the manner in which it applied credit card payments to promotional purchases made at Circuit City. Mr. Davis alleged causes of action for violation of the Consumers Legal Remedies Act, violation of Business & Professions Code §17200, violation of Business & Professions Code §17500, fraud and deceit, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  On behalf of the Class, Mr. Davis sought restitution and compensatory damages.

The basis of the lawsuit is Plaintiffs' allegation that Chase engaged in a deceptive and unfair business practice of misrepresenting a promotional purchase program and then misallocating payments made by customers participating in the program.  Plaintiffs alleged that this resulted in customers not only failing to receive the benefit of Chase's promotional offer, but also being wrongly assessed finance and interest charges in violation of Chase's cardmember agreement.

Plaintiffs alleged Chase marketed promotional rewards card purchases at Circuit City as "interest free" (or some variant thereof) but charged California credit cardholders interest and fees for those purchases.  (First Amended Complaint (FAC), ¶ 1, Docket No. 91.)  Plaintiffs asserted that Chase improperly applied credit card payments to the "interest free" promotional balances that were not due before applying them to interest-bearing, non-promotional balances, causing consumers to incur interest and fees they otherwise would not have and in direct contradiction to Chase's advertising and its cardmember agreement.  (Id. at ¶¶ 1, 20-25.)

For example, and with respect to Plaintiff Gary Davis, on March 3, 2006, he purchased a $2,000 television from Circuit City under a promotional offer in which no interest or payments were due until January 2008.  (Id. at ¶ 25.)  Mr.

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 56 of 75
Case 2:06-cv-04804-DDP-JWJ Document 335 Filed 12/24/13 Page 112 of 132    Page ID
#:7212

1    Davis then submitted a payment of $1,736.91 to cover his preexisting February

2    balance.  Instead of allocating Mr. Davis' payment to his pre-existing balance,

3    Chase applied the entire payment toward the just-purchased television, despite the

4    promotional interest and payment-free grace period.  Because Mr. Davis' entire

5    payment was allocated to the promotional purchase, there were insufficient funds

6    to cover Mr. Davis' preexisting February statement balance.  Accordingly, Chase

7    assessed a finance charge of $77.25.  (Id. at ¶¶ 22-25.)  Plaintiffs alleged that

8    payments made to Chase should have been allocated to the interest-bearing

9    portion of balances first rather than to the deferred-interest/deferred-payment

10   promotional purchases.  (Id. at ¶¶ 28-29, 53.)

11   **B.    Procedural History**

12       After the June 2006 filing of the case in state court, Defendants removed

13   the action to this Court in August 2006.  (Docket No. 1.)  After addressing

14   removal and remand issues, the case was stayed for approximately 21 months due

15   to an appeal of the Court's determination that Chase's arbitration clause and class

16   action waiver provisions in its cardmember agreements were unenforceable under

17   California law.  This Court's determination was eventually affirmed by the Ninth

18   Circuit.  (Docket No. 80.)  Around that time, the claims against Circuit City were

19   withdrawn due to its bankruptcy.  (Docket No's. 79, 91.)

20       On March 17, 2009, Plaintiffs filed their FAC.  (Docket No. 91.)  On

21   September 3, 2009, the Court dismissed Plaintiffs' Unfair Competition Law claim

22   to the extent it challenged the allocation of payments apart from the way that

23   allocation intersects with deceptive advertising.  (Docket No. 112.)  The Court

24   subsequently dismissed Plaintiffs' Consumers Legal Remedies Act claim, and

25   determined that Chase is not liable for any claims related to conduct prior to

26   Chase's May 25, 2004 acquisition of the credit card assets at issue in the case.

27   (Docket No's. 167, 203.)  On January 16, 2013, the Court granted summary

28   judgment on the breach of the implied covenant of good faith and fair dealing

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 57 of 75
Case 2:06-cv-04804-DDP-PJW  Document 332  Filed 12/24/13  Page 113 of 32  Page ID
of 729

1   claim. (Docket No. 291.) Accordingly, the two claims that remain are breach of

2   contract and a limited claim for violation of the Unfair Competition Law.

3       The Court also denied Plaintiffs' Motion for Class Certification on January

4   16, 2013. (Docket No. 291.) The denial was based on the Court's finding that the

5   "factual circumstances surrounding [Plaintiff Gary Davis'] purchases are so

6   atypical as to fall below the normally permissive standard of Rule 23(a)'s

7   typicality requirement." The Court found that "questions regarding [Plaintiff

8   Gary Davis'] individual circumstances are likely to predominate over factual

9   questions common to the class." (Docket No. 291.)

