Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 1 of 75
Case 2:06-cv-04804-DDP-PLA Document 335 Filed 12/04/14 Page 81 of 32 Page ID
#7239

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on April 23, 2014, a true and correct copy of the foregoing PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

<u>s/ Elia Ramirez</u>
Elia Ramirez

# EXHIBIT B

### Declaration of Drew E. Pomerance

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 3 of 75
Case 2:06-cv-35653-KRH-DDPClaim Document 33 Filed 12/04/23 Des cFadibit(s) 78 Page 3D
of 123

1  Drew E. Pomerance, Esq. (SBN. 101239), dep@rpnalaw.com
2  Burton E. Falk, Esq. (SBN. 100644), bef@rpnalaw.com
   David R. Ginsburg, Esq. (SBN. 210900), drg@rpnalaw.com
3  **ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
4  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
5  Telephone:  (818) 992-9999
6  Facsimile:  (818) 992-9991

7  [Additional Counsel Continued On Next Page]

8
9  Attorneys for Plaintiffs GARY DAVIS and
   GENE CASTILLO, individually,
10 as Private Attorney Generals, and on behalf
11 of all others similarly situated

12

13            **UNITED STATES DISTRICT COURT**

14        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15 GARY DAVIS, an individual; on        Case No. CV 06 4804 DDP (PJWx)
   behalf of himself, and as PRIVATE
16 ATTORNEY GENERAL, and on
   behalf of all others similarly situated,   Honorable Dean D. Pregerson
17
18              Plaintiff,              **DECLARATION OF
                                        DREW E. POMERANCE IN
19 v.                                   SUPPORT OF PLAINTIFFS'
                                        MOTION FOR PRELIMINARY
20                                      APPROVAL OF SETTLEMENT**
21 CHASE BANK U.S.A., N.A., a
   Delaware corporation; and DOES 1    [Motion for Preliminary Approval
22 through 50, inclusive,               Filed Concurrently; [Proposed]
                                        Order Lodged Concurrently]
23              Defendants.
24
25                                      **Date:        June 2, 2014**
                                        **Time:        10:00 a.m.**
26                                      **Courtroom:    3**
27
28

_____

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 4 of 75
Case 2:06-cv-04804-DDP-PJW Document 33 Filed 11/24/23 Desc Exhibit(s) 78 Page 36 of 7234

1    Jeff Westerman, Esq. (SBN. 94559)
2    jwesterman@jswlegal.com
     Jordanna G. Thigpen, Esq. (SBN. 232642)
3    jthigpen@jswlegal.com
4    **WESTERMAN LAW CORP.**
     1925 Century Park East, Suite 2100
5    Los Angeles, California 90067
6    Telephone: (310) 698-7450
     Facsimile:  (310) 201-9160
7
8    Nicole Duckett Fricke, Esq. (SBN. 198168)
     ndfricke@milberg.com
9    **MILBERG, LLP**
10   One California Plaza
     300 South Grand Avenue, Suite 3900
11   Los Angeles, California 90071
12   Telephone: (213) 617-1200
     Facsimile: (213) 617-1975
13

14
15   Attorneys for Plaintiffs GARY DAVIS and
     GENE CASTILLO, individually,
16   as Private Attorney Generals, and on behalf
17   of all others similarly situated

18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DREW E. POMERANCE
CASE NO. CV 06 4804 DDP (PJWx)

110

Case 08-35653-KRH   Doc 13532-2   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 2   Page 5 of 75
Case 2:06-35653-KRH-DDP Claim 224 etumara 1 33iled 1402/04/23DescFabibt(st) 78 Page 37D
of 7235

## DECLARATION OF DREW E. POMERANCE

I, Drew E. Pomerance do hereby state and declare as follows:

1.     I am an attorney at law, duly licensed to practice before the United States District Court for the Central District of California, and am a Senior Partner at Roxborough, Pomerance, Nye & Adreani, LLP, co-counsel for Plaintiffs.  I have personal knowledge of all facts stated in this declaration, and if called as a witness, I could and would competently testify to all matters set forth herein.

2.     The parties initially participated in private mediation on June 18, 2009.

3.     A second mediation with a different neutral, the Honorable Edward Infante, Ret., took place on November 16, 2011.  The parties remained unable to resolve the litigation.

4.     Following the Court's denial of Plaintiff's Motion for Class Certification, the parties participated in a third mediation on October 22, 2013. This mediation was again held with Judge Infante.

5.     Along with Jeff Westerman of Westerman Law Corp., I attended on behalf of the Class, while Chase was represented by its attorneys, Julia Strickland and Stephen Newman of Stroock & Stroock & Lavan, LLP.  Also attending the mediation on behalf of Chase were several of its authorized representatives.

6.     The mediation session lasted all day, and resulted in a tentative agreement which was subject to confirmatory discovery whereby Chase would have to verify under oath the size of the Class, the amount of finance charges that Plaintiffs contend were improperly charged and collected by Chase, and the period of time in which the promotional purchases were made.

7.     Chase produced a detailed declaration under penalty of perjury from Suzanne Morgan, a Risk Director in Chase's Risk Department who has worked for Chase or its predecessor Bank One since 1997.  Ms. Morgan is familiar with

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 6 of 75
Case 2:06-cv-04804-PJW-DDP Document 33 Filed 12/04/23 Desc Exhibit(s) 78 Page 38D
of 1236

1    and oversaw the compilation of data that produced information necessary for my

2    co-counsel and me to evaluate the reasonableness of the settlement.

3        8.    After carefully evaluating Ms. Morgan's declaration, my co-counsel

4    and I determined that the existing deal adequately compensates the Class.

5        9.    The settlement agreement calls for Chase to establish a settlement

6    fund totaling $5.5 million.

7        10.    My co-counsel and I are now confident that we have properly

8    evaluated the risks of further prosecuting this class action as compared to the

9    benefits of the current settlement proposal, and as well have appropriately

10    evaluated the reasonableness of the benefits that will be going to the Class.

11        11.    Given the substantial delays resulting from further prosecution of this

12    lawsuit, Chase's pending motion for dismissal, the Court's denial of the Motion

13    for Class Certification, and the serious and fundamental question of whether the

14    Class would ever prevail on the merits, my co-counsel and I are confident that this

15    settlement entered into at this time, and on these terms, is more than fair and

16    reasonable, and should be preliminarily approved by this Court.

17        12.    The Settlement Agreement and Exhibits A-E, which are a part of, and

18    referenced in, the Settlement Agreement, are attached collectively as Exhibit 1.

19        13.    Based on confirmatory discovery, there are approximately 437,918

20    class members who are eligible to receive direct payments.

21        14.    The discovery has also disclosed that this group incurred an average

22    finance charge of approximately $40.33.

23        15.    The direct payments to class members should be approximately $10

24    each.

25        16.    Thus, this group is receiving back approximately 25% of what they

26    allege to be their damages.

27        17.    The attorneys' fees were negotiated separately from and after the

28    parties reached their agreement on the benefits going to the Class.

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 7 of 75
Case 2:06-cv-35653-KRH-DDP  Claim 224  Document 33  Filed  12/04/23  Desc Exhibit(s) 78  Page 30
of 129

18.     As a result of extensive negotiations and discovery, my co-counsel and I have been able to fairly and properly evaluate the risks of litigation and the propriety of this settlement.

19.     In addition to formal discovery over the course of several years, my co-counsel and I also conducted a thorough investigation and analysis of data that was voluntarily supplied under oath by Chase's authorized representative.

20.     The information my co-counsel and I received from Chase through both formal and informal discovery was detailed, thorough, and directly responsive to our inquiries.

21.     After analyzing the discovery, my co-counsel and I persisted in asking follow up questions which Chase answered.  In addition to carefully studying the information obtained through formal and informal confirmatory discovery, my co-counsel and I have also carefully evaluated the legal issues, including the Court's denial of the Motion for Class Certification, the potential that the Court may grant Chase's motion to dismiss, and the likelihood of prevailing on the merits.

22.     My co-counsel and I believe that we have sufficiently analyzed both the liability and damages information necessary to properly evaluate the propriety of the settlement.  Based on this analysis, and the current status of the case, we have determined that a settlement of $5.5 million is in the best interest of the Class, and that the Court should preliminarily approve this settlement as fair, reasonable, and in the best interest of the Class.

23.     I am a 1981 Graduate of Hastings College of the Law, and have practiced complex business litigation for over 30 years.  I am a member of the American Board of Trial Advocates (ABOTA), and was recently voted as one of the Top 25 Lawyers in the San Fernando Valley by the San Fernando Valley Bar Journal.  I am AV rated by Martindale-Hubbell.

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 8 of 75
Case 2:06-cv-04804-DDP Claim 2224 Document 33 Filed 12/04/23 Desc Exhibit(s) 78 Page 40
of 123

24.    I have been lead counsel and trial attorney in the following California class action lawsuits, all of which except for the last one on this list have been resolved as of the date of this declaration:

- *R&M Food Services, Inc., et al. v. Fremont Compensation Insurance Company, et al.*, Los Angeles County Superior Court Case No. BC 155301;

- *Coles Carpet, et al. v. Superior National Insurance Group, et al.*, Los Angeles County Superior Court Case No. BC 159813;

- *Notrica's 32nd Street Market v. California Compensation Insurance Company*, Los Angeles County Superior Court Case No. BC 157151;

- *Arrow Air Conditioning Co. v. Golden Eagle Insurance Company*, Riverside County Superior Court Case No. 284825;

- *Faris Brothers of California v. Liberty Mutual Insurance Company*, Los Angeles County Superior Court Case No. BC 217855;

- *Hersch & Ziff Inc. v. Nationwide Mutual Insurance Company*, Los Angeles County Superior Court Case No. BC 157667;

- *California Sample Services, Inc. v. Pacific Rim Assurance Company*, Los Angeles County Superior Court Case No. BC 153695;

- *Drasin Knitting Mills, et al v. Zenith Insurance Company*, Los Angeles County Superior Court Case No. BC 163825;

- *Apple One Services, Ltd. v. American Home Assurance Company*, et al., Los Angeles County Superior Court Case No. BC 155301;

- *9008 Group, Inc., et al. v. TIG Insurance Company, et al.*, Los Angeles County Superior Court Case No. BC 157795;

- *L.A. Airline, Inc. v. Republic Indemnity Company of California, et. al.*, Los Angeles Superior Court Case No. BC 156891;

- *Shaefer Ambulance Service v. State Compensation Insurance Fund*, Orange County Superior Court Case No. 725063;

4

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 9 of 75
Case 2:06-cv-35653-KRH-DPM Claim 2224 Part 2 33 Filed 12/04/23 Desc Exhibit(s) 78 Page 41
of 229

1. • *Graciala Virgin, et. at. v. Allstate Insurance Co.*, Los Angeles
2. Superior Court Case No. BC 212492;
3. • *A&J Liquor, et. al. v. State Compensation Insurance Fund*, San
4. Francisco Superior Court Case No. 975982;
5. • *David Braverman v. Citicorp Development Center, Inc. et al.*, Los
6. Angeles Superior Court Case No. BC 277920;
7. • *Sisson v. CableCom*, Los Angeles Superior Court No. BC 314007;
8. • *MacKay v. 21st Century Ins.*, Los Angeles Superior Court No.
9. BC297438
10. • *Milgram v. Chase Bank*, United States District Court, Case No.
11. CV 10-00336 GW (PJWx); and
12. • *Augustus v. ACSS*, Los Angeles Superior Court No. BC 347914

13.    25.    In the *A&J Liquor* case, *supra*, I served as co-lead trial counsel,
14. along with Don Carlson of Carlson, Calladine & Peterson, in taking that matter to
15. verdict in a seven month trial in San Francisco Superior Court.  This was one of
16. the few California class action cases to be tried to a verdict.

