Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 1 of 75
Case 2:06-cv-04804-DDP-PJW   Document 342   Filed 08/29/14   Page 25 of 27   Page ID
#:7378

1  Chase's liability.  *See In re Juniper Networks, Inc. Securities Litigation*, 264

2  F.R.D. 584, 592 (N.D. Cal. 2009); *Mejdreck v. Lockformer Co.*, 2002 WL

3  1838141, 7 (N.D. Ill. 2002).  Most of those injured have not been damaged to a

4  degree where it would be cost-effective for them to seek recovery on their own.

5  Further, without the class settlement device, Defendant could not obtain a class-

6  wide release, and therefore would have little, if any, incentive to enter into the

7  settlement.  Certification of the Settlement Class for settlement purposes will

8  enable Class Counsel to handle the administration of the settlement in an

9  organized and efficient manner.  Resolution of Plaintiff's and the Settlement

10  Class' claims against Defendant through the proposed Settlement Class is superior

11  to any other available method of resolution.  Accordingly, certification of the

12  Settlement Class is appropriate.

13  **VI.**   **CONCLUSION**

14       The Settlement provides real, tangible and immediate relief to consumers

15  without any further costs or delay.  Based on the foregoing, and because the

16  settlement is beneficial to the Settlement Class Members and will efficiently,

17  economically and favorably resolve what has been protracted and expensive

18  litigation, Plaintiff respectfully urges the Court to grant final approval of the

19  Settlement.[2]

20

21  DATED: August 29, 2014         ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

22                           By:   s/ Drew E. Pomerance

23                                 DREW E. POMERANCE
                                   BURTON E. FALK
24                                 Attorneys for Plaintiff
                                   GENE CASTILLO, individually,
25                                 and on behalf of all others similarly situated

26  _____

27       [2]The form of a Final Approval Order shall be submitted to the Court once
28  the deadlines for opt-outs and objections have passed.

17

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 2 of 75
Case 2:06-cv-04804-DDP-PJW    Document 342    Filed 08/29/14    Page 26 of 27    Page ID
#:7379

1

DATED: August 29, 2014          WESTERMAN LAW CORP.

2

3                               By:   s/ Jeff Westerman
                                      JEFF WESTERMAN
4                                     Attorneys for Plaintiff
                                      GENE CASTILLO, individually,
5                                     and on behalf of all others similarly situated

6

DATED: August 29, 2014          MILBERG LLP

7

8                               By:   s/ Nicole Duckett Fricke
                                      NICOLE DUCKETT FRICKE
9                                     Attorneys for Plaintiff
                                      GENE CASTILLO, individually,
10                                    and on behalf of all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. CV 06 4804 DDP (PJWx)

333

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 3 of 75
Case 2:06-cv-04804-DDP-PJW   Document 342   Filed 08/29/14   Page 27 of 27   Page ID
#:7380

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that, on August 29, 2014, a true and correct copy of the

3  foregoing PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL

4  APPROVAL OF SETTLEMENT, and MEMORANDUM OF POINTS AND

5  AUTHORITIES IN SUPPORT THEREOF was filed electronically and served by

6  U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will

7  be sent by e-mail to all parties by operation of the court's electronic filing system

8  or by facsimile to anyone unable to accept electronic filing as indicated on the

9  Notice of Electronic Filing.  Parties may access this filing through the court's

10  CM/ECF System.

11

12

13                           <u>s/ Julie Contreras</u>

14                           Julie Contreras

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 4 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 1 of 15    Page ID #:7414

1  Drew E. Pomerance, Esq. (SBN. 101239), dep@rpnalaw.com
2  Burton E. Falk, Esq. (SBN. 100644), bef@rpnalaw.com
   David R. Ginsburg, Esq. (SBN. 210900), drg@rpnalaw.com
3  ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
4  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
5  Telephone:  (818) 992-9999
6  Facsimile:  (818) 992-9991

7

8  Attorneys for Plaintiff GENE CASTILLO,
   individually, and on behalf of
9  all others similarly situated

10

11              UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  GARY DAVIS, an individual; on        Case No. CV 06 4804 DDP (PJWx)
    behalf of himself, and as PRIVATE
14  ATTORNEY GENERAL, and on             Honorable Dean D. Pregerson
15  behalf of all others similarly situated,
16                                       DECLARATION OF
                Plaintiff,               WYATT LIM-TEPPER REGARDING
17                                       (1) NOTICE TO THE SETTLEMENT
    v.                                   CLASS, AND (2) REPORT ON
18                                       REQUESTS FOR EXCLUSION
19  CHASE BANK U.S.A., N.A., a           RECEIVED
    Delaware corporation; and DOES 1
20  through 50, inclusive,
21                                       Date:        October 27, 2014
                Defendants.              Time:        11:00 a.m.
22                                       Courtroom:   3
23

24

25

26

27

28

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 5 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 2 of 15    Page ID #:7415

# DECLARATION OF WYATT LIM-TEPPER

I, Wyatt Lim-Tepper, do hereby state and declare as follows:

1.  I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the provision of notice to the Settlement Class and regarding the receipt of requests for exclusion. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.  I am employed as a case manager by Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Boulevard, San Rafael, California.

3.  Over the course of the 30 years since its inception, Gilardi has provided settlement administration services in thousands of class action cases, including more than 20 years of experience administering settlements on behalf of the Federal Trade Commission.

4.  Gilardi was retained to, among other tasks, prepare and execute the approved Notice plan in this matter, which includes: (i) establishing the Settlement Website, and (ii) delivering the Notice to Settlement Class Members via U.S. mail.

5.  I oversaw the settlement administration services Gilardi provided in this matter. True and correct copies of the Settlement Notice and Postcard Notice are attached hereto as Exhibits A and B, respectively.

6.  Gilardi received 441,332 records from the Defendant containing the names and addresses of Settlement Class Members. From this data, Gilardi created a master mailing list. Prior to mailing of the Postcard Notices, the names and addresses on the master mailing list were processed through the National Change of Address ("NCOA") database to update any change of address on file with the United States Postal Service ("USPS"). In addition, Gilardi removed 2,363 duplicate records based on name and address so that each potential Class

1

DECLARATION REGARDING NOTICE OT THE SETTLEMENT CLASS AND
REPORT ON REQUESTS FOR EXCLUSION RECEIVED
CASE NO. CV 06 4804 DDP (PJWx)

336

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 6 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 3 of 15    Page ID #:7416

1  member received only one notice, and further removed 44 foreign address records

2  from the master mailing list.

3      7.    On August 4, 2014 Gilardi mailed 438,969 Postcard Notices to all

4  Settlement Class Members on the master mailing list.

5      8.    On August 1, 2014, Gilardi caused a copy of the Notice and Postcard

6  Notice to be posted on the Internet at the following URL:

7  www.circuitcityrewardscardsettlement.com (the "Settlement Website"). The

8  Settlement Website has remained active and accessible since that time and will

9  continue to do so until all Valid Claims are paid in this action. On the Settlement

10  Website, Settlement Class Members may view and print copies of (1) the

11  Settlement Agreement, (2) the Preliminary Approval Order, (3) the Long Form

12  Notice, (4) the Postcard Notice, and view Frequently Asked Questions.

13      9.    Since mailing the Postcard Notice to the Settlement Class Members,

14  Gilardi has received Postcard Notices returned by the USPS with undeliverable

15  addresses for 24,968 Class Members. Gilardi performed a "skip trace" search for

16  these Class Members and found 21,503 new addresses. Gilardi then re-mailed

17  Postcard Notices to the updated addresses. As of August 28, 2014 the total

18  number of Postcard Notices Gilardi re-mailed is 21,503.

19      10.   The post-mark deadline for submitting a Request for Exclusion is

20  September 18, 2014. As of August 28, 2014, Gilardi has received eleven timely

21  Requests for Exclusion. A list of Class Members requesting Exclusion is attached

22  hereto as Exhibit C.

23      11.   The post-mark deadline for submitting Objections is September 18,

24  2014. As of August 28, 2014 Gilardi has received zero objections to the

25  Settlement.

26

27

28

DECLARATION REGARDING NOTICE OT THE SETTLEMENT CLASS AND
REPORT ON REQUESTS FOR EXCLUSION RECEIVED
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 7 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 4 of 15    Page ID #:7417

1
2
3
4    I declare under penalty of perjury, under the laws of the United States of
5    America, that the foregoing is true and correct and that this declaration is executed
6    this 29th day of August, 2014, at San Rafael, California.
7
8
9
10                                    WYATT LIM-TEPPER
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 8 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 5 of 15    Page ID #:7418

# EXHIBIT A

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 9 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 6 of 15    Page ID #:7419

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO CHASE CREDIT CARDHOLDERS

**This Notice summarizes your rights under the proposed settlement of a class action lawsuit as described below. You are eligible for payment if you were a Chase or Bank One Circuit City Rewards Credit Cardholder with a California billing address who between May 26, 2004 and June 5, 2014 made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance before the regular purchase balance, paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance.**

### THIS NOTICE COULD AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY

This Notice is provided to you by order of the United States District Court, Central District of California. This summarizes a proposed settlement of a class action lawsuit titled *Davis v. Chase Bank, USA, N.A.*, Case No. 2:06-CV-04804-DDP-PJW (the "Lawsuit"). In the Lawsuit, Gary Davis and Gene Castillo ("Plaintiffs") allege that Chase Bank, USA, N.A., and before it, Bank One, Delaware, N.A. (together, "Chase"), improperly allocated payments or credits on Circuit City Rewards Credit Cards. Plaintiffs make these claims on behalf of all Chase credit card account holders in California who between May 26, 2004 and June 5, 2014 made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance, **before the regular purchase balance**, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance. Chase vigorously denies the allegations, and contends that it fully and adequately disclosed the terms of all promotional rate offers and acted in accordance with its contractual authority.

### Who is a Settlement Class Member?

You are a Settlement Class Member if you were or are a Chase or Bank One Circuit City Rewards Credit Cardholder with a California billing address who made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated first to the promotional or deferred-interest balance, **before the regular purchase balance**, paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance between May 26, 2004 and June 5, 2014.

### What are the terms of the proposed Settlement?

The complete terms of the proposed settlement are set forth in a formal Stipulation and Agreement of Settlement (the "Agreement" or the "Settlement"). The Agreement is on file with the Court and is available here www.CircuitCityRewardsCardSettlement.com. This Notice is only a summary of the Agreement, and in case of any conflict or inconsistency between this Notice and the Agreement, the terms of the Agreement will control. The Agreement, if approved, would resolve all of the claims alleged in the Lawsuit.

The Settlement benefits are summarized below.

### The Settlement Fund

Chase has agreed to pay $5,500,000 for the benefit of Settlement Class Members. This money will be used: (1) to pay the costs of notice and administering the Settlement; (2) to pay Settlement Class Counsel's attorneys' fees and litigation expenses and to pay service awards to Plaintiffs; (3) to make payments to Settlement Class Members (described below); and (4) to pay any residual balance of the Settlement Fund, if any, to a charitable organization or organizations.

1

340

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 10 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 7 of 15    Page ID #:7420

Counsel for Plaintiffs and the Settlement Class will ask the Court to award them up to $1,500,000 in fees and costs and to award the two Plaintiffs service awards of $5,000 each (for a total of $1,510,000 in fees, costs and service awards). The Court will determine the appropriate amount of the awards to be paid from the Settlement Fund. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs or service award amounts. Class Counsel will also file a motion for an award of attorneys' fees no later than twenty (20) days before the deadline to object, as set forth below. A copy of the motion can be obtained from the Settlement Administrator, and will be available on this website when it is filed.

## Payment to Settlement Class Members

If the Settlement is approved by the Court, Settlement Class Members will automatically receive payment, which will be mailed to them by the Settlement Administrator. There is no requirement to submit a claim form or take any further action on your part, but please update the Settlement Administrator, at *Davis v. Chase Bank, USA, N.A.*, c/o Gilardi & Co. LLC, P.O. Box 8090, San Rafael, CA 94912-8090, if your address changes.

## What Happens Next?

The Court will hold a "Final Fairness Hearing" on October 27, 2014, at 11:00 a.m. at the United States District Court, Central District of California, 312 Spring Street, Courtroom #3, Los Angeles, CA 90012, to hear any objections and to consider whether to give final approval to the Settlement (see below). The Court will only hear objections at the hearing from those who timely object to the Settlement (see below). You may participate in the Final Fairness Hearing with or without an attorney, but if you choose to be represented by an attorney you must do so at your own expense. YOU DO NOT HAVE TO APPEAR AT THE HEARING TO RECEIVE THE BENEFITS OF THE SETTLEMENT.

## What Are Your Options?

### Participate in the Settlement

If you wish to remain a part of the Settlement Class and are entitled to a payment, a check will automatically be mailed to you after the Settlement becomes Final. You must negotiate any payments within one hundred eighty (180) days of the date indicated on the check. Based on the size of the Settlement Class and the estimated expenses and fees paid from the Settlement Fund, each Settlement Class Member likely will receive a check for at least $8.

