| | |
|---|---|
| Andrew W. Caine, Esq. | Lynn L. Tavenner, Esq. (VSB No. 30083) |
| (admitted *pro hac vice*) | Paula S. Beran, Esq. (VSB No. 34679) |
| PACHULSKI STANG ZIEHL & JONES LLP | TAVENNER & BERAN, PLC |
| 10100 Santa Monica Boulevard, 13th Floor | 20 North Eighth Street, 2nd Floor |
| Los Angeles, California 90067-4100 | Richmond, Virginia 23219 |
| Telephone: (310) 277-6910 | Telephone: (804) 783-8300 |
| Telecopy: (310) 201-0760 | Telecopy: (804) 783-0178 |

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) ) ) |
| Objector, | ) |
| | ) |
| v. | ) |
| | ) |
| BRUCE BESANKO (Claim No. 14990), | ) |
| | ) |
| Claimant. | ) |

**STIPULATION REGARDING CONFIDENTIALITY OF INFORMATION PRODUCED WITH RESPECT TO THE TRUST'S OBJECTION TO THE CLAIM OF BRUCE BESANKO (CLAIM NO. 14990); AND PROTECTIVE ORDER THEREON**

The Circuit City Stores, Inc. Liquidating Trust (the "Trust"), established pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims, through Alfred H. Siegel, the duly appointed trustee of the Trust (the "Trustee" or

1

"Objector"), and Claimant Bruce Besanko ("Besanko" or "Claimant") (each of the Trustee and Besanko may be referred to herein as a "Party," and, collectively, as the "Parties"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable herein by Federal Rules of Bankruptcy Procedure 7026 and 9014, hereby stipulate to and seek an order of the Court to establish a protocol to govern the disclosure and handling of materials designated as confidential by one or more of the Parties in this contested matter (the "Stipulation").

## I. DEFINITIONS

1. The following definitions shall apply to this Stipulation:

    a. "**Contested Matter**" shall mean the contested matter initiated by the Liquidating Trust's Thirteenth Omnibus Objection to Claims, with respect to the objection to Claim No. 14990 filed by Besanko.

    b. "**Document**" shall have the meaning ascribed by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, incorporated herein through Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, or such other meaning ascribed by a specific discovery request propounded by one of the Parties on a Party or a non-party.

    c. "**Confidential Information**" shall mean any information, document, materials or thing designated by a Party in good faith as confidential because it contains confidential financial information or is a trade secret or other confidential research, development, or commercial information, as these those terms are used in Rule 7026(c)(1)(G) of the Federal Rules of Bankruptcy Procedure, that, if made known publically, could potentially damage the Party producing the information or place the producing Party at a material economic disadvantage because the producing Party asserts that such information is either confidential or proprietary information that is otherwise protected from disclosure by applicable law.

2

## II. PROCEEDINGS AND INFORMATION GOVERNED

2. Pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7026-1, this Stipulation and Protective Order governs any (a) Documents or tangible things produced by and among the Parties or a non-party in this Contested Matter pursuant to Rules 7026, 7027, 7028, 7030 or 7034 of the Federal Rules of Bankruptcy Procedure; (b) exhibits; (c) digital information or electronically stored information; or (d) other Documents, writings, forms or recorded information, or things, filed in this Contested Matter that are designated by a Party or non-party as Confidential Information.

## III. DESIGNATION OF CONFIDENTIAL INFORMATION

3. When designating Confidential Information, the producing Party will apply the designation only to the information that the producing Party believes in good faith contains or constitutes Confidential Information pursuant to this Stipulation and Protective Order.

4. This Stipulation and Protective Order extends only to Documents or materials produced in connection with this Contested Matter.

5. Counsel for a Party furnishing documents or information may designate material as **"CONFIDENTIAL"** or, in a native production of documents in electronic format, marking **"CONFIDENTIAL"** on each electronic file (*e.g.*, by renaming the file to include "**CONFIDENTIAL**". There will be no other designations recognized by the Parties.

6. The inadvertent failure to designate or withhold as Confidential Information any Documents or materials shall not be deemed to be a waiver of a later designation as Confidential Information to such Documents or materials. The Documents or materials shall be treated by the receiving Party as Confidential Information as of the date of that Party's receipt of a written notice of designation.

