Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION FOR ENTRY OF AN ORDER APPROVING
SETTLEMENTS BETWEEN THE CIRCUIT CITY STORES, INC. LIQUIDATING
TRUST AND VARIOUS DEFENDANTS IN THE CRT LITIGATION
AND MEMORANDUM IN SUPPORT THEREOF**

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), hereby moves (the "Motion") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the agreements (the "Settlement Agreements")[1] between the Trust and each of Philips Electronics North America Corporation, Koninklijke Philips N.V. (f/n/a Koninktijke Philips Electronics N.V.), Philips Taiwan Limited (f/n/a Philips Electronics Industries (Taiwan) Ltd.), and Philips do Brasil, Ltda, (f/n/a philips da Amazonia Industria Electronica Ltda.) (collectively

"Philips"), Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil LTDA, Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) SDN. BHD (collectively "Samsung SDI"), and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (f/k/a Matsushita-Toshiba Picture Display Co., Ltd.) (collectively "Panasonic") (together, Philips, Samsung SDI, and Panasonic are the "Settling Parties"), and attached hereto as **Exhibit B**.  The Trustee, on behalf of the Trust, and the Settling Parties are referred to herein collectively as the "Parties."  Pursuant to the Settlement Agreements, each of the Settling Parties will make a payment to the Trust as described in the Settlement Agreements to settle the Trust's claims against them.  In support of the Motion, the Trust respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is Section 105 of chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Agreements.

## BACKGROUND

*General Background*

5.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, and until the effective date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

7.      On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations.  On January 17, 2009, going out of business sales commenced at all of the Debtors' retail locations, and were completed as of March 8, 2009.

8.      On August 9, 2010, the Debtors and the Creditors' Committee filed the Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code. On September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order").  The Plan became effective on November 1, 2010 (the "Effective Date").

9.      Pursuant to the Liquidating Trust Agreement approved by the Confirmation Order, potential settlements of causes of action with damage claims over $10,000,000 require approval of the Oversight Committee (as defined in the Liquidating Trust Agreement) and the Court.

*Background Regarding Litigation between the Trust and the Settling Parties*

10.     Numerous private parties commenced civil litigation in courts across the United States, including the United States District Court for the Northern District of California (the "District

3

Court"), including class actions, with respect to purchases of cathode ray tubes and/or products containing cathode ray tubes (together, "CRTs"). The cases were consolidated for pretrial purposes under the caption *In Re Cathode Ray Tube Antitrust Litigation,* Master Case No. 3:07-cv-05944-SC, MDL NO. 1917 (the "CRT Litigation"). In the CRT Litigation, plaintiffs alleged violations of law, including the existence of unlawful conspiracies to raise, fix, maintain, or stabilize the prices of CRTs in the United States and elsewhere in violation of Section 1 of the Sherman Act and other laws, and including direct and indirect purchaser claims, and related claims or causes of action.

11.     The Trust engaged the law firm of Susman Godfrey ("Susman") to investigate and prosecute the Trust's potential claims against numerous potential targets in the CRT proceedings in connection with alleged price fixing activity on CRTs contained in a variety of electronic products sold in Circuit City stores, such as monitors and televisions.

12.     On November 14, 2011, the Trust, on behalf of the Debtors, filed an action seeking damages and other relief in the District Court concerning the pricing of CRTs, captioned as *Alfred H. Siegel, as Trustee of The Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* Ind. Case No. 11-cv-05502 (the "Circuit City Action"), in which the Trust alleged certain claims against the defendants named therein, including Philips, Samsung SDI, Panasonic, and Bejing Matsushita Color CRT Co., Ltd. ("BMCC"), including claims predicated on the defendants' alleged participation in unlawful conspiracies to raise, fix, maintain, or stabilize the prices of CRTs in the United States and elsewhere in violation of Section 1 of the Sherman Act and certain state antitrust, consumer protection, and unfair competition laws.

13.     Each of the Settling Parties believes that it has valid defenses to the claims asserted by the Trust. To avoid the uncertainties and expense associated with further litigation, the Parties have engaged, with the assistance of counsel, in good faith, arm's length settlement negotiations, and

4

after a careful investigation of the facts and circumstances and consideration of applicable law, the Parties have agreed to a fair, reasonable, and good faith settlement, the terms of which are set forth in the Settlement Agreements in Exhibit B hereto.

