Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER
TO STRIKE CERTAIN OF CLAIMANT ROY EISNER'S
EXPERT DISCLOSURES PURSUANT TO RULE 37**

**COMES NOW** Alfred H. Siegel ("Trustee"), solely in capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Trust") and not in any individual capacity, by counsel, and files this memorandum in support of its Motion ("Motion") for Order to Strike Certain of Claimant Roy Eisner's ("Claimant") Expert Disclosures Pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") (made applicable to this matter pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.")), and in support thereof states as follows, to wit[1]:

---

[1] The Trustee's Motion does not address whether any of the Claimant's expert witnesses are qualified under Rule 702 of the Federal Rules of Evidence or whether their testimony is admissible at trial. The Trustee does not waive and reserves all of its rights to object to the Claimant's expert witnesses qualifications and the admissibility of their testimony at a future time.

## Executive Summary

On January 8, 2009, Claimant filed a general unsecured, non-priority claim against the Debtors (as defined herein) for alleged personal injuries in the amount of $10 million. Claimant alleges that on April 8, 2008, he was assaulted by a former employee of the Debtors outside of a warehouse facility leased by Debtors and located in Bristol, Pennsylvania. Claimant further alleges that the Debtors' former employee blamed Claimant for his firing. Claimant sustained no fractures and did not require any surgery as a result of the incident. Claimant drove himself to the emergency room that morning and was treated for bruises and a laceration to his left ear and released the same morning. He returned to work the same day, and worked for approximately two weeks after the incident. Nonetheless, in his $10 million claim, Claimant alleges that he has sustained physical and mental injuries from the incident that have left him permanently disabled and unable to work. To attempt to sustain his claim, Claimant wishes to rely on expert testimony from five (5) purported experts. Disclosures as to three of these experts are inadequate, violate the Court's September 25, 2015 scheduling order and the Federal Rules of Civil Procedure and have prejudiced the Trustee.

Specifically, Claimant has submitted a one page summary letter from a Dr. Norman Stempler as to Claimant's alleged physical injuries. This letter does not, on its face, satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B) because it does not state the basis for the conclusory opinion contained therein, nor the facts or data considered by Dr. Stempler. The Trustee requested that Claimant supplement this deficient disclosure but Claimant has steadfastly refused. Claimant maintains that he need not do so because Dr. Stempler is his treating physician, but that claim is belied by: (i) Claimant's own testimony in which he admits that Dr.

2

Stempler was retained to provide expert testimony specifically for this case; and (ii) the fact that Dr. Stempler has seen the Claimant a grand total of two times since the incident.

Further, three weeks after the deadline set forth by this Court for disclosing experts, the Claimant without any justification for the tardiness identified Dr. Kenneth Morris and Dr. Roger Caine, two of his treating physicians, as experts who would testify at trial. In addition to their untimely disclosure which violates this Court's scheduling order, the Claimant also has failed to provide any disclosure as to the opinions these treating physicians will provide or the summary of the basis of those opinions – in direct violation of Fed. R. Civ. P. 26(a)(2)(C). The Trustee identified these deficiencies to the Claimant as well but he has refused to supplement his disclosures.

Accordingly, the Trustee respectfully requests that the Court strike the expert disclosures of Dr. Norman Stempler, Dr. Kenneth Morris and Dr. Roger Caine, and bar Claimant from relying on these experts as witnesses.

**Statement of Facts**

**Commencement of the Bankruptcy Cases**

1. On November 10, 2008, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively, the "Debtors") filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code, and continued to operate as a debtor-in-possession pursuant to sections 1107 and 1108. *See* Krolewski Decl. at ¶ 3.[2]

2. On September 14, 2010, this Court entered an order confirming the Plan of Liquidation (the Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors

---

[2] Citations to "Krolewski Decl." refer to the Declaration of Martin A. Krolewski dated April 8, 2015 and the exhibits annexed thereto filed simultaneously with and in support of the Trustee's Motion.

3

Holding General Unsecured Claims [Docket No. 8252 in case No. 08-35653] [the "Plan of Liquidation"]), which created the Trust and appointed the Trustee [Docket No. 8555]. *See id.* at ¶ 4.

3. Pursuant to the Plan of Liquidation, the Trustee, in part, has the sole authority to litigate objections to claims asserted against the Debtors' substantively consolidated estate. *See id.* at ¶ 5.

