**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## <u>DECLARATION OF MARTIN A. KROLEWSKI, ESQ.</u>

MARTIN A. KROLEWSKI, declares the following is true and correct under the penalties of perjury pursuant to 28 U.S.C. § 1746:

1.      I am a special counsel at the law firm of Kelley Drye & Warren LLP ("Kelley Drye"), counsel for Alfred H. Siegel ("Trustee"), the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust ("Trust"), in connection with the litigation with Claimant Roy Eisner ("Claimant").

2.      I submit this declaration in support of the Trustee's Motion for Order to Strike Certain of Claimant Roy Eisner's Expert Disclosures Pursuant to Rule 37.  This declaration is based upon my personal knowledge and upon my review of relevant records and this Court's dockets related to the above captioned bankruptcy case and Claimant's general unsecured, non-priority claim no 3025.

## <u>Commencement of the Bankruptcy Cases</u>

3.      On November 10, 2008, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively, the "Debtors") filed voluntary petitions in this Court for relief under

Chapter 11 of the Bankruptcy Code, and continued to operate as a debtor-in-possession pursuant to sections 1107 and 1108.

4.      On September 14, 2010, this Court entered an order confirming the Plan of Liquidation (the Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims [Docket No. 8252 in case No. 08-35653] [the "Plan of Liquidation"]), which created the Trust and appointed the Trustee [Docket No. 8555].

5.      Pursuant to the Plan of Liquidation, the Trustee, in part, has the sole authority to litigate objections to claims asserted against the Debtors' substantively consolidated estate.

6.      The Plan of Liquidation became effective on November 1, 2010.

### The Eisner Claim

7.      On January 8, 2009, Claimant filed a claim against the Debtors for alleged personal injuries in the amount of $10 million.  Claimant filed his claim as a general unsecured, non-priority claim and it was designated as claim no. 3025 ("Eisner Claim").  Specifically, Claimant alleges that on April 8, 2008, he was assaulted by a former employee of the Debtors outside of a warehouse facility leased by Debtors and located in Bristol, Pennsylvania.  Claimant further alleges that the Debtors' former employee blamed Claimant for his firing.  Claimant sustained no fractures and did not require any surgery as a result of the incident.  Claimant drove himself to the emergency room that morning and was treated for bruises and a laceration to his left ear and released the same morning.  He returned to work the same day, and worked for approximately two weeks after the incident.  Nonetheless, in his $10 million claim, Claimant alleges that he has sustained physical and mental injuries from the incident that have left him permanently disabled and unable to work.

8.      Thereafter, on August 20, 2009, the Debtors objected to the Eisner Claim in their Thirty-First Omnibus Objection [Docket No. 4585].

9.      On March 18, 2013, the Court entered an Order Implementing Alternative Dispute Resolution Procedures for Certain Disputed Claims [Docket No. 12855] (the "ADR Order"), including the Eisner Claim.  The ADR Order required, in part, that the Trustee and Eisner mediate the Eisner Claim.

10.     The parties mediated the Eisner Claim pursuant to the ADR Order on October 8, 2013 but did not resolve the claim.

**Expert Discovery**

11.     On August 27, 2014, counsel for the parties attended a scheduling conference held by the Court.  Thereafter, the Court entered a discovery scheduling order on September 25, 2014 [Docket No. 13437] ("Scheduling Order"), as agreed upon by the parties, that, in part, governed the timing and sequence of expert discovery in connection with the litigation of the Eisner Claim. A true and correct copy of the Scheduling Order is annexed hereto as Exhibit A.

12.     As to expert discovery, the Scheduling Order required that:

> The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (made applicable to this matter pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure) no later than February 13, 2015.  *See* Exhibit A at ¶ 6.

13.     To the extent any party's expert report intended to rebut any other report, the Scheduling Order required that such rebuttal reports be served on no later than March 23, 2015. *See id.* at ¶ 7.  Further, the Scheduling Order provided that all expert depositions be completed on or before April 30, 2015.  *See id.* at ¶ 8.

14.     The Scheduling Order also stated that "Failure to comply with this Order shall result in appropriate sanctions."  *See id.* at p. 2.

15.     On December 29, 2014, Claimant's counsel sent a letter to Trustee's counsel disclosing the identities of the following three testifying expert witnesses:  (i) H. Gary Broughton as Claimant's vocational expert; (ii) Dr. Norman Stempler, as Claimant's testifying expert on Claimant's alleged back and neck injuries; and (iii) Dr. Brad Shamis as Claimant's testifying expert on Claimant's purported mental anguish complaints.  A true and correct copy of the December 29, 2014 letter and the attachments thereto is annexed hereto as Exhibit B.  As to Mr. Broughton, Claimant's counsel attached his expert report, curriculum vitae, fee schedule and testimony list.  *See id.*  As to Dr. Stempler and Dr. Shamis, however, Claimant only provided one page conclusory statements for each.  *See id.*  The Claimant made no other expert disclosures on or before February 13, 2015

16.     On February 13, 2015, the Trustee disclosed the identity of its four testifying expert witnesses and informed the Claimant that each of these witnesses would be called only as rebuttal expert witnesses.  On March 23, 2015, the Trustee served upon Claimant's counsel the rebuttal expert reports for each of its previously identified rebuttal expert witnesses along with their curricula vitae, fee schedules and testimony lists.

