IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) ) ) | Chapter 11<br>Case No. 08-35653-KRH |
| Debtors. | ) ) | Jointly Administered |

## MOTION TO STRIKE EXPERT DISCLOSURES PURSUANT TO RULE 37

Roy Eisner, by counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure made applicable herein by Rule 7037 of the Federal Rules of Bankruptcy Procedure, requests that the court strike the expert reports served on March 23, 2015 and state the following in support thereof:

1.  Mr. Eisner's claim arises from damages he suffered from a physical attack on the debtor's premises on April 8, 2008 (the "Claim").

2.  Mr. Eisner filed a general unsecured claim in the above-captioned case on January 8, 2009. The Circuit City Stores, Inc. Liquidating Trust has objected to the Claim.

3.  On September 25, 2014, the Court entered a Scheduling Order governing discovery in the claim objection litigation.

4.  Paragraph 6 of the Scheduling Order states as follows:

    > The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (made applicable to this matter pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure) no later than February 13, 2015. All Parties will exchange expert reports on January 30, 2015.[1]

---

[1] The last sentence of Paragraph 6 is a typographical error and both parties have agreed that February 13 was the operative date for purposes of this paragraph.

5. Paragraph 7 of the Scheduling Order states that "Any Party's expert report intended to rebut any other expert report shall be served no later than March 23, 2014."

6. Claimant produced all expert reports it intends to rely on prior to February 13. The adequacy of those reports is the subject of a separate motion to exclude. The Trust did not produce any expert reports by February 13.

7. On March 23 the Trust disclosed four expert reports as set forth and summarized below.

8. The Trust disclosed the report of David J. Axelrod, M.D., an internist in Philadelphia, Pennsylvania. Dr. Axelrod performed a physical examination of Mr. Eisner on January 29, 2015. At no point in Dr. Axelrod's report does he criticize or even comment upon any expert report disclosed by Mr. Eisner. See Declaration of Kevin J. Funk ("Funk Decl.") ¶ 2.

9. The Trust disclosed the report of Daniel M. Feinberg, M.D., a neurologist in Pennsylvania. Dr. Feinberg performed a neurological exam on Mr. Eisner on January 21, 2015. From that exam, Dr. Feinberg formed his own opinion of Mr. Eisner's condition which formed the basis of his report. See Funk Decl. ¶ 3.

10. The Trust disclosed the report of Lynn M. Levine, Ed. D., a career counselor in New Jersey. Dr. Levine conducted a three hour evaluation of Mr. Eisner on January 28, 2015 which included vocational testing. Based on this evaluation, Dr. Levine prepared her report containing her opinions of Mr. Eisner's capabilities. See Funk Decl. ¶ 4.

11. The Trust disclosed the report of Robert Toborowski, M.D., a psychiatrist in Philadelphia, Pennsylvania. Dr. Toborowski performed a mental examination of Mr. Eisner of more than four hours on January 16, 2015. Based on his examination, Dr. Toborowski provided

2

his own diagnosis of Mr. Eisner. At no point in his report did Dr. Toborowski criticize or attempt to rebut any of the expert reports disclosed by Mr. Eisner. See Funk Decl. ¶ 5.

12.     On April 1, counsel for Mr. Eisner sent an email to counsel for the Trust proposing that, since the Trust did not file simultaneous expert reports on February 13, Claimant be permitted to provide a rebuttal report. The Trust has failed to respond. See Funk Decl. ¶ 6.

### Legal Analysis

13.     The Fourth Circuit has defined rebuttal evidence as "evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party." United States v. Stitt, 250 F.3d 878, 897 (4th Cir. 2001).

14.     In Morgan v. Commercial Union Assurance Co., 606 F.2d 554 (5th Cir. 1979), the Fifth Circuit Court of Appeals explained the proper scope of a defendant's rebuttal expert when it refused to permit defendant to elicit testimony from a doctor who would testify that the cause of plaintiff's back problems was something different than the accident at issue in trial:

> A defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one. In a case such as this one, where a plaintiff asserts that the incident under investigation was the producing cause of his back condition, it is to be expected that he will maintain that position at trial.
>
> Where the defense position is that the incident did not produce the condition, it is part of its case in chief to demonstrate that the condition, if real was pre-existent.

