IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., *et al.*, ) | Chapter 11 |
| ) | Case No. 08-35653-KRH |
| Debtors. ) | Jointly Administered |
| ) | |

**RESPONSE TO MOTION TO STRIKE CLAIMANT'S
EXPERT DISCLOSURES PURSUANT TO RULE 37**

Roy Eisner, by counsel, states the following as his response to the Motion to Strike Claimant's Expert Disclosures Pursuant to Rule 37 filed by the Circuit City Liquidating Trust ("Trust"):

**Summary of Argument**

This matter is before the Court on the claim of Roy Eisner based on personal injuries he suffered as a result of being assaulted on the premises of Circuit City due to its negligence. In accordance with the Court's September 25, 2014 Scheduling Order, claimant's counsel provided the identity and reports of three treating physicians and a treating psychologist in accordance with Rule 26(a)(2)(C) to testify in support of claimants damages. Claimant also provided the identity of a vocational expert in accordance with Rule 26(a)(2)(B) to testify in support of claimant's damages claim.

The Trust seeks to exclude the testimony of three treating doctors identified by Mr. Eisner. The Trust sees to exclude Dr. Kenneth Morris and Dr. Roger Caine based on an alleged failure to comply with Rule 26(a)(2)(C) and failure under Rule 26(a)(2)(B) to provide an adequate expert report for Dr. Norman Stempler. The Trust alleges that Dr. Stempler does not meet the definition of a treating physician but instead is an expert specifically retained to testify.

The Trust seeks to exclude Dr. Cain and Morris because Mr. Eisner "failed to make any disclosure whatsoever for these witnesses." Motion ¶ 34. In support of its claim the Trust ignores numerous disclosures that have been made to them. The medical records produced to the Trust clearly show that Dr. Stempler was a treating physician. Further, the Trust simply ignores the numerous documents produced regarding Dr. Cain and Morris. As set forth below, all three treating doctors were identified and their reports and/or medical notes were provided prior to the February 13, 2015 discovery cutoff date set in the Scheduling Order.

### Facts

On January 8, 2009 Roy Eisner filed a claim against the Debtor, Circuit City for personal injuries suffered on the debtor's premises. On September 25, 2014 the Court entered a Discovery Scheduling Order which was drawn up by the Trust's counsel and agreed to by counsel for Roy Eisner setting forth the following discovery filing deadlines. Paragraph 6 states:

> the parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (made applicable to this matter pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure) no later than February 13, 2015. All parties will exchange expert reports on January 30, 2015.

Paragraph (7) states that "[a]ny parties expert report intended to rebut any other expert report shall be served no later than March 23, 2015".

Thereafter the parties agreed to resolve an inconsistency in paragraph 6 of the Scheduling Order which mandated that the parties disclose the identity of testimony experts no later than February 13, 2015 but further stated that the parties shall exchange expert reports on January 30, 2015. The parties informally stipulated and memorialized in the November 3, 2014 email from, Kevin Funk to Martin Krolewski, the following: "This also confirms that we agree that expert reports contemplated in paragraph 6 of the pre-trial order will be due on February 13; we will

2

ignore the January date entered by mistake. See Declaration of Kevin Funk ("Funk Decl.") filed herewith, ¶¶ 4 & 5.

In fulfillment of his obligations to disclose expert witnesses pursuant to Rule 26 and the Scheduling Order, Mr. Eisner made the following disclosures: 1) October 14, 2010 Response to Interrogatories and Requests for Production of Documents, which included the medical records of Dr. Morris; 2) September 17, 2013 supplementary documents as requested by Debtor's counsel, including Dr. Norman Stempler's report of September 4, 2008, and the records of Dr. Caine (Funk Decl. ¶ 6; 3) November 18, 2014 Response to Second Set of Interrogatory Responses (Funk Decl. ¶ 9); and 4) December 29, 2014 supplemental report from Dr. Stempler. Funk Decl. ¶ 6.

