IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| Debtors. | ) | Jointly Administered |
| | ) | |

## DECLARATION OF KEVIN FUNK, ESQUIRE

Kevin Funk submits the following declaration in support of Roy Eisner's Response to Motion to Strike Claimant's Expert Disclosures Pursuant to Rule 37:

1.    I am duly admitted member of the bar of the Commonwealth of Virginia and bar of the Bankruptcy Court for the Eastern District of Virginia.

2.    This declaration is based upon my personal knowledge and upon my review of relevant records and this Court's dockets related to this above captioned bankruptcy case.

3.    On September 25, 2014 the Court entered a Discovery Scheduling Order that had been prepared by counsel for the Circuit City Liquidating Trust (the "Trust") and approved by me as counsel for claimant Roy Eisner.

4.    After the proposed Order had been entered I realized that paragraph 6 of the Order was internally inconsistent by stating: The parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Rule 26(a)(2)( B) of the Federal Rules of Civil Procedure (made applicable to this matter pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure) no later than February 13, 2015.  All parties will exchange expert reports on January 30, 2015.

5.    As a result, Martin Krolewski, counsel for the Trust and I informally agreed that

expert reports as well as the identities of the expert witnesses would be exchanged on February

13, 2015. The agreement was memorialized in my email of December 3, 2014 to Mr. Krolewski.

See Exhibit 1 hereto.

6.      With regard to Dr. Norman Stempler, two expert reports were sent to counsel for

the Trust in accord with Federal Rule 26(a)(2)(C).  Although counsel for the Trust only attached

the December 2, 2014 report of Dr. Stempler (attached hereto as Exhibit 2), counsel for Mr.

Eisner previously provided the September 4, 2008 report of Dr. Stempler attached hereto as

Exhibit 3.  The report was sent to Debtor's counsel as part of Mr. Eisner's answers in production

of documents on September 17, 2013. See Exhibit 4 hereto.

7.      On March 5, 2015 counsel for the Trust sent a letter to counsel for Mr. Eisner

citing non-specific violations of Rule 26(a)(2)(B).  Counsel for Mr. Eisner responded on March

6, 2015, producing Dr. Stempler's CV, a listing of the cases in which he testified and his fees for

his time testifying in order to fulfill the informational requirements of Rule 26(a)(2)(B) even

though maintaining that section of the rule is inapplicable to Dr. Stempler.  This March

correspondence between counsel is attached to this matter as claimant's Exhibit 5.

8.      As per the declaration of claimant Roy Eisner filed herewith, he considers Dr.

Norman Stempler to be one of his treating doctors to whom he was sent in August 2008 by

another treating physician Dr. Roger Caine.  This is substantiated by Dr. Roger Caine's report of

August 18, 2008 (attached to this answer as claimant Exhibit 6) wherein he notes it was his

decision to refer claimant Roy Eisner to Dr. Norman Stempler for an orthopedic consultation.

9.      Furthermore, contrary to the debtor's counsel's allegations Roy Eisner identified

Dr. Kenneth Morris and Dr. Roger Caine as expert witness on November 18, 2014.  See Exhibit

7).

2

10.   The reports of Dr. Kenneth Morris and of Dr. Roger Caine were provided in discovery answers forwarded to the Trust's counsel on September 17, 2013. A copy of those answers is attached as claimant's <u>Exhibit 3</u>. Dr. Caine's report is attached as <u>Exhibit 6</u>. Dr. Morris' summary was produced with dozens of pages of medical records. His summary is attached as <u>Exhibit 8</u>.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2015.

_____/s/ Kevin J. Funk_____

Kevin Funk

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury that on April 20, 2015 I served a copy of the foregoing

Declaration on the following via email and first-class mail:

> Lynn L. Tavenner, Esquire
> Tavenner & Beran
> 20 North Eighth Street, 2nd Floor
> Richmond, Virginia  23219
> LTavenner@tb-lawfirm.com
>
> Martin Krolewski, Esquire
> Kelley Drye & Warren LLP
> 101 Park Avenue
> New York, New York 10178
> mkrolewski@kelleydrye.com

/s/ Kevin J. Funk

_____