Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

_____

| | |
|---|---|
| In re: | x  Case No. 08-35653 (KRH) |
| | :  |
| | :  Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | :  |
| | :  Jointly Administered) |
| Debtors. | :  |
| | :  |
| | :  |

_____x

## STIPULATION CONERNING DISPOSITION OF CLAIM NOS. 7386 AND 14367
## OF OLD REPUBLIC INSURANCE COMPANY OF CANADA;
## AND ORDER THEREON

The Circuit City Stores, Inc. Liquidating Trust (the "Trust") and claimant Old Republic

Insurance Company of Canada (the "Claimant"), in order to resolve the pending disputes

between the parties with respect to Claimant's claims and the objections thereto interposed by

the Debtors and the Trust, and as more fully documented in the parties' concurrently signed

settlement agreement (a true and correct copy of which is attached hereto), hereby agree as

follows:

1.  Claimant shall make the payment as provided for in the parties' settlement agreement.

2.  Claim No. 7386 shall be disallowed in its entirety.

3.  Claim No. 14367 shall be disallowed in its entirety.

4.  Claimant shall not recover from the bankruptcy estates in any amount on any claim.

5.  The parties agree to release claims between and among them as provided for in the

    settlement agreement.

SUBMITTED:

Dated: March 24, 2016          By:    /s/ Lynn L. Tavenner
                               Lynn L. Tavenner, Esq. (VSB No. 30083)
                               Paula S. Beran, Esq. (VA Bar No. 34679)
                               TAVENNER & BERAN, PLC
                               20 North Eighth Street, Second Floor
                               Richmond, VA  23219
                               Telephone: (804) 783-8300
                                          -and-
                               Andrew W. Caine, Esq.
                               (admitted *pro hac vice*)
                               PACHULSKI STANG ZIEHL & JONES LLP
                               10100 Santa Monica Boulevard
                               Los Angeles, California 90067-4100
                               Telephone: (310) 277-6910

                               *Counsel to the Circuit City Stores, Inc. Liquidating Trust*

Dated: January 29, 2016

                               By:    /s/ Robert Westermann
                               Robert Westermann
                               HIRSCHLER FLEISCHER
                               The Edgeworth Building
                               2100 East Cary Street
                               Richmond, VA 23223
                               Telephone: (804) 771-5610

                               - and -

                               Margaret M. Anderson
                               FOX, SWIBEL, LEVIN & CARROLL, LLP
                               200 West Madison Street, Suite 3000
                               Chicago, IL 60606
                               Telephone: (312) 224-1200

                               *Counsel to Old Republic Insurance Company of Canada*

## ORDER APPROVING STIPULATION

IT IS HEREBY ORDERED as follows:

1.      The Stipulation is approved.

2.      Claimant shall make the payment as provided for in the parties' settlement

agreement.

3.      Claim No. 7386 shall be disallowed in its entirety.

4.      Claim No. 14367 shall be disallowed in its entirety.

5.      Claimant shall not recover from the bankruptcy estates in any amount on any

claim.

6.      The parties agree to release claims between and among them as provided for in

the settlement agreement.

Mar 24 2016

Dated: Richmond, Virginia            /s/ Kevin R. Huennekens_____
_____, 2016                UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  Mar 25 2016

WE ASK FOR THIS:

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:   (804) 783-0178

and

Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy:   (310) 201-0760

*Counsel to the Circuit City Stores, Inc.*
*Liquidating Trust*

.

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is entered into as of January 29, 2016 by and between Old Republic Insurance Company of Canada ("ORIC-Canada"), and The Circuit City Stores, Inc. Liquidating Trust (the "Trust" and with ORIC-Canada, the "Parties"), and who hereby covenant and agree as follows:

### RECITALS

WHEREAS, on November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. ("CCS") and certain of its affiliated entities (the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the Eastern District of Virginia (the " Bankruptcy Court") for relief under chapter 11 of the Bankruptcy Code, which are jointly administered under case no. 08-35653-KRH  (the "Bankruptcy Case"), and until the effective date of the Plan (as hereinafter defined), continued to operate as debtors in possession pursuant to Bankruptcy Code § 1107 and 1108;

WHEREAS, on November 10, 2008, InterTAN Canada, Ltd. ("InterTan") and Tourmalet Corporation (the "Canadian Debtors") commenced proceedings (the "Canadian Case") in the Ontario Superior Court of Justice (the "Canadian Court") under the Companies Creditors Arrangement Act of Canada;

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee");

WHEREAS, on January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retain locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint

venture, as agent (the "Agent").   On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement.   As of March 8, 2009, the going out of business sales at the Debtors' stores were completed;

WHEREAS, on August 9, 2010, the Debtors and the Creditors' Committee filed Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), which provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code;

WHEREAS, the Plan provides for, among other things, the appointment of Alfred H. Siegel to serve as the Trustee of the Circuit City Stores, Inc. Liquidating Trust, as of the effective date of the Plan;

