IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) | Jointly Administered |
| et al., | ) | |
| | ) | **NOTICE OF TRANSFER OF** |
| | ) | **CLAIM OTHER THAN FOR** |
| | ) | **SECURITY** |
| Debtors. | ) | |
| | ) | Bankruptcy Rule 3001(e)(2) |

PLEASE TAKE NOTICE that the following claim filed by **Crown CCI, LLC**, (the "Transferor") against Debtor Circuit City Stores, Inc., designated as Claim No. 12356 and asserting a general unsecured claim in the amount of $1,864,939.00 has been transferred other than for security to **WBCMT 2005-C21 South Ocean Gate Avenue Limited Partnership** (the "Transferee") pursuant to the Trustee's Deed Upon Sale and Bill of Sale dated as of December 8, 2009 attached hereto.

The undersigned hereby submits this Notice as evidence of the transfer pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, of all rights, title and interest in and to the claim originally held by **Crown CCI, LLC** to **WBCMT 2005-C21 South Ocean Gate Avenue Limited Partnership**.

**TRANSFEROR:**
**Crown CCI, LLC**
**c/o Paul S. Bliley, Jr., Esq.**
**Williams Mullen**
**P.O. Box 1320**
**Richmond, VA 23218-1320**

**TRANSFEREE**:
**WBCMT 2005-C21 South Ocean Gate Avenue Limited Partnership**
**c/o Jeffrey I. Snyder, Esq.**
**Bilzin Sumberg Baena Price & Axelrod LLP**
**1450 Brickell Avenue, Suite 2300**
**Miami, Florida 33131**

MIAMI 5011427.1 79976/31413

Main Document    Page 2 of 12

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**WBCMT 2005-C21 South Ocean Gate Avenue Limited Partnership**, a Delaware limited partnership

    By: WBCMT 2005-C21 South Ocean Gate Avenue GP, LLC, a Delaware limited liability company, its general partner

        By: LNR Partners California Manager, Inc., a California corporation, its manager

        By: _____

        Name: Arnold Shulkin

        Title: Vice President

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

**This page is part of your document - DO NOT DISCARD**



## 20091923279



**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/17/09 AT 08:00AM**

Pages: 0010

| | |
|---|---:|
| FEES: | 33.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 33.00 |



**LEADSHEET**



**200912170210007**

**00001658797**



**002449524**

**SEQ:
01**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

    r06

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

FIRST AMERICAN TITLE INSURANCE CO

WHEN RECORDED MAIL TO:
MAIL TAX STATEMENTS TO:

WBCMT 2005-C21 SOUTH OCEAN GATE AVENUE
LTD PARTNERSHIP
C/O LNR PARTNERS, INC.
1601 WASHINGTON AVENUE, SUITE 700
MIAMI BEACH, FL 33139



12/17/2009

*20091923279*

---

Space above this line for recorder's use only

Trustee Sale No. 09-25041    Loan No. 991073763/CROWN CCI    Title Order No. NCS 380931-HOU1

# TRUSTEE'S DEED UPON SALE
## AND BILL OF SALE

APN 4149-001-135
The undersigned grantor declares:
1) The Grantee herein was the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was................... $14,143,879.93
3) The amount paid by the grantee at the trustee sale was .................. $ 4,000,000.00
4) The documentary transfer tax is ...................................................... $         0.00
5) Said property is in the city of HAWTHORNE

and FIRST AMERICAN TITLE INSURANCE COMPANY, as Trustee (herein called Trustee), as the duly appointed Trustee or substituted Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to

WBCMT 2005-C21 SOUTH OCEAN GATE AVENUE LIMITED PARTNERSHIP

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of LOS ANGELES, State of California, described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 09-19-2005 and executed by CROWN CCI, LLC, A DELAWARE LIMITED LIABILITY COMPANY, as Trustor, and Recorded 09-20-2005, Instrument 05 2264054 of official records of LOS ANGELES County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

380931-44

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

Trustee Sale No.:    09-25041
Loan No.:            991073763/CROWN CCI
Title Order No.:     NCS 380931-HOU1

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 12-08-2009. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $4,000,000.00 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

This sale was a unified sale of real and personal property. The undersigned further sells, transfers and conveys by quitclaim to grantee the personal property security and collateral under that certain security agreement contained within the Deed of Trust which is dated 09-19-2005 and filed 09-20-2005 as Instrument No. 05 2264054 and any amendments or modifications to either of them, as described in the Notice of Sale, and set forth below.

