| | |
|---|---|
| Andrew W. Caine, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| (admitted *pro hac vice*) | Paula S. Beran, Esq. (VA Bar No. 34679) |
| PACHULSKI STANG ZIEHL & JONES LLP | TAVENNER & BERAN, PLC |
| 10100 Santa Monica Boulevard, 13th Floor | 20 North Eighth Street, 2nd Floor |
| Los Angeles, California 90067-4003 | Richmond, Virginia 23219 |
| Telephone: (310) 277-6910 | Telephone: (804) 783-8300 |
| Facsimile:  (310) 201-0760 | Facsimile:   (804) 783-0178 |

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MOTION OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST TO ENFORCE TERMS OF CONFIRMED PLAN, FOR PROTECTION FROM FOREIGN SUBPOENA DUCES TECUM, AND FOR ORDER TO SHOW CAUSE AS TO WHY TOSHIBA SHOULD NOT BE HELD IN CONTEMPT

The Circuit City Stores, Inc. Liquidating Trust (the "Trust") hereby moves for protection from a *Subpoena / Subpoena Duces Tecum to Person Under Foreign Subpoena* (the "Subpoena") issued at the behest of Toshiba Corporation and Toshiba America Electronic Components, Inc. (together, "Toshiba") in connection with an action in which the Trust is not a party, *State of Illinois v. Hitachi, Ltd.*, currently pending as Case No. 12-CH-35266 in the Circuit Court of Cook County, Illinois (the "Illinois Action").[1] As set out more fully herein, compliance

---

[1] A copy of the Subpoena, in the form in which it was purportedly served on counsel for the Trust (rather than the Trust itself), is attached hereto as **Exhibit A**. Toshiba's failure to properly serve the Trust itself, rather than counsel for the Trust, is one of the multiple defects in the Subpoena. The Trust does not waive
*(footnote continued)*

with the Subpoena would require the Trust to engage a consultant to review voluminous historical data and to prepare and sit for a deposition – a significant and costly undertaking that would exceed the authorization of the Trust under the Plan and Liquidating Trust Agreement in these cases, violate the protections provided to the Trust thereunder, and improperly comandeer the Trust's resources to the detriment of beneficiaries. The Trust thus seeks relief from this Court – including but not limited to the issuance of an order to show cause – to safeguard the interests of the Trust and its beneficiaries.

## THE CONFIRMATION ORDER, PLAN, LIQUIDATING TRUST AGREEMENT AND THE PURPOSES OF THE TRUST

Before its liquidation at the height of the financial crisis in 2008–09, Circuit City Stores, Inc. (together with its affiliated companies, "Circuit City") was a retailer of electronic products. On November 10, 2008, Circuit City sought relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). On September 10, 2010, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors* (the "Confirmation Order"), which, *inter alia*, confirmed the *Modified Second Amended Joint Plan of Reorganization* (the "Plan") and established the Trust.

The Trust is a creation of the Bankruptcy Court.[2] It carries on no trade or commerce; rather, the Trust exists solely for the limited purposes set out in the Confirmation Order, which states in relevant part as follows:

---

– and specifically preserves – all procedural and substantive objections, which were communicated in writing to Toshiba on July 7, 2016.

[2]  *See generally Barton v. Barbour*, 104 U.S. 126 (1881).

2

> The formation, rights, powers, duties, structure, obligations, and related matters pertaining to the Liquidating Trust shall be governed by Article V of the Plan and the Liquidating Trust Agreement. [Confirmation Order ¶ 11.]
>
> [T]he Liquidating Trustee is hereby authorized to carry out all duties as set forth in the Plan, the Liquidating Trust Agreement, and this Confirmation Order. [Confirmation Order ¶ 13.]

