WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600
Jaime M. Crowe (Va. Bar No. 37186)
Dana E. Foster (*pro hac vice* application pending)

*Counsel for Non-parties Toshiba Corporation and
Toshiba America Electronic Components, Inc.*

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

------------------------------------------------------------x
:
In re:                                                    :
:      Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC., et al.,                        :
:      Chapter 11
:
:      (Jointly Administered)
Debtors.                         :
:
------------------------------------------------------------ x

**NON-PARTIES TOSHIBA CORPORATION AND
TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
OPPOSITION TO MOTION OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST TO ENFORCE TERMS OF CONFIRMED PLAN, FOR
PROTECTION FROM FOREIGN SUBPOENA DUCES TECUM AND FOR ORDER
TO SHOW CAUSE AS TO WHY TOSHIBA SHOULD NOT BE HELD IN CONTEMPT**

**TABLE OF CONTENTS**

PAGE

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................2

I. THE COURT LACKS JURISIDICTION OVER THE RICHMOND CIRCUIT
COURT SUBPOENA ...................................................................................................2

    A. The Court Should Deny The Trust's Motion Because Virginia Law Requires
The Trust To Seek Relief In Virginia State Court ..................................................2

    B. The Court Does Not Have Exclusive Jurisdiction Over The Trust's
Compliance With The Subpoena ............................................................................3

    C. The *Barton* Doctrine Is Inapplicable......................................................................5

II. THE TOSHIBA ENTITIES ARE NOT PARTIES TO THE CONFIRMATION
ORDER, NOR HAVE THEY VIOLATED THIS COURT'S ORDER .........................7

III. THE TRUST IS AUTHORIZED TO RESPOND TO A PROPERLY-ISSUED
THIRD-PARTY SUBPOENA .......................................................................................8

IV. THE SUBPOENA IS VALID AND ENFORCEABLE AGAINST THE TRUST .......10

    A. The MDL Settlement Agreement Does Not Prohibit The Evidence Sought By
The Subpoena........................................................................................................10

    B. The Subpoena Does Not Seek A "Do Over" Of Discovery From The CRT
MDL......................................................................................................................10

    C. The Trust's Vague And Conclusory Assertions Of Undue Burden And
Expense Are Insufficient To Warrant Protection And Belied By The Facts.........11

CONCLUSION........................................................................................................................13

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**                                                                                                    **PAGE(S)**

*Dalkon Shield Claimants Trust v. Warren (In re A.H. Robins Co., Inc.)*,
    197 B.R. 561 (Bankr. E.D. Va. 1994)............................................................................8

*In re Cutright*,
    2012 Bankr. LEXIS 2419 (Bankr. E.D. Va. 2012)........................................................6

*In re LandAmerica Fin. Grp., Inc.*,
    2013 Bankr. LEXIS 1756 (Bankr. E.D. Va. 2013)................................................3, 4, 5

*In re Marshall*,
    273 B.R. 822 (Bankr. C.D. Cal. 2002)..........................................................................8

*In re Media Group, Inc.*,
    2006 Bankr. LEXIS 4842 (B.A.P. 9th Cir. Nov. 14, 2006)...........................................6

*In re Qimonda AG*,
    482 B.R. 879 (Bankr. E.D. Va. 2012).......................................................................5, 6

*In re Ridley Owens, Inc.*,
    391 B.R. 867 (Bankr. N.D. Fla. 2008).......................................................................5, 6

*McDaniel v. Blust*,
    668 F.3d 153 (4th Cir. 2012) ........................................................................................6

*Pacor, Inc. v. Higgins*,
    743 F.2d 984 (3d Cir. 1984) .........................................................................................4

*Rountree v. Nunnery (In re Rountree)*,
    448 B.R. 389 (Bankr. E.D. Va. 2011)...........................................................................8

*Weintraub v. Bd. of Cty. Comm'rs*,
    2009 U.S. Dist. LEXIS 65161 (D. Md. July 28, 2009)...............................................11

