1              IN THE UNITED STATES BANKRUPTCY COURT
               EASTERN DISTRICT OF VIRGINIA (RICHMOND)
2
   In Re:                          )  Case No. 08-35653-krh
3                                  )  Richmond, Virginia
   CIRCUIT CITY STORES, INC., et   )
4  al.,                            )
                                   )  August 17, 2016
5         Debtors.                 )  1:50 p.m.
                                   )
6  ------------------------------- )

7

8                    TRANSCRIPT OF HEARING ON
      MOTION TO COMPEL MOTION OF THE CIRCUIT CITY STORES, INC.
9     LIQUIDATING TRUST TO ENFORCE TERMS OF CONFIRMED PLAN/FOR
   PROTECTION FROM FOREIGN SUBPOENA DUCES TECUM, AND FOR ORDER TO
10  SHOW CAUSE AS TO WHY TOSHIBA SHOULD NOT BE HELD IN CONTEMPT
   FILED BY PAULA S. BERAN OF TAVENNER & BERAN, PLC ON BEHALF OF
11   CIRCUIT CITY STORES, INC. LIQUIDATING TRUST. (ATTACHMENTS: #
                  (1) EXHIBIT(S)) (BERAN, PAULA);
12   NOTICE OF HEARING NOTICE OF SUBSTANTIVE HEARING ON LIQUIDATING
   TRUST'S FIRST OMNIBUS OBJECTION TO CLAIM NUMBER 14346 OF CHK,
13  LLC (RE: RELATED DOCUMENT(S)10024 OBJECTION TO CLAIM FILED BY
   CIRCUIT CITY STORES, INC. LIQUIDATING TRUST) FILED BY PAULA S.
14     BERAN OF TAVENNER & BERAN, PLC ON BEHALF OF CIRCUIT CITY
   STORES, INC. LIQUIDATING TRUST. HEARING SCHEDULED FOR 8/17/2016
15   AT 02:00 PM AT JUDGE HUENNEKENS' COURTROOM, 701 E. BROAD ST.,
                  RM. 5000, RICHMOND, VIRGINIA;
16   NOTICE AND OBJECTION TO CLAIM OF COMMONWEALTH OF MASSACHUSETTS
     LIQUIDATING TRUST'S OBJECTION TO CLAIM NO.14832 FILED BY THE
17         COMMONWEALTH OF MASSACHUSETTS (DOCKET NO. 10066);
      NOTICE AND OBJECTION TO CLAIM OF COMMONWEALTH OF VIRGINIA
18  DEPARTMENT OF TAXATION LIQUIDATING TRUST'S OBJECTION TO CLAIM
     NOS. 12898 AND 14636 FILED BY THE COMMONWEALTH OF VIRGINIA
19          DEPARTMENT OF TAXATION (DOCKET NO. 10070);
   NOTICE AND OBJECTION TO CLAIM LIQUIDATING TRUST'S FIRST OMNIBUS
20   OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN PARTIALLY
      INVALID CLAIMS, RECLASSIFICATION OF CERTAIN MISCLASSIFIED
21  CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS, DISALLOWANCE OF
   CERTAIN OF LATE FILED CLAIMS, DISALLOWANCE OF CERTAIN AMENDED
22   CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) (DOCKET NO.
                           10024);
23      NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S SECOND
      OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
24     PARTIALLY INVALID CLAIMS, CLAIMS, DISALLOWANCE OF CERTAIN
     INVALID CLAIMS, DISALLOWANCE OF CERTAIN OF LATE FILED CLAIMS,
25   AND DISALLOWANCE OF CERTAIN AMENDED CLAIMS) (DOCKET NO. 10039);

1   NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S THIRD
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
2   PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
3   DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS, AND DISALLOWANCE OF
CERTAIN AMENDED CLAIMS) (DOCKET NO. 10040);
4   NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S FOURTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
5   PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID
CLAIMS) (DOCKET NO. 10041);
6   NOTICE AND OBJECTION TO CLAIM - SIXTH OMNIBUS OBJECTION TO
CLAIMS (DISALLOWANCE OF CERTAIN INVALID UNLIQUIDATED CLAIMS AND
7   FIXING OF CERTAIN UNLIQUIDATED CLAIMS) (DOCKET NO. 10043;
NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S EIGHTH
8   OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
9   MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
DISALLOWANCE OF CERTAIN OF LATE FILED CLAIMS, DISALLOWANCE OF
10  CERTAIN AMENDED CLAIMS, AND DISALLOWANCE OF CERTAIN INVALID
CLAIMS) (DOCKET NO. 10046;
11  NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S NINTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
12  PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
13  DISALLOWANCE OF CERTAIN OF LATE FILED CLAIMS, AND DISALLOWANCE
OF CERTAIN AMENDED CLAIMS) (DOCKET NO. 10047);
14  NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S FOURTEENTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
15  PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
16  DISALLOWANCE OF CERTAIN OF LATE FILED CLAIMS, DISALLOWANCE OF
CERTAIN DUPLICATE CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED
17  CLAIMS) (DOCKET NO. 10052);
NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S FIFTEENTH
18  OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
19  MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
DISALLOWANCE OF CERTAIN OF LATE FILED CLAIMS, DISALLOWANCE OF
20  CERTAIN DUPLICATE CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED
CLAIMS) (DOCKET NO. 10053);
21  NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S SEVENTEENTH
OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
22  PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
23  DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, DISALLOWANCE OF
CERTAIN DUPLICATE CLAIMS, AND DISALLOWANCE OF CERTAIN AMENDED
24  CLAIMS) (DOCKET NO. 10061);

25

1  NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S EIGHTEENTH
   OMNIBUS OBJECTION TO CLAIMS FILED BY TAXING AUTHORITIES
2  (REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS; DISALLOWANCE OF
   CERTAIN INVALID CLAIMS; DISALLOWANCE OF CERTAIN DUPLICATE
3  CLAIMS; RECLASSIFICATION OF CERTAIN CLAIMS; DISALLOWANCE OF
   CERTAIN AMENDED OR SUPERSEDED CLAIMS; DISALLOWANCE OR REDUCTION
4  OF CERTAIN LATE FILED CLAIMS; DISALLOWANCE OF CERTAIN INVALID
   CLAIMS; AND FIXING THE AMOUNT OF CERTAIN CLAIMS) (DOCKET NO.
5  10062);
   NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S TWENTIETH
6  OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
   PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
7  MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
   DISALLOWANCE OF CERTAIN OF LATE FILED CLAIMS, DISALLOWANCE OF
8  CERTAIN DUPLICATE CLAIMS AND DISALLOWANCE OF CERTAIN AMENDED
   CLAIMS) (DOCKET NO. 10072);
9  NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S TWENTY-
   FIRST OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
10 CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF CERTAIN
   MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID CLAIMS,
11 DISALLOWANCE OF CERTAIN OF LATE FILED CLAIMS, AND DISALLOWANCE
   OF CERTAIN AMENDED CLAIMS) (DOCKET NO. 10073);
12 NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUSTS TWENTY-THIRD
   OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN INVALID
13 UNLIQUIDATED CLAIMS AND FIXING OF CERTAIN UNLIQUIDATED CLAIMS
   HEARING SCHEDULED 12/8/2011 AT 02:00 PM AT JUDGE HUENNEKENS'
14 COURTROOM, 701 E. BROAD ST., RM. 5000, RICHMOND, VIRGINIA.
   FILED BY LYNN L. TAVENNER OF TAVENNER & BERAN, PLC ON BEHALF OF
15 CIRCUIT CITY STORES, INC. LIQUIDATING TRUST. (DOCKET NO.
   11388);
16 OMNIBUS OBJECTION TO CLAIM - LIQUIDATING TRUST'S TWENTY-EIGHTH
   OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
17 PARTIALLY INVALID CLAIMS, DISALLOWANCE OF CERTAIN INVALID
   CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND
18 DISALLOWANCE OF CERTAIN AMENDED CLAIMS) HEARING SCHEDULED
   1/5/2012 AT 02:00 PM AT JUDGE HUENNEKENS' COURTROOM, 701 E.
19 BROAD ST., RM. 5000, RICHMOND, VIRGINIA. FILED BY PAULA S.
   BERAN OF TAVENNER & BERAN, PLC ON BEHALF OF CIRCUIT CITY
20 STORES, INC. LIQUIDATING TRUST. (DOCKET NO. 11445);
   OBJECTION TO CLAIM - LIQUIDATING TRUST'S THIRTY-FIRST OMNIBUS
21 OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN INVALID CLAIMS) &
   NOTICE OF LIQUIDATING TRUST'S THIRTIETH OMNIBUS OBJECTION TO
22 CLAIMS (DISALLOWANCE OF CERTAIN INVALID CLAIMS) HEARING
   SCHEDULED 5/10/2012 AT 02:00 PM AT JUDGE HUENNEKENS' COURTROOM,
23 701 E. BROAD ST., RM. 5000, RICHMOND, VIRGINIA. FILED BY PAULA
   S. BERAN OF TAVENNER & BERAN, PLC ON BEHALF OF CIRCUIT CITY
24 STORES, INC. LIQUIDATING TRUST (DOCKET NO. 11809);

