UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:          CIRCUIT CITY STORES, INC. et al.,              Case No. 08-35653-KRH
                                                               Chapter 11
                          Debtors.                             Jointly Administered

## MEMORANDUM OPINION

This contested matter involves a motion (the "Motion for Protection") filed by the Circuit City Stores Inc. Liquidating Trust (the "Liquidating Trust") for protection from a foreign subpoena (the "Subpoena") issued at the behest of Toshiba Corporation and Toshiba America Electronic Components, Inc. (together, "Toshiba") in connection with an action in which the Liquidating Trust is not a party, *State of Illinois v. Hitachi, Ltd.*, currently pending as Case No. 12-CH-35266 in the Circuit Court of Cook County, Illinois (the "Illinois Litigation"). Toshiba seeks to take a discovery deposition of the person or persons designated by Alfred H. Siegel, as Trustee of the Liquidating Trust (the "Liquidating Trustee") about information known or reasonably available to Circuit City concerning 18 matters listed in the Subpoena (the "Deposition"). The Subpoena requires "Circuit City to produce one or more witnesses . . . who are knowledgeable and prepared to testify about each of the matters [designated on] the List of Matters on Which Examination is Requested." The Subpoena warns that failure to comply with the Subpoena will subject the Liquidating Trust to punishment for contempt of court.

A hearing was conducted on August 17, 2016, to consider the Motion for Protection (the "Hearing"). Counsel for Toshiba appeared at the Hearing and argued that the relief requested by the Liquidating Trust in the Motion for Protection should be denied. The Court found that the Liquidating Trust was incapable of complying with the subpoena, as it did not employ any

1

Circuit City personnel who had knowledge about the matters on which examination was requested. At the conclusion of the Hearing, the Court ruled that it would grant the Liquidating Trust's Motion for Protection. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

### Factual Background

Before its liquidation at the height of the financial crisis in 2008–09, Circuit City Stores, Inc., together with its affiliated companies, was a national retailer of consumer electronic products with operations throughout the United States (collectively, "Circuit City"). Circuit City filed a petition for relief in this Court under Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date").[2]

Circuit City continued to operate its national retail business in the ordinary course for a brief period following the Petition Date. On January 16, 2009, the Court authorized Circuit City to cease its business operations and liquidate its assets. A Second Amended Joint Plan of Liquidation was filed on August 9, 2010, and an order confirming the Debtors' Modified Amended Second Joint Plan of Liquidation (the "Plan") was entered on September 14, 2010 (the "Confirmation Order").[3] The Plan substantively consolidated the Debtors' bankruptcy estates and established the Liquidating Trust to collect, administer, distribute, and liquidate all of the Debtors' remaining assets under Chapter 11 of the Bankruptcy Code. Plaintiff, Alfred H. Siegel

---

[1] Bankruptcy Rule 7052 is made applicable to this contested matter by Bankruptcy Rule 9014. Fed. R. Bankr. P. 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[2] All further references to the Bankruptcy Code are to the Bankruptcy Code as codified at 11 U.S.C. §§ 101 *et seq.*

[3] *See* Confirmation Order, *In re Circuit City Stores, Inc., et. al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 [hereinafter Confirmation Order].

was appointed as Liquidating Trustee for the Liquidating Trust and he continues to serve in that capacity.[4]

Over the course of the past six years, The Liquidating Trust has conducted no trade or commerce. The purpose of the Liquidating Trust, as set forth in the Plan, is to liquidate the assets of Circuit City, adjust the claims of creditors, and make distribution to creditors with allowed claims.[5] The Liquidating Trustee has been actively engaged with winding down the business affairs of Circuit City in accordance with the terms of the Plan. That process is now nearly complete. The Liquidating Trust has been very successful. It has distributed over forty cents on the dollar to creditors and will make another distribution before the end of the 2016 calendar year. The Liquidating Trust maintains custody of certain of Circuit City's books and records and employs a limited staff for the purpose of liquidating the few assets that remain and adjusting the dwindling number of claims that have yet to be resolved.

