Andrew W. Caine, Esq.
(admitted *pro hac vice*)
Victoria A. Newmark, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: (310) 277-6910
Facsimile:   (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile:   (804) 783-0178

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST TO
ENFORCE TERMS OF CONFIRMED PLAN TO FACILITATE RESOLUTION OF
<u>TRUST'S RIGHTS IN LETTER OF CREDIT PROCEEDS</u>**

Alfred H. Siegel (the "<u>Trustee</u>"), as Trustee of the Circuit City Stores, Inc. Liquidating

Trust (the "<u>Trust</u>"), hereby moves this Court for an order enforcing the Plan Injunction in order

to facilitate the Trust's recovery of letter of credit proceeds securing the Debtors' obligations

under insurance policies with Old Republic Insurance Company ("<u>ORIC</u>"). By this Motion, the

Trust requests that, as to forty-seven (47) individuals who asserted prepetition claims against the

Debtors for which no proofs of claim were ever filed, the Court issue an order specifically deeming the claims as discharged and enjoined from further prosecution by the Confirmation Order and Plan.

## THE CONFIRMATION ORDER AND PLAN

Before its liquidation in early 2009, Circuit City Stores, Inc. (together with its affiliated companies, "Circuit City" or the "Debtors") was a nationally known retailer of electronic products. On November 10, 2008, Circuit City sought relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). The Debtors' bankruptcy proceeding quickly became widely known, particularly after the Debtors' ceased operations in early 2009.

On September 10, 2010, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors* (the "Confirmation Order"), which, *inter alia*, confirmed the *Modified Second Amended Joint Plan of Reorganization* (the "Plan") and established the Trust. The Confirmation Order provides, in pertinent part:

> Injunctions. Except as otherwise specifically provided in the Plan and except as may be necessary to enforce or remedy a breach of the Plan, from and after the Effective Date, all Entities who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with

the provisions of the Plan, all to the fullest extent permissible under applicable law, including to the extent provided for or authorized by Article X.D. of the Plan and sections 524 and 1141 of the Bankruptcy Code. [Confirmation Order ¶ 28.].

### THE ORIC POLICIES AND LETTER OF CREDIT PROCEEDS

Historically, Circuit City maintained insurance programs for potential automobile, general liability and workers compensation liabilities that included deductibles or self-insured retentions. In order to cap its potential exposure, Circuit City obtained excess and other insurance contracts from various carriers, including from Old Republic Insurance Company (the "ORIC Policies"). Circuit City's obligations under the ORIC Policies were secured by one or more letters of credit totaling approximately $32 million.

When Circuit City ceased operations in Spring, 2009, ORIC drew down upon the entirety of the security. As of August 31, 2016, ORIC held approximately $18.1 million in remaining letter of credit proceeds as security for Circuit City's share of potential liability for claims potentially implicating the ORIC Policies. The Trust is in the process of resolving the remaining claims in order to facilitate the release to the Trust of any letter of credit proceeds in excess of Circuit City's actual obligations to ORIC under the ORIC Policies.[1]

### THE PLAN'S DISCHARGE AND INJUNCTION BAR CLAIMS AGAINST CIRCUIT CITY AND THE TRUST WHEN NO PROOF OF CLAIM WAS FILED

Attached as Exhibit A hereto is a list of forty-seven individuals who, prior to the commencement of these chapter 11 cases, commenced litigation asserting general liability or automobile claims against the Debtors that potentially implicate coverage obligations under the

---

[1] In addition to the Letter of Credit Proceeds reserve, ORIC has filed numerous proofs of claim for potential reimbursement from the Debtors based on payment obligations to prepetition litigation claimants and the costs of defense in the underlying litigation. The Trust has objected to the ORIC claims.

ORIC Policies.  None of the forty-seven filed a proof of claim in the cases (the "Unfiled Claims"). No activity has occurred in the underlying state court litigation matters for many years, from which it appears that the claimants do not intend to pursue the Unfiled Claims.

The notice list for the Debtors' cases reflects that forty of these claimants received at least one notice of the cases and applicable claim filing bar dates.  Given the very public attention given to the Debtors' chapter 11 cases and liquidation, it is highly likely that the other claimants had actual knowledge of these bankruptcy cases.

In any event, all forty-seven of the Unfiled Claims fit within the definition of claims subject to the Plan Injunction and Discharge. As no proofs of claim have been filed, the Unfiled Claims have been discharged in their entirety.  Moreover, the Confirmation Order enjoins any further actions to prosecute the Unfiled Claims outside of the bankruptcy claims process.

