# Exhibit 1

## DEED-IN-LIEU AGREEMENT

This DEED-IN-LIEU AGREEMENT ("Agreement") is entered into by and between WEC 96D APPLETON-1 INVESTMENT TRUST, a Delaware business trust, WEC 96D APPLETON-2 INVESTMENT TRUST, a Delaware business trust (collectively, "Borrowers"), and Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 ("Lender").

## R E C I T A L S

A.    On or about November 27, 1996, WEC 96D APPLETON INVESTMENT TRUST, a Delaware business trust ("Initial Borrower"), as maker, executed that certain note ("Note") in the original principal amount of FOUR MILLION NINE HUNDRED FORTY-ONE THOUSAND ONE HUNDRED SIXTY AND 29/100 DOLLARS ($4,941,160.29), payable to the order of First Security Bank, National Association, as Pass Through Trustee under Pass Through Trust Agreement dated November 27, 1996, known as the Circuit City – Staubach Pass Through Trust Series 1996-A (the "Initial Lender").

B.    As security for the payment of the Note, Initial Borrower executed and delivered for the benefit of Initial Lender that certain Mortgage, Security Agreement and Fixture Financing Statement, ("Initial Mortgage"), dated November 27, 1996, filed of record in the office of the Register of Deeds for Outagamie County, Wisconsin, on December 4, 1996 as Document No. 1211607, said Mortgage covering the land and improvements thereon commonly referred to as 4635 West College Avenue, Grand Chute, Wisconsin ("Property"), said Property being more particularly described on Exhibit A attached hereto and made a part hereof for all purposes.

C.    As further security for the Note, among other things, Initial Borrower executed for the benefit of Initial Lender an Assignment of Leases and Rents ("Assignment of Leases"), dated November 27, 1996, recorded on December 4, 1996 as Document No. 1211608, said Assignment of Leases covering all leases affecting the Property.

D.    Initial Borrower entered into an Assignment and Assumption Agreement dated November 27, 1996, under which Initial Borrower assigned the Note, Mortgage, Assignment of Leases, financing statements and all other documents, instruments and agreements executed for the benefit of the Initial Lender (collectively, the "Loan Documents") to Borrowers. Borrowers agreed to assume the obligations of Initial Borrower under the Loan Documents. Initial Lender consented to this agreement. The Assignment and Assumption Agreement was recorded in the office of the Register of Deeds for Outagamie County, Wisconsin on July 16, 1997 as Document No. 1234085.

E.    Initial Borrower conveyed the Property to Borrowers on November 27, 1996, via a Special Warranty Deed to WEC 96D APPLETON-1 INVESTMENT TRUST, recorded in the office of the Register of Deeds for Outagamie County, Wisconsin on July 16, 1997 as Document

No. 1234084, and a Special Warranty Deed to WEC 96D APPLETON-2 INVESTMENT TRUST, recorded in the office of the Register of Deeds for Outagamie County, Wisconsin on July 16, 1997 as Document No. 1234083.

     F.     The Initial Mortgage was amended and restated by an Amended and Restated Mortgage, Security Agreement and Fixture Financing Statement (the "Mortgage"), which was filed of record in the office of the Register of Deeds for Outagamie County, Wisconsin, on March 27, 1997 as Document No. 1221266.

     G.     Initial Lender executed an Assignment of Amended and Restated Mortgage, Security Agreement and Fixture Financing Statement, dated as of November 1, 1998, assigning its rights to the Mortgage to LaSalle National Bank, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2. The Assignment of Amended and Restated Mortgage, Security Agreement and Fixture Financing Statement was recorded in the office of the Register of Deeds for Outagamie County, Wisconsin on May 11, 1999 as Document No. 1325520.

     H.     Initial Lender executed an Assignment of Assignment of Leases and Rents, dated as of November 1, 1998, assigning its rights to the Assignment of Leases to LaSalle National Bank, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2. The Assignment of Assignment of Leases and Rents was recorded in the office of the Register of Deeds for Outagamie County, Wisconsin on May 11, 1999 as Document No. 1325519.

     I.     Initial Lender executed an Assignment of Unrecorded Documents, dated as of November 1, 1998, assigning its rights to the Note, among other things, to LaSalle National Bank, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2. The Note was endorsed and made payable to LaSalle National Bank, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 by allonge executed by the Initial Lender.

     J.     Effective as of April 30, 1999, LaSalle Bank National Association, Charter Number 14450, merged with and into LaSalle National Bank, Charter Number 14362, under the charter of the latter and title of the former.

     K.     Effective as of October 17, 2008, LaSalle Bank National Association, Charter Number 14362, merged into and under the charter and title of Bank of America, National Association. Bank of America, N.A., as successor in interest to LaSalle National Bank, is therefore the trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2.

     L.     The Note and Mortgage and all other Loan Documents are currently in default. Lender has accelerated the principal amount due under the Note, and as a result, all principal and accrued but unpaid interest under the Note, is now fully due and payable.

M.    The current fair market value of the Property is less than the total of all amounts outstanding under the Note and the Mortgage.

N.    Lender acknowledges that the Property was leased to retailer Circuit City as tenant ("Tenant") under a bondable or absolute triple net lease (the "Lease") between Tenant and WEC 96D APPLETON-1 INVESTMENT TRUST, as successor in interest to Initial Borrower, and that pursuant to the terms of such Lease during Borrowers' ownership of the Property, (a) Tenant had sole possession and control of the Property and assumed every imaginable duty, obligation and risk related to the Property and (b) Borrowers did not have possession and control of the Property, and as a result Lender acknowledges that Borrowers assert that Borrowers had, and continue to have, no knowledge whatsoever of the operation, management and maintenance of the Property.

O.    The parties hereto desire to resolve all rights, duties and obligations relating to the Loan Documents and the loan evidenced thereby by providing for the conveyance of the Property to Lender, or its nominee, by Borrower under the terms and conditions hereinafter set forth.

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements hereinafter set forth, the Recitals (which are hereby incorporated into and shall be deemed a part of this Agreement), and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed by all parties, the parties agree as follows:

1.    Closing. As of the execution of this Agreement by both Borrowers and Lender ("Closing"), the following shall occur:

1.01    WEC 96D APPLETON-1 INVESTMENT TRUST shall execute, acknowledge, and deliver to Lender or Lender's nominee the Deed in Lieu of Foreclosure in the form attached hereto as Exhibit B and made a part hereof ("Deed of Leasehold and Improvements"), conveying its interest in the Property to Lender, or its nominee, subject only to the title exceptions set forth on Exhibit B to said Deed ("Permitted Exceptions");

1.02    WEC 96D APPLETON-1 INVESTMENT TRUST shall execute and deliver to Lender or Lender's nominee the Wisconsin Real Estate Transfer Return, Owner's Affidavit, and Estoppel Affidavit associated with the Deed of Leasehold and Improvements in the forms attached hereto as Exhibit C and made a part hereof;

1.03    WEC 96D APPLETON-2 INVESTMENT TRUST shall execute, acknowledge, and deliver to Lender or Lender's nominee the Deed in Lieu of Foreclosure in the form attached hereto as Exhibit D and made a part hereof ("Deed of Land Reversion"), conveying its interest in the Property to Lender, or its nominee, subject only to the Permitted Exceptions set forth on Exhibit B to said Deed;

1.04    WEC 96D APPLETON-2 INVESTMENT TRUST shall execute and deliver to Lender or Lender's nominee the Wisconsin Real Estate Transfer Return, Owner's

Affidavit, and Estoppel Affidavit associated with the Deed of Land Reversion in the forms attached hereto as <u>Exhibit E</u> and made a part hereof;

      1.05   Borrowers and Lender shall execute and deliver a Blanket Assignment and Bill of Sale in the form attached hereto as <u>Exhibit F</u> and made a part hereof, conveying to Lender, or its nominee, all personalty included in the Property and other rights set forth therein, subject only to the Permitted Exceptions;

      1.06   Borrowers shall execute and deliver the Notice and Termination of Lease in the form attached hereto as <u>Exhibit G</u> and made a part hereof;

      1.07   Borrowers shall execute and deliver to Lender, or its nominee, a FIRPTA Affidavit in the form attached hereto as <u>Exhibit H</u> and made a part hereof;

      1.08   Borrowers shall execute and deliver to Lender, or its nominee, an assignment of any and all claims filed against Circuit City Stores, Inc. in the U.S. Bankruptcy Court of the Eastern District of Virginia Richmond, Bankruptcy Petition #: 08-35653-KRH ("Circuit City Claims"), in the form attached hereto as <u>Exhibit I</u>;

      1.09   Borrowers shall deliver to Lender, or its nominee, possession of the Property, subject only to the Permitted Exceptions;

      1.10   Borrowers shall instruct its agents to turn over all keys or similar devices used to gain access to the improvements, if any; and

      1.11   Borrowers shall deliver to Lender evidence reasonably satisfactory to Lender of the authority of the person executing this Agreement and any documents described therein on such party's behalf.

    2.   <u>Prorations and Expenses</u>.  At Closing:

      2.01   All rental income and other receivables of any kind or nature collected or received after the date hereof in connection with the Property, including any income from the Circuit City Claims, regardless of the period of time to which such payments apply, shall be the sole and exclusive property of Lender, Borrowers hereby assigning to Lender, or its nominee, its right to receive or collect any such delinquent rentals or other receivables.

      2.02   Intentionally deleted.

3.    Agreements of Lender.  Lender agrees as follows:

3.01    Lender hereby acknowledges and states that, upon closing and consummation of the transaction herein contemplated, Borrowers shall have no personal liability for the loan evidenced by the Loan Documents or for the failure to pay any sum due under the Note, or the Mortgage, or the failure to perform any of the obligations specified in the Loan Documents, and that Lender has no claim or cause of action against Borrowers personally arising out of or in connection with the Loan Documents (including, but not limited to, a deficiency judgment).  Lender hereby further covenants that it will not seek any such recovery under or in connection with the Loan Documents other than the expressly retained right to proceed to foreclose against any and all collateral presently securing the Note, including, but not limited to, its right to foreclose pursuant to the Mortgage.

3.02    Except for the agreements of Borrowers contained herein, Lender, on behalf of itself and its successors and assigns, hereby fully, finally and completely, RELEASES and FOREVER DISCHARGES, Borrowers and WEC 96D APPLETON INVESTMENT TRUST, and each of the three entities respective predecessors, successors, assigns, affiliates, employees and partners (in any capacity, including, without limitation, any capacity as guarantor), beneficiaries, trustee, officers, directors, shareholders, affiliates, attorneys, managers, and agents, cast, present and future, and their respective heirs, successors and assigns (collectively and individually the "Borrowers Released Parties"), of and from any and all claims, controversies, disputes, liabilities, obligations, demands, damages, debts, actions, and causes of action of any and every nature whatsoever, known or unknown, whether at law, by statute or in equity, in contract or in tort, under state or federal jurisdiction, which Lender may now have or claim to have against the Borrowers Released Parties arising out of or based upon the Property, or relating to any other event, act, occurrence or matter whatsoever in connection with the transaction evidenced by the Loan Documents; provided, however, that Lender does not waive or relinquish and expressly retains:

3.02.1    Any right to such cause of action, claim, remedy, or relief arising out of or based on the covenants, warranties (including specifically, but without limitation, warranties of title), representations, indemnifications or obligations of the parties under this Agreement or any document, instrument or agreement executed in connection herewith;

3.02.2    Any right to such cause of action, claim, remedy, or relief arising out of or based on Section 11.1 of the Loan Agreement dated November 27, 1996; and

3.02.3    Any right to foreclose any lien or security interest created or evidenced by any of the Loan Documents.  Further, the foregoing release shall not operate to eliminate or discharge any indebtedness to the extent necessary to permit Lender to foreclose any lien or security interest created or evidenced by any of the Loan Documents, but such indebtedness being without personal liability as aforesaid.

3.03    Except as stated in clauses 3.02.1 and 3.02.2 above, the above release contained in Paragraph 3.02 is intended to be, and is, a full, complete and general release in favor

of the Borrowers Released Parties, with respect to all claims, demands, actions, causes of action and other matters described in Paragraph 3.02 above including, without limitation, any claims, demands or causes of action based upon allegations of, for, or in connection with, but not limited to, breach of fiduciary duty, breach of any alleged duty of fair dealing or good faith, breach of confidence, undue influence, duress, economic coercion, usury, conflict of interest, intentional tort, negligence, cross negligence, bad faith, malpractice, violations of the Racketeer Influenced and Corrupt Organizations Act, intentional or negligent infliction of mental distress, tortious interference with contractual relations, tortious interference with partnership governance or prospective business advantage, breach of contract, deceptive trade practices, libel, slander, fraud, misrepresentation, conspiracy or any other theory, cause of action, occurrence, matter or thing which might give rise to liability upon the Borrowers Released Parties arising out of the Loan Documents or the transaction evidenced by the Loan Documents.

3.04    Lender understands and agrees that the closing occurrences set forth in Paragraph 1 and the foregoing release contained in Paragraph 3.02 are in full satisfaction for the agreements of Lender contained herein and that Lender will receive no further consideration for such release, and agrees not to assert or prosecute any further claims or lawsuits against the Borrowers Released Parties, whether specifically named or identified, with respect to any matter covered by Paragraphs 3.02 and 3.03 above.  Any and all claims intended to be released as provided above against the Borrowers Released Parties and not specifically named or identified are hereby assigned in full to such party hereby intended to be released.

4.    Release of Lender.  The Borrowers Released Parties agree as follows:

4.01    Except for the agreements of Lender set forth herein, the Borrowers Released Parties hereby fully, finally and completely RELEASE and FOREVER DISCHARGE Lender and its predecessors, successors, assigns, affiliates, subsidiaries, parents, officers, shareholders, directors, employees, attorneys, agents and properties, past, present and future, and their respective heirs, successors and assigns (collectively and individually, "Lender, et al"), of and from any and all claims, controversies, disputes, liabilities, obligations, demands, damages, debts, liens, actions and causes of action of any and every nature whatsoever, known or unknown, whether at law, by statute or in equity, in contract or in tort, under state and federal jurisdiction, and whether or not the economic effect of such alleged matters arise or are discovered in the future, which the Borrowers Released Parties now have or may claim to have against Lender, et al connected with or relating to the loan evidenced by the Loan Documents, the Property, or relating to any other event, act, occurrence, or matter whatsoever in connection with the transaction evidenced by the Loan Documents.

4.02    The above release is intended to be, and is, a full, complete and general release in favor of Lender, et al with respect to all claims, demands, actions, causes of action and other matters described in Paragraph 4.01 above including, without limitation, any claims, demands or causes of action based upon allegations of, for, or in connection with, but not limited to, breach of fiduciary duty, breach of any alleged duty of fair dealing or good faith, breach of confidence, undue influence, duress, economic coercion, usury, conflict of interest, intentional tort, negligence, gross negligence, bad faith, malpractice, violations of the Racketeer Influenced and Corrupt Organizations Act, intentional or negligent infliction of mental distress, tortious

interference with contractual relations, tortious interference with partnership governance or prospective business advantage, breach of contract, deceptive trade practices, libel, slander, fraud, misrepresentation, conspiracy or any other theory, cause of action, occurrence, matter or thing which might give rise to liability upon Lender, et al, in connection with the transaction evidenced by the Loan Documents.

4.03    The Borrowers Released Parties understand and agree that the foregoing general release is in full satisfaction for the agreements of Lender contained herein and that they will receive no further consideration for such release, and agree not to assert or prosecute any further claims or lawsuits against any party included within Lender, et al, whether specifically named or identified, with respect to any matter covered by Paragraphs 4.01 and 4.02 above. Any and all claims intended to be released as provided above against any party included within the term Lender, et al., and not specifically named or identified are hereby assigned in full to such party hereby intended to be released.

5.    Representation and Warranties of Borrower.

5.01    As of the date of Borrowers' execution of this Agreement, Borrowers represent and warrant to Lender as follows:

5.01.1    WEC 96D APPLETON-1 INVESTMENT TRUST is a Delaware business trust duly organized and validly existing under the laws of the State of Delaware.

5.01.2    CATAMOUNT EXCHANGE CORPORATION, a Delaware corporation duly organized and validly existing under the laws of the State of Delaware, is the trustee of WEC 96D APPLETON-1 INVESTMENT TRUST and has the full power and authority to bind WEC 96D APPLETON-1 INVESTMENT TRUST to the terms hereof and the agreements and documents executed in connection herewith.

5.01.3    John H. O. LaGatta, a natural person, is the President of CATAMOUNT EXCHANGE CORPORATION and has the full power and authority to bind CATAMOUNT EXCHANGE CORPORATION, as trustee of WEC 96D APPLETON-1 INVESTMENT TRUST, to the terms hereof and the agreements and documents executed in connection herewith.

5.01.4    WEC 96D APPLETON-2 INVESTMENT TRUST is a Delaware business trust duly organized and validly existing under the laws of the State of Delaware.

5.01.5    CATAMOUNT EXCHANGE CORPORATION, a Delaware corporation duly organized and validly existing under the laws of the State of Delaware, is the trustee of WEC 96D APPLETON-2 INVESTMENT TRUST and has the full power and authority to bind WEC 96D APPLETON-2 INVESTMENT TRUST to the terms hereof and the agreements and documents executed in connection herewith.

5.01.6    John H. O. LaGatta, a natural person, is the President of CATAMOUNT EXCHANGE CORPORATION and has the full power and authority to bind CATAMOUNT EXCHANGE CORPORATION, as trustee of WEC 96D APPLETON-2 INVESTMENT TRUST, to the terms hereof and the agreements and documents executed in connection herewith.

5.01.7    The execution and delivery by Borrowers of this Agreement and the instruments contemplated hereby and the performance of its obligations hereunder and thereunder have been duly authorized and shall constitute legal, valid and binding obligations of Borrowers.

5.01.8    The execution and delivery of this Agreement and the instruments contemplated hereby, and compliance with the provisions hereof and thereof, will not conflict with or constitute a breach of, or a default under the agreements forming Borrowers or any applicable law, rule, regulation or order of any court, administrative agency, or other governmental entity, and will not conflict with, or constitute a breach of or default under, and will not cause the acceleration of any obligation under, any agreement or other instrument to which Borrowers are a party or by which Borrowers are bound or to which Borrowers or any portion of Borrowers' properties or assets are subject.

5.01.9    To Borrowers' actual knowledge, Borrowers are not a party to or bound by, nor is any portion of its properties or assets subject to, any agreement or other instrument, or subject to any other restriction or any applicable law, rule, regulation or order of any court, administrative agency or other governmental entity, which might result in an impairment of the rights or ability of Borrowers to perform its obligations under the terms of this Agreement or any instrument contemplated hereby.

5.01.10    To Borrowers' actual knowledge, Borrowers have not received notice of, and to the best knowledge of Borrowers there are no actions, suits, arbitrations, proceedings or investigations pending or threatened related to the Property which, either taken alone or in the aggregate, if adversely determined, would have an adverse effect on the business, operations or financial condition of Borrowers, or any of its property or assets, or which might result in any material impairment of the right or ability of Borrowers to perform its obligations under this Agreement or under any instrument contemplated hereby.

5.01.11    No court having jurisdiction has entered a decree or order for relief with respect to Borrowers, in any involuntary case under any bankruptcy, insolvency, or similar law or appointed a receiver, liquidator, assignor, custodian, trustee or similar official for Borrowers, or ordered the winding up or liquidation of the affairs of Borrowers, nor have Borrowers filed a petition for relief or commenced a voluntary case under any bankruptcy, insolvency or similar law, consented to the entry of an order for relief in an involuntary case under any such law, or consented to the appointment of, or taking of possession by, a receiver, liquidator, assignee, trustee, custodian, or similar official for Borrowers, nor have Borrowers made any general assignment for the benefit

of creditors or failed to pay its debts as they became due (as such debts relate to the Property), except as otherwise provided herein, nor has any order, judgment or decree been entered decreeing the dissolution of Borrowers. No authorization or approval of any governmental authority not heretofore obtained is required to be obtained by Borrowers in connection with the execution or delivery of this Agreement or the instruments contemplated hereby or the performance by Borrowers of its obligations hereunder or thereunder.

