Steven T. Gubner, Esq.
Nina Z. Javan, Esq.
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099

*Special Litigation Counsel for Plaintiff Alfred Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI, STANG, ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Plaintiff Alfred Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| *In re*<br><br>CIRCUIT CITY STORES, INC., *et al.,*<br><br>Debtors. [1] | Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>(Jointly Administered) |
| ALFRED H. SIEGEL, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust, and not in any individual or other capacity,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Adv. No. 17-_____<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATORY RELIEF [FED. R. BANKR. P. 7001(9); 28 U.S.C. § 2201];**<br>2. **FOR AN ACCOUNTING;**<br>3. **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]; and,**<br>4. **UNJUST ENRICHMENT** |

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), solely in his capacity as Trustee, and not in any individual or any other capacity, hereby files this complaint for declaratory relief and turnover of property (the "Complaint") against Safeco Insurance Company of America (the "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.      Circuit City Stores, Inc. ("Circuit City") was an American multinational consumer electronics corporation.  It was founded in 1949 and pioneered the electronics superstore format in the 1970s.  On November 10, 2008 (the "Petition Date"), Circuit City and its affiliated domestic debtors each commenced a case in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") by filing voluntary bankruptcy petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  As of the Petition Date, the company operated approximately 712 superstores and 9 outlet stores under the Circuit City name throughout the United States and Puerto Rico.

2.      Circuit City ceased all business operations on or about March 8, 2009.  The Trustee is informed and believes and based thereupon alleges that as of March 31, 2009, Circuit City ceased importing any merchandise for any purpose.

3.      As part of Circuit City's business operations, Circuit City regularly incurred liabilities relating to customs duties, state taxes, service and warranty contractual obligations, toll road fees, and the use of utilities (gas, electric, etc.) (the "Operating Liabilities").

4.      In connection with its incurring of the Operating Liabilities, the providers of those services and/or the relevant state and/or federal agencies and/or authorities, required Circuit City to obtain surety bonds to guarantee Circuit City's timely payment of the Operating Liabilities (the "Surety Bonds").

5.      Safeco Insurance Company of America ("Safeco") was named the surety on all of the Surety Bonds (collectively, the "Safeco Bonds"), with the exception of Bond 82, Bond 87, and Bond 95, as defined below, as to which bonds General Insurance Company of America ("GICA") was the named surety.

6.      Circuit City (or one of its affiliated and jointly administered debtors) was the named principal on each of the Safeco Bonds, except for:

> (1).    Bond 12 (as defined below), on which Circuit City Stores West Coast, Inc. was the principal ("CC-West");

> (2).    Bond 43 (as defined below), on which Jordan R. Portney was the principal;

> (3).    Bond 55 (as defined below), on which Larry Dean Carvey dba Circuit City Stores, Inc. was the principal;

> (4).    Bond 60 (as defined below), on which Frank A. Caridakis dba Circuit City Stores, Inc. was the principal; and Bond 75 (as defined below), on which Circuit City Purchasing Company, LLC was the principal.

7.      As a prerequisite to Safeco's issuance of any Surety Bond, Safeco required that Circuit City obtain an irrevocable standby letter of credit (the "LOC") for the purpose of securing Circuit City's indemnification obligation to Safeco for any capital outlays made by Safeco under any of the Safeco Bonds.  Prior to the Petition Date, and upon Safeco's demand, Circuit City requested that Bank of America, N.A. ("BANA") issue a LOC in favor of Circuit City, identifying Safeco as the beneficiary.  The LOC ensured the availability of funds to satisfy Circuit City's indemnification obligations for each of the Safeco Bonds.

8.    BANA has not been named as a defendant herein because any and all of Debtors'
liability to BANA in connection with BANA's issuance of the LOC has been completely
satisfied, and BANA possesses no claim (contingent or otherwise) as to the LOC proceeds.  The
Trustee reserves the right to amend this complaint to identify BANA as a defendant to the extent
that it becomes appropriate or necessary.

9.    As originally obtained on July 14, 2008, the LOC was issued for the maximum
amount of $2,700,000.00.  The LOC was thereafter increased twice.  First, to $5,400,000.00 by
an "Amendment Number 1" dated October 3, 2008, and again to $5,700,000.00 by an
"Amendment Number 2" dated November 5, 2008.

10.    The Trustee is informed and believes and thereupon alleges that on or about April
23, 2009, Safeco made an initial draw on the LOC in the amount of $1,000,000.00, and on or
about June 16, 2009, made a second and final draw on the LOC for the remaining balance of
$4,700,000.00.

11.    This Complaint arises out of a dispute between the Trustee and Safeco regarding
Safeco's retention of amounts drawn on the LOC that exceed Safeco's maximum potential
liability under the Safeco Bonds.  Due to various factors, including, but not limited to, the
expiration of applicable statutes of limitation for making claims on certain of the Safeco Bonds,
as well as the existence of Bankruptcy Court orders expunging or barring claims by certain
obligees and/or third parties as to the obligations underlying certain of the Safeco Bonds, among
other things, the Trustee is informed and believes and thereupon alleges that Safeco's maximum
contingent aggregate liability on the Safeco Bonds is no more than $93,718.85.  The Trustee is
further informed and believes that as of October 26, 2016, Safeco held $4,412,202.20 in

proceeds from the LOC, ostensibly as reserves for future indemnification claims arising from hypothetical future capital outlays with respect to the Safeco Bonds.

12.    GICA is not a named defendant herein because the Trustee is informed and believes and thereupon alleges that as of the date hereof, no excess proceeds exist as to the bonds for which GICA was the named surety.  The Trustee reserves the right to amend this complaint to identify GICA as a defendant for excess proceeds as to those bonds, to the extent that it becomes appropriate or necessary.

13.    The Trustee is informed and believes that the LOC proceeds were issued in an amount that was not sufficient to cover the full penal sums of all of the Safeco Bonds (to the extent that Safeco was required to make full payment on each and every of the Safeco Bonds), which amount was $9,848,490.    However, as set forth herein, the LOC proceeds drawn by Safeco far exceeded the amounts required to indemnify Safeco for the sums it has already expended (in payments to obligees and related costs and fees) and its maximum contingent aggregate liability on the Safeco Bonds.

14.    The Trustee is informed and believes and thereupon alleges that of the LOC proceeds in the amount of $5,700,000.00 that Safeco has paid obligees of the Safeco Bonds the total amount of $958,310.97.  The Trustee is further informed and believes that Safeco has further reduced the LOC proceeds by approximately $329,486.83 for costs, fees, and expenses relating to the Safeco Bonds.  The Trustee is therefore informed and believes and thereupon alleges that Safeco presently holds $4,412,202.20 in LOC proceeds relating to the Safeco Bonds.

15.    Notwithstanding that Safeco's maximum contingent aggregate liability on the Safeco Bonds is no more than $93,718.85, and despite numerous demands by the Trustee, Safeco refuses to turn over to the Trustee for the benefit of the Trust, the amount of $4,318,483.35 (the

"Aggregate Excess LOC Proceeds") which amount equals the LOC proceeds Safeco currently holds ($4,412,202.20) less Safeco's maximum contingent liability on the Safeco Bonds ($93,718.85).

16.    On October 11, 2016, Trustee's counsel sent a meet-and-confer letter to Safeco's counsel regarding the Safeco Bonds and the Aggregate Excess LOC Proceeds, which was supplemented by further correspondence, dated October 26, 2016, from the Trustee's counsel to Safeco's counsel.   The letters set forth substantially all of the allegations of this Complaint with respect to the majority of the Safeco Bonds, and enclosed therewith copies of the applicable Safeco Bonds, related proofs of claim filed against the Debtors, copies of the orders and other docketed items relating to those proofs of claim, and a detailed spreadsheet providing the basis for the Trustee's accounting of the Aggregate Excess LOC Proceeds.   Safeco responded to the Trustee's October 11, 2016 letter (as supplemented by the October 26, 2016 letter) in writing on February 10, 2017.   The majority of Safeco's 5-page response was a recitation of alleged facts and did not include any meaningful and/or detailed bond-by-bond analysis.   Notwithstanding the wealth of information and detailed analysis provided to Safeco, Safeco refused and continues to refuse to meaningfully respond to the Trustee's demand for turnover of the Aggregate Excess LOC Proceeds.

17.    The Aggregate Excess LOC Proceeds are property of the Trust, as the successor in interest to the bankruptcy estates of the Debtors (who are the respective principal(s) on each of the Safeco Bonds).   Given Safeco's refusal to turn over the Aggregate Excess LOC Proceeds, the Trust hereby seeks an order of this Court requiring and compelling Safeco to return the same.

18.    The Trustee submits that Safeco's refusal to meaningfully respond to the Trustee's demands may be the result of (a) Safeco's misplaced desire to retain the Aggregate

Excess LOC Proceeds without any legitimate right, claim, or title thereto and/or (b) Safeco's intention to continue to generate expenses. The Trustee is concerned that Safeco will eventually argue that the legal fees and additional expenses are indemnifiable as legitimate expenses relating to the Safeco Bonds and will reduce the amount of the Aggregate Excess LOC Proceeds returnable to the Trust. If the Trustee discovers information that supports his suspicions regarding Safeco's conduct, the Trustee reserves the right to amend this Complaint to allege related claims and seek punitive damages.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

20.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

21.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409, as the Debtors' underlying bankruptcy cases are pending before this Court.

22.    The statutory and legal predicates for the relief requested in this Complaint are sections 541 and 542 of Bankruptcy Code, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), 28 U.S.C. § 2201, and applicable state and federal law.

## PARTIES

23.    The Trustee is the duly appointed trustee of the Trust which is the successor in interest to the Debtors pursuant to the confirmed "Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims" (the "Plan"). The Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to

seek any and all related relief.  The claims for relief stated herein are claims transferred to the Trust by the Debtors through the Plan.

24.     The Trustee is informed and believes, and based thereon alleges, that defendant Safeco is a corporation incorporated in the State of Washington, with a principal place of business in Boston, Massachusetts.  The Trustee is further informed and believes, and based thereon alleges, that Safeco conducts its business throughout the entire continental United States, as well as one or more of its territories.  Safeco is the surety who issued each of the Safeco Bonds.

## GENERAL ALLEGATIONS

### A.    The Safeco Bonds and the Letter of Credit

25.     Under a General Agreement of Indemnity between Circuit City and Safeco, dated July 9, 1992 (the "GIA"), Circuit City agreed to indemnify Safeco with respect to the Safeco Bonds, and to "pay to . . . [Safeco] upon demand all loss and expense, including reasonable attorney fees, incurred by . . . [Safeco] by reason of having executed any Bond."

26.     The Trustee is informed and believes and thereupon alleges that the LOC funds drawn by Safeco are maintained in one or more accounts with respect to Safeco's maximum contingent aggregate liability as to the Safeco Bonds and that Safeco does not maintain separate accounts as to each of the Safeco Bonds.

27.     The Trustee is informed and believes and thereupon alleges that Safeco contends that its maximum contingent aggregate liability is in an amount equal to or exceeding $8,815,979.03.

28.     The Trustee is informed and believes and thereupon alleges that notwithstanding any representations made by Safeco to the contrary, Safeco's maximum contingent aggregate

liability is less than or equal to $93,718.85, arising specifically from contingent liability arising from the following Safeco Bonds (all as defined below): (1) Bond 35 in the amount of $14,000.00; (2) Bond 82 in the amount of $29,152.36; (3) Bond 87 in the amount of $17,243.38; (4) Bond 95 in the amount of $23,850; and, (5) Bond 98 in the amount of $9,473.11.

