Jeffrey N. Pomerantz, Esq. – pro hac vice
Andrew W. Caine, Esq. – pro hac vice
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Robert J. Feinstein, Esq. - pro hac vice
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
David N. Tabakin, Esq. (VA Bar No. 82709)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**LIQUIDATING TRUST'S MOTION FOR ORDER AUTHORIZING
THE ABANDONMENT AND DESTRUCTION OF TRUST RECORDS**

The Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust"), through Alfred H. Siegel (the "Trustee"), the duly appointed trustee of the Liquidating Trust, pursuant to the *Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") in the above-captioned cases, by counsel, hereby moves (the "Motion") for entry of an order, pursuant to sections 105(a), 363(b) and 554(a) of title 11 of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers were as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), authorizing the Trustee, in his discretion, to abandon and destroy records in the Trustee's possession, including hard copy files and electronic files, online databases and other books and records (collectively "the records") that are not necessary to complete the administration of the Trust or to otherwise fulfill any of his duties as Trustee. In support of the Motion, the Trustee respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 363(b) and 554(a) of the Bankruptcy Code, Bankruptcy Rule 6007 and Rule 6007-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

### Background

3. On November 10, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors' wholly-owned subsidiary, InterTAN Canada, Ltd. (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the Companies' Creditors Arrangement Act in Canada.

4. On November 12, 2008, pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code, the Office of the United States Trustee for the Eastern District of Virginia appointed an official committee of unsecured creditors (the "Creditors Committee").

5.      The Debtors and Creditors Committee, as co-plan proponents, filed the Plan and the Supplemental Disclosure Statement [Docket No. 8253] supporting the Plan. Following a hearing on approval of the Plan, on September 14, 2010, the Court entered the Confirmation Order approving and confirming the Plan.

6.      The effective date under the Plan for the Debtors other than Ventoux International, Inc. and InterTAN Canada occurred on November 1, 2010 (the "Effective Date"). [Docket No. 8865].[2]

7.      Pursuant to Article V.F of the Plan and paragraphs 11-16 of the Confirmation Order, the Trust was established to effectuate the Plan by, among other things, collecting, administering, distributing, and liquidating the assets of the Debtors' estates that were transferred to the Liquidating Trust on the Effective Date. The terms of the Liquidating Trust are governed by the Liquidating Trust Agreement [Docket No. 8555, Exhibit B].

8.      Under the Plan, Alfred H. Siegel was appointed as Trustee of the Trust. See Plan § 1.112; Memorandum of Law in Support of Confirmation of the Plan [Docket No. 8462] at 22 and 44-45. The Trustee has continued to administer the Trust with the advice and consent of the Oversight Committee as provided for in the Liquidating Trust Agreement.

9.      Pursuant to Section 9.1 of the Liquidating Trust Agreement, the Trust became effective on the Effective Date. Section 9.2 provides that the Trust shall terminate upon the distribution of all Trust Assets, the payment of all costs of administering the Liquidating Trust and the Court's entry of a final order closing the cases. The current expiration date of the Trust, subject to further extension upon motion and hearing, is November 1, 2018.

**RELIEF REQUESTED**

---

[2] The effective date for Debtor Ventoux International, Inc. was October 22, 2015, and for InterTAN Canada was October 26, 2015.

10. By this Motion, the Trustee seeks authorization, in his sole discretion, to abandon, destroy and dispose of the Trust's Records at a time and sequence to be determined by the Trustee in his sole discretion. Upon completion of the administration of the Trust, the Trustee will request final authority to destroy any remaining Trust Records in conjunction with a subsequently filed motion for a final decree.

## BASIS FOR RELIEF

11. During the course of its operations, the Trust generated, accumulated, and maintained substantial Records, including but not limited to, documentation, files and other records, both hardcopy and electronic, relating to the operation of the Debtors' business as well as the Trust. Now that the Trust is nearing the completion of its objective, the Trustee recognizes that many of the Trust Records are (or will soon become) no longer necessary for administration as the Trustee continues winding up his duties as Trustee.

12. Accordingly, the Trustee seeks authority to destroy such Records provided that notwithstanding such authority the Trustee will refrain from taking such action with respect to any such items until such time as the same are not necessary to complete the administration of the Trust or to otherwise fulfill any of his duties as Trustee, including but not limited to certain financial records, human resources records, tax records, day-to-day operating records, and other miscellaneous documents and records. Many of the Debtors' Records have already been destroyed pursuant to prior authority from this Court.

13. Additionally, the Records are burdensome to the Trust insofar as the Trust must pay the costs associated with storage of documents that are of inconsequential value and benefit. The Trustee has determined that the Records have (or will have) little or no value to the Trust and, in fact, may potentially represent liabilities to the estate if the Records are mishandled.

4

Indeed, the Trustee has determined that the Records are burdensome to the estates and should be appropriately destroyed.

14. In light of the foregoing, the Trustee has determined, in his sound business judgment, that the creditors of the Trust would be best served if the Trustee is authorized, in his discretion, to abandon and destroy the remaining Records as he determines such Records are no longer needed by the Trust.

