RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
WENDY COX
SUMI SAKATA
Trial Attorneys
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
(202) 307-2397 Fax

ROBERT B. VAN ARSDALE
(Va. Bar No. 17483)
United States Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| **In re:** | Case No. 08-35653 (KRH) |
| **CIRCUIT CITY STORES, INC., et al.,** | Chapter 11 |
| **Debtors**. | (Jointly Administered) |

## NOTICE OF MOTION FOR SUMMARY JUDGMENT
## ON THE MOTION OF THE LIQUIDATING TRUSTEE TO
## DETERMINE EXTENT OF LIABILITY FOR POST-CONFIRMATION
## QUARTERLY FEES PAYABLE TO THE UNITED STATES TRUSTEE
## PURSUANT TO 28 U.S.C. § 1930(A)(6)

PLEASE TAKE NOTICE that John P. Fitzgerald, III, Acting United States Trustee

for Region Four (the "United States Trustee"), in his capacity as a federal official, 28 U.S.C.

§ 581(a)(4), has filed with the Court a **Motion for Summary Judgment under Rule 7056 of**

1

the Federal Rules of Bankruptcy Procedure, on the *Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28 U.S.C. § 1930(A)(6)* (the "Motion").  A copy of the Motion is being served on you simultaneously herewith.

If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views on the Motion then on or before **seven (7) days** before the scheduled hearing date on the Motion, you or your attorney must:

(X)    File with the Court, at the address below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1(H).  You must mail or otherwise file it early enough so the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street, Suite 4000
> Richmond, Virginia 23219

You must also serve a copy on:

> Robert B. Van Arsdale
> Assistant U.S. Trustee
> Office of the United States Trustee
> 701 East Broad Street, Suite 4304
> Richmond, VA 23219

(X)    Attend a hearing on the Motion which has been scheduled for **June 12, 2019 at 1:00 p.m.** before the Honorable Kevin R. Huennekens, United States Bankruptcy Court, 701 East Broad Street, Suite 5100, Richmond, VA  23219.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that requested relief without further notice or hearing.

Date: May 9, 2019

Respectfully submitted,

John P.  Fitzgerald, III
Acting United States Trustee, Region Four

By: /s/ ***Robert B. Van Arsdale***

RAMONA D. ELLIOTT                          ROBERT B.  VAN ARSDALE
Deputy Director/General Counsel             (Va. Bar No. 17483)
P. MATTHEW SUTKO                          United States Department of Justice
Associate General Counsel                  Office of the United States Trustee
BETH A. LEVENE                            701 East Broad Street, Suite 4304
WENDY COX                                 Richmond, Virginia 23219
SUMI SAKATA                               (804) 771-2310
Trial Attorneys                            Fax: (804) 771-2330
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
(202) 307-2397 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2019, a true copy of the foregoing was delivered via electronic mail pursuant to the Administrative Procedures of the CM/ECF System for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties, specifically including the following:

Robert K. Coulter on behalf of United States of America
robert.coulter@usdoj.gov; USAVAE.ALX.ECF.BANK@usdoj.gov

Robert P. McIntosh on behalf of United States of America
Robert.McIntosh@usdoj.gov; USAVAE.RIC.ECF.CIVIL@usdoj.gov;
Heidi.E.Bokor@usdoj.gov; HBokor@usa.do j.gov

In addition, a copy was mailed to the following by first class postage pre-paid United States mail:

United States of America
c/o Lee J. Lofthus
Assistant A.G. for Administration
950 Pennsylvania Ave., NW, Rm. I I I I
Washington, DC 20530

United States of America
c/o William P. Barr
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-000 I

United States of America
c/o G. Zachary Terwilliger, Esquire
2100 Jamieson Avenue
Alexandria, VA 22314

*/s/ Robert B. Van Arsdale*_____
Robert B. Van Arsdale

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
WENDY COX
SUMI SAKATA
Trial Attorneys
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
Fax: (202) 307-2397

