Richard M. Pachulski, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
David N. Tabakin, Esq. (VA Bar No. 82709)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**LIQUIDATING TRUST'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
FOR SUMMARY JUDGMENT**

Alfred H. Siegel, as Trustee (the "Liquidating Trustee") of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Unsecured Creditors Holding General Unsecured Claims* [Docket No. 8555, Exhibit A] (the "Plan"), solely in his capacity as Liquidating Trustee, hereby files this opposition in response to the *United States Trustee's Motion for Summary Judgment* (the

---

[1] The Debtors in these chapter 11 cases (collectively, the "Case"), along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512

1

"Summary Judgment Motion"), which was filed in response to the *Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6) and Memorandum in Support* (the "Fee Motion"). In support hereof, the Trust states as follows:

I.

**PRELIMINARY STATEMENT**

1. The Summary Judgment Motion, with its reliance on inapposite basic hornbook statements, is clearly off the mark with respect to this particular matter and should be denied. Indeed, the Summary Judgment Motion puts the proverbial cart before the horse - the Trust has not sought declaratory relief relating to the recovery of money or property or to determine an interest in property that would trigger application of the adversary proceeding rules in Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Instead, the Trust's Fee Motion directly challenges the constitutionality of the amendment to 28 U.S.C. § 1930(a)(6) ("§ 1930(a)(6)") as applied to the Trust and this Court's pre-existing confirmation order. Federal Rule of Civil Procedure 5.1, made applicable by Bankruptcy Rule 9005.1, specifically contemplates proceeding by motion to request such constitutional scrutiny. This is a simple contested matter that does not implicate the adversary rules. Whether the Trust may or may not seek any subsequent relief by separate proceeding is immaterial to this Court's ability and station to rule on the constitutionality of § 1930(a)(6) through the Trust's pending motion. The procedural issues raised in the Motion for Summary Judgment are contrived, formalistic, and should be rejected, allowing the Court to focus on the serious constitutional issues raised in the Fee Motion.

## II.

## ARGUMENT

**The Summary Judgment Motion Mischaracterizes the Relief Sought in the Fee Motion and is Clearly Unwarranted in Light of the Relief Actually Sought by the Trust.**

3.      While Bankruptcy Rule 9014 contemplates summary judgment under Bankruptcy Rule 7056 being filed in contested matters such as the Trust's Fee Motion, the Motion for Summary Judgment is inappropriate because it does not address the relief actually sought in the Fee Motion.[2]

4.      In an apparent attempt to justify its misplaced motion, the United States Trustee consistently mischaracterizes the relief that is actually sought by the Trust, which is summarized in Paragraph 15 of the Trust's Fee Motion:

> In accordance with the jurisdiction specifically retained in the Confirmation Order, the Trust respectfully requests that the Court determine (a) the amount of UST Fees due and payable by the Trust as required by the Plan and this Court's Confirmation Order, (b) that Section 1930 is unconstitutional due to its violation of the Uniformity Clause as applied to this Case, and (c) that the amendment cannot be retroactively applied at all to this Case. The Trust respectfully requests the Court also determine that all prospective UST fees due likewise shall be calculated based upon the payment and fee structure in place pursuant to Section 1930 when the Case was filed. Finally, the Trust reserves its rights, following the ruling of the Court on this Motion, to seek recovery of all excess amounts previously remitted pursuant to the United States Trustee based on the application of the Section 1930 amendment to the Case, including but not limited to the Unconstitutional Difference.

---

[2] The party moving for summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact, and the Court then views the facts and the inferences drawn therefrom in the light most favorable to the party opposing the motion. *E.g.*, *Ballinger v. North Carolina Agric. Extension Serv. Co.*, 815 F. 2d 1001, 1004 (4th Cir.), *cert. denied*, 484 U.S. 897 (1987). After the movant meets this burden the opposing party must "'set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *Accord Allstate Fin. Corp. v. Financorp, Inc.*, 934 F. 2d 55, 58 (4th Cir.1991). The Summary Judgment Motion does not address the question of factual disputes, revealing the mistaken use of the procedure as applied to the Fee Motion.

