| | |
|---|---|
| Richard M. Pachulski, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | David N. Tabakin, Esq. (VA Bar No. 82709) |
| PACHULSKI STANG ZIEHL & JONES LLP | TAVENNER & BERAN, PLC |
| 10100 Santa Monica Boulevard, 13th Floor | 20 North Eighth Street, 2nd Floor |
| Los Angeles, California 90067-4100 | Richmond, Virginia 23219 |
| Telephone: (310) 277-6910 | Telephone: (804) 783-8300 |
| Telecopy: (310) 201-0760 | Telecopy: (804) 783-0178 |

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**LIQUIDATING TRUST'S RESPONSE TO UNITED STATES
TRUSTEE'S SUPPLEMENT TO OBJECTION**

Alfred H. Siegel, as Trustee (the "Liquidating Trustee") of the Circuit City Stores, Inc. Liquidating Trust (the "Trust")[2] created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Unsecured Creditors Holding General Unsecured Claims* [Docket No. 8555, Exhibit A], solely in his capacity as Liquidating Trustee, hereby files this opposition in response to the *Supplement to Objection of the United States Trustee to Address New Arguments Raised at the Hearing on the Motion of the Liquidating Trustee to Determine Extent of Liability*

---

[1] The Debtors in these chapter 11 cases (collectively, the "Case"), along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Fee Motion.

1

*for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)* (the "Supplemental Objection"), which was purportedly filed in response to arguments of the Trust raised at the hearing (the "Hearing") on the *Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6) and Memorandum in Support* (the "Fee Motion"). In support hereof, the Trust states as follows:

### I.
### PRELIMINARY STATEMENT

1.     Counsel for the Trust is not aware of any Local Bankruptcy Rule (or Court practice) or a Federal Rule of Bankruptcy Procedure that permits the United States Trustee to file a post-hearing pleading under the procedural posture of this matter. In the experience of Trust counsel before this Court, post-hearing pleadings are welcomed only if this Court has requested them. As the Court neither requested nor welcomed any post-hearing briefs, the Trust did not intend to file any additional pleadings. However, the Trust submits this response to the Supplemental Objection of the United States Trustee in order to point out the (a) mischaracterization of the arguments made at the Hearing with regards to the Takings Clause of the Constitution; (b) mischaracterization of counsel's references to *No v Gorman*, 891 F.3d. 378 (4th Cir. 2018); and (c) misplaced argument relating to the Judicial Conference Committee's disparate interpretation of the relevant statute as applied to the Bankruptcy Administrator system.

### II.
### ARGUMENT

2.     First and foremost, the United States Trustee misplaces reliance on *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 599-600 (2013). *Koontz* is a land use case that concerns government fees levied to coerce a landowner into certain behavior. *Id*. The justices

focused on "distinguishing between the power to tax and the power to take by eminent domain." *Koontz*, 570 U.S. at 615.

3. Among other arguments made at the Hearing, the Trust argued that the 833 percent increase in quarterly United States Trustee fees brought about by § 1930(a)(6) constituted a violation of its Due Process rights under the United States Constitution, as discussed in the Trust's Motion. The Trust did not assert that the quarterly fee increase was tantamount to a Taking Clause violation, and thus, the *Koontz* line of reasoning is inapplicable to this matter.

4. Similarly, the United States Trustee's interpretation of the Trust's reference to *No v. Gorman*, 891 F.3d 138 (4th Cir. 2018), is misplaced. The Trust raised *No* in response to the United States Trustee's contention that the Bankruptcy Administrator system and the United States Trustee system did not need to be uniform in their interpretation of § 1930(a)(6), analogizing that the variety of local rules in different jurisdictions is constitutionally acceptable. Refuting this analogy and to bolster its argument in support of the need for uniformity, the Trust cited to *No* for the proposition that, at least in the Fourth Circuit, Local Rules must be consistent with substantive rights in order to be constitutional.

5. Lastly, the United States Trustee makes an apparently illogical argument that "any interpretation of the amendment as imposing the temporary fee increase only on or after October 1, 2018, could have no basis in the language of the 2017 amendment because the amendment makes no reference to October 1, 2018." Supplemental Objection at ¶ 3. The October 1, 2018 effective date (1) reflects the lack of uniformity between the United States Trustee and Bankruptcy Administrator districts, and (2) demonstrates the Bankruptcy Administrators' practical interpretation of the effective timing of the amendment and its application only to new cases.

6. To the extent necessary, the Trust reserves all rights to present additional bases for the requested relief as appropriate.

### III.

### CONCLUSION

7. For the reasons articulated herein, at the Hearing, and in the Fee Motion, the Trust respectfully requests that the Court grant the relief requested in the Fee Motion.

June 21, 2019

TAVENNER & BERAN, P.L.C.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
David N. Tabakin (VA Bar No. 82709)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
       pberan@tb-lawfirm.com
       dtabakin@tb-lawfirm.com
-and-

Richard M. Pachulski
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail:rpachulski@pszjlaw.com
       acaine@pszjlaw.com

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

### CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this Case and specifically including the following:

Robert K. Coulter on behalf of United States of America
robert.coulter@usdoj.gov; USAVAE.ALX.ECF.BANK@usdoj.gov

Robert P. McIntosh on behalf of United States of America

Robert.McIntosh@usdoj.gov; USAVAE.RIC.ECF.CIVIL@usdoj.gov; Heidi.E.Bokor@usdoj.gov; HBokor@usa.doj.gov

USTPRegion04.NO.ECF@usdoj.gov; USTPRegion04.RH.ECF@usdoj.gov; Robert.B.Van.Arsdale@usdoj.gov on behalf of John P. Fitzgerald III, Acting United States Trustee

      I further certify that the foregoing was served upon the following by mailing a copy of the foregoing to the addresses indicated below by first class mail:

John P. Fitzgerald III, Acting United States Trustee
Office of the U.S. Trustee - Region 4 -
701 E. Broad Street, Suite 4304
Richmond, VA 23219

John P. Fitzgerald III, Acting United States Trustee
Office of The United States Trustee
5 Post Office Square, Suite 1000
Boston, MA 02109-3934

United States of America
c/o Lee J. Lofthus
Assistant A.G. for Administration
950 Pennsylvania Ave., NW, Rm. 1111
Washington, DC 20530

United States of America
c/o William P. Barr
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

United States of America
c/o G. Zachary Terwilliger, Esquire
2100 Jamieson Avenue
Alexandria, VA 22314

Robert B. Van Arsdale
United States Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Ramona D. Elliott
DeputyDirector/GeneralCounsel
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

P. Matthew Sutko
Associate General Counsel
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

Beth A. Levene
Trial Attorney
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

Wendy Cox
Trial Attorney
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

Sumi Sakata
Trial Attorney
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

      /s/ *Lynn L. Tavenner*
      Lynn L. Tavenner (VA Bar No. 30083)