| | |
|---|---|
| Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy: (310) 201-0760 | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy: (804) 783-0178 |
| *Counsel to the Circuit City Stores, Inc.*<br> *Liquidating Trust* | *Counsel to the Circuit City Stores, Inc.*<br>*Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER APPROVING COMPROMISE**

This matter having come before the Court on the Trustee's *Motion for Entry of an Order Approving Settlement Between the Circuit City Stores, Inc. Liquidating Trust and Old Republic Insurance Company* (the "Motion"[1]) with Old Republic Insurance Company ("ORIC"); the Court having reviewed the Motion and having considered the statements of counsel for the Trust and ORIC with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (a) and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the*

---

[1] Unless stated otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

*Eastern District of Virginia*, dated August 15, 1984; (b) and this Court may enter a final order consistent with Article III of the United States Constitution; (c) and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court further finds that (a) notice of the Motion and Hearing was sufficient under the circumstances, and (b) the Settlement represents (i) a sound exercise of the Trustee's business judgment, (ii) falls within the range of reasonableness, (iii) is fair and equitable, and (iv) is in the best interest of creditors of the Trust; and the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

1. The Trustee and ORIC have engaged in substantial settlement discussions regarding the adversary proceeding against ORIC, Adversary Proceeding No. 19-03024-KRH, brought by the Trust, and have reached an agreement, which is set forth in the Settlement Agreement, by and between the Trustee and ORIC (the "**Settlement Agreement**").

2. In exercising their business judgment, the Trustee has concluded the terms of the Settlement Agreement are fair and equitable and in the best interests of creditors of the Trust.

3. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved

and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* (citations omitted). These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

4. The Trustee conducted a cost-benefit analysis regarding this matter, including the costs associated with further litigation and the implications of his success, and has concluded the compromise is fair, reasonable and serves the best interests of the Trust's creditors. In consideration of the probability of success in litigation, the complexity of the litigation and the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds that the compromise is fair and reasonable. The Court adopts and approves of the Trustee's business judgment to enter into the compromise.

5. Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, and the Settlement is APPROVED.

2. The Trustee is authorized to take all necessary actions and execute all required documents to consummate the terms of the Settlement including but not limited to executing the Settlement Agreement.

3. The Court retains jurisdiction to resolve any issues arising in connection with the Settlement Agreement.

4. All necessary parties shall receive a copy of this Order via the Court's ECF system.

ENTERED: Jul 16 2019

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY COURT JUDGE

Entered on Docket: Jul 16 2019

We ask for this:

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
Telephone: (804) 783-8300
       -and-

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq.
(admitted pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067-4100
Telephone: (310) 277-6910

*Counsel to the Circuit City Stores, Inc. Liquidating Trust*
       -and-

Steven T. Gubner, Esq.
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500

4

Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099

*Special Litigation Counsel for Alfred H. Siegel, Liquidating Trustee*

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

                                           */s/ Lynn L. Tavenner*
                                           Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
                                           Tavenner & Beran, PLC
                                           1015 East Main Street, First Floor
                                           Richmond, Virginia  23219
                                           Telephone:  (804) 783-8300
                                           Telecopy:  (804) 783-0178