Richard M. Pachulski, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
David N. Tabakin, Esq. (VA Bar No. 82709)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST | ) ) ) | |
| Plaintiff | ) | Adversary Number 19-____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES TRUSTEE PROGRAM, CLIFFORD J. WHITE, III, DIRECTOR, JOHN P. FITZGERALD, III, ACTING UNITED STATES TRUSTEE FOR REGION 4, | ) ) ) ) | |
| Defendants | ) | |

## COMPLAINT FOR DECLARATORY JUDGEMENT AND RECOVERY OF AMOUNTS OWED PURSUANT TO 11 U.S.C. § 542

---

[1] The Debtors in these chapter 11 cases (collectively, the "**Case**"), along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Alfred H. Siegel, as Trustee (the "**Trustee**") of the Circuit City Stores, Inc. Liquidating Trust (the "**Trust**") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Unsecured Creditors Holding General Unsecured Claims*, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Aug. 9, 2010), ECF No. 8252, Exhibit A [hereinafter the "**Plan**"], solely in his capacity as Trustee, and not in any individual or other capacity, files this complaint against the United States Trustee Program (the "**Program**"), Clifford J. White, III Director of the Program (the "**Director**"), and John P. Fitzgerald, Acting United States Trustee for Region 4 (the "**UST**," and together with the Program and the Director, the "**Defendants**" and each individually a "**Defendant**"), and alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this against the Defendants to recover amounts unconstitutionally assessed by Defendants and subsequently paid to the Program pursuant to 28 U.S.C. § 1930(a)(6) ("**§ 1930**") by the Trust, which amounts are now indisputably property of the Trust as a result of this Court's holding in *Siegel v. Fitzgerald (In re Circuit City Stores, Inc.)*, Adv. Pro. 19-03060, Case No. 08-35653 (Bankr. E.D. Va. July 15, 2019), ECF No. 2; *In re Circuit City Stores, Inc.*, 2019 Bankr. LEXIS 2121, Case No. 08-35653 (Bankr. E.D. Va. July 15, 2019) (together, the "**Memorandum Opinion**").

## THE PARTIES

2. The Trustee is the duly appointed trustee of the Trust, successor in interest to the Debtors. Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue

2

claims transferred to the Trust by the Debtors through the Plan and to seek any and all related relief.

3. The Program is the component of the United States Department of Justice responsible for overseeing the administration of bankruptcy cases and private trustees under 28 U.S.C. § 586 and 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). As part of those administrative duties, the Program collects fees pursuant to § 1930, which fees are deposited into the United States Trustee System Fund (the "**Fund**").

4. The Director is the Director of the Program.

5. The UST is the acting United States Trustee for Region 4.

## JURISDICTION AND VENUE

6. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. The Trustee confirms his consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order or judgment by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue of these Chapter 11 cases and this adversary proceeding in this District and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

9. The statutory and legal predicates for the relief requested by the Complaint are 11 U.S.C. §§ 105, 541, 542, 549, and 558, and Bankruptcy Rule 7001.

## RELEVANT FACTS

10. On November 10, 2008, Circuit City Stores, Inc., and its related entities (collectively, the "**Debtors**") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.

11. On September 14, 2010, this Court confirmed the Plan, pursuant to the *Findings of Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims*. *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 [hereinafter the "**Confirmation Order**"].

12. As provided and in furtherance of Article V of the Plan and Paragraph 11 of the Confirmation Order, the Court approved the formation of the Trust and the Circuit City Stores Inc. Liquidating Trust Agreement, the executed copy of which was filed on the docket on November 1, 2010. Notice of Filing of Executed Liquidating Trust Agreement and Executed Bylaws of Liquidating Trust Oversight Committee, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Nov. 1, 2010), ECF No. 8864 [hereinafter the "**Liquidating Trust Agreement**"]. Pursuant to the Liquidating Trust Agreement, the Trust received the Debtors' assets, including but not limited to any and all recovery actions, for the purpose of allowing the Trustee to administer the assets in accordance with the Plan.

