| | |
|---|---|
| Richard. M. Pachulski, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER
FURTHER EXTENDING TERM OF LIQUIDATING TRUST**

Alfred H. Siegel, as Trustee (the "Trustee") of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Unsecured Creditors Holding General Unsecured Claims* [Docket No. 8555, Exhibit A] (the "Plan"), hereby moves (the "Motion") the Court for the entry of an order further extending the term of the Trust through June 30, 2020.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

# I.

## **PRELIMINARY STATEMENT**

1.  Under the Plan, the Trust was established with a five-year term through October 31, 2015. In July 2015, the Court entered an order, on the Trustee's motion therefor, extending the term of the Trust through November 1, 2017. On August 24, 2017, the Court entered an order, on the Trustee's motion therefor, extending the term of the Trust through November 1, 2018. On July 30, 2018, the Court entered an order, on the Trustee's motion therefor, extending the term of the Trust through December 31, 2019.

2.  Within the past year since the most recent extension was granted, the Trust has completed most affirmative recovery efforts, recovering substantial sums thereby, concluded all claims disputes, and reduced its staff and expenses of administration. Through September 2019, the Trust has distributed 54.5 percent to holders of allowed general unsecured claims.

3.  The Trustee, his staff, and professionals continue their efforts to recover additional sums through affirmative litigation and in order to make material additional distributions to the holders of allowed claims. These efforts include two settled class action matters for which the only remaining issue is the amount of the Trust's claim and payment thereon, and two matters in which the Trust prevailed in this Court and appeals are pending. As to all of these matters, the timetable for resolution is outside of the Trust's influence or control.

4.  While the Trustee was hopeful that all ongoing matters would be resolved before the current conclusion date of the Trust, he now believes that beneficiaries of the Trust will benefit from, and hereby seeks, an extension of the term of the Trust through and including June

30, 2020. The Trustee seeks to reserve the right to request further extensions, upon notice and hearing, as necessary to complete the administration of the Trust.

## II.

## JURISDICTION

5.     The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Article XI of the Plan, and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. The Trustee confirms his consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.     Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8.     By this Motion, the Trustee seeks the entry of an order further extending the term of the Trust through and including June 30, 2020.

9.     The predicates for the relief sought herein are Articles 9.3, 10.8, and 11.6 of the Circuit City Stores, Inc. Liquidating Trust Agreement (the "Liquidating Trust Agreement"), section 1142 of the Bankruptcy Code, Article XI of the Plan, and this Court's *Findings of Fact,*

3

*Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* [Docket No. 8555] (the "Confirmation Order").

## IV.

## BACKGROUND

### A. General Case Milestones

10. On November 10, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act* in Canada.

11. On November 12, 2008, pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code, the Office of the United States Trustee for the Eastern District of Virginia appointed an official committee of unsecured creditors (the "Creditors Committee").

12. The Debtors and Creditors Committee, as co-plan proponents, filed the Plan and the *Supplemental Disclosure Statement* [Docket No. 8253] supporting the Plan. Following a hearing on approval of the Plan, on September 14, 2010, the Court entered the Confirmation Order approving and confirming the Plan.

4

13. The effective date under the Plan for the Debtors other than Ventoux International, Inc. and InterTAN Canada occurred on November 1, 2010 (the "Effective Date"). [Docket No. 8865].[2]

**B.    The Liquidating Trust and Appointment of Trustee and Oversight Committee**

14. Pursuant to Article V.F of the Plan and paragraphs 11-16 of the Confirmation Order, the Trust was established to effectuate the Plan by, among other things, collecting, administering, distributing, and liquidating the assets of the Debtors' estates that were transferred to the Liquidating Trust on the Effective Date. The terms of the Liquidating Trust are governed by the Liquidating Trust Agreement [Docket No. 8555, Exhibit B].

15. Under the Plan, Alfred H. Siegel was appointed as Trustee of the Trust. *See* Plan § 1.112; *Memorandum of Law in Support of Confirmation of the Plan* [Docket No. 8462] at 22 and 44-45. The Trustee has continued to administer the Trust with the advice and consent of the Oversight Committee as provided for in the Liquidating Trust Agreement.

