Richard. M. Pachulski, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
David N. Tabakin, Esq. (VA Bar No. 82709)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## MOTION OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST TO ENFORCE TERMS OF CONFIRMED PLAN, FOR PROTECTION FROM FOREIGN SUBPOENAS, AND FOR ORDER TO SHOW CAUSE AS TO WHY STILES EWING POWERS PC, MICHAEL S. EWING, ESQUIRE, MOLLIE C. BARTON, ESQUIRE AND DAVID G. FOSE, SHOULD NOT BE HELD IN CONTEMPT

Alfred H. Siegel, as Trustee, and not individually but solely in his capacity as the liquidating trustee (in such capacity, the "**Trustee**") of the Circuit City Stores, Inc. Liquidating Trust (the "**Trust**") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Unsecured Creditors Holding General Unsecured Claims* [Docket No. 8252, Exhibit A] (the "**Plan**"), by counsel, hereby moves for protection from multiple subpoenas issued at the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

behest of Mr. David G. Fose ("**Mr. Fose**") by Michael S. Ewing, Esquire ("**Mr. Ewing**") and/or

Mollie C. Barton, Esquire ("**Ms. Barton**") of Stiles Ewing Powers, PC ("**SEP**") and for sanctions

in connection with an action in which the Trust is not a party, *Fose v. Fose*, currently pending as

Case No. CL19-1661 in the Circuit Court of Hanover County, Virginia (the "**Hanover Action**").

As set out more fully herein, compliance with the Subpoenas for Witness would require the Trust's

few remaining personnel and its counsel to prepare and sit for a deposition, as well as testify at a

trial – a significant and costly undertaking that would exceed the authorization of the Trust under

the Plan and Liquidating Trust Agreement in these cases, violate the protections provided to the

Trust thereunder, and improperly commandeer the Trust's resources to the detriment of

beneficiaries. The Trust thus seeks relief from this Court – including but not limited to the issuance

of an order to show cause and ultimately for sanctions – to safeguard the interests of the Trust and

its beneficiaries.

### THE CONFIRMATION ORDER, PLAN, LIQUIDATING TRUST AGREEMENT, AND THE PURPOSES OF THE TRUST

Before its liquidation at the height of the financial crisis in 2008–09, Circuit City Stores,

Inc. (together with its affiliated companies, "**Circuit City**") was a retailer of electronic products.

On November 10, 2008, Circuit City sought relief under chapter 11 of the United States

Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the

"**Bankruptcy Court**"). On September 10, 2010, the Bankruptcy Court entered its *Findings of*

*Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of*

*Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors* (the "**Confirmation Order**"),

which, inter alia, confirmed the *Modified Second Amended Joint Plan of Reorganization* (the

"**Plan**") and established the Trust.

The Trust is a creation of the Bankruptcy Court.[2] It carries on no trade or commerce; rather, the Trust exists solely for the limited purposes set out in the Confirmation Order, which states in relevant part as follows:

> The formation, rights, powers, duties, structure, obligations, and related matters pertaining to the Liquidating Trust shall be governed by Article V of the Plan and the Liquidating Trust Agreement. Confirmation Order ¶ 11.

> [T]he Liquidating Trustee is hereby authorized to carry out all duties as set forth in the Plan, the Liquidating Trust Agreement, and this Confirmation Order. Confirmation Order ¶ 13.

The Plan provides, at Article V.F.6(c):

> The Liquidating Trustee shall have the rights and powers set forth in the Liquidating Trust Agreement including, but not limited to, the powers of a debtor-in-possession under Bankruptcy Code sections 1107 and 1108. The Liquidating Trustee shall be governed in all things by the terms of the Liquidating Trust Agreement and this Plan. The Liquidating Trustee shall administer the Liquidating Trust, and its assets, and make Distributions from the proceeds of the Liquidating Trust in accordance with this Plan. In addition, the Liquidating Trustee shall, in accordance with the terms of this Plan, take all actions necessary to wind down the affairs of the Consolidated Debtors consistent with this Plan and applicable non-bankruptcy law…. Subject to the terms of the Liquidating Trust Agreement, which includes, among other things, limitations on the Liquidating Trustee's discretion to take certain action without approval of the Liquidating Trust Oversight Committee or, in some circumstances, the Bankruptcy Court, the Liquidating Trustee shall be authorized, empowered and directed to take all actions necessary to comply with this Plan and exercise and fulfill the duties and obligations arising hereunder

The Liquidating Trust Agreement, which was approved by the Bankruptcy Court through the Confirmation Order, provides in relevant part as follows:

> **2.1 Purpose of Trust**. The Plan Proponents and the Trustee, pursuant to the Plan and in accordance with title 11 of the United States Code (the "Bankruptcy Code"), hereby create the Trust for the primary purpose of collecting, holding, administering, distributing and/or liquidating the Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan, and with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of

---

[2] *See generally Barton v. Barbour*, 104 U.S. 126 (1881).

3

the Trust. The activities of the Trust shall be limited to those activities set forth in this Agreement and as otherwise contemplated by the Plan. [Emphasis added.]

**3.1 Rights, Powers and Privileges**. The Trustee shall have only the rights, powers and privileges expressly provided to the Trustee in this Agreement or in the Plan. Without limiting the foregoing, the Trustee shall have the power to take the following actions in addition to the powers granted in the Plan, and any powers reasonably incidental thereto, which the Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the liquidating purpose of the Trust, unless otherwise specifically limited or restricted by the Plan or this Agreement . . . [listing various actions, none of which include responding to a third-party subpoena].

The Confirmation Order further provides:

**Injunctions**. Except as otherwise specifically provided in the Plan and except as may be necessary to enforce or remedy a breach of the Plan, from and after the Effective Date all Entities who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan, all to the fullest extent permissible under applicable law, including to the extent provided for or authorized by Article X.D of the Plan and §§ 524 and 1141 of the Bankruptcy Code.

Confirmation Order ¶ 28.

Under the Plan, the Trust was established with a five-year term through October 31, 2015.

Thereafter, this Court has entered orders extending the term of the Trust through November 1,

2017, November 1, 2018, December 31, 2019, and June 30, 2020. And while the Trustee was

hopeful that all ongoing matters would be resolved before the respective deadline, in each instance,

the Trustee believed that beneficiaries of the Trust would benefit from an extension of the term of

the Trust and, therefore, sought and obtained said extensions. However, as this Court is aware, the

Trust has consistently reduced its operating expenses, including but not limited to expenses related

to payroll and personnel. For example, the Trust began with fourteen (14) employees but as of the filing of this Motion only four individuals (Katie Bradshaw, CPA, Senior Trust Officer ("**Ms. Bradshaw**"), Jeff McDonald ("**Mr. McDonald**"), Paula Rose, and Priscilla Owens(part-time)) are subject to the Trust's employ.

## PREVIOUS SUBPOENAS BY SEP OR A RELATED ENTITY

The Trust maintains custody of certain of Circuit City's books and records and employs a limited staff for the purpose of liquidating assets and resolving claims against the debtors in order to maximize the distribution on claims against the bankruptcy estates. A former employee of the Trust, Brandi Michelle Evans-Fose ("**Ms. Fose**"), is presently engaged in the dissolution of her marriage to Mr. Fose through the Hanover Action. In connection with the Hanover Action, on or about September 14, 2018, the Trust, care of Ms. Bradshaw, received a purported Subpoena Duces Tecum (the "**September 2018 Subpoena**") issued by Ms. Barton of Batzli Stiles Butler, PC.[3] *See* Exhibit[4] A attached hereto. Counsel for the Trust, without waiving any rights related thereto, responded to the September 2018 Subpoena by informing Ms. Barton that the purported September 2018 Subpoena was null and void given that it had not been obtained with the leave of this Court.[5] A copy of said correspondence is attached hereto as Exhibit B (the "**September 2018 Letter**"). The Trust, through counsel, also informed Ms. Barton of this Court's Subpoena Opinion. Recognizing that this Court would expect the Trust to try to find a practical solution (as indicated in the September 2018 Letter), despite the defects in the September 2018 Subpoena, the Trust, by

---

[3] On information and belief, Batzli Stiles Butler, PC is a predecessor in interest to SEP.
[4] Certain exhibits have been modified from original form to redact PPI as required by Federal Rule of Bankruptcy Procedure 9037.
[5] In making said claim, counsel for the Trust relied upon the well-reasoned opinion of this Court in its *Memorandum Opinion*, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Sept. 06, 2016), ECF No. 13939 (Huennekens, J.) [hereinafter the *Subpoena Opinion*].

5

counsel, voluntarily provided (with Ms. Fose's consent) certain of the information requested by Ms. Barton on behalf of Mr. Fose.

On or about March 5, 2019, Ms. Barton of the firm SEP issued yet another purported Subpoena Duces Tecum (the "**March 2019 Subpoena**") to the Trust care of Ms. Bradshaw. *See* Exhibit C attached hereto. The same was done with actual knowledge of the Confirmation Order and the Subpoena Opinion, without leave of this Court, and with no notice to counsel for the Trust. Counsel for the Trust, without waiving any rights related to the March 2019 Subpoena, responded to the March 2019 Subpoena in a letter dated March 13, 2019 (a copy of which is attached hereto as Exhibit D) and informed Ms. Barton:

> As I informed in the September Letter, and as indicated on the Memorandum Opinion attached hereto as Exhibit B, because leave of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court") was not obtained, the forum that attempts to issue the Attachment lacks subject-matter jurisdiction, and the Attachment is null and void. In addition, the Attachment has other serious and significant legal deficiencies. Yet you have attempted to again proceed under a null and void document without even providing a courtesy copy to me as counsel.

Once again, despite the defects in the March 2019 Subpoena, recognizing that this Court would expect for the Trust to find a workable solution, the Trust, by counsel, voluntarily (with Ms. Fose's consent) provided certain of the information requested by Ms. Barton on behalf of Mr. Fose.

On or about November 5, 2019, another employee of the Trust, Mr. McDonald was served with a purported Subpoena (the "**November 2019 Subpoena**"). Not having been a party to any of the correspondence relating to the September 2018 Subpoena and March 2019 Subpoena, as well as believing he was being subpoenaed as an individual and not an employee of the Trust, Mr. McDonald complied with the November 2019 Subpoena and appeared for a deposition on November 21, 2019 (the "**November Deposition**") without informing the Trustee or the Trust's counsel of the same. Mr. McDonald believed that he would be deposed regarding a limited liability

company he had created as a potential future revenue vehicle and assorted conversations he had previously had with Mr. Fose. Such was not the case.[6] Counsel for Mr. Fose deposed Mr. McDonald regarding series of questions concerning Ms. Evans-Fose's position with the Trust. Mr. McDonald emphatically stated that he was not able to speak for the Trust, and that any responses he gave were his own perception or opinion. Thereafter, counsel for Mr. Fose produced several documents previously given by counsel for the Trust to counsel for Mr. Fose. Counsel for Mr. Fose then directed a series of questions to Mr. McDonald regarding Ms. Evans-Fose's employment with the Trust and other questions related to the Trust. Mr. McDonald again indicated that any and all answers he was giving were his individual opinions and not those of the Trust. Despite these assertions by Mr. McDonald, counsel for Mr. Fose continued to question Mr. McDonald regarding Ms. Evans-Fose's employment with the Trust. Mr. McDonald also indicated that certain of the questions about Trust matters could better be answered by Ms. Bradshaw.

Thereafter, on the afternoon of December 10, 2019, Ms. Bradshaw was served at the Trust's principal place of business a purported subpoena (the "**December 2019 Subpoena**,"[7] together with the September 2018 Subpoena, the March 2019 Subpoena, and the November 2019 Subpoena, the "**Subpoenas**") for Ms. Bradshaw to appear and be deposed by counsel for Mr. Fose, Mr. Ewing. The deposition of Ms. Bradshaw is purportedly scheduled for December 16, 2019 (the "**December Deposition**"), a mere six days after she was purportedly served with the December 2019 Subpoena.[8] Ms. Bradshaw and Mr. McDonald were further purportedly subpoenaed to appear at a state court trial on January 2, 2020 (the "**January Trial**").[9]

---

[6] At this point in time a transcript of the November Deposition is not available. Therefore, the information contained herein is based on Mr. McDonald's recollection.

[7] A copy of the December 2019 Subpoena is attached hereto as Exhibit E.

[8] Furthermore, at no point in this saga was counsel for the Trust served with a courtesy copy of any of the Subpoenas.

[9] Copies of the subpoenas relating to the January Trial are attached hereto as Exhibits F and G.

**THE COURT IS AUTHORIZED TO ISSUE AN ORDER ENFORCING
THE CONFIRMATION ORDER AND PLAN AND PROTECTING THE
TRUST'S LIMITED RESOURCES FROM DEPLETION BY THE SUBPOENAS**

The Trustee seeks protection from the Subpoenas, on the ground that they were served

without leave of this Bankruptcy Court, and purport to command and direct the Trustee's use of

Trust resources for purposes inconsistent with the Confirmation Order in usurpation of the power

and authority of this Court.

The Trust is a creation of this Court, and therefore the *Barton* doctrine prevents a party

from bringing suit against it without first obtaining leave of this Court. *Barton v. Barbour*, 104

U.S. 126, 128 (1881); *see also* Subpoena Opinion at 7. Mr. Fose's having failed to obtain the leave

of this Court as required by this Court's Subpoena Opinion, the state court is subsequently deprived

of subject-matter jurisdiction over the Trust and employees of the Trust in their capacity as such.

*See id.* at 131-33, 136. Bankruptcy Code § 105 authorizes the Court to "issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code

and "[take] any action or [make] any determination necessary or appropriate to enforce or

implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "[A]

bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including

and especially confirmation orders." *In re LandAmerica Fin. Grp., Inc.*, 2013 Bankr. LEXIS 1756,

at *10–11, 2013 WL 1819984, at *3 (Bankr. E.D. Va. Apr. 30, 2013) (quoting *In re Lyondell*

*Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011) and citing *Travelers Indem. Co. v. Bailey*,

557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly ha[s] jurisdiction to interpret and

enforce its own prior orders.")). An order enforcing the Confirmation Order and Plan is entirely

appropriate, as the Confirmation Order and Plan enjoin Mr. Ewing, Ms. Barton, SEP, and Mr. Fose

(collectively, the "**Violators**") from further pursuit of the Subpoenas against the employees of the

Trust in their capacity as such.[10] The Violators are enjoined by the Confirmation Order and Plan, and absent protection from the Subpoenas, the Trust will be required to expend valuable resources to the detriment of the Trust's beneficiaries.

