Lynn L. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

Richard. M. Pachulski, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | Case No. 08-35653-KRH |
| Circuit City Stores, Inc., et al., [1] | Chapter 11 |
| Debtors | (Jointly Administered) |

## LIQUIDATING TRUST'S FINAL REPORT AND MOTION FOR (A) AUTHORITY TO DESTROY REMAINING BOOKS AND RECORDS, (B) DISCHARGE OF CLAIMS AND NOTICING AGENTS, (C) ENTRY OF FINAL DECREE, AND (D) THE DISCHARGE OF TRUSTEE

Alfred H. Siegel, not individually but solely in his capacity as Trustee (the "**Trustee**"

and/or "**Liquidating Trustee**") of the Circuit City Stores, Inc. Liquidating Trust (the "**Trust**"

and/or "**Liquidating Trust**") created under the Modified Second Amended Joint Plan of

Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession (the

"**Debtors**" or "**Circuit City**"), and its Official Committee of Unsecured Creditors Holding

General Unsecured Claims [Docket No. 8555, Exhibit A] (the "**Plan**"), hereby submits this

Liquidating Trust's Final Report and Motion for (A) Authority to Destroy Remaining Books and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Records, (B) Discharge of Claims and Noticing Agents, (C) Entry of Final Decree, and (D) the

Discharge of Trustee (the "**Motion for Final Decree**").  Contemporaneously, the Trustee is also

submitting, as Appendix A, a Final Account which should be considered in evaluating the

Motion for Final Decree.  In support of his Motion for Final Decree, the Trustee represents:

### Facts

1.      On November 10, 2008 (the "**Petition Date**"), the above-captioned debtors filed

voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, commencing the

above-captioned bankruptcy cases (the "**Chapter 11 Cases**" and/or "**Cases**"). The Debtors'

wholly owned subsidiary, InterTAN Canada, Ltd. (which operated as The Source by Circuit

City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies'*

*Creditors Arrangement Act* in Canada.

2.      On November 12, 2008, pursuant to sections 1102(a) and 1102(b)(1) of the

Bankruptcy Code, the Office of the United States Trustee for the Eastern District of Virginia

appointed an official committee of unsecured creditors (the "**Creditors Committee**").

5.      The Debtors and Creditors Committee, as co-plan proponents, filed the Plan and

the *Supplemental Disclosure Statement* [ECF No. 8253] supporting the Plan. Following a hearing

on September 14, 2010, the Court entered the Confirmation Order approving and confirming the

Plan. The Effective Date under the Plan for the Debtors other than Ventoux International, Inc.

and InterTan Canada occurred on November 1, 2010 (the "**Effective Date**").[2]

6.      Pursuant to Article V.F of the Plan and paragraphs 11-16 of the Confirmation

Order, the Trust was established to effectuate the Plan by, among other things, collecting,

administering, distributing, and liquidating the assets of the Debtors' estates that were transferred

---

[2] The Effective Date for Debtor Ventoux International, Inc. was October 22, 2015, and for InterTAN Canada was
October 26, 2015.

2

to the Liquidating Trust on the Effective Date. Under the Plan, Alfred H. Siegel was appointed as Trustee of the Trust. *See* Plan § 1.112; *Memorandum of Law in Support of Confirmation of the Plan* [Docket No. 8462] at 22 and 44-45. The Trustee has continued to administer the Trust with the advice and consent of the Oversight Committee as provided for in the Liquidating Trust Agreement.

7.    The terms of the Liquidating Trust are governed by the Liquidating Trust Agreement [ECF No. 8555, Exhibit B].  The duration of the Liquidating Trust has been extended by the Court from time to time to provide for the Trustee to continue the operations and administration such that the beneficiaries could receive greater distributions from the Trust res. In the latter part of 2019, the Liquidating Trust made its final distribution to certain classes of creditors created under the Plan, resulting in a distribution of fifty-five percent (55%) to allowed claims of general unsecured creditors.[3]  The current term of the Trust expires on June 30, 2021.

8.    While the Trustee had envisioned that one additional distribution might be practicable in 2021, it has become apparent that the costs of ongoing administration measured against the incremental percentage of distribution of less than .006% to claimants do not justify additional distribution.  The Liquidating Trust has established and continues to hold a reserve to fund the administrative tasks necessary to effectuate the relief sought herein as well as to fund the filing of all necessary final reports, payment of outstanding fees, resolution of ongoing proceedings and tax filing requirements.

