# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| In re:<br><br>　　Circuit City Stores, Inc., et al.,[1]<br><br>　　Debtors | Case No. 08-35653-KRH<br><br>Chapter 11<br><br>(Jointly Administered) |

## DECLARATION OF ALFRED H. SIEGEL, TRUSTEE

I, Alfred H. Siegel, not individually, but solely in my capacity as Liquidating Trustee (the "**Trustee**" and/or "**Liquidating Trustee**") of the Circuit City Stores, Inc. Liquidating Trust (the "**Trust**" and/or "**Liquidating Trust**") created under the Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession (the "**Debtors**" or "**Circuit City**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

　　1.　　I am the duly appointed Liquidating Trustee of the Circuit City Stores, Inc. Liquidating Trust.

　　2.　　I submit this declaration in support of the (1) *Liquidating Trust's Final Report and Motion for (A) Authority to Destroy Remaining Books and Records, (B) Discharge of Claims and Noticing Agents, (C) Entry of Final Decree, and (D) The Discharge of Trustee* (the "**Motion for Final Decree**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

3. The statements in this declaration are, except where specifically noted, based on my personal knowledge or information that I have obtained in connection with my role as the Liquidating Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

4. On November 10, 2008 (the "**Petition Date**"), the above-captioned debtors filed voluntary petitions for relief under chapter 11of title 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases (the "**Chapter 11 Cases**" and/or "**Cases**"). The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act* in Canada.

5. On November 12, 2008, pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code, the Office of the United States Trustee for the Eastern District of Virginia appointed an official committee of unsecured creditors (the "**Creditors Committee**").

6. The Debtors and Creditors Committee, as co-plan proponents, filed the Plan and the *Supplemental Disclosure Statement* [ECF No. 8253] supporting the Plan. Following a hearing on September 14, 2010, the Court entered the Confirmation Order approving and confirming the Plan. The Effective Date under the Plan for the Debtors other than Ventoux International, Inc. and InterTan Canada occurred on November 1, 2010 (the "**Effective Date**").[2]

7. Pursuant to Article V.F of the Plan and paragraphs 11-16 of the Confirmation Order, the Trust was established to effectuate the Plan by, among other things, collecting, administering, distributing, and liquidating the assets of the Debtors' estates that were transferred to the Liquidating Trust on the Effective Date. Under the Plan, I was appointed as Trustee of the

---

[2] The Effective Date for Debtor Ventoux International, Inc. was October 22, 2015, and for InterTAN Canada was October 26, 2015.

Trust. *See* Plan § 1.112; *Memorandum of Law in Support of Confirmation of the Plan* [Docket No. 8462] at 22 and 44-45. At all times thereafter, I have continued to administer the Trust with the advice and consent of the Oversight Committee as provided for in the Liquidating Trust Agreement.

8.   The relief requested in the Motion for Final Decree is based upon a valid belief that the Plan has been substantially consummated and the estates have been fully administered. Pursuant to the Plan, the Debtors transferred all of their Assets to the Liquidating Trust, which administered the Assets and pursued, both formally and informally, a myriad of causes of action in this Court and other State and Federal Courts across the country, resulting in significant recoveries. As a result, the Trust has made substantial distributions to creditors as further described in the Motion for Final Decree.

9.   In the latter part of 2019, the Liquidating Trust made its final distribution to certain classes of creditors created under the Plan, resulting in a total distribution of fifty-five percent (55%) to allowed claims of general unsecured creditors. I am pleased with this distribution given the predicted sixteen percent (16%) recovery at the time of confirmation.

10.   The current term of the Trust expires on June 30, 2021. While I had envisioned that one additional distribution might be practicable in 2021, I have calculated that such distribution would incrementally increase the percentages to claimants by less than .006%. As a result, it has become apparent to me that the costs of ongoing administration to make another distribution and continue operations for the requisite period to await distribution checks to clear when measured against the incremental increased percentage of distribution do not justify an additional distribution.

11. Accordingly, in my business judgment, I have determined that it is appropriate to terminate the Trust and seek a final decree and closure of these Cases. To that end, I have prepared for and-paid certain matters as delineated in the Motion For Final Decree and also established, and the Liquidating Trust continues to hold, a reserve to fund the administrative tasks necessary to effectuate the relief sought herein as well as to fund the filing of all necessary final reports, payment of outstanding fees, resolution of ongoing proceedings and tax filing requirements.

