| | |
|---|---|
| Richard. M. Pachulski, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy: (310) 201-0760 | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy: (804) 783-0178 |

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER
FURTHER EXTENDING TERM OF LIQUIDATING TRUST**

Alfred H. Siegel, as Trustee (the "Trustee") of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Unsecured Creditors Holding General Unsecured Claims* [Docket No. 8555, Exhibit A] (the "Plan"), hereby moves (the "Motion") the Court for the entry of an order further extending the term of the Trust through June 30, 2022.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology,LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

# I. PRELIMINARY STATEMENT

1. Having accomplished tremendous success beyond that anticipated by the parties when the Trust was created pursuant to the Plan, the Trustee previously submitted his Final Report and Motion for (A) Authority to Destroy Remaining Books and Records, (B) Discharge of Claims and Noticing Agents, (C) Entry of Final Decree, and (D) the Discharge of Trustee (the "Motion for Final Decree") [Docket No. 14294]; wherein the Liquidating Trust reported to this Court that the Plan had been substantially consummated as further described in the Motion for Final Decree. At the hearing on the Motion for Final Decree held on May 26, 2021 (the "Final Decree Hearing"), the Trustee reported that the only open items were the adversary proceeding against the United States Trustee Program at APN 19-03091 and the related appeal and cross-appeal of *Fitzgerald v. Siegel*, Case No. 19-2240 and *Siegel v. Fitzgerald*, Case No. 19-2255, addressing important constitutional questions and which were pending in the Fourth Circuit of Appeals, and as to which the Fourth Circuit had recently rendered a 2-1 decision reversing the Court's decision in favor of the Trust (collectively, the "UST Fee Matters"). Notwithstanding that the appeal period had not yet run on the recent Fourth Circuit ruling, the Trustee requested the Court to approve the Motion for Final Decree because, in his business judgment under the facts known at the time, further pursuit of the UST Fee Matters was not warranted given the expected costs to pursue and the potential upside benefit to the Trust beneficiaries. Thereafter, upon consideration of all matters addressed in the Motion for Final Decree, the Court indicated its approval of the Motion for Final Decree; however, the Final Decree has not yet been tendered to the Court, and these cases remains open.

2. On the day prior to the Final Decree Hearing, the Second Circuit Court of Appeals issued a decision that reached a different result on the UST Fee issues, agreeing with this Court's decision. Shortly after the hearing, the Trust counsel received inquiries from others across the country who are parties to matters similar to the UST Fee Matters to gauge the Trustee's interest to

2

pursue an appeal and submit a Petition for Certiorari to the United States Supreme Court regarding the issues raised in the UST Fee Matters. After thoughtful consideration and deliberation, the Trustee determined to pursue the appeal/petition, and in furtherance thereof, asked for and received an extension of the Trust term in July prior to filing the certiorari petition. While the petition for a writ of certiorari in the above-captioned case was filed on September 20, 2021 and the Trust's appellate team was hopeful that the Supreme Court would advise by year-end as to whether it would entertain the appeal, the government's response date was extended to December 8, 2021. In its timely response, the government urged the Supreme Court to entertain the appeal. The parties now await a response to the petition in early 2022.

3.     As a result, the Trustee seeks by this Motion to further extend the Trust to June 30, 2022, to allow for the appropriate time for consideration and further pursuit of the appeal of the UST Fee Matters. The Trustee also requests that this Court keep the cases open until such time as the UST Fee Matters have been finally resolved.

4.     Under the Plan, the Trust was established with a five-year term through October 31, 2015. In July 2015, the Court entered an order, on the Trustee's motion therefor, extending the term of the Trust through November 1, 2017. On August 24, 2017, the Court entered anorder, on the Trustee's motion therefor, extending the term of the Trust through November 1, 2018. On July 30, 2018, the Court entered an order, on the Trustee's motion therefor, extending the term of the Trust through December 31, 2019. On November 22, 2019, the Court entered an order, on the Trustee's motion therefor, extending the term of the Trust through June 30, 2020. Thereafter, at the request of the Trust, the Court entered an order on April 22, 2020, extending the term of the Trust through December 31, 2020. Again on December 8, 2020, the Court extended the term of the Trust through June 30, 2021, and thereafter on July 27, 2021 the Court entered an order further extending the Trust through December 30, 2021.

