

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

TELEPHONE: 310.277.6910
FACSIMILE: 310.201.0760

SAN FRANCISCO
ONE MARKET PLAZA, SPEAR TOWER
40th FLOOR, SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

TELEPHONE: 415.263.7000
FACSIMILE: 415.263.7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302.652.4100
FACSIMILE: 302.652.4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212.561.7700
FACSIMILE: 212.561.7777

TEXAS
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

TELEPHONE: 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Robert J. Feinstein
Jeffrey N. Pomerantz

August 24, 2022

212.561.7710
rfeinstein@pszjlaw.com
310.772.2336
jpomerantz@pszjlaw.com

Honorable Kevin R. Huennekens
United States Bankruptcy Judge
United States Bankruptcy Court
701 E. Broad Street
Richmond, VA  23219

Re:   *Siegel, Trustee. v. Fitzgerald (In re Circuit City Stores, Inc.)*, Adv. Pro. 19-03060 (KRH) (the "<u>Declaratory Judgment Adversary</u>") and *Siegel, Trustee. v. Fitzgerald (In re Circuit City Stores, Inc.)*, Adv. Pro. 19-03091 (the "<u>Collection Adversary</u>")

Dear Judge Huennekens:

We are counsel to Alfred H. Siegel (the "<u>Trustee</u>"), the Trustee of the Circuit City Stores Liquidating Trust (the "<u>Trust</u>") created under the *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Unsecured Creditors Holding General Unsecured Claims, In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Aug. 9, 2010), ECF No. 8252, Exhibit A (the "Plan"). As your Honor is aware, this case is back before this Court following the U.S. Supreme Court's unanimous ruling that Congress's enactment of a significant fee increase in 48 States (but not North Carolina or Alabama) violated the Bankruptcy Clause's uniformity requirement. *Siegel v. Fitzgerald*, 142 S. Ct. 1770 (2022). After declaring the law unconstitutional, the Supreme Court remanded for further proceedings to determine the appropriate "remedy" for the government's improper extraction of those invalid fees.

We submit this letter in advance of the August 30, 2022 pretrial conference in the Collection Adversary after unsuccessfully attempting to negotiate a consensual briefing schedule with the

DOCS_LA:344988.1 12304/003


**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES

Honorable Kevin R. Huennekens
August 24, 2022
Page 2

Office of the United States Trustee (the "UST"). In short: we believe that the Court should now resolve all remaining issues pertaining to a proper remedy—just as the Supreme Court instructed. The UST, by contrast, wishes to bifurcate the government's defenses into two separate proceedings, generating two distinct proceedings (not one) where the parties are forced to artificially divide up the unitary issues regarding a proper remedy. Indeed, the UST's proposal invites two judgments from this Court (not one), followed by two sets of appeals (not one), for no obvious reason than the UST's desire to avoid submitting a single brief addressing any issue it considers relevant to the fee issue's proper disposition. We respectfully submit that there is no reason to depart from the usual course—where parties brief *all* issues at the same time in one proceeding—in favor of an inefficient process that promises duplicative proceedings to resolve a single question.

As initial background: After declaring Congress's UST fee increase unconstitutional, the Supreme Court noted the limited universe of issues to be resolved on remand:

> The parties dispute the appropriate remedy. Petitioner seeks a full refund of fees that it paid during the nonuniform period. Respondent argues that any remedy should apply only prospectively, or should result in a fee increase for debtors who paid less in the Administrator Program districts. The parties raise a host of legal and administrative concerns with each of the remedies proposed, including the practicality, feasibility, and equities of each proposal; their costs; and potential waivers by nonobjecting debtors. The court below, however, has not yet had an opportunity to address these issues or their relevancy to the proper remedy. "[M]indful that we are a court of review, not of first view," Cutter v. Wilkinson, 544 U. S. 709, 718, n. 7 (2005), this Court remands for the Fourth Circuit to consider these questions in the first instance. 142 S. Ct. 1770 (2022).