10      Gene Castillo subsequently moved for an order granting leave to file a

11  complaint in intervention. Plaintiff Gary Davis moved simultaneously, and in the

12  alternative, for leave to file a second amended complaint adding Gene Castillo as

13  a party Plaintiff. (Docket No. 293.) Chase moved to dismiss the entire case as

14  moot. (Docket No. 296.) These motions are all currently set to be heard on

15  October 27, 2014. (Docket No. 329.)

16      **C.   Mediation and Settlement**

17      The parties initially participated in private mediation on June 18, 2009.

18  (Declaration of Drew E. Pomerance (Pomerance Decl.), ¶ 2.) A second mediation

19  with a different neutral, the Honorable Edward Infante, Ret., took place on

20  November 16, 2011. The parties remained unable to resolve the litigation.

21  (Pomerance Decl., ¶ 3.)

22      Following the Court's denial of Plaintiff's Motion for Class Certification,

23  the parties participated in a third mediation on October 22, 2013. This mediation

24  was again held with Judge Infante. (Pomerance Decl., ¶ 4.) Drew E. Pomerance

25  of Roxborough, Pomerance, Nye & Adreani, LLP and Jeff Westerman of

26  Westerman Law Corp., attended on behalf of the Class, while Chase was

27  represented by its attorneys, Julia Strickland and Stephen Newman of Stroock &

28  Stroock & Lavan, LLP. Also attending the mediation on behalf of Chase were

4

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 58 of 75
Case 2:06-cv-04804-DDP Document 37 Filed 12/23/14 Page 114 of 32 Page ID
#:7229

1  several of its authorized representatives. (Pomerance Decl., ¶ 5.)  The mediation

2  session lasted all day, and resulted in a tentative agreement which was subject to

3  confirmatory discovery whereby Chase would have to verify under oath the size

4  of the Class, the amount of finance charges that Plaintiffs contend were

5  improperly charged and collected by Chase, and the period of time in which the

6  promotional purchases were made. (Pomerance Decl., ¶ 6.)

7      Chase produced a detailed declaration under penalty of perjury from

8  Suzanne Morgan, a Risk Director in Chase's Risk Department who has worked

9  for Chase or its predecessor Bank One since 1997.  Ms. Morgan is familiar with

10  and oversaw the compilation of data that produced information necessary for

11  Class Counsel to evaluate the reasonableness of the settlement. (Pomerance Decl.,

12  ¶ 7.)  After carefully evaluating Ms. Morgan's declaration, Class Counsel

13  determined that the existing deal adequately compensates the Class. (Pomerance

14  Decl., ¶ 8.)  The parties have now formalized and finalized a settlement

15  agreement.

16      The settlement agreement calls for Chase to establish a settlement fund

17  totaling $5.5 million. (Pomerance Decl., ¶ 9.)  Class Counsel are now confident

18  that they have properly evaluated the risks of further prosecuting this class action

19  as compared to the benefits of the current settlement proposal, and as well have

20  appropriately evaluated the reasonableness of the benefits that will be going to the

21  Class. (Pomerance Decl., ¶ 10.)

22      Given the substantial delays resulting from further prosecution of this

23  lawsuit, Chase's pending motion for dismissal, the Court's denial of the Motion

24  for Class Certification, and the serious and fundamental question of whether the

25  Class would ever prevail on the merits, Class Counsel is confident that this

26  settlement entered into at this time, and on these terms, is more than fair and

27  reasonable, and should be preliminarily approved by this Court. (Pomerance

28  Decl., ¶ 11.)

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 59 of 75
Case 2:06-cv-04804-DDP-PJW   Document 331   Filed 12/04/13   Page 15 of 32   Page ID
#:7215

III.    **THE SETTLEMENT**

The settlement reached by the parties provides real and tangible benefits to the Class, and as such, more than meets the standards required to be deemed fair and reasonable. This is an all cash settlement, and does not involve the provision of coupons whatsoever. If approved, the key terms of the settlement are as follows:

    (a)    Chase will contribute $5.5 million for the benefit of the settlement class (Exhibit (Exh.) 1, Settlement Agreement, §4.1.);

    (b)    All class members for whom the settlement administrator is able to determine a valid address shall receive a direct payment. (Exh. 1, §§ 4.4-4.6.) These class members need not make a claim or do anything in order to receive payment. Based on confirmatory discovery, there are approximately 437,918 class members who are eligible to receive direct payments. (Pomerance Decl., ¶ 13.) The discovery has also disclosed that this group incurred an average finance charge of approximately $40.33. (Pomerance Decl., ¶ 14.) The direct payments to class members should be approximately $10 each. (Pomerance Decl., ¶ 15.) Thus, this group is receiving back approximately 25% of what they allege to be their damages (Pomerance Decl., ¶ 16.);

    (c)    Chase has agreed, subject to this Court's approval, to pay service awards to class representatives Gary Davis and Gene Castillo in amounts not to exceed $5,000 each, to compensate them for their time and effort in prosecuting this case (Exh. 1, §5.1.);

    (d)    Chase has also agreed, subject to court approval, not to oppose Class Counsel's fee request up to $1.5 million – *which represents 27% of the $5.5 million common fund.* (Exh. 1, §5.1.) A fee of 25% is the benchmark in the Ninth Circuit, and the attorneys' fees were

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 60 of 75
Case 2:06-cv-04804-DDP Document 33    Filed 12/04/13    Page 16 of 32    Page ID
#:715

1    negotiated <u>separately from and after</u> the parties reached their

2    agreement on the benefits going to the Class (Pomerance Decl., ¶

3    17.);

4    (e)    Costs of notice and administration are to be paid by the Class, to be

5    deducted from the settlement fund. (Exh. 1, §§4.2, 4.4).