17.    26.    In addition, I have been lead trial counsel on any number of
18. representative actions under California Business & Professions Code, §17200 et.
19. seq., and I have been appellate counsel on approximately 12 published decisions in
20. the California Courts of Appeal.  I have also successfully appeared and argued
21. before the California Supreme Court, in a class action lawsuit involving over a
22. hundred thousand California businesses who sued their workers compensation
23. insurance carrier for bad faith practices resulting in unjustifiable premium
24. increases.  *See State Compensation Insurance Fund v. Superior Court* (2001) 24
25. Cal.4th 930.  In addition, in the following class action cases on behalf of
26. consumers in insurance matters involving Proposition 103, I was lead counsel
27. both at trial and on appeal: *Donabedian v. Mercury* (2004) 116 Cal. App.4th 968;
28. *Farmers Insurance Exchange v. Superior Court (Ryan)* (2006) 137 Cal.App.4th

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 10 of 75
Case 2:06-cv-04804-DDP Claim 224-1 Part 2 Filed 12/04/23 Desc Exhibit(s) 78 Page 42
of 229

1   842; and most recently in *MacKay v. 21ˢᵗ Century* (2010) 188 Cal.App.4th 1427.

2         27.   My experience in the above class action matters has provided me

3 with the requisite knowledge and expertise to properly evaluate the chances of

4 success and the contingent risks in the instant case.

5         28.   Attached as Exhibit 2 is the proposed Postcard Notice, which will be

6 mailed to all class members.

7         29.   Attached as Exhibit 3 is the Full Notice of Settlement, which will be

8 posted on the Administrator's website.

9

10

11         I declare under penalty of perjury, under the laws of the United States of

12 America, that the foregoing is true and correct and that this declaration is executed

13 this 23rd day of April, 2014, at Woodland Hills, California.

14

15

16                 DREW E. POMERANCE

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

# Exhibit 1

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 12 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 44
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 10 of 78    Page ID
#:7242

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is entered into by and between GARY J.
DAVIS and GENE CASTILLO, individually and as putative representatives of the Settlement Class
(defined in Section 3.2 below), on the one hand, and Chase Bank USA, N.A., on the other hand,
subject to preliminary and final approval by the District Court, by and through their respective
counsel.[1]

## I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and
circumstances.

### 1.1.    The Pending Action.

In the Lawsuit, Plaintiffs allege that Chase improperly allocated payments or credits to
regular purchase balances on Circuit City Rewards Credit Cards after promotional or deferred
interest balances and that, as a result, cardholders paid excessive finance charges.  The claims
presented include: (1) breach of contract; (2) breach of the implied covenant of good faith and fair
dealing; (3) violation of California Civil Code Section 1750 et seq.; and (4) violation of California
Business and Professions Code Section 17200 et seq.  Plaintiffs seek compensatory and punitive
damages, injunctive relief, restitution and/or disgorgement, pre-judgment and post-judgment
interest, and attorneys' fees and costs on behalf of themselves and a putative class.

### 1.2.    Chase's Denial Of Liability.

Chase vigorously denies all claims asserted in the Lawsuit, denies all allegations of
wrongdoing and liability and contends that its pending motion to dismiss is well-taken and, if
decided, would result in dismissal of the Lawsuit.  Chase further maintains that Plaintiffs' motion to
intervene or add a new named plaintiff is without merit and would be denied.  Chase nevertheless

---

[1]  Section II below contains the definitions of capitalized terms utilized herein unless otherwise
noted.

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 13 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 45
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 11 of 78    Page ID
#:7243

desires to settle all claims that are asserted, or which could have been asserted, on the terms and

conditions set forth herein, solely for the purpose of avoiding the burden, expense and uncertainty

of continuing litigation and for the purpose of putting to rest the controversies that engendered the

Lawsuit. Nothing in this Agreement or any other document may be construed as an admission or

evidence of any violation of any federal or state statute, rule or regulation, or principle of common

law or equity, or of any liability or wrongdoing whatsoever, or of the truth of any of the claims

asserted or to be asserted in the Lawsuit, or of the infirmity of any defenses that have been raised or

could have been raised by Chase. Further, Chase is not estopped from challenging allegations in the

Lawsuit in further proceedings in this or any other action if the Settlement is not finally approved.

### 1.3.    Settlement Through Mediation.

Plaintiffs' Counsel and counsel for Chase engaged in extensive, good faith arm's-length

negotiations, including by participating in formal mediation sessions on June 18, 2009, November

16, 2011 and October 22, 2013. The Parties' negotiations at the October 22, 2013 mediation

resulted in an agreement on the principal terms of a settlement. All prior agreements and

understandings are now superseded and replaced by this Agreement. It is the Parties' desire and

intention by entering into this Agreement to effect a full, complete and final settlement and

resolution of all existing disputes and claims that relate to or arise out of the facts and claims

alleged or which could have been alleged in the Lawsuit.

### 1.4.    Plaintiffs' Counsel's Investigation.

After multiple depositions, numerous sets of interrogatories, requests for admissions,

extensive document productions and post-mediation confirmatory discovery, Plaintiffs' Counsel

have concluded that a settlement with Chase, on the terms set forth herein, is fair, reasonable,

adequate and in the best interests of the Settlement Class based upon their investigation, and taking

into account the sharply contested issues involved, Chase's arguments that problems of proof and

legal defenses may be an impediment to the claims asserted by Plaintiffs, the risks, uncertainty and

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 14 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 46
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 12 of 78    Page ID
#:7244

cost of further prosecution of the Lawsuit, and the substantial benefits to be received pursuant to this Agreement.

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the District Court's approval as required by Federal Rule of Civil Procedure 23, that each and every Claim, as described in Section 2.10 below, will be fully and finally settled and compromised and dismissed with prejudice, and will be fully discharged and released, upon and subject to the following terms and conditions:

## II.    DEFINITIONS

2.1.    "Agreement" or "Settlement" means this Stipulation and Agreement of Settlement, including all exhibits hereto.

2.2.    "Amended Complaint" means the Proposed Second Amended Class Action Complaint filed in the District Court on February 1, 2013 at Docket Entry 293-2.

2.3.    "APR" means Annual Percentage Rate.

2.4.    "CAFA Notice" means such notice as may be required pursuant to the Class Action Fairness Act of 2005.

2.5.    "Chase" means Chase Bank USA, N.A., in its own capacity and as successor by merger to Bank One, Delaware, N.A.

2.6.    "Circuit City" means Circuit City Stores, Inc.

2.7.    "Circuit City Bankruptcy" means Case No. 08-35653 in the United States Bankruptcy Court for the Eastern District of Virginia.

2.8.    "Circuit City Rewards Credit Card" means the credit card issued by Chase and co-branded with Circuit City, which has been the subject of the Litigation.

2.9.    "Circuit City Rewards Credit Cardmember" and "Circuit City Rewards Credit Cardholder" mean the obligor, payor or authorized user on a Circuit City Rewards Credit Card.

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 15 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 47
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 13 of 78    Page ID
#:7245

2.10.    "Claim" and "Claims" mean any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those that were alleged, or that could have been alleged based on the same or similar facts and circumstances, in the Lawsuit.

2.11.    "Direct Pay Settlement Class Member" means a Settlement Class Member who is not a Returned Mail Settlement Class Member.

2.12.    "District Court" means the United States District Court, Central District of California.

2.13.    "Effective Date" means five (5) business days after the Judgment has become Final.

2.14.    "Final" means the date the Judgment becomes final for all purposes because either (i) no appeal has been filed and the time within which an appeal may be filed has expired, or (ii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of the Settlement.

2.15.    "Final Approval Order" means the order to be entered by the District Court in the Lawsuit finally approving this Settlement and resolving all issues between the Parties, as provided for in Section 9.1 below, substantially in the form attached hereto as Exhibit B.

2.16.    "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve the Settlement provided for in this Agreement, enter Judgment and make such rulings as are contemplated by this Agreement.

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 16 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 48
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 14 of 78    Page ID
#:7246

2.17.   "First Direct Payment" means the payments described in Sections 4.5 through 4.6

below, and "Second Direct Payment" means the payments described in Sections 4.7 through 4.8

below.

2.18.   "Judgment" means a final judgment and order of dismissal with prejudice to be

entered by the District Court concurrently with the Final Approval Order, substantially in the form

attached hereto as Exhibit E.

2.19.   "Last Direct Payment" means the Second Direct Payment, or if no Second Direct

Payment is made, then the First Direct Payment.

2.20.   "Lawsuit" means the putative class action entitled Davis v. Chase Bank USA, N.A.,

United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW.

2.21.   "Long-Form Notice" means the notice informing Settlement Class Members of their

rights under this Agreement, substantially in the form attached hereto as Exhibit D.

2.22.   "Lost Check Settlement Class Member" means a Direct Pay Settlement Class

Members whose First Direct Payment or Second Direct Payment was lost, stolen or otherwise

destroyed.

2.23.   "Mediator" means the Honorable Edward A. Infante (Ret.), or if he becomes unable

or unwilling to serve, such other person as may be mutually acceptable to Plaintiffs' Counsel and

counsel for Chase, but in the absence of mutual agreement as to a substitute, such United States

Magistrate Judge as may be appointed by the District Court to perform the function of "Mediator"

solely for purposes of Section 11.2 below.

2.24.   "NCOA" means the United States Postal Service National Change of Address

system.

2.25.   "Net Settlement Fund" means the Settlement Fund plus interest accrued thereon

subsequent to deposit, and less the following:

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 17 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 49
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 15 of 78    Page ID
#:7247

a.  All costs and fees incurred by the Settlement Administrator, including, without limitation, all costs of Class Notice, CAFA Notice and claims administration, except those amounts associated with a Second Direct Payment, if any;

b.  All taxes and tax expenses as identified in Section 4.12;

c.  Any District Court-approved attorneys' fees, costs and expenses; and

d.  Any District Court-approved service awards to Plaintiffs.

2.26.  "Notice" means the method of notice set forth in Section 7.2 below.

2.27.  "Parties" means Chase and Plaintiffs.

2.28.  "Plaintiffs" means Gary J. Davis and Gene Castillo, individually and as putative representatives of the Settlement Class.

2.29.  "Plaintiffs' Counsel" and "Class Counsel" mean Westerman Law Corp., Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP.

2.30.  "Postcard Notice" means the form of notice described in Section 7.2 below and substantially in the form attached hereto as Exhibit C.

2.31.  "Preliminary Approval Order" means an order to be entered by the District Court in the Lawsuit, as provided for in Section 8.1 below, substantially in the form attached hereto as Exhibit A.

2.32.  "Released Claims" means the Claims released by this Agreement as set forth in Section 6.1 and 6.2 below.

2.33.  "Released Parties" means Chase, together with its predecessors, successors (including, without limitation, acquirers of all or substantially all of its assets, stock or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including but not limited to holding companies and JPMorgan Chase & Co.), subsidiaries and affiliates of any of the above; and the past, present and future principals, trustees, partners, claims administrators

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 18 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 50
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 16 of 78    Page ID
#:7248

(including, without limitation, the Settlement Administrator), officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the above.

2.34. "Remaining Residual Funds" means the amount remaining in the Settlement Fund, if any, ninety (90) days after the mailing of the Last Direct Payment.

2.35. "Residual Funds" means the amount remaining in the Settlement Fund ninety (90) days after the First Direct Payment is mailed, if any, less the expected administration costs of a Second Direct Payment.

2.36. "Returned Mail Settlement Class Member" means a Settlement Class Member whose Postcard Notice was returned to the Settlement Administrator as undeliverable and for whom the Settlement Administrator was unable to determine a valid address prior to calculating the First Direct Payment.

2.37. "Second Direct Pay Settlement Class Member" means a Settlement Class Member who negotiated his or her First Direct Payment within ninety (90) days of its mailing, or a Settlement Class Member who filed a Valid Claim with the Settlement Administrator pursuant to Section 4.10 below within ninety (90) days of the mailing of the First Direct Payment.

2.38. "Settlement Administrator" means Gilardi & Co. LLC, the third party administrator agreed to by the Parties to administer the Settlement as set forth in this Agreement, or such other administrator as may be agreed to by the Parties or ordered by the Court.

2.39. "Settlement Class" and "Settlement Class Member" mean, include and refer to Plaintiffs and all other persons and/or entities that fall within the definition of the Settlement Class, certified solely for purposes of the Settlement, as described in Section 3.2 below.

2.40. "Settlement Fund" means the amount described in Section 4.1 below.

2.41. "Settlement Website" means the website that the Settlement Administrator will establish pursuant to Section 7.3 below.