### Opt Out of the Settlement

You may exclude yourself from the Settlement. If you choose to exclude yourself, or "opt out," you must send a written statement to the Settlement Administrator that includes: (1) your full name; (2) your address and phone number; (3) the last four digits of your Chase credit card account number(s); (4) a sentence certifying that you are a Settlement Class Member; and (5) the following statement: "I request to be excluded from the class settlement in *Davis v. Chase Bank, USA, N.A.*, United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW." You must personally sign your written "opt out" statement and mail it postmarked by September 18, 2014 to the following address:

*Davis v. Chase Bank, USA, N.A.*
c/o Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090

If you do not opt out, you will be bound by this Settlement.

341

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 11 of 75
Case 2:06-cv-04804-DDP-PJW   Document 344   Filed 08/29/14   Page 8 of 15   Page ID #:7421

**Object to the Settlement**

You may remain a Settlement Class Member, but object to the terms of the Settlement. You may object to all or any portion of the Settlement at the Final Fairness Hearing, but you must first explain your objections in writing. All objections must include: (i) your name, address and telephone number; (ii) the last four digits of your Circuit City Rewards Credit Card account number(s); (iii) a sentence certifying you are a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the Settlement; (v) the identity of witnesses whom you may call to testify at the Final Fairness Hearing; (vi) copies of exhibits you may seek to offer into evidence at the Final Fairness Hearing; (vii) a sentence certifying that you have not been promised anything in return for objecting; and (viii) your personal signature. To be considered, objections must be: (1) mailed to the lawyers handling the case for each side postmarked by September 18, 2014; and (2) filed with the court no later than September 18, 2014. The three addresses are:

| **Counsel for Plaintiff:** | **Counsel for Chase:** | **The Court:** |
|---|---|---|
| Drew Pomerance, Esq. | Julia B. Strickland, Esq. | Clerk, United States District Court |
| Roxborough, Pomerance, Nye & Adreani, LLP | Stephen J. Newman, Esq. | |
| | Stroock & Stroock & Lavan LLP | Central District of California |
| 5820 Canoga Avenue | 2029 Century Park East, Suite 1600 | 312 Spring Street, Courtroom 3 |
| Woodland Hills, CA 91367-6549 | Los Angeles, CA 90067 | Los Angeles, CA 90012 |

You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

### What claims will be released by this Settlement?

If the Settlement receives final approval from the Court, the Settlement will be legally binding on all Settlement Class Members, including Settlement Class Members who object. This means that, you will be barred from pursuing the claims released by the Settlement unless you validly "opt out" as described above. The full terms of the release, which will bind all Settlement Class Members as to certain claims against Chase and certain affiliates and related entities, are set forth in the Agreement which is on file with the Court and available here www.CircuitCityRewardsCardSettlement.com. The Release provides that as of the Effective Date, Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, will be deemed to have fully, finally and forever released the Released Parties from all Claims, as described in Section 2.10 of the Agreement. Without limiting the foregoing, the Claims released specifically extend to Claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date.

The Release constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member are deemed to understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and

342

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 12 of 75
Case 2:06-cv-04804-DDP-PJW   Document 344   Filed 08/29/14   Page 9 of 15   Page ID #:7422

each Settlement Class Member are deemed to have acknowledged that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Claims, and in furtherance of such intention, the Release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge (and all Settlement Class Members by operation of law will be deemed to have acknowledged) that the release of unknown Claims as set forth herein was separately bargained for and was a key element of the Settlement.

In summary, you will release all Claims that were alleged (or that could have been alleged based on the same or similar facts and circumstances, whether known or unknown) in the Lawsuit. YOU WILL NOT BE PERMITTED TO FILE OR CONTINUE ANY LAWSUIT CHALLENGING ALLOCATION OF PAYMENTS ON CIRCUIT CITY REWARDS CREDIT CARD ACCOUNT BALANCES.

## More Information Is Available.

This Notice is only a summary of the Settlement, which is embodied by the terms of the Agreement. If you have questions regarding the Settlement, contact the Settlement Administrator at:

*Davis v. Chase Bank, USA, N.A.*
c/o Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090

You may also review the Court's file during regular court hours at:

U.S. District Court, Central District of California
312 Spring Street
Los Angeles, CA 90012

**PLEASE DO NOT TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.**

Dated: June 5, 2014

By Order of the United States District Court
Central District of California.

343

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 13 of 75
Case 2:06-cv-04804-DDP-PJW    Document 344    Filed 08/29/14    Page 10 of 15    Page ID
#:7423

# EXHIBIT B

Case 2:06-cv-04333-DDP-JWA Document 344    Filed 08/29/14    Page 11 of 15

#:7424

c/o Gilardi & Co. LLC
P.O. Box 808061
Petaluma, CA 94975-8061

**CIRCUIT CITY REWARDS CREDIT
CARDMEMBERS WHO MADE
PROMOTIONAL OR DEFERRED-
INTEREST PURCHASES AT
CIRCUIT CITY MAY BE ENTITLED
TO PAYMENT UNDER A CLASS
ACTION SETTLEMENT.**

*THIS NOTICE MAY AFFECT YOUR
LEGAL RIGHTS. PLEASE READ
IT CAREFULLY.*

This is an official court notice from
the United States District Court for
the Central District of California.

2D

Postal Service: Please Do Not Mark Barcode

DAVS1-<<Claim8>>-<<CkDig>>

<<FName>> <<LName>>
<<Name1>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>> <<Zip>>

**DAVS1**

345

or Bank One Circuit City Rewards Credit Cardmember with a California billing address and you made a promotional or deferred-interest purchase at Circuit City between May 26, 2004 and June 5, 2014 and, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, you paid more in finance charges than you would have paid if the payments or credits had first been applied to the regular purchase balance.

The class action lawsuit alleged that Chase, and before it, Bank One, improperly allocated payments or credits on Circuit City Rewards Credit Cards. No court has decided which side was right and Chase and Bank One deny that they did anything wrong. Both sides agreed to the Settlement to resolve the case and provide relief to the Settlement Class.

If you wish to remain a part of the Settlement Class and are entitled to a payment, you do not have to do anything, as a check will automatically be mailed to you after the Settlement becomes Final.

If you want to exclude yourself from the Settlement, you must send a written request specifically stating that you request exclusion to Davis v. Chase Bank, USA, N.A., c/o Gilardi & Co. LLC, P.O. Box 8090, San Rafael, CA 94912-8090 postmarked no later than September 18, 2014. If you do not opt out, you will be bound by this Settlement.

If you remain a Settlement Class Member, you may object to the Settlement by writing to the Court and sending copies to counsel no later than September 18, 2014. Full details on how to object or exclude yourself can be found at www.CircuitCityRewardsCardSettlement.com.

The Court will hold a hearing at the United States District Court, Central District of California, Courtroom #3, 312 Spring Street, Los Angeles, California 90012 on October 27, 2014 at 11:00 a.m. to consider whether to approve the settlement and award attorneys' fees, costs and service awards as requested, in an amount not to exceed $1,510,000. You or your lawyer may ask to appear and speak at your own expense, but you do not have to. For further and more detailed information about this settlement and your rights, please review the Long-Form Notice available at www.CircuitCityRewardsCardSettlement.com, or you can write to Davis v. Chase Bank, USA, N.A. c/o Gilardi & Co. LLC, P.O. Box 8090, San Rafael, CA 94912-8090 to request the Long-Form Notice. This Notice is only a summary.

*Davis v. Chase Bank, USA, N.A.*

*United States District Court for the Central District of California, Case No. 2:06-CV-04804-DDP-PJW*

346

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 16 of 75
Case 2:06-cv-04804-DDP-PJW   Document 344   Filed 08/29/14   Page 13 of 15   Page ID
#:7426

# EXHIBIT C

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 17 of 75
Case 2:06-cv-04804-DDP-PJW   Document 344   Filed 08/29/14   Page 14 of 15   Page ID
#:7427

**Davis v. Chase Bank USA, N.A.**
Timely Requests for Exclusion

| FirstName | LastName |
|---|---|
| JUANITO D | DOCE |
| AMY L | NORRIS |
| VERONICA E | SIY |
| GORDON | TAM |
| THOMAS | CONDOS JR |
| THIRIN | HAS |
| LIDA | SALAS |
| EDWARD | SANCHES |
| SCOTT A | BIDNICK |
| CHARLES J | YI |
| ELAINE | HANLEY |

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 18 of 75
Case 2:06-cv-04804-DDP-PJW   Document 344   Filed 08/29/14   Page 15 of 15   Page ID
#:7428

## CERTIFICATE OF SERVICE

I hereby certify that, on August 29, 2014, a true and correct copy of the foregoing DECLARATION OF WYATT LIM-TEPPER REGARDING (1) NOTICE TO THE SETTLEMENT CLASS, AND (2) REPORT ON REQUESTS FOR EXCLUSION RECEIVED was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_s/ Julie Contreras_
Julie Contreras

DECLARATION REGARDING NOTICE OT THE SETTLEMENT CLASS AND
REPORT ON REQUESTS FOR EXCLUSION RECEIVED
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 19 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 1 of 73    Page ID #:7429

1  Drew E. Pomerance, Esq. (SBN. 101239), dep@rpnalaw.com
2  Burton E. Falk, Esq. (SBN. 100644), bef@rpnalaw.com
   David R. Ginsburg, Esq. (SBN. 210900), drg@rpnalaw.com
3  **ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
4  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
5  Telephone:  (818) 992-9999
6  Facsimile:  (818) 992-9991

7  [Additional Counsel Continued On Next Page]

8
   Attorneys for Plaintiff GENE CASTILLO,
9  individually, and on behalf of
10 all others similarly situated

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| GARY DAVIS, an individual; on behalf of himself, and as PRIVATE ATTORNEY GENERAL, and on behalf of all others similarly situated, | Case No. CV 06 4804 DDP (PJWx) |
| | Honorable Dean D. Pregerson |
| Plaintiff, | **DECLARATION OF DREW E. POMERANCE IN SUPPORT OF MOTIONS (1) FOR FINAL APPROVAL OF SETTLEMENT, AND (2) FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS** |
| v. | |
| CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | **[Motions for Final Approval and for Attorneys' Fees and Expenses and Service Awards, and Declarations of Nicole Fricke, Jeff Westerman, and Wyatt Lim-Tepper Filed Concurrently]** |
| | **Date:** **October 27, 2014** |
| | **Time:** **11:00 a.m.** |
| | **Courtroom:** **3** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 20 of 75    Page 2 of 73    Page ID #:7430
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 2 of 73    Page ID #:7430

## DECLARATION OF DREW E. POMERANCE

I, Drew E. Pomerance do hereby state and declare as follows:

1.    I am an attorney at law, duly licensed to practice before the United States District Court for the Central District of California, and am a Senior Partner at Roxborough, Pomerance, Nye & Adreani, LLP (RPNA), co-counsel for Plaintiff. I have personal knowledge of all facts stated in this declaration, and if called as a witness, I could and would competently testify to all matters set forth herein.

2.    The parties initially participated in private mediation on June 18, 2009.

3.    A second mediation with a different neutral, the Honorable Edward Infante, Ret., took place on November 16, 2011. The parties remained unable to resolve the litigation.

4.    Following the Court's denial of the Motion for Class Certification, the parties participated in a third mediation on October 22, 2013. This mediation was again held with Judge Infante.

5.    Along with Jeff Westerman of Westerman Law Corp., I attended on behalf of the class, while Chase was represented by its attorneys, Julia Strickland and Stephen Newman of Stroock & Stroock & Lavan, LLP. Also attending the mediation on behalf of Chase were several of its authorized representatives.

6.    The mediation session lasted all day, and resulted in a tentative agreement which was subject to confirmatory discovery whereby Chase would have to verify under oath the size of the Settlement Class, the amount of finance charges that Plaintiff contends were improperly charged and collected by Chase, and the period of time in which the promotional purchases were made.

7.    Chase produced a detailed declaration under penalty of perjury from Suzanne Morgan, a Risk Director in Chase's Risk Department who has worked for Chase or its predecessor Bank One since 1997. Ms. Morgan is familiar with

1

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

351

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 21 of 75
Case 2:06-cv-04804-DDP-PJW   Document 345   Filed 08/29/14   Page 3 of 73   Page ID #:7431

1  and oversaw the compilation of data that produced information necessary for my

2  co-counsel and me to evaluate the reasonableness of the settlement.

3      8.    After carefully evaluating Ms. Morgan's declaration, my co-counsel

4  and I determined that the existing deal adequately compensates the Settlement

5  Class.

6      9.    The Stipulation and Agreement of Settlement (Settlement) calls for

7  Chase to establish a settlement fund totaling $5.5 million.

8      10.   My co-counsel and I are now confident that we have properly

9  evaluated the risks of further prosecuting this class action as compared to the

10  benefits of the Settlement preliminarily approved by the Court, and as well have

11  appropriately evaluated the reasonableness of the benefits that will be going to the

12  Settlement Class.

13     11.   Given the substantial delays resulting from further prosecution of this

14  lawsuit, Chase's likely renewal of its motion to dismiss if the Settlement is not

15  approved, the Court's denial of the Motion for Class Certification, and the serious

16  and fundamental question of whether the Settlement Class would ever prevail on

17  the merits, my co-counsel and I are confident that the Settlement is more than fair

18  and reasonable, and that final approval should be granted by the Court.