## IV. DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

7. Except with the prior written consent of the designating person, or by order of this Court, and subject to the provisions below, material designated as "CONFIDENTIAL" may not be disclosed to any person other than:

(a) the Parties and their counsel;

(b) paralegal, clerical, and office personnel employed or retained by the foregoing who are actively engaged in connection with the Contested Matter;

(c) to a qualified person (defined below) if a Party or counsel, in good faith, deems it necessary or desirable for the prosecution or defense of the Contested Matter, including preparation of witnesses, consultants, or experts (a "Qualified Person"), if and only if the Qualified Person has been provided a copy of the Protective Order and has agreed to be bound by its terms;

(d) to reporters retained to transcribe depositions or any other proceedings in this action during which material designated as "CONFIDENTIAL" is disclosed and those persons, if any, specifically engaged for the limited purpose of making photocopies or digital files of documents or providing litigation consulting, graphics, document management, or other services in this case, provided that any non-trial submission be made under seal or with other appropriate confidentiality protection to maintain the confidentiality of such material;

(e) the Court, or persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing;

(f) any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned to assist by the Court or their administrative staff; and

(g) any other individual that the Parties agree in writing should receive

4

the Confidential Information.

8.  Any person to whom material designated as "CONFIDENTIAL" is disclosed or by whom it is used shall be subject to the Protective Order entered pursuant to this Stipulation and shall take all precautions necessary to prevent any disclosure or use other than as authorized by this Stipulation. Prior to disclosing Confidential Information to any person to whom it may be disclosed or by whom it may be used, as allowed herein, counsel shall disclose to such person the Protective Order entered pursuant to this Stipulation.

## V.  NO PREJUDICE

9.  Entering into, agreeing to and/or complying with the terms of the Protective Order entered pursuant to this Stipulation shall not:

(a)  operate as an admission by any Party that any particular documents, material or information contain or reflect trade secrets, proprietary or commercial information or other confidential matter or attorney-client privileged communications;

(b)  prejudice in any way the right of a Party to (i) seek a determination by the Court of whether any particular document or material should be produced or, if produced, is confidential or attorney-client privileged or whether it should be subject to the terms of the Protective Order to be entered pursuant to this Stipulation; (ii) seek a determination by the Court of whether any particular document or material produced as "CONFIDENTIAL" should, in fact, be entitled to the designation, and thus not be subject to the Protective Order; (iii) interpose an objection to a request for discovery on any ground; or (iv) seek relief on notice from any provision(s) of the Protective Order, either generally or as to any particular document, material or information; or

(c)  preclude or control the admissibility and/or use of material marked

"CONFIDENTIAL" at trial or any hearing.

## VI.    INFORMATION DESIGNATED IMPROPERLY

10. The restrictions set forth in any of the preceding paragraphs will not apply to:

    a. any information that at the time of disclosure is available to the public;

    b. any information that after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving Party, its counsel, or independent consultants; and

    c. any information that the receiving Party, its counsel, or independent consultants can show (i) as a matter of written record was already known to the receiving Party from legitimate sources (ii) as a matter of written record was independently developed by the receiving Party, (iii) was obtained from the furnishing Party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraph 7 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the Parties will attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any Party wishing to challenge the designation may file a motion for an appropriate order. This information shall be treated as confidential until the issue is resolved.

No Party shall be obligated to challenge the propriety or correctness of the designation of information as "CONFIDENTIAL," and a failure to do so will not preclude a subsequent challenge to such status. The burden of proof with respect the propriety or correctness in the designation of information as "CONFIDENTIAL" will rest on the designating Party, except that the burden of

proving the exceptions set forth in this paragraph 10 shall rest on the Party asserting the exceptions.

11. Any pleading or other document quoting, attaching, discussing or otherwise disclosing material governed by the Protective Order entered pursuant to this Stipulation shall be filed with the Court conventionally and not electronically under seal or shall have those portions that contain confidential or attorney-client privileged material filed under seal. Such document shall be filed in a sealed envelope prominently marked with the case name, case number, the identity of the Party filing the envelope, a complete title of the document, and the following notation:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEROF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER OR BY AGREEMENT OF PARTIES.**

12. Any Party with a good-faith belief that its business interests would be harmed by the unrestricted disclosure of CONFIDENTIAL INFORMATION at trial or hearing may, before such trial or hearing, move the Court to take precautions to prevent such unrestricted disclosure. The Court will then determine what protections, if any, are to be afforded such information at trial. If no motion is filed before trial to preserve the confidentiality of proposed exhibits or testimony at trial or hearing, or if the Court rules that any testimony or exhibits are not to be treated as confidential at trial or hearing, then any confidentiality stamp or legend previously placed on any document under the Protective Order shall be removed before the document is used at trial.