14.     The settlements resolve only the Trust's claims against the Settling Parties and Releasees, as defined in the Settlement Agreements, based on alleged price fixing and/or unlawful market allocation of CRTs as described in the Settlement Agreements; claims by the Trust against the Settling Parties and Releasees based on other products or services are not affected by the Settlement Agreements. The Settlement Agreements do not affect the Trust's claims against the other defendants in the Circuit City Action, and the Trust continues to pursue those claims.

## RELIEF REQUESTED

15.     By this Motion, the Trust seeks entry of an order authorizing it, pursuant to Bankruptcy Rule 9019(a), to enter into the Settlement Agreements with Philips, Samsung SDI, and Panasonic that are attached hereto as Exhibit B. Pursuant to the requirements of the Liquidating Trust Agreement, the Oversight Committee established pursuant to the Plan has approved the terms of the Settlement Agreements.

## THE MOTION SHOULD BE APPROVED UNDER THE STANDARDS PROVIDED IN BANKRUPTCY RULE 9019(A)

16.     Courts within this Circuit look to the following factors in assessing the reasonableness of proposed settlements:

>     (1) the probability of success in litigation;
>
>     (2) the difficulties associated with collection;
>
>     (3) the complexity of the litigation, and the attendant expense, inconvenience and delay; and
>
>     (4) the paramount interests of the creditors.

5

*See*, *e.g.*, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *United States ex. rel. Rahman v. Oncology Assoc., P.C.*, 269 B.R. 139, 152 (D. Md. 2001); *In re Frye*, 216 B.R. 166, 174 (E.D. Va. 1997).

17. The central factor in evaluating a proposed settlement is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See In re Bond*, No. 93-1410, 1994 WL 20107 at *3 (4th Cir. Jan. 26, 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'").

18. A settlement need not be the best that the debtor could have achieved to be approved, but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

19. Here, approval of each of the Settlement Agreements is warranted because each of the Settlement Agreements represents a compromise that is fair and equitable, falls well within the range of reasonableness, and satisfies the standards for approval under applicable law. Each of the Settlement Agreements is the product of extensive negotiations between the Trust and the applicable Settling Party.

20. The Trust submits that each of the Settlement Agreements meets the above criteria. The Trust and its counsel, aided by information from economic consultants retained for the Circuit City Action and CRT Litigation, have evaluated the relative merits of the case and all other factors which concern the evaluation of the settlement.

21. Each of the Settling Parties raises numerous defenses both with respect to the viability of the Trust's claims and the amount, if any, by which Circuit City was damaged. With

6

respect to the former, the Settling Parties allege, among other things, that (a) communications with competitors were limited to lawful exchanges of information and did not involve agreements to fix prices of CRTs, (b) CRTs used in televisions, which represent the vast majority of CRT products purchased by Circuit City, were not the subject of price-fixing or other anticompetitive agreements, (c) Circuit City purchased only CRT products, not CRTs, and thus, the Trust lacks standing to bring claims under the Sherman Act, and (d) many CRTs were sold or transferred to original equipment manufacturers or similar companies outside the United States, and therefore are excluded from antitrust laws in the United States under the Foreign Trade Antitrust Improvements Act. Concerning the Trust's recoverable damages, each of the Settling Parties also alleges, among other things, that the amount of the overcharges caused by the conspiracy, if any, were slight and varied widely over the applicable time period. Determination of damages in any price-fixing case is subject to extensive investigation and expert analysis and in this case concerns millions of transactions.

22. The risks in litigating are real ones. The Trust has assessed the potential litigation risks in light of the potential advantages of both litigation and settlement in reaching the proposed settlement.

23. This leads to the next consideration supporting the Settlement Agreements, *i.e.*, that litigation has been and would continue to be very fact-intensive and accordingly protracted and expensive. Each side could easily expend a significant sum – particularly when the very high cost of experts is included. Meanwhile, at a potential trial, both parties would incur extensive costs in preparing numerous witnesses and experts and conducting evidentiary trials. The resolution contemplated by the Settlement Agreements will avoid lengthy and expensive litigation between the Trust and the Settling Parties. Approval of the settlements avoids the incurrence of these expenses.