4. The Plan of Liquidation became effective on November 1, 2010. *See id.* at ¶ 6.

### The Eisner Claim

5. On January 8, 2009, Claimant filed a general, unsecured claim ("Eisner Claim") against the Debtors for alleged personal injuries in the amounts of $10 million. *See* Krolewski Decl. at ¶ 7. Claimant alleges that he was assaulted by a former employee of the Debtors who blamed Claimant for his firing. *See id.* As a result of the alleged assault, Claimant alleges that he has purportedly suffered physical and mental injuries that have left him permanently disabled and unable to work. *See id.*

6. Thereafter, on August 20, 2009, the Debtors objected to the Eisner Claim in their Thirty-First Omnibus Objection [Docket No. 4585]. *See id.* at ¶ 8.

7. On March 18, 2013, the Court entered an Order Implementing Alternative Dispute Resolution Procedures for Certain Disputed Claims [Docket No. 12855] (the "ADR Order"), including the Eisner Claim. *See id.* at ¶ 9. The ADR Order requires, in part, that the Trustee and Eisner mediate the Eisner Claim. *See id.*

8. The parties mediated the Eisner case pursuant to the ADR Order on October 8, 2013 but did not resolve the claim. *See id.* at ¶ 9.

9.

**Expert Discovery**

10. On August 27, 2014, counsel for the parties attended a scheduling conference held by the Court. Thereafter, the Court entered a discovery scheduling order on September 25, 2014, as agreed upon by the parties ("Scheduling Order"), that, in part, governed the timing and sequence of expert discovery in connection with the Eisner Claim. *See* Krolewski Decl. at ¶ 11; *see also* Ex. A to the Krolewski Decl.

11. As to expert discovery, the Scheduling Order required that:

> The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (made applicable to this matter pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure) no later than February 13, 2015. *See* Ex. A to Krolewski Decl. at ¶ 6.

12. To the extent any party's expert report intended to rebut any other report, the Scheduling Order required that such rebuttal reports be served on no later than March 23, 2015. *See id.* at ¶ 7. Further, the Scheduling Order provided that all expert depositions be completed on or before April 30, 2015. *See id.* at ¶ 8.

13. The Scheduling Order also stated that "Failure to comply with this Order shall result in appropriate sanctions." *See id.* at p. 2.

14. On December 29, 2014, Claimant's counsel sent a letter to Trustee's counsel disclosing the identities of the following three testifying expert witnesses: (i) H. Gary Broughton as Claimant's vocational expert; (ii) Dr. Norman Stempler, as Claimant's testifying expert on Claimant's alleged back and neck injuries; and (iii) Dr. Brad Shamis as Claimant's testifying expert on Claimant's purported mental anguish complaints. *See* Krolewski Decl. at ¶ 15; *see also* Ex. B to the Krolewski Decl.

5

15.     As to Mr. Broughton, Claimant's counsel attached his expert report, curriculum vitae, fee schedule and testimony list. *See id.* As to Dr. Stempler and Dr. Shamis, however, Claimant only provided one page conclusory statements for each. *See id.* The Claimant made no other expert disclosures on or before February 13, 2015.[3] *See id.*

16.     In a letter to Claimant's counsel dated March 5, 2015, the Trustee objected to the inadequate expert disclosures for Dr. Stempler and Dr. Shamis on the grounds that they failed to satisfy the requirements set forth in Fed. R. Civ. P. 26(a)(2)(B) for expert reports and as such also violated the Scheduling Order. *See* Krolewski Decl. at ¶ 17; *see also* Ex. C to the Krolewski Decl.

17.     On March 6, 2015, Claimant's counsel responded and provided curricula vitae, fee schedules and testimony lists for Dr. Stempler and Dr. Shamis. *See* Krolewski Decl. at ¶ 18; *see also* Ex. D to the Krolewski Decl. Claimant's counsel, however, did not provide any further written disclosures from either Dr. Stempler or Dr. Shamis, such as the basis s for their opinions or the facts or data relied upon to support their opinions. *See id.* Moreover, even though it was three weeks after the Scheduling Order's deadline for disclosing experts, Claimant's counsel stated for the first time that Claimant would rely on two additional expert witnesses − Dr. Kenneth Morris and Dr. Rodger Caine, both of whom were Claimant's treating physicians. *See id.* Claimant's counsel, however, only provided Dr. Caine's curriculum vitae and testimony list but no other disclosure for either of these two treating physicians, including importantly, the