17.     In a letter to Claimant's counsel dated March 5, 2015, the Trustee objected to Dr. Stempler's and Dr. Shamis' expert disclosures – one page conclusory statements – on the grounds that they failed to satisfy the requirements set forth in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for expert reports and as such also violated the Scheduling Order.  A true and correct copy of the March 5, 2015 letter is annexed hereto as Exhibit C.

18.     On March 6, 2015, Claimant's counsel responded and provided curricula vitae, fee schedules and testimony lists for Dr. Stempler and Dr. Shamis.  A true and correct copy of the March 6, 2015 letter and the attachments thereto is annexed hereto as Exhibit D.  Claimant's counsel, however, did not provide any further written disclosures from either Dr. Stempler or Dr. Shamis.  Moreover, even though it was three weeks after the Scheduling Order's deadline for making expert identifications and disclosures, Claimant's counsel stated for the first time that Claimant would rely on two additional expert witnesses – Dr. Kenneth Morris and Dr. Rodger Caine, both of whom were Claimant's treating physicians.  *See id.*  Claimant's counsel only provided Dr. Caine's curriculum vitae and testimony list but no other disclosures for either of these two treating physicians.  *See id.*

19.     On March 11, 2015, the Trustee renewed its objection to Dr. Stempler and further objected to the disclosures of Dr. Morris and Dr. Caine on the grounds the untimely disclosures violated the Scheduling Order and that the Claimant failed to make the requisite disclosures pursuant to Fed. R. Civ. P. 26(a)(2).  A true and correct copy of the March 11, 2015 letter is annexed hereto as Exhibit E.

20.     On March 17, 2015, Claimant's counsel responded to the Trustee's objections by stating that the disclosures were sufficient because Dr. Stempler, Dr. Morris and Dr. Caine were all treating physicians and thus, were not retained for the purposes of testifying, and were not required to make the requisite disclosures under Fed. R. Civ. P. 26(a)(2).  A true and correct copy of the March 17, 2015 letter is annexed hereto as Exhibit F.  No further disclosures were made for any of these four doctors.

21.     Claimant has testified that he has only seen Dr. Stempler twice in his life, once on September 4, 2008, a few months after the alleged assault, and the second time over six years

later on December 2, 2014.  A true and correct copy of excerpts of the Claimant's deposition

transcripts dated January 13 and 14, 2015 are annexed hereto as Exhibit G.  *See also* Exhibit B

annexed hereto.  Moreover, the Claimant himself admitted during his deposition that Dr.

Stempler was retained to provide expert testimony in this litigation.  *See* Exhibit G at pp. 167-68.

Specifically, the Claimant testified that:

> Q.    Who is Norman Stempler, sir?
>
> A.    He is, I think, an orthopedic doctor.
>
> \* \* \*
>
> Q.    He has been retained to provide an opinion for you in this case, right?
>
> A.    Yes.

*Id.* at p. 167.  In addition, Dr. Morris' and Dr. Caine's medical records for the Claimant are

voluminous because he has been seeing these two professionals for years.  Dr. Morris, for

example, has been the Claimant's primary care physician for over 15 years and has treated him

for a wide range of complaints.  *See* Exhibit G at pp. 283 and 310.

22.    On April 2, 2015, the Trustee served notices of expert depositions for the

individuals identified as testifying experts by the Claimant (Dr. Broughton deposition noticed for

April 24, 2015, Dr. Stempler deposition noticed for April 27, 2015, Dr. Shamis deposition

noticed for April 28, 2015, Dr. Morris deposition noticed for April 29, 2015 and Dr. Caine

deposition noticed for April 30, 2015).  A true and correct copy of the April 2, 2015 letter and

attachments thereto is annexed hereto as Exhibit H.

23.    On April 1, 2015 Claimant's counsel requested for the first time that the Trustee

agree for the Claimant to be allowed to file rebuttal reports to the Trustee's rebuttal expert

reports.  A true and correct email dated April 1, 2015 is annexed hereto as Exhibit I.  Further, in

response to the Trustee's notices of expert depositions, Claimant's counsel has insisted that the Trustee pay for the Claimant's experts time to be deposed pursuant to their hourly rates which have not been disclosed to date.  A true and correct email dated April 3, 2015 is annexed hereto as Exhibit J.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 8, 2015.

*/s/ Martin A. Krolewski*
Martin A. Krolewski