Id. at 556. The Eighth Circuit took a similar approach where it affirmed the lower court's exclusion of an alleged rebuttal witness where the proponent of the witness knew the substance of the facts which the "rebuttal evidence" would rebut. Apex Oil Co. v. Clark Oil & Refining Corp., 958 F.2d 243 (8th Cir. 1992).

15.     The District of Nevada confronted an issue similar to than in the case at bar in Nunez v. Harper, 2014 U.S. Dist. LEXIS 34343 (D. Nev. March 12, 2014).  In that case the plaintiff alleged injuries from an automobile accident.  Plaintiff disclosed an expert to opine on her medical condition.  Defendant disclosed a "rebuttal" expert who put forth his own alternative diagnoses of the plaintiff.  Plaintiff moved to exclude defendant's expert on the grounds that the substance of the opinion was not in the nature of rebuttal.  The court agreed with the plaintiff in that the opinions went beyond "rebuttal".  The court noted that "Rebuttal experts are not allowed to put forth their own theories; instead, they must restrict their testimony to attacking the theories offered by the adversary's experts."  Id. at *9 (citing Downs v. River City Group, LLC, 2014 U.S. Dist. LEXIS 26056 (D. Nev. Feb. 28 2014)).

16.     The Trust's expert reports suffer from the same problems as the excluded reports in the cases above.  Each of them address a known and anticipated part of Mr. Eisner's case in chief, each report is based on the expert's owns examination and assessment, and each make their own findings.  Dr. Axelrod concludes, "Both in my examination of Mr. Eisner, my history and my review of his records, I do not find an objective reason why Mr. Eisner is unable to find gainful employment in some capacity.  Based on my review of the medical records after the alleged assault, I am unconvinced that the assault led to permanently disabling injuries."  Dr. Feinberg concluded that "I do not believe that Mr. Eisner has any neurological causes of disability.  I would not place any restrictions upon him with respect to returning to his previous position."  Dr. Levine stated that is was her "professional opinion that Mr. Roy Eisner retains the ability to perform the full range of his pre-injury occupations, including, but not limited to, the specific job titles of Operations Manager (motor transportation), Driver Supervisor (motor transportation), Dispatcher, Motor Vehicle , and Collector (bill collector, collection agent)."  Dr.

Toborowski's diagnosis was a "chronic, non-disabling Adjustment Disorder with Anxiety and a Dysthymic Disorder, a chronic, non-disabling, pre-existing and, in his case, mild to moderate depression."

17. All of the expert reports disclosed by the Trust disclose experts' initial opinions on the key issues raised by the claimant—the scope and severity of his injuries and the degree to which they have impacted his ability to live a normal life. The opinions do not address new, unanticipated issues raised by the claimant's experts. Accordingly, these cannot be considered "rebuttal" reports.

18. The Trust's current position on the scheduling order—that Mr. Eisner has no right to rebut the Trust's expert—materially prejudices Mr. Eisner's claim. The Trust's experts will be able to testify at trial as to their opinions on the defects in the opinions of Mr. Eisner's experts. But there will not be a reciprocal ability of Mr. Eisner's experts to opine on deficiencies in the Trust's experts' opinions.

19. The Trustee respectfully requests that the Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

WHEREFORE, Claimant requests that the Court enter an order excluding the four expert reports disclosed on March 23, 2015 or, in the alternative, permitting Claimant to file a rebuttal report.

**ROY EISNER**

By: /s/ Kevin J. Funk
Kevin J. Funk (VSB No. 65465)
DurretteCrump, PLC
1111 East Main Street, 16th Floor
Richmond, VA 23219
(804) 775-6900
(804) 775-6911
kfunk@durrettecrump.com

## **CERTIFICATE**

I hereby certify that a good-faith effort has been made between counsel to resolve the discovery matters at issue.

/s/ Kevin J. Funk

## **CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on April 16, 2015 I served a copy of the foregoing notice on the following via email and first-class mail:

Lynn L. Tavenner, Esquire
Tavenner & Beran
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
LTavenner@tb-lawfirm.com

Martin Krolewski, Esquire
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
mkrolewski@kelleydrye.com

/s/ Kevin J. Funk
_____