On March 5, 2015 counsel for the Trust forwarded a letter objecting to expert reports of Dr. Shamis and Dr. Norman Stempler, stating without further explanation.

> The reports of Dr. Brad Shamis and Dr. Norman Stempler attached to your letter failed to satisfy the requirements set forth in Rule 26(a)(2)(b) of the Federal Rules of Civil Procedure for expert reports and also violate the Discovery Order.

Roy Eisner's counsel responded on March 6, by treating it as a request for further discovery in accordance with Rule 26(a)(2)(B). This was even though Dr. Stempler and Dr. Shamis's reports were sufficient under Rule 26(a)(2)(C). Accordingly Mr. Eisner's counsel supplied C.V.s fee schedule and testimony lists for Dr. Shamis, and Dr. Stempler and also reconfirmed that treating physician, Dr. Kenneth Morris and that Dr. Roger Caine, may also be called as expert witnesses at the trial of this matter. See Funk Decl. ¶ 7.

**Argument**

Exclusion of Dr. Norman Stempler

In support of this response Roy Eisner's April 14, 2015 Declaration is attached hereto. In it Mr. Eisner states that Dr. Norman Stempler is his treating physician and that he was referred to Dr. Stempler by another of his treating physicians, Dr. Roger Caine. Dr. Caine's report of August 18, 2008 referred claimant to Dr. Stempler for an orthopedic consultation. Funk Decl. ¶ 8. Dr. Caine's report was sent Trust's counsel on September 17, 2013. Funk Decl. ¶ 10.

Although the Trust seeks to use Mr. Eisner's deposition testimony to have Dr. Stempler be considered a retained expert, the quoted language does not support the conclusion it asks the court to draw. Motion ¶ 32. In his deposition Mr. Eisner simply agreed that Dr. Stempler was hired to provide an opinion. Mr. Eisner's declaration makes it clear that he was never asked whether Dr. Stempler was his treating physician. Mr. Eisner makes it clear that Dr. Stempler was his treating physician and that the only reason he testified that Dr. Stempler was retained to provide an opinion was because he had been told that Dr. Stempler would be testifying at trial. See Declaration of Roy Eisner filed herewith.

In support of its motion to exclude Dr. Norman Stempler, the Trust only attached Dr. Stempler's report of December 2, 2014. The Trust does not attach Dr. Stempler's report of September 4, 2008 which was served on the Trust on September 17, 2013. Funk Decl. ¶ 6. Both of Dr. Stempler's attached reports should be considered by the court to reach a determination of the adequacy of Dr. Stempler's report disclosures. In accordance with the Scheduling Order, Dr. Stempler's reports allow Debtor Circuit City to adequately prepare its defenses as per the required standards of Rule 26(a)(2)(C).

Supporting the fact that that Dr. Stempler is a treating physician is the August 18, 2008 report of Dr. Roger Caine which sets forth at Page 2 that in his capacity as a treating physician Dr. Caine is referring Roy Eisner to Dr. Norman Stempler for evaluation stating: "An orthopedic consultation is also indicated and the patient will be referred to Dr. Stempler". See Funk Decl. ¶ 8.

The fact that Dr. Stempler will be paid for his time in testifying does not result in a treating physician under Federal Rule 26(a) (2)(C) becoming an expert retained to give an opinion under Rule 26(a)(2)(B). See Hall v. Sykes, 164 F.R.D. 46 (E.D. VA, 1995), in which the court stated:

> Merely paying a fee to a treating physician to attend a deposition or to testify in court does not make that treating physician a specially retained or employed expert so as to require the preparation of an expert written report. It is traditional that doctors are compensated for their time when required to testify. As long as the compensation is merely for the time a treating physician spends in depositions or in trial, then the treating physician is not converted into a specially retained expert. This conclusion also applies to a treating physician who writes a letter summarizing the course of the treatment of the patient and charges a fee for the time spent writing such a letter. Id. at 48.