WHEREAS, on September 10, 2010, the United States Bankruptcy Court, Eastern District of Virginia, signed an Order confirming the Plan (the "Confirmation Order").   The Plan became effective on November 1, 2010;

WHEREAS, pursuant to the Plan and the Confirmation Order, the Liquidating Trustee succeeded to all of the rights and powers of a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code and is now entrusted to administer the Liquidating Trust and its assets. Under the Plan and the Liquidating Trust, the Liquidating Trustee is deemed the representative of the Debtors as the party in interest in their chapter 11 cases, and is specifically authorized, empowered and directed to take all actions necessary to comply with the Plan and exercise and fulfill the duties and obligations thereunder;

WHEREAS, pursuant to orders entered by the Canadian Court in the Canadian Case, all of the assets of the Canadian Debtors were liquidated, all creditors will proven claims were paid,

2

and all of the remaining proceeds have been, or shortly will be, distributed to Ventoux International, Inc., one of the Debtors, and thereafter remitted to the Trust;

WHEREAS, ORIC-Canada issued certain employer's liability, commercial general liability, and commercial automobile insurance policies to CCS and certain of its affiliates and subsidiaries, for policy periods from June 30, 2004 to October 1, 2009 (the "Canadian Policies") under which the Canadian Debtors were provided coverage;

WHEREAS, CCS and ORIC-Canada executed a Program Agreement relating to the Canadian Policies (the "Canadian Program Agreement" and with the Canadian Policies, the "Canadian Insurance Agreements"). The Canadian Program Agreement provides that CCS and all of the named insureds under the Canadian Policies are jointly and severally liable for all amounts owed to ORIC- Canada under the Program Agreement or in connection with the Canadian Policies;

WHEREAS, some of the Canadian Policies are subject to a deductible, which varies in amount depending on the type of policy and policy year. CCS and the Canadian Debtors are obligated to reimburse ORIC-Canada for all losses paid within the deductible /retention (the "Paid Losses") and to reimburse ORIC for certain allocated loss adjustment expenses ("ALAE"); and

WHEREAS, ORIC-Canada is holding, as security for its claim against CCS and the Canadian Debtors, the proceeds of its draw on the letter of credit posted by InterTan as security in the total amount of U.S. $600,000 (the "Canadian Letter of Credit Proceeds");

WHEREAS, ORIC-Canada and the Trust wish to provide for the return of the Canadian Letter of Credit Proceeds, and to settle certain claims, counter-claims, or causes of action the Parties may have against one another pursuant to the terms of this Agreement.

3

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.      The foregoing recitals are incorporated herein as if fully set forth in the text of this Agreement.

2.      The Trust's entry into this Agreement shall be subject to approval of the Bankruptcy Court.  Immediately after the execution of this Agreement by each of the Parties, the Parties will execute a stipulation in respect of an order approving this Agreement (the "Approval Order").

3.      Within ten (10) business days after the Approval Order becomes final and non-appealable, ORIC-Canada shall remit Canadian Letter of Credit Proceeds to the Trust.

4.      The Trust, on behalf of itself and all of the Debtors and the Canadian Debtors, hereby release and forever discharge ORIC-Canada and all of its  subsidiaries, officers, directors, partners, employees, agents, attorneys, successors, assigns, and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, whether or not now or heretofore known, suspected, or claimed against them arising from or related to the Canadian Insurance Agreements, including those arising from or related to the administration of, and the reserving, pricing, billing or calculation and collection of premiums and other charges under the Canadian Insurance Agreements; provided that this section shall not release ORIC-Canada from any obligations or liabilities created by this Agreement, and provided further, that nothing herein releases any claims that the Trust and the Debtors may have against any affiliate

4

of ORIC-Canada or any other ORIC related entity with respect to any matters other than the Canadian claims addressed in this Agreement and claims relating to the Canadian Insurance Agreements.

5.      ORIC-Canada hereby releases and forever discharges the Trust, the Debtors and the Canadian Debtors and all of their affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, whether or not now or heretofore known, suspected, or claimed against them arising from or related to the Canadian Insurance Agreements, including those arising from or related to the administration of, and the reserving, pricing, billing or calculation and collection of premiums and other charges under the Canadian Insurance Agreements; provided that this section shall not release the Trust, the Debtors and the Canadian Debtors from any obligations or liabilities created by this Agreement, and provided further, that nothing herein releases any claims that any affiliate of ORIC-Canada or any other ORIC related entity may have against the Trust and the Debtors with respect to any matters other than the Canadian claims addressed in this Agreement and claims relating to the Canadian Insurance Agreements.

6.      The Proofs of Claim filed by ORIC-Canada in the Bankruptcy Case, claims number 7386 and 14367, shall be deemed to be withdrawn.

7.      This Agreement shall be interpreted and governed by the laws of the State of Illinois without regard to principles of conflicts of law.  In the event that this paragraph is

5

deemed unenforceable in any judicial, arbitration or governmental proceeding, the remaining provisions of this Agreement shall remain in full force and effect.