SEE EXHIBIT "B" ATTACHED HERETO AND MADE A PART HEREOF

Such sale on behalf of the Secured Party is "AS IS, WHERE IS" WITH ALL FAULTS, AND WITHOUT WARRANTY, EXPRESS OR IMPLIED, OF ANY KIND.

DATE: December 08, 2009

FIRST AMERICAN TITLE INSURANCE COMPANY

*/s/ Diane Erickson*
Diane Erickson, Sr. Trustee Sale Officer

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

Trustee Sale No.:   09-25041
Loan No.:           991073763/CROWN CCI
Title Order No.:    NCS 380931-HOU1

STATE OF    CALIFORNIA
COUNTY OF   ORANGE

On 12/08/2009 before me, KRISTINA R. BOYD, Notary Public, personally appeared Diane Erickson Sr, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

KRISTINA R. BOYD
Commission # 1774819
Notary Public - California
San Bernardino County
My Comm. Expires Oct 21, 2011

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

09-25041
EXHIBIT "A"

AN IRREGULAR SHAPED PARCEL OF LAND, IN THE CITY OF HAWTHORNE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, BEING A PORTION OF LOTS 1 AND 2 SECTION 20 TOWNSHIP 3 SOUTH, RANGE 14 WEST OF THE RANCHO SAUSAL REDONDO, AS SHOWN ON THE PARTITION MAP SHOWING PROPERTY FORMERLY OF THE REDONDO LAND COMPANY AS SUBDIVIDED BY JAMES F. TOWELL, C.A. EDWARDS AND P.P. WILCOX, COMMISSIONERS, SURVEYED IN AUGUST 1897, BY L. FRIEL AND FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY ON SEPTEMBER 3,1897, AS RECORDER'S MAP NO. 140 AND ALSO BEING ALL OF THAT CERTAIN PARCEL CONVEYED BY GRANT DEED TO GLEASON LTD., A CALIFORNIA LIMITED PARTNERSHIP, RECORDED ON AUGUST 1, 1985 AS INSTRUMENT NO. 85-888987 AND A PORTION OF THAT CERTAIN COVENANT AND AGREEMENT TO HOLD PROPERTY AS ONE PARCEL BETWEEN THE CITY OF HAWTHORNE AND THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY RECORDED ON DECEMBER 28, 1990 AS INSTRUMENT NO. 90-2130611, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEASTERLY CORNER OF SAID PARCEL DESCRIBED IN INSTRUMENT NO. 85-888987 SAID SOUTHEASTERLY CORNER BEING THE INTERSECTION OF A LINE PARALLEL WITH AND 1257.77 FEET WESTERLY OF THE EASTERLY LINE OF SAID LOT 1 AND A LINE PARALLEL WITH AND 1192.00 FEET NORTHERLY OF THE SOUTHERLY LINE OF SAID LOTS 1 AND 2, SAID CORNER BEING ON THE NORTHERLY LINE OF 147th STREET, BEING AN EIGHTY (80) FOOT WIDE PUBLIC STREET.

THENCE, ALONG SAID NORTHERLY LINE, 147th STREET AND THE EASTERLY LINE OF OCEAN GATE AVENUE, A PUBLIC STREET OF VARIABLE WIDTH, THE FOLLOWING THREE (3) COURSES:

1) SOUTH 89° 56' 10" WEST, 418.11 FEET TO THE BEGINNING OF A CURVE CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 25.00 FEET.

2) NORTHWESTERLY 39.28 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 90° 01' 35";

AND

3) NORTH 00° 00' 15" WEST 135.97 FEET TO THE SOUTHEASTERLY LINE OF THAT CERTAIN PARCEL DESCRIBED IN A COVENANT AND AGREEMENT TO HOLD PROPERTY AS ONE PARCEL BETWEEN THE CITY OF HAWTHORNE AND THE ATCHISON, TOPEKA, AND SANTA FE RAILWAY COMPANY RECORDED DECEMBER 28,1990 AS INSTRUMENT NO. 90-2130609. AT THE BEGINNING OF A NON-TANGENT CURVE CONCAVE SOUTHEASTERLY HAVING A RADIUS OF 344.27 FEET, A RADIAL LINE THROUGH SAID BEGINNING BEARS NORTH 39° 49' 29" WEST.