The Plan provides, at Article V.F.6(c):

> The Liquidating Trustee shall have the rights and powers set forth in the Liquidating Trust Agreement including, but not limited to, the powers of a debtor-in-possession under Bankruptcy Code sections 1107 and 1108. The Liquidating Trustee shall be governed in all things by the terms of the Liquidating Trust Agreement and this Plan. The Liquidating Trustee shall administer the Liquidating Trust, and its assets, and make Distributions from the proceeds of the Liquidating Trust in accordance with this Plan. In addition, the Liquidating Trustee shall, in accordance with the terms of this Plan, take all actions necessary to wind down the affairs of the Consolidated Debtors consistent with this Plan and applicable non-bankruptcy law…. Subject to the terms of the Liquidating Trust Agreement, which includes, among other things, limitations on the Liquidating Trustee's discretion to take certain action without approval of the Liquidating Trust Oversight Committee or, in some circumstances, the Bankruptcy Court, the Liquidating Trustee shall be authorized, empowered and directed to take all actions necessary to comply with this Plan and exercise and fulfill the duties and obligations arising hereunder….

The Liquidating Trust Agreement, which was approved by the Bankruptcy Court through the Confirmation Order, provides in relevant part as follows:

> 2.1 <u>Purpose of Trust</u>. The Plan Proponents and the Trustee, pursuant to the Plan and in accordance with title 11 of the United States Code (the "Bankruptcy Code"), hereby create the Trust for the primary purpose of collecting, holding, administering, distributing and/or liquidating the Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan, and with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust. ***The activities of the Trust shall be limited to those activities set forth in this Agreement and as otherwise contemplated by the Plan***. [Emphasis added.]
>
> 3.1 <u>Rights, Powers and Privileges</u>. The Trustee shall have only the rights, powers and privileges expressly provided to the Trustee in this Agreement or in the Plan. Without limiting the foregoing, the Trustee shall have the power to take the following actions in addition to the powers granted in the Plan, and any powers

3

> reasonably incidental thereto, which the Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the liquidating purpose of the Trust, unless otherwise specifically limited or restricted by the Plan or this Agreement … [listing various actions, none of which include responding to a third-party subpoena].

The Confirmation Order further provides:

> <u>Injunctions</u>. Except as otherwise specifically provided in the Plan and except as may be necessary to enforce or remedy a breach of the Plan, from and after the Effective Date all Entities who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan, all to the fullest extent permissible under applicable law, including to the extent provided for or authorized by Article X.D. of the Plan and sections 524 and 1141 of the Bankruptcy Code. [Confirmation Order ¶ 28.]

### INFORMATION PREVIOUSLY PROVIDED BY THE TRUST IN THE CRT ACTION

The Trust maintains custody of certain of Circuit City's books and records and employs a limited staff for the purpose of liquidating assets and resolving claims against the debtors in order to maximize the distribution on claims against the bankruptcy estates. Consistent with the Confirmation Order and subject to the ongoing supervision of the Bankruptcy Court, the Trust is a party to legacy litigation involving claims that previously belonged to Circuit City. One such proceeding is the federal multidistrict litigation styled *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 JST, MDL 1917 (N.D. Cal.) (the "<u>CRT Action</u>"). The Trust was previously a plaintiff in the CRT Action, but is no longer a party, having settled all of its claims with all defendants – including Toshiba. Toshiba was and apparently remains a defendant in the CRT Action as to claims of plaintiffs other than the Trust.

During the time period that the Trust was involved in the CRT Action, the Trust complied with discovery obligations imposed by the Federal Rules of Civil Procedure. Among other things, the Trust produced voluminous documents to the defendants in the CRT Action, including Toshiba. The Trust also gave corporate deposition testimony, pursuant to Federal Rule of Civil Procedure 30(b)(6), at the behest of defendants in the CRT Action, including Toshiba. Providing affirmative discovery – especially deposition testimony – in connection with the CRT Action was a costly and cumbersome task, given the Trust's few employees. Ultimately the Trust hired outside consultants, at significant expense, to facilitate the Trust's compliance with its discovery obligations in the CRT Action.