*Williams v. McGreevey (Touch Am. Holdings, Inc.)*,
    401 B.R. 107 (Bankr. D. Del. 2009) ............................................................................4

**STATE CASES**

*Massey Energy Co. v. UMW*,
    72 Va. Cir. 54 (2006) .................................................................................................11

*Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.*,
    770 S.E.2d 440 (Va. 2015)...........................................................................................3

# TABLE OF AUTHORITIES

**FEDERAL STATUTES AND REGULATIONS**

Bankruptcy Code § 105 ................................................................................................................4

**STATE STATUTES AND REGULATIONS**

Illinois Antitrust Act,
    740 ILCS 10/1, *et seq*. ........................................................................................................10

Virginia's Uniform Interstate Deposition and Discovery Act,
    Va. Code Ann. § 8.01-412.8, *et seq.* ....................................................................................2

**RULES**

Federal Rules of Bankruptcy Procedure Rule 7001(7) ..................................................................8

Federal Rule of Civil Procedure 30(b)(6) .........................................................................1, 11, 12

Virginia Supreme Court Rule 4:1(c) ..............................................................................................2

## INTRODUCTION

This Court lacks jurisdiction over the Richmond Circuit Court subpoena at issue in the Trust's motion. And while the Trust agreed to produce documents pursuant to the subpoena, it offers only conclusory statements — and no facts — about its burden in producing a witness for deposition. Although the Trust makes a passing reference to defective service in a footnote, it does not seriously contest the service of the subpoena on the Trust. For these reasons, this Court should deny the motion.

The Circuit City Stores, Inc. Liquidating Trust (the "Trust") has moved for protection from the June 13, 2016 subpoena (the "Subpoena") in the wrong court. The Richmond Circuit Court issued the Subpoena and, under Virginia state law, the Trust is required to make any application for a protective order in that court. *See* Va. Code Ann. § 8.01-412.13. Contrary to the Trust's repeated assertions, the Confirmation Order does not give this Court jurisdiction over the Subpoena. That is, neither the Subpoena nor the action from which the Subpoena originated, *State of Illinois v. Hitachi, Ltd. et. al*, No. 12 CH 35266 (Cir. Ct. Cook Cty.) (the "Illinois CRT Action"), falls within the scope of this Court's retained jurisdiction. As such, this Court lacks jurisdiction over the Subpoena and should deny the Trust's motion on that basis.

In any event, the Trust does not provide sufficient — or any — specific evidence that the Subpoena would cause *undue* burden or expense. The Trust offers only vague and conclusory assertions regarding its burden which, in fact, are undermined by the Trust's own testimony. During Circuit City's Rule 30(b)(6) deposition in the federal CRT MDL proceeding, its representative testified that all he did to prepare was review a single deposition transcript and meet for a single day with Circuit City's counsel.

Finally, the Trust's request that non-parties Toshiba Corporation and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Entities") show cause to avoid sanctions is baseless. The Trust's request is based on a misreading of the Confirmation Order prohibiting *claimants* from initiating additional proceedings. The Toshiba Entities are not claimants in this proceeding, and the Subpoena is unconnected to both this proceeding and any claims against the debtors. The Trust provides no logical basis to conclude that the Subpoena is enjoined by the Confirmation Order or that the Toshiba Entities should (or could) be sanctioned for violating an Order not directed to them.

For these reasons, this Court should deny the Trust's motion in its entirety.

**ARGUMENT**

**I.   THE COURT LACKS JURISIDICTION OVER THE RICHMOND CIRCUIT COURT SUBPOENA**

   **A.   The Court Should Deny The Trust's Motion Because Virginia Law Requires The Trust To Seek Relief In Virginia State Court**

The Court should deny the motion because it lacks jurisdiction over the June 13, 2016 Subpoena issued by the clerk of the Richmond Circuit Court. Mot., Ex. A.