25

1     NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S THIRTY-
      NINTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
2     CERTAIN INVALID CLAIMS-MITIGATION) HEARING SCHEDULED 7/10/2012
      AT 02:00 PM AT JUDGE HUENNEKENS' COURTROOM, 701 E. BROAD ST.,
3     RM. 5000, RICHMOND, VIRGINIA. FILED BY PAULA S. BERAN OF
      TAVENNER & BERAN, PLC ON BEHALF OF CIRCUIT CITY STORES, INC.
4     LIQUIDATING TRUST. (DOCKET NO. 11850;
      NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S FORTIETH
5     OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
      INVALID CLAIMS-MITIGATION) HEARING SCHEDULED 7/10/2012 AT 02:00
6     PM AT JUDGE HUENNEKENS' COURTROOM, 701 E. BROAD ST., RM. 5000,
      RICHMOND, VIRGINIA. FILED BY PAULA S. BERAN OF TAVENNER &
7     BERAN, PLC ON BEHALF OF CIRCUIT CITY STORES, INC. LIQUIDATING
      TRUST. (DOCKET NO. 11851);
8     NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S FORTY-FIRST
      OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF CERTAIN
9     INVALID CLAIMS-MITIGATION) HEARING SCHEDULED 7/10/2012 AT 02:00
      PM AT JUDGE HUENNEKENS' COURTROOM, 701 E. BROAD ST., RM. 5000,
10    RICHMOND, VIRGINIA. FILED BY PAULA S. BERAN OF
      BERAN, PLC ON BEHALF OF CIRCUIT CITY STORES, INC. LIQUIDATING
11    TRUST. (DOCKET NO. 11852);
      NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S FORTY-
12    SECOND OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
      CERTAIN INVALID CLAIMS-MITIGATION) HEARING SCHEDULED 7/10/2012
13    AT 02:00 PM AT JUDGE HUENNEKENS' COURTROOM, 701 E. BROAD ST.,
      RM. 5000, RICHMOND, VIRGINIA. FILED BY PAULA S. BERAN OF
14    TAVENNER & BERAN, PLC ON BEHALF OF CIRCUIT CITY STORES, INC.
      LIQUIDATING TRUST. (DOCKET NO. 11853);
15    NOTICE AND OBJECTION TO CLAIM - LIQUIDATING TRUST'S FORTY-THIRD
      OMNIBUS OBJECTION TO LANDLORD AND CONTRACTOR CLAIMS (REDUCTION
16    OF CERTAIN PARTIALLY INVALID CLAIMS, RECLASSIFICATION OF
      CERTAIN MISCLASSIFIED CLAIMS, DISALLOWANCE OF CERTAIN INVALID
17    CLAIMS, DISALLOWANCE OF CERTAIN LATE FILED CLAIMS, AND
      DISALLOWANCE OF CERTAIN AMENDED CLAIMS) HEARING SCHEDULED
18    7/10/2012 AT 02:00 PM AT JUDGE HUENNEKENS' COURTROOM, 701 E.
      BROAD ST., RM. 5000, RICHMOND, VIRGINIA FILED BY PAULA S. BERAN
19    OF TAVENNER & BERAN, PLC ON BEHALF OF CIRCUIT CITY STORES, INC.
      LIQUIDATING TRUST. (DOCKET NO. 11854);
20    NOTICE AND OBJECTION TO CLAIM (NOTICE OF LIQUIDATING TRUST'S
      SIXTY-FOURTH OMNIBUS OBJECTION TO LANDLORD CLAIMS (REDUCTION OF
21    CERTAIN PARTIALLY INVALID CLAIMS)) HEARING SCHEDULED 12/6/2012
      AT 02:00 PM AT JUDGE HUENNEKENS' COURTROOM, 701 E. BROAD ST.,
22    RM. 5000, RICHMOND, VIRGINIA. FILED BY LYNN L. TAVENNER OF
      TAVENNER & BERAN, PLC ON BEHALF OF CIRCUIT CITY STORES, INC.
23    LIQUIDATING TRUST. (DOCKET NO. 12446)

24             BEFORE THE HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY COURT
25

```
 1   APPEARANCES:
     For Circuit City Stores, Inc.       ANDREW W. CAINE, ESQ.
 2   Liquidating Trust:                  PACHULSKI STANG ZIEHL &
                                         JONES LLP
 3                                       10100 Santa Monica Boulevard
                                         11th Floor
 4                                       Los Angeles, CA 90067

 5   For the United States Department    ROBERT B. VAN ARSDALE, ESQ.
     of Justice:                         OFFICE OF THE UNITED STATES
 6                                       TRUSTEE
                                         701 East Broad Street
 7                                       Suite 4304
                                         Richmond, VA 23219
 8
     For the Official Committee of       PAULA S. BERAN, ESQ.
 9   Unsecured Creditors:                LYNN L. TAVENER, ESQ.
                                         TAVENNER & BERAN, PLC
10                                       20 North Eighth Street
                                         Second Floor
11                                       Richmond, VA 23219

12   For Toshiba America Electronic      JAIME M. CROWE, ESQ.
     Components, Inc.:                   DANA E. FOSTER, ESQ.
13                                       WHITE & CASE LLP
                                         701 13th Street NW
14                                       Suite 600
                                         Washington, D.C. 20005
15

16

17

18

19

20

21   Transcription Services:            eScribers, LLC
                                        700 West 192nd Street
22                                      Suite #607
                                        New York, NY 10040
23                                      (973) 406-2250

24   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE
```

Colloquy                                                                 6

1          THE CLERK:  Circuit City Stores, Inc., items 1 through
2    26 on proposed agenda.
3          MS. BERAN:  Good morning, Your Honor -- excuse me --
4    good afternoon, Your Honor.
5          THE COURT:  How time flies.
6          MS. BERAN:  Yes, Your Honor.  I was in court this
7    morning, so I apologize.
8          Your Honor, for the record, Paula Beran of the law
9    firm of Tavenner & Beran.  With me at counsel table is Mr. Andy
10   Caine, who Your Honor is well familiar with, as well as behind
11   is Ms. Tavenner.
12         In connection with today's agenda, Your Honor, we
13   would respectfully submit that we handle items 2 through the
14   end, and then I could sit down and Mr. Caine then can turn his
15   attention to item number 1 --
16         THE COURT:  All right.
17         MS. BERAN:  -- because 2 through the remainder are the
18   claim items.
19         THE COURT:  Right.
20         MS. BERAN:  Your Honor, on item number 2, in
21   connection with -- this was a notice of substantive hearing, as
22   the agenda indicates.  That has been resolved and an order has
23   been tendered, so that may be removed from the Court's docket.
24         THE COURT:  All right.
25         MS. BERAN:  Thank you, Your Honor.  Items number 3 and

1  4 are what we've commonly referred to as standalone tax

2  objections.  We'd respectfully request that they be continued

3  until the October 20 omni.

4          THE COURT:  Continued.

5          MS. BERAN:  Thank you, Your Honor.  That allows us to

6  turn to page 16, item number 5 through 8.  As indicated on

7  Exhibit B -- and I would note happily that Exhibit B is getting

8  smaller and smaller every time before we appear before Your

9  Honor.

10         THE COURT:  It used to be a phone book.

11         MS. BERAN:  Yes, it did, Your Honor.  I made that same

12 comment to Ms. Tavenner yesterday.

13         Items 5 through 8, as indicated on B, several have

14 been resolved and may be removed from the Court's docket;

15 others have been settled, but we'd respectfully request that

16 they be continued for documentation and/or consummation.  And

17 others, we'd respectfully request be continued for status

18 purposes until the October 20 hearing.

19         THE COURT:  They'll be continued.

20         MS. BERAN:  Thank you, Your Honor.  That allows us to

21 turn to page 121 on the agenda.  Starting with items 9 and 10,

22 item number 9 is the sixth omnibus objection.  As Your Honor is

23 fully aware, that objection addresses the claims of Old

24 Republic.  And then item number 10 is another claim objection.

25 We'd respectfully request that both of those omni objections be

1  continued until October 20th.

2          THE COURT:  They'll be continued.

3          MS. BERAN:  Thank you, Your Honor.  That allows us to

4  turn to page 170 in the agenda.  Items number 11 through 14,

5  starting with the liquidating trust's ninth omnibus objection.

6  As indicated on Exhibit B, several of those items have been

7  resolved, but we'd respectfully request that they be continued

8  for consummation and documentation.  There are other items as

9  identified on B that we'd respectfully request be continued to

10  the October 20 omni for status purposes.

11          THE COURT:  They'll be continued.

12          MS. BERAN:  Thank you, Your Honor.  That allows us to

13  turn to page 273.  Starting with item number 15, which is the

14  liquidating trust eighteenth omnibus objection, there is one

15  claim that remains outstanding or subject to that omnibus

16  objection.  Similarly, Your Honor, on item number 16 -- that's

17  the trustee's twentieth omnibus objection -- there are nine

18  items that remain outstanding.  We'd respectfully request that

19  both of those omnibus objections as it relates to those items

20  identified on Exhibit B be continued until the October 20th.

21          THE COURT:  They're continued.

22          MS. BERAN:  Thank you, Your Honor.  That allows us to

23  turn to page 322 in the agenda.  I apologize, Your Honor.

24  Well, that's -- Your Honor, items number 17 to the end; as

25  indicated on Exhibit B, several of those items have been

1  settled, but we'd respectfully request that they be continued

2  for documentation and/or consummation.  The other ones, as

3  indicated on Exhibit B, we have a couple that have been settled

4  and may be removed.  And then we'd respectfully request that

5  the remaining ones, as indicated on Exhibit B, be continued

6  until the October 20 omni.

7         THE COURT:  All right.  They'll be continued to

8  October 20.

9         MS. BERAN:  Thank you, Your Honor.  And that concludes

10  the claims portion of today's agenda, and then I will turn item

11  number 1 back over to Mr. Caine.

12         THE COURT:  All right.

13         Mr. Caine, you may proceed.

14         MR. CAINE:  Thank you, Your Honor.  Just in conclusion

15  on the claims matters, I'll provide a quick summary, as has

16  become our custom.  I'm happy to report that we are down to 101

17  claims remaining subject to objection.  And of course, the

18  lion's share remains the landlord claims, but we are down to

19  sixty-four landlord claims with a total at stake of

20  approximately forty-three million dollars.  The balance of the

21  claims outstanding are primarily the thirty-four Old Republic

22  zero-value unliquidated claims and a couple of tax claims.  So

23  we're making great progress and see the end is near.

24         THE COURT:  Keep up the good work.

25         MR. CAINE:  Thank you.

1           Now, Your Honor, with respect to number 1, the trust's

2   motion to enforce the plan injunction against the subpoena by

3   the Toshiba entities, it's a rather simple dispute, Your Honor.