The Plan generally provided for the transfer of any cause of action held by Circuit City to the Liquidating Trust.[6] Consistent therewith, and subject to the ongoing supervision of this Court, the Liquidating Trust became a party to certain legacy litigation involving claims that previously belonged to Circuit City in the federal multidistrict litigation styled *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 JST, MDL 1917 (N.D. Cal.) (the "CRT

---

[4] The Liquidating Trustee was charged with responsibility for administering the Liquidating Trust, and its assets, and for making distributions from the proceeds of the Liquidating Trust in accordance with the Plan. *See* Plan, Art. V, ¶ F.6(c). The Plan is attached as Exhibit A to the Confirmation Order. *See* Confirmation Order, Ex. A, *In re Circuit City Stores, Inc., et. al.,* Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 [hereinafter, the "Plan"].

[5] The formation, rights, powers, duties, structure, and obligations pertaining to the Liquidating Trust are governed by Article V of the Plan and the Liquidating Trust Agreement. *See* Confirmation Order ¶ 11. The Liquidating Trust Agreement is attached as Exhibit B to the Confirmation Order. *See* Confirmation Order, Ex. B, *In re Circuit City Stores, Inc., et. al.,* Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555.

[6] Article I.B.1.21 of the Plan details the full scope of all of the causes of action transferred to the Liquidating Trust.

Action").[7]  As part of the wind down process, the Liquidating Trust resolved all of its claims against all of the defendants in the CRT Action – including Toshiba – through a series of settlements approved by the Court under Bankruptcy Rule 9019.[8]  Accordingly, the Liquidating Trust is no longer a party in the CRT Action.  Toshiba was and apparently remains a defendant in the CRT Action as to claims of plaintiffs other than the Trust.

While the Liquidating Trust was involved in the CRT Action, the Trust complied with the discovery obligations imposed upon it by the Federal Rules of Civil Procedure.  The Liquidating Trust produced voluminous documentation to the defendants in the CRT Action, including Toshiba.  The Liquidating Trust also gave corporate deposition testimony, pursuant to Federal Rule of Civil Procedure 30(b)(6), at the behest of defendants in the CRT Action, including Toshiba.  Complying with the discovery requests, especially the requests for deposition testimony, was expensive, as the Liquidating Trust had to maintain access to former Circuit City personnel with the necessary expertise and knowledge to facilitate the Trust's compliance with its discovery obligations in the CRT Action.  Upon its exit from the CRT Action, the Liquidating Trust ceased to maintain the access it formally had in order to eliminate the unnecessary expense.

The Subpoena seeks the very same discovery that the Liquidating Trust already provided in the CRT Action.  Toshiba claims that it needs to repeat the discovery on account of a rule peculiar to the state of Illinois that prohibits the use of deposition testimony at trial unless the deposition was specially designated as a trial deposition.  Even though Toshiba actively participated in discovery in the CRT Action and even though it had the opportunity to make the

---

[7] The Liquidating Trust became a plaintiff in the CRT Action.

[8] The Liquidating Trust and Toshiba entered into a *Settlement and Release* dated December 2, 2014 (the "Toshiba Settlement Agreement"), which definitively compromised and resolved the parties' relationship to each other vis-à-vis the CRT Action.  The Toshiba Settlement Agreement contains a standard integration clause and no requirement that the parties cooperate further with each other by providing testimony and evidence in related litigation.  Toshiba and the Liquidating Trustee filed the Toshiba Settlement Agreement with the Court under seal.

appropriate Illinois designation at the time, Toshiba now finds it is unable to use the discovery it previously obtained from the Liquidating Trust.  As a result, Toshiba caused the Subpoena to be issued to compel the Liquidating Trust to provide the very same testimony that the Liquidating Trust provided years ago.[9]  Unfortunately, the Liquidating Trustee, having wound down the business, no longer retains the former Circuit City personnel with the requisite expertise and knowledge.