**THE COURT IS AUTHORIZED TO ISSUE AN ORDER ENFORCING
THE CONFIRMATION ORDER AND PLAN**

Bankruptcy Code section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code and "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders."  *In re LandAmerica Fin. Grp., Inc.*, 2013 Bankr. LEXIS 1756, at *10–11, 2013 WL 1819984, at *3 (Bankr. E.D.Va. Apr. 30, 2013) (quoting *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011), and citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders.")).

An order enforcing the Confirmation Order and Plan is entirely appropriate. The Confirmation Order and Plan discharge and enjoin the prosecution of each of the Unfiled Claims. A formal order to this effect will facilitate the Trust's negotiations with ORIC with respect to the release of excess letter of credit proceeds that are not necessary to pay the Debtors' obligations under the ORIC Policies.

## CONCLUSION

Based on the foregoing, the Trust respectfully requests that the Court issue an order that, (a) pursuant to the Plan and Confirmation Order, (1) the Unfiled Claims are discharged and (2) further prosecution of the Unfiled Claims outside of the bankruptcy claims process is enjoined, and (b) granting such other and further relief as is just and proper.

Dated: November 23, 2016         Respectfully submitted,

                                 TAVENNER & BERAN, PLC

                                  /s/ Lynn L. Tavenner_____
                                 Lynn L. Tavenner (VA Bar No. 30083)
                                 Paula S. Beran (VA Bar No. 34679)
                                 20 North Eighth Street, 2nd Floor
                                 Richmond, Virginia 23219
                                 (804) 783-8300
                                         - and -
                                 Andrew W. Caine, Esq.
                                 (admitted *pro hac vice*)
                                 Victoria A. Newmark, Esq.
                                 PACHULSKI STANG ZIEHL & JONES LLP
                                 10100 Santa Monica Blvd., 13th Floor
                                 Los Angeles, CA  90067
                                 Telephone: (310) 227-6910

                                 *Counsel to the Circuit City Stores, Inc. Liquidating Trust*

**EXHIBIT A**

Individual Claimants and Service Information

| | Notice of Deadline for Filing Proofs of Claim and Proof of Claim Form (Dkt. No. 966) | Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Dkt. No. 967) | Liquidating Trust's Motion for Order Establishing Supplemental Bar Date for Filing Requests for Payment of Administrative Expenses for Specified Individuals and Related Relief (Dkt. No. 11683) |
|---|---|---|---|
| Ackerman, Gina | X | X | |
| Allen, Joanne | X | X | |
| Beall, Annmarie | X | X | |
| Benedetti, Mary | X | X | |
| Callahan, Wendell J | X | X | |
| Cambre, William | | | |
| Cambridge, Maurice | X | X | |
| Carisio, Stephanie | X | X | |
| Cousan, Jerome M | X | X | |
| Damery, Carol | | | |
| Damery, Nathan | | | |
| Deutchman, Barbara | X | X | |
| Dupre, Mike | X | X | |
| Espino, Maricela | | | |
| Espiritu, Sam C | X | X | |
| Exley, Alfred | X | X | |
| Fischer, Aron | | | X |
| Fraccaroli, Jacqueline | X | X | |

DOCS_LA:302272.1 12304-003

| | | | |
|---|---|---|---|
| Funches, Dwayne | X | X | |
| Hacker, Mary | X | X | |
| Hartmann, Raymond | X | X | |
| Hersch, Michael | X | X | |
| Holecek, Jo Ann | X | X | |
| Jacobs, Simeon | X | X | |
| Jaynes, Deborah | | | |
| Kelly, Debra | X | X | |
| Lei, Yu L | X | X | |
| Lewis, Mamie | X | X | |
| Lewis, Terrance | X | X | |
| Liedetruth, Dawn | X | X | |
| Maholland, Diana | X | X | |
| Molina, Christine | X | X | |
| Nagy, Greg | X | X | |
| Nelson, Shawn | X | X | |
| Parks, Teresa | | | |
| Petersen, Preston | X | X | |
| Polacek, Donna | X | X | |
| Quashie, Ada | | | |
| Sasso, Marilyn | X | X | |
| Seefeldt, Sholly | X | X | |
| Simpson, Kristina | X | X | |
| Smith, Mary Lee | X | X | |

DOCS_LA:302272.1 12304-003                                    2

| | | | |
|---|---|---|---|
| Spann, Lenora | X | X | |
| Texas C Farmers Texas County Mutual Insurance | X | X | |
| Trazila, Paul | X | X | |
| Vandiver, Jack (James L. Vandiver) | X | X | |
| Witz, Bernard | X | X | |