   5.01.12   To Borrowers' actual knowledge, Borrowers are not in default in any respect under, or in breach in any respect of any applicable law, rule, regulation or order of any court, administrative agency, or other governmental entity, or any agreement or instrument (except for the default under the Loan Documents described herein), to which Borrowers are a party, or by which Borrowers may be bound or to which any portion of its property or assets may be subject..

   5.01.13   Borrowers have filed all tax returns prior to which are required by federal or state law to be filed and to Borrowers' actual knowledge have paid all income, franchise, sales, use, employment, and property taxes that have become due.

   5.01.14   Intentionally deleted.

   5.01.15   Except for the Permitted Exception, or as otherwise expressly disclosed in this Agreement, Borrowers have no liabilities, obligations or commitments of any nature, whether absolute, accrued, contingent or otherwise with respect to the Property that have not been expressly disclosed to Lender in writing.

   5.01.16   To Borrowers' actual knowledge, collectively, Borrowers own the Property in fee simple and there are no existing liens, encumbrances, agreements, encroachments, overlaps, special assessments, claims, leases, tenancies, other adverse interests or defects upon or affecting the Property, except for the Permitted Exceptions and as otherwise set forth in the Loan Documents. Upon the conveyance of the Property to Lender, or its nominee, as herein provided, Lender, or its nominee, will acquire and have good and indefeasible title thereto, subject to no pledge, security interest, mortgage, option, conditional sales contract, charge, lien, adverse claim, or encumbrance of any kind whatsoever, except for the Permitted Exceptions.

   5.01.17   To Borrowers' actual knowledge, Borrowers have not received any notice of any pending condemnation proceeding or sale in lieu thereof, or threatened rezoning which has the Property or any portion thereof as its subject matter, and Borrowers have no knowledge of any such proceeding contemplated by any governmental or quasi-governmental authority.

   5.01.18   To Borrowers' actual knowledge, the Property is in compliance with all applicable governmental laws, rules, ordinances and regulations, including specifically, without limitation, all environmental laws, rules, ordinances and

regulations, and to Borrowers' actual knowledge, Borrowers have not received notice that the Property does not comply therewith.

   5.01.19   Intentionally deleted.

   5.01.20   Intentionally deleted.

   5.01.21   The Recitals of this Agreement are true and correct in all materials respects.

   5.01.22   To Borrowers' actual knowledge, except for normal and customary cleaning, janitorial and other materials normally used by tenants in the operation of their business and standard business machines, there has been, and at Closing there will be, no presence, use, generation, release, production, disposal, management, migration or storage on the Property of any Hazardous Materials or any other activity which could have toxic results, and there is no proceeding or inquiry by any Authority with respect thereto. For purposes of this Agreement, the term "Hazardous Materials" shall mean any hazardous or toxic substance, material or waste which is or becomes regulated by the City, County or any other local governmental authority, the State, the United States Government, or any quasi-governmental body or agency. The term "Hazardous Materials" includes, without limitation, any material or substance which is (a) petroleum, (b) asbestos, (c) designated as a "hazardous substance" pursuant to Section 311 of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (33 U.S.C. § 1321) or listed pursuant to § 307 of the Federal Water Pollution Control Act (33 U.S.C. § 1317), (d) defined as a "hazardous waste" pursuant to Section 1004 of the Federal Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq. (42 U.S.C. § 6903), (e) defined as a "hazardous substance" pursuant to Section 101 of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq. (42 U.S.C. § 9601), or (f) defined as a "hazardous waste," a "hazardous substance," a "hazardous material" or "toxic material" under any other governmental regulation applicable to the Property.

   5.01.23   To Borrowers' actual knowledge, the Borrowers have received no notice from any state environmental agency, the United States Environmental Protection Agency or any other governmental authority claiming that (a) the Property or any use thereof violates any of the Environmental Legal Requirements or (b) the Borrowers or any of its tenants, employees or agents have violated any Environmental Legal Requirements. For purposes of this Agreement, the term "Environmental Legal Requirements" shall mean all applicable past (which have current effect), present, or future federal, state, county, or local laws, by-laws, rules, regulations, codes and ordinances, or any judicial or administrative interpretations thereof, and the requirements of any governmental agency or authority having or claiming jurisdiction with respect thereto, applicable to the regulation or protection of the environment, the health and safety of persons and property and all other environmental matters, including, but not limited to, the existence, use, discharge, release, threat of release, transportation, generation, storage, management, or disposal of Hazardous Materials.

5.01.24    To Borrowers' actual knowledge, the Borrowers have incurred no liability to the State of Wisconsin, the municipality where the Property is located, the United States of America, or any other governmental authority under any of the Environmental Legal Requirements.

5.01.25    To Borrowers' actual knowledge, there are no actions or orders threatened or instituted by any person or governmental authority arising out of or in connection with the Environmental Legal Requirements involving the assessment, monitoring, cleanup, containment, remediation or removal of or damages caused or alleged to be caused by any Hazardous Materials generated, stored, transported, utilized, disposed of, managed, released or located on, under or from the Property.

5.01.26    To Borrowers' actual knowledge, there are no underground storage tanks on the Property.

5.02    The foregoing warranties and representations shall be deemed to be made as of the date of Borrowers' execution of this Agreement and shall survive Closing and be and remain binding upon Borrowers. As used in this Agreement, the phrase "Borrowers' actual knowledge" will be limited to the actual knowledge of John H. O. La Gatta where John H. O. La Gatta has received actual written notice, without duty of inquiry or investigation into the matter to which such actual knowledge or the absence thereof pertains. "Borrowers' actual knowledge" will not be construed to refer to the knowledge of any other agent, employee, officer or principal of Borrowers or any affiliate of Borrowers, or to impose upon John H. O. La Gatta any individual personal liability for any breach of any representation or warranty in this Agreement. In the event any of the representations and warranties made by Borrowers herein become untrue between the date of Borrowers' execution of this Agreement and the recordation of the Deeds, Borrowers shall disclose to Lender any such representation and warranty and such disclosure shall not be deemed a breach hereunder and Borrowers, or any partner, trustee or beneficiary of Borrowers, and John H. O. La Gatta shall have no liability in connection with same.

5.03    Borrowers agree to indemnify and hold Lender, and its nominee, free and harmless from and against any losses, damages, costs and expenses (including without limitation attorneys' fees) incurred by Lender, or its nominee, as a direct or indirect result of (i) breach of any representation or warranty of Borrowers or (ii) any breach or default by Borrowers under any of the covenants or agreements contained in this Agreement. To the extent permitted by applicable law, the obligations of Borrowers under this Paragraph 5.03 shall survive Closing of this transaction.

6.    Obligations of Borrowers.    Borrowers acknowledge and agrees that the acceptance by Lender, or its nominee, of title to the Property pursuant to the terms of this Agreement shall not create any obligations on the part of Lender, or its nominee, to third parties that have claims of any kind whatsoever against Borrowers or the Property, and that Lender, or its nominee, does not assume or agree to discharge any liabilities pertaining to the Property that accrued prior to the date hereof; Borrowers agree to indemnify and hold Lender, and its nominee, free and harmless from and against any losses, damages, costs or expenses (including without

QB\141063.00008\8579524.2                                        11

limitation attorneys' fees), pertaining to claims and liabilities relating to the Property resulting from events that occurred prior to the date hereof. No person not a party to this Agreement shall have any "third-party beneficiary" or other right hereunder except as relates to the Borrowers Released Parties and Lender, et al. Nothing contained herein shall be construed to constitute Lender, or its nominee, a partner, limited partner, joint venturer or agent of Borrowers.

7. _Absolute Conveyance_. Borrowers hereby acknowledge and agree that the conveyance of the Property to Lender, or its nominee, according to the terms of this Agreement, is an absolute conveyance of all of the Property in fact, as well as form, and is not intended as a mortgage, trust conveyance, deed of trust or security instrument of any kind; that the consideration for such conveyance is exactly as recited herein; and that after the date hereof, Borrowers will not have any further interest (including rights of redemption) or claims in and to the Property or to the proceeds and profits that may be derived therefrom. Borrowers hereby agree that the conveyance of the Property includes, and that Lender, or its nominee, shall be entitled to retain, any tax, insurance or other escrows established in connection with the Loan Documents.

8. _No Merger_. The parties hereto acknowledge and agree that, notwithstanding the execution of this Agreement by Lender and the acceptance by Lender or its nominee of the conveyance of the Property as herein envisioned, the Note and the Mortgage and all other Loan Documents shall remain in full force and effect after the transaction contemplated by this Agreement has been consummated. The parties hereto further acknowledge and agree that the interest of Lender in the Property under all the conveyances provided for hereunder shall not merge with the interest of Lender in the Property under the Loan Documents and shall at all times remain SEPARATE and DISTINCT. It is the express intention of the parties hereto that the liens and security interests evidenced by the Loan Documents shall be and remain at all times valid and continuous liens and security interests on the Property.

9. _Covenant as to Further Assurances_. Borrowers covenant that it will, at Closing, and from time to time thereafter, execute and deliver such further instruments and take such further action as may be reasonably requested by Lender to carry out the purposes of this Agreement.

10. _Severability of Provisions_. A determination that any provision of this Agreement which is of an immaterial nature is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof, and any determination that the application of any provision of this Agreement to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

11. _Binding Effect_. The terms, provisions, representations and warranties herein contained shall inure to the benefit of, and bind the parties hereto and their respective heirs, devisees, representatives, successors and assigns.

12. _Counterparts_. This Agreement may be executed in any number of counterparts with the same effect as if all parties hereto had signed the same document. All such counterparts

shall be construed together and shall constitute one instrument, but in making proof hereof it shall only be necessary to produce one such counterpart.

13.    Sole Agreement.  THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

14.    Exhibits and Schedules.  The following schedules or exhibits attached hereto ("Exhibits") shall be deemed to be an integral part of this Agreement:

| | | | |
|---|---|---|---|
| 14.01 | Exhibit A | - | Legal Description of the Property |
| 14.02 | Exhibit B | - | Deed of Leasehold and Improvement |
| 14.03 | Exhibit C | - | Deed of Leasehold and Improvement associated documents |
| | | |    1) Wisconsin Real Estate Transfer Return |
| | | |    2) Owner's Affidavit |
| | | |    3) Estoppel Affidavit |
| 14.04 | Exhibit D | - | Deed of Land Reversion |
| 14.05 | Exhibit E | - | Deed of Land Reversion associated documents |
| | | |    1) Wisconsin Real Estate Transfer Return |
| | | |    2) Owner's Affidavit |
| | | |    3) Estoppel Affidavit |
| 14.06 | Exhibit F | - | Blanket Assignment and Bill of Sale |
| 14.07 | Exhibit G | - | Notice and Termination of Lease |
| 14.08 | Exhibit H | - | FIRPTA Affidavit |
| 14.09 | Exhibit I | - | Assignment of Circuit City Claims |

15.    Attorneys' Fees.  In the event of any controversy, claim or dispute between Lender and Borrowers affecting or relating to the subject matter or performance of this Agreement, the prevailing party shall be entitled to recover from the nonprevailing party all of the prevailing party's reasonable expenses, including, without limitation, attorneys' and accountants' fees.

16.    Applicable Law.  This Agreement is performable in Outagamie County, Wisconsin, and shall in all respects be governed by, and construed in accordance with, the substantive federal laws of the United States and the laws of the State of Wisconsin.  All parties hereto each hereby irrevocably submits to the jurisdiction of any state, or federal court sitting in Outagamie County, Wisconsin, in any account or proceeding arising out of or relating to this Agreement and hereby irrevocably agrees that all claims in respect of such action or proceeding shall be heard and determined in a state or federal court sitting in Outagamie County, Wisconsin.

17.    Construction.  The parties acknowledge that the parties and their counsel have reviewed and revised this Agreement and that the normal rules of construction to the effect that

any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or any exhibits or amendments thereto.

18.     Approval by Lender.    Borrowers recognize, understand and agree that this Agreement shall not be binding upon Lender unless and until the same has been executed by a representative of Lender.  Borrowers further recognize, understand and agree that Lender may, for whatever reason and in its sole discretion, not execute this Agreement, in which case this Agreement shall not be binding on any party.  Borrowers further recognize, understand and agree that it cannot and will not rely on any representation, assertion or action other than the execution of this Agreement by Lender as indicating or evidencing Lender's intent or desire to be bound by the terms and provisions of this Agreement.

19.     Miscellaneous.  Within this Agreement, use of the defined term "Borrowers" shall be held and construed to include each Borrower individually, as well as collectively.  Words of any gender shall be held and construed to include any other gender, and words in the singular number shall be held and construed to include the plural, unless the context otherwise requires. Captions in this Agreement are intended for convenience only and are not to be considered in interpreting the provisions hereof.  The parties agree that time is of the essence with respect to this Agreement.

20.     Confidentiality and Non-Disclosure.  Lender and Borrowers agree that, without the prior written consent of the other party, this Agreement may not be disclosed, copied, duplicated or distributed to any party other than the parties hereto and their respective accountants, officers and attorneys, provided said accountant, officers and attorneys confirm their respective agreement to be bound by the provisions of this Section 20.  Lender and Borrowers agree that the terms of this Agreement and the terms of any documents executed in connection herewith shall not be disclosed to any other party whosoever, other than in accordance with the preceding sentence, except as required by law.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement to be effective as of _August 14_____, 2009, (the "Effective Date") although not necessarily executed on such date.

**BORROWERS:**

**WEC 96D APPLETON-1 INVESTMENT TRUST,**
a Delaware Business Trust

By:    **CATAMOUNT EXCHANGE CORPORATION,**
       a Delaware corporation, which is its trustee

       By: _____
       Name: John H. O. LaGatta
       Its: President

Executed as of: ___August 14, 2009_____

**WEC 96D APPLETON-2 INVESTMENT TRUST,**
a Delaware Business Trust

By:    **CATAMOUNT EXCHANGE CORPORATION,**
       a Delaware corporation, which is its trustee

       By: _____
       Name: John H. O. LaGatta
       Its: President

Executed as of: ___August 14, 2009_____

**LENDER:**

**BANK OF AMERICA, N.A.,**
**AS TRUSTEE FOR THE REGISTERED HOLDERS OF GMAC COMMERCIAL MORTGAGE SECURITIES, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C2**

       By: _Michael Carp_____
       Name: __Michael Carp_____
       Its: __Vice President_____

## EXHIBIT A
Legal Description

**PARCEL 1**

LOT TWO (2) ACCORDING TO CERTIFIED SURVEY MAP NO. 2339 FILED IN VOLUME 12 OF CERTIFIED SURVEY MAPS ON PAGE 2339 AS DOCUMENT NO. 1167181; BEING PART OF LOT 1 OF CERTIFIED SURVEY MAP NO. 2237 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2237 AS DOCUMENT NO. 1156890; BEING A PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

LOT ONE (1) ACCORDING TO CERTIFIED SURVEY MAP NO. 2233 FILED IN VOLUME 1 OF CERTIFIED SURVEY MAPS ON PAGE 2233 AS DOCUMENT NO. 1156313; BEING PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN, LESS AND EXCEPT ANY RIGHT OR INTEREST IN AND TO THE APPURTENANT EASEMENTS CREATED PURSUANT TO INSTRUMENT RECORDED IN JACKET 16942, IMAGE 22, AS DOCUMENT NO. 1157867.

**PARCEL 2**

OUTLOT TWO (2) OF CERTIFIED SURVEY MAP NO. 2340 FILED IN THE OFFICE OF THE REGISTER OF DEEDS FOR OUTAGAMIE COUNTY, WISCONSIN, IN VOLUME 12 OF CERTIFIED SURVEY MAPS, ON PAGE 2340, AS DOCUMENT NO. 1167182 AND BEGIN PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

**PARCEL 3**

EASEMENT FOR INGRESS, EGRESS, PARKING AND UTILITIES AS SET FORTH IN OPERATION AND EASEMENT AGREEMENT DATED DECEMBER 18, 1995 AND RECORDED DECEMBER 26, 1995 IN JACKET 17578 IMAGE 1 TO JACKET 17579 IMAGE 4 AS DOCUMENT NO. 1175271 OVER AND ACROSS LOT 1 OF CERTIFIED SURVEY MAP NO. 2339 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2339 AND ALL OF OUTLOTS 1 AND 2 OF CERTIFIED SURVEY MAP NO. 2340 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2340, ALL LOCATED IN THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

THE ABOVE DESCRIBED PARCEL 1, 2, AND 3, INCLUDE ALL OF THE PROPERTY CONVEYED TO CIRCUIT CITY STORES, INC., A VIRGINIA CORPORATION, BY DEEDS RECORDED IN J17577 IMAGE 39-42 AS DOCUMENT NO. 1175270 AND IN J17884 IMAGE 59 AS DOCUMENT NO. 1183694.

Tax      Key      Numbers      10-1-1217-11      and      10-1-1217-08

Exhibit A

## EXHIBIT B

Deed of Leasehold and Improvements

Exhibit B

Document Number

**SPECIAL WARRANTY DEED
IN LIEU OF FORECLOSURE**

Recording Area

Name and Return Address
Matthew D. Fortney, Esq.
Quarles & Brady LLP
33 East Main Street, Suite 900
P.O. Box 2113
Madison, WI  53701-2113

Part of 101121711 and 101121708
Parcel Identification Number (PIN)

**This is not homestead property.**

1

QB\141063.00008\8221803.4

## SPECIAL WARRANTY DEED IN LIEU OF FORECLOSURE

STATE OF WISCONSIN          )
                                   ) ss.

COUNTY OF OUTAGAMIE      )

**WHEREAS**, WEC 96D APPLETON-1 INVESTMENT TRUST, a Delaware business trust ("Grantor") is the fee simple owner of the real estate in the Town of Grand Chute, Outagamie County, Wisconsin, more particularly described in **Exhibit A**, attached hereto and incorporated herein by reference (the "Property").

**WHEREAS**, Grantor desires to convey to Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 ("Grantee") all of its right, title and interest in and to the Property.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Grantor, Grantor has GRANTED, BARGAINED, SOLD, CONVEYED, ASSIGNED, TRANSFERRED AND DELIVERED and by this deed does hereby GRANT, BARGAIN, SELL, CONVEY, ASSIGN, TRANSFER AND DELIVER unto Grantee, all of its right, title and interest in and to the Property.

**TO HAVE AND TO HOLD** together with all rights and appurtenances thereto belonging, unto the said Grantee, its successors and assigns forever; and Grantor warrants that the title to the Property is good, indefeasible, in fee simple and free and clear of encumbrances arising by, through, or under Grantor, except as to municipal and zoning ordinances, recorded building and use restrictions and covenants, recorded easements, property taxes not yet due and payable, and those matters listed on **Exhibit B** attached hereto and incorporated herein by reference, except that the parties expressly agree that any liens and mortgages set forth on **Exhibit B** which are held by Grantee shall not merge into the fee title to the Property.

The Grantor acknowledges and agrees as follows:

1.      That this document constitutes an absolute conveyance of all of its right, title and interest in and to the Property, in fact as well as form, and is not intended as a mortgage or security instrument of any kind;

2.      That Grantor has no further interest (including any right of redemption, which Grantor specifically waives) or claims in and to the Property, or to the proceeds and profits that may be derived therefrom;

3.      That this document has been executed and delivered at the request of Grantor, that in executing this deed, Grantor is not acting under any duress, undue influence or misrepresentation by Grantee, its agents, attorneys or employees, and that the execution hereof represents the free and voluntary act of Grantor;

2

4.      That the consideration paid by Grantee to Grantor contemporaneously herewith, consists of Grantee's agreement to cancel certain obligations of Grantor pursuant to, and as set forth in, a separate Deed-In-Lieu Agreement under the mortgage described on **Exhibit B** hereto, and Grantee's covenant not to sue Grantor pursuant to, and as set forth in, a separate Deed-In-Lieu Agreement with respect to the mortgage described on **Exhibit B** thereby foregoing additional costs and expenses that would be incurred by Grantor (provided that Grantee's covenant not to sue shall not operate to extinguish any of the indebtedness evidenced by item 1 on the attached **Exhibit B** or the promissory note secured by item 1 on the attached **Exhibit B**), all of which constitute full and fair consideration for the conveyance of the Property by Grantor;

5.      That the Grantor has consulted with its own legal counsel concerning the consequences of this conveyance, or has knowingly declined to do so but acknowledges that it understands, among other things, including that it will not be entitled to redeem its interest in the Property, or claim any interest in the Property after the execution and delivery hereof; and

6.      That the Property is not homestead property.


(Signature and Acknowledgment appear on the following page.)