29.    The Trustee is informed and believes and thereupon alleges that, as further set forth in the chart which is annexed hereto as **Appendix "A"** (and as further discussed below), the obligees of certain of the Safeco Bonds have made demands upon Safeco for payment of a portion (or the entirety) of the penal sums of the respective Safeco Bonds and Safeco has paid certain of the obligees the sums demanded (in part, or in whole).  Notwithstanding Safeco's payments to obligees and except where the penal sum of any given bond has been paid in full, Safeco holds funds in excess of any outstanding obligation that may be due or owing with respect to each of the Safeco Bonds.

30.    As of the Petition Date, the following Safeco Bonds remained outstanding (each individually, a "Safeco Bond") [2]:

(1).    Bond 1:  Safeco Bond Number 5732806 ("Bond 1") in favor of the Jacksonville Electric Authority ("Jacksonville") in the maximum penal sum of $40,600.00 to secure the prompt payment of electrical bills by Circuit City.  A true and correct copy of Bond 1 is attached as **Exhibit "1"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(2).    Bond 2: Safeco Bond Number 5732821 ("Bond 2") in favor of Gulf States Utilities Company of Baton Rouge, Louisiana in the amount of $9,300.00 to secure the prompt

---

2 A summary of all Safeco Bonds and Safeco's maximum contingent outstanding liabilities is set forth in **Appendix A.**

payment of electrical bills by Circuit City.  A true and correct copy of Bond 2 is attached as **Exhibit "2"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(3).    Bond 3:  Safeco Bond Number 5786557 ("Bond 3") in favor of Louisiana Power & Light Company in the amount of $15,000.00 to secure the prompt payment of electrical bills by Circuit City.  A true and correct copy of Bond 3 is attached as **Exhibit "3"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(4).    Bond 4:  Safeco Bond Number 5786558 ("Bond 4") in favor of Louisiana Power & Light Company in the amount of $15,000.00 to secure the prompt payment of electrical bills by Circuit City.  A true and correct copy of Bond 4 is attached as **Exhibit "4"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(5).    Bond 5:   Safeco Bond Number 5786559 ("Bond 5") in favor of New Orleans Public Service, Inc. in the amount of $15,000.00 to secure the prompt payment of electrical and/or gas bills by Circuit City.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(6).    Bond 6:  Safeco Bond Number 5786563 ("Bond 6") in favor of Tim Ryles, Insurance Commissioner of the State of Georgia, and his successors in office, in the amount of $100,000.00 to secure Circuit City's performance of its obligations under electronic consumer products service contracts or home warranties.  A true and correct copy of Bond 6 is attached as

**Exhibit "6"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(7).    Bond 7:    Safeco Bond Number 5786564 ("Bond 7") in favor of Brownsville Public Utility Department ("Brownsville") in the amount of $6,000.00 to secure the prompt payment of utility bills by Circuit City.  A true and correct copy of Bond 7 is attached as **Exhibit "7"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(8).    Bond 8:    Safeco Bond Number 5807614 ("Bond 8") in favor of North Little Rock Utilities Accounting Department ("Little Rock") in the amount of $6,000.00 to secure the prompt payment of electrical bills by Circuit City.  A true and correct copy of Bond 8 is attached as **Exhibit "8"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(9).    Bond 9:    Safeco Bond Number 5807629 ("Bond 9") in favor of Bill Gunter, Insurance Commissioner and Treasurer of Florida, and his successors in office Jeff Atwater, Chief Financial Officer of Florida ("Florida CFO"), in the amount of $100,000.00 to secure Circuit City's performance of its obligations under its service or home warranties sold in Florida.  A true and correct copy of Bond 9 is attached as **Exhibit "9"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(10).    Bond 10:    Safeco Bond Number 5807637 ("Bond 10") w in favor of the City of Lafayette Utilities System ("Lafayette") in the amount of $5,910.00 to secure the prompt

payment of utility bills by Circuit City.  A true and correct copy of Bond 10 is attached as **Exhibit "10"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(11).   Bond 11:  Safeco Bond Number 5807638 ("Bond 11") in favor of the City of Tallahassee, Florida ("Tallahassee") in the amount of $12,200.00 to secure the prompt payment of utility bills by Circuit City.  A true and correct copy of Bond 11 is attached as **Exhibit "11"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(12).   Bond 12:  Safeco Bond Number 5807643 ("Bond 12") in favor of the State of Nevada ("Nevada") in the amount of $200,000.00 to secure payment of Nevada taxes by CC-West.  A true and correct copy of Bond 12 is attached as **Exhibit "12"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(13).   Bond 13:  Safeco Bond Number 5829457 ("Bond 13") Circuit City in favor of the United States Customs Service in the amount of $200,000.00 to secure the payment of customs duties by Circuit City.   As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(14).   Bond 14:  Safeco Bond Number 5829483 ("Bond 14") in favor of the Massachusetts Turnpike Authority in the amount of $1,000.00 to secure the prompt payment of a toll credit account by Circuit City.  A true and correct copy of Bond 14 is attached as **Exhibit**

**"14"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(15).    Bond 15:   Safeco Bond Number 5860593 ("Bond 15") in favor of Florida Power Corporation in the amount of $99,775.00 to secure the prompt payment of utility bills by Circuit City.  A true and correct copy of Bond 15, along with certain of its riders, is attached as **Exhibit "15"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(16).    Bond 16:   Safeco Bond Number 5860601 ("Bond 16") in favor of the City of Orlando ("Orlando") in the amount of $13,500.00 to secure the prompt payment of utility bills by Circuit City.  A true and correct copy of Bond 16 is attached as **Exhibit "16"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(17).    Bond 17: Safeco Bond Number 5869811 ("Bond 17") in favor of the Knoxville Utilities Board ("Knoxville") in the amount of $1,500.00 to secure the prompt payment of utility bills by Circuit City.  A true and correct copy of Bond 17 is attached as **Exhibit "17"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(18).    Bond 18:  Safeco Bond Number 5869813 ("Bond 18") in favor of Kentucky Utilities Company ("KUC") in the amount of $5,500.00 to secure the prompt payment of electric service bills by Circuit City.  A true and correct copy of Bond 18 is attached as **Exhibit "18"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

Case 08-35653-KRH   Doc 14013   Filed 02/17/17   Entered 02/17/17 12:33:55   Desc
Main Document    Page 14 of 72


(19).   <u>Bond 19</u>:  Safeco Bond Number 5876344 ("<u>Bond 19</u>") in favor of Tampa Electric Company ("<u>Tampa</u>") in the amount of $86,000.00 to secure the prompt payment of electric service bills by Circuit City for various store locations in Florida.  A true and correct copy of Bond 19 is attached as **<u>Exhibit "19"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(20).   <u>Bond 20</u>:  Safeco Bond Number 5876418 ("<u>Bond 20</u>") in favor of the City of Huntsville ("<u>Huntsville</u>") in the amount of $16,000.00 to secure the prompt payment of utility bills by Circuit City.  A true and correct copy of Bond 20 is attached as **<u>Exhibit "20"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(21).   <u>Bond 21</u>:  Safeco Bond Number 5895705 ("<u>Bond 21</u>") in favor of Atmos Energy Corporation ("<u>Atmos</u>") as the successor-by-acquisition to United Cities Gas Co., in the amount of $3,350.00 to secure the prompt payment of gas service bills by Circuit City for store location 3247.  A true and correct copy of Bond 21 is attached as **<u>Exhibit "21"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(22).   <u>Bond 22</u>:  Safeco Bond Number 5895708 ("<u>Bond 22</u>") in favor of City of Rocky Mount ("<u>Rocky Mount</u>") in the amount of $2,900.00 to secure the prompt payment of utility bills by Circuit City.  A true and correct copy of Bond 22 is attached as **<u>Exhibit "22"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

Page 14 of 72

(23).    Bond 23:  Safeco Bond Number 5895710 ("Bond 23") in favor of CLECO

Power, LLC ("CLECO") (f/k/a Central Louisiana Electric Company, Inc.) in the amount of

$5,500.00 to secure the prompt payment of utility services by Circuit City for store location

number 3255.  A true and correct copy of Bond 23 is attached as **Exhibit "23"**.  As set forth in

Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no

further potential liability with respect to this bond because the full penal sum of the bond has

been paid.

(24).    Bond 24:  Safeco Bond Number 5895711 ("Bond 24") in favor of the

Maine Turnpike Authority ("MTA") in the amount of $5,000.00 to secure the payment of a toll

credit account by Circuit City.  A true and correct copy of Bond 24 is attached as **Exhibit "24"**.

As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that

Safeco has no remaining potential contingent liability with respect to this bond.

(25).    Bond 25:  Safeco Bond Number 5895712 ("Bond 25") in favor of the

Pennsylvania Turnpike Commission (the "Turnpike Commission") in the amount of $3,000.00 to

secure the payment of a toll credit account by Circuit City.  A true and correct copy of Bond 25

is attached as **Exhibit "25"**.  As set forth in Appendix A, the Trustee is informed and believes

and thereupon alleges that Safeco has no remaining potential contingent liability with respect to

this bond.

(26).    Bond 26:  Safeco Bond Number 5910793 ("Bond 26") in favor of

Southwestern Electric Power Company ("Southwestern Power") in the amount of $4,600.00 to

secure the payment of electric service bills by Circuit City.  A true and correct copy of Bond 26

is attached as **Exhibit "26"**.  As set forth in Appendix A, the Trustee is informed and believes

and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(27).   Bond 27:  Safeco Bond Number 5930784 ("Bond 27") in favor of the State of Nevada in the amount of $2,000.00 to secure the performance by Circuit City of its obligations under a Nevada Contractor's license.  A true and correct copy of Bond 27 is attached as **Exhibit "27"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(28).   Bond 28:  Safeco Bond Number 5930806 ("Bond 28") in favor of Teco People's Gas in the amount of $1,000.00 to secure payment by Circuit City of gas utility bills.  A true and correct copy of Bond 28 is attached as **Exhibit "28"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(29).   Bond 29:  Safeco Bond Number 5930808 ("Bond 29") in favor of Westar Energy, Inc. ("Westar") (f/k/a as Western Resources, Inc.) (dba Kansas City Power & Light Company, "KPL") in the amount of $1,000.00 to secure payment by Circuit City of utility bills. A true and correct copy of Bond 29 is attached as **Exhibit "29"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(30).   Bond 30:  Safeco Bond Number 5930834 ("Bond 30") in favor of Entergy Mississippi, Inc. in the amount of $17,100.00 to secure payment by Circuit City of electric services.  A true and correct copy of Bond 30 is attached as **Exhibit "30"**.  As set forth in

Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(31).    Bond 31:  Safeco Bond Number 5930870 ("Bond 31") in favor of Entergy Gulf States, Inc. in the amount of $6,950.00 to secure payment by Circuit City of electric services.  A true and correct copy of Bond 31 is attached as **Exhibit "31"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(32).    Bond 32:  Safeco Bond Number 5930893 ("Bond 32") in favor of the New York State Thruway Authority (the "NY Authority") in the amount of $1,000.00 to secure payment by Circuit City of a toll credit account.  A true and correct copy of Bond 32 is attached as **Exhibit "32"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(33).    Bond 33:  Safeco Bond Number 5930905 ("Bond 33") in favor of the Metropolitan Government of Nashville and Davidson County, Tennessee ("Nashville") in the amount of $1,000.00 to secure payment by Circuit City of water and sewer services.  A true and correct copy of Bond 33 is attached as **Exhibit "33"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(34).    Bond 34:  Safeco Bond Number 5930908 ("Bond 34") in favor of the Maine Turnpike Authority in the amount of $5,000.00 to secure the payment of a toll credit account by Circuit City.  A true and correct copy of Bond 34 is attached as **Exhibit "34"**.  As set

forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(35). <u>Bond 35</u>:  Safeco Bond Number 6088504 ("<u>Bond 35</u>") in favor of Santee Cooper ("<u>Santee</u>") in the amount of $14,000.00 to secure the payment by Circuit City of electric services to store location number 3246.  A true and correct copy of Bond 35 is attached as **<u>Exhibit "35"</u>**.