## APPLICABLE AUTHORITY

15. Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *See* Fed. R. Bankr. P. 6007(a) (authorizing abandonment on advance notice). Further, Section 363 of the Bankruptcy Code permits a trustee to "use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Additionally, pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. "The abandonment power embodies in Section 554 enables the trustee to rid the estate of burdensome or worthless assets, and so speeds the administration of the estate . . . and also protects the estate from diminution. In such manner, abandonment serves the creditors' interest in expeditiously obtaining a fair amount on settlement of their claims." *In re Quanta Resources Corp.*, 739 F.2d 912, 916 (3d Cir.1984).

17. A trustee's decision to abandon property of the estate is discretionary. *See In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003). Indeed, the business judgment standard applies to a trustee's decision to abandon property that is either of inconsequential value or burdensome

5

to the estate. *Id.* ("The trustee's power to abandon property is discretionary . . . . The Court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority.") (internal citations omitted); *Mele v. First Colony Ins. Co.*, 127 B.R. 82, 85 (D.D.C. 1991) ("[A]bandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate.").

18. As demonstrated above, the Records are burdensome to the Trust and provide inconsequential value and benefit. Further, the destruction and disposal of Records is an important step in the process of winding down the Trust's operations where, as here, the storage of the Records is one of the remaining expenses of these estates and the Records are no longer necessary to complete the wind down or administer the Debtors' affairs.

19. The Trustee, in his sound business judgment, has determined that it is in the best interests of creditors and all parties in interest to destroy and dispose of the Records as set forth in this Motion at a time and in sequence determined by the Trustee in his sole discretion.

### Notice

20. The Notice of this Motion is being provided to (i) the Office of the United States Trustee and (ii) those parties that have requested notice in these cases. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

### Waiver of Local Rule 9013-1(G)

21. Pursuant to Local Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Trustee requests that the requirement that all Motions be accompanied by a written memorandum be waived.

6

### **Conclusion**

WHEREFORE, the Trustee requests that the Court enter an order substantially in the form of Exhibit A attached hereto: (a) authorizing the Trustee to destroy, in his sole discretion, the Trust's Records and (b) granting such other and further relief as the Court may deem proper.

February 28, 2018                    TAVENNER & BERAN, PLC

                                                       /s/ *Lynn L. Tavenner*
                                                     Lynn L. Tavenner, Esq. (VA Bar No. 30083)
                                                     Paula S. Beran, Esq. (VA Bar No. 34679)
                                                     20 North Eighth Street, 2nd Floor
                                                   Richmond, Virginia 23219
                                                   (804) 783-8300

                                                   - and –

                                                   PACHULSKI STANG ZIEHL & JONES LLP
                                                   Jeffrey N. Pomerantz, Esq.
                                                   Andrew W. Caine, Esq.
                                                   10100 Santa Monica Boulevard
                                                   Los Angeles, California 90067-4100
                                                   (310) 277-6910

                                                   - and –

                                                   PACHULSKI STANG ZIEHL & JONES LLP
                                                   Robert J. Feinstein, Esq.
                                                   780 Third Avenue, 36th Floor
                                                   New York, New York 10017
                                                   (212) 561-7700

                                            *Co-Counsel for the Circuit City Stores, Inc. Liquidating Trust*

Jeffrey N. Pomerantz, Esq. – pro hac vice
Andrew W. Caine, Esq. – pro hac vice
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
David N. Tabakin, Esq. (VA Bar No. 82709)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

Robert J. Feinstein, Esq. - pro hac vice
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel for the Circuit City Stores, Inc. Liquidating Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[3] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING TRUSTEE TO
<u>ABANDON AND DESTROY DOCUMENTS</u>**

This matter comes before the Court on the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"), through Alfred H. Siegel, the duly appointed trustee of the Liquidating Trust, Motion for Authorization to Abandon and Destroy Documents (the "Motion"). The Court having reviewed the Motion and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28

---

[3] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

U.S.C.§ 157(b)(2); and (c) notice of the Motion (and proposed Order) was sufficient under the circumstances and no objections having been filed thereto; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is hereby

ORDERED as follows:

1. The Motion is hereby GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3. Pursuant to 11 U.S.C. § 105, 363 and 554, the Trust's ownership interest in the Records shall be abandoned at the appropriate time as he determines in his sole discretion, whereby the Trust and Trustee shall have no further responsibility or obligations with respect to any such Records. The Trustee is authorized to abandon and destroy, in his sole discretion, any and all Trust Records at a time and sequence to be determined by the Trustee in his sole discretion.

4. Upon entry, the Clerk shall serve via first class mail copies of this Order to the Office of the United States Trustee and the Trustee's counsel.

Enter:

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

## RULE 9022-1(C) CERTIFICATION

  I hereby certify that the foregoing proposed *Order Authorizing Trustee to Abandon and Destroy Documents* has been served on all necessary parties via first class mail, postage pre-paid or endorsed by all necessary parties.

              _____
                      Counsel