ROBERT B. VAN ARSDALE
(Va. Bar No. 17483)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
**(Richmond Division)**

| | |
|---|---|
| **In re:** | Case No. 08-35653 (KRH) |
| **CIRCUIT CITY STORES, INC., et al.,** | Chapter 11 |
| **Debtors**. | (Jointly Administered) |

### UNITED STATES TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON THE MOTION OF THE LIQUIDATING TRUSTEE TO DETERMINE EXTENT OF LIABILITY FOR POST-CONFIRMATION QUARTERLY FEES PAYABLE TO THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(A)(6) AND MEMORANDUM IN SUPPORT

John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "United States

Trustee"), in his capacity as a federal official, 28 U.S.C. § 581(a)(4), respectfully moves for

summary judgment on behalf of the United States under Rule 7056 of the Federal Rules of

Bankruptcy Procedure, on the *Motion of the Liquidating Trustee to Determine Extent of Liability*

1

*for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28*

*U.S.C. § 1930(A)(6)* (the "Motion").  The Court should grant summary judgment and dismiss this

action because the Motion seeks relief that can only be sought through an adversary complaint

under Rule 7001.

## **SUMMARY**

1.      In 2017, Congress amended 28 U.S.C. § 1930(a)(6) to increase temporarily the

amount of quarterly fees to be collected in larger chapter 11 cases, those with quarterly

disbursements of $1 million or more each quarter.  The purpose of the 2017 amendment was to

collect sufficient funds to fully offset congressional appropriations to the Justice Department to

fund the work of the United States Trustee Program, as well as the costs of 18 bankruptcy

judgeships, so that ordinary taxpayers would not have to bear those costs of the bankruptcy

system.  This temporary fee increase was effective for disbursements made on or after January 1,

2018.

2.      The Motion asks this Court to (1) determine the amount of quarterly fees due;

(2) hold that the 2017 amendment is unconstitutional as applied to this case because it violates

the uniformity provision of the Bankruptcy Clause of the Constitution, U.S. Const. Art. I, § 8,

cl. 4; and (3) hold that the 2017 amendment does not apply to this case because such application

would be unconstitutionally retroactive.  Motion ¶ 15.  The Motion also asks the Court to "rule"

that "the Trust's rights to seek recovery of any excess amounts previously remitted . . . are

preserved."  Motion at 14.

3.      Summary judgment on the government's behalf is appropriate because nothing

authorizes the Liquidating Trustee to seek such relief by motion.  Rather, Rule 7001 requires that

actions seeking declaratory relief relating to the recovery of money or property, or to determine

an interest in property, may only brought by adversary complaint.  *See* Fed. R. Bankr. P.

7001(1), (2), (9).

**FACTS**

**A.      Circuit City Stores, Inc. Files a Chapter 11 Case.**

4.      Circuit City Stores, Inc. and certain of its subsidiaries and affiliates filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 10, 2008.

5.      On September 14, 2010, the Court confirmed a plan of reorganization (the

"Plan").

6.      The Court also approved, as provided in the Plan, the formation of the Circuit

City Stores, Inc. Liquidating Trust (the "Trust") to be overseen by a Liquidating Trustee.  Mr.

Alfred H. Siegel is the Liquidating Trustee.

7.      Under the Plan and the order confirming the Plan, the Liquidating Trustee is

required to remit quarterly fees to the Office of the United States Trustee:

> All fees then due and payable pursuant to 28 U.S.C. § 1930, as determined by the Court at the Confirmation Hearing, shall be paid on or before the Effective Date by the Debtors.  All such fees that become due and payable thereafter by a Debtor shall be paid by the Liquidating Trustee.  The Liquidating Trustee shall pay quarterly fees to the U.S. Trustee until the Chapter 11 Cases are closed or converted and/or the entry of final decrees.  The Debtors, through the Liquidating Trust, shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Confirmation Hearing in conformance with the U.S. Trustee Guidelines. The U.S. Trustee shall not be required to file a request for payment of its quarterly fees, which shall be paid by the Debtors and/or the Liquidating Trustee.