5. Contrary to the United States Trustee's assertions otherwise, the Trust has not asked the Court to "rule that the Trusts' rights to seek recovery of any excess amounts previously remitted . . . are preserved." The United States Trustee's assertions are particularly disturbing because (1) there is a clear distinction between the Fee Motion's straightforward reservation of rights and a request for a determination of those rights and (2) the thrice repeated assertions (in Paragraphs 2, 11, and 14 of the Summary Judgment Motion) referencing a paragraph of the Fee Motion (Paragraph 14) that addresses jurisdiction and the Fee Motion does not anywhere contain the language errantly quoted by the United States Trustee.

6. The absence of the purportedly offensive request for relief challenged by the United States Trustee obviates the premise of the Summary Judgment Motion, i.e., that the requested relief requires an adversary proceeding. Based on the relief actually requested by the Trust in the Fee Motion, Bankruptcy Rule 7001 has not been implicated. The Trust merely asks this Court, in accordance with the jurisdiction specifically retained in the Confirmation Order, to determine the amounts due and payable by the Trust to the United States Trustee as required by the Plan and this Court's Confirmation Order and to further address the constitutional aspects of 28 U.S.C. § 1930 as applied to this specific bankruptcy case. The authorities cited by the United States Trustee are simply inapplicable here.

**There is No Basis for the United States Trustee's Assertion that Constitutional Challenges Must be Brought in an Adversary Proceeding.**

7. The Summary Judgment Motion argues that, "When a party wishes to wage a frontal assault on the constitutionality of a federal statute passed by Congress and duly signed by the President it must do so by complaint." (Summary Judgment Motion at ¶ 34.) Tellingly,

4

however, the United States Trustee offers no authorities supporting this assertion; or the questionable assertion that Bankruptcy Rule 7004's service requirement is the only means by which this Court can exercise personal jurisdiction over the United States Trustee. Nonetheless, the Fee Motion and the Notice of Constitutional Question related thereto (ECF No. 14198) were properly served pursuant to the Bankruptcy Rule 7004 requirements and the United States Trustee has voluntarily appeared before this Court and filed both the Motion for Summary Judgment and his concurrently filed Objection to the Fee Motion (ECF No. 14203).

8. The Summary Judgment Motion's attempt to remove the Fee Motion from the umbrella of Bankruptcy Rule 2020 is also misplaced. Bankruptcy Rule 2020 expressly provides that matters challenging acts or failures to act by the United States Trustee relating to the bankruptcy case are contested matters, which clearly encompasses the relief actually requested in the Fee Motion. The Fee Motion does not request any type of relief that could be characterized as a direct lawsuit against the United States or to obtain any money or property from the United States. As the Ninth Circuit has stated, "U.S. Trustees are charged with the responsibility of supervising the administration of bankruptcy cases." *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 950 (9th Cir. 2002). Collecting fees pursuant to § 1930(a)(6) is part of those administrative duties. The United States Trustee distributes quarterly statements to the Trust informing the Trust of the amount of fees due to the United States Trustee Systems Fund. Collecting those fees, as alluded to in the Motion for Summary Judgment, is a duty of the United States Trustee. *See* 28 U.S.C. § 586 (noting that it is a duty of the United States Trustee to ensure that all fees are properly paid). Such duty of administration regarding fees is therefore certainly contestable pursuant to Bankruptcy Rule 2020.

5

9. Moreover, the Fee Motion is specifically contemplated by another procedural rule, Bankruptcy Rule 9005.1, discussion of which is glaringly absent in the Summary Judgment Motion. Federal Rule of Civil Procedure 5.1, made applicable by Bankruptcy Rule 9005.1, provides:

> Rule 5.1. Constitutional Challenge to a Statute—Notice, Certification, and Intervention
>
> (a) Notice by a Party. A party that files a pleading, **written motion**, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
> > (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
> >
> > > (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
> > >
> > > (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
> >
> > (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
>
> (b) Certification by the Court. The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.
>
> (c) Intervention; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.
>
> (d) No Forfeiture. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

Fed. R. Civ. P. 5.1 (emphasis added).