13. As provided in Paragraph 41 of the Confirmation Order and Article XI of the Plan, this Court has retained exclusive jurisdiction to hear and determine any matters arising out of, under or related to the Case, the Plan or the Liquidating Trust Agreement to the fullest extent permitted by law.

14. In accordance with the Plan and the Liquidating Trust Agreement, the Trustee has performed, and continues to perform, his duties with fervor and, in furtherance thereof, already has distributed a 54 percent recovery to holders of allowed general unsecured claims.

15. The Trustee, his staff, and professionals continue their efforts to recover additional sums through litigation and otherwise in order to make additional distributions to the holders of allowed claims.

16. Further, in accordance with Article XII.D. of the Plan, the Trustee is required to continue to remit to the Office of the United States Trustee statutory quarterly fees ("**UST Fees**") until Case closure (or entry of a final decree). The relevant portion of Article XII.D. of the Plan provides:

> All fees then due and payable pursuant to 28 U.S.C. § 1930, as determined by the Court at the Confirmation Hearing, shall be paid on or before the Effective Date by the Debtors. All such fees that become due and payable thereafter by a Debtor shall be paid by the Liquidating Trustee. The Liquidating Trustee shall pay quarterly fees to the U.S. Trustee until the Chapter 11 Cases are closed or converted and/or the entry of final decrees. The Debtors, through the Liquidating Trust, shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Confirmation Hearing in conformance with the U.S. Trustee Guidelines.

17. In accordance with Article XII.D. of the Plan and in furtherance of his duties under the Liquidation Trust Agreement, the Trustee has continued to timely file requisite quarterly

operating reports, and through the entry of the Order (as defined herein), has continued to timely remit the UST Fees as calculated and invoiced by the UST pursuant to § 1930.

18. As a result of structural statutory changes delineating a new fee structure under Section 1930 and based upon the timely filed Quarterly Operating Reports for the first three quarters of the 2018 calendar year, the Program invoiced the Trust, and the Trust paid the UST, $632,542. *See* Trustee Quarterly for Quarter Ending September 30, 2018, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Dec. 5, 2018), ECF No. 14190; Trustee Quarterly for Quarter Ending June 30, 2018, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Sept. 12, 2018), ECF No. 14181; Trustee Quarterly for Quarter Ending March 31, 2018, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. May 30, 2018), ECF No. 14166. As the exponential statutory fee increase was imposed many years after confirmation of the Plan, none of the relevant parties or the Court was (or could have been) aware of such a material future fee change during the Plan confirmation process. Absent the increase, the UST fee that would have otherwise been due and paid would have been $56,400, a $576,142 difference (the "**Initial Unconstitutional Difference**").

19. On March 28, 2019, the Trustee brought his *Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6) and Memorandum in Support*. *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. March 28, 2019), ECF No. 14197; *Siegel v. Fitzgerald*

6

*(In re Circuit City Stores, Inc.)*, Adv. Pro. 19-03060 (Bankr. E.D. Va. March 28, 2019), ECF No. (together, the "**UST Fee Motion**").[2]

20. On July 15, 2019, this Court entered the Opinion and Order. *See* Memorandum Opinion; Order Directing that Motion to Determine is Converted to a Complaint, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. July 15, 2019), ECF No. 14224; Order Directing that Motion to Determine is Converted to a Complaint, *Siegel v. Fitzgerald (In re Circuit City Stores, Inc.)*, Adv. Pro. 19-03060 (Bankr. E.D. Va. July 15, 2019), ECF No. 3 (together, the "**Order**"). Pursuant to the Order, the Court directed:

> The quarterly fees due and payable by the Liquidating Trust since January 1, 2018 shall be determined based on the fee schedule set forth in the prior version of 28 U.S.C. § 1930(a)(6) effective on September 30, 2017. As to payments previously made by the Liquidating Trustee to the U.S. Trustee, the rights and defenses of both Parties are reserved.