**C.    Term of the Liquidating Trust**

16. Pursuant to Section 9.1 of the Liquidating Trust Agreement, the Trust became effective on the Effective Date. Section 9.2 provides that the Trust shall terminate upon the distribution of all Trust Assets, the payment of all costs of administering the Liquidating Trust and the Court's entry of a final order closing the cases.

17. Section 9.3 provides that, if the Trust has not been previously terminated pursuant to section 9.2, it shall terminate on the fifth anniversary of the Effective Dates unless the term

---

[2] The effective date for Debtor Ventoux International, Inc. was October 22, 2015, and for InterTAN Canada was October 26, 2015.

5

has been extended by the Court in accordance with the terms of the Plan, with such extension to be approved by the Court within six months of the beginning of the extended term.

18. By Motion filed on June 2, 2015 [Docket No. 13699], the Trustee requested a two (2) year extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on July 21, 2015 [Docket No. 13742] (the "Extension Order"), which extended the term of the Trust for all Debtors through and including November 1, 2017.

19. By Motion filed on June 21, 2017 [Docket No. 14098], the Trustee requested an additional one-year extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on August 24, 2017 [Docket No. 14125], which extended the term of the Trust for all Debtors through and including November 1, 2018.

20. By Motion filed on June 28, 2018 [Docket No. 14173], the Trustee requested an additional extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on July 30, 2018 [Docket No. 14178], which extended the term of the Trust for all Debtors through and including December 31, 2019, and included a right of the Trustee to seek a further extension of the term of the Trust, upon motion and hearing, provided that Court approval thereof is obtained within six (6) months of the beginning of the proposed extended term.

## V.

## THE TERM OF THE TRUST SHOULD BE EXTENDED

21. Absent an extension granted by the Court, the Trust is scheduled to terminate for all Debtors on December 31, 2019. As described below, the Trust is pursuing affirmative recoveries in a few remaining matters that will not be completed so as to permit the Trust to distribute all of its assets and seek a Court order closing these cases prior to the current

December 31, 2019 termination date. As a result, the Trustee submits that it is necessary and warranted to extend the term of the Trust for an additional several months, with an option to seek a further extension upon proof of need therefor. The Trustee requests that the Trust term be extended for all Debtors through and including June 30, 2020.

22.     Further extension of the Trust term is consistent with the terms of the Plan, the Confirmation Order, the Liquidating Trust Agreement, and applicable bankruptcy law. The Trustee has the power and authority to perform such functions as are provided in the Plan and the Liquidating Trust Agreement and any powers reasonably incidental thereto, including seeking Court authority to extend the term of the Trust. [Liquidating Trust Agreement § 3.1.] More specifically, the Liquidating Trust Agreement provides that the term of the Trust may be extended by an order of this Court. [Liquidating Trust Agreement § 9.3.] This Motion has been timely filed pursuant to Section 9.3 of the Liquidating Trust Agreement and the Extension Order.

23.     A further extension of the Trust term is also supported by governing bankruptcy law. Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b). While it would be unusual to find a published decision granting an extension of the term of a post-confirmation liquidating trust where the authority to do so is express in the trust agreement, at least one court has extended the term of a liquidating trust past the authority granted in the trust agreement, where unlike here, a plan modification was required. *In re Boylan Intern., Ltd.*, 452 B.R. 43, 51 (Bankr. S.D.N.Y. 2001) (holding that the duration of the trust may be extended for an additional

two years to permit the trustee an opportunity to continue its prosecution of a malpractice claim, the estate's "primary asset").

24. The further extension of the term of the Trust is necessary to complete the recovery and liquidation of the Trust Assets, including without limitation, the prosecution of antitrust actions concerning price-fixing activity and the pursuit of excess insurance. In particular, the Optical Disc Drive and Lithium Ion Battery antitrust actions have been settled between the class and the defendants, but the validation and resolution of claim amounts has not been completed. The Trust timely submitted documentation to support its claims in both matters and promptly responded to all subsequent inquiries by the claims agents. The Trust now merely awaits word as to the final determinations of the amounts of its claims and payment thereon from the settlement funds, which should aggregate several million dollars.