**THE COURT SHOULD ISSUE AN ORDER HOLDING
THE VIOLATORS IN CONTEMPT FOR THEIR VIOLATIONS
OF THE CONFIRMATION ORDER AND PLAN INJUNCTION**

Bankruptcy Code § 105 empowers the Court to issue any order "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Civil contempt and sanctions are appropriate remedies for violating a bankruptcy court order, *see Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 416–17 (Bankr. E.D. Va. 2011), including a confirmation order, *see Dalkon Shield Claimants Trust v. Warren (In re A.H. Robins Co., Inc.)*, 197 B.R. 561, 562 (Bankr. E.D. Va. 1994).

The Violator's issuance of and otherwise participation in the issuance of the Subpoenas, under color of (defective) state court process (even though the Violators are well aware of the Trust's creation by this Court and have been twice advised of the *Barton* doctrine and the holding of the Subpoena Opinion) are prima facie evidence that the Violators are acting in derogation of this Court's orders and authority. The Violator's actions are particularly inappropriate given that the Violators have already been informed of the defective nature of the Subpoenas and other aspects of the Subpoena Opinion. The Violators should be called to account for the costs incurred by the Trust in addressing the Subpoenas, including the costs of responding to the September 2018 Subpoena, the March 2019 Subpoena, the November 2019 Subpoena, the December 2019 Subpoena, the filing of this Motion, defending the December Deposition (if held), reading the

---

[10] This motion is an appropriate vehicle to enforce the Confirmation Order and Plan. Rule 7001(7) of the Federal Rules of Bankruptcy Procedure provides that a proceeding to obtain injunctive relief provided for in a chapter 11 plan need not be commenced by adversary proceeding.

transcript of the November Deposition (when available), and attending the January Trial to ensure

that counsel for Mr. Fose does not question any employee of the Trust regarding any Trust matter,

and for whatever else this Court deems proper.

## **CONCLUSION**

The Trust respectfully requests that the Court issue an order (1) enforcing the Confirmation

Order and Plan to bar Mr. Ewing, Ms. Barton, SEP, and Mr. Fose from further attempts to

commandeer the Trust's resources, via the Subpoenas or otherwise; (2) requiring Mr. Ewing, Ms.

Barton, SEP, and Mr. Fose to show cause why they should not be sanctioned for violation of the

Confirmation Order and Plan, in order to reimburse the Trust and its beneficiaries for the amounts

identified above; and (3) granting such other or further relief as may be necessary or appropriate.

Dated: December 11, 2019      **Alfred H. Siegel, as Trustee of the Circuit City
                              Stores, Inc. Liquidating Trust**

                              /s/ *Lynn L. Tavenner*
                              Lynn L. Tavenner (VA Bar No. 30083)
                              Paula S. Beran (VA Bar No. 34679)
                              David N. Tabakin (VA Bar No. 82709)
                              20 North Eighth Street, 2nd Floor
                              Richmond, Virginia 23219
                              Telephone: 804-783-8300
                              Facsimile: 804-783-0178

                              -and-

                              Richard M. Pachulski
                              Andrew W. Caine
                              (admitted *pro hac vice*)
                              PACHULSKI STANG ZIEHL & JONES LLP
                              10100 Santa Monica Blvd., 11th Floor
                              Los Angeles, California 90067-4100
                              Telephone: 310-277-6910
                              Facsimile: 310-201-0760

                              *Counsel to Alfred H. Siegel, as Trustee of the Circuit
                              City Stores, Inc. Liquidating Trust*

### CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I certify that on this 11th day of December 2019, a true copy of the foregoing Motion was sent electronically to:

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219-1885
Robert.B.Van.Arsdale@usdoj.gov

Stiles Ewing Powers PC
c/o Michael S. Ewing, r/a
3957 Westerre Parkway, Suite 400
Richmond, VA 23233
mewing@familylawrva.com

Mollie C. Barton, Esquire
Stiles Ewing Powers PC
3957 Westerre Parkway, Suite 400
Richmond, VA 23233
mbarton@familylawrva.com

David G. Fose
c/o Michael S. Ewing, Esquire
3957 Westerre Parkway, Suite 400
Richmond, VA 23233
mewing@familylawrva.com

Michael S. Ewing, Esquire
Stiles Ewing Powers PC
3957 Westerre Parkway, Suite 400
Richmond, VA 23233
mewing@familylawrva.com

And all other parties receiving ECF notices in these Cases.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner, Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust

# EXHIBIT A

**SUBPOENA DUCES TECUM (CIVIL) -**
**ATTORNEY ISSUED** VA. CODE §§ 8.01-413; 16.1-89; 16.1-265;
Commonwealth of Virginia   Supreme Court Rules 1:4, 4:9

Case No. __CL18-2342__

__September 26, 2018@9:00 a.m.__
RETURN DATE AND TIME

Hanover Circuit Court
7530 County Complex Road, P.O. Box 39, Hanover, VA 23069-0039
ADDRESS OF COURT

**DAVID GLENN FOSE**   *v./In re:*   **BRANDI MICHELLE EVANS FOSE**

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon
Circuit City Stores, Inc. Liquidating Trust c/o Katie Bradshaw or Custodian of Records
NAME

200 Westgate Pkwy, Suite 100
STREET ADDRESS

| Richmond | VA | 23233 |
|---|---|---|
| CITY | STATE | ZIP |

**TO the person summoned:** You are commanded to make available the documents and tangible things
designated and described below:

**See attached   Schedule A**

***IF ANTICIPATED COSTS WILL EXCEED $75.00, PLEASE CALL THE ATTORNEY LISTED BELOW AT (804) 545-9800 FOR APPROVAL.**

Batzli Stiles Butler, PC 3957 Westerre Pkwy, Ste. 400, Richmond, VA   at   September 26, 2018 @ 9:00 a.m.
LOCATION                                                                                    DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible
things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

**David Glenn Fose**
PARTY NAME

| Mollie C. Barton | 70187 |
|---|---|
| NAME OF ATTORNEY | VIRGINIA STATE BAR NUMBER |
| Batzli Stiles Butler, PC | (804) 545-9800 |
| OFFICE ADDRESS | TELEPHONE NUMBER OF ATTORNEY |
| 3957 Westerre Pkwy, Ste. 400, Richmond, VA 23233 | (804) 545-9805 |
| OFFICE ADDRESS | FACSIMILE NUMBER OF ATTORNEY |
| September 11, 2018 | *Mollie C. Barton* |
| DATE ISSUED | SIGNATURE OF ATTORNEY |

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

FORM DC-498 (PAGE ONE OF TWO) 7/01 PDF

**TO the person summoned:**
If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☒ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME: _____

ADDRESS: _____

☐ PERSONAL SERVICE      Tel No. _____

Being unable to make personal service, a copy was delivered in the following manner:

☐   Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

_____

☐   Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above.  (Other authorized recipient not found.)

☐ not found

_____, Sheriff

DATE _____ by _____, Deputy Sheriff

## CERTIFICATE OF COUNSEL

I, Mollie C. Barton, counsel for David Glenn Fose, hereby certify that a copy of the foregoing subpoena *duces tecum* was mailed to John K. Karanian, Esquire, Barnes & Diehl, PC, Boulders VI-Suite 200, 7401 Beaufont Springs Drive, Richmond, VA  23225, counsel of record for Defendant, on the 1ft day of September, 2018.

*Mollie C. Barton*
SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents. This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. VA. CODE § 8.01-417.

## SCHEDULE A

SERVE:     **Circuit City Stores, Inc. Liquidating Trust**
**c/o Katie Bradshaw or Custodian of Records**
**200 Westgate Parkway, Suite 100**
**Richmond, VA 23233**

**DIRECTING CIRCUIT CITY STORES, INC. LIQIDATING TRUST TO PRODUCE THE FOLLOWING DOCUMENTS:**

**DOCUMENTS TO BE PRODUCED**: The following records regarding Brandi Michelle Evans Fose (hereinafter "Employee"), (SSN: See attached Addendum), (DOB: See attached Addendum), and her employment with Circuit City Stores, Inc. Liquidating Trust, (hereinafter "Employer"), to include:

1.  **Compensation Records**.   Employee's compensation records, including current and prior salary, pay, commissions and how commissions are determined and/or calculated, bonuses, and benefits since first date of employment through the present.  Also include copies of all checks that Employer has made payable to Employee, earning statements that Employer has made payable to Employee for the past five years as well as any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation. Copies of all correspondence, memos, emails, agreements and contracts which discuss the Employee's compensation. Please include terms of any termination or severance packages.

2.  **Earnings Statements**.    All "earnings statements" and/or paystubs for 2017 to date as well as any W-2s, 1099s, etc. for 2017 to date (along with the wage summaries showing the voluntary payroll adjustments which did or did not affect the federal and state wages.)

3.  **Deductions.** All W-4s and records of all deductions currently made from Employee's pay or other compensation; any forms signed to elect or select deductions.

4.  **Records Concerning Bonuses and Commissions and Contingent Pay**.   All records from which bonuses, commissions, or contingent pay can be or have been tracked and/or calculated, and all records whereby the employer is tracking, calculating, and/or estimating and/or projecting and/or paying the same.

5.  **Unpaid Compensation Records**. All records from which any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation can be computed.

6.    **Raises or Reviews.** Date of Employee's last pay raise or change in compensation, when Employee's next salary or other compensation reviews and/or raises or benefit changes will be; if known, amount of projected raise or raises or increases or changes in benefits or other compensation.

7.    **Health Insurance.** All records regarding health, vision and dental insurance, including the name of the insurance carrier, the type of the various plans enrolled in, and documentation of the costs for insurance for employee alone, employee and child, employee and family, etc.

8.    **Elections; Beneficiaries.** Records of any designation or changes of designations of beneficiaries or election to make changes which would affect the beneficiaries of any benefits, and all forms requesting or making any elections, including but not limited to, retirement, deferred compensation, life insurance, death benefits, medical, dental, or vision insurance, pre-tax items, or any other benefits or any deductions from pay.

9.    **Expense Accounts or Items Provided by Employer.**

    a.    Records of all expense accounts and expense reimbursements or allowances, and any credit or charge accounts and of all loans provided by employer. All records of any expenses paid for or provided for by the employer, including but not limited to use of vehicles or vehicle expenses, use of credit cards, payment for health clubs, etc.

    b.    Records showing how any expense accounts or employer-provided expenses are recorded or tracked and what, if offered to Employee, including, what items are provided or paid for by the employer; documents or proofs the Employee must submit to the employer in order to be paid or reimbursed or to receive the item; records the employer keeps of the payment or provision of the items, and of the processing of any Employee submissions; records provided to the Employee and/or kept by the employer when any reimbursement or payment is made or any item such as a car is provided for Employee's use; records of any reimbursement to the employer for Employee's personal expenses (such as Employee's personal use of employer car, telephone, credit card, etc.)

10.    **All qualified Retirement Plans.** The names of all of the retirement plans under which the participant is currently accruing (or has accrued) benefits, including, but not limited to, any defined benefit pension plan or defined contribution plan e.g., 401(k), profit sharing, thrift, retirement savings, or ESOP).

11.     **All Nonqualified Retirement or Deferred Compensation Plans.**   The names of all nonqualified plans under which the participant participates (or has participated), including, but not limited to, any stock option plans, excess defined benefit plan, or any other deferred compensation arrangement whether uninsured or insured.

12.     **Statement of Accrued Benefits and/or Account Balances**: Please include the following information with respect to each retirement plan under which the participant has accrued a benefit from 2003 (or date of employment) to the present. Please include a specific statement for November 8, 2003 (or date of employment), April 27, 2018, and current.

       An estimate of the accrued benefit under any defined benefit pension plan, including the date on which benefits can be commenced on any unreduced basis (Normal Retirement Date), and also the plan's provisions for early retirement, including the extent of the actuarial reductions, if any, that may be applied to the participant's early retirement benefits.

       A statement that indicates whether (and when) the participant would be eligible to retire early under the plan and whether the participant will be entitled to any early retirement subsidies (and the amount of such subsidy, including any temporary or supplemental benefits that may become payable under the terms of the plan). Also, please indicate whether your defined benefit plan allows for lump-sum distributions.

       A statement of the participant's current account balances under any defined contribution plan or ESOP, indicating any previous transactions made by the participant, such as previous loans and/or withdrawals. Also, please indicate whether your plan has in-service withdrawal features, such as loans or hardship withdrawals. Also indicate whether alternate payees under QDRO's are eligible to receive immediate lump-sum distributions upon approval of the QDRO.

13.     **Summary Plan Description.**   Please provide us with a copy of the latest summary plan description ("SPD") for each plan under which the participant is covered.

14.     **Model Qualified Domestic Relations Orders.** Please send us any model QDROs that you may have developed or any written procedures for drafting QDROs in order to help us expedite the approval process.

**DIRECTING THAT SUCH DOCUMENTS BE RETURNED AS FOLLOWS:**

RETURN TO:    Mollie C. Barton, Esquire
Batzli Stiles Butler, PC
3957 Westerre Parkway, Suite 400
Richmond, Virginia 23233
(804) 545-9800
(804) 545-9805 (fax)
mbarton@bsbfamilylaw.com

RETURN BY:    September 26, 2018 @ 9:00 a.m.

**ADDENDUM FOR PROTECTED IDENTIFYING INFORMATION--- CONFIDENTIAL**
Commonwealth of Virginia

Case No.  CL18-2342

VIRGINIA: In the Circuit Court of the   [ ] City   [X] County of   Hanover

DAVID GLENN FOSE                v.        BRANDI MICHELLE EVANS FOSE

This addendum is filed with and incorporated by reference in the document(s) indicated below, from which the protected identifying information contained herein has been removed by the attorney or party whose signature appears below.  This addendum shall be used to distribute such information only as required by law, and may be made available only to the parties, to their attorneys, and to other person(s) as the court may allow.

[ ] Complaint [ ] Petition [ ] Motion [ ] Order [ ] Decree   [ ] Other Pleading: _____

[ ] Agreement(s) of the Parties  [ ] Transcripts [X] Other:   Subpoena *duces tecum*

| PARTY NAME, LAST, FIRST MIDDLE | Fose, Brandi Michelle Evans |
|---|---|
| | PARTY NAME, LAST, FIRST MIDDLE |
| | 6067 Homehills Road |
| ADDRESS | Mechanicsville, VA  23111 |

| SOCIAL SECURITY NUMBER | DATE OF BIRTH | | SOCIAL SECURITY NUMBER | DATE OF BIRTH |
|---|---|---|---|---|

| NAME OF ASSET, LIABILITY, ACCOUNT CREDIT CARD | IDENTIFYING ACCOUNT NO. | NAME OF ASSET, LIABILITY, ACCOUNT CREDIT CARD | IDENTIFYING ACCOUNT NO. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| CHILD NAME (LAST, FIRST MIDDLE) | SOCIAL SECURITY NUMBER | DATE OF BIRTH |
|---|---|---|
| CHILD NAME (LAST, FIRST MIDDLE) | SOCIAL SECURITY NUMBER | DATE OF BIRTH |

Attach additional sheet(s) for other information as needed.