9.    There are currently no motions, contested matters, or fee applications pending in these Cases. The only open items are the adversary proceeding against the United States Trustee Program at APN 19-03091 and the related appeal and cross-appeal of *Fitzgerald v. Siegel*, Case

---

[3] The Liquidating Trustee is extremely proud of such recoveries and distributions given that the predictions at confirmation were for only a 16% distribution.

No. 19-2240 and *Siegel v. Fitzgerald*, Case No. 19-2255, pending in the Fourth Circuit of

Appeals (collectively, the "**UST Matters**").

10.    Notwithstanding the pending UST Matters, the Trustee submits that these Cases

are ripe for closure.  After an estate is fully administered and the court has discharged the trustee,

a court, on motion of a party in interest, may grant a final decree closing a chapter 11 case.  *See*

11 U.S.C. § 350(a); Fed. R. Bankr. P. 3022.

11.    The term "fully administered" is not defined by the Bankruptcy Code or in the

Bankruptcy Rules.  However, this Court requires that in order for a final decree to be entered, it

must be demonstrated that a chapter 11 case has been substantially consummated.  *See* Eastern

District of Virginia Bankruptcy Court Official Form: "*Chapter 11 Closing Procedure for*

*Chapter 11 Cases in Which Substantial Consummation Has Been Completed.*"  As noted above,

"substantial consummation" means –

>    (A)    Transfer of all or substantially all of the property proposed by the plan to
>    be transferred;
>
>    (B)    Assumption by the debtor or by the successor to the debtor under the plan
>    of the business or of the management of all or substantially all of the
>    property dealt with by the plan; and
>
>    (C)    Commencement of distribution under the plan.

*See* 11 U.S.C. § 1101(2).

12.    Here, the Plan has been substantially consummated as such term is defined under

11 U.S.C. § 1101(2).  Pursuant to the Plan, the Debtors transferred all of their Assets to the

Liquidating Trust, which administered the Assets and pursued, both formally and informally, a

myriad of causes of action in this Court and other State and Federal Courts across the country,

resulting in significant recoveries.  The Trust has made substantial distributions pursuant to the

terms of the Plan as described below:

A.    Administrative Claims

      Pursuant to Article III.A.1 of the Plan,

> Except as otherwise provided for in the Plan, on, or as soon as reasonably
> practicable after the Distribution Date immediately following the date an
> Administrative Claim becomes an Allowed Claim, a Holder of an Allowed
> Administrative Claim shall receive, in full and final satisfaction,
> settlement and release of an in exchange for such Allowed Administrative
> Claim, (i) Cash equal to the unpaid portion of such Allowed
> Administrative Claim to be paid out of the Administrative Claims Reserve
> or (ii) such treatment as to which such Holder and the Debtors and/or the
> Liquidating Trustee shall have agreed upon in writing; provided, however,
> that Allowed Administrative Claims with respect to liabilities incurred by
> a Debtor in the ordinary course of business during the Chapter 11 Cases
> may be paid in the ordinary course of business in accordance with the
> terms and conditions of any agreements relating thereto (i) prior to the
> Effective Date, by the Debtors and (ii) Subsequent to the Effective Date,
> by the Liquidating Trustee.

      The Debtors and/or the Liquidating Trust have paid all such claims according to the terms

of the Plan as delineated on Exhibit A-1 attached hereto.  Furthermore, in the interest of full

transparency, all professional fees and other administrative expenses paid and/or pre-paid

through the final administration of the Liquidating Trust, as well as an estimate of remaining

administrative tasks, are identified on Exhibit B attached hereto.

B.    United States Trustee Fees

      Pursuant to Article XII. D. of the Plan, the Debtors were required to pay all fees due and

payable pursuant to 28 U.S.C. § 1930 on or before the Effective Date.  Thereafter, the

Liquidating Trust became responsible for the payment of these fees, and all fees paid by the

Liquidating Trust are delineated on Exhibit B attached hereto.