12. I submit that pursuant to the terms of the Plan and the Liquidating Trust Agreement, the estates and Liquidating Trust have been fully administered and are ripe for closure.

13. Additionally, it is in the best interest of the Trust and its beneficiaries to destroy and dispose of the Remaining Records, as Circuit City and its affiliated Debtors have ceased to exist as corporate entities by operation of governing corporate laws. The Trust will retain certain books and records as may be required by federal, state and other laws as well as other data and information as necessary to prepare various forms and respond to creditor, court or other inquiries as required after entry of the final decree. Otherwise, however, since the bankruptcy estates and the Trust have been fully administered and distributions have been made as required by the Plan, the Remaining Records are no longer necessary and are burdensome to the Trust.

14. I also am seeking, pursuant to the details in the Motion for Final Decree, authority for the Trust to be relieved of its duties as claims agent (the "**Claims Agent**") and for Process General to be relieved of its duties as noticing agent (the "**Noticing Agent**"), all of which were proscribed by this Court's Order at ECF 13363 because in my business judgment no such services will be required upon case closure.

15. There are currently no motions, contested matters, or fee applications pending in these Cases other than the adversary proceeding against the United States Trustee Program at APN 19-03091, which is subject to the very recent ruling of the Fourth Circuit Court of Appeals in the related appeal and cross-appeal of *Fitzgerald v. Siegel*, Case No. 19-2240 and *Siegel v. Fitzgerald*, Case No. 19-2255 (collectively, the "**UST Matters**"). The Trust does not intend to further pursue the UST Matters, and intends to seek dismissal of the adversary proceeding, as a result of which, the UST Matters pose no impediment to the requested relief.

16. Except as provided in the Motion for Final Decree, all assets of the Liquidating Trust have been distributed as practicable according to the terms of the Plan. As further delineated in the Exhibit B to the Motion for Final Decree, certain funds have been prepaid or reserved to fund the administrative tasks necessary to effectuate the final relief sought in the Motion for Final Decree, and any funds remaining thereafter will be distributed as allowed by the Plan, the Liquidating Trust Agreement and/or Court Order. In my business judgment, these prepayments are necessary to provide for prompt closure of the Cases and termination of the Trust, while ensuring that these anticipated post-closure matters are fully and finally addressed. The prepayments and reserves are based upon the cost and type of services incurred during the course of the administration of the Trust. I have confirmed with all professionals receiving prepayments that they will perform all needed tasks post-closure even if the prepayment amount does not cover the hourly rate charge to complete such services. In addition, to the extent that any amounts remain in the Trust reserve upon conclusion of all post-closing administration, such amounts will be donated to one or more valid Charities qualified under Internal Revenue Code section 501(c)(3).

15. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**

Dated: May 10, 2021  
    Richmond, Virginia

By: */s/ Alfred H. Siegel*  
    Alfred H. Siegel, Chapter 11 Liquidating Trustee

Respectfully submitted,

**ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**

Dated: May 11, 2021  
    Richmond, Virginia

By: */s/ Lynn L. Tavenner*  
Lynn L. Tavenner, Esquire (VSB No. 30083)  
Paula S. Beran, Esquire (VSB No. 34679)  
Tavenner & Beran, PLC  
20 North 8th Street  
Richmond, Virginia 23219  
Telephone: (804) 783-8300  
Telecopier: (804) 783-0178

Richard. M. Pachulski, Esq.  
Andrew W. Caine, Esq.  
(admitted *pro hac vice*)  
PACHULSKI STANG ZIEHL & JONES LLP  
10100 Santa Monica Boulevard, 13th Floor  
Los Angeles, California 90067-4100  
Telephone: (310) 277-6910  
Telecopy: (310) 201-0760

    *Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

DOCS_LA:337797.2 12304/003

## **CERTIFICATE OF SERVICE**

      I certify that on or before the 12th day of May 2021, a true copy of the foregoing Declaration will be served via electronic delivery and/or first class mail, postage prepaid, to the parties receiving ECF notification in these Cases, to the Office of the United States Trustee, and to the Core and 2002 List maintained in this Case.

                                            */s/ Lynn L. Tavenner*
                                                      *Counsel*