3

## II.

## JURISDICTION

5. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Article XI of the Plan, and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. The Trustee confirms his consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## RELIEF REQUESTED AND BASIS FOR RELIEF

7. By this Motion, the Trustee seeks the entry of an order further extending the term of the Trust through and including December 31, 2021.

8. The predicates for the relief sought herein are Articles 9.3, 10.8, and 11.6 of the Circuit City Stores, Inc. Liquidating Trust Agreement (the "<u>Liquidating Trust Agreement</u>"), section 1142 of the Bankruptcy Code, Article XI of the Plan, and this Court's *Findings of Fact, Conclusions of Law and Order Confirming Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* [Docket No. 8555] (the "<u>Confirmation Order</u>").

4

# IV.

# BACKGROUND

### A. General Case Milestones

9. On November 10, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors' wholly owned subsidiary, InterTAN Canada, Ltd. (which operated as The Source by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the *Companies' Creditors Arrangement Act* in Canada.

10. On November 12, 2008, pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code, the Office of the United States Trustee for the Eastern District of Virginia appointed an official committee of unsecured creditors (the "Creditors Committee").

11. The Debtors and Creditors Committee, as co-plan proponents, filed the Plan and the *Supplemental Disclosure Statement* [Docket No. 8253] supporting the Plan. Following a hearing on approval of the Plan, on September 14, 2010, the Court entered the Confirmation Order approving and confirming the Plan.

12. The effective date under the Plan for the Debtors other than Ventoux International, Inc. and InterTAN Canada occurred on November 1, 2010 (the "Effective Date"). [Docket No. 8865].[2]

### B. The Liquidating Trust and Appointment of Trustee and Oversight Committee

13. Pursuant to Article V.F of the Plan and paragraphs 11-16 of the Confirmation Order, the Trust was established to effectuate the Plan by, among other things, collecting, administering, distributing, and liquidating the assets of the Debtors' estates that were transferred

---

[2] The effective date for Debtor Ventoux International, Inc. was October 22, 2015, and for InterTAN Canada was October 26, 2015.

5

to the Liquidating Trust on the Effective Date. The terms of the Liquidating Trust are governed by the Liquidating Trust Agreement [Docket No. 8555, Exhibit B].

14.    Under the Plan, Alfred H. Siegel was appointed as Trustee of the Trust. *See* Plan § 1.112; *Memorandum of Law in Support of Confirmation of the Plan* [Docket No. 8462] at 22 and 44-45. The Trustee has continued to administer the Trust with the advice and consent of the Oversight Committee as provided for in the Liquidating Trust Agreement.

C.    **Term of the Liquidating Trust**

15.    Pursuant to Section 9.1 of the Liquidating Trust Agreement, the Trust became effective on the Effective Date. Section 9.2 provides that the Trust shall terminate upon the distribution of all Trust Assets, the payment of all costs of administering the Liquidating Trust and the Court's entry of a final order closing the cases.

16.    Section 9.3 provides that, if the Trust has not been previously terminated pursuant to section 9.2, it shall terminate on the fifth anniversary of the Effective Dates unless the term has been extended by the Court in accordance with the terms of the Plan, with such extension to be approved by the Court within six months of the beginning of the extended term.

17.    By Motion filed on June 2, 2015 [Docket No. 13699], the Trustee requested a two (2) year extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on July 21, 2015 [Docket No. 13742] (the "Extension Order"), which extended the term of the Trust for all Debtors through and including November 1, 2017.

18.    By Motion filed on June 21, 2017 [Docket No. 14098], the Trustee requested an additional one-year extension of the term of the Trust. The Trustee's motion was granted by this

6

Court's Order entered on August 24, 2017 [Docket No. 14125], which extended the term of the Trust for all Debtors through and including November 1, 2018.

19.  By Motion filed on June 28, 2018 [Docket No. 14173], the Trustee requested an additional extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on July 30, 2018 [Docket No. 14178], which extended the term of the Trust for all Debtors through and including December 31, 2019.