Thereafter, on July 20, 2022, the Fourth Circuit remanded the case to this Court for further proceedings. 19-2240 Doc. 59. In doing so, the Fourth Circuit declared that "any prior orders



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES

Honorable Kevin R. Huennekens
August 24, 2022
Page 3

regarding remedies are vacated so the bankruptcy court is not constrained from seeking and receiving appropriate evidence to address the remedies issue." *Id.*

After failing to agree on an appropriate process, the parties are now each submitting a letter to the Court setting forth their separate proposals for briefing and deciding the refund issue. In our conversations, the UST has refused to agree to consolidate the Declaratory Judgment Adversary and the Collection Adversary—despite each turning on the identical issue (the proper outcome in light of the unconstitutional fee structure)—unless the Trustee agrees to an indefinite stay of the Collection Adversary and any collection-related issues. In other words, rather than resolve the proper remedy in one fell swoop, the UST prefers to litigate its related defenses *in seriatim* proceedings. The Trustee objects to this piecemeal approach: now that the Supreme Court has declared the fee provision unconstitutional, the only issue is the appropriate remedy—a refund or something else. Under the circumstances, it makes no sense to follow any prior stipulation (which was premised on a *pending merits-related appeal*); at this point, dividing up a single set of issues would be inefficient and waste both the Court's and the parties' time and resources.

We thus respectfully request that the Court adopt the Trustee's suggested approach: consolidate the two adversary proceedings; entertain briefs by each side addressing *any and all* issues regarding the appropriate remedy, including the Trustee's entitlement to a refund; and decide the appropriate disposition, now, rather than half the case now and half the case later. To do otherwise invites endless rounds of litigation, endorses pointless delay, and generates obvious prejudice to the Trust with no countervailing benefit.

**Procedural History**

To put this dispute in context, we set forth below the lengthy procedural background in the Trustee's litigation to recover the invalid fees, estimated to be approximately $632,000. In March 2019, the Trustee filed a Motion to Determine (which the Court turned into the Declaratory Judgment Adversary) seeking a determination that the fee structure applied by the UST was unconstitutional under the Bankruptcy Clause's uniformity

DOCS_LA:344988.1 12304/003

PACHULSKI
STANG
ZIEHL
& JONES

LAW OFFICES

provision, and that in any event the amendment should not be applied retroactively to cases commenced before January 1, 2018.

On July 15, 2019, this Court issued a Memorandum Opinion holding that the amendment violated the Bankruptcy Clause (hereinafter, the "Uniformity Decision") and directing that "[t]he quarterly fees due and payable by the Liquidating Trust since January 1, 2018 shall be determined based on the fee schedule set forth in the prior version of 28 U.S.C. § 1930(a)(6) effective on September 30, 2017." This Court also held that the 2017 Act does apply retroactively to pending cases like Circuit City's (the "Retroactivity Decision"); that decision is no longer at issue in these proceedings. Case 19-03060-KRH Doc 2 .

The UST appealed the Uniformity Decision, *Fitzgerald v. Siegel*, Case No. 19-2240, and the Trustee appealed the Retroactivity Decision, *Siegel v. Fitzgerald*, Case No. 19-2255; the parties filed a joint motion pursuant to 28 U.S.C. § 158(d)(2)(A) to have the appeal taken up directly by the Fourth Circuit; the Circuit granted that motion and consolidated the two appeals.

On October 9, 2019, the Trustee commenced the Collection Adversary. On November 14, 2019, the UST filed its *Motion to Dismiss Complaint or, in the Alternative, for a Stay, and Memorandum in Support* (Collection Adversary, ECF No. 5). That motion argued, *inter alia*, that an order compelling payment first required a final determination that the government owed a "matured debt" to the Trust, which would be determined in the Declaratory Adversary after all appeals were exhausted.