6  **IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY**

7  **APPROVAL**

8    As a matter of public policy, settlement is a strongly favored method for

9  resolving disputes. *See Util. Reform Project v. Bonneville Power Admin.*, 869

10  F.2d 437, 443 (9th Cir. 1989). This is especially true in complex class actions

11  such as this one. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625

12  (9th Cir. 1982).

13    **A.    Standards for Preliminary Approval**

14    Federal Rule of Civil Procedure 23(e) requires judicial approval for the

15  compromise of claims brought on a class basis. At the final approval hearing, the

16  Court will have before it extensive papers submitted in support of the proposed

17  settlement. The Court will be asked to make a determination whether the

18  settlement is fair, reasonable and adequate under the circumstances. At this

19  juncture, however, Plaintiffs request only that the Court grant preliminary

20  approval of the settlement.

21    In determining whether preliminary approval is warranted, the sole issue

22  before the Court is whether the proposed settlement is within the range of what

23  might be found fair, reasonable, and adequate, so that notice of the proposed

24  settlement should be given to Class members and a hearing scheduled to consider

25  final settlement approval. *See Manual for Complex Litigation* §13.14, at 173 (4th

26  ed. 2004) ("First, the [court] reviews the proposal preliminarily to determine

27  whether it is sufficient to warrant public notice and a hearing. If so, the final

28  decision on approval is made after the hearing.")

7

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 61 of 75
Case 2:06-cv-04804-DDP   Document 229   Filed 12/12/13   Page 151 of 32   Page ID
#:7229

1    To grant preliminary approval, the Court need only conclude settlement of

2    the claims against Defendant on the agreed-upon terms is within the range of

3    possible approval for the purposes of providing notice and holding a future

4    fairness hearing.

5    **B.   The Proposed Settlement Merits Preliminary Approval**

6    The factors that courts consider in granting final approval of class action

7    settlements lend support to the settling parties' belief that the proposed settlement

8    is within the range of possible approval.  In *Officers for Justice*, the Ninth Circuit

9    set forth the factors the trial court should consider in assessing whether a proposed

10   settlement is fair, reasonable, and adequate.

11       Although Rule 23(e) is silent respecting the standard by which

12       a proposed settlement is to be evaluated, the universally

13       applied standard is whether the settlement is fundamentally

14       fair, adequate, and reasonable.  The district court's ultimate

15       determination will necessarily involve a balancing of several

16       factors which may include, among others, some or all of the

17       following:  the strength of plaintiffs' case; the risk, expense,

18       complexity, and likely duration of further litigation; the risk of

19       maintaining class action status throughout the trial, the amount

20       offered in settlement; the extent of discovery completed, and

21       the stage of the proceedings; the experience and views of

22       counsel; the presence of a governmental participant; and the

23       reaction of the class members to the proposed settlement.

24   *Id.* at 625 (citations omitted).  *Accord Torrisi v. Tucson Elec. Power Co.*, 8

25   F.3d 1370, 1375 (9th Cir. 1993); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026

26   (9th Cir. 1998).

27   / / /

28   / / /

8

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 62 of 75
Case 2:06-cv-05408-DDP-PJW  Document 37  Filed 12/11/13  Page 18 of 32  Page ID
#:2218

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.    **Plaintiffs Have Engaged In Sufficient Discovery and Investigation to Properly Evaluate the Propriety of Settlement**

As a result of extensive negotiations and discovery, counsel have been able to fairly and properly evaluate the risks of litigation and the propriety of this settlement. In addition to formal discovery over the course of several years, Class Counsel also conducted a thorough investigation and analysis of data that was voluntarily supplied under oath by Chase's authorized representative. The information Class Counsel received from Chase through both formal and informal discovery was detailed, thorough, and directly responsive to Class Counsel's inquiries. (Pomerance Decl., ¶¶ 18-20.)

After analyzing the discovery, Class Counsel persisted in asking follow up questions which Chase answered. In addition to carefully studying the information obtained through formal and informal confirmatory discovery, Class Counsel have also carefully evaluated the legal issues, including the Court's denial of the Motion for Class Certification, the potential that the Court may grant Chase's motion to dismiss, and the likelihood of prevailing on the merits. (Pomerance Decl., ¶ 21.)