LA 51693093v16

124

Case 08-35653-KRH   Doc 13532-2   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 2   Page 19 of 75
Case 08-35653-KRH   Claim 224-1 Part 2   Filed 12/12/14   Desc Exhibit(s)   Page 51
of 129
Case 2:06-cv-04804-DDP-PJW   Document 332-1   Filed 04/23/14   Page 17 of 78   Page ID
#:7249

2.42.   "Valid Claim" means a written claim presented to the Settlement Administrator by a Returned Mail Settlement Class Member or a Lost Check Settlement Class Member consisting of: (i) his or her name, address and telephone number; (ii) the last four digits of his or her Circuit City Rewards Credit Card account number(s); and (iii) a sentence certifying that he or she is a Settlement Class Member who has lost, had stolen, otherwise had destroyed or did not receive a First Direct Payment and/or a Second Direct Payment.

## III.   THE SETTLEMENT CLASS

3.1.   <u>Certification Of Settlement Class For Settlement Purposes Only</u>. Chase disputes that the elements of Federal Rule of Civil Procedure 23 are satisfied for purposes of a litigation class, disputes that a litigation class would be manageable and denies that any litigation class may be certified in the Lawsuit. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Chase does not oppose certification <u>for settlement purposes only</u> of the Settlement Class. The Parties further agree that solely for purposes of certifying a settlement class, both Gary Davis and Gene Castillo are adequate class representatives; Chase agrees that for settlement purposes only, it will stipulate to Davis and Castillo serving as the class representatives, but in the event that the Settlement does not become Final for any reason, and the Parties return to litigating this case, Chase reserves all of its defenses and arguments against Davis and Castillo serving as class representatives. No agreements made by Chase in connection with the Settlement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of class certification, other than for settlement purposes. Preliminary certification of a Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor is Chase estopped from challenging class certification in further proceedings in the Lawsuit or in any other action, if the Settlement is not finally approved.

3.2.   <u>Definition Of The Settlement Class</u>. Solely for purposes of this Settlement, the Parties agree to certification of the following Settlement Class:

Page 8 of 29

LA 51693093v16

125

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 20 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 52
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 18 of 78    Page ID
#:7250

> All Chase Circuit City Rewards Credit Cardmembers with California billing addresses who, between May 26, 2004 and the entry of preliminary approval of this Settlement (inclusive), made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance.

The Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to exclude themselves by way of an opt-out procedure set forth in the Preliminary Approval Order.

## IV.    THE SETTLEMENT FUND

4.1.    <u>The Settlement Fund</u>.  In full and complete settlement of the Lawsuit as set forth herein, Chase will pay Five Million Five Hundred Thousand Dollars ($5,500,000) for the benefit of the Settlement Class.

4.2.    <u>Timing of Payments to Settlement Fund</u>.  Chase will provide payments to the Settlement Fund as follows:

    a.    Within fifteen (15) days following entry of the Preliminary Approval Order, Chase will cause the sum of Two Hundred Thousand Dollars ($200,000) to be deposited into the Settlement Fund, which sum reflects the parties' reasonable estimate of the costs of Notice to the Settlement Class and for the related services of the Settlement Administrator prior to the Effective Date.

    b.    Within fifteen (15) days of the Final Approval Order, Chase will cause all other sums due pursuant to this Agreement to be deposited into the Settlement Fund.

4.3.    <u>Credit For Advances On Behalf Of The Settlement Fund</u>.  Payments of any notice or administration costs or expenses advanced by Chase, before or after the Settlement Fund is created, are to be treated as contributions to the Settlement Fund as set forth above in Section 4.1 and will be credited in their entirety (100%) towards Chase's obligations thereunder.

Page 9 of 29

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 21 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 53
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 19 of 78    Page ID
#:7251

4.4. <u>Distribution Of The Settlement Fund</u>. The Settlement Fund, together with any interest accrued thereon subsequent to deposit, is to be distributed as follows:

        a.    <u>First</u>, to pay the costs of Notice and the costs of Settlement Administration, except those amounts associated with a Second Direct Payment, if any;

        b.    <u>Second</u>, within fifteen (15) days after the Effective Date, to pay Class Counsel's attorneys' fees and cost and service awards to Plaintiffs in the amounts approved by the Court, pursuant to Section 5.1 below;

        c.    <u>Third</u>, but not earlier than thirty (30) days after the Effective Date, to make payments to Settlement Class Members as set forth in Sections 4.5 through 4.10 below and the Settlement Administrator for costs associated with a Second Direct Payment, if any;

        d.    <u>Fourth</u>, if any amount remains after payments pursuant to Sections 4.4(a) through (c) above, to contribute to such charitable organization as the Parties may hereafter agree, or if they cannot agree, as the District Court may order.

4.5. <u>Calculation Of First Direct Payments</u>. To determine the amount of each First Direct Payment, the Settlement Administrator will divide the Net Settlement Fund by the number of accounts held by Direct Pay Settlement Class Members.

4.6. <u>First Direct Payment To Direct Pay Settlement Class Members</u>. The First Direct Payment will be mailed by the Settlement Administrator within forty-five (45) days of the Effective Date in the amount determined under Section 4.5.

4.7. <u>Calculation Of Second Direct Payments</u>. To determine the amount of each Second Direct Payment, if any, the Settlement Administrator will divide the Residual Funds by the number of accounts held by Second Direct Pay Settlement Class Members.

4.8. <u>Second Direct Payment To Direct Pay Settlement Class Members</u>. If sufficient Residual Funds remain one hundred and eighty (180) days after mailing of the First Direct Payment

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 22 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 54
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 20 of 78    Page ID
#:7252

so that each Second Direct Pay Settlement Class Member would receive a payment of at least three

dollars ($3.00) from the Residual Fund pursuant to Section 4.7, a Second Direct Payment will be

made by the Settlement Administrator by mailing checks in the amount determined under Section

4.7.

     4.9.   Returned Checks. If any First Direct Payments and/or Second Direct Payments are

returned to the Settlement Administrator within ninety (90) days of their respective mailings, the

Settlement Administrator will make a reasonable effort to determine an updated mailing address for

each returned check. For each check that an updated address is found for, the Settlement

Administrator will forward the check to that address, but if updated information is not available, the

Settlement Administrator will destroy the check.

     4.10.   Payment To Returned Mail Settlement Class Members And Lost Check Settlement

Class Members. Returned Mail Settlement Class Members and Lost Check Settlement Class

Members who submit Valid Claims to the Settlement Administrator within ninety (90) days of the

mailing of the Last Direct Payment will receive payment from the Remaining Residual Funds, if

sufficient funds exist, in the amount they would have been entitled to receive in either a First Direct

Payment or Second Direct Payment or both. If insufficient funds remain to pay all Valid Claims,

Valid Claims will be paid in the order received by the Settlement Administrator until there are

insufficient Remaining Residual Funds to make payments. Whether a claim is a Valid Claim will

be determined in the sole discretion of the Settlement Administrator. Payments made pursuant to

Section 4.10 will be made no sooner than ninety (90) days after the mailing of the Last Direct

Payment and no later than one hundred ninety (190) days after the mailing of the Last Direct

Payment.

     4.11.   Time To Negotiate Payments. Settlement Class Members must negotiate any

payments made under this Agreement within one hundred eighty (180) days after the date appearing

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 23 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 55
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 21 of 78    Page ID
#:7253

on the check. There will be no further obligation to pay Settlement Class Members who fail to comply, except as established in Section 4.10 above.

4.12.  Interest. Fifty percent (50%) of any interest accrued on the Settlement Fund prior to the Effective Date will be remitted to Chase. If the Effective Date does not occur, one hundred percent (100%) of the interest will be returned to Chase.

4.13.  Settlement Fund Tax Status. The Settlement Fund will be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. Class Counsel and, as required by law, Chase, will jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation. For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund will be the Settlement Administrator. The Settlement Administrator will timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1. The Settlement Administrator will timely and properly prepare and file any information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. §1.468B-2(1).

## V.  ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

5.1.  Subject to court approval, Class Counsel intend to seek not more than One Million Five Hundred Thousand Dollars ($1,500,000) in attorneys' fees and costs, and service awards of not more than Five Thousand Dollars ($5,000) for each of the two Plaintiffs. These amounts will be paid solely from the Settlement Fund. Chase will not oppose Class Counsel's request for attorneys' fees, costs and service awards in the foregoing amounts. The service awards will be in addition to Plaintiffs' entitlement to be paid from the Settlement Fund as set forth in Sections 4.5 through 4.10. Failure by the Court to approve the amount of attorneys' fees, costs or service awards sought by

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 24 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 56
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 22 of 78    Page ID
#:7254

Class Counsel will not be grounds for Plaintiffs to withdraw from the Settlement, will not delay the

Settlement becoming Final as set forth in Section 2.14 above, and will not delay the Effective Date

of the releases described in Section 6.1 and 6.2 below. PLAINTIFFS RECOGNIZE AND

UNDERSTAND THAT THE COURT MAY NOT APPROVE ANY SERVICE AWARD TO

THEM WHATSOEVER AND THAT THEIR SUPPORT OF THE SETTLEMENT IS IN NO

WAY CONTINGENT ON ANY SERVICE AWARD. PLAINTIFFS REPRESENT AND

WARRANT THAT NO PROMISES OF ANY KIND HAVE BEEN MADE TO THEM WITH

RESPECT TO ANY SERVICE AWARD OR OTHERWISE.

## VI.    RELEASE AND DISMISSAL

6.1.    Release. As of the Effective Date, Plaintiffs and each Settlement Class Member,

their respective heirs, executors, administrators, representatives, agents, attorneys, partners,

successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, will be

deemed to have fully, finally and forever released the Released Parties from all Claims, as described

in Section 2.10 above. Without limiting the foregoing, the Claims released pursuant to this

Settlement specifically extend to Claims that Settlement Class Members do not know or suspect to

exist in their favor as of or prior to the Effective Date.

6.2.    The Parties, and all Settlement Class Members, agree that Section 6.1 constitutes a

waiver of Section 1542 of the California Civil Code and any similar or comparable provisions,

rights and benefits conferred by the law of any state or territory of the United States or any

jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR.

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 25 of 75

Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 57
of 129

Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 23 of 78    Page ID
#:7255

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge (and all Settlement Class Members by operation of law will be deemed to have acknowledged) that the release of unknown Claims as set forth herein was separately bargained for and was a key element of the Settlement.

     6.3.  <u>Dismissal</u>. Upon entry of the Final Approval Order, Plaintiffs will take all actions necessary to dismiss the Lawsuit with prejudice.

     6.4.  <u>No Other Actions</u>. Plaintiffs represent and warrant that they have no other actions currently pending or planned against Chase arising from or involving the same or similar facts or allegations that are alleged in the Lawsuit.

     6.5.  <u>Obligations Of Settlement Class Members Unaffected By Settlement</u>. The Settlement and this Agreement will not affect debts owed by Plaintiffs or Settlement Class Members to Chase, and Plaintiffs and all Settlement Class Members will remain fully obligated on any and all such debts.

     6.6.  <u>Circuit City Bankruptcy Proceeding</u>. Chase has outstanding claims in the Circuit City Bankruptcy. Among the outstanding claims is bankruptcy claim No. 7065, which seeks defense and indemnification of Chase by Circuit City for the Lawsuit and the Claims settled herein. Any amounts which Chase may recover in the Circuit City Bankruptcy, through settlement or otherwise, will belong solely to Chase, and Plaintiffs and Settlement Class Members will not seek,

LA 51693093v16

131

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 26 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 58
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 24 of 78    Page ID
#:7256

through litigation or otherwise, to claim any recovery or portion thereof. Nothing in this Agreement constitutes or will be deemed a waiver of any of Chase's rights in the Circuit City Bankruptcy, including, without limitation, with respect to bankruptcy claim No. 7065.

6.7. <u>No Malicious Prosecution Claim</u>. Chase agrees to fully release Plaintiffs, any member of the Settlement Class, and Plaintiffs' Counsel for any claims Chase may have for malicious prosecution, abuse of process, or any other claim based on the filing, prosecuting and/or maintaining of the Lawsuit or any papers contained in the Lawsuit, and Chase agrees that it will not commence any lawsuit against Plaintiffs, any member of the Class, or Plaintiffs' Counsel contending that this lawsuit should not have been filed, prosecuted and/or maintained.

## VII.    NOTICE AND SETTLEMENT ADMINISTRATION

7.1. <u>Costs Of Notice And Administration</u>. The costs of notice and administration will be paid or deducted from the Settlement Fund as described in Section 4.4 above. Class Counsel and Chase must approve the costs for notice and administration before any costs are incurred.