19     12.   On June 5, 2014, the Court granted preliminary approval of the

20  Settlement filed on April 23, 2014.  The Settlement, and Exhibits A-E, which are a

21  part of, and referenced in, the Settlement, are attached collectively as Exhibit 2.

22     13.   Based on confirmatory discovery provided prior to preliminary

23  approval, there were approximately 439,000 Settlement Class Members who were

24  eligible to receive direct payments.

25     14.   The discovery had also disclosed that this group incurred an average

26  finance charge of approximately $40.33.

27     15.   The direct payments were therefore calculated to be approximately

28  $10 each.

2

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

352

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 22 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 4 of 73    Page ID #:7432

1     16.    Thus, this group is set to receive back approximately 25% of the

2 average finance charge.

3     17.    The attorneys' fees were negotiated separately from and after the

4 parties reached their agreement on the benefits going to the Class.

5     18.    As a result of extensive negotiations and discovery, my co-counsel

6 and I have been able to fairly and properly evaluate the risks of litigation and the

7 propriety of this Settlement.

8     19.    In addition to formal discovery over the course of several years, my

9 co-counsel and I also conducted a thorough investigation and analysis of data that

10 was voluntarily supplied under oath by Chase's authorized representative.

11     20.    The information my co-counsel and I received from Chase through

12 both formal and informal discovery was detailed, thorough, and directly

13 responsive to our inquiries.

14     21.    After analyzing the discovery, my co-counsel and I persisted in

15 asking follow up questions which Chase answered.  In addition to carefully

16 studying the information obtained through formal and informal confirmatory

17 discovery, my co-counsel and I have also carefully evaluated the legal issues,

18 including the Court's denial of the Motion for Class Certification, the potential

19 that the Court may grant Chase's motion to dismiss, and the likelihood of

20 prevailing on the merits.

21     22.    My co-counsel and I believe that we have sufficiently analyzed both

22 the liability and damages information necessary to properly evaluate the propriety

23 of the Settlement.  Based on this analysis, my co-counsel and I have determined

24 that a settlement of $5.5 million is fair, reasonable, and adequate, and in the best

25 interest of the Settlement Class.

26     23.    In addition to supporting the Motion for Final Approval Of Settlement,

27 I am submitting this declaration in support of the Motion for Attorneys' Fees and

28 Expenses and Service Awards, and in support of my firm's application for an

3

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

353

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 23 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 5 of 73    Page ID #:7433

1  award of attorneys' fees and expenses in connection with the services rendered in

2  this case.

3      24.    When my firm undertook this matter over eight years ago on a

4  wholly contingent basis, it was with the knowledge that we could likely commit

5  thousands of hours of hard work against some of the best defense lawyers in the

6  country with no assurance of ever obtaining any compensation for those efforts.

7      25.    The litigation has been pursued by my co-counsel and I on a wholly

8  contingent basis.

9      26.    From the outset, my co-counsel and I understood that we were

10  involved in complex, expensive and lengthy litigation (with no guarantee of

11  compensation for the significant investment of time, money and effort the case

12  would require).

13      27.    My co-counsel and I have not received any payment for our efforts in

14  prosecuting this action on behalf of the Settlement Class.  The outlay of cash and

15  personnel resources by my co-counsel and I has been completely at risk and

16  wholly dependent upon obtaining a substantial recovery for the Settlement Class.

17      28.    I have been involved in all facets of this case and have been the

18  primary attorney in charge of this case since its inception.

19      29.    I was responsible for drafting the Complaint and successfully

20  opposing Chase's motion to compel arbitration.  Since that time, I have continued

21  to be involved in all aspects of litigation, investigation, and settlement.  I also

22  consulted with and ultimately hired co-counsel, Milberg.  Jeff Westerman

23  subsequently left Milberg to form his own practice, Westerman Law Corp., which

24  also serves as co-counsel in this case.

25      30.    My firm keeps daily and contemporaneous time records which

26  accurately set forth the time incurred in this case.  Those records are kept in the

27  ordinary course and provide a detailed description of each activity in the case, the

28  date the activity occurred, the attorney involved, and his or her hourly rate.  From

<div align="center">4</div>

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

354

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 24 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 6 of 73    Page ID #:7434

1   these records, I have determined the amount of time that has been spent on this

2   matter and by whom. I can therefore determine my firm's lodestar fees.

3       31.    The hourly rates for the lawyers involved in this case are the same as

4   regular rates charged for our services, and my rate of $650 an hour has been

5   previously approved by other California courts, and in this district, including in

6   consumer class action litigation.

7       32.    The total number of hours expended on this litigation by my firm is

8   3,152.80. The total lodestar for my firm is $1,440,200.70. This includes paralegal

9   fees totaling $6,336.00.

10      33.    The schedule attached as Exhibit 1 is a detailed summary indicating

11  the amount of time spent by the attorneys and professional support staff of my

12  firm who were involved in this litigation, and the lodestar calculation based on my

13  firm's current billing rates. The schedule was prepared from time records

14  regularly prepared and maintained by my firm, which are available at the request

15  of the Court. Time expended in preparing this application for fees and

16  reimbursement of expenses has not been included in this request.

17      34.    In addition to time included in Exhibit 1, I expect my firm to spend an

18  additional 25-35 hours preparing for and attending the final approval hearing,

19  addressing opt-outs and responding to any objections, and consulting with the

20  claims administrator regarding administration of the settlement.

21      35.    My firm's lodestar figures are based on my firm's billing rates, which

22  rates do not include charges for expense items. Expense items are billed

23  separately and such charges are not duplicated in my firm's billing rates.

24      36.    My firm has also incurred a total of $26,273.42 in unreimbursed

25  expenses in connection with the prosecution of this litigation.

26      37.    The expenses incurred in this action are reflected on the books and

27  records of my firm. These books and records are prepared from expense vouchers,

28  check records and other source materials and represent an accurate recordation of

5

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

355

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 25 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 7 of 73    Page ID #:7435

1 the expenses incurred.  The expenses include out of town travel, depositions,
2 transcript fees, messenger fees, photocopying, postage, mileage, parking, plus fees
3 for mediation.  A more detailed breakdown of these expenses is available at the
4 request of the Court.
5    38.  Although neither Defendant nor any other party has disputed my
6 qualifications or claimed that my firm is not adequate Class Counsel, I will
7 nonetheless highlight some of my experience in this area.  I have been lead
8 counsel and trial attorney in the following California class action lawsuits, all of
9 which except for the last one on this list have been resolved as of the date of this
10 declaration:

11 • *R&M Food Services, Inc., et al. v. Fremont Compensation Insurance*
12 *Company, et al.*, Los Angeles County Superior Court Case No. BC
13 155301;
14 • *Coles Carpet, et al. v. Superior National Insurance Group, et al.*, Los
15 Angeles County Superior Court Case No. BC 159813;
16 • *Notrica's 32nd Street Market v. California Compensation Insurance*
17 *Company*, Los Angeles County Superior Court Case No. BC 157151;
18 • *Arrow Air Conditioning Co. v. Golden Eagle Insurance Company*,
19 Riverside County Superior Court Case No. 284825;
20 • *Faris Brothers of California v. Liberty Mutual Insurance Company*,
21 Los Angeles County Superior Court Case No. BC 217855;
22 • *Hersch & Ziff Inc. v. Nationwide Mutual Insurance Company*, Los
23 Angeles County Superior Court Case No. BC 157667;
24 • *California Sample Services, Inc. v. Pacific Rim Assurance Company*,
25 Los Angeles County Superior Court Case No. BC 153695;
26 • *Drasin Knitting Mills, et al v. Zenith Insurance Company*, Los
27 Angeles County Superior Court Case No. BC 163825;
28 • *Apple One Services, Ltd. v. American Home Assurance Company*, et

6

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

356

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 26 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 8 of 73    Page ID #:7436

1      al., Los Angeles County Superior Court Case No. BC 155301;

2   •   *9008 Group, Inc., et al. v. TIG Insurance Company, et al.*, Los

3      Angeles County Superior Court Case No. BC 157795;

4   •   *L.A. Airline, Inc. v. Republic Indemnity Company of California, et.*

5      *al.*, Los Angeles Superior Court Case No. BC 156891;

6   •   *Shaefer Ambulance Service v. State Compensation Insurance Fund*,

7      Orange County Superior Court Case No. 725063;

8   •   *Graciala Virgin, et. at. v. Allstate Insurance Co.*, Los Angeles

9      Superior Court Case No. BC 212492;

10  •   *A&J Liquor, et. al. v. State Compensation Insurance Fund*, San

11     Francisco Superior Court Case No. 975982;

12  •   *David Braverman v. Citicorp Development Center, Inc. et al.*, Los

13     Angeles Superior Court Case No. BC 277920;

14  •   *Sisson v. CableCom*, Los Angeles Superior Court No. BC 314007;

15  •   *MacKay v. 21st Century Ins.*, Los Angeles Superior Court No.

16     BC297438

17  •   *Milgram v. Chase Bank*, United States District Court, Case No.

18     CV 10-00336 GW (PJWx); and

19  •   *Augustus v. ACSS*, Los Angeles Superior Court No. BC 347914

20

21      39.    In the *A&J Liquor* case, *supra*, I served as co-lead trial counsel,

22  along with Don Carlson of Carlson, Calladine & Peterson, in taking that matter to

23  verdict in a seven month trial in San Francisco Superior Court. This was one of

24  the few California class action cases to be tried to a verdict.

25      40.    In addition, I have been lead trial counsel on any number of

26  representative actions under California Business & Professions Code, §17200 et.

27  seq., and I have been appellate counsel on approximately 12 published decisions

28  in the California Courts of Appeal. I have also successfully appeared and argued

7

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

357

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 27 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 9 of 73    Page ID #:7437

1  before the California Supreme Court, in a class action lawsuit involving over a

2  hundred thousand California businesses who sued their workers compensation

3  insurance carrier for bad faith practices resulting in unjustifiable premium

4  increases. *See State Compensation Insurance Fund v. Superior Court* (2001) 24

5  Cal.4th 930. In addition, in the following class action cases on behalf of

6  consumers in insurance matters involving Proposition 103, I was lead counsel

7  both at trial and on appeal: *Donabedian v. Mercury* (2004) 116 Cal. App.4th 968;

8  *Farmers Insurance Exchange v. Superior Court (Ryan)* (2006) 137 Cal.App.4th

9  842; and most recently in *MacKay v. 21st Century* (2010) 188 Cal.App.4th 1427.

10      41.   I am a 1981 Graduate of Hastings College of the Law, and have

11  practiced complex business litigation for over 30 years. I am a member of the

12  American Board of Trial Advocates (ABOTA), and was recently voted as one of

13  the Top 25 Lawyers in the San Fernando Valley by the San Fernando Valley Bar

14  Journal. I am AV rated by Martindale-Hubbell.

15      42.   As of August 25, 2014, no objections have been received to the

16  Settlement.

17      43.   The request for a service award of $5,000 each to Plaintiff Gene

18  Castillo and Gary Davis is based on their time spent on a variety of matters,

19  including reviewing pleadings, correspondence and other documents, meeting with

20  and discussing the case with my co-counsel and I, responding to discovery, and

21  being deposed. Many hours were spent by Messrs. Castillo and Davis for the

22  benefit of the Settlement Class. They aided not only my co-counsel and I, but the

23  entire Settlement Class.

24  ///

25  ///

26  ///

27  ///

28  ///

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

358

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 28 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 10 of 73    Page ID
#:7438

1

2

3

4       I declare under penalty of perjury, under the laws of the United States of

5  America, that the foregoing is true and correct and that this declaration is executed

6  this 28th day of August, 2014, at Woodland Hills, California.

7

8

9                 DREW E. POMERANCE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

359

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 29 of 75
Case 2:06-cv-04804-DDP-PJW   Document 345   Filed 08/29/14   Page 11 of 73   Page ID
#:7439

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

Gary Davis v. Chase Bank USA, N.A.
Case No. CV 06-4804 DDP (PJWx)

ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

Time Report – Inception through August 15, 2014

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| Drew E. Pomerance | 914.90 | $650 | $594,685.00 |
| **ASSOCIATES:** | | | |
| Burton E. Falk | 1,642.55 | $395 | $648,807.25 |
| Marina Vitek | 128.90 | $395 | $50,915.50 |
| David R. Ginsburg | 87.10 | $395 | $34,404.50 |
| Other Associates with experience between 3 and 10 years | 300.15 | $350 average rate | $105,052.50 |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Paralegals | 79.20 | $80 | $6,336.00 |
| **TOTAL LODESTAR** | 3,152.80 | | $1,440,200.70 |

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

360

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 30 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 12 of 73    Page ID
#:7440

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

DECLARATION OF DREW E. POMERANCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06 4804 DDP (PJWx)

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 31 of 75
Case 2:06-cv-04304-DDP-PJW   Document 3251   Filed 04/28/14   Page 180 of 78   Page ID
#:7442

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is entered into by and between GARY J.
DAVIS and GENE CASTILLO, individually and as putative representatives of the Settlement Class
(defined in Section 3.2 below), on the one hand, and Chase Bank USA, N.A., on the other hand,
subject to preliminary and final approval by the District Court, by and through their respective
counsel.[1]

### I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and
circumstances.

#### 1.1.    The Pending Action.

In the Lawsuit, Plaintiffs allege that Chase improperly allocated payments or credits to
regular purchase balances on Circuit City Rewards Credit Cards after promotional or deferred
interest balances and that, as a result, cardholders paid excessive finance charges.  The claims
presented include:  (1) breach of contract; (2) breach of the implied covenant of good faith and fair
dealing; (3) violation of California Civil Code Section 1750 et seq.; and (4) violation of California
Business and Professions Code Section 17200 et seq.  Plaintiffs seek compensatory and punitive
damages, injunctive relief, restitution and/or disgorgement, pre-judgment and post-judgment
interest, and attorneys' fees and costs on behalf of themselves and a putative class.