13. The Parties may disclose CONFIDENTIAL INFORMATION if required to do so by a court order or subpoena. However, before making that disclosure, each Party must inform the

other Party of the pending request to disclose CONFIDENTIAL INFORMATION, and provide at least ten (10) calendar days (the "Notice Period") within which the other Party may file a motion for protective order or seek any other appropriate remedy (unless such notice is prohibited by law or regulation). During the Notice Period, the Parties shall not produce the CONFIDENTIAL INFORMATION.

### VII.    MISCELLANEIOUS

14. Upon the closing, dismissal or other termination of this Contested Matter, any Party who or that has received CONFIDENTIAL INFORMATION shall return all such material to the producing Party. In lieu of return of such material and copies, counsel for the producing Party may agree to accept a certification that all such material and copies have been destroyed.

15. This Stipulation and Protective Order shall be subject to modification by the Court at any time, upon proper notice to the Parties and the opportunity for a hearing. A Party (or third party) may petition the Court, with good cause shown, if that Party (or third party) seeks relief from a term, provision, or condition of this Protective Order, including, without limitation, if this Protective Order impedes a Party's ability to prepare or present its case or any defenses. This Protective Order is entered without prejudice to the right of a Party to seek the entry of a separate protective order relating to any Documents, material, or information.

16. It is further agreed that the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, shall retain jurisdiction over all manner of disputes arising out of or related to this Stipulation and Protective Order.

| | |
|---|---|
| Dated:    March 5, 2015 | CHRISTIAN & BARTON, LLP |
| | |
| | */s/ Michael D. Mueller* |
| | Michael D. Mueller (VSB No. 38216) |
| | Christian & Barton LLP |
| | 909 East Main Street, Suite 1200 |
| | Richmond VA 23219 |
| | Telephone: (804) 697-4147 |
| | Facsimile: (804) 697-6396 |
| | *Counsel to Claimant Bruce Besanko* |
| | |
| Dated: March 5, 2015 | TAVENNER & BERAN, PLC |
| | |
| | */s/ Lynn L. Tavenner* |
| | Lynn L. Tavenner (VSB No. 30083) |
| | Paula S. Beran (VSB No. 34679) |
| | 20 North Eighth Street, 2nd Floor |
| | Richmond, Virginia 23219 |
| | Telephone: (804) 783-8300 |
| | - and – |
| | PACHULSKI STANG ZIEHL & JONES LLP |
| | Andrew W. Caine, Esq. |
| | (admitted *pro hac vice*) |
| | 10100 Santa Monica Boulevard, 13th Floor |
| | Los Angeles, California 90067-4100 |
| | Telephone: (310) 277-6910 |
| | *Counsel to Plaintiff, Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust* |

**ORDER**

Based on the Stipulation of the Parties set forth above, the relief agreed to therein is hereby **ORDERED.**

_____
Hon. Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:


 /s/ Michael D. Mueller
Michael D. Mueller (VSB No. 38216)
CHRISTIAN & BARTON LLP
909 East Main Street, Suite 1200
Richmond VA 23219
Telephone: (804) 697-4147
Facsimile: (804) 697-6396
*Counsel to Claimant Bruce Besanko*



 /s/ Lynn L. Tavenner
Lynn L. Tavenner, Esquire (VSB No. 0083)
 Paula S. Beran, Esquire (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone:    (804) 783-8300
Facsimile:    (804) 783-0178

-and-

Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone:    (310) 277-6910
Facsimile:    (310) 201-0760

*Counsel for Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) | Contested Matter |
| CIRCUIT CITY STORES, INC. | ) | |
| LIQUIDATING TRUST, | ) | |
| Objector, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRUCE BESANKO (Claim No. 14990), | ) | |
| | ) | |
| Claimant. | ) | |

### APPENDIX A – UNDERTAKING RE PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action and I have carefully read and understand the provisions of the Protective Order.

3. I will comply with and to be bound by all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL BUSINESS INFORMATION that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL BUSINESS INFORMATION that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on (date): _____ Signature: _____

## **Local Rule 9022-1(C) Certification**

I hereby certify that the foregoing Stipulation and Protective Order was endorsed by all necessary parties pursuant to Local Bankruptcy Rule 9022-1(C).

_____

Counsel

**PARTIES TO RECEIVE COPIES**

Michael D. Mueller, Esquire
CHRISTIAN & BARTON LLP
909 East Main Street, Suite 1200
Richmond VA 23219
Telephone: (804) 697-4147
Facsimile: (804) 697-6396

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone:     (804) 783-8300
Facsimile:     (804) 783-0178

Andrew W. Caine, Esquire (admitted *pro hac vice*)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone:     (310) 277-6910
Facsimile:     (310) 201-0760

1713138v2