7

24. In considering the factors discussed in the case law described above, it is respectfully submitted that each of the Settlement Agreements satisfies the relevant factors:

    a. In light of the risk of taking the matter to trial, the Trust submits that the benefits of the settlement outweigh the risk, expense and delay of trial;

    b. In the event the settlement is not approved, there is a prospect of a complex and protracted litigation;

    c. The Oversight Committee representing the beneficiaries of the Trust has approved the settlement;

    d. The Trust submits that the proposed benefit to be received through the settlement payments represents a material benefit to the Trust;

    e. The nature and breadth of the releases contemplated in the Settlement Agreements are reasonable and consistent with settlements of this type; and

    f. All parties to the settlements are represented by competent and experienced counsel.

25. Each of the Settlement Agreements was the result of protracted arms-length bargaining, and was not the product of any fraud or collusion. *See Protective Comm. for Indep. Stockholders v. Anderson*, 390 U.S. 414, 424-425 (1968).

26. For the foregoing reasons, the Trust respectfully submits that each of the Settlement Agreements represents a fair and equitable compromise, a sound exercise by the Trustee of his business judgment and a decision that is in the best interest of the beneficiaries of the Trust. Certainly, each of the Settlement Agreements is well above the lowest point on the range of reasonableness. Accordingly, the Trust respectfully submits that the Court should approve the compromise of claims as embodied in the Settlement Agreements pursuant to Bankruptcy Rule 9019(a).

## NOTICE

27. Notice of this Motion is being provided to parties-in-interest in accordance with the Case Management Order. In light of the nature of the relief requested, the Trust respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made to this Court or any other court.

29. Pursuant to Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Trust respectfully requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

**WHEREFORE**, for the reasons set forth herein, the Trust respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreements, and granting such other and further relief as is just and proper.

Dated: Richmond, Virginia
April 1, 2015

By: _____*/s/ Lynn L. Tavenner*_____
Lynn L. Tavenner, Esq. (VSB No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
(804) 783-8300
-and-
Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

# EXHIBIT A

10

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
 *Liquidating Trust*

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**ORDER APPROVING SETTLEMENT
BETWEEN THE CIRCUIT CITY STORES, INC. LIQUIDATING
TRUST AND VARIOUS DEFENDANTS IN THE CRT LITIGATION**

Upon the motion (the "Motion") of Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") for the entry of an order (the "Order") approving the Settlement Agreements[2] with each of Philips Electronics North America Corporation, Koninklijke Philips N.V. (f/n/a Koninktijke Philips Electronics N.V.), Philips Taiwan Limited (f/n/a Philips Electronics Industries (Taiwan) Ltd.), and Philips do Brasil, Ltda, (f/n/a philips da Amazonia Industria Electronica Ltda.) (collectively "<u>Philips</u>"), Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil LTDA, Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI (Malaysia)

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

11

SDN. BHD (collectively "Samsung SDI"), and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (f/k/a Matsushita-Toshiba Picture Display Co., Ltd.) (collectively "Panasonic") (together, Philips, Samsung SDI, and Panasonic are the "Settling Parties"),; it appearing that the relief requested in the Motion is in the best interests of the beneficiaries of the Trust; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Motion having been provided to all necessary and appropriate parties, and no further notice being necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED and DECREED** that

1. The Motion is hereby granted in its entirety.

2. The Settlement Agreements with the Settling Parties are hereby approved. The Court finds that approval of the Settlement Agreements serve the best interest of the beneficiaries of the Trust. After considering (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors, the Court finds that the Settlement Agreements are fair and equitable, and hereby approves the Trust's exercise of its business judgment to enter into and perform under the Settlement Agreements.

3. The Trust is hereby authorized and directed to take any and all actions and execute any and all documents necessary to effectuate the Settlement Agreements.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

DOCS_LA:285679.2 12304/003

5.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____                        _____
       Richmond, Virginia                                    Honorable Kevin R. Huennekens
                                                                     United States Bankruptcy Judge

We ask for this:

_____
TAVENNER & BERAN, PLC
Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, VA 23219
Telephone: (804) 783-8300
ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700

Andrew W. Caine, Esq. (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

## CERTIFICATION OF ENDORSEMENT

       I hereby certify under penalty of perjury that pursuant to Local Rule 9022-1, all necessary parties have endorsed this Stipulation.

                                                                              _____

DOCS_LA:285679.2 12304/003

## EXHIBIT B

**(filed under seal pursuant to Docket #13619)**

14