---

[3]    Pursuant to the provisions of the Scheduling Order, on February 13, 2015, the Trustee timely disclosed the identity of its four testifying expert witnesses and informed the Claimant that each of these witnesses would be called only as rebuttal expert witnesses. *See* Krolewski Decl. at ¶ 16. On March 23, 2015, in compliance with the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(B), the Trustee served upon Claimant's counsel the rebuttal expert reports for each of its previously identified rebuttal expert witnesses along with their curricula vitae, fee schedules and testimony lists. *See id.*

6

subject matter of their testimony or a summary of the facts and opinions to which these two witnesses were expected to testify. *See id.*

18. On March 11, 2015, the Trustee renewed its objection to Dr. Stempler and further objected to the disclosures of Dr. Morris and Dr. Caine on the grounds the untimely disclosures violated the Scheduling Order and that the Claimant failed to make the requisite disclosures pursuant to Fed. R. Civ. P. 26(a)(2). *See* Krolewski Decl at ¶ 19; *see also* Ex. E to the Krolewski Decl.

19. On March 17, 2015, Claimant's counsel responded to the Trustee's objections by stating that the disclosures were sufficient because Dr. Stempler, Dr. Morris and Dr. Caine were all treating physicians and thus, were not retained for the purposes of testifying, and were not required to make the requisite disclosures under Fed. R. Civ. P. 26(a)(2). *See* Krolewski Decl. at ¶ 20; *see also* Ex. F to the Krolewski Decl. No further disclosures were made for any of these physicians. *See id.*[4]

20. Despite failing to serve adequate disclosures as to at least three of Claimant's purported experts (Drs. Stempler, Caine and Morris), on April 1, 2015 Claimant's counsel requested for the first time that the Trustee agree to allow the Claimant to file rebuttal reports to the Trustee's rebuttal expert reports. *See* Krolewski Decl. at ¶ 23; *see also* Ex. I to the Krolewski Decl. Nothing in the Scheduling Order allows for such reports, which in effect would reward Claimant for his violation of the Court's Scheduling Order. *See* Exhibit A to the Krolewski Decl. Further, in response to the Trustee's notices of expert depositions, Claimant's counsel has insisted that the Trustee pay for the Claimant's experts time to be deposed pursuant to their

---

[4] With the deposition deadline for experts approaching under the Scheduling Order - April 30, 2015 - and to preserve the Trustee's rights, on April 2, 2015, Trustee's counsel served notices of expert depositions for each of Claimant's purported experts for April 24 and 27-30. *See* Krolewski Decl. at ¶ 22; *see also* Ex. H to the Krolewski Decl.

hourly rates which have not been disclosed to date. *See* Krolewski Decl. at ¶ 23; *see also* Ex. J to the Krolewski Decl.

## Argument

### A.  Fed. R. Civ. P. 26(a)(2) Sets Forth the Requirements For the Identification and Disclosure of Expert Witnesses

21.   "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A); *see also Wright v. Commonwealth Primary Care, et al.,* No. 3:10-CV-0034, 2010 WL 4623998, at *1 (E.D. Va. Nov. 2, 2010); *Kristensen, et al., v. Spotnitz, et al.*, No. 3:09-CV-00084, 2011 WL 5320686, at *1 (W.D. Va. June 3, 2011). The identification requirement under Fed. R. Civ. P. 26(a)(2)(A) not only applies to witnesses who have been retained to provide expert testimony at trial but also to treating physician who will be testifying as witnesses at trial. *See Spotnitz*, 2011 WL 5320686 at *1; *see also Burreson v. BASF Corp.*, No. 2:13-CV-0066-TLN AC, 2014 WL 4195588, at *3 (E.D. Cal. Aug. 22, 2014). Further, Fed. R. Civ. P. 26(a)(2)(B) and (C) sets forth specific requirements for disclosure by expert witnesses, both specifically-retained and non-retained (*i.e.,* treating physician).