Dr. Stempler's two reports of September 4, 2008 and December 2, 2014, both of which were provided to the Trust before the expiration of the September 25, 2014 Discovery Order meet the criteria of Rule 26(a)(2)(C) and gives opposing counsel adequate opportunity to prepare its defense. In Kristensen v. Spotnitz, 2011 U.S. Dist. LEXIS 59740 (W.D. Va. 2011) the court denied a similar motion to exclude in regard to the adequacy of expert report of a treating physician:

> Although I need not decide the matter my impression is the letter adequately sets forth the subject matter on which Dr. Frye is expected to testify, and a summary of facts on which Dr. Frye is

5

> expected to testify, and a summary of facts on which she bases her opinion. Fed.R.Civ.P. 26(a)(2)(C)
>
> Although the detail provided in both April 28 disclosures is not great, <u>the Advisory Committee cautions that the requirements of Rule 26(a) (2)(C) are "considerably less extensive" than Rule 26(a)(2)( B)</u>, and that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specifically retained and may not be as responsive to counsel as those who have." <u>Especially when read in light of the medical records disclosed, the April 28 filing allow the Defendants adequate opportunity to prepare their defense.</u>"

<u>Id</u>. a6 * 6-8 (emphasis added).

The advisory committee note to the 2010 Amendments to Rule 26 referred to by the District Court in <u>Kristensen</u> further states as to treating physician witnesses such as Dr. Stempler, "a witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other professionals." <u>See also</u> <u>Pease v. Lycoming Engines</u> 2012 U.S. Dist. LEXIS 6354 *42-43 (M.D. Pa. 2012):

> A treating physician is not necessarily retained or specially employed to provide expert testimony simply because he or she proffers on causation and prognosis. This conclusion is bolstered "by the obvious fact that doctors may need to determine the cause of an injury in order to treat it.

Assuming <u>arguendo</u> that the Court treated Dr. Stempler as an expert witness governed by Rule 26(a)(2)(B), the two reports of September 4, 2008 and December 12, 2014 together with the disclosures provided on March 6, 2015 (which included Dr. Stempler's *curriculum vitae*, the list of cases in which he gave past testimony, and his fee schedule) adequately meet the applicable disclosure requirement. The mere fact that the March 6, 2015 supplemental disclosure was made after the cutoff for initial expert disclosures should not preclude his testimony, particularly where there is no trial date scheduled. See <u>Kristensen</u>, <u>supra</u>.

Exclusion of Dr. Kenneth Morris and Dr. Roger Caine

The trust seeks to exclude Dr. Kenneth Morris and Dr. Roger Cain on the grounds that the Trust has not made any disclosures regarding them. Motion ¶ 34. This is simply not true. Dr. Morris' and Dr. Caine's disclosures were produced on September 17, 2013. See Funk Decl. ¶ 10. Further, Dr. Kenneth Morris was identified as an expert witness to Trust's counsel on November 18, 2014, well before before the February 13, 2015 cutoff date. See Funk Decl. ¶ 9. These reports are consistent with the disclosure obligations of Rule 26(a)(2)(C). See Kristensen, supra.

## Conclusion

For or the foregoing reasons, claimant Roy Eisner respectfully requests that the Trust's Motion for an Order to Strike Dr. Stempler, Dr. Kenneth Morris and Dr. Roger Caine as expert witnesses at the trial of this matter be denied.

**ROY EISNER**

By: /s/ Kevin J. Funk
Kevin J. Funk (VSB No. 65465)
DurretteCrump, PLC
1111 East Main Street, 16th Floor
Richmond, VA 23219
(804) 775-6900
(804) 775-6911
kfunk@durrettecrump.com

## **CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on April 20, 2015 I served a copy of the foregoing notice on the following via email and first-class mail:

>Lynn L. Tavenner, Esquire
>Tavenner & Beran
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia  23219
>LTavenner@tb-lawfirm.com
>
>Martin Krolewski, Esquire
>Kelley Drye & Warren LLP
>101 Park Avenue
>New York, New York 10178
>mkrolewski@kelleydrye.com

>/s/ Kevin J. Funk
>_____