8.      Each Party hereto shall have the right at any time to enforce the provisions of this Agreement in strict accordance with the terms hereof, notwithstanding any conduct or custom on the part of such party in refraining from so doing at any time or times.  The failure of any Party at any time or times to enforce its rights under such provisions shall not be construed as having created a custom in any way or manner contrary to specific provisions of this Agreement or as having in any way or manner modified or waived the same.

9.      Any notices or consents required or permitted by this Agreement shall be in writing and shall be delivered by overnight courier service or by certified mail, postage prepaid, return receipt requested, as follows, unless such address is changed by written notice hereunder:

| | |
|---|---|
| If to ORIC-Canada: | Ryan Johnson<br>Old Republic Insurance Company of Canada<br>100 King St. W—Suite 100<br>Hamilton, Ontario<br>L8N 3K9 |
| With a copy to: | Margaret M. Anderson<br>Fox, Swibel, Levin and Carroll, LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, IL 60606<br>T: 312.224.1224<br>F: 312.224.1201<br>panderson@fslc.com |
| If to the Trust: | Circuit City Stores, Inc. Liquidating Trust<br>c/o Katie Bradshaw, General Manager<br>200 Westgate Parkway, Suite 100<br>Richmond, VA  23233<br>T: 804.360.4135<br>F: 804.360.4289 |

6

With a copy to:              Andrew Caine
Pachulski Stang Ziehl & Jones LLP
T: 310.772.2357
F: 310.201.0760
acaine@pszjlaw.com

10.    The Trust represents and warrants that:

(a)    It has been advised by counsel in the negotiation, execution and delivery of this Agreement;

(b)    It is duly authorized to enter into, execute, deliver and perform this Agreement on behalf of CCS and its debtor and non-debtor subsidiaries and affiliates subject to the entry of the Approval Order; and

(c)    It has voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Agreement; and

(d)    It has not sold, assigned or transferred or purported to sell, assign or transfer, in whole or in part, any of the claims or obligations being compromised, released or discharged under this Agreement.

11.    ORIC-Canada represents and warrants that:

(a)    It has been advised by counsel in the negotiation, execution and delivery of this Agreement;

(b)    It is duly authorized to enter into, execute, deliver and perform this Agreement; and

(c)    It has voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Agreement.

7

12.    This Agreement contains the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior or contemporaneous agreements and understandings, written and oral, between the Parties with respect to the subject matter hereof. All discussions, negotiations, promises, inducements, statements of intention, or other such agreements previously entertained between the Parties concerning the subject matter of hereof are merged into this Agreement.  This Agreement may not be modified, amended, or supplemented nor any of its provisions waived, except by an instrument in writing, signed by all Parties hereunder.

13.    This Agreement and any amendment hereto may be executed in several counterparts and by each Party on separate counterpart, each of which, when so executed and delivered shall be an original, but all of which together shall constitute but one and the same instrument.  In proving this Agreement, it shall not be necessary to produce or account for more than one such counterpart signed by the Party against whom enforcement is sought.  A facsimile signature or Adobe.pdf shall be treated as an original signature.

14.    This Agreement was negotiated and drafted with full participation of the Parties and their respective counsel.  In the event that it is determined that any ambiguity exists in this Agreement, any such ambiguity shall not be resolved or otherwise construed against any particular Party, but rather shall be resolved by a fair reading of the intent of the Parties as established herein.

15.    If any provision of this Agreement is found to be contrary to law or void, the remainder of the Agreement shall be considered valid and enforceable and shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

16.    This Agreement and the obligations and duties hereunder shall be binding upon the Parties and all successors and assigns of each of the Parties to the Agreement.  Nothing in this Agreement is intended or shall be construed to confer upon, or give to, any person other than the Parties' hereto (and beneficiaries of the releases and exculpation provisions set forth in the Plan) and their respective successors and assigns, any right, remedy or claim under or by reason of this Agreement.

17.    In the event that this Agreement is not approved by the Bankruptcy Court, the Parties agree that upon such occurrence, they will each revert to the *status quo et ante* with respect to all of their legal rights as though this Agreement had never been executed.

18.    The Bankruptcy Court shall retain jurisdiction over the Parties to hear and determine any matter arising from or related to the making, interpretation, and enforcement of this Agreement.  Any action, suit or proceeding between the Parties with respect to the terms and conditions of this Agreement or the enforcement thereof shall be brought before the Bankruptcy Court presiding in the Bankruptcy Case, and each Party hereby irrevocably consents to such jurisdiction with respect to any such action, suit or proceeding.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

as of the day and date first written above.

**OLD REPUBLIC INSURANCE COMPANY OF CANADA**

By:    _____

Paul M. Field, CPA, C.A.
President and Chief Executive Officer

**CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**

By:    _____

Alfred H. Siegel,
Solely in capacity as Trustee of the Circuit City Stores, Inc.
Liquidating Trust, and not in any individual capacity

TOR_LAW\ 8872011\1