THENCE ALONG SAID SOUTHEASTERLY LINE, THROUGH FOLLOWING THREE (3)

COURSES:

1) NORTHEASTERLY 53.08 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 08° 50' 02" TO THE BEGINNING OF A REVERSE CURVE CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 412.85 FEET, A RADIAL LINE THROUGH SAID BEGINNING BEARS SOUTH 30° 59' 27" EAST;

2) NORTHEASTERLY 62.23 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 08° 38' 09";

AND

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

3) NORTH 50° 22' 24" EAST, 95.62 FEET TO THE NORTHERLY LINE OF SAID PARCEL DESCRIBED IN INSTRUMENT NO. 90-2130611. AT THE BEGINNING OF A NON-TANGENT CURVE CONCAVE SOUTHERLY, HAVING A RADIUS OF 374.27 FEET A RADIAL LINE THROUGH SAID BEGINNING BEARS NORTH 17° 05' 23" WEST;

THENCE, ALONG SAID NORTHERLY LINE, THE FOLLOWING TWO (2) COURSES:

1) EASTERLY, 111.43 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 17° 03' 33";

AND

2) NORTH 89° 58' 10" EAST 235.71 FEET TO THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF PARCEL (K) CONVEYED TO CHARLES KENNETH CRANE BY SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, CASE NO. P710483 AND RECORDED ON DECEMBER 3, 1987 AS INSTRUMENT NO. 87-2025034.

THENCE, ALONG SAID NORTHERLY PROLONGATION, SOUTH 00° 00' 30" EAST, 30.00 FEET TO A LINE PARALLEL WITH AND THIRTY (30) FOOT SOUTHERLY OF LAST SAID NORTHERLY LINE;

THENCE, ALONG SAID PARALLEL LINE, SOUTH 89° 58' 10" WEST 70.00 FEET TO THE EASTERLY LINE OF SAID PARCEL DESCRIBED IN INSTRUMENT NO. 85-888987.

THENCE, ALONG SAID EASTERLY LINE, SOUTH 00" 00' 30" EAST, 275.00 FEET TO THE POINT OF BEGINNING.

THE ABOVE DESCRIBED LAND IS ALSO DESCRIBED IN THAT CERTAIN CERTIFICATE OF COMPLIANCE, RECORDED APRIL 21, 1992 AS INSTRUMENT NO. 92-706844.

EXCEPT ALL OIL, GAS AND OTHER HYDROCARBON AND MINERAL SUBSTANCES LYING NOT LESS THAN 100 FEET BELOW THE SURFACE OF SAID LAND PROVIDED THAT GRANTOR, ITS SUCCESSORS AND ASSIGNS SHALL NOT HAVE THE RIGHT TO GO UPON THE SURFACE OF SAID LAND FOR THE PURPOSE OF EXTRACTING SAID OIL, GAS OR OTHER HYDROCARBONS AND MINERAL SUBSTANCES, NOR FOR ANY PURPOSE IN CONNECTION THEREWITH, BUT SHALL HAVE THE RIGHT TO EXTRACT AND REMOVE SAID OIL, GAS AND OTHER HYDROCARBONS AND MINERAL SUBSTANCES BY MEANS OF SLANT-DRILLED WELLS LOCATED ON ADJACENT OR NEARBY LAND, OR BY ANY OTHER MEANS WHICH SHALL NOT REQUIRE ENTRY UPON THE SURFACE OF SAID LAND, AS RESERVED BY SANTA FE LAND IMPROVEMENT COMPANY, A CORPORATION IN DEED RECORDED NOVEMBER 6, 1968 AS INSTRUMENT NO. 417 IN BOOK D4185 PAGE 668 OFFICIAL RECORDS.

ALSO EXCEPT ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERAL SUBSTANCES LYING NOT LESS THAN ONE HUNDRED (100) FEET BELOW THE SURFACE OF SAID LAND PROVIDED THAT THERE SHALL BE NO RIGHT TO GO UPON THE SURFACE OF SAID LAND FOR THE PURPOSE OF EXTRACTING SAID OIL, GAS OR OTHER HYDROCARBONS AND MINERAL SUBSTANCES, NOR FOR ANY PURPOSE IN CONNECTION THEREWITH, BUT ,THERE SHALL BE THE RIGHT TO EXTRACT AND REMOVE SAID OIL, GAS AND OTHER HYDROCARBONS AND MINERALS SUBSTANCES BY MEANS OF SLANT-DRILLED WELLS LOCATED ON ADJACENT OR NEARBY LAND OR BY ANY OTHER MEANS WHICH SHALL NOT REQUIRE ENTRY UPON THE SURFACE OF SAID LAND, AS RESERVED IN THE DEEDS RECORDED JANUARY 13, 1961 AS INSTRUMENT NO. 3397 AND MAY 2, 1968 AS INSTRUMENT NO. 3413.