The Subpoena essentially seeks a "do over" of discovery the Trust provided in the CRT Action, on account of an Illinois rule that prohibits the use of deposition testimony at trial unless the deposition was specially designated as a trial deposition. Thus, even though Toshiba actively participated in discovery in the CRT Action, and apparently had the ability to make the appropriate Illinois designation(s) at the time, Toshiba now allegedly finds itself unable to use that discovery in connection with the Illinois Action.[3] As a result, Toshiba sought the issuance of the Subpoena to compel the Trust to provide the very same testimony that the Trust – at significant cost – already provided years ago.[4]

---

[3] *See* Memorandum Opinion and Order, *State v. Au Optronics Corp.*, No. 10-CH-34472 (Ill. Cir. Ct. Feb. 26, 2016) (attached hereto as **Exhibit B**) (issued in a substantially similar action pending in the Circuit Court of Cook County, Illinois, denying Toshiba's request to use federal deposition testimony given Toshiba's failure to properly notice the federal deposition testimony as an "evidence deposition" under Illinois Supreme Court Rule 202).

[4] Significantly, in the CRT Action, the Trust was served with a deposition notice (attached hereto as **Exhibit C**) (the "CRT Notice") that covered all but one of the deposition topics in the Subpoena (indeed, 16 of the 18 the "Matters Upon Which Examination is Requested" are copied nearly verbatim from the CRT Notice). The Trust hired a consultant and worked extensively with counsel to prepare the consultant as a corporate representative who ultimately gave deposition testimony (the "CRT Deposition"). As

*(footnote continued)*

5

**THE TRUST'S CRT SETTLEMENT AGREEMENT WITH
TOSHIBA DOES NOT REQUIRE COOPERATION WITH THE SUBPOENA**

The Trust and Toshiba entered into a *Settlement and Release* dated December 2, 2014 (the "CRT Settlement Agreement"), which definitively compromised and resolved the parties' relationship to each other vis-à-vis the CRT Action. The CRT Settlement Agreement contains a standard integration clause (under which the CRT Settlement Agreement is the complete and definitive agreement between Toshiba and the Trust with regard to matters pertaining to the CRT Action), and the CRT Settlement Agreement contains no requirement that the parties cooperate further with each other by providing testimony and evidence in related litigation (even though such further cooperation provisions are often found in settlement agreements).[5]

**THE TRUST'S EFFORT TO INFORMALLY RESOLVE THE SUBPOENA DISPUTE**

The Trust is not a party to the Illinois Action and has neither the appropriate resources nor the appropriate personnel to respond to the burdensome requests embodied in the Subpoena. The Trustee has endeavored to cooperate with Toshiba with regard to the Subpoena, and is willing to produce to Toshiba all documents that the Trust produced in the CRT Action. What the Trust is unable to do, however, is undertake the unduly burdensome task and incur the significant expense of hiring and educating a witness to testify regarding the 18 overly broad "Matters Upon Which Examination Is Requested" listed in the Subpoena. None of the Trust's few remaining employees have the knowledge necessary to give sworn testimony on the myriad deposition topics included in the Subpoena. As such, compliance with the deposition component

---

reflected in the transcript of the CRT Deposition (attached hereto as **Exhibit D**), counsel for Toshiba attended the CRT Deposition and examined the deponent at length.

[5]  The Trust has not attached the CRT Settlement Agreement because it is designated as Confidential. The CRT Settlement Agreement was submitted to the Bankruptcy Court under seal, and the Bankruptcy Court approved all provisions of the CRT Settlement Agreement.

6

of the Subpoena would require the Trustee to hire and educate a consultant for the sole purpose of providing non-party deposition testimony. That is not an appropriate use of a non-party Subpoena, and it is especially objectionable here given that Toshiba's alleged need for a "do over" is a problem of Toshiba's own making. Toshiba has rejected the Trust's offers and insists that the Trust prepare and produce a witness to testify – all at the Trust's sole and exclusive expense.