Virginia's Uniform Interstate Deposition and Discovery Act provides that "[a]n application to the court for a protective order to enforce, quash, or modify a subpoena issued by a clerk of court under §8.01-412.10 shall comply with the statutes and rules of the court of the Commonwealth and be submitted to the court in the circuit in which discovery is to be conducted." Va. Code Ann. § 8.01-412.13; *see also* Virginia Supreme Court Rule 4:1(c). The Richmond Circuit Court issued the Subpoena pursuant to § 8.01-412.10; therefore, the Trust must submit any application for a protective order from it in the Richmond Circuit Court. And it has not done so.

2

Furthermore, Virginia law governs the Subpoena because the potential deposition witness(es) and responsive documents are located there. *See Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.*, 770 S.E.2d 440, 444 (Va. 2015) ("The enforcement of a subpoena seeking out-of-state discovery is generally governed by the courts and the law of the state in which the witness resides or where the documents are located."). The Toshiba Entities selected the Richmond Circuit Court because "the location of discovery also determines which jurisdiction's law governs a non-party's discovery obligations." *Id.* at 445.

### B. The Court Does Not Have Exclusive Jurisdiction Over The Trust's Compliance With The Subpoena

In its motion, the Trust correctly states that "[a] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders." Mot. at 7 (quoting *In re LandAmerica Fin. Grp., Inc.*, 2013 Bankr. LEXIS 1756, at *10-11 (Bankr. E.D. Va. Apr. 30, 2013). However, the Confirmation Order, by its own words, does not extend to the Subpoena. *See Findings of Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors*, *In re Circuit City Stores, Inc., et. al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 (the "Confirmation Order") ¶ UU, Plan[1] at Article XI (describing the matters over which the bankruptcy court maintains jurisdiction related to bankruptcy proceeding). Specifically, the Court, by incorporating the Confirmation Plan, defined the scope of its retained jurisdiction, stating the "Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and this Plan to the fullest extent permitted by law . . . ." Confirmation Order ¶ 41. In the Order, the Court defined "Chapter 11

---

[1] Confirmation Order Ex. A, Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").

Cases" as those cases "maintained by the Clerk of the Court and/or its duly-appointed agent." *Id*. at 3. PACER lists 606 cases associated with the Circuit City bankruptcy proceeding; the Illinois CRT Action is not one of them, nor is any other action related to the alleged CRT conspiracy. *See* Associated Cases to *In re Circuit City Stores, Inc.*, Case No. 08-35653-KRH (Bankr. E.D.Va.) Accordingly, neither the Illinois CRT Action nor the Subpoena constitutes a matter arising out of the Chapter 11 Cases.

Further, the Illinois CRT Action is not "related to" the bankruptcy proceeding. "'[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . .'" *Williams v. McGreevey (Touch Am. Holdings, Inc.)*, 401 B.R. 107, 118 (Bankr. D. Del. 2009) (*quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Notably, the Trust does not argue that the result of the Illinois CRT Action would have any effect on its administration; instead, it asserts that "absent protection from the Subpoena, the Trust will be required to expend valuable resources to the detriment of the Trust's beneficiaries." Mot. at 8. But this is insufficient. And the Trust cites no authority for the proposition that an action can "relate to" a bankruptcy proceeding solely in connection with the issuance of a third-party subpoena. The Illinois CRT Action is yet further removed from the bankruptcy proceeding given that the Subpoena was issued by a state court on behalf of non-creditors. *See Creditors to In re Circuit City Stores, Inc.*, Case No. 08-35653-KRH (Bankr. E.D.Va.) (listing 2,411 creditors to the Circuit City bankruptcy proceeding; none of which is the Toshiba Entities).