4   The purpose of the trust, pursuant to the plan and the

5   liquidating trust agreement, is to liquidate the debtors'

6   assets, adjust claims, and make distributions to creditors in

7   order to accomplish the maximum recovery to creditors.  The

8   trust has been very successful in doing that.  It's distributed

9   over forty cents on the dollar to creditors and will make

10   another distribution this quarter.

11           It is asked by Toshiba to provide information with

12   respect to a dispute to which the trust is not a party and to

13   expend substantial time and resources in order to do so.  It is

14   the trust's position that not only is Toshiba clearly subject

15   to the plan injunction, but that also the request is contrary

16   to the purpose of the trust, contrary to the injunction, and is

17   an undue burden on the trust and its creditors, including

18   Toshiba.

19           Notwithstanding what's in the motion, a Toshiba entity

20   holds an allowed claim against the trust, two Toshiba entities

21   filed several claims against the trust, the trust engaged in

22   preference litigation against two Toshiba entities, and the

23   very Toshiba entities that are propounding this subpoena were

24   defendants in the CRT litigation in which the trust entered

25   into a settlement agreement, and the settlement agreement was

Colloquy                                                                    11

1    entered into specifically with these two parties:  Toshiba

2    Corporation, Toshiba America Consumer Products, Toshiba America

3    Electronic Components, and Toshiba America Information Systems.

4            That settlement agreement was entered into by Toshiba

5    Corporation on behalf of all of those entities.  The subpoena

6    is propounded by Toshiba Corporation.  One of those entities

7    has an allowed claim.  Two of them filed claims against the

8    estate.  There is no genuine argument that the subpoenaing

9    party is not subject to the plan or subject to the plan

10   injunction.  Every argument with respect to jurisdiction,

11   therefore, Your Honor, is a red herring.  Toshiba even concedes

12   that Your Honor has the power and the authority to enforce its

13   own orders.  LandAmerica is clear on that.

14           So the real dispute is to what Toshiba is asking the

15   trust to do.  In the CRT litigation, the trust provided

16   voluminous amounts of documents in response to discovery and

17   provided a then-hired consultant of the trust to provide

18   30(b)(6) testimony.  That consultant was a thirty-year employee

19   of Circuit City with extensive personal knowledge with respect

20   to the antitrust allegations with respect to the LCD and CRT

21   components.  His name is Steve Deason.  After the conclusion of

22   the CRT and LCD litigation, the trust no longer retained Mr.

23   Deason as a consultant.  Toshiba received all of those

24   documents in the CRT litigation, and it participated in the

25   deposition of Mr. Deason as the corporate representative of the

1  trust, all at a time when the trust was engaged in that

2  litigation.

3           Now, for reasons that apparently have to do with

4  Illinois procedural law, Toshiba is apparently unable to use

5  Mr. Deason's deposition from the CRT action in their current

6  action, so the subpoena asked the trust to produce all of the

7  documents -- which Toshiba already has, and we have on a disc,

8  and we've said we're gladly willing to produce those

9  again -- but then they want the trust to present a witness for

10 a 30(b)(6) deposition.  And the list of topics which is on the

11 subpoena, which is Exhibit A to the trust motion -- it's also

12 Exhibit 1 in Mr. Foster's declaration in opposition -- is three

13 pages long, eighteen items, and concerns some incredibly

14 detailed information.

15          There is no person at the trust, Your Honor, with any

16 personal knowledge of this information, as you would expect.

17 The trust is not operating a business pursuant to its purpose.

18 It is liquidating claims and assets and maximizing distribution

19 to creditors.  If Your Honor would like, Ms. Bradshaw could

20 certainly take the stand and tell you there is nobody there who

21 has this information.

22          So I described this to counsel for Toshiba and told

23 them how long it would take and how much money it would take in

24 order to try to prepare a witness for all of this information,

25 which is essentially an impossible task.  The trust offered to

Colloquy                                                          13

1   contact Mr. Deason to see if he's available and asked that if

2   that were the method of presentation of a 30(b)(6) witness that

3   Toshiba pay for his time, because he was a hired consultant of

4   the trust while the trust was engaged in that litigation.  I do

5   not know what Mr. Deason's hourly rate is now, but based on

6   what he charged before, I explained to counsel that it would

7   probably cost Toshiba somewhere in the range of 5,000 dollars;

8   and the trust offered to try and make that happen.  Toshiba

9   declined that offer.

10          So now we're in a position where the subpoena is

11  trying to impose on the trust an undue burden that would sap

12  the resources that would otherwise go to pay claims of the

13  trust's creditors.  Given that Toshiba is one of the world's

14  largest corporations, and that the issues at stake concern

15  solely financial interests of Toshiba, and that the trust has

16  no interest in this matter, and that its beneficiary will be

17  punished by having to spend the time and resources in order to

18  prepare a witness for this deposition, not to mention the cost

19  of the trust's counsel in order to participate, it is simply

20  unfair and clearly an undue burden for Toshiba to ask the trust

21  to pay for all of this.

22          The simple answer is that if Toshiba needs this

23  information, even though it already has it, but if it needs it

24  for some procedural reason, it should pay for it.  And while it

25  has violated the plan injunction to get here, the trust has

1  tried to and is continually willing to try and resolve this

2  matter through this fashion.  We could try to hire Mr. Deason,

3  but if you want to make us go through all of this process,

4  which we think is inappropriate under the plan, then you're

5  going to have to pay for it.  And that's the relief that we

6  seek, Your Honor.

7             THE COURT:  All right.  Thank you.

8             MR. CROWE:  Good afternoon, Your Honor.  Jaime Crowe

9  of White & Case on behalf of the Toshiba entities.  With me

10  today is my colleague, Dana Foster.  Mr. Foster -- we have a

11  pending pro hac vice application for him; Mr. Foster is

12  admitted to practice in the District of Columbia and New York.

13  The papers were filed last week, and I certified that he meets

14  the requirements to practice in this court, and I would ask

15  that he be allowed to address the issues here.

16             THE COURT:  He'll be admitted.  Thank you very much.

17             MR. CROWE:  Thank you, Your Honor.

18             THE COURT:  Welcome to the court, Mr. Foster.

19             MR. FOSTER:  Thank you, Your Honor.

20             Unless Your Honor has any questions about Mr. Caine's

21  presentation, I'll go -- let me address the issues one at a

22  time.  As far as jurisdiction goes, Mr. Caine was careful about

23  his wording about who actually does have claims, who has filed

24  claims, who has filed a claim or holds an allowed claim.  It is

25  not the Toshiba entities that requested that the Richmond

1   Circuit Court issue the subpoena and who appear before you

2   today; it is not those Toshiba entities.  They are different

3   entities that filed claims that may be in this bankruptcy

4   court, but it is not the entities before you today.  They are

5   truly third parties to this bankruptcy that requested the

6   Richmond Circuit Court issue the subpoena on the trustee.

7           The injunction language from the plan -- from the

8   confirmation order only applies to claimants.  It says

9   "claimants under the injunction provision"; that's the

10  confirmation order, paragraph 28.  So Your Honor's

11  order -- Your Honor's confirmation order was not directed to

12  those entities.

13          As far as jurisdiction goes -- and I won't repeat

14  everything -- I know you've -- that we filed in our papers, but

15  the law is clear in Virginia that if a Virginia court issues a

16  subpoena and you want protection from that subpoena, you have

17  to go to that court to get it.  That's Virginia code, Section

18  8.01-4.12.13, and that's Virginia Supreme Court Rule 4:1(c).

19  That's why this matter belongs two blocks away in the Richmond

20  Circuit Court and not in this court.  The Richmond Circuit

21  Court issued the subpoena, and if the trust wants protection

22  from it, if it is an undue burden, if there's other problems

23  that they need protection from it, that's who they have to

24  move.

25          Regarding this Court's jurisdiction.  Post-

Colloquy                                                              16

1   confirmation, this Court has limited jurisdiction over the

2   bankruptcy.  Under 28 U.S.C. 1334, there's only four types of

3   cases or proceedings that this Court has jurisdiction over, and

4   one I think that most -- certainly this case, this matter, this

5   third-party subpoena issued to Circuit City -- the trustee,

6   certainly is not a case under Title 11, a proceeding under

7   Title 11, or a proceeding arising in a case under Title 11.

8   Those are all core proceedings.  And I don't think Mr. Caine

9   would argue, particularly when these Toshiba entities are not

10  claimants in this bankruptcy, that they would fall under a core

11  proceeding.  The only arguable area that this Court might have

12  jurisdiction over this particular matter would be a proceeding

13  related to a case under Title 11.

14          And the case law -- this is from In re Touch America

15  Holdings -- we've cited this in our brief -- 401 B.R. 107; and

16  that cites In re Resorts International, 372 F.3d 154, 162.  The

17  case law is clear that for a matter to relate to a case under

18  Chapter 11, there has to be a close nexus in the bankruptcy --

19  a close nexus to the bankruptcy plan or the proceeding.  And

20  that's just not -- that's not the case here.  We have

21  nonclaimants; this is not a -- this is not the case where

22  Toshiba is trying to sue the trust or the trustee about matters

23  that he's -- about anything involving the bankruptcy at all, as

24  Mr. Caine made clear in his presentation.  This is about

25  Circuit City's operations prior to the bankruptcy.  And so it's

1  not a law -- it's not a suit to get some sort of assets from

2  the trust or complain about the trustee's activities, which is

3  some of the cases -- this is some of the other cases that the

4  trust relies on.  Without that close nexus, Your Honor doesn't

5  have jurisdiction to decide if the subpoena should be enforced

6  or not.

7          Mr. Caine is right; we have acknowledged in our papers

8  that of course Your Honor has jurisdiction over its own orders.