### Jurisdiction and Venue

Toshiba argues that this Court lacks jurisdiction to decide this issue.  The Court disagrees.  Pursuant to 28 U.S.C. § 1334(a), "the district court [has] original and exclusive jurisdiction of all cases under title 11."  Further, the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  District courts are authorized to refer all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for the district.  *See id.* § 157(a).  By order of reference entered August 16, 1984, the United States District Court for the Eastern District of Virginia has referred all such bankruptcy cases and proceedings to this Court.

This Court has core jurisdiction to interpret its Confirmation Order and to enforce the terms of the confirmed Plan.  *See In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984 at *3 (Bankr. E.D. Va. Apr. 30, 2013).  "[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders."  *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009) ("[T]he Bankruptcy Court plainly

---

[9] The Liquidating Trust was served with a deposition notice in the CRT Action that covered all but one of the deposition topics in the Subpoena.  Counsel for Toshiba attended the deposition in the CRT Action, and it examined the deponent designated by the Liquidating Trust at length.

ha[s] jurisdiction to interpret and enforce its own prior orders."); *In re Jones*, No. 09-14499, 2011 Bankr. LEXIS 4083, at *1 (Bankr. E.D. Va. Oct. 21, 2011) ("Bankruptcy Courts plainly have jurisdiction to interpret and enforce their own prior orders.") (citing *Travelers Indem. Co.*, 557 U.S. 137).   The Confirmation Order provided that the Court would "retain exclusive jurisdiction over all matters arising out of and related to the . . . Plan to the fullest extent permitted by law including, but not limited to the matters set forth in Article XI of the Plan." Confirmation Order ¶ 41.   Article XI of the Plan provides for the Court to retain exclusive jurisdiction to "[h]ear and determine all matters related to (i) the property of the Estates from and after the Confirmation Date, (ii) the winding up of the Debtors' affairs, and (iii) the activities of the Liquidating Trust and/or the Liquidating Trustee, including (A) challenges to or approvals of the Liquidating Trustee's activities . . . ."   *Plan*, Art. XI, ¶ R.   This Court has core jurisdiction over matters concerning the Liquidating Trustee's administration of estate property in the Liquidating Trust.   *See id.*; *see also Dalkon Shield Claimants Trust v. Reiser (In re A.H.Robins Co., Inc.),* 972 F.2d 77, 79 n. 1 (4th Cir. 1992) (recognizing the validity of exclusive jurisdiction retention provisions in a Plan).   The Liquidating Trustee complains that compliance with the Subpoena will adversely affect his administration of the Liquidating Trust.   Accordingly, this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L), and (O).   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## Analysis

The Subpoena names the Liquidating Trust as the party summoned and commanded to attend and give testimony at the Deposition under threat of punishment for contempt of court. The Liquidating Trust has neither the appropriate resources nor the appropriate personnel to

respond to the burdensome requests embodied in the Subpoena.[10]  None of the Liquidating

Trust's few remaining employees have the knowledge necessary to give sworn testimony on the

Deposition topics designated in the Subpoena.  Toshiba maintains that the Liquidating Trust is

required to go out and hire and educate professional consultants in order to provide the

deposition testimony demanded of it.  That would place an undue administrative burden on the

Liquidating Trust.  It would require the Liquidating Trustee to engage in activities inconsistent

with the Confirmation Order, which would result in the inappropriate expenditure of trust assets,

and delay the administration of this bankruptcy case.

        The Liquidating Trust is a creation of the Bankruptcy Court.  The *Barton* doctrine bars a

party from bringing suit against a court-appointed receiver without first obtaining leave of the

appointing court.  *See Barton v. Barbour*, 104 U.S. 126, 128, 26 L. Ed. 672 (1881).  Failure to

obtain leave of the appointing court deprives the other forum of subject-matter jurisdiction.  *See*

*id.* at 131-33, 136.  This long-standing doctrine has been expanded to include other types of

court-appointed parties, such as bankruptcy trustees and counsel for trustees.  *See McDaniel v.*

*Blust*, 668 F.3d 153, 157 (4th Cir. 2012) (citing *Lowenbraun v. Canary* (*In re Lowenbraun*), 453

F.3d 314, 321 (6th Cir. 2006)); *Beck v. Fort James Corp.* (*In re Crown Vantage, Inc.*), 421 F.3d

963, 971 (9th Cir. 2005).  The *Barton* doctrine applies with equal measure to liquidating trustees.