**IN WITNESS WHEREOF**, Grantor has executed this Special Warranty Deed in Lieu of Foreclosure this ___14___ day of ~~July~~, 2009.
 AUGUST

<div align="center"></div>

WEC 96D APPLETON-1 INVESTMENT
**TRUST,**
a Delaware Business Trust

By:   **CATAMOUNT EXCHANGE
      CORPORATION,**
      a Delaware corporation, which is its
      trustee

      By: _____   8-14-09
      Name: John H. O. LaGatta
      Its: President

### ACKNOWLEDGMENT

STATE OF _NEVADA_       )
                        ) SS.
COUNTY OF _WASHOE_      )

    Personally came before me on _AUGUST 14_____, 2009, the above named John H. O. LaGatta, as President of Catamount Exchange Corporation, to me known to be the person who executed the foregoing instrument and acknowledge the same.

_Jeanie G. Turner_   NOTARY SIGNATURE
Printed Name: _JEANIE G. TURNER_
Notary Public, State of _NEVADA_
My Commission expires: _April 24, 2012_

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-8455-2 · Expires April 24, 2012

Drafted by:  Matthew D. Fortney, Quarles & Brady LLP

<div align="center">4</div>

## EXHIBIT A

## THE PROPERTY

The buildings, improvements (including without limitation landscaping) and building fixtures and building equipment located on the real property located in Outagamie County, Wisconsin, and more particularly described below (the "Land"), and hereafter erected thereon and all personal property therein whether below or above grade level, (ii) all easements, rights and appurtenances relating to the Land, (iii) all the right, title and interest of Grantor, if any, in and to the lease, dated as of November 25, 1996, between WEC 96D APPLETON INVESTMENT TRUST, as Landlord, and Circuit City Stores, Inc., a Virginia corporation, as Tenant, and (iv) the estate for years referred to in Exhibit B attached to the Special Warranty Deed, dated as of November 27, 1996, from WEC 96D APPLETON INVESTMENT TRUST to WEC 96D APPLETON-2 INVESTMENT TRUST, such Special Warranty Deed being recorded in the Office of the Register of Deeds, Outagamie County, Wisconsin, on July 16, 1997 as document number 1234083.

The Land consists of:

Parcel 1:
Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No. 2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the Register of Deeds for Outagamie County, Wisconsin in Volume 12 of Certified Survey Maps on Page 2340, as Document No. 1167182 and being part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Parcel 2:
Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of Certified Survey Maps on Page 2233 as Document No. 1156313; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, Range 17E, Town of Grand Chute, Outagamie County, Wisconsin, less and except any right or interest in and to the appurtenant Easements created pursuant to Instrument recorded in Jacket 16942, Image 22, as Document No. 1157867.

Parcel 3:
Easement for ingress and egress, parking and utilities as set forth in Operation and Easement Agreement dated December 18, 1995 and recorded December 26, 1995 in Jacket 17578, Image 1 to Jacket 17579, Image 4, as Document No. 1175271 over and across Lot 1 of Certified Survey Map No. 2339 as recorded in Volume 12 of Maps on Page 2339 and all of Outlots 1 and 2 of Certified Survey Map No. 2340 as recorded in

5

Volume 12 of Maps on Page 2340, all located in the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577, Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document No. 1183694

**This Property is also described as follows:**

All buildings, improvements (including without limitation landscaping) and building fixtures and building equipment thereon and hereafter erected thereon and all personal property therein whether below or above grade level, and located on the following described lands:

Parcel 1:
Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No. 2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the Register of Deeds for Outagamie County, Wisconsin in Volume 12 of Certified Survey Maps on Page 2340, as Document No. 1167182 and being part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Address: 4635 West College Avenue
Tax Key No. 101121711

Parcel 2:
Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of Certified Survey Maps on Page 2233 as Document No. 1156313; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, Range 17E, Town of Grand Chute, Outagamie County, Wisconsin, less and except any right or interest in and to the appurtenant Easements created pursuant to Instrument recorded in Jacket 16942, Image 22, as Document No. 1157867.

Address: West Eighth Street
Tax Key No. 101121708

Parcel 3:
Easement for ingress and egress, parking and utilities as set forth in Operation and Easement Agreement dated December 18, 1995 and recorded December 26, 1995 in Jacket 17578, Image 1 to Jacket 17579, Image 4, as Document No. 1175271 over and

6

across Lot 1 of Certified Survey Map No. 2339 as recorded in Volume 12 of Maps on Page 2339 and all of Outlots 1 and 2 of Certified Survey Map No. 2340 as recorded in Volume 12 of Maps on Page 2340, all located in the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577, Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document No. 1183694.

7

**EXHIBIT B**

**EXCEPTIONS TO WARRANTY OF TITLE**

1.      Mortgage, Security Agreement and Fixture Financing Statement and the Terms and Conditions thereof, from WEC 96D Appleton Investment Trust, a Delaware business trust to First Security Bank, National Association, as Pass Through Trustee under Pass Through Trust Agreement dated November 27, 1996, known as the Circuit City - Staubach Pass Through Trust, Series 1996-A for $4,941,160.29 dated November 27, 1996 and recorded on December 4, 1996 in the Office of the Register of Deeds for Outagamie County, Wisconsin, in Jacket 18925, Image 47, as Document No. 1211607. Amended and Restated Mortgage, Security Agreement and Fixture Financing Statement recorded on March 27, 1997 in Jacket 19296, Image 22, as Document No. 1221266. Assignment and Assumption Agreement recorded on July 16, 1997 as Document No. 1234085. Said mortgage was assigned by First Security Bank, as Pass-Through Trustee to LaSalle National Bank, as Trustee by an Assignment of Amended and Restated Mortgage, Security Agreement and Fixture Financing Statement recorded on May 11, 1999 as Document No. 1325520.

2.      Assignment of Leases and Rents recorded on December 4, 1996 in Jacket 18926, Image 07, as Document No. 1211608. Assignment and Assumption Agreement recorded on July 16, 1997 as Document No. 1234085. Said Assignment of Leases and Rents was assigned by First Security Bank, as Pass-Through Trustee to LaSalle National Bank, as Trustee by an Assignment of Assignment of Leases and Rents recorded on May 11, 1999 as Document No. 1325519.

3.      Unpaid general real estate taxes for the year 2008 in the sum of $518.40, plus interest and penalty. (Tax Key No. 101121708).

4.      Unpaid general real estate taxes for the year 2008 in the sum of $58,179.73, plus interest and penalty. (Tax Key No. 101121711).

8

## EXHIBIT C

Deed of Leasehold and Improvement associated documents
1) Wisconsin Real Estate Transfer Return
2) Owner's Affidavit
3) Estoppel Affidavit

Exhibit C

**STAPLE ATTACHMENTS HERE**

## Wisconsin
## Real Estate Transfer Return – Confidential



To complete see *Instructions for Real Estate Transfer Return PE-500A.*
Submit original form to Register of Deeds with document(s) to be recorded. Completely fill in all appropriate areas. **TYPE OR PRINT clearly in BLACK INK, and use ALL UPPERCASE LETTERS.** If typing form, type through vertical character lines.

### I. GRANTOR (Seller)
If more than ONE (1) grantor, check box at left and list on attached addendum. Note: Lines 67-72 must be completed with grantor's address.

1. Your Last Name or Company Name    Note: For this purpose a married couple is one grantor if same last name (see line 2).

WEC 96D APPLETON-1 INVESTMENT TRUST

2. Your First Name(s) and Middle Initial(s) – If a married couple, show both first names and middle initials.

3. Social Security Number or FEIN    51-6506812

### II. GRANTEE (Buyer)
If more than ONE (1) grantee, check box at left and list on attached addendum.

4. Your Last Name or Company Name    Note: For this purpose a married couple is one grantee if same last name (see line 5).

SEE ATTACHED ADDENDUM

5. Your First Name(s) and Middle Initial(s) – If a married couple, show both first names and middle initials.

C/O CAPMARK FINANCE INC.

6. Social Security Number or FEIN    26-4271245

7. Street or Fire Number, if any    7a. Street Name, PO Box, or Other Address (enter "PO Box" and Box Number)

700    N. PEARL STREET

8. City    DALLAS    9. State TX    10. Zip Code 75201

☐ TO RECEIVE TAX BILL AT ANOTHER ADDRESS, check here and complete Section X, page 2.

### III. PROPERTY TRANSFERRED
11. Indicate:  City  Village [X]  Town →  [X]  Check if additional parcels and list on attached addendum.

12. Name of the City/Village/Town

GRAND CHUTE    13. County Name    OUTAGAMIE

14. Physical Property Address or Road Address (description)

4635 WEST COLLEGE AVENUE

15. Tax Parcel Number as it appears on Property Tax bill (see instructions)

101121711 and 101121708

16. Property Description: lot – block – plat, Certified Survey Map (CSM), or other designation; if description will not fit here, add attachment (see instructions)

SEE ATTACHED ADDENDUM

17a. Section (primary)    17b. Township (primary)    17c. Range (primary)
29    21N    17E

Check here if more than one lot and block, or if legal description is metes and bounds or certified survey map; attach legal description as an addendum (see instructions).

### IV. COMPUTATION OF FEE OR STATEMENT OF EXEMPTION

18. Total value of REAL ESTATE transferred (round up to the nearest $100)  $ 2,300,000  IN WHOLE DOLLARS

19. Transfer fee due (line 18 X .003)  $ DOLLARS 0.  CENTS 00

20. Transfer Exemption Number, SEC 77.25  14    20a. If you enter "003" or "017", it is mandatory to provide your previous document number.

20b. Date of Original Land Contract    MONTH  DAY  YEAR

21. Value of personal property transferred but EXCLUDED from line 18.  $ 0.00  IN WHOLE DOLLARS

22. Value of property exempt from local property tax INCLUDED on line 18.  $  IN WHOLE DOLLARS

### V. TO BE COMPLETED BY AUTHORIZED COUNTY/LOCAL OFFICIAL

23. Document Number    24. Volume/Jacket    25. Page/Image    26. Date Recorded  MONTH DAY YEAR    27. Date of Conveyance  MONTH DAY YEAR

28. Conveyance Code    Warranty/Condo Deed    Land Contract    Quit Claim Deed    Other (explain) →

29. County (1)    30. Municipality (1)    31. County (2)    32. Municipality (2)
Check if more than two (2) municipalities; if so, refer to instructions →    33. Is this a split parcel? (see instructions)  Yes  No

34. Enter number of acres for each parcel classification and check if preceding box to show predominant classification.
1 (Residential) 1    2 (Commercial) 2    3 (Manufacturing) 3    4 (Agricultural) 4    5 (Swamp & Waste) 5    6 (Forest) 6    7 (Other) 7

35. Assessment Year    36. Land $    37. Improvements $    38. Total Assessment $

PE-500 (R. 3-04)    Continued →

# Wisconsin
# Real Estate Transfer Return



## VI. TRANSFER

**39. Grantor/Grantee relationship is:**
[ ] None   [ ] Partnership   [ ] Family   H Family or Other, Explain
[X] Financial   [ ] Corp./Shareholder/ Subsidiary   [ ] Other →

**40. Type of Transfer**
[ ] Sale (includes original land contract)   [ ] Exchange   [ ] Deed in satisfaction of land contract   [X] Other (explain) →   **DEED IN LIEU OF FORECLOSURE**
[ ] Gift

**41. Ownership Interest transferred**
[X] Full   [ ] Partial (explain)   [ ] Other (explain) →
Ownership interest transferred may be a full interest of a full ownership; a full interest of a partial ownership; or other (explain).

**42. Does grantor retain any of the following rights?**
[X] None   [ ] Life Estate   [ ] Easement   [ ] Other (explain) →

**43. Grantor is:**
[ ] Individual   [ ] Corporation   [ ] Trust   **DELAWARE BUSINESS TRUST**
[ ] Partnership   [X] Limited Liability Company   [ ] Other (specify) →

## VII. GRANTEE'S FINANCING
**44. Check ALL boxes for all financing types that apply**
[ ] Financial Institution– Conventional   [ ] Financial Institution– Government   [ ] Obtained from seller   [ ] Assumed existing financing   [ ] Other 3rd party financing   [X] No financing involved

## VIII. PHYSICAL DESCRIPTION AND GRANTEE'S PRIMARY USE OF PROPERTY

**45. Type of Property**
[ ] Land only   [ ] Condominium   [X] Land and building(s)   [X] Other (specify)   **IMPROVEMENTS, EASEMENTS AND ESTATE FOR YEARS**
[ ] Land and building(s)

**46a. Predominant Use**
[ ] Single family   [ ] Multi-family →   [ ] No. of Units   Time Share Unit   Agricultural, if so, did the grantor own property for less than 5 years? →   [ ] Yes   [ ] No   **46b. Check if Grantee's Primary Residence**
[X] Commercial   [ ] Miscellaneous   If any boxes at left are checked, explain use here ↓
[ ] Utility   [ ] Manufacturing/ Telephone Company   **RETAIL**

**47. Estimated land area**   If condominium, check here and proceed to line 50.
**47a. Lot Size** (ROUND TO NEAREST WHOLE FOOT)   X   FEET   OR   **5.4**   **47b. Total Acres** (ROUND TO TENTH OF AN ACRE)   **48. MFL/PFC/WTL Acres** (ROUND TO NEXT WHOLE ACRE)   **49. Feet of Water Frontage**

## IX. ENERGY

**50. Is this property subject to the Residential Rental Weatherization Standards, COMM67?**
[ ] Yes   [X] No (If No, provide exclusion code) →   **51. Exclusion Code** → If W-11, attach explanation   **W- 3**   **52. If W-12 provide document number where recorded**

## X. CERTIFICATION—We declare under penalty of law, this return has been examined by us and to the best of our knowledge and belief it is true, correct and complete.

**53. Agent for**   **54. Agent's Name** (if agent involved in sale)   **55. Telephone Number**
[X] Grantor   **JOHN H.O. LAGATTA**   AREA CODE
[ ] Grantee

**56. Street or Fire Number, if any**   **56a. Street name, PO Box, or other address (enter "PO Box" and box number)**
**50**   **WEST LIBERTY STREET, SUITE 1080**

**57. City**   **58. State**   **59. Zip Code**
**RENO**   **NV**   **89501**

**60. Preparer's Name or Firm Name**   **61. Telephone Number**
**MATTHEW FORTNEY, QUARLES & BRADY LLP**   **608-283-2651**   AREA CODE

**SEND TAX BILL TO: 62. Name**   **CAPMARK FINANCE INC., ATTN: PEYTON INGE**

**63. Street or Fire Number, if any**   **63a. Street Name, PO Box, or Other Address (enter "PO Box" and Box Number)**
**700**   **N PEARL STREET**

**64. City**   **65. State**   **66. Zip Code**
**DALLAS**   **TX**   **75201**

**67. Grantor's Street or Fire Number, if any**   **67a. Grantor** (where grantor can be reached in the future) Street Name, PO Box, or Other Address (enter "PO Box" and Box Number)
**50**   **WEST LIBERTY STREET, SUITE 1080**

**68. City**   **69. State**   **70. Zip Code**
**RENO**   **NV**   **89501**

**71. Dated**   8-14-09   **72. Telephone Number** 775-324-2774   **74. Dated**   8/9/69   **75. Telephone Number** 214/999-7078
MONTH 8 DAY 14 YEAR 2009   AREA CODE   MONTH   DAY   YEAR   AREA CODE

**73. Signature of Grantor or Grantor's Agent** (PLEASE ATTEMPT TO KEEP SIGNATURE WITHIN BOX)   **76. Signature of Grantee or Grantee's Agent** (PLEASE ATTEMPT TO KEEP SIGNATURE WITHIN BOX)

John H.O. LaGatta, President,
Catamount Exchange Corporation, Trustee of Grantor

### ADDENDUM TO WISCONSIN REAL ESTATE TRANSFER RETURN
### Grantor:  WEC 96-D APPLETON-1 INVESTMENT TRUST


**4.    Grantee Company Name**

Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage
Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2


**16.    Legal Description**

The buildings, improvements (including without limitation landscaping) and building fixtures
and building equipment located on the real property located in Outagamie County, Wisconsin,
and more particularly described below (the "Land"), and hereafter erected thereon and all
personal property therein whether below or above grade level, (ii) all easements, rights and
appurtenances relating to the Land, (iii) all the right, title and interest of Grantor, if any, in and to
the lease, dated as of November 25, 1996, between WEC 96D APPLETON INVESTMENT
TRUST, as Landlord, and Circuit City Stores, Inc., a Virginia corporation, as Tenant, and (iv) the
estate for years referred to in Exhibit B attached to the Special Warranty Deed, dated as of
November 27, 1996, from WEC 96D APPLETON INVESTMENT TRUST to WEC 96D
APPLETON-2 INVESTMENT TRUST, such Special Warranty Deed being recorded in the
Office of the Register of Deeds, Outagamie County, Wisconsin, on July 16, 1997 as document
number 1234083.


The Land consists of:

Parcel 1:

Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey
Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No.
2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part
of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute,
Outagamie County, Wisconsin.


Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the Register of Deeds for
Outagamie County, Wisconsin in Volume 12 of Certified Survey Maps on Page 2340, as
Document No. 1167182 and being part of the Southwest 1/4 of the Southwest 1/4 of Section 29,
T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Address: 4635 West College Avenue

Tax Key No. 101121711


Parcel 2:

Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of Certified Survey
Maps on Page 2233 as Document No. 1156313; being a part of the Southwest 1/4 of the
Southwest 1/4 of Section 29, T21N, Range 17E, Town of Grand Chute, Outagamie County,

Wisconsin, less and except any right or interest in and to the appurtenant Easements created pursuant to Instrument recorded in Jacket 16942, Image 22, as Document No. 1157867.

Tax Key No. 101121708

Parcel 3:

Easement for ingress and egress, parking and utilities as set forth in Operation and Easement Agreement dated December 18, 1995 and recorded December 26, 1995 in Jacket 17578, Image 1 to Jacket 17579, Image 4, as Document No. 1175271 over and across Lot 1 of Certified Survey Map No. 2339 as recorded in Volume 12 of Maps on Page 2339 and all of Outlots 1 and 2 of Certified Survey Map No. 2340 as recorded in Volume 12 of Maps on Page 2340, all located in the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577, Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document No. 1183694.

QB\141063.00008\8227491.1

## *First American Title Insurance Company*

### OWNER'S AFFIDAVIT

STATE OF __Nevada__ )
) SS.
COUNTY OF __Washoe__ )

COMMITMENT NOS. __NCS-397279-MAD and NCS-384163-RTT__

The undersigned owner(s), in consideration of selling (or mortgaging) the real estate described in the above referenced commitment and in consideration of First American Title Insurance Company issuing its policy(ies) of title insurance insuring an interest in or title to the real estate described herein, and being first duly sworn on oath, deposes, states and warrants, except as stated in Paragraph 7 below, that to the best of his knowledge:

1. The undersigned is President of CATAMOUNT EXCHANGE CORPORATION, a Delaware corporation, which is its trustee of WEC 96D APPLETON-1 INVESTMENT TRUST, a Delaware Business Trust, which is the owner of the real estate which is described as Parcel B in the above referenced commitments (hereinafter called "the property");

2. There are no encroachments of fences, buildings or other improvements to the property onto any easement or onto adjoining property, and no encroachments of any fences, buildings or other improvements of adjoining premises onto the property;

3. There are no unrecorded easements, party wall agreements, or rights-of-way which affect the property;

4. *During the last six months, no work has been done and no materials have been furnished in connection with the improvement of said property. There are no uncompleted buildings, structures or other improvement situated thereon;

   ~~*During the last six months work has been done and materials furnished in order to make improvements to the property, but that except as stated in Paragraph 7, all of said work and materials have been fully paid for and there are no claims or disputes in existence with reference thereto, that no notice of intent to lien has been given, and that waivers of lien from all appropriate parties are attached hereto.~~

5. Owner(s) is/are in sole possession of the property and that no other party has possession or has right of possession under any lease or other agreement, written or oral;

6. Since the effective date of the commitment referenced above, owner has not filed bankruptcy, received notice of any pending cause of action, conveyed or encumbered the property or is currently a party to any action that could result in the filing of any judgment or lien against the property.