(36). <u>Bond 36</u>:  Safeco Bond Number 6088516 ("<u>Bond 36</u>") in favor of the City of Vero Beach Utilities ("<u>Vero Beach</u>") in the amount of $14,000.00 to secure the payment by Circuit City of utility services.  A true and correct copy of Bond 36 is attached as **<u>Exhibit "36"</u>**. As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(37). <u>Bond 37</u>:  Safeco Bond Number 6088523 ("<u>Bond 37</u>") in favor of the Electric Power Board of Chattanooga, Tennessee ("<u>Chattanooga</u>") in the amount of $8,600.00 to secure the payment by Circuit City of electric services.  A true and correct copy of Bond 37 is attached as **<u>Exhibit "37"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(38). <u>Bond 38</u>:  Safeco Bond Number 6088524 ("<u>Bond 38</u>") in favor of the City of Lakeland, Florida ("<u>Lakeland</u>") in the amount of $14,000.00 to secure the payment by Circuit City of electric services.  A true and correct copy of Bond 38 is attached as **<u>Exhibit "38"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(39).    <u>Bond 39</u>:    Safeco Bond Number 6088526 ("<u>Bond 39</u>") in favor of

AEP/Public Service Company of Oklahoma ("<u>AEP</u>") in the amount of $9,474.00 to secure the

payment by Circuit City of electric service.    A true and correct copy of Bond 39 is attached as

**<u>Exhibit "39"</u>**.    As set forth in Appendix A, the Trustee is informed and believes and thereupon

alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(40).    <u>Bond 40</u>:    Safeco Bond Number 6088527 ("<u>Bond 40</u>") in favor of Kansas

City Power & Light Company in the amount of $3,500.00 to secure the payment by Circuit City

of electric services.    As set forth in Appendix A, the Trustee is informed and believes and

thereupon alleges that Safeco has no remaining potential contingent liability with respect to this

bond.

(41).    <u>Bond 41</u>:    Safeco Bond Number 6156367 ("<u>Bond 41</u>") in favor of

Consolidated Edison Company of New York, Inc. ("<u>ConEd</u>") in the amount of $81,140.00 to

secure the payment by Circuit City of utility services to various store locations.    A true and

correct copy of Bond 41 is attached as **<u>Exhibit "41"</u>**.    As set forth in Appendix A, the Trustee is

informed and believes and thereupon alleges that Safeco has no remaining potential contingent

liability with respect to this bond.

(42).    <u>Bond 42</u>:    Safeco Bond Number 6189274 ("<u>Bond 42</u>") in favor of the City

of Orlando in the amount of $5,000.00 to secure the payment by Circuit City of utility services.

A true and correct copy of Bond 42 is attached as **<u>Exhibit "42"</u>**.    As set forth in Appendix A, the

Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential

contingent liability with respect to this bond.

(43).    <u>Bond 43</u>:    Safeco Bond Number 6200155 ("<u>Bond 43</u>") was obtained by

Jordan R. Portney (as principal) in favor of the State of Indiana in the amount of $5,000.00 to

secure her obligations as a notary in the State of Indiana.  A true and correct copy of Bond 43 is attached as **Exhibit "43"**.  None of the Circuit City Debtors are a principal with respect to Bond 43.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(44).    Bond 44: Safeco Bond Number 6216827 ("Bond 44") in favor of Kentucky Utilities ("KUC") in the amount of $5,000.00 to secure the payment by Circuit City of electric services.  A true and correct copy of Bond 44 is attached as **Exhibit "44"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(45).    Bond 45:  Safeco Bond Number 6216840 ("Bond 45") in favor of the State of Nevada in the amount of $30,000.00 to secure payment of Nevada taxes by Circuit City.  A true and correct copy of Bond 45 is attached as **Exhibit "45"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(46).    Bond 46:  Safeco Bond Number 6275855 ("Bond 46") in favor of the Withlacoochee River Electric Cooperative ("Withlacoochee") in the amount of $12,000.00 to secure payment of electric services by Circuit City.  A true and correct copy of Bond 46 is attached as **Exhibit "46"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(47).    Bond 47:  Safeco Bond Number 6305633 ("Bond 47") in favor of the Department of Transportation of the State of New York in the amount of $10,000.00 to secure payment of Circuit City's obligations related to the installation of a traffic signal.  A true and

correct copy of Bond 47 is attached as **Exhibit "47"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(48).  Bond 48:  Safeco Bond Number 6327553 ("Bond 48") in favor of the United States Customs Service in the amount of $1,000,000.00 to secure payment of customs duties by Circuit City.  A true and correct copy of Bond 48 is attached as **Exhibit "48"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.  The Trustee is informed and believes, and based thereon alleges, that the date of the last entry of imported merchandise which was subject to the Bond 48 was on or about March 31, 2009.

(49).  Bond 49:  Safeco Bond Number 6335771 ("Bond 49") in favor of Progress Energy Carolinas, Inc. in the amount of $88,982.00 to secure payment by Circuit City of electric services provided at various locations.  A true and correct copy of Bond 49 is attached as **Exhibit "49"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(50).  Bond 50:  Safeco Bond Number 6335792 ("Bond 50") in favor of Salt River Project Agricultural Improvement and Power District ("Salt River") in the amount of $150,804.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 50 is attached as **Exhibit "50"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(51).  Bond 51:  Safeco Bond Number 6355422 ("Bond 51") in favor of the City of Miami Beach, Florida ("Miami Beach") in the amount of $5,000.00 to secure faithful

performance by Circuit City of its obligations under a City of Miami mail order business license. A true and correct copy of Bond 51 is attached as **Exhibit "51"**. As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(52).    Bond 52:   Safeco Bond Number 6355484 ("Bond 52") in favor of the City of East Point, a Georgia Municipal Corporation ("East Point"), in the amount of $15,000.00 to secure payment by Circuit City for utility services.  A true and correct copy of the Bond 52 is attached as **Exhibit "52"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(53).    Bond 53:   Safeco Bond Number 6403858 ("Bond 53") in favor of the State of Arizona in the amount of $2,000.00 to secure performance by Circuit City of its obligations under an Arizona residential contractor's license.  A true and correct copy of Bond 53 is attached as **Exhibit "53"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(54).    Bond 54:   Safeco Bond Number 6403859 ("Bond 54") in favor of the State of Arizona in the amount of $52,500.00 to secure faithful performance by Circuit City of its obligations under Arizona residential and commercial contractor's licenses.  A true and correct copy of Bond 54 is attached as **Exhibit "54"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(55).    Bond 55: Safeco Bond Number 6403862 ("Bond 55") in favor of
Hillsborough County ("Hillsborough") in the amount of $5,000.00 to secure faithful performance
by Circuit City of its obligations under a Florida contractor's license.  A true and correct copy of
Bond 55 is attached as **Exhibit "55"**.  As set forth in Appendix A, the Trustee is informed and
believes and thereupon alleges that Safeco has no remaining potential contingent liability with
respect to this bond.

(56).    Bond 56:  Safeco Bond Number 6403865 ("Bond 56") in favor of the
State of Arizona and the Arizona Department of Revenue in the amount of $2,000.00 to secure
payment by Circuit City of Arizona transaction privilege taxes.  A true and correct copy of Bond
56 is attached as **Exhibit "56"**.  As set forth in Appendix A, the Trustee is informed and believes
and thereupon alleges that Safeco has no remaining potential contingent liability with respect to
this bond.

(57).    Bond 57:  Safeco Bond Number 6403866 ("Bond 57") in favor of the
County Commissioners of Frederick County, Maryland ("Frederick County") in the amount of
$10,000.00 to secure faithful performance by Circuit City under a license to perform electrical
work in Frederick County.  A true and correct copy of Bond 57 is attached as **Exhibit "57"**.  As
set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco
has no remaining potential contingent liability with respect to this bond.

(58).    Bond 58:  Safeco Bond Number 6403880 ("Bond 58") in favor of the
State of Washington in the amount of $4,000.00 to secure performance by Circuit City under a
Washington electrical/telecommunications contractor's license.  A true and correct copy of Bond
58 is attached as **Exhibit "58"**.  As set forth in Appendix A, the Trustee is informed and believes

and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(59).    Bond 59:    Safeco Bond Number 6403889 ("Bond 59") in favor of the State of Arizona in the amount of $7,500.00 to secure performance by Circuit City of its obligations under an Arizona residential contractor's license.  A true and correct copy of Bond 59 is attached as **Exhibit "59"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(60).    Bond 60:    Safeco Bond Number 6403890 ("Bond 60") in favor of the State of Maryland in the amount of $20,000.00 to secure performance by Circuit City of its obligations under a Maryland home improvement contractor's bond.  A true and correct copy of Bond 60 is attached as **Exhibit "60"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(61).    Bond 61:    Safeco Bond Number 6403901 ("Bond 61") in favor of the State of New Mexico, Regulation and Licensing Department, Construction Industries Division, in the amount of $5,000.00 to secure Circuit City's performance of its obligations under a New Mexico contractor's license.  A true and correct copy of Bond 61 is attached as **Exhibit "61"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(62).    Bond 62:    Safeco Bond Number 6403902 ("Bond 62") in favor of the State of Iowa Division of Labor in the amount of $50,000.00 to secure performance of its obligations as an out-of-state contractor doing work in Iowa.  A true and correct copy of Bond 62

is attached as **Exhibit "62"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(63).  Bond 63:  Safeco Bond Number 6403907 ("Bond 63") in favor of the State of Delaware in the amount of $10,000.00 to secure faithful performance by Circuit City of its obligations under a Delaware license to engage in the security systems and protective services business.  A true and correct copy of Bond 63 is attached as **Exhibit "63"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(64).  Bond 64:  Safeco Bond Number 6403908 ("Bond 64") in favor of Arizona service contract holders in the amount of $100,000.00 to secure performance by Circuit City of its obligations under service contracts sold by Circuit City in Arizona.  A true and correct copy of Bond 64 is attached as **Exhibit "64"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(65).  Bond 65:  Safeco Bond Number 6403909 ("Bond 65") in favor of the State of California in the amount of $12,500.00 to secure performance by Circuit City of its obligations under a California contractor's license.  A true and correct copy of Bond 65 is attached as **Exhibit "65"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(66).  Bond 66:  Safeco Bond Number 6403922 ("Bond 66") in favor of the State of Oregon in the amount of $15,000.00 to secure performance by Circuit City of its

obligations under an Oregon contractor's license.  A true and correct copy of Bond 66 is attached
as **Exhibit "66"**.  As set forth in Appendix A, the Trustee is informed and believes and
thereupon alleges that Safeco has no remaining potential contingent liability with respect to this
bond.

(67).    Bond 67:  Safeco Bond Number 6457118 ("Bond 67") in favor of the
State of Minnesota in the amount of $25,000.00 to protect persons suffering financial loss due to
Circuit City's performance as a contractor.  A true and correct copy of Bond 67 is attached as
**Exhibit "67"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon
alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(68).    Bond 68:  Safeco Bond Number 6457119 ("Bond 68") in favor of the
State of Nevada in the amount of $30,000.00 to protect persons suffering from loss due to Circuit
City's performance as a Nevada contractor.  A true and correct copy of Bond 68 is attached as
**Exhibit "68"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon
alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(69).    Bond 69:  Safeco Bond Number 6457128 ("Bond 69") in favor of the
State of Arizona in the amount of $2,000.00 to secure payment by Circuit City of transaction
privilege taxes imposed on Arizona contractors.  A true and correct copy of Bond 69 is attached
as **Exhibit "59"**.  As set forth in Appendix A, the Trustee is informed and believes and
thereupon alleges that Safeco has no remaining potential contingent liability with respect to this
bond.