Doc. No. 8555 at 101.

**B.      The Liquidating Trustee challenges the quarterly fees due under 28 U.S.C.
§ 1930.**

8.      On March 28, 2019, Mr. Siegel, as the Liquidating Trustee, filed the Motion and a

notice of constitutional question (Doc. No. 14198).

3

9.      The Motion challenges the constitutionality of section 1930(a)(6)(B) of title 28 and an uncodified provision that applies section 1930(a)(6)(B) to all disbursements made on or after January 1, 2018.  28 U.S.C. § 1930(a)(6)(B); Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, § 1004(c) (uncodified).  The 2017 amendment applies to post-January 1, 2018, disbursements made in this case.

10.     The Liquidating Trustee asks this Court to (1) determine the amount of quarterly fees due; (2) hold that the 2017 amendment is unconstitutional as applied to this case because it violates the uniformity provision of the Bankruptcy Clause of the Constitution, U.S. Const. Art. I, § 8, cl. 3; and (3) hold that the 2017 amendment does not apply to this case because such application would be unconstitutionally retroactive.  Motion ¶ 15.

11.     He also asks the Court to hold that "the Trust's rights to seek recovery of any excess amounts previously remitted . . . are preserved."  Motion at 14.

### ARGUMENT

12.     The Court should grant summary judgment to the United States and dismiss the Motion because it seeks relief that can only be sought through an adversary proceeding under Bankruptcy Rule 7001(1), (2), and (9).

## I.      RULE 7001 GOVERNS THE RELIEF THE LIQUIDATING TRUSTEE SEEKS.

13.     Rule 7001 defines "adversary proceedings" as including proceedings to:

**(a)** "recover money or property," Fed. R. Bankr. P. 7001(1); **(b)** "determine the validity" of an "interest in property," Fed. R. Bankr. P. 7001(2); and **(c)** "obtain a declaratory judgment relating to any of the foregoing," Fed. R. Bankr. P. 7001(9).

14.     Here, the Liquidating Trustee asks the Court to "rule" that (1) the 2017 amendment to section 1930(a)(6) is unconstitutional as applied to this case, (2) the amount of quarterly fees due should be calculated based on the pre-amendment version of the statute, and

(3) "the Trust's rights to seek recovery of any excess amounts previously remitted . . . are preserved."  Motion at 14.  He thereby seeks declaratory relief relating to his upcoming proceeding to "recover money or property," Fed. R. Bankr. P. 7001(1), (9).  *See In re DBSI, Inc.*, 432 B.R. 126, 130, 135 (Bankr. D. Del. 2010) (denying motion seeking declaration that creditor was entitled to certain funds because such declaratory relief "falls clearly within the types of proceedings specified by Bankruptcy Rule 7001 to be adversary proceedings"); *In re Viney*, 369 B.R. 392, 395 (Bankr. N.D. Ind. 2007) (rejecting motion by chapter 13 trustee for declaration regarding amount of monthly mortgage payments due creditor, holding adversary proceeding was required by Rule 7001).[1]

15.    The Liquidating Trustee's Motion also seeks to determine the validity of the government's "interest in property," Fed. R. Bankr. P. 7001(2), *i.e.*, to adopt his view that the Trust has overpaid quarterly fees because the 2017 amendment is unconstitutional.  He also must seek that relief by filing a complaint commencing an adversary proceeding.  *See NovaCare Holdings, Inc. v. Mariner Post-Acute Care Network, Inc. (In re Mariner Post-Acute Care Network, Inc.)*, 267 B.R. 46, 55 (Bankr. D. Del. 2001) (noting that the bankruptcy rules require "any action to determine the extent, validity, or priority of any interest in property must be