6

10.     Indeed, the Trust's selected procedural mechanism is not only specifically permitted by Federal Rule of Civil Procedure 5.1, but also the most efficient and effective vehicle by which to present the issue to this Court. There is no reason that this contested matter fails to provide adequate procedural notice requirements to the United States Trustee. In addition to complying with the notice requirements of Federal Rule of Civil Procedure 5.1 and Bankruptcy Rules 9014 and 7001, the Trust took extra precautions to ensure that the United States had more than ample time to appropriately consider and respond to the Fee Motion. In fact, the Trust agreed to continue the initial and a second scheduled hearing to allow the United States Trustee more time to respond as requested. In fact, the United States Trustee filed a lengthy opposition to the Fee Motion on the merits.

11.     Particularly in light of the additional time provided to respond, the extensive prior briefing of the constitutional issues by the Executive Office of the United States Trustee in other cases,[3] and the lack of any serious underlying legal basis, the Summary Judgment Motion appears to be a nothing more than a delay tactic. The United States Trustee has appealed Judge King's ruling in *Buffet* that the new United States Trustee fee structure is unconstitutional as applied to the reorganized debtors in those cases, and that the reorganized debtors were required only to make quarterly-fee payments of $30,000 per quarter in adherence with the old statute. *See Op.*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Feb. 8, 2019), ECF No. 4209, *appeal docketed*, Case No. 5:19-cv-00173 (Feb. 21, 2019).

---

[3] These same constitutional issues have been the subject of decision of Bankruptcy Judge King in the Western District of Texas upon the *Reorganized Debtors' Motion to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)* in *In re Buffets, LLC,* Case No. 16-50557-RBK (Bankr. W.D. Tex. July 12, 2018), ECF No. 3797, in which litigation the Office of the United States Trustee vigorously participated.

12. In sum, the issues now before this Court on the Fee Motion are not novel to the United States Trustee Program and have even been addressed previously upon motion without any identified argument or contest from the United States Trustee as to propriety of the motion process. Indeed, in *Buffets*, the debtors' challenge to the constitutionality of the new fee schedule was raised and resolved by motion procedures, without any objection thereto by the United States Trustee. *See Reorg. Debtors' Mot. to Determine Extent of Liability for Post-Conf. Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. July 12, 2018), ECF No. 3797; *Objection of the United States Trustee to Reorg. Debtors' Mot. to Determine Extent of Liability for Post-Conf. Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Aug. 2, 2018), ECF No. 3821 (the U.S. Trustee did not object to the relief being sought by motion); *Reorg. Debtors' Reply to Objection of the United States Trustee to Reorg. Debtors' Mot. to Determine Extent of Liability for Post-Conf. Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. §1930(a)(6)*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Aug. 16, 2018), ECF No. 3838; *Order Denying Reorg. Debtors' Mot. to Determine Extent of Liability for Post-Conf. Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Sept. 14, 2018), ECF No. 3893; *Reorg. Debtors' Mot. for Recons. of Order Denying Reorg. Debtors' Mot. to Determine Extent of Liability for Post-Conf. Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Sept. 28, 2018), ECF No. 3914; *Objection of the United States Trustee to Reorg. Debtors' Mot. for Recon. of Order Denying Reorg. Debtors' Mot. to Determine*

*Extent of Liability for Post-Conf. Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Oct. 4, 2018), ECF No. 3927; *Reorg. Debtors' Reply to Objection of the United States Trustee to Reorg. Debtors' Mot.* for *Recons. of Order Denying Reorg. Debtors' Mot. to Determine Extent of Liability for Post-Conf. Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Oct. 11, 2018), ECF No. 3948; *Op.*, *In re Buffets, LLC*, Case No. 16-50557-RBK (Bankr. W.D. Tex. Feb. 8, 2019), ECF No. 4209, *appeal docketed*, Case No. 5:19-cv-00173 (Feb. 21, 2019); *Opposed Mot. of Appellant Henry G. Hobbs, Jr., Acting U.S. Trustee, for Certification for Direct Appeal to the United States Court of Appeals for the Fifth Circuit Pursuant to 28 U.S.C. § 158(d)(2)*, *Hobbs v. Buffets Holdings, LLC (In re Buffets Holdings, LLC)*, Case No. 5:19-cv-00173 (W.D. Tex. Apr. 9, 2019), ECF No. 6. Given the clear language of the relevant Bankruptcy Rule 9005.1 and the Trust's compliance with the same, including all specific notice requirements, coupled with the very tailored requested relief and the fact that the United States Trustee could and did robustly respond to the Fee Motion on the merits, all arguments of the United States Trustee related to the purported need for an adversary proceeding ring hollow. The Trust respectfully requests that the Court deny the Summary Judgment Motion in its entirety.