Order.

21. Since the filing of the UST Fee Motion, additional quarterly reports for the fourth quarter 2018, first quarter 2019, and second quarter 2019 have been filed. The Trustee intends to continue filing quarterly reports as required by the Plan. Based upon subsequent invoices received from the Program since entry of the Order, the Trustee is unable to determine the fee calculation methodology as reflected in Exhibits A-B. But, to the extent any fee amounts due after entry of the Order are calculated based upon the current version of 28 U.S.C. § 1930(a)(6), such calculation

---

[2] Pursuant to this Court's *Order Directing that Motion to Determine is Converted to a Complaint*, entered July 15, 2019, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. July 15, 2019), ECF No. 14224, the Court converted the matter to an Adversary Proceeding, and the *Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6) and Memorandum in Support* was redocketed as a complaint in Adversary Proceeding 19-03060.

7

will also be contrary to the Court's ruling and unconstitutional (the "**Subsequent Unconstitutional Fee Calculations**").

22. Further, in its Memorandum Opinion, the Court noted "The Court makes no finding as to the Liquidating Trustee's ability to recover any overpayments based upon the Courts ruling but acknowledges that rights and defenses of both Parties are reserved." Opinion at *14. As such, the Unconstitutional Difference amounts to an overpayment of UST Fees paid by the Trust into the Fund. Further, any Subsequent Unconstitutional Fee Calculations may also be in violation of the Order.

23. Where payment to the UST may have initially divested the Trust of its interest in the Initial Unconstitutional Difference, once this Court entered the Order and determined that the amendment to § 1930 was unconstitutional, the Initial Unconstitutional Difference can be clearly seen as a vested property interest of the Trust Estate. There is no legitimate dispute over the fact that the Initial Unconstitutional Difference is now owed to the Trust. The Initial Unconstitutional Difference is clearly property of the Trust, but is not in the Trust's possession and thus, must be turned over to the Trust.

24. In addition, any Subsequent Unconstitutional Fee Calculation is in violation of this Court's prior ruling, and further contributes to overstated UST Fees due in contravention of the Order.[3]

25. On September 26, 2019, the Trustee made formal demand upon the United States Trustee Program, Clifford J. White, III Director of the United States Trustee Program, and John P.

---

[3] The Memorandum Opinion and Order are currently the subject of an appeal and cross appeal; however, no stay prohibiting this proceeding has been requested or ordered.

Fitzgerald, Acting United States Trustee for Region 4 for: (1) turnover of the Initial Unconstitutional Difference and (2) an accounting regarding the Initial Unconstitutional Difference and the Subsequent Unconstitutional Difference. On October 9, 2019, the Defendants declined to turnover the Unconstitutional Difference and provided an incomplete accounting.

### COUNT I
### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

26.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

27.     There is an actual controversy between the Trust and the Program, Director, and UST, in that the funds constituting the Unconstitutional Difference are being retained without cause and have not been returned to the Trust despite the Court's ruling that the funds were not constitutionally sanctionable remittances.

28.     This dispute is definite and concrete, touching the legal relations of the parties which have adverse legal interests in that the Program, Director, and UST have not returned the Unconstitutional Difference to the Trust, which demands the funds so that they can be utilized for the benefit of the Trust beneficiaries.

29.     Given the relation of the parties and this Court's prior Opinion and Order, it is not an abuse of this Court's discretion to hear the present matter.

30.     Furthermore, judgment in favor of the Trust will (1) clarify the legal relation at issue; (2) afford relief from the uncertainly, insecurity and controversy that gave rise to the proceeding; (3) be an efficient exercise of judicial oversight for this Court to render judgment in this instance; and (4) reinforce that the Trust is not engaging in procedural fencing.

31. Pursuant to 28 U.S.C. § 2201, the Trust is entitled to a declaratory judgment that the Unconstitutional Difference is an asset of the Trust estate.