25. In addition, the Trust remains engaged in litigation with the California State Compensation Insurance Fund (the "Fund"). The Court entered a summary judgment in favor of the Trust that precludes the Fund from pursuing any further recoveries from the Trust or its insurance carrier, Old Republic Insurance Company. The Court's judgment was affirmed by the United States District Court for the Eastern District of Virginia on September 27, 2019. Counsel for the Fund has informed counsel for the Trust that the Fund intends to appeal to the Fourth Circuit. The Trust stands to recover $957,819 if this Court's judgment is again affirmed on appeal, as the Trust's settlement with Old Republic set aside this amount pending resolution of the Fund litigation.

26. Finally, the Trust is currently litigating the overpayment of quarterly United States Trustee fees in the amount of $576,142. This Court determined that the 2017 amendment

8

to 28 U.S.C. § 1930(a)(6) relating to the calculation of quarterly fees due from the Trust was unconstitutional. Neither the Fourth Circuit nor the Supreme Court has addressed the constitutionality of the 2017 amendment, and as this question presents matters of public importance, the Trust has joined with the Office of the United States Trustee in a request for direct certification to the Fourth Circuit Court of Appeals for consideration of such matters. The Trust has also filed a complaint to recover the overpayment.

27. While litigation recoveries are inherently uncertain, the Trustee believes that the Trust's above described efforts, in combination with funds on hand, will serve to generate perhaps as much as a 2 percent additional recovery for general unsecured creditors.[3]

28. A further extension of the term of the Trust will benefit, not harm creditors, because (a) the Trust will continue to make interim distributions as feasible from available funds and (b) the Trust's actions during the extended period should serve to increase the potential distribution to creditors.

29. Based on these facts, the Trustee submits that a further extension of the Trust termination date is warranted under the circumstances and is necessary to facilitate the administration of the Trust so as to maximize the recovery for creditors of the estates. Accordingly, the Trustee respectfully requests that the term of the Trust be extended through and including June 30, 2020, for all Debtors, reserving the Trustee's rights to seek a further extension upon notice and hearing.

---

[3] In addition, various administrative tasks will be required, particularly tax reporting, after the final distribution has been made.

## NOTICE

30. Notice of this Motion is being provided to (i) the Office of the United States Trustee and (ii) those parties that have requested notice in these cases. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

31. No previous request for this further extension of the Trust term has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, extending the termination date of the Trust through and including June 30, 2020, reserving the Trustee's right to seek further extension of the termination date upon notice and hearing, and order such other and further relief as the Court may deem just and proper.

Dated: October 11, 2019

TAVENNER & BERAN, P.L.C.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com

-and-

Richard M. Pachulski
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor

Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail:rpachulski@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# **EXHIBIT A**

**(Proposed Order)**

| | |
|---|---|
| Richard M. Pachulski, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING MOTION OF THE LIQUIDATING TRUSTEE FOR
ENTRY OF AN ORDER FURTHER EXTENDING TERM OF LIQUIDATING TRUST**

Upon the Motion (the "<u>Motion</u>")[2] of the Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "<u>Trust</u>") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Unsecured Creditors Holding General Unsecured Claims* [Docket No. 8555, Exhibit A] (the "<u>Plan</u>"), for the entry of an order further extending the term of the Trust,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

all as set forth in greater detail in the Motion; and the Court having reviewed the Motion, and the Court having determined that the relief requested in the Motion is reasonable and warranted under the circumstances; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The Liquidating Trust Agreement is extended through and including June 30, 2020, for all Debtors.

3. The Trustee's right to request further extensions for cause upon notice and hearing, is hereby preserved, provided that any further extension of the term of the Liquidating Trust is approved by the Court within six (6) months of the beginning of the proposed extended term.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____    _____
       Richmond, Virginia              The Honorable Kevin R. Huennekens
                                       United States Bankruptcy Judge

2

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Andrew W. Caine (CA Bar No. 110345)
(admitted *pro hace vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*


**SEEN AND NO OBJECTION:**

_____
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## **CERTIFICATION**

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
1015 East Main Street, First Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

3