September 11, 2018
DATE

*Mollie C Barton*
[ ] PARTY    [X] ATTORNEY

MOLLIE C. BARTON, ESQUIRE
BATZLI STILES BUTLER, PC, 3957 WESTERRE PARKWAY, SUITE 400, RICHMOND, VA 23233 (804) 545-9800
ADDRESS/TELEPHONE NUMBER OF SUBSCRIBER

FORM CC-1426 (MASTER) 5/08
Va. Code. § 20-121.03

**VIRGINIA:**

IN THE CIRCUIT COURT FOR THE COUNTY OF HANOVER

DAVID GLENN FOSE,                                                        **Plaintiff,**

v.                              Case No.: CL18- 2342

BRANDI MICHELLE EVANS FOSE,                                **Defendant.**

<u>**AFFIDAVIT**</u>

This day personally appeared before me_____who after first being duly sworn, stated the following:

    1.    My name is: _____.

    2.    I am the Custodian of Records of the records for Brandi Michelle Evans Fose held by Circuit City Stores, Inc. Liquidating Trust.

    3.    The attached records are a true and accurate copy of records of Brandi Michelle Evans Fose.

    4.    I declare under penalty of perjury that the foregoing is true and correct.

_____
Custodian of Records

STATE OF_____
CITY/COUNTY of_____, to-wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that_____, whose name is signed in the foregoing Affidavit, has acknowledged the same before me in my jurisdiction aforesaid.

Given under my hand this_____day of _____, 2018.

_____
Notary Public

My commission expires: _____

EXHIBIT B

# TAVENNER & BERAN, PLC
### ATTORNEYS AT LAW

Paula S. Beran
EMAIL: PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, SECOND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER: 02166.001

September 14, 2018

<u>Via Email, Facsimile & First Class Delivery</u>
Mollie C. Barton, Esquire
Batzli Stiles Butler, PC
3957 Westerre Parkway
Suite 400
Richmond, VA 23233

Re:  Circuit City Stores, Inc. Liquidating Trust

Dear Ms. Barton:

Please be advised that my firm serves as counsel to the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"). We are in receipt of a document attached hereto as Exhibit A that purports to be a subpoena duces tecum (the "Attachment"), requesting employment and compensation information for Brandi Michelle Evans-Fose. As indicated on the Memorandum Opinion attached hereto as Exhibit B, because leave of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court") was not obtained, the forum that attempts to issue the Attachment lacks subject-matter jurisdiction, and the Attachment is null and void. In addition, the Attachment has other serious and significant legal deficiencies.

Without waiving any rights as it relates to the Attachment and/or any other improper subpoena, and with the consent of Ms. Brandi Michelle Evans-Fose (which consent has been obtained), the Liquidating Trust, through its trustee and solely in such capacity as trustee, is willing to voluntarily provide information requested where applicable and available. The Liquidating Trust has limited access to records prior to the creation of the Liquidating Trust on November 1, 2010 in that the majority of systems and documents have been destroyed in accordance with approval from the Bankruptcy Court. Thus, the Liquidating Trust, through its trustee and solely in such capacity as trustee, is willing to voluntarily provide, with Ms. Evans-Fose's consent, the requested information on Schedule A of the Attachment as follows:

Mollie C. Barton, Esquire
September 14, 2018
Page 2

1. The Liquidating Trust maintains a hard copy employee file, which includes employee documents created during the Liquidating Trust as well as limited information pre-Liquidating Trust.  All such relevant documents contained therein will be provided. There are no unpaid bonuses, commissions or other accrued or deferred compensation.
2. Earnings information provided in #1 above, as well as 2017 W-2 would be provided.
3. Please refer to any documents provided in #1.
4. Please refer to the employment contracts that will be provided in #1.
5. N/A
6. The last pay raise for Ms. Evans-Fose was          annually, effective January 1, 2018 and was included as a retroactive adjustment on her January 31, 2018 paycheck.
7. The Liquidating Trust does not offer any health insurance or other benefits.
8. N/A
9. The Liquidating Trust has not offered any expense account allowances or loans to employees, nor has it provided use of vehicles, credit cards, etc. The Liquidating Trust does reimburse employees for approved Liquidating Trust expenses.  The Liquidating Trust does not reimburse employee's personal expenses. A listing of employee's reimbursements for the Liquidating Trust expenses would be provided.
10. N/A
11. N/A
12. N/A
13. N/A
14. N/A

I would also note that by order of the Bankruptcy Court, the Liquidating Trust is currently scheduled to terminate on or before December 31, 2019.

Please let me know in writing on or before September 19, 2018 if the approach provided herein is acceptable.  Absent hearing from you on or before September 19, 2018, the Liquidating Trust will have no option but to file appropriate pleadings in Bankruptcy Court. Once again, the Liquidating Trust reserves any and all rights. With that being said, we are hopeful that you find the suggested approach acceptable such that unnecessary legal expenses are avoided.  If you need anything further, please feel free to contact me.

Sincerely,

Paula S. Beran

PSB/lan
Enclosures
cc:  Katie Bradshaw, Senior Trust Officer
     John K. Karanian, Esquire

*Exhibit A*

**SUBPOENA DUCES TECUM (CIVIL) -**
**ATTORNEY ISSUED** VA. CODE §§ 8.01-413; 16.1-89; 16.1-265;
Commonwealth of Virginia    Supreme Court Rules 1:4, 4:9

Case No.  **CL18-2342**

**September 26, 2018@9:00 a.m.**
RETURN DATE AND TIME

Hanover Circuit Court
7530 County Complex Road, P.O. Box 39, Hanover, VA 23069-0039
ADDRESS OF COURT

**DAVID GLENN FOSE**    *v./In re:*   **BRANDI MICHELLE EVANS FOSE**
**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon
Circuit City Stores, Inc. Liquidating Trust c/o Katie Bradshaw or Custodian of Records
NAME

200 Westgate Pkwy, Suite 100
STREET ADDRESS

| Richmond | VA | 23233 |
|----------|-----|-------|
| CITY | STATE | ZIP |

**TO the person summoned:** You are commanded to make available the documents and tangible things
designated and described below:

**See attached  Schedule A**

**\*IF ANTICIPATED COSTS WILL EXCEED $75.00, PLEASE CALL THE ATTORNEY LISTED BELOW AT (804) 545-9800 FOR APPROVAL.**

Batzli Stiles Butler, PC 3957 Westerre Pkwy, Ste. 400, Richmond, VA     at     September 26, 2018 @ 9:00 a.m.
LOCATION                                                                              DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible
things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

**David Glenn Fose**
PARTY NAME

| Mollie C. Barton | 70187 |
|------------------|-------|
| NAME OF ATTORNEY | VIRGINIA STATE BAR NUMBER |
| Batzli Stiles Butler, PC | (804) 545-9800 |
| OFFICE ADDRESS | TELEPHONE NUMBER OF ATTORNEY |
| 3957 Westerre Pkwy, Ste. 400, Richmond, VA 23233 | (804) 545-9805 |
| OFFICE ADDRESS | FACSIMILE NUMBER OF ATTORNEY |
| *September 11, 2018* | *Mollie C Barton* |
| DATE ISSUED | SIGNATURE OF ATTORNEY |

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

FORM DC-498 (PAGE ONE OF TWO) 7/01 PDF

**TO the person summoned:**
If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☒ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME: _____

ADDRESS: _____

☐ PERSONAL SERVICE      Tel No. _____

Being unable to make personal service, a copy was delivered in the following manner:

☐     Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:
_____

☐     Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above.  (Other authorized recipient not found.)

☐ not found          _____, Sheriff

_____ by _____, Deputy Sheriff
DATE

## CERTIFICATE OF COUNSEL

I, Mollie C. Barton, counsel for David Glenn Fose, hereby certify that a copy of the foregoing subpoena *duces tecum* was mailed to John K. Karanian, Esquire, Barnes & Diehl, PC, Boulders VI-Suite 200, 7401 Beaufont Springs Drive, Richmond, VA  23225, counsel of record for Defendant, on the 1ft day of September, 2018.

_____
SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents.  This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. VA. CODE § 8.01-417.

## SCHEDULE A

SERVE:  Circuit City Stores, Inc. Liquidating Trust
c/o Katie Bradshaw or Custodian of Records
200 Westgate Parkway, Suite 100
Richmond, VA 23233

DIRECTING CIRCUIT CITY STORES, INC. LIQIDATING TRUST TO PRODUCE THE FOLLOWING DOCUMENTS:

**DOCUMENTS TO BE PRODUCED**: The following records regarding Brandi Michelle Evans Fose (hereinafter "Employee"), (SSN: See attached Addendum), (DOB: See attached Addendum), and her employment with Circuit City Stores, Inc. Liquidating Trust, (hereinafter "Employer"), to include:

1. **Compensation Records**. Employee's compensation records, including current and prior salary, pay, commissions and how commissions are determined and/or calculated, bonuses, and benefits since first date of employment through the present. Also include copies of all checks that Employer has made payable to Employee, earning statements that Employer has made payable to Employee for the past five years as well as any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation. Copies of all correspondence, memos, emails, agreements and contracts which discuss the Employee's compensation. Please include terms of any termination or severance packages.

2. **Earnings Statements**. All "earnings statements" and/or paystubs for 2017 to date as well as any W-2s, 1099s, etc. for 2017 to date (along with the wage summaries showing the voluntary payroll adjustments which did or did not affect the federal and state wages.)

3. **Deductions.** All W-4s and records of all deductions currently made from Employee's pay or other compensation; any forms signed to elect or select deductions.

4. **Records Concerning Bonuses and Commissions and Contingent Pay**. All records from which bonuses, commissions, or contingent pay can be or have been tracked and/or calculated, and all records whereby the employer is tracking, calculating, and/or estimating and/or projecting and/or paying the same.

5. **Unpaid Compensation Records**. All records from which any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation can be computed.

6. **Raises or Reviews.** Date of Employee's last pay raise or change in compensation, when Employee's next salary or other compensation reviews and/or raises or benefit changes will be; if known, amount of projected raise or raises or increases or changes in benefits or other compensation.

7. **Health Insurance.** All records regarding health, vision and dental insurance, including the name of the insurance carrier, the type of the various plans enrolled in, and documentation of the costs for insurance for employee alone, employee and child, employee and family, etc.

8. **Elections; Beneficiaries.** Records of any designation or changes of designations of beneficiaries or election to make changes which would affect the beneficiaries of any benefits, and all forms requesting or making any elections, including but not limited to, retirement, deferred compensation, life insurance, death benefits, medical, dental, or vision insurance, pre-tax items, or any other benefits or any deductions from pay.

9. **Expense Accounts or Items Provided by Employer.**

   a. Records of all expense accounts and expense reimbursements or allowances, and any credit or charge accounts and of all loans provided by employer. All records of any expenses paid for or provided for by the employer, including but not limited to use of vehicles or vehicle expenses, use of credit cards, payment for health clubs, etc.

   b. Records showing how any expense accounts or employer-provided expenses are recorded or tracked and what, if offered to Employee, including, what items are provided or paid for by the employer; documents or proofs the Employee must submit to the employer in order to be paid or reimbursed or to receive the item; records the employer keeps of the payment or provision of the items, and of the processing of any Employee submissions; records provided to the Employee and/or kept by the employer when any reimbursement or payment is made or any item such as a car is provided for Employee's use; records of any reimbursement to the employer for Employee's personal expenses (such as Employee's personal use of employer car, telephone, credit card, etc.)

10. **All qualified Retirement Plans.** The names of all of the retirement plans under which the participant is currently accruing (or has accrued) benefits, including, but not limited to, any defined benefit pension plan or defined contribution plan e.g., 401(k), profit sharing, thrift, retirement savings, or ESOP).

11.   **All Nonqualified Retirement or Deferred Compensation Plans.**   The names of all nonqualified plans under which the participant participates (or has participated), including, but not limited to, any stock option plans, excess defined benefit plan, or any other deferred compensation arrangement whether uninsured or insured.

12.   **Statement of Accrued Benefits and/or Account Balances**: Please include the following information with respect to each retirement plan under which the participant has accrued a benefit from 2003 (or date of employment) to the present. Please include a specific statement for November 8, 2003 (or date of employment), April 27, 2018, and current.

An estimate of the accrued benefit under any defined benefit pension plan, including the date on which benefits can be commenced on any unreduced basis (Normal Retirement Date), and also the plan's provisions for early retirement, including the extent of the actuarial reductions, if any, that may be applied to the participant's early retirement benefits.

A statement that indicates whether (and when) the participant would be eligible to retire early under the plan and whether the participant will be entitled to any early retirement subsidies (and the amount of such subsidy, including any temporary or supplemental benefits that may become payable under the terms of the plan). Also, please indicate whether your defined benefit plan allows for lump-sum distributions.

A statement of the participant's current account balances under any defined contribution plan or ESOP, indicating any previous transactions made by the participant, such as previous loans and/or withdrawals. Also, please indicate whether your plan has in-service withdrawal features, such as loans or hardship withdrawals. Also indicate whether alternate payees under QDRO's are eligible to receive immediate lump-sum distributions upon approval of the QDRO.

13.   **Summary Plan Description.**   Please provide us with a copy of the latest summary plan description ("SPD") for each plan under which the participant is covered.

14.   **Model Qualified Domestic Relations Orders.** Please send us any model QDROs that you may have developed or any written procedures for drafting QDROs in order to help us expedite the approval process.

**DIRECTING THAT SUCH DOCUMENTS BE RETURNED AS FOLLOWS:**

RETURN TO:    Mollie C. Barton, Esquire
Batzli Stiles Butler, PC
3957 Westerre Parkway, Suite 400
Richmond, Virginia 23233
(804) 545-9800
(804) 545-9805 (fax)
mbarton@bsbfamilylaw.com

RETURN BY:    September 26, 2018 @ 9:00 a.m.

ADDENDUM FOR PROTECTED                    Case No.   CL18-2342
IDENTIFYING INFORMATION---
CONFIDENTIAL
Commonwealth of Virginia

VIRGINIA: In the Circuit Court of the        [☐] City    [☒] County of    Hanover

        DAVID GLENN FOSE                    v.         BRANDI MICHELLE EVANS FOSE

This addendum is filed with and incorporated by reference in the document(s) indicated below, from which the
protected identifying information contained herein has been removed by the attorney or party whose signature
appears below.  This addendum shall be used to distribute such information only as required by law, and may be
made available only to the parties, to their attorneys, and to other person(s) as the court may allow.