DOCS_LA:337602.1 12304/003

C.      Priority Tax Claims

Pursuant to Article III.A.2 of the Plan,

> Except as otherwise provided for in the Plan, on, or as soon as
> reasonably practicable after, the Distribution Date immediately
> following the date a Priority Tax Claim becomes an Allowed
> Priority Tax Claim, but in no event later than the date that is five
> (5) years after the Petition Date, a Holder of an Allowed Priority
> Tax Claim shall receive, in full and final satisfaction, settlement
> and release of and in exchange for such Allowed Priority Tax
> Claim, (i) Cash in an amount equal to the aggregate principal
> amount of the unpaid portion of such Allowed Priority Tax Claim,
> plus interest on the unpaid portion of such Allowed Priority Tax
> Claim from the Effective Date through the date of payment at the
> rate of interest determined under applicable nonbankruptcy law as
> of the calendar month in which Confirmation occurs, to be paid out
> of the Priority Tax Claims Reserve or (ii) such other treatment as
> to which such Holder and the Debtors and/or the Liquidating
> Trustee shall have agreed upon in writing; provided, however, that
> the Liquidating Trustee shall have the right to pay any Allowed
> Priority Tax Claim, or any remaining balance of any Allowed
> Priority Tax Claim, in full at any time on or after the Effective
> Date without premium or penalty.

The Debtors and/or the Liquidating Trust have paid all such claims according to the terms

of the Plan as provided on Exhibit A-1 attached hereto.

D.      Class 1A to 1C – Miscellaneous Secured Claims

Pursuant to Article III.B.1 of the Plan,

> Except as otherwise provided in the Plan, on, or as soon as
> reasonably practicable after, the Distribution Date immediately
> following the date a Miscellaneous Secured Claim becomes and
> Allowed Miscellaneous Secured Claim, a Holder of an Allowed
> Miscellaneous Secured Claim shall receive in full and final
> satisfaction, settlement and release of and in exchange for, such
> Allowed Miscellaneous Secured Claim, (i) Cash equal to the
> unpaid portion to be paid out of the Miscellaneous Secured
> Claims Reserve, (ii) a return of the Holder's Collateral securing
> the Claim or (iii) such other treatment as to which such Holder
> and the Debtors and/or the Liquidating Trustee shall have agreed
> upon in writing. Any Holder of a Miscellaneous Secured Claim
> shall retain its Lien in the Collateral or the proceeds of the

DOCS_LA:337602.1 12304/003

Collateral to the same extent and with the same priority as such Lien held as of the Petition Date until such time as (a) the Holder of such Claim (i) has been paid Cash equal to the value of its Claim, (ii) has received a return of the Collateral securing the Claim or (iii) has been afforded such other treatment as to which such Holder and the Debtors and/or Liquidating Trustee shall have agreed upon in writing; or (b) such purported Lien has been determined by an order of the Bankruptcy Court to be invalid or otherwise avoidable.

The Debtors and/or the Liquidating Trust have paid all such claims according to the terms of the Plan as provided on Exhibit A-1 attached hereto.

E.    Class 2A to 2C – Non-Tax Priority Claims

Pursuant to Article III.B.2 of the Plan,

Except as otherwise provided in the Plan, on, or as soon as reasonably practicable after, the Distribution Date immediately following the date a Non-Tax Priority Claim becomes and Allowed Non-Tax Priority Claim, a Holder of an Allowed Non-Tax Priority Claim shall receive, in full and final satisfaction, settlement and release of and in exchange for such Allowed Non-Tax Priority Claim, (i) Cash equal to the unpaid portion of such Allowed Non-Tax Priority Claim to be paid out of the Non-Tax Priority Claims Reserve or (ii) such other treatment as to which such Holder and the Debtors and/or Liquidating Trustee shall have agreed upon in writing.

The Debtors and/or the Liquidating Trust have paid all such claims according to the terms of the Plan as provided on Exhibit A-1 attached hereto.

F.    Class 3A – Consolidated Debtors Convenience Claims

Pursuant to Article III.B.3 of the Plan,

Except as otherwise provided in the Plan, on, or as soon as reasonably practicable after, the Initial Distribution Date, (i) each Holder of an Allowed Convenience Claim in the amount of $1,000 shall receive from the Liquidating Trustee, in full and final satisfaction, settlement and release of and in exchange for such Convenience Claim, Cash in the amount of $100 and (ii) each Holder of an Allowed Convenience Claim in the amount of $500 shall receive from the Liquidating Trustee, in full and final satisfaction, settlement and release of and in exchange for such

7

Convenience Claim, Cash in the amount of $50.

The Debtors and/or the Liquidating Trust have paid all such claims according to the terms of the Plan as provided on <u>Exhibit A-1</u> attached hereto.