20.  By Motion filed on October 11, 2019 [Docket No. 14233], the Trustee requested an additional extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on November 22, 2019 [Docket No. 14238], which extended the term of the Trust for all Debtors through and including June 30, 2020, and included a right of the Trusteeto seek a further extension of the term of the Trust, upon motion and hearing, provided that Courtapproval thereof is obtained within six (6) months of the beginning of the proposed extended term.

21.  By Motion filed on March 26, 2020 [Docket No. 14259], the Trustee requested an additional extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on April 22, 2020 [Docket No. 14271], which extended the term of the Trust for all Debtors through and including December 31, 2020, and included a right of the Trustee to seeka further extension of the term of the Trust, upon motion and hearing, provided that Court approval thereof is obtained within six (6) months of the beginning of the proposed extended term.

22.  By Motion filed on November 2, 2020 [Docket No. 14281, the Trustee requested an additional extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on December 8, 2020 [Docket No.14289], which extended the term of the Trust for all Debtors through and including June 30, 2021, and included a right of the Trustee to seeka further extension of the term of the Trust, upon motion and hearing, provided that Court approval thereof is

obtained within six (6) months of the beginning of the proposed extended term.

23.     By Motion filed on June 28, 2021 [Docket No. 14302], the Trustee requested an additional extension of the term of the Trust. The Trustee's motion was granted by this Court's Order entered on July 27, 2021 [Docket No. 14309], which extended the term of the Trust for all Debtors through and including December 31, 2021, and included a right of the Trustee to seek a further extension of the term of the Trust, upon motion and hearing, provided that Court approval thereof is obtained within six (6) months of the beginning of the proposed extended term.

## V.

## THE TERM OF THE TRUST SHOULD BE EXTENDED

24.     Absent an extension granted by the Court, the Trust is scheduled to terminate for all Debtors on December 31, 2021. As described herein, the Trust intends to pursue appeal of certain UST Fee Matters through the pursuit of a Petition for Certiorari to the United States Supreme Court. As a result, the Trustee submits that it is necessary and warranted to extend the term of the Trust for an additional six months and to continue operations as necessary, including but not limited to the preparation and filing of any necessary tax returns,, with an option to seek a further extension upon proof of need therefor. The Trustee requests that the Trust term be extended for all Debtors through and including June 30, 2022.

25.     Further extension of the Trust term is consistent with the terms of the Plan, the Confirmation Order, the Liquidating Trust Agreement, and applicable bankruptcy law. The Trustee has the power and authority to perform such functions as are provided in the Plan and the Liquidating Trust Agreement and any powers reasonably incidental thereto, including seeking Court authority to extend the term of the Trust. [Liquidating Trust Agreement § 3.1.] More specifically, the Liquidating Trust Agreement provides that the term of the Trust may be extended by an order

of this Court. [Liquidating Trust Agreement § 9.3.] This Motion has been timely filed pursuant to Section 9.3 of the Liquidating Trust Agreement and the Extension Order.

26. A further extension of the Trust term is also supported by governing bankruptcy law. Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged    " Fed. R. Bankr. P. 9006(b). While it would be unusual to find a published decision granting an extension of the term of a post-confirmation liquidating trust where the authority to do so is express in the trust agreement, at least one court has extended the term of a liquidating trust past the authority granted in the trust agreement, where unlike here, a plan modification was required. *In re Boylan Intern., Ltd.*, 452 B.R. 43, 51 (Bankr. S.D.N.Y. 2001) (holding that the duration of the trust may be extended for an additional two years to permit the trustee an opportunity to continue its prosecution of a malpractice claim, the estate's "primary asset").

27. The further extension of the term of the Trust is necessary to accomplish the appeal of the UST Fee Matters. Currently pending in this court is an adversary proceeding regarding the overpayment of quarterly United States Trustee fees in an amount not less than $576,142. While this Court previously determined that the 2017 amendment to 28 U.S.C. § 1930(a)(6) relating to the calculation of quarterly fees due from the Trust was unconstitutional, the Fourth Circuit has now ruled otherwise, reversing this Court's decision. There now is a split of authority with other Circuits which could only be resolved by the Supreme Court. The constitutionality of the 2017 amendment presents matters of public importance throughout the country and the Trustee desires to do his part to have the important matter addressed by the Supreme Court.