The parties then entered into a series of stipulations in the Collection Adversary Proceeding. In substance, those stipulations provided that the Collection Adversary, including prosecution of the UST's motion to dismiss, would be suspended and stayed pending a conclusion of the consolidated appeals in the Fourth Circuit. More precisely, the parties stipulated that

> "… all proceedings shall be suspended and stayed in this adversary proceeding, pending conclusion of *Fitzgerald v. Siegel*, Case No. 19-2240 and *Siegel v. Fitzgerald*, Case No. 19-2255, currently pending in the Fourth Circuit Court of Appeals and any further

PACHULSKI
STANG
ZIEHL
& JONES

LAW OFFICES

Honorable Kevin R. Huennekens
August 24, 2022
Page 5

appeals, if any. A 'final decision' means that no further request for review (whether by reconsideration, appeal or certiorari) has been sought and the date by which any such request for further review must be sought has passed."[1] The stipulation further provided that after a final decision is rendered after all appeals, "the Parties shall jointly submit a status report to the Court, alerting the Court to the decision and stating whether they believe further proceedings on the Complaint will be necessary."

*Siegel v. Fitzgerald*, Adv. Pro. 19-13091, ECF Nos. 8, 11, 13, 18, 22, 25, 28, and 32. Through the stipulations and other directives, the Court adjourned the pretrial conference in the Collection Adversary, with the status conference currently scheduled on August 30, 2022. *Id.*[2]

On April 6, 2021, the Fourth Circuit issued its opinion reversing this Court's Uniformity Decision and affirming the Court's Retroactivity Decision, and remanded the case to this Court for further proceedings as may be appropriate.

On September 20, 2021, the Trustee filed a petition for a writ of certiorari, which the Supreme Court granted on January 10, 2022, to resolve a circuit conflict over the constitutionality of the 2017 Act. On June 6, 2022, the Supreme Court issued its Opinion reversing the Fourth Circuit and agreeing with this Court's Uniformity Decision. The Supreme Court concluded its Opinion by remanding to the Fourth Circuit to determine the "host of legal and administrative concerns with each of the remedies proposed, including the practicality, feasibility, and equities of each proposal; their costs; and potential waivers by nonobjecting debtors…" 142 S. Ct. 1770 (2022). On July 20, 2022, the Fourth Circuit, in turn,

---

[1] Importantly, the stipulation and its extensions expired by its terms inasmuch as the Fourth Circuit issued a ruling which was in fact appealed and reversed, effectively concluding the Declaratory Judgment Action with a definitive merits ruling that the UST's fee structure was unconstitutional.

[2] The Trustee submits that the stipulations are no longer in effect, based on the remand order of the Fourth Circuit that "any prior orders regarding remedies are vacated so the bankruptcy court is not constrained from seeking and receiving appropriate evidence to address the remedies issue." *Id.*



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Honorable Kevin R. Huennekens
August 24, 2022
Page 6

remanded the matter to this Court. *Fitzgerald v. Siegel*, USC A4 Appeal: 19-2240 Doc. 59.

**Efforts to Negotiate a Consensual Briefing Schedule on Remand**

Shortly after the Supreme Court issued its ruling, the Trustee's counsel contacted the UST to discuss a schedule for briefing the remedy issue in the Fourth Circuit. The parties reached an agreement that was embodied in a joint motion in the Fourth Circuit: each side would submit simultaneous opening briefs (not to exceed 5,000 words) within 28 days of the circuit accepting the joint proposal, with simultaneous replies (not to exceed 2,500 words) due 21 days thereafter. *Fitzgerald v. Siegel*, USC A4 Appeal: 19-2240 Doc. 58. But before this motion was ruled upon, the Fourth Circuit remanded the matter to this Court.

Shortly thereafter, the Trustee reached out once again to the UST to propose a similar briefing schedule in this Court—the same one the government deemed acceptable (not moments earlier) in the Fourth Circuit. The Trustee also proposed consolidating the Declaratory Adversary and the Collection Adversary as the two proceedings collectively raise the unitary "remedy" issues the Supreme Court had instructed to resolve on remand. The UST refused, insisting that the matters set forth in the Collection Adversary be deferred indefinitely.