Class Counsel therefore believes that they have sufficiently analyzed both the liability and damages information necessary to properly evaluate the propriety of the settlement. Based on this analysis, and the current status of the case, Class Counsel have determined that a settlement of $5.5 million is in the best interest of the Class. (Pomerance Decl., ¶ 22.)

2.    **The Strength of Plaintiffs' Case, When Balanced Against the Risk, Expense and Duration of Further Litigation, Supports Approval of This Settlement**

This settlement is well within the range of possible approval. The Court has denied the Motion for Class Certification. In most cases that would be it.

9

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 63 of 75
Case 2:06-cv-04804-DDP-JWx   Document 33   Filed 12/04/13   Page 10 of 19

1    Any potential settlement on behalf of a class would be highly improbable.

2    Despite this, efforts were made to bring in another class representative. While

3    these efforts were underway, Chase moved to dismiss the case on the grounds that

4    the case is now moot. Accordingly, it is entirely possible that the Court may grant

5    Chase's motion to dismiss. In that event, the class would get nothing.

6         In addition, even if the Court were to deny Chase's motion to dismiss,

7    several obstacles remain to the Class prevailing on the merits at trial. A

8    substantial risk will remain that the Class will be unable to obtain certification.

9    For example, Chase has argued and will undoubtedly continue to argue that the

10   circumstances surrounding each particular transaction, including the possible

11   violation of the terms of the cardmember agreement by cardholders, will result in

12   individualized issues.

13        Finally, even if the Class was able to achieve certification, it is far from

14   certain whether the Class would prevail on the merits. Chase has vigorously

15   disputed Plaintiffs' claims on the merits. Chase contends that its cardmember

16   agreement and other materials expressly allowed it to allocate payments to lower-

17   interest balances before higher-interest balances. And, just getting to a trial on the

18   merits could take up to several years more, on top of the eight years that the case

19   has thus far proceeded. The proposed settlement eliminates the risks associated

20   with continuing litigation, including possible outright dismissal, as well as the

21   substantial risk of no recovery after several more years of litigation.

22        The immediacy and certainty of recovery is a factor for the court to balance

23   in determining whether the proposed settlement is fair, adequate and reasonable.

24   *See In Re Mego Financial Corporation Securities Litigation*, 213 F.3d 454, 458

25   (9th Cir. 2000). Hence, the present settlement must be balanced against the

26   expense, risk and delay of achieving a more favorable result at trial.

27        Approval of the settlement means a present, tangible and significant

28   recovery for the Class. The benefits are all cash – no coupons whatsoever.

10

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 64 of 75
Case 2:08-cv-35653-KRH-DDP Document 22 Filed 12/23/14 Page 21 of 32 Page ID
of 7220

1 Individuals were billed on average approximately $40.33 in improper finance

2 charges, and most of the class members (if settlement is approved) will receive

3 approximately $10, without needing to file a claim form or dig up records, which

4 in some cases may be a decade old. The class members, of which there are

5 approximately 437,918, will be receiving 25% of their total claimed damages on a

6 completely risk free basis, without any further delay, and without further risk of

7 dismissal of the entire case.

8      Absent the settlement, the case will proceed with a hearing on Chase's

9 motion to dismiss, Plaintiff Gary Davis' motion for leave to amend, and Gene

10 Castillo's motion to intervene. Additional discovery will proceed, if allowed by

11 the Court, and yet another motion for class certification will take place. If that is

12 granted, more rounds of motions to dismiss and for summary judgment are

13 expected. While Class Counsel believes they have well-founded arguments in

14 support of Plaintiffs' claims, there is no question that settlement at this time

15 ensures an immediate and substantial recovery for settlement class members with

16 no further risk whatsoever.

17      **3.**    **The Recommendations of Experienced Counsel Favor the**

18        **Approval of Settlement**

19      Plaintiffs' counsel have concluded that the settlement is fair, reasonable,

20 and adequate after carefully considering and evaluating, among other things, the

21 relevant legal authorities and the substantial data and information provided by

22 Chase, as well as evaluating the likelihood of prevailing on the merits, the risks,

23 expense and duration of continued litigation, and the likely appeals and

24 subsequent proceedings necessary if Plaintiffs did prevail against Chase at trial.

25 There is no question the settlement is in the best interest of the Class.

26      Due to counsels' extensive efforts over an eight year period on the Class'

27 behalf and the settlement achieved, Plaintiffs' counsel have provided fair and

28 adequate representation to the Class. Plaintiffs' counsel have significant

11

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 65 of 75
Case 2:06-cv-04804-DDP-PJW Document 33 Filed 12/23/14 Exhibit(s) 32 Page 20
of 229

1 | experience in complex class action litigation and have negotiated numerous other

2 | substantial class action settlements throughout the country.  Where, as here, the

3 | settlement is the product of serious, informed, non-collusive negotiations,

4 | significant weight should be attributed to the belief of experienced Class Counsel

5 | that settlement is in the best interest of the Class.  *See National Rural*

6 | *Telecommunications Cooperative v. DIRECTV, Inc.,* 221 F.R.D. 523, 528 (C.D.