7.2. <u>Class Notice</u>. Notice to the Settlement Class will be mailed within sixty (60) days following entry of the Preliminary Approval Order, as follows:

a.    Postcard Notice, substantially in the form attached hereto as Exhibit C and subject to approval by the District Court, will be mailed to all Settlement Class Members, at the most recent address shown in Chase's reasonably accessible electronic records, as maintained in the ordinary course of business, for the account at issue. Addresses will be run once through the NCOA system before mailing.

b.    The Postcard Notice will direct all Settlement Class Members to the Settlement Website.

c.    If, prior to the Final Fairness Hearing, Postcard Notices are returned to the Settlement Administrator with a forwarding address, the Settlement

Page 15 of 29

LA 51693093v16

132

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 27 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 59
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 25 of 78    Page ID
#:7257

Administrator will re-send a Postcard Notice to the Settlement Class Member at that forwarding address. If Postcard Notices are returned to the Settlement Administrator as undeliverable, the Settlement Administrator will make a reasonable effort to determine a valid address for the Settlement Class Member, and, if an address is found, then the Settlement Administrator will re-send a Postcard Notice to the Settlement Class Member at that address.

7.3. <u>Settlement Website</u>. The Settlement Administrator will establish, prior to the mailing of the Postcard Notice, the Settlement Website. The Settlement Website will include the Long-Form Notice, substantially in the form attached hereto as Exhibit D and subject to approval by the District Court, this Agreement, contact information for the Settlement Administrator, contact information for Class Counsel, and any other material the Parties agree in writing to include. The Settlement Website URL will be determined by the mutual agreement of the Class Counsel and Chase or, if no agreement can be reached, by the Mediator. The Settlement Website will not include any advertising, and will not bear or include the Chase logo or trademarks. Ownership of the Settlement Website URL will be transferred to Chase within ten (10) days of the date on which operation of the Settlement Website ceases.

7.4. <u>CAFA Notice</u>. All relevant approval and court filing dates will be scheduled to ensure adequate time for compliance with the Class Action Fairness Act. Plaintiffs will cooperate reasonably with Chase to ensure compliance so that the releases described in Section 6.1 and 6.2 above are fully enforceable.

## VIII. PRELIMINARY APPROVAL

8.1. <u>Preliminary Approval Order</u>. Plaintiffs will seek the District Court's approval of the Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit A. The Parties will cooperate in presenting such papers to the District Court as may be necessary to effectuate the intent

LA 51693093v16

133

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 28 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 60
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 26 of 78    Page ID
#:7258

and purposes of this Agreement.  Among other things, the proposed Preliminary Approval Order
will specifically include the following:

    a.    A determination that, for settlement purposes only, the Lawsuit may be
maintained as a class action on behalf of the Settlement Class;

    b.    A finding that the Notice as described in Section 7.2 above is the only notice
to the Settlement Class that is required, and that such Notice satisfies the
requirements of Due Process, the Federal Rules of Civil Procedure and any
other applicable laws;

    c.    A preliminary finding that this Agreement is fair, reasonable, adequate and
within the range of possible approval;

    d.    A preliminary finding that Plaintiffs fairly and adequately represent the
interests of the Settlement Class;

    e.    A preliminary appointment of Class Counsel finding that Class Counsel are
adequate to act as counsel for the Settlement Class;

    f.    A scheduled date for the Final Fairness Hearing, which the Parties will
request be approximately one hundred and thirty-five (135) days after entry
of the Preliminary Approval Order, to determine whether there exists any
reasonable basis why the Settlement should not be approved as being fair,
reasonable and adequate, in the best interests of the Settlement Class, and
why Judgment should not be entered thereon;

    g.    Establishment of a procedure for Settlement Class Members to opt-out of the
proposed Settlement and setting a postmark deadline of one hundred and five
(105) days following entry of the Preliminary Approval Order, after which no
Settlement Class Member will be allowed to opt-out of the Settlement Class;

LA 51693093v16

134

Case 08-35653-KRH   Doc 13532-2   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 2   Page 29 of 75
Case 08-35653-KRH   Claim 224-1 Part 2   Filed 12/12/14   Desc Exhibit(s)   Page 61
of 129
Case 2:06-cv-04804-DDP-PJW   Document 332-1   Filed 04/23/14   Page 27 of 78   Page ID
#:7259

    h.    Establishment of a procedure for Settlement Class Members to object to the proposed Settlement and setting a postmark deadline of one hundred and five (105) days following entry of the Preliminary Approval Order, after which no Settlement Class Member will be allowed to object to the proposed Settlement;

    i.    Entry of a preliminary injunction as to Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, whether directly, representatively or in any other capacity, enjoining them from commencing or prosecuting against the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims; and

    j.    Entry of a stay of all proceedings in the Lawsuit except as may be necessary to implement the Settlement or comply with the terms of this Agreement.

    8.2.    <u>Stay Following Preliminary Approval Order</u>. Upon entry of the Preliminary Approval Order, the Parties will promptly cooperate in filing such papers as may be necessary to obtain a stay of the proceedings in the Lawsuit and any other similar action, except as may be necessary to implement the Settlement or comply with the terms of this Agreement.

    8.3.    <u>Denial Of Preliminary Approval Order</u>. If the District Court fails for any reason to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit A, or to certify the Settlement Class for settlement purposes consistent with the provisions hereof, and if the Parties do not agree jointly to either address the reasons given by the District Court and seek further approval again, or to appeal such a ruling, then this Agreement will terminate and be of no further force or effect without any further action by the Parties. In such an event, nothing in this Agreement or filed in connection with seeking entry of the Preliminary Approval Order may be

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 30 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 62
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 28 of 78    Page ID
#:7260

used or construed as an admission or concession by any of the Parties in the Lawsuit, nor is any

Party estopped from challenging any allegations in further proceedings in the Lawsuit.

    8.4.   Opt-Out/Requests For Exclusion From Settlement.

        a.   Requests For Exclusion. Settlement Class Members will be given the

opportunity to opt out of the Settlement Class. All requests by Settlement

Class Members to be excluded must be in writing, sent to the Settlement

Administrator and postmarked not later than one hundred and five (105) days

following entry of the Preliminary Approval Order. To be valid, a request for

exclusion must be personally signed by the Settlement Class Member and

must include: (i) the Settlement Class Member's name, address and telephone

number; (ii) the last four digits of the Settlement Class Member's Circuit City

Rewards Credit Card account number(s); (iii) a sentence certifying that he or

she is a Settlement Class Member; and (iv) the following statement: "I

request to be excluded from the class settlement in Davis v. Chase Bank

USA, N.A., United States District Court, Central District of California, Case

No. CV-04804-DDP-PJW." No Settlement Class Member, or any person

acting on behalf of or in concert or participation with that Settlement Class

Member, may exclude any other Settlement Class Member from the

Settlement Class.

        b.   Delivery To Parties; Certification To The District Court. The Settlement

Administrator will provide copies of the original requests for exclusion to the

Parties by no later than ten (10) days after the opt-out deadline. Not later

than ten (10) days before the Final Fairness Hearing, the Settlement

Administrator will file with the District Court a declaration verifying that

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 31 of 75

Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 63
of 129

Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 29 of 78    Page ID
#:7261

Notice has been provided to the Settlement Class as set forth in the
Preliminary Approval Order and listing all of the valid opt-outs received.

c.    Effect.  Settlement Class Members who timely exclude themselves from the
Settlement Class will not be eligible to receive any payment pursuant to the
Settlement, will not be bound by any further orders or judgments in the
Lawsuit, and will preserve their ability to independently pursue any
individual claims for damages they may have against Chase by filing their
own individual lawsuit or arbitration at their own expense.  In the event of
ambiguity as to whether a Settlement Class Member has requested to be
excluded (such as through a submission of both a request for exclusion and a
Claim or a request for a Direct Payment, or by negotiating a Direct Payment),
the Settlement Class Member will be deemed not to have requested
exclusion.

d.    Right To Withdraw For Excessive Opt-Outs.  If more than one thousand
(1,000) Settlement Class Members request exclusion, then Chase in its sole
discretion may terminate this Agreement, and the Parties will be returned to
the status quo ante as of October 22, 2013, for all litigation purposes, as if no
settlement had been negotiated or entered into, and the provisions of Section
10.1 below will apply, including without limitation with respect to the
Settlement Fund.  If Chase exercises this right to declare the Agreement void,
it must provide Plaintiffs' Counsel with written notice of this election no later
than ten (10) days before the Final Fairness Hearing.

8.5.    Objections To Settlement.

a.    Right To Object.  Any Settlement Class Member who has not requested
exclusion in accordance with the terms of this Agreement, may file an

Page 20 of 29

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 32 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 64
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 30 of 78    Page ID
#:7262

objection to the Settlement and appear at the Final Fairness Hearing to argue

that the proposed Settlement should not be approved and/or to oppose the

application of Class Counsel for an award of attorneys' fees and costs and the

service awards to Plaintiffs.

b.    Deadline.  Any such objection must be filed with the Clerk of the United

States District Court, Central District of California, 312 North Spring Street,

Los Angeles, California 90012, not later than one hundred and five (105)

days following entry of the Preliminary Approval Order.  Copies of all

objections also must be served electronically via the Court's ECF system or

mailed, postmarked no later than one hundred and five (105) days following

entry of the Preliminary Approval Order, to each of the following: Class

Counsel, Drew Pomerance, Roxborough, Pomerance, Nye & Adreani, LLP,

5820 Canoga Avenue, Woodland Hills CA 91367-6549; and Counsel for

Chase, Julia B. Strickland and Stephen J. Newman, Stroock & Stroock &

Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California

90067.

c.    Content Of Objections.  All objections must include: (i) the objector's name,

address and telephone number; (ii) the last four digits of the objector's

Circuit City Rewards Credit Card account number(s); (iii) a sentence

certifying he or she is a Settlement Class Member; (iv) the factual basis and

legal grounds for the objection to the Settlement; (v) the identity of witnesses

whom the objector may call to testify at the Final Fairness Hearing;

(vi) copies of exhibits the objector may seek to offer into evidence at the

Final Fairness Hearing; (vii) a sentence certifying that the objector has not

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 33 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 65
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 31 of 78    Page ID
#:7263

been promised anything in return for objecting; and (viii) the personal

signature of the objector.

## IX.    FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

9.1.    <u>Final Fairness Hearing</u>.  On a date to be set by the District Court, Plaintiffs will seek

from the District Court the Final Approval Order and Judgment in the Lawsuit, substantially in the

forms attached hereto as Exhibits B and E.  Among other things, the Final Approval Order will

provide:

    a.    That the Amended Complaint is filed and that no response to it needs to be
filed;

    b.    That the Lawsuit, for purposes of the Settlement, may be maintained as a
class action on behalf of the Settlement Class;

    c.    That Plaintiffs fairly and adequately represent the interests of the Settlement
Class;

    d.    That Class Counsel adequately represent Plaintiffs and the Settlement Class;

    e.    That the Notice satisfied the requirements of Due Process, the Federal Rules
of Civil Procedure and any other applicable laws;

    f.    That the Settlement is fair, reasonable and adequate to the Settlement Class
and that each Settlement Class Member will be bound by the Settlement,
including the Releases contained in Section 6.1 above;

    g.    That the Settlement represents a fair resolution of all claims asserted on
behalf of the Settlement Class and fully and finally resolves all such claims;

    h.    That this Agreement should be, and is, approved;

    i.    The amount of attorneys' fees and costs and service awards that may be paid
to Class Counsel and Plaintiffs from the Settlement Fund;

    j.    That the requests for exclusion from the Settlement are confirmed;

Page 22 of 29

LA 51693093v16

139

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 34 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 66
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 32 of 78    Page ID
#:7264

k.    That all objections are overruled;

l.    That all claims in the Lawsuit and in the Amended Complaint are dismissed, on the merits and with prejudice, and that each and every Settlement Class Member (except those who have validly excluded themselves from the Settlement Class) is permanently enjoined from bringing, joining or continuing to prosecute against the Released Parties any Released Claims, and entering Judgment thereon; and

m.    That the District Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Settlement.