#### 1.2.    Chase's Denial Of Liability.

Chase vigorously denies all claims asserted in the Lawsuit, denies all allegations of
wrongdoing and liability and contends that its pending motion to dismiss is well-taken and, if
decided, would result in dismissal of the Lawsuit.  Chase further maintains that Plaintiffs' motion to
intervene or add a new named plaintiff is without merit and would be denied.  Chase nevertheless

---

[1] Section II below contains the definitions of capitalized terms utilized herein unless otherwise
noted.

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 32 of 75
Case 2:06-cv-04804-DPP-PJW    Document 3251    Filed 04/22/14    Page 141 of 78    Page ID
#:7242

desires to settle all claims that are asserted, or which could have been asserted, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense and uncertainty of continuing litigation and for the purpose of putting to rest the controversies that engendered the Lawsuit. Nothing in this Agreement or any other document may be construed as an admission or evidence of any violation of any federal or state statute, rule or regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever, or of the truth of any of the claims asserted or to be asserted in the Lawsuit, or of the infirmity of any defenses that have been raised or could have been raised by Chase. Further, Chase is not estopped from challenging allegations in the Lawsuit in further proceedings in this or any other action if the Settlement is not finally approved.

    1.3.   <u>Settlement Through Mediation.</u>

    Plaintiffs' Counsel and counsel for Chase engaged in extensive, good faith arm's-length negotiations, including by participating in formal mediation sessions on June 18, 2009, November 16, 2011 and October 22, 2013. The Parties' negotiations at the October 22, 2013 mediation resulted in an agreement on the principal terms of a settlement. All prior agreements and understandings are now superseded and replaced by this Agreement. It is the Parties' desire and intention by entering into this Agreement to effect a full, complete and final settlement and resolution of all existing disputes and claims that relate to or arise out of the facts and claims alleged or which could have been alleged in the Lawsuit.

    1.4.   <u>Plaintiffs' Counsel's Investigation.</u>

    After multiple depositions, numerous sets of interrogatories, requests for admissions, extensive document productions and post-mediation confirmatory discovery, Plaintiffs' Counsel have concluded that a settlement with Chase, on the terms set forth herein, is fair, reasonable, adequate and in the best interests of the Settlement Class based upon their investigation, and taking into account the sharply contested issues involved, Chase's arguments that problems of proof and legal defenses may be an impediment to the claims asserted by Plaintiffs, the risks, uncertainty and

<div align="center">Page 2 of 29</div>

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 33 of 75
Case 2:06-cv-04305-DPP-PJW   Document 3251   Filed 04/29/14   Page 152 of 78   Page ID
#:7443

cost of further prosecution of the Lawsuit, and the substantial benefits to be received pursuant to
this Agreement.

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is
hereby STIPULATED AND AGREED, subject to the District Court's approval as required by
Federal Rule of Civil Procedure 23, that each and every Claim, as described in Section 2.10 below,
will be fully and finally settled and compromised and dismissed with prejudice, and will be fully
discharged and released, upon and subject to the following terms and conditions:

## II.    DEFINITIONS

2.1.    "Agreement" or "Settlement" means this Stipulation and Agreement of Settlement,
including all exhibits hereto.

2.2.    "Amended Complaint" means the Proposed Second Amended Class Action
Complaint filed in the District Court on February 1, 2013 at Docket Entry 293-2.

2.3.    "APR" means Annual Percentage Rate.

2.4.    "CAFA Notice" means such notice as may be required pursuant to the Class Action
Fairness Act of 2005.

2.5.    "Chase" means Chase Bank USA, N.A., in its own capacity and as successor by
merger to Bank One, Delaware, N.A.

2.6.    "Circuit City" means Circuit City Stores, Inc.

2.7.    "Circuit City Bankruptcy" means Case No. 08-35653 in the United States
Bankruptcy Court for the Eastern District of Virginia.

2.8.    "Circuit City Rewards Credit Card" means the credit card issued by Chase and co-
branded with Circuit City, which has been the subject of the Litigation.

2.9.    "Circuit City Rewards Credit Cardmember" and "Circuit City Rewards Credit
Cardholder" mean the obligor, payor or authorized user on a Circuit City Rewards Credit Card.

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 34 of 75
Case 2:06-cv-04804-DDP-PJW    Document 334251    Filed 04/29/14    Page 163 of 78    Page ID
#:7245

2.10. "Claim" and "Claims" mean any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those that were alleged, or that could have been alleged based on the same or similar facts and circumstances, in the Lawsuit.

2.11. "Direct Pay Settlement Class Member" means a Settlement Class Member who is not a Returned Mail Settlement Class Member.

2.12. "District Court" means the United States District Court, Central District of California.

2.13. "Effective Date" means five (5) business days after the Judgment has become Final.

2.14. "Final" means the date the Judgment becomes final for all purposes because either (i) no appeal has been filed and the time within which an appeal may be filed has expired, or (ii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of the Settlement.

2.15. "Final Approval Order" means the order to be entered by the District Court in the Lawsuit finally approving this Settlement and resolving all issues between the Parties, as provided for in Section 9.1 below, substantially in the form attached hereto as Exhibit B.

2.16. "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve the Settlement provided for in this Agreement, enter Judgment and make such rulings as are contemplated by this Agreement.

Page 4 of 29

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 35 of 75
Case 2:06-cv-04804-DDP-PJW    Document 33251    Filed 04/29/14    Page 17 of 78    Page ID
#:7246

2.17. "First Direct Payment" means the payments described in Sections 4.5 through 4.6 below, and "Second Direct Payment" means the payments described in Sections 4.7 through 4.8 below.

2.18. "Judgment" means a final judgment and order of dismissal with prejudice to be entered by the District Court concurrently with the Final Approval Order, substantially in the form attached hereto as Exhibit E.

2.19. "Last Direct Payment" means the Second Direct Payment, or if no Second Direct Payment is made, then the First Direct Payment.

2.20. "Lawsuit" means the putative class action entitled Davis v. Chase Bank USA, N.A., United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW.

2.21. "Long-Form Notice" means the notice informing Settlement Class Members of their rights under this Agreement, substantially in the form attached hereto as Exhibit D.

2.22. "Lost Check Settlement Class Member" means a Direct Pay Settlement Class Members whose First Direct Payment or Second Direct Payment was lost, stolen or otherwise destroyed.

2.23. "Mediator" means the Honorable Edward A. Infante (Ret.), or if he becomes unable or unwilling to serve, such other person as may be mutually acceptable to Plaintiffs' Counsel and counsel for Chase, but in the absence of mutual agreement as to a substitute, such United States Magistrate Judge as may be appointed by the District Court to perform the function of "Mediator" solely for purposes of Section 11.2 below.

2.24. "NCOA" means the United States Postal Service National Change of Address system.

2.25. "Net Settlement Fund" means the Settlement Fund plus interest accrued thereon subsequent to deposit, and less the following:

LA 51693093v16

366

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 36 of 75
Case 2:06-cv-04804-DDP-FJW    Document 3251    Filed 04/29/14    Page 18 of 78    Page ID
#:7246

    a.    All costs and fees incurred by the Settlement Administrator, including, without limitation, all costs of Class Notice, CAFA Notice and claims administration, except those amounts associated with a Second Direct Payment, if any;

    b.    All taxes and tax expenses as identified in Section 4.12;

    c.    Any District Court-approved attorneys' fees, costs and expenses; and

    d.    Any District Court-approved service awards to Plaintiffs.

2.26.   "Notice" means the method of notice set forth in Section 7.2 below.

2.27.   "Parties" means Chase and Plaintiffs.

2.28.   "Plaintiffs" means Gary J. Davis and Gene Castillo, individually and as putative representatives of the Settlement Class.

2.29.   "Plaintiffs' Counsel" and "Class Counsel" mean Westerman Law Corp., Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP.

2.30.   "Postcard Notice" means the form of notice described in Section 7.2 below and substantially in the form attached hereto as Exhibit C.

2.31.   "Preliminary Approval Order" means an order to be entered by the District Court in the Lawsuit, as provided for in Section 8.1 below, substantially in the form attached hereto as Exhibit A.

2.32.   "Released Claims" means the Claims released by this Agreement as set forth in Section 6.1 and 6.2 below.

2.33.   "Released Parties" means Chase, together with its predecessors, successors (including, without limitation, acquirers of all or substantially all of its assets, stock or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including but not limited to holding companies and JPMorgan Chase & Co.), subsidiaries and affiliates of any of the above; and the past, present and future principals, trustees, partners, claims administrators

LA 51693093v16

367

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5 - Page 37 of 75
Case 2:06-cv-04801-DDP-RJW   Document 3451   Filed 08/29/14   Page 96 of 78   Page ID
#:7248

(including, without limitation, the Settlement Administrator), officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the above.

2.34. "Remaining Residual Funds" means the amount remaining in the Settlement Fund, if any, ninety (90) days after the mailing of the Last Direct Payment.

2.35. "Residual Funds" means the amount remaining in the Settlement Fund ninety (90) days after the First Direct Payment is mailed, if any, less the expected administration costs of a Second Direct Payment.

2.36. "Returned Mail Settlement Class Member" means a Settlement Class Member whose Postcard Notice was returned to the Settlement Administrator as undeliverable and for whom the Settlement Administrator was unable to determine a valid address prior to calculating the First Direct Payment.

2.37. "Second Direct Pay Settlement Class Member" means a Settlement Class Member who negotiated his or her First Direct Payment within ninety (90) days of its mailing, or a Settlement Class Member who filed a Valid Claim with the Settlement Administrator pursuant to Section 4.10 below within ninety (90) days of the mailing of the First Direct Payment.

2.38. "Settlement Administrator" means Gilardi & Co. LLC, the third party administrator agreed to by the Parties to administer the Settlement as set forth in this Agreement, or such other administrator as may be agreed to by the Parties or ordered by the Court.

2.39. "Settlement Class" and "Settlement Class Member" mean, include and refer to Plaintiffs and all other persons and/or entities that fall within the definition of the Settlement Class, certified solely for purposes of the Settlement, as described in Section 3.2 below.

2.40. "Settlement Fund" means the amount described in Section 4.1 below.

2.41. "Settlement Website" means the website that the Settlement Administrator will establish pursuant to Section 7.3 below.

LA 51693093v16

368

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 38 of 75
Case 2:06-cv-04804-DMPFJW  Document 3451  Filed 04/29/14  Page 207 of 28  Page ID
#:7248

2.42.   "Valid Claim" means a written claim presented to the Settlement Administrator by a Returned Mail Settlement Class Member or a Lost Check Settlement Class Member consisting of: (i) his or her name, address and telephone number; (ii) the last four digits of his or her Circuit City Rewards Credit Card account number(s); and (iii) a sentence certifying that he or she is a Settlement Class Member who has lost, had stolen, otherwise had destroyed or did not receive a First Direct Payment and/or a Second Direct Payment.

### III.    THE SETTLEMENT CLASS

3.1.   Certification Of Settlement Class For Settlement Purposes Only.  Chase disputes that the elements of Federal Rule of Civil Procedure 23 are satisfied for purposes of a litigation class, disputes that a litigation class would be manageable and denies that any litigation class may be certified in the Lawsuit.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Chase does not oppose certification for settlement purposes only of the Settlement Class.  The Parties further agree that solely for purposes of certifying a settlement class, both Gary Davis and Gene Castillo are adequate class representatives; Chase agrees that for settlement purposes only, it will stipulate to Davis and Castillo serving as the class representatives, but in the event that the Settlement does not become Final for any reason, and the Parties return to litigating this case, Chase reserves all of its defenses and arguments against Davis and Castillo serving as class representatives.  No agreements made by Chase in connection with the Settlement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of class certification, other than for settlement purposes.  Preliminary certification of a Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor is Chase estopped from challenging class certification in further proceedings in the Lawsuit or in any other action, if the Settlement is not finally approved.

3.2.   Definition Of The Settlement Class.  Solely for purposes of this Settlement, the Parties agree to certification of the following Settlement Class:

<div align="center">Page 8 of 29</div>

LA 51693093v16

369

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 39 of 75
Case 2:06-cv-04804-DDP-FJW    Document 334-1    Filed 04/29/14    Page 218 of 78    Page ID
#:7450

All Chase Circuit City Rewards Credit Cardmembers with California billing addresses who, between May 26, 2004 and the entry of preliminary approval of this Settlement (inclusive), made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance.

The Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to exclude themselves by way of an opt-out procedure set forth in the Preliminary Approval Order.