22.   Specifically, Fed. R. Civ. P. 26(a)(2)(B) requires a litigant to produce a written report for any witness who is "retained or specifically employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B); *see also Wright*, 2010 WL 4623998, at *1-2. Such a report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;

8

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* "The purpose of the report is 'to avoid the disclosure of 'sketchy and vague' expert information.'" *Wright*, 2010 WL 4623998, at *2 (citations omitted) "'An expert report satisfies Rule 26(a)(2)(B) if it is 'sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.'" *Id.*

23.  Treating physicians are required to provide disclosures pursuant to Rule 26(a)(2)(C). *See Spotnitz*, 2011 WL 5320686, at *1; *see also Burreson*, 2014 WL 4195588, at *3. Fed. R. Civ. P. 26(a)(2)(C) requires a treating physician to state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C); *see also Spotnitz,* 2011 WL 5320686, at *1; *Burreson,* 2014 WL 4195588, at *3. "[The] Rule 26(a)(2)(B) written report and Rule 26(a)(2)(C) disclosures 'share the goal of increasing efficiency and reducing unfair surprise.'" *Burreson*, 2014 WL 4195588, at *3 (citation omitted).

**B.    Untimely and/or Deficient Expert Disclosures
       <u>Should Be Excluded Under Fed. R. Civ. P. 37</u>**

24.  Fed. R. Civ. P. 37(c)(1) governs the failure to make the requisite expert disclosures. If a party provides untimely or inadequate expert disclosures, Fed. R. Civ. P.

9

37(c)(1) states that: "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); s*ee also Wright*, 2010 WL 4623998, at *1. On motion, the court may choose to additionally or alternatively "(A) . . . order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) . . . inform the jury of the party's failure; and (C) . . . impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)." Fed. R. Civ. P. 37(c)(1)(A)-(C).

25. Because a party's failure to make the disclosures required by Fed. R. Civ. P. 26(a)(2) "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case," a court has "*particularly wide latitude*" to order sanctions under Fed. R. Civ. P. 37(c)(1). *Saudi v. Northrop Grumman Corp., et al.*, 427 F.3d 271, 278-79 (4th Cir. 2005) (emphasis added) (quoting *S. States Rack and Fixtures, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 595 (4th Cir. 2003)); *see also Tokai Corp., et al. v. Easton Enterprises, et al.*, 632 F.3d 1358, 1365 (Fed. Cir. 2011) (citation omitted) (Fed. R. Civ. P. 37(c)(1) puts "teeth" into Fed. R. Civ. P. 26(a)(2) requirements). The party facing sanctions - the Claimant in this case - bears the burden of establishing that its omission was substantially justified or is harmless. *See Carr v. Deeds, et al.*, 453 F.3d 593, 602 (4th Cir. 2006); *see also S. States Rack and Fixtures,* 318 F.3d at 596.

**C.    Certain of Claimant's Expert Disclosures Should Be
        Stricken For Violating the Scheduling Order and the
        <u>Applicable Fed. R. Civ. P. Rule 26(a)(2) Disclosure Requirements</u>**

   **1.    <u>Dr. Stempler's Disclosure Should Be Stricken And Claimant Should
            Be Barred from Calling Him as an Expert Witness In This Matter</u>**

26. The Court's Scheduling Order clearly requires that Claimant's Fed. R. Civ. P. 26(a)(2) disclosures to be provided on or before February 13, 2015. *See* Ex. A to the Krolewski

10

Decl. at ¶ 6. On December 29, 2014, Claimant's counsel specifically identified Dr. Stempler as a testifying expert witness but has provided only a one page conclusory statement from him that it designated as his "expert report." *See* Krolewski Decl. at ¶ 15; *see also* Ex. B to the Krolewski Decl.

27. Dr. Stempler's purported one page "expert report" dated December 2, 2014 does not come close to meeting the requirements set forth in Fed. R. Civ. P. 26(a)(2)(B).[5] The one page conclusory statement of Dr. Stempler does not specify what data or information he has reviewed or relied upon to reach his opinions. *See* Krolewski Decl. at ¶ 15; *see also* Ex. B to the Krolewski Decl. Nor are Dr. Stempler's conclusions supported by any basis and reasons. *See Washington v. McKee,* No. 4:06-CV-6, 2006 WL 2252064, at *2 (E.D. Va. August 3, 2006) (citation omitted) ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinion."). These deficiencies violate Fed. R. Civ. P. 26(a)(2)(B) as well as this Court's Scheduling Order.