ALSO EXCEPT ALL MINERALS CONTAINED IN THE ABOVE-DESCRIBED LAND, INCLUDING, WITHOUT LIMITING THE GENERALITY THEREOF OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AS WELL AS METALLIC OR OTHER SOLID MINERALS, PROVIDED THAT SANTA FE SHALL NOT HAVE THE RIGHT TO GO UPON OR USE

THE SURFACE OF SAID LAND OR ANY PART THEREOF FOR THE PURPOSE OF DRILLING FOR MINING OR OTHERWISE REMOVING ANY OF SAID MINERALS, SANTA FE MAY HOWEVER AND HEREBY RESERVES THE RIGHT TO REMOVE ANY OF SAID MINERALS FROM SAID LAND BY MEANS OF WELLS, SHAFTS, TUNNELS OR OTHER MEANS OF ACCESS TO SAID MINERALS WHICH MAY BE CONSTRUCTED, DRILLED OR DUG FROM OTHER LAND, PROVIDED THAT THE EXERCISE OF SUCH RIGHTS BY SANTA FE SHALL IN NO WAY INTERFERE WITH OR IMPAIR THE USE OF THE SURFACE OF THE LAND HEREBY CONVEYED OR OF ANY IMPROVEMENTS THEREOF AS RESERVED BY THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY IN DEED RECORDED APRIL 21, 1992 AS INSTRUMENT NO. 92-706846.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

TS 09-25041
EXHIBIT"B"

(A) All that certain real property situated in Los Angeles County, State of California, more particularly described on Exhibit A attached hereto and incorporated herein by this reference (the "Real Estate"), together with all of the easements, rights, privileges, franchises, tenements, hereditaments and appurtenances now or hereafter thereunto belonging or in any way appertaining and all of the estate, right, title, interest, claim and demand whatsoever of Trustor therein or thereto, either at law or in equity, in possession or in expectancy, now or hereafter acquired;

(B) All structures, buildings and improvements of every kind and description now or at any time hereafter located or placed on the Real Estate (the "Improvements");

(C) All easements, rights-of-way, strips and gores of land, vaults, streets, ways, alleys, passages, sewer rights, and other emblements now or hereafter located on the Real Estate or under or above the same or any part or parcel thereof, and all estates, rights, titles, interests, tenements, hereditaments and appurtenances, reversions and remainders whatsoever, in any way belonging, relating or appertaining to the Property or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto, whether now owned or hereafter acquired by Trustor;

(D) All furniture, furnishings, fixtures, goods, equipment, inventory or personal property owned by Trustor and now or hereafter located on, attached to or used in or about the Improvements, including, but not limited to, all machines, engines, boilers, dynamos, elevators, stokers, tanks, cabinets, awnings, screens, shades, blinds, carpets, draperies, lawn mowers, and all appliances, plumbing, heating, air conditioning, lighting, ventilating, refrigerating, disposal and incinerating equipment, and all fixtures and appurtenances thereto, and such other goods and chattels and personal property owned by Trustor as are now or hereafter used or furnished in operating the Improvements, or the activities conducted therein, and all building materials and equipment hereafter situated on or about the Real Estate or Improvements, and all warranties and guaranties relating thereto, and all additions thereto and substitutions and replacements therefor (exclusive of any of the foregoing owned or leased by tenants of space in the Improvements);

(E) All water, water courses, ditches, wells, reservoirs and drains and all water, ditch, well, reservoir and drainage rights and powers which are appurtenant to, located on, under or above or used in connection with the Real Estate or the Improvements, or any part thereof, together (i) with all utilities, utility lines, utility commitments, utility capacity, capital recovery charges, impact fees and other fees paid in connection with same, (ii) reimbursements or other rights pertaining to utility or utility services provided to the Real Estate and/or Improvements and (iii) the present or future use or availability of waste water capacity, or other utility facilities to the extent same pertain to or benefit the Real Estate and/or Improvements, including, without limitation, all reservations of or commitments or letters covering any such use in the future, whether now existing or hereafter created or acquired;