### THE COURT IS AUTHORIZED TO ISSUE AN ORDER ENFORCING THE CONFIRMATION ORDER AND PLAN AND PROTECTING THE TRUST'S LIMITED RESOURCES FROM DEPLETION BY THE SUBPOENA

The Trustee seeks protection from the Subpoena, including each and every component thereof and request therein, on the ground that it was served without leave of the Bankruptcy Court, purports to command and direct the Trustee's use of Trust resources for purposes inconsistent with the Confirmation Order in usurpation of the power and authority of the Bankruptcy Court, and is inconsistent with the CRT Settlement Agreement between the Trust and Toshiba in the CRT Action.

Bankruptcy Code section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code and "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders." *In re LandAmerica Fin. Grp., Inc.*, 2013 Bankr. LEXIS 1756, at *10–11, 2013 WL 1819984, at *3 (Bankr. E.D.Va. Apr. 30, 2013) (quoting *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011), and citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders.")). An order enforcing the Confirmation Order and

Plan is entirely appropriate, as the Confirmation Order and Plan enjoin Toshiba from further pursuit of the Subpoena against the Trust.[6]

Not only is Toshiba's Subpoena enjoined by the Confirmation Order and Plan, but the Subpoena also runs afoul of the Court's order approving the CRT Settlement Agreement. Moreover, absent protection from the Subpoena, the Trust will be required to expend valuable resources to the detriment of the Trust's beneficiaries.

### THE COURT SHOULD ISSUE AN ORDER DIRECTING TOSHIBA TO SHOW CAUSE WHY TOSHIBA SHOULD NOT BE SANCTIONED FOR ITS VIOLATION OF THE CONFIRMATION ORDER AND PLAN INJUNCTION

Bankruptcy Code section 105 empowers the Court to issue any order "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Civil contempt and sanctions are appropriate remedies for violating a bankruptcy court order, *see Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 416–17 (Bankr. E.D. Va. 2011), including a confirmation order, *see Dalkon Shield Claimants Trust v. Warren (In re A.H. Robins Co., Inc.)*, 197 B.R. 561, 562 (Bankr. E.D. Va. 1994).

Toshiba's issuance of the Subpoena, under color of (defective) state court process (even though Toshiba is well aware of the Trust's creation by this Court and has been advised of the *Barton* doctrine), coupled with Toshiba's refusal to withdraw the Supboena notwithstanding the Trust's objections (which necessitated the preparation and filing of this motion), are *prima facie* evidence that Toshiba is acting in derogation of this Court's orders and authority. Toshiba's actions are particularly inappropriate given that Toshiba already has all of the information requested in the Subpoena based on proceedings in the CRT Action (and any procedural barriers

---

[6] This motion is an appropriate vehicle to enforce the Confirmation Order and Plan. Rule 7001(7) of the Federal Rules of Bankruptcy Procedure provides that a proceeding to obtain injunctive relief provided for in a chapter 11 plan need not be commenced by adversary proceeding.

8

to its use by Toshiba in the Illinois Action were apparently avoidable).  Toshiba should be called to account for the costs incurred by the Trust in addressing the Subpoena, including the costs of bringing this motion.

## CONCLUSION

The Trust respectfully requests that the Court issue an order (1) enforcing the Confirmation Order and Plan to bar Toshiba from further attempts to comandeer the Trust's resources, via the Subpoena or otherwise; (2) requiring Toshiba to show cause why it should not be sanctioned for violation of the Confirmation Order and Plan, in order to reimburse the Trust and its beneficiaries for the amounts spent to address the Subpoena; and (3) granting such other or further relief as may be necessary or appropriate.

Dated: August 3, 2016                              TAVENNER & BERAN, PLC

　　　　　　　　　　　　　　　　　　　　　　　　　　　　__/s/ Paula S. Beran_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
　　　　　　　　　　　　　　　　　　　　　　　　　　　　- and -
Andrew W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 227-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*