The Trust's authority is inapposite. Mot. at 7. Bankruptcy Code Section 105 simply empowers the Court to "enforce or implement court orders or rules," but the Trust fails to show how such authority applies to the Subpoena. *Id*. And the Trust's lone decision — *In re*

4

*LandAmerica Fin. Grp., Inc.*, No. 08-35994, 2013 Bankr. LEXIS 1756 (Bankr. E.D. Va. Apr. 30, 2013) — stands for the unremarkable (and irrelevant) proposition that a bankruptcy court retains jurisdiction to enjoin a *creditor* from pursuing an action in a separate court because that *creditor* had filed claims against the trustee of the underlying bankruptcy based on actions that the trustee took in administering the estate. *See id.* at *23 ("The Court retained exclusive jurisdiction to construe, enforce, implement, execute, and consummate the Plan, as well as to resolve any disputes concerning the Trusts or the Trust Agreements."). There are no similar facts here. First, as noted, the Toshiba Entities are not creditors. And second, the Toshiba Entities did not file a lawsuit against the trustee of the Trust; rather, the Richmond Circuit Court issued the Subpoena to the Trust in connection with an unrelated action seeking testimony about how Circuit City, the company, operated between 1995 and 2007, not as to how the Trust is being administered.

      C.      **The *Barton* Doctrine Is Inapplicable**

In its motion, the Trust invokes the *Barton* Doctrine, but it fails to cite any case law or otherwise explain how or why that doctrine might apply. Mot. at 8. In fact, it is not implicated here.

*First*, applying the *Barton* Doctrine would deprive the proper court — the Richmond Circuit Court — of control and jurisdiction over its own proceedings. *See In re Ridley Owens, Inc.*, 391 B.R. 867, 872 (Bankr. N.D. Fla. 2008) ("The principles which justify the *Barton* doctrine do not . . . justify depriving the state court of control and jurisdiction over its own proceedings.").

*Second*, the Toshiba Entities have not brought any lawsuits against the Trust or the Trustee. The purpose of the *Barton* Doctrine is to prevent trustees from being subject to frivolous lawsuits that interfere with the administration of the estate. *See In re Qimonda AG*, 482

5

B.R. 879, 896 (Bankr. E.D. Va. 2012) ("In effect, the Court serves as a gatekeeper under the *Barton* doctrine, protecting its appointed professionals from frivolous *lawsuits* that would interfere with the administration of the estate.") (emphasis added); *see also In re Cutright*, 2012 Bankr. LEXIS 2419, at *16-17 (Bankr. E.D. Va. May 30, 2012) ("Under the *Barton* Doctrine, a potential plaintiff must obtain permission from the bankruptcy court before *filing suit* against a bankruptcy trustee in another forum for acts done in the trustee's official capacity and within the trustee's authority.") (emphasis added) (citing *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012)).

This issuance of a third-party subpoena is obviously not the same as initiating a lawsuit against the Trust, and the Toshiba Entities have been unable to identify a single decision from this Court extending the *Barton* Doctrine to the issuance of a subpoena from another court. In fact, other courts have held that the *Barton* Doctrine does not apply to the issuance of a subpoena because it does not constitute a lawsuit. *See, e.g.*, *In re Media Group, Inc.*, BAP No. 05-1432, 2006 Bankr. LEXIS 4842, at *17 (B.A.P. 9th Cir. Nov. 14, 2006) (overturning a lower court ruling that the *Barton* Doctrine prohibits a party from issuing a subpoena without checking with the Bankruptcy Court because "[t]he court's expansion of the doctrine [to apply to a subpoena] is not supported by a plain reading of either *Barton* or *Crown Vantage*; both are limited to the commencement of legal action against a court appointee").

**Finally**, other courts have held that the *Barton* Doctrine does not apply to non-creditors. *See, e.g.*, *In re Ridley Owens, Inc.*, 391 B.R. at 872 ("The principles which justify the *Barton* doctrine do not compel [the court] to extend its application to require parties who are not creditors to seek leave of this court before requesting monetary sanctions in a lawsuit instituted by the trustee against them in state court.").