9  Certainly, Your Honor has jurisdiction to decide whether to

10  decide, basically, right?  Mr. Caine has run into court and

11  filed this motion and says we're covered by your orders, Your

12  Honor, and so you have to protect us.  You have jurisdiction to

13  look at your orders, look at the Code, look at Section 1334 and

14  say whether you have jurisdiction to decide this Virginia

15  Supreme Court -- this Virginia subpoena.  But when you look at

16  all that, when you look at the Virginia state law, when you

17  look at the jurisdiction provided to this court -- to a related

18  proceeding, it's clear that it doesn't apply here.  This is a

19  third-party subpoena to the trust related to information about

20  the trust -- or about the Circuit City's operations long before

21  the bankruptcy.

22          The close nexus test was adopted in the Fourth Circuit

23  by -- and we didn't cite this case in our brief, but I'll

24  provide it to you today -- In re Kirkland, that's 600 F.3d 310

25  (4th Cir. 2010); and Valley Historic Limited Partnership v.

1  Bank of New York, that's 486 F.3d 831 (4th Cir. 2007)

2         The cases that Mr. Caine cited in his brief and

3  mentioned today -- the LandAmerica case, Your Honor's

4  opinion -- that's inapplicable.  In that case, you found that a

5  creditor suing the trust as the trustee for things that he did

6  as the trustee is covered by the injunction and was within this

7  Court's jurisdiction.  We don't have those facts here.  We are

8  seeking information in a different case.  Certainly, there's no

9  argument by Mr. Caine or anyone else in their papers that

10 Circuit City is a party to the Illinois action, and it's a

11 completely separate action.  And we're just seeking

12 information; we're not seeking money from Circuit City or any

13 claims of breach of fiduciary duties or anything like that.

14        THE COURT:  Mr. Caine said they don't have the

15 information.

16        MR. FOSTER:  Right.  So they didn't have the

17 information two years ago, either, Your Honor.  Mr. Deason --

18 as Mr. Caine explained, Mr. Deason -- they had to hire him as a

19 consultant in 2014 when he testified in the MDL.  And as Mr.

20 Caine mentioned, they offered to hire him again, and that's --

21 he talks about the burden involved in that.  Certainly, that's

22 within the trust's powers to hire a professional.  The

23 liquidating trust agreement and the plan specifically cover

24 hiring professionals.

25        In fact, the provision that covers hiring

Colloquy                                                          19

1  professionals in the liquidating trust agreement says that he's

2  got -- that the trustee's got his -- let me just read it, so I

3  can make sure I'm getting it right -- but his power to hire

4  professionals -- "Trustee in his sole and absolute discretion

5  may retain professionals without notice to or consent from the

6  oversight committee" -- this is paragraph 11.5; 11.6,

7  compensation of professionals, "The Trustee may compensate

8  professionals as follows:  (a) without notice to or consent

9  from the oversight committee where the professional's bill is

10  50,000 dollars or less."  So he certainly has the power to hire

11  Mr. Deason.  He said he was -- it would be --

12           THE COURT:  Wouldn't that be a breach of his fiduciary

13  duty?

14           MR. FOSTER:  I don't see how.  He's complying with an

15  order of the Richmond Circuit Court.  If he thinks that he

16  can't comply with a duly-issued subpoena from the Richmond

17  Circuit Court, he needs to take that up with the Richmond

18  Circuit Court.  He should take it up with that court and say

19  look, you issued me this subpoena, I've got these limited

20  powers, and I can't comply.  But that's not something that -- I

21  don't think he's making that argument here.  I think that

22  he's -- I think that the jurisdictional argument sort of takes

23  this out of the bailiwick of this Court.

24           The undue burden -- he talks about the undue burden.

25  As we say in our papers, I think this is a -- that question is

1   a question for the issuing court; whether compliance with it is

2   an undue burden.  But as we say in our papers and as Mr. Caine

3   mentioned, he says it'd be 5,000 dollars.  That's a little bit

4   more than he mentioned to me during our negotiations.  He

5   speculated; he said he hadn't checked yet, but he said it was

6   going to be between 2,000 and 2,500 dollars.  And as far as

7   the --

8              THE COURT:  And your corporation isn't willing to pay

9   that?

10             MR. FOSTER:  I appreciate that question, Your Honor,

11  about whether Toshiba is willing to pay for it or not.  During

12  our negotiations, Mr. Caine didn't point to any authority for

13  the proposition that the requesting party should have to pay

14  for a subpoena or should have the pay the costs or expenses for

15  the responding party.  I'm not aware of that authority.

16             Number two, if the burden is that the trust can't pay

17  any money, then that seems like a -- again, it's an argument

18  for the Richmond Circuit Court.  Certainly, there are

19  circumstances.

20             THE COURT:  Why can't I protect this trust?  I'm

21  having trouble --

22             MR. FOSTER:  Sure.

23             THE COURT:  -- figuring that out, is why -- I mean,

24  the trustee -- I mean, under the Barton doctrine, you can't sue

25  the trustee --

1           MR. FOSTER:  Right.

2           THE COURT:  -- unless you come to this court.

3           MR. FOSTER:  That's right.  And we're not suing.

4           THE COURT:  The trustee is under the direction and

5  supervision of this court.

6           MR. FOSTER:  Right.

7           THE COURT:  And you're telling me I don't have

8  jurisdiction over this trustee.

9           MR. FOSTER:  Right.  What I'm saying is -- well, you

10 mentioned the Barton doctrine; certainly, that only applies to

11 when you sue the trustee.  The law is very clear.  And that in

12 fact, the case we cite -- the Ninth Circuit case we cite, In re

13 Media Group, 2006 Bankruptcy Lexis 4842 -- that specifically

14 held that a subpoena is not a lawsuit; that is not covered by

15 the Barton Doctrine.

16          And so what I suggest, Your Honor, is that at post-

17 confirmation, when the assets are in the trust, that unless the

18 proceeding -- there's a close nexus to the bankruptcy plan,

19 then this Court doesn't have jurisdiction over it.  And again,

20 this is not -- we're not suing the trust, right?  If we were a

21 claimant, I mean this --

22          THE COURT:  You're causing the trust to incur needless

23 expenses.  I mean, what would have more of a nexus to what this

24 trust is doing and what we're trying to get done here?

25          MR. FOSTER:  Well, certainly, the trustee has power to

1   comply with the nonbankruptcy law.  This is a Richmond Circuit

2   Court subpoena, and he has powers to comply with that, and he's

3   already sort of conceded that he can spend some trust resources

4   to comply with the subpoena.  They have documents they've told

5   us that he's going to produce.

6              THE COURT:  He's offered to give you the disc, yes.

7              MR. FOSTER:  Right.  Well, however that much costs.

8   The case law about whether a third-party subpoena directed to a

9   trustee post-confirmation, where the assets are now in the

10  trust, that has to be direct -- that has to -- it has to be

11  connected with the plan.  And you're certainly correct, Your

12  Honor, that you can -- that there is a plan, there is a

13  distribution, there are claimants.  Mr. Caine has not -- Mr.

14  Caine bragged, I think a few minutes ago, I think at the

15  beginning of his presentation, that they're making

16  distributions and that it's forty cents on the dollar, the

17  distributions.  He hasn't --

18             THE COURT:  He has every right to brag about that.

19             MR. FOSTER:  Absolutely.

20             THE COURT:  That's a good deal.

21             MR. FOSTER:  Well, my point -- that's true, Your

22  Honor.  My point is, he hasn't said that that distribution's

23  going to go down because he has to comply with that -- with

24  this.  He hasn't presented Your Honor with any evidence that

25  complying with this, hiring Mr. Deason for 5,000 dollars and

1  preparing him -- and again, we point to his testimony in the

2  CRT MDL -- that he spent one -- that he reviewed his deposition

3  transcript and spent one day with his lawyers.  That's how he

4  prepared for the deposition testimony that we're seeking in

5  this case.  I mean, we're seeking a subset of what he testified

6  to.

7          THE COURT:  Well, if you want Mr. Deason, why don't

8  you just subpoena him?

9          MR. FOSTER:  Because Mr. Deason -- we want Mr. Deason

10  as a representative of Circuit City.  He --

11          THE COURT:  Okay.  Circuit City is -- and I do have

12  jurisdiction over that --

13          MR. FOSTER:  Um-hum.

14          THE COURT:  -- and that's my concern --

15          MR. FOSTER:  Right.

16          THE COURT:  -- is you have other kinds of things that

17  can happen as far as liability and all kinds of things that can

18  flow from this.  And he's not an employee.

19          MR. FOSTER:  Right.

20          THE COURT:  He's not there.  I mean, what would you

21  have done if we had closed this trust out last year?  I mean,

22  there wouldn't be anybody.  I mean, Circuit City doesn't exist

23  anymore.

24          MR. FOSTER:  Right.  Right.

25          THE COURT:  There are no employees.  I mean, you've

1   got a couple employees of the trust, one of whom is sitting in

2   the courtroom, but they're all gone.

3            MR. FOSTER:  Right.

4            THE COURT:  And that's what we do in bankruptcy cases.

5            MR. FOSTER:  Right.

6            THE COURT:  And you want to bring it back.  I don't

7   know how that works.

8            MR. FOSTER:  Right.  And I think that Mr. Caine

9   suggested how that works; that Mr. Deason is a consultant --

10  that he testified to that in his testimony -- and just like two

11  years ago, when there wasn't any employees then, either.  There

12  wasn't any employees in 2014, when he gave his 30(b)(6)

13  testimony in the CRT MDL.  The trust had to hire him, and as a

14  consultant to come and testify on his behalf -- on Circuit

15  City's behalf.

16           We've also cited a case for your -- I understand Your

17  Honor's concern about the cost and the liability that might

18  flow from that.  I do think that this is a -- this is sort of

19  an administerial task here that we're asking the trust to do.

20  Mr. Caine mentioned the eighteen topics and the three pages of

21  deposition notice.  We have offered to work with --

22           THE COURT:  I took notice of that, too.

23           MR. FOSTER:  Right.  We have offered to work with the

24  trust to try to narrow that to a smaller subset of that.  We

25  will work with -- we can point to parts of his testimony in the

1    CRT MDL deposition testimony about the subjects that we'd be

2    interested in.  We want to narrow it as much as possible.  I

3    mean, frankly, the testimony that we're seeking for the

4    Illinois action is a narrower subset of what he testified to in

5    the CRT MDL.  So we have been willing to work -- look,

6    responding to --

7            THE COURT:  You're willing to do --

8            MR. FOSTER:  -- any type of --

9            THE COURT:  -- everything but pay for it.

10           MR. FOSTER:  Well, the American -- obviously, there's

11   an American rule that litigants pay for their own expenses.