*See In re Crown Vantage, Inc.*, 421 F.3d at 973 ("[T]he fact that the bankruptcy assets are now

being liquidated through the vehicle of a liquidating trust with an appointed liquidating trustee

does not prevent the application of the *Barton* doctrine."); *In re LandAmerica Fin. Grp., Inc.*,

2013 WL 1819984.

        The Subpoena commands and directs the Liquidating Trustee to expend resources of the

---

[10] The Liquidating Trustee has offered, and remains willing, to produce to Toshiba all documents that the
Liquidating Trust previously produced in the CRT Action.

Liquidating Trust for purposes inconsistent with the Confirmation Order in usurpation of the power and authority of this Court.  The purpose of the *Barton* doctrine is to prevent trustees from being subject to legal proceedings that interfere with their ability to administer the estate.  *See In re Qimonda AG*, 482 B.R. 879, 896 (Bankr. E.D. Va. 2012) ("[T]he Court serves as a gatekeeper under the *Barton* doctrine, protecting its appointed professionals from frivolous lawsuits that would interfere with the administration of the estate.") (internal citation omitted).  Where a party seeks to impose burdens upon a liquidating trust through the employment of any extrajudicial legal proceeding that directly and adversely interferes with the administration of the bankruptcy case, the party must first request and receive leave of the bankruptcy court that created the trust.  *See In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984, at \*3 (citing *McDaniel v. Blust*, 668 F.3d at 157).

Toshiba argues that other courts have held that the *Barton* doctrine does not apply to the issuance of a subpoena because the *Barton* doctrine applies only to lawsuits.  Toshiba cites a single case in support of this position, *In re Media Group, Inc.*, BAP No. 05-1432, 2006 Bankr. LEXIS 4842, at \*17 (B.A.P. 9th Cir. Nov. 14, 2006).  But *Media Group* involved very different facts and circumstances from those presented in the case at bar.  A third party subpoena had been issued to an attorney representing a chapter 7 trustee in *Media Group*.  Compliance with the subpoena by the attorney did not directly impact the trustee's administration of the bankruptcy estate.  The 9th Circuit BAP ruled that it was not inclined to extend the *Barton* doctrine to the issuance of the subpoena under those circumstances.  Here, compliance with the subpoena will directly impact the administration of the Liquidating Trust by causing the Liquidating Trustee to incur significant costs, which will deplete estate funds that could otherwise be distributed to creditors of the bankruptcy estate.  The Liquidating Trustee has been placed on the horns of a

dilemma: go hire a professional to give the deposition testimony commanded by the subpoena or be subjected to punishment for contempt of court. But the Liquidating Trustee is only authorized to hire professionals for the limited purposes for which the Liquidating Trust was created.[11] It is incumbent upon the Court to serve as a gatekeeper under the *Barton* doctrine, protecting the Litigating Trust from all outside legal proceedings that attempt to direct the activities of the Liquidating Trustee to the detriment of the bankruptcy estate. *See In re Qimonda AG*, 482 B.R. at 896.

The *Barton* doctrine is especially applicable to the case at bar, as the Plan and Confirmation Order give the Court exclusive jurisdiction to "hear and determine disputes arising in connection with the interpretation, implementation, consummation or enforcement of [the] Plan including disputes arising under agreements [such as the Liquidating Trust Agreement], documents or instruments executed in connection with the Plan." *Plan*, Art. XI, ¶ G. The Court maintains exclusive jurisdiction over the activities of the Liquidating Trust. *See id.*, Art. XI, ¶ R. The Plan also gives the Court exclusive jurisdiction "[t]o issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, . . . or enforcement of [the] Plan or the Confirmation Order . . . ." *See id.*, Art. XI, ¶ I.