7. Exceptions to above statements:  NONE

### [SIGNATURE ON FOLLOWING PAGE]

QB\141063.00008\8225605.2

**WEC 96D APPLETON-1 INVESTMENT TRUST,**
a Delaware Business Trust

By: **CATAMOUNT EXCHANGE CORPORATION,**
   a Delaware corporation which is its trustee

   By: _____
   Name:  John H. O. LaGatta
   Its:  President

Subscribed and Sworn to before me this _14th_
day of _AUGUST_ _____, _2009_

_JEANIE G. TURNER_
Notary Public, State of _NEVADA_
_COUNTY OF WASHOE_
My Commission expires/is: _APRIL 24, 2012_

_NOTARY SIGNATURE_

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

# ESTOPPEL AFFIDAVIT

STATE OF __Nevada_____ )
                       ) ss.
COUNTY OF Washoe_____ )

John H. O. LaGatta, being first duly sworn on oath, deposes and states:

1.      I am President of CATAMOUNT EXCHANGE CORPORATION, a Delaware corporation, which is its trustee of WEC 96D APPLETON-1 INVESTMENT TRUST, a Delaware Business Trust, which is the sole owner of the property described in the deed which is attached hereto as Exhibit A, and have personal knowledge of all of the facts recited herein.

2.      I am authorized to make this affidavit as a duly elected President and sole stockholder of CATAMOUNT EXCHANGE CORPORATION.

3.      That said deed relates to property in the Town of Grand Chute, Outagamie County, Wisconsin, as further described in the deed, and is an absolute conveyance of the title to the real estate described therein and that possession of the premises has been surrendered to the Grantee named therein. The legal description of the property is:

> The buildings, improvements (including without limitation landscaping) and building fixtures and building equipment located on the real property located in Outagamie County, Wisconsin, and more particularly described below (the "Land"), and hereafter erected thereon and all personal property therein whether below or above grade level, (ii) all easements, rights and appurtenances relating to the Land, (iii) all the right, title and interest of Grantor, if any, in and to the lease, dated as of November 25, 1996, between WEC 96D APPLETON INVESTMENT TRUST, as Landlord, and Circuit City Stores, Inc., a Virginia corporation, as Tenant, and (iv) the estate for years referred to in Exhibit B attached to the Special Warranty Deed, dated as of November 27, 1996, from WEC 96D APPLETON INVESTMENT TRUST to WEC 96D APPLETON-2 INVESTMENT TRUST, such Special Warranty Deed being recorded in the Office of the Register of Deeds, Outagamie County, Wisconsin, on July 16, 1997 as document number 1234083.

> The Land consists of:

> **Parcel 1:**
> Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No. 2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part of the Southwest 1/4 of the

Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie
County, Wisconsin.

Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the
Register of Deeds for Outagamie County, Wisconsin in Volume 12 of Certified
Survey Maps on Page 2340, as Document No. 1167182 and being part of the
Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand
Chute, Outagamie County, Wisconsin.

Address: 4635 West College Avenue
Tax Key No. 101121711

**Parcel 2:**
Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of
Certified Survey Maps on Page 2233 as Document No. 1156313; being a part of
the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, Range 17E, Town of
Grand Chute, Outagamie County, Wisconsin, less and except any right or interest
in and to the appurtenant Easements created pursuant to Instrument recorded in
Jacket 16942, Image 22, as Document No. 1157867.

Address: West Eighth Street
Tax Key No. 101121708

**Parcel 3:**
Easement for ingress and egress, parking and utilities as set forth in Operation and
Easement Agreement dated December 18, 1995 and recorded December 26, 1995
in Jacket 17578, Image 1 to Jacket 17579, Image 4, as Document No. 1175271
over and across Lot 1 of Certified Survey Map No. 2339 as recorded in Volume
12 of Maps on Page 2339 and all of Outlots 1 and 2 of Certified Survey Map No.
2340 as recorded in Volume 12 of Maps on Page 2340, all located in the
Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand
Chute, Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to
Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577,
Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document
No. 1183694.

4.      That the Grantor gave said deed as a free and voluntary act in consideration of the

release of WEC 96D APPLETON-1 INVESTMENT TRUST of the monetary indebtedness

secured by a Mortgage dated November 27, 1996 in the original principal amount of

$4,941,160.29, recorded in the office of the Register of Deeds for Outagamie County,

Wisconsin, on December 4, 1996 as Document No: 121160, which refers to the Property.

5.      That at the time of the conveyance the affiant believed and still believes that such consideration was in excess of the value of the real estate covered by said deed.

6.      That the Grantor intended to pass the entire title to the Grantee by said deed and the Grantor makes no claim to said real estate or to any interest therein.

7.      That the affiant makes this affidavit for the purpose of inducing First American Title Insurance Company to insure the title based upon said deed.


Further your affiant sayeth not.

**WEC 96D APPLETON-1 INVESTMENT TRUST,**
a Delaware Business Trust

By: **CATAMOUNT EXCHANGE CORPORATION,**
a Delaware corporation, which is its trustee

By: _____
Name:  John H. O. LaGatta
Its:  President

STATE OF NEVADA
COUNTY OF WASHOE
Subscribed and sworn to before me
this 14 day of ~~July~~ August, 2009.

_Jeanie M. Turner_   NOTARY SIGNATURE
Printed Name: JEANIE G. TURNER
Notary Public, State of NEVADA
My Commission: APRIL 24, 2012



JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 · Expires April 24, 2012


Drafted by:  Matthew D. Fortney, Quarles & Brady LLP

## EXHIBIT D

Deed of Land Reversion

Exhibit D

Document Number

**SPECIAL WARRANTY DEED
IN LIEU OF FORECLOSURE**

Recording Area

Name and Return Address
Matthew D. Fortney, Esq.
Quarles & Brady LLP
33 East Main Street, Suite 900
P.O. Box 2113
Madison, WI  53701-2113

Part of 101121711 and 101121708
Parcel Identification Number (PIN)

**This is not homestead property.**

1

## SPECIAL WARRANTY DEED IN LIEU OF FORECLOSURE

STATE OF WISCONSIN       )
                                  ) ss.
COUNTY OF OUTAGAMIE     )

**WHEREAS**, WEC 96D APPLETON-2 INVESTMENT TRUST, a Delaware business trust ("Grantor") is the fee simple owner of the real estate in the Town of Grand Chute, Outagamie County, Wisconsin, more particularly described in **Exhibit A**, attached hereto and incorporated herein by reference (the "Property").

**WHEREAS**, Grantor desires to convey to Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 ("Grantee") all of its right, title and interest in and to the Property.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Grantor, Grantor has GRANTED, BARGAINED, SOLD, CONVEYED, ASSIGNED, TRANSFERRED AND DELIVERED and by this deed does hereby GRANT, BARGAIN, SELL, CONVEY, ASSIGN, TRANSFER AND DELIVER unto Grantee, all of its right, title and interest in and to the Property.

**TO HAVE AND TO HOLD** together with all rights and appurtenances thereto belonging, unto the said Grantee, its successors and assigns forever; and Grantor warrants that the title to the Property is good, indefeasible, in fee simple and free and clear of encumbrances arising by, through, or under Grantor, except as to municipal and zoning ordinances, recorded building and use restrictions and covenants, recorded easements, property taxes not yet due and payable, and those matters listed on **Exhibit B** attached hereto and incorporated herein by reference, except that the parties expressly agree that any liens and mortgages set forth on **Exhibit B** which are held by Grantee shall not merge into the fee title to the Property.

The Grantor acknowledges and agrees as follows:

1.      That this document constitutes an absolute conveyance of all of its right, title and interest in and to the Property, in fact as well as form, and is not intended as a mortgage or security instrument of any kind;

2.      That Grantor has no further interest (including any right of redemption, which Grantor specifically waives) or claims in and to the Property, or to the proceeds and profits that may be derived therefrom;

3.      That this document has been executed and delivered at the request of Grantor, that in executing this deed, Grantor is not acting under any duress, undue influence or misrepresentation by Grantee, its agents, attorneys or employees, and that the execution hereof represents the free and voluntary act of Grantor;

2

4.       That the consideration paid by Grantee to Grantor contemporaneously herewith, consists of Grantee's agreement to cancel certain obligations of Grantor pursuant to, and as set forth in, a separate Deed-In-Lieu Agreement under the mortgage described on **Exhibit B** hereto, and Grantee's covenant not to sue Grantor pursuant to, and as set forth in, a separate Deed-In-Lieu Agreement with respect to the mortgage described on **Exhibit B** thereby foregoing additional costs and expenses that would be incurred by Grantor (provided that Grantee's covenant not to sue shall not operate to extinguish any of the indebtedness evidenced by item 1 on the attached **Exhibit B** or the promissory note secured by item 1 on the attached **Exhibit B**), all of which constitute full and fair consideration for the conveyance of the Property by Grantor;

5.       That the Grantor has consulted with its own legal counsel concerning the consequences of this conveyance, or has knowingly declined to do so but acknowledges that it understands, among other things, including that it will not be entitled to redeem its interest in the Property, or claim any interest in the Property after the execution and delivery hereof; and

6.       That the Property is not homestead property.


(Signature and Acknowledgment appear on the following page.)

QB\141063.00008\8219998.4

**IN WITNESS WHEREOF**, Grantor has executed this Special Warranty Deed in Lieu of Foreclosure this _14th_ day of ~~July~~, 2009.
August

WEC 96D APPLETON-2 INVESTMENT TRUST,
a Delaware Business Trust

By:    **CATAMOUNT EXCHANGE CORPORATION,**
a Delaware corporation, which is its trustee

By: _____ 8-14-09
Name: John H. O. LaGatta
Its: President

## ACKNOWLEDGMENT

STATE OF _NEVADA_         )
                          ) SS.
COUNTY OF _WASHOE_        )

Personally came before me on _AUGUST 14_____, 2009, the above named John H. O. LaGatta, as President of Catamount Exchange Corporation, to me known to be the person who executed the foregoing instrument and acknowledge the same.

_JEANIE G. TURNER_  Jeanie G Turner  NOTARY SIGNATURE
Printed Name: _JEANIE G. TURNER_
Notary Public, State of _NEVADA_
My Commission expires: _April 24, 2012_

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

Drafted by:  Matthew D. Fortney, Quarles & Brady LLP

4

## EXHIBIT A

## LEGAL DESCRIPTION

Parcel 1:

Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No. 2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the Register of Deeds for Outagamie County, Wisconsin in Volume 12 of Certified Survey Maps on Page 2340, as Document No. 1167182 and being part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Address: 4635 West College Avenue
Tax Key No. 101121711

Parcel 2:

Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of Certified Survey Maps on Page 2233 as Document No. 1156313; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, Range 17E, Town of Grand Chute, Outagamie County, Wisconsin, less and except any right or interest in and to the appurtenant Easements created pursuant to Instrument recorded in Jacket 16942, Image 22, as Document No. 1157867.

Address: West Eighth Street
Tax Key No. 101121708

Parcel 3:

Easement for ingress and egress, parking and utilities as set forth in Operation and Easement Agreement dated December 18, 1995 and recorded December 26, 1995 in Jacket 17578, Image 1 to Jacket 17579, Image 4, as Document No. 1175271 over and across Lot 1 of Certified Survey Map No. 2339 as recorded in Volume 12 of Maps on Page 2339 and all of Outlots 1 and 2 of Certified Survey Map No. 2340 as recorded in Volume 12 of Maps on Page 2340, all located in the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577, Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document No. 1183694.

5

Excepting all buildings, improvements (including without limitation landscaping) and building fixtures and building equipment thereon and hereafter erected and all personal property therein whether below or above grade level and located on the above described Parcels 1, 2 and 3.

6

**EXHIBIT B**

**EXCEPTIONS TO WARRANTY OF TITLE**

1.    Mortgage, Security Agreement and Fixture Financing Statement and the Terms and Conditions thereof, from WEC 96D Appleton Investment Trust, a Delaware business trust to First Security Bank, National Association, as Pass Through Trustee under Pass Through Trust Agreement dated November 27, 1996, known as the Circuit City - Staubach Pass Through Trust, Series 1996-A for $4,941,160.29 dated November 27, 1996 and recorded on December 4, 1996 in the Office of the Register of Deeds for Outagamie County, Wisconsin, in Jacket 18925, Image 47, as Document No. 1211607. Amended and Restated Mortgage, Security Agreement and Fixture Financing Statement recorded on March 27, 1997 in Jacket 19296, Image 22, as Document No. 1221266. Assignment and Assumption Agreement recorded on July 16, 1997 as Document No. 1234085. Said mortgage was assigned by First Security Bank, as Pass-Through Trustee to LaSalle National Bank, as Trustee by an Assignment of Amended and Restated Mortgage, Security Agreement and Fixture Financing Statement recorded on May 11, 1999 as Document No. 1325520.

2.    Assignment of Leases and Rents recorded on December 4, 1996 in Jacket 18926, Image 07, as Document No. 1211608. Assignment and Assumption Agreement recorded on July 16, 1997 as Document No. 1234085. Said Assignment of Leases and Rents was assigned by First Security Bank, as Pass-Through Trustee to LaSalle National Bank, as Trustee by an Assignment of Assignment of Leases and Rents recorded on May 11, 1999 as Document No. 1325519.

3.    Unpaid general real estate taxes for the year 2008 in the sum of $518.40, plus interest and penalty. (Tax Key No. 101121708).

4.    Unpaid general real estate taxes for the year 2008 in the sum of $58,179.73, plus interest and penalty. (Tax Key No. 101121711).

## EXHIBIT E

Deed of Land Reversion associated documents
   1)  Wisconsin Real Estate Transfer Return
   2)  Owner's Affidavit
   3)  Estoppel Affidavit

Exhibit E

**STAPLE
ATTACHMENTS
HERE**

## Wisconsin
## Real Estate Transfer Return – Confidential



To complete see *Instructions for Real Estate Transfer Return PE-500A*.
Submit original form to Register of Deeds with document(s) to be recorded.  Completely fill in all appropriate areas.  TYPE or PRINT
clearly in BLACK INK, and use ALL UPPERCASE LETTERS.  If typing form, type through vertical character lines.

---

### I. GRANTOR (Seller)
If more than ONE (1) grantor, check box at left and list on attached addendum.  Note: Lines 67-72 must be completed with grantor's address.

1. Your Last Name or Company Name    Note: For this purpose a married couple is one grantor if same last name (see line 2).

WEC 96D APPLETON-2 INVESTMENT TRUST

2. Your First Name(s) and Middle Initial(s) – If a married couple, show both first names and middle initials.

3. Social Security Number or FEIN

51-6506813

---

### II. GRANTEE (Buyer)
If more than ONE (1) grantee, check box at left and list on attached addendum.

4. Your Last Name or Company Name    Note: For this purpose a married couple is one grantee if same last name (see line 5).

SEE ATTACHED ADDENDUM

5. Your First Name(s) and Middle Initial(s) – If a married couple, show both first names and middle initials.

6. Social Security Number or FEIN

C/O CAPMARK FINANCE INC.

26-4271245

7. Street or Fire Number, if any    7a. Street Name, PO Box, or Other Address (enter "PO Box" and Box Number)

700                              N. PEARL STREET

8. City                                              9. State    10. Zip Code

DALLAS                                          TX      75201

X    TO RECEIVE TAX BILL AT ANOTHER ADDRESS, check here and complete Section X, page 2.

---

### III. PROPERTY TRANSFERRED
11. Indicate:  City    Village  X  Town  →  X  Check if additional parcels and list on attached addendum.

12. Name of the City/Village/Town    13. County Name

GRAND CHUTE                        OUTAGAMIE

14. Physical Property Address or Road Address (description)

4635 WEST COLLEGE AVENUE

15. Tax Parcel Number as it appears on Property Tax bill (see instructions)

101121711 and 101121708

16. Property Description: Lot – block – plat, Certified Survey Map (CSM), or other designation; if description will not fit here, add attachment (see instructions)

SEE ATTACHED ADDENDUM

17a. Section (primary)    17b. Township (primary)    17c. Range (primary)        Check here if more than one lot and block, or if legal description is metes and bounds or certified survey map;
29          21N          17E                            attach legal description as an addendum (see instructions).

---

### IV. COMPUTATION OF FEE OR STATEMENT OF EXEMPTION

| 18. Total value of REAL ESTATE transferred (round up to the nearest $100) | 19. Transfer fee due (line 18 X .003) | DOLLARS | CENTS |
|---|---|---|---|
| $ 100,000 IN WHOLE DOLLARS | $ | 0. | 00 |

20. Transfer Exemption Number, SEC 77.25    14    20a. If you enter "805" or "817," it is mandatory to provide your previous document number.

20b. Date of Original Land Contract    MONTH  DAY  YEAR

| 21. Value of personal property transferred but EXCLUDED from line 18 | 22. Value of property exempt from local property tax INCLUDED on line 18 | |
|---|---|---|
| $ 0.00 IN WHOLE DOLLARS | $ | IN WHOLE DOLLARS |

---

### V. TO BE COMPLETED BY AUTHORIZED COUNTY/LOCAL OFFICIAL

| 23. Document Number | 24. Volume/Jacket | 25. Page/Image | 26. Date Recorded | 27. Date of Conveyance |
|---|---|---|---|---|
| | | | MONTH  DAY  YEAR | MONTH  DAY  YEAR |

28. Conveyance Code    Warranty/ Condo Deed    Land Contract    Quit Claim Deed    Other (explain) →

29. County (1)    30. Municipality (1)    31. County (2)    32. Municipality (2)        Check if more than two (2) municipalities; if so, refer to instructions →    33. Is this a split parcel? (see instructions)  Yes  No

34. Enter number of acres for each parcel classification and check if prorating box to show predominant classification.

1 (Residential)  2 (Commercial)  3 (Manufacturing)  4 (Agriculture)  5 (Swamp&Waste)  6 (Forest)  7 (Other)
1          2          3          4          5          6          7

35. Assessment Year    36. Land    37. Improvements    38. Total Assessment

$          $          $

PE-500 (R. 3-04)                                                              Continued →

# Wisconsin
# Real Estate Transfer Return



## VI. TRANSFER

38. Grantor/Grantee relationship is: None | Partnership | Family ☒ | If Family or Other, Explain
☒ Financial | Corp./Shareholder/ Subsidiary | Other →

40. Type of Transfer: Sale (includes original land contract) | Exchange | Deed in satisfaction of land contract | ☒ Other (explain) → **DEED IN LIEU OF FORECLOSURE**
Gift

41. Ownership interest transferred: ☒ Full | Partial (explain) | Other →
Ownership interest transferred may be a full interest of a full ownership; a full interest of a partial ownership; or other (explain).