(70).    Bond:  Safeco Bond Number 6457129 ("Bond 70") in favor of the State of
California in the amount of $12,500.00 to secure performance by Circuit City of its obligations,
and those of an employed qualifying individual, with respect to work performed as a California

contractor.  A true and correct copy of Bond 70 is attached as **Exhibit "70"**.  As set forth in

Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no

remaining potential contingent liability with respect to this bond.

(71). <u>Bond 71</u>:  Safeco Bond Number 6457130 ("<u>Bond 71</u>") in favor of the

State of California in the amount of $12,500.00 to secure performance by Circuit City of its

obligations, and those of an employed qualifying individual, with respect to work performed as a

California contractor.  A true and correct copy of Bond 71 is attached as **Exhibit "71"**.  As set

forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has

no remaining potential contingent liability with respect to this bond.

(72). <u>Bond 72</u>:  Safeco Bond Number 6457131 ("<u>Bond 72</u>") in favor of the

State of California in the amount of $12,500.00 to secure performance by Circuit City of its

obligations, and those of an employed qualifying individual, with respect to work performed as a

California contractor.  A true and correct copy of Bond 72 is attached as **Exhibit "72"**.  As set

forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has

no remaining potential contingent liability with respect to this bond.

(73). <u>Bond 73</u>:  Safeco Bond Number 6457132 ("<u>Bond 73</u>") in favor of the

State of California in the amount of $12,500.00 to secure performance by Circuit City of its

obligations, and those of an employed qualifying individual, with respect to work performed as a

California contractor.  A true and correct copy of Bond 73 is attached as **Exhibit "73"**.  As set

forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has

no remaining potential contingent liability with respect to this bond.

(74). <u>Bond 74</u>:  Safeco Bond Number 6457133 ("<u>Bond 74</u>") in favor of the

State of California in the amount of $12,500.00 to secure performance by Circuit City of its

obligations, and those of an employed qualifying individual, with respect to work performed as a California contractor.  A true and correct copy of Bond 74 is attached as **Exhibit "74"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(75).  Bond 75:  Safeco Bond Number 6457154 ("Bond 75") in favor of the State of Oklahoma and the Oklahoma Tax Commission, in the amount of $500.00 to secure Circuit City's performance of its obligations under an Oklahoma sales tax permit.  A true and correct copy of Bond 75 is attached as **Exhibit "75"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(76).  Bond 76:  Safeco Bond Number 6457176 ("Bond 76") in favor of Laclede Gas Company dba Missouri Gas Energy ("Missouri Gas") in the amount of $1,350.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 76 is attached as **Exhibit "76"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(77).  Bond 77:  Safeco Bond Number 6457178 ("Bond 77") in favor of Greystone Power Corporation ("Greystone") in the amount of $2,500.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 77 is attached as **Exhibit "77"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(78).  Bond 78:  Safeco Bond Number 6489799 ("Bond 78") in favor of the City of Dover ("Dover") in the amount of $9,000.00 to secure payment by Circuit City of utility

services.  A true and correct copy of Bond 78 is attached as **Exhibit "78"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(79).  <u>Bond 79</u>:  Safeco Bond Number 6489803 ("<u>Bond 79</u>") in favor of the Kissimmee Utility Authority ("<u>Kissimmee</u>") in the amount of $35,000.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 79 is attached as **Exhibit "79"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(80).  <u>Bond 80</u>:  Safeco Bond Number 6489808 ("<u>Bond 80</u>") in favor of the Knoxville Utilities Board ("<u>Knoxville</u>") in the amount of $2,000.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 80 is attached as **Exhibit "80"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(81).  <u>Bond 81</u>:  Safeco Bond Number 6489809 ("<u>Bond 81</u>") in favor of Progress Energy Corporation in the amount of $52,115.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 81 is attached as **Exhibit "81"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(82).  <u>Bond 82</u>:  Safeco Bond Number 6489815 ("<u>Bond 82</u>") in favor of the Puerto Rico Electric Power Authority ("<u>PREPA</u>") in the amount of $41,760.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 82 is attached as **Exhibit "82"**.   The Trustee is informed and believes that Safeco retains potential contingent liability with respect to $29,152.36 of this bond.

(83).   <u>Bond 83</u>: Safeco Bond Number 6489816 ("<u>Bond 83</u>") in favor of the IWCC and Dwyer in the amount of $74,102.82 as surety for payment of an award against Circuit City in the Illinois Worker's Compensation Commission case identified as Case Number 07 IWCC 1483, 05 WC 12173 in the event of Circuit City's unsuccessful appeal of the same.   A true and correct copy of Bond 83 is attached as **<u>Exhibit "83"</u>**.   As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(84).   <u>Bond 84</u>: Safeco Bond Number 6489819 ("<u>Bond 84</u>") in favor of Lee County Electric Cooperative, Inc. ("<u>Lee County</u>") in the amount of $12,100.00 to secure payment by Circuit City of electric services.   A true and correct copy of Bond 84 is attached as **<u>Exhibit "84"</u>**.   As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(85).   <u>Bond 85</u>:   Safeco Bond Number 6489824 ("<u>Bond 85</u>") in favor of the Dixie Electric Cooperative ("<u>Dixie</u>") in the amount of $12,210.00 to secure payment by Circuit City of utility services.   A true and correct copy of Bond 85 is attached as **<u>Exhibit "85"</u>**.   As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(86).   <u>Bond 86</u>:   Safeco Bond Number 6489825 ("<u>Bond 86</u>") in favor of Duke Power, a division of Duke Energy Corporation ("<u>Duke Power</u>"), in the amount of $133,700.00 to secure payment by Circuit City of electric services.   A true and correct copy of Bond 86 is attached as **<u>Exhibit "86"</u>**.   As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(87).    Bond 87:  Safeco Bond Number 6489827 ("Bond 87") in favor of the Puerto Rico Electric Power Authority in the amount of $36,000.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 87 is attached as **Exhibit "87"**.   The Trustee is informed and believes that Safeco retains potential contingent liability with respect to $17,243.38 of this bond.

(88).    Bond 88:  Safeco Bond Number 6489833 ("Bond 88") in favor of the City of Alcoa ("Alcoa") in the amount of $12,000.00 to secure payment by Circuit City of electric utility services.  A true and correct copy of Bond 88 is attached as **Exhibit "88"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(89).    Bond 89:  Safeco Bond Number 6489834 ("Bond 89") in favor of Dominion Virginia Power ("Dominion") in the amount of $482,563.00 to secure payment by Circuit City of electric services.  A true and correct copy of Bond 89 is attached as **Exhibit "89"**. As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(90).    Bond 90:  Safeco Bond Number 6489835 ("Bond 90") in favor of the Knoxville Utilities Board in the amount of $15,500.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 90 is attached as **Exhibit "90"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no further potential liability with respect to this bond because the full penal sum of the bond has been paid.

(91).    Bond 91:  Safeco Bond Number 6489844 ("Bond 91") in favor of the Clarksville Department of Electricity ("Clarksville"), in the amount of $13,400.00 to secure

payment by Circuit City of electric services.  A true and correct copy of Bond 91 is attached as

**Exhibit "91"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon

alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(92).    Bond 92:  Safeco Bond Number 648984 ("Bond 92") in favor of the State

of Georgia in the amount of $120,000.00 to secure payment faithful and legally-compliant

performance by Circuit City of its duties as an ignition interlock provider center operator.  A true

and correct copy of Bond 92 is attached as **Exhibit "92"**.  As set forth in Appendix A, the

Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential

contingent liability with respect to this bond.

(93).    Bond 93:  Safeco Bond Number 6489848 ("Bond 93") in favor of the

people of the State of New York in the amount of $5,549.97 to secure performance of its

obligations under a game of chance (the Samsung Home Entertainment Sweepstakes) offered by

Circuit City to consumers.  A true and correct copy of Bond 93 is attached as **Exhibit "93"**.  As

set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco

has no remaining potential contingent liability with respect to this bond.

(94).    Bond 94:  Safeco Bond Number 6489851 ("Bond 94") in favor of Arizona

Public Service Company ("APS") in the amount of $177,000.00 to secure payment by Circuit

City of electric services.  A true and correct copy of Bond 94 is attached as **Exhibit "94"**.  As set

forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has

no remaining potential contingent liability with respect to this bond.

(95).    Bond 95:  Safeco Bond Number 6489872 ("Bond 95") in favor of the

Puerto Rico Electric Power Authority in the amount of $23,850.00 to secure payment by Circuit

City of utility services.  A true and correct copy of Bond 95 is attached as **Exhibit "95"**.  The

Trustee is informed and believes that Safeco retains potential contingent liability with respect to $23,850.00 of this bond.

(96).    Bond 96: Safeco Bond Number 6489874 ("Bond 96") in favor of the people of the State of New York in the amount of $11,499.50 to secure faithful performance of its obligations under a game of chance (the Gears of War 2 Sweepstakes) offered by Circuit City to consumers.  A true and correct copy of Bond 96 is attached as **Exhibit "96"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(97).    Bond 97: Safeco Bond Number 6489875 ("Bond 97") in favor of the people of the State of New York in the amount of $24,500.00 to secure faithful performance of its obligations under a game of chance (the "Holiday on Us" Sweepstakes) offered by Circuit City to consumers.  A true and correct copy of Bond 97 is attached as **Exhibit "97"**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(98).    Bond 98: Safeco Bond Number 6489878 ("Bond 98") in favor of the Utilities Board of the City of Foley, Alabama, d/b/a Riviera Utilities, in the amount of $10,000.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 98 is attached as **Exhibit "98"**.   The Trustee is informed and believes that Safeco retains potential contingent liability with respect to $9,473.11 of this bond.

(99).    Bond 99: Safeco Bond Number 6489885 ("Bond 99") in favor of Gulf Power Company ("Gulf Power") in the amount of $34,540.00 to secure payment by Circuit City of electric services.  A true and correct copy of Bond 99 is attached as **Exhibit "99"**.  As set

forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(100).  <u>Bond 100</u>: Safeco Bond Number 6489886 ("<u>Bond 100</u>") in favor of the people of the State of New York in the amount of $7,139.58 to secure faithful performance of its obligations under a game of chance (the "21 Days of Wii Fit" Sweepstakes) offered by Circuit City to consumers.  A true and correct copy of Bond 100 is attached as **<u>Exhibit "100"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(101).  <u>Bond 101</u>:  Safeco Bond Number 6489887 ("<u>Bond 101</u>") in favor of NY State Electric & Gas Corporation ("<u>NYSEG</u>") in the amount of $56,405.00 to secure payment by Circuit City of utility services.  A true and correct copy of Bond 101 is attached as **<u>Exhibit "101"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(102).  <u>Bond 102</u>: Safeco Bond Number 6489888 ("<u>Bond 102</u>") in favor of Entergy Arkansas, Inc. ("<u>Entergy Arkansas</u>") in the amount of $16,850.00 to secure payment by Circuit City of electric and/or gas services.  A true and correct copy of Bond 102 is attached as **<u>Exhibit "102"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(103).  <u>Bond 103</u>: Safeco Bond Number 6489889 ("<u>Bond 103</u>") in favor of Entergy Gulf States Louisiana, LLC in the amount of $55,550.00 to secure payment by Circuit City of electric and/or gas services.  A true and correct copy of Bond 103 is attached as **<u>Exhibit "103"</u>**.  As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no remaining potential contingent liability with respect to this bond.

(104).  Bond 104: Safeco Bond Number 6489890 ("Bond 104") in favor of
Entergy Mississippi, Inc. ("Entergy Mississippi") in the amount of $50,000.00 to secure payment
by Circuit City of electric and/or gas services.  A true and correct copy of Bond 104 is attached
as **Exhibit "104"**.  As set forth in Appendix A, the Trustee is informed and believes and
thereupon alleges that Safeco has no remaining potential contingent liability with respect to this
bond.