---

[1] *See also In re Sensibaugh*, No. 12-13546, 2015 WL 4664441, at *1 (N.D. Ind. July 21, 2015) (overruling objection to claim that "appear[ed] to be a request for some type of declaratory relief: a declaration that the claim has been paid in full" because Rule 7001 "requires an adversary proceeding to obtain such relief, Fed. R. Bankr. P. Rule 7001(9), otherwise the request should be denied"); *Covert v. LVNV Funding, LLC*, No. DKC 13-0698, 2013 WL 6490318, at *6 (D. Md. Dec. 9, 2013) (holding claim seeking to recover damages for violation of federal and state consumer laws were "actions 'to recover money or property' under Rule 7001(1)"); *In re Carlton*, 437 B.R. 412, 425 (Bankr. N.D. Ala. 2010) (holding that chapter 13 plan providing that order of discharge was a determination that all mortgage defaults have been cured was an impermissible "attempt to furtively obtain a declaratory judgment" but "[s]uch relief cannot be granted under the Bankruptcy Rules except through an adversary proceeding with its attendant procedural safeguards").

commenced by adversary proceeding, not by motion"); *In re Haedo*, 211 B.R. 149, 151, 153

(Bankr. S.D.N.Y. 1997) (requiring government to file adversary proceeding to determine

interests in tax refund held by government).[2]

16.     Through any lens, the Liquidating Trustee seeks multiple forms of relief that can

only be pursued through an adversary proceeding.  Fed. R. Bankr. P. 7001(1), (2) & (9).

## II.     RULE 2020 DOES NOT AUTHORIZE THE LIQUIDATING TRUSTEE TO BYPASS RULE 7001'S REQUIREMENTS.

17.     Bankruptcy Rule 2020 provides that "[a] proceeding to contest any act or failure

to act by the United States Trustee is governed by Rule 9014."  Fed. R. Bankr. P. 2020.  That

Rule does not authorize the Liquidating Trustee to seek a declaration that a statute is

unconstitutional by motion instead of through a properly filed and served adversary complaint.

The relief the Liquidating Trustee seeks is not within the scope of Rule 2020.  And even if Rule

2020 applies, it directs the Liquidating Trustee to Rule 9014(a).  In turn, Rule 9014(a)

independently requires him seek his relief by filing a complaint as required by Rule 7001.

### A.     Rule 2020 Does Not Apply.

18.     Rule 2020 contemplates proceedings to contest acts of the United States Trustee

related to the administration of the case.  *See* Fed. R. Bankr. P. 2020, Advisory Comm. Note; *see*

*also* 2 Norton Bankr. L. & Prac. 3d § 26:18 ("U.S. Trustees have discretion in the performance

of administrative functions, but some of those functions are subject to judicial review" through

"[t]he procedural vehicle" of Rule 2020).  For example, 11 U.S.C. § 1102(a)(4) allows a party to

---

[2] *See also Benson v. IRS (In re Benson),* 64 B.R. 128, 129-30 (Bankr. W.D. Mo. 1986) (holding that "the character of" a request for an order relieving debtor of the duty to pay post-petition interest and penalties on a non-dischargeable pre-petition tax debt "is to determine entitlement to money or property within the meaning of Rule 7001(1), (9) of the Rules of Bankruptcy Procedure"), *rev'd on other grounds by United States v. Benson*, 88 B.R. 210 (W.D. Mo. 1988).

ask the court to order the United States Trustee to change the membership of a creditors committee.

19.      Rule 2020 does not apply here because the Liquidating Trustee—in challenging the constitutionality of the 2017 amendment to 28 U.S.C. § 1930(a)—is challenging an Act of Congress, not an act or failure to act by the United States Trustee.