13.     To the extent necessary, the Trust reserves all rights to present additional bases for the requested relief as appropriate.

9

## VI.

## CONCLUSION

14. This Court retained jurisdiction to address all matters relating to its Confirmation Order, and the relief requested by the Trust in the Fee Motion is certainly grounded in the Confirmation Order. Further, Federal Rule of Civil Procedure 5.1, made applicable by Bankruptcy Rule 9005.1, specifically contemplates that parties such as the Trust may proceed by motion to seek the requested constitutional scrutiny. The prospect of any subsequent relief that may be sought through a separate proceeding following a ruling on the constitutionality of § 1930(a)(6) is immaterial to the preliminary constitutional decision squarely before this Court, especially when other courts have addressed the same issues by motion and the parties have briefed the issues on the merits. The Summary Judgment Motion is entirely without basis; the Trust respectfully requests that the Court deny the Summary Judgment Motion and address the serious constitutional issues raised by the Trust in the Fee Motion.

June 5, 2019

        TAVENNER & BERAN, P.L.C.

        */s/ Lynn L. Tavenner*
        Lynn L. Tavenner (VA Bar No. 30083)
        Paula S. Beran (VA Bar No. 34679)
        David N. Tabakin (VA Bar No. 82709)
        20 North Eighth Street, 2nd Floor
        Richmond, Virginia 23219
        Telephone: 804-783-8300
        Facsimile: 804-783-0178
        Email: ltavenner@tb-lawfirm.com
              pberan@tb-lawfirm.com
              dtabakin@tb-lawfirm.com

        -and-

Richard M. Pachulski
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail:rpachulski@pszjlaw.com
    acaine@pszjlaw.com

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this Case and specifically including the following:

Robert K. Coulter on behalf of United States of America
robert.coulter@usdoj.gov; USAVAE.ALX.ECF.BANK@usdoj.gov

Robert P. McIntosh on behalf of United States of America
Robert.McIntosh@usdoj.gov; USAVAE.RIC.ECF.CIVIL@usdoj.gov;
Heidi.E.Bokor@usdoj.gov; HBokor@usa.doj.gov

USTPRegion04.NO.ECF@usdoj.gov; USTPRegion04.RH.ECF@usdoj.gov;
Robert.B.Van.Arsdale@usdoj.gov on behalf of John P. Fitzgerald III, Acting United States Trustee

I further certify that the foregoing was served upon the following by mailing a copy of the foregoing to the addresses indicated below by certified mail:

John P. Fitzgerald III, Acting United States Trustee
Office of the U.S. Trustee - Region 4 -R
701 E. Broad Street, Suite 4304
Richmond, VA 23219

John P. Fitzgerald III, Acting United States Trustee
Office of The United States Trustee
5 Post Office Square, Suite 1000
Boston, MA 02109-3934

United States of America
c/o Lee J. Lofthus
Assistant A.G. for Administration

950 Pennsylvania Ave., NW, Rm. 1111
Washington, DC 20530

United States of America
c/o William P. Barr
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

United States of America
c/o G. Zachary Terwilliger, Esquire
2100 Jamieson Avenue
Alexandria, VA 22314
Robert B. Van Arsdale

11

United States Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Ramona D. Elliott
Deputy Director/General Counsel
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

P. Matthew Sutko
Associate General Counsel
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

Beth A. Levene
Trial Attorney

Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

Wendy Cox
Trial Attorney
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

Sumi Sakata
Trial Attorney
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

/s/ *Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*