## COUNT II
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

32. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

33. There is an actual controversy between the Trust and the Program, Director, and UST, in that the Program, Director, and UST have failed to appropriately invoice and/or otherwise account to the Trust in accordance with the Opinion and Order for the appropriate amount of UST Fees due since January 1, 2018.

34. This dispute is definite and concrete, touching the legal relations of the parties which have adverse legal interests in that the Program, Director, and UST have not appropriately invoiced and/or otherwise accounted to the Trust in accordance with the Opinion and Order for the appropriate amount of UST Fees due since January 1, 2018.

35. Given the relation of the parties and this Court's prior Opinion and Order, it is not an abuse of this Court's discretion to hear the present matter.

36. Furthermore, judgment in favor of the Trust will (1) clarify the legal relation at issue; (2) afford relief from the uncertainly, insecurity and controversy that gave rise to the proceeding; (3) be an efficient exercise of judicial oversight for this Court to render judgment in this instance; and (4) reinforce that the Trust is not engaging in procedural fencing.

37. Pursuant to 28 U.S.C. § 2201, the Trust is entitled to a declaratory judgment establishing the amount of UST Fees due to the Trust as a result of the over payments made to date.

# COUNT III
# TURNOVER AND ACCOUNTING OF PROPERTY OF
# THE ESTATE PURSUANT TO 11 U.S.C. § 542

38. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

39. The Initial Unconstitutional Difference is an obligation owed to the Trust, which constitutes property of the estate under § 541 of the Bankruptcy Code.

40. The Initial Unconstitutional Difference has matured and is payable on demand.

41. Notwithstanding the entry of the Opinion and Order, Defendants have failed to return the Initial Unconstitutional Difference to the Trustee despite specific demand for the same.

42. Defendants are aware of the Opinion, and, as a result, Defendants knew or should have known that the Initial Unconstitutional Difference was property belonging to the Trust, and that they have failed to turn over such amounts as required by § 542 of the Bankruptcy Code despite specific demand for the same.

43. The Trustee is entitled to recover the full amount of the Initial Unconstitutional Difference pursuant to § 542(b) of the Bankruptcy Code.

44. The Trustee is entitled to an accounting of fees paid, overpaid, and/or due since January 1, 2018.

[*remainder of page left intentionally blank*]

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

A. Pursuant to Count I and 28 U.S.C. § 2201, enter a declaratory judgment that the Initial Unconstitutional Difference is property of the Trust Estate;

B. Pursuant to Count II and 28 U.S.C. § 2201, enter a declaratory judgment as to the amount of the amount of UST Fees due to the Trust as a result of the over payments made to date;

C. Pursuant to Count II and § 542 of the Bankruptcy Code, enter a judgment against Defendants and require the Director and/or the UST to direct the Fund to immediately cause to be paid to the Trustee not less than $576,142;

D. Award the Trustee costs and expenses incurred in connection with this adversary proceeding; and

E. Grant such other and further relief as this Court deems just and appropriate.

October 9, 2019

                                            TAVENNER & BERAN, P.L.C.

                                            */s/ Lynn L. Tavenner*
                                            Lynn L. Tavenner (VA Bar No. 30083)
                                            Paula S. Beran (VA Bar No. 34679)
                                            David N. Tabakin (VA Bar No. 82709)
                                            20 North Eighth Street, 2nd Floor
                                            Richmond, Virginia 23219
                                            Telephone: 804-783-8300
                                            Facsimile: 804-783-0178
                                            Email: ltavenner@tb-lawfirm.com
                                                           pberan@tb-lawfirm.com
                                                           dtabakin@tb-lawfirm.com

                                            -and-

Richard M. Pachulski
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail:rpachulski@pszjlaw.com
           acaine@pszjlaw.com