[☐] Complaint [☐] Petition [☐] Motion [☐] Order [☐] Decree    [☐] Other Pleading: _____

[☐] Agreement(s) of the Parties [☐] Transcripts [☒] Other:    Subpoena *duces tecum*

| PARTY NAME, LAST, FIRST MIDDLE | Fose, Brandi Michelle Evans |
| | PARTY NAME, LAST, FIRST MIDDLE |
| | 6067 Homehills Road |
| ADDRESS | Mechanicsville, VA  23111 |

| SOCIAL SECURITY NUMBER | DATE OF BIRTH | | SOCIAL SECURITY NUMBER | DATE OF BIRTH |

| NAME OF ASSET, LIABILITY, ACCOUNT CREDIT CARD | IDENTIFYING ACCOUNT NO. | | NAME OF ASSET, LIABILITY, ACCOUNT CREDIT CARD | IDENTIFYING ACCOUNT NO. |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| CHILD NAME (LAST, FIRST MIDDLE) | | SOCIAL SECURITY NUMBER | DATE OF BIRTH |

| CHILD NAME (LAST, FIRST MIDDLE) | | SOCIAL SECURITY NUMBER | DATE OF BIRTH |

Attach additional sheet(s) for other information as needed.

September 11, 2018                    *Mollie C Barton*
        DATE                            [☐] PARTY        [☒] ATTORNEY

                MOLLIE C. BARTON, ESQUIRE
BATZLI STILES BUTLER, PC, 3957 WESTERRE PARKWAY, SUITE 400, RICHMOND, VA 23233 (804) 545-9800
                ADDRESS/TELEPHONE NUMBER OF SUBSCRIBER

FORM CC-1426 (MASTER)  5/08
Va. Code. § 20-121.03

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF HANOVER

DAVID GLENN FOSE,                                                                    Plaintiff,

v.                                    Case No.: CL18- 2342

BRANDI MICHELLE EVANS FOSE,                                              Defendant.

### AFFIDAVIT

This day personally appeared before me_____who after first being duly sworn, stated the following:

1.     My name is:   _____.

2.     I am the Custodian of Records of the records for Brandi Michelle Evans Fose held by Circuit City Stores, Inc. Liquidating Trust.

3.     The attached records are a true and accurate copy of records of Brandi Michelle Evans Fose.

4.     I declare under penalty of perjury that the foregoing is true and correct.

_____
Custodian of Records

STATE OF_____
CITY/COUNTY of _____, to-wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that _____, whose name is signed in the foregoing Affidavit, has acknowledged the same before me in my jurisdiction aforesaid.

Given under my hand this_____day of _____, 2018.

_____
Notary Public

My commission expires: _____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:          CIRCUIT CITY STORES, INC. et al.,          Case No. 08-35653-KRH
                                                           Chapter 11
                        Debtors.                           Jointly Administered

## MEMORANDUM OPINION

This contested matter involves a motion (the "Motion for Protection") filed by the Circuit City Stores Inc. Liquidating Trust (the "Liquidating Trust") for protection from a foreign subpoena (the "Subpoena") issued at the behest of Toshiba Corporation and Toshiba America Electronic Components, Inc. (together, "Toshiba") in connection with an action in which the Liquidating Trust is not a party, *State of Illinois v. Hitachi, Ltd.*, currently pending as Case No. 12-CH-35266 in the Circuit Court of Cook County, Illinois (the "Illinois Litigation"). Toshiba seeks to take a discovery deposition of the person or persons designated by Alfred H. Siegel, as Trustee of the Liquidating Trust (the "Liquidating Trustee") about information known or reasonably available to Circuit City concerning 18 matters listed in the Subpoena (the "Deposition"). The Subpoena requires "Circuit City to produce one or more witnesses . . . who are knowledgeable and prepared to testify about each of the matters [designated on] the List of Matters on Which Examination is Requested." The Subpoena warns that failure to comply with the Subpoena will subject the Liquidating Trust to punishment for contempt of court.

A hearing was conducted on August 17, 2016, to consider the Motion for Protection (the "Hearing"). Counsel for Toshiba appeared at the Hearing and argued that the relief requested by the Liquidating Trust in the Motion for Protection should be denied. The Court found that the Liquidating Trust was incapable of complying with the subpoena, as it did not employ any

1

Circuit City personnel who had knowledge about the matters on which examination was requested. At the conclusion of the Hearing, the Court ruled that it would grant the Liquidating Trust's Motion for Protection. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

## Factual Background

Before its liquidation at the height of the financial crisis in 2008–09, Circuit City Stores, Inc., together with its affiliated companies, was a national retailer of consumer electronic products with operations throughout the United States (collectively, "Circuit City"). Circuit City filed a petition for relief in this Court under Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date").[2]

Circuit City continued to operate its national retail business in the ordinary course for a brief period following the Petition Date. On January 16, 2009, the Court authorized Circuit City to cease its business operations and liquidate its assets. A Second Amended Joint Plan of Liquidation was filed on August 9, 2010, and an order confirming the Debtors' Modified Amended Second Joint Plan of Liquidation (the "Plan") was entered on September 14, 2010 (the "Confirmation Order").[3] The Plan substantively consolidated the Debtors' bankruptcy estates and established the Liquidating Trust to collect, administer, distribute, and liquidate all of the Debtors' remaining assets under Chapter 11 of the Bankruptcy Code. Plaintiff, Alfred H. Siegel

---

[1] Bankruptcy Rule 7052 is made applicable to this contested matter by Bankruptcy Rule 9014. Fed. R. Bankr. P. 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[2] All further references to the Bankruptcy Code are to the Bankruptcy Code as codified at 11 U.S.C. §§ 101 *et seq.*

[3] *See* Confirmation Order. *In re Circuit City Stores, Inc., et. al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 [hereinafter Confirmation Order].

was appointed as Liquidating Trustee for the Liquidating Trust and he continues to serve in that capacity.[4]

Over the course of the past six years, The Liquidating Trust has conducted no trade or commerce. The purpose of the Liquidating Trust, as set forth in the Plan, is to liquidate the assets of Circuit City, adjust the claims of creditors, and make distribution to creditors with allowed claims.[5] The Liquidating Trustee has been actively engaged with winding down the business affairs of Circuit City in accordance with the terms of the Plan. That process is now nearly complete. The Liquidating Trust has been very successful. It has distributed over forty cents on the dollar to creditors and will make another distribution before the end of the 2016 calendar year. The Liquidating Trust maintains custody of certain of Circuit City's books and records and employs a limited staff for the purpose of liquidating the few assets that remain and adjusting the dwindling number of claims that have yet to be resolved.

The Plan generally provided for the transfer of any cause of action held by Circuit City to the Liquidating Trust.[6] Consistent therewith, and subject to the ongoing supervision of this Court, the Liquidating Trust became a party to certain legacy litigation involving claims that previously belonged to Circuit City in the federal multidistrict litigation styled *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 JST, MDL 1917 (N.D. Cal.) (the "CRT

---

[4] The Liquidating Trustee was charged with responsibility for administering the Liquidating Trust, and its assets, and for making distributions from the proceeds of the Liquidating Trust in accordance with the Plan. *See* Plan, Art. V, ¶ F.6(c). The Plan is attached as Exhibit A to the Confirmation Order. *See* Confirmation Order, Ex. A, *In re Circuit City Stores, Inc., et. al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 [hereinafter, the "Plan"].

[5] The formation, rights, powers, duties, structure, and obligations pertaining to the Liquidating Trust are governed by Article V of the Plan and the Liquidating Trust Agreement. *See* Confirmation Order ¶ 11. The Liquidating Trust Agreement is attached as Exhibit B to the Confirmation Order. *See* Confirmation Order, Ex. B, *In re Circuit City Stores, Inc., et. al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555.

[6] Article I.B.1.21 of the Plan details the full scope of all of the causes of action transferred to the Liquidating Trust.

Action").[7]  As part of the wind down process, the Liquidating Trust resolved all of its claims against all of the defendants in the CRT Action – including Toshiba – through a series of settlements approved by the Court under Bankruptcy Rule 9019.[8]  Accordingly, the Liquidating Trust is no longer a party in the CRT Action.  Toshiba was and apparently remains a defendant in the CRT Action as to claims of plaintiffs other than the Trust.

While the Liquidating Trust was involved in the CRT Action, the Trust complied with the discovery obligations imposed upon it by the Federal Rules of Civil Procedure.  The Liquidating Trust produced voluminous documentation to the defendants in the CRT Action, including Toshiba.  The Liquidating Trust also gave corporate deposition testimony, pursuant to Federal Rule of Civil Procedure 30(b)(6), at the behest of defendants in the CRT Action, including Toshiba.  Complying with the discovery requests, especially the requests for deposition testimony, was expensive, as the Liquidating Trust had to maintain access to former Circuit City personnel with the necessary expertise and knowledge to facilitate the Trust's compliance with its discovery obligations in the CRT Action.  Upon its exit from the CRT Action, the Liquidating Trust ceased to maintain the access it formally had in order to eliminate the unnecessary expense.

The Subpoena seeks the very same discovery that the Liquidating Trust already provided in the CRT Action.  Toshiba claims that it needs to repeat the discovery on account of a rule peculiar to the state of Illinois that prohibits the use of deposition testimony at trial unless the deposition was specially designated as a trial deposition.  Even though Toshiba actively participated in discovery in the CRT Action and even though it had the opportunity to make the

---

[7] The Liquidating Trust became a plaintiff in the CRT Action.

[8] The Liquidating Trust and Toshiba entered into a *Settlement and Release* dated December 2, 2014 (the "Toshiba Settlement Agreement"), which definitively compromised and resolved the parties' relationship to each other vis-à-vis the CRT Action.  The Toshiba Settlement Agreement contains a standard integration clause and no requirement that the parties cooperate further with each other by providing testimony and evidence in related litigation.  Toshiba and the Liquidating Trustee filed the Toshiba Settlement Agreement with the Court under seal.

appropriate Illinois designation at the time, Toshiba now finds it is unable to use the discovery it previously obtained from the Liquidating Trust.  As a result, Toshiba caused the Subpoena to be issued to compel the Liquidating Trust to provide the very same testimony that the Liquidating Trust provided years ago.[9]  Unfortunately, the Liquidating Trustee, having wound down the business, no longer retains the former Circuit City personnel with the requisite expertise and knowledge.

### Jurisdiction and Venue

Toshiba argues that this Court lacks jurisdiction to decide this issue.  The Court disagrees.  Pursuant to 28 U.S.C. § 1334(a), "the district court [has] original and exclusive jurisdiction of all cases under title 11."  Further, the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  District courts are authorized to refer all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for the district.  *See id.* § 157(a).  By order of reference entered August 16, 1984, the United States District Court for the Eastern District of Virginia has referred all such bankruptcy cases and proceedings to this Court.

This Court has core jurisdiction to interpret its Confirmation Order and to enforce the terms of the confirmed Plan.  *See In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984 at *3 (Bankr. E.D. Va. Apr. 30, 2013).  "[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders."  *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009) ("[T]he Bankruptcy Court plainly

---

[9] The Liquidating Trust was served with a deposition notice in the CRT Action that covered all but one of the deposition topics in the Subpoena.  Counsel for Toshiba attended the deposition in the CRT Action, and it examined the deponent designated by the Liquidating Trust at length.

ha[s] jurisdiction to interpret and enforce its own prior orders."); *In re Jones*, No. 09-14499, 2011 Bankr. LEXIS 4083, at *1 (Bankr. E.D. Va. Oct. 21, 2011) ("Bankruptcy Courts plainly have jurisdiction to interpret and enforce their own prior orders.") (citing *Travelers Indem. Co.*, 557 U.S. 137). The Confirmation Order provided that the Court would "retain exclusive jurisdiction over all matters arising out of and related to the . . . Plan to the fullest extent permitted by law including, but not limited to the matters set forth in Article XI of the Plan." Confirmation Order ¶ 41. Article XI of the Plan provides for the Court to retain exclusive jurisdiction to "[h]ear and determine all matters related to (i) the property of the Estates from and after the Confirmation Date, (ii) the winding up of the Debtors' affairs, and (iii) the activities of the Liquidating Trust and/or the Liquidating Trustee, including (A) challenges to or approvals of the Liquidating Trustee's activities . . . ." *Plan*, Art. XI, ¶ R. This Court has core jurisdiction over matters concerning the Liquidating Trustee's administration of estate property in the Liquidating Trust. *See id.*; *see also Dalkon Shield Claimants Trust v. Reiser (In re A.H.Robins Co., Inc.)*, 972 F.2d 77, 79 n. 1 (4th Cir. 1992) (recognizing the validity of exclusive jurisdiction retention provisions in a Plan). The Liquidating Trustee complains that compliance with the Subpoena will adversely affect his administration of the Liquidating Trust. Accordingly, this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

### Analysis

The Subpoena names the Liquidating Trust as the party summoned and commanded to attend and give testimony at the Deposition under threat of punishment for contempt of court. The Liquidating Trust has neither the appropriate resources nor the appropriate personnel to

6

respond to the burdensome requests embodied in the Subpoena.[10]  None of the Liquidating Trust's few remaining employees have the knowledge necessary to give sworn testimony on the Deposition topics designated in the Subpoena.  Toshiba maintains that the Liquidating Trust is required to go out and hire and educate professional consultants in order to provide the deposition testimony demanded of it.  That would place an undue administrative burden on the Liquidating Trust.  It would require the Liquidating Trustee to engage in activities inconsistent with the Confirmation Order, which would result in the inappropriate expenditure of trust assets, and delay the administration of this bankruptcy case.

The Liquidating Trust is a creation of the Bankruptcy Court.  The *Barton* doctrine bars a party from bringing suit against a court-appointed receiver without first obtaining leave of the appointing court.  *See Barton v. Barbour*, 104 U.S. 126, 128, 26 L. Ed. 672 (1881).  Failure to obtain leave of the appointing court deprives the other forum of subject-matter jurisdiction.  *See id.* at 131-33, 136.  This long-standing doctrine has been expanded to include other types of court-appointed parties, such as bankruptcy trustees and counsel for trustees.  *See McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012) (citing *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006)); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005).  The *Barton* doctrine applies with equal measure to liquidating trustees.  *See In re Crown Vantage, Inc.*, 421 F.3d at 973 ("[T]he fact that the bankruptcy assets are now being liquidated through the vehicle of a liquidating trust with an appointed liquidating trustee does not prevent the application of the *Barton* doctrine."); *In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984.