G.    <u>Class 4A through 4C – General Unsecured Claims</u>

Pursuant to Article III.B.4(a)-(c) of the Plan,

(a)    On, or as soon as reasonably practicable, after the Distribution Date immediately following the date a General Unsecured Claim against the Consolidated Debtors becomes an Allowed General Unsecured Claim against the Consolidated Debtors, each Holder of an Allowed General Unsecured Claim against the Consolidated Debtors shall receive from the Liquidating Trustee, in full and final satisfaction, settlement and release of and in exchange for such Allowed General Unsecured Claim, its Pro Rata share of the Initial Class 4A Distribution amount, if any, and on each Periodic Distribution Date, each Holder of an Allowed General Unsecured Claim shall receive its Pro Rata share of the Periodic Class 4A Distribution Amount, if any.

(b)    On, or as soon as reasonably practicable after, the later of (a) the Distribution Date immediately following the date a Ventoux General Unsecured Claim becomes an Allowed General Unsecured Claim or (b) the date on which there is a distribution, through dividend, return of capital, or otherwise, to Ventoux on account of Tourmalet Common Stock, each Holder of an Allowed Ventoux General Unsecured Claim shall receive, in full and final satisfaction, settlement and release of and in exchange for such Allowed Ventoux General Unsecured Claim, such Holder's Pro Rata share in Cash of any distribution(s), through dividend, return of capital, or otherwise, to Ventoux on account of the Tourmalet Common Stock.

(c)    Provided that the Canadian Court and/or the Canadian Monitor in the CCAA Proceedings has approved a distribution on account of an InterTAN General Unsecured Claim, on, or as soon as reasonably practicable after, the date on which (i) there is a distribution, through dividend, return of capital, or otherwise, to Tourmalet on account of Tourmalet's Interests in InterTAN Canada or (ii) in the case of an amalgamation, merger, or other consolidation of InterTAN Canada and Tourmalet, the date on which such amalgamation, merger, or other consolidation is completed, each Holder of an InterTAN General Unsecured Claim shall receive in full and final satisfaction, settlement and release of and in exchange for such InterTAN General Unsecured Claim, such Holder's Pro Rata share (x) in Cash of any distribution(s), through dividend, return of capital, or otherwise, to Tourmalet on account of Tourmalet's Interests in InterTAN Canada or (ii) of Cash held

8

by the successor by amalgamation, merger, or other consolidation of InterTAN Canada and Tourmalet.

The Liquidating Trustee has paid all such claims according to the terms of the Plan as provided on <u>Exhibit A-1</u> attached hereto, which payments equate to a 55% distribution.

H.    <u>Class 5A – Consolidated Debtor Intercompany Claims</u>

      Pursuant to Article III.B.5(a) of the Plan,

      In connection with, to the extent of and as a result of, the substantive consolidation of the Estates and Chapter 11 Cases of the Consolidated Debtors, on the Confirmation Date or such other date as may be set by an order of the Bankruptcy Court, but subject to the occurrence of the Effective Date, all Consolidated Debtor Intercompany Claims shall be deemed eliminated, cancelled and/or extinguished and the Holders of Class 5A Claims shall not be entitled to, and shall not receive or retain any property or interest in property on account of such Claims.

I.    <u>Class 6A – Consolidated Debtor 510(c) Claims</u>

      Pursuant to Article III.B.6(a) of the Plan,

      On the Effective Date, all Subordinated 510(c) Claims against the Consolidated Debtors shall be deemed eliminated, cancelled and/or extinguished and each Holder thereof shall not be entitled to, and shall not receive or retain any property under the Plan on account of such Subordinated 510(c) Claims.

J.    <u>Class 7A – Consolidated Debtor 510(b) Claims</u>

      Pursuant to Article III.B.3 of the Plan,

      On the Effective Date, all Subordinated 510(b) Claims against the Consolidated Debtors shall be deemed eliminated, cancelled and/or extinguished and each Holder thereof shall not be entitled to, and shall not receive or retain any property under this Plan on account of such Subordinated 510(b) Claims.

K.    <u>Class 8A through 8C– Interests</u>

Pursuant to Article III.B.8(a)-(c) of the Plan,

a.    On the Effective Date, all Interests in the Consolidated Debtors shall be cancelled, and each Holder thereof shall not be entitled to, and shall not receive or retain any property or interest in property on account of, such Interests.