28. The Trustee has not yet finally determined whether a favorable ruling at the Supreme

9

Court would generate sufficient assets to merit an additional distribution to the beneficiaries. As he continues this assessment, he affirmatively believes that the actions he seeks to take are beneficial to the general public at large and certainly will not be detrimental to the Trust beneficiaries. Specifically, the Trustee envisions that the Trust will not incur any costs for the appeal effort other than a potential incremental cost for additional tax returns and additional UST Fees if the case extends into 2022. Indeed, if he ultimately determines that an additional distribution is not warranted, all funds remaining in the Trust other than the minimal additional expense items will be donated to previously identified charities.[3]

29. A further extension of the term of the Trust will not harm creditors (who were not projected to receive any additional distributions) and will serve an important public benefit to have the constitutional issues addressed by the Supreme Court.

30. Based on these facts, the Trustee submits that a further extension of the Trust termination date is warranted under the circumstances. Accordingly, the Trustee respectfully requests that the term of the Trust be extended through and including June 30, 2022, for all Debtors, reserving the Trustee's rights to seek a further extension upon notice and hearing.

**NOTICE**

31. Notice of this Motion is being provided to (i) the Office of the United States Trustee and (ii) those parties that have requested notice in these cases. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

**NO PRIOR REQUEST**

32. No previous request for this further extension of the Trust term has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order,

10

substantially in the form annexed hereto as Exhibit A, extending the termination date of the Trust through and including June 30, 2022, reserving the Trustee's right to seek further extension of the termination date upon notice and hearing, and order such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Alfred H. Siegel, Trustee of the Circuit City Stores, Inc., Liquidating Trust |
| Dated: December 19, 2021<br>Richmond, Virginia | By: */s/ Lynn L. Tavenner*<br>Lynn L. Tavenner, Esquire (VSB No. 30083)<br>Paula S. Beran, Esquire (VSB No. 34679)<br>Tavenner & Beran, PLC<br>20 North 8th Street<br>Richmond, Virginia 23219Telephone: (804) 783-8300<br>Telecopier: (804) 783-0178 |
|  | Richard. M. Pachulski, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy: (310) 201-0760 |
|  | *Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |

11

**EXHIBIT A**

**(Proposed Order)**

| | |
|---|---|
| Richard M. Pachulski, Esq.<br>Andrew W. Caine, Esq.<br>(admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy: (310) 201-0760 | Lynn L. Tavenner, Esq. (VA Bar No. 30083)<br>Paula S. Beran, Esq. (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Telecopy: (804) 783-0178 |

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**ORDER GRANTING MOTION OF THE LIQUIDATING TRUSTEE FOR
ENTRY OF AN ORDER FURTHER EXTENDING TERM OF LIQUIDATING TRUST**

Upon the Motion (the "Motion")[2] of the Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Unsecured Creditors Holding General Unsecured Claims* [Docket No. 8555, Exhibit A] (the "Plan"), for the entry of an order further extending the term of the Trust, all as set forth in greater detail in the Motion; and the Court having reviewed the Motion, and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

Court having determined that the relief requested in the Motion is reasonable and warranted under the circumstances; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The Liquidating Trust Agreement and the Trust are extended through and including June 30, 2022, for all Debtors.

3. The Trustee's right to request further extensions for cause upon notice and hearing, is hereby preserved, provided that any further extension of the term of the Liquidating Trust is approved by the Court within six (6) months of the beginning of the proposed extended term.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____        _____
Richmond, Virginia                   The Honorable Kevin R. Huennekens
                                     United States Bankruptcy Judge

**WE ASK FOR THIS:**

_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Andrew W. Caine (CA Bar No. 110345)
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760

*Counsel to Alfred H. Siegel, as Trustee of the
Circuit City Stores, Inc. Liquidating Trust*

**SEEN AND NO OBJECTION:**

_____
Kathryn R. Montgomery (Va. Bar No. 42380)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

## **CERTIFICATION**

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)

3