**The Trustee's Proposal**

The Trustee respectfully submits that the UST's position makes no sense. The Supreme Court has now resolved the 2017 Act's constitutionality, and the only remaining question is the proper remedy—whether the Trustee is entitled to recover the unconstitutional fees and may refuse further payments under an unconstitutional fee schedule. There is no reason to delay adjudicating *any* issues related to those refund questions. The Supreme Court specifically remanded for the Fourth Circuit to dispose of those questions, and the Fourth Circuit has now remanded for this Court to do the same. Neither appellate tribunal left any doubt about the proper scope of the issues on remand: *to resolve, once and for all, the remedy issue.*

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Honorable Kevin R. Huennekens
August 24, 2022
Page 7

    The UST's desire to embrace duplicative proceedings flouts the appellate mandate and simple common sense. Refusing to consolidate the two adversary proceedings accomplishes nothing but delay; and refusing to decide *all* remedy-related issues accomplishes nothing but piecemeal litigation—with two sets of decisions, two sets of appeals, and twice the cost in terms of time and resources. The UST has yet to justify its attempt to string out this litigation and prevent the final closure of the bankruptcy estate.

    Having failed to reach an agreement, the parties are now submitting their respective proposals to this Court in advance of the August 30, 2022 pretrial. The Trustee proposes that the parties promptly submit briefs addressing any and all issues regarding the appropriate remedy, including any and all contentions potentially bearing on the Trust's ultimate entitlement to collect a refund. Specifically, the Trustee recommends the following briefing schedule and associated page limits:

- Submission of opening briefs not greater than 5,000 words by September 19, 2022; and

- Submission of reply briefs not greater than 2,400 words by October 11, 2022.

    To be absolutely clear: in the interest of judicial economy and orderly procedure, the Trustee proposes that, consistent with the Supreme Court's mandate, these briefs must assert the full set of arguments, claims, defenses, etc., that the UST wishes to oppose the Trustee's claimed refund—so the Court can finally dispose of this issue, once, in a single proceeding. The UST is of course free to argue that the Trustee is entitled to some relief, no relief, or non-monetary relief if it so wishes.[3] But the remaining proceedings (the Declaratory Adversary and the Collection Adversary) should be consolidated, any stay of either proceeding should be lifted, and the issues should be briefed and resolved together without undue redundancy or delay.

    We respectfully submit that the Trustee's proposal is the only sensible way to proceed. There is no reason to bifurcate these

---

[3] We note that about two weeks ago, the Tenth Circuit Court of Appeals, the only Circuit Court to rule on the refund issue after the Supreme Court's opinion was rendered, determined that a refund is the appropriate remedy.

DOCS_LA:344988.1 12304/003



Honorable Kevin R. Huennekens
August 24, 2022
Page 8

issues or resolve a single set of questions in piecemeal fashion. If the UST has any legal basis for retaining the (unconstitutional) exactions, it should say so now rather than assert one defense at a time, in separate proceedings, until one argument might finally stick.

We look forward to discussing the Trustee's proposal and the UST's response at the pretrial conference on August 30, 2022.

Very truly yours,

Robert J. Feinstein
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017

Jeffrey N. Pomerantz
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. Suite 1300
Los Angeles, CA 90067

JNP:gld

cc:   Beth Levine, Esq
      Paula Beran, Esq
      Lynn Tavenner,, Esq

Filed This 25th Day of August, 2022		By:	CIRCUIT CITY STORES, INC. LIQUIDATING TRUST


			By: */s/ Lynn L. Tavenner*


			Lynn L. Tavenner (VA Bar No. 30083)
			Paula S. Beran (VA Bar No. 34679)
			TAVENNER & BERAN, P.L.C.
			20 North Eighth Street, 2nd Floor
			Richmond, Virginia  23219
			Telephone:  804-783-8300
			Facsimile:  804-783-0178
			E-mail:  ltavenner@tb-lawfirm.com
				pberan@tb-lawfirm.com


			Co-counsel for the Circuit City Stores, Inc. Liquidating Trust