7 | Cal. 2004) (finding that "'great weight' is accorded to the recommendation of

8 | counsel, who are most closely acquainted with the facts of the underlying

9 | litigation."); *In Re Washington Public Power Supply Systems Securities Litigation*,

10 | 720 F. Supp. 1379, 1392 (D. Ariz. 1989), *aff'd sub nom., Class Plaintiffs v. City of*

11 | *Seattle* 955 F.2d 1268, 1296 (9th Cir. 1992).

12 |     The proposed settlement satisfies the preliminary approval standard.  Notice

13 | of a fairness hearing should issue forthwith to the settlement Class.

14 | **V.   CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER**

15 |     The parties have stipulated to class certification for settlement purposes

16 | only.  (Exh. 1, §3.1.)  The Supreme Court has expressly approved the use of a

17 | settlement class.  *See Amchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

18 | Plaintiffs request that the court enter an order conditionally certifying a class for

19 | settlement purposes, defined as follows:

20 |         All Chase Circuit City Rewards Credit Cardmembers with

21 |         California billing addresses who, between May 26, 2004 and

22 |         the entry of preliminary approval of this Settlement (inclusive),

23 |         made a promotional or deferred-interest purchase at Circuit

24 |         City and who, as a result of payments or credits being allocated

25 |         to a regular purchase balance after the promotional or deferred-

26 |         interest balance, paid more in finance charges than they would

27 |         have paid if the payments or credits had first been applied to

28 |         the regular purchase balance.

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 66 of 75
Case 2:06-cv-04804-DDP-JW   Document 335   Filed 12/04/13   Desc Exhibit(s) 32    Page 20
of 122

The agreed upon settlement class satisfies all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

### A.    The Settlement Class Is So Numerous That Joinder of All Settlement Class Members Is Impracticable

Rule 23(a)(1) requires the Class be so numerous that joinder of all class members is "impracticable." That phrase does not require that joinder be impossible, only that it would be difficult or inconvenient to join all class members. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). There is no fixed number of class members that either compels or precludes class certification. *Arnold v. United Artists Theater Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994).

Here, there is no question that Plaintiffs proposed settlement class satisfies the numerosity requirement. Confirmatory discovery has revealed that there are approximately 437,918 class members, and obviously joinder would be highly impracticable.

### B.    Common Questions of Law and Fact

Federal Rule of Civil Procedure 23(a)(2) requires that there be questions of law or fact common to the Class. A common nucleus of operative facts suffices to satisfy the commonality requirement. *See Moore v. Fitness Intern., LLC*, 2013 WL 3189080, 5 (S.D. Cal. 2013); *Hanlon*, 150 F.3d at 1019-1020. Rule 23's "commonality" requirement is not particularly rigorous. Indeed "one significant issue common to the Class may be sufficient to warrant certification . . . the necessary showing to satisfy commonality is minimal." *Blackwell v. Sky West Airlines*, 245 F.R.D. 453, 460 (S.D. Cal. 2007).

In this case, there are numerous questions of fact and law that would satisfy Rule 23(a)(2). This action would require the Court to address the following questions that undoubtedly affect all class members:

1.    Whether Chase's payment allocation policy breached the terms of

13

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

97

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 67 of 75
Case 2:06-cv-04804-DDP Document 3 Filed 12/04/13   Page 231 of 32   Page ID
#:1223

the cardmember contract when Chase gave priority of payment to
promotional items that were not yet due or owing;

2.   Whether Chase's allocation of payments violates the Unfair
Competition Law because it is contrary to the advertisements used
to promote the promotional purchases;

3.   Whether Chase's allocation of payments violates the Unfair
Competition Law because it is contrary to the cardmember
contract;

4.   Whether Chase's payment allocation policy was applied in a
uniform and consistent manner to the Class as a whole.

Underlying these basic common questions is a common nucleus of
operative facts pertaining to Chase's marketing of its Circuit City Rewards Card
promotional purchases, and how it allocated its customers' payments on the card.
Thus, the settlement class satisfies the commonality requirement of Federal Rule
of Civil Procedure 23(a).

### C.   Plaintiffs' Claims Are Typical of Those of the Settlement Class

"Representative claims are typical if they are reasonably co-extensive with
those of absent class members; the need not be substantially identical." *Hanlon*,
150 F.3d at 1020; *accord Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).
Rule 23(a)(3) requires only that there be no express conflict between the
representative parties and the Class over the very issue in litigation and that the
representative's interests are not antagonistic to those of the Class. *Stolz v. United
Brotherhood of Carpenters and Joiners, et al.*, 620 F.Supp. 396, 404 (D. Nev.
1985).