## X.    TERMINATION OF AGREEMENT

10.1.    <u>Non-Approval Of Agreement</u>. This Agreement is conditioned upon final approval without material modification by the District Court in the Lawsuit. In the event that the Agreement is not so approved, the Parties will return to the <u>status quo ante</u> as of October 22, 2013, as if no Agreement had been negotiated or entered into. Moreover, the Parties will be deemed to have preserved all of their rights or defenses as of October 22, 2013, and will not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class. Likewise, in the event that the Agreement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties will have the right to withdraw from the Agreement and return to the <u>status quo ante</u> as of October 22, 2013, for all litigation purposes, as if no Agreement had been negotiated or entered into, and will not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class. All money within the Settlement Fund, including without limitation any accrued interest, at the time of

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 35 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 67
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 33 of 78    Page ID
#:7265

non-approval by the District Court (or reversal or vacatur by an appellate court) will be returned to Chase within fifteen (15) days of non-approval (or reversal or vacatur of approval).

## XI.    MISCELLANEOUS PROVISIONS

11.1.    Further Assurances.  Each of the Parties will execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

11.2.    Dispute Resolution.  The Parties agree to meet and confer in good faith in regard to any dispute relating to the Settlement or to administration of the Settlement, including without limitation disputes regarding eligibility for payments.  Any dispute that cannot be resolved by the Parties will be submitted to the Mediator for a written recommendation.  If the Mediator's recommendation does not resolve the dispute, either Party may seek appropriate relief from the District Court, and in ruling on the dispute the District Court may consider but will not be bound by the Mediator's recommendation.

11.3.    Publicity And Non-Disparagement.  The Parties will refrain from publicly disparaging each other or taking any action designed to harm the public perception of each other regarding any issue related to the Settlement or the Lawsuit.  The Parties and counsel further agree not to issue press releases or otherwise initiate communications with the media regarding this Settlement or the Lawsuit.

11.4.    Entire Agreement.  This Agreement constitutes the entire agreement between and among the Parties with respect to settlement of the Lawsuit.  This Agreement supersedes all prior negotiations and agreements, including without limitation all offers and communications made during the course of mediation.  THE PARTIES, AND EACH OF THEM, REPRESENT AND WARRANT THAT NO OTHER PARTY OR ANY AGENT OR ATTORNEY OF ANY OF THE PARTIES HAS MADE ANY PROMISE, REPRESENTATION OR WARRANTY WHATSOEVER NOT CONTAINED IN THIS AGREEMENT TO INDUCE THEM TO EXECUTE THE SAME.  THE PARTIES, AND EACH OF THEM, FURTHER REPRESENT

Page 24 of 29

LA 51693093v16

Case 08-35653-KRH   Doc 13532-2   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 2   Page 36 of 75
Case 08-35653-KRH   Claim 224-1 Part 2   Filed 12/12/14   Desc Exhibit(s)   Page 68
of 129
Case 2:06-cv-04804-DDP-PJW   Document 332-1   Filed 04/23/14   Page 34 of 78   Page ID
#:7266

AND WARRANT THAT THEY HAVE NOT EXECUTED THIS AGREEMENT IN RELIANCE ON ANY PROMISE, REPRESENTATION OR WARRANTY NOT CONTAINED IN THIS AGREEMENT.

11.5.   <u>Confidentiality</u>.  Any and all drafts of this Agreement and other settlement documents relating to the negotiations between the Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final court approval.  This provision will not prohibit the Parties from submitting this Agreement to the District Court in order to obtain preliminary and/or final approval of the Settlement.  It is agreed that, within thirty (30) days after the Effective Date, the originals and all copies of all confidential or highly confidential documents and/or information subject to the protective order in the Lawsuit must be destroyed or returned to the designating Parties.

11.6.   <u>Inadmissibility Of Discovery Provided In Connection With Settlement</u>.  If approval of the Settlement is denied, all discovery provided in connection with settlement negotiations, including without limitation the post-mediation confirmatory discovery, will be subject to Rule 408 of the Federal Rules of Evidence and will not be admissible for any litigation purpose.

11.7.   <u>Successors And Assigns</u>.  The Agreement is binding upon, and inures to the benefit of, the heirs, successors and assigns of the Parties.

11.8.   <u>Competency Of Parties</u>.  The Parties, and each of them, acknowledge, warrant, represent and agree that in executing and delivering this Agreement, they do so freely, knowingly and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of the Agreement and that such execution and delivery is not the result of any fraud, duress, mistake or undue influence whatsoever.

11.9.   <u>Authority</u>.  The person signing this Agreement on behalf of Chase warrants and represents that he or she is authorized to sign on Chase's behalf.  Plaintiffs have personally signed this Agreement.

Page 25 of 29

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 37 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 69
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 35 of 78    Page ID
#:7267

11.10.  <u>Modification</u>.  No modification of or amendment to this Agreement will be valid unless it is in writing and signed by all Parties hereto.

11.11.  <u>Construction</u>.  Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the same will not be construed against any of the Parties.  Before declaring any provision of this Agreement invalid, the District Court will first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable.  After applying this rule of construction and still finding a provision invalid, the District Court will interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision.  The invalidity of any one provision will not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.

11.12.  <u>No Waiver</u>.  The failure of any of the Parties to enforce at any time any provision of this Agreement will not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision.  No waiver of any breach of this Agreement will constitute or be deemed a waiver of any other breach.

11.13.  <u>Notices/Communications</u>.  All requests, demands, claims and other communications hereunder will:  (a) be in writing; (b) be delivered by U.S. Mail and email; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

<u>If to Plaintiffs or the Settlement Class</u>:

Drew Pomerance, Esq.
Roxborough, Pomerance, Nye & Adreani, LLP
5820 Canoga Avenue
Woodland Hills CA 91367-6549
Email: dep@rpnalaw.com

Page 26 of 29

LA 51693093v16

143

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 38 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 70
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 36 of 78    Page ID
#:7268

Jeff Westerman, Esq.
Westerman Law Corp.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Email: jwesterman@jswlegal.com

Nicole Duckett Fricke, Esq.
Milberg LLP
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Email: ndfricke@milberg.com

If to Chase:

Julia B. Strickland, Esq.
Stephen J. Newman, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067
Email: jstrickland@stroock.com; snewman@stroock.com

Each of the Parties may change the address to which requests, demands, claims or other

communications hereunder are to be delivered by giving the other Parties notice in the manner set

forth herein.

    11.14.  Counting Of Days.  Except where stated otherwise, reference to "days" means

calendar days.  If the last day upon which an act must or may be done falls on a weekend, holiday or

other non-business day, such act must or may be done on the next subsequent business day.

    11.15.  Counterparts.  This Agreement may be executed in one or more counterparts and, if

so executed, the various counterparts constitute one instrument for all purposes and will be binding

on each of the Parties that executed it, provided, however, that none of the Parties will be bound

unless and until all Parties have executed this Agreement.  For convenience, the several signature

pages may be collected and annexed to one or more documents to form a complete counterpart.

Photocopies of executed copies of this Agreement may be treated as originals.

[SIGNATURES APPEAR ON THE FOLLOWING PAGES]

Page 27 of 29

LA 51693093v16

144

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 39 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 71
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 37 of 78    Page ID
#:7269

Agreed and accepted:

Dated: April ___, 2014                    By: _____
                                              Gary J. Davis


Dated: April ___, 2014                    By: _____
                                              Gene Castillo


Dated: April ___, 2014                    Chase Bank USA, N.A.

                                          By: _____
                                              Eileen Serra

Approved as to form and content:

Dated: April 23 2014                      Westerman Law Corp.

                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class


Dated: April 23 2014                      ROXBOROUGH, POMERANCE, NYE &
                                          ADREANI, LLP


                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class


Dated: April ___, 2014                    Milberg LLP
       June 9,

                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class


Page 28 of 3

LA 51693093v16

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 40 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 72
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 38 of 78    Page ID
#:7270

Approved as to form:

Dated:  April /¼, 2014                    STROOCK & STROOCK & LAVAN LLP

By _____

Attorneys for Chase

LA 51693093v16

146

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 41 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 73
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/29/14    Page 2 of 2    Page ID
#:7323

<u>Agreed and accepted</u>:

Dated: April __, 2014                     By: _____
                                             Gary J. Davis

Dated: April 23, 2014                     By: _____
                                             Gene Castillo

Dated: April __, 2014                     Chase Bank USA, N.A.

                                          By: _____

<u>Approved as to form and content</u>:

Dated: April __, 2014                     Westerman Law Corp.

                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class

Dated: April __, 2014                     ROXBOROUGH, POMERANCE, NYE &
                                          ADREANI, LLP

                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class

Dated: April __, 2014                     Milberg LLP
       June 9,

                                          By _____

                                          Attorneys for Plaintiffs and the Settlement Class

Page 28 of 29

LA 51693093v16

147

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 42 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 74
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 39 of 78    Page ID
#:7271

# EXHIBIT A

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 43 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 75
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 40 of 78    Page ID
#:7272

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | GARY DAVIS, an individual, on behalf ) Case No. CV 06-04804 DDP (PJWx)
of himself, as Private Attorney General, )
and on behalf of all others similarly ) Assigned to the Hon. Dean D. Pregerson

12 | situated, )
) **[PROPOSED] PRELIMINARY**

13 | Plaintiff, ) **APPROVAL ORDER**
)

14 | v. )
)

15 | CHASE BANK U.S.A., N.A., a )
Delaware corporation; and DOES 1 )

16 | through 50, inclusive, )
)

17 | Defendants. )
)

18

19

20

21

22

23

24

25

26

27

28

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 44 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 76
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 41 of 78    Page ID
#:7273

1    WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to

2    Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement

3    of the above-captioned action (the "Lawsuit") in accordance with the Stipulation and

4    Agreement of Settlement filed with this Court on _____, 2014 (the "Agreement" or

5    the "Settlement"), and the exhibits attached thereto, entered into by and between

6    Plaintiffs and Chase, setting forth the terms and conditions for a proposed settlement

7    of the Lawsuit and its dismissal with prejudice; and

8    WHEREAS, Chase does not oppose Plaintiffs' Motion; and

9    WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of

10    themselves individually and on behalf of each of the Settlement Class Members,

11    have agreed to release all claims arising under federal, state or common law as

12    specified in Sections 6.1 and 6.2 of the Agreement; and

13    WHEREAS, this Court having read and considered Plaintiffs' Motion, the

14    Agreement and exhibits attached thereto, as well as all arguments and submissions

15    from the Parties and any intervenors at the noticed hearings; and

16    WHEREAS, all defined terms have the same meaning as set forth in the

17    Agreement.

18    NOW, THEREFORE, IT IS HEREBY ORDERED:

19    1.    For purposes of this Lawsuit, this Court has subject matter jurisdiction

20    and, for purposes of the Settlement only, this Court has personal jurisdiction over the

21    Parties, including all Settlement Class Members.

22    2.    For purposes of this Settlement only, this Court preliminarily certifies

23    the following Settlement Class:

24        All Chase Circuit City Rewards Credit Cardmembers with
    California billing addresses who, between May 26, 2004

25        and the entry of this Preliminary Approval Order
    (inclusive), made a promotional or deferred-interest

26        purchase at Circuit City and who, as a result of payments or
    credits being allocated to a regular purchase balance after

27        the promotional or deferred-interest balance, paid more in
    finance charges than they would have paid if the payments

28        or credits had first been applied to the regular purchase
    balance.

- 1 -

[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

150

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 45 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 77
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 42 of 78    Page ID
#:7274

1       The Settlement Class preliminarily is certified pursuant to Federal Rule of

2   Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to

3   exclude themselves by way of the opt-out procedure set forth below in Paragraph 12.

4       3.      This Court preliminarily finds, solely for purposes of the Settlement,

5   that the Lawsuit may be maintained as a class action on behalf of the Settlement

6   Class because:  (a) the Settlement Class is so numerous that joinder of all Settlement

7   Class Members in the Lawsuit is impracticable; (b) there are questions of law and

8   fact common to Settlement Class Members that predominate over any individual

9   questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class;

10  (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected

11  the interests of the Settlement Class; and (e) a class action is superior to other

12  available methods for the fair and efficient adjudication of the controversy.

13      4.      This Court preliminarily approves the Agreement as being fair,

14  reasonable and adequate and within the range of possible approval, subject to further

15  consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

16      5.      This Court preliminarily finds that Plaintiffs fairly and adequately

17  represent the interests of the Settlement Class and therefore designates Plaintiffs as

18  the representatives of the Settlement Class.