## IV.   THE SETTLEMENT FUND

4.1.   <u>The Settlement Fund</u>.  In full and complete settlement of the Lawsuit as set forth herein, Chase will pay Five Million Five Hundred Thousand Dollars ($5,500,000) for the benefit of the Settlement Class.

4.2.   <u>Timing of Payments to Settlement Fund</u>.  Chase will provide payments to the Settlement Fund as follows:

    a.   Within fifteen (15) days following entry of the Preliminary Approval Order, Chase will cause the sum of Two Hundred Thousand Dollars ($200,000) to be deposited into the Settlement Fund, which sum reflects the parties' reasonable estimate of the costs of Notice to the Settlement Class and for the related services of the Settlement Administrator prior to the Effective Date.

    b.   Within fifteen (15) days of the Final Approval Order, Chase will cause all other sums due pursuant to this Agreement to be deposited into the Settlement Fund.

4.3.   <u>Credit For Advances On Behalf Of The Settlement Fund</u>.  Payments of any notice or administration costs or expenses advanced by Chase, before or after the Settlement Fund is created, are to be treated as contributions to the Settlement Fund as set forth above in Section 4.1 and will be credited in their entirety (100%) towards Chase's obligations thereunder.

<div align="center">Page 9 of 29</div>

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 40 of 75
Case 2:06-cv-04804-DLP-PJW    Document 3251    Filed 08/29/14    Page 29 of 78    Page ID
#:7250

4.4.    <u>Distribution Of The Settlement Fund</u>.  The Settlement Fund, together with any
interest accrued thereon subsequent to deposit, is to be distributed as follows:

     a.    <u>First</u>, to pay the costs of Notice and the costs of Settlement Administration,
except those amounts associated with a Second Direct Payment, if any;

     b.    <u>Second</u>, within fifteen (15) days after the Effective Date, to pay Class
Counsel's attorneys' fees and cost and service awards to Plaintiffs in the
amounts approved by the Court, pursuant to Section 5.1 below;

     c.    <u>Third</u>, but not earlier than thirty (30) days after the Effective Date, to make
payments to Settlement Class Members as set forth in Sections 4.5 through
4.10 below and the Settlement Administrator for costs associated with a
Second Direct Payment, if any;

     d.    <u>Fourth</u>, if any amount remains after payments pursuant to Sections 4.4(a)
through (c) above, to contribute to such charitable organization as the Parties
may hereafter agree, or if they cannot agree, as the District Court may order.

4.5.    <u>Calculation Of First Direct Payments</u>.  To determine the amount of each First Direct
Payment, the Settlement Administrator will divide the Net Settlement Fund by the number of
accounts held by Direct Pay Settlement Class Members.

4.6.    <u>First Direct Payment To Direct Pay Settlement Class Members</u>.  The First Direct
Payment will be mailed by the Settlement Administrator within forty-five (45) days of the Effective
Date in the amount determined under Section 4.5.

4.7.    <u>Calculation Of Second Direct Payments</u>.  To determine the amount of each Second
Direct Payment, if any, the Settlement Administrator will divide the Residual Funds by the number
of accounts held by Second Direct Pay Settlement Class Members.

4.8.    <u>Second Direct Payment To Direct Pay Settlement Class Members</u>.  If sufficient
Residual Funds remain one hundred and eighty (180) days after mailing of the First Direct Payment

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 41 of 75
Case 2:06-cv-04843-DMP-PJW    Document 33251    Filed 04/29/14    Page 22 of 78    Page ID
#:7252

so that each Second Direct Pay Settlement Class Member would receive a payment of at least three dollars ($3.00) from the Residual Fund pursuant to Section 4.7, a Second Direct Payment will be made by the Settlement Administrator by mailing checks in the amount determined under Section 4.7.

4.9.    Returned Checks.  If any First Direct Payments and/or Second Direct Payments are returned to the Settlement Administrator within ninety (90) days of their respective mailings, the Settlement Administrator will make a reasonable effort to determine an updated mailing address for each returned check.  For each check that an updated address is found for, the Settlement Administrator will forward the check to that address, but if updated information is not available, the Settlement Administrator will destroy the check.

4.10.    Payment To Returned Mail Settlement Class Members And Lost Check Settlement Class Members.  Returned Mail Settlement Class Members and Lost Check Settlement Class Members who submit Valid Claims to the Settlement Administrator within ninety (90) days of the mailing of the Last Direct Payment will receive payment from the Remaining Residual Funds, if sufficient funds exist, in the amount they would have been entitled to receive in either a First Direct Payment or Second Direct Payment or both.  If insufficient funds remain to pay all Valid Claims, Valid Claims will be paid in the order received by the Settlement Administrator until there are insufficient Remaining Residual Funds to make payments.  Whether a claim is a Valid Claim will be determined in the sole discretion of the Settlement Administrator.  Payments made pursuant to Section 4.10 will be made no sooner than ninety (90) days after the mailing of the Last Direct Payment and no later than one hundred ninety (190) days after the mailing of the Last Direct Payment.

4.11.    Time To Negotiate Payments.  Settlement Class Members must negotiate any payments made under this Agreement within one hundred eighty (180) days after the date appearing

Page 11 of 29

LA 51693093v16

372

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 42 of 75
Case 2:06-cv-04305-DPPRJW    Document 3451    Filed 08/29/14    Page 21 of 78    Page ID
#:7253

on the check. There will be no further obligation to pay Settlement Class Members who fail to comply, except as established in Section 4.10 above.

4.12.    _Interest._  Fifty percent (50%) of any interest accrued on the Settlement Fund prior to the Effective Date will be remitted to Chase.  If the Effective Date does not occur, one hundred percent (100%) of the interest will be returned to Chase.

4.13.    _Settlement Fund Tax Status._  The Settlement Fund will be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  Class Counsel and, as required by law, Chase, will jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation.  For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund will be the Settlement Administrator.  The Settlement Administrator will timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1.  The Settlement Administrator will timely and properly prepare and file any information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. §1.468B-2(1).

## V.    ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

5.1.    Subject to court approval, Class Counsel intend to seek not more than One Million Five Hundred Thousand Dollars ($1,500,000) in attorneys' fees and costs, and service awards of not more than Five Thousand Dollars ($5,000) for each of the two Plaintiffs.  These amounts will be paid solely from the Settlement Fund.  Chase will not oppose Class Counsel's request for attorneys' fees, costs and service awards in the foregoing amounts.  The service awards will be in addition to Plaintiffs' entitlement to be paid from the Settlement Fund as set forth in Sections 4.5 through 4.10.  Failure by the Court to approve the amount of attorneys' fees, costs or service awards sought by

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 43 of 75
Case 2:06-cv-04804-DDP-FRJW   Document 3251   Filed 04/28/14   Page 252 of 738   Page ID
#:7453

Class Counsel will not be grounds for Plaintiffs to withdraw from the Settlement, will not delay the Settlement becoming Final as set forth in Section 2.14 above, and will not delay the Effective Date of the releases described in Section 6.1 and 6.2 below. PLAINTIFFS RECOGNIZE AND UNDERSTAND THAT THE COURT MAY NOT APPROVE ANY SERVICE AWARD TO THEM WHATSOEVER AND THAT THEIR SUPPORT OF THE SETTLEMENT IS IN NO WAY CONTINGENT ON ANY SERVICE AWARD. PLAINTIFFS REPRESENT AND WARRANT THAT NO PROMISES OF ANY KIND HAVE BEEN MADE TO THEM WITH RESPECT TO ANY SERVICE AWARD OR OTHERWISE.

## VI.   RELEASE AND DISMISSAL

6.1.   Release. As of the Effective Date, Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, will be deemed to have fully, finally and forever released the Released Parties from all Claims, as described in Section 2.10 above. Without limiting the foregoing, the Claims released pursuant to this Settlement specifically extend to Claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date.

6.2.   The Parties, and all Settlement Class Members, agree that Section 6.1 constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR.

Page 13 of 29

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 44 of 75
Case 2:06-cv-04804-DPF-JW    Document 3251    Filed 04/23/14    Page 23 of 78    Page ID
#:7255

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these

waivers of California Civil Code Section 1542 and/or of any other applicable law relating to

limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each

Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in

addition to, or different from, those facts which they now know or believe to be true with respect to

the subject matter of the Settlement, but that they release fully, finally and forever all Claims, and in

furtherance of such intention, the release will remain in effect notwithstanding the discovery or

existence of any such additional or different facts. The Parties acknowledge (and all Settlement

Class Members by operation of law will be deemed to have acknowledged) that the release of

unknown Claims as set forth herein was separately bargained for and was a key element of the

Settlement.

6.3.    <u>Dismissal</u>.  Upon entry of the Final Approval Order, Plaintiffs will take all actions

necessary to dismiss the Lawsuit with prejudice.

6.4.    <u>No Other Actions</u>.  Plaintiffs represent and warrant that they have no other actions

currently pending or planned against Chase arising from or involving the same or similar facts or

allegations that are alleged in the Lawsuit.

6.5.    <u>Obligations Of Settlement Class Members Unaffected By Settlement</u>.  The

Settlement and this Agreement will not affect debts owed by Plaintiffs or Settlement Class

Members to Chase, and Plaintiffs and all Settlement Class Members will remain fully obligated on

any and all such debts.

6.6.    <u>Circuit City Bankruptcy Proceeding</u>.  Chase has outstanding claims in the Circuit

City Bankruptcy.  Among the outstanding claims is bankruptcy claim No. 7065, which seeks

defense and indemnification of Chase by Circuit City for the Lawsuit and the Claims settled herein.

Any amounts which Chase may recover in the Circuit City Bankruptcy, through settlement or

otherwise, will belong solely to Chase, and Plaintiffs and Settlement Class Members will not seek,

LA 51693093v16

375

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 45 of 75
Case 2:06-cv-00484-DPJ-FKB    Document 334-1    Filed 08/22/14    Page 24 of 78    Page ID
#:7456

through litigation or otherwise, to claim any recovery or portion thereof. Nothing in this Agreement constitutes or will be deemed a waiver of any of Chase's rights in the Circuit City Bankruptcy, including, without limitation, with respect to bankruptcy claim No. 7065.

    6.7.   <u>No Malicious Prosecution Claim</u>. Chase agrees to fully release Plaintiffs, any member of the Settlement Class, and Plaintiffs' Counsel for any claims Chase may have for malicious prosecution, abuse of process, or any other claim based on the filing, prosecuting and/or maintaining of the Lawsuit or any papers contained in the Lawsuit, and Chase agrees that it will not commence any lawsuit against Plaintiffs, any member of the Class, or Plaintiffs' Counsel contending that this lawsuit should not have been filed, prosecuted and/or maintained.

## VII.   NOTICE AND SETTLEMENT ADMINISTRATION

    7.1.   <u>Costs Of Notice And Administration</u>. The costs of notice and administration will be paid or deducted from the Settlement Fund as described in Section 4.4 above. Class Counsel and Chase must approve the costs for notice and administration before any costs are incurred.

    7.2.   <u>Class Notice</u>. Notice to the Settlement Class will be mailed within sixty (60) days following entry of the Preliminary Approval Order, as follows:

        a.    Postcard Notice, substantially in the form attached hereto as Exhibit C and subject to approval by the District Court, will be mailed to all Settlement Class Members, at the most recent address shown in Chase's reasonably accessible electronic records, as maintained in the ordinary course of business, for the account at issue. Addresses will be run once through the NCOA system before mailing.

        b.    The Postcard Notice will direct all Settlement Class Members to the Settlement Website.

        c.    If, prior to the Final Fairness Hearing, Postcard Notices are returned to the Settlement Administrator with a forwarding address, the Settlement

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 46 of 75
Case 2:06-cv-04804-DMC-PJW    Document 3451    Filed 04/29/14    Page 25 of 38    PageID
#: 7456

Administrator will re-send a Postcard Notice to the Settlement Class Member
at that forwarding address. If Postcard Notices are returned to the Settlement
Administrator as undeliverable, the Settlement Administrator will make a
reasonable effort to determine a valid address for the Settlement Class
Member, and, if an address is found, then the Settlement Administrator will
re-send a Postcard Notice to the Settlement Class Member at that address.

7.3.  Settlement Website. The Settlement Administrator will establish, prior to the

mailing of the Postcard Notice, the Settlement Website. The Settlement Website will include the

Long-Form Notice, substantially in the form attached hereto as Exhibit D and subject to approval by

the District Court, this Agreement, contact information for the Settlement Administrator, contact

information for Class Counsel, and any other material the Parties agree in writing to include. The

Settlement Website URL will be determined by the mutual agreement of the Class Counsel and

Chase or, if no agreement can be reached, by the Mediator. The Settlement Website will not

include any advertising, and will not bear or include the Chase logo or trademarks. Ownership of

the Settlement Website URL will be transferred to Chase within ten (10) days of the date on which

operation of the Settlement Website ceases.

7.4.  CAFA Notice. All relevant approval and court filing dates will be scheduled to

ensure adequate time for compliance with the Class Action Fairness Act. Plaintiffs will cooperate

reasonably with Chase to ensure compliance so that the releases described in Section 6.1 and 6.2

above are fully enforceable.