28. Such failures are not substantially justified nor harmless. Claimant had over four (4) months from the entry of the Scheduling Order to provide an adequate disclosure from Dr. Stempler, yet failed to do so. The Trustee has been prejudiced because it cannot have its experts adequately respond to Dr. Stempler's conclusory expert opinion. Instead, the Trustee has been left guessing as to what Dr. Stempler relied upon and how and why he reached his summary conclusion. As a result, in order to prepare adequately for trial, the Trustee must take Dr. Stempler's deposition to ascertain what he relied upon and how and why he reached his conclusions – all of which should be unnecessary by virtue of Fed. R. Civ. P. 26(a)(2)(B). *See*

---

[5] The December 29, 2014 disclosure also lacked Dr. Stempler's curriculum vitae, testimony list and his fee schedule as required by the rule but the Claimant did provide that information on March 6, 2015 – albeit three weeks after the deadline for expert disclosures. *See* Krolewski Decl. at ¶¶ 15 and 18; *see also* Exs. B and D to the Krolewski Decl.

11

*Campbell v. United* States, No. 3:10-CV-363, 2011 WL 588344, at *3 (E.D. Va. Feb. 8, 2011, *aff'd,* No. 11-1554, 2012 WL 34445 (4th Cir. Jan. 9, 2012) (Rule 26(a)(2) exists partly in order in order to prevent an opposing party from being forced to discover the basis of an experts opinions entirely through deposition testimony). Making matters worse, Claimant's counsel is insisting that the Trustee pay for Dr. Stempler's time to be deposed. *See* Krolewski Decl. at ¶ 23; *see also* Ex. J to the Krolewski Decl.

29.    Highlighting the prejudice even further is Claimant's belated request to submit a "rebuttal" report. Instead of providing a full, adequate disclosure to sustain his burden on his $10 million claim, Claimant submitted a one-page summary letter from Dr. Stempler, and then waited for and received the Trustee's full expert disclosures. Having the advantage of reviewing those disclosures, the Claimant now seeks to submit his own rebuttal expert reports to the Trustee's rebuttal expert reports - in effect flipping the burden upside-down. *See* Krolewski Decl. at ¶ 23; *see also* Ex. I to the Krolewski Decl. The Scheduling Order does not allow for such rebuttals and such a request should be summarily rejected based on the facts at hand.

30.    Similar deficiencies in expert disclosures have led courts in this district to exclude the expert in question and strike their disclosures. For example, in *Campbell*, the court held that the expert disclosure was inadequate when the disclosure was a "one-page letter" consisting of conclusions with no basis or reasoning for the opinions and no summary of data and facts relied – exactly like Dr. Stempler's purported expert report – and excluded the expert and his disclosure. *See Campbell*, 2011 WL 588344*3-4. Likewise, in *Sharpe v. United States*, 230 F.R.D. 452 (E.D. Va. 2005), the court precluded the testimony of medical experts based on their failure to provide complete statements of opinions, the basis for those opinions and their failure to set forth what data or information that they relied upon in making these opinions as required

by Fed. R. Civ. P. 26(a)(2)(B). *See also Wright*, 2010 WL 4623998, at *3-5 (citations omitted) (excluding expert disclosure based on the failure of the expert report to satisfy the Fed. R. Civ. P. 26(a)(2)(B) requirements); *Zaklit v. Global Linguist Solutions, LLC*, No. 1:14cv314 (JCC/JFA), 2014 WL 4925780, at *4 (E.D. Va. Sept. 30, 2014) (excluding expert testimony when the expert report did not set forth all of the opinions the expert will testify to, did not give a basis or reason for the opinions and did not cite to any information or data the expert considered when forming his opinions).

31. In response to the Trustee's objections to Dr. Stempler's purported "expert report", Claimant's counsel stated for the first time on March 17, 2015 – and in direct contradiction to its December 29, 2014 disclosure – that Dr. Stempler was a "treating physician" who was "not retained for the purposes of testifying" and therefore, exempt from the Fed. R. Civ. P. 26(a)(2)(B) disclosures. *See* Krolewski Decl. at ¶¶ 15 and 20; *see also* Exs. B and F to the Krolewski Decl.