(F) All minerals, crops, timber, trees, shrubs, flowers and landscaping features now or hereafter located on, under or above the Real Estate;

(G) All cash funds, deposit accounts and other rights and evidence of rights to cash, now or hereafter created or held by Lender pursuant to this Security Instrument or any other of the Loan Documents (as hereinafter defined), including, without limitation, all funds now or hereafter on deposit in the Impound Account, the TILC Reserve, the Payment Reserve, the Repair and Remediation Reserve and the Replacement Reserve, and the Cash Collateral Account (including, without limitation, the T&I Impound Account and all Subaccounts), each as hereafter defined (collectively, the "Reserves");

(H) All leases, licenses, tenancies, concessions and occupancy agreements of the Real Estate or the Improvements now or hereafter entered into and all rents, royalties, issues, profits, revenue, income, accounts receivable and other benefits (collectively, the "Rents" or "Rents and Profits") of the Real Estate, the Improvements, or the fixtures or equipment, now or hereafter arising from the use or enjoyment of all or any portion thereof or from any lease, license, tenancy, concession, occupancy agreement or other agreement pertaining thereto or arising from any of the Contracts (as hereinafter defined) or any of the General Intangibles (as hereinafter defined) and all cash or securities (the "Security Deposits") that secure performance by the tenants, lessees or licensees, as applicable, of their obligations under any such leases, licenses, concessions or occupancy agreements, or which may be available to Trustor or its designee to effect repairs or maintenance, whether said cash or securities are to be held until the expiration of the terms of said leases, licenses, concessions or occupancy agreements or applied to one or more of the installments of rent coming due prior to the expiration of said terms, subject to, however, the provisions contained in Section 1.11 of the Security Instrument;

(I) All contracts and agreements now or hereafter entered into covering any part of the Real Estate or the Improvements (collectively, the "Contracts") and all revenue, income and other benefits thereof, including, without limitation, management agreements, service contracts, maintenance contracts, equipment leases, personal property leases and any contracts or documents relating to construction on any part of the Real Estate or the Improvements (including plans, specifications, studies, drawings, surveys, tests, operating and other reports, bonds and governmental approvals) or to the management or operation of any part of the Real Estate or the Improvements;

(J) All present and future monetary deposits given to any public or private utility with respect to utility services furnished to any part of the Real Estate or the Improvements;

(K) All present and future funds, accounts, instruments, accounts receivable, documents, causes of action, claims, general intangibles (including, without limitation, trademarks, trade names, servicemarks and symbols now or hereafter used in connection with any part of the Real Estate or the Improvements, all names by which the Real Estate or the Improvements may be operated or known, all rights to carry on business under such names, and all rights, interest and privileges which Trustor has or may have as developer or declarant under any covenants, restrictions or declarations now or hereafter relating to the Real Estate or the Improvements) and all notes or chattel paper now or hereafter arising from or by virtue of any transactions related to the Real Estate or the Improvements (collectively, the "General Intangibles");

(L) All water taps, sewer taps, certificates of occupancy, permits, special permits, uses, licenses, franchises, certificates, consents, approvals and other rights and privileges now or hereafter obtained in connection with the Real Estate or the Improvements and all present and future warranties and guaranties relating to the Improvements or to any equipment, fixtures, furniture, furnishings, personal property or components of any of the foregoing now or hereafter located or installed on the Real Estate or the Improvements;

(M) All building materials, supplies and equipment now or hereafter placed on the Real Estate or in the Improvements and all architectural renderings, models, drawings, plans, specifications, studies and data now or hereafter relating to the Real Estate or the Improvements;

(N) All right, title and interest of Trustor in any insurance policies or binders now or hereafter relating to the Property including any unearned premiums thereon;

(O) All proceeds, products, substitutions and accessions (including claims and demands

RECORDER MEMO: This COPY has not been QUALITY ASSURED.



therefor) of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims, including, without limitation, proceeds of insurance and condemnation awards; and

(P) All other or greater rights and interests of every nature in the Real Estate or the Improvements and in the possession or use thereof and income therefrom, whether now owned or hereafter acquired by Trustor.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.