6

## II. THE TOSHIBA ENTITIES ARE NOT PARTIES TO THE CONFIRMATION ORDER, NOR HAVE THEY VIOLATED THIS COURT'S ORDER

The Trust misconstrues this Court's Confirmation Order in arguing that the Toshiba Entities are enjoined from seeking evidence from Circuit City for use in the Illinois CRT Action. The Confirmation Order provision that the Trust claims was violated enjoins "Entities who have held, hold or may hold Claims against or Interests in the Debtors . . . from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests." Confirmation Order ¶ 28. Therefore, a prerequisite is that the relevant entity holds claims against the Trust in this bankruptcy action. But neither Toshiba Entity has filed a claim against the Trust.

Moreover, the Confirmation Order's injunctive provision only prohibits the enumerated actions to the extent that the actions are *based on a claim against the Trust related to the bankruptcy proceeding*. By its terms, the purpose of the injunctive provision is to prevent claimants in this bankruptcy proceeding from initiating additional proceedings to collect their debt. *Id*. The testimony that the Toshiba Entities seek has nothing to do with this bankruptcy proceeding or claims against the debtors; rather, they seek evidence regarding Circuit City's business operations and sale of CRT finished products that is necessary to the Toshiba Entities' defense in the Illinois CRT Action. The Trust's attempt to wedge the Subpoena into the Confirmation Order's injunctive provision should be rejected.

The Trust has not shown any basis for sanctions against the Toshiba Entities. Beyond the Trust's failure to show a violation, the Toshiba Entities are not subject to the Plan. *See* Plan at Article X (A) (binding the Plan on "all present and former Holders of Claims and Interests, and their respective successors and assigns"). The Trust cites two cases for the proposition that civil contempt and sanctions are appropriate remedies for violating a bankruptcy court order. Both of

7

these cases are inapposite because the Court only considered whether imposing sanctions on *parties to the bankruptcy actions* was appropriate. *See* Mot. at 8 (citing *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 416-17 (Bankr. E.D. Va. 2011) (whether the court should hold the defendants in contempt, and if so, what sanctions, if any, would be appropriate), and *Dalkon Shield Claimants Trust v. Warren (In re A.H. Robins Co., Inc.)*, 197 B.R. 561, 562 (Bankr. E.D. Va. 1994) (imposing sanctions on the respondent after he failed to withdraw a complaint, disobeying the direct order of the Court)). The Trust has not cited any authority for the proposition that this Court could sanction non-creditors.

The Trust intentionally misreads the Confirmation Order's injunctive provision to justify the motion. Mot. at 8, n.6 (noting that this "motion is an appropriate vehicle to enforce the Confirmation Order and Plan [because] Rule 7001(7) of the Federal Rules of Bankruptcy Procedure provides that a proceeding to obtain injunctive relief provided for in a chapter 11 plan need not be commenced by adversary proceeding"). But for Rule 7001(7) to apply, the Trust must have first shown that the Toshiba Entities are subject to the injunctive provision. Because the Trust does not — and cannot — show that the Toshiba Entities were subject to the injunction, it was improper to file this motion in this Court against the Toshiba Entities. *See, e.g.*, *In re Marshall*, 273 B.R. 822, 834 (Bankr. C.D. Cal. 2002) (finding Rule 7001 provides that "an injunction may be sought in a pending case or adversary proceeding" only "if the injunction properly arises out of the subject matter of the case or adversary proceeding").

### III. THE TRUST IS AUTHORIZED TO RESPOND TO A PROPERLY-ISSUED THIRD-PARTY SUBPOENA

The Trust argues that compliance with the Subpoena "would exceed the authorization of the Trust under the Plan and Liquidating Trust Agreement." Mot. at 2. This is incorrect. The Trust relies on the powers and duties enumerated in the Plan in arguing that it cannot comply

8

with the Subpoena. It claims that the Confirmation Order lists "various actions" that the Trust is authorized to complete but "none of which include responding to a third-party subpoena." Mot. at 4 (citing Confirmation Order § 3.1).