12   And cost-shifting in discovery -- I mean, let me mention this.

13   We cite a case --

14           THE COURT:  Weren't the Federal Rules just recently

15   amended to take into consideration these issues concerning cost

16   and cost-shifting and things of that sort?

17           MR. FOSTER:  Yes, Your Honor.  Yes.

18           THE COURT:  All right.

19           MR. FOSTER:  And --

20           THE COURT:  I just want to make sure I was right.

21           MR. FOSTER:  That's right.  That's right.  Now, I

22   acknowledge that I'm not sure whether the Virginia State Court

23   has accepted those changes or not, about the cost-shifting the

24   proportionality, I think is what you're referring to.

25           THE COURT:  I am.

Colloquy                                                                    26

1          MR. FOSTER:  Right.  So I think -- but I think that's

2    an issue in the court that issued the subpoena, and whether the

3    burden is so great or the need is so little or the relevance of

4    the information is so low -- or the potential relevance is so

5    low that there should be some cost-shifting mechanism in place.

6    And certainly, there's an optics problem, right?  We are a

7    defendant in the Illinois CRT, case and we're going to pay to

8    get testimony from a witness that might provide us helpful

9    testimony.  So there's that issue.  Certainly, if a -- so there

10   are a number of reasons why the Toshiba entities here did not

11   take Mr. Caine up on his offer to pay Mr. Deason to testify.

12         We've talked a lot about burden.  I don't think Mr.

13   Caine has met the requirement for how burdensome this -- or

14   shown -- really, provided any evidence about how burdensome it

15   would be.  You can speculate about how you'd have to hire

16   someone and there's attorneys involved and that would have to

17   prep him.  But again, not only have we tried to work with the

18   trust to narrow these topics, but again, I -- not to beat a

19   dead horse, but I think this is a question for the court that

20   issued the subpoena.

21         Finally, just to go to the question of sanctions.

22   Again, the Toshiba entities that stand before you today are not

23   part of the bankruptcy, are not creditors.  They've never filed

24   a claim; they've never appeared before Your Honor; they don't

25   hold a claim now.  They're not subject to Your Honor's

Colloquy                                                      27

1  confirmation order.  And as I mentioned, the Ninth Circuit case

2  as far as the Barton Doctrine, a subpoena's not a lawsuit.

3            Unless Your Honor has any more questions, I think I'm

4  done.

5            THE COURT:  No, thank you.

6            MR. FOSTER:  Thank you.

7            THE COURT:  All right.

8            Mr. Caine, I'll let you have the final word.

9            MR. CAINE:  Thank you, Your Honor.

10           I have before me the settlement agreement between the

11 trust and the Toshiba entities arising out of the MDL CRT

12 litigation.  The document is confidential --

13           THE COURT:  I know.

14           MR. CAINE:  -- on its face.  It was below the level

15 that required court approval, so we didn't have to file a 9019

16 motion, but the party opposite the trustee to this settlement

17 agreement is Toshiba Corporation on behalf of itself and

18 Toshiba America, Inc., Toshiba America Consumer Products LLC,

19 Toshiba America Electronic Components, Inc., and Toshiba

20 America Information Systems, Inc.

21           Now, two of those entities filed claims against this

22 estate, and one of those entities, Electronic Components -- or

23 I think actually Consumer Products -- holds an allowed claim

24 against this estate.  Now, the subpoena doesn't have the full

25 caption from the Illinois litigation, but it stands to reason

1  that if these parties were parties in the MDL litigation,

2  they're also parties in that litigation; and perhaps some

3  gamesmanship is going on that the subpoena was only issued on

4  behalf of the two of these four parties that didn't file claims

5  against this estate.

6          It's a very curious situation that we have here, Your

7  Honor, that Toshiba Corporation, which has issued this

8  subpoena, is willing in the settlement agreement to act on

9  behalf of creditors of this estate, and yet it comes before you

10  today and says it is not subject to the plan or the plan

11  injunction.  The trust suggests to the contrary, Your Honor.

12          The trust is presented with an interesting proposition

13  by Toshiba:  go hire a professional because you can.  But the

14  trust can only hire a professional for the purposes of the

15  trust, which is to liquidate assets and adjust claims and

16  distribute them to creditors.  We can't go out and hire a

17  professional.

18          We are trying to do the right thing, Your Honor; we're

19  trying to cooperate and see if we can resolve this issue with

20  minimal expense to the trust.  Yes, there's expense.  We had to

21  file this motion; we had to negotiate.  But the trust is not

22  going to go out and hire Mr. Deason unless there is some

23  agreement and cooperation to do so.  There apparently isn't.

24          So we're asking that Your Honor hold that the trust

25  does not need to comply with this subpoena, because it's in

Colloquy                                                          29

1  violation of the plan injunction, but the only other

2  alternative we have, Your Honor, is to just have a witness show

3  up without any preparation and they're just not going to get

4  anything of it.

5          THE COURT:  All right.  Thank you, Mr. Caine.

6          All right --

7          MR. FOSTER:  Your Honor, may I -- just one moment?

8          THE COURT:  You may.

9          MR. FOSTER:  Thank you, Your Honor.

10         Just to Mr. Caine's first point about the

11 gamesmanship.  Toshiba Corporation and Toshiba America

12 Electronic Components, Inc., the two entities that stand before

13 you today, are the only two Toshiba entities in the Illinois

14 action.  There's no gamesmanship going on.  TACP and TICE, the

15 two entities that filed claims in this bankruptcy that I

16 believe Mr. Caine is talking to, are not defendants in that

17 case.  Thank you, Your Honor.

18         THE COURT:  All right.  Thank you.

19         All right.  The Court has before it the motion of the

20 Circuit City Liquidating Trust to enforce the terms of the plan

21 injunction.  The Court is going to grant that motion.  I cannot

22 fathom how Toshiba Corporation could enter into an agreement on

23 behalf of two claimants in this case and then come in and say

24 that it is not bound by the plan injunction.

25         The Court finds also that it has jurisdiction to --

1   well, certainly, to enforce the plan injunction, but to address

2   this subpoena as an effective -- it affects the administration

3   of the trustee's ability to administer the trust; and I'm not

4   going to allow trust assets to be wasted over something like

5   this.  Under any consideration of proportionality or whatever,

6   if I was going to allow something like this, I would require

7   payment.  I don't need to get there; I'm going to enforce the

8   plan injunction and not allow the subpoena to go forward.

9            Any questions regarding the Court's ruling in that?

10            MR. CAINE:  No, Your Honor.  Would you like us to

11   submit an order?

12            THE COURT:  Yes, I would.

13            Mr. Foster, I do not intend to write an opinion on

14   this unless you want to appeal.  Obviously, you have a right to

15   take this all the way to the Supreme Court if you'd like, and

16   if you do, I'd be more than happy to write an opinion.  But

17   just let my chambers know whatever your client's wishes are in

18   that regard.

19            MR. FOSTER:  Thank you, Your Honor.

20            THE COURT:  All right.  Thank you, sir.  Thank you for

21   your very capable arguments here today.

22            Is there any other business to take up in Circuit

23   City?

24            MR. CAINE:  No, Your Honor.

25            THE COURT:  All right.  Thank you.

1            THE COURT OFFICER:  All rise.  Court is now adjourned.

2        (Whereupon these proceedings were concluded at 2:31 PM)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                          I N D E X
 2
 3
 4
 5   RULINGS:                                    PAGE    LINE
 6   Attorney Dana Foster admitted pro hac vice.   14      16
 7   Motion to enforce injunction granted.         29      21
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1              C E R T I F I C A T I O N

2

3         I, Shoshana Ben Yaakov, the court approved

4    transcriber, do hereby certify the foregoing is a true and

5    correct transcript from the official electronic sound recording

6    of the proceedings in the above-entitled matter.

7

8    *Shoshana Ben Yaakov*

9                                    August 21, 2016

10   _____    _____

11   SHOSHANA BEN YAAKOV                   DATE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CIRCUIT CITY STORES, INC., et al.

Case No. 08-35653-KRH

August 17, 2016

## A

**Absolutely (1)**
22:1
**accepted (1)**
25:2
**acknowledge (1)**
25:2
**action (3)**
18:1,1;29:1
**actually (2)**
14:2;27:2
**address (2)**
14:1,2
**addresses (1)**
7:2
**adjust (1)**
28:1
**administerial (1)**
24:1
**admitted (2)**
14:1,1
**adopted (1)**
17:2
**again (6)**
18:2;20:1;21:1;
26:1,1,2
**against (5)**
10:2,2,2;27:2,2
**agenda (5)**
6:1,2;7:2;8:2;9:1
**ago (3)**
18:1;22:1;24:1
**agreement (7)**
10:2,2;18:2;27:1,
1;28:2;29:2
**allegations (1)**
11:2
**allowed (4)**
10:2;14:1,2;27:2
**allows (3)**
7:2;8:1,2
**amended (1)**
25:1
**America (6)**
16:1;27:1,1,1,2;
29:1
**American (2)**
25:1,1
**amounts (1)**
11:1
**and/or (1)**
7:1
**antitrust (1)**
11:2
**anymore (1)**
23:2
**apologize (1)**
8:2
**apparently (1)**
28:2
**appeal (1)**

**30:1**
**appeared (1)**
26:2
**application (1)**
14:1
**applies (1)**
21:1
**apply (1)**
17:1
**appreciate (1)**
20:1
**approval (1)**
27:1
**approximately (1)**
9:2
**area (1)**
16:1
**arguable (1)**
16:1
**argument (4)**
11:1;19:2,2;20:1
**arguments (1)**
30:2
**arising (1)**
27:1
**assets (3)**
12:1;21:1;28:1
**attention (1)**
6:1
**attorneys (1)**
26:1
**authority (3)**
11:1;20:1,1
**aware (3)**
7:2;20:1
**away (1)**
15:1