The Subpoena commands the Liquidating Trustee to engage and educate outside professional consultants to give deposition testimony in connection with a foreign proceeding to which the Liquidating Trust is not a party. The Plan and the Liquidating Trust Agreement prohibit the Liquidating Trustee from hiring any such professionals. Compliance with the Subpoena would require an inappropriate expenditure of trust assets. Consequently, the

---

[11] The Liquidating Trust was created for the limited purposes of liquidating assets, adjusting claims, and distributing proceeds to creditors. *See supra* note 5.

Subpoena interferes with the Liquidating Trustee's ability to implement the Plan.[12]

The Liquidating Trustee argues that Toshiba through one of its affiliates holds an allowed claim against the bankruptcy estate and is, therefore, bound by the injunction provision set forth in the Confirmation Order. The Confirmation Order provides that "all Entities who have held, hold or may hold Claims against . . . the Debtors are permanently enjoined from . . . (E) commencing . . . in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan . . . ." Confirmation Order, ¶ 28. Causing the Liquidating Trustee to incur extraordinary costs completely divorced from any duty associated with administration of the Liquidating Trust adversely affects all creditors of the estate including (indirectly) Toshiba. The Subpoena issued at the behest of Toshiba is entirely inconsistent with the provisions of the Plan. Toshiba argues that it is Toshiba America Consumer Products LLC and not Toshiba Corporation that holds the allowed claim. Relying on this technicality, Toshiba chose to ignore the injunction.[13] To the extent that Toshiba is not already bound by the injunction provision contained in the Confirmation Order, the Court will enjoin Toshiba from interfering further with the Liquidating Trust and with the Liquidating Trustee's implementation of the Plan. The Court will not permit the Liquidating Trustee to incur the inappropriate expense of hiring outside professional consultants to give the deposition testimony commanded by the Subpoena. Toshiba may not enforce the Subpoena against the Liquidation Trust.

---

[12] The Court's Confirmation Order approved the Liquidating Trust Agreement and all of the terms set forth therein. *See* Confirmation Order ¶ 11.

[13] The Liquidating Trustee points out that Toshiba Corporation was willing to enter into the Toshiba Settlement Agreement with the Liquidating Trust "on behalf of itself and Toshiba America, Inc., Toshiba America Consumer Products LLC, Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc." It is certainly disingenuous for Toshiba, having taken formal action in this case on behalf the subsidiary that holds an allowed claim against this bankruptcy estate, to now argue that it is not subject to the injunction provision set forth in the Confirmation Order.

## Conclusion

Toshiba, through the issuance of the Subpoena, seeks to compel the Liquidating Trustee to engage professional consultants to give deposition testimony in connection with a foreign proceeding to which the Liquidating Trust is not a party for the sole benefit of Toshiba and to the detriment of the other creditors of the bankruptcy estate.  Compliance with the Subpoena would require an inappropriate expenditure of trust resources and would interfere with the Liquidating Trustee's administration of the estate.  Under the circumstances presented in this case, Toshiba was required under the *Barton* doctrine to obtain leave from this Court before issuing the Subpoena to the Liquidating Trust.  *See Barton v. Barbour*, 104 U.S. at 128.  Failure to obtain such leave deprives the forum that issued the Subpoena of subject-matter jurisdiction.  *See id.* at 131-33, 136.

Jurisdiction of this matter properly lies with this Court, which created the Liquidating Trust.  The Court retained exclusive jurisdiction over matters relating to the activities of the Liquidating Trust, as well as to the implementation of the Plan.  Toshiba was fully cognizant of the injunction in the Confirmation Order that enjoined interference with the Plan's implementation when it caused the Subpoena to be issued.  To the extent that Toshiba is not already bound by the injunction provision contained in the Confirmation Order, Toshiba will be restrained from any further interference with the Liquidating Trustee's administration of the Liquidating Trust and the provisions of Plan.  The Court will enjoin Toshiba from enforcing the Subpoena against the Liquidating Trust.

A separate order shall issue.

11

Entered: Sep 6 2016

_____/s/ Kevin R. Huennekens_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Sep 6 2016