42. Does grantor retain any of the following rights? ☒ None | Life Estate | Easement | Other (explain) →

43. Grantor is: Individual | Corporation | Trust | **DELAWARE BUSINESS TRUST**
Partnership | Limited Liability Company ☒ | Other (specify) →

## VII. GRANTEE'S FINANCING
44. Check ALL boxes for all financing types that apply

| Financial Institution– Conventional | Financial Institution– Government | Obtained from seller | Assumed existing financing | Other 3rd party financing | No financing involved |
|---|---|---|---|---|---|
| | | | | ☒ | |

## VIII. PHYSICAL DESCRIPTION AND GRANTEE'S PRIMARY USE OF PROPERTY

45. Type of Property: Land only | Condominium
Land and building(s) ☒ | Other (specify) → **LAND EXCLUDING IMPROVEMENTS**

46a. Predominant Use: Single family | Multi-family → | No. of Units | Time Share Unit | Agricultural, if so, did the grantor own property for less than 5 years? Yes / No | 46b. Check if Grantee's Primary Residence
☒ Commercial | Miscellaneous | If any boxes at left are checked, explain use here ↓
Utility | Manufacturing/ Telephone Company | **RETAIL**

47. Estimated land area | If condominium, check here and proceed to line 50. | 47a. Lot Size (ROUND TO NEAREST WHOLE FOOT) ☒ FEET | OR | 47b. Total Acres **5.4** ROUND TO TENTH OF AN ACRE | 48. MFL/PFC/WTL Acres ROUND TO NEXT WHOLE ACRE | 49. Feet of Water Frontage

## IX. ENERGY

50. Is this property subject to the Residential Rental Weatherization Standards, COMM67? | Yes | 51. Exclusion Code → If W-11, attach explanation | 52. If W-12 provide document number where recorded
☒ No (If No, provide exclusion code) → **W- 3**

## X. CERTIFICATION—We declare under penalty of law, this return has been examined by us and to the best of our knowledge and belief it is true, correct and complete.

53. Agent for: ☒ Grantor | Grantee | 54. Agent's Name (if agent involved in sale) **JOHN H.O. LAGATTA** | 55. Telephone Number AREA CODE

56. Street or Fire Number, if any **50** | 56a. Street name, PO Box, or other address (enter "PO Box" and box number) **WEST LIBERTY STREET, SUITE 1080**

57. City **RENO** | 58. State **NV** | 59. Zip Code **89501**

60. Preparer's Name or Firm Name **MATTHEW FORTNEY, QUARLES & BRADY LLP** | 61. Telephone Number **608-283-2651** AREA CODE

SEND TAX BILL TO: 62. Name **CAPMARK FINANCE INC., ATTN: PEYTON INGE**

63. Street or Fire Number, if any **700** | 63a. Street Name, PO Box, or Other Address (enter "PO Box" and Box Number) **N PEARL STREET**

64. City **DALLAS** | 65. State **TX** | 66. Zip Code **75201**

67. Grantor's Street or Fire Number, if any **50** | 67a. Grantor (where grantor can be reached in the future) Street Name, PO Box, or Other Address (enter "PO Box" and Box Number) **WEST LIBERTY STREET, SUITE 1080**

68. City **RENO** | 69. State **NV** | 70. Zip Code **89501**

71. Dated MONTH **8** DAY **14** YEAR **2009** AREA CODE | 72. Telephone Number | 74. Dated **8/19/09** MONTH DAY YEAR | 75. Telephone Number **214/999-7078** AREA CODE

73. Signature of Grantor or Grantor's Agent (PLEASE ATTEMPT TO KEEP SIGNATURE WITHIN BOX) | 76. Signature of Grantee or Grantee's Agent (PLEASE ATTEMPT TO KEEP SIGNATURE WITHIN BOX) *Michael Corp*

*John H.O. La Gatta, President Caramunt Exchange Corp, Trustee of Grantor*

**ADDENDUM TO WISCONSIN REAL ESTATE TRANSFER RETURN**
**Grantor:  WEC 96-D APPLETON-2 INVESTMENT TRUST**

**4.      Grantee Company Name**

Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage
Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2

**16.     Legal Description**

Parcel 1:

Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey
Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No.
2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part
of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute,
Outagamie County, Wisconsin.

Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the Register of Deeds for
Outagamie County, Wisconsin in Volume 12 of Certified Survey Maps on Page 2340, as
Document No. 1167182 and being part of the Southwest 1/4 of the Southwest 1/4 of Section 29,
T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Address: 4635 West College Avenue

Tax Key No. 101121711

Parcel 2:

Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of Certified Survey
Maps on Page 2233 as Document No. 1156313; being a part of the Southwest 1/4 of the
Southwest 1/4 of Section 29, T21N, Range 17E, Town of Grand Chute, Outagamie County,
Wisconsin, less and except any right or interest in and to the appurtenant Easements created
pursuant to Instrument recorded in Jacket 16942, Image 22, as Document No. 1157867.

Tax Key No. 101121708

Parcel 3:

Easement for ingress and egress, parking and utilities as set forth in Operation and Easement
Agreement dated December 18, 1995 and recorded December 26, 1995 in Jacket 17578, Image 1
to Jacket 17579, Image 4, as Document No. 1175271 over and across Lot 1 of Certified Survey
Map No. 2339 as recorded in Volume 12 of Maps on Page 2339 and all of Outlots 1 and 2 of
Certified Survey Map No. 2340 as recorded in Volume 12 of Maps on Page 2340, all located in
the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute,
Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577, Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document No. 1183694.

Excepting all buildings, improvements (including without limitation landscaping) and building fixtures and building equipment thereon and hereafter erected and all personal property therein whether below or above grade level and located on the above described Parcels 1, 2 and 3.

## *First American Title Insurance Company*

## OWNER'S AFFIDAVIT

STATE OF ___NEVADA___ )
                                              ) SS.
COUNTY OF ___WASHOE___ )

COMMITMENT NOS. NCS-397279-MAD and NCS-384163-RTT

The undersigned owner(s), in consideration of selling (or mortgaging) the real estate described in the above referenced commitment and in consideration of First American Title Insurance Company issuing its policy(ies) of title insurance insuring an interest in or title to the real estate described herein, and being first duly sworn on oath, deposes, states and warrants, except as stated in Paragraph 7 below, that to the best of his knowledge:

1.   The undersigned is President of CATAMOUNT EXCHANGE CORPORATION, a Delaware corporation, which is its trustee of WEC 96D APPLETON-2 INVESTMENT TRUST, a Delaware Business Trust, which is the owner of the real estate which is described as Parcel A in the above referenced commitments (hereinafter called "the property");

2.   There are no encroachments of fences, buildings or other improvements to the property onto any easement or onto adjoining property, and no encroachments of any fences, buildings or other improvements of adjoining premises onto the property;

3.   There are no unrecorded easements, party wall agreements, or rights-of-way which affect the property;

4.   *During the last six months, no work has been done and no materials have been furnished in connection with the improvement of said property.  There are no uncompleted buildings, structures or other improvement situated thereon;

     ~~*During the last six months work has been done and materials furnished in order to make improvements to the property, but that except as stated in Paragraph 7, all of said work and materials have been fully paid for and there are no claims or disputes in existence with reference thereto, that no notice of intent to lien has been given, and that waivers of lien from all appropriate parties are attached hereto.~~

5.   Owner(s) is/are in sole possession of the property and that no other party has possession or has right of possession under any lease or other agreement, written or oral;

6.   Since the effective date of the commitment referenced above, owner has not filed bankruptcy, received notice of any pending cause of action, conveyed or encumbered the property or is currently a party to any action that could result in the filing of any judgment or lien against the property.

7.   Exceptions to above statements:  NONE

### [SIGNATURE ON FOLLOWING PAGE]

**WEC 96D APPLETON-2 INVESTMENT TRUST,**
a Delaware Business Trust

By: **CATAMOUNT EXCHANGE CORPORATION,**
a Delaware corporation, which is its trustee

By: _____
Name: John H. Q. LaGatta
Its: President

STATE OF NEVADA
COUNTY OF WASHOE
Subscribed and Sworn to before me this ___14th___
day of ___August___, 2009

JEANIE G. TURNER
Notary Public, State of ___Nevada___

My Commission expires/is: ___April 24, 2012___

SIGNATURE OF NOTARY

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 · Expires April 24, 2012

## ESTOPPEL AFFIDAVIT

STATE OF  N EVADA          )
                       ) ss.
COUNTY OF  WASHOE      )

John H. O. LaGatta, being first duly sworn on oath, deposes and states:

1.       I am President of CATAMOUNT EXCHANGE CORPORATION, a Delaware corporation, which is its trustee of WEC 96D APPLETON-2 INVESTMENT TRUST, a Delaware Business Trust, which is the sole owner of the property described in the deed which is attached hereto as Exhibit A, and have personal knowledge of all of the facts recited herein.

2.       I am authorized to make this affidavit pursuant to as a duly elected President and sole stockholder of CATAMOUNT EXCHANGE CORPORATION.

3.       That said deed relates to property in the Town of Grand Chute, Outagamie County, Wisconsin, as further described in the deed, and is an absolute conveyance of the title to the real estate described therein and that possession of the premises has been surrendered to the Grantee named therein.  The legal description of the property is:

**Parcel 1:**
Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No. 2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the Register of Deeds for Outagamie County, Wisconsin in Volume 12 of Certified Survey Maps on Page 2340, as Document No. 1167182 and being part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Address: 4635 West College Avenue
Tax Key No. 101121711

**Parcel 2:**
Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of Certified Survey Maps on Page 2233 as Document No. 1156313; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, Range 17E, Town of Grand Chute, Outagamie County, Wisconsin, less and except any right or interest in and to the appurtenant Easements created pursuant to Instrument recorded in Jacket 16942, Image 22, as Document No. 1157867.

Address: West Eighth Street
Tax Key No. 101121708

**Parcel 3:**
Easement for ingress and egress, parking and utilities as set forth in Operation and
Easement Agreement dated December 18, 1995 and recorded December 26, 1995
in Jacket 17578, Image 1 to Jacket 17579, Image 4, as Document No. 1175271
over and across Lot 1 of Certified Survey Map No. 2339 as recorded in Volume
12 of Maps on Page 2339 and all of Outlots 1 and 2 of Certified Survey Map No.
2340 as recorded in Volume 12 of Maps on Page 2340, all located in the
Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand
Chute, Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to
Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577,
Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document
No. 1183694.

Excepting all buildings, improvements (including without limitation landscaping)
and building fixtures and building equipment thereon and hereafter erected and all
personal property therein whether below or above grade level and located on the
above described Parcels 1, 2 and 3.

4.    That the Grantor gave said deed as a free and voluntary act in consideration of the
release of WEC 96D APPLETON-2 INVESTMENT TRUST of the monetary indebtedness
secured by a Mortgage dated November 27, 1996 in the original principal amount of
$4,941,160.29, recorded in the office of the Register of Deeds for Outagamie County,
Wisconsin, on December 4, 1996 as Document No: 121160, which refers to the Property.

5.    That at the time of the conveyance the affiant believed and still believes that such
consideration was in excess of the value of the real estate covered by said deed.

6.    That the Grantor intended to pass the entire title to the Grantee by said deed and
the Grantor makes no claim to said real estate or to any interest therein.

7.    That the affiant makes this affidavit for the purpose of inducing First American
Title Insurance Company to insure the title based upon said deed.

Further your affiant sayeth not.

**WEC 96D APPLETON-2 INVESTMENT TRUST,**
a Delaware Business Trust

By: **CATAMOUNT EXCHANGE CORPORATION,**
a Delaware corporation, which is its trustee

By: _____
Name: John H. O. LaGatta
Its: President

STATE OF NEVADA
COUNTY OF WASHOE

Subscribed and sworn to before me
this 14th day of July. August, 2009.

_Jeanie G. Turner_ — NOTARY SIGNATURE
Printed Name: JEANIE G. TURNER
Notary Public, State of NEVADA
My Commission: APRIL 24, 2010

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

Drafted by: Matthew D. Fortney, Quarles & Brady LLP

**EXHIBIT F**

BLANKET ASSIGNMENT AND BILL OF SALE

     Reference is hereby made to that certain property located in the County of Outagamie, State of Wisconsin and described in more detail on Exhibit A attached hereto and made a part hereof and the improvements located thereon and the rights, privileges and entitlements incident thereto (the "Property"). For good and valuable consideration, receipt of which is hereby acknowledged WEC 96D APPLETON-1 INVESTMENT TRUST, a Delaware investment trust, and WEC 96D APPLETON-2 INVESTMENT TRUST, a Delaware investment trust (collectively, "Seller"), does hereby, sell, transfer, assign, convey and deliver without representation or warranty of any kind whatsoever to Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 ("Buyer"), to the extent owned by Seller and in Seller's possession and control (as applicable), all of Seller's right, title and interest in all assets, rights, materials and/or claims used, owned or held in connection with the use, management, development or enjoyment of the Property, including, without limitation: (i) all entitlements, subdivision agreements and other agreements relating to the development of Property; (ii) all plans, specifications, maps, drawings and other renderings relating to the Property; (iii) all warranties, claims and any similar rights relating to and benefiting the Property or the assets transferred hereby; (iv) all intangible rights, goodwill and similar rights benefiting the Property; (v) all development rights benefiting the Property; (vi) all rights, claims or awards benefiting the Property; and (vii) all rights to receive a reimbursement, credit or refund from the applicable agency or entity of any deposits or fees paid in connection with the development of the Property.

     WITH RESPECT TO ALL MATTERS TRANSFERRED, WHETHER TANGIBLE OR INTANGIBLE, PERSONAL OR REAL, SELLER EXPRESSLY DISCLAIMS A WARRANTY OF MERCHANTABILITY AND WARRANTY FOR FITNESS FOR A PARTICULAR USE OR ANY OTHER WARRANTY EXPRESSED OR IMPLIED THAT MAY ARISE BY OPERATION OF LAW OR UNDER THE UNIFORM COMMERCIAL CODE FOR THE STATE IN WHICH THE PROPERTY IS LOCATED (OR ANY OTHER STATE).

     Seller hereby covenants that it will, at any time and from time to time upon written request therefor, execute and deliver to Buyer, its nominees, successors and/or assigns, any new or confirmatory instruments, including a Bill of Sale in the form provided in Exhibit B, attached hereto and made a part hereof, and do and perform any other acts which Buyer, its nominees, successors and/or assigns, may reasonably request in order to fully transfer possession and control of, and protect the rights of Buyer, its nominees, successors and/or assigns in, all the assets of Seller intended to be transferred and assigned hereby. Notwithstanding the foregoing, any Uniform Commercial Code search required under the Bill of Sale in the form provided in Exhibit B shall be paid for by Buyer.

IN WITNESS WHEREOF, the parties have executed this Blanket Assignment and Bill of Sale as of this 14th day of ⎯AuGusT⎯⎯, 2009.

**SELLER:**

**WEC 96D APPLETON-1 INVESTMENT TRUST,**
a Delaware Business Trust

By:   **CATAMOUNT EXCHANGE CORPORATION,**
      a Delaware corporation, which is its trustee

      By: _____
      Name: John H. O. LaGatta
      Its:  President

**WEC 96D APPLETON-2 INVESTMENT TRUST,**
a Delaware Business Trust

By:   **CATAMOUNT EXCHANGE CORPORATION,**
      a Delaware corporation, which is its trustee

      By: _____
      Name: John H. O. LaGatta
      Its:  President

**BUYER:**

**BANK OF AMERICA, N.A.,**
**AS TRUSTEE FOR THE REGISTERED HOLDERS**
**OF GMAC COMMERCIAL MORTGAGE**
**SECURITIES, INC., MORTGAGE PASS-THROUGH**
**CERTIFICATES, SERIES 1998-C2**

By:   _Michael Carp_
Name: _Michael Carp_
Its:   _Sr Vice President_

EXHIBIT A TO BLANKET ASSIGNMENT AND BILL OF SALE
Legal Description

**PARCEL 1**

LOT TWO (2) ACCORDING TO CERTIFIED SURVEY MAP NO. 2339 FILED IN VOLUME 12 OF CERTIFIED SURVEY MAPS ON PAGE 2339 AS DOCUMENT NO. 1167181; BEING PART OF LOT 1 OF CERTIFIED SURVEY MAP NO. 2237 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2237 AS DOCUMENT NO. 1156890; BEING A PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

LOT ONE (1) ACCORDING TO CERTIFIED SURVEY MAP NO. 2233 FILED IN VOLUME 1 OF CERTIFIED SURVEY MAPS ON PAGE 2233 AS DOCUMENT NO. 1156313; BEING PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN, LESS AND EXCEPT ANY RIGHT OR INTEREST IN AND TO THE APPURTENANT EASEMENTS CREATED PURSUANT TO INSTRUMENT RECORDED IN JACKET 16942, IMAGE 22, AS DOCUMENT NO. 1157867.

**PARCEL 2**

OUTLOT TWO (2) OF CERTIFIED SURVEY MAP NO. 2340 FILED IN THE OFFICE OF THE REGISTER OF DEEDS FOR OUTAGAMIE COUNTY, WISCONSIN, IN VOLUME 12 OF CERTIFIED SURVEY MAPS, ON PAGE 2340, AS DOCUMENT NO. 1167182 AND BEGIN PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

**PARCEL 3**

EASEMENT FOR INGRESS, EGRESS, PARKING AND UTILITIES AS SET FORTH IN OPERATION AND EASEMENT AGREEMENT DATED DECEMBER 18, 1995 AND RECORDED DECEMBER 26, 1995 IN JACKET 17578 IMAGE 1 TO JACKET 17579 IMAGE 4 AS DOCUMENT NO. 1175271 OVER AND ACROSS LOT 1 OF CERTIFIED SURVEY MAP NO. 2339 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2339 AND ALL OF OUTLOTS 1 AND 2 OF CERTIFIED SURVEY MAP NO. 2340 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2340, ALL LOCATED IN THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

THE ABOVE DESCRIBED PARCEL 1, 2, AND 3, INCLUDE ALL OF THE PROPERTY CONVEYED TO CIRCUIT CITY STORES, INC., A VIRGINIA CORPORATION, BY DEEDS RECORDED IN J17577 IMAGE 39-42 AS DOCUMENT NO. 1175270 AND IN J17884 IMAGE 59 AS DOCUMENT NO. 1183694.

Tax Key Numbers 10-1-1217-11 and 10-1-1217-0

## EXHIBIT B TO BLANKET ASSIGNMENT AND BILL OF SALE

State Bar of Wisconsin Form 31-2003
**BILL OF SALE**

Document Number                                                   Document Name

_____

("Seller," whether one or more) hereby sells, transfers and conveys to _____

_____ ("Buyer," whether one or more), for a good and

valuable consideration (**check one orboth**):

☐    The    personal    property    listed    on    the    attached    Exhibit(s)    (and)

☐    The personal property identified as:

Seller has provided evidence of clear title to the personal property by means of a search of the Uniform Commercial Code records
of the State of Wisconsin, dated _____; or:

Seller warrants and represents that Seller owns said personal property free and clear of all liens and encumbrances and that Seller has good right to sell the same, except:

**HOWEVER, THE ABOVE WARRANTY APPLIES ONLY TO TITLE. SELLER MAKES NO WARRANTY OR REPRESENTATION AS TO QUALITY, CONDITION OR FITNESS FOR USE, NOR ANY OTHER WARRANTY OR REPRESENTATION BEYOND THAT SET FORTH ON THE FACE OF THIS DOCUMENT. IF THERE ARE ANY OTHER WARRANTIES OR REPRESENTATIONS AS TO OTHER CHARACTERISTICS OF THE PERSONAL PROPERTY, A SEPARATE AGREEMENT MUST BE DRAFTED.**

☐    **EXHIBIT(S):** The attached _____ (is) (are) made part of this Bill of Sale.

Dated _____.


_____(SEAL) _____(SEAL)
*                                                    *

| **AUTHENTICATION** | **ACKNOWLEDGMENT** |
|---|---|
| Signature(s) _____ | STATE OF WISCONSIN                  ) |
| _____ |                                                    ) ss. |
| authenticated on _____. | _____ COUNTY   ) |
| | |
| *_____ | Personally came before me on _____, |
| | the above named _____ |
| TITLE: MEMBER STATE BAR OF WISCONSIN | |
| (If not, _____ | _____ |
| authorized by Wis. Stat. § 706.06) | to me known to be the person(s) who executed the foregoing |
| | instrument and acknowledge the same. |
| THIS INSTRUMENT DRAFTED BY: | |
| | *_____ |
| _____ | |
| _____ | Notary Public, State of Wisconsin |
| | My Commission (is permanent) (expires:_____ ) |

(Signatures may be authenticated or acknowledged. Both are not necessary.)

NOTE: THIS IS A STANDARD FORM. ANY MODIFICATIONS TO THIS FORM SHOULD BE CLEARLY IDENTIFIED.