(105).  Bond 105: Safeco Bond Number 6489891 ("Bond 105") in favor of
Entergy Louisiana, LLC ("Entergy Louisiana") (f/k/a Entergy Gulf States, Inc., Entergy Gulf
States Louisiana, LLC, and Louisiana Power & Light Company) in the amount of $81,390.00 to
secure payment by Circuit City of electric and/or gas services.  A true and correct copy of Bond
105 is attached as **Exhibit "105"**.  As set forth in Appendix A, the Trustee is informed and
believes and thereupon alleges that Safeco has no remaining potential contingent liability with
respect to this bond.

(106).  Bond 106:  Safeco Bond Number 6581613 ("Bond 106") in favor of the
people of the State of New York in the amount of $5,399.92 to secure faithful performance of its
obligations under a game of chance (the "Player's Choice Pop-Up" Sweepstakes) offered by
Circuit City to consumers.  A true and correct copy of Bond 106 is attached as **Exhibit "106"**.
As set forth in Appendix A, the Trustee is informed and believes and thereupon alleges that
Safeco has no remaining potential contingent liability with respect to this bond.

(107).  Bond 107:  Safeco Bond Number 6581614 ("Bond 107") in favor of
Allegheny Power in the amount of $83,243.00 to secure payment by Circuit City of utility
services.  A true and correct copy of Bond 107 is attached as **Exhibit "107"**.  As set forth in

Appendix A, the Trustee is informed and believes and thereupon alleges that Safeco has no

remaining potential contingent liability with respect to this bond.

**B.    Disposition of the Indebtedness Underlying the Safeco Bonds**

31.    On or about December 11, 2008, upon the motion of the Debtors, the Court

entered an order (Docket No. 890 in the Bankruptcy Case) setting claims bar dates (the "Bar

Date Order").

32.    The Bar Date Order established a January 30, 2009 general claims bar date and a

May 11, 2009 government claims bar date (collectively, the "Bar Dates") for those persons

wishing to assert claims against the Debtors, but who did not fall under one the specifically

identified excluded classes identified in the Bar Date Order (the "Excluded Classes").

33.    The Bar Date Order provides that any person not among the Excluded Classes

failing to file a claim by the Bar Dates will be forever barred from asserting any claim against the

Debtors that was either in an amount exceeding that scheduled by the Debtors as non-contingent,

undisputed, and liquidated or was of a different nature than that scheduled by the Debtors.

34.    The Excluded Classes did not include Safeco or any of the obligees of any of the

Safeco Bonds.

35.    The Bar Date Order also directed the Debtors to transmit a notice of the Bar Dates

to all known creditors and equity security holders via first class mail, and to publish the notice in

the Richmond Times, the National Edition of the Wall Street Journal, and such other regional

newspapers as deemed appropriate by the Debtors.

36.     The following Safeco Bonds are made subject to claims in the Bankruptcy Case:

(1).     <u>Bond 20</u>:   The obligee (City of Huntsville) was a scheduled claimant in the amount of $8,513.07.   The claim was expunged by the Bankruptcy Court [Docket No. 12716].

(2).     <u>Bond 22</u>: The obligee (City of Rocky Mount) was a scheduled claimant in the amount of $6,288.28.   The claim was expunged by the Bankruptcy Court [Docket No. 12716].

(3).     <u>Bond 52</u>: The obligee (City of East Point) was a scheduled claimant in the amount of $9,176.63.  The claim was expunged by the Bankruptcy Court [Docket No. 12716].

(4).     <u>Bond 56 and Bond 69</u>: The obligee (Arizona's Department of Revenue) filed (i) Claims 1779, 2305, and 5102, each in the amount of $160,500.00; (ii) Claims 10432 and 11044, each in the amount of $294,883.73; (iii) Claims 11207 and 11273, each in the amount of $173,661.58; (iv) Claims 14674 and 14691, each in the amount of $290,436.01; and (v) Claims 14675, 14676, and 14695, each in the amount of $458,100.87.   Claim 1779 was expunged by the Bankruptcy Court [Docket No. 4466] (duplicate of Claim 5102). Claim 2305 was expunged by the Bankruptcy Court [Docket No. 4805] (duplicate of Claim 5102).  Claim 5102 was expunged by the Bankruptcy Court [Docket No. 7854] (superseded by Claim 14695).  Claim 10432 was expunged by the Bankruptcy Court [Docket No. 7069] (superseded by Claim 14674).  Claim 11044 was expunged by the Bankruptcy Court [Docket No. 4805] (duplicate of Claim 10432). Claim 11273 was expunged by the Bankruptcy Court [Docket No. 4170].  Claim 14675 was expunged by the Bankruptcy Court [Docket No. 7069] (duplicate of Claim 14695). Claim 14676 was expunged by the Bankruptcy Court [Docket No. 7069] (duplicate of Claim 14695). Claim 14691 was expunged by the Bankruptcy Court [Docket No. 7069] (duplicate of Claim 14674).

Claim Numbers 14674 and 14695 were allowed and paid in full in the allowed amount pursuant
to a settlement agreement and mutual release.

(5).    Bond 76: The obligee (Laclede Gas Company dba Missouri Gas Energy)
filed Claim Number 2669 in the amount of $850.84.    Claim 2669 was expunged by the
Bankruptcy Court [Docket No. 3356].

(6).    Bond 78:    The obligee (City of Dover) filed Claim Numbers 2504 and
2220, each in the amount of $7,254.53.    Claims 2504 and 2220 were expunged by the
Bankruptcy Court [Docket No. 3356].

(7).    Bond 83: The obligee (Clint D. Dwyer) filed Claim Numbers 8148 and
13883, each in the amount of $74,200.00.    Claims 13883 and 8148 was expunged by the
Bankruptcy Court [Docket Nos.  5396 and 12026, respectively].

(8).    Bond 85: The obligee (Dixie Electric Cooperative) was a scheduled
claimant in the amount of $6,605.07.  The obligee's claim was expunged by the Bankruptcy
Court [Docket No. 12716].

(9).    Bond 86:  The obligee (Duke Energy Carolinas, LLC) filed Claim Number
1797 in the amount of $33,043.58.  Claim Number 1797 was expunged by the Bankruptcy Court
[Docket No. 13496].

## C.    Cancellation of the Safeco Bonds by Safeco

37.    On April 15, 2010, the Bankruptcy Court entered an order modifying the
automatic stay to allow Safeco to commence with cancellation of those Safeco Bonds cancelable
either by their terms or pursuant to applicable law (the "Cancellation Order," Bankruptcy Case
Number 08-35653-KRH, Docket No. 7202).

38.     Pursuant to the Cancellation Order, Safeco transmitted cancellation notices (collectively, the "Notices", and each individually, a "Notice") with respect to the following bonds:

(1).    Bond 1:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Jacksonville via certified mail on June 16, 2010, and that Jacksonville acknowledged receipt of the Notice on June 21, 2010.  Bond 1 permits cancellation upon thirty (30) days written notice to Jacksonville.   The Trustee is further informed and believes, and based thereon alleges, that at time the Notice was received by Jacksonville, Jacksonville acknowledged that it had no further claim against the Debtors.

(2).    Bond 5:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to New Orleans Public Service, Inc. via certified mail on June 16, 2010 to two different addresses, and that New Orleans Public Service, Inc. received the Notices on June 21, 2010 and June 23, 2010, and acknowledged receipt of the Notices on June 29, 2010. Bond 5 permits cancellation upon sixty (60) days written notice to New Orleans Public Service, Inc.  The Trustee is further informed and believes, and based thereon alleges, that at time the Notice was received by New Orleans Public Service, Inc., New Orleans Public Service, Inc. acknowledged that it had no further claim against the Debtors.

(3).    Bond 6:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the Georgia Insurance Commissioner (or his appropriate predecessor in office) via certified mail on June 16, 2010 and that the Notice was received on June 22, 2010.  Bond 6 permits cancellation upon thirty (30) days written notice to Georgia Insurance Commissioner.   Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(4).    <u>Bond 7</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Brownsville via certified mail on June 16, 2010 and that Brownsville acknowledged receipt of the Notice on June 18, 2010.  Bond 7 permits cancellation upon thirty (30) days written notice to Brownsville.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(5).    <u>Bond 8</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Little Rock via certified mail on June 16, 2010, which was received on June 21, 2010, and that receipt of the Notice was acknowledged by Little Rock on July 8, 2010.  Bond 8 permits cancellation upon thirty (30) days written notice to Little Rock. Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(6).    <u>Bond 9</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the Florida CFO (or his appropriate predecessor in office) on June 16, 2010 at two different addresses.  Bond 9 permits cancellation upon sixty (60) days written notice to the Florida CFO (or his predecessors or successors in office). Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(7).    <u>Bond 10</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Lafayette via certified mail on June 16, 2010, which was received on June 21, 2010 and that receipt of the Notice was acknowledged by Lafayette on June 22, 2010.  Bond 10 permits cancellation upon thirty (30) days written notice to Lafayette.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(8).    <u>Bond 11</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Tallahassee via certified mail on June 16, 2010, which was received on June 22, 2010, and that receipt of the Notice was acknowledged by Tallahassee

on June 23, 2010.   Bond 11 permits cancellation upon thirty (30) days written notice to

Tallahassee.   The Trustee is further informed and believes, and based thereon alleges, that at the

time the Notice was received by Tallahassee, Tallahassee acknowledged that it had no further

claim against the Debtors.

(9).   Bond 12:   The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Nevada via certified mail on June 16, 2010, which was

received on June 21, 2010.   Bond 12 permits cancellation, effective after thirty (30) days from

receipt by Nevada of written notice.   Based on the foregoing, the Trustee is informed and

believes that this bond was canceled.

(10).   Bond 14:   The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to the Massachusetts Turnpike Authority via certified mail

on June 16, 2010, which was received on June 18, 2010.   Bond 14 permits cancellation upon

sixty (60) days written notice to the Massachusetts Turnpike Authority.   Based on the foregoing,

the Trustee is informed and believes that this bond was canceled.

(11).   Bond 15:   The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to the Florida Power Corporation, Attention Kimberly

Brown, via certified mail on June 16, 2010, which was received on June 21, 2010.   Bond 15

permits cancellation upon thirty (30) days written notice to Florida Power Corporation.   Based

on the foregoing, the Trustee is informed and believes that this bond was canceled.

(12).   Bond 16: The Trustee is informed and believes, and based thereon alleges,

that Safeco mailed a Notice to Orlando via certified mail on June 16, 2010, which was received

on June 21, 2010.   Bond 16 permits cancellation upon sixty (60) days written notice to Orlando.

Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(13).    Bond 17:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Knoxville via certified mail on June 16, 2010, which was received on June 18, 2010, and that Knoxville acknowledged receipt of the Notice on June 21 2010.    Bond 17 permits cancellation upon sixty (60) days written notice to Knoxville.    The Trustee is further informed and believes, and based thereon alleges, that at time the Notice was received by Knoxville, Knoxville acknowledged that it had no further claim against the Debtors.

(14).    Bond 18:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to KUC via certified mail on June 16, 2010, which was received on July 12, 2010.    Bond 18 permits cancellation upon sixty (60) days written notice to KUC.     Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(15).    Bond 19:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Tampa via certified mail on June 17, 2010, which was received on June 22, 2010.    Bond 19 permits cancellation upon thirty (30) days written notice to Tampa.    Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(16).    Bond 20:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Huntsville via certified mail on June 16, 2010, which was received on June 21, 2010, and that Huntsville acknowledged receipt of the Notice on July 1, 2010.    Bond 20 permits cancellation upon sixty (60) days written notice to Huntsville.    The Trustee is further informed and believes, and based thereon alleges, that at the time the Notice was received by Huntsville, Huntsville acknowledged that it had no further claim against the Debtors.