20.      The Liquidating Trustee also seeks prospective declaratory relief outside the scope of Rule 2020, as the Advisory Committee Note to the rule makes clear.  *See* Fed. R. Bankr. P. 2020, Advisory Comm. Note ("This rule . . . does not provide for advisory opinions in advance of the act."); *cf.* 2 Norton Bankr. L. & Prac. 3d § 26:18 ("[T]he type of action contemplated in [Rule] 2020 is not one to obtain damages for a loss . . . .").

21.      The Liquidating Trustee's Motion is nothing less than a lawsuit against the United States, which is not authorized by Rule 2020.  *See* 28 U.S.C. § 501 ("The Department of Justice is an executive department of the United States at the seat of Government."); 28 U.S.C. § 509 (vesting all powers of other officers of the Department of Justice, such as United States Trustees, in the Attorney General); 28 U.S.C. § 581 (authorizing Attorney General to appoint United States Trustees).

22.      The Liquidating Trustee also must bring this proceeding by complaint because he seeks an order "preserv[ing]" the Trust's "rights" to seek the payment of money from the United States Treasury.  Motion at 14.  Title 28 of the United States Code requires any judgment to be paid by the Treasury of the United States—not the United States Trustee.  28 U.S.C. § 2414 (providing that the payment of judgments by a district court "shall be made on settlements by the Secretary of the Treasury").

23.     The United States Trustee Program is funded by direct congressional appropriations to the Department of Justice—not directly from the United States Trustee System Fund (the "Fund").  Fees paid under section 1930 are deposited into the Fund, which the Treasury then uses to offset the congressional appropriations made to directly fund the Program through the Department's appropriation.  *See* 28 U.S.C. § 589a(a) & (b); H.R. Rep. No. 115-130, at 7 (2017), *reprinted in* 2017 U.S.C.C.A.N. 154, 159-160.

24.     Through this multi-step process, Congress seeks to ensure that the Program's costs are borne "by the users of the bankruptcy system—at no cost to the taxpayer."  *See* H.R. Rep. No. 99-764, at 25 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5238; *see also id.* at 22.

25.     The Liquidating Trustee's Motion ignores Congress's placement of the System Fund in the Treasury and the fact that the Program never takes funds from it.  He also ignores that his relief would affect multiple governmental actors.  Both facts place this proceeding beyond the scope of Rule 2020.

26.     The Liquidating Trustee's Motion also should be dismissed on summary judgment because "[Rule] 2020 confers no substantive cause of action."  2 Norton Bankr. L. & Prac. 3d § 26:18.  The government is unaware of any provision authorizing parties to obtain monetary relief—or a declaration designed to secure future monetary relief—from the United States merely by motion absent express authorization, something that does not exist here.

**B.     Alternatively, Even if Rule 2020 Applies, It Independently Requires the Liquidating Trustee to Follow Rule 7001 to Pursue the Relief He Seeks.**

27.     Alternatively, even if this Court were to find that Rule 2020 applies here, Rule 7001 would independently require the Liquidating Trustee to file a complaint.

28.     Rule 2020 provides that "[a] proceeding to contest any act or failure to act by the United States Trustee is governed by Rule 9014."  Fed. R. Bankr. P. 2020.

29.     Rule 9014(a) says that "[i]n a contested matter *not otherwise governed by these rules*, relief shall be requested by motion." Fed. R. Bankr. P. 9014(a) (emphasis added).

30.     Thus, if a matter is "otherwise governed by these rules," *id*., Rule 9014(a) does not require the relief to be requested by motion. Rather, by its express terms, Rule 9014(a) does not supersede other applicable rules.

31.     Because proceedings required to be filed as adversary complaints under Rule 7001 are "otherwise governed by these rules," Rule 9014(a) does not require that they be brought by motion. *See* 2 Norton Bankr. L. & Prac. 3d § 26:18 ("Rule 9014 . . . indicates that Rules 7001 et seq., concerning adversary proceedings, may be relevant.").