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

13

# EXHIBIT A

Office of the U. S. Trustee
701 East Broad St.
Suite #4304
Richmond, VA 23219

804-771-2310

Page 1 of 1    Rev. 4/18

Account No.:    5653
Process Date: 04-03-19

\*\*\*\*\*\*\*\*\*\*AUTO\*\*MIXED AADC 170
CIRCUIT CITY STORES, INC.
P.O. BOX 5695
GLEN ALLEN, VA 23058-5695

**UNITED STATES
DEPARTMENT OF JUSTICE
U.S. TRUSTEE PROGRAM**

See Instructions
On Reverse Side

## Chapter 11 Quarterly Fees Statement

| Date | Description | Amount |
|---|---|---|
| 02-07-19 | Balance Forward | 101,517.00 |
| 02-27-19 | Adjustments to fees charged from previous statement. | 94,527.00- |
| 02-15-19 | Payment from Lock Box | 101,517.00- |
| 04-03-19 | Quarter 1, 2019 Fee Due {Est. using prev qtr fee.} (8) | 30,777.00 |
|  | Credit Balance - Will Be Applied To Next Quarter's Fee |  |
|  | Estimated Balance Due Based On Disbursement Record | 63,750.00- |

**Fee estimated using the previous quarter's fee of $30,777.00.**

------ fold and tear ------

**DISBURSEMENTS STUB:** Enter information, sign, detach, and return this stub in the window envelope.

**ADDRESS STUB:** Print address correction on reverse side. Place an "X" in the box if a correction is entered. ☐

Failure to file monthly operating reports may result in a motion filed by the U.S. Trustee office to compel compliance, or convert or dismiss the case. In the section below, please enter the disbursements for the indicated months/years for which data is missing in the U.S.Trustee file. For post-confirmation cases, consult your local U.S. Trustee office regarding whether monthly or quarterly reports are required; if quarterly, enter data just in the quarter's ending month and write a "Q" after it. Round to the nearest dollar. This is not a substitute for filing the required report.

**CIRCUIT CITY STORES, INC.**    Account Number:    5653

# EXHIBIT B

Office of the U. S. Trustee
701 East Broad St.
Suite #4304
Richmond, VA 23219

804-771-2310

Page 1 of 1     Rev. 5/19

Account No.: 5653
Process Date: 07-03-19

\*\*\*\*\*\*\*\*\*\*AUTO\*\*MIXED AADC 170
CIRCUIT CITY STORES, INC.
P.O. BOX 5695
GLEN ALLEN, VA 23058-5695

**UNITED STATES
DEPARTMENT OF JUSTICE
U.S. TRUSTEE PROGRAM**

See Instructions On Reverse Side

## Chapter 11 Quarterly Fees Statement

| Date | Description | Amount |
|---|---|---|
| 04-03-19 | Balance Forward | 63,750.00- |
| 07-03-19 | Quarter 2, 2019 Fee Due {Est. using prev qtr fee.} (8) | 30,777.00 |
| 07-03-19 | Adjustment for delinquent operating reports | 32,973.00 |
| | **Estimated Balance Due Based On Disbursement Record** | .00 |

Fee estimated using the previous quarter's fee of $30,777.00.

------ fold and tear ------------------------------------------------------------------------------------------------ fold and tear -----------

**DISBURSEMENTS STUB:** Enter information, sign, detach, and return this stub in the window envelope.

**ADDRESS STUB:** Print address correction on reverse side. Place an "X" in the box if a correction is entered. ☐

Failure to file monthly operating reports may result in a motion filed by the U.S. Trustee office to convert or dismiss the case. In the section below, enter the disbursements for months/years for which you did not file monthly operating reports or provide disbursement information. For post-confirmation cases, consult your local U.S. Trustee office regarding whether monthly or quarterly reports are required; if quarterly, enter the entire quarter's disbursement data in the last month of the quarter and write a "Q" after it. Round to the nearest dollar. This is not a substitute for filing the required report.

**CIRCUIT CITY STORES, INC.**    Account Number:    5653

Mar 2019 ____,____,____

I certify under penalty of perjury that to the best of my knowledge the above disbursement information is true and correct.