The Subpoena commands and directs the Liquidating Trustee to expend resources of the

---

[10] The Liquidating Trustee has offered, and remains willing, to produce to Toshiba all documents that the Liquidating Trust previously produced in the CRT Action.

Liquidating Trust for purposes inconsistent with the Confirmation Order in usurpation of the

power and authority of this Court. The purpose of the *Barton* doctrine is to prevent trustees

from being subject to legal proceedings that interfere with their ability to administer the estate.

*See In re Qimonda AG*, 482 B.R. 879, 896 (Bankr. E.D. Va. 2012) ("[T]he Court serves as a

gatekeeper under the *Barton* doctrine, protecting its appointed professionals from frivolous

lawsuits that would interfere with the administration of the estate.") (internal citation omitted).

Where a party seeks to impose burdens upon a liquidating trust through the employment of any

extrajudicial legal proceeding that directly and adversely interferes with the administration of the

bankruptcy case, the party must first request and receive leave of the bankruptcy court that

created the trust. *See In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984, at *3 (citing

*McDaniel v. Blust*, 668 F.3d at 157).

Toshiba argues that other courts have held that the *Barton* doctrine does not apply to the

issuance of a subpoena because the *Barton* doctrine applies only to lawsuits. Toshiba cites a

single case in support of this position, *In re Media Group, Inc.*, BAP No. 05-1432, 2006 Bankr.

LEXIS 4842, at *17 (B.A.P. 9th Cir. Nov. 14, 2006). But *Media Group* involved very different

facts and circumstances from those presented in the case at bar. A third party subpoena had been

issued to an attorney representing a chapter 7 trustee in *Media Group*. Compliance with the

subpoena by the attorney did not directly impact the trustee's administration of the bankruptcy

estate. The 9th Circuit BAP ruled that it was not inclined to extend the *Barton* doctrine to the

issuance of the subpoena under those circumstances. Here, compliance with the subpoena will

directly impact the administration of the Liquidating Trust by causing the Liquidating Trustee to

incur significant costs, which will deplete estate funds that could otherwise be distributed to

creditors of the bankruptcy estate. The Liquidating Trustee has been placed on the horns of a

8

dilemma: go hire a professional to give the deposition testimony commanded by the subpoena or be subjected to punishment for contempt of court. But the Liquidating Trustee is only authorized to hire professionals for the limited purposes for which the Liquidating Trust was created.[11] It is incumbent upon the Court to serve as a gatekeeper under the *Barton* doctrine, protecting the Litigating Trust from all outside legal proceedings that attempt to direct the activities of the Liquidating Trustee to the detriment of the bankruptcy estate. *See In re Qimonda AG*, 482 B.R. at 896.

The *Barton* doctrine is especially applicable to the case at bar, as the Plan and Confirmation Order give the Court exclusive jurisdiction to "hear and determine disputes arising in connection with the interpretation, implementation, consummation or enforcement of [the] Plan including disputes arising under agreements [such as the Liquidating Trust Agreement], documents or instruments executed in connection with the Plan." *Plan*, Art. XI, ¶ G. The Court maintains exclusive jurisdiction over the activities of the Liquidating Trust. *See id.*, Art. XI, ¶ R. The Plan also gives the Court exclusive jurisdiction "[t]o issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, . . . or enforcement of [the] Plan or the Confirmation Order . . . ." *See id.*, Art. XI, ¶ I.

The Subpoena commands the Liquidating Trustee to engage and educate outside professional consultants to give deposition testimony in connection with a foreign proceeding to which the Liquidating Trust is not a party. The Plan and the Liquidating Trust Agreement prohibit the Liquidating Trustee from hiring any such professionals. Compliance with the Subpoena would require an inappropriate expenditure of trust assets. Consequently, the

---

[11] The Liquidating Trust was created for the limited purposes of liquidating assets, adjusting claims, and distributing proceeds to creditors. *See supra* note 5.

Subpoena interferes with the Liquidating Trustee's ability to implement the Plan.[12]

The Liquidating Trustee argues that Toshiba through one of its affiliates holds an allowed claim against the bankruptcy estate and is, therefore, bound by the injunction provision set forth in the Confirmation Order. The Confirmation Order provides that "all Entities who have held, hold or may hold Claims against . . . the Debtors are permanently enjoined from . . . (E) commencing . . . in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan . . . ." Confirmation Order, ¶ 28. Causing the Liquidating Trustee to incur extraordinary costs completely divorced from any duty associated with administration of the Liquidating Trust adversely affects all creditors of the estate including (indirectly) Toshiba. The Subpoena issued at the behest of Toshiba is entirely inconsistent with the provisions of the Plan. Toshiba argues that it is Toshiba America Consumer Products LLC and not Toshiba Corporation that holds the allowed claim. Relying on this technicality, Toshiba chose to ignore the injunction.[13] To the extent that Toshiba is not already bound by the injunction provision contained in the Confirmation Order, the Court will enjoin Toshiba from interfering further with the Liquidating Trust and with the Liquidating Trustee's implementation of the Plan. The Court will not permit the Liquidating Trustee to incur the inappropriate expense of hiring outside professional consultants to give the deposition testimony commanded by the Subpoena. Toshiba may not enforce the Subpoena against the Liquidation Trust.

---

[12] The Court's Confirmation Order approved the Liquidating Trust Agreement and all of the terms set forth therein. *See* Confirmation Order ¶ 11.

[13] The Liquidating Trustee points out that Toshiba Corporation was willing to enter into the Toshiba Settlement Agreement with the Liquidating Trust "on behalf of itself and Toshiba America, Inc., Toshiba America Consumer Products LLC, Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc." It is certainly disingenuous for Toshiba, having taken formal action in this case on behalf the subsidiary that holds an allowed claim against this bankruptcy estate, to now argue that it is not subject to the injunction provision set forth in the Confirmation Order.

### Conclusion

Toshiba, through the issuance of the Subpoena, seeks to compel the Liquidating Trustee to engage professional consultants to give deposition testimony in connection with a foreign proceeding to which the Liquidating Trust is not a party for the sole benefit of Toshiba and to the detriment of the other creditors of the bankruptcy estate. Compliance with the Subpoena would require an inappropriate expenditure of trust resources and would interfere with the Liquidating Trustee's administration of the estate. Under the circumstances presented in this case, Toshiba was required under the *Barton* doctrine to obtain leave from this Court before issuing the Subpoena to the Liquidating Trust. *See Barton v. Barbour*, 104 U.S. at 128. Failure to obtain such leave deprives the forum that issued the Subpoena of subject-matter jurisdiction. *See id.* at 131-33, 136.

Jurisdiction of this matter properly lies with this Court, which created the Liquidating Trust. The Court retained exclusive jurisdiction over matters relating to the activities of the Liquidating Trust, as well as to the implementation of the Plan. Toshiba was fully cognizant of the injunction in the Confirmation Order that enjoined interference with the Plan's implementation when it caused the Subpoena to be issued. To the extent that Toshiba is not already bound by the injunction provision contained in the Confirmation Order, Toshiba will be restrained from any further interference with the Liquidating Trustee's administration of the Liquidating Trust and the provisions of Plan. The Court will enjoin Toshiba from enforcing the Subpoena against the Liquidating Trust.

A separate order shall issue.

Entered: Sep 6 2016


                              /s/ Kevin R. Huennekens
                         UNITED STATES BANKRUPTCY JUDGE


                         Entered on Docket: Sep 6 2016

Exhibit C

**SUBPOENA DUCES TECUM (CIVIL) -**                          Case No. **CL18-2342**
**ATTORNEY ISSUED** VA. CODE §§ 8.01-413; 16.1-89; 16.1-265;
Commonwealth of Virginia   Supreme Court Rules 1:4, 4:9         **March 22, 2019@9:00 a.m.**
                                                              RETURN DATE AND TIME

**Hanover Juvenile and Domestic Relations District Court**
**7530 County Complex Road, Hanover, VA 23069-0086**
ADDRESS OF COURT
**DAVID GLENN FOSE**      *v./In re:*   **BRANDI MICHELLE EVANS FOSE**
**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon
    Circuit City Stores, Inc. Liquidating Trust c/o Katie Bradshaw or Custodian of Records
                                    NAME
                        200 Westgate Pkwy, Suite 100
                            STREET ADDRESS

        Richmond                    VA                      23233
          CITY                      STATE                    ZIP

**TO the person summoned:** You are commanded to make available the documents and tangible things
designated and described below:

                        **See attached  Schedule A**

*IF ANTICIPATED COSTS WILL EXCEED $75.00, PLEASE CALL THE ATTORNEY LISTED BELOW AT (804) 545-9800 FOR APPROVAL.*


Stiles Ewing Powers, PC 3957 Westerre Pkwy, Ste. 400, Richmond, VA    at     March 22, 2019 @ 9:00 a.m.
                        LOCATION                                             DATE AND TIME
to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible
things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

                            **David Glenn Fose**
                            PARTY NAME
        Mollie C. Barton                               70187
        NAME OF ATTORNEY                            VIRGINIA STATE BAR NUMBER
        Stiles Ewing Powers PC                          (804) 545-9800
        OFFICE ADDRESS                            TELEPHONE NUMBER OF ATTORNEY
3957 Westerre Pkwy, Ste. 400, Richmond, VA  23233       (804) 545-9805
        OFFICE ADDRESS                            FACSIMILE NUMBER OF ATTORNEY
        3  5  19                                  Mollie C Barton
        DATE ISSUED                                 SIGNATURE OF ATTORNEY

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

**TO the person summoned:**

If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

---

☒ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

| | |
|---|---|
| NAME: | |
| ADDRESS: | |
| | |
| ☐PERSONAL SERVICE        Tel No. | |

Being unable to make personal service, a copy was delivered in the following manner:

☐    Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

_____

☐    Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above.   (Other authorized recipient not found.)

| ☐ not found | |
|---|---|
| | _____, Sheriff |
| DATE | by _____, Deputy Sheriff |

## CERTIFICATE OF COUNSEL

I, Mollie C. Barton, counsel for David Glenn Fose, hereby certify that a copy of the foregoing subpoena *duces tecum* was mailed to Edward D. Barnes, Esquire, Barnes & Diehl, PC, Boulders VI-Suite 200, 7401 Beaufont Springs Drive, Richmond, VA   23225, counsel of record for Defendant, on the 5th day of March, 2019.

_Mollie C. Barton_
SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents. This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. VA. CODE § 8.01-417.

## SCHEDULE A

SERVE:      Circuit City Stores, Inc. Liquidating Trust
            c/o Katie Bradshaw or Custodian of Records
            200 Westgate Parkway, Suite 100
            Richmond, VA 23233

DIRECTING CIRCUIT CITY STORES, INC. LIQIDATING TRUST TO PRODUCE THE FOLLOWING DOCUMENTS:

**DOCUMENTS TO BE PRODUCED**: The following records regarding Brandi Michelle Evans Fose (hereinafter "Employee"), (SSN: See attached Addendum), (DOB: See attached Addendum), and her employment with Circuit City Stores, Inc. Liquidating Trust, (hereinafter "Employer"), to include:

1.   **Compensation Records**.   Employee's compensation records, including current and prior salary, pay, commissions and how commissions are determined and/or calculated, bonuses, and benefits since first date of employment through the present.  Also include copies of all checks that Employer has made payable to Employee, earning statements that Employer has made payable to Employee for the past five years as well as any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation. Copies of all correspondence, memos, emails, agreements and contracts which discuss the Employee's compensation. Please include terms of any termination or severance packages.

2.   **Earnings Statements**.    All "earnings statements" and/or paystubs for 2017 to date as well as any W-2s, 1099s, etc. for 2017 to date (along with the wage summaries showing the voluntary payroll adjustments which did or did not affect the federal and state wages.) ***Include paystubs and detailed earnings statements showing all pre-tax deductions, post-tax deductions, employer-paid benefits, payroll deductions, taxes withheld, net pay, etc.***

3.   **Deductions.** All W-4s and records of all deductions currently made from Employee's pay or other compensation; any forms signed to elect or select deductions.

4.   **Records Concerning Bonuses and Commissions and Contingent Pay**.    All records from which bonuses, commissions, or contingent pay can be or have been tracked and/or calculated, and all records whereby the employer is tracking, calculating, and/or estimating and/or projecting and/or paying the same.

5.    **Unpaid Compensation Records**. All records from which any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation can be computed.

6.    **Raises or Reviews.** Date of Employee's last pay raise or change in compensation, when Employee's next salary or other compensation reviews and/or raises or benefit changes will be; if known, amount of projected raise or raises or increases or changes in benefits or other compensation.

7.    **Health Insurance.** All records regarding health, vision and dental insurance, including the name of the insurance carrier, the type of the various plans enrolled in, and documentation of the costs for insurance for employee alone, employee and child, employee and family, etc.

8.    **Elections; Beneficiaries**. Records of any designation or changes of designations of beneficiaries or election to make changes which would affect the beneficiaries of any benefits, and all forms requesting or making any elections, including but not limited to, retirement, deferred compensation, life insurance, death benefits, medical, dental, or vision insurance, pre-tax items, or any other benefits or any deductions from pay.

9.    **Expense Accounts or Items Provided by Employer**.

  a.    Records of all expense accounts and expense reimbursements or allowances, and any credit or charge accounts and of all loans provided by employer. All records of any expenses paid for or provided for by the employer, including but not limited to use of vehicles or vehicle expenses, use of credit cards, payment for health clubs, etc.

  b.    Records showing how any expense accounts or employer-provided expenses  are recorded or tracked and what, if offered to Employee, including, what items are provided or paid for by the employer; documents or proofs the Employee must submit to the employer in order to be paid or reimbursed or to receive the item; records the employer keeps of the payment or provision of the items, and of the processing of any Employee submissions; records provided to the Employee and/or kept by the employer when any reimbursement or payment is made or any item such as a car is provided for Employee's use; records of any reimbursement to the employer for Employee's personal expenses (such as Employee's personal use of employer car, telephone, credit card, etc.)

10.    **All qualified Retirement Plans.** The names of all of the retirement plans under which the participant is currently accruing (or has accrued) benefits, including, but

not limited to, any defined benefit pension plan or defined contribution plan e.g.,
401(k), profit sharing, thrift, retirement savings, or ESOP).

11.   **All Nonqualified Retirement or Deferred Compensation Plans.**    The names
of all nonqualified plans under which the participant participates (or has
participated), including, but not limited to, any stock option plans, excess defined
benefit plan, or any other deferred compensation arrangement whether uninsured
or insured.