b.      Provided that the Face Amount of all Administrative Claims, Priority Tax Claims, Non-Tax Priority Claims, Miscellaneous Secured Claims and General Unsecured Claims against Ventoux have been paid in full or, to the extent not paid in full, funds sufficient to satisfy the Face Amount of all such Claims have been placed in a segregated Reserve(s), the Holder of Ventoux Interests shall receive, in full and final satisfaction, settlement and release of and in exchange for such Ventoux Interests, such Holder's Pro Rata share of any distribution(s), through dividend, return of capital, or otherwise, on account of such Ventoux Interests. In the event that Face Amount of all Administrative Claims, Priority Tax Claims, Non-Tax Priority Claims, Miscellaneous Secured Claims and General Unsecured Claims against Ventoux are not paid in full or, to the extent not paid in full, funds sufficient to satisfy the Face Amount of all such Claims have not been placed in a segregated Reserve(s), all Ventoux Interests shall be cancelled and Ventoux shall be dissolved under applicable State law. Class 8B is Unimpaired and is conclusively presumed to have accepted this Plan.

c.      On the Effective Date, all InterTAN Preferred Stock shall continue to be held by Tourmalet and shall be Unimpaired by this Plan. On the Effective Date, in full and final satisfaction, settlement and release of and in exchange for the InterTAN Common Stock, Ventoux shall receive the Tourmalet Common Stock. Class 8C is Unimpaired and is conclusively presumed to have accepted this Plan

13.      No additional classes of Claims were designated to receive distributions under the Plan. As previously referenced and in the interests of providing this Court with a more wholesome snapshot of the transactions in this Case, additional distributions from the Trust for operational and other administrative expenses as further delineated on its Quarterly Operating Reports are also included on Exhibit B.

14.      The Trustee submits that the estate and the Liquidating Trust have been fully administered pursuant to the terms of the Plan and the Liquidating Trust Agreement as outlined herein.  To address certain known post-closing tasks as well as provide for contingencies, Exhibit B also delineates certain pre-payments the Trustee has made to ensure that the Trust has appropriately provided for and can fulfill its responsibilities to handle prospective items arising after the entry of the Final Decree.  The Declaration of the Trustee filed contemporaneously herewith further describes and supports the rationale for such prepayments and contingency

DOCS_LA:337602.1 12304/003

preparedness. To the extent that funds remain in the Trust res after all post-closing items have

concluded, the Trustee intends to remit remaining funds, if any, in its accounts to any one or

more of the following 501(c)(3) charitable organizations identified in <u>Exhibit B </u>hereto

(collectively, the "**Charities**" and each a "**Charity**").

### <u>Motion for Authority to Destroy Remaining Books and Records and to Terminate All Remaining Claims Duties</u>

15.    Pursuant to Article V.B.2 of the Plan, "as soon as practicable after the transfer of

Assets to the Liquidating Trust, the Liquidating Trustee shall: (i) provide for the retention and

storage of the books and records, and files that shall have been delivered to the Liquidating Trust

until such time as all such books, records and files are no longer required to be retained under

applicable law, and file a certificate informing the Bankruptcy Court of the location at which

such books, records, and files are being stored, and (ii) file the necessary paperwork to effectuate

the dissolution of the Debtors in accordance with applicable law."

16.    Circuit City and affiliated Debtors have ceased to exist as corporate entities by

operation of governing corporate laws.

17.    Moreover, the Liquidating Trust has retained certain books and records (the

"**Remaining Records**") to allow for the final administration of the Trust, including any federal

or state tax examinations to which the Trust may become subject.  The Trust's retention of the

books and records for tax examination purposes will consider existing statutes of limitations and

may include extensions of those statutes if  or as may be required by a taxing authority pursuant

to an initiated examination. The Remaining Records are currently located at (1) 200 Westgate

Parkway, Suite 100, Richmond, Virginia 23233; and (2) 9818 De Soto, Chatsworth, CA 91311.

The Remaining Records may be moved in the future to a location designated by the Trustee.

18.    As the bankruptcy estates and the Trust have been fully administered and

DOCS_LA:337602.1 12304/003

distributions have been made as required by the Plan, the Remaining Records are no longer

necessary and are, therefore, burdensome to the Trust.  The destruction and disposal of the

Remaining Records is an important step in the closure of these Cases.  The Trustee, in his sound

business judgment, has determined that it is in the best interest of the Trust and its beneficiaries

to destroy and dispose of the Remaining Records upon the conclusion of his administration,

reporting and taxing requirements.

19.    Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing,

the trustee may abandon any property of the estate that is burdensome to the estate or that is of

inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); *See* Fed. R. Bankr. P.

6007(a) (authorizing abandonment on advance notice).  Additionally, pursuant to section 105(a)

of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary

or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

Accordingly, the Trustee seeks authority to destroy and dispose of the Remaining Records.