While this Court recently determined that Plaintiff Gary Davis could not
represent the Class if the Class were to be certified in a ruling by the Court, Chase
has stipulated and agreed, for purposes of certifying a settlement class, to Gary
Davis and Gene Castillo serving as the class representative Plaintiffs, and to their

14

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 68 of 75
Case 2:06-cv-04804-DDP-PLA Document 33-1 Filed 12/13/12 Page Exhibit(s) 32 Page 20
of 22

adequacy to serve in that capacity. (Exh. 1, § 3.1.) The typicality requirement is satisfied here through Plaintiffs serving as class representatives because they and the settlement class members alleged the same set of operative facts. They and every putative class member made a promotional or deferred-interest purchase at Circuit City and had their payments or credits allocated to a regular purchase balance after the promotional or deferred-interest balance, which resulted in more finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance. There is no dispute that the class representatives fall directly within these allegations, and thus satisfy the typicality requirement.

### D.   The Adequacy Requirement Is Satisfied

Rule 23(a)(4) requires "the representative parties will fairly and adequately protect the interests of the class." Courts have established a two-prong test for this requirement. *See, e.g., In re Apple iPod iTunes Antitrust Litigation*, 2008 WL 5574487, 6 (N.D. Cal. 2008) (citing *Hanlon*, 150 F.3d at 1020); *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 130 (S.D. Cal. 1996). First, counsel for the class representatives must be competent to undertake the particular litigation at hand. Second, there can be no antagonism or disabling conflict between the interests of the named class representative and the members of the class. *See Hanlon*, 150 F.3d at 1020.

Plaintiffs' claims do not conflict with the Settlement Class' claims. Plaintiffs have vigorously pursued common claims on behalf of themselves and all Class members. All of Plaintiffs' claims are directed at resolving the issues raised by Chase's allocation of payments to promotional and non-promotional purchases, an issue common to all Class members. Plaintiffs' vigorous pursuit of this litigation confirms their strong interest in achieving a successful result for the Class. Further, Plaintiffs retained attorneys with extensive experience in the area of consumer class action litigation who have successfully prosecuted numerous

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 69 of 75
Case 2:06-cv-04804-DDP Document 33 Filed 12/23/14   Page 25 of 32   Page ID
of 225

1  class actions and other complex litigation on behalf of injured consumers in this

2  District and across the country.  There can be no legitimate dispute that Plaintiffs'

3  Counsel have vigorously and skillfully prosecuted this Litigation, securing a

4  settlement that is in the Class' best interests.  In addition, Chase has stipulated and

5  agreed, for purposes of certifying a settlement class, that Plaintiffs are adequate

6  class representatives.

7      The second requirement also is satisfied here.  There is no antagonism

8  between the proposed representatives and the absent Settlement Class members.

9  All claims arise from the same set of operative facts and course of conduct, and

10  both Plaintiff and absent Settlement Class members share the common goal of

11  maximizing recovery.  *Lubin v. Sybedon Corp.*, 688 F.Supp. 1425, 1461 (S.D.

12  Cal. 1988).

13  **E.      The Proposed Settlement Class Satisfies Rule 23(b)(3)**

14      In addition to meeting the prerequisites of Rule 23(a), the present action

15  satisfies the requirements of Rule 23(b)(3), which mandates that common

16  questions of law or fact predominate over individual questions and that a class

17  action is superior to other available methods of adjudication.  *See Hernandez v.*

18  *Alexander*, 152 F.R.D. 192, 193-94 (D. Nev. 1993).  Here, common questions of

19  law and fact predominate, and a class action is the superior, if not the only,

20  method available to fairly and efficiently litigate these claims.

21  **1.      Common Questions of Law and Fact Predominate**

22      Where a complaint alleges a common course of misrepresentations,

23  omissions and other wrongdoings that affect all members of the class in the same

24  manner, common questions predominate.  *Blackie v. Barrack*, 524 F.2d 891,

25  905-8 (9th Cir. 1975).  The Court's inquiry should be directed primarily toward

26  the issue of liability.  *Id.* at 902.

27      There are a host of common questions of law and fact, which Plaintiffs seek

28  to certify.  As discussed above, Plaintiffs seek certification for causes of action

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 70 of 75
Case 2:06-cv-04804-DDP-JW Document 334 Filed 04/23/12 Page 31 of 122 Page ID
of 122

arising under the Unfair Competition Law, and basic contract law.  Three factual

issues bear on these claims: (i) Chase's application of the terms of its cardmember

agreement with respect to the allocation of payments when a cardholder made

promotional and non-promotional purchases; (ii) Chase's assessment of finance

charges based on its allocation of payments; and (iii) whether Chase's actions

violated the terms of its contract and were contrary to its advertisements.  These

common factual issues predominate over any purported individual factual issues.