19      6.      Pursuant to Federal Rule of Civil Procedure 23(g), and after

20  consideration of the factors described therein and oral and written arguments, this

21  Court designates as Class Counsel the law firms of Westerman Law Corp.,

22  Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP.  This Court

23  preliminarily finds that based on the work Class Counsel have done in identifying,

24  investigating and prosecuting the claims in the action, Class Counsel's experience in

25  handling class actions, other complex litigation and claims of the type asserted in this

26  Lawsuit, Class Counsel's knowledge of the applicable law and the resources Class

27  Counsel have and will commit to representing the class, Class Counsel have and will

28  fairly and adequately represent the interests of the Settlement Class.  Plaintiffs and

- 2 -

[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

151

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 46 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 78
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 43 of 78    Page ID
#:7275

1   Class Counsel, on behalf of the Settlement Class, are authorized to take all

2   appropriate action required or permitted to be taken by the Settlement Class pursuant

3   to the Agreement to effectuate its terms.

4       7.    The Final Fairness Hearing will take place before the Honorable Dean

5   D. Pregerson on _____, 2014 **[a date on or after one hundred and thirty-five**

6   **(135) days following entry of this Order]** at _____ a.m./p.m. at the United States

7   District Court, Central District of California, Courtroom #3, 312 Spring Street, Los

8   Angeles, California 90012, to determine:  whether the proposed Settlement of the

9   Lawsuit on the terms and conditions provided for in the Agreement is fair, adequate

10  and reasonable as to the Settlement Class Members and should be approved; whether

11  the Judgment, as provided for in the Agreement, should be entered; and whether the

12  amount of fees and costs that should be awarded to Class Counsel, and the amount of

13  the service awards that should be awarded to Plaintiffs, as provided for in the

14  Agreement.  The Court will also hear and consider any properly lodged objections at

15  that time.

16      8.    This Court approves Gilardi & Co. LLC as the Settlement

17  Administrator.  The Settlement Administrator is directed to implement the notice

18  program set forth in Sections 7.2 and 7.3 of the Agreement.

19      9.    This civil action was commenced after February 18, 2005.  To the extent

20  it has not already done so, the Court directs Chase to notify the appropriate Federal

21  and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,

22  and, at or before the Final Fairness Hearing, file proof that such notice has been

23  given.

24      10.   This Court finds that notice as set forth in Sections 7.2 and 7.3 of the

25  Agreement are the only notice required, and that such notice satisfies the

26  requirements of due process, the Federal Rules of Civil Procedure, the Class Action

27  Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and

28  constitutes the best notice practicable under the circumstances and will constitute due

- 3 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

152

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 47 of 75

Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 79
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 44 of 78    Page ID
#:7276

1    and sufficient notice to all persons entitled thereto.  This Court approves the form

2    and content of the Postcard Notice and Long-form Notice attached as Exhibits C and

3    D to the Agreement.

4    　　　11.    All Settlement Class Members who do not request exclusion ("opt-out")

5    from the Settlement Class certified pursuant to Federal Rule of Civil Procedure

6    23(b)(3), pursuant to the procedure set forth in Paragraph 12 below, will be bound by

7    all determinations and judgments in this Lawsuit concerning the Settlement,

8    including, but not limited to, the validity, binding nature and effectiveness of the

9    releases set forth in Sections 6.1 and 6.2 of the Agreement.

10    　　　12.    Any Settlement Class Member who wishes to opt-out of the Settlement

11    Class will submit to the Settlement Administrator an appropriate written request for

12    exclusion by mail, postmarked no later than one hundred and five (105) days after

13    entry of this Order.  The request for exclusion must be personally signed by the

14    Settlement Class Member, and include:  (i) the Settlement Class Member's name,

15    address, telephone number; (ii) the last four digits of the Settlement Class Member's

16    Chase credit card account number(s); (iii) a sentence certifying that he or she is a

17    Settlement Class Member; and (iv) the following statement: "I request to be excluded

18    from the class settlement in <u>Davis v. Chase Bank USA, N.A.</u>, United States District

19    Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW."  No

20    Settlement Class Member, or any person acting on behalf of or in concert or

21    participation with a Settlement Class Member, may exclude any other Settlement

22    Class Member from the Settlement Class.

23    　　　13.    Any Settlement Class Member, who has not previously opted-out in

24    accordance with the terms of Paragraph 12 above, may appear at the Final Fairness

25    Hearing to argue that the proposed Settlement should not be approved and/or to

26    oppose the application of Class Counsel for an award of attorneys' fees and costs and

27    the service awards to Plaintiffs; provided, however, that no Settlement Class Member

28    will be heard, and no objection may be considered, unless the Settlement Class

- 4 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 48 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 80
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 45 of 78    Page ID
#:7277

1  Member files with this Court a written statement of the objection postmarked no later
2  than one hundred and five (105) days following entry of this Order.  Copies of all
3  objection papers also must be served electronically via the Court's ECF system or
4  mailed, postmarked no later than one hundred and five (105) days following entry of
5  this Preliminary Approval Order, to each of the following: Class Counsel, Drew
6  Pomerance, Esq., Roxborough, Pomerance, Nye & Adreani, LLP, 5820 Canoga
7  Avenue, Woodland Hills CA 91367-6549; and counsel for Chase, Julia B. Strickland,
8  Esq. and Stephen J. Newman, Esq., Strook & Strook & Lavan LLP, 2029 Century
9  Park East, 16th Floor, Los Angeles, California 90067.  All objections must include:
10  (i) the objector's name, address and telephone number; (ii) the last four digits of the
11  objector's Circuit City Rewards Credit Card account number(s); (iii) a sentence
12  certifying he or she is a Settlement Class Member; (iv) the factual basis and legal
13  grounds for the objection to the Settlement; (v) the identity of witnesses whom the
14  objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the
15  objector may seek to offer into evidence at the Final Fairness Hearing; (vii) a
16  sentence certifying that the objector has not been promised anything in return for
17  objecting; and (viii) the personal signature of the objector.

18      14.  Class Counsel will submit their papers in support of final approval of
19  the Settlement and their application for attorneys' fees and reimbursement of
20  expenses by no later than twenty (20) days before the objection deadline set by
21  Paragraph 13 above.

22      15.  Class Counsel will submit their papers in response to any objections by
23  no later than seven (7) days before the Final Fairness Hearing.

24      16.  The costs of notice and settlement administration shall be paid as
25  described in Section 4 of the Agreement.

26      17.  All proceedings in this Lawsuit are stayed pending final approval of the
27  Settlement, except as may be necessary to implement the Settlement or comply with
28  the terms of the Agreement.

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2   Page 49 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 81
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 46 of 78    Page ID
#:7278

1    18.    Pending final determination of whether the Settlement should be

2  approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly

3  acting on behalf of Settlement Class Members, either directly, representatively or in

4  any other capacity, are preliminarily enjoined from commencing or prosecuting

5  against the Released Parties any action or proceeding in any court or tribunal

6  asserting any of the Released Claims, provided, however, that this injunction will not

7  apply to individual claims of any Settlement Class Members who timely exclude

8  themselves in a manner that complies with Paragraph 12 above.  This injunction is

9  necessary to protect and effectuate the Settlement, this Order, and this Court's

10  flexibility and authority to effectuate this Settlement and to enter judgment when

11  appropriate, and is ordered in aid of this Court's jurisdiction and to protect its

12  judgments pursuant to 28 U.S.C. section 1651(a).

13    19.    This Court reserves the right to adjourn or continue the date of the Final

14  Fairness Hearing without further notice to Settlement Class Members, and retains

15  jurisdiction to consider all further applications arising out of or connected with the

16  Settlement.  This Court may approve or modify the Settlement without further notice

17  to Settlement Class Members.

18         IT IS SO ORDERED.

19

20  Dated: _____    _____
                                       DEAN D. PREGERSON
21                                     United States District Court Judge

22

23

24

25

26

27

28

- 6 -
LA 51732215

155

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 50 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 82
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 47 of 78    Page ID
#:7279

# EXHIBIT B

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 51 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 83
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 48 of 78    Page ID
#:7280

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9     **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| GARY DAVIS, an individual, on behalf of himself, as Private Attorney General, and on behalf of all others similarly situated, | Case No. CV 06-04804 DDP (PJWx) |
| | Assigned to the Hon. Dean D. Pregerson |
| Plaintiff, | **[PROPOSED] FINAL APPROVAL ORDER** |
| v. | |
| CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 51732215

157

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 52 of 75

Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 84
of 129

Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 49 of 78    Page ID
#:7281

1    Plaintiffs, on their own behalf and on behalf of all similarly situated
2  consumers, submitted to the District Court a Motion for Final Approval of the Class
3  Action Settlement ("Motion") seeking final approval of the Stipulation and
4  Agreement of Settlement (the "Agreement" or the "Settlement"), and the exhibits
5  attached thereto, entered into by and between Plaintiffs and Chase.  Chase does not
6  oppose Plaintiffs' Motion.

7    By Order dated _____, 2014, the District Court entered an Order that
8  preliminarily approved the Agreement and conditionally certified the Settlement
9  Class for settlement purposes only (the "Preliminary Approval Order").  Due and
10  adequate notice having been given to the Settlement Class in compliance with the
11  procedures set forth in the Agreement and the Preliminary Approval Order, this
12  Court having considered all papers filed and proceedings had herein, and otherwise
13  being fully informed of the premises and good cause appearing therefore, IT IS
14  HEREBY ORDERED, ADJUDGED, AND DECREED:

15    1.    This Final Approval Order incorporates by reference the definitions in
16  the Agreement, and all terms used herein will have the same meanings as set forth in
17  the Agreement.

18    2.    This Court has jurisdiction over the subject matter of the above-
19  captioned action (the "Lawsuit") and, for purposes of this Settlement only, personal
20  jurisdiction over the Parties and all Settlement Class Members.

21    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and
22  consistent with due process, this Court hereby approves the Agreement and finds that
23  the settlement consideration is fair and that said Settlement is, in all respects, fair,
24  reasonable and adequate to the Settlement Class Members, and the Parties are hereby
25  directed to consummate the Settlement in accordance with the terms and provisions
26  of the Agreement.

27    4.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby
28  certifies the Settlement Class solely for purposes of effectuating this Settlement.

- 1 -
[PROPOSED] FINAL APPROVAL ORDER

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 53 of 75

Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 85
of 129

Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 50 of 78    Page ID
#:7282

a.    The Settlement Class is defined as follows:

All Chase Circuit City Rewards Credit Cardmembers with California billing addresses who, between May 26, 2004 and [date] (inclusive), made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance.

b.    Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.    For purposes of this Settlement only, this Court finds and concludes that:    (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iii) the difficulties likely to be encountered in the management of this class action.

6.    This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of due process, the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all

2

LA 51732215

159

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 54 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 86
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 51 of 78    Page ID
#:7283

1 | persons entitled thereto.  Class Counsel has filed with the Court proof that notice was

2 | provided to Settlement Class Members in compliance with the procedures set forth in

3 | the Agreement and the Preliminary Approval Order.  Chase's counsel has filed with

4 | the Court proof of compliance with the Class Action Fairness Act of 2005.

5 | 7.    This Court has considered and hereby overrules all objections to the

6 | Settlement on their merits.

7 | 8.    This Court hereby dismisses with prejudice on the merits and without

8 | costs (except as otherwise provided in the Agreement) the above-captioned action

9 | (subject to retention of jurisdiction to enforce the Settlement).

10 | 9.    By operation of this Final Approval Order and upon the occurrence of

11 | the Effective Date, Plaintiffs and each Settlement Class Member, their respective

12 | heirs, executors, administrators, representatives, agents, attorneys, partners,

13 | successors, predecessors-in-interest, assigns and all persons acting for or on their

14 | behalf, are deemed to have fully, finally and forever released the Released Parties (as

15 | defined below) from all Claims (as defined below).

16 | a.    "Released Parties" means Chase, together with its predecessors,

17 | successors (including, without limitation, acquirers of all or substantially all of its

18 | assets, stock or other ownership interests) and assigns; the past, present, and future,

19 | direct and indirect, parents (including but not limited to holding companies and

20 | JPMorgan Chase & Co.), subsidiaries and affiliates of any of the above; and the past,

21 | present and future principals, trustees, partners, claims administrators (including,

22 | without limitation, the Settlement Administrator), officers, directors, employees,

23 | agents, attorneys, shareholders, advisors, predecessors, successors, assigns,

24 | representatives, heirs, executors, and administrators of any of the above.