## VIII.  **PRELIMINARY APPROVAL**

8.1.  Preliminary Approval Order. Plaintiffs will seek the District Court's approval of the

Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of a

Preliminary Approval Order substantially in the form attached hereto as Exhibit A. The Parties will

cooperate in presenting such papers to the District Court as may be necessary to effectuate the intent

LA 51693093v16

and purposes of this Agreement. Among other things, the proposed Preliminary Approval Order
will specifically include the following:

a.   A determination that, for settlement purposes only, the Lawsuit may be
maintained as a class action on behalf of the Settlement Class;

b.   A finding that the Notice as described in Section 7.2 above is the only notice
to the Settlement Class that is required, and that such Notice satisfies the
requirements of Due Process, the Federal Rules of Civil Procedure and any
other applicable laws;

c.   A preliminary finding that this Agreement is fair, reasonable, adequate and
within the range of possible approval;

d.   A preliminary finding that Plaintiffs fairly and adequately represent the
interests of the Settlement Class;

e.   A preliminary appointment of Class Counsel finding that Class Counsel are
adequate to act as counsel for the Settlement Class;

f.   A scheduled date for the Final Fairness Hearing, which the Parties will
request be approximately one hundred and thirty-five (135) days after entry
of the Preliminary Approval Order, to determine whether there exists any
reasonable basis why the Settlement should not be approved as being fair,
reasonable and adequate, in the best interests of the Settlement Class, and
why Judgment should not be entered thereon;

g.   Establishment of a procedure for Settlement Class Members to opt-out of the
proposed Settlement and setting a postmark deadline of one hundred and five
(105) days following entry of the Preliminary Approval Order, after which no
Settlement Class Member will be allowed to opt-out of the Settlement Class;

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 48 of 75
Case 2:06-cv-04804-DPP-PJW    Document 3251    Filed 04/29/14    Page 27 of 78    PageID
#:7259

     h.    Establishment of a procedure for Settlement Class Members to object to the proposed Settlement and setting a postmark deadline of one hundred and five (105) days following entry of the Preliminary Approval Order, after which no Settlement Class Member will be allowed to object to the proposed Settlement;

     i.    Entry of a preliminary injunction as to Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, whether directly, representatively or in any other capacity, enjoining them from commencing or prosecuting against the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims; and

     j.    Entry of a stay of all proceedings in the Lawsuit except as may be necessary to implement the Settlement or comply with the terms of this Agreement.

8.2.   <u>Stay Following Preliminary Approval Order</u>.  Upon entry of the Preliminary Approval Order, the Parties will promptly cooperate in filing such papers as may be necessary to obtain a stay of the proceedings in the Lawsuit and any other similar action, except as may be necessary to implement the Settlement or comply with the terms of this Agreement.

8.3.   <u>Denial Of Preliminary Approval Order</u>.  If the District Court fails for any reason to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit A, or to certify the Settlement Class for settlement purposes consistent with the provisions hereof, and if the Parties do not agree jointly to either address the reasons given by the District Court and seek further approval again, or to appeal such a ruling, then this Agreement will terminate and be of no further force or effect without any further action by the Parties.  In such an event, nothing in this Agreement or filed in connection with seeking entry of the Preliminary Approval Order may be

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 49 of 75
Case 2:06-cv-04804-DDP-PJW    Document 33-51    Filed 04/28/14    Page 328 of 338    Page ID
#:7260

used or construed as an admission or concession by any of the Parties in the Lawsuit, nor is any

Party estopped from challenging any allegations in further proceedings in the Lawsuit.

8.4.    Opt-Out/Requests For Exclusion From Settlement.

a.    Requests For Exclusion.  Settlement Class Members will be given the

opportunity to opt out of the Settlement Class.  All requests by Settlement

Class Members to be excluded must be in writing, sent to the Settlement

Administrator and postmarked not later than one hundred and five (105) days

following entry of the Preliminary Approval Order.  To be valid, a request for

exclusion must be personally signed by the Settlement Class Member and

must include: (i) the Settlement Class Member's name, address and telephone

number; (ii) the last four digits of the Settlement Class Member's Circuit City

Rewards Credit Card account number(s); (iii) a sentence certifying that he or

she is a Settlement Class Member; and (iv) the following statement: "I

request to be excluded from the class settlement in Davis v. Chase Bank

USA, N.A., United States District Court, Central District of California, Case

No. CV-04804-DDP-PJW."  No Settlement Class Member, or any person

acting on behalf of or in concert or participation with that Settlement Class

Member, may exclude any other Settlement Class Member from the

Settlement Class.

b.    Delivery To Parties; Certification To The District Court.  The Settlement

Administrator will provide copies of the original requests for exclusion to the

Parties by no later than ten (10) days after the opt-out deadline.  Not later

than ten (10) days before the Final Fairness Hearing, the Settlement

Administrator will file with the District Court a declaration verifying that

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 50 of 75
Case 2:06-cv-04804-DFP-PJW    Document 33251    Filed 04/23/14    Page 29 of 78    Page ID
#:7260

Notice has been provided to the Settlement Class as set forth in the
Preliminary Approval Order and listing all of the valid opt-outs received.

c.    Effect.  Settlement Class Members who timely exclude themselves from the
Settlement Class will not be eligible to receive any payment pursuant to the
Settlement, will not be bound by any further orders or judgments in the
Lawsuit, and will preserve their ability to independently pursue any
individual claims for damages they may have against Chase by filing their
own individual lawsuit or arbitration at their own expense.  In the event of
ambiguity as to whether a Settlement Class Member has requested to be
excluded (such as through a submission of both a request for exclusion and a
Claim or a request for a Direct Payment, or by negotiating a Direct Payment),
the Settlement Class Member will be deemed not to have requested
exclusion.

d.    Right To Withdraw For Excessive Opt-Outs.  If more than one thousand
(1,000) Settlement Class Members request exclusion, then Chase in its sole
discretion may terminate this Agreement, and the Parties will be returned to
the status quo ante as of October 22, 2013, for all litigation purposes, as if no
settlement had been negotiated or entered into, and the provisions of Section
10.1 below will apply, including without limitation with respect to the
Settlement Fund.  If Chase exercises this right to declare the Agreement void,
it must provide Plaintiffs' Counsel with written notice of this election no later
than ten (10) days before the Final Fairness Hearing.

8.5.    Objections To Settlement.

a.    Right To Object.  Any Settlement Class Member who has not requested
exclusion in accordance with the terms of this Agreement, may file an

Page 20 of 29

LA 51693093v16

381

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 51 of 75
Case 2:06-cv-04804-DPP-FJJW    Document 3251    Filed 04/22/14    Page 33 of 78    Page ID
#:7262

objection to the Settlement and appear at the Final Fairness Hearing to argue
that the proposed Settlement should not be approved and/or to oppose the
application of Class Counsel for an award of attorneys' fees and costs and the
service awards to Plaintiffs.

b.      Deadline.  Any such objection must be filed with the Clerk of the United
States District Court, Central District of California, 312 North Spring Street,
Los Angeles, California 90012, not later than one hundred and five (105)
days following entry of the Preliminary Approval Order.  Copies of all
objections also must be served electronically via the Court's ECF system or
mailed, postmarked no later than one hundred and five (105) days following
entry of the Preliminary Approval Order, to each of the following: Class
Counsel, Drew Pomerance, Roxborough, Pomerance, Nye & Adreani, LLP,
5820 Canoga Avenue, Woodland Hills CA 91367-6549; and Counsel for
Chase, Julia B. Strickland and Stephen J. Newman, Stroock & Stroock &
Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California
90067.

c.      Content Of Objections.  All objections must include: (i) the objector's name,
address and telephone number; (ii) the last four digits of the objector's
Circuit City Rewards Credit Card account number(s); (iii) a sentence
certifying he or she is a Settlement Class Member; (iv) the factual basis and
legal grounds for the objection to the Settlement; (v) the identity of witnesses
whom the objector may call to testify at the Final Fairness Hearing;
(vi) copies of exhibits the objector may seek to offer into evidence at the
Final Fairness Hearing; (vii) a sentence certifying that the objector has not

LA 51693093v16

382

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 52 of 75
Case 2:06-cv-04435-DPP-RJW    Document 3251    Filed 04/22/14    Page 34 of 78    Page ID
#:7462

been promised anything in return for objecting; and (viii) the personal
signature of the objector.

### IX.    FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

9.1.    Final Fairness Hearing.  On a date to be set by the District Court, Plaintiffs will seek
from the District Court the Final Approval Order and Judgment in the Lawsuit, substantially in the
forms attached hereto as Exhibits B and E.  Among other things, the Final Approval Order will
provide:

a. That the Amended Complaint is filed and that no response to it needs to be
filed;

b. That the Lawsuit, for purposes of the Settlement, may be maintained as a
class action on behalf of the Settlement Class;

c. That Plaintiffs fairly and adequately represent the interests of the Settlement
Class;

d. That Class Counsel adequately represent Plaintiffs and the Settlement Class;

e. That the Notice satisfied the requirements of Due Process, the Federal Rules
of Civil Procedure and any other applicable laws;

f. That the Settlement is fair, reasonable and adequate to the Settlement Class
and that each Settlement Class Member will be bound by the Settlement,
including the Releases contained in Section 6.1 above;

g. That the Settlement represents a fair resolution of all claims asserted on
behalf of the Settlement Class and fully and finally resolves all such claims;

h. That this Agreement should be, and is, approved;

i. The amount of attorneys' fees and costs and service awards that may be paid
to Class Counsel and Plaintiffs from the Settlement Fund;

j. That the requests for exclusion from the Settlement are confirmed;

Page 22 of 29

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 53 of 75
Case 2:06-cv-04384-DDP-FHJW   Document 3351   Filed 04/29/14   Page 32 of 78   Page ID
#:7263

k.    That all objections are overruled;

l.    That all claims in the Lawsuit and in the Amended Complaint are dismissed, on the merits and with prejudice, and that each and every Settlement Class Member (except those who have validly excluded themselves from the Settlement Class) is permanently enjoined from bringing, joining or continuing to prosecute against the Released Parties any Released Claims, and entering Judgment thereon; and

m.    That the District Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Settlement.

## X.    TERMINATION OF AGREEMENT

10.1.    Non-Approval Of Agreement.  This Agreement is conditioned upon final approval without material modification by the District Court in the Lawsuit.  In the event that the Agreement is not so approved, the Parties will return to the status quo ante as of October 22, 2013, as if no Agreement had been negotiated or entered into.  Moreover, the Parties will be deemed to have preserved all of their rights or defenses as of October 22, 2013, and will not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class.  Likewise, in the event that the Agreement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties will have the right to withdraw from the Agreement and return to the status quo ante as of October 22, 2013, for all litigation purposes, as if no Agreement had been negotiated or entered into, and will not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class.  All money within the Settlement Fund, including without limitation any accrued interest, at the time of

LA 51693093v16

384

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 54 of 75
Case 2:06-cv-04435-DDP-JW   Document 3251   Filed 08/29/14   Page 33 of 38   Page ID
#:7265

non-approval by the District Court (or reversal or vacatur by an appellate court) will be returned to

Chase within fifteen (15) days of non-approval (or reversal or vacatur of approval).

## XI.    MISCELLANEOUS PROVISIONS

11.1.  Further Assurances.  Each of the Parties will execute all documents and perform all

acts necessary and proper to effectuate the terms of this Agreement.

11.2.  Dispute Resolution.  The Parties agree to meet and confer in good faith in regard to

any dispute relating to the Settlement or to administration of the Settlement, including without

limitation disputes regarding eligibility for payments.  Any dispute that cannot be resolved by the

Parties will be submitted to the Mediator for a written recommendation.  If the Mediator's

recommendation does not resolve the dispute, either Party may seek appropriate relief from the

District Court, and in ruling on the dispute the District Court may consider but will not be bound by

the Mediator's recommendation.

11.3.  Publicity And Non-Disparagement.  The Parties will refrain from publicly

disparaging each other or taking any action designed to harm the public perception of each other

regarding any issue related to the Settlement or the Lawsuit.  The Parties and counsel further agree

not to issue press releases or otherwise initiate communications with the media regarding this

Settlement or the Lawsuit.

11.4.  Entire Agreement.  This Agreement constitutes the entire agreement between and

among the Parties with respect to settlement of the Lawsuit.  This Agreement supersedes all prior

negotiations and agreements, including without limitation all offers and communications made

during the course of mediation.  THE PARTIES, AND EACH OF THEM, REPRESENT AND

WARRANT THAT NO OTHER PARTY OR ANY AGENT OR ATTORNEY OF ANY OF THE

PARTIES HAS MADE ANY PROMISE, REPRESENTATION OR WARRANTY

WHATSOEVER NOT CONTAINED IN THIS AGREEMENT TO INDUCE THEM TO

EXECUTE THE SAME.  THE PARTIES, AND EACH OF THEM, FURTHER REPRESENT

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5 - Page 55 of 75
Case 2:06-cv-04804-DDP-FJW    Document 3251    Filed 04/28/14    Page 37 of 78    Page ID
#:7266

AND WARRANT THAT THEY HAVE NOT EXECUTED THIS AGREEMENT IN RELIANCE
ON ANY PROMISE, REPRESENTATION OR WARRANTY NOT CONTAINED IN THIS
AGREEMENT.