32. Dr. Stempler, however, is not the Claimant's treating physician. Claimant has only seen Dr. Stempler twice in his life, once on September 4, 2008, a few months after the alleged incident, and the second time over six years later on December 2, 2014 – not coincidently the date of Dr. Stempler's one page conclusory expert disclosure. *See* Krolewski Decl. at ¶¶ 15 and 21; *see also* Exs. B and G to the Krolewski Decl. Moreover, the Claimant himself admitted during his deposition that Dr. Stempler was retained to provide expert testimony in this litigation. *See* Krolewski Decl. at ¶ 21; *see also* Ex. G to the Krolewski Decl. at pp. 167-68. Specifically, the Claimant testified that:

> Q. Who is Norman Stempler, sir?
>
> A. He is, I think, an orthopedic doctor.

13

* * *

    Q.    He has been retained to provide an opinion for you in this case, right?

    A.    Yes.

Ex. G to the Krolewski Decl. at p. 167. Accordingly, the uncontroverted facts evidence that Dr. Stempler is an expert witness retained for the purpose of providing expert testimony at trail. As such, Claimant's failure to provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B) for Dr. Stempler requires that he be excluded and his disclosure stricken.

    **2.**    **Dr. Morris' and Dr. Caine's Disclosures Should Be Stricken and Claimant Should Be Prevented from Using Them as Expert Witnesses**

    33.    As noted, the Court's Scheduling Order clearly indicated that Claimant's Fed. R. Civ. P. 26(a)(2) disclosures were required on or before February 13, 2015. *See* Ex. A to the Krolewski Decl. at ¶ 6. Three weeks after the deadline, and without any justification, Claimant's counsel identified Dr. Kenneth Morris and Dr. Rodger Caine as Claimant's treating physicians who will be testifying as expert witnesses at trial. *See* Krolewski Decl. at ¶ 18; *see also* Ex. D to the Krolewski Decl. Claimant's unjustified, untimely and belated identification of these "experts" in violation of this Court's Scheduling Order is reason enough to exclude them and strike their disclosures.

    34.    In addition, Claimant also failed to make *any* disclosure *whatsoever* for these witnesses. *See* Krolewski Decl. at ¶¶ 18 and 20. Specifically, Claimant has failed to disclose the subject matter on which they are expected to present evidence and a summary of the facts and opinions to which they are expected to testify pursuant to Fed. R. Civ. P. 26(a)(2)(C).

    35.    As a result, the Trustee does not even know what subject matters as to which these treating physicians will testify and certainly does not know whether these treating physicians will offer opinions about diagnosis, prognosis or causation. At best, the Trustee is left

to speculate based solely on the medical records previously produced as to what testimony may be offered at trial. The medical records, however, are voluminous because the Claimant has been seeing these two professionals for years. *See* Krolewski Decl. at ¶ 21. Dr. Morris, for example, has been the Claimant's primary care physician for over 15 years and has treated him for a wide range of complaints.[6] *See* Krolewski Decl. at ¶ 21; *see also* Ex. G to the Krolewski Decl. at pp. 283 and 310. Accordingly, the Claimant's violations are not harmless. As with Dr. Stempler, the Trustee has been prejudiced by these inadequate disclosure because it cannot it adequately conduct its expert discovery or adequately respond to these witnesses with its own rebuttal.

36.   Based on his unjustified and prejudicial violations of the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(C) requirements, the Claimant should not be allowed to offer Dr. Morris' and Dr. Caine's testimony, and their designations should be stricken.

**D.   In the Alternative, The Court Should Compel Claimant to Provide Expert Disclosures Within 14 Days That Satisfy Applicable Fed. R. Civ. P. Rule 26(a)(2) Requirements**

37.   As set forth above, courts have "*particularly wide latitude*" to order sanctions under Fed. R. Civ. P. 37(c)(1). *See Northrop Grumman Corp.*, 427 F.3d at 278-79(emphasis added) (quoting *S. States Rack and Fixtures,* 318 F.3d at 595). To the extent that this Court declines to strike the expert disclosures of one or more of Dr. Stempler, Dr. Morris and/or Dr. Caine, as an alternative remedy, the Trustee requests that this Court enter and order compelling

---

[6]   Disclosures of medical records do not satisfy the disclosure requirement set forth in Fed. R. Civ. P. 26(a)(2)(C). *See Spotnitz*, 2011 WL 5320686, at *4 ("Plaintiffs cannot comply with [Fed. R. Civ. P. 26(a)(2)(C)] by disclosing the complete records of treating physicians"); *see also Smith v. Barrow Neurological Institute of St. Joseph's Hospital and Medical Center, et al.,* No. CV-10-01632-PHX-FJM, 2012 WL 4359057, at *1 (D. Arizona Sept. 21, 2012) (referring to medical records associated with treating physician fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(C) and is grounds to strike expert); *Brown v. Providence Medical Center, et al.*, No. 8:10-CV-230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (disclosure of medical records insufficient as "court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to.").

the Claimant to provide the requisite expert disclosures within 14 days of the order for such an expert witness or witnesses.