To begin with, the Trust ignores the portion of the Confirmation Order that states that the enumerated actions are "in addition to the powers granted in the Plan." Confirmation Order § 3.1. The Plan provides the Trust with further powers and duties that are broad enough to require the Trust to respond to the Subpoena. For example, the Trust is obligated to "stand in the shoes of the Consolidated Debtors for all purposes." *See* Plan at Article V(F)(6)(c)(xiii); *see also id*. at Article V(F)(6)(c) (requiring the Trust to "take all actions necessary to wind down the affairs of the Consolidated Debtors consistent with this Plan and applicable non-bankruptcy law"). As such, the Trust must stand in Circuit City's shoes for purposes of responding to the Subpoena.

The Trust's assertion that it lacks authority to comply with a third-party subpoena (Mot. 1-2) is also contradicted by its own actions. The Trust has already agreed to comply with the portion of the subpoena commanding the Trust to produce documents. Mot. at 6 (indicating that the Trust "is willing to produce to Toshiba all documents that the Trust produced in the CRT action"). The Trust does not provide any explanation for the contradiction that it may comply with the document portion, but not the testimonial portion, of the Subpoena. Finally, the Plan also provides authority for the Trust to represent Circuit City in the Virginia state court which issued the Subpoena. *See* Plan at Article V(F)(6)(c)(vii) (allowing the Trust to "represent the Estates before the Bankruptcy Court and other courts of competent jurisdiction with respect to matters concerning the Liquidating Trust").

**IV.     THE SUBPOENA IS VALID AND ENFORCEABLE AGAINST THE TRUST**

The Trust does not seriously dispute that the Subpoena was properly issued and served on the Trust. The Trust's arguments that the Subpoena is invalid should be rejected.

**A.     The MDL Settlement Agreement Does Not Prohibit The Evidence Sought By The Subpoena**

The settlement agreement reached between the Trust, the Toshiba Entities, and certain other Toshiba affiliates in a separate, federal multidistrict litigation action has no bearing on the validity of the Subpoena. Mot. at 7 (asserting that the Subpoena is "inconsistent with the CRT Settlement Agreement"). In fact, the Trust concedes that the settlement agreement does not contain any provisions that bar seeking further discovery from the Trust in separate actions. Mot. at 6. The Trust does not provide any basis to conclude that the MDL settlement agreement prevents the discovery sought here in the unrelated Illinois CRT Action.

**B.     The Subpoena Does Not Seek A "Do Over" Of Discovery From The CRT MDL**

The Subpoena seeks evidence for use in an action brought by the Illinois Attorney General. The Illinois CRT Action was brought under the Illinois Antitrust Act and is governed by different rules of procedure and evidence than the federal MDL. The evidence sought here is not duplicative because the CRT MDL deposition testimony was obtained in a separate action, and the Illinois Attorney General has taken the position that the Toshiba Entities cannot affirmatively use it in the Illinois CRT Action. *See* Declaration of Dana E. Foster, dated Aug. 12, 2016 ("Foster Decl.") ¶ 7; *see also* Mot. at 5, n.3. The Illinois Attorney General bases its position on the Illinois Supreme Court Rules and a decision in a separate antitrust case involving liquid crystal displays ("LCDs"). In the LCD case, an Illinois state court ruled earlier this year that, under Illinois law, the Illinois LCD defendants could not affirmatively use federal MDL deposition testimony in the Illinois state-court action. Mot. at 5 & Ex. B.

10

The Trust claims that the Toshiba Entities "apparently had the ability to make the appropriate Illinois designation(s)" at the time of the MDL deposition. Mot. at 5. This is incorrect. The Illinois CRT Action has a different procedural history and timeline than the MDL action, and it was still in the pleading phase when the CRT MDL defendants took Circuit City's Rule 30(b)(6) deposition.