## B

**back (1)**
9:1
**bailiwick (1)**
19:2
**balance (1)**
9:2
**bankruptcy (10)**
16:1,1,1,2,2;17:2;
21:1,1;26:2;29:1
**Barton (3)**
20:2;21:1,1
**basically (1)**
17:1
**beat (1)**
26:1
**become (1)**
9:1
**beginning (1)**
22:1
**behalf (4)**
24:1,1;27:1;29:2
**behind (1)**
6:1

**belongs (1)**
15:1
**below (1)**
27:1
**beneficiary (1)**
13:1
**BERAN (7)**
6:1,2,2;7:1,2;8:1,2
**blocks (1)**
15:1
**book (1)**
7:1
**both (2)**
7:2;8:1
**bound (1)**
29:2
**BR (1)**
16:1
**Bradshaw (1)**
12:1
**brag (1)**
22:1
**bragged (1)**
22:1
**breach (2)**
18:1;19:1
**brief (2)**
16:1;17:2
**burden (9)**
10:1;13:1,2;15:2;
18:2;19:2,2;20:1;
26:1
**burdensome (2)**
26:1,1
**business (2)**
12:1;30:2

## C

**Caine (22)**
6:1,1;9:1,1,1,2;
14:2;16:2;17:1;18:1,
1,2;20:1;22:1,1;
24:2;26:1,1;27:1;
29:1;30:1,2
**Caine's (2)**
14:2;29:1
**can (9)**
6:1;22:1;23:1,1;
24:2;26:1;28:1,1,1
**capable (1)**
30:2
**caption (1)**
27:2
**careful (1)**
14:2
**case (13)**
16:1,1,1,1,2,2;
17:2;21:1,1;24:1;
25:1;29:1,2
**causing (1)**
21:2
**cents (1)**

**22:1**
**certainly (7)**
12:2;18:2;19:1;
20:1;21:1,2;22:1
**certified (1)**
14:1
**chambers (1)**
30:1
**changes (1)**
25:2
**Chapter (1)**
16:1
**Cir (1)**
17:2
**Circuit (19)**
11:1;15:2,2;16:2;
17:2,2;18:1,1;19:1,1,
1;20:1;21:1;23:1,1,
2;24:1;29:2;30:2
**circumstances (1)**
20:1
**cite (4)**
17:2;21:1,1;25:1
**cited (2)**
16:1;24:1
**cites (1)**
16:1
**City (8)**
11:1;18:1,1;23:1,
1,2;29:2;30:2
**City's (3)**
16:2;17:2;24:1
**claim (9)**
6:1;7:2;8:1;10:2;
14:2,2;26:2,2;27:2
**claimant (1)**
21:2
**claimants (3)**
16:1;22:1;29:2
**claims (18)**
7:2;9:1,1,1,1,1,2,2,
2;10:2;12:1;13:1;
14:2,2;18:1;27:2;
28:1;29:1
**clear (6)**
11:1;15:1;16:1,2;
17:1;21:1
**clearly (2)**
10:1;13:2
**client's (1)**
30:1
**close (4)**
16:1,1;17:2;21:1
**closed (1)**
23:2
**code (2)**
15:1;17:1
**colleague (1)**
14:1
**Columbia (1)**
14:1
**comment (1)**
7:1

**completely (1)**
18:1
**comply (4)**
19:1,2;22:2;28:2
**complying (2)**
19:1;22:2
**components (4)**
11:2;27:1,2;29:1
**concedes (1)**
11:1
**concern (3)**
13:1;23:1;24:1
**concerning (1)**
25:1
**concerns (1)**
12:1
**conclusion (2)**
9:1;11:2
**confidential (1)**
27:1
**confirmation (3)**
15:1,1;21:1
**connected (1)**
22:1
**connection (2)**
6:1,2
**consideration (1)**
25:1
**consultant (5)**
11:1,1,2;18:1;24:1
**Consumer (2)**
27:1,2
**consummation (1)**
7:1
**continued (6)**
7:1,1,1;8:1,2,2
**contrary (3)**
10:1,1;28:1
**cooperate (1)**
28:1
**cooperation (1)**
28:2
**core (1)**
16:1
**corporate (1)**
11:2
**Corporation (3)**
27:1;29:1,2
**corporations (1)**
13:1
**cost (3)**
13:1;24:1;25:1
**costs (1)**
20:1
**cost-shifting (3)**
25:1,1,2
**counsel (2)**
12:2;13:1
**couple (1)**
9:2
**course (1)**
9:1
**COURT (59)**

CIRCUIT CITY STORES, INC., et al.

6:1,1,2;7:1,1;8:1,
2;9:1,2;14:1,1,1,1;
15:1,1,1,2,2,2;16:1;
17:1,1,1;18:1;19:1,1,
1,1,1,2;20:1,2,2;
21:1,2;22:1,2;23:1,1,
1,2,2;24:2;25:1,1,2,
2,2;26:1;27:1,1;29:1,
1,2,2;30:1,1,2,2

**Court's (3)**
6:2;7:1;15:2

**cover (1)**
18:2

**covered (2)**
17:1;21:1

**covers (1)**
18:2

**creditors (5)**
10:1;12:1;13:1;
26:2;28:1

**CROWE (1)**
14:1

**CRT (7)**
10:2;11:1,2,2,2;
24:1;27:1

**custom (1)**
9:1

## D

**Dana (1)**
14:1

**dead (1)**
26:1

**deal (1)**
22:2

**Deason (9)**
11:2,2,2;18:1,1;
19:1;22:2;26:1;28:2

**decide (2)**
17:1,1

**declaration (1)**
12:1

**defendants (2)**
10:2;29:1

**deposition (4)**
11:2;12:1;13:1;
24:2

**described (1)**
12:2

**detailed (1)**
12:1

**direct (1)**
22:1

**directed (1)**
15:1

**discovery (2)**
11:1;25:1

**dispute (2)**
10:1;11:1

**distribute (1)**
28:1

**distribution (3)**

**10:1;12:1;22:1**

**distributions (2)**
22:1,1

**distribution's (1)**
22:2

**District (1)**
14:1

**docket (2)**
6:2;7:1

**doctrine (3)**
20:2;21:1,1

**document (1)**
27:1

**documentation (1)**
7:1

**documents (1)**
11:1,2

**dollar (1)**
22:1

**dollars (3)**
9:2;19:1;22:2

**done (2)**
21:2;23:2

**down (4)**
6:1;9:1,1;22:2

**duly-issued (1)**
19:1

**During (1)**
20:1

**duties (1)**
18:1

**duty (1)**
19:1

## E

**eighteen (2)**
12:1;24:2

**eighteenth (1)**
8:1

**either (2)**
18:1;24:1

**Electronic (3)**
27:1,2;29:1

**employee (2)**
11:1;23:1

**employees (3)**
23:2;24:1,1

**end (3)**
6:1;8:2;9:2

**enforce (2)**
11:1;29:2

**engaged (1)**
10:2

**enter (1)**
29:2

**entered (1)**
10:2

**entities (13)**
10:2,2,2;14:2;
15:1;26:1,2;27:1,2,2;
29:1,1,1

**entity (1)**

10:1

**essentially (1)**
12:2

**estate (2)**
27:2,2

**even (2)**
11:1;13:2

**evidence (2)**
22:2;26:1

**Exhibit (4)**
8:2,2;12:1,1

**exist (1)**
23:2

**expect (1)**
12:1

**expend (1)**
10:1

**expense (2)**
28:2,2

**expenses (3)**
20:1;21:2;25:1

**explained (1)**
18:1

**extensive (1)**
11:1

## F

**F3d (2)**
16:1;17:2

**face (1)**
27:1

**fact (2)**
18:2;21:1

**fall (1)**
16:1

**familiar (1)**
6:1

**far (3)**
14:2;15:1;23:1

**fathom (1)**
29:2

**Federal (1)**
25:1

**few (1)**
22:1

**fiduciary (2)**
18:1;19:1

**figuring (1)**
20:2

**file (2)**
27:1;28:2

**filed (9)**
10:2;14:1,2,2;
15:1;17:1;26:2;27:2;
29:1

**Finally (1)**
26:2

**financial (1)**
13:1

**finds (1)**
29:2

**first (1)**

29:1

**flow (2)**
23:1;24:1

**forty (1)**
22:1

**forty-three (1)**
9:2

**FOSTER (23)**
14:1,1,1,1;18:1;
19:1;20:1,2;21:2;
22:1,2;23:1,1,1,2;
24:2;25:1,1,1,2;30:1,
1

**Foster's (1)**
12:1

**Fourth (1)**
17:2

**full (1)**
27:2

**fully (1)**
7:2

## G

**gamesmanship (2)**
29:1,1

**gave (1)**
24:1

**Given (1)**
13:1

**goes (2)**
14:2;15:1

**good (2)**
9:2;22:2

**grant (1)**
29:2

**great (1)**
9:2

**Group (1)**
21:1

## H

**hac (1)**
14:1

**handle (1)**
6:1

**happen (1)**
23:1

**happy (2)**
9:1;30:1

**hearing (2)**
6:2;7:1

**held (1)**
21:1

**herring (1)**
11:1

**hire (10)**
18:1,2,2;19:1;
24:1;26:1;28:1,1,1,2

**hiring (3)**
18:2,2;22:2

**Historic (1)**

17:2

**hold (2)**
26:2;28:2

**Holdings (1)**
16:1

**holds (3)**
10:2;14:2;27:2

**Honor (36)**
6:1,1,2,2;7:1,2,2;
8:1,1,2,2,2;9:1;11:1,
1;12:1,1;14:1,1,2;
17:1;18:1;20:1;21:1;
22:1,2,2;25:1;26:2;
28:1,1,2;29:1;30:1,1,
2