BILL OF SALE

© 2003 STATE BAR OF WISCONSIN

FORM NO. 31-2003

*Type name below signatures.

## EXHIBIT G

Notice and Termination of Lease

[See Attached]

Exhibit G

| | NOTICE OF |
| | TERMINATION OF LEASE |
| | |
| | Document Name |
| Document Number | |

**This NOTICE OF TERMINATION OF LEASE, is given as of the _____ day of August, 2009, by WEC 96D APPLETON-1 INVESTMENT TRUST and WEC 96D APPLETON-2 INVESTMENT TRUST.**

### Witnesseth:

1. Circuit City Stores, Inc., a Virginia corporation ("Circuit City") and WEC 96D APPLETON INVESTMENT TRUST, a Delaware business trust (the "Original Owner") entered into a Lease dated November 25, 1996 (the "Lease") under which the Original Owner leased to Circuit City certain portions of the property described below (the "Property").

Recording Area
Name and Return Address

Matthew D. Fortney
Quarles & Brady LLP
PO Box 2113
Madison, WI 53701-2113

2. The Property which is the subject of the Lease is described in **Exhibit A**, which is attached and incorporated herein.

101121711 and 101121708
Parcel Identification Number (PIN)

3. A Memorandum of Lease was executed on November 27, 1996 by Circuit City and the Original Owner, and was recorded with the Outagamie County Register of Deeds on December 4, 1996, in Jacket 18925, Image 41, as Document Number 1211606.

4. On November 27, 1996, the Original Owner conveyed the Property to WEC 96D APPLETON-1 INVESTMENT TRUST and WEC 96D APPLETON-2 INVESTMENT TRUST (the "Current Owners"), subject to the Lease.

5. Circuit City, as part of Case Number 08-35653 in the United States Bankruptcy Court of the Eastern District of Virginia, Richmond Division, rejected the Lease as evidenced by a Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (the "Rejection Notice"), dated March 3, 2009, Docket Number 0835653-2440, Court Docket Number 2408, a copy of which attached and incorporated herein as **Exhibit B**. The Lease is listed as store number 3654 in Exhibit A of the Rejection Notice.

6. The Lease was rejected as of March 10, 2009.

7. Now therefore, as the Lease has been terminated, the Memorandum of Lease is also terminated.

[SIGNATURES ON FOLLOWING PAGES]

Dated    8 - 14 - 09    .

**WEC 96D APPLETON-1 INVESTMENT TRUST,**
a Delaware business trust

By:    **CATAMOUNT EXCHANGE CORPORATION,**
a Delaware corporation, which is its trustee

By: _____
Name: John H. O. LaGatta
Its:  President

**AUTHENTICATION**

Signature(s) _____

_____

authenticated on _____

_____

* _____

TITLE: MEMBER STATE BAR OF WISCONSIN
(If not, _____
authorized by Wis. Stat. § 706.06)

**ACKNOWLEDGMENT**

STATE OF  NEVADA                    )
                                   ) ss.
 WASHOE            COUNTY    )

Personally came before me on  AUGUST 14, 2009,
the above named John H. O. LaGatta, PRESIDENT OF CATAMOUNT EXCHANGE
to me known to be the person(s) who executed the foregoing CORPORATION
instrument and acknowledge the same    NOTARY SIGNATURE

_____
* JEANIE G. TURNER
Notary Public, State of  NEVADA
My Commission (is permanent) (expires: APRIL 24, 2012)

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

**WEC 96D APPLETON-2 INVESTMENT TRUST,**
a Delaware business trust

By:   **CATAMOUNT EXCHANGE CORPORATION,**
      a Delaware corporation, which is its trustee

      By: _____  8-14-09
      Name: John H. O. LaGatta
      Its: President

| AUTHENTICATION | ACKNOWLEDGMENT |
|---|---|
| Signature(s) _____ <br><br> _____ <br><br> authenticated on _____ . <br><br> * _____ <br><br> TITLE: MEMBER STATE BAR OF WISCONSIN <br> (If not, _____ <br> authorized by Wis. Stat. § 706.06) | STATE OF NEVADA    )<br>              ) ss.<br>WASHOE   COUNTY  )<br><br>Personally came before me on AUGUST 14, 2009<br>the above named John H. O. LaGatta, Pres. of Catamount Exchange Corp.<br>to me known to be the person(s) who executed the foregoing<br>instrument and acknowledged the same<br><br>Jeanie G. Turner<br>* JEANIE G. TURNER<br>Notary Public, State of NEVADA<br>My Commission (is permanent) (expires: April 24, 2012) |

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

THIS INSTRUMENT DRAFTED BY:

Matthew D. Fortney _____

Quarles & Brady LLP _____

# EXHIBIT A

## LEGAL DESCRIPTION

Parcel 1:

Lot Two (2) according to Certified Survey Map No. 2339 filed in Volume 12 of Certified Survey Maps on Page 2339 as Document No. 1167181; being part of Lot 1 of Certified Survey Map No. 2237 as recorded in Volume 12 of Maps on Page 2237 as Document No. 1156890; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Outlot Two (2) of Certified Survey Map No. 2340 filed in the Office of the Register of Deeds for Outagamie County, Wisconsin in Volume 12 of Certified Survey Maps on Page 2340, as Document No. 1167182 and being part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

Address: 4635 West College Avenue
Tax Key No. 101121711

Parcel 2:

Lot One (1) according to Certified Survey Map No. 2233 filed in Volume 12 of Certified Survey Maps on Page 2233 as Document No. 1156313; being a part of the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, Range 17E, Town of Grand Chute, Outagamie County, Wisconsin, less and except any right or interest in and to the appurtenant Easements created pursuant to Instrument recorded in Jacket 16942, Image 22, as Document No. 1157867.

Address: West Eighth Street
Tax Key No. 101121708

Parcel 3:

Easement for ingress and egress, parking and utilities as set forth in Operation and Easement Agreement dated December 18, 1995 and recorded December 26, 1995 in Jacket 17578, Image 1 to Jacket 17579, Image 4, as Document No. 1175271 over and across Lot 1 of Certified Survey Map No. 2339 as recorded in Volume 12 of Maps on Page 2339 and all of Outlots 1 and 2 of Certified Survey Map No. 2340 as recorded in Volume 12 of Maps on Page 2340, all located in the Southwest 1/4 of the Southwest 1/4 of Section 29, T21N, R17E, Town of Grand Chute, Outagamie County, Wisconsin.

The above described Parcels 1, 2 and 3 include all of the property conveyed to Circuit City Stores, Inc., a Virginia Corporation by Deeds recorded in J17577, Image 39-42 as Document No. 1175270 and in J17884, Image 59 as Document No. 1183694.

# EXHIBIT B

## NOTICE OF REJECTION

[See Attached]

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTER DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
Circuit City Stores, Inc.,      :   Case No. 08-35653(KRH)
et al.,                         :
                                :
                  Debtors.[1]   :   Jointly Administered
- - - - - - - - - - - - - x

## NOTICE OF REJECTION OF UNEXPIRED LEASES AND ABANDONMENT OF PERSONAL PROPERTY

---

1 The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512). The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031. For all other Debtors, the address is 9950 Mayland Drive,
Richmond, Virginia 23233.

1.    ORDER APPROVING REJECTION OF LEASE

PLEASE TAKE NOTICE that on February 19, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures (the "Order," a copy of which is available at www.kccllc.net/circuitcity).    The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to reject certain unexpired real property leases and abandon certain furniture, fixtures, and equipment owned by the Debtors (the "Abandoned Property"), upon notice to the lessors (the "Lessors"), without further Court approval.    The Debtors have determined to reject the real property leases listed on Schedule A hereto (the "Leases") pursuant to the Order.

2.    LEASE REJECTION DATE

PLEASE TAKE FURTHER NOTICE that the rejection of the Leases shall become effective on **March 10, 2009** (the "Rejection Date") or such later date as the Debtors surrender the premises by fulfilling the Rejection Requirements (as defined in the Order).

3.    ABANDONED PROPERTY

PLEASE TAKE FURTHER NOTICE that the Debtors will have until the Rejection Date to remove property belonging to the Debtors from the leased premises.    To the extent that any property remains in the leased premises after the Rejection Date, such property will be deemed Abandoned Property and shall be deemed abandoned by the Debtors.    The Lessors will be entitled to remove or dispose of such property in their sole discretion without liability to any party which might claim an interest in the Abandoned Property.

2

4.   OBJECTIONS

PLEASE TAKE FURTHER NOTICE that objections, if any, to rejection of the Leases or abandonment of Abandoned Property must (a) be in writing, (b) set forth, with specificity, the factual and legal basis therefor, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Virginia, and the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 0130) (the "Case Management Order"), (d) be filed with Bankruptcy Court and (e) served in accordance with the Case Management Order so as to be **received** on or before **March 10, 2009 at 5:00 p.m. (Eastern)** (the "Objection Deadline").

5.   RENT

PLEASE TAKE FURTHER NOTICE that the Debtors will pay rent on a per diem basis for those days prior to the Rejection Date of the Leases.

6.   SETOFF

PLEASE TAKE FURTHER NOTICE that if any Debtor has deposited monies with the Lessor as a security or other kind of deposit or pursuant to another similar arrangement, the Lessors will not be permitted to set off or otherwise use the monies from such deposit or other arrangement without the prior order of the Court.

7.   DEADLINE TO FILE PROOFS OF CLAIM

PLEASE TAKE FURTHER NOTICE that, unless otherwise ordered by the Court or agreed to in writing by the Debtors, parties will have until 5:00 p.m. (Pacific) on April 30, 2009 to file a proof of claim for damages arising from the rejection of or relating to any Lease. Any claims not timely filed will be forever barred. For proof of claim forms and information regarding filing a proof of claim, please refer to the Order or go to www.kccllc.net/circuitcity.com.

3

Dated: March 3, 2009
      Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER &
      FLOM, LLP
      Gregg M. Galardi, Esq.
      Ian S. Fredericks, Esq.
      P.O. Box 636
      Wilmington, Delaware 19899-0636
      (302) 651-3000

              - and -

      SKADDEN, ARPS, SLATE, MEAGHER &
      FLOM, LLP
      Chris L. Dickerson, Esq.
      333 West Wacker Drive
      Chicago, Illinois 60606
      (312) 407-0700

              - and -

      MCGUIREWOODS LLP

      /s/ Douglas M. Foley
      Dion W. Hayes (VSB No. 34304)
      Douglas Foley (VSB No. 34364)
      One James Center
      901 E. Cary Street
      Richmond, Virginia 23219
      (804) 775-1000

      Counsel for Debtors and Debtors
      in Possession

4

**SCHEDULE A**

**(Leases)**

**Exhibit A**

**Leases**

| Location Number | Location Name | Address | City | State | Zip | Landlord |
|---|---|---|---|---|---|---|
| 233 | Sunnyvale Superstore | 111 East El Camino Real | San Francisco | CA | 94087 | EEL McKee LLC |
| 234 | Hayward Superstore | 2480 Whipple Road | San Francisco | CA | 94544 | Hayward 880, LLC |
| 237 | Santa Rosa Superstore | 2805 Santa Rosa Avenue | San Francisco | CA | 95407 | Santa Rosa Town Center LLC |
| 242 | Van Ness Superstore | 1200 Van Ness Avenue | San Francisco | CA | 94109 | Van Ness Post Center LLC |
| 250 | Elk Grove Superstore | 8211 Laguna Boulevard | Sacramento | CA | 95758 | Pappas Gateway LP |
| 251 | Citrus Heights Superstore | 7980 Arcadia Boulevard | Sacramento | CA | 95610 | Greenback Associates |
| 252 | Arden Way Superstore | 2121 Arden Way | Sacramento | CA | 95825 | ARHO LP |
| 403 | Santa Monica Superstore | 1251 Fourth Street | Los Angeles | CA | 90401 | 1251 Fourth Street Investors, LLC |
| 404 | Torrance Superstore | 14600 Ocean Gate Avenue | Los Angeles | CA | 90250 | Crown CC 1, LLC |
| 407 | Orange Superstore | 1407 West Chapman Avenue | Los Angeles | CA | 92868 | Schiffman, Todd I. |
| 410 | Northridge Superstore | 19330 Plummer Street | Los Angeles | CA | 91324 | U.K. - American Properties, Inc. |
| 414 | Laguna Hills Superstore | 24001 El Toro Road | Los Angeles | CA | 92653 | Krupp Equity LP |
| 416 | Huntington Beach Superstore | 7881 Edinger Avenue, Suite A-150 | Los Angeles | CA | 92647 | Bella Terra Associates LLC |
| 419 | Woodland Hills Superstore | 21470 W. Victory Blvd. | Los Angeles | CA | 91367 | Pacific/Youngman-Woodland Hills |
| 432 | National City Superstore | 1608 Sweetwater Road | San Diego | CA | 91950 | Sweetwater Associates LP |
| 433 | La Mesa Superstore | 8820 Grossmont Blvd. | San Diego | CA | 91941 | Nevada Investment Holdings, Inc. |
| 434 | Point Loma Superstore | 3331 Rosecrans Avenue | San Diego | CA | 92110 | CX Retail Properties Finance V LLC |
| 443 | Clairemont Superstore | 3998 Clairemont Mesa Boulevard | San Diego | CA | 92117 | Clairemont Square |
| 450 | Victorville Superstore | 12133 Mall Boulevard | Los Angeles | CA | 92392 | Bear Valley Road Partners LLC & Miantz LLC |
| 505 | Fairview Heights Superstore | 55 Ludwig Drive | St Louis | IL | 62208 | OLP CC Fairview Heights, LLC |
| 506 | St. Peters Superstore | 5610 Suemandy Road | St Louis | MO | 63376 | National Retail Properties, LP |
| 509 | Valley View Superstore | 5301 Belt Line Boulevard, Suite 11 | Dallas/Ft Worth | TX | 75248 | WXIII/PWM Real Estate LP |
| 516 | Highland Superstore | 3321 Alamo Avenue | Cincinnati | OH | 45209 | KB Columbus 1-CC |
| 530 | St. Louis (South County) Superstore | 6926 South Lindbergh Boulevard | St Louis | MO | 63125 | OLP CC St.Louis LLC |
| 533 | St. Louis Mills Mall Superstore | 4785 Park 370 Boulevard | St Louis | MO | 63042 | St Louis Mills, LP |
| 535 | Gravois Bluff Superstore | 691 Gravois Bluff Boulevard | St Louis | MO | 63026 | Gravois Bluffs III, LLC |
| 542 | Willowbrook Superstore | 17727 Tomball Parkway | Houston | TX | 77064 | Abrams Willowbrook Three LP |
| 543 | Plano Superstore | 3300 N. Central Expressway | Dallas/Ft Worth | TX | 75074 | Parker Central Plaza, Ltd. |
| 544 | South Arlington Superstore | 3865 South Cooper Street | Dallas/Ft Worth | TX | 76015 | Parks At Arlington LP |
| 545 | Hulen Superstore | 4820 Southwest Loop, 820B | Dallas/Ft Worth | TX | 76109 | WRI Overton Plaza, LP |
| 570 | Savannah Superstore | 8108 G Abercom Street | Savannah | GA | 31406 | Abercom Common, LLP |
| 571 | Brandon Superstore | 10277 East Adamo Drive | Tampa | FL | 33619 | Bard, Ervin & Suzanne Bard |
| 576 | Reading Superstore | 1101 Woodland Avenue | Philadelphia | PA | 19610 | Berkshire West |
| 593 | Chesapeake Superstore | 4107 Portsmouth Boulevard, Suite 118 | Norfolk | VA | 23321 | Inland American Chesapeake Crossroads LLC |
| 597 | Great Hills Superstore | 10515 North Mopac Expressway | Austin | TX | 78759 | SPG Arbor Walk, LP |
| 598 | Sunset Valley Superstore | 5400 Brodie Lane | Austin | TX | 78745 | Ritz Motel Company |
| 711 | King Of Prussia Superstore | 400 West Swedesford Road | Philadelphia | PA | 19312 | Swedesford Shopping Center Acquisition, LLC |
| 759 | Barboursville Mini-Superstore | 400 Mall Road | Huntington | WV | 25504 | Huntington Mall Company |
| 762 | Charleston Mini-Superstore | 39 Rhl Boulevard | Huntington | WV | 25309 | THF ONC Development LLC |
| 766 | Daytona Superstore | 2500 International Speedway Blvd. | Orlando | FL | 32114 | International Speedway Square, Ltd |
| 784 | Wheaton Superstore | 11160 Viers Mill Road | Washington | MD | 20902 | Wheaton Plaza Regional Shopping Center |
| 815 | Knoxville Superstore | 151 North Peters Road | Knoxville | TN | 37923 | DDRTC T&C LLC |
| 817 | Virginia Beach | 110 S. Independence Boulevard | Norfolk | VA | 23462 | CC-Virginia Beach, LLC |
| 831 | Gastonia Superstore | 2651 East Franklin Boulevard | Charlotte | NC | 28054 | National Retail Properties, Inc. |