(17).  <u>Bond 21</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to United Cities Gas via certified mail on June 16, 2010, which was received on June 21, 2010, and that United Cities Gas acknowledged receipt of the Notice on June 24, 2010.  Bond 21 permits cancellation upon thirty (30) days written notice to United Cities Gas.  The Trustee is further informed and believes, and based thereon alleges, that at the time the Notice was received by United Cities Gas, United Cities Gas acknowledged that it had no further claim against the Debtors.

(18).  <u>Bond 22</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Rocky Mount via certified mail on June 16, 2010, which was received on June 18, 2010, and that Rocky Mount acknowledged receipt of the Notice on June 22, 2010.  Bond 22 permits cancellation upon thirty (30) days written notice to Rocky Mount.  The Trustee is further informed and believes, and based thereon alleges, that at the time the Notice was received by Rocky Mount, Rocky Mount acknowledged that it had no further claim against the Debtors.

(19).  <u>Bond 23</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to CLECO via certified mail on June 16, 2010, which was received on June 21, 2010, and that CLECO acknowledged receipt of the Notice on July 1, 2010.  Bond 23 permits cancellation upon written notice to CLECO.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(20).  <u>Bond 24</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the MTA via certified mail on June 16, 2010. Bond 24 permits cancellation upon sixty (60) days written notice to the MTA.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(21).    Bond 25:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the Turnpike Commission via certified mail on June 16, 2010, which was received on June 18, 2010, and that the Turnpike Commission acknowledged receipt of the Notice on June 21, 2010.  Bond 25 permits cancellation upon sixty (60) days written notice to the Turnpike Commission.  The Trustee is further informed and believes, and based thereon alleges, that at the time the Notice was received by the Turnpike Commission, the Turnpike Commission acknowledged that it had no further claim against the Debtors.

(22).    Bond 26:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Southwestern Power via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 26 permits cancellation upon ninety (90) days written notice to Southwestern Power.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(23).    Bond 27:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Nevada's State Contractor's Board via certified mail on June 16, 2010, which was received on June 18, 2010.  Bond 27 permits cancellation upon sixty (60) days written notice to Nevada's State Contractor's Board.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(24).    Bond 28:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Teco People's Gas via certified mail on June 16, 2010, which was received on June 21, 2010, and that Teco People's Gas acknowledged receipt of the Notice on June 22, 2010.  Bond 28 permits cancellation upon sixty (60) days written notice to Teco People's Gas.  The Trustee is further informed and believes, and based thereon alleges, that

at the time the Notice was received by Teco People's Gas, Teco People's Gas acknowledged that it had no further claim against the Debtors.

(25).    <u>Bond 29</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Westar via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 29 permits cancellation upon thirty (30) days written notice to Westar.    Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(26).    <u>Bond 32</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the NY Authority via certified mail on June 16, 2010, and that the NY Authority acknowledged receipt of the Notice on June 24, 2010.  Bond 32 permits cancellation upon sixty (60) days written notice to the NY Authority.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(27).    <u>Bond 33</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Nashville via certified mail on June 16, 2010, which was received on June 18, 2010.  Bond 33 states that it expired on July 31, 2000.  Based on the foregoing, the Trustee is informed and believes that this bond expired and/or was canceled.

(28).    <u>Bond 34</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the MTA via certified mail on June 16, 2010, and that the MTA acknowledged receipt of the Notice on August 3, 2010.  Bond 34 permits cancellation upon sixty (60) days written notice to the MTA.  The Trustee is further informed and believes, and based thereon alleges, that at the time the Notice was received by the MTA, the MTA acknowledged that it had no further claim against the Debtors.

(29).    Bond 35:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Santee at two separate addresses via certified mail on June 16, 2010, which were received by Santee on June 18, 2010 and June 22, 2010.  Bond 35 permits cancellation upon sixty (60) days written notice to Santee.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(30).    Bond 36:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Vero Beach via certified mail on June 16, 2010 which was received on June 21, 2010.  Bond 36 permits cancellation upon thirty (30) days written notice to Vero Beach's Utilities Department.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(31).    Bond 37:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Chattanooga via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 37 permits cancellation upon thirty (30) days written notice to Chattanooga.   Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(32).    Bond 38:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Lakeland via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 38 permits cancellation upon thirty (30) days written notice to Lakeland.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(33).    Bond 39:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to AEP via certified mail on June 16, 2010, which was received on June 18, 2010, and that AEP acknowledged receipt of the Notice on June 22, 2010.

Bond 39 permits cancellation upon ninety (90) days written notice to AEP.  The Trustee is further informed and believes, and based thereon alleges, that at the time AEP received the Notice, AEP acknowledged that it had no further claim against the Debtors.

(34).  <u>Bond 40</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to KPL via certified mail on June 17, 2010, which was received on June 21, 2010, and that KPL acknowledged receipt of the Notice on July 10, 2010.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(35).  <u>Bond 41</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to ConEd via certified mail on June 16, 2010, which was received June 28, 2010.  Bond 41 permits cancellation upon thirty (30) days written notice to ConEd.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(36).  <u>Bond 42</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Orlando via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 42 permits cancellation upon sixty (60) days written notice to Orlando.

(37).  <u>Bond 44</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to KUC via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 44 permits cancellation upon thirty (30) days written notice to KUC.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(38).  <u>Bond 45</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Nevada's Department of Taxation via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 45 permits cancellation upon thirty

(30) days written notice to Nevada's Department of Taxation.   Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(39).   <u>Bond 46</u>:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Withlacoochee via certified mail on June 16, 2010, which was received on June 21, 2010, and that Withlacoochee acknowledged receipt of the Notice on June 21, 2010.   Bond 46 permits cancellation upon thirty (30) days written notice to Withlacoochee.   The Trustee is further informed and believes, and based thereon alleges, that at the time Withlacoochee received the Notice, Withlacoochee acknowledged that it had no further claim against the Debtors.

(40).   <u>Bond 48</u>:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the United States through its agency, the U.S. Customs Service, Department of Homeland Security, via certified mail on June 16, 2010.

(41).   <u>Bond 49</u>:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Progress Energy Carolinas, Inc. via certified mail on June 16, 2010, and that Progress Energy Carolinas, Inc. acknowledged receipt of the Notice on June 30, 2010.  Bond 49 permits cancellation upon ninety (90) days written notice to Progress Energy Carolinas, Inc.  The Trustee is further informed and believes, and based thereon alleges, that at the time Progress Energy Carolinas, Inc. received the Notice, it acknowledged that it had no further claim against the Debtors.   Based thereupon, the Trustee is informed and believes that Safeco has no remaining potential contingent liability on this bond.

(42).   <u>Bond 50</u>:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Salt River at two (2) separate addresses via certified mail

on June 16, 2010.  Bond 50 permits cancellation upon thirty (30) days written notice to Salt

River.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(43).  <u>Bond 51</u>:  The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Miami Beach via certified mail on June 16, 2010, which

was received on June 21, 2010.  Bond 51 permits cancellation upon thirty (30) days written

notice to Miami Beach.  Based on the foregoing, the Trustee is informed and believes that this

bond was canceled.

(44).  <u>Bond 52</u>:  The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to East Point via certified mail on June 16, 2010, which was

received on June 21, 2010.  Bond 52 permits cancellation upon ninety (90) days written notice to

East Point.  Based on the foregoing, the Trustee is informed and believes that this bond was

canceled.

(45).  <u>Bond 53</u>:  The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Arizona's Registrar of Contractors via certified mail on

June 16, 2010, which was received on June 18, 2010.

(46).  <u>Bond 54</u>:  The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Arizona's Registrar of Contractors via certified mail on

June 16, 2010, which was received on June 18, 2010.

(47).  <u>Bond 55</u>:  The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Hillsborough via certified mail on June 16, 2010, and that

Hillsborough acknowledged receipt of the Notice on June 21, 2010.  Bond 55 permits

cancellation upon fifteen (15) days written notice to Hillsborough.  The Trustee is further

informed and believes, and based thereon alleges, that at the time Hillsborough received the Notice, it acknowledged that it had no further claim against the Debtors.

(48).    Bond 56:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Arizona's Department of Revenue via certified mail on June 16, 2010, which was received on June 22, 2010.  Bond 56 permits cancellation upon thirty (30) days written notice to Arizona's Department of Revenue.   Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(49).    Bond 57:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Frederick County via certified mail on June 16, 2010, which was received on June 17, 2010.   Bond 57 permits cancellation upon thirty (30) days written notice to Frederick County.    Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(50).    Bond 58:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Washington's Department of Labor and Industries, Electrical Licensing Section via certified mail on June 16, 2010, which was received and acknowledged on June 21, 2010.  Bond 58 permits cancellation upon forty-five (45) days written notice to Washington's Department of Labor and Industries, Electrical Licensing Section.  The Trustee is further informed and believes, and based thereon alleges, that at the time Washington's Department of Labor and Industries, Electrical Licensing Section received the Notice, it acknowledged that it had no further claim against the Debtors.

(51).    Bond 59:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Arizona's Registrar of Contractors via certified mail on June 16, 2010, which was received on June 18, 2010.

(52).    Bond 60:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Maryland's Home Improvement Commission on June 16, 2010, which was received on June 17, 2010.  Bond 60 permits cancellation upon thirty (30) days written notice to Maryland's Home Improvement Commission. Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(53).    Bond 61: The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to New Mexico's Regulation and Licensing Department, Construction Industries Division via certified mail on June 16, 2010, which was received on July 12, 2010.  Bond 61 permits cancellation upon thirty (30) days written notice to New Mexico's Regulation and Licensing Department, Construction Industries Division.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(54).    Bond 62:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Iowa's Division of Labor via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 62 permits cancellation upon thirty (30) days written notice to Iowa's Division of Labor.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(55).    Bond 64:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Arizona's Department of Insurance via certified mail on June 16, 2010, which was received and acknowledged on June 18, 2010.  Bond 64 permits cancellation upon thirty (30) days written notice to Arizona's Director of Insurance.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(56).    Bond 65:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to the Registrar of California's Contractors State License

Board via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 65 permits cancellation upon thirty (30) days written notice to the Registrar of California's State Contractors License Board.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(57).   Bond 66:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Oregon's Construction Contractors Board via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 66 permits cancellation upon thirty (30) days written notice to Oregon's Construction Contractors Board.   Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(58).   Bond 67:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Minnesota's Department of Labor and Industry via certified mail on June 16, 2010, which was received on June 21, 2010.  Bond 67 expired on August 1, 2010 according to the terms on the face of the bond. Based on the foregoing, the Trustee is informed and believes that this bond expired and/or was canceled.

(59).   Bond 68:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Nevada's State Contractors Board via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 68 permits cancellation upon sixty (60) days written notice to Nevada's State Contractors Board.   Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(60).   Bond 69:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Arizona's Department of Revenue via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 69 permits cancellation upon thirty

(30) days written notice to Arizona's Department of Revenue.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(61).  <u>Bond 70</u>:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to California's Contractors State License Board via certified mail on June 17, 2010, which was received on June 22, 2010.  Bond 70 permits cancellation upon thirty (30) days written notice to California's Contractors State License Board.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(62).  <u>Bond 71</u>:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to California's Contractors State License Board via certified mail on June 17, 2010, which was received on June 22, 2010.  Bond 71 permits cancellation upon thirty (30) days written notice to California's Contractors State License Board.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(63).  <u>Bond 72</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to California's Contractors State License Board via certified mail on June 17, 2010, which was received on June 22, 2010.  Bond 72 permits cancellation upon thirty (30) days written notice to California's Contractors State License Board.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(64).  <u>Bond 73</u>:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to California's Contractors State License Board via certified mail on June 17, 2010, which was received on June 22, 2010.  Bond 73 permits cancellation upon thirty (30) days written notice to California's Contractors State License Board. Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(65).  <u>Bond 74</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to California's Contractors State License Board via certified mail on June 17, 2010, which was received on June 22, 2010.  Bond 74 permits cancellation upon thirty (30) days written notice to California's Contractors State License Board.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(66).  <u>Bond 75</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Oklahoma's Tax Commission via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 75 permits cancellation upon thirty (30) days written notice to the Director of Oklahoma's Tax Commission.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(67).  <u>Bond 76</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Missouri Gas via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 76 permits cancellation upon thirty (30) days written notice to Missouri Gas.  Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(68).  <u>Bond 77</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Greystone via certified mail on June 17, 2010, which was received on June 21, 2010, and that Greystone acknowledged receipt of the Notice on June 24, 2010.  Bond 77 permits cancellation upon sixty (60) days written notice to Greystone.  The Trustee is further informed and believes, and based thereon alleges, that at the time Greystone received the Notice, it acknowledged that it had no further claim against the Debtors.