32.     Nor is there any language in Rule 9014(a) that would permit a party to bring by motion an action that Rule 7001 mandates be brought by complaint. Rule 9014(a) does not provide an exemption from the requirements of Rule 7001.

33.     As explained *supra* in ¶¶ 13-16, Rule 7001 requires this proceeding to be brought as an "adversary proceeding," and be commenced by complaint—not by motion. Rule 7001 thus "otherwise govern[s]" this proceeding and Rule 2020 thus does not authorize the Liquidating Trustee to initiate this action against the United States by motion.

## III.    RULE 7001 IS MANDATORY BECAUSE IT PREVENTS GAMESMANSHIP AND PROVIDES IMPORTANT PROCEDURAL PROTECTIONS.

34.     Nothing in the text of Rule 2020 or its Advisory Note suggests that parties may escape Rule 7001 by adding "Trustee" after "United States" in a motion that seeks to strike down a federal statute. When a party wishes to wage a frontal assault on the constitutionality of a federal statute passed by Congress and duly signed by the President it must do so by complaint. Rule 2020 does not reward gamesmanship by letting parties evade Rule 7001 when seeking to

overturn actions of the President and Congress or obtain relief from the Treasury, merely by using the term United States Trustee.

35.     Instead, "when an adversary proceeding is required" under Rule 7001, "courts are not free to disregard the Rule." *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 236 (3d Cir. 2007).  *See also Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 763 (5th Cir. 1995) ("Including a matter governed by Rule 7001 in another matter already before the court . . . does not satisfy the procedural rules required by Rule 7001.").  As the Bankruptcy Appellate Panel of the Ninth Circuit has explained, "it is error for a bankruptcy court to determine property interests outside of an adversary proceeding." *Jahr v. Frank (In re Jahr)*, BAP No. EW–11–1538–MkHJu, 2012 WL 3205417, at *4 (B.A.P. 9th Cir. Aug. 1, 2012).

36.     The Fourth Circuit reached an analogous conclusion in *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92-93 (4th Cir. 1995) (holding plan confirmation was not res judicata as to issue that must be resolved in adversary proceeding).  As has a bankruptcy court within this circuit. *Vieira v. AGM II, LLC (In re Worldwide Wholesale Lumber, Inc.)*, 372 B.R. 796, 807 (Bankr. D.S.C. 2007) (holding contested matter did not have preclusive effect as to actions that "could not have been at issue in the prior contested matter since these actions are matters that should be raised by an adversary proceeding").

37.     This is so because there are important differences between adversary proceedings and contested matters.

38.     An adversary proceeding is nothing less than a traditional federal lawsuit.  It imposes heightened procedural requirements and insists upon stronger procedural protections than a contested matter does.  *In re Mansaray-Ruffin*, 530 F.3d at 234; *In re Zale Corp.*, 62 F.3d at 762-63.  Unlike a contested matter, an adversary proceeding requires filing a complaint,

10

service of a summons and a copy of the complaint on the defendant, and an answer. *In re*

*Mansaray-Ruffin*, 530 F.3d at 234. These are not trivial requirements. For example, it is through

service of the summons that the court acquires personal jurisdiction over the defendant. *See*

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may

exercise personal jurisdiction over a defendant, the procedural requirement of service of

summons must be satisfied."); *Harding v. Williams Property Co.*, 163 F.3d 598 (Table), 1998

WL 637414, at *4 (4th Cir. Aug. 31, 1998) (same); *Peters v. Agents for Int'l Monetary Fund*,

918 F. Supp. 309, 311 (C.D. Cal. 1995) (holding court lacked personal jurisdiction over United

States where summons was not served as required by federal rules).[3] In addition, adversary

proceedings allow the assertion of affirmative defenses and counterclaims, motion practice (such

as motions for a more definite statement and to dismiss), and the opportunity for more thorough

discovery and trial preparation. *In re Mansaray-Ruffin*, 530 F.3d at 234; *In re Riding*, 44 B.R.