12.   **Statement of Accrued Benefits and/or Account Balances**: Please include the
following information with respect to each retirement plan under which the
participant has accrued a benefit from 2003 (or date of employment) to the
present.  Please include a specific statement for November 8, 2003 (or date of
employment), April 27, 2018, and current.

An estimate of the accrued benefit under any defined benefit pension plan,
including the date on which benefits can be commenced on any unreduced basis
(Normal Retirement Date), and also the plan's provisions for early retirement,
including the extent of the actuarial reductions, if any, that may be applied to the
participant's early retirement benefits.

A statement that indicates whether (and when) the participant would be
eligible to retire early under the plan and whether the participant will be entitled to
any early retirement subsidies (and the amount of such subsidy, including any
temporary or supplemental benefits that may become payable under the terms of
the plan).  Also, please indicate whether your defined benefit plan allows for
lump-sum distributions.

A statement of the participant's current account balances under any defined
contribution plan or ESOP, indicating any previous transactions made by the
participant, such as previous loans and/or withdrawals.  Also, please indicate
whether your plan has in-service withdrawal features, such as loans or hardship
withdrawals. Also indicate whether alternate payees under QDRO's are eligible to
receive immediate lump-sum distributions upon approval of the QDRO.

13.   **Summary Plan Description**.    Please provide us with a copy of the latest
summary plan description ("SPD") for each plan under which the participant is
covered.

14.   **Model Qualified Domestic Relations Orders**.  Please send us any model QDROs
that you may have developed or any written procedures for drafting QDROs in
order to help us expedite the approval process.

DIRECTING THAT SUCH DOCUMENTS BE RETURNED AS FOLLOWS:

RETURN TO:        Mollie C. Barton, Esquire
                  Stiles Ewing Powers PC
                  3957 Westerre Parkway, Suite 400
                  Richmond, Virginia 23233
                  (804) 545-9800
                  (804) 545-9805 (fax)
                  mbarton@FamilyLawRVA.com

RETURN BY:        March 22, 2019@ 9:00 a.m.

Exhibit D

# TAVENNER & BERAN, PLC
### ATTORNEYS AT LAW

Paula S. Beran
EMAIL: PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, SECOND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER: 02166.001

March 13, 2019

<u>Via Email, Facsimile & First Class Delivery</u>
Mollie C. Barton, Esquire
Batzli Stiles Butler, PC
3957 Westerre Parkway
Suite 400
Richmond, VA 23233

Re:  Circuit City Stores, Inc. Liquidating Trust

Dear Ms. Barton:

As you were made aware by letter dated September 14, 2018 (the "September Letter"), my firm serves as counsel to the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust" and/or "Trust").  We are in receipt of a document attached hereto as Exhibit A that purports to be a subpoena duces tecum (the "Attachment"), requesting employment and compensation information for Brandi Michelle Evans-Fose.  As I informed in the September Letter, and as indicated on the Memorandum Opinion attached hereto as Exhibit B, because leave of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court") was not obtained, the forum that attempts to issue the Attachment lacks subject-matter jurisdiction, and the Attachment is null and void.  In addition, the Attachment has other serious and significant legal deficiencies. Yet you have attempted to again proceed under a null and void document without even providing a courtesy copy to me as counsel.

Without waiving any rights as it relates to the Attachment and/or any other improper subpoena, and with the consent of Ms. Brandi Michelle Evans-Fose (which consent has been obtained), the Liquidating Trust, through its trustee and solely in such capacity as trustee, is willing to voluntarily provide information requested where applicable and available. As previously indicated in the September Letter, the Liquidating Trust has limited access to records prior to the creation of the Liquidating Trust on November 1, 2010 in that the majority of systems and documents have been destroyed in accordance with approval from the Bankruptcy Court.  Thus, the Liquidating Trust, through its trustee and solely in such capacity as trustee, is willing to voluntarily provide, with Ms. Evans-Fose's consent, the requested

Mollie C. Barton, Esquire
March 13, 2019
Page 2

information where applicable and available. I would also note that by order of the Bankruptcy
Court, the Liquidating Trust is currently scheduled to terminate on or before December 31, 2019.

Please let me know in writing on or before March 15, 2019 if the approach provided
herein is acceptable. Absent hearing from you on or before March 15, 2019, the Liquidating
Trust will have no option but to file appropriate pleadings in Bankruptcy Court. Once again,
the Liquidating Trust reserves any and all rights. With that being said, we are hopeful that you
find the suggested approach acceptable such that unnecessary legal expenses are avoided. If
you need anything further, please feel free to contact me.

Sincerely,

Paula S. Beran

PSB/lan
Enclosures
cc:  Katie Bradshaw, Senior Trust Officer
       Edward D. Barnes, Esquire

**SUBPOENA DUCES TECUM (CIVIL) -**

Case No. **CL18-2342**

**ATTORNEY ISSUED** VA. CODE §§ 8.01-413; 16.1-89; 16.1-265;

Commonwealth of Virginia   Supreme Court Rules 1:4, 4:9

**March 22, 2019@9:00 a.m.**
RETURN DATE AND TIME

**Hanover Juvenile and Domestic Relations District Court**

**7530 County Complex Road, Hanover, VA 23069-0086**

ADDRESS OF COURT

**DAVID GLENN FOSE**      *v./In re:*   **BRANDI MICHELLE EVANS FOSE**

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon

Circuit City Stores, Inc. Liquidating Trust c/o Katie Bradshaw or Custodian of Records

NAME

200 Westgate Pkwy, Suite 100

STREET ADDRESS

| Richmond | VA | 23233 |
|---|---|---|
| CITY | STATE | ZIP |

**TO the person summoned:** You are commanded to make available the documents and tangible things designated and described below:

**See attached  Schedule A**

*\*IF ANTICIPATED COSTS WILL EXCEED $75.00, PLEASE CALL THE ATTORNEY LISTED BELOW AT (804) 545-9800 FOR APPROVAL.*

Stiles Ewing Powers, PC 3957 Westerre Pkwy, Ste. 400, Richmond, VA      at      March 22, 2019 @ 9:00 a.m.
LOCATION                                                                                               DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

**David Glenn Fose**
PARTY NAME

| Mollie C. Barton | 70187 |
|---|---|
| NAME OF ATTORNEY | VIRGINIA STATE BAR NUMBER |
| Stiles Ewing Powers PC | (804) 545-9800 |
| OFFICE ADDRESS | TELEPHONE NUMBER OF ATTORNEY |
| 3957 Westerre Pkwy, Ste. 400, Richmond, VA 23233 | (804) 545-9805 |
| OFFICE ADDRESS | FACSIMILE NUMBER OF ATTORNEY |
| 3 5 19 | Mollie C Barton |
| DATE ISSUED | SIGNATURE OF ATTORNEY |

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

**TO the person summoned:**
If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☒ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

| | |
|---|---|
| NAME: | |
| ADDRESS: | |

☐ PERSONAL SERVICE          Tel No. _____

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

_____

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above.   (Other authorized recipient not found.)

☐ not found

_____, Sheriff

_____ by _____, Deputy Sheriff
DATE

## CERTIFICATE OF COUNSEL

I, Mollie C. Barton, counsel for David Glenn Fose, hereby certify that a copy of the foregoing subpoena *duces tecum* was mailed to Edward D. Barnes, Esquire, Barnes & Diehl, PC, Boulders VI-Suite 200, 7401 Beaufont Springs Drive, Richmond, VA  23225, counsel of record for Defendant, on the 5ᵗʰ day of March, 2019.

_Mollie C Barton_
SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents. This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. VA. CODE § 8.01-417.

## SCHEDULE A

SERVE:    Circuit City Stores, Inc. Liquidating Trust
c/o Katie Bradshaw or Custodian of Records
200 Westgate Parkway, Suite 100
Richmond, VA 23233

**DIRECTING CIRCUIT CITY STORES, INC. LIQIDATING TRUST TO PRODUCE THE FOLLOWING DOCUMENTS:**

**DOCUMENTS TO BE PRODUCED**: The following records regarding Brandi Michelle Evans Fose (hereinafter "Employee"), (SSN: See attached Addendum), (DOB: See attached Addendum), and her employment with Circuit City Stores, Inc. Liquidating Trust, (hereinafter "Employer"), to include:

1.   **Compensation Records**.   Employee's compensation records, including current and prior salary, pay, commissions and how commissions are determined and/or calculated, bonuses, and benefits since first date of employment through the present.  Also include copies of all checks that Employer has made payable to Employee, earning statements that Employer has made payable to Employee for the past five years as well as any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation. Copies of all correspondence, memos, emails, agreements and contracts which discuss the Employee's compensation. Please include terms of any termination or severance packages.

2.   **Earnings Statements**.    All "earnings statements" and/or paystubs for 2017 to date as well as any W-2s, 1099s, etc. for 2017 to date (along with the wage summaries showing the voluntary payroll adjustments which did or did not affect the federal and state wages.) *Include paystubs and detailed earnings statements showing all pre-tax deductions, post-tax deductions, employer-paid benefits, payroll deductions, taxes withheld, net pay, etc.*

3.   **Deductions.** All W-4s and records of all deductions currently made from Employee's pay or other compensation; any forms signed to elect or select deductions.

4.   **Records Concerning Bonuses and Commissions and Contingent Pay**.    All records from which bonuses, commissions, or contingent pay can be or have been tracked and/or calculated, and all records whereby the employer is tracking, calculating, and/or estimating and/or projecting and/or paying the same.

5.    **Unpaid Compensation Records**. All records from which any unpaid and/or uncredited bonuses and/or commissions or other accrued or deferred compensation can be computed.

6.    **Raises or Reviews.** Date of Employee's last pay raise or change in compensation, when Employee's next salary or other compensation reviews and/or raises or benefit changes will be; if known, amount of projected raise or raises or increases or changes in benefits or other compensation.

7.    **Health Insurance.** All records regarding health, vision and dental insurance, including the name of the insurance carrier, the type of the various plans enrolled in, and documentation of the costs for insurance for employee alone, employee and child, employee and family, etc.

8.    **Elections; Beneficiaries**. Records of any designation or changes of designations of beneficiaries or election to make changes which would affect the beneficiaries of any benefits, and all forms requesting or making any elections, including but not limited to, retirement, deferred compensation, life insurance, death benefits, medical, dental, or vision insurance, pre-tax items, or any other benefits or any deductions from pay.

9.    **Expense Accounts or Items Provided by Employer**.

   a.    Records of all expense accounts and expense reimbursements or allowances, and any credit or charge accounts and of all loans provided by employer. All records of any expenses paid for or provided for by the employer, including but not limited to use of vehicles or vehicle expenses, use of credit cards, payment for health clubs, etc.

   b.    Records showing how any expense accounts or employer-provided expenses  are recorded or tracked and what, if offered to Employee, including, what items are provided or paid for by the employer; documents or proofs the Employee must submit to the employer in order to be paid or reimbursed or to receive the item; records the employer keeps of the payment or provision of the items, and of the processing of any Employee submissions; records provided to the Employee and/or kept by the employer when any reimbursement or payment is made or any item such as a car is provided for Employee's use; records of any reimbursement to the employer for Employee's personal expenses (such as Employee's personal use of employer car, telephone, credit card, etc.)

10.   **All qualified Retirement Plans.** The names of all of the retirement plans under which the participant is currently accruing (or has accrued) benefits, including, but

not limited to, any defined benefit pension plan or defined contribution plan e.g., 401(k), profit sharing, thrift, retirement savings, or ESOP).

11.    **All Nonqualified Retirement or Deferred Compensation Plans.**    The names of all nonqualified plans under which the participant participates (or has participated), including, but not limited to, any stock option plans, excess defined benefit plan, or any other deferred compensation arrangement whether uninsured or insured.

12.    **Statement of Accrued Benefits and/or Account Balances**: Please include the following information with respect to each retirement plan under which the participant has accrued a benefit from 2003 (or date of employment) to the present. Please include a specific statement for November 8, 2003 (or date of employment), April 27, 2018, and current.

An estimate of the accrued benefit under any defined benefit pension plan, including the date on which benefits can be commenced on any unreduced basis (Normal Retirement Date), and also the plan's provisions for early retirement, including the extent of the actuarial reductions, if any, that may be applied to the participant's early retirement benefits.

A statement that indicates whether (and when) the participant would be eligible to retire early under the plan and whether the participant will be entitled to any early retirement subsidies (and the amount of such subsidy, including any temporary or supplemental benefits that may become payable under the terms of the plan). Also, please indicate whether your defined benefit plan allows for lump-sum distributions.

A statement of the participant's current account balances under any defined contribution plan or ESOP, indicating any previous transactions made by the participant, such as previous loans and/or withdrawals. Also, please indicate whether your plan has in-service withdrawal features, such as loans or hardship withdrawals. Also indicate whether alternate payees under QDRO's are eligible to receive immediate lump-sum distributions upon approval of the QDRO.

13.    **Summary Plan Description**.    Please provide us with a copy of the latest summary plan description ("SPD") for each plan under which the participant is covered.

14.    **Model Qualified Domestic Relations Orders**. Please send us any model QDROs that you may have developed or any written procedures for drafting QDROs in order to help us expedite the approval process.

DIRECTING THAT SUCH DOCUMENTS BE RETURNED AS FOLLOWS:


RETURN TO:      Mollie C. Barton, Esquire
                Stiles Ewing Powers PC
                3957 Westerre Parkway, Suite 400
                Richmond, Virginia 23233
                (804) 545-9800
                (804) 545-9805 (fax)
                mbarton@FamilyLawRVA.com

RETURN BY:      March 22, 2019@ 9:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:       CIRCUIT CITY STORES, INC. et al.,            Case No. 08-35653-KRH

             Debtors.                                     Chapter 11
                                                          Jointly Administered

## MEMORANDUM OPINION

This contested matter involves a motion (the "Motion for Protection") filed by the Circuit City Stores Inc. Liquidating Trust (the "Liquidating Trust") for protection from a foreign subpoena (the "Subpoena") issued at the behest of Toshiba Corporation and Toshiba America Electronic Components, Inc. (together, "Toshiba") in connection with an action in which the Liquidating Trust is not a party, *State of Illinois v. Hitachi, Ltd.*, currently pending as Case No. 12-CH-35266 in the Circuit Court of Cook County, Illinois (the "Illinois Litigation"). Toshiba seeks to take a discovery deposition of the person or persons designated by Alfred H. Siegel, as Trustee of the Liquidating Trust (the "Liquidating Trustee") about information known or reasonably available to Circuit City concerning 18 matters listed in the Subpoena (the "Deposition"). The Subpoena requires "Circuit City to produce one or more witnesses . . . who are knowledgeable and prepared to testify about each of the matters [designated on] the List of Matters on Which Examination is Requested." The Subpoena warns that failure to comply with the Subpoena will subject the Liquidating Trust to punishment for contempt of court.