20.    The Trustee also seeks authority for the Trust to be relieved of its duties as claims

agent (the "**Claims Agent**") and for Process General to be relieved of its duties as noticing agent

(the "**Noticing Agent**"), all of which were proscribed by this Court's Order at ECF 13363.

Specifically, the Trust and/or Process General will endeavor to work with the Clerk of the

Bankruptcy Court such that the relevant original claims if still in existence in paper form are

transmitted as appropriate to the National Archives together with the appropriate SF 135 forms.

In addition, as appropriate, an electronic copy of the claims will be transmitted to the Clerk of

Court in care of David Rabenda, Divisional Manager via- a PDF copy of the Proof of Claims on

Thumb drive (AKA USB Flash drive) together with a searchable listing of claims sorted by

claim number; - a searchable listing of claims sorted by creditor name; and a copy of the creditor

matrix.

### **Motion For Final Decree**

21.    As of the date of this Motion for Final Decree, all of the Debtors' assets had previously been transferred to the Trust (as of the Effective Date).  Furthermore, the Debtors and/or the Liquidating Trustee have timely made payments contemplated by the Plan.

22.    Accordingly, as described in detail above, there has been substantial consummation of the Plan.  Except as provided herein with respect to the UST Matters, all pending motions, contested matters, fee applications and adversary proceedings have been resolved.

23.    In addition, pursuant to Article V.F.4 of the Plan, "As soon as practicable after all assets of the Liquidating Trust have been distributed, the Liquidating Trustee shall seek entry of a Final Order closing these Chapter 11 Cases pursuant to Bankruptcy Code section 350."

24.    All assets of the Liquidating Trust have been distributed as practicable according to the terms of the Plan.  Certain funds have been prepaid or reserved to fund the administrative tasks necessary to effectuate the final relief sought herein, and any funds remaining thereafter will be distributed as allowed by the Plan, the Liquidating Trust Agreement and/or Court Order. Specifically, final amounts remaining upon conclusion of all administration will be donated to one or more valid Charities qualified under Internal Revenue Code section 501(c)(3).

### **Motion to Relieve, Discharge and Release**

25.    Pursuant to Section 9.2 of the Liquidating Trust Agreement,

upon (i) the Bankruptcy Court's entry of a Final Order closing the Chapter 11 Cases pursuant to Bankruptcy Code section 350(a) and (b) and (ii) the payment of all costs, expenses, and obligations incurred in connection with administering the Trust, and the distribution of all remaining Trust Assets in accordance with the provisions of the Plan, the Confirmation Order and this Agreement, the Trust shall terminate and the Trustee shall have no further responsibility in connection therewith except as may be required to

13

effectuate such termination under relevant law.

26.    Accordingly, pursuant to Section 9.2 of the Liquidating Trust Agreement, the Trustee hereby requests that (a) the Liquidating Trust, the Trustee, their agents, professionals and employees, and the oversight committee and members, be relieved of any further duties other than those articulated herein regarding destruction of books and records, returning claims to the Clerk of the Bankruptcy Court and endeavoring to work with the Clerk to assist in the transmittal of relevant original claims if still in existence in paper form to the National Archives together with the appropriate SF 135 forms, and final reports/returns, and (b) the Liquidating Trust, the Trustee, their agents, professionals and employees, and the oversight committee and members be discharged and released from all liability related to the Trust (collectively, the "**Trust Discharge and Release**")

WHEREFORE the Liquidating Trust respectfully requests the Court to (a) authorize the destruction of the Remaining Books and Records, (b) terminate the services as Claims and Noticing Agent; (c) approve the Final Report, (d) grant the Motion for Final Decree and (e) grant the Trust Discharge and Release by entering in these Cases a Final Decree in the form attached herewith as Appendix B.

Respectfully submitted,

Alfred H. Siegel, Trustee of the Circuit City Stores, Inc., Liquidating Trust

Dated: May 11, 2021              By: */s/ Lynn L. Tavenner*
    Richmond, Virginia              Lynn L. Tavenner, Esquire (VSB No. 30083)
                                         Paula S. Beran, Esquire (VSB No. 34679)
                                         Tavenner & Beran, PLC
                                         20 North 8th Street
                                         Richmond, Virginia 23219
                                         Telephone: (804) 783-8300
                                         Telecopier: (804) 783-0178

Richard. M. Pachulski, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City*
*Stores, Inc. Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on or before the 12th day of May, 2021, a true and correct copy of the Liquidating Trust's Final Report and Motion for (A) Authority to Destroy Remaining Books and Records, (B) Discharge of Claims and Noticing Agents, (C) Entry of Final Decree, and (D) the Discharge of Trustee will be served via electronic delivery and/or first class mail, postage prepaid, to the parties receiving ECF notification in these Cases, to the Office of the United States Trustee, and to the Core and 2002 List maintained in this Cases.