### 2. A Class Action Is Superior to Other Available Methods for Resolving this Controversy

Rule 23(b)(3) also requires the Court to determine that "a class action is

superior to other available methods for fairly and efficiently adjudicating the

controversy."  A class action is superior where "classwide litigation of common

issues will reduce litigation costs and promote greater efficiency."  *Valentino v.*

*Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

The class action vehicle is the superior method for adjudicating relatively

low-value consumer claims.  *See, e.g., Miletak v. Allstate Ins. Co.* 2010 WL

809579, 13 (N.D.Cal. 2010) ("a class action is superior when it is the only realistic

form of adjudication available") (citing *Valentino*, 97 F.3d at 1234-35).  Where

"each member's claim is likely too small to be worth pursuing in an individual

action . . . a class action may be the only method for providing meaningful

recovery." *Miletak* 2010 WL 809579 at 13; *see also Lowden v. T-Mobile USA,*

*Inc.* 512 F.3d 1213, 1218 (9th Cir. 2008) ("when consumer claims are small but

numerous, a class-based remedy is the only effective method to vindicate the

public's rights").

Here, Plaintiffs present class-wide allegations premised on common

evidence.  Trying each Class claim separately would be inefficient, when each of

thousands of cases would allege identical misconduct and offer identical proof of

Chase's liability. *See In re Juniper Networks, Inc. Securities Litigation*, 264

17

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 71 of 75
Case 2:06-cv-04804-DDP Document 371 Filed 12/23/14 Page 25 of 32   Page ID
#:7229

1  F.R.D. 584, 592 (N.D. Cal. 2009); *Mejdreck v. Lockformer Co.*, 2002 WL

2  1838141, 7 (N.D. Ill. 2002). Most of those injured have not been damaged to a

3  degree where it would be cost-effective for them to seek recovery on their own.

4  Further, without the class settlement device, Defendant could not obtain a class-

5  wide release, and therefore would have little, if any, incentive to enter into the

6  settlement. Certification of the Class for settlement purposes will enable

7  Plaintiffs' Counsel to handle the administration of the settlement in an organized

8  and efficient manner. Resolution of Plaintiffs' and the Settlement Class' claims

9  against Defendant through the proposed Class is superior to any other available

10  method of resolution. Accordingly, certification of the Class is appropriate.

11  **VI.   THE PROPOSED NOTICE IS ADEQUATE**

12     Federal Rule of Civil Procedure 23(c)(2)(B) provides, "[f]or any class

13  certified under Rule 23(b)(3), the court must direct to class members the best

14  notice that is practicable under the circumstances, including individual notice to

15  all members who can be identified through reasonable effort." Rule 23(e)(1) says,

16  "[t]he court must direct notice in a reasonable manner to all class members who

17  would be bound by the proposal."

18     Where notice is being sent in connection with a proposed settlement, the

19  notice must inform class members about the settlement's terms and their options

20  with respect thereto. *See Torrisi*, 8 F.3d at 1374 (9th Cir. 1993).

21     The notice to a Rule 23(b)(3) class must concisely and clearly state in plain,

22  easily understood language:

23     • the nature of the action,

24     • the definition of the class certified,

25     • the class claims, issues, or defenses,

26     • that a class member may enter an appearance through counsel if the

27        member so desires,

28     • that the court will exclude from the class any member who requests

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 72 of 75
Case 2:06-cv-04804-DDP Document 35 Filed 12/23/14 Page 21 of 32 Page 20
of 229

1    exclusion, stating when and how members may elect to be excluded,

2    and

3    • the binding effect of a class judgment on class members under Rule

4      23(c)(3).

5    In accordance with Rule 23, the Parties have negotiated a Full Notice of

6    Settlement and a Postcard Notice (the "Notices") to be disseminated to the

7    Settlement Class.  The Postcard Notice and the Full Notice are attached to the

8    Pomerance Declaration as Exhibits 2 and 3, respectively.  The Postcard Notice

9    will be sent by U.S. mail to all Settlement Class members who can be identified

10   with reasonable effort through Chase's records to inform them about the

11   settlement's terms, their rights in connection with the settlement, and the date of

12   the Final Fairness Hearing, at which time the Court will consider final approval of

13   the settlement and attorneys' fees and expenses.  The Postcard Notice will provide

14   a link to the Settlement Website for class members to obtain the Full Notice of

15   Settlement.

16   The Full Notice will be available on the website described in the postcard

17   notice as well as being made available via mail from the administrator to those

18   who call in and request the full notice.  *See Manual for Complex Litigation 4th* at

19   §21.311 ("many courts include the Internet as a component of class certification

20   and class settlement notice programs.").  The Full Notice describes in simple

21   language the nature, history and status of the Litigation, sets forth the Class

22   definition, states the Class claims and issues, discloses the right of people who fall

23   within the Class definition to exclude themselves from it, as well as the deadline

24   and procedure for doing so and warns of the binding effect of the settlement

25   approval proceedings on people who stay in the Class.