25 | b.    "Claim" and "Claims" mean any and all actual or potential

26 | claims, actions, causes of action, suits, counterclaims, cross-claims, third party

27 | claims, contentions, allegations, and assertions of wrongdoing, and any demands for

28 | any and all debts, obligations, liabilities, damages (whether actual, compensatory,

LA 51732215

Case 08-35653-KRH     Doc 13532-2     Filed 12/18/14     Entered 12/18/14 16:55:42     Desc
                     Exhibit(s) Part 2     Page 55 of 75
Case 08-35653-KRH     Claim 224-1 Part 2     Filed 12/12/14     Desc Exhibit(s)     Page 87
                                    of 129
Case 2:06-cv-04804-DDP-PJW     Document 332-1     Filed 04/23/14     Page 52 of 78     Page ID
                                    #:7284

1  treble, punitive, exemplary, statutory or otherwise), attorneys' fees, costs, expenses,

2  restitution, disgorgement, injunctive relief, any other type of equitable, legal or

3  statutory relief, any other benefits, or any penalties of any type whatsoever, whether

4  known or unknown, suspected or unsuspected, contingent or non-contingent, or

5  discovered or undiscovered, whether asserted in federal court, state court, arbitration

6  or otherwise, and whether triable before a judge or jury or otherwise, including,

7  without limitation, those that were alleged, or that could have been alleged based on

8  the same or similar facts and circumstances, in the Lawsuit.

9          c.     Without limiting the foregoing, the claims released pursuant to

10  Paragraph 9b (the "Released Claims") specifically extend to Claims that Settlement

11  Class Members do not know or suspect to exist in their favor as of or prior to the

12  Effective Date.

13          10.    The Parties, and all Settlement Class Members, agree that the releases in

14  Paragraph 9 constitute a waiver of Section 1542 of the California Civil Code and any

15  similar or comparable provisions, rights and benefits conferred by the law of any

16  state or territory of the United States or any jurisdiction, and any principle of

17  common law.  Section 1542 of the California Civil Code provides:

18          A GENERAL RELEASE DOES NOT EXTEND TO
            CLAIMS WHICH THE CREDITOR DOES NOT KNOW
19          OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
            THE TIME OF EXECUTING THE RELEASE, WHICH
20          IF KNOWN BY HIM OR HER MUST HAVE
            MATERIALLY AFFECTED HIS OR HER
21          SETTLEMENT WITH THE DEBTOR.

22  Plaintiffs and each Settlement Class Member understand and acknowledge the

23  significance of these waivers of California Civil Code Section 1542 and/or of any

24  other applicable law relating to limitations on releases.  In connection with such

25  waivers and relinquishment, Plaintiffs and each Settlement Class Member

26  acknowledge that they are aware that they may hereafter discover facts in addition to,

27  or different from, those facts which they now know or believe to be true with respect

28  to the subject matter of the Settlement, but that they release fully, finally and forever

4

LA 51732215

161

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 56 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 88
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 53 of 78    Page ID
#:7285

1    all Claims, and in furtherance of such intention, the releases will remain in effect

2    notwithstanding the discovery or existence of any such additional or different facts.

3    The Parties acknowledge (and all Settlement Class Members by operation of law are

4    deemed to have acknowledged) that the release of unknown Claims as set forth

5    herein was separately bargained for and was a key element of the Settlement.

6        11.    This Final Approval Order, the Preliminary Approval Order, the

7    Agreement, and any act performed or document executed pursuant to or in

8    furtherance thereof:

9            a.    Will not be offered or received against the Released Parties as

10    evidence of, or be construed as or deemed to be evidence of, any admission or

11    concession by the Released Parties as to the truth or relevance of any fact alleged by

12    Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class

13    certification had the Lawsuit been litigated rather than settled, or the validity of any

14    claim that has been or could have been asserted in the Amended Complaint or in any

15    other litigation, or the deficiency of any defense that has been or could have been

16    asserted to the Amended Complaint or in any other litigation, or of any liability,

17    negligence, fault, or wrongdoing of the Released Parties;

18            b.    Will not be offered as or received against any of the Released

19    Parties as evidence of, or construed as or deemed to be evidence of, any admission or

20    concession of any liability, negligence, fault or wrongdoing, or in any way referred

21    to for any other reason as against any of the parties to the Agreement, in any other

22    civil, criminal or administrative action or proceeding, other than such proceedings as

23    may be necessary to effectuate the provisions of the Agreement, except that the

24    Released Parties may refer to it to effectuate the liability protection granted them

25    thereunder;

26            c.    Will not be deemed an admission by Chase that it is subject to the

27    jurisdiction of any court;

28

LA 51732215

162

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 57 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 89
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 54 of 78    Page ID
#:7286

1       d.    Will not be construed against Chase as an admission or

2   concession that the consideration to be given under the Agreement represents the

3   amount which could be or would have been recovered after trial.

4       12.    The Released Parties may file the Agreement and/or this Final Approval

5   Order in any action that may be brought against them in order to support a defense or

6   counterclaim based on principles of res judicata, collateral estoppel, release, good

7   faith settlement, judgment bar, reduction, set-off or any other theory of claim

8   preclusion or issue preclusion or similar defense or counterclaim.

9       13.    Settlement Class Members, and any person or entity allegedly acting on

10   behalf of Settlement Class Members, either directly, representatively or in any other

11   capacity, are enjoined from commencing or prosecuting against the Released Parties

12   any action or proceeding in any court or tribunal asserting any of the Released

13   Claims, provided, however, that this injunction will not apply to non-released claims

14   of Opt-Outs.

15       14.    The Court finds that the Parties and their counsel have complied with

16   each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all

17   proceedings herein.

18       15.    Class Counsel are hereby awarded the sum of $_____ in

19   attorneys' fees and costs, which sum the Court finds to be fair and reasonable, which

20   will be paid to Class Counsel from the Settlement Fund.  The award of attorneys'

21   fees and costs will be allocated among Class Counsel in a fashion which, in the

22   opinion of Class Counsel, fairly compensates Class Counsel for their respective

23   contributions in the prosecution of the Lawsuit.

24       16.    Plaintiff Gary Davis is hereby awarded $_____ from the

25   Settlement Fund.  Plaintiff Gene Castillo is hereby awarded $_____

26   from the Settlement Fund.  These service awards are for their time and efforts spent

27   conferring with and assisting Class Counsel to help further the Lawsuit for the

28   benefit of the Settlement Class.

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 58 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 90
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 55 of 78    Page ID
#:7287

1    17.    In making the award of attorneys' fees and costs to Class Counsel and
2  service award to Plaintiffs, the Court has considered and found that:

3        a.    The Parties entered into arm's-length discussions regarding
4  attorneys' fees for Class Counsel, including extensive discussions through and with
5  the assistance of a third-party mediator, Hon. Edward A. Infante (Ret.);

6        b.    The Settlement created a benefit with a substantial value to the
7  Settlement Class and numerous Settlement Class Members.

8        c.    _____ copies of the Postcard Notice were disseminated to
9  putative Settlement Class Members. _____ objections were filed against the
10  terms of the proposed Settlement;

11        d.    Class Counsel conducted the Lawsuit and achieved the Settlement
12  with skill, perseverance and diligent advocacy;

13        e.    The Lawsuit involves complex factual and legal issues and was
14  actively prosecuted over seven years and, in the absence of a settlement, would
15  involve further lengthy proceedings with uncertain resolution of the complex factual
16  and legal issues;

17        f.    Had Class Counsel not achieved the Settlement there would
18  remain a significant risk that the Settlement Class may have recovered less or
19  nothing from the defendant;

20        g.    Class Counsel have devoted over _____ hours, with a lodestar
21  value of over $_____ to achieve the Settlement; and

22        h.    The amount of attorneys' fees and costs awarded and the amount
23  of the service award to Plaintiffs are fair and reasonable and consistent with awards
24  in similar cases.

25    18.    Without affecting the finality of this Final Approval Order in any way,
26  this Court retains continuing jurisdiction of all matters relating to the modification,
27  interpretation, administration, implementation, effectuation and enforcement of the
28  Settlement.    Class Counsel are to continue in their role to oversee all aspects of the

7

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 59 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 91
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 56 of 78    Page ID
#:7288

1    Settlement. Upon notice to Class Counsel, Chase may seek from this Court, pursuant

2    to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent

3    or forestall the assertion of any of the Released Claims in any other forum, or as may

4    be necessary to protect and effectuate the Settlement and this Final Approval Order.

5        19.    If an appeal, writ proceeding or other challenge is filed as to this Final

6    Approval Order, and if thereafter the Final Approval Order is not ultimately upheld,

7    all orders entered, stipulations made and releases delivered in connection herewith,

8    or in the Agreement or in connection therewith, will be null and void to the extent

9    provided by and in accordance with the Agreement.

10       20.    There is no just reason for delay in the entry of this Final Approval

11    Order and immediate entry by the Clerk of the Court is expressly directed pursuant to

12    Rule 54(b) of the Federal Rules of Civil Procedure.

13

14        IT IS SO ORDERED.

15    Dated: _____    _____

16                                      DEAN D. PREGERSON
                                       United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 60 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 92
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 57 of 78    Page ID
#:7289

# EXHIBIT C

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 61 of 75

Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 93
of 129

Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 58 of 78    Page ID
#:7290

[Front]

<table>
<tr>
<td>

**Circuit City Rewards Credit Cardmembers who made promotional or deferred-interest purchases at Circuit City may be entitled to payment under a class action settlement.**

***THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.***

This is an official court notice from the United States District Court for the Central District of California

</td>
<td>

TO

[name and address here.]

</td>
</tr>
</table>

[Inside]

You may be entitled to a payment as part of a proposed $5.5 million cash settlement of a class action if you were or are a Chase or Bank One Circuit City Rewards Credit Cardmember with a California billing address and you made a promotional or deferred-interest purchase at Circuit City between May 26, 2004 and _____ ___, 2014 and, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, you paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance.

The class action lawsuit alleged that Chase, and before it, Bank One, improperly allocated payments or credits on Circuit City Rewards Credit Cards. No court has decided which side was right and Chase and Bank One deny that they did anything wrong. Both sides agreed to the Settlement to resolve the case and provide relief to Settlement Class.

If you wish to remain a part of the Settlement Class and are entitled to a payment, you do not have to do anything, as a check will automatically be mailed to you after the Settlement becomes Final.

If you want to exclude yourself from the Settlement, you must send a written request specifically stating that you request exclusion to _____ *Litigation* Settlement Administrator, P.O. Box ____, CITY, ST ZIP postmarked no later than ____ ___, 2014. If you do not opt out, you will be bound by this Settlement.

If you remain a Settlement Class Member, you may object to the Settlement by writing to the Court and sending copies to counsel no later than ____ ___, 2014. Full details on how to object or exclude yourself can be found at www._____.com.

The Court will hold a hearing at the United States District Court, Central District of California, Courtroom #3, 312 Spring Street, Los Angeles, California 90012 on _____, 2014 at 10:00 a.m. to

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 62 of 75

Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 94
of 129

Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 59 of 78    Page ID
#:7291

consider whether to approve the settlement and award attorneys' fees, costs and service awards as requested, in an amount not to exceed $1,510,000. You or your lawyer may ask to appear and speak at your own expense, but you do not have to. For further and more detailed information about this settlement and your rights, please review the Long-Form Notice available at www._____.com. Write to _____ *Litigation* Settlement Administrator, P.O. Box ____, CITY, ST ZIP to request the Long-Form Notice. This Notice is only a summary.

*Davis v. Chase Bank USA, N.A.*
*United States District Court for the Central District of California, Case No. 2:06-CV-04804-DDP-PJW*

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 63 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 95
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 60 of 78    Page ID
#:7292

# EXHIBIT D

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 64 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 96
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 61 of 78    Page ID
#:7293

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO CHASE CREDIT CARDHOLDERS

**This Notice summarizes your rights under the proposed settlement of a class action lawsuit as described below. You are eligible for payment if you were a Chase or Bank One Circuit City Rewards Credit Cardholder with a California billing address who between May 26, 2004 and _____ ___, 2014 made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance before the regular purchase balance, paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance.**

# THIS NOTICE COULD AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY

This Notice is provided to you by order of the United States District Court, Central District of California. This summarizes a proposed settlement of a class action lawsuit titled *Davis v. Chase Bank USA, N.A.*, Case No. 2:06-CV-04804-DDP-PJW (the "Lawsuit"). In the Lawsuit, Gary Davis and Gene Castillo ("Plaintiffs") allege that Chase Bank USA, N.A., and before it, Bank One, Delaware, N.A. (together, "Chase") improperly allocated payments or credits on Circuit City Rewards Credit Cards. Plaintiffs make these claims on behalf of all Chase credit card account holders in California who between May 26, 2004 and _____ ___, 2014 made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance, **before the regular purchase balance**, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance. Chase vigorously denies the allegations, and contends that it fully and adequately disclosed the terms of all promotional rate offers and acted in accordance with its contractual authority.