11.5.   Confidentiality.  Any and all drafts of this Agreement and other settlement
documents relating to the negotiations between the Parties will remain confidential and will not be
disclosed or duplicated except as necessary to obtain preliminary and/or final court approval.  This
provision will not prohibit the Parties from submitting this Agreement to the District Court in order
to obtain preliminary and/or final approval of the Settlement.  It is agreed that, within thirty (30)
days after the Effective Date, the originals and all copies of all confidential or highly confidential
documents and/or information subject to the protective order in the Lawsuit must be destroyed or
returned to the designating Parties.

11.6.   Inadmissibility Of Discovery Provided In Connection With Settlement.  If approval
of the Settlement is denied, all discovery provided in connection with settlement negotiations,
including without limitation the post-mediation confirmatory discovery, will be subject to Rule 408
of the Federal Rules of Evidence and will not be admissible for any litigation purpose.

11.7.   Successors And Assigns.  The Agreement is binding upon, and inures to the benefit
of, the heirs, successors and assigns of the Parties.

11.8.   Competency Of Parties.  The Parties, and each of them, acknowledge, warrant,
represent and agree that in executing and delivering this Agreement, they do so freely, knowingly
and voluntarily, that they had an opportunity to and did discuss its terms and their implications with
legal counsel, that they are fully aware of the contents and effect of the Agreement and that such
execution and delivery is not the result of any fraud, duress, mistake or undue influence whatsoever.

11.9.   Authority.  The person signing this Agreement on behalf of Chase warrants and
represents that he or she is authorized to sign on Chase's behalf.  Plaintiffs have personally signed
this Agreement.

LA 51693093v16

11.10. Modification. No modification of or amendment to this Agreement will be valid unless it is in writing and signed by all Parties hereto.

11.11. Construction. Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same will not be construed against any of the Parties. Before declaring any provision of this Agreement invalid, the District Court will first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable. After applying this rule of construction and still finding a provision invalid, the District Court will interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision. The invalidity of any one provision will not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.

11.12. No Waiver. The failure of any of the Parties to enforce at any time any provision of this Agreement will not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision. No waiver of any breach of this Agreement will constitute or be deemed a waiver of any other breach.

11.13. Notices/Communications. All requests, demands, claims and other communications hereunder will: (a) be in writing; (b) be delivered by U.S. Mail and email; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

If to Plaintiffs or the Settlement Class:

Drew Pomerance, Esq.
Roxborough, Pomerance, Nye & Adreani, LLP
5820 Canoga Avenue
Woodland Hills CA 91367-6549
Email: dep@rpnalaw.com

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 57 of 75
Case 2:06-cv-04804-DDP-JW    Document 3251    Filed 04/28/14    Page 39 of 78    Page ID
#:7463

Jeff Westerman, Esq.
Westerman Law Corp.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Email: jwesterman@jswlegal.com

Nicole Duckett Fricke, Esq.
Milberg LLP
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Email: ndfricke@milberg.com

If to Chase:

Julia B. Strickland, Esq.
Stephen J. Newman, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067
Email: jstrickland@stroock.com; snewman@stroock.com

Each of the Parties may change the address to which requests, demands, claims or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

11.14.  Counting Of Days.  Except where stated otherwise, reference to "days" means calendar days.  If the last day upon which an act must or may be done falls on a weekend, holiday or other non-business day, such act must or may be done on the next subsequent business day.

11.15.  Counterparts.  This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts constitute one instrument for all purposes and will be binding on each of the Parties that executed it, provided, however, that none of the Parties will be bound unless and until all Parties have executed this Agreement.  For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

[SIGNATURES APPEAR ON THE FOLLOWING PAGES]

Page 27 of 29

LA 51693093v16

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 58 of 75
Case 2:06-cv-04804-DDP-PJW    Document 345    Filed 08/29/14    Page 40 of 73    Page ID
#:7468
Case 2:06-cv-04804-DDP-PJW    Document 332-1    Filed 04/23/14    Page 37 of 78    Page ID
#:7269

<u>Agreed and accepted</u>:

    Dated:  April __, 2014          By:_____

                                       Gary J. Davis

    Dated:  April __, 2014          By:_____

                                         Gene Castillo

    Dated:  April __, 2014          Chase Bank USA, N.A.

                                    By:_____

                                         Eileen Serra

<u>Approved as to form and content</u>:

    Dated:  April 23, 2014          Westerman Law Corp.

                                    By_____

                                Attorneys for Plaintiffs and the Settlement Class

    Dated:  April 23, 2014          ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

                                    By_____

                                Attorneys for Plaintiffs and the Settlement Class

    Dated:  ~~April~~ __, 2014        Milberg LLP
               June 9,

                                    By_____

                                Attorneys for Plaintiffs and the Settlement Class

Page 28 of 3

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 59 of 75
Case 2:06-cv-04804-DDP-PJW    Document 343-1 Filed 08/29/14 Page 12 of 73    Page ID
#:7089

<u>Agreed and accepted:</u>

Dated:  April ___, 2014       By:_____
                 Gary J. Davis

Dated:  April 23, 2014       By:_____
                 Gene Castillo

Dated:  April ___, 2014       Chase Bank USA, N.A.

                By:_____

<u>Approved as to form and content:</u>

Dated:  April ___, 2014       Westerman Law Corp.

                By_____

                Attorneys for Plaintiffs and the Settlement Class

Dated:  April ___, 2014       ROXBOROUGH, POMERANCE, NYE &
                ADREANI, LLP

                By_____

                Attorneys for Plaintiffs and the Settlement Class

Dated:  April ___, 2014       Milberg LLP

                By_____

                Attorneys for Plaintiffs and the Settlement Class

LA 51693093v16

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 60 of 75
Case 2:06-cv-04804-DPF-JWJ   Document 3251   Filed 04/28/14   Page 30 of 78   PageID
#:7270

Approved as to form:

Dated:  April 14, 2014                STROOCK & STROOCK & LAVAN LLP

                                      By _____

                                      Attorneys for Chase

LA 51693093v16

391

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 61 of 75
Case 2:06-cv-04804-EDDP-PJW    Document 334-1    Filed 04/29/14    Page 439 of 738    Page ID
#:7271

# EXHIBIT A

LA 51732215

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 62 of 75
Case 2:06-cv-04804-DDP-PJW   Document 3251   Filed 04/28/14   Page 440 of 78   Page ID
#:7272

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| GARY DAVIS, an individual, on behalf of himself, as Private Attorney General, and on behalf of all others similarly situated, | Case No. CV 06-04804 DDP (PJWx) |
| | Assigned to the Hon. Dean D. Pregerson |
| Plaintiff, | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| v. | |
| CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 63 of 75
Case 2:06-cv-04804-DDP-RJW    Document 33251    Filed 08/28/14    Page 45 of 78    Page ID
#:7473

1    WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to

2  Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement

3  of the above-captioned action (the "Lawsuit") in accordance with the Stipulation and

4  Agreement of Settlement filed with this Court on _____, 2014 (the "Agreement" or

5  the "Settlement"), and the exhibits attached thereto, entered into by and between

6  Plaintiffs and Chase, setting forth the terms and conditions for a proposed settlement

7  of the Lawsuit and its dismissal with prejudice; and

8    WHEREAS, Chase does not oppose Plaintiffs' Motion; and

9    WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of

10  themselves individually and on behalf of each of the Settlement Class Members,

11  have agreed to release all claims arising under federal, state or common law as

12  specified in Sections 6.1 and 6.2 of the Agreement; and

13    WHEREAS, this Court having read and considered Plaintiffs' Motion, the

14  Agreement and exhibits attached thereto, as well as all arguments and submissions

15  from the Parties and any intervenors at the noticed hearings; and

16    WHEREAS, all defined terms have the same meaning as set forth in the

17  Agreement.

18    NOW, THEREFORE, IT IS HEREBY ORDERED:

19    1.    For purposes of this Lawsuit, this Court has subject matter jurisdiction

20  and, for purposes of the Settlement only, this Court has personal jurisdiction over the

21  Parties, including all Settlement Class Members.

22    2.    For purposes of this Settlement only, this Court preliminarily certifies

23  the following Settlement Class:

24         All Chase Circuit City Rewards Credit Cardmembers with
           California billing addresses who, between May 26, 2004
25         and the entry of this Preliminary Approval Order
           (inclusive), made a promotional or deferred-interest
26         purchase at Circuit City and who, as a result of payments or
           credits being allocated to a regular purchase balance after
27         the promotional or deferred-interest balance, paid more in
           finance charges than they would have paid if the payments
28         or credits had first been applied to the regular purchase
           balance.

- 1 -
LA 51732215

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 64 of 75
Case 2:06-cv-04884-DMG-PJW    Document 3251    Filed 08/29/14    Page 46 of 78    Page ID
#:7474

1      The Settlement Class preliminarily is certified pursuant to Federal Rule of
2  Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to
3  exclude themselves by way of the opt-out procedure set forth below in Paragraph 12.

4      3.    This Court preliminarily finds, solely for purposes of the Settlement,
5  that the Lawsuit may be maintained as a class action on behalf of the Settlement
6  Class because: (a) the Settlement Class is so numerous that joinder of all Settlement
7  Class Members in the Lawsuit is impracticable; (b) there are questions of law and
8  fact common to Settlement Class Members that predominate over any individual
9  questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class;
10  (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected
11  the interests of the Settlement Class; and (e) a class action is superior to other
12  available methods for the fair and efficient adjudication of the controversy.

13      4.    This Court preliminarily approves the Agreement as being fair,
14  reasonable and adequate and within the range of possible approval, subject to further
15  consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

16      5.    This Court preliminarily finds that Plaintiffs fairly and adequately
17  represent the interests of the Settlement Class and therefore designates Plaintiffs as
18  the representatives of the Settlement Class.

19      6.    Pursuant to Federal Rule of Civil Procedure 23(g), and after
20  consideration of the factors described therein and oral and written arguments, this
21  Court designates as Class Counsel the law firms of Westerman Law Corp.,
22  Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP.  This Court
23  preliminarily finds that based on the work Class Counsel have done in identifying,
24  investigating and prosecuting the claims in the action, Class Counsel's experience in
25  handling class actions, other complex litigation and claims of the type asserted in this
26  Lawsuit, Class Counsel's knowledge of the applicable law and the resources Class
27  Counsel have and will commit to representing the class, Class Counsel have and will
28  fairly and adequately represent the interests of the Settlement Class.  Plaintiffs and

LA 51732215

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 65 of 75
Case 2:06-cv-04804-DDP-RJW    Document 334251    Filed 04/28/14    Page 473 of 78    Page ID
#:7275

1   Class Counsel, on behalf of the Settlement Class, are authorized to take all
2   appropriate action required or permitted to be taken by the Settlement Class pursuant
3   to the Agreement to effectuate its terms.

4       7.    The Final Fairness Hearing will take place before the Honorable Dean
5   D. Pregerson on _____, 2014 **[a date on or after one hundred and thirty-five**
6   **(135) days following entry of this Order]** at _____ a.m./p.m. at the United States
7   District Court, Central District of California, Courtroom #3, 312 Spring Street, Los
8   Angeles, California 90012, to determine:  whether the proposed Settlement of the
9   Lawsuit on the terms and conditions provided for in the Agreement is fair, adequate
10  and reasonable as to the Settlement Class Members and should be approved; whether
11  the Judgment, as provided for in the Agreement, should be entered; and whether the
12  amount of fees and costs that should be awarded to Class Counsel, and the amount of
13  the service awards that should be awarded to Plaintiffs, as provided for in the
14  Agreement.  The Court will also hear and consider any properly lodged objections at
15  that time.

16      8.    This Court approves Gilardi & Co. LLC as the Settlement
17  Administrator.  The Settlement Administrator is directed to implement the notice
18  program set forth in Sections 7.2 and 7.3 of the Agreement.

19      9.    This civil action was commenced after February 18, 2005.  To the extent
20  it has not already done so, the Court directs Chase to notify the appropriate Federal
21  and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,
22  and, at or before the Final Fairness Hearing, file proof that such notice has been
23  given.

24      10.   This Court finds that notice as set forth in Sections 7.2 and 7.3 of the
25  Agreement are the only notice required, and that such notice satisfies the
26  requirements of due process, the Federal Rules of Civil Procedure, the Class Action
27  Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and
28  constitutes the best notice practicable under the circumstances and will constitute due

- 3 -
[PROPOSED] PRELIMINARY APPROVAL ORDER                                    396

LA 51732215

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 66 of 75
Case 2:06-cv-04804-DDP-PJW   Document 3251   Filed 04/28/14   Page 4 of 78   Page ID
#:7276

1 and sufficient notice to all persons entitled thereto.  This Court approves the form

2 and content of the Postcard Notice and Long-form Notice attached as Exhibits C and

3 D to the Agreement.

4        11.   All Settlement Class Members who do not request exclusion ("opt-out")

5 from the Settlement Class certified pursuant to Federal Rule of Civil Procedure

6 23(b)(3), pursuant to the procedure set forth in Paragraph 12 below, will be bound by

7 all determinations and judgments in this Lawsuit concerning the Settlement,

8 including, but not limited to, the validity, binding nature and effectiveness of the

9 releases set forth in Sections 6.1 and 6.2 of the Agreement.