38.    Moreover, the Trustee requests that the Court also extend the time for the Trustee, at its discretion, to take the deposition of any expert witness or witnesses compelled to make the requisite expert disclosures and allow the Trustee, at its discretion, to submit supplemental rebuttal expert reports to any of the compelled expert disclosures.

E.    **The Court Should Award the Trustee Its Reasonable Expenses Incurred, Including Attorney's Fees, In Making This Motion**

39.    In addition, sanctions are in order for the Claimant's violation of this Court's Scheduling Order, the Federal Rules of Civil Procedure and dilatory tactics. The Trustee respectfully requests that pursuant to Fed. R. Civ. P. 37(c)(1)(A) the Court order the Claimant to pay the Trustee's reasonable expenses incurred in making this Motion, including attorney's fees. *See Northrop Grumman Corp.*, 427 F.3d at 278-79 (emphasis added) (quoting *S. States Rack and Fixtures,* 318 F.3d at 595) (courts have "*particularly wide latitude*" to order sanctions under Fed. R. Civ. P. 37(c)(1)).

40.    The Trustee has attempted in good faith to obtain the requisite expert disclosures without this Court's intervention by placing the Claimant on notice of the deficiencies in his expert disclosures on multiple occasions but the Claimant has refused and stated that his disclosures were sufficient. *See* Krolewski Decl. at ¶¶ 17-20; *see also* Exs. C-F to the Krolewski Decl. The Claimant's violation of the Scheduling Order and Fed. R. Civ. P. 26(a)(2) requirements is not substantially justified or harmless, and there are no other circumstances which make such an award of expenses unjust.

**Conclusion**

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests this Court to enter an order striking the expert disclosures of Dr. Norman Stempler, Dr. Kenneth Morris and Dr. Rodger Caine and not permitting Claimant to rely on these witnesses as experts, or, in the alternative, enter an order compelling the Claimant to provide the requisite expert disclosures within 14 days of the order for any expert not stricken and to extend the time for the Trustee to take the deposition of any expert witness or witnesses compelled to make the requisite expert disclosures and allow the Trustee to submit supplemental rebuttal expert reports to any of the compelled expert disclosures, as well as an award of the Trustee's reasonable expenses incurred, including attorney's fees, in making this Motion, and granting the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia
April 8, 2015

**ALFRED H. SIEGEL, SOLELY IN CAPACITY AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**

*/s/ Lynn L. Tavenner*_____
By:    Counsel
Lynn L. Tavenner, Esq. (Va. Bar No. 30083)
Paula S. Beran, Esq. (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

- and –

KELLEY DRYE & WARREN LLP
Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178

*Counsel for Circuit City Stores, Inc. Liquidating Trust*

# CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of April, 2015, a true and correct copies of the MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO STRIKE CERTAIN OF CLAIMANT ROY EISNER'S EXPERT DISCLOSURES PURSUANT TO RULE 37 and the DECLARATION OF MARTIN A. KROLEWSKI, ESQ. and the exhibits annexed thereto were served via electronic delivery through the Court's ECF system and/or first class mail, postage prepaid, to the following:

Marshall E. Kresman, Esq.
Law Offices of Marshall E. Kresman
1950 Street Road, Suite 103
The Constitution Building
Bensalem, PA 19020

Kevin J. Funk, Esq.
DURRETTE CRUMP PLC
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219

*/s/Lynn L. Tavenner*
By:    Counsel
Lynn L. Tavenner, Esq. (Va. Bar No. 30083)
Paula S. Beran, Esq. (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

- and -

KELLEY DRYE & WARREN LLP
Nicholas J. Panarella, Esq.
Martin A. Krolewski, Esq.
(admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Telecopy:   (212) 808-7897

*Counsel for Circuit City Stores, Inc. Liquidating Trust*