### C. The Trust's Vague And Conclusory Assertions Of Undue Burden And Expense Are Insufficient To Warrant Protection And Belied By The Facts

The Trust does not argue that the evidence sought through the Subpoena is irrelevant or prejudicial. Instead, the Trust provides this Court with only vague, boilerplate undue burden and expense objections. Mot. at 5-7. Such vague and conclusory objections are insufficient to warrant protection from the Subpoena. *See, e.g.*, *Massey Energy Co. v. UMW*, 72 Va. Cir. 54, 58 (2006) (finding vague assertions of undue burden are "purely pro forma objections [that] can be given but little weight"). The Trust provides no specifics about the costs or burden associated with complying with the Subpoena beyond that it would need to prepare a witness to testify. Mot. at 6-7. But the same is true for any company that has to prepare a witness to testify on behalf of a corporation. The routine preparation of a witness to testify on behalf of the corporation cannot be considered an *undue* burden. *See, e.g.*, *Weintraub v. Bd. of Cty. Comm'rs*, No. 2008-2669, 2009 U.S. Dist. LEXIS 65161, at *5, *9-10 (D. Md. July 28, 2009) (denying motion for a protective order from an "essentially defunct corporation" finding that it was not an undue burden to prepare a Rule 30(b)(6) witness even though the company no longer had any employees or authorized representatives, and finding that to the extent that the preparation constitutes a burden for the defunct corporation, it is equally a burden for every corporation faced with a Rule 30(b)(6) deposition).

11

The time and expense the Trust claims would be necessary to prepare someone to testify about the requested topics is belied by the amount of preparation its corporate representative required to testify as Circuit City's Rule 30(b)(6) witness in the CRT MDL matter. That is, the deposition transcript that the Trust attached, in toto, to its Motion undermines its burden argument.

After the Richmond Circuit Court issued the Subpoena, counsel for the Toshiba Entities discussed the Subpoena with counsel for the Trust. Foster Decl. ¶¶ 4, 6. During the discussions, counsel for the Trust suggested that it could retain Steve Deason as a consultant to testify on Circuit City's behalf. *Id*. Mr. Deason is the same former employee who testified as Circuit City's corporate representative in the CRT MDL matter and in the LCD MDL matter. Foster Decl. ¶ 4; Mot., Ex. D at 10:9-22 (Transcript of Circuit City's Rule 30(b)(6) deposition from CRT MDL). Mr. Deason worked at Circuit City for nearly 30 years, including during the entire relevant period at issue in the Illinois CRT Action. *See, e.g.*, Mot., Ex. D at 14:14-17:14. And, at the time of his CRT MDL deposition, Mr. Deason was a former employee hired by the Trust as a consultant. *Id.*, Ex. D at 13:12-23.

According to his testimony in the CRT MDL matter, Mr. Deason's preparation involved (1) reviewing his deposition testimony in the LCD action, and (2) meeting with counsel the day before the deposition for an unspecified number of hours. Mot., Ex. D at 12:10-13:11. Mr. Deason's sworn testimony undermines the Trust's claim that preparation for the deposition required by the Subpoena necessitates a "review [of] voluminous historical data" and represented a "significant and costly undertaking." Mot. at 2; *see also* Mot. at 5, n.4 (asserting that the hired consultant "worked extensively with counsel").

To further lessen the burden — and as we have repeatedly told counsel for the Trust — the Toshiba Entities are willing to work with the Trust to narrow the scope of the deposition. To date, the Trust has been unwilling to meaningfully engage in this endeavor.

In short, the Trust has not provided a sufficient justification for avoiding compliance with the Subpoena.

## CONCLUSION

For these reasons, the Court should issue an order (1) denying the Trust's motion for protection in its entirety, and (2) denying the Trust's motion for order to show cause in its entirety.

Respectfully submitted,

Dated: August 12, 2016        **WHITE & CASE** LLP

By:   */s/ Jaime M. Crowe*
 Jaime M. Crowe (Va. Bar No. 37186)
 jcrowe@whitecase.com
 Dana E. Foster (*pro hac vice* application pending)
 defoster@whitecase.com
 701 Thirteenth Street, N.W.
 Washington, DC  20005
 tel.: (202) 626-3600
 fax: (202) 639-9355

 *Counsel to Non-Parties Toshiba Corporation and Toshiba America Electronic Components, Inc.*