**Honor's (4)**
15:1,1;24:1;26:2

**horse (1)**
26:1

## I

**identified (1)**
8:2

**Illinois (3)**
18:1;27:2;29:1

**impose (1)**
13:1

**impossible (1)**
12:2

**Inc (4)**
27:1,1,2;29:1

**including (1)**
10:1

**incredibly (1)**
12:1

**incur (1)**
21:2

**indicated (2)**
7:1;8:2

**indicates (1)**
6:2

**information (11)**
10:1;12:1,1,2,2;
13:2;17:1;18:1,1,1;
27:2

**injunction (7)**
10:1,1;11:1;13:2;
28:1;29:2,2

**intend (1)**
30:1

**interest (1)**
13:1

**interesting (1)**
28:1

**interests (1)**
13:1

**International (1)**
16:1

**into (4)**
10:2;17:1;25:1;
29:2

**involved (2)**

18:2;26:1
**involving (1)**
  16:2
**issue (1)**
  28:1
**issued (3)**
  15:2;19:1;26:2
**issues (5)**
  13:1;14:1,2;15:1;
  25:1
**item (7)**
  6:1,2;7:2,2;8:1,1;
  9:1
**items (10)**
  6:1,1,2;7:1,2;8:1,1,
  2,2;12:1

**J**

**jurisdiction (11)**
  11:1;14:2;15:1,2;
  16:1;17:1,1,1;21:1;
  23:1;29:2
**jurisdictional (1)**
  19:2

**K**

**Keep (1)**
  9:2
**kinds (2)**
  23:1,1
**Kirkland (1)**
  17:2
**knowledge (2)**
  11:1;12:1

**L**

**LandAmerica (1)**
  11:1
**landlord (2)**
  9:1,1
**largest (1)**
  13:1
**last (2)**
  14:1;23:2
**law (5)**
  15:1;16:1,1;17:1;
  21:1
**lawsuit (1)**
  21:1
**LCD (2)**
  11:2,2
**less (1)**
  19:1
**level (1)**
  27:1
**Lexis (1)**
  21:1
**liability (2)**
  23:1;24:1
**Limited (2)**

17:2;19:1
**lion's (1)**
  9:1
**liquidate (1)**
  28:1
**liquidating (4)**
  8:1;12:1;18:2;29:2
**list (1)**
  12:1
**litigants (1)**
  25:1
**litigation (7)**
  10:2,2;11:1,2,2;
  27:1,2
**LLC (1)**
  27:1
**long (3)**
  12:1,2;17:2
**longer (1)**
  11:2
**look (7)**
  17:1,1,1,1,1,1;19:1
**lot (1)**
  26:1

**M**

**making (3)**
  9:2;19:2;22:1
**matter (4)**
  13:1;15:1;16:1,1
**matters (2)**
  9:1;16:2
**maximizing (1)**
  12:1
**may (3)**
  6:2;7:1;9:1
**MDL (3)**
  18:1;24:1;27:1
**mean (9)**
  20:2,2;21:2,2;
  23:2,2,2,2;25:1
**Media (1)**
  21:1
**meets (1)**
  14:1
**mention (2)**
  13:1;25:1
**mentioned (3)**
  18:2;21:1;24:2
**met (1)**
  26:1
**might (2)**
  16:1;24:1
**million (1)**
  9:2
**minimal (1)**
  28:2
**minutes (1)**
  22:1
**money (3)**
  12:2;18:1;20:1
**more (2)**

21:2;30:1
**motion (7)**
  10:1;12:1;17:1;
  27:1;28:2;29:1,2
**move (1)**
  15:2
**much (2)**
  12:2;14:1

**N**

**name (1)**
  11:2
**narrow (2)**
  24:2;26:1
**near (1)**
  9:2
**need (2)**
  15:2;28:2
**needless (1)**
  21:2
**needs (3)**
  13:2,2;19:1
**negotiate (1)**
  28:2
**negotiations (1)**
  20:1
**New (1)**
  14:1
**nexus (5)**
  16:1,1;17:2;21:1,2
**nine (1)**
  8:1
**Ninth (1)**
  21:1
**nobody (1)**
  12:2
**nonclaimants (1)**
  16:2
**notice (3)**
  6:2;24:2,2
**Notwithstanding (1)**
  10:1
**number (11)**
  6:1,2,2;7:2,2;8:1,1,
  2;9:1;20:1;26:1

**O**

**objection (7)**
  7:2,2,2;8:1,1,1;9:1
**objections (2)**
  7:2;8:1
**obviously (2)**
  25:1;30:1
**October (3)**
  7:1;8:1,2
**offer (1)**
  26:1
**offered (4)**
  12:2;18:2;24:2,2
**Old (2)**
  7:2;9:2

**omni (2)**
  7:2;8:1
**omnibus (5)**
  7:2;8:1,1,1,1
**one (4)**
  8:1;13:1;14:2;27:2
**only (6)**
  10:1;16:1;21:1;
  26:1;28:1;29:1
**operating (1)**
  12:1
**operations (2)**
  16:2;17:2
**opinion (1)**
  30:1,1
**opposite (1)**
  27:1
**opposition (1)**
  12:1
**order (10)**
  6:2;10:1;12:2;
  13:1,1;15:1,1,1;19:1;
  30:1
**orders (3)**
  11:1;17:1,1
**others (2)**
  7:1,1
**otherwise (1)**
  13:1
**out (6)**
  19:2;20:2;23:2;
  27:1;28:1,2
**outstanding (3)**
  8:1,1;9:2
**over (4)**
  9:1;16:1;21:1;23:1
**own (2)**
  11:1;25:1

**P**

**page (3)**
  7:2;8:1,2
**pages (2)**
  12:1;24:2
**papers (3)**
  14:1;15:1;19:2
**paragraph (1)**
  15:1
**part (1)**
  26:2
**participate (1)**
  13:1
**participated (1)**
  11:2
**particular (1)**
  16:1
**Partnership (1)**
  17:2
**parts (1)**
  24:2
**party (5)**
  10:1;18:1;20:1,1;

27:1
**pay (9)**
  13:1,2,2;20:1,1,1,
  1,25:1;26:1
**pending (1)**
  14:1
**person (1)**
  12:1
**personal (2)**
  11:1;12:1
**phone (1)**
  7:1
**plan (11)**
  10:1;13:2;16:1;
  18:2;21:1;22:1,1;
  28:1,1;29:2,2
**point (5)**
  20:1;22:2,2;24:2;
  29:1
**portion (1)**
  9:1
**position (2)**
  10:1;13:1
**Post- (2)**
  15:2;21:1
**power (3)**
  11:1;19:1;21:2
**powers (2)**
  18:2;19:2
**practice (2)**
  14:1,1
**preference (1)**
  10:2
**prep (1)**
  26:1
**prepare (2)**
  12:2;13:1
**presentation (3)**
  14:2;16:2;22:1
**presented (2)**
  22:2;28:1
**primarily (1)**
  9:2
**prior (1)**
  16:2
**pro (1)**
  14:1
**problems (1)**
  15:2
**procedural (1)**
  13:2
**proceed (1)**
  9:1
**proceeding (5)**
  16:1,1,1;17:1;21:1
**Products (2)**
  27:1,2
**professional (4)**
  18:2;28:1,1,1
**professionals (1)**
  18:2
**progress (1)**
  9:2

**proportionality (1)**
25:2
**proposition (2)**
20:1;28:1
**propounding (1)**
10:2
**protect (2)**
17:1;20:2
**protection (3)**
15:1,2,2
**provide (4)**
9:1;10:1;11:1;17:2
**provided (4)**
11:1,1;17:1;26:1
**provision (1)**
18:2
**punished (1)**
13:1
**purpose (2)**
10:1;12:1
**purposes (3)**
7:1;8:1;28:1
**pursuant (1)**
12:1

**Q**

**quarter (1)**
10:1
**quick (1)**
9:1

**R**

**re (4)**
16:1,1;17:2;21:1
**real (1)**
11:1
**really (1)**
26:1
**reason (2)**
13:2;27:2
**reasons (1)**
26:1
**received (1)**
11:2
**recently (1)**
25:1
**red (1)**
11:1
**referring (1)**
25:2
**regard (1)**
30:1
**Regarding (1)**
15:2
**relate (1)**
16:1
**related (3)**
16:1;17:1,1
**relates (1)**
8:1
**remain (1)**

**8:1**
**remainder (1)**
6:1
**remaining (1)**
9:1
**remains (2)**
8:1;9:1
**removed (2)**
6:2;7:1
**repeat (1)**
15:1
**report (1)**
9:1
**representative (2)**
11:2;23:1
**Republic (2)**
7:2;9:2
**request (5)**
7:1,1,2;8:1;10:1
**requested (1)**
14:2
**requesting (1)**
20:1
**required (1)**
27:1
**requirement (1)**
26:1
**requirements (1)**
14:1
**resolve (1)**
28:1
**resolved (2)**
6:2;7:1
**Resorts (1)**
16:1
**resources (3)**
10:1;13:1,1
**respect (4)**
10:1;11:1,1,2
**respectfully (5)**
6:1;7:1,1,2;8:1
**responding (1)**
20:1
**response (1)**
11:1
**retained (1)**
11:2
**Richmond (7)**
14:2;15:1,2;19:1,
1,1;20:1
**Right (23)**
6:1,1,2;9:1;17:1;
18:1;21:2;22:1;23:1,
1,2,2;24:2;25:1,2,2,
2;28:1;29:1,1;30:1,2,
2
**Rule (2)**
15:1;25:1
**Rules (1)**
25:1
**run (1)**
17:1