Exhibit A
Leases

| Location Number | Location Name | Address | City | State | Zip | Landlord |
|---|---|---|---|---|---|---|
| 832 | Pensacola Superstore | 6121 North Davis Highway | Pensacola | FL | 32504 | HK New Plan EPR Property Holdings LLC. |
| 835 | Roanoke Superstore | 1900 Valley View Boulevard Nw | Roanoke | VA | 24012 | Valley View S.C., LLC |
| 838 | Orlando Central Superstore | 2728 East Colonial Drive | Orlando | FL | 32803 | Weingarten Nostat, Inc. |
| 840 | Raleigh Superstore | 4601 Creedmoor Road | Raleigh | NC | 27612 | Glenmoor LP |
| 845 | Independence Superstore | 2109 Matthews Township Parkway | Charlotte | NC | 28105 | DDRTC Sycamore Commons LLC |
| 848 | North Ft. Lauderdale Superstore | 1700 North Federal Highway | Miami | FL | 33305 | 19Th. Street Investors, Inc. |
| 849 | Dadeland Superstore | 7700 North Kendall Drive, #400 | Miami | FL | 33156 | Kendall-77 Ltd. |
| 850 | Durham Superstore | 3400 Westgate Drive | Raleigh | NC | 27707 | Durham Westgate Plaza Investors, LLC |
| 851 | Chattanooga Superstore | 2204 Hamilton Place Blvd. | Chattanooga | TN | 37421 | Bond-Circuit VIII Delaware Business Trust |
| 857 | Dale Mabry Superstore | 1702 North Dale Mabry Highway | Tampa | FL | 33607 | VNO Tru Dale Mabry, LLC |
| 861 | Hialeah Superstore | 400 West 49Th Street | Miami | FL | 33012 | Palm Springs Mile Associates, Ltd. |
| 866 | Rockville Superstore | 1501 Rockville Pike | Washington | MD | 20852 | Congressional North Associates LP |
| 868 | Charleston Superstore | 7800 Rivers Avenue, Suite B | Charleston | SC | 29406 | Kimco Realty Corporation |
| 871 | The Commons Superstore | 8045 Glacoss Drive | Memphis | TN | 38133 | New Plan Of Memphis Commons, LLC |
| 876 | St. Petersburg Superstore | 2066 Tyrone Boulevard North | Tampa | FL | 33710 | Northwoods LP |
| 888 | South Boulevard Superstore | 9563 South Boulevard | Charlotte | NC | 28273 | Dim Vastgoed, N.V. |
| 890 | Baileys Crossroads Superstore | 5718 Columbia Pike | Washington | VA | 22041 | RREEF America Reit II Corporation Mm |
| 891 | Clearwater Superstore | 24244 Highway 19 N. | Tampa | FL | 33755 | CHK, LLC |
| 910 | Tri-County Superstore | 493 East Kemper Avenue | Cincinnati | OH | 45246 | Jubilee-Springdale, LLC |
| 913 | Port Richey Superstore | 6325 Tacoma Drive | Tampa | FL | 34668 | Kir Piers 716 LLC |
| 922 | Ft. Myers Superstore | 4380 Cleveland Avenue | Fort Myers | FL | 33901 | Jaffe Of Weston II Inc. |
| 1609 | Winchester Superstore | 2580 South Pleasant Valley Road | Winchester | VA | 22601 | Trout, Segall, Doyle Winchester Properties, LLC |
| 1616 | Anderson Mini-Superstore | 3423 Clemson Blvd., Suite B | Greenville | SC | 29621 | Bond-Circuit II Delaware Business Trust |
| 1618 | Monterey Mini-Superstore | 905 Playa Avenue | Salinas | CA | 93955 | Bond-Circuit XI Delaware Business Trust |
| 1681 | Albany Mini-Superstore | 1223 North Westover Blvd. | Albany Ga | GA | 31707 | Sherwood Properties, LLC |
| 1687 | Houma Superstore | 1729 Martin Luther King Boulevard | New Orleans | LA | 70360 | Inland Western Houma Magnolia, LLC |
| 3104 | Lawrenceville Superstore | 3350 Brunswick Pike | Philadelphia | NJ | 08648 | Farmingdale-Grocery, LLC |
| 3111 | Schaumburg Superstore | 1420 East Golf Road | Chicago | IL | 60173 | Developers Diversified Realty Corporation |
| 3128 | Merrillville Superstore | 2757 U.S. 30 | Chicago | IN | 46410 | CC Merrillville Trust |
| 3129 | Algonquin Superstore | 1812 Randall Road | Chicago | IL | 60102 | Inland Commercial Property Management, Inc. |
| 3131 | Lincoln Park Superstore | 2500 North Elston Avenue | Chicago | IL | 60647 | American National Bank & Trust Company Of Chicago |
| 3133 | Burnsville Superstore | 14141 Aldrich Avenue South | Minneapolis | MN | 55337 | Tanurb Burnsville, LP |
| 3134 | Rosedale Superstore | 1750 Highway 36 West, Suite B | Minneapolis | MN | 55113 | TSA Stores, Inc. |
| 3136 | Southdale Superstore | 4260 West 78Th Street | Minneapolis | MN | 55435 | DDD Partners II |
| 3141 | Newington Superstore | 3440 Berlin Turnpike | Hartford | CT | 06111 | Daniel G. Kamin, And Howard Kadish, LLC |
| 3143 | Milford/Orange Superstore | 1389 Boston Post Road | Hartford | CT | 06460 | Milford Crossing Investors LLC |
| 3147 | Binghamton Superstore | 3124 Vestal Parkway East | Binghampton | NY | 13850 | Parkway Plaza LLC |
| 3149 | Utica Micro-Superstore | 1 Sangertown Square Mall | Syracuse | NY | 13413 | Sangertown Square LLC |
| 3151 | Cheektowaga Superstore | 3757 Union East | Buffalo | NY | 14225 | DDR Mdt Union Consumer Square, LLC |
| 3152 | Amherst Superstore | 3040 Sheridan Street | Buffalo | NY | 14226 | Amherst Industries, Inc. |
| 3160 | Albany Superstore | 161 Washington Avenue Ext. | Albany Ny | NY | 12205 | Necrossgates Commons Newco, LLC |
| 3166 | Bel Air Superstore | 680 Marketplace Drive | Baltimore | MD | 21014 | Bel Air Square LLC |
| 3175 | Brookfield Superstore | 655 Main Street | Milwaukee | WI | 53005 | Continental 64 Fund LLC |

Exhibit A
Leases

| Location Number | Location Name | Address | City | State | Zip | Landlord |
|---|---|---|---|---|---|---|
| 3176 | Southridge Superstore | 4585 South 76TH Street | Milwaukee | WI | 53220 | Dential Family LP |
| 3177 | Racine Superstore | 2710-C South Green Bay Road | Milwaukee | WI | 53406 | Southland Center Investors, LLC |
| 3184 | Madison West Superstore | 450 Commerce Drive | Madison | WI | 53719 | CC Madison, LLC |
| 3185 | Madison East Superstore | 2301 East Springs Drive | Madison | WI | 53704 | Cardinal Court, LLC |
| 3194 | Columbus In Superstore | 1343 North National Road | Indianapolis | IN | 47201 | Inland Western Columbus Clifty, LLC |
| 3200 | Columbus Superstore | 5555 Whittlesey Boulevard | Columbus | GA | 31909 | AVR CPC Associates, LLC |
| 3205 | Naples Superstore | 5052 Airport Pulling Road | Fort Myers | FL | 34105 | Community Centers One LLC |
| 3206 | Lafayette Superstore | 5624 Johnston Street | Lafayette | LA | 70503 | CC Lafayette, LLC |
| 3217 | Springfield MO Superstore | 3600 South Glenstone Avenue | Springfield Mo | MO | 65804 | WEC 96D Springfield-1 Investment Trust |
| 3233 | San Felipe Superstore (Galleria) | 4500 San Felipe Street | Houston | TX | 77027 | 610 & San Felipe, Inc. |
| 3238 | Shreveport Superstore | 7091 Youree Drive | Texarkana/Shreveport | LA | 71105 | Hart Kings Crossing, LLC |
| 3246 | Myrtle Beach Superstore | 550 Seaboard Street | Florence Sc | SC | 29577 | Myrtle Beach Farms Company, Inc. |
| 3247 | Johnson City Crossing Mini-Superstore | 3211 Peoples Street, Space A | Tri-Cities Tn | TN | 37604 | Johnson City Crossing (Delaware)LLC |
| 3249 | Sawgrass Super Superstore | 12300 West Sunrise Boulevard | Miami | FL | 33323 | Sunrise Plantation Properties LLC |
| 3254 | Sugar Land Superstore | 16742 Southwest Freeway | Houston | TX | 77479 | Inland Western Sugar Land Colony LP |
| 3255 | Slidell Micro-Superstore | 790 North Highway 190 | New Orleans | LA | 70433 | HV Covington, LLC |
| 3269 | Citrus Park Superstore | 6918 Gunn Highway | Tampa | FL | 33625 | Citrus Park CC LLC |
| 3281 | Rome Superstore | 2700 Martha Berry Highway Ne | Atlanta | GA | 30165 | DDR Southeast Rome LLC |
| 3283 | Dothan Superstore | 2821 Montgomery Highway | Montgomery | AL | 36303 | DDR Southeast Dothan Outparcel, LLC |
| 3289 | Merritt Island Mini-Superstore | 450 E. Merritt Island Causeway | Orlando | FL | 32952 | Galleria Partnership |
| 3307 | Albuquerque Superstore | 4400 Cutler Ave. Ne | Albuquerque.Nm | NM | 87110 | Southwestern Albuquerque, LP |
| 3309 | Newport Beach Superstore | 1101 Newport Center Drive | Los Angeles | CA | 92660 | The Irvine Company LLC |
| 3310 | Valencia Superstore | 25610 N. The Old Road | Los Angeles | CA | 91381 | Valencia Marketplace I, LLC |
| 3313 | Irvine Superstore | 13752 Jamboree Road | Los Angeles | CA | 92602 | The Irvine Company LLC |
| 3322 | Chico Mini-Superstore | 2041 Whitman Avenue | Chico/Reading | CA | 95928 | Chico Crossroads LP |
| 3332 | Eugene Superstore | 2730 Gateway Loop | Eugene | OR | 97477 | Garden City Center |
| 3334 | Boise Towne Plaza Superstore | 542 North Milwaukee Street | Boise | ID | 83704 | Boise Towne Plaza LLC |
| 3339 | Westminster Superstore | 9250 Sheridan Boulevard | Denver | CO | 80031 | Excel Westminster Marketplace, Inc. |
| 3340 | Colorado Springs Superstore | 345 N. Academy Blvd. | Colorado Springs | CO | 80909 | CC Springs, LLC |
| 3346 | Southwest Plaza Superstore | 5155 N. Wadsworth Blvd. | Denver | CO | 80123 | CCC Realty, LLC |
| 3347 | Lakewood/Homestead Superstore | 10750 W. Colfax Ave. | Denver | CO | 80215 | Ten Pryor Street Building, Ltd. |
| 3352 | Orem Superstore | 360 West St. & 1300 S. St. | Salt Lake City | UT | 84058 | Boyer Lake Pointe, Lc |
| 3373 | Long Beach Superstore | 2180 Bellflower Blvd. | Los Angeles | CA | 90815 | CP Venture Two LLC |
| 3376 | Ft. Collins Mini-Superstore | 4414 South College Avenue | Denver | CO | 80525 | Generation H One And Two LP |
| 3377 | Idaho Falls Micro-Superstore | 1951 S. 25TH East Street | Idaho Falls | ID | 83406 | Ammon Properties LC |
| 3378 | Cottonwood Superstore | 10420 Coors Boulevard | Albuquerque,Nm | NM | 87114 | Cottonwood Phase V LLC |
| 3390 | Thornton Superstore | 16511 North Washington | Denver | CO | 80602 | Site A LLC |
| 3401 | Temecula Mini-Superstore | 40480 Winchester Road | Los Angeles | CA | 92591 | Inland Western Temecula Commons LLC |
| 3405 | Boca Raton Superstore | 1400 Glades Road, Bay 140 Be | West Palm Beach | FL | 33431 | Uncommon Ltd. |
| 3425 | NW Las Vegas Superstore | 7781 West Tropical Parkway | Las Vegas | NV | 89149 | Centennial Holdings LLC |
| 3502 | Exchange Plaza Superstore | 6001 Nw Loop 410, Suite 108 | San Antonio | TX | 78238 | Inland Western San Antonio HQ, LP |
| 3505 | North Richland Superstore | 1451 West Pipeline Road | Dallas/Ft Worth | TX | 76053 | KRG Market Street Village LP |
| 3512 | Mcallen Superstore | 507 West Expressway 83 | Mcallen-Brownsville | TX | 78501 | Daniel G. Kamin McAllen LLC |
| 3513 | Brownsville Superstore | 3000 Pablo Kisel Boulevard, #100 | Mcallen-Brownsville | TX | 78526 | Pacific Harbor Equities LLC |
| 3516 | Southlake Superstore | 250 North Kimball Avenue | Dallas/Ft Worth | TX | 76092 | Inland Western Southlake Corners, LP |

**Exhibit A**

**Lessee**

| Location Number | Location Name | Address | City | State | Zip | Landlord |
|---|---|---|---|---|---|---|
| 3518 | Raleigh Superstore | 3340 Cypress Plantation Trail | Raleigh | NC | 27616 | Plantation Point Development, LLC |
| 3525 | Wellington Superstore | 10570 Forest Hill Boulevard East | West Palm Beach | FL | 33414 | Cedar Development, Ltd |
| 3527 | Silverlake Superstore | 3137 Silverlake Drive | Houston | TX | 77581 | Principal Real Estate Holding Co., LLC |
| 3529 | Exton Superstore | 128 Woodcutter Street | Philadelphia | PA | 19341 | Main Street At Exton, LP |
| 3554 | Bainbridge Superstore | 7705 Market Place Drive | Cleveland | OH | 44202 | Bainbridge Shopping Center II LLC |
| 3556 | Whitman Square Superstore | 9733 East Roosevelt Boulevard | Philadelphia | PA | 19114 | Boulevard North Associates, LP |
| 3562 | Concord Mills Superstore | 8210 Concord Mills Boulevard | Charlotte | NC | 28027 | Concord Mills LP |
| 3569 | Midtown Miami Superstore | 3401 North Miami Avenue, Unit H | Miami | FL | 33127 | DDR Miami Ave LLC |
| 3570 | Hyattsville Superstore | 2900 Belcrest Center Drive | Washington | MD | 20782 | Prince George'S Station Retail, LLC |
| 3572 | Polaris Superstore | 8655-8671 Lyra Drive | Columbus Oh | OH | 43240 | Polaris Circuit City LLC |
| 3577 | Rockwall Superstore | 959 East Interstate 30 | Dallas/Ft Worth | TX | 75087 | Rockwall Crossing, Ltd |
| 3579 | Meyerland Superstore | 100 Meyerland Plaza Mall | Houston | TX | 77096 | Meyerland Plaza (DE) LLC |
| 3582 | La Quinta Superstore | 78825 Highway 111 | Palm Springs | CA | 92253 | CC La Quinta LLC |
| 3588 | Southpark Meadows Superstore | 9600 South Interstate Highway 35 | Austin | TX | 78748 | Inland Western Austin Southpark Meadows II LP |
| 3589 | Southaven Superstore | 6680 Southcrest Parkway | Memphis | MS | 38671 | Southhaven Center II, LLC |
| 3595 | Waterford Lakes Superstore | 400 North Alafaya Trail | Orlando | FL | 32828 | Deno P Dikeou |
| 3597 | Apex Superstore | 1591 Beaver Creek Commons Drive | Raleigh | NC | 27502 | DDR/1st Carolina Crossings South, LLC |
| 3599 | South Bay Superstore | 88 Allstate Road | Boston | MA | 02125 | E&A Northeast LP |
| 3603 | Ann Arbor Mini-Superstore | 3547 Washtenaw Avenue | Detroit | MI | 48104 | Amcap Arborland LLC |
| 3617 | West Mifflin (Century) Superstore | 9931 Mountain View Drive | Pittsburgh | PA | 15122 | Inland Western West Mifflin Century III DST |
| 3618 | Monroeville Superstore | 3475 William Penn Highway | Pittsburgh | PA | 15235 | WMI/MPI Business Trust |
| 3624 | Northtown Superstore | 20 Coon Rapids Boulevard | Minneapolis | MN | 55433 | BL-NTV I, LLC |
| 3625 | Schererville Superstore | 707 Us Highway 41 | Chicago | IN | 46375 | The Shoppes At Schererville, LLC |
| 3626 | Niles Superstore | 2380 Niles-Cortland Road S/E | Youngstown | OH | 44484 | Howland Commons Partnership |
| 3629 | Boardman Superstore | 7230 Market Street | Youngstown | OH | 44512 | Bond-Circuit V Delaware Business Trust |
| 3632 | Grand Rapids Superstore | 3410 Alpine Avenue | Grand Rapids | MI | 49544 | BG Walker, LLC |
| 3633 | 28Th Street Superstore | 4600 28Th Street Se | Grand Rapids | MI | 49512 | Wilmington Trust Company |
| 3639 | Oyster Point Superstore | 12140 Jefferson Avenue | Norfolk | VA | 23602 | Lea Company |
| 3640 | Greenbrier Superstore | 1589 Crossways Boulevard | Norfolk | VA | 23320 | Crossways Financial Associates, LLC |
| 3654 | Appleton Superstore | 4635 West College Avenue | Greenbay/Appleton | WI | 54915 | WEC 96D Appleton-1 Investment Trust |
| 3659 | Leesburg Superstore | 536 Fort Evans Road Ne | Washington | VA | 20176 | Battlefield FE LP |
| 3662 | Trumbull Superstore | 5065 Main Street | New York Metro | CT | 06611 | Trumbull Shopping Center #2 LLC |
| 3664 | Atlantic Center Mini-Superstore | 625 Atlantic Avenue | New York Metro | NY | 11217 | Atlantic Center Fort Greene Associates, LP |
| 3668 | Danbury Mini-Superstore | 110 Federal Road | New York Metro | CT | 06811 | Forecast Danbury LP |
| 3672 | Westbury Super Superstore | 1504 Old Country Road | New York Metro | NY | 11590 | W&S Associates, LP |
| 3680 | 80th & Broadway Mini-Superstore | 2232 Broadway Street | New York Metro | NY | 10024 | Friedland, Lawrence And Melvin |
| 3684 | Paramus Superstore | 240 Route 17 North | New York Metro | NJ | 07652 | Faber Bros., Inc. |
| 3686 | Rego Park/Queens Superstore | 9605 Queens Boulevard | New York Metro | NY | 11374 | Alexander'S Of Rego Park Center, Inc. |
| 3688 | Bergen Superstore | 3129 Kennedy Boulevard | New York Metro | NJ | 07047 | FC Treeco Columbia Park, LLC |
| 3691 | Staten Island Superstore | 2505-2535 Richmond Avenue | New York Metro | NY | 10314 | FC Richmond Associates, LP |
| 3693 | Union Superstore | 2700A Route 22 East | New York Metro | NJ | 07083 | DDR Southeast Union, LLC |
| 3694 | Valley Stream Mini-Superstore | 650 West Sunrise Highway | New York Metro | NY | 11581 | Green Acres Mall, LLC |
| 3696 | White Plains Superstore | 5 City Place | New York Metro | NY | 10601 | LC White Plains Retail, LLC |
| 3698 | Woodbridge Superstore | 479 Green Street | New York Metro | NJ | 07095 | FC Woodbridge Crossing, LLC |

**Exhibit A**

**Leases**

| Location Number | Location Name | Address | City | State | Zip | Landlord |
|---|---|---|---|---|---|---|
| 3700 | Cortlandt Mini-Superstore | 2990 East Main Street | New York Metro | NY | 10567 | Cortlandt B., LLC |
| 3701 | Ft. Wayne Mini-Superstore | 291 E. Coliseum Boulevard | Fort Wayne In | IN | 46805 | Coldwater Development, LLC |
| 3707 | Lancaster Superstore | 1700 Fruitville Pike | Harrisburg | PA | 17603 | Red Rose Commons Condominium Association |
| 3708 | York Superstore | 2980 Whiteford Road | Harrisburg | PA | 17402 | Meadowbrook Village LP |
| 3724 | Saugus Superstore | 607 Broadway, Route 1 South | Boston | MA | 01906 | Saugus Plaza Associates |
| 3731 | Bay Ridge Superstore | 502-12 86th Street | New York Metro | NY | 11209 | 502-12 86th Street, LLC |
| 3735 | Tysons Corner West Superstore | 8520-C Leesburg Pike | Washington | VA | 22182 | Tysons 3, LLC |
| 3764 | Phillipsburg Superstore | 1202 New Brunswick Avenue | New York Metro | NJ | 08865 | Inland US Management, LLC |
| 3770 | Taunton Superstore | 70 Taunton Depot Drive | Providence | MA | 02780 | Cole CC Taunton Ma, LLC |
| 3771 | Folsom | 205 Serpa Drive | Sacramento | CA | 95630 | Broadstone Crossing LLC |
| 3780 | Hamburg Superstore | 2231 Sir Barton Way Street, Unit 110 | Lexington | KY | 40509 | Sir Barton Place, LLC |
| 3797 | Grandville Marketplace Superstore | 4535 Canal Sw | Grand Rapids | MI | 49418 | DDR Mdt Grandville Marketplace LLC |
| 3815 | Katy Mills "The City" Superstore | 5000 Katy Mills Circle | Houston | TX | 77494 | Katy Mills Mall LP |
| 3832 | Township Marketplace Superstore | 103 Wagner Road | Pittsburgh | PA | 15061 | DDR Mdt Monaca Township Marketplace LLC |
| 3845 | Deptford Landing Superstore | 2000 Clements Bridge Road | Philadelphia | NJ | 08096 | AIG Baker Deptford, LLC |
| 3846 | East Chase Superstore | 7951 Eastchase Parkway | Montgomery | AL | 36117 | Eastchase Market Center, LLC |
| 3847 | Midtown Village Superstore | 1800 McFarland Boulevard South, Ste 520C | Tuscaloosa | AL | 35401 | Carlyle-Cypress Tuscaloosa I, LLC |
| 3849 | Norridge Commons Superstore | 7010 Forest Preserve Drive | Chicago | IL | 60706 | Irving Harlem Venture, LP |
| 3850 | Promenade "The City" Superstore | 639 East Boughton Road | Chicago | IL | 60440 | FC Janes Park, LLC |
| 3852 | Keizer Station "The City" Superstore | 6035 Ulali Drive | Portland Or | OR | 97303 | Donahue Schriber Realty Group, LP |
| 3853 | Target Center Superstore | 4627 Greenway Drive | Knoxville | TN | 37918 | Knoxville Leval LLC |
| 3855 | Sun Land Superstore | 811 Sunland Park | El Paso | TX | 79912 | CDP Falcon Sunland Plaza LP |
| 3856 | Baybrook Superstore | 10011A West Bay Area Boulevard | Houston | TX | 77598 | NP/SSP Baybrook, LLC |
| 3857 | Deerbrook "The City" Superstore | 20131 Highway 59 N, Suite 8, Space 2290 | Houston | TX | 77338 | Deerbrook Anchor Acquisition LLC |
| 3858 | San Antonio "The City" | 14623 Ih 35 North | San Antonio | TX | 78216 | SWQ 35/Forum, Ltd |
| 3859 | Ashwaubenon Superstore | 2492 South Oneida | Greenbay/Appleton | WI | 54304 | Palmetto Investors, LLC |
| 3862 | Brockton Superstore | 395 Westgate Drive | Boston | MA | 02301 | Ray Mucci's, Inc. |
| 3864 | Manhattan Broadway At 66th Street | 1965 Broadway | New York Metro | NY | 10023 | 1965 Retail LLC |
| 3878 | Brea "The City" | 835 East Birch Street | Los Angeles | CA | 92821 | FW CA Brea Marketplace LLC |
| 3882 | Killeen Tx -Superstore | 201 East Central Texas Pkwy, Ste 21 | Waco | TX | 99999 | Market Heights, Ltd |
| 4110 | Danvers Superstore | 4-6 Newbury Street, Route 1 | Boston | MA | 01923 | 4 Newbury Danvers LLC |
| 4111 | Somerville Superstore | 65 Mystic Avenue | Boston | MA | 02145 | I-93 Somerville LLC |
| 4119 | Braintree Superstore | 250 Granite Street | Boston | MA | 02184 | Braintree Property Assoc LP |
| 4121 | Natick Superstore | 1398 Worcester Street | Boston | MA | 01760 | Baker Natick Promenade LLC |
| 4124 | Manchester Superstore | 1100 S. Willow Street | Boston | NH | 03103 | Dicker/Warmington Properties |
| 4132 | Turlock Superstore | 2821 Countryside Drive | Sacramento | CA | 95380 | Monte Vista Crossings, LLC |
| 4134 | Towson "The City" Superstore | 801 Goucher Boulevard | Baltimore | MD | 21286 | Towson VF LLC |
| 4143 | Gloucester Superstore | 465 Berlin Cross Keys Road | Philadelphia | NJ | 08081 | Town Square Plaza |
| 4150 | Pasadena Superstore | 3931 Fairway Plaza Drive | Houston | TX | 77505 | Fairway Centre Associates, LP |