(69).  <u>Bond 78</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Dover via certified mail on June 17, 2010, which was

received on June 21, 2010.  Bond 78 permits cancellation upon thirty (30) days written notice to

Dover.    Based on the foregoing, the Trustee is informed and believes that this bond was

canceled.

(70).  <u>Bond 79</u>:   The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Kissimmee via certified mail on June 17, 2010, and that

Kissimmee acknowledged receipt of the Notice on June 22, 2010.  Bond 79 permits cancellation

upon thirty (30) days written notice to Kissimmee.  The Trustee is further informed and believes,

and based thereon alleges, that at the time Kissimmee received the Notice, it acknowledged that

it had no further claim against the Debtors.

(71).  <u>Bond 80</u>:   The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Knoxville via certified mail on June 17, 2010, which was

received on June 21, 2010.  Bond 80 permits cancellation upon sixty (60) days written notice to

Knoxville.    Based on the foregoing, the Trustee is informed and believes that this bond was

canceled.

(72).  <u>Bond 81</u>:   The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Progress Energy Corporation via certified mail on June

17, 2010.  Bond 81 permits cancellation upon thirty (30) days written notice to Progress Energy

Corporation.    Based on the foregoing, the Trustee is informed and believes that this bond was

canceled.

(73).  <u>Bond 82</u>: The Trustee is informed and believes, and based thereon alleges,

that Safeco mailed a Notice to PREPA via certified mail on June 17, 2010, which was received

on June 21, 2010.  Bond 82 permits cancellation upon written notice to PREPA.

(74).    <u>Bond 84</u>:    The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Lee County via certified mail on June 17, 2010, which

was received on June 21, 2010.    Bond 84 permits cancellation upon thirty (30) days written

notice to Lee County.    Based on the foregoing, the Trustee is informed and believes that this

bond was canceled.

(75).    <u>Bond 85</u>:    The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Dixie via certified mail on June 17, 2010, and that Dixie

acknowledged receipt of the Notice on July 8, 2010.    Bond 85 permits cancellation upon thirty

(30) days written notice to Dixie.    Based on the foregoing, the Trustee is informed and believes

that this bond was canceled.

(76).    <u>Bond 86</u>:    The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Duke Power via certified mail on June 17, 2010, which

was received on June 22, 2010, and that Duke Power acknowledged receipt of the Notice on

August 4, 2010.    Bond 86 permits cancellation upon sixty (60) days written notice to Duke

Power.    The Trustee is further informed and believes, and based thereon alleges, that at the time

Duke Power received the Notice, it acknowledged that it had no further claim against the

Debtors.

(77).    <u>Bond 87</u>:    The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to PREPA via certified mail on June 17, 2010, which was

received on June 21, 2010.    Bond 87 permits cancellation upon written notice to PREPA.

(78).    <u>Bond 88</u>:    The Trustee is informed and believes, and based thereon

alleges, that Safeco mailed a Notice to Alcoa via certified mail on June 17, 2010, which was

received on June 21, 2010.  Bond 88 permits cancellation upon thirty (30) days written notice to Alcoa.

(79).  <u>Bond 89</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Dominion via certified mail on June 17, 2010, which was received on June 21, 2010.  The Bond 89 permits cancellation upon sixty (60) days written notice to Dominion.

(80).  <u>Bond 90</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Knoxville via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 90 permits cancellation upon sixty (60) days written notice to Knoxville.

(81).  <u>Bond 91</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Clarksville via certified mail on June 17, 2010.  Bond 91 permits cancellation upon thirty (30) days written notice to Clarksville.

(82).  <u>Bond 92</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Georgia's Department of Driver Services via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 92 permits cancellation upon thirty (30) days written notice to Georgia's Department of Driver Services.

(83).  <u>Bond 94</u>:  The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to APS via certified mail on June 17, 2010, which was received on June 19, 2010, and that APS acknowledged receipt of the Notice on June 23, 2010. Bond 94 permits cancellation upon sixty (60) days written notice to APS.

(84).    <u>Bond 95</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to PREPA via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 95 permits cancellation upon written notice to PREPA.

(85).    <u>Bond 98</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Riviera via certified mail on June 17, 2010, which was received on June 21, 2010, and that Gulf Power acknowledged receipt of the Notice on June 23, 2010.    Bond 98 permits cancellation upon fifteen (15) days written notice to Riviera.    The Trustee is further informed and believes, and based thereon alleges, that at the time Riviera received the Notice, Riviera acknowledged that it held no further claim against the Debtors.

(86).    <u>Bond 99</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Gulf Power via certified mail on June 22, 2010, which was received on June 25, 2010, and that Gulf Power acknowledged receipt of the Notice on August 11, 2010.  Bond 99 permits cancellation upon thirty (30) days written notice to Gulf Power.    Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(87).    <u>Bond 101</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to NYSEG via certified mail on June 17, 2010, which was received on June 21, 2010.  Bond 101 permits cancellation upon thirty (30) days written notice to NYSEG.    Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

(88).    <u>Bond 102</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Entergy Arkansas via certified mail on June 17, 2010, which was received on June 22, 2010, and that Entergy Arkansas acknowledged receipt of the

Notice on June 29, 2010. Bond 102 permits cancellation upon sixty (60) days written notice to Entergy Arkansas. The Trustee is further informed and believes, and based thereon alleges, that at the time Entergy Arkansas received the Notice, Entergy Arkansas acknowledged that it held no further claim against the Debtors.

(89).   Bond 103:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Entergy Louisiana via certified mail on June 17, 2010, which was received on June 21, 2010, and that Entergy Louisiana acknowledged receipt of the Notice on June 29, 2010. Bond 013 permits cancellation upon sixty (60) days written notice to Entergy Louisiana. The Trustee is further informed and believes, and based thereon alleges, that at the time Entergy Louisiana received the Notice, Entergy Louisiana acknowledged that it held no further claim against the Debtors.

(90).   Bond 104:   The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Entergy Mississippi via certified mail on June 17, 2010, which was received on June 22, 2010, and that Entergy Mississippi acknowledged receipt of the Notice on June 29, 2010. Bond 104 permits cancellation upon sixty (60) days written notice to Entergy Mississippi. The Trustee is further informed and believes, and based thereon alleges, that at the time Entergy Mississippi received the Notice, Entergy Mississippi acknowledged that it held no further claim against the Debtors.

(91).   Bond 105:     The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Entergy Louisiana via certified mail on June 17, 2010, which was received on June 22, 2010, and that Entergy Louisiana acknowledged receipt of the Notice on June 29, 2010. Bond 105 permits cancellation upon sixty (60) days written notice to Entergy Louisiana. The Trustee is further informed and believes, and based thereon alleges, that

at the time Entergy Louisiana received the Notice, Entergy Louisiana acknowledged that it held no further claim against the Debtors.

(92).    <u>Bond 107</u>:    The Trustee is informed and believes, and based thereon alleges, that Safeco mailed a Notice to Allegheny Power via certified mail on June 17, 2010. Bond 107 permits cancellation upon thirty (30) days written notice to Allegheny Power. Based on the foregoing, the Trustee is informed and believes that this bond was canceled.

39.    The Trustee is informed and believes, and based thereon alleges that cancellation notices were not sent out as to the Bond 2, Bond 3, Bond 4, Bond 13, Bond 30, Bond 31, Bond 43, Bond 47, Bond 63, Bond 83, Bond 93, Bond 96. Bond 97, Bond 100, and Bond 106.

40.    With regard to each of the below enumerated Safeco Bonds, the Trustee is informed and believes that Safeco has no present or future contingent liability to the respective obligees for the reasons identified below:

(1).    <u>Bond 3</u>:    The statute of limitations for any claim(s) has expired pursuant to Louisiana Laws Civil Code Article 3494(4).

(2).    <u>Bond 4</u>:    The statute of limitations for any claim(s) has expired pursuant to Louisiana Laws Civil Code Article 3494(4).

(3).    <u>Bond 5</u>:    The statute of limitations for any claim(s) has expired pursuant to Louisiana Laws Civil Code Article 3494(4).

(4).    <u>Bond 12</u>:    The statute of limitations for any claim(s) has expired pursuant to Nevada Revised Statute § 11.190(3)(a).

(5).    <u>Bond 13</u>:    The statute of limitations for any claim(s) has expired pursuant to 28 U.S.C. § 2415;

(6).    <u>Bond 15</u>:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(7).    <u>Bond 16</u>:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(8).    <u>Bond 17</u>:  The statute of limitations for any claim(s) has pursuant to Tennessee Code § 28-3-109.

(9).    <u>Bond 19</u>:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(10).    <u>Bond 21</u>:  The statute of limitations for any claim(s) has expired pursuant to Tennessee Code § 28-3-109.

(11).    <u>Bond 26</u>:  The statute of limitations for any claim(s) has expired pursuant to Louisiana Laws Civil Code Article 3494(4).

(12).    <u>Bond 27</u>:  The statute of limitations for any claim(s) has expired pursuant to Nevada Revised Statute § 624.273(2).

(13).    <u>Bond 28</u>:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(14).    <u>Bond 29</u>:  The statute of limitations for any claim(s) has expired pursuant to Kansas Statutes § 60-511.

(15).    <u>Bond 30</u>:  The statute of limitations for any claim(s) has expired pursuant to Mississippi Code § 15-1-49(1).

(16).    <u>Bond 31</u>:  The statute of limitations for any claim(s) has expired pursuant to Louisiana Laws Civil Code Article 3494(4).

(17).    <u>Bond 32</u>:    The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(18).    <u>Bond 33</u>:    The statute of limitations for any claim(s) has expired pursuant to Tennessee Code § 28-3-109.

(19).    <u>Bond 37</u>:    The statute of limitations for any claim(s) has expired pursuant to Tennessee Code § 28-3-109.

(20).    <u>Bond 38</u>:    The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(21).    <u>Bond 39</u>:    The statute of limitations for any claim(s) has expired pursuant to Oklahoma Statutes title 12, section 95(1).

(22).    <u>Bond 40</u>:    The statute of limitations for any claim(s) has expired pursuant to Kansas Statutes § 60-511.

(23).    <u>Bond 41</u>:    The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(24).    <u>Bond 42</u>:    The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(25).    <u>Bond 45</u>:    The statute of limitations for any claim(s) has expired pursuant to Nevada Revised Statute § 11.190(3)(a).

(26).    <u>Bond 46</u>:    The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(27).    <u>Bond 47</u>:    The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(28).   Bond 48:  The statute of limitations for any claim(s) have expired pursuant to the first, second, third, and fourth one-year terms of 28 U.S.C. § 2415;

(29).   Bond 50:  The statute of limitations for any claim(s) has expired pursuant to Arizona Revised Statute § 12-544(3);

(30).   Bond 51:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(31).   Bond 53:  The statute of limitations for any claim(s) has expired pursuant to Arizona Revised Statute § 32-1152;

(32).   Bond 54:  The statute of limitations for any claim(s) has expired pursuant to Arizona Revised Statute § 32-1152;

(33).   Bond 55:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(34).   Bond 58:  The statute of limitations for any claim(s) has expired pursuant to Washington Revised Code § 19.28.071.