846, 858-59 (Bankr. D. Utah 1984).

39.    By contrast, "[c]ontested matters are more informal than adversary proceedings,

are initiated by motion (not by a complaint), and, unless the court directs otherwise, do not

require a responsive pleading." *In re Mansaray-Ruffin*, 530 F.3d at 237. *See also In re Zale*

*Corp.*, 62 F.3d at 762; *see also In re Worldwide Wholesale Lumber, Inc.*, 372 B.R. at 809

(holding affirmative defenses and compulsory counterclaims are not required to be asserted in

contested matters). Thus, "a motion comes before the court without the focus that results from

---

[3] For a case against the United States, Bankruptcy Rule 7004 requires a copy of the summons
and complaint to be sent to the United States Attorney for the district in which the action is
brought, and the Attorney General of the United States, and, if the suit is against an agency, to
the agency. Fed. R. Bankr. P. 7004(b)(4), (5); *see also* Fed. R. Civ. P. 4(i).

the adversary proceeding's more formal pleading requirements and more structured pretrial

process." *Ung v. Boni* (*In re Boni*), 240 B.R. 381, 385 (B.A.P. 9th Cir. 1999).

40.    This relative informality is permitted because, as the Fifth Circuit has explained,

"[c]ontested matter proceedings are generally designed for the adjudication of simple issues,

often on an expedited basis." *In re Zale Corp.*, 62 F.3d at 763 (internal quotation omitted).  The

constitutional issues raised by the Liquidating Trustee are far removed from the kind of "simple

issues" for which contested matter proceedings are appropriate.  The Liquidating Trustee's

Motion raises a very serious issue, of great concern to the federal government, by asking this

Court to invalidate a federal statute on a variety of grounds.  Indeed, Congress takes such

challenges so seriously that it requires by statute that, if the Attorney General were to decide not

to defend the constitutionality of a statute, he or she must submit a report notifying Congress of

that decision.  28 U.S.C. § 530D(a)(1)(B)(ii).

41.    The robust process of an adversary proceeding is thus particularly important

where the constitutionality of a statute is at stake.  An adversary proceeding ensures that the

issues are thoroughly examined before the Court considers taking the extreme action of striking

down an act of Congress.  Accordingly, the Court should grant summary judgment and dismiss

the Liquidating Trustee's Motion.

## Conclusion

The United States Trustee respectfully asks the Court to grant summary judgment and

dismiss the Liquidating Trustee's Motion.

Date: May 9, 2019                                        Respectfully submitted,

                                                         John P.  Fitzgerald, III
                                                         Acting United States Trustee, Region Four

12

By: /s/ ***Robert B. Van Arsdale***

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
WENDY COX
SUMI SAKATA
Trial Attorneys
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
(202) 307-2397 Fax

ROBERT B. VAN ARSDALE
(Va. Bar No. 17483)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2019, a true copy of the foregoing was delivered via electronic mail pursuant to the Administrative Procedures of the CM/ECF System for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties, specifically including the following:

Robert K. Coulter on behalf of United States of America
robert.coulter@usdoj.gov; USAVAE.ALX.ECF.BANK@usdoj.gov

Robert P. McIntosh on behalf of United States of America
Robert.Mclntosh@usdoj.gov; USAVAE.RIC.ECF.CIVIL@usdoj.gov;
Heidi.E.Bokor@usdoj.gov; HBokor@usa.do j.gov

In addition, a copy was mailed to the following by first class postage pre-paid United States mail:

United States of America
c/o Lee J. Lofthus
Assistant A.G. for Administration
950 Pennsylvania Ave., NW, Rm. I I I I
Washington, DC 20530

United States of America
c/o William P. Barr
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-000 I

United States of America
c/o G. Zachary Terwilliger, Esquire
2100 Jamieson Avenue
Alexandria, VA 22314

*/s/ Robert B. Van Arsdale*_____
Robert B. Van Arsdale

14