A hearing was conducted on August 17, 2016, to consider the Motion for Protection (the "Hearing"). Counsel for Toshiba appeared at the Hearing and argued that the relief requested by the Liquidating Trust in the Motion for Protection should be denied. The Court found that the Liquidating Trust was incapable of complying with the subpoena, as it did not employ any

1

Circuit City personnel who had knowledge about the matters on which examination was requested. At the conclusion of the Hearing, the Court ruled that it would grant the Liquidating Trust's Motion for Protection. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

## Factual Background

Before its liquidation at the height of the financial crisis in 2008–09, Circuit City Stores, Inc., together with its affiliated companies, was a national retailer of consumer electronic products with operations throughout the United States (collectively, "Circuit City"). Circuit City filed a petition for relief in this Court under Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date").[2]

Circuit City continued to operate its national retail business in the ordinary course for a brief period following the Petition Date. On January 16, 2009, the Court authorized Circuit City to cease its business operations and liquidate its assets. A Second Amended Joint Plan of Liquidation was filed on August 9, 2010, and an order confirming the Debtors' Modified Amended Second Joint Plan of Liquidation (the "Plan") was entered on September 14, 2010 (the "Confirmation Order").[3] The Plan substantively consolidated the Debtors' bankruptcy estates and established the Liquidating Trust to collect, administer, distribute, and liquidate all of the Debtors' remaining assets under Chapter 11 of the Bankruptcy Code. Plaintiff, Alfred H. Siegel

---

[1] Bankruptcy Rule 7052 is made applicable to this contested matter by Bankruptcy Rule 9014. Fed. R. Bankr. P. 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[2] All further references to the Bankruptcy Code are to the Bankruptcy Code as codified at 11 U.S.C. §§ 101 *et seq.*

[3] *See* Confirmation Order. *In re Circuit City Stores, Inc., et. al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 [hereinafter Confirmation Order].

was appointed as Liquidating Trustee for the Liquidating Trust and he continues to serve in that capacity.[4]

Over the course of the past six years, The Liquidating Trust has conducted no trade or commerce. The purpose of the Liquidating Trust, as set forth in the Plan, is to liquidate the assets of Circuit City, adjust the claims of creditors, and make distribution to creditors with allowed claims.[5] The Liquidating Trustee has been actively engaged with winding down the business affairs of Circuit City in accordance with the terms of the Plan. That process is now nearly complete. The Liquidating Trust has been very successful. It has distributed over forty cents on the dollar to creditors and will make another distribution before the end of the 2016 calendar year. The Liquidating Trust maintains custody of certain of Circuit City's books and records and employs a limited staff for the purpose of liquidating the few assets that remain and adjusting the dwindling number of claims that have yet to be resolved.

The Plan generally provided for the transfer of any cause of action held by Circuit City to the Liquidating Trust.[6] Consistent therewith, and subject to the ongoing supervision of this Court, the Liquidating Trust became a party to certain legacy litigation involving claims that previously belonged to Circuit City in the federal multidistrict litigation styled *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 JST, MDL 1917 (N.D. Cal.) (the "CRT

---

[4] The Liquidating Trustee was charged with responsibility for administering the Liquidating Trust, and its assets, and for making distributions from the proceeds of the Liquidating Trust in accordance with the Plan. *See* Plan, Art. V, ¶ F.6(c). The Plan is attached as Exhibit A to the Confirmation Order. *See* Confirmation Order, Ex. A, *In re Circuit City Stores, Inc., et. al.,* Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555 [hereinafter, the "Plan"].

[5] The formation, rights, powers, duties, structure, and obligations pertaining to the Liquidating Trust are governed by Article V of the Plan and the Liquidating Trust Agreement. *See* Confirmation Order ¶ 11. The Liquidating Trust Agreement is attached as Exhibit B to the Confirmation Order. *See* Confirmation Order, Ex. B, *In re Circuit City Stores, Inc., et. al.,* Case No. 08-35653-KRH (Bankr. E.D. Va. Sept. 14, 2010), ECF No. 8555.

[6] Article I.B.1.21 of the Plan details the full scope of all of the causes of action transferred to the Liquidating Trust.

3

Action").[7] As part of the wind down process, the Liquidating Trust resolved all of its claims against all of the defendants in the CRT Action – including Toshiba – through a series of settlements approved by the Court under Bankruptcy Rule 9019.[8] Accordingly, the Liquidating Trust is no longer a party in the CRT Action. Toshiba was and apparently remains a defendant in the CRT Action as to claims of plaintiffs other than the Trust.

While the Liquidating Trust was involved in the CRT Action, the Trust complied with the discovery obligations imposed upon it by the Federal Rules of Civil Procedure. The Liquidating Trust produced voluminous documentation to the defendants in the CRT Action, including Toshiba. The Liquidating Trust also gave corporate deposition testimony, pursuant to Federal Rule of Civil Procedure 30(b)(6), at the behest of defendants in the CRT Action, including Toshiba. Complying with the discovery requests, especially the requests for deposition testimony, was expensive, as the Liquidating Trust had to maintain access to former Circuit City personnel with the necessary expertise and knowledge to facilitate the Trust's compliance with its discovery obligations in the CRT Action. Upon its exit from the CRT Action, the Liquidating Trust ceased to maintain the access it formally had in order to eliminate the unnecessary expense.

The Subpoena seeks the very same discovery that the Liquidating Trust already provided in the CRT Action. Toshiba claims that it needs to repeat the discovery on account of a rule peculiar to the state of Illinois that prohibits the use of deposition testimony at trial unless the deposition was specially designated as a trial deposition. Even though Toshiba actively participated in discovery in the CRT Action and even though it had the opportunity to make the

---

[7] The Liquidating Trust became a plaintiff in the CRT Action.

[8] The Liquidating Trust and Toshiba entered into a *Settlement and Release* dated December 2, 2014 (the "Toshiba Settlement Agreement"), which definitively compromised and resolved the parties' relationship to each other vis-à-vis the CRT Action. The Toshiba Settlement Agreement contains a standard integration clause and no requirement that the parties cooperate further with each other by providing testimony and evidence in related litigation. Toshiba and the Liquidating Trustee filed the Toshiba Settlement Agreement with the Court under seal.

appropriate Illinois designation at the time, Toshiba now finds it is unable to use the discovery it previously obtained from the Liquidating Trust. As a result, Toshiba caused the Subpoena to be issued to compel the Liquidating Trust to provide the very same testimony that the Liquidating Trust provided years ago.[9] Unfortunately, the Liquidating Trustee, having wound down the business, no longer retains the former Circuit City personnel with the requisite expertise and knowledge.

### Jurisdiction and Venue

Toshiba argues that this Court lacks jurisdiction to decide this issue. The Court disagrees. Pursuant to 28 U.S.C. § 1334(a), "the district court [has] original and exclusive jurisdiction of all cases under title 11." Further, the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts are authorized to refer all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for the district. *See id.* § 157(a). By order of reference entered August 16, 1984, the United States District Court for the Eastern District of Virginia has referred all such bankruptcy cases and proceedings to this Court.

This Court has core jurisdiction to interpret its Confirmation Order and to enforce the terms of the confirmed Plan. *See In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984 at *3 (Bankr. E.D. Va. Apr. 30, 2013). "[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders." *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009) ("[T]he Bankruptcy Court plainly

---

[9] The Liquidating Trust was served with a deposition notice in the CRT Action that covered all but one of the deposition topics in the Subpoena. Counsel for Toshiba attended the deposition in the CRT Action, and it examined the deponent designated by the Liquidating Trust at length.

ha[s] jurisdiction to interpret and enforce its own prior orders."); *In re Jones*, No. 09-14499, 2011 Bankr. LEXIS 4083, at *1 (Bankr. E.D. Va. Oct. 21, 2011) ("Bankruptcy Courts plainly have jurisdiction to interpret and enforce their own prior orders.") (citing *Travelers Indem. Co.*, 557 U.S. 137). The Confirmation Order provided that the Court would "retain exclusive jurisdiction over all matters arising out of and related to the . . . Plan to the fullest extent permitted by law including, but not limited to the matters set forth in Article XI of the Plan." Confirmation Order ¶ 41. Article XI of the Plan provides for the Court to retain exclusive jurisdiction to "[h]ear and determine all matters related to (i) the property of the Estates from and after the Confirmation Date, (ii) the winding up of the Debtors' affairs, and (iii) the activities of the Liquidating Trust and/or the Liquidating Trustee, including (A) challenges to or approvals of the Liquidating Trustee's activities . . . ." *Plan*, Art. XI, ¶ R. This Court has core jurisdiction over matters concerning the Liquidating Trustee's administration of estate property in the Liquidating Trust. *See id.*; *see also Dalkon Shield Claimants Trust v. Reiser (In re A.H.Robins Co., Inc.)*, 972 F.2d 77, 79 n. 1 (4th Cir. 1992) (recognizing the validity of exclusive jurisdiction retention provisions in a Plan). The Liquidating Trustee complains that compliance with the Subpoena will adversely affect his administration of the Liquidating Trust. Accordingly, this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

### Analysis

The Subpoena names the Liquidating Trust as the party summoned and commanded to attend and give testimony at the Deposition under threat of punishment for contempt of court. The Liquidating Trust has neither the appropriate resources nor the appropriate personnel to

6

respond to the burdensome requests embodied in the Subpoena.[10]  None of the Liquidating Trust's few remaining employees have the knowledge necessary to give sworn testimony on the Deposition topics designated in the Subpoena.  Toshiba maintains that the Liquidating Trust is required to go out and hire and educate professional consultants in order to provide the deposition testimony demanded of it.  That would place an undue administrative burden on the Liquidating Trust.  It would require the Liquidating Trustee to engage in activities inconsistent with the Confirmation Order, which would result in the inappropriate expenditure of trust assets, and delay the administration of this bankruptcy case.

The Liquidating Trust is a creation of the Bankruptcy Court.  The *Barton* doctrine bars a party from bringing suit against a court-appointed receiver without first obtaining leave of the appointing court.  *See Barton v. Barbour*, 104 U.S. 126, 128, 26 L. Ed. 672 (1881).  Failure to obtain leave of the appointing court deprives the other forum of subject-matter jurisdiction.  *See id.* at 131-33, 136.  This long-standing doctrine has been expanded to include other types of court-appointed parties, such as bankruptcy trustees and counsel for trustees.  *See McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012) (citing *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006)); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005).  The *Barton* doctrine applies with equal measure to liquidating trustees.  *See In re Crown Vantage, Inc.*, 421 F.3d at 973 ("[T]he fact that the bankruptcy assets are now being liquidated through the vehicle of a liquidating trust with an appointed liquidating trustee does not prevent the application of the *Barton* doctrine."); *In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984.

The Subpoena commands and directs the Liquidating Trustee to expend resources of the

---

[10] The Liquidating Trustee has offered, and remains willing, to produce to Toshiba all documents that the Liquidating Trust previously produced in the CRT Action.

7

Liquidating Trust for purposes inconsistent with the Confirmation Order in usurpation of the power and authority of this Court. The purpose of the *Barton* doctrine is to prevent trustees from being subject to legal proceedings that interfere with their ability to administer the estate. *See In re Qimonda AG*, 482 B.R. 879, 896 (Bankr. E.D. Va. 2012) ("[T]he Court serves as a gatekeeper under the *Barton* doctrine, protecting its appointed professionals from frivolous lawsuits that would interfere with the administration of the estate.") (internal citation omitted). Where a party seeks to impose burdens upon a liquidating trust through the employment of any extrajudicial legal proceeding that directly and adversely interferes with the administration of the bankruptcy case, the party must first request and receive leave of the bankruptcy court that created the trust. *See In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984, at *3 (citing *McDaniel v. Blust*, 668 F.3d at 157).

Toshiba argues that other courts have held that the *Barton* doctrine does not apply to the issuance of a subpoena because the *Barton* doctrine applies only to lawsuits. Toshiba cites a single case in support of this position, *In re Media Group, Inc.*, BAP No. 05-1432, 2006 Bankr. LEXIS 4842, at *17 (B.A.P. 9th Cir. Nov. 14, 2006). But *Media Group* involved very different facts and circumstances from those presented in the case at bar. A third party subpoena had been issued to an attorney representing a chapter 7 trustee in *Media Group*. Compliance with the subpoena by the attorney did not directly impact the trustee's administration of the bankruptcy estate. The 9th Circuit BAP ruled that it was not inclined to extend the *Barton* doctrine to the issuance of the subpoena under those circumstances. Here, compliance with the subpoena will directly impact the administration of the Liquidating Trust by causing the Liquidating Trustee to incur significant costs, which will deplete estate funds that could otherwise be distributed to creditors of the bankruptcy estate. The Liquidating Trustee has been placed on the horns of a

8

dilemma: go hire a professional to give the deposition testimony commanded by the subpoena or be subjected to punishment for contempt of court. But the Liquidating Trustee is only authorized to hire professionals for the limited purposes for which the Liquidating Trust was created.[11] It is incumbent upon the Court to serve as a gatekeeper under the *Barton* doctrine, protecting the Litigating Trust from all outside legal proceedings that attempt to direct the activities of the Liquidating Trustee to the detriment of the bankruptcy estate. *See In re Qimonda AG*, 482 B.R. at 896.

The *Barton* doctrine is especially applicable to the case at bar, as the Plan and Confirmation Order give the Court exclusive jurisdiction to "hear and determine disputes arising in connection with the interpretation, implementation, consummation or enforcement of [the] Plan including disputes arising under agreements [such as the Liquidating Trust Agreement], documents or instruments executed in connection with the Plan." *Plan*, Art. XI, ¶ G. The Court maintains exclusive jurisdiction over the activities of the Liquidating Trust. *See id.*, Art. XI, ¶ R. The Plan also gives the Court exclusive jurisdiction "[t]o issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, . . . or enforcement of [the] Plan or the Confirmation Order . . . ." *See id.*, Art. XI, ¶ I.

The Subpoena commands the Liquidating Trustee to engage and educate outside professional consultants to give deposition testimony in connection with a foreign proceeding to which the Liquidating Trust is not a party. The Plan and the Liquidating Trust Agreement prohibit the Liquidating Trustee from hiring any such professionals. Compliance with the Subpoena would require an inappropriate expenditure of trust assets. Consequently, the

---

[11] The Liquidating Trust was created for the limited purposes of liquidating assets, adjusting claims, and distributing proceeds to creditors. *See supra* note 5.