*/s/ Lynn L. Tavenner*
*Counsel*

DOCS_LA:337602.1 12304/003

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | Case No. 08-35653-KRH |
|     Circuit City Stores, Inc., et al., [4] | Chapter 11 |
|     Debtors | (Jointly Administered) |

### Final Account

Circuit City Stores, Inc., et al., (the "**Debtors**" and/or "**Circuit City**") filed a voluntary

petition under Title 11, Chapter 11 in the United States Bankruptcy Court for the Eastern District

of Virginia on November 10, 2008.  Pursuant to the requirements of 11 U.S.C. § 1106(a)(7), the

Local Rules of this Court and the Debtors' Modified Second Amended Joint Plan of Liquidation

under Chapter 11 of the Bankruptcy Code proposed by the Debtors and the Official Committee

of Unsecured Creditors dated August 9, 2010 (the "**Plan**"), the Liquidating Trust and the Trustee

now file this Final Account.[5]

    1.      Administrative Claims:

          *See* Exhibit A-1 attached hereto.

    2.      United States Trustee Fees paid or to be paid under the Plan:

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[5] Simultaneously herewith, the Liquidating Trustee has filed Liquidating Trust's Final Report and Motion for (A) Authority to Destroy Remaining Books and Records, (B) Discharge of Claims and Noticing Agents, (C) Entry of Final Decree, and (D) the Discharge of Trustee (the "**Motion for Entry of Final Relief**").  Terms not otherwise defined herein shall have the meaning prescribed in the Motion for Entry of Final Relief.

*See* <u>Exhibit B</u> attached hereto.

3.　　Priority Tax Claims:

The Liquidating Trust has paid 100% of all such allowed claims according to the Plan.

*See* <u>Exhibit A-1</u> attached hereto.

4.　　Miscellaneous Secured Claims

The Liquidating Trust has paid 100% of all such allowed claims according to the Plan.

*See* <u>Exhibit A-1</u> attached hereto.

5.　　Non-Tax Priority Claims

The Liquidating Trust has paid100% of all such allowed claims according to the Plan.

*See* <u>Exhibit A-1</u> attached hereto.

6.　　Convenience Claims:

The Liquidating Trust has paid 100% of all such allowed claims according to the Plan.

*See*  attached <u>Exhibit A-1</u>hereto.

7.　　General Unsecured Claims:

The Liquidating Trust has paid 55% of all such allowed claims according to the Plan.

*See*  attached <u>Exhibit A-1</u>hereto.

Wherefore, the Liquidating Trustee and the Trust submit this final account in discharge of obligations under U.S.C. § 1106 and § 1107 on this 11th day of May, 2021.

2

Respectfully submitted,

Circuit City Stores, Inc. Liquidating Trust

Dated: May 11, 2021                By: */s/ Lynn L. Tavenner*
      Richmond, Virginia        Lynn L. Tavenner, Esquire (VSB No. 30083)
                                        Paula S. Beran, Esquire (VSB No. 34679)
                                        Tavenner & Beran, PLC
                                        20 North 8th Street
                                        Richmond, Virginia 23219
                                        Telephone: (804) 783-8300
                                        Telecopier: (804) 783-0178

                                        Richard. M. Pachulski, Esq.
                                        Andrew W. Caine, Esq.
                                        (admitted *pro hac vice*)
                                        PACHULSKI STANG ZIEHL & JONES LLP
                                        10100 Santa Monica Boulevard, 13th Floor
                                        Los Angeles, California 90067-4100
                                        Telephone: (310) 277-6910
                                        Telecopy: (310) 201-0760

                                       *Counsel to Alfred H. Siegel, as Trustee of the Circuit City*
                                       *Stores, Inc. Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Case No. 08-35653-KRH |
| Circuit City Stores, Inc., et al., [6] | Chapter 11 |
| Debtors | (Jointly Administered) |

**FINAL DECREE**

Whereas Circuit City Stores, Inc., et al., (the "**Debtors**" and/or "**Circuit City**") filed

voluntary petitions under Title 11, Chapter 11 in the United States Bankruptcy Court for the