26   In addition, the Full Notice describes the Settlement and sets forth the

27   benefits Plaintiffs propose to distribute among the Class, sets out the amount of

28   attorneys' fees and expenses that Plaintiffs' Counsel intend to seek in connection

1   with final settlement approval, including the amount of the requested fees and

2   expenses, provides contact information for Counsel, and summarizes the reasons

3   the Parties are proposing the settlement.  The Full Notice discloses the date, time

4   and place of the formal fairness hearing, and the procedures for commenting on

5   the settlement and appearing at the hearing.  The contents of the Full Notice

6   therefore satisfy all applicable requirements.

7          Plaintiffs believe notice via U.S. mail is the best notice practicable under

8   the circumstances, exceeds the notice given in other consumer class actions, and

9   exceeds due process requirements.  *See generally Torrisi*, 8 F.3d at 1374; *In re*

10  *Domestic Air Transp. Antritrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992)

11  (holding that under certain circumstances notice by publication only satisfies due

12  process requirements).  In addition, the Full Notice will be posted on the Claims

13  Administrator's website.  *See Farinella v. PayPal, Inc.*, 611 F. Supp.2d 250, 256

14  (E.D.N.Y. 2009) (approving "multifaceted notice program" that included website

15  notice).

16         Notice of this Settlement also shall be provided to state and federal officials

17  in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C.

18  §1715(a) and (b), which requires appropriate state and federal officials to be

19  provided with the Complaint (or information on how to access it), the Settlement

20  Agreement and Class notices, and information on the Class' composition.

21  Accordingly, in granting preliminary settlement approval, the Court should also

22  approve the Parties' proposed form and method of giving notice to the Class.

23  **VII.   SCHEDULE OF EVENTS**

24         In connection with the settlement's preliminary approval, the Court must set

25  a final approval hearing date, dates for mailing the Postcard Notice and deadlines

26  for objecting to the settlement, opting out of the Class, and filing papers in support

27  of the Settlement.  If the Court enters the Notice Order at the hearing on Plaintiffs'

28  Motion for Preliminary Approval of Class Action Settlement, Plaintiffs propose

Case 08-35653-KRH    Doc 13532-1    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 1    Page 74 of 75
Case 2:06-cv-04804-DDP-PLA Document 225 Filed 12/23/14 Page 31 of 32 Page ID
#:7230

the following schedule:[1]

| | |
|---|---|
| Last day to mail postcard notice to Class | July 3, 2014 |
| Last day for Settlement Class members to opt-out of settlement | August 18, 2014 |
| Last day for Settlement Class members to object to settlement | August 18, 2014 |
| Date by which to file papers in support of settlement, and request for attorneys' fees and expenses | July 28, 2014 |
| Final Approval Hearing | September 22, 2014 at 10:00 a.m. |

## VIII. <u>CONCLUSION</u>

This Settlement is the result of an eight year litigation odyssey involving extensive investigation, analysis and discovery, multiple and complex motion work, three formal mediation sessions, and hard fought negotiations by experienced arm's length counsel. The Settlement provides real, tangible and immediate relief to consumers without any further costs or delay. For the reasons

---

[1] These dates have been proposed in anticipation of the instant unopposed motion being heard on an expedited basis on May 5, 2014. The parties have concurrently filed a Stipulation and Proposed Order to set the hearing on that date, per the Court's prior tentative approval of the hearing being set on an expedited basis. The suggested dates are therefore subject to change if the instant motion is heard after May 5, 2014.

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH   Doc 13532-1   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 1   Page 75 of 75
Case 2:06-cv-04804-DDP-PJW Document 35 Filed 04/23/14 Page 81 of 32 Page ID
#:7229

1  set forth above, the proposed settlement warrants the Court's preliminary

2  approval.

3

4

5  DATED: April 23, 2014        ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

6                                By:  s/ Drew E. Pomerance

7                                     DREW E. POMERANCE
                                      BURTON E. FALK
8                                     Attorneys for Plaintiffs GARY DAVIS and
9                                     GENE CASTILLO, individually,
                                      as Private Attorney Generals, and on behalf
10                                    of all others similarly situated

11

12
    DATED: April 23, 2014        WESTERMAN LAW CORP.
13

14                               By:  s/ Jeff Westerman

15                                    JEFF WESTERMAN
                                      JORDANNA G. THIGPEN
16                                    Attorneys for Plaintiffs GARY DAVIS and
                                      GENE CASTILLO, individually,
17                                    as Private Attorney Generals, and on behalf
18                                    of all others similarly situated

19
    DATED: April 23, 2014        MILBERG LLP
20

21                               By:  s/ Nicole Duckett Fricke

22                                    NICOLE DUCKETT FRICKE
                                      Attorneys for Plaintiffs GARY DAVIS and
23                                    GENE CASTILLO, individually,
24                                    as Private Attorney Generals, and on behalf
                                      of all others similarly situated
25

26

27

28