## Who is a Settlement Class Member?

You are a Settlement Class Member if you were or are a Chase or Bank One Circuit City Rewards Credit Cardholder with a California billing address who made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance, **before the regular purchase balance**, paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance between May 26, 2004 and _____ ___, 2014.

## What are the terms of the proposed Settlement?

The complete terms of the proposed settlement are set forth in a formal Stipulation and Agreement of Settlement (the "Agreement" or the "Settlement") which is on file with the Court and is available here [hyperlink]. This Notice is only a summary of the Agreement, and in case of any conflict or inconsistency between this Notice and the Agreement, the terms of the Agreement will control. The Agreement, if approved, would resolve all of the claims alleged in the Lawsuit.

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 65 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 97
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 62 of 78    Page ID
#:7294

The Settlement benefits are summarized below.

## The Settlement Fund.

Chase has agreed to pay $5,500,000 for the benefit of Settlement Class Members. This money will be used: (1) to pay the costs of notice and administering the Settlement; (2) to pay Settlement Class Counsel's attorneys' fees and litigation expenses and to pay service awards to Plaintiffs; (3) to make payments to Settlement Class Members (described below); and (4) to pay any residual balance of the Settlement Fund, if any, to a charitable organization or organizations.

Counsel for Plaintiffs and the Settlement Class will ask the Court to award them up to $1,500,000 in fees and costs and to award the two Plaintiffs service awards of $5,000 each (for a total of $1,510,000 in fees, costs and service awards). The Court will determine the appropriate amount of the awards to be paid from the Settlement Fund. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs or service award amounts. Class Counsel will also file a motion for an award of attorneys' fees no later than twenty (20) days before the deadline to object, as set forth below. A copy of the motion can be obtained from the Settlement Administrator, and will be available on this website when it is filed.

## Payment to Settlement Class Members.

If the Settlement is approved by the Court, Settlement Class Members will automatically receive payment, which will be mailed to them by the Settlement Administrator. There is no requirement to submit a claim form or take any further action on your part, but please update the Settlement Administrator, at _____, if your address changes.

## What Happens Next?

The Court will hold a "Final Fairness Hearing" on _____ 2014, at _____ at the United States District Court, Central District of California, 312 Spring Street, Courtroom #3, Los Angeles, CA 90012, to hear any objections and to consider whether to give final approval to the Settlement. The Court will only hear objections at the hearing from those who timely object to the Settlement (see below). You may participate in the Final Fairness Hearing with or without an attorney, but if you choose to be represented by an attorney you must do so at your own expense. YOU DO NOT HAVE TO APPEAR AT THE HEARING TO RECEIVE THE BENEFITS OF THE SETTLEMENT.

## What Are Your Options?

### Participate in the Settlement.

If you wish to remain a part of the Settlement Class and are entitled to a payment, a check will automatically be mailed to you after the Settlement becomes Final. You must negotiate any payments within one hundred eighty (180) days of the date indicated on the check. Based on the size of the Settlement Class and the estimated expenses and fees

1

Case 08-35653-KRH   Doc 13532-2   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 2   Page 66 of 75
Case 08-35653-KRH   Claim 224-1 Part 2   Filed 12/12/14   Desc Exhibit(s)   Page 98
of 129
Case 2:06-cv-04804-DDP-PJW   Document 332-1   Filed 04/23/14   Page 63 of 78   Page ID
#:7295

paid from the Settlement Fund, each Settlement Class Member likely will receive a check for at least $8.00.

## Opt Out of the Settlement.

You may exclude yourself from the Settlement. If you choose to exclude yourself, or "opt out," you must send a written statement to the Settlement Administrator that includes: (1) your full name; (2) your address; (3) the last four digits of your Chase credit card account number(s); (4) a sentence certifying that you are a Settlement Class Member; and (5) the following statement: "I request to be excluded from the class settlement in *Davis v. Chase Bank, USA, N.A.*, United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW." You must personally sign your written "opt-out" statement and mail it postmarked by _____ to the following address:

[Settlement Administrator]

If you do not opt out, you will be bound by this Settlement.

## Object to the Settlement.

You may remain a Settlement Class Member, but object to the terms of the Settlement. You may object to all or any portion of the Settlement at the Final Fairness Hearing, but you must first explain your objections in writing. All objections must include: (i) your name, address and telephone number; (ii) the last four digits of your Circuit City Rewards Credit Card account number(s); (iii) a sentence certifying you are a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the Settlement; (v) the identity of witnesses whom you may call to testify at the Final Fairness Hearing; (vi) copies of exhibits you may seek to offer into evidence at the Final Fairness Hearing; (vii) a sentence certifying that you have not been promised anything in return for objecting; and (viii) your personal signature. To be considered, objections must be: (1) mailed to the lawyers handling the case for each side postmarked by _____; and (2) filed with the court no later than _____. The three addresses are:

**Counsel for Plaintiff:**
Drew Pomerance, Esq.
Roxborough, Pomerance, Nye &
Adreani, LLP
5820 Canoga Avenue
Woodland Hills CA 91367-6549

**Counsel for Chase:**
Julia B. Strickland, Esq.
Stephen J. Newman, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 67 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 99
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 64 of 78    Page ID
#:7296

**The Court:**
Clerk, United States District Court
Central District of California
312 Spring Street, Courtroom 3
Los Angeles, CA 90012

You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

## What claims will be released by this Settlement?

If the Settlement receives final approval from the Court, the Settlement will be legally binding on all Settlement Class Members, including Settlement Class Members who object. This means that, you will be barred from pursuing the claims released by the Settlement unless you validly "opt out" as described above. The full terms of the release, which will bind all Settlement Class Members as to certain claims against Chase and certain affiliates and related entities, are set forth in the Agreement which is on file with the Court and available here [hyperlink]. The Release provides that as of the Effective Date, Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, will be deemed to have fully, finally and forever released the Released Parties from all Claims, as described in Section 2.10 of the Agreement. Without limiting the foregoing, the Claims released specifically extend to Claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date.

The Release constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member are deemed to understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member are deemed to have acknowledged that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Claims, and in furtherance of such intention, the Release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge (and all Settlement Class Members by operation of law will be deemed to have

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 68 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 100
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 65 of 78    Page ID
#:7297

acknowledged) that the release of unknown Claims as set forth herein was separately bargained for and was a key element of the Settlement.

In summary, you will release all Claims that were alleged (or that could have been alleged based on the same or similar facts and circumstances, whether known or unknown) in the Lawsuit.    YOU WILL NOT BE PERMITTED TO FILE OR CONTINUE ANY LAWSUIT CHALLENGING ALLOCATION OF PAYMENTS ON CIRCUIT CITY REWARDS CREDIT CARD ACCOUNT BALANCES.

## More Information Is Available.

This Notice is only a summary of the Settlement, which is embodied by the terms of the Agreement.    If you have questions regarding the Settlement, contact the Settlement Administrator at:

[address/phone/email]

You may also review the Court's file during regular court hours at:

U.S. District Court, Central District of California
312 Spring Street
Los Angeles, CA 90012

PLEASE DO NOT TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.

U.S. District Court, Central District of California
312 Spring Street
Los Angeles, CA 90012

**PLEASE DO NOT TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.**

Dated: _____, 2014

By Order of the United States District Court, Central District of California.

LA 51732215

4

174

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 69 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 101
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 66 of 78    Page ID
#:7298

# EXHIBIT E

LA 51732215

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 2    Page 70 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 102
of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 67 of 78    Page ID
#:7299

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9               **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  GARY DAVIS, an individual, on behalf )    Case No. CV 06-04804 DDP (PJWx)
    of himself, as Private Attorney General, )
12  and on behalf of all others similarly )    Assigned to the Hon. Dean D. Pregerson
    situated, )
13                                          )    **[PROPOSED] JUDGMENT**
                    Plaintiff, )
14                                          )
         v. )
15                                          )
    CHASE BANK U.S.A., N.A., a )
16  Delaware corporation; and DOES 1 )
    through 50, inclusive, )
17                                          )
                    Defendants. )
18                                          )

19

20

21

22

23

24

25

26

27

28

LA 51732215

176

Case 08-35653-KRH    Doc 13532-2    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
                     Exhibit(s) Part 2    Page 71 of 75
Case 08-35653-KRH    Claim 224-1 Part 2    Filed 12/12/14    Desc Exhibit(s)    Page 103
                     of 129
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 68 of 78    Page ID
                     #:7300

1          Judgment is hereby entered pursuant to the terms of the Final Approval

2    Order.

          IT IS SO ORDERED.

3

4    Dated: _____          _____

5                                          DEAN D. PREGERSON
                                        United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 51732215

- 1 -

# EXHIBIT C

## Preliminary Approval Order

1

2

3

4

5

6

7

8

### UNITED STATES DISTRICT COURT

9

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| GARY DAVIS, an individual, on behalf of himself, as Private Attorney General, and on behalf of all others similarly situated, | Case No. CV 06-04804 DDP (PJWx) |
| | Assigned to the Hon. Dean D. Pregerson |
| Plaintiff, | **PRELIMINARY APPROVAL ORDER** |
| v. | |
| CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 51732215

1    WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to

2    Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement

3    of the above-captioned action (the "Lawsuit") in accordance with the Stipulation and

4    Agreement of Settlement filed with this Court on April 23, 2014 (the "Agreement" or

5    the "Settlement"), and the exhibits attached thereto, entered into by and between

6    Plaintiffs and Chase, setting forth the terms and conditions for a proposed settlement

7    of the Lawsuit and its dismissal with prejudice; and

8    WHEREAS, Chase does not oppose Plaintiffs' Motion; and

9    WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of

10    themselves individually and on behalf of each of the Settlement Class Members,

11    have agreed to release all claims arising under federal, state or common law as

12    specified in Sections 6.1 and 6.2 of the Agreement; and

13    WHEREAS, this Court having read and considered Plaintiffs' Motion, the

14    Agreement and exhibits attached thereto, as well as all arguments and submissions

15    from the Parties and any intervenors at the noticed hearings; and

16    WHEREAS, all defined terms have the same meaning as set forth in the

17    Agreement.

18    NOW, THEREFORE, IT IS HEREBY ORDERED:

19    1.    For purposes of this Lawsuit, this Court has subject matter jurisdiction

20    and, for purposes of the Settlement only, this Court has personal jurisdiction over the

21    Parties, including all Settlement Class Members.

22    2.    For purposes of this Settlement only, this Court preliminarily certifies

23    the following Settlement Class:

24        All Chase Circuit City Rewards Credit Cardmembers with
          California billing addresses who, between May 26, 2004
25        and the entry of this Preliminary Approval Order
          (inclusive), made a promotional or deferred-interest
26        purchase at Circuit City and who, as a result of payments or
          credits being allocated to a regular purchase balance after
27        the promotional or deferred-interest balance, paid more in
          finance charges than they would have paid if the payments
28        or credits had first been applied to the regular purchase
          balance.

- 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

The Settlement Class preliminarily is certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to exclude themselves by way of the opt-out procedure set forth below in Paragraph 12.

3.      This Court preliminarily finds, solely for purposes of the Settlement, that the Lawsuit may be maintained as a class action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Lawsuit is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      This Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

5.      This Court preliminarily finds that Plaintiffs fairly and adequately represent the interests of the Settlement Class and therefore designates Plaintiffs as the representatives of the Settlement Class.

6.      Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and oral and written arguments, this Court designates as Class Counsel the law firms of Westerman Law Corp., Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP. This Court preliminarily finds that based on the work Class Counsel have done in identifying, investigating and prosecuting the claims in the action, Class Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this Lawsuit, Class Counsel's knowledge of the applicable law and the resources Class Counsel have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. Plaintiffs and

LA 51732215