10        12.   Any Settlement Class Member who wishes to opt-out of the Settlement

11 Class will submit to the Settlement Administrator an appropriate written request for

12 exclusion by mail, postmarked no later than one hundred and five (105) days after

13 entry of this Order.  The request for exclusion must be personally signed by the

14 Settlement Class Member, and include:  (i) the Settlement Class Member's name,

15 address, telephone number; (ii) the last four digits of the Settlement Class Member's

16 Chase credit card account number(s); (iii) a sentence certifying that he or she is a

17 Settlement Class Member; and (iv) the following statement: "I request to be excluded

18 from the class settlement in Davis v. Chase Bank USA, N.A., United States District

19 Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW."  No

20 Settlement Class Member, or any person acting on behalf of or in concert or

21 participation with a Settlement Class Member, may exclude any other Settlement

22 Class Member from the Settlement Class.

23        13.   Any Settlement Class Member, who has not previously opted-out in

24 accordance with the terms of Paragraph 12 above, may appear at the Final Fairness

25 Hearing to argue that the proposed Settlement should not be approved and/or to

26 oppose the application of Class Counsel for an award of attorneys' fees and costs and

27 the service awards to Plaintiffs; provided, however, that no Settlement Class Member

28 will be heard, and no objection may be considered, unless the Settlement Class

LA 51732215

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 67 of 75
Case 2:06-cv-04804-DDP-JW    Document 331    Filed 08/29/14    Page 49 of 78    Page ID
#:7277

1  Member files with this Court a written statement of the objection postmarked no later

2  than one hundred and five (105) days following entry of this Order.  Copies of all

3  objection papers also must be served electronically via the Court's ECF system or

4  mailed, postmarked no later than one hundred and five (105) days following entry of

5  this Preliminary Approval Order, to each of the following: Class Counsel, Drew

6  Pomerance, Esq., Roxborough, Pomerance, Nye & Adreani, LLP, 5820 Canoga

7  Avenue, Woodland Hills CA 91367-6549; and counsel for Chase, Julia B. Strickland,

8  Esq. and Stephen J. Newman, Esq., Stroock & Stroock & Lavan LLP, 2029 Century

9  Park East, 16th Floor, Los Angeles, California 90067.  All objections must include:

10  (i) the objector's name, address and telephone number; (ii) the last four digits of the

11  objector's Circuit City Rewards Credit Card account number(s); (iii) a sentence

12  certifying he or she is a Settlement Class Member; (iv) the factual basis and legal

13  grounds for the objection to the Settlement; (v) the identity of witnesses whom the

14  objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the

15  objector may seek to offer into evidence at the Final Fairness Hearing; (vii) a

16  sentence certifying that the objector has not been promised anything in return for

17  objecting; and (viii) the personal signature of the objector.

18       14.   Class Counsel will submit their papers in support of final approval of

19  the Settlement and their application for attorneys' fees and reimbursement of

20  expenses by no later than twenty (20) days before the objection deadline set by

21  Paragraph 13 above.

22       15.   Class Counsel will submit their papers in response to any objections by

23  no later than seven (7) days before the Final Fairness Hearing.

24       16.   The costs of notice and settlement administration shall be paid as

25  described in Section 4 of the Agreement.

26       17.   All proceedings in this Lawsuit are stayed pending final approval of the

27  Settlement, except as may be necessary to implement the Settlement or comply with

28  the terms of the Agreement.

398

LA 51732215

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 68 of 75
Case 2:06-cv-04804-DDP-FJW   Document 3251   Filed 04/29/14   Page 50 of 78   Page ID
#:7278

18. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction will not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 12 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

19. This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the Settlement without further notice to Settlement Class Members.

IT IS SO ORDERED.

Dated: _____      _____
                                DEAN D. PREGERSON
                                United States District Court Judge

LA 51732215

# EXHIBIT B

LA 51732215

Case 08-35653-KRH   Doc 13532-5   Filed 12/18/14   Entered 12/18/14 16:55:42   Desc
Exhibit(s) Part 5   Page 70 of 75
Case 2:06-cv-04804-DDP-PJW   Document 334251   Filed 03/28/14   Page 548 of 78   Page ID
#:7480

1

2

3

4

5

6

7

8             **UNITED STATES DISTRICT COURT**

9         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

GARY DAVIS, an individual, on behalf )    Case No. CV 06-04804 DDP (PJWx)
of himself, as Private Attorney General, )
and on behalf of all others similarly )    Assigned to the Hon. Dean D. Pregerson
situated, )
                     )    **[PROPOSED] FINAL APPROVAL**
              Plaintiff, )    **ORDER**
                     )
       v. )
                     )
CHASE BANK U.S.A., N.A., a )
Delaware corporation; and DOES 1 )
through 50, inclusive, )
                     )
            Defendants. )

18

19

20

21

22

23

24

25

26

27

28

LA 51732215

1      Plaintiffs, on their own behalf and on behalf of all similarly situated

2  consumers, submitted to the District Court a Motion for Final Approval of the Class

3  Action Settlement ("Motion") seeking final approval of the Stipulation and

4  Agreement of Settlement (the "Agreement" or the "Settlement"), and the exhibits

5  attached thereto, entered into by and between Plaintiffs and Chase. Chase does not

6  oppose Plaintiffs' Motion.

7      By Order dated _____, 2014, the District Court entered an Order that

8  preliminarily approved the Agreement and conditionally certified the Settlement

9  Class for settlement purposes only (the "Preliminary Approval Order"). Due and

10 adequate notice having been given to the Settlement Class in compliance with the

11 procedures set forth in the Agreement and the Preliminary Approval Order, this

12 Court having considered all papers filed and proceedings had herein, and otherwise

13 being fully informed of the premises and good cause appearing therefore, IT IS

14 HEREBY ORDERED, ADJUDGED, AND DECREED:

15     1.    This Final Approval Order incorporates by reference the definitions in

16 the Agreement, and all terms used herein will have the same meanings as set forth in

17 the Agreement.

18     2.    This Court has jurisdiction over the subject matter of the above-

19 captioned action (the "Lawsuit") and, for purposes of this Settlement only, personal

20 jurisdiction over the Parties and all Settlement Class Members.

21     3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and

22 consistent with due process, this Court hereby approves the Agreement and finds that

23 the settlement consideration is fair and that said Settlement is, in all respects, fair,

24 reasonable and adequate to the Settlement Class Members, and the Parties are hereby

25 directed to consummate the Settlement in accordance with the terms and provisions

26 of the Agreement.

27     4.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby

28 certifies the Settlement Class solely for purposes of effectuating this Settlement.

LA 51732215

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 72 of 75
Case 2:06-cv-04305-DPH-PJW    Document 33251    Filed 03/29/14    Page 53 of 78    Page ID
#:7482

a.    The Settlement Class is defined as follows:

All Chase Circuit City Rewards Credit Cardmembers with California billing addresses who, between May 26, 2004 and [date] (inclusive), made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance.

b.    Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.    For purposes of this Settlement only, this Court finds and concludes that:    (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iii) the difficulties likely to be encountered in the management of this class action.

6.    This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of due process, the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all

2

403

LA 51732215

1  persons entitled thereto.  Class Counsel has filed with the Court proof that notice was

2  provided to Settlement Class Members in compliance with the procedures set forth in

3  the Agreement and the Preliminary Approval Order.  Chase's counsel has filed with

4  the Court proof of compliance with the Class Action Fairness Act of 2005.

5          7.     This Court has considered and hereby overrules all objections to the

6  Settlement on their merits.

7          8.     This Court hereby dismisses with prejudice on the merits and without

8  costs (except as otherwise provided in the Agreement) the above-captioned action

9  (subject to retention of jurisdiction to enforce the Settlement).

10         9.     By operation of this Final Approval Order and upon the occurrence of

11  the Effective Date, Plaintiffs and each Settlement Class Member, their respective

12  heirs, executors, administrators, representatives, agents, attorneys, partners,

13  successors, predecessors-in-interest, assigns and all persons acting for or on their

14  behalf, are deemed to have fully, finally and forever released the Released Parties (as

15  defined below) from all Claims (as defined below).

16         a.     "Released Parties" means Chase, together with its predecessors,

17  successors (including, without limitation, acquirers of all or substantially all of its

18  assets, stock or other ownership interests) and assigns; the past, present, and future,

19  direct and indirect, parents (including but not limited to holding companies and

20  JPMorgan Chase & Co.), subsidiaries and affiliates of any of the above; and the past,

21  present and future principals, trustees, partners, claims administrators (including,

22  without limitation, the Settlement Administrator), officers, directors, employees,

23  agents, attorneys, shareholders, advisors, predecessors, successors, assigns,

24  representatives, heirs, executors, and administrators of any of the above.

25         b.     "Claim" and "Claims" mean any and all actual or potential

26  claims, actions, causes of action, suits, counterclaims, cross-claims, third party

27  claims, contentions, allegations, and assertions of wrongdoing, and any demands for

28  any and all debts, obligations, liabilities, damages (whether actual, compensatory,

3

404

Case 08-35653-KRH    Doc 13532-5    Filed 12/18/14    Entered 12/18/14 16:55:42    Desc
Exhibit(s) Part 5    Page 74 of 75
Case 2:06-cv-04843-DDP-PJW    Document 3451    Filed 04/29/14    Page 55 of 78    Page ID
#:7284

1    treble, punitive, exemplary, statutory or otherwise), attorneys' fees, costs, expenses,

2    restitution, disgorgement, injunctive relief, any other type of equitable, legal or

3    statutory relief, any other benefits, or any penalties of any type whatsoever, whether

4    known or unknown, suspected or unsuspected, contingent or non-contingent, or

5    discovered or undiscovered, whether asserted in federal court, state court, arbitration

6    or otherwise, and whether triable before a judge or jury or otherwise, including,

7    without limitation, those that were alleged, or that could have been alleged based on

8    the same or similar facts and circumstances, in the Lawsuit.

9        c.    Without limiting the foregoing, the claims released pursuant to

10   Paragraph 9b (the "Released Claims") specifically extend to Claims that Settlement

11   Class Members do not know or suspect to exist in their favor as of or prior to the

12   Effective Date.

13       10.    The Parties, and all Settlement Class Members, agree that the releases in

14   Paragraph 9 constitute a waiver of Section 1542 of the California Civil Code and any

15   similar or comparable provisions, rights and benefits conferred by the law of any

16   state or territory of the United States or any jurisdiction, and any principle of

17   common law. Section 1542 of the California Civil Code provides:

18           A GENERAL RELEASE DOES NOT EXTEND TO
             CLAIMS WHICH THE CREDITOR DOES NOT KNOW
19           OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
             THE TIME OF EXECUTING THE RELEASE, WHICH
20           IF KNOWN BY HIM OR HER MUST HAVE
             MATERIALLY AFFECTED HIS OR HER
21           SETTLEMENT WITH THE DEBTOR.

22       Plaintiffs and each Settlement Class Member understand and acknowledge the

23   significance of these waivers of California Civil Code Section 1542 and/or of any

24   other applicable law relating to limitations on releases.  In connection with such

25   waivers and relinquishment, Plaintiffs and each Settlement Class Member

26   acknowledge that they are aware that they may hereafter discover facts in addition to,

27   or different from, those facts which they now know or believe to be true with respect

28   to the subject matter of the Settlement, but that they release fully, finally and forever

4

405

LA 51732215

Case 2:06-cv-04804-DPP-FFJW    Document 33251    Filed 04/29/14    Page 55 of 78    Page ID
#:7285

1  all Claims, and in furtherance of such intention, the releases will remain in effect

2  notwithstanding the discovery or existence of any such additional or different facts.

3  The Parties acknowledge (and all Settlement Class Members by operation of law are

4  deemed to have acknowledged) that the release of unknown Claims as set forth

5  herein was separately bargained for and was a key element of the Settlement.

6      11.    This Final Approval Order, the Preliminary Approval Order, the

7  Agreement, and any act performed or document executed pursuant to or in

8  furtherance thereof:

9          a.    Will not be offered or received against the Released Parties as

10  evidence of, or be construed as or deemed to be evidence of, any admission or

11  concession by the Released Parties as to the truth or relevance of any fact alleged by

12  Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class

13  certification had the Lawsuit been litigated rather than settled, or the validity of any

14  claim that has been or could have been asserted in the Amended Complaint or in any

15  other litigation, or the deficiency of any defense that has been or could have been

16  asserted to the Amended Complaint or in any other litigation, or of any liability,

17  negligence, fault, or wrongdoing of the Released Parties;

18          b.    Will not be offered as or received against any of the Released

19  Parties as evidence of, or construed as or deemed to be evidence of, any admission or

20  concession of any liability, negligence, fault or wrongdoing, or in any way referred

21  to for any other reason as against any of the parties to the Agreement, in any other

22  civil, criminal or administrative action or proceeding, other than such proceedings as

23  may be necessary to effectuate the provisions of the Agreement, except that the

24  Released Parties may refer to it to effectuate the liability protection granted them

25  thereunder;

26          c.    Will not be deemed an admission by Chase that it is subject to the

27  jurisdiction of any court;

28

5

406

LA 51732215