**S**

**same (1)**
7:1
**sanctions (1)**
26:2
**sap (1)**
13:1
**Section (2)**
15:1;17:1
**seeking (1)**
18:1,1
**seems (1)**
20:1
**separate (1)**
18:1
**settled (1)**
7:1
**settlement (4)**
10:2,2,2;27:1,1
**several (3)**
7:1;8:2;10:2
**share (1)**
9:1
**shown (1)**
26:1
**Similarly (1)**
8:1
**simple (1)**
13:2
**simply (1)**
13:1
**sit (1)**
6:1
**sixth (1)**
7:2
**sixty-four (1)**
9:1
**smaller (1)**
24:2
**solely (1)**
13:1
**someone (1)**
26:1
**sort (3)**
19:2;24:1;25:1
**specifically (2)**
18:2;21:1
**speculate (1)**
26:1
**spend (1)**
13:1
**stake (2)**
9:1;13:1
**stand (3)**
12:2;26:2;29:1
**stands (1)**
27:2
**Starting (2)**
7:2;8:1
**state (2)**
17:1;25:2

**status (2)**
7:1;8:1
**Steve (1)**
11:2
**subject (5)**
8:1;9:1;10:1;26:2;
28:1
**submit (2)**
6:1;30:1
**subpoena (15)**
10:2;12:1;13:1;
15:1,1,2;17:1,1;19:1,
1;20:1;21:1;26:2;
27:2;28:2
**subset (1)**
24:2
**substantial (1)**
10:1
**substantive (1)**
6:2
**sue (3)**
16:2;20:2;21:1
**suggest (1)**
21:1
**suggests (1)**
28:1
**suing (1)**
21:2
**summary (1)**
9:1
**Supreme (3)**
15:1;17:1;30:1
**Sure (3)**
20:2;25:2,2
**Systems (1)**
27:2

**T**

**TACP (1)**
29:1
**talked (1)**
26:1
**talking (1)**
29:1
**talks (2)**
18:2;19:2
**task (2)**
12:2;24:1
**Tavenner (2)**
6:1;7:1
**tax (1)**
9:2
**tendered (1)**
6:2
**terms (1)**
29:2
**test (1)**
17:2
**testified (2)**
18:1;24:1
**testify (2)**
24:1;26:1

**testimony (4)**
11:1;24:1,1,2
**then-hired (1)**
11:1
**therefore (1)**
11:1
**third-party (1)**
17:1
**thirty-four (1)**
9:2
**thirty-year (1)**
11:1
**though (1)**
13:2
**three (2)**
12:1;24:2
**TICE (1)**
29:1
**Title (1)**
16:1
**today (6)**
14:1;17:2;26:2;
28:1;29:1;30:2
**today's (2)**
6:1;9:1
**told (1)**
12:2
**took (1)**
24:2
**topics (3)**
12:1;24:2;26:1
**Toshiba (31)**
10:1,1,1,1,2,2,2;
11:1,1,2;12:2;13:1,1,
2,2;14:2;16:2;20:1;
26:1,2;27:1,1,1,1,1,
1;28:1;29:1,1,1,2
**total (1)**
9:1
**Touch (1)**
16:1
**tried (1)**
26:1
**trouble (1)**
20:2
**true (1)**
22:2
**trust (46)**
8:1;10:1,1,1,2,2,2,
2;11:1,1,1,2;12:1,1,
1,2;13:1,1,1,2;15:2;
16:2;17:1,2;18:2;
20:1,2;21:1,2,2,2;
22:1;23:2;24:1,1,2;
26:1;27:1;28:1,1,1,1,
2,2,2;29:2
**trustee (6)**
16:2;20:2,2;21:1,
2;27:1
**trustee's (1)**
8:1
**trust's (4)**
10:1;13:1,1;18:2

Case 08-35653-KRH    Doc 13934    Filed 08/23/16    Entered 08/23/16 13:43:57    Desc
Main Document    Page 38 of 38

CIRCUIT CITY STORES, INC., et al.
Case No. 08-35653-KRH

August 17, 2016

**try (2)**
12:2;24:2
**trying (5)**
13:1;16:2;21:2;
28:1,1
**turn (5)**
6:1;7:2;8:1,2;9:1
**twentieth (1)**
8:1
**two (11)**
10:2,2;15:1;18:1;
20:1;24:1;27:2;29:1,
1,1,2

**U**

**Um-hum (1)**
23:1
**under (4)**
16:1,1,1;20:2
**undue (6)**
10:1;13:1,2;15:2;
19:2,2
**unfair (1)**
13:2
**Unless (4)**
14:2;21:1;28:2;
30:1
**unliquidated (1)**
9:2
**up (5)**
9:2;19:1,1;26:1;
30:2
**used (1)**
7:1

**V**

**Valley (1)**
17:2
**vice (1)**
14:1
**violated (1)**
13:2
**Virginia (8)**
15:1,1,1,1;17:1,1,
1;25:2
**voluminous (1)**
11:1

**W**

**wants (1)**
15:2
**way (1)**
30:1
**week (1)**
14:1
**Welcome (1)**
14:1
**Weren't (1)**
25:1
**what's (1)**

10:1
**willing (1)**
20:1
**wishes (1)**
30:1
**within (1)**
18:2
**witness (2)**
12:2;13:1
**wording (1)**
14:2
**work (5)**
9:2;24:2,2,2;26:1
**world's (1)**
13:1
**write (2)**
30:1,1

**Y**

**year (1)**
23:2
**years (2)**
18:1;24:1
**yesterday (1)**
7:1
**York (1)**
14:1

**Z**

**zero-value (1)**
9:2

**0**

**0 (52)**
6:1,2;7:1,2;8:1,2;
9:1,2;10:1,2;11:1,2;
12:1,2;13:1,2;14:1,2;
15:1,2;16:1,2;17:1,2;
18:1,2;19:1,2;20:1,2;
21:1,2;22:1,2;23:1,2;
24:1,2;25:1,2;26:1,2;
27:1,2;28:1,2;29:1,2;
30:1,2;31:1,2

**1**

**1 (55)**
6:1,1,2;7:1,2;8:1,
2;9:1,1,2;10:1,2;
11:1,2;12:1,1,2;13:1,
2;14:1,2;15:1,2;16:1,
2;17:1,2;18:1,2;19:1,
2;20:1,2;21:1,2;22:1,
2;23:1,2;24:1,2;25:1,
2;26:1,2;27:1,2;28:1,
2;29:1,2;30:1,2;31:1,
2
**10 (2)**
7:2,2
**101 (1)**

9:1
**107 (1)**
16:1
**11 (2)**
16:1,1
**121 (1)**
7:2
**1334 (1)**
17:1
**15 (1)**
8:1
**154 (1)**
16:1
**16 (1)**
8:1
**162 (1)**
16:1
**17 (1)**
8:2

**2**

**2 (55)**
6:1,1,1,2,2;7:1,2;
8:1,2;9:1,2;10:1,2;
11:1,2;12:1,2;13:1,2;
14:1,2;15:1,2;16:1,2;
17:1,2;18:1,2;19:1,2;
20:1,2;21:1,2;22:1,2;
23:1,2;24:1,2;25:1,2;
26:1,2;27:1,2;28:1,2;
29:1,2;30:1,2;31:1,2
**20 (2)**
7:1;8:1
**2006 (1)**
21:1
**2010 (1)**
17:2
**2014 (2)**
18:1;24:1
**20th (1)**
8:2
**273 (1)**
8:1
**28 (1)**
15:1

**3**

**3 (53)**
6:1,2,2;7:1,2;8:1,
2;9:1,2;10:1,2;11:1,
2;12:1,2;13:1,2;14:1,
2;15:1,2;16:1,2;17:1,
2;18:1,2;19:1,2;20:1,
2;21:1,2;22:1,2;23:1,
2;24:1,2;25:1,2;26:1,
2;27:1,2;28:1,2;29:1,
2;30:1,2;31:1,2
**30b6 (3)**
11:1;12:1;24:1
**310 (1)**
17:2

**322 (1)**
8:2
**372 (1)**
16:1

**4**

**4 (52)**
6:1,2;7:1,2;8:1,2;
9:1,2;10:1,2;11:1,2;
12:1,2;13:1,2;14:1,2;
15:1,2;16:1,2;17:1,2;
18:1,2;19:1,2;20:1,2;
21:1,2;22:1,2;23:1,2;
24:1,2;25:1,2;26:1,2;
27:1,2;28:1,2;29:1,2;
30:1,2;31:1,2
**4:1c (1)**
15:1
**401 (1)**
16:1
**4842 (1)**
21:1
**4th (1)**
17:2

**5**

**5 (53)**
6:1,2;7:1,1,2;8:1,
2;9:1,2;10:1,2;11:1,
2;12:1,2;13:1,2;14:1,
2;15:1,2;16:1,2;17:1,
2;18:1,2;19:1,2;20:1,
2;21:1,2;22:1,2;23:1,
2;24:1,2;25:1,2;26:1,
2;27:1,2;28:1,2;29:1,
2;30:1,2;31:1,2
**5,000 (1)**
22:2
**50,000 (1)**
19:1

**6**

**6 (26)**
6:1;7:1;8:1;9:1;
10:1;11:1;12:1;13:1;
14:1;15:1;16:1;17:1;
18:1;19:1;20:1;21:1;
22:1;23:1;24:1;25:1;
26:1;27:1;28:1;29:1;
30:1;31:1
**600 (1)**
17:2

**7**

**7 (26)**
6:1;7:1;8:1;9:1;
10:1;11:1;12:1;13:1;
14:1;15:1;16:1;17:1;
18:1;19:1;20:1;21:1;

22:1;23:1;24:1;25:1;
26:1;27:1;28:1;29:1;
30:1;31:1

**8**

**8 (27)**
6:1;7:1,1,8:1;9:1;
10:1;11:1;12:1;13:1;
14:1;15:1;16:1;17:1;
18:1;19:1;20:1;21:1;
22:1;23:1;24:1;25:1;
26:1;27:1;28:1;29:1;
30:1;31:1
**8.01-4.12.13 (1)**
15:1

**9**

**9 (28)**
6:1;7:1,2,2;8:1;
9:1;10:1;11:1;12:1;
13:1;14:1;15:1;16:1;
17:1;18:1;19:1;20:1;
21:1;22:1;23:1;24:1;
25:1;26:1;27:1;28:1;
29:1;30:1;31:1
**9019 (1)**
27:1