Exhibit A
Leases

| Location Number | Location Name | Address | City | State | Zip | Landlord |
|---|---|---|---|---|---|---|
| 4179 | Vacaville | 130 Nut Tree Parkway | Sacramento | CA | 95687 | TKG Coffee Tree LP |
| 4201 | Melbourne Superstore | 1700 West New Haven Road | Orlando | FL | 32904 | Melbourne-Jcp Associates, Ltd |
| 4202 | Norfolk "The City" Superstore | 1120 North Military Highway | Norfolk | VA | 23502 | Janaf Crossings, LLC |
| 4212 | 5th Avenue "The City" Superstore | 521 5Th Avenue | New York Metro | NY | 10175 | Green 521 5Th Avenue, LLC |
| 4232 | Fort Myers Cypress Lakes "The City" | Colonial Square Town Center | Fort Myers | FL | 33901 | Colonial Square Associates, LLC |
| 4242 | Rossmoor Center Superstore | 12325 Seal Beach Boulevard | Los Angeles | CA | 90740 | Rossmoor Shops LLC |
| 4247 | Denton Superstore | 2315 Colorado Boulevard | Dallas/Ft Worth | TX | 76205 | Panattoni Development Co., LLC |
| 4256 | Mt. Pleasant Superstore | 1501 Johnnie Dobbs Boulevard | Charleston | SC | 29464 | Developers Diversified Realty Corporation |
| 4261 | Southern Tier Crossings Superstore | 1530 Country Route 64 | Binghamton | NY | 14845 | DDR Horseheads LLC |
| 4272 | Amherst Superstore | 123 Route 101A | Boston | NH | 03031 | Berkshire-Amherst, LLC |
| 4307 | Prattville Superstore | 2730 Legends Parkway | Montgomery | AL | 36066 | Prattcenter, LLC |
| 4313 | La Habra | 1020 West Imperial Highway | Los Angeles | CA | 90631 | La Habra Imperial LLC |
| 4317 | Power And Barnes Superstore | 5904 Barnes Road | Colorado Springs | CO | 80922 | Barnes And Powers North LLC |
| 4502 | Lewisville Superstore | 715 Hebron Parkway | Dallas/Ft Worth | TX | 75057 | Inland Western Lewisville Lakepointe LP |
| 4503 | Loop 410 Superstore | 321 Nw. Loop 410 | San Antonio | TX | 78216 | Bb-Lncoln-Us-Properties, LP |
| 4507 | Santa Cruz Mini-Superstore | 1664 Commercial Way | Salinas | CA | 95065 | Redtree Properties, LP |
| 4508 | El Paso East Superstore | 1313-D George Deiter Drive | El Paso | TX | 79936 | A.D.D. Holdings, LP |
| 4510 | Lubbock Superstore | 6701 Slide Street | Lubbock | TX | 79424 | M & M Berman Enterprises |

## EXHIBIT H

FIRPTA Affidavits

[See Attached]

## FIRPTA CERTIFICATION
## CERTIFICATE OF NONFOREIGN STATUS

The undersigned, on behalf of WEC 96D APPLETON-1 INVESTMENT TRUST ("**Transferor**"), after being duly sworn upon his oath deposes and says that:

Section 1445 of the Internal Revenue Code of 1986, as amended (the "Code") provides that a transferee of a U.S. real property interest must withhold tax if the transferor is a foreign person. To inform Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 ("Transferee") that withholding of tax is not required upon the disposition of Transferor's interest in the real property described on Exhibit "A" attached hereto and by this reference included herein, the undersigned hereby certifies the following on behalf of the Transferor:

1.     The Transferor is not a foreign corporation, foreign partnership, foreign trust, or foreign estate (as those terms are defined in the Code and Income Tax Regulations);

2.     The Transferor is not a disregarded entity as defined in Income Tax Regulations §1.1445-2(b)(2)(iii);

3.     The Transferor's U.S. employer identification number is <u>51-6506812</u>; and

4.     The Transferor's office address is:

> WEC 96D APPLETON-1 INVESTMENT TRUST
> c/o John H. O. LaGatta
> 50 West Liberty Street
> Suite 1080
> Reno, Nevada 89501

The Transferor understands that this certification may be disclosed to the Internal Revenue Service by the Transferee and that any false statement contained herein could be punished by fine, imprisonment, or both.

Under penalties of perjury I declare that I have examined this certification and to the best of my knowledge and belief it is true, correct, and complete, and I further declare that I have authority to sign this document on behalf of the Transferor.

[Signature on following page]

Dated this 14th day of AUGUST , 2009.

WEC 96D APPLETON-1 INVESTMENT TRUST,
a Delaware Business Trust

By: **CATAMOUNT EXCHANGE**
**CORPORATION,**
a Delaware corporation, which is its trustee

By: _____
Name: John H. O. LaGatta
Its: President

STATE OF NEVADA )
)                                              ss.
COUNTY OF WASHOE )

Personally came before me this 14th day of AUGUST , 2009, the above-named John
H. O. LaGatta, as President, of Catamount Exchange Corporation, to me known to be the person
who executed the foregoing instrument and acknowledged the same on behalf of such
corporation.

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

_Jeanie N. Turner_ (SEAL) NOTARY SIGNATURE
Print Name: JEANIE TURNER
Notary Public, WASHOE County,
State of NEVADA
My commission: APRIL 24, 2012

EXHIBIT A TO FIRPTA CERTIFICATION
Legal Description

**PARCEL 1**
LOT TWO (2) ACCORDING TO CERTIFIED SURVEY MAP NO. 2339 FILED IN
VOLUME 12 OF CERTIFIED SURVEY MAPS ON PAGE 2339 AS DOCUMENT NO.
1167181; BEING PART OF LOT 1 OF CERTIFIED SURVEY MAP NO. 2237 AS
RECORDED IN VOLUME 12 OF MAPS ON PAGE 2237 AS DOCUMENT NO.
1156890; BEING A PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF
SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY,
WISCONSIN.

LOT ONE (1) ACCORDING TO CERTIFIED SURVEY MAP NO. 2233 FILED IN
VOLUME 1 OF CERTIFIED SURVEY MAPS ON PAGE 2233 AS DOCUMENT NO.
1156313; BEING PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF
SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY,
WISCONSIN, LESS AND EXCEPT ANY RIGHT OR INTEREST IN AND TO THE
APPURTENANT EASEMENTS CREATED PURSUANT TO INSTRUMENT
RECORDED IN JACKET 16942, IMAGE 22, AS DOCUMENT NO. 1157867.

**PARCEL 2**
OUTLOT TWO (2) OF CERTIFIED SURVEY MAP NO. 2340 FILED IN THE OFFICE
OF THE REGISTER OF DEEDS FOR OUTAGAMIE COUNTY, WISCONSIN, IN
VOLUME 12 OF CERTIFIED SURVEY MAPS, ON PAGE 2340, AS DOCUMENT
NO. 1167182 AND BEGIN PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST
1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE
COUNTY, WISCONSIN.

**PARCEL 3**
EASEMENT FOR INGRESS, EGRESS, PARKING AND UTILITIES AS SET FORTH
IN OPERATION AND EASEMENT AGREEMENT DATED DECEMBER 18, 1995
AND RECORDED DECEMBER 26, 1995 IN JACKET 17578 IMAGE 1 TO JACKET
17579 IMAGE 4 AS DOCUMENT NO. 1175271 OVER AND ACROSS LOT 1 OF
CERTIFIED SURVEY MAP NO. 2339 AS RECORDED IN VOLUME 12 OF MAPS
ON PAGE 2339 AND ALL OF OUTLOTS 1 AND 2 OF CERTIFIED SURVEY MAP
NO. 2340 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2340, ALL
LOCATED IN THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29,
T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

THE ABOVE DESCRIBED PARCEL 1, 2, AND 3, INCLUDE ALL OF THE
PROPERTY CONVEYED TO CIRCUIT CITY STORES, INC., A VIRGINIA
CORPORATION, BY DEEDS RECORDED IN J17577 IMAGE 39-42 AS
DOCUMENT NO. 1175270 AND IN J17884 IMAGE 59 AS DOCUMENT NO.
1183694.

Tax Key Numbers 10-1-1217-11 and 10-1-1217-08

## FIRPTA CERTIFICATION
### CERTIFICATE OF NONFOREIGN STATUS

The undersigned, on behalf of WEC 96D APPLETON-2 INVESTMENT TRUST ("**Transferor**"), after being duly sworn upon his oath deposes and says that:

Section 1445 of the Internal Revenue Code of 1986, as amended (the "Code") provides that a transferee of a U.S. real property interest must withhold tax if the transferor is a foreign person. To inform Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 ("Transferee") that withholding of tax is not required upon the disposition of Transferor's interest in the real property described on Exhibit "A" attached hereto and by this reference included herein, the undersigned hereby certifies the following on behalf of the Transferor:

5.    The Transferor is not a foreign corporation, foreign partnership, foreign trust, or foreign estate (as those terms are defined in the Code and Income Tax Regulations);

6.    The Transferor is not a disregarded entity as defined in Income Tax Regulations §1.1445-2(b)(2)(iii);

7.    The Transferor's U.S. employer identification number is 51-6506813; and

8.    The Transferor's office address is:

> WEC 96D APPLETON-2 INVESTMENT TRUST
> c/o John H. O. LaGatta
> 50 West Liberty Street
> Suite 1080
> Reno, Nevada 89501

The Transferor understands that this certification may be disclosed to the Internal Revenue Service by the Transferee and that any false statement contained herein could be punished by fine, imprisonment, or both.

Under penalties of perjury I declare that I have examined this certification and to the best of my knowledge and belief it is true, correct, and complete, and I further declare that I have authority to sign this document on behalf of the Transferor.

[Signature on following page]

Dated this 14th day of ___AUGUST___, 2009.

<div style="margin-left:3em">

**WEC 96D APPLETON-2 INVESTMENT TRUST,**
a Delaware Business Trust

By:    **CATAMOUNT EXCHANGE
CORPORATION**,
a Delaware corporation, which is its trustee

By: _____
Name: John H. O. LaGatta
Its: President

</div>

STATE OF ___NEVADA___    )
                      )                              ss.
COUNTY OF ___WASHOE___    )

Personally came before me this 14th day of ___AUGUST___, 2009, the above-named John H. O. LaGatta, as President, of Catamount Exchange Corporation, to me known to be the person who executed the foregoing instrument and acknowledged the same on behalf of such corporation.

<div style="margin-left:20em">_Jeanie A. Turner_ (SEAL) _Notary Signature_

Print Name: __JEANIE TURNER__
Notary Public, __WASHOE__ County,
State of __NEVADA__
My commission: __April 24, 2012__
</div>

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

H-6

EXHIBIT A TO FIRPTA CERTIFICATION
Legal Description

**PARCEL 1**

LOT TWO (2) ACCORDING TO CERTIFIED SURVEY MAP NO. 2339 FILED IN VOLUME 12 OF CERTIFIED SURVEY MAPS ON PAGE 2339 AS DOCUMENT NO. 1167181; BEING PART OF LOT 1 OF CERTIFIED SURVEY MAP NO. 2237 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2237 AS DOCUMENT NO. 1156890; BEING A PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

LOT ONE (1) ACCORDING TO CERTIFIED SURVEY MAP NO. 2233 FILED IN VOLUME 1 OF CERTIFIED SURVEY MAPS ON PAGE 2233 AS DOCUMENT NO. 1156313; BEING PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN, LESS AND EXCEPT ANY RIGHT OR INTEREST IN AND TO THE APPURTENANT EASEMENTS CREATED PURSUANT TO INSTRUMENT RECORDED IN JACKET 16942, IMAGE 22, AS DOCUMENT NO. 1157867.

**PARCEL 2**

OUTLOT TWO (2) OF CERTIFIED SURVEY MAP NO. 2340 FILED IN THE OFFICE OF THE REGISTER OF DEEDS FOR OUTAGAMIE COUNTY, WISCONSIN, IN VOLUME 12 OF CERTIFIED SURVEY MAPS, ON PAGE 2340, AS DOCUMENT NO. 1167182 AND BEGIN PART OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

**PARCEL 3**

EASEMENT FOR INGRESS, EGRESS, PARKING AND UTILITIES AS SET FORTH IN OPERATION AND EASEMENT AGREEMENT DATED DECEMBER 18, 1995 AND RECORDED DECEMBER 26, 1995 IN JACKET 17578 IMAGE 1 TO JACKET 17579 IMAGE 4 AS DOCUMENT NO. 1175271 OVER AND ACROSS LOT 1 OF CERTIFIED SURVEY MAP NO. 2339 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2339 AND ALL OF OUTLOTS 1 AND 2 OF CERTIFIED SURVEY MAP NO. 2340 AS RECORDED IN VOLUME 12 OF MAPS ON PAGE 2340, ALL LOCATED IN THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 29, T21N, R17E, TOWN OF GRAND CHUTE, OUTAGAMIE COUNTY, WISCONSIN.

THE ABOVE DESCRIBED PARCEL 1, 2, AND 3, INCLUDE ALL OF THE PROPERTY CONVEYED TO CIRCUIT CITY STORES, INC., A VIRGINIA CORPORATION, BY DEEDS RECORDED IN J17577 IMAGE 39-42 AS DOCUMENT NO. 1175270 AND IN J17884 IMAGE 59 AS DOCUMENT NO. 1183694.

Tax Key Numbers 10-1-1217-11 and 10-1-1217-08

# EXHIBIT I

Assignment of Circuit City Claims

[See Attached]

I-1

LA1886168.1
051202-10007
QB\141063.00008\8579524.2

## ASSIGNMENT OF CLAIMS

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, WEC 96D APPLETON-1 INVESTMENT TRUST, a Delaware investment trust, and WEC 96D APPLETON-2 INVESTMENT TRUST, a Delaware investment trust (collectively, "Assignors"), hereby irrevocably conveys, transfers and assigns to Bank of America, N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 ("Assignee") the following claims (the "Claims"):

> Any claim, administrative expense request, or similar, existing from the beginning of the world to the date of execution hereof, that Assignors may possess against Circuit City Stores, Inc., et al., that have or may be filed in United States Bankruptcy Court, Eastern District of Virginia, Case Number: 08-35653 (KRH), including, but not limited to, a proof of claim dated April 20, 2009, a proof of claim dated April 27, 2009, and an administrative expense request dated June 22, 2009; and

> All monies and proceeds now or hereafter to become due and payable to Assignors in relation to the such claims, administrative expense requests, or similar.

Assignors hereby authorize Assignee to receive and do all things necessary and proper to protect it as Assignee of all claims herein assigned, and Assignors do hereby constitute and appoint Assignee, its successors and assigns, as Assignors' true and lawful attorney, irrevocably, with full power in the name of the Assignors or otherwise to ask, require, demand, receive and give acquittance for any and all monies and claims for money assigned hereby, and to endorse any checks or any instruments or orders in connection therewith and satisfy either in part or in full the claim.

This Assignment is an absolute assignment.

This Assignment shall be binding upon the successors and assigns of the Assignors and shall inure to the benefit of the successors and assigns of the Assignee.

Assignee hereby accepts said assignment.

[SIGNATURES ON FOLLOWING PAGES]

**ASSIGNOR:**

**WEC 96D APPLETON-1 INVESTMENT TRUST,**
a Delaware Business Trust

By:    **CATAMOUNT EXCHANGE
CORPORATION,**
a Delaware corporation, which is its trustee

By: _____
Name:  John H. O. LaGatta
Its:  President

STATE OF  Nevada  )
                           )                                                    ss.
COUNTY OF  Washoe  )

Personally came before me this 14ᵗʰ day of  August , 2009, the above-named John
H. O. LaGatta, as President, of Catamount Exchange Corporation, to me known to be the person
who executed the foregoing instrument and acknowledged the same on behalf of such
corporation.

_____ (SEAL)  Notary Signature
Print Name:  Jeanie G. Turner
Notary Public,  Washoe  County,
State of  Nevada
My commission:  April 24, 2012

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 - Expires April 24, 2012

**ASSIGNOR:**

**WEC 96D APPLETON-2 INVESTMENT TRUST,**
a Delaware Business Trust

By:   **CATAMOUNT EXCHANGE CORPORATION,**
a Delaware corporation, which is its trustee

By: _____
Name: John H. O. LaGatta
Its: President

STATE OF  Nevada    )
                     )                                 ss.
COUNTY OF  Washoe    )

   Personally came before me this 14th day of August, 2009, the above-named John H. O. LaGatta, as President, of Catamount Exchange Corporation, to me known to be the person who executed the foregoing instrument and acknowledged the same on behalf of such corporation.

JEANIE G. TURNER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-6455-2 · Expires April 24, 2012

_____ (SEAL)  NOTARY SIGNATURE
Print Name: JEANIE TURNER
Notary Public, Washoe County,
State of Nevada
My commission: April 24, 2012

**ASSIGNEE:**

**BANK OF AMERICA, N.A.,
AS TRUSTEE FOR THE REGISTERED HOLDERS
OF  GMAC  COMMERCIAL  MORTGAGE
SECURITIES, INC., MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 1998-C2**

By: _Michael Carp_

Name: _Michael Carp_

Its: _Sr Vice President_

STATE OF _TEXAS_ )

COUNTY OF _DALLAS_ )                                                    ss.

Personally came before me this _19_ day of _August_, 2009, the above-named
_Michael Carp_, as _SVP_, of Bank of America,
N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc.,
Mortgage Pass-Through Certificates, Series 1998-C2, to me known to be the person who
executed the foregoing instrument and acknowledged the same on behalf of such corporation.

MARY F. MILLER
Notary Public, State of Texas
My Commission Expires
February 04, 2013

Print Name: _MARY F. Miller_ (SEAL)

Notary Public, _Dallas_ County,

State of _TEXAS_

My commission: _N/A_