(35).   Bond 59:  The statute of limitations for any claim(s) has expired pursuant to Arizona Revised Statute § 32-1152

(36).   Bond 61:  The statute of limitations for any claim(s) has expired pursuant to New Mexico Statutes § 60-13-49(H) (1989).

(37).   Bond 65:  The statute of limitations for any claim(s) has expired pursuant to California Business & Professions Code § 7071.11.

(38).   Bond 66:  The statute of limitations for any claim(s) has expired pursuant to Oregon Revised Statutes § 12.080.

(39).    Bond 67:  The statute of limitations for any claim(s) has expired pursuant to Minnesota Statute § 541.05(1).

(40).    Bond 68:  The statute of limitations for any claim(s) has expired pursuant Nevada Revised Statute § 624.273(2).

(41).    Bond 70:  The statute of limitations for any claim(s) has expired pursuant to California Business & Professions Code § 7071.11.

(42).    Bond 71:  The statute of limitations for any claim(s) has expired pursuant to California Business & Professions Code § 7071.11.

(43).    Bond 72:  The statute of limitations for any claim(s) has expired pursuant to California Business & Professions Code § 7071.11.

(44).    Bond 73:  The statute of limitations for any claim(s) has expired pursuant to California Business & Professions Code § 7071.11.

(45).    Bond 74:  The statute of limitations for any claim(s) has expired pursuant to California Business & Professions Code § 7071.11.

(46).    Bond 75:  The statute of limitations for any claim(s) has expired pursuant to Oklahoma Statutes title 12, section 95(1).

(47).    Bond 79:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(48).    Bond 80:  The statute of limitations for any claim(s) has expired pursuant to Tennessee Code § 28-3-109.

(49).    Bond 81:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(50).    <u>Bond 84</u>:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(51).    <u>Bond 88</u>:  The statute of limitations for any claim(s) has expired pursuant to Tennessee Code § 28-3-109.

(52).    <u>Bond 89</u>:  The statute of limitations for any claim(s) has expired pursuant to Virginia Code § 8.01-246(2).

(53).    <u>Bond 91</u>:  The statute of limitations for any claim(s) has expired pursuant to Tennessee Code § 28-3-109.

(54).    <u>Bond 93</u>:  The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(55).    <u>Bond 94</u>:  The statute of limitations for any claim(s) has expired pursuant to § 12-544(3);

(56).    <u>Bond 96</u>:  The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(57).    <u>Bond 97</u>:  The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(58).    <u>Bond 99</u>:  The statute of limitations for any claim(s) has expired pursuant to Florida Statutes § 95.11(2)(b).

(59).    <u>Bond 100</u>:  The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(60).    <u>Bond 101</u>: The statute of limitations for any claim(s) pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(61).    Bond 102:  The statute of limitations for any claim(s) has expired pursuant to Arkansas Code § 16-56-111(a).

(62).    Bond 103:  The statute of limitations for any claim(s) has expired pursuant to Louisiana Laws Civil Code Article 3494(4).

(63).    Bond 104:  The statute of limitations for any claim(s) pursuant to Mississippi Code § 15-1-49(1).

(64).    Bond 105:  The statute of limitations for any claim(s) has expired pursuant to Louisiana Laws Civil Code Article 3494(4).

(65).    Bond 106:  The statute of limitations for any claim(s) has expired pursuant to New York Civil Practice Law and Rules § 213(1) – (3).

(66).    Bond 107:  The statute of limitations for any claim(s) has expired pursuant to Virginia Code § 55-2-6.

41.    The Trustee is further informed and believes and thereupon alleges that Safeco no longer has any outstanding liability under Bond 18, Bond 20, Bond 22, Bond 44, Bond 52, Bond 56, Bond 69, Bond 76, Bond 78, Bond 83, Bond 85, and Bond 86, due to the extinguishment of the underlying debt via a court order disallowing a filed or scheduled claim, and the *res judicata* effect of such order(s).

42.    The Trustee is further informed and believes and thereupon alleges that Safeco no longer has any outstanding liability under Bond 6, Bond 9, Bond 14, Bond 24, Bond 25, Bond 34, Bond 57, Bond 60, Bond 62, Bond 63, Bond 64, and Bond 92 due to the extinguishment of the underlying debt via the Bar Date Order, and the *res judicata* effect of such order.  No claims were filed as to the underlying debt related to these particular Safeco Bonds, and the Bar Date

Order effectively establishes that no such claims exist as to which the named obligees or third parties may seek satisfaction from the Safeco Bonds.

43.    The Trustee is further informed and believes and thereupon alleges that Safeco never had any potential liability under the fifth term of the Bond 48 (the period extending from June 24, 2009 to June 23, 2010) due to the total lack of import activity during the relevant period.

44.    The Trustee is further informed and believes and thereupon alleges that Safeco no longer has any outstanding liability under Bond 1, Bond 2, Bond 7, Bond 8, Bond 10, Bond 11, Bond 23, Bond 36, Bond 77 and Bond 90 due to Safeco's prior payment of the full penal sum of such bonds.   With respect to these particular Safeco Bonds, the Trustee does not allege or assert that Safeco holds any proceeds which need be turned over to the Trustee.

45.    The Trustee is further informed and believes and thereupon alleges that Bond 43 is not a bond covered under the GIA.  Thus, any expenditures by Safeco relating to Bond 43 are not subject to recovery by Safeco from the LOC proceeds.

46.    The Trustee is informed and believes that Safeco may seek an award of attorneys' fees and costs in connection with this suit against it, and it may allege that such a demand is supported by the contractual provisions of the GIA, the LOC, and/or one or more of the Safeco Bonds.  To the extent allowed by applicable law, and to the extent that Safeco does in fact seek to recover its attorneys' fees and costs of suit incurred in connection herewith, the Trustee reserves his rights to seek a reciprocal award of attorneys' fees in connection with the costs of suit herein incurred.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

47.     The Trustee realleges and incorporates by this reference each and every allegation set forth in above paragraphs 1 through 46, as though fully set forth herein.

48.     An actual controversy exists between the Trustee, on the one hand, and Safeco on the other hand, as to the Trust's and Safeco's respective right, title, and interest in and to the LOC proceeds.

49.     The Trustee asserts that the LOC proceeds being held by Safeco exceed any potential future contingent liability that may exist with respect to the Safeco Bonds, and thus, Safeco is wrongfully withholding from the Trustee the Aggregate Excess LOC Proceeds.

50.     Safeco disputes the Trustee's contentions in their entirety and has failed to turn over any funds the Trustee, including but not limited to, the Aggregate Excess LOC Proceeds.

51.     The Trustee seeks a declaration of the respective rights of the Trustee and Safeco as to LOC proceeds pursuant to 28 U.S.C. § 2201.

52.     The Trustee further seeks a declaration that, as alleged herein, Safeco has no right, title, and/or interest in or to the Aggregate Excess LOC Proceeds, which total an amount according to proof, but not less than $4,318,483.35.

53.     A declaration by the Court is necessary and appropriate to resolve the present dispute and controversy between the parties with respect to the Aggregate Excess LOC Proceeds.

## SECOND CLAIM FOR RELIEF

### For Accounting

54.     The Trustee realleges and incorporates by this reference each and every allegation set forth in above paragraphs 1 through 53, as though fully set forth herein.

55.    As alleged herein, the Trustee asserts that Safeco is wrongfully withholding and refusing to return the Aggregate Excess LOC Proceeds.

56.    By this Complaint, the Trustee demands an accounting by Safeco of all monies it received from draws on the LOC, how such funds were used and disbursed by Safeco, and the amounts of such funds that remain in Safeco's possession, custody, and control.

## THIRD CLAIM FOR RELIEF

### Turnover of Property of the Estate

### [11 U.S.C. §§ 541, 542]

57.    The Trustee realleges and incorporates by this reference each and every allegation set forth in above paragraphs 1 through 56, as though fully set forth herein.

58.    The Aggregate Excess LOC Proceeds are property of the Estates and must be turned over to the Trustee.  Despite demand by the Trustee, Safeco refuses to turn over the Aggregate Excess LOC Proceeds.

59.    Safeco has no right or interest in the Aggregate Excess LOC Proceeds, yet currently exercises dominion and control over these funds and despite demand refuses to turn over the same to the Trustee.

60.    The Trustee is entitled to a judgment requiring that Safeco turn over to him the Aggregate Excess LOC Proceeds, or the value thereof, in an amount according to proof, but not less than $4,318,483.35, plus pre-judgment interest thereon.

## FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

61.    The Trustee realleges and incorporates by this reference each and every allegation set forth in above paragraphs 1 through 60, as though fully set forth herein.

62.    On information and belief, Safeco is an experienced surety and has extensive experience with the types of contractual arrangements and relationships herein described.  The Trustee has provided to Safeco an exhaustive analysis evidencing Safeco's inappropriate retention of the Aggregate Excess LOC Proceeds.  Safeco has nonetheless failed and refused to turn these proceeds over to the Trustee.  Safeco has superior access to its internal accounting records regarding the Safeco Bonds, and at least equal access to information regarding the nature of the Safeco Bonds, including the fact that, as alleged herein, Safeco's maximum contingent aggregate liability on the Safeco Bonds is no more than $93,718.85.

63.    Notwithstanding the foregoing, and further notwithstanding the fact that the Aggregate Excess LOC Proceeds improperly retained by Safeco amount to not less than $4,318,483.35, Safeco has failed and refused, and continues to fail and refuse to return the Aggregate Excess LOC Proceeds to the Trustee.

64.    The value of the Aggregate Excess LOC Proceeds has unjustly enriched Safeco in an amount of not less than $4,318,483.35 insofar as Safeco knows and understands that this amount exceeds its maximum contingent aggregate liability on the Safeco Bonds and it therefore knows and understands that it has no present right to the Aggregate Excess LOC Proceeds.

65.    Equity and good conscience therefore require that Safeco return these ill-gotten gains, in an amount according to proof but not less than $4,318,483.35, to the Trustee.

///


///

## **PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests and prays for judgment against Safeco as follows:

1.      On the First Claim for Relief, for a judicial determination regarding the respective rights and interests of the Trustee and Safeco in and to, and the amount of, the Aggregate Excess LOC Proceeds, such that the Trustee is entitled to recover the entirety of the Aggregate Excess LOC Proceeds;

2.      On the Second Claim for Relief, for a judgment requiring Safeco to provide an accounting of all monies it received from draws on the LOC, how such funds were used and disbursed by Safeco, and the amounts of such funds that remain in Safeco's possession, custody, and control;

3.      On the Third Claim for Relief, for a judgment requiring Safeco to turn over the Aggregate Excess LOC Proceeds, or the value thereof to the Trustee in an amount according to proof, but not less than $4,318,483.35, plus pre-judgment interest thereon at the legally allowed applicable rate;

4.      On the Fourth Claim for Relief, for a judgment against Safeco requiring it to turn over to the Trustee all of its ill-gotten gains, plus pre-judgment interest thereon at the legally allowed applicable rate;

///


///

5.      On all Claims for Relief, for a judgment awarding costs and suit herein, and for

attorneys' fees, to the extent permitted by applicable law; and,

6.      Granting such other relief as the Court deems just and proper under the

circumstances.

DATED: February 17, 2017

By:   */s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, Second Floor
Richmond, VA  23219
Telephone: (804) 783-8300

-and-

Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910

*Counsel for Plaintiff Alfred Siegel, solely in his capacity as Trustee of the  Circuit City Stores, Inc. Liquidating Trust*

-and-

Steven T. Gubner, Esq.
Nina Z. Javan, Esq.
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000

*Special Litigation Counsel for Plaintiff Alfred Siegel, solely in his capacity as Trustee of the  Circuit City Stores, Inc. Liquidating Trust*