Subpoena interferes with the Liquidating Trustee's ability to implement the Plan.[12]

The Liquidating Trustee argues that Toshiba through one of its affiliates holds an allowed claim against the bankruptcy estate and is, therefore, bound by the injunction provision set forth in the Confirmation Order. The Confirmation Order provides that "all Entities who have held, hold or may hold Claims against . . . the Debtors are permanently enjoined from . . . (E) commencing . . . in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan . . . ." Confirmation Order, ¶ 28. Causing the Liquidating Trustee to incur extraordinary costs completely divorced from any duty associated with administration of the Liquidating Trust adversely affects all creditors of the estate including (indirectly) Toshiba. The Subpoena issued at the behest of Toshiba is entirely inconsistent with the provisions of the Plan. Toshiba argues that it is Toshiba America Consumer Products LLC and not Toshiba Corporation that holds the allowed claim. Relying on this technicality, Toshiba chose to ignore the injunction.[13] To the extent that Toshiba is not already bound by the injunction provision contained in the Confirmation Order, the Court will enjoin Toshiba from interfering further with the Liquidating Trust and with the Liquidating Trustee's implementation of the Plan. The Court will not permit the Liquidating Trustee to incur the inappropriate expense of hiring outside professional consultants to give the deposition testimony commanded by the Subpoena. Toshiba may not enforce the Subpoena against the Liquidation Trust.

---

[12] The Court's Confirmation Order approved the Liquidating Trust Agreement and all of the terms set forth therein. *See* Confirmation Order ¶ 11.

[13] The Liquidating Trustee points out that Toshiba Corporation was willing to enter into the Toshiba Settlement Agreement with the Liquidating Trust "on behalf of itself and Toshiba America, Inc., Toshiba America Consumer Products LLC, Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc." It is certainly disingenuous for Toshiba, having taken formal action in this case on behalf the subsidiary that holds an allowed claim against this bankruptcy estate, to now argue that it is not subject to the injunction provision set forth in the Confirmation Order.

### Conclusion

Toshiba, through the issuance of the Subpoena, seeks to compel the Liquidating Trustee to engage professional consultants to give deposition testimony in connection with a foreign proceeding to which the Liquidating Trust is not a party for the sole benefit of Toshiba and to the detriment of the other creditors of the bankruptcy estate. Compliance with the Subpoena would require an inappropriate expenditure of trust resources and would interfere with the Liquidating Trustee's administration of the estate. Under the circumstances presented in this case, Toshiba was required under the *Barton* doctrine to obtain leave from this Court before issuing the Subpoena to the Liquidating Trust. *See Barton v. Barbour*, 104 U.S. at 128. Failure to obtain such leave deprives the forum that issued the Subpoena of subject-matter jurisdiction. *See id.* at 131-33, 136.

Jurisdiction of this matter properly lies with this Court, which created the Liquidating Trust. The Court retained exclusive jurisdiction over matters relating to the activities of the Liquidating Trust, as well as to the implementation of the Plan. Toshiba was fully cognizant of the injunction in the Confirmation Order that enjoined interference with the Plan's implementation when it caused the Subpoena to be issued. To the extent that Toshiba is not already bound by the injunction provision contained in the Confirmation Order, Toshiba will be restrained from any further interference with the Liquidating Trustee's administration of the Liquidating Trust and the provisions of Plan. The Court will enjoin Toshiba from enforcing the Subpoena against the Liquidating Trust.

A separate order shall issue.

Entered: Sep 6 2016

_____/s/ Kevin R. Huennekens_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Sep 6 2016

Exhibit E

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF HANOVER

**DAVID GLENN FOSE,**                                                    **Plaintiff,**

v.                                      **Case No.:  CL19-1661**

**BRANDI MICHELLE EVANS FOSE,**                                **Defendant.**

### NOTICE TO TAKE DEPOSITION

PLEASE TAKE NOTICE that on the **16th day of December, 2019 at 2:00 p.m.**, at

the law offices of Stiles Ewing Powers PC, 3957 Westerre Parkway, Suite 400, Richmond,

VA  23233, I will proceed to take the deposition of, **Katie Bradshaw**, to be used for any

purpose permitted by the Rules of Court in the above-referenced matter.

If for any reason the taking of the deposition be not commenced, or if commenced,

cannot be concluded on that day, it will be continued to another day to be agreed upon

between the parties.

**DAVID GLENN FOSE**

By _____

Of Counsel

Michael S. Ewing (VSB #35887)
Stiles Ewing Powers PC
3957 Westerre Parkway - Suite 400
Richmond, VA  23233
(804) 545-9800
(804) 545-9805 (facsimile)
mewing@familylawrva.com

*Fose v. Fose*                    **PAGE 1 OF 2 PAGES**
*Notice to take Deposition*

## CERTIFICATE

I hereby certify that on December 9, 2019, I faxed and mailed a true and accurate copy of the foregoing Notice to take Deposition to:

Edward D. Barnes, Esquire
Barnes & Diehl, P.C.
7401 Beaufont Springs Drive, Suite 200
Richmond, Virginia 23225
(804) 796-1730

_____
Michael S. Ewing

**SUBPOENA FOR WITNESS (CIVIL) -**
**ATTORNEY ISSUED** VA. CODE §§ 8.01-407; 16.1-265; Supreme Court Rules 1:4, 4:5
Commonwealth of Virginia

Case No.   CL19-1661
12/16/19 @ 2:00 p.m.
HEARING DATE AND TIME

Hanover Circuit                                                                                Court
7530 County Complex Road, Hanover, VA 23069
ADDRESS OF COURT

David Glen Fose          v./In re:     **Brandi Michelle Evans-Fose**
**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**
You are commanded to summon
Katie Bradshaw
NAME

Circuit City Stores, Inc. Liquidating Trust, 200 Westgate Parkway, Suite 100
STREET ADDRESS

Richmond                          VA                          23233
CITY                              STATE                        ZIP

**TO the person summoned:** You are commanded to appear

☐ in the _____ Court
☒ at
Stiles Ewing Powers PC, 3957 Westerre Parkway, Suite 400, Richmond, VA 23233
ADDRESS (DEPOSITION USE IN CIRCUIT COURT ONLY)

on       December 16          2019   at   2:00   p.m. to testify in the above case.

This subpoena is issued by the attorney for and on behalf of

David Glen Fose
PARTY NAME

Michael S. Ewing                          #35887
NAME OF ATTORNEY                          VIRGINIA STATE BAR NUMBER

Stiles Ewing Powers PC                    (804) 545-9800
OFFICE ADDRESS                            TELEPHONE NUMBER OF ATTORNEY

3957 Westerre Pkwy, Ste. 400, Richmond, VA 23233    (804) 545-9805
OFFICE ADDRESS                            FACSIMILE NUMBER OF ATTORNEY

12/9/19
DATE ISSUED                               SIGNATURE OF ATTORNEY

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

FORM DC-497 (PAGE ONE OF TWO) 7/01 PDF

**TO the person summoned:**
If you are served with this subpoena less than 5 calendar days before your appearance is required, the court may, after considering all of the circumstances, refuse to enforce the subpoena for lack of adequate notice. If you are served less than 5 calendar days before your appearance is required and you are a judicial officer generally incompetent to testify pursuant to § 19.2-271, this subpoena has no legal force or effect.  If you are served with this subpoena less than 5 calendar days before your appearance is required, you may wish to contact the attorney who issued this subpoena and the clerk of the court.

⊠ **This SUBPOENA FOR WITNESS is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

| | |
|---|---|
| NAME: | |
| ADDRESS: | |
| | |

☐ PERSONAL SERVICE          Tel No. _____

Being unable to make personal service, a copy was delivered in the following manner:

☐    Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐    Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above.  (Other authorized recipient not found.)

☐ not found
                        _____, Sheriff

_____ by _____, Deputy Sheriff
   DATE

### CERTIFICATE OF COUNSEL
    I, Michael S. Ewing, counsel for **David Glen Fose**, hereby certify that a copy of the foregoing subpoena for witness was faxed and mailed to Edward D. Barnes, Barnes & Diehl, 7401 Beaufont Springs Drive, Richmond, VA 23225, on the ___9th___ day of December, 2019.

                    _____
                        SIGNATURE OF ATTORNEY

Exhibit F

**SUBPOENA FOR WITNESS (CIVIL) -**

**ATTORNEY ISSUED** VA. CODE §§ 8.01-407; 16.1-265; Supreme Court Rules 1:4, 4:5
Commonwealth of Virginia

Case No.  **CL19-1661**

**01/02/2020 @ 9:00 a.m.**

HEARING DATE AND TIME

**Hanover Circuit** _____ Court

**7530 County Complex Road, Hanover, VA 23069**

ADDRESS OF COURT

**David Glen Fose**          **v./In re:**          **Brandi Michelle Evans-Fose**

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**
You are commanded to summon

**Katie Bradshaw**

NAME

**Circuit City Stores, Inc. Liquidating Trust, 200 Westgate Parkway, Suite 100**

STREET ADDRESS

**Richmond**                    **VA**                    **23233**

CITY                                      STATE                                    ZIP

**TO the person summoned:** You are commanded to appear

☒ in the _____ **Hanover Circuit** _____ Court
☐ at _____

ADDRESS (DEPOSITION USE IN CIRCUIT COURT ONLY)

on **January 2** _____ **2020** at **9:00** **a.m. to testify in the above case.**

This subpoena is issued by the attorney for and on behalf of

**David Glen Fose**

PARTY NAME

Michael S. Ewing                    #35887
NAME OF ATTORNEY                    VIRGINIA STATE BAR NUMBER

Stiles Ewing Powers, PC            (804) 545-9800
OFFICE ADDRESS                     TELEPHONE NUMBER OF ATTORNEY

3957 Westerre Pkwy, Ste. 400, Richmond, VA 23233            (804) 545-9805
OFFICE ADDRESS                                          FACSIMILE NUMBER OF ATTORNEY

12/5/19
DATE ISSUED                                          SIGNATURE OF ATTORNEY

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

**TO the person summoned:**
If you are served with this subpoena less than 5 calendar days before your appearance is required, the court may, after considering all of the circumstances, refuse to enforce the subpoena for lack of adequate notice. If you are served less than 5 calendar days before your appearance is required and you are a judicial officer generally incompetent to testify pursuant to § 19.2-271, this subpoena has no legal force or effect.  If you are served with this subpoena less than 5 calendar days before your appearance is required, you may wish to contact the attorney who issued this subpoena and the clerk of the court.

⊠ **This SUBPOENA FOR WITNESS is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

| NAME: |
| ADDRESS: |

☐ PERSONAL SERVICE          Tel No. _____

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above.  (Other authorized recipient not found.)

☐ not found

_____, Sheriff

_____DATE_____ by _____, Deputy Sheriff

### CERTIFICATE OF COUNSEL

I, Michael S. Ewing, counsel for **David Glen Fose**, hereby certify that a copy of the foregoing subpoena for witness was mailed to Edward D. Barnes, Barnes & Diehl, 7401 Beaufont Springs Drive, Richmond, VA 23225, on the _5ᵗᵃ_ day of  December, 2019.

_____
SIGNATURE OF ATTORNEY

Exhibit G

**SUBPOENA FOR WITNESS (CIVIL) -**

Case No. **CL19-1661**

**ATTORNEY ISSUED** VA. CODE §§ 8.01-407; 16.1-265; Supreme Court Rules 1:4, 4:5

**01/02/2020 @ 9:00 a.m.**

Commonwealth of Virginia

HEARING DATE AND TIME

---

**Hanover Circuit** _____ Court

**7530 County Complex Road, Hanover, VA  23069**

ADDRESS OF COURT

---

**David Glen Fose**       v./In re:       **Brandi Michelle Evans-Fose**

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon

**Jeff McDonald**

NAME

**Circuit City Stores, Inc. Liquidating Trust, 200 Westgate Parkway, Suite 100**

STREET ADDRESS

| **Richmond** | **VA** | **23233** |
|---|---|---|
| CITY | STATE | ZIP |

**TO the person summoned:** You are commanded to appear

☒ in the                **Hanover Circuit**                Court

☐ at

ADDRESS (DEPOSITION USE IN CIRCUIT COURT ONLY)

on  **January 2**          **2020**   at   **9:00**    a.m. to testify in the above case.

This subpoena is issued by the attorney for and on behalf of

**David Glen Fose**

PARTY NAME

| Michael S. Ewing | #35887 |
|---|---|
| NAME OF ATTORNEY | VIRGINIA STATE BAR NUMBER |
| Stiles Ewing Powers, PC | (804) 545-9800 |
| OFFICE ADDRESS | TELEPHONE NUMBER OF ATTORNEY |
| 3957 Westerre Pkwy, Ste. 400, Richmond, VA  23233 | (804) 545-9805 |
| OFFICE ADDRESS | FACSIMILE NUMBER OF ATTORNEY |
| 12/5/19 | |
| DATE ISSUED | SIGNATURE OF ATTORNEY |

**Notice to Recipient:** See page two for further information.

---

**RETURN OF SERVICE** (see page two of this form)

FORM DC-497 (PAGE ONE OF TWO) 7/01 PDF

**TO the person summoned:**
If you are served with this subpoena less than 5 calendar days before your appearance is required, the court may, after considering all of the circumstances, refuse to enforce the subpoena for lack of adequate notice. If you are served less than 5 calendar days before your appearance is required and you are a judicial officer generally incompetent to testify pursuant to § 19.2-271, this subpoena has no legal force or effect.  If you are served with this subpoena less than 5 calendar days before your appearance is required, you may wish to contact the attorney who issued this subpoena and the clerk of the court.

☒ This SUBPOENA FOR WITNESS is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

| NAME: |
|---|
| ADDRESS: |
|  |
| ☐ PERSONAL SERVICE            Tel No. _____ |
| Being unable to make personal service, a copy was delivered in the following manner: |
| ☐    Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above: |
| ☐    Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above.   (Other authorized recipient not found.) |
| ☐ not found                 _____, Sheriff |
| _____ by _____, Deputy Sheriff |
|   DATE |

### CERTIFICATE OF COUNSEL

I, Michael S. Ewing, counsel for **David Glen Fose**, hereby certify that a copy of the foregoing subpoena for witness was mailed to Edward D. Barnes, Barnes & Diehl, 7401 Beaufont Springs Drive, Richmond, VA 23225, on the __5ᵗᵗ__ day of December, 2019.

_____
SIGNATURE OF ATTORNEY

FORM DC-497 (PAGE TWO OF TWO) 7/07 PDF