Eastern District of Virginia on November 10, 2008 (the "**Chapter 11 Cases**"); and

Whereas, the Debtors' Modified Second Amended Joint Plan of Liquidation of Circuit

City Stores, Inc.  and its Affiliated Debtors and Debtors in Possession  proposed by the Debtors

and the Official Committee of Unsecured Creditors dated August 9, 2010 (the "**Plan**") was

proposed to the creditors and was confirmed by Order of this Court on September 14, 2010; and

Whereas, Alfred H. Siegel, not individually but solely in his capacity as Trustee (the

"**Trustee**") of the Circuit City Stores, Inc. Liquidating Trust (the "**Trust**" and/or "**Liquidating

Trust**") created under the Plan hereby submits this Final Report and Liquidating Trust's Final

Report and Motion for (A) Authority to Destroy Remaining Books and Records, (B) Discharge

of Claims and Noticing Agents, (C) Entry of Final Decree, and (D) the Discharge of Trustee (the

"**Motion for Final Decree**"); the Liquidating Trust has reported to this Court that the Plan has

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

been substantially consummated as further described in the Liquidating Trust's Final Report and

Motion for Final Decree[7]; and

Whereas, based upon the same, the Remaining Books and Records are no longer needed

and may be destroyed on the appropriate timetable determined by the Trustee;

Whereas, based upon the same the Claims and noticing agents are no longer needed and

appropriate arrangements for the handling of the claims exists; and

Whereas, Rule 3022 of the Federal Rules of Bankruptcy Procedure provides for the entry

of a Final Decree; it is THEREFORE

ORDERED that pursuant to 11 U.S.C. § 554 and Bankruptcy Rule 6007, the Trust is

authorized to destroy and dispose of the Remaining Records; it is further

ORDERED that the Trust is authorized to terminate the services of Process General and

to cease the Liquidating Trust's claims services; it is further

ORDERED that the Final Report of the Liquidating Trustee is approved, the Motion for

Final Decree is granted, and the Chapter 11 Cases referenced above are closed; it is further

ORDERED that (a) the Liquidating Trust, the Trustee, their agents, professionals, and

employees, and the oversight committee and members, are hereby relieved of any further duties

other than those articulated in the Motion for Final Decree, and (b) the Liquidating Trust, the

Trustee, their agents, professionals and employees, and the oversight committee and members,

are hereby discharged and released from all liability related to the Liquidating Trust and/or these

Chapter 11 Cases; it is further

ORDERED, that as of the date of this Order, the retention of  Process General and the

Trust and its staff as the official claims and noticing agents (the "**Claims Agents**") in the above

Chapter 11 Cases shall be terminated.  Further, the Claims Agents are authorized to, and shall

---

[7] Terms not otherwise defined herein shall have the meaning prescribed in the Plan.

2

within thirty (30) days of entry of this Final Decree, transfer a copy of all available proofs of

claim in their possession regarding the above cases via- a PDF copy on Thumb drive (AKA USB

Flash drive) together with  an updated electronic claims register including a searchable listing of

claims sorted by claim number; - a searchable listing of claims sorted by creditor name; and a

copy of the creditor matrix and mailing list to the United States Bankruptcy Court for the Eastern

District of Virginia, 701 E. Broad Street, Suite 4000, Richmond, VA  23219 (care of David

Rabenda), and are further ordered to endeavor to coordinate and work with the Clerk of the

Bankruptcy Court such that the relevant original claims if still in existence in paper form are

transmitted as necessary to the National Archives together with the appropriate SF 135 forms;

and it is further

     ORDERED that the Clerk of Court is directed to forward a copy of this Final Decree to

the Liquidating Trust's counsel and the Office of the United States Trustee; and it is further

     ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation or interpretation of this Order.


ENTERED:                                    _____

                                            UNITED STATES BANKRUPTCY JUDGE


I ask for this:


_____
Lynn L. Tavenner, Esquire (VSB No. 30083)
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

DOCS_LA:337602.1 12304/003

Richard. M. Pachulski, Esq.
Andrew W. Caine, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

       *Counsel to Alfred H. Siegel, as Trustee*
       *of the Circuit City Stores, Inc. Liquidating Trust*


Seen and not objected to:

_____
Kathryn R. Montgomery (Va. Bar No. 42380)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330


## **CERTIFICATION**

     I hereby certify that, pursuant to Local Rule 9022-1, this Final Decree has been endorsed by or served upon all necessary parties.

 

                                          _____
                                              Counsel

4